# Exhibit B



1  Henry A. Cirillo (131527; hcirillo @furth.com)
   Thomas P. Dove (51921; tdove@furth.com)
2  Kathleen Styles Rogers (122853; krogers@furth.com)
   Christopher L. Lebsock (184546; clebsock@furth.com)
3  Michael S. Christian (212716; mchristian@furth.com)
   Jon T. King (205073; king@furth.com)
4  THE FURTH FIRM LLP
   225 Bush Street, 15th Floor
5  San Francisco, CA 94104-4249
   Telephone:    (415) 433-2070
6  Facsimile:    (415) 982-2076

7  Marvin A. Miller
   Lori A. Fanning
8  Matthew E. Van Tine
   MILLER LAW LLC
9  115 South LaSalle Street, Suite 2910
   Chicago, IL 60603
10 Telephone:    (312) 332-3400
   Facsimile:    (312) 676-2676

11
   Attorneys for Plaintiff and the Putative Class
12

13               UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15 BARBARA CALDWELL, on behalf of herself and    )
   all others similarly situated,                )  Case No.
16                                               )
                                                 )
17            Plaintiff,                          )
                                                 )
18      v.                                        )  CLASS ACTION COMPLAINT
                                                 )
19 MATSUSHITA ELECTRIC INDUSTRIAL CO.,           )
   LTD.; TOSHIBA CORPORATION; TOSHIBA            )
20 AMERICA, INC.; MT PICTURE DISPLAY CO.,        )
   LTD.; SAMSUNG SDI CO., LTD.; LP               )  JURY TRIAL DEMANDED
21 DISPLAYS INTERNATIONAL, LTD.; ROYAL           )
   PHILIPS ELECTRONICS N.V.; and                 )
22 CHUNGHWA PICTURE TUBES, LTD.,                 )
                                                 )
23            Defendants.                         )

24

25        Plaintiff, by her attorneys, brings this civil action for damages and injunctive

26 relief on behalf of herself and all others similarly situated against the above-named

27 Defendants, and demanding a trial by jury, complains and alleges as follows:

28

   89714.3
   CLASS ACTION COMPLAINT

**JURISDICTION AND VENUE**

1.  This complaint is filed under Section 16 of the Clayton Act (15 U.S.C. §26) to obtain injunctive relief for violations of Section 1 of the Sherman Act (15 U.S.C. §1), to recover damages under state antitrust and consumer protection laws, and to recover the costs of suit, including reasonable attorneys' fees, for the injuries that Plaintiff and all others similarly situated sustained as a result of the Defendants' violations of those laws.

2.  The Court has jurisdiction over the federal claim under 28 U.S.C. §§1331 and 1337. The Court has jurisdiction over the state law claims under 28 U.S.C. §1367 because those claims are so related to the federal claim that they form part of the same case or controversy. The Court also has jurisdiction over the state law claims under 28 U.S.C. §1332 because the amount in controversy for the Class exceeds $5,000,000, and there are members of the Class who are citizens of a different state than the defendants.

3.  Venue is proper in this District under 15 U.S.C. §22 and 28 U.S.C. §1391 because defendants reside, transact business, or are found within this District, and a substantial part of the events giving rise to the claims arose in this District.

4.  The activities of the Defendants and their co-conspirators, as described herein, were within the flow of, were intended to, and did have a substantial effect on the foreign and interstate commerce of the United States.

**DEFINITIONS**

5.  As used herein, the term Cathode Ray Tube ("CRT") means a specialized vacuum tube in which images are produced when an electron beam strikes a phosphorescent surface. CRTs are most commonly used in televisions and computer monitors.

6.  As used herein, the term "Class Period" means the time period extending from at least January 1, 2005 through the present.

# THE PARTIES

## The Plaintiff

7.      Plaintiff Barbara Caldwell, a Massachusetts resident, indirectly purchased a CRT (contained in a television) from one or more of the Defendants during the Class Period, for end use and not for resale, and was injured as a result of Defendants' illegal conduct.

## The Defendants

8.      Matsushita Electric Industrial Co., Ltd. ("Matsushita") is a business entity organized under the laws of Japan, with its principal place of business at 1006, Kadoma, Kadoma City, Osaka 571-8501, Japan.  During the Class Period, Matsushita manufactured, sold and distributed CRTs to customers throughout the United States including under the brand names Panasonic and JVC.

9.      Toshiba Corporation is a business entity organized under the laws of Japan, with its principal place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan.  During the Class Period, Toshiba Corporation manufactured, sold and distributed CRTs to customers throughout the United States.

10.      Toshiba America, Inc. ("Toshiba America") is a wholly owned and controlled subsidiary of Defendant Toshiba Corporation.  Toshiba America is a business entity organized under the laws of New York, with its principal place of business at 1251 Avenue of the Americas, Suite 4110, New York, New York, 10020.  During the Class Period, Toshiba America manufactured, sold and distributed CRTs to customers throughout the United States.

11.      Toshiba Corporation and Toshiba America are referred to collectively herein as "Toshiba."

12.      MT Picture Display Co., Ltd. ("MT Picture Display") is a joint venture between Defendants Matsushita and Toshiba.  MT Picture Display is a business entity organized under the laws of Japan, with its principal place of business at 1-1, Saiwai-

1  cho, Takatsuki City 569-1193, Osaka, Japan.  During the Class Period, MT Picture Display

2  manufactured, sold and distributed CRTs to customers throughout the United States.

3          13.     Samsung SDI Co., Ltd. ("Samsung SDI") is a business entity

4  organized under the laws of South Korea, with its principal place of business at Samsung

5  Life Insurance Building, 15-18th Floor, 150 Taepyung-ro 2-ga, Chung-gu, Seoul, Korea.

6  During the Class Period, Samsung SDI manufactured, sold and distributed CRTs to

7  customers throughout the United States.

8          14.     LP Displays International, Ltd. ("LP Displays") is a business entity

9  organized under the laws of Hong Kong, with its principal place of business at 6th Floor,

10  ING Tower, 308 Des Voeux Road Central, Sheung Wan, Hong Kong, China.  During the

11  Class Period, LP Displays manufactured, sold and distributed CRTs to customers

12  throughout the United States.

13          15.     Royal Philips Electronics N.V. ("Royal Philips") is a business entity

14  organized under the laws of the Netherlands, with its principal place of business at Breitner

15  Center, Amstelplein 2, 1096 BC Amsterdam, The Netherlands.  During the Class Period,

16  Royal Philips manufactured, sold and distributed CRTs to customers throughout the United

17  States.

18          16.     Chunghwa Picture Tubes, Ltd. ("Chunghwa") is a business entity

19  organized under the laws of Taiwan, with its principal place of business at 1127 Heping

20  Road, Bade City, Taoyuan, Taiwan.  During the Class Period, Chunghwa manufactured,

21  sold and distributed CRTs to customers throughout the United States.

22  **Co-Conspirators**

23          17.     Various others, presently unknown to Plaintiff, participated as co-

24  conspirators with the Defendants in the violations of law alleged in this Complaint and have

25  engaged in conduct and made statements in furtherance thereof.

26          18.     The acts charged in this Complaint have been done by Defendants and

27  their co-conspirators, or were authorized, ordered or done by their respective officers,

28

1  agents, employees or representatives while actively engaged in the management of each

2  Defendant's business or affairs.

3          19.     Each of the Defendants named herein acted as the agent or joint

4  venturer of or for the other Defendants with respect to the acts, violations and common

5  course of conduct alleged herein.

6                          **CLASS ACTION ALLEGATIONS**

7          20.     Plaintiff brings this suit as a class action pursuant Rules 23(b)(2) and

8  23(b)(3) of the Federal Rules of Civil Procedure, on behalf of herself and a Plaintiff Class

9  ("the Class") composed of and defined as follows:

10         All persons and entities residing in the United States who, from
           January 1, 2005 through the present, indirectly purchased CRTs
11         manufactured by Defendants, and products containing CRTs
           manufactured by Defendants, in the United States for their own use
12         and not for resale. Specifically excluded from this Class are the
           Defendants; the officers, directors or employees of any Defendant;
13         any entity in which any Defendant has a controlling interest; and any
           affiliate, legal representative, heir or assign of any Defendant. Also
14         excluded are any federal, state or local governmental entities, any
           judicial officer presiding over this action and the members of his/her
15         immediate family and judicial staff, and any juror assigned to this
           action.
16

17         21.     This action has been brought and may be properly maintained as a

18  class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following

19  reasons:

20          a.     The Class is ascertainable and there is a well-defined community of

21  interest among the members of the Class;

22          b.     Based upon the nature of the trade and commerce involved and the

23  number of indirect purchasers of CRTs and products containing CRTs, Plaintiff

24  believes that the members of the Class number in the thousands and are

25  geographically dispersed across the country so that that joinder of all Class members

26  is not practicable; the identities of the members of the Class are not now known to

27

28

1  Plaintiff but can be readily learned from Defendants' books and records and through

2  other means of notification;

3          c.    Plaintiff's claims are typical of the claims of the members of the Class

4  because Plaintiff indirectly purchased products containing CRTs from one or more

5  of the Defendants or their co-conspirators, and therefore Plaintiff's claims arise from

6  the same common course of conduct giving rise to the claims of the members of the

7  Class and the relief sought is common to the Class;

8          d.    The following common questions of law or fact, among others, exist

9  as to the members of the Class:  whether Defendants formed and operated a

10  combination or conspiracy to fix, raise, maintain or stabilize the prices of, or

11  allocate the market for, CRTs;

12          i.     whether the combination or conspiracy caused CRT prices, and prices

13                for products containing CRTs, to be higher than they would have been

14                in the absence of Defendants' conduct;

15          ii.    the operative time period of Defendants' combination or conspiracy;

16          iii.   whether Defendants' conduct caused injury to the business or property

17                of Plaintiff and the members of the Class;

18          iv.   the appropriate measure of the amount of damages suffered by the

19                Class;

20          v.    whether Defendants' conduct violates Section 1 of the Sherman Act;

21          vi.   whether Defendants' conduct violates the antitrust, unfair competition,

22                and consumer protection laws of the states as alleged below; and

23          vii.  the appropriate nature of class-wide equitable relief.

24          e.    These and other questions of law or fact which are common to the

25  members of the Class predominate over any questions affecting only individual

26  members of the Class;

27

28

f.     Plaintiff will fairly and adequately protect the interests of the Class in that Plaintiff has no interests that are antagonistic to other members of the Class and has retained counsel competent and experienced in the prosecution of class actions and antitrust litigation to represent herself and the Class;

g.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual joinder of all damaged Class members is impractical. The damages suffered by individual Class members are relatively small, given the expense and burden of individual prosecution of the claims asserted in this litigation. Thus, absent the availability of class action procedures, it would not be feasible for Class members to redress the wrongs done to them. Even if the Class members could afford individual litigation, the court system could not. Further, individual litigation presents the potential for inconsistent or contradictory judgments and would greatly magnify the delay and expense to all parties and to the court system. Therefore, the class action device presents far fewer case management difficulties and will provide the benefits of unitary adjudication, economy of scale and comprehensive supervision by a single court;

h.     Defendants have acted, and refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole; and

i.     In the absence of a class action, Defendants would be unjustly enriched because they would be able to retain the benefits and fruits of their wrongful conduct.

22.     The claims in this case are also properly certifiable under the laws of the individual states identified below in the Second and Third Claims for Relief.

## NATURE OF TRADE AND COMMERCE

23.     Throughout the Class Period, Defendants and their co-conspirators engaged in the business of marketing and selling CRTs, as well as products containing CRTs, throughout the United States.

24.     The market for the manufacture and sale of CRT Products is conducive to the type of collusive activity alleged here.  That market is oligopolistic in nature.  For example, one defendant alone, Philips, noted in a May 16, 2006 press release that "LG.Philips Displays . . . produces one in every four television and computer monitor tubes sold."  The other Defendants also all have significant market share.

25.     Some of these companies are known antitrust violators. Samsung, for example, was fined $300 million by the United States Department of Justice ("DOJ") in October of 2005 for participating in a conspiracy to fix prices for Dynamic Random Access Memory. It is also under investigation by the DOJ (along with some of the other Defendants) for fixing prices of Static Random Access Memory, Flash Memory, and Liquid Crystal Displays (LCDs).

26.     The market for the manufacture and sale of CRTs is subject to high manufacturing and technological barriers to entry.

27.     The CRT industry has also been subject to significant consolidation.

28.     Defendants sell their CRTs through various channels including to manufacturers of electronic products and devices, and to resellers of CRTs.  These electronic products and devices -- CRT Products -- are then sold, directly or indirectly, to consumers and are not altered during the course of sale.

29.     California is the largest market in the world for CRT Products and is the worldwide center of the PC industry and other industries that depend upon the CRT market.  Statements concerning the prices and market conditions for CRTs were disseminated by Defendants from and into California on a regular and continuous basis.

## DEFENDANTS' ILLEGAL CONDUCT

30.     Defendants and their co-conspirators have engaged in a contract, combination, trust or conspiracy, the effect of which was to raise the prices at which they sold CRTs to artificially inflated levels from at least January 1, 2005 through the present.

31.     Very recently, antitrust enforcement authorities in multiple countries have begun investigating this unlawful cartel.

32.     On November 8, 2007, the European Commission stated in a press release the following:

> "The European Commission can confirm that on 8th November 2007 Commission officials carried out unannounced inspections at the premises of manufacturers of cathode ray tubes (CRTs). Cathode ray tubes are used in television sets and computer monitors. The Commission has reason to believe that the companies concerned may have violated EC Treaty rules on cartels and restrictive business practices (Article 81).
>
> The Commission officials were accompanied by their counterparts from the relevant national competition authorities.
>
> Surprise inspections are a preliminary step in investigations into suspected cartels . . ."

33.     Also on November 8, 2007, the Associated Press news agency reported the following:

> "Japan's antitrust officials searched a subsidiary of Matsushita Electric Industrial Co. on suspicion of forming an international cartel to fix prices for cathode-ray tubes for television, an official and media reports said Friday.
>
> MT Picture Display Co., a 100 percent subsidiary of Matsushita, is suspected of fixing prices for CRTs with other manufacturers in South Korea, Taiwan and Hong Kong, Japanese business daily Nikkei reported Friday.
>
> Antitrust officials in Japan, South Korea, the United States and the European Union have begun investigations, the paper said . . .

89714.3

-9-

CLASS ACTION COMPLAINT

Japan's Fair Trade Commission conducted an on-sight [sic] inspection of MT Picture Display Thursday, said Akira Kadota, a spokesman for Matsushita, the Osaka-based maker of Panasonic-brand products . . .

Nikkei said the companies including South Korea's Samsung SDI are suspected of forming a cartel around 2005 to keep the price of CRTs from falling, citing unnamed officials."

34.    On November 8, 2007, the Bloomberg news agency further reported the following:

"Japanese and European Union antitrust authorities carried out raids at companies in the cathode-ray tube industry as part of a price-fixing investigation . . . Japan's Fair Trade Commission also began a probe of a joint venture between Matsushita Electric Industrial Co. and Toshiba Corp., Munestsugu Takeda, a spokesman for Matsushita, said by telephone . . . Cathode-ray tubes are used in television sets and computer monitors. Matsushita and Toshiba merged their cathode-ray tube units to form Matsushita Toshiba Picture Display Co. in 2003. The companies said at the time that the joint venture was the world's third-largest maker of television tubes."

35.    On November 9, 2007, the Agence France-Presse ("AFP") news agency reported the following:

"South Korea's anti-trust watchdog has launched a probe into Samsung SDI as part of an international investigation into alleged price-fixing, officials said Friday.

The Fair Trade Commission is investigating allegations that Samsung SDI colluded with foreign rivals to fix the prices of cathode ray tubes (CRTs) for television.

"'It is part of an international probe into alleged price-fixing this week. We are cooperating with the Fair Trade Commission,' a Samsung SDI spokesman told AFP."

36.    On November 12, 2007, Chunghwa announced via a filing with the Taiwan Stock Exchange that it received a summons from the United States Department of Justice relating to a CRT antitrust price-fixing investigation.

1    37.    On November 16, 2007, *BNA's Antitrust & Trade Regulation* reported

2  that "Since 2005, [Japan Fair Trade Commission] sources alleged, MT Picture Display held

3  'tea parties' with Samsung and other manufacturers and exchanged information on picture

4  tube prices in Asia and Europe."

5    38.    On November 21, 2007, Philips issued a press release and stated the

6  following:

7       "Competition law authorities in several jurisdictions have commenced
        investigations into possible anticompetitive activities in the Cathode-
8       Ray Tubes, or CRT, industry.  Royal Philips Electronics
        (NYSE:PHG, AEX: PHI) today announced that, as one of the
9       companies that was active in the CRT business, it is subject to one or
        more of these ongoing investigations."
10

11    39.    Defendants, through their officers, directors and employees,

12  effectuated the aforesaid contract, combination, trust or conspiracy between themselves and

13  their co-conspirators by, among other things:

14       a.    participating in meetings and conversations, including through various

15  trade associations and committees, to discuss the prices of CRTs in the United

16  States;

17       b.    agreeing, during those meetings and conversations, to charge prices at

18  specified levels and otherwise to increase and maintain prices of CRTs sold in the

19  United States;

20       c.    issuing price announcements and quotations in accordance with the

21  agreements reached; and

22       d.    selling CRTs to various customers in the United States at non-

23  competitive prices.

24                          **ACTIVE CONCEALMENT**

25    40.    Throughout and beyond the conspiracy, Defendants and their co-

26  conspirators affirmatively and actively concealed their unlawful conduct from Plaintiff and

27  the Class.  Defendants and their co-conspirators conducted their conspiracy in secret and

28
    89714.3                          -11-

1   kept it mostly within the confines of their higher-level executives.  Defendants and their co-

2   conspirators publicly provided pre-textual and false justifications regarding their price

3   increases.  Defendants and their co-conspirators conducted their conspiracy in secret,

4   concealed the true nature of their unlawful conduct and acts in furtherance thereof, and

5   actively concealed their activities through various other means and methods to avoid

6   detection.  Plaintiff did not discover, and could not have discovered through the exercise of

7   reasonable diligence, that Defendants and their co-conspirators were violating the antitrust

8   laws as alleged herein until shortly before this class action litigation was commenced.

9          41.    As a result of the active concealment of the conspiracy by Defendants

10   and their co-conspirators, any and all applicable statutes of limitations otherwise applicable

11   to the allegations herein have been tolled.

12                          **VIOLATIONS ALLEGED**

13                          **First Claim for Relief**

14                   **(Violation of Section 1 of the Sherman Act)**

15          42.    Plaintiff incorporates and re-alleges, as though fully set forth herein,

16   each and every allegation set forth in the preceding paragraphs of this Complaint.

17          43.    Beginning at a time presently unknown to Plaintiff, but at least as

18   early as January 1, 2005 and continuing through the present, the exact dates being unknown

19   to Plaintiff, Defendants and their co-conspirators entered into a continuing agreement,

20   understanding, and conspiracy in restraint of trade to artificially raise, fix, maintain, and/or

21   stabilize prices for CRTs in the United States, in violation of Section 1 of the Sherman Act

22   (15 U.S.C. §1).

23          44.    In formulating and carrying out the alleged agreement, understanding,

24   and conspiracy, the Defendants and their co-conspirators did those things that they

25   combined and conspired to do, including but not limited to the acts, practices, and course of

26   conduct set forth above, and the following, among others:

27          a.    To fix, raise, maintain and stabilize the price of CRTs;

28

89714.3                                    -12-

CLASS ACTION COMPLAINT

1    b.    To allocate markets for CRTs among themselves;

2    c.    To submit rigged bids for the award and performance of certain

3 contracts for CRTs; and

4    d.    To allocate among themselves and collusively reduce the production

5 of CRTs.

6    45.    The combination and conspiracy alleged herein has had the following

7 effects, among others:

8    a.    Price competition in the sale of CRTs has been restrained,

9 suppressed, and/or eliminated in the United States;

10    b.    Prices for CRTs sold by Defendants and their co-conspirators have

11 been fixed, raised, maintained and stabilized at artificially high, non-competitive

12 levels throughout the United States; and

13    c.    Those who purchased CRTs and products containing CRTS, directly

14 or indirectly, from Defendants and their co-conspirators have been deprived of the

15 benefits of free and open competition.

16    46.    Plaintiff and the Class have been injured and will continue to be

17 injured in their business and property by paying more for CRTs, and products containing

18 CRTs, purchased indirectly from the Defendants and their co-conspirators than they would

19 have paid and will pay in the absence of the combination and conspiracy, including paying

20 more for televisions and computer monitors and other products in which CRTs are a

21 component as a result of higher prices paid for CRTs by the manufacturers of those

22 products.

23    47.    Plaintiff and the Class are entitled to an injunction against Defendants,

24 preventing and restraining the violations alleged herein.

25

26

27

28

89714.3                                    -13-
CLASS ACTION COMPLAINT

**Second Claim for Relief**

**(Violation of State Antitrust and Unfair Competition Laws)**

48. Plaintiff incorporates and re-alleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

49. By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Arizona Revised Stat. §§44-1401 *et seq.*

50. By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of California Bus. & Prof. Code §§16700 *et seq.* and Cal. Bus. & Prof. Code §§17200 *et seq.*

51. By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of District of Columbia Code Ann. §§28-4503 *et seq.*

52. By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Hawaii Rev. Stat. §§480-1 *et seq.*

53. By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Iowa Code §§553.1 *et seq.*

54. By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Kansas Stat. Ann. §§50-101 *et seq.*

55. By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Maine Rev. Stat. Ann. 10, §§1101 *et seq.*

56. By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Michigan Comp. Laws. Ann. §§445.773 *et seq.*

57. By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Minnesota Stat. §§325D.52 *et seq.*

58. By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Mississippi Code Ann. §75-21-1 *et seq.*

59. By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Montana Code Ann. §§30-14-205 *et seq.*

1          60.     By reason of the foregoing, Defendants have entered into agreements

2  in restraint of trade in violation of Nebraska Rev. Stat. §§59-801 *et seq.*

3          61.     By reason of the foregoing, Defendants have entered into agreements

4  in restraint of trade in violation of Nevada Rev. Stat. Ann. §§598A *et seq.*

5          62.     By reason of the foregoing, Defendants have entered into agreements

6  in restraint of trade in violation of New Mexico Stat. Ann. §§57-1-1 *et seq.*

7          63.     By reason of the foregoing, Defendants have entered into agreements

8  in restraint of trade in violation of North Carolina Gen. Stat. §§75-1 *et seq.*

9          64.     By reason of the foregoing, Defendants have entered into agreements

10  in restraint of trade in violation of North Dakota Cent. Code §§51-08.1-01 *et seq.*

11          65.     By reason of the foregoing, Defendants have entered into agreements

12  in restraint of trade in violation of the Pennsylvania common law.

13          66.     By reason of the foregoing, Defendants have entered into agreements

14  in restraint of trade in violation of South Dakota Codified Laws Ann. §§37-1 *et seq.*

15          67.     By reason of the foregoing, Defendants have entered into agreements

16  in restraint of trade in violation of Tennessee Code Ann. §§47-25-101 *et seq.*

17          68.     By reason of the foregoing, Defendants have entered into agreements

18  in restraint of trade in violation of West Virginia §§47-18-1 *et seq.*

19          69.     By reason of the foregoing, Defendants have entered into agreements

20  in restraint of trade in violation of Wisconsin Stat. §§133.01 *et seq.*

21          70.     By reason of the foregoing, Defendants have entered into agreements

22  in restraint of trade in violation of Wyoming Stat. Ann. §§40-4-101 *et seq.*

23          71.     Class members in each of the states listed above paid *supra-*

24  *competitive,* artificially inflated prices for CRTs and products containing CRTs. As a direct

25  and proximate result of Defendants' unlawful conduct, such members of the Class have

26  been injured in their business and property in that they paid more for CRTs and products

27

28

1  containing CRTs than they otherwise would have paid in the absence of Defendants'

2  unlawful conduct.

3  **Third Claim for Relief**

4  **(Violation of State Consumer Protection and Unfair Competition Laws)**

5      72.    Plaintiff incorporates and re-alleges, as though fully set forth herein,

6  each and every allegation set forth in the preceding paragraphs of this Complaint.

7      73.    Defendants engaged in unfair competition or unfair, unconscionable,

8  deceptive or fraudulent acts or practices in violation of the state consumer protection and

9  unfair competition statutes listed below.

10     74.    Defendants have engaged in unfair competition or unfair or deceptive

11  acts or practices in violation of California Bus. & Prof. Code §17200 *et seq.*

12     75.    Defendants have engaged in unfair competition or unfair or deceptive

13  acts or practices in violation of Florida Stat. §501.201 *et seq.*

14     76.    Defendants have engaged in unfair competition or unfair or deceptive

15  acts or practices in violation of Nebraska Rev. Stat. §59-1601 *et seq.*

16     77.    Defendants have engaged in unfair competition or unfair or deceptive

17  acts or practices in violation of New Hampshire Rev. Stat. §358-A:2 *et seq.*

18     78.    Defendants have engaged in unfair competition or unfair or deceptive

19  acts or practices in violation of New York Gen. Bus. Law §349 *et seq.*

20     79.    Defendants have engaged in unfair competition or unfair or deceptive

21  acts or practices in violation of 9 Vermont §2451 *et seq.*

22     80.    Class members in the states listed above paid supra-competitive,

23  artificially inflated prices for products containing CRTs.  As a direct and proximate result of

24  Defendants' unlawful conduct, Plaintiff and the Class have been injured in their business

25  and property in that they paid more for products containing CRTs than they otherwise

26  would have paid in the absence of Defendants' unlawful conduct.

27

28

### Fourth Claim for Relief

### (Unjust Enrichment and Disgorgement of Profits)

81.     Plaintiff incorporates and re-alleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

82.     Defendants have been unjustly enriched through overpayments by Plaintiff and Class members and the resulting profits.

83.     Under common law principles of unjust enrichment, Defendants should not be permitted to retain the benefits conferred via overpayments by Plaintiff and Class members.

84.     Plaintiff seeks disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiff and Class may seek restitution.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1.     That the Court determine that the Sherman Act, state antitrust law, and state consumer protection and/or unfair competition law claims alleged herein may be maintained as a class action under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure;

2.     That the unlawful conduct, contract, conspiracy or combination alleged herein be adjudged and decreed to be:

a.     a restraint of trade or commerce in violation of Section 1 of the Sherman Act, as alleged in the First Claim for Relief;

b.     an unlawful combination, trust, agreement, understanding, and/or concert of action in violation of the state antitrust laws identified in the Second Claim for Relief herein;

c.     violations of the state consumer protection and unfair competition laws identified in the Third Claim for Relief herein; and

1        d.     acts of unjust enrichment as set forth in the Fourth Claim for Relief

2    herein.

3        3.     That Plaintiff and the Class recover damages, as provided by state

4    laws, and that a joint and several judgment in favor of Plaintiff and the Class be entered

5    against the Defendants in an amount to be trebled in accordance with such laws as

6    appropriate;

7        4.     That Defendants, their affiliates, successors, transferees, assignees,

8    and the officers, directors, partners, agents, and employees thereof, and all other persons

9    acting or claiming to act on their behalf, be permanently enjoined and restrained from in

10    any manner: (1) continuing, maintaining, or renewing the conduct, contract, conspiracy or

11    combination alleged herein, or from entering into any other conspiracy alleged herein, or

12    from entering into any other contract, conspiracy or combination having a similar purpose

13    or effect, and from adopting or following any practice, plan, program, or device having a

14    similar purpose or effect; and (2) communicating or causing to be communicated to any

15    other person engaged in the sale of CRTs, information concerning bids of competitors;

16        5.     That Plaintiff be awarded restitution, including disgorgement of

17    profits obtained by Defendants as a result of their acts of unfair competition and acts of

18    unjust enrichment;

19        6.     That Plaintiff and the Class be awarded pre- and post-judgment

20    interest, and that that interest be awarded at the highest legal rate from and after the date of

21    service of the initial complaint in this action;

22        7.     That Plaintiff and the Class recover their costs of this suit, including

23    reasonable attorneys' fees as provided by law; and

24        8.     That Plaintiff and the Class have such other, further, and different

25    relief as the case may require and the Court may deem just and proper under the

26    circumstances.

27

28

89714.3

CLASS ACTION COMPLAINT

Dated:  December 13, 2007

Respectfully submitted,

By:

Henry A. Cirillo
Thomas P. Dove
Kathleen Styles Rogers
Christopher L. Lebsock
Michael S. Christian
Jon T. King
THE FURTH FIRM LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104-4249
Telephone:  (415) 433-2070
Facsimile:  (415) 982-2076

Marvin A. Miller
Lori A. Fanning
Matthew E. Van Tine
MILLER LAW LLC
115 South LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone:  (312) 332-3400
Facsimile:  (312) 676-2676

89714.3

-19-

CLASS ACTION COMPLAINT

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury for all issues so triable.

Dated:  December 13, 2007

Respectfully submitted,

By: _____

Henry A. Cirillo
Thomas P. Dove
Kathleen Styles Rogers
Christopher L. Lebsock
Michael S. Christian
Jon T. King
THE FURTH FIRM LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104-4249
Telephone:  (415) 433-2070
Facsimile:   (415) 982-2076

Marvin A. Miller
Lori A. Fanning
Matthew E. Van Tine
MILLER LAW LLC
115 South LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone:   (312) 332-3400
Facsimile:    (312) 676-2676

89714.3

-20-

CLASS ACTION COMPLAINT