| | |
|---|---|
| 1 | Joseph R. Saveri (State Bar No. 130064) |
|   | *jsaveri@lchb.com* |
| 2 | Eric B. Fastiff (State Bar No. 182260) |
|   | *efastiff@lchb.com* |
| 3 | Brendan Glackin (State Bar No. 199643) |
|   | *bglackin@lchb.com* |
| 4 | LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP |
|   | 275 Battery Street, 30th Floor |
| 5 | San Francisco, CA  94111-3339 |
|   | Telephone:  (415) 956-1000 |
| 6 | Facsimile:  (415) 956-1008 |

*Additional Counsel as Listed on Signature Page*

*Attorneys for Individual and Representative Plaintiff Nathan Muchnick, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Francisco Division)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. CV-07-5944-SC |
| This Document Relates to: | Case No. CV-07-5981-SC |
| NATHAN MUCHNICK, INC., on behalf of itself and all others similarly situated, | **PLAINTIFF'S *EX PARTE* MOTION FOR RELIEF FROM STAY AND FOR ISSUANCE OF LETTERS ROGATORY; MEMORANDUM OF POINTS & AUTHORITIES** |
| Plaintiff, | |
| v. | |
| CHUNGHWA PICTURE TUBES, LTD., *et al.*, | Date:       N/A |
| Defendants. | Time:       N/A |
|   | Courtroom:  1, 17th Floor |
|   | The Honorable Samuel Conti |

PLEASE TAKE NOTICE that for the purpose of effecting service of process in Taiwan on named foreign defendant Chunghwa Picture Tubes, Ltd. ("Chunghwa") *via* Letters Rogatory, Plaintiff Nathan Muchnick, Inc. ("Plaintiff") hereby respectfully requests that the court:  (1) lift the stay for purposes of considering Plaintiff's *ex parte* motion for the issuance of Letters Rogatory; (2) grant that motion; and (3) issue the Letters Rogatory.

This *ex parte* motion is brought pursuant to Civil Local Rule 7-11, which permits a party to proceed *ex parte* where a party may require a Court order with respect to miscellaneous

administrative matters not otherwise governed by a federal statute, a federal or local rule, or a standing order of the assigned judge. This request is based upon the following Memorandum of Points and Authorities, the Declaration of Brendan Glackin in support of this *Ex Parte* Request ("Glackin Decl."), and the Letters Rogatory filed herewith, and all the papers and pleadings on file in this action.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Effecting international service on Chunghwa via Letter Rogatory will take between four and seven months. Good cause therefore exists for issuing the Letter Rogatory and for lifting the stay in this case for the limited purpose of considering and granting Plaintiff's request and permitting service of Chunghwa. Plaintiff respectfully requests the Court issue three copies of the submitted Letter Rogatory so that Plaintiff may effect service of process in Taiwan on Chunghwa.

**I.     Plaintiffs Must Serve the Taiwanese Defendants in Taiwan via Letters Rogatory**

Plaintiff Nathan Muchnick, Inc. filed its Complaint on November 27, 2007 naming eighteen companies as defendants. Summons was issued on November 27, 2007 for all defendants. Of the eighteen named defendants, there are nine domestic defendants and nine foreign defendants (three Japanese, three Korean, one Taiwanese, one Dutch, and one from Hong Kong). All domestic defendants have been served.

Plaintiff retained the services of Legal Language Services ("LLS"), a company that specializes in foreign service of process, to assist in serving the international defendants. Glackin Decl., ¶ 5. LLS is in the process of serving the three named Korean defendants, the one Dutch defendant, and the one defendant from Hong Kong pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("The Hague Convention"), 20 U.S.T. 351, T.I.A.S. No. 6638, 658 U.N.T.S. 163. Glackin Decl., ¶ 6.

Unlike Hong Kong, Korea, and The Netherlands, Taiwan is not a signatory to The Hague Convention. Accordingly, the Taiwanese defendant Chunghwa Picture Tubes, Ltd. must be served in Taiwan by Letters Rogatory. 28 U.S.C. § 178(a)(2); Fed. R. Civ. Proc. 4(f)(2)(B).

The Letters Rogatory process is the only method of service recognized by both United States and Taiwanese courts. Glackin Decl., ¶ 7. Service by Letters Rogatory requires the involvement of the Taiwanese government and/or court system, and will take approximately four to seven months to complete. *Id.*

Plaintiff is prepared to serve all necessary documents upon defendant Chunghwa Picture Tubes, Ltd. Pursuant to Civil Local Rule 4-2, Plaintiff will serve the complaint, the summons, and the following materials received from the Court: a copy of the Order Setting Initial Case Management Conference and ADR Deadlines issued pursuant to Civil L.R. 16-2(a), (b), or (c), pertinent Standing Orders of the assigned judge, instructions for preparation of a case management statement, and the ECF Registration Information Handout ("ECF Handout"). Each of these documents will be translated into Chinese for the purpose of service. Glackin Decl., ¶ 8.

## II.     The Court Should Lift the Stay for the Limited Purpose of Issuing the Letters Rogatory

The court should issue the Letters Rogatory notwithstanding the the current stay of proceedings.

This court stayed proceedings in these related cases on January 22, 2008, "pending a decision by the Multi District Litigation (MDL) Panel on Plaintif's Motion for Centralization in case MDL No. 1917." (Order Relating and Consolidating Cases, Jan. 22, 2008.) However, during the pendency of such a motion, this court unquestionably retains jurisdiction and discretion to act. *See* Rule 1.5, RULES OF PROCEDURE OF THE J. P. M. L. (pending motion to transfer "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court."); *General Elec. Co. v. Byrne*, 611 F.2d 670, 673 (7th Cir. 1979) ("The mere pendency of a motion to transfer before the Multidistrict Panel does not affect or suspend the jurisdiction of the transferor court, or limit its ability to act on matters properly before it."). While a general stay pending decision on a motion to transfer "can increase efficiency and consistency" and enhance judicial economy, David Herr, ANNOTATED MANUAL FOR COMPLEX LITIGATION (4th ed. 2007), § 22.35, the reasons for maintaining the stay diminish where the requested action by the court

1  involves only one case and will be unlikely to have ramifications in other cases. *See id.*
2  (observing that stay may not promote judicial economy if, for example, "the pending motions
3  raise issues relating to the law of a single state that are unlikely to arise in other related cases.");
4  *see*, *e.g.*, *Pharmastem Therapeutics, Inc. v. Cord Blood Registry, Inc.*, 2005 WL 40069 (N.D.Cal.
5  January 07, 2005, No. C 04-03072 JSW) (granting in part motion to stay pending decision on
6  MDL transfer but denying stay as to certain categories of discovery).
7         The issuance of the Letter Rogatory with respect to Chunghwa has no implications
8  for any of the related cases—or even, indeed, for any of the other parties to this case.  To the
9  contrary, issuing the Letters Rogatory now will promote judicial economy and the expeditious
10 resolution of these matters by speeding the appearance of Chungwhwa into the case.  Postponing
11 issuance of the Letters Rogatory will serve no good purpose and will lead to inefficiencies.  For
12 example, it will be more efficient to have Chunghwa present in the case for the resolution of
13 motions to dismiss, discovery issues, and scheduling, rather than having to relitigate these issues
14 once Chunghwa appears.  Given the number of months (four to seven) required to complete
15 sevice even by Letters Rogatory, it would be most efficient to commence that process now,
16 particularly as waiting for the MDL panel to act and then, should the case be transferred, waiting
17 for the tranferee court to hold a CMC could potentially add more months to the delay.
18 ////
19 ////
20 ////
21 ////
22 ////
23 ////
24 ////
25 ////
26 ////
27 ////
28 ////

### III. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Court: (1) lift the stay for purposes of considering Plaintiff's *ex parte* motion for the issuance of Letters Rogatory; (2) grant that motion; and (3) issue the Letters Rogatory, submitted herewith, for Taiwanese Defendant Chunghwa Picture Tubes, Ltd. (three original signed and Court sealed letters).

Dated: January 25, 2008          Respectfully submitted,

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP


By:          /s/ Brendan Glackin
     Brendan Glackin

Richard M. Heimann (State Bar No. 063607)
*rheimann@lchb.com*
Joseph R. Saveri (State Bar No. 130064)
*jsaveri@lchb.com*
Eric B. Fastiff (State Bar No. 182260)
*efastiff@lchb.c*om
Brendan Glackin (State Bar No. 199643)
*bglackin@lchb.com*
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

BERGER & MONTAGUE, P.C.
H. Laddie Montague, Jr. (*pro hac vice*)
*hlmontague@bm.net*
Ruthanne Gordon (*pro hac vice*)
*rgordon@bm.net*
Candice Enders (*pro hac vice*)
*cenders@bm.net*
1622 Locust Street
Philadelphia, PA 19103
Telephone:  (215) 875-3000
Facsimile:  (215) 875-4604

*Attorneys for Plaintiff and the Proposed Class*