BRUCE L. SIMON (Bar No. 96241)
  bsimon@psswplaw.com
ESTHER L. KLISURA (Bar No. 221171)
  eklisura@psswplaw.com
**PEARSON, SIMON, SOTER, WARSHAW & PENNY, LLP**
44 Montgomery Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 433-9000
Facsimile:  (415) 433-9008

P. JOHN BRADY
  jbrady@stklaw.com
DANIEL D. OWEN
  dowen@stklaw.com
**SHUGHART THOMSON & KILROY, P.C.**
Twelve Wyandotte Plaza
120 West 12th Street
Kansas City, Missouri 64105
Telephone: (816) 421-3355
Facsimile:  (816) 374-0509

*Attorneys for Plaintiff and the Proposed Direct Purchaser Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. C07-5944 SC |
| This Document Relates to: | Case No. C07-5944 SC |
| Crago, Inc., on behalf of itself and others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Chunghwa Picture Tubes, Ltd., *et al.*, <br><br> Defendants. | **PLAINTIFF'S *EX PARTE* MOTION FOR RELIEF FROM STAY AND FOR ISSUANCE OF LETTERS ROGATORY; MEMORANDUM OF POINTS & AUTHORITIES** |

777042.1

PLEASE TAKE NOTICE that for the purpose of effecting service of process in Malaysia on foreign defendant Chunghwa Picture Tubes (Malaysia) Sdn. Bhd., in Singapore on foreign defendant Hitachi Asia, Ltd., and in Thailand on foreign defendant Thai CRT Company, Ltd., Plaintiff Crago, Inc. ("Plaintiff") hereby respectfully requests that the Court: (1) lift the stay for purposes of considering Plaintiff's *ex parte* motion for the issuance of Letters Rogatory; (2) grant the motion; and (3) issue the Letters Rogatory.

This *ex parte* motion is brought pursuant to Civil Local Rule 7-11, which permits a party to proceed *ex parte* where a party may require a Court order with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, federal or local rule or standing order of the assigned judge. This motion is based upon the following Memorandum of Points and Authorities, the Declaration of Bruce L. Simon in support of this *ex parte* motion ("Simon Decl."), and the Letters Rogatory filed herewith, and all the papers and pleadings on file in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

The process of effecting international service of process by Letters Rogatory is a time-consuming process – approximately six to twelve months. Therefore, good cause exists for lifting the stay in this case for the limited purpose of considering and granting Plaintiff's motion and for issuing the Letters Rogatory. Plaintiff respectfully requests that the Court issue three Letters Rogatory (three copies of each Letter for a total of nine Letters), submitted herewith, so that Plaintiff may effect service of process in Malaysia, Singapore, and Thailand on three named defendants in this action: (1) Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.; (2) Hitachi Asia, Ltd.; and (3) Thai CRT Company, Ltd.

### I. Procedural History

Plaintiff filed its Class Action Complaint on November 26, 2007 naming 22 companies as defendants. A summons was issued on November 26, 2007 for all defendants. An amended summons was issued on December 5, 2007. Of the 22 defendants, there are 5 domestic defendants and 17 foreign defendants. Service of the domestic defendants has been completed. The foreign defendants located in Japan, China, Hong Kong, Korea, and India are in the process of being

served pursuant to The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("The Hague Convention"), 20 U.S.T. 361, T.I.A.S. No. 6638, 658 U.N.T.S. 163.

## II.     Plaintiff Must Serve the Malaysian, Singaporean, and Thai Defendants by Letters Rogatory

Malaysia, Singapore, and Thailand are not signatories to The Hague Convention.  Under Federal Rule of Civil Procedure 4(f)(2)(B), if there is no internationally agreed means of service, service may be effected "as the foreign authority directs in response to a letter rogatory."  For service in Malaysia and Singapore, a private process server may be used, however the party attempting service runs the risk of a motion to dismiss service and, if a judgment is reached in the action, it may not be enforceable if the party did not effect service by Letters Rogatory.  Therefore, the preferred method for serving the Malaysian, Singaporean, and Thai defendants – Chunghwa Picture Tubes (Malaysia) Sdn. Bhd., Hitachi Asia, Ltd., and Thai CRT Company, Ltd. – is through the issuance of Letters Rogatory.

Plaintiff's counsel has retained the services of APS International, Ltd. ("APS"), a company that specializes in foreign service of process, to assist in serving the defendants in Malaysia, Singapore, and Thailand by Letters Rogatory.  Simon Decl. ¶ 2.  APS has advised counsel that Letters Rogatory must be used to effectively serve these defendants.  *Id.*

## III.    The Northern District of California's Service Requirements

According to Civil Local Rule 4-2, Plaintiff is required to serve the following supplementary material with the complaint and summons: (1) a copy of the Order Setting Initial Case Management Conference and ADR Deadlines; (2) a copy of the Standing Order for all Judges of the Northern District of California, Contents of Joint Case Management Statement; and (3) a copy of the ECF Registration Information Handout.  Each of these documents will be translated into the appropriate language for the purpose of service of process.  Simon Decl. ¶ 7.

## IV.    The United States Department of State Requires Certified Copies

In order to comply with the requirements of service in Malaysia, Singapore, Thailand, and of the United States Department of State, Plaintiff must serve certified copies of all documents.

777042.1

3

PLAINTIFF'S EX PARTE MOTION FOR RELIEF FROM STAY AND FOR ISSUANCE OF LETTERS ROGATORY; MEMORANDUM OF POINTS & AUTHORITIES; Case No. 07-5944 SC

1  Simon Decl. ¶ 3.  These certified copies must bear the assigned judge's original handwritten
2  signature and the Court's seal.  Simon Decl. ¶ 3.  Only after the United States Department of State
3  has received the proper certified documents will the Letters Rogatory be transmitted to foreign
4  judicial authorities.  Simon Decl. ¶ 3.

5  Plaintiff has obtained certified copies of the following documents: (1) Amended Summons
6  in a Civil Case, (2) Class Action Complaint, and (3) the Order Setting Initial Case Management
7  Conference and ADR Deadlines, and Standing Order for all Judges of the Northern District of
8  California, Contents of Joint Case Management Statement.  Simon Decl. ¶¶ 4-5.  Plaintiff was
9  informed that the ECF Registration Information Handout cannot be certified by the Court.  Simon
10 Decl. ¶ 6.

**V.     Extension of Period to File a Responsive Pleading**

12 Plaintiff additionally seeks to extend the period to file a responsive pleading from 20 to 45
13 days.  Failure to extend this period could result in difficulty enforcing a judgment in the foreign
14 court, as that court could find that the United States court did not provide sufficient time to
15 prepare a response.

**VI.    The Court Should Life the Stay for the Limited Purpose of Issuing the Letters Rogatory**

18 On January 22, 2008, this Court stayed proceedings in these related cases "pending a
19 decision by the Multi District Litigation (MDL) Panel on Plaintiff's Motion for Centralization in
20 case MDL No. 1917."  Plaintiff requests that the Court issue the Letters Rogatory notwithstanding
21 the stay.

22 According to Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multidistrict
23 Litigation, "the pendency of a motion…before the Panel concerning transfer does not affect or
24 suspend orders and pretrial proceedings in the district court in which the action is pending and
25 does not in any way limit the pretrial jurisdiction of that court."  Therefore, this Court retains
26 pretrial jurisdiction despite the pending motion before the Judicial Panel on Multidistrict
27 Litigation.  Furthermore, issuance of Letters Rogatory will promote judicial economy and
28 expeditious and economical resolution of these matters by ensuring that Chunghwa Picture Tubes

1  (Malaysia) Sdn. Bhd., Hitachi Asia, Ltd., and Thai CRT Company, Ltd. are properly served and
2  brought before this Court.  Service by Letters Rogatory can take six to twelve months, and
3  postponing the initiation of the process to serve these foreign defendants may lead to inefficiencies
4  and further delays related to pretrial issues such as discovery and motions to dismiss.

**VII.     Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that this Court: (1) lift the stay for purposes of considering Plaintiff's *ex parte* motion for the issuance of Letters Rogatory; (2) grant the motion; and (3) issue the Letters Rogatory, submitted herewith, for Malaysian defendant Chunghwa Picture Tubes (Malaysia) Sdn. Bhd., Singaporean defendant Hitachi Asia, Ltd., and Thai defendant Thai CRT Company, Ltd. (three original signed and Court sealed Letters for each defendant).

DATED:  February 6, 2008        By:        /s/  Bruce L. Simon
                                    Bruce L. Simon (Bar No. 92641)
                                      bsimon@psswplaw.com
                                    Esther L. Klisura (Bar No. 221171)
                                      eklisura@psswplaw.com
                                    PEARSON, SIMON, SOTER,
                                      WARSHAW & PENNY, LLP
                                    44 Montgomery Street, Suite 1200
                                    San Francisco, CA 94104
                                    Telephone:    (415) 433-9000
                                    Facsimile:    (415) 433-9008

                                    P. John Brady
                                      jbrady@stklaw.com
                                    Daniel D. Owen
                                      dowen@stklaw.com
                                    SHUGHART THOMSON &
                                      KILROY, P.C.
                                    Twelve Wyandotte Plaza
                                    120 West 12th Street
                                    Kansas City, Missouri 64105
                                    Telephone:    (816) 421-3355
                                    Facsimile:    (816) 374-0509

                                    *Attorneys for Plaintiff and the Proposed Direct Purchaser Class*