Guido Saveri (22349)
R. Alexander Saveri (173102)
Cadio Zirpoli (179108)
Gianna Gruenwald (228969)
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813
guido@saveri.com
rick@saveri.com
cadio@saveri.com

Attorneys for Plaintiffs Orion Home Systems, LLC
and Hawel A. Hawel d/b/a City Electronics

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. CV-07-5944 SC |
| This Document Relates to: | **PLAINTIFFS' *EX PARTE* MISCELLANEOUS ADMINISTRATIVE REQUEST FOR ISSUANCE OF LETTERS ROGATORY AND RELIEF FROM CIVIL LOCAL RULE 4-2(a); MEMORANDUM OF POINTS AND AUTHORITIES** |
| *Hawel A. Hawel d/b/a City Electronics v. Chunghwa Picture Tubes, Ltd., et al.* (Case No. CV-07-6279 SC) | |
| *Orion Home Systems, LLC v. Chunghwa Picture Tubes, Ltd., et al.* (Case No. CV-08-0178 SC) | Date:             N/A<br>Time:             N/A<br>Courtroom:    1, 17th Floor<br>Judge: The Honorable Samuel Conti |

**EX PARTE REQUEST**

PLEASE TAKE NOTICE that plaintiffs Hawel A. Hawel and Orion Home Systems, LLC (collectively, "Plaintiffs") bring this *Ex Parte* Request for Letters Rogatory and relief from Civil Local Rule 4-2(a) to effect service of process on foreign defendants Chunghwa Picture Tubes, Ltd. ("Chunghwa"), Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. ("Chunghwa Malaysia"), Hitachi Asia, Ltd. ("Hitachi"), and Thai CRT Company, Ltd. ("Thai CRT") in the following two actions:  *Hawel A. Hawel d/b/a City Electronics v. Chunghwa Picture Tubes, Ltd., et al.*, Case No. CV-07-6279 SC ("*Hawel*"); and *Orion Home Systems, LLC v. Chunghwa Picture Tubes, Ltd., et al.*, Case No. CV-08-0178 SC ("*Orion*").  Plaintiffs respectfully request that this Court: (1) issue Letters Rogatory; (2) grant Plaintiffs relief from Civil Local Rule 4-2(a), which requires service of the now vacated Orders Setting Initial Case Management Conference; and (3) lift the stay in this action for the limited purpose of issuing Letters Rogatory and granting Plaintiffs relief from Civil Local Rule 4-2(a).

This *Ex Parte* Miscellaneous Administrative Request is brought pursuant to Civil Local Rule 7-11, which permits a party to proceed *ex parte* where a party may require a court order regarding miscellaneous administrative matters not otherwise governed by a federal statute, a federal or local rule or a standing order of the assigned judge.  This request is based upon this Ex Parte Request and Memorandum of Points and Authorities, the Letters Rogatory, the Declaration of Gianna Gruenwald in Support thereof ("Gruenwald Decl."), the Proposed Order submitted herewith, and all the papers and pleadings on file in this action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Chunghwa is located in Taiwan, and Chunghwa Malaysia is located in Malaysia.  Hitachi is located in Singapore, and Thai CRT is located in Thailand.  Letters Rogatory are necessary to effect service of process on these foreign defendants in their respective countries because their countries are not parties to any international treaty with respect to service of process.  *See* Fed. R. Civ. Proc. 4(f)(2)(B); 28 U.S.C. § 1781(a)(2).  The Letters Rogatory process is a lengthy one that

2

PLFFS' EX PARTE MISC. ADMINISTRATIVE REQUEST FOR ISSUANCE OF LETTERS ROGATORY AND RELIEF FROM CIVIL L.R. 4-2(a); MPA; CASE NO. CV-07-5944 SC

1  can take 6 to 12 months.  Gruenwald Decl., Exs. A-D at p.2.  Thus, good cause exists for granting
2  Plaintiffs' request to lift the stay in this action for the limited purpose of issuing Letters Rogatory.
3        Good cause also exists for granting plaintiffs relief from Civil Local Rule 4-2(a), which
4  requires service of the Order Setting Initial Case Management Conference ("CMC Order(s)").
5  The CMC Orders in the *Hawel* and *Orion* actions have been vacated because those actions were
6  related, consolidated, and assigned to the Honorable Samuel Conti.  *See* Order Relating and
7  Consolidating Cases (Conti, J.)(Jan. 22, 2008); *see also* Civil L.R. 3-12(g) ("The case
8  management conference in any reassigned case will be rescheduled by the newly assigned
9  Judge.").  Additionally, APS advised Plaintiffs that serving a court order with expired dates on
10 defendant Chunghwa in Taiwan may jeopardize service in its entirety because the Taiwanese
11 authorities may be unwilling to serve such documents.  Gruenwald Decl. ¶ 11.   Because service
12 *via* Letters Rogatory takes 6 to 12 months (Gruenwald Decl., Exs. A-D, p.2), it is likely that the
13 dates and deadlines established by the first-issued CMC Orders will have passed.  Thus, this
14 Court should grant Plaintiff's request for relief from Civil Local Rule 4-2(a).

## II.     BACKGROUND

16  On December 12, 2007, plaintiff Hawel A. Hawel d/b/a City Electronics filed a class
17 action complaint against several leading manufacturers of televisions, computer monitors, and
18 other electronic devices, including Chunghwa, Chunghwa Malaysia, Hitachi, and Thai CRT
19 (collectively, the "Foreign Defendants"), for fixing the price of cathode ray tube products
20 ("CRTs") in violation of federal antitrust laws.  On January 10, 2008, plaintiff Orion Home
21 Systems, LLC filed a class action complaint with virtually identical allegations and also named
22 the Foreign Defendants.  In addition to the *Hawel* and *Orion* action, nine other similar actions
23 (for a total of eleven) have been filed in the United States District Court for the Northern District
24 of California.  These eleven cases, except for the recently filed *Electronic Design Co. v.*
25 *Chunghwa Picture Tubes, Ltd.*, *et al.*, Case No. CV-08-0614 JL (filed Jan. 25, 2008), have been
26 related and consolidated under the caption *In Re Cathode Ray Tube (CRT) Antitrust Litigation*,
27 Case No. CV-07-05944 SC.  *See* Order Relating and Consolidating Cases (Jan. 22, 2008); Order

1  Consolidating Cases (Conti, J.)(Jan. 29, 2008). The related and consolidated cases have been
2  stayed pending a decision by the Multi-District Litigation ("MDL") Panel on Plaintiff's Motion
3  for Centralization in Case No. MDL No. 1917. *See id.*

4  **III.   ARGUMENT**

5     **A.    The Foreign Defendants Must Be Served by Letters Rogatory**

6  Plaintiffs retained APS International, Ltd. ("APS"), a company that specializes in serving
7  foreign entities, to assist in serving the Foreign Defendants. Gruenwald Decl. ¶ 5. APS advised
8  Plaintiffs that Taiwan, Thailand, Singapore and Malaysia are not signatories to The Hague
9  Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or
10 Commercial Matters ("The Hague Convention"), 20 U.S.T. 351, T.I.A.S. No. 6638, 658 U.N.T.S.
11 163. Gruenwald Decl., Exs. A-D, p.2. Accordingly, the Foreign Defendants must be served via
12 Letters Rogatory. 28 U.S.C. § 1781 (a)(2); Fed. R. Civ. Proc. 4(f)(2)(B). Service of Process via
13 Letters Rogatory is the only diplomatic method of service recognized by United States courts and
14 the courts of Taiwan, Thailand, Singapore, and Malaysia. Gruenwald Decl., Exs. A-D, p.2.

15 Additionally, the Letters Rogatory extend the period to file a responsive pleading from 20
16 to 45 days. This extension is necessary to provide the Foreign Defendants with sufficient time to
17 prepare and file a response. *See* Gruenwald Decl., Exs. A-D, p.2.

18 Finally, for each of the two actions (*Hawel* and *Orion*), two Letters Rogatory must be
19 issued for each of the four Foreign Defendants (for a total of 16 Letters Rogatory). Each Letter
20 Rogatory must bear the date, the judge's original, handwritten signature, and the seal of the court.

21    **B.    This Court Should Grant Plaintiffs Relief From Civil Local Rule 4-2(a)**

22 This Court should grant Plaintiffs relief from Civil Local Rule 4-2(a) to avoid confusion
23 and the service of vacated orders.[1] Civil Local Rule 4-2(a) provides that, in addition to the
24 summons and complaint, a party must serve a copy of the Order Setting Initial Case Management

---

26 [1] In addition to the Summons and Class Action Complaint, Plaintiffs will serve the following
   documents pursuant to Civil Local Rule 4-2: the form Order Setting Case Management
27 Conference/ Order Re Timely Filing Pleadings, Briefs, Motions, Etc./ Standing Order for All

28
4

Conference and ADR deadlines ("CMC Order(s)").  These CMC Orders, however, are now vacated pursuant to Civil Local Rule 3-12(g) because the *Hawel* and *Orion* actions were related, consolidated, and reassigned to the Honorable Samuel Conti.  *See* Order Relating and Consolidating Cases (Jan. 22, 2008); Civil Local Rule 3-12(g) ("The case management conference in any reassigned case will be rescheduled by the newly assigned Judge.").

Additionally, in light of the fact that service of process via Letters Rogatory is a lengthy process, the dates and deadlines set by the first-issued CMC Orders will have expired.  APS advised that serving documents containing expired dates and/or deadlines on defendant Chunghwa in Taiwan may jeopardize service in its entirety.  Gruenwald Decl. ¶ 11.  Thus, to avoid confusion and the service of vacated orders, this Court should grant Plaintiffs' request for relief from Civil Local Rule 4-2(a).

### C. The Stay Should Be Lifted for the Limited Purpose of Issuing Letters Rogatory

The Court should lift the stay and issue the Letters Rogatory so that Plaintiffs can serve the Foreign Defendants.  The court stayed proceedings pending a decision by the MDL on the plaintiffs' motion for centralization.  Order Relating and Consolidating Cases (Conti, J.)(Jan. 22, 2008).  While a motion to transfer is pending, however, the district court in which the action is pending retains jurisdiction and discretion to act.  *See* Rule 1.5, Rules of Procedure of the J.P.M.L.; *see also*, *General Elec. Co. v. Byrne*, 611 F.2d 670, 673 (7th Cir. 1979)("The mere pendency of a motion to transfer before the Multidistrict Panel does not affect or suspend the jurisdiction of the transferor court, or limit its ability to act on matters properly before it.").  The reasons for maintaining a stay pending a decision on a motion to transfer diminish where the requested action involves only one case and is unlikely to have ramifications in other cases.  David Herr, Annotated Manual for Complex Litigation (4th ed. 2007) § 22.35.

---

Judges of the Northern District of California; the form Consent to Proceed Before a United States Magistrate Judge; and the ECF Registration Information Handout.

5

PLFFS' EX PARTE MISC. ADMINISTRATIVE REQUEST FOR ISSUANCE OF LETTERS ROGATORY AND RELIEF FROM CIVIL L.R. 4-2(a); MPA; CASE NO. CV-07-5944 SC

1    Here, issuance of Letters Rogatory for the purpose of serving the Foreign Defendants
2 does not have any substantial ramifications on the other related cases.  To the contrary, issuing
3 the Letters Rogatory will promote judicial economy by starting the lengthy process of service and
4 by bringing the Foreign Defendants before this Court.

**IV.    CONCLUSION**

For the foregoing reasons, plaintiffs respectfully request that this Court: (1) lift the stay in this action for the limited purposes of issuing Letters Rogatory and granting plaintiffs relief from Civil Local Rule 4-2(a); (2) issue Letters Rogatory for the Foreign Defendants; and (3) grant Plaintiffs relief from Civil Local Rule 4-2(a).

.

DATED:  February 12, 2008                SAVERI & SAVERI, INC.


*/s/ Cadio Zirpoli*
Guido Saveri (22349)
R. Alexander Saveri (173102)
Cadio Zirpoli (179108)
Gianna Gruenwald (228969)
111 Pine Street, Suite 1700
San Francisco, CA   94111
Telephone: (415) 217-6810

6

PLFFS' EX PARTE MISC. ADMINISTRATIVE REQUEST FOR ISSUANCE OF LETTERS ROGATORY AND RELIEF FROM CIVIL L.R. 4-2(a); MPA; CASE NO. CV-07-5944 SC