BARBARA NELSON (CA 87952)
JEANE HAMILTON (CA 157834)
LIDIA MAHER (CA 222253)
ANNA TRYON PLETCHER (CA 239730)
Antitrust Division
U.S. Department of Justice
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 436-6660
Facsimile: (415) 436-6687
Email: Jeane.Hamilton@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to All Cases | No. CV-07-5944-SC<br>MDL No. 1917<br><br>Date: April 4, 2008<br>Time: 10:00 a.m.<br>Court: Hon. Samuel Conti |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THE UNITED STATES' MOTION
TO INTERVENE UNDER FED. R. CIV. P. 24(b)(1)(B)

## I. INTRODUCTION

The U.S. Department of Justice, Antitrust Division ("DOJ") submits this Memorandum in support of its Motion to Intervene in this civil action for the sole purpose of limiting discovery. This civil litigation arises from the same set of facts that forms the basis of an ongoing criminal grand jury investigation. Thus there is a "question of law or fact in common" between this civil action and the DOJ's ongoing criminal investigation. Fed. R. Civ. P. 24(b)(1)(B).

The DOJ sought similar relief in three price-fixing investigations in the Northern District of California: the dynamic random access memory ("DRAM"), static random access memory ("SRAM") and the liquid crystal display ("TFT-LCD") industries. In DRAM, Judge Hamilton signed an order allowing the DOJ to intervene for the purpose of limiting discovery. *See* Declaration of Jeane Hamilton In Support Of The United States' Motion To Intervene (hereinafter "Hamilton Decl."), ¶ 10. Similarly, in SRAM, Judge Wilken signed an order allowing the DOJ to intervene for the purpose of limiting discovery; all parties subsequently agreed to limit discovery. Hamilton Decl. ¶ 11. Finally, in the TFT-LCD litigation, Judge Illston granted the United States' motion to intervene and, subsequently, ordered a temporary stay of all discovery. Hamilton Decl. ¶ 12.

The circumstances here are similar to those in the DRAM, TFT-LCD and SRAM cases. In each, there is a pending criminal grand jury investigation of the same industry as in the civil action, and, as with the three other cases, the civil litigation arises from the same set of facts that form the basis of that grand jury investigation. As with the three other cases, the United States seeks to intervene in CRT for the sole purpose of seeking to limit discovery and will be filing a separate motion addressing that issue. It is appropriate in these circumstances to grant the United States' motion to intervene.

## II. STATEMENT OF FACTS

The Antitrust Division of the United States Department of Justice is currently assisting a grand jury sitting in the Northern District of California in its investigation of alleged criminal

antitrust violations in the CRT industry.[1] Hamilton Decl. ¶ 8. Beginning in November 2007, after the government served grand jury subpoenas, the civil plaintiffs filed a series of class-action lawsuits alleging price fixing and other antitrust violations against the defendants in this action. The plaintiffs have identified the DOJ's grand jury investigation as part of the factual basis for their lawsuit. Hamilton Decl. ¶ 8.

The class actions were subsequently consolidated before this Court by order of the Judicial Panel on Multidistrict Litigation on February 15, 2008. Because the Court has not yet appointed lead counsel for the direct and indirect purchaser plaintiffs in this matter, the DOJ has endeavored to contact appropriate representatives of each group to determine their views on the DOJ's proposal to intervene in this matter. Hamilton Decl. ¶¶ 5-7. Representatives for certain of the direct purchaser plaintiffs and, separately, certain of the indirect purchaser plaintiffs have indicated that they cannot speak on behalf of all direct and indirect purchaser plaintiffs but have no objections to the DOJ's intervention. Hamilton Decl. ¶¶ 6, 7. Several of the defendants have advised that they do not object to the DOJ's intervention. Hamilton Decl. ¶ 5.

III.   ARGUMENT

    A.   <u>Intervention Is Proper Under Rule 24</u>

The question of whether a party will be allowed to intervene is within the sound discretion of the trial court. *See, e.g., Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir. 1989), aff'd, 495 U.S. 82 (1990).

        1.   <u>A Common Question of Law and Fact</u>

Rule 24(b)(1)(B) provides that a third party may intervene in an action when it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The requirement of a "common question" is liberally construed. *Bureerong v. Uvawas*, 167 F.R.D. 83, 85 (C.D. Cal. 1996).

---

[1] Federal Rule of Criminal Procedure 6(e) prohibits the DOJ from publicly disclosing matters occurring before the grand jury, including the exact scope and nature of the investigation. If the Court requires additional information to assist it in deciding this motion, the DOJ is willing to discuss this matter in greater detail with the Court *in camera* and outside the presence of the other parties in this civil matter.

CV-07-5944-SC - Memo of P&A to Intervene: Pg 3

When there is an ongoing criminal investigation, courts have allowed the DOJ to intervene under Rule 24(b) when the civil action and the criminal investigation involve common questions of law or fact. *Id.* at 85-86. In *Bureerong*, the government moved *ex parte* to intervene in a civil suit brought by immigrants who were sold into indentured servitude for garment manufacturing companies. *Id.* at 84-85. The court granted the motion to intervene because the government had an ongoing criminal investigation into the same conduct and the civil and criminal matters shared "common questions of law and fact." *Id.* at 86.

In this case, the Antitrust Division is investigating possible criminal antitrust violations in the CRT industry. The DOJ's current criminal investigation involves the same conduct alleged in the plaintiffs' complaints. Hamilton Decl. ¶ 8. Additionally, the civil and criminal matters have common parties. These are sufficient common questions of fact to warrant intervention by the DOJ in this civil matter.

### 2. Independent Jurisdictional Ground

In *Bureerong*, the court found that the government has an independent jurisdictional ground for intervention under 28 U.S.C. § 1345, which provides that "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States." *Bureerong*, 167 F.R.D. at 86.

The DOJ has jurisdiction to intervene in this civil action under that same authority.

### 3. Intervention Must Be Timely

Intervention must be timely. *Id.* In *Bureerong*, the government's motion was deemed "not untimely" where the initial *ex parte* application to intervene occurred one week after the government received notice that discovery had commenced. *Id.* at 86.

In this case, the DOJ is seeking to intervene before any discovery has begun.

### B. Intervention Is Proper During the Preliminary Stages of An Investigation

The government may intervene in a federal civil action when there is a pending criminal investigation involving common questions of law or fact, even if this investigation is still in the preliminary stage and no indictments have been returned. See S.E.C. v. Mersky, 1994 WL 22305, at *3 (E.D. Pa. 1994), quoting S.E.C. v. Downe, 1993 WL 22126 at *10 (S.D.N.Y. 1993) ("[i]t is

CV-07-5944-SC - Memo of P&A to Intervene: Pg 4

well established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway that involves common questions of law or fact."); S.E.C. v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988); Bridgeport Harbour Place I, LLC v. Ganim, 269 F. Supp. 2d 6, 7-8 (D. Conn. 2002).

The Antitrust Division's investigation into possible price fixing in the CRT industry began before the first civil complaints in this matter were filed in November 2007. Hamilton Decl. ¶ 8. Intervention is warranted because the civil action and the criminal investigation arise from common questions of fact.

IV.   CONCLUSION

For the foregoing reasons, the Antitrust Division of the United States Department of Justice respectfully requests that the Court permit the DOJ to intervene and that it enter an order granting the Motion to Intervene under Fed. R. Civ. P. 24(b)(1)(B). A proposed order is attached.

Dated: February 21, 2008

Respectfully submitted,

/s/ Jeane Hamilton
Jeane Hamilton
Attorney, San Francisco Office
Antitrust Division
U.S. Department of Justice