BARBARA NELSON (CA 87952)
JEANE HAMILTON (CA 157834)
LIDIA MAHER (CA 222253)
ANNA TRYON PLETCHER (CA 239730)
Antitrust Division
U.S. Department of Justice
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA  94102
Telephone:  (415) 436-6660
Facsimile: (415) 436-6687
Email: Jeane.Hamilton@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. CV-07-5944-SC MDL No. 1917 |
| | Date:   April 4, 2008 Time:  10:00 a.m. Court:  Hon. Samuel Conti |
| This Document Relates to All Cases | |

DECLARATION OF JEANE HAMILTON IN SUPPORT OF THE
UNITED STATES' MOTION TO INTERVENE

1    I, Jeane Hamilton, hereby declare under penalty of perjury that the following is true and
2    correct to the best of my knowledge:

3    1. I am an attorney in the San Francisco Office of the United States Department of
4    Justice, Antitrust Division ("DOJ") conducting an investigation in the CRT industry before a
5    grand jury sitting in the Northern District of California.

6    2. Barbara Nelson is another DOJ attorney participating in the same investigation into the
7    CRT industry.

8    3. I make this declaration in support of the DOJ's Motion to Intervene.

9    I.    MEET AND CONFER REGARDING MOTION TO INTERVENE

10   4. Although the Court has not yet appointed lead counsel for the direct or indirect
11   purchaser plaintiffs in this matter, my colleague, Barbara Nelson, and I have attempted to contact
12   representatives for all groups to ascertain their position on the DOJ's proposal to intervene in the
13   CRT civil action.  Ms. Nelson kept me apprised of all conversations she conducted with counsel
14   and related to me the substance of those conversations.

15   5. On February 20, 2008, Ms. Nelson told me that she spoke with attorneys representing
16   six defendants in the CRT civil action; none of these defendants objected to the United States'
17   proposed intervention.

18   6. On February 20, 2008, I contacted Bruce Simon, counsel for certain of the direct
19   purchaser plaintiffs in the CRT civil action, and asked if the direct purchaser plaintiffs had any
20   objections to the DOJ's proposal to intervene.  Mr. Simon indicated that he could not speak on
21   behalf of all of the direct purchaser plaintiffs, but had no objections to the DOJ's proposal on
22   behalf of his clients.

23   7. On February 20, 2008, I contacted Francis Scarpulla, counsel for certain of the indirect
24   purchaser plaintiffs in the CRT civil action, and asked him if the indirect plaintiffs had any
25   objections to the DOJ's proposal to intervene.  Although he could not speak on behalf of all
26   indirect plaintiffs, Mr. Scarpulla indicated that he did not oppose the DOJ's intervention in this
27   matter.

28   //

CV-07-5944-SC - Decl. of Jeane Hamilton: Pg. 2

1    II.      THE CRT INVESTIGATION

2        8.  A grand jury investigation into possible price fixing and other antitrust violations in

3  the CRT market is ongoing, and the DOJ has been investigating potential antitrust violations in

4  the CRT industry since before the first civil cases relating to CRTs were filed in November 2007.

5  In at least two of those complaints, the plaintiffs identify the government's investigation as a

6  factual basis for their lawsuit.  *See* Class Action Complaint, *Industrial Computing, Inc. v.*

7  *Chunghwa Picture Tubes, Ltd. et al.*, 1:07-cv-11203-GBD (S.D.N.Y. 2007), at ¶ 76; *see also*

8  Class Action Complaint, *Figone v. LG Electronics, Inc., et al.*, 3:07-cv–6331-SC (N.D. Cal.),

9  at ¶ 89.

10    III.     THE DRAM, SRAM AND TFT-LCD INVESTIGATIONS

11        9.  The United States has sought to intervene in three similar investigations involving

12  allegations of price fixing.  In each case, the Court allowed the United States to intervene.

13        10.  In the dynamic random access memory ("DRAM") civil antitrust case, the parties

14  stipulated to, and Judge Hamilton signed, an order allowing the government to intervene for the

15  purpose of limiting discovery in the DRAM civil antitrust case.  *See* Exhibit A, Stipulation and

16  Order Limiting the Scope of Discovery, ¶ 1.

17        11.  In the static random access memory ("SRAM") civil antitrust litigation, Judge

18  Wilken signed an Order granting the government's motion to intervene for the purpose of

19  limiting discovery.  *See* Exhibit B, Order Granting The Government's Motion To Intervene.

20        12.  In the liquid crystal display (TFT-LCD) civil antitrust litigation, Judge Illston granted

21  the government's motion to intervene for the purpose of limiting discovery.  *See* Exhibit C, Order

22  Granting United States' Motion To Intervene.

23        I declare under penalty of perjury that the foregoing is true and correct to the best of my

24  knowledge.  Signed on February 21, 2008, in San Francisco, California.

25

26                    /s/ Jeane Hamilton

27                    Jeane Hamilton
                        Attorney, San Francisco Office

28                    Antitrust Division
                        U.S. Department of Justice

# EXHIBIT A

1  Jonathan M. Jacobson
2  Stephen A. Mansfield
   Robert B. Humphreys
3  John W. Berry
   *Akin Gump Strauss Hauer & Feld LLP*
   590 Madison Avenue
4  New York, NY 10022
   (212) 872-1020 (*telephone*)
5  (212) 407-3220 (*facsimile*)

6  Gary L. Halling, Cal. Bar No. 66087
   James McGinnis, Cal. Bar No. 95788
7  *Sheppard, Mullin, Richter & Hampton LLP*
   Four Embarcadero Center, 17th Floor
8  San Francisco, CA  94111
   (415) 434-9100 (*telephone*)
9  (415) 434-3947 (*telecopier*)

10 *Attorneys for Defendant Samsung Semiconductor, Inc.*

11 [Other Parties and their counsel appear at end]

**ORIGINAL
FILED**

APR 1 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

12 # United States District Court
13 ## Northern District Of California
   ### San Francisco Division

14

15 | In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | ) ) ) ) | No. M-02-1486-PJH<br><br>MDL No. 1486 |
16 | | | |
17 | This Documents Relates To: | ) ) ) | **STIPULATION AND ORDER LIMITING THE SCOPE OF DISCOVERY** |
18 | ALL ACTIONS | ) ) ) | |
19 | | ) ) ) | Date:    None<br>Time:    N/A<br>Judge:   The Honorable Phyllis J.<br>         Hamilton |
20 | | ) ) ) | |
21 | | ) | |

22

23

24

-1-

*(Left margin, vertical text)* Akin Gump Strauss Hauer & Feld, L.L.P.
590 Madison Avenue
New York, NY 10022
(212) 872-1000

Certain Defendants in this case having moved for an Order staying all discovery pending completion of the pending grand jury proceedings; and the United States, through the Department of Justice, Antitrust Division, San Francisco Office, having moved to intervene and for a stay of all non-documentary discovery pending completion of the grand jury proceedings and any resulting criminal trial; and Plaintiffs having opposed these motions; and the Parties and proposed intervenor having resolved their differences by agreeing to the terms of this Stipulation and Order; IT IS HEREBY STIPULATED AND AGREED as follows:

1.     The motion of the United States to intervene for the limited purpose of opposing certain discovery is GRANTED.

2.     The limitations on discovery set forth in this Order may be lifted or modified on motion of any party at any time for good cause shown.  The Court shall conduct a Discovery Status Conference within nine months of the date of entry of this Order to address the course of discovery and the continuing need, if any, for the limitations on discovery set forth in this Order.  Similar conferences will be scheduled thereafter at six month intervals or on such other basis as the Court may deem appropriate.  If there is no showing that the conditions motivating the limitations on discovery set forth in this Order have changed, it shall be presumed that the provisions of this Order shall remain in effect.

3.     As soon as practicable, Plaintiffs and Defendants shall meet and confer regarding an appropriate Protective Order to govern proceedings in this case; and, if unable to agree, the Court will entertain a motion concerning such order.  If a motion and hearing are necessary, the Plaintiffs and Defendants will use their best efforts to place the motion on the Court's calendar for a hearing no later than May 15, 2003.

4.     The parties recognize that a federal grand jury, located in the Northern District of California, is currently conducting an investigation into competitive conditions in the

Akin Gump Strauss Hauer & Feld, L.L.P.
590 Madison Avenue
New York, NY 10022
(212) 872-1000

DRAM industry. Within 30 days of the date of entry of a Protective Order, each Defendant shall produce to the other Parties for inspection and copying all documents theretofore produced by such Defendant to that grand jury in compliance with the subpoenas issued by the grand jury in June 2002 or any subsequent subpoenas issued; *provided, however,* that with respect to documents responsive to subsequent grand jury subpoenas, nothing in this Stipulation and Order shall prevent any Defendant from objecting to production on appropriate grounds under the Federal Rules of Civil Procedure. Every 90 days thereafter, each Defendant shall produce to the other Parties for inspection and copying, on a rolling basis, all documents produced to the grand jury in compliance with such subpoenas during the preceding 90 days. Reasonable costs for copying shall be borne by the Party receiving the copy.

5.      Within 30 days of entry of a Protective Order, each Plaintiff shall produce (a) all documents referred to in the Plaintiff's Complaint, and (b) for each DRAM product purchased during the "class period" as defined in the Complaint, documents sufficient to show the the identity of the seller, the particular product (or "part") purchased, the quantities purchased, and the prices paid by the Plaintiff.

6.      No interrogatories or requests to admit shall be propounded, except that any Party may propound interrogatories seeking from any Plaintiff or Defendant (a) statistical data concerning aggregate sales or purchases of DRAM products by the respective Plaintiff or Defendant within the "class period(s)" as defined in the Complaints, (b) identification of the types of products purchased or sold by the respective Plaintiff or Defendant during such time period, and (c) identification of distribution channels used by the respective Plaintiff or Defendant during such time period. These interrogatories may not call for narrative responses, but shall be limited to statistical or identifying data only; *provided, however,* that the interrogatory contemplated by subsection (c) above may require the responding party to name

Akin Gump Strauss Hauer & Feld, L.L.P.
590 Madison Avenue
New York, NY 10022
(212) 872-1000

1   the various distribution channels it used during the relevant time period.  With respect to

2   interrogatories directed to any Plaintiff, the information sought in these interrogatories is not

3   intended to be different from the information mentioned in paragraph 5 above.

4       7.      No depositions may be taken, except that depositions may be taken of

5   Defendants' customers or Defendants' suppliers, or their employees, provided in any case that

6   the deponent is not a former employee of any Defendant.  No questions may be asked at any

7   deposition about the grand jury proceedings or the witness' testimony, if any, before the grand

8   jury or communications with the United States relating to the grand jury proceedings.  If any

9   such question is asked, counsel may direct the witness not to answer.

10      8.      No deposition may be taken on less than three weeks notice absent agreement of

11  all Parties and the United States, or as the Court may order for good cause shown.  All

12  interrogatories and notices of deposition shall be served upon the United States at the same

13  time as served on any Party.  Absent further order of the Court for good cause shown, no

14  responses to any interrogatories, nor transcripts of depositions, shall be provided to any non-

15  party (except the United States as set forth below); nor shall any party provide to any non-party

16  (except (a) personnel working on this case on behalf of a party , or (b) the United States as set

17  forth below), any information concerning the contents of any interrogatory response or

18  deposition.  For purposes of ensuring that the terms of this Stipulation and Order are enforced,

19  the United States will be permitted to review (but not copy) all discovery produced by any

20  Party, including deposition transcripts and responses to interrogatories and requests for

21  admissions.

22      9.      Plaintiffs have indicated their intention to file a single Consolidated Complaint.

23  Notwithstanding any provision of this Order, to the extent that any Defendant denies in its

24  Answer this Court's personal jurisdiction over such Defendant, or moves to dismiss on that

Akin Gump Strauss Hauer & Feld, L.L.P.
590 Madison Avenue
New York, NY  10022
(212) 872-1000

No. M-02-1486-PJH
MDL No. 1486
378377

-4-

STIPULATION AND ORDER LIMITING
THE SCOPE OF DISCOVERY

1    basis, this Order Limiting Discovery shall not apply to discovery by Plaintiffs limited to

2    evidence relating to the issue of personal jurisdiction over such Defendant(s); *provided,*

3    *however,* that no jurisdictional discovery may be taken of Nanya Technology Corporation,

4    Nanya Technology Corporation USA, Inc., Winbond Electronics Corporation, or Winbond

5    Electronics Corporation America, that is not otherwise permitted by paragraphs 1-8 and 10 of

6    this Order.

7         10.    During the pendency of the grand jury proceedings, except as provided herein or

8    by further Order of this Court, no discovery shall be conducted in these cases, including,

9    without limitation, any initial disclosure obligations under Fed. R. Civ. P. 26 or the local rules

10   of this Court, document requests, interrogatories, nonparty subpoenas, requests to admit, or

11   depositions.  If the grand jury proceedings result in a criminal trial or trials, any Defendant or

12   the Department of Justice shall be free, for cause shown, to seek an order continuing the

13   provisions of this Stipulation and Order.  If any such motion is made, the provisions of this

14   Order shall continue in effect pending the disposition of the motion.

15        11.    A Case Management Conference shall be scheduled for May 15, 2003, at 2:00

16   P.M., in the United States District Court, 450 Golden Gate Avenue, San Francisco, California,

17   17th Floor, Courtroom 3.

18   Dated: April __, 2003

19

20   GUIDO SAVERI                          FRED T. ISQUITH
     Saveri & Saveri, Inc.                 Wolf, Haldenstein, Adler Freeman & Herz
     111 Pine Street, Suite 1700           270 Madison Avenue
21   San Francisco, CA  94111              New York, NY 10016
     (415) 217-6810 (telephone)            (212) 545-4600 (telephone)
22   (415) 217-6813 (facsimile)            (212) 545-4653 (facsimile)

23   _____                   _____
     Guido Saveri                          Fred T. Isquith

24   *Plaintiff's Co-Lead Counsel*         *Plaintiff's Co-Lead Counsel*

Akin Gump Strauss Hauer & Feld, L.L.P.
590 Madison Avenue
New York, NY 10022
(212) 872-1000

Akin Gump Strauss Hauer & Feld, L.L.P.
590 Madison Avenue
New York, NY 10022
(212) 872-1000

1  STEVEN W. BERMAN
   Hagens Berman LLP
2  1301 Fifth Avenue, Suite 2900
   Seattle, WA  98101
3  (206) 623-7292 (telephone)
   (206) 623-0594 (facsimile)
4  _Steven W. Berman /ss_
5
   *Plaintiffs' Co-Lead Counsel*
6

7  RONALD C. REDCAY
   Arnold & Porter
8  777 South Figueroa Street
   Los Angeles, CA  90017-2513
9  (213) 243-4000 (telephone)
   (213) 243-4199 (facsimile)
10
   JOEL S. SANDERS
11 Gibson, Dunn & Crutcher LLP
   One Montgomery Street
12 San Francisco, CA 94104
   (415) 393-8200 (telephone)
13 (415) 986-5309 (facsimile)

14 By: _Joel S. Sanders_

15 *Attorneys for Defendants Micron Technology, Inc.*
   *and Micron Semiconductor Products, Inc.*
16

17

18

19

20

21

22

23

24

JOSEPH J. TABACCO, JR.
Berman DeValerio Pease Tabacco Burt & Pucillo
425 California Street, Suite 2025
San Francisco, CA 94104
(415) 433-3200 (telephone)
(415) 433-6382 (facsimile)

_Joseph J. Tabacco, Jr. /ss_

*Plaintiffs' Liaison Counsel*

JEFFREY S. DAVIDSON
JAN L. HANDZLIK
MARTIN R. BOLES
CHRISTOPHER J. HECK
Kirkland & Ellis
777 South Figueroa Street
Los Angeles, CA  90017-2513
(213) 680-8400 (telephone)
(213) 680-8500 (facsimile)

By: _Christopher J. Heck_

*Attorneys for Defendant Infineon Technologies*
*North America Corp.*

1  TERRENCE A. CALLAN
   CECIL S. H. CHUNG
2  PAUL R. GRIFFIN
   ALBERT J. BORO, JR.
3  PETER M. BRANSTEN
   Pillsbury Winthrop LLP
4  50 Fremont Street
   P.O. Box 7880
5  San Francisco, CA 94120-7880
   (415) 983-1000 (telephone)
6  (415) 983-1200 (facsimile)

7  By: _Cecil S.H.Chung_
              Cecil S. H. Chung

8  *Attorneys for Defendant Hynix Semiconductor*
   *America, Inc.*

9

10

11

12
   J. MARK GIDLEY
13 GEORGE L. PAUL
   FRANK VASQUEZ, JR.
14 White & Case
   601 Thirteenth Street, N.W.
15 Washington, DC 20005-3807
   (202) 626-3600 (telephone)
16 (202) 639-9355 (facsimile)

17 By: _Frank Vasquez, Jr._
              Frank Vasquez, Jr.

18 *Attorneys for Defendant Nanya Technology*
   *Corporation USA*

19

20

21

22

23

24

JONATHAN M. JACOBSON
STEPHEN A. MANSFIELD
ROBERT B. HUMPHREYS
JOHN W. BERRY
Akin Gump Strauss Hauer & Feld LLP
590 Madison Avenue
New York, NY 10022
(212) 872-1020 (telephone)
(212) 407-3220 (facsimile)

GARY L. HALLING
JAMES L. McGINNIS
Sheppard, Mullin, Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4106
(415) 434-9100 (telephone)
(415) 434-3947 (facsimile)

By: _Jonathan A. Jacobson_
              Jonathan M. Jacobson

*Attorneys for Defendant Samsung*
*Semiconductor, Inc.*

WILLIAM S. FARMER, JR.
Collette & Erickson LLP
555 California Street, 43rd Fl.
San Francisco, CA 94104-1791
(415) 788-4646 (telephone)

STEVEN H. MORRISSETT
Finnegan, Henderson, Farabow, Garrett &
   Dunner LLP
700 Hansen Way
Palo Alto, CA 94304
(650) 849-6624 (telephone)

By: _Steven H. Morrissett_
              Steven H. Morrissett

*Attorneys for Defendant Winbond Electronics*
*Corporation America*

Akin Gump Strauss Hauer & Feld, L.L.P.
590 Madison Avenue
New York, NY 10022
(212) 872-1000

No. M-02-1486-PJH
MDL No. 1486
378377

-7-

STIPULATION AND ORDER LIMITING
THE SCOPE OF DISCOVERY

1  ROBERT B. PRINGLE
   Thelen Reid & Priest LLP
2  101 Second Street, Suite 1800
   San Francisco, CA 94105-3601
3  (415) 369-7307 (telephone)
   (415) 371-1211 (facsimile)
4
   By: _____
5         Robert B. Pringle

6  *Attorneys for Defendant Elpida Memory (USA), Inc.*

7
   NIALL E. LYNCH
8  RICHARD B. COHEN
   DINA WONG
9  EUGENE S. LITVINOFF
   Antitrust Division
10 U.S. Department of Justice
   405 Golden Gate Avenue
11 Box 36046, Room 10-0101
   San Francisco, CA 94102
12 (415) 436-6660 (telephone)

   By: _____
13        Niall E. Lynch

14 *Attorneys for Intervenor United States*

15

16 Based on the stipulation of the parties, and for good cause shown, the foregoing is hereby SO

17 ORDERED:

18

19 _____
   Phyllis J. Hamilton
20 United States District Judge

21 Dated: April *16*, 2003

22

23

24

WILLIAM M. GOODMAN
K.C. MAXWELL
Topel & Goodman
832 Sansome Street, 4th Floor
San Francisco, CA 94111
(415) 421-6140 (telephone)
(415) 398-5030 (facsimile)

By: _____
      William M. Goodman

*Attorneys for Defendant Mosel Vitelic Corporation*

Akin Gump Strauss Hauer & Feld, L.L.P.
590 Madison Avenue
New York, NY 10022
(212) 872-1000

No. M-02-1486-PJH
MDL No. 1486
378377

-8-

STIPULATION AND ORDER LIMITING
THE SCOPE OF DISCOVERY

# EXHIBIT B

1  MAY LEE HEYE (State Bar No. 209366)
   NIALL E. LYNCH (State Bar No. 157959)
2  BRIGID S. MARTIN (State Bar No. 231705)
   LARA M. KROOP (State Bar No. 239512)
3  IRENE I. LIU (State Bar No. 244880)
   LIDIA MAHER (State Bar No. 222253)
4  Antitrust Division
   U.S. Department of Justice
5  450 Golden Gate Avenue
   Box 36046, Room 10-0101
6  San Francisco, CA  94102
   Telephone:  (415) 436-6660
7
   Attorneys for the United States
8

9                UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                    OAKLAND DIVISION

12

13                                    )   No. CV-07-01819-CW
                                      )   No. MDL 1819-CW
14                                    )
     IN RE STATIC RANDOM ACCESS       )   Date:  July 26, 2007
15   MEMORY (SRAM) ANTITRUST          )   Time:  2:00 p.m.
     LITIGATION                       )   Court:  Hon. Claudia Wilken
16                                    )
                                      )
17                                    )
                                      )
18   _____)

19

20

21                  ORDER GRANTING THE
           GOVERNMENT'S MOTION TO INTERVENE
22

23

24

25

26

27

28   PROPOSED ORDER RE: MOTION TO INTERVENE
     CV-07-01819-CW
     MDL 1819-CW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| IN RE STATIC RANDOM ACCESS MEMORY (SRAM) ANTITRUST LITIGATION | No. CV-07-01819-CW<br>No. MDL 1819-CW<br><br>Date: July 26, 2007<br>Time: 2:00 p.m.<br>Court: Hon. Claudia Wilken |

ORDER TO INTERVENE

On this date, the Court considered the MOTION BY THE UNITED STATES TO INTERVENE UNDER FED. R. CIV. P. 24(b). The Court finds that there is a "question of law or fact in common" between this civil action and a criminal grand jury investigation. The Court further finds that the government has jurisdictional grounds to intervene, and that its motion is timely.

It is therefore Ordered that the Motion be GRANTED. The United States of America, through the Antitrust Division of the U.S. Department of Justice, is permitted to intervene in this action for the purpose of seeking to limit discovery in this civil action. The parties and the Clerk of the Court are instructed to add the Antitrust Division of the U.S. Department of Justice to the service list in this case.

//

Date: June 5_, 2007

_Claudia Wilken_

United States District Court Judge

PROPOSED ORDER RE: MOTION TO INTERVENE
CV-07-01819-CW
MDL 1819-CW

2

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI |
| _____ / | MDL. No. 1827 |
| This Order Relates to: | **ORDER GRANTING UNITED STATES' MOTION TO INTERVENE** |
| ALL CASES | |
| _____ / | |

On July 6, 2007, the United States filed a motion under Federal Rule of Civil Procedure 24(b) to intervene in this civil action for the purpose of limiting discovery until the conclusion of an ongoing criminal grand jury investigation. Having reviewed the government's submission, the Court finds that there is a "question of law or fact in common" between this civil multi-district litigation and a pending criminal grand jury investigation. The Court further finds that the government has jurisdictional grounds to intervene, and that the motion is timely. Upon inquiry by the Court at the July 10, 2007 initial status conference, no party voiced any objection to the intervention motion, although some counsel expressed concern about the scope and duration of any proposed discovery limitation.

Accordingly, the Court exercises its discretion and GRANTS the motion to intervene. (Docket No. 187). The United States of America, through the Antitrust Division of the U.S. Department of Justice, is permitted to intervene in this action for the purpose of seeking to limit discovery in this civil action. The United States shall file its motion to limit discovery no later than **July 20, 2007**, and a hearing on the motion is scheduled for **September 19, 2007** at 2:00 p.m. Briefing shall be in accordance with the Civil Local Rules.

The parties and the Clerk of the Court are instructed to add the Antitrust Division of the U.S.

1   Department of Justice to the docket in this proceeding.

2

3       **IT IS SO ORDERED.**

4

5   Dated: July 10, 2007

6                                               _Susan Illston_
                                                _____
7                                               SUSAN ILLSTON
                                                United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2