MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. RUSSELL, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA  94123
Telephone:  (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

JOSEPH M. PATANE, ESQ. (72202)
LAW OFFICE OF JOSEPH M. PATANE
2280 Union Street
San Francisco, CA  94123
Telephone:  (415) 563-7200
Facsimile: (415) 346-0679
E-mail: jpatane@tatp.com

Attorneys for Plaintiff Jeffrey Figone
And All Others Similarly Situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. CV-07-5944 SC |
| | MDL No. 1917 |
| | **PLAINTIFF JEFFREY FIGONE'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL FOR THE INDIRECT PURCHASER CLASS** |
| **This document relates to:** | Date: April 4, 2008 |
| | Time: 10:00 a.m. |
| **ALL INDIRECT PURCHASER ACTIONS** | Court: One, 17th Floor |
| | The Honorable Samuel Conti |

71811.1

**PLAINTIFF JEFFREY FIGONE'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL FOR THE INDIRECT PURCHASER CLASS, MDL NO. 1917**

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that at 10:00 a.m. on April 4, 2008, or as soon thereafter as the matter may be heard, Plaintiff Jeffrey Figone, through his undersigned counsel, will and hereby does move this Court, the Honorable Samuel Conti, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, for an Order appointing Trump, Alioto, Trump & Prescott, LLP ("TATP") as interim lead or co-lead counsel for the indirect purchaser plaintiffs in this multidistrict litigation.

This motion is made pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and on the grounds that the appointment of interim lead counsel is appropriate at this time to "fairly and adequately represent the interests of the class." This complex case will benefit from the appointment of a law firm with over 30 years of antitrust and trial experience to serve as interim lead counsel. TATP has done extensive investigation into the allegations of the complaint. It is committed to this litigation and has substantial resources to devote to the prosecution of the claims. Finally, TATP will work in cooperation with other firms to prosecute this complex, multiparty action in an efficient and effective manner.

This motion is based on this notice of motion and motion, the following memorandum of law, the Declaration of Mario N. Alioto ("Alioto Declaration") in support of this motion, all pleadings and records on file, and any additional briefing and argument presented to the Court before or at the hearing on this motion.

//

//

//

- 1 -

**PLAINTIFF JEFFREY FIGONE'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL FOR THE INDIRECT PURCHASER CLASS, MDL NO. 1917**

# MEMORANDUM OF LAW

## I. INTRODUCTION

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, Plaintiff Jeffrey Figone ("Plaintiff") moves for the appointment of his counsel, Trump, Alioto, Trump & Prescott, LLP ("TATP"), as interim lead or co-lead counsel for the indirect purchaser plaintiff class in the *In Re Cathode Ray Tubes (CRT) Antitrust Litigation,* MDL 1917 ("*CRT Cases*").

It is in the interests of the Class to appoint a firm with a demonstrated ability to organize and prosecute a case like this. TATP brings a record of success in managing, litigating and prevailing in complex class action antitrust cases on behalf of plaintiffs. TATP has particular expertise in indirect purchaser antitrust cases such as this one. TATP is a highly experienced firm which has previously obtained several landmark antitrust and class action recoveries. TATP is prepared to serve as interim class counsel alone or in conjunction with other firms designated by the Court. TATP is based in San Francisco, has substantial resources to devote to this litigation, has undertaken significant work on behalf of the plaintiff Class, brings particular skills in the efficient management of complex litigation and electronic discovery practice, and will work collegially and professionally with other counsel. Accordingly, Plaintiff's motion to appoint TATP as interim lead or co-lead counsel for the indirect purchaser plaintiffs should be granted.

## II. BACKGROUND

This litigation arises from an alleged conspiracy by defendants LG Electronics, Inc.; Samsung Electronics Co., Ltd.; Samsung SDI Co., Ltd.; Samsung Electronics America, Inc.; Samsung SDI America, Inc.; Samtel Color Ltd.; Toshiba Corporation; Toshiba America Electronic Components, Inc.; Toshiba America Information Systems, Inc.; Matsushita Toshiba Picture Display Co., Ltd.; MT Picture Display Corporation of America (New York); MT Picture Display Corporation of America (Ohio); Matsushita Electric Industrial Co., Ltd.; Panasonic Corporation of North America; Beijing-Matsushita Color CRT Company, Ltd.; Orion Electric Co., Ltd.; Orion America, Inc.; Hitachi, Ltd.; Hitachi America, Ltd.; Hitachi Asia, Ltd.; Chungwha Picture Tubes, Ltd.; Chungwha Picture Tubes Malaysia Sdn. Bhd.; LP Displays

International, Ltd.; Koninklijke Philips Electronics N.V.; Philips Electronics North America; Irico Group Corp.; Irico Display Devices Co., Ltd.; Thai CRT Company, Ltd.; and Tatung Company of North America, Inc. ("Defendants") to fix, raise, maintain or stabilize the prices of products containing Cathode Ray Tubes ("CRT Products") sold in the United States.

On November 8, 2007, antitrust authorities in Europe, Japan and South Korea raided the offices of several of the Defendants as part of an international investigation of alleged price fixing in the CRT Products industry.

Beginning on November 26, 2007, class actions alleging violations of federal and state antitrust laws by Defendants were filed in this judicial district and others on behalf of direct and indirect purchasers of Defendants' CRT Products. Plaintiff filed a class action complaint in this Court[1] on behalf of a class of all individuals and entities that indirectly purchased CRT Products in the United States from Defendants, their predecessors, or their controlled subsidiaries and affiliates during the period beginning at least January 1, 1995 through the filing of the Complaint. Plaintiff alleges that Defendants' cartel and conspiracy is in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, as well as various state antitrust and consumer protection statutes.

In addition to the case filed by Plaintiff, twelve other similar cases have been filed in the Northern District of California against Defendants. On January 16, 2008, this Court entered an order relating Plaintiff's case and six other similar cases to the low-numbered case, *Crago, Inc. v. Chungwha Picture Tubes, Ltd., et al.,* 3:07-cv-5944 SC ("*Crago*").[2] Plaintiff is aware of at least fifteen additional similar cases which have been filed in various other judicial districts. On

---

[1] *Figone v. LG Electronics, Inc., et al.,* Case No. 3:07-cv-6331 SC, filed December 13, 2007.
[2] The January 16, 2008 Order related the following actions to the *Crago* action: *Nathan Muchnick, Inc. v. Chungwha Picture Tubes Ltd., et al.,* 3:07-cv-5981 SC; *Juetten, et al. v. Chungwha Picture Tubes, Ltd., et al.,* 3:07-cv-6225 JL; *Hawel v. Chungwha Picture Tubes, Ltd., et al.,* 3:07-cv-6279 EMC; *Caldwell v. Matsushita Electric Industrial Co., Ltd., et al.,* 3:07-cv-6303 SC; *Arts TV & Appliance v. Chungwha Picture Tubes, Ltd., et al.,* 3:07-cv-6416 JCS; and, *Monikraft, Inc. v. Chungwha Picture Tubes, Ltd., et al.,* 3:07-cv-6433 SC. This Court has entered several other orders relating the other similar actions filed in this District to the *Crago* action.

- 3 -
**PLAINTIFF JEFFREY FIGONE'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL FOR THE INDIRECT PURCHASER CLASS, MDL NO. 1917**

November 29, 2007, plaintiff Crago, Inc. filed a Motion for Transfer and Consolidation of Related Actions to the Northern District of California Pursuant to 28 U.S.C. § 1407.

On February 15, 2008, the Judicial Panel on Multidistrict Litigation ("JPML") transferred the *CRT Cases* to this Court for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. The JPML found that the Northern District of California was an appropriate transferee forum for this litigation because (1) there were already thirteen actions pending there; and (2) some defendants and some plaintiffs supported centralization here. According to the JPML Transfer Order, this litigation consists of a lead case filed in the Northern District of California and a lead case filed in the Southern District of New York, as well as 26 potentially-related "tag-along" actions. A true and correct copy of the JPML Transfer Order is attached to the Alioto Declaration as Exhibit 1.

In light of the JPML Transfer Order and the many additional cases from several judicial districts which are now before this Court, it is appropriate for this Court to consider a leadership structure for the putative plaintiff classes. Appointing TATP as interim lead or co-lead counsel at this time will insure that the putative indirect purchaser class will be represented by a law firm with substantial experience in prosecuting complex antitrust class actions in federal court and which is best able to fairly and adequately represent the interests of the putative class.

**III.     ARGUMENT**

**A.  Appointment of Interim Co-Lead Counsel to Represent the Class is Appropriate**

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. Proc. 23(g)(3). Where, as here, there are numerous class actions pending, "appointment of class counsel is necessary to protect the interests of class members." *Donaldson v. Pharmacia Pension Plan,* 2006 U.S. Dist. LEXIS 28697, *2-3 (S.D. Ill. May 10, 2006); *see also, In re Cardinal Health, Inc. ERISA Litigation,* 225 F.R.D. 552, 554 (S.D. Ohio 2005). The goal of the Court in considering this motion is to determine who will best represent the interests of the class, and who will best be able to accomplish the class action goals

- 4 -
**PLAINTIFF JEFFREY FIGONE'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL FOR THE INDIRECT PURCHASER CLASS, MDL NO. 1917**

of efficiency and economy in doing so. *See, Coleman v. General Motors Acceptance Corp.,* 220 F.R.D. 64, 100 (M.D. Tenn. 2004).

In appointing interim lead counsel under Rule 23(g), the Court must determine whether the applicant firm will fairly and adequately represent the interests of the proposed class. *See,* Fed. R. Civ. Pro. 23(g)(1)(B). The Court's determination of that question is informed by the criteria set forth in Rule 23(g)(1):

> In appointing class counsel, the court: (A) must consider: the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and, the resources that counsel will commit to representing the class; (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class….

Fed. R. Civ. Pro. 23(g)(1). "In evaluating prospective class counsel, the Court should weigh all pertinent factors. No single factor should necessarily be determinative in a given case." Rule 23(g) advisory committee's note (2003).

TATP satisfies each of the factors set forth in Rule 23(g) and is well-qualified to manage this litigation alone or in conjunction with other firms designated by the Court.

**B.   TATP Will Fairly and Adequately Represent the Interests of the Proposed Plaintiff Class**

**1.   TATP Is Experienced In Handling Antitrust Class Actions and Complex, Multidistrict Litigation**

TATP has over 30 years of experience in prosecuting multidistrict litigation and class actions in state and federal courts throughout the country. Since its founding, TATP has specialized in representing plaintiffs in antitrust class actions involving allegations of price-fixing, monopolization, predatory pricing and group boycott under the Sherman Act, the Clayton Act, the California Cartwright Act and Unfair Competition Law, as well as numerous antitrust and consumer protection statutes of other States. TATP therefore is well-qualified to serve as lead counsel in this case.

Courts have recognized the qualifications of TATP in appointing the firm lead or liaison counsel in numerous cases. Recently, TATP was appointed to serve as Co-Lead Counsel along

- 5 -

with three other firms in *In re OSB Antitrust Litigation,* Case No. 06-cv-00826 (PSD) (E.D. Pa.). The *OSB* litigation is the first class action following the enactment of the Class Action Fairness Act of 2005 ("CAFA") in which the plaintiffs have won certification of an indirect purchaser[3] class in federal court for various states under those various states' antitrust and consumer protection laws. In granting class certification and appointing TATP Co-Lead Counsel for the class in the indirect purchaser case, the Honorable Paul S. Diamond of the Eastern District of Pennsylvania stated that TATP "are experienced, class action litigators" and "have vigorously and capably prosecuted this extremely demanding case, and I am satisfied that they will continue to do so."

TATP's attorneys have litigated indirect purchaser antitrust cases in a variety of industries including, but not limited to, high technology (memory chips, microprocessors), rubber products (EPDM, Polychloroprene, NBR), food additives (MSG, HFCS), and consumer goods (flat screen TVs, OSB). Most significantly, TATP has been involved in other MDL litigation involving markets and goods similar to CRT Products. *See, In re Dynamic Random Access Memory (DRAM) Antitrust Litigation,* (N.D. Cal. Case No. 02-1486 (PJH), MDL No. 1486) (indirect purchaser antitrust class action involving price-fixing of DRAM memory chips); *In re TFT-LCD (Flat Panel) Antitrust Litigation,* (N.D. Cal. Case No. 07-1827 (SI), MDL No. 1827) (indirect purchaser antitrust class action involving price fixing of LCD or flat panel TVs); *In re SRAM Antitrust Litigation* (N.D. Cal. Case No. 07-1819 (CW), MDL No. 1819) (indirect purchaser antitrust class action involving price fixing of SRAM memory chips); *In re Graphics Processing Units Antitrust Litigation* (N.D. Cal. Case No. 07-1826 (WHA), MDL No. 1826) (direct purchaser antitrust class action involving price fixing of computer Graphics Cards); *In re Flash Memory Antitrust Litigation* (N.D. Cal. Case No. 07-00086 (SBA), MDL No. 1852) (direct purchaser class action involving price fixing of Flash memory). Through its involvement in these

---

[3] Claims for antitrust violations on behalf of indirect purchasers are barred under federal law under the United States Supreme Court's decision in *Illinois Brick v. Illinois,* 431 U.S. 720 (1977). Before CAFA, indirect purchaser claims were litigated almost exclusively in state court.

cases, TATP has gained extensive knowledge of industries similar to the CRT Products industry. This knowledge and experience will prove invaluable in the investigation and identification of key factual and legal issues in the *CRT Cases*. TATP is therefore especially well-qualified to serve as interim lead counsel in the *CRT Cases*.

Mario N. Alioto, one of the founding partners of TATP, will lead TATP in their prosecution of this litigation. After a judicial clerkship, Mr. Alioto entered private practice specializing in antitrust law. Mr. Alioto has represented plaintiffs and defendants in antitrust and other commercial matters for 34 years. Mr. Alioto was one of the first lawyers in California to successfully prosecute indirect purchaser antitrust class actions under the Cartwright Act and the Unfair Competition Law. He was counsel in the landmark decision *Crown Oil v. Superior Court*, 177 Cal. App. 3d 604 (1986), which upheld the right of indirect purchasers to sue under the Cartwright Act after their claims had been barred under federal law by the decision in *Illinois Brick*. As a result of the *Crown Oil* decision, California consumers and businesses have recovered millions of dollars in relief which would otherwise have been barred under *Illinois Brick*.

In his 34 years of practice in this area, Mr. Alioto has handled approximately 50 antitrust cases. He has served in leadership roles in most of these cases and has been Lead or Liaison Counsel in many of them. This experience has enabled Mr. Alioto to prosecute these cases efficiently and achieve favorable settlements without unnecessary demands on judicial resources.

Mr. Alioto has handled these cases in collaboration with other law firms when circumstances warranted this, and has also demonstrated the ability to handle these cases effectively without the assistance of a consortium of other law firms. Mr. Alioto has been involved in a number of jury trials in state and federal court and has tried 2 antitrust cases to jury verdict as the lead lawyer. He has handled approximately 30 appeals as well.

Most recently, Mr. Alioto obtained relief of approximately $50 million for California consumers on account of improper automobile repossession practices by two large finance

---

Now, for all practical purposes, state law indirect purchaser claims must be litigated in federal court in conjunction with direct purchaser claims brought under Section 1 of the Sherman Act.

- 7 -

**PLAINTIFF JEFFREY FIGONE'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL FOR THE INDIRECT PURCHASER CLASS, MDL NO. 1917**

1   companies. This result was obtained primarily by Mr. Alioto and TATP, with the assistance of
2   one other firm. In approving the settlement in that matter, the Honorable Daniel M. Hanlon (Ret.)
3   noted that TATP had handled the litigation "effectively and efficiently" and that counsel was
4   "experienced and competent" and had obtained an "excellent settlement."

5   TATP has the talent, expertise, and capital to contribute to this litigation in a leadership
6   capacity, and is prepared to work with other plaintiffs' counsel should the Court conclude that a
7   multi-firm leadership structure or steering committee is appropriate.

### 2.  TATP Has Done Substantial Work And Has Taken Significant Steps to Advance the Litigation

TATP has already put in substantial work towards identifying and investigating potential claims in this action. TATP has investigated the facts alleged in Plaintiff's Complaint, including what led to the initiation of investigations of manufacturers of CRT Products, and is continuing to research and develop the claims at issue in this action. The firm's investigation has included analysis of the CRT market, the market participants, review of published media reports and materials drawn from related litigation, and identifying likely defendants and potential consultants and experts.

### 3.  TATP Will Commit Significant Resources to Litigating This Case

TATP is prepared to devote significant human and financial resources to representing the interests of the proposed class. The firm's attorneys have developed substantial expertise in managing complex litigation, and particularly electronic discovery. The firm is prepared to commit the professionals and resources necessary to take this case through pre-trial, trial and any appeals that may arise. In addition, TATP has substantial experience practicing before the Northern District and is familiar with its rules and practices. Thus, pursuant to Fed. Rule of Civil Proc. 23(g), TATP provides the knowledge, resources and skill to best represent the interests of the plaintiff class.

//

//

- 8 -

**PLAINTIFF JEFFREY FIGONE'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL FOR THE INDIRECT PURCHASER CLASS, MDL NO. 1917**

### 4. TATP Will Utilize the Other Plaintiff Firms in this Litigation and is Committed to Working in a Professional and Cooperative Manner

TATP has previously worked collegially with most of the firms representing plaintiffs in this litigation. TATP has also worked professionally with the firms representing the Defendants to streamline and resolve other complex cases. Professional, courteous relations amongst plaintiffs' counsel, as well as between opposing counsel, is essential to the conduct and management of complex multidistrict actions such as this one. *See Manual for Complex Litigation* (4th ed. 2005), Author's Comments to Role of Counsel, § 10.21, p. 40, citing *Northern Indiana Public Service Co. v. Certain Underwriters at Lloyd's London,* 1996 WL 115466 at *1 (N.D. Ind. 1996) ("The just and efficient resolution of this case may depend in large part upon the way the attorneys comport themselves and how they overcome conflicts. The added demands and burdens of complex litigation place a premium on professionalism."). Furthermore, TATP is dedicated to leading this litigation in a manner that best serves the interests of the plaintiffs injured by Defendants' alleged conspiratorial misconduct. TATP will develop a cooperative structure for prosecuting this complex multiparty litigation in an efficient manner. TATP is therefore well-qualified to serve as interim lead or co-lead counsel on behalf of the plaintiffs in the indirect *CRT Cases*.

## IV.     CONCLUSION

For the reasons set forth above, it is respectfully requested that the Court appoint TATP to serve as interim lead or co-lead counsel for the indirect purchaser class.

//

//

//

- 9 -

**PLAINTIFF JEFFREY FIGONE'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL FOR THE INDIRECT PURCHASER CLASS, MDL NO. 1917**

Dated: February 23, 2008         Respectfully submitted,

**TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**


By:     /s/ Mario N. Alioto
        Mario N. Alioto (56433)
        Lauren C. Russell (241151)
        2280 Union Street
        San Francisco, California 94123
        Telephone: (415) 563-7200
        Facsimile: (415) 346-0679
        E-mail: malioto@tatp.com
        laurenrussell@tatp.com

        Joseph M. Patane (72202)
        LAW OFFICE OF JOSEPH M. PATANE
        2280 Union Street
        San Francisco, CA  94123
        Telephone:  (415) 563-7200
        Facsimile: (415) 346-0679
        E-mail: jpatane@tatp.com

        Lawrence G. Papale (67068)
        LAW OFFICES OF LAWRENCE G. PAPALE
        1308 Main Street #117
        St. Helena, CA 94574
        Telephone: (707) 963-1704
        Facsimile: (707) 963-0706
        E-mail: lgpapale@papalelaw.com

        *Attorneys for Plaintiff Figone And All Others Similarly Situated*

**PLAINTIFF JEFFREY FIGONE'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL FOR THE INDIRECT PURCHASER CLASS, MDL NO. 1917**