1  MARIO N. ALIOTO, ESQ. (56433)
   LAUREN C. RUSSELL, ESQ. (241151)
2  TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
   2280 Union Street
3  San Francisco, CA 94123
   Telephone: (415) 563-7200
4  Facsimile: (415) 346-0679
   E-mail: malioto@tatp.com
5  laurenrussell@tatp.com
6
7  JOSEPH M. PATANE, ESQ. (72202)
   LAW OFFICE OF JOSEPH M. PATANE
8  2280 Union Street
   San Francisco, CA 94123
9  Telephone: (415) 563-7200
   Facsimile: (415) 346-0679
10 E-mail: jpatane@tatp.com

11 Attorneys for Plaintiff Jeffrey Figone
   And All Others Similarly Situated
12

13                 **UNITED STATES DISTRICT COURT**

14                 **NORTHERN DISTRICT OF CALIFORNIA**

15 **IN RE: CATHODE RAY TUBE (CRT)**    ) Master File No. CV-07-5944 SC
                                        )
16 **ANTITRUST LITIGATION**            )
                                        ) MDL No. 1917
17                                      )
                                        ) **DECLARATION OF MARIO N. ALIOTO**
18                                      ) **IN SUPPORT OF PLAINTIFF JEFFREY**
                                        ) **FIGONE'S MOTION FOR**
19                                      ) **APPOINTMENT OF INTERIM LEAD**
                                        ) **COUNSEL FOR THE INDIRECT**
20                                      ) **PURCHASER CLASS**
                                        )
21 _____       )
                                        )
22 **This document relates to:**        ) Date: April 4, 2008
                                        ) Time: 10:00 a.m.
23 **ALL INDIRECT PURCHASER ACTIONS**   ) Court: One, 17th Floor
                                        )
24                                      ) The Honorable Samuel Conti
                                        )
25 _____       )

26

27

28 71811.1
   _____
   **DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF PLAINTIFF JEFFREY FIGONE'S MOTION**
   **FOR APPOINTMENT OF INTERIM LEAD COUNSEL FOR THE INDIRECT PURCHASER CLASS**
   **MDL NO. 1917**

1    I, Mario N. Alioto, declare:

2        1.       I am an attorney duly licensed by the State of California and am admitted to

3    practice before this Court. I am a partner of the law firm Trump, Alioto, Trump & Prescott, LLP

4    and my firm serves as attorney of record in the above-captioned action for plaintiff Jeffrey

5    Figone ("Plaintiff"). The matters set forth herein are with my personal knowledge and, if called

6    upon and sworn as a witness I could competently testify regarding them.

7        2.       This litigation arises from an alleged conspiracy by defendants LG Electronics,

8    Inc.; Samsung Electronics Co., Ltd.; Samsung SDI Co., Ltd.; Samsung Electronics America, Inc.;

9    Samsung SDI America, Inc.; Samtel Color Ltd.; Toshiba Corporation; Toshiba America

10   Electronic Components, Inc.; Toshiba America Information Systems, Inc.; Matsushita Toshiba

11   Picture Display Co., Ltd.; MT Picture Display Corporation of America (New York); MT Picture

12   Display Corporation of America (Ohio); Matsushita Electric Industrial Co., Ltd.; Panasonic

13   Corporation of North America; Beijing-Matsushita Color CRT Company, Ltd.; Orion Electric

14   Co., Ltd.; Orion America, Inc.; Hitachi, Ltd.; Hitachi America, Ltd.; Hitachi Asia, Ltd.;

15   Chungwha Picture Tubes, Ltd.; Chungwha Picture Tubes (Malaysia Sdn. Bhd.; LP Displays

16   International, Ltd.; Koninklijke Philips Electronics N.V.; Philips Electronics North America;

17   Irico Group Corp.; Irico Display Devices Co., Ltd.; Thai CRT Company, Ltd.; and Tatung

18   Company of North America, Inc. ("Defendants") to fix, raise, maintain or stabilize the prices of

19   products containing Cathode Ray Tubes ("CRT Products") sold in the United States.

20       3.       On November 8, 2007, antitrust authorities in Europe, Japan and South Korea

21   raided the offices of several of the Defendants as part of an international investigation of alleged

22   price fixing in the CRT Products industry.

23       4.       Beginning on November 26, 2007, class actions alleging violations of the federal

24   antitrust laws by Defendants were filed in this judicial district and others on behalf of direct and

25   indirect purchasers of Defendants' CRT Products.

26

27

28

- 1 -

**DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF PLAINTIFF JEFFREY FIGONE'S MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL FOR THE INDIRECT PURCHASER CLASS MDL NO. 1917**

1    5.    Plaintiff filed a class action complaint in this Court[1] on behalf of a class of all

2    individuals and entities that indirectly purchased CRT Products in the United States from

3    Defendants, their predecessors, or their controlled subsidiaries and affiliates during the period

4    beginning at least January 1, 1995 through the filing of the Complaint. Plaintiff alleges that

5    Defendants' cartel and conspiracy is in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1,

6    as well as various state antitrust and consumer protection statutes.

7    6.    Twelve other similar cases have been filed in the Northern District of California

8    against Defendants.

9    7.    On January 16, 2008, this Court entered an order relating Plaintiff's case and six

10   other similar cases to the low-numbered case, *Crago, Inc. v. Chungwha Picture Tubes, Ltd., et*

11   *al.,* 3:07-cv-5944 SC ("*Crago*").[2]

12   8.    Plaintiff is aware of at least fifteen additional similar cases which have been filed

13   in various other judicial districts.

14   9.    On November 29, 2007, plaintiff Crago, Inc. filed a Motion for Transfer and

15   Consolidation of Related Actions to the Northern District of California Pursuant to 28 U.S.C. §

16   1407.

17   10.    On February 15, 2008, the Judicial Panel on Multidistrict Litigation ("JPML")

18   transferred the *CRT Cases* to this Court for coordinated or consolidated pretrial proceedings

19   pursuant to 28 U.S.C. § 1407. The JPML found that the Northern District of California was an

20   appropriate transferee forum for this litigation because (1) there were already thirteen actions

21   pending there; and (2) some defendants and some plaintiffs supported centralization here.

---

23   [1] *Figone v. LG Electronics, Inc., et al.,* Case No. 3:07-cv-6331 SC, filed December 13, 2007.
24   [2] The January 16, 2008 Order related the following actions to the *Crago* action: *Nathan Muchnick, Inc. v. Chungwha Picture Tubes Ltd., et al.,* 3:07-cv-5981 SC; *Juetten, et al. v. Chungwha Picture Tubes, Ltd., et al.,* 3:07-cv-6225 JL; *Hawel v. Chungwha Picture Tubes, Ltd., et al.,* 3:07-cv-6279 EMC; *Caldwell v. Matsushita Electric Industrial Co., Ltd., et al.,* 3:07-cv-6303 SC; *Arts TV & Appliance v. Chungwha Picture Tubes, Ltd., et al.,* 3:07-cv-6416 JCS; and, *Monikraft, Inc. v. Chungwha Picture Tubes, Ltd., et al.,* 3:07-cv-6433 SC. This Court has entered several other orders relating the other similar actions filed in this District to the *Crago* action.

- 2 -

**DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF PLAINTIFF JEFFREY FIGONE'S MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL FOR THE INDIRECT PURCHASER CLASS MDL NO. 1917**

1    11.    The JPML Transfer Order states that this litigation consists of a lead case filed in

2    the Northern District of California and a lead case filed in the Southern District of New York, as

3    well as 26 potentially-related "tag-along" actions.

4    12.    TATP has over 30 years of experience in prosecuting multidistrict litigation and

5    class actions in state and federal courts throughout the country. Since its founding, TATP has

6    specialized in representing plaintiffs in antitrust class actions including allegations of price-

7    fixing, monopolization, predatory pricing and group boycott under the Sherman Act, the Clayton

8    Act, the California Cartwright Act and Unfair Competition Law, as well as numerous antitrust

9    and consumer protection statutes of other States.

10    13.    TATP was recently appointed to serve as Co-Lead Counsel along with three other

11    firms in *In re OSB Antitrust Litigation,* Case No. 06-cv-00826 (PSD) (E.D. Pa.).

12    14.    The *OSB* litigation is the first antitrust class action following the enactment of the

13    Class Action Fairness Act of 2005 ("CAFA") in which the plaintiffs have won certification of an

14    indirect purchaser[3] class in federal court for various States under those various States' antitrust

15    and consumer protection laws.

16    15.    In granting class certification and appointing TATP Co-Lead Counsel for the class

17    in the indirect purchaser case, the Honorable Paul S. Diamond of the Eastern District of

18    Pennsylvania stated that TATP "are experienced, class action litigators" and "have vigorously

19    and capably prosecuted this extremely demanding case, and I am satisfied that they will continue

20    to do so."

21    16.    TATP's attorneys have litigated antitrust cases in several industries including high

22    technology (memory chips, microprocessors), rubber products (EPDM, Polychloroprene, NBR),

23    food additives (MSG, HFCS), and consumer goods (flat screen TVs, OSB).

24

25    [3] Claims for antitrust violations on behalf of indirect purchasers are barred under federal law
     under the United States Supreme Court's decision in *Illinois Brick v. Illinois*, 431 U.S. 720
26    (1977). Before CAFA, indirect purchaser claims were litigated almost exclusively in state court.
     Now, for all practical purposes, indirect purchaser claims must be litigated in federal court in
27    conjunction with direct purchaser claims brought under Section 1 of the Sherman Act.

28                                          - 3 -
     **DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF PLAINTIFF JEFFREY FIGONE'S MOTION
     FOR APPOINTMENT OF INTERIM LEAD COUNSEL FOR THE INDIRECT PURCHASER CLASS
     MDL NO. 1917**

17. TATP has been involved in other MDL litigation involving markets and goods similar to CRT Products. *See, In re Dynamic Random Access Memory (DRAM) Antitrust Litigation,* (N.D. Cal. Case No. 02-1486 (PJH), MDL No. 1486) (indirect purchaser antitrust class action involving price-fixing of DRAM memory chips); *In re TFT-LCD (Flat Panel) Antitrust Litigation,* (N.D. Cal. Case No. 07-1827 (SI), MDL No. 1827) (indirect purchaser antitrust class action involving price fixing of LCD or flat panel TVs); *In re SRAM Antitrust Litigation* (N.D. Cal. Case No. 07-1819 (CW), MDL No. 1819) (indirect purchaser antitrust class action involving price fixing of SRAM memory chips); *In re Graphics Processing Units Antitrust Litigation* (N.D. Cal. Case No. 07-1826 (WHA), MDL No. 1826) (direct purchaser antitrust class action involving price fixing of computer Graphics Cards); *In re Flash Memory Antitrust Litigation* (N.D. Cal. Case No. 07-00086 (SBA), MDL No. 1852) (direct purchaser class action involving price fixing of Flash memory).

18. I am one of the founding partners of TATP. I will lead TATP in its prosecution of this litigation. I have 34 years of practice in this area and have handled approximately 50 antitrust cases. I have served in leadership roles in most of these cases and have been Lead or Liaison Counsel in many of them. I have handled these cases both in collaboration with other law firms when circumstances warranted this, and also without the assistance of a consortium of other law firms. I have been involved in a number of jury trials in state and federal court and have tried 2 antitrust cases to jury verdict as the lead lawyer. I have handled approximately 30 appeals as well. Most recently, I obtained relief of approximately $50 million for California consumers on account of improper automobile repossession practices by two large finance companies. This result was obtained primarily by TATP, with the assistance of one other firm. In approving the settlement in that matter, the Honorable Daniel M. Hanlon (Ret.) noted that TATP had handled the litigation "effectively and efficiently" and that counsel was "experienced and competent" and had obtained an "excellent settlement."

19. TATP has already put in substantial work towards identifying and investigating potential claims in this action. TATP has investigated the facts alleged in Plaintiffs' complaints,

- 4 -

1  including what led to the initiation of investigations of manufacturers of CRT Products, and is
2  continuing to research and develop the claims at issue in this action.

3      20.    TATP is prepared to devote significant human and financial resources to
4  representing the interests of the proposed class.

5      21.    TATP has substantial experience practicing before the Northern District and is
6  familiar with its rules and practices.

7      22.    TATP has previously worked collegially with most of the firms representing
8  plaintiffs in this litigation. TATP has also worked professionally with the firms representing the
9  Defendants to streamline and resolve other complex cases.

10      23.    Attached hereto as Exhibit 1 is a true and correct copy of the JPML Transfer
11  Order.

12      24.    Attached hereto as Exhibit 2 is a true and correct copy of my *curriculum vitae.*

13      I declare under penalty of perjury under the laws of the United States that the foregoing is
14  true and correct. Executed this 23rd day of February, 2008 at San Francisco, California.

15

16

17            /s/ Mario N. Alioto
               Mario N. Alioto
18
19            *Attorney for Plaintiff Jeffrey Figone*

20

21

22

23

24

25

26

27

28            - 5 -

# EXHIBIT 1

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

**Feb 15, 2008**

FILED
CLERK'S OFFICE

**IN RE: CATHODE RAY TUBE (CRT)**
**ANTITRUST LITIGATION**

| | |
|---|---|
| Crago, Inc. v. Chunghwa Picture Tubes, Ltd., et al., | ) |
| N.D. California, C.A. No. 3:07-5944 | ) |
| Andrew Kindt v. Matsushita Electric Industrial Co., | ) |
| Ltd., et al., S.D. New York, C.A. No. 1:07-10322 | ) |

MDL No. 1917

**TRANSFER ORDER**

**Before the entire Panel**: Plaintiff in the Northern District of California action has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Northern District of California. All responding parties agree that centralization is appropriate and variously support one or more of the following suggested transferee districts: the Northern District of California, the District of Minnesota, the District of New Jersey, the Southern District of New York, and the District of South Carolina.

This litigation currently consists of two actions pending in two districts, one action each in the Northern District of California and the Southern District of New York.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions relating to allegations that defendants – manufacturers of cathode ray tubes (CRTs) and products containing CRTs – conspired to fix prices of CRT products in violation of the Sherman Antitrust Act. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of California is an appropriate transferee forum for this litigation. One of the two actions before us and twelve potential tag-along actions are

---

[1] The Panel has been notified that 26 other related actions have been filed as follows: twelve actions in the Northern District of California; three actions each in the District of New Jersey and the Southern District of New York; two actions in the District of Minnesota; and one action each in the District of Arizona, the Western District of Arkansas, the Northern District of Ohio, the District of South Carolina, the Eastern District of Tennessee, and the District of Vermont. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

already pending in that district, and some defendants and some plaintiffs support centralization there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the Southern District of New York is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Samuel Conti for coordinated or consolidated pretrial proceedings with the action pending there.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| | |
|---|---|
| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica |

# EXHIBIT 2

## MARIO N. ALIOTO

### *Curriculum Vitae*

Mr. Alioto is a graduate of the University of Santa Clara with a B.A. degree, cum laude , in Economics. He is also a graduate of the University of San Francisco School of Law with a J.D. degree, cum laude.

Upon graduation from law school, Mr. Alioto clerked for the late Honorable Ira I. Brown, Jr., Judge of the San Francisco Superior Court. Thereafter, he was employed in the Law Offices of Joseph L. Alioto working on complex litigation, primarily plaintiff's antitrust cases. Mr. Alioto is admitted to the State Bar of California, various Federal District Courts, various Courts of Appeal, and the Supreme Court of the United States.

Mr. Alioto worked with the Law Offices of Joseph L. Alioto for 10 years. He has continued to handle complex litigation and antitrust cases as well as unfair competition and consumer protection cases and class actions in state and federal courts throughout the country. Mr. Alioto has represented both plaintiffs and defendants in these cases. He has had extensive trial court and appellate court experience as well as experience in arbitration proceedings.

Mr. Alioto was one of the first lawyers in California to successfully prosecute indirect purchaser antitrust class actions under the Cartwright Act and the Unfair Competition Act. He was counsel in the landmark decision Crown Oil v. Superior Court, 177 Cal. App. 3d 604 (1986), which upheld the right of indirect purchasers to sue under the Cartwright Act after their claims had been barred under federal law by the decision in Illinois Brick v. Illinois, 431 U.S. 720 (1977). As a result of the Crown Oil decision, California consumers and businesses have recovered millions of dollars in relief which would otherwise have been barred under Illinois Brick.

In over 30 years of practice in this area, Mr. Alioto has handled approximately 50 antitrust cases. He has served in leadership roles in most of these cases and has been Lead or Liaison Counsel in many of them. This experience has enabled Mr. Alioto to prosecute these cases efficiently and achieve favorable settlements without unnecessary demands on judicial resources.

Mr. Alioto has handled these cases in collaboration with other law firms when circumstances warranted this, and has also demonstrated the ability to handle these cases effectively without the assistance of a consortium of other law firms. Mr. Alioto has been involved in a number of jury trials in state and federal court and has tried 2 cases to jury verdict as the lead lawyer. He has handled approximately 30 appeals as well.

Most recently, Mr. Alioto obtained relief of approximately $50 million for California consumers on account of improper automobile repossession practices by two large finance companies. This result was obtained primarily by Mr. Alioto and his firm Trump, Alioto, Trump & Prescott, LLP, with the assistance of one other firm. In approving the settlement in that matter, the Honorable Daniel M. Hanlon (Ret.) noted that Trump, Alioto, Trump & Prescott, LLP had handled the litigation "effectively and efficiently" and that counsel was "experienced and competent" and had obtained an "excellent settlement."

Similarly, in granting class certification and appointing Trump, Alioto, Trump & Prescott, LLP Co-Lead Counsel for the class in the indirect purchaser OSB Antitrust Litigation, Case No. 06-00826-PSD, Judge Paul S. Diamond of the Eastern District of Pennsylvania stated that Trump, Alioto, Trump & Prescott, LLP "are experienced, class action litigators" and "have vigorously and capably prosecuted this extremely demanding case, and I am satisfied that they will continue to do so."

Below is a list of representative complex litigation cases Mr. Alioto has been and is currently involved in.

### COMPLEX LITIGATION CASES

1) *In re Arizona Dairy Products Litigation,* Civil No. 74-569A PHX CAM (D. Ariz.) - antitrust price-fixing action brought on behalf of five classes of Arizona purchasers of dairy products.

2) *In re California Armored Cars Litigation,* MDL 387 - antitrust price-fixing action brought on behalf of private class of purchasers in California.

3) *Bolton v. A.R.A. Services, Inc., et al.,* Civil Action No. C-79-2156-SW (N.D. Cal. 1980), antitrust price-fixing action brought on behalf of purchasers of publications.

2

4) *Day N Night Market v. Roblin Industries, Inc., et al.*, Civil Action No. 772-241 - antitrust price-fixing case for class of indirect purchasers of shopping carts.

5) *Monterosso v. Cambridge-Lee Industries, Inc., et al.*, (S.F. Sup. Ct. 1983) - indirect-purchaser, antitrust class action by California purchasers of copper tubing.

6) *Scarpa v. American Savings & Loan Association, et al.*, (S.F. Sup. Ct. 1984) - Unfair Competition Act for fixing pre-payment and association fees.

7) *California Indirect-Purchaser Infant Formula Antitrust Litigation*, Judicial Council Coordination Proceeding No. 2557 (L.A. Sup. Ct.) - state-wide, Cartwright Act, class action for consumers who purchased infant formula.

8) *Airport Hub Antitrust Litigation (N.D.* Ga.) - nationwide class action for price-fixing of domestic airline ticket prices.

9) *Duke Development Company v. The Stanley Works, et al. (S.F.* Sup. Ct.) - state-wide, price-fixing, Cartwright Act, class action for indirect purchasers of hinges.

10) *Exxon Valdez Spill Litigation (L.A.* Sup. Ct.) state-wide class action for economic damages suffered by California motorists caused by Exxon Valdez spill.

11) *Los Angeles Waste Antitrust Litigation (*C.D. Cal.) - county-wide, price-fixing, Cartwright Act class action involving waste disposal.

12) *Leslie K. Bruce, et al. v. Gerber Products Company, et al.,* Civil Case No. 948-857 (S.F. Sup. Ct.) - indirect-purchaser, price-fixing action against baby food manufacturers.

13) *Nancy Wolf v. Toyota Motor Sales, U.S.A., Inc., et al.,* Civil Action No. C94-1359-MHP - nationwide, consumer class action alleging that the TDA Assessment on the dealer invoice was raised pursuant to an antitrust agreement.

14) *Lee Bright v. Kanzaki Specialty Papers, Inc., et al.,* Civil Action No. 963-598 (S.F. Sup. Ct.) - indirect-purchaser, consumer class action alleging a price-fixing conspiracy on fax paper.

15) *Patco Enterprises v. Comet Products, Inc., et al.,* Civil Action No. 961-814 (S.F. Super Ct.) - indirect-purchaser, class action alleging a price-fixing conspiracy on plastic dinnerware.

3


16) *In re California X-Ray Antitrust Litigation,* Civil Action No. 960-886 (S.F. Sup. Ct.) - indirect-purchaser, class action alleging price-fixing in X-ray film.

17) *In Re Brand Name Prescription Drugs Antitrust Litigation,* Civil Action No. 94-C-897, MDL 997 (U.S. District Court - Northern District of Illinois, Eastern Division) - direct-purchaser class action alleging that the prescription drug manufacturers and wholesalers combined to keep prices unreasonably high to retail pharmacies.

18) *In Re: Liquid Carbon Dioxide Cases,* Judicial Council Coordination Proceeding No. 3012 (San Diego Sup. Ct.) - indirect-purchaser class action alleging price-fixing on carbon dioxide.

19) *Jack Davis v. Microsoft Corporation,* Civil Action No. 963-597 (S.F. Sup. Ct.) - consumer class action alleging that Microsoft's 6.0 system was flawed and should be corrected.

20) *In Re Sorbate Price-Fixing Cases;* JCCP 4073 - class action alleging that certain manufacturers of sorbate fixed prices for product sold indirectly to California purchasers.

21) *In Re Methionine Antitrust Litigation,* MDL 1311--class action alleging that certain manufacturers of methionine fixed prices to direct purchasers throughout the United States.

22) *In Re Methionine Cases,* JCCP 4090 - class action alleging that certain manufacturers of methionine fixed prices to indirect purchasers of that product in California

23) *Patco Enterprises, Inc., et al. v. Sunrise Carpet Industries, et al.,* SF Sup. Ct. Action No. 980454 - class action alleging that manufacturers of certain types of carpets fixed prices to indirect purchasers in California.

24) *Sanitary Paper Cases I & II,* JCCP 4019, 4027] - class action alleging that manufacturers of certain types of sanitary paper fixed prices to indirect purchasers in California.

25) *In re: Flat Glass Indirect Purchaser Antitrust Litigation,* JCCP 4033 - class action alleging that manufacturers of certain types of flat glass fixed prices to indirect purchasers in California.

26) *NASDAQ Market Makers Antitrust Litigation,* MDL 1023 94 Civ. 3996 (RWS) - nationwide class action alleging that stock trading commissions were illegally fixed.

27) *In re Vitamin Antitrust Litigation,* JCCP 4076 - statewide class action by indirect purchasers alleging a price-fixing conspiracy.

28) *In re Auctions House Antitrust Litigation,* JCCP 4145 - indirect-purchaser antitrust class action alleging that major auction houses fixed buyer commissions.

29) *In re Cigarette Price-Fixing Cases,* JCCP 4114 - California Cartwright Act class action alleging that the tobacco companies fixed prices of cigarettes to pay state settlements.

30) *In re Compact Disc Minimum Advertised Price Antitrust Litigation,* United States District Court, District of Maine, MDL No. 1361—class action alleging price fixing on music compact discs.

31) *In re Laminate Cases,* Alameda Superior Court, Master File No. 304471— indirect purchaser class action alleging price fixing on high pressure laminates.

32) *Swiss American Sausage Co. v. Pfizer, Inc.,* San Francisco Superior Court, No. 305121—indirect purchaser class action alleging price fixing on sodium erythorbate and maltol.

33) *Blair v. Cheil Jedang,* San Francisco Superior Court—indirect purchaser class action alleging price fixing on lysine.

34) *Automobile Repossession Cases,* San Francisco Superior Court—indirect purchaser class action alleging price fixing on automobile repossession services.

35) *Lapidus v. Crown Oil,* San Francisco Superior Court, indirect purchaser class action alleging price fixing on coconut oil.

36) *Behr Wood Sealant Cases,* San Joachin Superior Court—indirect purchaser class action alleging defective wood sealant products.

37) *Food Additives Cases,* Stanislaus Superior Court, JCCP 3261—indirect purchaser class action alleging price fixing on high fructose corn syrup.

38) *In re Liquid Asphalt,* United States District Court for the District of Montana—direct purchaser action alleging price fixing on liquid asphalt.

39) *Panel Roofing.* Los Angeles Superior Court—class action alleging price fixing on panel roofing in the Los Angeles area.

40) *Checking Account Cases,* San Francisco Superior Court—alleging unlawful termination of free checking accounts.

41) *Campbell v. Fireside Thrift,* San Francisco Superior Court, No. 316462— alleging unlawful automobile repossession practices.

42) *Groom v. Ford Motor Credit,* San Francisco Superior Court, JCCP 4281— alleging unlawful automobile repossession practices.

43) *Cipro Cases,* San Diego Superior Court, JCCP 4154 and 4220—alleging unlawful agreement to eliminate generic Cipro from the market.

44) *Labelstock Cases,* San Francisco Superior Court, JCCP 4314, 4318 and 4326—indirect purchaser class action alleging price fixing on pressure sensitive labels.

45) *Credit/Debit Card Tying Cases,* San Francisco Superior Court, JCCP 4335— alleging unlawful tying of debit cards to credit cards.

46) *Gustin Schreiner v. Crompton Corporation,* San Francisco Superior Court, No. CGC-04-429323—indirect purchaser class action alleging price fixing of NBR.

47) *Electrical Carbon Products Cases,* San Francisco Superior Court, JCCP 4294—indirect purchaser class action alleging price fixing on electrical carbon products.

48) *Polyester Staple Cases,* San Francisco Superior Court, JCCP 4278—indirect purchaser class action alleging price fixing on polyester staple.

49) *D-RAM Cases,* San Francisco Superior Court, JCCP 4265—indirect purchaser class action alleging price fixing on D-RAM.

50) *Environmental Technologies Cases,* Alameda Superior Court, JCCP 4257— indirect purchaser class action alleging price fixing on organic peroxide.

51) *Reidel v. Norfalco LLC,* San Francisco Superior Court, No. CGC-03-418080—indirect purchaser class action alleging price fixing of sulfuric acid.

52) *Villa v. Crompton Corporation,* San Francisco Superior Court, No. CGC-03-419116—indirect purchaser class action alleging price fixing of EPDM.

53) *Carbon Black Cases,* San Francisco Superior Court, JCCP 4323—indirect purchaser class action alleging price fixing of Carbon Black.

54) *Urethane Cases,* San Francisco Superior Court, JCCP 4367 -indirect purchaser class action alleging price fixing of urethane.

55) *Catfish Products Cases,* San Francisco Superior Court—indirect purchaser class action alleging price fixing of catfish products.

56) *Fattal v. Noranda,* United States District Court for the District of New Mexico—alleging worldwide price fixing of potash.

57) *In re Corn Derivatives,* United States District Court for the District of New Jersey—alleging nationwide price fixing of corn derivatives.

58) *In Re: California Polychloroprene Antitrust Cases,* Los Angeles Superior Court, JCCP 4376—indirect purchaser class action alleging price fixing of Polychloroprene rubber.

59) *Microsoft Cases I-V,* San Francisco Superior Court, JCCP 4106—indirect purchaser class action alleging monopolization by Microsoft.

60) *California Indirect Purchaser MSG Antitrust Cases,* San Francisco Superior Court, Master File No. 304471—indirect purchaser class action alleging price fixing of monosodium glutamate (MSG).

61) *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation,* United States District Court for the Northern District of California, MDL 1486—indirect purchaser multistate class action alleging price fixing of DRAM memory chips.

62) *In re: Urethane Antitrust Litigation,* United States District Court for the District of Kansas, MDL 1616—direct purchaser class action alleging price fixing of urethane chemicals.

63) *Brock v. Stolt Nielsen S.A. et al.,* San Francisco Superior Court, Case No. 429758—indirect purchaser class action alleging price fixing of shipping services.

64) *The Harman Press v. International Paper Co., et al.,* San Francisco Superior Court, Master File No. 432167—indirect purchaser class action alleging price fixing of publication paper.

65) *In re: Publication Paper Antitrust Litigation,* United States District Court for the District of Connecticut, MDL 1631—direct purchaser class action alleging price fixing of publication paper.

66) *In re: Hydrogen Peroxide Antitrust Litigation,* United States District Court for the Eastern District of Pennsylvania, Master File No. 2:05-cv-00666—

7

indirect purchaser multistate class action alleging price fixing of hydrogen peroxide.

67) *In re OSB Antitrust Litigation,* United States District Court for the Eastern District of Pennsylvania, Master File No. 06-cv-00826—indirect purchaser multistate class action alleging price fixing of OSB.

68) *In re: Methyl Methacrylate (MMA) Antitrust Litigation,* United States District Court for the Eastern District of Pennsylvania, MDL 1768— indirect purchaser multistate class action alleging price fixing of Methyl Methacrylate (MMA).

69) *Miller, et al. v. Ajinomoto Company, Inc., et al.,* United States District Court for the Eastern District of Pennsylvania, Master File No. 2:06-cv-01862—indirect purchaser multistate class action alleging price fixing of Aspartame.

70) *Brooks, et al. v. Outokumpu Oyj, et al.,* United States District Court for the Western District of Tennessee, Master File No. 2:06-cv-02355—indirect purchaser multistate class action alleging price fixing of ACR Copper Tubing.

71) *In re Intel Corp. Microprocessor Antitrust Litigation,* United States District Court for the District of Delaware, MDL 1717—indirect purchaser multistate class action alleging monopolization by Intel of the United States microprocessor market.

72) *In re International Air Transportation Surcharge Antitrust Litigation,* United States District Court for the Northern District of California, MDL 1793—direct purchaser class action alleging price fixing of airline fuel surcharges on international flights.

73) *In re Static Random Access Memory (SRAM) Antitrust Litigation,* United States District Court for the Northern District of California, MDL 1819— indirect purchaser multistate class action alleging price fixing of SRAM memory chips.

74) *In re Graphics Processing Units Antitrust Litigation,* United States District Court for the Northern District of California, MDL 1826—direct purchaser class action alleging price fixing of Graphics Processing Units.

75) *In re: TFT-LCD (Flat Panel)'Antitrust Litigation,* United States District Court for the Northern District of California, MDL 1827—direct purchaser class action alleging price fixing of TFT-LCDs or flat panels.

76) *In re Korean Airlines Passenger Antitrust Litigation,* United States District Court for the Central District of California, MDL 1891—direct purchaser class action alleging price fixing of passenger airline tickets on flights between the United States and South Korea.

77) *In re: LTL Shipping Antitrust Litigation,* United States District Court for the Northern District of Georgia, MDL 1895—indirect purchaser multistate class action alleging price fixing of fuel surcharges on "less than truckload" freight services.