Henry A. Cirillo (131527; hcirillo@furth.com)
Thomas P. Dove (51921; tdove@furth.com)
Michael S. Christian (212716; mchristian@furth.com)
THE FURTH FIRM LLP
225 Bush Street, 15th Floor
San Francisco, California 94104-4249
Telephone: (415) 433-2070
Facsimile:  (415) 982-2076

Marvin A. Miller
Lori A. Fanning
Matthew E. Van Tine
MILLER LAW LLC
115 South LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone:     (312) 332-3400
Facsimile:      (312) 676-2676

Joseph M. Alioto (42680; sexton@aliotolaw.com)
ALIOTO LAW FIRM
555 California Street, 31st Floor
San Francisco, CA 94104
Telephone:     (415) 434-8900
Facsimile:      (415) 434-9200

Attorneys for Plaintiff Mark Pierce
and the Proposed Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. CV-07-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | **DECLARATION OF HENRY A. CIRILLO IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12** |
| *Pierce v. Beijing-Matsushita Color CRT Company, Ltd., et al.*, Case No. 3:08-cv-00337 MMC | |

92217.1

DECLARATION OF HENRY A. CIRILLO IN SUPPORT OF ADMINISTRATIVE MOTION TO
CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12 –
Case No. CV-07-5944 SC

1    I, Henry A. Cirillo, declare as follows:

2        1.    I am an attorney duly licensed by the State of California and am

3    admitted to practice before this Court.  I am managing partner of The Furth Firm LLP,

4    attorneys of record for plaintiff Mark Pierce.  The matters set forth herein are within my

5    personal knowledge, and if called and sworn as a witness I could competently testify

6    regarding them.

7        2.    Attached hereto as Exhibit A is a true and correct copy of a complaint

8    captioned *Mark Pierce v. Beijing-Matsushita Color CRT Company, Ltd., et al.* ("*Pierce*").

9    The attached complaint was filed on January 17, 2008 and assigned to the Honorable

10   Maxine M. Chesney.

11       3.    The instant action and *Pierce* are proposed class actions on behalf of

12   indirect purchasers of cathode ray tubes ("CRTs") against overlapping defendants.  Both of

13   these cases allege a conspiracy to fix, maintain, and inflate the prices of CRTs sold in the

14   United States.  Both actions define the class period as being January 1, 1995 to the present.

15       4.    Several of the defendants named in this action have yet to appear.

16   Civil Local Rule 3-12 requires that an Administrative Motion to Consider Whether Cases

17   Should be Related be promptly filed.  Accordingly, a stipulation could not be obtained prior

18   to filing this motion.

19       I declare under penalty of perjury under the laws of the State of California

20   that the foregoing is true and correct.  Executed this 25th day of February 2008 at San

21   Francisco, California.

22

23                                    /s/  Henry A. Cirillo
                                      Henry A. Cirillo

24

25

26

27

28   92217.1                              -1-

DECLARATION OF HENRY A. CIRILLO IN SUPPORT OF ADMINISTRATIVE MOTION TO
CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12 –
Case No. CV-07-5944 SC

# EXHIBIT A

1   Henry A. Cirillo (131527; hcirillo @furth.com)
    Thomas P. Dove (51921; tdove@furth.com)
2   Jonathan M. Watkins (196898; jwatkins@furth.com)
    Michael S. Christian (212716; mchristian@furth.com)
3   THE FURTH FIRM LLP
    225 Bush Street, 15th Floor
4   San Francisco, CA 94104-4249
    Telephone:    (415) 433-2070
5   Facsimile:    (415) 982-2076

6   Marvin A. Miller
    Lori A. Fanning
7   Matthew E. Van Tine
    MILLER LAW LLC
8   115 South LaSalle Street, Suite 2910
    Chicago, IL 60603
9   Telephone:    (312) 332-3400
    Facsimile:    (312) 676-2676
10
    Joseph M. Alioto (42680; sexton@aliotolaw.com)
11  ALIOTO LAW FIRM
    555 California Street, 31st Floor
12  San Francisco, CA 94104
    Telephone:    (415) 434-8900
13  Facsimile:    (415) 434-9200

14  Attorneys for Plaintiff and the Putative Class

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17  MARK PIERCE, on behalf of himself and all others   )
    similarly situated,                                 )  Case No.
18                                                      )
                      Plaintiff,                        )
19                                                      )
          v.                                            )
20                                                      )  **CLASS ACTION COMPLAINT**
    BEIJING-MATSUSHITA COLOR CRT                        )
21  COMPANY, LTD.; CHUNGHWA PICTURE                     )
    TUBES, LTD.; CHUNGHWA PICTURE TUBES                 )
22  (MALAYSIA) SDN. BHD.; HITACHI, LTD.;                )  **JURY TRIAL DEMANDED**
    HITACHI AMERICA, LTD.; HITACHI ASIA,                )
23  LTD.; IRICO GROUP CORPORATION; IRICO                )
    DISPLAY DEVICES CO., LTD.; LG                       )
24  ELECTRONICS, INC.; LP DISPLAYS                      )
    INTERNATIONAL, LTD.; MATSUSHITA                     )
25  ELECTRIC INDUSTRIAL CO., LTD.;                      )
    PANASONIC CORPORATION OF NORTH                      )
26  AMERICA; ORION ELECTRIC CO., LTD.;                  )
    ORION AMERICA, INC.; KONINKLIJKE                    )
27  PHILIPS ELECTRONICS N.V.; PHILIPS                   )
    ELECTRONICS NORTH AMERICA; SAMSUNG                  )
28  SDI CO., LTD.; SAMSUNG SDI AMERICA, INC.;           )

91247.1

CLASS ACTION COMPLAINT

SAMTEL COLOR, LTD.; THAI CRT COMPANY,  )
LTD.; TOSHIBA CORPORATION; and MT  )
PICTURE DISPLAY CO., LTD. a/k/a  )
MATSUSHITA TOSHIBA PICTURE DISPLAY  )
CO., LTD.,  )
                                            )

                    Defendants.

---

        Plaintiff, by his attorneys, brings this civil action for damages and injunctive

relief on behalf of himself and all others similarly situated against the above-named

Defendants, and demanding a trial by jury, complains and alleges as follows:

### JURISDICTION AND VENUE

        1.      This complaint is filed under Section 16 of the Clayton Act

(15 U.S.C. §26) to obtain injunctive relief for violations of Section 1 of the Sherman Act

(15 U.S.C. §1), to recover damages under state antitrust and consumer protection laws, and

to recover the costs of suit, including reasonable attorneys' fees, for the injuries that

Plaintiff and all others similarly situated sustained as a result of the Defendants' violations

of those laws.

        2.      The Court has jurisdiction over the federal claim under 28 U.S.C.

§§1331 and 1337.  The Court has jurisdiction over the state law claims under 28 U.S.C.

§1367 because those claims are so related to the federal claim that they form part of the

same case or controversy.  The Court also has jurisdiction over the state law claims under

28 U.S.C. §1332 because the amount in controversy for the Class exceeds $5,000,000, and

there are members of the Class who are citizens of a different state than the defendants.

        3.      Venue is proper in this District under 15 U.S.C. §22 and 28 U.S.C.

§1391 because defendants reside, transact business, or are found within this District, and a

substantial part of the events giving rise to the claims arose in this District.

        4.      The activities of the Defendants and their co-conspirators, as

described herein, were within the flow of, were intended to, and did have a substantial

effect on the foreign and interstate commerce of the United States.

CLASS ACTION COMPLAINT

## DEFINITIONS

5.      As used herein, the term Cathode Ray Tube ("CRT") means a specialized vacuum tube in which images are produced when an electron beam strikes a phosphorescent surface.  CRTs are most commonly used in televisions and computer monitors.

6.      As used herein, the term "Class Period" means the time period extending from at least January 1, 1995 through the present.

## THE PARTIES

**The Plaintiff**

7.      Plaintiff Mark Pierce, a New Hampshire resident, indirectly purchased a CRT (contained in a television) from one or more of the Defendants during the Class Period, for end use and not for resale, and was injured as a result of Defendants' illegal conduct.

**The Defendants**

8.      Defendant Beijing-Matsushita Color CRT Company, Ltd. ("BMCC") is a business entity organized under the laws of the People's Republic of China, with its principal place of business at No. 9 Juixianqiao North Road, Dashanzi Chaoyang District, Beijing, People's Republic of China.  During the Class Period, BMCC manufactured, sold and distributed CRTs to customers throughout the United States.

9.      Defendant Chunghwa Picture Tubes, Ltd. is a business entity organized under the laws of Taiwan, with its principal place of business at 1127 Heping Road, Bade City, Taoyuan, Taiwan.  During the Class Period, Chunghwa Picture Tubes, Ltd. manufactured, sold and distributed CRTs to customers throughout the United States.

10.     Defendant Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. ("Chunghwa Malaysia") is a business entity organized under the laws of Malaysia, with its principal place of business at Lot 1, Subang Hi-Tech Industrial Park, Batu Tiga, 4000 Shah Alam, Selangor Darul Ehsan, Malaysia.  Chunghwa Malaysia is a wholly-owned and

1    controlled subsidiary of Defendant Chunghwa Picture Tubes, Ltd. During the Class Period,

2    Chunghwa Malaysia manufactured, sold and distributed CRTs to customers throughout the

3    United States.

4            11.    Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Malaysia

5    are referred to collectively herein as "Chunghwa."

6            12.    Defendant Hitachi, Ltd. is a business entity organized under the laws

7    of Japan, with its principal place of business at 6-6, Marunouchi 1-chome, Chiyoda-ku,

8    Tokyo, 100-8280, Japan. During the Class Period, Hitachi, Ltd. manufactured, sold and

9    distributed CRTs to customers throughout the United States.

10           13.    Defendant Hitachi America, Ltd. ("Hitachi America") is a business

11   entity organized under the laws of New York, with its principal place of business at

12   2000 Sierra Point Parkway, Brisbane, California 94005. Hitachi America is a wholly-

13   owned and controlled subsidiary of Defendant Hitachi, Ltd. During the Class Period,

14   Hitachi America manufactured, sold and distributed CRTs to customers throughout the

15   United States.

16           14.    Defendant Hitachi Asia, Ltd. ("Hitachi Asia") is a business entity

17   organized under the laws of Singapore, with its principal place of business at 16 Collyer

18   Quay, #20-00 Hitachi Tower, Singapore 049318. Hitachi Asia is a wholly-owned and

19   controlled subsidiary of Defendant Hitachi, Ltd. During the Class Period, Hitachi Asia

20   manufactured, sold and distributed CRTs to customers throughout the United States.

21           15.    Defendant Irico Group Corporation is a business entity organized

22   under the laws of the People's Republic of China, with its principal place of business at

23   1 Caihong Road, Xianyang City, Shaanxi Province 712021, People's Republic of China.

24   During the Class Period, Irico Group Corporation manufactured, sold and distributed CRTs

25   to customers throughout the United States.

26           16.    Defendant Irico Display Devices Co., Ltd. ("Irico Display") is a

27   business entity organized under the laws of the People's Republic of China, with its

28
CLASS ACTION COMPLAINT

1   principal place of business at No. 16, Fenghui South Road West, District High-Tech

2   Development Zone, Xi'an, SX1 710075, People's Republic of China.  Irico Display is a

3   partially-owned subsidiary of Defendant Irico Group Corporation.  During the Class Period,

4   Irico Display manufactured, sold and distributed CRTs to customers throughout the United

5   States.

6          17.     Defendant LG Electronics, Inc. ("LG Electronics") is a business

7   entity organized under the laws of South Korea, with its principal place of business at LG

8   Twin Towers 20, Yeouido-dong, Yeongdeungpo-gu, Seoul, Korea 150-721.  During the

9   Class Period, LG Electronics manufactured, sold and distributed CRTs to customers

10   throughout the United States.

11          18.     Defendant LP Displays International, Ltd. ("LP Displays") is a

12   business entity organized under the laws of Hong Kong, with its principal place of business

13   at 6th Floor, ING Tower, 308 Des Voeux Road Central, Sheung Wan, Hong Kong, China.

14   During the Class Period, LP Displays manufactured, sold and distributed CRTs to

15   customers throughout the United States.

16          19.     Defendant Matsushita Electric Industrial Co., Ltd. ("Matsushita

17   Electric") is a business entity organized under the laws of Japan, with its principal place of

18   business at 1006, Oaza Kadoma, Kadoma-shi, Osaka 571-8501, Japan.  During the Class

19   Period, Matsushita Electric manufactured, sold and distributed CRTs to customers

20   throughout the United States including under the brand names Panasonic and JVC.

21          20.     Defendant Panasonic Corporation of North America ("Panasonic") is

22   a business entity organized under the laws of Delaware, with its principal place of business

23   at One Panasonic Way, Secaucus, New Jersey 07094.  Panasonic is a wholly-owned and

24   controlled subsidiary of Defendant Matsushita Electric.  During the Class Period, Panasonic

25   manufactured, sold and distributed CRTs to customers throughout the United States.

26          21.     Defendants Matsushita Electric and Panasonic are referred to

27   collectively herein as "Matsushita."

28
CLASS ACTION COMPLAINT

1        22.    Defendant Orion Electric Co., Ltd. is a business entity organized

2    under the laws of Japan, with its principal place of business at 41-1 Iehisa-cho Echizen-shi

3    Fukui 915-8555, Japan.  During the Class Period, Orion Electric Co., Ltd. manufactured,

4    sold and distributed CRTs to customers throughout the United States.

5        23.    Defendant Orion America, Inc. ("Orion America") is a business

6    entity organized under the laws of Indiana, with its principal place of business at

7    Highway 41 North, Orion Place, Princeton, Indiana 47670.  Orion America is a wholly-

8    owned and controlled subsidiary of Defendant Orion Electric Co., Ltd.  During the Class

9    Period, Orion America manufactured, sold and distributed CRTs to customers throughout

10   the United States.

11       24.    Defendant Koninklijke Philips Electronics N.V. ("Koninklijke

12   Philips") is a business entity organized under the laws of The Netherlands, with its principal

13   place of business at Breitner Center, Amstelplein 2, 1096 BC Amsterdam, The Netherlands.

14   During the Class Period, Koninklijke Philips manufactured, sold and distributed CRTs to

15   customers throughout the United States.

16       25.    Defendant Philips Electronics North America ("Philips North

17   America") is a business entity organized under the laws of Delaware, with its principal

18   place of business at 1251 Avenue of the Americas, New York, New York 10020.  Philips

19   North America is a wholly-owned and controlled subsidiary of Defendant Koninklijke

20   Philips.  During the Class Period, Philips North America manufactured, sold and distributed

21   CRTs to customers throughout the United States.

22       26.    Defendants Koninklijke Philips and Philips North America are

23   referred to collectively herein as "Philips."

24       27.    Defendant Samsung SDI Co., Ltd. ("Samsung SDI") is a business

25   entity organized under the laws of South Korea, with its principal place of business at 575

26   Shin-dong, Yeongtong-gu, Suwon, Gyeonggi-do, Korea 443-731.  During the Class Period,

27

28

91247.1                                    -5-

CLASS ACTION COMPLAINT

1   Samsung SDI manufactured, sold and distributed CRTs to customers throughout the United

2   States.

3      28. Defendant Samsung SDI America, Inc. ("Samsung SDI America") is

4   a business entity organized under the laws of California, with its principal place of business

5   at 3333 Michelson Drive, Suite 700, Irvine, California 92612.  Samsung SDI America is a

6   wholly-owned and controlled subsidiary of Defendant Samsung SDI.  During the Class

7   Period, Samsung SDI America manufactured, sold and distributed CRTs to customers

8   throughout the United States.

9      29. Defendants Samsung SDI and Samsung SDI America are referred to

10   collectively herein as "Samsung."

11      30. Defendant Samtel Color, Ltd. ("Samtel") is a business entity

12   organized under the laws of India, with its principal place of business at 52, Community

13   Centre, New Friends Colony, New Delhi 110065, India.  During the Class Period, Samtel

14   manufactured, sold and distributed CRTs to customers throughout the United States.

15      31. Defendant Thai CRT Company, Ltd. ("Thai CRT") is a business

16   entity organized under the laws of Thailand, with its principal place of business at 1/F

17   26 Siam Cement Road, Bangsue Dusit, Bangkok, Thailand.  Thai CRT is a subsidiary of

18   Siam Cement Group.  During the Class Period, Thai CRT sold and distributed CRTs to

19   customers throughout the United States.

20      32. Defendant Toshiba Corporation ("Toshiba") is a business entity

21   organized under the laws of Japan, with its principal place of business at 1-1, Shibaura 1-

22   chome, Minato-ku, Tokyo 105-8001, Japan.  During the Class Period, Toshiba

23   manufactured, sold and distributed CRTs to customers throughout the United States.

24      33. Defendant MT Picture Display Co., Ltd. a/k/a Matsushita Toshiba

25   Picture Display Co., Ltd. ("MT Picture Display") is a business entity organized under the

26   laws of Japan, with its principal place of business at 1-1, Saiwai-cho, Takatsuki City 569-

27   1193, Osaka, Japan.  MT Picture Display is a joint venture between Defendants Matsushita

28

1  Electric and Toshiba.  During the Class Period, MT Picture Display manufactured, sold and

2  distributed CRTs to customers throughout the United States.

3  **Co-Conspirators**

4         34.    Various others, presently unknown to Plaintiff, participated as co-

5  conspirators with the Defendants in the violations of law alleged in this Complaint and have

6  engaged in conduct and made statements in furtherance thereof.

7         35.    The acts charged in this Complaint have been done by Defendants and

8  their co-conspirators, or were authorized, ordered or done by their respective officers,

9  agents, employees or representatives while actively engaged in the management of each

10  Defendant's business or affairs.

11         36.    Each of the Defendants named herein acted as the agent or joint

12  venturer of or for the other Defendants with respect to the acts, violations and common

13  course of conduct alleged herein.

14                          **CLASS ACTION ALLEGATIONS**

15         37.    Plaintiff brings this suit as a class action pursuant Rules 23(b)(2) and

16  23(b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and a Plaintiff Class

17  ("the Class") composed of and defined as follows:

18         All persons and entities residing in the United States who, from
           January 1, 1995 through the present, indirectly purchased CRTs
19         manufactured by Defendants, and products containing CRTs
           manufactured by Defendants, in the United States for their own use
20         and not for resale.  Specifically excluded from this Class are the
           Defendants; the officers, directors or employees of any Defendant;
21         any entity in which any Defendant has a controlling interest; and any
           affiliate, legal representative, heir or assign of any Defendant.  Also
22         excluded are any federal, state or local governmental entities, any
           judicial officer presiding over this action and the members of his/her
23         immediate family and judicial staff, and any juror assigned to this
           action.
24

25         38.    This action has been brought and may be properly maintained as a

26  class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following

27  reasons:

28
   91247.1                                    -7-
   CLASS ACTION COMPLAINT

a.      The Class is ascertainable and there is a well-defined community of interest among the members of the Class;

b.      Based upon the nature of the trade and commerce involved and the number of indirect purchasers of CRTs and products containing CRTs, Plaintiff believes that the members of the Class number in the thousands and are geographically dispersed across the country so that that joinder of all Class members is not practicable; the identities of the members of the Class are not now known to Plaintiff but can be readily learned from Defendants' books and records and through other means of notification;

c.      Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff indirectly purchased products containing CRTs from one or more of the Defendants or their co-conspirators, and therefore Plaintiff's claims arise from the same common course of conduct giving rise to the claims of the members of the Class and the relief sought is common to the Class;

d.      The following common questions of law or fact, among others, exist as to the members of the Class:  whether Defendants formed and operated a combination or conspiracy to fix, raise, maintain or stabilize the prices of, or allocate the market for, CRTs;

i.      whether the combination or conspiracy caused CRT prices, and prices for products containing CRTs, to be higher than they would have been in the absence of Defendants' conduct;

ii.      the operative time period of Defendants' combination or conspiracy;

iii.      whether Defendants' conduct caused injury to the business or property of Plaintiff and the members of the Class;

iv.      the appropriate measure of the amount of damages suffered by the Class;

v.      whether Defendants' conduct violates Section 1 of the Sherman Act;

vi.   whether Defendants' conduct violates the antitrust, unfair competition, and consumer protection laws of the states as alleged below; and

vii.   the appropriate nature of class-wide equitable relief.

e.   These and other questions of law or fact which are common to the members of the Class predominate over any questions affecting only individual members of the Class;

f.   Plaintiff will fairly and adequately protect the interests of the Class in that Plaintiff has no interests that are antagonistic to other members of the Class and has retained counsel competent and experienced in the prosecution of class actions and antitrust litigation to represent himself and the Class;

g.   A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual joinder of all damaged Class members is impractical.  The damages suffered by individual Class members are relatively small, given the expense and burden of individual prosecution of the claims asserted in this litigation.  Thus, absent the availability of class action procedures, it would not be feasible for Class members to redress the wrongs done to them.  Even if the Class members could afford individual litigation, the court system could not.  Further, individual litigation presents the potential for inconsistent or contradictory judgments and would greatly magnify the delay and expense to all parties and to the court system.  Therefore, the class action device presents far fewer case management difficulties and will provide the benefits of unitary adjudication, economy of scale and comprehensive supervision by a single court;

h.   Defendants have acted, and refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole; and

CLASS ACTION COMPLAINT

1           i.     In the absence of a class action, Defendants would be unjustly

2    enriched because they would be able to retain the benefits and fruits of their

3    wrongful conduct.

4           39.     The claims in this case are also properly certifiable under the laws of

5    the individual states identified below in the Second and Third Claims for Relief.

6                          **NATURE OF TRADE AND COMMERCE**

7           40.     Throughout the Class Period, Defendants and their co-conspirators

8    engaged in the business of marketing and selling CRTs, as well as products containing

9    CRTs, throughout the United States.

10          41.     The market for the manufacture and sale of CRT Products is

11   conducive to the type of collusive activity alleged here.  That market is oligopolistic in

12   nature.  For example, one defendant alone, Philips, noted in a May 16, 2006 press release

13   that "LG.Philips Displays . . . produces one in every four television and computer monitor

14   tubes sold."  The other Defendants also all have significant market share.

15          42.     Some of these companies are known antitrust violators. Samsung, for

16   example, was fined $300 million by the United States Department of Justice ("DOJ") in

17   October of 2005 for participating in a conspiracy to fix prices for Dynamic Random Access

18   Memory. It is also under investigation by the DOJ (along with some of the other

19   Defendants) for fixing prices of Static Random Access Memory, Flash Memory, and Liquid

20   Crystal Displays (LCDs).

21          43.     The market for the manufacture and sale of CRTs is subject to high

22   manufacturing and technological barriers to entry.

23          44.     The CRT industry has also been subject to significant consolidation.

24          45.     Defendants sell their CRTs through various channels including to

25   manufacturers of electronic products and devices, and to resellers of CRTs.  These

26   electronic products and devices -- CRT Products -- are then sold, directly or indirectly, to

27   consumers and are not altered during the course of sale.

28

CLASS ACTION COMPLAINT

1          46.     California is the largest market in the world for CRT Products and is

2   the worldwide center of the PC industry and other industries that depend upon the CRT

3   market.  Statements concerning the prices and market conditions for CRTs were

4   disseminated by Defendants from and into California on a regular and continuous basis.

5                      **DEFENDANTS' ILLEGAL CONDUCT**

6          47.     Defendants and their co-conspirators have engaged in a contract,

7   combination, trust or conspiracy, the effect of which was to raise the prices at which they

8   sold CRTs to artificially inflated levels from at least January 1, 1995 through the present.

9          48.     Very recently, antitrust enforcement authorities in multiple countries

10  have begun investigating this unlawful cartel.

11         49.     On November 8, 2007, the European Commission stated in a press

12  release the following:

> "The European Commission can confirm that on 8th November
> 2007 Commission officials carried out unannounced inspections at
> the premises of manufacturers of cathode ray tubes (CRTs).
> Cathode ray tubes are used in television sets and computer
> monitors.  The Commission has reason to believe that the
> companies concerned may have violated EC Treaty rules on
> cartels and restrictive business practices (Article 81).
>
> The Commission officials were accompanied by their
> counterparts from the relevant national competition authorities.
>
> Surprise inspections are a preliminary step in investigations into
> suspected cartels . . ."

50.     Also on November 8, 2007, the Associated Press news agency

reported the following:

> "Japan's antitrust officials searched a subsidiary of Matsushita
> Electric Industrial Co. on suspicion of forming an international
> cartel to fix prices for cathode-ray tubes for television, an official
> and media reports said Friday.
>
> MT Picture Display Co., a 100 percent subsidiary of Matsushita,
> is suspected of fixing prices for CRTs with other manufacturers

in South Korea, Taiwan and Hong Kong, Japanese business daily
Nikkei reported Friday.

Antitrust officials in Japan, South Korea, the United States and the
European Union have begun investigations, the paper said . . .

Japan's Fair Trade Commission conducted an on-sight [sic]
inspection of MT Picture Display Thursday, said Akira Kadota, a
spokesman for Matsushita, the Osaka-based maker of Panasonic-
brand products . . .

Nikkei said the companies including South Korea's Samsung SDI
are suspected of forming a cartel around 2005 to keep the price of
CRTs from falling, citing unnamed officials."

51.     On November 8, 2007, the Bloomberg news agency further reported
the following:

"Japanese and European Union antitrust authorities carried out
raids at companies in the cathode-ray tube industry as part of a
price-fixing investigation . . . Japan's Fair Trade Commission
also began a probe of a joint venture between Matsushita Electric
Industrial Co. and Toshiba Corp., Munestsugu Takeda, a
spokesman for Matsushita, said by telephone . . .
Cathode-ray tubes are used in television sets and computer
monitors.  Matsushita and Toshiba merged their cathode-ray tube
units to form Matsushita Toshiba Picture Display Co. in 2003.
The companies said at the time that the joint venture was the
world's third-largest maker of television tubes."

52.     On November 9, 2007, the Agence France-Presse ("AFP") news
agency reported the following:

"South Korea's anti-trust watchdog has launched a probe into
Samsung SDI as part of an international investigation into alleged
price-fixing, officials said Friday.

The Fair Trade Commission is investigating allegations that
Samsung SDI colluded with foreign rivals to fix the prices of
cathode ray tubes (CRTs) for television.

"'It is part of an international probe into alleged price-fixing this
week.  We are cooperating with the Fair Trade Commission,' a
Samsung SDI spokesman told AFP."

53.     On November 12, 2007, Chunghwa announced via a filing with the Taiwan Stock Exchange that it received a summons from the United States Department of Justice relating to a CRT antitrust price-fixing investigation.

54.     On November 16, 2007, *BNA's Antitrust & Trade Regulation* reported that "Since 2005, [Japan Fair Trade Commission] sources alleged, MT Picture Display held 'tea parties' with Samsung and other manufacturers and exchanged information on picture tube prices in Asia and Europe."

55.     On November 21, 2007, Philips issued a press release and stated the following:

> "Competition law authorities in several jurisdictions have commenced investigations into possible anticompetitive activities in the Cathode-Ray Tubes, or CRT, industry.  Koninklijke Philips Electronics (NYSE:PHG, AEX: PHI) today announced that, as one of the companies that was active in the CRT business, it is subject to one or more of these ongoing investigations."

56.     Defendants, through their officers, directors and employees, effectuated the aforesaid contract, combination, trust or conspiracy between themselves and their co-conspirators by, among other things:

a.     participating in meetings and conversations, including through various trade associations and committees, to discuss the prices of CRTs in the United States;

b.     agreeing, during those meetings and conversations, to charge prices at specified levels and otherwise to increase and maintain prices of CRTs sold in the United States;

c.     issuing price announcements and quotations in accordance with the agreements reached; and

d.     selling CRTs to various customers in the United States at non-competitive prices.

1

## ACTIVE CONCEALMENT

2          57.     Throughout and beyond the conspiracy, Defendants and their co-

3   conspirators affirmatively and actively concealed their unlawful conduct from Plaintiff and

4   the Class.  Defendants and their co-conspirators conducted their conspiracy in secret and

5   kept it mostly within the confines of their higher-level executives.  Defendants and their co-

6   conspirators publicly provided pre-textual and false justifications regarding their price

7   increases.  Defendants and their co-conspirators conducted their conspiracy in secret,

8   concealed the true nature of their unlawful conduct and acts in furtherance thereof, and

9   actively concealed their activities through various other means and methods to avoid

10  detection.  Plaintiff did not discover, and could not have discovered through the exercise of

11  reasonable diligence, that Defendants and their co-conspirators were violating the antitrust

12  laws as alleged herein until shortly before this class action litigation was commenced.

13          58.     As a result of the active concealment of the conspiracy by Defendants

14  and their co-conspirators, any and all applicable statutes of limitations otherwise applicable

15  to the allegations herein have been tolled.

16

## VIOLATIONS ALLEGED

17

### First Claim for Relief

18

### (Violation of Section 1 of the Sherman Act)

19          59.     Plaintiff incorporates and re-alleges, as though fully set forth herein,

20  each and every allegation set forth in the preceding paragraphs of this Complaint.

21          60.     Beginning at a time presently unknown to Plaintiff, but at least as

22  early as January 1, 1995 and continuing through the present, the exact dates being unknown

23  to Plaintiff, Defendants and their co-conspirators entered into a continuing agreement,

24  understanding, and conspiracy in restraint of trade to artificially raise, fix, maintain, and/or

25  stabilize prices for CRTs in the United States, in violation of Section 1 of the Sherman Act

26  (15 U.S.C. §1).

27

28

61.     In formulating and carrying out the alleged agreement, understanding, and conspiracy, the Defendants and their co-conspirators did those things that they combined and conspired to do, including but not limited to the acts, practices, and course of conduct set forth above, and the following, among others:

a.     To fix, raise, maintain and stabilize the price of CRTs;

b.     To allocate markets for CRTs among themselves;

c.     To submit rigged bids for the award and performance of certain contracts for CRTs; and

d.     To allocate among themselves and collusively reduce the production of CRTs.

62.     The combination and conspiracy alleged herein has had the following effects, among others:

a.     Price competition in the sale of CRTs has been restrained, suppressed, and/or eliminated in the United States;

b.     Prices for CRTs sold by Defendants and their co-conspirators have been fixed, raised, maintained and stabilized at artificially high, non-competitive levels throughout the United States; and

c.     Those who purchased CRTs and products containing CRTS, directly or indirectly, from Defendants and their co-conspirators have been deprived of the benefits of free and open competition.

63.     Plaintiff and the Class have been injured and will continue to be injured in their business and property by paying more for CRTs, and products containing CRTs, purchased indirectly from the Defendants and their co-conspirators than they would have paid and will pay in the absence of the combination and conspiracy, including paying more for televisions and computer monitors and other products in which CRTs are a component as a result of higher prices paid for CRTs by the manufacturers of those products.

CLASS ACTION COMPLAINT

1        64.    Plaintiff and the Class are entitled to an injunction against Defendants,

2  preventing and restraining the violations alleged herein.

3                        **Second Claim for Relief**

4      **(Violation of State Antitrust and Unfair Competition Laws)**

5        65.    Plaintiff incorporates and re-alleges, as though fully set forth herein,

6  each and every allegation set forth in the preceding paragraphs of this Complaint.

7        66.    By reason of the foregoing, Defendants have entered into agreements

8  in restraint of trade in violation of Arizona Revised Stat. §§44-1401 *et seq.*

9        67.    By reason of the foregoing, Defendants have entered into agreements

10  in restraint of trade in violation of California Bus. & Prof. Code §§16700 *et seq.* and Cal.

11  Bus. & Prof. Code §§17200 *et seq.*

12        68.    By reason of the foregoing, Defendants have entered into agreements

13  in restraint of trade in violation of District of Columbia Code Ann. §§28-4503 *et seq.*

14        69.    By reason of the foregoing, Defendants have entered into agreements

15  in restraint of trade in violation of Hawaii Rev. Stat. §§480-1 *et seq.*

16        70.    By reason of the foregoing, Defendants have entered into agreements

17  in restraint of trade in violation of Iowa Code §§553.1 *et seq.*

18        71.    By reason of the foregoing, Defendants have entered into agreements

19  in restraint of trade in violation of Kansas Stat. Ann. §§50-101 *et seq.*

20        72.    By reason of the foregoing, Defendants have entered into agreements

21  in restraint of trade in violation of Maine Rev. Stat. Ann. 10, §§1101 *et seq.*

22        73.    By reason of the foregoing, Defendants have entered into agreements

23  in restraint of trade in violation of Michigan Comp. Laws. Ann. §§445.773 *et seq.*

24        74.    By reason of the foregoing, Defendants have entered into agreements

25  in restraint of trade in violation of Minnesota Stat. §§325D.52 *et seq.*

26        75.    By reason of the foregoing, Defendants have entered into agreements

27  in restraint of trade in violation of Mississippi Code Ann. §75-21-1 *et seq.*

28

1        76.    By reason of the foregoing, Defendants have entered into agreements

2  in restraint of trade in violation of Montana Code Ann. §§30-14-205 *et seq.*

3        77.    By reason of the foregoing, Defendants have entered into agreements

4  in restraint of trade in violation of Nebraska Rev. Stat. §§59-801 *et seq.*

5        78.    By reason of the foregoing, Defendants have entered into agreements

6  in restraint of trade in violation of Nevada Rev. Stat. Ann. §§598A *et seq.*

7        79.    By reason of the foregoing, Defendants have entered into agreements

8  in restraint of trade in violation of New Mexico Stat. Ann. §§57-1-1 *et seq.*

9        80.    By reason of the foregoing, Defendants have entered into agreements

10  in restraint of trade in violation of North Carolina Gen. Stat. §§75-1 *et seq.*

11        81.    By reason of the foregoing, Defendants have entered into agreements

12  in restraint of trade in violation of North Dakota Cent. Code §§51-08.1-01 *et seq.*

13        82.    By reason of the foregoing, Defendants have entered into agreements

14  in restraint of trade in violation of the Pennsylvania common law.

15        83.    By reason of the foregoing, Defendants have entered into agreements

16  in restraint of trade in violation of South Dakota Codified Laws Ann. §§37-1 *et seq.*

17        84.    By reason of the foregoing, Defendants have entered into agreements

18  in restraint of trade in violation of Tennessee Code Ann. §§47-25-101 *et seq.*

19        85.    By reason of the foregoing, Defendants have entered into agreements

20  in restraint of trade in violation of West Virginia §§47-18-1 *et seq.*

21        86.    By reason of the foregoing, Defendants have entered into agreements

22  in restraint of trade in violation of Wisconsin Stat. §§133.01 *et seq.*

23        87.    By reason of the foregoing, Defendants have entered into agreements

24  in restraint of trade in violation of Wyoming Stat. Ann. §§40-4-101 *et seq.*

25        88.    Class members in each of the states listed above paid *supra-*

26  competitive, artificially inflated prices for CRTs and products containing CRTs.  As a direct

27  and proximate result of Defendants' unlawful conduct, such members of the Class have

28

1   been injured in their business and property in that they paid more for CRTs and products

2   containing CRTs than they otherwise would have paid in the absence of Defendants'

3   unlawful conduct.

### Third Claim for Relief

### (Violation of State Consumer Protection and Unfair Competition Laws)

6       89.    Plaintiff incorporates and re-alleges, as though fully set forth herein,

7   each and every allegation set forth in the preceding paragraphs of this Complaint.

8       90.    Defendants engaged in unfair competition or unfair, unconscionable,

9   deceptive or fraudulent acts or practices in violation of the state consumer protection and

10  unfair competition statutes listed below.

11      91.    Defendants have engaged in unfair competition or unfair or deceptive

12  acts or practices in violation of California Bus. & Prof. Code §17200 *et seq.*

13      92.    Defendants have engaged in unfair competition or unfair or deceptive

14  acts or practices in violation of Florida Stat. §501.201 *et seq.*

15      93.    Defendants have engaged in unfair competition or unfair or deceptive

16  acts or practices in violation of Nebraska Rev. Stat. §59-1601 *et seq.*

17      94.    Defendants have engaged in unfair competition or unfair or deceptive

18  acts or practices in violation of New Hampshire Rev. Stat. §358-A:2 *et seq.*

19      95.    Defendants have engaged in unfair competition or unfair or deceptive

20  acts or practices in violation of New York Gen. Bus. Law §349 *et seq.*

21      96.    Defendants have engaged in unfair competition or unfair or deceptive

22  acts or practices in violation of 9 Vermont §2451 *et seq.*

23      97.    Class members in the states listed above paid supra-competitive,

24  artificially inflated prices for products containing CRTs.  As a direct and proximate result of

25  Defendants' unlawful conduct, Plaintiff and the Class have been injured in their business

26  and property in that they paid more for products containing CRTs than they otherwise

27  would have paid in the absence of Defendants' unlawful conduct.

28

CLASS ACTION COMPLAINT

**Fourth Claim for Relief**

**(Unjust Enrichment and Disgorgement of Profits)**

98.    Plaintiff incorporates and re-alleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

99.    Defendants have been unjustly enriched through overpayments by Plaintiff and Class members and the resulting profits.

100.    Under common law principles of unjust enrichment, Defendants should not be permitted to retain the benefits conferred via overpayments by Plaintiff and Class members.

101.    Plaintiff seeks disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiff and Class may seek restitution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1.    That the Court determine that the Sherman Act, state antitrust law, and state consumer protection and/or unfair competition law claims alleged herein may be maintained as a class action under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure;

2.    That the unlawful conduct, contract, conspiracy or combination alleged herein be adjudged and decreed to be:

a.    a restraint of trade or commerce in violation of Section 1 of the Sherman Act, as alleged in the First Claim for Relief;

b.    an unlawful combination, trust, agreement, understanding, and/or concert of action in violation of the state antitrust laws identified in the Second Claim for Relief herein;

c.    violations of the state consumer protection and unfair competition laws identified in the Third Claim for Relief herein; and

1    d.    acts of unjust enrichment as set forth in the Fourth Claim for Relief

2        herein.

3        3.    That Plaintiff and the Class recover damages, as provided by state

4    laws, and that a joint and several judgment in favor of Plaintiff and the Class be entered

5    against the Defendants in an amount to be trebled in accordance with such laws as

6    appropriate;

7        4.    That Defendants, their affiliates, successors, transferees, assignees,

8    and the officers, directors, partners, agents, and employees thereof, and all other persons

9    acting or claiming to act on their behalf, be permanently enjoined and restrained from in

10   any manner:  (1) continuing, maintaining, or renewing the conduct, contract, conspiracy or

11   combination alleged herein, or from entering into any other conspiracy alleged herein, or

12   from entering into any other contract, conspiracy or combination having a similar purpose

13   or effect, and from adopting or following any practice, plan, program, or device having a

14   similar purpose or effect; and (2) communicating or causing to be communicated to any

15   other person engaged in the sale of CRTs, information concerning bids of competitors;

16       5.    That Plaintiff be awarded restitution, including disgorgement of

17   profits obtained by Defendants as a result of their acts of unfair competition and acts of

18   unjust enrichment;

19       6.    That Plaintiff and the Class be awarded pre- and post-judgment

20   interest, and that that interest be awarded at the highest legal rate from and after the date of

21   service of the initial complaint in this action;

22       7.    That Plaintiff and the Class recover their costs of this suit, including

23   reasonable attorneys' fees as provided by law; and

24       8.    That Plaintiff and the Class have such other, further, and different

25   relief as the case may require and the Court may deem just and proper under the

26   circumstances.

27

28

CLASS ACTION COMPLAINT

Dated:  January 17, 2008

Respectfully submitted,

By: _____
Henry A. Cirillo
Thomas P. Dove
Jonathan M. Watkins
Michael S. Christian
THE FURTH FIRM LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104-4249
Telephone:  (415) 433-2070
Facsimile:   (415) 982-2076

Marvin A. Miller
Lori A. Fanning
Matthew E. Van Tine
MILLER LAW LLC
115 South LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone:    (312) 332-3400
Facsimile:    (312) 676-2676

Joseph M. Alioto
ALIOTO LAW FIRM
555 California Street, 31st Floor
San Francisco, CA 94104
Telephone:    (415) 434-8900
Facsimile:    (415) 434-9200

91247.1

-21-

CLASS ACTION COMPLAINT

1

## JURY TRIAL DEMAND

2          Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

3   demands a trial by jury for all issues so triable.

4   Dated:  January 17, 2008                    Respectfully submitted,

5

6                                    By: _____
                                          Henry A. Cirillo
7                                         Thomas P. Dove
                                          Jonathan M. Watkins
8                                         Michael S. Christian
                                          THE FURTH FIRM LLP
9                                         225 Bush Street, 15th Floor
                                          San Francisco, CA 94104-4249
10                                        Telephone:  (415) 433-2070
                                          Facsimile:  (415) 982-2076
11
                                          Marvin A. Miller
12                                        Lori A. Fanning
                                          Matthew E. Van Tine
13                                        MILLER LAW LLC
                                          115 South LaSalle Street, Suite 2910
14                                        Chicago, IL 60603
                                          Telephone:    (312) 332-3400
15                                        Facsimile:    (312) 676-2676

16                                        Joseph M. Alioto
                                          ALIOTO LAW FIRM
17                                        555 California Street, 31st Floor
                                          San Francisco, CA 94104
18                                        Telephone:    (415) 434-8900
                                          Facsimile:    (415) 434-9200

19

20

21

22

23

24

25

26

27

28

91247.1                                  -22-

CLASS ACTION COMPLAINT