Francis O. Scarpulla (41059)
Craig C. Corbitt (83251)
Matthew R. Schultz (220641)
Judith A. Zahid (215418)
Traviss L. Galloway (234678)
ZELLE, HOFMANN, VOELBEL, MASON
& GETTE LLP
44 Montgomery Street - Suite 3400
San Francisco, CA  94104
Telephone:      (415) 693-0700
Facsimile:       (415) 693-0770
fscarpulla@zelle.com
ccorbitt@zelle.com

Christopher Lovell
Craig M. Essenmacher
Keith Essenmacher
Imtiaz A. Siddiqui
LOVELL STEWART HALEBIAN LLP
500 Fifth Avenue, Floor 58
New York, NY  10110
Telephone:      (212) 608-1900
Facsimile:       (212) 719-4775
clovell@lshllp.com
cessenmacher@lshllp.com
kessenmacher@lshllp.com
isiddiqui@lshllp.com

*Attorneys for Plaintiffs and the Proposed
Interim Class Counsel for the Indirect-Purchaser Plaintiffs*

*[Additional Counsel Listed on Signature Page]*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. CV-07-5944 MDL No. 1917 |
| This Document Relates to: All Indirect-Purchaser Actions | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO APPOINT INTERIM CLASS COUNSEL FOR INDIRECT-PURCHASER PLAINTIFFS** |
| | DATE: APRIL 4, 2008 TIME: 10:00 A.M. COURTROOM: 1, 17TH FLOOR |
| | Honorable Samuel Conti |

1

## <u>TABLE OF CONTENTS</u>

2    I.   INTRODUCTION..................................................................................................1

3    II.  BACKGROUND AND PROCEDURAL HISTORY .......................................6

4    III. ARGUMENT ......................................................................................................8

5         A.  Rule 23(g) Requires a Court to Consider Experience, Knowledge and Resources in
              the Selection of Interim Class Counsel. ....................................................................8
6
         B.  The Proposed Interim Class Counsel for the Indirect-Purchaser Class Have Taken the
7             Lead in the Identification and Investigation of Potential Claims in this Litigation and
              In Organizing the Indirect Cases.............................................................................8
8
         C.  The Proposed Interim Class Counsel for the Indirect-Purchaser Plaintiffs Have
9             Substantial Experience Handling Complex Antitrust Litigation Cases, Are
              Knowledgeable Concerning the Applicable Law and Will Efficiently Prosecute This
10            Matter. ....................................................................................................10

11            1.  Zelle Hofmann................................................................................10

12            2.  Lovell Stewart .................................................................................12

13        D.  The Proposed Interim Class Counsel for the Indirect-Purchaser Class Have the
              Resources Necessary to Prosecute this Litigation ..................................................14
14
     IV. CONCLUSION ..............................................................................................15

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO APPOINT INTERIM
CLASS COUNSEL FOR INDIRECT-PURCHASER PLAINTIFFS

1

## TABLE OF AUTHORITIES

2  **Cases**

3  *Coleman v. General Motors Acceptance Corp.,*
4   220 F.R.D. 64 (M.D. Tenn. 2004)..........................................................................8

5  *Donaldson v. Pharmacia Pension Plan,*
   2006 WL 1308582 (S.D. Ill. May 10, 2006) .......................................................8

6  **Federal Rules**

7  Rule 23(g) of the Federal Rules of Civil Procedure..........................................1, 8

8  28 U.S.C. § 1407..................................................................................................7

9  **Other Authorities**

10 *Manual for Complex Litigation (Fourth),*
11  § 10.221 (2004)................................................................................................8, 9

12 Rule 23 of the Federal Rules of Civil Procedure
    Advisory Committee Notes (2003 Amendments) ..............................................8

13 *Report of the Third Circuit Task Force, Selection of Class Counsel,*
14  208 F.R.D. 340 (2002) ......................................................................................9

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO APPOINT INTERIM
CLASS COUNSEL FOR INDIRECT-PURCHASER PLAINTIFFS

1

## I.   **INTRODUCTION**

2

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the law firms of Zelle,

3 Hofmann, Voelbel, Mason & Gette, LLP ("Zelle Hofmann") and Lovell Stewart Halebian

4 LLP ("Lovell Stewart") respectfully submit this memorandum seeking appointment as

5 Interim Co-Lead Counsel for the Indirect-Purchaser Plaintiffs in *In re Cathode Ray Tube*

6 *(CRT) Antitrust Litigation* ("*CRTs*").  The timely appointment of Interim Class Counsel for

7 the Indirect-Purchaser Plaintiffs will assist in streamlining this complex litigation by ensuring

8 that appropriate representatives for the Indirect-Purchaser Plaintiffs have been designated,

9 and to engage in necessary discussions with the United States Department of Justice

10 ("DOJ"), which recently filed a motion to intervene,[1] as well as with counsel for the

11 Defendants.  The Lovell Stewart firm filed the <u>first</u> case in the country against the CRT

12 manufacturers, on behalf of an indirect-purchaser class; Zelle Hofmann filed the second case

13 on behalf of indirect purchasers shortly thereafter.

14

The Zelle Hofmann and Lovell Stewart firms are well qualified to serve as Interim

15 Class Counsel because they possess extensive experience in complex litigation and trials, and

16 have played similar leadership roles in some of the largest antitrust class actions in this

17 country, including several that are technology-intensive in this District.  Zelle Hofmann was

18 recently appointed by Judge Wilken as sole Lead Counsel on behalf of the Indirect-Purchaser

19 Plaintiffs in *In re Static Random Access Memory* (*SRAM*) *Antitrust Litig.*, MDL No. 07-1819

20 (N.D. Cal.) ("*SRAM*"), by Judge Illston as Co-Lead Counsel on behalf of the Indirect-

21 Purchaser Plaintiffs in *In re TFT-LCD* (*Flat Panel*) *Antitrust Litig.*, MDL No. 07-1827 (N.D.

22 Cal.) ("*LCDs*"), and by Judge Armstrong as Co-Lead Counsel on behalf of the Indirect-

23 Purchaser Plaintiffs in *In re Flash Memory Antitrust Litig.*, MDL No. 1852 (N.D. Cal.)

24 ("*Flash Memory*").  *See* Declaration of Francis O. Scarpulla In Support of Motion to Appoint

25 Interim Class Counsel for Indirect-Purchaser Plaintiffs, filed herewith ("Scarpulla Decl.")

26 ¶ 3, Exhibit C.

27

---

[1] For example, DOJ attorney, Jeane Hamilton, already contacted Zelle Hofmann partner, Francis Scarpulla, to

28 discuss the motion to intervene in this matter. Scarpulla Decl. ¶ 15.

Zelle Hofmann also successfully led litigation (including two jury trials) in several class actions against Microsoft Corporation: *Microsoft Corp. Antitrust Litig.*, No. 00-5994 (Hennepin Co. Dist. Ct., Minnesota), as Co-Lead; *Microsoft Corp. Antitrust Litig.*, No. CL 82311 (Polk Co. Dist. Ct., Iowa), as Co-Lead; *Microsoft Corp. Antitrust Litig.*, No. 05-CV-010927 (Milwaukee Co. Dist. Ct., Wisconsin), as Co-Lead; and *Microsoft Cases*, J.C.C.P. No. 4106 (San Francisco Superior Court), as Liaison Counsel and Chair of the Executive Committee. *Id.* at ¶ 4, Ex. C. Zelle Hofmann has also been appointed to other leadership positions in antitrust class actions arising out of non-technological markets, including serving as Co-Lead Counsel in both *In re Western States Wholesale Natural Gas Antitrust Litig.*, No. 2:03-cv-01431-PMP-PAL (D. Nev.), and *Issuer Public Offering Fee Antitrust Litig.*, Nos. 98-CIV 7890 (LMM) and 00-CIV 7804 (LMM). *See id.*

Lovell Stewart has also served as the court-appointed Lead Counsel or Co-Lead Counsel for plaintiffs in numerous large class action cases—several involving the technology markets—and including: *In re Microsoft Corp. Antitrust Litig.*, MDL No. 1332 (D.Md.), *In re Rambus Antitrust Litig.*, No. C 06-4852-RMW (N.D. Cal.), *In re Digital Music Antitrust Litig.*, 06 Civ. 1780 (LAP) (S.D.N.Y.), *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 471 (S.D.N.Y. 1998), *In re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393, 395 (S.D.N.Y. 1999), *Blatt v. Merrill Lynch Fenner & Smith Inc.*, 94 Civ. 2348 (JAG) (D.N.J.), *In re Soybeans Futures Litig.*, 89 Civ. 7009 (CRN) (N.D. Ill.), *Dennison v. BP Products North America, Inc.*, No. 06 C 3541 (N.D.Ill.), and *In re Auction Houses Antitrust Litig.*, No. 00 Civ. 0648 (LAK) (S.D.N.Y.). *See* Scarpulla Decl. ¶6, Ex. B.

Both firms have also actively participated (and continue to do so) in many other nationwide technology-intensive antitrust class actions, including the following multidistrict litigation matters: *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.,* MDL 1486 PJH (N.D. Cal.) (Zelle Hofmann is a member of the Executive Committee for the Indirect-Purchasers Plaintiffs; Lovell Stewart is a member of the Executive Committee for the Direct-Purchasers Plaintiffs), *LCDs* (Lovell Stewart is a member of the Indirect-Purchasers Plaintiffs' Working Group), *Flash Memory* (Lovell Stewart is a member of the

2

Executive Committee for the Indirect-Purchasers Plaintiffs), *In re Graphics Processing Units Antitrust Litig.*, MDL 1826 WHA (N.D. Cal.) (Zelle Hofmann and Lovell Stewart are contributing counsel on behalf of the Indirect-Purchasers Plaintiffs), *In re Intel Corp. Microprocessor Antitrust Litig.*, MDL No. 1717 (D. Del.) (Zelle Hofmann is Chair of the Committee for Third Party Discovery and the Experts). *See* Scarpulla Decl. ¶ 7. These firms have a collective depth of knowledge for litigating indirect-purchaser antitrust matters—particularly in technology industries—that is unsurpassed.

Both Zelle Hofmann and Lovell Stewart have unparalleled records of success in handling antitrust monopoly and price-fixing lawsuits on a national and international basis. Zelle Hofmann and its co-counsel in the cases listed below have achieved significant results in numerous indirect-purchaser antitrust cases, including:

- *Microsoft Cases*, J.C.C.P. No. 4106 (San Francisco Super. Ct.), an indirect-purchaser class action on behalf of an estimated fourteen million California consumers and businesses, obtained a settlement of $1.1 billion.

- *Microsoft Corp. Antitrust Litigation*, No. 00-5994 (Hennepin Co. Dist. Ct., Minnesota), a class action brought on behalf of indirect purchasers of Microsoft's operating systems, word processing and spreadsheet software, obtained a settlement for over $175 million after six weeks of trial;

- *Microsoft Corp. Antitrust Litigation*, No. 05-CV-010927 (Milwaukee Co. Dist. Ct., Wisconsin), a class action on behalf of indirect purchasers of Microsoft's operating systems, word processing and spreadsheet software, obtained a settlement for close to $224 million for consumers, businesses and governmental entities;

- *Microsoft Corp. Antitrust Litigation*, No. CL 82311 (Polk Co. Dist. Ct., Iowa), a class action on behalf of indirect purchasers of Microsoft's operating systems, word processing and spreadsheet software, obtained a settlement for close to $180 million for consumers and governmental entities after three months of trial;

- *Sullivan, et al. v. DB Investments, Inc., et al.*, No. 04-02819 SRC (D.N.Y.), a class action brought on behalf of diamond purchasers in the United States, obtained a settlement of $272.5 million for the indirect purchasers;

- *Smokeless Tobacco Cases I-IV*, J.C.C.P. Nos. 4250, 4258, 4259 & 4262 (San Francisco Super. Ct.), a class action brought on behalf of California consumers against manufacturers of leading brands of smokeless tobacco, with a settlement of $96 million for a certified class of California consumers;

- *California Natural Gas Antitrust Cases I, II, III, IV*, J.C.C.P. Nos. 4221, 4224, 4226 & 4228 (San Diego Co. Super. Ct.), a class action on behalf of

3

California residential and commercial purchasers of natural gas, with a partial settlements totaling approximately $160 million;

- ***In re Brand Name Prescription Drugs Antitrust Litig.,*** No. 94 C 897 (N.D. Ill.), a class action on behalf of retail pharmacies, with a settlement of $696,667,000 in cash, together with additional benefits; and

- ***In re Dynamic Random Access Memory (DRAM) Antitrust Litigation***, MDL 1486 PJH (N.D. Cal.), a nationwide class action brought on behalf of indirect purchasers of DRAM, with a partial settlement of $82.5 million.  (*See* Scarpulla Decl., Ex. C.)

Additionally, Zelle Hofmann is routinely retained by major companies to represent them individually as opt-outs in class antitrust lawsuits, e.g., Kellogg Company, Caterpillar, Carlisle, Sara Lee and Smithfield Foods.  The firm was recently retained to defend Conoco-Phillips and a major Chinese manufacturer of Vitamin C in currently pending complex litigation class actions.  *See* Scarpulla Decl. ¶ 5.

Lovell Stewart has also achieved significant results on behalf of plaintiffs in numerous antitrust and complex litigation cases, including:

- ***In re NASDAQ Market-Makers Antitrust Litig.,*** 187 F.R.D. 465, 471 (S.D.N.Y. 1998) a class action resulting in an "all-cash [$1.027 billion] settlement, achieved through 'four years of hard-fought litigation,' apparently is [at that time] the largest recovery (class action or otherwise) in the hundred year history of the state and federal antitrust laws.");

- ***In re Sumitomo Copper Litig.,*** 74 F. Supp. 2d 393, 395 (S.D.N.Y. 1999) a class action that led to a $134.6 million recovery which provided each claiming class member with more than 100¢ on the dollar of each investor's losses on a purchase-sale differential basis] is the largest class action recovery in the 75 plus year history of the Commodity Exchange Act");

- ***Blatt v. Merrill Lynch Fenner & Smith Inc.,*** 94 Civ. 2348 (JAG) (D.N.J.) a $76.5 million settlement  in 1997 of impermissible investment and related claims under the Investment Company Act, 15 U.S.C. §80a-1 et seq providing one hundred cents on the dollar exclusive of interest on plaintiffs' purchase-sale differential losses constituted "by far the largest settlement" of class claims under the Investment Company Act according to Securities Class Action Alert letter dated August 17, 2000);

- ***In re Air Cargo Shipping Services Antitrust Litig.,*** 06 MD 1775 (CBA) (E.D.N.Y.) where Lovell Stewart was appointed U.S. indirect purchaser co-lead counsel on claims alleging price fixing in violation of antitrust and consumer protection laws; so far, one of the thirty-seven defendants has agreed to settle claims for $85,000,000);

- ***In re Brand Name Prescription Drugs Antitrust Litig.,*** No. 94 C 897 (N.D. Ill.) where attorneys from Lovell Stewart performed extensive work on claims alleging price fixing in violation of antitrust laws and resulting in

4

settlement of $696,667,000 in cash, together with additional benefits, which constituted the second largest class action settlement to that point in the history of the federal antitrust laws;

- ***In re Auction Houses Antitrust Litig.,*** No. 00 Civ. 0648 (LAK) (S.D.N.Y.) where attorneys from Lovell Stewart prepared successful class motion and reply papers, and obtained certification of price-fixing claims in violation of the antitrust laws, later resulting in a settlement of $512,000,000);

- ***In re DRAM Antitrust Litig.***, MDL 1486 PJH (N.D. Cal.).  Lovell Stewart served on the Executive Committee in this class action which produced $312,000,000 in settlements for direct-purchaser class members.

- ***Leider v. Ralfe***, No. 01 Civ. 3137 (S.D.N.Y., transferred to D.N.J.).  Lovell Stewart filed the first action alleging price fixing and monopolization by DeBeers harming consumers in the diamond market in violation of the antitrust laws; the Firm prosecuted the case through the conclusion of an evidentiary hearing before settlement was reached, and serves as one of the consolidated class counsel; there is a proposed monetary settlement for $295,000,000 and, equally important, extensive injunctive relief;

- ***In re Natural Gas Commodities Litig.***, Master File No. 03 CV 6186 (VM) (S.D.N.Y.).  Lovell Stewart was appointed as co-lead counsel in a class action that resulted in over $100 million in settlements.  (*See* Scarpulla Decl. Ex. B.)

Both firms have already demonstrated their knowledge, desire and ability to take a leadership role in the *CRTs* action, as well as their commitment to advancing this litigation and working cooperatively with other counsel.  They were among the first to investigate the facts giving rise to the *CRTs* cases; Lovell Stewart filed the first *CRTs* case in the country.

In addition, these two firms are in a unique position to provide a great benefit to the Indirect-Purchaser Plaintiffs, based on an expertise gleaned from their leadership roles and participation in the related *LCDs* litigation (with its overlap of defendants, legal and factual issues, product markets, and channels of distribution).  Judge Breyer, of this Court, underscored the benefit that such substantial involvement in a related action can provide.  In *In re International Air Transportation Surcharge Antitrust Litig.*, No. M 06-01793 CRB, that "[a firm's] involvement in and knowledge of related litigation will be an asset to the plaintiff class in this litigation."  "Order Appointing Interim Class Counsel," attached to Scarpulla Decl. as Ex. G.  With Zelle Hofmann serving as the court-appointed Co-Lead counsel and Lovell Stewart serving as a member of the working group in the *LCDs* litigation, together

1   they provide the essential knowledge and expertise gained from their involvement in the

2   closely-related *LCDs* action to benefit the Indirect-Purchaser class in the same manner.

3         **II.**     <u>**BACKGROUND AND PROCEDURAL HISTORY**</u>

4         This multidistrict proceeding arises from the alleged price-fixing of cathode ray tubes

5   ("CRTs") and cathode ray tube products ("CRT Products"), including those used in

6   televisions, computer monitors, and other devices.  Before the advent of flat screen

7   technologies, such as LCDs and plasma screens, CRT technology was the standard in

8   televisions and computer monitors.  The market for CRTs and CRT Products lends itself to

9   collusive activity such as price-fixing:  it is oligopolistic and has extremely high

10  manufacturing and technological barriers to entry.  Defendants are foreign and domestic

11  manufacturers of CRTs and CRT Products and their affiliated companies.  Certain defendants

12  herein are also being investigated by government agencies from Japan, South Korea, the

13  European Union and the United States on a coordinated basis on suspicion that they formed

14  an international cartel to fix the prices for CRTs and CRT Products.  *See* Scarpulla Decl. ¶ 8.

15  Moreover, some of the Defendants in this action also are being investigated by the Antitrust

16  Division of the United States DOJ for engaging in anti-competitive activities in the markets

17  for SRAM, Flash Memory, and TFT-LCD products.  *See id.* at ¶ 9.  Finally, certain of the

18  Defendants were indicted for conspiring to fix DRAM prices.  *Id.*

19        The CRT market in the United States is and remains extremely large.  In 1997, the

20  worldwide CRT market exceeded $24 billion.  In 2006, industry experts estimated that

21  televisions containing CRTs made up at least half of all of the projected 29,000,000

22  televisions shipped to North America that year.  During the class period, the Defendants

23  collectively owned the majority of the market share for CRTs and CRT Products.  Despite

24  the emergence of new technologies such as Flat-Panel Displays which facilitates a sharp

25  decline in CRT demand, the price of CRTs and CRT products remained unnaturally high

26  throughout the class period.

27        Prior to the announcement that the DOJ was investigating the CRT market, Lovell

28  Stewart and Zelle Hofmann had been independently investigating the CRT market (among

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO APPOINT INTERIM
CLASS COUNSEL FOR INDIRECT-PURCHASER PLAINTIFFS

others) and its competitive participants and comparing and contrasting various aspects of the CRT market, including pricing, with other technology markets.  As a result, Lovell Stewart was able to file the first complaint in the nation; and Zelle Hofmann filed the second indirect-purchaser action shortly thereafter.  *See id.* at ¶ 10.  On or about November 8, 2007, news reports surfaced that CRT manufacturers were "suspected of holding meetings to discuss the price targets in Southeast Asian countries where CRT manufacturing bases are located." Another stated that "[t]he CRT manufacturers are suspected of operating an international cartel since 2005 or earlier."  It was about this point in time that government agencies from overseas and the United States each opened a coordinated investigation into the CRT manufacturers.

On November 13, 2007, Lovell Stewart filed *Kindt v. Matsushita Electric Industrial Co., Ltd.*, et al., No. 07-cv-10322 (S.D. N.Y.), the <u>first</u> complaint in the country, alleging a price-fixing conspiracy against the Defendants on behalf of indirect purchasers.  Scarpulla Decl. ¶ 2, Ex. A.  Zelle Hofmann filed the second indirect-purchaser complaint, *Juetten, et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 07-cv-06225 (N.D. Cal.), in this District shortly thereafter.  *Id.* at ¶ 2, Ex. B.

On February 15, 2008, the Judicial Panel on Multidistrict Litigation ("JPML") issued a Transfer Order.  *See id.* at Ex. E.  In the JPML's Transfer Order, the JPML found that all of the putative class actions relating to the alleged conspiracy to fix the prices of CRTs involved common questions of fact, and centralization under 28 U.S.C. § 1407 in this District would serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  According to the JPML Transfer Order, the *CRTs* consolidated proceeding consists of two lead cases (one if which is the Lovell Stewart case arising out of the Southern District of New York).  The JPML also noted that there were several tag-along cases across the country.  The JPML found that the centralization of these actions would eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary and ordered all actions consolidated in the Northern District of California before this Court.

## III.    ARGUMENT

**A.    Rule 23(g) Requires a Court to Consider Experience, Knowledge and Resources in the Selection of Interim Class Counsel.**

Rule 23(g) provides that a court "may designate Interim Class Counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(2)(A).  The goal of the Court in considering whom should be appointed Interim Class Counsel is to determine who will best represent the interests of the class, and who will be able to accomplish the goals of efficiency and economy in doing so.  *See Coleman v. General Motors Acceptance Corp.*, 220 F.R.D. 64, 100 (M.D. Tenn. 2004); *see also Manual for Complex Litigation (Fourth)* § 10.221 ("*Manual*").  Especially where there are multiple class actions pending, "appointment of class counsel is necessary to protect the interests of class members." *Donaldson v. Pharmacia Pension Plan*, 2006 WL 1308582, at *1 (S.D. Ill. May 10, 2006).

Rule 23 sets forth four factors to be considered when selecting Interim Class Counsel: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law and the field at issue; and (4) the resources counsel will commit to representing the class.  Fed. R. Civ. P. 23(g)(1)(C)(i).  No single factor is determinative; all factors should be considered.  *See* Fed. R. Civ. P. 23 advisory committee notes (2003 Amendments).  As set forth below, Zelle Hofmann and Lovell Stewart satisfy each of these criteria and are committed to fairly and adequately representing the interests of the class.

**B.    The Proposed Interim Class Counsel for the Indirect-Purchaser Class Have Taken the Lead in the Identification and Investigation of Potential Claims in this Litigation and In Organizing the Indirect Cases.**

The proposed Interim Indirect-Purchaser Class Counsel have an unparalleled familiarity with the issues and claims involved in this case as a result of their active representation of indirect purchasers in leadership roles in the *DRAM*, *SRAM*, *LCDs*, and *Flash Memory* actions presently pending in this District.  Both firms have investigated the

claims in *CRTs*, and are in the process of retaining economists and other experts to study the market.  In fact, many of the issues in the instant litigation are similar to those presented in the above-mentioned technology-intensive antitrust actions.  Some of the same manufacturers who are defendants in those actions are defendants here and some of the same executives who were involved in decision-making for those companies in those actions were also involved in decision-making relevant to this action.  The legal issues underlying the indirect-purchaser plaintiffs' state law claims are essentially the same.  Because of their extensive experience in litigating these nationwide antitrust actions, these two firms and their attorneys are well qualified both in the investigation and identification of key issues as well as their knowledge of the Defendants, industry, terminology, and witnesses who will be important to the case.

The *Manual* recognizes that there can be multiple lead counsel, liaison counsel and executive committees, particularly in large cases where disparate interests need to be represented.  *See Manual* § 10.221 .  The Third Circuit's Task Force Report on Selection of Class Counsel likewise states that a "court should be cognizant of the possibility that the class could benefit from the combined resources and expertise of a number of class counsel, especially in a complex case where the defendants are represented by a number of large and highly qualified law firms."  Report of the Third Circuit Task Force, Selection of Class Counsel, 208 F.R.D. 340, 417 (2002) (footnoted omitted).

*CRTs* presents this very type of case that would benefit from the leadership of <u>two</u> competent law firms—it is large in terms of the amount of commerce involved, the number and location throughout the world of the Defendants (with companies headquartered in China, India, Japan, Netherlands, Singapore, South Korea, Taiwan, and the United States), and the number of highly-qualified defense firms appearing on behalf of the Defendants.  *See* Scarpulla Decl. ¶ 11.  At present, there are 33 cases consolidated before this Court, at least 13 of which are Indirect-Purchaser actions.  *See id.* at ¶ 12, Ex. F.  At present, 38 Defendants have been named, all of whom are represented by large, experienced defense firms.  *See id.* at ¶ 13.  The Indirect-Purchaser cases filed thus far assert state antitrust or consumer protection

9

claims under 31 states' laws: Alaska, Arkansas, Arizona, California, the District of

Columbia, Florida, Hawaii, Idaho, Iowa, Kansas, Massachusetts, Maine, Michigan,

Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New

Mexico, New York, North Carolina, North Dakota, Rhode Island, South Carolina, South

Dakota, Tennessee, Vermont, West Virginia, and Wisconsin. *See id.* at ¶ 14. It is undeniable

that the factual and legal issues in this litigation are complex. The combined appointment of

Zelle Hofmann and Lovell Stewart would greatly benefit the Indirect-Purchaser Class by

ensuring a vigorous pursuit of this action against the Defendants, their counsel, and the

complex issues described above.

**C.    The Proposed Interim Class Counsel for the Indirect-Purchaser Plaintiffs Have Substantial Experience Handling Complex Antitrust Litigation Cases, Are Knowledgeable Concerning the Applicable Law and Will Efficiently Prosecute This Matter.**

### 1.    Zelle Hofmann

Zelle Hofmann attorneys have been practicing antitrust litigation and counseling

individual and corporate clients for 40 years. The firm represents plaintiffs and defendants in

price-fixing, monopolization, restraint of trade, and other commercial litigation, on behalf of

classes, individual clients, and major corporations. The firm has a national reputation for its

trial and litigation skills, as well as for resolving highly complex disputes. Zelle Hofmann

has over eighty attorneys in offices located in San Francisco, Minneapolis, Boston, Dallas,

and Washington, D.C. The firm handles complex litigation and disputes on a national and

international basis. *See* the Zelle Hofmann firm resume and the curriculum vitae of Mr.

Scarpulla and Mr. Corbitt, as well as Matthew Shultz, Judith Zahid and Traviss Galloway, all

attached as Ex. C to the Scarpulla Decl.

Members of Zelle Hofmann have also been selected to serve as Lead, Co-Lead,

Liaison, or as members of Executive Committees in numerous technology-intensive antitrust

cases that have recovered substantial damages for class members. A few representative cases

include: (1) *Microsoft Antitrust Litigation* (Cal. Super. Ct.) (Liaison Counsel and Chair of

Executive Committee; settled the case on the eve of trial for $1.1 billion); (2) *Microsoft*

*Antitrust Litigation* (Hennepin Co. Dist. Ct., Minn.) (Co-Lead counsel; settled the matter after six weeks at trial for $175 million); (3) *Microsoft Antitrust Litigation* (Polk Co. Dist. Ct., Iowa) (Co-Lead Counsel; reached a settlement close to $180 million after three months of trial); (4) *Microsoft Antitrust Litigation* (Milwaukee Co. Dist. Ct., Wis.) (Co-Lead Counsel; reached a settlement close to $224 million); (5) *DRAM* (N.D. Cal.) (Liaison Counsel); (6) *SRAM* (N.D. Cal.) (Interim Class Counsel and Liaison Counsel); (7) *TFT-LCDs* (N.D. Cal.) (Interim Co-Lead Counsel); and (8) *Flash Memory* (N.D. Cal) (Interim Co-Lead Counsel).

The Zelle Hofmann partners working on this litigation will include Francis O. Scarpulla and Craig Corbitt, both of whom are among the preeminent antitrust lawyers in the United States.  In his over 40 year career as a legal practitioner, Mr. Scarpulla has handled over 120 antitrust matters on behalf on corporate and individual plaintiffs.  Mr. Scarpulla was the pioneer in establishing the California laws governing Indirect-Purchaser class action litigation.  Mr. Scarpulla has also been a leader in federal antitrust cases throughout the nation, and was nominated by his fellow lawyers to the "Best Lawyers In America" listing. He was honored by being named the 2005 "Antitrust Attorney of the Year" by the Antitrust Section of the California State Bar.  Mr. Scarpulla served as chairman of the Antitrust and Trade Regulation Section of the State Bar of California in 1991, and is also an author of the Section's treatise.  *See* Scarpulla Decl. Ex. C.

Mr. Corbitt specializes in complex commercial litigation for both plaintiffs and defendants at the trial and appellate levels, particularly in the areas of antitrust, trade regulation, intellectual property, securities, and contracts.  Over the past twenty years, Mr. Corbitt has played a central role in dozens of major antitrust cases.  Mr. Corbitt has also been voted a four-time "Northern California Antitrust Super Lawyer" and is a member of the Advisory Board of the American Antitrust Institute in Washington, D.C.  Mr. Corbitt is also a member of the Executive Committee of the Antitrust and Trade Regulation Section of the State Bar of California.  *See id.*

1    In addition, attorneys Matthew Shultz, Judith Zahid, and Traviss Galloway will also

2  be devoting substantial time to this litigation.  Mr. Shultz is a partner at Zelle Hofmann, and

3  specializes in handling antitrust and complex litigation.  *See id.*  Ms. Zahid is an associate at

4  Zelle Hofmann, devoting her practice to antitrust and unfair competition cases.  *See id.*  Mr.

5  Galloway is an associate of the firm and concentrates his practice in antitrust and complex

6  litigation.  *See id.*

7    Zelle Hofmann's San Francisco office will have the support of its experienced and

8  dedicated antitrust lawyers from its Minneapolis office regarding this matter.  Partner Rick

9  Hagstrom is a former chief of the antitrust section for the Utah Attorney General's Office.

10  Mr. Hagstrom has defended and prosecuted numerous antitrust actions, including serving as

11  Co-Lead Counsel in the only two indirect-purchaser antitrust lawsuits against Microsoft

12  Corporation that went to trial.  Mr. Hagstrom was also named Minnesota Attorney of the

13  Year in 2005.  *See id.*  Partner Michael Jacobs is a former deputy Attorney General for the

14  Minnesota Attorney General's office.  Mr. Jacobs has considerable antitrust experience and

15  has been an integral part of the Zelle Hofmann's involvement in Microsoft indirect-purchaser

16  actions in Minnesota, Iowa and Wisconsin.  *See id.*

17                    **2.    Lovell Stewart**

18    Lovell Stewart has extensive class action and antitrust experience.  *See* the firm

19  resume for Lovell Stewart, attached as Ex. D to the Scarpulla Decl.  It obtained, as sole lead

20  or co-lead counsel, what were at the times of the settlements the largest class action

21  recoveries in the history of the Sherman Act, 15 U.S.C. § 1 *et seq.*, the Commodity Exchange

22  Act, 7 U.S.C. § 1 *et seq.*, and the Investment Company Act, 15 U.S.C. § 80a-1 *et seq.*  *See* In

23  re NASDAQ Market-Makers Antitrust Litig., (S.D.N.Y.) (as co-lead counsel, Lovell Stewart

24  achieved a $1.027 billion settlement); *In re Sumitomo Copper Litig.*, (S.D.N.Y.) (as lead

25  counsel, Lovell Stewart achieved a $134.6 million recovery on behalf of plaintiffs; *Blatt v.*

26  *Merrill Lynch Fenner & Smith Inc.*, (D.N.J.) (as co-lead counsel, Lovell Stewart settled on

27  behalf of plaintiffs $76.5 million).

28

Each of these three settlements provided claiming class members with a net recovery, after deducting for all attorneys fees and costs, of 100¢ on the dollar of their losses (exclusive of prejudgment interest).  *See id.*; s*ee also In re Soybeans Futures Litig.,* 89 Civ. 7009 (CRN) (N.D. Ill.)  (Lovell served as chairman of co-lead counsel in this class action which also resulted in 100¢ on the dollar damages to claiming class members, after all attorneys' fees and costs had been paid and exclusive of prejudgment interest).

Lovell Stewart's attorneys have served as lead counsel, co-lead counsel, executive committee members or interim class counsel in numerous other class actions involving indirect and direct purchaser claims under federal and state antitrust laws.  *See* Scarpulla Decl. Ex. D.  The Lovell Stewart attorneys which handled these antitrust cases have more than one hundred years of antitrust litigation experience and will be personally handling this litigation.  *See id.*

These attorneys include Lovell Stewart's founding partner, Christopher Lovell, who has been prosecuting or defending antitrust actions for thirty plus years.  Mr. Lovell has tried over 60 cases, first defended a commodity manipulation case in 1979, first tried and won an antitrust price fixing verdict in 1983,[2] and recently presented to the United States Supreme Court the respondents' entire thirty-minute argument in *Credit Suisse First Boston Ltd. v. Billing*, No. 01 Civ. 2014 (WHP) (S.D.N.Y.), 287 F.Supp.2d 497, *vacated and remanded*, 426 F.3d 130 (2d Cir. 2005) ("epic Wall Street conspiracy"); *petition for certiorari granted* December 7, 2006, *reversed*, 127 S.Ct. 2383 (June 18, 2007).  *See* http://www.supremecourtus.gov/oral_arguments/argument_transcripts/05-1157.pdf; *see also* "J.P. Morgan Agrees To Settle IPO Case," The Wall Street Journal, April 12, 2006, at C-4 (announcing signing of Memorandum of Understanding to settle this action and numerous related securities law actions against one of the twelve defendants for $425,000,000).  *See*

---

[2] *Strobl v. New York Mercantile Exch.*, 582 F. Supp. 770 (S.D.N.Y. 1984) *aff'd*, 708 F.2d 22 (2d Cir. 1985) (after the Department of Justice decided not to bring price-fixing claims under the federal antitrust laws and after the Commodity Futures Trading Commission lost a trial seeking to prove manipulation, Christopher Lovell tried and won claims for price-fixing and manipulation in a three week jury trial before the Honorable Lloyd F. MaMahon).

Scarpulla Decl. Ex. D. Mr. Lovell has also spoken at numerous conferences hosted by the American Bar Association, the New York State Bar Association or the Practising Law Institute relating to antitrust laws, including issues relating to indirect purchasers.

The firm also includes senior partners Gary Jacobson, who has been prosecuting or defending antitrust action for almost thirty years, and Peggy Wedgworth, who has been prosecuting antitrust class action cases for more than fifteen years and recently was a panelist relating to indirect-purchaser standing issues at the New York State Bar Association Antitrust Annual Meeting. *See id*. Such attorneys' performance was praised in various class actions over the last twenty-five years. For example, the Honorable Milton H. Pollack, a former class action lawyer, had been on the bench for more than thirty-five years in the Southern District of New York when he made the following comments:

> The unprecedented effort of Counsel exhibited in this case led to their successful settlement efforts and its vast results. Settlement posed a saga in and of itself and required enormous time, skill and persistence. Much of that phase of the case came within the direct knowledge and appreciation of the Court itself. Suffice it to say, the Plaintiffs' counsel did not have an easy path and their services in this regard are best measured in the enormous recoveries that were achieved under trying circumstances in the face of virtually overwhelming resistance. *In re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393, 396 (S.D.N.Y. 1999).

The same expertise will be brought to bear in the instant litigation. Additionally, attorneys Craig Essenmacher and Imtiaz Siddiqui will also be devoting substantial time to this litigation. Mr. Essenmacher is a Partner at Lovell Stewart, and specializes in handling antitrust and other complex litigation. *See* Scarpulla Decl., Ex. D. Mr. Siddiqui is an associate at Lovell Stewart, devoting is practice to antitrust and securities cases. *See id*.

**D.** **The Proposed Interim Class Counsel for the Indirect-Purchaser Class Have the Resources Necessary to Prosecute this Litigation**

Together, Zelle Hofmann and Lovell Stewart possess exemplary experience and resources with over 100 attorneys in offices across the country, and have sufficient liquid assets to finance the litigation. As noted above, these firms have performed substantial work

14

in investigating the merits of this case, and have the resources to continue to advance these

related cases through motion practice, discovery, and trial.  In addition, these firms

collectively have had enormous experience and success in prosecuting antitrust class actions,

particularly on behalf of indirect purchasers and largely in the technologically-intensive

markets.

## IV.   CONCLUSION

For the foregoing reasons, Zelle Hofmann and Lovell Stewart respectfully request

appointment as Interim Class Counsel for the Indirect-Purchaser Plaintiffs in the *CRTs*

action.

Dated:  February 25, 2008                          Respectfully submitted,

                                                   By:    */s/Craig C. Corbitt*
                                                   Francis O. Scarpulla (41059)
                                                   Craig C. Corbitt (83251)
                                                   Matthew R. Schultz (220641)
                                                   Judith A. Zahid (215418)
                                                   Traviss L. Galloway (234678)
                                                   ZELLE, HOFMANN, VOELBEL, MASON
                                                   & GETTE LLP
                                                   44 Montgomery Street - Suite 3400
                                                   San Francisco, CA  94104
                                                   Telephone:     (415) 693-0700
                                                   Facsimile:      (415) 693-0770
                                                   fscarpulla@zelle.com
                                                   ccorbitt@zelle.com

                                                   Christopher Lovell
                                                   Craig M. Essenmacher
                                                   Keith Essenmacher
                                                   Imtiaz A. Siddiqui
                                                   LOVELL STEWART HALEBIAN LLP
                                                   500 Fifth Avenue, Floor 58
                                                   New York, NY  10110
                                                   Telephone:     (212) 608-1900
                                                   Facsimile:      (212) 719-4775
                                                   clovell@lshllp.com
                                                   cessenmacher@lshllp.com
                                                   kessenmacher@lshllp.com
                                                   isiddiqui@lshllp.com

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO APPOINT INTERIM
CLASS COUNSEL FOR INDIRECT-PURCHASER PLAINTIFFS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Richard M. Hagstrom
Michael E. Jacobs
ZELLE, HOFMANN, VOELBEL, MASON
& GETTE LLP
500 Washington Ave. South, Suite 400
Minneapolis, MN  55415
Telephone:        (612) 339-2020
Facsimile:        (612) 336-9100
rhagstrom@zelle.com
mjacobs@zelle.com

*Attorneys for Plaintiffs and the Proposed*
*Interim Class Counsel for the Indirect-*
*Purchaser Plaintiffs*

#3172352v1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO APPOINT INTERIM
CLASS COUNSEL FOR INDIRECT-PURCHASER PLAINTIFFS