Francis O. Scarpulla (41059)
Craig C. Corbitt (83251)
Matthew R. Schultz (220641)
Judith A. Zahid (215418)
Traviss L. Galloway (234678)
ZELLE, HOFMANN, VOELBEL, MASON
& GETTE LLP
44 Montgomery Street - Suite 3400
San Francisco, CA  94104
Telephone:       (415) 693-0700
Facsimile:        (415) 693-0770
fscarpulla@zelle.com
ccorbitt@zelle.com

Christopher Lovell
Craig M. Essenmacher
Keith Essenmacher
Imtiaz A. Siddiqui
LOVELL STEWART HALEBIAN LLP
500 Fifth Avenue, Floor 58
New York, NY  10110
Telephone:       (212) 608-1900
Facsimile:        (212) 719-4775
clovell@lshllp.com
cessenmacher@lshllp.com
kessenmacher@lshllp.com
isiddiqui@lshllp.com

*Attorneys for Plaintiffs and the Proposed
Interim Class Counsel for the Indirect-Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br>All Indirect-Purchaser Actions. | No. 07-5944-SC<br>MDL No. 1917<br><br>**DECLARATION OF FRANCIS O. SCARPULLA IN SUPPORT OF MOTION TO APPOINT INTERIM CLASS COUNSEL FOR INDIRECT-PURCHASER PLAINTIFFS**<br><br>DATE: APRIL 4, 2008<br>TIME: 10:00 A.M.<br>COURTROOM: 1, 17TH FLOOR<br><br>Honorable Samuel Conti |

1

DECLARATION OF FRANCIS O. SCARPULLA IN SUPPORT OF MOTION TO APPOINT INTERIM
CLASS COUNSEL FOR INDIRECT-PURCHASER PLAINTIFFS

I, Francis O. Scarpulla, declare as follows:

1. I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am a partner of the law firm of Zelle Hofmann Voelbel Mason & Gette, LLP ("Zelle Hofmann"), and my firm, along with others, serves as attorneys of record for Indirect-Purchaser Plaintiffs, Michael Juetten and Chad Klebs. The matters set forth herein are within my personal knowledge except as to those facts which I state upon information and belief, as to which I believe them to be true. If called upon and sworn as a witness I could competently testify regarding them. I make this declaration pursuant to Title 28 United States Code, Section 1746.

2. On November 13, 2007, Lovell Stewart Halebian, LLP ("Lovell Stewart") filed the first case in the country, entitled *Kindt v. Matsushita Electric Industrial Co., Ltd., et al.,* No. 07-cv-10322 (S.D. N.Y.), alleging a price-fixing conspiracy against the defendants on behalf of indirect purchasers. Zelle Hofmann filed *Juetten, et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 07-cv-06225 (N.D. Cal.) on December 10, 2007. Attached hereto as Exhibits A and B are true and correct copies of the complaints.

3. Zelle Hofmann was recently appointed by Judge Wilken as sole Lead Counsel on behalf of the Indirect-Purchaser Plaintiffs in *In re Static Random Access Memory* (*SRAM*) *Antitrust Litig.*, MDL No. 07-1819 (N.D. Cal.) ("*SRAM*"), by Judge Illston as Co-Lead Counsel on behalf of the Indirect-Purchaser Plaintiffs in *In re TFT-LCD* (*Flat Panel*) *Antitrust Litig.*, MDL No. 07-1827 (N.D. Cal.) ("*LCDs*"), and by Judge Armstrong as Co-Lead Counsel on behalf of the Indirect-Purchaser Plaintiffs in *In re Flash Memory Antitrust Litig.*, MDL No. 1852 (N.D. Cal.) ("*Flash Memory*").

4. Zelle Hofmann has also successfully litigated multiple actions against Microsoft Corporation; and has been appointed to other leadership positions in antitrust class actions arising out of non-technological markets, including serving as Co-Lead Counsel in both *In re Western States Wholesale Natural Gas Antitrust Litig.*, No. 2:03-cv-01431-PMP-

PAL (D. Nev.), and *Issuer Public Offering Fee Antitrust Litig.*, Nos. 98-CIV 7890 (LMM) and 00-CIV 7804 (LMM).

5. Zelle Hofmann is routinely retained by major companies to represent them individually as opt-outs in class antitrust lawsuits, e.g., Kellogg Company, Caterpillar, Carlisle, Sara Lee and Smithfield Foods. The firm was recently retained to defend Conoco-Phillips and a major Chinese manufacturer of Vitamin C in currently pending complex litigation class actions.

6. Lovell Stewart has served as the court-appointed Lead Counsel or Co-Lead Counsel for plaintiffs in the following class action cases: *In re Microsoft Corp. Antitrust Litig.*, MDL No. 1332 (D.Md.), *In re Rambus Antitrust Litig.*, No. C 06-4852-RMW (N.D. Cal.), *In re Digital Music Antitrust Litig.*, 06 Civ. 1780 (LAP) (S.D.N.Y.), *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 471 (S.D.N.Y. 1998), *In re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393, 395 (S.D.N.Y. 1999), *Blatt v. Merrill Lynch Fenner & Smith Inc.*, 94 Civ. 2348 (JAG) (D.N.J.), *In re Soybeans Futures Litig.*, 89 Civ. 7009 (CRN) (N.D. Ill.), *Dennison v. BP Products North America, Inc.*, No. 06 C 3541 (N.D.Ill.), and *In re Auction Houses Antitrust Litig.*, No. 00 Civ. 0648 (LAK) (S.D.N.Y.).

7. Both firms participate, as noted, in the following multidistrict litigation matters: *In re Dynamic Random Access Memory* (*DRAM*) *Antitrust Litig.,* MDL 1486 PJH (N.D. Cal.) (Zelle Hofmann is a member of the Executive Committee for the Indirect-Purchasers Plaintiffs; Lovell Stewart is a member of the Executive Committee for the Direct-Purchasers Plaintiffs), *LCDs* (Lovell Stewart is a member of the Indirect-Purchasers Plaintiffs' Working Group), *Flash Memory* (Lovell Stewart is a member of the Executive Committee for the Indirect-Purchasers Plaintiffs), *In re Graphics Processing Units Antitrust Litig.*, MDL 1826 WHA (N.D. Cal.) (Zelle Hofmann and Lovell Stewart are contributing counsel on behalf of the Indirect-Purchasers Plaintiffs), *In re Intel Corp. Microprocessor Antitrust Litig.*, MDL No. 1717 (D. Del.) (Zelle Hofmann is Chair of the Committee for Third Party Discovery and the Experts).

8. Upon information and belief, certain Defendants are also being investigated by government agencies from Japan, South Korea, the European Union and the United States on a coordinated basis on suspicion that they formed an international cartel to fix prices for CRTs and CRT Products.

9. Upon information and belief, some of the Defendants in this action are also being investigated by the Antitrust Division of the United States Department of Justice for engaging in anti-competitive activities in the markets for SRAM, Flash Memory, and TFT-LCD products. Certain of the Defendants were indicted for conspiring to fix DRAM prices.

10. Prior to the announcement that the DOJ was investigating the CRT market, Lovell Stewart and Zelle Hofmann had been independently investigating the CRT market (among others) and its competitive participants and comparing and contrasting various aspects of the CRT market, including pricing, with other technology markets. As a result, Lovell Stewart was able to file the first complaint in the nation; and Zelle Hofmann filed the second indirect-purchaser action shortly thereafter.

11. This litigation involves a large amount of commerce sold by the Defendants, who have headquarters in China, India, Japan, Netherlands, Singapore, South Korea, Taiwan, and the United States; and who have retained highly-qualified law firms to defend them in this action.

12. There are 33 cases filed that have been consolidated, or are anticipated to be consolidated, before this Court, at least 13 of which are Indirect-Purchaser actions.

13. At present, 38 Defendants have been named.

14. The Indirect-Purchaser cases filed thus far assert state antitrust or consumer protection claims under 31 states' laws: Alaska, Arkansas, Arizona, California, the District of Columbia, Florida, Hawaii, Idaho, Iowa, Kansas, Massachusetts, Maine, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Rhode Island, South Carolina, South Dakota, Tennessee, Vermont, West Virginia, and Wisconsin.

15. I was contacted by a representative for the Department of Justice to discuss its proposed motion to intervene. *See* "Declaration of Jeane Hamilton in Support of the United State's Motion to Intervene," ¶¶ 4, 7, filed in this action on February 21, 2008. I informed the government representative that I did not oppose the motion and would file a notice of non-opposition thereto. I also suggested that if the DOJ let me know the scope of the stay it was seeking, I would take it up with the Indirect-Purchaser Plaintiffs' counsel. Finally, I stated that if the requested stay was of the *SRAM*-type, rather than the almost complete stay sought by the DOJ in the *LCD* litigation, the Indirect-Purchaser Plaintiffs, subject to the Court's approval, might be willing to stipulate to such a limited stay.

16. Attached hereto as Exhibit C is a true and correct copy of the firm resume of Zelle Hofmann.

17. Attached hereto as Exhibit D is a true and correct copy of the firm resume of Lovell Stewart.

18. Attached hereto as Exhibit E is a true and correct copy of the "Transfer Order" issued by the Judicial Panel on Multidistrict Litigation on February 15, 2008.

19. Attached hereto as Exhibit F is a true and correct copy of a chart setting forth the *CRT Antitrust Litigation* cases filed, as of February 25, 2008.

20. Attached hereto as Exhibit G is a true and correct copy of "Order Appointing Interim Class Counsel," entered in *In re International Air Transportation Surcharge Antitrust Litig.*, No. M 06-01793 CRB, on December 18, 2006.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 25th day of February 2008, in San Francisco, California.

       /s/Francis O. Scarpulla
       Francis O. Scarpulla

3172280v1

5

DECLARATION OF FRANCIS O. SCARPULLA IN SUPPORT OF MOTION TO APPOINT INTERIM CLASS COUNSEL FOR INDIRECT-PURCHASER PLAINTIFFS