# Exhibit D

## LOVELL STEWART HALEBIAN LLP

Lovell Stewart Halebian LLP and its predecessors (collectively the "Firm") have focused on class actions under the antitrust laws, the securities laws, and the Commodity Exchange Act.

The Firm is the only firm of which we know that has obtained, as sole lead counsel or co-lead counsel, what were at the times, the largest class action settlements in the history of each of the foregoing federal statutes. *See In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 471 (S.D.N.Y. 1998) ("[T]his all-cash settlement [for $1,027,000,000], achieved through 'four years of hard-fought litigation,' apparently is the largest recovery (class action or otherwise) in the hundred year history of the state and federal antitrust laws."); *In re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393, 395 (S.D.N.Y. 1999) ("The recovery is the largest class action recovery in the 75 plus year history of the Commodity Exchange Act"); *Blatt v. Merrill Lynch Fenner & Smith Inc.*, 94 Civ. 2348 (JAG) (D.N.J.) ("by far the largest settlement" of class action claims under the Investment Company Act, *Securities Class Action Alert* letter dated August 17, 2000).

More important, in each of the foregoing settlements, as well as other class action settlements achieved by the Firm,[1] claiming class members received, after payment of all attorneys' fees and costs had been deducted, 100 cents on the dollar for their single (non-trebled) damages exclusive of prejudgment interest.

With regard to antitrust experience, the Firm has prosecuted the following notable cases:

(1) The Firm is one of the very few firms to try and to win a verdict on claims for price-fixing in violation of the antitrust laws in a federal court in New York. *Strobl v. New York*

---

[1] *E.g., In re Soybeans Futures Litig.,* 89 Civ. 7009 (CRN) (N.D.Ill.)  (the Firm served as Chairman of Co-Lead Counsel in this class action which provided claiming class members, after all attorneys' fees and costs had been paid, with all losses due under plaintiffs' expert's formula (exclusive of prejudgment interest)).

1

*Mercantile Exchange*, 582 F. Supp. 770 (S.D.N.Y. 1984), *aff'd*, 768 F.2d 22 (2d Cir. 1985) ("*Strobl*"). In *Strobl*, after the Department of Justice decided not to bring price-fixing claims under the federal antitrust laws, and after the Commodity Futures Trading Commission lost a trial seeking to prove commodity manipulation, the Firm tried and won claims for price-fixing and manipulation in a three week jury trial before the Honorable Lloyd F. MacMahon. *Id.*

(2)     In *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 471 (S.D.N.Y. 1998), the Firm filed the first case and was appointed one of four co-lead counsel on claims for price-fixing. The class counsel obtained the largest class action settlement (up to that time) in the history of the antitrust laws, $1,027,000,000. According to plaintiffs' experts and due to the absence of any reversionary terms in the settlement agreements, this settlement produced a pay-out to class members, after deducting all attorneys' fees and costs, that equaled their single (non-trebled) damages.

(3)     Christopher Lovell recently presented Respondents' entire thirty minute argument to the United States Supreme Court in *Billing v. Credit Suisse First Boston Ltd., et al.*, No. 01 Civ. 2014 (WHP) (S.D.N.Y.)  In this case, the Firm was appointed Chairman of co-lead counsel to prosecute claims for price-fixing in the securities markets in alleged violation of the antitrust laws. *See Billing v. Credit Suisse First Boston Ltd.*, 287 F.Supp.2d 497 (S.D.N.Y. 2003) (dismissing complaint), vacated, 426 F.3d 130 (2d Cir. 2005) (vacating dismissal and remanding for further proceedings), reversed, 127 S.Ct. 2383 (2007); *see also* "J.P. Morgan Agrees To Settle IPO Case," *The Wall Street Journal*, April 12, 2006, at C-4 (announcing signing of Memorandum of Understanding to settle this action and numerous related actions against one of the twelve defendants for $425,000,000).

Although there are many other law firms that have done plaintiffs' work in antitrust cases, there are very few (if any) class action firms, besides this Firm, that have tried and won a price fixing case in a New York federal court, and relatively few class action firms that have argued an appeal to the United States Supreme Court in an antitrust case.

(4) *In re Brand Name Prescription Drugs Antitrust Litigation*, No. 94 C 897 (N.D.Ill.). Attorneys in the firm served on the Executive Committee and performed extensive work on claims alleging price fixing in violation of antitrust laws and resulting in settlement of $696,667,000 in cash, together with additional benefits. This constituted the second largest class action settlement to that point in the history of the federal antitrust laws.

(5) *In re Auction Houses Antitrust Litigation*, No. 00 Civ. 0648 (LAK) (S.D.N.Y.). As interim co-lead counsel, the Firm prepared the consolidated complaint and the successful class motion and reply papers, winning certification of price-fixing claims in violation of the antitrust laws. Without further pleading or contested litigation, and after an attorneys fee auction resulted in the appointment of a new class counsel, the class certified by this Firm's efforts obtained a settlement of $512,000,000.

(6) *In re Dynamic Random Access Memory ("DRAM") Antitrust Litigation*, MDL No. 1486 (N.D.Cal.). The Firm was appointed to the Executive Committee on these class action claims alleging price-fixing of computer memory in violation of the federal antitrust laws. The claims have resulted in settlements of $313,000,000.

(7) *Leider v. Ralfe*, No. 01 Civ. 3137 (S.D.N.Y., transferred to D.N.J.). The Firm filed the first action alleging price fixing and monopolization by DeBeers injuring consumers in the diamond market in violation of the antitrust laws. The Firm prosecuted the case through the conclusion of an evidentiary hearing on injunctive relief before the settlement was reached. The

Firm serves as one of the class counsel for the proposed settlement for $250,000,000 of these claims, along with proposed extensive injunctive relief (that is already in effect pending final approval of the proposed class settlement).

(8) *In re Microsoft Corp. Antitrust Litigation*, MDL No. 1332 (D.Md.). The Firm was appointed co-lead counsel in this extremely complex antitrust litigation which resulted in a partial settlement of the federal claims and many partial settlements of the state antitrust claims. The Firm persistently represented the class and the interests of prospective class members for seven years, including extensive involvement in discovery and preparation for trial (a settlement averted trial) and acting as sole appeal counsel for one prospective class members in two separate appeals to the Court of Appeals for the Fourth Circuit. *Kloth v. Microsoft Corp.*, 444 F.3d 312 (4th Cir. 2006); *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322 (4th Cir. 2004).

The Firm is also currently prosecuting the following notable cases:

(9) *In re Air Cargo Shipping Services Antitrust Litigation*, (JG) (VVP) (E.D.N.Y.) 06 MD 1775. The Firm was appointed U.S. indirect purchaser counsel on claims alleging price fixing in violation of antitrust and consumer protection laws. So far, one of the thirty-seven defendants has agreed to settle the alleged claims for $85,000,000.

(10) *Dennison v. BP Products North America, Inc.*, No. 06 C 3541 (N.D.Ill.). The Firm has been appointed chairman of indirect purchaser co-lead counsel on these claims alleging manipulation and price-fixing in violation of the antitrust laws.

(11) *In re Digital Music Antitrust Litigation*, 06 MD 1780 (LAP) (S.D.N.Y.). The Firm was appointed interim co-lead counsel on claims alleging price fixing in violation of antitrust and consumer protection laws.

(12) *In re Rambus Antitrust Litigation*, No. 06-4852 (RMW) (N.D.Ca.). The firm has been appointed interim co-lead counsel on claims alleging violations of various state antitrust and consumer protection laws.

(13) *In re Flash Memory Antitrust Litigation*, No. 07 Civ. 0086, MDL No. 1852 (SBA) (N.D.Ca.). The firm was appointed to the Steering Committee on claims alleging violations of various state antitrust and consumer protection laws.

The Firm has handled numerous other antitrust cases, as well as cases that primarily involved claims other than under the antitrust laws but which also included or were amended to include antitrust claims, *e.g.*, *In re Sumitomo Copper Litigation*, 74 F.Supp.2d 393, 395 (S.D.N.Y. 1999) ("*Sumitomo*"). In *Sumitomo*, the Firm was sole lead counsel and Chairman of the Executive Committee in these actions which produced in excess of $149 million in settlements. Plaintiffs ultimately alleged price-fixing in violation of the federal antirust laws but the claims were primarily prosecuted for manipulation in violation of the Commodity Exchange Act, 7 U.S.C. § 1 *et seq.*

I. **Christopher Lovell**, the Firm's senior attorney, has tried more than fifty cases and:

   A. was first appointed by a Court as class action or derivative action counsel in 1981, and has since then been personally appointed or led this Firm's efforts as class or derivative action counsel in more than fifty cases, including

   • Co-Lead Counsel in *In re NASDAQ Market-Makers Antitrust Litigation*, M.D.L. No. 123 (U.S.D.C. S.D.N.Y.) ($1,027,000,000 settlement);

   • Lead Counsel and Chairman of Executive Committee in several different class actions consolidated in In re Sumitomo Copper Litigation, 96 Civ. 4584 (MP) ($149,350,000 settlement);

   • Co-Lead Counsel in *Blatt v. Merrill Lynch Fenner & Smith Inc., et al.*, 94 Civ. 2348 (JAG) ($76.5 million settlement providing claiming class members, after all attorneys fees and costs had been paid, with a positive return on their investment (exclusive of prejudgment interest));

5

- Coordinating Chairman of the Executive Committee and argued the appeal before the United States Supreme Court on March 27, 2007, in *IPO Antitrust Litigation*, 426 F.3d 130 (2d Cir. 2005) *petition for certiorari granted on December 7, 2006; see also* Randall Smith & Robin Sidel, *JP Morgan [one of the defendants in the case] Agrees to Settle IPO Case for $425 Million*, the Wall Street Journal, April 21, 2006 at C4;

- Interim Class Counsel in *In re Auction Houses Antitrust Litig.*, No. 00 Civ. 0648 (LAK) (S.D.N.Y.) (as interim co-lead counsel, Lovell Stewart prepared the successful class motion and reply papers, obtaining certification of price-fixing claims in violation of the antitrust laws; these claims later resulted, under other counsel's leadership after an attorneys' fee auction, in a settlement of $512,000,000);

- Chairman of Executive Committee, Lead Counsel, Co-Lead Counsel, Executive Committee Member or class counsel in other successful antitrust class actions. *E.g., Leider v. Ralfe*, 01 Civ. 3137 (S.D.N.Y.) (HB) (injunction against De Beers regarding its conduct in the diamond markets, and $250 million proposed class action settlement); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig. MDL*, No. 1486 (N.D. Ca.) (settlements of $313,000,000); and

- Co-Lead Counsel in *In re Natural Gas Commodity Litigation*, Index No. 03 CV 6186 (VM)(AJP)(U.S.D.C., S.D.N.Y.) ("*Natural Gas*") (alleging manipulation under Commodity Exchange Act)($100,850,000 in recoveries so far);

- has tried various price fixing, *Strobl*, 768 F.2d 22 *supra*, and manipulation claims. *E.g.*, *Black v. Finantra*, 418 F. 3d 203 (2d Cir. 2005) (re-instating plaintiffs' jury verdict finding manipulation);

- was Chairman of Co-Lead Counsel in *In re Soybean Futures Litigation*, 89 Civ. 7009 (U.S.D.C. N.D.Ill.) (CRN) (class action settlement provides claiming class members/soybean futures traders, after all attorneys fees and costs had been paid, with all of each class members' damages due under plaintiffs' expert's formula (exclusive of prejudgment interest));

B. graduated from New York University School of Law in 1976, receiving the Vanderbilt Award, and was associated with Beekman & Bogue from 1976 until 1980; and

C. has maintained a private law practice since June 1980, including while being employed as Vice-President and General Counsel of a *Fortune* 500 company, American Bakeries Company, from 1981 until 1983, and has an "AV" rating from Martindale Hubbel.

The other senior attorneys of the Firm are set forth below.

II. **Gary S. Jacobson**:

    A.     was named Valedictorian of John Randolph Tucker High School, Class of 1968;

    B.     is a 1972 graduate of Yale (with Honors), and a 1976 graduate of the University of Virginia Law School (Law Review 1974-76);

    C.     has been litigating antitrust cases since 1976, has tried more than twenty-five cases, and has an "AV" rating from Martindale-Hubbell; and

    D.     has extensive experience in prosecuting antitrust and commodity futures manipulation class actions including arguing the motion to dismiss in *Sumitomo* (*see* fn 1) and preparing the Class Certification Brief, the Reply Brief on Class Certification, and the Second Circuit Brief in Opposition to the Petition for Review of plaintiffs' successful class motion in *Natural Gas supra*, 231 F.R.D. 171 (S.D.N.Y. 2005), *petition for review denied*, (2d Cir. August 1, 2006).

III. **Victor E. Stewart**:

    A.     was named Valedictorian of St. Marks School Class of 1968;

    B.     is a 1972 graduate of Yale, B.A., a 1975 graduate of Harvard Business School, M.B.A., and a 1979 graduate of the University of Virginia Law School, J.D.; and

    C.     has extensive experience in prosecuting securities and commodity futures manipulation claims.  This includes second chairing the *Strobl* trial conducting many depositions in Sumitomo, (*see* fn 1 *supra*), and serving as one of three supervising attorneys in charge of document and deposition discovery in *In re IPO Sec. Litig.*, 21 MC 92 (S.D.N.Y.) (SAS) ("*IPO Securities*")(alleging securities manipulation).

IV. **Peggy J. Wedgworth**:

    A.     was named Valedictorian of Trinity Episcopal Day School, Class of 1979; is a 1986 graduate of the University of Alabama School of Law; and placed second in the National Moot Court Competition conducted by the Association of the Bar of the City of New York;

    B.     tried more than twenty-five criminal cases as an Assistant District Attorney in Brooklyn, New York from 1986 to 1989;

    C.     has litigated class actions since 1989 including extensive experience with this firm in commodity manipulation and price fixing class actions; and

D.      has repeatedly conducted or defended expert discovery in commodity futures manipulation and antitrust class actions.

V.      **Jody Krisiloff**:

A.      is a 1976 graduate of Mount Holyoke College, B.A., *summa cum laude*;

B.      is a 1979 graduate of Columbia University School of Law, J.D.;

C.      has more than twenty-five years' experience with commercial and securities litigation, including litigating primarily class actions since 1991; and

D.      has acted as Chairperson of Co-Lead Counsel for the Firm in *Fiala v. Metropolitan Life Ins. Co.*, 6 A.D.3d 320, 776 N.Y.S.2d 29 (1st Dep't 2004) ("*MetLife*") (challenging what was at the time the largest demutualization of a mutual insurance company).

VI.      **John Halebian:**

A.      graduated from Georgetown University (A.B., 1984) and Villanova Law School (J.D. 1977) where he served on the *Law Review* (1975-77) as a Case and comments Editor and as Editor-in-chief of The Docket, the law school newspaper;

B.      since graduating from law school in 1977, has specialized in federal and state corporate and commercial litigation with an emphasis on class actions and securities litigation;

C.      was appointed to the Executive Committee in *In re Global Crossing Securities and ERISA Litig.*, 225 F.R.D. 436 (S.D.N.Y. 2004) (three settlements totaling $320 million);

D.      served as lead or co-lead counsel or as a member of an executive or steering committee in many other class action shareholder litigations around the country that have been successfully prosecuted to conclusion; and

E.      prosecuted, defended and tried to conclusion several complex commercial and securities fraud litigations on behalf of individual claimants and companies before the New York Stock Exchange, the National Association of Securities Dealers and the American Arbitration Association.  These actions generally involved brokerage customer claims of churning or unsuitable investments, and corporate wrongdoing.

The remaining attorneys in the firm are:

VII.     **Adam C. Mayes:**

    A.   is a graduate of Yale University, *cum laude*, B.A. 1985, and of the University of California, Berkeley, M.A. (Asian Studies) and J.D. 1993;

    B.   studied at Chiang Mai University, Thailand, and was Legislative Assistant to Members of the Hong Kong Legislative Council, 1993-1997;

    C.   admitted to practice in California and New York; and

    D.   has been associated with this Firm since 2005, working primarily on securities disclosure and derivative actions.

VIII.    **Ian T. Stoll:**

    A.   graduated from the University of California at Berkeley, A.B., in 1987 and the State University of New York, Buffalo School of Law, J.D., in 1996;

    B.   is admitted to practice in New York and before the United States District Courts for the Southern and Eastern Districts of New York; and

    C.   has been associated with this firm since 1997.

IX.      **Craig M. Essenmacher:**

    A.   is a 1997 graduate of Michigan State University - DCL *summa cum laude*; and in 1994 and 1989 a PhD of Philosophy in Chemistry and a B.S. in Chemistry, respectively, from Michigan State University, the recipient of the Jurisprudence Award, King Scholarship Program, Alumni Scholarship Award, natural Resources Scholarship Award;

    B.   admitted to practice in the State of Michigan, before the United States District Court for the Eastern District of Michigan, and before the United States Court of Appeals for the Sixth Circuit; and

    C.   has been associated with this Firm since 2005.

X.       **Keith Essenmacher:**

    A.   is a graduate of Michigan State University, B.S. in Physiology/Pre-Med, 1995;

    B.   is a graduate of Michigan State University Law, J.D. 2000;

|      |       |                                                                                                                                                                                   |
|------|-------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|      | C.    | was admitted to practice in the State of Michigan in 2000, and before the United States District Court for the Eastern District of Michigan in February 2001; and                 |
|      | D.    | has conducted electronic and other document discovery in class actions, and prosecuted and tried various individual actions.                                                      |
| XI.  | **Imtiaz A. Siddiqui:** | |
|      | A.    | is a graduate of Tulane Law School, J.D., 2003, *cum laude*, where he was Editor in Chief of the Tulane Journal of Technology and Intellectual Property and Student Attorney for the Tulane Civil Litigation Law Clinic; |
|      | B.    | was admitted to practice in the State of New York in 2004, and before the United States District Courts for the Southern and Eastern Districts of New York in 2005; and          |
|      | C.    | has been associated with this Firm since 2006, working primarily on briefing in various securities and antitrust class actions.                                                   |
| XII. | **Christopher M. McGrath:** | |
|      | A.    | is a 2001 graduate of the University at Missouri, B.A. (with Honors);                                                                                                            |
|      | B.    | is a 2004 graduate of the University of Missouri, J.D.;                                                                                                                          |
|      | C.    | was admitted to practice in New York in 2005; and                                                                                                                                |
|      | D.    | has worked with this Firm since 2005 almost exclusively on commodity futures manipulation cases (*Natural Gas* and *Pimco*) and *MetLife*.                                        |