# Exhibit E

**Electronically Received**
ZHVMG
February 20, 2008

File No. #: 3-396-0001

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Feb 15, 2008

FILED
CLERK'S OFFICE

IN RE: CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION
    Crago, Inc. v. Chunghwa Picture Tubes, Ltd., et al.,    )
        N.D. California, C.A. No. 3:07-5944    )
    Andrew Kindt v. Matsushita Electric Industrial Co.,    )
        Ltd., et al., S.D. New York, C.A. No. 1:07-10322    )

MDL No. 1917

## TRANSFER ORDER

    **Before the entire Panel**: Plaintiff in the Northern District of California action has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Northern District of California. All responding parties agree that centralization is appropriate and variously support one or more of the following suggested transferee districts: the Northern District of California, the District of Minnesota, the District of New Jersey, the Southern District of New York, and the District of South Carolina.

    This litigation currently consists of two actions pending in two districts, one action each in the Northern District of California and the Southern District of New York.[1]

    On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions relating to allegations that defendants – manufacturers of cathode ray tubes (CRTs) and products containing CRTs – conspired to fix prices of CRT products in violation of the Sherman Antitrust Act. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

    We are persuaded that the Northern District of California is an appropriate transferee forum for this litigation. One of the two actions before us and twelve potential tag-along actions are

---

[1] The Panel has been notified that 26 other related actions have been filed as follows: twelve actions in the Northern District of California; three actions each in the District of New Jersey and the Southern District of New York; two actions in the District of Minnesota; and one action each in the District of Arizona, the Western District of Arkansas, the Northern District of Ohio, the District of South Carolina, the Eastern District of Tennessee, and the District of Vermont. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

already pending in that district, and some defendants and some plaintiffs support centralization there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the Southern District of New York is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Samuel Conti for coordinated or consolidated pretrial proceedings with the action pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

D. Lowell Jensen            J. Frederick Motz
Robert L. Miller, Jr.       Kathryn H. Vratil
David R. Hansen             Anthony J. Scirica