BRUCE L. SIMON (Bar No. 96241)
  bsimon@psswplaw.com
ESTHER L. KLISURA (Bar No. 221171)
  eklisura@psswplaw.com
PEARSON, SIMON, SOTER, WARSHAW & PENNY, LLP
44 Montgomery Street, Suite 1200
San Francisco, California 94104
Telephone:    (415) 433-9000
Facsimile:    (415) 433-9008

GUIDO SAVERI (Bar No. 22349)
  guido@saveri.com
R. ALEXANDER SAVERI (Bar No. 173102)
  rick@saveri.com
CADIO ZIRPOLI (Bar No. 179108)
  cadio@saveri.com
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, California 94111
Telephone:    (415) 217-6810
Facsimile:    (415) 217-6913

[Additional attorneys listed on signature page]
*Attorneys for Direct Purchaser Plaintiffs and the
Proposed Direct Purchaser Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. C07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | **NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL AND EXECUTIVE COMMITTEE FOR THE DIRECT PURCHASER PLAINTIFFS**<br><br>Date:      April 4, 2008<br>Time:      10:00 a.m.<br>Ctrm:      1, 17th Floor<br><br>Honorable Samuel Conti |

1

## NOTICE OF MOTION AND MOTION

2

3 **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

4       **PLEASE TAKE NOTICE** that on April 4, 2008 at 10:00 a.m., or as soon thereafter as

5 the matter may be heard before the Honorable Samuel Conti of the United States District

6 Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, the

7 undersigned law firms will and hereby do move the Court for an order appointing Interim

8 Lead Class Counsel and an Executive Committee for the putative ***direct purchaser*** class in

9 these actions.  This motion is brought pursuant to Federal Rules of Civil Procedure 1 and

10 23(g).  The grounds for this motion are that this complex case will benefit from the

11 appointment of interim lead class counsel and an organizational structure of plaintiffs' counsel,

12 and that the undersigned firms are well qualified for the proposed positions due to their

13 extensive experience in antitrust class action litigation and trials.  This motion is based on this

14 notice of motion and motion, the supporting memorandum of points and authorities, the

15 accompanying declaration and attached exhibits, any papers filed in reply, the argument of

16 counsel, and all papers and records on file in this matter.

17

18 Dated:  February 29, 2008        By:   /s/ Bruce L. Simon

19                                          Bruce L. Simon
Esther L. Klisura

20                                          PEARSON, SIMON, SOTER, WARSHAW &
PENNY, LLP

21                                          44 Montgomery Street, Suite 1200
San Francisco, CA 94104

22                                          Telephone:   (415) 433-9000
Facsimile:    (415) 433-9008

23                                          *Attorneys for Direct Purchaser Plaintiff Crago, Inc.*

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

1  Dated:  February 29, 2008          By:  _/s/ Guido Saveri_____
                                          Guido Saveri
2                                         R. Alexander Saveri
                                          Cadio Zirpoli
3                                         SAVERI & SAVERI, INC.
                                          111 Pine Street, Suite 1700
4                                         San Francisco, CA 94111
                                          Telephone:   (415) 217-6810
5                                         Facsimile:    (415) 217-6913

6                                         *Attorneys for Direct Purchaser Plaintiffs Hawel*
                                          *A. Hawel d/b/a City Electronics, Orion Home*
7                                         *System, LLC, Electronic Design Company, and*
                                          *Paula Call*

8

9

10                                        H. Laddie Montague, Jr.
                                          Ruthanne Gordon
11                                        Candice Enders
                                          BERGER & MONTAGUE, P.C.
12                                        1622 Locust Street
                                          Philadelphia, PA 19103
13                                        Telephone:   (215) 875-3000
                                          Facsimile:    (215) 875-4604
14
                                          *Attorneys for Direct Purchaser Plaintiff Nathan*
15                                        *Muchnick, Inc.*

16                                        Michael P. Lehmann
                                          COHEN, MILSTEIN, HAUSFELD & TOLL,
17                                        PLLC
                                          One Embarcadero Center, Suite 2440
18                                        San Francisco, CA 94111
                                          Telephone:   (415) 229-2080
19                                        Facsimile:    (415) 986-3643

20                                        *Attorneys for Direct Purchaser Plaintiff*
                                          *Monikraft, Inc.*
21
                                          Joseph W. Cotchett
22                                        Steven N. Williams
                                          COTCHETT, PITRE & McCARTHY
23                                        San Francisco Airport Office Center
                                          840 Malcolm Road, Suite 200
24                                        Burlingame, CA 94010
                                          Telephone:   (650) 697-6000
25                                        Facsimile:    (650) 697-0577

26                                        *Attorneys for Direct Purchaser Plaintiff Orion*
                                          *Home System, LLC*
27

28  / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Michael J. Freed
Steven A. Kanner
Douglas A. Millen
FREED KANNER LONDON & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone:   (224) 632-4500
Facsimile:   (224) 632-4521

*Attorneys for Direct Purchaser Plaintiffs Art's
TV & Appliance and Carroll Cut-Rate Furniture*

Robert N. Kaplan
Linda P. Nussbaum
Gregory K. Arenson
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone:   (212) 687-1980
Facsimile:   (212) 687-7714

*Attorneys for Direct Purchaser Plaintiffs Meijer,
Inc., Meijer Distribution, Inc., and Arch
Electronics, Inc.*

Richard M. Heimann
Joseph R. Saveri
Eric B. Fastiff
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone:   (415) 956-1000
Facsimile:   (415) 956-1008

*Attorneys for Direct Purchaser Plaintiffs Nathan
Muchnick, Inc., and The Stroud Group, Inc.*

W. Joseph Bruckner
LOCKRIDGE GRINDAL NAUEN, PLLP
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401-2197
Telephone:   (612) 339-6900
Facsimile:   (612) 339-0981

*Attorneys for Direct Purchaser Plaintiffs Royal
Data Services, Inc., and OK TV & Appliances,
LLC*

# TABLE OF CONTENTS

**Page**

Table of Authorities..................................................................................................... v

MEMORANDUM OF POINTS AND AUTHORITIES...................................................... 1

I.      INTRODUCTION .................................................................................................. 1

II.     BACKGROUND .................................................................................................... 2

III.    ARGUMENT .......................................................................................................... 3

       A.    The Federal Rules of Civil Procedure Permit The Appointment of
              Interim Lead Class Counsel and an Executive Committee as Proposed
              Herein ......................................................................................................... 3

       B.    Proposed Interim Lead Class Counsel Have Taken Significant Steps to
              Advance This Litigation .......................................................................... 5

       C.    Proposed Interim Lead Class Counsel Have Extensive Antitrust Class
              Action Experience .................................................................................... 6

            1.    Pearson, Simon, Soter, Warshaw & Penny, LLP ..................... 6

            2.    Saveri & Saveri, Inc. .................................................................. 8

       D.    Proposed Interim Lead Class Counsel Have the Resources and
              Geographic Coverage to Effective Prosecute This Litigation .......................... 10

       E.    The Proposed Executive Committee Members Have Exemplary
              Qualifications .......................................................................................... 11

            1.    Berger & Montague, P.C. . ....................................................... 11

            2.    Cohen, Milstein, Hausfeld & Toll, PLLC .............................. 12

            3.    Cotchett, Pitre & McCarthy ..................................................... 12

            4.    Freed Kanner London & Millen LLC ..................................... 13

            5.    Kaplan Fox & Kilsheimer LLP ............................................... 13

            6.    Lieff, Cabraser, Heimann & Bernstein, LLP ......................... 14

            7.    Lockridge Grindal Nauen, PLLP ............................................ 14

IV.     CONCLUSION .................................................................................................... 15

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL AND
EXECUTIVE COMMITTEE FOR THE DIRECT PURCHASER PLAINTIFFS

iv

# TABLE OF AUTHORITIES

**Cases:**

*In re Air Cargo Shipping Services Antitrust Litigation* (E.D.N.Y., MDL No. 1775) ..............4

*In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*
    (N.D. Cal., MDL No. 1486)  ......................4

*In re Rubber Chemicals Antitrust Litigation* (N.D. Cal., MDL No. 1648)  .............4

*In re TFT-LCD (Flat Panel) Antitrust Litigation* (N.D. Cal., MDL No. 1827)  .......4

*Parkinson v. Hyundai Motor Am.*, 2006 WL 2289801,
    No. C06-0345 AHS (C.D. Cal. Aug. 7, 2006) ..............5

**Statutes:**

Federal Rule of Civil Procedure 1 ......................1, 4

Federal Rules of Civil Procedure 23(g)......................1, 4, 5

**Other Authorities:**

*Manual for Complex Litigation* (Fourth) ......................1, 3, 4, 5

3 H. Newberg & A. Conte, *Newberg on Class Actions* (4th ed. 2002) ......................4

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2

3

## I.   INTRODUCTION

4          Pursuant to Federal Rules of Civil Procedure 1 and 23(g), the law firms of Pearson,

5   Simon, Soter, Warshaw & Penny, LLP ("Pearson Simon") and Saveri & Saveri, Inc. ("Saveri")

6   respectfully seek appointment as Interim Lead Class Counsel, and the appointment of an

7   Executive Committee, for the ***direct purchaser*** class in this consolidated multidistrict

8   litigation ("MDL").  The appointment of interim lead class counsel and an executive

9   committee will facilitate the orderly and efficient prosecution of this complex proceeding,

10   which involves at least 20 separately filed direct purchaser class actions, 12 separately filed

11   indirect purchaser class actions, covering a 12-year class period, over two dozen defendants,

12   and a government investigation.  Plaintiffs and their counsel in 18 of the 20 known direct

13   purchaser actions support the structure proposed herein, and this joint motion represents the

14   "private ordering" approach for organizing counsel that has historically been used in federal

15   courts across the country and is recommended by the *Manual for Complex Litigation*.

16          The two firms proposed for interim lead class counsel are well qualified for this

17   appointment, having an established record of experience, knowledge, and commitment of

18   resources in similar antitrust class actions.  Significantly, both of the proposed interim class

19   counsel held leadership positions in *In re Dynamic Random Access Memory (DRAM) Antitrust*

20   *Litigation* (N.D. Cal., MDL No. 1486), which presented many of the same issues that will

21   likely arise here and was settled for over $325 million to the direct purchaser class.

22   Additionally, both of the firms are involved in *In re TFT-LCD (Flat Panel) Antitrust*

23   *Litigation* (N.D. Cal., MDL No. 1827), which alleges a price-fixing conspiracy against the

24   makers of LCD panels – a display product manufactured by some of the same defendants

25   named herein.  Moreover, the proposed interim lead class counsel have been instrumental in

26   the consolidation and transfer of these actions to this Court, and each firm is committed to the

27   just and efficient handling of this litigation.  Accordingly, these two firms, with the support of

28   / / /

1   the proposed plaintiffs' executive committee, are best equipped to efficiently manage this

2   complex litigation up to, and through, the time of trial.

3                               **II.   BACKGROUND**

4          This MDL proceeding arises from the alleged price-fixing of cathode ray tube ("CRT")

5   products used as display screens in televisions, computer monitors, and other electronic

6   devices.  Declaration of Bruce L. Simon in Support of Motion for Appointment of Interim

7   Lead Counsel ("Simon Decl."), ¶ 2.  Defendants are foreign and domestic manufacturers of

8   CRT products and affiliated companies.  *Id.*  As set forth in the United States' Motion to

9   Intervene (filed on February 21, 2008), the Department of Justice is currently investigating

10  possible antitrust violations in the CRT industry out of its San Francisco office.

11         The first class action alleging this conspiracy was filed on November 13, 2007 on

12  behalf of indirect purchasers.  *Id.*, ¶ 3.  On November 26, 2007, proposed interim class counsel

13  Pearson Simon filed the first direct purchaser action in the United States on behalf of Crago,

14  Inc.  *Id.*  Since then, dozens of additional direct and indirect purchaser cases have been filed in

15  judicial districts across the country.  *Id.*

16         On November 27, 2007, Crago, Inc. filed a Motion for Transfer and Consolidation

17  pursuant to 28 U.S.C. section 1407, requesting that these cases be consolidated or coordinated

18  and transferred to the Northern District of California.  *Id.*, ¶ 4.  Saveri, on behalf of its clients,

19  filed joinders in support of the Crago, Inc. motion.  *Id.*  Cross-motions and substantial briefing

20  ensued.  *Id.*  With the support and assistance of Saveri, Pearson Simon was selected by all

21  plaintiffs who favored transfer to the Northern District of California to present oral arguments

22  at the January 30, 2008 hearing before the Judicial Panel on Multidistrict Litigation.  *Id.*  On

23  February 15, 2008, the Panel granted Crago, Inc.'s motion and assigned these cases – referred

24  to collectively as *In re Cathode Ray Tube (CRT) Antitrust Litigation* – to this Court.  *Id.*

25         At least 20 direct purchaser cases and 12 indirect purchaser cases are now pending.  *Id.*,

26  ¶ 5.  There are a wide variety of direct purchaser plaintiffs, including individual purchasers,

27  electronics resellers, and a computer manufacturer.  *Id.*  The class periods alleged in these

28  / / /

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL AND
EXECUTIVE COMMITTEE FOR THE DIRECT PURCHASER PLAINTIFFS                                   2

1  cases span more than 12 years.  *Id.*  Over two dozen entities, including several foreign

2  companies, have been named as a defendant in one or more of these cases.  *Id.*

3      While Crago, Inc.'s Motion for Transfer and Consolidation was pending, Pearson

4  Simon entered into a Stipulation re Extension of Time to Respond to Complaint, which was

5  approved by this Court on December 19, 2007.  *Id.*, ¶ 6.  Additionally, Saveri promptly filed

6  administrative motions to relate its cases to Crago, Inc.'s case to ensure that no judicial

7  resources were wasted.  *Id.*  Earlier this month, both Pearson Simon and Saveri, as well as one

8  of the proposed members of the executive committee, filed motions for the issuance of letters

9  rogatory to effectuate service on foreign defendants.  *Id.*  The Court granted all three motions.

10  *Id.*  Pearson Simon and Saveri are working with other plaintiffs' firms to coordinate the service

11  of process on foreign defendants.  *Id.*  On February 15, 2008, Pearson Simon, in coordination

12  with members of the proposed executive committee, sent a proposed stipulation to defense

13  counsel whereby service of process in any one direct or indirect purchaser action would

14  constitute service of process in the consolidated direct or indirect purchaser actions,

15  respectively.  *Id.*

16            **III.   ARGUMENT**

17  **A.**    **The Federal Rules of Civil Procedure Permit The Appointment of Interim Lead**

18         **Class Counsel and an Executive Committee as Proposed Herein**

19      Federal Rule of Civil Procedure 23(g)(3) permits the appointment of "interim counsel

20  to act on behalf of a putative class before determining whether to certify the action as a class

21  action."  Additionally, Federal Rule of Civil Procedure 1 authorizes the Court to construe and

22  administer Rule 23 to achieve a "just, speedy, and inexpensive determination" of this

23  litigation.  The appointment of lead counsel and committees of counsel are both recognized

24  methods of organizing counsel in complex cases.  *See Manual for Complex Litigation* (Fourth)

25  § 10.221.  Such appointments are appropriate where there are "a number of overlapping,

26  duplicating, or competing suits" because doing so "clarifies responsibility for protecting the

27  interests of the class during precertification activities, such as making and responding to

28  motions, conducting any necessary discovery, moving for class certification, and negotiating

1 settlement." *Manual for Complex Litigation* (Fourth) § 21.11.  In approving an organizational

2 structure, courts often "encourage the parties themselves to agree on lead counsel, while

3 imposing its own choice only in extraordinary circumstances."  3 H. Newberg & A. Conte,

4 *Newberg on Class Actions*, § 9.35 at 9-5 (4th ed. 2002); *see also Manual for Complex*

5 *Litigation* (Fourth) § 21.272 ("By far, the most common [approach for selecting counsel] is the

6 so-called 'private ordering' approach: The lawyers agree who shall be lead class counsel and

7 the court approves the selection after a review that counsel selected is adequate to represent

8 the class interest").

9       The size, complexity, and consolidated nature of this proceeding merits the

10 appointment of both interim lead class counsel and an executive committee for the direct

11 purchaser class.[1]  There are 20 direct purchaser actions, 12 indirect purchaser actions, a variety

12 of direct purchaser plaintiffs, covering an over 12-year class period, over two dozen

13 defendants including foreign defendants, and a parallel government investigation.  Under these

14 circumstances, the proposed organization structure is both reasonable and necessary.  It is also

15 consistent with the organizational structures utilized in similar antitrust MDLs.  *See e.g. In re*

16 *TFT-LCD (Flat Panel) Antitrust Litigation* (N.D. Cal., MDL No. 1827) (Judge Susan Illston

17 appointed two interim co-lead counsel who are working with an eight-member executive

18 committee to represent the direct purchaser plaintiffs); *In re Dynamic Random Access Memory*

19 *(DRAM) Antitrust Litigation*, (N.D. Cal., MDL No. 1486) (Judge Phyllis Hamilton appointed

20 three interim co-lead class counsel and an executive committee of six firms to represent the

21 direct purchaser plaintiffs); and *In re Rubber Chemicals Antitrust Litigation* (N.D. Cal., MDL

22

23 _____

24 [1]   Counsel for the direct purchaser plaintiffs believe there should be separate leadership structures for

25 the direct purchaser plaintiffs and the indirect purchasers plaintiffs.  Such parallel appointments of interim lead class counsel has been adopted in numerous other antitrust MDLs.  *See e.g. In re Air*

26 *Cargo Shipping Services Antitrust Litigation* (E.D.N.Y., MDL No. 1775); *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, (N.D. Cal., MDL No. 1486); and *In re TFT-LCD (Flat*

27 *Panel) Antitrust Litigation* (N.D. Cal., MDL No. 1827).  Therefore, the undersigned firms take no

28 position on the motions for the appointment of interim lead counsel for the ***indirect*** purchaser class.

1   No. 1648) (Judge Martin Jenkins approved a five-member executive committee to represent

2   the direct purchaser plaintiffs).

3        Although Rule 23 does not explicitly state what standards apply when appointing

4   interim counsel, courts have applied the following factors set forth in Rule 23(g)(1)(A):

5        (i)    the work counsel has done in identifying or investigation potential
                 claims in the action;

6        (ii)   counsel's experience in handling class actions, other complex litigation,
                 and the type of claims asserted in the action;

7        (iii)  counsel's knowledge of the applicable law; and
     (iv)   the resources that counsel will commit to representing the class;

8

9   *See Parkinson v. Hyundai Motor Am.*, 2006 WL 2289801, No. C06-0345 AHS, slip op. at *2

10  (C.D. Cal. Aug. 7, 2006).  Another relevant consideration to the appointment of interim

11  counsel is any "involvement in parallel cases in other courts."  *Manual for Complex Litigation*

12  (Fourth) § 21.271.  As set forth below, each of these factors supports appointment of the

13  proposed interim lead class counsel.

14  **B.**     **Proposed Interim Lead Class Counsel Have Taken Significant Steps to Advance**

15          **This Litigation**

16       Proposed interim lead class counsel have already taken significant steps to identify and

17  investigate plaintiffs' claims and to advance this litigation.  They were among the first to

18  investigate the CRT industry and bring suit against the defendants.  They have performed

19  substantial work in investigating the merits.  They have obtained substantial economic data on

20  the CRT industry and have retained consultants to review the economic evidence of the

21  alleged conspiracy.  Simon Decl., ¶ 8.  The depth of this investigation is revealed in the

22  complaints they have filed.  They have also advanced the cases procedurally.  Immediately

23  after their cases were filed, proposed interim lead class counsel began organizing and

24  streamlining this litigation by filing related case motions and entering into a stipulation setting

25  uniform responsive pleading deadlines (*i.e.*, 45 days after the filing of a consolidated

26  complaint).  Notably, Pearson Simon filed the motion for consolidation and transfer, and in

27  consultation with Saveri, presented oral arguments at the motion hearing, which resulted in

28  these cases being consolidated and assigned to this Court.  Proposed interim lead class counsel

1  have begun service of process on the foreign defendants and have proposed to defense counsel

2  that service of an individual direct purchaser complaint be deemed sufficient for the

3  consolidated direct purchaser cases.  These early efforts have laid the groundwork for filing a

4  single consolidated complaint for all direct purchaser actions, a single briefing schedule for all

5  motions to dismiss, and discovery that is coordinated with the indirect purchaser plaintiffs and

6  the government.

7  **C.      Proposed Interim Lead Class Counsel Have Extensive Antitrust Class Action**

8  **          Experience**[2]

9  **          1.      Pearson, Simon, Soter, Warshaw & Penny, LLP**

10  Pearson Simon is a civil litigation firm that specializes in complex litigation, including

11  federal multidistrict litigation.  The firm handles national and multi-national class actions that

12  present cutting edge issues in both substantive and procedural areas.  The firm's attorneys have

13  expertise in litigating difficult and large cases in an efficient and cost effective manner.  The

14  attorneys who will be working on the case include:

15  **                  a.      Bruce L. Simon**

16  Named partner Bruce L. Simon specializes in complex cases.  While at his prior firm,

17  he served as lead or co-lead counsel in several nationwide antitrust class actions including *In*

18  *re Sodium Gluconate Antitrust Litigation* (N.D. Cal., MDL No. 1226), an antitrust case

19  involving a food additive product; *In re Methionine Antitrust Litigation* (N.D. Cal., MDL No.

20  1311), an antitrust class action that resulted in over $100 million in settlements; and *In re*

21  *Citric Acid Antitrust Litigation* (N.D. Cal., MDL No. 1092), which resulted in over $80

22  million in settlements for direct purchasers.

23  More recently, Mr. Simon, on behalf of his prior firm, served as co-chair of discovery

24  in *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation* (N.D. Cal., MDL No.

25  1486), which settled for over $325 million to the direct purchaser class.  In that case, Mr.

26  _____

27  [2]     The firm resumes for Pearson Simon and Saveri are attached as exhibits to the accompanying
declaration of Bruce L. Simon.

28

1 Simon was one of the principal attorneys involved in supervising the review of a multi-million

2 page electronic document production and the taking of over 100 depositions, all in

3 coordination with the indirect purchaser plaintiffs and the government.  Currently, Mr. Simon

4 and Pearson Simon are serving as interim co-lead counsel for the direct purchaser plaintiffs in

5 *In re TFT-LCD (Flat Panel) Antitrust Litigation* (N.D. Cal., MDL No. 1827) and *In re Flash*

6 *Memory Antitrust Litigation* (N.D. Cal., Case No. C07-0086 SBA).  Accordingly, Mr. Simon

7 is experienced in handling the legal and factual issues that are anticipated in this proceeding.

8 These issues include, for example, personal jurisdiction over foreign defendants, standing to

9 bring antitrust claims, the need for coordination between the direct and indirect purchaser

10 classes, the need for coordination with the government investigation, discovery and

11 cooperation from any amnesty applicant, and duties related to large-scale electronic discovery.

12 Not only has Mr. Simon effectively managed cases through pretrial proceedings, but he

13 has also taken many complex cases to trial.  For example, he tried the Osborne Securities case

14 in Santa Clara County and won a multi-million dollar jury verdict.  That case involved critical

15 issues about the responsibilities of accountants and eventually went to the Supreme Court,

16 setting standards for accounting liability in California.  He also represented Union Bank in a

17 case against a national accounting firm and obtained a $7 million jury verdict that was upheld

18 on appeal.

19 Mr. Simon is a frequent speaker on trial strategies in business cases, and he has

20 lectured throughout the United States and internationally.  He is a past chair of the California

21 State Bar's Antitrust and Unfair Competition Section and the Business Torts Section of the

22 American Trial Lawyers Association.  Mr. Simon is the co-author of the *Matthew Bender*

23 *Practice Guide: California Unfair Competition and Business Torts* (2004), which provides in-

24 depth and practical coverage of the state's Unfair Competition Law, as well as antitrust law

25 and other commonly prosecuted business torts.  He currently serves on the Board of Directors

26 for Hastings College of the Law.

27 / / /

28 / / /

**b.     Esther L. Klisura**

Associate Esther L. Klisura practices antitrust, consumer protection, and business litigation.  She has significant federal motion practice experience and has briefed both procedural and substantive issues in antitrust class actions.  Her experience also includes large electronic document productions, and the taking of Rule 30(b)(6) and percipient witness depositions in an antitrust tying case.  Recently, Ms. Klisura assisted in trial preparation for the *DRAM* litigation.  She is currently working on antitrust cases arising from the price-fixing of TFT-LCD display panels and flash memory.  Ms. Klisura is a member of the State Bar of California's Antitrust & Unfair Competition Section, and she participates in the Northern District of California's Pro Bono Project.

**2.     Saveri & Saveri, Inc.**

The Saveri firm has over 45 years of complex, multidistrict and class action litigation experience and specializes in antitrust litigation.  The firm was actively involved in such landmark antitrust cases as *Nisley v. Union Carbide and Carbon Corp.*, 300 F.2d 561 (10th Cir. 1960) and *Continental Ore Co. v. Union Carbide and Carbon Corp.*, 370 U.S. 690 (1962), both forerunners of present day class action litigation.  These cases led to the development of Federal Rule of Civil Procedure 23 and some of the most important decisions in the field of antitrust law.  The *Nisley* case was a class action tried before a jury both on liability and damages and resulted in a verdict for the class.  *Nisely* is often referred to as a model for the trial of class actions and has been repeatedly followed in later antitrust class cases that have gone to trial.  The attorneys from the firm who will be working on this case include:

**a.     Guido Saveri**

Since founding the Saveri firm in 1959, Guido Saveri has devoted his entire career to antitrust and other corporate and complex litigation.  Mr. Saveri was one of the trial attorneys in *Nisely* and *Continental Ore* cases.  Additionally, he was one of the principal attorneys in *Sacramento Municipal Utility District v. Westinghouse Elec. Corp.*, 1962 Trade Cas. ¶ 70,552 (N.D. Cal. 1962), one of a group of cases that have come to be known as the "Electrical

1   Equipment Cases."  From 1961 to 1965, Mr. Saveri represented clients including the State of

2   Washington, Sacramento Municipal Utility District, and the Modesto Irrigation District.  Mr.

3   Saveri tried several of these cases and worked extensively in the coordinated program

4   instituted by the Murrah Committee under the direction of the then Chief Justice of the United

5   States Supreme Court.  As a result of his experience in these cases, Mr. Saveri participated in

6   drafting legislation that created the Judicial Panel on Multidistrict Litigation.

7         Mr. Saveri has been appointed co-lead counsel or chair of plaintiffs' counsel in

8   numerous antitrust class actions in the Northern District of California, including *In re Citric*

9   *Acid Antitrust Litigation* (N.D. Cal., MDL No. 1092), *In re Methionine Antitrust Litigation*

10  (N.D. Cal., MDL No. 1311), *In re Tableware Antitrust Litigation* (N.D. Cal., Case No. C04-

11  3514 VRW), and *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation* (N.D.

12  Cal., MDL No. 1486).  Mr. Saveri served as co-lead counsel in the *DRAM* case, which settled

13  with all defendants for over $325 million.  At the final settlement approval hearing, the

14  Honorable Phyllis J. Hamilton described the recovery as "extraordinary."  Mr. Saveri is

15  currently serving as co-lead counsel for the direct purchaser plaintiffs in *In re Flash Memory*

16  *Antitrust Litigation* (N.D. Cal., Case No. C07-0086 SBA).

17        Mr. Saveri was the sole attorney for a nationwide class of 9,000 health and welfare

18  trust funds in *Building Services and Union Health and Welfare Trust Fund, Plaintiff, v.*

19  *Charles Pfizer Company, et al.* (Case No. 4-71 Civ. 435; No. 4-71 Civ. 413), an antitrust

20  action against the drug companies.  The case, involving both direct and indirect purchases,

21  went to trial on liability and damages before two juries at the same time.  It was settled for a

22  substantial sum.

23        In 1998, Mr. Saveri participated as one of the four lead trial counsel in *In re Brand*

24  *Name Prescription Drugs Antitrust Litigation* (N.D. Ill., MDL No. 997).  This case was tried

25  for more than two months and settled for $700 million in cash and $25 million in product.

26  In *Nancy Wolf vs. Toyota Motor Sales USA, Inc. et. al.*, (N.D. Cal., Case No. C-911-1377

27  MHP), in which Mr. Saveri served as one of the co-lead counsel, the Honorable Charles B.

28  Renfrew (Ret.), acting as Special Master commented, "If one were to compile a list of the

1  prominent plaintiffs anti-trust class action attorneys, the three lead counsel in the actions here

2  would be at the top of any nationwide list."

3      Mr. Saveri has testified before the Federal Judiciary Committee on antitrust matters and

4  has lectured before the Association of Trial Lawyers of America, The Federal Practice

5  Institute, and other lawyer associations.  He has also written extensively on antitrust topics.

6  Recently, Mr. Saveri was named and honored as the 2007 "Antitrust Lawyer of the Year" by

7  the Antitrust & Unfair Competition Section of the State Bar of California.

8                  **b.      R. Alexander Saveri**

9      Managing partner R. Alexander Saveri has specialized in antitrust class actions for

10 more than 13 years.  Mr. Saveri has served as, or is serving as, court appointed co-lead or

11 liaison counsel in many antitrust cases, including *In re Intel Corp. Microprocessor Antitrust*

12 *Litigation* (D. Del., MDL No. 1717), an MDL proceeding on behalf of consumers who

13 purchased Intel x86 microprocessors and *In re Vitamin C Antitrust Litigation* (E.D.N.Y., MDL

14 No. 1738).  He also served as co-liaison counsel and a member of the plaintiffs' executive

15 committee in the *Smokeless Tobacco Cases* (J.C.C.P. No. 4250), which recently settled for

16 $96 million on behalf of consumers in the State of California.  Mr. Saveri was a member of the

17 trial team that recently tried *In re Tableware Antitrust Litigation* (N.D. Cal., Case No. C04-

18 3514 VRW) to verdict before United States District Court Chief Judge Vaughn R. Walker.

19 The *Tableware* case is believed to be the only antitrust class action tried to verdict in this

20 district.

21 **D.      Proposed Interim Lead Class Counsel Have the Resources and Geographic**

22           **Coverage to Effectively Prosecute This Litigation**

23     Proposed interim lead class counsel both have offices in San Francisco, which is

24 convenient for scheduling of hearings, conferences, and other activities with the Court and

25 defense counsel.  Their location on the west coast is also convenient for the foreign defendants

26 located in Asia.  While the two firms proposed here believe they can provide the most fair and

27 adequate leadership for the class, they have an inclusive management style that will

28 necessarily seek and welcome the participation of the many other firms involved in this

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL AND
EXECUTIVE COMMITTEE FOR THE DIRECT PURCHASER PLAINTIFFS                                    10

1    litigation.  For instance, they propose the establishment of a seven-member executive

2    committee.  The proposed members of the executive committee are located both inside and

3    outside this judicial district to ensure geographic coverage for any discovery or appearance

4    that may arise.  This geographic diversity would also counterbalance this California-centric

5    case and facilitates the efficient marshaling of resources and contributions from other

6    plaintiffs' counsel.  Finally, as demonstrated by the excellent results achieved in their past

7    cases, proposed interim lead class counsel herein are committed to providing the resources

8    necessary to prosecute the direct purchasers' claims through rigorous motion practice,

9    discovery, class certification, and trial.

10   **E.        The Proposed Executive Committee Members Have Exemplary Qualifications**

11         Each of the firms proposed for membership on the plaintiffs' executive committee has

12   extensive experience in antitrust class actions.  Under the leadership of the proposed interim

13   lead class counsel, they will work to vigorously prosecute the direct purchaser plaintiffs'

14   claims so that a speedy resolution can be reached.  The fact that so many firms have come

15   together to support this proposal is extraordinary, especially in light of the fact that many of

16   those firms could qualify to be lead counsel themselves.  The proposed members of the

17   executive committee are:

18         **1.        Berger & Montague, P.C.**

19         Berger & Montague is one of the premier plaintiffs' class action firms in the country,

20   specializing in antitrust, securities, mass tort/environmental, and other fields of complex

21   litigation, including civil and human rights, healthcare/ERISA, and consumer protection.  It

22   represents, among others, consumers and businesses harmed by anticompetitive and deceptive

23   trade practices, public security holders victimized by fraud, persons exposed to hazardous

24   substances, and victims of civil and human rights abuses.  Founded in 1970, the firm has

25   pioneered plaintiffs' class action law and complex litigation.  The firm has a national practice

26   and is one of the largest plaintiffs' class action firms in the country.  It has been involved in

27   most of the major developments in plaintiffs' complex litigation over the last decade, including

28   / / /

1    the recently settled tobacco litigation, which sought recovery for expenses incurred by states

2    for treatment of smoking-related illness.

3          **2.      Cohen, Milstein, Hausfeld & Toll, PLLC**

4          Cohen Milstein has more than 35 years of experience litigating some of the nation's

5    most complicated antitrust cases and recovering billions of dollars in overpayments made by

6    its clients to monopolists, price-fixers, and other violators of the antitrust laws.  In 2002 and

7    2003, the *National Law Journal* named Cohen Milstein one of the top 25 plaintiffs' firms in

8    the nation, and in 2006, named Cohen Milstein as one of the top 11 plaintiffs' firms in the

9    nation.  Cohen Milstein has more than 75 attorneys, with offices in Washington, D.C., New

10   York, Philadelphia, Chicago, San Francisco, and London.  Its largest practice group is devoted

11   to antitrust class actions.  Cohen Milstein has served or is serving as lead counsel in many

12   important antitrust cases, including *In re Vitamins Antitrust Litigation* (D.D.C., MDL No.

13   1285), *In re Intel Corp. Microprocessor Antitrust Litigation* (D. Del., MDL No. 1717), and *In*

14   *re International Air Transportation Surcharge Antitrust Litigation* (N.D. Cal., MDL No.

15   1793).

16         **3.      Cotchett, Pitre & McCarthy**

17         Cotchett Pitre has over 40 years of litigation and trial experience, and is widely

18   recognized as one of the top law firms in the United States.  Cotchett Pitre specializes in the

19   prosecution of difficult and complicated antitrust, securities and consumer fraud class action

20   cases, and the firm has extensive experience in multidistrict litigation.  Cotchett Pitre has taken

21   many of these types of cases to trial, and the attorneys in the firm are widely recognized for

22   their trial experience.  Cotchett Pitre prides itself on, and is acknowledged by its peers for,

23   handling cases efficiently, cost effectively, and swiftly.  This is why large public international

24   investors, such as the California Teachers Retirement System, have selected the firm to be lead

25   counsel in some of their most important cases.  As stated by the *National Law Journal*, the

26   firm's senior partner Joseph Cotchett is regarded by plaintiffs and defense attorneys alike to be

27   one of the foremost trial lawyers in the nation.  For the past 10 years, Mr. Cotchett has been

28   / / /

1    repeatedly named one of the 100 most influential lawyers in the nation and one of the top 10

2    trial lawyers in California.

3        **4.    Freed Kanner London & Millen LLC**

4        Freed Kanner attorneys are among the most experienced attorneys in the country in the

5    prosecution of complex antitrust class actions, having been appointed and served as co-lead

6    counsel in some of the hardest-fought and most successful (in dollar amount) antitrust class

7    actions.  Members of Freed Kanner have been co-lead counsel and held key leadership

8    positions in a number cases, including having served as co-chair of discovery in the *DRAM*

9    litigation.  They have also served as, or are serving as interim co-lead counsel in *In re High*

10   *Fructose Corn Syrup Antitrust Litigation* (N.D. Ill., MDL No. 1087), *In re Urethane*

11   *Chemicals Antitrust Litigation* (D. Kan., MDL No. 1616), *In re Cotton Yarn Antitrust*

12   *Litigation* (M.D.N.C., MDL No. 1622), *In re Hydrogen Peroxide Antitrust Litigation* (E.D.

13   Pa., MDL No. 1682), and *In re Methyl Methacrylate (MMA) Antitrust Litigation* (E.D. Pa.,

14   MDL. No. 1768).

15       **5.    Kaplan Fox & Kilsheimer LLP**

16       For more than 30 years, Kaplan Fox has represented businesses and individuals who

17   have been injured as a result of price-fixing, customer allocation, or other anticompetitive

18   behavior by sellers of a broad array of products and services.  Kaplan Fox has played

19   substantial roles in some of the largest and most successful antitrust class actions in the

20   country and has recovered more than $1 billion for its clients over the years.  The firm served

21   as co-lead counsel in *In re Flat Glass Antitrust Litigation*, (W.D. Pa., MDL No. 1200) and *In*

22   *re High Fructose Corn Syrup Antitrust Litigation* (C.D. Ill., MDL No. 1087), two of the most

23   complex, and ultimately most successful, antitrust class actions ever litigated.  Each produced

24   key appellate rulings argued by Kaplan Fox attorneys – *In re High Fructose Corn Syrup*

25   *Antitrust Litigation*, 295 F.3d 651 (7th Cir. 2002) and *In re Flat Glass Antitrust Litigation*, 385

26   F.3d 350 (3d Cir. 2004) – and ultimately resulting in settlements over $122 million and $530

27   million, respectively.  Kaplan Fox attorneys are currently a co-lead counsel in several complex

28   antitrust litigations, including *In re Air Cargo Shipping Services Antitrust Litigation*

1   (E.D.N.Y., MDL No. 1775), *In re Plastics Additives Antitrust Litigation* (E.D. Pa., MDL No.

2   1684), and *In re Hydrogen Peroxide Antitrust Litigation* (E.D. Pa., MDL No. 1682).

3         **6.     Lieff, Cabraser, Heimann & Bernstein, LLP**

4         Lieff Cabraser is a nationally-recognized law firm specializing in class actions

5   and complex litigation, including antitrust law.  Courts in this district have recognized Lieff

6   Cabraser's qualifications in appointing the firm lead counsel in numerous cases.  Recently, in

7   the area of antitrust, Lieff Cabraser was appointed to serve as lead counsel in the *Natural Gas*

8   *Antitrust Cases I-IV* (Cal. Sup. Ct., J.C.C.P. No. 4221, et al.) (co-lead counsel in $1.5 billion

9   settlement on behalf of California natural gas businesses and consumers), *In re Buspirone*

10  *Antitrust Litigation* (S.D.N.Y., MDL No. 1340) (co- lead counsel in $90 million settlement),

11  and *In re Compact Disc Antitrust Litigation* (C.D. Cal., MDL No. 1216) (co-lead counsel in

12  $50 million settlement).  Lieff Cabraser is currently serving as interim co-lead counsel for the

13  direct purchaser plaintiffs in *In re TFT-LCD (Flat Panel) Antitrust Litigation* (N.D. Cal., MDL

14  No. 1827).

15        **7.     Lockridge Grindal Nauen, PLLP**

16        For more than 20 years, Lockridge Grindal has successfully prosecuted antitrust cases

17  on behalf of business that have been injured by the price-fixing of products through illegal

18  agreements among national and international manufacturers, shippers, distributors, and

19  traders.  In the last five years alone, Lockridge Grindal and its co-counsel have obtained more

20  than $2 billion in settlements and verdicts in antitrust cases.  Recently, the firm served as co-

21  lead counsel in *In re Monosodium Glutamate Antitrust Litigation* (D. Minn., MDL No. 1328),

22  which resulted in the recovery of more than $124 million for businesses.  The firm's attorneys

23  have practiced extensively in the antitrust arena and have litigated cases including major price-

24  fixing, predatory pricing, price discrimination and other antitrust and trade regulation cases in

25  state and federal courts across the nation.

26  / / /

27  / / /

28  / / /

# IV.   CONCLUSION

For the foregoing reasons, Pearson Simon and Saveri respectfully request appointment as interim lead class counsel, and the appointment of a seven-member executive committee, for these consolidated direct purchaser class actions.

Dated:  February 29, 2008       By:   /s/ Bruce L. Simon
                                        Bruce L. Simon
                                        Esther L. Klisura
                                        PEARSON, SIMON, SOTER, WARSHAW &
                                        PENNY, LLP
                                        44 Montgomery Street, Suite 1200
                                        San Francisco, California 94104
                                        Telephone:   (415) 433-9000
                                        Facsimile:    (415) 433-9008

                                        *Attorneys for Direct Purchaser Plaintiff Crago, Inc.*

Dated:  February 29, 2008       By:   /s/ Guido Saveri
                                        Guido Saveri
                                        R. Alexander Saveri
                                        Cadio Zirpoli
                                        SAVERI & SAVERI, INC.
                                        111 Pine Street, Suite 1700
                                        San Francisco, California 94111
                                        Telephone:   (415) 217-6810
                                        Facsimile:    (415) 217-6913

                                        *Attorneys for Direct Purchaser Plaintiffs Hawel A. Hawel d/b/a City Electronics, Orion Home System, LLC, Electronic Design Company, and Paula Call*

Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this document has been obtained from Guido Saveri.

/ / /

/ / /

/ / /

/ / /

1                       H. Laddie Montague, Jr.

2                       Ruthanne Gordon
Candice Enders

3                       BERGER & MONTAGUE, P.C.
1622 Locust Street

4                       Philadelphia, PA 19103
Telephone:    (215) 875-3000

5                       Facsimile:    (215) 875-4604

6                       *Attorneys for Direct Purchaser Plaintiff Nathan Muchnick, Inc.*

7                       Michael P. Lehmann

8                       COHEN, MILSTEIN, HAUSFELD & TOLL, PLLC

9                       One Embarcadero Center, Suite 2440
San Francisco, CA 94111
Telephone:    (415) 229-2080

10                      Facsimile:    (415) 986-3643

11                      *Attorneys for Direct Purchaser Plaintiff Monikraft, Inc.*

12

13                      Joseph W. Cotchett
Steven N. Williams

14                      COTCHETT, PITRE & McCARTHY
San Francisco Airport Office Center

15                      840 Malcolm Road, Suite 200
Burlingame, CA 94010

16                      Telephone:    (650) 697-6000
Facsimile:    (650) 697-0577

17                      *Attorneys for Direct Purchaser Plaintiff Orion Home System, LLC*

18                      Michael J. Freed
Steven A. Kanner

19                      Douglas A. Millen
FREED KANNER LONDON & MILLEN LLC

20                      2201 Waukegan Road, Suite 130
Bannockburn, IL 60015

21                      Telephone:    (224) 632-4500
Facsimile:    (224) 632-4521

22

23                      *Attorneys for Direct Purchaser Plaintiffs Art's TV & Appliance and Carroll Cut-Rate Furniture*

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

Robert N. Kaplan
Linda P. Nussbaum
Gregory K. Arenson
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone:    (212) 687-1980
Facsimile:    (212) 687-7714

*Attorneys for Direct Purchaser Plaintiffs Meijer,
Inc., Meijer Distribution, Inc., and Arch
Electronics, Inc.*

Richard M. Heimann
Joseph R. Saveri
Eric B. Fastiff
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone:    (415) 956-1000
Facsimile:    (415) 956-1008

*Attorneys for Direct Purchaser Plaintiffs Nathan
Muchnick, Inc., and The Stroud Group, Inc.*

W. Joseph Bruckner
LOCKRIDGE GRINDAL NAUEN, PLLP
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401-2197
Telephone:    (612) 339-6900
Facsimile:    (612) 339-0981

*Attorneys for Direct Purchaser Plaintiffs Royal
Data Services, Inc., and OK TV & Appliances,
LLC*