BRUCE L. SIMON (Bar No. 96241)
  bsimon@psswplaw.com
ESTHER L. KLISURA (Bar No. 221171)
  eklisura@psswplaw.com
PEARSON, SIMON, SOTER, WARSHAW & PENNY, LLP
44 Montgomery Street, Suite 1200
San Francisco, California 94104
Telephone:   (415) 433-9000
Facsimile:   (415) 433-9008

GUIDO SAVERI (Bar No. 22349)
  guido@saveri.com
R. ALEXANDER SAVERI (Bar No. 173102)
  rick@saveri.com
CADIO ZIRPOLI (Bar No. 179108)
  cadio@saveri.com
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, California 94111
Telephone:   (415) 217-6810
Facsimile:   (415) 217-6913

*Attorneys for Direct Purchaser Plaintiffs and the Proposed Direct Purchaser Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. C07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | **DECLARATION OF BRUCE L. SIMON IN SUPPORT OF MOTION FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL AND EXECUTIVE COMMITTEE FOR THE DIRECT PURCHASER PLAINTIFFS**<br><br>Date:   April 4, 2008<br>Time:   10:00 a.m.<br>Ctrm:   1, 17th Floor<br><br>Honorable Samuel Conti |

I, Bruce L. Simon, declare:

1. I am an attorney licensed to practice in the State of California and the Northern District of California. I am a partner with the firm of Pearson, Simon, Soter, Warshaw & Penny, LLP, attorneys of record for direct purchaser plaintiff Crago, Inc. I am making this declaration in support of the Motion for Appointment of Interim Lead Class Counsel filed by my firm and Saveri & Saveri, Inc. ("Saveri"). I have personal knowledge of the facts set forth herein and could competently testify to them if called as a witness.

2. This multidistrict litigation arises from the alleged price-fixing of cathode ray tube ("CRT") products used as display screens in televisions, computer monitors, and other electronic devices. Defendants are foreign and domestic manufacturers of CRT products and affiliated companies.

3. The first class action alleging this conspiracy was filed on November 13, 2007 on behalf of indirect purchasers. On November 26, 2007, my office filed the first direct purchaser action in the United States on behalf of Crago, Inc. Since then, dozens of additional direct and indirect purchaser cases have been filed in judicial districts across the country.

4. On November 27, 2007, Crago, Inc. filed a Motion for Transfer and Consolidation pursuant to 28 U.S.C. section 1407, requesting that these cases be consolidated or coordinated and transferred to the Northern District of California. Saveri, on behalf of its clients, filed joinders in support of the Crago, Inc. motion. Cross-motions and substantial briefing ensued. With the support and assistance of Saveri, I was selected by all plaintiffs who favored transfer to the Northern District of California to present oral arguments at the January 30, 2008 hearing before the Judicial Panel on Multidistrict Litigation. On February 15, 2008, the Panel granted Crago, Inc.'s motion and assigned these cases – referred to collectively as *In re Cathode Ray Tube (CRT) Antitrust Litigation* – to this Court.

5. At least 20 direct purchaser cases and 12 indirect purchaser cases are now pending. There are a wide variety of direct purchaser plaintiffs, including individual purchasers, electronics resellers, and a computer manufacturer. The class periods alleged in

/ / /

1  these cases span more than 12 years. Over two dozen entities, including several foreign companies, have been named as a defendant in one or more of these cases.

6. While Crago, Inc.'s Motion for Transfer and Consolidation were pending, my office entered into a Stipulation re Extension of Time to Respond to Complaint, which was approved by this Court on December 19, 2007. Additionally, Saveri promptly filed administrative motions to relate its cases to Crago, Inc.'s case to ensure that no judicial resources were wasted. Earlier this month, both my firm and Saveri, as well as one of the proposed members of the executive committee, filed motions for the issuance of letters rogatory to effectuate service on foreign defendants. The Court granted all three motions. Pearson Simon and Saveri are working with other plaintiffs' firms to coordinate the service of process on foreign defendants. On February 15, 2008, in coordination with members of the proposed executive committee, my firm sent a proposed stipulation to defense counsel whereby service of process in any one direct or indirect purchaser action would constitute service of process in the consolidated direct or indirect purchaser actions, respectively.

7. My firm and Saveri have performed substantial work in investigating the merits. We have obtained substantial economic data on the CRT industry and have retained consultants to review the economic evidence of the alleged conspiracy. Each firm has extensive experience in representing plaintiffs in antitrust class actions and are committed to carrying out the best interests of the direct purchaser plaintiffs herein.

8. The organizational structure proposed in this motion is supported by the plaintiffs and their counsel in 18 of the 20 known direct purchaser actions. My firm and Saveri are continuing discussions with counsel in the remaining cases to see if a complete consensus can be reached. The fact that so many firms have come together to support this proposal is extraordinary, especially in light of the fact that many of those firms could qualify to be lead counsel themselves.

9. Attached hereto as Exhibit A is my firm's resume, which accurately reflects the experience of the attorneys in the firm.

10. Attached hereto as Exhibit B is a resume for the Saveri law firm.

1  I declare under penalty of perjury under the laws of the United States of America that
2  the foregoing is true and correct.
3  Executed on February 29th, 2008, at San Francisco, California.

_____
Bruce L. Simon