Joseph J. Tabacco, Jr. (75484)
jtabacco@bermanesq.com
Christopher T. Heffelfinger (118058)
cheffelfinger@bermanesq.com
Matthew D. Pearson (235339)
mpearson@bermanesq.com
**BERMAN DeVALERIO PEASE TABACCO
   BURT & PUCILLO**
425 California Street, Suite 2100
San Francisco, CA  94104-2205
Telephone: (415) 433-3200
Facsimile:  (415) 433-6382

Manuel J. Dominguez
jdominguez@bermanesq.com
**BERMAN DeVALERIO PEASE TABACCO
   BURT & PUCILLO**
222 Lakeview Avenue, Suite 900
West Palm Beach, FL  33401
Telephone: (561) 835-9400
Facsimile:  (561) 835-0322

**Attorneys for Plaintiffs Univisions-Crimson Holding, Inc.,
Central New York Univision Video Systems, Inc.
and Crimson Tech, Inc.**

(Additional Counsel On Signature Page)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | CASE NO. CV-07-5944-SC <br><br> MDL NO. 1917 <br><br> **PLAINTIFFS UNIVISIONS-CRIMSON HOLDING, INC., CENTRAL NEW YORK UNIVISION VIDEO SYSTEMS, INC. AND CRIMSON TECH, INC.'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL FOR A PUTATIVE CLASS OF DIRECT PURCHASERS WITH MEMORANDUM OF LAW IN SUPPORT THEREOF** |
| This Document Relates To: <br><br> ALL DIRECT PURCHASER ACTIONS | Date:  April 4, 2008 <br> Time:  10:00 a.m. <br> Courtroom:  One, 17th Floor <br> The Honorable Samuel Conti |

[CV-07-5944-SC] NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM LEAD COUNSEL FOR A PUTATIVE CLASS OF DIRECT PURCHASERS

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 4, 2008, at 10:00 a.m., or as soon thereafter as the matter may be heard, plaintiffs Univisions-Crimson Holding, Inc., Central New York Univision Video Systems, Inc. and Crimson Tech, Inc. ("Univisions Plaintiffs") will and hereby do move this Court, the Honorable Samuel Conti, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, for an order appointing Joseph J. Tabacco, Jr. and Berman DeValerio Pease Tabacco Burt & Pucillo ("Berman DeValerio") as interim lead counsel for a putative class of direct purchasers in this multidistrict litigation. This motion is made pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. This motion is based on this notice of motion and motion, the memorandum of law in support thereof, the Declaration of Joseph J. Tabacco, Jr. in support thereof, all pleadings and records on file and any additional briefing or argument presented to the Court before or at the hearing on this motion.

**ISSUE TO BE DECIDED**

Whether, in light of the extensive experience of Joseph J. Tabacco, Jr. and Berman DeValerio in litigating antitrust class actions and the ability of the firm to promote efficiency and economy in the representation of direct purchaser plaintiffs, Joseph J. Tabacco, Jr. and Berman DeValerio should be appointed as interim lead counsel for a putative class of direct purchasers.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

The Univisions Plaintiffs seek appointment of Joseph J. Tabacco, Jr. and Berman DeValerio as interim lead counsel for a putative class of direct purchasers in this consolidated multidistrict litigation proceeding pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. Mr. Tabacco and the attorneys of Berman DeValerio have a long and extensive history of representing plaintiffs in class actions, including the trial and litigation of antitrust class actions. The early appointment of interim lead class counsel is essential to managing the litigation efficiently and effectively. Mr. Tabacco and Berman DeValerio are well-qualified for the position and respectfully request an order from the Court appointing Berman DeValerio as interim lead

counsel.

## II.  STATEMENT OF FACTS

Cathode ray tubes ("CRTs") are components used in variety of applications including televisions and computer monitors (collectively, "CRT Products"). Several cases across the United States have been filed against the makers of CRTs and CRT Products alleging that they conspired to fix, maintain or stabilize the prices of CRTs and CRT Products at artificially high levels in violation of federal and/or state antitrust laws.

On January 23, 2008, the Univision Plaintiffs filed a complaint in the Northern District of California, initiating the action *Univisions-Crimson Holding, Inc. et al. v. Chunghwa Picture Tubes, Ltd. et al.*, Case No. C-08-00494 MEJ ("*Univisions*"). Declaration of Joseph J. Tabacco, Jr. in Support of Plaintiffs' Univisions-Crimson Holdings, Inc., Central New York Univision Video Systems, Inc. and Crimson Tech, Inc.'s Motion for Appointment of Interim Lead Counsel for a Putative Class of Direct Purchasers ("Tabacco Decl."), ¶2. The *Univisions* action is a proposed class action on behalf of direct purchasers of CRTs and CRT products against the manufacturers of CRTs and CRT products for violations of the federal antitrust laws. *Id*.

By Order of the Court on January 29, 2008, the *Univisions* action was consolidated for the purposes of discovery and pre-trial hearings with this action, *In re Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. CV-07-5944-SC ("*CRT Antitrust Litigation*"). Tabacco Decl., ¶3.

Plaintiffs in *Crago, Inc. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 07-5944 (which was the first case filed in the Northern District of California and would become the present consolidated case, *CRT Antitrust Litigation*), and *Kindt v. Matsushita Electric Industrial Co., Ltd.*, No. 07-10322 (S.D.N.Y.), moved the Judicial Panel on Multidistrict Litigation pursuant to 28 U.S.C. §1407 for an order coordinating or consolidating pretrial proceedings of the cases in the Northern District of California. Tabacco Decl., ¶4. By Transfer Order dated February 15, 2008, the Judicial Panel on Multidistrict Litigation ordered the centralization of these actions in the Northern District of California. *Id.* The Judicial Panel transferred the *Kindt* case to the Northern District of California, and found that 26 additional related actions throughout the country would be treated as potential tag-along actions. *Id.*

## III. ARGUMENT

### A. Under Rule 23(g), Lead Counsel Should Be Knowledgeable, Experienced and Have Adequate Resources In Order To Fairly And Adequately Represent The Class

Rule 23(g)(3) of the Federal Rules of Civil Procedure states that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." As here, when more than one class action has been filed and consolidated or centralized, the court must choose class counsel. *Manual for Complex Litigation, Fourth*, §21.271. In appointing class counsel, the court must consider four factors:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class[.]

Fed. R. Civ. P. 23(g)(1)(A). These factors, and others deemed relevant by the court, guide the court in determining whether counsel applying for interim lead counsel status will fairly and adequately represent the interests of the class, and of those found adequate among the applicants, which counsel is "best able to represent the interests of the class." *See id*. at 23(g)(2) and (4).

### B. Berman DeValerio Is Best Able To Fairly And Adequately Represent The Interests Of The Putative Direct Purchaser Plaintiff Class

#### 1. Berman DeValerio has Spent a Significant Amount of Resources Investigating and Identifying the Claims Associated with this Matter.

Prior to filing this action, Berman DeValerio undertook an extensive investigation. Berman DeValerio allocated attorneys and staff to review a great number of publically available documents and documents in possession of the Univisions Plaintiffs. Berman DeValerio also spent a significant amount of time identifying and interviewing persons who had knowledge and experience in the market for CRTs and CRT Products. It was not until Berman DeValerio had completed its investigation that it drafted and filed a complaint on the Univisions Plaintiffs' behalf. Tabacco Decl., ¶2.

### 2. Berman DeValerio has Extensive Experience in Handling Complex Antitrust Class Actions and a Wealth of Knowledge of Antitrust Law

Berman DeValerio has extensive experience prosecuting class actions nationwide on behalf of victims of antitrust law and securities law violations. Founded in 1982, the attorneys at Berman DeValerio have prosecuted hundreds of class actions on behalf of victimized individuals, corporations and institutions, recovering billions of dollars overall for class members.

Over the past two decades, Berman DeValerio has held leadership roles in numerous complex antitrust cases covering a variety of industries, including automobiles, pharmaceuticals, food additives, contact lenses and diamonds, among others. Berman DeValerio currently holds leadership positions in several complex antitrust cases, including two in the Northern District of California. Some of the cases for which Berman DeValerio is lead or co-lead counsel include:

- *Sullivan, et al. v. DB Investments, Inc., et al.*, No. 04-cv-02819 (D.N.J.) ("*Sullivan*") (co-lead counsel representing a class of diamond resellers with antitrust law claims against the world's largest diamond supplier, De Beers).

- *In re New Motor Vehicles Canadian Export Antitrust Litigation,* MDL No. 03-1532 (D. Me.) ("*New Motor Vehicles*") (lead counsel representing millions of car purchasers with federal and state antitrust and consumer protection claims against several of the world's largest automakers).

- *In re Pineapple Antitrust Litigation*, MDL No. 1628 (S.D.N.Y.) (co-lead counsel representing a class of direct purchasers).

- *In re Abbott Labs Norvir Antitrust Litigation*, No. C-04-1511-CW (N.D. Cal.) (co-lead counsel representing purchasers of Norvir, a drug booster used in HIV treatment, against Abbott for antitrust law violations).

- *In re Reformulated Gasoline (RFG) Antitrust & Patent Litigation*, MDL No. 05-01671 CAS (VBK) (C.D. Cal.) (co-lead counsel representing a class of indirect purchasers). Tabacco Decl., ¶6.

Through diligent prosecution of complex antitrust cases, Berman DeValerio has successfully negotiated substantial recoveries for its clients and class members. Some of these

class actions include:

- In the *Sullivan* case, Berman DeValerio, as co-lead counsel for a class of diamond resellers, obtained a $295 million dollar settlement against De Beers.

- In *In re Cardizem CD Antitrust Litigation*, MDL No. 1278 (E.D. Mich.), involving generic drug competition, Berman DeValerio served as co-lead counsel and helped secure an $80 million settlement from Aventis Pharmaceuticals and the Andrx Corporation in what has become a seminal case in this area.

- As lead counsel in *In re Sorbates Direct Purchaser Antitrust Litigation*, No. C 98-4886 CAL (N.D. Cal.), Berman DeValerio achieved settlements totaling $96.5 million for the class.

- As co-lead counsel and chief trial counsel, Berman DeValerio achieved settlements valued at more than $92 million for the class in *In re Disposable Contact Lens Antitrust Litigation*, MDL No. 1030 (M.D. Fla.).

- In *In re Toys "R" Us Antitrust Litigation*, MDL No. 1211 (E.D.N.Y.), Berman DeValerio negotiated a $62 million settlement on behalf of the class, which included a component to give $40 million worth of toys to needy children throughout the United States over a three-year period. Tabacco Decl., ¶7.

Other cases in which Berman DeValerio played a significant role in obtaining recovery for class members include: *In re Industrial Diamonds Antitrust Litigation*, MDL No. 948 (S.D.N.Y.) (settlement valued at $26 million); *In re Nasdaq Market-Makers Antitrust Litigation*, MDL No. 1023 (S.D.N.Y.) (settlement valued at near $1 billion); *In re Buspirone Antitrust Litigation*, MDL No. 1413 (S.D.N.Y.) ($535 million partial settlement); *New Motor Vehicles* (partial settlements totaling $35,700,000 from defendants Toyota Motor Sales, U.S.A., Inc. and the Canadian Automobile Dealers' Association); *In re Foreign Currency Conversion Fee Antitrust Litigation*, MDL. No. 1409 (S.D.N.Y.) (proposed settlement of $336 million); and *In re DRAM Antitrust Litigation*, No. 02-cv-01486 (N.D. Cal.) (settlement totaling nearly $326 million). Tabacco Decl., ¶8.

### 3. Berman DeValerio has the Available Resources Necessary to Adequately Represent the Direct Purchaser Plaintiffs

Berman DeValerio is one of the leading class action law firms in the United States, having been appointed sole or co-lead counsel in numerous complex class actions. *See* Tabacco Decl., ¶¶5-10, Ex. A. Berman DeValerio has over 30 lawyers with offices in San Francisco, Boston and West Palm Beach. Berman DeValerio is currently litigating dozens of complex class actions in courts around the country. Berman DeValerio has a national reputation for effective litigation and has been recognized as one of the dominant players in the class action arena. Berman DeValerio has not only settled a number of class actions but also has extensive experience in taking class action cases to trial. *See id.*, Ex. A. Based on this history it is clear that Berman DeValerio has the resources to adequately represent the direct purchaser plaintiffs.

Berman DeValerio has offices in the Northern District of California and has a substantial practice before this court. Berman DeValerio's wealth of experience litigating matters before the Northern District ensures that the firm will be able to litigate this action effectively and efficiently on behalf of the direct purchaser class. Unlike the structure of interim lead counsel in many of these types of cases, which include multiple lead counsel and bureaucratic layers of committees, Berman DeValerio has the resources to streamline the litigation and to avoid the costly administrative overhead of the standard structure. Accordingly, Berman DeValerio should be appointed as interim lead counsel.

### IV. CONCLUSION

Joseph J. Tabacco, Jr. and the attorneys of Berman DeValerio are experienced class action litigators who have extensive experience in antitrust class actions. Further, Berman DeValerio has already expended a significant amount of resources identifying and researching the claims associated with this matter and currently has the necessary resources to commit to representing the class of direct purchasers of CRTs and CRT products. Finally, the manner in which Berman DeValerio proposes to litigate this matter will be more equitable to the class than the costly governing structures that are usually proposed for these types of actions. For the foregoing reasons, the Univisions Plaintiffs respectfully request that Joseph J. Tabacco, Jr. and Berman

1 DeValerio be appointed interim lead counsel on behalf of the putative class of direct purchasers for
2 these consolidated class actions.

3 Dated:  February 29, 2008              **BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO**

By: /s/ Christopher T. Heffelfinger
Christopher T. Heffelfinger

Joseph J. Tabacco, Jr.
Matthew D. Pearson
425 California Street, Suite 2100
San Francisco, CA  94104-2205
Telephone: (415) 433-3200
Facsimile:  (415) 433-6382

Manuel J. Dominguez
**BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO**
222 Lakeview Avenue, Suite 900
West Palm Beach, FL  33401
Telephone: (561) 835-9400
Facsimile:  (561) 835-0322

Marc J. Greenspon
**LAW OFFICE OF MARC J. GREENSPON**
6200 Spring Isles Blvd.
Lake Worth, FL 33463
Telephone: (954) 817-6272
Facsimile:  (954) 439-0651
E-Mail: mjgreenspon@yahoo.com

**Attorneys for Plaintiffs Univisions-Crimson Holding, Inc., Central New York Univision Video Systems, Inc. and Crimson Tech, Inc.**