Gordon Ball [TN SBN 001135]
**BALL & SCOTT**
550 Main Avenue, Suite 750
Knoxville, TN  37902
Telephone:     (865) 525-7028
Facsimile:      (865) 525-4679
Email:            gball@ballandscott.com

Daniel R. Karon [OH SBN 0069304; IL SBN 6207193]
Mark S. Goldman [PA SBN 48049]
Brian D. Penny [PA SBN 86805]
**GOLDMAN SCARLATO & KARON, P.C.**
55 Public Square, Suite 1500
Cleveland, OH  44113
Telephone:     (216) 622-1851
Facsimile:      (216) 622-1852
Email:            karon@gsk-law.com

Gilmur R. Murray [CA SBN 111856]
Derek G. Howard [CA SBN 118082]
**MURRAY & HOWARD LLP**
436 14th Street, Suite 1413
Oakland, CA 94612
Telephone:     (510) 444-2660
Facsimile:      (510) 444-2522
Email:            dhoward@murrayhowardlaw.com

*Attorneys for Plaintiffs and Proposed Interim Class Counsel for the Indirect-Purchaser Plaintiffs*
[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBES ANTITRUST LITIGATION | Master File No.: 3:07-CV-5944<br><br>MDL No. 1917<br><br>**MULTI-STATE, INDIRECT-PURCHASER PLAINTIFFS' MEMORANDUM SUPPORTING THEIR MOTION FOR APPOINTMENT OF INTERIM CO-LEAD, INDIRECT-PURCHASER CLASS COUNSEL AND ENTRY OF PROPOSED CASE-MANAGEMENT ORDER** |
| This document relates to:<br><br>All Indirect-Purchaser Actions | DATE: April 4, 2008<br>TIME: 10:00 a.m.<br>COURTROOM:  1, 17th Floor<br>JUDGE:  Samuel Conti |

# FACTS

The Multi-State Group, consisting in part of Gordon Ball of Ball & Scott and Daniel R. Karon of Goldman, Scarlato & Karon, P.C., represents alleged price-fixing victims in Arizona, Arkansas, Kansas, Minnesota, South Carolina, Tennessee, and Vermont—states whose antitrust laws recognize claims for price-fixed products' indirect purchasers.[1] With the assistance of multiple local counsel, the Multi-State Group has filed the following antitrust complaints on behalf of multiple clients in multiple states:

| Case Name | Case Number | Date Filed | Court |
|---|---|---|---|
| *Glanz v. Chunghwa Picture Tubes, Ltd. et al.* | 4:07-cv-04175-TLW | 12/31/07 | D.S.C. |
| *Slagle v. Chunghwa Picture Tubes, Ltd., et al.* | 2:08-cv-00005-WKS | 1/09/08 | D. Vt. |
| *Luscher v. Chunghwa Picture Tubes, Ltd., et al.* | 2:08-cv-00055-LOA | 1/10/08 | D. Ariz. |
| *Southern Office Supply, Inc. v. Chunghwa Picture Tubes, Ltd., et al.* | 1:08-cv-00062-DCN | 1/10/08 | N.D. Ohio |
| *Cook v. Chunghwa Picture Tubes, Ltd., et al.* | 5:08-cv-05013-JLH | 1/11/08 | W.D. Ark. |
| *Benson v. Chunghwa Picture Tubes, Ltd., et al.* | 2:08-cv-000011-JRG | 1/14/08 | E.D. Tenn. |
| *Kushner v. Chunghwa Picture Tubes, Ltd., et al.* | 0:08-cv-00160-MMC | 1/17/08 | D. Minn. |

///
///

---

[1] Daniel R. Karon, "Your Honor, Tear Down that Illinois Brick Wall!" The National Movement Toward Indirect Purchaser Antitrust Standing and Consumer Justice, 30 Wm. Mitchell L. Rev. 1351, *passim* (2004) (explaining that multiple states' antitrust statutes are generally understood as permitting indirect purchasers to pursue price-fixing claims and demonstrating that the states the Multi-State Group represents constitute a majority of ) (Exhibit A).

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA 94612
Tel. (510) 444-2660
Fax (510) 444-2522

1
MULTI-STATE, INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM SUPPORTING THEIR MOTION FOR APPOINTMENT OF INTERIM CO-LEAD, INDIRECT-PURCHASER CLASS COUNSEL AND ENTRY OF PROPOSED CASE-MANAGEMENT ORDER

Each of these lawsuits alleges single-state classes under each individual state's antitrust and unjust-enrichment laws.[2] In doing so, these complaints recognize and respect the standing, subject-matter-jurisdiction, and class-membership concerns associated with pleading indirect-purchaser claims—especially after CAFA—which is why class representatives exist for every one of these individual, state-law complaints, as opposed to had the Multi-State Group merely sued multi-state claims in a single class representative's name or overbroadly sued multi-state claims under a single state's substantive law.

After these plaintiffs and multiple Californians filed their antitrust complaints, the JPML heard oral argument on various parties' consolidation and transfer motions. On February 27, 2008, the Panel transferred all these related actions to this Court for coordinated or consolidated pretrial proceedings.[3] Considering the multiple, related antitrust cases transferred,[4] Plaintiffs request that this Court consolidate these cases (mindful of the distinction between direct-purchaser and indirect-purchaser claims, of course); appoint the Multi-State Group's Gordon Ball and Daniel Karon co-lead, indirect-purchaser class counsel; and enter the attached case-management order.[5]

## LAW AND DISCUSSION

"In multi-party, multi-case litigation, the district court's success is largely dependent on its ability to uncomplicate matters."[6] Thus, the "multiplicity of suits requires that the district court be allowed to combine procedures, appoint lead counsel, recognize steering committees of lawyers, limit and manage discovery, etc. to minimize expense to all litigants and to provide judicial efficiency."[7]

---

[2] *See* Daniel R. Karon, <u>Undoing the Otherwise Perfect Crime. Applying Unjust Enrichment to Consumer Price-Fixing Claims</u>, 108 W. Va. L. Rev. 395, *passim* (2005) (describing unjust enrichment's applicability to indirect-purchaser, price-fixing claims) (Exhibit B).
[3] *See In re* CRT Antitrust Litig., MDL 1917. slip op. (JPML Feb. 27, 2008) (Exhibit C).
[4] *See id.* at Schedule CTO-1.
[5] *See* Exhibit D.
[6] *In re* Recticel Foam Corp., 859 F. 2d 1000, 1004 (1st Cir. 1988).
[7] *In re* Show Denko K.K., 953 F.2d 162, 165 (4th Cir. 1992). S*ee also In re* Linerboard Antitrust Litig., 292 F. Supp. 2d 644, 653 (E.D. Pa. 2003); Manual for Complex Litigation §10.22 (4th ed. 2004).

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA  94612
Tel. (510) 444-2660
Fax (510) 444-2522

2
MULTI-STATE, INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM SUPPORTING THEIR MOTION FOR APPOINTMENT OF INTERIM CO-LEAD, INDIRECT-PURCHASER CLASS COUNSEL AND ENTRY OF PROPOSED CASE-MANAGEMENT ORDER

**A.  Efficiently administering these related cases supports consolidating them.**

Under F.R.C.P. 42(a), "[w]hen actions involving a common question of law or fact are pending before the court, . . . it may order all the actions consolidated . . . ." Since the direct- and indirect-purchaser actions involve common, and in many respects identical, legal and factual questions, consolidation will avoid unnecessary costs and delay, maintain efficiency, and assure consistent and orderly case administration.

Plaintiffs' proposed CMO embraces the Manual for Complex Litigation's recommendation for handling complex litigation by suggesting the related cases' consolidation to maximize organization and efficiency[8] and adopts the Manual's initial schedule for filing pleadings and conducting discovery.[9] Plaintiffs foresee long and complicated litigation involving extensive discovery, challenging factual and legal issues, and intricate economic analysis relating to damages, and Plaintiffs' proposed CMO consolidating the related actions facilitates this litigation's orderly advancement, thus saving the Court and parties substantial time, savings, and expense.

**B.  Rule 23(g) describes the factors for a district court to consider when appointing co-lead class counsel.**

Appointing co-lead class counsel is critical to this litigation proceeding in an organized and efficient manner. When considering who to appoint co-lead counsel, Rule 23(g) instructs a district court to evaluate several factors:

> (B)  An attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class.
>
> (C)  In appointing class counsel, the court
>
>   (i)  must consider:
>
>   • the work counsel has done in identifying or investigating potential claims in the action,

---

[8] *See* Manual at §10.123.
[9] *See id* at §11.212.

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA 94612
Tel. (510) 444-2660
Fax (510) 444-2522

3
MULTI-STATE, INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM SUPPORTING THEIR MOTION FOR APPOINTMENT OF INTERIM CO-LEAD, INDIRECT-PURCHASER CLASS COUNSEL AND ENTRY OF PROPOSED CASE-MANAGEMENT ORDER

- counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,
- counsel's knowledge of the applicable law, and
- the resources counsel will commit to representing the class;

Appointing co-lead counsel that meets Rule 23(g)'s requirements and assigning them responsibilities like those described in Plaintiffs' proposed CMO comports with the Manual's recommended organizational structure and goal of achieving "efficiency and economy" in the litigation.[10]

### C. The Multi-State Group's Messrs. Ball and Karon will fairly and adequately represent the class's best interests, particularly the many, many non-Californians involved.

As courts evaluating the adequacy of the representation requirement at class certification have repeatedly held, a class is fairly and adequately represented where counsel are qualified, experienced, and generally are able to conduct the litigation on its behalf.[11] Where proposed class counsel "include some of the most experienced lawyers in the United States in the prosecution of antitrust . . . class actions" and demonstrate that they are "ready, willing and able to devote the resources necessary to litigate the case vigorously," the adequacy requirement is satisfied.[12]

The Multi-State Group's Messrs. Ball and Karon meet and exceed Rule 23(g)'s criteria for class counsel's appointment. The experience described in their respective CVs,[13] along with their retention by plaintiffs in seven states and association with multiple local counsel, further

---

[10] *See id.* at §10.221.
[11] *See, e.g., In re* Am. Med. Sys., Inc., 75 F.3d 1069, 1083 (6th Cir. 1996) ("[I]t must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel."); Allen v. Leis, 204 F.R.D. 401, 407 (S.D. Ohio 2001) (class counsel satisfy adequacy requirement where able to prosecute the action vigorously).
[12] *In re* NASDAQ Market-Makers Antitrust Litig., 169 F.R.D. 493, 515 (S.D.N.Y. 1996).
[13] *See* Group Exhibit E.

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA 94612
Tel. (510) 444-2660
Fax (510) 444-2522

demonstrate that they can fairly and adequately represent the indirect-purchaser class.[14]  In fact, Messrs Ball and Karon's Multi-State Group includes some of the Country's most experienced indirect-purchaser, antitrust class actions attorneys, including many who have repeatedly served as lead counsel in MDL cases.  For example, its members currently serve as co-lead counsel or executive committee members in *In re MMA Indirect-Purchaser Antitrust Litigation,* MDL 1768 (E.D. Pa.); *In re Hydrogen Peroxide Indirect-Purchaser Antitrust Litigation,* MDL 1682 (E.D. Pa.); *In re Plastic Additives Antitrust Litigation,* MDL 1684 (E.D. Pa.); and *In re Bausch & Lomb Contact Lens Product Liability Litigation,* MDL 1785 (D.S.C.).

With Messrs. Ball and Karon's uninvolved in this litigation's leadership, which would necessarily mean the exclusion of all others comprising the Multi-State Group, the class loses considerable—if not all—non-California indirect-purchaser legal expertise—expertise that Messrs. Ball and Karon, as well as their Multi-State Group colleagues, spent many pre-CAFA years successfully developing.  To this end, Messrs. Ball and Karon and their Multi-State Group have already committed considerable time and effort to researching and litigating this case, as demonstrated through their multiple retentions, and Messrs. Ball and Karon stand ready, willing, and able to commit the continued energy and resources necessary to vigorously litigate it.

**D. The Multi-State Group's Messrs. Ball and Karon have extensive experience handling indirect-purchaser antitrust cases, know the applicable law, and pledge to commit considerable resources to represent the class.**

As their respective CVs demonstrate, Messrs. Ball and Karon have litigated multiple indirect-purchaser, antitrust class actions.[15]  Indeed, they have litigated many of these cases through class certification and just recently obtained a class-certification ruling in a similar, if not more difficult, indirect-purchaser lawsuit in Iowa.[16]  Experience and expertise of this nature are essential when litigating a case of CRT's magnitude.

---

[14] *See* Fed. R. Civ. P. 23(g)(1)(B).
[15] *See* supra n.13.

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA 94612
Tel. (510) 444-2660
Fax (510) 444-2522

The Multi-State Group's detailed complaints alleging various theories under multiple states' laws likewise display its efforts investigating and researching the facts and law. And its past successes demonstrate that Messrs. Ball and Karon and the Multi-State Group's members possess the resources necessary to properly represent their clients and the class.[17] As such, Messrs. Ball and Karon have the experience and resources necessary to successfully direct this case, and they pledge to use their experience and resources to zealously represent all indirect purchasers' interests, whether residing in California or elsewhere.

**E.     Messrs. Ball and Karon are submitting a proposed CMO that provides an orderly method for commencing and conducting this case.**

Messrs. Ball and Karon are submitting a CMO proposing an orderly structure for handling the cases transferred to this Court and any later-filed cases. This CMO consolidates all these actions and, as part of that consolidation, provides for direct- and indirect-purchaser, consolidated-amended complaints. This proposed CMO doesn't contemplate staying discovery but instead proposes that direct- and indirect-purchaser counsel promptly negotiate an appropriate scheduling order with defendants.

To maintain this lawsuit's proposed efficient and orderly progress, the Messrs. Ball and Karon's proposed CMO also requires court conferences every eight weeks with the parties required to file status reports beforehand. Further, pending an appropriate protective and confidentiality order, the proposed CMO requires the parties to preserve documents. The proposed CMO's provisions and requirements comport with the Manual's recommended organizational structure and ultimate goal of achieving "efficiency and economy" in the litigation.[18]

///

///

---

[16] *See* Anderson Contracting, Inc. v. Bayer AG, No. CL 95959, slip op. (Iowa Dist. Ct., Polk Cty. Mar. 19, 2007) (Exhibit F).
[17] *See id*.
[18] *See* MANUAL at §10.221.

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA 94612
Tel. (510) 444-2660
Fax (510) 444-2522

**F. Seven plaintiffs and their counsel—representing alleged victims in seven different states—support Messrs. Ball and Karon's appointment as co-lead, indirect-purchaser class counsel.**

According to the JPML's Transfer Order, the Panel transferred multiple related cases– many of them indirect-purchaser cases.  In a conspiracy of defendants' alleged scope, multiple related cases aren't surprising, and when "deciding on [co-lead counsel] appointment, courts in class actions have traditionally exercised case-by-case discretion, often relying on competing counsel to work out an arrangement, also known as private ordering."[19]  To this end, district courts generally prefer private ordering, which is by far the most common method for selecting lead counsel.[20]

Although Messrs. Ball and Karon and the Multi-State Group remain interested in working collaboratively and remain particularly concerned about the interests of consumers in states *besides* California—which non-California claims are their admitted expertise—California counsel, who know *California* law as that's the law they practiced pre-CAFA don't appear interested in managing this case together and have expressed no game plan for doing so, much less litigating it.  Messrs. Ball and Karon seek to work with *all* other counsel interested in sharing co-lead responsibilities and to combine *all* firms' expertise—whether in California law or other states' law—in litigating this lawsuit's multiple (including California as merely one) state-law claims.

To this end, Messrs. Ball and Karon and the Multi-State Group's members have successfully managed indirect-purchaser cases for years.[21]  And with CAFA's enactment, Messrs. Ball and Karon were some of the first to appreciate the new technique by which to plead indirect-purchaser cases,[22] thus leading to the first federal-court decision sustaining this new, indirect-purchaser pleading

---

[19] Third Circuit Task Force on Selection of Class Counsel, 74 Temple L. Rev. 689, 705 (2001) (Exhibit H). *See also* MANUAL at §21.271.
[20] MANUAL at §21.272.
[21] *See* supra n.13.
[22] *See, e.g.,* Daniel R. Karon, Multi-State Class Actions After CAFA—Preserving Consumers' Rights by Pleading Creatively, ABA's Class Actions Today 9, *passim* (special edition 2007) (describing effective new ways to plead multi-state, class-action claims following consolidation due to CAFA) (Exhibit G).  *See also* Daniel R. Karon, "How Do You Take Your Multi-State, Class-Action Litigation?  One Lump or Two?"  Infusing State Class-Action Jurisprudence into Federal, Multi-State Class-Certification Analyses in a "CAFA-nated" World, 46 Santa Clara L. Rev. 567, *passim* (2006) (explaining how courts and the parties may consider and appreciate state class-certification decisions under F.R.C.P. 23 under CAFA's new federal, procedural construct) (Exhibit H).

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA 94612
Tel. (510) 444-2660
Fax (510) 444-2522

7
MULTI-STATE, INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM SUPPORTING THEIR MOTION FOR APPOINTMENT OF INTERIM CO-LEAD, INDIRECT-PURCHASER CLASS COUNSEL AND ENTRY OF PROPOSED CASE-MANAGEMENT ORDER

theory.[23] But others' complaints contain theoretical pitfalls that may affect the entire indirect-purchaser case, such as alleging *multiple* state-law claims in a *single* class representative's name, thus creating potentially insurmountable standing, subject-matter jurisdiction, and class-membership issues. And while these theories will work for single-state classes, they remain untenable when applied to class members' claims in various jurisdictions, such as the multiple other jurisdictions that the Multi-State Group represents.

Pleading in this expansive manner may present problems under the current, post-CAFA circumstances, and limited authority exists for sustaining these sorts of ambitious allegations. So concerned about this litigation's management, the Multi-State Group believes that at least some of its members should direct or participate in directing the indirect-purchaser case given their expertise and success litigating indirect-purchaser cases around the country—not just in California—especially given the described pleadings, which pleadings will ultimately bind the Multi-State Group's multiple clients (indeed, more clients representing more states than any other counsel or counsel group). For these reasons, multiple other law firms in multiple other states also support Messrs. Ball and Karon's effort to direct this case.

## **CONCLUSION**

Consolidation will surely provide much easier management of these cases. With their extensive and nationwide indirect-purchaser litigation experience, the Multi-State Group's Messrs. Ball and Karon pledge to conduct this case in the most efficient and inclusive manner possible; that's why multiple plaintiffs and counsel nationwide support their appointment. And in their continued spirit of inclusion, Messrs. Ball and Karon remain eager to cooperate with other potential lead-counsel groups. But whether working alone or with others, Messrs. Ball and Karon aim to forge ahead and do that which they do best—aggressively represent their clients, especially in today's post-CAFA world.

---

[23] *See* D.R. Ward Constr. Co. v. Rohm & Haas Co., MDL 1684, 2006 U.S. Dist. LEXIS 61828 (E.D. Pa. May 31, 2006) (denying defendants' motions to dismiss plaintiffs' post-CAFA exemplar-state statutory and common-law claims).

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA 94612
Tel. (510) 444-2660
Fax (510) 444-2522

8
MULTI-STATE, INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM SUPPORTING THEIR MOTION FOR APPOINTMENT OF INTERIM CO-LEAD, INDIRECT-PURCHASER CLASS COUNSEL AND ENTRY OF PROPOSED CASE-MANAGEMENT ORDER

Plaintiffs therefore respectfully request that this Honorable Court enter the proposed CMO and appoint the Gordon Ball and Daniel Karon indirect-purchaser interim class counsel.

Dated:  March 5, 2008                         Respectfully submitted,


                                                          */s/Derek G. Howard*
Gilmur R. Murray
Derek G. Howard
**MURRAY & HOWARD, LLP**
436 14th Street, Suite 1413
Oakland, CA  94612
Telephone:     (510) 444-2660
Facsimile:       (510) 444-2522
Email:             dhoward@murrayhowardlaw.com

Gordon Ball
**BALL & SCOTT**
550 Main Ave., Suite 601
Knoxville, TN  37902
Telephone:     (865) 525-7028
Facsimile:       (865) 525-4679
E-mail:            gball@ballandscott.com

Daniel R. Karon
Mark S. Goldman
Brian D. Penny
**GOLDMAN SCARLATO & KARON, P.C.**
55 Public Square, Suite 1500
Cleveland, OH  44113
Telephone:     (216) 622-1851
Facsimile:       (216) 622-1852
Email:             karon@gsk-law.com

Isaac L. Diel
**SHARP McQUEEN, P.A.**
Financial Plaza
6900 College Boulevard, Suite 285
Overland Park, KS  66211
Telephone:     (913) 661-9931
Facsimile:       (913) 661-9935
E-mail:            dslawkc@aol.com

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA  94612
Tel. (510) 444-2660
Fax (510) 444-2522

9
MULTI-STATE, INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM SUPPORTING THEIR MOTION FOR APPOINTMENT OF INTERIM CO-LEAD, INDIRECT-PURCHASER CLASS COUNSEL AND ENTRY OF PROPOSED CASE-MANAGEMENT ORDER

Krishna B. Narine
**LAW OFFICE OF KRISHNA B. NARINE**
7839 Montgomery Ave.
Elkins Park, PA  19027
Telephone:	(215) 771-4988
Facsimile:	(215) 782-3241
E-mail:		knarine@kbnlaw.com

John Gressette Felder, Jr
**McGOWAN HOOD FELDER & JOHNSON**
3710 Landmark Drive, Suite 114
Columbia, SC  29204
Telephone:	(803) 327-7800
Facsimile:	(803) 328-5656
E-mail:		jfelder@mcgowanhood.com

S. Randall Hood
William A. McKinnon
**McGOWAN HOOD FELDER & JOHNSON**
1539 Healthcare Drive
Rock Hill, SC  29732
Telephone:	(803) 327-7800
Facsimile:	(803) 328-5656
E-mail:		cmcgowan@mcgowanhood.com

Donna F. Solen
**THE MASON LAW FIRM**
1225 19th Street NW, Suite 500
Washington, DC  20036
Telephone:	(202) 429-2290
Facsimile:	(202) 429-2294
Email:		dsolen@masonlawdc.com

Mary G. Kirkpatrick
**LISMAN WEBSTER KIRKPATRICK & LECKERLING, P.C.**
84 Pine Street
P.O. Box 728
Burlington, VT  05402-0728
Telephone:	(802) 864-5756
Facsimile:	(812) 864-3629
E-mail:		mkirk@vtlawfirm.com

**MURRAY & HOWARD, LLP**
436 14th Street, Suite 1413
Oakland, CA  94612
Tel. (510) 444-2660
Fax (510) 444-2522

10
MULTI-STATE, INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM SUPPORTING THEIR MOTION FOR APPOINTMENT OF INTERIM CO-LEAD, INDIRECT-PURCHASER CLASS COUNSEL AND ENTRY OF PROPOSED CASE-MANAGEMENT ORDER

Robert J. Pohlman
**RYLEY CARLOCK & APPLEWHITE**
One North Central Avenue, Suite 1200
Phoenix, AZ  85004
Telephone:     (602) 258-7701
Facsimile:     (602) 257-9582
E-mail:            rpohlman@rcalaw.com

Karl L. Cambronne
**CHESTNUT & CAMBRONNE**
3700 Campbell MithunTower
222 South Ninth Street
Minneapolis, MN  55402
Telephone:   (612) 339-7300
Facsimile:    (612) 336-2940
E-mail:           kcambrone@chestnutcambronne.com

Steven J. Miller
**MILLER GOLER FAEGES LLP**
100 Erieview Plaza, 27th Floor
Cleveland, OH  44114
Telephone:     (216) 696-3366
Facsimile:      (216) 363-5835
E-mail:             miller@millergolerfaeges.com

Daniel J. Mulligan
**JENKINS MULLIGAN & GABRIEL LLP**
225 Bush Street, 16th Floor
San Francisco, CA  94104
Telephone:   (415) 982-8500
Facsimile:    (415) 982-8515
E-mail:           dan@jmglawoffices.com

F. Xavier Starkes
**STARKES LAW FIRM, LLC**
P.O. Box 1497
Columbia, SC  29202
Telephone:     (803) 758-2882
Facsimile:      (803) 758-2454
E-mail:             xavier@starkeslawfirm.com

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA  94612
Tel. (510) 444-2660
Fax (510) 444-2522

11
MULTI-STATE, INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM SUPPORTING THEIR MOTION FOR APPOINTMENT OF INTERIM CO-LEAD, INDIRECT-PURCHASER CLASS COUNSEL AND ENTRY OF PROPOSED CASE-MANAGEMENT ORDER

Bruce Mulkey
**THE MULKEY ATTORNEYS GROUP, P.A.**
1039 W. Walnut, Suite 3
Rogers, AR  72756
Telephone:	(479) 631-0481
Facsimile:	(479) 631-5994
E-mail:	bruce@mulkeylaw.com

Charles M. Kester
**THE KESTER LAW FIRM**
P.O. Box 184
Fayetteville, AR 72702
Telephone:	(479) 582-4600
Facsimile:	(479) 571-1671
E-mail:	cmkester@nwark.com

*Additional supporting indirect-purchaser counsel of record*

**MURRAY & HOWARD, LLP**
436 14th Street, Suite 1413
Oakland, CA  94612
Tel. (510) 444-2660
Fax (510) 444-2522

12
MULTI-STATE, INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM SUPPORTING THEIR MOTION FOR APPOINTMENT OF INTERIM CO-LEAD, INDIRECT-PURCHASER CLASS COUNSEL AND ENTRY OF PROPOSED CASE-MANAGEMENT ORDER