Francis O. Scarpulla (41059)
Craig C. Corbitt (83251)
Matthew R. Schultz (220641)
Judith A. Zahid (215418)
Traviss L. Galloway (234678)
ZELLE, HOFMANN, VOELBEL, MASON
& GETTE LLP
44 Montgomery Street - Suite 3400
San Francisco, CA 94104
Telephone:     (415) 693-0700
Facsimile:      (415) 693-0770
fscarpulla@zelle.com
ccorbitt@zelle.com

Christopher Lovell
Craig M. Essenmacher
Keith Essenmacher
Imtiaz A. Siddiqui
LOVELL STEWART HALEBIAN LLP
500 Fifth Avenue, Floor 58
New York, NY 10110
Telephone:     (212) 608-1900
Facsimile:      (212) 719-4775
clovell@lshllp.com
cessenmacher@lshllp.com
kessenmacher@lshllp.com
isiddiqui@lshllp.com

*Attorneys for Plaintiffs and the Proposed Interim Class Counsel for the Indirect-Purchaser Plaintiffs*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This document relates to:<br><br>All Indirect-Purchaser Actions | Case No. CV-07-5944-SC<br>MDL No. 1917<br><br>**ZELLE HOFMANN'S AND LOVELL STEWART'S OPPOSITION TO THE MOTIONS OF MESSRS. BALL AND KARON AND TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP TO APPOINT INTERIM CLASS COUNSEL FOR THE INDIRECT-PURCHASER PLAINTIFFS**<br><br>DATE: April 4, 2008<br>TIME: 10:00 a.m.<br>COURTROOM: 1, 17TH Floor<br>Honorable Samuel Conti |

## I. INTRODUCTION

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the law firms of Lovell Stewart Halebian LLP ("Lovell Stewart") and Zelle, Hofmann, Voelbel, Mason & Gette, LLP ("Zelle Hofmann") respectfully submit this memorandum in opposition to the separate motions of (1) Gordon Ball and Daniel Karon ("Ball and Karon") and (2) Trump, Alioto, Trump & Prescott LLP ("TATP") seeking appointment as Interim Class Counsel for the Indirect-Purchaser Plaintiffs in *In re Cathode Ray Tube (CRT) Antitrust Litigation* ("CRTs").[1] As discussed in the Zelle/Lovell moving papers, the firms of Lovell Stewart and Zelle Hofmann possess extensive and unparalleled experience in successfully leading and achieving substantial results in indirect-purchaser antitrust class actions (including serving a number of times as lead counsel in technology-intensive actions). Zelle/Lovell have unmatched knowledge of the applicable law, have taken the lead in the identification and investigation of potential claims in this litigation, and have substantial nationwide resources.  *See* Memorandum of Points and Authorities In Support of Zelle Hofmann's and Lovell Stewart's Motion for Appointment as Interim Class Counsel for Indirect Purchaser Plaintiffs dated February 25, 2008 (Docket No. 99-2) ("Zelle/Lovell Moving Mem.") at 1-6.  Lovell Stewart and Zelle Hofmann have no objection to working with any of the firms seeking appointment as interim class counsel, on an Executive Committee or other capacity, should the Court approve and if it serves to achieve the best interests of the Indirect-Purchaser Plaintiffs.

## II. ARGUMENT

As provided in greater detail in their moving papers, Lovell Stewart and Zelle Hofmann are the most qualified to serve as interim class counsel, according to the Federal Rule of Civil Procedure 23(g)'s four factors that a court must consider when appointing class counsel—(a) the

---

[1] TATP first filed a complaint in this action on December 13, 2007, and Ball and Karon first filed a complaint in this action on December 31, 2007, a month and more than six weeks, respectively, after Lovell Stewart filed the first complaint in the nation on November 13, 2007. Both the TATP and Ball and Karon motions fail to mention Lovell Stewart's first filed complaint in this multidistrict litigation.

2

work counsel has done in identifying or investigating potential claims in the action; (b) counsel's experience in class actions, other complex litigation, and claims of the type asserted in the action; (c) counsel's knowledge of the applicable law; and (d) the resources counsel will commit to representing the class. Fed.R.Civ.P. 23(g)(1)(A)(i)-(iv). The competing motions fail to provide the Court with even a fraction of the detail that Lovell Stewart and Zelle Hofmann have offered with respect to the four factors. Accordingly, Lovell Stewart and Zelle Hofmann respectfully seek appointment as Interim Co-Lead Counsel for the Indirect-Purchaser Plaintiffs.

### A. Lovell Stewart and Zelle Hofmann Have Taken the Lead in the Identification and Investigation of Potential Claims in this Litigation.

As set forth in greater detail in their moving papers, Lovell Stewart and Zelle Hofmann have an unparalleled familiarity with the issues and claims involved in this case as a result of their active representation of indirect purchasers in leadership roles in the *SRAM*, *LCDs*, and *Flash Memory* actions, all presently pending in this District. *See* Zelle/Lovell Moving Mem. at 1-3, 5-6. Attorneys at Lovell Stewart and Zelle Hofmann have investigated the claims herein, and are working with economists and other experts to study the market. Significantly, many of the factual and legal issues, as well as the defendants, in the instant litigation overlap with those present in the technology-intensive antitrust actions that these firms are already leading. *See* Zelle/Lovell Moving Mem. at 1-3, 5-6. Moreover, because of the firms' substantial involvement in the *LCDs* litigation (Zelle Hofmann serving as Co-Lead and Lovell Stewart serving as a member of the Working Group), they are already highly knowledgeable of the television and computer monitor industry, which is also at the center of this litigation.

### B. Lovell Stewart and Zelle Hofmann Have the Most Extensive Experience in Indirect-Purchaser Antitrust Class Actions.

As described in detail in their moving papers, Lovell Stewart and Zelle Hofmann have the most extensive experience of all firms in the United States in leading indirect-purchaser antitrust class actions, particularly in those cases relating to technology-intensive industries. *See* Zelle/Lovell Moving Mem. at 1-3. Contrariwise, in their briefs, TATP highlights only one

antitrust case in which it recently served as co-lead counsel (see TATP Motion for Appointment of Interim Lead Counsel for Indirect Purchaser Class (Docket No. 90) at 5-6), and Ball and Karon cite to only four examples in which either Ball or Karon currently serves as co-lead counsel or on an executive committee, without providing any specificity as to the positions held or the results achieved in any case (*see* Memorandum Supporting Ball and Karon's Motion for Appointment as Interim Co-Lead Indirect-Purchaser Class Counsel (Docket No. 114) ("Ball and Karon Br.") at 5).[2] This pales in comparison to the number of cases in which Lovell Stewart or Zelle Hofmann have led or currently lead, and to the substantial results both firms have helped obtain for class plaintiffs, set forth in their moving papers.

As far as having been appointed by other courts to leadership positions—even if solely focusing on technology-intensive indirect-purchaser class actions—Lovell Stewart currently serves as the court-appointed Co-Lead Counsel for plaintiffs in *In re Rambus Antitrust Litig.*, No. C 06-4852-RMW (N.D. Cal.); and *In re Digital Music Antitrust Litig.*, 06 Civ. 1780 (LAP) (S.D.N.Y.).  *See* Declaration of Francis O. Scarpulla in Support of Motion for Appointment as Interim Class Counsel for the Indirect Purchaser Plaintiffs dated February 25, 2008 (Docket No.99-3) ("Scarpulla Decl.") ¶6, Ex. B.   Zelle Hofmann was recently appointed Lead Counsel on behalf of Indirect Purchasers in *In re Static Random Access Memory (SRAM) Antitrust Litig.*, MDL No. 07-1819 (N.D. Cal.) ("*SRAM*"); and as Co-Lead Counsel on behalf of Indirect Purchasers in both *In re TFT-LCD (Flat Panel) Antitrust Litig.,* MDL No. 07-1827 (N.D. Cal.) ("*LCDs*"); and *In re Flash Memory Antitrust Litig.*, MDL No. 1852 (N.D. Cal.) ("*Flash Memory*"); and Zelle Hofmann also successfully led litigation (including two jury trials) against Microsoft Corporation: *Microsoft Corp. Antitrust Litig.*, No. 00-5994 (Hennepin Co. Dist. Ct., Minnesota), as Co-Lead; *Microsoft Corp. Antitrust Litig.*, No. CL 82311 (Polk Co. Dist. Ct., Iowa), as Co-Lead; *Microsoft Corp. Antitrust Litig.*, No. 05-CV-010927 (Milwaukee Co. Dist. Ct., Wisconsin), as Co-

---

[2] Despite citing to a number of exhibits in their papers, Ball and Karon seemingly failed to include these exhibits with their motion.

1  Lead; and *Microsoft Cases*, J.C.C.P. No. 4106 (San Francisco Superior Court), as Liaison Counsel
2  and Chair of the Executive Committee. *See* Zelle/Lovell Moving Mem. at 2; *see also*, Scarpulla
3  Decl. ¶3, Exhibit A. Furthermore, looking beyond the technology-intensive cases, these two firms
4  have led and helped to obtain substantial settlements in countless cases over the years, also listed
5  in great detail in their moving papers and firm resumes. *See* Zelle/Lovell Moving Mem. at 10-15;
6  Scarpulla Decl., Exs. C and D.

The Lovell/Zelle team also has a proven track record of obtaining superior results for class members. For instance, in the *Microsoft* indirect-purchaser antitrust litigation, of 20 state court indirect-purchaser cases, the four states with the highest per capita recovery were the four states in which Zelle Hofmann was either Liaison or Co-Lead Counsel (California, Minnesota, Wisconsin and Iowa), as illustrated in Exhibit A attached to Declaration of Judith A. Zahid In Support of Zelle Hofmann's and Lovell Stewart's Opposition to the Motions of Messrs. Ball and Karon and Trump, Alioto, Trump & Prescott, LLP to Appoint Interim Class Counsel for the Indirect-Purchaser Plaintiffs, filed herewith.[3] In addition, Lovell Stewart obtained, as Sole Lead or Co-Lead Counsel, what were at the times of the settlements the largest class action recoveries in the history of the Sherman Act, 15 U.S.C. § 1 et seq., the Commodity Exchange Act, 7 U.S.C. § 1 et seq., and the Investment Company Act, 15 U.S.C. § 80a-1 et seq. *See* Zelle/Lovell Moving Mem. at 12.

### C. Lovell Stewart and Zelle Hofmann Have Unmatched Knowledge of the Applicable Law.

Lovell Stewart and Zelle Hofmann have extensive knowledge of the applicable laws of all the states where an indirect-purchaser action is allowed by law. *See* Zelle/Lovell Moving Mem. at

---

[3] Incidentally, Mr. Ball, moving for lead counsel in this action, represented the Tennessee class, which received a substantially lower per-capita settlement than the classes represented by Zelle Hofmann in the Microsoft cases. *See id.* Moreover, Zelle Hofmann and its co-counsel were just granted final approval for a $96 million cash settlement on behalf of California consumers of smokeless tobacco, in *Smokeless Tobacco Cases I-IV,* J.C.C.P. Nos. 4250, 4258, 4259, 4262 (San Francisco Super Ct. Mar. 12, 2008). Again, Mr. Ball and his co-counsel represented a class of Tennessee consumers of smokeless tobacco, and settled for mere coupons.

1-3; 5-6.  While their attack may have been directed at TATP, whose papers set forth primarily examples of Mr. Alioto having litigated for several years under California law, Ball and Karon have inaccurately framed their competing motion as their self-proclaimed "multi-state" group against the "Californians."  *See, e.g.,* Memorandum Supporting Ball and Karon's Motion for Appointment as Interim Co-Lead Indirect-Purchaser Class Counsel (Docket No. 114) ("Ball and Karon Br.") at 2 ("[a]fter these plaintiffs and multiple Californians filed their antitrust complaints").  In fact, Lovell Stewart, a New York firm with attorneys in Michigan and Alabama (and a Washington affiliate), filed the first complaint in this multidistrict action on November 13, 2007, on behalf of a Michigan plaintiff; Zelle Hofmann, a nationwide firm with offices in California, Minnesota, Massachusetts, Texas, and Washington D.C. (with affiliates in China), filed its cases on behalf of California and Minnesota plaintiffs; and together, the firms filed a case on behalf of Tennessee plaintiffs.

Ball and Karon blatantly ignore these facts when they state that they "remain particularly concerned about the interests of consumers in states *besides* California."  Ball and Karon Br. at 7.  This statement seems to make the erroneous assumption that Lovell Stewart and Zelle Hofmann are not concerned about the interests of consumers outside of California, when in fact, not only do Lovell Stewart and Zelle Hofmann represent plaintiffs in California, Minnesota, Michigan and Tennessee, but they also have the support from firms who represent plaintiffs in Arizona, North Carolina, South Dakota, and West Virginia.[4]  *See* Joinder of Plaintiff Donna Ellingson in Support of Motion of Zelle, Hofmann, Voelbel, Mason & Gette LLP and Lovell Stewart Halebian LLP to

---

[4] In their brief, Ball and Karon proclaim themselves as the "Multi-State Group" apparently because Ball and Karon (along with a gaggle of small firms, most of which do not possess any antitrust class action experience) have been retained by plaintiffs in seven different states.

As stated above, Lovell Stewart and Zelle Hofmann represent five plaintiffs in four different states and have the support of firms who have filed on behalf of plaintiffs in at least four additional states.  *See* Joinder.  Therefore, the moniker "Multi-State Group" can also easily identify the plaintiffs represented by Lovell Stewart and Zelle Hofmann.

Appoint Interim Class Counsel for the Indirect Purchaser Plaintiffs ("Joinder"), filed on March 14, 2008.

Ball and Karon cite to a number of articles that Mr. Karon has written on the subject of indirect-purchaser actions and the Class Action Fairness Act ("CAFA").[5] Although publishing articles on the subject of current class action law is laudable, it is not unique to Mr. Karon (see Zelle/Lovell Moving Mem. at 11-12, 14; Scarpulla Decl., Ex. C (listing numerous Lovell Stewart and Zelle Hofmann articles, awards, and presentations on the subjects of class action and antitrust law)), and it certainly does not replace the significant knowledge acquired in practice by Lovell Stewart and Zelle Hofmann while prosecuting indirect-purchaser class actions. *See* Zelle/Lovell Moving Mem. at 1-3, 5-6.

### D. Lovell Stewart and Zelle Hofmann Have the Greatest Resources to Prosecute Such a Large and Complex Class Action.

With over 100 attorneys in offices across the country, Zelle Hofmann and Lovell Stewart possess the greatest resources to prosecute such a large, complex class action. These firms have the resources to continue to advance these consolidated cases through motion practice, discovery, and trial. In fact, in order to aggressively litigate class actions on behalf of class members, the lead counsel team must be prepared to outlay substantial costs and expenses. Lovell Stewart and Zelle Hofmann have together advanced tens of millions of dollars to litigate complex cases in the past, and are prepared to do so here as well. In addition, these firms collectively have had enormous experience and success in prosecuting antitrust class actions, particularly on behalf of indirect purchasers and largely in the technologically-intensive markets. *See* Zelle/Lovell Moving Mem. at 1-3, 5-6. Lovell Stewart's and Zelle Hofmann's appointment would undoubtedly satisfy all of the requirements of Fed. R. Civ. P. 23(g)(1)(C)(i).

///

---

[5] Again, although cited in their motion, these articles do not appear to have been appended as exhibits to the Ball and Karon Brief.

///

///

### III. CONCLUSION

For the foregoing reasons, Lovell Stewart and Zelle Hofmann respectfully request appointment as Interim Class Counsel for the Indirect-Purchaser Plaintiffs in the CRTs action.

Dated:  March 14, 2008                                Respectfully submitted,


By   /s/ Craig C. Corbitt
          Craig C. Corbitt

Francis O. Scarpulla (41059)
Craig C. Corbitt (83251)
Matthew R. Schultz (220641)
Judith A. Zahid (215418)
Traviss L. Galloway (234678)
ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP
44 Montgomery Street - Suite 3400
San Francisco, CA  94104
Telephone:     (415) 693-0700
Facsimile:      (415) 693-0770
fscarpulla@zelle.com
ccorbitt@zelle.com

Christopher Lovell
Craig M. Essenmacher
Keith Essenmacher
Imtiaz A. Siddiqui
LOVELL STEWART HALEBIAN LLP
500 Fifth Avenue, Floor 58
New York, NY  10110
Telephone:     (212) 608-1900
Facsimile:      (212) 719-4775
clovell@lshllp.com
cessenmacher@lshllp.com

8

ZELLE HOFMANN'S AND LOVELL STEWART'S OPPOSITION TO THE MOTIONS OF MESSRS. BALL AND KARON AND TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP TO APPOINT INTERIM CLASS COUNSEL FOR THE INDIRECT-PUCHASER PLAINTIFFS

Richard M. Hagstrom
Michael E. Jacobs
ZELLE, HOFMANN, VOELBEL, MASON
& GETTE LLP
500 Washington Ave. South, Suite 400
Minneapolis, MN  55415
Telephone:       (612) 339-2020
Facsimile:        (612) 336-9100
rhagstrom@zelle.com
mjacobs@zelle.com

*Attorneys for Plaintiffs and the Proposed Interim Class Counsel for the Indirect-Purchaser Plaintiffs*

#3172688v1

ZELLE HOFMANN'S AND LOVELL STEWART'S OPPOSITION TO THE MOTIONS OF MESSRS. BALL AND KARON AND TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP TO APPOINT INTERIM CLASS COUNSEL FOR THE INDIRECT-PUCHASER PLAINTIFFS