Joseph M. Alioto (SBN 42680)
ALIOTO LAW FIRM
555 California Street, 31st Floor
San Francisco, CA 94104
Telephone:    (415) 434-8900
Facsimile:    (415) 434-9200
jmalioto@aliotolaw.com

Marvin A. Miller (IL SBN 1916769)
MILLER LAW LLC
115 South LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone:    (312) 332-3400
Facsimile:    (312) 676-2676
mmiller@millerlaw.com

*Attorneys for Plaintiffs and Proposed Interim Class Counsel*
*for the Indirect Purchaser Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>**CLASS ACTION**<br><br>**MEMORANDUM IN OPPOSITION TO MOTIONS FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS, AND NOTICE OF CROSS-MOTION AND CROSS-MOTION TO APPOINT ALIOTO LAW FIRM AND MILLER LAW LLC AS INTERIM LEAD CLASS COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS** |
| This Document Relates to:<br><br>**ALL INDIRECT PURCHASER ACTIONS** | |
| | **(Related Cases)**<br><br>(FRCP Rules 1 and 23(g))<br><br>Date: April 4, 2008<br>Time: 10:00 A.M.<br><br>Hon. Samuel Conti<br>Courtroom One, 17th Floor |

92550.1

MEM. IN OPPOSITION TO MOTIONS FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS, AND NOTICE OF CROSS-MOTION AND CROSS-MOTION TO APPOINT ALIOTO LAW FIRM AND MILLER LAW LLC AS INTERIM LEAD CLASS COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS – Case No. 3:07-cv-05944-SC

1

**TABLE OF CONTENTS**

2   I.    INTRODUCTION AND SUMMARY. ............................................................. 3

3   II.   BACKGROUND. ........................................................................................ 5

4   III.  ARGUMENT. ............................................................................................. 7

5,6       A.   Appointment Of Interim Co-Lead Counsel To Represent The Class Is
               Appropriate. ...................................................................................... 7

7,8,9     B.   The Alioto And Miller Firms Have Substantial Experience Trying
               Class Actions And Antitrust Claims Involving Alleged International
               Price-Fixing Cartels.  They Are Qualified To Act As Co-Lead
               Counsel And Meet The Requirement Of Experience, Knowledge, And
               Resources. ......................................................................................... 8

10,11          1.   Alioto Law Firm. .................................................................... 8

11,12               a.   Joseph M. Alioto................................................ ...............10

12,13               b.   Theresa D. Moore.......................................................... 11

13,14               c.   Angelina Alioto-Grace.................................................. 11

14,15               d.   Joseph M. Alioto, Jr...................................................... 12

15,16          2.   Miller Law LLC........................................................................ 12

17,18     C.   Alioto's And Miller's Collective Previous Experience And Leadership
               In Class Action Cases And Knowledge About The Facts And
               Substantive Legal Issues Ensure Careful Identification And
               Investigation As The Case Continues. .................................................. 14

19,20     D.   Alioto And Miller Will Dedicate The Resources Necessary To
               Prosecute This Action In An Efficient Manner. ...................................... 14

21,22     E.   If Appointed As Interim Counsel, Alioto And Miller Would
               Cooperate With The Other Candidates For Interim Lead Counsel For
               The Indirect Purchasers. ...................................................................... 15

23,24          1.   Both Miller And Alioto Would Coordinate Efforts With Direct
                    Purchaser Counsel As Needed And Appropriate. ........................... 15

25,26     F.   The Appointment Of Counsel Should Be Based On What Is Best For
               The Class And Should Not Be Determined Because Of The Result Of
               A Bargaining Process Among Competing Attorneys. .............................. 16

27

28

92550.1

MEM. IN OPPOSITION TO MOTIONS FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL FOR INDIRECT
PURCHASER PLAINTIFFS, AND NOTICE OF CROSS-MOTION AND CROSS-MOTION TO APPOINT ALIOTO LAW FIRM AND
MILLER LAW LLC AS INTERIM LEAD CLASS COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS – Case No. 3:07-cv-
05944-SC

G.    The Interim Leadership Should Be Set Up With An Eye Toward Class Certification And Efficient Trial Preparation, Not A Long Administrative Procedure With Duplicative And Overlapping Work.............17

IV.    **CONCLUSION**. ........................................................................................17

1

<u>**TABLE OF AUTHORITIES**</u>

2

<u>Cases</u>

3

In re "Agent Orange" Prod. Liab. Litig.
    818 F.2d 179 (2d Cir. 1987) ...................................................................17

4

In re Airline Ticket Commission Antitrust Litig.
    953 F.Supp. 280 (D. Minn. 1997) .....................................................12-13

5

In re Auction Houses Antitrust Litig.
    197 F.R.D. 71 (S.D.N.Y. 2000) ...............................................................16

6

7

In re Auction Houses Litig.
    2001-1 Trade Cas. (CCH) P73, *approval of settlement rejected*
    in 135 F.Supp.2d 438 (S.D.N.Y 2001) ....................................................17

8

9

BWI Custom Kitchen v. Owens-Illinois, Inc.
    191 Cal.App. 3d 1341 (1987).....................................................................15

10

In re Cardinal Health, Inc. ERISA Litigation
    225 F.R.D. 552 (S.D. Ohio 2005) ...............................................................8

11

12

Coleman v. General Motors Acceptance Corp.
    220 F.R.D. 64 (M.D. Tenn. 2004) ...............................................................8

13

Cullen v. New York State Civil Serv. Comm'n.
    566 F.2d 846 (2d Cir. 1977) .....................................................................17

14

15

Donaldson v. Pharmacia Pension Plan
    2006 U.S. Dist. LEXIS 28697 (S.D. Ill. May 10, 2006) ......................7-8

16

In re Fine Paper Antitrust Litig.
    98 F.R.D. 48 (E.D. Pa. 1983), *aff'd in part and rev'd in part*,
    751 F.2d 562 (3d Cir. 1984) .....................................................................17

17

18

Illinois Brick Co. v. Illinois
    431 U.S. 720..............................................................................................15

19

20

In re Relafen Antitrust Litig.
    231 F.R.D. 52 (D. Mass. 2005)...................................................................13

21

Sebo v. Rubenstien
    188 F.R.D. 310 (N.D. Ill. 1999)..................................................................12

22

23

In re Synthroid Marketing Litig.
    264 F.3d 712 (7th Cir. 2001) .....................................................................13

24

Smiley v. Sincoff
    958 F.2d 498 (2d Cir. 1992) .....................................................................16

25

26

27

28

92550.1                                    -iii-

MEM. IN OPPOSITION TO MOTIONS FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL FOR INDIRECT
PURCHASER PLAINTIFFS, AND NOTICE OF CROSS-MOTION AND CROSS-MOTION TO APPOINT ALIOTO LAW FIRM AND
MILLER LAW LLC AS INTERIM LEAD CLASS COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS – Case No. 3:07-cv-
05944-SC

**Rules**

Federal Rules of Civil Procedure

Rule 1 ................................................................................ 3, 4
Rule 23(g) ........................................................................ passim
Rule 23(g)(1) ...................................................................... 8
Rule 23(g)(1)(B) ................................................................. 8
Rule 23(g)(3) ...................................................................... 7

**Other Authorities**

Manual For Complex Litigation Fourth (2004)

§10.224 ............................................................................ 16
§21.27 .............................................................................. 16

1                **NOTICE OF CROSS-MOTION AND CROSS-MOTION**

2 **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

3              PLEASE TAKE NOTICE that on April 4, 2008, at 10:00 a.m., or as soon

4 thereafter as the Matter may be heard, before the Honorable Samuel Conti of the United

5 States District Court, Northern District of California, 450 Golden Gate Avenue, San

6 Francisco, the undersigned law firms, Alioto Law Firm ("Alioto") and Miller Law LLC

7 ("Miller"), will and hereby oppose the motions of (i) the law firm of Trump, Alioto, Trump

8 & Prescott, LLP; (ii) the law firms of Zelle, Hofmann, Voelbel, Mason & Gette, LLP and

9 Lovell Stewart Halebian LLP; and (iii) the law firms of Ball & Scott and Goldman Scarlato

10 & Karon, P.C. to be appointed interim lead counsel for the putative indirect purchaser

11 class.

12              Please take further notice that Alioto and Miller cross-move for an order

13 appointing Alioto and Miller as the interim lead class co-counsel for the putative indirect

14 purchaser class.  Notice for this cross-motion is pursuant to Civil Local rule 7-3(a) and

15 Judge Conti's Order of March 7, 2008 which lifted the stay on all motions and proceedings

16 in this matter, and which set all motions for lead counsel to be heard on April 4, 2008[1].

17 This cross-motion is also pursuant to Rules 1 and 23(g) of the Federal Rules of Civil

18 Procedure.  The grounds for this cross-motion are that this antitrust case will benefit from

19 the appointment of interim class counsel, and that the undersigned proposed interim lead

20 class co-counsel are best qualified for the position because of their extensive experience

21 both in preparing antitrust as well as other complex class action litigations for trial, and then

22 trying such matters at trial

23              This cross-motion is based on this notice of cross-motion, supporting

24 memorandum of points and authorities, exhibits, declarations of Joseph M. Alioto and

25 Marvin A. Miller, the argument of counsel, and the pleadings and records on file herein.

26 ───────────────────

27 [1] See Exhibit A, "Order Lifting Stay, Setting Status Conference, and Setting Hearings on Motions to Appoint Lead Counsel."  *Crago*, Case No. 3:07-cv-05944 SC, MDL No. 1917, Doc. 118.

28

1    Dated:  March 14, 2008                         Respectfully submitted,

2
                                           By:  _____/s/ Joseph M. Alioto_____
3                                              Alioto Law Firm

4
                                           By:  _____/s/ Marvin A. Miller_____
5                                              Miller Law LLC

6                                              *Attorneys for Plaintiffs and the Proposed*
                                               *Class*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
MEM. IN OPPOSITION TO MOTIONS FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL FOR INDIRECT
PURCHASER PLAINTIFFS, AND NOTICE OF CROSS-MOTION AND CROSS-MOTION TO APPOINT ALIOTO LAW FIRM AND
MILLER LAW LLC AS INTERIM LEAD CLASS COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS – Case No. 3:07-cv-
05944-SC

1    I.    INTRODUCTION AND SUMMARY.

2         Pursuant to Federal Rules of Civil Procedure 1 and 23(g), the undersigned

3    law firms, Alioto Law Firm ("Alioto") and Miller Law LLC ("Miller") acting as counsel

4    for Plaintiffs Mark Pierce and Barbara Caldwell, oppose the motions of (i) the law firm of

5    Trump, Alioto, Trump & Prescott, LLP; (ii) the law firms of Zelle, Hofmann, Voelbel,

6    Mason & Gette, LLP and Lovell Stewart Halebian LLP; and (iii) the law firms of Ball &

7    Scott and Goldman Scarlato & Karon, P.C., to be appointed interim lead counsel for the

8    putative indirect purchaser class; and cross-move to seek appointment as interim, co-lead

9    counsel for the putative indirect purchaser plaintiff class in this consolidated multidistrict

10   litigation ("MDL").  As required under the parameters of Rule 23(g), the Alioto and Miller

11   firms have proven track records with extensive previous experience in antitrust as well as

12   many other forms of class action litigation and specifically in prosecuting antitrust trials,

13   including prosecuting cases against alleged international price-fixing cartels.  Miller Decl. at

14   ¶¶5-7; Alioto Decl. at ¶¶1-7.

15        For three reasons, the appointment of these two firms as interim lead counsel

16   is very beneficial to the class and preferable to the appointment of the five other sets of

17   counsel seeking lead positions for the indirect purchaser class.  First, the combined Alioto

18   and Miller firms' antitrust trial experience, as well as experience in numerous other forms

19   of complex civil litigation, is significant and unique among the candidates, offering the class

20   the opportunity to be represented by several of the country's leading antitrust trial counsel.

21   In a price-fixing case, the proven ability both to prepare effectively for and then actually try

22   these sorts of complex cases is a critical element in obtaining an excellent recovery for the

23   class, either by way of settlement or trial.

24        Second, based on each proposed interim co-lead having almost forty years'

25   experience in the successful conduct of a wide range of complex litigation matters, the

26   Alioto and Miller approach to class actions is one which will provide an efficient,

27   streamlined and economically appropriate case management style.  If appointed as interim

28

MEM. IN OPPOSITION TO MOTIONS FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL FOR INDIRECT
PURCHASER PLAINTIFFS, AND NOTICE OF CROSS-MOTION AND CROSS-MOTION TO APPOINT ALIOTO LAW FIRM AND
MILLER LAW LLC AS INTERIM LEAD CLASS COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS – Case No. 3:07-cv-
05944-SC

1  lead counsel, together the two firms would promptly organize competent and experienced

2  lawyers to effectively and efficiently organize the work and prosecute the case.

3          Third, these firms' approach holds the potential for conduct of this matter in

4  a fashion considerably more favorable to the class in terms of fees and costs than is often

5  found in these cases.  These two counsel would assure that the work is done effectively,

6  with decisive leadership guiding all elements of trial preparation and the actual trial.  This

7  structure places a premium on obtaining a recovery; thus, it will focus on doing just that.

8  The smaller lead structure eliminates repetition and unnecessary accumulation of billings,

9  while simultaneously providing for a more streamlined and prompt decision-making

10 process.

11         On the basis of their experience and expertise in antitrust cases of this type,

12 Alioto and Miller believe they are better able than the other firms seeking leadership in this

13 action to handle the responsibilities and obligations that will accompany leadership

14 effectively and efficiently, and indeed will attempt to involve many of those attorneys in the

15 prosecution of the indirect purchaser claims commensurate with the needs of the case.

16 Traditionally in a price-fixing case, the direct purchasers and indirect purchasers will, as

17 appropriate, prosecute the case in concert as required by Rule 1.  On the direct side in this

18 case, there are several pending motions for appointment of interim lead counsel.

19 Potentially, then, there could be a dozen or more, *de facto* if not *de jure*, "lead" counsel for

20 both direct and indirect counsel.  This would be an impractical, if not wholly unnecessary,

21 manner in which to prepare for an antitrust price-fixing trial.

22         The view that "less is more" is in sync with evolving decisions on Rule

23 23(g).  In two very recent Northern District of California antitrust matters, the District

24 Courts expressly rejected multi-firm "carve-ups" by firms that often work together in a

25 number of cases—arrangements that appear to be nothing more than the product of

26 bargaining by competing plaintiffs' firms.  The Northern District Courts have instead

27 chosen one or two interim lead counsel.  *See, e.g., In re Int'l Air Transp. Surcharge*

28

92550.1                                    -4-

MEM. IN OPPOSITION TO MOTIONS FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL FOR INDIRECT
PURCHASER PLAINTIFFS, AND NOTICE OF CROSS-MOTION AND CROSS-MOTION TO APPOINT ALIOTO LAW FIRM AND
MILLER LAW LLC AS INTERIM LEAD CLASS COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS – Case No. 3:07-cv-
05944-SC

1   *Antitrust Litig.*, MDL No. 1793 (December 2006 order appointing two lead counsel) and

2   Judge Illston's appointment of Joseph Alioto as co-lead counsel on behalf of the indirect

3   purchaser plaintiffs in *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827 (N.D.

4   Cal.).  *See* Alioto Decl., Ex. C.

5           Consistent with these and many other decisions limiting the number of lead

6   counsel, and in order to provide the class with the most judicious and manageable trial

7   preparation, movants respectfully request the Court to appoint the Alioto and Miller firms

8   as interim lead counsel.

9           II.      BACKGROUND.

10          This litigation arises from an alleged conspiracy by defendants LG

11  Electronics, Inc.; Samsung Electronics Co., Ltd.; Samsung SDI Co., Ltd.; Samsung

12  Electronics America, Inc.; Samsung SDI America, Inc.; Samtel Color Ltd.; Toshiba

13  Corporation; Toshiba America Electronic Components, Inc.; Toshiba America Information

14  Systems, Inc.; Matsushita Toshiba Picture Display Co., Ltd.; MT Picture Display

15  Corporation of America (New York); MT Picture Display Corporation of America (Ohio);

16  Matsushita Electric Industrial Co., Ltd.; Panasonic Corporation of North America; Beijing-

17  Matsushita Color CRT Company, Ltd.; Orion Electric Co., Ltd.; Orion America, Inc.;

18  Hitachi, Ltd.; Hitachi America, Ltd.; Hitachi Asia, Ltd.; Chungwha Picture Tubes, Ltd.;

19  Chungwha Picture Tubes Malaysia Sdn.Bhd.; LP Displays International, Ltd.; Koninklijke

20  Philips Electronics N.V.; Philips Electronics North America; Irico Group Corp.; Irico

21  Display Devices Co., Ltd.; Thai CRT Company, Ltd.; and Tatung Company of North

22  America, Inc. ("Defendants") to fix, raise, maintain or stabilize the prices of products

23  containing Cathode Ray Tubes ("CRT Products") sold in the United States.

24          On November 8, 2007, antitrust authorities in Europe, Japan and South

25  Korea raided the offices of several of the Defendants as part of an international investigation

26  of alleged price fixing in the CRT Products industry.

27

28

1    Beginning on November 26, 2007, class actions alleging violations of federal

2  and state antitrust laws by Defendants were filed both in this judicial district and others on

3  behalf of direct and indirect purchasers of Defendants' CRT Products.  On December 13,

4  2007, Miller filed a class action complaint on behalf of Plaintiff Barbara Caldwell and a

5  class of all individuals and entities that indirectly purchased CRT Products in the United

6  States from Defendants, their predecessors, or their controlled subsidiaries and affiliates.

7  See *Caldwell v. Matsushita Electric Industrial Co., Ltd., et al.*, Case No. 3:07-cv-06303

8  SC.  On January 17, 2008, Alioto and Miller filed a class action complaint on behalf of

9  Plaintiff Mark Pierce and a class of all individuals and entities that indirectly purchased

10  CRT Products in the United States from Defendants, their predecessors, or their controlled

11  subsidiaries and affiliates during the period beginning at least January 1, 1995 through the

12  filing of the Complaint.  Plaintiffs allege that Defendants' cartel and conspiracy is in

13  violation of Section 1 of the Sherman Act, 15 U.S.C. §1, as well as various state antitrust

14  and consumer protection statutes.

15    In addition to the cases filed by Plaintiffs, over a dozen other similar cases

16  have been filed in the Northern District of California against Defendants.  On January 16,

17  2008, this Court entered an order relating seven of those cases to the low-numbered case,

18  *Crago, Inc. v. Chungwha Picture Tubes, Ltd., et al.*, 3:07-cv-5944 SC ("Crago").[2]

19  Plaintiff is aware of at least fifteen additional similar cases which have been filed in various

20  other judicial districts.  On November 29, 2007, plaintiff Crago, Inc. filed a Motion for

21  Transfer and Consolidation of Related Actions to the Northern District of California

22  Pursuant to 28 U.S.C. §1407.

---

24  [2]    The January 16, 2008 Order related the following actions to the Crago action:

25  *Nathan Muchnick, Inc. v. Chungwha Picture Tubes Ltd., et al.*, 3:07-cv-5981 SC; *Juetten, et al. v. Chungwha Picture Tubes, Ltd., et al.*, 3:07-cv-6225 JL; *Hawel v. Chungwha Picture Tubes, Ltd., et al.*, 3:07-cv-6279 EMC; *Caldwell v. Matsushita Electric Industrial*

26  *Co., Ltd., et al.*, 3:07-cv-6303 SC; *Art's TV & Appliance v. Chungwha Picture Tubes, Ltd., et al.*, 3:07-cv-6416 JCS; and *MoniKraft, Inc. v. Chungwha Picture Tubes, Ltd., et al.*,

27  3:07-cv-6433 SC.  This Court has entered several other orders relating the other similar actions filed in this District to the Crago action.

28

1          On February 15, 2008, the Judicial Panel on Multidistrict Litigation

2  ("JPML") transferred the CRT Cases to this Court for coordinated or consolidated pretrial

3  proceedings pursuant to 28 U.S.C. §1407.  The JPML found that the Northern District of

4  California was an appropriate transferee forum for this litigation because (1) there were

5  already thirteen actions pending there; and (2) some defendants and some plaintiffs

6  supported centralization here.  According to the JPML Transfer Order, this litigation then

7  consisted of a lead case filed in the Northern District of California and a lead case filed in

8  the Southern District of New York, as well as 26 potentially related "tag-along" actions.  A

9  true and correct copy of the JPML Transfer Order is attached to the Alioto Declaration as

10  Exhibit D[3].

11          In light of the JPML Transfer Order and the many additional cases from

12  several judicial districts which are now before this Court, it is appropriate for this Court to

13  consider a leadership structure for the putative plaintiff classes.  Appointing Alioto and

14  Miller as interim co-lead counsel at this time will insure that the putative indirect purchaser

15  class will be represented by law firms with substantial experience in prosecuting complex

16  antitrust class actions in federal court and which are best able to fairly and adequately

17  represent the interests of the putative class.

18       III.     ARGUMENT.

19       A.     Appointment Of Interim Co-Lead Counsel To Represent The Class Is

20               Appropriate.

21          Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court

22  "may designate interim counsel to act on behalf of the putative class before determining

23  whether to certify the action as a class action."  Fed. R. Civ. Proc. 23(g)(3).  Where, as

24  here, there are numerous class actions pending, "appointment of class counsel is necessary

25  to protect the interests of class members."  *Donaldson v. Pharmacia Pension Plan*, 2006

26 

27  [3] Plaintiff Pierce's complaint, originally filed in Judge Chesney's court, was consolidated
with *Crago* on March 10, 2008.  (Exhibit B)  This motion was filed as promptly as possible
after the consolidation order was entered.

28 

92550.1             -7-

MEM. IN OPPOSITION TO MOTIONS FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL FOR INDIRECT
PURCHASER PLAINTIFFS, AND NOTICE OF CROSS-MOTION AND CROSS-MOTION TO APPOINT ALIOTO LAW FIRM AND
MILLER LAW LLC AS INTERIM LEAD CLASS COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS – Case No. 3:07-cv-
05944-SC

1   U.S. Dist. LEXIS 28697, *2-3 (S.D. Ill. May 10, 2006); *see also In re Cardinal Health,*

2   *Inc. ERISA Litigation*, 225 F.R.D. 552, 554 (S.D. Ohio 2005).  The goal of the Court in

3   considering this motion is to determine who will best represent the interests of the class, and

4   who will best be able to accomplish the class action goals of efficiency and economy in

5   doing so.  *See Coleman v. General Motors Acceptance Corp.*, 220 F.R.D. 64, 100 (M.D.

6   Tenn. 2004).

7             In appointing interim lead counsel under Rule 23(g), the Court must

8   determine whether the applicant firm(s) will fairly and adequately represent the interests of

9   the proposed class.  *See* Fed. R. Civ. Pro. 23(g)(l)(B).  The Court's determination of that

10   question is informed by the criteria set forth in Rule 23(g)(l):

11          In appointing class counsel, the court:  (A) must consider: the work
          counsel has done in identifying or investigating potential claims in the
12          action; counsel's experience in handling class actions, other complex
          litigation, and the types of claims asserted in the action; counsel's
13          knowledge of the applicable law; and, the resources that counsel will
          commit to representing the class; (B) may consider any other matter
14          pertinent to counsel's ability to fairly and adequately represent the
          interests of the class. Fed. R. Civ. Pro. 23(g)(l). "In evaluating
15          prospective class counsel, the Court should weigh all pertinent
          factors. No single factor should necessarily be determinative in a
16          given case."  Rule 23(g) advisory committee's note (2003).

17             As explained more fully below, Alioto and Miller each satisfy the factors set

18   forth in Rule 23(g), and are well-qualified to manage this litigation alone or in conjunction

19   with other firms designated by the Court.

20             B.     The Alioto And Miller Firms Have Substantial Experience Trying

21                    Class Actions And Antitrust Claims Involving Alleged International

22                    Price-Fixing Cartels.  They Are Qualified To Act As Co-Lead

23                    Counsel And Meet The Requirement Of Experience, Knowledge, And

24                    Resources.

25             1.     Alioto Law Firm.

26             Alioto Law Firm practices exclusively in the area of antitrust law and offers

27   over 38 years of prosecuting antitrust actions under every section of the antitrust laws,

28
MEM. IN OPPOSITION TO MOTIONS FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL FOR INDIRECT
PURCHASER PLAINTIFFS, AND NOTICE OF CROSS-MOTION AND CROSS-MOTION TO APPOINT ALIOTO LAW FIRM AND
MILLER LAW LLC AS INTERIM LEAD CLASS COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS – Case No. 3:07-cv-
05944-SC

1   including the prosecution of cases against international price-fixing cartels operating in

2   Asia, Europe, and the United States.  Alioto Decl. at ¶¶1-3.  Of all of the attorneys that

3   seek appointment of interim class counsel, Joseph M. Alioto is by far the most experienced

4   antitrust trial attorney.  He has tried and won as many or more private antitrust actions as

5   any other plaintiff's antitrust attorney in the United States including, for example, *Bray v.*

6   *Safeway* (in 1974 the largest judgment in the history of the antitrust laws at that time) and

7   *McDonald v. Johnson & Johnson* (in 1981, the largest judgment—$170 million—for

8   individuals in the history of the antitrust laws).  *See* Alioto Decl., Ex. A.  With over 80

9   trials to his credit, Mr. Alioto has tried antitrust matters involving every major industry

10  from high-tech and electronics to manufacturing to service, from trading to finance to

11  supply, from retail to transportation to mining, both foreign and domestic.  Mr. Alioto is a

12  regular lecturer, teacher, and nationwide consultant to antitrust practitioners.  Indeed, his

13  skills as a plaintiff's antitrust trial lawyer are so renowned that he is regularly retained as a

14  consultant or to conduct antitrust trials—including by some of the candidates for interim

15  lead counsel in this case.  *See* Alioto Decl. at ¶7.

16          Alioto Law Firm's skills are particularly useful here because this is an

17  international price-fixing case.  The Alioto Law Firm and Mr. Alioto, in particular, have

18  actually tried international price fixing cases.  As part of his extensive experience, Mr.

19  Alioto deposed the Chief Executives of major electronics firms including, for example,

20  executives from named defendants in this case.  In short, Mr. Alioto has a breadth of

21  experience working in and developing international antitrust cases for trial.  *See* Alioto

22  Decl. at  ¶¶3-4.  As set forth in the accompanying Alioto Declaration, the Alioto firm

23  gained an understanding of the mechanics of alleged price-fixing cartels in Asia and Europe

24  beginning in the 1980s.  His familiarity with the allegations in this case began long before

25  2008, when government investigations into the related LCD market began to surface in

26  2006.   Some manufacturers who were defendants and/or witnesses in these earlier cases

27  appear to have played a critical role in this case.

28

92550.1                                          -9-

1    Based on previous litigation, Alioto Law Firm understands which witnesses

2 are important, how the manufacturers operate internally and with other defendants, and their

3 pressure points, weakness, or strategies, any of which may lead to earlier settlements with

4 some or all of the defendants.  Because of the Alioto firm's experience and past work-

5 product, it has a leg up on the alleged practices, potential locations, and manner in which

6 alleged price fixing may have occurred.  Given the breadth of this past experience, no other

7 firm seeking appointment is better prepared to direct the investigation and trial preparation.

8    The attorneys who would work on the matter are listed in Exhibits A and B

9 to the Alioto Declaration and include:

10    a.    Joseph M. Alioto.

11    Joseph M. Alioto has over 38 years of experience prosecuting private

12 antitrust cases.  Not only has he argued in the Supreme Court of the United States, every

13 circuit of the United States Courts of Appeals, and United States District Courts of

14 approximately 40 states, but he has also prosecuted cases against foreign corporations

15 headquartered in Australia, Asia, Europe, and South and Central America.  Alioto Decl. at

16 ¶¶1-3.  In addition to his breadth of experience, Mr. Alioto excels in successful prosecution

17 of antitrust cases, having tried and won more or as many antitrust cases as any other

18 attorney in the country.  *See* Alioto Decl., Ex. A.  Additionally, Mr. Alioto has the most

19 impressive record of published antitrust decisions in federal courts of any counsel applying

20 to be interim lead counsel.  *See* Alioto Decl., Ex. A.  Having prosecuted cases throughout

21 the world, Mr. Alioto is familiar not only with the strategies, tactics, and procedures

22 necessary for prosecuting such cases and bringing them to trial, but he is also intimately

23 familiar with the policies, practices, and procedures of the named defendants in this

24 particular case.  Alioto Decl. at  ¶¶4, 6.

25    In addition to his nearly impeccable record as an antitrust attorney who has

26 represented antitrust plaintiffs in more than 300 cases, Mr. Alioto is recognized as an expert

27 in antitrust matters.  He has lectured at American Bar Association meetings as well as other

28

1   symposia on the techniques of prosecuting and trying antitrust cases; he has been asked by

2   other law firms to lead them in the prosecution of these cases; he has testified before the

3   United States Senate Judiciary Committee and participated in televised debates with the

4   Reagan and Bush Administrations regarding antitrust law.  *See* Alioto Decl. at  ¶¶5,7, Ex.

5   A.  During his speaking engagements, Mr. Alioto covers both the pragmatic instruction

6   focused on how to try international antitrust cases to the theoretical and philosophical

7   underpinning of antitrust laws.  *Id.*

8             b.      Theresa D. Moore.

9             Theresa D. Moore focuses on antitrust, unfair competition, business,

10   consumer, and complex class action cases.  Ms. Moore has represented clients in antitrust

11   litigation involving illegal pricing, illegal price-fixing conspiracies, and class actions

12   involving indirect purchasers in industries ranging from travel to retail to drug

13   manufacturing.  Ms. Moore has served as counsel in more than seven class action lawsuits,

14   both in California and nationwide.  Since 1981, Ms. Moore has been lead counsel in over

15   100 trials, including civil and criminal trials.

16             In addition to her antitrust and class action background, Ms. Moore serves as

17   a Judge Pro Tem for the State of California in San Francisco Superior Court; she is a

18   distinguished Adjunct Professor in Trial Advocacy and Evidence courses at the University

19   of California, Hastings College of the Law.  Ms. Moore also specializes in mediation, as

20   she is a California Certified Mediator and Special Master, a position through which she has

21   successfully mediated approximately 150 cases for private and government organizations.

22             c.      Angelina Alioto-Grace.

23             Angelina Alioto-Grace focuses on antitrust, complex business torts,

24   intellectual property, unfair competition, and class action lawsuits.  After having clerked for

25   the Office of Counsel to the President of the United States, Ms. Alioto-Grace's experience

26   includes both trial and appellate advocacy.  As a trial lawyer, Ms. Alioto-Grace excels at all

27

28

1   aspects of trial preparation; she also is instrumental in pre-trial responsibilities, including

2   discovery, client management, and settlement negotiation.

3          d.   Joseph M. Alioto, Jr.

4         Joseph M. Alioto, Jr. is admitted to practice in the United States Supreme

5   Court, the Ninth Circuit Court of Appeals, United States District Courts in California and

6   Ohio, and the California Supreme Court.  Mr. Alioto, Jr., has prosecuted federal and

7   California antitrust and unfair competition violations exclusively for five years; he has

8   served as both first- and second-chair counsel in actions involving price-fixing,

9   monopolization, price discrimination, merger enforcement, and competition and business

10   tort claims.  In price-fixing cases, Mr. Alioto, Jr., has represented clients in the software,

11   oil, air transportation, pharmaceutical, rail freight, hotel, and HVAC manufacturing

12   industries.

13         Of particular note to this case, Mr. Alioto, Jr., is at the forefront of the

14   debate concerning "pass-on" issues in Direct and Indirect Purchaser overcharge cases.  *See*

15   Alioto Decl., Ex. B.  He has challenged the availability of the pass-on defense in so-called

16   "Illinois Brick Repealer" states as an issue of first-impression currently pending in the

17   California Court of Appeal.

18        2.   Miller Law LLC.

19         As set forth in Exhibit A to his Declaration, Miller Law LLC, and Marvin

20   Miller in particular, has served as a lead class counsel in numerous antitrust class actions

21   both its home District and throughout the country.  *See, e.g., Sebo v. Rubenstien*, 188

22   F.R.D. 310, 317 (N.D. Ill. 1999) ("Miller Faucher is experienced in antitrust class action

23   litigation and defendants do not dispute that they are competent, qualified, experienced and

24   able to vigorously conduct the litigation."); *In re Airline Ticket Commission Antitrust Litig.*,

25   MDL No. 1058 (D. Minn.) (Miller Faucher co-lead counsel in antitrust class action on

26   behalf of travel agents against the major airlines for allegedly fixing the amount of

27   commissions payable on ticket sales.  The action settled for $87 million.  *In re Airline*

28

92550.1            -12-

MEM. IN OPPOSITION TO MOTIONS FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL FOR INDIRECT
PURCHASER PLAINTIFFS, AND NOTICE OF CROSS-MOTION AND CROSS-MOTION TO APPOINT ALIOTO LAW FIRM AND
MILLER LAW LLC AS INTERIM LEAD CLASS COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS – Case No. 3:07-cv-
05944-SC

1  *Ticket Commission Antitrust Litig.*, 953 F.Supp. 280 (D. Minn. 1997); *In re Synthroid*

2  *Marketing Litig.*, 264 F.3d 712 (7th Cir. 2001) (Miller Faucher co-lead counsel for class of

3  consumers of the drug Synthroid.  The action settled for $87 million.).  In *In re Relafen*

4  *Antitrust Litig.*, 221 F.R.D. 260 (D. Mass. 2004), the court singled out Miller Faucher as

5  experienced and vigorous advocates.  *Id.* at 273.  In the opinion granting final approval to a

6  $75 million settlement, the court commented that "Class counsel here exceeded my

7  expectations in these respects [i.e., experience, competence, and vigor] in every way."  *In*

8  *re Relafen Antitrust Litig.*, 231 F.R.D. 52, 85 (D. Mass. 2005); *see also id.* at 80 ("The

9  Court has consistently noted the exceptional efforts of class counsel.").

10         In a case which was thereafter transferred by the Judicial Panel on

11  Multidistrict Litigation to this District, where it now proceeds before Judge Breyer *sub nom.*

12  *In re International Air Transportation Surcharge Antitrust Litigation* (N.D. Cal., MDL No.

13  1793), Judge Robert Gettleman (U.S. D.C. N.D. Ill.), in *McGovern, et al. v. AMR*

14  *Corporation, et a*l., No. 06-C-3444 et al., commented on Mr. Miller's leadership skills in

15  that matter as follows: "Mr. Miller, with all due respect...  If I were to decide right now

16  whether or not you were qualified to be lead counsel in the cases pending in this district or

17  in any other district, I would find that you are more than qualified..."  August 15, 2006, p.

18  3.

19         Miller Law LLC, as Proposed Interim Counsel, is also ready, willing and

20  able to commit the resources necessary to litigate these cases vigorously.

21         Proposed Interim Counsel have already committed time and efforts to the

22  research and litigation of these cases, and are prepared, as they have with numerous other

23  cases, to commit considerable financial resources to the successful prosecution of these

24  cases.

25         In sum, because Proposed Interim Counsel satisfy all of the requirements for

26  Rule 23(g), and because appointment of interim class counsel is necessary and appropriate

27

28

1  to the administration of these complex class action cases, Plaintiffs' Motion should be

2  granted.

3          C.     Alioto's And Miller's Collective Previous Experience And Leadership

4                In Class Action Cases And Knowledge About The Facts And

5                Substantive Legal Issues Ensure Careful Identification And

6                Investigation As The Case Continues.

7          Like many other plaintiffs' counsel in this case, Alioto and Miller have

8  established their knowledge and begun investigation of the key issues, defendants, and

9  industry in this case.

10          With the first status conference on April 4th, and case leadership still

11  uncertain, the case clearly is in an early stage.  The defendants remain under investigation

12  by a host of international governmental authorities, including the Department of Justice.

13  Alioto and Miller have significant experience and work-product knowledge in the area of

14  alleged price fixing, including price fixing of consumer electronics produced in Asia and

15  Europe.  Both firms' past experiences are extremely valuable to the class and would allow

16  for focused discovery from the outset.

17          Alioto and Miller affirm that should they be appointed interim lead co-

18  counsel for indirect purchaser plaintiffs, they would continue to develop the issues and facts

19  in these consolidated cases as well as identify and research all relevant legal issues.

20          D.     Alioto And Miller Will Dedicate The Resources Necessary To

21                Prosecute This Action In An Efficient Manner.

22          Miller has well over 30 years of litigation experience.  Alioto has taken the

23  lead role in preparing antitrust cases for trials for over 38 years and has extensive

24  international experience in prosecuting antitrust and price-fixing actions.  Miller Decl. at

25  ¶¶3, 5; Alioto Decl. at ¶¶3-4.  Alioto is located in the Bay Area and has practiced

26  extensively before this Court, and its proximity to the Court will serve to facilitate efficient

27  scheduling of hearings, conferences, and other activities with the Court and defense

28

1   counsel.  To the extent that travel arrangements between the U.S. and Asia are necessary,

2   both of these two firms are well-suited to facilitate travel arrangements efficiently.  As

3   evidenced by their history of litigating antitrust and class actions both national and

4   international in scope, the two firms possess the resources necessary to act as lead counsel

5   on the indirect purchaser side.  Miller Decl. at ¶4, 6, 8; Alioto Decl. at ¶¶1-3, 7.

6          E.    If Appointed As Interim Counsel, Alioto And Miller Would

7                Cooperate With The Other Candidates For Interim Lead Counsel For

8                The Indirect Purchasers.

9          1.    Both Miller And Alioto Would Coordinate Efforts With Direct

10               Purchaser Counsel As Needed And Appropriate.

11         Given the caliber of attorneys that are working on the case, Alioto and Miller

12  expect that the need for coordination between the direct and indirect purchaser groups –

13  particularly in discovery matters – and an emphasis on moving forward in a professional

14  and efficient manner, are matters that are well understood.  Should any defendant, or for

15  that matter direct purchaser counsel, point to *Illinois Brick Co. v. Illinois*, 431 U.S. 720

16  (1977)[4], superseded in California by statute in *BWI Custom Kitchen v. Owens-Illinois, Inc.*,

17  191 Cal.App. 3d 1341 (1987), and related pass-on issues as questions requiring special

18  factual and legal attention, then the Alioto firm, which is at the forefront of issues

19  concerning the pass-on defense, is well prepared to address this issue.  Alioto Decl., Ex. A.

20         Alioto and Miller believe that the case would also benefit from an entry of an

21  order for preservation of electronic evidence in the immediate future.  With regard to a

22  protective order, Alioto and Miller anticipate that the defendants will bring a motion for

23  such an order, and the defendants should tender one by early May 2008 with a return date

24

25

---

26  [4]     Issues remaining under study by the Antitrust Modernization Commission include
27  the remedies and legal liabilities in antitrust proceedings and whether that case serves or
disserves federal antitrust law.  This area of the law may see significant developments prior
to the end of this litigation.

28  92550.1                                    -15-

1  before the Court to resolve any differences.  Because these matters are not novel, they can

2  and should be performed by experienced counsel in fairly short order.

3          F.      The Appointment Of Counsel Should Be Based On What Is Best For

4                  The Class And Should Not Be Determined Because Of The Result Of

5                  A Bargaining Process Among Competing Attorneys.

6          The task of the appointment of interim lead class counsel is unlike other civil

7  litigation and is not a choice that is left solely to the clients or counsel.  Instead, this task

8  falls to the Court.  *See generally* Manual For Complex Litigation Fourth (2004)

9  ("Manual"), at §21.27.  The self-appointment of counsel as a lead counsel candidate(s),

10  particularly by those firms that repeatedly work together on other cases, does not

11  necessarily dictate what is best for the class.[5]  The Manual makes clear that the suggestion

12  of counsel is but just one factor and that "[w]hile it may be appropriate and possibly even

13  beneficial for several firms to divide work among themselves, such an arrangement should

14  be necessary, not simply the result of a bargain among the attorneys."  Manual, *supra*, at '

15  10.224, citing *In re Auction Houses Antitrust Litig.*, 197 F.R.D. 71 (S.D.N.Y. 2000)

16  (emphasis added); *Smiley v. Sincoff*, 958 F.2d 498 (2d Cir. 1992); *In re Fine Paper*

17  *Antitrust Litig.*, 98 F.R.D. 48 (E.D. Pa. 1983), *aff'd in part and rev'd in part*, 751 F.2d

18  562 (3d Cir. 1984).

19          The case leadership should not be guided in a manner that may be best suited

20  for arrangements made among attorneys with competing interest for control, promises of

21  work in return for agreement with the self-appointment, and division of attorneys' fees.  *See*

22  *In re Int'l Air Transp. Surcharge Antitrust Litig.*, *supra* (two lead counsel).  [In the pending

23

---

24  [5]      See ¶7 of Scarpulla Declaration in Support of Zelle Hoffman and Lovell Stewart
    Motion Mem., describing continued and ongoing working relationship between these firms.
25  Leadership structures that are cobbled together merely to advance or compromise the
    competing interests of particular lawyers in this or other cases, should be rejected.  *See In*
26  *re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 179, 187 (2d Cir. 1987) (citing *Cullen v.*
    *New York State Civil Serv. Comm'n.*, 566 F.2d 846, 849 (2d Cir. 1977)).  The Plaintiff
27  Class leadership organization should also meet the factors outlined in § 10.224 of the
    Manual.

28

1   *In re SRAM Antitrust Litigation*, MDL No. 1819 (N.D. Cal.), Judge Wilken rejected Zelle

2   Hofmann's original proposed leadership consortium as a top-heavy structure and only

3   allowed for one lead counsel.  *See* Zelle Hofmann Mem. at page 1.]

4           G.      The Interim Leadership Should Be Set Up With An Eye Toward Class

5                    Certification And Efficient Trial Preparation, Not A Long

6                    Administrative Procedure With Duplicative And Overlapping Work.

7           The Plaintiffs should work in a manner that assumes this price-fixing case

8   will proceed to trial as soon as practical.  The leadership should not be structured with the

9   intention of setting up a long administrative process.  By streamlining leadership and

10  focusing on what is needed for class certification and trial, the impetus will be on working

11  efficiently and minimizing the cost to the class.  For example, the structure proposed by

12  Alioto and Miller will minimize overly-broad document requests and unnecessary document

13  review, whittling down depositions and subpoenas to the critical witnesses, and

14  accumulating only the evidence necessary for class certification and trial.  *See In re Auction*

15  *Houses Litig.*, 2001-1 Trade Cas. (CCH) P73, 171, *approval of settlement rejected* in 135

16  F.Supp.2d 438 (S.D.N.Y 2001) (rejecting fee application of one of the applicants in this

17  case because of duplication of time and effort improperly by "counsel anxious to participate

18  in this litigation to find clients.").

19          The Manual specifically notes that the well-managed case must provide for

20  appropriate staffing and that such appropriate staffing will assure that the fees, if any, will

21  be based on results and a percentage of the recovery of the class.  Manual, *supra*, at pp.

22  246-248.

23          IV.     CONCLUSION.

24          For the foregoing reasons, including their combined extensive experience in

25  litigating complex class action and antitrust cases and their commitment to representing the

26  best interests of the indirect purchaser plaintiffs' class, the Alioto Law Firm and Miller Law

27

28

1  LLC respectfully request appointment as interim lead co-counsel for the indirect purchaser

2  putative class.

3  Dated:  March 14, 2008                              Respectfully submitted,

4

5                                                      By:  _____/s/ Joseph M. Alioto_____
                                                           Alioto Law Firm

6

7                                                      By:  _____/s/ Marvin A. Miller_____
                                                           Miller Law LLC

8

9                                                      *Attorneys for Plaintiffs and the Proposed*
                                                       *Class*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Cathode Ray Tube (CRT) Antitrust Litigation | Case No. 07-5944 SC<br>MDL No. 1917 |
| _____ | ORDER LIFTING STAY, SETTING STATUS CONFERENCE, AND SETTING HEARING ON MOTIONS TO APPOINT LEAD COUNSEL |
| CRAGO, Inc.,<br><br>            Plaintiff,<br><br>    v.<br><br>CHUNGHWA PICTURE TUBES, LTD., et al.<br><br>            Defendants. | |

On February 15, 2008, the United States Judicial Panel on Multidistrict Litigation granted Plaintiff's Motion for Centralization, pursuant to 28 U.S.C. § 1407.  The stay on all motions and proceedings imposed by this Court on January 29, 2008, Docket No. 37, is hereby LIFTED.

A status conference is hereby set for Friday, April 4, 2008, at 10:00 a.m. in courtroom # 1.  Motions to appoint lead counsel will also be heard at this time.


IT IS SO ORDERED.


Dated: March 7, 2008

_____

UNITED STATES DISTRICT JUDGE

# EXHIBIT B

United States District Court
For the Northern District of California

1

2

3                    UNITED STATES DISTRICT COURT

4                   NORTHERN DISTRICT OF CALIFORNIA

5

6   In Re: Cathode Ray Tube (CRT)    )   Case No. 07-5944 SC
    Antitrust Litigation             )            08-0337 MMC
7   ─────────────────────────────────)
                                      )   ORDER CONSOLIDATING
8   CRAGO, Inc.,                      )   CASES
                                      )
9              Plaintiff,             )
                                      )
10       v.                           )
                                      )
11  CHUNGHWA PICTURE TUBES, LTD., et  )
    al.,                              )
12                                    )
               Defendants.            )
13  ─────────────────────────────────)

14

15       The Court hereby finds that civil case Pierce v. Beijing-

16  Matsushita Color CRT Co., LTD., et al., Case No. 08-0337, is

17  suitable for CONSOLIDATION for the purposes of discovery and pre-

18  trial hearings.  This consolidation is warranted by common

19  questions of law and fact that pervade these individual matters.

20  Consolidation will facilitate discovery and conserve judicial

21  resources.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

This consolidated case will henceforth be referred to as "IN RE: Cathode Ray Tube (CRT) Antitrust Litigation," MDL No. 1971. All documents are to be filed under case number 07-5944-SC and all future filings are to bear the initials "SC" immediately after the case number.


IT IS SO ORDERED.


Dated: March 10, 2008

_____
UNITED STATES DISTRICT JUDGE