1
Joseph M. Alioto (SBN 42680)
ALIOTO LAW FIRM
2
555 California Street, 31st Floor
San Francisco, CA 94104
3
Telephone:     (415) 434-8900
Facsimile:     (415) 434-9200
4
jmalioto@aliotolaw.com

5
Marvin A. Miller (IL SBN 1916769)
MILLER LAW LLC
6
115 South LaSalle Street, Suite 2910
Chicago, IL 60603
7
Telephone:     (312) 332-3400
Facsimile:     (312) 676-2676
8
mmiller@millerlaw.com

9
*Attorneys for Plaintiffs and Proposed Interim Class Counsel
for the Indirect Purchaser Plaintiffs*

10

11
**UNITED STATES DISTRICT COURT**

12
**NORTHERN DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-05944-SC |
| | MDL No. 1917 |
| | **CLASS ACTION** |
| | **DECLARATION OF JOSEPH M. ALIOTO IN OPPOSITION TO MOTIONS FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS, AND IN SUPPORT OF CROSS-MOTION TO APPOINT ALIOTO LAW FIRM AND MILLER LAW LLC AS INTERIM LEAD CLASS COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS** |
| This Document Relates to: | |
| **ALL INDIRECT PURCHASER ACTIONS** | |
| | Date:  April 4, 2008 |
| | Time: 10:00 A.M. |
| | Hon. Samuel Conti |
| | Courtroom One, 17th Floor |

28

92710.1

DECL. OF JOSEPH M. ALIOTO IN OPPOSITION TO MOTIONS FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL
FOR INDIRECT PURCHASER PLAINTIFFS, AND IN SUPPORT OF CROSS-MOTION TO APPOINT ALIOTO LAW FIRM AND
MILLER LAW LLC AS INTERIM LEAD CLASS COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS – Case No. 3:07-cv-
05944-SC

I, JOSEPH M. ALIOTO, declare and state as follows:

1.      I have prosecuted private antitrust cases almost exclusively for more than thirty-eight years.

2.      I have argued in favor of antitrust plaintiffs before the Supreme Court of the United States, all of the circuits of the United States Courts of Appeal, and the United States District Courts of approximately forty states, as outlined in the biography attached as Exhibit A.

3.      For at least the last twenty-five years, I have prosecuted private antitrust cases against domestic as well as foreign corporate defendants from Asia, Europe, South and Central America, and Australia.

4.      By reason of my practice involving both foreign and domestic corporate defendants, I am familiar with strategies, tactics and procedures which have proven efficient and productive both for the prosecution and trial of such cases.

5.      By reason of my experiences, I have lectured at American Bar Association meetings and other symposia on the techniques of prosecuting and trying antitrust cases involving foreign corporations and their executives.

6.      I have prosecuted price-fixing conspiracies and other antitrust violations against many of the named defendants in this case, and I have knowledge of their policies, practices and procedures directly relevant to the charges alleged in this case.

7.      Throughout my career, I have led many other law firms in the prosecution of private antitrust cases, and I am familiar with administering the efficient and productive prosecution of such cases involving multiple law firms.

8.      Attached hereto as Exhibit B is a true and correct copy of the biographies of additional counsel from my firm.

9.      Attached hereto as Exhibit C is a true and correct copy of Pretrial Order No. 3: Order Appointing Interim Lead Class Counsel; Duties of Interim Lead Class

92710.1                                                    -1-
DECL. OF JOSEPH M. ALIOTO IN OPPOSITION TO MOTIONS FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS, AND IN SUPPORT OF CROSS-MOTION TO APPOINT ALIOTO LAW FIRM AND MILLER LAW LLC AS INTERIM LEAD CLASS COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS – Case No. 3:07-cv-05944-SC

1   Counsel and Liaison Counsel, entered July 13, 2007, by the Honorable Susan Illston in *In*

2   *re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827 (N.D. Cal.).

3           10.     Attached hereto as Exhibit D is a true and correct copy of the

4   Transfer Order entered by the Judicial Panel on Multidistrict Litigation in *In re: Cathode*

5   *Ray Tube (CRT) Antitrust Litigation* on February 15, 2008.

6           I declare under penalty of perjury under the laws of the United States that the

7   foregoing is true and correct.

8           Executed this 14th day of March 2008 in San Francisco, California.

9

10                                      /s/ Joseph M. Alioto

11                                            Joseph M. Alioto

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECL. OF JOSEPH M. ALIOTO IN OPPOSITION TO MOTIONS FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL
FOR INDIRECT PURCHASER PLAINTIFFS, AND IN SUPPORT OF CROSS-MOTION TO APPOINT ALIOTO LAW FIRM AND
MILLER LAW LLC AS INTERIM LEAD CLASS COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS – Case No. 3:07-cv-
05944-SC

# EXHIBIT A

# ALIOTO LAW FIRM

555 CALIFORNIA STREET, 31ST FLOOR
SAN FRANCISCO, CALIFORNIA 94104
(415) 434-8900 • FAX (415) 434-9200

---

Joseph M. Alioto has prosecuted private antitrust cases for the last thirty-eight years. He has tried and won more or as many antitrust cases as any other attorney in the country. He has represented farmers, independent companies, inventors, patent holders, manufacturers, suppliers, wholesalers, retailers, distributors, unions, consumers, and entrepreneurs against foreign as well as domestic corporations. Mr. Alioto's cases involve every major industry from manufacturing to service, trading to finance, supply to retail, transportation to mining, foreign and domestic.

## COURT MEMBERSHIP

Mr. Alioto has argued antitrust appeals on behalf of plaintiffs in the United States Supreme Court and all twelve Circuit Courts of Appeals. He has represented antitrust plaintiffs in federal court in almost every state in the country. He has appeared before the California Supreme Court, every California appellate district, and has tried cases in every major California city.

United States Supreme Court

United States Court of Appeals for the First Circuit
United States Court of Appeals for the Second Circuit
United States Court of Appeals for the Third Circuit
United States Court of Appeals for the Fourth Circuit
United States Court of Appeals for the Fifth Circuit
United States Court of Appeals for the Sixth Circuit
United States Court of Appeals for the Seventh Circuit
United States Court of Appeals for the Eighth Circuit
United States Court of Appeals for the Ninth Circuit
United States Court of Appeals for the Tenth Circuit
United States Court of Appeals for the Eleventh Circuit
United States Court of Appeals for the District of Columbia Circuit

United States District Courts, Pro Hac Vice: Mr. Alioto has tried antitrust cases in the federal District Courts in some forty states including courts in New York, New York; Boston, Massachusetts; Atlanta, Georgia; Minneapolis, Minnesota; Wichita Kansas; Fort Worth, Dallas, and Amarillo, Texas; Las Vegas and Reno, Nevada; Boise, Idaho; Seattle/Tacoma, Washington; Salt Lake City, Utah; Honolulu, Hawaii; Phoenix, Arizona; Albuquerque, New Mexico; Philadelphia, Pennsylvania; and others.

*Joseph M. Alioto*

## ANTITRUST CASES SINCE 1969

Since 1969, Mr. Alioto has represented antitrust plaintiffs in more than 300 cases involving the following industries:

Accounting, Advertising, Agricultural Products, Airlines, Aluminum, Appraisals, Automobiles, Barges, Beef, Cable, Compact Discs, Computers, Construction, Consumer Electronic Products, Corn Wetmilling, Cosmetics, Distilled Spirits, Distribution, Electronic Thermometers, Electronics, Farm Equipment, Football, Glass, Hardware and Software, Health Care and Hospitals, Ice Cream, Insurance, Livestock, Milk, Mining, Mortgage Banking, Network Electronics, Oil, Newspapers, Optic Fibers, Overhead Doors, Pacemakers, Peripheral Manufacturers, Photo-Finishing, Physicians, Potatoes, Potash, Processing, Professionals and Professional Services, Publishing, Retailing, Rendering, Satellites Services and Equipment, Shipping, Soda Ash, Soft Drinks, Steam Shipping, Telephone, Tickets, Trading, Transcutaneous Electronic Nerve Stimulator, Travel Industries, Trucking, VCR's, Wheat, Wool, and others.

## ANTITRUST TRIALS

Mr. Alioto has tried and won more or as many antitrust cases as any attorney in the country. A sampling of his trials, which last anywhere from three weeks to seven months, include the following:

Gary v. Shell, (Oil);
Hallmark v. Reynolds, (Alumina);
Treasure Valley Potato Growers v. Ore-Ida, (Potatoes);
Fulhurst v. Maytag, (electronic ticketing);
Chisholm v. International Harvester, (farm equipment);
Kohn v. Maricopa Rendering, (rendering);
De Voto v. Bankers Mortgage, (mortgage banking);
Janich v. American Distilling, (distilled spirits);
Bray v. Safeway Stores, (cattle/beef);
Cointronics v. Burroughs, (computer processing);
TwoDoor v. Overhead Door, (electronic doors);
Kaplan v. Burroughs, (computer processing);
Aloha Airlines v. Hawaiian Airlines, (air lines);
Bubble-Up v. Coca-Cola, (soft drinks);
Selton v. PT&T, (yellow page publishing);
Dimmitt v. CPC International, (corn wet milling);
Broadway v. UPS, (delivery/consolidation service);
McDonald v. Johnson & Johnson, (TENS/pacemakers);
Rickards v. CERF, (veterinarians);

*Joseph M. Alioto*

Adams Construction (construction);
Ringsby v. Consolidated Freightways, (long hault rucking);
Lightwave v. Corning, (optic fiber);
Metropolitan News v. Daily Journal (newspaper publishing);
Las Vegas Sun v. Summa Corp., (advertising/publishing);
Syufy v. American Theaters, (motion picture production and exhibition);
Forro v. IBM, (computer/peripheral manufacturers)
Amec v. Johnson & Johnson (electronic medical equipment);
Filco v. Amana, (consumer electronic sales);
United States v. Rice Growers, (rice);
Go-Video v. Matsushita, (VCRs);
Blue Cross v. HCA, (hospitals/insurance);
Southern Publishing v. Lesher Publishing, (newspapers);
Rao v. S/T Hospitals, (physicians);
Los Angeles Raiders v. NFL, (football);
Baldareli v. H&R Block, (tax preparation;
Latian v. Banco do Brasil, (foreign finance);
Anderson v. Touche, Ross, (accounting);
Montreal Trading v. MIC, (international potash trading)
King v. National Benevolent Association (real estate)
Reilly v. Hearst Newspaper Corporation (newspapers)
Raiders v. National Football League (football)
IREF v. Arthur Andersen (accounting)

## TRIALS OF SPECIAL NOTE

Mr. Alioto has twice set the record for the largest judgments in the history of the Antitrust Laws:

*Bray v. Safeway*, largest judgment in the history of the antitrust laws up to that date (1974, $32 million).

*McDonald v. Johnson & Johnson*, largest judgment for individuals in the history of the antitrust laws up to that date (1981, $170 million).

## LECTURES ON ANTITRUST

Approximately 10-20 at American Bar Association, State Bar Associations, Law Schools, Symposia, etc. Topics have varied from practical instruction (*e.g.* "How To Try An International Antitrust Case") to philosophical underpinning of the antitrust laws (*e.g.* "Adam Smith, Antitrust, and the United States.")

*Joseph M. Alioto*

# EXHIBIT B

**Theresa D. Moore**

Ms. Moore specializes in trial practice and mediation. Her substantive legal focus includes antitrust, unfair competition, business, consumer and complex class actions. Ms. Moore has been representing antitrust plaintiffs with the Alioto Law Firm since 1981. She has been lead counsel in over 100 trials, including civil and criminal trials as a Deputy District Attorney in San Francisco.

Ms. Moore is a Judge Pro Tem for the State of California in San Francisco Superior Court. She is a distinguished Professor Adjunct in Trial Advocacy and Evidence at the University of California, Hastings College of Law. She has served as keynote speaker and co-chair for the National College of Advocacy.

Ms. Moore is also a California Certified Mediator and Special Master. She has successfully mediated approximately 150 cases for private and government organizations, including the Federal Equal Employments Opportunity Commission, Multi-Option ADR Project, State of California First District Court of Appeal , Conflicts Resolution Center, San Francisco Superior Court, and the San Mateo County Courts.

Ms Moore received her Juris Doctor from the University of California, Hastings College of the Law in 1981. She received her Bachelor of Arts from the University of Santa Clara in 1978.

Ms. Moore is admitted to practice in the State of California, as well as the United States District Courts for the Northern, Eastern and Central Districts of California.

A representative sample of Ms. Moore's class action and antitrust cases includes:

*AD/SAT v. Associated Press, et al.*-- antitrust litigation alleging illegal pricing
U.S.D.C. S.D.N.Y.; Case No. 94-civ-6655 (PKL)

*In Re: Airline Ticket Commission Antitrust Litigation*- antitrust class action alleging that the airlines conspired to fix travel agents' commission rates
U.S.D.C. Minn Fourth Division;MDL Docket No. 1058 Master File No. 4-95-107 (all actions combined)

*AD/SAT v. McClatchy Newspapers, Inc.*-- antitrust litigation alleging and illegal pricing conspiracy U.S.D.C. for the Eastern District of California; Case No. CIV-S-95-1387 (DFL) (PAN)

*Neve Brothers, et al. v. Potash Corporation of Saskatechewan, et al.*-- antitrust class action of inidrect purchasers of potash.
Sup. Ct. CA S.F. Case No. 959767; Ct. App. CA, 1st Dist..

*Theresa D. Moore*

*Notz et al v Ticketmaster-Southern Californai, Inc. et al.* --antitrust consumer class action alleging a territorial allocation in violation of the Cartwright Act
Sup. Ct. CA S.F. Case No. 943-327

*Cosmetics Antitrust Litigation*--antitrust class action alleging that manufacturers of prestige cosmetics and retail department stores conspired to prevent discounting of cosmetics   Sup. Ct CA Marin J.C.C.P. 4056; USDC N.D.CA No. 3:03 cv-03359 SBA

*Automobile Antitrust Litigation* I, II  JCCP 4298 and 4303—antitrust statewide class action by indirect purchasers alleging a price fixing conspiracy. Sup.Ct. CA S.F; J.C.C.P. Nos. 004298, 004303;U.S.D.C. for the District of Maine; MDL 03-md-1532

*Clayworth, et al. v. Pfizer, Inc., et al.*--antitrust action by indirect purchaser retail pharmacists alleging a price fixing conspiracy. against major drug manufacturers
Sup. Ct. CA Alameda Case No. 04172428

*In Re Nasdaq Market Makers Antitrust Litigation* --antitrust nationwide class action alleging a price fixing conspiracy MDL 1023 94 Civ. 3996 (RWS)

*Breaux v Agency Rent a Car; USDC N.D. CA*--class action of employees of rental car company

*In Re Tableware Litigation;* antitrust action alleging illegal pricing and boycott U.S.D.C. Case No. C-04-3514 VRW

*Theresa D. Moore*

**Angelina Alioto-Grace**

Mrs. Alioto-Grace is a general commercial litigator with a focus in antitrust, complex business tort, class action, intellectual property, unfair competition, and racial discrimination. Her experience includes both trial and appellate advocacy in the federal and state courts. Mrs. Alioto-Grace's responsibilities include all aspects of trial preparation from opening statement through argument. Additional pre-trial responsibilities include initiating pleadings, all phases of discovery, client retention and management, and settlement negotiation.

Mrs. Alioto-Grace is admitted to practice in the State of California, the State of New York, the Commonwealth of Massachusetts, the United States Supreme Court, the Ninth Circuit Court of Appeals, the United States District Court for the Northern District of California and the United States District Courts for the Southern and Eastern Districts of New York.

Mrs. Alioto-Grace is a former associate of Akin, Gump, Strauss, Hauer & Feld L.L.P. in New York, New York. She received her Juris Doctorate in 1995 from the Georgetown University Law Center. After law school, Mrs. Alioto-Grace clerked for the Office of the Counsel to the President of the United States.

**Joseph M. Alioto, Jr.**

Mr. Alioto has prosecuted federal and California antitrust and unfair competition violations exclusively for over five years. He serves as first- and second-chair counsel in multi-party federal and state actions involving price-fixing, monopolization, price discrimination, merger enforcement and various related competition and business tort claims. He has represented clients in a dozen cases involving price-fixing conspiracies in the oil, air transportation, pharmaceutical, rail freight, hotel, HVAC manufacturing, and software industries. He has briefed and argued oppositions to summary judgment in price-fixing conspiracy cases in both state and federal court. Mr. Alioto is at the forefront of the debate concerning "pass-on" issues in Direct/Indirect Purchaser overcharge cases. His appeal challenging the availability of the pass-on defense in so-called "*Illinois Brick* Repealer" states is an issue of first-impression now pending before the California Court of Appeal. Mr. Alioto's appellate antitrust experience includes advocacy before the Ninth Circuit and California appellate courts. He is the Chairman of the Antitrust Committee of the American Bar Association, Young Lawyers Division.

Mr. Alioto graduated with the joint degrees Juris Doctorate and Masters in Business Administration from the University of California at Berkeley, Boalt Hall School of Law and Haas School of Business in 2001. During law school, he clerked for the Honorable Timothy A. Reardon, California Court of Appeal, and conducted trials and law/motion for the Alameda County District Attorney's Office. Upon graduation, he was invited to clerk for District Judge Frank Bullock, Jr., Middle District of North Carolina. Mr. Alioto graduated from Georgetown University with a Bachelor of Science, *cum laude*, 1994.

Admitted to practice in the United States Supreme Court (2006); Ninth Circuit Court of Appeals (2001); United States District Court, California and Ohio (2001, 2003); and California Supreme Court (2001).

**Thomas P. Pier**

Mr. Pier practices antitrust litigation with the Alioto Law Firm.  He is admitted to practice in the State of California, as well as the United States District Court for the Northern District of California.  Since joining the Alioto Law Firm in 2005, Mr. Pier has been involved in antitrust litigation in the fields of transportation, communications, pharmaceuticals, and building controls.  Mr. Pier's primary responsibilities are in the coordination of discovery matters.

Mr. Pier received a Juris Doctorate from the University of San Francisco in 2004.  Mr. Pier also received a Master of Arts in Journalism from the University of Texas, Austin in 2003, and a Bachelor of Arts in Public Policy from Brown University in 1995.

*Thomas P. Pier*

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI |
| _____/ | MDL. No. 1827 |
| This Order Relates to: | **PRETRIAL ORDER NO. 3:  ORDER APPOINTING INTERIM LEAD CLASS COUNSEL; DUTIES OF INTERIM LEAD CLASS COUNSEL AND LIAISON COUNSEL** |
| ALL CASES | |
| _____/ | |

**I.      Appointment of Interim Lead Class Counsel**

Now pending before the Court are a number of applications pursuant to Federal Rule of Civil Procedure 23(g) for appointment of Interim Lead Class Counsel.[1]  After carefully considering the applications of the distinguished and experienced counsel, and the requirements of Rule 23(g)(1)(C), the Court makes the following interim appointments (Fed. R. Civ. P. 23(g)(2)(B):

| | |
|---|---|
| Interim Lead Counsel indirect purchaser cases: | Francis O.  Scarpulla, of Zelle Hofmann Voelbel Mason & Gette, LLP Joseph M.  Alioto, of the Alioto Law Firm |
| Interim Lead Counsel direct purchaser cases: | Bruce L.  Simon, of Pearson, Simon, Soter, Warshaw, and Penny, LLP, Richard Heimann, of Lieff, Cabraser, Heimann & Bernstein |

The Court finds that each of the foregoing firms and individuals has demonstrated substantial effort in identifying and investigating potential claims in this action, is experienced in litigating and trying complex antitrust class actions,  has extensive knowledge of the applicable law, and has the appropriate resources to properly represent the class.  These firms have also demonstrated an ability to

---

[1]  This order disposes of Docket Nos. 9, 13, 14, 25, 29, 35, 45, 65, 88, 152, 156, 159, and 197. In addition, the Notice of Withdrawal of Counsel filed by Sarah Hansen on July 6, 2007 (Docket No. 190) is approved.

1 work with other firms, including the various other firms representing clients in these cases, in an

2 expeditious and cooperative manner. The substantial legal talent present in this case must be effectively

3 marshaled so as to best represent the interests of the clients; it will be the responsibility of Interim Lead

4 Counsel to coordinate that effort, with the assistance of Liaison Counsel.

5

6 **II.      Duties of Interim Lead Class Counsel**

7          Interim Lead Class Counsel shall be responsible for the overall conduct of the litigation on behalf

8 of the indirect and direct purchaser plaintiffs.  Interim Lead Class Counsel shall be responsible for the

9 following with regard to their respective classes:

10          a.      Supervise all pretrial, trial and post-trial proceedings on behalf of plaintiffs;

11          b.      Sign any pleadings, motions, briefs, discovery requests or objections, subpoenas or

12                  notices on behalf of plaintiffs;

13          c.      Determine and present in motions, briefs, oral argument, meetings with the Special

14                  Master, or such other fashion as may be appropriate, the position of all of the plaintiffs

15                  as to all matters arising during pretrial and trial proceedings;

16          d.      Designate attorneys to act as spokespersons at pretrial conferences and meetings with the

17                  Special Master;

18          e.      Negotiate and enter stipulations with defense counsel with respect to all matters in this

19                  litigation, including discovery and settlement matters.  In particular, Interim Lead Class

20                  counsel are directed to meet and confer with defendants' counsel and submit a stipulation

21                  as to the filing of consolidated amended complaints for the two classes;

22          f.      After the resolution of the United States' upcoming motion to stay or limit discovery,

23                  develop and propose to the Court schedules for the commencement, execution and

24                  completion of discovery.  After the current stay on discovery is lifted, conduct or

25                  coordinate discovery on behalf of plaintiffs consistent with the requirements of the

26                  Federal Rules of Civil Procedure, including the preparation of joint interrogatories,

27                  requests for production of documents, requests for admissions and the examination of

28                  witnesses in depositions;

g.    Coordinate the activities of plaintiffs' counsel and implement procedures to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

h.    Employ and consult with experts;

i.    Call meetings of plaintiffs' counsel when deemed appropriate;

j.    Delegate tasks to counsel for plaintiffs and otherwise coordinate the work of all plaintiffs' counsel, and perform such other duties as the Interim Lead Class Counsel deem necessary or as authorized by further order of the Court; and

k.    Work with plaintiffs' Liaison Counsel to ensure that all plaintiffs' counsel are kept informed of the progress of this litigation as necessary.

## II.    Duties of Liaison Counsel

At the July 20, 2007 status conference the Court appointed Elizabeth Prizker, Esq., as Interim Liaison Counsel for the direct purchaser plaintiffs, Jack Lee, Esq., as Interim Liaison Counsel for the indirect purchaser plaintiffs, and Albert Boro, Esq., as Liaison Counsel for defendants.  In addition to the duties set forth in Pretrial Order No. 1, the duties of Liaison Counsel are as follows:

a.    On a monthly basis, plaintiffs' Liaison Counsel shall collect reports of contemporaneously-prepared attorney- and paralegal-time and expense records from each plaintiffs' firm.  The reports shall include contemporaneous records for anyone whose time is expected to be included in any fee petition;

b.    Defendants' Liaison Counsel shall collect reports of contemporaneously-prepared attorney- and paralegal-time and expense records from any defendant who expects to seek reimbursement for any fees or expenses through motion made to the Court.  The reports shall include contemporaneous records for anyone whose time is expected to be included in any fee request;

c.    Between formal hearings or appearances, Liaison Counsel shall serve as a contact point between the parties and the Court.  Matters which the parties desire to bring to the Court's attention between hearings or on an informal basis may be presented by Liaison Counsel as needed; and the Court will contact Liaison Counsel on an as-needed basis to

United States District Court
For the Northern District of California

3

assure consistent management of these cases.

**IT IS SO ORDERED.**

Dated: July 13, 2007

_____
SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D

Case M:08-cv-01917-SC    Document 1    Filed 02/26/2008    Page 1 of 8

# ORIGINAL

A CERTIFIED TRUE COPY

ATTEST

By Mecca Thompson on Feb 15, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

**Feb 15, 2008**

FILED
CLERK'S OFFICE

**IN RE: CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION**

Crago, Inc. v. Chunghwa Picture Tubes, Ltd., et al.,          )
    N.D. California, C.A. No. 3:07-5944          )
Andrew Kindt v. Matsushita Electric Industrial Co.,          )
    Ltd., et al., S.D. New York, C.A. No. 1:07-10322          )

MDL No. 1917

# FILED

FEB 2 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**TRANSFER ORDER**

    **Before the entire Panel:** Plaintiff in the Northern District of California action has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Northern District of California. All responding parties agree that centralization is appropriate and variously support one or more of the following suggested transferee districts: the Northern District of California, the District of Minnesota, the District of New Jersey, the Southern District of New York, and the District of South Carolina.

    This litigation currently consists of two actions pending in two districts, one action each in the Northern District of California and the Southern District of New York.[1]

    On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions relating to allegations that defendants – manufacturers of cathode ray tubes (CRTs) and products containing CRTs – conspired to fix prices of CRT products in violation of the Sherman Antitrust Act. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

    We are persuaded that the Northern District of California is an appropriate transferee forum for this litigation. One of the two actions before us and twelve potential tag-along actions are

---

[1] The Panel has been notified that 26 other related actions have been filed as follows: twelve actions in the Northern District of California; three actions each in the District of New Jersey and the Southern District of New York; two actions in the District of Minnesota; and one action each in the District of Arizona, the Western District of Arkansas, the Northern District of Ohio, the District of South Carolina, the Eastern District of Tennessee, and the District of Vermont. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

already pending in that district, and some defendants and some plaintiffs support centralization there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the Southern District of New York is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Samuel Conti for coordinated or consolidated pretrial proceedings with the action pending there.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

D. Lowell Jensen          J. Frederick Motz
Robert L. Miller, Jr.     Kathryn H. Vratil
David R. Hansen           Anthony J. Scirica

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:        [202] 502-2888
http://www.jpml.uscourts.gov

February 15, 2008

Honorable Samuel Conti
Senior U.S. District Judge
U.S. District Court
P.O. Box 36060
San Francisco, CA 94102-3434

Re: MDL No. 1917 -- IN RE: Cathode Ray Tube (CRT) Antitrust Litigation

Dear Judge Conti:

        Attached are:  (i) a letter directed to the Clerk of your district advising that the above-referenced litigation has been transferred to you under 28 U.S.C. § 1407 and (ii) a copy of the related transfer order.

        As you may know, all multidistrict litigation statistics are maintained by this office and submitted to the Administrative Office for inclusion in the <u>Annual Report of the Director</u>.  Consequently, once yearly we will verify with your Clerk the actual number and status of the actions assigned to you, including actions added to the docket either by transfer of tag-along actions or additional related actions originally filed in your district.  A copy of our inquiry to your Clerk will be directed to you for your information.

        We have a Citrix remote access server for use by transferee courts in accessing our database for information regarding assigned multidistrict litigation.  The server can be accessed by you if you have a Windows based  personal computer with DCN access.  Our database contains transferor and transferee information for each action transferred by the Panel and actions filed in your district.  Counsel identified in the database are those who made appearances in the transferor districts, counsel who filed appearances before the Panel and counsel assigned by you as liaison counsel.  Also, each individual action is tracked from the date of transfer to termination either by dismissal, remand to transferor district, remand to state court, etc.  If you are interested in utilizing the server, please feel free to contact our Systems Administrator, Al Ghiorzi, to establish a password and receive instructional information.

        Your attention is directed to Rule 7.6 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 436-38 (2001), dealing with termination and remand of actions transferred by the Panel.  Specifically, the rule states, in part, the following:

- 2 -

(a)  Actions terminated in the transferee district court by valid judgment, including but not limited to summary judgment, judgment of dismissal and judgment upon stipulation, shall not be remanded by the Panel and shall be dismissed by the transferee district court....

(b)  Each action transferred only for coordinated or consolidated pretrial proceedings that has not been terminated in the transferee district court shall be remanded by the Panel to the transferor district for trial....

(c)  The Panel shall consider remand of each transferred action or any separable claim, cross-claim, counterclaim or third-party claim at or before the conclusion of coordinated or consolidated pretrial proceedings on...suggestion of the transferee district court....

We will promptly act upon any written notices from you that remand of actions or separable claims transferred under Section 1407 is appropriate.

If you appoint liaison counsel, in your pretrial order outlining liaison counsel's responsibilities, please consider reinforcing Panel Rule 5.2(e), which provides:

If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule [Panel Rule 5.2, Service of Papers Filed Before the Panel] shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

Feel free to contact this office if we may be of assistance to you.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By_____
      Mecca S. Thompson
      Docket Specialist

Attachments (Separate Documents)

cc:      Clerk, United States District Court
         for the Northern District of California

JPML Form 23

Printed on 02/15/2008

### *Judicial Panel on Multidistrict Litigation - Panel Attorney Service List*
### for
### MDL 1917 - IN RE: Cathode Ray Tube (CRT) Antitrust Litigation

**\*\*\* Report Key and Title Page \*\*\***

Please Note: This report is in alphabetical order by the last name of the attorney. A party may not be
represented by more then one attorney. See Panel rule 5.2(c).

**Party Representation Key**

\* Signifies that an appearance was made on behalf of the party by the representing attorney.

\# Specified party was dismissed in some, but not all, of the actions in which it was named as a party.

All counsel and parties no longer active in this litigation have been suppressed.

**This Report is Based on the Following Data Filters**

Docket: 1917 - Cathode Ray Tube (CRT) AT

For Open Cases

**Judicial Panel on Multidistrict Litigation - Panel Attorney Service List**                                  Page 1

Docket:  1917 - IN RE: Cathode Ray Tube (CRT) Antitrust Litigation
Status:  Transferred on 02/15/2008
Transferee District:  CAN    Judge: Conti, Samuel
                                                                            Printed on 02/15/2008

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Beijing-Matsushita Color,<br>No. 9 Jiuxianqiao N. Rd.<br>Dashanzi Chaoyang District<br>Beijing, China | =><br>   Beijing-Matsushita Color CRT Co., Ltd. |
| Bendes, Barry<br>EDWARDS ANGELL PALMER & DODGE LLP<br>750 Lexington Avenue<br>New York, NY 10022 | => Phone: (212) 912-2911  Fax: (212) 308-4844  Email: bbendes@eapdlaw.com<br>   Orion America, Inc.* |
| Chunghwa Picture Tubes,<br>No. 1127, Heping Rd.<br>Bade City, Taoyuan, Taiwan | =><br>   Chunghwa Picture Tubes, Ltd. |
| Chunghwa Picture Tubes,<br>Lot 1, Subang Hi-Tech Industrial Park<br>Batu Tiga, 4000 Shah Alam<br>Selango Darul Ehsan, Malaysia | =><br>   Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. |
| Curran, Christopher M.<br>WHITE & CASE LLP<br>701 13th Street , N.W.<br>Washington, DC 20005-3807 | => Phone: (202) 626-3643  Fax: (202) 639-9355  Email: ccurran@whitecase.com<br>   Toshiba America, Inc.* |
| Halling, Gary L.<br>SHEPPARD MULLIN RICHTER & HAMPTON LLP<br>Four Embarcadero Center<br>17th Floor<br>San Francisco, CA 94111-4109 | => Phone: (415) 434-9100  Fax: (415) 434-3947  Email: ghalling@sheppardmullins.com<br>   Samsung SDI America, Inc.* |
| Hitachi Asia, Ltd.,<br>16 Collyer Quay, #20-00 Hitachi Tower<br>Singapore 049318 | =><br>   Hitachi Asia, Ltd. |
| Hitachi, Ltd.,<br>6-6, Marunouchi 1-chome<br>Chiyoda-ku, Tokyo, 100-8280, Japan | =><br>   Hitachi, Ltd. |
| Irico Display Devices Co.,<br>No. 16 Fenghui South Road West<br>District High-tech Development Zone<br>Xi'an, SXI 710075<br>*** Bad Address *** | =><br>   Irico Display Devices Co., Ltd. |
| Irico Group Corp.,<br>1 Caihong Rd.<br>Xianyang City, Shaanxi Province 712021 | =><br>   Irico Group Corp. |

Note: Please refer to the report title page for complete report scope and key.

*(Panel Attorney Service List for MDL 1,917 Continued)*

Page 2

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Koninklijke Philips Elect,<br>Breitner Center, Amstelplein 2, 1096 BC<br>Amsterdam, The Netherlands | => <br>Koninklijke Philips Electronics N.V. |
| LG Electronics, Inc.,<br>LG Twin Towers<br>20, Yeouido-dong, Youngdungpo-gu<br>Seoul<br>150-721 Korea | => <br>LG Electronics, Inc. |
| LP Displays International,<br>6th Floor, ING Tower<br>308 Des Voeux Road Central<br>Sheung Wan, Hong Kong | => <br>LP Displays International, Ltd. |
| Lovell, Christopher<br>LOVELL STEWART HALEBIAN LLP<br>500 Fifth Avenue<br>Floor 58<br>*New York, NY 10110* | =>Phone: (212) 608-1900  Fax: (212) 719-4677<br>Kindt, Andrew* |
| Matsushita Toshiba Pictur,<br>1-1, Saiwai-cho<br>Takatsuki-shi, Osaka 569-1193, Japan | => <br>Matsushita Toshiba Picture Display Co., Ltd. |
| Ostoyich, Joseph A.<br>HOWREY & SIMON<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC 20004 | => <br>Philips Electronics North America Corp.* |
| Roger, Kent M.<br>MORGAN LEWIS & BOCKIUS LLP<br>One Market, Spear Tower<br>San Francisco, CA 94105-1126 | =>Phone: (415) 442-1140  Fax: (415) 442-1001<br>Hitachi America, Ltd.* |
| Samsung SDI Co., Ltd.,<br>575 Shin-dong, Youngtong-gu Suwon<br>Kyonggi, South Korea<br>*** Bad Address *** | => <br>Samsung SDI Co., Ltd. |
| Samtel Color, Ltd.,<br>52, Community Centre, New Friends Colony<br>New Delhi-110065 | => <br>Samtel Color, Ltd. |
| Simon, Bruce L.<br>PEARSON SIMON SOTER WARSHAW & PENNY LLP<br>44 Montgomery Street<br>Suite 1200<br>San Francisco, CA 94104 | =>Phone: (415) 433-9000  Fax: (415) 433-9008  Email: bsimon@psswplaw.com<br>Crago, Inc.* |

Note: Please refer to the report title page for complete report scope and key.

*(Panel-Attorney Service List for MDL 1,917 Continued)*                                                    Page 3

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Thai CRT Co., Ltd., <br> 1/F 26 Siam Cement Rd <br> Bangsue Dusit, Bangkok, Thailand | => <br> Thai CRT Co., Ltd. |
| Toshiba Corp., <br> Legal Affairs Division <br> 1-1, Shibaura 1-Chome <br> Minato-Ku, Tokyo <br> 105-8001 Japan | => <br> Toshiba Corp. |
| *Viola, Anthony J.* <br> EDWARDS ANGELL PALMER & DODGE LLP <br> 750 Lexington Avenue <br> New York, NY 10022 | => *Phone: (212) 912-2827  Fax: (212) 308-4844  Email: aviola@eapdlaw.com* <br> Orion Electric Co., Ltd.* |
| *Yohai, David L.* <br> WEIL GOTSHAL & MANGES LLP <br> 767 Fifth Avenue <br> New York, NY 10153-0119 | => *Phone: (212) 310-8000  Fax: (212) 310-8007* <br> Matsushita Electric Industrial Co., Ltd.*; Panasonic Corp. of North America* |

Note: Please refer to the report title page for complete report scope and key.