1   Joseph M. Alioto (SBN 42680)
    ALIOTO LAW FIRM
2   555 California Street, 31st Floor
    San Francisco, CA 94104
3   Telephone:    (415) 434-8900
    Facsimile:    (415) 434-9200
4   jmalioto@aliotolaw.com

5   Marvin A. Miller (IL SBN 1916769)
    MILLER LAW LLC
6   115 South LaSalle Street, Suite 2910
    Chicago, Il 60603
7   Telephone:    (312) 332-3400
    Facsimile:    (312) 676-2676
8   mmiller@millerlaw.com

9   *Attorneys for Plaintiffs and Proposed Interim Class Counsel*
    *for the Indirect Purchaser Plaintiffs*
10

11                 **UNITED STATES DISTRICT COURT**

12              **NORTHERN DISTRICT OF CALIFORNIA**

13  _____   )   Master File No. 3:07-cv-05944-SC
                                      )
14  **IN RE: CATHODE RAY TUBE (CRT)** )   MDL No. 1917
    **ANTITRUST LITIGATION**          )
15                                    )   **CLASS ACTION**
    _____   )
16                                    )   **DECLARATION OF MARVIN A.**
                                      )   **MILLER IN OPPOSITION TO**
17  This Document Relates to:         )   **MOTIONS FOR APPOINTMENT OF**
                                      )   **INTERIM LEAD CLASS COUNSEL**
18  ALL INDIRECT PURCHASER ACTIONS    )   **FOR INDIRECT PURCHASER**
                                      )   **PLAINTIFFS, AND IN SUPPORT OF**
19                                    )   **CROSS-MOTION TO APPOINT**
                                      )   **ALIOTO LAW FIRM AND MILLER**
20                                    )   **LAW LLC AS INTERIM LEAD CLASS**
                                      )   **COUNSEL FOR INDIRECT**
21                                    )   **PURCHASER PLAINTIFFS**
                                      )
22                                    )   Date:  April 4, 2008
                                      )   Time: 10:00 A.M.
23                                    )
                                      )   Hon. Samuel Conti
24                                    )   Courtroom One, 17th Floor
    _____   )
25

26

27

28
    _____
    DECLARATION OF MARVIN A. MILLER IN OPPOSITION TO MOTIONS FOR APPOINTMENT OF INTERIM LEAD CLASS
    COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS, AND IN SUPPORT OF CROSS-MOTION TO APOPINT ALIOTO LAW
    FIRM AND MILLER LAW LLC AS INTERIM LEAD CLASS COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS – Case No.
    3:07-cv-05944-SC

1    I, MARVIN A. MILLER, declare and state as follows:

2        1.    I am a member in good standing of the Bars of the States of Illinois

3    and New York and am admitted to practice before this Court.  I am a member and

4    managing partner of the Chicago, Illinois law firm of Miller Law LLC ("Miller Law"),

5    counsel for plaintiffs Mark Pierce and Barbara Caldwell in the above referenced action. I

6    make this Declaration based on my personal knowledge, and if called as a witness I could

7    competently testify to the facts stated herein.

8        2.    By Order of the Court on March 10, 2008, Plaintiff Pierce's action was

9    consolidated for purposes of discovery and pre-trial hearings with this action, *In re Cathode Ray*

10   *Tube Antitrust Litigation,* Case No. CV-07-5944 SC. I also have appeared in this litigation as

11   counsel for plaintiff in the case entitled *Caldwell* v. *Matsushita Electric Industrial Co*, *Ltd.* et

12   al., 3:07-cv-6303 which was earlier consolidated with the *Crago* case by the order of this

13   court of January 16, 2008.

14       3.    I am the principal of Miller Law LLC and supervise the firm's practice.

15   I have actively litigated antitrust, securities fraud, commodities, and stock manipulation

16   cases, as well as other forms of complex commercial litigations, and intellectual property

17   cases for more than 37 years.

18       4.    Miller Law is a litigation boutique firm which concentrates its

19   practice in class action litigation.  While the firm is headquartered in Chicago, Illinois, its

20   attorneys have litigated class actions in the federal courts across the country.

21       5.    In matters going back over more than two decades, I have been

22   selected for, and appointed to, leadership positions, either as co-lead counsel,  liaison

23   counsel or on executive committees, in numerous complex antitrust cases covering a variety

24   of industries, including airlines, pharmaceuticals, healthcare, communications, and computers,

25   among others.  Through diligent prosecution of these complex class action antitrust cases,

26   Miller Law attorneys have successfully obtained substantial recoveries for its individual

27   clients and the class members it has had the honor to represent. Those positions and our

28

DECLARATION OF MARVIN A. MILLER IN OPPOSITION TO MOTIONS FOR APPOINTMENT OF INTERIM LEAD CLASS
COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS, AND IN SUPPORT OF CROSS-MOTION TO APOPINT ALIOTO LAW
FIRM AND MILLER LAW LLC AS INTERIM LEAD CLASS COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS – Case No.
3:07-cv-05944-SC

1   achievements are reflected in the Miller Law firm resume attached as Exhibit A.

2   Additional information about Miller Law LLC can be found on our website at

3   www.millerlawllc.com.

4         6.     As demonstrated in Exhibit A, I have been personally recognized

5   both by my peers in Illinois and by various courts across the country as a pre-eminent

6   litigator. In *In re Telesphere Sec. Litig.*, 89-1875 (N.D. Ill.), Judge Milton I. Shadur,

7   U.S.D.C. N.D. Ill., in his opinion approving a class action settlement,  referred to me as "...an

8   experienced securities law class action litigator and who also has 20 years [now 37 years]

9   practice under his belt.  This Court has seen the quality of that lawyer's work in other

10  litigation, and it is first-rate."  753 F.Supp. 716, 719 (N.D. Ill. 1990).  Recently, courts

11  have commented on my leadership abilities and the quality of work performed in large

12  complex antitrust cases.  In the Airlines Passenger Fuel Surcharge antitrust litigation before

13  it was transferred to this District as part of the MDL proceedings assigned to Judge Breyer

14  of this Court (*In re International Air Transportation Surcharge Antitrust Litigation* (N.D.

15  Cal., MDL No. 1793)), Judge Robert Gettleman commented about my qualifications to be

16  appointed lead counsel and said:  "Mr. Miller, with all due respect…  If I were to decide right

17  now whether or not you were qualified to be lead counsel either in the cases pending in this

18  district or in any other district, I would find that you are more than qualified…"  *McGovern,*

19  *et al. v. AMR Corporation, et a*l. (N.D. Ill., No. 06-C-3444 et al.), August 15, 2006, p. 3.  In

20  an earlier antitrust class action, *In re Relafen Antitrust Litig*., 231 F.R.D. 52 (D. Mass. 2005),

21  in which I  served as one of the Co-Lead Counsel for End-Payors, Judge Young of the

22  District of Massachusetts commented that: "Class counsel here exceeded my expectations in

23  these respects [*i.e*., experience, *c*ompetence, and vigor] in every way."  231 F.R.D. at 85.

24  Judge Young further stated that: "The Court has consistently noted the exceptional efforts of

25  class counsel."  *Id*. at 80.

26        7.     The other attorneys at Miller Law, as identified in Exhibit A, likewise

27  have extensive experience prosecuting class actions nationwide on behalf of victims of

28

DECLARATION OF MARVIN A. MILLER IN OPPOSITION TO MOTIONS FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS, AND IN SUPPORT OF CROSS-MOTION TO APOPINT ALIOTO LAW FIRM AND MILLER LAW LLC AS INTERIM LEAD CLASS COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS – Case No. 3:07-cv-05944-SC

antitrust law and securities law violations.  In 1992, I founded and was thereafter for over 15 years the managing partner of a multi-location litigation firm which primarily represented plaintiffs in complex class actions.  At the beginning of 2007, I founded Miller Law LLC. Our current firm is very highly selective in the cases which we bring to suit and, as a result, we seek to play a major role in such cases and we do actively participate in every case in which we are involved. As a result of our case selectivity, and because our fees are purely contingent on the outcome of the case, we consistently litigate our cases in both an innovative and efficient manner.  The attorneys at Miller Law have prosecuted numerous complex securities and antitrust class actions on behalf of victimized individuals, corporations and institutions, and as a result have recovered hundreds of millions of dollars for the members of the classes on whose behalf those cases have been litigated.

8.     Miller Law has both the skilled legal and support staff, as well as the financial resources, necessary to prosecute this action as a co-lead for the class, and is prepared to commit the resources necessary to the effective prosecution of this case.

I declare under penalty of perjury, pursuant to the laws of the United States, that the foregoing is true and correct.

Executed in Chicago, Illinois on March 10, 2008.

/s/Marvin A. Miller_____
Marvin A. Miller

-3-

DECLARATION OF MARVIN A. MILLER IN OPPOSITION TO MOTIONS FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS, AND IN SUPPORT OF CROSS-MOTION TO APOPINT ALIOTO LAW FIRM AND MILLER LAW LLC AS INTERIM LEAD CLASS COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS – Case No. 3:07-cv-05944-SC

# EXHIBIT A



Miller Law LLC is a litigation boutique law firm which unites the talents of attorneys with combined experience in a wide array of complex civil litigation. The foundation of the firm is the ability to handle large complex litigation and sophisticated class actions in a variety of practice areas in federal and state courts across the country.

Our litigation experience covers a varied and broad range of industries including pharmaceuticals, telecommunications, commodities and securities.

Miller Law LLC's fees are contingent on our success in achieving a favorable result for our clients and are reviewed and awarded by the court. Because we advance the costs of the litigation and our fees are earned on a predominately contingent basis, we continuously monitor and carefully evaluate each case throughout the litigation and understand the need to be efficient. This gives us the confidence and flexibility to employ creative thought in the decision-making process at every stage of the litigation. The skill and experience of the Miller Law attorneys has been recognized repeatedly by their peers, at whose request we have served as co-lead counsel and *liaison*, and by courts, which have appointed our attorneys to leadership positions in complex multi-district or consolidated litigation in securities, commodities, consumer and antitrust class actions where we have been responsible for many outstanding recoveries and precedent-making decisions.

**Representative Pending Matters:**

<u>**Antitrust:**</u>

***Bayside Rubber & Products, Inv. v. Bridgestone Industrial Products America, Inc., et al.,*** 07-21784 (S.D. Fla.). This class action alleges that defendant-manufacturers of flexible rubber hose used to transport oil between ships, terminals, buoys and tanks, among other things, conspired to fix the prices of the marine hoses.

***Caldwell v. Matsushita Electrical Industrial Co., Ltd., et. al.,*** 07-6303 (N.D. CA.). Miller Law LLC, along with co-counsel represents a plaintiff who seeks damages and injunctive relief for alleged antitrust violations.

***Cocoe Voci, Inc. v. YKK Corporation, et al.,*** 07-9929 (S.D.NY.). Plaintiff alleges that the defendants rigged the prices of fasteners and zippers that are primarily used in the garment, apparel and footwear industries in violation of the federal antitrust laws.

***In re Air Cargo Shipping Services Antitrust Litigation,*** 06-MD-1775 (E.D. NY.). Miller Law LLC represents plaintiffs who seek recovery from air cargo shipping provider-defendants that it is alleged participated in a global conspiracy to fix prices charged for these shipping services at *supra-competitive* levels, in violation of the federal antitrust laws.

***In re Oxycontin Antitrust Litigation,*** 04-MD-1603 (S.D.NY.). The firm represents plaintiffs

(consumers and third party payors) in these multidistrict class actions on behalf of purchasers of controlled-release oxycodone hydrochloride prescription tablets marketed under the brand name OxyContin®.

*Nizhnekamskneftekhim USA, Inc. v. CSX Transportation, Inc.,* 07-2809 (E.D.PA.). Miller Law LLC, along with co-counsel, filed a complaint on behalf of those who purchased directly from the Railroad Defendants "unregulated" rail freight transportation services on which rail fuel surcharges were assessed.

*Reed v. Advocate Health Care, et al.,* 06-3337 (N.D. Ill.). This class action involves the alleged conspiracy among five Chicago area hospitals to suppress and price-fix the salaries and benefits for Registered Nurses' salaries. Mr. Miller has been appointed by the court to serve as Plaintiffs' *liaison* counsel.

### Commodities:

*Kohen, et al. v. Pacific Investment Management Company, et al.,* No. 05-4681 (N.D. Ill.). This class action seeks recovery for the alleged violation of the Commodity Exchange Act when the Defendants improperly manipulated the Ten-Year Treasury bonds.   Mr. Miller, at the request of Lead Counsel, serves as *liaison* counsel for the Plaintiffs.

### Consumer Protection:

### Predatory Lending

*In re: Ameriquest Mortgage Co. Mortgage Lending Practices Litigation,* MDL 1715, (N.D. Ill.). This large multidistrict national class action against this "subprime" lender, challenges Ameriquest's alleged predatory lending practices, "bait and switch", faulty appraisals, improper late fees and hidden costs, among other practices, and seeks damages and remedial relief on behalf of borrowers. At Plaintiffs' Co-lead counsel's request, Mr. Miller serves as *liaison* counsel.

In the following series of cases, Miller Law attorneys have been instrumental in putting together a nationwide coalition of counsel and have commenced and are participating in national class actions on behalf of plaintiffs who are seeking remedies for allegations of discriminatory effects of home financing policies and practices.   Those actions are against the leading mortgage lenders and include:

*Countrywide Bank*
*Decision One Mortgage Company, LLP*
*Flagstar Bank, FSB*
*Long Beach Mortgage Co., Washington Mutual Bank, F.A. and Mortgage Results Corp*
*Wells Fargo Bank*

### Consumer Fraud

***Painters District Local Council No. 30 Health & Welfare Fund v. Amgen, Inc.***, 07-6228 (N.D. IL) alleges unlawful off-label and otherwise deceptive marketing of recombinant protein biological drug products used to stimulate red blood cell growth and activation brought on behalf of a union "employee welfare benefit plan".  Plaintiff seeks to represent a nationwide class of third-party payors.

***In re Ford Motor Company E-350 Van Products Liability***, 03-4558 (D.N.J.).  Nationwide or multi-state class action alleges that the Ford E-350 "15-passenger vans" contain one or more defects which can cause rollover.  Plaintiff claims, among other allegations, that Ford breached express and implied warranties.

***Sen et. al. v. Mercedes-Benz USA, LLC***, 07-06519 (N.D. Ill.) and ***Hankins v. Mercedes-Benz USA, LLC***, 07-07543 (C.D.CA).  Plaintiffs in both class actions seek compensatory and other damages for allegations relating to Mercedes Benz` failure to inform Mercedes vehicle purchasers of Model Years 2002 through 2006 that their analog-only Tele Aid systems would become obsolete and would stop functioning after December 31, 2007.

### Securities:

***Central Laborers' Pension Fund v. Sirva, Inc., et al.***, 04-7644 (N.D. Ill.).  A $53 million settlement was approved in this national securities class action which sought recovery from the defendant for violations of the securities laws because of the alleged failure to disclose to the investing public the true financial condition of the company.  Mr. Miller served as Plaintiff's *liaison* counsel at the request of Lead counsel.

***Lawrence E. Jaffe Pension Plan v. Household International***, 02-5893 (N.D.Ill.). The firm serves as *liaison* counsel in this securities fraud litigation alleging that Household engaged in a variety of illegal sales practices and improper lending techniques to manipulate publicly reported financial statistics.

***Makor Issues & Rights & Ltd. v. Tellabs, et.al.***, 02-4356 (N.D. Ill.). This securities fraud action alleges that Tellabs, a global supplier of optical networking, broadband access and voice-quality enhancement solutions to telecommunications carriers and internet service providers engaged in wrongdoing concerning certain of its core products. Mr. Miller serves as Liaison Counsel. The case was argued before the United States Supreme Court and created precedent for the pleading standard in securities cases. *Tellabs v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499 (2007).

***Mirsky v. Ulta Salon, Cosmetics and Fragrance Inc. et. al.***, 07-7083 (N.D. Ill.). As alleged in the complaint, defendants issued materially false and misleading statements in connection with the IPO concerning ULTA's financial condition and the levels of its selling, general and administrative expenses inventories.

3

### Shareholder and Derivative actions:

*Murphy v. CDW Corp. et. al.*, 07-3033 (N.D. Ill.). The firm represents a class of the public shareholders of CDW Corporation who sued the company and its directors for breach of fiduciary duties in connection their acceptance of the $7.3 billion buyout. The complaint alleges, among other matters, that the price does not reflect the true value of the company to its shareholders. The firm has been appointed liaison counsel for the class.

*Bronstein v. Daley and Abbott Labs,* 07-3984 (N.D.Ill.), a derivative action alleging a breach of fiduciary duty in the proposed sale of a core diagnostics business to GE.

*Some of the additional significant cases in which Miller Law attorneys have been prominently involved include:*

### Antitrust:

*Ryan-House v. GlaxoSmithKline PLC*, No. 02-442 (E.D. Va.). Plaintiffs allege that GSK, which makes Augmentin, misled the United States Patent Office into issuing patents to protect Augmentin from competition from generic substitutes. The case was resolved and the court approved a $29 million settlement for the benefit of consumers and third-party payors. *Ryan-House, et al v. GlaxoSmithKline, PLC, et al.*, No. 02-442, (January 10, 2005, E.D. Va.)

*In re Relafen Antitrust Litig.*, 01-12239 (D. Mass.). The United States District Court for the District of Massachusetts granted final approval to a $75 million class action settlement for the benefit of consumers and third-party payors who paid for branded and generic versions of the arthritis medication Relafen.

*In re Warfarin Sodium Antitrust Litig.*, MDL 98-1232 (D. Del.). A multi-district class action on behalf of purchasers of Coumadin, the brand-name warfarin sodium manufactured and marketed by DuPont Pharmaceutical Company. Plaintiffs alleged that the defendant engaged in anticompetitive conduct that wrongfully suppressed competition from generic warfarin sodium. The case settled for $44.5 million which was affirmed on appeal. See *In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231 (D. Del. 2002).

*In re Cardizem CD Antitrust Litig.*, MDL No. 1278 (E.D. Mich.). Multi-district class action on behalf of purchasers of Cardizem CD, a brand-name heart medication manufactured and marketed by Hoechst Marion Roussel, Inc. (now merged into Aventis Pharmaceuticals, Inc.) Plaintiffs alleged that an agreement between HMR and generic manufacturer Andrx Corp. unlawfully stalled generic competition. The $80 million settlement for the benefit of third-party payors and consumers was granted final approval. *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508 (E.D. Mich. 2003), *appeal dismissed*, 391 F.3d 812 (6th Cir. 2004).

*In re Synthroid Marketing Litig.*, MDL No. 1182 (N.D. Ill.). This multi-district action arises out of alleged unlawful activities with respect to the marketing of Synthroid, a levothyroxine product used

to treat thyroid disorders. Final approval of a settlement in the amount of $87.4 million plus interest. *See* 188 F.R.D. 295 (N.D. Ill. 1999) was upheld on appeal. *See* 264 F.3d 712 (7th Cir. 2001).

*In re Lorazepam & Clorazepate Antitrust Litig.*, MDL 1290 (D.D.C.). This multi-district class action arose out of an alleged scheme to corner the market on the active pharmaceutical ingredients necessary to manufacture generic clorazepate and lorazepam tablets. After cornering the market on the supply, defendants raised prices for generic clorazepate and lorazepam tablets by staggering amounts (*i.e.*, 1,900% to over 6,500%) despite no significant increase in costs. On February 1, 2002, Judge Thomas F. Hogan approved a class action settlement on behalf of consumers, state attorneys general and third party payors in the aggregate amount of $135 million. *See* 205 F.R.D. 369 (D.D.C. 2002).

*In re Lithotripsy Antitrust Litig.*, No. 98 C 8394 (N.D. Ill.). Antitrust class action arising out of alleged stabilization of urologist fees in the Chicago metropolitan area.

*Brand-Name Prescription Drug Indirect Purchaser Actions.* Coordinated antitrust actions against the major pharmaceutical manufacturers in ten states and the District of Columbia. The actions were brought under state law on behalf of indirect purchaser consumers who obtained brand name prescription drugs from retail pharmacies. In 1998, the parties agreed to a multi-state settlement in the amount of $64.3 million, which was allocated among the actions.

*In Re Cellular Phone Cases*, Coordination Proceeding No. 4000 (Superior Court, San Francisco County, Cal.). Class action under California's Cartwright Act, which alleged price-fixing of cellular telephone service in the San Francisco area market. The $35 million in-kind benefits to the Class was granted final approval.

*Garabedian v. LASMSA Limited Partnership*, No. 721144 (Superior Court, Orange County, Cal.). Class action under California's Cartwright Act which alleged price-fixing of cellular telephone service in the Los Angeles area market. The court granted final approval to two settlements that provided $165 million of in-kind benefits.

*Lobatz v. AirTouch Cellular*, 94-1311 BTM (AJB) (S.D. Cal.). Class action alleging price-fixing of cellular telephone service in San Diego County, California. The court approved settlements of $8 million in cash and other benefits.

*In re Airline Ticket Commission Antitrust Litig.*, MDL No. 1058 (D. Minn.). Antitrust class action on behalf of travel agents against the major airlines for allegedly fixing the amount of commissions payable on ticket sales. The action settled for $87 million. *See* 953 F. Supp. 280 (D. Minn. 1997).

**Commodities:**

*Dennison v. BP Corporation*, No. 06-3334 (N.D. Ill.). This class action was commenced to recover damages as a result of defendant's alleged improper conduct in manipulating the price of propane. Mr. Miller serves as Co-Lead Counsel in this consolidated Plaintiffs' class action.

5

***Smith v. Groover***, 77-2297 (N.D.Ill.).  A commodities fraud and antitrust class action against the Chicago Board of Trade and several floor traders involving the manipulation of the soybean market through bucketing.  The case established that, in the Northern District of Illinois, a plaintiff has an implied private right of action under the Commodity Exchange Act and that an Exchange can be sued for negligence in failing to supervise its members.  Mr. Miller was one of Plaintiff's counsel in this precedent making decision.

***In re Soybean Futures Litig.***, No. 89-7009 (N.D. Ill.).  A commodities manipulation class action against Ferruzzi Finanziaria, S.p.A. and related companies for unlawfully manipulating the soybean futures market in 1989.  In December, 1996, the court approved a settlement in the amount of $21,500,000. *See* 892 F. Supp. 1025 (N.D. Ill. 1995).  Mr. Miller served as Co-Lead Counsel for Plaintiffs.

***In re Sumitomo Copper Litig.***, 96- 4584(MP) (S.D.N.Y.).  Class action arising out of manipulation of the world copper market.  On October 7, 1999, the court approved settlements aggregating $134,600,000. *See* 189 F.R.D. 274 (S.D.N.Y. 1999).  In awarding attorneys' fees, Judge Milton Pollack noted that it was "the largest class action recovery in the 75 plus year history of the Commodity Exchange Act". 74 F. Supp. 2d 393 (S.D.N.Y. Nov. 15, 1999).  Additional reported opinions: 995 F. Supp. 451 (S.D.N.Y. 1998); 182 F.R.D. 85 (S.D.N.Y. 1998).  Mr. Miller was appointed by Judge Pollack as Plaintiffs' Co-Lead Counsel.

***In re International Trading Group, Ltd. Customer Account Litig.***, No. 89-5545 RSWL (GHKx) (C.D. Cal.).  Class action alleging violation of the anti-fraud provisions of the Commodity Exchange Act.  The case settled with individual defendants and proceeded to a judgment against the corporate entity.  In that phase, the Court awarded the Class a constructive trust and equitable lien over the corporation's assets and entered a $492 million judgment in favor of the Class.

***In re First Commodity Corporation of Boston Customer Account Litig.***, MDL-713 (D. Mass).  Class actions alleging violation of the anti-fraud provisions of the Commodity Exchange Act.  The action settled for $5.3 million. *See* 119 F.R.D. 301 (D. Mass. 1987).

### Securities:

***In re Sears, Roebuck and Co. Securities Litigation***, No. 02-07527 (N.D.Ill.).  Sears settled a class action lawsuit for $215 million in a case brought by shareholders.  The case alleged breach of fiduciary duty for failing to prevent improper bankruptcy collection practices under the company's debt reaffirmation agreements. Mr. Miller served as plaintiff's *liaison* counsel in this nationwide securities case.

***Abrams v. van Kampen Funds***, Case No. 01-7538 (N.D. Ill.), involving a mutual fund that was charged with improperly valuing its net asset value.  After extensive discovery, the case settled for in excess of $31 million and was granted final approval.

***In re Baldwin-United Corporation Sec. Litig.***, MDL-581, (S.D.N.Y.).  In this early multi-district securities class action, Plaintiffs' counsel advanced the novel issue of whether Single Premium Deferred Annuities sold by the stock brokerage industry were securities and the sale of

approximately $4.2 billion of were in violation of the federal and state securities laws. A $180 million settlement was obtained was the largest securities class action settlements at the time and remains one of the larger securities class action settlements on record. In awarding interim counsel fees, Judge Charles Brieant commented "...that plaintiffs' attorneys [including Marvin A. Miller as co-lead counsel] had rendered extremely valuable services with diligence, energy and imagination, and are entitled to just compensation."

*In re Prudential Securities Incorporated Limited Partnerships Litig.*, MDL 1005 (S.D.N.Y.). A nationwide multi-district class action arising out of Prudential Securities Incorporated's marketing and sale of speculative limited partnership interests. The final settlements produced an aggregate of more than $132 million for injured investors.

*In re Bank One Shareholders Class Actions*, No. 00-880 (N.D. Ill.). In this securities fraud class action against Bank One and certain officers, Judge Milton I. Shadur appointed Mr. Miller to draft the Consolidated Class Action Complaint. At the request of court-appointed lead counsel, Mr. Miller served as Plaintiffs' *liaison* counsel. Judge Shadur subsequently approved a $45 million settlement.

*Danis v. USN Communications, Inc.,* No. 98-7482 (N.D. Ill.). Securities fraud class action arising out of the collapse and eventual bankruptcy of USN Communications, Inc. The court approved a $44.7 million settlement with certain control persons and underwriters. Reported decisions: 73 F. Supp. 2d 923 (N.D. Ill. 1999); 189 F.R.D. 391 (N.D. Ill. 1999); 121 F. Supp. 2d 1183 (N.D. Ill. 2000). At the request of Co-Lead Counsel, Mr. Miller served as *liaison* counsel for Plaintiffs.

*In re Caremark International Inc. Sec. Litig.,* No. 94-4751 (N.D. Ill.). This action arose out of Caremark's allegedly improper financial arrangements with physicians. A $25 million settlement concluded the litigation.

*In re Nuveen Fund Litig.,* No. 94-360 (N.D. Ill.). Class action and derivative suit under the Investment Company Act arising out of coercive tender offerings in two closed-end mutual funds.

*In re Archer-Daniels-Midland, Inc. Sec. Litig.,* No. 95-2287 (C.D. Ill.). A class action arising out of the Archer-Daniels-Midland price-fixing scandal. Plaintiffs brought claims for securities law violations which settled for $30 million.

*In re VMS Sec. Litig.,* 89-9448 (N.D. Ill.). A securities fraud class action and derivative suit relating to publicly traded real estate investments. The court certified a plaintiff class and subclasses of approximately 100,000 members, 136 F.R.D. 466 (N.D. Ill. 1991) and approved a class and derivative settlement worth $98 million.

*In re Salton/Maxim Sec. Litig.,* No. 91-7693 (N.D. Ill.). Class action arising out of public offering of Salton/Maxim Housewares, Inc. stock. On September 23, 1994, Judge James S. Holderman (now Chief Judge of the United States District Court for the Northern District of Illinois) approved a multi-million dollar settlement achieved for the class, commenting that "it was a pleasure to preside

over [the case] because of the skill and the quality of the lawyering on everyone's part in connection with the case."

*In re Telesphere Sec. Litig.*, 89-1875 (N.D. Ill.). In his opinion approving a class action settlement, Judge Milton I. Shadur referred to Marvin A. Miller as "...an experienced securities law class action litigator and who also has 20 years [now 37 years] practice under his belt. This Court has seen the quality of that lawyer's work in other litigation, and it is first-rate." 753 F.Supp. 716, 719 (N.D. Ill. 1990).

*Horton v. Merrill Lynch, Pierce Fenner & Smith, Inc.*, No. 91-276-CIV-5-D (E.D.N.C.). A multi-million dollar settlement was approved in this securities fraud class action arising out of a broker's marketing of a speculative Australian security. The Court stated that "the experience of class counsel warrants affording their judgment appropriate deference in determining whether to approve the proposed settlement." 855 F. Supp. 825, 831 (E.D.N.C. 1994).

*Hoxworth v. Blinder Robinson & Co.*, 88-0285 (E.D. Pa.). A securities fraud and RICO class action resulting from alleged manipulative practices and boiler-room operations in the sale of "penny stocks." Judgment in excess of $70 million was entered and that judgment was affirmed by the Third Circuit Court of Appeals, 980 F.2d 912 (3rd Cir. 1992). *See also Hoxworth v. Blinder*, 74 F.3d 205 (10th Cir. 1996).

### Intellectual Property:

*Baxter International, et al., v. McGaw, Inc.,* (N.D. Ill.). Mr. Miller, together with co-counsel, successfully represented the Defendant in this patent infringement case and served as a member of the trial team which won a jury verdict of non-infringement of three needleless injection sites and also obtained a finding that the Plaintiff had engaged in inequitable conduct on two of the patents. The Court also found that the Plaintiff engaged in inequitable conduct. The decision was affirmed by the Court of Appeals Federal Circuit. (96-1329,-1342, 97-1331,-1350 decided June 30, 1998).

*Acco Brands USA v. PC Guardian Anti-Theft Products, Inc., et al.,* No. 06-7102 (N.D. Ill.). The firm represented one of the named defendants in this alleged patent infringement case.

### Other Representative Cases:

*In re Sears, Roebuck and Co., ERISA Litigation,* 02-8324 (N.D. Ill.). Mr. Miller served as plaintiff's liaison counsel in this nationwide action. Sears settled this ERISA action for $14.5 million in cash. The case alleged breaches of fiduciary duties in contravention of the Employee Retirement Income Security Act of 1974. The plan participants will directly benefit from the resulting settlement.

*PrimeCo Personal Communications, L.P. v. Illinois Commerce Commission*, No. 98 CH 5500 (Circuit Court of Cook County, Ill.). This class action sought recovery of an unconstitutional infra-structure maintenance fee imposed by municipalities on wireless telephone and pager customers in the State of Illinois. The court granted final approval to a settlement of more than $31

million paid by the City of Chicago.  Subsequently, the court certified a settlement class of all wireless users in the State of Illinois and a Defendant Class of municipalities throughout the state which collected Infrastructure Maintenance Fees from wireless users and approved a settlement for the Class of in excess of $11 million.  Mr. Miller served as a Co-lead counsel for Plaintiffs in this novel class action.

### Defendant Representations:

In addition to our representation of plaintiffs, Miller Law attorneys have also represented defendants in complex class actions and derivative suits, including *In re Del-Val Financial Corp. Sec. Litig.*, MDL-872 (S.D.N.Y.); *In re Kenbee Limited Partnership Litig.*, No. 91-2174 (D.N.J.); *Weiss v. Winner's Circle of Chicago, Inc.*, No. 91-2780 (N.D. Ill.); *Levy v. Stern*, No. 11955 (New Castle County, Delaware).  The court's decision in *In re Del-Val Financial Corp. Sec. Litig.*, 868 F. Supp. 547 (S.D.N.Y. 1994) resulted in a significant extension of the law concerning partial settlements of securities fraud class actions.

## Individual Biographies

*MARVIN A. MILLER*, has more than 37 years of commercial and class action litigation experience. Mr. Miller has been lead or co-lead counsel across the full spectrum of industries (airline, cell and telephone, financial services, Internet and technology, manufacturing, pharmaceuticals, retailing, stock broker and exchange, and utilities) and practices (antitrust, consumer and investor fraud and protection, employment and employee benefits, insurance, shareholder derivative actions) that encompasses Miller Law LLC's practice. Mr. Miller holds an AV® (highest) rating from Martindale-Hubbell®. In January 2007 and 2008, Law & Politics and the publishers of Chicago Magazine named Mr. Miller an Illinois Super Lawyer. Super Lawyers are the top 5 percent of attorneys in Illinois, as chosen by their peers and through the independent research of Law & Politics.

Prior to founding Miller Law LLC, Mr. Miller was a co-founder of another national class action law firm.  Throughout his career in class action jurisprudence, Mr. Miller has represented shareholders and investors in high profile and precedent-setting class action litigation involving such companies as Continental Illinois National Bank and Trust and Baldwin United Corporation. He was lead attorney in *Smith v. Groover*, in which he represented clients against the Chicago Board of Trade and several of its traders; the decision in the case, later affirmed, *sub. nom.*, in *Curran v. Merrill Lynch Pierce Fenner & Smith*, by the U.S. Supreme Court, established the precedent that an individual has an implied private right of action to sue an Exchange for negligence in failing to supervise its members.

Mr. Miller is a 1970 graduate of Illinois Institute of Technology-Chicago-Kent College of Law, where he was a member of the Editorial Board of the *Chicago-Kent Law Review*.  He received his undergraduate degree from Hofstra University in Hempstead, New York in 1967.  He is admitted to the state bars of Illinois and New York, the United States Court of Appeals for the Third, Fourth, Seventh, Eleventh Circuit, and Federal Circuit, the United States District Courts for the Northern District of Illinois (including the Trial Bar), Southern District of New York, Eastern District of Michigan and Northern District of California. Mr. Miller is a member of the Chicago Bar

9

Association and the Illinois State Bar Association and serves on the *Cy Pres* Committee of the Illinois Bar Foundation.

**LORI A. FANNING** concentrates her practice on complex class litigation in a wide range of matters before state and federal courts, primarily in the areas of consumer protection, antitrust and securities. She has prosecuted a variety of lawsuits involving the airline, banking, credit card, internet, pharmaceutical, and insurance industries. Ms. Fanning currently litigates securities fraud claims against such companies as Household International and Tellabs; antitrust claims against companies such as Unocal and Amgen; and has defended patent litigation on behalf of Datamation Systems, Inc. Ms. Fanning actively participated in the trial preparations for *In re Visa Check/MasterMoney Antitrust Litigation,* a civil antitrust case that settled for in excess of $3 billion on the eve of trial. Prior to attending law school, she enjoyed a successful career as a logistician with the United States government at the Naval Sea Systems Command in the Washington, D.C. area in support of Foreign Military Sales, new ship construction, and naval equipment.  For her dedication, the Department of the Navy honored her with the Meritorious Civilian Service medal.

Ms. Fanning received her law degree, with honors and a Certificate in Litigation and Alternative Dispute Resolution, from the Illinois Institute of Technology/Chicago-Kent College of Law in 2000. She also holds a Master's degree in Science Administration from Central Michigan University (1993), and a Bachelor's degree from the University of Nebraska at Omaha (1986). She is admitted to practice in the state of Illinois and the federal district courts for the Northern District of Illinois, the Eastern District of Wisconsin, and the United States Court of Appeals for the Seventh Circuit. Ms. Fanning is a member of the American, Illinois State and Chicago Bar Associations and she volunteers for the CBA's Judicial Evaluation Committee.

### *OF COUNSEL*

**MATTHEW E. VAN TINE** focuses his practice on antitrust, securities fraud, and consumer protection matters. He has participated in the prosecution and defense of many securities, antitrust, and consumer class actions over the past two decades including securities litigation against Van Kampen Funds and Baxter International; antitrust class actions involving nurses' wages, the drug warfarin sodium (Coumadin), and an industry-wide effort to raise drug prices paid by retail drug stores (the Brand Name Prescription Drug Antitrust Litigation); and litigation on behalf of consumers challenging an unconstitutional fee imposed on wireless and landline phone customers. Before associating with Miller Law LLC, Mr. Van Tine was affiliated with two other class action boutique law firms for fourteen years.  Mr. Van Tine has also practiced with large law firms in Chicago and Boston, and served as an Assistant Corporation Counsel for the City of Chicago Law Department.

Mr. Van Tine received his A.B. degree *cum laude* from Harvard College in 1980, and his J.D. degree *magna cum laude* from Boston University School of Law in 1983, where he served as an Executive Editor of the Law Review and was the author of Note, *Application of the Federal Parole Guidelines to Certain Prisoners: An Ex Post Facto Violation*, 62 B.U.L. Rev. 515 (1982).  Following law school, Mr. Van Tine served as a law clerk to the Honorable Raymond J. Pettine of the United States District Court for the District of Rhode Island.  Mr. Van Tine's practice admissions include the state

bars of Illinois and Massachusetts, the Supreme Court of the United States, the United States Court of Appeals for the Seventh Circuit and the United States District Courts for the Northern District of Illinois and the District of Massachusetts.   He is a member of the Chicago and American Bar Associations, and served as the immediate past President of the Abraham Lincoln Marovitz American Inn of Court.

***ASHER RUBIN*** received his B.A. degree from Columbia University in 1958 and his J.D. degree from Harvard Law School in 1961.   After completing law school, Mr. Rubin clerked at the California Supreme Court. Mr. Rubin served as Deputy Attorney General for the State of California from 1963-1966.  He was a San Francisco Chronicle Foreign Correspondent and on the staff of the Weizmann Institute after which he served as an attorney and advisor to the Peace Corps until 1968. In 1969, Mr. Rubin returned to serve as Deputy Attorney General for the State of California until 2001 when he established his own law firm.  Mr. Rubin has argued before the United States Supreme Court and the California Supreme Court as well as the appellate and trial levels of state and federal courts.  He has taught Administrative Law for the California Attorney General, taught evidence, and lectured at Hastings Law School.  He has also been published in The San Francisco Chronicle, Newsweek and the Harvard Law Bulletin.