Joseph M. Alioto (SBN 42680)
ALIOTO LAW FIRM
555 California Street, 31st Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile:  (415) 434-9200
jmalioto@aliotolaw.com

Marvin A. Miller (IL SBN 1916769)
MILLER LAW LLC
115 South LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone:  (312) 332-3400
Facsimile:   (312) 676-2676
mmiller@millerlawllc.com

*Attorneys for Plaintiffs and Proposed Interim Class Counsel for the Indirect Purchaser Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>**[PROPOSED] CASE MANAGEMENT ORDER RELATING TO INDIRECT PURCHASER CASES** |
| This Document Relates to:<br><br>**ALL INDIRECT PURCHASER ACTIONS** | |

        A.    <u>Consolidation of Action</u>.

        1.    All Cathode Ray Tube ("CRT") price-fixing actions previously filed in this Court or transferred to this Court pursuant to the JPML's February 15, 2008 order are consolidated for all pretrial purposes Fed. R. Civ. P. 42(a).  This Order shall apply to each case that relates to the CRT Antitrust Litigation that is subsequently filed in this Court or transferred to this Court, including all "tag-along" actions.

2. An original of this Order shall be filed by the Clerk in the Master File and in the files for each of the actions and every action subsequently transferred or filed and deemed related to these proceedings.

3. Every pleading filed in the CRT Antitrust Litigation shall bear the following caption:

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL Docket No. 1917 |
|---|---|
| This Document Relates To: | |

4. When a pleading is intended to apply to all actions to which this Order is applicable, the words "All Actions" shall appear immediately after or below the words "This Document Relates To" in the caption set forth above. When a pleading is intended to apply only to some, but not all, of such actions, the separate description, caption, or docket number for each individual action to which the pleading is intended to apply shall appear immediately after or below the words "This Document Relates To" in the caption described above.

5. When a pleading is filed and the caption shows that it applies to "All Actions," the Clerk shall file the pleading in the Master File and note the filing in the Master Docket. No further copies need be filed or docket entries made.

6. This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be deemed related and consolidated as part of the CRT Antitrust Litigation.

7. When a case that arises out of the same subject matter of the CRT Antitrust Litigation is filed in this Court or transferred from another court, the Clerk of this Court shall:

    a. File a copy of this Order in the separate file for the action;

      b.      Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

      c.      Make the appropriate entry in the Master Docket for the CRT Antitrust Litigation.

8.      Each case that arises out of or relates to the subject matter of the CRT Antitrust Litigation that was previously or subsequently filed in this Court or transferred to this Court shall be consolidated with the CRT Antitrust Litigation, and this Order shall apply to it unless a party objects to coordination by filing an application for relief and this Court deems it appropriate to grant the application.

      B.      <u>Consolidated Class Action Complaint</u>.

Indirect Purchaser Plaintiffs in the Consolidated Action shall file a Consolidated Class Action Complaint within 30 days after the entry of this Order. Defendants shall only be required to respond to this Consolidated Class Action Complaint. The Consolidated Class Action Complaint shall supersede all the indirect purchaser complaints on file in any of the Consolidated Actions and shall be the operative complaint for the indirect purchaser actions consolidated herein or any others subsequently consolidated.

      C.      <u>Responsive Pleadings</u>.

1.      Defendants shall answer, move or otherwise plead in response to the Indirect Purchaser Consolidated Class Action Complaint within 30 days after its filing date.

2.      If defendants serve a motion to dismiss, the Indirect Purchaser Plaintiffs' co-lead counsel shall agree upon an appropriate briefing schedule subject to Court approval.

3.      If this Court so desires, oral argument on any motion to dismiss shall be heard on a date set by this Court.

D. <u>Organization Of Indirect Purchaser Counsel</u>.

1. Pursuant to Rule 23(g), this Court designates Joseph M. Alioto of the Alioto Law Firm and Marvin A. Miller of Miller Law LLC as Indirect Purchaser Interim Co-Lead Class Counsel for all indirect purchaser plaintiffs in the Consolidated Action.

2. Indirect Purchaser Interim Co-Lead Class Counsel shall be solely responsible for coordinating and organizing the indirect purchaser plaintiffs in the conduct of this litigation and, in particular, shall have the following responsibilities with respect to the indirect purchaser case, which work Indirect Purchaser Interim Co-Lead Class Counsel shall meaningfully and realistically share among other counsel interested in and committed to contributing to this litigation, as appropriate:

    a. To brief and argue motions and file opposing briefs in proceedings initiated by other parties;

    b. To initiate and conduct discovery proceedings;

    c. To act as spokespersons at pretrial conferences;

    d. To negotiate with defense counsel with respect to settlement and other matters;

    e. To call meetings of indirect purchaser counsel when appropriate;

    f. To make all work assignments to indirect purchaser counsel to facilitate an orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort;

    g. To conduct trial and post-trial proceedings;

    h. To consult with and employ experts;

    i. To allocate fees and reimbursement of disbursements amongst indirect purchaser counsel;

    j. To perform such other duties and undertake such other responsibilities as they deem necessary or desirable; and

    k. To coordinate and communicate with defendants' counsel with respect to matters addressed in this paragraph.

3. Indirect Purchaser Interim Co-Lead Class Counsel shall be the contact between indirect purchasers' counsel and defendants' counsel and shall call meetings of and direct and coordinate the activities of indirect purchasers' counsel. Indirect Purchaser Interim Co-Lead Class Counsel shall also be responsible for communicating with the Court to coordinate the conduct of the litigation, including the receipt and dissemination of Court orders and notices.

4. No motion, request for discovery, or other pre-trial proceedings shall be initiated or filed by any indirect purchaser plaintiff except through the Indirect Purchaser Co-Lead Class Counsel.

5. All indirect purchaser plaintiffs' counsel in this litigation, including subsequently consolidated or coordinated cases, shall keep contemporaneous time records. In such manner as Indirect Purchaser Interim Co-Lead Class Counsel shall require, indirect purchaser plaintiffs' counsel shall periodically submit summaries or other records of time and expenses to Indirect Purchaser Interim Co-Lead Class Counsel. Failure to provide such documents and/or data on a timely basis may result in the Court's failure to consider non-compliant counsel's application for fees and expenses should this litigation be resolved successfully for indirect purchaser plaintiffs.

6. Indirect purchaser plaintiffs and defendants shall effect service of papers on each other in accordance with the Court's electronic case-filing program and the Federal Rules of Civil Procedure.

E. <u>Discovery</u>.

1. Discovery in the CRT Antitrust Litigation actions is consolidated with the direct purchaser case to prevent duplication and conflicts. Discovery is not automatically stayed by the pendency of a dispositive motion, settlement discussions between the parties, a referral to mediation or an agreement among the parties to suspend discovery. A party seeking a stay of discovery must seek a court order and show good cause why such relief should be granted.

2.  Unless otherwise agreed to by the parties or ordered by the Court, responses to any request for written discovery pursuant to Rules 33, 34 and 36 of the Federal Rules of Civil Procedure are due no later than 30 days after service of the request.

3.  Counsel (including co-counsel) are expected to cooperate with each other, consistent with the legitimate interests of their clients, in scheduling depositions. If counsel cannot agree on a schedule for a given deposition, the deponent must appear at the date, time, and place set forth in a notice properly served pursuant to Federal Rule of Civil Procedure 30, unless excused by the party that served the notice or by the Court.

4.  While parties must attempt in good faith to resolve discovery disputes in good faith before seeking judicial intervention, they must also ensure that any resolved dispute is brought to the Court's attention in sufficient time for the dispute to be resolved and discovery to be completed according to deadlines in this Order.

5.  A motion to resolve a discovery dispute must be litigated in accordance with this Court's local and individual rules. Motions that do not comply with all such requirements may not be accepted.

F.  <u>Document Preservation</u>.

Pending the entry of any superseding stipulation or order, all parties shall take all reasonable steps to preserve all currently existing documents (as "documents" is defined in Rule 34 of the Federal Rules of Civil Procedure), including, but not limited to, all writings, electronically stored information, recordings, and computerized data that each party determines in good faith are relevant to the Consolidated Action to the extent such documents are in the possession, custody, or control of such party. Each copy of any document that varies in any way from the original likewise shall be preserved. Counsel for the parties shall meet as may be necessary and attempt to determine documents or categories of documents that need not be preserved pursuant to this paragraph. If counsel is unable to agree, any affected party may apply to the Court by motion for relief from this paragraph.

1          G.    <u>Status Conferences</u>.

2          A status conference will be held approximately every 90 days.  Three

3  business days before each status conference, the parties are directed to file a letter either

4  reporting whether discovery is proceeding on schedule; whether there exist pending disputes

5  requiring court intervention; and describing any issues requiring discussion at the

6  conference.

7          H.    <u>Electronic Filing and Contact Information</u>.

8          All filings must be submitted electronically.  The lead attorney for each party

9  must be registered with the Court's ECF system and must file a notice of appearance in this

10 action so that he or she will be personally notified of all filings.  The parties are under a

11 continuing obligation to keep the Court apprised of any changes in their contact information,

12 including mailing addresses, email addresses, and daytime telephone numbers.

13

14 Dated: _____, 2008

15

16         By: _____

17                     Honorable Samuel Conti
                        U.S. District Judge

18

19

20

21

22

23

24

25

26

27

28