Gordon Ball (TN SBN: 001135)
**BALL & SCOTT**
550 Main Avenue, Suite 750
Knoxville, TN  37902
Telephone:      865-525-7028
Facsimile:      865-525-4679
Email:          gball@ballandscott.com

Daniel R. Karon (OH SBN: 0069304, IL SBN: 6207193)
**GOLDMAN SCARLATO & KARON, P.C.**
55 Public Square, Suite 1500
Cleveland, OH  44113
Telephone:      (216) 622-1851
Facsimile:      (216) 622-1852
Email:          karon@gsk-law.com

Derek G. Howard (CA SBN:118082)
**MURRAY & HOWARD LLP**
436 14th Street, Suite 1413
Oakland, CA 94612
T:  (510) 444-2660
F:  (510) 444-2522
dhoward@murrayhowardlaw.com
*Attorneys for Plaintiffs and Proposed Interim Class Counsel*
*for the Indirect-Purchaser Plaintiffs*
[Additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  CATHODE TUBE (CRT) ANTITRUST LITIGATION<br><br>_____<br><br>This document relates to:<br>All indirect-purchaser actions | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Master File No.: 3:07-CV-5944<br>MDL No. 1917<br><br>**MULTI-STATE GROUP'S COMBINED REPLY AND RESPONSE TO: (1) ZELLE HOFMANN'S AND LOVELL STEWART'S OPPOSITION TO BALL AND KARON'S MOTION FOR APPOINTMENT OF INTERIM INDIRECT-PURCHASER CLASS COUNSEL (2) ALIOTO LAW FIRM'S AND MILLER LAW LLC'S AND (3) TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP MOTIONS TO BE APPOINTED INTERIM INDIRECT PURCHASER CLASS COUNSEL**<br><br>DATE:  April 4, 2008<br>TIME:  10:00 a.m.<br>COURTROOM:  1, 17th Floor<br>JUDGE:  Samuel Conti |

Four motions have been filed by counsel representing indirect purchaser plaintiffs seeking appointment as interim lead counsel: (1) The Multi-State Group, (2) the Alioto/Miller Group, (3) Trump, Alioto, Trump & Prescott, and (4) Zelle Hofmann/Lovell Stewart.  The Multi-State Group seeks appointment of Gordon Ball and Daniel Karon as co-lead, indirect-purchaser class counsel. This memorandum combines a reply by The Multi-State Group[1] to Zelle Hofmann/Lovell Stewart's opposition to The Multi-State Group's motion for appointment as interim lead counsel for indirect purchaser plaintiffs and in further support of the Multi-State Group's motion.[2]

## I.        PRELIMINARY STATEMENT

The Multi-State Group represents indirect purchasers in seven states and its members have crafted and filed complaints to insure that class membership is not overbroad and that issues of standing are preempted.  The Multi-State Group's Ball and Karon meet and exceed Rule 23(g)'s criteria for class counsel's appointment and they can fairly and adequately represent the indirect-purchaser class.  As demonstrated below, nothing offered in opposition to Ball and Karon's appointment is effective to counter the skill, knowledge, professionalism, and trustworthiness of those attorneys to lead this litigation.  Accordingly, The Multi-State Group once again respectfully requests the Court to appoint Ball and Karon as interim lead counsel for indirect purchasers in this litigation.

The purpose of this memorandum is two-fold: to further demonstrate the qualifications of Gordon Ball and Dan Karon for appointment as lead counsel for indirect purchasers, and (2) to rebut a number of misleading or inaccurate statements or contentions in Zelle Hofmann's/Lovell Stewart's opposition to The Multi-State Group's motion.

## II.  OVERVIEW OF STANDARDS TO DETERMINE LEAD COUNSEL

In deciding who should fill the role of lead counsel, the Court is guided by *Fed. R. Civ. P. 23(g)*, which provides:

---

[1] The Multi-State Group consists in part of Gordon Ball of Ball & Scott and Daniel R. Karon of Goldman, Scarlato & Karon, P.C., who represent alleged indirect purchasers in Arizona, Arkansas, Kansas, Minnesota, South Carolina, Tennessee, and Vermont.

[2] We neglected to attach the accompanying Exhibits and Declaration of Daniel R. Karon and to our initial motion for appointment of interim lead counsel, so we have attached them to this filing.

**MULTI-STATE GROUP'S COMBINED REPLY AND RESPONSE TO: (1) ZELLE HOFMANN'S AND LOVELL STEWART'S OPPOSITION TO BALL AND KARON'S MOTION FOR APPOINTMENT OF INTERIM INDIRECT-PURCHASER CLASS COUNSEL (2) ALIOTO LAW FIRM'S AND MILLER LAW LLC'S AND (3) TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP  MOTIONS TO BE APPOINTED INTERIM INDIRECT PURCHASER CLASS COUNSEL**

(1) Unless a statute provides otherwise, a court that certifies a class must appoint class counsel. In appointing class counsel, the court: . . . (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. . . (4) Duty of Class Counsel. Class counsel must fairly and adequately represent the interests [*4] of the class.

In complex multi-district litigation, courts are encouraged to:

invite submissions and suggestions from all counsel and conduct an independent review (usually a hearing is advisable) to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable. Counsel designated by the court also assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel.

*Manual for Complex Litigation* § 10.22, at 24 (4th ed. 2004).   Complex litigation requires particularly professional conduct from attorneys, as judges are especially dependent on the assistance of counsel.   *Id.* § 10.21, at 22-23.   Significantly, "[c]ounsel need to fulfill their obligations as advocates in a manner that will foster and sustain good working relations among fellow counsel and with the court."   *Id.* at 23.   In a class action, lead counsel must meet a demanding standard of trustworthiness because the Court must rely on representations made by counsel.   *See, e.g., In re Vitamins Antitrust Litig.*, 398 F. Supp. 2d 209, 237 (D.D.C. 2005); *In re Organogenesis Secs. Litig.,* 241 F.R.D. 397, 408 (D. Mass. 2007) ("to understand the facts and issues presented to it in any case, including a class action, the court must employ and to some extent rely on representations made to it by counsel.").

///

**MULTI-STATE GROUP'S COMBINED REPLY AND RESPONSE TO: (1) ZELLE HOFMANN'S AND LOVELL STEWART'S OPPOSITION TO BALL AND KARON'S MOTION FOR APPOINTMENT OF INTERIM INDIRECT-PURCHASER CLASS COUNSEL (2) ALIOTO LAW FIRM'S AND MILLER LAW LLC'S AND (3) TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP  MOTIONS TO BE APPOINTED INTERIM INDIRECT PURCHASER CLASS COUNSEL**

Moreover, the presiding judge has a fiduciary obligation to the plaintiff class to pick an effective and trustworthy lead counsel team. See *In re Pharmaceutical Industry Wholesale Price Litig.*, 2008 U.S. Dist. LEXIS 612 (D. Mass. Jan. 3, 2008) (citing *In re New Motor Vehicles Canadian Exp. Antitrust Litig.,* 466 F. Supp. 2d 364, 367-68 (D. Me. 2006) (holding that the presiding judge has the final say on who should be on plaintiff's leadership committee and manage the activities of all the lawyers)).

### III.   BALL AND KARON PROVIDE THE SKILL, KNOWLEDGE, PROFESSIONALISM, AND TRUSTWORTHINESS NECESSARY TO FAITHFULLY AND EFFECTIVELY FULFILL THE ROLE OF LEAD COUNSEL FOR INDIRECT PURCHASERS IN THIS LITIGATION

Significantly, without Ball and Karon's leadership, the class loses the expertise of two of the country's leading litigators of indirect purchaser actions.  Moreover, along with them would also go most, if not all, of the non-California indirect-purchaser legal expertise.  For instance, Gordon Ball is a seasoned litigator with a national reputation of success in indirect purchaser and other litigation. A summary of his qualifications for a lead role in this case demonstrates the contributions Ball would make to this litigation.

First, Ball has been admitted to or appeared before federal and state courts across the country, including Tennessee, Alabama, Arizona, California, Florida, Georgia, Indiana, Illinois, Kansas, Kentucky, Maryland, Michigan, New Mexico, New York, North Carolina, North Dakota, Oklahoma, South Dakota, West Virginia, and the District of Columbia.  He is also admitted to practice before the United States Supreme Court.

Second, Ball has nearly two decades of class action and antitrust experience and has served as lead, co-lead, or class counsel in several of the largest antitrust recoveries and deceptive practices recoveries in U.S. litigation history, as his firm biography demonstrates.

Third, and importantly, Ball has been a pioneer in indirect purchaser class action lawsuits on behalf of the ultimate victims of antitrust behavior.  He has a long record of successful litigation on behalf of classes, particularly in cases involving antitrust violations such as monopolization and price-fixing.  Indeed, Ball's aggregate multi-billion dollar recoveries have included cases against

pipe manufacturers, oil companies, pesticide manufacturers, siding manufacturers, infant formula manufacturers, medical equipment manufacturers, telecommunications companies, health care companies, insurance companies, pharmaceutical companies, banks, auto manufacturers, record manufacturers, paper manufacturers, vitamin makers, tape manufacturers, smokeless tobacco companies, boat manufacturers, stucco manufacturers, the rubber chemical industry, and supermarket chains.  Along with these, Ball is currently engaged in antitrust and consumer rights cases against credit card companies, dairy companies, clothing manufacturers, electronics manufacturers, cigarette manufacturers, and many others.

Fourth, to be sure, Ball won a national reputation for fighting on behalf of American consumers by achieving recoveries in cases that other law firms did not want to handle.  Several of the groundbreaking cases that Ball and his co-counsel have litigated have resulted in landmark cases on previously untried or unsettled issues involving price-fixing and consumer rights.  For instance, in *Cox v. Shell Oil Company, et al.*, Ball and a number of other counsel charged pipe manufacturers with making and marketing defective polybutylene pipe and plumbing systems.  A settlement was reached, providing a minimum of $950 million to consumers, the largest award in Tennessee history and until that time, the largest class action settlement of its kind in the United States.

In *Infant Formula Consumer Antitrust Litigation,* Ball and co-counsel instituted class actions in multiple state courts against three companies who conspired to fix the prices of infant formula.  While the cases resulted in an aggregate settlement of $64,000,000.00, more importantly, they laid the groundwork for other indirect purchaser cases under state laws by successfully achieving standing for indirect purchasers in many states.

Finally, in *Spartanburg Regional Health Services District, Inc. v. Hillenbrand Industries, Inc.*, Ball and his co-lead counsel represented thousands of hospitals across the country in a class action against Hillenbrand Industries.  A settlement was reached providing for a total of nearly $490 million in relief, including a cash payment to class members of $337.5 million (representing the sixth largest amount ever recovered in an antitrust class action).  Research shows that *Spartanburg* ///

**MULTI-STATE GROUP'S COMBINED REPLY AND RESPONSE TO: (1) ZELLE HOFMANN'S AND LOVELL STEWART'S OPPOSITION TO BALL AND KARON'S MOTION FOR APPOINTMENT OF INTERIM INDIRECT-PURCHASER CLASS COUNSEL (2) ALIOTO LAW FIRM'S AND MILLER LAW LLC'S AND (3) TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP  MOTIONS TO BE APPOINTED INTERIM INDIRECT PURCHASER CLASS COUNSEL**

was the first-ever direct purchaser class action which successfully challenged monopoly bundling of medical products.

Fifth, and furthermore, Ball is also the most qualified, competent and experienced counsel for representing both Tennessee consumers and consumers in other states whose antitrust laws resemble Tennessee's unique full consideration statute.  Ball has appeared before many trial and appellate courts across the United States as a proponent of this law, and is well-qualified to present written and oral arguments and suggestions to the Court, to work with opposing counsel and other states' lead counsel in developing and implementing a litigation plan, to initiate and organize discovery requests and responses, to conduct the principal examination of deponents, to employ experts, to arrange for support services, and to ensure that schedules are met.

Finally, both Ball and Karon fully understand that the responsibilities of Interim Lead Counsel would extend beyond the resolution of his clients' involvement and include responsibilities to this Court and an obligation to act fairly, efficiently, and economically in the interests of all parties and their counsel.  They also understand that serving as Interim Lead Counsel will include an obligation to keep other attorneys representing class members advised of the progress of the litigation and to consult them about decisions significantly affecting their clients.  Ball and Karon commit that will not bind the group without specific authority, nor will he, without Court-authorization, allow settlement discussions to interfere with his responsibility to move the litigation to trial on schedule.

## IV.   ZELLE HOFMANN'S/LOVELL STEWART'S OPPOSITION PAPERS ARE MISLEADING, INACCURATE AND UNPERSUASIVE.

For clarification, The Multi-State Group respectfully would submit the following rebuttal to a few statements or contentions made by Zelle Hofmann/Lovell Stewart which are particularly misleading.

First, in their opposition papers, Zelle Hofmann/Lovell Stewart point out that the Multi-State Group failed to acknowledge that Lovell Stewart filed the first complaint in these cases.  To be sure, Lovell Stewart apparently did indeed file the first complaint, but this fact should be afforded little, if any, weight.  After all, election of lead counsel should not rest on the consideration

of speed.  There is no dispute that in the past lead plaintiff or lead counsel status was generally determined by which party first filed suit.  However, this rule invariably resulted in a "race to the courthouse" in an effort by counsel to gain lead counsel status.[3]

Second, Zelle Hofmann/Lovell Stewart's argument that they satisfy Rule 23(g)'s factors does not lend more credibility to their position than to the Multi-State Group's, as the Multi-State Group fully demonstrated that Ball and Karon also plainly satisfy Rule 23(g)'s factors in its opening papers.

Third, nor is Zelle Hofmann/Lovell Stewart argument that they have "special" knowledge of litigation involving the television and computer monitor industry persuasive, since Ball and Karon and other Multi-State Group members are presently involved in the *SRAM* and *LCD* litigation.

Fourth, nor do the criteria for appointment as lead counsel focus on the quantity of leadership positions achieved by an applicant.  To be certain, the number of leadership positions achieved by Ball and Karon hardly "pales in comparison" to those of Zelle Hofmann/Lovell Stewart.  However, it is not the quantity, but rather, the *quality* of such representation on which the Court's decision of lead counsel clearly should rest.  Notably, while Zelle Hofmann/Lovell Stewart urge the Court to consider the number of leadership positions they have achieved, they fail to candidly disclose to the Court a number of cases led by them, *e.g.*, *DRAM* and *GPU,* which were ultimately dismissed.  Finally, unfortunately, any knowledge Mr. Lovell has gleaned from other computer-related cases will not necessarily benefit counsel, the class, or the Court in this particular litigation.

Fifth, with respect to Ball's involvement in the *Microsoft* litigation in Tennessee, as Mr. Scarpulla should know as a purported leader in the *Microsoft* litigation, Ball was not involved in the settlement negotiations on behalf of the Tennessee class which led to the Tennessee settlement. Notably, however, Ball did draft the appellate brief in the Tennessee *Microsoft* litigation which

---

[3]In securities litigation, for example, Congress and the courts have since recognized that such selections should rest on considerations other than speed.  *See* <u>Vladimir v. Bioenvision</u>, 2007 U.S. Dist. LEXIS 93470 (D. N.Y. 2007) (citations or footnotes omitted).

**MULTI-STATE GROUP'S COMBINED REPLY AND RESPONSE TO: (1) ZELLE HOFMANN'S AND LOVELL STEWART'S OPPOSITION TO BALL AND KARON'S MOTION FOR APPOINTMENT OF INTERIM INDIRECT-PURCHASER CLASS COUNSEL (2) ALIOTO LAW FIRM'S AND MILLER LAW LLC'S AND (3) TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP  MOTIONS TO BE APPOINTED INTERIM INDIRECT PURCHASER CLASS COUNSEL**

ultimately resulted in the decision in *Sherwood v. Microsoft Corp.*, 2003 Tenn. App. LEXIS 539 (Tenn. Ct. App. July 31, 2003), where the Tennessee appellate court concluded that indirect purchasers in Tennessee could sue for injury caused them by violations of the Tennessee antitrust statute.

Sixth, Zelle Hofmann/Lovell Stewart also point out that they have resolved many cases over the years for substantial amounts. Certainly, the Multi-State Group has recovered substantial amounts for consumers and antitrust victims as well. For instance, as demonstrated in Ball's Firm Biography, Ball, along with co-counsel, has recovered billions of dollars for his clients over the past fifteen years, highlighted by a $950 million recovery in a class action against pipe manufacturers, a $337.5 million recovery, with additional relief totaling $468 million, in an antitrust class action against the nation's largest hospital bed manufacturer, and a $125 million recovery in an antitrust class action against a boat manufacturer.

Seventh, Zelle Hofmann/Lovell Stewart also argue that they have "unmatched knowledge of the applicable law." Of course, this is hardly a quantifiable claim. Needless to say, Zelle Hofmann/Lovell Stewart likely has substantial knowledge of applicable California law, but to couch such knowledge in such superlative terms is not helpful, nor does it aid the Court in making the ultimate decision on who should lead this litigation. In making a decision, the Court should rightly consider all of the laws which will inevitable be compelled to apply, not just the law of the situs of the litigation. To that end, the Court must be mindful that it has before it the claims of class members from a number of states outside of California, including Arizona, Arkansas, Kansas, Minnesota, South Carolina, Tennessee, and Vermont. Consequently, as these claims are brought under the respective state's laws, it is imperative – for counsel, for class members, and indeed for the Court – that lead counsel should possess knowledge of these state laws.

As demonstrated by the Multi-State Group's opening papers and herein, Ball has been litigating indirect purchaser claims across the country for nearly fifteen years, and was part of the team of antitrust lawyers which tested the antitrust laws of approximately thirty states in the 1990's by bringing actions on behalf of consumers as indirect purchasers. Tennessee and Kansas, for

**MULTI-STATE GROUP'S COMBINED REPLY AND RESPONSE TO: (1) ZELLE HOFMANN'S AND LOVELL STEWART'S OPPOSITION TO BALL AND KARON'S MOTION FOR APPOINTMENT OF INTERIM INDIRECT-PURCHASER CLASS COUNSEL (2) ALIOTO LAW FIRM'S AND MILLER LAW LLC'S AND (3) TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP MOTIONS TO BE APPOINTED INTERIM INDIRECT PURCHASER CLASS COUNSEL**

instance, both have a unique damages provision in their antitrust laws, and Ball and Karen and other members of the Multi-State Group regularly litigate under those statutes.

Eighth, that Lovell Stewart has lawyers in three other states hardly serves to convert its complaint naming a Michigan plaintiff into a "multi-state effort."  As demonstrated in the opening papers, by using a single plaintiff from Michigan to purportedly present claims on behalf of other states, Lovell Stewart has unnecessarily served up a standing argument to the Defendants in that particular action which potentially might result in dismissal of that complaint on that ground alone.

Ninth, with respect to Zelle Hofmann's argument that they have multiple offices, including one in China, that fact is particularly unpersuasive here, where members of the Multi-State Group are located from the East Coast to the West Coast and in middle America as well.  Furthermore, the lead counsel structure should be composed of firms that have offices both on the West Coast – where this Court and many parties are located – and on the East Coast – where several Defendants are headquartered (*e.g.*, in New York and New Jersey) and many important documents and witnesses in these actions reside.  The bi-coastal reach of the Multi-State Group positions them to litigate the class actions very efficiently.

Tenth, curiously, Zelle Hofmann/Lovell Stewart tout their support among other firms, but belittle the Multi-State Group as a "gaggle of small firms" who seemingly know nothing about anything.  To be sure, this so-called "gaggle" has had enormous success bring antitrust cases against price-fixers, monopolists, and illegal product bundlers in a variety of industries and in a multitude of states.

Eleventh, Zelle Hofmann/Lovell Stewart also criticize Karon's published articles, noting that such articles do not "replace . . . significant knowledge acquired in practice."  Plainly, Karon's scholarly articles merely compliment the knowledge gained from his experience in litigating indirect purchaser cases, and they derive from the knowledge he has accumulated litigating those cases.

///

///

///

**MULTI-STATE GROUP'S COMBINED REPLY AND RESPONSE TO: (1) ZELLE HOFMANN'S AND LOVELL STEWART'S OPPOSITION TO BALL AND KARON'S MOTION FOR APPOINTMENT OF INTERIM INDIRECT-PURCHASER CLASS COUNSEL (2) ALIOTO LAW FIRM'S AND MILLER LAW LLC'S AND (3) TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP  MOTIONS TO BE APPOINTED INTERIM INDIRECT PURCHASER CLASS COUNSEL**

## V.      CONCLUSION

The Multi-State Group therefore respectfully requests that this Honorable Court appoint the Gordon Ball and Daniel Karon indirect-purchaser interim class counsel.

Dated:    March 21, 2008                    BALL & SCOTT


                                            By:    /s/ Gordon Ball
                                                   Gordon Ball
                                                   **BALL & SCOTT**
                                                   550 Main Ave., Suite 601
                                                   Knoxville, TN  37902
                                                   Telephone: (865) 525-7028
                                                   Facsimile: (865) 525-4679
                                                   E-mail: gball@ballandscott.com

                                                   Daniel R. Karon, Esq.
                                                   **GOLDMAN SCARLATO & KARON, P.C.**
                                                   55 Public Square, Suite 1500
                                                   Cleveland, OH  44113
                                                   Telephone: (216) 622-1851
                                                   Facsimile: (216) 622-1852
                                                   Email:  karon@gsk-law.com

                                                   Derek G. Howard
                                                   **MURRAY & HOWARD, LLP**
                                                   436 14th Street, Suite 1413
                                                   Oakland, CA  94612
                                                   Telephone:    (510) 444-2660
                                                   Facsimile:    (510) 444-2522
                                                   Email: dhoward@murrayhowardlaw.com

                                                   Isaac L. Diel
                                                   **SHARP McQUEEN, P.A.**
                                                   Financial Plaza
                                                   6900 College Boulevard, Suite 285
                                                   Overland Park, KS  66211
                                                   Telephone: (913) 661-9931
                                                   Facsimile: (913) 661-9935
                                                   E-mail: dslawkc@aol.com

**MULTI-STATE GROUP'S COMBINED REPLY AND RESPONSE TO: (1) ZELLE HOFMANN'S AND LOVELL STEWART'S OPPOSITION TO BALL AND KARON'S MOTION FOR APPOINTMENT OF INTERIM INDIRECT-PURCHASER CLASS COUNSEL (2) ALIOTO LAW FIRM'S AND MILLER LAW LLC'S AND (3) TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP  MOTIONS TO BE APPOINTED INTERIM INDIRECT PURCHASER CLASS COUNSEL**

Krishna B. Narine
**LAW OFFICE OF KRISHNA B.
NARINE**
7839 Montgomery Ave.
Elkins Park, PA  19027
Telephone: (215) 771-4988
Facsimile:  (215) 782-3241
E-mail: knarine@kbnlaw.com

John Gressette Felder, Jr
**McGOWAN HOOD FELDER &
JOHNSON**
3710 Landmark Drive, Suite 114
Columbia, SC  29204
Telephone:  (803) 327-7800
Facsimile: (803) 328-5656
E-mail: jfelder@mcgowanhood.com

S. Randall Hood
William A. McKinnon
**McGOWAN HOOD FELDER &
JOHNSON**
1539 Healthcare Drive
Rock Hill, SC  29732
Telephone: (803) 327-7800
Facsimile: (803) 328-5656
E-mail: cmcgowan@mcgowanhood.com

Donna F. Solen
**THE MASON LAW FIRM**
1225 19th Street NW, Suite 500
Washington, DC  20036
Telephone: (202) 429-2290
Facsimile: (202) 429-2294
Email:  dsolen@masonlawdc.com

Mary G. Kirkpatrick
**LISMAN WEBSTER KIRKPATRICK
& LECKERLING, P.C.**
84 Pine Street
P.O. Box 728
Burlington, VT  05402-0728
Telephone: (802) 864-5756
Facsimile: (812) 864-3629
E-mail: mkirk@vtlawfirm.com

**MULTI-STATE GROUP'S COMBINED REPLY AND RESPONSE TO: (1) ZELLE HOFMANN'S AND
LOVELL STEWART'S OPPOSITION TO BALL AND KARON'S MOTION FOR APPOINTMENT OF
INTERIM INDIRECT-PURCHASER CLASS COUNSEL (2) ALIOTO LAW FIRM'S AND MILLER LAW
LLC'S AND (3) TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP  MOTIONS TO BE APPOINTED INTERIM
INDIRECT PURCHASER CLASS COUNSEL**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Robert J. Pohlman
**RYLEY CARLOCK & APPLEWHITE**
One North Central Avenue,  Suite 1200
Phoenix, AZ  85004
Telephone:  (602) 258-7701
Facsimile:  (602) 257-9582
E-mail: rpohlman@rcalaw.com

Karl L. Cambronne
**CHESTNUT &**
**CAMBRONNE**
3700 Campbell MithunTower
222 South Ninth Street
Minneapolis, MN  55402
Telephone: (612) 339-7300
Facsimile: (612) 336-2940
E-mail:
kcambrone@chestnutcambronne.com

Steven J. Miller
**MILLER GOLER FAEGES LLP**
100 Erieview Plaza, 27th Floor
Cleveland, OH  44114
Telephone:     (216) 696-3366
Facsimile:     (216) 363-5835
E-mail: miller@millergolerfaeges.com

Daniel J. Mulligan
**JENKINS MULLIGAN &**
**GABRIEL LLP**
78-065 Main Street, Suite 202
La Quinta, CA 92253
Telephone: (415) 982-8500
Facsimile:  (415) 982-8515
E-mail: dan@jmglawoffices.com

F. Xavier Starkes
**STARKES LAW FIRM, LLC**
P.O. Box 1497
Columbia, SC  29202
Telephone: (803) 758-2882
Facsimile: (803) 758-2454
E-mail: xavier@starkeslawfirm.com

**MULTI-STATE GROUP'S COMBINED REPLY AND RESPONSE TO: (1) ZELLE HOFMANN'S AND
LOVELL STEWART'S OPPOSITION TO BALL AND KARON'S MOTION FOR APPOINTMENT OF
INTERIM INDIRECT-PURCHASER CLASS COUNSEL (2) ALIOTO LAW FIRM'S AND MILLER LAW
LLC'S AND (3) TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP  MOTIONS TO BE APPOINTED INTERIM
INDIRECT PURCHASER CLASS COUNSEL**

Bruce Mulkey
**THE MULKEY ATTORNEYS GROUP, P.A.**
1039 W. Walnut, Suite 3
Rogers, AR  72756
Telephone: (479) 631-0481
Facsimile: (479) 631-5994
E-mail: bruce@mulkeylaw.com

Charles M. Kester
**THE KESTER LAW FIRM**
P.O. Box 184
Fayetteville, AR 72702
Telephone: (479) 582-4600
Facsimile: (479) 571-1671
E-mail: cmkester@nwark.com

*Additional supporting indirect-purchaser counsel of record*

**MULTI-STATE GROUP'S COMBINED REPLY AND RESPONSE TO: (1) ZELLE HOFMANN'S AND LOVELL STEWART'S OPPOSITION TO BALL AND KARON'S MOTION FOR APPOINTMENT OF INTERIM INDIRECT-PURCHASER CLASS COUNSEL (2) ALIOTO LAW FIRM'S AND MILLER LAW LLC'S AND (3) TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP  MOTIONS TO BE APPOINTED INTERIM INDIRECT PURCHASER CLASS COUNSEL**