1  Francis O. Scarpulla (41059)
   Craig C. Corbitt (83251)
2  Matthew R. Schultz (220641)
   Judith A. Zahid (215418)
3  Traviss L. Galloway (234678)
   ZELLE, HOFMANN, VOELBEL, MASON
4  & GETTE LLP
   44 Montgomery Street - Suite 3400
5  San Francisco, CA  94104
   Telephone:      (415) 693-0700
6  Facsimile:      (415) 693-0770
   fscarpulla@zelle.com
7  ccorbitt@zelle.com

8  Christopher Lovell
   Craig M. Essenmacher
9  Keith Essenmacher
   Imtiaz A. Siddiqui
10 LOVELL STEWART HALEBIAN LLP
   500 Fifth Avenue, Floor 58
11 New York, NY  10110
   Telephone:      (212) 608-1900
12 Facsimile:      (212) 719-4775
   clovell@lshllp.com
13 cessenmacher@lshllp.com

14 *Attorneys for Plaintiffs and the Proposed Interim*
   *Class Counsel for the Indirect-Purchaser Plaintiffs*

15 *[Additional Counsel Listed on Signature Page]*

16             UNITED STATES DISTRICT COURT

17           NORTHERN DISTRICT OF CALIFORNIA

18             SAN FRANCISCO DIVISION

19 IN RE: CATHODE RAY TUBE (CRT)        )  Case No. CV-07-5944-SC
   ANTITRUST LITIGATION                 )  MDL No. 1917
20                                      )
   _____ )  **ZELLE HOFMANN'S AND LOVELL**
21 This document relates to:            )  **STEWART'S (1) OPPOSITION TO THE**
                                        )  **CROSS-MOTION TO APPOINT ALIOTO**
22 All Indirect-Purchaser Actions       )  **LAW FIRM AND MILLER LAW LLC AS**
                                        )  **INTERIM LEAD CLASS COUNSEL, AND**
23                                      )  **(2) REPLY TO PLAINTIFF JEFFREY**
                                        )  **FIGONE'S RESPONSE RE:**
24                                      )  **APPOINTMENT OF INTERIM LEAD**
                                        )  **COUNSEL FOR INDIRECT PURCHASER**
25                                      )  **CLASS**
                                        )
26                                      )
                                        )
27 _____ )

28 ZELLE HOFMANN'S AND LOVELL STEWART'S (1) OPPOSITION TO THE CROSS-MOTION TO APPOINT
   ALIOTO LAW FIRM AND MILLER LAW LLC AS INTERIM LEAD CLASS COUNSEL, AND (2) REPLY TO
   PLAINTIFF JEFFREY FIGONE'S RESPONSE RE: APPOINTMENT OF INTERIM LEAD COUNSEL FOR
   INDIRECT PURCHASER CLASS

1

2

3

)  DATE:  April 4, 2008
)  TIME:  10:00 a.m.
)  COURTROOM:  1, 17TH Floor
)  Honorable Samuel Conti
)

4

5

## I.      INTRODUCTION

6      Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the law firms of Lovell

7  Stewart Halebian LLP ("Lovell Stewart") and Zelle, Hofmann, Voelbel, Mason & Gette, LLP

8  ("Zelle Hofmann") respectfully submit this memorandum (1) in opposition to the Alioto Law

9  Firm's and Miller Law LLC's ("Alioto/Miller") Cross-Motion to Appoint Alioto Law Firm and

10  Miller Law LLC as Interim Lead Class Counsel for Indirect Purchaser Plaintiffs; and (2) in reply

11  to Plaintiff Jeffrey Figone's Response Re: Motions for Appointment of Interim Lead Counsel for

12  Indirect Purchaser Class, filed on behalf of Trump, Alioto, Trump & Prescott LLP's  ("TATP").[1]

## II.      ARGUMENT

13

14      As presented to the Court in detail in their moving papers, Lovell Stewart's and Zelle

15  Hofmann's experience in indirect-purchaser class actions, knowledge of the applicable law, and

16  resources committed to representing the indirect-purchaser plaintiffs (per Rule 23(g)(1)(A)(ii)-

17

18

19

20  [1] The Alioto/Miller "cross-motion," filed on March 14, 2008, is untimely.  The only complaints on
21  which either of these firms appear were filed on December 13, 2007 and January 17, 2008, by The
Furth Firm.  *Caldwell v. Chunghwa,* No. 3:07-cv-06303-SC; *Pierce v. Chunghwa,* No. 3:08-cv-
00337-SC.  The Miller firm is listed as co-counsel on both complaints, and the Alioto firm as co-
22  counsel on the *Pierce* complaint.  No explanation has been provided of why the Alioto/Miller
motion could not have been filed on or before 35 days before the noticed hearing date of April 4,
23  in accordance with the local rules, as were the other three pending motions.   No explanation is
provided of why no clients appear to have directly retained either the Alioto or Miller firms, or
24  what if anything either firm did to investigate the claims asserted in this case.  Indeed, The Furth
Firm itself is not even listed as co-counsel on Alioto/Miller cross-motion.

25  Messrs. Gordon Ball and Daniel Karon, who also filed a motion seeking appointment as interim
lead class counsel on behalf of the indirect-purchaser plaintiffs, have failed to oppose the
26  Zelle/Lovell (or any other) motion.

27

28

2

1   (iv)), put them far ahead of the other firms vying for lead counsel on behalf of the indirect-

2   purchaser class in this action.[2]

3         Zelle Hofmann and Lovell Stewart do not question that Mr. Joseph Alioto, Mr. Marvin

4   Miller, and Mr. Mario Alioto are all fine antitrust attorneys who could significantly contribute to

5   this case, on an Executive Committee or other capacity.  However, their experience and results in

6   class actions such as this one pales in comparison to Zelle/Lovell's extensive leadership

7   experience and track record, as set forth in detail in their moving papers.  *See* Zelle/Lovell Motion,

8   filed February 25, 2008.

9         The combined resources of Zelle Hofmann and Lovell Stewart are unmatched by the

10   Alioto/Miller team, TATP, or the other firms that seek a leadership position on behalf of the

11   indirect-purchaser plaintiffs.  The Alioto/Miller firms—with a combined total of nine attorneys—

12   gloss over the "resources" requirement, in their moving papers, and cite to nothing more than the

13   number of years of experience they have as attorneys.  *See* Alioto/Miller Brief, 14:22-15:5.  But

14   their years of experience, which are no greater than the experience of the Zelle/Lovell firms, are

15   worth little if they lack the necessary capital and attorney resources to effectively litigate a case of

16   this magnitude.  TATP, with a handful of attorneys in two small local offices—even with Mr.

17   Mario Alioto arguably experienced in his own right—falls short in terms of the necessary

18   resources needed to best handle this case.  Additionally, neither Alioto/Miller nor TATP has

19   shown that they are willing and able to put forth the necessary capital requirements to litigate this

20   complex class action, in which expert and document expenses alone can amount to millions of

21   dollars.  In contrast, Zelle Hofmann and Lovell Stewart, with over 100 attorneys across the U.S. at

22   their disposal, and with their demonstrated willingness and ability to expend millions of dollars to

23

24

25   [2] This follows the assumption that each firm has met its duty to investigate and identify the basis
    for the claims in their respective complaints, per Rule 23(g)(1)(A)(i).  There is nothing to indicate
26   that Mr. Alioto or Mr. Miller did any pre-filing investigation.

27                                                        3

1    fund cases of this magnitude, are in a far superior position to effectively represent this nationwide

2    class of consumers.

3         Finally, the Alioto/Miller cross-motion suggests that it is not in the best interest of the

4    Class to have "a dozen or more" law firms act as "lead" counsel in this case and that "less is more"

5    when it come to managing a case of this magnitude.  This argument is curious since the

6    Alioto/Miller motion, like the Zelle/Lovell motion, seeks the appointment of two lead counsel.

7    This "less is more" theme is repeated in Alioto/Miller's stance that they would conduct this case in

8    a manner "more favorable…in terms of fees and costs than is often found in these cases."

9    Alioto/Miller Brief at 4.  However, litigation of this size and complexity unfortunately cannot be

10   done "on the cheap," and attempts to streamline the case may prevent the facts of the case from

11   being properly developed, doing more harm than good to the class.  The discovery aspect of these

12   complex cases is critical in determining the stance counsel may need to take during settlement

13   negotiations, and of equal if not more importance–building a case strong enough to prove liability

14   at trial.[3]  Zelle Hofmann and Lovell Stewart are committed to an efficient, streamlined litigation

15   approach, which has a proven track record in indirect-purchaser class actions.

16   ///

17   ///

18   ///

19

---

20   [3] The Alioto/Miller cross-motion also criticizes a proposed leadership that includes firms that have
     worked together before, and who have support from other plaintiffs' firms.  Not only is this
21   argument baseless, since the same prominent plaintiffs' antitrust firms in this country have often
     worked together on large cases over the years, but also the fact that a pair of firms vying for lead
22   has support from other firms is not objectionable.  In fact, the Manual endorses the "private
     ordering" approach to selecting lead counsel in which the lawyers themselves determine who
23   should lead and may "agree to designate a particular lead counsel in exchange for commitments to
     share the legal work and fess."  *See* Manual for Complex Litigation Fourth (2004).

24     Alioto/Miller cite *In re SRAM Antitrust Litigation*, MDL No. 1819 (N.D. Cal.) for the proposition
     that the judge in that case "rejected…a top-heavy" leadership structure.  In fact, while Judge
25   Wilken appointed Zelle Hofmann as sole lead, she appointed the other four firms which originally
     sought a lead counsel position as members of the steering committee, resulting in a leadership
26   structure where five firms work together as a leadership team. That structure has worked well.

27
                                                    4

III.   **CONCLUSION**

For the foregoing reasons, Lovell Stewart and Zelle Hofmann respectfully request that the motions of Alioto/Miller, Ball/Karon, and TATP be denied, and that the Court appoint the Zelle Hofmann and Lovell Stewart firms as Interim Class Counsel for the Indirect-Purchaser Plaintiffs.

Dated:  March 21, 2008                          Respectfully submitted,


                                                By ___/s/ Craig C. Corbitt_____
                                                     Craig C. Corbitt

                                                Francis O. Scarpulla (41059)
                                                Craig C. Corbitt (83251)
                                                Matthew R. Schultz (220641)
                                                Judith A. Zahid (215418)
                                                Traviss L. Galloway (234678)
                                                ZELLE, HOFMANN, VOELBEL, MASON
                                                & GETTE LLP
                                                44 Montgomery Street - Suite 3400
                                                San Francisco, CA  94104
                                                Telephone:     (415) 693-0700
                                                Facsimile:      (415) 693-0770
                                                fscarpulla@zelle.com
                                                ccorbitt@zelle.com


                                                Christopher Lovell
                                                Craig M. Essenmacher
                                                Keith Essenmacher
                                                Imtiaz A. Siddiqui
                                                LOVELL STEWART HALEBIAN LLP
                                                500 Fifth Avenue, Floor 58
                                                New York, NY  10110
                                                Telephone:     (212) 608-1900
                                                Facsimile:      (212) 719-4775
                                                clovell@lshllp.com
                                                cessenmacher@lshllp.com

5

ZELLE HOFMANN'S AND LOVELL STEWART'S (1) OPPOSITION TO THE CROSS-MOTION TO APPOINT ALIOTO LAW FIRM AND MILLER LAW LLC AS INTERIM LEAD CLASS COUNSEL, AND (2) REPLY TO PLAINTIFF JEFFREY FIGONE'S RESPONSE RE: APPOINTMENT OF INTERIM LEAD COUNSEL FOR INDIRECT PURCHASER CLASS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Richard M. Hagstrom
Michael E. Jacobs
ZELLE, HOFMANN, VOELBEL, MASON
& GETTE LLP
500 Washington Ave. South, Suite 400
Minneapolis, MN  55415
Telephone:      (612) 339-2020
Facsimile:      (612) 336-9100
rhagstrom@zelle.com
mjacobs@zelle.com

*Attorneys for Plaintiffs and the Proposed
Interim Class Counsel for the Indirect-
Purchaser Plaintiffs*

ZELLE HOFMANN'S AND LOVELL STEWART'S (1) OPPOSITION TO THE CROSS-MOTION TO APPOINT
ALIOTO LAW FIRM AND MILLER LAW LLC AS INTERIM LEAD CLASS COUNSEL, AND (2) REPLY TO
PLAINTIFF JEFFREY FIGONE'S RESPONSE RE: APPOINTMENT OF INTERIM LEAD COUNSEL FOR
INDIRECT PURCHASER CLASS

1

**CERTIFICATE OF SERVICE**

2

**IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**
**Case No. CV-07-5944-SC**
**MDL No. 1917**

3

4

5

　　　　　I, Monica J. Steele, certify and declare under penalty of perjury that I:  am a citizen

6

of the United States; am over the age of 18 years; am employed by Zelle, Hofmann, Voelbel,
Mason & Gette LLP, 44 Montgomery Street, Suite 3400, San Francisco, CA 94104, whose

7

members are members of the State Bar of California and at least one of whose members is a
member of the Bar of each Federal District Court within California; am not a party to or interested

8

in the cause entitled upon the document to which this Certificate of Service accompanies; and that
on March 21, 2008, I served a true and correct copy of the following document(s) in the manner

9

indicated below:

10

1.　　　**ZELLE HOFMANN'S AND LOVELL STEWART'S (1) OPPOSITION TO THE**

11

　　　　**CROSS-MOTION TO APPOINT ALIOTO LAW FIRM AND MILLER LAW**
　　　　**LLC AS INTERIM LEAD CLASS COUNSEL, AND (2) REPLY TO PLAINTIFF**

12

　　　　**JEFFREY FIGONE'S RESPONSE RE:  APPOINTMENT OF INTERIM LEAD**
　　　　**COUNSEL FOR INDIRECT PURCHASER CLASS**

13

14

☒　　　**By USDC Live System-Document Filing System:**  on all interested parties registered for
　　　　e-filing.

15

16

Dated:   March 21, 2008

17

　　　　　　　　　　　　　　　　　Signed _____/s/*Monica J. Steele*___

18

　　　　　　　　　　　　　　　　　Monica J. Steele
　　　　　　　　　　　　　　　　　Legal Administrative Assistant/Paralegal

19

　　　　　　　　　　　　　　　　　to Craig C. Corbitt

20

#3172742v2

21

22

23

24

25

26

27

7

28