MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. RUSSELL, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA  94123
Telephone:  (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Proposed Interim Lead Counsel*
*for the Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | ) Master File No. CV-07-5944 SC )<br>) MDL No. 1917 )<br>) **PLAINTIFF JEFFREY FIGONE'S REPLY RE: MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL FOR THE INDIRECT PURCHASER CLASS** |
| **This document relates to:**<br>**ALL INDIRECT PURCHASER ACTIONS** | ) Date: April 4, 2008<br>) Time: 10:00 a.m.<br>) Court: One, 17th Floor<br>)<br>) The Honorable Samuel Conti<br>) |

**TABLE OF CONTENTS**

I.  INTRODUCTION ……………………………………………………………… 1

II. ARGUMENT ………………………………………………………………….. 2

    A. TATP's Is Best Able To Represent The Class Because Its Experience In Handling Post-CAFA Indirect Purchaser Class Actions Is Second To None ……………………………………. 2

    B. TATP Is Best Able To Represent The Class Because Of The Significant and Substantial Work It Has Already Performed …………… 5

    C. No Firm Disputes TATP's Ability To Serve As Lead Counsel And No Firm Is More Qualified To Serve As Lead Counsel Than TATP ……………………………………………………………….. 9

    D. The Court Should Adopt A Leadership Structure Which Is Inclusive Of All The Moving Parties ……………………………………………….. 12

III. CONCLUSION …………………………………………………………………….. 13

ii

**PLAINTIFF JEFFREY FIGONE'S REPLY RE: MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL FOR THE INDIRECT PURCHASER CLASS, MDL NO. 1917**

# TABLE OF AUTHORITIES

**Cases**

Page

*Crown Oil v. Superior Court*,
  177 Cal. App. 3d 604 (1986) ……………………………………………………..……………4

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
  MDL No. 1775 (E.D.N.Y.) ……………………………………………………………………..1

*In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*,
  MDL No. 1486 (PJH) (N.D. Cal.…………………………………………………….…………1

*In re Korean Air Lines Co., Ltd. Antitrust Litigation*,
   MDL No. 1891 (SJO) (C.D. Cal.)……………………………………………………..………1

*In re OSB Antitrust Litigation*
  Case No. 06-cv-00826 (PSD) (E.D. Pa.)…………………………………………..………...*passim*

*In re OSB Antitrust Litigation,*
   2007 U.S. Dist. LEXIS 56617…………………………………………………………….……5

*In re Scrap Metal Antitrust Litigation,*
  2002 WL 31988203, at *2 (N.D. Ohio) …………………………………………………....…7

*In re TFT-LCD (Flat Panel) Antitrust Litigation,*
   Case No. 07-1827 (SI) MDL No. 1827 (N.D. Cal.) ……………………………………………..11

*In re SRAM Antitrust Litigation*,
  Case No. 07-1819 (CW), MDL No. 1819 (N.D. Cal.) ……………………………………….…11

*In re Graphics Processing Units Antitrust Litigation,*
   Case No. 07-1826 (WHA), MDL No. 1826 (N.D. Cal.) ………………………………….……11

 *In re Flash Memory Antitrust Litigation,*
  Case No. 07-00086 (SBA), MDL No. 1852 (N.D. Cal.) ……………………………..………11

**Rules**

 Fed. R. Civ. Pro. 23(g)…………………………………………………………………...…*passim*

**Secondary Materials**

*Manual on Complex Litigation (Fourth)* ……………………………………………………….2

iii

**PLAINTIFF JEFFREY FIGONE'S REPLY RE: MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL FOR THE INDIRECT PURCHASER CLASS, MDL NO. 1917**

## I. Introduction

The Court now has before it four motions for appointment of interim lead or co-lead counsel for the indirect purchaser class in the *In re Cathode Ray Tubes (CRT) Antitrust Litigation* (hereinafter "*CRT Cases*").

Plaintiff Jeffrey Figone filed the first motion for appointment of its counsel, Trump, Alioto, Trump & Prescott, LLP ("TATP"), as interim lead counsel for the indirect purchaser class in this action on February 23, 2008. On February 25, 2008, Zelle Hofmann Voelbel Mason & Gette, LLP and Lovell Stewart Halebian, LLP ("Zelle/Lovell") filed their motion to be appointed as interim lead counsel. The motion of Ball & Scott and Goldman Scarlato & Karon, P.C. ("Ball/Karon") to be appointed interim lead counsel was filed on March 5, 2008.

On March 14, 2008, TATP filed its Response Re: Motions for Appointment as Interim Lead Counsel for the Indirect Purchaser Class. Zelle/Lovell filed their Memorandum In Opposition to TATP's motion and the Ball/Karon motion later that same day. Ball/Karon did not file a response to either the TATP motion or the Zelle/Lovell motion.

Thereafter, two more law firms, Alioto Law Firm and Miller Law, LLC ("Alioto/Miller"), filed an opposition to the original three motions outlined above, and cross-moved for appointment as interim lead counsel for the indirect purchaser class.

Given the complexities of this case and multiple qualified candidates, the Court should appoint more than one lead counsel. There is ample precedent for this. *See*, *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation,* MDL No. 1486 (N.D. Cal.) ("*DRAM*") (where four firms were appointed as co-lead counsel for the indirect purchasers); *In re Air Cargo Shipping Servs. Antitrust Litig.,* MDL No. 1775 (E.D.N.Y.) ("*Air Cargo*") (where four firms were appointed as co-lead counsel for the indirect purchasers); *In re Korean Air Lines Co., Ltd. Antitrust Litigation,* MDL No. 1891 (C.D. Cal.) (where three firms were appointed as co-lead counsel for the plaintiffs). TATP should be one of the lead counsel.

As further demonstrated herein, TATP is the applicant *best able* to represent the interests of the indirect purchaser class in the *CRT Cases.* TATP is a highly experienced firm with particular expertise in post-CAFA indirect purchaser antitrust class actions. In addition, TATP has already performed significant work which will be of great future benefit to the class. As a result of this work, TATP now represents 14 named plaintiffs in 14 of the 20 indirect purchaser states with class representatives. Accordingly, Plaintiff Jeffrey Figone's motion to appoint TATP as interim co-lead counsel for the indirect purchaser plaintiffs should be granted.

## II. Argument

In appointing interim lead counsel under Rule 23(g), the Court must determine whether the applicant firm will fairly and adequately represent the interests of the proposed class. *See,* Fed. R. Civ. Pro. 23(g)(1)(B). The Court's determination of that question is informed by the criteria set forth in Rule 23(g)(1):

> In appointing class counsel, the court: (A) must consider: the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and, the resources that counsel will commit to representing the class; (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class….

Fed. R. Civ. Pro. 23(g)(1). "In evaluating prospective class counsel, the Court should weigh all pertinent factors. No single factor should necessarily be determinative in a given case." Rule 23(g) advisory committee's note (2003).

Before making its appointment, however, the Court should engage in an "independent examination" of the competing attorneys' submissions. The independent review ensures the Court that counsel appointed to leading roles are qualified and responsible, will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable. *See, Manual on Complex Litigation (Fourth),* § 10.224 ("*Manual*").

### A. TATP's Is Best Able To Represent The Class Because Its Experience In Handling Post-CAFA Indirect Purchaser Class Actions Is Second To None

TATP is the firm best able to represent the indirect purchaser class in this case because its experience in handling post-CAFA indirect purchaser class actions is second to none. TATP is

2

1  the only firm among the moving parties to prosecute a post-CAFA indirect purchaser case up to
2  trial. *See, In re OSB Antitrust Litigation,* Case No. 06-cv-00826 (PSD) (E.D. Pa., filed February
3  24, 2006) ("*OSB*").

4  TATP's experience as Co-Lead Counsel in *OSB* will be invaluable in this case. TATP has
5  demonstrated the ability to work cooperatively with direct purchaser counsel as well as defense
6  counsel through motions to dismiss, massive document discovery, motions for judgment on the
7  pleadings, class certification, experts (class certification and merits), motions for summary
8  judgment, and Daubert motions. There have been a number of settlements. The *OSB* case is set
9  for trial of the direct purchaser claims against the remaining defendants in June of this year. The
10  trial of the indirect purchaser claims will follow the trial of the direct purchaser claims. Thus,
11  TATP is the only firm among the moving parties to have experienced first-hand the particular
12  case management and legal issues involved in post-CAFA indirect purchaser cases in federal
13  court. None of the other firms seeking a leadership position can point to this track record.

14  Most importantly, in *OSB* TATP successfully certified indirect purchaser classes not only
15  for California, but for the following states as well:

- The District of Columbia
- Florida
- Iowa
- Kansas
- Maine
- Michigan
- Minnesota
- Mississippi
- Nevada
- New York
- North Carolina
- North Dakota

1- - Tennessee
2- - Vermont
3- - West Virginia
4- - Wisconsin

Plaintiffs will seek to certify similar state classes in this case. This will be a major part of this case and will likely determine whether the case goes ahead or not. TATP's experience in this regard should be afforded great weight in the Court's determination of lead counsel. TATP's success in class certification, along with its other qualifications, makes it the firm best able to serve as interim lead counsel.

Although the *OSB* litigation is TATP's most relevant experience to this case, is not the only experience that TATP will be able to draw on. TATP has over 34 years experience in prosecuting multidistrict litigation and class actions in state and federal court throughout the country. Since its founding, TATP has specialized in representing plaintiffs in antitrust class actions involving allegations of price-fixing, monopolization, predatory pricing and group boycott under the Sherman Act, the Clayton Act, the California Cartwright Act and Unfair Competition Law, as well as numerous antitrust and consumer protection statutes of other States.

Mr. Alioto, one of TATP's founding partners, has represented plaintiffs and defendants in antitrust and other commercial matters for 34 years. Mr. Alioto was one of the first lawyers in California to successfully prosecute indirect purchaser antitrust class actions under the Cartwright Act and the Unfair Competition Law. He was counsel in the landmark decision *Crown Oil v. Superior Court*, 177 Cal. App. 3d 604 (1986), which upheld the right of indirect purchasers to sue under the Cartwright Act after their claims had been barred under federal law by the decision in *Illinois Brick.* As a result of the *Crown Oil* decision, California consumers and businesses have recovered millions of dollars in relief which would otherwise have been barred under *Illinois Brick*. *Crown Oil* has paved the way for recoveries in other states throughout the nation as well. These recoveries are in the billions of dollars. Mr. Alioto has been involved in approximately 50 antitrust cases.

4

**PLAINTIFF JEFFREY FIGONE'S REPLY RE: MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL FOR THE INDIRECT PURCHASER CLASS, MDL NO. 1917**

Moreover, courts have recognized TATP's success and expertise in prosecuting these cases. In granting class certification in *OSB* and appointing TATP Co-Lead Counsel for the class in the indirect purchaser case, the Honorable Paul S. Diamond of the Eastern District of Pennsylvania stated that TATP "are experienced, class action litigators" and "have vigorously and capably prosecuted this extremely demanding case, and I am satisfied that they will continue to do so." *OSB,* 2007 U.S. Dist. LEXIS 56617, * 12 (E.D. Pa. Aug. 3, 2007)

In another recent case, TATP obtained relief of approximately $50 million for California consumers on account of improper automobile repossession practices by two large finance companies. This result was obtained primarily by Mr. Alioto and TATP, with the assistance of one other firm. In approving the settlement in that matter, the Honorable Daniel M. Hanlon (Ret.) noted that TATP had handled the litigation "effectively and efficiently" and that counsel was "experienced and competent" and had obtained an "excellent settlement."

In sum, TATP is a highly experienced firm with particular expertise in indirect purchaser class action antitrust cases such as this one. In appointing TATP interim co-lead counsel for the indirect purchaser class, this Court can be safe in the knowledge that not only is it appointing a firm with "experience in handling class actions, other complex litigation, and the types of claims asserted in the action," with extensive "knowledge of the applicable law," (Fed. R. Civ. Pro. 23(g)(1)(C)), but also that it is appointing the firm "*best able* to represent the interests of the class." Fed. R. Civ. Pro. 23(g)(2)(B).

### B. TATP Is Best Able To Represent The Class Because Of The Significant and Substantial Work It Has Already Performed

TATP is best able to represent the interests of the class because of the significant and substantial work it has already performed on behalf of the class. *See,* Fed. R. Civ. Pro. 23(g)(1)(c) ("In appointing class counsel, the court: (A) must consider: the *work counsel has done* in identifying or investigating potential claims in the action.").

TATP has done the most work to advance the indirect *CRT Cases*. This work will be of great future benefit to the class. As a result of its diligent work and investigation of claims, TATP now represents 14 plaintiffs in 14 of the 20 indirect purchaser states, more than any of the other

5

moving parties. *See,* Table 1 below, which sets out the plaintiffs represented by state for each of the candidates for interim lead counsel.[1]

**Table 1: Candidates For Lead Counsel and Plaintiffs Represented By State**

| Plaintiffs By State | Trump, Alioto, Trump & Prescott, LLP's Clients | Goldman Scarlato & Karon P.C.'s Clients | Zelle Hofmann Voelbel Mason & Gette, LLP's Clients | Lovell Stewart Halebian, LLP's Clients | Ball & Scott's Client | Miller Law, LLC's Clients | Alioto Law Firm's Client |
|---|---|---|---|---|---|---|---|
| Arizona | X | X | | | | | |
| California | X | | X | | | | |
| Florida | X | | | | | | |
| Massachusetts | X | | | | | X | |
| Michigan | X | | | X | | | |
| Minnesota | X | X | X | | | | |
| Mississippi | X | | | | | | |
| Nevada | X | | | | | | |
| New Mexico | X | | | | | | |
| New York | X | | | | | | |
| North Dakota | X | | | | | | |
| South Dakota | X | | | | | | |
| West Virginia | X | | | | | | |
| Wisconsin | X | | | | | | |
| Arkansas | | X | | | | | |
| Kansas | | X | | | | | |
| New Hampshire | | | | | | X | X |
| South Carolina | | X | | | | | |
| Tennessee | | X | X | X | X | | |
| Vermont | | X | | | | | |

The new claims by plaintiffs represented by TATP greatly increase the potential recovery for the class in this case. TATP has invested considerable time and effort into investigating the claims of each of their plaintiffs and working with local counsel to gather evidence in support of their claims. Defendants will likely oppose class certification of those state classes for which there is no class representative. The existence of additional class plaintiffs will moot this opposition. Therefore, TATP has already conferred a substantial benefit on the indirect purchaser class as a whole by mooting defense arguments and greatly expanding the potential scope of recovery in this case.

---

[1] TATP has done extensive research regarding the indirect CRT cases on file in the various federal courts and continues to monitor these cases on a daily basis to ensure the information is up-to-date. Thus, the factual assertions regarding the plaintiffs represented by the various applicants for interim lead counsel are made to the best of our knowledge based upon this research.

6

**PLAINTIFF JEFFREY FIGONE'S REPLY RE: MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL FOR THE INDIRECT PURCHASER CLASS, MDL NO. 1917**

Moreover, the state classes represented by TATP are some of the most important in terms of population and favorable state law. The population of the 14 states represented by TATP represents approximately 87% of the total population of the 20 states which presently have class representatives.[2] TATP's clients and the states they represent have collectively the largest stake in this litigation. Courts have recognized this factor in selecting class counsel in antitrust and other complex litigation. *See, e.g., In re Scrap Metal Antitrust Litigation,* 2002 WL 31988203, at *2 (N.D. Ohio Aug. 5, 2002).

The fact that 14 plaintiffs representing 14 state classes have chosen TATP as their counsel should also carry considerable weight in selecting interim lead counsel. TATP also has the support of associate counsel throughout the country to aid in the prosecution of these claims. These firms also support the selection of TATP as lead counsel. These firms are:

- Law Office of Joseph M. Patane, San Francisco, California;
- Law Offices of Lawrence G. Papale, St. Helena, California;
- Valinoti & Dito, LLP, San Francisco, California;
- Law Office of Sherman Kassof, Lafayette, California;
- Mansfield, Tanick & Cohen, P.A., Minneapolis, Minnesota;
- Jeffries, Olson & Flom, P.A., Fargo, North Dakota;
- Frankovitch, Anetakis, Colantonio & Simon, Weirton, West Virginia;
- Gerard & Osuch, LLP, San Diego, California;

---

[2] The 14 states represented by TATP and their populations are as follows: Arizona 6,338,755; California 36,553,215; Florida 18,251,243; Massachusetts 6,449,755; Michigan 10,071,822; Minnesota 5,197,621; Mississippi 2,918,785; Nevada 2,565,382; New Mexico 1,969,915; New York 19,297,729; North Dakota 639,715; South Dakota 796,214; West Virginia 1,812,035; Wisconsin 5,601,640. The total population for these States is: 118,463,826. The remaining states for which there are currently class representatives and their populations are: Arkansas 2,834,797; Kansas 2,775,997; New Hampshire 1,315,828; South Carolina 4,407,709; Tennessee 6,156,719; Vermont 621,254. The total population for these states is: 18,112,304. Source: United States Census Bureau- estimates as of July 2007. While not all residents of a given state will be members of the indirect purchaser class, population is a good indicator of potential class members.

7

**PLAINTIFF JEFFREY FIGONE'S REPLY RE: MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL FOR THE INDIRECT PURCHASER CLASS, MDL NO. 1917**

- Gerard & Osuch, LLP, Las Vegas, Nevada; and
- Law Office of Robert Bonsignore, Medford, Massachusetts.

In light of the large number of states represented, and the large number of firms which support TATP as lead counsel, it would be anomalous to appoint another firm and exclude TATP from lead counsel in this case. For example, Mr. Lovell represents clients in Michigan and Tennessee. TATP also represents a client in Michigan. Three other firms also represent clients in Tennessee. Mr. Lovell brings nothing to the table in terms of representing additional plaintiffs in states which do not yet have plaintiffs. Yet Mr. Lovell seeks a leadership position over TATP. He seeks to speak for 13 states represented by TATP and 5 states represented by other counsel, even though he has no clients in these states.

Similarly, Joseph Alioto and Marvin Miller seek to control litigation involving states for which they have do not have clients. Joseph Alioto represents a plaintiff from New Hampshire. Marvin Miller represents plaintiffs from Massachusetts and New Hampshire (the same plaintiff Joseph Alioto represents). Since TATP also represents a plaintiff from Massachusetts, the only "new" plaintiff Alioto/Miller represent is from New Hampshire. Yet they want to assume a leadership position on behalf of plaintiffs in 19 other states. These plaintiffs in these 19 states have already selected their counsel. These counsel are more qualified to serve as lead counsel than Messrs. Alioto and Miller, since they actually represent clients in these states.

In addition to the work TATP has done in identifying viable class representatives, investigating their claims, and gathering evidence of those claims, TATP has also spent substantial time conducting a detailed analysis of the market for Cathode Ray Tubes (CRT) and products containing CRTs (collectively "CRT Products"). This has included a detailed investigation into the manufacturing process (including how CRT Products are fabricated, how they are assembled and the process for testing quality), the means of distribution in the industry (including direct and indirect sales and the respective roles of manufacturers' representatives, distributors and agents), and obtaining significant pricing and competitive information. This work

8

**PLAINTIFF JEFFREY FIGONE'S REPLY RE: MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL FOR THE INDIRECT PURCHASER CLASS, MDL NO. 1917**

1  product will assist TATP in prosecuting this case against the defendants and confers a substantial
2  benefit on the class.
3        TATP drafted a Status Conference Statement and circulated it to other indirect counsel for
4  their input in advance of the April 4, 2008 Status Conference before the Court. TATP has
5  continued to engage in discussions with other indirect counsel regarding leadership issues in an
6  attempt to resolve these issues before the April 4, 2008 hearing. Further, TATP has been in
7  contact with the proposed interim lead counsel for the direct purchaser class regarding
8  coordination of our efforts to prosecute this litigation. Finally, TATP has also discussed a number
9  of initial case management issues with the defendants.
10       The significant and substantial work performed by TATP to advance this litigation and
11 benefit the class is further evidence of TATP's particular expertise in indirect purchaser class
12 actions. It is also further evidence that TATP is the applicant *best able* to represent the interests
13 of the class in this case. Accordingly, Plaintiff Jeffrey Figone's motion to appoint TATP as
14 interim lead or co-lead counsel for the indirect purchaser plaintiffs should be granted.

15     **C.    No Firm Disputes TATP's Ability To Serve As Lead Counsel And No Firm Is More Qualified To Serve As Lead Counsel Than TATP**
16
17       The Ball/Karon group did not file a response to TATP's motion to serve as lead
18 counsel. Thus, they do not dispute TATP's ability to serve as lead counsel. The Alioto/Miller
19 group filed an opposition, but did not raise any specific objection to TATP. The Alioto/Miller
20 group simply argues that it is better suited to serve as lead counsel than TATP. We disagree. It is
21 readily apparent from Mr. Alioto's resume that his forte is not leading indirect purchaser cases.
22 Similarly, Mr. Miller has not identified any indirect purchaser cases in which he has served in a
23 leadership capacity. This is not intended as a general criticism of Messrs. Alioto or Miller. Both
24 counsel should play a significant role in this case by serving on plaintiffs' Executive Committee.
25       Finally, the Zelle/Lovell group has not raised any specific objection to TATP. They too
26 simply argue that they are better qualified. They point to the fact that Mr. Lovell filed the first
27 complaint, *Kindt v. Matsushita Electric Industrial Co., Ltd., et al.,* Case No. 07-cv-10322
28

9

**PLAINTIFF JEFFREY FIGONE'S REPLY RE: MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL FOR THE INDIRECT PURCHASER CLASS, MDL NO. 1917**

(S.D.N.Y.), on November 13, 2007. This is entitled to no weight in the determination of lead counsel.

The *Kindt* complaint is brought on behalf of one plaintiff, a Michigan resident. The case has not progressed beyond any other case. TATP filed its first complaint on December 13, 2007, only one month after *Kindt*, and has filed two additional complaints since then.[3] TATP's complaints are much broader in scope, having been brought on behalf of fourteen plaintiffs in fourteen different states. They required much more investigation, research and preparation than the *Kindt* complaint. Therefore, the filing of the *Kindt* complaint should have no bearing on the selection of Mr. Lovell as lead counsel.

TATP served its initial complaint on all defendants. It has not followed up on this initial service by obtaining Letters Rogatory and formal service because it determined it would not be efficient to do so at this point. The parties are seeking a stipulation from defense counsel regarding service of foreign defendants. The direct purchaser plaintiffs have filed motions for the issuance of Letters Rogatory in order to serve foreign defendants. The Court granted these motions. Docket No. 35, 64 and 73. Thereafter, the direct purchaser plaintiffs sent a proposed stipulation to defense counsel which provides that service of one direct or indirect complaint would constitute service of process in the consolidated direct or indirect purchaser actions, respectively. This, and further negotiations, may obviate the need for time consuming and expensive foreign service of process. Thus, TATP has not pursued foreign service at this point.

No firm should be given any special consideration because it serves as lead counsel in any "related litigation." Every case is different. There is no concrete showing that involvement in any case involving the same defendants as this case, or products similar to those in this case, gives any firm a distinct advantage in leading this case. Even if this did confer some advantage, TATP

---

[3] *Samuel Nasto, et al. v. LG Electronics, Inc., et al.,* Case No. 3:08-cv-1371-SC; *Brigid Terry, et al. v. LG Electronics, Inc., et al.,* Case No. 3:08-cv-1559-VRW.

could make the same argument. TATP is also involved in cases involving the same defendants as this case, and products similar to this case.[4]

Furthermore, these so-called related cases are still at the pleading stage. This is in contrast to the *OSB* case which has been fully prepared and is awaiting trial. Finally, involvement in a number of large and complex related cases could be cited as factor militating against appointment of lead counsel in this case. Participation by certain firms in these other cases will divert resources from this case, potentially prejudicing the prosecution of this case.

Firm size should be given very little weight in the Court's appointment of lead counsel. If a firm has 50 lawyers, that does not mean that 50 lawyers will be working on this case. Most firms will staff this case with a core group of 3-4 lawyers, supplemented by other lawyers as the need arises. TATP plans to staff the case in this manner and has a core group of 4 highly experienced lawyers who will work on this case. In addition, TATP will work with the other lawyers who are appointed to leadership positions as well as TATP's network of associate lawyers who will assist in the prosecution of various state law claims. There will be enough manpower and enough money to get the best possible result for the class.

Finally, the Court should look to the experience and qualifications of those lawyers who are going to work on this case. Accomplishments by "law firms" are not as important as accomplishments by the individual lawyers who will actually be working on this case. Similarly, resumes listing a long string of multimillion dollar recoveries may be misleading. Oftentimes these recoveries were obtained by many plaintiffs' firms and the individual lawyer touting the

---

[4] TATP has been involved in other MDL litigation involving markets and goods similar to CRT Products. *See, In re Dynamic Random Access Memory (DRAM) Antitrust Litigation,* (N.D. Cal. Case No. 02-1486 (PJH), MDL No. 1486) (indirect purchaser antitrust class action involving price-fixing of DRAM memory chips); *In re TFT-LCD (Flat Panel) Antitrust Litigation,* (N.D. Cal. Case No. 07-1827 (SI), MDL No. 1827) (indirect purchaser antitrust class action involving price fixing of LCD or flat panel TVs); *In re SRAM Antitrust Litigation* (N.D. Cal. Case No. 07-1819 (CW), MDL No. 1819) (indirect purchaser antitrust class action involving price fixing of SRAM memory chips); *In re Graphics Processing Units Antitrust Litigation* (N.D. Cal. Case No. 07-1826 (WHA), MDL No. 1826) (direct purchaser antitrust class action involving price fixing of computer Graphics Cards); *In re Flash Memory Antitrust Litigation* (N.D. Cal. Case No. 07-00086 (SBA), MDL No. 1852) (direct purchaser class action involving price fixing of Flash memory).

recovery actually played a small role in the case. TATP has set forth the experience and qualifications of the <u>individual lawyers</u> who will work on this case, and that experience and those qualifications must be measured against the experience and qualifications of the other <u>individual lawyers</u> who have put themselves forward for lead counsel.

### D. The Court Should Adopt A Leadership Structure Which Is Inclusive Of All The Moving Parties

While TATP believes it is best qualified to serve as interim co-lead counsel, it does not believe any leadership structure adopted by the Court should be exclusive. To the contrary, the organization of plaintiffs' counsel should be structured to best utilize the talents and experience of each firm seeking a leadership role in the indirect purchaser litigation. Given the size and complexity of this litigation, which spans over 12 years and involves over 20 defendants, this can be best accomplished by the appointment of both lead counsel and an Executive Committee comprised of all the firms who have filed motions seeking a leadership role. The direct purchaser plaintiffs have proposed the same leadership structure. We have submitted herewith a Proposed Order Appointing Interim Lead Class Counsel And Executive Committee For The Indirect Purchaser Plaintiffs. This proposed order tracks the proposed order filed by the direct purchasers.

//
//
//

## III. Conclusion

For all of the foregoing reasons, TATP should be appointed as one of the interim co-lead counsel for the indirect purchaser class.

Dated: March 21, 2008                    Respectfully submitted,

**TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**

By:   /s/ Mario N. Alioto
      Mario N. Alioto (56433)
      Lauren C. Russell (241151)
      2280 Union Street
      San Francisco, California 94123
      Telephone: (415) 563-7200
      Facsimile: (415) 346-0679
      E-mail: malioto@tatp.com
      laurenrussell@tatp.com

*Proposed Interim Lead Counsel
for the Indirect Purchaser Plaintiffs*

Joseph M. Patane (72202)
**LAW OFFICE OF JOSEPH M. PATANE**
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: jpatane@tatp.com

Lawrence G. Papale (67068)
**LAW OFFICES OF LAWRENCE G. PAPALE**
1308 Main Street #117
St. Helena, CA 94574
Telephone: (707) 963-1704
Facsimile: (707) 963-0706
E-mail: lgpapale@papalelaw.com

Kenneth L. Valinoti (118442)
**VALINOTI & DITO LLP**
180 Montgomery Street, Suite 940
San Francisco, CA 94104
Telephone: (415) 986-1338
Facsimile: (415) 986-1231
E-mail: kvalinoti@valinoti-dito.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Sherman Kassof (66383)
**LAW OFFICES OF SHERMAN KASSOF**
954 Risa Road, Suite B
Lafayette, CA 94549
Telephone: (510) 652 2554
Facsimile: (510) 652 9308
E-mail: heevay@att.net

Seymour J. Mansfield
Jean B. Roth
Lawrence P. Schaefer, Of Counsel
**MANSFIELD, TANICK & COHEN, P.A.**
1700 U.S. Bank Plaza
220 South Sixth Street
Minneapolis, MN  55402
Telephone: (612) 339-4295
Facsimile: (612) 339-3161
E-mail: smansfield@mansfieldtanick.com

Joel Flom
**JEFFRIES, OLSON & FLOM, P.A.**
1202 27th Street South
Fargo, N.D. 58103
Telephone: (701) 280-2300
Facsimile: (701) 280-1800
E-mail: joel@jeffrieslaw.com

Michael G. Simon
M. Eric Frankovitch
**FRANKOVITCH, ANETAKIS, COLANTONIO & SIMON**
337 Penco Road
Weirton, WV  26062
Telephone: (304) 723-4400
Facsimile: (304) 723-5892
E-mail: msimon@facslaw.com

Robert Gerard
**GERARD & OSUCH, LLP**
1516 Front Street
San Diego, CA 92101
Telephone: (619) 232-2828
E-mail: rgerard@gerardlaw.com

**PLAINTIFF JEFFREY FIGONE'S REPLY RE: MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL FOR THE INDIRECT PURCHASER CLASS, MDL NO. 1917**

Robert Gerard
**GERARD & OSUCH, LLP**
2840 South Jones Blvd.
Building D, Unit 4
Las Vegas, NV 89146
Telephone: (702) 251-0093
E-mail: rgerard@gerardlaw.com

Robert Bonsignore
**ATTORNEY AT LAW**
23 Forest Street
Medford, MA 02155
E-mail: rbonsignore@aol.com

*Counsel for the Indirect Purchaser Plaintiffs*

---

15

**PLAINTIFF JEFFREY FIGONE'S REPLY RE: MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL FOR THE INDIRECT PURCHASER CLASS, MDL NO. 1917**