SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
ghalling@sheppardmullin.com
JAMES L. MCGINNIS, Cal. Bar No. 95788
jmcginnis@sheppardmullin.com
MICHAEL SCARBOROUGH, Cal. Bar No. 203524
mscarborough@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:  415-434-9100
Facsimile:  415-434-3947

Attorneys for Defendant
SAMSUNG SDI AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 07-5944-SC<br>**DEFENDANTS' STATUS CONFERENCE STATEMENT** |
| This Document Relates to:<br>ALL ACTIONS | |

The undersigned Defendants hereby submit this status conference statement in advance of the April 4, 2008 status conference, and in response to (1) the Direct Purchaser Plaintiffs' Status Conference Statement (*see* Docket No. 158); (2) the Proposed Case Management Order Relating to Indirect Purchaser Cases filed by the Alioto Law Firm and Miller Law LLC (*see* Docket No. 144); and (3) the Indirect Purchaser Plaintiffs' Status Conference Statement that Defendants understand is being submitted by the Zelle Hofmann firm.

## I.

## OVERVIEW OF THE CASE

This multidistrict litigation proceeding arises from alleged antitrust violations by more than 30 Defendants around the world relating to a purported conspiracy to fix prices of certain Cathode-Ray Tubes ("CRTs") – electronic components used in the manufacturing of televisions and computer monitors. To date, approximately 39 complaints have been filed in federal district courts throughout the United States. A number of complaints purport to be on behalf of "direct" purchasers and others purport to be on behalf of "indirect" purchasers, and some even purport to be on behalf of both "direct" and "indirect" purchasers, although the distinction between such purported plaintiffs is ill-defined. The definition of the product at issue and the classes of purchases Plaintiffs intend to represent is something that should be addressed and clarified in the Plaintiffs' filing of their consolidated amended complaints, and is certainly a central issue that Defendants anticipate addressing in motions to dismiss.

In addition, the alleged class periods also vary widely from complaint to complaint: in certain cases the alleged class period dates back to January 2003, but in others extends back as far as 1990. Finally, the complaints also widely differ as to the defendants named. The Judicial Panel on Multidistrict Litigation transferred the CRT Cases to this Court for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Defendants believe that these cases lack merit for a multitude of reasons, and that most, if not all, of the claims will not survive a motion to dismiss, particularly in

1

light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (May 21, 2007).

## II.

## PENDING MOTIONS

Various motions to appoint interim lead class counsel for direct and indirect purchaser plaintiffs have been filed.

## III.

## SERVICE OF PROCESS

To date, a number of direct and indirect purchaser plaintiffs have served complaints in the CRT Cases on certain of the domestic Defendants.[1]  Many of these domestic Defendants have entered into stipulations extending their time to respond to the complaints until forty-five (45) days after the filing of a Consolidated Amended Complaint.  With respect to actions filed in the Northern District of California, the domestic Defendants have in large part joined the stipulation entered by this Court in the matter of *Crago, Inc. v. Chunghwa Picture Tubes, Ltd., et al.*, 07-5944-SC.  That stipulation was approved by this Court on December 19, 2007, and was made available not only for the *Crago* action, but also for all related actions.  *See* Docket No. 16.  The *Crago* stipulation, like others entered into outside of this jurisdiction, preserves Defendants' right to move against the complaint on any grounds and to assert all available defenses.

The approximately 15 foreign Defendants, whether in the indirect or direct purchaser cases, remain largely unserved.  For some unserved foreign defendants (e.g., Irico Group Corp.; Samtel Color Ltd.), it is unknown whether they are represented by counsel in this litigation.  Defendants' position is that <u>proper</u> service of at least one complaint in a direct purchaser case on each defendant and one complaint in an indirect purchaser case on each defendant should be completed before the case substantially

---

[1]    Certain of the Defendants have only been served in a direct purchaser action as opposed to an indirect purchaser action, or vice-versa.

2

proceeds. In many countries, such service is required to be done through the Hague Convention or through Letters Rogatory. Defendants are willing to agree that for those Defendants that have been properly served once in an indirect and direct purchaser action, electronic service of the Consolidated Amended Complaint through e-filing shall be sufficient.

## IV.

## CONSOLIDATED AMENDED COMPLAINTS

Defendants' position is that it is premature to set a timetable for the filing of a consolidated amended complaint (or complaints) at this time since no interim lead class counsel has been appointed. Defendants propose that, following the appointment of interim lead class counsel for the direct and indirect purchaser plaintiffs, those counsel propose a date certain for the filing of a consolidated amended complaint(s). Defendants further propose that responsive pleadings or motions against any consolidated amended complaints be due forty-five (45) days from the date that such complaints are filed, as set forth in the prior stipulations entered into between the parties. Defendants also anticipate meeting and conferring with interim lead class counsel for the direct and indirect purchaser plaintiffs to further discuss scheduling deadlines for any responsive pleadings and/or dispositive motions. Paragraph 8.B. of the Proposed Case Management Order Relating to Indirect Purchaser Cases submitted by the Alioto and Miller law firms proposes that Indirect Purchaser Plaintiffs shall file a Consolidated Class Action Complaint within 30 days after the entry of the Proposed Order. As interim lead class counsel has not been appointed for either indirect or direct purchaser plaintiffs, Defendants' position is that it is inappropriate for any firm or firms representing either indirect or direct purchaser plaintiffs to unilaterally establish the deadline for the filing of a consolidated amended complaint.

## V.

## ANTICIPATED MOTIONS

After indirect and direct purchaser plaintiffs file a consolidated amended complaint(s), Defendants anticipate filing motions to dismiss based upon, without

3

limitation, failure to state a claim, statute of limitations, for lack of subject matter jurisdiction, and for lack of personal jurisdiction as to certain foreign Defendants. Defendants' motions, taken together, will address all of Plaintiffs' claims on a variety of grounds.

For the same reasons stated in Section IV *supra*, Defendants' position is that the deadlines for Defendants to answer, move or otherwise respond to a consolidated amended complaint set forth in Paragraph 8.C. of the Proposed Case Management Order submitted by the Alioto and Miller law firms are inappropriate.[2]

## VI.

## DISCOVERY

As noted in Section V *supra*, Defendants anticipate filing various motions to dismiss and believe that it is highly likely that most, or all of the purported classes, will not survive such motion. Defendants' position is that both deposition and document discovery (which may involve a massive undertaking) should be stayed in their entirety pending the resolution of Defendants' motions to dismiss by this Court. Defendants believe that the stay ought to apply to non-parties as well as parties to these cases. At this time, no consolidated amended complaint(s) has been filed. The almost forty complaints filed to date differ significantly on material issues: the complaints do not all name the same group of Defendants, and the alleged class period varies on a complaint-by-complaint basis. With respect to the plaintiffs, in many instances, it is unclear whether a particular complaint is being brought on behalf of direct or indirect purchasers, or even whether it is brought on behalf of purchasers of CRTs at all. In regards to Defendants, the complaints include not only manufacturers and suppliers of CRTs, but in some instances also include entities that may not have even manufactured, much less sold CRTs.

---

[2] Defendants note that, as a general matter, the Proposed Case Management Order submitted by the Alioto and Miller law firms is premature as Defendants have been informed by the clerk of this Court that the purpose of the April 4 conference is not a full case management conference, but rather a status conference.

4

1  Given the ill-defined scope of the various plaintiffs in these cases, and the
2  diversity among Defendants, Defendants believe that permitting discovery in advance of
3  the filing of any consolidated amended complaint will only serve to cause confusion and a
4  massive drain on judicial and party resources. Furthermore, Defendants' position is that
5  both party and non-party discovery should not proceed until the sufficiency of the
6  allegations in any consolidated amended complaint has been fully briefed, argued before,
7  and adjudicated by this Court. A stay of discovery for this period of time is precisely what
8  was envisioned by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955,
9  1967 (May 21, 2007), where the Court held that antitrust conspiracy claims must satisfy
10 certain threshold pleading requirements before the parties are required to engage in the
11 "enormous expense" and burden that such claims routinely impose through the discovery
12 process.

13  Defendants understand that the Department of Justice ("DOJ") has
14 intervened in this litigation for the purpose of seeking a stay of discovery. *See* Docket No.
15 80. To the extent that the DOJ believes that discovery should be stayed to prevent any
16 impediment of its investigation, Defendants agree that such a stay is further warranted for
17 those reasons as well.

18  After the Court has ruled on Defendants' anticipated motions to dismiss,
19 Defendants submit that the Court could then revisit the need for a continued stay on
20 discovery. Defendants would be willing to meet and confer with interim lead class counsel
21 for indirect and direct purchaser plaintiffs on a conditional discovery plan to take effect
22 <u>after</u> all stays are lifted.[3]

---

[3] When discovery proceeds, Defendants note that with respect to depositions, counsel for the parties should agree on a mutually agreed date, time and place that is convenient for the witness to be deposed. Defendants submit that the protocol suggested by the Alioto and Miller law firms on behalf of certain indirect purchaser plaintiffs, namely that "If counsel cannot agree on a schedule for a given deposition, the deponent must appear at the date, time, and place set forth in a notice properly served pursuant to Federal Rule of Civil Procedure 30," is improper, particularly in a case involving numerous foreign defendants and overseas witnesses.

## VII.

## ALTERNATIVE DISPUTE RESOLUTION

Defendants' position is that the selection of an alternative dispute resolution procedure for this multidistrict litigation is premature. Defendants further anticipate, moreover, that alternative dispute resolution will not likely be practicable for a litigation of this magnitude and complexity.

## VIII.

## SUBMISSION OF JOINT PRETRIAL PLAN AND PROPOSED ORDER

As with the Proposed Case Management Order submitted by the Alioto and Miller law firms, Defendants' position is that the submission of a Pretrial Order by direct purchaser plaintiffs is similarly premature. Specifically, Defendants believe that the entry of a Pretrial Order governing deadlines for the submission of a stipulated protective order and Rule 26 disclosures, among other things, is premature, because: (1) no consolidated amended complaints of any kind have been filed to date; (2); no interim lead class counsel has been appointed to represent either direct or indirect purchaser plaintiffs; and (3) the Court has yet to even schedule a formal case management conference. For these reasons, Defendants request that the Court defer consideration of any Pretrial or Case Management Order submitted by either direct or indirect purchaser plaintiffs. Defendants agree with the approach outlined in the Status Conference Statement that Defendants understand is being submitted by the Zelle Hofmann firm on behalf of indirect purchaser plaintiffs, namely, that after the appointment of interim lead class counsel, the parties should meet to discuss case management issues and prepare a proposed case management plan.

## IX.

## DOCUMENT PRESERVATION

Counsel have advised defendants of the need to preserve relevant documents, and defendants are taking steps to preserve such documents. Defendants' counsel would be willing to meet and confer with whomever is appointed as interim lead class counsel for the direct and indirect purchaser plaintiffs to discuss preservation of evidence, including

electronically stored information, as required by Federal Rule of Civil Procedure 26. Defendants do not believe that there is any demonstrated need to enter the proposed document preservation order submitted by the Alioto and Miller law firms.

Although Defendants do not believe there is any need for the Court to enter a document preservation order at this time, if the Court is inclined to do so, Defendants' position is that such an order should not apply to "non-parties" as proposed in the Direct Purchaser Plaintiffs' Status Conference Statement because Defendants cannot necessarily identify – and have no control over – non-parties who might have potentially relevant information. Moreover, Defendants cannot ascertan with any reasonable certainty what the phrase "non-parties" means in light of the current uncertainty as to the scope of the consolidated amended complaints.

## X.

## CASE MANAGEMENT CONFERENCE

Defendants suggest that a case management conference be scheduled forty-five (45) days after the issuance of an order(s) appointing interim lead class counsel for both indirect and direct purchaser plaintiffs. At that time, Defendants further suggest that the Court decide whether and to what extent it would be necessary or useful to hold status conferences on a going forward basis.

Dated: March 28, 2008                                    Respectfully submitted,


By: _____/s/ James L. McGinnis_____
GARY L. HALLING, Cal. Bar No. 66087
ghalling@sheppardmullin.com
JAMES L. MCGINNIS, Cal. Bar No. 95788
jmcginnis@sheppardmullin.com
MICHAEL SCARBOROUGH, Cal. Bar No. 203524
mscarborough@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109

| | |
|---|---|
| 1 | Telephone: 415-434-9100 |
| 2 | Facsimile: 415-434-3947 |
| 3 | Attorneys for Defendant |
|   | SAMSUNG SDI AMERICA, INC. |
| 4 | |
| 5 | By:  /s/ Steven Reiss |
| 6 | STEVEN A. REISS (*pro hac vice*) |
|   | Email: steven.reiss@weil.com |
| 7 | DAVID L. YOHAI (*pro hac vice*) |
|   | Email: david.yohai@weil.com |
| 8 | ALAN R. FEIGENBAUM (*pro hac vice*) |
| 9 | WEIL, GOTSHAL & MANGES LLP |
|   | 767 Fifth Avenue |
| 10 | New York, New York 10153-0119 |
| 11 | Telephone:  (212) 310-8000 |
|    | Facsimile:  (212) 310-8007 |
| 12 | |
| 13 | JEFFREY L. KESSLER (*pro hac vice*) |
|    | Email: jkessler@dl.com |
| 14 | A. PAUL VICTOR (*pro hac vice forthcoming*) |
|    | Email: pvictor@dl.com |
| 15 | EVA W. COLE (*pro hac vice*) |
|    | Email : ecole@dl.com |
| 16 | DEWEY & LEBOEUF LLP |
| 17 | 1301 Avenue of the Americas |
|    | New York, NY 10019 |
| 18 | Telephone: (212) 259-8000 |
|    | Facsimile: (212) 259-7013 |
| 19 | |
| 20 | GREGORY D. HULL (57367) |
|    | Email: greg.hull@weil.com |
| 21 | JOSEPH R. WETZEL (238008) |
|    | Email: joseph.wetzel@weil.com |
| 22 | WEIL, GOTSHAL & MANGES LLP |
|    | 201 Redwood Shores Parkway |
| 23 | Redwood Shores, California 94065-1175 |
| 24 | Telephone: (650) 802-3000 |
|    | Facsimile: (650) 802-3100 |
| 25 | |
| 26 | Attorneys for Defendant Panasonic Corporation of North America |
| 27 | |
| 28 | |

By: /s/ Samuel Miller

SAMUEL R. MILLER
Email: srmiller@sidley.com
RYAN SANDROCK
Email: rsandrock@sidley.com
SIDLEY AUSTIN LLP
555 California Street
San Francisco, CA 94104
Telephone : (415) 772-1200
Facsimile: (415) 772-7400

Attorneys for Defendants LG Electronics, Inc. and LG Electronics USA, Inc.

By: /s/ Curt Holbreich

CURT HOLBREICH
Email: curt.holbreich@klgates.com
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS
55 Second Street, Suite 1700
San Francisco, California 94105-3493
Telephone : (415) 882-8025
Facsimile: (415) 848-4001

Attorneys for Defendant TPV International (USA), Inc.

By: /s/ Michael Lazerwitz

MICHAEL R. LAZERWITZ (*pro hac vice forthcoming*)
Email: mlazerwitz@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 974-1679
Facsimile: (202) 974-1999

Attorneys for Defendant LP Displays International Ltd.

```
 1                          By: ___/s/ Anthony Viola_____
 2                              ANTHONY J. VIOLA (pro hac vice forthcoming)
                                Email: aviola@eapdlaw.com
 3                              BARRY BENDES (pro hac vice forthcoming)
                                Email: bbendes@eapdlaw.com
 4                              JOSEPH CZERNIAWSKI (pro hac vice
 5                              forthcoming)
                                Email: jczerniawski@eapdlaw.com
 6                              EDWARDS ANGELL PALMER & DODGE LLP
                                750 Lexington Avenue
 7                              New York, NY 10022
                                Telephone: (212) 308-4411
 8                              Facsimile: (212) 308-4844
 9
                                DAVID W. EVANS
10                              Email: devans@hbblaw.com
                                HAIGHT BROWN & BONESTEEL LLP
11                              71 Stevenson Street, 20th Floor
                                San Francisco, CA  94105-2981
12                              Telephone: (415) 546-7500
13                              Facsimile: (415) 546-7505

14                              Attorneys for Defendant Orion America, Inc.

15
16                          By: ___/s/ Ethan Litwin_____

17                              ETHAN E. LITWIN (pro hac vice)
                                Email: LitwinE@howrey.com
18                              HOWREY LLP
                                153 East 53rd Street, 54th Floor
19                              New York, NY 10022
                                Telephone: (212) 896-6500
20                              Facsimile: (212) 896-6501

21
                                JOSEPH A. OSTOYICH (pro hac vice)
22                              Email: OstoyichJ@howrey.com
                                HOWREY LLP
23                              1299 Pennsylvania Avenue, N.W.
                                Washington, D.C. 20004-2402
24                              Telephone: (202) 783-0800
25                              Facsimile: (202) 383-6610

26                              Attorneys for Defendant Philips Electronics North
                                America Corporation
27
28
                                         10
```

1          By: _____/s/ Kent Roger_____

2             KENT ROGER
            Email: kroger@morganlewis.com
3             CHRISTINE SAFRENO
            Email : csafreno@morganlewis.com
4             REBECCA FALK
            Email : rfalk@morganlewis.com
5             MORGAN LEWIS & BOCKIUS LLP
6             One Market, Spear Street Tower
            San Francisco, CA 94105-1596
7             Telephone: (415) 442-1000
            Facsimile: (415) 442-1001
8

9             Attorneys for Defendant Hitachi America, Ltd.

10

11          By: _____/s/ Christopher Curran_____

12             CHRISTOPHER M. CURRAN (*pro hac vice forthcoming*)
13             Email: ccurran@whitecase.com
            GEORGE L. PAUL (*pro hac vice forthcoming*)
14             Email: gpaul@whitecase.com
            LUCIUS L. LAU (*pro hac vice forthcoming*)
15             Email: alau@washdc.whitecase.com
            WHITE & CASE LLP
16             701 13th Street, N.W.
            Washington, D.C. 20005
17             Telephone: (202) 626-3600
            Facsimile: (202) 639-9355
18

19

20

21

22

23

24

25

26

27

28