Counsel Listed On Signature Block

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-5944-SC<br>MDL No. 1917<br><br>**JOINT STATUS CONFERENCE STATEMENT** |
| This Document Relates to:<br><br>ALL ACTIONS | **Date:**   July 11, 2008<br>**Time:**   10:00 a.m.<br>Courtroom 1, 17th Floor<br>Hon. Samuel Conti |

1

2   Pursuant to the Federal Rules of Civil Procedure, the Court's Pretrial

3 Order No. 1 and the Court's Local Civil Rules, Direct Purchaser Plaintiffs,

4 Indirect Purchaser Plaintiffs, the United States Department of Justice Antitrust

5 Division and served Defendants hereby jointly submit this Status Conference

6 Statement in advance of the July 11, 2008 Status Conference.

7 **1.  Jurisdiction and Service**

8   **a.  Subject Matter Jurisdiction**

9     i.  <u>Plaintiffs' Statement</u>

10   Plaintiffs allege price-fixing and other anticompetitive conduct in the

11 market for Cathode Ray Tubes and products containing Cathode Ray Tubes.

12 The Direct Purchaser Plaintiffs bring claims under the federal antitrust laws

13 including Section 1 of the Sherman Act, 15 U.S.C. § 1.  The Indirect Purchaser

14 Plaintiffs allege claims for injunctive relief under Section 16 of the Clayton Act,

15 15 U.S.C. § 26, for violations of Section 1 of the Sherman Act, 15 U.S.C. § 1.

16 The Indirect Purchasers also allege violations of various state antitrust and

17 consumer protection laws.  This Court has jurisdiction over the federal claims

18 under 28 U.S.C. §§ 1331 and 1337(a).  This Court has supplemental jurisdiction

19 over the state law claims asserted by the Indirect Purchaser Plaintiffs under 28

20 U.S.C. § 1367, as well as original jurisdiction under 28 U.S.C. § 1332(d), as

21 amended by the Class Action Fairness Act of 2005.

22   By Order dated February 15, 2008, the Judicial Panel on Multidistrict

23 Litigation transferred all related Cathode Ray Tube Cases to this Court for

24 coordinated and/or consolidated pretrial proceedings.

25     ii.  <u>Defendants' Statement</u>

26   As Plaintiffs have not yet served and filed their consolidated amended

27 complaints, Defendants cannot know at this time whether all of Plaintiffs'

28

1   claims will be within the subject matter jurisdiction of this Court.  After Indirect

2   and Direct Purchaser Plaintiffs serve and file consolidated amended complaints,

3   Defendants anticipate filing a motion to dismiss based upon, among other

4   things, lack of federal antitrust subject matter jurisdiction over any claims

5   directed at sales outside of the United States or at agreements concerning sales

6   outside of the United States that did not affect U.S. commerce.  Defendants also

7   anticipate filing a motion to dismiss any state law claims directed at sales

8   outside of the United States or agreements concerning sales outside of the

9   United States that did not affect U.S. commerce on the ground that such claims

10  are, among other things, preempted by the Foreign Trade Antitrust

11  Improvement Act of 1982 ("FTAIA") 15 U.S.C. § 6a, amending 15 U.S.C. § 7

12  (1982).

13          **b.     Personal Jurisdiction**

14                  i.    Plaintiffs' Statement

15          Plaintiffs do not believe that there are any personal jurisdiction issues for

16  any of the Defendants.

17                  ii.    Defendants' Statement

18          As Plaintiffs have not yet served and filed their consolidated amended

19  complaints, Defendants cannot know at this time which set of Defendants will

20  be named in those complaints.  The several complaints currently pending before

21  the Court differ as to which Defendants are named in those lawsuits.  Those

22  complaints, however, currently name several entities that are not subject to the

23  personal jurisdiction of this Court.  After Indirect and Direct Purchaser

24  Plaintiffs file consolidated amended complaints, certain Defendants anticipate

25  filing a motion to dismiss based upon lack of personal jurisdiction.

26

27

28

**c.**   **Service**

      **i.**   <u>Plaintiffs' Statement</u>

All of the domestic Defendants have been served with a summons in at least one of the actions coordinated before the court, or their respective counsel have stipulated to accept service on their behalf in both the direct and indirect purchaser actions.  Counsel for these domestic defendants have agreed to accept service of the Consolidated Complaints on behalf of their clients.  There are also a number of foreign defendants named in these coordinated Cathode Ray Tube Cases.  The Court has signed Letters Rogatory permitting service on certain foreign Defendants.  Interim Lead Counsel for the Direct and Indirect Purchaser Plaintiffs have retained international process servers that are currently pursuing service on the remaining foreign defendants pursuant to the Hague Convention.  Plaintiffs have been informed that the Letter Rogatory process can take up to a year, and service pursuant to the Hague Convention usually takes 4-6 months.

On June 11, 2008, Direct Purchaser Plaintiffs' Counsel sent a letter to all defense counsel attaching a list of entities that have been named in the underlying complaints and may be named in the consolidated complaint. Plaintiffs' counsel requested that defense counsel inform Plaintiffs if any of the named entities are improperly included or incorrectly identified.  Certain defendants have responded and Plaintiffs are discussing tolling agreements, stipulations and acceptance of service of process by United States subsidiaries on behalf of their foreign parent or affiliated companies.

1

      ii.    Defendants' Statement

2      To date, the undersigned Defendants have been served or their respective

3 counsel have stipulated to accept service on their behalf in at least one of the

4 direct or indirect actions consolidated before the Court.[1]

5      Some of the approximately 15 foreign Defendants, whether in the

6 indirect or direct purchaser cases, remain unserved. For some unserved foreign

7 Defendants, it is unknown whether they are represented by counsel in this

8 litigation. Defendants' position is that proper service of at least one complaint

9 in a direct purchaser case on each Defendant and one complaint in an indirect

10 purchaser case on each Defendant should be completed before the case

11 substantively proceeds. Defendants are willing to agree that for those

12 Defendants that have been properly served once in an indirect and direct

13 purchaser action, electronic service of the Consolidated Amended Complaints

14 through e-filing shall be sufficient.

15 **2.**    **Allegations**

16      a.    Plaintiffs' Statement of Allegations

17      There are two general categories of cases in these related actions: (1)

18 those brought under federal law on behalf of *direct* purchasers of Cathode Ray

19 Tubes ("CRT's") and Cathode Ray Tube Products ("CRT Products"); and (2)

20 those brought under federal law for injunctive relief, along with state law

21 damage claims on behalf of *indirect* purchasers of CRT and CRT Products. All

22 Plaintiffs allege that they purchased CRTs and/or CRT Products either directly

23 or indirectly from Defendants or from their alleged co-conspirators. Plaintiffs

24 are suing to recover damages allegedly caused by the Defendants' alleged

25

26

27 [1] Certain of the Defendants have only been served in a direct purchaser action

28 as opposed to an indirect purchaser action, or vice-versa.

-5-

1    conspiracy to raise, fix, maintain and/or stabilize prices on CRTs and CRT

2    Products sold in the United States and elsewhere from 1995 through the present.

3        Certain Defendants are currently the subject of a criminal investigation

4    by government authorities in the United States for alleged anticompetitive

5    conduct in the CRT industry.

6        b.    Defendants' Statement of Allegations

7        This multidistrict litigation proceeding arises from alleged antitrust

8    violations by more than 30 Defendants around the world relating to a purported

9    conspiracy to fix prices of certain CRTs.  Direct Purchaser Plaintiffs and

10   Indirect Purchaser Plaintiffs have yet to file consolidated amended complaints.

11   The various complaints that have been consolidated before the Court contain,

12   among other things, (i) different named defendants, (ii) different relevant

13   periods, and (iii) different definitions of the relevant products at issue in this

14   litigation.

15       A number of complaints purport to be on behalf of "direct" purchasers

16   and others purport to be on behalf of "indirect" purchasers.  The definition of

17   the product at issue and the classes of purchasers Plaintiffs intend to represent

18   should be addressed and clarified in the Plaintiffs' consolidated amended

19   complaints, and are certainly central issues that Defendants anticipate

20   addressing in motions to dismiss.  In addition, the alleged class periods vary

21   widely from complaint to complaint:  in certain cases, the alleged class period

22   dates back to January 2003, but in others extends back as far as 1990.  Finally,

23   the complaints also widely differ as to the Defendants named.

24       Defendants believe that all of the above cases lack merit for a multitude

25   of reasons, and that most, if not all, of the claims will not survive a motion to

26   dismiss.  Among other things, Defendants do not believe that any of the

27   complaints to date satisfy the standards of the Supreme Court's decision in *Bell*

28

-6-

1  *Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), which requires that specific

2  factual allegations stating an antitrust claim be pled before an antitrust case can

3  go forward.

4  **3.**    **Legal Issues**

5         a.    Plaintiffs' Statement

6         The primary legal issues are:

7         i.    Whether classes of persons and entities who purchased CRTs or

8               CRT Products directly or indirectly from Defendants should be

9               certified and whether Plaintiffs adequately represent those classes;

10        ii.   Whether Defendants engaged in a contract, combination or

11              conspiracy to fix, maintain or stabilize the prices of, and/or allocate

12              the markets for, CRTs and CRT Products in the United States;

13        iii.  Whether the conduct of Defendants that is allegedly unlawful

14              under the Sherman Act caused prices of CRTs or CRT Products in

15              the United States to be artificially high and at anti-competitive

16              levels; and

17        iv.   Whether Plaintiffs and other members of the classes alleged by

18              Plaintiffs were injured by the alleged unlawful conduct of

19              Defendants and, if so, the appropriate class-wide measure of

20              damages.

21        b.    Defendants' Statement

22        Defendants believe that the primary legal issues include, but are not

23  limited to, the following:

24        i.    Whether Plaintiffs' complaints will provide the key ingredients

25              necessary to survive a motion to dismiss under the Supreme

26              Court's decision in *Twombly.*

27

28

-7-

ii.     Whether U.S. federal antitrust laws provide for jurisdiction over foreign sales or any alleged agreements concerning foreign sales of CRTs or CRT products that do not affect U.S. commerce;

iii.    Whether U.S. state antitrust laws are preempted by the FTAIA to the extent Plaintiffs seek to apply them to foreign sales or any alleged agreements concerning foreign sales of CRTs or CRT products that do not affect U.S. commerce;

iv.     Who qualifies as a direct purchaser under the U.S. antitrust laws and what constitutes a relevant CRT product for this purpose;

v.      Whether the classes asserted in this case can properly be certified for class treatment under Fed. R. Civ. P. 23; and

vi.     Whether the claims asserted in this case are barred by the applicable statute of limitations.

**4.     Motions**

a.      <u>Plaintiffs' Statement</u>

To the extent Defendants refuse to properly respond to certain limited discovery requests which were served on June 4 and June 10, 2008 after a Rule 26(f) conference, and the parties are unable to resolve such disputes, Plaintiffs anticipate filing motions to compel under Fed. R. Civ. Proc. 37.  These discovery-related issues are discussed further in section 8 below.  Plaintiffs believe that *Twombly* does not preclude discovery (such as the production of grand jury documents) prior to the filing of a consolidated complaint or ruling on a motion to dismiss.

Plaintiffs' position concerning class certification is set forth in section 9 below.

-8-

1       b.    Defendants' Statement

2       After Direct and Indirect Purchaser Plaintiffs file consolidated amended

3 complaints, Defendants anticipate filing motions to dismiss based upon, without

4 limitation, failure to state a claim, statute of limitations, lack of subject matter

5 jurisdiction over certain of Plaintiffs' claims, and lack of personal jurisdiction

6 as to certain foreign Defendants.  With respect to discovery-related issues,

7 Defendants maintain that both deposition and document discovery are

8 premature until Plaintiffs' consolidated amended complaints have been filed,

9 the concerns of the Department of Justice regarding discovery have been

10 resolved, and all motions to dismiss have been ruled upon by the Court.

11 Defendants believe that a stay of discovery for this period of time is what was

12 envisioned by the Supreme Court in *Twombly*.

13 **5.**    **Amendment of Pleadings**

14       a.    Plaintiffs' Statement

15       Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs intend to file

16 separate consolidated class action complaints.

17       b.    Defendants' Statement

18       To date, Direct and Indirect Purchaser Plaintiffs have not filed

19 consolidated amended complaints.  At the Rule 26(f) conference, Defendants

20 requested Plaintiffs to set a date certain by which they will file their respective

21 amended complaints, but Plaintiffs have refused to do so until the Court enters a

22 scheduling order.

23 **6.**    **Evidence Preservation**

24       The parties are taking steps to implement the preservation of evidence

25 provision in Pretrial Order No. 1.  Plaintiffs and Defendants will meet and

26 confer with respect to electronic evidence in accordance with Federal Rule of

27 Civil Procedure 26.

28

7.   **Disclosures**

The parties have each made their initial disclosures and continue to meet and confer with respect to supplementing those responses.

8.   **Discovery and Report on Rule 26(f) Conference**

    a.    <u>Plaintiffs' Statement</u>

In accordance with the Court's Pretrial Order Number 1 and Rule 26(f), Interim Lead Counsel for the Direct and Indirect Purchaser Plaintiffs met and conferred with counsel for certain Defendants on May 22, 2008 regarding discovery and other case management issues. The parties filed a Joint Rule 26(f) Report with the Court on June 6, 2008 that describes issues addressed during the May 22, 2008 Rule 26(f) conference.  Plaintiffs proposed that Defendants produce all documents which have been produced to the DOJ in connection with the grand jury investigation into the CRT market.  By Order dated March 7, 2008, the Court lifted its stay on all motions and proceedings, and Defendants have not sought a stay of discovery from this Court.  On June 4, 2008, Interim Lead Counsel for the Direct Purchaser Plaintiffs served a Request for Production of Documents on all Defendants which have appeared. On June 10, 2008, Interim Lead Counsel for the Indirect Purchaser Plaintiffs served a Request for Production of Documents on all Defendants which have appeared. Defendants' responses to these requests are due within 30 days of service.

    b.    <u>Defendants' Statement</u>

The service of any discovery requests by any party prior to the filing of the consolidated amended complaints is premature given the many conflicting allegations in the several complaints currently before the Court.  The various complaints that are currently before the Court contain, among other things, (i) different named Defendants, (ii) different relevant periods, and (iii) different definitions of the relevant products at issue in this litigation.  The various

-10-

1  complaints do not contain factual allegations regarding any specific conduct by

2  the named Defendants.  Plaintiffs have acknowledged that they are evaluating

3  which of the many Defendants they named in their initial complaints will be

4  dropped as Defendants in their amended complaints and which will remain

5  Defendants.  Defendants maintain that no discovery, other than the initial

6  disclosures already made, should take place until Plaintiffs' consolidated

7  amended complaints have been filed, the concerns of the Department of Justice

8  regarding discovery have been resolved, and all motions to dismiss have been

9  ruled upon by the Court.

10         Defendants believe that a stay of discovery for this period of time is what

11  was envisioned by the Supreme Court in *Twombly*.  However, Defendants are

12  amenable to continuing to meet and confer with Plaintiffs and the Department

13  of Justice to see if a resolution of their discovery positions is possible, as well

14  as to develop a case management schedule, including a date for the filing of

15  consolidated amended complaints.  The parties will advise the Court if any

16  agreed upon resolution is reached on the discovery issue.

17         If no agreed upon resolution is reached by the parties, Defendants may

18  seek a discovery stay.

19         c.    Department of Justice's Statement

20         On February 21, 2008, the United States filed a motion to intervene for

21  the purpose of limiting discovery until the conclusion of an ongoing criminal

22  grand jury investigation.  Judge Conti signed the proposed Order on March 7,

23  2008.  In an effort to reach an agreement on the scope and timing of discovery,

24  counsel representing the United States conferred with liaisons for defendants,

25  direct purchasers and indirect purchasers and, on June 23, 2008, circulated a

26  proposed stipulation.  The next conference set to discuss the stipulation is

27  scheduled to occur on June 30.

28

-11-

9.    **Class Actions**

     a.    <u>Plaintiffs' Statement</u>

These actions are brought as class actions. Plaintiffs anticipate filing motions for class certification, but believe that it is premature to propose a schedule for such motions until there is resolution of the disagreement between Plaintiffs and Defendants concerning Defendants' discovery obligations.

     b.    <u>Defendants' Statement</u>

Defendants agree that, at this time, it is premature to propose a schedule for filing motions for class certification. Indeed, it is impossible to address class certification issues based upon complaints which, thus far, do not even satisfy the *Twombly* standard.

10.   **Related Cases**

     a.    <u>Plaintiffs' Statement</u>

By Order dated February 15, 2008, the Judicial Panel on Multidistrict Litigation transferred all related Cathode Ray Tube Cases to this Court for coordination and/or consolidation of pretrial proceedings.

     b.    <u>Defendants' Statement</u>

Defendants concur that the cases transferred to this Court to date are related.

11.   **Relief**

     a.    <u>Plaintiffs' Statement</u>

Plaintiffs seek money damages, including treble damages, for alleged violations of the antitrust laws and injunctive relief against alleged continued illegal practices, as well attorneys' fees and costs. In addition, Indirect Purchasers seek restitution and/or disgorgement.

b.    Defendants' Statement

Defendants dispute that Plaintiffs have suffered any damages resulting from the Defendants' conduct.  At least certain of the Defendants may seek the costs and disbursements incurred in defending this action.

**12.    Settlement and ADR**

The parties discussed the possibility of a mediator at the Rule 26(f) conference, but agree that settlement discussions are premature at this time.

**13.    Consent to Magistrate Judge For All Purposes**

The parties have not so consented.

**14.    Other References**

By Order dated June 16, 2008, the Court appointed the Honorable Charles A. Legge as the Special Master in this litigation. The parties previously consented to this appointment in their Joint Rule 26(f) Report, filed June 6, 2008.  The parties had an informal call with Judge Legge on June 23, 2008 to advise him of the status of the case.  Judge Legge asked about the scope of his authority, under the order appointing him, to consider issues related to any discovery stay, and the parties agreed to raise it with the Court at the Case Management Conference.  (See Section 20 below).

**15.    Narrowing of Issues**

a.    Plaintiffs' Statement

Since none of the named Defendants has yet filed an answer or response to any of the complaints, it is premature to consider the narrowing of issues at this time.

b.    Defendants' Statement

Since Plaintiffs have not yet filed amended consolidated complaints to which Defendants can file an answer or response, it is premature to consider the narrowing of issues at this time.

-13-

**16.    Expedited Schedule**

       a.    <u>Plaintiffs' Statement</u>

       Plaintiffs do not believe that these actions are susceptible to an expedited schedule.

       b.    <u>Defendants' Statement</u>

       Defendants agree that these actions are not susceptible to an expedited schedule.

**17.    Scheduling**

       a.    <u>Plaintiffs' Statement</u>

       Plaintiffs are prepared to discuss a comprehensive case management schedule once there is resolution of the disagreement between the parties concerning Defendants' discovery obligations.

       b.    <u>Defendants' Statement</u>

       Defendants are prepared to discuss the first phases of a case management schedule now.  Defendants believe that such a schedule should fix: (1) a date certain for the filing of consolidated amended complaints, and (2) a date certain for Defendants' motions to dismiss, Plaintiffs' oppositions, and Defendants' replies.  Defendants, like Plaintiffs, believe that any further schedule would be premature at this time.  As a result, Defendants submit that the Court should not set out any schedule beyond that, but rather, should schedule another status conference within 30 days after its rulings on motions to dismiss, if any claims survive, to discuss the length of the class action phase of this case, including class fact and expert discovery and briefing.

**18.    Trial**

       Plaintiffs demand trial by jury. The parties are not presently in a position to address: (a) the anticipated length of trial; (b) whether it is possible to reduce the length of trial by stipulation, use of summaries or statements, or other

1 | expedited means of presenting evidence; or (c) if it is feasible or desirable to
2 | bifurcate issues for trial.

3 | **19.   Disclosure of Non-Party Interested Entities or Persons**

4 | The parties are in compliance with the Court's rules.

5 | **20.   Other Matters**

6 | The parties seek the Court's guidance on the following questions:

7 | 1.      Whether the order appointing Judge Legge provides him with
8 | authority to consider in the first instance a motion to stay by the DOJ.  Plaintiffs
9 | believe that this motion should be heard by the Court and Defendants believe it
10 | should be heard in the first instance by Judge Legge as part of his overall
11 | scheduling and case management responsibilities.

12 | 2.      Whether the order appointing Judge Legge provides him with
13 | authority to consider any motion to stay by Defendants under *Twombly*.  The
14 | parties' positions are the same on this question as stated above.

15 | 3.      Whether the order appointing Judge Legge provides him with
16 | authority to consider any motion to compel discovery.  The parties' positions
17 | are the same on this question as stated above.

18

19 | Respectfully submitted,

20 | Dated: June 26, 2008

21 | By: /s/ Guido Saveri
Guido Saveri (22349) guido@saveri.com
22 | R. Alexander Saveri (173102)
rick@saveri.com
23 | Cadio Zirpoli (179108)
24 | cadio@saveri.com
**SAVERI & SAVERI INC.**
25 | 111 Pine Street, Suite 1700
26 | San Francisco, CA 94111-5619
Telephone: (415)217-6810
27 | Facsimile: (415)217-6813

28

-15-

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

By: /s/ Mario N. Alioto
Mario N. Alioto (56433)
malioto@tatp.com
Lauren C. Russell (241151)
laurenrussell@tatp.com
**TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**
2280 Union Street
San Francisco, California 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

*Interim Lead Counsel for the Indirect Purchaser Plaintiffs*

By:    /s/ Gary Halling
GARY L. HALLING, Bar No. 66087
ghalling@sheppardmullin.com
JAMES L. MCGINNIS, Bar No. 95788
jmcginnis@sheppardmullin.com
MICHAEL SCARBOROUGH, Bar No. 203524
mscarborough@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415-434-9100
Facsimile: 415-434-3947

*Attorneys for Defendants*
*Samsung SDI America, INC.*
*and Samsung SDI Co., Ltd.*

By:    /s/ Jeffrey L. Kessler
JEFFREY L. KESSLER (pro hac vice)
Email: jkessler@dl.com
A. PAUL VICTOR (pro hac vice)
Email: pvictor@dl.com
EVA W. COLE (pro hac vice)
Email : ecole@dl.com
DEWEY & LEBOEUF LLP

-16-

1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-7013

STEVEN A. REISS (pro hac vice)
Email: steven.reiss@weil.com
DAVID L. YOHAI (pro hac vice)
Email: david.yohai@weil.com
ALAN R. FEIGENBAUM (pro hac vice)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

GREGORY D. HULL (57367)
Email: greg.hull@weil.com
JOSEPH R. WETZEL (238008)
Email: joseph.wetzel@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

***Attorneys for Defendants Panasonic
Corporation of North America and MT
Picture Display
Corporation of America (NY) (defunct)***


By:    /s/ Samuel Miller
SAMUEL R. MILLER
Email: srmiller@sidley.com
RYAN SANDROCK
Email: rsandrock@sidley.com
SIDLEY AUSTIN LLP
555 California Street
San Francisco, CA 94104
Telephone : (415) 772-1200
Facsimile: (415) 772-7400

***Attorneys for Defendants LG
Electronics, Inc. and LG Electronics
USA, Inc.***


By:    /s/ Curt Holbreich
CURT HOLBREICH
Email: curt.holbreich@klgates.com
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS
55 Second Street, Suite 1700
San Francisco, California 94105-3493

-17-

Telephone : (415) 882-8200
Facsimile: (415) 882-8220

**Attorneys for Defendant TPV**
**International (USA), Inc.**

By:   /s/ Michael Lazerwitz
MICHAEL R. LAZERWITZ (pro hac
vice)
Email: mlazerwitz@cgsh.com
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
2000 Pennsylvania Avenue, NW
Washington, DC  20006
Telephone:  (202) 974-1679
Facsimile:  (202) 974-1999

**Attorneys for Defendant LP Displays**
**International Ltd.**

By:   /s/ Anthony Viola
ANTHONY J. VIOLA (pro hac vice)
Email: aviola@eapdlaw.com
BARRY BENDES (pro hac vice)
Email: bbendes@eapdlaw.com
JOSEPH CZERNIAWSKI (pro hac vice)
Email: jczerniawski@eapdlaw.com
EDWARDS ANGELL PALMER &
DODGE LLP
750 Lexington Avenue
New York, NY 10022
Telephone: (212) 308-4411
Facsimile: (212) 308-4844

DAVID W. EVANS
Email: devans@hbblaw.com
HAIGHT BROWN & BONESTEEL
LLP
71 Stevenson Street, 20th Floor
San Francisco, CA  94105-2981
Telephone: (415) 546-7500
Facsimile: (415) 546-7505

**Attorneys for Defendant Orion America,**
**Inc.**

By:   /s/ Ethan Litwin
ETHAN E. LITWIN        (pro hac vice)
Email: LitwinE@howrey.com
HOWREY LLP
153 East 53rd Street, 54th Floor
New York, NY 10022

-18-

Telephone: (212) 896-6500
Facsimile: (212) 896-6501
JOSEPH A. OSTOYICH (pro hac vice)
Email: OstoyichJ@howrey.com
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2402
Telephone: (202) 783-0800
Facsimile: (202) 383-6610

***Attorneys for Defendant Philips
Electronics North America Corporation***


By:   /s/ Kent Roger
KENT ROGER
Email: kroger@morganlewis.com
CHRISTINE SAFRENO
Email : csafreno@morganlewis.com
JONATHAN M. DEGOOYER
Email : jdegooyer@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

***Attorneys for Defendant Hitachi
America, Ltd.***


By:   /s/ Christopher Curran
CHRISTOPHER M. CURRAN (pro hac
vice)
Email: ccurran@whitecase.com
GEORGE L. PAUL (pro hac vice)
Email: gpaul@whitecase.com
LUCIUS B. LAU (pro hac vice)
Email: alau@whitecase.com
WHITE & CASE LLP
701 Thirteenth Street, N.W.
Washington, D.C.  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

***Counsel to Defendants Toshiba
America, Inc.,
Toshiba America Information Systems,
Inc.,
Toshiba America Consumer Products,
L.L.C.,
and Toshiba America Electronic
Components, Inc.***

-19-

By: __/s/ Bruce H. Jackson
Bruce H. Jackson (State Bar No. 98118)
(bruce.h.jackson@bakernet.com)
Robert W. Tarun (State Bar No. 64881)
(robert.w.tarun@bakernet.com)
Nancy C. Allred (State Bar No. 245736)
(nancy.c.allred@bakernet.com)
BAKER & MCKENZIE LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA  94111-3802
Telephone:   +1 415 576 3000
Facsimile:    +1 415 576 3099
Patrick J. Ahern (pro hac vice)
(patrick.j.ahern@bakernet.com)
Roxane C. Busey (pro hac vice)
(roxane.c.busey@bakernet.com)
Karen Sewell (pro hac vice)
(karen.sewell@bakernet.com)
BAKER & MCKENZIE LLP
130 E. Randolph Dr., Suite 3500
Chicago, IL 60601
Telephone:   +1 312 861 8000

*Attorneys for Tatung Company of America, Inc.*


Jeane Hamilton (Bar No. 157834)
U.S. Department of Justice,
Antitrust Division
450 Golden Gate Avenue
Box 36046
San Francisco, CA 94102
Telephone: (415) 436-6660
Facsimile: (415) 436-6687
Jeane.Hamilton@usdoj.gov

JOINT STATUS CONFERENCE STATEMENT