1  LIDIA MAHER (CA 222253)
   JEANE HAMILTON (CA 157834)
2  BARBARA NELSON (CA 87952)
   MAY LEE HEYE (CA 209366)
3  ANNA TRYON PLETCHER (CA 239730)
   Antitrust Division
4  U.S. Department of Justice
   450 Golden Gate Avenue
5  Box 36046, Room 10-0101
   San Francisco, CA  94102
6  Telephone:  (415) 436-6660
   Facsimile: (415) 436-6687
7  Email: Jeane.Hamilton@usdoj.gov

8  Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to All Cases | No. 07-5944-SC<br>MDL No. 1917<br><br>Date:   September 5, 2008<br>Time:   10 a.m.<br>Court:  Hon. Samuel Conti |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE UNITED STATES' MOTION FOR A LIMITED STAY OF DISCOVERY**

## I. Introduction

The government submits this Memorandum of Points and Authorities in Support of its Motion for a Limited Stay of Discovery. The stay is necessary to avoid interference with a closely related ongoing criminal antitrust investigation in this judicial district. Because the underlying facts and parties involved in the civil case are also involved in the criminal matter, a stay is necessary to preserve the secrecy of grand jury proceedings, as well as to prevent the broad discovery rules in the civil case from being used to circumvent the more limited discovery available to defendants not yet indicted in the criminal matter.

If discovery were allowed to proceed immediately, the parties to this civil action would be able to closely track the scope and direction of the grand jury investigation and to uncover information protected by the secrecy requirements of Rule 6(e) of the Federal Rules of Criminal Procedure. Defendants could use the civil discovery rules, which are far broader than the Federal Rules of Criminal Procedure, against codefendants. Defendants would have the opportunity to use civil discovery to identify those witnesses who are most likely cooperating with the government and to discover much of the information those witnesses are disclosing to the government or grand jury. The Defendants could target those witnesses who may appear before the grand jury, or who are cooperating with the government, and depose them regarding their contacts and communications with the grand jury and the government. Full discovery would substantially undermine the integrity of the grand jury investigation and discourage witnesses from coming forward and cooperating fully with the government.

For these reasons, the government requests a limited stay of discovery, as specified in the proposed Order, for a period of twelve months, to be followed by staged discovery. During the initial twelve-month stay, the case will not be idle. A wide array of documents can be produced under the proposed Order. Additionally, Plaintiffs will need to file and serve a consolidated complaint; Defendants will likely file a number of motions, including motions to dismiss.

If the Court grants the twelve-month stay of discovery, the government expects that at the end of the stay it would move the Court to enter a staged discovery schedule, with document

discovery proceeding first, followed by full discovery after a reasonable period of time.

## II. Statement of Facts

The United States Department of Justice, Antitrust Division is currently assisting a grand jury investigating possible criminal antitrust violations in the cathode ray tube ("CRT") industry. Declaration of Jeane Hamilton (Hamilton Decl.) ¶ 5 (filed under seal). Beginning in November 2007, following public announcements by a number of companies that they had been served with grand jury subpoenas, civil Plaintiffs filed a series of class action lawsuits alleging price fixing and other antitrust violations against CRT manufacturers. Hamilton Decl. ¶ 23. On June 4, 2008, Direct Purchaser Plaintiffs served their first request for production of documents. The request included a demand for all CRT-related documents produced to the United States either voluntarily or pursuant to a grand jury subpoena. The request also demanded production of all subpoenas or requests for production of documents issued by the United States. Hamilton Decl. ¶ 23.

A limited stay is necessary to prevent the civil litigation from impeding the grand jury investigation. There is precedent in the Northern District of California for staying discovery in a civil action during the pendency of a related criminal grand jury investigation. Judge Hamilton granted a stay of all deposition and interrogatory discovery in the dynamic random access memory ("DRAM") civil action until completion of the criminal grand jury investigation into the DRAM industry and all related proceedings. Hamilton Decl. ¶ 20. Judge Wilken granted a similar stay in the static random access memory ("SRAM") civil action. Hamilton Decl. ¶ 21. Most recently, Judge Illston granted a stay of discovery that is virtually identical to the stay sought here in the liquid crystal display ("TFT-LCD") civil antitrust litigation. Hamilton Decl. ¶ 22.

As explained in this memorandum and detailed more fully in the Declaration of Jeane Hamilton, the criminal investigation into price fixing in the CRT industry presents circumstances that warrant a limited stay not only of deposition and interrogatory discovery, but also document discovery.

### III. The Integrity of the Ongoing Grand Jury Investigation May Be Compromised if This Court Does Not Order a Limited Stay of Discovery

The district court has the discretionary power to stay proceedings in one action until the disposition of another. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In deciding whether to grant a stay of civil proceedings pending a criminal investigation, a court should look to "particular circumstances and competing interests involved in the case," and consider the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons or entities not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Federal Savings and Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902-03 (9th Cir. 1989). An analysis of these five factors supports the government's request for a stay.

#### 1. Interest of the Plaintiffs

A temporary curb on discovery will not substantially affect the Plaintiffs' interests. The proposed Order provides for the immediate production of many categories of documents relating to CRTs and finished products containing CRTs, so long as the documents do not touch upon the liability of Defendants. Permitted discovery would include information relating to: Defendants' sales, production capacity, capacity utilization, production costs, inventory levels, sales volumes, product lines, profitability, competitive position, market share, sales terms and conditions, costs, prices, shipments, customers or distributors; the identity of Defendants' persons in positions of management or control of Defendants' respective CRT operations, including any directors, officers, managing agents and employees; the storage, location, retention, destruction or identity of corporate records; personal jurisdiction over Defendants; and class certification. Once the initial time period lapses, the proposed staged discovery will provide ample time for Plaintiffs to gather evidence and pursue their cases.

The discovery schedule proposed in the Order may in fact be beneficial to the Plaintiffs. It will allow the grand jury the necessary time to investigate and prosecute the criminal

allegations. If the United States is able to secure guilty pleas or convictions against Defendants, this will immeasurably aid the Plaintiffs in their ability to secure civil relief against the Defendants. A guilty plea or conviction will eliminate the need for Plaintiffs to prove civil liability and allow them to focus solely on proving damages. Entities that are convicted in the criminal matter will have strong incentives to reach settlements with civil Plaintiffs. Conversely, allowing full discovery to proceed in the civil case will adversely affect the Plaintiffs because it will most likely slow down the resolution of both the civil and criminal matters.

2.    <u>Burden on the Defendants</u>

The limited stay of discovery will not impose a burden on the Defendants. The scope and nature of any successful criminal charge may well refine the civil case's focus, potentially reducing the cost to Defendants of discovery in this matter. Moreover, any Defendant not charged in the criminal investigation would likely be in an improved position to resolve the civil litigation on favorable terms. In addition, as discussed in more detail below, a stay of discovery will protect the Defendants' employees from having to unnecessarily assert their Fifth Amendment privilege against self-incrimination during civil depositions, assertions that would be accompanied by adverse inferences against the Defendants in the civil litigation.

3.    <u>Convenience of the Court</u>

The government's proposed stay will not inconvenience the Court. Resolution of the criminal case may allow the Court to avoid spending judicial resources on issues that may be resolved in the criminal process. *Bureerong v. Uvawas*, 167 F.R.D. 83, 87 (C.D. Cal. 1996) (resolution of criminal matter parallel to civil case "would pare down the issues to be determined in the civil case, and serve the interests of judicial economy by narrowing the focus of the action . . . ."). By allowing the criminal case to proceed unhindered by substantial civil discovery, the matter will be brought to a quicker resolution. Additionally, with possible guilty pleas or convictions, the Court will avoid wasting judicial resources on resolving the litigation of liability issues in the civil matter. Allowing parallel civil and criminal proceedings to proceed without a stay will inevitably be duplicative and waste limited judicial resources.

Moreover, as the TFT-LCD litigation illustrates, imposing a stay will not completely halt the proceedings in this case: the proposed Order permits certain categories of discovery, as described above; the Plaintiffs still need to file a consolidated complaint and serve all Defendants, in the United States and abroad; and the Defendants are likely to file a substantial number of motions, including motions to dismiss in light of the United States Supreme Court's decision in *Bell Atlantic v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955 (2007).

### 4. Interests of Nonparties

Any interests of victims not represented in the class action litigation will be minimally affected. As with the class action litigants, any criminal convictions obtained by the United States will materially aid these victims in recovering damages.

The only other nonparties with any potential concern are the Defendants' employees who may be called before the grand jury and who may also be forced to testify in a deposition. To the extent these witnesses' rights are implicated by this motion, their interests support the government's request for a stay.

In determining whether the interests of a nonparty witness support the issuance of a stay, a major consideration is whether the witness has testified or is about to testify before the grand jury. *First Merchants Enters. v. Shannon*, 1989 WL 25214 (S.D.N.Y. 1989). In *First Merchants*, the court stayed the deposition of a nonparty witness who was cooperating with the grand jury, pending the conclusion of the investigation and the resolution of any charges ultimately brought against the Defendant. *Id. See also Board of Governors of the Federal Reserve System v. Pharaon*, 140 F.R.D. 634, 638-39 (S.D.N.Y. 1991).

In criminal antitrust grand jury investigations, it is common for the United States to bring before the grand jury numerous employees from the companies under investigation. If, prior to their grand jury testimony and resolution of their status with the government, employees are required to testify in a civil deposition, those employees will be placed in the untenable position of having to choose between asserting their Fifth Amendment right against self-incrimination, with the negative inference that comes with that decision, or testifying in the deposition and

running the risk of self-incrimination in the criminal matter. Such a "choice" weighs in favor of a stay of discovery.

### 4. Public Interest in Criminal Enforcement

Of the five factors identified by the Ninth Circuit, the most important factor under the facts of this case is the public interest in criminal enforcement. The government's and the public's interest in a stay is twofold: (1) to ensure that the liberal discovery laws under civil cases are not improperly used for criminal discovery; and (2) to ensure that information gathered by the government and presented to the grand jury is not disclosed. *Bureerong*, 167 F.R.D. at 86-87 ("The interests of the government in protecting its criminal investigation are clearly the paramount concern . . . ."). Both government concerns overwhelmingly support the imposition of a limited stay.

First, it is well established that the public interest in the prosecution of a criminal case is entitled to precedence over the rights of parties in a related civil case when application of civil discovery rules would circumvent the more limited rules of criminal discovery. *See Osband v. Woodford*, 290 F.3d 1036, 1042-43 (9th Cir. 2002) (quoting *McSurely v. McClellan*, 426 F.2d 664, 671-72 (D.C. Cir. 1970) ("[C]ivil discovery may not be used to subvert limitations on discovery in criminal cases, either by the government or by private parties."); *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962) ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit.").[1]

---

[1] Rule 26 of the Federal Rules of Civil Procedure allows a party to take a deposition of any person having nonprivileged information relevant to any issue in the civil case. The scope of discovery in criminal cases is much narrower under Rule 16 of the Federal Rules of Criminal Procedure. Rule 16 does not "authorize the discovery or inspection of statements made by government witnesses or prospective government witnesses except as provided in 18 U.S.C. § 3500." Under § 3500(a), statements of government witnesses, including prospective witnesses, shall not "be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." Moreover, the criminal rules do not generally permit

Limits on civil discovery are also warranted where the grand jury is still investigating the criminal conduct and has not yet returned an indictment. *See Souza v. Schiltgen*, 1996 WL 241824 (N.D. Cal. 1996). In *Souza*, the plaintiff, who was the subject of a criminal investigation relating to his employment of illegal aliens and their use of counterfeit green cards and work permits, was sued by the INS as part of his application for naturalization. *Id.* at *1. The INS moved for a stay of all civil proceedings pending resolution of all criminal proceedings. *Id.* The plaintiff argued that a stay should not be granted because the government was only involved in a "provisional investigation" and not a formal "criminal proceeding." *Id.* The court rejected the plaintiff's narrow interpretation of a "criminal proceeding," and, relying on *Campbell v. Eastland*, held that a stay of all civil proceedings was warranted to prevent the plaintiff "from having the opportunity to use the liberal rules of discovery applicable to this civil action to gain an unfair advantage in the possible criminal case against him." *Id.* at *3. Even more importantly, the court recognized that "[a]dministrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities." *Id.*; *see also, Securities and Exchange Commission v. Downe*, 1993 WL 22126, *12-14 (S.D.N.Y. 1993) (granting a stay of all discovery for a limited period of time during the pendency of a parallel criminal investigation, to prevent Defendants' use of civil discovery rules to obtain evidence not available to them in the criminal proceeding).

In this case, the government's and the public's interest in an unhindered investigation into a complex criminal matter outweighs the Plaintiffs' and Defendants' limited interest in taking discovery at this very early stage. The Defendants are aware of a criminal investigation by the government, and, if a stay is not granted, Defendants likely will initiate discovery against the Plaintiffs and other codefendants and their employees. Discovery against codefendants and third-

---

depositions or interrogatories as a means of discovery. *See* Fed. R. Crim. P. 15 and 16.

Mem. Of P&A
CV-07-5944-SC
MDL 1917                                              8

party witnesses raises the greatest concern for abuse of the discovery process. By seeking discovery from codefendants and third-party witnesses, the Defendants will certainly have the incentive to gain any information that will assist them in their defense of the government's criminal investigation -- including discovery directed at those witnesses who may be cooperating with the government. This may cause witnesses to be less than forthcoming in the grand jury investigation or subject them to threats and intimidation.

Allowing immediate, unlimited discovery will also interfere with the grand jury secrecy afforded by Federal Rule of Criminal Procedure 6(e). Here, Plaintiffs' document request is specifically designed to expose the nature, scope and direction of the CRT grand jury investigation. Plaintiffs demand that Defendants produce both the materials provided to the grand jury and the actual grand jury subpoena itself. The focus of the grand jury investigation, as well as the identities of potential witnesses or targets, will most certainly be revealed if Plaintiffs are provided with these documents. Grand jury secrecy will again be violated during the course of deposition testimony, when individuals who are cooperating with the investigation may be forced to reveal the scope and direction of the ongoing criminal investigation as well as the identity of others who may be providing evidence to the grand jury or the government. The same result will occur if interrogatories are directed to witnesses cooperating with the grand jury.

In situations such as this one, courts frequently stay discovery in a civil action to avoid abuse of civil discovery rules and preserve the secrecy of ongoing grand jury proceedings. *See S.E.C. v. Downe*, 1993 WL 22126 at *13 ("[W]here a party or witness in a civil case is cooperating with a grand jury investigation relating to the subject matter of the civil suit, there is a compelling reason to stay discovery of the civil case pending resolution of the criminal investigation."); *Founding Church of Scientology v. Kelley*, 77 F.R.D. 378, 380 (D.C. Cir. 1977) (refusing to compel interrogatories during pendency of federal criminal grand jury investigation); *See Wallace v. General Electric Co.*, 1989 WL 13701 (E.D. Pa. 1989) (staying federal civil deposition of investigating officer pending completion of state criminal case); *Pharaon*, 140 F.R.D. at 639-41 (in staying federal civil deposition pending the completion of the government's

grand jury investigation, the court stated that a "litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery."). Here, unbounded discovery raises a significant risk that information gathered by the government and the grand jury, which otherwise would not have been available under the Federal Rules of Criminal Procedure, will be disclosed to the parties.

In balancing the various interests at issue, the five-factor test strongly supports the government's motion for a stay, particularly the government's compelling interest to freely investigate and enforce the federal criminal laws. The only factor which tends to favor the absence of a stay is inconvenience to the Plaintiffs, but even that factor is minor compared to the compelling interest of the government to preserve the secrecy and integrity of its criminal grand jury investigation. Given the overwhelming interest of the government to prevent the disclosure of grand jury information, the Court should grant the government's motion.

## IV. Conclusion

For the foregoing reasons, it is respectfully requested that the Court order a limited stay of discovery as specified in the Proposed Order for a period of twelve months, to be followed by staged discovery on a schedule to be determined pending a progress report by the United States to the Court.

Dated: July 7, 2008

Respectfully submitted,

/s/ Jeane Hamilton
Jeane Hamilton
Attorney, San Francisco Office
Antitrust Division
U.S. Department of Justice

Mem. Of P&A
CV-07-5944-SC
MDL 1917

10