LIDIA MAHER (CA 222253)
JEANE HAMILTON (CA 157834)
BARBARA NELSON (CA 87952)
MAY LEE HEYE (CA 209366)
ANNA TRYON PLETCHER (CA 239730)
Antitrust Division
U.S. Department of Justice
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 436-6660
Facsimile: (415) 436-6687
Email: Jeane.Hamilton@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 07-5944-SC<br>MDL No. 1917<br><br>Date: September 5, 2008<br>Time: 10 a.m.<br>Court: Hon. Samuel Conti |
| This Document Relates to All Cases | |

**[PROPOSED] ORDER GRANTING THE UNITED STATES'
MOTION FOR A LIMITED STAY OF DISCOVERY**

ORDER RE: MOTION TO STAY
CV-07-5944-SC
MDL 1917

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to All Cases | No. 07-5944-SC<br>MDL No. 1917<br><br>Date: September 5, 2008<br>Time: 10 a.m.<br>Court: Hon. Samuel Conti |

## ORDER TO STAY DISCOVERY

On this date, the Court considered the MOTION BY THE UNITED STATES FOR A LIMITED STAY OF DISCOVERY. The Court finds that the public's interest in an ongoing related criminal grand jury investigation outweighs the interests of the parties in conducting full discovery in this civil matter at this time. It is therefore ordered that the Motion be GRANTED. Upon entry of this Order of the Court, and until further order of this Court, discovery that seeks evidence of an alleged conspiracy in violation of the Sherman Act involving Cathode Ray Tubes ("CRTs") and finished products containing CRTs ("CRT products")[1] shall be limited as follows:

1.  No discovery shall be conducted in this case, including without limitation, document requests, interrogatories, requests to admit, or depositions that refer, reflect or relate to any understandings, agreements, contacts, meetings, or communications, between or among any manufacturer of CRTs or CRT products, relating to the sale, pricing, production, volume, market share, customers, capacity, or distribution of CRT products.

2.  No discovery shall be conducted in this case relating to grand jury proceedings

---

[1] Any reference to products containing CRTs is not intended to have any bearing on whether any discovery concerning such products should otherwise be permitted.

ORDER RE: MOTION TO STAY
CV-07-5944-SC
MDL 1917

1  concerning CRTs or CRT products, including without limitation, document requests,
2  interrogatories, requests to admit, or depositions that refer, reflect or relate to any party's or
3  witness' communications with the United States, or with the grand jury (including, but not
4  limited to, the fact or existence of such communications), except by order of the Court upon
5  good cause shown and consistent with governing law.

3. To the extent consistent with the first three paragraphs of this Order, discovery that concerns the following is not prohibited:

    a.    Third party discovery;

    b.    The purchase or sale of CRTs or CRT products by Defendants to third parties, one another, or by or between a Defendant's subsidiaries, joint ventures, or affiliates;

    c.    The purchase or sale of CRTs or CRT products by or to putative class members;

    d.    Defendants' (or their subsidiaries, joint ventures, or affiliates') production capacity, capacity utilization, production costs, inventory levels, sales volumes, product lines, profitability, competitive position, market share, sales terms and conditions, costs, prices, shipments, customers, or distributors;

    e.    The identity of Defendants' persons in positions of management or control of Defendants' respective CRT operations, including any directors, officers, managing agents and employees. Discovery may not seek narrative answers, but may ask for the names, positions, dates of employment, tenure and addresses for each during the class period;

    f.    The storage, location, retention, destruction or identity of corporate records; and

    g.    To the extent that any Defendant denies in its response to the consolidated amended complaint that the Court lacks personal jurisdiction over that Defendant, Plaintiffs shall be allowed to take discovery relating to the issue of

ORDER RE: MOTION TO STAY
CV-07-5944-SC
MDL 1917

personal jurisdiction over that Defendant.

4. This Order does not prohibit class certification discovery, except as prohibited by the other terms within this Order.

5. This Order does not prohibit the service of interrogatories, requests for admissions, requests for production of documents and deposition notices, except to the extent that such discovery requires the production of discovery which is stayed hereunder.

6. All formal discovery requests shall be served on the U.S. Department of Justice, Antitrust Division ("DOJ"), at least three weeks before the discovery is due to be produced. The DOJ and any party may object to discovery on the basis that the requested discovery seeks information or documents prohibited under this Order.

7. Nothing in this Order is intended to foreclose any objection to discovery that is otherwise permitted by this Order; all such objections are preserved. Any party or the DOJ can request a modification of the discovery permitted hereunder upon a showing of good cause.

8. The United States shall report on the status of the grand jury investigation on March 6, 2009. On September 4, 2009, the Court shall conduct a Discovery Status Conference whereby the United States will provide a progress report to the Court and propose a schedule for staged discovery thereafter.

IT IS SO ORDERED.

DATED: _____

_____
The Honorable Samuel Conti
United States District Court Judge

ORDER RE: MOTION TO STAY
CV-07-5944-SC
MDL 1917