MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. RUSSELL, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel*
*for the Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | ) ) ) ) ) ) ) ) ) ) ) ) ) | Master File No. CV-07-5944 SC<br><br>MDL No. 1917<br><br>**INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AUTHORIZE SERVICE ON CERTAIN FOREIGN DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3)** |
| **This document relates to:**<br><br>**ALL INDIRECT PURCHASER ACTIONS** | ) ) ) ) ) ) | Date: September 5, 2008<br>Time: 10:00 a.m.<br>Court: One, 17th Floor<br><br>The Honorable Samuel Conti |

1

## TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ……………………………………………...   1

MEMORANDUM OF LAW ……………………………………………………….   1

I.   Introduction     ……………..…………………………………………………   1

II.  Argument     …………………………………………………………………   4

A.  Court-Ordered Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3)
Is An Equal Means Of Effecting Service of Process Under the
Federal Rules of Civil Procedure  ……………………………………….   4

B.  The Facts And Circumstances Of This Case Necessitate
District Court Intervention Pursuant to Fed. R. Civ. P. 4(f)(3) ……………   6

C.  The Method of Service Requested By Plaintiffs Comports With Due
Process And Is Reasonably Calculated To Apprise Defendants of the
Pendency of the Action And Afford Them An Opportunity To Respond...   8

III. Conclusion ………………………………………………………….     …...   10

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AUTHORIZE
SERVICE ON CERTAIN FOREIGN DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 4(F)(3)**

1

# TABLE OF AUTHORITIES

2

**Cases**

**Page**

3

*Bank Julius Baer & Co. Ltd. v. Wikileaks,*

4
Case No. 3:08-cv-00824-JSW, 2008 WL 413737 (N.D. Cal. Feb. 13, 2008) ………………..……5

5

*Ehrenfeld v. Khalid Salim A Bin Mahfouz,*
2005 U.S. Dist. LEXIS, (S.D.N.Y. March 23, 2005) …………………………………………...…9

6

7

*In re LDK Solar Securities Litigation,*
Case No. 3:07-cv-05182-WHA, 2008 WL 2415186 (N.D. Cal. June 12, 2008) …………...*passim*

8

*Mullane v. Cent. Hanover Bank & Trust Co.,*
9
339 U.S. 306, 314 (1950) …………………………………………………………………………8, 10

10

*Nanya Technology Corp. v. Fujitsu Ltd.,*
2007 U.S. Dist. LEXIS 5754, (D. Guam Jan. 25, 2007) …………………….....……………6, 7, 9

11

12

*Rio Properties, Inc. v. Rio International Interlink,*
284 F.3d 1007 (9th Cir.2002) ..……………………………………..…………..…………*passim*

13

14

**Rules**

15

Fed. R. Civ. Pro. 4(d)(1) ……………………………………………………………………………7

16

Fed. R. Civ. Pro. 4(f)(1)-(2) …………………………………………………………………………5

17

Fed. R. Civ. Pro. 4(f)(3)………………………………………………………………………*passim*

18

19

20

21

22

23

24

25

26

27

28

**INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AUTHORIZE SERVICE ON CERTAIN FOREIGN DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3)**

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that the Indirect Purchaser Plaintiffs hereby move for an order permitting them to serve certain foreign defendants not yet served in the Indirect Purchaser Action through service of an indirect purchaser summons and complaint on their U.S. wholly-owned subsidiary or related entity and their counsel, as permitted by Rule 4(f)(3) of the Federal Rules of Civil Procedure. This Motion is scheduled to be heard at 10:00 a.m. on September 5, 2008, in the courtroom of the Honorable Samuel Conti, in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California.

This motion is made pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, and on the grounds that the facts and circumstances of the present case warrant the district court's intervention to effect service on certain foreign defendants.

This motion is based on this notice of motion and motion, the following memorandum of law, the Declaration of Lauren C. Russell ("Russell Declaration") in support of this motion, all pleadings and records on file, and any additional briefing and argument presented to the Court before or at the hearing on this motion.

## MEMORANDUM OF LAW

### I.   Introduction

This is a consolidated class action brought under federal and state antitrust laws alleging price-fixing and other anticompetitive conduct by manufacturers of Cathode Ray Tubes and products containing Cathode Ray Tubes. (Russell Decl. ¶ 2) By Order dated February 15, 2008, the Judicial Panel on Multidistrict Litigation transferred all related Cathode Ray Tube Cases ("*CRT Cases*") to this Court for coordinated and/or consolidated pretrial proceedings. (Russell Decl. ¶ 3)

The Indirect Purchaser Plaintiffs ("Plaintiffs") name a total of 36 defendants, 21 of which are located abroad. These 21 foreign defendants are located in 11 different countries. Some of these countries are signatories to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents ("The Hague Convention"), and others are not. These non-signatory

1    countries require that service be effected on their citizens and corporations via Letters Rogatory.

2    (Russell Decl. ¶ 4)

3        Of the 21 foreign defendants, 6 have made general appearances in the *CRT Cases*, thereby

4    obviating the need for Plaintiffs to formally serve them with an indirect purchaser summons and

5    complaint. (Russell Decl. ¶ 5) Service of process on the remaining 15 foreign defendants

6    pursuant to international means of service will be very expensive and time consuming. Most of

7    the countries where defendants are located require that the summons and complaint be translated

8    into that country's language for service. In this case, this will mean translating the summons and

9    complaint into 7 different languages. (Russell Decl. ¶ 6) The cost of these translations will be

10   substantial, and will be in addition to the cost of service itself. Plaintiffs are informed that the

11   total cost of serving the remaining foreign defendants will be approximately $30,000.

12   Furthermore, the international process service with whom Plaintiffs have been consulting, APS

13   International, Inc., informs Plaintiffs that on average, service of process through the methods

14   prescribed by the Hague Convention takes 4-6 months and Letters Rogatory can take up to a year

15   or more. (Russell Decl. ¶ 7)

16       Of the remaining 15 foreign defendants, the 7 listed in the chart below have a United

17   States wholly-owned subsidiary or related entity[1] that has been named as a defendant in the *CRT*

18   *Cases* and has appeared in these cases through counsel.

| Foreign Defendant | United States Subsidiary/Related Entity | United States Counsel |
|---|---|---|
| Hitachi, Ltd. | Hitachi America, Ltd. | Morgan Lewis & Bockius, LLP |
| Hitachi Asia, Ltd. | Hitachi America, Ltd. | Morgan Lewis & Bockius, LLP |

---

[1] All of the foreign defendants listed in the chart have a U.S. wholly-owned subsidiary, except for Hitachi Asia, Ltd.  Hitachi America, Ltd. is related to Hitachi Asia, Ltd. in that they are both subsidiaries of Hitachi, Ltd.  For simplicity, all of the defendants listed in the column entitled "United States Subsidiary/Related Entity" are referred to hereinafter as "U.S. Subsidiary Defendants."

**INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AUTHORIZE SERVICE ON CERTAIN FOREIGN DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3)**

| Koninklijke Phillips Electronics N.V. a/k/a Royal Phillips N.V. | Phillips Electronics North America Corporation | Howrey LLP |
|---|---|---|
| Matsushita Electric Industrial Co., Ltd. | Panasonic Corporation of North America | Dewey LeBoeuf LLP AND Weil, Gotshal & Manges, LLP |
| Matsushita Toshiba Picture Display Co., Ltd. | MT Picture Display Corporation of America (New York) | Dewey LeBoeuf LLP Weil, Gotshal & Manges, LLP |
| Samsung Electronics Co., Ltd. | Samsung Electronics America, Inc. | Sheppard Mullin Richter & Hampton, LLP |
| Toshiba Corporation | Toshiba America, Inc. | White & Case, LLP |

(Russell Decl. ¶ 8) The foreign defendants listed in the chart above are collectively referred to herein as the "Unserved Defendants."

In addition, foreign defendants Samsung Electronics Co., Ltd. ("Samsung") and Royal Phillips N.V. ("Royal Phillips") have been served by the direct purchaser plaintiffs.[2]  (Russell Decl. ¶ 9) The same attorneys that represent the U.S. subsidiaries of Samsung and Royal Phillips in the *CRT Cases* have informed Plaintiffs that they also represent Samsung and Royal Phillips. (Russell Decl. ¶ 10) Furthermore, defendants Matsushita Electric Industrial Co., Ltd. and Matsushita Toshiba Picture Display Co., Ltd. have appeared in the direct purchaser case, and are represented by the same attorneys that represent their U.S. wholly-owned subsidiaries, Panasonic Corporation of North America and MT Picture Display Corporation of America (New York).[3] (Russell Decl. ¶ 11)

---

[2] A copy of the Proof of Service is attached to the Russell Declaration as Exhibit A.

[3] Copies of the Notices of Appearance on behalf of Matsushita Electric Industrial Co., Ltd. and MT Picture Display Co., Ltd. are attached to the Russell Declaration as Exhibits B and C respectively.

3

1    By virtue of the U.S. Subsidiary Defendants' and their counsel's involvement in the *CRT*

2  *Cases*, there can be no reasonable doubt that the Unserved Defendants have notice of the case

3  against them. As a result, service of process through The Hague Convention or Letters Rogatory

4  is rendered a very expensive and time-consuming formality. Therefore, Plaintiffs have asked

5  counsel for the U.S. Subsidiary Defendants to accept service for their foreign parent company.

6  (Russell Decl. ¶ 12) Just as in the case of Samsung, Royal Phillips and Matsushita, these counsel

7  will no doubt represent the foreign parent defendants, and may indeed have already been retained

8  by the foreign parent defendant. Yet, counsel for the U.S. Subsidiary Defendants have refused to

9  accept service for any of the Unserved Defendants.

10    Plaintiffs notified counsel for the U.S. Subsidiary Defendants that they were going to file

11  this motion. Plaintiffs asked that counsel for the U.S. Subsidiary Defendants notify Plaintiffs if

12  they intended to oppose the motion. None of the counsel for the U.S. Subsidiary Defendants

13  responded. (Russell Decl. ¶12)

14    In light of the substantial difficulty, time and expense Plaintiffs face in serving the foreign

15  defendants, taken together with the Unserved Defendants' notice of the case against them,

16  Plaintiffs request that, pursuant to Federal Rule of Civil Procedure 4(f)(3), this Court order that

17  the Unserved Defendants be served through their U.S. Subsidiary Defendants and their counsel. [4]

18  **II.  Argument**

19    **A.  Court-Ordered Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3) Is An
    Equal Means Of Effecting Service of Process Under the Federal Rules of Civil
20    Procedure**

21    Service of process outside the United States is governed by Federal Rule of Civil

22  Procedure 4(f), which provides that such service may be made by means that include

23

24  _____

25  [4] The other 8 foreign defendants are not the subject of this motion because they do not have a
    United States wholly-owned subsidiary, related entity, or counsel that is already involved in this
26  case. Plaintiffs are in the process of serving these defendants in accordance with The Hague
    Convention or by Letters Rogatory. (Russell Decl. ¶ 13)

27

28
**INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AUTHORIZE
SERVICE ON CERTAIN FOREIGN DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 4(F)(3)**

international agreements such as The Hague Convention and Letters Rogatory *or*, under

subsection 4(f)(3), "by other means not prohibited by international agreement, as may be directed

by the court." According to the Ninth Circuit:

> As is obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. *No other limitations are evident from the text*. [Emphasis added]

*Rio Properties, Inc. v. Rio International Interlink,* 284 F.3d 1007, 1014 (9th Cir. 2002) ("*Rio*

*Properties*"); *accord, In re LDK Solar Securities Litigation,* Case No. 3:07-cv-05182-WHA,

2008 WL 2415186, at *2 (N.D. Cal. June 12, 2008) ("*LDK Solar*").

In *Rio Properties,* the Ninth Circuit rejected the defendant's argument that plaintiffs must

use the other methods of overseas service authorized by Rule 4(f), such as the Hague Convention,

before asking a court to authorize service "by other means." The court explained:

> We find no support for [the defendant's] position. No such requirement is found in the Rule's text, implied by its structure, or even hinted at in the advisory committee notes.
>
> By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)…. Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates their primacy, *and certainly Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means.* [Emphasis added]
>
>                    *     *     *
>
> [W]e hold that Rule 4(f)(3) is an equal means of effecting service of process under the Federal Rules of Civil Procedure….

*Id.* at 1015-1016 (footnotes and citations omitted); *accord, LDK Solar,* 2008 WL 2415186, at *2

("FRCP 4(f)(3) stands independently of FRCP 4(f)(1); it is not necessary for plaintiffs to first

attempt service through 'internationally agreed means' before turning to 'any other means not

prohibited by international agreement.'"); *Bank Julius Baer & Co. Ltd. v. Wikileaks,* No. 3:08-cv-

00824-JSW, 2008 WL 413737, at *2 (N.D. Cal. Feb. 13, 2008) ("a plaintiff is not first required to

**INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AUTHORIZE SERVICE ON CERTAIN FOREIGN DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3)**

1  attempt service under Rule 4(f)(1) or Rule 4(f)(2)" before seeking court approval to serve under

2  rule 4(f)(3)).

3          In *LDK Solar*, Judge Alsup of the Northern District of California relied on *Rio Properties*

4  to order service on six Chinese defendants[5] through their United States subsidiary at its offices in

5  California. The court rejected the defendant's arguments that *Rio Properties* did not apply

6  because that case had involved service in a country that is not a member of the Hague

7  Convention. The court emphasized that, "as long as court-directed and not prohibited by

8  international agreement, service can be affected pursuant to Rule 4(f)(3)." 2008 WL 2415186, at

9  *3 ; *see also, Nanya Technology Corp. v. Fujitsu Ltd.,* 2007 U.S. Dist. LEXIS 5754, at *16 (D.

10  Guam Jan. 25, 2007) (rejecting the defendant's argument that a court can only authorize Rule

11  4(f)(3) service "where the recipient party does not live in a member country of the Hague

12  Convention" or in "urgent circumstances.")

13          Thus, in the words of the Ninth Circuit, "we are left with the inevitable conclusion that

14  service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is

15  merely one means among several which enables service of process on an international

16  defendant." *Rio Properties,* 284 F.3d at 1015 (citations omitted).

### B.  The Facts And Circumstances Of This Case Necessitate District Court Intervention Pursuant to Fed. R. Civ. P. 4(f)(3)

19          *Rio Properties* held that a plaintiff petitioning the court for alternative relief under Fed. R.

20  Civ. P. 4(f)(3) need "only to demonstrate that the facts and circumstances of the present case

21  necessitate[] the district court's intervention." 284 F.3d at 1016. The decision whether to allow

22  alternative methods of serving process under Rule 4(f)(3) is committed to the "sound discretion

23  of the district court." *Id.*

24          In *LDK Solar,* as in this case, counsel for the foreign defendants' United States

25  subsidiary, which was also a co-defendant in the case, had refused to accept service on behalf of

---

[5] The six Chinese defendants included a subsidiary of the parent corporation, and five officers and directors.

**INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AUTHORIZE SERVICE ON CERTAIN FOREIGN DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3)**

1  the unserved foreign defendants. In addition, defense counsel had suggested it might not be

2  possible to serve some of the foreign defendants. 2008 WL 2415186, at *3. The plaintiffs in *LDK*

3  *Solar* had not attempted any other means of service before petitioning the court under Rule

4  4(f)(3). Nonetheless, the court ordered that the six Chinese defendants could be served through

5  their U.S. subsidiary in California because "plaintiffs have shown the difficulty of serving the

6  unserved defendants located abroad." *Id.* at *4.

7       Similarly, in *Nanya Technology Corp. v. Fujitsu Ltd.*, 2007 U.S. Dist. LEXIS 5457,

8  Fujitsu's U.S. lawyer refused to accept service on behalf of Fujitsu despite ongoing settlement

9  negotiations and other litigation between the two parties, insisting that Fujitsu be formally served

10  in accordance with the Hague Convention. *Id.* at *3-4. As in *LDK Solar*, plaintiff Nanya did not

11  attempt to formally serve Fujitsu before petitioning the court under Rule 4(f)(3). The *Nanya* court

12  did not find this necessary and rejected Fujitsu's argument that Rule 4(f)(3) could only be utilized

13  in "urgent circumstances." The court instead emphasized that "[w]e should not lose sight of what

14  service of process is about, it is about giving a party notice of the pendency of an action and the

15  opportunity to respond," and affirmed service of process on Fujitsu by electronic and

16  international mail. *Id.* at *16.

17       Here, there can be no reasonable doubt that the Unserved Defendants are aware of the

18  case against them since the U.S. Subsidiary Defendants and their counsel are actively involved in

19  this lawsuit. Furthermore, some of the Unserved Defendants have been served by the direct

20  purchaser plaintiffs, and are represented by the same law firms which represent their U.S.

21  Subsidiary Defendants. Certain other foreign defendants, including LG Electronics, Inc., LP

22  Displays International, Ltd. (f/k/a LG Phillips Displays), Irico Group Corporation, Irico Display

23  Devices Co., Ltd., Beijing-Matsushita Color CRT Company, Ltd., and Samsung SDI Co., Ltd.

24  have also been served by the direct purchaser plaintiffs and have appeared in both the direct and

25  indirect cases. (Russell Decl. ¶ 14) Nevertheless, the Unserved Defendants choose to ignore their

26  duty "to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). Instead,

27

28

**INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AUTHORIZE
SERVICE ON CERTAIN FOREIGN DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 4(F)(3)**

1  they insist that Plaintiffs pursue expensive and time consuming service of process despite the fact

2  that they already have notice of this lawsuit.

3       Plaintiffs are therefore faced with the prospect of serving 15 foreign defendants in 10

4  different countries, and translating the summons and complaint into 7 different languages.

5  Plaintiffs are informed that the total cost of service to class members will be approximately

6  $30,000 and will take at least 4 months and in some cases up to a year to complete. In addition to

7  this wholly unnecessary expense to class members, the Unserved Defendants' tactics will

8  complicate and delay these proceedings. For example, any defendants served after the Court rules

9  in the Plaintiffs' favor on the motions to dismiss are likely to argue that they are not bound by the

10  Court's rulings since the Court did not have jurisdiction over them when it made its rulings. They

11  may seek to re-argue matters already decided adversely to them. As the Court is well aware, this

12  multidistrict proceeding already presents complex case management issues without these foreign

13  defendants adding to them by re-arguing issues already decided.

14       Under these circumstances, the Federal Rules provide for reasonable alternatives to the

15  costly, time-consuming and possibly fruitless procedure of attempting service outside the country

16  through the cumbersome procedures of The Hague Convention or Letters Rogatory.

17  Consequently, to expedite this litigation, and to reduce the already substantial costs to the indirect

18  purchaser class members, Plaintiffs respectfully move the Court to order that the Unserved

19  Defendants be served through the U.S. Subsidiary Defendants and their counsel.

20

21       **C.  The Method of Service Requested By Plaintiffs Comports With Due Process And Is Reasonably Calculated To Apprise Defendants of the Pendency of the Action And Afford Them An Opportunity To Respond**

22

23       The "method of service crafted by the district court must be 'reasonably calculated, under

24  all the circumstances, to apprise interested parties of the pendency of the action and afford them

25  an opportunity to present their objections.'" *Rio Properties,* 284 F.3d at 1016 (quoting *Mullane v.*

26  *Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)). It is important that we do "not lose

27

28

**INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AUTHORIZE SERVICE ON CERTAIN FOREIGN DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3)**

1    sight of what service of process is about, it is about giving a party notice of the pendency of an

2    action and an opportunity to respond." *Nanya*, 2007 U.S. Dist. LEXIS 5754, at *16.

3          In *Rio Properties*, the Ninth Circuit found that the district court had met this standard and

4    endorsed its order authorizing service on a Costa Rican defendant's "international courier" in

5    Miami, by email, and on defendant's attorney. 284 F.3d at 1017-18. The Ninth Circuit also noted

6    that in "applying the proper construction of Rule 4(f)(3) and its predecessor, trial courts have

7    authorized a variety of alternative methods of service including publication, ordinary mail, mail

8    to the defendant's last known address, delivery to the defendant's attorney, telex, and most

9    recently, email." *Id.* at 1016.

10         The facts here present an even better case for service pursuant to Rule 4(f)(3) than the

11   facts the court found sufficient in *Rio Properties*. Plaintiffs here do not propose to serve a courier

12   working, possibly indirectly, for the Unserved Defendants. Nor do Plaintiffs propose to serve the

13   Unserved Defendants by email which can sometimes be problematic. Here, Plaintiffs propose to

14   serve the Unserved Defendants by serving the U.S. Subsidiary Defendants and their counsel. It is

15   reasonable to assume that important documents hand-delivered to someone authorized to receive

16   service at the U.S. Subsidiary Defendants will actually be transmitted to the parent corporation.

17   Similarly, if important documents are delivered to counsel for the U.S. Subsidiary Defendants, it

18   is reasonable to assume that counsel will transmit them to the parent corporation. This is

19   especially so since the U.S. Subsidiary Defendants and their counsel are already involved in this

20   case and will undoubtedly inform the Court if for some reason they are no longer able to contact

21   any of the Unserved Defendants. *See, LDK Solar,* 2008 WL 2415186, at *4 (finding service on

22   six Chinese defendants through the California office of a subsidiary to be constitutionally

23   acceptable); *Ehrenfeld v. Khalid Salim A Bin Mahfouz,* 2005 U.S. Dist. LEXIS, at *6-7 (S.D.N.Y.

24   March 23, 2005) (authorizing service on defendant's U.S. and U.K. attorneys).

25         Thus, serving the Unserved Defendants through the U.S. Subsidiary Defendants and

26   through their counsel is reasonably calculated under the facts of this case to apprise them of the

27

28

**INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AUTHORIZE
SERVICE ON CERTAIN FOREIGN DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 4(F)(3)**

1    pendency of this action and afford them the opportunity to respond. This is all the United States

2    Constitution requires. *See, Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. at 314.

3        **III. Conclusion**

4            For all the foregoing reasons, Plaintiffs' motion should be granted.

5    Dated: August 1, 2008                    Respectfully submitted,

6                                             **TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**

7                                    By:      /s/ Mario N. Alioto
                                             Mario N. Alioto (56433)
8                                            Lauren C. Russell (241151)
                                             2280 Union Street
9                                            San Francisco, California 94123
                                             Telephone: (415) 563-7200
10                                           Facsimile: (415) 346-0679
                                             E-mail: malioto@tatp.com
11                                           laurenrussell@tatp.com

12
                                             *Interim Lead Counsel*
13                                           *for the Indirect Purchaser Plaintiffs*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AUTHORIZE
SERVICE ON CERTAIN FOREIGN DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 4(F)(3)**