

```
Taiwan                          )
City of Taipei                  )
American Institute in Taiwan    )    ss:
Taipei Office                   )
```

I, June A. Shin, hereby depose and say as follows:

1. I am employed by the American Institute in Taiwan and am presently stationed at the American Institute in Taiwan, Taipei Office, Consular Section, American Citizen Services Unit.

2. In the absence of diplomatic relations, unofficial commercial, cultural and other relations between the people of the United States and the people of Taiwan are conducted by the American Institute in Taiwan, an unofficial organization funded by Congress.

3. The American Institute in Taiwan ("AIT"), a nonprofit entity incorporated under the laws of the District of Columbia, is authorized to assist and "... protect the interests of United States persons by performing acts such as are authorized to be performed outside the United States for consular purposes by such laws of the United States as the President may specify." See 22 U.S.C. 3305, 3306(a)(3). The judicial assistance acts of AIT personnel parallel the acts performed by U.S. consular officers under 28 U.S.C. 1781(a)(2). See 22 C.F.R. 92.54, 92.66.

4. Pursuant to Section 10(a) of the Taiwan Relations Act, 22 U.S.C. 3309(a), Taipei Economic and Cultural Representative Office (TECRO) is the instrumentality established by the people on Taiwan having the necessary authority under the laws of Taiwan to take actions on behalf of Taiwan in accordance with the Taiwan Relations Act (22 U.S.C. 3301 et seq. (Section 1-204, Ex. Or. No. 12143 of 6/22/79, 44 Fed Reg 37191.)

5. Officers of AIT follow the guidelines for performance of consular services set forth in 22 C.F.R. Part 92 and Volume 7 of the U.S. Department of State's Foreign Affairs Manual ("FAM"). 7 FAM Chapter 900 governs the performance of services related to international judicial assistance.

6. 22 U.S.C. 3306(b) provides that acts performed by authorized employees of AIT under 22 U.S.C. 3306 are valid, and of like force and effect within the United States, as if performed by any other person authorized under the laws of the United States to perform such acts.

7. Letters rogatory issued by a tribunal in the United States requesting international judicial assistance from Taiwan are transmitted, pursuant to

28 U.S.C. 1781(a)(2) to the foreign tribunal, officer, or agency to whom it is addressed through AIT. AIT transmits the request to TECRO, which forwards it to the appropriate Taiwan authority in a position to assign the request to a tribunal for execution. The executed request is received by AIT from TECRO and returned to the requesting tribunal in the United States.

8. On March 10, 2008, AIT received two sets of letters rogatory and accompanying documents requesting judicial assistance in connection with Nathan Muchnick, Inc. v Chunghwa Picture Tubes, Ltd., et al., Case No. 07-5981-SC, service upon Chunghwa Picture Tubes. On March 9, 2008, AIT transmitted these to TECRO for action.

On June 20, 2008, AIT received a communication from TECRO confirming that service of process has been effected on Chunghwa Picture Tubes on May 12, 2008 by the Taiwan Taoyuan District Court, Taiwan.

I declare under penalty of perjury that the foregoing is true and correct.

June A. Shin
Consular Officer

Executed in Taipei, Taiwan
On July 7, 2008

The foregoing answered declaration Under Penalty of Perjury was executed in accordance with 28 U.S.C. 1746.

- 2 -

北美事務協調委員會
駐美國台北經濟文化代表處總部
Coordination Council for North American Affairs
Headquarters for
Taipei Economic and Cultural Representative Office in the U. S.
(TECRO)
133 BoAi Road, Taipei, Taiwan, Republic of China
Tel: 23119212  Fax: 23822651

Ref No: TECRO 09758020490

17 JUN 2008

Mr. James M. Levy
Chief
Consular Section
American Institute in Taiwan
Taipei Office
7, Lane 134, Hsin Yi Road, Sec. 3
Taipei, Taiwan

June 16, 2008

Dear Mr. Levy:

In reply to AIT/T's letter (B-118) dated March 19, 2008 concerning the transmittal of legal documents to Chunghwa Picture Tubes Ltd., I am writing to inform you that the documents have been duly served. Enclosed please find the certificate of service from the Taiwan Taoyuan District Court for your reference.

Sincerely yours,

Steven Y. M. Lin
Chief
Administrative Division

Encl : a/s

RECEIVED
20 JUN 2008
By_____

# 臺灣桃園地方法院送達證書

請於送達後將本證書交回臺灣桃園地方法院
33056 桃園市仁愛路120號

股別：仲 股

| 應受送達人姓名地址 | 郵遞區號：334<br>設桃園縣八德市和平路1127號<br>相對人　1Chunghwa Picture Tubes(中華映管有限公司) | 先生<br>女士 |
|---|---|---|
| 案　號 | 97年度助字第5號 | |
| 案　由 | 囑託送達 | |
| 送達文書 | 中華映管有限公司之訴訟文書暨中譯本乙全份 | |

送達人注意：
一、依下述送達方法送達者，送達人應即將本送達證書，提出於法院附卷。
二、無法依下述送達方法送達者，送達人應作記載該事由之報告書，提出於法院附卷，並繳回應送達之文書。

送達方法（由送達人在□上劃∨號選記）：

| | |
|---|---|
| □已將文書付與應受送達人： | □本人（簽名蓋章或按指印）： |
| □未獲會晤本人，已將文書交與有辨別事理能力之同居人、受僱人： | □同居人（簽名蓋章或按指印）<br>□受僱人<br>※送達人應記明收領人之姓名（以正楷填記）： |
| □應受送達之本人、同居人或受僱人，收領後拒絕或不能簽名、蓋章或按指印，由送達人記明其事由於右欄： | ※送達人填記： |
| □應受送達之本人、同居人或受僱人，無法律上之理由拒絕收領，經送達人將文書留置於送達處所，以為送達： | □本人<br>□同居人（姓名）　　拒絕受領<br>□受僱人（姓名） |
| □未獲會晤本人亦無受領文書之同居人或受僱人，已將該送達文書：<br>□應受送達之本人、同居人或受僱人，無法律上之理由拒絕受領，並有難達留置情事，已將該送達文書： | 寄存於下列之一處所，並作送達通知書兩份，一份黏貼於應受送達人住居所、事務所、營業所或其就業處所門首，另一份置於該送達處所信箱或其他適當位置，以為送達。（請擇一打∨）<br>□寄存於　派出所或警察所。<br>□寄存於　鄉（鎮市）區公所。<br>□寄存於　鄉（鎮市）區　村（里）辦公處。 |

| （由郵局收寄人員填寫） | 原寄郵局日戳 | 送達郵局日戳 |
|---|---|---|
| 郵件種類：<br>掛號號碼： | （由司法警察送達時免蓋） | （由司法警察送達時免蓋）<br>送達人簽章 |
| 送達處所 | 送達時間 | |
| □同上記載地址<br>□改送<br>（送達人務請填記） | 中華民國97年5月12日<br>　　時　　分<br>（送達人務請填記） | |

列印日期：97年4月29日　　股別：仲 股

此證書由送達人繳回
97年度助字第5號

請於送達後將本證書交回臺灣桃園地方法院