1   DAVID M. LISI (SBN 154926)
    Email: lisid@howrey.com
2   HOWREY LLP
    1950 University Avenue, 4th Floor
3   East Palo Alto, CA 94303
    Telephone: (650) 798-3530
4   Facsimile:  (650) 798-3600

5   JOHN M. TALADAY *(pro hac vice)*
    Email: taladayj@howrey.com
6   HOWREY LLP
    1299 Pennsylvania Ave NW
7   Washington, DC 20004
    Telephone: (202) 383-6564
8   Facsimile:  (202) 383-6610

9   JOSEPH A. OSTOYICH *(pro hac vice)*
    Email: ostoyichj@howrey.com
10  HOWREY LLP
    1299 Pennsylvania Ave NW
11  Washington, DC 20004
    Telephone: (202) 383-7241
12  Facsimile:  (202) 383-6610

13  ETHAN E. LITWIN *(pro hac vice)*
    Email: litwine@howrey.com
14  HOWREY LLP
    Citigroup Center
15  153 E. 53rd Street, 54th Floor
    Telephone:  (212) 896-6500
16  Facsimile:  (212) 896-6501

17
    Attorneys for Defendant Philips Electronics North America
18  Corporation

19                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA
20                   SAN FRANCISCO DIVISION

21  IN RE:  Cathode Ray Tube (CRT)      ) Case No. 3:07-CV-5944-SC
    Litigation                          )
22                                      ) **KONINKLIJKE PHILIPS ELECTRONICS**
                                        ) **N.V.'S OPPOSITION TO INDIRECT**
23                                      ) **PURCHASER PLAINTIFFS' NOTICE OF**
                                        ) **MOTION AND MOTION TO AUTHORIZE**
24  This Relates to All Actions.        ) **SERVICE ON CERTAIN FOREIGN**
                                        ) **DEFENDANTS PURSUANT TO FEDERAL**
25                                      ) **RULE OF CIVIL PROCEDURE 4(f)(3)**
                                        )
26                                      ) Date:  August 27, 2008
                                        ) Time:  10:00 a.m.
27                                      ) Court:  One, 17th Floor
                                        ) The Honorable Samuel Conti
28                                      ) (The Hon. Charles A. Legge (Ret.))

1    Koninklijke Philips Electronics N.V. ("KPE"), a named defendant in various indirect purchaser

2  actions who has not received service of the summons and complaint, hereby files its opposition to the

3  Indirect Purchaser Plaintiffs' Motion To Authorize Service On Certain Foreign Defendants Pursuant

4  To Federal Rule Of Civil Procedure 4(f)(3).  KPE files this opposition solely to ensure that it is served

5  in a manner that comports with the Hague Convention of 15 November 1965 on the Service Abroad of

6  Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention") and the

7  Federal Rules of Civil Procedure.  KPE, through its counsel, appears specially for the purpose of

8  opposing Plaintiffs' motion here.  By filing this opposition, KPE does not intend to make a general

9  appearance in this action and specifically reserves all of its defenses.

10                           **STATEMENT OF THE ISSUE**

11    Whether the indirect purchaser plaintiffs may serve KPE with a copy of the summons and

12  complaint through one of its U.S. subsidiaries and through its counsel, in circumstances where (1) The

13  Netherlands is a signatory to the Hague Convention; and (2) neither the Hague Convention nor the

14  Federal Rules of Civil Procedure authorize service on subsidiaries located in the forum state or on

15  counsel.

16                           **STATEMENT OF RELEVANT FACTS**

17    More than a dozen actions have been filed across the United States by "indirect" purchasers of

18  CRTs.  KPE is putatively named as a defendant in at least some of these actions.  To date, none of the

19  plaintiffs in these actions have attempted to serve KPE the manner prescribed by the Hague

20  Convention and the Federal Rules of Civil Procedure, or in any manner whatsoever.

21    On February 23, 2008, the law firm of Trump, Alioto, Trump & Prescott, LLP ("TATP") filed

22  a motion with this Court seeking appointment as interim lead or co-lead counsel for the indirect

23  purchaser plaintiffs in this multidistrict litigation.  Docket Entry 90.  In support of this motion, TATP

24  stated that "TATP is prepared to devote *significant* human and *financial resources* to representing the

25  interests of the proposed class."  *Id.* at 8 (emphasis added).  TACP elaborated that "[t]he firm is

26  prepared to commit the professionals and resources necessary to take this case through pre-trial, trial

27  and any appeals that may arise."  *Id.*  By order dated May 9, 2008, the Court appointed Mario Alioto

28  and TATP as interim lead counsel for the putative class of indirect purchasers.

PHILIPS OPP TO INDIRECT PURCHASER PLAINTIFF'S
MOTION TO AUTHORIZE SERVICE ON FOREIGN DEFS
CASE NO. 3:07-CV-5944-SC

1   On August 1, *2008*, the indirect purchaser plaintiffs filed a motion seeking the Court's approval

2   to serve 7 defendants, including KPE, through their U.S. subsidiary (or related entity) and through

3   counsel.

4                                    **ARGUMENT**

5   **I.    KPE INCORPORATES BY REFERENCE THE LEGAL ARGUMENTS SET FORTH
         IN TOSHIBA CORPORATION'S OPPOSITION TO INDIRECT PURCHASER**

6   **PLAINTIFFS' MOTION TO AUTHORIZE SERVICE PURSUANT TO FRCP 4(f)(3).**

7   KPE hereby incorporates by reference and adopts the legal arguments set forth in Toshiba

8   Corporation's papers filed in opposition to the Indirect Purchaser Plaintiffs' Motion to Authorize

9   Service pursuant to Fed. R. Civ. P. 4(f)(3). KPE is a foreign corporation with offices located in

10  Amsterdam, The Netherlands. Both the United States of America and The Netherlands are signatories

11  to the Hague Convention. Accordingly, service of judicial process on KPE may be effected solely by

12  the means set forth in the Hague Convention.

13  Furthermore, the requirements of the Hague Convention are mandatory where the defendant is

14  located in a signatory country. *Volswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699

15  (1988); *see also*, *Agha v. Jacobs*, 2008 WL 2051061 (N.D. Cal. May 13, 2008). Service of process

16  through a domestic subsidiary is not a method of service authorized by the Hague Convention.

17  Finally, even should Fed. R. Civ. P. 4(f)(3) apply, Plaintiffs have not demonstrated that service

18  of the complaint as required by the Hague Convention would result in an unreasonable expense or

19  delay.

20  For these reasons, and for the reasons set forth in the legal arguments contained in Toshiba

21  Corporation's Opposition papers, KPE respectfully requests that Indirect Purchaser Plaintiffs' Motion

22  to Authorize Service Pursuant to Fed. R. Civ. P. 4(f)(3) be denied.

23

24

25

26

27

28

1    Dated:  August 15, 2008                     Respectfully submitted,

2                                                Howrey LLP

3

4                                                /s/ David M. Lisi
                                                 David M. Lisi
5
                                                 Attorneys for Defendant Philips Electronics
6                                                North America Corporation

7

8

9
     DM_US:21402918_1
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

     PHILIPS OPP TO INDIRECT PURCHASER PLAINTIFF'S MOTION        3
     TO AUTHORIZE SERVICE ON FOREIGN DEFS
     CASE NO. 3:07-CV-5944-SC