1  Christopher M. Curran (*pro hac vice*)
   ccurran@whitecase.com
2  George L. Paul (*pro hac vice*)
3  gpaul@whitecase.com
   Lucius B. Lau (*pro hac vice*)
4  alau@whitecase.com
5  White & Case LLP
   701 Thirteenth Street, N.W.
6  Washington, D.C.  20005
7  Telephone:  (202) 626-3600
   Facsimile:  (202) 639-9355
8

9  *Counsel to Defendant Toshiba Corporation*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **TOSHIBA CORPORATION'S OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION TO AUTHORIZE SERVICE ON CERTAIN FOREIGN DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)**<br><br>Date: September 5, 2008<br>Time: 10:00 a.m.<br>Court: One, 17th Floor<br><br>The Honorable Samuel Conti |

**TABLE OF CONTENTS**

**Page**

STATEMENT OF THE ISSUE ................................................................................................... 1

STATEMENT OF RELEVANT FACTS .................................................................................... 1

ARGUMENT ................................................................................................................................. 2

    I.     This Issue Is Governed By Both The Federal Rules Of Civil Procedure And The Hague Convention ............................................................... 2

    II.    The Hague Convention And The Federal Rules Of Civil Procedure Do Not Authorize Service On A Foreign Corporation Through Its Subsidiaries, Related Entities, Or Counsel ......................................................... 3

    III.   Even If Alternative Service Pursuant To Rule 4(f)(3) Were Available Here, Plaintiffs Have Shown No Unreasonable Expense Or Delay .......................................................................................................................... 8

CONCLUSION ............................................................................................................................. 9

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

# TABLE OF AUTHORITIES

**Cases**                                                                                                              **Page**

*Agha v. Jacobs*,
No. C-07-1800 (RS), 2008 WL 2051061 (N.D. Cal. May 13, 2008) ................................... 6

*Bank Julius Baer & Co. v. Wikileaks*,
No. C-08-00824 (JSW), 2008 WL 413737 (N.D. Cal. Feb. 13, 2008) .............................. 6, 7

*Brockmeyer v. May*,
383 F.3d 798 (9th Cir. 2004) ............................................................................................. 4

*Ehrenfeld v. Salim a Bin Mahfouz*,
No. 04-civ-9641 (RCC), 2005 WL 696769 (S.D.N.Y. Mar. 23, 2005) ............................... 7

*In re LDK Solar Secs. Litig.*,
No. C-07-05182 (WHA), 2008 WL 2415186 (N.D. Cal. Jun. 12, 2008) .......................... 7, 8

*Marcantonio v. Primorsk Shipping Corp.*,
206 F. Supp. 2d 54 (D. Mass. 2002) .................................................................................. 6

*Nanya Tech. Corp. v. Fujitsu Ltd.*,
No. Civ-06-00025, 2007 WL 269087 (D. Guam Jan. 26, 2007) ...................................... 7, 8

*Rio Props., Inc. v. Rio Int'l Interlink*,
284 F.3d 1007 (9th Cir. 2002) ............................................................................. 4, 5, 6, 7, 8

*Taft v. Moreau*,
177 F.R.D. 201 (D. Vt. 1997) ............................................................................................ 6

*Volkwagenwerk Aktiengesellschaft v. Schlunk*,
486 U.S. 694 (1988) ................................................................................................... 3, 4, 5

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

Toshiba Corporation ("Toshiba"), a named defendant in various indirect purchaser actions who has not received service of the summons and complaint and who exited the cathode ray tube business on April 1, 2003, hereby files its opposition to the Indirect Purchaser Plaintiffs' Motion To Authorize Service On Certain Foreign Defendants Pursuant To Federal Rule Of Civil Procedure 4(f)(3).  Toshiba files this opposition solely to ensure that it is served in a manner that comports with the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention") and the Federal Rules of Civil Procedure.  By filing this opposition, Toshiba does not intend to make a general appearance in this action and specifically reserves all of its defenses.

## STATEMENT OF THE ISSUE

Whether the indirect purchaser plaintiffs may serve Toshiba with a copy of the summons and complaint through one of its U.S. subsidiaries and through its counsel, in circumstances where (1) Japan is a signatory to the Hague Convention; and (2) neither the Hague Convention nor the Federal Rules of Civil Procedure authorize service on subsidiaries located in the forum state or on counsel.

## STATEMENT OF RELEVANT FACTS

On November 13, 2007, Andrew Kindt commenced an action in the Southern District of New York on behalf of himself and a putative class consisting of persons and entities who purchased products containing a cathode ray tube ("CRT").  *Kindt v. Matsushita Electric Industrial Co., Ltd.*, No 07-cv-10322 (S.D.N.Y.).  Since that time, a total of 21 actions have been filed across the United States by other "indirect" purchasers of CRTs.  Toshiba is named as a defendant in all of these actions, even though it exited the CRT market on April 1, 2003.  To date, none of the plaintiffs in these actions have attempted to

serve Toshiba in the manner prescribed by the Hague Convention and the Federal Rules of Civil Procedure, or in any manner whatsoever.

On February 23, 2008, the law firm of Trump, Alioto, Trump & Prescott, LLP ("TATP") filed a motion with this Court seeking appointment as interim lead or co-lead counsel for the indirect purchaser plaintiffs in this multidistrict litigation. Docket Entry 90. In support of this motion, TATP stated that "TATP is prepared to devote ***significant*** human and ***financial resources*** to representing the interests of the proposed class." *Id.* at 8 (emphasis added). TATP elaborated that "[t]he firm is prepared to commit the professionals and resources necessary to take this case through pre-trial, trial and any appeals that may arise." *Id.* By order dated May 9, 2008, the Court appointed Mario Alioto and TATP as interim lead counsel for the putative class of indirect purchasers.

On August 1, 2008, the indirect purchaser plaintiffs filed a motion seeking the Court's approval to serve 7 defendants, including Toshiba, through their U.S. subsidiary (or related entity) and through counsel.

## **ARGUMENT**

**I.      This Issue Is Governed By Both The Federal Rules Of Civil Procedure And The Hague Convention**

In relevant part, Rule 4(h) of the Federal Rules of Civil Procedure provides that a foreign corporation "must be served . . . (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(c)(i)." Also in relevant part, Rule 4(f) allows for service "(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents . . . or (3) by other means not prohibited by international agreement, as the court orders."

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Article 1 of the Hague Convention states that the Convention applies "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." 20 U.S.T. 361, 362. If the Hague Convention applies, it is the exclusive means of service on a foreign entity. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988) ("By virtue of the Supremacy Clause, U.S. Const., Art. VI, the Convention pre-empts inconsistent methods of service prescribed by state law in which it applies."). As noted by one commentator:

> Most U.S. courts have concluded that, if service is to be made in the territory of a contracting state, and if the Hague Service Convention is available for such service, then the Convention *must* be complied with. According to these courts, traditional mechanisms for U.S. extraterritorial service — including Federal Rule of Civil Procedure 4 and its state counterparts — are preempted by the Convention when service must be made within a contracting state . . . . [A] few lower courts reached contrary conclusions, but these decisions almost certainly do not survive *Volkswagenwerk*.

Gary B. Born, *International Civil Litigation In United States Courts* 863 & n.4 (4th ed. 2007) (emphasis in original).

Both the United States and Japan are signatories to the Hague Convention. *See* http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (status table — Hague Conference on Private International Law).

## II. The Hague Convention And The Federal Rules Of Civil Procedure Do Not Authorize Service On A Foreign Corporation Through Its Subsidiaries, Related Entities, Or Counsel

The indirect purchaser plaintiffs do not assert that service upon a subsidiary, related entity, or counsel qualifies as a means of service under the Hague Convention. Indeed,

none of these methods of service are authorized by the Convention.  Rather, the indirect purchaser plaintiffs argue that service through the Hague Convention (as set forth in Rule 4(f)(1)) can be ignored in favor of service via "other means" (as set forth in Rule 4(f)(3)) because they believe that court-ordered service under Rule 4(f)(3) is equal to internationally agreed means of service under Rule 4(f)(1).  With respect to a defendant like Toshiba that resides in a Hague Convention signatory nation, the indirect purchaser plaintiffs are incorrect.

The Supreme Court has recognized the "mandatory" nature of the Hague Convention, noting that it pre-empts "inconsistent methods of service."  *Volkswagenwerk*, 486 U.S. at 699.  The mandatory nature of the Hague Convention is also reflected in the 1993 Advisory Committee notes to Rule 4(f), which provide that "[u]se of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service."  Service on a subsidiary, related entity, or counsel is a method of service that is "inconsistent" with the Hague Convention;  thus, the indirect purchaser plaintiffs' proposed means of service should be rejected by the Court.

Because of the mandatory nature of the Hague Convention, the indirect purchaser plaintiffs' reliance upon Rule 4(f)(3) is unavailing.  Mot. at 4.  That rule authorizes service on foreign corporations "by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).   Given the text of the Convention itself, the Supreme Court's pronouncement in *Volkswagenwerk*, and the 1993 Advisory Committee notes, there can be no doubt but that the means of service set forth in the Hague Convention are the ***exclusive*** means of service authorized by that treaty.  They are not mere guidelines or suggestions for signatory nations to follow.  *Accord Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) ("Because service of process was attempted abroad, the validity of service is controlled by the Hague Convention, to the extent that the Convention applies") (citation omitted).

The main case relied upon by the indirect purchaser plaintiffs — *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007 (9th Cir. 2002) — supports Toshiba's
White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

position. In that case, a hotel operator sued an internet business entity located in Costa Rica for trademark infringement. Service was effectuated through email and regular mail, pursuant to Rule 4(f)(3). This method of service was sustained by the Ninth Circuit. Critically, however, the Ninth Circuit made the following observation: "A federal court ***would be prohibited*** from issuing a Rule 4(f)(3) order in contravention of an international agreement, ***including the Hague Convention referenced in Rule 4(f)(1)***. The parties agree, however, that the Hague Convention does not apply in this case because Costa Rica is not a signatory." *Id*. at 1015 n.4 ("Footnote 4") (emphasis added).

In their motion, the indirect purchaser plaintiffs ignore Footnote 4 of *Rio Properties*. Having ignored that footnote, the indirect purchaser plaintiffs misconstrue that case and the interplay between Rules 4(f)(1) and 4(f)(3). Before the Ninth Circuit, the Costa Rican internet business entity argued that "Rule 4(f) should be read to create a hierarchy of preferred methods of service of process." 284 F.3d at 1014. In response to this argument, the Ninth Circuit explained that, "[b]y all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1)[FN4] or Rule 4(f)(2)." *Id*. at 1015. The placement of Footnote 4 reveals that the Ninth Circuit understood that Rule 4(f)(1) and Rule 4(f)(3) were equivalents only when the Hague Convention is not in effect. Here, the Hague Convention is in effect with respect to Japan. Thus, the indirect purchaser plaintiffs are simply incorrect when they argue that Rule 4(f)(1) (service via internationally agreed means) need not be pursued before resorting to Rule 4(f)(3) (court-ordered service).

In any event, the Court need not determine in this case whether Rule 4(f) creates a hierarchy of preferred methods of service. Rule 4(f)(3) specifically states that the court may only order service through "means not prohibited by international agreement." Service on a subsidiary, related entity, or counsel is not authorized by the Hague Convention; thus, these methods of service are prohibited by that treaty. *Volkswagenwerk*, 486 U.S. at 699; *see also* 1993 Advisory Committee Notes to Rule 4(f) ("Use of the Convention procedures, when available, is mandatory if documents must be transmitted

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  abroad to effect service"); *Marcantonio v. Primorsk Shipping Corp.*, 206 F. Supp. 2d 54,
2  57 (D. Mass. 2002) ("Rule 4(f) requires the use of the provisions outlined by the Hague
3  Convention when it is in effect"); *Taft v. Moreau*, 177 F.R.D. 201, 203 (D. Vt. 1997)
4  (same).

5        This interpretation of *Rio Properties* is supported by other decisions of this Court.  In
6  *Agha v. Jacobs*, No. C-07-1800 (RS), 2008 WL 2051061 (N.D. Cal. May 13, 2008), the
7  Northern District of California held that Hague Convention procedures must be applied
8  when the defendant was located in Germany, which is a signatory to the Hague
9  Convention.  The *Agha* Court correctly noted that, although the *Rio Properties* Court
10 permitted alternative service under Rule 4(f)(3), the defendant in *Rio Properties* was not
11 located in a country where the Hague Convention was in effect.  *Id.* at *2 ("All of the cases
12 to which [plaintiff] points, however, involve foreign countries that either were not members
13 of Hague Convention, or if they were, had not exercised their rights under Article 10 of that
14 Convention to object to service through "postal channels." In contrast, as [plaintiff]
15 concedes, Germany is a member of the Hague Convention . . . .").  *Agha* holds that the
16 Hague Convention procedures must be employed when the defendant is located in a
17 signatory country, even if those methods are more difficult:  "[Plaintiff] has available to
18 him the method of accomplishing service in Germany under the auspices of the Hague
19 Convention.  Although those provisions may be more cumbersome, he is directed to
20 employ them in a timely fashion or to dismiss this complaint." *Id*. at *2.  Similarly, the
21 indirect purchaser plaintiffs here can accomplish service under the Hague Convention, and
22 this Court should require those plaintiffs to do so even if they view such procedures as
23 cumbersome.

24       Some of the cases relied upon by the indirect purchaser plaintiffs are distinguishable
25 because the defendants were located in countries that are not signatories to the Hague
26 Convention.  In *Bank Julius Baer & Co. v. Wikileaks*, No. C-08-00824 (JSW), 2008 WL
27 413737 (N.D. Cal. Feb. 13, 2008) (Mot. at 5-6), the court held that service under Rule
28 4(f)(3) was permitted without requiring plaintiffs to attempt service under 4(f)(1) or 4(f)(2).

1   Because the defendants were not located in a Hague signatory country, the court did not
2   have to bypass the Hague Convention to allow service under Rule 4(f)(3). The court also
3   signaled its respect for the Hague Convention by stating that "[u]nder the plain language of
4   Rule 4(f)(3), a plaintiff must show that 'other means' is not prohibited by international
5   agreement and must obtain a court order to effectuate service in the desired fashion." *Id*. at
6   *2 (citing *Rio Properties*, 284 F.3d at 1014). In *Ehrenfeld v. Salim a Bin Mahfouz*, No. 04-
7   civ-9641 (RCC), 2005 WL 696769 (S.D.N.Y. Mar. 23, 2005) (Mot. at 9), the court granted
8   plaintiff's motion to serve a defendant in Saudi Arabia, a non-Hague signatory country,
9   under Rule 4(f)(3). However, the court also stated that, "[b]ecause the Court is not aware
10  of any international agreement that speaks to service of process in Saudi Arabia, Plaintiff
11  needs only to obtain the Court's permission" to serve under Rule 4(f)(3). *Id.* at *2.
12      Although other cases relied upon by the indirect purchaser plaintiffs authorized
13  alternative means of service pursuant to Rule 4(f)(3) even though the defendant resided in a
14  Hague signatory country, the Court should decline to follow these cases because they all
15  fail to mention or discuss Footnote 4 of *Rio Properties*. In *In re LDK Solar Securities*
16  *Litigation*, No. C-07-05182 (WHA), 2008 WL 2415186 (N.D. Cal. Jun. 12, 2008) (Mot. at
17  5), the court failed to incorporate Footnote 4 into its reading of *Rio Properties*, and
18  interpreted the case as holding that alternative service is permitted under Rule 4(f)(3) even
19  when the Hague Convention is in effect. In *Nanya Technology Corp. v. Fujitsu Ltd.*, No.
20  Civ-06-00025, 2007 WL 269087 (D. Guam Jan. 26, 2007) (Mot. at 6), the court made the
21  same mistake by stating that *Rio Properties* allows a defendant in a country that is a Hague
22  Convention signatory to be served under Rule 4(f)(3). The *Nanya* Court stated that the
23  "[defendant] argued that the *Rio* court's holding applies only to situations where the
24  recipient party does not live in a member country of the Hague Convention. The *Rio*
25  *Properties* Court however, does not make that kind of distinction nor limit its holding to
26  such circumstances." *Id*. at *5. This is an incorrect statement. The *Rio Properties* Court
27  explicitly noted in its Footnote 4 that it only allowed service under Rule 4(f)(3) because the
28  defendant was not located in a Hague signatory country. Thus, this Court should disregard

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  both the *LDK Solar Securities* and *Nanya* decisions because those courts failed to mention
2  or take into account Footnote 4 of *Rio Properties*.

3        *In re LDK Solar Securities Litigation* is distinguishable for a separate reason.  In
4  that case, the plaintiffs argued that it would be difficult to serve the foreign defendants at
5  issue, noting that the defendants' counsel had stated that it might be "impossible" to serve
6  some of the unserved defendants.  2008 WL 2415186 at *3.  That is not the case here.  In
7  other recent multi-district litigation, Toshiba has been successfully served through the
8  Hague Convention, most recently in the LCD antitrust litigation.  Toshiba expects that it
9  will be successfully served here through the Hague Convention.

### III. Even If Alternative Service Pursuant To Rule 4(f)(3) Were Available Here, Plaintiffs Have Shown No Unreasonable Expense Or Delay

    Even if alternative service pursuant to Rule 4(f)(3) were available here, the indirect purchaser plaintiffs have not shown any unreasonable expense or delay that would preclude them from following the Hague Convention.

      The indirect purchaser plaintiffs claim that it will cost them $30,000 to serve the remaining 15 defendants that are located in countries that are signatories to the Hague Convention, or approximately $2,000 per defendant.  Mot. at 2.  A cost of $2,000 per defendant is very reasonable given that the indirect purchaser plaintiffs seek a multi-million dollar award in this litigation and have represented to this Court that they have adequate financial resources to pursue this litigation.  *See* Docket Entry 90 (Plaintiff Jeffrey Figone's Motion for Appointment of Interim Lead Counsel For the Indirect Purchaser Class) at 8 ("[Trump, Alioto, Trump, and Prescott] is prepared to devote significant human and financial resources to representing the interests of the proposed class. . . . The firm is prepared to commit the professionals and resources necessary to take this case through pre-trial, trial, and any appeals that may arise.").  The indirect purchaser plaintiffs should not be excused from the ordinary costs of litigation at the expense of Toshiba's rights to be served in accordance with the Hague Convention.

The indirect purchaser plaintiffs also complain about the "time consuming" nature of service of process under the Hague Convention. Mot. at 2. However, as recognized by the indirect purchaser plaintiffs themselves, service under the Hague Convention can be accomplished in four to six months. *Id.* If the indirect purchaser plaintiffs had commenced Hague service procedures on Toshiba when the first indirect purchaser action was commenced in November 2007 (or even as late as February 2008), service would be complete by now. Rather than compromising Toshiba's rights, the indirect purchaser plaintiffs should be held accountable for their own delay.

## **CONCLUSION**

Toshiba has not participated in the CRT market for several years, having exited that market on April 1, 2003. For the reasons contained in this opposition, the Court should deny the indirect purchaser plaintiffs' motion. In the event that the Court grants the motion, it should order service upon the undersigned counsel, not Toshiba America, Inc. ("TAI"), Toshiba's U.S. subsidiary. TAI has never received service of process on behalf of Toshiba.

Dated: August 15, 2008                                  **WHITE & CASE LLP**

By:  /s/  George L. Paul
Christopher M. Curran (pro hac vice)
ccurran@whitecase.com
George L. Paul (pro hac vice)
gpaul@whitecase.com
Lucius B. Lau (pro hac vice)
alau@whitecase.com
701 Thirteenth Street, N.W.
Washington, D.C.  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant Toshiba Corporation*

# CERTIFICATION

*In Re: Cathode Ray Tube (CRT) Antitrust Litigation,*
Case No. C 07-5944 SC, MDL No. 1917 (N.D. Cal.)

I, Willie Lin, legal assistant, declare that I am over the age of eighteen (18) and not a party to this action. I am employed at the law firm of White & Case LLP, 701 Thirteenth Street NW, Washington DC 20005.

On August 15, 2008, I sent a copy of the foregoing Toshiba Corporation's Opposition to Indirect Purchaser Plaintiffs' Motion to Authorize Service on Certain Foreign Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) to the entities listed below.

## BY FIRST CLASS MAIL:

Andrus Star Liberty
Andrus Liberty & Anderson LLP
1438 Market Street
San Francisco, CA 94102

Charles A. Legge
JAMS
Two Embarcadero Ctr #1100
San Francisco, CA 94111

Donna F. Solen
Mason Law Firm-Washington
1225 19th Street, NW, Suite 500
Washington, DC 20036

Guri Ademi
Ademi & O'Reilly LLP
3620 East Layton Avenue
Cudahy, WI 53110

Anthony J. Viola
Edwards Angell Palmer & Dodge LLP
750 Lexington Avenue
New York, NY 10022

Charles H. Johnson
Charles H Johnson & Associates PA
2599 Mississippi Street
New Brighton, MN 55113

Gregory D. Hull
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065

Imtiaz A. Siddiqui
Lovell Stewart Halebian LLP
500 Fifth Avenue
New York, NY 10110

TOSHIBA CORPORATION'S OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION TO AUTHORIZE SERVICE ON CERTAIN FOREIGN DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

| | |
|---|---|
| Issac L. Diel<br>Sharp McQueen<br>6900 College Boulevard, Suite 285<br>Overland Park, KS 66211 | Jean B. Roth<br>Mansfield Tanick & Cohen<br>1700 U.S. Bank Plaza South<br>220 South Sixth Street<br>Minneapolis, MN 55402-4511 |
| John G. Emerson<br>Emerson Poynter LLP<br>830 Apollo Lane<br>Houston, TX 77058 | John Gressette Felder, Jr<br>McGowan Hood Felder<br>  and Johnson<br>1405 Calhoun Street<br>Columbia, SC 29201 |
| Jonathan Mark Watkins<br>The Furth Firm LLP<br>225 Bush Street, 15th Floor<br>San Francisco, CA 94104-4249 | Karen Sewell<br>Baker & McKenzie LLP<br>130 E. Randolph Drive<br>Suite 3500<br>Chicago, Il 60601 |
| Krishna B. Narine<br>Schiffrin & Barroway, LLP<br>Three Bala Plaza East<br>Suite 400<br>Bala Cynwyd, PA 19004 | Lawrence D. McCabe<br>Murray Frank & Sailer LLP<br>275 Madison Avenue<br>New York, NY 10016 |
| Lawrence P. Schaefer<br>Mansfield Tanick & Cohen<br>1700 U.S. Bank Plaza South<br>220 South Sixth Street<br>Minneapolis, MN 55402-4511 | Lori A. Fanning<br>Miller Law LLC<br>115 South LaSalle Street<br>Suite 2910<br>Chicago, IL 60603 |
| Manuel J. Dominguez<br>Berman DeValerio Peasse Tabacco<br>  Burt & Pucillo<br>222 Lakeview Avenue, Suite 900<br>West Palm Beach, FL 33401 | Mark Reinhardt<br>Reinhardt Wendorf &<br>  Blanchfield<br>East 1000 First National Bank<br>  Building<br>322 Minnesota Street<br>St. Paul, MN 55101 |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

| | |
|---|---|
| Martin E. Grossman<br>Law Offices of Martin E. Grossman<br>2121 Green Brier Drive<br>Villanova, PA 19085 | Matthew E. Van Tine<br>Miller Law LLC<br>115 South LaSalle Street<br>Suite 2910<br>Chicago, IL 60603 |
| Neal A Eisenbraun<br>Neal A Eisenbraun, Chartered<br>2599 Mississippi Street<br>New Brighton, MN 55113 | Patrick J. Ahern<br>Baker & McKenzie<br>One Prudential Plaza<br>130 East Randolph Drive<br>Chicago, IL 60601 |
| Richard M. Hagstrom<br>Zelle Hofmann Voelbel Mason &<br>  Gette LLP<br>500 Washington Avenue South<br>Suite 4000<br>Minneapolis, MN 55415 | Roger Martin Schrimp<br>Damrell Nelson Schrimp Pallios<br>  Pacher & Silva<br>1601 I Street 5th Floor<br>Modesto, CA 95354 |
| Roxane Busey<br>Baker & McKenzie LLP<br>130 E. Randolph Drive, Suite 3500<br>Chicago, IL 60601 | Shpetim Ademi<br>Ademi & O'Reilly LLP<br>3620 East Layton Avenue<br>Cudahy, WI 53110 |
| Steven A. Reiss<br>Weil Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153-0119 | Traviss Levine Galloway<br>Zelle Hofmann Voelbel Mason<br>  & Gette<br>44 Montgomery St #3400<br>San Francisco, CA 94104 |

_____
Willie Lin

TOSHIBA CORPORATION'S OPPOSITION TO INDIRECT PURCHASER
PLAINTIFFS' MOTION TO AUTHORIZE SERVICE ON CERTAIN FOREIGN
DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3)
Case No. 07-5944 SC
MDL No. 1917

3