1   MARIO N. ALIOTO, ESQ. (56433) malioto@tatp.com
    LAUREN C. RUSSELL, ESQ. (241151) laurenrussell@tatp.com
2   TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
    2280 Union Street
3   San Francisco, CA  94123
    Telephone:  (415) 563-7200
4   Facsimile: (415) 346-0679

5   Interim Lead Counsel for the
    INDIRECT PURCHASER PLAINTIFFS
6

    PILLSBURY WINTHROP SHAW PITTMAN LLP
7   TERRENCE A. CALLAN (36305) terrence.callan@pillsburylaw.com
    50 Fremont Street
8   Post Office Box 7880
    San Francisco, CA  94120-7880
9   Telephone: (415) 983-1000
    Facsimile: (415) 983-1200
10

    PILLSBURY WINTHROP SHAW PITTMAN LLP
11  JOSEPH R. TIFFANY II (67821) joseph.tiffany@pillsburylaw.com
    PHILIP A. SIMPKINS (246635) philip.simpkins@pillsburylaw.com
12  2475 Hanover Street
    Palo Alto, CA  94304-1114
13  Telephone: (650) 233-4500
    Facsimile: (650) 233-4545
14
    Attorneys for Defendants
15  IRICO DISPLAY DEVICES CO., LTD. and
    IRICO GROUP CORPORATION
16

17               UNITED STATES DISTRICT COURT

18             NORTHERN DISTRICT OF CALIFORNIA

19                 SAN FRANCISCO DIVISION

20  _____
    IN RE: CATHODE RAY TUBE (CRT)           ) Case No. CV-07-5944 SC
21  ANTITRUST LITIGATION                     ) MDL NO. 1917
                                             )
22  _____) **STIPULATION RE: SERVICE OF
                                             ) PROCESS ON FOREIGN
23                                           ) DEFENDANTS IRICO DISPLAY
                                             ) DEVICES CO., LTD. AND IRICO
24  This Document Relates To:                ) GROUP CORPORATION**
                                             )
25  ALL INDIRECT PURCHASER ACTIONS           )
    _____) Before the Honorable Samuel Conti
26  \\\

27  \\\

28

701221981v3                    - 1 -

1       WHEREAS, foreign defendants IRICO Display Devices Co., Ltd. and IRICO

2   Group Corporation (collectively the "IRICO Defendants") have not been formally

3   served with process in any case brought by indirect purchasers of cathode ray tubes

4   ("CRTs") or CRT products ("Indirect Purchaser Actions");

5       WHEREAS, the IRICO Defendants have been formally served with process

6   in the case of *Hawel v. Chunghwa Picture Tubes, Ltd., et al.,* case no. C 07-06279

7   (the "*Hawel* Case"), a class action brought by plaintiffs purporting to represent

8   direct purchasers of CRTs and CRT products (a "Direct Purchaser Action");

9       WHEREAS, the *Hawel* Case has been consolidated with other Direct

10  Purchaser Actions and Indirect Purchaser Actions which are collectively referred to

11  as "*In re: Cathode Ray Tube (CRT) Antitrust Litigation*" (the "Consolidated Cases");

12      WHEREAS on June 24, 2008, counsel for the IRICO Defendants

13  electronically filed a notice of appearance in the Consolidated Cases and the *Hawel*

14  Case (the "Notice of Appearance") as required by the Court's Pretrial Order Number

15  1, filed April 4, 2008;

16      WHEREAS, on August 1, 2008, plaintiffs in the Indirect Purchaser Actions

17  ("Indirect Purchaser Plaintiffs") filed a Motion To Authorize Service On Certain

18  Foreign Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) ("Service

19  Motion");

20      WHEREAS, Indirect Purchaser Plaintiffs claim in their Service Motion that

21  the filing of the Notice of Appearance by counsel for IRICO Defendants obviates the

22  need for the Indirect Purchaser Plaintiffs to formally serve the IRICO Defendants in

23  the Indirect Purchaser Actions;

24      WHEREAS, the IRICO Defendants dispute the Indirect Purchaser Plaintiffs'

25  claim;

26      WHEREAS, the parties have met and conferred and undersigned counsel for

27  the IRICO Defendants has agreed to accept service of process in the Indirect

28  Purchaser Actions on behalf of the IRICO Defendants.

1    NOW, THEREFORE, INDIRECT PURCHASER PLAINTIFFS AND THE

2 IRICO DEFENDANTS, BY AND THROUGH THEIR UNDERSIGNED

3 COUNSEL, HEREBY STIPULATE AND AGREE THAT:

4    1.    The IRICO Defendants shall be deemed served with the Summons and

5 Complaint in *Figone v. LG Electronics, Inc., et al.,* Case No. 07-6331-SC in the

6 Indirect Purchaser Actions as of the date of execution of this Stipulation.

7    2.    Notwithstanding Paragraph 1, the IRICO Defendants shall not be

8 required to (i) appear in the Indirect Purchaser Actions until sixty (60) days after the

9 date of execution of this Stipulation; or (ii) comply with initial disclosure obligations

10 pursuant to Rule 26 of the Federal Rules of Civil Procedure until ninety (90) days

11 after the date of execution of this Stipulation.  In addition, the IRICO Defendants'

12 time to answer, move, or otherwise respond to The Indirect Purchaser Plaintiffs'

13 Complaint shall be extended as set forth in the Stipulation and Order Re Extension

14 Of Time For Defendant To Respond To Complaint, dated December 19, 2007.

15    3.    To the extent the Service Motion was intended to, or did, apply to the

16 IRICO Defendants, Indirect Purchaser Plaintiffs hereby withdraw their Service

17 Motion as to the IRICO Defendants.

18    4.    Indirect Purchaser Plaintiffs' Service Motion will proceed as to the

19 remaining foreign defendants as they are listed in the Service Motion.

20    5.    Indirect Purchaser Plaintiffs hereby agree that they will not cite, rely

21 upon, or utilize in any other way this agreement in any future case.

22

23 DATED: August 21, 2008                **TRUMP, ALIOTO, TRUMP &**
                                        **PRESCOTT, LLP**
24

25

26 By:  _/s/ Mario N. Alioto_
                MARIO N. ALIOTO
27
   *Interim Lead Counsel for the Indirect Purchaser*
28 *Plaintiffs Class*

DATED: August 21, 2008

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By:   /s/ Terrence A. Callan
        TERRENCE A. CALLAN

*Counsel for Defendants IRICO Display Devices Co., Ltd. and IRICO Group Corporation*

I here by attest that I have the concurrence of Mario Alioto to file this document.

By:   /s/ Terrence A. Callan
        TERRENCE A. CALLAN