Hon. Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 774-2644
Fax: (415) 982-5287
Special Master

JAMS

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | **No. 07-5944 SC** |
| | **MDL No. 1917** |
| CRAGO, INC., | **JAMS Reference No. 1100054618** |
| Plaintiff, | **REPORT AND RECOMMENDATIONS** |
| v. | |
| CHUNGHWA PICTURE TUBES, LTD., et al., | |
| Defendants. | |

To the Honorable Samuel Conti, United States District Judge:

The undersigned Special Master submits this first report and recommendations on two pending matters:

1.  The motion by the United States Department of Justice for a stay of the proceedings is presently scheduled to be heard by your Honor on Friday, September 19, 2008. Representatives of the Department of Justice, plaintiffs, and defendants have been and are now engaged in discussions about a possible stipulation regarding a stay and regarding other proceedings in this case. As soon as it is known whether there will or will not be a stipulation, the Court will be immediately advised.

2.  A motion by the indirect plaintiffs to authorize service on certain foreign defendants is scheduled for a hearing on September 5, 2008. The motion and opposition have

been presented to the Special Master, who conducted a hearing with the parties by telephone on August 27, 2008. The Special Master makes the following recommendations with respect to that motion:

The indirect plaintiffs invoke Federal Rule of Civil Procedure 4(f)(3) to request the Court to issue an order that they may serve certain foreign defendants by serving a copy of the summons and complaint on a US subsidiary or related entity, and by serving a copy of the summons and complaint on counsel of recorse.

Following the filing of the motion, discussions resulted in certain defendants entering into stipulations with plaintiffs for the service of process. Those stipulations have already been filed with the Court. Two defendants remain who oppose the motion. They are Toshiba Corporation and Konimklijke Phillips Electronics.

After reading the moving and opposing papers, and after conducting a hearing with the parties, the Special Master recommends that the motion of the indirect plaintiffs be <u>granted</u>, for the following reasons.

Federal Rule of Civil Procedure 4(f)(3) authorizes process to be served "by…means not prohibited by international agreement as may be directed by the Court."

The two defendants contend that rule 4(f)(3) cannot be used if the defendant to be served is domiciled in a country which is a signator to the Hague Convention. However, in the opinion of this Special Master, that argument has been rejected by the Ninth Circuit in <u>Rio Properties Inc. v. Rio International Interlink</u>, 284 F3rd 1007 (9th Circuit 2002). The Court Of Appeals there authorized service under rule 4(f)(3), and held that its usage did <u>not</u> depend upon any showing that the other methods of service under rule 4(f) were inapplicable. The court stated that rule 4(f)(3) service "is as favored as service available under [other portions of rule 4(f)]." It is a separately enumerated service provision and it "stands independently, on an equal footing." The rules "include no qualifiers or limitations which indicate its availability only after attempting service of process by other means." 284 F3rd at p. 1015.

Defendants claim there is an exception for Hague country defendants, based on footnote four of the <u>Rio</u> decision. However the Special Master interprets that footnote as stating only that rule 4(f)(3) can not be used if such service is <u>prohibited</u> by some international agreement. Neither the Hague Convention nor any other international agreement cited to the arbitrator

prohibits such service. The Special Master concludes that even if the defendants are domiciled in Hague countries, they can be served with process under rule 4(f)(3).

Such service satisfies due process requirements, because by serving the subsidiaries and/or the attorneys, the defendants are assured of actual notice. It is a procedure which will apprise the defendants of the pendency of the action and afford them an opportunity to present their objections.

Plaintiffs also have good cause to invoke the Court's power under rule 4(f)(3). The use of the Hague processes is expensive, and it is particularly time consuming, involving several months of procedures. This appears to be an unnecessary expenditure of time in cases where related entities are already before the Court.

In this district, Judge Alsop has also used rule 4(f)(3) for the service of process on foreign corporations by service on their domestic subsidiaries; <u>LDK Solar Securities Litigation</u>, 2008 WL 2415186 (ND Cal. June 12, 2008).

Late in the briefing, defendants brought to the attention of plaintiffs and the Special Master a decision by your Honor in <u>Hickory Travel Systems Inc. v. TUI</u>, 213 FRD 547, Case No. 3-07-CD-05944-SC. Your Honor there quashed a service of process on the defendant's subsidiaries. However, that case did not present any issue of the use of rule 4(f)(3). The closeness of the relationships between defendants and their subsidiaries, which your Honor examined in the <u>Hickory</u> case, need not be explored now, because under rule 4(f)(3) the only relevance of the subsidiaries is the fact that the parents would thereby receive notice of the suits. Indeed, even that may no longer be an issue here, because both defendants, although opposing the motion, have stated that if the Court grants the motion they would prefer that the order direct service only upon counsel and not upon the subsidiaries. Obviously they believe that notice to counsel is a way for the parent to learn of the existence of the cases. If the Court grants this motion, the Special Master recommends that the Court use the method of the service requested by the defendants.

Respectively submitted.

Dated: August 29, 2008

*Charles A. Legge*
Hon. Charles A. Legge (Ret.)
SPECIAL MASTER