Counsel Listed on Signature Block

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. C07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br>ALL ACTIONS | **STIPULATION AND [PROPOSED] ORDER FOR LIMITED DISCOVERY STAY** |

WHEREAS these consolidated civil cases arise from an alleged conspiracy in violation of the Sherman Act to fix the prices of Cathode Ray Tubes ("CRTs") and finished products containing CRTs ("CRT products")[1];

WHEREAS there is an ongoing criminal grand jury investigation involving the products at issue in this case;

WHEREAS the United States has filed a Motion for a Limited Stay of Discovery;

WHEREAS the parties have met and conferred on the scope of a limited discovery stay;

PLAINTIFFS, DEFENDANTS, AND THE UNITED STATES, BY AND THROUGH THEIR UNDERSIGNED COUNSEL, HEREBY STIPULATE AND AGREE AS FOLLOWS:

1. This Stipulation and Order shall limit discovery in these consolidated cases during the six (6) month period following entry of the Stipulation and Order by the Court,

---

[1] Any reference to products containing CRTs is not intended to have any bearing on the legal question of whether purchasers of those products are proper class members. By agreeing to provide certain discovery of CRT products by way of this stipulation, the parties agree that defendants have not waived their right to contest further discovery of documents and information relating to CRT products.

unless extended by the Court upon motion.

2. During the limited discovery stay, no discovery shall be conducted in this case (including, without limitation, document requests, interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to any understandings, agreements, contacts, meetings, or communications, between or among any manufacturers of CRTs or CRT products, relating to the sale, pricing, production, volume, market share, customers, capacity, or distribution of CRTs or CRT products.

3. During the limited discovery stay, no discovery shall be conducted in this case (including, without limitation, document requests, interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury proceedings concerning CRTs or CRT products, including any party's or witness's communications with the United States, or with the grand jury investigating CRTs or CRT products, except by the order of the Court upon good cause shown and consistent with governing law.

4. To the extent consistent with the above, the following discovery is permitted during the limited discovery stay:

    a. plaintiffs are entitled to seek document discovery from third party organizations, including trade associations, that collect market information about CRTs and CRT products, limited to the subjects set forth in this paragraph 4;

    b. the undersigned defendants shall produce documents sufficient to show the dollar and/or unit amount of purchases and/or sales of CRTs and/or CRT products in the United States by defendants from or to third parties, from or to other defendants, or by or between a defendant's subsidiaries, joint ventures, or affiliates, and either documents sufficient to show, or written answers disclosing, the identity of the undersigned defendants' customers and/or distributors of CRTs and/or CRT products in the United States;

    c. the undersigned defendants shall produce documents sufficient to show

the dollar and/or unit amount of sales of CRTs and/or CRT products in the United States to putative class members;

d. plaintiffs are entitled to seek discovery of defendants' (including their subsidiaries, joint ventures, and affiliates) production capacity, capacity utilization, production costs, inventory levels, sales volumes, product lines, profitability, competitive position, market share, sales terms and conditions, costs, process, and shipments for CRTs or CRT products; the rules and procedures governing such discovery are set forth in paragraph 12.

e. the undersigned defendants shall produce either documents sufficient to show, or written answers disclosing, the identities of persons in positions of management or control of defendants' respective CRT operations, including any directors, officers, managing agents and employees; discovery may seek narrative answers, which include the names, positions, dates of employment, tenure and addresses for each person identified during the class period;

f. the undersigned defendants shall produce either documents sufficient to show, or written answers disclosing, the storage, location, retention, destruction or identity of relevant corporate records; and

g. to the extent that any defendant takes the position that no discovery should go forward against it because the Court lacks personal jurisdiction over that defendant, plaintiffs shall be allowed to seek discovery relating to the issue of personal jurisdiction over that defendant, but notwithstanding the above, that defendant reserves all objections to all discovery against it on any subject. Defendants who intend to assert such a personal jurisdiction defense shall serve a short statement explaining the basis for their position by October 15, 2008. Neither executing this Stipulation and Order nor complying with its

terms, including, but not limited to, serving the short statement referenced herein shall constitute a waiver of an undersigned defendant's jurisdictional defense.

5. After the filing of consolidated amended complaints and the resolution of motions to dismiss, class certification discovery is permitted, except as prohibited by the other terms of this Stipulation and Order.

6. This Stipulation and Order does not prohibit the service of interrogatories, requests for admissions, requests for production of documents, or third party document subpoenas, as set forth in paragraph 4(a) above, except to the extent that such discovery requires the production of discovery which is stayed hereunder. No deposition discovery, discovery of emails or email searches shall take place during the stay period.

7. All formal discovery requests shall be served on the United States at least three weeks before the discovery is due to be produced. Any party and/or the United States may object to discovery on the basis that the requested discovery seeks information or documents prohibited by this Stipulation and Order.

8. Any party and/or the United States can request a modification of this Stipulation and Order upon a showing of good cause.

9. The United States shall report to the Court on the status of the grand jury investigation and/or file a motion with the Court to extend the stay by January 30, 2009. On March 6, 2009, the Court shall conduct a Status Conference and/or hear any motion to extend the stay.

10. No undersigned defendant who has agreed to produce discovery pursuant to paragraph 4 above shall move for a stay of that agreed-to discovery on any grounds, including under *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). All defendants reserve their rights to argue for a stay of any other discovery on any grounds.

11. On June 11, 2008, plaintiffs provided to defendants a list of those defendant entities that had previously been named in the direct and indirect purchaser complaints. By September 15, 2008, each defendant shall confirm the proper names of the listed entities

that were involved in its CRT business. To the extent the previously filed complaints erroneously named an entity that was not in the CRT business and/or did not use the correct name for an entity, defendants shall so advise and provide the correct name for such entity. By September 30, 2008, plaintiffs shall inform each defendant whether plaintiffs intend to name the defendant in the consolidated amended complaints. Those defendants who will not be named in the consolidated amended complaints shall have no discovery obligations pursuant to this Stipulation and Order.

12. Paragraph 4 of this Stipulation and Order shall constitute a request for production of documents by plaintiffs' counsel, consistent with, and governed by, the Federal Rules of Civil Procedure (including the definition of "possession, custody, or control"), on all defendants for production of documents sufficient to show the information requested under paragraph 4(b-f) above. Attached hereto as Appendix A is a description of the agreements that some of the undersigned defendants have reached about discovery which they will produce pursuant to paragraph 4(d) above. All of the discovery that the undersigned defendants have agreed to produce pursuant to paragraph 4(d) above, as set forth in Appendix A, as well as the information required by paragraph 4(b), (c), (e) and (f), shall be produced by the undersigned defendants, without any objection, by November 14, 2008. If plaintiffs seek any other discovery pursuant to paragraph 4 against the undersigned defendants, defendants reserve all objections to such additional discovery. Defendants who have not signed this stipulation reserve all objections to any discovery under paragraph 4 above against them and plaintiffs reserve all rights to seek discovery against such defendants consistent with this Stipulation and Order. Any non-signing defendant who intends to oppose any discovery under paragraph 4 above shall file their written objections to such discovery by October 15, 2008. Any defendant who has not made an agreement to produce documents in response to paragraph 4(d) above, as set forth in Appendix A, shall file its objections to such paragraph 4(d) discovery by October 15, 2008.

13. Direct purchaser and indirect purchaser plaintiffs shall file consolidated amended complaints by March 16, 2009.

14. During the term of this Stipulation and Order, the relevant time period for discovery allowed hereunder shall extend back no further than the year 2000 for all parties, to the extent defendants possess responsive information extending back to the year 2000. This paragraph is without prejudice to the position of any party as to what the relevant discovery period is upon the lifting of the stay and the commencement of full discovery.

15. After the plaintiffs' consolidated amended complaints are filed, the parties shall meet and confer about a schedule for motions to dismiss.

16. Defendants may join this Stipulation and Order after the date of its execution by notifying plaintiffs in writing of their intention to do so.

Dated: September 11, 2008

By:  /s/ Jeffrey L. Kessler
JEFFREY L. KESSLER (pro hac vice)
Email: jkessler@dl.com
A. PAUL VICTOR (pro hac vice)
Email: pvictor@dl.com
EVA W. COLE (pro hac vice)
Email: ecole@dl.com
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-7013

STEVEN A. REISS (pro hac vice)
Email: steven.reiss@weil.com
DAVID L. YOHAI (pro hac vice)
Email: david.yohai@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

GREGORY D. HULL (57367)
Email: greg.hull@weil.com
JOSEPH R. WETZEL (238008)
Email: joseph.wetzel@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture*

| | |
|---|---|
| 1 | *Display Corporation of America (NY) (defunct), MT Picture Display Co., Ltd. and Matsushita Electric Industrial Co.* |
| 2 | |
| 3 | |
| 4 | By: /s/ Gary Halling |
|   | GARY L. HALLING, Bar No. 66087 |
| 5 | ghalling@sheppardmullin.com |
|   | JAMES L. MCGINNIS, Bar No. 95788 |
| 6 | jmcginnis@sheppardmullin.com |
|   | MICHAEL SCARBOROUGH, Bar No. 203524 |
| 7 | mscarborough@sheppardmullin.com |
|   | SHEPPARD, MULLIN, RICHTER & |
| 8 | HAMPTON LLP |
|   | Four Embarcadero Center, 17th Floor |
| 9 | San Francisco, California 94111-4109 |
|   | Telephone: 415-434-9100 |
| 10 | Facsimile: 415-434-3947 |
| 11 | ***Attorneys for Defendants*** |
|    | ***Samsung SDI America, Inc. and Samsung SDI*** |
| 12 | ***Co., Ltd.*** |
| 13 | |
| 14 | By: /s/ Samuel Miller |
|    | SAMUEL R. MILLER |
| 15 | Email: srmiller@sidley.com |
|    | RYAN SANDROCK |
| 16 | Email: rsandrock@sidley.com |
|    | SIDLEY AUSTIN LLP |
| 17 | 555 California Street |
|    | San Francisco, CA 94104 |
| 18 | Telephone : (415) 772-1200 |
|    | Facsimile: (415) 772-7400 |
| 19 | |
| 20 | ***Attorneys for Defendants LG Electronics, Inc. and LG Electronics USA, Inc.*** |
| 21 | |
| 22 | By: /s/ Michael Lazerwitz |
|    | MICHAEL R. LAZERWITZ (pro hac vice) |
|    | Email: mlazerwitz@cgsh.com |
| 23 | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| 24 | 2000 Pennsylvania Avenue, NW |
|    | Washington, DC  20006 |
| 25 | Telephone:  (202) 974-1679 |
|    | Facsimile:  (202) 974-1999 |
| 26 | |
|    | ***Attorneys for Direct Purchaser Defendant LP Displays International Ltd.*** |
| 27 | |
| 28 | |

| | |
|---|---|
| 1 | By: /s/ Joel S. Sanders |
| 2 | JOEL S. SANDERS<br>Email: jsanders@gibsondunn.com |
| 3 | JOSHUA HESS<br>Email: jhess@gibsondunn.com |
| 4 | GIBSON, DUNN & CRUTCHER<br>One Montgomery Street, Suite 3100 |
| 5 | San Francisco, CA 94104<br>Telephone: (415) 393-8200 |
| 6 | Facsimile: (415) 986-5309 |
| 7 | ***Attorneys for Chunghwa Picture Tubes, Ltd.*** |
| 8 | By: /s/ Ethan Litwin |
| 9 | ETHAN E. LITWIN (pro hac vice)<br>Email: LitwinE@howrey.com |
| 10 | HOWREY LLP<br>153 East 53rd Street, 54th Floor |
| 11 | New York, NY 10022<br>Telephone: (212) 896-6500 |
| 12 | Facsimile: (212) 896-6501 |
| 13 | JOSEPH A. OSTOYICH (pro hac vice)<br>Email: OstoyichJ@howrey.com |
| 14 | HOWREY LLP<br>1299 Pennsylvania Avenue, N.W. |
| 15 | Washington, D.C. 20004-2402<br>Telephone: (202) 783-0800 |
| 16 | Facsimile: (202) 383-6610 |
| 17 | ***Attorneys for Defendant Philips Electronics*** |
| 18 | ***North America Corporation and Koninklijke Philips Electronics N.V.*** |
| 19 | By: /s/ Anthony Viola |
| 20 | ANTHONY J. VIOLA (pro hac vice)<br>Email: aviola@eapdlaw.com |
| 21 | BARRY BENDES (pro hac vice)<br>Email: bbendes@eapdlaw.com |
| 22 | JOSEPH CZERNIAWSKI (pro hac vice)<br>Email: jczerniawski@eapdlaw.com |
| 23 | EDWARDS ANGELL PALMER & DODGE LLP |
| 24 | 750 Lexington Avenue<br>New York, NY 10022 |
| 25 | Telephone: (212) 308-4411<br>Facsimile: (212) 308-4844 |
| 26 | DAVID W. EVANS |
| 27 | Email: devans@hbblaw.com<br>HAIGHT BROWN & BONESTEEL LLP |
| 28 | 71 Stevenson Street, 20th Floor<br>San Francisco, CA 94105-2981 |

STIPULATION AND [PROPOSED] ORDER FOR LIMITED DISCOVERY STAY
Case No. C07-5944 SC

7

Telephone: (415) 546-7500
Facsimile: (415) 546-7505

**Attorneys for Defendant Orion America, Inc. and Orion Electric Co., Ltd.**

By: /s/ Bruce H. Jackson
Bruce H. Jackson (State Bar No. 98118)
(bruce.h.jackson@bakernet.com)
Robert W. Tarun (State Bar No. 64881)
(robert.w.tarun@bakernet.com)
Nancy C. Allred (State Bar No. 245736)
(nancy.c.allred@bakernet.com)
BAKER & MCKENZIE LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111-3802
Telephone:  +1 415 576 3000
Facsimile:   +1 415 576 3099

Patrick J. Ahern (pro hac vice)
(patrick.j.ahern@bakernet.com)
Roxane C. Busey (pro hac vice)
(roxane.c.busey@bakernet.com)
Karen Sewell (pro hac vice)
(karen.sewell@bakernet.com)
BAKER & MCKENZIE LLP
130 E. Randolph Dr., Suite 3500
Chicago, IL 60601
Telephone:   +1 312 861 8000

**Attorneys for Tatung Company of America, Inc.**

By: /s/ Thomas R. Green
Kent M. Roger (State Bar No. 95987)
(kroger@morganlewis.com)

Thomas R. Green (State Bar No. 203480)
(tgreen@morganlewis.com)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: (415) 442-1000
Fax: (415) 442-1001

**Attorneys for Defendants Hitachi, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd. and Hitachi Electronic Devices (USA), Inc.**

|   |   |
|---|---|
| 1 | By: /s/ Guido Saveri |
| 2 | Guido Saveri (41059) guido@saveri.com |
|   | R. Alexander Saveri (173102) rick@saveri.com |
| 3 | Cadio Zirpoli (179108) cadio@saveri.com |
|   | **SAVERI & SAVERI INC.** |
| 4 | 111 Pine Street, Suite 1700 |
|   | San Francisco, CA 94111-5619 |
| 5 | Telephone: (415)217-6810 |
| 6 | Facsimile: (415)217-6813 |

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

By: /s/ Mario N. Alioto
Mario N. Alioto (56433) malioto@tatp.com
Lauren C. Russell (241151)
laurenrussell@tatp.com
**TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**
2280 Union Street
San Francisco, California 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

*Interim Lead Counsel for the Indirect Purchaser Plaintiffs*

By: /s/ Jeane Hamilton
Jeane Hamilton
Jeane.Hamilton@usdoj.gov
Lidia Maher
Lidia.Maher@usdoj.gov
**U.S. Department of Justice, Antitrust Division**
450 Golden Gate Avenue
Box 36046
San Francisco, CA 94102
Telephone: (415) 436-6660
Facsimile: (415) 436-6687

*Attorneys for United States*

**PROPOSED ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____

_____
Honorable Samuel Conti
UNITED STATES DISTRICT JUDGE

## Appendix A to Stipulation and [Proposed] Order for Limited Discovery Stay

| Entities | Agreement to Produce the Following Discovery Pursuant to Paragraph 4(d) of Stipulation and [Proposed] Order for Limited Discovery Stay |
|---|---|
| Matsushita Electric Industrial Co., Ltd.; MT Picture Display Co., Ltd.; MT Picture Display Corporation of America (NY) (defunct); Panasonic Corporation of North America | (1) Consolidated results for CRT divisions and subsidiaries, which set forth certain sales and profit numbers for both domestic and overseas CRT subsidiaries.<br><br>(2) Cumulative P/Ls on an annual basis for CRT divisions and subsidiaries, which include, among other things, the following types of information: (i) production quantities; (ii) sales quantities; (iii) various types of cost and profit information, including information on certain costs which are characterized in the documents as variable costs and fixed expenses.<br><br>(3) Capacity and capacity utilization for CRT factories. |
| Samsung SDI America, Inc.; Samsung SDI Co., Ltd. | (1) Publicly available English language annual reports and audited financial statements for the CRT business, available from at least 2001.<br><br>(2) Summary report materials in several different formats, but primarily in chart format with some explanatory text, primarily in Korean, and containing what appear to be the kinds of materials that would be displayed at executive level strategy meetings, including production, market share, and capacity information, among other subjects, for the CRT business. |

| Entities | Agreement to Produce the Following Discovery Pursuant to Paragraph 4(d) of Stipulation and [Proposed] Order for Limited Discovery Stay |
|---|---|
| Chunghwa Picture Tubes, Ltd. | (1) Publicly available annual reports and audited financial statements. These are available from 2002 (there may be others available before that time).<br>(2) Presentations made at quarterly investor relations conferences.<br>(3) Third-party reports regarding CRTs. |
| Philips Electronics North America Corporation | (1) Public annual reports.<br>(2) Public financial statements for the top line entities.<br>(3) Capacity information regarding Philips' former CRT plants as of the date of divestiture in 2001. |