SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111-4109
Telephone:     (415) 434-9100
Facsimile:      (415) 434-3947
E-mail:          ghalling@sheppardmullin.com
                     jmcginnis@sheppardmullin.com
                     mscarborough@sheppardmullin.com

Attorneys for Defendants
SAMSUNG ELECTRONICS AMERICA, INC.
and SAMSUNG ELECTRONICS CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC |
|---|---|
| | MDL No. 1917 |
| This Document Relates to:  ALL ACTIONS | OBJECTIONS OF DEFENDANTS SAMSUNG ELECTRONICS AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD. TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS PURSUANT TO PARAGRAPH 4 OF ORDER FOR LIMITED DISCOVERY STAY |

PROPOUNDING PARTIES:     DIRECT and INDIRECT PURCHASER PLAINTIFFS

RESPONDING PARTIES:       Defendants SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Court's September 12, 2008 Order for Limited Discovery Stay ("Stay Order"), Defendants Samsung Electronics America, Inc. ("SEA") and Samsung Electronics Co., Ltd. ("SEC") (collectively "Samsung") hereby object to the requests for production of documents propounded by the Direct and Indirect Purchaser Plaintiffs' ("Plaintiffs") pursuant to paragraph 4, subsections (b)–(f), of the Stay Order.

## I.
## GENERAL OBJECTIONS

1.  Samsung objects to Plaintiffs' requests because neither SEC nor its subsidiary SEA should be a party to these civil actions, which also name Samsung SDI Co., Ltd. ("SDI") and its subsidiary Samsung SDI America, Inc. ("SDIA") as Defendants. As set forth in more detail in correspondence to counsel for Plaintiffs dated June 20, 2008, while SDI manufactures cathode ray tubes ("CRTs"), SEC does not.  SEC purchases CRTs for use in manufacturing finished products, and SDI and SEC are independent, separately-owned, publicly traded corporations.  Samsung therefore objects to Plaintiffs' requests to SEC and SEA in toto.

2.  Plaintiffs' requests are premature until such time as the Court has resolved Samsung's motions to dismiss the consolidated amended direct and indirect purchaser complaints, which are not due to be filed until March 6, 2009.  Efficiency dictates that discovery be postponed unless and until the Court finds that Plaintiffs have stated a valid claim for relief against SEC and SEA.  *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 238 (9th Cir. 1987) ("sounder practice" is to "determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery"); *In re Graphics Processing Units Antitrust Litig.*, C 06-07417 WHA, 2007 U.S. Dist. LEXIS 57982, *24 (N.D. Cal. July 24, 2007) ("adjudicating the motions to dismiss will shed light on the best course for discovery").

3.  To the extent any request may be construed as calling for the

disclosure of privileged or immune information, including without limitation information subject to the attorney-client privilege or work-product doctrine, Samsung hereby claims such privileges and immunities and objects to the disclosure of any documents or information subject thereto.

4.     To the extent any request may be construed as seeking the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information, Samsung objects to the disclosure of any such documents or information.  To the extent any such material is produced in this action, Samsung reserves the right to appropriately designate it pursuant to the protective order in place in this action, and to seek such additional terms and protections as may be appropriate.  Samsung further objects to providing documents or information subject to a confidentiality agreement or other restrictions or to a protective order entered in another action or proceeding, except in accordance with such confidentiality agreements, restrictions or protective orders.

5.     Samsung objects to any request that calls for the disclosure of documents or information that would violate the legitimate privacy rights and expectations of Samsung employees, directors, officers, affiliates, or subsidiaries, both current and former, or other individuals, to the extent that such privacy rights and expectations are protected by law, contract, or public policy.

6.     Samsung objects to each request to the extent it seeks documents in contravention of Federal Rule of Criminal Procedure 6(e)(2).

7.     To the extent any request may be construed as requiring Samsung to characterize documents or their contents or to speculate as to what documents may or may not show, Samsung objects to such request as vague, ambiguous and calling for legal conclusions and speculation.

8.     Samsung objects to each and every request to the extent that it purports to impose burdens upon Samsung that are not permitted by law, or seeks to impose greater obligations than those imposed under the Federal Rules of Civil Procedure,

-2-

the Local Rules of the District Court of the Northern District of California, or any order of the Court.

9. Samsung objects to Plaintiffs' requests to the extent that they seek the discovery of information regarding sales by Samsung or any other entity outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.

10. Samsung objects to each and every request to the extent that it seeks documents or information the disclosure of which is prohibited by law, regulation, or order of a court or another authority of the foreign jurisdiction in which the documents or information are located.

11. Samsung objects to the extent that any request seeks documents that are not in the possession, custody or control of Samsung. Samsung further objects to the extent that any request seeks documents in the possession, custody or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from third parties or otherwise.

## II.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Subject to the foregoing General Objections, Samsung hereby objects to Plaintiffs' individual requests for production of documents set forth in paragraph 4, subsections (b)–(f), of the Stay Order as follows:

**REQUEST FOR PRODUCTION, PAR. 4(b):**

[T]he undersigned defendants shall produce documents sufficient to show the dollar and/or unit amount of purchases and/or sales of CRTs and/or CRT products in the United States by defendants from or to third parties, from or to other defendants, or by or between a defendant's subsidiaries, joint ventures, or affiliates, and either documents sufficient to show, or written answers disclosing, the identity of the undersigned

defendants' customers and/or distributors of CRTs and/or CRT products in the United States.

**RESPONSE TO REQUEST FOR PRODUCTION, PAR. 4(b):**

In addition to its General Objections, each of which is incorporated by this reference as though fully set forth herein, Samsung objects to this request on the grounds that it is improperly propounded to SEC and SEA, neither of which manufactures CRTs and neither of which is an appropriate Defendant in this action. Samsung further objects that, as to SEC and SEA, this request is premature, and should be deferred until Plaintiffs' consolidated amended complaints have been filed and Samsung's motions to dismiss the consolidated amended complaints have been ruled on by the Court. Samsung also objects to this request on the grounds that it vague and ambiguous, including without limitation as to the term "CRT products." Samsung further objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to this request to the extent it seeks publicly available documents or information equally or more readily available to Plaintiffs from third parties or otherwise.

**REQUEST FOR PRODUCTION, PAR. 4(c):**

[T]he undersigned defendants shall produce documents sufficient to show the dollar and/or unit amount of sales of CRTs and/or CRT products in the United States to putative class members.

**RESPONSE TO REQUEST FOR PRODUCTION, PAR. 4(c):**

In addition to its General Objections, each of which is incorporated by this reference as though fully set forth herein, Samsung objects to this request on the grounds that it is improperly propounded to SEC and SEA, neither of which manufactures CRTs and neither of which is an appropriate Defendant in this action. Samsung further objects that, as to SEC and SEA, this request is premature, and should be deferred until Plaintiffs' consolidated amended complaints have been filed and Samsung's motions to dismiss the

consolidated amended complaints have been ruled on by the Court. Samsung also objects to this request on the grounds that it vague and ambiguous, including without limitation as to the term "CRT products." Samsung further objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to this request to the extent it seeks publicly available documents or information equally or more readily available to Plaintiffs from third parties or otherwise.

**REQUEST FOR PRODUCTION, PAR. 4(d):**

[P]laintiffs are entitled to seek discovery of defendants' (including their subsidiaries, joint ventures, and affiliates) production capacity, capacity utilization, production costs, inventory levels, sales volumes, product lines, profitability, competitive position, market share, sales terms and conditions, costs, process, and shipments for CRTs or CRT products; the rules and procedures governing such discovery are set forth in paragraph 12.

**RESPONSE TO REQUEST FOR PRODUCTION, PAR. 4(d):**

In addition to its General Objections, each of which is incorporated by this reference as though fully set forth herein, Samsung objects to this request on the grounds that it is improperly propounded to SEC and SEA, neither of which manufactures CRTs and neither of which is an appropriate Defendant in this action. Samsung also objects that, as to SEC and SEA, this request is premature, and should be deferred until Plaintiffs' consolidated amended complaints have been filed and Samsung's motions to dismiss the consolidated amended complaints have been ruled on by the Court. Samsung further objects to this request to the extent that it seeks privileged or immune information, including without limitation information subject to the attorney-client privilege, the work-product doctrine, the common-interest privilege, the selective-waiver doctrine, or any other applicable privilege or immunity. Samsung also objects to this request on the grounds that it vague and ambiguous, including without limitation as to the term "CRT products."

-5-

Samsung further objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Samsung also objects to this request to the extent that it seeks the discovery of documents and information pertaining to Samsung's sales outside of the United States and unrelated to United States commerce, on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, as such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.  Samsung further objects to this request to the extent it seeks publicly available documents or information equally or more readily available to Plaintiffs from third parties or otherwise.

**REQUEST FOR PRODUCTION, PAR. 4(e):**

[T]he undersigned defendants shall produce either documents sufficient to show, or written answers disclosing, the identities of persons in positions of management or control of defendants' respective CRT operations, including any directors, officers, managing agents and employees; discovery may seek narrative answers, which include the names, positions, dates of employment, tenure and addresses for each person identified during the class period.

**RESPONSE TO REQUEST FOR PRODUCTION, PAR. 4(e):**

In addition to its General Objections, each of which is incorporated by this reference as though fully set forth herein, Samsung objects to this request on the grounds that it is improperly propounded to SEC and SEA, neither of which manufactures CRTs and neither of which is an appropriate Defendant in this action.  Samsung further objects that, as to SEC and SEA, this request is premature, and should be deferred until Plaintiffs' consolidated amended complaints have been filed and Samsung's motions to dismiss the consolidated amended complaints have been ruled on by the Court.  Samsung also objects to this request on the grounds that it vague and ambiguous, including without limitation as

to the term "CRT operations."  Samsung further objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Samsung also objects to this request to the extent that it seeks the discovery of documents and information pertaining to Samsung's sales outside of the United States and unrelated to United States commerce, on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, as such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.

**REQUEST FOR PRODUCTION, PAR. 4(f):**

[T]he undersigned defendants shall produce either documents sufficient to show, or written answers disclosing, the storage, location, retention, destruction or identity of relevant corporate records.

**RESPONSE TO REQUEST FOR PRODUCTION, PAR. 4(f):**

In addition to its General Objections, each of which is incorporated by this reference as though fully set forth herein, Samsung objects to this request on the grounds that it is improperly propounded to SEC and SEA, neither of which manufactures CRTs and neither of which is an appropriate Defendant in this action.  Samsung further objects that, as to SEC and SEA, this request is premature, and should be deferred until Plaintiffs' consolidated amended complaints have been filed and Samsung's motions to dismiss the consolidated amended complaints have been ruled on by the Court.  Samsung also objects to this request on the grounds that it vague and ambiguous, including without limitation as to the term "relevant corporate records."  Samsung further objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Samsung also objects to this request to the extent that it seeks the discovery of documents and

information pertaining to Samsung's sales outside of the United States and unrelated to United States commerce, on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, as such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.

DATED: October 15, 2008

                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                              By          /s/ Michael W. Scarborough
                                          MICHAEL W. SCARBOROUGH

                                          Attorney for Defendants
                             SAMSUNG ELECTRONICS AMERICA, INC.
                             and SAMSUNG ELECTRONICS CO., LTD.