KENT M. ROGER, State Bar No. 095987
THOMAS R. GREEN, State Bar No. 203480
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:  415.442.1000
Fax:  415.442.1001

email:  kroger@morganlewis.com
        tgreen@morganlewis.com

*Attorneys for Defendants*
*Hitachi, Ltd., Hitachi Asia, Ltd., Hitachi America,*
*Ltd. and Hitachi Electronic Devices (USA), Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. C07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br>ALL ACTIONS | **HITACHI DEFENDANTS' OBJECTIONS AND RESPONSE TO DISCOVERY REQUESTED BY PARAGRAPH 4(d) OF THE STIPULATION AND ORDER FOR LIMITED DISCOVERY STAY DATED SEPTEMBER 12, 2008** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20862341.1

1

HITACHI DEFENDANTS' OBJECTIONS &
RESPONSE TO DISCOVERY REQUEST ¶4(d)
[C07-5944 SC MDL NO. 1917]

**DISCOVERY REQUEST NO. 4(d):**

Defendants' (including their subsidiaries, joint ventures, and affiliates) production capacity, capacity utilization, production costs, inventory levels, sales volumes, product lines, profitability, competitive position, market share, sales terms and conditions, costs, process, and shipments for CRTs or CRT products.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 4(d):**

1. Defendants Hitachi, Ltd. ("HTC"), Hitachi Asia, Ltd. ("HAS"), Hitachi America, Ltd. ("HAL") and Hitachi Electronic Devices (USA), Inc. ("HED(US)") (collectively the "Hitachi Defendants") object to this request to the extent it seeks discovery of documents or information regarding transactions outside of the United States and unrelated to United States commerce, on the grounds that they are overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Such transactions are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State. Neither this court nor any other court in the United States has personal jurisdiction over the Hitachi Defendants, including, but not necessarily limited to HAS, which conducted no CRT-related business activities in the United States. The Hitachi Defendants' objections and response to this discovery request is not, and should not be viewed as, a waiver of any kind. The Hitachi Defendants preserve: (a) all rights to contest the jurisdiction of this Court; and (b) all objections to any discovery that may be sought by Plaintiffs in this action.

2. The Hitachi Defendants object to any and all discovery as being premature, vague, ambiguous, burdensome, overbroad, oppressive and unwarranted as there is no operative amended consolidated complaint upon which Plaintiffs may seek discovery and defendants may ascertain the proper scope of permissible discovery.

3. The Hitachi Defendants further object to the entirety of the discovery request as being vague, ambiguous, compound and unintelligible, particularly with respect to the unclear run-on phrase "production capacity, capacity utilization, production costs, inventory levels, sales volumes, product lines, profitability, competitive position, market share, sales terms and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20862341.1                                   2                    HITACHI DEFENDANTS' OBJECTIONS &
                                                                      RESPONSE TO DISCOVERY REQUEST ¶4(d)
                                                                      [C07-5944 SC MDL NO. 1917]

conditions, costs, process, and shipments for CRTs or CRT products." These terms are not defined and are their meaning is not self evident when strung together and untied to any legally sufficient operative amended consolidated complaint.

4. The Hitachi Defendants further object to the production of documents or information on the ground that plaintiffs have yet to state a claim or define a market in an amended consolidated complaint that has or can be sustained following motions to dismiss brought on standing, the standards enunciated in *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955 (2007), and other grounds. As such, this request seeks documents and information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

5. The Hitachi Defendants further object to the extent this request seeks documents or information in the possession, custody or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from third parties or otherwise. No such documents or information shall be produced.

6. The Hitachi Defendants further object to the extent this request seeks the disclosure of attorney client privileged, attorney work product, confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information. No such documents or information shall be produced.

7. To the extent this request may be construed to require the Hitachi Defendants to characterize documents or their contents or to speculate as to what documents may or may not show, the Hitachi Defendants object to this request as being vague, ambiguous and calling for legal conclusions and speculation.

8. The Hitachi Defendants also object to this request on the grounds that it is premature and to the extent it seeks information or documents relating to the ongoing government investigation referenced in one or more of the complaints. Such a request jeopardizes the secrecy of grand jury proceedings and constitutes an improper evasion of the requirements of Rule 6(e) of the Federal Rules of Criminal Procedure.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20862341.1                         3                    HITACHI DEFENDANTS' OBJECTIONS &
                                                            RESPONSE TO DISCOVERY REQUEST ¶4(d)
                                                            [C07-5944 SC MDL NO. 1917]

9. The Hitachi Defendants object to this request to the extent plaintiffs seek discovery beyond that expressly permitted by the Stipulation and Order for Limited Discovery Stay.

10. The Hitachi Defendants object to this request to the extent it seeks documents and information that are beyond the scope of the Sherman Antitrust Act, 15 U.S.C. § 1.

11. The Hitachi Defendants object to this request to the extent it seeks documents, including but not limited to electronic documents, the disclosure of which is prohibited by a law, regulation, or order of a court or other authority of a foreign jurisdiction in which the documents are located.

12. The Hitachi Defendants further object to this request to the extent it seeks documents that are no longer active or readily accessible in electronic form but might exist in electronic archives or back-up files. The Hitachi Defendants will not rebuild these electronic archives and back-up files in order to search for documents that may be responsive to this request.

13. Finally, the Hitachi Defendants object to this request to the extent it seeks to documents not in existence or not currently in their possession, custody or control. HAL exited the CRT business 1998. HAS withdrew from the CRT business in 2002 and never manufactured or sold any CRTs that were ultimately sold into the United States. HTC withdrew from the CRT business in 2002 and HED(US) withdrew from the CRT business in early 2003. As such, all Hitachi Defendants withdrew from the CRT business outside the applicable statute of limitations period in this case.

Subject to and without waiving the objections described above, the Hitachi Defendants which may possess responsive documents are searching for documents they believe to be responsive to this request and intend to produce documents or information sufficient to show such information by the November 14 document production date set forth in the September 12, 2008 Stipulation and Order for Limited Discovery Stay. HAL exited the CRT business in 1998 and therefore has no responsive documents. The remaining Hitachi Defendants have not yet ascertained the full scope of documents in their possession responsive to this request, if any, and assert in advance of such November 14 production and/or response that the Hitachi Defendants'

responses are and will be based upon information available to and located by the Hitachi Defendants and their attorneys as of the date of service of the documents and/or responses. The Hitachi Defendants have not completed their investigation of the facts relating to this request, and all of the information supplied is based only on such information as is reasonably available and specifically known to the Hitachi Defendants and its attorneys as of the date of service of its documents and/or response. The Hitachi Defendants' production of documents and/or responses are without prejudice to the Hitachi Defendants' right to supplement and/or amend the same.

Dated: October 15, 2008

MORGAN, LEWIS & BOCKIUS LLP
KENT M. ROGER
THOMAS R. GREEN

By _____
   Thomas R. Green

*Attorneys for Defendants Hitachi, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd. and Hitachi Electronic Devices (USA), Inc.*

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20862341.1

5

HITACHI DEFENDANTS' OBJECTIONS & RESPONSE TO DISCOVERY REQUEST ¶4(d)
[C07-5944 SC MDL NO. 1917]