1   Samuel R. Miller (SBN 66871)
    srmiller@sidley.com
2   Ryan M. Sandrock (SBN 251781)
    rsandrock@sidley.com
3   Robert B. Martin (SBN 235489)
    rbmartin@sidley.com
4   SIDLEY AUSTIN LLP
    555 California Street
5   San Francisco, California  94104
    Telephone:        (415) 772-1200
6   Facsimile:        (415) 772-7400

7   Attorneys For Defendants
    LG ELECTRONICS, INC. and LG ELECTRONICS USA, INC.
8

9                    UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12  IN RE:  CATHODE RAY TUBE (CRT)      )   Master File No. M: 07-5944-SC
13  ANTITRUST LITIGATION                )
                                        )   MDL No. 1917
14  _____    )
                                        )   **THE LG DEFENDANTS' OBJECTIONS**
15  This Document Relates To:           )   **AND RESPONSE TO DISCOVERY**
                                        )   **REQUESTED BY PARAGRAPH 4(d) OF**
16  ALL ACTIONS                         )   **THE STIPULATION AND ORDER FOR**
                                        )   **LIMITED DISCOVERY DATED**
17                                      )   **SEPTEMBER 12, 2008**
                                        )
18                                      )
                                        )
19                                      )
    _____    )
20          Defendants LG Electronics, Inc. ("LGE") and LG Electronics USA, Inc. ("LGEUS")

21  (collectively, the "LG Defendants"), by and through their attorneys, hereby respond to the discovery

22  request set forth in Paragraph 4(d) of the Stipulation And Order For Limited Discovery as follows:

23          **REQUEST NO. 4(d):**

24          Defendants' (including their subsidiaries, joint ventures, and affiliates) production

25  capacity, capacity utilization, production costs, inventory levels, sales volumes, product lines,

26  profitability, competitive position, market share, sales terms and conditions, costs, process, and

27  shipments for CRTs or CRT products.

28
_____

SF1 1503271v.1

## OBJECTIONS AND RESPONSE TO REQUEST NO. 4(d)

1.     The LG Defendants object to Paragraph 4(d) to the extent its seeks to impose requirements beyond those set forth in the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

2.     The LG Defendants object to Paragraph 4(d) to the extent it seeks the disclosure of information that is prohibited by law, regulation, or order of a court or other authority of a foreign jurisdiction in which the documents are located.

3.     The LG Defendants object to Paragraph 4(d) to the extent it seeks discovery beyond that expressly permitted by the Stipulation and Order for Limited Discovery Stay.

4.     The LG Defendants object to Paragraph 4(d) to the extent it seeks documents or information in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from third parties or other Defendants.  The LG Defendants also object to Paragraph 4(d) to the extent it seeks documents or information from a non-party, such as, but not limited to, any of the LG Defendants' subsidiary, affiliate, or sibling corporations or companies.

5.     The LG Defendants object to Paragraph 4(d) on the basis that LGE transferred its CRT business in its entirety, including personnel and documents, to the separate entity which became LP Displays in 2001.  The LG Defendants have not produced or sold CRTs since 2001. Given this transfer and the passage of time, the LG Defendants objects to Paragraph 4(d) on the grounds that it is unduly burdensome and to the extent it seeks documents or information not in existence or not currently in the possession, custody, or control of the LG Defendants.

6.     The LG Defendants object to Paragraph 4(d) to the extent it seeks information or documents regarding transactions outside of the United States and unrelated to United States commerce.

7.     The LG Defendants object to Paragraph 4(d) to the extent it seeks documents or information that is not readily or reasonably accessible or available, including but not limited to documents or information that might exist in electronic archives or back-up files.

2

1    8.    The LG Defendants object to Paragraph 4(d) on the grounds that it is vague,

2  ambiguous, compound, and unintelligible.

3    9.    The LG Defendants object to Paragraph 4(d) to the extent it seeks disclosure of

4  attorney client privileged, attorney work product, confidential trade secrets, financial, commercial,

5  strategic, or otherwise proprietary or confidential information.

6    10.    The LG Defendants' search for documents and information potentially responsive to

7  this request is ongoing.  The LG Defendants reserve the right to assert additional objections to the

8  production of information or documents in response to Paragraph 4(d) as appropriate and to

9  supplement these objections and responses.

10    11.    The LG Defendants' response to this discovery is not, and should not be viewed as, a

11  waiver of any kind.

12    Subject to and without waiving the objections set forth above, the LG Defendants are

13  searching for documents responsive to the request and intend to produce documents or information

14  sufficient to show such information by November 14th, to the extent such information has been

15  identified and is reasonably available.  The LG Defendants reserve the right to supplement this

16  response and any production of documents.

17

18  Dated:  October 15, 2008                    SIDLEY AUSTIN LLP

19

20

21                                 By:    / s /   Samuel R. Miller
                                        _____
22                                      Attorneys For Defendants
                                        LG ELECTRONICS, INC. and LG
                                        ELECTRONICS USA, INC.
23

24

25

26

27

28                                     3