Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, D.C.  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Electronic Components, Inc., Toshiba America Information Systems, Inc., and Toshiba America Consumer Products L.L.C.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL ACTIONS | **TOSHIBA ENTITIES' OBJECTIONS TO DISCOVERY REQUESTS CONTAINED IN STIPULATION AND ORDER FOR LIMITED DISCOVERY STAY** |

In accordance with Paragraph 12 of the Stipulation and Order for Limited Discovery Stay entered on September 12, 2008, Toshiba Corporation ("Toshiba"), Toshiba America, Inc. ("TAI"), Toshiba America Electronic Components, Inc. ("TAEC"), Toshiba America Information Systems, Inc. ("TAIS"), and Toshiba America Consumer Products L.L.C. ("TACP") (collectively, the "Toshiba entities") hereby file their objections to discovery.

1  The Toshiba entities withdrew from the CRT business in or about April 2003, when the Toshiba entities transferred their CRT business to an entity majority-owned by Matsushita Electric Industrial Co., Ltd.  This withdrawal occurred more than four years prior to the commencement of these actions, and therefore prior to the limitations period under § 4B of the Clayton Act, 15 U.S.C. § 15b.  Furthermore, the Toshiba entities have not been served with any grand jury subpoena related to the CRT business.  In accordance with Paragraph 11 of the Stipulation and Order, on August 20, 2008 counsel for the Toshiba entities informed counsel for the direct and indirect Plaintiffs that the Toshiba entities had withdrawn from the CRT business in or about April 2003 and had not received a grand jury subpoena, and counsel for the Toshiba entities therefore requested that the Toshiba entities not be named in the consolidated amended complaints.  Plaintiffs' counsel stated that they would consider the request.

Paragraph 11 of the Stipulation and Order provides:  "By September 30, 2008, plaintiffs shall inform each defendant whether plaintiffs intend to name the defendant in the consolidated amended complaints.  Those defendants who will not be named in the consolidated amended complaints shall have no discovery obligations pursuant to this Stipulation and Order."  Despite this provision, Plaintiffs have not yet informed the Toshiba entities whether they will be named as defendants in the consolidated amended complaints.  In light of the fact that Plaintiffs did not notify the Toshiba entities that the Plaintiffs intend to name them as defendants in the consolidated amended complaints, the Toshiba entities believe that they do not have any discovery obligations pursuant to the Stipulation and Order.

For the avoidance of doubt, and to reserve all of their rights, the Toshiba entities nonetheless hereby assert their written objections to the discovery requested under Paragraph 4 of the Stipulation and Order.  *See* Paragraph 12 of the Stipulation and Order ("Any non-signing defendant who intends to oppose any discovery under paragraph 4 above shall file their written objections to such discovery by October 15, 2008.")

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

# INDIVIDUAL REQUESTS FOR PRODUCTION

**PARAGRAPH NO. 4(b):**

". . . b.  the undersigned defendants shall produce documents sufficient to show the dollar and/or unit amount purchases and/or sales of CRTs and/or CRT products in the United States by defendants from or to third parties, from or to other defendants, or by or between a defendant's subsidiaries, joint ventures, or affiliates, and either documents sufficient to show, or written answers disclosing, the identity of the undersigned defendants' customers and/or distributors of CRTs and/or CRT products in the United States;".

**PARAGRAPH NO. 4(c):**

". . . c.  the undersigned defendants shall produce documents sufficient to show the dollar and/or unit amount of sales of CRTs and/or CRT products in the United States to putative class members;".

**PARAGRAPH NO. 4(d):**

". . . d.  plaintiffs are entitled to seek discovery of defendants' (including their subsidiaries, joint ventures, and affiliates) production capacity, capacity utilization, production costs, inventory levels, sales volumes, product lines, profitability, competitive position, market share, sales terms and conditions, costs, process, and shipments for CRTs or CRT products; the rules and procedures governing such discovery are set forth in paragraph 12;".

**PARAGRAPH NO. 4(e):**

". . . e.  the undersigned defendants shall produce either documents sufficient to show, or written answers disclosing, the identities of persons in positions of management or control of defendants' respective CRT operations, including any directors, officers, managing agents and employees; discovery may seek narrative answers, which include the names, positions, dates of employment, tenure and addresses for each person identified during the class period;".

**PARAGRAPH NO. 4(f):**

". . . f.  the undersigned defendants shall produce either documents sufficient to show, or written answers disclosing, the storage, location, retention, destruction, or identity of relevant corporate records;".

## OBJECTIONS

1.  The Toshiba entities, non-signatories to the Stipulation and Order, object to the discovery requests contained in Paragraphs 4(b) through 4(f) of the Stipulation and Order on the following grounds:

   a. Discovery is premature and impermissible at the present time given that the complaints fail to satisfy the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *See generally Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007);

   b. The discovery requests are objectionable to the extent that they call for the production of documents or information that relate to matters not raised by the pleadings, to the extent they are not material and necessary to the prosecution

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

or defense of this action and to the extent they are not reasonably calculated to lead to the discovery of admissible evidence;

c. The discovery requests are objectionable to the extent they call for the production of documents or information that relate to CRT types, sizes, variations, uses, or applications that are not relevant to the alleged conspiracy;

d. The discovery requests are objectionable to the extent they seek information or documents protected by the attorney-client privilege, attorney work product doctrine, joint defense or common interest privilege, privacy privilege, self-critical analysis privilege, or any other applicable privilege, protection, immunity or rule;

e. The discovery requests are objectionable to the extent they seek information containing trade secrets, highly confidential information, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory or common law rights of privacy or confidentiality, and any confidentiality agreement or obligations, or any applicable order, without any protective order in place to control the treatment of such information;

f. The discovery requests are objectionable to the extent they seek documents or information, the disclosure of which is prohibited by contractual obligations or agreements between the Toshiba entities and third parties;

g. The reference to "CRT products" is overbroad, vague and ambiguous;

h. The discovery requests are objectionable to the extent to the extent they seek disclosure of documents or electronic information not reasonably accessible to the Toshiba entities, including, but not limited to, information that is archived or stored on backup tapes;

i. The discovery requests are objectionable to the extent they seek information, the disclosure of which would violate applicable law, including, but not limited to, privacy laws;

j. It is unclear whether Paragraph 4(d) merely authorizes plaintiffs to seek discovery with respect to the topics described therein or constitutes a discovery request. To the extent that Paragraph 4(d) constitutes a discovery request, it is objectionable on the grounds that it is vague, ambiguous, and unduly burdensome; and

k. The Toshiba entities reserve the right to supplement, amend, correct or clarify their objections to the discovery requests contained in the Stipulation and Order and to assert additional objections arising from matters discovered during the course of the litigation.

2. TAI separately objects to the discovery requests on the basis that TAI does not make or sell anything and has never produced, sold or marketed CRTs or CRT products. TAI should not be named as a defendant in this litigation. TAI does not have any documents or other information that are responsive to the discovery requests contained in the Stipulation and Order and will not produce any documents or other information in response to the discovery requests contained in the Stipulation and Order.

## WILLINGNESS TO MEET AND CONFER

The Toshiba entities are willing to meet and confer with plaintiffs' counsel with respect to any of the matters objected to herein.

Dated:  October 15, 2008                      **WHITE & CASE** LLP

By:  /s/ George L. Paul
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
701 Thirteenth Street, N.W.
Washington, D.C.  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Electronic Components, Inc., Toshiba America Information Systems, Inc., and Toshiba America Consumer Products L.L.C.*