# EXHIBIT KK

⚲AO88 (Rev. 12/07) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

### District of Minnesota

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1] 07-5944-SC; MDL 1917<br>Northern District of California |

TO:  **Custodian of Records**
     **Target**
     **1000 Nicollet Mall**
     **Minneapolis, MN 55043**

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    **See Attachment A.**

| PLACE | DATE AND TIME |
|---|---|
| **Target, 1000 Nicollet Mall, Minneapolis, MN 55043** | **February 9, 2009** |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*  **Attorney for Plaintiffs** | **January 16, 2009** |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Patrick B. Clayton
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery St., Suite 3400, San Francisco, CA 94104, Phone: (415) 693-0700

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                DATE                              SIGNATURE OF SERVER

                                                        ADDRESS OF SERVER

## Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may  promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

## DEFINITIONS

1.      As used herein, "all" also includes "each" and "any," and vice versa.

2.      As used herein, "DEFENDANTS" means the Defendants LG Electronics, Inc., LG Electronics USA, Inc., Samsung Electronics Co., Ltd. Samsung SDI Co., Ltd., Samsung Electronics America, Inc., Samsung SDI America, Inc., Samtel Color, Ltd., Toshiba Corporation, Toshiba America Electronics Components, Inc., Toshiba America Information Systems, Inc., Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., MT Picture Display Co., Ltd., MT Picture Display Corporation of America (New York), MT Picture Display Corporation of America (Ohio), Matsushita Electric Industrial Co., Ltd. (n/k/a Panasonic Corporation), Beijing-Matsushita Color CRT Company, Ltd., Orion Electric Co., Ltd., Orion America, Inc., Hitachi, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., Hitachi Electronic Devices (USA), Inc., Chunghwa Picture Tubes, Ltd., Chunghwa Picture Tubes (Malaysia) Sdn., LP Displays International, Ltd. (f/k/a LG Philips Displays), Koninklijke Philips Electronics N.V. (a/k/a/ Royal Philips Electronics N.V.), Philips Electronics North America Corporation, Irico Group Corporation, Irico Display Devices Co., Ltd., Thai CRT Company, Ltd., Tatung Company of America, Inc., TCL International Holdings, Ltd. (a/k/a TCL Corporation), Thomson S.A., and TCL-Thomson Electronics Corp. (a/k/a TTE Corporation), and their employees, officers, directors, agents, attorneys, affiliates, subsidiaries, joint ventures, successors, predecessors, or any PERSON acting on their behalf.

3.      As used herein, "and" and "or" are to be considered both conjunctively and disjunctively, and "or" is understood to include and encompass "and," and vice versa.

1

4.      As used herein, "COMPANY" means the entity responding to this subpoena and its employees, officers, directors, agents, attorneys, affiliates, subsidiaries, joint ventures, successors, predecessors, or any PERSON acting on their behalf.

5.      As used herein, "DOCUMENTS" shall have the same meaning and scope of Rule 34(a) of the Federal Rules of Civil Procedure and includes any "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained" as referenced in that Rule.  "Writings" "recordings" and "photographs" shall have the meanings as defined in Rule 1001 of the Federal Rules of Evidence.  "DOCUMENTS" shall include, without limitation, any original and any non-identical copy of every kind of written, printed, typed, recorded, or graphic matter, however produced or reproduced including all correspondence, letters, telegrams, telexes, messages, memoranda, instructions, e-mails, handwritten or recorded notes or oral communications, and all records, schedules, reports, surveys, calculations, transcripts, noted, time cards, personal expense reports, appointment books, calendars, plans, purchase orders, contracts, subcontracts, leases, accounting records, charts of accounts, billing records, invoices, statements, bills, checks, vouchers, certified or other payrolls, ledgers, accounts, drawings, graphs, photographs, video tapes, audio tapes, films, newspapers, data or other compilations, computer indexes, electronic or magnetic media (including disks and tapes), computer printouts, or other tangible things.  "DOCUMENTS" shall further include CD-ROMs; DVDs; data cartridges; removable hard drives and storage devices; flash drives; zip drives; personal digital assistants (such as a Blackberry, Treo, or Palm Pilot or other similar device); text messages; instant messages; and data stored on cellular phones.

6.      "DOCUMENTS" shall further include all drafts of DOCUMENTS defined above.

7.      As used herein, the terms "COMMUNICATE" or "COMMUNICATION(S)" mean and include every disclosure, transfer, transmittal or exchange of information, whether orally or in writing or otherwise, face-to-face, by telephone, telecopier, mail, personal delivery, electronic mail, telecommunication or otherwise.

8.      As used herein, "COMPUTER(S)" refers to personal computers, including, but not limited to, monitors used in desktop systems.

9.      As used herein, the term "CRTs" refers to a "cathode ray tubes" that are used in televisions and COMPUTERS.

10.      As used herein, the term "CRT PRODUCTs" refers to products containing CRTs.

11.      As used herein, the term "OEM" refers to an original equipment manufacturer.

12.      As used herein, the term "ODM" refers to an original design manufacturer, i.e., a company that provides not only manufacturing services, but also product designs or design services and that may or may not sell its own branded products.

13.      As used herein, the term "MEETING" means any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned, arranged, scheduled or not.

14.      As used herein, the terms "STUDIES" and/or "ANALYSES" includes all reports, memoranda, statistical compilations, slide-presentations, reviews, audits and other types of written, printed, or electronic submissions of information.

15.      As used herein, the term "PERSON(S)" means natural persons, corporations, firms, partnerships, joint stock companies, associations and other organizations of persons.

16.      Any reference to any individual or entity herein includes all predecessors or successors in interest of said individual or entity and all principals,

agents, officers, former and current employees, and all other persons acting on behalf of, or at the direction of, said individual or entity, including, but not limited to, attorneys.

17.     The singular shall be deemed to include the plural and vice versa so as to bring within the scope of these requests all information that might otherwise be construed to be outside its scope.

18.     Unless otherwise specified, the relevant time period for these requests is from January 1, 1995 to the present.

## **INSTRUCTIONS**

1.     Your COMPANY shall produce all DOCUMENTS in your COMPANY'S possession, custody or control that are described in the Requests set forth below.  Such DOCUMENTS shall be produced in the manner maintained by your COMPANY in the ordinary course of business.

2.     If a particular request calls *only* for electronic transactional data, and your COMPANY does not possess or control electronic transactional data sufficient to fully respond to the request, we request the production of hard copies of any responsive data that only exists in hard copy form.

3.     DOCUMENTS attached to each other should not be separated.

4.     DOCUMENTS that are stored electronically or in machine-readable form should be produced in electronic form with sufficient information to allow counsel to readily access or read such data or DOCUMENTS.

5.     In accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, if any document responsive to these Requests is withheld based upon a claim of privilege or trial preparation material, state separately for each such document, in addition to any other information requested:  (a) the nature of the privilege claimed; (b) its date; (c) its author; (d) its addressees, if any; (e) the title or position of its author; (f)

4

the type of document (e.g., letter, memorandum, electronic mail, report, recording disc, etc.); (g) its title and general subject matter (without revealing the information as to which the privilege is claimed); and (h) with sufficient specificity to permit the Court to make a full determination as to whether the claim of privilege is valid, the factual basis on which you claim such privilege.

6.      These requests are deemed to be a continuing Request which requires that you promptly supplement your COMPANY'S responses and produce any responsive documents later discovered up to the day of trial.

## DOCUMENT REQUESTS

1.      DOCUMENTS sufficient to identify and describe your COMPANY'S CRT PRODUCTS, including model numbers, and product specifications. Please include manufacturers' model numbers for the CRTs contained within the CRT PRODUCTS.

2.      All electronic transactional data for your COMPANY's purchases of CRTs and CRT PRODUCTS, including data that details, for each transaction, the following:  (a) PO number; (b) date of the transaction; (c) product code; (d) product SKU; (e) vendor number; (f) quantity of product purchased (units); (g) transaction price (i.e., the price paid for the product); (h) transaction type (i.e., purchase, return or exchange); (i) CRT part number; (j) CRT serial number; and (k) any rebates, discounts, credits, or any other financial incentives received in connection with the transaction.

3.      All electronic transactional data for your COMPANY'S sales of CRTs and CRT PRODUCTS to your COMPANY'S customers, including data that details, for each transaction, the following:  (a) invoice number; (b) date of sales transaction; (c) product code; (d) product SKU; (e) customer number; (f) customer name; (g) customer address; (h) quantity of product sold (units); (i) transaction price (i.e., price

paid by customer for each unit); (j) net dollar unit cost (i.e., total net cost of product); (k) transaction type (e.g., sale, return, credit, etc.); (l) any rebates, discounts, credits, or any other on- or financial incentives received in connection with the transaction; and (m) any field, method, or information that would allow one to link the sales record data requested in this request to your COMPANY'S purchase records for a shipment / batch of CRTs as reflected in the data responsive to request 2 above.

4.      All DOCUMENTS and electronic transactional data, not captured in response to request number 2(k) and 3(l) above, relating to rebates, discounts, credits, cooperative marketing funds, advertising funds, promotional funds or allowances, or any other marketing assistance or support and any other on or off-invoice financial incentives received in connection with your COMPANY's purchases of CRTs or sales of products containing CRTs to your COMPANY's customers.

5.      All electronic data that identifies any and all costs for all components other than CRTs that were used to manufacture your COMPANY'S CRT PRODUCTS.  Please include, but do not limit your response to, component costs.

6.      All DOCUMENTS, including, but not limited to, any STUDIES or ANALYSES, concerning the impact or effect of changes of your COMPANY's acquisition costs for CRTs on the prices of the products that your COMPANY sells to your COMPANY's customers.

7.      All DOCUMENTS, including, but not limited to, any STUDIES or ANALYSES concerning how your COMPANY, its competitors, distributors, wholesalers and/or retailers set the prices at which they sell CRT or CRT PRODUCTS.

8.      All DOCUMENTS, including, but not limited to, any STUDIES or ANALYSES concerning actual prices paid by end-consumers of CRT PRODUCTS.

# EXHIBIT LL

AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

### District of Connecticut

| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | **SUBPOENA IN A CIVIL CASE** |
|---|---|

Case Number:[1] 07-5944-SC; MDL 1917
Northern District of California

TO: **Custodian of Records**
**Tech Depot**
**6 Cambridge Dr.**
**Trumbull, CT 06611**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See Attachment A.**

| PLACE | DATE AND TIME |
|---|---|
| **Tech Depot, 6 Cambridge Dr., Trumbull, CT 06611** | **February 9, 2009** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*  **Attorney for Plaintiffs** | **January 16, 2009** |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Patrick B. Clayton
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery St., Suite 3400, San Francisco, CA 94104, Phone: (415) 693-0700

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                              DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

## Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may  promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# ATTACHMENT A

## DEFINITIONS

1.     As used herein, "all" also includes "each" and "any," and vice versa.

2.     As used herein, "DEFENDANTS" means the Defendants LG Electronics, Inc., LG Electronics USA, Inc., Samsung Electronics Co., Ltd. Samsung SDI Co., Ltd., Samsung Electronics America, Inc., Samsung SDI America, Inc., Samtel Color, Ltd., Toshiba Corporation, Toshiba America Electronics Components, Inc., Toshiba America Information Systems, Inc., Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., MT Picture Display Co., Ltd., MT Picture Display Corporation of America (New York), MT Picture Display Corporation of America (Ohio), Matsushita Electric Industrial Co., Ltd. (n/k/a Panasonic Corporation), Beijing-Matsushita Color CRT Company, Ltd., Orion Electric Co., Ltd., Orion America, Inc., Hitachi, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., Hitachi Electronic Devices (USA), Inc., Chunghwa Picture Tubes, Ltd., Chunghwa Picture Tubes (Malaysia) Sdn., LP Displays International, Ltd. (f/k/a LG Philips Displays), Koninklijke Philips Electronics N.V. (a/k/a/ Royal Philips Electronics N.V.), Philips Electronics North America Corporation, Irico Group Corporation, Irico Display Devices Co., Ltd., Thai CRT Company, Ltd., Tatung Company of America, Inc., TCL International Holdings, Ltd. (a/k/a/ TCL Corporation), Thomson S.A., and TCL-Thomson Electronics Corp. (a/k/a TTE Corporation), and their employees, officers, directors, agents, attorneys, affiliates, subsidiaries, joint ventures, successors, predecessors, or any PERSON acting on their behalf.

3.     As used herein, "and" and "or" are to be considered both conjunctively and disjunctively, and "or" is understood to include and encompass "and," and vice versa.

1

4.      As used herein, "COMPANY" means the entity responding to this subpoena and its employees, officers, directors, agents, attorneys, affiliates, subsidiaries, joint ventures, successors, predecessors, or any PERSON acting on their behalf.

5.      As used herein, "DOCUMENTS" shall have the same meaning and scope of Rule 34(a) of the Federal Rules of Civil Procedure and includes any "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained" as referenced in that Rule.  "Writings" "recordings" and "photographs" shall have the meanings as defined in Rule 1001 of the Federal Rules of Evidence.  "DOCUMENTS" shall include, without limitation, any original and any non-identical copy of every kind of written, printed, typed, recorded, or graphic matter, however produced or reproduced including all correspondence, letters, telegrams, telexes, messages, memoranda, instructions, e-mails, handwritten or recorded notes or oral communications, and all records, schedules, reports, surveys, calculations, transcripts, noted, time cards, personal expense reports, appointment books, calendars, plans, purchase orders, contracts, subcontracts, leases, accounting records, charts of accounts, billing records, invoices, statements, bills, checks, vouchers, certified or other payrolls, ledgers, accounts, drawings, graphs, photographs, video tapes, audio tapes, films, newspapers, data or other compilations, computer indexes, electronic or magnetic media (including disks and tapes), computer printouts, or other tangible things.  "DOCUMENTS" shall further include CD-ROMs; DVDs; data cartridges; removable hard drives and storage devices; flash drives; zip drives; personal digital assistants (such as a Blackberry, Treo, or Palm Pilot or other similar device); text messages; instant messages; and data stored on cellular phones.

6.      "DOCUMENTS" shall further include all drafts of DOCUMENTS defined above.

7.     As used herein, the terms "COMMUNICATE" or "COMMUNICATION(S)" mean and include every disclosure, transfer, transmittal or exchange of information, whether orally or in writing or otherwise, face-to-face, by telephone, telecopier, mail, personal delivery, electronic mail, telecommunication or otherwise.

8.     As used herein, "COMPUTER(S)" refers to personal computers, including, but not limited to, monitors used in desktop systems.

9.     As used herein, the term "CRTs" refers to a "cathode ray tubes" that are used in televisions and COMPUTERS.

10.     As used herein, the term "CRT PRODUCTs" refers to products containing CRTs.

11.     As used herein, the term "OEM" refers to an original equipment manufacturer.

12.     As used herein, the term "ODM" refers to an original design manufacturer, i.e., a company that provides not only manufacturing services, but also product designs or design services and that may or may not sell its own branded products.

13.     As used herein, the term "MEETING" means any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned, arranged, scheduled or not.

14.     As used herein, the terms "STUDIES" and/or "ANALYSES" includes all reports, memoranda, statistical compilations, slide-presentations, reviews, audits and other types of written, printed, or electronic submissions of information.

15.     As used herein, the term "PERSON(S)" means natural persons, corporations, firms, partnerships, joint stock companies, associations and other organizations of persons.

16.     Any reference to any individual or entity herein includes all predecessors or successors in interest of said individual or entity and all principals,

3

agents, officers, former and current employees, and all other persons acting on behalf of, or at the direction of, said individual or entity, including, but not limited to, attorneys.

17. The singular shall be deemed to include the plural and vice versa so as to bring within the scope of these requests all information that might otherwise be construed to be outside its scope.

18. Unless otherwise specified, the relevant time period for these requests is from January 1, 1995 to the present.

## **INSTRUCTIONS**

1. Your COMPANY shall produce all DOCUMENTS in your COMPANY'S possession, custody or control that are described in the Requests set forth below. Such DOCUMENTS shall be produced in the manner maintained by your COMPANY in the ordinary course of business.

2. If a particular request calls *only* for electronic transactional data, and your COMPANY does not possess or control electronic transactional data sufficient to fully respond to the request, we request the production of hard copies of any responsive data that only exists in hard copy form.

3. DOCUMENTS attached to each other should not be separated.

4. DOCUMENTS that are stored electronically or in machine-readable form should be produced in electronic form with sufficient information to allow counsel to readily access or read such data or DOCUMENTS.

5. In accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, if any document responsive to these Requests is withheld based upon a claim of privilege or trial preparation material, state separately for each such document, in addition to any other information requested: (a) the nature of the privilege claimed; (b) its date; (c) its author; (d) its addressees, if any; (e) the title or position of its author; (f)

4

the type of document (e.g., letter, memorandum, electronic mail, report, recording disc, etc.); (g) its title and general subject matter (without revealing the information as to which the privilege is claimed); and (h) with sufficient specificity to permit the Court to make a full determination as to whether the claim of privilege is valid, the factual basis on which you claim such privilege.

6.      These requests are deemed to be a continuing Request which requires that you promptly supplement your COMPANY'S responses and produce any responsive documents later discovered up to the day of trial.

## DOCUMENT REQUESTS

1.      DOCUMENTS sufficient to identify and describe your COMPANY'S CRT PRODUCTS, including model numbers, and product specifications. Please include manufacturers' model numbers for the CRTs contained within the CRT PRODUCTS.

2.      All electronic transactional data for your COMPANY's purchases of CRTs and CRT PRODUCTS, including data that details, for each transaction, the following:  (a) PO number; (b) date of the transaction; (c) product code; (d) product SKU; (e) vendor number; (f) quantity of product purchased (units); (g) transaction price (i.e., the price paid for the product); (h) transaction type (i.e., purchase, return or exchange); (i) CRT part number; (j) CRT serial number; and (k) any rebates, discounts, credits, or any other financial incentives received in connection with the transaction.

3.      All electronic transactional data for your COMPANY'S sales of CRTs and CRT PRODUCTS to your COMPANY'S customers, including data that details, for each transaction, the following:  (a) invoice number; (b) date of sales transaction; (c) product code; (d) product SKU; (e) customer number; (f) customer name; (g) customer address; (h) quantity of product sold (units); (i) transaction price (i.e., price

paid by customer for each unit); (j) net dollar unit cost (i.e., total net cost of product); (k) transaction type (e.g., sale, return, credit, etc.); (l) any rebates, discounts, credits, or any other on- or financial incentives received in connection with the transaction; and (m) any field, method, or information that would allow one to link the sales record data requested in this request to your COMPANY'S purchase records for a shipment / batch of CRTs as reflected in the data responsive to request 2 above.

4. All DOCUMENTS and electronic transactional data, not captured in response to request number 2(k) and 3(l) above, relating to rebates, discounts, credits, cooperative marketing funds, advertising funds, promotional funds or allowances, or any other marketing assistance or support and any other on or off-invoice financial incentives received in connection with your COMPANY's purchases of CRTs or sales of products containing CRTs to your COMPANY's customers.

5. All electronic data that identifies any and all costs for all components other than CRTs that were used to manufacture your COMPANY'S CRT PRODUCTS.  Please include, but do not limit your response to, component costs.

6. All DOCUMENTS, including, but not limited to, any STUDIES or ANALYSES, concerning the impact or effect of changes of your COMPANY's acquisition costs for CRTs on the prices of the products that your COMPANY sells to your COMPANY's customers.

7. All DOCUMENTS, including, but not limited to, any STUDIES or ANALYSES concerning how your COMPANY, its competitors, distributors, wholesalers and/or retailers set the prices at which they sell CRT or CRT PRODUCTS.

8. All DOCUMENTS, including, but not limited to, any STUDIES or ANALYSES concerning actual prices paid by end-consumers of CRT PRODUCTS.

6

EXHIBIT MM

AO88 (Rev. 12/07) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

### Western District of Arkansas

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1] 07-5944-SC; MDL 1917<br>Northern District of California |

TO:  **Custodian of Records**
**Wal-Mart Stores, Inc.**
**702 SW 8th St.**
**Bentonville, AR 72716-8611**

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| **Wal-Mart Stores, Inc., 702 SW 8th St., Bentonville, AR 72716-8611** | **February 9, 2009** |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*  **Attorney for Plaintiffs** | **January 16, 2009** |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Patrick B. Clayton
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery St., Suite 3400, San Francisco, CA 94104, Phone: (415) 693-0700

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE                                      SIGNATURE OF SERVER

                                          ADDRESS OF SERVER

## Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may  promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

### DEFINITIONS

1.      As used herein, "all" also includes "each" and "any," and vice versa.

2.      As used herein, "DEFENDANTS" means the Defendants LG Electronics, Inc., LG Electronics USA, Inc., Samsung Electronics Co., Ltd. Samsung SDI Co., Ltd., Samsung Electronics America, Inc., Samsung SDI America, Inc., Samtel Color, Ltd., Toshiba Corporation, Toshiba America Electronics Components, Inc., Toshiba America Information Systems, Inc., Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., MT Picture Display Co., Ltd., MT Picture Display Corporation of America (New York), MT Picture Display Corporation of America (Ohio), Matsushita Electric Industrial Co., Ltd. (n/k/a Panasonic Corporation), Beijing-Matsushita Color CRT Company, Ltd., Orion Electric Co., Ltd., Orion America, Inc., Hitachi, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., Hitachi Electronic Devices (USA), Inc., Chunghwa Picture Tubes, Ltd., Chunghwa Picture Tubes (Malaysia) Sdn., LP Displays International, Ltd. (f/k/a LG Philips Displays), Koninklijke Philips Electronics N.V. (a/k/a/ Royal Philips Electronics N.V.), Philips Electronics North America Corporation, Irico Group Corporation, Irico Display Devices Co., Ltd., Thai CRT Company, Ltd., Tatung Company of America, Inc., TCL International Holdings, Ltd. (a/k/a TCL Corporation), Thomson S.A., and TCL-Thomson Electronics Corp. (a/k/a TTE Corporation), and their employees, officers, directors, agents, attorneys, affiliates, subsidiaries, joint ventures, successors, predecessors, or any PERSON acting on their behalf.

3.      As used herein, "and" and "or" are to be considered both conjunctively and disjunctively, and "or" is understood to include and encompass "and," and vice versa.

1

4.      As used herein, "COMPANY" means the entity responding to this subpoena and its employees, officers, directors, agents, attorneys, affiliates, subsidiaries, joint ventures, successors, predecessors, or any PERSON acting on their behalf.

5.      As used herein, "DOCUMENTS" shall have the same meaning and scope of Rule 34(a) of the Federal Rules of Civil Procedure and includes any "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained" as referenced in that Rule.  "Writings" "recordings" and "photographs" shall have the meanings as defined in Rule 1001 of the Federal Rules of Evidence.  "DOCUMENTS" shall include, without limitation, any original and any non-identical copy of every kind of written, printed, typed, recorded, or graphic matter, however produced or reproduced including all correspondence, letters, telegrams, telexes, messages, memoranda, instructions, e-mails, handwritten or recorded notes or oral communications, and all records, schedules, reports, surveys, calculations, transcripts, noted, time cards, personal expense reports, appointment books, calendars, plans, purchase orders, contracts, subcontracts, leases, accounting records, charts of accounts, billing records, invoices, statements, bills, checks, vouchers, certified or other payrolls, ledgers, accounts, drawings, graphs, photographs, video tapes, audio tapes, films, newspapers, data or other compilations, computer indexes, electronic or magnetic media (including disks and tapes), computer printouts, or other tangible things.  "DOCUMENTS" shall further include CD-ROMs; DVDs; data cartridges; removable hard drives and storage devices; flash drives; zip drives; personal digital assistants (such as a Blackberry, Treo, or Palm Pilot or other similar device); text messages; instant messages; and data stored on cellular phones.

6.      "DOCUMENTS" shall further include all drafts of DOCUMENTS defined above.

7.      As used herein, the terms "COMMUNICATE" or "COMMUNICATION(S)" mean and include every disclosure, transfer, transmittal or exchange of information, whether orally or in writing or otherwise, face-to-face, by telephone, telecopier, mail, personal delivery, electronic mail, telecommunication or otherwise.

8.      As used herein, "COMPUTER(S)" refers to personal computers, including, but not limited to, monitors used in desktop systems.

9.      As used herein, the term "CRTs" refers to a "cathode ray tubes" that are used in televisions and COMPUTERS.

10.     As used herein, the term "CRT PRODUCTs" refers to products containing CRTs.

11.     As used herein, the term "OEM" refers to an original equipment manufacturer.

12.     As used herein, the term "ODM" refers to an original design manufacturer, i.e., a company that provides not only manufacturing services, but also product designs or design services and that may or may not sell its own branded products.

13.     As used herein, the term "MEETING" means any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned, arranged, scheduled or not.

14.     As used herein, the terms "STUDIES" and/or "ANALYSES" includes all reports, memoranda, statistical compilations, slide-presentations, reviews, audits and other types of written, printed, or electronic submissions of information.

15.     As used herein, the term "PERSON(S)" means natural persons, corporations, firms, partnerships, joint stock companies, associations and other organizations of persons.

16.     Any reference to any individual or entity herein includes all predecessors or successors in interest of said individual or entity and all principals,

agents, officers, former and current employees, and all other persons acting on behalf of, or at the direction of, said individual or entity, including, but not limited to, attorneys.

17.     The singular shall be deemed to include the plural and vice versa so as to bring within the scope of these requests all information that might otherwise be construed to be outside its scope.

18.     Unless otherwise specified, the relevant time period for these requests is from January 1, 1995 to the present.

**INSTRUCTIONS**

1.     Your COMPANY shall produce all DOCUMENTS in your COMPANY'S possession, custody or control that are described in the Requests set forth below.  Such DOCUMENTS shall be produced in the manner maintained by your COMPANY in the ordinary course of business.

2.     If a particular request calls *only* for electronic transactional data, and your COMPANY does not possess or control electronic transactional data sufficient to fully respond to the request, we request the production of hard copies of any responsive data that only exists in hard copy form.

3.     DOCUMENTS attached to each other should not be separated.

4.     DOCUMENTS that are stored electronically or in machine-readable form should be produced in electronic form with sufficient information to allow counsel to readily access or read such data or DOCUMENTS.

5.     In accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, if any document responsive to these Requests is withheld based upon a claim of privilege or trial preparation material, state separately for each such document, in addition to any other information requested:  (a) the nature of the privilege claimed; (b) its date; (c) its author; (d) its addressees, if any; (e) the title or position of its author; (f)

4

the type of document (e.g., letter, memorandum, electronic mail, report, recording disc, etc.); (g) its title and general subject matter (without revealing the information as to which the privilege is claimed); and (h) with sufficient specificity to permit the Court to make a full determination as to whether the claim of privilege is valid, the factual basis on which you claim such privilege.

6.     These requests are deemed to be a continuing Request which requires that you promptly supplement your COMPANY'S responses and produce any responsive documents later discovered up to the day of trial.

## DOCUMENT REQUESTS

1.     DOCUMENTS sufficient to identify and describe your COMPANY'S CRT PRODUCTS, including model numbers, and product specifications. Please include manufacturers' model numbers for the CRTs contained within the CRT PRODUCTS.

2.     All electronic transactional data for your COMPANY's purchases of CRTs and CRT PRODUCTS, including data that details, for each transaction, the following:  (a) PO number; (b) date of the transaction; (c) product code; (d) product SKU; (e) vendor number; (f) quantity of product purchased (units); (g) transaction price (i.e., the price paid for the product); (h) transaction type (i.e., purchase, return or exchange); (i) CRT part number; (j) CRT serial number; and (k) any rebates, discounts, credits, or any other financial incentives received in connection with the transaction.

3.     All electronic transactional data for your COMPANY'S sales of CRTs and CRT PRODUCTS to your COMPANY'S customers, including data that details, for each transaction, the following:  (a) invoice number; (b) date of sales transaction; (c) product code; (d) product SKU; (e) customer number; (f) customer name; (g) customer address; (h) quantity of product sold (units); (i) transaction price (i.e., price

paid by customer for each unit); (j) net dollar unit cost (i.e., total net cost of product); (k) transaction type (e.g., sale, return, credit, etc.); (l) any rebates, discounts, credits, or any other on- or financial incentives received in connection with the transaction; and (m) any field, method, or information that would allow one to link the sales record data requested in this request to your COMPANY'S purchase records for a shipment / batch of CRTs as reflected in the data responsive to request 2 above.

        4.     All DOCUMENTS and electronic transactional data, not captured in response to request number 2(k) and 3(l) above, relating to rebates, discounts, credits, cooperative marketing funds, advertising funds, promotional funds or allowances, or any other marketing assistance or support and any other on or off-invoice financial incentives received in connection with your COMPANY's purchases of CRTs or sales of products containing CRTs to your COMPANY's customers.

        5.     All electronic data that identifies any and all costs for all components other than CRTs that were used to manufacture your COMPANY'S CRT PRODUCTS.  Please include, but do not limit your response to, component costs.

        6.     All DOCUMENTS, including, but not limited to, any STUDIES or ANALYSES, concerning the impact or effect of changes of your COMPANY's acquisition costs for CRTs on the prices of the products that your COMPANY sells to your COMPANY's customers.

        7.     All DOCUMENTS, including, but not limited to, any STUDIES or ANALYSES concerning how your COMPANY, its competitors, distributors, wholesalers and/or retailers set the prices at which they sell CRT or CRT PRODUCTS.

        8.     All DOCUMENTS, including, but not limited to, any STUDIES or ANALYSES concerning actual prices paid by end-consumers of CRT PRODUCTS.

EXHIBIT NN

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### Western District of Washington

IN RE CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-5944-SC; MDL 1917
Northern District of California

TO: **Custodian of Records**
**Zones**
**1102 15th St., SW, Suite 102**
**Auburn, WA 98001**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| **Zones, 1102 15th St., SW, Suite 102, Auburn, WA 98001** | **February 9, 2009** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*  **Attorney for Plaintiffs** | **January 16, 2009** |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Patrick B. Clayton
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery St., Suite 3400, San Francisco, CA 94104, Phone: (415) 693-0700

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

## Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may  promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

### DEFINITIONS

1.      As used herein, "all" also includes "each" and "any," and vice versa.

2.      As used herein, "DEFENDANTS" means the Defendants LG Electronics, Inc., LG Electronics USA, Inc., Samsung Electronics Co., Ltd. Samsung SDI Co., Ltd., Samsung Electronics America, Inc., Samsung SDI America, Inc., Samtel Color, Ltd., Toshiba Corporation, Toshiba America Electronics Components, Inc., Toshiba America Information Systems, Inc., Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., MT Picture Display Co., Ltd., MT Picture Display Corporation of America (New York), MT Picture Display Corporation of America (Ohio), Matsushita Electric Industrial Co., Ltd. (n/k/a Panasonic Corporation), Beijing-Matsushita Color CRT Company, Ltd., Orion Electric Co., Ltd., Orion America, Inc., Hitachi, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., Hitachi Electronic Devices (USA), Inc., Chunghwa Picture Tubes, Ltd., Chunghwa Picture Tubes (Malaysia) Sdn., LP Displays International, Ltd. (f/k/a LG Philips Displays), Koninklijke Philips Electronics N.V. (a/k/a/ Royal Philips Electronics N.V.), Philips Electronics North America Corporation, Irico Group Corporation, Irico Display Devices Co., Ltd., Thai CRT Company, Ltd., Tatung Company of America, Inc., TCL International Holdings, Ltd. (a/k/a/ TCL Corporation), Thomson S.A., and TCL-Thomson Electronics Corp. (a/k/a TTE Corporation), and their employees, officers, directors, agents, attorneys, affiliates, subsidiaries, joint ventures, successors, predecessors, or any PERSON acting on their behalf.

3.      As used herein, "and" and "or" are to be considered both conjunctively and disjunctively, and "or" is understood to include and encompass "and," and vice versa.

1

4.      As used herein, "COMPANY" means the entity responding to this subpoena and its employees, officers, directors, agents, attorneys, affiliates, subsidiaries, joint ventures, successors, predecessors, or any PERSON acting on their behalf.

5.      As used herein, "DOCUMENTS" shall have the same meaning and scope of Rule 34(a) of the Federal Rules of Civil Procedure and includes any "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained" as referenced in that Rule.  "Writings" "recordings" and "photographs" shall have the meanings as defined in Rule 1001 of the Federal Rules of Evidence.  "DOCUMENTS" shall include, without limitation, any original and any non-identical copy of every kind of written, printed, typed, recorded, or graphic matter, however produced or reproduced including all correspondence, letters, telegrams, telexes, messages, memoranda, instructions, e-mails, handwritten or recorded notes or oral communications, and all records, schedules, reports, surveys, calculations, transcripts, noted, time cards, personal expense reports, appointment books, calendars, plans, purchase orders, contracts, subcontracts, leases, accounting records, charts of accounts, billing records, invoices, statements, bills, checks, vouchers, certified or other payrolls, ledgers, accounts, drawings, graphs, photographs, video tapes, audio tapes, films, newspapers, data or other compilations, computer indexes, electronic or magnetic media (including disks and tapes), computer printouts, or other tangible things.  "DOCUMENTS" shall further include CD-ROMs; DVDs; data cartridges; removable hard drives and storage devices; flash drives; zip drives; personal digital assistants (such as a Blackberry, Treo, or Palm Pilot or other similar device); text messages; instant messages; and data stored on cellular phones.

6.      "DOCUMENTS" shall further include all drafts of DOCUMENTS defined above.

7.      As used herein, the terms "COMMUNICATE" or "COMMUNICATION(S)" mean and include every disclosure, transfer, transmittal or exchange of information, whether orally or in writing or otherwise, face-to-face, by telephone, telecopier, mail, personal delivery, electronic mail, telecommunication or otherwise.

8.      As used herein, "COMPUTER(S)" refers to personal computers, including, but not limited to, monitors used in desktop systems.

9.      As used herein, the term "CRTs" refers to a "cathode ray tubes" that are used in televisions and COMPUTERS.

10.     As used herein, the term "CRT PRODUCTs" refers to products containing CRTs.

11.     As used herein, the term "OEM" refers to an original equipment manufacturer.

12.     As used herein, the term "ODM" refers to an original design manufacturer, i.e., a company that provides not only manufacturing services, but also product designs or design services and that may or may not sell its own branded products.

13.     As used herein, the term "MEETING" means any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned, arranged, scheduled or not.

14.     As used herein, the terms "STUDIES" and/or "ANALYSES" includes all reports, memoranda, statistical compilations, slide-presentations, reviews, audits and other types of written, printed, or electronic submissions of information.

15.     As used herein, the term "PERSON(S)" means natural persons, corporations, firms, partnerships, joint stock companies, associations and other organizations of persons.

16.     Any reference to any individual or entity herein includes all predecessors or successors in interest of said individual or entity and all principals,

3

agents, officers, former and current employees, and all other persons acting on behalf of, or at the direction of, said individual or entity, including, but not limited to, attorneys.

17.     The singular shall be deemed to include the plural and vice versa so as to bring within the scope of these requests all information that might otherwise be construed to be outside its scope.

18.     Unless otherwise specified, the relevant time period for these requests is from January 1, 1995 to the present.

## INSTRUCTIONS

1.     Your COMPANY shall produce all DOCUMENTS in your COMPANY'S possession, custody or control that are described in the Requests set forth below.  Such DOCUMENTS shall be produced in the manner maintained by your COMPANY in the ordinary course of business.

2.     If a particular request calls *only* for electronic transactional data, and your COMPANY does not possess or control electronic transactional data sufficient to fully respond to the request, we request the production of hard copies of any responsive data that only exists in hard copy form.

3.     DOCUMENTS attached to each other should not be separated.

4.     DOCUMENTS that are stored electronically or in machine-readable form should be produced in electronic form with sufficient information to allow counsel to readily access or read such data or DOCUMENTS.

5.     In accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, if any document responsive to these Requests is withheld based upon a claim of privilege or trial preparation material, state separately for each such document, in addition to any other information requested:  (a) the nature of the privilege claimed; (b) its date; (c) its author; (d) its addressees, if any; (e) the title or position of its author; (f)

the type of document (e.g., letter, memorandum, electronic mail, report, recording disc, etc.); (g) its title and general subject matter (without revealing the information as to which the privilege is claimed); and (h) with sufficient specificity to permit the Court to make a full determination as to whether the claim of privilege is valid, the factual basis on which you claim such privilege.

6.     These requests are deemed to be a continuing Request which requires that you promptly supplement your COMPANY'S responses and produce any responsive documents later discovered up to the day of trial.

## DOCUMENT REQUESTS

1.     DOCUMENTS sufficient to identify and describe your COMPANY'S CRT PRODUCTS, including model numbers, and product specifications. Please include manufacturers' model numbers for the CRTs contained within the CRT PRODUCTS.

2.     All electronic transactional data for your COMPANY's purchases of CRTs and CRT PRODUCTS, including data that details, for each transaction, the following:  (a) PO number; (b) date of the transaction; (c) product code; (d) product SKU; (e) vendor number; (f) quantity of product purchased (units); (g) transaction price (i.e., the price paid for the product); (h) transaction type (i.e., purchase, return or exchange); (i) CRT part number; (j) CRT serial number; and (k) any rebates, discounts, credits, or any other financial incentives received in connection with the transaction.

3.     All electronic transactional data for your COMPANY'S sales of CRTs and CRT PRODUCTS to your COMPANY'S customers, including data that details, for each transaction, the following:  (a) invoice number; (b) date of sales transaction; (c) product code; (d) product SKU; (e) customer number; (f) customer name; (g) customer address; (h) quantity of product sold (units); (i) transaction price (i.e., price

paid by customer for each unit); (j) net dollar unit cost (i.e., total net cost of product); (k) transaction type (e.g., sale, return, credit, etc.); (l) any rebates, discounts, credits, or any other on- or financial incentives received in connection with the transaction; and (m) any field, method, or information that would allow one to link the sales record data requested in this request to your COMPANY'S purchase records for a shipment / batch of CRTs as reflected in the data responsive to request 2 above.

        4.     All DOCUMENTS and electronic transactional data, not captured in response to request number 2(k) and 3(l) above, relating to rebates, discounts, credits, cooperative marketing funds, advertising funds, promotional funds or allowances, or any other marketing assistance or support and any other on or off-invoice financial incentives received in connection with your COMPANY's purchases of CRTs or sales of products containing CRTs to your COMPANY's customers.

        5.     All electronic data that identifies any and all costs for all components other than CRTs that were used to manufacture your COMPANY'S CRT PRODUCTS.  Please include, but do not limit your response to, component costs.

        6.     All DOCUMENTS, including, but not limited to, any STUDIES or ANALYSES, concerning the impact or effect of changes of your COMPANY's acquisition costs for CRTs on the prices of the products that your COMPANY sells to your COMPANY's customers.

        7.     All DOCUMENTS, including, but not limited to, any STUDIES or ANALYSES concerning how your COMPANY, its competitors, distributors, wholesalers and/or retailers set the prices at which they sell CRT or CRT PRODUCTS.

        8.     All DOCUMENTS, including, but not limited to, any STUDIES or ANALYSES concerning actual prices paid by end-consumers of CRT PRODUCTS.