TERRY CALVANI (53260)
Email: terry.calvani@freshfields.com
BRUCE C. MCCULLOCH (*pro hac vice*)
Email: bruce.mcculloch@freshfields.com
CHRISTINE A. LACIAK (*pro hac vice*)
Email: christine.laciak@freshfields.com
FRESHFIELDS BRUCKHAUS DERINGER US LLP
701 Pennsylvania Avenue, NW, Suite 600
Washington, DC  20004
Tel:  (202) 777-4500
Fax:  (202) 777-4555

*Counsel for Defendant Beijing Matsushita Color CRT Co., Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No.: 3:07-CV-5944 SC |
| | MDL No. 1917 |
| This Document Relates To: | **BEIJING MATSUSHITA COLOR CRT CO., LTD.'S MOTION TO DISMISS DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT AND INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT** |
| DIRECT PURCHASER ACTIONS and INDIRECT PURCHASER ACTIONS | |
| | [Proposed] Order Granting Motion to Dismiss Without Leave to Amend Filed Concurrently Herewith |
| | Date:    August 4, 2009<br>Time:    9:00 a.m.<br>Before:  The Honorable Charles A. Legge, U.S. District Judge (Ret.), Special Master |

# TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION ........................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

STATEMENT OF ISSUES PRESENTED..................................................................................... 1

INTRODUCTION .......................................................................................................................... 1

FACTUAL BACKGROUND......................................................................................................... 2

ARGUMENT.................................................................................................................................. 3

I.     The Complaints Fail Sufficiently To Allege That BMCC Joined The Alleged
       Conspiracy As Required By *Twombly* ............................................................................ 3

       A.     *Twombly* Pleading Standard.................................................................................. 3

       B.     The Adequacy Of A Complaint Alleging A Price-Fixing Conspiracy Must Be
              Judged On A Defendant-Specific Basis.................................................................. 4

       C.     The DPC Allegations Against BMCC Are Inadequate Under *Twombly* ...................... 5

       D.     The IPC Allegations Against BMCC Are Inadequate Under *Twombly* ...................... 7

II.    The Statute Of Limitations Bars The DPC Claims As To BMCC ........................................... 8

III.   Conclusion ....................................................................................................................... 10

i

**MOTION TO DISMISS DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT AND INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT – CASE NO.: 3:07-CV-5944 SC**

# TABLE OF AUTHORITIES

Page

CASES

*Alaska Airlines, Inc. v. Carey*, No. C07-5711 RBL, 2008 WL 2725796
 (W.D. Wash. July 11, 2008) ........................................................................................... 4
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................... 1, 2, 3, 4, 6, 8
*Clegg v. Cult Awareness Network*, 18 F.3d 752 (9th Cir. 1994) ........................................... 3, 6
*Conmar v. Mitsui*, 858 F.2d 499 (9th Cir. 1988) ...................................................................... 9
*In re Citric Acid Litig.*, 191 F.3d 1090 (9th Cir. 1999) ............................................................. 6
*In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011 (N.D. Cal. 2007) ............. 6
*In re Late Fee & Over-Limit Fee Litig.*, 528 F. Supp. 2d 953 (N.D. Cal. 2007) .......................... 6
*In re Rubber Chems. Antitrust Litig.*, 504 F. Supp. 2d 777 (N.D. Cal. 2007) ............................ 9
*In re Sagent Tech., Inc. Deriv. Litig.*, 278 F. Supp. 2d 1079 (N.D. Cal. 2003) ...................... 6, 8
*In re SRAM Antitrust Litig.*, 580 F. Supp. 2d 896 (N.D. Cal. 2008) ........................................ 6
*In re TFT-LCD (Flat Panel) Antitrust Litigation*, 586 F. Supp. 2d 1109 (N.D. Cal. 2008) ........... 4
*In re Travel Agent Comm'n Antitrust Litig.*, No. 1:03-CV-30000, 2007 WL 3171675 (N.D. Ohio
 Oct. 29, 2007) ............................................................................................................... 4
*Int'l Norcent Tech. v. Koninklijke Philips Elecs. N.V.*, No. CV 07-00043 MMM (SSx), 2007 WL
 4976364 (C.D. Cal. Oct. 29, 2007) .................................................................................. 4
*Jung v. Ass'n of Am. Med. Colls.*, 300 F. Supp. 2d 119 (D.D.C. 2004) ................................... 4
*Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042 (9th Cir. 2008) ........................................... 3, 4, 8
*Metz v. Unizan Bank*, 416 F. Supp. 2d 568 (N.D. Ohio 2006) ................................................ 9
*Mountain View Pharm. v. Abbott Labs.*, 630 F.2d 1383 (10th Cir. 1980) ............................. 5, 8
*Papasan v. Allain*, 478 U.S. 265 (1986) ................................................................................. 3
*Rick-Mik Enterprises, Inc. v. Equilon Enterprises LLC*, 532 F.3d 963 (9th Cir. 2008) ................ 5
*Suckow Borax Mines Consolid., Inc. v. Borax Consolid., Ltd.*, 185 F.2d 196 (9th Cir. 1950) ........ 9
*United States v. U.S. Gypsum Co.*, 438 U.S. 422 (1978) ........................................................ 9
*Walton v. Mead*, No. C 03-4921 CRB, 2004 WL 2415037 (N.D. Cal. Oct. 28, 2004) ................. 6

STATUTES

15 U.S.C. § 15b ................................................................................................................ 1, 9

ii

**MOTION TO DISMISS DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT AND INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT – CASE NO.: 3:07-CV-5944 SC**

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on August 4, 2009 at 9:00 a.m. or as soon thereafter as this matter may be heard before the Honorable Charles A. Legge, U.S. District Court Judge (Ret.), Special Master, in the San Francisco Resolution Center of JAMS, Two Embarcadero Center, Suite 1500, San Francisco, California 94111, Defendant Beijing Matsushita Color CRT Co., Ltd. will and hereby does move this Court for an order dismissing the Direct Purchaser Plaintiffs' Consolidated Amended Complaint and dismissing Indirect Purchaser Plaintiffs' Consolidated Amended Complaint without leave to amend for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Motion to Dismiss is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the pleadings and correspondence on file in this action, and such other arguments and evidence as may be presented at or before the hearing, including, among others *Defendants' Joint Motion to Dismiss Direct Purchaser Plaintiffs' Consolidated Amended Complaint* and *Defendants Joint Motion to Dismiss Indirect Purchaser Plaintiffs' Consolidated Amended Complaint*.

# MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF ISSUES PRESENTED

Defendant Beijing Matsushita Color CRT Co., Ltd. ("BMCC") moves to dismiss the Direct Purchaser Plaintiffs' and Indirect Purchaser Plaintiffs' Consolidated Amended Complaints ("DPC" and "IPC," respectively, or "Complaints," jointly) on the following grounds:

1. The Complaints should be dismissed for failure to allege sufficient facts as to BMCC's participation in any alleged conspiracy.

2. The DPC should be dismissed as to BMCC because it is barred by the statute of limitations and it is not saved as to BMCC by DPC plaintiffs' claims of fraudulent concealment.

## INTRODUCTION

Plaintiffs' Complaints seek to assert a claim under Section 1 of the Sherman Act, 15 U.S.C. § 1. This motion incorporates by reference the *Defendants' Joint Motion to Dismiss Direct Purchaser Plaintiffs' Consolidated Amended Complaint* and *Defendants Joint Motion to Dismiss Indirect Purchaser Plaintiffs' Consolidated Amended Complaint* (collectively "Joint Motions"), which properly point out the wholly insufficient, conclusory assertions in the Complaints, and the lack of specific factual allegations required to be pled as a result of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In addition, plaintiffs fail to set forth any sufficiently specific or plausible allegations of conspiratorial activity by BMCC. The blatant lack of factual claims to support any allegations against BMCC in particular provides an independent ground for dismissal with regard to BMCC, as set forth in this Motion.

First, the entire DPC includes only two statements that refer specifically to BMCC: One that alleges BMCC manufactured, sold, and distributed "CRT Products" throughout the United States (which is inaccurate as set out in the Factual Background section *infra*), DPC ¶ 80, and one that merely alleges that BMCC "participated in" meetings (only in China) at which unlawful agreements "occurred". DPC ¶ 173. Nowhere in the DPC is BMCC alleged actually to have entered into any unlawful agreements, express or otherwise.

Second, while the IPC manages in one paragraph to allege that BMCC entered into

1  agreements on prices,[1] neither the IPC nor the DPC provide any of the *Twombly*-required who, what, and when details as to the meetings in which the DPC alleges BMCC participated, or the agreements into which the IPC alleges BMCC entered.

Third, the DPC is further deficient in that it alleges that BMCC participated in meetings only from 1998 until 2001 and therefore the DPC's claims are time barred by the statute of limitations, which would have run in 2005, nearly two years before the complaints were first filed in this matter. The DPC plaintiffs have failed sufficiently to allege that they are entitled to an extension of the statute of limitations by failing to sufficiently allege fraudulent concealment as to BMCC.

Accordingly, the pleadings are legally deficient under Federal Rule of Civil Procedure Rule 8(a) as to BMCC, as interpreted in *Twombly*: the Complaints do not present "enough factual matter … to suggest" that BMCC joined in any illegal conspiracy. *Twombly*, 550 U.S. at 556.

## FACTUAL BACKGROUND

Plaintiffs allege that BMCC manufactured, sold, and distributed "CRT Products." DPC ¶ 80, IPC ¶ 86. Plaintiffs attempt to group together four distinct products under that umbrella term, which purports to encompass (1) color display tubes ("CDTs"), which are the internal tubes used in color computer monitors; (2) color picture tubes ("CPTs"), which are the internal tubes used in color televisions; (3) the finished products containing CDTs (i.e., color computer monitors); and (4) the finished products containing CPTs (i.e., color televisions). DPC ¶¶ 1, 85, 103; IPC ¶¶ 13-15. However, it is clear from publicly available information and Plaintiffs' Complaints[2] that BMCC only manufacturers cathode ray tubes[3] which the DPC and IPC define as including only CPTs and CDTs. DPC ¶ 1, IPC ¶ 14. As BMCC does not manufacture or sell any "finished products", plaintiffs cannot show that they have purchased such "finished products" from BMCC. Plaintiffs also allege

---

[1] Nowhere else in the IPC is BMCC alleged to have entered into any agreements. The IPC contains three other statements that refer specifically to BMCC: one similar to the statement in the DPC that BMCC manufactures, sells and distributes CRT Products throughout the United States, IPC ¶ 86; one that states BMCC "met or talked with" competitors for the purpose of fixing prices of CRT Products, IPC ¶ 2; and one that states BMCC was a "participant" in meetings at which "reports" were made about other meetings, IPC ¶ 148.

[2] *See* DPC ¶ 80, IPC ¶ 86 (BMCC manufactures CRTs for televisions).

[3] *See Matsushita Venture*, N.Y. TIMES, Sept. 19, 1989, at D18, *available at* http://www.nytimes.com/1989/09/21/business/matsushita-venture.html?emc=eta1; Panasonic Corporate History, http://www.panasonic.net/history/corporate/chronicle/1987-01.html.

2

MOTION TO DISMISS DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT AND INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT – CASE NO.: **3:07-CV-5944 SC**

that BMCC manufactured, sold, and distributed "CRT Products" in the United States—a misleading assertion of fact that we accept as well-pleaded solely for purposes of this motion to dismiss. DPC ¶ 80. Indeed, BMCC was not named as a defendant in the majority of the complaints now a part of this MDL.[4]

## ARGUMENT

**I.   The Complaints Fail Sufficiently To Allege That BMCC Joined The Alleged Conspiracy As Required By *Twombly***

### A.   *Twombly* Pleading Standard

As set out in greater detail in the Joint Motions, the Supreme Court held that, in order to withstand a motion to dismiss, plaintiffs proceeding under Section 1 of the Sherman Act must "raise a right to relief above the speculative level," unable any longer to rely on "labels and conclusions" or "formulaic recitation[s]" of the elements of the cause of action. *Twombly*, 550 U.S. at 555. Because concerted action through agreement among the defendants lies at the heart of a Sherman Act Section 1 claim, plaintiffs must include in the complaint enough factual allegations, rather than mere speculation or conjecture, to nudge their conspiracy claim "across the line from conceivable to plausible." *Id*. at 570. Without some level of "factual enhancement," a "naked assertion of conspiracy in the § 1 complaint" does not plausibly suggest a preceding agreement. *Id*. at 557.[5]

Furthermore, it is insufficient for a complaint to allege legal conclusions masquerading as facts. Both the Supreme Court and the Ninth Circuit have recognized that courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) ("[T]he

---

[4] *See*, *e.g.*, among others *Nathan Muchnick, Inc. v. Chunghwa Picture Tubes Ltd.*, 3:07-cv-05981 (N.D. Cal. Nov. 27, 2007) (direct purchaser complaint); *Juetten et al v. Chunghwa Picture Tubes Ltd.*, 3:07-cv-06225 (N.D. Cal. Dec. 10, 2007) (indirect purchaser complaint); *Caldwell v. Matsushita Electric Industrial Co., Ltd*, 3:07-cv-06303 (N.D. Cal. Dec. 13, 2007) (indirect purchaser complaint*); Univisions-Crimson Holding, Inc. v. Chunghwa Picture Tubes Ltd.*, 3:08-cv-00494 (N.C. Cal. Jan. 23, 2008) (direct purchaser complaint); *Electronic Design Company v. Chunghwa Picture Tubes, LTD*, 08-cv-00614 (direct purchaser complaint).

[5] As articulated by the Ninth Circuit in a recent price-fixing case, *Twombly* requires that: a plaintiff's obligation to provide the grounds of its entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. The factual allegations must be enough to raise a right to relief above the speculative level. *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1046-47 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555-56).

3

MOTION TO DISMISS DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT AND INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT – CASE NO.: **3:07-CV-5944 SC**

court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged"); *Int'l Norcent Tech. v. Koninklijke Philips Elecs. N.V.*, No. CV 07-00043 MMM (SSx), 2007 WL 4976364, at * 5 (C.D. Cal. Oct. 29, 2007) ("[The court] need not, however, accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations").

### B.  The Adequacy Of A Complaint Alleging A Price-Fixing Conspiracy Must Be Judged On A Defendant-Specific Basis

A complaint "must allege that each individual defendant joined the conspiracy and played some role in it because, at the heart of an antitrust conspiracy is an agreement and a conscious decision by each defendant to join it." *In re TFT-LCD (Flat Panel) Antitrust Litigation*, 586 F. Supp. 2d 1109, 1117 (N.D. Cal. 2008) (internal quotation omitted).

Moreover, "Plaintiffs cannot escape their burden of alleging that [BMCC] participated in or agreed to join the conspiracy by using the term 'defendants' to apply to numerous parties without any specific allegations as to [BMCC]." *Jung v. Ass'n of Am. Med. Colls.*, 300 F. Supp. 2d 119, 163 (D.D.C. 2004) (assessing motion to dismiss defendant by defendant; granting motion as to certain defendants). *Alaska Airlines, Inc. v. Carey*, No. C07-5711 RBL, 2008 WL 2725796, at *7 (W.D. Wash. July 11, 2008) (at the pleadings stage, sustaining Section 1 claims against some defendants but dismissing as to another because allegations did not "establish that [she] personally joined a conspiracy or played an individual role in it"); *In re Travel Agent Comm'n Antitrust Litig.*, No. 1:03-CV-30000, 2007 WL 3171675, at *3 n.4 (N.D. Ohio Oct. 29, 2007) (at the pleadings stage, conducting defendant-by-defendant analysis; dismissing claims against one defendant, for example, "because there is no factual matter to plausibly suggest that [it] joined or participated in an unlawful conspiracy" (citing *Twombly*)).

Under *Twombly*, as interpreted by the Ninth Circuit, to surpass the Rule 8 threshold, the complaints must answer as to each defendant "the basic questions: who, did what, to whom (or with whom), where, and when" to give each defendant seeking to respond to allegations of a conspiracy an idea of where to begin. *Kendall*, 518 F.3d at 1047-48 (quoting *Twombly*, 550 U.S. at 565 n.10). Under the *Twombly* standard, both the DPC and IPC must be dismissed as to BMCC.

4

**C.     The DPC Allegations Against BMCC Are Inadequate Under *Twombly***

The DPC specifically names BMCC in only one allegation which fails to answer the "basic questions" required by *Twombly* and its progeny:

> BMCC participated in at over (sic) 20 illegal bilateral group meetings between 1998 and 2001 in which unlawful agreements as to, inter alia, price, output restrictions, and customer and market allocation of CRT Products (including CDT Products and CPT Products) occurred.  These meetings occurred in China.  BMCC never effectively withdrew from this conspiracy.  DPC ¶ 173.

Particularly after *Twombly*, a complaint alleging a price-fixing conspiracy must at the very least allege the "nature of the conspiracy or agreement." *Rick-Mik Enterprises, Inc. v. Equilon Enterprises LLC*, 532 F.3d 963, 976 (9th Cir. 2008).  It is obvious on its face that the DPC's single-paragraph provision falls far short of that threshold.  The mere allegation that BMCC "participated" in meetings at which allegedly unlawful agreements "occurred" does not make out a claim that BMCC itself actually entered into unlawful agreements.  The failure to allege, even in conclusory fashion, that BMCC entered into price-fixing agreements lacks the particularity of pleading required by *Twombly*.

Second, the DPC does not make clear what products were subject to the allegedly unlawful agreements that "occurred" at the unknown meetings BMCC is alleged to have "participated" in, as "CRT Products" is an amorphous term in the DPC as discussed in the Factual Background section of this Motion *supra*.[6]  Since under the DPC plaintiffs' definition CPTs, CDTs, finished products or any combination thereof could constitute "CRT Products", this allegation is simply insufficient to give BMCC notice of about what products it allegedly conspired.  *See Mountain View Pharm. v. Abbott Labs.*, 630 F.2d 1383, 1387-88 (10th Cir. 1980) (finding complaint inadequate in tying case because it does not provide the defendants "notice as to which products are being tied").

Third, the DPC is inadequate because it does not identify who from BMCC "participated" in the meetings or with whom BMCC would have entered into "unlawful agreements".  *In re Sagent*

---

[6] The Complaints allege a conspiracy to fix prices for "CRT Products."  DPC ¶ 1.  IPC ¶ 1.  Plaintiffs then attempt to group together four distinct products under that umbrella term, which purports to encompass (1) CDTs; (2) CPTs; (3) the finished products containing CDTs; and (4) the finished products containing CPTs.  DPC ¶¶ 1, 85, 103.  IPC ¶¶ 13-15.

5

MOTION TO DISMISS DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT AND INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT – CASE NO.: **3:07-CV-5944 SC**

*Tech., Inc. Deriv. Litig.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) ("[T]he complaint fails to state a claim because plaintiffs do not indicate which individual defendant or defendants were responsible for which alleged wrongful act").

Finally, Plaintiffs attempt to mask the blatant deficiencies of their complaint as to BMCC in particular by lumping all defendants together under the unsupported theory that each defendant acted as "the agent of, co-conspirator with, or joint venturer of" all other defendants. DPC ¶ 84. This bare legal conclusion—void of any supporting facts—is insufficient to establish liability.[7]

The failure to allege such basic facts as to BMCC is fatal to the claims against BMCC. *See In re Late Fee & Over-Limit Fee Litig.*, 528 F. Supp. 2d 953, 962 (N.D. Cal. 2007) (conspiracy allegations insufficient where no details as to "when, where, or by whom this alleged agreement was reached").

Furthermore, although much of the other evidence relied on in the DPC is insufficient and improperly relied on to make out a claim of conspiracy, BMCC is noticeably absent from any claim that it: (a) is the subject of any international antitrust investigations, DPC ¶ 122-133,[8] or (b) participated in any trade associations or trade events, DPC ¶176-187.[9]

---

[7] *See Clegg*, 18 F.3d at 754-56 (court not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged); *Walton v. Mead*, No. C 03-4921 CRB, 2004 WL 2415037, at *4 (N.D. Cal. Oct. 28, 2004) (dismissing claims based on unsupported agency theory).

[8] Courts have repeatedly rejected the notion that government investigations lend any legitimacy to allegations of conspiracy. *See, e.g.*, *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1024 (N.D. Cal. 2007) ("[P]laintiffs point out that the Antitrust Division of the Department of Justice has served defendants with subpoenas and is conducting a grand jury investigation. The investigation, however, carries no weight in pleading an antitrust conspiracy claim."); *In re SRAM Antitrust Litig.*, 580 F. Supp. 2d 896, 903 (N.D. Cal. 2008) (same).

[9] Allegations of trade association membership, without more, do not allege any antitrust violation. *See, e.g.*, *Twombly*, 550 U.S. at 567 n.12 (rejecting allegations of membership "to various trade associations" as supporting "allegations of conspiracy"); *In re Citric Acid Litig.*, 191 F.3d 1090, 1098 (9th Cir. 1999) ("Gathering information about pricing and competition in the industry is standard fare for trade associations. If we allowed conspiracy to be inferred from such activities alone, we would have to allow an inference of conspiracy whenever a trade association took almost any action."); *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1023 (N.D. Cal. 2007) ("Attendance at industry trade shows and events is presumed legitimate and is not a basis from which to infer a conspiracy, without more."); *In re Late Fee and Over-Limit Fee Litig.*, 528 F. Supp. 2d 953, 963 (N.D. Cal. 2007) (noting *Twombly* and "other courts have consistently refused to infer the existence of a conspiracy" from membership in joint networks and trade associations).

6

MOTION TO DISMISS DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT AND INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT – CASE NO.: **3:07-CV-5944 SC**

### D. The IPC Allegations Against BMCC Are Inadequate Under *Twombly*

The IPC specifically names BMCC in only three allegations which fail to answer the "basic questions" required by *Twombly* and its progeny:

> Over time, these Defendants reached out to the other Defendant CRT Product manufacturers, including Toshiba, Panasonic, Hitachi, BMCC, IRICO, Thai CRT and Samtel, who then also met or talked with their competitors for the purpose of fixing the prices of CRT Products. IPC ¶ 2.
>
> The Chinese Glass Meetings began in 1998 and generally occurred on a monthly basis following a top or management level meeting. The China meeting had the principal purpose of reporting what had been decided at the most recent Glass Meeting to the Chinese manufacturers. Participants at the Chinese meetings included the manufacturers located in China, such as IRICO and BMCC, as well as the China-based branches of the other Defendants, including but not limited to Hitachi Shenzhen, Samsung SDI Shenzhen, Samsung SDI Tianjin, and Chunghwa. IPC ¶ 148.
>
> Between at least 1998 and 2007, Defendant BMCC participated in multiple Glass Meetings. These meetings were attended by high level sales managers from BMCC. BMCC also engaged in multiple bilateral discussions with other Defendants, particularly the other Chinese CRT manufacturers. Through these discussions, BMCC agreed on prices and supply levels for CRT Products. IPC ¶ 184.

First, the IPC fails to allege or to allege with sufficient particularity that BMCC actually entered into an illegal conspiracy. The first and second allegations do not even allege that BMCC entered into any agreement, illegal or otherwise, at any of the meetings it allegedly attended. IPC ¶¶ 2, 148. Allegations that some other defendants "met and talked with" BMCC for the purpose of fixing prices does not make out a claim that BMCC actually entered into any agreement, either express or otherwise. Similarly, the allegation that BMCC attended meetings at which some unknown persons allegedly "reported" events from other meetings does not allege that BMCC actually entered into any agreement, illegal or otherwise, at the meetings. The third allegation simply lacks the details required by *Twombly* to give BMCC notice of the agreement to which it is alleged to be a party. IPC ¶ 184.

Second, the IPC suffers from the same deficiency as the DPC in that does not make clear what products were subject to the allegedly unlawful agreements, as "CRT Products" is an

7

amorphous term in the IPC.[10]  Since under the IPC plaintiffs' definition CPTs, CDTs, finished products or any combination thereof could constitute "CRT Products", this allegation is insufficient to give BMCC notice of about what products it allegedly conspired.  *See Mountain View Pharm.*, 630 F.2d at 1387-88 (finding complaint inadequate in tying case because it does not provide the defendants "notice as to which products are being tied").

Third, in *Twombly*, the Court explained that the complaint was deficient in part because it identified a "7-year span in which the § 1 violations were supposed to have occurred," but failed to mention any "specific time."  550 U.S. at 565 n.10.  The same deficiency is amply evident here.  BMCC is alleged in the IPC to have participated in meetings at which prices were fixed occurring over a nine-year time period without any further details as to where and when.  IPC ¶ 184.  That nine-year span is significantly longer than the seven-year span judged inadequate in *Twombly*.

Fourth, the IPC is inadequate because it does not identify who from BMCC "participated" in the meetings or with whom BMCC would have entered into agreements.  *In re Sagent Tech.*, 278 F. Supp. 2d at 1094 ("[T]he complaint fails to state a claim because plaintiffs do not indicate which individual defendant or defendants were responsible for which alleged wrongful act").  The Ninth Circuit, interpreting *Twombly*, has made clear that for a complaint to properly allege a price-fixing conspiracy, it "must allege facts such as a 'specific time, place, or person involved in the alleged conspiracies' to give a defendant seeking to respond to allegations of a conspiracy an idea of where to begin."  *Kendall*, 518 F.3d at 1047 (quoting *Twombly*, 550 U.S. at 565 n.10).

The IPC further suffers from the same fatal flaw as the DPC, in that it relies only on the conclusory legal theory that each defendant acted as "the agent or joint venturer of or for" other defendants.  IPC ¶ 113.  Here too, the "kitchen sink" approach falls far short of sustaining an agency theory of liability.

## II.     The Statute Of Limitations Bars The DPC Claims As To BMCC

The DPC alleges "BMCC participated in at over (sic) 20 illegal bilateral group meetings between 1998 and *2001* in which unlawful agreements …. occurred."  DPC ¶ 173 (emphasis added).

---

[10] *See supra* note 6.

8

MOTION TO DISMISS DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT AND INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT – CASE NO.: **3:07-CV-5944 SC**

The DPC contains no other specific allegations as to BMCC's alleged participation in any conspiracy. Even if this allegation were sufficient to claim that BMCC entered into illegal agreements—which it is not—any such claims arising from those agreements would be barred under the statute of limitations as such claims would have had to have arisen as a result of BMCC's conduct undertaken no later than 2001. Since the applicable statute of limitations is four years, any complaint regarding BMCC's activity from 2001 or before would have had to have been filed by 2005. 15 U.S.C. § 15b. The complaints in this case were not filed until 2007. A defendant cannot be held liable for involvement in an antitrust conspiracy if the defendant withdraws from the conspiracy and the statute of limitations later runs for conduct occurring before the withdrawal. *United States v. U.S. Gypsum Co.*, 438 U.S. 422 (1978).

Although plaintiffs try to remedy this defect through the conclusory allegation that BMCC never effectively withdrew from the conspiracy, they provide no support for such a claim. In a further effort to save their claims, plaintiffs include various allegations under the rubric of "Fraudulent Concealment" in an unsuccessful attempt to toll the statute of limitations. DPC ¶¶ 200-12. To invoke the fraudulent concealment doctrine as to BMCC, plaintiffs would have to plead that: (1) BMCC actively misled the plaintiffs as to BMCC's role in the alleged conspiracy; (2) plaintiffs "had neither actual nor constructive knowledge of the facts constituting their claim for relief"; and (3) plaintiffs were diligent in trying to discover the pertinent facts. *In re Rubber Chems. Antitrust Litig.*, 504 F. Supp. 2d 777, 787-88 (N.D. Cal. 2007). Fraudulent concealment must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b), and the burden of pleading and proving fraudulent concealment lies with the plaintiffs. *Conmar v. Mitsui*, 858 F.2d 499, 502 (9th Cir. 1988); *Suckow Borax Mines Consolid., Inc. v. Borax Consolid., Ltd.*, 185 F.2d 196, 209 (9th Cir. 1950). Plaintiffs must therefore plead that *each individual defendant* actively misled the plaintiffs. Absent that, plaintiffs' claims of fraudulent concealment fail for lack of particularity. *See Metz v. Unizan Bank*, 416 F. Supp. 2d 568, 579 (N.D. Ohio 2006) ("The Plaintiff must affirmatively plead facts supporting a claim for fraudulent concealment *against each specific Defendant* who allegedly participated in the concealment in order to state a claim against that Defendant which would survive an otherwise expired statute of limitations." (emphasis added)).

The DPC does not meet this standard with regard to BMCC.  In fact, much of the evidence plaintiffs cite as examples of efforts by the defendants to fraudulently conceal their conspiracy could not have involved BMCC, because by plaintiffs' own admission, BMCC did not participate in any of the meetings after 2001 at which the defendants allegedly engaged in efforts at fraudulent concealment.  By plaintiffs' admission, BMCC did not participate after 2001 in any of the meetings at which defendants allegedly took actions to avoid detection (DPC ¶ 202), agreed to give pretextual reasons for price increases and output restrictions (DPC ¶ 206), coordinated communications to give pretextual reasons for their pricing actions and output restrictions (DPC ¶ 202), and were told not to take minutes  (DPC ¶ 205).[11]  The DPC claims of fraudulent concealment further fail for the reasons outlined in more detail in the Joint Motions.

### III.     Conclusion

For all of the reasons expressed above, BMCC respectfully requests that the Court dismiss the Complaints without leave to amend.

Respectfully submitted,

Dated:  May 18, 2009

FRESHFIELDS BRUCKHAUS DERINGER US LLP

By: /s/ Terry Calvani
TERRY CALVANI (53260)
Email: terry.calvani@freshfields.com
BRUCE C. MCCULLOCH (*pro hac vice*)
Email: bruce.mcculloch@freshfields.com
CHRISTINE A. LACIAK (*pro hac vice*)
Email: christine.laciak@freshfields.com
Attorneys For Defendant
BEIJING MATSUSHITA COLOR CRT CO., LTD.

---

[11] Several other allegations of efforts at fraudulent concealment are not alleged to have been undertaken by BMCC, *see, e.g.*, DPC ¶ 209-10.

10

MOTION TO DISMISS DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT AND INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT – CASE NO.: **3:07-CV-5944 SC**