1  KENT M. ROGER, State Bar No. 95987
   THOMAS R. GREEN, State Bar No. 203480
2  MORGAN, LEWIS & BOCKIUS LLP
   One Market, Spear Street Tower
3  San Francisco, CA 94105-1126
   Tel: 415.442.1000
4  Fax: 415.442.1001
   E-mail: kroger@morganlewis.com
5          tgreen@morganlewis.com

6  Attorneys for Defendants
   HITACHI, LTD., HITACHI AMERICA, LTD.,
7  HITACHI ASIA, LTD. HITACHI DISPLAYS,
   LTD., and HITACHI ELECTRONIC DEVICES
8  (USA), INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | No. C 07-5944 SC<br>MDL No. 1917 |
|---|---|
| This Document Relates To:<br><br>ALL ACTIONS | **DECLARATION OF THOMAS R. GREEN IN SUPPORT OF THE HITACHI DEFENDANTS' MOTION TO DISMISS THE DIRECT-PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT AND THE INDIRECT-PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT**<br><br>Date:   August 4, 2009<br>Time:   9:00 am<br>Place:  Two Embarcadero Center, Suite 1500<br>Judge:  Hon. Charles Legge (Ret.) |

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21112148.2                                1                    CASE NO. C07-5944 SC; MDL NO. 1917
                                                                   DECL. OF THOMAS R. GREEN

**DECLARATION OF THOMAS R. GREEN IN SUPPORT OF THE HITACHI DEFENDANTS' MOTION TO DISMISS THE DIRECT-PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT AND THE INDIRECT-PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT**

I, Thomas R. Green, declare:

1.  I am an attorney at law admitted to the State Bar of California and admitted and duly licensed to practice before this Court. I am an associate at Morgan, Lewis & Bockius LLP and am one of the attorneys for Defendants Hitachi, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., Hitachi Displays, Ltd., and Hitachi Electronic Devices (USA), Inc. (the "Hitachi defendants") in this action. The facts set forth below are true of my personal knowledge and, if called upon, I could and would testify competently to these facts.

2.  Attached as Exhibit 1 to this Declaration is a true and correct copy of the April 29, 2009 letter I sent to lead Plaintiffs' counsel Cadio Zirpoli and Lauren C. Russell regarding the Direct Plaintiffs' and Indirect Plaintiffs' inaccurate assertions that the Hitachi defendants were associated with Shenzhen SEG Hitachi Color Display Devices, Ltd. ("Shenzhen SEG") and specifically that Shenzhen SEG was wholly owned and controlled by Hitachi Displays, Ltd. The letter followed a telephone conversation I had with Ms. Russell and Mr. Zirpoli on Friday April 24, 2009 about the same matter. During our conversation, Ms. Russell and Mr. Zirpoli assured me that they did not want any inaccurate statements in their amended consolidated complaints. To that end, they asked that I send them a letter confirming what I had explained to them during our telephone call about the limited former connection between Shenzhen SEG and Hitachi Displays, Ltd., so that they could share that information with their co-counsel to discuss an amendment to the consolidated complaints. I confirmed in my April 29, 2009 letter that no Hitachi entity has ever controlled Shenzhen SEG and that the extent of the relationship between Shenzhen SEG and all Hitachi entities is that Hitachi Displays, Ltd. formerly owned twenty-five percent (25%) of Shenzhen SEG. I enclosed with the letter the executed Share Transfer Agreement, in Japanese, which confirms that Hitachi Displays, Ltd. sold its minority interest in Shenzhen SEG on November 8, 2007, a date prior to the first complaint being served in this action.

1      3.      Attached as Exhibit 2 to this Declaration is a true and correct copy of the May 1, 2009 email correspondence I sent to Ms. Russell and Mr. Zirpoli, including the attachment to the email, an English translation of the November 8, 2007 Share Transfer Agreement. Though the translation suggests that the Share Transfer Agreement was only a draft, I explained to lead Plaintiffs' counsel in my April 29, 2009 letter, and during our phone conversations, that the document is in fact a final executed agreement, as reflected by the parties' signatures and initials evident in the original Japanese version.

4.      After submitting the correspondence and Share Transfer Agreement to lead Plaintiffs' counsel, I spoke by telephone with Cadio Zirpoli to renew our request that Plaintiffs amend the two consolidated complaints to correct their erroneous assertions about Shenzhen SEG and the Hitachi defendants. Mr. Zirpoli indicated that he needed to confer further with his co-counsel. On Friday May 8, 2009, I spoke to Mr. Zirpoli and Guido Saveri, lead Plaintiffs' counsel for the direct purchaser Plaintiffs. They attempted to conference into our call Ms. Russell or another attorney at the Trump, Alioto, Trump & Prescott firm representing the indirect purchaser Plaintiffs, but no one was available. Mr. Saveri and Mr. Zirpoli explained to me that it was their preference to leave the complaints un-amended for the time being, and for the issue of the Hitachi defendants' connection, or lack of connection, with Shenzhen SEG, to be considered in connection with the Hitachi defendants' motion to dismiss. They indicated that they were having numerous conversations with numerous defendants about a variety of issues and that they would prefer any amendments to be made together all at once after the hearing on the motions to dismiss. I explained that their suggestion would be acceptable to the Hitachi defendants provided Plaintiffs did not dispute that the Hitachi defendants' arguments could and should be considered in support of a motion to dismiss. Mr. Saveri and Mr. Zirpoli explained that this was their preference and that they would not object to the Hitachi defendants introducing into evidence for the Court's consideration the Share Transfer Agreement I had previously provided to them. They indicated that understood that lead counsel for the indirect purchaser Plaintiffs was amenable to the solution they had offered and informed me that they would confirm this fact with lead Plaintiffs' counsel for the indirect purchasers.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21112148.2      3      CASE NO. C07-5944 SC; MDL NO. 1917
DECL. OF THOMAS R. GREEN

1  5. Attached as Exhibit 3 to this Declaration is a true and correct copy of my May 15, 2009 letter to lead Plaintiffs' attorneys Mr. Zirpoli and Ms. Russell, confirming our agreement that the Plaintiffs had no objection to the Hitachi defendants arguing at the motion to dismiss stage that no Hitachi defendant has any relationship to Shenzhen SEG.  The letter further confirmed our agreement that Plaintiffs' counsel has no objection to the Hitachi defendants introducing evidence in support of their argument reflecting that no Hitachi entity owns or controls Shenzhen SEG.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 18th day of May 2009 at San Francisco, California.

/s/
Thomas R. Green

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21112148.2

4

CASE NO. C07-5944 SC; MDL NO. 1917
DECL. OF THOMAS R. GREEN