# EXHIBIT 1

Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001
www.morganlewis.com



**Morgan Lewis**
C O U N S E L O R S   A T   L A W

**Thomas R. Green**
Associate
415.442.1485
1green@MorganLewis.com

April 29, 2009

**VIA EMAIL AND U.S. MAIL**

Cadio R. Zirpoli, Esq.
Saveri & Saveri, Inc.
706 Sansome Street
San Francisco, California 94111
zirpoli@saveri.com

Lauren C. Russell, Esq.
Trump, Alioto, Trump & Prescott, LLP
2280 Union Street
San Francisco, California 94123
laurenrussell@tatp.com

Re:    *In re Cathode Ray Tube Antitrust Litigation*
        MDL No. 1917 Master File: 3:07-cv-5944C
        Client-Matter No. 043913-0496

Dear Counsel:

I send you this letter per your request that I confirm in writing the matters we discussed during our telephone conference on Friday of last week. As we discussed, the allegations in your complaint regarding CRT operations in Shenzhen related to Hitachi appear to be correct in certain regards, but require significant amendment to reflect the once limited and now non-existent relationship between the Hitachi defendants and newly named defendant Shenzhen SEG Hitachi Color Display Devices, Ltd., which we believe must be a reference to Shenzhen SEG Hitachi Color Display Devices Co. Ltd. (collectively "Shenzhen SEG Hitachi").

Your consolidated complaints comport with our understanding that Shenzhen SEG Hitachi manufactured CRTs. As well, it is our understanding that it was Hitachi Displays, Ltd. ("HDP"), and no other Hitachi entity, that once had an interest in Shenzhen SEG Hitachi. However, contrary to the allegations in your complaints, neither HDP nor any other Hitachi entity has ever owned or controlled Shenzhen SEG. Rather, HDP formerly owned a 25 percent minority share in Shenzhen SEG Hitachi, with the remaining 75 percent owned by Shenzhen SEG-CEC Color Display Devices Co., Ltd., which we understand is a Chinese company. Moreover, HDP transferred its minority interest in Shenzhen SEG Hitachi to Shenzhen Yuanzhi Investment Co., Ltd. on November 8, 2007 and neither HDP nor any other Hitachi entity has had any interest in Shenzhen SEG Hitachi since that time.

I am also able to provide you with the share transfer agreement our client provided to us reflecting the facts described above, which I have enclosed with this letter. You may see that

Lauren C. Russell, Esq.
Cadio Zirpoli, Esq.
April 29, 2009
Page 2



the document includes the word "draft." We understand that this is a drafting error and that the enclosed document constitutes the final share transfer agreement, as evidenced by the fact that both parties have signed the enclosed document.

We trust this satisfactorily evidences the fact that no Hitachi entity has any interest in the company known, or formerly known, as Shenzhen SEG Hitachi Color Display Devices Co. Ltd. We also assume that you will not be bringing a motion to compel Morgan Lewis or any domestic Hitachi entity to accept service on behalf of Shenzhen SEG Hitachi.

Finally, I understood from our last call that you acknowledged you would need to amend your complaints to the extent they were not accurate. We renew our request that you amend the complaints to remove any suggestion that Shenzhen SEG Hitachi is associated with the Hitachi defendants in any way. Please let us know that you are willing to do so. Thank you for your continued cooperation.

Sincerely,

Thomas R. Green

Enclosure

株式日立ディスプレイズ

と

深圳市遠致投資有限公司

深圳賽格日立彩色顕示器件有限公司の出資持分譲渡契約書

2007 年 11 月 8 日

持分譲渡契約書(案)

本出資持分譲渡契約書は 2007 年 11 月 8 日に下記の双方が中国深圳市にて締結した。

譲渡方:
株式会社日立ディスプレイズ(以下甲方と称す)
法定住所:日本国千葉県茂原市早野 3300 番地
法定代表者:井本義之

譲受方:
深圳市遠致投資有限公司(以下乙方と称す)
法定住所:深圳市福田区深南大道 4009 号投資大厦 16 階
法定代表者:郭元先

前文:

　甲方は深圳市賽格中電彩色顕示器件有限公司(以下中電公司と称す)と共同出資で、1989年 5 月 20 日に深圳賽格日立彩色顕示器件有限公司(以下"賽格日立"と称す)を設立し、当該企業法人の営業許可番号は企合粤深総字第 100390A 号、外商投資企業批准証番号は外経貿資審字[1989]0019 号、賽格日立の登録資本金は 11,300 万米ドル、経営期間は 30 年間である。うち、甲方は 2,825 米ドルを出資し、賽格日立の 25%出資持分を有している。中電公司は 8,475 米ドル出資し、賽格日立の 75%出資持分を有している。

　甲方は、甲方所有の賽格日立出資持分 25%を乙方に譲渡し、乙方はその当該出資持分を引き受ける意向がある。また中電公司は甲乙双方間にて実施される出資持分譲渡及びその優先購入権を放棄することに同意した。

　甲乙双方は平等互恵の原則に則り、友好的に協議し、以下の通り合意した。

1. 定義

1.1　本契約においては、別途規定がない限り、下記の用語は以下の意味を指すものとする。

| | |
|---|---|
| (1)「対象出資持分」 | 甲方が合法的に所有している賽格日立の 25%出資持分。 |
| (2)「国資委」 | 深圳市人民政府国有資産監督管理委員会。 |
| (3)「商務部」 | 中華人民共和国商務部。 |
| (4)「貿工局」 | 深圳市貿易工業局。 |
| (5)「本出資持分譲渡」 | 本契約の約定に基づき、甲方が対象持分を乙方に譲渡する行為。 |
| (6)「出資持分引渡日」 | 対象持分は工商行政管理機関で乙方の名義に登記変更させる日。 |
| (7)「工商行政管理機関」 | 賽格日立を管轄する工商行政管理機関、即ち深圳市工商行政管理局。 |
| (8)「評価基準日」 | 2007 年6月 30 日。 |
| (9)「監査報告書」 | 深圳南方民和会計事務所が発行した 2007 年 9 月 4 日付深南専審報字(2007)第 ZA310 号の「2007 年 6 月 30 日までの深圳賽格日立彩色顕示器件有限公司の純資産監査報告書」。詳細は付属書-2 の通りである。 |
| (10)「評価報告書」 | 深圳市天健信徳会計事務所が発行した 2007 年 10 月 22 日付信徳資 |

評報字(2007)第 037 号の「深圳賽格日立彩色顕示器件有限公司の資産評価報告書」。詳細は付属書-3 の通りである。

(11)「過度期」　　　　　評価基準日から出資持分引渡日までの間。

(12)「関係認可機関」　　本契約の履行に関わる中国政府機関、国有資産管理機関、商務部、外貨管理機関を含む他の関係部門。

(13)「新営業許可書」　　今回の出資持分譲渡によって登記変更実施後、工商行政管理部門が新たに発行する賽格日立の営業許可書。

1.2　本契約書においては、全ての表題は本契約閲覧のために設定したものであり、本契約の解釈に影響するものではない。

## 2. 出資持分譲渡

　甲方は、本契約の規定条項及び条件に基づき、甲方が所有する、如何なる抵当及び担保がなされていてなく、またその他如何なる第三者の権益付随又は影響を受けない対象出資持分及び対象出資持分に関係する権益(本契約調印時及びその後賽格日立の配当時に支払われる対象出資持分に関連する配当、株配及びその他分配される経済利益を含む。)を乙に譲渡することに同意し、乙方は本契約に基づき対象出資持分及び関連利益を受け取ることに同意する。

## 3. 譲渡対価と支払条件

3.1　甲、乙双方が協議の結果、対象出資持分の譲渡対価は 17,500 万人民元とすることで合意した。即ち乙方は甲方より引き受ける対象出資持分の対価は 17,500 万人民元(漢字表記：一億七千五百万人民元)である(以下譲渡対価と称す)。

3.2　乙方は現金で甲方に譲渡対価計一億七千五百万人民元を支払う。譲渡対価の支払いについては、乙方は二回分けて送金する。

(1)本契約調印後 10 日間以内、乙方は甲方に支払う 1,000 万人民元(漢字表記：一千万人民元)を手付金として双方が指定する下記共同口座(以下共同口座と称す)に送金するものとする。共同口座は乙方の名義で中国国内にて開設し、深圳日立賽格彩色顕示器件有限公司が甲方からの授権を受けて乙方との間で別途締結する「共同口座管理協議書」に基づきかかる関連処理を行うものとする。

(2)本契約は、関係認可部門より批准頂いた後、新営業許可書の発行日より 30 日以内に、甲方は上記共同口座にある 1,000 万人民元及びその利息を含む全ての金額を乙方に返済し、乙方は、同時に譲渡対価の全額 17,500 万人民元から、本条(4)項に規定された関連費用を控除した後、中国人民銀行が公示する送金日レートで米ドルに換算の上、以下の規定に基づき甲方の指定銀行口座に送金するものとする。

　　a　乙方は上記対価を支払う前に、甲方は賽格日立従業員の対策費用を当該従業員対策の専門口座に送金を完了した場合、乙方は上記の譲渡対価全額を甲方指定の下記口座に送金するものとする。

　　b　乙方は上記対価を支払う際に、甲方は賽格日立の従業員対策費用を当該従業員対策の専門口座への送金が行われていない場合、乙方は、譲渡対価から 1500 万人民元に相当する米ドルを控除した後、残額を甲方指定の下記口座に送金する権利を有する。上記控除の米ドル金額は、甲方が賽格日立の従業員対策費用を当該従業員対策用専門口座に送金した後、3 日実働日以内に、乙方は同等価値の米ドルを甲方指定の下記口座に送金するものとする。



(3) 上述の米ドル換金支払いについては、乙方の原因によるものではなく、中国外貨管理部門の認可を取得できず、期限通りに甲方に米ドル送金できない場合、乙方は速やかに書面にて甲方に通知し、双方は期限の延長について協議し解決方法を見つけ出す。この場合は乙方の違約と看做さない。もし乙方の原因で遅延する場合、乙方は1日当り万分の 5 ‰の遅延金を負担するものとする。米ドル送金が遅延する場合、手付金の返済も相応的に延ばされる。当該外貨換金支払いは延期された場合、上述の手付金の返済も同様に延期するものとする。

(4) 上記の譲渡対価を送金する際、甲方が負担する下記の費用は譲渡対価より控除することは甲乙双方が確認し、同意した。
  a 甲方は、当該出資持分譲渡のために甲方にかかる関連税金を中国税務機関に納付するものとし、納税金額は納税証明書をもって最終確定する。乙方は、本契約第3.2(2)項の規定に基づき譲渡対価を支払った後、速やかに当該納税証明書を甲方に送付し、乙方は納税証明書のコピーを保管する。
  b 本契約第6条に規定される費用。
  c 本契約第10条に規定される甲方負担の出資持分譲渡の関係費用(乙方は事前に甲方の書面による承諾の取得が必要。また本契約第 3.2(2)項の規定に基づき譲渡対価を支払った後、速やかに支払関連のエビデンス原本を甲方に送付する。)及び外貨換金、外貨送金手数料。

3.3 本契約の譲渡対価は、本契約調印前に対象出資持分に付随する全ての権益(対象出資持分が代表する未処分利益及びその他利益を含む)が含まれると双方が確認した。

3.4 上述の譲渡対価は甲方指定の下記銀行口座に送金するものとする。
  (米ドル口座)
  口座名 : Hitachi Displays, Ltd.
  開設銀行 : The Bank of Tokyo-Mitsubishi UFJ, Ltd., Head Office, Tokyo
  銀行口座 : 0896418
  口座種類 : Ordinary Deposit

4. 契約の発効

本契約は下記全ての条件に満足した日(何れか遅い日をもって)から契約発効する。

4.1 本契約は双方の法定代表者又は授権代表者による署名した日。

4.2 双方が締結する当該契約、また当該契約に規定された義務の履行については各自の権力機構の批准を得た日。

4.3 国資委が乙方による対象出資持分の買収を認可した日。

4.4 貿工局及び商務部が今回の出資持分譲渡を批准した日。

5. 出資持分の引渡し

5.1 本契約発効後15日の実働日以内に、甲方は出資持分登記変更に必要な全ての書類を準備し、工商行政管理機関に出資持分の引渡し申請を行い、且つ受理頂くこととする。甲方以外の原因で本条に規定された期間より遅延した場合、甲方の違約と看做さない。




5.2 甲乙双方は、対象出資持分を合法的且つ有効的に乙方の名義に変更するために、工商行政管理機関の規定に基づき必要な行動、及び必要な書類に署名し、提出することとする。

5.3 甲乙双方は、誠実信頼の原則に則り、対象出資持分の引渡し手続き中に発生する関連問題について相談し処理するものとし、本契約発効後、何れの一方も対象出資持分の登記変更を妨げてはならず、また制限してはいけないものとする。

5.4 乙方は、出資持分の引渡しより対象出資持分の合法的所有者となり、賽格日立の出資者の権利と関係義務を有する。

6. 過度期の扱い

6.1 甲方は、本契約の調印日から出資持分引渡し日までの間、甲方自身及び賽格日立への派遣董事、派遣社員他関係者が、乙方の書面による意思表示に基づき賽格日立における各種権利を行使することを承認し、賽格日立に対して善意なる管理義務を負い、賽格日立の利益を損害しないことを保証する。

6.2 甲方は、本契約の調印日から持分引渡し日までの間、乙方の書面による同意がない限り、甲方自身及び賽格日立への派遣董事、派遣社員他関係者が、賽格日立の下記行為を制限することを承諾する（本契約調印後、速やかに賽格日立への通知他を含む）。甲方及び賽格日立への甲方派遣董事、派遣社員他関係者は下記の如何なる行為の発生を知った、或は知り得た状況においては、明確に書面による反対意見の提出、また遅滞なく、乙方に書面による通知をするものとする。
a 賽格日立は如何なる第三者への担保の提供或は借金。
b 賽格日立の資産処理。
c 賽格日立が従業員の雇用契約について重大な変更を行う。
d 賽格日立実施の何れかの行為により賽格日立自身が重大且つ不利な状況に陥ること又は直面すること。
過渡期においては正常な経営損益は乙方が負担するものとする。但し、甲方は上記何れかの承諾に違反した際、乙方が単独で本契約書の解除及び甲方の違約責任を追及する権限を有し、又は乙方が単独で本契約の解除権限を行使せず、譲渡対価より一部の補償金を控除することができる。

7. 声明、保証と承諾

7.1 甲方の声明、保証と承諾
　　7.1.1 甲方は日本国の法律法規に基づき設立される有効存続の会社である。
　　7.1.2 甲方は対象出資持分の法定及び実質所有権を有し、且つ対象出資持分の払い込みは全て完了している。対象出資持分は如何なる抵当又はその他担保を設定されておらず、且つその他第三者の権利付随或は影響を受けないものとする。
　　7.1.3 賽格日立の監査報告書（詳細は付属書-1 の通り）、評価報告書（詳細は付属書-2 の通り）及び訴訟案件リスト（詳細は付属書-3 の通り）にて披露しない或は披露不足の債務或は負債、未解決の訴訟、処罰、潜在的な訴訟或は第三者の権益制限により、乙方に損失を与えた場合（今回の出資持分譲渡に伴い乙方が取得した賽格日立の出資持分に損失があった場合を含む）、甲方は乙方の損失及びこのために発生した全ての費用を賠償することとする。甲方は原賽格日立及び関係責任者の責任を追及する権利を有する。
　　7.1.4 甲方は積極的に今回の出資持分譲渡に必要な関連書類に署名し、関係法定手続




きを履行する。また乙方の協力の下で賽格日立と共に貿工局及び商務部での出資持分譲渡の変更申請手続きを実施し、また対象出資持分登記変更のために必要とする甲方の全ての書類を提出するものとする。

7.1.5 甲方は本契約に基づき乙方に提出した全ての書類は真実、完全、正確且つ有効なものである。

7.1.6 賽格日立の債務（或は可能性のある債務を含む）返済、従業員の対策安置及びその他残留問題（環境保護費、税金欠損等）の処理は、全て賽格日立の原株主が負担するものとする。甲方は、上記問題を円満に解決するために原株主の実質支配者の深圳市賽格集団有限公司との間で、別途 2007 年 10 月 19 日付協議書を締結した。

7.1.7 甲方は、本承諾及び保証に違反する行為を実施せず、また本契約の効力に影響する行為を実施しないことを承諾する。

7.2 乙方の声明、保証と承諾

7.2.1 乙方は中国の法律法規に基づき設立される有効存続の会社である。

7.2.2 乙方は本契約の調印及び本契約に規定される義務の履行については既に必要な内部認可手続を実施したものとし、乙方は本契約の署名代表も必要な授権を受けるものとする。本契約発効後、乙方に対して拘束力がある。

7.2.3 乙方は積極的に今回の出資持分譲渡のために必要な関連書類に署名し、関係法定手続きを履行する。また甲方及び賽格日立に協力し、貿工局及び商務部での出資持分譲渡変更申請手続きを実施し、対象出資持分の登記変更のために乙方に要求する全ての書類を提出するものとする。

7.2.4 乙方は本契約の規定に基づき甲方に提出した全ての書類は真実、完全、正確且つ有効なものである。

7.2.5 乙方は本契約の規定に基づき譲渡対価を支払うことを保証し、且つその支払い資金は合法的なものであることを保証する。

7.2.6 乙方は十分に本契約の義務を履行する能力があり、また本契約の承諾及び保証に違反する如何なる行為を実施せず、また本契約の効力に影響する行為を実施しないことを承諾する。

7.3 各方は契約相手に、本契約の発効或は法律効力を有するために必要な或は要求される全ての行動をとり、また必要な或は要求される全ての関係書類に署名することを承諾する。

8. 契約の終了と解除

8.1 甲乙双方は、如何なる原因により本契約調印後一年間以内に発効できず、且つ双方は契約の延長に合意できない場合、本契約は自動的に解除されることに合意した。双方は契約の延長に合意した場合、別途補足契約を締結し、本契約を引続き履行することとする。

8.2 一方が本契約に違反した際、当該違反行為に関する相手の改正要求通知を受けた後 30 日以内に改善或は修正しない場合、契約の遵守方は単独的に契約を解除する権利を有する。また契約の遵守方は、契約解除の権利行使は、違約方への違約責任追及に影響しないものとする。

8.3 本契約の終了或は解除後 5 日の実働日以内に、共同口座にある全ての預金及び利息は以下の方法で処理する。

(1)甲方の違約により本契約の中止及び解除となった場合、上述の共同口座にある全ての資金は乙方のものとし、更に甲方から乙方に 1,000 万人民元を支払うものとする。

(2)乙方の違約により本契約の中止及び解除となった場合、上述の共同口座にある全ての資金は甲方のものとする。

(3)双方以外の原因により契約解除となった場合、上述の共同口座にある全ての資金は乙方

のものとする。

上述費用の回収については、双方は前向きに協力するものとし、一方の原因により上述費用は期限までに回収できない場合、1 日の遅延につき万分の 5 を遅延金として相手に支払うものとする。

8.4 双方以外の原因で関係認可機関が今回の出資持分譲渡を認可せず、契約履行ができず、契約解除となった場合、甲乙双方とも如何なる違約責任を負わないものとする。

8.5 本契約の解除は、本契約に係わる精算、補償、違約、賠償条項の効力に影響しないものとする。上述条項に含まれる権利は契約の規定及び法律規定に基づくものであり、それ以上の権利はない。一方は上述の権利行使がなくても、当該権利の放棄を意味するものではない。同様、上述の如何なる権利行使の有無は、本契約に規定されたその他権利の行使に影響しないものとする。

## 9. 違約

9.1 本契約に規定された責任と義務の全部或は一部は、一方が履行せず、或は本契約に規定された保証及び承諾に違反し、違約となった場合、契約の遵守方は違約方に対して責任を追及することができ、違約方の違約行為により遵守方に与えた損失については、違約方に賠償を請求する権利を有する。

9.2 何れかの一方(違約方)が本契約の規定を履行せず、履行できず、不適切な履行がある場合、違約方は契約の遵守方に違約金として譲渡対価の 5%を支払うこととする。当該違約金は遵守方の損失金額に満たさない場合、違約方は更に遵守方の直接経済損失及び当該損失を追求するために発生する費用を賠償しなければならない。

9.3 本契約においては如何なる一方の声明、保証或は承諾は事実と合わない、或は間違いがある場合、当該一方は違約と看做す。

## 10. 税金費用

本契約は別途規定がある場合を除き、今回の出資持分譲渡に関わる各項税金と費用について、双方は関係法律、法規、規範書類に基づき各自負担する。本契約及び法律、法規、規範書類が規定していない或は規定が不明確の場合、契約双方が折半で負担する。

## 11. 通知

本契約に基づき発行する通知、要求或はその他連絡は、書面形式により相手の下記住所或はファクス番号(或は受領方は最低でも 5 日間前に相手の書面通知により確定した所在地/ファクス番号)に送付されるものとする:

甲方:株式会社日立ディスプレイズ
住所:日本国千葉県茂原市早野 3300 番
ファックス:81-475258675
窓口:総務部(法務担当)

乙方:深圳市遠致投資有限公司
住所:中華人民共和国深圳市福田区深南大道 4009 号投資大厦 2 層
ファックス:86-75583883593

窓口：投資部
関係者への如何なる通知、要求或はその他通信は、(a)書簡による郵送の場合、実際の送付先に到着したこと、或は(b)FAX による送信の場合、送信したことは、送付完了と看做すことができる。

## 12. 不可抗力

12.1 不可抗力（地震、台風、水害、火災、戦争等を含むがこれ限りではない）の影響で本契約が履行できない或いは一部履行できない場合、上述の不可抗力に遭遇した一方は、直ちに不可抗力の状況を電報或いは書面で相手に通知し、15 日の実働日以内に、不可抗力の詳細状況及び本契約が履行不能、或いは一部履行不能、又は履行延期が必要である旨の証明書類を提出しなければならない。その不可抗力が本契約の履行に影響する程度によって、本契約を解除するか、部分履行責任を免除するか或いは履行を延期するかを双方は協議で決める。

12.2 不可抗力に遭遇した一方は、一切必要な補救措置を取り、不可抗力による発生する損失を減少することとする。そうしなければ、損失の拡大部分について、当該一方は免責されない。

## 13. 秘密保持

　本契約有効期間中、如何なる一方も、その専業顧問或は法律要求に基づき、或はその主要人員または職員がその職責により知る必要がある場合を除き、商業、会計、財務、契約処理、その他実務、取引或はその他如何なる知り得る機密資料を漏洩してはいけない。如何なる一方もその機密資料の公布、漏洩の防止に努めることとする。

## 14. 契約の非譲渡性

　本契約相手の書面による同意を得ない限り、本契約の権利、義務を第三者に譲渡する事はできない。

## 15. 法律の適用と紛争の解決

15.1 本契約の締結、履行、効力及び解釈にあたって、中華人民共和国法律に適用する。

15.2 本契約の解釈及び履行における争議について、契約双方が友好協議によって解決する。
もし 15 日以内に協議で解決できない場合、何れかは中国国際経済貿易仲裁委員会北京分会にてその仲裁規則に基づき仲裁を提起することができる。
仲裁の裁定は最終であり、各仲裁当事者に対して同等な拘束力を有する。

## 16. 契約効力

16.1 本契約の部分条項の無効はその他条項の効力に影響しない。

16.2 本契約の規定無き事項については、双方が協議し、別途補足契約を締結することができ、当該補足契約は本契約と同等の法律効力がある。

16.3 本契約発効後、本契約書は 2007 年 10 月 19 日に双方が締結した「持分譲渡基本協議書」の替わりとして、当該「持分譲渡基本協議」は自動的に失効するものとする。



16.4本契約は一式十部作成され、本契約双方は夫々一式1部保存し、残りは関係認可機関に
　　提出され、各部は同等の法律効力を有する。

17. 契約言語

　本契約は日中両文で締結され、中文版と日文版に対する理解の違い及び争議がある場合、
中文版を優先するものとする。

付属一：　深圳賽格日立彩色顕示器件有限公司訴訟案件リスト

付属二：　深圳南方民和会計事務所が発行した深南専審報字(2007)第ZA310号「深圳賽格日
　　　　　立彩色顕示器件有限公司 2007 年 6 月 30 日までの純資産監査報告書」

付属三：　深圳市天健信徳会計事務所が発効した信徳資評報字(2007)第 037 号「深圳賽格日
　　　　　立彩色顕示器件有限公司資産評価報告書」

（以下は本文無し）

〔本ページは「深圳賽格日立彩色顕示器件有限公司出資持分譲渡に関する契約」の署名ページであり、本文は無し。〕

株式会社日立ディスプレイズ
法定代表者或は授権代表者



深圳市遠致投資有限公司
法定代表者或は授権代表者