1
2
3
4
5
6
7
8
9
10
11
12

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In Re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | No.:   M-07-5944 SC—MDL NO. 1917 |
| | **[PROPOSED] ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT** |
| This Document Relates to: | |
| INDIRECT PURCHASER ACTION. | |

The Motion to Dismiss Indirect Purchaser Plaintiffs' Consolidated Amended Complaint ("IP-CAC"), filed by Defendants Beijing Matsushita Color CRT Company, Ltd.; Daewoo International Co.; Hitachi, Ltd.; Hitachi Asia, Ltd.; Hitachi America, Ltd.; Hitachi Electronic Devices (USA), Inc.; Hitachi Displays, Ltd.; Irico Display Devices Co., Ltd.; Irico Group Corporation; LG Electronics, Inc.; LG Electronics USA, Inc.; LG Electronics Taiwan Taipei Co., Ltd.; MT Picture Display Co., Ltd.; Panasonic Corporation of North America; Panasonic Corporation; Philips Electronics North America Corporation; Koninkiljke Philips Electronics N.V.; Philips Electronic Industries (Taiwan) Ltd.; Philips da Amazonia Industria Electronica Ltda.; Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) Sdn. Bhd.; Samsung SDI Mexico S.A. de C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co. Ltd.; Tianjin Samsung SDI Co., Ltd.; Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samtel Color, Ltd.; Tatung Company of America, Inc.; Toshiba Corporation; Toshiba America Electronic Components, Inc.; Toshiba America Information Systems, Inc.; Toshiba America, Inc.; and Toshiba America Consumer Products L.L.C. (hereinafter, "Defendants") came on regularly for hearing before this Court.

Having considered all papers filed in support of and in opposition to said motion, and having entertained argument of counsel, and good cause appearing, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is GRANTED.

1.  The IP-CAC is DISMISSED in its entirety because this Court lacks subject matter jurisdiction over Indirect Purchaser Plaintiffs'("Plaintiffs") First Claim for Relief under the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. § 6a, and lacks subject matter jurisdiction over Plaintiffs' Second, Third and Fourth Claims for Relief under the Commerce and Supremacy Clauses of the U.S. Constitution.   Alternatively, all allegations in the IP-CAC that are not directed to purported agreements with respect to the prices or production of cathode ray tubes ("CRTs") sold inside the United States are DISMISSED pursuant to Fed. R. Civ. P. 12(f), including, but not limited to, ¶¶ 4, 141-188, 198, 204, 206-213.

2. Plaintiffs' First Claim for Relief under the Sherman Act; Second Claim for Relief under the antitrust laws of Arizona, California, Iowa, Kansas, Michigan, Mississippi, Nebraska, Nevada, New Mexico, North Dakota, South Dakota, Vermont, West Virginia, and Wisconsin; and Third Claim for Relief under the consumer protection laws of Nebraska and New York are DISMISSED because Plaintiffs who have purchased finished products containing CRTs have failed to satisfy the requirements for antitrust standing under the principles articulated in *Associated General Contractors of California v. California State Council of Carpenters*, 459 U.S. 519 (1983) and its progeny.

3. Plaintiffs' Third Claim for Relief under the consumer protection laws of New York, Massachusetts, Maine, and Hawaii are DISMISSED because Plaintiffs' allegations fail to satisfy the requirements of these statutes.

4. Plaintiffs' Fourth Claim for Relief for unjust enrichment under the common law of Arizona, California, Hawaii, Iowa, Kansas, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, Rhode Island, South Dakota, Tennessee, Vermont, West Virginia, and Wisconsin are DISMISSED with prejudice because Plaintiffs improperly seek to circumvent restrictions on recovery under those states' substantive antitrust and/or consumer protection statutes.

5. In the alternative, Plaintiffs' Second and Third Claims for Relief are DISMISSED with prejudice to the extent that they seek recovery for conduct falling outside the applicable state statute of limitations, as Plaintiffs have not satisfied the requirements for tolling the statute of limitations in any of the states at issue.

Further, Plaintiffs' Second and Third Claims for Relief under the laws of Nebraska, Nevada and Hawaii are DISMISSED with prejudice to the extent that they seek damages for purchases made before the date that each state passed its statute repealing the restriction on indirect purchaser actions set forth in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977). Because these state statutes do not apply retroactively, Plaintiffs' claims in Nebraska, Nevada and Hawaii must be limited to purchases made only after the date that the

repealer statute went into effect (*i.e.*, July 20, 2002, October 1, 1999, and June 25, 2002, respectively).

IT IS SO ORDERED.

DATED: _____     _____
                                    HON. SAMUEL CONTI
                                    UNITED STATES DISTRICT JUDGE

MDL NO. 1917                                  **[PROPOSED] ORDER GRANTING DEFENDANTS'**
                                              **JOINT MOTION TO DISMISS THE IP-CAC**
3