# EXHIBIT B

LB 1278

LEGISLATURE OF NEBRASKA

NINETY-SEVENTH LEGISLATURE

SECOND SESSION

# LEGISLATIVE BILL 1278

FINAL READING

Introduced by Brashear, 4; Dierks, 40; D. Pederson, 42

Read first time January 23, 2002

Committee: Judiciary

A BILL

1  FOR AN ACT relating to monopolies and unlawful combinations; to
2      amend sections 59-806, 59-808 to 59-810, 59-812, 59-815,
3      59-816, 59-819 to 59-822, 59-824, 59-826 to 59-831,
4      59-1606 to 59-1611, 59-1614 to 59-1616, 59-1623, and
5      68-1035, Reissue Revised Statutes of Nebraska, section
6      59-823, Revised Statutes Supplement, 2000, and section
7      59-1803, Revised Statutes Supplement, 2001; to provide
8      for illegal overcharge or undercharge actions as
9      prescribed; to authorize indirect damages in certain
10     antitrust actions; to harmonize provisions; and to repeal
11     the original sections.
12  Be it enacted by the people of the State of Nebraska,

LB 1278

1        Section  1.   Section 59-806, Reissue Revised Statutes of

2  Nebraska, is amended to read:

3        59-806.   No corporation,  joint-stock  company,  limited

4  liability  company,  or  other  association shall engage in business

5  within this state, a  majority  of  whose  stock  is  owned  by  or

6  controlled  or  held  in  trust  for  any  manufacturing  or  other

7  corporation, which, in the course of its manufacture or production,

8  conducts its business, or any part thereof, in a manner which would

9  be prohibited by sections 59-801 to ~~59-828~~ 59-831 and section 11 of

10  this act if it were so conducted in the  course  of  such  business

11  within this state.

12        Sec.  2.    Section  59-808,  Reissue Revised Statutes of

13  Nebraska, is amended to read:

14        59-808.  Any president,  director,  treasurer,  officer,

15  corporator,  partner,  member,  associate,  or  agent  of  such

16  corporation, joint-stock company,  limited  liability  company,  or

17  other  association  who  does  in its behalf anything prohibited by

18  sections 59-801 to ~~59-828~~ 59-831 and section 11 of this act or  who

19  supports,  votes  for,  aids and abets, or takes part in doing such

20  action by the corporation, joint-stock company,  limited  liability

21  company,  or  other  association,  or  any instrumentality thereof,

22  shall be liable to the penalties by law provided.

23        Sec. 3.  Section 59-809,  Reissue  Revised  Statutes  of

24  Nebraska, is amended to read:

25        59-809.   No  corporation,  joint-stock company, limited

26  liability company,  or  other  association  which  manufactures  or

27  produces  any  article for sale or transportation within this state

28  and which does any of the acts or things prohibited to be  done  by

LB 1278

1   sections  59-801  to ~~59-828~~ 59-831 and section 11 of this act shall

2   engage in business within this state.

3         Sec.  4.   Section  59-810,  Reissue Revised Statutes of

4   Nebraska, is amended to read:

5         59-810.  Any corporation, joint-stock  company,  limited

6   liability  company,  or  other  association  which  has  been  once

7   adjudged to have violated the  provisions  of  sections  59-801  to

8   ~~59-828~~ 59-831 and section 11 of this act by the final judgment of

9   any court having jurisdiction of the question in any civil suit  or

10   proceeding  in which such corporation, joint-stock company, limited

11   liability  company,  or  other  association  was  a  party,  which

12   thereafter violates any of such sections or which fails to make the

13   returns  herein  required at the times specified shall no longer be

14   allowed to engage in business within this state.  Such  prohibition

15   shall only be enforced after such corporation, joint-stock company,

16   limited  liability  company, or other association has been enjoined

17   against further engaging in such business on an information or suit

18   brought in a  court  of  competent  jurisdiction  by  the  Attorney

19   General in behalf of this state.

20         Sec.  5.   Section  59-812,  Reissue Revised Statutes of

21   Nebraska, is amended to read:

22         59-812.  Any corporation, joint-stock  company,  limited

23   liability  company,  or  other  association  which  is charged with

24   violating ~~any of the  provisions of~~ sections 59-801 to ~~59-828~~ 59-831

25   and section 11 of this act and any president, director,  treasurer,

26   officer,  limited liability company member, or agent thereof may be

27   joined as a party in any proceeding, civil or criminal, to  enforce

28   such sections.

LB 1278

1      Sec.  6.    Section  59-815,  Reissue Revised Statutes of

2  Nebraska, is amended to read:

3      59-815.    Any  corporation, joint-stock company, limited

4  liability company,  or  other  association,  and  any   president,

5  director,   treasurer,   officer,   corporator,   partner,  member,

6  associate, or agent thereof who  in  its  behalf  engages  in  such

7  business  in  violation  of  sections  59-801 to 59-828 59-831 and

8  section 11 of this act shall for each offense, in addition to  such

9  penalty  for  contempt  as the court in case of disobedience to its

10  lawful order may impose, be guilty of a Class IV felony.

11      Sec. 7.   Section 59-816,  Reissue  Revised  Statutes  of

12  Nebraska, is amended to read:

13      59-816.    Every  president,  treasurer, general manager,

14  agent, or other  person  usually  exercising  the  powers  of  such

15  officers of any corporation, joint-stock company, limited liability

16  company,  or  other  association who has himself or herself, in its

17  behalf, violated, united to violate, or voted for or  consented  to

18  the violation of any of the provisions of sections 59-801 to 59-828

19  59-831 and section 11 of this act shall thereafter be personally

20  liable for all the debts and obligations of any  such  corporation,

21  joint-stock  company,  limited  liability  company,  or  other

22  association created while such person holds such office or  agency,

23  whether under the same or subsequent elections or appointments.

24      Sec. 8.   Section 59-819,  Reissue Revised Statutes of

25  Nebraska, is amended to read:

26      59-819.  The several courts of  record  of  this  state

27  having equity jurisdiction are hereby invested with jurisdiction to

28  prevent  and  restrain  all violations of sections 59-801 to 59-828

LB 1278

1   59-831 and section 11 of this act and especially the offering,

2   granting, giving, soliciting, accepting, or receiving any such

3   rebate, concession, or service by any person or persons and to

4   prevent or restrain any such joint-stock company, corporation,

5   limited liability company, association, or combination which has

6   solicited, accepted, or received any such rebate, concession, or

7   service or which has offered, granted, or given any special prices,

8   inducements, or advantages in order to restrict or destroy

9   competition in particular localities from engaging in commerce

10  within this state.  Such proceedings may be by way of complaint

11  setting forth the cause of action and praying that the acts hereby

12  made unlawful shall be enjoined or otherwise prohibited.  When the

13  parties complained of are duly notified of such complaint, the

14  court shall proceed as soon as may be to the hearing and

15  determination of the case, and upon such complaint and before final

16  decree the court may at any time make such temporary restraining

17  order or prohibition as shall be deemed just.  The court may retain

18  jurisdiction of the cause case after the decree for the purpose of

19  such subsequent modification of the same as may be made to appear

20  equitable and just in the premises.

21       Sec. 9.  Section 59-820, Reissue Revised Statutes of

22  Nebraska, is amended to read:

23       59-820.  Whenever it shall appear to the court before

24  which any civil proceeding under sections 59-801 to 59-828 59-831

25  and section 11 of this act shall be pending that the ends of

26  justice require that other parties shall be brought before the

27  court, the court may cause them to be summoned whether they reside

28  in the county where the court is held or not, and subpoenas to that

LB 1278

1  end may be served in any county by the sheriff thereof.

2  Sec. 10.  Section 59-821, Reissue Revised Statutes of

3  Nebraska, is amended to read:

4  59-821.  Any person who ~~shall be~~ is injured in his or her

5  business or property by any other person or persons, by a violation

6  of ~~reason of anything forbidden or declared to be unlawful by~~

7  sections 59-801 to ~~59-828~~ 59-831 and section 11 of this act,

8  whether such injured person dealt directly or indirectly with the

9  defendant, may bring a civil action in the district court ~~sue~~

10 ~~therefor in any court of record in this state,~~ in the county in

11 which the defendant or defendants reside or are found, without

12 respect to the amount in controversy, and shall recover actual

13 damages or liquidated damages in an amount which bears a reasonable

14 relation to the actual damages which have been sustained and which

15 damages are not susceptible of measurement by ordinary pecuniary

16 standards and the costs of suit, including a reasonable attorney's

17 fee.

18 Sec. 11.  In an illegal overcharge or undercharge case in

19 which claims are asserted by both parties who dealt directly with

20 the defendant and parties who dealt indirectly with the defendant

21 or any combination thereof:

22 (1) A defendant may prove, as a partial or complete

23 defense to a claim for damages under sections 59-801 to 59-831 and

24 this section, that the illegal overcharge or undercharge has been

25 passed on to others who are themselves entitled to recover so as to

26 avoid duplication of recovery of such damages; and

27 (2) The court may transfer and consolidate such claims,

28 apportion damages, and delay disbursement of damages to avoid

LB 1278

1   multiplicity of suits and duplication of recovery of damages and to

2   obtain substantial fairness.

3        Sec.  12.    Section  59-822, Reissue Revised Statutes of

4   Nebraska, is amended to read:

5        59-822.  The words person or persons, as used in sections

6   59-801 to ~~59-828~~ 59-831 and section 11 of this act, shall be deemed

7   to  include  all  corporations,  associations,  limited   liability

8   companies, combinations, or concerns whatsoever.

9        Sec.  13.   Section 59-823, Revised Statutes Supplement,

10  2000, is amended to read:

11       59-823.  When any suit in equity is brought in any  court

12  under  sections  59-801 to ~~59-828~~ 59-831 and section 11 of this act

13  in which the state is complainant, the Attorney  General  may  file

14  with  the  clerk  of  such  court a certificate that, in his or her

15  opinion, the case is of general public importance, a copy of  which

16  certificate  shall  be  immediately  furnished by such clerk to the

17  judge of the court in which the case is pending.    Thereupon  such

18  case  shall  be  given  precedence  over others  and  in every  way

19  expedited and be assigned for hearing at the  earliest   practicable

20  day.  An appeal from the final decree of the court shall lie to the

21  Court  of  Appeals  and shall be taken within thirty days after the

22  entry of such decree or final order or  within  thirty  days  after

23  entry  of  the  order  overruling  a motion for a new trial in such

24  ~~cause~~ case.

25       Sec. 14.    Section 59-824, Reissue  Revised  Statutes  of

26  Nebraska, is amended to read:

27       59-824.   In all prosecutions, hearings, and proceedings

28  under ~~the  provisions  of~~ sections  59-801  to  ~~59-828~~  59-831  and

-7-

LB 1278

1   section 11 of this act, whether civil or criminal, no person shall

2   be excused from attending and testifying, or from producing books,

3   papers, contracts, agreements, and documents before the courts of

4   this state, or in obedience to the subpoena of the same, on the

5   ground or for the reason that the testimony or evidence,

6   documentary or otherwise, required of him such person, may tend to

7   criminate him such person or subject him such person to a penalty

8   or forfeiture.

9           Sec. 15.   Section 59-826, Reissue Revised Statutes of

10  Nebraska, is amended to read:

11          59-826.  Whoever knowingly swears to a return or report

12  required by sections 59-801 to 59-828 59-831 and section 11 of this

13  act that is false in any material particular, or knowingly swears

14  to an answer to any of the requirements of said such sections that

15  is false in any material particular, shall be deemed guilty of

16  perjury, and punished as provided by the laws of this state in

17  reference to perjury.

18          Sec. 16.   Section 59-827, Reissue Revised Statutes of

19  Nebraska, is amended to read:

20          59-827.  Whoever shall knowingly prepare, or cause to be

21  prepared, a report, return, or answer required by sections 59-801

22  to 59-828 59-831 and section 11 of this act that is false, as

23  aforesaid, shall be guilty of subornation of perjury and punished

24  by law.

25          Sec. 17.   Section 59-828, Reissue Revised Statutes of

26  Nebraska, is amended to read:

27          59-828.   (1) It is hereby made the duty of the Attorney

28  General and the county attorney of each county under the direction

LB 1278

1   of the Attorney General to institute and prosecute such proceedings

2   as may be necessary to carry into effect ~~all of the provisions of~~

3   sections 59-801 to ~~59-828, PROVIDED, no~~ 59-831 and section 11 of

4   this act.  No person shall be prosecuted or be subjected to any

5   penalty or forfeiture for or on account of any transaction, matter,

6   or thing concerning which he or she may testify or produce

7   evidence, documentary or otherwise, in any proceeding, suit, or

8   prosecution under ~~said~~ such sections. No + AND PROVIDED FURTHER,

9   ~~no~~ person testifying shall be exempt from prosecution or punishment

10   for perjury committed in so testifying.

11       (2) It shall be lawful for any person to institute

12   proceedings pursuant to ~~the provisions of Chapter 59, article 8~~

13   sections 59-801 to 59-831 and section 11 of this act, at his or her

14   own expense and by his or her own attorney, but in the action so

15   brought by such person no recovery for costs and disbursements

16   shall be had against the state.

17       Sec. 18.   Section 59-829, Reissue Revised Statutes of

18   Nebraska, is amended to read:

19       59-829. When any provision of sections 59-801 to 59-831

20   and section 11 of this act ~~59-821, 59-828, 59-829,~~ and sections

21   84-211 to 84-214 or any provision of Chapter 59 is the same as or

22   similar to the language of a federal antitrust law, the courts of

23   this state in construing such sections ~~59-821, 59-828, 59-829, and~~

24   ~~84-211 to 84-214 or any provision of Chapter 59~~ or chapter shall

25   follow the construction given to the federal law by the federal

26   courts.

27       Sec. 19.   Section 59-830, Reissue Revised Statutes of

28   Nebraska, is amended to read:

LB 1278

1    59-830.   No criminal   action   may   be   maintained   under

2    ~~Chapter   59~~ <u>sections   59-801   to 59-831 and section 11 of this act</u>

3    against any person, corporation,   organization,   limited   liability

4    company,   or   association   for   acting   pursuant   to   and under the

5    authority of any state or federal law.   It is the purpose   of   this

6    section   to   reaffirm that a person may rely on the validity of any

7    state or federal law until declared invalid.

8          Sec. 20.   Section 59-831, Reissue   Revised   Statutes   of

9    Nebraska, is amended to read:

10         59-831.   When the Attorney General,   on behalf of a state

11   agency or political subdivision, is authorized to investigate, file

12   suit, or otherwise take action in connection with violations   under

13   sections   59-801   to   ~~59-830~~ <u>59-831 and section 11 of this act</u>, any

14   recovery of damages or costs by judgment, court decree,   settlement

15   in   or   out of court, or other final result shall be subject to the

16   following:

17         (1) Upon recovery of   damages   or   any   monetary   payment

18   except   criminal   penalties,   the   costs,   expenses,   or   billings

19   incurred by any   state   agency   or   political   subdivision   in   any

20   investigation   or   other   action   arising   out of a violation under

21   sections 59-801 to ~~59-830~~ <u>59-831 and section 11 of this   act</u>   shall

22   be   sought   out in any judgment, court decree, settlement in or out

23   of court, or other final result.   Any   recovered   costs   shall   be

24   deposited by the Attorney General in the fund from which such costs

25   were expended; and

26         (2)   When the Attorney General makes recovery pursuant to

27   sections 59-801 to ~~59-830~~ <u>59-831 and section   11   of   this   act</u>   on

28   behalf   of   a   state   agency or political subdivision of any money,

LB 1278

1  funds, securities, or other things of value in the nature of  civil
2  damages  or other, except criminal penalties, whether such recovery
3  shall be by way of verdict, judgment, compromise, or settlement  in
4  or out of court, or  other  final  disposition  of  any case or
5  controversy, such money, funds,  securities,  or  other  things  of
6  value shall  be deposited by the Attorney General in the fund from
7  which the funds which are being recovered were expended.

8      Sec. 21.  Section 59-1606, Reissue  Revised  Statutes  of
9  Nebraska, is amended to read:

10      59-1606.  (1) It shall be unlawful for any corporation to
11  acquire, directly or indirectly, the whole or any part of the stock
12  or  assets  of  another  corporation when  the  effect  of  such
13  acquisition may be to substantially lessen competition or  tend  to
14  create a monopoly in any line of commerce.

15      (2)  This  section  shall not apply to corporations which
16  purchase such stock solely for investment and not using the same by
17  voting or otherwise to bring about,  or  in  attempting  to  bring
18  about, the substantial lessening of competition; nor shall anything
19  contained  in  this  section prevent a corporation from causing the
20  formation of subsidiary corporations for the actual carrying on  of
21  their  immediate  lawful  business,  or  the natural and legitimate
22  branches or extensions thereof, or from owning and holding all or a
23  part of the stock of such subsidiary corporations, when the  effect
24  of such formation is not to substantially lessen competition.

25      (3)  In addition to any other remedy provided by ~~sections~~
26  ~~59-1601 to 59-1622~~ the Consumer Protection Act, the district  court
27  may  order  any corporation to divest itself of the stock or assets
28  held contrary to this section, in the manner and  within  the  time

-11-

LB 1278

1    fixed by such order.

2          Sec.  22.    Section 59-1607, Reissue Revised Statutes of

3    Nebraska, is amended to read:

4          59-1607.    The labor of a human  being  shall  not  be  a

5    commodity  or  article of commerce.   Nothing contained in ~~sections~~

6    ~~59-1601 to 59-1622~~ the Consumer Protection Act shall  be  construed

7    to  forbid  the  existence and operation of labor, agricultural, or

8    horticultural organizations, instituted for the purposes of  mutual

9    help,  and  not having capital stock or conducted for profit, or to

10   forbid or restrain individual members of  such  organizations  from

11   lawfully carrying out the legitimate objects thereof.

12         Sec.  23.    Section 59-1608, Reissue Revised Statutes of

13   Nebraska, is amended to read:

14         59-1608.   (1) The Attorney General may bring an action in

15   the name of the state against any person to  restrain  and  prevent

16   the doing of any act prohibited by ~~sections 59-1601 to 59-1622, and~~

17   the  Consumer  Protection Act.   The prevailing party may, in the

18   discretion of the court, recover the costs of such action including

19   a reasonable attorney's fee.

20         (2)  The  court  may  make  such  additional  orders  or

21   judgments  as may be necessary to restore to any person in interest

22   any money or property, real  or  personal,  which  may  have  been

23   acquired  by  means  of  any  act prohibited in ~~sections 59-1601 to~~

24   ~~59-1622~~ the Consumer Protection Act.

25         Sec. 24.  Section 59-1608.01, Reissue Revised Statutes of

26   Nebraska, is amended to read:

27         59-1608.01.  In the enforcement of  ~~sections  59-1601  to~~

28   ~~59-1622~~ the Consumer Protection Act, the Attorney General may bring

-12-

LB 1278

1  an action in the name of the state in the district court of the

2  county in which the alleged violator resides or has his or her

3  principal place of business or in Lancaster County.

4       Sec. 25.  Section 59-1608.02, Reissue Revised Statutes of

5  Nebraska, is amended to read:

6       59-1608.02.  When the Attorney General, on behalf of a

7  state agency or political subdivision, is authorized to

8  investigate, file suit, or otherwise take action in connection with

9  violations under ~~sections 59-1601 to 59-1623~~ the Consumer

10 Protection Act, any recovery of damages or costs by judgment, court

11 decree, settlement in or out of court, or other final result shall

12 be subject to the following:

13      (1) Upon recovery of damages or any monetary payment

14 except criminal penalties, the costs, expenses, or billings

15 incurred by any state agency or political subdivision in any

16 investigation or other action arising out of a violation under

17 ~~sections 59-1601 to 59-1623~~ the Consumer Protection Act shall be

18 sought out in any judgment, court decree, settlement in or out of

19 court, or other final result.  Any recovered costs shall be

20 deposited by the Attorney General in the fund from which such costs

21 were expended; and

22      (2) When the Attorney General makes recovery pursuant to

23 ~~sections 59-1601 to 59-1623~~ the Consumer Protection Act on behalf

24 of a state agency or political subdivision of any money, funds,

25 securities, or other things of value in the nature of civil damages

26 or other, except criminal penalties, whether such recovery shall be

27 by way of verdict, judgment, compromise, or settlement in or out of

28 court, or other final disposition of any case or controversy, such

LB 1278

1   money, funds, securities, or other things of value shall be

2   deposited by the Attorney General in the fund from which the funds

3   which are being recovered were expended.

4       Sec. 26. Section 59-1609, Reissue Revised Statutes of

5   Nebraska, is amended to read:

6       59-1609. Any person who is injured in his or her

7   business or property by a violation of sections 59-1602 to 59-1606,

8   whether such injured person dealt directly or indirectly with the

9   defendant, or any person so injured because he or she refuses to

10  accede to a proposal for an arrangement which, if consummated,

11  would be in violation of sections 59-1603 to 59-1606, may bring a

12  civil action in the district court to enjoin further violations, to

13  recover the actual damages sustained by him or her, or both,

14  together with the costs of the suit, including a reasonable

15  attorney's fee, and the court may in its discretion, increase the

16  award of damages to an amount which bears a reasonable relation to

17  the actual damages which have been sustained and which damages are

18  not susceptible of measurement by ordinary pecuniary standards;

19  PROVIDED, except that such increased award for violation of section

20  59-1602 shall not exceed one thousand dollars. For the purpose of

21  this section, person shall include the counties, the

22  municipalities, and all political subdivisions of this state.

23      Whenever the State of Nebraska is injured by reason of a

24  violation of sections 59-1603 to 59-1606, it may sue therefor in

25  the district court to recover the actual damages sustained by it

26  and to recover the costs of the suit including a reasonable

27  attorney's fee.

28      Sec. 27. In an illegal overcharge or undercharge case in

LB 1278

1   which claims are asserted by both parties who dealt  directly  with

2   the  defendant  and parties who dealt indirectly with the defendant

3   or any combination thereof:

4        (1) A defendant may  prove,  as  a  partial  or  complete

5   defense  to  a claim for damages under sections 59-1602 to 59-1606,

6   that the illegal overcharge or undercharge has been  passed  on  to

7   others  who  are  themselves  entitled  to  recover  so as to avoid

8   duplication of recovery of such damages; and

9        (2) The court may transfer and consolidate  such  claims,

10   apportion  damages,  and  delay  disbursement  of  damages to avoid

11   multiplicity of suits and duplication of recovery of damages and to

12   obtain substantial fairness.

13        Sec. 28.  Section 59-1610, Reissue  Revised  Statutes  of

14   Nebraska, is amended to read:

15        59-1610.   In  the  enforcement  of  ~~sections 59-1601 to~~

16   ~~59-1622~~ the Consumer  Protection  Act,  the  Attorney  General  may

17   accept an assurance of discontinuance of any act or practice deemed

18   in violation of ~~sections 59-1601 to 59-1622~~ the Consumer Protection

19   Act,  from  any  person who engages in, or who has engaged in, such

20   act or practice.  Any such assurance shall be  in  writing  and  be

21   filed with and subject to the approval of the district court of the

22   county  in  which  the  alleged  violator resides or has his or her

23   principal place of business, or in Lancaster County.

24        Such assurance of discontinuance shall not be  considered

25   an  admission  of a violation for any purpose, but proof of failure

26   to comply with the assurance of discontinuance shall be prima facie

27   evidence of a violation of ~~sections 59-1601 to 59-1622~~ the Consumer

28   Protection Act.

LB 1278

1        Sec. 29.  Section 59-1611, Reissue Revised Statutes of

2   Nebraska, is amended to read:

3        59-1611.  (1) Whenever the Attorney General believes that

4   any person may be in possession, custody, or control of any

5   original or copy of any book, record, report, memorandum, paper,

6   communication, tabulation, map, chart, photograph, mechanical

7   transcription, or other tangible document or recording, wherever

8   situated, which he <u>or she</u> believes to be relevant to the subject

9   matter of an investigation of a possible violation of sections

10   59-1602 to 59-1606, ~~he~~ <u>the Attorney General</u> may, prior to the

11   institution of a civil proceeding thereon, execute in writing and

12   cause to be served upon such a person a civil investigative demand

13   requiring such person to produce such documentary material and

14   permit inspection and copying thereof<u>. This</u> ~~, PROVIDED, that this~~

15   section shall not be applicable to criminal prosecutions.

16        (2) Each such demand shall:

17        (a) State the statute and section or sections thereof the

18   alleged violation of which is under investigation, and the general

19   subject matter of the investigation;

20        (b) Describe the class or classes of documentary material

21   to be produced thereunder with reasonable specificity so as fairly

22   to indicate the material demanded;

23        (c) Prescribe a return date within which the documentary

24   material shall be produced; and

25        (d) Identify the members of the Attorney General's staff

26   to whom such documentary material shall be made available for

27   inspection and copying.

28        (3) No such demand shall:

1      (a) Contain any requirement which would be unreasonable

2  or improper if contained in a subpoena duces tecum issued by a

3  court of this state; or

4      (b) Require the disclosure of any documentary material

5  which would be privileged, or which for any other reason would not

6  be required by a subpoena duces tecum issued by a court of this

7  state.

8      (4) Service of any such demand may be made by:

9      (a) Delivering a duly executed copy thereof to the person

10  to be served, or, if such person is not a natural person, to any

11  officer of the person to be served;

12      (b) Delivering a duly executed copy thereof to the

13  principal place of business in this state of the person to be

14  served; or

15      (c) Mailing by certified mail a duly executed copy

16  thereof addressed to the person to be served at the principal place

17  of business in this state, or, if such person has no place of

18  business in this state, to his or her principal office or place of

19  business.

20      (5) Documentary material demanded pursuant to the

21  provisions of this section shall be produced for inspection and

22  copying during normal business hours at the principal office or

23  place of business of the person served, or at such other times and

24  places as may be agreed upon by the person served and the Attorney

25  General.

26      (6) No documentary material produced pursuant to a

27  demand, or copies thereof, shall, unless otherwise ordered by a

28  district court for good cause shown, be produced for inspection or

1  copying  by,  nor shall the contents thereof be disclosed to, other

2  than  an  authorized  employee of the Attorney General, without the

3  consent  of  the  person  who  produced  such  material, except ,

4  PROVIDED, that  under  such reasonable terms and conditions as the

5  Attorney General shall prescribe, the copies  of  such  documentary

6  material  shall  be  available  for  inspection  and copying by the

7  person  who  produced  such  material or  any  duly  authorized

8  representative  of  such  person.   The  Attorney  General  or any

9  assistant attorney general  may  use  such  copies  of  documentary

10  material  as  he  or she determines necessary in the enforcement of

11  sections 59-1601 to 59-1622 the Consumer Protection Act,  including

12  presentation  before  any  court, except , PROVIDED, that any such

13  material which contains trade secrets shall not be presented except

14  with the approval of the court in which  action  is  pending  after

15  adequate notice to the person furnishing such material.

16          (7)  At  any time before the return date specified in the

17  demand, or within twenty days after the  demand  has  been  served,

18  whichever  period  is shorter, a petition to extend the return date

19  for or to  modify  or set aside  a  demand  issued  pursuant  to

20  subsection (1) of this section, stating good cause, may be filed in

21  the  district  court  for Lancaster County, or in such other county

22  where the parties reside. A petition by the  person  on  whom  the

23  demand  is  served,  stating  good  cause,  to require the Attorney

24  General or any person to perform any duty imposed by the provisions

25  of this section, and all  other  petitions  in  connection  with  a

26  demand, may be filed in the district court for Lancaster County, or

27  in the county where the parties reside.

28          (8)  Whenever  any  person fails to comply with any civil

LB 1278

1   investigative demand for documentary material duly served upon  him

2   or her  under  this  section,  or whenever satisfactory copying or

3   reproduction of any such material cannot be done  and  such  person

4   refuses  to surrender such material, the Attorney General may file,

5   in the district court of the county in which such  person  resides,

6   is  found,  or  transacts  business,  and  serve upon such person a

7   petition for an order of such court for  the  enforcement  of  this

8   section, except that if such person transacts business in more than

9   one county such petition shall be filed in the county in which such

10  person maintains his or her principal place of business, or in such

11  other county as may be agreed upon by the parties to such petition.

12  Whenever  any petition is filed in the district court of any county

13  under this section, such court shall have jurisdiction to hear  and

14  determine the matter so presented and to enter such order as may be

15  required  to  carry  into  effect  the  provisions of this section.

16  Disobedience of any order entered under this section by  any  court

17  shall be punished as a contempt thereof.

18      Sec.  30.   Section 59-1614, Reissue Revised Statutes of

19  Nebraska, is amended to read:

20      59-1614.  Any person who  violates  section  59-1603  or

21  59-1604  or  the  terms  of  any  injunction  issued as provided in

22  ~~sections 59-1601 to 59-1622,~~  the  Consumer  Protection  Act  shall

23  forfeit  and  pay  a  civil  penalty  of  not more than twenty-five

24  thousand dollars.

25      Any person who violates section 59-1602 shall pay a civil

26  penalty of not more than  two thousand dollars for  each  violation,

27  except  ~~; PROVIDED,~~ that such penalty shall not apply to any radio

28  or television broadcasting station  which  broadcasts,  or  to  any

LB 1278

LB 1278

1  publisher, printer, or distributor of any newspaper, magazine,

2  billboard, or other advertising medium who publishes, prints, or

3  distributes advertising in good faith without knowledge of its

4  false, deceptive, or misleading character and no such good faith

5  publication, printing, or distribution shall be considered a

6  violation of section 59-1602.

7          For the purpose of this section, the district court which

8  issues any injunction shall retain jurisdiction, and the cause

9  shall be continued, and in such cases the Attorney General acting

10  in the name of the state may petition for the recovery of civil

11  penalties.

12          With respect to violations of sections 59-1603 and

13  59-1604, the Attorney General, acting in the name of the state, may

14  seek recovery of such penalties in a civil action.

15          Sec. 31.    Section 59-1615, Reissue Revised Statutes of

16  Nebraska, is amended to read:

17          59-1615.  Upon petition by the Attorney General, the

18  court may, in its discretion, order the dissolution, or suspension

19  or forfeiture of franchise, of any corporation which ~~shall~~ ~~violate~~

20  violates section 59-1603 or 59-1604 or the terms of any injunction

21  issued as provided in ~~sections 59-1601 to 59-1622~~ the Consumer

22  Protection Act.

23          Sec. 32.    Section 59-1616, Reissue Revised Statutes of

24  Nebraska, is amended to read:

25          59-1616.  Personal service of any process in an action

26  under ~~sections 59-1601 to 59-1622~~ the Consumer Protection Act may

27  be made upon any person outside the state if such person has

28  engaged in conduct in violation of ~~sections 59-1601 to 59-1622~~ the

-20-

LB 1278

1   act which has had impact in this state which ~~sections 59-1601 to~~

2   ~~59-1622 prohibit~~ the act prohibits.

3          Sec.  33.   Section 59-1623, Reissue Revised Statutes of

4   Nebraska, is amended to read:

5          59-1623.  Sections 59-1601 to 59-1622 and section  27  of

6   this act shall be known and ~~designated~~ may be cited as the Consumer

7   Protection Act.

8          Sec.  34.   Section 59-1803, Revised Statutes Supplement,

9   2001, is amended to read:

10         59-1803.  Issuance of a charitable gift annuity does  not

11  constitute:

12         (1)  Engaging  in  business as a trust company subject to

13  the Nebraska Trust Company Act;

14         (2) Engaging in the  business  of  insurance  subject  to

15  Chapter 44;

16         (3) Engaging in an act in violation of sections 59-801 to

17  59-831 and section 11 of this act;

18         (4)  Engaging  in  an  act  in  violation of the Viatical

19  Settlements Act; or

20         (5) Engaging in  an  act  in  violation  of  the  Uniform

21  Deceptive  Trade  Practices Act.   Conduct other than issuance of a

22  charitable gift annuity, including the marketing  of  a  charitable

23  gift  annuity,  is  not  exempt  from  application  of  the Uniform

24  Deceptive Trade Practices Act pursuant to this subdivision.

25         Sec. 35.  Section 68-1035, Reissue  Revised  Statutes  of

26  Nebraska, is amended to read:

27         68-1035.   Actions taken pursuant to sections 68-1029 to

28  68-1036 shall not be subject to the  Consumer  Protection  Act  and

-21-

LB 1278

1   sections 59-801 to ~~59-829~~ 59-831 and section 11 of this act. It is

2   the intention of the Legislature that vendors and contracts

3   complying with sections 68-1029 to 68-1036 shall be exempted from

4   the application of federal antitrust laws. Nothing contained in

5   sections 68-1029 to 68-1036 shall prohibit contracts between

6   individual vendors and the Department of Health and Human Services

7   Finance and Support.

8            Sec. 36.   Original sections 59-806, 59-808 to 59-810,

9   59-812, 59-815, 59-816, 59-819 to 59-822, 59-824, 59-826 to 59-831,

10  59-1606 to 59-1611, 59-1614 to 59-1616, 59-1623, and 68-1035,

11  Reissue Revised Statutes of Nebraska, section 59-823, Revised

12  Statutes Supplement, 2000, and section 59-1803, Revised Statutes

13  Supplement, 2001, are repealed.