# EXHIBIT H

Report Title:

Antitrust; Unfair Methods of Competition

Description:

Amends antitrust and unfair competition law to allow any person to bring a lawsuit for enforcement. (SD1)

THE SENATE

TWENTY-FIRST LEGISLATURE, 2001

STATE OF HAWAII

**S.B. NO.** 1320 S.D. 2

# A BILL FOR AN ACT

RELATING TO ANTITRUST.

**BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF HAWAII:**

SECTION 1. Section 480-2, Hawaii Revised Statutes, is amended to read as follows:

"**§480-2 Unfair competition, practices, declared unlawful.** (a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.

(b) In construing this section, the courts and the office of consumer protection shall give due consideration to the rules, regulations, and decisions of the Federal Trade Commission and the federal courts interpreting section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended.

(c) No showing that the proceeding or suit would be in the public interest (as these terms are interpreted under section 5(b) of the Federal Trade Commission Act) is necessary in any action brought under this section.

(d) No person other than a consumer, the attorney general or the director of the office of consumer protection may bring an action based upon unfair or deceptive acts or practices declared unlawful by this section.

(e) Any person may bring an action based on unfair methods of competition declared unlawful by this section."

SECTION 2. Section 480-13, Hawaii Revised Statutes, is amended by amending subsection (c) to read as follows:

"(c) The remedies provided in subsections (a) and (b) shall be applied in class action and de facto class action lawsuits or proceedings including actions brought [in] on behalf of direct [purchasers, and actions brought in behalf of] or indirect purchasers [by the attorney general under section 480-14,]; provided that:

> (1) The minimum $1,000 recovery provided in subsections (a) and (b) shall not apply in a class action or a de facto class action lawsuit;
>
> (2) In class actions or de facto class actions where both direct and indirect purchasers are involved, or where more than one class of indirect purchasers are involved, a defendant shall be entitled to prove as a partial or complete defense to a claim for compensatory damages that the illegal overcharge has been passed on or passed back to others who are themselves entitled to recover so as to avoid the duplication of recovery of compensatory damages;
>
> (3) That portion of threefold damages in excess of compensatory damages shall be apportioned and allocated by the court in its exercise of discretion so as to promote effective enforcement of this chapter and deterrence from violation of its provisions;
>
> (4) In no event shall an indirect purchaser be awarded less than the full measure of compensatory damages attributable to the indirect purchaser;
>
> (5) In any lawsuit or lawsuits in which claims are asserted by both direct purchasers and indirect

purchasers, the court is authorized to exercise its discretion in the apportionment of damages, and in the transfer and consolidation of cases to avoid the duplication of the recovery of damages and the multiplicity of suits, and in other respects to obtain substantial fairness;

(6) In any case in which claims are being asserted by a part of the claimants in a court of this State and another part of the claimants in a court other than of this State, where the claims arise out of same or overlapping [transaction or] transactions, the court is authorized to take all steps reasonable and necessary to avoid duplication of recovery of damages and multiplicity of suits, and in other respects, to obtain substantial fairness;

(7) In instances where [the attorney general representing] a class action or defacto class action is brought on behalf of indirect purchasers [files an action and obtains] and the court issues a judgment or settlement prior to the completion of a direct purchaser's action in courts other than this State, the court shall delay disbursement of the damages until such time as the direct purchaser's suits are resolved to either final judgment, consent decree or settlement, or in the absence of a direct purchaser's lawsuit in the courts other than this State by direct purchasers, the expiration of the statute of limitations, or in such manner that will minimize duplication of damages to the extent reasonable and practicable, avoid multiplicity of suit and obtain substantial fairness; and

(8) In the event damages [obtained by the attorney general] in a class action or de facto class action remain unclaimed by the direct or indirect purchasers, the class representative or the attorney general shall apply to the court and such funds shall escheat to the State upon showing that reasonable efforts made by the State to distribute the funds have been unsuccessful."

SECTION 3. Section 480-14, Hawaii Revised Statutes, is amended by amending subsection (c) to read as follows:

"(c) [No person other than the] The attorney general of the State shall be authorized to bring a class action for indirect purchasers asserting claims under this chapter. The attorney general or the director of the office of consumer protection may bring a class

action on behalf of consumers based on unfair or deceptive acts or practices declared unlawful by section 480-2. Actions brought under this section shall be brought as parens patriae on behalf of natural persons residing in the State, to secure compensatory damages for injuries sustained by such natural persons to their property by reason of any violation of this chapter."

SECTION 4. Statutory material to be repealed is bracketed and stricken. New statutory material is underscored.

SECTION 5. This Act shall take effect upon its approval.