# EXHIBIT I

SHORT FORM ORDER

SUPREME COURT - STATE OF NEW YORK - COUNTY OF NASSAU

PRESENT: **HON. ANTHONY L. PARGA, J.S.C.**

PAUL SPERRY, Individually and on Behalf of
All Others Similarly Situated,

        Plaintiff,

-against-

CROMPTON CORPORATION, et al.,

        Defendants.

Part 21

Index # 17872/02
X X X

Motion Date: 9/22/03
Sequence No. 003, 004, 005

| | |
|---|---:|
| 3-Notices of Motion, Affs. & Exs. | 1-3 |
| Affidavit of J. Douglas Richards | 4 |
| Plaintiff's Memorandum of Law. | 5 |
| Defendant' Memorandum of Law. | 6 |
| Defendants' Reply Memorandum | 7 |
| ~~Correspondence from defendant's attorneys dated 11/6/03 with enclosures~~ | ~~8~~ |
| County Clerk file ["Class Action Complaint"] | 9 |

Upon the foregoing papers, (1) the motion by defendants Flexsys NV and Flexsys America LP for an order, pursuant to 22 NYCRR 520.11 and 602.2(a), admitting James D. Shea, Esw. and D. Jarett Arp, Esq. to appear and participate *pro hac vice* in this action, (2) the motion by defendant Bayer Corporation for an order, pursuant to 22 NYCRR 520.01 and 602.2(a) admitting William V. O'Reilly, Esq., J. Andrew Read, Esq. and Thomas Demitrack, Esq. to appear and participate *pro hac vice* in this action, and (3) the motion by the defendants for an order dismissing plaintiff's complaint pursuant to CPLR 3211(a)(5) and(7), are consolidated for disposition and granted.

This is a purported class action suit brought by an individual purchaser of automobile tires against certain sellers of rubber-processing chemicals to tire manufacturing companies. The plaintiff asserts three causes of action denominated as counts: the first claims that the

defendants violated New York's antitrust statute, General Business Law §340 ("Donnelly Act"), the second contends that the defendants committed unfair or deceptive business practices in violation of General Business Law §349, and the third seeks to recover damages based upon defendants' purported unjust enrichment. The plaintiff alleges that "since 1994" the defendants have "an illegal cartel agreement . . . designed to fix, raise, stabilize and maintain the price of rubber-procession products . . . [and as a result the] plaintiff and members of the Class would pay supracompetitive prices for tires containing or utilizing rubber processed with defendants' chemicals". Plaintiff also alleges the defendants used "deceptive practices and techniques of secrecy . . . to avoid detection of [the conspiracy]." The '[p]laintiff and the Class seek actual damages for their injuries caused by these violations in an amount to be determined at trial"; they "do not seek . . . to have those damages trebled pursuant to N.Y. Gen. Bus. Law §349(h)."

In determining whether to grant a motion to dismiss based upon a failure to state a cause of action pursuant to CPLR 3211(a)(7), the pleading is to be afforded a liberal construction, the facts alleged in the complaint should be accepted as true, the plaintiff is accorded the benefit of every possible inference, and the Court should only determine whether the facts, as alleged, fit into any cognizable legal theory (*Leon v. Martinez*, 84 NY2d 83, 87-88). Stated in another way, "the criterion is whether the proponent of a pleading has a cause of action, not whether he has stated one" (*Guggenheimer v. Ginzburg*, 43 NY2d 268, 275; *Rovello v. Orofino Realty Co.*, 40 NY2d 633, 636). Generally, such a determination is made from the factual allegations in the four corners of the complaint (see, *Guggenheimer v. Ginzburg, supra* at 275; *Foley v. D'Agostino*, 21 AD2d 60, 64-65).

The first cause of action in the complaint alleges antitrust violations under the Donnelly Act (General Business Law §340) and is dismissed since "[p]rivate persons are precluded from bringing a class action under the Donnelly Act because the treble damages remedy provided in General Business Law §340(5) is a 'penalty' within the meaning of

CPLR 901(b), the recovery of which in a class action is not specifically authorized and the imposition of which *cannot be waived* [citations omitted] [emphasis added]" (*Asher v. Abbott Labs*, 290 AD2d 208; *Cox v. Microsoft Corp.*, 290 AD2d 206). This Court is bound by the holdings of the cited Appellate Division, First Department decisions in the absence of contrary precedent from the Appellate Division, Second Department, which has yet to rule on the issue presented at bar. The Third and Fourth Departments have also not decided the issue of whether a private person can bring a class action under the Donnelly Act. "The Appellate Division is a single state-wide Court divided into departments for administrative convenience and therefore the doctrine of stare decisis requires trial courts in this department to follow precedents set by the Appellate Division of another department until the Court of Appeals or this Court [the Appellate Division, Second Department] pronounces a contrary rule" (*Mountain View Coach Lines v. Storm*, 102 AD2d 663, 664).

Plaintiff's second cause of action insufficiently states a cause of action under General Business Law §349 and is dismissed (see, *Green Harbour Homeowners Assoc., Inc. v. G. H. Development and Construction, Inc.*, 307 AD2d 465; *Goldblatt v. Met Life, Inc.*, 306 AD2d 217; *Murrin v. Ford Motor Co.*, 303 AD2d 475; *Andre Strishak & Assocs., P.C. v. Hewlett Packard Co.*, 300 AD2d 608, 609; *Canario v. Gunn*, 300 AD2d 332, 333; *Smith v. Chase Manhattan Bank, USA, N.A.*, 293 AD2d 598, 599; *cf. Gaidon v. Guardian Life Ins. Co. of Am.*, 94 NY2d 330, 334.

"As [the Court of Appeals] noted in *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 NY2d 20, 24, General Business Law §349 was enacted initially to give the Attorney General enforcement power to curtail deceptive acts and practices - willful or otherwise - directed at the consuming public . . . In 1980, the Legislature took a significant step to expand the Statute's enforcement scheme by allowing a private cause of action (General Business Law §349(h)" (*Gaidon v. Guardian Life Ins. Co. of Am., supra*, at 333-334). "Generally, claims under the statute are available to an individual consumer

Sperry v. Crompton      Index No. 17872/02      4.

who falls victim to misrepresentations made by a seller of consumer goods through false or misleading advertising [citation omitted]" (*Small v. Lorillard Tobacco Co.*, 94 NY2d 43, 55). "To establish a cause of action under General Business Law §349 a plaintiff must prove that the challenged act or practice was consumer oriented, that it was misleading in a material way, and that the plaintiff suffered injury as a result of the deceptive act. Whether a representation or omission, the deceptive practice must be likely to mislead a reasonable consumer acting reasonably under the circumstances. In addition, to recover under the statute, a plaintiff must prove actual injury, though not necessarily pecuniary harm (see *Stutman v. Chemical Bank*, 95 NY2d 24, 29; see also *Small v. Lorillard Tobacco Co.*, 94 NY2d 43; *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 NY2d 20)" (*Smith v. Chase Manhattan Bank, USA, N.A., supra* at 599).

The conclusory allegations in the second count on behalf of consumers who purchased tires, this "class" did not have direct dealings with the defendants who are not tire manufacturers. The conduct complained of by the plaintiff concerned private business transactions between corporations, and not between consumers. Consequently, the allegations in Court II are not within the ambit of a consumer transaction and are outside the scope of General Business Law §349. The plaintiff is attempting here to put a round peg into a square hole since the defendants are not tire manufacturers and did not have any contact with the plaintiff or the purported class of tire-purchasing consumers (*St. Patrick's Home for the Aged & Infirm v. Laticrete Int'l.*, 264 AD2d 652, 655.) The conduct complained of by the plaintiff concerned private business transactions between corporations that cannot be construed as "consumer oriented" (see, *New York Univ. v. Continental Ins. Co.*, 87 NY2d 308, 321; *St. Patrick's Home for the Aged & Infirm v. Laticrete Int'l., supra*). Furthermore, there are no allegations of fact from which it can be inferred that these defendants, manufacturers of rubber-processing chemicals, engaged in a deceptive scheme which would "likely...mislead a reasonable [tire-purchasing] consumer acting reasonably

under the circumstances" (*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, supra,* at 26).

The plaintiff's second claim also fails to state a cause of action since he failed to allege that defendants' purportedly deceptive acts took place in New York (*Goshen v. Mutual Life Ins. Co.*, 98 NY2d 314; *Murrin v. Ford Motor Co., supra,* at 477; *Scott v. Bell Atl. Corp.*, 282 AD2d 180, 184). Finally, the second cause of action is barred by the three year statute of limitations applicable to claims made under General Business Law §349 since he does not allege that he purchased tires three years prior to the filing of the complaint.

The plaintiff's third cause of action for unjust enrichment is dismissed since it fails to allege that he (or the putative class) had a substantive relationship with the defendants, that he conferred a benefit directly upon the defendants, and that the defendants will obtain such benefit without adequately compensating plaintiff (see, *Smith v. Chase Manhattan Bank, USA, N.A., supra,* at 600).

Dated: November 20, 2003.

_____
Anthony L. Parga, J.S.C.

ENTERED

NOV 2 5 2003

NASSAU COUNTY
COUNTY CLERK'S OFFICE