THAD A. DAVIS (CSB # 220503)
thad.davis@ropesgray.com
ROPES & GRAY LLP
One Embarcadero Center
Suite 2200
San Francisco, CA 94111-3711
Telephone:   (415) 315-6300
Facsimile:    (415) 315-6350

JANE E. WILLIS (*pro hac vice*)
jane.willis@ropesgray.com
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
Telephone:   (617) 951-7000
Facsimile:    (617) 951-7050

Attorneys for Defendant
DAEWOO INTERNATIONAL CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Case No. C07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br>ALL ACTIONS | **NOTICE OF MOTION AND MOTION TO DISMISS DIRECT AND INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINTS AS TO DAEWOO INTERNATIONAL CORPORATION**<br><br>Date: October 5, 2009, 9:00 a.m.<br>Place: JAMS Resolution Center<br>Special Master: Hon. Charles A. Legge (Ret.) |

**TABLE OF CONTENTS**

I. ISSUES PRESENTED ................................................................................................... 2

II. INTRODUCTION .......................................................................................................... 2

III. ARGUMENT .................................................................................................................. 4

    A. The Plaintiffs' Claims Against Daewoo International Are Based On The Incorrect Assertion That Daewoo Electronics Is A Subsidiary Of Daewoo International ................................................................................... 4

    B. The Plaintiffs' Allegation That Daewoo International Is The Successor In Interest To The Daewoo Group Is Incorrect And Irrelevant. .............................. 6

    C. The Plaintiffs' Remaining Allegations Against Daewoo International Are Insufficient To State A Claim Under Rule 8's Pleading Standards ........................ 8

    D. Illinois Brick Bars the Direct-Purchaser Plaintiffs' Claims Against Daewoo International ................................................................................... 10

    E. The Statute Of Limitations Has Run With Respect To The Claims Against Daewoo International. .................................................................... 11

IV. CONCLUSION ............................................................................................................. 13

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ................................................................................................4, 7, 10, 12

*Associated General Contractors of California v. California State Council of Carpenters*,
    459 U.S. 519 (1983) ..................................................................................................................10

*Atuahene v. City of Hartford*,
    10 F. App'x 33 (2d Cir. 2001) ....................................................................................................5

*Bell Atlantic v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................................4, 8, 10, 12

*Conmar Corp. v. Mitsui & Co. (USA) Inc.*,
    858 F.2d 499 (9th Cir. 1988) ...................................................................................................12

*Del. Valley Surgical Supply Inc. v. Johnson & Johnson*,
    523 F.3d 1116 (9th Cir. 2008) .................................................................................................10

*Illinois Brick Co. v. Illinois*,
    431 U.S. 720 (1977) ..............................................................................................................10, 11

*In re Digital Music Antitrust Litig.*,
    592 F. Supp. 2d 435 (S.D.N.Y. 2008) .......................................................................................6

*In re Elevator Antitrust Litig.*,
    502 F.3d 47 (2d Cir. 2007) .........................................................................................................9

*In re Sagent Technology, Inc., Derivative Litigation*,
    278 F. Supp. 2d 1079 (N.D. Cal. 2003) ................................................................................4, 9

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    586 F. Supp. 2d 1109 (N.D. Cal. 2008) ....................................................................................8

*Kendall v. Visa U.S.A., Inc.*,
    518 F.3d 1042 (9th Cir. 2008) ..............................................................................................8, 11

*Lippe v. Bairnco Corp.*,
    225 B.R. 846 (S.D.N.Y. 1998) ...............................................................................................5, 9

*Metz v. Unizan Bank*,
    416 F. Supp. 2d 568 (N.D. Ohio 2006) ...................................................................................12

**STATUTES**

15 U.S.C. § 15b ............................................................................................................................... 11

Vt. Stat. Ann. tit. 12, § 511 ............................................................................................................ 11

Wisc. Stat. Ann. § 133.18(2) .......................................................................................................... 11

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a)(2) ............................................................................................................ 4, 5, 8

Fed. R. Civ. P. 9(b) ........................................................................................................................ 12

Fed. R. Civ. P. 12(b)(1) ................................................................................................................... 1

Fed. R. Civ. P. 12(b)(6) ................................................................................................................... 1

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINTS AS TO DAEWOO INTERNATIONAL CORPORATION -  CASE NO. C07-5944 SC, MDL NO. 1917

**iii**

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 5, 2009, at 9:00 a.m., or as soon thereafter as the matter may be heard, at the San Francisco Resolution Center of JAMS, Two Embarcadero Center, Suite 1500, San Francisco, California 94111, before the Special Master, Honorable Charles A. Legge, U.S. District Judge (Ret.), Defendant Daewoo International Corporation ("Daewoo International") will and hereby does move the Court for an order dismissing the Direct Purchaser Plaintiffs' Consolidated Amended Complaint ("DP-CAC") and the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint ("IP-CAC") dated March 16, 2009 (together, the "Complaints") as to Daewoo International, for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

This motion is based upon this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; Daewoo International's Request for Judicial Notice and attached exhibits filed in support of the Motion; the Declaration of Young-Seon Lee; the complete files and records in these consolidated actions, including Defendants' Joint Motions to Dismiss the Direct and Indirect Purchaser Plaintiffs' Consolidated Amended Complaints; oral argument of counsel; and such other and further matters as the Court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **ISSUES PRESENTED**

Defendant Daewoo International moves to dismiss the Direct Purchasers' and Indirect Purchasers' Consolidated Amended Complaints on the following grounds, based on the Complaints as pled:

- The plaintiffs mistakenly named Daewoo International as a defendant due to their false assumption that Daewoo Electronics Corporation ("Daewoo Electronics") is a subsidiary of Daewoo International.
- The plaintiffs have not alleged facts sufficient to plead Daewoo International's participation in any conspiracy.
- Under the direct purchaser rule, the Direct Purchaser Plaintiffs lack standing under section 4 of the Clayton Act to assert an antitrust violation against Daewoo International.
- The plaintiffs' claims against Daewoo International are barred by the statute of limitations.

II. **INTRODUCTION**

The plaintiffs have brought two complaints (one on behalf of direct purchasers and one on behalf of indirect purchasers) alleging that certain companies engaged in a conspiracy to set prices in connection with CRT Products for the period 1995-2007.  CRT Products are broadly defined by the plaintiffs to include both cathode ray tubes ("CRTs") as well as products containing CRTs, such as computer monitors and televisions.  IP-CAC ¶ 15; DP-CAC ¶ 1.  According to the plaintiffs, Samsung, LG Philips Displays (LGE and Philips), MT Picture Displays (Panasonic and Toshiba), and Chungwa comprised 78% of the global CRT industry during part of the relevant period.  IP-CAC ¶ 122.  Yet plaintiffs have named dozens of other entities as defendants, including Daewoo International and Daewoo Electronics.  There is no allegation of Daewoo International's market share in any product.

The addition of Daewoo International as a defendant in these Complaints is the result of the plaintiffs' failure to use reasonable diligence to identify the entities that allegedly conspired

to affect the CRT market. Daewoo International is a trading company that acts as an agent or broker for other companies or trades or resells for its own account. Declaration of Young-Seon Lee ¶ 3 ("Lee Decl."). Daewoo International exports a wide variety of products internationally, including, but not limited to steel, metals, chemicals, and machinery. *Id*. Daewoo International has been publicly traded on the Korea Stock Exchange since March 23, 2001. *Id*.

In their Complaints, the plaintiffs make only a handful of generalized allegations against "Daewoo" -- which they define to include Daewoo International, Daewoo Electronics, and two entities in which Daewoo Electronics is alleged to have had an ownership interest: Orion Electric Company ("Orion Electric") and Daewoo-Orion Société Anonyme ("DOSA"). IP-CAC ¶ 107; DP-CAC ¶ 29. An examination of these allegations reveals that these allegations relate only Daewoo Electronics, Orion Electric, or DOSA, alleged manufacturers of CRT Products, and not to Daewoo International, a separate company that has never manufactured CRT Products and has no corporate affiliation with the other Daewoo entities. Lee Decl. ¶¶ 4-7; Davis Decl., Ex. A[1] at 52-53; Ex. B. Plaintiffs have failed to state a claim against Daewoo International because they have improperly lumped together the alleged Daewoo entities and failed to provide any factual basis to connect Daewoo International to the alleged conspiracy.

Moreover, the plaintiffs' claims against Daewoo International are apparently based on the incorrect assertion that Daewoo Electronics is a subsidiary of Daewoo International. If the plaintiffs' counsel had used reasonable diligence (for example, referencing the internet websites of Daewoo International and Daewoo Electronics, or referencing Lexis/Nexis or even Wikipedia), they would have realized that Daewoo International is not the parent corporation of Daewoo Electronics and likewise Daewoo Electronics is not a subsidiary of Daewoo International. *Id*. Plaintiffs have mistakenly named Daewoo International as a defendant and therefore Daewoo International should be dismissed from the case.

---

[1] Exhibits cited in this motion are attached to the Declaration of Thad A. Davis ("Davis Decl."), attached to Daewoo International's Request for Judicial Notice filed herewith.

## III. ARGUMENT

### A. The Plaintiffs' Claims Against Daewoo International Are Based On The Incorrect Assertion That Daewoo Electronics Is A Subsidiary Of Daewoo International.

The plaintiffs' claims should be dismissed because they are based on the incorrect assertion that Daewoo Electronics is a subsidiary of Daewoo International. In addition, the other remaining assertions relating to Daewoo International are irrelevant and not sufficient to state a claim against Daewoo International under the pleading standards set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and recently reaffirmed in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

The plaintiffs' claims against Daewoo International are apparently based on the allegation that Daewoo Electronics is a subsidiary of Daewoo International and that Daewoo International therefore "dominated and controlled" the affairs of Daewoo Electronics. *See* IP-CAC at ¶ 107. That allegation is false. Just because both entities have Daewoo in their name does not mean they are affiliated. Daewoo Electronics is not a subsidiary of Daewoo International. Lee Decl. ¶ 5; Davis Decl., Ex. A at 52-53; Ex. B. Indeed, Daewoo International has never owned shares in Daewoo Electronics.[2] *Id.* ¶ 6. Nor has it ever owned shares in Orion Electric or DOSA. *Id*. The plaintiffs' confusion over Daewoo International's identity is highlighted by the fact that they incorrectly refer to Daewoo International, Daewoo Electronics, Orion Electric, and DOSA as one interchangeable entity, "Daewoo," throughout the Complaints. IP-CAC ¶ 108; DP-CAC ¶ 29. The plaintiffs' attempt to lump all defendants together does not satisfy Federal Rule of Civil Procedure 8's pleading requirement that a factual basis be asserted against each specific defendant. *In re Sagent Technology, Inc., Derivative Litigation,* 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) (concluding that a complaint "that lump[ed] together thirteen 'individual defendants,' where only three of the individuals was alleged to have been present for the entire period of the events alleged in the complaint" failed to meet Rule 8's

---

[2] Daewoo Electronics has also been named as a defendant in this litigation. Daewoo Electronics is a separate and unrelated entity that is represented by another law firm.

pleading requirements); *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) ("lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct" does not satisfy Rule 8's pleading requirements); *Lippe v. Bairnco Corp.*, 225 B.R. 846, 860 (S.D.N.Y. 1998) (dismissing RICO claims against separate corporate defendants where plaintiffs "simply lump[ed] all the defendants together and allege[d] that the purported acts of every defendant can be imputed to every other defendant.").

Indeed, it is clear that the allegations in fact refer only to Daewoo Electronics, Orion Electric, and DOSA, entities that actually manufactured CRT Products, and not Daewoo International, which is a trading company that acts as an agent or broker for other companies or resells other companies' products. A review of the allegations referencing "Daewoo" bears this out:

- "[B]eginning in at least 1995, Defendant[]. . . Daewoo . . . met or talked with at least one other Defendant in order to discuss and agree upon CRT Product prices and the amount of CRT Products *each would produce*." IP-CAC ¶ 2 (emphasis added).
- "Defendants Daewoo and Toshiba also signed a cooperative agreement relating to LCDs in 1995. Pursuant to the agreement, Daewoo *produced* STN LCDs . . . ." IP-CAC ¶ 128(f) (emphasis added).
- "In the early 1990s, representatives from Samsung, Daewoo, Chughwa, and Orion visited each other's factories in S.E. Asia. During this period, these *producers* began to include discussions about price in their meetings." IP-CAC ¶ 139 (emphasis added).
- "In the formative years of the conspiracy (1995-1996) . . . representatives from Defendants LG, Samsung and Daewoo visited the other Defendant *manufacturers* . . . to discuss increasing prices for CRT Products . . . ." IP-CAC ¶ 141 (emphasis added).

Importantly, Daewoo International is a trading company that acts as a sales agent or reseller, not a manufacturer or producer. Lee Decl. ¶ 3. Daewoo International has never

manufactured CRTs or products containing CRTs. *Id*. ¶ 7. Daewoo International arranges sales and exports a wide variety of products outside of Korea to other countries.[3] *Id.* ¶ 3.

Moreover, the allegations in the Complaints described above, center on the mid-1990s (*see, e.g.*, IP-CAC ¶¶ 2, 128(f)) which the plaintiffs contend were the "formative years of the conspiracy." *Id*. ¶ 141. Daewoo International did not even exist during this period of alleged collusion. Daewoo International was not established until December 27, 2000. Lee Decl. ¶¶ 3, 14; Davis Decl., Ex. A at 10.

In the same conclusory manner, the plaintiffs allege that "Daewoo, LG Electronics, LP Displays, and Samsung are members of the Electronic Display Industrial Research Association." IP-CAC ¶ 124. Daewoo International, however, has never manufactured electronic display products, has never conducted industrial research regarding electronic displays, and has never been a member of the Electronic Display Industrial Research Association. Lee Decl. ¶ 7.[4]

Because plaintiffs' claims are apparently based on the false assertion that Daewoo International is the parent of Daewoo Electronics and somehow controls Daewoo Electronics' affairs, Daewoo International should be dismissed from the case.

### B. The Plaintiffs' Allegation That Daewoo International Is The Successor In Interest To The Daewoo Group Is Incorrect And Irrelevant.

Plaintiffs have made another error by alleging that Daewoo International is the successor to the Daewoo Group. IP-CAC ¶ 106; DP-CAC ¶ 27. This allegation is not only incorrect, but also irrelevant because nowhere do the plaintiffs allege that the Daewoo Group controlled the

---

[3] Not only has Daewoo International never manufactured CRT Products, but Daewoo International has not engaged in any trading of CRT Products in the United States in the last six years. Decl. ¶ 8. For a limited period from 2001 to 2003, Daewoo International engaged in the trading and export of less than $25 million in CRT products to the United States. *Id*. Eighty percent of these transactions were in CRT Products manufactured by entities that are not defendants in this case. *Id*. Daewoo International's margin on electronics transactions during this period was approximately 1% and therefore Daewoo International estimates that its revenue from these CRT products exported to the United States was approximately $250,000. *Id.*

[4] In any event, such an innocuous fact, such as trade association participation, is insufficient to support a claim of illegal collusion. *See, e.g.*, *In re Digital Music Antitrust Litig.*, 592 F. Supp. 2d 435, 444 (S.D.N.Y. 2008) (rejecting as unreasonable plaintiffs' invitation to infer that defendants engaged in illegal activity based on their membership in a perfectly legal joint venture).

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINTS AS TO DAEWOO INTERNATIONAL CORPORATION - CASE NO. C07-5944 SC, MDL NO. 1917

6

affairs of Daewoo Electronics, Orion Electric Company, or DOSA, or otherwise allege any facts that would even possibly give rise to vicarious liability (corporate veil piercing, alter ego, etc.) for the affairs of the Daewoo Electronics or the others. *See Iqbal*, 129 S. Ct. at 1949-1950 (a plaintiff must allege specific facts, not merely conclusory allegations, to state a claim for vicarious liability).

Plaintiffs' assertion that Daewoo International is the successor-in-interest to the Daewoo Group is false. Daewoo International is not and could not be the successor to the Daewoo Group because the Daewoo Group is not a legal entity. Lee Decl. ¶¶ 10, 14. The "Daewoo Group" was an abstract name and concept used to describe a group of companies for a period of time in the 1980s and 1990s. *Id.* ¶ 9. The Fair Trade Commission of Korea may designate certain corporations as belonging to an enterprise group. *Id.* ¶ 10. The "Daewoo Group" was such a designation. *Id.*

At its peak, the Daewoo Group included 12 major companies, including Daewoo Corporation, Daewoo Motor Company, Daewoo Heavy Industries & Machinery Ltd., Daewoo Capital Co., Ltd., Daewoo Electronics Company, and Daewoo Telecom Co., plus hundreds of smaller companies. *Id.* ¶ 9. Due to a nationwide financial crisis, the Korean government announced in August 1999, that it was putting each of the 12 major Daewoo Group companies in a workout program, which is a restructuring program similar to an out-of court bankruptcy. *Id.* ¶ 11.

As part of Daewoo Corporation's workout plan pursuant to the Korean Commercial Code, Daewoo Corporation was divided into three independent companies: Daewoo International for trading operations, Daewoo Engineering and Construction Co., Ltd. for construction operations, and Daewoo Corporation for remaining operations. *Id.* ¶ 12. The Daewoo Group's enterprise designation was withdrawn by the Fair Trade Commission of Korea on April 1, 2000. *Id.* ¶ 13.

By the time Daewoo International was formed on December 27, 2000, almost nine months later, the enterprise designation had long been withdrawn and the term "Daewoo

Group," was no longer in use. *Id.* ¶¶ 3, 13-14; Davis Decl., Ex. A at 10.[5] As explained above, Daewoo International does not have any corporate affiliation with Daewoo Electronics. *Id.* ¶¶ 4-5.

### C. The Plaintiffs' Remaining Allegations Against Daewoo International Are Insufficient To State A Claim Under Rule 8's Pleading Standards.

In addition to all the threshold pleading deficiencies related to Daewoo International's identity and legal status, the Complaints do not contain factual allegations sufficient to sustain an antitrust conspiracy claim in any event. Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The relevant inquiry with respect to a claim under Section 1 of the Sherman Act is whether the alleged anticompetitive conduct "stems from independent decision or from an agreement." *Twombly*, 550 U.S. at 553. The plaintiffs "must plead not just ultimate facts (such as a conspiracy), but evidentiary facts, which, if true, will prove (1) a contract, combination or conspiracy among two or more persons or distinct business entities; (2) by which the persons or entities intended to harm or restrain trade or commerce . . . ; (3) which actually injures competition." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008).

In order to establish a plausible conspiracy claim against Daewoo International, the Complaints must contain "individualized allegations" about Daewoo International. *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1117 (N.D. Cal. 2008) (dismissing complaint that contained only general allegations that failed to put specific defendants on notice of the claims against them.); *Kendall*, 518 F.3d at 1047-48 (*quoting Twombly*, 550 U.S. at 565 n.10) (plaintiffs are required to allege basic facts, "such as a 'specific time, place, or person involved in the alleged conspiracies'"). The plaintiffs fail to meet this standard. The sum total of their allegations against Daewoo International are (1) Daewoo

---

[5] The plaintiffs' allegation that Daewoo Corporation may have owned shares of Orion Electric for some period of time is irrelevant. IP-CAC ¶ 107; DP-CAC ¶ 28. Daewoo Corporation is not alleged to have controlled or dictated the affairs of Orion Electric Company and Daewoo Corporation is not named a defendant. In any event, nothing about the relationship, if any, between Daewoo Corporation and Orion Electric, supports a claim against Daewoo International.

International sold CRT Products; and (2) the unsupported, conclusory allegation that Daewoo International "was represented" at certain meetings among competitors. IP-CAC ¶¶ 106, 176; DP-CAC ¶¶ 27, 156.

In the Indirect Purchaser Complaint, the plaintiffs concede that Daewoo International did not participate in the competitor meetings at which the defendants allegedly colluded. *See, e.g.*, IP-CAC ¶¶ 175-76. The plaintiffs merely allege that "Defendant Daewoo, through Daewoo Electronics, Orion and DOSA, participated" in the meetings and therefore Daewoo International was "represented at those meetings and was a party to the agreements entered at them." IP-CAC ¶¶ 175-76 (emphasis added). Likewise, the Direct Purchaser Complaint includes only conclusory allegations without any facts relating to Daewoo International's involvement in the meetings. The sole paragraph in the 222-paragraph Direct Purchaser Complaint referencing Daewoo International's alleged conduct states, "Daewoo International either directly or through Daewoo Electronics or Orion, participated in multiple illegal bilateral and at least several dozen group meetings . . . ." DP-CAC ¶ 156.

The plaintiffs fail to provide any factual allegations describing who purportedly represented Daewoo International at these meetings, whether and how Daewoo International was informed of these meetings, whether Daewoo International gave any authority to anyone in connection with the meetings, who made what statements at the meetings, and what and how any information was memorialized or conveyed back to Daewoo International. Rather, plaintiffs have improperly lumped Daewoo International together with other entities with a similar name. *See In re Sagent Technology, Inc., Derivative Litigation,* 278 F. Supp. 2d at 1094 (N.D. Cal. 2003) (dismissing defendants from case who had been lumped together with other defendants); *see also Lippe*, 225 B.R. at 860 (dismissing RICO claims against separate corporate defendants where plaintiffs "simply lump[ed] all the defendants together and allege[d] that the purported acts of every defendant can be imputed to every other defendant.").[6]

---

[6] Likewise, the unsupported and conclusory allegation that Daewoo International "was a party to the agreements" does not make out a claim that Daewoo International itself actually entered into unlawful agreements. *See, e.g., In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (upholding dismissal of complaint in which the allegations were in "entirely general terms without any specification of any particular activities by any particular defendant.").

1    Indeed, these allegations are apparently based solely on the incorrect assumption that
2    Daewoo Electronics is a subsidiary of Daewoo International and therefore Daewoo Electronics'
3    participation in the meetings somehow implicates Daewoo International.  This is simply not the
4    case.  As explained above, Daewoo International has never had any corporate affiliation with
5    Daewoo Electronics, Orion, or DOSA.  Lee Decl. ¶¶ 4-5; Davis Decl., Ex. A at 52; Ex. B.

6    In sum, the allegation that Daewoo International sold CRT Products is not enough to
7    associate it with the alleged conspiracy.[7]  There is no allegation in the Complaints that anyone
8    at Daewoo International participated in any meetings, had any communications, or was involved
9    in any way in the conspiracy.  Daewoo International did not even exist in the 1990s when the
10   purported conspiratorial meetings detailed in the Complaints are alleged to have taken place.
11   IP-CAC ¶¶ 2, 128(f), 139, 141.  This is precisely the type of overbroad allegation proscribed by
12   *Twombly*.  "Threadbare recitals of the elements of a cause of action, supported by mere
13   conclusory statements, do not suffice."  *Iqbal*, 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at
14   555).  Because the plaintiffs have failed to meet their burden under *Twombly* their claims must
15   be dismissed.

### D. *Illinois Brick* Bars the Direct-Purchaser Plaintiffs' Claims Against Daewoo International.

The direct-purchaser plaintiffs' claims against Daewoo International also fail as they are barred under the direct purchaser rule set forth in *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977).[8]  Under *Illinois Brick*, "only direct purchasers have standing under § 4 of the Clayton Act to seek damages for antitrust violations."  *Del. Valley Surgical Supply Inc. v. Johnson & Johnson*, 523 F.3d 1116, 1120-21 (9th Cir. 2008).  Daewoo International has never

---

[7]  As explained in footnote 3 above, Daewoo International's trading of CRT Products of less that $25 million into the United States was *de minimis* and was limited to the period from 2001 to 2003.  The plaintiffs allege that the global CRT product market was nearly $20 billion a year during the alleged class period.  DP-CAC ¶ 104; IP-CAC ¶ 190.

[8]  This motion incorporates by reference the Joint Defense Motions to Dismiss the Direct Purchaser Plaintiffs CAC and Indirect Purchaser Plaintiffs CAC, including the arguments with respect to the Plaintiffs' lack of standing under *Illinois Brick* and *Associated General Contractors of California, Inc.* set forth in those motions.  DP-CAC ¶¶ 13-16; IP-CAC ¶¶ 16-31.

been a producer or manufacturer of cathode ray tubes or products containing cathode ray tubes. Lee Decl. ¶ 7. Daewoo International is a trading company that for a limited time brokered sales of products containing cathode ray tubes as a reseller or sales agent for other companies. *See Id*. ¶¶ 3, 8; footnote 3 above. Accordingly, none of the so-called direct purchaser plaintiffs in the Direct Purchaser Complaint are, in fact, direct purchasers because Daewoo International was not a manufacturer. Any such putative plaintiffs were indirect purchasers in connection with any transactions for which Daewoo International was acting as a reseller. For transactions in which Daewoo International was acting as a sales agent, no one purchased products from Daewoo International at all.

As such, the direct-purchasers' claims are barred under *Illinois Brick Co.,* 431 U.S. at 728-29. None of the exceptions to *Illinois Brick* applies to cure this defect. The plaintiffs fail to allege any facts showing that the manufacturers who allegedly set the prices for cathode ray tubes controlled or were somehow in a conspiracy with Daewoo International. *See, e.g., Kendall,* 518 F.3d at 1050 (holding that plaintiffs could not maintain an antitrust suit against credit card companies as direct purchasers where the plaintiffs failed to allege any facts showing that the banks (the middlemen), were either controlled by or in a conspiracy with the credit card companies (who set the fees at issue)).

E.  **The Statute Of Limitations Has Run With Respect To The Claims Against Daewoo International.**

The plaintiffs' claims are subject to a four-year statute of limitations. 15 U.S.C. § 15b. The first Complaints naming Daewoo International as a defendant were filed on March 16, 2009. DP-CAC; IP-CAC. To be timely, the plaintiffs' claims must have accrued no earlier than March 16, 2005.

Daewoo International has not engaged in the trading and export of CRT Products to the United States since May 2003, nearly six years before the filing of these Complaints in March 2009. Lee Decl. ¶ 8. Therefore, even if the plaintiffs' allegations were sufficient to state a

1  claim against Daewoo International, any such claim would be barred by the four year statute of
2  limitations applicable to federal antitrust claims and nearly all state law antitrust claims.[9]
3         In an effort to toll the statute of limitations and extend the applicable damages period,
4  the plaintiffs allege that the defendants fraudulently concealed their alleged unlawful conduct.
5  Fraudulent concealment must be pleaded with particularity and the burden of pleading and
6  proving fraudulent concealment lies with the plaintiffs.  *See* Fed. R. Civ. P. 9(b); *see Conmar*
7  *Corp. v. Mitsui & Co. (USA) Inc.*, 858 F.2d 499, 502 (9th Cir. 1988).  Notably, the plaintiffs are
8  required to affirmatively plead facts supporting fraudulent concealment against "each specific
9  Defendant who allegedly participated in the concealment in order to state a claim against that
10  Defendant which would survive an otherwise expired statute of limitations." *Metz v. Unizan*
11  *Bank*, 416 F. Supp. 2d 568, 579 (N.D. Ohio 2006).  Here, the Complaints contain no specific
12  allegations that Daewoo International participated in any type of conspiracy, let alone any
13  allegations that the Daewoo International actively concealed its participation in such a
14  conspiracy.  Accordingly, the plaintiffs' conclusory assertion that Daewoo "never effectively
15  withdrew from this conspiracy" (IP-CAC ¶175) is insufficient to establish fraudulent
16  concealment and toll the statute of limitations with respect to Daewoo International.  *See Iqbal*,
17  129 S.Ct. at 1950 (courts should disregard "pleadings that . . . are no more than conclusions . . .
18  ."); *Twombly*, 550 U.S. at 555 ("[O]n a motion to dismiss, courts are not bound to accept as true
19  legal conclusions couched as factual allegations.").
20         Daewoo International has not traded in CRT Products in the United States since 2003.
21  Accordingly, the plaintiffs' claims, if any, against Daewoo International are barred by the
22  statute of limitations.  Lee Decl. ¶ 8.

---

[9] Vermont and Wisconsin's applicable statute of limitations is six years, Vt. Stat. Ann. tit. 12, § 511 (antitrust and consumer protection); Wisc. Stat. Ann. § 133.18(2) (antitrust), however, there are no allegations in the Complaints that Daewoo International engaged in any conduct in Vermont or Wisconsin or shipped any CRT Products to Vermont or Wisconsin.

## IV. CONCLUSION

The allegations in the Complaints are insufficient to state a claim against Daewoo International. The plaintiffs cannot cure their failure to state a claim by amending their Complaints. The only allegations in the Complaints that relate to Daewoo International are based on the incorrect assumption that Daewoo International is the parent corporation of Daewoo Electronics. As explained above, Daewoo International is not the parent corporation of Daewoo Electronics and Daewoo International has never owned shares of Daewoo Electronics, Orion Electric, or DOSA, which are the entities to which the plaintiffs have directed the allegations of their Complaints. There are no specific allegations connecting to the conspiracy Daewoo International, a separate and independent corporation, engaged as a sales agent or reseller in the trading business for a broad range of commodities including steel, metal, chemicals, and machinery. For the reasons set forth in this brief and in the Defendants' Joint Motions to Dismiss, Daewoo International respectfully requests that the Court dismiss the Complaints with prejudice.

Dated: June 17, 2009

By: /s/ Thad A. Davis
Thad A. Davis (CSB # 220503)
thad.davis@ropesgray.com
ROPES & GRAY LLP
One Embarcadero Center
Suite 2200
San Francisco, CA 94111-3711
Telephone: (415) 315-6300
Facsimile: (415) 315-6350

Jane E. Willis (*pro hac vice*)
jane.willis@ropesgray.com
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
Telephone: (617) 951-7000
Facsimile: (617) 951-7050

Attorneys for Defendant

DAEWOO INTERNATIONAL CORPORATION

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of the foregoing document was served upon the parties and counsel of record, through the Court's ECF system, on June 17, 2009.

                                              /s/ Thad A. Davis _____
                                              Thad A. Davis

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINTS AS TO DAEWOO INTERNATIONAL CORPORATION - CASE NO. C07-5944 SC, MDL NO. 1917

14