EXHIBIT 7

This document is available in two formats: this web page (for browsing content) and PDF (comparable to original document formatting). To view the PDF you will need Acrobat Reader, which may be downloaded from the Adobe site. For an official signed copy, please contact the Antitrust Documents Group.

LIDIA MAHER (CSBN 222253)
BARBARA J. NELSON (CSBN 87952)
JEANE M. HAMILTON (CSBN 157834)
ANNA TRYON PLETCHER (CSBN 239730)
MAY LEE HEYE (CSBN 209366)
Antitrust Division
U.S. Department of Justice
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 436-6660

**FILED**

**09 FEB 10 PM 3:39**

**RICHARD W. WIEKING
CLERK, U.S. DISTRICT
COURT**
**NORTHERN DISTRICT OF
CALIFORNIA**

Attorneys for the United States

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CHENG YUAN LIN, a.k.a. C.Y. LIN,<br><br>    Defendant. | No. CR 09-00131 WHA<br><br>**INDICTMENT**<br><br>VIOLATIONS:<br>Title 15, United States Code,<br>Section 1 (Conspiracy in Restraint of Trade)<br><br>San Francisco Venue<br><br>Date Filed: 02/10/2009 |

The Grand Jury charges:

COUNT ONE: 15 U.S.C. § 1 (Conspiracy in Restraint of Trade)

I.
DESCRIPTION OF THE OFFENSE

1. CHENG YUAN LIN, a.k.a. C.Y. LIN, is hereby indicted and made a defendant on the charge stated below.

2. Beginning at least as early as January 28, 1997, until at least as late as April 7, 2003, the exact dates being unknown to the Grand Jury, the defendant CHENG YUAN LIN and coconspirators joined, entered into, and engaged in a combination and conspiracy to suppress and eliminate competition by fixing prices, reducing output, and allocating market shares of color display tubes ("CDTs") to be sold in the United States and elsewhere. The combination and conspiracy engaged in by the defendant and coconspirators was in unreasonable restraint of interstate and foreign trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

3. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendant and coconspirators, the substantial terms of which were to agree to fix prices, reduce output, and allocate market shares of CDTs to be sold in the United States and elsewhere for use in computer monitors and other products with similar technological requirements.

## II.
## MEANS AND METHODS OF THE CONSPIRACY

4. For the purpose of forming and carrying out the charged combination and conspiracy, the defendant and coconspirators did those things that they combined and conspired to do, including, among other things:

    a.  attended meetings and engaged in conversations and communications in Taiwan, Korea, Malaysia, China, and elsewhere to discuss the prices, output, and market shares of CDTs;

    b.  agreed during those meetings, conversations, and communications to charge prices of CDTs at certain target levels or ranges;

    c.  agreed during those meetings, conversations, and communications to reduce output of CDTs by shutting down CDT production lines for certain periods of time;

    d.  agreed during those meetings, conversations, and communications to allocate target market shares for the CDT market overall and for certain CDT customers;

    e.  exchanged CDT sales, production, market share, and pricing information for the purpose of implementing, monitoring, and enforcing adherence to the agreed-upon prices, output reduction, and market share allocation;

    f.  implemented an auditing system that permitted coconspirators to visit each other's production facilities to verify that CDT production lines had been shut down as agreed;

    g.  authorized and approved the participation of subordinate employees in the conspiracy;

    h.  issued price quotations and reduced output in accordance with the

agreements reached; and

    i.  took steps to conceal the conspiracy and conspiratorial contacts through various means.

## III.
## DEFENDANT AND COCONSPIRATORS

5. Defendant CHENG YUAN LIN is a resident of Taiwan, Republic of China. During the period covered by this Indictment, CHENG YUAN LIN was Chairman and Chief Executive Officer of Chunghwa Picture Tubes, Ltd. ("Chunghwa"). During the period covered by this Indictment, Chunghwa was a Taiwanese company engaged in the business of producing and selling, among other things, CDTs to customers in the United States and elsewhere.

6. Various corporations and individuals not made defendants in Count One of this Indictment participated as coconspirators in the offenses charged in Count One of this Indictment and performed acts and made statements in furtherance of it.

7. Whenever in this Indictment reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

## IV.
## TRADE AND COMMERCE

8. CDTs are a type of cathode ray tube. Cathode ray tubes consist of evacuated glass envelopes that contain an electron gun and a phosphorescent screen. When electrons strike the screen, light is emitted, creating an image on the screen. CDTs are the specialized cathode ray tubes manufactured for use in computer monitors and other products with similar technological requirements.

9. During the period covered by Count One of this Indictment, the defendant and coconspirators sold and distributed substantial quantities of CDTs in a continuous and uninterrupted flow of interstate and foreign trade and commerce to customers located in states or countries other than the states or countries in which the defendant and coconspirators produced CDTs. In addition, payments for CDTs traveled in interstate and foreign trade and commerce.

10. During the period covered by Count One of this Indictment, the business activities of the defendant and coconspirators that are the subject of Count One of this Indictment were within the flow of, and substantially affected, interstate and foreign trade and commerce.

## V.
## JURISDICTION AND VENUE

11. The combination and conspiracy charged in Count One of this Indictment was

carried out, in part, in the Northern District of California, within the five years preceding the filing of this Indictment, excluding the period during which the running of the statute of limitations was suspended pursuant to agreement with defendant CHENG YUAN LIN.

COUNT TWO: 15 U.S.C. § 1 (Conspiracy in Restraint of Trade)

VI.
DESCRIPTION OF THE OFFENSE

12. CHENG YUAN LIN, a.k.a. C.Y. LIN, is hereby indicted and made a defendant on the charge stated below.

13. Beginning at least as early as March 12, 1997, until at least as late as April 7, 2003, the exact dates being unknown to the Grand Jury, the defendant CHENG YUAN LIN and coconspirators joined, entered into, and engaged in a combination and conspiracy to suppress and eliminate competition by fixing the prices of color picture tubes ("CPTs") to be sold in the United States and elsewhere. The combination and conspiracy engaged in by the defendant and coconspirators was in unreasonable restraint of interstate and foreign trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

14. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendant and coconspirators, the substantial terms of which were to agree to fix the prices of CPTs to be sold in the United States and elsewhere for use in television sets.

VII.
MEANS AND METHODS OF THE CONSPIRACY

15. For the purpose of forming and carrying out the charged combination and conspiracy, the defendant and coconspirators did those things that they combined and conspired to do, including, among other things:

   a.   attended meetings and engaged in conversations and communications in Taiwan, Korea, Malaysia, China, Thailand, Indonesia, and elsewhere to discuss the prices of CPTs;

   b.   agreed during those meetings, conversations, and communications to charge prices of CPTs at certain target levels or ranges;

   c.   exchanged CPT pricing information for the purpose of implementing, monitoring, and enforcing adherence to the agreed-upon prices;

   d.   authorized and approved the participation of subordinate employees in the conspiracy;

   e.   issued price quotations in accordance with the agreements reached; and

   f.   took steps to conceal the conspiracy and conspiratorial contacts through

various means.

## VIII.
## DEFENDANT AND COCONSPIRATORS

16. Defendant CHENG YUAN LIN is a resident of Taiwan, Republic of China. During the period covered by this Indictment, CHENG YUAN LIN was Chairman and Chief Executive Officer of Chunghwa. During the period covered by this Indictment, Chunghwa was a Taiwanese company engaged in the business of producing and selling, among other things, CPTs to customers in the United States and elsewhere.

17. Various corporations and individuals not made defendants in Count Two of this Indictment participated as coconspirators in the offenses charged in Count Two of this Indictment and performed acts and made statements in furtherance of it.

18. Whenever in this Indictment reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

## IX.
## TRADE AND COMMERCE

19. CPTs are a type of cathode ray tube. Cathode ray tubes consist of evacuated glass envelopes that contain an electron gun and a phosphorescent screen. When electrons strike the screen, light is emitted, creating an image on the screen. CPTs are the specialized cathode ray tubes manufactured for use in television sets.

20. During the period covered by Count Two of this Indictment, the defendant and coconspirators sold and distributed substantial quantities of CPTs in a continuous and uninterrupted flow of interstate and foreign trade and commerce to customers located in states or countries other than the states or countries in which the defendant and coconspirators produced CPTs. In addition, payments for CPTs traveled in interstate and foreign trade and commerce.

21. During the period covered by Count Two of this Indictment, the business activities of the defendant and coconspirators that are the subject of Count Two of this Indictment were within the flow of, and substantially affected, interstate and foreign trade and commerce.

## X.
## JURISDICTION AND VENUE

22. The combination and conspiracy charged in Count Two of this Indictment was carried out, in part, in the Northern District of California, within the five years preceding the filing of this Indictment, excluding the period during which the running of the statute of limitations was suspended pursuant to agreement with

defendant CHENG YUAN LIN.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

DATED: 02/10/09                               A TRUE BILL


_____/s/_____          _____
Scott D. Hammond                              FOREPERSON
Acting Assistant Attorney General



_____/s/_____          _____/s/_____
Marc Siegel                                   Phillip H. Warren
Director of Criminal Enforcement              Chief, San Francisco Office

United States Department of Justice           _____/s/_____
Antitrust Division                            Niall E. Lynch
                                              Assistant Chief, San Francisco Office



_____/s/_____          _____/s/_____
Joseph P. Russoniello                         Lidia Maher
United States Attorney                        Barbara J. Nelson
Northern District of California               Jeane M. Hamilton
                                              Anna Tryon Pletcher
                                              May Lee Heye
                                              Attorneys
                                              United States Department of Justice
                                              Antitrust Division
                                              450 Golden Gate Avenue
                                              Box 36046, Room 10-0101
                                              San Francisco, CA 94102
                                              (415) 436-6660