MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. RUSSELL, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone:  (415) 563-7200
Facsimile:  (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel for Indirect-Purchaser
Plaintiffs and Class Members*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-SC<br><br>MDL No. 1917<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANTS' SEPARATE AND JOINT MOTIONS TO DISMISS CONSOLIDATED AMENDED COMPLAINT**<br><br>Date:  October 5-6, 2009<br>Time:  9:00 a.m.<br>Before:  Hon. Charles A. Legge (Ret.)<br><br>The Honorable Samuel Conti |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | |

## I. INTRODUCTION

The Indirect-Purchaser Plaintiffs respectfully request that the Court take judicial notice of the documents attached as Exhibits 1-31 listed below. Plaintiffs make this request pursuant to Federal Rule of Evidence 201.

Judicial notice of each of the documents listed below is proper. Rule 201 of the Federal Rules of Evidence permits the Court to take judicial notice of facts "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Each of the attached documents meets this requirement.

## II. ARGUMENT

### A. Judicial Notice Of The Orders And Decisions Of Federal And State Courts Attached Hereto Is Proper.

"Judicial notice may be taken of documents filed and orders or decisions entered in any federal or state court[]" because they are not susceptible to reasonable dispute. *See* Robert E. Jones *et al.*, RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL TRIALS AND EVIDENCE, § 8:875 (2007). This includes records filed previously in the current litigation as well as in other proceedings. *See, e.g., United States ex. rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."). Judicial notice of the following federal and state court orders and decisions attached as Exhibits 1-26 is therefore proper:

Exhibit 1: a true and correct copy of the "Order Granting Motion of Plaintiffs for Class Certification" (June 17, 2004) in *In re Automatic Refinishing Paint Cases*, J.C.C.P. No. 4199 (Cal. Super. Ct.);

Exhibit 2: a true and correct copy of the "Order Overruling Defendant Crompton Corporation's Demurrer" (Apr. 27, 2005) in *Competition Collision Center, LLC v. Crompton Corp.*, No. CGC-04-431278 (Cal. Super. Ct.) ("*Competition Collision*");

Exhibit 3: a true and correct copy of the transcript of the April 27, 2005 hearing on defendant Crompton's demurrer in the *Competition Collision* matter;

1

1   Exhibit 4:  a true and correct copy of an order dated August 29, 2000 in *Microsoft I-V Cases*
2   (2000-2 Trade Cas. (CCH) ¶73,013 (Cal. Super. Ct.));

3   Exhibit 5:  a true and correct copy of the "Final Judgment And Order of Dismissal With
4   Respect To Settling Defendants" (Apr. 5, 2005) in *In re Laminate Cases*, J.C.C.P. No. 4129 (Cal.
5   Super. Ct.);

6   Exhibit 6:  a true and correct copy of the "Order Granting Final Approval To Class Action
7   Settlement And Certifying Settlement Class" (Apr. 4, 2005) in *Methionine Cases & Methionine*
8   *Cases II*, J.C.C.P. Nos. 4090 & 4096 (Cal. Super. Ct.);

9   Exhibit 7:  a true and correct copy of the "Order Granting Preliminary Approval of Class
10  Action Settlements; Conditionally Certifying Settlement Class And Scheduling Hearing on Final
11  Settlement Approval" (June 22, 2006) in *In re Environmental Technologies Cases*, J.C.C.P. No.
12  4257 (Cal. Super. Ct.);

13  Exhibit 8:  a true and correct copy of the "Final Order Approving Settlements, Plan of
14  Allocation and Judgment" (Aug. 9, 2004) in *California Indirect Purchasers MSG Antitrust Cases*,
15  Master Case No. 304471 (Cal. Super. Ct.);

16  Exhibit 9:  a true and correct copy of the "Final Judgment and Order of Dismissal with
17  Prejudice with Respect to the Settling Defendants and Approval of Plan of Allocation" (June 5,
18  2001) in *Sorbate Prices Cases*, J.C.C.P. No. 4073 (Cal. Super. Ct.);

19  Exhibit 10:  a true and correct copy of the "Final Judgment and Order of Dismissal with
20  Prejudice" (Aug. 24, 2001) in *Swiss American Sausage Co. v. Pfizer, Inc.*, No. 305121 (Cal. Super.
21  Ct.);

22  Exhibit 11:  a true and correct copy of a "Minute Entry" dated November 14, 2000 in
23  *Friedman v. Microsoft Corp.*, CV2000-000722 (Ariz. Super. Ct.);

24  Exhibit 12:  a true and correct copy of the "Order Certifying Class Action" (July 25, 2001) in
25  *Capp v. Microsoft Corp.*, No. 00-CV-0637 (Wis. Cir. Ct.);

26  Exhibit 13:  a true and correct copy of an order dated December 15, 2004 in *Gordon v.*
27  *Microsoft Corp.* (2004-1 Trade Cas. (CCH) ¶74,274 (Minn. Dist. Ct.);

28

1   Exhibit 14: a true and correct copy of the "Order Overruling Defendant's Demurrer to Plaintiffs' Master Complaint" (May 15, 2007) in *Intel x86 Microprocessors Cases*, J.C.C.P. No. 4443 (Cal. Super. Ct.);

Exhibit 15: a true and correct copy of the "Ruling and Order on Certain Defendants' Motion to Dismiss Plaintiff's Class Action Petition" (May 31, 2005) in *Anderson Contr., Inc. v. Bayer AG*, No. 95959 (Iowa Dist. Ct.);

Exhibit 16: a true and correct copy of the "Opinion and Order on Defendants' Motion to Dismiss for Lack of Standing" (Oct. 10, 2006) in *Armstrong v. Bayer AG*, No. 66-05 CnC (Vt. Dist. Ct.);

Exhibit 17: a true and correct copy of an order dated January 9, 2006 in *Box Butte County School Dist. v. Bayer AG*, No. CI 04-270 (Neb. Dist. Ct.);

Exhibit 18: a true and correct copy of an order dated January 9, 2006 in *Poole v. Bayer AG*, No. CI 05-20 (Neb. Dist. Ct.);

Exhibit 19: a true and correct copy of an order dated January 9, 2006 in *Poole v. Rohm & Haas Co.*, No. CI 05-21 (Neb. Dist. Ct.);

Exhibit 20: a true and correct copy of *Wrobel v. Avery Dennison Corp.*, No. 05CV526, slip op. (Kan. Dist. Ct., Feb. 1, 2006);

Exhibit 21: a true and correct copy of *Muzzey v. Avery Dennison Corp.*, No. CI 05-126, slip op. (Neb. Dist. Ct., Jan. 17, 2006);

Exhibit 22: a true and correct copy of the "Order Preliminarily Approving Class Action Settlements" (Jun. 25, 1998) in *Food Additives Cases II California Indirect Purchaser Citric Acid Antitrust Litigation,* J.C.C.P. No. 3265 (Cal. Super. Ct.);

Exhibit 23: a true and correct copy of "Order Certifying Class Action" (July 28, 1999) in *Semba et al. v. Lonza AG et al.*, No. CV-99-50 (Me. Super. Ct.);

Exhibit 24: a true and correct copy of "Order Granting Plaintiffs' Motion for Class Certification And Granting Plaintiffs' Motion for Application of Washington Law" (Feb. 22, 2008) in *Kelley v. Microsoft Corp.*, No. C 07-475 MJP (W.D. Wa.);

Exhibit 25: a true and correct copy of State of California's *Amicus* Brief In Support of Plaintiffs' Motion for Leave to File Second Amended Complaint (July 5, 2007) in *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. M-02-1486 PJH, MDL 1486 (N.D. Cal.) ("*DRAM*").

Exhibit 26: a true and correct copy of Indirect Purchaser Plaintiffs' Second Consolidated Amended Complaint filed in *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. C-07-1827 SI (Dkt. #746) (Dec. 5, 2008).

### B. Judicial Notice Of The US DOJ Guidelines And Manuals And The U.S. International Trade Commission Publication Attached Hereto Is Proper.

Federal courts may take judicial notice of guidelines, manuals, and rules of federal and state governmental agencies. *See Lockyer v. County of Santa Cruz*, 2006 WL 3086706, at *3 n.3 (N.D. Cal. Oct. 30, 2006) (granting judicial notice of US DOJ checklist for polling places, available on U.S. DOJ website); *Kothmann Enters., Inc. v. Trinity Industries, Inc.*, 455 F. Supp. 2d 608, 626 (S.D. Tex. 2006) (taking judicial notice of USPTO Manual on Patent Examining Procedure); *Driebel v. City of Milwaukee*, 298 F.3d 622, 631 n.2 (7th Cir. 2002) (taking judicial notice of police department manual containing rules and regulations promulgated by chief of police); *Gleave v. Graham*, 954 F. Supp. 599, 605 (W.D.N.Y. 1997) (taking judicial notice of Bureau of Prisons' official internal agency guidelines).

The US DOJ guidelines and manuals and the U.S. International Trade Commission ("USITC") publication attached hereto as Exhibits 27-31 are also published on the official US DOJ and USITC websites. Judicial notice is appropriate for this reason as well. Numerous courts have held judicial notice is appropriate of facts found on official government web pages. *See Lockyer*, 2006 WL 3086706, at *3 n.3 (taking judicial notice of US DOJ checklist for polling places, available on US DOJ's web site); *Reece v. U.S.*, 119 F.3d 1462, 1468 n.10 (11th Cir. 1997) (taking judicial notice of fact of "devastating impact" upon communities of drug methamphetamine, as provided on Drug Enforcement Administration and National Institute's web site); *Wallace v. Federal Emergency Management Agency*, 2001 WL 125316, at *2 (N.D. Cal. Jan. 26, 2001) (taking judicial notice of various publications available on Federal Emergency Management Agency's web site); *In re Agribiotech Securities Litig.*, 2000 WL 1277603, at *4-*5 (D. Nev. Mar. 2, 2000) (taking judicial

notice of public filings available on Securities and Exchange Commission's web site, holding "in this new technological age, official government or company documents may be judicially noticed insofar as they are available via the worldwide web"); *McLaughlin v. Volkswagen of America*, 2000 WL 1793071, at *3 n.3 (E.D. Pa. Dec. 6, 2000) (taking judicial notice of automobile recall described on National Highway Transportation Safety Administration's web site); *Modesto Irrigation Dist. v. Pacific Gas & Elec. Co.*, 61 F. Supp. 2d 1058, 1066 (N.D. Cal. 1999), *rev'd on other grounds*, 54 Fed. Appx. 882 (9th Cir. 2002) (taking judicial notice of documents submitted to Federal Energy Regulatory Commission because they were available on agency's web site).

For both these reasons, the following US DOJ guidelines and manuals and the USITC publication attached hereto as Exhibits 27-31 published on the official US DOJ and USITC websites, are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," (Fed. R. Ev. 201) and are therefore appropriate for judicial notice:

Exhibit 27:  a true and correct copy of Antitrust Enforcement Guidelines for International Operations Issued by the U.S. Department of Justice and the Federal Trade Commission (April 1995), *available at* http://www.usdoj.gov/atr/public/guidelines/internat.htm.

Exhibit 28:  a true and correct copy of U.S. Dept. of Justice, Antitrust Grand Jury Practice Manual I (1991), *available at* http://www.usdoj.gov/atr/public/guidelines/4371.htm;

Exhibit 29:  a true and correct copy of U.S. Dept. of Justice, Antitrust Division Manual, Ch. III (4th ed., 2008), *available at* http://www.usdoj.gov/atr/public/divisionmanual/chapter3.pdf;

Exhibit 30:  a true and correct copy of U.S. Dept. of Justice "Corporate Leniency Policy" (Aug. 1993), *available at* http://www.usdoj.gov/atr/public/guidelines/0091.pdf; and

Exhibit 31:  a true and correct copy of USITC Publication 2877 Issued by Office of Industries, U.S. International Trade Commission (May, 1995), *available at* http://www.usitc.gov/publications/docs/pubs/industry_trade_summaries/PUB2877/pub2877.pdf.

//
//
//

## III. CONCLUSION

For the forgoing reasons, judicial notice of all of the documents attached hereto is proper.

Dated: August 3, 2009           By:     /s/ Mario N. Alioto
                                        Mario N. Alioto (56433)
                                        Lauren C. Russell (241151)
                                        **TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**
                                        2280 Union Street
                                        San Francisco, CA 94123
                                        Telephone: (415) 563-7200
                                        Facsimile: (415) 346-0679
                                        malioto@tatp.com
                                        laurenrussell@tatp.com

                                        *Interim Lead Counsel*
                                        *for the Indirect Purchaser Plaintiffs*