# EXHIBIT 5

1    GUIDO SAVERI (22349)
     R. ALEXANDER SAVERI (173102)
2    GEOFFREY C. RUSHING (176910)
     CADIO ZIRPOLI (179108)
3    SAVERI & SAVERI, INC.
     111 Pine Street, Suite 1700
4    San Francisco, CA 94111
     Telephone: (415) 217-6810
5

   Liaison Counsel for Plaintiffs
6

7

**ENDORSED
FILED
ALAMEDA COUNTY**

APR - 5 2005

CLERK OF THE SUPERIOR COURT
By Wosen Mengisle, Deputy

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **COUNTY OF ALAMEDA**

10

11    Coordination Proceeding
     Special Title Rule (Rule 1550(b))

12

13    IN RE LAMINATE CASES

14

15    This Document Relates To:

16      All Actions

17

J.C.C.P. No. 4129

**CLASS ACTION**

~~[PROPOSED]~~ **FINAL JUDGMENT
AND ORDER OF DISMISSAL WITH
RESPECT TO SETTLING
DEFENDANTS**

18

19

20

21

22                1

23

24

25

26

27

28

1  This matter came before the Court for hearing pursuant to the Order of this Court dated

2  December 3, 2004 (the "Order") on the application of the parties for final approval of two

3  separate settlement agreements entered into by Plaintiffs and 1) defendants Panolam Industries

4  International, Inc. and Pioneer Plastics Corporation ("Pioneer"); and 2) defendant International

5  Paper Company ("IP") (collectively "Settling Defendants"). Collectively, these agreements are

6  referred to as the "Settlement Agreements." Due and adequate Notice having been given to the

7  Class as required in said Order, and the Court having considered all papers filed and proceedings

8  had herein and otherwise being fully informed in the premises and good cause appearing

9  therefore,

10       **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

11  1.  This Judgment incorporates by reference the definitions in the Settlement

12  Agreements, and all terms used herein shall have the same meanings set forth therein.

13  2.  This Court has jurisdiction over the subject matter of these actions and over all

14  parties thereto, including all Settlement Class Members.

15  3.  For settlement purposes, this Court has certified a Settlement Class of

16       All natural persons and entities in the State of California who indirectly
         purchased high pressure laminate ("HPL") manufactured by the
17       Defendants (or their parents, subsidiaries or controlled affiliates) or HPL-
         Containing Products, at any time from January 1, 1994 through June 30,
18       2000. Excluded from the Settlement Class are Governmental Entities,
         Defendants, and affiliates of Defendants, and any Judge presiding over this
19       matter and his or her immediate family.

20  4.  This Court hereby approves the settlements set forth in the Settlement Agreements

21  and finds that said settlements are, in all respects, fair, reasonable and adequate to the Class.

22  5.  These actions and all claims contained therein are dismissed with prejudice as to

23  the Plaintiffs and the other Members of the Settlement Class solely as against the Releasees

24  (including Settling Defendants and International Paper's former division, Nevamar). The parties

25  are to bear their own costs, except as otherwise provided in the Settlements.

26  6.  The Settlement Agreements are hereby finally approved in all respects, and the

27  Settling Parties are hereby directed to perform the same according to their terms.

28  7.  Upon the Effective Date hereof, the Plaintiffs and each of the Settlement Class

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH RESPECT TO SETTLING DEFENDANTS

1  Members shall be deemed to have, and by operation of this Final Judgment shall have, fully,

2  finally, and forever released, relinquished and discharged all Released Claims against the

3  Releasees as defined in the Settlement Agreements.

4        8.     The Plaintiffs and other Members of the Settlement Class are enjoined and

5  prohibited from asserting, pursuing, or prosecuting any Released Claims against all Releasees.

6        9.     The Publication of the settlement given to the Settlement Class pursuant to this

7  Court's Order of December 3, 2004, and described in the Rosenthal Declaration, was the best

8  notice practicable under the circumstances. Said notice fully satisfied the requirements of

9  California law and the requirements of due process.

10       10.    Without affecting the finality of this Judgment in any way, this Court hereby

11  retains continuing jurisdiction over: (a) implementation of the Settlement Agreements and any

12  award or plan of allocation for distribution of the Settlement Funds; (b) matters relating to

13  attorneys' fees, costs, interest and expenses in these actions; and (c) all parties hereto for the

14  purpose of construing, enforcing and administering the Settlement.

15       11.    In the event that the settlements do not become effective in accordance with the

16  terms of the Settlement Agreements, then this Judgment shall be rendered null and void to the

17  extent provided by and in accordance with the Settlement Agreements and shall be vacated and,

18  in such event, all orders entered and releases delivered in connection herewith shall be null and

19  void to the extent provided by and in accordance with the Settlement Agreements.

20       IT IS SO ORDERED.

21

22  DATED: April 5, 2005.                RONALD M. SABRAW

23                                      Honorable Ronald M. Sabraw

                                    Judge of the Superior Court

24  lacc/oatc.141.wpd

25

26

27

28