# EXHIBIT 6

```
 1  Dario de Ghetaldi (State Bar No. 126782)
    COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI, LLP
 2  700 El Camino Real
    Millbrae, CA 94030
 3  Telephone: (650) 871-5666
    Facsimile: (650) 871-4144
 4
    Michele C. Jackson (State Bar No. 090807)
 5  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
    275 Battery Street, 30th Floor
 6  San Francisco, CA  94111-3339
    Telephone: (415) 956-1000
 7  Facsimile: (415) 956-1008

 8  Co-Lead Counsel for Plaintiffs
```



FILED 4/4/05
CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS
DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF STANISLAUS

| | |
|---|---|
| METHIONINE CASES AND METHIONINE CASES II<br><br>(This Document Relates To All Actions) | Judicial Council Coordination Proceeding Nos. 4090 and 4096<br><br>Stanislaus Superior Court No. 231090 and 249202<br><br>The Honorable Hurl W. Johnson<br>Coordination Trial Judge<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT AND CERTIFYING SETTLEMENT CLASS**<br><br>Date: April 4, 2005<br>Time: 8:30 a.m.<br>Dept: 4 |

414591.1

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
AND CERTIFYING SETTLEMENT CLASS

1    WHEREAS, this Court has presided over proceedings in the above-captioned
2    action and has reviewed all of the pleadings, records and papers on file in the Action;
3    WHEREAS, by and through their respective counsel, the parties have reached a
4    settlement and compromise of the disputes between them in the above-captioned action, which is
5    embodied in the Settlement Agreement, and the Court has reviewed the Settlement Agreement
6    and has heard all requesting to be heard with respect to the proposed settlement of these actions;
7    WHEREAS, the Court has determined that inquiry should be made as to the
8    reasonableness, fairness and adequacy of this proposed settlement; and
9    WHEREAS, the Court has conducted a hearing respecting the reasonableness of
10   proceeding with this proposed settlement, and good cause appearing therefor, now finds and
11   orders as follows:
12   1.  Notice has been given in accordance with this Court's "Order Preliminarily
13   Approving Class Action Settlement; Provisionally Certifying Settlement Class; and Setting
14   Schedule for Final Approval Hearing" filed October 19, 2004. The notice given to the members
15   of the class was reasonably calculated under the circumstances to apprise them of the pendency of
16   this action, all material elements of the proposed settlement, and their opportunity to exclude
17   themselves from, to object to, or to comment on the settlement and to appear at the settlement
18   hearing. The notice was reasonable and the best notice practicable under the circumstances; was
19   due adequate and sufficient notice to all class members; and complied fully with California law.
20   A full opportunity has been afforded to the members of the class to participate in this hearing.
21   2.  Certification for settlement purposes only of the proposed settlement class
22   defined in the Settlement Agreement is appropriate under California Code of Civil Procedure
23   § 382. The Court has considered the pleadings and arguments of plaintiffs' counsel in support of
24   the motion for final settlement approval, and finds that the proposed settlement class is proper and
25   should be certified, for settlement purposes only, in the circumstances of this case. Certification
26   of the plaintiff Settlement Class for settlement purposes is the best means for protecting the
27   interests of all of the members of the class and resolving the common issues of fact and law
28   arising out of the alleged violations of state law.

414591.1                                                                - 2 -

3. The Court finds for the purposes of settlement that: (i) those in the Settlement Class are so numerous that joinder would be impractical; (ii) there is a commonality of interests between the Plaintiffs and members of the Settlement Class; (iii) there are questions of law and fact that are common to the Settlement Class and, in the context of this settlement, those common questions predominate over individual questions; (iv) the Plaintiffs' claims are typical of the claims of absent Settlement Class members; and (v) the Plaintiffs will fairly and adequately represent the interests of the absent Settlement Class members. This class action is superior to individual actions because, given the substantial costs associated with litigating an individual action and the relatively small amount of recoverable damages per individual, the Settling Defendants would likely pay no damages absent class treatment of the claims of the class members.

4. The terms set forth in this Order shall have the same meaning as defined in the Settlement Agreement.

5. Solely for purposes of final approval of the proposed settlement, these coordinated actions are determined to be properly maintained as class actions pursuant to Section 382 of the California Code of Civil Procedure, and the Court hereby makes final its conditional certification of a settlement class consisting of:

> all persons, sole proprietorships, partnerships, corporations or other business entities residing in or doing business in California who indirectly purchased Methionine at any time during the period from January 1, 1985 to December 31, 2000. Excluded from this class are governmental entities, the Defendants, the Defendants' parent companies, subsidiaries, affiliates, employees, officers, directors, agents or attorneys, and other manufacturers of Methionine and their parents, subsidiaries, affiliates, employees, officers, directors, agents or attorneys, as well as any judge, justice or judicial officer presiding over this matter, and each such person's immediate family. Also excluded from this class are the legal representatives, heirs, successors and assignees of any excluded person or entity.

6. Plaintiffs American Hog Farm, Gardner/Rossi Company, Hunt & Behrens, Inc., Island Dairy, Inc., Machado/Machado Dairy, Shaklee Corporation, Victor Ryckebosch, Inc., and Willie Bird Turkeys. (the "Named Plaintiffs") are designated as the Class Representatives.

7. Corey, Luzaich, Pliska, de Ghetaldi & Nastari, LLP, and Lieff, Cabraser, Heimann & Bernstein, LLP, are appointed as Lead Class Counsel.

8. Class members have been given the right to opt out of the Settlement Class to pursue individual litigation, and none have chosen to do so by the final date for opting out as published in the Notice.

9. The proposed settlement, providing a cash refund and a *cy pres* remedy, meets the standards for final approval as fair, reasonable and adequate, and in the best interests of the class. The proposed settlement is the product of arm's-length, serious, informed, and non-collusive negotiations between experienced and knowledgeable counsel who have prosecuted this litigation. The settlement was reached in good faith. The Court finds that the relief provided by the settlement is valuable, meaningful relief for the settlement class. Therefore, the Court hereby approves the Settlement Agreement, and the Plan of Distribution contained therein.

10. Without affecting the finality of the Judgment to be entered by the Court, the Court will retain exclusive and continuing jurisdiction over the settlement and all matters arising out of the settlement, including the administration, enforcement, and consummation of the settlement.

11. The Settlement Agreement is expressly approved and incorporated herein by this reference, and has the full force and effect of an order of this Court. The parties shall consummate the Settlement Agreement according to its terms.

Dated: 4/5/05

Honorable Hurl W. Johnson
Coordination Trial Judge

414591.1

- 4 -

[PROPOSED] ORDER CONDITIONALLY CERTIFYING SETTLEMENT CLASS, GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, AND SCHEDULING HEARING ON FINAL APPROVAL OF SETTLEMENT