# EXHIBIT 7

```
 1  MARIO N. ALIOTO, ESQ. (SB# 56433)
    LAUREN C. RUSSELL, ESQ. (SB# 241151)
 2  TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
    2280 Union Street
 3  San Francisco, CA 94123
    Telephone: (415) 563-7200
 4  Facsimile: (415) 346-0679
 5
    MICHELE C. JACKSON, ESQ. (SB# 90807)
 6  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
    Embarcadero Center West
 7  275 Battery Street, 30th Floor
    San Francisco, CA 94111-3339
 8  Telephone: (415) 956-1000
 9  Facsimile: (415) 956-1008
10  Co-Lead Counsel for Plaintiffs
```

ENDORSED
FILED
ALAMEDA COUNTY

JUN 2 2 2006

CLERK OF THE SUPERIOR COURT
By LINDNELL WILLIAMS
                                Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA, UNLIMITED JURISDICTION

| Coordination Proceeding Special Title (Rule 1550(b)) | J.C.C.P. No. 4257 |
|---|---|
| IN RE ENVIRONMENTAL TECHNOLOGIES CASES | [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS; CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND SCHEDULING HEARING ON FINAL SETTLEMENT APPROVAL |
| This Document Relates to: | |
| ALL ACTIONS | |
| | Date: June 22, 2006 |
| | Time: 1:30 P.M. |
| | Dept: 520 |
| | Honorable David E. Hunter |

WHEREAS, this Court has presided over all proceedings in the above-captioned actions (the "Coordinated Actions") and has reviewed all of the pleadings, records, and papers on file in the Coordinated Actions; and

WHEREAS, plaintiffs and defendants Arkema, Inc., Arkema and Total ("Arkema") have filed a Settlement Agreement and Release (the "Arkema Settlement") dated November 3, 2005, a

1
[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

copy of which is attached as Exhibit 1 to the Declaration of Mario N. Alioto (hereinafter "Alioto Declaration").

WHEREAS, plaintiffs and defendants Akzo Nobel Chemicals B.V. and Akzo Nobel, Inc. ("Akzo") have filed a Settlement Agreement and Release (the "Akzo Settlement") dated January 19, 2006, a copy of which is attached as Exhibit 2 to the Alioto Declaration.

WHEREAS, plaintiffs and defendant Degussa Initiators, LLC ("Degussa") have filed a Settlement Agreement and Release (the "Degussa Settlement") dated April 18, 2006, a copy of which is attached as Exhibit 3 to the Alioto Declaration.

WHEREAS, the Court has reviewed the above Settlement Agreements and Releases (collectively hereinafter "Settlement Agreements") and has heard the attorneys for the parties with respect to the proposed settlements of these actions; and

WHEREAS, the Court has determined that inquiry should be made as to the fairness and adequacy of the proposed settlements; and

WHEREAS, the Court has conducted a hearing respecting the reasonableness of proceedings with the proposed settlements, and good cause appearing therefor, IT IS HEREBY ORDERED:

1. The Court, for purposes of this preliminary order, adopts the definitions set forth in the Settlement Agreements.

2. For purposes of these Settlements, "Organic Peroxides" means and includes any organic peroxide, including without limitation the following functional groups of organic peroxides: diacyl peroxides (including benzoyl peroxide), dialkyl peroxides, peroxydicarbonates, peroxyesters, peroxyketals, hydroperoxides, and ketone peroxides.

3. For purposes of these Settlements, "MCAA" shall mean monochloroacetic acid and sodium monochloroacetate. MCAA is a reactive chemical compound used in the production of numerous commercial and consumer products, including pharmaceuticals, herbicides, and plastic additives.

4. Solely for the purposes of holding a hearing for final approval of the proposed settlements, these coordinated actions are determined to be properly maintained as a class action

pursuant to Section 382 of the California Code of Civil Procedure with a Settlement Class consisting of:

> All persons, sole proprietorships, partnerships, corporations, and other entities in the State of California who indirectly purchased Organic Peroxides from any of the Defendants at any time during the period from January 1, 1997 through December 31, 2000, and all persons and/or entities in the State of California who indirectly purchased Monochloroacetic Acid ("MCAA") at any time from January 1, 1995 through December 31, 1999. Excluded from the Class are governmental entities, the Defendants and other manufacturers of Organic Peroxides and/or MCAA, along with their respective parents, subsidiaries and/or affiliates, and any Judge, justice or judicial officer presiding over this matter and the members of his or her immediate family. Also excluded from this class are the legal representatives, heirs, successors and attorneys of any excluded person or entity, and any person acting on behalf of any excluded person or entity.

The Court has considered the pleadings and arguments of plaintiffs' counsel in support of the motion for preliminary approval, and finds that the proposed Settlement Class is proper and should be certified, for settlement purposes only, in the circumstances of this case. Specifically, the Court finds that there is an ascertainable Class and a community of interest among the members of the Class. Certification of the Settlement Class for settlement purposes is the best means of protecting the interests of all the members of the Class.

5. The Court finds for the purposes of settlement that: (a) the members of the Settlement Class are so numerous that joinder would be impractical; (b) there is a commonality of interests between the plaintiffs and the members of the Settlement Class; (c) there are questions of law and fact which are common to the Settlement Class and those common questions predominate over individual questions; (d) the plaintiffs' claims are typical of the claims of absent class members of the Settlement Class; and (e) plaintiffs will fairly and adequately represent the interests of the absent members of the Settlement Class.

6. Certification of the Settlement Class is proper. Potential class members will have the right to opt out of the Settlement Class to pursue individual litigation, should they choose to do so. Defendants Arkema, Akzo and Degussa (collectively "Settling Defendants") also retain the right to terminate their respective settlement if they conclude, in good faith, that the number

1  or identity of class members who opt out substantially affects their interests in proceeding with
2  the settlement, as provided in the Settlement Agreements.
3      7.   The Court preliminarily approves the Notice of Settlement attached as Exhibit A
4  to this Order. The proposed settlements are the product of arm's length, serious, informed and
5  non-collusive negotiations between experienced and knowledgeable counsel who have actively
6  prosecuted and contested this litigation.
7      8.   The Settlement Agreements, which are incorporated herein by reference, are
8  granted preliminary approval, with the Court retaining exclusive and continuing jurisdiction over
9  the Class plaintiffs and Settling Defendants for purposes of any suit, proceeding, or dispute
10 arising out of or relating to the Settlement Agreements. The Settlement Agreements shall have
11 the full force and effect of an order of this Court.
12     9.   Counsel shall publish the Notice, substantially in the form of Exhibit B attached
13 hereto, once in the newspapers listed in Exhibit C attached hereto. The date of publication shall
14 be on or before 07/13/2006. Counsel shall publish the Notice of Settlement on the
15 website www.organicperoxidessettlement.com. Counsel shall file with the Court and serve upon
16 Settling Defendants no later than ten (10) days prior to the Final Settlement hearing an affidavit
17 or declaration stating the Notices have been published in accordance with the terms of this order.
18 The expense of the Notices shall be paid from the cash settlements, up to a total of $110,000, as
19 provided in the Settlement Agreements. Dissemination of the aforesaid Notices is hereby
20 authorized and approved, and satisfies the notice requirements of Section 382 of the California
21 Code of Civil Procedure, the laws of the State of California, due process and any other applicable
22 rules of the Court.
23     10.  Any member of the Settlement Class may request exclusion from the Settlement
24 Class by personally signing, and mailing such request postmarked on or before 08/15/2006
25 to:
26      California Organic Peroxides Antitrust Administrator
        C/o Rosenthal & Company, LLC
27      P.O. Box 6177
28      Novato, CA 94949

4
[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1 and referring, in the request for exclusion, to the name and number of this litigation;
2 *Environmental Technologies Cases*, J.C.C.P. No. 4257. Such request shall state the name and
3 address of the member of the Settlement Class requesting exclusion and that such class member
4 elects to be excluded from the Settlement Class and from any judgment entered pursuant to the
5 Settlement Agreements. The class member shall be requested to identify the amount of their
6 claimed indirect purchases of Organic Peroxides between January 1, 1997 through December 31,
7 2000, and/or MCAA between January 1, 1995 through December 31, 1999. Any class member
8 who chooses to be excluded will not be bound by any judgment entered in connection with the
9 Settlement Agreements. Settlement Class members who do not elect to be excluded in this
10 manner will be bound by the terms of the Settlement Agreements, if they are finally approved by
11 the Court, and by any judgment entered pursuant thereto, including the award of costs and
12 attorneys' fees. Copies of any exclusions received by plaintiffs' counsel pursuant to this
13 paragraph shall be provided to counsel for Settling Defendants, as provided in the Settlement
14 Agreements.

15     11.     Any member of the Settlement Class who does not elect to be excluded from the
16 class may, but need not, enter an appearance in these coordinated actions through that class
17 member's own attorney. Class members who do not enter an appearance through their own
18 attorneys will be represented by the plaintiffs as class representatives and their counsel, whose
19 fees and costs will be paid out of the Settlement Amounts, as provided in the Settlement
20 Agreements.

21     12.     A final approval hearing pursuant to Section 382 of the California Code of Civil
22 Procedure will be held in the Courtroom of the undersigned on __09/15/2006__ at __10:00 AM__
23 in the Superior Court of the State of California, County of Alameda, Department 520, 24405
24 Amador Street, Hayward, California 94545. At the hearing, this Court will determine whether
25 the proposed settlements, on the terms and conditions set forth in the Settlement Agreements, are
26 fair, reasonable, and adequate, and whether they should be finally approved by the Court and the
27 claims against Settling Defendants dismissed on the merits, with prejudice and without costs as
28

to Settling Defendants, except as provided in the Settlement Agreements. This hearing may be continued from time to time without further notice.

13. Briefs in support of final approval shall be filed on or before 09/07/2006

14. Any member of the Settlement Class who has not timely requested exclusion may appear at the final approval hearing and show cause why the Court should not approve the settlement and dismiss the actions, with prejudice, as to Settling Defendants, and may appear at the hearing to oppose an award of attorneys' fees and expenses of up to 33⅓% to Class Counsel. For a member of the Settlement Class to have any objections considered at either hearing, the class member must deliver or send by certified first class mail to:

California Organic Peroxides Antitrust Administrator
C/o Rosenthal & Company, LLC
P.O. Box 6177
Novato, CA 94949

postmarked not later than 08/15/2006 sworn statement which shall include: the class member's complete name and residence or business address (giving the address of any lawyer who represents the class member is not sufficient); that the class member indirectly purchased Organic Peroxides during the period January 1, 1997 through December 31, 2000, and/or MCAA during the period January 1, 1995 through December 31, 1999; and each ground for comment or objection and any supporting papers the class member desires the Court to consider. Copies of any objections received by plaintiffs' counsel pursuant to this paragraph shall be provided to counsel for Settling Defendants. The filing of any objection shall not extend the time within which a class member may file a request for exclusion from the settlements.

15. Within ten (10) days after receipt of the list of class members who have excluded themselves from the settlements, any or all of the Settling Defendants may conclude, in good faith, that the number or identity of class members who have opted out substantially affects its interests in settling. Such Settling Defendant shall then have the right to withdraw from the settlement as to it, in which event the case will proceed as to that Settling Defendant. This option shall be exercised, if at all, within the above described time period by service of written notice of the election to terminate on plaintiffs' counsel and by filing a copy of such notice with the Court.

6
[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

to Settling Defendants, except as provided in the Settlement Agreements. This hearing may be continued from time to time without further notice.

13. Briefs in support of final approval shall be filed on or before 09/07/2006

14. Any member of the Settlement Class who has not timely requested exclusion may appear at the final approval hearing and show cause why the Court should not approve the settlement and dismiss the actions, with prejudice, as to Settling Defendants, and may appear at the hearing to oppose an award of attorneys' fees and expenses of up to 33⅓% to Class Counsel. For a member of the Settlement Class to have any objections considered at either hearing, the class member must deliver or send by certified first class mail to:

California Organic Peroxides Antitrust Administrator
C/o Rosenthal & Company, LLC
P.O. Box 6177
Novato, CA 94949

postmarked not later than 08/15/2006 sworn statement which shall include: the class member's complete name and residence or business address (giving the address of any lawyer who represents the class member is not sufficient); that the class member indirectly purchased Organic Peroxides during the period January 1, 1997 through December 31, 2000, and/or MCAA during the period January 1, 1995 through December 31, 1999; and each ground for comment or objection and any supporting papers the class member desires the Court to consider. Copies of any objections received by plaintiffs' counsel pursuant to this paragraph shall be provided to counsel for Settling Defendants. The filing of any objection shall not extend the time within which a class member may file a request for exclusion from the settlements.

15. Within ten (10) days after receipt of the list of class members who have excluded themselves from the settlements, any or all of the Settling Defendants may conclude, in good faith, that the number or identity of class members who have opted out substantially affects its interests in settling. Such Settling Defendant shall then have the right to withdraw from the settlement as to it, in which event the case will proceed as to that Settling Defendant. This option shall be exercised, if at all, within the above described time period by service of written notice of the election to terminate on plaintiffs' counsel and by filing a copy of such notice with the Court.

1  If any or all of the Settling Defendants timely withdraws, the Settlement Agreement as to it shall
2  be terminated, canceled, and null and void, as provided therein. In the event a Settlement
3  Agreement is terminated, that Settlement Agreement and all matters leading up to the settlement
4  are confidential settlement communications inadmissible under California Code of Evidence
5  Section 1152(a) and any other applicable law.

Dated: June 23, 2006

_____
Honorable David E. Hunter
Superior Court of the State of California

7
[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT