# EXHIBIT 8

1  GUIDO SAVERI (22349)
   R. ALEXANDER SAVERI (173102)
2  CADIO ZIRPOLI (179108)
   GEOFFREY C. RUSHING (176910)
3  SAVERI & SAVERI, INC.
   111 Pine Street, Suite 1700
4  San Francisco, CA 94111
   Telephone: (415) 217-6810
5
   Liaison Counsel for Plaintiffs
6

ENDORSED
F I L E D
San Francisco County Superior Court

AUG 1 8 2004

GORDON PARK-LI, Clerk
BY: _____ JOSE RIOS MERIDA _____
                        Deputy Clerk

7

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                CITY AND COUNTY OF SAN FRANCISCO

11                     UNLIMITED JURISDICTION

| | |
|---|---|
| Coordination Proceeding<br>Special Title Rule (Rule 1550(b))<br><br>**CALIFORNIA INDIRECT PURCHASERS<br>MSG ANTITRUST CASES**<br><br>_____<br><br>**This Document Relates To:**<br><br>   All Actions | Master Case No. 304471<br><br>CLASS ACTION<br><br>[PROPOSED] FINAL ORDER<br>APPROVING SETTLEMENTS, PLAN<br>OF ALLOCATION AND JUDGMENT |

19      This matter is before the Court on the motion for final approval of separate settlement

20  agreements entered into by plaintiffs and defendants - Ajinomoto Co., Inc. and Ajinomoto

21  U.S.A., Inc. ("Ajinomoto"), Takeda Chemical Industries, Ltd. ("Takeda"), Kyowa Hakko Kogyo

22  Co., Ltd. ("Kyowa"), Archer Daniels Midland Co. ("ADM"), CJ Corp. and CJ America

23  ("CheIl"), Daesang America, Inc. f/k/a Miwon America, Inc.; Miwon Co. Ltd.,; Miwon Japan,

24  Inc.; Miwon Trading and Shipping Co., Ltd.; Daesang Corporation; and Daesang Japan, Inc.

25  (collectively "Daesang"). Collectively, these agreements are referred to as the "Settlement

26  Agreements." The Court having considered all papers filed and proceedings had herein and

27  otherwise being fully informed in the premises and good cause appearing therefore,

28

1   IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

2       1.      This Judgment incorporates by reference the definitions in the Settlement

3   Agreements, and all terms used herein shall have the same meanings set forth therein.

4       2.      This Court has jurisdiction over the subject matter of these actions and over all

5   parties thereto, including all Settlement Class Members.

6       3.      Notice of the settlements has been given in an adequate and sufficient manner,

7   and the notice given constitutes the best notice practicable, complying in all respects with

8   California law and the requirements of due process.

9       4.      For settlement purposes, this Court preliminarily certified a Settlement Class

10  consisting of all persons (including natural persons), sole proprietorships, partnerships,

11  corporations and other entities in the State of California who indirectly purchased Food Flavor

12  Enhancers in California from any of the Defendants, or their respective predecessors, at any time

13  during the period January 1, 1990 to September 1, 2000. Excluded from the Settlement Class are

14  governmental entities, any judge, justice or judicial officer presiding over this matter and the

15  members of his or her immediate family, the Defendants and other manufacturers of Food Flavor

16  Enhancers, along with their respective parents, subsidiaries and/or affiliates. Also excluded from

17  this class are the legal representatives, heirs, successors and attorneys of any excluded person or

18  entity, and any person acting on behalf of any excluded person or entity.

19      5.      One person requested exclusion from the class. That request is attached hereto as

20  Exhibit 1.

21      6.      California Code of Civil Procedure § 382 provides for class certification when

22  there is an ascertainable class in a well-defined community of interest among class members. For

23  settlement purposes only, (1) the members of the class are so numerous that joinder would be

24  impractical, (2) there is a commonality of interests between plaintiffs and members of the class,

25  (3) there are questions of law and fact that are common to the class, and those common questions

26  predominate over individual questions, (4) plaintiffs' claims are typical of the claims of the

27  absent class members, and (5) plaintiffs will fairly and adequately represent the interests of the

28  absent class members.

7.  Accordingly, pursuant to California Code of Civil Procedure § 382, the Court makes final its conditional certification of the class for settlement purposes only.

8.  This Court hereby approves the settlements set forth in the Settlement Agreements and finds that said settlements are, in all respects, fair, reasonable and adequate to the Class.

9.  This Court hereby approves the plan of allocation and finds that it is fair, reasonable and adequate to the class.

10.  The Settlement Agreements here approved are found to be made in good faith within the meaning and effect of California Code of Civil Procedure, Section 877.6.

11.  The Settlement Agreements are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform the same according to their terms.

12.  Upon the Effective Date hereof, the Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons as defined in the Settlement Agreements.

13.  The Plaintiffs and other Members of the Settlement Class are enjoined and prohibited from asserting, pursuing, or prosecuting any Released Claims against the Settling Defendants.

14.  Any plan of allocation submitted by Class Counsel or approved by this Court or any order entered regarding the attorneys' fees and costs shall in no way disturb or affect the finality of this Judgment and shall be considered separate from this Final Judgment.

15.  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement Agreements and any award or plan of allocation for distribution of the Settlement Funds; (b) matters relating to attorneys' fees, costs, interest and expenses in these actions; and (d) all parties hereto for the purpose of construing, enforcing and administering the Settlement.

16.  In the event that the settlements do not become effective in accordance with the terms of the Settlement Agreements, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreements and shall be vacated and,

1    in such event, all orders entered and releases delivered in connection herewith shall be null and
2    void to the extent provided by and in accordance with the Settlement Agreements.
3        17.    Plaintiffs shall file a separate Order of Dismissal.
4        IT IS SO ORDERED.
5
6    DATED: August ___9___, 2004.        /S/    RICHARD A. KRAMER
                                            Honorable Richard A. Kramer
7                                            Judge of the Superior Court
8    mag_537.wpd
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                        4
[PROPOSED] FINAL ORDER APPROVING SETTLEMENTS, PLAN OF ALLOCATION AND JUDGMENT