# EXHIBIT 9

ENDORSED
F I L E D
San Francisco County Superior Court

JUN - 5 2001

GORDON PARK-LI, Clerk
BY: __ANDREA CARNEY__
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| Coordination Proceeding<br>Special Title (Rule 1550(b))<br><br>SORBATE PRICES CASES.<br><br>This Document Relates to:<br><br>ALL ACTIONS. | J.C.C.P. NO. 4073<br><br>San Francisco Superior Court<br>No. 305328<br><br>**CLASS ACTION**<br><br>[PROPOSED] **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE WITH RESPECT TO THE SETTLING DEFENDANTS AND APPROVAL OF PLAN OF ALLOCATION**<br><br>Date:   May 24, 2001<br>Time:   2:00 p.m.<br>Dept.   304<br>The Honorable Stuart R. Pollak |

This matter came before the Court for hearing pursuant to the Order of this Court dated

January 25, 2001 (the "Order") on the application of the parties for final approval of two

separate settlements. One settlement was set forth in an agreement entered into by Plaintiffs and

defendants Eastman Chemical Co. and Eastman Kodak. The second settlement was set forth in

an agreement entered into by Plaintiffs with defendants Hoechst AG, HNA Holdings, Inc.,

Hoechst Celanese Corporation, Nutrinova Nutrition Specialities & Food Ingredients GmbH,

Nutrinova, Inc., Daicel Chemical Industries, Ltd., Daicel (USA), Inc., and Nippon Gohsei.

Collectively, these agreements are referred to as the "Settlement Agreements." Due and

adequate Notice having been given to the Class as required in said Order, and the Court having

1

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE WITH RESPECT TO
THE SETTLING DEFENDANTS AND APPROVAL OF PLAN OF ALLOCATION

1   considered all papers filed and proceedings had herein and otherwise being fully informed in the

2   premises and good cause appearing therefore,

3       IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

4       1.    This Judgment incorporates by reference the definitions in the Settlement

5   Agreements, and all terms used herein shall have the same meanings set forth therein.

6       2.    This Court has jurisdiction over the subject matter of the Coordinated Actions and

7   over all parties thereto, including all Settlement Class Members.

8       3.    For settlement purposes, this Court has certified a Settlement Class of all persons,

9   sole proprietorships, partnerships, corporations and other entities in the State of California who

10  indirectly purchased sorbate or products containing sorbate in the State of California from any of

11  the defendants, or any of defendants' respective predecessors, agents or subsidiaries at any time

12  during the period January 1, 1979 to December 31, 1999. Excluded from the Class are

13  governmental entities, the defendants and other manufacturers of sorbate, along with their

14  respective parents, subsidiaries and/or affiliates. Also excluded from this class are the legal

15  representatives, heirs, successors and attorneys of any excluded person or entity, and any person

16  acting on behalf of any excluded person or entity. The Class includes all those who indirectly

17  purchased sorbate manufactured by defendants from trading companies (including without

18  limitation Mitsui). The Class does not include purchases of sorbate made directly from trading

19  companies (including without limitation Mitsui).

20      4.    This Court hereby approves the settlements set forth in the Settlement

21  Agreements and finds that said settlements are, in all respects, fair, reasonable and adequate to

22  the Class.

23      5.    This Court hereby approves the plan of allocation and finds that it is fair,

24  reasonable and adequate to the class.

25      6.    Except as to any individual claim of those Persons who have validly and timely

26  requested exclusion from the class, the Coordinated Actions and all claims contained therein are

27  dismissed with prejudice as to the Plaintiffs and the other Members of the Settlement Class

28  solely as against the Released Persons as defined in the Settlement Agreements. Nothing herein

2

1   shall constitute the dismissal of any claims pending against defendants in the Coordinated

2   Actions who are not Settling Defendants. The parties are to bear their own costs, except as

3   otherwise provided in the Settlements.

4        7.      Pursuant to California Code of Civil Procedure section 877.6, the Court finds that

5   the Settlement Agreements are fair to the Non-Settling Defendants and that the Settlement

6   Agreements were entered into in good faith.

7        8.      The Settlement Agreements are hereby finally approved in all respects, and the

8   Settling Parties are hereby directed to perform the same according to their terms.

9        9.      Upon the Effective Date hereof, the Plaintiffs and each of the Settlement Class

10   Members shall be deemed to have, and by operation of this Final Judgment shall have, fully,

11   finally, and forever released, relinquished and discharged all Released Claims against the

12   Released Persons as defined in the Settlement Agreements, whether or not such Settlement Class

13   Members execute and deliver a Proof of Claim and Release.

14        10.     The Publication of the Notice of Pendency of Class Action and Proposed

15   Settlements and the Summary Notice given to the Settlement Class pursuant to this Court's

16   Order of January 25, 2001, was the best notice practicable under the circumstances. Said notice

17   fully satisfied the requirements of California law and the requirements of due process.

18        11.     Any plan of allocation submitted by Class Counsel or approved by this Court or

19   any order entered regarding the attorneys' fees and costs shall in no way disturb or effect the

20   finality of this Judgment and shall be considered separate from this Final Judgment.

21        12      Without affecting the finality of this Judgment in any way, this Court hereby

22   retains continuing jurisdiction over: (a) implementation of the Settlement Agreements and any

23   award or plan of allocation for distribution of the Settlement Funds; (b) hearing and

24   determination of applications for attorneys' fees, costs, interest and expenses in the Coordinated

25   Actions; and (d) all parties hereto for the purpose of construing, enforcing and administering the

26   Settlement.

27        13.     In the event that the settlements do not become effective in accordance with the

28   terms of the Settlement Agreements, then this Judgment shall be rendered null and void to the

3

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE WITH RESPECT TO
THE SETTLING DEFENDANTS AND APPROVAL OF PLAN OF ALLOCATION

1  extent provided by and in accordance with the Settlement Agreements and shall be vacated and,

2  in such event, all orders entered and releases delivered in connection herewith shall be null and

3  void to the extent provided by and in accordance with the Settlement Agreements.

4      IT IS SO ORDERED.

5  DATED: May 6/5, 2001.

        **STUART R. POLLAK**

6          Honorable Stuart R. Pollak
        Judge of the Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  sacbsrc:239

28

4

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE WITH RESPECT TO
THE SETTLING DEFENDANTS AND APPROVAL OF PLAN OF ALLOCATION