# EXHIBIT 10

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

| | |
|---|---|
| *Alpine Packing Co. v. Pfizer, et al.* | Case No. 305559 |
| *Swiss American Sausage Co. v. Pfizer, et al.* | Case No. 305121 |
| | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE WITH RESPECT TO THE SETTLING DEFENDANTS AND APPROVAL OF PLAN OF ALLOCATION |
| | Date: August 24, 2001<br>Time: 9:30 a.m.<br>Dept: 301<br>Judge: Honorable David A. Garcia |

This matter came before the Court for hearing pursuant to the Order of this Court dated April 3, 2001 (the "Order") on the application of the parties for final approval of two separate settlements. One settlement was set forth in an agreement entered into by plaintiffs and defendant Pfizer, Inc. The second settlement was set forth in an agreement entered into by plaintiffs with defendant PMP Fermentation Products, Inc. Collectively, these agreements are referred to as the "Settlement Agreements." Due and adequate Notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Settlement Agreements, and all terms used herein shall have the same meanings set forth therein.

- 1 -

[PROPOSED] JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE WITH
RESPECT TO THE SETTLING DEFENDANTS AND APPROVAL OF PLAN OF ALLOCATION

1  2.   This Court has jurisdiction over the subject matter of the Actions herein and over all parties thereto, including all Settlement Class Members.

3.   For settlement purposes, this Court has certified a Settlement Class of all corporations, partnerships, firms, sole proprietorships, or other entities and individuals located in the State of California, who at any time during the period January 1, 1993 through December 31, 1994 (the "Covered Period"), indirectly purchased sodium erythorbate in California from one or more of the Defendants, or any of their respective predecessors, successors, parents, subsidiaries, affiliates and divisions. Excluded from the Class are: all governmental entities, all consumers of products containing sodium erythorbate as an ingredient, all named defendants and predecessors, successors, parents, subsidiaries, affiliates and divisions of any named defendants, and any and all judges and justices assigned to hear any aspect of the litigation.

4.   This Court hereby approves the settlements set forth in the Settlement Agreements and finds that said settlements are, in all respects, fair, reasonable and adequate to the Class.

5.   This Court hereby approves the plan of allocation and finds that it is fair, reasonable and adequate to the class.

6.   The Actions herein and all claims contained therein are dismissed with prejudice as to the Plaintiffs and the other Members of the Settlement Class as against the Released Persons as defined in the Settlement Agreements. The parties are to bear their own costs, except as otherwise provided in the Settlements.

7.   Pursuant to California Code of Civil Procedure section 877.6, the Court finds that the Settlement Agreements are fair and were entered into in good faith.

8.   The Settlement Agreements are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform the same according to their terms.

9.   Upon the Effective Date hereof, the Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons as defined in the Settlement Agreements, whether or not such Settlement Class Members execute and deliver a Proof of Claim and Release.

10. The Publication of the Notice of Pendency of Class Action and Proposed Settlements and the Summary Notice given to the Settlement Class pursuant to this Court's Order of April 3, 2001, was the best notice practicable under the circumstances. Said notice fully satisfied the requirements of California law and the requirements of due process.

11. Any plan of allocation submitted by Class Counsel or approved by this Court or any order entered regarding the attorneys' fees and costs shall in no way disturb or affect the finality of this Judgment and shall be considered separate from this Final Judgment.

12. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement Agreements and any award or plan of allocation for distribution of the Settlement Funds; (b) hearing and determination of applications for attorneys' fees, costs, interest and expenses in the herein Actions; and (c) all parties hereto for the purpose of construing, enforcing and administering the Settlement.

13. In the event that the settlements do not become effective in accordance with the terms of the Settlement Agreements, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreements and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreements.

IT IS SO ORDERED.

DAVID GARCIA

DATED: August 14, 2001.

Honorable David A. Garcia
Judge of the Superior Court

- 3 -

[PROPOSED] JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE WITH RESPECT TO THE SETTLING DEFENDANTS AND APPROVAL OF PLAN OF ALLOCATION