# EXHIBIT 22

COPY

ENDORSED
FILED
San Francisco County Superior Court

JUN 29 1998

ALAN CARLSON, Clerk
BY: REMEDIOS DE LUNA
Deputy Clerk

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE (RULE 1550(B))<br><br>FOOD ADDITIVES CASES II<br>CALIFORNIA INDIRECT PURCHASER CITRIC ACID ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>[Caption Continued Next Page] | JUDICIAL COUNCIL COORDINATION PROCEEDING No. 3265<br><br>Master File No. 974120 (San Francisco County)<br><br>CLASS ACTION<br><br>Hon. Thomas J. Mellon, Jr. Coordination Trial Judge<br><br>Date: June 22, 1998<br>Time: 3:00 p.m.<br>Dept.: 306 (Hon. Thomas J. Mellon, Jr.)<br>400 McAllister Street<br>San Francisco, CA 94102 |

ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENTS WITH DEFENDANTS
ARCHER-DANIELS-MIDLAND CO., JUNGBUNZLAUER, INC.,
JUNGBUNZLAUER INTERNATIONAL AG, F. HOFFMANN-LaROCHE LTD.,
HOFFMANN-LaROCHE, INC., S.A. CITRIQUE BELGE NV,
AND HAARMANN & REIMER CORPORATION

///

| | |
|---|---|
| MCFH Inc., dba FOUNTAINHEAD v. ARCHER-DANIELS-MIDLAND CO., et al.; | Case No. 974120 (San Francisco County) |
| NU LAID FOODS, INC. v. ARCHER-DANIELS-MIDLAND CO., et al.; | Case No. 39693 (Stanislaus County) |
| GREGORY O. BIANCO v. ARCHER-DANIELS-MIDLAND CO., et al.; | Case No. 978912 (San Francisco County) |
| DAVID WIGNALL v. ARCHER-DANIELS-MIDLAND CO., et al.; | Case No. 979360 (San Francisco County) |
| RICCI'S INC. v. ARCHER-DANIELS-MIDLAND CO., et al.; | Case No. 96-AS-0038 (Sacramento County) |

Plaintiffs and Defendants, Archer-Daniels Midland Co., Jungbunzlauer, Inc. Jungbunzlauer International AG, F. Hoffmann-LaRoche Ltd., Hoffmann-LaRoche, Inc., S.A. Citrique Belge NV, and Haarmann & Reimer Corporation ("Settling Defendants"), have filed Settlement Agreements (copies of which are attached to this Order as Exhibits 1, 2, 3 and 4) and the Court has determined that inquiry should be made as to the fairness and adequacy of the proposed settlements set forth in said agreements, and the Court having conducted a hearing respecting the reasonableness of proceeding with these proposed settlements, and good cause appearing therefor, now finds and orders as follows:

## FINDINGS

1. Certification for settlement purposes of the proposed settlement class defined in the Settlement Agreements is appropriate under California Code of Civil Procedure § 382 and Civil Code § 1781(b). For purposes of this motion for preliminary settlement approval only, the Court makes the following findings:

    (a) The proposed settlement class is so numerous that joinder of all class members is impracticable, yet the class is carefully defined to ensure that it is readily ascertainable.

    (b) Issues of fact and law common to the members of the settlement class predominate over individual issues.

1         (c)    The claims of the representative plaintiffs are typical of the claims of the class at large, generally reflecting a single, common theory of recovery.

        (d)    The representative plaintiffs and settlement class counsel have fairly and adequately protected the interests of the class by vigorously prosecuting the class claims and diligently protecting the class interests during arm's length settlement negotiations.

        (e)    Certification of the plaintiff settlement class is superior to other available methods for the fair, just and efficient resolution of the claims of the settlement class members.

        (f)    Certification of the plaintiff settlement class is the best means for protecting the interests of all of the members of the class.

    2.    Certification of the settlement class is proper. Potential class members will have the right to opt out of the settlement class to pursue individual litigation, should they choose to do so. Each Settling Defendant also retains the right to terminate the settlement as to it if it decides that the number of opt-outs or the amount of their claims is significant.

    3.    The settlements are clearly within the range of possible approval as fair, reasonable and adequate. They appear to be the product of arm's-length, serious, informed, and non-collusive negotiations following actively prosecuted and contested litigation.

    4.    A final approval hearing is appropriate, at which the Court will hear all evidence and argument necessary to evaluate the proposed settlements. A final approval hearing shall be held at 9:30 a.m. on August 25, 1998, a date that will allow adequate time for members of the plaintiff settlement class, and their counsel, to prepare to support or oppose the settlement agreements, and for class members to opt out of the settlement class, if they so desire.

GOOD CAUSE APPEARING THEREFOR,

IT IS SO ORDERED:

    5.    Solely for purposes of holding a hearing for final approval of the proposed settlements, these coordinated actions are determined to be properly maintained as class actions pursuant to Section 382 of the California code of Civil Procedure and this Court's Local Rules 401, *et seq.*, with a settlement class consisting of:

> All persons, firms, sole proprietors, partnerships, corporations, or other entities who are located in the State of California, and who, at any time during the period July 1, 1991, through June 30, 1995, indirectly purchased citric acid in California from one or more of the Settling Defendants or any of their respective predecessors. Excluded from this class are: (1) Cargill, Inc. and any predecessors, successors, parents, subsidiaries, affiliates, and divisions of Cargill, Inc.; (2) all governmental entities; (3) all consumers of products containing citric acid as an ingredient; and (4) all Settling Defendants and any predecessors, successors, parents, subsidiaries, affiliates and divisions of any Settling Defendant.

6. A hearing pursuant to Section 382 of the California Code of Civil Procedure will be held in the Courtroom of the undersigned on August 25, 1998 at 9:30 a.m. in the Superior Court of the State of California, City and County of San Francisco, Department 306, 400 McAllister Street, San Francisco, California 94102-4512, for the purpose of determining whether the proposed settlements, on the terms and conditions set forth in the attached Settlement Agreements, are fair, reasonable and adequate, and whether they should be finally approved by the Court and the claims against the Settling Defendants dismissed on the merits, with prejudice and without costs as to the Settling Defendants. This hearing may be continued from time to time without further notice.

7. On or about July 1, 1998, the form of Notice, a copy of which is attached to this Order as Exhibit 5, shall be published in the newspapers listed in Exhibit 6 attached hereto.

Proof of the publication of such Notice shall be filed by plaintiffs' counsel at, or prior to, the final hearing. The expense of the Notice shall be paid from the Settlement Fund in an amount not to exceed $150,000. The aforesaid Notice is hereby authorized and approved, and satisfies the notice requirements of Section 382 of the California Code of Civil Procedure.

8. Any member of the settlement class may request exclusion by mailing or delivering such request in writing, delivered or, if mailed, postmarked on or before July 31, 1998, to:

> Clerk of the Superior Court
> P.O. Box 2727
> San Francisco, CA 94126-2727

and referring, both in the request for exclusion and on the envelope, to the name and number of this litigation: *In re Food Additives Cases II California Indirect Purchaser Citric Acid Antitrust Litigation*, Master File No. 974120, and postmarked not later than July 31, 1998. Such request shall state the name and address of the member of the settlement class requesting exclusion and that such class member elects to be excluded from the settlement class and from any judgment entered pursuant to these settlements. Any class member who chooses to be excluded will not be bound by any judgment entered in connection with these settlements. Class members who do not timely elect to be excluded in this manner will be bound by the terms of these settlements, if they are finally approved by the Court, and by any judgment entered pursuant thereto, including the award of costs and attorneys' fees.

9. Any member of the settlement class who does not elect to be excluded from the class may, but need not, enter an appearance in these coordinated actions through that class member's own attorney. Class members who do not enter an appearance through their own attorneys will be represented by the plaintiffs as class representatives and their counsel, whose fees and costs will be paid out of the Settlement Funds.

10. Any member of the settlement class who has not timely requested exclusion may appear at the hearing and show cause why the Court should not approve these settlements, including an award of costs and attorneys' fees of up to thirty three and one-third percent (33 1/3%) of the Settlement Funds, and dismiss the actions, with prejudice, as to the Settling Defendants. For a member of the settlement class to have any objections considered at the hearing, the class member must: (1) set forth the class member's complete name and residence or business address (giving the address of any lawyer who represents the class member is not sufficient); (2) state under penalty of perjury that the class member purchased citric acid indirectly from one or more of the defendants or any of their respective predecessors in California during the period July 1, 1991 through June 30, 1995; and (3) file a statement setting forth each ground for objection and attaching any supporting papers the class member desires the Court to consider. This statement must be addressed to:

///

1  Clerk of the Superior Court
   P.O. Box 2727
2  San Francisco, CA 94126-2727

3  referring on the envelope *In re Food Additives Cases II California Indirect Purchaser Citric*
4  *Acid Antitrust Litigation,* Master File No. 974120, and must be delivered, or if mailed,
5  postmarked not later than July 31, 1998. If the class member files an objection that the court
6  finds to be frivolous or for the purpose of delaying the conclusion of these settlements, the class
7  member may be subject to monetary sanctions, including the payment of costs and attorneys'
8  fees incurred by the parties defending against the objection.
9         The filing of any objection shall not extend the time within which a class member
10 may file a request for exclusion from these settlements.
11        Plaintiffs' counsel shall be responsible for providing promptly to counsel for the
12 Settling Defendants copies of all documents submitted by class members pursuant to paragraphs
13 8 and 10, above. Copies of all opt-out requests shall be served on Settling Defendants, by
14 overnight mail, within five (5) business days after the date to opt out and exclude themselves
15 from the Class fixed by the Court for members of the Settlement Class.
16        11.   In the event that, within ten (10) business days after plaintiffs' counsel has
17 served Settling Defendants with the names of class members who wish to exclude themselves
18 from the settlements, any Settling Defendant shall determine that requests for exclusion from the
19 settlement class have been made by class members with claims that said Settling Defendant
20 determines, in its sole discretion, to be significant, that Settling Defendant shall have the right to
21 withdraw from its settlement, in which event the case will proceed as to Cargill and the
22 withdrawing Settling Defendants. Such option shall be exercised, if at all, within ten (10)
23 business days after plaintiffs' counsel furnishes the Settling Defendants and the Court with a list
24 of the opt-outs by service of written notice of the election to terminate its Settlement Agreement
25 on plaintiffs' counsel by facsimile or overnight courier and by filing a copy of such notice with
26 the Court. In the event a Settling Defendant exercises its option to terminate its Settlement
27 Agreement, (a) that Settlement Agreement shall be null and void and shall have no further force
28 and effect as to said terminating Settling Defendant and shall be without prejudice to the rights

1  and contentions as between that Settling Defendant and plaintiffs and members of the settlement
2  class in these actions and (b) that portion of the Settlement Funds contributed by said terminating
3  Settling Defendant, plus accumulated interest thereon, less any part of the Settlement Funds paid
4  by said terminating Settling Defendant used to pay for the notice to the class, shall be refunded to
5  such terminating Settling Defendant.

Dated: June 25, 1998

**THOMAS J. MELLON, JR.**
Thomas J. Mellon, Jr.
Judge of the Superior Court

citric-s.014