# EXHIBIT 23

LEXSEE 1999 ME SUPER LEXIS 358

ERIN B. SEMBA, on behalf of herself and all others similarly situated, Plaintiffs vs. LONZA AG; LONZA INC.; HOFFMAN-LAROCHE INC.; ROCHE VITAMINS, INC.; RHONE-POULENC INC.; RHONE-POULENC ANIMAL NUTRITION, INC.; BASF CORPORATION; CHINOOK GROUP INC.; and DUCOA, L.P., Defendants.

Docket No. CV-99-50

SUPERIOR COURT OF MAINE, HANCOCK COUNTY

*1999 Me. Super. LEXIS 358*

July 28, 1999, Decided
July 28, 1999, Filed

JUDGES: [*1] Andrew M. Mead, JUSTICE, SUPERIOR COURT.

OPINION BY: Andrew M. Mead

OPINION:

ORDER CERTIFYING CLASS ACTION

This matter came before the Court for consideration upon application of the Plaintiff for class action certification, pursuant to a Class Action Complaint filed by the Plaintiff and dated July 26, 1999, on her own behalf and on behalf of the Class she represents, to obtain damages, costs of suit, attorney's fees, and expert fees from the named Defendants:

This Court has reviewed the Complaint and, in its discretion finds that class action certification is appropriate pursuant to Rule 23 of the Maine Rules of Civil Procedure. This Court therefore makes the following Findings, Conclusions and Order:

FINDINGS OF FACT

1. This is an action filed by the Plaintiff on July 27, 1999, on her own behalf and on behalf of the Class she represents, to recover monetary damages for unfair and deceptive trade practices by reason of alleged wrongful acts by Defendants in connection with their alleged antitrust violations by price fixing in the Vitamin industry.

2. The Class Action Complaint was filed and these proceedings were instituted pursuant to Rule 23 of the Maine Rules of Civil Procedure. [*2]

3. The Class is comprised of all persons, sole proprietorships, partnerships, corporations and other entities in the State of Maine who indirectly purchased vitamins in Maine from any of the Vitamin Defendants for use, but not for resale, at any time during the period January 1988 to and including the date of the filing of this Complaint. Excluded from the Class are governmental entities, the Defendants and other manufacturers of vitamins, along with their respective parents, subsidiaries and/or affiliates. Also excluded from this class are the legal representatives, heirs, successors and attorneys of any excluded person or entity, and any person acting on behalf of any excluded person or entity.

4. Plaintiff is a citizen and resident of Maine.

5. Plaintiff is unable to state precisely the size of the Class, but on information and belief, the members of the Class number at least into the thousands. The Class is sufficiently numerous that joinder of all its members is impracticable.

6. There are numerous common questions of law and fact with respect to the Class involving the Class Members. Among those questions common to the Class are:

> 1. whether the Vitamin Defendants [*3] conspired to fix, raise, maintain or stabilize vitamin prices;
>
> 2. whether this conspiracy was actively implemented, and whether each of the Vitamin Defendants was a participant in the conspiracy alleged;

3. the operative time period of the conspiracy;

4. whether the Vitamin Defendants' conduct violated Title 10 M.R.S.A. § 1101 et.seq.;

5. the effect of the Vitamin Defendants' conduct upon, and the injury caused to, the business or property of the Plaintiff and the members of the Class; and

6. the type and/or measure of damages by which the Vitamin Defendants' conduct injured all members of the suit.

7. Based on the allegations in the Complaint, the Court finds that common questions of law and fact clearly predominate within the meaning of Rule 23 of the Maine Rules of Civil Procedure.

8. Class action treatment provides a fair and efficient method for the adjudication of the controversy alleged in the Complaint, affecting a large number of persons, joinder of whom is impracticable. The Class action provides an effective method whereby the enforcement of the rights of Plaintiffs and members of the Class can be fairly managed without unnecessary expense [*4] of duplication.

9. If class Members were to pursue individual litigation, it would be unduly burdensome to the Maine courts within which the individual litigation would proceed. Individual litigation would magnify the delay and expense to all parties in the court system of resolving the controversy engendered by Defendant's course of conduct with respect to the vitamin industry. By contrast, the class action device presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum would aid judicial economy and efficiency, promote parity among the claims of individual Class Members, and result in judicial consistency. Notice for the pendency and any resolution of this action can be provided to the Class Members by publication.

10. Further, the expense and burden of individual litigation of a case of this magnitude make it impractical for individual Class Members to seek redress for the wrongs done to them and, therefore, requires consolidation of all such claims in one action.

11. The claims of Plaintiffs, as the Class Representatives, are typical [*5] of the claims of the members of the Class. There is no conflict of interest between members of the Class who are not parties and those Plaintiffs, named above, who are representing the Class. Further, there are no antagonistic interests between members of the Class.

12. Plaintiffs will fairly and adequately protect the interests of the Class they represent. The interests of Plaintiffs, as the Class Representatives, are consistent with those of the members of the Class. In addition, Plaintiffs are represented by experienced and able counsel who have represented plaintiff classes.

13. The prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

14. Prosecution of this matter as an opt-out class action will significantly reduce the possibility of repetitious litigation, while providing redress for Class members who would not or could not prosecute this complex litigation on an individual basis. [*6]

15. This Court envisions no unusual difficulty in the management of this action as a class action.

16. Certification is appropriate under Rule 23 of the Maine Rules of Civil Procedure.

**WHEREFORE, BASED UPON THE FOREGOING FINDINGS OF FACT, THE COURT MAKES THE FOLLOWING:**

**CONCLUSION OF LAW**

17. Rule 23 has as its objectives the efficient resolution of the claims and liabilities of many individuals in a single action as well as the elimination of repetitious litigation and possible inconsistent adjudications involving common questions, related events, or requests for similar relief.

18. Plaintiffs have established to the satisfaction of this Court the actual existence of a class, the existence of other prerequisites to utilizing the class action procedure, and the propriety of their proceeding on behalf of the Class.

19. There are numerous common questions of law and fact with respect to the alleged antitrust activities engaged in by Defendants involving the Class Members.

20. The named an unnamed members of the Class have an interest in either the same issues of law or of fact, and these issues predominate over issues affecting only individual Class Members.

21. The [*7] parties representing the Class will fairly insure the adequate representation of all members of the Class.

22. Certification of this action as an opt-out class action is appropriate under Rule 23, of the North Carolina Rules of Civil Procedure.

**BASED UPON THE FOREGOING FINDINGS OF FACT AND CONCLUSION OF LAW, IT IS HEREBY ORDERED THAT:**

23. This action be, and the same is hereby certified as an opt-out class action, pursuant to Rule 23 of the Maine Rules of Civil Procedure.

24. notice of the pendency of this action shall be given by counsel for the representative Plaintiffs to the members of the Class in a manner and form to be approved by the Court. The Court appoints the following attorneys as Class Counsel: Jana S. Stabile and Michael McShane of Alexander, Hawes & Audet, LLP.

25. A copy of this Order shall be served promptly by counsel for the representative Plaintiffs upon the Defendants, or their counsel of record.

26. The entry of this Order shall be without prejudice to the right of the Defendants to be heard as to whether this matter should remain a class action.

This Court shall retain this matter for such other and further Orders as may become necessary.

Dated: [*8] July 28, 1999

Andrew M. Mead

JUSTICE, SUPERIOR COURT