GUIDO SAVERI (22349)
  guido@saveri.com
R. ALEXANDER SAVERI (173102)
  rick@saveri.com
GEOFFREY C. RUSHING (126910)
  grushing@saveri.com
CADIO ZIRPOLI (179108)
  cadio@saveri.com
GIANNA GRUENWALD (228969)
  gianna@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA  94111
Telephone:  (415) 217-6810
Facsimile:   (415) 217-6813

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:07-cv-5944 SC<br><br>MDL No. 1917<br><br>**CLASS ACTION**<br><br>**DIRECT PURCHASER PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**<br><br>Date:   October 5, 2009<br>Time:   9:00 a.m.<br>Judge:  Honorable Charles A. Legge (Ret.)<br>            Special Master |
| This Document Relates to:<br><br>All Direct Purchaser Actions | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Direct Purchaser Plaintiffs hereby request, pursuant to Rule 201 of the Federal Rules of Evidence, that this Court take judicial notice of the attached documents in connection with the pending Direct Purchaser Plaintiffs' Combined Opposition To Defendants'

Motions To Dismiss. Attached hereto as Exhibit 1 is a true and correct copy of an indictment, *United States of America v. Wen Jun Cheng, a.k.a. Tony Cheng*, filed on August 18, 2009. Attached hereto as exhibit 2 is a true and correct copy of a Department of Justice press release issued on August 19, 2009.

Dated: August 28, 2009.

By:  Respectfully submitted,
/s/ *Guido Saveri*
Guido Saveri (22349)
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Cadio Zirpoli (179108)
Gianna Gruenwald (22896)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, California 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Interim Lead Counsel for the
Direct Purchaser Plaintiffs*

Crt.201

2
DIRECT PURCHASER PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO
DEFENDANTS' MOTIONS TO DISMISS – Case No. 3:07-cv-5944 SC

EXHIBIT 1

# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

---

UNITED STATES OF AMERICA,

V.

**PJH**

**0836**

WEN JUN CHENG, a.k.a. TONY CHENG

DEFENDANT(S).

---

# INDICTMENT

15 U.S.C. Section 1
(Conspiracy in Restrain of Trade)

---

A true bill.

_____
Foreman

Filed in open court this _____ day of
August 2009.

_____
Clerk

Bail, $ No bail warrant

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT   ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location: NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

**OFFENSE CHARGED**

15 U.S.C. Section 1 (Conspiracy in Restraint of Trade)

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See attachment

**DEFENDANT - U.S.**

▶ WEN JUN CHENG, a.k.a. TONY CHENG

DISTRICT COURT NUMBER: CR 09 0836 PJH

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any): FEDERAL BUREAU OF INVESTIGATION

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:   SHOW DOCKET NO.
  ☐ U.S. ATTORNEY   ☐ DEFENSE

☐ this prosecution relates to a pending case involving this same defendant   MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form: JOSEPH P. RUSSONIELLO
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Lidia Maher, Trial Attorney, ATD

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction   ☐ Federal   ☐ State
6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No
If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address: [redacted]

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Before Judge:

Comments:

PENALTY SHEET

Individual:   WEN JUN CHENG, a.k.a. TONY CHENG

Offense Charged: 15 U.S.C. Section 1 (Conspiracy in Restrain of Trade)

Maximum Penalties:

1. A fine in an amount equal to the largest of:

    A. $1,000,000.00

    B. Twice the gross pecuniary gain derived from the crime.

    C. Twice the gross pecuniary loss caused to the victims of the crime.

2. A term of imprisonment for ten years.

3. A term of supervised release of at least two years but not more than three years.

4. $100 special assessment.

5. Restitution.

```
LIDIA MAHER (CSBN 222253)
ANNA TRYON PLETCHER (CSBN 239730)
MAY LEE HEYE (CSBN 209366)
Antitrust Division
U.S. Department of Justice
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA  94102
Telephone: (415) 436-6660
```

Attorneys for the United States

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**PJH**

| | |
|---|---|
| UNITED STATES OF AMERICA | CR09  0836 |
| v. | INDICTMENT |
| WEN JUN CHENG, a.k.a. TONY CHENG | VIOLATION:<br>Title 15, United States Code,<br>Section 1 (Conspiracy in Restraint of Trade) |
| Defendant. | San Francisco Venue |

The Grand Jury charges that:

I.

DESCRIPTION OF THE OFFENSE

1. The following individual is hereby indicted and made a defendant on the charge stated below: WEN JUN CHENG, a.k.a. TONY CHENG.

2. Beginning at least as early as January 1997, until at least as late as March 2006, the exact dates being unknown to the Grand Jury, coconspirators of the defendant joined, entered into, and engaged in a combination and conspiracy to suppress and eliminate competition by fixing prices, reducing output, and allocating market shares of color display tubes ("CDTs") to be sold in the United States and elsewhere. The combination and conspiracy engaged in by the defendant and coconspirators was in unreasonable restraint of interstate and foreign trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

INDICTMENT – PAGE 1

3. Defendant WEN JUN CHENG joined and participated in the conspiracy from at least as early as January 1999 and continuing until at least September 2004.

4. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendant and coconspirators, the substantial terms of which were to agree to fix prices, reduce output, and allocate market shares of CDTs to be sold in the United States and elsewhere for use in computer monitors and other products with similar technological requirements.

II.

MEANS AND METHODS OF THE CONSPIRACY

5. For the purpose of forming and carrying out the charged combination and conspiracy, the defendant and coconspirators did those things that they combined and conspired to do, including, among other things:

(a) attending meetings and engaging in conversations and communications in Taiwan, Korea, Malaysia, China, and elsewhere to discuss the prices, output, and market shares of CDTs;

(b) agreeing during those meetings, conversations, and communications to charge prices of CDTs at certain target levels or ranges;

(c) agreeing during those meetings, conversations, and communications to reduce output of CDTs by shutting down CDT production lines for certain periods of time;

(d) agreeing during those meetings, conversations, and communications to allocate target market shares for the CDT market overall and for certain CDT customers;

(e) exchanging CDT sales, production, market share, and pricing information for the purpose of implementing, monitoring, and enforcing adherence to the agreed-upon prices, output reduction, and market share allocation;

(f) implementing an auditing system that permitted coconspirators to visit each

INDICTMENT – PAGE 2

        other's production facilities to verify that CDT production lines had been shut down as agreed;

    (g)    authorizing and approving the participation of subordinate employees in the conspiracy;

    (h)    issuing price quotations and reducing output in accordance with the agreements reached; and

    (i)    taking steps to conceal the conspiracy and conspiratorial contacts through various means.

### III.

### DEFENDANT AND COCONSPIRATORS

6. Defendant WEN JUN CHENG is a resident of Taiwan, Republic of China. From at least as early as January 1999 and continuing until at least September 2004, WEN JUN CHENG was employed by Company A and, beginning in March 2002, was Assistant Vice President of Sales and Marketing for Company A. During the period covered by this Indictment, Company A was a Taiwanese company engaged in the business of producing and selling, among other things, CDTs to customers in the United States and elsewhere.

7. Various corporations and individuals not made defendants in this Indictment participated as coconspirators in the offense charged in this Indictment and performed acts and made statements in furtherance of it.

8. Whenever in this Indictment reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

### IV.

### TRADE AND COMMERCE

9. CDTs are a type of cathode ray tube. Cathode ray tubes consist of evacuated glass envelopes that contain an electron gun and a phosphorescent screen. When electrons strike the screen, light is emitted, creating an image on the screen. CDTs are the specialized cathode ray

INDICTMENT – PAGE 3

1  tubes manufactured for use in computer monitors and other products with similar technological
2  requirements.
3      10. During the period covered by this Indictment, Company A and coconspirators sold
4  and distributed substantial quantities of CDTs in a continuous and uninterrupted flow of interstate
5  and foreign trade and commerce to customers located in states or countries other than the states or
6  countries in which Company A and coconspirators produced CDTs. In addition, payments for
7  CDTs traveled in interstate and foreign trade and commerce.
8      11. During the period covered by this Indictment, the business activities of the
9  defendant and coconspirators related to the sale and distribution of CDTs that are the subject of
10 this Indictment were within the flow of, and substantially affected, interstate and foreign trade and
11 commerce.

## V.

## JURISDICTION AND VENUE

14     12. The combination and conspiracy charged in this Indictment was carried out, in
15 part, in the Northern District of California, within the five years preceding the filing of this
16 Indictment.
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

INDICTMENT – PAGE 4

1 | ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

2 | DATED: 8/18/09

A TRUE BILL

*[signature]* 8/18/09
FOREPERSON

*[signature]*
Christine A. Varney
Assistant Attorney General

*[signature]*
Phillip H. Warren
Chief, San Francisco Office

*[signature]*
Scott D. Hammond
Deputy Assistant Attorney General

*[signature]*
Lidia Maher
Anna Tryon Pletcher
May Lee Heye
Attorneys
U.S. Dept. of Justice, Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
(415) 436-6660

*[signature]*
Marc Siegel
Director of Criminal Enforcement
United States Department of Justice
Antitrust Division

*[signature]*
Joseph P. Russoniello  for JPR
United States Attorney
Northern District of California

INDICTMENT – PAGE 5

# EXHIBIT 2

This document is available in three formats: this web page (for browsing content), PDF (comparable to original document formatting), and WordPerfect. To view the PDF you will need Acrobat Reader, which may be downloaded from the Adobe site. For an official signed copy, please contact the Antitrust Documents Group.



# Department of Justice

FOR IMMEDIATE RELEASE
WEDNESDAY, AUGUST 19, 2009
WWW.USDOJ.GOV

AT
(202) 514-2007
TDD (202) 514-1888

## FORMER TAIWANESE EXECUTIVE INDICTED IN COLOR DISPLAY TUBE PRICE-FIXING CONSPIRACY

*Global Price-Fixing Scheme Involves Tubes Used in Computer Monitors*

WASHINGTON — A federal grand jury in San Francisco has returned an indictment against a former executive of a large Taiwanese color display tube (CDT) manufacturing company for participating in a global conspiracy to fix prices of CDTs, a type of cathode ray tube used in computer monitors and other specialized applications, the Department of Justice announced today.

The indictment, filed last night in the U.S. District Court in San Francisco, charges Wen Jun (Tony) Cheng, a former Assistant Vice President of Sales and Marketing, with conspiring with unnamed co-conspirators to suppress and eliminate competition by fixing prices, reducing output, and allocating market shares of CDTs. The Department alleges that Cheng participated in the conspiracy beginning at least as early as January 1999 until at least September 2004.

Cheng was previously indicted on Feb. 3, 2009, for his participation in a global conspiracy to fix prices of Thin Film Transistor-Liquid Crystal Display (TFT-LCD) panels.

The indictment alleges, among other things, that Tony Cheng and co-conspirators carried out the CDT conspiracy by attending meetings and engaging in conversations and communications in Taiwan, Korea, Malaysia, China and elsewhere to discuss and agree on the prices, output and market shares of CDTs. Cheng and co-conspirators are also alleged to have implemented an auditing system to verify that production lines had been shut down as agreed, and to have taken steps to conceal the conspiracy.

Cheng is charged with violating the Sherman Act, which carries a maximum penalty of 10 years imprisonment and a fine of $1 million for individuals for violations occurring after June 22, 2004. The maximum fines may be increased to twice the gain derived from the crime or twice the loss suffered by the victims if either or those amounts is greater than the Sherman Act maximum fines.

This case is part of an ongoing joint investigation by the San Francisco Office of the Antitrust Division of the U.S. Department of Justice and the Federal Bureau of Investigation in San Francisco. Anyone with information concerning illegal conduct in the cathode ray tube industry is urged to call the San Francisco Field Office of the Antitrust Division at 415-436-6660.

###

09-817