TERRY CALVANI (53260)
Email: terry.calvani@freshfields.com
BRUCE C. MCCULLOCH (*pro hac vice*)
Email: bruce.mcculloch@freshfields.com
CHRISTINE A. LACIAK (*pro hac vice*)
Email: christine.laciak@freshfields.com
FRESHFIELDS BRUCKHAUS DERINGER US LLP
701 Pennsylvania Avenue, NW, Suite 600
Washington, DC  20004
Tel:  (202) 777-4500
Fax:  (202) 777-4555

*Counsel for Defendant Beijing Matsushita Color CRT Co., Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No.: 3:07-CV-5944 SC<br><br>MDL No. 1917<br><br>**BEIJING MATSUSHITA COLOR CRT CO., LTD.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT AND INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT**<br><br>Date:    October 5, 2009<br>Time:    9:00 a.m.<br>Before:  The Honorable Charles A. Legge, U.S. District Judge (Ret.), Special Master |
| This Document Relates To:<br><br>DIRECT PURCHASER ACTIONS and INDIRECT PURCHASER ACTIONS | |

**TABLE OF CONTENTS**

Page

INTRODUCTION ................................................................................................................................ 1

ARGUMENT ........................................................................................................................................ 2

      I.      The DPC Allegations are Inadequate under *Twombly* .................................................. 2

      II.     The IPC Allegations are Inadequate under *Twombly* .................................................. 5

      III.    The Statute of Limitations Bars the DPC Claims as to BMCC .................................... 6

CONCLUSION ..................................................................................................................................... 9

i

BEIJING MATSUSHITA COLOR CRT CO., LTD.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT AND INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT – CASE NO.: 3:07-CV-5944 SC

# TABLE OF AUTHORITIES

Page

CASES

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) .......................................................................................... 1, 2, 3

*Barker v. Am. Mobil Power Corp.*,
  64 F.3d 1397 (9th Cir. 1995) .............................................................................................. 7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................. 1, 2, 3

*Conmar Corp. v. Mitsui & Co. (U.S.A.), Inc.*,
  858 F.2d 499 (9th Cir. 1988) ............................................................................................. 8

*DeFazio v. Hollister, Inc.*,
  No. CIV-04-1358 WBH, 2009 WL 1871225 (E.D. Cal. June 29, 2009) ........................... 7

*Greenwald v. Manko*,
  840 F. Supp. 198 (E.D.N.Y. 1993) ..................................................................................... 7

*Griffin v. McNiff*,
  744 F. Supp. 1237 (S.D.N.Y. 1990), *aff'd*, 996 F.2d 303 (2d Cir.1993) ........................... 7

*Hill v. Morehouse Med. Assoc., Inc.*,
  No. 02-14429, 2003 WL 22019936 (11th Cir. Aug. 15, 2003) ........................................... 5

*In re Cal. Title Ins. Antitrust Litig.*,
  No. C-08-01341 JSW, 2009 WL 1458025 (N.D. Cal. May 21, 2009) ........................... 3, 4

*In re Flash Memory Antitrust Litig.*,
  No. C-07-0086 SBA, 2009 WL 1096602 (N.D. Cal. Mar. 31, 2009) ................................. 4

*In re Hawaiian & Guamaniam Cabotage Antitrust Litig.*,
  No. 08-MD-1972 TSZ, 2009 WL 2581510 (W.D. Wash. Aug. 18, 2009) ......................... 2

*In re Late Fee & Over-Limit Fee Litig.*,
  528 F. Supp. 2d 953 (N.D. Cal 2007) ................................................................................. 4

*In re Rubber Chems. Antitrust Litig.*,
  504 F. Supp. 2d 777 (N.D. Cal. 2007) ................................................................................ 8

*In re Sagent Tech., Inc. Deriv. Litig.*,
  278 F. Supp. 2d 1079 (N.D. Cal. 2003) .............................................................................. 4

*In re Static Random Access Memory (SRAM) Antitrust Litig.*,
  580 F. Supp. 2d 896 (N.D. Cal. 2008) ................................................................................ 8

ii

BEIJING MATSUSHITA COLOR CRT CO., LTD.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT AND INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT – CASE NO.: 3:07-CV-5944 SC

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    586 F. Supp. 2d 1109 (N.D. Cal. 2008) ------------------------------------------------------------- 3, 8

*In re TFT-LCD Antitrust Litigation*,
    599 F. Supp. 2d 1179 (N.D. Cal. 2009) ---------------------------------------------------------------- 8

*Jung v. Assoc. of Am. Med. Colls.*,
    300 F. Supp. 2d 119 (D.D.C. 2004) -------------------------------------------------------------------- 3

*Kendall v. Visa U.S.A., Inc.*,
    518 F.3d 1042 (9th Cir. 2008) ---------------------------------------------------------------- 2, 4, 5

*Metz v. Unizan Bank*,
    416 F. Supp. 2d 568 (N.D. Ohio 2006) ---------------------------------------------------------------- 8

*Moore v. Kayport Package Express, Inc.*,
    885 F.2d 531 (9th Cir. 1989) -------------------------------------------------------------------------- 8

*Pedraza v. United Guaranty Corp.*,
    114 F. Supp. 2d 1347 (S.D. Ga. 2000) ----------------------------------------------------------------- 7

*Suguri v. Wells Fargo Bank, N.A.*,
    No. CV-09-1828 PSG, 2009 WL 2486546 (C.D. Cal. Aug. 7, 2009) --------------------------------- 3

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) -------------------------------------------------------------------------- 8

*Whitley v. Taylor Bean & Whitacker Mortgage Corp.*,
    607 F. Supp. 2d 885 (N.D. Ill. 2009) ------------------------------------------------------------------ 7

STATUTES

15 U.S.C. § 15b ------------------------------------------------------------------------------------------------- 9

iii

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Beijing Matsushita Color CRT Co., Ltd. ("*BMCC*") submits this Reply in support of its Motion to Dismiss the Direct Purchaser ("*DP*") Plaintiffs' and Indirect Purchaser ("*IP*") Plaintiffs' Consolidated Amended Complaints (collectively the "*Complaints*").[1]

## INTRODUCTION

BMCC's Motion to Dismiss the Direct Purchaser Plaintiffs' Consolidated Amended Complaint ("*DPC*") and Indirect Purchaser Plaintiffs' Consolidated Amended Complaint ("*IPC*") (the "*Motion*") set out the inadequate assertions on which Plaintiffs rely to support their allegation that BMCC participated in an illegal conspiracy with regard to CRT Products and argued those assertions were not sufficient under *Twombly* (and now also *Iqbal*).

DP Plaintiffs' response has been to urge the court to look at the complaints as a whole,[2] seemingly because they realize their specific allegations with regard to BMCC are thin and do not satisfy *Twombly*. DP Plaintiffs affirmatively admit that: "the complaint (erroneously) does not identify any conspiratorial conduct by BMCC after 2001 … ." DP Opp'n at 48. DP Plaintiffs blame this on a typographical error contained in one paragraph of their complaint and argue that the error cannot be read as a positive assertion that BMCC never committed another conspiratorial act. *Id*. But the Plaintiffs cannot have it both ways – they cannot state that the DPC does not identify any conspiratorial conduct by BMCC and then ask the court to read into the DPC such allegations when "viewing the complaint as a whole." This does not satisfy their obligations under *Twombly* to allege each defendant's role and participation in the conspiracy. By blaming their failure to allege any conspiratorial conduct by BMCC on their typographical error in one paragraph, DP Plaintiffs admit

---

[1] Incorporated by reference are *Defendants' Joint Reply Brief in Support of their Motion to Dismiss Direct Purchaser Plaintiffs' Consolidated Amended Complaint* and *Defendants' Joint Reply Brief in Support of Their Motion to Dismiss Indirect Purchaser Plaintiffs' Consolidated Amended Complaint*, which properly point out the wholly insufficient, conclusory assertions in the Complaints, and the lack of specific factual allegations required to be pled as a result of the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*") and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ("*Iqbal*").

[2] Direct Purchaser Plaintiffs' Combined Opposition to Defendants' Motions to Dismiss ("*DP Opp'n*") at 45 ("When the DP-CAC is viewed in its entirety … .", "The amended complaint totals 222 paragraphs … ."); *Id.* at 47 ("When the complaint is viewed as a whole … ."; "Viewing the amended complaint as a whole … .").

1

that looking at the remainder of the DPC would be futile.  Plaintiffs can urge all they want, but "the whole is not more than the sum of the parts."  *In re Hawaiian & Guamaniam Cabotage Antitrust Litig.*, No. 08-MD-1972 TSZ, 2009 WL 2581510, at *7 (W.D. Wash. Aug. 18, 2009).

In their opposition, IP Plaintiffs merely recite the provisions of their complaint that BMCC already has argued are insufficient to state a claim under *Twombly*.  IP Plaintiffs then claim that, under pre-*Twombly* case law, they have satisfied the notice requirement of Rule 8 based on an inapplicable "relaxed" pleading standard.

## ARGUMENT

### I. The DPC Allegations are Inadequate under *Twombly*

As noted in BMCC's Motion at 5, DP Plaintiffs have alleged conspiratorial activity undertaken by BMCC in only 1 of 222 paragraphs.  That paragraph only alleges that BMCC "participated" in "illegal" meetings "in which unlawful agreements as to, *inter alia*, price, output, restrictions, and customer and market allocation of CRT Products . . . occurred."  DPC ¶ 173.  This is a legal conclusion posing as a fact, a form of pleading rejected by *Twombly* and *Iqbal*, and which the court is not required to accept as true.  *See Iqbal*, 129 S. Ct. at 1949-50; *Twombly*, 550 U.S. at 555.  DP Plaintiffs' response is that the DPC, when read as a whole, provides the level of factual detail necessary to satisfy *Twombly's* requirements, admitting that this paragraph in itself is insufficient.[3]  But this is wrong on several fronts.

First, DP Plaintiffs cannot rely on allegations against "Defendants" generally to make out an allegation as to BMCC.  Plaintiffs cannot state a cause of action against a particular defendant

---

[3] DP Plaintiffs argue that other paragraphs of the DPC do make clear that BMCC was a party to illegal agreements and that we are required to read into this paragraph that BMCC's participation extended to illegal agreements "when considered in the overall context of a complaint expressly alleging illegal price fixing agreements among all Defendants." DP Opp'n at 47.  DP Plaintiffs also argue that all reasonable inferences must be drawn in their favor.  But what DP Plaintiffs do not address is whether alleging that BMCC "participated" in meetings at which unlawful agreements "occurred" satisfies their obligation to provide "enough factual matter (taken as true) to suggest that an agreement was made." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008).  For example, since the paragraph does not specify with whom BMCC participated in meetings (nor does any other paragraph), "CRT Products" includes numerous products not made by BMCC, and several of the other defendants do not make certain CRT Products, do these alleged "facts" plausibly suggest that BMCC participated in the conspiracy alleged by the plaintiffs.

2

BEIJING MATSUSHITA COLOR CRT CO., LTD.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT AND INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT – CASE NO.: 3:07-CV-5944 SC

merely by asserting generally that wrongful conduct occurred and then alleging, in conclusory terms, that the particular defendant conspired with others in that conduct. Instead, a plaintiff must plead specific and plausible facts demonstrating the participation of each defendant in the alleged unlawful conduct, allowing the court to draw the reasonable inference that *the defendant* is liable for the misconduct alleged.[4] *Twombly*, 550 U.S. at 555-56 & n.10; *Iqbal*, 129 S. Ct. at 1949-50. General allegations as to "all defendants, to 'Japanese defendants,' or to a single corporate entity such as 'Hitachi' is insufficient to put specific defendants on notice of the claims against them." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1117 (N.D. Cal. 2008); *see also In re Cal. Title Ins. Antitrust Litig.*, No. C-08-01341 JSW, 2009 WL 1458025, at *7 (N.D. Cal. May 21, 2009) (dismissing complaint where plaintiffs made general allegations against the "Defendants" without distinguishing among them); *Suguri v. Wells Fargo Bank, N.A.*, No. CV-09-1828 PSG, 2009 WL 2486546, at *6 (C.D. Cal. Aug. 7, 2009) ("formulaic allegations lumping all Defendants together are insufficient to state a claim" (citing *Twombly*, 550 U.S. at 555)).

Second, DP Plaintiffs admit that nothing else in their complaint makes out a claim against BMCC, so if DPC ¶ 173 is not enough, there is nothing more. DP Plaintiffs affirmatively admit "the complaint (erroneously) does not identify any conspiratorial conduct by BMCC after 2001 … ." DP Opp'n at 48. DP Plaintiffs blame this on a typographical error in DPC ¶ 173, but they cannot have it both ways – they cannot state that the complaint does not identify any conspiratorial conduct by BMCC (after 2001) and then ask the court to read into the complaint such allegations when "viewing the complaint as a whole." DP Plaintiffs argue that the error cannot be read as a positive assertion that BMCC never committed another conspiratorial act, but that does not address whether what they have said does adequately allege BMCC's participation and role in the conspiracy under *Twombly*.

---

[4] DP Plaintiffs' recitation of the holding in *Jung v. Association of American Medical Colleges*, 300 F. Supp. 2d 119, 164 (D.D.C. 2004) – that plaintiffs must allege "that each individual defendant joined the conspiracy and played some role in it" – is perfectly consistent with BMCC's reliance on it. As the court recently noted in *In re California Title Insurance Antitrust Litigation*, 2009 WL 1458025, at *8, plaintiffs cannot rely on *Jung* for "the proposition that plaintiffs are relieved of their obligation to allege that each defendant agreed to join or participated in the alleged conspiracy." *Jung* further states that "[p]laintiffs cannot escape their burden of alleging that each defendant participated in or agreed to join the conspiracy by using the term 'defendants' to apply to numerous parties without any specific allegations as to the [moving defendant]." *Jung*, 300 F. Supp. 2d at 163.

3

By blaming their failure to allege any conspiratorial conduct by BMCC on their typographical error in one paragraph, DP Plaintiffs admit that looking at the remainder of the DPC for sufficient allegations as to BMCC would be futile.

Third, this one paragraph of their complaint does not address the basic questions: "who, did what, to whom (or with whom), where, and when" of the conspiracy in which BMCC is alleged to have participated. *Kendall*, 518 F.3d at 1048. Under *Twombly*, as interpreted by the Ninth Circuit, a complaint "must allege facts such as a 'specific time, place, or person involved in the alleged conspiracies' to give a defendant seeking to respond to allegations of a conspiracy an idea of where to begin." *Kendall*, 518 F.3d at 1047 (quoting *Twombly*, 550 U.S. at 565 n.10).[5] DP Plaintiffs have failed in their Opposition to address their obfuscation of the "what" of the conspiracy by continuing to allege that BMCC participated in a conspiracy to fix the price of CRT Products,[6] an allegation that fails to provide BMCC sufficient notice (or a plausible conspiracy theory) because four different products (at different levels of the distribution chain) are encompassed in the DPC's definition of CRT Products. DPC ¶¶ 1, 103. DP Plaintiffs also have not addressed in their Opposition their failure to identify who from BMCC attended the meetings in which BMCC allegedly "participated," or amongst whom illegal agreements "occurred" at the meetings. *In re Sagent Tech., Inc. Deriv. Litig.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) ("[T]he complaint fails to state a claim because

---

[5] DP Plaintiffs seem to suggest that BMCC's reliance on parallel conduct cases such as *Kendall* and *In re Late Fee & Over-Limit Fee Litigation*, 528 F. Supp. 2d 953 (N.D. Cal 2007), is misplaced because those cases did not involve allegations of an agreement. DP Opp'n at 47-48, n.31. But *Twombly* did not establish a two-tier system where one standard applies in parallel conduct cases while another applies in cases attempting to allege a direct agreement. *See, e.g.*, *In re Cal. Title Ins. Antitrust Litig.*, 2009 WL 1458025 at *4-5 (N.D. Cal. May 21, 2009) (granting motion to dismiss where factual allegations of a direct agreement to fix prices were insufficient to meet *Twombly's* plausibility standard). As is shown by the decision to which DP Plaintiffs point, even in cases involving allegations other than parallel conduct, the court looks to whether the complaint contains sufficient details of the alleged agreement. *In re Flash Memory Antitrust Litig.*, No. C-07-0086 SBA, 2009 WL 1096602, at *9 (N.D. Cal. Mar. 31, 2009) (denying motion to dismiss where plaintiffs provided "detailed allegations as to when, where and who engaged" in the conspiracy).

[6] DP Opp'n at 46-47 ("[T]he DP-CAC details the many collusive contacts, meetings and agreements among members of the CRT Products Industry … ."; "Defendants … reached '[a]greements as to CRT Products … .'"; "Plaintiffs' allegations are more than sufficient to establish the nature of the CRT Products conspiracy … ."). DP Plaintiffs contradict themselves by acknowledging that BMCC only produces CRTs but then alleging that BMCC manufactured, sold, and distributed CRT Products. DP Opp'n at 46.

4

1  plaintiffs do not indicate which individual defendant or defendants were responsible for which
2  alleged wrongful act").

3  **II.     The IPC Allegations are Inadequate under *Twombly***

4  As noted in the Motion at 7, the IPC alleges conspiratorial activity undertaken by BMCC in
5  only three paragraphs.  One of those paragraphs alleges that other defendants reached out to BMCC,
6  which then met or talked with its competitors for the purpose of fixing CRT Product prices.  IPC ¶ 2.
7  One alleges that BMCC participated with certain other companies in Chinese Glass Meetings where
8  reports were made about other meetings.  IPC ¶ 148.  The third alleges that BMCC participated in
9  Glass Meetings and bilateral discussions which resulted in agreements on prices and supply levels
10 for CRT Products.  IPC ¶ 184.  BMCC's Motion challenged the sufficiency of these allegations,
11 arguing that the IPC does not answer the questions of "who, did what, to whom (or with whom),
12 where, and when" of the conspiracy in which BMCC is alleged to have participated (for instance,
13 because the term CRT Products is too vague).  *Kendall*, 518 F.3d at 1048.  As noted above, in their
14 opposition IP Plaintiffs merely restate these allegations and then claim that, under pre-*Twombly* case
15 law, they have satisfied the pleading requirement of Rule 8.[7]  IP Opp'n 43-45.  But IP Plaintiffs'
16 reliance on *Hill v. Morehouse Medical Associates, Inc.*, No. 02-14429, 2003 WL 22019936, at *3
17 (11th Cir. Aug. 15, 2003), to save their claims is misplaced, as the quote from *Hill* which they cite as
18 allowing a "relaxed" pleading standard relates to Rule 9(b)'s heightened pleading standard, not to
19 Rule 8, as interpreted under *Twombly*.[8]

---

[7] IP Plaintiffs also appear to argue it is somehow relevant to whether they have adequately stated a claim against BMCC that certain other defendants have not challenged the IPC under *Twombly*.  Indirect Purchaser Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Separate and Joint Motions to Dismiss the Indirect Purchaser Consolidated Amended Complaint ("*IP Opp'n*") at 43-44.  Whether this is true or not, it would not in any way diminish IP Plaintiffs' obligation, or enhance their ability, to sufficiently state a claim against BMCC.  Companies have many reasons for deciding whether or not to participate in litigation.  The IP Plaintiffs' Opposition itself provides numerous explanations as to why certain companies may not have challenged the IPC.  For example, by IP Plaintiffs' own admission, Chunghwa Picture Tubes (Fuzhou), which IP Plaintiffs cite as an example of a company that has not challenged the IPC under *Twombly*, "is not named as a separate defendant … ." *Id*.

[8] The complete sentence reads "Rule 9(b)'s heightened pleading standard may be applied less stringently, however, when specific 'factual information [about the fraud] is peculiarly within the defendant's knowledge or control.'"  *Hill*, 2003 WL 22019936, at *3.

5

**BEIJING MATSUSHITA COLOR CRT CO., LTD.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT AND INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT – CASE NO.: 3:07-CV-5944 SC**

### III.     The Statute of Limitations Bars the DPC Claims as to BMCC

As noted in BMCC's Motion to Dismiss, the DPC alleges "BMCC participated in at (sic) over 20 illegal bilateral group meetings between 1998 and *2001* in which unlawful agreements …. occurred."  DPC ¶ 173 (emphasis added).  The DPC contains no other specific allegations as to BMCC's alleged participation in any conspiracy, as DP Plaintiffs admit.[9]  Even if this vague allegation were sufficient to claim that BMCC entered into illegal agreements—which it is not—any such claims arising from those agreements would be barred under the statute of limitations.  Since the applicable statute of limitations is four years, any complaint regarding BMCC's activity from 2001 or before would have had to have been filed by 2005 unless that statute of limitations was properly tolled.  15 U.S.C. § 15b.

DP Plaintiffs' response is that the DPC contains a typographical error and that DP Plaintiffs meant to allege that BMCC participated in meetings between 1998 and 2007.  DP Opp'n at 45-46.  DP Plaintiffs direct BMCC to the IPC's allegation that BMCC participated in meetings through 2007,[10] but BMCC should not have to refer to the indirect purchaser complaint to try to discern during what period DP Plaintiffs *meant to* allege BMCC to have participated in meetings, and doing so would have been unreasonable in any event as the direct and indirect purchaser complaints are

---

[9]  *See* DP Opp'n at 48 ("[T]he complaint (erroneously) *does not identify any conspiratorial conduct* by BMCC after 2001 … ." (emphasis added)).  While DP Plaintiffs argue that this point does not support the proposition that BMCC's participation in the alleged conspiracy ceased (i.e., that BMCC withdrew and never committed another conspiratorial act), that is beside the point.  DP Plaintiffs have an obligation to plead facts sufficient to support a conspiracy and each defendant's role in that conspiracy.  DP Plaintiffs have admitted they have not done this after 2001 with regard to BMCC and have stated nothing but a bare legal conclusion, unsupported by facts, as to withdrawal, which the court need not accept as true.  Nowhere in DP Plaintiffs' dissertation on withdrawal in their Opposition Brief do they point to anything other than an unsupported legal conclusion that BMCC never withdrew from the conspiracy.  DP Opp'n at 48-53.  BMCC disputes DP Plaintiffs' contradictory contention that it "must" acknowledge that the DPC alleges continuing conduct by BMCC, including agreements related to future conduct (DP Opp'n at 48-49), which conflicts with DP Plaintiffs' own admission that they did not identify any conspiratorial conduct by BMCC after 2001.

[10]  DP Plaintiffs further suggest that BMCC has not attacked the IPC on statute of limitations grounds.  DP Opp'n at 45 ("The indirect purchaser complaint so reads and BMCC has not attacked it on statute of limitations grounds.").  However, the Joint Motion to Dismiss Indirect Purchaser Plaintiffs' Consolidated Amended Complaint, to which BMCC is a signatory, does so.  BMCC notes that the DP Plaintiffs have not challenged that they have alleged another defendant took part in conspiratorial meetings only until 2001.  DP Opp'n at 91.

6

**BEIJING MATSUSHITA COLOR CRT CO., LTD.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT AND INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT – CASE NO.: 3:07-CV-5944 SC**

inconsistent in their allegations as to the time periods in which different defendants allegedly participated in meetings.[11]

This change to the date range is not a meaningless error, as it significantly changes the group of defendants with whom BMCC could be alleged to have participated in meetings according to the DPC. As just one example, as currently alleged only two companies participated in meetings in 2007. As proposed, BMCC will have been alleged to have participated in these meetings. Given the importance of the point, DP Plaintiffs cannot be deemed to have alleged BMCC participated in meetings beyond those alleged in the complaint.

Even if DP Plaintiffs had alleged BMCC's participation in a conspiracy through 2007, the complaint fails to sufficiently plead fraudulent concealment and must nonetheless be dismissed (as to sales predating the statutory period) as time-barred.[12] DP Plaintiffs have not adequately pled fraudulent concealment as to BMCC. DP Plaintiffs essentially offer no adequate response to BMCC's argument that Plaintiffs must allege specific acts of fraudulent concealment as to each defendant and cannot "use the fraudulent concealment by one defendant as a means to toll the statute of limitations against other defendants."[13] *See Barker v. Am. Mobil Power Corp.*, 64 F.3d 1397, 1402 (9th Cir. 1995) (rejecting plaintiffs' attempt to plead fraudulent concealment collectively against multiple defendants in a related statutory context under ERISA).[14] DP Plaintiffs merely

---

[11] *See, e.g.*, allegations with regard to Daewoo, DPC ¶ 156 (1996-2004) compared to IPC ¶ 175 (1995-2004); Thai CRT, DPC ¶ 170 (1998-2006) compared to IPC ¶ 186 (1997-2006).

[12] *See* Section IV, Defendants' Joint Reply Brief in Support of Their Motion to Dismiss Direct Purchaser Plaintiffs' Consolidated Amended Complaint.

[13] *Griffin v. McNiff,* 744 F. Supp. 1237, 1256 n.20 (S.D.N.Y. 1990), *aff'd*, 996 F.2d 303 (2d Cir.1993).

[14] *See also Whitley v. Taylor Bean & Whitacker Mortgage Corp.*, 607 F. Supp. 2d 885 (N.D. Ill. 2009) (general allegations referencing defendants as a single group do not satisfy the particularity required under Rule 9(b)); *Greenwald v. Manko,* 840 F. Supp. 198, 203 (E.D.N.Y. 1993) ("[T]he doctrine of fraudulent concealment tolls the statute of limitations only as to those defendants who committed the concealment." (citation omitted)); *Pedraza v. United Guaranty Corp.*, 114 F. Supp. 2d 1347, 1356 (S.D. Ga. 2000) (a plaintiff must plead with particularity facts giving rise to a claim of fraudulent concealment to toll the statute of limitations "includ[ing] alleging the specific conduct of the defendant that entitles the plaintiff to toll the statute against *that* defendant." (emphasis in original) (internal citation omitted)); *DeFazio v. Hollister, Inc.*, No. CIV-04-1358 WBH, 2009 WL 1871225, at *13 (E.D. Cal. June 29, 2009) (in substantive ruling at partial summary judgment stage court notes that, under *Barker,* tolling only applies when "the defendant himself has taken steps to hide his breach.").

7

BEIJING MATSUSHITA COLOR CRT CO., LTD.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT AND INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT – CASE NO.: 3:07-CV-5944 SC

argue that "acts of concealment of BMCC's co-defendant co-conspirators" can be attributable to BMCC "as a matter of substantive conspiracy law." DP Opp'n at 53-54.[15] This misses the point, i.e., that DP Plaintiffs must allege with sufficient specificity[16] that BMCC engaged in acts of fraudulent concealment or the statute of limitations cannot be tolled as to BMCC. Having not identified any instances in which BMCC engaged in acts of fraudulent concealment, DP Plaintiffs cannot meet this standard with regard to BMCC. *See* DPC ¶¶ 200-12.

---

[15] DP Plaintiffs also argue that recent Northern District of California cases reject defendant-by-defendant fraudulent concealment pleading requirements and question reliance on *Metz v. Unizan Bank*, 416 F. Supp. 2d 568 (N.D. Ohio 2006) ("*Metz*") for support of this proposition. DP Opp'n at 53-54 & n.35. First, DP Plaintiffs' reliance on the referenced district court cases ignores binding circuit precedent in *Barker* that defendant-by-defendant pleading is required. Second, the district court cases on which DP Plaintiffs rely do not support their position. Neither *In re TFT-LCD (Flat Panel) Antitrust Litigation*, 586 F. Supp. 23 1109 (N.D. Cal. 2008) ("*TFT-LCD I*"), nor *In re TFT-LCD Antitrust Litigation*, 599 F. Supp. 2d 1179 (N.D. Cal. 2009) ("*TFT-LCD II*"), support DP Plaintiffs' position, as defendants' joint motions to dismiss did not raise the issue of whether the complaints had alleged fraudulent concealment individually against each defendant, and neither of the court's opinions considered the issue. While rejecting defendants' joint motion arguments as to sufficiency of plaintiffs' fraudulent concealment claims, the court in *In re Static Random Access Memory (SRAM) Antitrust Litigation*, 580 F. Supp. 2d 896, 904 (N.D. Cal. 2008), nonetheless deferred ruling on one defendant's individual claim that the suit against it was time barred in order to give plaintiffs time "to produce any evidence that they have in support of an argument that their claims against Mosel are not time-barred." In ruling on the sufficiency of fraudulent concealment claims in *In re Rubber Chemicals Antitrust Litigation*, 504 F. Supp. 2d 777, 787-89 (N.D. Cal. 2007), the court separately evaluated whether the claims were sufficient with regard to different defendants. Third, DP Plaintiffs argue that in *Metz*, the court never considered the sufficiency of allegations of fraudulent concealment, but the court in that case dismissed on statute of limitations grounds numerous claims outside the applicable three-year statute despite acknowledging that tolling by fraudulent concealment is possible (thereby inherently rejecting that point). But what is more important is that *Metz* relies on *Barker* for support for the proposition that "fraudulent concealment tolls the statute of limitation as to those defendants who committed or participated in the concealment." *See Metz*, 416 F. Supp. 2d at 579 (citing *Barker v. Am. Mobil Power Corp.*, 64 F.3d 1397, 1402 (9th Cir. 1995)).

[16] Rule 9(b) requires pleadings to identify the circumstances constituting fraud, including statements of the time, place and nature of the alleged fraudulent activities, and also attribute particular fraudulent statements or acts to the individual defendants. *Conmar Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 858 F.2d 499, 502 (9th Cir. 1988); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989); *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

8

BEIJING MATSUSHITA COLOR CRT CO., LTD.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT AND INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT – CASE NO.: 3:07-CV-5944 SC

**CONCLUSION**

For all of the reasons expressed above, BMCC respectfully requests that the Court dismiss the Complaints without leave to amend.

Respectfully submitted,

Dated:  September 24, 2009

FRESHFIELDS BRUCKHAUS DERINGER US LLP

By: /s/ Terry Calvani
TERRY CALVANI (53260)
Email: terry.calvani@freshfields.com
BRUCE C. MCCULLOCH (*pro hac vice*)
Email: bruce.mcculloch@freshfields.com
CHRISTINE A. LACIAK (*pro hac vice*)
Email: christine.laciak@freshfields.com
Attorneys For Defendant
BEIJING MATSUSHITA COLOR CRT CO., LTD.

9

**BEIJING MATSUSHITA COLOR CRT CO., LTD.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT AND INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT – CASE NO.: 3:07-CV-5944 SC**