# DEWEY & LEBOEUF

Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, NY 10019-6092

tel   +1 212 259 8050
fax  +1 212 259 7013
jkessler@dl.com

October 12, 2009

Hon. Charles A. Legge
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA  94111

RE:     *In re Cathode Ray Tube (CRT) Litigation,* No. 07-5944 SC, MDL No. 1917

Dear Judge Legge:

We write in response to the October 9, 2009 filing made by Interim Lead Counsel for the Direct Purchaser Plaintiffs through which Plaintiffs submitted a translation of a "Cease-and-Desist Order and Surcharge Payment Orders against Manufacturers of Cathode Ray Tubes for Televisions" (the "Order"), issued by the Japan Fair Trade Commission ("JFTC") on October 7, 2009.

Assuming that this Court could properly consider the Order in connection with Defendants' motions to dismiss (it cannot),[1] the Order supports Defendants' arguments and serves only to highlight the deficiencies in the complaints filed by both the Indirect and Direct Purchaser Plaintiffs.

First, the Order claims an alleged agreement relating to the sales of cathode ray tubes ("CRTs") to "*Japanese* manufacturing and sales companies of CRT televisions" by CRT manufacturing subsidiaries located "in the *Southeast Asian Region*."  *See* Order, n. 2, 3 (emphases added).  The Order thus further demonstrates, as set forth in detail in Defendants' motions to dismiss, that the CRT conspiracy allegedly set forth in the complaints is wholly foreign in nature and there are no facts alleged to support subject matter jurisdiction under the Foreign Trade Antitrust Improvements Act of 1982 ("FTAIA").

Second, the Order claims an alleged conspiracy in only the market for CRTs – not CRT finished products, such as televisions – further buttressing Defendants' argument that

---

[1] This Court may not look beyond Plaintiffs' complaints in determining the sufficiency of their allegations.  *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n. 1(9th Cir. 1998).

NEW YORK   |   LONDON MULTINATIONAL PARTNERSHIP   |   WASHINGTON, DC
ALBANY   |   ALMATY   |   AUSTIN   |   BEIJING   |   BOSTON   |   BRUSSELS   |   CHARLOTTE   |   CHICAGO   |   DUBAI
FRANKFURT   |   HARTFORD   |   HONG KONG   |   HOUSTON   |   JACKSONVILLE   |   JOHANNESBURG (PTY) LTD.   |   LOS ANGELES
MILAN |  MOSCOW |  PARIS MULTINATIONAL PARTNERSHIP  |  RIYADH AFFILIATED OFFICE | ROME | SAN FRANCISCO | SILICON VALLEY | WARSAW

October 12, 2009
Page 2

Plaintiffs have not alleged any conspiracy in the market for finished CRT products.

Finally, the Order illustrates the fact that any analysis of the complaints must be conducted on an individual defendant-by-individual defendant basis, and not by lumping related entities into one group. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 565, n. 10 (2007); *see also, e.g., In re ATM Fee Antitrust Litig.*, No. 04-02676 CRB, 2009 U.S. Dist. LEXIS 83199, at * 14 (N.D. Cal. Sept. 4, 2009); *Brennan v. Concord EFS, Inc.*, 369 F. Supp. 2d 1127, 1136 (N.D. Cal. 2005). Indeed, only some individual defendants, which Plaintiffs lumped together with other related entities in the complaints, were named in the Order.[2]

          Respectfully submitted,

          s/ J. Kessler

          Jeffrey L. Kessler

cc:     All Counsel via ECF

---

[2] For example, only MT Picture Display Co., Ltd. ("MTPD") and no other Panasonic Defendants, are named in the Order. Similarly, only two Samsung entities (Samsung SDI Co., Ltd. and Samsung SDI (Malaysia) BERHAD) are named in the Order. As for LG Philips Displays Korea Co. Ltd., named in the Order, it is not named in the complaints at all. Rather, it is a subsidiary of Defendant LG.Philips Displays (now LP Displays International, Ltd.), a separate legal entity from LG Electronics, Inc. Accordingly, the Order provides no support for inclusion of LG Electronics, Inc., or any other LG entities, in this litigation.