# DEWEY & LEBOEUF

Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, NY 10019-6092

tel   +1 212 259 8050
fax  +1 212 259 7013
jkessler@dl.com

November 10, 2009

Hon. Charles A. Legge
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA  94111

RE:   *In re Cathode Ray Tube (CRT) Litigation,* No. 07-5944 SC, MDL No. 1917

Dear Judge Legge:

We write in response to the letters submitted by Direct and Indirect Purchaser Plaintiffs dated November 6, 2009, enclosing for the Court the recent decisions in *In re Potash Antitrust Litigation*, Case No. 1:08-cv-06910 (N.D. Ill. Nov. 3, 2009) ("*Potash*"), and *In re Aftermarket Filters Antitrust Litigation*, No. 08 C 4883 (N.D. Ill. Nov. 5, 2009) ("*Filters*").  We respectfully submit that the decisions in both *Potash* and *Filters* provide additional support for granting Defendants' motions to dismiss, as set forth briefly below.

With respect to *Potash*, the court in that case held that plaintiffs cannot establish standing under *Associated General Contractors of California v. California State Council of Carpenters*, 459 U.S. 519 (1983) ("*AGC*"), for alleged purchases of finished goods (fertilizer) containing an allegedly price-fixed component (potash).  *Potash*, at 50-58.  Specifically, the court held that plaintiffs who purchased products containing potash – as opposed to potash itself – are not participants in the relevant market and thus, have not suffered an antitrust injury.  *Id*. at 54-55.  The court also held that any claimed injury is too remote to confer *AGC* standing, as plaintiffs who purchased only finished goods cannot allege the requisite "chain of causation between the alleged restraint in the market – an illicit agreement to fix the price of potash – and their injury – paying higher prices for potash-containing products."  *Id*. at 56.  Similarly here, and as set forth in Defendants' motions to dismiss, both the Direct and Indirect Purchaser Plaintiffs seek recovery for purchases of finished products containing CRTs (televisions and computer monitors).  They thus also lack antitrust standing under the test articulated in *AGC*.

In this connection, Indirect Purchaser Plaintiffs direct the Court to pages 13 through 17 of the *Filters* decision, which also address standing under *AGC*.  This portion of *Filters*, however, is easily distinguished.  There, the court held that the so-called "Do It For Me" plaintiffs suffered antitrust injury because they "actually purchase[d] the product that is the subject of the price fixing conspiracy," and in fact, the "actual product" was "separately itemized and taxed" to plaintiffs.  *Filters*, at 16.  Here, by contrast, Indirect Purchaser Plaintiffs seek recovery for purchases made of finished goods, not of the

November 10, 2009
Page 2

product allegedly price-fixed.

Moreover, both cases dismiss claims brought by indirect purchaser plaintiffs under the state laws at issue here, applying the arguments made by Defendants in support of their motions to dismiss. For example, the court in *Potash* dismissed claims brought by indirect purchaser plaintiffs for unjust enrichment under Michigan and Kansas law for the exact reason given by Defendants here – "allegations of 'indirect' purchases, and Defendants' subsequent alleged 'indirect' enrichment" does not state a claim under Michigan or Kansas law. *Id*. at 72. Further, the court in *Filters* dismissed the following state law claims, which are also at issue here: (i) a Nebraska state antitrust claim based on conduct pre-dating the enactment of that state's "Repealer" statute, (*Filters*, at 11-12); (ii) a claim brought under the New York Consumer Protection Act, N.Y. Gen. Bus. Law § 349 9 (*id*. at 20-21); and, (iii) a claim brought under the Rhode Island Deceptive Trade Practices Act, R.I. Gen. Law 6-13.1-1, *et seq*., (*id*. at 21-22). For all the reasons stated in the *Filters* decision, these same claims should be dismissed here.

          Respectfully submitted,

          s/ Jeffrey L. Kessler

          Jeffrey L. Kessler

cc:     All Counsel via ECF