STEVEN A. REISS (*Admitted Pro Hac Vice*)
DAVID L. YOHAI (*Admitted Pro Hac Vice*)
DAVID YOLKUT (*Admitted Pro Hac Vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone:   (212) 310-8000
Facsimile:   (212) 310-8007
Email: steven.reiss@weil.com

JEFFREY L. KESSLER (*Admitted Pro Hac Vice*)
A. PAUL VICTOR (*Admitted Pro Hac Vice*)
EVA W. COLE (*Admitted Pro Hac Vice*)
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-7013
Email: jkessler@dl.com

**Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **In Re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | No.:   M-07-5944 SC MDL NO. 1917 |
| This Document Relates to: | **OBJECTIONS OF DEFENDANTS PANASONIC CORP. AND PANASONIC CORP. OF NORTH AMERICA TO THE REPORT, RECOMMENDATIONS AND TENTATIVE RULINGS OF THE SPECIAL MASTER REGARDING PANASONIC'S MOTION TO DISMISS DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT** |
| DIRECT PURCHASER ACTION. | |
| | Judge: Hon. Samuel Conti Special Master: Hon. Charles A. Legge (Ret.) |
| | **ORAL ARGUMENT REQUESTED** |

MDL NO. 1917                                         PANASONIC DEFENDANTS' OBJECTIONS

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ...................................................................................................................... 3

I.      THE REPORT SHOULD HAVE RECOMMENDED THAT PNA BE
        DISMISSED FROM THE DIRECT ACTION............................................................. 3

II.     THE REPORT ALSO ERRED IN NOT RECOMMENDING THE
        DISMISSAL OF PANASONIC CORP.. ................................................................... 5

CONCLUSION ................................................................................................................... 6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Ashcroft v. Iqbal,*
  129 S. Ct. 1937 (2009) ............................................................................................ *passim*

*In re ATM Fee Antitrust Litig.,*
  No. 04-02676 CRB, 2009 U.S. Dist. LEXIS 83199 (N.D. Cal. Sept. 4, 2009).................... 2

*Bell Atlantic Corp. vs. Twombly,*
  550 U.S. 544 (2007)............................................................................................ *passim*

*In re Elevator Antitrust Litig.,*
  502 F.3d 47 (2d Cir. 2007) ...................................................................................... 4

*Jung v. Ass'n of Am. Med. Colls.,*
  300 F. Supp. 2d 119 (D.D.C. 2004)........................................................................ 3, 5

*Kendall v. Visa U.S.A., Inc.,*
  518 F.3d 1042 (9th Cir. 2008) ............................................................................... *passim*

*In re SRAM Antitrust Litig.,*
  580 F. Supp. 2d 896 (N.D. Cal. Feb. 14, 2008)................................................................ 5

*Sherman v. British Leyland Motors, Ltd.,*
  601 F.2d 429 (9th Cir. 1979)..................................................................................... 5

*Suguri v. Wells Fargo Bank, N.A.,*
  No. CV 09-1828 PSG, 2009 WL 2486546 (C.D. Cal. Aug. 7, 2009)................................ 3

*In re TFT-LCD Antitrust Litig.,*
  586 F. Supp. 2d 1109 (N.D. Cal. 2008) ....................................................................... 3-5

*In re Travel Agent Comm'n Antitrust Litig.,*
  583 F.3d 896 (6th Cir. 2009) ................................................................................. 3

*Weinstein v. Saturn,*
  303 Fed. Appx. 424 (9th Cir. 2008)........................................................................... 5

## FEDERAL STATUTES

Fed. R. Civ. P. 53 .......................................................................................................... 3

1

**INTRODUCTION**

2    Defendants Panasonic Corp. of North America ("PNA") and Panasonic Corporation

3 ("Panasonic Corp.") (together, the "Panasonic Defendants") respectfully submit the following

4 objections to the February 5, 2010 Report, Recommendations and Tentative Rulings of the

5 Special Master Regarding Defendants' Motions to Dismiss (the "Report") (Docket No. 597).

6 The objections detailed herein specifically relate to the Report's summary recommendation to

7 deny the Panasonic Defendants' motion to dismiss the Direct Purchaser Plaintiffs'

8 Consolidated Amended Complaint (the "DP-CAC") (Docket No. 474).

9    The Report's treatment of the defendants' individual motions to dismiss the DP-CAC,

10 including that of the Panasonic Defendants, can only be described as cursory and perfunctory.

11 The Report, for example, does not even set forth the particular allegations that it found

12 sufficient to warrant the denial of defendants' motions.   *See* Report at 15:11-14 (concluding

13 summarily that "plaintiffs have made the necessary showing, and that each allegation as to

14 each defendant need not be repeated in this report").   Indeed, the Report does not even

15 mention PNA or Panasonic Corp. (or any of the other individual defendants), let alone

16 provide the *factual* basis for its conclusion that both companies should be subject to the

17 rigorous demands imposed by discovery, notwithstanding the fleeting and conclusory

18 references to each company in Plaintiffs' Complaint.   *See* Panasonic Motion to Dismiss

19 (Docket No. 474) at 3-6 (summarizing allegations re: PNA); 8-11 (summarizing allegations

20 re: Panasonic Corp.).   Moreover, under the pleading standards articulated by the Supreme

21 Court in *Bell Atlantic Corp. vs. Twombly* and *Ashcroft v. Iqbal*, there is no *plausible* basis to

22 allow Plaintiffs' conclusory claims against either PNA or Panasonic Corp. to proceed.   *See*

23 *Twombly*, 550 U.S. 544, 570 (2007) (requiring that plaintiffs allege sufficient facts to

24 "nudge[] their claims across the line from conceivable to plausible"); *Iqbal*, 129 S.Ct. 1937,

25 1950 (2009) (pleading's factual content must "permit the court to infer more than the mere

26 *possibility* of misconduct") (emphasis added).

27

28

The Report erred in failing to focus on the plausibility of the DP-CAC's claims as asserted against PNA and Panasonic Corp. in particular.   After *Twombly* and *Iqbal*, the mere provision of "notice" is no longer sufficient.   Indeed, a handful of stray references to PNA and Panasonic Corp. – made with no factual specificity whatsoever – do not amount to a "plausible" claim that *these two entities* either joined or participated in any purported conspiracy.   As set forth more fully in Defendants' joint objections, incorporated herein by reference, the Report fundamentally erred in concluding that the DP-CAC alleges a conspiracy involving "Finished Products" (*i.e.*, CRT televisions and computer monitors) in addition to a conspiracy involving CRTs themselves.   Aside from Plaintiffs' misleading use of the label "CRT Products" (which is defined to include both CRTs and all products containing CRTs), there are no facts in the DP-CAC to allege such a nebulous conspiracy. Thus, it is economically implausible that a company such as PNA – a United States sales company of finished televisions – would have any conceivable motive to join an alleged conspiracy to fix higher prices for a component of those televisions, from which it would not benefit.

Moreover, the Report incorrectly states that Defendants' substantive arguments concerning the need for individualized factual pleading "puts form over substance."   Report at 15:20-21.   The Report makes no attempt to justify Plaintiffs' "lumped" allegations concerning unspecified groups of "Defendants," or the amorphous entity named "Panasonic" (which is defined to include not only PNA and Panasonic Corp., but also two entities dropped from the Complaints, and another entity, MT Picture Display Co., Ltd. ("MTPD"), that was engaged in the manufacturing of CRTs).[1]   As the Panasonic Defendants have previously argued, allegations that merely "lump" together affiliated corporate entities under a catch-all name are insufficient.[2]   The Report's contrary conclusion is contrary to well-settled

---

[1]  As a manufacturer of CRTs, MTPD has not individually moved to dismiss either complaint, given the specific allegations asserted against that particular Panasonic-related entity. MTPD is included, however, in Defendants' joint motions to dismiss each complaint.

[2]  *See, e.g., In re ATM Fee Antitrust Litig.*, No. 04-02676 CRB, 2009 U.S. Dist. LEXIS 83199, at * 14 (N.D. Cal. Sept. 4, 2009) (dismissing antitrust complaint that "merely lump[s] together

MDL NO. 1917                                    PANASONIC DEFENDANTS' OBJECTIONS
2

1    requirements for individualized pleading as to "each and every defendant."   *See* Panasonic

2    Reply (Docket No. 547) at 10:3-15:21 (citing cases).   It is impossible, for example, to

3    substantively respond to an allegation directed at "Defendants" when it cannot be discerned

4    what PNA, Panasonic Corp. or any other entity is specifically alleged to have done.   This is

5    why "general allegations as to all defendants, to 'Japanese defendants,' or to a single

6    corporate entity such as 'Hitachi' are insufficient to put specific defendants on notice of the

7    claims against them."   *In Re TFT-LCD Antitrust Litig.*, 586 F.Supp.2d 1109, 1117 (N.D. Cal.

8    2008) (*"TFT-LCD I"*); *see also Jung v. Ass'n of Am. Med. Colls.*, 300 F.Supp. 2d 119, 163

9    (D.D.C. 2004) ("Plaintiffs cannot escape their burden of alleging that *each defendant*

10   participated in or agreed to join the conspiracy by using the term 'defendants' to apply to

11   numerous parties without any specific allegations as to [the moving defendant]") (emphasis

12   added).[3]

13                                          **ARGUMENT**

14   **I.       THE REPORT SHOULD HAVE RECOMMENDED THAT PNA BE**

15   **            DISMISSED FROM THE DIRECT ACTION**

16            The Report's conclusion that "plaintiffs have made the necessary showing" as to

17   PNA is manifestly incorrect, and should be modified by this Court based on a *de novo* review.

18   *See* Fed. R. Civ. P. 53(f)(4).   In fact, Plaintiffs have failed to set forth *any* facts to support a

19   _____

20   allegations against the holding company and its subsidiary"); *Suguri v. Wells Fargo Bank,*
     *N.A.*, No. CV 09-1828 PSG, 2009 WL 2486546, at *6 (C.D. Cal. Aug. 7, 2009) ("formulaic

21   allegations lumping all Defendants together are insufficient to state a claim," citing *Twombly*,
     550 U.S. at 555).

22   [3] Nor does the Report sufficiently consider or account for the massive discovery burdens to
     which PNA and Panasonic Corp. will be subject if discovery is allowed to proceed against

23   each company purely on the basis of generalized, conclusory allegations.   The Report
     blithely states that each defendant can conduct an internal investigation, and "then know

24   enough to be able to plead, to assert a denial, to allege affirmative defenses, and to prepare for
     motions if appropriate."   Report at 16:9-13.   As the *Twombly* Court stated, however, "it is

25   only by taking care to require allegations that reach the level suggesting conspiracy that we
     can hope to avoid the potentially enormous expense of discovery."   550 U.S. at 559; *see also*

26   *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 908-09 (6th Cir. 2009) ("Pursuant
     to *Twombly*, district courts must assess the plausibility of an alleged illegal agreement *before*

27   parties are forced to engage in protracted litigation and bear excessive discovery costs")
     (emphasis in original).

28   MDL NO. 1917                                      PANASONIC DEFENDANTS' OBJECTIONS

                                               3

1    claim that PNA – a U.S. sales company of finished televisions – participated in any alleged

2    CRT conspiracy that took place overseas.   Specifically, Plaintiffs rely upon a single, naked

3    allegation in the DP-CAC – which is wholly conclusory and bereft of *any* factual detail – that

4    PNA "was represented in" unnamed and unspecified "illegal meetings and communications"

5    over an eight-year period.   *See* DP-CAC (Docket No. 436), at ¶ 163.   The DP-CAC fails to

6    allege that PNA participated in or attended *any* of these alleged overseas meetings; nor does it

7    explain how or why PNA was purportedly represented at the alleged meetings; or by whom.

8    Such vague, conclusory assertions do not come close to satisfying the *Twombly* standard.

9    *See*, *e.g.*, *Twombly*, 550 U.S. at 557; *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th

10   Cir. 2008) (requiring Plaintiffs to allege the "who, did what, to whom (or with whom), where,

11   and when" of *each* purported conspirator's involvement); *In re Elevator Antitrust Litig.*, 502

12   F.3d 47, 50 (2d Cir. 2007) (affirming dismissal of complaint in which the averments were "in

13   entirely general terms without any specification of any particular activities by any particular

14   defendant").

15       The Report nevertheless contends that "at least each defendant group and many of the

16   individual companies within each group, has adequate knowledge" about what they are being

17   charged with.   Report at 16:3-5.   Thus, the Report concedes that certain Defendants may

18   not independently have sufficient notice under the Federal Rules.   Moreover, the Report

19   constructs a straw-man in stating that Defendants "would apparently be satisfied only with a

20   complaint that made separate allegations against each defendant, and in each allegation

21   repeated all of the necessary facts which plaintiffs must prove."   *Id.* at 15:21-23.   Rather,

22   the Panasonic Defendants only insist upon what the Federal Rules, *Twombly* and its progeny

23   all demand: that *each and every defendant* be put on notice of the specific allegations against

24   them.   *See TFT-LCD I*, 586 F.Supp.2d at 1117 (a "complaint 'must allege that *each*

25   individual defendant joined the conspiracy and played some role in it because, at the heart of

26

27

28

1    an antitrust conspiracy is an agreement and a conscious decision by *each defendant* to join

2    it.'") (citing *Jung*, 300 F.Supp. 2d at 163-64) (emphasis added).[4]

3    **II.    THE REPORT ALSO ERRED IN NOT RECOMMENDING THE DISMISSAL
         OF PANASONIC CORP.**
4
5         The Report fares no better when viewed against the Complaint's implausible and

6    conclusory allegations against Panasonic Corp.   As noted above, the Complaint's general

     allegations concerning the activities of the amorphous entity "Panasonic" cannot survive
7
     scrutiny.   *See* DP-CAC, at ¶ 162 (alleging that "Panasonic" participated in various
8
     unidentified meetings from 1996 through at least 2003, which took place in "Taiwan,
9
     Malaysia, and China").   Indeed, the Complaint does not reference a single instance in which
10
     Panasonic Corp. is alleged to have attended either the informal "group meetings" or the
11
     formal "Glass Meetings."   *See* DP-CAC, at ¶¶ 5, 6, 138, 140-153, 155-168, 170-175.
12
          Moreover, it is not enough for the Report to state that "an allegation of corporate
13
     agency and control may be enough."   Report at 13:8-9 (citing *Weinstein v. Saturn*, 303 Fed.
14
     Appx. 424 (9th Cir. 2008)).   Plaintiffs make this same blunt and naked assertion as to each
15
     and every corporate parent identified in the Complaint, including Panasonic Corp.   DP-CAC,
16
     at ¶¶ 25, 28, 31-32, 35, 38-39, 42-43, 47-49, 52-56, 59-66, 72-77.   It would be absurd to
17
     allow a Complaint to proceed against a corporate parent merely because Plaintiffs have
18
     asserted an allegation that is completely divorced from any facts.   Indeed, the clear law in
19
     this Circuit is to the contrary.   *See, e.g.*, *Sherman v. British Leyland Motors, Ltd.*, 601 F.2d
20
     429, 441 (9th Cir. 1979) (a mere allegation of corporate ownership, with no specific factual
21
     allegations to pierce the corporate veil, fails as a matter of law).
22

23   _____

24   [4] The Report's attempt to compare Plaintiffs' allegations with those ultimately upheld in the
     *LCD* case is unavailing.   The Report notes that the amended complaint in *LCD* "added
     sufficient facts about illicit conspiratorial communications among the defendants," and "also
25   alleged guilty pleas entered by four defendants."   Report at 12:5-8.   However, there are no
     factual allegations that PNA participated in any "conspiratorial meetings," and PNA has
26   certainly not pled guilty to any charges in connection with an alleged CRT conspiracy it
     clearly had nothing to do with. Thus, in contrast to *LCD* and *In re SRAM Antitrust Litig.*, 580
27   F.Supp. 2d 896, 904 (N.D. Cal. 2008), Plaintiffs' allegations do *not* "plausibly suggest that
     [PNA] participated in the alleged conspiracy."
28   _____
     MDL NO. 1917                          PANASONIC DEFENDANTS' OBJECTIONS
                                    5

1

## CONCLUSION

2    For all of the reasons stated above, the Panasonic Defendants respectfully object to the

3 Special Master's Report, and submit that this Court should modify the Report and dismiss

4 Direct Purchaser Plaintiffs' Complaint as against Panasonic Corp. and PNA.

5    Dated: February 19, 2010                   By:   /s/ David L. Yohai
                                                STEVEN A. REISS (*pro hac vice*)
6                                               Email: steven.reiss@weil.com
                                                DAVID L. YOHAI (*pro hac vice*)
7                                               Email: david.yohai@weil.com
                                                DAVID E. YOLKUT (*pro hac vice*)
8                                               Email: david.yolkut@weil.com
                                                **WEIL, GOTSHAL & MANGES LLP**
9                                               767 Fifth Avenue
                                                New York, New York 10153-0119
10                                              Telephone:   (212) 310-8000
                                                Facsimile:   (212) 310-8007
11

12
                                                GREGORY D. HULL (57367)
13                                              Email: greg.hull@weil.com
                                                **WEIL, GOTSHAL & MANGES LLP**
14                                              201 Redwood Shores Parkway
                                                Redwood Shores, California 94065-1175
15                                              Telephone: (650) 802-3000
                                                Facsimile: (650) 802-3100
16

17                                              By:   /s/ Jeffrey L. Kessler
                                                JEFFREY L. KESSLER (*pro hac vice*)
18                                              Email: jkessler@dl.com
                                                A. PAUL VICTOR (*pro hac vice*)
19                                              Email: pvictor@dl.com
                                                EVA W. COLE (*pro hac vice*)
20                                              Email: ecole@dl.com
                                                **DEWEY & LEBOEUF LLP**
21                                              1301 Avenue of the Americas
                                                New York, NY 10019
22                                              Telephone: (212) 259-8000
                                                Facsimile: (212) 259-7013
23

24
                                                ***Attorneys for Defendants Panasonic***
25                                              ***Corporation of North America, MT Picture***
                                                ***Display Co., Ltd., and Panasonic Corporation***
26                                              ***(f/k/a Matsushita Electric Industrial Co., Ltd.)***

27

28
MDL NO. 1917                                              PANASONIC DEFENDANTS' OBJECTIONS
                                        6