Samuel R. Miller (SBN 66871)
srmiller@sidley.com
Marie L. Fiala (SBN 79676)
mfiala@sidley.com
Ryan M. Sandrock (SBN 251781)
rsandrock@sidley.com
Robert B. Martin III (SBN 235489)
rbmartin@sidley.com
SIDLEY AUSTIN LLP
555 California Street, 20th Floor
San Francisco, California  94104
Telephone:         (415) 772-1200
Facsimile:         (415) 772-7400

Attorneys For Defendants
LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; and
LG ELECTRONICS TAIWAN TAIPEI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.: 3:07-cv-5944 SC<br><br>MDL No. 1917<br><br>**LG ELECTRONICS, INC., LG ELECTRONICS USA, INC., AND LG ELECTRONICS TAIWAN TAIPEI CO., LTD.'S COMBINED OBJECTIONS TO REPORT, RECOMMENDATIONS AND TENTATIVE RULINGS OF THE SPECIAL MASTER REGARDING THE LGE ENTITIES' MOTION TO DISMISS DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT AND INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT**<br><br>Before:          Hon. Samuel Conti<br>Special Master:  Hon. Charles A. Legge, U.S. District Judge (Ret.)<br><br>**ORAL ARGUMENT REQUESTED** |
| This Document Relates To:<br><br>DIRECT PURCHASER ACTIONS and INDIRECT PURCHASER ACTIONS | |

Defendants LG Electronics, Inc. ("LGE"), LG Electronics USA, Inc. ("LGUSA"), and LG Electronics Taiwan Taipei Co., Ltd. ("LGETT") (the "LGE Entities") object to the February 5, 2010 Report, Recommendations and Tentative Rulings of the Special Master ("Report" (Dkt. 597)) Regarding the LGE Entities' Motion to Dismiss ("Motion" (Dkt. 467)) the Direct Purchasers' and Indirect Purchasers' Consolidated Amended Complaints ("DPC" (Dkt. 436) and "IPC" (Dkt. 437), respectively, or "Complaints," jointly).

## I. INTRODUCTION

The Report errs as a matter of law as to two crucial issues regarding the LGE Entities. First, after recognizing that plaintiffs alleged fraudulent concealment in a collective fashion as to all defendants, the Report fails to apply binding Ninth Circuit precedent that forbids such collective allegations, but instead requires plaintiffs to allege fraudulent concealment specifically *as to each defendant*. Both plaintiffs and the Report agree that this was not done, and on that basis alone, the Court should reject the fraudulent concealment allegations and rule that the statute of limitations bars the claims brought against the LGE Entities for conduct before November 2003 (more than four years prior to the original complaints).

Second, even though plaintiffs alleged that LGE ceased to participate in the alleged conspiracy after 2001, the Report would permit plaintiffs to avoid the statute of limitations by accepting conclusory allegations that a separate legal entity—LP Displays International, Ltd. ("LPD")—acted as an agent for the LGE Entities when LPD participated in the conspiracy after 2001. But LPD is a separate Dutch company that is neither a parent or subsidiary of any of the LGE Entities, and plaintiffs offer *no facts* to substantiate their agency claim. This District has long held that conclusory agency allegations are insufficient for pleading purposes. The Special Master should therefore have rejected plaintiffs' conclusory agency allegations as to the LGE Entities.

## II. ARGUMENT

### A. The Special Master Erred in Disregarding Binding Ninth Circuit Precedent Requiring Specificity for Fraudulent Concealment Allegations

The Complaints allege an implausibly vast conspiracy, involving almost fifty defendants, twelve years, and a putative class of almost every household in the United States. DPC ¶¶ 2, 85; IPC

1

¶ 16. But despite the over-reaching scope of the Complaints, they fail to allege properly fraudulent concealment, and do not support claims prior to November 2003.

Because the Complaints acknowledge that LGE ceased to participate in the alleged Tubes conspiracy after 2001 (IPC ¶ 168; *see* DPC ¶ 41; IPC ¶ 50), plaintiffs' claims against LGE are time barred unless the applicable four-year statute of limitations is tolled because of fraudulent concealment. *See* Report at 19-20. The Report acknowledges that "plaintiffs have not alleged fraudulent concealment on a defendant-by-defendant basis." *Id.* at 21; *see* Dkt. 531 at 23, 28–29 (plaintiffs conceding same). The Report concludes, however, that that plaintiffs need not "plead facts as to what *each* defendant did within the conspiracy, including concealment." *Id.* (emphasis in original).

The Report's conclusion is incorrect as a matter of law. Binding Ninth Circuit precedent, which the Special Master did not specifically address, holds that "[p]laintiffs may not generally use the fraudulent concealment by one defendant as a means to toll the statute of limitations against other defendants." *Barker v. Am. Mobil Power Corp.*, 64 F.3d 1397, 1402 (9th Cir. 1995); *see* Mot. at 10 (citing cases). *Barker* cannot be distinguished by the Special Master's general suggestion that decisions requiring specific defendant-by-defendant allegations of fraudulent concealment "have not been in the context of a large international conspiracy as is this case" (Report at 21), because the authorities cited by the Ninth Circuit in *Barker* were *all conspiracy decisions*. 64 F.3d at 1402 (citing *Griffin v. McNiff*, 744 F. Supp. 1237, 1256 (S.D.N.Y. 1990) (RICO conspiracy); *O'Brien v. Nat'l Property Analysts Partners*, 719 F. Supp. 222, 232 (S.D.N.Y. 1989) (securities fraud and RICO conspiracy); *Bingham v. Zolt*, 683 F. Supp. 965, 975 (S.D.N.Y. 1988) (state law conspiracy)).

Looking beyond plaintiffs' insufficient collective allegations, none of the supposed "references to certain of the individual defendants . . . participating in the fraudulent concealment" cited in the Report (at 22) support a legally viable fraudulent concealment claim as to the LGE Entities. As a threshold matter, the Report ignores substantial Ninth Circuit authority that the Complaints "must allege facts showing *affirmative conduct* upon the part of the defendant which would, under the circumstances of the case, lead a reasonable person to believe that he did not have a claim for relief." *Rutledge v. Boston Woven Hose and Rubber Co.*, 576 F.2d 248, 250 (9th Cir.

2

LGE ENTITIES' COMBINED OBJECTIONS TO REPORT, RECOMMENDATIONS AND TENTATIVE RULINGS OF THE SPECIAL MASTER REGARDING MOTION TO DISMISS – CASE NO.: 3:07-CV-5944 SC

1978) (emphasis added); *see Conmar Corp. v. Mitsui & Co. (USA) Inc.*, 858 F.2d 499, 505 (9th Cir. 1988).  The Complaints contain no allegations showing any affirmative conduct by any of the LGE Entities to conceal the alleged conspiracy.  Indeed, plaintiffs can only allege that the conspiracy was "inherently self-concealing" (DPC ¶ 203), a tactic which the Ninth Circuit has specifically rejected. *Conmar*, 858 F.2d at 505.

Equally unavailing is the Report's citation (at 22) to the allegations of DPC ¶¶ 209-10.  DPC ¶ 209 refers to an alleged statement of a separate "distributor" in India, *not* an employee of any LGE Entity.  As a matter of law, that third-party statement cannot be attributed to the LGE Entities for purposes of establishing fraudulent concealment.  *See Kuntze v. Carrane*, 1993 U.S. Dist. LEXIS 3668, at *21 (N.D. Ill. Mar. 19, 1993) (fraudulent concealment "is limited to the conduct of the defendants and not the conduct of third parties").

Likewise, DPC ¶ 210—which alleges that one of the LGE Entities issued false press statements regarding CRT prices—is deficient because it lacks any specificity as to time, place, identity of speaker, or substance.  *See In re Milk Prods. Antitrust Litig.*, 84 F. Supp. 2d 1016, 1023 (D. Minn. 1997) ("the mere allegation that Defendants mailed letters to customers attributing price increases to market factors [ ] does not lead to the conclusion that Defendants affirmatively concealed a conspiracy, . . .");  *Donahue v. Pendleton Woolen Mills, Inc.*, 633 F. Supp. 1423, 1443 (S.D.N.Y. 1986) (same).  The Report (at 23) also credits the fraudulent concealment allegations in the IPC, notwithstanding that *none* of those allegations refers specifically to the LGE Entities (or to any other defendant, for that matter).  *See* IPC ¶¶ 288-91.  The Court should thus reject the Report's conclusions and rule that plaintiffs' claims against the LGE Entities are time barred.

**B.      The Special Master Erred in Accepting Conclusory Agency Allegations Which Are Legally Deficient in the Ninth Circuit**

The Report errs further by disregarding the formal corporate separation of the LGE Entities themselves,[1] and the LGE Entities' separation from LPD, without requiring factual allegations to

---

[1] Indeed, the Complaints contain virtually no allegations against LGUSA or LGETT, other than identifying them as defendants.  DPC ¶¶ 42-43; IPC ¶¶ 51-52.  Yet the Report's conclusions would permit this action to proceed against those entities without any factual allegations as to wrongdoing.

3

establish an agency relationship. Both the Complaints and the Report improperly aggregate LGE, LGUSA, and LGETT under the catch-all "LG Electronics" or "LG." Report at 13–15; DPC ¶ 45; IPC ¶ 53. Yet those companies are three separate entities, are organized in different jurisdictions, and engage in the separate purchase, sale, or marketing of different products. *See* Mot. at 5-6.

Plaintiffs claim that "[a]fter 2001, LG participated in the CRT Product conspiracy through" LPD, a separate corporate entity with separate counsel and not a party to this motion. IPC ¶ 168; *see* DPC ¶ 41; IPC ¶ 50. The Complaints contain *no* factual allegations supporting the conclusion that LPD acted as an agent of any of the LGE Entities. Yet the Report concludes that "[i]t is . . . plausible for pleading purposes that where an allegation is made that the parent corporation of a corporate family was a participant in a conspiracy, that the subsidiaries followed the directions of the parent." Report at 13. That conclusion is inapposite here because LPD was not a subsidiary to the LGE Entities; rather, it was a completely separate company, organized as a joint venture in which LGE had a minority ownership interest.[2] *See* DPC ¶ 41; IPC ¶ 61. The conclusion also ignores the long-standing legal presumption of corporate separateness. *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries."); *Sherman v. British Leyland Motors, Ltd.*, 601 F.2d 429, 441 (9th Cir. 1979) (holding the "relationship of parent and subsidiary" by itself "is not enough" to attach antitrust liability to a parent company due to the actions of its subsidiary).

Moreover, it is contrary to well-settled principles that plaintiffs may not rely upon conclusory allegations to establish an agency relationship. *Biggins v. Wells Fargo & Co.*, 2009 U.S. Dist. LEXIS 64620, at \*\*33–36 (N.D. Cal. July 27, 2009) (rejecting allegation that one company is the "agent, subsidiary, parent" of another because such allegations "are nothing more than bare legal conclusions" which must be rejected under *Twombly*); *In re Cal. Title Ins. Antitrust Litig.*, 2009 U.S.

---

[2] That fact distinguishes this case from *In re TFT-LCD Antitrust Litig.*, 599 F. Supp. 2d 1179, 1184–85 (N.D. Cal. 2009), relied upon by the Report (at 12), and which held that agency relationship was properly alleged between parents and subsidiaries; it did not speak, however, to entirely separate companies.

4

LGE ENTITIES' COMBINED OBJECTIONS TO REPORT, RECOMMENDATIONS AND TENTATIVE RULINGS OF THE SPECIAL MASTER REGARDING MOTION TO DISMISS – CASE NO.: 3:07-CV-5944 SC

Dist. LEXIS 43323, at *29 (N.D. Cal. May 21, 2009) (rejecting conclusory allegations of agency where "[p]laintiffs . . . do not attempt to allege any facts to show that the parent corporations knew what their subsidiaries were doing"); *Canam Steel Corp. v. Mayo*, 2009 U.S. Dist. LEXIS 44059, at *7 (E.D. Cal. May 22, 2009) (plaintiffs must plead agency "factual allegations . . . to raise a right to relief above the speculative level."); *see* Reply 6 & n.8 (Dkt. 553, Sept. 24, 2009) (citing cases).

Despite the foregoing authority, the Report concludes that "an allegation of corporate agency and control may be enough" to provide the necessary factual heft to support an agency theory.[3] Report at 13. In reaching this conclusion, the Special Master cites to *Weinstein v. Saturn*, 303 Fed. Appx. 424 (9th Cir. 2008), but that case did not involve conspiracy allegations and specifically states that the complaint there "allege[d] facts supporting the existence of an actual agency relationship . . . ." 303 Fed. Appx. at 426.[4] The Complaints here contain no such supporting facts, at least as to the relationships between and among the different LGE Entities and LPD.

Finally, the Report states that the "*entire* complaint" must be taken in context in assessing the agency allegations. Report at 13 (emphasis in original). But even taking the Complaints in context, there are still no factual allegations supporting the theory that LPD acted as an agent of the LGE Entities from 2001 through 2006. Thus, the Court is left with plaintiffs' concession that the LGE Entities ceased to participate in the alleged conspiracy in 2001, and—given the inadequacy of plaintiffs' fraudulent concealment allegations—the statute of limitations bars plaintiffs' claims against the LGE Entities.

### III. CONCLUSION

For the reasons expressed above and those in the LGE Entities' Motion and Reply, the Court should dismiss the Complaints as to the LGE Entities with prejudice.

---

[3] The Report's conclusion is also flatly inconsistent with prior decisions in this District. The Special Master endorses the complaints' conclusory allegation that LGE "dominated and controlled the finances, policies and affairs of" LGUSA and LGETT (DPC ¶¶ 42-43), even though other courts in this District rejected comparable allegations. *See Brennan v. Concord EFS, Inc.*, 369 F. Supp. 2d 1127, 1136 (N.D. Cal. 2005) (rejecting conclusory agency allegations that the company "exercised such dominion and control over Bank One, NA and Bank One Arizona that it is liable . . .").

[4] It also bears noting that *Weinstein* is not precedential. *See* 9th Cir. R. 36-3(a) (2007).

5

LGE ENTITIES' COMBINED OBJECTIONS TO REPORT, RECOMMENDATIONS AND TENTATIVE RULINGS OF THE SPECIAL MASTER REGARDING MOTION TO DISMISS – CASE NO.: 3:07-CV-5944 SC

1  Respectfully submitted,

2  Dated: February 19, 2010                    SIDLEY AUSTIN LLP

4                                              By: /s/ Samuel R. Miller
                                                   Samuel R. Miller
                                                   Attorneys For Defendants
                                                   LG ELECTRONICS, INC.; LG
                                                   ELECTRONICS USA, INC.; and
                                                   LG ELECTRONICS TAIWAN TAIPEI CO.,
                                                   LTD.

6

**LGE ENTITIES' COMBINED OBJECTIONS TO REPORT, RECOMMENDATIONS AND TENTATIVE RULINGS OF THE SPECIAL MASTER REGARDING MOTION TO DISMISS – CASE NO.: 3:07-CV-5944 SC**