1  KENT M. ROGER, State Bar No. 95987
2  DIANE L. WEBB, State Bar No. 197851
   MICHELLE PARK CHIU, State Bar No. 248421
3  MORGAN, LEWIS & BOCKIUS LLP
   One Market, Spear Street Tower
4  San Francisco, CA 94105-1126
   Tel: 415.442.1000
5  Fax: 415.442.1001
   E-mail:  kroger@morganlewis.com
6           dwebb@morganlewis.com
            mchiu@morganlewis.com
7
   Attorneys for Defendants
8  HITACHI, LTD., HITACHI AMERICA, LTD.,
   HITACHI ASIA, LTD., HITACHI DISPLAYS,
9  LTD., and HITACHI ELECTRONIC DEVICES
   (USA), INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. C07-5944 SC<br><br>**MDL NO. 1917** |
| This document relates to:<br><br>ALL ACTIONS. | **DEFENDANTS HITACHI, LTD., HITACHI AMERICA, LTD., HITACHI ASIA, LTD., HITACHI ELECTRONIC DEVISES (USA), INC., AND HITACHI DISPLAYS, LTD.'S OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATIONS REGARDING HITACHI, ET AL.'S MOTION TO DISMISS INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT**<br><br>Judge: Hon. Samuel Conti<br>Special Master: Hon. Charles A. Legge (Ret.) |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21559029.1
DEFENDANTS HITACHI, LTD, ET AL'S OBJECTIONS, ET AL.
CASE NO. C07-5944 SC

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | OBJECTIONS | 1 |
| | A. The Report Incorrectly Concludes That the IP-CAC Satisfies Twombly | 1 |
| | B. The Specific Allegations Against the Hitachi Defendants are Insufficient as a Matter of Law to State an Antitrust Conspiracy Claim | 3 |
| | C. The Report Incorrectly Determines Plaintiffs' Claims Are Not Time-barred | 4 |
| III. | CONCLUSION | 5 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21559029.1                    i
DEFENDANTS HITACHI, LTD, ET AL'S OBJECTIONS, ET AL.
CASE NO. C07-5944 SC

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) ................................................................................................ 1, 5

*Barker v. Am. Mobil Power Corp.*,
64 F.3d 1397 (9th Cir. 1995) ........................................................................................... 4

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ..................................................................................... 1, 2, 3, 4, 5

*Canam Steel Corp. v. Mayo*,
No. 2:09-cv-00672, 2009 U.S. Dist. LEXIS 44059 (E.D. Cal. 2009) ............................. 3

*In re TFT-LCD Antitrust Litig.*,
586 F. Supp. 2d 1109 (N.D. Cal. 2008) .......................................................................... 2

*Kendall v. Visa U.S.A., Inc.*,
518 F.3d 1042 (9th Cir. 2008) ............................................................................... 2, 3, 4

**Rules**

Fed. R. Civ. P. 8 ..................................................................................................................... 2

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21559029.1                                      ii
DEFENDANTS HITACHI, LTD, ET AL'S OBJECTIONS, ET AL.
CASE NO. C07-5944 SC

Pursuant to Rule 53(f)(2) and the Order Appointing Special Master (Dkt. 302), defendants Hitachi Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., Hitachi Displays, Ltd., and Hitachi Electronic Devices (USA), Inc. (collectively, the "Hitachi defendants") submit the following objections to the February 5, 2010 Report, Recommendations and Tentative Rulings of the Special Master Regarding Defendants' Motion to Dismiss (Dkt. 597) (the "Report"). The objections specifically relate to the portions of the Report concerning the Hitachi defendants' motion to dismiss the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint (Dkt. 485) (the "IP-CAC").[1]

## I.   INTRODUCTION

The Report's recommendations are based upon several erroneous conclusions and require this Court's modification for the following reasons.[2] The Report incorrectly concludes the IP-CAC satisfies the required standards pursuant to F.R.C.P. Rule 8 for pleading an antitrust claim. Applying *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as recently reiterated in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), Indirect Purchaser Plaintiffs ("Plaintiffs") fail to allege sufficiently, or provide notice of, the alleged conspiracy to all defendants and, specifically as to the Hitachi defendants. The Report is additionally incorrect in that it finds Plaintiffs are not required to allege specific acts of fraudulent concealment as to <u>each</u> Hitachi defendant – as Rule 9 requires – to toll the statute of limitations. For the above reasons, and as more fully discussed below, the Report's conclusions as to the Hitachi defendants should not be adopted and the IP-CAC should be dismissed.

## II.   OBJECTIONS

### A.   The Report Incorrectly Concludes That the IP-CAC Satisfies *Twombly*.

The Report correctly acknowledges that Plaintiffs must allege "charges alleging *each* defendant's role in the alleged conspiracy." Report at 12 (*citing In re TFT-LCD Antitrust Litig.*, 586

---

[1] A parallel submission sets forth defendants' objections to the Report, and the Hitachi defendants incorporate defendants' objections to the Report herein by reference. We incorporate by reference herein the transcript of the hearing on defendants' motions to dismiss attached as <u>Exhibit 1</u> to the Declaration of Jeffrey Kessler filed concurrently with defendants' objections. Additionally, the Hitachi defendants concurrently submit their objections to the Report as it relates to their motion to dismiss the Direct Purchaser Plaintiffs' Consolidated Amended Complaint (the "DP-CAC") and incorporate those objections herein by reference as well. The Hitachi defendants attempted to secure Plaintiffs' agreement that the Hitachi defendants could file one combined objection to the Report's conclusions regarding the sufficiency of the IP-CAC and the DP-CAC, but Plaintiffs refused.

[2] All of the arguments presented here involve errors of law and are subject to *de novo* review. Order Appointing Special Master (Docket No. 302), June 16, 2008, at 6:5-10.

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

DB2/21559029.1
DEFENDANTS HITACHI, LTD, ET AL'S OBJECTIONS, ET AL.
CASE NO. C07-5944 SC

1  F. Supp. 2d 1109, 1117 (N.D. Cal. 2008). Nonetheless, the Report mistakenly concludes that
2  Plaintiffs' impermissible treatment of five separate corporate entities as one, fictional, collective
3  "Hitachi" is sufficient to satisfy Rule 8's and *Twombly*'s pleading requirements. F.R.C.P. 8; *Bell*
4  *Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

5  <u>First</u>, the Report fails to consider, much less address, the "basic questions" that *Twombly*
6  demands be answered, namely, the who, what, when and where of the claim. *Kendall v. Visa U.S.A.,*
7  *Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008). The Report concludes "'each defendant's pleading is not a
8  rule requiring detailed recitation, but is to be evaluated under the principle of the *adequacy of fair*
9  *notice* to the defendants," yet provides *no authority* to support this conclusion. Report at 13
10 (emphasis in original).

11 Rather, Plaintiffs must plead facts sufficient to show "a specific time, place or person involved
12 in the alleged conspiracies." *Twombly*, 550 U.S. at 565 n.10. As the Hitachi defendants demonstrated
13 in their motion to dismiss, the IP-CAC does not identify which Hitachi defendant allegedly
14 participated in what activity – a fatal defect under *Twombly*. *See* Hitachi Motion to Dismiss at 10-11,
15 Hitachi Reply at 2-5. The Report, however, incorrectly concludes Plaintiffs are not required to
16 provide "separate allegations against each defendant." Report at 15.

17 <u>Second</u>, assuming for argument purposes only that Plaintiffs are excused from alleging
18 specific facts as to each defendant – which they are not – the IP-CAC fails to provide <u>each Hitachi</u>
19 <u>defendant</u> with the required notice that even the Report deems necessary. Here again, the IP-CAC
20 levies allegations against a fictional, collective "Hitachi" and ignores that each is a separate and
21 distinct corporate entity. *See* IP-CAC, ¶¶ 2, 124, 141, 164-165, 179, 238.

22 <u>Third</u>, Plaintiffs try to plead around this defect by alleging "agency." But, their so-called
23 "agency" allegations are likewise insufficient and do nothing to cure the IP-CAC's material defects.
24 The Report concludes, "it is also plausible for pleading purposes that where an allegation is made that
25 the parent corporation of a corporate family was a participant in a conspiracy, that the subsidiaries
26 followed the directions of the parent." Report at 13. Yet, Plaintiffs' allegations fail to satisfy even
27 this low pleading threshold.

28 Plaintiffs' "agency" allegations are hinged improperly on the bald allegation that Hitachi, Ltd.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21559029.1                     2
DEFENDANTS HITACHI, LTD, ET AL'S OBJECTIONS, ET AL.
CASE NO. C07-5944 SC

"dominated and controlled the finances, policies and affairs" of the other Hitachi defendants. Plaintiffs, however, fail to allege <u>a single factual allegation</u> to support their *ipse dixit* pronouncement. IP-CAC, ¶¶ 88-91; *see Canam Steel Corp. v. Mayo*, No. 2:09-cv-00672, 2009 U.S. Dist. LEXIS 44059 at *7 (E.D. Cal. 2009) (stating plaintiffs must plead enough agency "factual allegations . . . to raise a right to relief above the speculative level."). Here, Plaintiffs fail to satisfy their burden.

Not only do Plaintiffs' agency allegations fall short of *Twombly*'s requirements, as previously stated the IP-CAC does not answer the basic questions of "who, did what, to whom (or with whom), where, and when" as to <u>each</u> Hitachi defendant. *Kendall*, 518 F.3d at 1048. As a result, the Report's conclusion that the IP-CAC provides sufficient notice of the allegations and claims against various separate Hitachi entities does not find support in the IP-CAC and is incorrect as a matter of law. Accordingly, the Report's recommendations should be rejected.

**B.  The Specific Allegations Against the Hitachi Defendants are Insufficient as a Matter of Law to State an Antitrust Conspiracy Claim.**

The Report also fails to consider or address that the IP-CAC does not contain facts sufficient to state a claim that the Hitachi defendants – much less the fictional "Hitachi's" –participated in an antitrust conspiracy. The Report erroneously relies upon allegations that name various defendant groups, including "Hitachi." Report at 13-14. It does not, however, address the Hitachi defendants' argument that such conclusory allegations are insufficient. In fact, Plaintiffs fail to plead basic, specific facts as *Twombly* requires.

As to the requisite conspiracy allegations, the Report concludes in sweeping fashion that "each defendant has notice of the products, time frames, meetings, subject matters, other participants, locations, and alleged conduct." Report at 14. Not so. When the allegations specific to the Hitachi defendants are examined, it is obvious that Plaintiffs' antitrust claim is <u>not</u> pleaded sufficiently. For example, the Report relies upon IP-CAC paragraphs 164-165 and 179 for finding that the IP-CAC provides adequate "*notice* of what the Hitachi defendants are charged with." *Id.* at 13-14. These bald allegations, however, do not provide the "specific time, place, or person involved in the alleged conspiracies." *Twombly*, 550 U.S. at 565 n.10.

Further illustrating this point is IP-CAC's paragraph 164, which alleges "bilateral discussions

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21559029.1
3
DEFENDANTS HITACHI, LTD, ET AL'S OBJECTIONS, ET AL.
CASE NO. C07-5944 SC

1  were also used to coordinate prices with CRT Product manufacturers that did not ordinarily attend the
2  group meetings, such as Defendants Hitachi . . . ."  <u>Such conclusory allegations do not provide the
3  requisite detail as to which Hitachi defendant may have engaged in which alleged bilateral
4  discussions, with whom the Hitachi defendant or defendants allegedly met, where the alleged
5  meetings took place, or what product was allegedly discussed.</u>  Absent specific factual allegations –
6  applying *Twombly* – the IP-CAC is fatally deficient.  *See Kendall*, 518 F.3d at 1048.

7  Moreover, as explained in the Hitachi defendants' Motion to Dismiss, many of the "facts"
8  Plaintiffs asserts are entirely inconsistent with and contradict the Hitachi defendants' alleged
9  participation in any antitrust conspiracy.  For example, Plaintiffs allege defendants' agreements to
10 allocate market share and customers were a key component of the alleged conspiracy.  IP-CAC, ¶¶
11 156.  But, as Plaintiffs concede, the Hitachi defendants experienced a rapidly declining market share
12 during the alleged duration of the conspiracy.  IP-CAC, ¶¶ 87, 72; *see also* Hitachi Mot. to Dismiss at
13 14 (Dkt. 466).  Plaintiffs' admissions regarding the Hitachi defendants' evaporating market share
14 cannot be squared with their alleged participation in an antitrust conspiracy.  If any of the defendants
15 were allocating market share, it was at the Hitachi defendants' expense.

16 In sum, the Report fails to address the insufficient nature of Plaintiffs' antitrust claim as to the
17 Hitachi defendants or Plaintiffs' contradictory allegations that are wholly inconsistent with
18 participation in any alleged conspiracy.  Accordingly, the Report's conclusion that the IP-CAC
19 sufficiently alleges an antitrust claim should not be adopted by this Court.

20 **C.   The Report Incorrectly Determines Plaintiffs' Claims Are Not Time-barred.**

21 The IP-CAC is additionally deficient in that it fails to allege specific acts of fraudulent
22 concealment as to <u>each</u> Hitachi defendant as required pursuant to Rule 9.  Plaintiffs may not
23 "generally use the fraudulent concealment by one defendant as a means to toll the statute of
24 limitations against other defendants."  *Barker v. Am. Mobil Power Corp.*, 64 F.3d 1397, 1402 (9th
25 Cir. 1995).

26 This material defect is apparent on the face of the IP-CAC.  The best Plaintiffs can muster
27 regarding the fictional "Hitachi's" participation in anticompetitive activity is that "it" attended
28 unspecified meetings as late as 2001.  IP-CAC, ¶¶ 179-180.  The IP-CAC contains no specific

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21559029.1                                          4
DEFENDANTS HITACHI, LTD, ET AL'S OBJECTIONS, ET AL.
CASE NO. C07-5944 SC

1  allegation that any specific Hitachi defendant engaged in any specific act of affirmative concealment.
2  Rather, Plaintiffs rely on generalized allegations against unspecified "Defendants," or allegations that
3  constitute the underlying conspiracy and not affirmative acts of concealment.  Thus, Plaintiffs have
4  not pleaded with the requisite level of specificity that *any* Hitachi defendant engaged in fraudulent
5  concealment.  Accordingly, Plaintiffs' claims as to *all* Hitachi defendants are barred by the statute of
6  limitations.

7  Furthermore, the Report incorrectly finds defendant Hitachi, Ltd. did not withdraw from the
8  CRT industry and, therefore, is a proper defendant in this case.  Plaintiffs readily admit that in 2002,
9  Hitachi, Ltd. left the CRT industry and spun off all its departments related to the display business to
10  Hitachi Displays, Ltd. IP-CAC, ¶ 88.  Nonetheless, Plaintiffs allege in conclusory fashion that
11  "Hitachi, Ltd. dominated and controlled the finances, policies and affairs of Hitachi Displays relating
12  to the antitrust violations alleged in this complaint." IP-CAC, ¶ 88.  Plaintiffs, however, do not allege
13  facts that establish Hitachi, Ltd. had any control or shared benefits with Hitachi Displays, Ltd. after it
14  spun off its CRT business.  Such incantations of agency are hardly sufficient to satisfy the pleading
15  standards of *Twombly* and *Iqbal*, and the Report erroneously finds this assertion sufficient to
16  withstand a motion to dismiss.

## III.   CONCLUSION

For all of the foregoing reasons, the Hitachi defendants respectfully object to the Special Master's Report.

Dated: February 19, 2010                MORGAN, LEWIS & BOCKIUS LLP

                                         By         /s/
                                             Kent M. Roger
                                             Attorneys for Defendants
                                             HITACHI, LTD., HITACHI AMERICA,
                                             LTD., HITACHI ASIA, LTD., HITACHI
                                             DISPLAYS, LTD., and HITACHI
                                             ELECTRONIC DEVICES (USA), INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21559029.1                              5
DEFENDANTS HITACHI, LTD, ET AL'S OBJECTIONS, ET AL.
CASE NO. C07-5944 SC

## PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is One Market, Spear Street Tower, San Francisco, California 94105-1126.

On February 19, 2010, I served the within document:

**DEFENDANTS HITACHI, LTD., HITACHI AMERICA, LTD., HITACHI ASIA, LTD., HITACHI ELECTRONIC DEVISES (USA), INC., AND HITACHI DISPLAYS, LTD.'S OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATIONS REGARDING HITACHI, ET AL.'S MOTION TO DISMISS INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT**

[x] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

**SEE ATTACHED MANUAL SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on February 19, 2010, at San Francisco, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct.

_____
Constance J. Ericson

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21559029.1                              6
DEFENDANTS HITACHI, LTD, ET AL'S OBJECTIONS, ET AL.
CASE NO. C07-5944 SC

**MANUAL SERVICE LIST**
**IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**
**United States District Court, Case No. C 07-5944 SC; MDL No. 1917**

**Guri Ademi**
Ademi & O'Reilly LLP
3620 East Layton Avenue
Cudahy, WI 53110

**Shpetim Ademi**
Ademi & O'Reilly LLP
3620 East Layton Avenue
Cudahy, WI 53110

**Roxane Busey**
Baker & McKenzie LLP
130 E. Randolph Drive, Suite 3500
Chicago, IL 60601

**Patrick Bradford Clayton**
Zelle Hofmann Voelbel & Mason LLP
44 Montgomery Street, Suite #3400
San Francisco, CA 94104

**Issac L. Diel**
Sharp McQueen
6900 College Boulevard, Suite 285
Overland Park, KS 66211

**Manuel J. Dominguez**
Berman DeValerio Peasse Tabacco Burt & Pucillo
222 Lakeview Avenue, Suite 900
West Palm Beach, FL 33401

**Neal A Eisenbraun**
Neal A Eisenbraun, Chartered
2599 Mississippi Street
New Brighton, MN 55113

**John G. Emerson**
Emerson Poynter LLP
830 Apollo Lane
Houston, TX 77058

**Lori A. Fanning**
Miller Law LLC
115 South LaSalle Street, Suite 2910
Chicago, IL 60603

**John Gressette Felder, Jr**
McGowan Hood Felder and Johnson
1405 Calhoun Street
Columbia, SC 29201

**Traviss Levine Galloway**
Zelle Hofmann Voelbel Mason & Gette
44 Montgomery St #3400
San Francisco, CA 94104

**Martin E. Grossman**
Law Offices of Martin E. Grossman
2121 Green Brier Drive
Villanova, PA 19085

**Richard M. Hagstrom**
Zelle Hofmann Voelbel Mason & Gette LLP
500 Washington Avenue South, Suite 4000
Minneapolis, MN 55415

**Gregory D. Hull**
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065

**Charles H. Johnson**
Charles H Johnson & Associates PA
2599 Mississippi Street
New Brighton, MN 55113

**Lawrence D. McCabe**
Murray Frank & Sailer LLP
275 Madison Avenue
New York, NY 10016

**Krishna B. Narine**
Schiffrin & Barroway, LLP
Three Bala Plaza East
Suite 400
Bala Cynwyd, PA 19004

**Mark Reinhardt**
Reinhardt Wendorf & Blanchfield
East 1000 First National Bank Building
322 Minnesota Street
St. Paul, MN 55101

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21559029.1

7

DEFENDANTS HITACHI, LTD, ET AL'S OBJECTIONS, ET AL.
CASE NO. C07-5944 SC

| | |
|---|---|
| **Steven A. Reiss**<br>Weil Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153-0119 | **Richard A. Ripley**<br>Howrey LLP<br>1299 Pennsylvania Ave., N.W.<br>Washington, DC 20004 |
| **Jean B. Roth**<br>Mansfield Tanick & Cohen<br>1700 U.S. Bank Plaza South<br>220 South Sixth Street<br>Minneapolis, MN 55402-4511 | **Lawrence P. Schaefer**<br>Mansfield Tanick & Cohen<br>1700 U.S. Bank Plaza South<br>220 South Sixth Street<br>Minneapolis, MN 55402-4511 |
| **Roger Martin Schrimp**<br>Damrell Nelson Schrimp Pallios Pacher & Silva<br>1601 I Street  5th Floor<br>Modesto, CA 95354 | **Karen Sewell**<br>Baker & McKenzie LLP<br>130 E. Randolph Drive, Sutie 3500<br>Chicago, Il 60601 |
| **Donna F. Solen**<br>Mason Law Firm-Washington<br>1225 19th Street, NW, Suite 500<br>Washington, DC 20036 | **Matthew E. Van Tine**<br>Miller Law LLC<br>115 South LaSalle Street, Suite 2910<br>Chicago, IL 60603 |

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

DB2/21559029.1                                 8
DEFENDANTS HITACHI, LTD, ET AL'S OBJECTIONS, ET AL.
CASE NO. C07-5944 SC