TERRY CALVANI (53260)
Email: terry.calvani@freshfields.com
BRUCE C. MCCULLOCH (*pro hac vice*)
Email: bruce.mcculloch@freshfields.com
FRESHFIELDS BRUCKHAUS DERINGER US LLP
701 Pennsylvania Avenue, NW, Suite 600
Washington, DC  20004
Tel:  (202) 777-4500
Fax:  (202) 777-4555

*Counsel for Defendant Beijing Matsushita Color CRT Co., Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No.: 3:07-CV-5944 SC<br>MDL No. 1917<br><br>**BEIJING MATSUSHITA COLOR CRT CO., LTD.'S OBJECTIONS TO SPECIAL MASTER JUDGE LEGGE'S REPORT, RECOMMENDATIONS AND TENTATIVE RULINGS REGARDING DEFENDANTS' MOTIONS TO DISMISS DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT**<br><br>Judge: Hon. Samuel Conti<br>Special Master: Hon. Charles A. Legge (Ret.) |
| This Document Relates To:<br><br>DIRECT PURCHASER ACTIONS | |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................................. ii

INTRODUCTION ................................................................................................................................... 1

ARGUMENT ........................................................................................................................................... 2

I.     The Report Errs In Declining to Dismiss BMCC From This Action ....................................... 2

II.    The Report Errs In Its Conclusions As To The Statutes of Limitations With Regard To BMCC ................................................................................................................................ 5

CONCLUSION ........................................................................................................................................ 5

i

BMCC'S OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATIONS (DIRECT PURCHASER COMPLAINT) – CASE NO.: 3:07-CV-5944 SC

# TABLE OF AUTHORITIES

Page

CASES

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ................................................................................... 2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................... 2, 3

*In re Rubber Chems. Antitrust Litig.*, 504 F. Supp. 2d 777 (N.D. Cal. 2007) ........................... 5

*Jung v. Ass'n of Am. Med. Colls.*, 300 F. Supp. 2d 119 (D.D.C. 2004) ..................................... 3

*Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042 (9th Cir. 2008) ..................................................... 4

RULES

Fed. R. Civ. P. 8 ...................................................................................................................... 2, 3

ii

**BMCC'S OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATIONS (DIRECT PURCHASER COMPLAINT) – CASE NO.: 3:07-CV-5944 SC**

# INTRODUCTION

Defendant Beijing Matsushita Color CRT Co., Ltd. ("BMCC") respectfully objects to Special Master Judge Legge's Report, Recommendations and Tentative Rulings Regarding Defendants' Motions to Dismiss, issued on February 5, 2010 (the "Report") (Docket No. 597), insofar as it recommends denying BMCC's separate Motion to Dismiss the Direct Purchaser Plaintiffs' and Indirect Purchaser Plaintiffs' Consolidated Amended Complaints (the "Motion to Dismiss"), dated May 18, 2009 (Docket No. 463). In addition, this objection incorporates by reference the Defendants' Joint Objections to the Special Master's Report and Recommendations Denying Defendants' Joint Motion to Dismiss the Direct Purchaser Plaintiffs' Consolidated Amended Complaint ("Defendants' Joint Objections").

The Report fails to recognize and assess the arguments that BMCC raised in its Motion to Dismiss. Contrary to the conclusions of the Report, the Direct Purchaser Plaintiffs' Consolidated Amended Complaint ("DPC") (Docket No. 436) should be dismissed for failure to properly state a claim for relief under the federal antitrust laws as to BMCC. The Direct Purchaser Plaintiffs ("Plaintiffs") have made vague references to defendants' conduct with regard to "CRT Products," a term that purports to include cathode ray tubes ("CRTs") as well as CRT televisions and computer monitors ("Finished Products"). Notably, BMCC does not produce Finished Products or have a corporate subsidiary that produces Finished Products. In a transparent attempt to reach beyond the bounds of their legitimate claims, Plaintiffs seek to group together companies at different levels in the distribution chain in order to obfuscate the fact that they are not "direct purchasers" of CRTs whatsoever. In doing so, Plaintiffs rely on sweeping generalizations and catch-all terms to avoid distinguishing among defendants and between products. This tactic has resulted in a complaint that is grossly insufficient as to BMCC.

The Special Master erred as a matter of law in finding that the Plaintiffs sufficiently pled facts to allege BMCC's participation in a conspiracy. Further, the DPC is barred by the statute of limitations and it is not saved as to BMCC by Plaintiffs' claims of fraudulent concealment. The Court therefore should reject the Report's recommendations regarding BMCC's Motion to Dismiss and dismiss the DPC in its entirety.

1

BMCC'S OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATIONS (DIRECT PURCHASER COMPLAINT) – CASE NO.: 3:07-CV-5944 SC

## ARGUMENT

### I. The Report Errs In Declining to Dismiss BMCC From This Action

The Report assesses the pleading standard for a conspiracy and the allegations against separate defendants to establish whether the DPC contains adequate allegations against each defendant to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure. Report at 7-16. The Special Master erroneously misinterprets and misapplies the case law regarding Plaintiffs' obligation to make allegations plausibly suggesting that each defendant participated in a conspiracy in "CRT Products." Upon *de novo* review,[1] the Court should find that the DPC fails to satisfy the pleading requirements and dismiss the DPC as to BMCC. As argued in the Defendants' Joint Objections, the Report's recommendations should be rejected insofar as they are based on the erroneous conclusion that the DPC alleges a plausible conspiracy covering both CRTs and Finished Products, and BMCC thus urges the Court to reject the Report to the extent that it recommends denial of BMCC's separate individual Motion to Dismiss.

As is explained in BMCC's Motion to Dismiss and the Defendants' Joint Objections, the DPC lacks specific factual allegations and relies on conclusory assertions that do not withstand the minimum pleading standards of Rule 8 as interpreted by the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). F.R.C.P. 8.

In particular, the DPC is flawed in its allegations as to BMCC, and the Special Master errs in concluding that the DPC satisfies the pleading requirements as to BMCC. In assessing the adequacy of the allegations against each defendant or defendant group, the Special Master declined to separately address BMCC's Motion to Dismiss. Rather, the Report evaluates the adequacy of the DPC with regard to the defendants who filed separate motions to dismiss generally, overlooking the blatant lack of factual allegations as to BMCC.

As described in detail in BMCC's Motion to Dismiss, the DPC specifically names BMCC in

---

[1] Pursuant to Rule 53(f)(4) of the Federal Rules and the Order Appointing Special Master (Docket No. 302, June 16, 2008, at 6), review of the Special Master's Report as to any conclusions of law made or recommended is *de novo*.

2

BMCC'S OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATIONS (DIRECT PURCHASER COMPLAINT) – CASE NO.: **3:07-CV-5944 SC**

only one allegation in a single paragraph of the complaint. *See* Motion to Dismiss at 5; DPC ¶ 173. This lone allegation fails to set forth any sufficiently specific or plausible allegations of conspiratorial activity by BMCC. Accordingly, the pleadings are legally deficient under Federal Rule of Civil Procedure Rule 8(a), as interpreted in *Twombly*, as to BMCC: the DPC does not present "enough factual matter … to suggest" that BMCC joined in any illegal conspiracy. F.R.C.P. 8; *Twombly*, 550 U.S. at 556.

The Special Master concludes that the requirement for pleading as to "each defendant" is "not a rule requiring detailed recitation," and refers to the plausibility of requisite notice stemming from allegations within a corporate family. Report at 13, lines 1-2. Such analysis is inapplicable to BMCC; BMCC has no subsidiaries and is not a wholly-owned subsidiary of any other alleged co-conspirator. BMCC cannot divine what is being alleged against it by reference to any other named defendant or entity, and cannot be lumped in with any larger "defendant group" for purposes of adequate notice.

The Special Master's recommendations would allow Plaintiffs to circumvent the pleading requirements as to individual defendants by using the term "defendants" to apply to numerous differently situated parties without any specific allegations as to a single defendant. These are precisely the types of ambiguous allegations that should not be permitted to substitute for proper pleadings. *See, e.g.*, *Jung v. Ass'n of Am. Med. Colls.*, 300 F. Supp. 2d 119, 163 (D.D.C. 2004) (assessing motion to dismiss on a defendant by defendant basis, noting that "[p]laintiffs cannot escape their burden of alleging that each defendant participated in or agreed to join the conspiracy by using the term 'defendants' to apply to numerous parties without any specific allegations as to [a particular defendant]"). The broad "defendant" allegations are particularly inappropriate to the extent that the DPC refers to "CRT Products" as including Finished Products, as BMCC cannot glean any further insight into the allegations against it by reference to products that it has neither manufactured nor sold. Moreover, it would be illogical to read the vague allegations as to defendants' actions in various locales to include BMCC, as BMCC is only a domestic Chinese CRT manufacturer. Therefore, even reading the DPC broadly, one is left with scant references to BMCC and ill-defined allegations of conduct by defendants generally relating to products not included in

3

1  BMCC's business.

2  The Report disregards these shortcomings in the DPC despite the legal requirement that a
3  complaint give fair notice to the defendants of the claim against them and the grounds upon which it
4  rests, and the fact that "pleading legal conclusions is not enough, but rather they must be supported
5  by factual allegations." Report at 7, lines 26-27. In interpreting *Twombly* and its progeny, the
6  Special Master fails to take into account important case law, and reaches mistaken conclusions as to
7  the applicability of the standards in this case. The Report ignores the Ninth Circuit's decision in
8  *Kendall v. Visa U.S.A., Inc.*, in which the court emphasized the plaintiff's obligation to provide more
9  than labels, conclusions, and formulaic recitation of the elements of a cause of action. 518 F.3d
10 1042, 1046-47 (9th Cir. 2008). The Special Master's recommendations would erroneously allow
11 Plaintiffs to proceed having alleged only bare legal conclusions, without requiring the complaint to
12 answer "the basic questions: who, did what, to whom (or with whom), where, and when" to give
13 BMCC an idea of where to begin in responding to allegations of a conspiracy. *Id.* at 1048.

14 The Defendant's Joint Objections set forth in greater detail the flaws in the Report's
15 recommendation to permit a vague "CRT Products" conspiracy that conflicts with the principles of
16 *Twombly* and *Iqbal*. The DPC does not identify what products were the subject of the alleged
17 agreements, but rather attempts to obfuscate the issue by grouping numerous products under a single
18 nebulous "CRT Product" umbrella. Even accepting *arguendo* the Special Master's recommendation
19 that the subject of the allegations include both CRTs and Finished Products, such a finding does not
20 provide BMCC with any clarity as to the claims against it—on the contrary, a claim that BMCC
21 participated in a conspiracy to fix the prices of products that it has never manufactured or sold (i.e.,
22 Finished Products) is counterintuitive and makes no economic sense.[2] BMCC's Motion to Dismiss
23 provides a detailed explanation of the DPC's failure to answer even the most basic questions
24 required by *Twombly*,[3] and the Special Master has erred in overlooking this critical deficiency in the

---

[2] "[I]f the factual context renders respondents' claim implausible—if the claim is one that simply makes no economic sense—respondents must come forward with more persuasive evidence to support their claim than would otherwise be necessary." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[3] *See* BMCC Motion to Dismiss at 3-5 (Docket No. 463); BMCC Reply Br. at 2-5 (Docket No. 551).

4

BMCC'S OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATIONS (DIRECT PURCHASER COMPLAINT) –
CASE NO.: **3:07-CV-5944 SC**

allegations.

## II. The Report Errs In Its Conclusions As To The Statutes of Limitations With Regard To BMCC

The DPC alleges that "BMCC participated in at over (sic) 20 illegal bilateral group meetings between 1998 and 2001 . . ." DPC ¶ 173. Plaintiffs have declared that the year "2001" was a typographical error and should instead read "2007." The Special Master recommends allowing plaintiffs to amend the DPC to change the claimed error, but even *if* plaintiffs are permitted to amend their complaint to change the date through which BMCC is alleged to have participated in meetings, the DPC must nonetheless be dismissed as time barred as to sales predating the statutory period.

In addition, as is explained in greater detail in the Defendants' Joint Objections, fraudulent concealment must be pled on a defendant-by-defendant basis. Fraudulent concealment is not sufficiently pled as to BMCC.[4] Therefore, the Report errs to the extent that it recommends finding that the DPC's allegations regarding fraudulent concealment are adequate and recommends denial of the motions to dismiss on the grounds of statutes of limitations.

## **CONCLUSION**

For all of the reasons expressed above, BMCC respectfully requests that the Court reject the Report's recommendations regarding BMCC's Motion to Dismiss and dismiss the DPC without leave to amend.

---

[4] The DPC fails to plead the required elements of fraudulent concealment as to BMCC: (1) the defendant actively misled the plaintiffs as to its role in the alleged conspiracy; (2) plaintiffs had neither actual nor constructive knowledge of the facts constituting their claim for relief; and (3) plaintiffs were diligent in trying to discover the pertinent facts. *In re Rubber Chems. Antitrust Litig.*, 504 F. Supp. 2d 777, 787-88 (N.D. Cal. 2007).

5

Respectfully submitted,

Dated: February 19, 2010

FRESHFIELDS BRUCKHAUS DERINGER US LLP

By: /s/ Terry Calvani
    TERRY CALVANI (53260)
    Email: terry.calvani@freshfields.com
    BRUCE C. MCCULLOCH (*pro hac vice*)
    Email: bruce.mcculloch@freshfields.com
    Attorneys For Defendant
    BEIJING MATSUSHITA COLOR CRT CO., LTD.

**BMCC'S OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATIONS (DIRECT PURCHASER COMPLAINT) – CASE NO.: 3:07-CV-5944 SC**

**CERTIFICATE OF SERVICE**

On February 19, 2010, I caused a copy of Beijing Matsushita Color CRT Co., Ltd.'s Objections to Special Master Judge Legge's Report, Recommendations and Tentative Rulings Regarding Defendants' Motions to Dismiss Direct Purchaser Plaintiffs' Consolidated Amended Complaint to be filed electronically via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

/s/ Terry Calvani
Terry Calvani (53260)