TERRY CALVANI (53260)
Email: terry.calvani@freshfields.com
BRUCE C. MCCULLOCH (*pro hac vice*)
Email: bruce.mcculloch@freshfields.com
FRESHFIELDS BRUCKHAUS DERINGER US LLP
701 Pennsylvania Avenue, NW, Suite 600
Washington, DC  20004
Tel:  (202) 777-4500
Fax:  (202) 777-4555

*Counsel for Defendant Beijing Matsushita Color CRT Co., Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No.: 3:07-CV-5944 SC<br>MDL No. 1917 |
| This Document Relates To:<br><br>INDIRECT PURCHASER ACTIONS | **BEIJING MATSUSHITA COLOR CRT CO., LTD.'S OBJECTIONS TO SPECIAL MASTER JUDGE LEGGE'S REPORT, RECOMMENDATIONS AND TENTATIVE RULINGS REGARDING DEFENDANTS' MOTIONS TO DISMISS INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT**<br><br>Judge: Hon. Samuel Conti<br>Special Master: Hon. Charles A. Legge (Ret.) |

**BMCC'S OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATIONS (INDIRECT PURCHASER COMPLAINT) – CASE NO.: 3:07-CV-5944 SC**

## **TABLE OF CONTENTS**

Page

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................ 2

I.      The Report Errs In Declining to Dismiss BMCC From This Action ....................................... 2

CONCLUSION ............................................................................................................................. 5

i

**BMCC'S OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATIONS (INDIRECT PURCHASER COMPLAINT) – CASE NO.: 3:07-CV-5944 SC**

# TABLE OF AUTHORITIES

Page

CASES

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ................................................................................ 2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................... 2, 3

*Jung v. Ass'n of Am. Med. Colls.*, 300 F. Supp. 2d 119 (D.D.C. 2004) ................................. 3

*Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042 (9th Cir. 2008) ................................................. 4

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ............................. 5

RULES

Fed. R. Civ. P. 8 ................................................................................................................ 2, 3

ii

**BMCC'S OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATIONS (INDIRECT PURCHASER COMPLAINT) – CASE NO.: 3:07-CV-5944 SC**

## INTRODUCTION

Defendant Beijing Matsushita Color CRT Co., Ltd. ("BMCC") respectfully objects to Special Master Judge Legge's Report, Recommendations and Tentative Rulings Regarding Defendants' Motions to Dismiss, issued on February 5, 2010 (the "Report") (Docket No. 597), insofar as it recommends denying BMCC's separate Motion to Dismiss the Direct Purchaser Plaintiffs' and Indirect Purchaser Plaintiffs' Consolidated Amended Complaints (the "Motion to Dismiss"), dated May 18, 2009 (Docket No. 463). In addition, this objection incorporates by reference the Defendants' Objections to the Report, Recommendations and Tentative Rulings of the Special Master Regarding Defendants' Motions to Dismiss Indirect Purchaser Plaintiffs' Consolidated Amended Complaint ("Defendants' Joint Objections").

The Report fails to recognize and assess the arguments that BMCC raised in its Motion to Dismiss. Contrary to the conclusions of the Report, the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint ("IPC") (Docket No. 437) should be dismissed for failure to properly state a claim for relief under the federal antitrust laws as to BMCC. The Indirect Purchaser Plaintiffs ("Plaintiffs") have made vague references to defendants' conduct with regard to "CRT Products," a term that purports to include cathode ray tubes ("CRTs") as well as CRT televisions and computer monitors ("Finished Products"). Notably, BMCC does not produce Finished Products or have a corporate subsidiary that produces Finished Products. Plaintiffs appear to be neither direct nor indirect purchasers of BMCC's products, but rather indirect purchasers of Finished Products. Plaintiffs rely on sweeping generalizations and catch-all terms to avoid distinguishing among defendants and between products in their struggle to meet standing requirements. In doing so, Plaintiffs make allegations that lack plausibility and are void of economic sense. This tactic has resulted in a complaint that is grossly insufficient as to BMCC.

The Special Master erred as a matter of law in finding that the Plaintiffs sufficiently pled facts to allege BMCC's participation in a conspiracy. The Court therefore should reject the Report's recommendations regarding BMCC's Motion to Dismiss and dismiss the IPC in its entirety.

1

BMCC'S OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATIONS (INDIRECT PURCHASER COMPLAINT) – CASE NO.: 3:07-CV-5944 SC

# ARGUMENT

## I. The Report Errs In Declining to Dismiss BMCC From This Action

The Report assesses the pleading standard for a conspiracy and the allegations against separate defendants to establish whether the IPC contains adequate allegations against each defendant to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure. Report at 7-15. The Special Master erroneously misinterprets and misapplies the case law regarding Plaintiffs' obligation to make allegations plausibly suggesting that each defendant participated in a conspiracy in "CRT Products." Upon *de novo* review,[1] the Court should find that the IPC fails to satisfy the pleading requirements and dismiss the IPC as to BMCC. As argued in the Defendants' Joint Objections, the Report's recommendations should be rejected insofar as they are based on the erroneous conclusion that the IPC alleges a plausible conspiracy covering both CRTs and Finished Products, and BMCC thus urges the Court to reject the Report to the extent that it recommends denial of BMCC's separate individual Motion to Dismiss.

As is explained in BMCC's Motion to Dismiss and the Defendants' Joint Objections, the IPC lacks specific factual allegations and relies on conclusory assertions that do not withstand the minimum pleading standards of Rule 8 as interpreted by the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). F.R.C.P. 8.

In particular, the IPC is flawed in its allegations as to BMCC, and the Special Master errs in concluding that the IPC satisfies the pleading requirements as to BMCC. In assessing the adequacy of the allegations against each defendant or defendant group, the Special Master declined to separately address BMCC's Motion to Dismiss. Rather, the Report evaluates the adequacy of the IPC with regard to the defendants who filed separate motions to dismiss generally, overlooking the blatant lack of factual allegations as to BMCC.

As described in detail in BMCC's Motion to Dismiss, the IPC specifically names BMCC in

---

[1] Pursuant to Rule 53(f)(4) of the Federal Rules and the Order Appointing Special Master (Docket No. 302, June 16, 2008, at 6), review of the Special Master's Report as to any conclusions of law made or recommended is *de novo*.

2

BMCC'S OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATIONS (INDIRECT PURCHASER COMPLAINT) –
CASE NO.: 3:07-CV-5944 SC

only three allegations in the entire complaint. BMCC Mot. to Dismiss at 7; IPC ¶¶ 2, 148, 184. These allegations fail to set forth any sufficiently specific or plausible allegations of conspiratorial activity by BMCC.[2] Accordingly, the pleadings are legally deficient under Federal Rule of Civil Procedure Rule 8(a), as interpreted in *Twombly*, as to BMCC: the IPC does not present "enough factual matter … to suggest" that BMCC joined in any illegal conspiracy. F.R.C.P. 8; *Twombly*, 550 U.S. at 556.

The Special Master concludes that the requirement for pleading as to "each defendant" is "not a rule requiring detailed recitation," and refers to the plausibility of requisite notice stemming from allegations within a corporate family group. Report at 13, lines 1-2. Such analysis is inapplicable to BMCC; BMCC has no subsidiaries and is not a wholly-owned subsidiary of any other alleged co-conspirator. BMCC cannot divine what is being alleged against it by reference to any other named defendant or entity, and cannot be lumped in with any larger "defendant group" for purposes of adequate notice.

In his assessment of the IPC allegations as to separately moving defendants, the Special Master notes eight paragraphs of the IPC referencing specific defendants or corporate groups. Report at 13-14 (citing IPC ¶¶ 164, 165, 166, 168, 170, 178, 179, 181). BMCC is notably absent from these paragraphs of the IPC and the Special Master's assessment. There is no mention of BMCC whatsoever, and references to unrelated corporations participating in communications regarding two types of products at two levels of distribution does not provide any notice of what is being alleged as to BMCC.

The Special Master's recommendations would allow Plaintiffs to circumvent the pleading requirements as to individual defendants by using the term "defendants" to apply to numerous differently situated parties without any specific allegations as to a single defendant. These are precisely the types of ambiguous allegations that should not be permitted to substitute for proper pleadings. *See, e.g.*, *Jung v. Ass'n of Am. Med. Colls.*, 300 F. Supp. 2d 119, 163 (D.D.C. 2004) (assessing motion to dismiss on a defendant by defendant basis, noting that "[p]laintiffs cannot

---

[2] *See* BMCC Mot. to Dismiss at 7-8 (Docket No. 463); BMCC Reply Br. at 5 (Docket No. 551).

3

**BMCC'S OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATIONS (INDIRECT PURCHASER COMPLAINT) – CASE NO.: 3:07-CV-5944 SC**

escape their burden of alleging that each defendant participated in or agreed to join the conspiracy by using the term 'defendants' to apply to numerous parties without any specific allegations as to [a particular defendant]"). The broad "defendant" allegations are particularly inappropriate to the extent that the IPC refers to "CRT Products" as including Finished Products, as BMCC cannot glean any further insight into the allegations against it by reference to products that it has neither manufactured nor sold. Moreover, it would be illogical to read the vague allegations as to defendants' actions in various locales to include BMCC, as BMCC is only a domestic Chinese CRT manufacturer. Therefore, even reading the IPC broadly, one is left with scant references to BMCC and ill-defined allegations of conduct by defendants generally relating to products not included in BMCC's business.

The Report disregards these shortcomings of the IPC despite the legal requirement that a complaint give fair notice to the defendants of the claim against them and the grounds upon which it rests, and the fact that "pleading legal conclusions is not enough, but rather they must be supported by factual allegations." Report at 7, lines 26-27. In interpreting *Twombly* and its progeny, the Special Master fails to take into account important case law, and reaches mistaken conclusions as to the applicability of the standards in this case. The Report ignores the Ninth Circuit's decision in *Kendall v. Visa U.S.A., Inc.*, in which the court emphasized the plaintiff's obligation to provide more than labels, conclusions, and formulaic recitation of the elements of a cause of action. 518 F.3d 1042, 1046-47 (9th Cir. 2008). The Special Master's recommendations would erroneously allow Plaintiffs to proceed having alleged only bare legal conclusions, without requiring the complaint to answer "the basic questions: who, did what, to whom (or with whom), where, and when" to give each defendant seeking to respond to allegations of a conspiracy an idea of where to begin. *Id.* at 1048.

The Defendant's Joint Objections set forth in greater detail the flaws in the Report's recommendation to permit a vague "CRT Products" conspiracy that conflicts with the principles of *Twombly* and *Iqbal*. The IPC does not identify what products were the subject of the alleged agreements, but rather attempts to obfuscate the issue by grouping numerous products under a single nebulous "CRT Product" umbrella. Even accepting *arguendo* the Special Master's recommendation

4

that the subject of the allegations include both CRTs and Finished Products, such a finding does not provide BMCC with any clarity as to the claims against it—on the contrary, a claim that BMCC participated in a conspiracy to fix the prices of products that it has never manufactured or sold (i.e., Finished Products) is counterintuitive and makes no economic sense.[3] BMCC's Motion to Dismiss provides a detailed explanation of the IPC's failure to answer even the most basic questions required by *Twombly*, yet the Report has overlooked this critical deficiency in the allegations.

## CONCLUSION

For all of the reasons expressed above, BMCC respectfully requests that the Court reject the Report's recommendations regarding BMCC's Motion to Dismiss and dismiss the IPC without leave to amend.

Respectfully submitted,

Dated:  February 19, 2010

FRESHFIELDS BRUCKHAUS DERINGER US LLP

By:  /s/ Terry Calvani
TERRY CALVANI (53260)
Email: terry.calvani@freshfields.com
BRUCE C. MCCULLOCH (*pro hac vice*)
Email: bruce.mcculloch@freshfields.com
Attorneys For Defendant
BEIJING MATSUSHITA COLOR CRT CO., LTD.

---

[3] "[I]f the factual context renders respondents' claim implausible—if the claim is one that simply makes no economic sense—respondents must come forward with more persuasive evidence to support their claim than would otherwise be necessary." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

5

1 **CERTIFICATE OF SERVICE**

On February 19, 2010, I caused a copy of Beijing Matsushita Color CRT Co., Ltd.'s Objections to Special Master Judge Legge's Report, Recommendations and Tentative Rulings Regarding Defendants' Motions to Dismiss Indirect Purchaser Plaintiffs' Consolidated Amended Complaint to be filed electronically via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

/s/ Terry Calvani
Terry Calvani (53260)