Emily L. Maxwell (SBN 185646)
Email: MaxwellE@howrey.com
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105-2708
Telephone: (415) 848-4947
Facsimile: (415) 848-4999

JOHN M. TALADAY *(pro hac vice)*
RICHARD A. RIPLEY *(pro hac vice)*
Email: taladayj@howrey.com
Email: ripleyr@howrey.com
HOWREY LLP
1299 Pennsylvania Ave NW
Washington, DC 20004
Telephone: (202) 383-6564
Facsimile:  (202) 383-6610

ETHAN E. LITWIN *(pro hac vice)*
Email: litwine@howrey.com
HOWREY LLP
601 Lexington Avenue, 54th Floor
New York, NY 10022-4629
Telephone: (212) 896-6500
Facsimile: (212) 896-6501

Attorneys for KONINKLIJKE PHILIPS ELECTRONICS N.V.,
PHILIPS ELECTRONICS NORTH AMERICA
CORPORATION, PHILIPS ELECTRONICS INDUSTRIES
(TAIWAN), LTD. AND PHILIPS DA AMAZONIA
INDUSTRIA ELECTRONICA LTDA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 07-5944-SC<br><br>MDL No. 1917<br><br>**KONINKLIJKE PHILIPS ELECTRONICS N.V., PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, PHILIPS ELECTRONICS INDUSTRIES (TAIWAN), LTD. AND PHILIPS DA AMAZONIA INDUSTRIA ELECTRONICA LTDA OBJECTIONS TO SPECIAL MASTER LEGGE'S REPORT, RECOMMENDATIONS AND TENTATIVE RULINGS DATED FEBRUARY 5, 2010** |

HOWREY LLP

KPE'S, PENAC'S, PEIT'S AND PHILIPS DA AMAZONIA'S OBJECTIONS TO SPECIAL MASTER LEGGE'S REPORT,
RECOMMENDATIONS AND TENTATIVE RULINGS

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT .................................................................................................................................2

CONCLUSION ..............................................................................................................................5

HOWREY LLP

KPE'S, PENAC'S, PEIT'S AND PHILIPS DA AMAZONIA'S OBJECTIONS TO SPECIAL MASTER LEGGE'S REPORT, RECOMMENDATIONS AND TENTATIVE RULINGS

# TABLE OF AUTHORITIES

## CASES

*America National Red Cross v. United Way Cal. Capital Region*,
  2007 U.S. Dist. LEXIS 95296 (E.D. Cal. Dec. 18, 2007) ......... 5

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ......... 3, 4

*Biggins v. Wells Fargo & Co.*,
  2009 U.S. Dist. LEXIS 64620 (N.D. Cal. July 27, 2009) ......... 4

*Bowoto v. ChevronTexaco Corp.*,
  312 F. Supp. 2d 1229 (N.D. Cal. 2004) ......... 2

*In re Cal. Title Insurance Antitrust Litigation*,
  2009 U.S. Dist. LEXIS 43323 (N.D. Cal. May 21, 2009) ......... 5

*Canam Steel Corp. v. Mayo*,
  2009 U.S. Dist. LEXIS 44059 (E.D. Cal. May 22, 2009) ......... 4

*E&J Gallo Winery v. Encana Energy Services, Inc.*,
  2008 WL 2220396 (E.D. Cal. May 27, 2008) ......... 2

*Katzir's Floor & Home Design, Inc. v. M-MLS.COM*,
  394 F.3d 1143 (9th Cir. 2004) ......... 3

*Monaco v. Liberty Life Assurance Co.*,
  2007 WL 420139 (N.D. Cal. 2007) ......... 5

*Neilson v. Union Bank of Cal., N.A.*,
  290 F. Supp. 2d 1101 (C.D. Cal. 2003) ......... 2

*Nordberg v. Trilegiant Corp.*,
  445 F. Supp. 2d 1082 (N.D. Cal. 2006) ......... 3

*Qwest Commc'ns Corp. v. Herakles LLC*,
  2008 WL 783343 (E.D. Cal. Mar. 20, 2008) ......... 3

*Sun Microsystems Inc. v. Hynix Semiconductor Inc.*,
  608 F. Supp. 2d 1166 (N.D. Cal. 2009) ......... 2

*Weinstein v. Saturn*,
  303 Fed. Appx. 424 (9th Cir. 2008) ......... 3

*Wixon v. Wyndham Resort Development Corp.*,
  2009 U.S. Dist. LEXIS 86337 (N.D. Cal. September 21, 2009) ......... 2

## STATUTES

Fed. R. Civ. P. 53 ......... 1, 2

-ii-
HOWREY LLP

KPE'S, PENAC'S, PEIT'S AND PHILIPS DA AMAZONIA'S OBJECTIONS TO SPECIAL MASTER LEGGE'S REPORT, RECOMMENDATIONS AND TENTATIVE RULINGS

Defendants Koninklijke Philips Electronics N.V. ("KPE"), Philips Electronics North America Corporation ("PENAC"), Philips Electronics Industries (Taiwan), Ltd. ("PEIT") and Philips da Amazonia Industria Electronica Ltda. ("Philips da Amazonia" and, collectively with KPE, PENAC, and PEIT, the "Philips Defendants"),[1] pursuant to Rule 53(f) of the Federal Rules of Civil Procedure, respectfully submit their Objections, together with the Declaration of Ethan E. Litwin (the "Litwin Decl."), to Judge Legge's February 5, 2010 Report, Recommendations and Tentative Rulings ("Report") regarding Defendants' Motions to Dismiss the Direct Purchaser Plaintiffs' Consolidated Amended Complaint (the "DPC") and Indirect Purchaser Plaintiffs' Consolidated Amended Complaint (the "IPC" and, collectively with the DPC, the "Complaints").

**PRELIMINARY STATEMENT**

The Complaints allege an international conspiracy among nearly 50 separate entities to fix or otherwise control the prices of cathode-ray tubes ("CRTs" or "Tubes") between 1995 and 2007.[2] Lacking any evidence of misconduct against the Philips Defendants individually, Plaintiffs resort to broad assertions of wrongdoing against "Philips," a fictitious entity that is purportedly comprised of four distinct corporate entities: KPE, PENAC, PEIT, and Philips da Amazonia. Plaintiffs broadly allege that "Philips" attended more than 100 multilateral and bilateral meetings with competitors at which the CRTs were allegedly fixed. DPC ¶¶ 164-165; IPC ¶¶ 170-171. Plaintiffs do not allege that any of the individual Philips Defendants attended those meetings or state what conduct any of the Philips Defendants agreed to take in furtherance of the alleged conspiracy. DPC ¶ 164 ("Philips participated through [KPE] *or* its subsidiaries into 2001 and participated thereafter through [LG.Philips Displays]."); IPC ¶ 170 (same); *see also* DPC ¶ 165; IPC ¶ 171 (alleging that PENAC and Philips da Amazonia were "represented" at those meetings).

---

[1] PEIT and Philips da Amazonia have filed separate motions to dismiss for lack of personal jurisdiction pursuant. The Special Master has not yet issued a recommendation on those motions. Without prejudice to those jurisdictional motions, PEIT and Philips da Amazonia also join in this objection.

[2] As explained in Defendants' Joint Objections, Defendants object to the Report's erroneous conclusion that the Amended Complaints adequately allege a price-fixing conspiracy concerning both Tubes and finished products containing Tubes.

-1-
KPE'S, PENAC'S, PEIT'S AND PHILIPS DA AMAZONIA'S OBJECTIONS TO SPECIAL MASTER LEGGE'S REPORT, RECOMMENDATIONS AND TENTATIVE RULINGS

HOWREY LLP

Plaintiffs' claims therefore rest entirely on their conclusory allegations that the Philips Defendants each acted as each others' agent. *See* DPC ¶ 154 ("employees . . . of entities within the corporate family engaged in conspiratorial meetings [they did so] on behalf of every company in that family"). The Report erroneously concludes that Plaintiffs' vague allegations of agency remedy Plaintiffs' failure to specifically identify which of the individual Philips Defendants attended the alleged cartel meetings. Report 13-14.[3]

## ARGUMENT

This Court reviews objections to a Special Master's Report and Recommendations under a *de novo* standard of review. Fed. R. Civ. P. 53(f)(3), (4); *Wixon v. Wyndham Resort Dev. Corp.*, 2009 U.S. Dist. LEXIS 86337, *8 (N.D. Cal. September 21, 2009)

Courts in this Circuit have uniformly embraced the presumption of the separate existence of corporate entities. *See, e.g., Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003). To overcome the presumption of separateness, a plaintiff must plead "specific facts supporting its claims, not mere conclusory allegations." *Id*. (internal quotation marks omitted). Where, as here, the plaintiff attempts to defeat the presumption by asserting an agency relationship, a plaintiff must make factual allegations that: (i) the principal manifested an intention for the agent shall act for the principal; (ii) the agent has accepted the undertaking; and, (iii) there is an understanding between the parties that the principal is to be in control of the undertaking. *See Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, 608 F. Supp. 2d 1166, 1187-88 (N.D. Cal. 2009); *E&J Gallo Winery v. Encana Energy Services, Inc.*, 2008 WL 2220396, at *6 (E.D. Cal. May 27, 2008); *see also Bowoto v. ChevronTexaco Corp.*, 312 F. Supp. 2d 1229, 1234 (N.D. Cal. 2004) (mere ownership of a subsidiary does not justify holding parent corporation liable for the acts of its subsidiary).[4]

---

[3] The Report does not consider or otherwise make any recommendations regarding Plaintiffs' similarly deficient *alter ego* arguments.

[4] Similarly, courts in this Circuit require Plaintiffs, in order to pierce the corporate veil and pursue *alter ego* liability, to plead facts which demonstrate: (i) that such unity of interest and ownership exists among two of the Philips Defendants so that the individuality of the corporation and its parent has ceased, and (ii) that inequitable results will result if Philips Defendants are treated as separate

(Continued...)

-2-
KPE'S, PENAC'S, PEIT'S AND PHILIPS DA AMAZONIA'S OBJECTIONS TO SPECIAL MASTER LEGGE'S REPORT, RECOMMENDATIONS AND TENTATIVE RULINGS

HOWREY LLP

In sum, the Report improperly condones Plaintiffs' failure to allege with particularity each of the required elements of agency liability.[5]  Report at 13 (incorrectly citing *Weinstein v. Saturn*, 303 Fed. Appx. 424 (9th Cir. 2008) for the proposition that "in this circuit an allegation of corporate agency and control may be enough.").[6]  Unlike the Third Amended Complaint in *Weinstein*, Plaintiffs here utterly fail to allege facts supporting the existence of an agency relationship with "specific particularity," as they are required to do in order to survive the pleadings stage.

The Report fundamentally misreads the *Weinstein* case.  In *Weinstein*, the 9th Circuit held that Plaintiff met his burden to allege facts supporting the existence of an agency relationship with "specific particularity" because his Third Amended Complaint contained 18 separate and specific factual allegations regarding the existence of an actual agency relationship between Saturn (the alleged principal) and East Bay Auto Group (the owner of Saturn of Oakland, the alleged agent).  *Weinstein*, 303 Fed. Appx. at 426; *see also* Doc. 569 ¶¶12(a) – 12 (r) (the Third Amended Complaint, attached to Litwin Decl. as Ex. A).  A comparison between the facts alleged in the *Weinstein* Third Amended Complaint and the legal conclusions alleged by Plaintiffs here is instructive.  Among the 18 specific factual allegations, the *Weinstein* plaintiff alleged that:

- Specific language from the dealers' contract with Saturn supports an inference that Saturn intended the dealer to act on Saturn's behalf and that consumers may hold that belief;

- The prominent display at the Oakland retail locations of the "Saturn name and Saturn logo, without any 'of Oakland' terminology" suggests that the dealer agreed to act as Saturn's agent; and

---

(...Continued)

companies.  *See Qwest Commc'ns Corp. v. Herakles LLC*, 2008 WL 783343, at **3-4 (E.D. Cal. Mar. 20, 2008); *Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1101-02 (N.D. Cal. 2006); *see also Katzir's Floor & Home Design, Inc. v. M-MLS.COM*, 394 F.3d 1143, 1149 (9th Cir. 2004).  Plaintiffs come nowhere near satisfying this standard.  The Report does not indicate otherwise.

[5] Plaintiffs' allegations of agency fail to rise even to a "formulaic recitation" of these elements. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (rejecting "formulaic recitation of elements" as legal conclusions and therefore insufficient to for pleading purposes).

[6] Plaintiffs' counsel urged that position at oral argument, stating "fairly conclusory agency allegations will suffice for purposes of notice pleadings."  MTD Hr'g Tr. 286, (Oct. 5, 2009).

-3-

- Saturn's advertisement of "'no haggle' pricing at all of their retail locations, leading consumers to believe such policy and pricing is set by Saturn and not the individual retailer," suggests that the parties agree that Saturn is in control of the undertaking;

By comparison, Plaintiffs here allege only a series of legal conclusions, which – when read with an eye toward substance – fall short of the particularized factual pleading required by the Ninth Circuit:

- Each of the Philips Defendants "acted as the as the agent of, co-conspirator with, or joint venturer of the other Defendants with respect to the acts, violations and common course of conduct alleged herein."  DPC ¶ 84; *see also* IPC ¶ 113.

- PENAC, PEIT, and Philips da Amazonia each "acts as the United States agent for CRT and/or CRT Products made by its parent company."  DPC ¶ 84; *see also* IPC ¶ 113.

- PENAC, PEIT, and Philips da Amazonia were each "dominated and controlled" by KPE.  DPC ¶¶ 53,55-56; IPC ¶¶ 55, 58-59.

- "Philips participated [in the meetings] through [KPE] *or* its subsidiaries into 2001 and participated thereafter through [the LG.Philips Displays joint venture]."  DPC ¶ 164 (emphasis added); *see also* IPC ¶ 170.

- PENAC and Philips da Amazonia "were represented at those meetings and were a party to the agreements entered at them" and "were active, knowing participants in [the] conspiracy."  DPC ¶ 165; IPC ¶ 171.

These averments are nothing more than legal conclusions masquerading as factual allegations.  None of these conclusory allegations are entitled to the presumption of truth.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("the tenet that the Court must accept as true all the allegations contained in the Complaint is inapplicable to legal conclusions.").

Indeed, Courts of this Circuit routinely dismiss complaints similarly premised on conclusory allegations of agency.  *See Biggins v. Wells Fargo & Co.*, 2009 U.S. Dist. LEXIS 64620, at *33–36 (N.D. Cal. July 27, 2009) (rejecting allegation that one company is the "agent, subsidiary, parent" of another because such allegations "are nothing more than bare legal conclusions" which must be rejected under *Twombly*); *Canam Steel Corp. v. Mayo*, 2009 U.S. Dist. LEXIS 44059, at *6–8 (E.D. Cal. May 22, 2009) (failure to allege any facts establishing an agency relationship is fatal to a claim against a putative principal); *In re Cal. Title Ins. Antitrust Litig.*, 2009 U.S. Dist. LEXIS 43323, at *25–26 (N.D. Cal. May 21, 2009) (rejecting conclusory allegations of agency where "[p]laintiffs . . .

-4-
KPE'S, PENAC'S, PEIT'S AND PHILIPS DA AMAZONIA'S  OBJECTIONS TO SPECIAL MASTER LEGGE'S REPORT, RECOMMENDATIONS AND TENTATIVE RULINGS

do not attempt to allege any facts to show that the parent corporations knew what their subsidiaries were doing."); *Monaco v. Liberty Life Assurance Co.*, 2007 WL 420139, at *6 (N.D. Cal. 2007) (rejecting bare allegations of agency as nothing more than legal conclusions and granting motions to dismiss); *Am. Nat'l Red Cross v. United Way Cal. Capital Region*, 2007 U.S. Dist. LEXIS 95296, at *30 (E.D. Cal. Dec. 18, 2007) (rejecting complaint that did not "allege one fact that suggests such an agency relationship). The Report's recommendation to do otherwise is error.

## CONCLUSION

Having failed to plead any facts sufficient to hold any Philips Defendant liable for the acts of the alleged conspiracy, the Special Master's recommendation regarding the sufficiency of pleadings against each Philips Defendant should be rejected, and Plaintiffs' claims against the Philips Defendants should be dismissed in their entirety.

Dated: February 19, 2010

Respectfully submitted,

HOWREY LLP

__/s/ *Ethan Litwin*_____
ETHAN E. LITWIN
*Attorneys for Defendants* KONINKLIJKE PHILIPS ELECTRONICS N.V., PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, PHILIPS ELECTRONICS INDUSTRIES (TAIWAN), LTD. AND PHILIPS DA AMAZONIA INDUSTRIA ELECTRONICA LTDA