MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. RUSSELL, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel*
*for the Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944 SC |
| | MDL No. 1917 |
| | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANT BEIJING MATSUSHITA COLOR CRT CO., LTD.'S OBJECTIONS TO THE REPORT, RECOMMENDATIONS AND TENTATIVE RULINGS OF THE SPECIAL MASTER** |
| **This document relates to:** | |
| **ALL INDIRECT PURCHASER ACTIONS** | The Honorable Samuel Conti |
| | Special Master: Hon. Charles A. Legge (Ret.) |

## I.   The Special Master Correctly Ruled That The IP CAC Plausibly Alleges BMCC's Participation In The CRT Product Conspiracy

Despite the Special Master's admonition that "Defendants' arguments about not stating a claim against each defendant puts form over substance" (Report at 15), Beijing Matsushita Color CRT Co., Ltd. ("BMCC") insists that the IP CAC does not adequately allege its role in the conspiracy.[1]  For example, BMCC again criticizes the IP CAC for "lumping" it together in allegations as to "Defendants."  BMCC improperly isolates the three allegations in the IP CAC that specifically name BMCC and argues that these allegations are "conclusory" and "vague," and fail to set forth facts sufficient to suggest that BMCC participated in the conspiracy.  Not so.

As demonstrated by Plaintiffs and affirmed by the Special Master, Plaintiffs need only "make allegations that *plausibly suggest* that each Defendant participated in the alleged conspiracy,"[2] and the allegations of the Complaint must be viewed as a whole.[3]  When properly viewed as a whole, the IP CAC plausibly suggests that high level sales managers from BMCC participated in multiple Chinese Glass Meetings with their Chinese competitors, at which they agreed to fix, raise, maintain and/or stabilize the prices for CRT Products.[4]

BMCC also argues that its participation in a "CRT Products" conspiracy is implausible because it only manufactures CRTs.  This argument is without merit.[5]  It is not necessary to prove, let alone plead, that each member of the conspiracy participated in every aspect of the conspiracy.[6]  BMCC participated in the conspiracy as it relates to CRTs, and thereby facilitated the CRT Products conspiracy.

---

[1] BMCC's Objection merely re-states the arguments from their motion to dismiss.  *See* BMCC Motion, D.N. 463 and BMCC Reply, D.N. 551.  Plaintiffs have fully responded to these arguments in their opposition brief.  *See* Indirect Purchaser Plaintiffs MPA In Opp. To Defendants' Motions to Dismiss ("IP Opp."), D.N. 536.

[2] *SRAM I,* 580 F. Supp. 2d at 904 (emphasis added); IP Opp. 27-45.

[3] *See* Report at 13, citing *Continental Ore Co. v. Union Carbide & Carbon Corp.,* 370 U.S. 690, 698-99 (1962); IP Opp. at 27-45; Report at 13.

[4] *See* IP CAC ¶¶ 2, 86, 148, 148(a), 151-165, 184; IP Opp. at 33-34; 43-44.

[5] *See further* IP Opp., Section I. B. and G.  Plaintiffs also incorporate by reference the argument from the Response to the Joint Objections regarding the "CRT Products" conspiracy.

[6] *See Beltz Travel Serv., Inc. v. International Air Transport Ass'n,* 620 F.2d 1360, 1367 (9th Cir. 1980).

## II. In Declining To Address BMCC's Motion To Dismiss Separately, The Special Master Followed Standard Practice In Recent Cases

BMCC complains that because the Special Master did not address BMCC's motion to dismiss separately, the Special Master "fail[ed] to recognize and assess" the arguments that BMCC raised in its separate motion to dismiss. BMCC's complaint elevates form over substance. The Special Master's practical approach is entirely appropriate where, as here, each defendant is essentially making the same argument based on the same or substantially similar allegations and the same law.

In fact, it is standard practice in large antitrust cases, where individual defendants move to dismiss on the basis that the complaint lacks sufficient facts as to them, for district courts to address these separate motions generally as opposed to defendant-by-defendant.[7] This approach also reflects substantive law, which holds that antitrust conspiracies need not be detailed defendant-by-defendant.[8]

Moreover, the Special Master indicates that even though every party and authority is not specifically mentioned in the Report, all of the parties' arguments and authorities have been considered: "Because of the volume of the complaints and the briefs, this report must combine and synthesize the contentions, without mentioning every party's arguments and authorities; but hopefully without omitting any material points."[9] Thus, the fact that the Special Master does not specifically mention BMCC by name is not, as BMCC claims, of any consequence. The examples of defendant-specific allegations in the Report at 13-14 were obviously not intended to be exhaustive.[10]

---

[7] *See, e.g., TFT-LCD I*, 586 F. Supp. 2d 1109; *TFT-LCD II,* 559 F. Supp. 2d 1179; *Flash Memory*, 2009 U.S. Dist. LEXIS 38941; *SRAM I,* 580 F. Supp. 2d 896; *In re Aftermarket Filters Antitrust Litigation*, No. 08-C-4883, 2009 WL 3754041 (N.D. Ill. Nov. 5, 2009).

[8] *See generally* IP Opp. at 27-32.

[9] *See* Report at 3; *see also* Report at 15 ("The Special Master believes that plaintiffs have made the necessary showing, and that each allegation as to each defendant need not be repeated in this report.").

[10] *See* Report at 13 ("The Special Master notes *some* of the paragraphs of the IC allegations") (emphasis added).

### III. The Special Master Properly Considered And Applied Supreme Court And Ninth Circuit Authorities

BMCC also complains that the Special Master "fails to take into account important case law." Specifically, BMCC criticizes the Special Master for ignoring *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042 (9th Cir. 2008). The Special Master did not "ignore" *Kendall* or "fail to take it into account." It would have been impossible for him to do so. The Joint Motion to Dismiss and seven of the eight separate motions to dismiss all cite to *Kendall*,[11] and both groups of plaintiffs thoroughly distinguish it in their opposition briefs.[12] The Special Master simply did not find *Kendall* to be relevant to the issues before him. *See* Report at 8 ("Research has not disclosed any *relevant* Ninth Circuit cases interpreting [*Twombly* and *Iqbal*] in antitrust conspiracy litigation") (emphasis added). Furthermore, the Special Master is not alone in this conclusion. None of the recent opinions in analogous cases in this District cites to *Kendall*.[13]

In the absence of relevant authority from the Ninth Circuit, the Report considers *Twombly* and *Iqbal* and appropriately relies upon the myriad cases from this District applying these authorities in cases similar to this one.[14]

### IV. Conclusion

In short, the Special Master employed the correct procedure for addressing multiple, overlapping motions to dismiss. He also applied the correct legal standards, and ultimately came to the correct conclusion as to BMCC. Accordingly, Plaintiffs respectfully request that the Court adopt the Special Master's tentative ruling and deny BMCC's motion to dismiss.

---

[11] *See* Joint Motion at 31; BMCC Motion at 8; LG Motion at 18; Panasonic Motion at 7; Samsung Electronics Motion at 21-24; Hitachi Motion at 12-13; Tatung Motion 16-18; Toshiba Motion at 13.
[12] *See* IP Opp. at 22-23; Direct Purchaser Plaintiffs' Combined Opposition To Defendants' Motions To Dismiss, Docket No. 531 (DP Opp.), at 43-44.
[13] *See, e.g., TFT-LCD I,* 586 F. Supp. 2d 1109; *TFT-LCD II,* 559 F. Supp. 2d 1179; *SRAM I,* 580 F. Supp. 2d 896; *Flash Memory,* 2009 U.S. Dist. LEXIS 38941.
[14] *See* Report at 7-8 and 11-13.

3
**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANT BMCC'S OBJECTIONS TO THE REPORT, RECOMMENDATIONS AND TENTATIVE RULINGS OF THE SPECIAL MASTER**

Dated: February 26, 2010                    Respectfully submitted,

**TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**

By:     /s/ Mario N. Alioto
        Mario N. Alioto (56433)
        Lauren C. Russell (241151)
        2280 Union Street
        San Francisco, California 94123
        Telephone: (415) 563-7200
        Facsimile: (415) 346-0679
        E-mail: malioto@tatp.com
        laurenrussell@tatp.com

        *Interim Lead Counsel*
        *for the Indirect Purchaser Plaintiffs*

---

4

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANT BMCC'S OBJECTIONS TO THE REPORT, RECOMMENDATIONS AND TENTATIVE RULINGS OF THE SPECIAL MASTER**