MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. RUSSELL, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel*
*for the Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944 SC |
| | MDL No. 1917 |
| | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO THE PANASONIC DEFENDANTS' OBJECTIONS TO THE REPORT, RECOMMENDATIONS AND TENTATIVE RULINGS OF THE SPECIAL MASTER** |
| **This document relates to:** | |
| **ALL INDIRECT PURCHASER ACTIONS** | The Honorable Samuel Conti |
| | Special Master: Hon. Charles A. Legge (Ret.) |

**I.     The Special Master Correctly Ruled That The IP CAC Plausibly Alleges The Panasonic Defendants' Participation In The CRT Product Conspiracy**

Despite the Special Master's admonition that "Defendants' arguments about not stating a claim against <u>each</u> defendant puts form over substance" (Report at 15), the Panasonic Defendants continue to argue that the IP CAC does not adequately allege their role in the conspiracy.[1] The Panasonic Defendants thus continue to ignore the fundamental rules recognized by many recent decisions from this District that antitrust conspiracies need not be detailed defendant-by-defendant[2] and that the complaint must be viewed as a whole.[3] These cases hold that "Plaintiffs need only make allegations that *plausibly suggest* that each Defendant participated in the alleged conspiracy."[4] The Panasonic Defendants are therefore asking this Court to reject all of these prior decisions.

Moreover, as the Special Master recognized, the IP CAC is replete with defendant-specific allegations, including those directed at the Panasonic Defendants.[5] The Panasonic Defendants complain that these "lumped" allegations against "Panasonic" make it "impossible to determine which defendant is being charged." But viewing the allegations against "Panasonic" in the context of the entire complaint,[6] the IP CAC plausibly alleges what each Panasonic Defendant's role was in the conspiracy as a member of its corporate group.[7] Thus, as the Special

---

[1] The Panasonic Defendants' Objection merely re-states the arguments from their motion to dismiss. *See* Panasonic Motion, D.N. 474 and Panasonic Reply, D.N. 547. Plaintiffs have thus responded to these arguments in full in their opposition brief. *See* Indirect Purchaser Plaintiffs MPA In Opp. To Defendants' Motions to Dismiss ("IP Opp."), D.N. 536.
[2] *See e.g., In Flash Memory Antitrust Litig.,* 2009 U.S. Dist. LEXIS 38941, *8 n.7 (N.D. Cal. Mar. 31, 2009); *In re Static Random Access Memory (SRAM) Antitrust Litig.,* 580 F. Supp. 2d 896, 904 (N.D. Cal. 2008) ("*SRAM I*"); *In re TFT-LCD Antitrust Litig.,* 559 F. Supp. 2d 1179, 1184 (N.D. Cal. 2009) (*TFT-LCD II*"); Report at 11-12, citing *TFT-LCD I, TFT-LCD II* and *SRAM I* with approval.
[3] *See Continental Ore Co. v. Union Carbide & Carbon Corp.,* 370 U.S. 690, 698-99 (1962); IP Opp. at 27-45; Report at 13.
[4] *SRAM I,* 580 F. Supp. 2d at 904 (emphasis added); IP Opp. at 35-36.
[5] *See* Report at 13-14; IP Opp. at 33-34.
[6] *See* Report at 13 ("The context is the <u>entire</u> complaint.") (emphasis in original.)
[7] *See* IP CAC ¶¶ 2, 80-85, 125-126, 128(c)-(d), 141-164, 181-182 and 188. *See further* IP Opp. at 32-38; 40; 63-64.

1

Master correctly concluded, each of the Panasonic Defendants has "more than adequate notice of what [it is] charged with." Report at 14.

PNA also attempts to re-argue that its participation in the conspiracy is economically implausible because the IP CAC alleges a CRT conspiracy and it only manufactures televisions. This argument is without merit. For all the reasons set forth in Plaintiffs' Response to the Joint Objections, the Report correctly concluded that the IP CAC alleges a conspiracy involving "CRT Products," defined to include both CRTs and products containing CRTs, such as televisions.[8] Furthermore, a conspiracy to fix the price of CRT Products by vertically integrated companies like Panasonic Corporation and PNA, which manufacture both CRTs and products containing CRTs, makes perfect economic sense.[9]

Finally, Panasonic Corporation's objections to Plaintiffs' agency allegations must be rejected as well. First, Panasonic Corporation's argument that the complaint must contain "specific factual allegations to pierce the corporate veil" is inapt. Plaintiffs do not rely on an alter ego theory.[10] Second, Defendant's statement that "no underlying factual allegations" support the claim that its subsidiaries conspired is inaccurate. Plaintiffs allege, for example, that MTPD, Panasonic Corporation's joint venture with Toshiba Corporation and its wholly-owned subsidiary since 2007, engaged in the conspiracy by participating in (and in fact leading) multiple Glass Meetings.[11] The identity of economic interest between parents and subsidiaries has already been noted.[12] As the Report correctly concludes, if the conspiracy "is allegedly organized at the highest levels of the defendant's organization and is carried out by its subordinates, that is sufficient." Report at 12, citing *TFT-LCD II* at 1185. It is plausible for pleading purposes that subsidiaries follow the lead of their parent. *See* Report at 13.

---

[8] *See also* IP Opp. 7-15; 18-20; 67-71.
[9] *See further* IP Opp. 67-71.
[10] *See* IP Opp. at 46.
[11] *See* IP CAC ¶¶ 80, 183. In addition, the Panasonic Defendants state in their Objection that, "MTPD has not moved to dismiss either complaint, *given the specific allegations asserted against that particular Panasonic-related entity*." Objection at 1:fn1 (emphasis added).

## II. By Declining To Address The Panasonic Defendants' Motion To Dismiss Separately, The Special Master Followed Standard Practice In Recent Cases

The Panasonic Defendants also complain that the Special Master "summarily reject[s] [their separate motions] without sufficient regard for their unique and substantive arguments." This complaint elevates form over substance. The Special Master's practical approach is entirely appropriate where, as here, each defendant is essentially making the same argument based on the same or substantially similar allegations and the same law.

In fact, it is standard practice in large antitrust cases, where individual defendants move to dismiss on the basis that the complaint lacks sufficient facts as to them, for district courts to address these separate motions generally as opposed to defendant-by-defendant.[13] In addition, the Special Master indicates that even though every party and authority is not specifically mentioned in the Report, all of the parties' arguments and authorities have been considered: "Because of the volume of the complaints and the briefs, this report must combine and synthesize the contentions, without mentioning every party's arguments and authorities; but hopefully without omitting any material points."[14] Thus, the fact that the Special Master does not specifically mention PNA by name is not, as PNA claims, of any consequence. The examples of defendant-specific allegations in the Report at 13-14 were obviously not intended to be exhaustive.[15]

## III. Conclusion

For all the foregoing reasons, Plaintiffs respectfully request that the Court adopt the Special Master's tentative ruling and deny the Panasonic Defendants' motion to dismiss.

---

[12] *See* IP Opp. at 48 n. 60*; Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 771 (1984) (unity of interest between parent and subsidiary).

[13] *See, e.g., TFT-LCD I*, 586 F. Supp. 2d 1109; *TFT-LCD II,* 559 F. Supp. 2d 1179; *Flash Memory*, 2009 U.S. Dist. LEXIS 38941; *SRAM I,* 580 F. Supp. 2d 896; *In re Aftermarket Filters Antitrust Litigation*, No. 08-C-4883, 2009 WL 3754041 (N.D. Ill. Nov. 5, 2009).

[14] *See* Report at 3; *see also* Report at 15 ("The Special Master believes that plaintiffs have made the necessary showing, and that each allegation as to each defendant need not be repeated in this report.")

Dated: February 26, 2010            Respectfully submitted,

**TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**

By:    /s/ Mario N. Alioto
Mario N. Alioto (56433)
Lauren C. Russell (241151)
2280 Union Street
San Francisco, California 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel*
*for the Indirect Purchaser Plaintiffs*

---

[15] *See* Report at 13 ("The Special Master notes *some* of the paragraphs of the IC allegations") (emphasis added).

4
**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO THE PANASONIC DEFENDANTS'
OBJECTIONS TO THE REPORT & RECOMMENDATIONS OF THE SPECIAL MASTER**