MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. RUSSELL, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA  94123
Telephone:  (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel
for the Indirect Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Master File No. CV-07-5944 SC<br><br>MDL No. 1917<br><br>**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO THE PHILIPS DEFENDANTS' OBJECTIONS TO THE REPORT, RECOMMENDATIONS AND TENTATIVE RULINGS OF THE SPECIAL MASTER** |
| **This document relates to:**<br><br>**ALL INDIRECT PURCHASER ACTIONS** ) | The Honorable Samuel Conti<br>Special Master: Hon. Charles A. Legge (Ret.) |

i

## I. The Report's Recommendations Should Be Adopted

The Philips Defendants misconstrue applicable agency pleading standards. Plaintiffs' agency allegations are well-pled.[1] On a motion to dismiss, a plaintiff is not required to plead agency specifically. *See Weinstein v. Saturn,* 303 Fed. Appx. 424, 426 (9th Cir. 2008), cited in the Report (mere allegation that "Saturn exercised 'substantial control'" deemed sufficient, irrespective of whether Rule 8 or Rule 9(b) applied). Contrary to Defendants' contention, the Report does not misread *Weinstein* or the standard for pleading agency. *See, e.g., Dion LLC v. Infotek Wireless, Inc.*, No. C 07-1431 SBA, 2007 WL 3231738, at *4 (N.D. Cal. Oct. 30, 2007) (plaintiff need only place the defendant on notice that its claim is based on an agency theory).

In *TFT-LCD II,* Judge Illston approved of agency allegations similar—and in some instances nearly identical—to the agency allegations made here. *See TFT-LCD II,* 599 F. Supp. 2d 1179, 1185 (N.D. Cal. 2009) (the complaints, "taken as a whole, [] sufficiently allege each defendant's participation in that conspiracy, as well as present a factual basis for the allegations of agency.")[2] Like the plaintiffs in *TFT-LCD II*, Plaintiffs here allege a multinational price-fixing conspiracy organized at the highest levels and carried out at all levels.[3] To effectuate their scheme, Defendants relied on numerous different personnel and entities within their corporate structures. Defendants fail to acknowledge the numerous allegations of the IP CAP that, taken together, detail the substance of the conspiracy.[4] As the Report notes, "the context is the entire complaint." Report at 13 (emphasis in original).

---

[1] Plaintiffs object to Defendants' mischaracterization of their allegations by conflating them with those of the direct purchaser plaintiffs. Defendants, for example, contend: "Plaintiffs do not allege that any of the individual Philips Defendants attended those meetings or state what conduct any of the Philips Defendants agreed to take in furtherance of the alleged conspiracy." Defendants quote the DPC at ¶ 164 and then state: "IPC ¶ 170 (same)." (Obj. at 1)  In fact, Paragraph 170 alleges: "A substantial number of these meetings were attended by high level executives from Philips." (Emphasis added). *See also, e.g.,* Defendants' incomplete description of ¶ 171, Obj. at 4.

[2] *See also* Indirect Purchaser Plaintiffs' MPA In Opp. To Defendants' Motions To Dismiss, D.N. 536 ("IP Opp.") at 46-48.

[3] *See* IP CAC ¶¶ 121-139; 140-165; 166-187; *see also* Report at 13.

[4] *See* IP CAC ¶¶ 121-139; 140-165; 166-187; *see also* IP Opp. at 45-53.

Defendants' cited authorities are distinguishable.  They involve boilerplate, bare-boned agency allegations that do not rely on other factual allegations, unlike Plaintiffs' agency allegations which are linked to the conspiracy allegations:  *Biggins v. Wells Fargo,* 2009 WL 2246199, at *11 (N.D. Cal. July 27, 2009) (general allegations, "without more" that were 'insufficient to establish that any named Plaintiff suffered an injury that is traceable' to the defendant"); *Canam Steel v. Mayo,* 2009 U.S. Dist. LEXIS 44059, at *3 (E.D. Cal. May 26, 2009) (only one allegation of agency, general and conclusory, and alleging "no facts indicating that [defendant] was directly responsible for any wrongdoing or that [it] was acting as agent or alter ego of another defendant against whom allegations were properly made");  *In re Cal. Title Ins. Antitrust Litig.,* 2009 WL 1458025, at *8 (N.D. Cal. May 21, 2009), (unlike in *TFT-LCD II,* the plaintiffs did not "attempt to allege any facts to show that the parent corporations knew what their subsidiaries were doing."); *Monaco v. Liberty Life Assurance Co.,* 2007 WL 420139, at *6 (N.D. Cal. 2007) (plaintiff has not alleged any supporting facts to support the existence of an agency")*; Am. Red Cross  v. United Way Cal. Capital Region,* 2007 WL 4522967, at *10 (E.C. Cal. December 19, 2007) (complaint does not "allege one fact that suggests [an] agency relationship").

Defendants also argue that the Report ignores the separate existence of corporate entities. Defendants confuse agency with alter ego principles.  IP Plaintiffs do not rely on an alter ego theory.[5]  The other cases cited by Philips were determined on the evidence and are therefore inapposite.  *Sun Microsystems Inc. v. Hynix Semiconductor Inc.,* 608 F. Supp. 2d 1166 (N.D. Cal. 2009) (considering evidence in ruling on a summary judgment motion); *E.J. Gallo Winery v. EnCana Energy Servs., Inc.,* CV F 03-5412 AWI LJO, 2008 WL 2220396, at *10 (E.D. Cal. May 27, 2008) (summary adjudication motion: "The determination of whether a principal/agent relationship exists between a parent corporation and its subsidiary involves a fact-intensive inquiry into the extent to which the parent exercises control over the activities of the subsidiary"); *Bowoto v. ChevronTexaco Corp.,* 312 F. Supp. 2d 1229, 1241 ("Whether an agency relationship

2

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO THE PHILIPS DEFENDANTS' OBJECTIONS TO THE REPORT, RECOMMENDATIONS AND TENTATIVE RULINGS OF THE SPECIAL MASTER**

exists between a parent corporation and its subsidiary is normally a question of fact.") In *Dion*, one of the defendants relied on *Bowoto* to establish Dion's failure to plead agency liability. The court rejected this argument because *Bowoto* applied a summary judgment standard. *Dion,* 2007 WL 3231738, at *4.

## II. Conclusion

For the foregoing reasons, Indirect Plaintiffs respectfully request that the Court deny the Philips Entities' Objections in their entirety, and adopt the recommendations of the Special Master.

Dated: February 26, 2010                      Respectfully submitted,

**TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**

By:   /s/ Mario N. Alioto
      Mario N. Alioto (56433)
      Lauren C. Russell (241151)
      2280 Union Street
      San Francisco, California 94123
      Telephone: (415) 563-7200
      Facsimile: (415) 346-0679
      E-mail: malioto@tatp.com
      laurenrussell@tatp.com

*Interim Lead Counsel*
*for the Indirect Purchaser Plaintiffs*

---

[5] Cases cited in Defendants' Objections at 2:n4 are therefore inapplicable.