MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. RUSSELL, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA  94123
Telephone:  (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel
for the Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** ) ) ) ) ) ) ) ) ) ) ) ) ) | Master File No. CV-07-5944 SC<br><br>MDL No. 1917<br><br>**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO THE SAMSUNG ELECTRONICS DEFENDANTS' OBJECTIONS TO THE REPORT, RECOMMENDATION AND TENTATIVE RULINGS OF THE SPECIAL MASTER** |
| **This document relates to:** ) )<br><br>**ALL INDIRECT PURCHASER ACTIONS** ) ) ) ) ) | The Honorable Samuel Conti<br>Special Master: Hon. Charles A. Legge (Ret.) |

**I.      The Special Master Correctly Ruled That The IP CAC Plausibly Alleges The Samsung Electronics Defendants' Participation In The CRT Product Conspiracy**

The Samsung Electronics ("SE") Defendants continue to argue that the IP CAC does not adequately allege their role in the conspiracy.[1]  The SE Defendants thus continue to ignore the fundamental rules recognized by many recent decisions from this District that antitrust conspiracies need not be detailed defendant-by-defendant[2] and the complaint must be viewed as a whole.[3]  These cases hold that "Plaintiffs need only make allegations that *plausibly suggest* that each Defendant participated in the alleged conspiracy."[4]

The SE Defendants' reliance on *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 565 n.10 (2007)*, and *Kendall v. Visa, Inc.,* 518 F.3d 1042, 1048 (9th Cir. 2008), is misplaced.  As Plaintiffs have already shown, neither *Twombly* nor *Kendall* addresses the question of what a plaintiff must plead against each defendant.[5]  In those cases, there were *no facts* alleged against any of the defendants.[6]  The SE Defendants criticize the Special Master for his failure to rely on *Kendall*.  But the Special Master is not alone in this.  None of the recent opinions in analogous cases in this District cite to *Kendall*.[7]

---

[1] The Samsung Electronics Defendants' Objection merely re-states the arguments from their motion to dismiss.  *See* SE Motion, D.N. 482 and SE Reply, D.N. 545.  Plaintiffs have fully responded to these arguments in their opposition brief.  *See* Indirect Purchaser Plaintiffs MPA In Opp. To Defendants' Motions to Dismiss ("IP Opp."), D.N. 536.

[2] *See e.g., In Flash Memory Antitrust Litig.,* 2009 U.S. Dist. LEXIS 38941, *8 n.7 (N.D. Cal. Mar. 31, 2009); *In re Static Random Access Memory (SRAM) Antitrust Litig.,* 580 F. Supp. 2d 896, 904 (N.D. Cal. 2008) ("*SRAM I*"); *In re TFT-LCD Antitrust Litig.,* 559 F. Supp. 2d 1179, 1184 (N.D. Cal. 2009) (*TFT-LCD II*"); Report at 11-12.

[3] *See Continental Ore Co. v. Union Carbide & Carbon Corp.,* 370 U.S. 690, 698-99 (1962), cited in Report at 13; IP Opp. at 27-45;

[4] *SRAM I,* 580 F. Supp. 2d at 904 (emphasis added); IP Opp. at 35-36.

[5] *See* IP Opp. 22-23 (discussing and distinguishing *Twombly* and *Kendall*); Report at 11 ("The requirement of separate pleading against each defendant in an alleged antitrust conspiracy does not find its genesis in *Twombly*.  *Twombly* does not define such a requirement, but addresses the sufficiency of conspiracy allegations generally.)

[6] *Twombly,* 550 U.S. at 561-62 (finding that the complaint failed to "set forth a single fact in a context that suggested an agreement"); *Kendall*, 518 F.3d at 1048 (finding there were "no facts alleged to support" the complaint's conspiracy allegations).

[7] *See, e.g., TFT-LCD II,* 559 F. Supp. 2d 1179; *SRAM I,* 580 F. Supp. 2d 896; *Flash Memory,* 2009 U.S. Dist. LEXIS 38941.

1         Moreover, unlike *Twombly* and *Kendall*, the IP CAC is replete with defendant-specific

2 allegations, including those directed at the SE Defendants.[8]  The SE Defendants complain that

3 allegations against "Samsung" give them "no notice" of whether the Complaint's allegations are

4 against them.  But viewing the allegations against "Samsung" in the context of the entire

5 complaint,[9] the IP CAC plausibly alleges what each SE Defendant's role was in the conspiracy as

6 a member of its corporate group.[10]  Thus, as the Special Master concluded, each of the SE

7 Defendants has "more than adequate notice of what [it is] charged with."  Report at 14.

8         The SE Defendants also claim that their participation in the conspiracy is economically

9 implausible because, according to their re-write of the Complaint, Plaintiffs allege a CRT-only

10 conspiracy and they manufacture only products containing CRTs (i.e. televisions and monitors).

11 This argument is meritless.  For all the reasons set forth in IP Plaintiffs' Response to Defendants'

12 Joint Objections, the Report correctly concluded that the IP CAC alleges a conspiracy involving

13 "CRT Products," which includes televisions and monitors.[11]  Further, Plaintiffs have alleged a

14 horizontal conspiracy among vertically integrated manufacturers of both CRTs and CRT Finished

15 Products.  Plaintiffs' claims are thus entitled to analysis under the *per se* rule.[12]

16 **II.**     **The IP Plaintiffs Seek To Hold The SE Defendants Liable For Their Own Direct**
             **Participation In The Conspiracy, As Well As That Of Others**

17

18         To the extent the SE Defendants suggest that the IP Plaintiffs rely on an agency theory

19 *alone*, they are incorrect.  As demonstrated above, the IP CAC alleges the SE Defendants' direct

20 participation in the conspiracy.  IP Plaintiffs hold the SE Defendants liable for their own

21

22

23 [8] *See* Report at 13-14; IP Opp. at 33-34.

24 [9] *See* Report at 13 ("The context is the <u>entire</u> complaint.") (emphasis in original).
[10] *See* IP CAC ¶¶ 2, 62-63, 124, 128(h) & (j), 141-164, 166-167 and 188.  *See further* IP Opp. at

25 32-38; 42; 64-67.

[11] *See also* IP Opp. 7-15; 18-20; 67-71; Report at 6 ("*There is no doubt* to this Special Master that

26 both complaints on their face attempt to and do allege a conspiracy to fix the prices of CRT

27 Products, as well as CRTs themselves.  And there is nothing legally wrong with plaintiffs
defining their product market that way.") (Emphasis added).

28 [12] *See further* IP Opp. 64-65.

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO THE SE DEFENDANTS' OBJECTIONS TO
THE REPORT, RECOMMENDATION AND TENTATIVE RULINGS OF THE SPECIAL MASTER**

1  wrongful acts in furtherance of the conspiracy, as well as those of their Samsung SDI subsidiaries

2  and their co-conspirators.

3       The SE Defendants also incorrectly assert that Plaintiffs' "only allegations of agency" are

4  that SEC "dominated and controlled" the SDI Defendants.  Plaintiffs allege a multinational price-

5  fixing conspiracy organized at the highest levels and carried out at all levels.[13]  To effectuate

6  their scheme, Defendants relied on numerous different personnel and entities within their

7  corporate structures.  The SE Defendants fail to acknowledge the numerous allegations of the IP

8  CAC that, taken together, detail the substance of the conspiracy and support Plaintiffs' agency

9  allegations.[14]  As the Report notes, "the context is the <u>entire</u> complaint."  Report at 13 (emphasis

10 in original).

11      In addition, on a motion to dismiss, a plaintiff is not required to plead agency

12 specifically.[15]  Contrary to the SE Defendants' contention, the Report does not misread *Weinstein*

13 or the standard for pleading agency.[16]  Moreover, the authorities cited by the SE Defendants are

14 distinguishable because they involved only bare-bone agency allegations.[17]  Others address the

15 standard for alter ego liability,[18] and waiver of governmental immunity for the acts of an agent,[19]

16 neither of which is relevant here.  More fundamentally, these cases are inapposite because

17 Plaintiffs here hold the SE Defendants liable for their own wrongful acts.

---

19 [13] *See* IP CAC ¶¶ 121-139; 140-165; 166-188; Report at 12, citing *TFT-LCD II* at 1185.

20 [14] *See* IP CAC ¶¶ 121-139; 140-165; 166-188; *see also* IP Opp. at 45-53.

[15] *See Weinstein v. Saturn,* 303 Fed. Appx. 424, 426 (9th Cir. 2008), cited in the Report (mere

21 allegation that "Saturn exercised 'substantial control'" deemed sufficient, irrespective of whether Rule 8 or Rule 9(b) applied).

22 [16] *See, e.g., Dion LLC v. Infotek Wireless, Inc.*, No. C 07-1431 SBA, 2007 WL 3231738, *4

23 (N.D. Cal. Oct. 30, 2007) (plaintiff need only place the defendant on notice that its claim is based on an agency theory).

24 [17] *See, e.g., Biggins v. Wells Fargo,* 2009 WL 2246199, *11 (N.D. Cal. July 27, 2009) (general allegations, "without more" that were 'insufficient to establish that any named Plaintiff suffered

25 an injury that is traceable' to the defendant"); *Am. Red Cross  v. United Way Cal. Capital Region,* 2007 WL 4522967, *10 (E.C. Cal. December 19, 2007) (complaint does not "allege one fact that

26 suggests [an] agency relationship").

27 [18] *See Neilson v. Union Bank of Cal., N.A.,* 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003). Plaintiffs here do not rely on an alter ego theory of liability.  *See* IP Opp. at 46:1-2.

28 [19] *See California v. NRG Energy, Inc.,* 391 F.3d 1011, 1024 (9th Cir. 2004).

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO THE SE DEFENDANTS' OBJECTIONS TO
THE REPORT, RECOMMENDATION AND TENTATIVE RULINGS OF THE SPECIAL MASTER**

1

**III.     Conclusion**

2      For all the foregoing reasons, Plaintiffs respectfully request that the Court adopt the

3  Special Master's tentative ruling and deny the SE Defendants' motion to dismiss.

4

5  Dated: February 26, 2010                    Respectfully submitted,

6                                             **TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**

7                                             By:      /s/ Mario N. Alioto
                                                      Mario N. Alioto (56433)
8                                                      Lauren C. Russell (241151)
                                                      2280 Union Street
9                                                      San Francisco, California 94123
                                                      Telephone: (415) 563-7200
10                                                     Facsimile: (415) 346-0679
                                                      E-mail: malioto@tatp.com
11                                                             laurenrussell@tatp.com

12
                                             *Interim Lead Counsel*
13                                           *for the Indirect Purchaser Plaintiffs*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO THE SE DEFENDANTS' OBJECTIONS TO THE REPORT, RECOMMENDATION AND TENTATIVE RULINGS OF THE SPECIAL MASTER**