MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. RUSSELL, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA  94123
Telephone:  (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel*
*for the Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** ) | Master File No. CV-07-5944 SC |
| ) | MDL No. 1917 |
| ) | |
| ) | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO THE TOSHIBA DEFENDANTS' OBJECTIONS TO THE REPORT, RECOMMENDATION AND TENTATIVE RULINGS OF THE SPECIAL MASTER** |
| **This document relates to:** ) | |
| **ALL INDIRECT PURCHASER ACTIONS** ) | The Honorable Samuel Conti |
| ) | Special Master: Hon. Charles A. Legge (Ret.) |

**I.      The Special Master Correctly Ruled That The IP CAC Plausibly Alleges The Toshiba Defendants' Participation In The CRT Product Conspiracy**

In their Objection, the Toshiba Defendants try again to distinguish themselves from the other defendants.  They point to what they mischaracterize as "key areas" of Plaintiffs' conspiracy allegations and claim that they are not alleged to have been involved.[1]  This is unavailing for several reasons.  First, Toshiba's arguments ignore well-settled legal principles that a conspirator need not participate in every aspect of a conspiracy in order to be jointly liable for the acts of its co-conspirators,[2] and that antitrust conspiracies need not be detailed defendant-by-defendant.[3]

Second, some of the "facts" that the Toshiba Defendants claim distinguish them from the other defendants, do not distinguish them at all.  Others contradict the pleadings.  For example, the Toshiba Defendants claim that "none of the Toshiba entities (nor anyone affiliated with them) has been indicted in the CRT matter."  But since only the former Chairman of Chunghwa Picture Tubes, Ltd. has so far been indicted, this does not distinguish the Toshiba Defendants from any of the other Defendants.  Further, the IP CAC alleges that Toshiba Corporation was affiliated with Chunghwa; they entered into a technology transfer agreement for large CRTs in 1995.[4]

The Toshiba Defendants also claim they are different because they are not subject to any government investigations of their CRT business.  These claims contradict paragraph 212 of the IP CAC, which alleges that Toshiba is being investigated by the European Commission and the United States Department of Justice.

---

[1] Toshiba's Objections merely re-hash the arguments from their original motion to dismiss.  *See* Toshiba Motion, D.N. 491, and Toshiba Reply, D.N. 557.  Plaintiffs have thus responded to them in full in the Indirect Purchaser Plaintiffs' MPA In Opp. To Defendants' Motions to Dismiss, D.N. 536 ("IP Opp.").

[2] *See Beltz Travel Serv., Inc. v. International Air Transport Ass'n,* 620 F.2d 1360, 1367 (9th Cir. 1980); IP Opp. at 29.

[3] *See e.g., In Flash Memory Antitrust Litig.,* 2009 U.S. Dist. LEXIS 38941, *8 n.7 (N.D. Cal. Mar. 31, 2009); *In re Static Random Access Memory (SRAM) Antitrust Litig.,* 580 F. Supp. 2d 896, 904 (N.D. Cal. 2008) ("*SRAM I*"); *In re TFT-LCD Antitrust Litig.,* 559 F. Supp. 2d 1179, 1184 (N.D. Cal. 2009) (*TFT-LCD II*"); Report at 11-13; IP Opp. 27-32 (citing additional cases).

[4] IP CAC ¶ 128(g).

1    Toshiba's claim that they are not alleged to have reduced manufacturing capacity in order

2  to increase prices is also inaccurate.  The IP CAC alleges that Toshiba Corporation and co-

3  defendant Panasonic Corporation consolidated their CRT businesses in 2002 to form MT Picture

4  Display Co., Ltd. ("MTPD") as a joint venture.  IP CAC ¶¶ 72, 80.  Fairly read, the IP CAC

5  plausibly alleges that the formation of MTPD was in and of itself an overt act in furtherance of

6  the conspiracy.[5]  Notably, MTPD has not challenged the Complaint on *Twombly* grounds and

7  was recently fined by the Japanese Fair Trade Commission for its role in the CRT conspiracy.

8    Third, contrary to fundamental pleading principles, the Toshiba Defendants seek to isolate

9  Plaintiffs' Toshiba-specific allegations from the totality of the facts alleged, and mischaracterize

10  them as "conclusory."[6]  Viewed as a whole, the IP CAC plausibly alleges that each of the

11  Toshiba Defendants conspired with their competitors to fix the prices of CRT Products.[7]

12    Finally, the Toshiba's Objection fails because it relies solely on *Bell Atlantic Corp. v.*

13  *Twombly*, 550 U.S. 544, 565 n.10 (2007)*, and *Kendall v. Visa, Inc.,* 518 F.3d 1042, 1048 (9th

14  Cir. 2008), and ignores cases similar to this one.[8]  As already shown, neither *Twombly* nor

15  *Kendall* addresses the question of what a plaintiff must plead against each defendant.[9]  In those

16  cases, there were *no facts* alleged against *any* of the defendants.[10]  Toshiba criticizes the Special

17  _____

18  [5] *See* IP CAC ¶¶ 125, 198 (alleging that Defendants conspired to limit production by

19  "consolidating their manufacturing facilities"); *see also id.* ¶ 177 (alleging that "[a]fter 2003, Toshiba participated in the CRT conspiracy through its joint venture with Panasonic, MTPD");

20  *see further* IP Opp. at 63.
   [6] *Continental Ore Co. v. Union Carbide & Carbon Corp.,* 370 U.S. 690, 698-99 (1962) ("The

21  character and effect of a [Sherman Act] conspiracy are not to be judged by dismembering it and viewing its separate parts, but only by looking at is as a whole.")  *Accord,* Report at 13 ("The

22  context is the <u>entire</u> complaint.") (emphasis in original); *see also* IP Opp. at 28 (citing cases).

23  [7] *See* IP CAC ¶¶ 2, 141-165, 177-178; *see also* IP Opp. at 27-41; Report at 13-14, citing to defendant-specific allegations in the IP CAC.

24  [8] *See supra* n.3; *see also* Report at 8, 11-12 (citing relevant cases from this District).
   [9] *See* IP Opp. 22-23 (discussing and distinguishing *Twombly* and *Kendall*); Report at 11 ("The

25  requirement of separate pleading against each defendant in an alleged antitrust conspiracy does not find its genesis in *Twombly*.  *Twombly* does not define such a requirement, but addresses the

26  sufficiency of conspiracy allegations generally.)

27  [10] *Twombly,* 550 U.S. at 561-62 (finding that the complaint failed to "set forth a single fact in a context that suggested an agreement"); *Kendall,* 518 F.3d at 1048 (finding there were "no facts

28  alleged to support" the complaint's conspiracy allegations).

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO THE TOSHIBA DEFENDANTS' OBJECTIONS TO THE REPORT, RECOMMENDATION AND TENTATIVE RULINGS OF THE SPECIAL MASTER**

1    Master for his finding that *Kendall* is not relevant.[11]  But the Special Master is not alone in this

2    conclusion.  None of the recent opinions in analogous cases in this District cite to *Kendall*.[12]

3    **III.    The Report's Conclusions On Withdrawal Are Correct**

4            The Report properly rejected Toshiba's contention that it withdrew from any conspiracy

5    as a matter of law.  First, withdrawal does not protect a defendant in cases of fraudulent

6    concealment.[13]  Second, withdrawal raises questions of fact.  Plaintiffs allege that Toshiba

7    Corporation controlled several wholly-owned subsidiary defendants and operated a CRT joint

8    venture with Panasonic Corporation.  Factual issues include whether Toshiba Corporation

9    abandoned the conspiracy upon withdrawal from the industry and whether it continued to

10   participate in the conspiracy through its joint venture.  A defendant's continuing financial interest

11   in an illegal venture precludes a finding that it withdrew from the conspiracy.[14]

12           The Report properly concludes that the factual questions presented are inappropriate for

13   resolution on a motion to dismiss.  Finally, even assuming withdrawal, the withdrawing

14   defendants still would be liable for conspiratorial acts before the withdrawal.[15]

15   **II.    Conclusion**

16           For all of the foregoing reasons, Plaintiffs respectfully request that the Court adopt the

17   Special Master's tentative ruling and deny the Toshiba Defendants' motion to dismiss.

---

19   [11] Report at 8 ("Research has not disclosed any *relevant* Ninth Circuit cases…").

20   [12] *See, e.g., TFT-LCD II,* 559 F. Supp. 2d 1179; *SRAM I,* 580 F. Supp. 2d 896; *Flash Memory,* 2009 U.S. Dist. LEXIS 38941.

21   [13] *See, e.g., In re Rubber Chemicals,* 504 F. Supp. 2d 277, 790 (N.D. Cal. 2007) (even if the

22   defendant withdrew, a question not reached at the motion to dismiss stage, the plaintiffs' fraudulent concealment allegations would toll the statute of limitations).

23   [14] *See United States v. Lothian,* 976 U.S. 1257, 1264 (9th Cir. 1992), citing *Reisman v. United States,* 409 F.2d 789, 793 (9th Cir. 1969).  *See also Copperweld Corp. v. Independence Tube*

24   *Corp.*, 467 U.S. 752, 771 (1984) ("the coordinated activity of a parent and its wholly owned subsidiary must be viewed as that of a single enterprise for purposes of § 1 of the Sherman Act.

25   A parent and its wholly owned subsidiary have a complete unity of interest.").  *Bay Plastics, Inc. v. BT Commercial Corp. (In re Bay Plastics, Inc.),* 187 B.R. 315 (Bank. C.D. Cal. 1995), cited by

26   Toshiba, is a bankruptcy case discussing fraudulent transfers and leveraged buyouts.  It has nothing to do with fraudulent concealment or withdrawal issues.

27   [15] *See, e.g., Morton's Market, Inc. v. Gustafson's Dairy,* 198 F.3d 823, 837 (11th Cir. 1999) (ex-

28   conspirator remains liable for all damages inflicted by acts committed prior to withdrawal).

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO THE TOSHIBA DEFENDANTS' OBJECTIONS
TO THE REPORT, RECOMMENDATION AND TENTATIVE RULINGS OF THE SPECIAL MASTER**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: February 26, 2010        Respectfully submitted,

**TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**

By:    /s/ Mario N. Alioto
        Mario N. Alioto (56433)
        Lauren C. Russell (241151)
        2280 Union Street
        San Francisco, California 94123
        Telephone: (415) 563-7200
        Facsimile: (415) 346-0679
        E-mail: malioto@tatp.com
        laurenrussell@tatp.com

        *Interim Lead Counsel*
        *for the Indirect Purchaser Plaintiffs*

4

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO THE TOSHIBA DEFENDANTS' OBJECTIONS TO THE REPORT, RECOMMENDATION AND TENTATIVE RULINGS OF THE SPECIAL MASTER**