GUIDO SAVERI (22349)
  guido@saveri.com
R. ALEXANDER SAVERI (173102)
  rick@saveri.com
GEOFFREY C. RUSHING (126910)
  grushing@saveri.com
CADIO ZIRPOLI (179108)
  cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA  94111
Telephone:  (415) 217-6810
Facsimile:   (415) 217-6813

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:07-CV-5944 SC<br><br>MDL No. 1917<br><br>**CLASS ACTION** |
| This Document Relates to:<br><br>All Direct Purchaser Actions | **DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO THE TOSHIBA ENTITIES' OBJECTIONS TO THE SPECIAL MASTER'S REPORT, RECOMMENDATIONS AND TENTATIVE RULINGS REGARDING DEFENDANTS' MOTIONS TO DISMISS**<br><br>Judge: Honorable Samuel P. Conti<br>Courtroom No. 1, 17th Floor |

The Toshiba Entities object to the Special Master's Report and Recommendations (Dkt. No. 597)("Report") on the grounds that: (1) the Special Master was mistaken in determining that the Direct Purchaser Plaintiffs' ("DPPs") Consolidated Amended Complaint (Dkt. No. 436)("CAC") satisfied pleading requirements as to Toshiba; and (2) that the claims against Toshiba should be dismissed on the ground of withdrawal.  As set forth below, the Special Master's conclusions were in accord with the law and should be adopted by the Court.

The CAC goes well beyond parallel pricing allegations and provides a detailed description of how defendants met on a regular basis to implement, promote, and enforce their conspiracy by means including the fixing of target prices and price guidelines, allocating market share, allocating customers, and restricting product output.  *See, e.g.,* CAC ¶¶ 141-53.  The CAC places defendants' agreements in the historical context of the CRT industry, providing additional support for the existence of the alleged conspiracy, including its economic plausibility.  *See, e.g.,* CAC ¶¶ 112-21 (describing market concentration and joint ventures among defendants); ¶¶ 188-97 (describing stable and increasing prices for CRT Products despite factors that should have caused price declines).  Toshiba is alleged to have "participated in over 50 bilateral and group meetings between 1995 and 2003 (CAC ¶ 171); at these meetings the Toshiba "participants entered into agreements on behalf of, and reported these meeting and discussions to, their respective corporate families" (CAC ¶ 154).   The plausibility of the alleged conspiracy is bolstered by the indictment of the Chairman and CEO of one of the Defendants, C.Y. Lin of Chungwa Picture Tubes, Ltd. ("Chungwa PT") for a conspiracy that the Department of Justice described as having "harmed countless Americans who purchased computers and televisions using cathode ray tubes sold at fixed prices."  CAC ¶¶125-26.

The Special Master properly applied the law in denying the motion to dismiss.  Numerous recent decisions cited by the Special Master (Report, p. 8) addressing similar antitrust conspiracies have evaluated pleading standards and determined that allegations just like those in the CAC are sufficient to state a claim, and that detailed, defendant-by-defendant allegations are not necessary provided that the defendants have fair notice of the claims against them.  *See In re TFT-LCD (Flat Panel) Antitrust Litigation*, 586 F. Supp.2d 1109 (N.D. Cal. 2008); *In re Static*

1

1  *Random Access Memory (SRAM) Antitrust Litigation,* 580 F. Supp.2d 896 (N.D. Cal. 2008); *In re Flash Memory Antitrust Litigation*, 643 F. Supp.2d 1133 (N.D. Cal. 2009). In each of these cases, the very same arguments which Toshiba presents here were made and rejected. *See also* DPPs' Response to Defendants' Joint Objections, pp. 6-7.

Toshiba argues that the Special Master erroneously applied *Weinstein v. Saturn Corp.*, 303 F. App'x 424 (9th Cir. 2008) ("*Weinstein*") and that the CAC does not sufficiently allege control of subsidiaries by Toshiba Corp. to plead agency. This is not a correct reading of *Weinstein*, which held that a single allegation that a parent exercised "substantial control" was a sufficient allegation of agency at the motion to dismiss stage. *Id*. at 426. Moreover, as explained in DPPs' Response to Defendants' Joint Objections at p. 7, n.10, *Weinstein* is consistent with the law in this Circuit. Further, the CAC alleges as to each subsidiary that Toshiba Corp. "dominated and controlled the finances, policies, and affairs of [all named subsidiaries] relating to the antitrust violations alleged in this complaint." CAC ¶¶ 72-77. This is more than was alleged in *Weinstein* and, taken with the other allegations of the CAC, is more than sufficient to withstand the motion to dismiss.

Toshiba's withdrawal argument also lacks merit. Withdrawal from an antitrust conspiracy is an affirmative defense. Toshiba has not demonstrated withdrawal from the conspiracy in the manner required to preclude antitrust liability, and nothing on the face of the CAC establishes withdrawal as a matter of law, which is determined as follows:

> (1) "the law has given effect to a conspirator's abandonment of the conspiracy only where *the conspirator can demonstrate* that he retired from the business, severed all ties to the business, and deprived the remaining conspirator group of the services which he provided to the conspiracy" (*Morton's Mkt., Inc. v. Gustafson's Dairy, Inc.*, 198 F.3d 823, 839 (11th Cir. 1999) (emphasis added)); and;

> (2) effective withdrawal requires *unrebutted proof* that conspirator severed all ties with the conspiracy and no longer obtains benefits from the conspiracy (*United States v. Antar*, 53 F.3d 568, 583 (3d Cir. 1995)).

To prevail on the issue of withdrawal on a motion to dismiss, Toshiba must show that the CAC, on its face, establishes its withdrawal as a matter of law. Here, the allegations of the CAC are utterly inconsistent with the notion of Toshiba's withdrawal from the conspiracy. The CAC alleges, and Toshiba does not dispute: 1) that it did not exit the business of manufacturing/selling

2

1  products containing CRTs, which products were encompassed by the alleged conspiracy, during
2  the class period (CAC ¶¶171-72); (2) that it continued in the business of manufacturing/selling
3  CRTs after 2002 by forming and operating a joint venture (MT Picture Display Co. Ltd) with a
4  codefendant/coconspirator and that the joint venture itself was a participant in the alleged
5  conspiracy (CAC ¶¶ 72, 113, 174); and (3) that, during the class period, it financially benefited
6  both directly, and as a shareholder in the joint venture, from the sale of products encompassed by
7  the alleged conspiracy (CAC ¶¶ 171, 172, 174).  *See Riesman v. United States,* 409 F.2d 789,
8  792-93 (9th Cir. 1969) (exit from active participation in business alone insufficient to establish
9  withdrawal where defendant continued as a shareholder and benefited financially).  In light of the
10 foregoing, the Special Master correctly rejected Toshiba's claim of withdrawal.

12 Dated:  February 26, 2010                              Respectfully Submitted,

13                                                        By _____/s/ *Guido Saveri*_____

14                                                        Guido Saveri
                                                          R. Alexander Saveri
15                                                        Geoffrey C. Rushing
                                                          Cadio Zirpoli
16                                                        SAVERI & SAVERI, INC.
                                                          706 Sansome Street
17                                                        San Francisco CA  94111
                                                          Telephone:  (415) 217-6810
18                                                        Facsimile:   (415) 217-6813

19                                                        *Interim Lead Counsel for the Direct Purchaser Plaintiffs*

20                                                        Joseph W. Cotchett
21                                                        Neil Swartzberg
                                                          Steven N. Williams
22                                                        COTCHETT, PITRE & MCCARTHY
                                                          San Francisco Airport Office Center
23                                                        840 Malcolm Road, Suite 200
                                                          Burlingame, California 94010
24                                                        Telephone: (650) 697-6000
                                                          Facsimile: (650) 697-0577

                                                          *On the Brief*

crt.230