GUIDO SAVERI (22349)
　guido@saveri.com
R. ALEXANDER SAVERI (173102)
　rick@saveri.com
GEOFFREY C. RUSHING (126910)
　grushing@saveri.com
CADIO ZIRPOLI (179108)
　cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA  94111
Telephone:  (415) 217-6810
Facsimile:   (415) 217-6813

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:07-CV-5944 SC<br><br>MDL No. 1917<br><br>**CLASS ACTION** |
| This Document Relates to:<br><br>　All Direct Purchaser Actions | **DIRECT PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS PANASONIC CORP. AND PANASONIC CORP. OF NORTH AMERICA'S OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATIONS**<br><br>Judge: Honorable Samuel P. Conti<br>Courtroom No. 1, 17th Floor |

DPPS' RESPONSE TO PANASONIC'S OBJECTIONS TO THE SPECIAL MASTER'S
REPORT -- Case No. 3:07-CV-5944 SC

Direct Purchaser Plaintiffs ("DPPs") respectfully respond to the Objections of Defendants Panasonic Corp. and Panasonic Corp. of North America ("PNA") (collectively "Panasonic") (Dkt. No. 605) to the Special Master's February 5, 2010 Report (Dkt. No. 597) ("Report"). The Special Master's factual findings that the DPPs adequately pleaded Panasonic's role in defendants' conspiracy are not clearly erroneous, and are well supported by specific allegations in the DPPs' Consolidated Amended Complaint (Dkt. No. 436) ("CAC"). Panasonic's objections are nothing more than their persistent but baseless refusal to acknowledge the DPPs' specific allegations against them and a rehash of unsuccessful arguments before the Special Master. The Report should be adopted in its entirety.[1]

First, as explained in DPPs' Response to Defendants' Joint Objections (pp. 6-7), a complaint need not differentiate between members of the same corporate family to survive a motion to dismiss. As Judge Legge correctly found, "Even if complaints do not differentiate among related corporate entities, if a conspiracy is allegedly organized at the highest level of the defendant organization and is carried out by subordinates, that is sufficient." Report p.12. This is especially appropriate in this instance, where Panasonic holds itself out as one corporate family everywhere *except* in this Courtroom.[2] In such a case, a conspiratorial link is more likely to be found for each individual entity. *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 307 F. Supp. 2d 145, 153-54 n.6 (D. Me. 2004). The Special Master correctly rejected Panasonic's belated and transparent efforts to differentiate its subsidiaries for purposes of liability only.

Second, contrary to Panasonic's mischaracterization of DPPs' claims against them as "a handful of stray references," the CAC specifically alleges that "Panasonic...participated in several dozen illegal bilateral and group meetings from 1996 through at least 2003 in which unlawful

---

[1] Contrary to Panasonic's complaint that the Report was "cursory and perfunctory," in fact the Special Master ably digested and synthesized several hundred pages of briefing and several hours of argument, including virtually identical arguments by Panasonic and the other individual Defendants. *See* Report pp. 3, 15-16. There is no prohibition against a Special Master addressing identical arguments in the manner done in the Report, just as there is no requirement to repeat each of the allegations that the DPPs already have specifically identified and which the Special Master held are sufficient.

agreements as to, *inter alia*, price, output restrictions, and customer and market allocation of CRT Products occurred." CAC ¶162.  The Special Master correctly concluded that "'each defendant' pleading is not a rule requiring detailed recitation, but is to be evaluated under the principle of the *adequacy of fair notice* to the defendants...the context is the *entire* complaint." Report p.13 (emphases in original).

The DPPs' specific allegations against Panasonic Corp. and PNA include participation in several dozen illegal bilateral meetings between 1996 and 2003, and in multilateral "group meetings" or "Glass Meetings," where price levels and output restrictions were agreed upon. CAC ¶¶5, 6, 138, 140-53, 155-68, 170-75.  The DPPs allege that Panasonic and the other Defendants agreed on price guidelines (a range of price increases or price floors), including the price to be charged by the CRT manufacturing arm of the vertically integrated Defendants to their division or subsidiary that manufactured *or sold* CRT-containing computer monitors, televisions or the like (CAC ¶144) – an allegation with obvious pertinence to PNA, the Panasonic subsidiary which sold CRT-containing products in the United States.  As Judge Legge correctly held,  "Rule 8's requirement of giving a defendant fair notice as to what it is being charged with, so that it can prepare to defend itself"… is "the principle underlying the pleading requirement." Report pp.15-16.  Judge Legge correctly concluded that Panasonic has fair notice of the DPPs' claims.  Panasonic's objections – its refusal to accept that the DPPs plead a conspiracy involving both CRTs and CRT Products; refusal to acknowledge the specific allegations against them; refusal to accept that the DPPs need not differentiate among Panasonic-related companies especially when Panasonic itself does not do so, either generally or in the conspiratorial meetings in which the DPPs allege they participated -- are merely rehashed arguments already rejected by the Special Master.  The Report properly dismisses each of these arguments because the DPPs' allegations are sufficient under law.

Accordingly, plaintiffs respectfully request that Panasonic's objections be overruled and that the Special Master's Report be adopted by the Court in its entirety.

---

[2] *See* http://www.panasonic.com/about/overview.asp where PNA is described as "the hub of its branding, marketing, sales, service, product development and R&D operations in the U.S. and

| | |
|---|---|
| Dated:  February 26, 2010<br>         San Francisco, California | Respectfully Submitted,<br><br>By _____/s/ *Guido Saveri*_____<br><br>Guido Saveri<br>R. Alexander Saveri<br>Geoffrey C. Rushing<br>Cadio Zirpoli<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco CA  94111<br>Telephone:  (415) 217-6810<br>Facsimile:   (415) 217-6813<br><br>*Interim Lead Counsel for the Direct Purchaser Plaintiffs*<br><br>Joseph W. Bruckner<br>LOCKRIDGE GRINDAL NAUEN P.L.L.P.<br>100 Washington Avenue South, Suite 2200<br>Minneapolis, Minnesota 5540<br>Telephone:   (612) 339-6900<br>Facsimile:   (612) 339-0981<br><br>*On the Brief* |

crt.236

---

Canada."

3

DPPS' RESPONSE TO PANASONIC'S OBJECTIONS TO THE SPECIAL MASTER'S REPORT -- Case No. 3:07-CV-5944 SC