1  GUIDO SAVERI (22349)
     guido@saveri.com
2  R. ALEXANDER SAVERI (173102)
     rick@saveri.com
3  GEOFFREY C. RUSHING (126910)
     grushing@saveri.com
4  CADIO ZIRPOLI (179108)
     cadio@saveri.com
5  SAVERI & SAVERI, INC.
   706 Sansome Street
6  San Francisco, CA  94111
   Telephone:  (415) 217-6810
7  Facsimile:   (415) 217-6813

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:07-CV-5944 SC<br><br>MDL No. 1917<br><br>**CLASS ACTION** |
| This Document Relates to:<br><br>    All Direct Purchaser Actions | **DIRECT PURCHASER PLAINTIFFS' RESPONSE TO KONINKLIJKE PHILIPS ELECTRONICS N.V., PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, PHILIPS ELECTRONICS INDUSTRIES (TAIWAN) LTD. AND PHILIPS DA AMAZONIA INDUSTRIA ELECTRONICA LTDA OBJECTIONS TO SPECIAL MASTER LEGGE'S REPORT, RECOMMENDATIONS AND TENTATIVE RULINGS DATED FEBRUARY 5, 2010**<br><br>Judge: Honorable Samuel P. Conti<br>Courtroom No. 1, 17th Floor |

DPPs' RESPONSE TO PHILIPS DEFENDANTS' OBJECTIONS TO SPECIAL MASTER LEGGE'S REPORT -- Case No. 3:07-CV-5944 SC

1   The Direct Purchaser Plaintiffs ("DPPs") respectfully submit this Response to the objections of the Philips Defendants[1] to the Special Master's Report, Recommendations And Tentative Rulings Regarding Defendants' Motions To Dismiss" (Feb. 10, 2010) (Dkt. No. 597) ("Report").  The Philips Defendants contend that Judge Legge erred in finding that DPPs had adequately pleaded their participation in a plausible conspiracy to fix, raise, maintain and stabilize the prices of CRT Products because: 1) DPPs failed to make allegations against each of the Philips Defendants separately; and 2) DPPs failed to sufficiently allege agency.   Both objections lack merit and should be overruled.

DPPs' Consolidated Amended Complaint (Dkt. No. 436) ("CAC") sets forth extensive factual detail describing the group and bilateral meetings by which the CRT Products conspiracy was effectuated and implemented and alleges that each of the Philips Defendants participated in or was otherwise represented at those meetings. CAC ¶¶134-54, 164-65.  In this connection, the DPPs allege that the Philips Defendants were represented at more than 100 illegal bilateral and group conspiratorial meetings from 1996 through 2007 in Korea, Taiwan, China, Malaysia, Scotland, the U.K. and various locations in Europe. CAC ¶¶164-65, 175.  The CAC also alleges that "Philips participated through Royal Philips or its subsidiaries into 2001 and participated thereafter through LGPD."  CAC ¶164.  The CAC further alleges that when one or more employees of the Philips Defendants corporate family attended the conspiratorial meetings described in the CAC, they represented, acted as agents of and reported back to all members of the Philips Defendants with respect to the agreements and understandings reached during the meetings.  CAC ¶154.

The Philips Defendants' complaints that these allegations are insufficient are baseless. First, as explained in DPPs' Response to Defendants' Joint Objections, to survive a motion to dismiss, the CAC need only contain allegations which *plausibly suggest* that each of the Philips Defendants participated in the conspiracy.  Thus, Judge Legge correctly held that there is no

---

[1] The "Philip Defendants" include:  Koninklijke Philips Electronics N.V. ("Royal Philips"); Philips Electronics North America Corporation ("Philips America"); Philips Electronics Industries (Taiwan), Ltd. ("Philips Taiwan"); and, Philips da Amazonia Industria Electronica Ltda.("Philips Brazil").

1

DPPs' RESPONSE TO PHILIPS DEFENDANTS' OBJECTIONS TO SPECIAL MASTER LEGGE'S REPORT -- Case No. 3:07-CV-5944 SC

1  requirement that DPPs plead detailed facts regarding the specific role of each entity within the
2  Philips corporate family.  Response to Joint Objections, pp. 6-7.
3        Second, and in any event, the CAC alleges that the Philips Defendants acted as each
4  others' representatives at the conspiratorial meetings.  CAC ¶¶ 51-57, 154, 164-65.  The Philips
5  Defendants' assertions that these so-called "agency" allegations are not specific enough are also
6  incorrect.  The Federal Rules of Civil Procedure contain no requirement that agency be pleaded
7  with particularity. Indeed, as also explained in DPPs' Response to Defendants' Joint Objections,
8  many cases in this Circuit support the proposition that agency either need not be pleaded or need
9  not be pleaded with particularity.  DPPs' Response to Joint Objections, p. 7, n.10.  Moreover, the
10 Philips Defendants' assertion that Judge Legge "misreads" *Weinstein v. Saturn Corp.,* 303 F.
11 App'x 424, 426 (9th Cir. 2008), is incorrect.  *Weinstein* states that the complaint before the court
12 alleged "'substantial control'" and, as a result, it constituted "a sufficient pleading."  *Id.*  Judge
13 Legge's reading of the case was therefore both correct and consistent with the law in this Circuit.
14        Finally, the Philips Defendants' assertion that the CAC alleges only legal conclusions
15 regarding agency is also incorrect.  To the contrary, the CAC alleges: 1) that Royal Philips and
16 LGPD represented the Philips Defendants at conspiratorial meetings (CAC ¶¶154, 164); 2) that
17 the Philips Defendants were jointly engaged in the manufacture and sale of CRT Products under
18 the domination and control of Royal Philips (CAC ¶¶52-57); 3) that Philips America and Philips
19 Brazil "played a significant role in the conspiracy because Defendants wished to ensure that the
20 prices for [CRT Products] paid by direct purchasers would not undercut the pricing agreements
21 reached at these various meetings (CAC ¶165); and (4) that members of the conspiracy did not
22 distinguish between particular members of a corporate family, rather "the entire corporate family
23 was represented in meetings by their agents and was a party to the agreements reached in them
24 (CAC ¶154).  These allegations are plainly sufficient to plead agency under the lenient standards
25 which prevail in this Circuit.
26
27
28

2

DPPs' RESPONSE TO PHILIPS DEFENDANTS' OBJECTIONS TO SPECIAL MASTER
LEGGE'S REPORT -- Case No. 3:07-CV-5944 SC

1    For these reasons, the Court should overrule the objections of the Philips Defendants and
2    adopt Judge Legge's Report its entirety.

Dated:  February 26, 2010                          Respectfully Submitted,
        San Francisco, California

                                                   By _____/s/ *Guido Saveri*_____

                                                   Guido Saveri
                                                   R. Alexander Saveri
                                                   Geoffrey C. Rushing
                                                   Cadio Zirpoli
                                                   SAVERI & SAVERI, INC.
                                                   706 Sansome Street
                                                   San Francisco CA  94111
                                                   Telephone:  (415) 217-6810
                                                   Facsimile:   (415) 217-6813

                                                   *Interim Lead Counsel for the Direct Purchaser Plaintiffs*

                                                   Anthony D. Shapiro
                                                   Ronnie Seidel Spiegel
                                                   HAGENS BERMAN SOBOL SHAPIRO LLP
                                                   1918 Eighth Ave. Suite 3300
                                                   Seattle, WA 98101
                                                   Telephone:  (206) 623-7292
                                                   Facsimile:  (206) 623-0594

                                                   *On the Brief*

crt.239

3

DPPs' RESPONSE TO PHILIPS DEFENDANTS' OBJECTIONS TO SPECIAL MASTER LEGGE'S REPORT -- Case No. 3:07-CV-5944 SC