GUIDO SAVERI (22349)
  guido@saveri.com
R. ALEXANDER SAVERI (173102)
  rick@saveri.com
GEOFFREY C. RUSHING (126910)
  grushing@saveri.com
CADIO ZIRPOLI (179108)
  cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA  94111
Telephone:  (415) 217-6810
Facsimile:   (415) 217-6813

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:07-CV-5944 SC |
| | MDL No. 1917 |
| | **CLASS ACTION** |
| This Document Relates to: | **DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO THE LG MOVANTS' COMBINED OBJECTIONS TO THE SPECIAL MASTER'S REPORT, RECOMMENDATIONS AND TENTATIVE RULINGS REGARDING DEFENDANTS' MOTIONS TO DISMISS** |
|     All Direct Purchaser Actions | |
| | Judge: Honorable Samuel P. Conti |
| | Courtroom No. 1, 17th Floor |

The LG Movants[1] interpose objections to the Report, Recommendations And Tentative Rulings Regarding Defendants' Motions To Dismiss" (Feb. 5, 2010) (Dkt. No. 597) ("Report") on essentially two grounds.  First, they claim that Judge Legge erred in finding that Direct Purchaser Plaintiffs ("DPPs") had adequately pleaded the LG Movants' participation in a plausible conspiracy to fix, raise, maintain and stabilize the prices of CRT products.[2]  Second, they claim that Judge Legge erred in finding that the DPPs had adequately pleaded Defendants' participation in affirmative acts of concealment sufficient to toll the applicable statute of limitations under the doctrine of fraudulent concealment.  Both objections are without substance and should be overruled.

First, the Consolidated Amended Complaint (Dkt. No. 436) ("CAC") sets forth extensive factual detail describing the group and bilateral meetings by which the CRT products conspiracy was effectuated and implemented and alleges that each of the LG Defendants participated in or was otherwise represented at those meetings (CAC ¶¶134-154, 160-61, 175).  In this connection, the DPPs allege that the LG Defendants, including LGEI, were represented at more than one dozen bilateral and more than one hundred group conspiratorial meetings from at least 1995 through at least 2006  (CAC ¶¶160-61, 175).[3]  The CAC also alleges that the LG Defendants were represented at trade association-sponsored events and meetings during which they and their co-defendants secretly exchanged proprietary and competitively sensitive information to

---

[1]     As used herein the term "LG Movants" means Defendants LG Electronics, Inc. ("LGEI") and its subsidiaries LG Electronics USA, Inc. ("LGEUSA") and LG Electronics Taiwan Taipei Co., Ltd. ("LGETT"), each of which has moved for dismissal of Direct Purchaser Plaintiffs' Consolidated Amended Complaint ("CAC") (Dkt. No. 436).  The term "LG Defendants" includes the LG Movants and Defendant LP Displays International Ltd. ("LP Displays"), formerly known as LG Philips Displays ("LGPD"), a joint venture between Defendant LGEI and its co-defendant/co-conspirator Koninklijke Philips Electronics N.V., which has not filed a motion to dismiss the CAC.

[2]     Both of these issues are further addressed in the Direct Purchaser Plaintiffs' Opposition to Defendants' Joint Objections to the Special Master's R&R filed concurrently herewith.  For the sake of brevity, Plaintiffs herein address the allegations of the CAC solely as they relate to the LG Defendants.

[3]     The LG Movants' assertion that the CAC alleges that LGEI ceased participating in the CRT products conspiracy in 2001 (Docket No. 611, p.1) is simply untrue. The DPPs allege that LGEI's participation continued until at least 2006 (CAC ¶160).

DPPS' OPP TO THE LG MOVANTS' COMBINED OBJECTIONS TO THE SPECIAL MASTER'S REPORT -- Case No. 3:07-CV-5944 SC

1    implement their conspiracy (CAC ¶¶176-80).  The venues, dates and the names of some of the

2    LG Defendant employees in attendance at these trade association-related meetings are set forth in

3    the CAC.  (CAC ¶178).  The CAC further alleges that when one or more employees of the LG

4    Defendant corporate family attended the conspiratorial meetings described in the CAC, they

5    represented, acted as agents of and reported back to all members of the LG corporate family with

6    respect to the agreements and understandings reached during the meetings (CAC ¶154).

7         While the LG Movants complain that the DPPs' so-called "agency" allegations relating to

8    the LG Defendants' representation at conspiratorial meetings are not specific enough, the Federal

9    Rules of Civil Procedure contain no requirement that agency be pleaded with particularity.  In

10   point of fact, virtually identical "agency" allegations were recently sustained against motions to

11   dismiss in this district in *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179, 1185

12   (N.D. Cal. 2009), a case which involved some of the same defendants named in this case.  *See*

13   *also*, DPPs' Response to Defendants' Joint Objections, pp.7-8, n.10.

14        Second, notwithstanding the LG Movants' assertions to the contrary, a fair reading of the

15   CAC also shows that the DPPs have plead particularized affirmative acts of concealment

16   sufficient to toll the applicable statute of limitations.  In this connection, the DPPs specifically

17   allege that LGEI issued false pretextual explanations for its collusive pricing behavior and that

18   LGPD (LP Displays) issued false pretextual explanations for its collusive output restrictions

19   (CAC ¶¶184, 195, 209-10).[4]  The Complaint further charges that Defendants, including the LG

20   Defendants, engaged in conspiratorial communications via telephone and in person in order to

21   prevent the creation of written records of their unlawful conduct (CAC ¶204); that they had

22   conspiratorial communications with one another under the cover or guise of otherwise legitimate

23   trade association meetings and events (CAC ¶¶176-78, 180); that they held conspiratorial

24   meetings at separate venues and limited the number of participants in attendance in order to avoid

25   detection of their unlawful intrigue (CAC ¶¶137, 205); and that they instructed participants in

26   attendance at conspiratorial meetings not to take minutes of the meetings in order to keep the

27   _____

28   [4]      *See* CAC ¶¶148, 202, 206-08, 211.

DPPS' OPP TO THE LG MOVANTS' COMBINED OBJECTIONS TO THE SPECIAL
MASTER'S REPORT -- Case No. 3:07-CV-5944 SC

1   existence of their unlawful conduct secret from non-conspirators (CAC ¶205).  All of the

2   foregoing acts clearly qualify as affirmative acts of fraudulent concealment which, if proven at

3   trial, are more than sufficient to toll the applicable statute of limitations.[5]  As set forth in the

4   DPPs' main response to objections, the CAC's concealment allegations are as specific or more

5   particularized than those sustained and/or approved by other courts in this Circuit.

6        Finally, it is well-settled that in an antitrust conspiracy case one defendant conspirator's

7   acts of concealment, undertaken during the course of and in furtherance of the conspiracy, are

8   attributable to all defendant co-conspirators as a matter of substantive black letter conspiracy law.

9   *Riddell v. Riddell Washington Corp.*, 866 F.2d 1480, 1493 (D.C.Cir. 1989); *see also,* DPPs'

10  Response to Defendants' Joint Objections, p.13, n.14.  The CAC clearly contains particularized

11  allegations detailing affirmative acts of concealment by specific defendant conspirators.  These

12  affirmative acts of concealment are legally attributable to all defendant conspirators named in the

13  CAC.  In the face of this settled principle of substantive conspiracy law, LG Movants' reliance

14  on *Barker v. A.M. Mobile Power Corp.*, 64 F.3d 1397 (9th Cir. 1995) ("*Barker*"), for the

15  proposition that acts of concealment by one defendant cannot toll the statute of limitations as to

16  another defendant who engaged in no acts of concealment is clearly misplaced.  *Barker* is

17  inapposite and distinguishable because in that case the plaintiff did not assert a conspiracy claim.

18  ///

19  ///

20  ///

21

22

23

24

25

26

27  ───────────────────

28  [5]     *See* authorities cited at p.26, n.10 of Direct Purchaser Plaintiffs' Combined Opposition to
Defendants' Motion to Dismiss (Dkt. Nos. 530-31).

DPPS' OPP TO THE LG MOVANTS' COMBINED OBJECTIONS TO THE SPECIAL
MASTER'S REPORT -- Case No. 3:07-CV-5944 SC

1    The DPPs therefore respectfully request that the Court adopt the Special Master's

2    findings and conclusions as to the LG Movants.

3

4    Dated:  February 26, 2010                     Respectfully Submitted,
            San Francisco, California

5                                                 By _____/s/ *Guido Saveri*_____

6                                                 Guido Saveri
                                                  R. Alexander Saveri
7                                                 Geoffrey C. Rushing
                                                  Cadio Zirpoli
8                                                 SAVERI & SAVERI, INC.
                                                  706 Sansome Street
9                                                 San Francisco CA  94111
                                                  Telephone:  (415) 217-6810
10                                                Facsimile:  (415) 217-6813

11                                                *Interim Lead Counsel for the Direct Purchaser*
                                                  *Plaintiffs*

12
                                                  Gary Specks
13                                                KAPLAN FOX & KILSHEIMER LLP
                                                  423 Sumac Road
14                                                Highland Park, IL 60035
                                                  Telephone:  (847) 831-1585
15                                                Facsimile:  (847) 831-1580

16                                                *On the Brief*

17

18    crt.235

19

20

21

22

23

24

25

26

27

28

                                      4