GUIDO SAVERI (22349)
 guido@saveri.com
R. ALEXANDER SAVERI (173102)
 rick@saveri.com
GEOFFREY C. RUSHING (126910)
 grushing@saveri.com
CADIO ZIRPOLI (179108)
 cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:07-CV-5944 SC<br><br>MDL No. 1917<br><br>**CLASS ACTION** |
| This Document Relates to:<br><br>All Direct Purchaser Actions | **DIRECT PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANT BEIJING MATSUSHITA COLOR CRT CO., LTD.'S OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATIONS**<br><br>Judge: Honorable Samuel P. Conti<br>Courtroom No. 1, 17th Floor |

Defendant Beijing Matsushita Color CRT Co., Ltd. ("BMCC") asserts objections to the Report, Recommendations And Tentative Rulings Regarding Defendants' Motions To Dismiss" (Feb. 5, 2010) (Dkt. No. 597) ("Report") on two grounds.  First, it claims that Judge Legge erred in finding that Direct Purchaser Plaintiffs ("DPPs") had adequately pleaded BMCC's participation in a plausible conspiracy to fix, raise, maintain and stabilize the prices of CRT products.[1]  Second, its claims that Judge Legge erred in finding that the DPPs had adequately pleaded Defendants' participation in affirmative acts of concealment sufficient to toll the applicable statute of limitations under the doctrine of fraudulent concealment.  Both objections are without substance and should be overruled.

First, BMCC's assertion that DPPs' allegations against it are limited to a single paragraph of their Consolidated Amended Complaint (Dkt. No. 436) ("CAC") mischaracterizes the CAC. The CAC details at great length the many collusive contacts, meetings and agreements among members of the CRT Products Industry, including BMCC.  *See* CAC ¶¶ 134-53.  Among other things, Plaintiffs describe the various bilateral and group meetings organized and attended by Defendants.  The CAC also alleges that Defendants reached agreements at these and other meetings, *inter alia,* "to fix target prices and price guidelines"; "to exchange pertinent information on, inter alia, shipments, prices, production, and customer demand"; "to allocate customers"; and "to allocate market share of overall sales".  CAC ¶ 138, 140.

The CAC also specifically alleges that BMCC participated in over 20 illegal bilateral and group meetings between 1998 and 2001 in China.[2]  CAC ¶ 173.  Plaintiffs further allege that, during these more than 20 bilateral and group meetings, "unlawful agreements as to, *inter alia*, price, output restrictions, and customer and market allocation of CRT Products (including CDT Products and CPT Products) occurred."  CAC ¶ 173.

---

[1] Both of these issues are further addressed in the Direct Purchaser Plaintiffs' Opposition to Defendants' Joint Objections to the Special Master's R&R filed concurrently herewith.

[2] The 2001 end date is a typographical error.  The CAC should read that the meetings took place between 1998 and 2007.  Declaration of Guido Saveri, ¶ 10 (Dkt. No. 530).  The Special Master has recommended that DPPs' motion to correct the typographical error be granted.  *See* Report at 33.

1

DPPs' RESPONSE TO BEIJING MATSUSHITA COLOR CRT CO., LTD'S OBJECTION TO THE SPECIAL MASTER'S REPORT -- Case No. 3:07-CV-5944 SC

1    These allegations plainly suffice to state a cause of action against BMCC.  As explained
2 in DPPs Response to Defendants' Joint Objections (p. 7), Judge Legge correctly determined that
3 detailed "defendant by defendant" pleading is not required. Moreover, the allegations against
4 BMCC are clear, direct and factual: BMCC attended over 20 conspiratorial meetings and was a
5 party to the price fixing agreements reached at those meetings.  As the Special Master found, the
6 CAC contains "extensive allegations of meetings, communications, and agreements to fix prices
7 and production levels."  Report at 9.  "These allegations are not merely *suggestive* of a
8 conspiracy, but rather they directly charge one."  Report at 10 (emphasis in original).

9    BMCC's complaint that Judge Legge did not separately address the allegations against it
10 is plainly without merit.  There is no requirement that he do so, and, in light of the extensive
11 allegations against Defendants herein, and their similarity, it was reasonable for Judge Legge to
12 treat them generally.  BMCC's assertion that Judge Legge's analysis regarding corporate family
13 pleading cannot apply to it because it "has no subsidiaries and is not a wholly-owned subsidiary
14 of any other alleged co-conspirator" is nonsensical.  BMCC Objection, p.3 (Dkt No. 618).  If
15 BMCC is not part of a corporate family, the question of the degree to which the allegations of the
16 CAC must differentiate between members of a corporate family does not arise.

17    BMCC's assertion that it makes only CRTs and has never manufactured or sold finished
18 products is also without merit on two grounds.  This assertion improperly contradicts the
19 allegations of the CAC.  *See Operating Engineers' Pension Trust Fund v. Clark's Welding &*
20 *Machine*, 2009 U.S. Dist. LEXIS 43379, at *6 (N.D. Cal. May 8, 2009) (Conti, J.) (complaint
21 construed in light most favorable to plaintiff, all properly pleaded factual allegations taken as
22 true, all reasonable inferences drawn in plaintiffs' favor).   In addition, even if true it is of no
23 consequence.  There is nothing implausible about a manufacturer of CRTs participating in a
24 price-fixing conspiracy extending to CRTs and products containing CRTs.

25    Second, BMCC contends that the DPPs' claims for sales predating the statutory period
26 should be dismissed as time-barred, arguing that the DPPs have not sufficiently pled fraudulent
27 concealment as to BMCC.  This argument is also without merit.  As explained in DPPs'
28 Response to Defendants' Joint Objections, at pp. 12-14, the CAC properly alleges affirmative

acts of fraudulent concealment by defendants, and need not allege such acts against each defendant individually.  In addition, as the Special Master noted, "fraudulent concealment is fact-intensive and [it] is generally inappropriate to resolve such issues on a motion to dismiss." Report at 20.

     For the foregoing reasons, the Court should adopt the Report in its entirety as to BMCC.

Dated:  February 26, 2010        Respectfully Submitted,

By ___/s/ *Guido Saveri*_____

Guido Saveri
R. Alexander Saveri
Geoffrey C. Rushing
Cadio Zirpoli
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco CA  94111
Telephone:  (415) 217-6810
Facsimile:   (415) 217-6813

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

Michael J. Freed
Steven A. Kanner
William H. London
Douglas A. Millen
FREED KANNER LONDON & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone:  (224) 632-4500
Facsimile: (224) 632-4521

*On the brief*

crt.231

---

3

DPPs' RESPONSE TO BEIJING MATSUSHITA COLOR CRT CO., LTD'S OBJECTION TO THE SPECIAL MASTER'S REPORT -- Case No. 3:07-CV-5944 SC