# SAVERI & SAVERI, INC.

706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

March 5, 2009

*By Hand Delivery*

Honorable Charles A. Legge
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

  Re: *In Re: Cathode Ray Tube (CRT) Antitrust Litigation,* MDL 1917

Your Honor:

  Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs ("Plaintiffs") object to the letter and enclosed briefing submitted on March 3, 2010 by Defendant Tatung Company of America, Inc. ("Tatung"). Tatung's letter violates the proscription of Local Rule 7-3(d) against the submission of further argument by a party without leave of court once a motion has been briefed.

  Rule 7-3(d) allows the parties to "bring to the court's attention" new authority, but expressly states that such a "Statement of Recent Decision" must be "without argument." Apart from this, "once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." *Id.*

  Tatung's letter and enclosed briefing is nothing but argument in contravention of the rule and should be stricken from the record. This is the fourth time that a defendant has violated this rule. (*See* November 10, 2009 Letter of Direct Purchaser Plaintiffs (Docket No. 578); Oct. 16, 2009 Letter of Direct Purchaser Plaintiffs (Docket No. 570); Oct. 14, 2009 Letter of Direct Purchaser Plaintiffs (Docket No. 568)).

  There is an additional reason to strike Tatung's submission. This is the first time Tatung has addressed Judge Illston's ruling in *TFT-LCD* (*In re TFT-LCD Antitrust Litigation,* 2009 WL 533130 (N.D. Cal. March 3, 2009)*.* Tatung did not mention it in their motion to dismiss, nor did they – following Plaintiffs' discussion of the case in their opposition brief – choose to address the case in their reply brief. They should not be allowed special dispensation to attack it at this late date.

  Finally, while Plaintiffs have no objection to the Court receiving notice of either Judge Illston's request for briefing on Tatung's motion for leave to file a motion for reconsideration or Judge Hamilton's ruling in *Sun Microsystems, Inc. v. Hynix, Semiconductor, Inc.,* 608 F. Supp. 2d 1166, 1185 (N.D. Ca. 2009), Plaintiffs request an opportunity to respond to Tatung's new arguments to the extent the Court considers them. These orders do not support dismissal of Tatung from this case.

  As explained in Plaintiffs' oppositions to Tatung's motion to dismiss, Tatung is alleged to be a member of the conspiracy in its own right as a seller of finished products

Hon. Charles Legge
March 5, 2010
Page 2

containing CRTs manufactured by its affiliate defendant Chunghwa Picture Tubes, Ltd. ("Chunghwa PT").  As such, the *Illinois Brick* arguments upon which Tatung relies do not apply.

Further, a factual finding that Tatung is not a member of the alleged conspiracy – which, *inter alia,* is what the Court would have to find for it to lack subject matter jurisdiction – is clearly "enmeshed" with the substantive issues of Plaintiffs' complaints, and, therefore, not appropriate for resolution by the Court on a 12(b)(1) motion under *Thornhill Publ'n Co. v. General Tel. & Elecs. Corp.,* 594 F. 2d 730, 733 (9th Cir. 1979), or Judge Hamilton's recent order.  *See Sun Microsystems, Inc.,* 608 F. Supp. 2d at 1185.

Finally, Tatung's assertion that the plaintiffs in *TFT-LCD* have somehow admitted that Tatung is not affiliated with Chunghwa PT or Tatung Taiwan is also incorrect (and irrelevant).  The statement relied upon by Tatung states only that Chunghwa PT *itself* is not a vertically integrated manufacturer and seller of LCD products, and is not inconsistent with Plaintiffs' allegations that Tatung and Chunghwa PT are each *part* of a vertically integrated group of related companies.

    Yours sincerely,

    /s/ *Guido Saveri*_____
    Guido Saveri
    Interim Lead Counsel for the
    Direct Purchaser Plaintiffs


cc:    All Counsel via ECF


crt.241