

Four Embarcadero Center | 17th Floor | San Francisco, CA 94111-4109
415-434-9100 office | 415-434-3947 fax | *www.sheppardmullin.com*

Writer's Direct Line: 415-774-3294
jmcginnis@sheppardmullin.com

March 29, 2010

Our File Number: 08Z8-134298

*VIA HAND DELIVERY*

The Honorable Samuel Conti
United States District Judge
United States District Court, Northern District
of California
Courtroom No. 1
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    In re: Cathode Ray Tube (CRT) Antitrust Litigation
                Master File No. 07-5944 SC; MDL No. 1917

Your Honor,

      I address the Court as co-defense liaison counsel. During the March 18, 2010 hearing on defendants' objections to the special master's report and recommendation, the Court expressed the view that the statute of limitations is a critical issue in the case and should be resolved at an early stage because of its dramatic implications for case management and discovery. Indeed, the plaintiffs current discovery requests seek information dating back to 1991 – a period fully twelve years longer than the statute of limitations would allow.

      Through acting liaison counsel, over 40 defendants currently served in this case accepted the Court's invitation to address this case management issue with interim lead counsel for both the direct and indirect putative class plaintiffs. The parties met and conferred in good faith but were unable to reach a mutually acceptable proposal to present to the Court. In these circumstances, the defendants respectfully request that the Court proceed to rule on their objections to the Special Master's recommendations. If the Court should rule in favor of the defendants with respect to insufficiency of the fraudulent concealment allegations, the discovery period will be appropriately limited by virtue of that order. Alternatively, if the Court should find that a factual record is necessary, the defendants urge the Court to direct that discovery be narrowed and focused as follows: (1) plaintiffs may obtain documents from the four year statutory period; and (2) defendants should proceed promptly with plaintiffs' depositions. Such depositions will reveal whether the plaintiffs relied on any affirmative misrepresentations independent of the alleged price-fixing conspiracy and exercised due diligence with respect to their claims, as the law requires. Following this phased approach to discovery, the issue can then be submitted to the Court by way of an early motion for summary judgment.

SHEPPARD MULLIN RICHTER & HAMPTON LLP

The Honorable Samuel Conti
March 29, 2010
Page 2

      Put simply, defendants respectfully urge the Court to make clear in its order that plaintiffs cannot be permitted to seek discovery for a nearly twenty year period – in multiple languages and including many subjects having nothing to do with proving up their conspiracy claims – until they have shown a basis both for extending the statute of limitations beyond the four year period and requiring the defendants to bear the enormous burden of this discovery.

      Please let me know if any further information would assist the Court.

                            Respectfully yours,

                            James L. McGinnis

                            for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
                            and Co-Defense Liaison Counsel

W02-WEST:5JM\402554480.2

cc:    Guido Savieri, Esq. (by email)
        Mario N. Alioto, Esq. (by email)
        Defense Counsel (by email)