# SAVERI & SAVERI, INC.

706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

March 29, 2010

*Via ECF filing*

Honorable Samuel Conti
United States District Court
Northern District of California
Courtroom 1, 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *In Re: Cathode Ray Tube (CRT) Antitrust Litigation,* MDL 1917

Your Honor:

      As directed by the Court at the hearing on March 18, 2010, Direct Purchaser Plaintiffs ("Plaintiffs") have consulted with defendants regarding the feasibility of bifurcating the fraudulent concealment/statute of limitations claims. The parties have been unable to reach an agreement. Defendants have taken the position that discovery should be limited to the four years preceding the filing of the complaints herein, which would essentially translate into granting defendants' motion to dismiss without leave to amend. Defendants' position would also improperly deprive Plaintiffs of the ability to conduct the very discovery necessary to establish their fraudulent concealment claim. Accordingly, Plaintiffs believe that bifurcation will not yield any efficiencies – as further explained below – and that adjudicating the issue now would be premature. The best approach would be to address the matter before Judge Legge after the parties have had a further chance to meet and confer and/or fully brief the issues.

      Plaintiffs share the Court's interest in looking for ways to streamline and efficiently manage this case. However, bifurcation of the fraudulent concealment/statute of limitations claims will neither save time nor result in any efficiencies. Instead, bifurcation would lead to time-intensive and costly duplication of effort, and create innumerable threshold disputes about the relevance of discovery relating to these issues. This is true for several reasons.

      First, the facts relating to the statute of limitations and fraudulent concealment claims are inextricably intertwined with the facts of the alleged conspiracy. For example, Plaintiffs' complaint alleges that the defendants – at each and every alleged meeting – discussed and agreed upon steps to be taken by the various conspirators to conceal their illegal conduct. *See e.g.,* Direct Purchaser Plaintiffs' Consolidated Amended Complaint ¶¶ 5, 138, 148, 153, 202 (Docket No. 436). Plaintiffs also allege that defendants' many

Hon. Sam Conti
March 30, 2010
Page 2

other acts of fraudulent concealment occurred years before the statutory period. *See e.g., id.* at ¶¶ 148, 153, 202. Defendants' attempts to negate these allegations, and show that Plaintiffs were or should have been on notice of the conspiracy before the statutory period will also necessarily extend to time periods well before the statutory period. *See e.g., Conmar v. Mitsui & Co. (U.S.A.), Inc.,* 858 F. 2d 499, 505 (9th Cir. 1988). Thus, proof of fraudulent concealment is coextensive with the discovery required to establish the conspiracy itself both in terms of the nature and scope of the conspiracy, and documents and deposition testimony regarding each defendant's knowledge of, and participation in, the conspiracy (including issues related to any alleged withdrawal from the conspiracy). Defendants' proposal to limit discovery to the four year statutory period would essentially preclude any discovery relevant to fraudulent concealment. Nor would expediting Plaintiffs' depositions – as defendants propose – shed any light on *defendants'* attempts to conceal their conspiracy, which is the principal and essential inquiry, as the cases hold. Plaintiffs cannot be expected to have any knowledge of defendants' secret meetings and fraudulent conduct.

Second, even assuming that the fraudulent concealment issues were determined against Plaintiffs, it would not materially reduce the scope of discovery. Such a ruling would only limit Plaintiffs' damages to the statutory period. Plaintiffs would still be required to prove the existence of the conspiracy and that each defendant joined it without regard to the four year damages limitation. Indeed, as the Supreme Court held in *Continental Ore v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 709-10 (1962), it is error to exclude proof of a price-fixing conspiracy that predates the damage period in a case. Proof of defendants' conduct during the entire conspiracy period will be critical – not just relevant – to Plaintiffs' case regardless of how or when the fraudulent concealment issues are resolved.

Third, as many cases have held, fraudulent concealment is a fact intensive issue that will, in a case of this magnitude, require substantial discovery to prove (or disprove). *See e.g., In re Rubber Chemicals Antitrust Litigation,* 504 F.Supp. 2d 777, 789 (N.D. Cal. 2007); *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.,* 782 F.Supp. 487, 489, 498 (C.D. Cal. 1991). Moreover, because fraudulent concealment is a claim that must be resolved by the trier of fact, it can only be resolved prior to trial by way of summary judgment. In light of the current ban on depositions in the case until November 1, 2010, the earliest possible hearing on such a motion would be at least a year away. Stipulation and Order to Extend Limited Discovery Stay (Docket No. 590). Finally, fast-tracking summary judgment before Plaintiffs have an opportunity to conduct depositions and review documents necessary to establish this claim would be prejudicial.

For the reasons stated above, Plaintiffs respectfully submit that the Court should resolve the issues before it as framed by defendants' objections to Judge Legge's Report and Recommendation regarding their motions to dismiss. Thereafter, to the extent the Court believes the bifurcation issue merits further consideration, the parties can meet with Judge Legge to determine if the matter can be resolved through a Stipulation and

Hon. Sam Conti
March 30, 2010
Page 3

Proposed Order. If it cannot, then the issue could be fully briefed to Judge Legge for his recommendation and ruling.

                                        Yours sincerely,

                                        /s/ *Guido Saveri*_____
                                        Guido Saveri
                                        Interim Lead Counsel for the
                                        Direct Purchaser Plaintiffs

cc:      All Counsel via ECF

crt.258