

**Trump Alioto Trump & Prescott**
ATTORNEYS LLP

Please reply to:
San Francisco

March 29, 2010

Honorable Samuel Conti
United States District Court
Northern District of California
Courtroom 1, 17th Floor
450 Golden Gate Avenue
San Francisco, California 94123

Re:   *In Re: Cathode Ray Tubes (CRT) Antitrust Litigation*,
      Master File No. 3:07-cv-5944 SC, MDL No. 1917

Dear Judge Conti:

I write on behalf of the Indirect Purchaser Plaintiffs ("Plaintiffs") in response to Mr. McGinnis's letter to Your Honor of this date.

At the March 18, 2010 hearing on Defendants' objections to Judge Legge's recommendations, Your Honor suggested that the parties meet and confer to discuss whether the Defendants' statute of limitations defenses could be resolved before the other issues in the case. The parties have met and conferred on the issue. The parties agree that the Court should rule on the pending objections to Judge Legge's recommendations. The Plaintiffs do not agree, however, with the Defendants' proposal to: 1) confine Plaintiffs to four years of limited discovery, while 2) Defendants take Plaintiffs' depositions.

Defendants' proposal is flawed in many respects. On the one hand, Defendants are proposing to limit Plaintiffs' time period to four years. Plaintiffs may not engage in any other discovery, such as depositions. On the other hand, Defendants will be entitled to take the depositions of the Plaintiffs. This procedure, with Plaintiffs' hands largely tied on discovery, will then culminate in an early motion for summary judgment. Such a procedure would be patently prejudicial to Plaintiffs' ability to prove fraudulent concealment by Defendants. Moreover, there is absolutely no precedent for it. And not surprisingly, Defendants cite to none.

Defendants' proposal is also nonsensical. First, as many courts have held, "the issue of the fact of concealment . . . necessarily focuses on defendants' conduct, that is, what defendants did, rather than what plaintiffs did." *In re TFT-LCD Antitrust Litig.*, Case No. M:07-cv-01827-SI (N.D. Cal. Mar. 28, 2010) (Order Granting In Part And Denying In Part Direct Purchaser Plaintiffs' Motion For Class Certification; Granting In Part Defendants' Motion To Strike Untimely

2280 Union Street
San Francisco, CA 94123
(415) 563-7200
FAX (415) 346-0679

2201 Walnut Avenue, Ste. 200
Fremont, CA 94538
(510) 790-0900
FAX (510) 790-4856

Declarations at 26:3-4), Exhibit A.[1] In other words, proof of fraudulent concealment is largely in the hands of the Defendants. It therefore makes no sense to permit Defendants to take the named plaintiffs' depositions while Plaintiffs are prohibited from taking the depositions of the Defendants' employees – the only persons with personal knowledge of the facts relevant to fraudulent concealment. Defendants should not be allowed to deny Plaintiffs the very evidence necessary to defeat summary judgment.

Second, limiting Plaintiffs' discovery to the four years preceding the filing of the complaints will also prevent discovery of facts relevant to fraudulent concealment. Plaintiffs have specifically alleged that Defendants engaged in numerous acts of fraudulent concealment during the Glass Meetings, which began in 1995. *See* Indirect Purchaser Plaintiffs' Consolidated Amended Complaint ¶¶ 156, 290 (a)-(j). If the Court agrees with Judge Legge and the numerous cases upon which he relies, and finds these allegations of fraudulent concealment sufficient to withstand a Rule 12(b)(6) motion to dismiss, Plaintiffs must be given an opportunity to discover further facts in support of their claim. Thus, by defeating Defendants' motion to dismiss, Plaintiffs will have shown a basis for requiring the Defendants to bear the burden of this discovery. Contrary to Defendants' suggestions, Plaintiffs need not make a further showing at this stage.

Third, it is well-settled that the temporal scope of discovery in antitrust cases is not determined by the statute of limitations, but rather the scope of the conspiracy alleged. *See Kellam Energy, Inc. v. Duncan,* 616 F. Supp. 215, 218 (D. Del. 1985) ("The cases clearly establish that the temporal scope of discovery in antitrust suits should not be confined to the limitations period of the antitrust statutes") (citing cases).[2] Moreover, in the Ninth Circuit, "[i]t is well settled that a plaintiff may introduce background evidence to establish a continuing course of conduct or to cast light on the character of an existing conspiracy." *Reid Bros. Logging Co. v. Ketchikan Pulp Co.,* 699 F.2d 1292, 1305 (9th Cir. 1983) (holding in an antitrust case that the district court properly premised liability on events occurring before the limitations period). If liability may be premised on events

---

[1] *See also In re Linerboard Antitrust Litig.,* 305 F.3d 145, 163 (3d Cir. 2002) (internal quotations and citations omitted) ("Key questions will not revolve around whether Appellees knew that the prices they paid were higher than they should have been or whether Appellees knew of the alleged conspiracy amongst Appellants. Instead, *the critical inquiry will be whether defendants successfully concealed the existence of the alleged conspiracy.*") (Emphasis added); *In re Flat Glass Antitrust Litig.,* 191 F.R.D. 472, 488 (W.D. Pa. 1999); *In re Urethane Antitrust Litig.,* 237 F.R.D. 440, 452 (D. Kan. 2006).

[2] *Empire Volkswagen Inc. v. World-Wide Volkswagen Corp.,* 95 F.R.D. 398, 399 (S.D.N.Y. 1989) ("discovery in antitrust cases routinely goes beyond the statutory period"); *In re Sulfuric Acid Antitrust Litig.,* 231 F.R.D. 351, 357 n.5 (N.D. Ill. 2005) ("[W]here the information is otherwise relevant, the statute of limitations is not a basis for barring discovery.").

outside the limitations period, it must logically follow that discovery of those facts is relevant and permissible.

Accordingly, even if Plaintiffs are unable to prove fraudulent concealment so that damages in this case are limited to the four year statute of limitations, it does not follow that discovery will be so limited. Plaintiffs are entitled to discover pre-limitations period evidence establishing the origins and existence of the conspiracy and each defendant's joinder and participation therein, whether such participation occurred before or during the applicable limitations period. *See Continental Ore v. Union Carbide & Carbon Corp.,* 370 U.S. 690, 699 (1962) (finding the exclusion at trial of evidence of the pre-limitations origins of a continuing conspiracy was reversible error). *See also Scherer v. Balkema,* 840 F.2d 437 (7th Cir. 1988), *cert. denied* 486 U.S. 1043 (1988) ("To permit the statute of limitations to bar consideration of allegations from which a jury could infer an agreement would prevent recovery of damages suffered within the limitations period merely because the defendants formed their agreement too early. . . . This is wrong.").

Thus, addressing the issue of fraudulent concealment/statute of limitations will not materially reduce the scope of discovery in this case and will not result in time and cost-savings for the parties and the Court. In fact, Defendants' proposal to phase discovery will unnecessarily prolong and expand the discovery process and thus increase the parties' burden and expense.

The Court should also reject Defendants' proposal because it is contrary to several case management Orders previously entered in this litigation. The Defendants are asking the Court to decide what is essentially a dispute regarding the scope of discovery. The Court has already entered two Orders referring all motions and administrative matters to Judge Legge. *See* Order Appointing Special Master, dated June 16, 2008 (Docket No. 302), and Order Re: Special Master's Duties, dated April 8, 2009 (Docket No. 446). This discovery dispute is clearly within those Orders and should be handled by Judge Legge.

There is also a stipulated discovery Order currently in effect. *See* Stipulation And Order To Extend Limited Discovery Stay, dated January 5, 2010 (Docket No. 590). This stipulated Order was the product of extensive negotiations among the Plaintiffs, Defendants and the Department of Justice under the auspices of Judge Legge. If the Defendants want to move toward summary judgment on the statute of limitations, this Order (which prohibits the parties from taking depositions until November 1, 2010) must be revised and the Department of Justice must consent.

In short, Defendants' proposal finds no support in the law, makes no sense in the circumstances of this case, and would be extremely prejudicial to Plaintiffs' ability to prove their case. The Defendants' proposal must therefore be rejected.

Respectfully submitted,

/s/ Mario N. Alioto
Mario N. Alioto

***Interim Lead Counsel for the Indirect Purchaser Plaintiffs***

cc. All Counsel via ECF