## SAVERI & SAVERI, INC.
706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

March 31, 2010

*VIA HAND DELIVERY*

Honorable Charles A. Legge
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

   Re: *In Re: Cathode Ray Tubes (CRT) Antitrust Litigation*, MDL 1917

Your Honor:

  In connection with Defendant Tatung Company of America's Notice of Motion and Motion to Dismiss Direct and Indirect Purchaser Plaintiffs' Consolidated Amended Complaints in the above-referenced action, Direct Purchaser Plaintiffs would like to bring a recent decision to the Court's attention pursuant to Civil Local Rule 7-3(d). Accordingly, please find attached hereto as Exhibit 1 a true and correct copy of Order Denying Tatung Company of America's Motion for Leave to File a Motion for Reconsideration of March 3, 2009 Order Denying Motion to Dismiss in *In re: TFT-LCD (Flat Panel) Antitrust Litigation*, M-07-1827 SI (N.D. Cal March 28, 2010).

              Respectfully,

              /s/ *Guido Saveri*
              Guido Saveri
              Interim Lead Counsel for the
              Direct Purchaser Plaintiffs

cc: All Counsel via the Northern District of California's ECF-PACER System

crt.259

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to:<br><br>ALL CASES<br><br>/ | ORDER DENYING TATUNG COMPANY OF AMERICA'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF MARCH 3, 2009 ORDER DENYING MOTION TO DISMISS |

On February 4, 2010, defendant Tatung Company of America filed a motion for leave to file a motion for reconsideration of this Court's March 3, 2009 Order Denying Tatung's Motion to Dismiss. The Court has reviewed Tatung's motion, as well as plaintiffs' response to the motion, and concludes that Tatung has not demonstrated a basis for reconsideration.

Tatung's primary argument is that the direct purchaser plaintiffs' recent statement that Chunghwa Picture Tubes "is not a vertically integrated single entity" undermines the Court's March 3, 2009 holding that the direct purchaser plaintiffs have standing to sue Tatung Company of America under *Royal Printing v. Kimberly-Clark Corp.*, 621 F.2d 323 (9th Cir. 1980), and *Freeman v. San Diego Ass'n of Realtors*, 322 F.3d 1133 (9th Cir. 2003). In *Royal Printing*, the Ninth Circuit held that *Illinois Brick* does not bar an indirect purchaser's suit where the direct purchaser is a division or subsidiary of a co-conspirator." *Royal Printing*, 621 F.2d at 326. In *Freeman*, the Ninth Circuit explained that the *Royal Printing* exception applies when "there is no realistic possibility that the direct purchaser will sue its supplier over the antitrust violation." *Freeman*, 322 F.3d at 1145-46. Tatung had argued in its motion to dismiss that the direct purchaser plaintiffs' claims were barred under *Illinois Brick* because

1  Tatung is itself a direct purchaser of TFT-LCD products, and thus Tatung's customers are indirect
2  purchasers. The Court's March 3, 2009 order discussed plaintiffs' and Tatung's evidence regarding the
3  relationship between Tatung Taiwan, Chunghwa, and Tatung America, found that the factual record was
4  disputed, and held that "on this record, TUS has not shown that it is not a proper defendant under *Royal*
5  *Printing* and *Freeman*." March 3, 2009 Order at 3:10-11.

6  Plaintiff's statement that Chunghwa Pictures Tubes is not a vertically-integrated *single entity*
7  does not mean that Chunghwa and Tatung America are not part of a vertically-integrated *corporate*
8  *group* for Sherman Act purposes. Plaintiffs have alleged, and the record contains evidence in support,
9  that Tatung America (1) is a subsidiary of Tatung Taiwan; (2) is controlled by Tatung Taiwan; (3) serves
10 as the U.S. distributor for TFT-LCD products made by Chunghwa (another subsidiary of Tatung
11 Taiwan); and (4) is unlikely to sue Tatung Taiwan for Sherman Act violations. *See generally* Docket
12 No. 855 and attached exhibits.

13 As it did in the motion to dismiss, Tatung disputes much of this evidence, and, citing *Thornhill*
14 *Publishing Company v. General Telephone and Electronic Corporation*, 594 F.2d 730 (9th Cir. 1979),
15 argues that the Court erred by not resolving factual disputes in the March 3, 2009 Order. However,
16 *Thornhill* states that "[w]here the jurisdictional issue is separable from the merits of the case, the judge
17 may consider the evidence presented with respect to the jurisdictional issue and rule on that issue,
18 resolving factual disputes if necessary." *Id.* at 733. The Court was not required to resolve the factual
19 disputes presented by Tatung's motion to dismiss, and as the Court stated in its March 3, 2009 order,
20 Tatung may renew its arguments upon a fuller factual record in a motion for summary judgment.

21 Moreover, separate from the question of whether the direct plaintiffs can sue Tatung Company
22 of America under *Royal Printing*, the direct purchaser plaintiffs have standing to sue Tatung because
23 plaintiffs allege that Tatung was an "active, knowing participant[] in the alleged conspiracy." Third
24 Amended Consolidated Compl. ¶ 143; Second Amended Consolidated Compl. ¶ 131. Tatung recognizes
25 that such allegations are sufficient: "Absent any allegations that TUS knew of and participated in the
26 alleged conspiracy, plaintiffs cannot state a claim against TUS." Tatung's Motion for Leave at 6:20-22.
27 Here, the complaint alleges that Tatung Company of America sold and distributed TFT-LCD products
28 manufactured by Chunghwa throughout the United States; contains allegations about the Tatung

corporate family and ownership of Chunghwa and Tatung Company of America; and alleges that subsidiaries such as Tatung Company of America "played a significant role in the conspiracy" and were "active, knowing participants in the conspiracy." TAC ¶¶ 55-57, 143.

Finally, Tatung challenges the Court's discretionary decision to vacate the hearing on the motion to dismiss. Civil Local Rule 7-1(b) provides the Court with the discretion to vacate oral argument when the Court deems it appropriate. Tatung has not shown that it was prejudiced in any way by the lack of oral argument.

Accordingly, for the foregoing reasons, Tatung's motion for leave to file a motion for reconsideration is DENIED. (Docket No. 1515).

**IT IS SO ORDERED.**

Dated: March 28, 2010

SUSAN ILLSTON
United States District Judge