1  PETER ROOT (142348)
   DEWEY & LEBOEUF LLP
2  1950 University Avenue
   East Palo Alto, California 94303
3  Telephone: (650) 845-7000
   Facsimile: (650) 845-7333
4  Email: proot@dl.com

5
   JEFFREY L. KESSLER (*Admitted Pro Hac Vice*)
6  A. PAUL VICTOR (*Admitted Pro Hac Vice*)
   DEWEY & LEBOEUF LLP
7  1301 Avenue of the Americas
8  New York, New York 10019
   Telephone: (212) 259-8000
9  Facsimile: (212) 259-7013
   Email: jkessler@dl.com
10
11 STEVEN A. REISS (*Admitted Pro Hac Vice*)
   DAVID L. YOHAI (*Admitted Pro Hac Vice*)
12 WEIL, GOTSHAL & MANGES LLP
   767 Fifth Avenue
13 New York, New York 10153-0119
   Telephone: (212) 310-8000
14 Facsimile: (212) 310-8007
   Email: steven.reiss@weil.com
15
16 Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co.,
   Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co.)
17 **[Additional Moving Defendants and Counsel Listed on Signature Pages]**

18            **UNITED STATES DISTRICT COURT**

19          **NORTHERN DISTRICT OF CALIFORNIA**

20
   |                                    | )  No.: M-07-5944 SC
21 | **In Re CATHODE RAY TUBE (CRT)**   | )
   | **ANTITRUST LITIGATION**           | )  MDL NO. 1917
22 |                                    | )
   | ───────────────────────────        | )  **DEFENDANTS' JOINT NOTICE OF
23 | This Document Relates to:          | )  MOTION AND MOTION TO
   |                                    | )  CERTIFY ORDER FOR
24 | ALL ACTIONS                        | )  INTERLOCUTORY APPEAL
   |                                    | )
25 |                                    | )
   |                                    | )
26 |                                    | )
   |                                    | )
27 |                                    | )

28
   ──────────────────────────────────────────────────────────────────
   DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION                    MDL No. 1917
   TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL

1

## NOTICE OF MOTION AND MOTION TO CERTIFY

2

3    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

4            PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1292(b), Defendants

5    Panasonic Corporation of North America, MT Picture Display Co., Ltd., Panasonic

6    Corporation (f/k/a Matsushita Electric Industrial Co.), Samsung SDI America, Inc., Samsung

7    SDI Co., Ltd., Samsung SDI (Malaysia) Sdn. Bhd., Samsung SDI Mexico S.A. de C.V.,

8    Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co. Ltd., Tianjin Samsung SDI Co., Ltd.,

9    Samsung Electronics Co., Samsung Electronics America, Inc., LG Electronics, Inc., LG

10   Electronics USA, Inc., LG Electronics Taiwan Taipei Co., Ltd., Philips Electronics North

11   America Corporation, Koninklijke Philips Electronics N.V., Philips Electronics Industries Ltd.,

12   Philips Consumer Electronics Co., Philips Electronics Industries (Taiwan), Ltd., Philips da

13   Amazonia Industria Electronica Ltda., Tatung Company of America, Inc., Hitachi, Ltd.,

14   Hitachi Asia, Ltd., Hitachi America, Ltd., Hitachi Electronics Devices (USA), Inc., Hitachi

15   Displays Ltd., Beijing Matsushita Color CRT Company, Ltd., Toshiba Corporation, Toshiba

16   American Electronic Components, Inc., Toshiba America Information Systems, Inc., Toshiba

17   America, Inc., and Toshiba America Consumer Products, L.L.C. (collectively, "Defendants"),

18   by and through their attorneys, respectfully request the Court to certify for immediate appeal

19   its March 30, 2010 Order Approving and Adopting Special Master's Report,

20   Recommendations and Tentative Rulings Regarding Defendants' Motions to Dismiss.

21            This motion is based upon this Notice of Motion, the accompanying

22   Memorandum of Points and Authorities, the complete files and records in these consolidated

23   actions, and such other and further matters as the Court may consider.

24

25

26

27

28

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................ ii

INTRODUCTION ......................................................................................................... 1

ARGUMENT ............................................................................................................... 2

CONCLUSION ............................................................................................................ 9

# <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                     <u>Page</u>

*Ashcroft v. Iqbal,*
    129 S. Ct. 1937 (2009)..............................................................*passim*

*Barker v. Am. Mobil Power Corp.,*
    64 F.3d 1397 (9th Cir. 1995) ...............................................7

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)..................................................................*passim*

*Brennan v. Concord EFS, Inc.,*
    369 F. Supp.2d 1127 (N.D. Cal. 2005) ................................6

*Estate of Kennedy v. Bell Helicopter Textron, Inc.,*
    283 F.3d 1107 (9th Cir. 2002) .............................................2

*Greenwald v. Manko,*
    840 F.Supp. 198 (E.D.N.Y 1993) ........................................7

*In re ATM Fee Antitrust Litig.,*
    No. 04-02676 CRB, 2009 U.S. Dist. LEXIS 83199 (N.D. Cal. Sept. 4, 2009 )............6

*In re California Title Ins. Antitrust Litig.,*
    No. C 08-01341, 2010 WL 785798 (N.D. Cal. March 3, 2010)......................2, 7, 8

*In re California Title Ins. Antitrust Litig.,*
    No. C 08-01341, 2009 WL 1458025 (N.D. Cal. May 21, 2009) ...................5, 6, 8

*In re Cintas Corp. Overtime Pay Arbitration Litig.,*
    No. M:06-cv-01781, 2007 WL 1302496 (N.D. Cal. May 2, 2007).......................2, 8

*In re Travel Agent Comm'n Antitrust Litig.,*
    583 F.3d 896 (6th Cir. 2009) ...............................................9

*Jung v. Ass'n of Am. Med. Colls.,*
    300 F. Supp.2d 119 (D.D.C. 2004) ......................................6

*Kendall v. Visa U.S.A., Inc.,*
    518 F.3d 1042 (9th Cir. 2008) .............................................3

*NL Industries, Inc. v. Kaplan,*
    792 F.2d 896 (9th Cir. 1986) ...............................................7-8

*Northstar Financial Advisors Inc. v. Schwab Investments,*
    No. C 08-4119, 2009 WL 1126854 (N.D. Cal. April 27, 2009)....................8

*Powerex Corp. v. Reliant Energy Servs., Inc.,*
        551 U.S. 224 (2007)..................................................................................................5-6

*Robbins v. Oklahoma,*
        519 F.3d 1242 (10th Cir. 2008) .................................................................................3

*South Ferry LP. No. 2 v. Killinger,*
        542 F.3d 776 (9th Cir. 2008) .....................................................................................7

*Steering Committee v. United States,*
        6 F.3d 572 (9th Cir. 1993) .........................................................................................2

*United States v. Bestfoods,*
        524 U.S. 51 (1998)......................................................................................................6

Statutes and Regulations

Fed. R. Civ. P. 8........................................................................................................3, 4

Other Authorities

Federal Practice and Procedure
        § 3929 (3d ed. West 2009) ..........................................................................................3

**INTRODUCTION**

Defendants respectfully request that the Court certify its March 30, 2010 Order Approving and Adopting Special Master's Report, Recommendations and Tentative Rulings Regarding Defendants' Motions to Dismiss ("Order") (Dkt. No. 665) for immediate appeal pursuant to 28 U.S.C. § 1292(b).[1]  Prompt appellate review of the Order is necessary both to ensure the most efficient resolution of this massive international antitrust case and to allow the United States Court of Appeals for the Ninth Circuit an opportunity to provide guidance in an important area of law that is currently uncertain.

Specifically, in denying Defendants' motions to dismiss, this Court concluded that, in complex, multi-defendant, antitrust cases, Plaintiffs are not required to plead specific facts regarding *each* separate Defendant's participation in the alleged conspiracy.  Instead, the Court held that Plaintiffs stated a plausible conspiracy claim against *each* Defendant despite the fact that the operative allegations in the Complaints -- rather than being asserted with respect to *each individual* Defendant – name most Defendants by "corporate family by a single name" in allegations stating mere conclusions.  For example, Plaintiffs allege merely that purported conspiratorial agreements were entered into "on behalf of" "entire corporate families."  Order at 10.  Importantly, however, most "corporate families" named in the Complaints are made up of multiple *separate* Defendants that manufacture and sell different products.

There is no precedent from the Ninth Circuit addressing the question whether such "group" allegations meet the pleading standards set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), where the Supreme Court held that allegations stating bare legal conclusions are not entitled to a presumption of truth and, instead, must be disregarded on motions to dismiss.  This important legal issue is dispositive

---

[1] The Order adopts the Report, Recommendations and Tentative Rulings Regarding Defendants' Motions to Dismiss issued by Judge Legge on February 5, 2010 ("Special Master's Report") (Dkt. No. 597), which recommended, in pertinent part, that the Court deny Defendants' motions to dismiss the consolidated complaints filed by both Direct and Indirect Purchaser Plaintiffs ("Plaintiffs") (Dkt. Nos. 436 & 437) (the "Complaints").

1   for the twenty-plus Defendants against whom there are no specific factual allegations in the

2   Complaints, and it implicates pleading standards not only in this lawsuit, but also in other

3   complex, multi-defendant antitrust disputes in this Circuit.  Immediate appellate review of this

4   issue would therefore be appropriate to be certain that many of the Defendants are not

5   subjected to massive proceedings that the Ninth Circuit would find improper.

6                                      **ARGUMENT**

7                  Certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is

8   warranted where "(1) the order involves a controlling issue of law; (2) there is substantial

9   ground for differences of opinion as to that question; and (3) an immediate appeal may

10  materially advance the ultimate termination of the litigation." *In re California Title Ins*

11  *Antitrust Litig.*, No. C 08-01341, 2010 WL 785798, at *1 (N.D. Cal. Mar. 3, 2010)

12  ("*California Title*"); *see also Estate of Kennedy v. Bell Helicopter Textron, Inc.*, 283 F.3d

13  1107, 1116 (9th Cir. 2002) (noting that § 1292(b) "acts as a safety valve for serious legal

14  questions" in cases involving a "controlling question of law as to which there is substantial

15  ground for difference of opinion, or when immediate appeal may materially advance the

16  ultimate termination of the litigation.") (internal quotations omitted).  Certification is

17  especially appropriate in multi-district litigations where, as here, interlocutory review may

18  "avoid protracted and expensive litigation." *Id*; *see also In re Cintas Corp. Overtime Pay*

19  *Arbitration Litig.*, No. M:06-cv-01781, 2007 WL 1302496, at *3 (N.D. Cal. May 2, 2007) ("*In*

20  *re Cintas Corp.*") (explaining that "certification is particularly appropriate in the context of

21  MDL proceedings" because "prompt appeal now will allow a single court to review" the

22  question presented, thus "enhancing the likelihood of achieving the coordination benefits

23  sought by 28 U.S.C. § 1407.").[2]  Indeed, courts in this district have "substantial discretion" to

24  certify controlling legal questions for interlocutory review. *California Title*, 2010 WL 785798,

25  at *1.

26

27  _____
    [2] *Cf. Steering Committee v. United States*, 6 F.3d 572, 575 (9th Cir. 1993) (noting the
    importance of interlocutory review in multi-district disputes).

28
                                              2

1    Here, the Order decided a centrally important legal issue that is dispositive with

2 respect to most of the Defendants and warrants interlocutory review: whether the Complaints'

3 allegations against "entire corporate families" state a "plausible" antitrust claim within the

4 meaning of *Twombly* and *Iqbal* despite the absence of specific factual allegations linking each

5 individual Defendant to the purported conspiracy. This question meets all three criteria for

6 interlocutory certification: it raises an uncertain issue of law that is dispositive for most of the

7 Defendants, immediate appeal on this issue could avoid protracted, costly litigation, and it

8 would therefore materially advance the litigation. *See* 16 Charles Alan Wright *et al.*, Arthur R.

9 Miller, & Edward H. Cooper, Federal Practice and Procedure § 3929 (3d ed. West 2009)

10 (interlocutory review is "especially suitable" for use in "exceptionally complex" cases where

11 immediate appellate review might avoid "protracted and expensive litigation"). Because it is

12 the responsibility of the district court to allow an immediate appeal to be taken when the

13 statutory criteria are met, certification for interlocutory review is warranted.

14    Whether the Complaints allege a "plausible" conspiracy under the Supreme

15 Court's decisions in *Twombly* and *Iqbal* implicates a controlling issue of law that has created

16 uncertainty concerning the practical requirements of Federal Rule of Civil Procedure 8.

17 *Twombly* held that plaintiffs are required to plead the "who, what, when and where" with

18 respect to an antitrust conspiracy claim. *See* 550 U.S. at 565 n.10 (a claimant must allege facts

19 as to the "specific time, place, or person involved in the alleged conspiracy.").[3] *Twombly*

20 further "requires more than labels and conclusions, and a formulaic recitation of the elements

21 of a cause of action" and, instead, instructs that on motions to dismiss, courts should reject bald

22 "legal conclusion[s] couched as [] factual allegation[s]." *Id.* at 550. Accordingly, the

23 complaint must state facts sufficient "to raise a right to relief above the speculative level" and

24

25 [3] *See also Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008) (dismissing complaint that "does not answer the basic questions: who, did what, to whom (or with whom),

26 where, and when?"); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250-53 (10th Cir. 2008) (dismissing complaint that did not make clear "exactly *who* is alleged to have done *what to*

27 *whom*" and failed to "specify which defendants are alleged to have taken which particular actions") (emphasis in original).

28

DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION          MDL No. 1917
TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL

1  to "nudge[ ] [the] claims across the line from conceivable to plausible." *Id.* at 550, 570 (internal

2  quotations omitted).

3             Following *Twombly*, the Supreme Court confirmed in *Iqbal* that allegations

4  stating mere legal conclusions must be disregarded on a motion to dismiss: "a court

5  considering a motion to dismiss can choose to begin by identifying pleadings that, because

6  they are no more than conclusions, are not entitled to the assumption of truth.  While legal

7  conclusions can provide the framework of a complaint, they must be supported by factual

8  allegations." *Iqbal*, 129 S.Ct. at 1950.  In this connection, the *Iqbal* Court required that an

9  analysis of the plausibility of plaintiff's claims be conducted separately for *each* defendant,

10  and not by lumping them in groups.  *Id.* (reviewing complaint allegations on a

11  defendant-by-defendant basis to determine plausibility of the complaint).  The reason:  Federal

12  Rule of Civil Procedure 8 does not "unlock the doors of discovery for a plaintiff armed with

13  nothing more than conclusions." *Id.*

14             Here, in deciding Defendants' motions to dismiss, Judge Legge concluded that

15  neither *Twombly* nor *Iqbal* impose a requirement of "separate pleading against each defendant

16  in an alleged antitrust conspiracy."  Special Master's Report at 11.  Thus, in concluding that

17  Plaintiffs have stated a plausible claim against all Defendants, Judge Legge relied upon

18  complaint allegations simply lumping together entire corporate families (for example,

19  "Panasonic," "LG," "Philips," "Hitachi," "Samsung," and "Toshiba"), and did not consider

20  whether the Complaints allege specific *facts* as to *each individual* Defendants' participation in

21  the alleged conspiracy.  *Id.* at 13-16.

22             Similarly, in adopting the recommendations by Judge Legge, this Court held

23  that, in "complex, multinational, antitrust cases," plaintiffs are not required to plead "detailed,

24  defendant-by-defendant allegations."  Order at 9.  Accordingly, the Court held that Plaintiffs

25  stated a plausible claim against all Defendants despite the fact that many of them are grouped

26  in the Complaints by "corporate family by a single name," *id.* at 10, even though various

27

28

1  separate corporations within the purported "corporate family" make and sell different products

2  at different levels of the distribution chain.

3  In reaching its conclusion, the Court relied upon conclusory complaint

4  allegations that "entire corporate famil[ies] [were] *represented* in meetings" "by their *agents*

5  and *[were parties] to the agreements* reached in them." *Id.* (emphases added).[4]  Similarly, in

6  denying Defendants' motions to dismiss claims accruing more than four years before the

7  complaints were filed, the Court relied upon complaint allegations grouping all "Defendants"

8  or lumping together entire corporate families, such as "companies affiliated with Samsung,

9  Philips, and LG."  Order at 21-23.

10  Whether such allegations stating mere legal conclusions – for example, that

11  entire corporate families "were parties to agreements" by virtue of alleged "agency"

12  relationships – can satisfy *Twombly* and *Iqbal* is an important question warranting Ninth

13  Circuit review.  Indeed, the Ninth Circuit has not yet had an opportunity to apply these

14  authorities to determine the question of whether separate, specific factual allegations are

15  required plausibly to link each individual Defendant to the alleged conspiracy in a complex

16  antitrust conspiracy case, regardless of whether some of the Defendants can be said in some

17  ill-defined way to be members of related "corporate families."

18  Defendants maintain that allegations regarding "dominance and control,"

19  corporate "representation," and "agency" are no more than conclusions and, thus, fall short of

20  the *Iqbal* standard, which Defendants submit should not be relaxed in antitrust cases merely

21  because they are "complex." *See In re California Title Ins. Antitrust Litig.*, No. C 08-01341,

22  2009 WL 1458025, at *7-8 (N.D. Cal. May 21, 2009) ("*California Title II*") ("to the extent

23  Plaintiffs rely on an agency theory to assert claims against the Parent Corporations, the Court

24  concludes that the allegations of agency are no [*sic*] more than bare legal conclusions, which

25

26

27  [4] *See also* Order at 11-16 (relying upon allegations that certain entities "*dominated and controlled*" the affairs of their corporate affiliates).

28

5

DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION                    MDL No. 1917
TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL

1  the Court need not accept as true.").[5]  On the contrary, the concerns with the costs of lengthy

2  litigation that *Twombly* cited as support for its heightened pleading standard, *see* 550 F.3d at

3  558, are at their apex in such complex litigations.

4        Moreover, numerous courts have consistently required plaintiffs to sufficiently

5  plead the involvement of *each and every* named defendant in an antitrust conspiracy.  For

6  example, in *Brennan v. Concord EFS, Inc.*, 369 F. Supp. 2d 1127 (N.D. Cal. 2005), the court

7  dismissed an antitrust complaint against certain defendants because it failed to plead

8  allegations "specifically connecting [those defendants] to the alleged conspiracy." *Id.* at 1136.

9  More recently, Judge Breyer dismissed a complaint against certain defendants where the

10  plaintiffs "merely lump together allegations against the holding company and its subsidiary,"

11  rather than "distinguish[ing]" between operating banks and their holding companies." *In re*

12  *ATM Fee Antitrust Litig.*, No. 04-02676 CRB, 2009 U.S. Dist. LEXIS 83199, at *55-56 (N.D.

13  Cal. Sept. 4, 2009).  Thus, when plaintiffs in the *ATM* case named both the parent holding

14  company and the subsidiary as "Bank of America," the Court dismissed the complaints against

15  the parent corporations for a lack of "allegations . . . that tie the [parent] holding companies to

16  the alleged conspiracy." *Id.*[6]

17        Significantly, a number of courts have held that mere ownership of an alleged

18  conspirator is insufficient to state a claim against the parent.  Rather, to state a claim against a

19  parent corporation, a plaintiff must set forth *facts* establishing the parent corporation's "direct

---

[5] Pleadings that "are no more than conclusions … are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950.  That is particularly true in the context of allegations of agency, where "[i]ndependence is to be *presumed*." *California v. NRG Energy Inc.*, 391 F.3d 1011, 1024 (9th Cir. 2004), *rev'd on other grounds*, *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224 (2007) (emphasis added).  Even when a parent corporation owns one-hundred percent of a subsidiary, "[i]t is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (citation omitted).

[6] *See also Jung v. Ass'n of Am. Med. Colls.*, 300 F. Supp. 2d 119, 163 (D.D.C. 2004) ("Plaintiffs cannot escape their burden of alleging that *each defendant* participated in or agreed to join the conspiracy by using the term 'defendants' to apply to numerous parties without any specific allegations as to [the moving defendant]") (emphasis added).

DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION
TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL.     MDL No. 1917

1   participation" in the alleged conspiracy or *facts* showing that the "parent corporation knew

2   what their subsidiaries were doing." *California Title II*, 2009 WL 1458025, at *7-8 ("Plaintiffs

3   attempt to show the Parent Corporations directly participated in the conspiracy by making

4   general allegations as to the families of the title insurance companies, without any specific

5   allegations as to what the Parent Corporations did. Those allegations are insufficient . . .").

6          Similarly, with respect to the limitations period, in *Barker v. American Mobil

7   Power Corporation*, 64 F.3d 1397 (9th Cir. 1995), the Ninth Circuit held that, for purposes of

8   the fraudulent concealment doctrine, "a statute of limitations may be tolled only if the plaintiff

9   establishes affirmative conduct upon the part of *the defendant* which would, under the

10  circumstances of the case, lead a reasonable person to believe that he did not have a claim for

11  relief." *Id.* at 1402 (internal quotations omitted) (emphasis in original). Although *Barker* was

12  decided on a motion for summary judgment, the decision suggests that, even for pleading

13  purposes, allegations must be made on a defendant-by-defendant basis. *Id.* (citing *Greenwald

14  v. Manko*, 840 F.Supp. 198, 203 (E.D.N.Y. 1993) which held that, to survive a motion to

15  dismiss, plaintiffs are required to plead fraudulent concealment on a defendant-by-defendant

16  basis).

17          Under these circumstances, to resolve this controlling legal issue, the Order

18  warrants immediate interlocutory review. In this connection, all three criteria for certification

19  are satisfied.

20          *First*, whether the Supreme Court's decisions in *Twombly* and *Iqbal* require a

21  specific defendant-by-defendant analysis to determine whether the Complaints state a

22  plausible claim against each Defendant is precisely the sort of legal question at which §

23  1292(b) is directed.[7] *California Title*, 2010 WL 785798, at *1 (certifying question for appeal

24  where it "require[d] an examination of the factual allegations set forth in the [complaint], it

25  [was] a purely legal issue."). Indeed, because motions to dismiss often deal with the meaning

26

27  [7] *See* Order at 2 (holding that the Special Master's recommendations are "conclusions of law
    that the Court will review de novo.").

28                                    7

1   of legal standards, denials of such motions are often the basis for certification for interlocutory

2   appeal in the Ninth Circuit. *See, e.g., South Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 779

3   (9th Cir. 2008) (accepting § 1292(b) appeal to determine the controlling pleading standard);

4   *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 897-98 (9th Cir. 1986) (same). Moreover, this

5   legal issue is controlling because, if the Court of Appeals were to reverse the decision of this

6   Court, it would put an end to this litigation with respect to the many Defendants against whom

7   no specific facts tying them to the alleged conspiracy are set forth in the Complaints. *See In re

8   Cintas Corp.*, 2007 WL 1302496, at *1 ("[a] question of law is controlling if reversal of the

9   district court's order could materially affect the outcome of the litigation.") (internal

10  quotations omitted).

11         *Second*, the resolution of this question is undoubtedly contestable. Judge Legge

12  acknowledged the lack of guidance from the Ninth Circuit regarding *Twombly's* and *Iqbal's*

13  application to complex antitrust conspiracy complaints: "Research has not disclosed any

14  relevant Ninth Circuit cases interpreting [*Twombly* and *Iqbal*] in antitrust conspiracy

15  litigation." Special Master's Report at 8. In this district, this is sufficient to warrant

16  interlocutory review. *See California Title*, 2010 WL 785798 (certifying order for interlocutory

17  review given the "dearth of precedent on the legal issue presented to the Court on the motion to

18  dismiss."); *In re Cintas Corp.*, 2007 WL 1302496, at *2 (certifying order for interlocutory

19  review where there was no controlling precedent in the Ninth Circuit and certification would

20  afford the Ninth Circuit the opportunity to rule on an important issue of federal law).

21  Moreover, as demonstrated above, several other courts in this district have disagreed with this

22  Court's position on the contested question.

23         *Finally*, there can be no question that interlocutory appellate review has the

24  potential to resolve or streamline the resolution of this lawsuit, saving substantial litigation and

25  judicial resources. *Northstar Financial Advisors Inc. v. Schwab Investments*, No. C 08-4119,

26  2009 WL 1126854, at *1 (N.D. Cal. April 27, 2009) (certifying question for interlocutory

27  review as the "prudent and most economical path"). Indeed, if an interlocutory appeal is

28
                                         8

1   granted and Defendants prevail on this issue, the litigation will be at an end for the twenty-plus

2   Defendants against whom no specific facts are alleged in the Complaints to link them to the

3   purported conspiracy. *See California Title*, 2010 WL 785798, at *2 (an interlocutory appeal is

4   appropriate where it is "likely to advance the ultimate termination of the litigation"). Further,

5   if the Ninth Circuit agrees with Defendants that fraudulent concealment allegations must be

6   pled on a defendant-by-defendant basis, the discovery period in this case would be greatly

7   reduced and this litigation would be further streamlined.

8          While the Order notes that the Court can determine whether Plaintiffs have

9   failed "to adequately plead against each Defendant" "at the summary-judgment stage," Order

10  at 16, respectfully, the Supreme Court has required the opposite approach: "it is only by taking

11  care to require allegations that reach the level suggesting conspiracy that we can hope to avoid

12  the potentially enormous expense of discovery," *Twombly*, 550 U.S. at 559; *see also In re*

13  *Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 908-09 (6th Cir. 2009) ("Pursuant to

14  *Twombly*, district courts must assess the plausibility of an alleged illegal agreement *before*

15  parties are forced to engage in protracted litigation and bear excessive discovery costs.")

16  (emphasis in original). Indeed, as the cases previously certified in this Circuit for interlocutory

17  review of pleading standards demonstrate, *see supra* at 7, the prospect that certain issues may

18  be resolved *after* discovery should not impede the certification of orders (like this Court's

19  Order) that meet the requirements of § 1292(b).

20         Accordingly, this important question of law should be resolved now on

21  interlocutory appeal before Defendants are made to undergo the potentially unnecessary

22  burden of costly antitrust discovery on a global scale.

### CONCLUSION

24         For all of the reasons stated above, the Court should certify the Order for

25  immediate interlocutory appeal pursuant to § 1292(b).

26

27

28

DATED: April 9, 2010

By:  /s/ Jeffrey L. Kessler

JEFFREY L. KESSLER (*pro hac vice*)
Email: jkessler@dl.com
A. PAUL VICTOR (*pro hac vice*)
Email: pvictor@dl.com
**DEWEY & LEBOEUF LLP**
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-7013

PETER ROOT (142348)
Email: proot@dl.com
**DEWEY & LEBOEUF LLP**
1950 University Avenue
East Palo Alto, California 94303
Telephone: (650) 845-7000
Facsimile: (650) 845-7333

STEVEN A. REISS (*pro hac vice*)
Email: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
Email: david.yohai@weil.com
DAVID E. YOLKUT (*pro hac vice*)
Email: david.yolkut@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

GREGORY D. HULL (57367)
Email: greg.hull@weil.com
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., Panasonic Corporation (f/k/a Matsushita Electric Industrial Co.)*

10

DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION
TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL

MDL No. 1917

By: ___/s/ Gary L. Halling___
GARY L. HALLING (66087)
ghalling@sheppardmullin.com
JAMES L. MCGINNIS (95788)
jmcginnis@sheppardmullin.com
MICHAEL SCARBOROUGH (203524)
mscarborough@sheppardmullin.com
**SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP**
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: (415)-434-9100
Facsimile: (415)-434-3947

*Attorneys for Defendants Samsung SDI
America, Inc., Samsung SDI Co., Ltd.,
Samsung SDI (Malaysia) Sdn. Bhd., Samsung
SDI Mexico S.A. de C.V., Samsung SDI Brasil
Ltda., Shenzhen Samsung SDI Co. Ltd., and
Tianjin Samsung SDI Co., Ltd.*

By: ___/s/ Michael Tubach___
MICHAEL TUBACH (145955)
Email: mtubach@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8876
Facsimile: (415) 984-8701

By: ___/s/ Ian Simmons___
IAN SIMMONS (*pro hac vice*)
Email : isimmons@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for Defendants Samsung Electronics
Co., Ltd. and Samsung Electronics America,
Inc.*

DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION
TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL.                MDL No. 1917

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:   /s/ Samuel Miller
SAMUEL R. MILLER (66871)
Email: srmiller@sidley.com
MARIE L. FIALA (79676)
Email: mfiala@sidley.com
RYAN M. SANDROCK (251781)
Email: rsandrock@sidley.com
ROBERT B. MARTIN, III (235489)
rbmartin@sidley.com
**SIDLEY AUSTIN LLP**
555 California Street, 20th Floor
San Francisco, California 94104
Telephone : (415) 772-1200
Facsimile: (415) 772-7400

*Attorneys for Defendants LG Electronics, Inc.,*
*LG Electronics USA, Inc., and LG Electronics*
*Taiwan Taipei Co., Ltd.*


By:   /s/ Ethan E. Litwin
ETHAN E. LITWIN   *(pro hac vice)*
Email: LitwinE@howrey.com
**HOWREY LLP**
601 Lexington Avenue, 54th Floor
New York, New York 10022
Telephone: (212) 896-6500
Facsimile: (212) 896-6501


By:   /s/ John Taladay
JOHN TALADAY *(pro hac vice)*
Email: TaladayJ@howrey.com
**HOWREY LLP**
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2402
Telephone: (202) 783-0800
Facsimile: (202) 383-6610


*Attorneys for Defendant Philips Electronics*
*North America Corporation, Koninklijke*
*Philips Electronics N.V., Philips Electronics*
*Industries Ltd., Philips Consumer Electronics*
*Co., Philips Electronics Industries (Taiwan),*
*Ltd., and Philips da Amazonia Industria*
*Electronica Ltda.*

12

By: /s/ Patrick J. Ahern
PATRICK J. AHERN (*pro hac vice*)
Email:  patrick.j.ahern@bakernet.com
ROXANE C. BUSEY (*pro hac vice*)
Email:  roxane.c.busey@bakernet.com
KAREN SEWELL (*pro hac vice*)
Email:  karen.sewell@bakernet.com
**BAKER & MCKENZIE LLP**
130 E. Randolph Dr., Suite 3500
Chicago, Illinois 60601
Telephone:  (312) 861-8000

BRUCE H. JACKSON (98118)
Email:  bruce.h.jackson@bakernet.com
ROBERT W. TARUN (64881)
Email:  robert.w.tarun@bakernet.com
**BAKER & MCKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, California 94111-3802
Telephone:  (415) 576-3000
Facsimile:   (415) 576-3099

*Attorneys for Tatung Company of America, Inc.*

By: /s/ Kent M. Roger
KENT M. ROGER (95987)
Email:  kroger@morganlewis.com
MICHELLE PARK CHIU (248421)
Email:  mchiu@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, California 94105-1126
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

*Attorneys for Defendants Hitachi, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., Hitachi Electronic Devices (USA), Inc., and Hitachi Displays, Ltd.*

DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION
TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL

MDL No. 1917

1

2          By: /s/ Terry Calvani
           TERRY CALVANI (53260)
3          Email: terry.calvani@freshfields.com
           BRUCE C. MCCULLOCH (*pro hac vice*)
4          Email: bruce.mcculloch@freshfields.com
           CHRISTINE A. LACIAK (*pro hac vice*)
5          Email: christine.laciak@freshfields.com
           **FRESHFIELDS BRUCKHAUS DERINGER
6          US LLP**
           701 Pennsylvania Avenue, N.W.
7          Suite 600
           Washington, DC 20004
8          Telephone: (202) 777-4500
           Facsimile: (202) 777-4555

9

10         *Attorneys for Defendant Beijing Matsushita
           Color CRT Company, Ltd.*

11

12         By: /s/ George L. Paul
           CHRISTOPHER M. CURRAN (*pro hac vice*)
13         Email: ccurran@whitecase.com
           GEORGE L. PAUL (*pro hac vice*)
14         Email: gpaul@whitecase.com
           LUCIUS B. LAU (*pro hac vice*)
15         Email: alau@whitecase.com
           **WHITE & CASE LLP**
16         701 Thirteenth Street, N.W.
           Washington, DC 20005
17         Telephone: (202) 626-3600
           Facsimile: (202) 639-9355
18

19         *Attorneys for Defendants Toshiba Corporation,
           Toshiba America Electronic Components, Inc.,*
20         *Toshiba America Information Systems, Inc.,*
           *Toshiba America, Inc., and Toshiba America*
21         *Consumer Products, L.L.C.*

22

23

24         *Pursuant to General Order No. 45, § X-B, the filer attests that concurrence in*
25  *the filing of this document has been obtained from each of the above signatories.*

26

27

28

---
14

DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION          MDL No. 1917
TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL