Hon. Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 774-2644
Fax: (415) 982-5287
Special Master

JAMS

IN RE: CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION

CRAGO, INC., et al.,

Plaintiffs,

vs.

CHUNGHWA PICTURE TUBES, LTD., et al.,

Defendants.

This Document Relates to
Tatung Company of America

No. 07-5944 SC
MDL No. 1917
JAMS Reference No. 1100054618

REPORT, RECOMMENDATIONS AND TENTATIVE RULINGS REGARDING TATUNG COMPANY OF AMERICA'S MOTION TO DISMISS

To the Honorable Samuel Conti, United State District Judge:

The undersigned Special Master submits this report, recommendations, and tentative rulings on the motions to dismiss of defendant Tatung Company of America (called "Tatung" in this report) in both the direct purchaser case and the indirect purchaser case; Document No. 464.

The jurisdiction to make recommendations with respect to these motions has been vested in the undersigned by orders issued by the Court on June 16, 2008 and April 8, 2009.

1

## PROCEDURES

Consolidated amended complaints were filed in both the direct and indirect actions on March 16, 2009. Most of the defendants filed motions to dismiss both complaints. In each case there was a joint motion filed by substantially all of the defendants, and some separate motions by defendants who raised issues individual to them. Following briefing and oral arguments, this special master issued his report, recommendations, and tentative rulings on all of the motions on February 5, 2010; Document No. 597. The Court issued an order approving and adopting the special master's report, recommendations and tentative rulings on March 30, 2010; Document No. 665

Because of an error of omission, the special master did not rule on the motions to dismiss by Tatung. That defendant now requests that its separate motion be ruled upon by the special master. The special master has reviewed this separate motion by Tatung. The special master has also assembled and reviewed the prior motions and oppositions. The plaintiffs have noted from their prior oppositions the portions specifically pertaining to Tatung. The motion at issue here was not previously ruled upon by the special master or reviewed by the District Court. Nevertheless, many of the arguments made by Tatung were raised by the other defendants in the motions previously resolved. Tatung is of course entitled to separate consideration of its contentions and its positions. But to the extent that the same legal arguments or factual allegations have been considered in the prior rulings, those contentions need not be discussed again in detail here.

The special master now turns to the issues argued by Tatung.

## THE PRODUCTS

As did the earlier motions, this motion contends that the alleged conspiracy is with respect to just CRT's and not with respect to CRT Products. However, the rulings on the prior motions have established, at least for pleading purposes, that the alleged conspiracies to fix prices pertained not just to CRT's but also to CRT Products.

## ALLEGATIONS AGAINST TATUNG

Tatung asserts that the two complaints do not adequately allege a Sherman Act Section 1 claim because they do not allege that Tatung was individually a party to any agreements entered

into at the meetings of the defendants, nor that it actually attended a conspiratorial meeting, or that it authorized any other company or person to represent it at the meetings. Tatung asserts that the only basis for alleged liability is therefore that it is a company integrated with Chunghwa Picture Tubes, LTD. However, the allegations against Tatung are more extensive and detailed. See the Court's statement of the legal standard in the order of March 30, 2010, pages 9-10 and 16.

The direct purchaser amended complaint alleges that beginning in March of 1995 a CRT Product conspiracy was organized, that Tatung and its sister company Chunghwa and the other defendants joined, and as a result the prices of CRT Products sold to customers in the United States were based on prices that were raised, fixed and stabilized. Paragraphs 1, 5, 6, 24, 25, 69, 124, 126, 134-153, 154 of the direct complaint. The relationships among Chunghwa, Tatung and their related entities are described in detail in the complaint. The complaint directly alleges that Chunghwa attended hundreds of the conspiratorial meetings (paragraph 155), and that the corporate family (necessarily including Tatung) was represented in the meetings by its highest executives. Tatung's role in the conspiracy is specifically alleged: "To the extent Tatung America distributed CRT Products to direct purchasers, it played a significant role in the conspiracy because Defendants wished to ensure that the prices for such products paid by direct purchasers would not undercut the pricing agreements reached at these various meetings. Thus, Tatung America was an active, knowing participant in the alleged conspiracy." Paragraph 169.

Those allegations are sufficient to state a claim, and the law does not require any more pleading detail. The allegations give Tatung fair notice of the plaintiff's claims. Tatung is alleged to be a member of the conspiracy individually. So Tatung's discussion in its motion of alter ego liability or corporate family liability is not necessary or relevant.

In the indirect complaint, similar allegations are made with respect to Chunghwa and Tatung; paragraphs 173-174. The complaint charges that the highest ranking executives from Chunghwa attended the principal meetings and met with "each of the other Defendants." Tatung was represented at those meetings and then implemented the pricing and/or restrictions that were agreed upon. It alleges that Chunghwa attended the European and the monthly Chinese glass meetings; paragraphs 148 (a) and (b). The close corporate affiliations between Chunghwa and Tatung are alleged in the complaint in paragraphs 94-98. Those allegations are all sufficient to

tie Tatung directly to many of the conspiratorial meetings. The indirect complaint gives Tatung fair and adequate notice of what it is being accused of doing.

## DIRECT-INDIRECT PLAINTIFFS

Tatung contends that the alleged plaintiffs in the direct complaint are really indirect purchasers of the price-fixed products, the CRTs. However, that ignores the fact that CRT Products are also alleged to be a price-fixed product, and the purchasers of those products from Tatung in the United States can be direct purchasers.

## ANTITRUST LIABILITY

Tatung questions whether there are adequate allegations of antitrust liability. We already noted the specific claims made against Tatung. As has been held in the prior motions, such allegations are sufficient to allege antitrust liability. The pleadings meet the standards of the pleading requirements of Bell Atlantic vs. Twombly 550 US 544 (2007) and Ashcroft vs. Iqbal 129 S. Ct. 1937 (2009).

## JURISDICTION

There is adequate allegation of jurisdiction under the Foreign Trade Antitrust Improvements Act; 15 USC § 6a. And the plaintiffs have standing under Associated General Contractors of California vs. California State Council of Carpenters, 459 US 519 (1983) and Illinois Brick Company vs. Illinois, 431 US 720 (1977). This is particularly true since the complaints allege a price-fixing conspiracy as to CRT Products as well as to the CRTs themselves. See also the Court's discussion of the legal standards for jurisdiction and standing in the March 30, 2010 order, pages 17-20.

## RECOMMENDATIONS

For the reasons discussed above the special master makes the following tentative rulings and recommendations to the District Court:

1. Tatung Company of America's Motion to Dismiss should be denied.
2. Tatung Company of America should be required to file an answer to the complaint within thirty days.

3. Tatung Corporation of America should participate in the now-scheduled case management conference on May 13, 2010, before the special master, and be governed by the terms of any case management order resulting from that conference.

Respectfully submitted,

_April 19, 2010_
Date

_Charles A. Legge_
Hon. Charles A. Legge
United States District Judge (Ret.)
Special Master