GUIDO SAVERI (22349)
   *guido@saveri.com*
R. ALEXANDER SAVERI (173102)
   *rick@saveri.com*
GEOFFREY C. RUSHING (126910)
   *grushing@saveri.com*
CADIO ZIRPOLI (179108)
   *cadio@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111-5619
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Interim Lead Counsel for
Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-5944-SC<br><br>MDL No. 1917 |
| This Document Relates To:<br><br>ALL DIRECT PURCHASER ACTIONS | **DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**<br><br>Date: April 30, 2010<br>Time: 10:00 a.m.<br>Courtroom: 1, 17th floor |

**I.     INTRODUCTION**

In *United States v. Woodbury,* 263 F.2d 784 (9th Cir. 1959) *("Woodbury"),* the seminal Ninth Circuit case on § 1292(b) certification, the Court noted "[t]hat § 1292(b) is to be applied sparingly and only in exceptional cases[.]" *Id.* at 788 n. 11 (citations omitted). As the Ninth Circuit more recently observed, because "[s]ection 1292(b) is a departure from the normal rule that only final judgments are appealable," it "must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n. 6 ( 9th Cir. 2002). Thus, section 1292(b) certification "is intended to be 'used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation.' " *Kight v. Eskanos & Adler, P.C.,No. 05-1999,* 2007 WL 173825 at *1 (S.D. Cal. Jan. 8, 2007) (quoting *In re Cement Antitrust Litig.,* 673 F.2d 1020, 1026 (9th Cir. 1981), *appeal dismissed*, 459 U.S. 1190 (1982)). Only "[i]n rare circumstances" may a district court allow an immediate appeal of an interlocutory order. *James,* 283 F.3d at 1068, n. 6. Indeed, appeals under Section 1292(b) are "hens'-teeth rare"; liberal use of piecemeal appeals creates "bad policy", which is why Congress did not intend the statute to serve as an "error-correction function." *Hightower v. Schwarzenegger, No. 04-6028,* 2009 WL 3756342 at *2 (E.D. Cal. Nov. 6, 2009) ("*Hightower"*) (citing cases).

Consistent with the forgoing authority, a numerous courts have denied motions to certify Section 1292(b) appeals premised on the ground that they incorrectly applied *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), ("*Twombly*") and *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009) ("*Iqbal*") in denying motions to dismiss.[1] As the court explained in *Behrend,*

> These findings are the type that district courts routinely make in adjudicating motions to dismiss complaints for failure to state claims upon which relief may be granted. Although the legal precedent the Court applied was newly restated by the Supreme Court, the task of distinguishing between well pled facts and

---

[1] *See, e.g., Behrend v. Comcast Corp., No. 03-6604,* 2007 WL 2702347 at 2 (E.D. Pa. Sept. 11, 2007) (*"Behrend"); Delta Turner Ltd. v. Grand Rapids-Kent Cty. Convention/Arena Auth., No. 08-544,* 2009 WL 579374 at *2 (W.D. Mich. Mar. 4, 2009) (*"Delta Turner"); Babyage.com v. Toys"R" Us, Inc., No. 05-6792,* 2008 WL 2746302 at *3 (E.D. Pa. July 15, 2008) (*"Babyage.com"); Flying J. Inc. v. TA Operating Corp., No. 06-30,* 2007 WL 4165749 at *1-*2 (D. Utah Nov. 20, 2007) (*"Flying J"). See also Pappa v. Unum Life Ins. Co., No. 07-0708,* 2008 WL 2048664 at *1-*2 (M.D. Pa. May 12, 2008) (denying interlocutory appeal in RICO case).

1
DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT
MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL

> conclusory allegations was not thereby made "exceptional" so as to overcome the policy against piecemeal appeals, particularly where, as here, the Plaintiffs alleged actual agreements, not merely parallel conduct, as the basis of their claims.

2007 WL 2702347 at *2.[2]  As in these cases, the standards for Section 1292(b) certification are not met here.  The Court's decision denying defendants' motion to dismiss does not raise any "controlling question of law," there is no "substantial ground for difference of opinion" and an immediate appeal will not "materially advance the ultimate termination of the litigation." *Id* at *2.

## II. THE COURT'S DENIAL OF DEFENDANTS' MOTION TO DISMISS PRESENTS NO CONTROLLING QUESTION OF LAW AS TO WHICH THERE IS SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION

It is undisputed that the pleading standards enunciated by the Supreme Court in *Twombly/Iqbal* are the pleading standards that apply to plaintiffs' Consolidated Amended Complaint ("CAC") in this case.  Those pleading standards, as articulated by the Supreme Court, are settled and straightforward.  To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face'… A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged…" *Iqbal*, 129 S. Ct. at 1949.  Determining whether a complaint states a plausible claim for relief is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. "Rule 8(a)(2) requires only a short and plain statement of the claim showing the pleader is entitled to relief  in order  to give the defendant fair notice of what the claim is and the

---

[2] *See also Delta Turner,* 2009 WL 579374 at *2 ("[t]the disputes at issue in defendants' motions to dismiss plaintiff's complaint involve not so much the resolution of questions of controlling law, but instead matters preliminary to those determinations.  To the extent that defendants argued that the law entitled them to dismissal, the Court found those arguments either without merit or premature given the limited record.  The Court finds no matter of controlling law that creates substantial grounds for difference of opinion with regard to either (1) the legal standard applied by the Court for deciding defendants' immunity or (2) whether plaintiff's complaint adequately pleads an antitrust claim"); *Flying J,* 2007 WL 4165749 at *1 (" [d]efendants do not disagree that *Twombly* provides the correct legal standard.  Rather, they disagree with the court's interpretation and application of *Twombly* to the allegations in the Plaintiffs' complaint."); *Babyage.com,* 2008 WL 2746302 at *3 ("the novelty of the governing case law does not present the 'substantial grounds for difference of opinion' required by § 1292(b)").

grounds upon which it rests." *Twombly,* 550 U.S. at 555.  "[T]he pleading standard Rule 8 announces does not require detailed factual allegations…" ( *Iqbal*, 129 S. Ct. at 1949), and the courts may not apply heightened or particularized pleading standards which are not otherwise expressly imposed by the Federal Rules.  *Twombly*, 550 U.S. at 555.  Asking for plausible grounds to infer defendants' participation in a conspiracy in an antitrust case "does not impose a probability requirement at the pleading stage".  *Id.* at 556.  Thus, dismissal is not permitted simply because the judge disbelieves a complaint's allegations or believes "that a recovery is very remote and unlikely." *Id*. at 555-56. For purposes of a Rule 12(b)(6) motion, a court must accept all factual allegations of complaint as true.  *Iqbal*, 129 S. Ct. at 1949-50.

Applying the above pleading standards to the CAC herein, the Court correctly concluded that plaintiffs had plausibly pleaded each defendant's joinder and participation in a conspiracy to fix raise maintain and stabilize the prices of CRT products (*i.e.*, CRTs and products containing CRTs). As this Court observed, the CAC describes and details numerous conspiratorial communications between and among the defendants and literally hundreds of conspiratorial meetings at which all defendants were represented and reached agreements.[3]  The Court also correctly concluded that plaintiffs' fraudulent concealment allegations, detailing particular acts of concealment by defendants, were sufficient to satisfy the requirements of Rules 8 and 9(b) and that the acts of concealment of one defendant conspirator, during and in furtherance of the conspiracy, as detailed in the complaint, were legally attributable to all defendant co-conspirators as a matter of substantive conspiracy law.[4]  This  Court's application of *Twombly/Iqbal* to the CAC herein is entirely consistent with the decisions of other Judges in this district who have sustained strikingly similar complaint allegations under *Twombly/Iqbal* in other complex multi-defendant price-fixing cases.[5]

---

[3] *See* Special Masters February 19, 2010 Report, Recommendations and Tentative Rulings Regarding Defendants' Motions To Dismiss ("R&R")  at pp. 3-16. In this connection, defendants' contention that plaintiffs' allegations regarding defendants' representation at conspiratorial meetings or "agency" lack sufficient particularity is meritless. The Federal Rules do not require that agency be pleaded with particularity.  See cases cited in Plaintiffs' Opposition To Joint Objections (Dkt. No. 633) at 7 n.10 ("Opp.").
[4] *See* Special Master's R&R at pp. 19-24 and cases cited in Opp. at 13 n.14.
[5] *See* cases cited in Opp. at 3 n.2.

3
DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT
MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL

1  The Court's application of the pleading standards enunciated in *Twombly/Iqbal* to the extensive factual allegations of the CAC in this case clearly does not present any controlling question of law as to which there is substantial ground for disagreement.[6]

In the final analysis, defendants are attempting to manufacture a controlling question of law out of whole cloth by arguing that this Court erred in refusing to impose the very heightened, detailed fact pleading standards the Supreme Court expressly declined to adopt in *Twombly/Iqbal*. This Court's correct application of the notice pleading standards articulated in *Twombly/Iqbal* , and its concomitant refusal to require the heightened, detailed fact pleading expressly rejected by the Supreme Court in *Twombly/Iqbal*, is hardly the stuff of which Section 1292(b) appeals are made.

### III. AN INTERLOCUTORY APPEAL WILL NOT MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THIS LITIGATION

Defendants' suggestion that an interlocutory appeal of this Court's decision denying their 12(b)(6) motions will materially advance the ultimate termination of this litigation rests on three equally fallacious premises. First, defendants incorrectly assume that an interlocutory appeal, if certified and accepted, would be heard and finally decided by the Ninth Circuit before discovery and summary judgment proceedings could be completed in this Court. Second, defendants

---

[6] See *McFarlin v. Conseco Services LLC*, 381 F.3d 1251, 1258-59 (11th Cir. 2004) ("The antithesis of a proper § 1292(b) appeal is one that turns on whether… the district court properly applied settled law to the facts…of a particular case.")  *In re NorVergence Inc.,* No. 08-1882, 2008 U.S. Dist. LEXIS 98485, *8 (D. N.J., Dec. 5, 2008) ("Nortel did not identify a controlling question of law for this court's review.  Instead, Nortel disputes the Bankruptcy Court's application of *Twombly* and Rule 9(b) to the amended complaint… Misapplication of the law to the facts is not a question of law."); *S.A. v. Tulare County Office of Ed.*, No. 08-1215, 2009 U.S. Dist. LEXIS 14828, 10-11 (E.D. Cal. Feb. 10, 2009) (§ 1292(b) appeals should be reserved for situations where the Court of Appeals can rule on pure controlling questions of law without delving into the record); *Hightower*, 2009 WL 3756342 at *2  (same); *Cadorna  v. City and County of Denver Colo.*, No. 04-1067, 2007 U.S. Dist. LEXIS 83125, *4-5 (D. Colo. Oct. 25, 2007) ( the term "question of law" does not mean application of settled law to facts); *Sanderson Farms, Inc. v. Gasbarro*, No. 07-857, 2007 U.S. Dist. LEXIS 86659, *7 (S. D. Ohio Nov. 13, 2007) (1292(b) certification denied where appellate court would be required to apply law to facts and delve into nature of plaintiffs' claims); *Hansen Beverage Co. v. Innovation Ventures LLC*, No. 08-1166, 2010 U.S. Dist. LEXIS 18003, *9 (S.D. Cal. Feb. 25, 2010) (mere fact circuit courts have not yet ruled on an issue is, alone, an insufficient basis for certification of order under 1292(b)). The decision in *In re California Title Ins. Antitrust Litig.,No. 08-1341,* 2010 U.S. Dist. LEXIS 28923 (N.D. Cal. March 3 2010)*,* upon which defendants rely, is not to the contrary. There, the court found that there was a controlling question of pure law, *i.e*., whether plaintiffs' claim under the California Business and Professions Code was preempted by the California Insurance Code and further found that if there was  preemption it would effectively terminate the litigation.

4

DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT
MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL

incorrectly assume that an interlocutory appeal, if certified and accepted, would result in a reversal in their favor. Third, defendants incorrectly assume that a reversal in their favor would terminate this case or somehow reduce the scope of discovery in this case.

By the Ninth Circuit's own estimate, defendants' appeal, if permitted, would take from at least 15 to 32 months to brief, argue and decide.[7] This estimate does not account for any additional time which might be required for briefing and disposition of motions for rehearing, rehearing *en banc* and a petition for a writ of certiorari. Indeed, it is highly likely that this case could be disposed of on the merits in this Court in less time than would be required to complete the interlocutory appellate adventure defendants propose. Moreover, for the reasons stated above, (and absent a clear error of law or abuse of discretion not present in this case) it is highly unlikely that the Ninth Circuit would reverse this Court's discretionary application of *Twombly/Iqbal* to the CAC --a task which the Supreme Court itself has stated, is "context specific" and "requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. Finally, even if this Court's decision were ultimately reversed on appeal, it would not, as defendants conjecture, terminate this litigation. Plaintiffs would re-plead their complaint and the protracted, expensive and time consuming motion to dismiss process defendants have orchestrated would inevitably begin anew.[8] In short, an interlocutory appeal of this Court's ruling denying defendants' motions to dismiss will not materially advance the ultimate termination of this litigation. It will only prolong, protract and increase the expense of this litigation.

For the foregoing reasons, Defendants' Joint Motion To Certify Order For Interlocutory Appeal should be denied.

---

[7] See http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000084

[8] Defendants' prediction that an appellate ruling definitively disposing of plaintiffs' fraudulent concealment allegations might somehow limit the amount of discovery needed in this case and/or save the parties discovery expense is baseless. It is well settled that the temporal scope and nature of the conspiracy alleged, not the statute of limitations or damage recovery period, defines the proper scope of discovery in a conspiracy case. See for example *Scherer v. Balkema,* 840 F.2d 437 (7th Cir.), cert denied, 486 U.S. 1043 (1988); *Untied States v. Berger Indus., Inc.,* No. 79-278, 1983 WL 725 (E.D. Pa. Feb. 25, 1983); *Reid Bros. Logging Co. v. Ketchikan Pulp. Co.,* 699 F.2d 1292, 1305 (9th Cir. 1983); *Empire Volkswagen Inc. v. World-Wide Volkswagen Corp.,* 95 F.R.D. 398 (S.D.N.Y. 1982); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 351, 357, n.5 (N.D. Ill. 2005).

| | | |
|---|---|---|
| 1 | DATED:  April 27, 2010 | Respectfully submitted,<br>SAVERI & SAVERI, INC. |
| 2 | | |
| 3 | | By:     /s/ *Guido Saveri*     <br>    Guido Saveri |
| 4 | | R. Alexander Saveri<br>Geoffrey C. Rushing |
| 5 | | Cadio Zirpoli<br>706 Sansome Street |
| 6 | | San Francisco, CA  94111-5619<br>Phone:  (415) 217-6810 |
| 7 | | Fax:  (415) 217-6813 |
| 8 | | *Direct Purchaser Plaintiffs' Interim Lead Counsel* |
| 9 | | Gary Specks<br>KAPLAN FOX & KILSHEIMER LLP |
| 10 | | 423 Sumac Road<br>Highland Park, IL 60035 |
| 11 | | Telephone:  (847) 831-1585<br>Facsimile:  (847) 831-1580 |
| 12 | | |
| 13 | | Michael P. Lehmann<br>HAUSFELD LLP |
| 14 | | 44 Montgomery Street, Suite 3400<br>San Francisco, CA 94104<br>Telephone: (415) 633-1908 |
| 15 | | *On the Brief* |