MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. RUSSELL, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA  94123
Telephone:  (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel*
*for the Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Master File No. CV-07-5944 SC<br><br>MDL No. 1917<br><br>**INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL** |
| **This document relates to:**<br><br>**ALL INDIRECT PURCHASER ACTIONS** | ) ) ) ) ) ) ) | Date: April 30, 2010<br>Time: 10:00 a.m.<br>Court: Courtroom One, 17th Floor<br><br>The Honorable Samuel Conti<br>Special Master: Hon. Charles A. Legge (Ret.) |

1   **I.      Introduction**

2           Defendants attempt to manufacture an uncertainty in the pleading standards for "group"

3   allegations of conspiracy, agency and fraudulent concealment, in order to circumvent the rules

4   prohibiting interlocutory review of this Court's Order Approving And Adopting Special Master's

5   Report, Recommendation And Tentative Rulings Re: Defendants' Motions To Dismiss

6   ("Order").  There is no uncertainty.  Ninth Circuit intervention is unnecessary.  Therefore, the

7   Court should deny Defendants' Motion.

8   **II.      Argument**

9           **A.      Legal Standard**

10          As a general rule, appeal may only be had from final judgments.[1]  Pursuant to 28 U.S.C. §

11  1292(b), however, a district court may certify an interlocutory order for appeal if the order "(1)

12  involves a controlling question of law, (2) as to which there is substantial ground for difference

13  of opinion," and "(3) an immediate appeal from the order may materially advance the ultimate

14  termination of the litigation."  28 U.S.C. § 1292(b).

15          According to the Ninth Circuit, "section 1292(b) is to be applied sparingly and only in

16  exceptional cases."[2]  The district court has "substantial discretion in deciding whether to grant

17  the motion for certification" but "should construe the requirements for certification strictly."[3]  A

18  motion to certify an interlocutory appeal should not be granted merely because a party disagrees

19  with the ruling of the district judge.[4]  Finally, the party seeking certification of an interlocutory

20  order has the burden of showing that exceptional circumstances justify interlocutory review.[5]

21  Defendants fail to carry that burden.  Their motion to certify this Court's Order for interlocutory

22  review must therefore be denied.

23  _____

24  [1] 28 U.S.C. § 1291; *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989).

25  [2] *In re Cement Antitrust Litigation,* 673 F.2d 1020, 1027 (9th Cir. 1982).

26  [3] *Valdovinos v. McGrath,* No. 02-1704, 2007 U.S. Dist. LEXIS 53172, *5-6 (N.D. Cal. July 12, 2007).

27  [4] *See Mateo v. M/S Kiso,* 805 F. Supp. 792, 800 (N.D. Cal. 1992); *Valdovinos,* 2007 U.S. Dist. LEXIS 53172, *4-5.

28  [5] *See Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475 (1978).

**B.** **Defendants Fail To Identify A Controlling Question Of Law**

Defendants proffer for certification the question of whether this Court properly applied *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) to find that Plaintiffs' Complaint plausibly alleges each defendant's participation in the conspiracy.[6] Defendants' proffered question does not involve a question of law. Defendants do not question the Court's correct articulation of the applicable legal standard, *Twombly's* "plausibility" standard, which was affirmed by the Supreme Court in *Iqbal*. Rather, Defendants merely challenge the Court's application of the well-settled *Twombly* pleading standard to the facts of this case.

The Court's conclusion that the Complaint plausibly alleges each defendant's participation in the conspiracy is of "the type that district courts routinely make in adjudicating motions to dismiss."[7] Defendants merely disagree with the Court's and the Special Master's conclusions as to the level of specificity required to *plausibly* allege each defendant's participation in the conspiracy. A number of courts have considered and denied similar motions.[8]

Defendants' reliance on *In re Cal. Title Ins. Antitrust Litig.,* 2010 U.S. Dist. LEXIS 28923, * 7-8 (N.D. Cal. Mar. 3, 2010) is unavailing. There, the court was faced with a "purely legal issue": whether California Insurance Code § 12414.26 preempted plaintiffs' Section 17200 claim. Moreover, the Section 17200 claim was the only claim pending against the remaining

---

[6] *See* Motion at 3:14-16 ("Whether the Complaints allege a 'plausible' conspiracy under the Supreme Court's decisions in *Twombly* and *Iqbal* implicates a controlling issue of law that has created uncertainty concerning the practical requirements of Federal Rule of Civil Procedure 8.")

[7] *Behrend v. Comcast Corp.,* No. 07-219, 2007 U.S. Dist. LEXIS 67271, *2 (E.D. Pa. Sept. 11, 2007).

[8] *See, e.g., In re NorVergence, Inc.,* No. 08-1882, 2008 U.S. Dist. LEXIS 98485, *8 (D.N.J. Dec. 5, 2008) ("Nortel did not identify a controlling question of law for this Court's review. Instead, Nortel disputes the Bankruptcy Court's application of *Twombly* and Rule 9(b) to the amended complaint. Misapplication of the law to the facts is not a question of law."); *Babyage.com v. Toys "R" Us, Inc.,* Nos. 05-6792, 06-242, 2008 U.S. Dist. LEXIS 53918, *66-67 (E.D. Pa. July 15, 2008) ("But objections like these do not involve 'controlling questions of *law*.' They are merely quarrels over my application of the correct *Queen City Pizza* standard – and its interaction

---

2

1   defendants, meaning that if plaintiffs' claims were preempted such a ruling would effectively

2   resolve the litigation.  *Id.* at *9.  The same is not true here.  *See* Section II.D. *infra.*

3          **C.      Defendants Fail To Identify Substantial Grounds For Difference Of Opinion**

4          The "substantial ground for a difference of opinion must arise out of a genuine doubt as to

5   whether the district court applied the correct legal standard in its order."[9]  Moreover, "[a]

6   substantial ground for difference of opinion is not established by a party's strong disagreement

7   with the court's ruling; the party seeking an appeal must make some greater showing."

8   *Valdovinos,* 2007 U.S. Dist. LEXIS 53172, *4-5.  Defendants fail to make this showing.

9          Here, there is no doubt that the Court applied the correct legal standard.  As the Special

10   Master noted, every court in this district to address the need for individual allegations as to each

11   defendant in antitrust cases has grounded its analysis in *Twombly's* plausibility standard and

12   Federal Rule of Civil Procedure 8(a)'s adequacy of fair notice standard.[10]  Significantly, neither

13   this Court nor the Special Master expressed any doubt as to the appropriate legal standard, and

14   both were firm in their holding that the Complaint "plausibly suggest[s] that each Defendant

15   participated in the conspiracy."[11]

16          Contrary to Defendants' arguments, *Brennan* and *In re ATM Fee Antitrust Litig.,* No. 04-

17   02676, 2009 U.S. Dist. LEXIS 83199 (N.D. Cal. Sept. 4, 2009), simply applied the same legal

18   standards to different facts and reached a different result.[12]  No court in this circuit or any other

19

20   with the *Twombly* pleading standard – to the facts of this case.  Such error cannot serve as the
21   basis for a § 1292(b) appeal.") (Emphasis in original).

22   [9] *Consub Celaware, LLC v. Schahin Engenharia Limitada,* 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007).

23   [10] *See* Report at 13-15 (reviewing cases, including *Brennan v. Concord EFS, Inc.,* 369 F. Supp. 2d 1127 (2005), which Defendants cite as an example of a case that is contrary to this Court's
24   Order, and concluding that "'each defendant' pleading is not a rule requiring detailed recitation, but is to be governed under the principle of <u>adequacy of fair notice</u> to the defendants") (emphasis
25   in original).

26   [11] Order at 10; Report at 14 ("The Special Master concludes that each of the moving defendants *has more than adequate notice* of what that defendant is charged with.") (Emphasis added).

27   [12] *Brennan* and *In re ATM* are readily distinguishable from this case.  *In re ATM* is a later opinion in the same case as *Brennan.*  In *Brennan*, plaintiffs failed to allege how banks that were not
28   members of an ATM network participated in an alleged conspiracy to fix interchange fees.

3

1 circuit, before or after *Twombly*, has required a plaintiff in an antitrust case to make *detailed* or

2 *specific* factual allegations as to each defendant.[13]  Thus, there are no conflicting or contradictory

3 opinions, and Defendants' argument that the Ninth Circuit has yet to squarely address this issue is

4 not a legal basis for interlocutory review.[14]

5       The law is also clear that a plaintiff need not plead detailed allegations of agency,[15]

6 especially where, as here, the complaint ties all of the Defendants to the underlying conspiracy.[16]

7 A presumption of corporate separateness is inapplicable where a principal/agent relationship

8 exists between parent and subsidiary.[17]  In addition, the existence of an agency relationship

9 involves a "fact-intensive inquiry" inappropriate on a motion to dismiss.[18]  Lastly, Defendants'

10 reliance on alter ego principles is inapposite because Plaintiffs do not rely upon an alter-ego

11 theory of liability.

---

Therefore, "the complaint [did] not give [them] fair notice of the claims against [them]."  369 F. Supp. 2d at 1137.  *In re ATM*, the plaintiffs failed to remedy the very defect identified in *Brennan*, despite having the benefit of discovery.  2009 U.S. Dist. LEXIS 83199, at *56.

[13] *See* IP Plaintiffs' Opposition To Defendants' Motions To Dismiss ("IP Opp."), at 27-36.

[14] *Valdovinos*, 2007 U.S. Dist. LEXIS, at *14-15 (holding that a dearth of case law is insufficient for interlocutory review; moving party must also show conflicting decisions).

[15] *See, e.g., Dion LLC v. Infotek Wireless, Inc.*, No. C 07-1431 SBA, 2007 WL 3231738, at *4 N.D. Cal. Oct. 30, 2007); *Hernandez v. Hilltop Financial Mortgage, Inc*., No. C 06-7401 SI, 2007 WL 3101250, at *8 (N.D. Cal. Oct. 22, 2007).

[16] *See, e.g., TFT- LCD II*, 599 F. Supp. 2d at 1185.  *In re California Title Ins. Antitrust Litig.,* No. C 08-01341, 2009 WL 1458025 (N.D. Cal. May 21, 2009), cited by Defendants, expressly distinguished the allegations in *TFT- LCD II*.  *Id.* at *8 ("unlike the plaintiffs in the *In re TFT- LCD II* case, the Plaintiffs here do not attempt to allege any facts to show that the parent corporations knew what their subsidiaries were doing").  Plaintiffs' agency allegations here mirror those in *TFT- LCD II*.  *See also* IP Opp. at 32-49; Report at 21 (IP CAC contains well-pleaded allegations answering "the basic questions, 'who, did what, to whom (or with whom), where and when.'")

[17] *See, e.g., Standing v. Watson Pharmaceuticals, Inc.,* No. CV09-0527 DOC(ANx), 2009 WL 842211, at *7 (C.D. Cal. March 26, 2009) (recognizing exception to general rule).

[18] *See E.J. Gallo Winery v. EnCana Energy Servs., Inc., No.* CV F 03-5412 AWI LJO, 2008 WL 2220396, at *10 (E.D. Cal. May 27, 2008) (summary adjudication motion).

4

**INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**

1    Nor do Defendants present any issue suitable for certification as to fraudulent

2  concealment.  Courts routinely allow generalized allegations of fraudulent concealment.[19]  As

3  Judge Legge observed, a requirement of "defendant-by-defendant" allegations "would be

4  contrary to a general principle of conspiracy law that once a party becomes a member of a

5  conspiracy he is bound by all of the acts of the other conspirators."[20]  Moreover, Judge Illston has

6  upheld nearly identical fraudulent concealment allegations.[21]  *Barker v. American Mobil Power*

7  *Corp.,* 64 F.3d 1397 (9th Cir. 1995), cited by Defendants, did not address pleading standards.  It

8  is a summary judgment case, it is factually distinguishable and it is inapplicable in the face of

9  agency allegations.[22]

10    **D.    Interlocutory Appeal Will Not Materially Advance The Ultimate Termination
        Of This Litigation**

11

12    First, it is highly unlikely that the Ninth Circuit will exercise jurisdiction given its very

13  narrow interpretation of section 1292(b) appeals.[23]  Second, if the Ninth Circuit accepts

14  jurisdiction and concludes that this Court correctly denied Defendants' motions to dismiss, then

15  an interlocutory appeal will substantially delay this litigation.[24]  Finally, even if the Ninth Circuit

16  reverses this Court's Order, it will not end this litigation for any of the Defendants.  The DOJ's

17  stay on discovery has been lifted and discovery is under way.  On remand, Plaintiffs will seek

18  leave to amend the complaint and this Court will likely face a whole new round of motions to

19  _____

20  [19] *See, e.g., In re Rubber Chemicals Antitrust Litig.,* 504 F. Supp. 2d 777, 788 (N.D. Cal. 2007)
    (rejecting argument that plaintiffs did not sufficiently specify acts of concealment taken by
21  individual defendants); *In re Rexplore, Inc. Securities Litig.,* 685 F. Supp. 1132, 1128 (N.D. Cal.
    1988) ("[O]nce the plaintiff has been lulled into inaction by the fraudulent concealment of one
22  defendant, the statute of limitations is tolled as to all the defendants").

23  [20] Report at 21; *see also Beltz Travel Serv., Inc. v. International Air Transport Ass'n,* 620 F.2d
    1360, 1367 (9th Cir. 1980) (conspirator jointly liable for the acts of its co-conspirators).

24  [21] *See TFT-LCD I,* 586 F. Supp. 2d at 1119, 1132.

25  [22] *See Low v. SD Vendome,* No. CV 02-5983, 2003 WL 25678880 at * 7 (C.D. Cal. Jan. 7, 2003)
    (distinguishing *Barker* because none of the *Barker* defendants was "alleged to have been acting
26  on behalf of any of the others").

    [23] *In re Cement,* 673 F.2d at 1026.
27

28

**INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO
CERTIFY ORDER FOR INTERLOCUTORY APPEAL**

1   dismiss from Defendants.  Therefore, interlocutory review will only delay and complicate this

2   case for all parties and the Court.

3       For all of the foregoing reasons, Defendants' motion to certify this Court's Order for

4   interlocutory appeal must be denied.

5   Dated: April 27, 2010                Respectfully submitted,

6                                        **TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**

7                                        By:     /s/ Mario N. Alioto
                                                 Mario N. Alioto (56433)
8                                                Lauren C. Russell (241151)
                                                 2280 Union Street
9                                                San Francisco, California 94123
                                                 Telephone: (415) 563-7200
10                                               Facsimile: (415) 346-0679
                                                 E-mail: malioto@tatp.com
11                                                       laurenrussell@tatp.com

12

13                                       *Interim Lead Counsel*
                                         *for the Indirect Purchaser Plaintiffs*

14

15

16

17

18

19

20

21

22

23

24

25

26

27   [24] *Getz v. The Boeing Company,* No. 07-06396, 2009 U.S. Dist. LEXIS 109550, *8 (N.D. Cal.
     June 16, 2009) (denying motion for certification of 1292(b) appeal in part because "if the appeal
28   were to fail, the termination of this litigation would be delayed").

INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO
CERTIFY ORDER FOR INTERLOCUTORY APPEAL