MICHAEL TUBACH (SBN 145955)
Email: mtubach@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

IAN SIMMONS (*Admitted Pro Hac Vice*)
Email: isimmons@omm.com
O'MELVENY & MYERS LLP
1625 Eye St. NW
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Attorneys for Defendant:
**SAMSUNG ELECTRONICS CO., LTD.**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 3:07-cv-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | Judge: Hon. Samuel Conti<br>Special Master: Hon. Charles A. Legge (Ret.)<br><br>**SAMSUNG ELECTRONICS CO., LTD.'S ANSWER TO THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT** |

1    Defendant Samsung Electronics Co., Ltd. ("SEC"), by and through its attorneys, admits,

2    denies, and avers as follows with respect to the Direct Purchaser Plaintiffs' Consolidated

3    Amended Complaint (the "Amended Complaint") (dated March 16, 2009) of Crago, d/b/a Dash

4    Computers, Inc.; Arch Electronics Inc.; Electronic Design Company; Hawel A. Hawel, d/b/a City

5    Electronics; Meijer, Inc. and Meijer Distribution, Inc.; Nathan Muchnick, Inc.; Orion Home

6    Systems, LLC; Paula Call, d/b/a Poway-Rancho Bernardo TV; Princeton Display Technologies,

7    Inc.; Radio & TV Equipment, Inc.; Royal Data Services, Inc.; Studio Spectrum, Inc.; and

8    Wettstein and Sons, Inc., d/b/a/ Wettstein's (collectively, "Plaintiffs"):

9                                    **I. INTRODUCTION**

10    1.    Denies the allegations of Paragraph 1 of the Amended Complaint, and specifically

11    denies that SEC manufactures color picture tubes ("CPTs") or color display tubes ("CDTs"),

12    except: (a) admits that Plaintiffs purport to bring this action as a class action and purport to define

13    the Class Period as March 1, 1995 through November 25, 2007; (b) avers to the contrary that this

14    action may not be maintained as a class action on behalf of the purported class or otherwise; (c)

15    admits that SEC purchases CPTs and uses those CPTs as inputs in the manufacture of finished

16    electronic devices; but (d) specifically denies that SEC manufactures and sells CPTs; (e) admits

17    that SEC purchases CDTs and uses those CDTs as inputs in the manufacture of finished

18    electronic devices; but (f) specifically denies that SEC manufactures and sells CDTs; (g) admits

19    that Plaintiffs purport to define "Cathode Ray Tube Product," "CPT Products," "CDT Products,"

20    and "CRT Products" as encompassing both Cathode Ray Tubes ("CRTs") and "products

21    containing [CRTs]"; but (h) avers that those terms are vague, ambiguous, and improperly

22    overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does

23    not allege that finished products containing CRTs were an object of the alleged conspiracy; and

24    (i) avers that the term "CRT Products" is not a term used in the business discourse of SEC and

25    does not denote a single, homogenous, and/or interchangeable product or group of products.

26    2.    Denies the allegations of Paragraph 2 of the Amended Complaint, except avers

27    that: (a) the term "CRT industry" is vague, ambiguous, not self-defining and does not represent

28    any properly-defined market or markets; (b) the term "CRT Products" is vague, ambiguous, and

1   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

2   Complaint does not allege that finished products containing CRTs were an object of the alleged

3   conspiracy; and (c) SEC is without knowledge or information sufficient to form a belief as to the

4   allegations of Paragraph 2.

5          3.      Denies the allegations of Paragraph 3 of the Amended Complaint, except: (a)

6   specifically denies that SEC was engaged in the conspiracy alleged in the Amended Complaint,

7   (b) avers that the term "CRT industry" is vague, ambiguous, and not self-defining; (c) avers that

8   since the mid-1990's, electronic devices containing emerging technologies such as liquid crystal

9   displays ("LCDs") have increasingly competed with the sale of electronic devices containing

10  CPTs and CDTs; (d) avers that the term "CRT Products" is vague, ambiguous, and improperly

11  overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does

12  not allege that finished products containing CRTs were an object of the alleged conspiracy; and

13  (e) avers that to the extent the allegations contained in Paragraph 3 of the Amended Complaint

14  are legal conclusions, no response is required.

15         4.      Denies the allegations of Paragraph 4 of the Amended Complaint, except avers

16  that: (a) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC

17  does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished

18  products containing CRTs were an object of the alleged conspiracy; and (b) to the extent the

19  allegations contained in Paragraph 4 of the Amended Complaint are legal conclusions, no

20  response is required.

21         5.      Denies the allegations of Paragraph 5 of the Amended Complaint, except avers

22  that: (a) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC

23  does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished

24  products containing CRTs were an object of the alleged conspiracy; and (b) to the extent the

25  allegations contained in Paragraph 5 of the Amended Complaint are legal conclusions, no

26  response is required.

27         6.      Denies the allegations of Paragraph 6 of the Amended Complaint, except avers

28  that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does

1    not manufacture and sell CRTs, and the Amended Complaint does not allege that finished

2    products containing CRTs were an object of the alleged conspiracy.

3         7.      Denies the allegations of Paragraph 7 of the Amended Complaint, except avers

4    that: (a) the terms "this conspiracy" and "multiple foreign competition authorities" are vague,

5    ambiguous, and improperly overbroad; and (b) a two-count indictment was issued against C.Y.

6    Lin, former Chairman and CEO of Chunghwa Picture Tubes, Ltd. related to CPTs and CDTs on

7    February 10, 2009, and respectfully refers the Court to the indictment for a full and complete

8    description of its contents.

9                        **II.  JURISDICTION AND VENUE**

10        8.      Admits that Plaintiffs purport to bring this action under Section 1 of the Sherman

11   Act (15 U.S.C. § 1) and purport to seek injunctive relief and to recover damages, except: (a)

12   denies that Plaintiffs are entitled to any relief on the purported claims alleged in the Amended

13   Complaint; and (b) avers that to the extent the allegations contained in Paragraph 8 of the

14   Amended Complaint are legal conclusions, no response is required.

15        9.      Denies the allegations of Paragraph 9 of the Amended Complaint, except admits

16   that the Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1367

17   to the extent that Plaintiffs allege a domestic injury.

18        10.     Admits that venue is proper in the Northern District of California, San Francisco

19   Division.

20                              **III.  PARTIES**

21   **A.     Plaintiffs**

22        11.     Denies the allegations of Paragraph 11 of the Amended Complaint, and

23   specifically denies that SEC engaged in any "unlawful conduct," except avers that: (a) SEC is

24   without knowledge or information sufficient to form a belief as to the allegations contained in

25   Paragraph 11 of the Amended Complaint; and (b) the term "CRT Products" is vague, ambiguous,

26   and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

27   Complaint does not allege that finished products containing CRTs were an object of the alleged

28   conspiracy.

1       12.     Denies the allegations of Paragraph 12 of the Amended Complaint, and specifically denies that SEC engaged in any "unlawful conduct," except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

13.     Denies the allegations of Paragraph 13 of the Amended Complaint, and specifically denies that SEC engaged in any "unlawful conduct," except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

14.     Denies the allegations of Paragraph 14 of the Amended Complaint, and specifically denies that SEC engaged in any "unlawful conduct," except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

15.     Denies the allegations of Paragraph 15 of the Amended Complaint, and specifically denies that SEC engaged in any "unlawful conduct," except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

16.     Denies the allegations of Paragraph 16 of the Amended Complaint, and specifically denies that SEC engaged in any "unlawful conduct," except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad

1   because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege

2   that finished products containing CRTs were an object of the alleged conspiracy.

3         17.    Denies the allegations of Paragraph 17 of the Amended Complaint, and

4   specifically denies that SEC engaged in any "unlawful conduct," except avers that: (a) SEC is

5   without knowledge or information sufficient to form a belief as to the truth of the allegations of

6   Paragraph 17; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad

7   because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege

8   that finished products containing CRTs were an object of the alleged conspiracy.

9         18.    Denies the allegations of Paragraph 18 of the Amended Complaint, and

10   specifically denies that SEC engaged in any "unlawful conduct," except avers that: (a) SEC is

11   without knowledge or information sufficient to form a belief as to the truth of the allegations of

12   Paragraph 18; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad

13   because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege

14   that finished products containing CRTs were an object of the alleged conspiracy.

15         19.    Denies the allegations of Paragraph 19 of the Amended Complaint, and

16   specifically denies that SEC engaged in any "unlawful conduct," except avers that: (a) SEC is

17   without knowledge or information sufficient to form a belief as to the truth of the allegations of

18   Paragraph 19; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad

19   because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege

20   that finished products containing CRTs were an object of the alleged conspiracy.

21         20.    Denies the allegations of Paragraph 20 of the Amended Complaint, and

22   specifically denies that SEC engaged in any "unlawful conduct," except avers that: (a) SEC is

23   without knowledge or information sufficient to form a belief as to the truth of the allegations of

24   Paragraph 20; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad

25   because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege

26   that finished products containing CRTs were an object of the alleged conspiracy.

27         21.    Denies the allegations of Paragraph 21 of the Amended Complaint, and

28   specifically denies that SEC engaged in any "unlawful conduct," except avers that: (a) SEC is

1   without knowledge or information sufficient to form a belief as to the truth of the allegations of

2   Paragraph 21; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad

3   because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege

4   that finished products containing CRTs were an object of the alleged conspiracy.

5        22.    Denies the allegations of Paragraph 22 of the Amended Complaint, and

6   specifically denies that SEC engaged in any "unlawful conduct," except avers that: (a) SEC is

7   without knowledge or information sufficient to form a belief as to the truth of the allegations of

8   Paragraph 22; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad

9   because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege

10  that finished products containing CRTs were an object of the alleged conspiracy.

11       23.    Denies the allegations of Paragraph 23 of the Amended Complaint, and

12  specifically denies that SEC engaged in any "unlawful conduct," except avers that: (a) SEC is

13  without knowledge or information sufficient to form a belief as to the truth of the allegations of

14  Paragraph 23; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad

15  because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege

16  that finished products containing CRTs were an object of the alleged conspiracy.

17  **B.    Defendants**

18       24.    Denies the allegations of Paragraph 24 of the Amended Complaint, except avers

19  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

20  allegations of Paragraph 24; and (b) the term "CRT Products" is vague, ambiguous, and

21  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

22  Complaint does not allege that finished products containing CRTs were an object of the alleged

23  conspiracy.

24       25.    Denies the allegations of Paragraph 25 of the Amended Complaint, except avers

25  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

26  allegations of Paragraph 25; and (b) the term "CRT Products" is vague, ambiguous, and

27  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

28

—

1   Complaint does not allege that finished products containing CRTs were an object of the alleged

2   conspiracy.

3       26.     Admits that Plaintiffs purport to refer to Chunghwa PT and Chunghwa Malaysia

4   collectively as "Chunghwa," except avers that SEC is without knowledge or information

5   sufficient to form a belief as to whether such reference is appropriate or justified.

6       27.     Denies the allegations of Paragraph 27 of the Amended Complaint, except avers

7   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

8   allegations of Paragraph 27; and (b) the term "CRT Products" is vague, ambiguous, and

9   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

10  Complaint does not allege that finished products containing CRTs were an object of the alleged

11  conspiracy.

12      28.     Denies the allegations of Paragraph 28 of the Amended Complaint, except avers

13  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

14  allegations of Paragraph 28; and (b) the term "CRT Products" is vague, ambiguous, and

15  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

16  Complaint does not allege that finished products containing CRTs were an object of the alleged

17  conspiracy.

18      29.     Admits that Plaintiffs purport to refer to Daewoo International, Daewoo

19  Electronics, Orion, and DOSA collectively as "Daewoo," except avers that SEC is without

20  knowledge or information sufficient to form a belief as to whether such reference is appropriate

21  or justified.

22      30.     Denies the allegations of Paragraph 30 of the Amended Complaint, except avers

23  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

24  allegations of Paragraph 30; and (b) the term "CRT Products" is vague, ambiguous, and

25  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

26  Complaint does not allege that finished products containing CRTs were an object of the alleged

27  conspiracy.

28

31.     Denies the allegations of Paragraph 31 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

32.     Denies the allegations of Paragraph 32 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

33.     Denies the allegations of Paragraph 33 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

34.     Denies the allegations of Paragraph 34 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

35.     Denies the allegations of Paragraph 35 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

1   Complaint does not allege that finished products containing CRTs were an object of the alleged

2   conspiracy.

3        36.     Denies the allegations of Paragraph 36 of the Amended Complaint, except: (a)

4   avers that SEC is without knowledge or information sufficient to form a belief as to the truth of

5   the allegations of Paragraph 36; and (b) admits that Plaintiffs purport to refer to Hitachi Ltd.,

6   Hitachi Displays, Hitachi America, Hitachi Asia, Hitachi Shenzhen, and HEDUS collectively as

7   "Hitachi," except avers that SEC is without knowledge or information sufficient to form a belief

8   as to whether such a collective reference is appropriate or justified.

9        37.     Denies the allegations of Paragraph 37 of the Amended Complaint, except avers

10  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

11  allegations of Paragraph 37; and (b) the term "CRT Products" is vague, ambiguous, and

12  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

13  Complaint does not allege that finished products containing CRTs were an object of the alleged

14  conspiracy.

15       38.     Denies the allegations of Paragraph 38 of the Amended Complaint, except avers

16  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

17  allegations of Paragraph 38; and (b) the term "CRT Products" is vague, ambiguous, and

18  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

19  Complaint does not allege that finished products containing CRTs were an object of the alleged

20  conspiracy.

21       39.     Denies the allegations of Paragraph 39 of the Amended Complaint, except avers

22  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

23  allegations of Paragraph 39; and (b) the term "CRT Products" is vague, ambiguous, and

24  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

25  Complaint does not allege that finished products containing CRTs were an object of the alleged

26  conspiracy.

27

28

40.     Admits that Plaintiffs purport to refer to IGC, IGE, and IDDC collectively as "Irico," except avers that SEC is without knowledge or information sufficient to form a belief as to whether such a collective reference is appropriate or justified.

41.     Denies the allegations of Paragraph 41 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

42.     Denies the allegations of Paragraph 42 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

43.     Denies the allegations of Paragraph 43 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

44.     Denies the allegations of Paragraph 44 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

1    45.    Admits that Plaintiffs purport to refer to LGEI, LGEUSA, LGETT, and LP

2    Displays collectively as "LG Electronics," except avers that SEC is without knowledge or

3    information sufficient to form a belief as to whether such a collective reference is appropriate or

4    justified.

5    46.    Denies the allegations of Paragraph 46 of the Amended Complaint, except avers

6    that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

7    allegations of Paragraph 46; and (b) the term "CRT Products" is vague, ambiguous, and

8    improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

9    Complaint does not allege that finished products containing CRTs were an object of the alleged

10   conspiracy.

11   47.    Denies the allegations of Paragraph 47 of the Amended Complaint, except avers

12   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

13   allegations of Paragraph 47; and (b) the term "CRT Products" is vague, ambiguous, and

14   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

15   Complaint does not allege that finished products containing CRTs were an object of the alleged

16   conspiracy.

17   48.    Denies the allegations of Paragraph 48 of the Amended Complaint, except avers

18   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

19   allegations of Paragraph 48; and (b) the term "CRT Products" is vague, ambiguous, and

20   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

21   Complaint does not allege that finished products containing CRTs were an object of the alleged

22   conspiracy.

23   49.    Denies the allegations of Paragraph 49 of the Amended Complaint, except avers

24   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

25   allegations of Paragraph 49; and (b) the term "CRT Products" is vague, ambiguous, and

26   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

27   Complaint does not allege that finished products containing CRTs were an object of the alleged

28   conspiracy.

1        50.        Admits that Plaintiffs purport to refer to Panasonic Corporation (f/k/a MEI),

2   Matsushita, PCNA, and PACEC collectively as "Panasonic," except avers that SEC is without

3   knowledge or information sufficient to form a belief as to whether such a collective reference is

4   appropriate or justified.

5        51.        Denies the allegations of Paragraph 51 of the Amended Complaint, except avers

6   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

7   allegations of Paragraph 51; and (b) the term "CRT Products" is vague, ambiguous, and

8   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

9   Complaint does not allege that finished products containing CRTs were an object of the alleged

10  conspiracy.

11       52.        Denies the allegations of Paragraph 52 of the Amended Complaint, except avers

12  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

13  allegations of Paragraph 52; and (b) the term "CRT Products" is vague, ambiguous, and

14  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

15  Complaint does not allege that finished products containing CRTs were an object of the alleged

16  conspiracy.

17       53.        Denies the allegations of Paragraph 53 of the Amended Complaint, except avers

18  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

19  allegations of Paragraph 53; and (b) the term "CRT Products" is vague, ambiguous, and

20  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

21  Complaint does not allege that finished products containing CRTs were an object of the alleged

22  conspiracy.

23       54.        Denies the allegations of Paragraph 54 of the Amended Complaint, except avers

24  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

25  allegations of Paragraph 54; and (b) the term "CRT Products" is vague, ambiguous, and

26  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

27  Complaint does not allege that finished products containing CRTs were an object of the alleged

28  conspiracy.

55. Denies the allegations of Paragraph 55 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

56. Denies the allegations of Paragraph 56 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

57. Admits that Plaintiffs purport to refer to Royal Philips, PEIL, PCEC, Philips America, Philips Taiwan, and Philips Brazil collectively as "Philips," except avers that SEC is without knowledge or information sufficient to form a belief as to whether such a collective reference is appropriate or justified.

58. Denies the allegations of Paragraph 58 of the Amended Complaint, except avers that: (a) SEC is a South Korean company with its headquarters at Samsung Electronics Bldg., 1320-10, Seocho 2-dong, Seocho-gu, Seoul 137-857, South Korea; (b) SEC is without knowledge or information sufficient to form a belief as to whether SEC is "South Korea's top electronics company" as that phrase is vague, ambiguous, and not self-defining; (c) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy; and (d) to the extent the allegations contained in Paragraph 58 of the Amended Complaint are legal conclusions, no response is required.

59. Denies the allegations of Paragraph 59 of the Amended Complaint, except: (a) admits that Samsung Electronics America, Inc. ("SEAI") is a New York corporation with its principal place of business located at 105 Challenger Road, Ridgefield Park, New Jersey 07660;

1   (b) admits that SEAI is a wholly-owned subsidiary of SEC; (c)  avers that the term "CRT

2   Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture

3   and sell CRTs, and the Amended Complaint does not allege that finished products containing

4   CRTs were an object of the alleged conspiracy; and (d) avers that to the extent the allegations

5   contained in Paragraph 59 of the Amended Complaint are legal conclusions, no response is

6   required.

7        60.      Denies the allegations of Paragraph 60 of the Amended Complaint, except: (a)

8   specifically denies that Samsung SDI (Malaysia) Sdn Bhd. is a wholly-owned and controlled

9   subsidiary of SEC; (b) specifically denies that SEC dominated or controlled the finances, policies,

10  or affairs of Samsung SDI (Malaysia) Sdn Bhd.; (c) avers that SEC is without knowledge or

11  information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 60;

12  (d) avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because

13  SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that

14  finished products containing CRTs were an object of the alleged conspiracy; and (e) avers that to

15  the extent the allegations contained in Paragraph 60 of the Amended Complaint are legal

16  conclusions, no response is required.

17       61.      Denies the allegations of Paragraph 61 of the Amended Complaint, except: (a)

18  admits that Samsung SDI Co., Ltd. ("Samsung SDI") is a South Korean company; (b) avers that

19  Samsung SDI's headquarters is located at 575 Shin-dong, Youngtong-gu, Suwon, South Korea;

20  (c) specifically denies that Samsung SDI is wholly-owned or "controlled" by SEC; (d)

21  specifically denies that SEC "dominated and controlled the finances, policies and affairs of

22  Samsung SDI"; (e) avers that SEC is without knowledge or information sufficient to form a belief

23  as to the truth of the remaining allegations of Paragraph 61; (f) avers that the term "CRT

24  Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture

25  and sell CRTs, and the Amended Complaint does not allege that finished products containing

26  CRTs were an object of the alleged conspiracy; and (g) avers that to the extent the allegations

27  contained in Paragraph 61 of the Amended Complaint are legal conclusions, no response is

28  required.

62.     Denies the allegations of Paragraph 62 of the Amended Complaint, except: (a) specifically denies that Samsung SDI America is a wholly-owned and controlled subsidiary of SEC; (b) specifically denies that SEC dominated or controlled the finances, policies, or affairs of Samsung SDI America, Inc.; (c) avers that SEC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 62; (d) avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy; and (e) avers that to the extent the allegations contained in Paragraph 62 of the Amended Complaint are legal conclusions, no response is required.

63.     Denies the allegations of Paragraph 63 of the Amended Complaint, except: (a) specifically denies that Samsung SDI Mexico S.A. de C.V. is a wholly-owned and controlled subsidiary of SEC; (b) specifically denies that SEC dominated or controlled the finances, policies, or affairs of Samsung SDI Mexico S.A. de C.V.; (c) avers that SEC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 63; (d) avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy; and (e) avers that to the extent the allegations contained in Paragraph 63 of the Amended Complaint are legal conclusions, no response is required.

64.     Denies the allegations of Paragraph 64 of the Amended Complaint, except: (a) specifically denies that Samsung SDI Brasil Ltda. is a wholly-owned and controlled subsidiary of SEC; (b) specifically denies that SEC dominated or controlled the finances, policies, or affairs of Samsung SDI Brasil Ltda.; (c) avers that SEC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 64; (d) avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy; and (e) avers that to the extent the

1    allegations contained in Paragraph 64 of the Amended Complaint are legal conclusions, no

2    response is required.

3           65.     Denies the allegations of Paragraph 65 of the Amended Complaint, except: (a)

4    specifically denies that Shenzhen Samsung SDI Co. Ltd. is a wholly-owned and controlled

5    subsidiary of SEC; (b) specifically denies that SEC dominated or controlled the finances, polices,

6    or affairs of Shenzhen Samsung SDI Co. Ltd.; (c) avers that SEC is without knowledge or

7    information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 65;

8    (d) avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because

9    SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that

10   finished products containing CRTs were an object of the alleged conspiracy; and (e) avers that to

11   the extent the allegations contained in Paragraph 65 of the Amended Complaint are legal

12   conclusions, no response is required.

13          66.     Denies the allegations of Paragraph 66 of the Amended Complaint, except: (a)

14   specifically denies that Tianjin Samsung SDI Co., Ltd. is a wholly-owned and controlled

15   subsidiary of SEC; (b) specifically denies that SEC dominated or controlled the finances, policies,

16   or affairs of Tianjin Samsung SDI Co., Ltd.; (c) avers that SEC is without knowledge or

17   information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 66;

18   (d) avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because

19   SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that

20   finished products containing CRTs were an object of the alleged conspiracy; and (e) avers that to

21   the extent the allegations contained in Paragraph 66 of the Amended Complaint are legal

22   conclusions, no response is required.

23          67.     Admits that Plaintiffs purport to refer to SEC, Samsung SDI, Samsung America,

24   Samsung SDI Mexico, Samsung SDI Brazil, Samsung SDI Shenzhen, Samsung SDI Tianjin, and

25   Samsung Malaysia collectively as "Samsung," except specifically denies that such a collective

26   reference is appropriate as it improperly seeks to group together distinct legal entities with

27   separate businesses and ownership structures.  SEC avers that SEC and Samsung SDI are separate

28   and distinct publicly-owned companies; SEC owns an approximately 20 percent share of

1    Samsung SDI's stock and does not dominate or control the finances, policies, or affairs of

2    Samsung SDI, Samsung America, Samsung SDI Mexico, Samsung SDI Brazil, Samsung SDI

3    Shenzhen, Samsung SDI Tianjin, or Samsung Malaysia (collectively "the SDI Defendants").

4    Furthermore, SEC avers that it and the SDI Defendants have dissimilar lines of business, and SEC

5    does not manufacture and sell CRTs—the object of the conspiracy alleged by the Amended

6    Complaint.

7            68.     Denies the allegations of Paragraph 68 of the Amended Complaint, except avers

8    that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

9    allegations of Paragraph 68; and (b) the term "CRT Products" is vague, ambiguous, and

10   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

11   Complaint does not allege that finished products containing CRTs were an object of the alleged

12   conspiracy.

13           69.     Denies the allegations of Paragraph 69 of the Amended Complaint, except avers

14   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

15   allegations of Paragraph 69; and (b) the term "CRT Products" is vague, ambiguous, and

16   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

17   Complaint does not allege that finished products containing CRTs were an object of the alleged

18   conspiracy.

19           70.     Denies the allegations of Paragraph 70 of the Amended Complaint, except avers

20   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

21   allegations of Paragraph 70; and (b) the term "CRT Products" is vague, ambiguous, and

22   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

23   Complaint does not allege that finished products containing CRTs were an object of the alleged

24   conspiracy.

25           71.     Denies the allegations of Paragraph 71 of the Amended Complaint, except avers

26   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

27   allegations of Paragraph 71; and (b) the term "CRT Products" is vague, ambiguous, and

28   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

1  Complaint does not allege that finished products containing CRTs were an object of the alleged

2  conspiracy.

3         72.     Denies the allegations of Paragraph 72 of the Amended Complaint, except avers

4  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

5  allegations of Paragraph 72; and (b) the term "CRT Products" is vague, ambiguous, and

6  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

7  Complaint does not allege that finished products containing CRTs were an object of the alleged

8  conspiracy.

9         73.     Denies the allegations of Paragraph 73 of the Amended Complaint, except avers

10  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

11  allegations of Paragraph 73; and (b) the term "CRT Products" is vague, ambiguous, and

12  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

13  Complaint does not allege that finished products containing CRTs were an object of the alleged

14  conspiracy.

15         74.     Denies the allegations of Paragraph 74 of the Amended Complaint, except avers

16  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

17  allegations of Paragraph 74; and (b) the term "CRT Products" is vague, ambiguous, and

18  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

19  Complaint does not allege that finished products containing CRTs were an object of the alleged

20  conspiracy.

21         75.     Denies the allegations of Paragraph 75 of the Amended Complaint, except avers

22  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

23  allegations of Paragraph 75; and (b) the term "CRT Products" is vague, ambiguous, and

24  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

25  Complaint does not allege that finished products containing CRTs were an object of the alleged

26  conspiracy.

27         76.     Denies the allegations of Paragraph 76 of the Amended Complaint, except avers

28  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

1  allegations of Paragraph 76; and (b) the term "CRT Products" is vague, ambiguous, and
2  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended
3  Complaint does not allege that finished products containing CRTs were an object of the alleged
4  conspiracy.

5      77.     Denies the allegations of Paragraph 77 of the Amended Complaint, except avers
6  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the
7  allegations of Paragraph 77; and (b) the term "CRT Products" is vague, ambiguous, and
8  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended
9  Complaint does not allege that finished products containing CRTs were an object of the alleged
10 conspiracy.

11     78.     Denies the allegations of Paragraph 78 of the Amended Complaint, except avers
12 that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the
13 allegations of Paragraph 78; and (b) the term "CRT Products" is vague, ambiguous, and
14 improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended
15 Complaint does not allege that finished products containing CRTs were an object of the alleged
16 conspiracy.

17     79.     Denies the allegations of Paragraph 79 of the Amended Complaint, except avers
18 that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the
19 allegations of Paragraph 79; and (b) the term "CRT Products" is vague, ambiguous, and
20 improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended
21 Complaint does not allege that finished products containing CRTs were an object of the alleged
22 conspiracy.

23     80.     Denies the allegations of Paragraph 80 of the Amended Complaint, except avers
24 that: (a) that SEC is without knowledge or information sufficient to form a belief as to the truth of
25 the allegations of Paragraph 80; and (b) the term "CRT Products" is vague, ambiguous, and
26 improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended
27 Complaint does not allege that finished products containing CRTs were an object of the alleged
28 conspiracy.

# IV.  PURPORTED AGENTS AND CO-CONSPIRATORS

81.     Denies the allegations of Paragraph 81 of the Amended Complaint, except avers that SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81.

82.     Denies the allegations of Paragraph 82 of the Amended Complaint.

83.     Denies the allegations of Paragraph 83 of the Amended Complaint.

84.     Denies the allegations of Paragraph 84 of the Amended Complaint, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

# V.  CLASS ACTION ALLEGATIONS

85.     Denies the allegations of Paragraph 85 of the Amended Complaint, except: (a) admits that Plaintiffs purport to bring a class action as described in Paragraph 85; (b) avers to the contrary that this action may not be maintained as a class action on behalf of the purported class or otherwise; (c) avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy; and (d) avers that if it were not specifically excluded by Paragraph 85 of the Amended Complaint, SEC would itself be a direct purchaser of CRTs, and thus a putative class member.

86.     Denies the allegations of Paragraph 86, except: (a) admits that Plaintiffs purport to include within the Class definition entities that bought electronic devices containing CRTs directly from a Defendant even if the CRTs contained therein were manufactured by a third party and even if the electronic devices containing the CRTs were manufactured by a third party; (b) avers to the contrary that this action may not be maintained as a class action on behalf of the purported class or otherwise; (c) avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged

conspiracy; and (d) avers that to the extent the allegations contained in Paragraph 86 of the Amended Complaint are legal conclusions, no response is required.

87.     Denies the allegations of Paragraph 87 of the Amended Complaint, and avers to the contrary that this action may not be maintained as a class action on behalf of the purported class or otherwise.

88.     Denies the allegations of Paragraph 88 of the Amended Complaint, except avers that: (a) to the contrary that this action may not be maintained as a class action on behalf of the purported class or otherwise; (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy; and (c) to the extent the allegations contained in Paragraph 88 of the Amended Complaint are legal conclusions, no response is required.

89.     Denies the allegations of Paragraph 89 of the Amended Complaint, including each subpart, except avers that: (a) to the contrary that this action may not be maintained as a class action on behalf of the purported class or otherwise; (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy; and (c) to the extent the allegations contained in Paragraph 89 of the Amended Complaint are legal conclusions, no response is required.

90.     Denies the allegations of Paragraph 90 of the Amended Complaint, and avers that: (a) to the contrary that this action may not be maintained as a class action on behalf of the purported class or otherwise; and (b) to the extent the allegations contained in Paragraph 90 of the Amended Complaint are legal conclusions, no response is required.

91.     Denies the allegations of Paragraph 91 of the Amended Complaint, except avers that: (a) to the contrary that this action may not be maintained as a class action on behalf of the purported class or otherwise; (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy; and

1   (c) to the extent the allegations contained in Paragraph 91 of the Amended Complaint are legal

2   conclusions, no response is required.

3         92.     Denies the allegations of Paragraph 92 of the Amended Complaint, except avers

4   that: (a) to the contrary that this action may not be maintained as a class action on behalf of the

5   purported class or otherwise; (b) the term "CRT Products" is vague, ambiguous, and improperly

6   overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does

7   not allege that finished products containing CRTs were an object of the alleged conspiracy; and

8   (c) to the extent the allegations contained in Paragraph 92 of the Amended Complaint are legal

9   conclusions, no response is required.

10         93.     Denies the allegations of Paragraph 93 of the Amended Complaint, and avers that

11   (a) to the contrary that this action may not be maintained as a class action on behalf of the

12   purported class or otherwise; and (b) to the extent the allegations contained in Paragraph 93 of the

13   Amended Complaint are legal conclusions, no response is required.

14         94.     Denies the allegations of Paragraph 94 of the Amended Complaint, and avers that

15   (a) to the contrary that this action may not be maintained as a class action on behalf of the

16   purported class or otherwise; and (b) to the extent the allegations contained in Paragraph 94 of the

17   Amended Complaint are legal conclusions, no response is required.

18         95.     Denies the allegations of Paragraph 95 of the Amended Complaint, and avers that

19   (a) to the contrary that this action may not be maintained as a class action on behalf of the

20   purported class or otherwise; and (b) to the extent the allegations contained in Paragraph 95 of the

21   Amended Complaint are legal conclusions, no response is required.

22   **VI.  TRADE AND COMMERCE**

23         96.     Denies the allegations of Paragraph 96 of the Amended Complaint, and avers that

24   (a) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does

25   not manufacture and sell CRTs, and the Amended Complaint does not allege that finished

26   products containing CRTs were an object of the alleged conspiracy; and (b) to the extent the

27   allegations contained in Paragraph 96 of the Amended Complaint are legal conclusions, no

28   response is required.

97.     Denies the allegations of Paragraph 97 of the Amended Complaint, and avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the "market for CRT Products"; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

98.     Denies the allegations of Paragraph 98 of the Amended Complaint, and avers that to the extent the allegations contained in Paragraph 98 of the Amended Complaint are legal conclusions, no response is required.

## VII.  PURPORTED FACTUAL ALLEGATIONS

**A.     CRT Technology and Products**

99.     Denies the allegations of Paragraph 99 of the Amended Complaint, except avers that: (a) Plaintiffs' description of the operation of a CRT is incomplete, oversimplified, and incorrect in certain respects; and (b) SEC reserves the right to provide a more thorough and complete description of the operation of CRT to the extent that the technical operation of a CRT is relevant to Plaintiffs' claims in this proceeding.

100.     Denies the allegations of Paragraph 100 of the Amended Complaint, except: (a) admits that CRT technology was first developed more than a century ago; (b) admits that cathode ray tubes ("CRTs") are used in televisions, computer monitors, and other applications; and (c) avers that SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100.

101.     Denies the allegations of Paragraph 101 of the Amended Complaint.

102.     Denies the allegations of Paragraph 102 of the Amended Complaint, except avers that SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 due to the vague and ambiguous nature of terms such as "early," "black and white," "revolutionized," "advent," "refinements and incremental advancements," "along the way," and "similar."

103.     Denies the allegations of Paragraph 103 of the Amended Complaint, except avers that: (a) Plaintiffs' description of the differences between CDTs and CPTs is incomplete and

oversimplified; (b) SEC reserves the right to provide a more thorough and complete description of the differences between CDTs and CPTs to the extent that such a description is relevant to Plaintiffs' claims in this proceeding; and (c) to the extent that the allegations of Paragraph 103 of the Amended Complaint appear to be definitional only, they do not call for a response.

104.     Denies the allegations of Paragraph 104 of the Amended Complaint, except: (a) avers that SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104 due to the vague and ambiguous nature of terms such as "last few years" and "dominant"; (b) admits that Plaintiffs purport to offer data reported by Stanford Resources, Inc.; but (c) avers that SEC is without knowledge or information sufficient to form a belief as to the accuracy of that data.

105.     Denies the allegations of Paragraph 105 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105 due to the vague and ambiguous nature of terms and phrases such as "declining but still popular technology," "deep cabinet," and "dominated"; and (b) that since the mid-1990's, electronic devices containing emerging technologies such as liquid crystal displays (LCDs) have increasingly competed with the sale of electronic devices containing CPTs and CDTs.

106.     Denies the allegations of Paragraph 106 of the Amended Complaint.

107.     Denies the allegations of Paragraph 107 of the Amended Complaint, except avers that since the mid-1990's, electronic devices containing emerging technologies such as liquid crystal displays (LCDs) have increasingly competed with the sale of electronic devices containing CPTs and CDTs.

108.     Denies the allegations of Paragraph 108 of the Amended Complaint, except: (a) avers that SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 108 due to the vague and ambiguous nature of terms such as "some time," "North American television market," and "global market share"; (b) admits that Plaintiffs purport to offer data reported by iSuppli Cop.; but (c) avers that SEC is without knowledge or information sufficient to form a belief as to the accuracy of that representation or data.

109.    Denies the allegations of Paragraph 109 of the Amended Complaint, except: (a) admits that Plaintiffs purport to offer data reported by iSuppli Cop.; but (b) avers that SEC is without knowledge or information sufficient to form a belief as to the accuracy of that representation or data.

110.    Denies the allegations of Paragraph 110 of the Amended Complaint, except: (a) avers that SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110 due to the vague and ambiguous nature of terms and phrases such as "popular," "weeks leading up to," "public areas," "developing countries," "holding its own," and "low cost"; (b) admits that SEC introduced the SlimFit CRT at the Consumer Electronics Show held in Las Vegas; (c) avers that SEC introduced the SlimFit in 2005, not 2007 as Plaintiffs errantly allege; (d) admits that Plaintiffs purport to offer data reported by DisplaySearch Inc.; but (e) avers that SEC is without knowledge or information sufficient to form a belief as to the accuracy of that representation or data.

111.    Denies the allegations of Paragraph 111 of the Amended Complaint, except: (a) admits that Plaintiffs purport to offer data reported by DisplaySearch Inc.; but (b) avers that SEC is without knowledge or information sufficient to form a belief as to the accuracy of that representation or data.

**B.    Purported Oligopolistic Nature of the CRT Industry**

112.    Denies the allegations of Paragraph 112 of the Amended Complaint, except avers that SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 112 due to the vague and ambiguous nature of the terms "CRT industry," "dominated," "relatively few," and "CRT market."

113.    Denies the allegations of Paragraph 113 of the Amended Complaint, except avers that SEC is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 113 due to the vague and ambiguous nature of the term "CRT industry" and the fact that the allegations involve actions by third parties.

114.    Denies the allegations of Paragraph 114 of the Amended Complaint.

1    115.    Denies the allegations of Paragraph 115 of the Amended Complaint, except avers

2  that: (a) SEC is without knowledge or information sufficient to form a belief as to the allegations

3  of Paragraph 115; and (b) the terms "CRT industry," "exacerbated," and "intercompetition" are

4  vague, ambiguous, and not self-defining.

5    116.    Denies the allegations of Paragraph 116 of the Amended Complaint, except avers

6  that: (a) Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to

7  group together distinct legal entities with separate businesses and ownership structures; (b) SEC

8  is without knowledge or information sufficient to form a belief as to the truth of the allegations of

9  Paragraph 116 due to the vague and ambiguous nature of Plaintiffs' reference to "Samsung's

10  corporate parent" given that Plaintiffs inappropriately refer to all named Samsung entities

11  collectively as "Samsung"; and (c) business arrangements involving TFT-LCD panels are not

12  relevant to Plaintiffs' allegations in the Amended Complaint.

13    117.    Denies the allegations of Paragraph 117 of the Amended Complaint, except avers

14  that: (a) SEC is without knowledge or information sufficient to form a belief as to the allegations

15  of Paragraph 117 due to the vague and ambiguous nature of terms such as "Samsung's corporate

16  family," "long-standing," and "Chinese state-owned picture tube manufacturers"; and (b)

17  Plaintiffs' collective reference to "Samsung's corporate family" is inappropriate as it improperly

18  seeks to group together distinct legal entities with separate businesses and ownership structures.

19    118.    Denies the allegations of Paragraph 118 of the Amended Complaint, except avers

20  that SEC is without knowledge or information sufficient to form a belief as to the allegations of

21  Paragraph 118.

22    119.    Denies the allegations of Paragraph 119 of the Amended Complaint, except avers

23  that: (a) Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to

24  group together distinct legal entities with separate businesses and ownership structures; and (b)

25  SEC is without knowledge or information sufficient to form a belief as to the truth of the

26  allegations of Paragraph 119 due to the vague and ambiguous nature of Plaintiffs' reference to

27  "Samsung's corporate parent" given that Plaintiffs inappropriately refer to all named Samsung

28  entities collectively as "Samsung."

120.     Denies the allegations of Paragraph 120 of the Amended Complaint, except avers that: (a) Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures; and (b) SEC is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 120.

121.     Denies the allegations of Paragraph 121 of the Amended Complaint, except avers that SEC is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 121.

**C.     International Antitrust Investigations**

122.     Denies the allegations of Paragraph 122 of the Amended Complaint, except: (a) avers that SEC and its U.S. subsidiary Samsung Semiconductor Inc. entered into a plea agreement and agreed to pay a $300 million dollar fine to the U.S. Department of Justice (DOJ) following an investigation by the DOJ related to dynamic access memory ("DRAM") computer chips and respectfully refers the Court to the DRAM plea for a full and complete description of its contents; (b) avers that DRAM computer chips are not relevant to Plaintiffs' allegations in the Amended Complaint; and (c) avers that Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures.

123.     Denies the allegations of Paragraph 123 of the Amended Complaint, except avers that: (a) Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures; (b) the terms "[m]ore recently, "concerning collusion," and "in connection with" are vague, ambiguous, and not self-defining; and (c) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123.

124.     Denies the allegations of Paragraph 124 of the Amended Complaint, except avers that any publicly available information concerning the subject matter of Paragraph 124 speaks for itself.

125.     Denies the allegations of Paragraph 125 of the Amended Complaint, except avers that: (a) to the extent the allegations are directed to other Defendants, SEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations; and (b) SEC has not received a subpoena in connection with any U.S. DOJ CRT investigation.

126.     Denies the allegations of Paragraph 126 of the Amended Complaint, except admits that C.Y. Lin of Chunghwa PT was indicted and respectfully refers the Court to the cited indictment for a full and complete description of its contents.

127.     Denies the allegations of Paragraph 127 of the Amended Complaint, except avers that (a) to the extent the allegations contained in Paragraph 127 are directed to other defendants, SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127; and (b) to the extent that the allegations contained in Paragraph 127 are directed to SEC, to SEC's knowledge, no investigation has targeted SEC, which does not manufacture and sell CRTs.

128.     Denies the allegations of Paragraph 128 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 128; and (b) no government raids have targeted SEC, which does not manufacture and sell CRTs.

129.     Denies the allegations of Paragraph 129 of the Amended Complaint, except avers that Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures.

130.     Denies the allegations of Paragraph 130 of the Amended Complaint, and avers that Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures.

131.     Denies the allegations of Paragraph 131 of the Amended Complaint, except avers that SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131.

132.    Denies the allegations of Paragraph 132 of the Amended Complaint; except avers that SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132.

133.    Denies the allegations of Paragraph 133 of the Amended Complaint, except: (a) admits that Plaintiffs purport to provide an excerpt of an announcement by the Hungarian Competition Authority; (b) avers that SEC is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 133; and (c) avers that SEC is not listed as a target of the Hungarian Competition Authority's investigation in the excerpted language of Paragraph 133 and, to SEC's knowledge, no government investigation has targeted SEC, which does not manufacture and sell CRTs.

**D.    Purported Collusive Contacts, Meetings, And Agreements Among Members of the CRT Products Industry**

134.    Denies the allegations of Paragraph 134 of the Amended Complaint, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

135.    Denies the allegations of Paragraph 135 of the Amended Complaint.

136.    Denies the allegations of Paragraph 136 of the Amended Complaint.

137.    Denies the allegations of Paragraph 137 of the Amended Complaint, except avers that the terms "CDT Products" and "CPT Products" are vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

138.    Denies the allegations of Paragraph 138 of the Amended Complaint, including each subpart, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

1       139.    Denies the allegations of Paragraph 139 of the Amended Complaint, except avers

2    that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does

3    not manufacture and sell CRTs, and the Amended Complaint does not allege that finished

4    products containing CRTs were an object of the alleged conspiracy.

5       140.    Denies the allegations of Paragraph 140 of the Amended Complaint, except avers

6    that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does

7    not manufacture and sell CRTs, and the Amended Complaint does not allege that finished

8    products containing CRTs were an object of the alleged conspiracy.

9       141.    Denies the allegations of Paragraph 141 of the Amended Complaint, including

10   each subpart, except avers that the term "CRT Products" is vague, ambiguous, and improperly

11   overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does

12   not allege that finished products containing CRTs were an object of the alleged conspiracy.

13      142.    Denies the allegations of Paragraph 142 of the Amended Complaint.

14      143.    Denies the allegations of Paragraph 143 of the Amended Complaint, except avers

15   that the term "CPT Products" is vague, ambiguous, and improperly overbroad because SEC does

16   not manufacture and sell CPTs, and the Amended Complaint does not allege that finished

17   products containing CPTs were an object of the alleged conspiracy.

18      144.    Denies the allegations of Paragraph 144 of the Amended Complaint, except avers

19   that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does

20   not manufacture and sell CRTs, and the Amended Complaint does not allege that finished

21   products containing CRTs were an object of the alleged conspiracy.

22      145.    Denies the allegations of Paragraph 145 of the Amended Complaint.

23      146.    Denies the allegations of Paragraph 146 of the Amended Complaint.

24      147.    Denies the allegations of Paragraph 147 of the Amended Complaint.

25      148.    Denies the allegations of Paragraph 148 of the Amended Complaint.

26      149.    Denies the allegations of Paragraph 149 of the Amended Complaint.

27      150.    Denies the allegations of Paragraph 150 of the Amended Complaint.

28      151.    Denies the allegations of Paragraph 151 of the Amended Complaint.

1   152.    Denies the allegations of Paragraph 152 of the Amended Complaint.

2   153.    Denies the allegations of Paragraph 153 of the Amended Complaint, including

3   each subpart, except avers that the term "CPT Products" is vague, ambiguous, and improperly

4   overbroad because SEC does not manufacture and sell CPTs, and the Amended Complaint does

5   not allege that finished products containing CPTs were an object of the alleged conspiracy.

6   **E.     Summary of Purported Specific Defendant Participation in Unlawful Meetings and
7            Agreements**

8   154.    Denies the allegations of Paragraph 154 of the Amended Complaint, and

9   specifically denies that: (a) SEC was engaged in the conspiracy alleged in the Amended

10  Complaint; and (b) that the Samsung SDI entities are authorized to enter into agreements on

11  behalf of SEC or otherwise act as its agents.

12  155.    Denies the allegations of Paragraph 155 of the Amended Complaint.

13  156.    Denies the allegations of Paragraph 156 of the Amended Complaint.

14  157.    Denies the allegations of Paragraph 157 of the Amended Complaint.

15  158.    Denies the allegations of Paragraph 158 of the Amended Complaint.

16  159.    Denies the allegations of Paragraph 159 of the Amended Complaint.

17  160.    Denies the allegations of Paragraph 160 of the Amended Complaint.

18  161.    Denies the allegations of Paragraph 161 of the Amended Complaint.

19  162.    Denies the allegations of Paragraph 162 of the Amended Complaint.

20  163.    Denies the allegations of Paragraph 163 of the Amended Complaint.

21  164.    Denies the allegations of Paragraph 164 of the Amended Complaint.

22  165.    Denies the allegations of Paragraph 165 of the Amended Complaint.

23  166.    Denies the allegations of Paragraph 166 of the Amended Complaint, except: (a)

24  admits that Plaintiffs purport to refer to SEC and the SDI Defendants collectively as "Samsung";

25  but (b) specifically denies that such a collective reference is appropriate with respect to SEC and

26  the SDI Defendants as it improperly seeks to group together distinct legal entities with separate

27  businesses and ownership structures.  Further, SEC avers that: (a) SEC and Samsung SDI are

28

1   separate and distinct publicly-owned companies; (b) SEC does not manufacture and sell CRTs—

2   the object of the conspiracy alleged by the Amended Complaint; (c) SEC is without knowledge or

3   information sufficient to form a belief as to the allegations of Paragraph 166 regarding third

4   parties; (d) the terms "CRT Products," "CDT Products," and "CPT Products" are vague,

5   ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the

6   Amended Complaint does not allege that finished products containing CRTs were an object of the

7   alleged conspiracy; and (e) to the extent the allegations contained in Paragraph 166 of the

8   Amended Complaint are legal conclusions, no response is required.

9          167.    Denies the allegations of Paragraph 167 of the Amended Complaint, except: (a)

10  specifically denies that SEC was engaged in or "represented" in the conspiracy alleged in the

11  Amended Complaint; (b) specifically denies that the Samsung SDI entities are authorized to enter

12  into agreements on behalf of SEC or otherwise act as its agents; (c) avers that SEC is without

13  knowledge or information sufficient to form a belief as to the allegations of Paragraph 167

14  regarding third parties; (d) avers that the term "CRT Products" is vague, ambiguous, and

15  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

16  Complaint does not allege that finished products containing CRTs were an object of the alleged

17  conspiracy; and (e) avers that to the extent the allegations contained in Paragraph 167 of the

18  Amended Complaint are legal conclusions, no response is required.

19         168.    Denies the allegations of Paragraph 168 of the Amended Complaint.

20         169.    Denies the allegations of Paragraph 169 of the Amended Complaint.

21         170.    Denies the allegations of Paragraph 170 of the Amended Complaint.

22         171.    Denies the allegations of Paragraph 171 of the Amended Complaint.

23         172.    Denies the allegations of Paragraph 172 of the Amended Complaint.

24         173.    Denies the allegations of Paragraph 173 of the Amended Complaint.

25         174.    Denies the allegations of Paragraph 174 of the Amended Complaint.

26         175.    Denies the allegations of Paragraph 175 of the Amended Complaint.

27

28

**F.      Purported Use of Trade Associations and Trade Events to Facilitate The Conspiracy**

176.    Denies the allegations of Paragraph 176 of the Amended Complaint, except: (a) admits that the Korea Display Conference is managed by DisplayBank; (b) admits that the Korean Display Equipment Material Industry Association (KODEMIA) and previously the Electronic Display Industrial Research Association of Korea (EDIRAK) have participated in the Korea Display Conference; but (c) avers that SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 176 regarding "hosting" of the Korean Display Conference due to the vague and ambiguous nature of the term; (d) admits that Plaintiffs purport to offer information regarding KODEMIA and EDIRAK; but (e) avers that SEC is without knowledge or information sufficient to form a belief as to the truth of those allegations.

177.    Denies the allegations of Paragraph 177 of the Amended Complaint, except: (a) avers that SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 177 due to the vague and ambiguous nature of terms and phrases such as "participated extensively" and "Samsung" given that Plaintiffs inappropriately refer to all named Samsung entities collectively as "Samsung"; (b) denies that Plaintiff's collective reference to "Samsung" is appropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures; and (c) admits that SEC was a member of EDIRAK.

178.    Denies the allegations of Paragraph 178 of the Amended Complaint, except: (a) admits that the Korea Display Conference has taken place on the dates stated in Paragraph 178 of the Amended Complaint; (b) denies that Plaintiff's collective reference to "Samsung" is appropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures; (c) avers that SEC and Samsung SDI are separate and distinct publicly-owned companies; (d) avers that SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 178 due to the vague and ambiguous nature of terms such as "have participated," "these events," "top executives," "CRT operations," and "Samsung"; and (e) avers that SEC is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 178 regarding third parties.

179.    Denies the allegations of Paragraph 179 of the Amended Complaint.

180.    Denies the allegations of Paragraph 180 of the Amended Complaint.

**G.      Purported Effects of Defendants' Antitrust Violations**

**1.      Purported Examples of Reductions in Manufacturing Capacity by Defendants**

181.    Denies the allegations of Paragraph 181 of the Amended Complaint.

182.    Denies the allegations of Paragraph 182 of the Amended Complaint, except avers that SEC is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 182.

183.    Denies the allegations of Paragraph 183 of the Amended Complaint, except avers that SEC is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 183.

184.    Denies the allegations of Paragraph 184 of the Amended Complaint, except avers that SEC is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 184.

185.    Denies the allegations of Paragraph 185 of the Amended Complaint, except avers that SEC is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 185.

186.    Denies the allegations of Paragraph 186 of the Amended Complaint, except avers that SEC is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 186.

187.    Denies the allegations of Paragraph 187 of the Amended Complaint, except avers that SEC is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 187.

**2.      Purported Examples of Collusive Pricing for CRT Products**

188.    Denies the allegations of Paragraph 188 of the Amended Complaint.

189.    Denies the allegations of Paragraph 189 of the Amended Complaint, except: (a) admits that Plaintiffs purport to provide a statement of an unnamed "industry source"; but (b)

1    avers that SEC is without knowledge or information sufficient to form a belief as to the truth or

2    accuracy of that statement.

3        190.    Denies the allegations of Paragraph 190 of the Amended Complaint, except: (a)

4    avers that SEC is without knowledge or information sufficient to form a belief as to the

5    allegations of Paragraph 190 due to the vague and ambiguous nature of the terms "consumer

6    prices," "approached," and "CRT Products"; and (b) avers that the term "CRT Products" is vague,

7    ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the

8    Amended Complaint does not allege that finished products containing CRTs were an object of the

9    alleged conspiracy.

10       191.    Denies the allegations of Paragraph 191 of the Amended Complaint, except: (a)

11   admits that since the mid-1990's, electronic devices containing emerging technologies such as

12   liquid crystal displays (LCDs) have increasingly competed with the sale of electronic devices

13   containing CPTs and CDTs; (b) admits that Plaintiffs purport to provide a statement from a *CNET*

14   *News.com* article; but (c) avers that SEC is without knowledge or information sufficient to form a

15   belief as to the truth or accuracy of that statement.

16       192.    Denies the allegations of Paragraph 192 of the Amended Complaint, except (a)

17   admits that Plaintiffs purport to provide a statement made by a speaker at the Asia Display 1998

18   conference; but (b) avers that SEC is without knowledge or information sufficient to form a belief

19   as to the truth or accuracy of that statement.

20       193.    Denies the allegations of Paragraph 193 of the Amended Complaint, and

21   specifically denies that SEC was engaged in the conspiracy or collusive conduct alleged in the

22   Amended Complaint, except avers that SEC is without knowledge or information sufficient to

23   form a belief as to the allegations of Paragraph 193 due to the vague and ambiguous nature of the

24   terms "production costs," "large-sized color CRTs," and "products."

25       194.    Denies the allegations of Paragraph 194 of the Amended Complaint, except: (a)

26   avers that SEC is without knowledge or information sufficient to form a belief as to the

27   allegations of Paragraph 194 due to the vague and ambiguous nature of the terms "average selling

28   price" and "oversupply"; (b) admits that Plaintiffs purport to provide a statement from an

unnamed industry analyst; but (c) avers that SEC is without knowledge or information sufficient to form a belief as to the truth or accuracy of that statement.

195.   Denies the allegations of Paragraph 195 of the Amended Complaint, except avers that SEC is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 195.

196.   Denies the allegations of Paragraph 196 of the Amended Complaint, except: (a) avers that SEC is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 196 due to the vague and ambiguous nature of the terms "CRTs" (it is unclear whether this refers to CRTs or finished products), "stable," "unexplained manner," "CRT technology," and "other emerging technologies"; (b) admits that Plaintiffs purport to provide a statement of Finsen Yu; but (c) avers that SEC is without knowledge or information sufficient to form a belief as to the truth or accuracy of that statement.

197.   Denies the allegations of Paragraph 197 of the Amended Complaint, and specifically denies that SEC was engaged in the conspiracy or collusive activities alleged in the Amended Complaint, except avers that: (a) the terms "CRT Prices" and "price of CRTs" are vague, ambiguous, and not self-defining; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

**H.     Summary Of Effects Of The Purported Conspiracy Involving CRT Products**

198.   Denies the allegations of Paragraph 198 of the Amended Complaint, including each subpart, except avers that: (a) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations contained in Paragraph 198 of the Amended Complaint are legal conclusions, no response is required.

199.   Denies the allegations of Paragraph 199 of the Amended Complaint.

1  **I.      Purported Fraudulent Concealment**

2          200.    Denies the allegations of Paragraph 200 of the Amended Complaint.

3          201.    Denies the allegations of Paragraph 201 of the Amended Complaint.

4          202.    Denies the allegations of Paragraph 202 of the Amended Complaint.

5          203.    Denies the allegations of Paragraph 203 of the Amended Complaint.

6          204.    Denies the allegations of Paragraph 204 of the Amended Complaint, except avers

7   that to the extent the allegations contained in Paragraph 204 of the Amended Complaint are legal

8   conclusions, no response is required.

9          205.    Denies the allegations of Paragraph 205 of the Amended Complaint.

10          206.    Denies the allegations of Paragraph 206 of the Amended Complaint.

11          207.    Denies the allegations of Paragraph 207 of the Amended Complaint, and

12   specifically denies that SEC was engaged in the conspiracy or collusive conduct alleged in the

13   Amended Complaint, except avers that SEC is without knowledge or information sufficient to

14   form a belief as to the allegations of Paragraph 207 due to the vague and ambiguous nature of the

15   terms "production costs," "large-sized color CRTs," and "products" (it is unclear whether this

16   refers to CRTs or finished products).

17          208.    Denies the allegations of Paragraph 208 of the Amended Complaint, except admits

18   that since the mid-1990's, electronic devices containing emerging technologies such as liquid

19   crystal displays (LCDs) have increasingly competed with the sale of electronic devices containing

20   CPTs and CDTs.

21          209.    Denies the allegations of Paragraph 209 of the Amended Complaint, except: (a)

22   denies that Plaintiff's collective reference to "Samsung" is appropriate as it improperly seeks to

23   group together distinct legal entities with separate businesses and ownership structures; (b) avers

24   that SEC and Samsung SDI are separate and distinct publicly-owned companies (c) avers that

25   SEC does not manufacture and sell CRTs—the object of the conspiracy alleged by the Amended

26   Complaint; (d) avers that SEC is without knowledge or information sufficient to form a belief as

27   to the allegations of Paragraph 209 as they relate to the activities of third parties; (e) admits that

28   Plaintiffs purport to provide a statement of an employee of an LG Electronics distributor; but (f)

1  avers that SEC is without knowledge or information sufficient to form a belief as to the truth or

2  accuracy of that statement; and (g) avers that the term "CRT Products" is vague, ambiguous, and

3  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

4  Complaint does not allege that finished products containing CRTs were an object of the alleged

5  conspiracy.

6        210.     Denies the allegations of Paragraph 210 of the Amended Complaint, except avers

7  that SEC is without knowledge or information sufficient to form a belief as to the allegations of

8  Paragraph 210.

9        211.     Denies the allegations of Paragraph 211 of the Amended Complaint, except avers

10  that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does

11  not manufacture and sell CRTs, and the Amended Complaint does not allege that finished

12  products containing CRTs were an object of the alleged conspiracy.

13        212.     Denies the allegations of Paragraph 212 of the Amended Complaint, except avers

14  that to the extent the allegations contained in Paragraph 212 of the Amended Complaint are legal

15  conclusions, no response is required.

16  **VIII.  PURPORTED CLAIM FOR VIOLATION OF 15 U.S.C. § 1**

17        213.     Admits that Plaintiffs purport to incorporate the allegations of Paragraphs 1

18  through 212 of the Amended Complaint.  SEC hereby incorporates by reference its responses to

19  the above allegations as set forth above.

20        214.     Denies the allegations of Paragraph 214 of the Amended Complaint, except avers

21  that to the extent the allegations contained in Paragraph 214 of the Amended Complaint are legal

22  conclusions, no response is required.

23        215.     Denies the allegations of Paragraph 215 of the Amended Complaint, except avers

24  that: (a) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC

25  does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished

26  products containing CRTs were an object of the alleged conspiracy; and (b) to the extent the

27  allegations contained in Paragraph 215 of the Amended Complaint are legal conclusions, no

28  response is required.

216.    Denies the allegations of Paragraph 216 of the Amended Complaint, except avers that: (a) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations contained in Paragraph 216 of the Amended Complaint are legal conclusions, no response is required.

217.    Denies the allegations of Paragraph 217 of the Amended Complaint, including each subpart, except avers that: (a) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations contained in Paragraph 217 of the Amended Complaint are legal conclusions, no response is required.

218.    Denies the allegations of Paragraph 218 of the Amended Complaint, except avers that: (a) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations contained in Paragraph 218 of the Amended Complaint are legal conclusions, no response is required.

219.    Denies the allegations of Paragraph 219 of the Amended Complaint, except avers that to the extent the allegations contained in Paragraph 219 of the Amended Complaint are legal conclusions, no response is required.

220.    Denies the allegations of Paragraph 220 of the Amended Complaint.

221.    Denies the allegations of Paragraph 221 of the Amended Complaint.

## IX.  PURPORTED DAMAGES

222.    Denies the allegations of Paragraph 222 of the Amended Complaint.

1

# X.  PRAYER FOR RELIEF

2      223.    Denies that Plaintiffs are entitled to any relief of any kind for or as against SEC on

3  the purported claims alleged in the Amended Complaint, and avers that Plaintiffs have not

4  suffered any damages.

5

# XI.  JURY TRIAL DEMANDED

6      224.    Admits that Plaintiffs purport to request a trial by jury for all of the claims asserted

7  in the Amended Complaint so triable.

8

# AFFIRMATIVE DEFENSES

9      By alleging these affirmative defenses, SEC is not agreeing or conceding that it has the

10  burden of proof on any of the issues raised in these defenses or that any particular issue or subject

11  matter herein is relevant to Plaintiffs' allegations:

12      1.    This Court lacks subject-matter jurisdiction, pursuant to the Foreign Trade

13            Antitrust Improvement Act, to adjudicate claims involving foreign commerce.

14      2.    Plaintiffs lack standing to bring the claims raised in the Amended Complaint.

15      3.    The Amended Complaint fails to state a claim upon which relief can be granted.

16      4.    This action may not be maintained as a class action.

17      5.    Plaintiffs' claims to a class action should be denied because variations in pricing

18            and sales terms preclude the introduction of class-wide proof as to the alleged

19            overcharge.

20      6.    Damages cannot be proven on a class-wide basis.

21      7.    Injury cannot be proven on a class-wide basis and the named plaintiffs have not

22            suffered injury in fact caused by a violation of law.

23      8.    Plaintiffs do not adequately represent the interests of proposed class members.

24      9.    Plaintiffs cannot represent those purported class members who have allegedly

25            suffered injuries in relevant markets in which purported class members are not

26            direct purchasers from SEC.

27      10.    Plaintiffs' claims and those of the putative class are barred in whole or in part by

28            the applicable statutes of limitation.

11.     Plaintiffs' claims and those of the putative class are barred in whole or in part by laches.

12.     Plaintiffs' claims and those of the putative class are barred because they have not sustained any cognizable injury or antitrust injury attributable to SEC's conduct.

13.     Plaintiffs' claims and those of the putative class are barred in whole or in part because Plaintiffs failed to mitigate their alleged damages, if any.

14.     Plaintiffs' claims and those of the putative class are barred in whole or in part by the doctrine of accord and satisfaction.

15.     Plaintiffs' claims and those of the putative class are barred in whole or in part by the doctrines of waiver, estoppel, and/or unclean hands.

16.     Plaintiffs' claims and those of the putative class are barred in whole or in part because they accepted the benefit of the bargain.

17.     Plaintiffs and members of the putative class have suffered no injury in fact.

18.     Plaintiffs and members of the putative class have suffered no injury in fact caused by any purported antitrust violation by SEC.

19.     Plaintiffs and members of the putative class have suffered no damages.

20.     Any damages suffered by Plaintiffs and members of the putative class are speculative.

21.     Plaintiffs' claims and those of the putative class are barred because the alleged conduct was unilateral, has not unreasonably restrained trade, was based on independent and legitimate business and economic justifications, and constituted bona fide business competition.

22.     Plaintiffs' claims are barred, in whole or in part, because the acts or omissions of SEC did not substantially lessen competition in any properly defined market.

23.     Plaintiffs' claims and those of the putative class are barred in whole or in part because an award of treble damages or punitive or exemplary damages against SEC based on the alleged conduct would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States.

1    24.    To the extent Plaintiffs' claims would result in SEC paying damages to more than
2           one claimant for the same alleged overcharge, they are barred because such
3           multiple liability would violate rights guaranteed to SEC by the United States
4           Constitution, including, without limitation, rights guaranteed under the Due
5           Process Clause of the Fourteenth Amendment.

6    25.    Plaintiffs' claims and those of the putative class are barred in whole or in part by
7           the direct-purchaser requirement of *Illinois Brick Co. v. Illinois*, 431 U.S. 720
8           (1977).

9    26.    Plaintiffs' claims are barred, in whole or in part, because the alleged injury is
10          indirect and too remote.

11   27.    Plaintiffs' alleged damages and those of the putative class, if any, resulted from the
12          acts or omissions of third parties over whom SEC had no control. The acts of such
13          third parties constitute intervening or superseding causes of the harm, if any,
14          suffered by Plaintiffs and members of the putative class.

15   28.    The Amended Complaint fails to allege sufficiently or otherwise properly define
16          any market for the purpose of asserting a claim against SEC.

17   29.    To the extent any actionable conduct occurred, Plaintiffs' claims and those of the
18          putative class are barred to the extent that such conduct was committed by any
19          individual acting ultra vires.

20   30.    To the extent any actionable conduct occurred, it occurred by entities independent
21          from and not controlled by SEC.

22   31.    The relief sought by Plaintiffs is barred, in whole or in part, because any injury or
23          damage alleged in the Amended Complaint was not incurred by or passed on to
24          Plaintiffs, or was incurred by or passed on to persons or entities other than
25          Plaintiffs.

26   32.    The relief sought by Plaintiffs is barred, in whole or in part, because any injury or
27          damage alleged in the Amended Complaint, which SEC specifically denies, was

28

1            passed on to persons or entities other than the Plaintiffs and/or was passed on by

2            Plaintiffs to other parties.

3    33.      Without admitting that Plaintiffs are entitled to recover damages in this matter,

4            SEC is entitled to set off from any recovery Plaintiffs may obtain against SEC, any

5            amount paid to Plaintiffs by any other Defendants who have settled, or do settle,

6            Plaintiffs' claims in this matter.

7    34.      To the extent Plaintiffs purport to seek relief on behalf of purported class members

8            who have not suffered any damages, the Amended Complaint and each of its

9            claims for relief therein violates SEC's rights to due process under the United

10           States Constitution.

11   35.      Plaintiffs have failed to state a claim for injunctive relief insofar as Plaintiffs seek

12           to enjoin alleged events that already have transpired without the requisite showing

13           of threatened harm or continuing harm.

14   36.      Plaintiffs have failed to plead fraudulent concealment with the requisite specificity.

15   37.      SEC adopts by reference any applicable defenses heretofore or subsequently

16           pleaded by any other defendant not expressly set forth herein.

17   38.      SEC reserves the right to assert other defenses as discovery proceeds.

18        WHEREFORE, SEC prays that the Court determine and adjudge:

19        (a) That this suit cannot be maintained as a class action;

20        (b) That the Amended Complaint be dismissed with prejudice;

21        (c) That judgment be entered in favor of SEC and against Plaintiffs with respect to all

22 causes of action in the Amended Complaint;

23        (d) That Plaintiffs take nothing by the Amended Complaint;

24        (e) That SEC be awarded its costs, disbursements and attorney's fees and expenses

25 incurred herein; and

26        (f) That SEC be awarded such other and further relief as the Court may deem proper.

27

28

1    Dated: April 29, 2010              By:       /s/  Ian Simmons_____

2                                                 IAN SIMMONS (*pro hac vice*)
                                                  Email: isimmons@omm.com
3                                                 **O'MELVENY & MYERS LLP**
                                                  1625 Eye Street, NW
4                                                 Washington, D.C. 20006
                                                  Telephone:  (202) 383-5300
5                                                 Facsimile:  (202) 383-5414

6

7                                                 MICHAEL TUBACH(145955)
                                                  Email: mtubach@omm.com
8                                                 **O'MELVENY & MYERS LLP**
                                                  Two Embarcadero Center, 28th Floor
9                                                 San Francisco, California 94111
                                                  Telephone:  (415) 984-8700
10                                                Facsimile:  (415) 984-8701

11

12                                                ***Attorneys for Defendant Samsung Electronics Co.,***
                                                  ***Ltd.***

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

3        I hereby certify that on April 29, 2010, I electronically filed Samsung Electronics Co.

4   Ltd.'s Answer to the Direct Purchaser Plaintiffs' Consolidated Amended Complaint with the

5   Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

6   counsel of record in this matter who are registered on the CM/ECF system.

7

8                                        _/s/ Ian Simmons_____ _____
                                         Ian Simmons
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28