MICHAEL TUBACH (SBN 145955)
Email: mtubach@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone:  (415) 984-8700
Facsimile:  (415) 984-8701

IAN SIMMONS (*Admitted Pro Hac Vice*)
Email: isimmons@omm.com
O'MELVENY & MYERS LLP
1625 Eye St. NW
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Attorneys for Defendant:
**SAMSUNG ELECTRONICS CO., LTD.**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 3:07-cv-5944 SC<br>MDL No. 1917 |
| This Document Relates to: | Judge: Hon. Samuel Conti<br>Special Master: Hon. Charles A. Legge (Ret.) |
| ALL INDIRECT PURCHASER ACTIONS | **SAMSUNG ELECTRONICS CO., LTD.'S ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT** |

1      Defendant Samsung Electronics Co., Ltd. ("SEC"), by and through its attorneys, admits,

2  denies, and avers as follows with respect to the Indirect Purchaser Plaintiffs' Consolidated

3  Amended Complaint (the "Amended Complaint") (dated March 16, 2009) of Brian Luscher,

4  Jeffrey Figone, Carmen Gonzalez, Dana Ross, Steven Ganz, Brady Lane Cotton, Colleen

5  Sobotka, Daniel Riebow, Travis Burau, Southern Office Supply, Inc., Andrew Kindt, James

6  Brown, Kory Pentland, Alan Rotman, Chad Klebs, David Norby, Ryan Rizzo, Charles Jenkins,

7  Daniel R. Hergert, Samuel J. Nasto, Adrienne Belai, Craig Stephenson, Joshua Maida, Gary

8  Hanson, Rosemary Ciccone, Donna Marie Ellingson, Frank Warner, Albert Sidney Crigler,

9  Margaret Slagle, John Larch, and Brigid Terry (collectively, "Plaintiffs"):

## I. <u>INTRODUCTION</u>

11      1.    Denies the allegations of Paragraph 1 of the Amended Complaint, and specifically

12  denies that SEC was engaged in the conspiracy alleged in the Amended Complaint, except: (a)

13  admits that Plaintiffs purport to bring this action as a class action and purport to define the Class

14  Period as March 1, 1995 through November 25, 2007; (b) avers to the contrary that this action

15  may not be maintained as a class action on behalf of the purported class or otherwise; (c) avers

16  that the term "Cathode Ray Tube Products" ("CRT Products") is vague, ambiguous, and

17  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

18  Complaint does not allege that finished products containing CRTs were an object of the alleged

19  conspiracy; and (d) avers that the term "CRT Products" is not a term used in the business

20  discourse of SEC and does not denote a single, homogenous, and/or interchangeable product or

21  group of products.

22      2.    Denies the allegations of Paragraph 2 of the Amended Complaint, except avers that:

23  (a) Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group

24  together distinct legal entities with separate businesses and ownership structures: (b) SEC and

25  Samsung SDI are separate and distinct publicly-owned companies; (c) SEC owns an

26  approximately 20 percent share (19.68 percent) of Samsung SDI's stock and does not dominate or

27  control the finances, policies, or affairs of Samsung SDI or any other Samsung SDI entity; and (d)

28  SEC and the SDI Defendants have dissimilar lines of business, and SEC does not manufacture

1  and sell CRTs—the object of the conspiracy alleged by the Amended Complaint; (e) SEC is

2  without knowledge or information sufficient to form a belief as to the allegations regarding the

3  actions of third-parties; and (f) the term "CRT Products" is vague, ambiguous, and improperly

4  overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does

5  not allege that finished products containing CRTs were an object of the alleged conspiracy.

6        3.     Denies the allegations of Paragraph 3 of the Amended Complaint, except avers that:

7  (a) electronic devices containing emerging technologies such as TFT-LCD and Plasma have

8  increasingly competed with the sale of electronic devices containing CPTs and CDTs; (b) the

9  term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

10  manufacture and sell CRTs, and the Amended Complaint does not allege that finished products

11  containing CRTs were an object of the alleged conspiracy; and (c) to the extent the allegations

12  contained in Paragraph 3 of the Amended Complaint are legal conclusions, no response is

13  required.

14        4.     Denies the allegations of Paragraph 4 of the Amended Complaint, except avers that:

15  (a) the terms "[t]his global conspiracy" and "several other international" are vague, ambiguous,

16  and improperly overbroad; and (b) a two-count indictment was issued against C.Y. Lin, former

17  Chairman and CEO of Chunghwa Picture Tubes, Ltd. related to CPTs and CDTs on February 10,

18  2009, and respectfully refers the Court to the document for a full and complete description of its

19  contents.

20  **II.  JURISDICTION AND VENUE**

21        5.     Admits that Plaintiffs purport to bring this action under Section 16 of the Clayton

22  Act (15 U.S.C. § 16) and Section 1 of the Sherman Act (15 U.S.C. § 1), and purport to seek

23  injunctive relief and to recover damages, except: (a) specifically denies that Plaintiffs are entitled

24  to any relief on the purported claims alleged in the Amended Complaint; and (b) avers that to the

25  extent the allegations contained in Paragraph 5 of the Amended Complaint are legal conclusions,

26  no response is required.

27        6.     Admits that this Court has jurisdiction over Plaintiffs' federal claims in this action

28  to the extent that Plaintiffs allege a domestic injury.

1       7.      Denies the allegations in Paragraph 7 of the Amended Complaint, except avers that

2  this action may not be maintained as a class action on behalf of the purported class or otherwise.

3       8.      Admits that venue is proper in the Northern District of California, San Francisco

4  Division.

5       9.      Denies the allegations of Paragraph 9 of the Amended Complaint, except avers that

6  to the extent the allegations contained in Paragraph 9 of the Amended Complaint are legal

7  conclusions, no response is required.

8      10.     Denies the allegations of Paragraph 10 of the Amended Complaint, including each

9  subpart, except avers that: (a) the term "CRT Products" is vague, ambiguous, and improperly

10  overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does

11  not allege that finished products containing CRTs were an object of the alleged conspiracy; and

12  (b) to the extent the allegations contained in Paragraph 10 of the Amended Complaint are legal

13  conclusions, no response is required.

14      11.     Denies the allegations of Paragraph 11 of the Amended Complaint, except avers

15  that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does

16  not manufacture and sell CRTs, and the Amended Complaint does not allege that finished

17  products containing CRTs were an object of the alleged conspiracy.

18      12.     Denies the allegations of Paragraph 12 of the Amended Complaint, except avers

19  that: (a) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC

20  does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished

21  products containing CRTs were an object of the alleged conspiracy; and (b) to the extent the

22  allegations contained in Paragraph 12 of the Amended Complaint are legal conclusions, no

23  response is required.

## III.  DEFINITIONS

25      13.     Denies the allegations of Paragraph 13 of the Amended Complaint, except: (a)

26  admits that cathode ray tubes ("CRTs") are used in televisions, computer monitors, and other

27  applications; (b) avers that Plaintiffs' description of the operation of a CRT is incomplete,

28  oversimplified, and incorrect in certain respects; and (c) avers that SEC reserves the right to

1   provide a more thorough and complete description of the operation of CRT to the extent that the

2   technical operation of a CRT is relevant to Plaintiffs' claims in this proceeding.

3       14.    Admits that Plaintiffs purport to refer to both color display tubes ("CDTs") and

4   color picture tubes ("CPTs") as "cathode ray tubes" or "CRTs," except avers that: (a) Plaintiffs'

5   description of the differences between CDTs and CPTs is incomplete and oversimplified; and (b)

6   SEC reserves the right to provide a more thorough and complete description of the differences

7   between CDTs and CPTs to the extent that such a description is relevant to Plaintiffs' claims in

8   this proceeding.

9       15.    Admits that Plaintiffs purport to define "CRT Products" as encompassing both

10  Cathode Ray Tubes ("CRTs") and "products containing [CRTs]," except avers that: (a) the term

11  "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

12  manufacture and sell CRTs, and the Amended Complaint does not allege that finished products

13  containing CRTs were an object of the alleged conspiracy; and (b) the term "CRT Products" is

14  not a term used in the business discourse of SEC and does not denote a single, homogenous,

15  and/or interchangeable product or group of products.

16      16.    Admits that Plaintiffs purport to bring this action as a class action and purport to

17  define the Class Period as March 1, 1995 through "at least" November 25, 2007, except avers to

18  the contrary that this action may not be maintained as a class action on behalf of the purported

19  class or otherwise.

20      17.    Admits that Plaintiffs purport to define "person" to mean any individual,

21  partnership, corporation, association, or other business or legal entity.

22      18.    Admits that Plaintiffs purport to define "OEM" to mean Original Equipment

23  Manufacturer of CRT Products, except avers that the term "CRT Products" is vague, ambiguous,

24  and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

25  Complaint does not allege that finished products containing CRTs were an object of the alleged

26  conspiracy.

27                          **IV.  PLAINTIFFS**

28      19.    Denies the allegations of Paragraph 19 of the Amended Complaint.

20. Denies the allegations of Paragraph 20 of the Amended Complaint.

21. Denies the allegations of Paragraph 21 of the Amended Complaint.

22. Denies the allegations of Paragraph 22 of the Amended Complaint.

23. Denies the allegations of Paragraph 23 of the Amended Complaint.

24. Denies the allegations of Paragraph 24 of the Amended Complaint.

25. Denies the allegations of Paragraph 25 of the Amended Complaint.

26. Denies the allegations of Paragraph 26 of the Amended Complaint.

27. Denies the allegations of Paragraph 27 of the Amended Complaint.

28. Denies the allegations of Paragraph 28 of the Amended Complaint.

29. Denies the allegations of Paragraph 29 of the Amended Complaint.

30. Denies the allegations of Paragraph 30 of the Amended Complaint.

31. Denies the allegations of Paragraph 31 of the Amended Complaint.

32. Denies the allegations of Paragraph 32 of the Amended Complaint.

33. Denies the allegations of Paragraph 33 of the Amended Complaint.

34. Denies the allegations of Paragraph 34 of the Amended Complaint.

35. Denies the allegations of Paragraph 35 of the Amended Complaint.

36. Denies the allegations of Paragraph 36 of the Amended Complaint.

37. Denies the allegations of Paragraph 37 of the Amended Complaint.

38. Denies the allegations of Paragraph 38 of the Amended Complaint.

39. Denies the allegations of Paragraph 39 of the Amended Complaint.

40. Denies the allegations of Paragraph 40 of the Amended Complaint.

41. Denies the allegations of Paragraph 41 of the Amended Complaint.

42. Denies the allegations of Paragraph 42 of the Amended Complaint.

43. Denies the allegations of Paragraph 43 of the Amended Complaint.

44. Denies the allegations of Paragraph 44 of the Amended Complaint.

45. Denies the allegations of Paragraph 45 of the Amended Complaint.

46. Denies the allegations of Paragraph 46 of the Amended Complaint.

47. Denies the allegations of Paragraph 47 of the Amended Complaint.

1     48.    Denies the allegations of Paragraph 48 of the Amended Complaint.

2     49.    Denies the allegations of Paragraph 49 of the Amended Complaint.

3     **V. <u>DEFENDANTS</u>**

4     <u>**LG Electronics Entities**</u>

5     50.    Denies the allegations of Paragraph 50 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

11     51.    Denies the allegations of Paragraph 51 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

17     52.    Denies the allegations of Paragraph 52 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

23     53.    Admits that Plaintiffs purport to refer to LG Electronics, Inc., LGEUSA, and LGETT collectively as "LG," except avers that SEC is without knowledge or information sufficient to form a belief as to whether such a collective reference is appropriate or justified.

26     <u>**Philips Entities**</u>

27     54.    Denies the allegations of Paragraph 54 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

1   allegations of Paragraph 54; and (b) the term "CRT Products" is vague, ambiguous, and

2   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

3   Complaint does not allege that finished products containing CRTs were an object of the alleged

4   conspiracy.

5          55.    Denies the allegations of Paragraph 55 of the Amended Complaint, except avers

6   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

7   allegations of Paragraph 55; and (b) the term "CRT Products" is vague, ambiguous, and

8   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

9   Complaint does not allege that finished products containing CRTs were an object of the alleged

10  conspiracy.

11         56.    Denies the allegations of Paragraph 56 of the Amended Complaint, except avers

12  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

13  allegations of Paragraph 56; and (b) the term "CRT Products" is vague, ambiguous, and

14  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

15  Complaint does not allege that finished products containing CRTs were an object of the alleged

16  conspiracy.

17         57.    Denies the allegations of Paragraph 57 of the Amended Complaint, except avers

18  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

19  allegations of Paragraph 57; and (b) the term "CRT Products" is vague, ambiguous, and

20  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

21  Complaint does not allege that finished products containing CRTs were an object of the alleged

22  conspiracy.

23         58.    Denies the allegations of Paragraph 58 of the Amended Complaint, except avers

24  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

25  allegations of Paragraph 58; and (b) the term "CRT Products" is vague, ambiguous, and

26  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

27  Complaint does not allege that finished products containing CRTs were an object of the alleged

28  conspiracy.

59.     Denies the allegations of Paragraph 59 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

60.     Admits that Plaintiffs purport to refer to Royal Philips, PENAC, PEIL, PCEC, Philips Electronics Taiwan, and Philips Brazil collectively as "Philips," except avers that SEC is without knowledge or information sufficient to form a belief as to whether such a collective reference is appropriate or justified.

**LP Displays**

61.     Denies the allegations of Paragraph 61 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

**Samsung Entities**

62.     Denies the allegations of Paragraph 62 of the Amended Complaint, except avers that: (a) SEC is a South Korean company with its headquarters at Samsung Electronics Bldg., 1320-10, Seocho 2-dong, Seocho-gu, Seoul 137-857, Korea; (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy; and (c) to the extent the allegations contained in Paragraph 62 of the Amended Complaint are legal conclusions, no response is required.

63.     Denies the allegations of Paragraph 63 of the Amended Complaint, except: (a) admits that Samsung Electronics America, Inc. ("SEAI") is a New York corporation with its principal place of business located at 105 Challenger Road, Ridgefield Park, New Jersey 07660;

1   (b) admits that SEAI is a wholly-owned subsidiary of SEC; (c) avers that the term "CRT

2   Products" is vague, ambiguous, and improperly overbroad because SEC and SEAI do not

3   manufacture and sell CRTs, and the Amended Complaint does not allege that finished products

4   containing CRTs were an object of the alleged conspiracy; and (d) avers that to the extent the

5   allegations contained in Paragraph 63 of the Amended Complaint are legal conclusions, no

6   response is required.

7       64.    Denies the allegations of Paragraph 64 of the Amended Complaint, except: (a)

8   admits that Samsung SDI Co., Ltd. ("Samsung SDI") is a South Korean company, (b) avers that

9   Samsung SDI's headquarters is located at 575 Shin-dong, Youngtong-gu, Suwon, South Korea;

10  (c) admits that Samsung SDI is a public company and that SEC holds approximately 20 percent

11  of Samsung SDI's stock; (d) avers that SEC is without knowledge or information sufficient to

12  form a belief as to the truth of Plaintiffs' allegation that "Samsung SDI claims to be the world's

13  leading company in the display and energy businesses, with 28,000 employees and facilities in 18

14  countries"; (e) avers that SEC is without knowledge or information sufficient to form a belief as

15  to the truth of Plaintiffs' allegation that Samsung SDI held a 34.3% "worldwide market share" in

16  the market for CRTs, more than another other [sic] producer"; (f) avers that the terms "worldwide

17  market share," "market for CRTs" and "another other producer" are vague, ambiguous, and not

18  self-defining; (g) avers that SEC is without knowledge or information sufficient to form a belief

19  as to whether Samsung SDI currently has or for what period of time Samsung SDI maintained

20  offices in Chicago and San Diego; (h) specifically denies that SEC "dominated and controlled the

21  finances, policies, and affairs of Samsung SDI"; (i) avers that the term "CRT Products" is vague,

22  ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the

23  Amended Complaint does not allege that finished products containing CRTs were an object of the

24  alleged conspiracy; and (j) avers that to the extent the allegations contained in Paragraph 64 of the

25  Amended Complaint are legal conclusions, no response is required.

26      65.    Denies the allegations of Paragraph 65 of the Amended Complaint, and specifically

27  denies that SEC dominated or controlled the finances, policies, or affairs of Samsung SDI

28  America, Inc., except avers that: (a) SEC is without knowledge or information sufficient to form a

1   belief as to the truth of the remaining allegations of Paragraph 65; (b) the term "CRT Products" is

2   vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs,

3   and the Amended Complaint does not allege that finished products containing CRTs were an

4   object of the alleged conspiracy; and (c) to the extent the allegations contained in Paragraph 65 of

5   the Amended Complaint are legal conclusions, no response is required.

6         66.      Denies the allegations of Paragraph 66 of the Amended Complaint, and specifically

7   denies that SEC dominated or controlled the finances, policies, or affairs of Samsung SDI Mexico

8   S.A. de C.V., except avers that: (a) SEC is without knowledge or information sufficient to form a

9   belief as to the truth of the remaining allegations of Paragraph 66; (b) the term "CRT Products" is

10  vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs,

11  and the Amended Complaint does not allege that finished products containing CRTs were an

12  object of the alleged conspiracy; and (c) to the extent the allegations contained in Paragraph 66 of

13  the Amended Complaint are legal conclusions, no response is required.

14        67.      Denies the allegations of Paragraph 67 of the Amended Complaint, and specifically

15  denies that SEC dominated or controlled the finances, policies, or affairs of Samsung SDI Brasil

16  Ltda., except avers that: (a) SEC is without knowledge or information sufficient to form a belief

17  as to the truth of the remaining allegations of Paragraph 67; (b) the term "CRT Products" is

18  vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs,

19  and the Amended Complaint does not allege that finished products containing CRTs were an

20  object of the alleged conspiracy; and (c) to the extent the allegations contained in Paragraph 67 of

21  the Amended Complaint are legal conclusions, no response is required.

22        68.      Denies the allegations of Paragraph 68 of the Amended Complaint, and specifically

23  denies that SEC dominated or controlled the finances, polices, or affairs of Shenzhen Samsung

24  SDI Co. Ltd., except avers that: (a) SEC is without knowledge or information sufficient to form a

25  belief as to the truth of the remaining allegations of Paragraph 68; (b) the term "CRT Products" is

26  vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs,

27  and the Amended Complaint does not allege that finished products containing CRTs were an

28

1    object of the alleged conspiracy; and (c) to the extent the allegations contained in Paragraph 68 of

2    the Amended Complaint are legal conclusions, no response is required.

3         69.     Denies the allegations of Paragraph 69 of the Amended Complaint, and specifically

4    denies that SEC dominated or controlled the finances, policies, or affairs of Tianjin Samsung SDI

5    Co., Ltd., except avers that: (a) SEC is without knowledge or information sufficient to form a

6    belief as to the truth of the remaining allegations of Paragraph 69; (b) the term "CRT Products" is

7    vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs,

8    and the Amended Complaint does not allege that finished products containing CRTs were an

9    object of the alleged conspiracy, and (c) to the extent the allegations contained in Paragraph 69 of

10   the Amended Complaint are legal conclusions, no response is required.

11        70.     Denies the allegations of Paragraph 70 of the Amended Complaint, and specifically

12   denies that SEC dominated or controlled the finances, policies, or affairs of Samsung SDI

13   (Malaysia) Sdn. Bhd., except avers that: (a) SEC is without knowledge or information sufficient

14   to form a belief as to the truth of the remaining allegations of Paragraph 70; (b) the term "CRT

15   Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture

16   and sell CRTs, and the Amended Complaint does not allege that finished products containing

17   CRTs were an object of the alleged conspiracy; and (c) to the extent the allegations contained in

18   Paragraph 70 of the Amended Complaint are legal conclusions, no response is required.

19        71.     Admits that Plaintiffs purport to refer to SEC, SEAI, Samsung SDI, Samsung SDI

20   America, Samsung SDI Mexico, Samsung SDI Brazil, Samsung SDI Shenzhen, Samsung SDI

21   Tianjin, and Samsung Malaysia collectively as "Samsung," except specifically denies that such a

22   collective reference is appropriate as it improperly seeks to group together distinct legal entities

23   with separate businesses and ownership structures.  SEC avers that: (a) SEC and Samsung SDI

24   are separate and distinct publicly-owned companies; and (b) SEC does not dominate or control

25   the finances, policies, or affairs of Samsung SDI, Samsung SDI America, Samsung SDI Mexico,

26   Samsung SDI Brazil, Samsung SDI Shenzhen, Samsung SDI Tianjin, or Samsung Malaysia

27   (collectively "the SDI Defendants").  Furthermore, SEC avers that it and the SDI Defendants

28

1   have dissimilar lines of business, and SEC does not manufacture and sell CRTs—the object of the

2   conspiracy alleged by the Amended Complaint.

3   **Toshiba Entities**

4       72.     Denies the allegations of Paragraph 72 of the Amended Complaint, except avers

5   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

6   allegations of Paragraph 72; and (b) the term "CRT Products" is vague, ambiguous, and

7   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

8   Complaint does not allege that finished products containing CRTs were an object of the alleged

9   conspiracy.

10      73.     Denies the allegations of Paragraph 73 of the Amended Complaint, except avers

11  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

12  allegations of Paragraph 73; and (b) the term "CRT Products" is vague, ambiguous, and

13  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

14  Complaint does not allege that finished products containing CRTs were an object of the alleged

15  conspiracy.

16      74.     Denies the allegations of Paragraph 74 of the Amended Complaint, except avers

17  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

18  allegations of Paragraph 74; and (b) the term "CRT Products" is vague, ambiguous, and

19  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

20  Complaint does not allege that finished products containing CRTs were an object of the alleged

21  conspiracy.

22      75.     Denies the allegations of Paragraph 75 of the Amended Complaint, except avers

23  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

24  allegations of Paragraph 75; and (b) the term "CRT Products" is vague, ambiguous, and

25  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

26  Complaint does not allege that finished products containing CRTs were an object of the alleged

27  conspiracy.

28

76.     Denies the allegations of Paragraph 76 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

77.     Denies the allegations of Paragraph 77 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

78.     Denies the allegations of Paragraph 78 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

79.     Admits that Plaintiffs purport to refer to Toshiba Corporation, Toshiba America, Inc., TACP, TACPI, TAIP, TAEC and TDDT collectively as "Toshiba," except avers that SEC is without knowledge or information sufficient to form a belief as to whether such a collective reference is appropriate or justified.

**Panasonic Entities**

80.     Denies the allegations of Paragraph 80 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

1   Complaint does not allege that finished products containing CRTs were an object of the alleged

2   conspiracy.

3       81.     Denies the allegations of Paragraph 81 of the Amended Complaint, except avers

4   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

5   allegations of Paragraph 81; and (b) the term "CRT Products" is vague, ambiguous, and

6   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

7   Complaint does not allege that finished products containing CRTs were an object of the alleged

8   conspiracy.

9       82.     Denies the allegations of Paragraph 82 of the Amended Complaint, except avers

10  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

11  allegations of Paragraph 82; and (b) the term "CRT Products" is vague, ambiguous, and

12  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

13  Complaint does not allege that finished products containing CRTs were an object of the alleged

14  conspiracy.

15      83.     Denies the allegations of Paragraph 83 of the Amended Complaint, except avers

16  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

17  allegations of Paragraph 83; and (b) the term "CRT Products" is vague, ambiguous, and

18  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

19  Complaint does not allege that finished products containing CRTs were an object of the alleged

20  conspiracy.

21      84.     Denies the allegations of Paragraph 84 of the Amended Complaint, except avers

22  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

23  allegations of Paragraph 84; and (b) that the term "CRT Products" is vague, ambiguous, and

24  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

25  Complaint does not allege that finished products containing CRTs were an object of the alleged

26  conspiracy.

27      85.     Denies the allegations of Paragraph 85 of the Amended Complaint, except avers

28  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

Case 4:07-cv-05944-JST   Document 681   Filed 04/29/10   Page 16 of 46

1   allegations of Paragraph 85; and (b) the term "CRT Products" is vague, ambiguous, and

2   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

3   Complaint does not allege that finished products containing CRTs were an object of the alleged

4   conspiracy.

5           86.    Denies the allegations of Paragraph 86 of the Amended Complaint, except avers

6   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

7   allegations of Paragraph 86; and (b) the term "CRT Products" is vague, ambiguous, and

8   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

9   Complaint does not allege that finished products containing CRTs were an object of the alleged

10   conspiracy.

11   **<u>Hitachi Entities</u>**

12           87.    Denies the allegations of Paragraph 87 of the Amended Complaint, except avers

13   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

14   allegations of Paragraph 87; and (b) the term "CRT Products" is vague, ambiguous, and

15   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

16   Complaint does not allege that finished products containing CRTs were an object of the alleged

17   conspiracy.

18           88.    Denies the allegations of Paragraph 88 of the Amended Complaint, except avers

19   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

20   allegations of Paragraph 88; and (b) the term "CRT Products" is vague, ambiguous, and

21   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

22   Complaint does not allege that finished products containing CRTs were an object of the alleged

23   conspiracy.

24           89.    Denies the allegations of Paragraph 89 of the Amended Complaint, except avers

25   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

26   allegations of Paragraph 89; and (b) the term "CRT Products" is vague, ambiguous, and

27   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

28

1    Complaint does not allege that finished products containing CRTs were an object of the alleged

2    conspiracy.

3          90.    Denies the allegations of Paragraph 90 of the Amended Complaint, except avers

4    that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

5    allegations of Paragraph 90; and (b) the term "CRT Products" is vague, ambiguous, and

6    improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

7    Complaint does not allege that finished products containing CRTs were an object of the alleged

8    conspiracy.

9          91.    Denies the allegations of Paragraph 91 of the Amended Complaint, except avers

10   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

11   allegations of Paragraph 91; and (b) the term "CRT Products" is vague, ambiguous, and

12   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

13   Complaint does not allege that finished products containing CRTs were an object of the alleged

14   conspiracy.

15         92.    Denies the allegations of Paragraph 92 of the Amended Complaint, except avers

16   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

17   allegations of Paragraph 92; and (b) the term "CRT Products" is vague, ambiguous, and

18   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

19   Complaint does not allege that finished products containing CRTs were an object of the alleged

20   conspiracy.

21         93.    Admits that Plaintiffs purport to refer to Hitachi Ltd., Hitachi Displays, Hitachi

22   America, HEDUS, Hitachi Asia, and Hitachi Shenzhen collectively as "Hitachi." except avers

23   that SEC is without knowledge or information sufficient to form a belief as to whether such a

24   collective reference is appropriate or justified.

25   **Tatung Entities**

26         94.    Denies the allegations of Paragraph 94 of the Amended Complaint, except avers

27   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

28   allegations of Paragraph 94; and (b) the term "CRT Products" is vague, ambiguous, and

1    improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

2    Complaint does not allege that finished products containing CRTs were an object of the alleged

3    conspiracy.

4              95.      Denies the allegations of Paragraph 95 of the Amended Complaint, except avers

5    that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

6    allegations of Paragraph 95; and (b) the term "CRT Products" is vague, ambiguous, and

7    improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

8    Complaint does not allege that finished products containing CRTs were an object of the alleged

9    conspiracy.

10             96.      Admits that Plaintiffs purport to refer to Tatung Company and Tatung America

11   collectively as "Tatung," except avers that SEC is without knowledge or information sufficient to

12   form a belief as to whether such a collective reference is appropriate or justified.

13   **Chunghwa Entities**

14             97.      Denies the allegations of Paragraph 97 of the Amended Complaint, except avers

15   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

16   allegations of Paragraph 97; and (b) the term "CRT Products" is vague, ambiguous, and

17   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

18   Complaint does not allege that finished products containing CRTs were an object of the alleged

19   conspiracy.

20             98.      Denies the allegations of Paragraph 98 of the Amended Complaint, except avers

21   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

22   allegations of Paragraph 98; and (b) the term "CRT Products" is vague, ambiguous, and

23   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

24   Complaint does not allege that finished products containing CRTs were an object of the alleged

25   conspiracy.

26             99.      Admits that Plaintiffs purport to refer to CPT and Chunghwa Malaysia are

27   collectively as "Chunghwa," except avers that SEC is without knowledge or information

28   sufficient to form a belief as to whether such a collective reference is appropriate or justified.

**IRICO Entities**

100.   Denies the allegations of Paragraph 100 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

101.   Denies the allegations of Paragraph 101 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

102.   Denies the allegations of Paragraph 102 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

103.   Admits that Plaintiffs purport to refer to IGC, IDDC, and IGE collectively as "IRICO," except avers that SEC is without knowledge or information sufficient to form a belief as to whether such a collective reference is appropriate or justified.

**Thai CRT**

104.   Denies the allegations of Paragraph 104 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

1  Complaint does not allege that finished products containing CRTs were an object of the alleged

2  conspiracy.

3  **Samtel**

4      105.   Denies the allegations of Paragraph 105 of the Amended Complaint, except avers

5  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

6  allegations of Paragraph 105; and (b) the term "CRT Products" is vague, ambiguous, and

7  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

8  Complaint does not allege that finished products containing CRTs were an object of the alleged

9  conspiracy.

10  **Daewoo Entities**

11      106.   Denies the allegations of Paragraph 106 of the Amended Complaint, except avers

12  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

13  allegations of Paragraph 106; and (b) the term "CRT Products" is vague, ambiguous, and

14  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

15  Complaint does not allege that finished products containing CRTs were an object of the alleged

16  conspiracy.

17      107.   Denies the allegations of Paragraph 107 of the Amended Complaint, except avers

18  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

19  allegations of Paragraph 107; and (b) the term "CRT Products" is vague, ambiguous, and

20  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

21  Complaint does not allege that finished products containing CRTs were an object of the alleged

22  conspiracy.

23      108.   Admits that Plaintiffs purport to refer to Daewoo International, Daewoo Electronics,

24  Orion, and DOSA collectively as "Daewoo," except avers that SEC is without knowledge or

25  information sufficient to form a belief as to whether such a collective reference is appropriate or

26  justified.

27      109.   Admits that Plaintiffs purport to refer to all of the above-listed defendants

28  collectively as "Defendants."

# VI.  PURPORTED AGENTS AND CO-CONSPIRATORS

110.   Denies the allegations of Paragraph 110 of the Amended Complaint.

111.   Denies the allegations of Paragraph 111 of the Amended Complaint.

112.   Denies the allegations of Paragraph 112 of the Amended Complaint.

113.   Denies the allegations of Paragraph 113 of the Amended Complaint.

# VII.  INTERSTATE TRADE AND COMMERCE

114.   Denies the allegations of Paragraph 114 of the Amended Complaint, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

115.   Denies the allegations of Paragraph 115 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the "market for CRT Products"; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

116.   Denies the allegations of Paragraph 116 of the Amended Complaint, except avers that: (a) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations contained in Paragraph 116 of the Amended Complaint are legal conclusions, no response is required.

# VIII.  PURPORTED FACTUAL ALLEGATIONS

## A.  CRT Technology

117.   Denies the allegations of Paragraph 117 of the Amended Complaint, except: (a) admits that CRT technology was first developed more than a century ago; (b) admits that CRTs are used in televisions, computer monitors, and other applications; and (c) avers that SEC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 117.

118.   Denies the allegations of Paragraph 118 of the Amended Complaint, except avers that: (a) Plaintiffs' description of the operation of a CRT is incomplete, oversimplified, and incorrect in certain respects; and (b) SEC reserves the right to provide a more thorough and complete description of the operation of CRT to the extent that the technical operation of a CRT is relevant to Plaintiffs' claims in this proceeding.

119.   Denies the allegations of Paragraph 119 of the Amended Complaint.

120.   Denies the allegations of Paragraph 120 of the Amended Complaint, except avers that SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 120 due to the vague and ambiguous nature of terms such as "last few years" and "dominant."

**B.   Purported Structural Characteristics Of The CRT Market**

121.   Denies the allegations of Paragraph 121 of the Amended Complaint, and specifically denies that SEC was engaged in the conspiracy alleged in the Amended Complaint, except avers that: (a) the term "CRT Product market" is vague, ambiguous and not self defining; (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy; and (c) to the extent that the term "CRT Product market" is intended to signify a relevant product market for antitrust purposes, the allegation represents a legal conclusion to which no response is required.

**a.        Purported Market Concentration**

122.   Denies the allegations of Paragraph 122 of the Amended Complaint.

**b.        Purported Information Sharing**

123.   Denies the allegations of Paragraph 123 of the Amended Complaint.

124.   Denies the allegations of Paragraph 124 of the Amended Complaint, except: (a) admits that SEC is member of the Society for Information Display; (b) admits that SEC was a founding member of the Korea Display Industry Association; (c) admits that SEC is a member of the Electronic Display Research Association of Korea; (d) denies that Plaintiff's collective reference to "Samsung" is appropriate as it improperly seeks to group together distinct legal

1    entities with separate businesses and ownership structures; (e) avers that SEC and Samsung SDI

2    are separate and distinct publicly-owned companies; (f) avers that SEC does not manufacture and

3    sell CRTs—the object of the conspiracy alleged by the Amended Complaint; and (g) avers that

4    the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

5    manufacture and sell CRTs, and the Amended Complaint does not allege that finished products

6    containing CRTs were an object of the alleged conspiracy.

7           **c.      Purported Consolidation**

8           125.   Denies the allegations of Paragraph 125 of the Amended Complaint, except avers

9    that SEAI is without knowledge or information sufficient to form a belief as to the allegations of

10   Paragraph 125 regarding the activities of third parties.

11          126.   Denies the allegations of Paragraph 126 of the Amended Complaint.

12          **d.      Purported Multiple Interrelated Business Relationships**

13          127.   Denies the allegations of Paragraph 127 of the Amended Complaint.

14          128.   Denies the allegations of Paragraph 128 of the Amended Complaint, including each

15   subpart, except: (a) avers that SEC is without knowledge or information sufficient to form a belief

16   as to the allegations of Paragraph 128 regarding the activities of third parties; (b) avers that the

17   term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

18   manufacture and sell CRTs, and the Amended Complaint does not allege that finished products

19   containing CRTs were an object of the alleged conspiracy; (c) avers that the term "CRT Product

20   market" is vague, ambiguous and not self defining; (d) avers that to the extent that the term "CRT

21   Product market" is intended to signify a relevant product market for antitrust purposes, the

22   allegation represents a legal conclusion to which no response is required; (e) denies that

23   Plaintiff's collective reference to "Samsung" is appropriate as it improperly seeks to group

24   together distinct legal entities with separate businesses and ownership structures.

25          **e.      Purported High Costs Of Entry Into The Industry**

26          129.   Denies the allegations of Paragraph 129 of the Amended Complaint.

27          **f.      The Purported Maturity Of The CRT Product Market**

28

1    130.   Denies the allegations of Paragraph 130 of the Amended Complaint, and

2    specifically denies that SEC was engaged in the conspiracy alleged in the Amended Complaint,

3    except avers that: (a) basic CRT technology has existed for decades; but (b) there have been

4    significant innovations and improvements to CRT technology; (c) the term "CRT Product

5    market" is vague, ambiguous, and not self defining; (d) the term "CRT Products" is vague,

6    ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the

7    Amended Complaint does not allege that finished products containing CRTs were an object of the

8    alleged conspiracy; and (e) to the extent that the term "CRT Product market" is intended to

9    signify a relevant product market for antitrust purposes, the allegation represents a legal

10   conclusion to which no response is required.

11   131.   Denies the allegations of Paragraph 131 of the Amended Complaint.

12   132.   Denies the allegations of Paragraph 132 of the Amended Complaint, except avers

13   that: (a) since the mid-1990's, electronic devices containing emerging technologies such as liquid

14   crystal displays (TFT-LCDs or LCDs) and Plasma displays have increasingly competed with the

15   sale of electronic devices containing CPTs and CDTs; (b) SEC is without knowledge or

16   information sufficient to form a belief as to the truth of the allegations of Paragraph 132 regarding

17   Plaintiffs' allegations pertaining to "revenues from the sale of CRT televisions in the United

18   States" as that phrase is vague and ambiguous; and (c) the term "CRT Products" is vague,

19   ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the

20   Amended Complaint does not allege that finished products containing CRTs were an object of the

21   alleged conspiracy.

22   133.   Denies the allegations of Paragraph 133 of the Amended Complaint, and

23   specifically denies that SEC was engaged in the conspiracy alleged in the Amended Complaint,

24   except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to

25   the truth of the allegations of Paragraph 133 due to the vague and ambiguous nature of terms such

26   as "demand," and "dominant"; (b) since the mid-1990's, electronic devices containing emerging

27   technologies such as liquid crystal displays (TFT-LCDs or LCDs) and Plasma displays have

28   increasingly competed with the sale of electronic devices containing CPTs and CDTs; and (c) the

1    term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

2    manufacture and sell CRTs, and the Amended Complaint does not allege that finished products

3    containing CRTs were an object of the alleged conspiracy.

4          134.   Denies the allegations of Paragraph 134 of the Amended Complaint, except avers

5    that SEC is without knowledge or information sufficient to form a belief as to the truth of the

6    allegations of Paragraph 134.

7          135.   Denies the allegations of Paragraph 135 of the Amended Complaint, except avers

8    that SEC is without knowledge or information sufficient to form a belief as to the truth of the

9    allegations of Paragraph 135.

10          **g.**     **Purported Homogeneity Of CRT Products**

11          136.   Denies the allegations of Paragraph 136 of the Amended Complaint and avers that

12    the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

13    manufacture and sell CRTs, and the Amended Complaint does not allege that finished products

14    containing CRTs were an object of the alleged conspiracy.

15          137.   Denies the allegations of Paragraph 137 of the Amended Complaint.

16    **C.**  **Purported Pre-Conspiracy Market**

17          138.   Denies the allegations of Paragraph 138 of the Amended Complaint.

18          139.   Denies the allegations of Paragraph 139 of the Amended Complaint.

19    **D.**  **Defendants' And Co-Conspirators' Purported Illegal Agreements**

20          140.   Denies the allegations of Paragraph 140 of the Amended Complaint.

21          141.   Denies the allegations of Paragraph 141 of the Amended Complaint.

22          142.   Denies the allegations of Paragraph 142 of the Amended Complaint except avers

23    that Plaintiff's collective reference to "Samsung" is inappropriate as it improperly seeks to group

24    together distinct legal entities with separate businesses and ownership structures.

25          143.   Denies the allegations of Paragraph 143 of the Amended Complaint.

26          144.   Denies the allegations of Paragraph 144 of the Amended Complaint.

27          **a.**     **Purported "Glass Meetings"**

28          145.   Denies the allegations of Paragraph 145 of the Amended Complaint.

1    146.   Denies the allegations of Paragraph 146 of the Amended Complaint.

2    147.   Denies the allegations of Paragraph 147 of the Amended Complaint.

3    148.   Denies the allegations of Paragraph 148 of the Amended Complaint, including each

4   subpart, except avers that: (a) Plaintiff's collective reference to "Samsung" is inappropriate as it

5   improperly seeks to group together distinct legal entities with separate businesses and ownership

6   structures; (b) SEC and Samsung SDI are separate and distinct publicly-owned companies; and

7   (c) SEC does not manufacture and sell CRTs—the object of the conspiracy alleged by the

8   Amended Complaint.

9    149.   Denies the allegations of Paragraph 149 of the Amended Complaint.

10    150.   Denies the allegations of Paragraph 150 of the Amended Complaint.

11    151.   Denies the allegations of Paragraph 151 of the Amended Complaint.

12    152.   Denies the allegations of Paragraph 152 of the Amended Complaint, except avers

13   that SEC does not manufacture and sell CRTs and thus was not capable of having "agreed upon

14   what price [it] would charge for CRTs to be sold the following month or quarter."

15    153.   Denies the allegations of Paragraph 153 of the Amended Complaint.

16    154.   Denies the allegations of Paragraph 154 of the Amended Complaint.

17    155.   Denies the allegations of Paragraph 155 of the Amended Complaint, except avers

18   that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does

19   not manufacture and sell CRTs, and the Amended Complaint does not allege that finished

20   products containing CRTs were an object of the alleged conspiracy.

21    156.   Denies the allegations of Paragraph 156 of the Amended Complaint, including each

22   subpart, except avers that the term "CRT Products" is vague, ambiguous, and improperly

23   overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does

24   not allege that finished products containing CRTs were an object of the alleged conspiracy.

25    157.   Denies the allegations of Paragraph 157 of the Amended Complaint.

26    158.   Denies the allegations of Paragraph 158 of the Amended Complaint.

27    **b.    Purported Bilateral Discussions**

28    159.   Denies the allegations of Paragraph 159 of the Amended Complaint.

160.   Denies the allegations of Paragraph 160 of the Amended Complaint.

161.   Denies the allegations of Paragraph 161 of the Amended Complaint.

162.   Denies the allegations of Paragraph 162 of the Amended Complaint, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

163.   Denies the allegations of Paragraph 163 of the Amended Complaint.

164.   Denies the allegations of Paragraph 164 of the Amended Complaint, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

165.   Denies the allegations of Paragraph 165 of the Amended Complaint, and specifically denies that SEC was engaged in the conspiracy alleged in the Amended Complaint, except avers that: (a) Plaintiff's collective reference to "Samsung" is inappropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures; (b) SEC and Samsung SDI are separate and distinct publicly-owned companies; (c) SEC is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 165 as they relate to third parties; and (d) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

c.   **Defendants' And Co-Conspirators' Purported Participation In Group And Bilateral Discussions**

166.   Denies the allegations of Paragraph 166 of the Amended Complaint, except avers that: (a) Plaintiff's collective reference to "Samsung" is inappropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures; (b) SEC and Samsung SDI are separate and distinct publicly-owned companies; (c) SEC does not manufacture and sell CRTs—the object of the conspiracy alleged by the Amended Complaint;

1   and (d) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC

2   does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished

3   products containing CRTs were an object of the alleged conspiracy.

4       167.   Denies the allegations of Paragraph 167 of the Amended Complaint.

5       168.   Denies the allegations of Paragraph 168 of the Amended Complaint.

6       169.   Denies the allegations of Paragraph 169 of the Amended Complaint.

7       170.   Denies the allegations of Paragraph 170 of the Amended Complaint.

8       171.   Denies the allegations of Paragraph 171 of the Amended Complaint.

9       172.   Denies the allegations of Paragraph 172 of the Amended Complaint.

10      173.   Denies the allegations of Paragraph 173 of the Amended Complaint.

11      174.   Denies the allegations of Paragraph 174 of the Amended Complaint..

12      175.   Denies the allegations of Paragraph 175 of the Amended Complaint.

13      176.   Denies the allegations of Paragraph 176 of the Amended Complaint.

14      177.   Denies the allegations of Paragraph 177 of the Amended Complaint.

15      178.   Denies the allegations of Paragraph 178 of the Amended Complaint.

16      179.   Denies the allegations of Paragraph 179 of the Amended Complaint.

17      180.   Denies the allegations of Paragraph 180 of the Amended Complaint.

18      181.   Denies the allegations of Paragraph 181 of the Amended Complaint.

19      182.   Denies the allegations of Paragraph 182 of the Amended Complaint.

20      183.   Denies the allegations of Paragraph 183 of the Amended Complaint.

21      184.   Denies the allegations of Paragraph 184 of the Amended Complaint.

22      185.   Denies the allegations of Paragraph 185 of the Amended Complaint.

23      186.   Denies the allegations of Paragraph 186 of the Amended Complaint.

24      187.   Denies the allegations of Paragraph 187 of the Amended Complaint.

25      188.   Denies the allegations of Paragraph 188 of the Amended Complaint, except: (a)

26   admits that Plaintiffs purport to refer to separate and distinct companies collectively by a single

27   name; but (b) specifically denies that such a collective reference is appropriate with respect to

28

SEC and the SDI Defendants as it improperly seeks to group together distinct legal entities with separate businesses and ownership structure.

**E.   The Purported CRT Market During The Conspiracy**

189.   Denies the allegations of Paragraph 189 of the Amended Complaint, except avers that SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 189 due to the vague and ambiguous nature of terms such as "last few years" and "dominant."

190.   Denies the allegations in Paragraph 190 of the Amended Complaint, except: (a) admits that Plaintiffs purport to offer data reported by Stanford Resources, Inc.; and (b) avers that SEC is without knowledge or information sufficient to form a belief as to the accuracy of that representation or data.

191.   Denies the allegations of Paragraph 191 of the Amended Complaint, except: (a) admits that Plaintiffs purport to offer data published by Fuji Chimera Research; but (b) avers that SEC is without knowledge or information sufficient to form a belief as to the accuracy of that representation or data; and (c) avers that SEC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 191 and that the phrase "market for CRT TVs and computer monitors" is vague and ambiguous.

192.   Denies the allegations of Paragraph 192 of the Amended Complaint.

193.   Denies the allegations of Paragraph 193 of the Amended Complaint, except: (a) admits that Plaintiffs purport to provide a statement of an unnamed "industry source"; but (b) avers that SEC is without knowledge or information sufficient to form a belief as to the truth or accuracy of that representation or statement.

194.   Denies the allegations of Paragraph 194 of the Amended Complaint.

195.   Denies the allegations of Paragraph 195 of the Amended Complaint.

196.   Denies the allegations of Paragraph 196 of the Amended Complaint.

197.   Denies the allegations of Paragraph 197 of the Amended Complaint.

198.   Denies the allegations of Paragraph 198 of the Amended Complaint.

1    199.   Denies the allegations of Paragraph 199 of the Amended Complaint and specifically

2    denies that SEC was engaged in the conspiracy or collusive activities alleged in the Amended

3    Complaint, except avers that: (a) SEAI does not manufacture and sell CRTs, and on that basis

4    specifically denies that SEAI could have effected a drop in its "CRT factory utilization" to the

5    extent that that term refers to the manufacture of CRTs; and (b) the term "CRT Products" is

6    vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs,

7    and the Amended Complaint does not allege that finished products containing CRTs were an

8    object of the alleged conspiracy.

9    200.   Denies the allegations of Paragraph 200 of the Amended Complaint, except: (a)

10   avers that SEC is without knowledge or information sufficient to form a belief as to the

11   allegations of Paragraph 200; the terms "normal downward pressures," "moderating," and "new

12   generation LCD panels and plasma display products" are vague, ambiguous, and not self-

13   defining; (c) admits that Plaintiffs purport to provide a statement of Finsen Yu; but (d) avers that

14   SEC is without knowledge or information sufficient to form a belief as to the truth or accuracy of

15   that statement; and (d) avers that the term "CRT Products" is vague, ambiguous, and improperly

16   overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does

17   not allege that finished products containing CRTs were an object of the alleged conspiracy.

18   201.   Denies the allegations of Paragraph 201 of the Amended Complaint, except avers

19   that: (a) SEC is without knowledge or information sufficient to form a belief as to the allegations

20   of Paragraph 201 due to the vague and ambiguous nature of the terms and phrases "periods of

21   unnatural and sustained price stability," "prices of CRT Products," "approaching obsolescence,"

22   "new, potentially superior and clearly more popular, substitutable technology"; (b) the term "CRT

23   Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture

24   and sell CRTs, and the Amended Complaint does not allege that finished products containing

25   CRTs were an object of the alleged conspiracy; and (c) to the extent the allegations contained in

26   Paragraph 201 of the Amended Complaint are legal conclusions, no response is required.

27   202.   Denies the allegations of Paragraph 202 of the Amended Complaint, except avers

28   that: (a) the terms "price stability," "market for CRT Products," "rapidly decreasing demand,"

1  and "new, substitutable technology" are vague, ambiguous, and not self-defining; (b) the term

2  "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

3  manufacture and sell CRTs, and the Amended Complaint does not allege that finished products

4  containing CRTs were an object of the alleged conspiracy; and (c) to the extent the allegations

5  contained in Paragraph 202 of the Amended Complaint are legal conclusions, no response is

6  required.

7      **E.  <u>International Government Antitrust Investigations</u>**

8      203.   Denies the allegations of Paragraph 203 of the Amended Complaint, except avers

9  that: (a) to the extent the allegations are directed to other Defendants, SEC is without knowledge

10  or information sufficient to form a belief as to the truth of the allegations; (b) to SEC's

11  knowledge, no DOJ investigation has targeted SEC, which does not manufacture and sell CRTs;

12  (c) to SEC's knowledge and belief based on public information these investigations have been

13  limited to alleged price fixing of CDTs and CPTs, and not finished products containing CDTs or

14  CPTs; and (d) the term "CRT Products" is vague, ambiguous, and improperly overbroad because

15  SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that

16  finished products containing CRTs were an object of the alleged conspiracy.

17      204.   Denies the allegations of Paragraph 204 of the Amended Complaint, except avers

18  that: (a) SEC is without knowledge or information sufficient to form a belief as to the allegations

19  of Paragraph 204; and (b) no government raid has targeted SEC, which does not manufacture and

20  sell CRTs.

21      205.   Denies the allegations of Paragraph 205 of the Amended Complaint and respectfully

22  refers the Court to the referenced document for a full and complete description of its contents.

23      206.   Denies the allegations of Paragraph 206 of the Amended Complaint, except avers

24  that SEC is without knowledge or information sufficient to form a belief as to the allegations of

25  Paragraph 206.

26      207.   Denies the allegations in Paragraph 207 of the Amended Complaint, except: (a)

27  admits that Plaintiffs purport to summarize an unnamed article from *Kyodo News*; and (b) avers

28

1   that SEC is without knowledge or information sufficient to form a belief as to the truth or

2   accuracy of that representation or statement.

3       208.   Denies the allegations in Paragraph 208 of the Amended Complaint, except: (a)

4   admits that Plaintiffs purport to provide an excerpt from an unnamed article from *Kyodo News*;

5   and (b) avers that SEC is without knowledge or information sufficient to form a belief as to the

6   truth or accuracy of that representation or statement.

7       209.   Denies the allegations of Paragraph 209 of the Amended Complaint, except avers

8   that: (a) SEC is without knowledge or information sufficient to form a belief as to the allegations

9   of Paragraph 209; (b) Plaintiff's collective reference to "Samsung's CRT business" is

10   inappropriate as it improperly seeks to group together distinct legal entities with separate

11   businesses and ownership structures; (c) SEC and Samsung SDI are separate and distinct

12   publicly-owned companies; (d) SEC does not dominate or control the finances, policies, or affairs

13   of Samsung SDI or any other Samsung SDI entity; (e) SEC does not manufacture and sell

14   CRTs—the object of the conspiracy alleged by the Amended Complaint; and (f) to SEC's

15   knowledge, no government investigation has targeted SEC, which does not manufacture and sell

16   CRTs.

17       210.   Denies the allegations in Paragraph 210 of the Amended Complaint, except: (a)

18   admits that Plaintiffs purport to provide an excerpt from an unnamed article from the *Asian*

19   *Shimbun*; and (b) avers that SEC is without knowledge or information sufficient to form a belief

20   as to the truth or accuracy of that representation or statement.

21       211.   Denies the allegations of Paragraph 211 of the Amended Complaint, except avers

22   that SEC is without knowledge or information sufficient to form a belief as to the allegations of

23   Paragraph 211.

24       212.   Denies the allegations of Paragraph 212 of the Amended Complaint, except avers

25   that SEC is without knowledge or information sufficient to form a belief as to the allegations of

26   Paragraph 212.

27       213.   Denies the allegations of Paragraph 213 of the Amended Complaint, except: (a)

28   admits that Plaintiffs purport to provide an excerpt of an announcement by the Hungarian

1   Competition Authority; (b) avers that SEC is without knowledge or information sufficient to form

2   a belief as to the allegations of Paragraph 213; and (c) avers that SEC is not listed as a target of

3   the Hungarian Competition Authority's investigation in the excerpted language of Paragraph 213

4   and, to SEC's knowledge, no government investigation has targeted SEC, which does not

5   manufacture and sell CRTs.

6         214.   Denies the allegations of Paragraph 214 of the Amended Complaint, except avers

7   that SEC is without knowledge or information sufficient to form a belief as to the allegations of

8   Paragraph 214 because the term "competitor contacts" is vague, ambiguous, and not self-defining.

9         215.   Denies the allegations of Paragraph 215 of the Amended Complaint, except: (a)

10   admits that SEC and its U.S. subsidiary Samsung Semiconductor Inc. entered a plea agreement

11   and agreed to pay a $300 million dollar fine to the DOJ following an investigation by the DOJ

12   into dynamic access memory ("DRAM") computer chips and respectfully refers the Court to the

13   DOJ DRAM plea agreement for a full and complete description of its contents but; (b) avers that

14   DRAM computer chips are not relevant to Plaintiffs' allegations in the Amended Complaint; and

15   (c) avers that Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks

16   to group together distinct legal entities with separate businesses and ownership structures.

17         216.   Denies the allegations of Paragraph 216 of the Amended Complaint, except: (a)

18   admits that the DOJ initiated investigations with respect to Static Random Access Memory

19   ("SRAM") and NAND Flash Memory; (b) avers that neither SRAM nor flash memory computer

20   chips are relevant to Plaintiffs' allegations in the Amended Complaint; and (c) avers that

21   Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group

22   together distinct legal entities with separate businesses and ownership structures.

23         217.   Denies the allegations of Paragraph 217 of the Amended Complaint, except: (a)

24   avers that SEC is without knowledge or information sufficient to form a belief as to the

25   allegations of Paragraph 217 due to the vague and ambiguous nature of the terms "comprehensive

26   investigation" and "anticompetitive conduct"; and (b) avers that TFT-LCDs are not relevant to

27   Plaintiffs' allegations in the Amended Complaint.

28

218.   Denies the allegations of Paragraph 218 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to which "news reports" or "Samsung" entities Plaintiffs are referring in the allegations of Paragraph 218, as those terms are vague and ambiguous; (b) Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures; and (c) TFT-LCDs are not relevant to Plaintiffs' allegations in the Amended Complaint.

219.   Denies the allegations of Paragraph 219 of the Amended Complaint, except: (a) admits that the DOJ issued a press release on November 12, 2008 announcing that LG Display Co. Ltd., Sharp Corp., and Chunghwa Picture Tubes Ltd. agreed to plead guilty for price-fixing of TFT-LCD panels and pay a total of $585 million in fines and respectfully refers the Court to the cited document for a full and complete description of its contents; and (b) avers that TFT-LCDs are not relevant to Plaintiffs' allegations in the Amended Complaint.

220.   Denies the allegations of Paragraph 220 of the Amended Complaint, except: (a) admits that the DOJ issued a press release on March 10, 2009 announcing that Hitachi Displays, Ltd. agreed to plead guilty for price-fixing of TFT-LCD panels and pay a $31 million fine and respectfully refers the Court to the document for a full and complete description of its contents; and (b) avers that TFT-LCDs are not relevant to Plaintiffs' allegations in the Amended Complaint.

221.   Denies the allegations of Paragraph 221 of the Amended Complaint, except avers that SEC is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 221.

## IX.  THE PURPORTED PASS-THROUGH OF OVERCHARGES TO CONSUMERS

222.   Denies the allegations of Paragraph 222 of the Amended Complaint.

223.   Denies the allegations of Paragraph 223 of the Amended Complaint.

224.   Denies the allegations of Paragraph 224 of the Amended Complaint except avers that: (a) the terms "such as" and "reseller" are vague, ambiguous, and not self-defining; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not

1   manufacture and sell CRTs, and the Amended Complaint does not allege that finished products

2   containing CRTs were an object of the alleged conspiracy.

3          225.   Denies the allegations of Paragraph 225 of the Amended Complaint.

4          226.   Denies the allegations of Paragraph 226 of the Amended Complaint.

5          227.   Denies the allegations of Paragraph 227 of the Amended Complaint, except avers

6   that: (a) SEC is without knowledge or information sufficient to form a belief as to the allegations

7   of Paragraph 227 due to the vague and ambiguous nature of the terms "ultimately determined,"

8   "market for CRTs," "market for CRT Products," "inextricably linked," and "intimate

9   relationship"; (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad

10  because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege

11  that finished products containing CRTs were an object of the alleged conspiracy; and (c) admits

12  that "Computer and TV OEMs and retailers of CRT Products are all subject to vigorous price

13  competition."

14         228.   Denies the allegations of Paragraph 228 of the Amended Complaint, except avers

15  that SEC is without knowledge or information sufficient to form a belief as to the allegations of

16  Paragraph 228 due to the vague and ambiguous nature of the terms "commodities," "little or no

17  brand loyalty," "aggressive pricing," "switch preferences," "closely based," "production costs,"

18  "directly determined," "component costs," "assembly costs," "minimal," "starting point," "cost-

19  plus," and "closely track."

20         229.   Denies the allegations of Paragraph 229 of the Amended Complaint, except avers

21  that SEC is without knowledge or information sufficient to form a belief as to the allegations of

22  Paragraph 229 due to the vague and ambiguous nature of the terms and phrases "component,"

23  "products into which they are incorporated," and "total manufacturing cost."

24         230.   Denies the allegations of Paragraph 230 of the Amended Complaint.

25         231.   Denies the allegations of Paragraph 231 of the Amended Complaint, except avers

26  that SEC is without knowledge or information sufficient to form a belief as to the allegations of

27  Paragraph 231 due to the vague and ambiguous nature of the terms "place of manufacture,"

28

1  "essentially unchanged," "distribution system," "discreet," "change form," "become an

2  indistinguishable part," and "traceable physical chain."

3      232.   Denies the allegations of Paragraph 232 of the Amended Complaint.

4      233.   Denies the allegations of Paragraph 233 of the Amended Complaint and respectfully

5  refers the Court to the cited document for a full and complete description of its contents.

6      234.   Denies the allegations of Paragraph 234 of the Amended Complaint and respectfully

7  refers the Court to the cited text for a full and complete description of its contents.

8      235.   Denies the allegations of Paragraph 235 of the Amended Complaint.

9      236.   Denies the allegations of Paragraph 236 of the Amended Complaint, except: (a)

10  admits that Plaintiffs purport to provide a statement Professor Jeffrey McKie-Mason from a

11  passage quoted in an unspecified judicial decision in an unnamed case; and (b) avers that SEC is

12  without knowledge or information sufficient to form a belief as to the truth or accuracy of that

13  representation or statement.

14      237.   Denies the allegations of Paragraph 237 of the Amended Complaint.

15      238.   Denies the allegations of Paragraph 238 of the Amended Complaint.

16      239.   Denies the allegations of Paragraph 239 of the Amended Complaint.

17              **X.  CLASS ACTION ALLEGATIONS**

18      240.   Denies the allegations of Paragraph 240 of the Amended Complaint.

19      241.   Denies the allegations of Paragraph 241 of the Amended Complaint.

20      242.   Denies the allegations of Paragraph 242 of the Amended Complaint.

21      243.   Denies the allegations of Paragraph 243 of the Amended Complaint, including each

22  subpart.

23              **XI.  VIOLATIONS ALLEGED**

24   **A.  First Claim for Relief: Purported Violation of Section 1 of the Sherman Act**

25      244.   Admits that Plaintiffs purport to incorporate the allegations of the preceding

26  paragraphs of the Amended Complaint.  SEC hereby incorporates by reference its responses to

27  the above allegations as set forth above.

28      245.   Denies the allegations of Paragraph 245 of the Amended Complaint.

1   246.   Denies the allegations of Paragraph 246 of the Amended Complaint.

2   247.   Denies the allegations of Paragraph 247 of the Amended Complaint.

3   248.   Denies the allegations of Paragraph 248 of the Amended Complaint.

4   249.   Denies the allegations of Paragraph 249 of the Amended Complaint, including each

5   subpart.

6   250.   Denies the allegations of Paragraph 250 of the Amended Complaint, including each

7   subpart.

8   251.   Denies the allegations of Paragraph 251 of the Amended Complaint.

9   252.   Denies the allegations of Paragraph 252 of the Amended Complaint.

10   253.   Admits that Plaintiffs purport to seek the issuance of an injunction against

11   Defendants, except specifically denies that SEC was engaged in any "violations" alleged in the

12   Amended Complaint and avers Plaintiffs are entitled to no relief under Section 16 of the Clayton

13   Act, 15 U.S.C. § 26 or any other statute.

14   **B.   Second Claim for Relief: Purported Violation of State Antitrust Statutes**

15   254.   Admits that Plaintiffs purport to incorporate the allegations of the preceding

16   paragraphs of the Amended Complaint.  SEC hereby incorporates by reference its responses to

17   the above allegations as set forth above.

18   255.   Denies the allegations of Paragraph 255 of the Amended Complaint, including each

19   subpart.

20   256.   Denies the allegations of Paragraph 256 of the Amended Complaint, including each

21   subpart.

22   257.   Denies the allegations of Paragraph 257 of the Amended Complaint, including each

23   subpart.

24   258.   Denies the allegations of Paragraph 258 of the Amended Complaint, including each

25   subpart.

26   259.   Denies the allegations of Paragraph 259 of the Amended Complaint, including each

27   subpart.

28

260.   Denies the allegations of Paragraph 260 of the Amended Complaint, including each subpart.

261.   Denies the allegations of Paragraph 261 of the Amended Complaint, including each subpart.

262.   Denies the allegations of Paragraph 262 of the Amended Complaint, including each subpart.

263.   Denies the allegations of Paragraph 263 of the Amended Complaint, including each subpart.

264.   Denies the allegations of Paragraph 264 of the Amended Complaint, including each subpart.

265.   Denies the allegations of Paragraph 265 of the Amended Complaint, including each subpart.

266.   Denies the allegations of Paragraph 266 of the Amended Complaint, including each subpart.

267.   Denies the allegations of Paragraph 267 of the Amended Complaint, including each subpart.

268.   Denies the allegations of Paragraph 268 of the Amended Complaint, including each subpart.

269.   Denies the allegations of Paragraph 269 of the Amended Complaint, including each subpart.

270.   Denies the allegations of Paragraph 270 of the Amended Complaint, including each subpart.

271.   Denies the allegations of Paragraph 271 of the Amended Complaint, including each subpart.

**C.   Third Claim for Relief: Purported Violation of State Consumer Protection and Unfair Competition Statutes**

272.   Admits that Plaintiffs purport to incorporate the allegations of the preceding paragraphs of the Amended Complaint.  SEC hereby incorporates by reference its responses to the above allegations as set forth above.

273.   Denies the allegations of Paragraph 273 of the Amended Complaint.

274.   Denies the allegations of Paragraph 274 of the Amended Complaint, including each subpart.

275.   Denies the allegations of Paragraph 275 of the Amended Complaint, including each subpart.

276.   Denies the allegations of Paragraph 276 of the Amended Complaint, including each subpart.

277.   Denies the allegations of Paragraph 277 of the Amended Complaint, including each subpart.

278.   Denies the allegations of Paragraph 278 of the Amended Complaint, including each subpart.

279.   Denies the allegations of Paragraph 279 of the Amended Complaint, including each subpart.

280.   Denies the allegations of Paragraph 280 of the Amended Complaint, including each subpart.

281.   Denies the allegations of Paragraph 281 of the Amended Complaint, including each subpart.

282.   Denies the allegations of Paragraph 282 of the Amended Complaint, including each subpart.

283.   Denies the allegations of Paragraph 283 of the Amended Complaint, including each subpart.

**D.   Fourth Claim for Relief: Purported Unjust Enrichment and Disgorgement of Profits**

284.   Admits that Plaintiffs purport to incorporate the allegations of the preceding paragraphs of the Amended Complaint, except avers that to the extent the allegations contained in

Paragraph 284 of the Amended Complaint are legal conclusions, no response is required.  SEC

hereby incorporates by reference its responses to the above allegations as set forth above.

285.   Denies the allegations of Paragraph 285 of the Amended Complaint.

286.   Denies the allegations of Paragraph 286 of the Amended Complaint.

287.   Denies the allegations of Paragraph 287 of the Amended Complaint, and avers that

Plaintiffs are entitled to no relief.

### XII.  PURPORTED FRAUDULENT CONCEALMENT

288.   Denies the allegations of Paragraph 288 of the Amended Complaint.

289.   Denies the allegations of Paragraph 289 of the Amended Complaint.

290.   Denies the allegations of Paragraph 290 of the Amended Complaint, including each

subpart.

291.   Denies the allegations of Paragraph 291 of the Amended Complaint.

### XIII.  PRAYER FOR RELIEF

Denies the allegations of the "Wherefore" Paragraph of the Amended Complaint,

including each subpart, and denies that Plaintiffs are entitled to any relief of any kind for or as

against SEC on the purported claims alleged in the Amended Complaint, and avers that Plaintiffs

have not suffered any damages.

### XIV.  JURY DEMAND

Admits that Plaintiffs purport to request a trial by jury for all of the claims asserted in the

Amended Complaint so triable.

### AFFIRMATIVE DEFENSES

By alleging these affirmative defenses, SEC is not agreeing or conceding that it

has the burden of proof on any of the issues raised in these defenses or that any particular issue or

subject matter herein is relevant to Plaintiffs' allegations:

1.      This Court lacks subject-matter jurisdiction, pursuant to the Foreign Trade

        Antitrust Improvement Act, to adjudicate claims involving foreign commerce.

2.      Plaintiffs lack standing to bring the claims raised in the Amended Complaint.

3.      The Amended Complaint fails to state a claim upon which relief can be granted.

1   4.   This action may not be maintained as a class action.

2   5.   Plaintiffs' claims to a class action should be denied because variations in pricing

3   and sales terms preclude the introduction of class-wide proof as to the alleged

4   overcharge.

5   6.   Damages cannot be proven on a class-wide basis.

6   7.   Injury cannot be proven on a class-wide basis and the named plaintiffs have not

7   suffered injury in fact caused by a violation of law.

8   8.   Plaintiffs do not adequately represent the interests of proposed class members.

9   9.   Plaintiffs cannot represent those purported class members who have allegedly

10   suffered injuries in relevant markets in which purported class members are not

11   direct purchasers from SEC.

12   10.   Plaintiffs' claims and those of the putative class are barred in whole or in part by

13   the applicable statutes of limitation.

14   11.   Plaintiffs' claims and those of the putative class are barred in whole or in part by

15   laches.

16   12.   Plaintiffs' claims and those of the putative class are barred because they have not

17   sustained any cognizable injury or antitrust injury attributable to SEC's conduct.

18   13.   Plaintiffs' claims and those of the putative class are barred in whole or in part

19   because Plaintiffs failed to mitigate their alleged damages, if any.

20   14.   Plaintiffs' claims and those of the putative class are barred in whole or in part by

21   the doctrine of accord and satisfaction.

22   15.   Plaintiffs' claims and those of the putative class are barred in whole or in part by

23   the doctrines of waiver, estoppel, and/or unclean hands.

24   16.   Plaintiffs' claims and those of the putative class are barred in whole or in part

25   because they accepted the benefit of the bargain.

26   17.   Plaintiffs and members of the putative class have suffered no injury in fact.

27   18.   Plaintiffs and members of the putative class have suffered no injury in fact caused

28   by any purported antitrust violation by SEC.

1    19.    Plaintiffs and members of the putative class have suffered no damages.

2    20.    Any damages suffered by Plaintiffs and members of the putative class are
3           speculative.

4    21.    Plaintiffs' claims and those of the putative class are barred because the alleged
5           conduct was unilateral, has not unreasonably restrained trade, was based on
6           independent and legitimate business and economic justifications, and constituted
7           bona fide business competition.

8    22.    Plaintiffs' claims are barred, in whole or in part, because the acts or omissions of
9           SEC did not substantially lessen competition in any properly defined market.

10   23.    Plaintiffs' claims and those of the putative class are barred in whole or in part
11          because an award of treble damages or punitive or exemplary damages against
12          SEC based on the alleged conduct would violate the Due Process Clauses of the
13          Fifth and Fourteenth Amendments of the Constitution of the United States.

14   24.    To the extent Plaintiffs' claims would result in SEC paying damages to more than
15          one claimant for the same alleged overcharge, they are barred because such
16          multiple liability would violate rights guaranteed to SEC by the United States
17          Constitution, including, without limitation, rights guaranteed under the Due
18          Process Clause of the Fourteenth Amendment.

19   25.    Plaintiffs' claims and those of the putative class are barred in whole or in part by
20          the direct-purchaser requirement of *Illinois Brick Co. v. Illinois*, 431 U.S. 720
21          (1977).

22   26.    Plaintiffs' claims are barred, in whole or in part, because the alleged injury is
23          indirect and too remote.

24   27.    Plaintiffs' alleged damages and those of the putative class, if any, resulted from the
25          acts or omissions of third parties over whom SEC had no control. The acts of such
26          third parties constitute intervening or superseding causes of the harm, if any,
27          suffered by Plaintiffs and members of the putative class.

28

28.     The Amended Complaint fails to allege sufficiently or otherwise properly define any market for the purpose of asserting a claim against SEC.

29.     To the extent any actionable conduct occurred, Plaintiffs' claims and those of the putative class are barred to the extent that such conduct was committed by any individual acting ultra vires.

30.     To the extent any actionable conduct occurred, it occurred by entities independent from and not controlled by SEC.

31.     The relief sought by Plaintiffs is barred, in whole or in part, because any injury or damage alleged in the Amended Complaint was not incurred by or passed on to Plaintiffs, or was incurred by or passed on to persons or entities other than Plaintiffs.

32.     The relief sought by Plaintiffs is barred, in whole or in part, because any injury or damage alleged in the Amended Complaint, which SEC specifically denies, was passed on to persons or entities other than the Plaintiffs and/or was passed on by Plaintiffs to other parties.

33.     Without admitting that Plaintiffs are entitled to recover damages in this matter, SEC is entitled to set off from any recovery Plaintiffs may obtain against SEC, any amount paid to Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

34.     To the extent Plaintiffs purport to seek relief on behalf of purported class members who have not suffered any damages, the Amended Complaint and each of its claims for relief therein violates SEC's rights to due process under the United States Constitution.

35.     Plaintiffs have failed to state a claim for injunctive relief insofar as Plaintiffs seek to enjoin alleged events that already have transpired without the requisite showing of threatened harm or continuing harm.

36.     Plaintiffs have failed to plead fraudulent concealment with the requisite specificity.

1      37.     SEC adopts by reference any applicable defenses heretofore or subsequently

2      pleaded by any other defendant not expressly set forth herein.

3      38.     SEC reserves the right to assert other defenses as discovery proceeds.

4      WHEREFORE, SEC prays that the Court determine and adjudge:

5      (a) That this suit cannot be maintained as a class action;

6      (b) That the Amended Complaint be dismissed with prejudice;

7      (c) That judgment be entered in favor of SEC and against Plaintiffs with respect to all

8  causes of action in the Amended Complaint;

9      (d) That Plaintiffs take nothing by the Amended Complaint;

10      (e) That SEC be awarded its costs, disbursements and attorney's fees and expenses

11  incurred herein; and

12      (f) That SEC be awarded such other and further relief as the Court may deem proper.

1    Dated: April 29, 2010        By:    __/s/ Ian Simmons_____

2                    IAN SIMMONS (*pro hac vice*)
Email: isimmons@omm.com

3    **O'MELVENY & MYERS LLP**
1625 Eye Street, NW

4    Washington, D.C. 20006
Telephone:  (202) 383-5300

5    Facsimile:  (202) 383-5414

6

7    MICHAEL TUBACH(145955)
Email: mtubach@omm.com

8    **O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor

9    San Francisco, California 94111
Telephone:  (415) 984-8700

10    Facsimile:  (415) 984-8701

11

12    ***Attorneys for Defendant Samsung Electronics Co., Ltd.***

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

3      I hereby certify that on April 29, 2010, I electronically filed Samsung Electronics Co.

4  Ltd.'s Answer to the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint with the

5  Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

6  counsel of record in this matter who are registered on the CM/ECF system.

7

8                                              _/s/ Ian Simmons_____ _____
                                               Ian Simmons
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28