MICHAEL TUBACH (SBN 145955)
Email: mtubach@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone:  (415) 984-8700
Facsimile:  (415) 984-8701

IAN SIMMONS (*Admitted Pro Hac Vice*)
Email: isimmons@omm.com
O'MELVENY & MYERS LLP
1625 Eye St. NW
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Attorneys for Defendant:
**SAMSUNG ELECTRONICS AMERICA, INC.**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 3:07-cv-5944 SC MDL No. 1917 |
| This Document Relates to: | Judge: Hon. Samuel Conti Special Master: Hon. Charles A. Legge (Ret.) |
| ALL INDIRECT PURCHASER ACTIONS | **SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT** |

1    Defendant Samsung Electronics America, Inc. ("SEAI"), by and through its attorneys,

2    admits, denies, and avers as follows with respect to the Indirect Purchaser Plaintiffs' Consolidated

3    Amended Complaint (the "Amended Complaint") (dated March 16, 2009) of Brian Luscher,

4    Jeffrey Figone, Carmen Gonzalez, Dana Ross, Steven Ganz, Brady Lane Cotton, Colleen

5    Sobotka, Daniel Riebow, Travis Burau, Southern Office Supply, Inc., Andrew Kindt, James

6    Brown, Kory Pentland, Alan Rotman, Chad Klebs, David Norby, Ryan Rizzo, Charles Jenkins,

7    Daniel R. Hergert, Samuel J. Nasto, Adrienne Belai, Craig Stephenson, Joshua Maida, Gary

8    Hanson, Rosemary Ciccone, Donna Marie Ellingson, Frank Warner, Albert Sidney Crigler,

9    Margaret Slagle, John Larch, and Brigid Terry (collectively, "Plaintiffs"):

10   ## I. <u>INTRODUCTION</u>

11        1.    Denies the allegations of Paragraph 1 of the Amended Complaint, and specifically

12   denies that SEAI was engaged in the conspiracy alleged in the Amended Complaint, except: (a)

13   admits that Plaintiffs purport to bring this action as a class action and purport to define the Class

14   Period as March 1, 1995 through November 25, 2007; (b) avers to the contrary that this action

15   may not be maintained as a class action on behalf of the purported class or otherwise; (c) avers

16   that the term "Cathode Ray Tube Products" ("CRT Products") is vague, ambiguous, and

17   improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

18   Complaint does not allege that finished products containing CRTs were an object of the alleged

19   conspiracy; and (d) avers that the term "CRT Products" is not a term used in the business

20   discourse of SEAI and does not denote a single, homogenous, and/or interchangeable product or

21   group of products.

22        2.    Denies the allegations of Paragraph 2 of the Amended Complaint, except avers that:

23   (a) Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group

24   together distinct legal entities with separate businesses and ownership structures; (b) Samsung

25   Electronics Co., Ltd. ("SEC") and Samsung SDI are separate and distinct publicly-owned

26   companies; (c) SEAI is a wholly-owned subsidiary of SEC, which owns an approximately 20

27   percent share (19.68 percent) of Samsung SDI's stock and does not dominate or control the

28   finances, policies, or affairs of Samsung SDI or any other Samsung SDI entity; (d) SEC and the

1   SDI Defendants have dissimilar lines of business; (e) SEAI does not manufacture and sell

2   CRTs—the object of the conspiracy alleged by the Amended Complaint; (f) SEAI is without

3   knowledge or information sufficient to form a belief as to the allegations regarding the actions of

4   third-parties; and (g) the term "CRT Products" is vague, ambiguous, and improperly overbroad

5   because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege

6   that finished products containing CRTs were an object of the alleged conspiracy.

7          3.     Denies the allegations of Paragraph 3 of the Amended Complaint, except avers that:

8   (a) electronic devices containing emerging technologies such as TFT-LCD and Plasma have

9   increasingly competed with the sale of electronic devices containing CPTs and CDTs; (b) the

10  term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not

11  manufacture and sell CRTs, and the Amended Complaint does not allege that finished products

12  containing CRTs were an object of the alleged conspiracy; and (c) to the extent the allegations

13  contained in Paragraph 3 of the Amended Complaint are legal conclusions, no response is

14  required.

15         4.     Denies the allegations of Paragraph 4 of the Amended Complaint, except avers that:

16  (a) the terms "[t]his global conspiracy" and "several other international" are vague, ambiguous,

17  and improperly overbroad; and (b) a two-count indictment was issued against C.Y. Lin, former

18  Chairman and CEO of Chunghwa Picture Tubes, Ltd. related to CPTs and CDTs on February 10,

19  2009, and respectfully refers the Court to the document for a full and complete description of its

20  contents.

21                          **II.  JURISDICTION AND VENUE**

22         5.     Admits that Plaintiffs purport to bring this action under Section 16 of the Clayton

23  Act (15 U.S.C. § 16) and Section 1 of the Sherman Act (15 U.S.C. § 1), and purport to seek

24  injunctive relief and to recover damages, except: (a) specifically denies that Plaintiffs are entitled

25  to any relief on the purported claims alleged in the Amended Complaint; and (b) avers that to the

26  extent the allegations contained in Paragraph 5 of the Amended Complaint are legal conclusions,

27  no response is required.

28

1    6.      Admits that this Court has jurisdiction over Plaintiffs' federal claims in this action

2    to the extent that Plaintiffs allege a domestic injury.

3    7.      Denies the allegations in Paragraph 7 of the Amended Complaint, except avers that

4    this action may not be maintained as a class action on behalf of the purported class or otherwise.

5    8.      Admits that venue is proper in the Northern District of California, San Francisco

6    Division.

7    9.      Denies the allegations of Paragraph 9 of the Amended Complaint, except avers that

8    to the extent the allegations contained in Paragraph 9 of the Amended Complaint are legal

9    conclusions, no response is required.

10    10.      Denies the allegations of Paragraph 10 of the Amended Complaint, including each

11    subpart, except avers that: (a) the term "CRT Products" is vague, ambiguous, and improperly

12    overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does

13    not allege that finished products containing CRTs were an object of the alleged conspiracy; and

14    (b) to the extent the allegations contained in Paragraph 10 of the Amended Complaint are legal

15    conclusions, no response is required.

16    11.      Denies the allegations of Paragraph 11 of the Amended Complaint, except avers

17    that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does

18    not manufacture and sell CRTs, and the Amended Complaint does not allege that finished

19    products containing CRTs were an object of the alleged conspiracy.

20    12.      Denies the allegations of Paragraph 12 of the Amended Complaint, except avers

21    that: (a) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI

22    does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished

23    products containing CRTs were an object of the alleged conspiracy; and (b) to the extent the

24    allegations contained in Paragraph 12 of the Amended Complaint are legal conclusions, no

25    response is required.

26    ### III.  DEFINITIONS

27    13.      Denies the allegations of Paragraph 13 of the Amended Complaint, except: (a)

28    admits that cathode ray tubes ("CRTs") are used in televisions, computer monitors, and other

1    applications; (b) avers that Plaintiffs' description of the operation of a CRT is incomplete,

2    oversimplified, and incorrect in certain respects; and (c) avers that SEAI reserves the right to

3    provide a more thorough and complete description of the operation of CRT to the extent that the

4    technical operation of a CRT is relevant to Plaintiffs' claims in this proceeding.

5        14.    Admits that Plaintiffs purport to refer to both color display tubes ("CDTs") and

6    color picture tubes ("CPTs") as "cathode ray tubes" or "CRTs," except avers that: (a) Plaintiffs'

7    description of the differences between CDTs and CPTs is incomplete and oversimplified; and (b)

8    SEAI reserves the right to provide a more thorough and complete description of the differences

9    between CDTs and CPTs to the extent that such a description is relevant to Plaintiffs' claims in

10   this proceeding.

11       15.    Admits that Plaintiffs purport to define "CRT Products" as encompassing both

12   Cathode Ray Tubes ("CRTs") and "products containing [CRTs]," except avers that: (a) the term

13   "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not

14   manufacture and sell CRTs, and the Amended Complaint does not allege that finished products

15   containing CRTs were an object of the alleged conspiracy; and (b) the term "CRT Products" is

16   not a term used in the business discourse of SEAI and does not denote a single, homogenous,

17   and/or interchangeable product or group of products.

18       16.    Admits that Plaintiffs purport to bring this action as a class action and purport to

19   define the Class Period as March 1, 1995 through "at least" November 25, 2007, except avers to

20   the contrary that this action may not be maintained as a class action on behalf of the purported

21   class or otherwise.

22       17.    Admits that Plaintiffs purport to define "person" to mean any individual,

23   partnership, corporation, association, or other business or legal entity.

24       18.    Admits that Plaintiffs purport to define "OEM" to mean Original Equipment

25   Manufacturer of CRT Products, except avers that the term "CRT Products" is vague, ambiguous,

26   and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

27   Complaint does not allege that finished products containing CRTs were an object of the alleged

28   conspiracy.

# IV.  **PLAINTIFFS**

19.   Denies the allegations of Paragraph 19 of the Amended Complaint.

20.   Denies the allegations of Paragraph 20 of the Amended Complaint.

21.   Denies the allegations of Paragraph 21 of the Amended Complaint.

22.   Denies the allegations of Paragraph 22 of the Amended Complaint.

23.   Denies the allegations of Paragraph 23 of the Amended Complaint.

24.   Denies the allegations of Paragraph 24 of the Amended Complaint.

25.   Denies the allegations of Paragraph 25 of the Amended Complaint.

26.   Denies the allegations of Paragraph 26 of the Amended Complaint.

27.   Denies the allegations of Paragraph 27 of the Amended Complaint.

28.   Denies the allegations of Paragraph 28 of the Amended Complaint.

29.   Denies the allegations of Paragraph 29 of the Amended Complaint.

30.   Denies the allegations of Paragraph 30 of the Amended Complaint.

31.   Denies the allegations of Paragraph 31 of the Amended Complaint.

32.   Denies the allegations of Paragraph 32 of the Amended Complaint.

33.   Denies the allegations of Paragraph 33 of the Amended Complaint.

34.   Denies the allegations of Paragraph 34 of the Amended Complaint.

35.   Denies the allegations of Paragraph 35 of the Amended Complaint.

36.   Denies the allegations of Paragraph 36 of the Amended Complaint.

37.   Denies the allegations of Paragraph 37 of the Amended Complaint.

38.   Denies the allegations of Paragraph 38 of the Amended Complaint.

39.   Denies the allegations of Paragraph 39 of the Amended Complaint.

40.   Denies the allegations of Paragraph 40 of the Amended Complaint.

41.   Denies the allegations of Paragraph 41 of the Amended Complaint.

42.   Denies the allegations of Paragraph 42 of the Amended Complaint.

43.   Denies the allegations of Paragraph 43 of the Amended Complaint.

44.   Denies the allegations of Paragraph 44 of the Amended Complaint.

45.   Denies the allegations of Paragraph 45 of the Amended Complaint.

46.     Denies the allegations of Paragraph 46 of the Amended Complaint.

47.     Denies the allegations of Paragraph 47 of the Amended Complaint.

48.     Denies the allegations of Paragraph 48 of the Amended Complaint.

49.     Denies the allegations of Paragraph 49 of the Amended Complaint.

## V.  DEFENDANTS

**LG Electronics Entities**

50.     Denies the allegations of Paragraph 50 of the Amended Complaint, except avers that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

51.     Denies the allegations of Paragraph 51 of the Amended Complaint, except avers that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

52.     Denies the allegations of Paragraph 52 of the Amended Complaint, except avers that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

53.     Admits that Plaintiffs purport to refer to LG Electronics, Inc., LGEUSA, and LGETT collectively as "LG," except avers that SEAI is without knowledge or information sufficient to form a belief as to whether such a collective reference is appropriate or justified.

**Philips Entities**

54.     Denies the allegations of Paragraph 54 of the Amended Complaint, except avers that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

55.     Denies the allegations of Paragraph 55 of the Amended Complaint, except avers that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

56.     Denies the allegations of Paragraph 56 of the Amended Complaint, except avers that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

57.     Denies the allegations of Paragraph 57 of the Amended Complaint, except avers that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

58.     Denies the allegations of Paragraph 58 of the Amended Complaint, except avers that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58; and (b) the term "CRT Products" is vague, ambiguous, and

1    improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

2    Complaint does not allege that finished products containing CRTs were an object of the alleged

3    conspiracy.

4         59.    Denies the allegations of Paragraph 59 of the Amended Complaint, except avers

5    that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

6    allegations of Paragraph 59; and (b) the term "CRT Products" is vague, ambiguous, and

7    improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

8    Complaint does not allege that finished products containing CRTs were an object of the alleged

9    conspiracy.

10        60.    Admits that Plaintiffs purport to refer to Royal Philips, PENAC, PEIL, PCEC,

11   Philips Electronics Taiwan, and Philips Brazil collectively as "Philips," except avers that SEAI is

12   without knowledge or information sufficient to form a belief as to whether such a collective

13   reference is appropriate or justified.

14   **LP Displays**

15        61.    Denies the allegations of Paragraph 61 of the Amended Complaint, except avers

16   that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

17   allegations of Paragraph 61; and (b) the term "CRT Products" is vague, ambiguous, and

18   improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

19   Complaint does not allege that finished products containing CRTs were an object of the alleged

20   conspiracy.

21   **Samsung Entities**

22        62.    Denies the allegations of Paragraph 62 of the Amended Complaint, except avers

23   that: (a) SEC is a South Korean company with its headquarters at Samsung Electronics Bldg.,

24   1320-10, Seocho 2-dong, Seocho-gu, Seoul 137-857, Korea; (b) the term "CRT Products" is

25   vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs,

26   and the Amended Complaint does not allege that finished products containing CRTs were an

27   object of the alleged conspiracy; and (c) to the extent the allegations contained in Paragraph 62 of

28   the Amended Complaint are legal conclusions, no response is required.

1    63.    Denies the allegations of Paragraph 63 of the Amended Complaint, except: (a)

2    admits that Samsung Electronics America, Inc. ("SEAI") is a New York corporation with its

3    principal place of business located at 105 Challenger Road, Ridgefield Park, New Jersey 07660;

4    (b) admits that SEAI is a wholly-owned subsidiary of SEC; (c) avers that the term "CRT

5    Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture

6    and sell CRTs, and the Amended Complaint does not allege that finished products containing

7    CRTs were an object of the alleged conspiracy; and (d) avers that to the extent the allegations

8    contained in Paragraph 63 of the Amended Complaint are legal conclusions, no response is

9    required.

10    64.    Denies the allegations of Paragraph 64 of the Amended Complaint, except: (a)

11    admits that Samsung SDI Co., Ltd. ("Samsung SDI") is a South Korean company, (b) avers that

12    Samsung SDI's headquarters is located at 575 Shin-dong, Youngtong-gu, Suwon, South Korea;

13    (c) admits that Samsung SDI is a public company and that SEC holds approximately 20 percent

14    of Samsung SDI's stock; (d) avers that SEAI is without knowledge or information sufficient to

15    form a belief as to the truth of Plaintiffs' allegation that "Samsung SDI claims to be the world's

16    leading company in the display and energy businesses, with 28,000 employees and facilities in 18

17    countries"; (e) avers that SEAI is without knowledge or information sufficient to form a belief as

18    to the truth of Plaintiffs' allegation that Samsung SDI held a 34.3% "worldwide market share in

19    the market for CRTs, more than another other [sic] producer"; (f) avers that the terms "worldwide

20    market share," "market for CRTs" and "another other producer" are vague, ambiguous, and not

21    self-defining; (g) avers that SEAI is without knowledge or information sufficient to form a belief

22    as to whether Samsung SDI currently has or for what period of time Samsung SDI maintained

23    offices in Chicago and San Diego; (h) specifically denies that SEC "dominated and controlled the

24    finances, policies, and affairs of Samsung SDI"; (i) avers that the term "CRT Products" is vague,

25    ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and

26    the Amended Complaint does not allege that finished products containing CRTs were an object of

27    the alleged conspiracy; and (j) avers that to the extent the allegations contained in Paragraph 64 of

28    the Amended Complaint are legal conclusions, no response is required.

1   65.     Denies the allegations of Paragraph 65 of the Amended Complaint, and specifically

2   denies that SEC dominated or controlled the finances, policies, or affairs of Samsung SDI

3   America, Inc., except avers that: (a) SEAI is without knowledge or information sufficient to form

4   a belief as to the truth of the remaining allegations of Paragraph 65; (b) the term "CRT Products"

5   is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell

6   CRTs, and the Amended Complaint does not allege that finished products containing CRTs were

7   an object of the alleged conspiracy; and (c) to the extent the allegations contained in Paragraph 65

8   of the Amended Complaint are legal conclusions, no response is required.

9   66.     Denies the allegations of Paragraph 66 of the Amended Complaint, and specifically

10  denies that SEC dominated or controlled the finances, policies, or affairs of Samsung SDI Mexico

11  S.A. de C.V., except avers that: (a) SEAI is without knowledge or information sufficient to form a

12  belief as to the truth of the remaining allegations of Paragraph 66; (b) the term "CRT Products" is

13  vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs,

14  and the Amended Complaint does not allege that finished products containing CRTs were an

15  object of the alleged conspiracy; and (c) to the extent the allegations contained in Paragraph 66 of

16  the Amended Complaint are legal conclusions, no response is required.

17  67.     Denies the allegations of Paragraph 67 of the Amended Complaint, and specifically

18  denies that SEC dominated or controlled the finances, policies, or affairs of Samsung SDI Brasil

19  Ltda., except avers that: (a) SEAI is without knowledge or information sufficient to form a belief

20  as to the truth of the remaining allegations of Paragraph 67; (b) the term "CRT Products" is

21  vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs,

22  and the Amended Complaint does not allege that finished products containing CRTs were an

23  object of the alleged conspiracy; and (c) to the extent the allegations contained in Paragraph 67 of

24  the Amended Complaint are legal conclusions, no response is required.

25  68.     Denies the allegations of Paragraph 68 of the Amended Complaint, and specifically

26  denies that SEC dominated or controlled the finances, polices, or affairs of Shenzhen Samsung

27  SDI Co. Ltd., except avers that: (a) SEAI is without knowledge or information sufficient to form

28  a belief as to the truth of the remaining allegations of Paragraph 68; (b) the term "CRT Products"

1   is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell

2   CRTs, and the Amended Complaint does not allege that finished products containing CRTs were

3   an object of the alleged conspiracy; and (c) to the extent the allegations contained in Paragraph 68

4   of the Amended Complaint are legal conclusions, no response is required.

5       69.     Denies the allegations of Paragraph 69 of the Amended Complaint, and specifically

6   denies that SEC dominated or controlled the finances, policies, or affairs of Tianjin Samsung SDI

7   Co., Ltd., except avers that: (a) SEAI is without knowledge or information sufficient to form a

8   belief as to the truth of the remaining allegations of Paragraph 69; (b) the term "CRT Products" is

9   vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs,

10  and the Amended Complaint does not allege that finished products containing CRTs were an

11  object of the alleged conspiracy; and (c) to the extent the allegations contained in Paragraph 69 of

12  the Amended Complaint are legal conclusions, no response is required.

13      70.     Denies the allegations of Paragraph 70 of the Amended Complaint, and specifically

14  denies that SEC dominated or controlled the finances, policies, or affairs of Samsung SDI

15  (Malaysia) Sdn. Bhd., except avers that: (a) SEAI is without knowledge or information sufficient

16  to form a belief as to the truth of the remaining allegations of Paragraph 70; (b) the term "CRT

17  Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture

18  and sell CRTs, and the Amended Complaint does not allege that finished products containing

19  CRTs were an object of the alleged conspiracy; and (c) to the extent the allegations contained in

20  Paragraph 70 of the Amended Complaint are legal conclusions, no response is required.

21      71.     Admits that Plaintiffs purport to refer to SEC, SEAI, Samsung SDI, Samsung SDI

22  America, Samsung SDI Mexico, Samsung SDI Brazil, Samsung SDI Shenzhen, Samsung SDI

23  Tianjin, and Samsung Malaysia collectively as "Samsung," except specifically denies that such a

24  collective reference is appropriate as it improperly seeks to group together distinct legal entities

25  with separate businesses and ownership structures.  SEAI avers that: (a) SEC and Samsung SDI

26  are separate and distinct publicly-owned companies; (b) SEAI is a wholly-owned subsidiary of

27  SEC, which owns an approximately 20 percent share of Samsung SDI's stock; (c) SEC does not

28  dominate or control the finances, policies, or affairs of Samsung SDI, Samsung SDI America,

1    Samsung SDI Mexico, Samsung SDI Brazil, Samsung SDI Shenzhen, Samsung SDI Tianjin, or

2    Samsung Malaysia (collectively "the SDI Defendants").  Furthermore SEAI avers that SEC and

3    SEAI have dissimilar lines of business than the SDI Defendants; SEC and SEAI do not

4    manufacture and sell CRTs—the object of the conspiracy alleged by the Amended Complaint.

5    **Toshiba Entities**

6          72.    Denies the allegations of Paragraph 72 of the Amended Complaint, except avers

7    that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

8    allegations of Paragraph 72; and (b) the term "CRT Products" is vague, ambiguous, and

9    improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

10    Complaint does not allege that finished products containing CRTs were an object of the alleged

11    conspiracy.

12          73.    Denies the allegations of Paragraph 73 of the Amended Complaint, except avers

13    that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

14    allegations of Paragraph 73; and (b) the term "CRT Products" is vague, ambiguous, and

15    improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

16    Complaint does not allege that finished products containing CRTs were an object of the alleged

17    conspiracy.

18          74.    Denies the allegations of Paragraph 74 of the Amended Complaint, except avers

19    that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

20    allegations of Paragraph 74; and (b) the term "CRT Products" is vague, ambiguous, and

21    improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

22    Complaint does not allege that finished products containing CRTs were an object of the alleged

23    conspiracy.

24          75.    Denies the allegations of Paragraph 75 of the Amended Complaint, except avers

25    that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

26    allegations of Paragraph 75; and (b) the term "CRT Products" is vague, ambiguous, and

27    improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

28

1  Complaint does not allege that finished products containing CRTs were an object of the alleged

2  conspiracy.

3       76.    Denies the allegations of Paragraph 76 of the Amended Complaint, except avers

4  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

5  allegations of Paragraph 76; and (b) the term "CRT Products" is vague, ambiguous, and

6  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

7  Complaint does not allege that finished products containing CRTs were an object of the alleged

8  conspiracy.

9       77.    Denies the allegations of Paragraph 77 of the Amended Complaint, except avers

10  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

11  allegations of Paragraph 77; and (b) the term "CRT Products" is vague, ambiguous, and

12  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

13  Complaint does not allege that finished products containing CRTs were an object of the alleged

14  conspiracy.

15       78.    Denies the allegations of Paragraph 78 of the Amended Complaint, except avers

16  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

17  allegations of Paragraph 78; and (b) the term "CRT Products" is vague, ambiguous, and

18  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

19  Complaint does not allege that finished products containing CRTs were an object of the alleged

20  conspiracy.

21       79.    Admits that Plaintiffs purport to refer to Toshiba Corporation, Toshiba America,

22  Inc., TACP, TACPI, TAIP, TAEC and TDDT collectively as "Toshiba," except avers that SEAI

23  is without knowledge or information sufficient to form a belief as to whether such a collective

24  reference is appropriate or justified.

25  **Panasonic Entities**

26       80.    Denies the allegations of Paragraph 80 of the Amended Complaint, except avers

27  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

28  allegations of Paragraph 80; and (b) the term "CRT Products" is vague, ambiguous, and

1  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

2  Complaint does not allege that finished products containing CRTs were an object of the alleged

3  conspiracy.

4          81.     Denies the allegations of Paragraph 81 of the Amended Complaint, except avers

5  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

6  allegations of Paragraph 81; and (b) the term "CRT Products" is vague, ambiguous, and

7  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

8  Complaint does not allege that finished products containing CRTs were an object of the alleged

9  conspiracy.

10          82.     Denies the allegations of Paragraph 82 of the Amended Complaint, except avers

11  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

12  allegations of Paragraph 82; and (b) the term "CRT Products" is vague, ambiguous, and

13  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

14  Complaint does not allege that finished products containing CRTs were an object of the alleged

15  conspiracy.

16          83.     Denies the allegations of Paragraph 83 of the Amended Complaint, except avers

17  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

18  allegations of Paragraph 83; and (b) the term "CRT Products" is vague, ambiguous, and

19  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

20  Complaint does not allege that finished products containing CRTs were an object of the alleged

21  conspiracy.

22          84.     Denies the allegations of Paragraph 84 of the Amended Complaint, except avers

23  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

24  allegations of Paragraph 84; and (b) that the term "CRT Products" is vague, ambiguous, and

25  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

26  Complaint does not allege that finished products containing CRTs were an object of the alleged

27  conspiracy.

28

1    85.    Denies the allegations of Paragraph 85 of the Amended Complaint, except avers

2    that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

3    allegations of Paragraph 85; and (b) the term "CRT Products" is vague, ambiguous, and

4    improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

5    Complaint does not allege that finished products containing CRTs were an object of the alleged

6    conspiracy.

7    86.    Denies the allegations of Paragraph 86 of the Amended Complaint, except avers

8    that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

9    allegations of Paragraph 86; and (b) the term "CRT Products" is vague, ambiguous, and

10    improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

11    Complaint does not allege that finished products containing CRTs were an object of the alleged

12    conspiracy.

13    **Hitachi Entities**

14    87.    Denies the allegations of Paragraph 87 of the Amended Complaint, except avers

15    that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

16    allegations of Paragraph 87; and (b) the term "CRT Products" is vague, ambiguous, and

17    improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

18    Complaint does not allege that finished products containing CRTs were an object of the alleged

19    conspiracy.

20    88.    Denies the allegations of Paragraph 88 of the Amended Complaint, except avers

21    that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

22    allegations of Paragraph 88; and (b) term "CRT Products" is vague, ambiguous, and improperly

23    overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does

24    not allege that finished products containing CRTs were an object of the alleged conspiracy.

25    89.    Denies the allegations of Paragraph 89 of the Amended Complaint, except avers

26    that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

27    allegations of Paragraph 89; and (b) the term "CRT Products" is vague, ambiguous, and

28    improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

1  Complaint does not allege that finished products containing CRTs were an object of the alleged
2  conspiracy.

3      90.     Denies the allegations of Paragraph 90 of the Amended Complaint, except avers

4  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

5  allegations of Paragraph 90; and (b) the term "CRT Products" is vague, ambiguous, and

6  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

7  Complaint does not allege that finished products containing CRTs were an object of the alleged

8  conspiracy.

9      91.     Denies the allegations of Paragraph 91 of the Amended Complaint, except avers

10  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

11  allegations of Paragraph 91; and (b) the term "CRT Products" is vague, ambiguous, and

12  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

13  Complaint does not allege that finished products containing CRTs were an object of the alleged

14  conspiracy.

15      92.     Denies the allegations of Paragraph 92 of the Amended Complaint, except avers

16  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

17  allegations of Paragraph 92; and (b) the term "CRT Products" is vague, ambiguous, and

18  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

19  Complaint does not allege that finished products containing CRTs were an object of the alleged

20  conspiracy.

21      93.     Admits that Plaintiffs purport to refer to Hitachi Ltd., Hitachi Displays, Hitachi

22  America, HEDUS, Hitachi Asia, and Hitachi Shenzhen collectively as "Hitachi." except avers

23  that SEAI is without knowledge or information sufficient to form a belief as to whether such a

24  collective reference is appropriate or justified.

25  **Tatung Entities**

26      94.     Denies the allegations of Paragraph 94 of the Amended Complaint, except avers

27  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

28  allegations of Paragraph 94; and (b) the term "CRT Products" is vague, ambiguous, and

1  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

2  Complaint does not allege that finished products containing CRTs were an object of the alleged

3  conspiracy.

4      95.  Denies the allegations of Paragraph 95 of the Amended Complaint, except avers

5  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

6  allegations of Paragraph 95; and (b) the term "CRT Products" is vague, ambiguous, and

7  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

8  Complaint does not allege that finished products containing CRTs were an object of the alleged

9  conspiracy.

10      96.  Admits that Plaintiffs purport to refer to Tatung Company and Tatung America

11  collectively as "Tatung," except avers that SEAI is without knowledge or information sufficient

12  to form a belief as to whether such a collective reference is appropriate or justified.

13  **Chunghwa Entities**

14      97.  Denies the allegations of Paragraph 97 of the Amended Complaint, except avers

15  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

16  allegations of Paragraph 97; and (b) the term "CRT Products" is vague, ambiguous, and

17  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

18  Complaint does not allege that finished products containing CRTs were an object of the alleged

19  conspiracy.

20      98.  Denies the allegations of Paragraph 98 of the Amended Complaint, except avers

21  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

22  allegations of Paragraph 98; and (b) the term "CRT Products" is vague, ambiguous, and

23  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

24  Complaint does not allege that finished products containing CRTs were an object of the alleged

25  conspiracy.

26      99.  Admits that Plaintiffs purport to refer to CPT and Chunghwa Malaysia collectively

27  as "Chunghwa," except avers that SEAI is without knowledge or information sufficient to form a

28  belief as to whether such a collective reference is appropriate or justified.

**IRICO Entities**

100.   Denies the allegations of Paragraph 100 of the Amended Complaint, except avers that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

101.   Denies the allegations of Paragraph 101 of the Amended Complaint, except avers that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

102.   Denies the allegations of Paragraph 102 of the Amended Complaint, except avers that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

103.   Admits that Plaintiffs purport to refer to IGC, IDDC, and IGE collectively as "IRICO," except avers that SEAI is without knowledge or information sufficient to form a belief as to whether such a collective reference is appropriate or justified.

**Thai CRT**

104.   Denies the allegations of Paragraph 104 of the Amended Complaint, except avers that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

1    Complaint does not allege that finished products containing CRTs were an object of the alleged

2    conspiracy.

3    **Samtel**

4         105.   Denies the allegations of Paragraph 105 of the Amended Complaint, except avers

5    that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

6    allegations of Paragraph 105; and (b) the term "CRT Products" is vague, ambiguous, and

7    improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

8    Complaint does not allege that finished products containing CRTs were an object of the alleged

9    conspiracy.

10   **Daewoo Entities**

11        106.   Denies the allegations of Paragraph 106 of the Amended Complaint, except avers

12   that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

13   allegations of Paragraph 106; and (b) the term "CRT Products" is vague, ambiguous, and

14   improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

15   Complaint does not allege that finished products containing CRTs were an object of the alleged

16   conspiracy.

17        107.   Denies the allegations of Paragraph 107 of the Amended Complaint, except avers

18   that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

19   allegations of Paragraph 107; and (b) the term "CRT Products" is vague, ambiguous, and

20   improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

21   Complaint does not allege that finished products containing CRTs were an object of the alleged

22   conspiracy.

23        108.   Admits that Plaintiffs purport to refer to Daewoo International, Daewoo Electronics,

24   Orion, and DOSA collectively as "Daewoo," except avers that SEAI is without knowledge or

25   information sufficient to form a belief as to whether such a collective reference is appropriate or

26   justified.

27        109.   Admits that Plaintiffs purport to refer to all of the above-listed defendants

28   collectively as "Defendants."

1

## VI.  PURPORTED AGENTS AND CO-CONSPIRATORS

2   110.   Denies the allegations of Paragraph 110 of the Amended Complaint.

3   111.   Denies the allegations of Paragraph 111 of the Amended Complaint.

4   112.   Denies the allegations of Paragraph 112 of the Amended Complaint.

5   113.   Denies the allegations of Paragraph 113 of the Amended Complaint.

6

## VII.  INTERSTATE TRADE AND COMMERCE

7   114.   Denies the allegations of Paragraph 114 of the Amended Complaint, except avers

8   that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does

9   not manufacture and sell CRTs, and the Amended Complaint does not allege that finished

10   products containing CRTs were an object of the alleged conspiracy.

11   115.   Denies the allegations of Paragraph 115 of the Amended Complaint, except avers

12   that: (a) SEAI is without knowledge or information sufficient to form a belief as to the "market

13   for CRT Products"; and (b) the term "CRT Products" is vague, ambiguous, and improperly

14   overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does

15   not allege that finished products containing CRTs were an object of the alleged conspiracy.

16   116.   Denies the allegations of Paragraph 116 of the Amended Complaint, except avers

17   that: (a) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI

18   does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished

19   products containing CRTs were an object of the alleged conspiracy; and (b) to the extent the

20   allegations contained in Paragraph 116 of the Amended Complaint are legal conclusions, no

21   response is required.

22

## VIII.  PURPORTED FACTUAL ALLEGATIONS

23   ### A.  CRT Technology

24   117.   Denies the allegations of Paragraph 117 of the Amended Complaint, except: (a)

25   admits that CRT technology was first developed more than a century ago; (b) admits that CRTs

26   are used in televisions, computer monitors, and other applications; and (c) avers that SEAI is

27   without knowledge or information sufficient to form a belief as to the truth of the remaining

28   allegations of Paragraph 117.

118.   Denies the allegations of Paragraph 118 of the Amended Complaint, except avers that: (a) Plaintiffs' description of the operation of a CRT is incomplete, oversimplified, and incorrect in certain respects; and (b) SEAI reserves the right to provide a more thorough and complete description of the operation of CRT to the extent that the technical operation of a CRT is relevant to Plaintiffs' claims in this proceeding.

119.   Denies the allegations of Paragraph 119 of the Amended Complaint.

120.   Denies the allegations of Paragraph 120 of the Amended Complaint, except avers that SEAI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 120 due to the vague and ambiguous nature of terms such as "last few years" and "dominant."

**B.** **Structural Characteristics Of The CRT Market**

121.   Denies the allegations of Paragraph 121 of the Amended Complaint, and specifically denies that SEAI was engaged in the conspiracy alleged in the Amended Complaint, except avers that: (a) the term "CRT Product market" is vague, ambiguous and not self defining; (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy; and (c) to the extent that the term "CRT Product market" is intended to signify a relevant product market for antitrust purposes, the allegation represents a legal conclusion to which no response is required.

      **a.**     **Purported Market Concentration**

122.   Denies the allegations of Paragraph 122 of the Amended Complaint.

      **b.**     **Purported Information Sharing**

123.   Denies the allegations of Paragraph 123 of the Amended Complaint.

124.   Denies the allegations of Paragraph 124 of the Amended Complaint, except: (a) admits that SEC is member of the Society for Information Display; (b) admits that SEC was a founding member of the Korea Display Industry Association; (c) admits that SEC is a member of the Electronic Display Research Association of Korea; (d) denies that Plaintiff's collective reference to "Samsung" is appropriate as it improperly seeks to group together distinct legal

1   entities with separate businesses and ownership structures; (e) avers that SEAI does not

2   manufacture and sell CRTs—the object of the conspiracy alleged by the Amended Complaint;

3   and (f) avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad

4   because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege

5   that finished products containing CRTs were an object of the alleged conspiracy.

6         **c.**      **Purported Consolidation**

7         125.   Denies the allegations of Paragraph 125 of the Amended Complaint, except avers

8   that SEAI is without knowledge or information sufficient to form a belief as to the allegations of

9   Paragraph 125 regarding the activities of third parties.

10         126.   Denies the allegations of Paragraph 126 of the Amended Complaint.

11         **d.**      **Purported Multiple Interrelated Business Relationships**

12         127.   Denies the allegations of Paragraph 127 of the Amended Complaint.

13         128.   Denies the allegations of Paragraph 128 of the Amended Complaint, including each

14   subpart, except: (a) avers that SEAI is without knowledge or information sufficient to form a

15   belief as to the allegations of Paragraph 128 regarding the activities of third parties; (b) avers that

16   the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not

17   manufacture and sell CRTs, and the Amended Complaint does not allege that finished products

18   containing CRTs were an object of the alleged conspiracy; (c) avers that the term "CRT Product

19   market" is vague, ambiguous and not self defining; (d) avers that to the extent that the term "CRT

20   Product market" is intended to signify a relevant product market for antitrust purposes, the

21   allegation represents a legal conclusion to which no response is required; and (e) denies that

22   Plaintiff's collective reference to "Samsung" is appropriate as it improperly seeks to group

23   together distinct legal entities with separate businesses and ownership structures.

24         **e.**      **Purported High Costs Of Entry Into The Industry**

25         129.   Denies the allegations of Paragraph 129 of the Amended Complaint.

26         **f.**      **The Purported Maturity Of The CRT Product Market**

27         130.   Denies the allegations of Paragraph 130 of the Amended Complaint, and

28   specifically denies that SEAI was engaged in the conspiracy alleged in the Amended Complaint,

1    except avers that: (a) basic CRT technology has existed for decades; but (b) there have been

2    significant innovations and improvements to CRT technology; (c) the term "CRT Product

3    market" is vague, ambiguous, and not self defining; (d) the term "CRT Products" is vague,

4    ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and

5    the Amended Complaint does not allege that finished products containing CRTs were an object of

6    the alleged conspiracy; and (e) to the extent that the term "CRT Product market" is intended to

7    signify a relevant product market for antitrust purposes, the allegation represents a legal

8    conclusion to which no response is required.

9           131.   Denies the allegations of Paragraph 131 of the Amended Complaint.

10          132.   Denies the allegations of Paragraph 132 of the Amended Complaint, except avers

11   that: (a) since the mid-1990's, electronic devices containing emerging technologies such as liquid

12   crystal displays (TFT-LCDs or LCDs) and Plasma displays have increasingly competed with the

13   sale of electronic devices containing CPTs and CDTs; (b) SEAI is without knowledge or

14   information sufficient to form a belief as to the truth of the allegations of Paragraph 132 regarding

15   Plaintiffs' allegations pertaining to "revenues from the sale of CRT televisions in the United

16   States" as that phrase is vague and ambiguous; and (c) the term "CRT Products" is vague,

17   ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and

18   the Amended Complaint does not allege that finished products containing CRTs were an object of

19   the alleged conspiracy.

20          133.   Denies the allegations of Paragraph 133 of the Amended Complaint, and

21   specifically denies that SEAI was engaged in the conspiracy alleged in the Amended Complaint,

22   except avers that: (a) SEAI is without knowledge or information sufficient to form a belief as to

23   the truth of the allegations of Paragraph 133 due to the vague and ambiguous nature of terms such

24   as "demand," and "dominant"; (b) since the mid-1990's, electronic devices containing emerging

25   technologies such as liquid crystal displays (TFT-LCDs or LCDs) and Plasma displays have

26   increasingly competed with the sale of electronic devices containing CPTs and CDTs; and (c) the

27   term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not

28

1   manufacture and sell CRTs, and the Amended Complaint does not allege that finished products

2   containing CRTs were an object of the alleged conspiracy.

3       134.   Denies the allegations of Paragraph 134 of the Amended Complaint, except avers

4   that SEAI is without knowledge or information sufficient to form a belief as to the truth of the

5   allegations of Paragraph 134.

6       135.   Denies the allegations of Paragraph 135 of the Amended Complaint, except avers

7   that SEAI is without knowledge or information sufficient to form a belief as to the truth of the

8   allegations of Paragraph 135.

9       **g.       Purported Homogeneity Of CRT Products**

10      136.   Denies the allegations of Paragraph 136 of the Amended Complaint and avers that

11  the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not

12  manufacture and sell CRTs, and the Amended Complaint does not allege that finished products

13  containing CRTs were an object of the alleged conspiracy.

14      137.   Denies the allegations of Paragraph 137 of the Amended Complaint.

15  **C. Purported Pre-Conspiracy Market**

16      138.   Denies the allegations of Paragraph 138 of the Amended Complaint.

17      139.   Denies the allegations of Paragraph 139 of the Amended Complaint.

18  **D. Defendants' And Co-Conspirators' Purported Illegal Agreements**

19      140.   Denies the allegations of Paragraph 140 of the Amended Complaint.

20      141.   Denies the allegations of Paragraph 141 of the Amended Complaint.

21      142.   Denies the allegations of Paragraph 142 of the Amended Complaint, except avers

22  that Plaintiff's collective reference to "Samsung" is inappropriate as it improperly seeks to group

23  together distinct legal entities with separate businesses and ownership structures.

24      143.   Denies the allegations of Paragraph 143 of the Amended Complaint.

25      144.   Denies the allegations of Paragraph 144 of the Amended Complaint.

26      **a.       Purported "Glass Meetings"**

27      145.   Denies the allegations of Paragraph 145 of the Amended Complaint.

28      146.   Denies the allegations of Paragraph 146 of the Amended Complaint.

147.   Denies the allegations of Paragraph 147 of the Amended Complaint.

148.   Denies the allegations of Paragraph 148 of the Amended Complaint, including each subpart, except avers that: (a) Plaintiff's collective reference to "Samsung" is inappropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures; and (b) SEAI does not manufacture and sell CRTs—the object of the conspiracy alleged by the Amended Complaint.

149.   Denies the allegations of Paragraph 149 of the Amended Complaint.

150.   Denies the allegations of Paragraph 150 of the Amended Complaint.

151.   Denies the allegations of Paragraph 151 of the Amended Complaint.

152.   Denies the allegations of Paragraph 152 of the Amended Complaint, except avers that SEAI does not manufacture and sell CRTs and thus was not capable of having "agreed upon what price [it] would charge for CRTs to be sold the following month or quarter."

153.   Denies the allegations of Paragraph 153 of the Amended Complaint.

154.   Denies the allegations of Paragraph 154 of the Amended Complaint.

155.   Denies the allegations of Paragraph 155 of the Amended Complaint, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

156.   Denies the allegations of Paragraph 156 of the Amended Complaint, including each subpart, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

157.   Denies the allegations of Paragraph 157 of the Amended Complaint.

158.   Denies the allegations of Paragraph 158 of the Amended Complaint.

**b.    Purported Bilateral Discussions**

159.   Denies the allegations of Paragraph 159 of the Amended Complaint.

160.   Denies the allegations of Paragraph 160 of the Amended Complaint.

161.   Denies the allegations of Paragraph 161 of the Amended Complaint.

162. Denies the allegations of Paragraph 162 of the Amended Complaint, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

163. Denies the allegations of Paragraph 163 of the Amended Complaint.

164. Denies the allegations of Paragraph 164 of the Amended Complaint, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

165. Denies the allegations of Paragraph 165 of the Amended Complaint, and specifically denies that SEAI was engaged in the conspiracy alleged in the Amended Complaint, except avers that: (a) Plaintiff's collective reference to "Samsung" is inappropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures; (b) SEAI is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 165 as they relate to third parties; and (c) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

**c.      Defendants' And Co-Conspirators' Purported Participation In Group And Bilateral Discussions**

166. Denies the allegations of Paragraph 166 of the Amended Complaint, except avers that: (a) Plaintiff's collective reference to "Samsung" is inappropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures; (b) SEAI does not manufacture and sell CRTs—the object of the conspiracy alleged by the Amended Complaint; and (c) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

167. Denies the allegations of Paragraph 167 of the Amended Complaint.

1    168.   Denies the allegations of Paragraph 168 of the Amended Complaint.

2    169.   Denies the allegations of Paragraph 169 of the Amended Complaint.

3    170.   Denies the allegations of Paragraph 170 of the Amended Complaint.

4    171.   Denies the allegations of Paragraph 171 of the Amended Complaint.

5    172.   Denies the allegations of Paragraph 172 of the Amended Complaint.

6    173.   Denies the allegations of Paragraph 173 of the Amended Complaint.

7    174.   Denies the allegations of Paragraph 174 of the Amended Complaint..

8    175.   Denies the allegations of Paragraph 175 of the Amended Complaint.

9    176.   Denies the allegations of Paragraph 176 of the Amended Complaint.

10   177.   Denies the allegations of Paragraph 177 of the Amended Complaint.

11   178.   Denies the allegations of Paragraph 178 of the Amended Complaint.

12   179.   Denies the allegations of Paragraph 179 of the Amended Complaint.

13   180.   Denies the allegations of Paragraph 180 of the Amended Complaint.

14   181.   Denies the allegations of Paragraph 181 of the Amended Complaint.

15   182.   Denies the allegations of Paragraph 182 of the Amended Complaint.

16   183.   Denies the allegations of Paragraph 183 of the Amended Complaint.

17   184.   Denies the allegations of Paragraph 184 of the Amended Complaint.

18   185.   Denies the allegations of Paragraph 185 of the Amended Complaint.

19   186.   Denies the allegations of Paragraph 186 of the Amended Complaint.

20   187.   Denies the allegations of Paragraph 187 of the Amended Complaint.

21   188.   Denies the allegations of Paragraph 188 of the Amended Complaint, except: (a)

22   admits that Plaintiffs purport to refer to separate and distinct companies collectively by a single

23   name; but (b) specifically denies that such a collective reference is appropriate with respect to

24   SEAI and the SDI Defendants as it improperly seeks to group together distinct legal entities with

25   separate businesses and ownership structure.

26   **E.  The Purported CRT Market During The Conspiracy**

27   189.   Denies the allegations of Paragraph 189 of the Amended Complaint, except avers

28   that SEAI is without knowledge or information sufficient to form a belief as to the truth of the

1   allegations of Paragraph 189 due to the vague and ambiguous nature of terms such as "last few

2   years" and "dominant."

3        190.   Denies the allegations in Paragraph 190 of the Amended Complaint, except: (a)

4   admits that Plaintiffs purport to offer data reported by Stanford Resources, Inc.; and (b) avers that

5   SEAI is without knowledge or information sufficient to form a belief as to the accuracy of that

6   representation or data.

7        191.   Denies the allegations of Paragraph 191 of the Amended Complaint, except: (a)

8   admits that Plaintiffs purport to offer data published by Fuji Chimera Research; but (b) avers that

9   SEAI is without knowledge or information sufficient to form a belief as to the accuracy of that

10  representation or data; and (c) avers that SEAI is without knowledge or information sufficient to

11  form a belief as to the truth of the remaining allegations of Paragraph 191 and that the phrase

12  "market for CRT TVs and computer monitors" is vague and ambiguous.

13       192.   Denies the allegations of Paragraph 192 of the Amended Complaint.

14       193.   Denies the allegations of Paragraph 193 of the Amended Complaint, except: (a)

15  admits that Plaintiffs purport to provide a statement of an unnamed "industry source"; but (b)

16  avers that SEAI is without knowledge or information sufficient to form a belief as to the truth or

17  accuracy of that representation or statement.

18       194.   Denies the allegations of Paragraph 194 of the Amended Complaint.

19       195.   Denies the allegations of Paragraph 195 of the Amended Complaint.

20       196.   Denies the allegations of Paragraph 196 of the Amended Complaint.

21       197.   Denies the allegations of Paragraph 197 of the Amended Complaint.

22       198.   Denies the allegations of Paragraph 198 of the Amended Complaint.

23       199.   Denies the allegations of Paragraph 199 of the Amended Complaint, and

24  specifically denies that SEAI was engaged in the conspiracy or collusive activities alleged in the

25  Amended Complaint, except avers that: (a) SEAI does not manufacture CRTs, and on that basis

26  specifically denies that SEAI could have effected a drop in its "CRT factory utilization" to the

27  extent that that term refers to the manufacture of CRTs; and (b) the term "CRT Products" is

28  vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs,

1   and the Amended Complaint does not allege that finished products containing CRTs were an

2   object of the alleged conspiracy.

3       200.   Denies the allegations of Paragraph 200 of the Amended Complaint, except: (a)

4   avers that SEAI is without knowledge or information sufficient to form a belief as to the

5   allegations of Paragraph 200; the terms "normal downward pressures," "moderating," and "new

6   generation LCD panels and plasma display products" are vague, ambiguous, and not self-

7   defining; (c) admits that Plaintiffs purport to provide a statement of Finsen Yu; but (d) avers that

8   SEAI is without knowledge or information sufficient to form a belief as to the truth or accuracy of

9   that statement; and (d) avers that the term "CRT Products" is vague, ambiguous, and improperly

10  overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does

11  not allege that finished products containing CRTs were an object of the alleged conspiracy.

12      201.   Denies the allegations of Paragraph 201 of the Amended Complaint, except avers

13  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the allegations

14  of Paragraph 201 due to the vague and ambiguous nature of the terms and phrases "periods of

15  unnatural and sustained price stability," "prices of CRT Products," "approaching obsolescence,"

16  "new, potentially superior and clearly more popular, substitutable technology"; (b) the term "CRT

17  Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture

18  and sell CRTs, and the Amended Complaint does not allege that finished products containing

19  CRTs were an object of the alleged conspiracy; and (c) to the extent the allegations contained in

20  Paragraph 201 of the Amended Complaint are legal conclusions, no response is required.

21      202.   Denies the allegations of Paragraph 202 of the Amended Complaint, except avers

22  that: (a) the terms "price stability," "market for CRT Products," "rapidly decreasing demand,"

23  and "new, substitutable technology" are vague, ambiguous, and not self-defining; (b) the term

24  "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not

25  manufacture and sell CRTs, and the Amended Complaint does not allege that finished products

26  containing CRTs were an object of the alleged conspiracy; and (c) to the extent the allegations

27  contained in Paragraph 202 of the Amended Complaint are legal conclusions, no response is

28  required.

1

**E.  International Government Antitrust Investigations**

2          203.   Denies the allegations of Paragraph 203 of the Amended Complaint, except avers

3   that: (a) to the extent the allegations are directed to other Defendants, SEAI is without knowledge

4   or information sufficient to form a belief as to the truth of the allegations; (b) to SEAI's

5   knowledge, no DOJ investigation has targeted SEAI, which does not manufacture and sell CRTs;

6   (c) to SEAI's knowledge and belief based on public information these investigations have been

7   limited to alleged price fixing of CDTs and CPTs, and not finished products containing CDTs or

8   CPTs; and (d) the term "CRT Products" is vague, ambiguous, and improperly overbroad because

9   SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that

10  finished products containing CRTs were an object of the alleged conspiracy.

11         204.   Denies the allegations of Paragraph 204 of the Amended Complaint, except avers

12  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the allegations

13  of Paragraph 204; and (b) no government raid has targeted SEAI, which does not manufacture

14  and sell CRTs.

15         205.   Denies the allegations of Paragraph 205 of the Amended Complaint and respectfully

16  refers the Court to the referenced document for a full and complete description of its contents.

17         206.   Denies the allegations of Paragraph 206 of the Amended Complaint, except avers

18  that SEAI is without knowledge or information sufficient to form a belief as to the allegations of

19  Paragraph 206.

20         207.   Denies the allegations of Paragraph 207 of the Amended Complaint except; (a)

21  admits that Plaintiffs purport to summarize an unnamed article from Kyodo News; and (b) avers

22  that SEAI is without knowledge or information sufficient to form a belief as to the truth or

23  accuracy of that representation or statement.

24         208.   Denies the allegations of Paragraph 208 of the Amended Complaint except; (a)

25  admits that Plaintiffs purport to provide an excerpt from an unnamed article from *Kyodo News*;

26  and (b) avers that SEAI is without knowledge or information sufficient to form a belief as to the

27  truth or accuracy of that representation or statement.

28

1          209.   Denies the allegations of Paragraph 209 of the Amended Complaint, except avers

2    that: (a) SEAI is without knowledge or information sufficient to form a belief as to the allegations

3    of Paragraph 209; (b) Plaintiff's collective reference to "Samsung's CRT business" is

4    inappropriate as it improperly seeks to group together distinct legal entities with separate

5    businesses and ownership structures; (c) SEAI does not manufacture and sell CRTs—the object

6    of the conspiracy alleged by the Amended Complaint; and (d) to SEAI's knowledge, no

7    government investigation has targeted SEAI, which does not manufacture and sell CRTs.

8          210.   Denies the allegations of Paragraph 210 of the Amended Complaint except: (a)

9    admits that Plaintiffs purport to provide an excerpt from an unnamed article from the *Asian*

10   *Shimbun*; and (b) SEC is without knowledge or information sufficient to form a belief as to the

11   truth or accuracy of that representation or statement.

12         211.   Denies the allegations of Paragraph 211 of the Amended Complaint, except avers

13   that SEC is without knowledge or information sufficient to form a belief as to the allegations of

14   Paragraph 211.

15         212.   Denies the allegations of Paragraph 212 of the Amended Complaint, except avers

16   that SEC is without knowledge or information sufficient to form a belief as to the allegations of

17   Paragraph 212.

18         213.   Denies the allegations of Paragraph 213 of the Amended Complaint, except (a)

19   admits that Plaintiffs purport to provide an excerpt of an announcement by the Hungarian

20   Competition Authority; (b) avers that SEAI is without knowledge or information sufficient to

21   form a belief as to the allegations of Paragraph 213; and (c) avers that SEAI is not listed as a

22   target of the Hungarian Competition Authority's investigation in the excerpted language of

23   Paragraph 213 and, to SEAI's knowledge, no government investigation has targeted SEAI, which

24   does not manufacture and sell CRTs.

25         214.   Denies the allegations of Paragraph 214 of the Amended Complaint, except avers

26   that SEAI is without knowledge or information sufficient to form a belief as to the allegations of

27   Paragraph 214 because the term "competitor contacts" is vague, ambiguous, and not self-defining.

28

215.   Denies the allegations of Paragraph 215 of the Amended Complaint, except: (a) admits that SEC and its U.S. subsidiary Samsung Semiconductor Inc. entered a plea agreement and agreed to pay a $300 million dollar fine to the DOJ following an investigation by the DOJ into dynamic access memory ("DRAM") computer chips and respectfully refers the Court to the DOJ DRAM plea agreement for a full and complete description of its contents; but (b) specifically denies that SEAI plead guilty or paid any fine to the U.S. Department of Justice; (c) avers that DRAM computer chips are not relevant to Plaintiffs' allegations in the Amended Complaint; and (d) avers that Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures.

216.   Denies the allegations of Paragraph 216 of the Amended Complaint, except: (a) admits that the DOJ initiated investigations with respect to Static Random Access Memory ("SRAM") and NAND Flash Memory; (b) avers that neither SRAM nor flash memory computer chips are relevant to Plaintiffs' allegations in the Amended Complaint; and (c) avers that Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures.

217.   Denies the allegations of Paragraph 217 of the Amended Complaint, except: (a) avers that SEAI is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 217 due to the vague and ambiguous nature of the terms "comprehensive investigation" and "anticompetitive conduct"; and (b) avers that TFT-LCDs are not relevant to Plaintiffs' allegations in the Amended Complaint.

218.   Denies the allegations of Paragraph 218 of the Amended Complaint, except avers that: (a) SEAI is without knowledge or information sufficient to form a belief as to which "news reports" or "Samsung" entities Plaintiffs are referring in the allegations of Paragraph 218, as those terms are vague and ambiguous; (b) Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures; and (c) TFT-LCDs are not relevant to Plaintiffs' allegations in the Amended Complaint.

219.   Denies the allegations of Paragraph 219 of the Amended Complaint, except: (a) admits that the DOJ issued a press release on November 12, 2008 announcing that LG Display Co. Ltd., Sharp Corp., and Chunghwa Picture Tubes Ltd. agreed to plead guilty for price-fixing of TFT-LCD panels and pay a total of $585 million in fines and respectfully refers the Court to the cited document for a full and complete description of its contents; and (b) avers that TFT-LCDs are not relevant to Plaintiffs' allegations in the Amended Complaint.

220.   Denies the allegations of Paragraph 220 of the Amended Complaint, except: (a) admits that the DOJ issued a press release on March 10, 2009 announcing that Hitachi Displays, Ltd. agreed to plead guilty for price-fixing of TFT-LCD panels and pay a $31 million fine, and respectfully refers the Court to the document for a full and complete description of its contents; and (b) avers that TFT-LCDs are not relevant to Plaintiffs' allegations in the Amended Complaint.

221.   Denies the allegations of Paragraph 221 of the Amended Complaint, except avers that SEAI is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 221.

**IX.   THE PURPORTED PASS-THROUGH OF OVERCHARGES TO CONSUMERS**

222.   Denies the allegations of Paragraph 222 of the Amended Complaint.

223.   Denies the allegations of Paragraph 223 of the Amended Complaint.

224.   Denies the allegations of Paragraph 224 of the Amended Complaint, except avers that: (a) the terms "such as" and "reseller" are vague, ambiguous, and not self-defining; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

225.   Denies the allegations of Paragraph 225 of the Amended Complaint.

226.   Denies the allegations of Paragraph 226 of the Amended Complaint.

227.   Denies the allegations of Paragraph 227 of the Amended Complaint, except avers that: (a) SEAI is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 227 due to the vague and ambiguous nature of the terms  "ultimately determined,"

1   "market for CRTs," "market for CRT Products," "inextricably linked," and "intimate

2   relationship"; (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad

3   because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege

4   that finished products containing CRTs were an object of the alleged conspiracy; and (c) admits

5   that "Computer and TV OEMs and retailers of CRT Products are all subject to vigorous price

6   competition."

7       228.   Denies the allegations of Paragraph 228 of the Amended Complaint, except avers

8   that SEAI is without knowledge or information sufficient to form a belief as to the allegations of

9   Paragraph 228 due to the vague and ambiguous nature of the terms "commodities," "little or no

10  brand loyalty," "aggressive pricing," "switch preferences," "closely based," "production costs,"

11  "directly determined," "component costs," "assembly costs," "minimal," "starting point," "cost-

12  plus," and "closely track."

13      229.   Denies the allegations of Paragraph 229 of the Amended Complaint, except avers

14  that SEAI is without knowledge or information sufficient to form a belief as to the allegations of

15  Paragraph 229 due to the vague and ambiguous nature of the terms and phrases "component,"

16  "products into which they are incorporated," and "total manufacturing cost."

17      230.   Denies the allegations of Paragraph 230 of the Amended Complaint.

18      231.   Denies the allegations of Paragraph 231 of the Amended Complaint, except avers

19  that SEAI is without knowledge or information sufficient to form a belief as to the allegations of

20  Paragraph 231 due to the vague and ambiguous nature of the terms "place of manufacture,"

21  "essentially unchanged," "distribution system," "discreet," "change form," "become an

22  indistinguishable part," and "traceable physical chain."

23      232.   Denies the allegations of Paragraph 232 of the Amended Complaint.

24      233.   Denies the allegations of Paragraph 233 of the Amended Complaint and respectfully

25  refers the Court to the cited document for a full and complete description of its contents.

26      234.   Denies the allegations of Paragraph 234 of the Amended Complaint and respectfully

27  refers the Court to the cited text for a full and complete description of its contents.

28      235.   Denies the allegations of Paragraph 235 of the Amended Complaint.

236.   Denies the allegations of Paragraph 236 of the Amended Complaint, except: (a) admits that Plaintiffs purport to provide a statement Professor Jeffrey McKie-Mason from a passage quoted in an unspecified judicial decision in an unnamed case; and (b) avers that SEAI is without knowledge or information sufficient to form a belief as to the truth or accuracy of that representation or statement.

237.   Denies the allegations of Paragraph 237 of the Amended Complaint.

238.   Denies the allegations of Paragraph 238 of the Amended Complaint.

239.   Denies the allegations of Paragraph 239 of the Amended Complaint.

# X.  CLASS ACTION ALLEGATIONS

240.   Denies the allegations of Paragraph 240 of the Amended Complaint.

241.   Denies the allegations of Paragraph 241 of the Amended Complaint.

242.   Denies the allegations of Paragraph 242 of the Amended Complaint.

243.   Denies the allegations of Paragraph 243 of the Amended Complaint, including each subpart.

# XI.  VIOLATIONS ALLEGED

## A.  First Claim for Relief: Purported Violation of Section 1 of the Sherman Act

244.   Admits that Plaintiffs purport to incorporate the allegations of the preceding paragraphs of the Amended Complaint.  SEAI hereby incorporates by reference its responses to the above allegations as set forth above.

245.   Denies the allegations of Paragraph 245 of the Amended Complaint.

246.   Denies the allegations of Paragraph 246 of the Amended Complaint.

247.   Denies the allegations of Paragraph 247 of the Amended Complaint.

248.   Denies the allegations of Paragraph 248 of the Amended Complaint.

249.   Denies the allegations of Paragraph 249 of the Amended Complaint, including each subpart.

250.   Denies the allegations of Paragraph 250 of the Amended Complaint, including each subpart.

251.   Denies the allegations of Paragraph 251 of the Amended Complaint.

1    252.   Denies the allegations of Paragraph 252 of the Amended Complaint.

2    253.   Admits that Plaintiffs purport to seek the issuance of an injunction against

3    Defendants, except specifically denies that SEAI was engaged in any "violations" alleged in the

4    Amended Complaint and avers Plaintiffs are entitled to no relief under Section 16 of the Clayton

5    Act, 15 U.S.C. § 26 or any other statute.

6    **B.  Second Claim for Relief: Purported Violation of State Antitrust Statutes**

7    254.   Admits that Plaintiffs purport to incorporate the allegations of the preceding

8    paragraphs of the Amended Complaint.  SEAI hereby incorporates by reference its responses to

9    the above allegations as set forth above.

10    255.   Denies the allegations of Paragraph 255 of the Amended Complaint, including each

11    subpart.

12    256.   Denies the allegations of Paragraph 256 of the Amended Complaint, including each

13    subpart.

14    257.   Denies the allegations of Paragraph 257 of the Amended Complaint, including each

15    subpart.

16    258.   Denies the allegations of Paragraph 258 of the Amended Complaint, including each

17    subpart.

18    259.   Denies the allegations of Paragraph 259 of the Amended Complaint, including each

19    subpart.

20    260.   Denies the allegations of Paragraph 260 of the Amended Complaint, including each

21    subpart.

22    261.   Denies the allegations of Paragraph 261 of the Amended Complaint, including each

23    subpart.

24    262.   Denies the allegations of Paragraph 262 of the Amended Complaint, including each

25    subpart.

26    263.   Denies the allegations of Paragraph 263 of the Amended Complaint, including each

27    subpart.

28

264.    Denies the allegations of Paragraph 264 of the Amended Complaint, including each subpart.

265.    Denies the allegations of Paragraph 265 of the Amended Complaint, including each subpart.

266.    Denies the allegations of Paragraph 266 of the Amended Complaint, including each subpart.

267.    Denies the allegations of Paragraph 267 of the Amended Complaint, including each subpart.

268.    Denies the allegations of Paragraph 268 of the Amended Complaint, including each subpart.

269.    Denies the allegations of Paragraph 269 of the Amended Complaint, including each subpart.

270.    Denies the allegations of Paragraph 270 of the Amended Complaint, including each subpart.

271.    Denies the allegations of Paragraph 271 of the Amended Complaint, including each subpart.

**C.   Third Claim for Relief: Purported Violation of State Consumer Protection and Unfair Competition Statutes**

272.    Admits that Plaintiffs purport to incorporate the allegations of the preceding paragraphs of the Amended Complaint.  SEAI hereby incorporates by reference its responses to the above allegations as set forth above.

273.    Denies the allegations of Paragraph 273 of the Amended Complaint.

274.    Denies the allegations of Paragraph 274 of the Amended Complaint, including each subpart.

275.    Denies the allegations of Paragraph 275 of the Amended Complaint, including each subpart.

276.    Denies the allegations of Paragraph 276 of the Amended Complaint, including each subpart.

277.   Denies the allegations of Paragraph 277 of the Amended Complaint, including each subpart.

278.   Denies the allegations of Paragraph 278 of the Amended Complaint, including each subpart.

279.   Denies the allegations of Paragraph 279 of the Amended Complaint, including each subpart.

280.   Denies the allegations of Paragraph 280 of the Amended Complaint, including each subpart.

281.   Denies the allegations of Paragraph 281 of the Amended Complaint, including each subpart.

282.   Denies the allegations of Paragraph 282 of the Amended Complaint, including each subpart.

283.   Denies the allegations of Paragraph 283 of the Amended Complaint, including each subpart.

**D.  Fourth Claim for Relief: Purported Unjust Enrichment and Disgorgement of Profits**

284.   Admits that Plaintiffs purport to incorporate the allegations of the preceding paragraphs of the Amended Complaint, except avers that to the extent the allegations contained in Paragraph 284 of the Amended Complaint are legal conclusions, no response is required.  SEAI hereby incorporates by reference its responses to the above allegations as set forth above.

285.   Denies the allegations of Paragraph 285 of the Amended Complaint.

286.   Denies the allegations of Paragraph 286 of the Amended Complaint.

287.   Denies the allegations of Paragraph 287 of the Amended Complaint, and avers that Plaintiffs are entitled to no relief.

## XII.  PURPORTED FRAUDULENT CONCEALMENT

288.   Denies the allegations of Paragraph 288 of the Amended Complaint.

289.   Denies the allegations of Paragraph 289 of the Amended Complaint.

290.   Denies the allegations of Paragraph 290 of the Amended Complaint, including each subpart.

1    291.   Denies the allegations of Paragraph 291 of the Amended Complaint.

2                              **XIII.  <u>PRAYER FOR RELIEF</u>**

3         Denies the allegations of the "Wherefore" Paragraph of the Amended Complaint,

4    including each subpart, and denies that Plaintiffs are entitled to any relief of any kind for or as

5    against SEAI on the purported claims alleged in the Amended Complaint, and avers that Plaintiffs

6    have not suffered any damages.

7                              **XIV.  <u>JURY DEMAND</u>**

8         Admits that Plaintiffs purport to request a trial by jury for all of the claims asserted in the

9    Amended Complaint so triable.

10                              **<u>AFFIRMATIVE DEFENSES</u>**

11         By alleging these affirmative defenses, SEAI is not agreeing or conceding that it

12    has the burden of proof on any of the issues raised in these defenses or that any particular issue or

13    subject matter herein is relevant to Plaintiffs' allegations:

14    1.    This Court lacks subject-matter jurisdiction, pursuant to the Foreign Trade

15          Antitrust Improvement Act, to adjudicate claims involving foreign commerce.

16    2.    Plaintiffs lack standing to bring the claims raised in the Amended Complaint.

17    3.    The Amended Complaint fails to state a claim upon which relief can be granted.

18    4.    This action may not be maintained as a class action.

19    5.    Plaintiffs' claims to a class action should be denied because variations in pricing

20          and sales terms preclude the introduction of class-wide proof as to the alleged

21          overcharge.

22    6.    Damages cannot be proven on a class-wide basis.

23    7.    Injury cannot be proven on a class-wide basis and the named plaintiffs have not

24          suffered injury-in-fact caused by a violation of law.

25    8.    Plaintiffs do not adequately represent the interests of proposed class members.

26    9.    Plaintiffs cannot represent those purported class members who have allegedly

27          suffered injuries in relevant markets in which purported class members are not

28          direct purchasers from SEAI.

1    10.    Plaintiffs' claims and those of the putative class are barred in whole or in part by

2           the applicable statutes of limitation.

3    11.    Plaintiffs' claims and those of the putative class are barred in whole or in part by

4           laches.

5    12.    Plaintiffs' claims and those of the putative class are barred because they have not

6           sustained any cognizable injury or antitrust injury attributable to SEAI's conduct.

7    13.    Plaintiffs' claims and those of the putative class are barred in whole or in part

8           because Plaintiffs failed to mitigate their alleged damages, if any.

9    14.    Plaintiffs' claims and those of the putative class are barred in whole or in part by

10          the doctrine of accord and satisfaction.

11   15.    Plaintiffs' claims and those of the putative class are barred in whole or in part by

12          the doctrines of waiver, estoppel, and/or unclean hands.

13   16.    Plaintiffs' claims and those of the putative class are barred in whole or in part

14          because they accepted the benefit of the bargain.

15   17.    Plaintiffs and members of the putative class have suffered no injury in fact.

16   18.    Plaintiffs and members of the putative class have suffered no injury in fact caused

17          by any purported antitrust violation by SEAI.

18   19.    Plaintiffs and members of the putative class have suffered no damages.

19   20.    Any damages suffered by Plaintiffs and members of the putative class are

20          speculative.

21   21.    Plaintiffs' claims and those of the putative class are barred because the alleged

22          conduct was unilateral, has not unreasonably restrained trade, was based on

23          independent and legitimate business and economic justifications, and constituted

24          bona fide business competition.

25   22.    Plaintiffs' claims are barred, in whole or in part, because the acts or omissions of

26          SEAI did not substantially lessen competition in any properly defined market.

27   23.    Plaintiffs' claims and those of the putative class are barred in whole or in part

28          because an award of treble damages or punitive or exemplary damages against

1      SEAI based on the alleged conduct would violate the Due Process Clauses of the

2      Fifth and Fourteenth Amendments of the Constitution of the United States.

3    24.   To the extent Plaintiffs' claims would result in SEAI paying damages to more than

4      one claimant for the same alleged overcharge, they are barred because such

5      multiple liability would violate rights guaranteed to SEAI by the United States

6      Constitution, including, without limitation, rights guaranteed under the Due

7      Process Clause of the Fourteenth Amendment.

8    25.   Plaintiffs' claims and those of the putative class are barred in whole or in part by

9      the direct-purchaser requirement of *Illinois Brick Co. v. Illinois*, 431 U.S. 720

10      (1977).

11    26.   Plaintiffs' claims are barred, in whole or in part, because the alleged injury is

12      indirect and too remote.

13    27.   Plaintiffs' alleged damages and those of the putative class, if any, resulted from the

14      acts or omissions of third parties over whom SEAI had no control. The acts of

15      such third parties constitute intervening or superseding causes of the harm, if any,

16      suffered by Plaintiffs and members of the putative class.

17    28.   The Amended Complaint fails to allege sufficiently or otherwise properly define

18      any market for the purpose of asserting a claim against SEAI.

19    29.   To the extent any actionable conduct occurred, Plaintiffs' claims and those of the

20      putative class are barred to the extent that such conduct was committed by any

21      individual acting ultra vires.

22    30.   To the extent any actionable conduct occurred, it occurred by entities independent

23      from and not controlled by SEAI

24    31.   The relief sought by Plaintiffs is barred, in whole or in part, because any injury or

25      damage alleged in the Amended Complaint was not incurred by or passed on to

26      Plaintiffs, or was incurred by or passed on to persons or entities other than

27      Plaintiffs.

28

32.     The relief sought by Plaintiffs is barred, in whole or in part, because any injury or damage alleged in the Amended Complaint, which SEAI specifically denies, was passed on to persons or entities other than the Plaintiffs and/or was passed on by Plaintiffs to other parties.

33.     Without admitting that Plaintiffs are entitled to recover damages in this matter, SEAI is entitled to set off from any recovery Plaintiffs may obtain against SEAI, any amount paid to Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

34.     To the extent Plaintiffs purport to seek relief on behalf of purported class members who have not suffered any damages, the Amended Complaint and each of its claims for relief therein violates SEAI's rights to due process under the United States Constitution.

35.     Plaintiffs have failed to state a claim for injunctive relief insofar as Plaintiffs seek to enjoin alleged events that already have transpired without the requisite showing of threatened harm or continuing harm.

36.     Plaintiffs have failed to plead fraudulent concealment with the requisite specificity.

37.     SEAI adopts by reference any applicable defenses heretofore or subsequently pleaded by any other defendant not expressly set forth herein.

38.     SEAI reserves the right to assert other defenses as discovery proceeds.

WHEREFORE, SEAI prays that the Court determine and adjudge:

(a) That this suit cannot be maintained as a class action;

(b) That the Amended Complaint be dismissed with prejudice;

(c) That judgment be entered in favor of SEAI and against Plaintiffs with respect to all causes of action in the Amended Complaint;

(d) That Plaintiffs take nothing by the Amended Complaint;

(e) That SEAI be awarded its costs, disbursements and attorney's fees and expenses incurred herein; and

(f) That SEAI be awarded such other and further relief as the Court may deem proper.

1

2

3    Dated: April 29, 2010                 By:     */s/ Ian Simmons*
                                                  IAN SIMMONS (*pro hac vice*)
4                                                 Email: isimmons@omm.com
                                                  **O'MELVENY & MYERS LLP**
5                                                 1625 Eye Street, NW
                                                  Washington, D.C. 20006
6                                                 Telephone:  (202) 383-5300
                                                  Facsimile:  (202) 383-5414
7

8                                                 MICHAEL TUBACH(145955)
                                                  Email: mtubach@omm.com
9                                                 **O'MELVENY & MYERS LLP**
                                                  Two Embarcadero Center, 28th Floor
10                                                San Francisco, California 94111
                                                  Telephone:  (415) 984-8700
11                                                Facsimile:  (415) 984-8701
12

13                                                ***Attorneys for Defendant Samsung Electronics***
                                                  ***America, Inc.***
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

1

## <u>CERTIFICATE OF SERVICE</u>

2

3        I hereby certify that on April 29, 2010, I electronically filed Samsung Electronics America

4   Inc.'s. Answer to the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint with the

5   Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

6   counsel of record in this matter who are registered on the CM/ECF system.

7

8                                        _/s/ Ian Simmons_____ _____
                                         Ian Simmons
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28