PETER ROOT (142348)
DEWEY & LEBOEUF LLP
1950 University Avenue
East Palo Alto, California 94303
Telephone: (650) 845-7000
Facsimile: (650) 845-7333
Email: proot@dl.com

JEFFREY L. KESSLER (*Admitted Pro Hac Vice*)
A. PAUL VICTOR (*Admitted Pro Hac Vice*)
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-7013
Email: jkessler@dl.com

STEVEN A. REISS (*Admitted Pro Hac Vice*)
DAVID L. YOHAI (*Admitted Pro Hac Vice*)
DAVID YOLKUT (*Admitted Pro Hac Vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email: steven.reiss@weil.com

*Attorneys for Defendant MT Picture Display Co., Ltd.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | No.:  M-07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>DIRECT PURCHASER ACTIONS | **DEFENDANT MT PICTURE DISPLAY CO., LTD.'S ANSWER TO THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT** |

Defendant MT PICTURE DISPLAY CO., LTD. ("MTPD"), by and through its attorneys, responds as follows to the allegations set forth in the Direct Purchaser Plaintiffs' Consolidated Amended Complaint (the "Complaint") filed by plaintiffs ("Plaintiffs").  To the extent not specifically admitted herein, all allegations of the Complaint are denied.  Furthermore, the section headings included herein are included only for purposes of clarity and organization, and MTPD does not admit, but rather specifically denies, any factual or legal allegations in the headings used in the Complaint.

## I.

## "INTRODUCTION"

1.      MTPD admits that Plaintiffs purport to bring this action on behalf of the persons described in the first sentence of Paragraph 1 of the Complaint, but MTPD denies that this action can proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  MTPD lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 1, and therefore denies them. MTPD admits that Plaintiffs define the terms "CPTs," "CPT Products," "CDTs," "CDT Products," "CRTs," and "CRT Products" as set forth in Paragraph 1.

2.      MTPD lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and therefore denies them.

3.      MTPD lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 3 of the Complaint, and therefore denies them.  The allegations contained in the second sentence of Paragraph 3 include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in the second sentence of Paragraph 3.

4.      The allegations contained in Paragraph 4 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 4.

5.      MTPD denies the allegations contained in Paragraph 5 of the Complaint.

6.      MTPD denies the allegations contained in Paragraph 6 of the Complaint.

7.     MTPD denies that the United States Department of Justice or multiple foreign competition authorities are investigating an alleged conspiracy concerning CRT Products, and therefore denies the allegations contained in the first sentence of Paragraph 7 of the Complaint.  MTPD admits that an indictment of Mr. C.Y. Lin has been publicly announced, but denies that this was with respect to an alleged conspiracy relating to CRT Products, as opposed to component CRTs.

## II.

### "JURISDICTION AND VENUE"

8.     The allegations contained in Paragraph 8 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 8 in their entirety, except admits that Plaintiffs purport to bring this action pursuant to the statute identified therein and the relief sought therein.

9.     The allegations contained in Paragraph 9 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 9 in their entirety, except admits that Plaintiffs purport to base jurisdiction on the statutes identified therein.

10.     The allegations contained in Paragraph 10 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 10 in their entirety as they relate to MTPD, except admits that MTPD has done some business within certain jurisdictions within the United States, and denies the remaining allegations contained in Paragraph 10 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## III.

### "PARTIES"

A.     "Plaintiffs"

11.     MTPD denies the allegations contained in Paragraph 11 of the Complaint

for lack of knowledge or information sufficient to form a belief as to the truth thereof.

12.     MTPD denies the allegations contained in Paragraph 12 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

13.     MTPD denies the allegations contained in Paragraph 13 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

14.     MTPD denies the allegations contained in Paragraph 14 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

15.     MTPD denies the allegations contained in Paragraph 15 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

16.     MTPD denies the allegations contained in Paragraph 16 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

17.     MTPD denies the allegations contained in Paragraph 17 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

18.     MTPD denies the allegations contained in Paragraph 18 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

19.     MTPD denies the allegations contained in Paragraph 19 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

20.     MTPD denies the allegations contained in Paragraph 20 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

21.     MTPD denies the allegations contained in Paragraph 21 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

22.     MTPD denies the allegations contained in Paragraph 22 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

23.     MTPD denies the allegations contained in Paragraph 23 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**B.**     **"Defendants"**

**"Chunghwa Entities"**

24.     MTPD denies the allegations contained in Paragraph 24 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

25.     The allegations contained in Paragraph 25 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 25 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

26.     The allegations in Paragraph 26 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.

**"Daewoo Entities"**

27.     MTPD denies the allegations contained in Paragraph 27 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

28.     The allegations contained in Paragraph 28 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 28 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

29.     The allegations in Paragraph 29 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.

**"Hitachi Entities"**

30.     MTPD denies the allegations contained in Paragraph 87 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

31.     The allegations contained in Paragraph 31 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 31 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

32.     The allegations contained in Paragraph 32 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 32 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

33.     The allegations contained in Paragraph 33 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 33 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

34.     The allegations contained in Paragraph 34 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 34 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

35.     The allegations contained in Paragraph 35 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 35 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

36.     The allegations in Paragraph 36 of the Complaint include conclusions of law and characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 36 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"Irico Entities"**

37.     MTPD denies the allegations contained in Paragraph 37 of the Complaint

in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

38.     The allegations contained in Paragraph 38 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 38 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

39.     The allegations contained in Paragraph 39 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 39 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

40.     The allegations in Paragraph 40 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.

**"LG Electronics Entities"**

41.     MTPD denies the allegations contained in Paragraph 41 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

42.     The allegations contained in Paragraph 42 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 42 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

43.     The allegations contained in Paragraph 43 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 43 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

44.     MTPD denies the allegations contained in Paragraph 44 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

thereof.

45.    The allegations in Paragraph 45 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.

**"Panasonic Entities"**

46.    MTPD admits that Panasonic Corporation is a Japanese entity with an office in Osaka, Japan at the address listed in Paragraph 46, and that it was known as Matsushita Electric Industrial Co., Ltd. ("MEI") prior to October 1, 2008.  MTPD admits that MEI held 64.5% of MTPD at the time when MEI and Toshiba Corporation transferred their CRT businesses to MTPD in 2003, and that MTPD became a 100% subsidiary of MEI in 2007.  MTPD admits that Panasonic Corporation is best known for its Panasonic brand, but MTPD lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the sixth sentence of Paragraph 46, and therefore denies them.  MTPD admits that MEI or its affiliates sold some products containing CRTs in the United States during the purported Class Period, but denies the remaining allegations contained in Paragraph 46.

47.    MTPD denies the allegations contained in Paragraph 47 of the Complaint in their entirety, except admits that Matsushita Electronics Corporation (Malaysia) Sdn Bhd ("Matsushita Malaysia") was a Malaysian entity that had an office in Shah Alam Malaysia, and was a wholly owned indirect subsidiary of Panasonic.  MTPD avers that Matsushita Electronics Corporation (Malaysia) Sdn Bhd is a defunct entity that was voluntarily dismissed from the case by Plaintiffs.

48.    MTPD denies the allegations contained in Paragraph 48 of the Complaint in their entirety, except admits that Panasonic Corporation of North America ("PNA") is a defendant in this action, and is a Delaware corporation with its headquarters in Secaucus, New Jersey at the address listed, and is a wholly owned subsidiary of Panasonic.  MTPD admits that PNA sold CRT televisions in the United States during the purported Class Period.

49.    MTPD denies the allegations contained in Paragraph 49 of the Complaint

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

in their entirety, except admits that Panasonic Consumer Electronics Company ("PCEC") is an unincorporated division of PNA with its headquarters in Secaucus, New Jersey at the address listed.  PCEC has been voluntarily dismissed from the case by Plaintiffs.

50.     The allegations in Paragraph 50 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  MTPD notes that Matsushita Malaysia and PCEC have been voluntarily dismissed from the case by Plaintiffs.

**"Philips Entities"**

51.     MTPD denies the allegations contained in Paragraph 51 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

52.     The allegations contained in Paragraph 52 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 52 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

53.     The allegations contained in Paragraph 53 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 53 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

54.     The allegations contained in Paragraph 54 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 54 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

55.     The allegations contained in Paragraph 55 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 55 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

56.     The allegations contained in Paragraph 56 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 56 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

57.     The allegations in Paragraph 57 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.

**"Samsung Entities"**

58.     MTPD denies the allegations contained in Paragraph 58 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

59.     The allegations contained in Paragraph 59 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 59 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

60.     The allegations contained in Paragraph 60 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 60 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

61.     The allegations contained in Paragraph 61 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 61 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

62.     The allegations contained in Paragraph 62 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 62 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

63.      The allegations contained in Paragraph 63 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 63 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

64.      The allegations contained in Paragraph 64 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 64 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

65.      The allegations contained in Paragraph 65 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 65 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

66.      The allegations contained in Paragraph 66 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 66 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

67.      The allegations in Paragraph 67 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.

**"Samtel"**

68.      MTPD denies the allegations contained in Paragraph 68 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"Tatung Company of America, Inc."**

69.      MTPD denies the allegations contained in Paragraph 69 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"Thai CRT"**

70.     MTPD denies the allegations contained in Paragraph 70 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"Toshiba Entities"**

71.     MTPD denies the allegations contained in Paragraph 71 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except MTPD admits that in 2003 Panasonic Corporation entered into a joint venture with Toshiba called Matsushita-Toshiba Picture Display, Co., Ltd., in which the companies consolidated their CRT businesses.

72.     The allegations contained in Paragraph 72 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 72 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

73.     The allegations contained in Paragraph 73 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 73 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

74.     The allegations contained in Paragraph 74 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 74 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

75.     The allegations contained in Paragraph 75 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 75 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

76.     The allegations contained in Paragraph 76 of the Complaint include

conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 76 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

77.     The allegations contained in Paragraph 77 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 77 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

78.     The allegations in Paragraph 78 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.

**"Joint Ventures"**

79.     MTPD admits the allegations contained in the first and second sentences of Paragraph 79.  MTPD admits the allegations contained in the third sentence of Paragraph 79, except MTPD avers that the purchase occurred on March 30, 2007, and not on April 3, 2007. MTPD admits that it sold CRTs in the United States during the purported Class Period.  MTPD denies the remaining allegations contained in Paragraph 79.

80.     MTPD admits the allegations contained in the first sentence of Paragraph 80.  MTPD lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 80, and therefore denies them.  MTPD denies the allegations contained in the last sentence of Paragraph 80.

**IV.**

**"AGENTS AND CO-CONSPIRATORS"**

81.     The allegations contained in Paragraph 81 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 81 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

82.     The allegations in Paragraph 82 of the Complaint constitute

characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.

83.     The allegations contained in Paragraph 83 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 83 of the Complaint as they relate to MTPD and denies the remaining allegations contained in Paragraph 83 in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

84.     The allegations contained in Paragraph 84 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 84 of the Complaint as they relate to MTPD and denies the remaining allegations contained in Paragraph 84 in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## V.

## "CLASS ACTION ALLEGATIONS"

85.     The allegations in Paragraph 85 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 85 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Plaintiffs purport to bring this action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure.

86.     The allegations in Paragraph 86 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 86 of the Complaint in their entirety.

87.     The allegations in Paragraph 87 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 87 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

88.     The allegations in Paragraph 88 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 88 of the Complaint in their entirety.

89.     The allegations in Paragraph 89 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 89 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

90.     The allegations in Paragraph 90 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 90 of the Complaint in their entirety.

91.     The allegations in Paragraph 91 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 91 of the Complaint in their entirety.

92.     The allegations in Paragraph 92 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 92 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

93.     The allegations in Paragraph 93 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 93 of the Complaint in their entirety.

94.     The allegations in Paragraph 94 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 94 of the Complaint in their entirety.

95.     The allegations in Paragraph 95 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 95 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VI.

## "TRADE AND COMMERCE"

96.     The allegations contained in Paragraph 96 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 96 as they relate to MTPD, except admits that it or its affiliates sold CRTs or products containing CRTs in the United States during the purported Class Period, and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

97.     MTPD denies the allegations contained in Paragraph 97 of the Complaint as they relate to MTPD and denies the remaining allegations contained in Paragraph 97 in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

98.     MTPD denies the allegations contained in Paragraph 98 of the Complaint as they relate to MTPD and denies the remaining allegations contained in Paragraph 98 in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## VII.

## "FACTUAL ALLEGATIONS"

A.      "CRT Technology and Products"

99.     MTPD admits the allegations contained in Paragraph 99, except MTPD avers that a CRT has more than three components.

100.     MTPD admits the allegation contained in the first sentence of Paragraph 100.  MTPD denies the allegations contained in the third and fourth sentences of Paragraph 100. MTPD denies the remaining allegations contained in Paragraph 100 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

101.     MTPD denies the allegations contained in the first two sentences of Paragraph 101 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.  MTPD denies the allegations contained in the third sentence of Paragraph 101.

102.     MTPD denies the allegations contained in Paragraph 102 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that early CRT televisions displayed only black and white images and that color CRTs were subsequently introduced.

103.     MTPD admits the allegation contained in the first two sentences of Paragraph 103 of the Complaint.  MTPD denies the remaining allegations contained in Paragraph 103 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

104.     MTPD denies the allegations contained in Paragraph 104 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that CRTs have substantially declined in recent years due to competition from LCD and plasma display technologies.

105.     MTPD denies the allegations contained in the first sentence of Paragraph 105 of the Complaint.  MTPD admits the remaining allegations contained in Paragraph 105.

106.     MTPD denies the allegations contained in the first sentence and last sentence of Paragraph 106 of the Complaint.  MTPD denies the remaining allegations contained in Paragraph 106 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

107.     MTPD admits the allegations contained in Paragraph 107 of the Complaint.

108.     MTPD denies the allegations contained in Paragraph 108 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

109.     MTPD denies the allegations contained in Paragraph 109 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

110.     MTPD denies the allegations contained in the first sentence of Paragraph 110 of the Complaint, and denies the remaining allegations contained in Paragraph 110 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

111.    MTPD denies the allegations contained in the first sentence of Paragraph 111 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.  MTPD denies the allegations contained in the second sentence of Paragraph 111.

**B.    "Oligopolistic Nature of the CRT Industry"**

112.    The allegations in Paragraph 112 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 112 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

113.    MTPD denies the allegations contained in Paragraph 113 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Toshiba and Panasonic Corporation merged their CRT business into MTPD in 2003.

114.    The allegations in Paragraph 114 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint and conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 114 of the Complaint in their entirety.

115.    MTPD denies the allegations contained in Paragraph 115 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

116.    MTPD denies the allegations contained in Paragraph 116 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

117.    MTPD denies the allegations contained in Paragraph 117 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

118.    MTPD denies the allegations contained in Paragraph 118 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

119.     MTPD denies the allegations contained in Paragraph 119 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

120.     MTPD denies the allegations contained in Paragraph 120 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

121.     MTPD denies the allegations contained in Paragraph 121 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

C.     **"International Antitrust Investigations"**

122.     MTPD denies the allegations contained in Paragraph 122 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

123.     MTPD denies the allegations contained in Paragraph 123 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that an alleged conspiracy concerning the TFT-LCD market is being investigated by the DOJ and by certain other international competition authorities.  MTPD further avers that it is not a subject of these investigations.

124.     MTPD denies the allegations contained in Paragraph 124 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that there have been public announcements of certain indictments relating to the TFT-LCD industry.

125.     MTPD denies the allegations contained in the first sentence of Paragraph 125 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.  MTPD denies the allegations contained in Paragraph 125 to the extent that Plaintiffs allege that the United States Department of Justice and foreign authorities are conducting investigations relating to finished CRT Products as opposed to component CRTs,

but admits that the DOJ and certain foreign competition authorities are conducting investigations of the component CRT industry.

126.     MTPD admits that the United States Department of Justice released a press release on February 10, 2009 containing the language quoted in Paragraph 126.  MTPD denies the allegations contained in Paragraph 126 to the extent that Plaintiffs allege that the indictment related to finished CRT Products as opposed to component CRTs.

127.     MTPD admits that the United States Department of Justice and certain foreign authorities have been conducting investigations relating to component CRTs.  MTPD denies the allegations contained in Paragraph 127 to the extent that Plaintiffs allege that the Department of Justice and foreign authorities are conducting investigations relating to finished CRT Products as opposed to component CRTs.  MTPD otherwise denies Plaintiffs' characterization of these indictments.

128.     MTPD denies the allegations contained in Paragraph 128 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that EC officials have acknowledged that they are conducting an investigation of the component CRT industry.

129.     MTPD denies the allegations contained in Paragraph 129 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that MEI reported that it was cooperating with the Japanese Fair Trade Commission on November 9, 2007 in connection with its investigation of the component CRT industry, and admits that the JFTC visited a component CRT facility of MTPD in Japan.

130.     MTPD denies the allegations contained in Paragraph 130 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

131.     MTPD denies the allegations contained in Paragraph 131 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

132.    MTPD denies the allegations contained in Paragraph 132 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

133.    MTPD admits that the Hungarian Competition Authority released a press release on May 6, 2008 containing the language quoted in Paragraph 133. MTPD denies the allegations contained in Paragraph 133 to the extent that Plaintiffs allege that the investigation relates to finished CRT Products as opposed to component CRTs, but admits that there is a Hungarian investigation of the component CRT industry.

**D.    "Collusive Contacts, Meetings, And Agreements Among Members of the CRT Products Industry"**

134.    MTPD denies the allegations contained in Paragraph 134 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 134 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

135.    MTPD denies the allegations contained in Paragraph 135 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 135 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

136.    MTPD denies the allegations contained in Paragraph 136 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 136 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

137.    MTPD denies the allegations contained in Paragraph 137 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 137 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

138.    MTPD denies the allegations contained in Paragraph 138 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in

Paragraph 138 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

139.    MTPD denies the allegations contained in Paragraph 139 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 139 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

140.    MTPD denies the allegations contained in Paragraph 140 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 140 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

141.    MTPD denies the allegations contained in Paragraph 141 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 141 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

142.    The allegations contained in Paragraph 142 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 142 in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 142 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

143.    MTPD denies the allegations contained in Paragraph 143 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 143 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

144.    MTPD denies the allegations contained in Paragraph 144 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 144 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

145.    MTPD denies the allegations contained in Paragraph 145 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 145 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

146.    MTPD denies the allegations contained in Paragraph 146 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 146 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

147.    MTPD denies the allegations contained in Paragraph 147 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 147 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

148.    MTPD denies the allegations contained in Paragraph 148 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 148 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

149.    MTPD denies the allegations contained in Paragraph 149 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 149 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

150.    MTPD denies the allegations contained in Paragraph 150 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 150 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

151.    MTPD denies the allegations contained in Paragraph 151 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 151 for lack of knowledge or information sufficient to form a belief as to the truth

thereof.

152.    MTPD denies the allegations contained in Paragraph 152 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 152 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

153.    MTPD denies the allegations contained in Paragraph 153 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 153 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**E.    "Summary of Specific Defendant Participation in Unlawful Meetings And Agreements"**

154.    The allegations contained in Paragraph 154 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 154 in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 154 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

155.    The allegations contained in Paragraph 155 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 155 in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 155 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

156.    The allegations contained in Paragraph 156 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 156 in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 156 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

157.    The allegations contained in Paragraph 157 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

required, MTPD denies the allegations contained in Paragraph 157 in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 157 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

158.    The allegations contained in Paragraph 158 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 158 in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 158 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

159.    The allegations contained in Paragraph 159 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 159 in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 159 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

160.    The allegations contained in Paragraph 160 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 160 in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 160 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

161.    MTPD denies the allegations contained in Paragraph 161 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 161 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

162.    The allegations contained in Paragraph 162 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 162 in their entirety.

163.    MTPD denies the allegations contained in Paragraph 163 of the Complaint in their entirety.

164.    The allegations contained in Paragraph 164 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 164 in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 164 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

165.    MTPD denies the allegations contained in Paragraph 165 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 165 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

166.    The allegations contained in Paragraph 166 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 166 in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 166 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

167.    MTPD denies the allegations contained in Paragraph 167 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 167 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

168.    The allegations contained in Paragraph 168 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 168 in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 168 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

169.    MTPD denies the allegations contained in Paragraph 169 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 169 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

170.     The allegations contained in Paragraph 170 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 170 in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 170 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

171.     The allegations contained in Paragraph 171 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 171 in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 171 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

172.     MTPD denies the allegations contained in Paragraph 172 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 172 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

173.     The allegations contained in Paragraph 173 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 173 in their entirety.

174.     The allegations contained in Paragraph 174 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 174 in their entirety.

175.     The allegations contained in Paragraph 175 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 175 in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 175 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**F.     "Use of Trade Associations And Trade Events To Facilitate The Conspiracy"**

176.     MTPD denies the allegations contained in Paragraph 176 of the Complaint

in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 176 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

177.   MTPD denies the allegations contained in Paragraph 177 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

178.   MTPD denies the allegations contained in Paragraph 178 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 178 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

179.   MTPD denies the allegations contained in Paragraph 179 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

180.   The allegations contained in Paragraph 180 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 180 in their entirety as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### G.   "Effects of Defendants' Antitrust Violations"

#### 1.   "Examples of Reductions in Manufacturing Capacity by Defendants"

181.   MTPD denies the allegations contained in Paragraph 181 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 181 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

182.   MTPD denies the allegations contained in Paragraph 182 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

183.   MTPD admits the allegations contained in Paragraph 183 of the Complaint.

184.   MTPD denies the allegations contained in Paragraph 184 of the Complaint

for lack of knowledge or information sufficient to form a belief as to the truth thereof.

185.    MTPD denies the allegations contained in Paragraph 185 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except MTPD admits that MEI announced in November of 2005 that MTPD's American subsidiary's operations in Ohio, and MTPD's operations in Germany, would be closed by early 2006.

186.    MTPD denies the allegations contained in Paragraph 186 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

187.    MTPD denies the allegations contained in Paragraph 187 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except MTPD admits that MEI announced in July 2006 that it was shutting down and liquidating MT Picture Display (M) Sdn. Bhd.

**2.    "Examples of Collusive Pricing for CRT Products"**

188.    The allegations in Paragraph 188 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint and conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 188 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 188 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

189.    MTPD denies the allegations contained in Paragraph 189 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

190.    MTPD denies the allegations contained in Paragraph 190 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

191.    The allegations contained in Paragraph 191 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 191 in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 191 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

192.    MTPD denies the allegations contained in Paragraph 192 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

193.    MTPD denies that any price increase was the result of alleged collusion involving MTPD.  MTPD denies the remaining allegations contained in Paragraph 193 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

194.    MTPD denies the allegations contained in Paragraph 194 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

195.    MTPD denies the allegations contained in Paragraph 195 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

196.    The allegations contained in Paragraph 196 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 196 in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 196 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

197.    The allegations contained in Paragraph 197 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 197 in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 197 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

H.      "Summary Of Effects Of The Conspiracy Involving CRT Products"

198.    The allegations contained in Paragraph 198 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 198 in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 198 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

199.    The allegations contained in Paragraph 199 of the Complaint include

conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 199 in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 199 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

I.      **"Fraudulent Concealment"**

200.    The allegations contained in Paragraph 200 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 200 in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 200 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

201.    The allegations contained in Paragraph 201 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 201 in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 201 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

202.    The allegations contained in Paragraph 202 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 202 in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 202 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

203.    The allegations contained in Paragraph 203 of the Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 203 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 203 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

204.    The allegations contained in Paragraph 204 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint and conclusions of law to which no

responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 204 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 204 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

205.    MTPD denies the allegations contained in Paragraph 205 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 205 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

206.    MTPD denies the allegations contained in Paragraph 206 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 206 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

207.    The allegations contained in Paragraph 207 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 207 in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 207 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

208.    The allegations contained in Paragraph 208 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 208 in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 208 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

209.    MTPD denies the allegations contained in Paragraph 209 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

210.    MTPD lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 210, and therefore denies them.

211.    MTPD denies the allegations contained in Paragraph 211 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 211 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

212.    The allegations contained in Paragraph 212 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 212 in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 212 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## VIII.

## "CLAIM FOR VIOLATIONS OF 15 U.S.C. § 1"

213.    MTPD incorporates by reference all the above responses as if fully set forth herein.

214.    MTPD denies the allegations contained in Paragraph 214 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 214 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

215.    The allegations contained in Paragraph 215 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 215 in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 215 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

216.    MTPD denies the allegations contained in Paragraph 216 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 216 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

217.    MTPD denies the allegations contained in Paragraph 217 of the Complaint

in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 217 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

218.     The allegations contained in Paragraph 218 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 218 in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 218 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

219.     The allegations contained in Paragraph 219 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 219 in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 219 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

220.     MTPD denies the allegations contained in Paragraph 220 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 220 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

221.     The allegations contained in Paragraph 221 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 221 in their entirety as they relate to MTPD and denies the remaining allegations contained in Paragraph 221 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## IX.

## "DAMAGES"

222.     The allegations contained in Paragraph 222 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 222 in their entirety as they relate

to MTPD and denies the remaining allegations contained in Paragraph 222 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## X.

## "PRAYER FOR RELIEF"

MTPD denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of MTPD as alleged in the Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in each of the paragraphs and their subparts in the Complaint.

## XI.

## "JURY TRIAL DEMANDED"

The allegations set forth under the heading "Jury Trial Demanded" contain no factual assertions for which a response is required.  To the extent that a response is required, MTPD denies the allegations contained under the heading "Jury Trial Demanded."

## DEFENSES

FURTHER, MTPD asserts the following defenses and affirmative defenses to the Complaint.  MTPD does not concede that it has the burden of proof on the defenses listed below:

## FIRST DEFENSE

(Failure to State a Claim for Relief)

Neither the Direct Purchaser Plaintiffs' Consolidated Amended Complaint nor any claim for relief asserted therein states facts sufficient to constitute a claim for relief against MTPD.

## SECOND DEFENSE

(Statute of Limitations)

The relief sought by Plaintiffs is barred, in whole or in part, by the applicable statutes of limitations.

## THIRD DEFENSE

(Actual and Proximate Injury)

The relief sought by Plaintiffs is barred, in whole or in part, because the Plaintiffs were not actually and proximately injured in their business or property by reason of any action(s) or omission(s) of MTPD.

## FOURTH DEFENSE

### (No Damages)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs and/or certain members of the putative classes have suffered no injury or damages as a result of the matters alleged in the Complaint.  To the extent that Plaintiffs and/or certain members of the putative classes purportedly suffered injury or damage, which MTPD specifically denies, MTPD further contends that any such purported injury or damage was not by reason of any act or omission of MTPD.

## FIFTH DEFENSE

### (No Antitrust Injury)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs and/or certain members of the putative classes have failed to allege "antitrust injury" – *i.e.*, injury that is of the type the antitrust laws were intended to remedy.

## SIXTH DEFENSE

### (Speculative Damages)

The relief sought by Plaintiffs is barred, in whole or in part, because the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such alleged damages.

## SEVENTH DEFENSE

### (Mitigation)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to take appropriate and necessary steps to mitigate their alleged damages, if any.

## EIGHTH DEFENSE

### (Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to allege fraud or fraudulent concealment with sufficient particularity.

### NINTH DEFENSE

(Failure to Plead Conspiracy with Particularity)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to allege conspiracy with sufficient particularity.

### TENTH DEFENSE

(Lack of Standing to Sue for Injuries Alleged)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs lack standing to sue for the injuries alleged in the complaint.  To the extent that Plaintiffs or members of the putative classes purchased products containing CRTs, as opposed to CRTs themselves, their alleged injuries are even more speculative, derivative, indirect, and remote.  Plaintiffs' damage claims create an impermissible risk of duplicative recoveries and complex damage apportionment.

### ELEVENTH DEFENSE

(Lack of Class Status)

Plaintiffs' claims are not properly maintainable as a class action.

### TWELFTH DEFENSE

(Due Process)

To the extent Plaintiffs' claims would result in MTPD paying damages to more than one claimant for the same alleged overcharges to customers, they are barred because such multiple liability would violate rights guaranteed to MTPD by the United States Constitution, including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth Amendment.

### THIRTEENTH DEFENSE

(Other/Superseding Causation)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs'

damages, if any, resulted from the acts or omissions of third parties over whom MTPD had no control or responsibility.  The acts of such third parties constitute intervening or superseding cases of harm, if any, suffered by Plaintiffs.

## FOURTEENTH DEFENSE

(Waiver and Estoppel)

The relief sought by Plaintiffs is barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## FIFTEENTH DEFENSE

(Laches)

The relief sought by Plaintiffs is barred, in whole or in part, by the equitable doctrine of laches.

## SIXTEENTH DEFENSE

(Unclean Hands)

The relief sought by Plaintiffs is barred, in whole or in part, by the equitable doctrine of unclean hands.

## SEVENTEENTH DEFENSE

(Unjust Enrichment)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs and/or certain members of the putative classes would be unjustly enriched if they were allowed to recover any part of the damages alleged in the Complaint.

## EIGHTEENTH DEFENSE

(Adequate Remedy at Law)

The injunctive relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs and/or certain members of the putative classes have available an adequate remedy at law.

## NINETEENTH DEFENSE

(Comparative Fault)

The relief sought by Plaintiffs is barred, in whole or in part, because any and all injuries alleged in the Complaint, the fact and extent of which MTPD specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiffs, certain members of the putative classes, and/or third parties or entities, other than MTPD.

### TWENTIETH DEFENSE

(Acquiescence)

The relief sought by Plaintiffs is barred, in whole or in part, by Plaintiffs' and/or certain members of the putative classes acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to MTPD.

### TWENTY-FIRST DEFENSE

(No Detrimental Reliance)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs did not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

### TWENTY-SECOND DEFENSE

(Set Off)

Without admitting that Plaintiffs are entitled to recover damages in this matter, MTPD is entitled to set off from any recovery Plaintiffs may obtain against MTPD, any amount paid to Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

### TWENTY-THIRD DEFENSE

(Failure to State a Claim for Injunctive Relief)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to state a claim for injunctive relief insofar as Plaintiffs seek to enjoin alleged events that have already transpired without the requisite showing of threatened harm or continuing harm.

### TWENTY-FOURTH DEFENSE

(Lack of Jurisdiction)

1

2
          The relief sought by Plaintiffs is barred, in whole or in part, because any alleged
conduct of MTPD occurred outside of the jurisdiction of the Court.

3
### TWENTY-FIFTH DEFENSE

4
(Foreign Trade Antitrust Improvements Act)

5
          The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs

6
have failed to make a single specific allegation to support the claim that the alleged conduct had

7
"a direct, substantial, and reasonably foreseeable effect" on U.S. commerce giving rise to a

8
Sherman Act claim, as required under the Foreign Trade Antitrust Improvements Act of 1982, 15

9
U.S.C. § 6a.

10
### TWENTY-SIXTH DEFENSE

11
(Foreign Conduct)

12
          Plaintiffs' claims are barred to the extent that they are based on conduct beyond

13
the territorial reach of the laws or courts of the United States.

14
### TWENTY-SEVENTH DEFENSE

15
(No Unreasonable Restraint Of Trade)

16
          The relief sought by Plaintiffs is barred, in whole or in part, because the alleged

17
conduct of MTPD did not unreasonably restrain trade.

18
### TWENTY-EIGHTH DEFENSE

19
(Acts Outside The Jurisdiction)

20
          The relief sought by Plaintiffs is barred, in whole or in part, to the extent MTPD's

21
alleged conduct occurred outside the jurisdiction of this Court.

22
### TWENTY-NINTH DEFENSE

23
(Independent, Legitimate Business and Economic Justification)

24
          The relief sought by Plaintiffs is barred, in whole or in part, because any conduct

25
engaged in by MTPD was reasonable and based on independent, legitimate business and

26
economic justification.

27

28

No. M-07-5944 SC
MDL No. 1917

40

Defendant MT Picture Display Co., Ltd.'s
Answer to the DP-CAC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## THIRTIETH DEFENSE

(Attorneys' Fees)

Any award of attorneys' fees, based upon the conduct alleged in the Complaint, is not allowed under applicable federal or state law.

## INCORPORATION BY REFERENCE AND RESERVATION OF DEFENSES

MTPD hereby incorporates by reference, as if set forth fully herein, all other defenses and affirmative defenses to the Complaint alleged by any other defendant.  MTPD presently has insufficient knowledge or information on which to form a belief as to whether it may have available additional, as yet unstated, defenses.  MTPD reserves the right to assert other defenses and affirmative defenses as this action proceeds, the right to file an amended answer asserting additional defenses or affirmative defenses, and/or file a cross-complaint, in the event that discovery indicates that such pleadings are appropriate.

WHEREFORE, MTPD prays for judgment as follows:

1.  That Plaintiffs take nothing under the Complaint, and the Complaint be dismissed with prejudice;

2.  That judgment be entered in favor of MTPD and against Plaintiffs on each and every cause of action set forth in the Complaint;

3.  That MTPD recover its costs of suit and attorneys' fees incurred herein; and

4.  That MTPD be granted such other and further relief as the Court deems just and proper.

Dated: April 29, 2010

By: _____/s/ Jeffrey L. Kessler_____

JEFFREY L. KESSLER (*pro hac vice*)
Email: jkessler@dl.com
A. PAUL VICTOR (*pro hac vice*)
Email: pvictor@dl.com
**DEWEY & LEBOEUF LLP**
1301 Avenue of the Americas
New York, New York 10019

1                     Telephone: (212) 259-8000
Facsimile: (212) 259-7013

2

3   PETER ROOT (142348)
Email: proot@dl.com

4   **DEWEY & LEBOEUF LLP**
1950 University Avenue

5   East Palo Alto, California 94303
Telephone: (650) 845-7000

6   Facsimile: (650) 845-7333

7

8   STEVEN A. REISS (*pro hac vice*)
Email: steven.reiss@weil.com

9   DAVID L. YOHAI (*pro hac vice*)
Email: david.yohai@weil.com

10   DAVID E. YOLKUT (*pro hac vice*)
Email: david.yolkut@weil.com

11   **WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue

12   New York, New York 10153-0119
Telephone:  (212) 310-8000

13   Facsimile:  (212) 310-8007

14

15   GREGORY D. HULL (57367)
Email: greg.hull@weil.com

16   **WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway

17   Redwood Shores, California 94065-1175
Telephone: (650) 802-3000

18   Facsimile: (650) 802-3100

19   ***Attorneys for Defendant MT Picture Display Co., Ltd.***

20

21

22

23

24

25

26

27

28