1   SHEPPARD MULLIN RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2      Including Professional Corporations
    GARY L. HALLING, Cal. Bar No. 66087
3   JAMES L. MCGINNIS, Cal. Bar No. 95788
    MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
4   Four Embarcadero Center, 17th Floor
    San Francisco, California  94111-4106
5   Telephone:    415-434-9100
    Facsimile:    415-434-3947
6   E-mail:       ghalling@sheppardmullin.com
                  jmcginnis@sheppardmullin.com
7                 mscarborough@sheppardmullin.com

8   Attorneys for Defendants
    SAMSUNG SDI AMERICA, INC., SAMSUNG
9   SDI CO., LTD., SAMSUNG SDI (MALAYSIA)
    SDN. BHD., SAMSUNG SDI MEXICO S.A. DE
10  C.V., SAMSUNG SDI BRASIL LTDA.,
    SHENZHEN SAMSUNG SDI CO., LTD., and
11  TIANJIN SAMSUNG SDI CO., LTD.

12

13                  UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15                    SAN FRANCISCO DIVISION

16

17  In re: CATHODE RAY TUBE (CRT)        Case No. 07-5944 SC
    ANTITRUST LITIGATION
18                                       MDL No. 1917

19  _____  **ANSWER OF DEFENDANTS
                                         SAMSUNG SDI AMERICA, INC.,
20  This Document Relates to:            SAMSUNG SDI CO., LTD., SAMSUNG
                                         SDI (MALAYSIA) SDN. BHD.,
21     ALL INDIRECT PURCHASER ACTIONS    SAMSUNG SDI MEXICO S.A. DE
                                         C.V., SAMSUNG SDI BRASIL LTDA.,
22                                       SHENZHEN SAMSUNG SDI CO.,
                                         LTD., AND TIANJIN SAMSUNG SDI
23                                       CO., LTD. TO INDIRECT
                                         PURCHASER PLAINTIFFS'
24                                       CONSOLIDATED AMENDED
                                         COMPLAINT**
25

26                                       Trial Date:  None Set

27

28

Defendants Samsung SDI America, Inc. ("SDIA"), Samsung SDI Co., Ltd. ("SDI Co."), Samsung SDI (Malaysia) Sdn Bhd. ("SDI Malaysia"), Samsung SDI Mexico S.A. de C.V. ("SDI Mexico"), Samsung SDI Brasil Ltda. ("SDI Brasil"), Shenzhen Samsung SDI Co. Ltd. ("SDI Shenzhen"), and Tianjin Samsung SDI Co., Ltd. ("SDI Tianjin") (collectively "SDI" or the "Samsung SDI Defendants"), by and through their undersigned counsel of record, answer the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint (the "Complaint") and allege additional or affirmative defenses as follows.  SDI denies each and every allegation in the Complaint's section headings and in all portions of the Complaint not contained in numbered paragraphs.  To the extent that the that the Complaint's allegations concern persons and/or entities other than SDI, SDI denies that such allegations support any claim for relief against SDI.

## I.     Introductory Allegations.

1.     To the extent that the allegations of Paragraph 1 are definitional, SDI avers that no response is required.  To the extent that a response is required and to the extent that the allegations of Paragraph 1 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that a response is required as to matters relating to SDI, SDI denies all of the allegations of Paragraph 1, with the exception of matters specifically admitted herein as follows.  SDI admits that Plaintiffs purport to bring this action as a class action on behalf of a putative class, although SDI denies that Plaintiffs are able to bring a class action, that they have sufficiently stated any claims for relief, or that they have suffered any injury or damages as a result of any alleged conduct by SDI.  SDI also admits that Plaintiffs in the Complaint purport to refer to "Cathode Ray Tube Products" as "CRT Products," although SDI disputes the propriety of such reference and any inferences arising therefrom.

2.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies them.

3.     SDI avers that the allegations of Paragraph 3 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless

SAMSUNG SDI DEFENDANTS' ANSWER TO INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

1   denies all of the allegations of Paragraph 3 to the extent they purport to pertain to SDI.

2   Further, to the extent that the allegations of Paragraph 3 relate to other defendants,

3   plaintiffs, or other persons, SDI lacks knowledge or information sufficient to form a belief

4   as to their truth, and therefore denies them.

5              4.     With the exception of matters specifically admitted herein as follows,

6   SDI lacks knowledge or information sufficient to form a belief as to the truth of the

7   allegations in Paragraph 4, and therefore denies them.  SDI admits that the United States

8   Department of Justice ("DOJ") and certain other foreign competition authorities have

9   announced investigations into the cathode ray tube industry.  SDI further admits on

10  information and belief that C.Y. Lin, the former Chairman and CEO of Defendant

11  Chunghwa Picture Tubes, Ltd., was indicted by the DOJ in connection with the DOJ's

12  investigation of the cathode ray tubes industry, the terms of which are a matter of public

13  record.

14  **II.     Allegations Concerning Jurisdiction and Venue.**

15             5.     SDI admits that Plaintiffs purport to invoke the cited statutory

16  provisions, but otherwise denies the allegations of Paragraph 5.

17             6.     SDI avers that the allegations of Paragraph 6 regarding subject matter

18  jurisdiction constitute legal contentions and/or conclusions to which no response is

19  required.  To the extent that a response is required, and to the extent that allegations of

20  Paragraph 6 relate to SDI, SDI denies all of the allegations of Paragraph 6.

21             7.     SDI avers that the allegations of Paragraph 7 regarding subject matter

22  jurisdiction constitute legal contentions and/or conclusions to which no response is

23  required.  To the extent that a response is required, and to the extent that allegations of

24  Paragraph 7 relate to SDI, SDI denies all of the allegations of Paragraph 7, with the

25  exception of matters specifically admitted herein as follows.  SDI admits that SDIA is a

26  California corporation with its principal place of business in Irvine, California.  To the

27  extent the allegations of Paragraph 7 relate to other defendants or to members of a

28  purported Class, SDI lacks knowledge or information sufficient to form a belief as to the

1   truth of those allegations, and therefore denies them.

2          8.      SDI avers that the allegations of Paragraph 8 regarding venue

3   constitute legal contentions and/or conclusions to which no response is required.  To the

4   extent that a response is required, and to the extent that allegations of Paragraph 8 relate to

5   SDI, SDI denies all of the allegations of Paragraph 8, with the exception of matters

6   specifically admitted herein as follows.  SDI admits that SDIA is licensed to and is doing

7   business in California.  To the extent that the allegations of Paragraph 8 relate to other

8   defendants, SDI lacks knowledge or information sufficient to form a belief as to the truth

9   of those allegations, and therefore denies them.

10          9.      SDI avers that the allegations of Paragraph 9 regarding jurisdiction

11   constitute legal contentions and/or conclusions to which no response is required.  To the

12   extent that a response is required, SDI lacks knowledge or information sufficient to form a

13   belief as to the truth of the allegations of Paragraph 9, and therefore denies them.

14          10.     SDI avers that the allegations of Paragraph 10 and each of its subparts

15   regarding jurisdiction constitute legal contentions and/or conclusions to which no response

16   is required.  To the extent that a response is required, SDI lacks knowledge or information

17   sufficient to form a belief as to the truth of the allegations of Paragraph 10, and therefore

18   denies them.

19          11.     To the extent that the allegations of Paragraph 11 relate to a plaintiff,

20   SDI lacks knowledge or information sufficient to form a belief as to their truth, and

21   therefore denies them.  To the extent the allegations of Paragraph 11 relate to SDI, SDI

22   denies all of those allegations.

23          12.     To the extent that the allegations of Paragraph 12 relate to other

24   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

25   and therefore denies them.  To the extent the allegations of Paragraph 12 relate to SDI, SDI

26   denies all of those allegations.

27

28

W02-WEST:1ESC1\402579817.4
MDL No. 1917

1    **III.    Definitional Allegations.**

2           13.    To the extent that the allegations of Paragraph 13 are definitional, SDI

3    avers that no response is required.  To the extent a response is required, SDI denies all of

4    the allegations of Paragraph 13, with the exception of matters specifically admitted herein

5    as follows.  SDI admits that CRT is a display technology sometimes used in televisions,

6    computer monitors and other specialized applications.  SDI also admits that Plaintiffs in

7    the Complaint purport to refer to "cathode ray tube(s)" as either "CRT" or "CRTs."

8           14.    To the extent that the allegations of Paragraph 14 are definitional, SDI

9    avers that no response is required.  To the extent a response is required, SDI denies all of

10   the allegations of Paragraph 14, with the exception of matters specifically admitted herein

11   as follows.  SDI admits that Plaintiffs purport to refer to (i) color display tubes as "CDTs,"

12   (ii) color picture tubes as "CPTs," and (iii) CDTs or CPTs collectively as "cathode ray

13   tubes" or "CRTs."

14          15.    To the extent that the allegations of Paragraph 15 are definitional, SDI

15   avers that no response is required.  To the extent a response is required, SDI denies all of

16   the allegations of Paragraph 15, with the exception of matters specifically admitted herein

17   as follows.  SDI admits that Plaintiffs purport to refer to "CRT Products" as including

18   (i) CRTs and (ii) products containing CRTs, although SDI disputes the propriety of such

19   definition and any inferences arising therefrom.

20          16.    To the extent that the allegations of Paragraph 16 are definitional, SDI

21   avers that no response is required.  To the extent a response is required, SDI denies all of

22   the allegations of Paragraph 16, with the exception of matters specifically admitted herein

23   as follows.  SDI admits that Plaintiffs purport to refer to the time period March 1, 1995

24   through November 25, 2007 as the "Class Period," but denies the propriety of any such

25   reference or any inference arising from such reference, and denies that there is a properly

26   certifiable class or classes as defined in Paragraph 16.

27          17.    To the extent that the allegations of Paragraph 17 are definitional, SDI

28   avers that no response is required.  To the extent a response is required, SDI denies all of

the allegations of Paragraph 17, with the exception of matters specifically admitted herein as follows.  SDI admits that Plaintiffs purport to refer to the term "Person" to mean any individual, partnership, corporation, association, or other business or legal entity.

18.     To the extent that the allegations of Paragraph 18 are definitional, SDI avers that no response is required.  To the extent a response is required, SDI denies all of the allegations of Paragraph 18, with the exception of matters specifically admitted herein as follows.  SDI admits that Plaintiffs purport to refer to the term "OEM" to mean any original equipment manufacturer of CRT Products.

**IV.     Allegations Concerning Plaintiffs.**

19.     To the extent that the allegations of Paragraph 19 relate to other defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 19 relate to SDI, SDI denies all of those allegations.

20.     To the extent that the allegations of Paragraph 20 relate to other defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 20 relate to SDI, SDI denies all of those allegations.

21.     To the extent that the allegations of Paragraph 21 relate to other defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 21 relate to SDI, SDI denies all of those allegations.

22.     To the extent that the allegations of Paragraph 22 relate to other defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 22 relate to SDI, SDI denies all of those allegations.

23.     To the extent that the allegations of Paragraph 23 relate to other defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 23

1   relate to SDI, SDI denies all of those allegations.

2         24.     To the extent that the allegations of Paragraph 24 relate to other

3   defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as

4   to their truth, and therefore denies them.  To the extent the allegations of Paragraph 24

5   relate to SDI, SDI denies all of those allegations.

6         25.     To the extent that the allegations of Paragraph 25 relate to other

7   defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as

8   to their truth, and therefore denies them.  To the extent the allegations of Paragraph 25

9   relate to SDI, SDI denies all of those allegations.

10        26.     To the extent that the allegations of Paragraph 26 relate to other

11  defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as

12  to their truth, and therefore denies them.  To the extent the allegations of Paragraph 26

13  relate to SDI, SDI denies all of those allegations.

14        27.     To the extent that the allegations of Paragraph 27 relate to other

15  defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as

16  to their truth, and therefore denies them.  To the extent the allegations of Paragraph 27

17  relate to SDI, SDI denies all of those allegations.

18        28.     To the extent that the allegations of Paragraph 28 relate to other

19  defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as

20  to their truth, and therefore denies them.  To the extent the allegations of Paragraph 28

21  relate to SDI, SDI denies all of those allegations.

22        29.     To the extent that the allegations of Paragraph 29 relate to other

23  defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as

24  to their truth, and therefore denies them.  To the extent the allegations of Paragraph 29

25  relate to SDI, SDI denies all of those allegations.

26        30.     To the extent that the allegations of Paragraph 30 relate to other

27  defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as

28  to their truth, and therefore denies them.  To the extent the allegations of Paragraph 30

1   relate to SDI, SDI denies all of those allegations.

2   31.   To the extent that the allegations of Paragraph 31 relate to other

3   defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as

4   to their truth, and therefore denies them.  To the extent the allegations of Paragraph 31

5   relate to SDI, SDI denies all of those allegations.

6   32.   To the extent that the allegations of Paragraph 32 relate to other

7   defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as

8   to their truth, and therefore denies them.  To the extent the allegations of Paragraph 32

9   relate to SDI, SDI denies all of those allegations.

10   33.   To the extent that the allegations of Paragraph 33 relate to other

11   defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as

12   to their truth, and therefore denies them.  To the extent the allegations of Paragraph 33

13   relate to SDI, SDI denies all of those allegations.

14   34.   To the extent that the allegations of Paragraph 34 relate to other

15   defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as

16   to their truth, and therefore denies them.  To the extent the allegations of Paragraph 34

17   relate to SDI, SDI denies all of those allegations.

18   35.   To the extent that the allegations of Paragraph 35 relate to other

19   defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as

20   to their truth, and therefore denies them.  To the extent the allegations of Paragraph 35

21   relate to SDI, SDI denies all of those allegations.

22   36.   To the extent that the allegations of Paragraph 36 relate to other

23   defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as

24   to their truth, and therefore denies them.  To the extent the allegations of Paragraph 36

25   relate to SDI, SDI denies all of those allegations.

26   37.   To the extent that the allegations of Paragraph 37 relate to other

27   defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as

28   to their truth, and therefore denies them.  To the extent the allegations of Paragraph 37

1   relate to SDI, SDI denies all of those allegations.

2         38.    To the extent that the allegations of Paragraph 38 relate to other

3   defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as

4   to their truth, and therefore denies them.  To the extent the allegations of Paragraph 38

5   relate to SDI, SDI denies all of those allegations.

6         39.    To the extent that the allegations of Paragraph 39 relate to other

7   defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as

8   to their truth, and therefore denies them.  To the extent the allegations of Paragraph 39

9   relate to SDI, SDI denies all of those allegations.

10        40.    To the extent that the allegations of Paragraph 40 relate to other

11  defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as

12  to their truth, and therefore denies them.  To the extent the allegations of Paragraph 40

13  relate to SDI, SDI denies all of those allegations.

14        41.    To the extent that the allegations of Paragraph 41 relate to other

15  defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as

16  to their truth, and therefore denies them.  To the extent the allegations of Paragraph 41

17  relate to SDI, SDI denies all of those allegations.

18        42.    To the extent that the allegations of Paragraph 42 relate to other

19  defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as

20  to their truth, and therefore denies them.  To the extent the allegations of Paragraph 42

21  relate to SDI, SDI denies all of those allegations.

22        43.    To the extent that the allegations of Paragraph 43 relate to other

23  defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as

24  to their truth, and therefore denies them.  To the extent the allegations of Paragraph 43

25  relate to SDI, SDI denies all of those allegations.

26        44.    To the extent that the allegations of Paragraph 44 relate to other

27  defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as

28  to their truth, and therefore denies them.  To the extent the allegations of Paragraph 44

1  relate to SDI, SDI denies all of those allegations.

2              45.    To the extent that the allegations of Paragraph 45 relate to other

3  defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as

4  to their truth, and therefore denies them.  To the extent the allegations of Paragraph 45

5  relate to SDI, SDI denies all of those allegations.

6              46.    To the extent that the allegations of Paragraph 46 relate to other

7  defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as

8  to their truth, and therefore denies them.  To the extent the allegations of Paragraph 46

9  relate to SDI, SDI denies all of those allegations.

10             47.    To the extent that the allegations of Paragraph 47 relate to other

11 defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as

12 to their truth, and therefore denies them.  To the extent the allegations of Paragraph 47

13 relate to SDI, SDI denies all of those allegations.

14             48.    To the extent that the allegations of Paragraph 48 relate to other

15 defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as

16 to their truth, and therefore denies them.  To the extent the allegations of Paragraph 48

17 relate to SDI, SDI denies all of those allegations.

18             49.    To the extent that the allegations of Paragraph 49 relate to other

19 defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as

20 to their truth, and therefore denies them.  To the extent the allegations of Paragraph 49

21 relate to SDI, SDI denies all of those allegations.

22 **V.      Allegations Concerning Defendants.**

23             50.    SDI lacks knowledge or information sufficient to form a belief as to

24 the truth of the allegations of Paragraph 50, and therefore denies them.

25             51.    SDI lacks knowledge or information sufficient to form a belief as to

26 the truth of the allegations of Paragraph 51, and therefore denies them.

27             52.    SDI lacks knowledge or information sufficient to form a belief as to

28 the truth of the allegations of Paragraph 52, and therefore denies them.

-9-

1        53.    SDI admits that Plaintiffs purport to refer to LG Electronics, Inc., LG

2  Electronics USA, Inc., and LG Electronics Taiwan Taipei Co., Ltd. collectively in the

3  Complaint as "LG."

4        54.    SDI lacks knowledge or information sufficient to form a belief as to

5  the truth of the allegations of Paragraph 54, and therefore denies them.

6        55.    SDI lacks knowledge or information sufficient to form a belief as to

7  the truth of the allegations of Paragraph 55, and therefore denies them.

8        56.    SDI lacks knowledge or information sufficient to form a belief as to

9  the truth of the allegations of Paragraph 56, and therefore denies them.

10        57.    SDI lacks knowledge or information sufficient to form a belief as to

11  the truth of the allegations of Paragraph 57, and therefore denies them.

12        58.    SDI lacks knowledge or information sufficient to form a belief as to

13  the truth of the allegations of Paragraph 58, and therefore denies them.

14        59.    SDI lacks knowledge or information sufficient to form a belief as to

15  the truth of the allegations of Paragraph 59, and therefore denies them.

16        60.    SDI admits that Plaintiffs purport to refer to Koninklijke Philips

17  Electronics N.V., Philips Electronics North America Corporation, Philips Electronics

18  Industries Ltd., Philips Consumer Electronics Co., Philips Electronics Industries (Taiwan),

19  Ltd., and Philips da Amazonia Industria Electronica Ltda. collectively in the Complaint as

20  "Philips."

21        61.    SDI lacks knowledge or information sufficient to form a belief as to

22  the truth of the allegations of Paragraph 61, and therefore denies them.

23        62.    SDI lacks knowledge or information sufficient to form a belief as to

24  the truth of the allegations of Paragraph 62, and therefore denies them.

25        63.    SDI lacks knowledge or information sufficient to form a belief as to

26  the truth of the allegations of Paragraph 63, and therefore denies them.

27        64.    SDI denies all of the allegations of paragraph 64, with the exception

28  of matters specifically admitted herein as follows.  SDI admits that SDI Co. is a South

Korean company with its principal place of business at 428-5 Gongse-dong, Giheung-gu, Yongin-si, Gyeonggi-do, 446-902, Republic of Korea.  SDI further admits that SDI Co. is a Korean corporation that is publicly traded on the Korean stock exchange, and that Samsung Electronics Co., Ltd. ("SEC") owns less than 20% of SDI Co. stock.

65.     SDI denies all of the allegations of paragraph 65, with the exception of matters specifically admitted herein as follows.  SDI admits that SDIA is a California corporation with its principal place of business at 3333 Michelson Drive, Suite 700, Irvine, California.

66.     SDI denies all of the allegations of paragraph 66, with the exception of matters specifically admitted herein as follows.  SDI admits that SDI Mexico is a Mexican company with its principal place of business located at Blvd. Los Olivos, No. 21014, Parque Industrial El Florido, Tijuana, B.C. Mexico.

67.     SDI denies all of the allegations of paragraph 67, with the exception of matters specifically admitted herein as follows.  SDI admits that SDI Brasil is a Brazilian company with its principal place of business located at Av. Eixo Norte Sul, S/N, Distrito Industrial, 69088-480 Manaus, Amazonas, Brazil.

68.     SDI denies all of the allegations of paragraph 68, with the exception of matters specifically admitted herein as follows.  SDI admits that SDI Shenzhen is a Chinese company with its principal place of business located at Huanggang Bei Lu, Futian Gu, Shenzhen, China.

69.     SDI denies all of the allegations of paragraph 69, with the exception of matters specifically admitted herein as follows.  SDI admits that SDI Tianjin is a Chinese company with its principal place of business located at Developing Zone of Yi-Xian Park, Wuqing County, Tianjin, China.

70.     SDI denies all of the allegations of paragraph 70, with the exception of matters specifically admitted herein as follows.  SDI admits that SDI Malaysia is a Malaysian company with its principal place of business at Lots 635 & 660, Kawasan Perindustrian, Tuanku Jafaar, 71450 Sungai Gadut, Negeri Sembilan Darul Khusus,

1    Malaysia.

2        71.    SDI admits that Plaintiffs purport to refer to SEC, Samsung

3    Electronics America, Inc., SDI Co., SDIA, SDI Mexico, SDI Brasil, SDI Shenzhen, SDI

4    Tianjin, and SDI Malaysia collectively in the Complaint as "Samsung," although SDI

5    disputes any characterization from Plaintiffs' definition in the Complaint.  The SDI

6    Defendants aver that SDI Co. and SEC are independent, separately-owned, publicly traded

7    corporations.

8        72.    SDI lacks knowledge or information sufficient to form a belief as to

9    the truth of the allegations of Paragraph 72, and therefore denies them.

10       73.    SDI lacks knowledge or information sufficient to form a belief as to

11   the truth of the allegations of Paragraph 73, and therefore denies them.

12       74.    SDI lacks knowledge or information sufficient to form a belief as to

13   the truth of the allegations of Paragraph 74, and therefore denies them.

14       75.    SDI lacks knowledge or information sufficient to form a belief as to

15   the truth of the allegations of Paragraph 75, and therefore denies them.

16       76.    SDI lacks knowledge or information sufficient to form a belief as to

17   the truth of the allegations of Paragraph 76, and therefore denies them.

18       77.    SDI lacks knowledge or information sufficient to form a belief as to

19   the truth of the allegations of Paragraph 77, and therefore denies them.

20       78.    SDI lacks knowledge or information sufficient to form a belief as to

21   the truth of the allegations of Paragraph 78, and therefore denies them.

22       79.    SDI admits that Plaintiffs purport to refer to Toshiba Corporation,

23   Toshiba America, Inc., Toshiba America Consumer Products, LLC, Toshiba America

24   Consumer Products, Inc., Toshiba America Information Systems, Inc., Toshiba America

25   Electronic Components, Inc., and Toshiba Display Devices (Thailand) Company, Ltd.

26   collectively in the Complaint as "Toshiba."

27       80.    SDI lacks knowledge or information sufficient to form a belief as to

28   the truth of the allegations of Paragraph 80, and therefore denies them.

81.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81, and therefore denies them.

82.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82, and therefore denies them.

83.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83, and therefore denies them.

84.    SDI admits that Plaintiffs purport to refer to Panasonic Corporation, Panasonic Corporation of North America, Panasonic Consumer Electronics Co., and Matsushita Electronic Corporation (Malaysia) Sdn Bhd. collectively in the Complaint as "Panasonic."

85.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85, and therefore denies them.

86.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86, and therefore denies them.

87.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87, and therefore denies them.

88.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88, and therefore denies them.

89.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89, and therefore denies them.

90.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90, and therefore denies them.

91.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91, and therefore denies them.

92.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92, and therefore denies them.

93.    SDI admits that Plaintiffs purport to refer to Hitachi Ltd., Hitachi Displays, Ltd., Hitachi Electronic Devices (USA) Inc., Hitachi America, Ltd., Hitachi

-13-

Asia, Ltd., and Shenzhen SEG Hitachi Color Display Devices, Ltd. collectively in the Complaint as "Hitachi."

94.   SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94, and therefore denies them.

95.   SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95, and therefore denies them.

96.   SDI admits that Plaintiffs purport to refer to Tatung Company and Tatung Company of America, Inc. collectively in the Complaint as "Tatung."

97.   SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97, and therefore denies them.

98.   SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98, and therefore denies them.

99.   SDI admits that Plaintiffs purport to refer to Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. collectively in the Complaint as "Chunghwa."

100.   SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100, and therefore denies them.

101.   SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101, and therefore denies them.

102.   SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102, and therefore denies them.

103.   SDI admits that Plaintiffs purport to refer to Irico Group Corporation, Irico Display Devices Co., Ltd., and Irico Group Electronics Co., Ltd. collectively in the Complaint as "Irico."

104.   SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104, and therefore denies them.

105.   SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105, and therefore denies them.

1        106.    SDI lacks knowledge or information sufficient to form a belief as to

2   the truth of the allegations of Paragraph 106, and therefore denies them.

3        107.    SDI lacks knowledge or information sufficient to form a belief as to

4   the truth of the allegations of Paragraph 107, and therefore denies them.

5        108.    SDI admits that Plaintiffs purport to refer to Daewoo International

6   Corporation, Daewoo Electronics Corporation f/k/a Daewoo Electronics Company, Ltd.,

7   Orion Electric Company, and Daewoo-Orion Society Anonyme collectively in the

8   Complaint as "Daewoo."

9        109.    SDI admits that Plaintiffs purport to refer to all defendants

10  collectively as "Defendants," although SDI disputes any characterization from Plaintiffs'

11  definition in their Complaint.

12  **VI.    Allegations Concerning Supposed Agents and Co-Conspirators.**

13       110.    To the extent that the allegations of Paragraph 110 relate to other

14  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

15  and therefore denies them.  To the extent that the allegations of Paragraph 110 relate to

16  SDI, SDI denies all of those allegations.

17       111.    SDI admits that Paragraph 111 purports to define acts, deeds, and

18  transactions as set forth in the Complaint, but otherwise denies the propriety of the

19  definition provided or any inference arising therefrom.

20       112.    SDI avers that the allegations of Paragraph 112 constitute legal

21  contentions and/or conclusions to which no response is required, but SDI nonetheless

22  denies all of the allegations of Paragraph 112 to the extent they purport to pertain to SDI.

23  Further, to the extent that the allegations of Paragraph 112 relate to other defendants, SDI

24  lacks knowledge or information sufficient to form a belief as to their truth, and therefore

25  denies them.

26       113.    SDI avers that the allegations of Paragraph 113 constitute legal

27  contentions and/or conclusions to which no response is required, but SDI nonetheless

28  denies all of the allegations of Paragraph 113 to the extent they purport to pertain to SDI.

-15-

1   Further, to the extent that the allegations of Paragraph 113 relate to other defendants, SDI

2   lacks knowledge or information sufficient to form a belief as to their truth, and therefore

3   denies them.

4   **VII.    Allegations Concerning Trade and Commerce.**

5           114.    SDI avers that the allegations of Paragraph 114 constitute legal

6   contentions and/or conclusions to which no response is required, but SDI nonetheless

7   denies all of the allegations of Paragraph 114 to the extent they purport to pertain to SDI.

8   Further, to the extent that the allegations of Paragraph 114 relate to other defendants, SDI

9   lacks knowledge or information sufficient to form a belief as to their truth, and therefore

10  denies them.

11          115.    SDI lacks knowledge or information sufficient to form a belief as to

12  the truth of the allegations of Paragraph 115, and therefore denies them.

13          116.    SDI lacks knowledge or information to form a belief as to the truth of

14  the allegations of Paragraph 116, and therefore denies them.

15  **VIII.   The Factual Allegations.**

16          117.    SDI lacks knowledge or information sufficient to form a belief as to

17  the truth of the allegations of Paragraph 117, and therefore denies them.

18          118.    To the extent that the allegations of Paragraph 118 are definitional,

19  SDI avers that no response is required.  To the extent a response is required, SDI lacks

20  knowledge or information sufficient to form a belief as to the truth of the allegations of

21  Paragraph 118, and therefore denies them.

22          119.    To the extent that the allegations of Paragraph 119 are definitional,

23  SDI avers that no response is required.  To the extent a response is required, SDI lacks

24  knowledge or information sufficient to form a belief as to the truth of the allegations of

25  Paragraph 119, and therefore denies them.

26          120.    SDI lacks knowledge or information sufficient to form a belief as to

27  the truth of the allegations of Paragraph 120, and therefore denies them.

28

-16-

121.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 121, and therefore denies them.

122.    SDI denies the allegations in the last sentence of Paragraph 122.  SDI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 122, and therefore denies them.

123.    To the extent that the allegations of Paragraph 123 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 123 relate to SDI, SDI denies all of those allegations.

124.    To the extent that the allegations of Paragraph 124 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 124 relate to SDI, SDI denies all of those allegations, with the exception of matters specifically admitted herein as follows.  SDI admits that, during at least portions of the alleged period, SDI personnel attended conferences hosted by the Society for Information Display.  SDI further admits that, during at least portions of the alleged period, SDI Co. was a member of EDIRAK (the Electronic Display Industrial Research Association of Korea) and KODEMIA (the Korean Display Equipment Material Industry Association).

125.    To the extent that the allegations of Paragraph 125 and its subparts relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 125 and its subparts relate to SDI, SDI denies all of those allegations.

126.    To the extent that the allegations of Paragraph 126 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 126 relate to SDI, SDI denies all of those allegations.

127.    To the extent that the allegations of Paragraph 127 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

1   and therefore denies them.  To the extent that the allegations of Paragraph 127 relate to

2   SDI, SDI denies all of those allegations.

3          128.    To the extent that the allegations of Paragraph 128 and its subparts

4   relate to other defendants, SDI lacks knowledge or information sufficient to form a belief

5   as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph

6   128 and its subparts relate to SDI, SDI denies all of those allegations.

7          129.    To the extent that the allegations of Paragraph 129 relate to other

8   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

9   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 129

10  relate to SDI, SDI denies all of those allegations.

11         130.    SDI lacks knowledge or information sufficient to form a belief as to

12  the truth of the allegations of Paragraph 130, and therefore denies them.

13         131.    SDI lacks knowledge or information sufficient to form a belief as to

14  the truth of the allegations of Paragraph 131, and therefore denies them.

15         132.    SDI lacks knowledge or information sufficient to form a belief as to

16  the truth of the allegations of Paragraph 132, and therefore denies them.

17         133.    SDI lacks knowledge or information sufficient to form a belief as to

18  the truth of the allegations of Paragraph 133, and therefore denies them.

19         134.    SDI lacks knowledge or information sufficient to form a belief as to

20  the truth of the allegations of Paragraph 134, and therefore denies them.

21         135.    SDI lacks knowledge or information sufficient to form a belief as to

22  the truth of the allegations of Paragraph 135, and therefore denies them.

23         136.    To the extent that the allegations of Paragraph 136 relate to other

24  defendants or plaintiffs, SDI lacks knowledge or information sufficient to form a belief as

25  to their truth, and therefore denies them.  To the extent that the allegations of Paragraph

26  136 relate to SDI, SDI denies all of those allegations.

27         137.    SDI lacks knowledge or information sufficient to form a belief as to

28  the truth of the allegations of Paragraph 137, and therefore denies them.

-18-

1      138.    To the extent that the allegations of Paragraph 138 relate to other

2   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

3   and therefore denies them.  To the extent that the allegations of Paragraph 138 relate to

4   SDI, SDI denies all of those allegations.

5      139.    SDI lacks knowledge or information sufficient to form a belief as to

6   the truth of the allegations of Paragraph 139, and therefore denies them.

7      140.    To the extent that the allegations of Paragraph 140 relate to other

8   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

9   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 140

10   relate to SDI, SDI denies all of those allegations.

11      141.    SDI lacks knowledge or information sufficient to form a belief as to

12   the truth of the allegations of Paragraph 141, and therefore denies them.

13      142.    SDI lacks knowledge or information sufficient to form a belief as to

14   the truth of the allegations of Paragraph 142, and therefore denies them.

15      143.    To the extent that the allegations of Paragraph 143 relate to other

16   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

17   and therefore denies them.  To the extent that the allegations of Paragraph 143 relate to

18   SDI, SDI denies all of those allegations.

19      144.    SDI lacks knowledge or information sufficient to form a belief as to

20   the truth of the allegations of Paragraph 144, and therefore denies them.

21      145.    To the extent that the allegations of Paragraph 145 relate to other

22   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

23   and therefore denies them.  To the extent that the allegations of Paragraph 145 relate to

24   SDI, SDI denies all of those allegations.

25      146.    To the extent that the allegations of Paragraph 146 relate to other

26   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

27   and therefore denies them.  To the extent that the allegations of Paragraph 146 relate to

28   SDI, SDI denies all of those allegations.

-19-

1    147.   To the extent that the allegations of Paragraph 147 relate to other

2    defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

3    and therefore denies them.  To the extent that the allegations of Paragraph 147 relate to

4    SDI, SDI denies all of those allegations.

5    148.   SDI lacks knowledge or information sufficient to form a belief as to

6    the truth of the allegations of Paragraph 148 and its subparts, and therefore denies them.

7    149.   To the extent that the allegations of Paragraph 149 relate to other

8    defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

9    and therefore denies them.  To the extent that the allegations of Paragraph 149 relate to

10   SDI, SDI denies all of those allegations.

11   150.   SDI lacks knowledge or information sufficient to form a belief as to

12   the truth of the allegations of Paragraph 150, and therefore denies them.

13   151.   SDI lacks knowledge or information sufficient to form a belief as to

14   the truth of the allegations of Paragraph 151, and therefore denies them.

15   152.   To the extent that the allegations of Paragraph 152 relate to other

16   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

17   and therefore denies them.  To the extent that the allegations of Paragraph 152 relate to

18   SDI, SDI denies all of those allegations.

19   153.   To the extent that the allegations of Paragraph 153 relate to other

20   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

21   and therefore denies them.  To the extent that the allegations of Paragraph 153 relate to

22   SDI, SDI denies all of those allegations.

23   154.   To the extent that the allegations of Paragraph 154 relate to other

24   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

25   and therefore denies them.  To the extent that the allegations of Paragraph 154 relate to

26   SDI, SDI denies all of those allegations.

27   155.   To the extent that the allegations of Paragraph 155 relate to other

28   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

-20-

and therefore denies them.  To the extent that the allegations of Paragraph 155 relate to SDI, SDI denies all of those allegations.

156.    To the extent that the allegations of Paragraph 156 and its subparts relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 156 and its subparts relate to SDI, SDI denies all of those allegations.

157.    To the extent that the allegations of Paragraph 157 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 157 relate to SDI, SDI denies all of those allegations.

158.    To the extent that the allegations of Paragraph 158 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 158 relate to SDI, SDI denies all of those allegations.

159.    To the extent that the allegations of Paragraph 159 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 159 relate to SDI, SDI denies all of those allegations.

160.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 160, and therefore denies them.

161.    To the extent that the allegations of Paragraph 161 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 161 relate to SDI, SDI denies all of those allegations.

162.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 162 and its subparts, and therefore denies them.

163.    To the extent that the allegations of Paragraph 163 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

-21-

1    and therefore denies them.  To the extent that the allegations of Paragraph 163 relate to

2    SDI, SDI denies all of those allegations.

3              164.    To the extent that the allegations of Paragraph 164 relate to other

4    defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

5    and therefore denies them.  To the extent that the allegations of Paragraph 164 relate to

6    SDI, SDI denies all of those allegations.

7              165.    To the extent that the allegations of Paragraph 165 relate to other

8    defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

9    and therefore denies them.  To the extent that the allegations of Paragraph 165 relate to

10   SDI, SDI denies all of those allegations.

11             166.    To the extent that the allegations of Paragraph 166 relate to other

12   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

13   and therefore denies them.  To the extent that the allegations of Paragraph 166 relate to

14   SDI, SDI denies all of those allegations.

15             167.    To the extent that the allegations of Paragraph 167 relate to other

16   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

17   and therefore denies them.  To the extent that the allegations of Paragraph 167 relate to

18   SDI, SDI denies all of those allegations.

19             168.    SDI lacks knowledge or information sufficient to form a belief as to

20   the truth of the allegations of Paragraph 168, and therefore denies them.

21             169.    SDI lacks knowledge or information sufficient to form a belief as to

22   the truth of the allegations of Paragraph 169, and therefore denies them.

23             170.    SDI lacks knowledge or information sufficient to form a belief as to

24   the truth of the allegations of Paragraph 170, and therefore denies them.

25             171.    SDI lacks knowledge or information sufficient to form a belief as to

26   the truth of the allegations of Paragraph 171, and therefore denies them.

27             172.    SDI lacks knowledge or information sufficient to form a belief as to

28   the truth of the allegations of Paragraph 172, and therefore denies them.

1          173.    SDI lacks knowledge or information sufficient to form a belief as to
2     the truth of the allegations of Paragraph 173, and therefore denies them.

3          174.    SDI lacks knowledge or information sufficient to form a belief as to
4     the truth of the allegations of Paragraph 174, and therefore denies them.

5          175.    SDI lacks knowledge or information sufficient to form a belief as to
6     the truth of the allegations of Paragraph 175, and therefore denies them.

7          176.    SDI lacks knowledge or information sufficient to form a belief as to
8     the truth of the allegations of Paragraph 176, and therefore denies them.

9          177.    SDI lacks knowledge or information sufficient to form a belief as to
10    the truth of the allegations of Paragraph 177, and therefore denies them.

11         178.    SDI lacks knowledge or information sufficient to form a belief as to
12    the truth of the allegations of Paragraph 178, and therefore denies them.

13         179.    SDI lacks knowledge or information sufficient to form a belief as to
14    the truth of the allegations of Paragraph 179, and therefore denies them.

15         180.    SDI lacks knowledge or information sufficient to form a belief as to
16    the truth of the allegations of Paragraph 180, and therefore denies them.

17         181.    SDI lacks knowledge or information sufficient to form a belief as to
18    the truth of the allegations of Paragraph 181, and therefore denies them.

19         182.    SDI lacks knowledge or information sufficient to form a belief as to
20    the truth of the allegations of Paragraph 182, and therefore denies them.

21         183.    SDI lacks knowledge or information sufficient to form a belief as to
22    the truth of the allegations of Paragraph 183, and therefore denies them.

23         184.    SDI lacks knowledge or information sufficient to form a belief as to
24    the truth of the allegations of Paragraph 184, and therefore denies them.

25         185.    SDI lacks knowledge or information sufficient to form a belief as to
26    the truth of the allegations of Paragraph 185, and therefore denies them.

27         186.    SDI lacks knowledge or information sufficient to form a belief as to
28    the truth of the allegations of Paragraph 186, and therefore denies them.

W02-WEST:1ESC1\402579817.4
MDL No. 1917

SAMSUNG SDI DEFENDANTS' ANSWER TO INDIRECT PURCHASER
PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

1        187.    SDI lacks knowledge or information sufficient to form a belief as to

2   the truth of the allegations of Paragraph 187, and therefore denies them.

3        188.    SDI denies each and every allegation of Paragraph 188.

4        189.    SDI lacks knowledge or information sufficient to form a belief as to

5   the truth of the allegations of Paragraph 189, and therefore denies them.

6        190.    SDI lacks knowledge or information sufficient to form a belief as to

7   the truth of the allegations of Paragraph 190, and therefore denies them.

8        191.    SDI lacks knowledge or information sufficient to form a belief as to

9   the truth of the allegations of Paragraph 191, and therefore denies them.

10       192.    SDI denies the allegations in the first sentence of Paragraph 192.  SDI

11  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

12  allegations of Paragraph 192, and therefore denies them.

13       193.    SDI lacks knowledge or information sufficient to form a belief as to

14  the truth of the allegations of Paragraph 193, and therefore denies them.

15       194.    SDI denies the allegations in the last sentence of Paragraph 194.  SDI

16  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

17  allegations of Paragraph 194, and therefore denies them.

18       195.    SDI lacks knowledge or information sufficient to form a belief as to

19  the truth of the allegations of Paragraph 195, and therefore denies them.

20       196.    SDI lacks knowledge or information sufficient to form a belief as to

21  the truth of the allegations of Paragraph 196, and therefore denies them.

22       197.    SDI lacks knowledge or information sufficient to form a belief as to

23  the truth of the allegations of Paragraph 197, and therefore denies them.

24       198.    To the extent that the allegations of Paragraph 198 relate to other

25  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

26  and therefore denies them.  To the extent that the allegations of Paragraph 198 relate to

27  SDI, SDI denies all of those allegations.

28

W02-WEST:1ESC1\402579817.4
MDL No. 1917

199.    To the extent that the allegations of Paragraph 199 relate to other defendants or Plaintiffs, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 199 relate to SDI, SDI denies all of those allegations.

200.    To the extent that the allegations of Paragraph 200 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 200 relate to SDI, SDI denies all of those allegations.

201.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 201, and therefore denies them.

202.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 202, and therefore denies them.

203.    SDI denies each and every allegation of Paragraph 203.

204.    With the exception of matters specifically admitted herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204, and therefore denies them.  SDI admits that certain foreign competition authorities have announced investigations in the cathode ray tubes industry.

205.    With the exception of matters specifically admitted on information and belief herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205, and therefore denies them.  SDI admits on information and belief that C.Y. Lin, the former Chairman and CEO of Defendant Chunghwa Picture Tubes, Ltd., was indicted by the DOJ in connection with the DOJ's investigation of the cathode ray tubes industry, the terms of which are a matter of public record.  With respect to the announcement purportedly quoted from in paragraph 205, SDI refers Plaintiffs to the referenced document for a description of its content.

206.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 206, and therefore denies them.

207.    To the extent that the allegations of Paragraph 207 relate to SDI, SDI denies all of those allegations, with the exception of matters specifically admitted herein as follows.  SDI admits that, in or about November, 2007, SDI Co. reported that it was cooperating with the Japanese Fair Trade Commission ("JFTC") related to JFTC's own investigation of the cathode ray tubes industry.

208.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 208, and therefore denies them.  With respect to the article purportedly quoted from in paragraph 208, SDI refers Plaintiffs to the referenced article for a description of its content.

209.    To the extent that the allegations of Paragraph 209 relate to SDI, SDI denies all of those allegations, with the exception of matters specifically admitted herein as follows.  SDI admits that, in or about November, 2007, the Korean Fair Trade Commission ("KFTC") was conducting an investigation of SDI Co. as part of KFTC's own investigation of the cathode ray tubes industry.

210.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 210, and therefore denies them.  With respect to the article purportedly quoted from in paragraph 210, SDI refers Plaintiffs to the referenced article for a description of its content.

211.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 211, and therefore denies them.

212.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 212, and therefore denies them.

213.    With the exception of matters specifically admitted on information and belief herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213, and therefore denies them.  SDI admits that, in or about May, 2008, the Hungarian Competition Authority ("HCA") announced its own investigation of the cathode ray tubes industry.  With respect to the HCA announcement purportedly quoted from in paragraph 213, SDI refers Plaintiffs to the

-26-

1  referenced document for a description of its content.

2        214.   To the extent that the allegations of Paragraph 214 relate to other

3  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

4  and therefore denies them.  To the extent that the allegations of Paragraph 214 relate to

5  SDI, SDI denies all of those allegations.

6        215.   With the exception of matters specifically admitted on information

7  and belief herein as follows, SDI lacks knowledge or information sufficient to form a

8  belief as to the truth of the allegations in Paragraph 215, and therefore denies them.  SDI

9  admits on information and belief that SEC entered into a plea agreement with the DOJ

10  related to a separate investigation of dynamic random access memory, the terms of which

11  are a matter of public record.

12        216.   SDI lacks knowledge or information sufficient to form a belief as to

13  the truth of the allegations of Paragraph 216, and therefore denies them.

14        217.   SDI lacks knowledge or information sufficient to form a belief as to

15  the truth of the allegations of Paragraph 217, and therefore denies them.

16        218.   To the extent that the allegations of Paragraph 218 relate to other

17  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

18  and therefore denies them.  To the extent that the allegations of Paragraph 218 relate to

19  SDI, SDI denies all of those allegations.

20        219.   With the exception of matters specifically admitted on information

21  and belief herein as follows, SDI lacks knowledge or information sufficient to form a

22  belief as to the truth of the allegations in Paragraph 219, and therefore denies them.  SDI

23  admits on information and belief that LG Display Co. Ltd., Sharp Corporation, and

24  Chunghwa Picture Tubes, Ltd. entered into plea agreements with the DOJ related to a

25  separate investigation of the LCD industry, the terms of which are matters of public record.

26        220.   With the exception of matters specifically admitted on information

27  and belief herein as follows, SDI lacks knowledge or information sufficient to form a

28  belief as to the truth of the allegations in Paragraph 220, and therefore denies them.  SDI

admits on information and belief that Hitachi Displays Ltd. entered into a plea agreement with the DOJ related to a separate investigation of the LCD industry, the terms of which are a matter of public record.

221.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 221, and therefore denies them.

**IX.    Allegations Concerning the Supposed Pass-Through of Overcharges.**

222.    SDI denies the allegations in the first and second sentences of Paragraph 222.  SDI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 222, and therefore denies them.

223.    To the extent that the allegations of Paragraph 223 relate to other defendants and persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 223 relate to SDI, SDI denies all of those allegations.

224.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 224, and therefore denies them.

225.    To the extent that the allegations of Paragraph 225 relate to other defendants and persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 225 relate to SDI, SDI denies all of those allegations.

226.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 226, and therefore denies them.

227.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 227, and therefore denies them.

228.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 228, and therefore denies them.

229.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 229, and therefore denies them.

W02-WEST:1ESC1\402579817.4
MDL No. 1917

230.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 230, and therefore denies them.

231.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 231, and therefore denies them.

232.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 232, and therefore denies them.

233.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 233, and therefore denies them.

234.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 234, and therefore denies them.

235.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 235, and therefore denies them.

236.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 236, and therefore denies them.

237.    To the extent that the allegations of Paragraph 237 relate to other defendants and persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 237 relate to SDI, SDI denies all of those allegations.

238.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 238, and therefore denies them.

239.    SDI denies each and every allegation of Paragraph 239.

**X.      Class Action Allegations.**

240.    SDI denies all of the allegations of Paragraph 240, with the exception of matters specifically admitted herein as follows.  SDI admits that Plaintiffs purport to bring this action on behalf of themselves and as a putative class action on behalf of a plaintiff class, which Plaintiffs refer to as the "Nationwide Class" and Plaintiffs further define in Paragraph 240, but otherwise denies that there is a properly certifiable class as defined in Paragraph 240.

241.    SDI denies all of the allegations of Paragraph 241, with the exception of matters specifically admitted herein as follows.  SDI admits that Plaintiffs also purport to bring this action on behalf of themselves and as a putative class action on behalf of residents of various states, which Plaintiffs refer to as the "Indirect-Purchaser State Classes," but otherwise denies that there are properly certifiable classes as defined in Paragraph 241.

242.    SDI denies all of the allegations of Paragraph 242, with the exception of matters specifically admitted herein as follows.  SDI admits that Plaintiffs purport to further define the Indirect-Purchaser State Classes, but otherwise denies that there are properly certifiable classes as defined in Paragraph 242.

243.    SDI denies each and every allegation of Paragraph 243 and its subparts.  SDI specifically denies that Plaintiffs have suffered any injury or damages as a result of any alleged conduct by SDI, or that they have sufficiently stated any claims for relief against SDI.  SDI further denies that there are any properly certifiable classes as defined in Paragraphs 240 through 242.

## XI.    Allegations Concerning Alleged Violations.

### A.    Allegations Concerning First Claim for Relief

244.    SDI repeats and incorporates by reference its responses to Paragraphs 1 through 243 of the Complaint with the same force and effect as if set forth herein at length.

245.    SDI avers that the allegations of Paragraph 245 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.

246.    SDI denies each and every allegation of Paragraph 246.

247.    SDI denies each and every allegation of Paragraph 247.

248.    SDI denies each and every allegation of Paragraph 248.

249.    SDI denies each and every allegation of Paragraph 249, including its subparts.

-30-

1    250.    SDI denies each and every allegation of Paragraph 250, including its

2  subparts.

3    251.    SDI denies each and every allegation of Paragraph 251.

4    252.    SDI denies each and every allegation of Paragraph 252.

5    253.    SDI denies each and every allegation of Paragraph 253.

6  **B.    Allegations Concerning Second Claim for Relief.**

7    254.    SDI repeats and incorporates by reference its responses to Paragraphs

8  1 through 253 of the Complaint with the same force and effect as if set forth herein at

9  length.

10    255.    SDI denies each and every allegation of Paragraph 255, including its

11  subparts.

12    256.    SDI denies each and every allegation of Paragraph 256, including its

13  subparts.

14    257.    SDI denies each and every allegation of Paragraph 257, including its

15  subparts.

16    258.    SDI denies each and every allegation of Paragraph 258, including its

17  subparts.

18    259.    SDI denies each and every allegation of Paragraph 259, including its

19  subparts.

20    260.    SDI denies each and every allegation of Paragraph 260, including its

21  subparts.

22    261.    SDI denies each and every allegation of Paragraph 261, including its

23  subparts.

24    262.    SDI denies each and every allegation of Paragraph 262, including its

25  subparts.  Further, the Order Approving And Adopting Special Master's Report,

26  Recommendations And Tentative Rulings Re: Defendants' Motions To Dismiss, dated

27  March 30, 2010, dismissed the claims under Nebraska law based on sales made prior to

28  July 20, 2002.

-31-

263.    SDI denies each and every allegation of Paragraph 263, including its subparts.  Further, the Order Approving And Adopting Special Master's Report, Recommendations And Tentative Rulings Re: Defendants' Motions To Dismiss, dated March 30, 2010, dismissed the claims under Nevada law based on sales made prior to 1999.

264.    SDI denies each and every allegation of Paragraph 264, including its subparts.

265.    SDI denies each and every allegation of Paragraph 265, including its subparts.

266.    SDI denies each and every allegation of Paragraph 266, including its subparts.

267.    SDI denies each and every allegation of Paragraph 267, including its subparts.

268.    SDI denies each and every allegation of Paragraph 268, including its subparts.

269.    SDI denies each and every allegation of Paragraph 269, including its subparts.

270.    SDI denies each and every allegation of Paragraph 270, including its subparts.

271.    SDI denies each and every allegation of Paragraph 271, including its subparts.

**C.    Allegations Concerning Third Claim for Relief.**

272.    SDI repeats and incorporates by reference its responses to Paragraphs 1 through 271 of the Complaint with the same force and effect as if set forth herein at length.

273.    SDI denies each and every allegation of Paragraph 273.

274.    SDI denies each and every allegation of Paragraph 274, including its subparts.

SAMSUNG SDI DEFENDANTS' ANSWER TO INDIRECT PURCHASER
PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

1          275.    SDI denies each and every allegation of Paragraph 275, including its

2  subparts.

3          276.    SDI denies each and every allegation of Paragraph 276, including its

4  subparts.

5          277.    SDI denies each and every allegation of Paragraph 277, including its

6  subparts.  Further, the Order Approving And Adopting Special Master's Report,

7  Recommendations And Tentative Rulings Re: Defendants' Motions To Dismiss, dated

8  March 30, 2010, dismissed the claims under the Massachusetts Consumer Protection Act.

9          278.    SDI denies each and every allegation of Paragraph 278, including its

10  subparts.  Further, the Order Approving And Adopting Special Master's Report,

11  Recommendations And Tentative Rulings Re: Defendants' Motions To Dismiss, dated

12  March 30, 2010, dismissed the claims under Nebraska law based on sales made prior to

13  July 20, 2002.

14          279.    SDI denies each and every allegation of Paragraph 279, including its

15  subparts.

16          280.    SDI denies each and every allegation of Paragraph 280, including its

17  subparts.

18          281.    SDI denies each and every allegation of Paragraph 281, including its

19  subparts.

20          282.    SDI denies each and every allegation of Paragraph 282, including its

21  subparts.  Further, the Order Approving And Adopting Special Master's Report,

22  Recommendations And Tentative Rulings Re: Defendants' Motions To Dismiss, dated

23  March 30, 2010, dismissed the claims under the Rhode Island Unfair Trade Practices and

24  Consumer Protection Act.

25          283.    SDI denies each and every allegation of Paragraph 283, including its

26  subparts.

27

28

SAMSUNG SDI DEFENDANTS' ANSWER TO INDIRECT PURCHASER
PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

**D.      Allegations Concerning Fourth Claim for Relief.**

284.    SDI repeats and incorporates by reference its responses to Paragraphs 1 through 283 of the Complaint with the same force and effect as if set forth herein at length.

285.    SDI denies each and every allegation of Paragraph 285.

286.    SDI avers that the allegations of Paragraph 286 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.  Further, the Order Approving And Adopting Special Master's Report, Recommendations And Tentative Rulings Re: Defendants' Motions To Dismiss, dated March 30, 2010, dismissed plaintiffs' unjust enrichment claims under the law of Kansas.

287.    SDI denies each and every allegation of Paragraph 287.

**XII.     Allegations Concerning Supposed Fraudulent Concealment.**

288.    To the extent that the allegations of Paragraph 288 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 288 relate to SDI, SDI denies all of those allegations.

289.    SDI denies each and every allegation of Paragraph 289.

290.    To the extent that the allegations of Paragraph 290 and its subparts relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 290 and its subparts relate to SDI, SDI denies all of those allegations.

291.    SDI denies each and every allegation of Paragraph 291

**XIII.    Allegations Concerning Plaintiffs' Prayer for Relief.**

SDI denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of SDI as alleged in the Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in each of the paragraphs and their subparts the Complaint.

## ADDITIONAL OR AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, SDI asserts the following additional and/or affirmative defenses to Plaintiffs' Complaint:

### FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

### THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of laches.

### FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of unclean hands.

### FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Remedies Unconstitutional, Unauthorized or Contrary to Public Policy)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because the remedies sought are unconstitutional, contrary to public policy, or are otherwise unauthorized.

### SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Absence of Damages)

Plaintiffs' claims should be dismissed because Plaintiffs and/or certain members of the putative classes have suffered no injury or damages as a result of the matters alleged in the Complaint.  To the extent that Plaintiffs and/or certain members of

-35-

the putative classes purportedly suffered injury or damage, which SDI specifically denies, SDI further contends that any such purported injury or damage was not by reason of any act or omission of SDI.

## SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Antitrust Injury)

Plaintiffs' claims should be dismissed because Plaintiffs and/or certain members of the putative classes have not suffered actual, cognizable antitrust injury of the type antitrust laws are intended to remedy.

## EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Uncertainty of Damages)

Plaintiffs' claims should be dismissed because the alleged damages sought are too speculative and uncertain, and cannot be practicably ascertained or allocated.

## NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiffs' claims should be dismissed, in whole or in part, because Plaintiffs and/or certain members of the putative classes failed to take all necessary, reasonable, and appropriate actions to mitigate their alleged damages, if any.

## TENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Statute of Limitation)

Plaintiffs' claims are barred, in whole or in part, by the statutes of limitation under the laws of the various States cited, including, but not limited to, the following: 15 U.S.C. § 15(b); Ariz. Rev. Stat. § 44-1410; Cal. Bus. and Prof. Code §§ 17208 and/or 16750.1; Fla. Stat. §§ 501.207(5) and/or 542.26; Haw. Rev. Stat. § 480-24; Iowa Code § 553.16; Kan. Stat. Ann. § 60-512; Mass. Gen. Laws Ann. Ch. 93, § 13 and/or ch. 260, § 5A; Mich. Comp. Laws Ann. §§ 445.781; Minn. Stat. § 325D.64; Miss. Code Ann. §§ 15-1-49; Neb. Rev. Stat. § 59-1612; Nev. Rev. Stat. Ann. §§ 11.190 and/or 598A.220; N.M. Stat. Ann. § 57-12-1; N.C. Gen. Stat. § 75-16.2; N.D. Cent. Code § 51-08.1-10(1); N.Y. C.P.L.R. § 214(2); R.I. Gen. Laws § 6-36-23; S.D. Codified Laws § 37-1-14.4; Tenn.

-36-

SAMSUNG SDI DEFENDANTS' ANSWER TO INDIRECT PURCHASER
PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

Code Ann. § 28-3-105; Vt. Stat. Ann. tit. 12, § 511; W.Va. Code § 47-18-11; and Wis. Stat. § 133.18.

## ELEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs and/or certain members of the putative classes would be unjustly enriched if they were allowed to recover any part of the damages alleged in the Complaint.

## TWELFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, due to the absence of any injury or damage for which SDI's actions, conduct, or omissions were the proximate cause.

## THIRTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiffs' claims for injunctive relief should be dismissed because Plaintiffs and/or certain members of the putative classes have available an adequate remedy at law.

## FOURTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Privilege)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any action taken by or on behalf of SDI was justified, constituted bona fide business competition and was taken in pursuit of its own legitimate business and economic interests, and is therefore privileged.

## FIFTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Non-actionable or Governmental Privilege)

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of SDI that is the subject of the Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments,

governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

## SIXTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

## SEVENTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any and all injuries alleged in the Complaint, the fact and extent of which SDI specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiffs, certain members of the putative classes, and/or third parties or entities, other than SDI.

## EIGHTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Acquiescence)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by Plaintiffs' and/or certain members of the putative classes acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to SDI.

## NINETEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)

Plaintiffs' claims for any foreign purchases, if any, should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege facts sufficient to support a claim under the foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a and analogous state laws.

## TWENTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Uncertainty)

Plaintiffs' claims should be dismissed for uncertainty and vagueness and because their claims are ambiguous and/or unintelligible.  SDI avers that Plaintiffs' claims

-38-

do not describe the events or legal theories with sufficient particularity to permit SDI to ascertain what other defenses may exist.  SDI therefore reserves the right to amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of more definitive facts upon the completion of its investigation and discovery.

## TWENTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Standing to Sue for Injuries Alleged)

Plaintiffs' claims should be dismissed, in whole or in part, to the extent Plaintiffs lack standing to sue for the injuries alleged in the Complaint.  To the extent that Plaintiffs or members of the putative classes purchased products containing CRTs, as opposed to CRTs themselves, their alleged injuries are even more speculative, derivative, indirect and remote.  Plaintiffs' damage claims create an impermissible risk of duplicative recoveries and complex damage apportionment.

## TWENTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Competition Not Harmed)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because SDI's actions did not lessen competition in the relevant market.

## TWENTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Intervening or Superseding Acts of Third Parties)

Plaintiffs' damages, if any, resulted from the acts or omissions of third parties over whom SDI had no control or responsibility.  The acts of such third parties constitute intervening or superseding causes of harm, if any, suffered by Plaintiffs.

## TWENTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Injury or Damages Offset by Benefits Received)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any claimed injury or damage has been offset by benefits Plaintiffs received with respect to the challenged conduct.

-39-

## TWENTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Increased Output and Lower Prices)

SDI, without admitting the existence of any contract, combination, or conspiracy in restraint of trade as alleged in the Complaint, avers that the matters about which Plaintiffs complain resulted in increased output and lower prices for CRTs.

## TWENTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Prices Fixed by Plaintiffs)

Plaintiffs' claims should be dismissed to the extent they are barred, in whole or in part, because the price of CRTs and/or products containing CRTs was fixed, if at all, by Plaintiffs and/or other purchasers of CRTs and/or products containing CRTs, either individually or collectively.

## TWENTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege fraud or fraudulent concealment with sufficient particularity.

## TWENTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Plead Conspiracy with Particularity)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege conspiracy with sufficient particularity.

## TWENTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Detrimental Reliance)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs did not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

1

2

**THIRTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(Set Off)**

Without admitting that Plaintiffs are entitled to recover damages in this matter, SDI is entitled to set off from any recovery Plaintiffs may obtain against SDI any amount paid to Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

**THIRTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(Failure to State a Claim for Injunctive Relief)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to state a claim for injunctive relief insofar as Plaintiffs seek to enjoin alleged events that have already transpired without the requisite showing of threatened harm or continuing harm.

**THIRTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(Lack of Jurisdiction)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any alleged conduct of SDI occurred outside of the jurisdiction of the Court.

**THIRTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(No Attorney Fees Allowed)**

An award of attorneys' fees, based upon the conduct alleged in the Complaint, is not allowed under applicable federal or state law.

**THIRTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(Lack of Standing Individually Or As A Class)**

Plaintiffs' claims, including their state antitrust claims and state consumer protection claims, are barred by Plaintiffs' lack of standing to prosecute the claims individually or as a class action.

-41-

## THIRTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Commonality)

Plaintiffs' claims are improperly joined within the meaning of the Federal Rule of Civil Procedure 20 or 23 because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences, and/or do not involve questions of law or fact common to all defendants.

## THIRTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Typicality)

Plaintiffs' claims are improperly joined within the meaning of the Federal Rule of Civil Procedure 23 because they are not typical of the claims of the other members of the putative classes.

## THIRTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Plaintiffs are Not Proper Representatives)

Plaintiffs' claims are barred, in whole or in part, because the named Plaintiffs are not proper class representatives.

## THIRTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Damages Passed On)

Plaintiffs claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Complaint, which SDI specifically denies, was passed on to persons or entities other than the Plaintiffs and/or was passed on by Plaintiffs to other parties.

## THIRTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Damages Not Passed Through to Plaintiffs)

Plaintiffs' claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Complaint was not incurred by or passed on to Plaintiffs, or was incurred by or passed on to persons or entities other than Plaintiffs.

1

**FORTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE**

2

**(No Unreasonable Restraint Of Trade)**

3      Plaintiffs' claims are barred, in whole or in part, because the alleged conduct

4 of SDI did not unreasonably restrain trade.

5

**FORTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE**

6

**(Ultra Vires)**

7      To the extent that my actionable conduct may have occurred, Plaintiffs'

8 claims against SDI are barred because all such alleged conduct would have been

9 committed by individuals acting ultra vires.

10

**FORTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE**

11

**(Proportionality)**

12      To the extent SDI is found liable for damages, the fact and extent of which

13 are expressly denied by SDI, those damages must be reduced in proportion to SDI's degree

14 of fault.

15

**FORTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE**

16

**(Forum Non Conveniens)**

17      Plaintiffs' claims are barred, in whole or in part, because of the doctrine of

18 forum non conveniens.

19

**FORTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

20

**(Permitted By Law)**

21      Plaintiffs' claims are barred, in whole or in part, to the extent they are based

22 on alleged acts, conduct or statements that are specifically permitted by law.

23

**FORTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

24

**(Multiple Recoveries)**

25      To the extent Plaintiffs' claims would result in SDI paying damages to more

26 than one claimant for the same alleged overcharge, they are barred because such multiple

27 recoveries would violate rights guaranteed to SDI by the U.S. Constitution and other law,

28 including, without limitation, rights guaranteed under the Due Process Clause of the

-43-

1  Fourteenth Amendment, and by applicable state law.

2  ## FORTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

3  ### (Improper Extraterritorial Application)

4    Plaintiffs' claims are barred, in whole or in part, by the U.S. Constitution

5  and/or applicable state law to the extent their claims seek the improper extraterritorial

6  application of the laws of the various States cited to any transactions occurring outside

7  those various States.

8  ## FORTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

9  ### (Acts Outside The Jurisdiction)

10    Plaintiffs' claims under the laws of the various States cited are barred, in

11  whole or in part, to the extent SDI's alleged conduct occurred outside the jurisdiction of

12  this Court and/or was neither directed to nor affected persons, entities, or commerce in the

13  various States cited.

14  ## FORTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

15  ### (Restitution Unmanageable And Inequitable)

16    Plaintiffs' requests for relief are barred, in whole or in part, to the extent the

17  restitution sought in the Complaint is unmanageable and inequitable.

18  ## FORTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

19  ### (Market Power)

20    Plaintiffs' claims are barred, in whole or in part, to the extent they have failed

21  to allege or prove that SDI possessed or possesses market power in any legally cognizable

22  relevant market.

23  ## FIFTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

24  ### (Privity Of Contract)

25    Plaintiffs' claims are barred, in whale or in part, to the extent that privity of

26  contract is required to establish their claims.

27

28

-44-

## FIFTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Release)

The claims of one or more of the persons or entities Plaintiffs purport to represent are barred because they have been released.

## FIFTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Voluntary Payment)

Plaintiffs' claims are barred, in whole or in part, by the voluntary payment doctrine, under which one cannot recover payments with full knowledge of the facts.

## FIFTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No 'Full Consideration' Damages)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not entitled to "full consideration" damages.

## FIFTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Federal Trade Commission)

Any alleged conduct by SDI is, or if in interstate commerce would be, subject to and complies with the rules and regulations of, and the statutes administered by, the Federal Trade Commission or other official department, division, commission or agency of the United States as such rules, regulations, or statutes are interpreted by the Federal Trade Commission or such department, division, commission or agency of the federal courts.

## FIFTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Standing as Indirect Purchasers)

Plaintiffs' claims are barred, in whole or in part, to the extent the various States cited have not repealed the *Illinois Brick* doctrine.

## FIFTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Intrastate Conduct)

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs do not allege conduct and/or effects that are wholly or predominantly intrastate within the various

-45-

States at issue.

## FIFTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Unjust Enrichment Claims Barred)

Plaintiffs' claims for unjust enrichment under the laws of the various States cited are barred, in whole or in part, to the extent Plaintiffs have failed to exhaust all remedies against SDI.

## FIFTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Not Entitled To Seek Damages)

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs are not entitled to seek damages under the laws of the various States cited.

## FIFTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Class Actions Prohibited)

Plaintiffs' claims are barred, in whole or in part, to the extent class actions are prohibited under the laws of the various States cited.

## SIXTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Private Claim Cannot Be Brought In A Representative Capacity)

Plaintiffs' claims are barred, in whole or in part, to the extent private claim may not be brought in a representative capacity under the laws of the various States cited.

## SIXTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure To Allege Predicate Acts For Consumer Protection Claims)

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to allege predicate acts necessary to invoke application of the consumer protection laws of the various States cited.

## SIXTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure To Plead Special Damages With Specificity)

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to plead special damages with specificity as required by the laws of the various States cited, including without limitation Rule 9(g) of the Hawaii Rules of Civil Procedure.

-46-

## SIXTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Goods Not Purchased Primarily For Personal, Family, Or Household Purposes)

Plaintiffs' claims are barred under the laws of the various States cited, in whole or in part, to the extent that at least some Plaintiffs did not purchase goods primarily for personal, family, or household purposes.

## SIXTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Improper Taking)

Any award of restitution or monetary recovery pursuant to California Business and Professions §§ 17200, et seq. would constitute a taking of property without just compensation in violation of the Takings Clause of the U.S. Constitution and of Article 1, Section 19 of the California Constitution.

## SIXTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Improper Remedy)

To the extent Plaintiffs seeks disgorgement of revenues and profits under the California Business and Professions §§ 17200, et seq. beyond any monies Plaintiffs directly paid to SDI, if any, such remedy is not authorized by Section 17200, et seq.

## SIXTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Other Defenses Incorporated by Reference)

SDI adopts and incorporates by reference any and all other additional or affirmative defenses asserted or to be asserted by any other defendant in this proceeding to the extent that SDI may share in such affirmative defenses.

## SIXTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Reservation of Rights to Assert Additional Defenses)

SDI has not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings. SDI further reserves the right to amend its Answer and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable during the course of subsequent discovery.

-47-

1

2          WHEREFORE, the Samsung SDI Defendants pray for judgment as follows:

3          1.      That Plaintiffs take nothing under the Complaint, and the Complaint
            be dismissed with prejudice;

4

5          2.      That judgment be entered in favor of the Samsung SDI Defendants
            and against Plaintiffs on each and every cause of action set forth in the
            Complaint;

6

7          3.      That the Samsung SDI Defendants recover their costs of suit and
            attorneys' fees incurred herein; and

8          4.      That the Samsung SDI Defendants be granted such other and further
            relief as the Court deems just and proper.

9

10

Dated:  April 29, 2010                 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

11

12

13                          By _____/s/ Michael W. Scarborough_____

14                                  MICHAEL W. SCARBOROUGH
                                      Attorneys for Defendants
15                              SAMSUNG SDI AMERICA, INC., SAMSUNG
                                SDI CO., LTD., SAMSUNG SDI (MALAYSIA)
16                              SDN. BHD., SAMSUNG SDI MEXICO S.A. DE
                                  C.V., SAMSUNG SDI BRASIL LTDA.,
17                              SHENZHEN SAMSUNG SDI CO., LTD., and
                                  TIANJIN SAMSUNG SDI CO., LTD.
18

19

20

21

22

23

24

25

26

27

28

SAMSUNG SDI DEFENDANTS' ANSWER TO INDIRECT PURCHASER
PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT