GREGORY D. HULL (57367)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
Email: greg.hull@weil.com

STEVEN A. REISS (*Admitted Pro Hac Vice*)
DAVID L. YOHAI (*Admitted Pro Hac Vice*)
DAVID YOLKUT (*Admitted Pro Hac Vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email: steven.reiss@weil.com

JEFFREY L. KESSLER (*Admitted Pro Hac Vice*)
A. PAUL VICTOR (*Admitted Pro Hac Vice*)
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-7013
Email: jkessler@dl.com

*Attorneys for Defendant MT Picture Display Co., Ltd.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In Re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | No.:  M-07-5944 SC—MDL NO. 1917 |
| | **DEFENDANT MT PICTURE DISPLAY CO., LTD.'S ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT** |
| This Document Relates to: | |
| INDIRECT PURCHASER ACTION. | |

1
2
3
4
5
6
7
8

Defendant MT PICTURE DISPLAY CO., LTD. ("MTPD"), by and through its attorneys, answers the allegations set forth in the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint (the "Complaint") filed by plaintiffs ("Plaintiffs"), and allege additional or affirmative defenses as follows.  To the extent not specifically admitted herein, all allegations of the Complaint are denied.  Furthermore, the section headings included herein are included only for purposes of clarity and organization, and MTPD does not admit, but rather hereby specifically denies, any factual or legal allegations in the headings used in the Complaint.

9
10
11
12
13
14
15
16

MTPD responds to the Complaint in accordance with Judge Samuel Conti's March 30, 2010 Order Dismissing in Part and Denying in Part Defendants' Motions to Dismiss, in which, *inter alia*, the Court (a) dismissed Plaintiffs' state law claims under the antitrust laws of Nebraska based on sales made prior to July 20, 2002, and Nevada based on sales made prior to the 1999 date of Nevada's repealer statute; (b) dismissed Plaintiffs' state consumer protection and unfair competition claims under the Massachusetts Consumer Protection Act, with leave to amend, and the Rhode Island Unfair Trade Practices and Consumer Protection Act; and (c) dismissed Plaintiffs' unjust enrichment claims under Kansas' common law of unjust enrichment,

17
18

## I.      "INTRODUCTION"

19
20
21

1.      MTPD denies the allegations contained in Paragraph 1 of the Complaint in their entirety, except admits that Plaintiffs purport to bring this action on behalf of certain individuals.

22
23
24

2.      MTPD denies the allegations contained in Paragraph 2 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

25
26
27

3.      MTPD denies the allegations contained in Paragraph 3 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

28

4.      MTPD denies the allegations contained in Paragraph 4 of the Complaint,

except admits that an alleged conspiracy concerning cathode ray tubes ("CRTs") is being investigated by the United States Department of Justice ("DOJ"), and by certain other international competition authorities, and that it has been publicly reported that Mr. C.Y. Lin has been indicted in connection with the DOJ investigation.

## II.     "JURISDICTION AND VENUE"

5.     MTPD denies the allegations contained in Paragraph 5 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the federal and state statutes identified therein and seek the relief sought therein.

6.     MTPD denies the allegations contained in Paragraph 6 of the Complaint, except admits that Plaintiffs purport to base subject matter jurisdiction on the federal statutes identified therein.

7.     MTPD denies the allegations contained in Paragraph 7 of the Complaint, except admits that Plaintiffs purport to base subject matter jurisdiction on the federal statutes identified therein.

8.     MTPD denies the allegations contained in Paragraph 8 of the Complaint in their entirety as they relate to MTPD, except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

9.     MTPD denies the allegations contained in Paragraph 9 of the Complaint in their entirety as they relate to MTPD, except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

10.     The allegations of Paragraph 10 and each of its subparts regarding jurisdiction constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, MTPD denies the allegations and each of its subparts as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

11.     MTPD denies the allegations contained in Paragraph 11 of the Complaint in their entirety as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

12.     MTPD denies the allegations contained in Paragraph 12 of the Complaint in their entirety as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## III.     "DEFINITIONS"

13.     The allegations in Paragraph 13 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, MTPD denies all of the allegations, except admits that CRTs are one type of display technology which can be used in televisions, computer monitors and certain other specialized applications.

14.     The allegations in Paragraph 14 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, MTPD denies all of the allegations, except admits that color display tubes ("CDTs") can be used in computer monitors and certain other specialized applications, and admits that color picture tubes ("CPTs") can be used in televisions. MTPD admits that Plaintiffs purport to define both CDTs and CPTs as "CRTs."

15.     The allegations in Paragraph 15 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, MTPD denies all of the allegations, except admits that Plaintiffs purport to define "CRT Products" to include "CRTs . . . and products containing CRTs," but MTPD denies the propriety of any such definition, and avers that such a definition is overbroad, vague and nonsensical.

16.     The allegations in Paragraph 16 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, MTPD denies all of the allegations, except

admits that Plaintiffs purport to refer to the time period "March 1, 1995 through at least November 25, 2007" as the "Class Period," but MTPD denies the propriety of any such reference, and further denies that there is a properly certified class.

17.     The allegations in Paragraph 17 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, MTPD admits that Plaintiffs purport to define the term "Person" to mean "any individual, partnership, corporation, association, or other business or legal entity."

18.     The allegations in Paragraph 18 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, MTPD admits that Plaintiffs purport to define the term "OEM" to mean "any Original Equipment Manufacturer of CRT Products."

## IV.     "PLAINTIFFS"

19.     MTPD denies the allegations contained in Paragraph 19 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

20.     MTPD denies the allegations contained in Paragraph 20 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

21.     MTPD denies the allegations contained in Paragraph 21 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

22.     MTPD denies the allegations contained in Paragraph 22 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

23.     MTPD denies the allegations contained in Paragraph 23 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

24.     MTPD denies the allegations contained in Paragraph 24 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

25.     MTPD denies the allegations contained in Paragraph 25 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

26. MTPD denies the allegations contained in Paragraph 26 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

27. MTPD denies the allegations contained in Paragraph 27 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

28. MTPD denies the allegations contained in Paragraph 28 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

29. MTPD denies the allegations contained in Paragraph 29 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

30. MTPD denies the allegations contained in Paragraph 30 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

31. MTPD denies the allegations contained in Paragraph 31 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

32. MTPD denies the allegations contained in Paragraph 32 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

33. MTPD denies the allegations contained in Paragraph 33 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

34. MTPD denies the allegations contained in Paragraph 34 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

35. MTPD denies the allegations contained in Paragraph 35 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

36. MTPD denies the allegations contained in Paragraph 36 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

37. MTPD denies the allegations contained in Paragraph 37 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

38. MTPD denies the allegations contained in Paragraph 38 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

39. MTPD denies the allegations contained in Paragraph 39 of the Complaint

for lack of knowledge or information sufficient to form a belief as to the truth thereof.

40.     MTPD denies the allegations contained in Paragraph 40 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

41.     MTPD denies the allegations contained in Paragraph 41 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

42.     MTPD denies the allegations contained in Paragraph 42 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

43.     MTPD denies the allegations contained in Paragraph 43 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

44.     MTPD denies the allegations contained in Paragraph 44 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

45.     MTPD denies the allegations contained in Paragraph 45 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

46.     MTPD denies the allegations contained in Paragraph 46 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

47.     MTPD denies the allegations contained in Paragraph 47 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

48.     MTPD denies the allegations contained in Paragraph 48 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

49.     MTPD denies the allegations contained in Paragraph 49 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## V.     "DEFENDANTS"

## "LG ELECTRONICS ENTITIES"

50.     MTPD denies the allegations contained in Paragraph 50 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

51.    MTPD denies the allegations contained in Paragraph 51 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

52.    MTPD denies the allegations contained in Paragraph 52 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

53.    MTPD admits that Plaintiffs purport to refer to the entities identified in Paragraph 53 of the Complaint collectively as "LG."

**"PHILIPS ENTITIES"**

54.    MTPD denies the allegations contained in Paragraph 54 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

55.    MTPD denies the allegations contained in Paragraph 55 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

56.    MTPD denies the allegations contained in Paragraph 56 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

57.    MTPD denies the allegations contained in Paragraph 57 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

58.    MTPD denies the allegations contained in Paragraph 58 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

59.    MTPD denies the allegations contained in Paragraph 59 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

60.     MTPD admits that Plaintiffs purport to refer to the entities identified in Paragraph 60 of the Complaint collectively as "Philips."

**"LP DISPLAYS"**

61.     MTPD denies the allegations contained in Paragraph 61 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"SAMSUNG ENTITIES"**

62.     MTPD denies the allegations contained in Paragraph 62 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

63.     MTPD denies the allegations contained in Paragraph 63 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

64.     MTPD denies the allegations contained in Paragraph 64 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

65.     MTPD denies the allegations contained in Paragraph 65 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

66.     MTPD denies the allegations contained in Paragraph 66 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

67.     MTPD denies the allegations contained in Paragraph 67 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

68.     MTPD denies the allegations contained in Paragraph 68 of the Complaint

in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

69.     MTPD denies the allegations contained in Paragraph 69 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

70.     MTPD denies the allegations contained in Paragraph 70 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

71.     MTPD admits that Plaintiffs purport to refer to the entities identified in Paragraph 71 of the Complaint collectively as "Samsung."

**"TOSHIBA ENTITIES"**

72.     MTPD denies the allegations contained in Paragraph 72 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Panasonic Corporation entered into a joint venture with Toshiba Corporation ("Toshiba") in 2003 to form MTPD.

73.     MTPD denies the allegations contained in Paragraph 73 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

74.     MTPD denies the allegations contained in Paragraph 74 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

75.     MTPD denies the allegations contained in Paragraph 75 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

76.     MTPD denies the allegations contained in Paragraph 76 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

77.   MTPD denies the allegations contained in Paragraph 77 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

78.   MTPD denies the allegations contained in Paragraph 78 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

79.   MTPD admits that Plaintiffs purport to refer to the entities identified in Paragraph 79 of the Complaint collectively as "Toshiba."

**"PANASONIC ENTITIES"**

80.   MTPD denies the allegations contained in Paragraph 80 of the Complaint, except admits that Panasonic Corporation is a Japanese entity with an office in Osaka, Japan at the address listed in Paragraph 80, and that it was known as Matsushita Electric Industrial Co., Ltd. ("MEI") prior to October 1, 2008.  MTPD further admits that Panasonic Corporation held 64.5% of MTPD at the time when MTPD was formed in 2003.  MTPD further admits that Toshiba's 35.5% interest was transferred to Panasonic Corporation, but avers that such purchase occurred on March 30, 2007, and not on April 3, 2007.  MTPD further admits that Panasonic Corporation or its affiliates sold some products containing CRTs in the United States during the purported Class Period.

81.   MTPD denies the allegations contained in Paragraph 81 of the Complaint, except admits that Panasonic Corporation of North America ("PNA") is a Delaware corporation with its headquarters in Secaucus, New Jersey, at the address listed in Paragraph 81.  MTPD further admits that PNA is a wholly owned subsidiary of Panasonic Corporation.  MTPD further admits that PNA sold CRT televisions in the United States during the purported Class Period.

82.   MTPD denies the allegations contained in Paragraph 82 of the Complaint, except admits that Panasonic Consumer Electronics Company ("PCEC") is an unincorporated division of PNA with its headquarters in Secaucus, New Jersey, at the address listed in Paragraph 82.  MTPD avers that PCEC has been voluntarily dismissed from the case by Plaintiffs.

83.     MTPD denies the allegations contained in Paragraph 83 of the Complaint, except admits that Matsushita Electronic Corporation (Malaysia) Sdn Bhd ("Matsushita Malaysia") was a Malaysian entity that that had an office in Shah Alam Malaysia, and was a wholly owned indirect subsidiary of Panasonic Corporation.  MTPD avers that Matsushita Malaysia is a defunct entity that was voluntarily dismissed from the case by Plaintiffs.

84.     MTPD admits that Plaintiffs purport to refer to Panasonic Corporation, PNA, PCEC, and Matsushita Malaysia collectively in the Complaint as "Panasonic."  MTPD notes that PCEC and Matsushita Malaysia have been voluntarily dismissed from the case by Plaintiffs.

85.     MTPD denies the allegations contained in Paragraph 85 of the Complaint, except admits that MTPD is a Japanese entity with an office in Osaka, Japan, at the address listed in Paragraph 85.  MTPD further admits that it was established in 2003 as a joint venture between Panasonic Corporation and Toshiba.  MTPD further admits that it is a wholly-owned subsidiary of Panasonic Corporation, but avers that the purchase of the 34.5% stake in MTPD from Toshiba occurred on March 30, 2007, and not on April 3, 2007.  MTPD further admits that it sold CRTs in the United States during the purported Class Period.

86.     MTPD denies the allegations contained in Paragraph 86 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Beijing-Matsushita Color CRT, Company, Ltd. ("BMCC") is a Chinese entity with its headquarters in Beijing, China at the address listed in Paragraph 86. MTPD further admits that BMCC is a joint venture formed in 1987, and further admits that it at one time had a 50% equity ownership interest in BMCC.

## "HITACHI ENTITIES"

87.     MTPD denies the allegations contained in Paragraph 87 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

88.     MTPD denies the allegations contained in Paragraph 88 of the Complaint

in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

89.     MTPD denies the allegations contained in Paragraph 89 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

90.     MTPD denies the allegations contained in Paragraph 90 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

91.     MTPD denies the allegations contained in Paragraph 91 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

92.     MTPD denies the allegations contained in Paragraph 92 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

93.     MTPD admits that Plaintiffs purport to refer to the entities identified in Paragraph 93 of the Complaint collectively as "Hitachi."

**"TATUNG ENTITIES"**

94.     MTPD denies the allegations contained in Paragraph 94 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

95.     MTPD denies the allegations contained in Paragraph 95 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

96.     MTPD admits that Plaintiffs purport to refer to the entities identified in Paragraph 96 of the Complaint collectively as "Tatung."

**"CHUNGHWA ENTITIES"**

97.     MTPD denies the allegations contained in Paragraph 97 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

98.     MTPD denies the allegations contained in Paragraph 98 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

99.     MTPD admits that Plaintiffs purport to refer to the entities identified in Paragraph 99 of the Complaint collectively as "Chunghwa."

**"IRICO ENTITIES"**

100.    MTPD denies the allegations contained in Paragraph 100 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

101.    MTPD denies the allegations contained in Paragraph 101 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

102.    MTPD denies the allegations contained in Paragraph 102 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

103.    MTPD admits that Plaintiffs purport to refer to the entities identified in Paragraph 103 of the Complaint collectively as "IRICO."

**"THAI CRT"**

104.    MTPD denies the allegations contained in Paragraph 104 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"SAMTEL"**

105.    MTPD denies the allegations contained in Paragraph 105 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"DAEWOO ENTITIES"**

106.    MTPD denies the allegations contained in Paragraph 106 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

107.    MTPD denies the allegations contained in Paragraph 107 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

108.    MTPD admits that Plaintiffs purport to refer to the entities identified in Paragraph 108 of the Complaint collectively as "Daewoo."

109.    MTPD admits that Plaintiffs purport to refer to all of the above-listed entities collectively in the Complaint as "Defendants."

**VI.    "AGENTS AND CO-CONSPIRATORS"**

110.    The allegations contained in Paragraph 110 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

111.    MTPD denies the allegations contained in Paragraph 111 of the Complaint as they relate to MTPD and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

112.    MTPD denies the allegations contained in Paragraph 112 of the Complaint as they relate to MTPD and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

113.     MTPD denies the allegations contained in Paragraph 113 of the Complaint as they relate to MTPD and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**VII.    "INTERSTATE TRADE AND COMMERCE"**

114.     MTPD denies the allegations contained in Paragraph 114 of the Complaint as they relate to MTPD, except admits that it or its affiliates sold CRTs or products containing CRTs in the United States during the purported Class Period, and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

115.     MTPD denies the allegations contained in Paragraph 115 of the Complaint as they relate to MTPD and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

116.     MTPD denies the allegations contained in Paragraph 116 of the Complaint as they relate to MTPD and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**VIII.   "FACTUAL ALLEGATIONS"**

**A.     "CRT Technology"**

117.     The allegations in Paragraph 117 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  MTPD admits that CRT technology was used in making tubes for televisions in the 1990's, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

118.     The allegations in Paragraph 118 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  MTPD admits that the CRT is a specialized vacuum tube in which images are produced

when an electron beam strikes a phosphorescent surface, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

119.    The allegations in Paragraph 119 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  MTPD admits that a lower quality CRT produces a poor display, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

120.    The allegations in Paragraph 120 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  MTPD admits that CRTs were the dominant display technology during the 1990s, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**B.    "Structural Characteristics of the CRT Market"**

121.    MTPD denies the allegations contained in Paragraph 121 of the Complaint.

**a.    "Market Concentration"**

122.    MTPD denies the allegations contained in Paragraph 122 of the Complaint.

**b.    "Information Sharing"**

123.    MTPD denies the allegations contained in Paragraph 123 of the Complaint as they relate to MTPD and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

124.    MTPD denies the allegations contained in Paragraph 124 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**c.    "Consolidation"**

125.    MTPD denies the allegations contained in Paragraph 125 of the Complaint, except admits that a 2003 merger between Toshiba and Panasonic's CRT businesses resulted in

the creation of MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

126.    MTPD denies the allegations contained in Paragraph 126 of the Complaint as they relate to MTPD and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**d.    "Multiple Interrelated Business Relationships"**

127.    MTPD denies the allegations contained in Paragraph 127 of the Complaint.

128.    MTPD denies the allegations contained in Paragraph 128, and its subparts, for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Toshiba and Panasonic formed a CRT joint venture, MTPD, in 2003, and that Toshiba and Panasonic formed a joint venture to manufacture TFT-LCD panels.

**e.    "High Costs Of Entry Into The Industry"**

129.    MTPD denies the allegations contained in Paragraph 129 of the Complaint.

**f.    "The Maturity Of The CRT Product Market"**

130.    MTPD denies the allegations contained in Paragraph 130 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that the CRT market is mature.

131.    MTPD denies the allegations contained in Paragraph 131 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

132.    MTPD denies the allegations contained in Paragraph 132 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

133.    MTPD denies the allegations contained in Paragraph 133 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

134.    MTPD denies the allegations contained in Paragraph 134 of the Complaint

for lack of knowledge or information sufficient to form a belief as to the truth thereof.

135.    MTPD denies the allegations contained in Paragraph 135 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**g.    "Homogeneity Of CRT Products"**

136.    MTPD denies the allegations contained in Paragraph 136 of the Complaint.

137.    MTPD denies the allegations contained in Paragraph 137 of the Complaint.

**C.    "Pre-Conspiracy Market"**

138.    MTPD denies the allegations contained in Paragraph 138 of the Complaint as they relate to MTPD and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

139.    MTPD denies the allegations contained in Paragraph 139 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**D.    "Defendants' And Co-Conspirators' Illegal Agreements"**

140.    MTPD denies the allegations contained in Paragraph 140 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

141.    MTPD denies the allegations contained in Paragraph 141 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

142.    MTPD denies the allegations contained in Paragraph 142 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

143.    MTPD denies the allegations contained in Paragraph 143 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

144.    MTPD denies the allegations contained in Paragraph 144 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

sufficient to form a belief as to the truth thereof.

      a.    **"Glass Meetings"**

      145.    MTPD denies the allegations contained in Paragraph 145 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

      146.    MTPD denies the allegations contained in Paragraph 146 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

      147.    MTPD denies the allegations contained in Paragraph 147 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

      148.    MTPD denies the allegations contained in Paragraph 148 of the Complaint and each of its subparts as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

      149.    MTPD denies the allegations contained in Paragraph 149 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

      150.    MTPD denies the allegations contained in Paragraph 150 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

      151.    MTPD denies the allegations contained in Paragraph 151 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

      152.    MTPD denies the allegations contained in Paragraph 152 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

      153.    MTPD denies the allegations contained in Paragraph 153 of the Complaint

as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

154. MTPD denies the allegations contained in Paragraph 154 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

155. MTPD denies the allegations contained in Paragraph 155 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

156. MTPD denies the allegations contained in Paragraph 156 of the Complaint and each of its subparts as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

157. MTPD denies the allegations contained in Paragraph 157 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

158. MTPD denies the allegations contained in Paragraph 158 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**b.** **"Bilateral Discussions"**

159. MTPD denies the allegations contained in Paragraph 159 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

160. MTPD denies the allegations contained in Paragraph 160 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

161. MTPD denies the allegations contained in Paragraph 161 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

162. MTPD denies the allegations contained in Paragraph 162 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

sufficient to form a belief as to the truth thereof.

163.   MTPD denies the allegations contained in Paragraph 163 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

164.   MTPD denies the allegations contained in Paragraph 164 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

165.   MTPD denies the allegations contained in Paragraph 165 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**c.**    **"Defendants' and Co-Conspirators' Participation In Group And Bilateral Discussions"**

166.   MTPD denies the allegations contained in Paragraph 166 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

167.   MTPD denies the allegations contained in Paragraph 167 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

168.   MTPD denies the allegations contained in Paragraph 168 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

169.   MTPD denies the allegations contained in Paragraph 169 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

170.   MTPD denies the allegations contained in Paragraph 170 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

171.    MTPD denies the allegations contained in Paragraph 171 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

172.    MTPD denies the allegations contained in Paragraph 172 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

173.    MTPD denies the allegations contained in Paragraph 173 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

174.    MTPD denies the allegations contained in Paragraph 174 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

175.    MTPD denies the allegations contained in Paragraph 175 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

176.    MTPD denies the allegations contained in Paragraph 176 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

177.    MTPD denies the allegations contained in Paragraph 177 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

178.    MTPD denies the allegations contained in Paragraph 178 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

179.    MTPD denies the allegations contained in Paragraph 179 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

180.    MTPD denies the allegations contained in Paragraph 180 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

181.    MTPD denies the allegations contained in Paragraph 181 of the Complaint in their entirety.

182.    MTPD denies the allegations contained in Paragraph 182 of the Complaint in their entirety.

183.    MTPD denies the allegations contained in Paragraph 183 of the Complaint in their entirety.

184.    MTPD denies the allegations contained in Paragraph 184 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

185.    MTPD denies the allegations contained in Paragraph 185 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

186.    MTPD denies the allegations contained in Paragraph 186 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

187.    MTPD denies the allegations contained in Paragraph 187 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

188.    MTPD denies the allegations contained in Paragraph 188 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

E.      "The CRT Market During the Conspiracy"

189.    MTPD denies the allegations contained in Paragraph 189 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

thereof.

190.    MTPD denies the allegations contained in Paragraph 190 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

191.    MTPD denies the allegations contained in Paragraph 191 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

192.    MTPD denies the allegations contained in Paragraph 192 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

193.    MTPD denies the allegations contained in Paragraph 193 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

194.    MTPD denies the allegations contained in Paragraph 194 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

195.    MTPD denies the allegations contained in Paragraph 195 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

196.    MTPD denies the allegations contained in Paragraph 196 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

197.    MTPD denies the allegations contained in Paragraph 197 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

198.    MTPD denies the allegations contained in Paragraph 198 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

199.    MTPD denies the allegations contained in Paragraph 199 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

200.    MTPD denies the allegations contained in Paragraph 200 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

201.    MTPD denies the allegations contained in Paragraph 201 in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

202.    MTPD denies the allegations contained in Paragraph 202 in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**F.    "International Government Antitrust Investigations"**

203.    MTPD denies the allegations contained in Paragraph 203 of the Complaint, except admits that in November of 2007, the DOJ and certain other international competition authorities commenced investigations concerning an alleged conspiracy involving CRTs.

204.    MTPD denies the allegations contained in Paragraph 204 for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around November 8, 2007, certain offices of Panasonic-affiliated entities were the subject of investigation by antitrust authorities.

205.    MTPD admits that on or around February 10, 2009, the DOJ issued a press release concerning the indictment of an executive of Defendant Chunghwa Picture Tubes, Ltd., and respectfully refers the Court to that document for a review of its contents.

206.    MTPD admits that its offices were visited by Japan's Fair Trade Commission.

207.    MTPD denies the allegations contained in Paragraph 207 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

208.    MTPD denies the allegations contained in Paragraph 208 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

209.    MTPD denies the allegations contained in Paragraph 209 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

210.    MTPD denies the allegations contained in Paragraph 210 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

211.    MTPD denies the allegations contained in Paragraph 211 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

212.    MTPD denies the allegations contained in Paragraph 212 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

213.    MTPD denies the allegations contained in Paragraph 213 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that the Hungarian Competition Authority initiated a competition supervision proceeding in connection with an alleged conspiracy in the Hungarian market involving CRTs.

214.    MTPD denies the allegations contained in Paragraph 214 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

215.    MTPD denies the allegations contained in Paragraph 215 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

216.    MTPD denies the allegations contained in Paragraph 216 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

217.    MTPD denies the allegations contained in Paragraph 217 of the Complaint, except admits that an alleged conspiracy concerning the TFT-LCD market is being investigated by the DOJ, and by certain other international competition authorities, and that this investigation was revealed on or around December 2006.  MTPD further avers that it is not a subject of these investigations.

218.    MTPD denies the allegations contained in Paragraph 218 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

219.     MTPD denies the allegations contained in Paragraph 219 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

220.     MTPD denies the allegations contained in Paragraph 220 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

221.     MTPD denies the allegations contained in Paragraph 221 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## IX.     "THE PASS-THROUGH OF OVERCHARGES TO CONSUMERS"

222.     MTPD denies the allegations contained in Paragraph 222 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

223.     MTPD denies the allegations contained in Paragraph 223 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

224.     MTPD denies the allegations contained in Paragraph 224 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

225.     MTPD denies the allegations contained in Paragraph 225 of the Complaint.

226.     MTPD denies the allegations contained in Paragraph 226 of the Complaint.

227.     MTPD denies the allegations contained in Paragraph 227 of the Complaint as they relate to MTPD, except admits that computer and TV OEMs and retailers of CRT products are all subject to vigorous price competition, whether selling CRT TVs or computer monitors, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

228.     MTPD denies the allegations contained in Paragraph 228 of the Complaint.

229.     MTPD admits that the CRT, when used, is a significant component in computer monitors and television, but otherwise denies the allegations contained in Paragraph 229 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

230.     MTPD denies the allegations contained in Paragraph 230 of the Complaint.

231.     MTPD denies the allegations contained in Paragraph 231 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

232.     MTPD denies the allegations contained in Paragraph 232 of the Complaint.

233.     MTPD denies the allegations contained in Paragraph 233 of the Complaint.

234.     MTPD admits that Plaintiff refers to an excerpt from Herbert Hovenkamp's treatise, FEDERAL ANTITRUST POLICY, THE LAW OF COMPETITION AND ITS PRACTICE (1994) at 624, but otherwise denies the allegations contained in Paragraph 234 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

235.     MTPD denies the allegations contained in Paragraph 235 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

236.     MTPD denies the allegations contained in Paragraph 236 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

237.     MTPD denies the allegations contained in Paragraph 237 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

238.     MTPD denies the allegations contained in Paragraph 238 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that certain Panasonic-related entities have in the past manufactured CRT televisions and CRT computer monitors.

239.     MTPD denies the allegations contained in Paragraph 239 of the Complaint.

## X.     "CLASS ACTION ALLEGATIONS"

240.     The allegations in Paragraph 240 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations, except admits that Plaintiffs purport to bring this action on behalf of themselves and as a putative class action on behalf of a plaintiff class, which Plaintiffs refer to as a "Nationwide Class," pursuant to the provisions of Rule 23 of the Federal Rules of Civil

Procedure.

241.     The allegations in Paragraph 241 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations, except admits that Plaintiffs purport to bring this action on behalf of themselves and as a putative class action on behalf of residents of various states, which Plaintiffs refer to as the "Indirect Purchaser State Classes," pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure and/or various state statutes.

242.     The allegations in Paragraph 242 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations, except admit that Plaintiffs purport to define "each of the Indirect Purchaser State Classes" as set forth in Paragraph 242 of the Complaint.

243.     MTPD denies each and every allegation of Paragraph 243 and its subparts. MTPD specifically denies that Plaintiffs have suffered any injury or damages as a result of any alleged conduct by MTPD, or that they have sufficiently stated any claims for relief against MTPD.

## XI.     "VIOLATIONS ALLEGED"

### A.     "First Claim for Relief:  Violation of Section 1 of the Sherman Act"

244.     MTPD incorporates and realleges its responses to Paragraphs 1-243 above, as if fully set forth herein.

245.     MTPD denies the allegations contained in Paragraph 245 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

246.     MTPD denies the allegations contained in Paragraph 246 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

247.   MTPD denies the allegations contained in Paragraph 247 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

248.   MTPD denies the allegations contained in Paragraph 248 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

249.   MTPD denies the allegations contained in Paragraph 249 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

250.   MTPD denies the allegations contained in Paragraph 250 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

251.   MTPD denies the allegations contained in Paragraph 251 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

252.   MTPD denies the allegations contained in Paragraph 252 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

253.   MTPD denies the allegations contained in Paragraph 253 of the Complaint, except admit that Plaintiffs purport to bring this action pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26, and seek the relief sought therein.

**B.   "Second Claim for Relief:  Violation of State Antitrust Statutes"**

254.   MTPD denies the allegations contained in Paragraph 254 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

255.   MTPD denies the allegations contained in Paragraph 255 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of

knowledge or information sufficient to form a belief as to the truth thereof.

256.     MTPD denies the allegations contained in Paragraph 256 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

257.     MTPD denies the allegations contained in Paragraph 257 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

258.     MTPD denies the allegations contained in Paragraph 258 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

259.     MTPD denies the allegations contained in Paragraph 259 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

260.     MTPD denies the allegations contained in Paragraph 260 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

261.     MTPD denies the allegations contained in Paragraph 261 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

262.     MTPD denies the allegations contained in Paragraph 262 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  Further, the Order of the Court Dismissing in Part and Denying in Part Defendants' Motions to Dismiss, dated March 30, 2010, dismissed claims under Nebraska's antitrust laws, Nebraska Rev. Stat. § 59-801 *et. seq.*, based on sales made prior to July 20, 2002.

263.     MTPD denies the allegations contained in Paragraph 263 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of

knowledge or information sufficient to form a belief as to the truth thereof.  Further, the Order of the Court Dismissing in Part and Denying in Part Defendants' Motions to Dismiss, dated March 30, 2010, dismissed claims under Nevada's antitrust laws, Nevada Rev. Stat. Ann. §§ 598A *et. seq.*, based on sales made prior to the 1999 date of Nevada's repealer statute.

264.    MTPD denies the allegations contained in Paragraph 264 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

265.    MTPD denies the allegations contained in Paragraph 265 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

266.    MTPD denies the allegations contained in Paragraph 266 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

267.    MTPD denies the allegations contained in Paragraph 267 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

268.    MTPD denies the allegations contained in Paragraph 268 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

269.    MTPD denies the allegations contained in Paragraph 269 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

270.    MTPD denies the allegations contained in Paragraph 270 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

271.    MTPD denies the allegations contained in Paragraph 271 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of

knowledge or information sufficient to form a belief as to the truth thereof.

**C.    "Third Claim or Relief:  Violation of State Consumer Protection and Unfair Competition Statutes"**

272.    MTPD incorporates and realleges its responses to Paragraphs 1-271 above, as if fully set forth herein.

273.    MTPD denies the allegations contained in Paragraph 273 of the Complaint, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

274.    MTPD denies the allegations contained in Paragraph 274 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

275.    MTPD denies the allegations contained in Paragraph 275 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

276.    MTPD denies the allegations contained in Paragraph 276 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

277.    MTPD denies the allegations contained in Paragraph 277 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  Further, the Order of the Court Dismissing in Part and Denying in Part Defendants' Motions to Dismiss, dated March 30, 2010, dismissed the claims under the Massachusetts Consumer Protection Act, Massachusetts G.L. c. 93A, §2, with leave to amend.

278.    MTPD denies the allegations contained in Paragraph 278 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

279.    MTPD denies the allegations contained in Paragraph 279 of the Complaint,

including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

280.    MTPD denies the allegations contained in Paragraph 280 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

281.    MTPD denies the allegations contained in Paragraph 281 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

282.    MTPD denies the allegations contained in Paragraph 282 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  Further, the Order of the Court Dismissing in Part and Denying in Part Defendants' Motions to Dismiss, dated March 30, 2010, dismissed claims under the Rhode Island Unfair Trade Practices and Consumer Protection Act, Rhode Island Gen. Laws § 6-13.1-1, *et seq*.

283.    MTPD denies the allegations contained in Paragraph 283 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

D.    **"Fourth Claim for Relief:  Unjust Enrichment and Disgorgement of Profits"**

284.    MTPD incorporates and realleges its responses to Paragraphs 1-283 above, as if fully set forth herein.

285.    MTPD denies the allegations contained in Paragraph 285 of the Complaint, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

286.    The allegations contained in Paragraph 286 of the Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

Further, the Order of the Court Dismissing in Part and Denying in Part Defendants' Motions to Dismiss, dated March 30, 2010, dismissed Plaintiffs' unjust enrichment claims under Kansas' common law of unjust enrichment.

287.    MTPD admits that Plaintiffs purport to seek the relief stated therein with respect to disgorgement of any alleged profits and the establishment of a collective trust, but otherwise denies the allegations in Paragraph 287 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## XII.    "FRAUDULENT CONCEALMENT"

288.    MTPD denies the allegations contained in Paragraph 288 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

289.    MTPD denies the allegations contained in Paragraph 289 of the Complaint, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

290.    MTPD denies the allegations contained in Paragraph 290 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

291.    MTPD admits that Plaintiffs purport to toll the applicable statute of limitations, but otherwise denies the allegations in Paragraph 291 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## XIII.   "PRAYER FOR RELIEF"

MTPD denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of MTPD as alleged in the Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in each of the paragraphs and their subparts in the Complaint.

1
2

## XIV.   "JURY DEMAND"

3
4
5
6

The allegations contained under the heading "Jury Demand" contains no factual assertions for which a response is required.  To the extent that a response is required, MTPD denies the allegations contained under the heading "Jury Demand" in their entirety, except admits that Plaintiffs demand a trial by jury.

7
8
9
10

## DEFENSES

FURTHER, MTPD asserts the following defenses and affirmative defenses to the Complaint.  MTPD does not concede that it has the burden of proof on the defenses listed below:

## FIRST DEFENSE

11

(Failure to State a Claim for Relief)

12
13
14
15

Neither the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint nor any claim for relief asserted therein states facts sufficient to constitute a claim for relief against MTPD.

## SECOND DEFENSE

16

(Statute of Limitations)

17
18
19

The relief sought by Plaintiffs is barred, in whole or in part, by the applicable statutes of limitations.

## THIRD DEFENSE

20

(Actual and Proximate Injury)

21
22
23

The relief sought by Plaintiffs is barred, in whole or in part, because the Plaintiffs were not actually and proximately injured in their business or property by reason of any action(s) or omission(s) of MTPD.

24

## FOURTH DEFENSE

25

(No Damages)

26
27
28

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs and/or certain members of the putative classes have suffered no injury or damages as a result of

1
2
3
4

the matters alleged in the Complaint. To the extent that Plaintiffs and/or certain members of the putative classes purportedly suffered injury or damage, which MTPD specifically denies, MTPD further contends that any such purported injury or damage was not by reason of any act or omission of MTPD.

5
6

### FIFTH DEFENSE

(No Antitrust Injury)

7
8
9

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs and/or certain members of the putative classes have failed to allege "antitrust injury" – *i.e.*, injury that is of the type the antitrust laws were intended to remedy.

10
11

### SIXTH DEFENSE

(Speculative Damages)

12
13
14

The relief sought by Plaintiffs is barred, in whole or in part, because the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such alleged damages.

15
16

### SEVENTH DEFENSE

(Mitigation)

17
18
19

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to take appropriate and necessary steps to mitigate their alleged damages, if any.

20
21

### EIGHTH DEFENSE

(Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

22

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to allege fraud or fraudulent concealment with sufficient particularity.

23
24

### NINTH DEFENSE

(Failure to Plead Conspiracy with Particularity)

25
26

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to allege conspiracy with sufficient particularity.

27
28

**TENTH DEFENSE**

(Lack of Standing to Sue for Injuries Alleged)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs lack standing to sue for the injuries alleged in the complaint.  To the extent that Plaintiffs or members of the putative classes purchased products containing CRTs, as opposed to CRTs themselves, their alleged injuries are even more speculative, derivative, indirect, and remote.  Plaintiffs' damage claims create an impermissible risk of duplicative recoveries and complex damage apportionment.

**ELEVENTH DEFENSE**

(Lack of Class Status)

Plaintiffs' claims are not properly maintainable as a class action.

**TWELFTH DEFENSE**

(Due Process)

To the extent Plaintiffs' claims would result in MTPD paying damages to more than one claimant for the same alleged overcharges to customers, they are barred because such multiple liability would violate rights guaranteed to MTPD by the United States Constitution, including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth Amendment, and by applicable state law.

**THIRTEENTH DEFENSE**

(Other/Superseding Causation)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs' damages, if any, resulted from the acts or omissions of third parties over whom MTPD had no control or responsibility.  The acts of such third parties constitute intervening or superseding cases of harm, if any, suffered by Plaintiffs.

**FOURTEENTH DEFENSE**

(Waiver and Estoppel)

The relief sought by Plaintiffs is barred, in whole or in part, by the doctrines of

waiver and/or estoppel.

## FIFTEENTH DEFENSE

(Laches)

The relief sought by Plaintiffs is barred, in whole or in part, by the equitable doctrine of laches.

## SIXTEENTH DEFENSE

(Unclean Hands)

The relief sought by Plaintiffs is barred, in whole or in part, by the equitable doctrine of unclean hands.

## SEVENTEENTH DEFENSE

(Unjust Enrichment)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs and/or certain members of the putative classes would be unjustly enriched if they were allowed to recover any part of the damages alleged in the Complaint.

## EIGHTEENTH DEFENSE

(Adequate Remedy at Law)

The injunctive relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs and/or certain members of the putative classes have available an adequate remedy at law.

## NINETEENTH DEFENSE

(Comparative Fault)

The relief sought by Plaintiffs is barred, in whole or in part, because any and all injuries alleged in the Complaint, the fact and extent of which MTPD specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiffs, certain members of the putative classes, and/or third parties or entities, other than MTPD.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### TWENTIETH DEFENSE

(Acquiescence)

The relief sought by Plaintiffs is barred, in whole or in part, by Plaintiffs' and/or certain members of the putative classes acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to MTPD.

### TWENTY-FIRST DEFENSE

(No Detrimental Reliance)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs did not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

### TWENTY-SECOND DEFENSE

(Set Off)

Without admitting that Plaintiffs are entitled to recover damages in this matter, MTPD is entitled to set off from any recovery Plaintiffs may obtain against MTPD, any amount paid to Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

### TWENTY-THIRD DEFENSE

(Failure to State a Claim for Injunctive Relief)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to state a claim for injunctive relief insofar as Plaintiffs seek to enjoin alleged events that have already transpired without the requisite showing of threatened harm or continuing harm.

### TWENTY-FOURTH DEFENSE

(Lack of Jurisdiction)

The relief sought by Plaintiffs is barred, in whole or in part, because any alleged conduct of MTPD occurred outside of the jurisdiction of the Court.

### TWENTY-FIFTH DEFENSE

(Foreign Trade Antitrust Improvements Act)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs

have failed to make a single specific allegation to support the claim that the alleged conduct had "a direct, substantial, and reasonably foreseeable effect" on U.S. commerce giving rise to a Sherman Act claim, as required under the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. § 6a.

## TWENTY-SIXTH DEFENSE

(Foreign Conduct)

Plaintiffs' claims are barred to the extent that they are based on conduct beyond the territorial reach of the laws or courts of the United States.

## TWENTY-SEVENTH DEFENSE

(Damages Not Passed Through To Plaintiffs)

The relief sought by Plaintiffs is barred, in whole or in part, because any injury or damage alleged in the Complaint was not incurred by or passed on to Plaintiffs, or was incurred by or passed on to persons or entities other than Plaintiffs.

## TWENTY-EIGHTH DEFENSE

(Damages Passed On)

The relief sought by Plaintiffs is barred, in whole or in part, because any injury or damage alleged in the Complaint, which MTPD specifically denies, was passed on to persons or entities other than the Plaintiffs and/or was passed on by Plaintiffs to other parties.

## TWENTY-NINTH DEFENSE

(No Unreasonable Restraint Of Trade)

The relief sought by Plaintiffs is barred, in whole or in part, because the alleged conduct of MTPD did not unreasonably restrain trade.

## THIRTIETH DEFENSE

(Acts Outside The Jurisdiction)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent MTPD's alleged conduct occurred outside the jurisdiction of this Court and/or was neither directed to nor affected persons, entities, or commerce in the various States cited.

**THIRTY-FIRST DEFENSE**

(Restitution Unmanageable And Inequitable)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent the restitution sought in the Complaint is unmanageable and inequitable.

**THIRTY-SECOND DEFENSE**

(Lack of Standing as Indirect Purchasers)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent the various States cited have not repealed the *Illinois Brick* doctrine.

**THIRTY-THIRD DEFENSE**

(Unjust Enrichment Claims Barred)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent Plaintiffs have failed to exhaust all remedies against MTPD.

**THIRTY-FOURTH DEFENSE**

(Not Entitled To Seek Damages)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent Plaintiffs are not entitled to seek damages under the laws of the various States cited.

**THIRTY-FIFTH DEFENSE**

(Private Claim Cannot Be Brought In A Representative Capacity)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent a private claim may not be brought in a representative capacity under the laws of the various States cited.

**THIRTY-SIXTH DEFENSE**

(Failure to Allege Predicate Acts For Consumer Protection Claims)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent Plaintiffs have failed to allege predicate acts necessary to invoke application of the consumer protection laws of the various States cited.

**THIRTY-SEVENTH DEFENSE**

(Goods Not Purchased Primarily For Personal, Family, Or Household Purposes)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent that at least some Plaintiffs did not purchase goods primarily for personal, family, or household purposes.

## THIRTY-EIGHTH DEFENSE

### (Independent, Legitimate Business and Economic Justification)

The relief sought by Plaintiffs is barred, in whole or in part, because any conduct engaged in by MTPD was reasonable and based on independent, legitimate business and economic justification.

## THIRTY-NINTH DEFENSE

### (Improper Taking)

Any award of restitution or monetary recovery pursuant to California Business and Professions §§ 17200, *et seq.* would constitute a taking of property without just compensation in violation of the Takings Clause of the U.S. Constitution and of Article 1, Section 19 of the California Constitution.

## FORTIETH DEFENSE

### (Improper Remedy)

To the extent Plaintiffs seeks disgorgement of revenues and profits under the California Business and Professions §§ 17200, *et seq.* beyond any monies Plaintiffs directly paid to MTPD, if any, such remedy is not authorized by Section 17200, *et seq.*

## FORTY-FIRST DEFENSE

### (Attorneys' Fees)

Any award of attorneys' fees, based upon the conduct alleged in the Complaint, is not allowed under applicable federal or state law.

## INCORPORATION BY REFERENCE AND RESERVATION OF DEFENSES

MTPD hereby incorporates by reference, as if set forth fully herein, all other defenses and affirmative defenses to the Complaint alleged by any other defendant.  MTPD presently has insufficient knowledge or information on which to form a belief as to whether it

1

2   may have available additional, as yet unstated, defenses.  MTPD reserves the right to assert other

3   defenses and affirmative defenses as this action proceeds, the right to file an amended answer

4   asserting additional defenses or affirmative defenses, and/or file a cross-complaint, in the event

    that discovery indicates that such pleadings are appropriate.

5
            WHEREFORE, MTPD prays for judgment as follows:

6
        1.      That Plaintiffs take nothing under the Complaint, and the Complaint be

7
                dismissed with prejudice;

8
        2.      That judgment be entered in favor of MTPD and against Plaintiffs on

9
                each and every cause of action set forth in the Complaint;

10
        3.      That MTPD recover its costs of suit and attorneys' fees incurred herein;

11      and

12
        4.      That MTPD be granted such other and further relief as the Court deems

13
                just and proper.

14

15  Dated: April 29, 2010                  By:  ___/s/ David L. Yohai___

16                                          STEVEN A. REISS (*pro hac vice*)
                                            Email: steven.reiss@weil.com
17                                          DAVID L. YOHAI (*pro hac vice*)
                                            Email: david.yohai@weil.com
18                                          DAVID E. YOLKUT (*pro hac vice*)
                                            Email: david.yolkut@weil.com
19                                          **WEIL, GOTSHAL & MANGES LLP**
                                            767 Fifth Avenue
20                                          New York, New York 10153-0119
                                            Telephone:  (212) 310-8000
21                                          Facsimile:  (212) 310-8007

22
                                            GREGORY D. HULL (57367)
23                                          Email: greg.hull@weil.com
                                            **WEIL, GOTSHAL & MANGES LLP**
24                                          201 Redwood Shores Parkway
                                            Redwood Shores, California 94065-1175
25                                          Telephone: (650) 802-3000
                                            Facsimile: (650) 802-3100
26

27
                                            JEFFREY L. KESSLER (*pro hac vice*)
28                                          Email: jkessler@dl.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A. PAUL VICTOR (*pro hac vice*)
Email: pvictor@dl.com
**DEWEY & LEBOEUF LLP**
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-7013

PETER ROOT (142348)
Email: proot@dl.com
**DEWEY & LEBOEUF LLP**
1950 University Avenue
East Palo Alto, California 94303
Telephone: (650) 845-7000
Facsimile: (650) 845-7333

***Attorneys for Defendant MT Picture Display Co.,
Ltd.***