

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba America Consumer Products, L.L.C.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

IN RE: CATHODE RAY TUBE (CRT)

ANTITRUST LITIGATION

Case No. 07-5944 SC

MDL No. 1917

This Document Relates to:

DIRECT PURCHASER ACTIONS

**TOSHIBA AMERICA
CONSUMER PRODUCTS,
L.L.C.'S ANSWER TO DIRECT
PURCHASER PLAINTIFFS'
CONSOLIDATED AMENDED
COMPLAINT**

The Honorable Samuel Conti

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## I. INTRODUCTION

For its Answer to Direct Purchaser Plaintiffs' Consolidated Amended Complaint ("DP-CAC"), Defendant Toshiba America Consumer Products, L.L.C. ("TACP") states as follows:

1.      The allegations contained in Paragraph 1 consist of the Plaintiffs' characterization of their case, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations of Paragraph 1, except that TACP avers that it sold certain electronic devices containing color picture tubes during the Class Period.

2.      TACP lacks knowledge or information sufficient to form a belief as to the truth contained in the first sentence of Paragraph 2 and, therefore, denies this allegation. The phrase "CRT Product" in the second sentence of Paragraph 2 is vague and ill-defined and, as a result, TACP denies this allegation.

3.      TACP denies the allegations contained in Paragraph 3.

4.      TACP denies the allegations contained in Paragraph 4.

5.      TACP denies the allegations contained in Paragraph 5.

6.      TACP denies the allegations contained in Paragraph 6.

7.      TACP lacks knowledge or information sufficient to form a belief as to the truth contained in the first sentence of Paragraph 7 and, therefore, denies the allegation. The allegations in the second sentence of Paragraph 7 are reflected in the indictment of C.Y. Lin, which is the best evidence of its contents.

## II. JURISDICTION AND VENUE

8.      The allegations contained in Paragraph 8 consist of the Plaintiffs' characterization of their case, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations of Paragraph 8.

9.      The allegations contained in Paragraph 9 are legal conclusions, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 9.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

10.     The allegations contained in Paragraph 10 are legal conclusions, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 10.

### III. PARTIES

**A.    Plaintiffs**

11.     TACP lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 11 and, therefore, denies the allegations.

12.     TACP lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 12 and, therefore, denies the allegations.

13.     TACP lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 13 and, therefore, denies the allegations.

14.     TACP lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 14 and, therefore, denies the allegations.

15.     TACP lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 15 and, therefore, denies the allegations.

16.     TACP lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 16 and, therefore, denies the allegations.

17.     TACP lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 17 and, therefore, denies the allegations.

18.     TACP lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 18 and, therefore, denies the allegations.

19.     TACP lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 19 and, therefore, denies the allegations.

20.     TACP lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 20 and, therefore, denies the allegations.

21.     TACP lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 21 and, therefore, denies the allegations.

22.     TACP lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 22 and, therefore, denies the allegations.

23.     TACP lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 23 and, therefore, denies the allegations.

**B.     Defendants**

**Chunghwa Entities**

24.     Paragraph 24 relates to another Defendant.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and, therefore, denies the allegations.

25.     Paragraph 25 relates to another Defendant.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and, therefore, denies the allegations.

26.     Paragraph 26 consists of Plaintiffs' explanation of a defined term used in the DP-CAC, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 26.

**Daewoo Entities**

27.     Paragraph 27 relates to another Defendant.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, therefore, denies the allegations.

28.     Paragraph 28 relates to another Defendant.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, therefore, denies the allegations.

29.     Paragraph 29 consists of Plaintiffs' explanation of a defined term used in the DP-CAC, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 29.

**Hitachi Entities**

30.     Paragraph 30 relates to another Defendant.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

31.     Paragraph 31 relates to another Defendant.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and, therefore, denies the allegations.

32.     Paragraph 32 relates to another Defendant.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and, therefore, denies the allegations.

33.     Paragraph 33 relates to another Defendant.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and, therefore, denies the allegations.

34.     Paragraph 34 relates to another Defendant.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, therefore, denies the allegations.

35.     Paragraph 35 relates to another Defendant.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and, therefore, denies the allegations.

36.     Paragraph 36 consists of Plaintiffs' explanation of a defined term used in the DP-CAC, to which no response is required.   To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 36.

**Irico Entities**

37.     Paragraph 37 relates to another Defendant.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and, therefore, denies the allegations.

38.     Paragraph 38 relates to another Defendant.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and, therefore, denies the allegations.

39.     Paragraph 39 relates to another Defendant.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

40.     Paragraph 40 consists of Plaintiffs' explanation of a defined term used in the DP-CAC, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 40.

**LG Electronics Entities**

41.     Paragraph 41 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and, therefore, denies the allegations.

42.     Paragraph 42 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and, therefore, denies the allegations.

43.     Paragraph 43 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and, therefore, denies the allegations.

44.     Paragraph 44 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and, therefore, denies the allegations.

45.     Paragraph 45 consists of Plaintiffs' explanation of a defined term used in the DP-CAC, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 45.

**Panasonic Entities**

46.     Paragraph 46 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and, therefore, denies the allegations.

47.     Paragraph 47 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and, therefore, denies the allegations.

48.     Paragraph 48 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

49.     Paragraph 49 relates to another Defendant.    Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and, therefore, denies the allegations.

50.     Paragraph 50 consists of Plaintiffs' explanation of a defined term used in the DP-CAC, to which no response is required.    To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 50.

**Philips Entities**

51.     Paragraph 51 relates to another Defendant.    Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and, therefore, denies the allegations.

52.     Paragraph 52 relates to another Defendant.    Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and, therefore, denies the allegations.

53.     Paragraph 53 relates to another Defendant.    Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and, therefore, denies the allegations.

54.     Paragraph 54 relates to another Defendant.    Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and, therefore, denies the allegations.

55.     Paragraph 55 relates to another Defendant.    Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and, therefore, denies the allegations.

56.     Paragraph 56 relates to another Defendant.    Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and, therefore, denies the allegations.

57.     Paragraph 57 consists of Plaintiffs' explanation of a defined term used in the DP-CAC, to which no response is required.    To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 57.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1

**Samsung Entities**

2      58.      Paragraph 58 relates to another Defendant.   Accordingly, TACP lacks

3  knowledge or information sufficient to form a belief as to the truth of the allegations

4  contained in Paragraph 58 and, therefore, denies the allegations.

5      59.      Paragraph 59 relates to another Defendant.   Accordingly, TACP lacks

6  knowledge or information sufficient to form a belief as to the truth of the allegations

7  contained in Paragraph 59 and, therefore, denies the allegations.

8      60.      Paragraph 60 relates to another Defendant.   Accordingly, TACP lacks

9  knowledge or information sufficient to form a belief as to the truth of the allegations

10  contained in Paragraph 60 and, therefore, denies the allegations.

11      61.      Paragraph 61 relates to another Defendant.   Accordingly, TACP lacks

12  knowledge or information sufficient to form a belief as to the truth of the allegations

13  contained in Paragraph 61 and, therefore, denies the allegations.

14      62.      Paragraph 62 relates to another Defendant.   Accordingly, TACP lacks

15  knowledge or information sufficient to form a belief as to the truth of the allegations

16  contained in Paragraph 62 and, therefore, denies the allegations.

17      63.      Paragraph 63 relates to another Defendant.   Accordingly, TACP lacks

18  knowledge or information sufficient to form a belief as to the truth of the allegations

19  contained in Paragraph 63 and, therefore, denies the allegations.

20      64.      Paragraph 64 relates to another Defendant.   Accordingly, TACP lacks

21  knowledge or information sufficient to form a belief as to the truth of the allegations

22  contained in Paragraph 64 and, therefore, denies the allegations.

23      65.      Paragraph 65 relates to another Defendant.   Accordingly, TACP lacks

24  knowledge or information sufficient to form a belief as to the truth of the allegations

25  contained in Paragraph 65 and, therefore, denies the allegations.

26      66.      Paragraph 66 relates to another Defendant.   Accordingly, TACP lacks

27  knowledge or information sufficient to form a belief as to the truth of the allegations

28  contained in Paragraph 66 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

67.     Paragraph 67 consists of Plaintiffs' explanation of a defined term used in the DP-CAC, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 67.

**Samtel**

68.     Paragraph 68 relates to another Defendant.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 and, therefore, denies the allegations.

**Tatung Company of America, Inc.**

69.     Paragraph 69 relates to another Defendant.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 and, therefore, denies the allegations.

**Thai CRT**

70.     Paragraph 70 relates to another Defendant.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 and, therefore, denies the allegations.

**Toshiba Entities**

71.     Paragraph 71 relates to another Defendant.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 and, therefore, denies the allegations, except TACP admits the allegations contained in the first sentence of Paragraph 71.

72.     Paragraph 72 relates to another Defendant.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 and, therefore, denies the allegations, except TACP admits the allegations contained in the first sentence of Paragraph 72.

73.     TACP admits the allegations contained in the first sentence of Paragraph 73 and denies the remaining allegations contained in Paragraph 73.  TACP avers that its business address is 82 Totowa Road, Wayne, NJ, 07470-3114.  TACP avers that it sold certain electronic devices containing color picture tubes during the Class Period.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

74.     Paragraph 74 relates to Toshiba America Consumer Products, Inc., which became TACP in 2003.  TACP denies the allegations contained in Paragraph 74.

75.     Paragraph 75 relates to another Defendant.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 and, therefore, denies the allegations, except that TACP avers that the business address of Toshiba America Electronic Components, Inc. is 19900 MacArthur Boulevard, Suite 400, Irvine, CA  92612.

76.     Paragraph 76 relates to another Defendant.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and, therefore, denies the allegations, except TACP avers that the business address of Toshiba America Information Systems, Inc. is 9740 Irvine Boulevard, Irvine, CA 92618-1697.

77.     Paragraph 77 relates to another Defendant.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 and, therefore, denies the allegations.

78.     Paragraph 78 consists of Plaintiffs' explanation of a defined term used in the DP-CAC, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 78.

**Joint Ventures**

79.     Paragraph 79 relates to another Defendant.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 and, therefore, denies the allegations.

80.     Paragraph 80 relates to another Defendant.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and, therefore, denies the allegations.

## IV.  AGENTS AND CO-CONSPIRATORS

81.     TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and, therefore, denies the allegations.

82.     Paragraph 82 consists of Plaintiffs' characterization of their claim, to which no response is required.  If a response is deemed required, TACP denies the allegations contained in Paragraph 82.

83.     Paragraph 83 consists of a legal conclusion to which no response is required. To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 83.

84.     TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 and, therefore, denies the allegations.

## V.  CLASS ACTION ALLEGATIONS

85.     Paragraph 85 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  If a response is deemed required, TACP denies the allegations contained in Paragraph 85.

86.     Paragraph 86 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  If a response is deemed required, TACP denies the allegations contained in Paragraph 86.

87.     Paragraph 87 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  If a response is deemed required, TACP denies the allegations contained in Paragraph 87.

88.     Paragraph 88 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  If a response is deemed required, TACP denies the allegations contained in Paragraph 88.

89.     Paragraph 89 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  If a response is deemed required, TACP denies the allegations contained in Paragraph 89.

90.     Paragraph 90 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  If a response is deemed required, TACP denies the allegations contained in Paragraph 90.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

91.     Paragraph 91 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  If a response is deemed required, TACP denies the allegations contained in Paragraph 91.

92.     Paragraph 92 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  If a response is deemed required, TACP denies the allegations contained in Paragraph 92.

93.     Paragraph 93 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  If a response is deemed required, TACP denies the allegations contained in Paragraph 93.

94.     Paragraph 94 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  If a response is deemed required, TACP denies the allegations contained in Paragraph 94.

95.     Paragraph 95 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  If a response is deemed required, TACP denies the allegations contained in Paragraph 95.

## VI.  TRADE AND COMMERCE

96.     TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 and, therefore, denies the allegations.

97.     TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 and, therefore, denies the allegations.

98.     TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and, therefore, denies the allegations.

## VII.  FACTUAL ALLEGATIONS

**A.    CRT Technology and Products**

99.     TACP admits the allegations contained in Paragraph 99 of the DP-CAC.

100.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and, therefore, denies the allegations.

101.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and, therefore, denies the allegations.

102.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and, therefore, denies the allegations.

103.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 and, therefore, denies the allegations.

104.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 and, therefore, denies the allegations.

105.    TACP admits the allegations contained in the second and fourth sentences of Paragraph 105.  TACP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 105 and, therefore, denies the allegations.

106.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 and, therefore, denies the allegations.

107.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 and, therefore, denies the allegations.

108.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 and, therefore, denies the allegations.

109.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 and, therefore, denies the allegations.

110.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 and, therefore, denies the allegations.

111.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 and, therefore, denies the allegations.

**B.    Oligopolistic Nature of the CRT Industry**

112.    To the extent that the allegations contained in Paragraph 112 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 112 are directed to TACP, TACP denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

113.    To the extent that the allegations contained in Paragraph 113 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 113 are directed to TACP, TACP denies these allegations, except that TACP is generally aware that Toshiba Corporation transferred its CRT business to a new entity called Matsushita Toshiba Picture Display Co., Ltd. ("MTPD") on March 31, 2003.

114.    To the extent that the allegations contained in Paragraph 114 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 114 are directed to TACP, TACP denies these allegations.

115.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 and, therefore, denies the allegations.

116.    To the extent that the allegations contained in Paragraph 116 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 116 are directed to TACP, TACP denies these allegations.

117.    Paragraph 117 relates to other Defendants and/or third parties.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 and, therefore, denies these allegations.

118.    Paragraph 118 relates to other Defendants and/or third parties.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 and, therefore, denies these allegations.

119.    Paragraph 119 relates to other Defendants and/or third parties.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 and, therefore, denies these allegations.

120.    To the extent that the allegations contained in Paragraph 120 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 120 are directed to TACP, TACP denies these allegations.

121.    To the extent that the allegations contained in Paragraph 121 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 121 are directed to TACP, TACP denies these allegations, except that TACP is generally aware that Toshiba Corporation participated in the formation of a new entity for the manufacture of CPTs with Orion Electric of South Korea, Sumitomo Corporation, and P.T. Tabung Gambar Indonesia.

**C.    International Antitrust Investigations**

122.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 and, therefore, denies these allegations.

123.    To the extent that the allegations contained in Paragraph 123 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 123 are directed to TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

124.    To the extent that Paragraph 124 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 124 may be deemed to require a response from TACP, TACP denies these allegations.

125.    To the extent that Paragraph 125 consists of purported statements by government authorities, news reports, and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

allegations contained in Paragraph 125 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 125 are directed to TACP, TACP denies these allegations, except that TACP is generally aware that the United States' investigation of the CRT industry is being conducted by the DOJ's Antitrust Division's office in the Northern District of California.

126.  To the extent that Paragraph 126 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 126 may be deemed to require a response from TACP, TACP denies these allegations.

127.  TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 and, therefore, denies these allegations.

128.  To the extent that Paragraph 128 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 128 may be deemed to require a response from TACP, TACP denies these allegations.

129.  To the extent that Paragraph 129 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  Paragraph 129 relates to other Defendants and/or third parties.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 and, therefore, denies these allegations.

130.  To the extent that Paragraph 130 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  Paragraph 130 relates to other Defendants and/or third parties.  Accordingly, TACP lacks knowledge or information sufficient to form a

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

belief as to the truth of the allegations contained in Paragraph 130 and, therefore, denies these allegations.

131.    To the extent that Paragraph 131 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  Paragraph 131 relates to other Defendants and/or third parties.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 and, therefore, denies these allegations.

132.    To the extent that Paragraph 132 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  Paragraph 132 relates to other Defendants and/or third parties.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 and, therefore, denies these allegations.

133.    To the extent that Paragraph 133 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  Paragraph 133 relates to other Defendants and/or third parties.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 and, therefore, denies these allegations.

**D.    Collusive Contacts, Meetings, And Agreements Among Members of the CRT Products Industry**

134.    To the extent that the allegations contained in Paragraph 134 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 134 are directed to TACP, TACP denies these allegations.

135.    To the extent that the allegations contained in Paragraph 135 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 135 are directed to TACP, TACP denies these allegations.

136.    To the extent that the allegations contained in Paragraph 136 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 136 are directed to TACP, TACP denies these allegations.

137.    To the extent that the allegations contained in Paragraph 137 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 137 are directed to TACP, TACP denies these allegations.

138.    To the extent that the allegations contained in Paragraph 138 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 138 are directed to TACP, TACP denies these allegations.

139.    To the extent that the allegations contained in Paragraph 139 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 139 are directed to TACP, TACP denies these allegations.

140.    To the extent that the allegations contained in Paragraph 140 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 140 are directed to TACP, TACP denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1    141.   To the extent that the allegations contained in Paragraph 141 relate to other

2   Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a

3   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

4   extent that the allegations contained in Paragraph 141 are directed to TACP, TACP denies

5   these allegations.

6    142.   To the extent that the allegations contained in Paragraph 142 relate to other

7   Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a

8   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

9   extent that the allegations contained in Paragraph 142 are directed to TACP, TACP denies

10   these allegations.

11    143.   To the extent that the allegations contained in Paragraph 143 relate to other

12   Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a

13   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

14   extent that the allegations contained in Paragraph 143 are directed to TACP, TACP denies

15   these allegations.

16    144.   To the extent that the allegations contained in Paragraph 144 relate to other

17   Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a

18   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

19   extent that the allegations contained in Paragraph 144 are directed to TACP, TACP denies

20   these allegations.

21    145.   To the extent that the allegations contained in Paragraph 145 relate to other

22   Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a

23   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

24   extent that the allegations contained in Paragraph 145 are directed to TACP, TACP denies

25   these allegations.

26    146.   To the extent that the allegations contained in Paragraph 146 relate to other

27   Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a

28   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

1    extent that the allegations contained in Paragraph 146 are directed to TACP, TACP denies

2    these allegations.

3        147.    To the extent that the allegations contained in Paragraph 147 relate to other

4    Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a

5    belief as to the truth of these allegations and, therefore, denies these allegations.  To the

6    extent that the allegations contained in Paragraph 147 are directed to TACP, TACP denies

7    these allegations.

8        148.    To the extent that the allegations contained in Paragraph 148 relate to other

9    Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a

10   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

11   extent that the allegations contained in Paragraph 148 are directed to TACP, TACP denies

12   these allegations.

13       149.    To the extent that the allegations contained in Paragraph 149 relate to other

14   Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a

15   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

16   extent that the allegations contained in Paragraph 149 are directed to TACP, TACP denies

17   these allegations.

18       150.    To the extent that the allegations contained in Paragraph 150 relate to other

19   Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a

20   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

21   extent that the allegations contained in Paragraph 150 are directed to TACP, TACP denies

22   these allegations.

23       151.    To the extent that the allegations contained in Paragraph 151 relate to other

24   Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a

25   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

26   extent that the allegations contained in Paragraph 151 are directed to TACP, TACP denies

27   these allegations.

28       152.    To the extent that the allegations contained in Paragraph 152 relate to other

Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 152 are directed to TACP, TACP denies these allegations.

153.   To the extent that the allegations contained in Paragraph 153 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 153 are directed to TACP, TACP denies these allegations.

**E.     Summary of Specific Defendant Participation In Unlawful Meetings And Agreements**

154.   To the extent that Paragraph 154 consists of Plaintiffs' explanation of a defined term used in the DP-CAC, no response is required.  To the extent that the allegations contained in Paragraph 154 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 154 may be deemed to require a response from TACP, TACP denies these allegations.

155.   Paragraph 155 relates to other Defendants and/or third parties to this action. Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 and, therefore, denies these allegations.

156.   Paragraph 156 relates to other Defendants and/or third parties to this action. Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 and, therefore, denies these allegations.

157.   Paragraph 157 relates to other Defendants and/or third parties to this action. Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157 and, therefore, denies these allegations.

158.   Paragraph 158 relates to other Defendants and/or third parties to this action. Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

To the extent that the allegations contained in Paragraph 158 are directed to TACP, TACP denies these allegations.

159.    Paragraph 159 relates to other Defendants and/or third parties to this action. Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 and, therefore, denies these allegations.

160.    Paragraph 160 relates to other Defendants and/or third parties to this action. Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160 and, therefore, denies these allegations.

161.    Paragraph 161 relates to other Defendants and/or third parties to this action. Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 161 are directed to TACP, TACP denies these allegations.

162.    Paragraph 162 relates to other Defendants and/or third parties to this action. Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 and, therefore, denies these allegations.

163.    Paragraph 163 relates to other Defendants and/or third parties to this action. Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 163 are directed to TACP, TACP denies these allegations.

164.    Paragraph 164 relates to other Defendants and/or third parties to this action. Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164 and, therefore, denies these allegations.

165.    Paragraph 165 relates to other Defendants and/or third parties to this action. Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165 and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 165 are directed to TACP, TACP denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

166.     Paragraph 166 relates to other Defendants and/or third parties to this action. Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 and, therefore, denies these allegations.

167.     Paragraph 167 relates to other Defendants and/or third parties to this action. Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167 and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 167 are directed to TACP, TACP denies these allegations.

168.     Paragraph 168 relates to other Defendants and/or third parties to this action. Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168 and, therefore, denies these allegations.

169.     Paragraph 169 relates to other Defendants and/or third parties to this action. Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169 and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 169 are directed to TACP, TACP denies these allegations.

170.     Paragraph 170 relates to other Defendants and/or third parties to this action. Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170 and, therefore, denies these allegations.

171.     To the extent that the allegations contained in Paragraph 171 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 171 are directed to TACP, TACP denies these allegations.

172.     To the extent that the allegations contained in Paragraph 172 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 172 are directed to TACP, TACP denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

173.     Paragraph 173 relates to other Defendants and/or third parties to this action. Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 and, therefore, denies these allegations.

174.     Paragraph 174 relates to other Defendants and/or third parties to this action. Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174 and, therefore, denies these allegations.

175.     Paragraph 175 relates to other Defendants and/or third parties to this action. Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 and, therefore, denies these allegations

**F.     Use of Trade Associations And Trade Events To Facilitate The Conspiracy**

176.     Paragraph 176 relates to other Defendants and/or third parties to this action. Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 176 are directed to TACP, TACP denies these allegations.

177.     Paragraph 177 relates to other Defendants and/or third parties to this action. Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177 and, therefore, denies these allegations.

178.     Paragraph 178 relates to other Defendants and/or third parties to this action. Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178 and, therefore, denies these allegations.

179.     To the extent that the allegations contained in Paragraph 179 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 179 are directed to TACP, TACP denies these allegations.

180.     To the extent that the allegations contained in Paragraph 180 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  extent that the allegations contained in Paragraph 180 are directed to TACP, TACP denies

2  these allegations.

3  **G.   Effects of Defendants' Antitrust Violations**

4  **1.   Examples of Reductions in Manufacturing Capacity by Defendants**

5  181.   To the extent that the allegations contained in Paragraph 181 relate to other

6  Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a

7  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

8  extent that the allegations contained in Paragraph 181 are directed to TACP, TACP denies

9  these allegations.

10  182.   Paragraph 182 relates to other Defendants and/or third parties to this action.

11  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the

12  truth of the allegations contained in Paragraph 182 and, therefore, denies these allegations.

13  183.   Paragraph 183 relates to other Defendants and/or third parties to this action.

14  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the

15  truth of the allegations contained in Paragraph 183 and, therefore, denies these allegations.

16  184.   Paragraph 184 relates to other Defendants and/or third parties to this action.

17  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the

18  truth of the allegations contained in Paragraph 184 and, therefore, denies these allegations.

19  185.   Paragraph 185 relates to other Defendants and/or third parties to this action.

20  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the

21  truth of the allegations contained in Paragraph 185 and, therefore, denies these allegations.

22  186.   Paragraph 186 relates to other Defendants and/or third parties to this action.

23  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the

24  truth of the allegations contained in Paragraph 186 and, therefore, denies these allegations.

25  187.   To the extent that the allegations contained in Paragraph 187 relate to other

26  Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a

27  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

28  extent that the allegations contained in Paragraph 187 are directed to TACP, TACP denies

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

these allegations, except that TACP is generally aware that Toshiba sold its interest in MTPD.

## 2.   Examples of Collusive Pricing for CRT Products

188.   To the extent that Paragraph 188 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 188 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 188 may be deemed to require a response from TACP, TACP denies these allegations.

189.   Paragraph 189 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 189 may be deemed to require a response from TACP, TACP denies these allegations.

190.   To the extent that the allegations contained in Paragraph 190 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 190 are directed to TACP, TACP denies these allegations.

191.   To the extent that Paragraph 191 consists of purported statements in news reports, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 191 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 191 may be deemed to require a response from TACP, TACP denies these allegations.

192.   To the extent that Paragraph 192 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 192

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 192 may be deemed to require a response from TACP, TACP denies these allegations.

193.    To the extent that the allegations contained in Paragraph 193 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 193 are directed to TACP, TACP denies these allegations.

194.    To the extent that Paragraph 194 consists of purported statements in news reports, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 194 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 194 may be deemed to require a response from TACP, TACP denies these allegations.

195.    Paragraph 195 relates to other Defendants and/or third parties to this action.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195 and, therefore, denies these allegations.

196.    To the extent that Paragraph 196 consists of purported statements in news reports, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 196 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 196 may be deemed to require a response from TACP, TACP denies these allegations.

197.    To the extent that the allegations contained in Paragraph 197 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

extent that the allegations contained in Paragraph 197 are directed to TACP, TACP denies these allegations.

## H.    Summary Of Effects Of The Conspiracy Involving CRT Products

198.    Paragraph 198 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that Paragraph 198 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

199.    Paragraph 199 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that Paragraph 199 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## I.    Fraudulent Concealment

200.    Paragraph 200 contains Plaintiffs' characterization of their claims and legal conclusions and, therefore, no response is required.  To the extent that the allegations contained in Paragraph 200 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 200 are directed to TACP, TACP denies these allegations.

201.    Paragraph 201 contains Plaintiffs' characterization of their claims and legal conclusions and, therefore, no response is required.  To the extent that the allegations contained in Paragraph 201 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 201 are directed to TACP, TACP denies these allegations.

202.    To the extent that Paragraph 202 contains Plaintiffs' characterization of their claims and legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 202 relate to other Defendants and/or third parties, TACP lacks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1 knowledge or information sufficient to form a belief as to the truth of these allegations and,
2 therefore, denies these allegations.   To the extent that the allegations contained in
3 Paragraph 202 are directed to TACP, TACP denies these allegations.

4      203.   To the extent that Paragraph 203 contains Plaintiffs' characterization of their
5 claims and legal conclusions, no response is required.   To the extent that the allegations
6 contained in Paragraph 203 relate to other Defendants and/or third parties, TACP lacks
7 knowledge or information sufficient to form a belief as to the truth of these allegations and,
8 therefore, denies these allegations.   To the extent that the allegations contained in
9 Paragraph 203 are directed to TACP, TACP denies these allegations.

10      204.   To the extent that Paragraph 204 contains Plaintiffs' characterization of their
11 claims and legal conclusions, no response is required.   To the extent that the allegations
12 contained in Paragraph 204 relate to other Defendants and/or third parties, TACP lacks
13 knowledge or information sufficient to form a belief as to the truth of these allegations and,
14 therefore, denies these allegations.   To the extent that the allegations contained in
15 Paragraph 204 are directed to TACP, TACP denies these allegations.

16      205.   To the extent that the allegations contained in Paragraph 205 relate to other
17 Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a
18 belief as to the truth of these allegations and, therefore, denies these allegations.   To the
19 extent that the allegations contained in Paragraph 205 are directed to TACP, TACP denies
20 these allegations.

21      206.   To the extent that the allegations contained in Paragraph 206 relate to other
22 Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a
23 belief as to the truth of these allegations and, therefore, denies these allegations.   To the
24 extent that the allegations contained in Paragraph 206 are directed to TACP, TACP denies
25 these allegations.

26      207.   To the extent that the allegations contained in Paragraph 207 relate to other
27 Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a
28 belief as to the truth of these allegations and, therefore, denies these allegations.   To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

extent that the allegations contained in Paragraph 207 are directed to TACP, TACP denies these allegations.

208.     To the extent that the allegations contained in Paragraph 208 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 208 are directed to TACP, TACP denies these allegations.

209.     To the extent that the allegations contained in Paragraph 209 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 209 are directed to TACP, TACP denies these allegations.

210.     To the extent that the allegations contained in Paragraph 210 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 210 are directed to TACP, TACP denies these allegations.

211.     Paragraph 211 contains Plaintiffs' characterization of their claims and legal conclusions and, therefore, no response is required.  To the extent that the allegations contained in Paragraph 211 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 211 are directed to TACP, TACP denies these allegations.

212.     Paragraph 212 contains Plaintiffs' characterization of their claims and legal conclusions and, therefore, no response is required.  To the extent that the allegations contained in Paragraph 212 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 212 are directed to TACP, TACP denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## VIII.  CLAIM FOR VIOLATIONS OF 15 U.S.C. § 1

213.    TACP hereby incorporates by reference its responses to Paragraphs 1-212 of the DP-CAC as set forth above.

214.    Paragraph 214 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that Paragraph 214 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

215.    Paragraph 215 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that Paragraph 215 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

216.    Paragraph 216 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that Paragraph 216 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

217.    Paragraph 217 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that Paragraph 217 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

218.    Paragraph 218 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that Paragraph 218 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

219.    Paragraph 219 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that Paragraph 219 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

220.    Paragraph 220 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that Paragraph 220 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

221.    Paragraph 221 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that Paragraph 221 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

### IX.  DAMAGES

222.    TACP denies that Plaintiffs are entitled to any damages whatsoever against TACP.

### X.  PRAYER FOR RELIEF

In answer to the Prayer for Relief, TACP denies each and every allegation in the Prayer and further specifically denies that Plaintiffs are entitled to any of the relief requested or any remedy whatsoever against TACP.

All allegations of the DP-CAC not heretofore admitted or denied are here and now denied as though specifically denied herein.

### DEFENSES/AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, TACP asserts the following separate and additional defenses:

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

**FIRST DEFENSE**

2       The conduct alleged to provide a basis for the claims of Plaintiffs and any putative
3   class members did not have a direct, substantial and reasonably foreseeable effect on trade
4   or commerce with the United States.  The Court, therefore lacks subject matter jurisdiction
5   of the claims of Plaintiffs and any putative class members.  The Court also lacks subject
6   matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

7

**SECOND DEFENSE**

8       Plaintiffs' claims and claims of any putative class members are barred, in whole or in
9   part, by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

10

**THIRD DEFENSE**

11      The DP-CAC fails to state a claim upon which relief can be granted.

12

**FOURTH DEFENSE**

13      Plaintiffs' claims are barred in whole or part because the DP-CAC fails to plead
14   conspiracy with particularity required under applicable law.

15

**FIFTH DEFENSE**

16      Plaintiffs, and each of them, have failed to plead fraudulent concealment with the
17   particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

18

**SIXTH DEFENSE**

19      The DP-CAC should be dismissed on grounds of *forum non conveniens*.

20

**SEVENTH DEFENSE**

21      Plaintiffs' claims and claims of any putative class members against TACP are barred
22   to the extent that they have agreed to arbitration or chosen a different forum for the
23   resolution of their claims.

24

**EIGHTH DEFENSE**

25      Plaintiffs' claims and claims of any putative class members are barred, in whole or in
26   part, because they cannot be maintained as a class action.

27

**NINTH DEFENSE**

28      The relief sought by Plaintiffs, and each of them, is barred because the named
Plaintiffs are not proper class representatives.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**TENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure because they did not arise out of the same transaction, occurrence or series of transactions or occurrences and/or do not involve questions of law or fact common to all Defendants.

**ELEVENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because Plaintiffs, and each of them, lack standing to bring or maintain the claims set forth in the DP-CAC.

**TWELFTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, to the extent that they did not purchase CRTs directly from Defendants, because they are indirect purchasers and barred from maintaining an action under 15 U.S.C. § 1 for alleged injuries in that capacity.

**THIRTEENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because Plaintiffs, and each of them, have suffered no antitrust injury.

**FOURTEENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by applicable statutes of limitations, including 15 U.S.C. § 15b.

**FIFTEENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the doctrine of waiver.

**SIXTEENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the doctrine of estoppel.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the doctrine of laches.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**EIGHTEENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because no Plaintiff has been injured in its business or property by reason of any act of TACP.

**NINETEENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of TACP and/or were caused, if at all, solely and proximately by the conduct of third parties including, without limitations, the prior, intervening or superseding conduct of such third parties.

**TWENTIETH DEFENSE**

To the extent that any actionable conduct occurred, Plaintiffs' claims and claims of any putative class members against TACP are barred because all such conduct would have been committed by individuals acting *ultra vires*.

**TWENTY-FIRST DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no damages as a result of any actions taken by TACP and/or the other Defendants.

**TWENTY-SECOND DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

**TWENTY-THIRD DEFENSE**

Plaintiffs and any putative class members are barred from recovery of any damages because of and to the extent of their failure to mitigate damages.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any actions or practices of TACP that are subject of the DP-CAC were undertaken unilaterally for legitimate business reasons and in pursuit of TACP's

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   independent interests and those of its customers, and were not the product of any contract,

2   combination or conspiracy between TACP and any other person or entity.

3   ### TWENTY-FIFTH DEFENSE

4   Plaintiffs' claims and claims of any putative class members are barred, in whole or in

5   part, because any acts or practices of TACP that are the subject of the DP-CAC were

6   adopted in furtherance of legitimate business interests of TACP and of its customers and

7   did not unreasonably restrain competition.

8   ### TWENTY-SIXTH DEFENSE

9   Plaintiffs' claims and claims of any putative class members are barred, in whole or in

10  part, because any acts or practices of TACP that are the subject of the DP-CAC were cost

11  justified or otherwise economically justified and resulted from a good-faith effort to meet

12  competition or market conditions.

13  ### TWENTY-SEVENTH DEFENSE

14  Plaintiffs' claims and claims of any putative class members are barred, in whole or in

15  part, as premised upon privileged conduct or actions by TACP.

16  ### TWENTY-EIGHTH DEFENSE

17  Plaintiffs' claims and claims of any putative class members are barred, in whole or in

18  part, because the alleged conduct complained of was caused by, due to, based upon, or in

19  response to directives, laws, regulations, policies and/or acts of governments, governmental

20  agencies and entities and/or regulatory agencies, and as such is non-actionable or

21  privileged.

22  ### TWENTY-NINTH DEFENSE

23  Plaintiffs' claims and claims of any putative class members are barred, in whole or in

24  part, because, as indirect purchasers of CRTs, they fail to meet their burden of proving that

25  they were damaged in fact by the conduct of which complaint is here made, including the

26  burden of proving that any so-called overcharge of which complaint is made was not

27  absorbed in whole or in part by direct purchasers or by other third parties, and was passed

28  through to the Plaintiffs.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1                                           **THIRTIETH DEFENSE**

2      Plaintiffs' claims and claims of any putative class members are barred, in whole or in

3 part, because, as indirect purchasers of CRTs, they fail to meet their burden of proving that

4 they were damaged in fact by the conduct of which complaint is here made, including the

5 burden of proving that any so-called overcharge of which complaint is made and which

6 was not absorbed by predecessors to the Plaintiffs in the chain of distribution was not

7 passed on to a third party.

8                                      **THIRTY-FIRST DEFENSE**

9      Plaintiffs' claims and claims of any putative class members are barred, in whole or in

10 part, to the extent they seek improper multiple damage awards, and damage awards

11 duplicative of those sought in other actions, in violation of the Due Process guarantees of

12 the Fifth and Fourteenth Amendments of the United States Constitution.

13                                 **THIRTY-SECOND DEFENSE**

14      Plaintiffs' claims and claims of any putative class members are barred, in whole or in

15 part, by the equitable doctrine of unclean hands.

16                              **THIRTY-THIRD DEFENSE**

17      Plaintiffs' claims and claims of any putative class members are barred, in whole or in

18 part, by the doctrine of accord and satisfaction.

19                          **THIRTY-FOURTH DEFENSE**

20      Without admitting the existence of any contract, combination or conspiracy in

21 restraint of trade, TACP contends that it is entitled to set off any amounts paid to Plaintiffs

22 by any Defendants other than TACP who have settled, or do settle, Plaintiffs' claims

23 against them in this action.

24                            **THIRTY-FIFTH DEFENSE**

25      Plaintiffs' claims and claims of any putative class members for injunctive relief are

26 barred, in whole or in part, insofar as Plaintiffs seek to enjoin alleged events that have

27 already transpired without the requisite showing of threatened future harm or continuing

28 harm.

1

**THIRTY-SIXTH DEFENSE**

2      TACP adopts by reference any applicable defense pleaded by any other Defendant

3  not otherwise expressly set forth herein.

4

**THIRTY-SEVENTH DEFENSE**

5      TACP reserves the right to assert other defenses as this action proceeds up to and

6  including the time of trial.

7

**TACP'S PRAYER FOR RELIEF**

8      WHEREFORE, TACP prays for judgment as follows:

9      1.  That Plaintiffs take nothing by reason of the DP-CAC, and that the action be

10  dismissed with prejudice;

11      2.  That the Court enter judgment in favor of TACP and against Plaintiffs with respect

12  to all causes of action in the DP-CAC;

13      3.  That the Court award TACP its attorneys' fees and other costs reasonably incurred

14  in the defense of this action; and

15      4.  That the Court order such other further relief for TACP as the Court may deem

16  just and proper.

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    Dated:  April 29, 2010                    Respectfully submitted,

2                                              **WHITE & CASE** LLP

3

4                                              By:   /s/ Christopher M. Curran
                                                     Christopher M. Curran (*pro hac vice*)
5                                                    ccurran@whitecase.com
                                                     George L. Paul (*pro hac vice*)
6                                                    gpaul@whitecase.com
                                                     Lucius B. Lau (*pro hac vice*)
7                                                    alau@whitecase.com
                                                     701 Thirteenth Street, N.W.
8                                                    Washington, DC  20005
                                                     tel.: (202) 626-3600
9                                                    fax: (202) 639-9355
10

11                                             *Counsel to Defendant*
                                               *Toshiba America Consumer Products, L.L.C.*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2      On April 29, 2010, I caused a copy of the "TOSHIBA AMERICA CONSUMER

3 PRODUCTS, L.L.C.'S ANSWER TO DIRECT PURCHASER PLAINTIFFS'

4 CONSOLIDATED AMENDED COMPLAINT" to be served via ECF on the other parties

5 in this action.

6

7

8      By:   /s/ Christopher M. Curran

9             Christopher M. Curran (*pro hac vice*)

10

11

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28