Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba America Consumer Products, L.L.C.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC MDL No. 1917 |
| This Document Relates to:<br><br>INDIRECT PURCHASER ACTIONS | **TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S ANSWER TO INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT**<br><br>The Honorable Samuel Conti |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.  **INTRODUCTION**

For its Answer to Indirect Purchaser Plaintiff' Consolidated Amended Complaint ("IP-CAC"), Defendant Toshiba America Consumer Products, L.L.C. ("TACP") states as follows:

1.      The allegations contained in the first sentence of Paragraph 1 consist of the Plaintiffs' characterization of their case, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations of the first sentence of Paragraph 1.  To the extent that the allegations contained in the second and third sentences of Paragraph 1 relate to other Defendants, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in the second and third sentences of Paragraph 1 are directed to TACP, TACP denies these allegations.

2.      To the extent that the allegations contained in Paragraph 2 relate to other Defendants, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 2 are directed to TACP, TACP denies these allegations.

3.      To the extent that the allegations contained in Paragraph 3 relate to other Defendants, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 3 are directed to TACP, TACP denies these allegations.

4.      TACP admits the allegations in the first sentence of Paragraph 4, but denies that the referenced competition authorities are investigating a "global conspiracy" covering "CRT Products" for lack of information sufficient to form a belief as to the truth of this allegation.  The allegations in the second and third sentences of Paragraph 4 are reflected in the indictment of C.Y. Lin, which is the best evidence of its contents.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## II. **JURISDICTION AND VENUE**

5.     The allegations contained in Paragraph 5 consist of the Plaintiffs' characterization of their case, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations of Paragraph 5.

6.     The allegations contained in Paragraph 6 are legal conclusions to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations of Paragraph 6.

7.     The allegations contained in Paragraph 7 are legal conclusions to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations of Paragraph 7.

8.     The allegations contained in Paragraph 8 are legal conclusions to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations of Paragraph 8.

9.     TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations contained in Paragraph 9 and, therefore, denies these allegations.

10.     To the extent that the allegations contained in Paragraph 10 relate to other Defendants, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in the second and third sentences of Paragraph 10 are directed to TACP, TACP denies these allegations.

11.     Paragraph 11 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that Paragraph 11 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

12.     Paragraph 12 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that Paragraph 12 may be deemed to require a response from TACP, TACP lacks knowledge or information

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1 sufficient to form a belief as to the truth of these allegations and, therefore, denies these

2 allegations.

3 ### III.  **DEFINITIONS**

4 13.     TACP admits the allegations contained in Paragraph 13 of the IP-CAC.

5 14.     TACP denies the allegations contained in Paragraph 14 of the IP-CAC.

6 15.     Paragraph 15 consists of defined terms, to which no response is required.  To

7 the extent that a response is deemed required, TACP denies the allegations of

8 Paragraph 15.

9 16.     Paragraph 16 consists of defined terms, to which no response is required.  To

10 the extent that a response is deemed required, TACP denies the allegations of

11 Paragraph 16.

12 17.     Paragraph 17 consists of defined terms, to which no response is required.  To

13 the extent that a response is deemed required, TACP denies the allegations of

14 Paragraph 17.

15 18.     Paragraph 18 consists of defined terms, to which no response is required.  To

16 the extent that a response is deemed required, TACP denies the allegations of

17 Paragraph 18.

18 ### IV.  **PLAINTIFFS**

19 19.     TACP lacks knowledge or information sufficient to form a belief as to the

20 truth contained in Paragraph 19 and, therefore, denies the allegation.

21 20.     TACP lacks knowledge or information sufficient to form a belief as to the

22 truth contained in Paragraph 20 and, therefore, denies the allegation.

23 21.     TACP lacks knowledge or information sufficient to form a belief as to the

24 truth contained in Paragraph 21 and, therefore, denies the allegation.

25 22.     TACP lacks knowledge or information sufficient to form a belief as to the

26 truth contained in Paragraph 22 and, therefore, denies the allegation.

27 23.     TACP lacks knowledge or information sufficient to form a belief as to the

28 truth contained in Paragraph 23 and, therefore, denies the allegation.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

24.     TACP lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 24 and, therefore, denies the allegation.

25.     TACP lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 25 and, therefore, denies the allegation.

26.     TACP lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 26 and, therefore, denies the allegation.

27.     TACP lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 27 and, therefore, denies the allegation.

28.     TACP lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 28 and, therefore, denies the allegation.

29.     TACP lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 29 and, therefore, denies the allegation.

30.     TACP lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 30 and, therefore, denies the allegation.

31.     TACP lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 31 and, therefore, denies the allegation.

32.     TACP lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 32 and, therefore, denies the allegation.

33.     TACP lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 33 and, therefore, denies the allegation.

34.     TACP lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 34 and, therefore, denies the allegation.

35.     TACP lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 35 and, therefore, denies the allegation.

36.     TACP lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 36 and, therefore, denies the allegation.

37.     TACP lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 37 and, therefore, denies the allegation.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   38.    TACP lacks knowledge or information sufficient to form a belief as to the

2   truth contained in Paragraph 38 and, therefore, denies the allegation.

3   39.    TACP lacks knowledge or information sufficient to form a belief as to the

4   truth contained in Paragraph 39 and, therefore, denies the allegation.

5   40.    TACP lacks knowledge or information sufficient to form a belief as to the

6   truth contained in Paragraph 40 and, therefore, denies the allegation.

7   41.    TACP lacks knowledge or information sufficient to form a belief as to the

8   truth contained in Paragraph 41 and, therefore, denies the allegation.

9   42.    TACP lacks knowledge or information sufficient to form a belief as to the

10  truth contained in Paragraph 42 and, therefore, denies the allegation.

11  43.    TACP lacks knowledge or information sufficient to form a belief as to the

12  truth contained in Paragraph 43 and, therefore, denies the allegation.

13  44.    TACP lacks knowledge or information sufficient to form a belief as to the

14  truth contained in Paragraph 44 and, therefore, denies the allegation.

15  45.    TACP lacks knowledge or information sufficient to form a belief as to the

16  truth contained in Paragraph 45 and, therefore, denies the allegation.

17  46.    TACP lacks knowledge or information sufficient to form a belief as to the

18  truth contained in Paragraph 46 and, therefore, denies the allegation.

19  47.    TACP lacks knowledge or information sufficient to form a belief as to the

20  truth contained in Paragraph 47 and, therefore, denies the allegation.

21  48.    TACP lacks knowledge or information sufficient to form a belief as to the

22  truth contained in Paragraph 48 and, therefore, denies the allegation.

23  49.    TACP lacks knowledge or information sufficient to form a belief as to the

24  truth contained in Paragraph 49 and, therefore, denies the allegation.

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

# V.  DEFENDANTS

## LG Electronics Entities

50.     Paragraph 50 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, denies the allegations.

51.     Paragraph 51 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and, therefore, denies the allegations.

52.     Paragraph 52 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and, therefore, denies the allegations.

53.     Paragraph 53 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.   To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 53.

## Philips Entities

54.     Paragraph 54 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and, therefore, denies the allegations.

55.     Paragraph 55 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and, therefore, denies the allegations.

56.     Paragraph 56 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and, therefore, denies the allegations.

57.     Paragraph 57 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   58.     Paragraph 58 relates to another Defendant.   Accordingly, TACP lacks
2   knowledge or information sufficient to form a belief as to the truth of the allegations
3   contained in Paragraph 58 and, therefore, denies the allegations.

4   59.     Paragraph 59 relates to another Defendant.   Accordingly, TACP lacks
5   knowledge or information sufficient to form a belief as to the truth of the allegations
6   contained in Paragraph 59 and, therefore, denies the allegations.

7   60.     Paragraph 60 consists of Plaintiffs' explanation of a defined term used in the
8   IP-CAC, to which no response is required.   To the extent that a response is deemed
9   required, TACP denies the allegations contained in Paragraph 60.

10  **LP Displays**

11  61.     Paragraph 61 relates to another Defendant.   Accordingly, TACP lacks
12  knowledge or information sufficient to form a belief as to the truth of the allegations
13  contained in Paragraph 61 and, therefore, denies the allegations.

14  **Samsung Entities**

15  62.     Paragraph 62 relates to another Defendant.   Accordingly, TACP lacks
16  knowledge or information sufficient to form a belief as to the truth of the allegations
17  contained in Paragraph 62 and, therefore, denies the allegations.

18  63.     Paragraph 63 relates to another Defendant.   Accordingly, TACP lacks
19  knowledge or information sufficient to form a belief as to the truth of the allegations
20  contained in Paragraph 63 and, therefore, denies the allegations.

21  64.     Paragraph 64 relates to another Defendant.   Accordingly, TACP lacks
22  knowledge or information sufficient to form a belief as to the truth of the allegations
23  contained in Paragraph 64 and, therefore, denies the allegations.

24  65.     Paragraph 65 relates to another Defendant.   Accordingly, TACP lacks
25  knowledge or information sufficient to form a belief as to the truth of the allegations
26  contained in Paragraph 65 and, therefore, denies the allegations.

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

66.     Paragraph 66 relates to another Defendant.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and, therefore, denies the allegations.

67.     Paragraph 67 relates to another Defendant.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and, therefore, denies the allegations.

68.     Paragraph 68 relates to another Defendant.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 and, therefore, denies the allegations.

69.     Paragraph 69 relates to another Defendant.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 and, therefore, denies the allegations.

70.     Paragraph 70 relates to another Defendant.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 and, therefore, denies the allegations.

71.     Paragraph 71 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 71.

**Toshiba Entities**

72.     Paragraph 72 relates to another Defendant.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 and, therefore, denies the allegations, except TACP admits the allegations contained in the first sentence of Paragraph 72.

73.     Paragraph 73 relates to another Defendant.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 and, therefore, denies the allegations, except TACP admits the allegations contained in the first sentence of Paragraph 73.

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S ANSWER TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

74.    TACP admits the allegations contained in the first sentence of Paragraph 74, except with respect to the spelling of "Totowa Rd.," and denies the remaining allegations contained in Paragraph 74.  TACP avers that it sold certain electronic devices containing color picture tubes during the Class Period.

75.    TACP denies the allegations contained in Paragraph 75.  TACP avers that Toshiba America Consumer Products, Inc. became TACP in 2003.

76.    Paragraph 76 relates to another Defendant.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and, therefore, denies the allegations, except TACP avers that the business address of Toshiba America Information Systems, Inc. is 9740 Irvine Boulevard, Irvine, CA 92618-1697.

77.    Paragraph 77 relates to another Defendant.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 and, therefore, denies the allegations, except TACP avers that the business address of Toshiba America Electronic Components, Inc. is 19900 MacArthur Boulevard, Suite 400, Irvine, CA  92612.

78.    Paragraph 78 relates to another Defendant.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 and, therefore, denies the allegations.

79.    Paragraph 79 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 79.

**Panasonic Entities**

80.    Paragraph 80 relates to another Defendant.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

81.      Paragraph 81 relates to another Defendant.    Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and, therefore, denies the allegations.

82.      Paragraph 82 relates to another Defendant.    Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 and, therefore, denies the allegations.

83.      Paragraph 83 relates to another Defendant.    Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 and, therefore, denies the allegations.

84.      Paragraph 84 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.    To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 84.

85.      Paragraph 85 relates to another Defendant.    Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 and, therefore, denies the allegations.

86.      Paragraph 86 relates to another Defendant.    Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 and, therefore, denies the allegations.

**Hitachi Entities**

87.      Paragraph 87 relates to another Defendant.    Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 and, therefore, denies the allegations.

88.      Paragraph 88 relates to another Defendant.    Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 and, therefore, denies the allegations.

89.      Paragraph 89 relates to another Defendant.    Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

90.     Paragraph 90 relates to another Defendant.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and, therefore, denies the allegations.

91.     Paragraph 91 relates to another Defendant.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and, therefore, denies the allegations.

92.     Paragraph 92 relates to another Defendant.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and, therefore, denies the allegations.

93.     Paragraph 93 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.   To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 93.

**Tatung Entities**

94.     Paragraph 94 relates to another Defendant.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and, therefore, denies the allegations.

95.     Paragraph 95 relates to another Defendant.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 and, therefore, denies the allegations.

96.     Paragraph 96 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.   To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 96.

**Chunghwa Entities**

97.     Paragraph 97 relates to another Defendant.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

98.     Paragraph 98 relates to another Defendant.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and, therefore, denies the allegations.

99.     Paragraph 99 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 99.

**IRICO Entities**

100.     Paragraph 100 relates to another Defendant.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and, therefore, denies the allegations.

101.     Paragraph 101 relates to another Defendant.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and, therefore, denies the allegations.

102.     Paragraph 102 relates to another Defendant.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and, therefore, denies the allegations.

103.     Paragraph 103 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 103.

**Thai CRT**

104.     Paragraph 104 relates to another Defendant.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 and, therefore, denies the allegations.

**Samtel**

105.     Paragraph 105 relates to another Defendant.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**Daewoo Entities**

106.   Paragraph 106 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 and, therefore, denies the allegations.

107.   Paragraph 107 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 and, therefore, denies the allegations.

108.   Paragraph 108 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.   To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 108.

109.   Paragraph 109 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.   To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 109.

## VI.  AGENTS AND CO-CONSPIRATORS

110.   TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 and, therefore, denies the allegations.

111.   Paragraph 111 consists of Plaintiffs' characterization of their claim, to which no response is required.   If a response is deemed required, TACP denies the allegations contained in Paragraph 111.

112.   Paragraph 112 consists of Plaintiffs' characterization of their claim, to which no response is required.   If a response is deemed required, TACP denies the allegations contained in Paragraph 112.

113.   To the extent that the allegations contained in Paragraph 113 relate to other Defendants, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in the second and third sentences of Paragraph 113 are directed to TACP, TACP denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## VII. INTERSTATE TRADE AND COMMERCE

114. TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 and, therefore, denies the allegations.

115. TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 and, therefore, denies the allegations.

116. TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 and, therefore, denies the allegations.

## VIII. FACTUAL ALLEGATIONS

### A. CRT Technology

117. TACP lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 117 and, therefore, denies the allegations.

118. TACP admits the allegations contained in Paragraph 118 of the IP-CAC.

119. TACP lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 119 and, therefore, denies the allegations.

120. TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 and, therefore, denies the allegations.

### B. Structural Characteristics Of The CRT Market

121. TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 and, therefore, denies the allegations.

#### a. Market Concentration

122. TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 and, therefore, denies the allegations.

#### b. Information Sharing

123. TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 and, therefore, denies the allegations.

124. TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

### c.        Consolidation

125.    To the extent that the allegations contained in Paragraph 125 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 125 are directed to TACP, TACP denies these allegations, except that TACP is generally aware that Toshiba Corporation transferred its CRT business to a new entity called Matsushita Toshiba Picture Display Co., Ltd. ("MTPD") on March 31, 2003.

126.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 and, therefore, denies the allegations.

### d.        Multiple Interrelated Business Relationships

127.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 and, therefore, denies the allegations.

128.    To the extent that the allegations contained in Paragraph 128 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 128 are directed to TACP, TACP denies these allegations, except that TACP is generally aware that Toshiba Corporation transferred its CRT business to a new entity called MTPD on March 31, 2003.  TACP is generally aware that Toshiba Corporation participated in the formation of a new entity for the manufacture of CPTs with Orion Electric of South Korea, Sumitomo Corporation, and P.T. Tabung Gambar Indonesia.

### e.        High Costs of Entry Into The Industry

129.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 and, therefore, denies the allegations.

### f.        The Maturity Of The CRT Product Market

130.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

131.   TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 and, therefore, denies the allegations.

132.   TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 and, therefore, denies the allegations.

133.   TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 and, therefore, denies the allegations.

134.   TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 and, therefore, denies the allegations.

135.   TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 and, therefore, denies the allegations.

### g.   Homogeneity Of CRT Products

136.   TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 and, therefore, denies the allegations.

137.   TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 and, therefore, denies the allegations.

### C.   Pre-Conspiracy Market

138.   TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 and, therefore, denies the allegations.

139.   Paragraph 139 relates to other Defendants.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 and, therefore, denies the allegations.

### D.   Defendants' And Co-Conspirators' Illegal Agreements

140.   To the extent that the allegations contained in Paragraph 140 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 140 are directed to TACP, TACP denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

141.   To the extent that the allegations contained in Paragraph 141 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 141 are directed to TACP, TACP denies these allegations.

142.   To the extent that the allegations contained in Paragraph 142 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 142 are directed to TACP, TACP denies these allegations.

143.   To the extent that the allegations contained in Paragraph 143 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 143 are directed to TACP, TACP denies these allegations.

144.   To the extent that the allegations contained in Paragraph 144 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 144 are directed to TACP, TACP denies these allegations.

**a.      "Glass Meetings"**

145.   To the extent that the allegations contained in Paragraph 145 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 145 are directed to TACP, TACP denies these allegations.

146.   To the extent that the allegations contained in Paragraph 146 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a

White & Case LLP
701 Thirteenth Steet, NW
Washington, DC 20005

1  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
2  extent that the allegations contained in Paragraph 146 are directed to TACP, TACP denies
3  these allegations.

4  147.   To the extent that the allegations contained in Paragraph 147 relate to other
5  Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a
6  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
7  extent that the allegations contained in Paragraph 147 are directed to TACP, TACP denies
8  these allegations.

9  148.   To the extent that the allegations contained in Paragraph 148 relate to other
10 Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a
11 belief as to the truth of these allegations and, therefore, denies these allegations.  To the
12 extent that the allegations contained in Paragraph 148 are directed to TACP, TACP denies
13 these allegations.

14 149.   To the extent that the allegations contained in Paragraph 149 relate to other
15 Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a
16 belief as to the truth of these allegations and, therefore, denies these allegations.  To the
17 extent that the allegations contained in Paragraph 149 are directed to TACP, TACP denies
18 these allegations.

19 150.   To the extent that the allegations contained in Paragraph 150 relate to other
20 Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a
21 belief as to the truth of these allegations and, therefore, denies these allegations.  To the
22 extent that the allegations contained in Paragraph 150 are directed to TACP, TACP denies
23 these allegations.

24 151.   To the extent that the allegations contained in Paragraph 151 relate to other
25 Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a
26 belief as to the truth of these allegations and, therefore, denies these allegations.  To the
27 extent that the allegations contained in Paragraph 151 are directed to TACP, TACP denies
28 these allegations.

152.    To the extent that the allegations contained in Paragraph 152 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 152 are directed to TACP, TACP denies these allegations.

153.    To the extent that the allegations contained in Paragraph 153 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 153 are directed to TACP, TACP denies these allegations.

154.    To the extent that the allegations contained in Paragraph 154 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 154 are directed to TACP, TACP denies these allegations.

155.    To the extent that the allegations contained in Paragraph 155 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 155 are directed to TACP, TACP denies these allegations.

156.    To the extent that the allegations contained in Paragraph 156 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 156 are directed to TACP, TACP denies these allegations.

157.    To the extent that the allegations contained in Paragraph 157 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1    extent that the allegations contained in Paragraph 157 are directed to TACP, TACP denies

2    these allegations.

3        158.    To the extent that the allegations contained in Paragraph 158 relate to other

4    Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a

5    belief as to the truth of these allegations and, therefore, denies these allegations.  To the

6    extent that the allegations contained in Paragraph 158 are directed to TACP, TACP denies

7    these allegations.

8        **b.     Bilateral Discussions**

9        159.    To the extent that the allegations contained in Paragraph 159 relate to other

10   Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a

11   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

12   extent that the allegations contained in Paragraph 159 are directed to TACP, TACP denies

13   these allegations.

14       160.    To the extent that the allegations contained in Paragraph 160 relate to other

15   Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a

16   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

17   extent that the allegations contained in Paragraph 160 are directed to TACP, TACP denies

18   these allegations.

19       161.    To the extent that the allegations contained in Paragraph 161 relate to other

20   Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a

21   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

22   extent that the allegations contained in Paragraph 161 are directed to TACP, TACP denies

23   these allegations.

24       162.    To the extent that the allegations contained in Paragraph 162 relate to other

25   Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a

26   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

27   extent that the allegations contained in Paragraph 162 are directed to TACP, TACP denies

28   these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S ANSWER TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

163.    To the extent that the allegations contained in Paragraph 163 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 163 are directed to TACP, TACP denies these allegations.

164.    To the extent that the allegations contained in Paragraph 164 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 164 are directed to TACP, TACP denies these allegations.

165.    To the extent that the allegations contained in Paragraph 165 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 165 are directed to TACP, TACP denies these allegations.

c.    **Defendants' And Co-Conspirators' Participation In Group And Bilateral Discussions**

166.    Paragraph 166 relates to other Defendants.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 and, therefore, denies the allegations.

167.    Paragraph 167 relates to other Defendants.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167 and, therefore, denies the allegations.

168.    Paragraph 168 relates to other Defendants.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

169.    Paragraph 169 relates to other Defendants.    Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169 and, therefore, denies the allegations.

170.    Paragraph 170 relates to other Defendants.    Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170 and, therefore, denies the allegations.

171.    Paragraph 171 relates to other Defendants.    Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171 and, therefore, denies the allegations.

172.    Paragraph 172 relates to other Defendants.    Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172 and, therefore, denies the allegations.

173.    Paragraph 173 relates to other Defendants.    Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 and, therefore, denies the allegations.

174.    Paragraph 174 relates to other Defendants.    Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174 and, therefore, denies the allegations.

175.    Paragraph 175 relates to other Defendants.    Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 and, therefore, denies the allegations.

176.    Paragraph 176 relates to other Defendants.    Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 and, therefore, denies the allegations.

177.    To the extent that the allegations contained in Paragraph 177 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

1    extent that the allegations contained in Paragraph 177 are directed to TACP, TACP denies

2    these allegations.

3        178.   To the extent that the allegations contained in Paragraph 178 relate to other

4    Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a

5    belief as to the truth of these allegations and, therefore, denies these allegations.  To the

6    extent that the allegations contained in Paragraph 178 are directed to TACP, TACP denies

7    these allegations.

8        179.   Paragraph 179 relates to other Defendants.    Accordingly, TACP lacks

9    knowledge or information sufficient to form a belief as to the truth of the allegations

10   contained in Paragraph 179 and, therefore, denies the allegations.

11       180.   Paragraph 180 relates to other Defendants.    Accordingly, TACP lacks

12   knowledge or information sufficient to form a belief as to the truth of the allegations

13   contained in Paragraph 180 and, therefore, denies the allegations.

14       181.   Paragraph 181 relates to other Defendants.    Accordingly, TACP lacks

15   knowledge or information sufficient to form a belief as to the truth of the allegations

16   contained in Paragraph 181 and, therefore, denies the allegations.

17       182.   Paragraph 182 relates to other Defendants.    Accordingly, TACP lacks

18   knowledge or information sufficient to form a belief as to the truth of the allegations

19   contained in Paragraph 182 and, therefore, denies the allegations.

20       183.   Paragraph 183 relates to other Defendants.    Accordingly, TACP lacks

21   knowledge or information sufficient to form a belief as to the truth of the allegations

22   contained in Paragraph 183 and, therefore, denies the allegations.

23       184.   Paragraph 184 relates to other Defendants.    Accordingly, TACP lacks

24   knowledge or information sufficient to form a belief as to the truth of the allegations

25   contained in Paragraph 184 and, therefore, denies the allegations.

26       185.   Paragraph 185 relates to other Defendants.    Accordingly, TACP lacks

27   knowledge or information sufficient to form a belief as to the truth of the allegations

28   contained in Paragraph 185 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S ANSWER TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

186.   Paragraph 186 relates to other Defendants.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 186 and, therefore, denies the allegations.

187.   Paragraph 187 relates to other Defendants.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 187 and, therefore, denies the allegations.

188.   To the extent that Paragraph 188 consists of Plaintiffs' characterization of their claims and Plaintiffs' explanation of a defined term used in their Complaint, no response is required.  To the extent that the allegations contained in Paragraph 188 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 188 may be deemed to require a response from TACP, TACP denies these allegations.

**E.    The CRT Market During The Conspiracy**

189.   TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189 and, therefore, denies the allegations.

190.   TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190 and, therefore, denies the allegations.

191.   TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191 and, therefore, denies the allegations.

192.   To the extent that Paragraph 192 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 192 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 192 may be deemed to require a response from TACP, TACP denies these allegations.

193.   To the extent that Paragraph 193 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.   To the extent that the allegations contained in Paragraph 193 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 193 may be deemed to require a response from TACP, TACP denies these allegations.

194.   To the extent that the allegations contained in Paragraph 194 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 194 are directed to TACP, TACP denies these allegations.

195.   To the extent that Paragraph 195 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.   To the extent that the allegations contained in Paragraph 195 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 195 may be deemed to require a response from TACP, TACP denies these allegations.

196.   To the extent that Paragraph 196 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.   To the extent that the allegations contained in Paragraph 196 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 196 may be deemed to require a response from TACP, TACP denies these allegations.

197.   To the extent that Paragraph 197 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   no response is required.  To the extent that the allegations contained in Paragraph 197
2   relate to other Defendants and/or third parties, TACP lacks knowledge or information
3   sufficient to form a belief as to the truth of these allegations and, therefore, denies these
4   allegations.  To the extent that the allegations contained in Paragraph 197 may be deemed
5   to require a response from TACP, TACP denies these allegations.

6        198.   To the extent that the allegations contained in Paragraph 198 relate to other
7   Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a
8   belief as to the truth of these allegations and, therefore, denies these allegations.  To the
9   extent that the allegations contained in Paragraph 198 are directed to TACP, TACP denies
10  these allegations.

11       199.   To the extent that the allegations contained in Paragraph 199 relate to other
12  Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a
13  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
14  extent that the allegations contained in Paragraph 199 are directed to TACP, TACP denies
15  these allegations.

16       200.   To the extent that Paragraph 200 consists of purported statements in news
17  reports and/or statements in public documents, those statements speak for themselves and
18  no response is required.  To the extent that the allegations contained in Paragraph 200
19  relate to other Defendants and/or third parties, TACP lacks knowledge or information
20  sufficient to form a belief as to the truth of these allegations and, therefore, denies these
21  allegations.  To the extent that the allegations contained in Paragraph 200 may be deemed
22  to require a response from TACP, TACP denies these allegations.

23       201.   To the extent that the allegations contained in Paragraph 201 relate to other
24  Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a
25  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
26  extent that the allegations contained in Paragraph 201 are directed to TACP, TACP denies
27  these allegations.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

202.    To the extent that the allegations contained in Paragraph 202 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 202 are directed to TACP, TACP denies these allegations.

**F.    International Government Antitrust Investigations**

203.    To the extent that the allegations contained in Paragraph 203 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 203 are directed to TACP, TACP denies these allegations.

204.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 204 and, therefore, denies these allegations.

205.    To the extent that Paragraph 205 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 205 may be deemed to require a response from TACP, TACP denies these allegations.

206.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 206 and, therefore, denies these allegations.

207.    To the extent that Paragraph 207 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 207 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 207 may be deemed to require a response from TACP, TACP denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

208.    To the extent that Paragraph 208 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.   To the extent that the allegations contained in Paragraph 208 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 208 may be deemed to require a response from TACP, TACP denies these allegations.

209.    Paragraph 209 relates to other Defendants and/or third parties.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 209 and, therefore, denies these allegations.

210.    To the extent that Paragraph 210 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.   To the extent that the allegations contained in Paragraph 210 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 210 may be deemed to require a response from TACP, TACP denies these allegations.

211.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 211 and, therefore, denies these allegations.

212.    The allegations contained in Paragraph 212 refer to a public annual report, which is the best evidence of its contents.

213.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 213 and, therefore, denies these allegations.

214.    To the extent that the allegations contained in Paragraph 214 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 214 are directed to TACP, TACP denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

215.    To the extent that the allegations contained in Paragraph 215 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 215 are directed to TACP, TACP denies these allegations.

216.    To the extent that the allegations contained in Paragraph 216 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 216 are directed to TACP, TACP denies these allegations.

217.    To the extent that the allegations contained in Paragraph 217 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 217 are directed to TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

218.    To the extent that Paragraph 218 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 218 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 218 may be deemed to require a response from TACP, TACP denies these allegations.

219.    To the extent that Paragraph 219 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 219 may be deemed to require a response from TACP, TACP denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

220.    To the extent that Paragraph 220 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 220 may be deemed to require a response from TACP, TACP denies these allegations.

221.    To the extent that Paragraph 221 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 221 may be deemed to require a response from TACP, TACP denies these allegations.

## IX.  THE PASS-THROUGH OF OVERCHARGES TO CONSUMERS

222.    To the extent that Paragraph 222 contains argument and/or legal conclusions, no response is required.  To the extent that Paragraph 222 consists of purported statements by governmental authorities, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 222 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 222 are directed to TACP, TACP denies these allegations.

223.    To the extent that the allegations contained in Paragraph 223 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 223 are directed to TACP, TACP denies these allegations.

224.    To the extent that the allegations contained in Paragraph 224 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

extent that the allegations contained in Paragraph 224 are directed to TACP, TACP denies these allegations.

225.   To the extent that the allegations contained in Paragraph 225 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 225 are directed to TACP, TACP denies these allegations.

226.   To the extent that Paragraph 226 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 226 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 226 are directed to TACP, TACP denies these allegations.

227.   To the extent that Paragraph 227 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 227 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 227 are directed to TACP, TACP denies these allegations.

228.   To the extent that Paragraph 228 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 228 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 228 are directed to TACP, TACP denies these allegations.

229.   To the extent that the allegations contained in Paragraph 229 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

extent that the allegations contained in Paragraph 229 are directed to TACP, TACP denies these allegations.

230.   Paragraph 230 contains argument and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 230 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 230 may be deemed to require a response from TACP, TACP denies these allegations

231.   To the extent that Paragraph 231 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 231 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 231 are directed to TACP, TACP denies these allegations.

232.   Paragraph 232 contains argument and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 232 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 232 may be deemed to require a response from TACP, TACP denies these allegations

233.   To the extent that Paragraph 233 contains argument and/or legal conclusions, no response is required.  To the extent that Paragraph 233 consists of purported statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 233 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 233 may be deemed to require a response from TACP, TACP denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

234.   Paragraph 234 contains argument and/or legal conclusions, to which no response is required.  To the extent that Paragraph 234 consists of purported statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 234 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 234 may be deemed to require a response from TACP, TACP denies these allegations.

235.   Paragraph 235 contains argument and/or legal conclusions, to which no response is required.  To the extent that Paragraph 235 consists of purported statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 235 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 235 may be deemed to require a response from TACP, TACP denies these allegations.

236.   Paragraph 236 contains argument and/or legal conclusions, to which no response is required.  Also, Paragraph 236 consists of purported statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 236 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 236 may be deemed to require a response from TACP, TACP denies these allegations.

237.   To the extent that Paragraph 237 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 237 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

allegations.  To the extent that the allegations contained in Paragraph 237 are directed to TACP, TACP denies these allegations.

238.    To the extent that the allegations contained in Paragraph 238 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 238 are directed to TACP, TACP denies these allegations.

239.    Paragraph 239 contains argument and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 239 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 239 may be deemed to require a response from TACP, TACP denies these allegations.

## X.  CLASS ACTION ALLEGATIONS

240.    Paragraph 240 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that Paragraph 240 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TACP further denies that this action can properly be maintained as a class action on behalf of the purported class or otherwise.

241.    Paragraph 241 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that Paragraph 241 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TACP further denies that this action can properly be maintained as a class action on behalf of the purported class or otherwise.

242.    Paragraph 242 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   Paragraph 242 may be deemed to require a response from TACP, TACP lacks knowledge

2   or information sufficient to form a belief as to the truth of these allegations and, therefore,

3   denies these allegations.  TACP further denies that this action can properly be maintained

4   as a class action on behalf of the purported class or otherwise.

5       243.    Paragraph 243 consists of arguments, Plaintiffs' characterization of their

6   claims and/or legal conclusions, to which no response is required.  To the extent that

7   Paragraph 243 may be deemed to require a response from TACP, TACP lacks knowledge

8   or information sufficient to form a belief as to the truth of these allegations and, therefore,

9   denies these allegations.  TACP further denies that this action can properly be maintained

10  as a class action on behalf of the purported class or otherwise.

11                  **XI.  VIOLATIONS ALLEGED**

12  **A.    First Claim for Relief:  Violation of Section 1 of the Sherman Act**

13      244.    TACP hereby incorporates by reference its responses to Paragraphs 1-243 of

14  the IP-CAC as set forth above.

15      245.    Paragraph 245 consists of arguments, Plaintiffs' characterization of their

16  claims and/or legal conclusions, to which no response is required.  To the extent that the

17  allegations contained in Paragraph 245 relate to other Defendants and/or third parties,

18  TACP lacks knowledge or information sufficient to form a belief as to the truth of these

19  allegations and, therefore, denies these allegations.  To the extent that Paragraph 245 may

20  be deemed to require a response from TACP, TACP lacks knowledge or information

21  sufficient to form a belief as to the truth of these allegations and, therefore, denies these

22  allegations.

23      246.    Paragraph 246 consists of arguments, Plaintiffs' characterization of their

24  claims and/or legal conclusions, to which no response is required.  To the extent that the

25  allegations contained in Paragraph 246 relate to other Defendants and/or third parties,

26  TACP lacks knowledge or information sufficient to form a belief as to the truth of these

27  allegations and, therefore, denies these allegations.  To the extent that Paragraph 246 may

28  be deemed to require a response from TACP, TACP lacks knowledge or information

1  sufficient to form a belief as to the truth of these allegations and, therefore, denies these
2  allegations.

3      247.   Paragraph 247 consists of arguments, Plaintiffs' characterization of their
4  claims and/or legal conclusions, to which no response is required.  To the extent that the
5  allegations contained in Paragraph 247 relate to other Defendants and/or third parties,
6  TACP lacks knowledge or information sufficient to form a belief as to the truth of these
7  allegations and, therefore, denies these allegations.  To the extent that Paragraph 247 may
8  be deemed to require a response from TACP, TACP lacks knowledge or information
9  sufficient to form a belief as to the truth of these allegations and, therefore, denies these
10  allegations.

11      248.   Paragraph 248 consists of arguments, Plaintiffs' characterization of their
12  claims and/or legal conclusions, to which no response is required.  To the extent that the
13  allegations contained in Paragraph 248 relate to other Defendants and/or third parties,
14  TACP lacks knowledge or information sufficient to form a belief as to the truth of these
15  allegations and, therefore, denies these allegations.  To the extent that Paragraph 248 may
16  be deemed to require a response from TACP, TACP lacks knowledge or information
17  sufficient to form a belief as to the truth of these allegations and, therefore, denies these
18  allegations.

19      249.   Paragraph 249 consists of arguments, Plaintiffs' characterization of their
20  claims and/or legal conclusions, to which no response is required.  To the extent that the
21  allegations contained in Paragraph 249 relate to other Defendants and/or third parties,
22  TACP lacks knowledge or information sufficient to form a belief as to the truth of these
23  allegations and, therefore, denies these allegations.  To the extent that Paragraph 249 may
24  be deemed to require a response from TACP, TACP lacks knowledge or information
25  sufficient to form a belief as to the truth of these allegations and, therefore, denies these
26  allegations.

27      250.   Paragraph 250 consists of arguments, Plaintiffs' characterization of their
28  claims and/or legal conclusions, to which no response is required.  To the extent that the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   allegations contained in Paragraph 250 relate to other Defendants and/or third parties,
2   TACP lacks knowledge or information sufficient to form a belief as to the truth of these
3   allegations and, therefore, denies these allegations.  To the extent that Paragraph 250 may
4   be deemed to require a response from TACP, TACP lacks knowledge or information
5   sufficient to form a belief as to the truth of these allegations and, therefore, denies these
6   allegations.

7       251.    Paragraph 251 consists of arguments, Plaintiffs' characterization of their
8   claims and/or legal conclusions, to which no response is required.  To the extent that the
9   allegations contained in Paragraph 251 relate to other Defendants and/or third parties,
10  TACP lacks knowledge or information sufficient to form a belief as to the truth of these
11  allegations and, therefore, denies these allegations.  To the extent that Paragraph 251 may
12  be deemed to require a response from TACP, TACP lacks knowledge or information
13  sufficient to form a belief as to the truth of these allegations and, therefore, denies these
14  allegations.

15      252.    Paragraph 252 consists of arguments, Plaintiffs' characterization of their
16  claims and/or legal conclusions, to which no response is required.  To the extent that the
17  allegations contained in Paragraph 252 relate to other Defendants and/or third parties,
18  TACP lacks knowledge or information sufficient to form a belief as to the truth of these
19  allegations and, therefore, denies these allegations.  To the extent that Paragraph 252 may
20  be deemed to require a response from TACP, TACP lacks knowledge or information
21  sufficient to form a belief as to the truth of these allegations and, therefore, denies these
22  allegations.

23      253.    Paragraph 253 consists of arguments, Plaintiffs' characterization of their
24  claims and/or legal conclusions, to which no response is required.  To the extent that the
25  allegations contained in Paragraph 253 relate to other Defendants and/or third parties,
26  TACP lacks knowledge or information sufficient to form a belief as to the truth of these
27  allegations and, therefore, denies these allegations.  To the extent that Paragraph 253 may
28  be deemed to require a response from TACP, TACP lacks knowledge or information

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S ANSWER TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

**B.    <u>Second Claim For Relief:  Violation of State Antitrust Statutes</u>**

254.    TACP hereby incorporates by reference its responses to Paragraphs 1-253 of the IP-CAC as set forth above.

255.    TACP hereby incorporates by reference its responses to Paragraphs 1-254 of the IP-CAC as set forth above.   Paragraph 255 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 255 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that Paragraph 255 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

256.    TACP hereby incorporates by reference its responses to Paragraphs 1-255 of the IP-CAC as set forth above.   Paragraph 256 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 256 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that Paragraph 256 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

257.    TACP hereby incorporates by reference its responses to Paragraphs 1-256 of the IP-CAC as set forth above.   Paragraph 257 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 257 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  the truth of these allegations and, therefore, denies these allegations.  To the extent that

2  Paragraph 257 may be deemed to require a response from TACP, TACP lacks knowledge

3  or information sufficient to form a belief as to the truth of these allegations and, therefore,

4  denies these allegations.

5      258.    TACP hereby incorporates by reference its responses to Paragraphs 1-257 of

6  the IP-CAC as set forth above.    Paragraph 258 consists of arguments, Plaintiffs'

7  characterization of their claims and/or legal conclusions, to which no response is required.

8  To the extent that the allegations contained in Paragraph 258 relate to other Defendants

9  and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to

10  the truth of these allegations and, therefore, denies these allegations.  To the extent that

11  Paragraph 258 may be deemed to require a response from TACP, TACP lacks knowledge

12  or information sufficient to form a belief as to the truth of these allegations and, therefore,

13  denies these allegations.

14      259.    TACP hereby incorporates by reference its responses to Paragraphs 1-258 of

15  the IP-CAC as set forth above.    Paragraph 259 consists of arguments, Plaintiffs'

16  characterization of their claims and/or legal conclusions, to which no response is required.

17  To the extent that the allegations contained in Paragraph 259 relate to other Defendants

18  and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to

19  the truth of these allegations and, therefore, denies these allegations.  To the extent that

20  Paragraph 259 may be deemed to require a response from TACP, TACP lacks knowledge

21  or information sufficient to form a belief as to the truth of these allegations and, therefore,

22  denies these allegations.

23      260.    TACP hereby incorporates by reference its responses to Paragraphs 1-259 of

24  the IP-CAC as set forth above.    Paragraph 260 consists of arguments, Plaintiffs'

25  characterization of their claims and/or legal conclusions, to which no response is required.

26  To the extent that the allegations contained in Paragraph 260 relate to other Defendants

27  and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to

28  the truth of these allegations and, therefore, denies these allegations.  To the extent that

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Paragraph 260 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

261.   TACP hereby incorporates by reference its responses to Paragraphs 1-260 of the IP-CAC as set forth above.   Paragraph 261 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 261 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that Paragraph 261 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

262.   TACP hereby incorporates by reference its responses to Paragraphs 1-261 of the IP-CAC as set forth above.   TACP denies that Plaintiffs are entitled to any relief pursuant to claims under the laws of Nebraska that are based on sales made prior to July 20, 2002, as the Court dismissed these claims in its March 30, 2010 Order (Doc. No. 665). Also, Paragraph 262 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 262 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that Paragraph 262 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

263.   TACP hereby incorporates by reference its responses to Paragraphs 1-262 of the IP-CAC as set forth above.   TACP denies that Plaintiffs are entitled to any relief pursuant to claims under the laws of Nevada that are based on sales made prior to the 1999 date of Nevada's repealer statute, as the Court dismissed these claims in its March 30, 2010

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1    Order (Doc. No. 665).    Also, Paragraph 263 consists of arguments, Plaintiffs'

2    characterization of their claims and/or legal conclusions, to which no response is required.

3    To the extent that the allegations contained in Paragraph 263 relate to other Defendants

4    and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to

5    the truth of these allegations and, therefore, denies these allegations.   To the extent that

6    Paragraph 263 may be deemed to require a response from TACP, TACP lacks knowledge

7    or information sufficient to form a belief as to the truth of these allegations and, therefore,

8    denies these allegations.

9          264.    TACP hereby incorporates by reference its responses to Paragraphs 1-263 of

10    the IP-CAC as set forth above.    Paragraph 264 consists of arguments, Plaintiffs'

11    characterization of their claims and/or legal conclusions, to which no response is required.

12    To the extent that the allegations contained in Paragraph 264 relate to other Defendants

13    and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to

14    the truth of these allegations and, therefore, denies these allegations.   To the extent that

15    Paragraph 264 may be deemed to require a response from TACP, TACP lacks knowledge

16    or information sufficient to form a belief as to the truth of these allegations and, therefore,

17    denies these allegations.

18          265.    TACP hereby incorporates by reference its responses to Paragraphs 1-264 of

19    the IP-CAC as set forth above.    Paragraph 265 consists of arguments, Plaintiffs'

20    characterization of their claims and/or legal conclusions, to which no response is required.

21    To the extent that the allegations contained in Paragraph 265 relate to other Defendants

22    and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to

23    the truth of these allegations and, therefore, denies these allegations.   To the extent that

24    Paragraph 265 may be deemed to require a response from TACP, TACP lacks knowledge

25    or information sufficient to form a belief as to the truth of these allegations and, therefore,

26    denies these allegations.

27          266.    TACP hereby incorporates by reference its responses to Paragraphs 1-265 of

28    the IP-CAC as set forth above.    Paragraph 266 consists of arguments, Plaintiffs'

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1    characterization of their claims and/or legal conclusions, to which no response is required.

2    To the extent that the allegations contained in Paragraph 266 relate to other Defendants

3    and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to

4    the truth of these allegations and, therefore, denies these allegations.  To the extent that

5    Paragraph 266 may be deemed to require a response from TACP, TACP lacks knowledge

6    or information sufficient to form a belief as to the truth of these allegations and, therefore,

7    denies these allegations.

8        267.    TACP hereby incorporates by reference its responses to Paragraphs 1-266 of

9    the IP-CAC as set forth above.   Paragraph 267 consists of arguments, Plaintiffs'

10   characterization of their claims and/or legal conclusions, to which no response is required.

11   To the extent that the allegations contained in Paragraph 267 relate to other Defendants

12   and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to

13   the truth of these allegations and, therefore, denies these allegations.  To the extent that

14   Paragraph 267 may be deemed to require a response from TACP, TACP lacks knowledge

15   or information sufficient to form a belief as to the truth of these allegations and, therefore,

16   denies these allegations.

17       268.    TACP hereby incorporates by reference its responses to Paragraphs 1-267 of

18   the IP-CAC as set forth above.   Paragraph 268 consists of arguments, Plaintiffs'

19   characterization of their claims and/or legal conclusions, to which no response is required.

20   To the extent that the allegations contained in Paragraph 268 relate to other Defendants

21   and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to

22   the truth of these allegations and, therefore, denies these allegations.  To the extent that

23   Paragraph 268 may be deemed to require a response from TACP, TACP lacks knowledge

24   or information sufficient to form a belief as to the truth of these allegations and, therefore,

25   denies these allegations.

26       269.    TACP hereby incorporates by reference its responses to Paragraphs 1-268 of

27   the IP-CAC as set forth above.   Paragraph 269 consists of arguments, Plaintiffs'

28   characterization of their claims and/or legal conclusions, to which no response is required.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6

To the extent that the allegations contained in Paragraph 269 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that Paragraph 269 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

7
8
9
10
11
12
13
14
15

270. TACP hereby incorporates by reference its responses to Paragraphs 1-269 of the IP-CAC as set forth above. Paragraph 270 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 270 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that Paragraph 270 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

16
17
18
19
20
21
22
23
24

271. TACP hereby incorporates by reference its responses to Paragraphs 1-270 of the IP-CAC as set forth above. Paragraph 271 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 271 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that Paragraph 271 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

25
26

C. **Third Claim for Relief: Violation of State Consumer Protection and Unfair Competition Statutes**

27
28

272. TACP hereby incorporates by reference its responses to Paragraphs 1-271 of the IP-CAC as set forth above.

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S ANSWER TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917
43

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

273.    Paragraph 273 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 273 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 273 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

274.    TACP hereby incorporates by reference its responses to Paragraphs 1-273 of the IP-CAC as set forth above.    Paragraph 274 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 274 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 274 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

275.    TACP hereby incorporates by reference its responses to Paragraphs 1-274 of the IP-CAC as set forth above.    Paragraph 275 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 275 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 275 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

276.    TACP hereby incorporates by reference its responses to Paragraphs 1-275 of the IP-CAC as set forth above.    Paragraph 276 consists of arguments, Plaintiffs'

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1    characterization of their claims and/or legal conclusions, to which no response is required.

2    To the extent that the allegations contained in Paragraph 276 relate to other Defendants

3    and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to

4    the truth of these allegations and, therefore, denies these allegations.  To the extent that

5    Paragraph 276 may be deemed to require a response from TACP, TACP lacks knowledge

6    or information sufficient to form a belief as to the truth of these allegations and, therefore,

7    denies these allegations.

8        277.    TACP hereby incorporates by reference its responses to Paragraphs 1-276 of

9    the IP-CAC as set forth above.   TACP denies that Plaintiffs are entitled to any relief

10   pursuant to claims under the Massachusetts Consumer Protection Act, as the Court

11   dismissed these claims in its March 30, 2010 Order (Doc. No. 665).   Paragraph 277

12   consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions,

13   to which no response is required.   To the extent that the allegations contained in

14   Paragraph 277 relate to other Defendants and/or third parties, TACP lacks knowledge or

15   information sufficient to form a belief as to the truth of these allegations and, therefore,

16   denies these allegations.  To the extent that Paragraph 277 may be deemed to require a

17   response from TACP, TACP lacks knowledge or information sufficient to form a belief as

18   to the truth of these allegations and, therefore, denies these allegations.

19       278.    TACP hereby incorporates by reference its responses to Paragraphs 1-277 of

20   the IP-CAC as set forth above.    Paragraph 278 consists of arguments, Plaintiffs'

21   characterization of their claims and/or legal conclusions, to which no response is required.

22   To the extent that the allegations contained in Paragraph 278 relate to other Defendants

23   and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to

24   the truth of these allegations and, therefore, denies these allegations.  To the extent that

25   Paragraph 278 may be deemed to require a response from TACP, TACP lacks knowledge

26   or information sufficient to form a belief as to the truth of these allegations and, therefore,

27   denies these allegations.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

279.    TACP hereby incorporates by reference its responses to Paragraphs 1-278 of the IP-CAC as set forth above.    Paragraph 279 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 279 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 279 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

280.    TACP hereby incorporates by reference its responses to Paragraphs 1-279 of the IP-CAC as set forth above.    Paragraph 280 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 280 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 280 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

281.    TACP hereby incorporates by reference its responses to Paragraphs 1-280 of the IP-CAC as set forth above.    Paragraph 281 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 281 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 281 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

282.    TACP hereby incorporates by reference its responses to Paragraphs 1-281 of the IP-CAC as set forth above.   TACP denies that Plaintiffs are entitled to any relief pursuant to claims under the Rhode Island Unfair Trade Practices and Consumer Protection Act, as the Court dismissed these claims in its March 30, 2010 Order (Doc. No. 665). Also, Paragraph 282 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 282 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 282 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

283.    TACP hereby incorporates by reference its responses to Paragraphs 1-282 of the IP-CAC as set forth above.   Paragraph 283 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 283 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 283 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

**D.    Fourth Claim for Relief:  Unjust Enrichment and Disgorgement of Profits**

284.    TACP hereby incorporates by reference its responses to Paragraphs 1-283 of the IP-CAC as set forth above.

285.    Paragraph 285 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 285 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

allegations and, therefore, denies these allegations.  To the extent that Paragraph 285 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

286.    TACP denies that Plaintiffs are entitled to any relief pursuant to claims under the common law of unjust enrichment in Kansas, as the Court dismissed these claims in its March 30, 2010 Order (Doc. No. 665).  Paragraph 286 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 286 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 286 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

287.    Paragraph 287 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 287 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 287 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## XII.  FRAUDULENT CONCEALMENT

288.    TACP hereby incorporates by reference its responses to Paragraphs 1-287 of the IP-CAC as set forth above.

289.    Paragraph 289 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 289 relate to other Defendants and/or third parties,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that Paragraph 289 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

290. Paragraph 290 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 290 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that Paragraph 290 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

291. Paragraph 291 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 291 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that Paragraph 291 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## XIII. **PRAYER FOR RELIEF**

In answer to the Prayer for Relief, TACP denies each and every allegation in the Prayer and further specifically denies that Plaintiffs are entitled to any of the relief requested or any remedy whatsoever against TACP.

All allegations of the IP-CAC not heretofore admitted or denied are here and now denied as though specifically denied herein.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEFENSES/AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, TACP asserts the following separate and additional defenses:

### FIRST DEFENSE

The conduct alleged to provide a basis for the claims of Plaintiffs and any putative class members did not have a direct, substantial and reasonably foreseeable effect on trade or commerce with the United States.  The Court therefore lacks subject-matter jurisdiction of the claims of Plaintiffs' and any putative class members.  The Court also lacks subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

### SECOND DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

### THIRD DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Plaintiffs, and each of them, have failed to plead fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

### FIFTH DEFENSE

Plaintiffs' state law claims are barred or limited in whole or in part by the doctrine of *forum non conveniens* and improper venue.  Plaintiffs' claims, to the extent they rely on the laws of foreign states or are brought on behalf of out-of-state residents, would be better adjudicated in those foreign courts.

### SIXTH DEFENSE

Plaintiffs' claims and claims of any putative class members against TACP are barred to the extent that they have agreed to arbitration or chosen a different forum for the resolution of their claims.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

### SEVENTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because they cannot be maintained as a class action.

### EIGHTH DEFENSE

The relief sought by Plaintiffs, and each of them, is barred because the named Plaintiffs are not proper class representatives.

### NINTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because Plaintiffs, and each of them, lack standing to bring or maintain the claims set forth in the Complaint.

### TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs purport to bring this action on behalf of a nationwide class, some members of which reside in jurisdictions that do not permit actions based on, or analogous to, the claims specified in the Complaint.

### ELEVENTH DEFENSE

Plaintiffs' claims and claims of any putative class members are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure because they did not arise out of the same transaction, occurrence or series of transactions or occurrences and/or do not involve questions of law or fact common to all Defendants.

### TWELFTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because Plaintiffs, and each of them, have suffered no antitrust injury.

### THIRTEENTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the doctrine of waiver.

### FOURTEENTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the doctrine of estoppel.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**FIFTEENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the doctrine of laches.

**SIXTEENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because no Plaintiff has been injured in its business or property by reason of any action of TACP.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of TACP and/or were caused, if at all, solely and proximately by the conduct of third parties including, without limitations, the prior, intervening or superseding conduct of such third parties.

**EIGHTEENTH DEFENSE**

To the extent that any actionable conduct occurred, Plaintiffs' claims and claims of any putative class members against TACP are barred because all such conduct would have been committed by individuals acting *ultra vires*.

**NINETEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no damages as a result of any actions taken by TACP and/or the other Defendants.

**TWENTIETH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

**TWENTY-FIRST DEFENSE**

Plaintiffs and any putative class members are barred from recovery of any damages because of and to the extent of their failure to mitigate damages.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1

## TWENTY-SECOND DEFENSE

2   Plaintiffs' claims and claims of any putative class members are barred, in whole or in
3   part, because any actions or practices of TACP that are subject of the IP-CAC were
4   undertaken unilaterally for legitimate business reasons and in pursuit of TACP's
5   independent interests and those of its customers, and were not the product of any contract,
6   combination or conspiracy between TACP and any other person or entity.

7   ## TWENTY-THIRD DEFENSE

8   Plaintiffs' claims and claims of any putative class members are barred, in whole or in
9   part, because any acts or practices of TACP that are the subject of the IP-CAC were
10  adopted in furtherance of legitimate business interests of TACP and of its customers and
11  did not unreasonably restrain competition.

12  ## TWENTY-FOURTH DEFENSE

13  Plaintiffs' claims and claims of any putative class members are barred, in whole or in
14  part, because any acts or practices of TACP that are the subject of the IP-CAC were cost
15  justified or otherwise economically justified and resulted from a good-faith effort to meet
16  competition or market conditions.

17  ## TWENTY-FIFTH DEFENSE

18  Plaintiffs' claims and claims of any putative class members are barred, in whole or in
19  part, as premised upon privileged conduct or actions by TACP.

20  ## TWENTY-SIXTH DEFENSE

21  Plaintiffs' claims and claims of any putative class members are barred, in whole or in
22  part, because the alleged conduct complained of was caused by, due to, based upon, or in
23  response to directives, laws, regulations, policies and/or acts of governments, governmental
24  agencies and entities and/or regulatory agencies, and as such is non-actionable or
25  privileged.

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**TWENTY-SEVENTH DEFENSE**

To the extent there is a finding of an illegal overcharge, Plaintiffs' claims are barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not passed through to the indirect purchasers.

**TWENTY-EIGHTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because, as indirect purchasers, they fail to meet their burden of proving that they were damaged in fact by the conduct of which complaint is here made, including the burden of proving that any so-called overcharge of which complaint is made and which was not absorbed by predecessors to the Plaintiffs in the chain of distribution was not passed on to a third party.

**TWENTY-NINTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, to the extent they seek improper multiple damage awards, and damage awards duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution.

**THIRTIETH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the equitable doctrine of unclean hands.

**THIRTY-FIRST DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the doctrine of accord and satisfaction.

**THIRTY-SECOND DEFENSE**

Without admitting the existence of any contract, combination or conspiracy in restraint of trade, TACP contends that it is entitled to set off any amounts paid to Plaintiffs by any Defendants other than TACP who have settled, or do settle, Plaintiffs' claims against them in this action.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### THIRTY-THIRD DEFENSE

Plaintiffs' claims and claims of any putative class members for injunctive relief are barred, in whole or in part, insofar as Plaintiffs seek to enjoin alleged events that have already transpired without the requisite showing of threatened future harm or continuing harm.

### THIRTY-FOURTH DEFENSE

The Complaint is ambiguous as to whether the alleged state law violations are intended to be asserted on behalf of a purported nationwide class of indirect purchasers or just on behalf of the residents of those states whose laws were cited.  To the extent the Complaint asserts alleged violations on behalf of indirect purchasers located outside of the jurisdictions governed by those laws, those claims are barred as improper assertions of extraterritorial jurisdiction and any effort to enforce those laws as to residents of other states would violate Defendants' rights to due process under the United States and various state constitutions.

### THIRTY-FIFTH DEFENSE

To the extent Plaintiffs or any purported class members seek to assert claims or obtain relief under the laws of a state of which they are not a resident, those claims are barred by constitutional rights of due process, choice of law principles, and the laws of the states under which Plaintiffs assert their claims.

### THIRTY-SIXTH DEFENSE

Plaintiffs' claims are barred in whole or part because the Complaint fails to plead conspiracy with particularity required under applicable law.

### THIRTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to:  15 U.S.C. § 15b; Ariz. Rev. Stat. Ann. § 44-1410; Cal. Bus. & Prof. Code § 17208; Cal. Bus. & Prof. Code § 16750.1; Cal. Civ. Proc. Code §§ 337-340; Fla. Stat. § 95.11(f); Haw. Rev. Stat. § 480-24; Iowa Code §§ 553.12 and 553.16; Kan. Stat. Ann. § 60-512(2); Mass. Gen. Laws ch. 93, § 13.  Mich. Comp. Laws

§§ 445.781 and 600.5813; Minn. Stat. § 325D.64(1); Miss. Code Ann. §§ 15-1-49 and 15-1-65; Neb. Rev. Stat. §§ 25-206 and 59-1612; Nev. Rev. Stat. §§ 11.190 and 598A.220; N.M. Stat. § 57-1-12; N.Y. C.P.L.R. 214(2); N.C. Gen. Stat. § 75-16.2; N.D. Cent. Code § 51-08.1-10; R.I. Gen. Laws §§ 9-1-13(a) and 6-36-23; S.D. Codified Laws § 37-1-14.4; Tenn. Code Ann. § 28-3-105; Vt. Stat. Ann. tit. 12, § 511; W. Va. Code § 47-18-11; Wis. Stat. § 133.18.

### THIRTY-EIGHTH DEFENSE

Plaintiffs lack standing to prosecute their state antitrust claims, in whole or in part, under, without limitation, the following statutes:  Ariz. Rev. Stat. Ann. §§ 44-1401, *et seq.*; Cal. Bus. & Prof. Code §§ 16700, *et seq.*; Cal. Bus. & Prof. Code §§ 17200, *et seq.*; Iowa Code §§ 553.1, *et seq.*; Kan. Stat. Ann. §§ 50-101, *et seq.*; Mich. Comp. Laws §§ 445.771, *et seq.*; Minn. Stat. §§ 325D.52, *et seq.*; Miss. Code Ann. §§ 75-21-9, *et seq.* and 75-24-1, *et seq.*; Neb. Rev. Stat. §§ 59-801, *et seq.*; Nev. Rev. Stat. §§ 598A, *et seq.*; N.M. Stat. §§ 57-1-1, *et seq.*; N.C. Gen. Stat. §§ 75-1, *et seq.*; N.D. Cent. Code §§ 51-08.1-01, *et seq*; S.D. Codified Laws §§ 37-1, *et seq.*; Tenn. Code Ann. §§ 47-25-101, *et seq.*; Vt. Stat. Ann. tit. 9, §§ 2453, *et seq.*; W. Va. Code §§ 47-18-1, *et seq.*; Wis. Stat. §§ 133.01, *et seq.*

### THIRTY-NINTH DEFENSE

Plaintiffs lack standing to prosecute their state consumer protection claims, in whole or in part, under, without limitation, the following statutes:  Cal. Bus. & Prof. Code §§ 17200, *et seq.*; Fla. Stat. §§ 501.201, *et seq.*; Haw. Rev. Stat. §§ 480-4, *et seq.*; Mass. Gen. Laws ch. 93A, §§ 2, *et seq.*; Neb. Rev. Stat. §§ 59-1601, *et seq.*; N.M. Stat. §§ 57-1-1, *et seq.*; N.Y. Gen. Bus. Law §§ 349, *et seq.*; N.C. Gen. Stat. §§ 75-1.1, *et seq.*; R.I. Gen. Laws §§ 6-13.1-1, *et seq.*; Vt. Stat. Ann. tit. 9, §§ 2451, *et seq.*

### FORTIETH DEFENSE

Plaintiffs are not entitled to bring unjust enrichment claims under the law of Kansas as these claims were dismissed by the Court in its March 30, 2010 Order.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## FORTY-FIRST DEFENSE

Plaintiffs are not entitled to bring claims, or are entitled to any relief, for alleged violations of Neb. Rev. Stat. §§ 59-801, *et seq.*, based on sales made prior to July 20, 2002, as these claims were dismissed by the Court in its March 30, 2010 Order.

## FORTY-SECOND DEFENSE

Plaintiffs are not entitled to bring claims, or are entitled to any relief, for alleged violations of Nev. Rev. Stat. §§ 598A, *et seq.*, based on sales made prior to the 1999 date of Nevada's repealer statute, as these claims were dismissed by the Court in its March 30, 2010 Order.

## FORTY-THIRD DEFENSE

Plaintiffs are not entitled to bring claims, or are entitled to any relief, for alleged violations of Mass. Gen. Laws ch. 93A, §§ 2, *et seq.*, as these claims were dismissed by the Court in its March 30, 2010 Order.

## FORTY-FOURTH DEFENSE

Plaintiffs are not entitled to bring claims, or are entitled to any relief, for alleged violations of R.I. Gen. Laws §§ 6-13.1-1, *et seq.*, as these claims were dismissed by the Court in its March 30, 2010 Order.

## FORTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the claims are based on California law and any of the alleged events took place outside the state of California without impact on California residents.

## FORTY-SIXTH DEFENSE

To the extent Plaintiffs purport to represent or seek relief on behalf of members of the putative class who are not located or resident in the State of California, the Complaint and each of its claims for relief therein violate Defendants' rights to due process under the constitutions of California and the United States. *See, e.g., BMW of N. Am. v. Gore*, 517 U.S. 559, 571-72 (1996); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812-23 (1985).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## FORTY-SEVENTH DEFENSE

Any award of restitution under Cal. Bus. & Prof. Code § 17203 based upon asserted interests or injuries of the purported class members in this case would violate the Excessive Fines Clause of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to the United States Constitution and article I, section 17 of the California Constitution.

## FORTY-EIGHTH DEFENSE

Plaintiffs' claims for monetary relief under Cal. Bus. & Prof. Code § 17203 are barred, in whole or in part, because TACP did not acquire any money or property from Plaintiffs.

## FORTY-NINTH DEFENSE

Any finding of liability under Cal. Bus. & Prof. Code §§ 17200, 17203 or 17204 would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and article I, section 7 of the California Constitution, because the standards of liability under these statutes are unduly vague and subjective, permitting retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

## FIFTIETH DEFENSE

Any award of restitution to the Plaintiffs under Cal. Bus. & Prof. Code § 17203 would constitute a taking of property without just compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution (as incorporated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution) and article I, section 19 of the California Constitution.

## FIFTY-FIRST DEFENSE

Cal. Bus. & Prof. Code § 17204 improperly delegates the executive branch's prosecutorial power to private parties, in contravention of the separation-of-powers doctrine and the provisions of article V of the California Constitution vesting the State's

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

executive power in the Executive Branch, by authorizing private plaintiffs without any individualized injury to bring suit on behalf of the interests of the general public.

### FIFTY-SECOND DEFENSE

Any award of restitution under Cal. Bus. & Prof. Code § 17203 to persons who refuse to execute an acknowledgement that the payment is in full settlement of claims against Defendants would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### FIFTY-THIRD DEFENSE

Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 16700 *et seq.*, are barred, in whole or in part, because the application of §§ 16700, *et seq.*, to wholly interstate or foreign commerce violates the Commerce Clause of the United States Constitution.

### FIFTY-FOURTH DEFENSE

Any award of treble damages, punitive damages or restitution pursuant to Cal. Bus. & Prof. Code §§ 16720, 16727, 16750, or 16761 would violate the Excessive Fines and Due Process Clauses of the United States Constitution and equivalent clauses in the California Constitution.

### FIFTY-FIFTH DEFENSE

Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 16700, *et seq.*, §§ 17200, *et seq.*, and California unjust enrichment law are barred, in whole or in part, because those statutes are inapplicable to alleged wrongs suffered by non-California residents based on alleged conduct of TACP occurring outside of California.

### FIFTY-SIXTH DEFENSE

Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 16700, *et seq.*, §§ 17200, *et seq.*, and California unjust enrichment law are barred, in whole or in part, because those causes of action arise under California law, but Plaintiffs seek to include in the putative plaintiff class non-California residents — notwithstanding California's lack of a significant contact or significant aggregation of contacts with each member of the putative nationwide plaintiff class — and as such is arbitrary and unfair and violates guarantees of due process in the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

United States and California Constitutions, as well as the Full Faith and Credit Clause of the United States Constitution, and constitutes an impermissible burden on interstate commerce in contravention of the Commerce Clause of the United States Constitution.

### FIFTY-SEVENTH DEFENSE

Plaintiffs' claims for unjust enrichment brought under California law are barred, in whole or in part, because TACP did not receive a benefit from Plaintiffs, TACP did not retain any benefit, and/or the receipt of any benefit was not unjust.

### FIFTY-EIGHTH DEFENSE

Plaintiffs' claims under Fla. Stat. §§ 501.201, *et seq.* are barred, in whole or in part, because pursuant to § 501.202(3), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") must be construed in a manner consistent with federal antitrust laws. Because plaintiffs' injuries are too speculative, derivative, indirect, and remote to confer standing under federal antitrust law, they also do not confer standing under FDUTPA.

### FIFTY-NINTH DEFENSE

Plaintiffs' claims under Fla. Stat. §§ 501.201, *et seq.*, are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

### SIXTIETH DEFENSE

Plaintiffs' claims under Haw. Rev. Stat. §§ 480-4, *et seq.* are barred, in whole or in part, because Plaintiffs failed to comply with the requirements of Haw. Rev. Stat. § 480-13.3.

### SIXTY-FIRST DEFENSE

Plaintiffs' claims under Iowa Code §§ 553.1, *et seq.*, are barred, in whole or in part, because Plaintiffs have not suffered actual, cognizable injury under the Iowa Competition Law.

### SIXTY-SECOND DEFENSE

Plaintiffs' claims under Iowa Code §§ 553.1, *et seq.*, are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1     **SIXTY-THIRD DEFENSE**

2     Plaintiffs' claims under Kan. Stat. Ann. §§ 50-101, *et seq.* are barred, in whole or in

3 part, because Plaintiffs have not suffered any actual, cognizable injury under Kansas law.

4     **SIXTY-FOURTH DEFENSE**

5     Plaintiffs' claims under Kansas law are barred, in whole or in part, because the

6 remedies sought are unconstitutional and contrary to public policy.

7     **SIXTY-FIFTH DEFENSE**

8     Plaintiffs' claims under Kansas law are barred, in whole or in part, because plaintiff is

9 not entitled to "full consideration" damages.

10     **SIXTY-SIXTH DEFENSE**

11     Plaintiffs' claims under Mass. Gen. Laws ch. 93A, §§2, *et seq.* are barred, in whole or

12 in part, because Plaintiffs failed to make a written demand for relief to TACP at least thirty

13 days prior to filing the Complaint.

14     **SIXTY-SEVENTH DEFENSE**

15     Plaintiffs' claims under Mass. Gen. Laws ch. 93A are barred, in whole or in part,

16 because TACP responded reasonably and/or in good faith to Plaintiffs' purported demand.

17     **SIXTY-EIGHTH DEFENSE**

18     Plaintiffs' claims under Mich. Comp. Laws §§ 445.771, *et seq.* are barred, in whole

19 or in part, because the Michigan Antitrust Reform Act is not applicable to conduct

20 occurring outside of Michigan.

21     **SIXTY-NINTH DEFENSE**

22     Plaintiffs' claims under Mich. Comp. Laws §§ 445.771, *et seq.* are barred, in whole

23 or in part, because Plaintiffs cannot establish actual damages.

24     **SEVENTIETH DEFENSE**

25     Plaintiffs' claims under Minn. Stat. §§ 325D.52, *et seq.* are barred, in whole or in

26 part, because under Minn. Stat. § 325D.57, courts should take efforts to avoid imposition of

27 duplicative damages in successive suits.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SEVENTY-FIRST DEFENSE

Plaintiffs' claims under Minnesota law are barred, in whole or in part, to the extent that Plaintiffs and the other members of the class seek damages that are duplicative of damages sought in other actions.

### SEVENTY-SECOND DEFENSE

Plaintiffs' claims under Minn. Stat. §§ 325D.52, *et seq.* are barred, in whole or in part, because the alleged conduct did not affect the trade or commerce in Minnesota as required by Minn. Stat. § 325D.54.

### SEVENTY-THIRD DEFENSE

Plaintiffs' claims under Miss. Code Ann. §§ 75-21-1, *et seq.* are barred, in whole or in part, because the act applies only to conspiracies to be accomplished at least in part by wrongful conduct that takes place within Mississippi.

### SEVENTY-FOURTH DEFENSE

Plaintiffs' claims under Miss. Code Ann. §§ 75-21-1, *et seq.* are barred, in whole or in part, because punitive damages may not be awarded under §§ 75-21-1, *et seq.*, which provide the exclusive remedies for violation of that act.

### SEVENTY-FIFTH DEFENSE

In the event and to the extent Plaintiffs seek to assert a claim under the Mississippi "State Consumer Protection Act," Miss. Code Ann. § 75-24-15 expressly prohibits class-action lawsuits.

### SEVENTY-SIXTH DEFENSE

In the event and to the extent Plaintiffs seek to assert a claim under the "State Consumer Protection Act," Plaintiffs have not met the prerequisites for a claim under Miss. Code Ann. § 75-24-15.

### SEVENTY-SEVENTH DEFENSE

Plaintiffs' claims under Neb. Rev. Stat. §§ 59-801, *et seq.* are barred, in whole or in part, by Neb. Rev. Stat. § 59-821.01.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**SEVENTY-EIGHTH DEFENSE**

Plaintiffs' claims under Neb. Rev. Stat. §§ 59-801, *et seq.* are barred, in whole or in part, by Neb. Rev. Stat. § 59-1609.1.

**SEVENTY-NINTH DEFENSE**

Plaintiffs' claims under Nev. Rev. Stat. §§ 598A, *et seq.* are barred, in whole or in part, because under § 598A.060, that act applies only to activity occurring, at least in part, in Nevada.

**EIGHTIETH DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-1-1, *et seq.* are barred, in whole or in part, because the alleged conduct of TACP that is the subject of the IP-CAC was neither directed to nor affected persons or entities or commerce in New Mexico.

**EIGHTY-FIRST DEFENSE**

Plaintiffs' claims under N.M. Stat.  §§ 57-1-1, *et seq.* are barred, in whole or in part, because the Complaint fails to plead such fraud or fraudulent concealment with the particularity required by the applicable law.

**EIGHTY-SECOND DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.* are barred, in whole or in part, because the New Mexico Unfair Practices Act does not provide relief for indirect purchasers.

**EIGHTY-THIRD DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.* are barred, in whole or in part, because TACP made no sales to Plaintiffs, and accordingly Plaintiffs have no claim under the New Mexico Unfair Practices Act.

**EIGHTY-FOURTH DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.* are barred, in whole or in part, because TACP made no representations to Plaintiffs, and accordingly Plaintiffs have no claim under the New Mexico Unfair Practices Act.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### EIGHTY-FIFTH DEFENSE

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.* are barred, in whole or in part, because Plaintiffs failed to plead any necessary predicate acts to invoke application of the New Mexico Unfair Practices Act.

### EIGHTY-SIXTH DEFENSE

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.* are barred, in whole or in part, because application of the New Mexico Unfair Practices Act to any transactions occurring outside the State of New Mexico would violate the Commerce Clause of the United States Constitution.

### EIGHTY-SEVENTH DEFENSE

Plaintiffs' claims under New Mexico law are frivolous and groundless with no arguable basis in fact or law.

### EIGHTY-EIGHTH DEFENSE

Plaintiffs' claims under N.Y. Gen. Bus. Law § 349 are barred, in whole or in part, because any alleged conduct by TACP is, or if in interstate commerce would be, subject to and compliant with the rules and regulations of, and statutes administered by, the Federal Trade Commission or other official department, division, commission or agency of the United States, as these rules, regulations, or statutes are interpreted by the Federal Trade Commission or such department, division, commission or agency of the federal courts. N.Y. Gen. Bus. Law § 349(d).

### EIGHTY-NINTH DEFENSE

Plaintiffs' claims under New York law and other applicable laws are barred by the voluntary payment doctrine, under which one cannot recover payments with full knowledge of the facts.

### NINETIETH DEFENSE

Plaintiffs' claims under N.Y. Gen. Bus. Law § 349 are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

### NINETY-FIRST DEFENSE

2     Plaintiffs' claims under N.C. Gen. Stat. § 75-1.1, *et seq.* are barred, in whole or in

3 part, because Plaintiffs have not suffered any actual cognizable injuries or damages under

4 N.C. Gen. Stat. § 75-16 or otherwise under the laws of North Carolina as a result of the

5 conduct complained of herein.

6

### NINETY-SECOND  DEFENSE

7     Plaintiffs' claims under N.C. Gen. Stat. § 75-1.1, *et seq.* are barred, in whole or in

8 part, to the extent that an award of damages under N.C. Gen. Stat. § 75-16 is

9 unconstitutional when applied to the facts of the instant matter.

10

### NINETY-THIRD DEFENSE

11     Plaintiffs lack standing to prosecute their state antitrust claims against TACP, in

12 whole or in part, because they have not met the modified *Associated General Contractors*

13 test set forth in *Crouch v. Crompton Corp.,* Nos. 02-4375, 03-2514, 2004 WL 2414027, at

14 *18-20 (N.C. Super. Oct. 28, 2004).

15

### NINETY-FOURTH DEFENSE

16     Plaintiffs' claims under S.D. Codified Laws §§ 37-1, *et seq.* are barred, in whole or in

17 part, because under S.D. Codified Laws §§ 37-1-33, courts should take efforts to avoid

18 imposition of duplicative damages in successive suits.

19

### NINETY-FIFTH DEFENSE

20     Plaintiffs' claims under Tenn. Code Ann. §§ 47-25-101, *et seq.*, are barred, in whole

21 or in part, because Defendants did not willfully violate that statute.

22

### NINETY-SIXTH DEFENSE

23     Plaintiffs' claims under Tenn. Code Ann. §§ 47-25-101, *et seq.*, are barred, in whole

24 or in part, because Defendants' conduct did not have a substantial effect on Tennessee

25 commerce.

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

**NINETY-SEVENTH DEFENSE**

2    Plaintiffs' claims for unjust enrichment under Tenn. Code Ann. §§ 47-25-101, *et seq.*,

3    are barred, in whole or in part, because Plaintiffs failed to exhaust all remedies against the

4    parties with whom each Plaintiff is in privity.

5

**NINETY-EIGHTH DEFENSE**

6    Plaintiffs' claims for unjust enrichment under Tenn. Code Ann. §§ 47-25-101, *et seq.*,

7    are barred, in whole or in part, because indirect intermediate purchasers do not have

8    standing under the Tennessee Trade Practices Act.

9

**NINETY-NINTH DEFENSE**

10    Plaintiffs' claims under Vt. Stat. Ann. tit. 9, §§ 2451, *et seq.* are barred, in whole or in

11    part, because Plaintiffs have not suffered actual, cognizable injury under the Vermont

12    Consumer Fraud Act.

13

**ONE HUNDREDTH DEFENSE**

14    Plaintiffs' claims under Vermont law are barred, in whole or in part, because any

15    recovery by Plaintiffs would amount to impermissible duplicative liability within the

16    meaning of Vt. Stat. Ann. tit. 9, § 2465(b).

17

**ONE HUNDRED FIRST DEFENSE**

18    Plaintiffs' claims under Vt. Stat. Ann. tit. 9, §§ 2451, *et seq.* are barred, in whole or in

19    part, because TACP did not willfully or knowingly violate the Vermont Consumer Fraud

20    Act.

21

**ONE HUNDRED SECOND DEFENSE**

22    Plaintiffs' claims under W. Va. Code  §§ 47-18-1, *et seq.* are barred, in whole or in

23    part, because West Virginia Regulation 142-9-2, which purports to grant a cause of action

24    to individuals indirectly injured by violations of the West Virginia Antitrust Act, is invalid,

25    and Plaintiffs' claims are therefore barred by *Illinois Brick Co. v. Illinois*, 43 U.S. 881

26    (1977).

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ONE HUNDRED THIRD DEFENSE**

TACP adopts by reference any applicable defense pleaded by any other Defendant not otherwise expressly set forth herein.

**ONE HUNDRED FOURTH DEFENSE**

TACP reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

**TACP'S PRAYER FOR RELIEF**

WHEREFORE, TACP prays for judgment as follows:

1.   That Plaintiffs take nothing by reason of the IP-CAC, and that the action be dismissed with prejudice;

2.   That the Court enter judgment in favor of TACP and against Plaintiffs with respect to all causes of action in the IP-CAC;

3.   That the Court award TACP its attorneys' fees and other costs reasonably incurred in the defense of this action; and

4.   That the Court order such other further relief for TACP as the Court may deem just and proper.

Dated:  April 29, 2010

Respectfully submitted,

**WHITE & CASE** LLP

By:   /s/ Christopher M. Curran
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Consumer Products, L.L.C.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## CERTIFICATE OF SERVICE

On April 29, 2010, I caused a copy of the "TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S ANSWER TO INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT" to be served via ECF on the other parties in this action.


By:   /s/ Christopher M. Curran
      Christopher M. Curran (*pro hac vice*)