Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba America Information Systems, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>INDIRECT PURCHASER ACTIONS | **TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S ANSWER TO INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT**<br><br>The Honorable Samuel Conti |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

# I. __INTRODUCTION__

For its Answer to Indirect Purchaser Plaintiff' Consolidated Amended Complaint ("IP-CAC"), Defendant Toshiba America Information Systems, Inc. ("TAIS") states as follows:

1.      The allegations contained in the first sentence of Paragraph 1 consist of the Plaintiffs' characterization of their case, to which no response is required.  To the extent that a response is deemed required, TAIS denies the allegations of the first sentence of Paragraph 1.  To the extent that the allegations contained in the second and third sentences of Paragraph 1 relate to other Defendants, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in the second and third sentences of Paragraph 1 are directed to TAIS, TAIS denies these allegations.

2.      To the extent that the allegations contained in Paragraph 2 relate to other Defendants, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 2 are directed to TAIS, TAIS denies these allegations.

3.      To the extent that the allegations contained in Paragraph 3 relate to other Defendants, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 3 are directed to TAIS, TAIS denies these allegations.

4.      TAIS admits the allegations in the first sentence of Paragraph 4, but denies that the referenced competition authorities are investigating a "global conspiracy" covering "CRT Products" for lack of information sufficient to form a belief as to the truth of this allegation.  The allegations in the second and third sentences of Paragraph 4 are reflected in the indictment of C.Y. Lin, which is the best evidence of its contents.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

## II.  JURISDICTION AND VENUE

5.     The allegations contained in Paragraph 5 consist of the Plaintiffs' characterization of their case, to which no response is required.  To the extent that a response is deemed required, TAIS denies the allegations of Paragraph 5.

6.     The allegations contained in Paragraph 6 are legal conclusions to which no response is required.  To the extent that a response is deemed required, TAIS denies the allegations of Paragraph 6.

7.     The allegations contained in Paragraph 7 are legal conclusions to which no response is required.  To the extent that a response is deemed required, TAIS denies the allegations of Paragraph 7.

8.     The allegations contained in Paragraph 8 are legal conclusions to which no response is required.  To the extent that a response is deemed required, TAIS denies the allegations of Paragraph 8.

9.     TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations contained in Paragraph 9 and, therefore, denies these allegations.

10.    To the extent that the allegations contained in Paragraph 10 relate to other Defendants, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in the second and third sentences of Paragraph 10 are directed to TAIS, TAIS denies these allegations.

11.    Paragraph 11 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that Paragraph 11 may be deemed to require a response from TAIS, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

12.    Paragraph 12 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that Paragraph 12 may be deemed to require a response from TAIS, TAIS lacks knowledge or information

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

### III.  DEFINITIONS

13.     TAIS admits the allegations contained in Paragraph 13 of the IP-CAC.

14.     TAIS denies the allegations contained in Paragraph 14 of the IP-CAC.

15.     Paragraph 15 consists of defined terms, to which no response is required.  To the extent that a response is deemed required, TAIS denies the allegations of Paragraph 15.

16.     Paragraph 16 consists of defined terms, to which no response is required.  To the extent that a response is deemed required, TAIS denies the allegations of Paragraph 16.

17.     Paragraph 17 consists of defined terms, to which no response is required.  To the extent that a response is deemed required, TAIS denies the allegations of Paragraph 17.

18.     Paragraph 18 consists of defined terms, to which no response is required.  To the extent that a response is deemed required, TAIS denies the allegations of Paragraph 18.

### IV.  PLAINTIFFS

19.     TAIS lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 19 and, therefore, denies the allegation.

20.     TAIS lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 20 and, therefore, denies the allegation.

21.     TAIS lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 21 and, therefore, denies the allegation.

22.     TAIS lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 22 and, therefore, denies the allegation.

23.     TAIS lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 23 and, therefore, denies the allegation.

24.     TAIS lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 24 and, therefore, denies the allegation.

25.     TAIS lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 25 and, therefore, denies the allegation.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

26.     TAIS lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 26 and, therefore, denies the allegation.

27.     TAIS lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 27 and, therefore, denies the allegation.

28.     TAIS lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 28 and, therefore, denies the allegation.

29.     TAIS lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 29 and, therefore, denies the allegation.

30.     TAIS lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 30 and, therefore, denies the allegation.

31.     TAIS lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 31 and, therefore, denies the allegation.

32.     TAIS lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 32 and, therefore, denies the allegation.

33.     TAIS lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 33 and, therefore, denies the allegation.

34.     TAIS lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 34 and, therefore, denies the allegation.

35.     TAIS lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 35 and, therefore, denies the allegation.

36.     TAIS lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 36 and, therefore, denies the allegation.

37.     TAIS lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 37 and, therefore, denies the allegation.

38.     TAIS lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 38 and, therefore, denies the allegation.

39.     TAIS lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 39 and, therefore, denies the allegation.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  |  40.     TAIS lacks knowledge or information sufficient to form a belief as to the truth
2  |  contained in Paragraph 40 and, therefore, denies the allegation.

3  |  41.     TAIS lacks knowledge or information sufficient to form a belief as to the truth
4  |  contained in Paragraph 41 and, therefore, denies the allegation.

5  |  42.     TAIS lacks knowledge or information sufficient to form a belief as to the truth
6  |  contained in Paragraph 42 and, therefore, denies the allegation.

7  |  43.     TAIS lacks knowledge or information sufficient to form a belief as to the truth
8  |  contained in Paragraph 43 and, therefore, denies the allegation.

9  |  44.     TAIS lacks knowledge or information sufficient to form a belief as to the truth
10 |  contained in Paragraph 44 and, therefore, denies the allegation.

11 |  45.     TAIS lacks knowledge or information sufficient to form a belief as to the truth
12 |  contained in Paragraph 45 and, therefore, denies the allegation.

13 |  46.     TAIS lacks knowledge or information sufficient to form a belief as to the truth
14 |  contained in Paragraph 46 and, therefore, denies the allegation.

15 |  47.     TAIS lacks knowledge or information sufficient to form a belief as to the truth
16 |  contained in Paragraph 47 and, therefore, denies the allegation.

17 |  48.     TAIS lacks knowledge or information sufficient to form a belief as to the truth
18 |  contained in Paragraph 48 and, therefore, denies the allegation.

19 |  49.     TAIS lacks knowledge or information sufficient to form a belief as to the truth
20 |  contained in Paragraph 49 and, therefore, denies the allegation.

## V.  DEFENDANTS

### LG Electronics Entities

50.     Paragraph 50 relates to another Defendant.     Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, denies the allegations.

51.     Paragraph 51 relates to another Defendant.     Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

52.     Paragraph 52 relates to another Defendant.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and, therefore, denies the allegations.

53.     Paragraph 53 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.   To the extent that a response is deemed required, TAIS denies the allegations contained in Paragraph 53.

**Philips Entities**

54.     Paragraph 54 relates to another Defendant.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and, therefore, denies the allegations.

55.     Paragraph 55 relates to another Defendant.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and, therefore, denies the allegations.

56.     Paragraph 56 relates to another Defendant.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and, therefore, denies the allegations.

57.     Paragraph 57 relates to another Defendant.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 and, therefore, denies the allegations.

58.     Paragraph 58 relates to another Defendant.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and, therefore, denies the allegations.

59.     Paragraph 59 relates to another Defendant.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 and, therefore, denies the allegations.

60.     Paragraph 60 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.   To the extent that a response is deemed required, TAIS denies the allegations contained in Paragraph 60.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1

**LP Displays**

2     61.     Paragraph 61 relates to another Defendant.   Accordingly, TAIS lacks

3  knowledge or information sufficient to form a belief as to the truth of the allegations

4  contained in Paragraph 61 and, therefore, denies the allegations.

5  **Samsung Entities**

6     62.     Paragraph 62 relates to another Defendant.   Accordingly, TAIS lacks

7  knowledge or information sufficient to form a belief as to the truth of the allegations

8  contained in Paragraph 62 and, therefore, denies the allegations.

9     63.     Paragraph 63 relates to another Defendant.   Accordingly, TAIS lacks

10  knowledge or information sufficient to form a belief as to the truth of the allegations

11  contained in Paragraph 63 and, therefore, denies the allegations.

12     64.     Paragraph 64 relates to another Defendant.   Accordingly, TAIS lacks

13  knowledge or information sufficient to form a belief as to the truth of the allegations

14  contained in Paragraph 64 and, therefore, denies the allegations.

15     65.     Paragraph 65 relates to another Defendant.   Accordingly, TAIS lacks

16  knowledge or information sufficient to form a belief as to the truth of the allegations

17  contained in Paragraph 65 and, therefore, denies the allegations.

18     66.     Paragraph 66 relates to another Defendant.   Accordingly, TAIS lacks

19  knowledge or information sufficient to form a belief as to the truth of the allegations

20  contained in Paragraph 66 and, therefore, denies the allegations.

21     67.     Paragraph 67 relates to another Defendant.   Accordingly, TAIS lacks

22  knowledge or information sufficient to form a belief as to the truth of the allegations

23  contained in Paragraph 67 and, therefore, denies the allegations.

24     68.     Paragraph 68 relates to another Defendant.   Accordingly, TAIS lacks

25  knowledge or information sufficient to form a belief as to the truth of the allegations

26  contained in Paragraph 68 and, therefore, denies the allegations.

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

69.     Paragraph 69 relates to another Defendant.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 and, therefore, denies the allegations.

70.     Paragraph 70 relates to another Defendant.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 and, therefore, denies the allegations.

71.     Paragraph 71 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.   To the extent that a response is deemed required, TAIS denies the allegations contained in Paragraph 71.

**Toshiba Entities**

72.     Paragraph 72 relates to another Defendant.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 and, therefore, denies the allegations, except TAIS admits the allegations contained in the first sentence of Paragraph 72.

73.     Paragraph 73 relates to another Defendant.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 and, therefore, denies the allegations, except TAIS admits the allegations contained in the first sentence of Paragraph 73.

74.     Paragraph 74 relates to another Defendant.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 and, therefore, denies the allegations, except TAIS avers that the business address of Toshiba America Consumer Products, L.L.C. is 82 Totowa Rd., Wayne, New Jersey 07470-3114.

75.     Paragraph 75 relates to another Defendant.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 and, therefore, denies the allegations.

76.     TAIS denies the allegations contained in Paragraph 76.  TAIS avers that its business address is 9740 Irvine Boulevard, Irvine, CA 92618-1697.  TAIS avers that it sold certain electronic devices containing cathode ray tubes during the Class Period.

77.     Paragraph 77 relates to another Defendant.  Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 and, therefore, denies the allegations, except TAIS avers that the business address of Toshiba America Electronic Components, Inc. is 19900 MacArthur Boulevard, Suite 400, Irvine, CA  92612.

78.     Paragraph 78 relates to another Defendant.  Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 and, therefore, denies the allegations.

79.     Paragraph 79 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.  To the extent that a response is deemed required, TAIS denies the allegations contained in Paragraph 79.

**Panasonic Entities**

80.     Paragraph 80 relates to another Defendant.  Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and, therefore, denies the allegations.

81.     Paragraph 81 relates to another Defendant.  Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and, therefore, denies the allegations.

82.     Paragraph 82 relates to another Defendant.  Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 and, therefore, denies the allegations.

83.     Paragraph 83 relates to another Defendant.  Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

84.     Paragraph 84 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.  To the extent that a response is deemed required, TAIS denies the allegations contained in Paragraph 84.

85.     Paragraph 85 relates to another Defendant.  Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 and, therefore, denies the allegations.

86.     Paragraph 86 relates to another Defendant.  Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 and, therefore, denies the allegations.

**Hitachi Entities**

87.     Paragraph 87 relates to another Defendant.  Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 and, therefore, denies the allegations.

88.     Paragraph 88 relates to another Defendant.  Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 and, therefore, denies the allegations.

89.     Paragraph 89 relates to another Defendant.  Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and, therefore, denies the allegations.

90.     Paragraph 90 relates to another Defendant.  Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and, therefore, denies the allegations.

91.     Paragraph 91 relates to another Defendant.  Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and, therefore, denies the allegations.

92.     Paragraph 92 relates to another Defendant.  Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

93.     Paragraph 93 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.  To the extent that a response is deemed required, TAIS denies the allegations contained in Paragraph 93.

**Tatung Entities**

94.     Paragraph 94 relates to another Defendant.  Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and, therefore, denies the allegations.

95.     Paragraph 95 relates to another Defendant.  Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 and, therefore, denies the allegations.

96.     Paragraph 96 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.  To the extent that a response is deemed required, TAIS denies the allegations contained in Paragraph 96.

**Chunghwa Entities**

97.     Paragraph 97 relates to another Defendant.  Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 and, therefore, denies the allegations.

98.     Paragraph 98 relates to another Defendant.  Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and, therefore, denies the allegations.

99.     Paragraph 99 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.  To the extent that a response is deemed required, TAIS denies the allegations contained in Paragraph 99.

**IRICO Entities**

100.     Paragraph 100 relates to another Defendant.  Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

101.    Paragraph 101 relates to another Defendant.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and, therefore, denies the allegations.

102.    Paragraph 102 relates to another Defendant.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and, therefore, denies the allegations.

103.    Paragraph 103 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.   To the extent that a response is deemed required, TAIS denies the allegations contained in Paragraph 103.

**Thai CRT**

104.    Paragraph 104 relates to another Defendant.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 and, therefore, denies the allegations.

**Samtel**

105.    Paragraph 105 relates to another Defendant.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 and, therefore, denies the allegations.

**Daewoo Entities**

106.    Paragraph 106 relates to another Defendant.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 and, therefore, denies the allegations.

107.    Paragraph 107 relates to another Defendant.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 and, therefore, denies the allegations.

108.    Paragraph 108 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.   To the extent that a response is deemed required, TAIS denies the allegations contained in Paragraph 108.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

109.    Paragraph 109 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.  To the extent that a response is deemed required, TAIS denies the allegations contained in Paragraph 109.

## VI.  AGENTS AND CO-CONSPIRATORS

110.    TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 and, therefore, denies the allegations.

111.    Paragraph 111 consists of Plaintiffs' characterization of their claim, to which no response is required.  If a response is deemed required, TAIS denies the allegations contained in Paragraph 111.

112.    Paragraph 112 consists of Plaintiffs' characterization of their claim, to which no response is required.  If a response is deemed required, TAIS denies the allegations contained in Paragraph 112.

113.    To the extent that the allegations contained in Paragraph 113 relate to other Defendants, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in the second and third sentences of Paragraph 113 are directed to TAIS, TAIS denies these allegations.

## VII.  INTERSTATE TRADE AND COMMERCE

114.    TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 and, therefore, denies the allegations.

115.    TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 and, therefore, denies the allegations.

116.    TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 and, therefore, denies the allegations.

## VIII.  FACTUAL ALLEGATIONS

### A.    CRT Technology

117.    TAIS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 117 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    118.   TAIS admits the allegations contained in Paragraph 118 of the IP-CAC.

2    119.   TAIS lacks knowledge or information sufficient to form a belief as to the

3    allegations contained in Paragraph 119 and, therefore, denies the allegations.

4    120.   TAIS lacks knowledge or information sufficient to form a belief as to the truth

5    of the allegations contained in Paragraph 120 and, therefore, denies the allegations.

6    **B.    Structural Characteristics Of The CRT Market**

7    121.   TAIS lacks knowledge or information sufficient to form a belief as to the truth

8    of the allegations contained in Paragraph 121 and, therefore, denies the allegations.

9    **a.    Market Concentration**

10   122.   TAIS lacks knowledge or information sufficient to form a belief as to the truth

11   of the allegations contained in Paragraph 122 and, therefore, denies the allegations.

12   **b.    Information Sharing**

13   123.   TAIS lacks knowledge or information sufficient to form a belief as to the truth

14   of the allegations contained in Paragraph 123 and, therefore, denies the allegations.

15   124.   TAIS lacks knowledge or information sufficient to form a belief as to the truth

16   of the allegations contained in Paragraph 124 and, therefore, denies the allegations.

17   **c.    Consolidation**

18   125.   To the extent that the allegations contained in Paragraph 125 relate to other

19   Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a

20   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

21   extent that the allegations contained in Paragraph 125 are directed to TAIS, TAIS denies

22   these allegations, except that TAIS is generally aware that Toshiba Corporation transferred

23   its CRT business to a new entity called Matsushita Toshiba Picture Display Co., Ltd.

24   ("MTPD") on March 31, 2003.

25   126.   TAIS lacks knowledge or information sufficient to form a belief as to the truth

26   of the allegations contained in Paragraph 126 and, therefore, denies the allegations.

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

#### d.      Multiple Interrelated Business Relationships

127.    TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 and, therefore, denies the allegations.

128.    To the extent that the allegations contained in Paragraph 128 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 128 are directed to TAIS, TAIS denies these allegations, except that TAIS is generally aware that Toshiba Corporation transferred its CRT business to a new entity called MTPD on March 31, 2003.  TAIS is generally aware that Toshiba Corporation participated in the formation of a new entity for the manufacture of CPTs with Orion Electric of South Korea, Sumitomo Corporation, and P.T. Tabung Gambar Indonesia.

#### e.      High Costs of Entry Into The Industry

129.    TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 and, therefore, denies the allegations.

#### f.      The Maturity Of The CRT Product Market

130.    TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 and, therefore, denies the allegations.

131.    TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 and, therefore, denies the allegations.

132.    TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 and, therefore, denies the allegations.

133.    TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 and, therefore, denies the allegations.

134.    TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 and, therefore, denies the allegations.

135.    TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### g.      Homogeneity Of CRT Products

136.    TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 and, therefore, denies the allegations.

137.    TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 and, therefore, denies the allegations.

### C.   **Pre-Conspiracy Market**

138.    TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 and, therefore, denies the allegations.

139.    Paragraph 139 relates to other Defendants.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 and, therefore, denies the allegations.

### D.   **Defendants' And Co-Conspirators' Illegal Agreements**

140.    To the extent that the allegations contained in Paragraph 140 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 140 are directed to TAIS, TAIS denies these allegations.

141.    To the extent that the allegations contained in Paragraph 141 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 141 are directed to TAIS, TAIS denies these allegations.

142.    To the extent that the allegations contained in Paragraph 142 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 142 are directed to TAIS, TAIS denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

143.    To the extent that the allegations contained in Paragraph 143 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 143 are directed to TAIS, TAIS denies these allegations.

144.    To the extent that the allegations contained in Paragraph 144 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 144 are directed to TAIS, TAIS denies these allegations.

### a.    "Glass Meetings"

145.    To the extent that the allegations contained in Paragraph 145 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 145 are directed to TAIS, TAIS denies these allegations.

146.    To the extent that the allegations contained in Paragraph 146 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 146 are directed to TAIS, TAIS denies these allegations.

147.    To the extent that the allegations contained in Paragraph 147 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 147 are directed to TAIS, TAIS denies these allegations.

148.    To the extent that the allegations contained in Paragraph 148 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a

White & Case LLP
701 Thirteenth Steet, NW
Washington, DC  20005

belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 148 are directed to TAIS, TAIS denies these allegations.

149.    To the extent that the allegations contained in Paragraph 149 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 149 are directed to TAIS, TAIS denies these allegations.

150.    To the extent that the allegations contained in Paragraph 150 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 150 are directed to TAIS, TAIS denies these allegations.

151.    To the extent that the allegations contained in Paragraph 151 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 151 are directed to TAIS, TAIS denies these allegations.

152.    To the extent that the allegations contained in Paragraph 152 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 152 are directed to TAIS, TAIS denies these allegations.

153.    To the extent that the allegations contained in Paragraph 153 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 153 are directed to TAIS, TAIS denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

154.    To the extent that the allegations contained in Paragraph 154 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 154 are directed to TAIS, TAIS denies these allegations.

155.    To the extent that the allegations contained in Paragraph 155 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 155 are directed to TAIS, TAIS denies these allegations.

156.    To the extent that the allegations contained in Paragraph 156 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 156 are directed to TAIS, TAIS denies these allegations.

157.    To the extent that the allegations contained in Paragraph 157 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 157 are directed to TAIS, TAIS denies these allegations.

158.    To the extent that the allegations contained in Paragraph 158 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 158 are directed to TAIS, TAIS denies these allegations.

**b.      Bilateral Discussions**

159.    To the extent that the allegations contained in Paragraph 159 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 159 are directed to TAIS, TAIS denies these allegations.

160.    To the extent that the allegations contained in Paragraph 160 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 160 are directed to TAIS, TAIS denies these allegations.

161.    To the extent that the allegations contained in Paragraph 161 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 161 are directed to TAIS, TAIS denies these allegations.

162.    To the extent that the allegations contained in Paragraph 162 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 162 are directed to TAIS, TAIS denies these allegations.

163.    To the extent that the allegations contained in Paragraph 163 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 163 are directed to TAIS, TAIS denies these allegations.

164.    To the extent that the allegations contained in Paragraph 164 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 164 are directed to TAIS, TAIS denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

165.    To the extent that the allegations contained in Paragraph 165 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 165 are directed to TAIS, TAIS denies these allegations.

c.    **Defendants' And Co-Conspirators' Participation In Group And Bilateral Discussions**

166.    Paragraph 166 relates to other Defendants.  Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 and, therefore, denies the allegations.

167.    Paragraph 167 relates to other Defendants.  Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167 and, therefore, denies the allegations.

168.    Paragraph 168 relates to other Defendants.  Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168 and, therefore, denies the allegations.

169.    Paragraph 169 relates to other Defendants.  Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169 and, therefore, denies the allegations.

170.    Paragraph 170 relates to other Defendants.  Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170 and, therefore, denies the allegations.

171.    Paragraph 171 relates to other Defendants.  Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171 and, therefore, denies the allegations.

172.    Paragraph 172 relates to other Defendants.  Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172 and, therefore, denies the allegations.

173.    Paragraph 173 relates to other Defendants.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 and, therefore, denies the allegations.

174.    Paragraph 174 relates to other Defendants.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174 and, therefore, denies the allegations.

175.    Paragraph 175 relates to other Defendants.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 and, therefore, denies the allegations.

176.    Paragraph 176 relates to other Defendants.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 and, therefore, denies the allegations.

177.    To the extent that the allegations contained in Paragraph 177 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 177 are directed to TAIS, TAIS denies these allegations.

178.    To the extent that the allegations contained in Paragraph 178 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 178 are directed to TAIS, TAIS denies these allegations.

179.    Paragraph 179 relates to other Defendants.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179 and, therefore, denies the allegations.

180.    Paragraph 180 relates to other Defendants.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

181.   Paragraph 181 relates to other Defendants.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181 and, therefore, denies the allegations.

182.   Paragraph 182 relates to other Defendants.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182 and, therefore, denies the allegations.

183.   Paragraph 183 relates to other Defendants.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183 and, therefore, denies the allegations.

184.   Paragraph 184 relates to other Defendants.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 184 and, therefore, denies the allegations.

185.   Paragraph 185 relates to other Defendants.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185 and, therefore, denies the allegations.

186.   Paragraph 186 relates to other Defendants.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 186 and, therefore, denies the allegations.

187.   Paragraph 187 relates to other Defendants.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 187 and, therefore, denies the allegations.

188.   To the extent that Paragraph 188 consists of Plaintiffs' characterization of their claims and Plaintiffs' explanation of a defined term used in their Complaint, no response is required.  To the extent that the allegations contained in Paragraph 188 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 188 may be deemed to require a response from TAIS, TAIS denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**E.    The CRT Market During The Conspiracy**

189.    TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189 and, therefore, denies the allegations.

190.    TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190 and, therefore, denies the allegations.

191.    TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191 and, therefore, denies the allegations.

192.    To the extent that Paragraph 192 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 192 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 192 may be deemed to require a response from TAIS, TAIS denies these allegations.

193.    To the extent that Paragraph 193 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 193 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 193 may be deemed to require a response from TAIS, TAIS denies these allegations.

194.    To the extent that the allegations contained in Paragraph 194 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 194 are directed to TAIS, TAIS denies these allegations.

195.    To the extent that Paragraph 195 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    no response is required.  To the extent that the allegations contained in Paragraph 195

2    relate to other Defendants and/or third parties, TAIS lacks knowledge or information

3    sufficient to form a belief as to the truth of these allegations and, therefore, denies these

4    allegations.  To the extent that the allegations contained in Paragraph 195 may be deemed

5    to require a response from TAIS, TAIS denies these allegations.

6        196.    To the extent that Paragraph 196 consists of purported statements in news

7    reports and/or statements in public documents, those statements speak for themselves and

8    no response is required.  To the extent that the allegations contained in Paragraph 196

9    relate to other Defendants and/or third parties, TAIS lacks knowledge or information

10   sufficient to form a belief as to the truth of these allegations and, therefore, denies these

11   allegations.  To the extent that the allegations contained in Paragraph 196 may be deemed

12   to require a response from TAIS, TAIS denies these allegations.

13       197.    To the extent that Paragraph 197 consists of purported statements in news

14   reports and/or statements in public documents, those statements speak for themselves and

15   no response is required.  To the extent that the allegations contained in Paragraph 197

16   relate to other Defendants and/or third parties, TAIS lacks knowledge or information

17   sufficient to form a belief as to the truth of these allegations and, therefore, denies these

18   allegations.  To the extent that the allegations contained in Paragraph 197 may be deemed

19   to require a response from TAIS, TAIS denies these allegations.

20       198.    To the extent that the allegations contained in Paragraph 198 relate to other

21   Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a

22   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

23   extent that the allegations contained in Paragraph 198 are directed to TAIS, TAIS denies

24   these allegations.

25       199.    To the extent that the allegations contained in Paragraph 199 relate to other

26   Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a

27   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  extent that the allegations contained in Paragraph 199 are directed to TAIS, TAIS denies
2  these allegations.

3      200.   To the extent that Paragraph 200 consists of purported statements in news
4  reports and/or statements in public documents, those statements speak for themselves and
5  no response is required.   To the extent that the allegations contained in Paragraph 200
6  relate to other Defendants and/or third parties, TAIS lacks knowledge or information
7  sufficient to form a belief as to the truth of these allegations and, therefore, denies these
8  allegations.  To the extent that the allegations contained in Paragraph 200 may be deemed
9  to require a response from TAIS, TAIS denies these allegations.

10      201.   To the extent that the allegations contained in Paragraph 201 relate to other
11  Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a
12  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
13  extent that the allegations contained in Paragraph 201 are directed to TAIS, TAIS denies
14  these allegations.

15      202.   To the extent that the allegations contained in Paragraph 202 relate to other
16  Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a
17  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
18  extent that the allegations contained in Paragraph 202 are directed to TAIS, TAIS denies
19  these allegations.

20  **F.   International Government Antitrust Investigations**

21      203.   To the extent that the allegations contained in Paragraph 203 relate to other
22  Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a
23  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
24  extent that the allegations contained in Paragraph 203 are directed to TAIS, TAIS denies
25  these allegations.

26      204.   TAIS lacks knowledge or information sufficient to form a belief as to the truth
27  of the allegations contained in Paragraph 204 and, therefore, denies these allegations.

28

TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S ANSWER TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

205.   To the extent that Paragraph 205 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.   To the extent that the allegations contained in Paragraph 205 may be deemed to require a response from TAIS, TAIS denies these allegations.

206.   TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 206 and, therefore, denies these allegations.

207.   To the extent that Paragraph 207 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.   To the extent that the allegations contained in Paragraph 207 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 207 may be deemed to require a response from TAIS, TAIS denies these allegations.

208.   To the extent that Paragraph 208 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.   To the extent that the allegations contained in Paragraph 208 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 208 may be deemed to require a response from TAIS, TAIS denies these allegations.

209.   Paragraph 209 relates to other Defendants and/or third parties.   Accordingly, TAIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 209 and, therefore, denies these allegations.

210.   To the extent that Paragraph 210 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.   To the extent that the allegations contained in Paragraph 210 relate to other Defendants and/or third parties, TAIS lacks knowledge or information

1   sufficient to form a belief as to the truth of these allegations and, therefore, denies these

2   allegations.  To the extent that the allegations contained in Paragraph 210 may be deemed

3   to require a response from TAIS, TAIS denies these allegations.

4          211.   TAIS lacks knowledge or information sufficient to form a belief as to the truth

5   of the allegations contained in Paragraph 211 and, therefore, denies these allegations.

6          212.   The allegations contained in Paragraph 212 refer to a public annual report,

7   which is the best evidence of its contents.

8          213.   TAIS lacks knowledge or information sufficient to form a belief as to the truth

9   of the allegations contained in Paragraph 213 and, therefore, denies these allegations.

10         214.   To the extent that the allegations contained in Paragraph 214 relate to other

11  Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a

12  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

13  extent that the allegations contained in Paragraph 214 are directed to TAIS, TAIS denies

14  these allegations.

15         215.   To the extent that the allegations contained in Paragraph 215 relate to other

16  Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a

17  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

18  extent that the allegations contained in Paragraph 215 are directed to TAIS, TAIS denies

19  these allegations.

20         216.   To the extent that the allegations contained in Paragraph 216 relate to other

21  Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a

22  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

23  extent that the allegations contained in Paragraph 216 are directed to TAIS, TAIS denies

24  these allegations.

25         217.   To the extent that the allegations contained in Paragraph 217 relate to other

26  Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a

27  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

28  extent that the allegations contained in Paragraph 217 are directed to TAIS, TAIS lacks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

218.    To the extent that Paragraph 218 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 218 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 218 may be deemed to require a response from TAIS, TAIS denies these allegations.

219.    To the extent that Paragraph 219 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 219 may be deemed to require a response from TAIS, TAIS denies these allegations.

220.    To the extent that Paragraph 220 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 220 may be deemed to require a response from TAIS, TAIS denies these allegations.

221.    To the extent that Paragraph 221 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 221 may be deemed to require a response from TAIS, TAIS denies these allegations.

## IX.  **THE PASS-THROUGH OF OVERCHARGES TO CONSUMERS**

222.    To the extent that Paragraph 222 contains argument and/or legal conclusions, no response is required.  To the extent that Paragraph 222 consists of purported statements by governmental authorities, those statements speak for themselves and no response is

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  required.  To the extent that the allegations contained in Paragraph 222 relate to other
2  Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a
3  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
4  extent that the allegations contained in Paragraph 222 are directed to TAIS, TAIS denies
5  these allegations.

6      223.  To the extent that the allegations contained in Paragraph 223 relate to other
7  Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a
8  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
9  extent that the allegations contained in Paragraph 223 are directed to TAIS, TAIS denies
10 these allegations.

11     224.  To the extent that the allegations contained in Paragraph 224 relate to other
12 Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a
13 belief as to the truth of these allegations and, therefore, denies these allegations.  To the
14 extent that the allegations contained in Paragraph 224 are directed to TAIS, TAIS denies
15 these allegations.

16     225.  To the extent that the allegations contained in Paragraph 225 relate to other
17 Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a
18 belief as to the truth of these allegations and, therefore, denies these allegations.  To the
19 extent that the allegations contained in Paragraph 225 are directed to TAIS, TAIS denies
20 these allegations.

21     226.  To the extent that Paragraph 226 contains argument and/or legal conclusions,
22 no response is required.  To the extent that the allegations contained in Paragraph 226
23 relate to other Defendants and/or third parties, TAIS lacks knowledge or information
24 sufficient to form a belief as to the truth of these allegations and, therefore, denies these
25 allegations.  To the extent that the allegations contained in Paragraph 226 are directed to
26 TAIS, TAIS denies these allegations.

27     227.  To the extent that Paragraph 227 contains argument and/or legal conclusions,
28 no response is required.  To the extent that the allegations contained in Paragraph 227

relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 227 are directed to TAIS, TAIS denies these allegations.

228.   To the extent that Paragraph 228 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 228 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 228 are directed to TAIS, TAIS denies these allegations.

229.   To the extent that the allegations contained in Paragraph 229 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 229 are directed to TAIS, TAIS denies these allegations.

230.   Paragraph 230 contains argument and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 230 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 230 may be deemed to require a response from TAIS, TAIS denies these allegations

231.   To the extent that Paragraph 231 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 231 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 231 are directed to TAIS, TAIS denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

232.   Paragraph 232 contains argument and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 232 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 232 may be deemed to require a response from TAIS, TAIS denies these allegations

233.   To the extent that Paragraph 233 contains argument and/or legal conclusions, no response is required.  To the extent that Paragraph 233 consists of purported statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 233 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 233 may be deemed to require a response from TAIS, TAIS denies these allegations.

234.   Paragraph 234 contains argument and/or legal conclusions, to which no response is required.  To the extent that Paragraph 234 consists of purported statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 234 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 234 may be deemed to require a response from TAIS, TAIS denies these allegations.

235.   Paragraph 235 contains argument and/or legal conclusions, to which no response is required.  To the extent that Paragraph 235 consists of purported statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 235 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  allegations contained in Paragraph 235 may be deemed to require a response from TAIS,

2  TAIS denies these allegations.

3      236.   Paragraph 236 contains argument and/or legal conclusions, to which no

4  response is required.  Also, Paragraph 236 consists of purported statements in public

5  documents, those statements speak for themselves and no response is required.  To the

6  extent that the allegations contained in Paragraph 236 relate to other Defendants and/or

7  third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth

8  of these allegations and, therefore, denies these allegations.  To the extent that the

9  allegations contained in Paragraph 236 may be deemed to require a response from TAIS,

10 TAIS denies these allegations.

11     237.   To the extent that Paragraph 237 contains argument and/or legal conclusions,

12 no response is required.  To the extent that the allegations contained in Paragraph 237

13 relate to other Defendants and/or third parties, TAIS lacks knowledge or information

14 sufficient to form a belief as to the truth of these allegations and, therefore, denies these

15 allegations.  To the extent that the allegations contained in Paragraph 237 are directed to

16 TAIS, TAIS denies these allegations.

17     238.   To the extent that the allegations contained in Paragraph 238 relate to other

18 Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a

19 belief as to the truth of these allegations and, therefore, denies these allegations.  To the

20 extent that the allegations contained in Paragraph 238 are directed to TAIS, TAIS denies

21 these allegations.

22     239.   Paragraph 239 contains argument and/or legal conclusions, to which no

23 response is required.  To the extent that the allegations contained in Paragraph 239 relate to

24 other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to

25 form a belief as to the truth of these allegations and, therefore, denies these allegations.  To

26 the extent that the allegations contained in Paragraph 239 may be deemed to require a

27 response from TAIS, TAIS denies these allegations.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

# X. <u>CLASS ACTION ALLEGATIONS</u>

240.    Paragraph 240 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that Paragraph 240 may be deemed to require a response from TAIS, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAIS further denies that this action can properly be maintained as a class action on behalf of the purported class or otherwise.

241.    Paragraph 241 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that Paragraph 241 may be deemed to require a response from TAIS, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAIS further denies that this action can properly be maintained as a class action on behalf of the purported class or otherwise.

242.    Paragraph 242 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that Paragraph 242 may be deemed to require a response from TAIS, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAIS further denies that this action can properly be maintained as a class action on behalf of the purported class or otherwise.

243.    Paragraph 243 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that Paragraph 243 may be deemed to require a response from TAIS, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAIS further denies that this action can properly be maintained as a class action on behalf of the purported class or otherwise.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

# XI.  VIOLATIONS ALLEGED

**A.**   **First Claim for Relief:  Violation of Section 1 of the Sherman Act**

244.    TAIS hereby incorporates by reference its responses to Paragraphs 1-243 of the IP-CAC as set forth above.

245.    Paragraph 245 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 245 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 245 may be deemed to require a response from TAIS, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

246.    Paragraph 246 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 246 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 246 may be deemed to require a response from TAIS, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

247.    Paragraph 247 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 247 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 247 may be deemed to require a response from TAIS, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

248.    Paragraph 248 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 248 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 248 may be deemed to require a response from TAIS, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

249.    Paragraph 249 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 249 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 249 may be deemed to require a response from TAIS, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

250.    Paragraph 250 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 250 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 250 may be deemed to require a response from TAIS, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

251.    Paragraph 251 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 251 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

allegations and, therefore, denies these allegations.  To the extent that Paragraph 251 may be deemed to require a response from TAIS, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

252.    Paragraph 252 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 252 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 252 may be deemed to require a response from TAIS, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

253.    Paragraph 253 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 253 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 253 may be deemed to require a response from TAIS, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

**B.    Second Claim For Relief:  Violation of State Antitrust Statutes**

254.    TAIS hereby incorporates by reference its responses to Paragraphs 1-253 of the IP-CAC as set forth above.

255.    TAIS hereby incorporates by reference its responses to Paragraphs 1-254 of the IP-CAC as set forth above.   Paragraph 255 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 255 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   the truth of these allegations and, therefore, denies these allegations.  To the extent that

2   Paragraph 255 may be deemed to require a response from TAIS, TAIS lacks knowledge or

3   information sufficient to form a belief as to the truth of these allegations and, therefore,

4   denies these allegations.

5   256.   TAIS hereby incorporates by reference its responses to Paragraphs 1-255 of

6   the IP-CAC as set forth above.   Paragraph 256 consists of arguments, Plaintiffs'

7   characterization of their claims and/or legal conclusions, to which no response is required.

8   To the extent that the allegations contained in Paragraph 256 relate to other Defendants

9   and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to

10  the truth of these allegations and, therefore, denies these allegations.  To the extent that

11  Paragraph 256 may be deemed to require a response from TAIS, TAIS lacks knowledge or

12  information sufficient to form a belief as to the truth of these allegations and, therefore,

13  denies these allegations.

14  257.   TAIS hereby incorporates by reference its responses to Paragraphs 1-256 of

15  the IP-CAC as set forth above.   Paragraph 257 consists of arguments, Plaintiffs'

16  characterization of their claims and/or legal conclusions, to which no response is required.

17  To the extent that the allegations contained in Paragraph 257 relate to other Defendants

18  and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to

19  the truth of these allegations and, therefore, denies these allegations.  To the extent that

20  Paragraph 257 may be deemed to require a response from TAIS, TAIS lacks knowledge or

21  information sufficient to form a belief as to the truth of these allegations and, therefore,

22  denies these allegations.

23  258.   TAIS hereby incorporates by reference its responses to Paragraphs 1-257 of

24  the IP-CAC as set forth above.   Paragraph 258 consists of arguments, Plaintiffs'

25  characterization of their claims and/or legal conclusions, to which no response is required.

26  To the extent that the allegations contained in Paragraph 258 relate to other Defendants

27  and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to

28  the truth of these allegations and, therefore, denies these allegations.  To the extent that

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   Paragraph 258 may be deemed to require a response from TAIS, TAIS lacks knowledge or
2   information sufficient to form a belief as to the truth of these allegations and, therefore,
3   denies these allegations.

4       259.    TAIS hereby incorporates by reference its responses to Paragraphs 1-258 of
5   the IP-CAC as set forth above.   Paragraph 259 consists of arguments, Plaintiffs'
6   characterization of their claims and/or legal conclusions, to which no response is required.
7   To the extent that the allegations contained in Paragraph 259 relate to other Defendants
8   and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to
9   the truth of these allegations and, therefore, denies these allegations.   To the extent that
10  Paragraph 259 may be deemed to require a response from TAIS, TAIS lacks knowledge or
11  information sufficient to form a belief as to the truth of these allegations and, therefore,
12  denies these allegations.

13      260.    TAIS hereby incorporates by reference its responses to Paragraphs 1-259 of
14  the  IP-CAC  as  set  forth  above.    Paragraph 260  consists  of  arguments,  Plaintiffs'
15  characterization of their claims and/or legal conclusions, to which no response is required.
16  To the extent that the allegations contained in Paragraph 260 relate to other Defendants
17  and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to
18  the truth of these allegations and, therefore, denies these allegations.   To the extent that
19  Paragraph 260 may be deemed to require a response from TAIS, TAIS lacks knowledge or
20  information sufficient to form a belief as to the truth of these allegations and, therefore,
21  denies these allegations.

22      261.    TAIS hereby incorporates by reference its responses to Paragraphs 1-260 of
23  the  IP-CAC  as  set  forth  above.    Paragraph 261  consists  of  arguments,  Plaintiffs'
24  characterization of their claims and/or legal conclusions, to which no response is required.
25  To the extent that the allegations contained in Paragraph 261 relate to other Defendants
26  and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to
27  the truth of these allegations and, therefore, denies these allegations.   To the extent that
28  Paragraph 261 may be deemed to require a response from TAIS, TAIS lacks knowledge or

1   information sufficient to form a belief as to the truth of these allegations and, therefore,

2   denies these allegations.

3       262.   TAIS hereby incorporates by reference its responses to Paragraphs 1-261 of

4   the IP-CAC as set forth above.   TAIS denies that Plaintiffs are entitled to any relief

5   pursuant to claims under the laws of Nebraska that are based on sales made prior to July

6   20, 2002, as the Court dismissed these claims in its March 30, 2010 Order (Doc. No. 665).

7   Also, Paragraph 262 consists of arguments, Plaintiffs' characterization of their claims

8   and/or legal conclusions, to which no response is required.   To the extent that the

9   allegations contained in Paragraph 262 relate to other Defendants and/or third parties,

10  TAIS lacks knowledge or information sufficient to form a belief as to the truth of these

11  allegations and, therefore, denies these allegations.   To the extent that Paragraph 262 may

12  be deemed to require a response from TAIS, TAIS lacks knowledge or information

13  sufficient to form a belief as to the truth of these allegations and, therefore, denies these

14  allegations.

15      263.   TAIS hereby incorporates by reference its responses to Paragraphs 1-262 of

16  the IP-CAC as set forth above.   TAIS denies that Plaintiffs are entitled to any relief

17  pursuant to claims under the laws of Nevada that are based on sales made prior to the 1999

18  date of Nevada's repealer statute, as the Court dismissed these claims in its March 30, 2010

19  Order   (Doc.   No.   665).     Also,   Paragraph   263   consists   of   arguments,   Plaintiffs'

20  characterization of their claims and/or legal conclusions, to which no response is required.

21  To the extent that the allegations contained in Paragraph 263 relate to other Defendants

22  and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to

23  the truth of these allegations and, therefore, denies these allegations.   To the extent that

24  Paragraph 263 may be deemed to require a response from TAIS, TAIS lacks knowledge or

25  information sufficient to form a belief as to the truth of these allegations and, therefore,

26  denies these allegations.

27      264.   TAIS hereby incorporates by reference its responses to Paragraphs 1-263 of

28  the   IP-CAC   as   set   forth   above.     Paragraph   264   consists   of   arguments,   Plaintiffs'

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 264 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 264 may be deemed to require a response from TAIS, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

265.   TAIS hereby incorporates by reference its responses to Paragraphs 1-264 of the IP-CAC as set forth above.   Paragraph 265 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 265 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 265 may be deemed to require a response from TAIS, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

266.   TAIS hereby incorporates by reference its responses to Paragraphs 1-265 of the IP-CAC as set forth above.   Paragraph 266 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 266 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 266 may be deemed to require a response from TAIS, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

267.   TAIS hereby incorporates by reference its responses to Paragraphs 1-266 of the IP-CAC as set forth above.   Paragraph 267 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

To the extent that the allegations contained in Paragraph 267 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 267 may be deemed to require a response from TAIS, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

268.    TAIS hereby incorporates by reference its responses to Paragraphs 1-267 of the IP-CAC as set forth above.   Paragraph 268 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 268 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 268 may be deemed to require a response from TAIS, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

269.    TAIS hereby incorporates by reference its responses to Paragraphs 1-268 of the IP-CAC as set forth above.   Paragraph 269 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 269 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 269 may be deemed to require a response from TAIS, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

270.    TAIS hereby incorporates by reference its responses to Paragraphs 1-269 of the IP-CAC as set forth above.   Paragraph 270 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 270 relate to other Defendants

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to

2   the truth of these allegations and, therefore, denies these allegations.  To the extent that

3   Paragraph 270 may be deemed to require a response from TAIS, TAIS lacks knowledge or

4   information sufficient to form a belief as to the truth of these allegations and, therefore,

5   denies these allegations.

6       271.   TAIS hereby incorporates by reference its responses to Paragraphs 1-270 of

7   the IP-CAC as set forth above.   Paragraph 271 consists of arguments, Plaintiffs'

8   characterization of their claims and/or legal conclusions, to which no response is required.

9   To the extent that the allegations contained in Paragraph 271 relate to other Defendants

10  and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to

11  the truth of these allegations and, therefore, denies these allegations.  To the extent that

12  Paragraph 271 may be deemed to require a response from TAIS, TAIS lacks knowledge or

13  information sufficient to form a belief as to the truth of these allegations and, therefore,

14  denies these allegations.

15  **C.**   **Third Claim for Relief:  Violation of State Consumer Protection and Unfair**

16        **Competition Statutes**

17      272.   TAIS hereby incorporates by reference its responses to Paragraphs 1-271 of

18  the IP-CAC as set forth above.

19      273.   Paragraph 273 consists of arguments, Plaintiffs' characterization of their

20  claims and/or legal conclusions, to which no response is required.  To the extent that the

21  allegations contained in Paragraph 273 relate to other Defendants and/or third parties,

22  TAIS lacks knowledge or information sufficient to form a belief as to the truth of these

23  allegations and, therefore, denies these allegations.  To the extent that Paragraph 273 may

24  be deemed to require a response from TAIS, TAIS lacks knowledge or information

25  sufficient to form a belief as to the truth of these allegations and, therefore, denies these

26  allegations.

27      274.   TAIS hereby incorporates by reference its responses to Paragraphs 1-273 of

28  the IP-CAC as set forth above.   Paragraph 274 consists of arguments, Plaintiffs'

characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 274 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 274 may be deemed to require a response from TAIS, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

275.   TAIS hereby incorporates by reference its responses to Paragraphs 1-274 of the IP-CAC as set forth above.   Paragraph 275 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 275 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 275 may be deemed to require a response from TAIS, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

276.   TAIS hereby incorporates by reference its responses to Paragraphs 1-275 of the IP-CAC as set forth above.   Paragraph 276 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 276 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 276 may be deemed to require a response from TAIS, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

277.   TAIS hereby incorporates by reference its responses to Paragraphs 1-276 of the IP-CAC as set forth above.   TAIS denies that Plaintiffs are entitled to any relief pursuant to claims under the Massachusetts Consumer Protection Act, as the Court

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

dismissed these claims in its March 30, 2010 Order (Doc. No. 665).   Paragraph 277 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 277 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that Paragraph 277 may be deemed to require a response from TAIS, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

278.   TAIS hereby incorporates by reference its responses to Paragraphs 1-277 of the IP-CAC as set forth above.   Paragraph 278 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 278 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that Paragraph 278 may be deemed to require a response from TAIS, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

279.   TAIS hereby incorporates by reference its responses to Paragraphs 1-278 of the IP-CAC as set forth above.   Paragraph 279 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 279 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that Paragraph 279 may be deemed to require a response from TAIS, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

280.   TAIS hereby incorporates by reference its responses to Paragraphs 1-279 of the IP-CAC as set forth above.   Paragraph 280 consists of arguments, Plaintiffs'

1   characterization of their claims and/or legal conclusions, to which no response is required.

2   To the extent that the allegations contained in Paragraph 280 relate to other Defendants

3   and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to

4   the truth of these allegations and, therefore, denies these allegations.  To the extent that

5   Paragraph 280 may be deemed to require a response from TAIS, TAIS lacks knowledge or

6   information sufficient to form a belief as to the truth of these allegations and, therefore,

7   denies these allegations.

8        281.   TAIS hereby incorporates by reference its responses to Paragraphs 1-280 of

9   the IP-CAC as set forth above.   Paragraph 281 consists of arguments, Plaintiffs'

10  characterization of their claims and/or legal conclusions, to which no response is required.

11  To the extent that the allegations contained in Paragraph 281 relate to other Defendants

12  and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to

13  the truth of these allegations and, therefore, denies these allegations.  To the extent that

14  Paragraph 281 may be deemed to require a response from TAIS, TAIS lacks knowledge or

15  information sufficient to form a belief as to the truth of these allegations and, therefore,

16  denies these allegations.

17       282.   TAIS hereby incorporates by reference its responses to Paragraphs 1-281 of

18  the IP-CAC as set forth above.  TAIS denies that Plaintiffs are entitled to any relief

19  pursuant to claims under the Rhode Island Unfair Trade Practices and Consumer Protection

20  Act, as the Court dismissed these claims in its March 30, 2010 Order (Doc. No. 665).

21  Also, Paragraph 282 consists of arguments, Plaintiffs' characterization of their claims

22  and/or legal conclusions, to which no response is required.  To the extent that the

23  allegations contained in Paragraph 282 relate to other Defendants and/or third parties,

24  TAIS lacks knowledge or information sufficient to form a belief as to the truth of these

25  allegations and, therefore, denies these allegations.  To the extent that Paragraph 282 may

26  be deemed to require a response from TAIS, TAIS lacks knowledge or information

27  sufficient to form a belief as to the truth of these allegations and, therefore, denies these

28  allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

283.     TAIS hereby incorporates by reference its responses to Paragraphs 1-282 of the IP-CAC as set forth above.    Paragraph 283 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 283 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 283 may be deemed to require a response from TAIS, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

**D.     Fourth Claim for Relief:  Unjust Enrichment and Disgorgement of Profits**

284.     TAIS hereby incorporates by reference its responses to Paragraphs 1-283 of the IP-CAC as set forth above.

285.     Paragraph 285 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 285 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 285 may be deemed to require a response from TAIS, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

286.     TAIS denies that Plaintiffs are entitled to any relief pursuant to claims under the common law of unjust enrichment in Kansas, as the Court dismissed these claims in its March 30, 2010 Order (Doc. No. 665).  Paragraph 286 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 286 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 286 may be deemed to require a response from TAIS, TAIS lacks knowledge or

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1 information sufficient to form a belief as to the truth of these allegations and, therefore,

2 denies these allegations.

3     287.    Paragraph 287 consists of arguments, Plaintiffs' characterization of their

4 claims and/or legal conclusions, to which no response is required.  To the extent that the

5 allegations contained in Paragraph 287 relate to other Defendants and/or third parties,

6 TAIS lacks knowledge or information sufficient to form a belief as to the truth of these

7 allegations and, therefore, denies these allegations.  To the extent that Paragraph 287 may

8 be deemed to require a response from TAIS, TAIS lacks knowledge or information

9 sufficient to form a belief as to the truth of these allegations and, therefore, denies these

10 allegations.

11 ## XII.  FRAUDULENT CONCEALMENT

12     288.    TAIS hereby incorporates by reference its responses to Paragraphs 1-287 of

13 the IP-CAC as set forth above.

14     289.    Paragraph 289 consists of arguments, Plaintiffs' characterization of their

15 claims and/or legal conclusions, to which no response is required.  To the extent that the

16 allegations contained in Paragraph 289 relate to other Defendants and/or third parties,

17 TAIS lacks knowledge or information sufficient to form a belief as to the truth of these

18 allegations and, therefore, denies these allegations.  To the extent that Paragraph 289 may

19 be deemed to require a response from TAIS, TAIS lacks knowledge or information

20 sufficient to form a belief as to the truth of these allegations and, therefore, denies these

21 allegations.

22     290.    Paragraph 290 consists of arguments, Plaintiffs' characterization of their

23 claims and/or legal conclusions, to which no response is required.  To the extent that the

24 allegations contained in Paragraph 290 relate to other Defendants and/or third parties,

25 TAIS lacks knowledge or information sufficient to form a belief as to the truth of these

26 allegations and, therefore, denies these allegations.  To the extent that Paragraph 290 may

27 be deemed to require a response from TAIS, TAIS lacks knowledge or information

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

291.    Paragraph 291 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 291 relate to other Defendants and/or third parties, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 291 may be deemed to require a response from TAIS, TAIS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## XIII.  **PRAYER FOR RELIEF**

In answer to the Prayer for Relief, TAIS denies each and every allegation in the Prayer and further specifically denies that Plaintiffs are entitled to any of the relief requested or any remedy whatsoever against TAIS.

All allegations of the IP-CAC not heretofore admitted or denied are here and now denied as though specifically denied herein.

## **DEFENSES/AFFIRMATIVE DEFENSES**

Without assuming any burden it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, TAIS asserts the following separate and additional defenses:

## **FIRST DEFENSE**

The conduct alleged to provide a basis for the claims of Plaintiffs and any putative class members did not have a direct, substantial and reasonably foreseeable effect on trade or commerce with the United States.  The Court therefore lacks subject-matter jurisdiction of the claims of Plaintiffs' and any putative class members.  The Court also lacks subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## SECOND DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

## THIRD DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

Plaintiffs, and each of them, have failed to plead fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

## FIFTH DEFENSE

Plaintiffs' state law claims are barred or limited in whole or in part by the doctrine of *forum non conveniens* and improper venue.  Plaintiffs' claims, to the extent they rely on the laws of foreign states or are brought on behalf of out-of-state residents, would be better adjudicated in those foreign courts.

## SIXTH DEFENSE

Plaintiffs' claims and claims of any putative class members against TAIS are barred to the extent that they have agreed to arbitration or chosen a different forum for the resolution of their claims.

## SEVENTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because they cannot be maintained as a class action.

## EIGHTH DEFENSE

The relief sought by Plaintiffs, and each of them, is barred because the named Plaintiffs are not proper class representatives.

## NINTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because Plaintiffs, and each of them, lack standing to bring or maintain the claims set forth in the Complaint.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**TENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs purport to bring this action on behalf of a nationwide class, some members of which reside in jurisdictions that do not permit actions based on, or analogous to, the claims specified in the Complaint.

**ELEVENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure because they did not arise out of the same transaction, occurrence or series of transactions or occurrences and/or do not involve questions of law or fact common to all Defendants.

**TWELFTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because Plaintiffs, and each of them, have suffered no antitrust injury.

**THIRTEENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the doctrine of waiver.

**FOURTEENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the doctrine of estoppel.

**FIFTEENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the doctrine of laches.

**SIXTEENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because no Plaintiff has been injured in its business or property by reason of any action of TAIS.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by

any acts or omissions of TAIS and/or were caused, if at all, solely and proximately by the conduct of third parties including, without limitations, the prior, intervening or superseding conduct of such third parties.

### EIGHTEENTH DEFENSE

To the extent that any actionable conduct occurred, Plaintiffs' claims and claims of any putative class members against TAIS are barred because all such conduct would have been committed by individuals acting *ultra vires*.

### NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no damages as a result of any actions taken by TAIS and/or the other Defendants.

### TWENTIETH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

### TWENTY-FIRST DEFENSE

Plaintiffs and any putative class members are barred from recovery of any damages because of and to the extent of their failure to mitigate damages.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any actions or practices of TAIS that are subject of the IP-CAC were undertaken unilaterally for legitimate business reasons and in pursuit of TAIS's independent interests and those of its customers, and were not the product of any contract, combination or conspiracy between TAIS and any other person or entity.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any acts or practices of TAIS that are the subject of the IP-CAC were adopted in furtherance of legitimate business interests of TAIS and of its customers and did not unreasonably restrain competition.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any acts or practices of TAIS that are the subject of the IP-CAC were cost justified or otherwise economically justified and resulted from a good-faith effort to meet competition or market conditions.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, as premised upon privileged conduct or actions by TAIS.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because the alleged conduct complained of was caused by, due to, based upon, or in response to directives, laws, regulations, policies and/or acts of governments, governmental agencies and entities and/or regulatory agencies, and as such is non-actionable or privileged.

## TWENTY-SEVENTH DEFENSE

To the extent there is a finding of an illegal overcharge, Plaintiffs' claims are barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not passed through to the indirect purchasers.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because, as indirect purchasers, they fail to meet their burden of proving that they were damaged in fact by the conduct of which complaint is here made, including the burden of proving that any so-called overcharge of which complaint is made and which was not absorbed by predecessors to the Plaintiffs in the chain of distribution was not passed on to a third party.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, to the extent they seek improper multiple damage awards, and damage awards

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution.

## THIRTIETH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the equitable doctrine of unclean hands.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the doctrine of accord and satisfaction.

## THIRTY-SECOND DEFENSE

Without admitting the existence of any contract, combination or conspiracy in restraint of trade, TAIS contends that it is entitled to set off any amounts paid to Plaintiffs by any Defendants other than TAIS who have settled, or do settle, Plaintiffs' claims against them in this action.

## THIRTY-THIRD DEFENSE

Plaintiffs' claims and claims of any putative class members for injunctive relief are barred, in whole or in part, insofar as Plaintiffs seek to enjoin alleged events that have already transpired without the requisite showing of threatened future harm or continuing harm.

## THIRTY-FOURTH DEFENSE

The Complaint is ambiguous as to whether the alleged state law violations are intended to be asserted on behalf of a purported nationwide class of indirect purchasers or just on behalf of the residents of those states whose laws were cited.  To the extent the Complaint asserts alleged violations on behalf of indirect purchasers located outside of the jurisdictions governed by those laws, those claims are barred as improper assertions of extraterritorial jurisdiction and any effort to enforce those laws as to residents of other states would violate Defendants' rights to due process under the United States and various state constitutions.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### THIRTY-FIFTH DEFENSE

To the extent Plaintiffs or any purported class members seek to assert claims or obtain relief under the laws of a state of which they are not a resident, those claims are barred by constitutional rights of due process, choice of law principles, and the laws of the states under which Plaintiffs assert their claims.

### THIRTY-SIXTH DEFENSE

Plaintiffs' claims are barred in whole or part because the Complaint fails to plead conspiracy with particularity required under applicable law.

### THIRTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to:  15 U.S.C. § 15b; Ariz. Rev. Stat. Ann. § 44-1410; Cal. Bus. & Prof. Code § 17208; Cal. Bus. & Prof. Code § 16750.1; Cal. Civ. Proc. Code §§ 337-340; Fla. Stat. § 95.11(f); Haw. Rev. Stat. § 480-24; Iowa Code §§ 553.12 and 553.16; Kan. Stat. Ann. § 60-512(2); Mass. Gen. Laws ch. 93, § 13.  Mich. Comp. Laws §§ 445.781 and 600.5813; Minn. Stat. § 325D.64(1); Miss. Code Ann. §§ 15-1-49 and 15-1-65; Neb. Rev. Stat. §§ 25-206 and 59-1612; Nev. Rev. Stat. §§ 11.190 and 598A.220; N.M. Stat. § 57-1-12; N.Y. C.P.L.R. 214(2); N.C. Gen. Stat. § 75-16.2; N.D. Cent. Code § 51-08.1-10; R.I. Gen Laws §§ 9-1-13(a) and 6-36-23; S.D. Codified Laws § 37-1-14.4; Tenn. Code Ann. § 28-3-105; Vt. Stat. Ann. tit. 12, § 511; W. Va. Code § 47-18-11; Wis. Stat. § 133.18.

### THIRTY-EIGHTH DEFENSE

Plaintiffs lack standing to prosecute their state antitrust claims, in whole or in part, under, without limitation, the following statutes:  Ariz. Rev. Stat. Ann. §§ 44-1401, *et seq.*; Cal. Bus. & Prof. Code §§ 16700, *et seq.*; Cal. Bus. & Prof. Code §§ 17200, *et seq.*; Iowa Code §§ 553.1, *et seq.*; Kan. Stat. Ann. §§ 50-101, *et seq.*; Mich. Comp. Laws §§ 445.771, *et seq.*; Minn. Stat. §§ 325D.52, *et seq.*; Miss. Code Ann. §§ 75-21-9, *et seq.* and 75-24-1, *et seq.*; Neb. Rev. Stat. §§ 59-801, *et seq.*; Nev. Rev. Stat. §§ 598A, *et seq.*; N.M. Stat. §§ 57-1-1, *et seq.*; N.C. Gen. Stat. §§ 75-1, *et seq.*; N.D. Cent. Code §§ 51-08.1-01, *et seq*;

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   S.D. Codified Laws §§ 37-1, *et seq.*; Tenn. Code Ann. §§ 47-25-101, *et seq.*; Vt. Stat. Ann.

2   tit. 9, §§ 2453, *et seq.*; W. Va. Code §§ 47-18-1, *et seq.*; Wis. Stat. §§ 133.01, *et seq.*

### THIRTY-NINTH DEFENSE

Plaintiffs lack standing to prosecute their state consumer protection claims, in whole

or in part, under, without limitation, the following statutes:   Cal. Bus. & Prof. Code

§§ 17200, *et seq.*; Fla. Stat. §§ 501.201, *et seq.*; Haw. Rev. Stat. §§ 480-4, *et seq.*; Mass.

Gen. Laws ch. 93A, §§ 2, *et seq.*; Neb. Rev. Stat. §§ 59-1601, *et seq.*; N.M. Stat. §§ 57-1-1,

*et seq.*; N.Y. Gen. Bus. Law §§ 349, *et seq.*; N.C. Gen. Stat. §§ 75-1.1, *et seq.*; R.I. Gen.

Laws §§ 6-13.1-1, *et seq.*; Vt. Stat. Ann. tit. 9, §§ 2451, *et seq.*

### FORTIETH DEFENSE

Plaintiffs are not entitled to bring unjust enrichment claims under the law of Kansas

as these claims were dismissed by the Court in its March 30, 2010 Order.

### FORTY-FIRST DEFENSE

Plaintiffs are not entitled to bring claims, or are entitled to any relief, for alleged

violations of Neb. Rev. Stat. §§ 59-801, *et seq.*, based on sales made prior to July 20, 2002,

as these claims were dismissed by the Court in its March 30, 2010 Order.

### FORTY-SECOND DEFENSE

Plaintiffs are not entitled to bring claims, or are entitled to any relief, for alleged

violations of Nev. Rev. Stat. §§ 598A, *et seq.*, based on sales made prior to the 1999 date of

Nevada's repealer statute, as these claims were dismissed by the Court in its March 30,

2010 Order.

### FORTY-THIRD DEFENSE

Plaintiffs are not entitled to bring claims, or are entitled to any relief, for alleged

violations of Mass. Gen. Laws ch. 93A, §§ 2, *et seq.*, as these claims were dismissed by the

Court in its March 30, 2010 Order.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### FORTY-FOURTH DEFENSE

Plaintiffs are not entitled to bring claims, or are entitled to any relief, for alleged violations of R.I. Gen. Laws §§ 6-13.1-1, *et seq.*, as these claims were dismissed by the Court in its March 30, 2010 Order.

### FORTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the claims are based on California law and any of the alleged events took place outside the state of California without impact on California residents.

### FORTY-SIXTH DEFENSE

To the extent Plaintiffs purport to represent or seek relief on behalf of members of the putative class who are not located or resident in the State of California, the Complaint and each of its claims for relief therein violate Defendants' rights to due process under the constitutions of California and the United States. *See, e.g., BMW of N. Am. v. Gore*, 517 U.S. 559, 571-72 (1996); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812-23 (1985).

### FORTY-SEVENTH DEFENSE

Any award of restitution under Cal. Bus. & Prof. Code § 17203 based upon asserted interests or injuries of the purported class members in this case would violate the Excessive Fines Clause of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to the United States Constitution and article I, section 17 of the California Constitution.

### FORTY-EIGHTH DEFENSE

Plaintiffs' claims for monetary relief under Cal. Bus. & Prof. Code § 17203 are barred, in whole or in part, because TAIS did not acquire any money or property from Plaintiffs.

### FORTY-NINTH DEFENSE

Any finding of liability under Cal. Bus. & Prof. Code §§ 17200, 17203 or 17204 would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and article I, section 7 of the California Constitution, because the standards of

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  liability under these statutes are unduly vague and subjective, permitting retroactive,
2  random, arbitrary and capricious punishment that serves no legitimate governmental
3  interest.

### FIFTIETH DEFENSE

5  Any award of restitution to the Plaintiffs under Cal. Bus. & Prof. Code § 17203
6  would constitute a taking of property without just compensation in violation of the Takings
7  Clause of the Fifth Amendment to the United States Constitution (as incorporated by the
8  Due Process Clause of the Fourteenth Amendment to the United States Constitution) and
9  article I, section 19 of the California Constitution.

### FIFTY-FIRST DEFENSE

11  Cal. Bus. & Prof. Code § 17204 improperly delegates the executive branch's
12  prosecutorial power to private parties, in contravention of the separation-of-powers
13  doctrine and the provisions of article V of the California Constitution vesting the State's
14  executive power in the Executive Branch, by authorizing private plaintiffs without any
15  individualized injury to bring suit on behalf of the interests of the general public.

### FIFTY-SECOND DEFENSE

17  Any award of restitution under Cal. Bus. & Prof. Code § 17203 to persons who refuse
18  to execute an acknowledgement that the payment is in full settlement of claims against
19  Defendants would violate the Due Process Clause of the Fourteenth Amendment to the
20  United States Constitution.

### FIFTY-THIRD DEFENSE

22  Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 16700 *et seq.*, are barred, in whole
23  or in part, because the application of §§ 16700, *et seq.*, to wholly interstate or foreign
24  commerce violates the Commerce Clause of the United States Constitution.

### FIFTY-FOURTH DEFENSE

26  Any award of treble damages, punitive damages or restitution pursuant to Cal. Bus. &
27  Prof. Code §§ 16720, 16727, 16750, or 16761 would violate the Excessive Fines and Due

28

Process Clauses of the United States Constitution and equivalent clauses in the California Constitution.

### FIFTY-FIFTH DEFENSE

Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 16700, *et seq.*, §§ 17200, *et seq.*, and California unjust enrichment law are barred, in whole or in part, because those statutes are inapplicable to alleged wrongs suffered by non-California residents based on alleged conduct of TAIS occurring outside of California.

### FIFTY-SIXTH DEFENSE

Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 16700, *et seq.*, §§ 17200, *et seq.*, and California unjust enrichment law are barred, in whole or in part, because those causes of action arise under California law, but Plaintiffs seek to include in the putative plaintiff class non-California residents — notwithstanding California's lack of a significant contact or significant aggregation of contacts with each member of the putative nationwide plaintiff class — and as such is arbitrary and unfair and violates guarantees of due process in the United States and California Constitutions, as well as the Full Faith and Credit Clause of the United States Constitution, and constitutes an impermissible burden on interstate commerce in contravention of the Commerce Clause of the United States Constitution.

### FIFTY-SEVENTH DEFENSE

Plaintiffs' claims for unjust enrichment brought under California law are barred, in whole or in part, because TAIS did not receive a benefit from Plaintiffs, TAIS did not retain any benefit, and/or the receipt of any benefit was not unjust.

### FIFTY-EIGHTH DEFENSE

Plaintiffs' claims under Fla. Stat. §§ 501.201, *et seq.* are barred, in whole or in part, because pursuant to § 501.202(3), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") must be construed in a manner consistent with federal antitrust laws. Because plaintiffs' injuries are too speculative, derivative, indirect, and remote to confer standing under federal antitrust law, they also do not confer standing under FDUTPA.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**FIFTY-NINTH DEFENSE**

Plaintiffs' claims under Fla. Stat. §§ 501.201, *et seq.*, are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

**SIXTIETH DEFENSE**

Plaintiffs' claims under Haw. Rev. Stat. §§ 480-4, *et seq.* are barred, in whole or in part, because Plaintiffs failed to comply with the requirements of Haw. Rev. Stat. § 480-13.3.

**SIXTY-FIRST DEFENSE**

Plaintiffs' claims under Iowa Code §§ 553.1, *et seq.*, are barred, in whole or in part, because Plaintiffs have not suffered actual, cognizable injury under the Iowa Competition Law.

**SIXTY-SECOND DEFENSE**

Plaintiffs' claims under Iowa Code §§ 553.1, *et seq.*, are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

**SIXTY-THIRD DEFENSE**

Plaintiffs' claims under Kan. Stat. Ann. §§ 50-101, *et seq.* are barred, in whole or in part, because Plaintiffs have not suffered any actual, cognizable injury under Kansas law.

**SIXTY-FOURTH DEFENSE**

Plaintiffs' claims under Kansas law are barred, in whole or in part, because the remedies sought are unconstitutional and contrary to public policy.

**SIXTY-FIFTH DEFENSE**

Plaintiffs' claims under Kansas law are barred, in whole or in part, because plaintiff is not entitled to "full consideration" damages.

**SIXTY-SIXTH DEFENSE**

Plaintiffs' claims under Mass. Gen. Laws ch. 93A, §§2, *et seq.* are barred, in whole or in part, because Plaintiffs failed to make a written demand for relief to TAIS at least thirty days prior to filing the Complaint.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**SIXTY-SEVENTH DEFENSE**

Plaintiffs' claims under Mass. Gen. Laws ch. 93A are barred, in whole or in part, because TAIS responded reasonably and/or in good faith to Plaintiffs' purported demand.

**SIXTY-EIGHTH DEFENSE**

Plaintiffs' claims under Mich. Comp. Laws §§ 445.771, *et seq.* are barred, in whole or in part, because the Michigan Antitrust Reform Act is not applicable to conduct occurring outside of Michigan.

**SIXTY-NINTH DEFENSE**

Plaintiffs' claims under Mich. Comp. Laws §§ 445.771, *et seq.* are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

**SEVENTIETH DEFENSE**

Plaintiffs' claims under Minn. Stat. §§ 325D.52, *et seq.* are barred, in whole or in part, because under Minn. Stat. § 325D.57, courts should take efforts to avoid imposition of duplicative damages in successive suits.

**SEVENTY-FIRST DEFENSE**

Plaintiffs' claims under Minnesota law are barred, in whole or in part, to the extent that Plaintiffs and the other members of the class seek damages that are duplicative of damages sought in other actions.

**SEVENTY-SECOND DEFENSE**

Plaintiffs' claims under Minn. Stat. §§ 325D.52, *et seq.* are barred, in whole or in part, because the alleged conduct did not affect the trade or commerce in Minnesota as required by Minn. Stat. § 325D.54.

**SEVENTY-THIRD DEFENSE**

Plaintiffs' claims under Miss. Code Ann. §§ 75-21-1, *et seq.* are barred, in whole or in part, because the act applies only to conspiracies to be accomplished at least in part by wrongful conduct that takes place within Mississippi.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**SEVENTY-FOURTH DEFENSE**

Plaintiffs' claims under Miss. Code Ann. §§ 75-21-1, *et seq.* are barred, in whole or in part, because punitive damages may not be awarded under §§ 75-21-1, *et seq.*, which provide the exclusive remedies for violation of that act.

**SEVENTY-FIFTH DEFENSE**

In the event and to the extent Plaintiffs seek to assert a claim under the Mississippi "State Consumer Protection Act," Miss. Code Ann. § 75-24-15 expressly prohibits class-action lawsuits.

**SEVENTY-SIXTH DEFENSE**

In the event and to the extent Plaintiffs seek to assert a claim under the "State Consumer Protection Act," Plaintiffs have not met the prerequisites for a claim under Miss. Code Ann. § 75-24-15.

**SEVENTY-SEVENTH DEFENSE**

Plaintiffs' claims under Neb. Rev. Stat. §§ 59-801, *et seq.* are barred, in whole or in part, by Neb. Rev. Stat. § 59-821.01.

**SEVENTY-EIGHTH DEFENSE**

Plaintiffs' claims under Neb. Rev. Stat. §§ 59-801, *et seq.* are barred, in whole or in part, by Neb. Rev. Stat. § 59-1609.1.

**SEVENTY-NINTH DEFENSE**

Plaintiffs' claims under Nev. Rev. Stat. §§ 598A, *et seq.* are barred, in whole or in part, because under § 598A.060, that act applies only to activity occurring, at least in part, in Nevada.

**EIGHTIETH DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-1-1, *et seq.* are barred, in whole or in part, because the alleged conduct of TAIS that is the subject of the IP-CAC was neither directed to nor affected persons or entities or commerce in New Mexico.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**EIGHTY-FIRST DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-1-1, *et seq.* are barred, in whole or in part, because the Complaint fails to plead such fraud or fraudulent concealment with the particularity required by the applicable law.

**EIGHTY-SECOND DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.* are barred, in whole or in part, because the New Mexico Unfair Practices Act does not provide relief for indirect purchasers.

**EIGHTY-THIRD DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.* are barred, in whole or in part, because TAIS made no sales to Plaintiffs, and accordingly Plaintiffs have no claim under the New Mexico Unfair Practices Act.

**EIGHTY-FOURTH DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.* are barred, in whole or in part, because TAIS made no representations to Plaintiffs, and accordingly Plaintiffs have no claim under the New Mexico Unfair Practices Act.

**EIGHTY-FIFTH DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.* are barred, in whole or in part, because Plaintiffs failed to plead any necessary predicate acts to invoke application of the New Mexico Unfair Practices Act.

**EIGHTY-SIXTH DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.* are barred, in whole or in part, because application of the New Mexico Unfair Practices Act to any transactions occurring outside the State of New Mexico would violate the Commerce Clause of the United States Constitution.

**EIGHTY-SEVENTH DEFENSE**

Plaintiffs' claims under New Mexico law are frivolous and groundless with no arguable basis in fact or law.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**EIGHTY-EIGHTH DEFENSE**

Plaintiffs' claims under N.Y. Gen. Bus. Law § 349 are barred, in whole or in part, because any alleged conduct by TAIS is, or if in interstate commerce would be, subject to and compliant with the rules and regulations of, and statutes administered by, the Federal Trade Commission or other official department, division, commission or agency of the United States, as these rules, regulations, or statutes are interpreted by the Federal Trade Commission or such department, division, commission or agency of the federal courts. N.Y. Gen. Bus. Law § 349(d).

**EIGHTY-NINTH DEFENSE**

Plaintiffs' claims under New York law and other applicable laws are barred by the voluntary payment doctrine, under which one cannot recover payments with full knowledge of the facts.

**NINETIETH DEFENSE**

Plaintiffs' claims under N.Y. Gen. Bus. Law § 349 are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

**NINETY-FIRST DEFENSE**

Plaintiffs' claims under N.C. Gen. Stat. § 75-1.1, *et seq.* are barred, in whole or in part, because Plaintiffs have not suffered any actual cognizable injuries or damages under N.C. Gen. Stat. § 75-16 or otherwise under the laws of North Carolina as a result of the conduct complained of herein.

**NINETY-SECOND  DEFENSE**

Plaintiffs' claims under N.C. Gen. Stat. § 75-1.1, *et seq.* are barred, in whole or in part, to the extent that an award of damages under N.C. Gen. Stat. § 75-16 is unconstitutional when applied to the facts of the instant matter.

**NINETY-THIRD DEFENSE**

Plaintiffs lack standing to prosecute their state antitrust claims against TAIS, in whole or in part, because they have not met the modified *Associated General Contractors* test set

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

forth in *Crouch v. Crompton Corp.,* Nos. 02-4375, 03-2514, 2004 WL 2414027, at *18-20 (N.C. Super. Oct. 28, 2004).

### NINETY-FOURTH DEFENSE

Plaintiffs' claims under S.D. Codified Laws §§ 37-1, *et seq.* are barred, in whole or in part, because under S.D. Codified Laws §§ 37-1-33, courts should take efforts to avoid imposition of duplicative damages in successive suits.

### NINETY-FIFTH DEFENSE

Plaintiffs' claims under Tenn. Code Ann. §§ 47-25-101, *et seq.*, are barred, in whole or in part, because Defendants did not willfully violate that statute.

### NINETY-SIXTH DEFENSE

Plaintiffs' claims under Tenn. Code Ann. §§ 47-25-101, *et seq.*, are barred, in whole or in part, because Defendants' conduct did not have a substantial effect on Tennessee commerce.

### NINETY-SEVENTH DEFENSE

Plaintiffs' claims for unjust enrichment under Tenn. Code Ann. §§ 47-25-101, *et seq.*, are barred, in whole or in part, because Plaintiffs failed to exhaust all remedies against the parties with whom each Plaintiff is in privity.

### NINETY-EIGHTH DEFENSE

Plaintiffs' claims for unjust enrichment under Tenn. Code Ann. §§ 47-25-101, *et seq.*, are barred, in whole or in part, because indirect intermediate purchasers do not have standing under the Tennessee Trade Practices Act.

### NINETY-NINTH DEFENSE

Plaintiffs' claims under Vt. Stat. Ann. tit. 9, §§ 2451, *et seq.* are barred, in whole or in part, because Plaintiffs have not suffered actual, cognizable injury under the Vermont Consumer Fraud Act.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**ONE HUNDREDTH DEFENSE**

Plaintiffs' claims under Vermont law are barred, in whole or in part, because any recovery by Plaintiffs would amount to impermissible duplicative liability within the meaning of Vt. Stat. Ann. tit. 9, § 2465(b).

**ONE HUNDRED FIRST DEFENSE**

Plaintiffs' claims under Vt. Stat. Ann. tit. 9, §§ 2451, *et seq.* are barred, in whole or in part, because TAIS did not willfully or knowingly violate the Vermont Consumer Fraud Act.

**ONE HUNDRED SECOND DEFENSE**

Plaintiffs' claims under W. Va. Code §§ 47-18-1, *et seq.* are barred, in whole or in part, because West Virginia Regulation 142-9-2, which purports to grant a cause of action to individuals indirectly injured by violations of the West Virginia Antitrust Act, is invalid, and Plaintiffs' claims are therefore barred by *Illinois Brick Co. v. Illinois*, 43 U.S. 881 (1977).

**ONE HUNDRED THIRD DEFENSE**

TAIS adopts by reference any applicable defense pleaded by any other Defendant not otherwise expressly set forth herein.

**ONE HUNDRED FOURTH DEFENSE**

TAIS reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

**TAIS'S PRAYER FOR RELIEF**

WHEREFORE, TAIS prays for judgment as follows:

1. That Plaintiffs take nothing by reason of the IP-CAC, and that the action be dismissed with prejudice;

2. That the Court enter judgment in favor of TAIS and against Plaintiffs with respect to all causes of action in the IP-CAC;

3. That the Court award TAIS its attorneys' fees and other costs reasonably incurred in the defense of this action; and

4.  That the Court order such other further relief for TAIS as the Court may deem just and proper.

Dated:  April 29, 2010                    Respectfully submitted,

                                          **WHITE & CASE** LLP

                                          By:   /s/ Christopher M. Curran
                                          Christopher M. Curran (*pro hac vice*)
                                          ccurran@whitecase.com
                                          George L. Paul (*pro hac vice*)
                                          gpaul@whitecase.com
                                          Lucius B. Lau (*pro hac vice*)
                                          alau@whitecase.com
                                          701 Thirteenth Street, N.W.
                                          Washington, DC  20005
                                          tel.: (202) 626-3600
                                          fax: (202) 639-9355

                                          *Counsel to Defendant*
                                          *Toshiba America Information Systems, Inc.*

1

## <u>CERTIFICATE OF SERVICE</u>

2      On April 29, 2010, I caused a copy of the "TOSHIBA AMERICA INFORMATION

3  SYSTEMS,   INC.'S   ANSWER   TO   INDIRECT   PURCHASER   PLAINTIFFS'

4  CONSOLIDATED AMENDED COMPLAINT" to be served via ECF on the other parties

5  in this action.

6

7                                          By:  /s/ Christopher M. Curran

8                                                 Christopher M. Curran (*pro hac vice*)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S ANSWER TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917