

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba America, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC MDL No. 1917 |
| This Document Relates to: INDIRECT PURCHASER ACTIONS | **TOSHIBA AMERICA, INC.'S ANSWER TO INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT** The Honorable Samuel Conti |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.  **INTRODUCTION**

For its Answer to Indirect Purchaser Plaintiff' Consolidated Amended Complaint ("IP-CAC"), Defendant Toshiba America, Inc. ("TAI") states as follows:

1.    The allegations contained in the first sentence of Paragraph 1 consist of the Plaintiffs' characterization of their case, to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations of the first sentence of Paragraph 1.  To the extent that the allegations contained in the second and third sentences of Paragraph 1 relate to other Defendants, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in the second and third sentences of Paragraph 1 are directed to TAI, TAI denies these allegations.

2.    To the extent that the allegations contained in Paragraph 2 relate to other Defendants, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 2 are directed to TAI, TAI denies these allegations.

3.    To the extent that the allegations contained in Paragraph 3 relate to other Defendants, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 3 are directed to TAI, TAI denies these allegations.

4.    TAI admits the allegations in the first sentence of Paragraph 4, but denies that the referenced competition authorities are investigating a "global conspiracy" covering "CRT Products" for lack of information sufficient to form a belief as to the truth of this allegation.  The allegations in the second and third sentences of Paragraph 4 are reflected in the indictment of C.Y. Lin, which is the best evidence of its contents.

## II.  **JURISDICTION AND VENUE**

5.    The allegations contained in Paragraph 5 consist of the Plaintiffs' characterization of their case, to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations of Paragraph 5.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

6.      The allegations contained in Paragraph 6 are legal conclusions to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations of Paragraph 6.

7.      The allegations contained in Paragraph 7 are legal conclusions to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations of Paragraph 7.

8.      The allegations contained in Paragraph 8 are legal conclusions to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations of Paragraph 8.

9.      TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations contained in Paragraph 9 and, therefore, denies these allegations.

10.     To the extent that the allegations contained in Paragraph 10 relate to other Defendants, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in the second and third sentences of Paragraph 10 are directed to TAI, TAI denies these allegations.

11.     Paragraph 11 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that Paragraph 11 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

12.     Paragraph 12 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that Paragraph 12 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

### III. **DEFINITIONS**

13.     TAI admits the allegations contained in Paragraph 13 of the IP-CAC.

14.     TAI denies the allegations contained in Paragraph 14 of the IP-CAC.

15.     Paragraph 15 consists of defined terms, to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations of Paragraph 15.

16.     Paragraph 16 consists of defined terms, to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations of Paragraph 16.

17.     Paragraph 17 consists of defined terms, to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations of Paragraph 17.

18.     Paragraph 18 consists of defined terms, to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations of Paragraph 18.

## IV.  **PLAINTIFFS**

19.     TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 19 and, therefore, denies the allegation.

20.     TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 20 and, therefore, denies the allegation.

21.     TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 21 and, therefore, denies the allegation.

22.     TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 22 and, therefore, denies the allegation.

23.     TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 23 and, therefore, denies the allegation.

24.     TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 24 and, therefore, denies the allegation.

25.     TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 25 and, therefore, denies the allegation.

26.     TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 26 and, therefore, denies the allegation.

27.     TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 27 and, therefore, denies the allegation.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

28.    TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 28 and, therefore, denies the allegation.

29.    TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 29 and, therefore, denies the allegation.

30.    TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 30 and, therefore, denies the allegation.

31.    TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 31 and, therefore, denies the allegation.

32.    TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 32 and, therefore, denies the allegation.

33.    TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 33 and, therefore, denies the allegation.

34.    TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 34 and, therefore, denies the allegation.

35.    TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 35 and, therefore, denies the allegation.

36.    TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 36 and, therefore, denies the allegation.

37.    TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 37 and, therefore, denies the allegation.

38.    TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 38 and, therefore, denies the allegation.

39.    TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 39 and, therefore, denies the allegation.

40.    TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 40 and, therefore, denies the allegation.

41.    TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 41 and, therefore, denies the allegation.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

42.     TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 42 and, therefore, denies the allegation.

43.     TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 43 and, therefore, denies the allegation.

44.     TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 44 and, therefore, denies the allegation.

45.     TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 45 and, therefore, denies the allegation.

46.     TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 46 and, therefore, denies the allegation.

47.     TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 47 and, therefore, denies the allegation.

48.     TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 48 and, therefore, denies the allegation.

49.     TAI lacks knowledge or information sufficient to form a belief as to the truth contained in Paragraph 49 and, therefore, denies the allegation.

## V.  **DEFENDANTS**

**LG Electronics Entities**

50.     Paragraph 50 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, denies the allegations.

51.     Paragraph 51 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and, therefore, denies the allegations.

52.     Paragraph 52 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

53.      Paragraph 53 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations contained in Paragraph 53.

**Philips Entities**

54.      Paragraph 54 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and, therefore, denies the allegations.

55.      Paragraph 55 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and, therefore, denies the allegations.

56.      Paragraph 56 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and, therefore, denies the allegations.

57.      Paragraph 57 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 and, therefore, denies the allegations.

58.      Paragraph 58 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and, therefore, denies the allegations.

59.      Paragraph 59 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 and, therefore, denies the allegations.

60.      Paragraph 60 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations contained in Paragraph 60.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**LP Displays**

61.    Paragraph 61 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 and, therefore, denies the allegations.

**Samsung Entities**

62.    Paragraph 62 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 and, therefore, denies the allegations.

63.    Paragraph 63 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 and, therefore, denies the allegations.

64.    Paragraph 64 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and, therefore, denies the allegations.

65.    Paragraph 65 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 and, therefore, denies the allegations.

66.    Paragraph 66 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and, therefore, denies the allegations.

67.    Paragraph 67 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and, therefore, denies the allegations.

68.    Paragraph 68 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

69.     Paragraph 69 relates to another Defendant.     Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 and, therefore, denies the allegations.

70.     Paragraph 70 relates to another Defendant.     Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 and, therefore, denies the allegations.

71.     Paragraph 71 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.   To the extent that a response is deemed required, TAI denies the allegations contained in Paragraph 71.

**Toshiba Entities**

72.     Paragraph 72 relates to another Defendant.     Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 and, therefore, denies the allegations, except TAI admits the allegations contained in the first sentence of Paragraph 72.

73.     TAI admits the allegations contained in the first sentence of Paragraph 73 and admits that it is a wholly-owned subsidiary of Toshiba Corp.  TAI denies the remaining allegations contained in Paragraph 73.   TAI avers that it is a holding company and therefore did not itself sell any cathode ray tubes or electronic devices containing cathode ray tubes during the Class Period.

74.     Paragraph 74 relates to another Defendant.     Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 and, therefore, denies the allegations, except TAI avers that the business address of Toshiba America Consumer Products, L.L.C. is 82 Totowa Rd., Wayne, New Jersey 07470-3114.

75.     Paragraph 75 relates to another Defendant.     Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

76.     Paragraph 76 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and, therefore, denies the allegations, except TAI avers that the business address of Toshiba America Information Systems, Inc. is 9740 Irvine Boulevard, Irvine, CA 92618-1697.

77.     Paragraph 77 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 and, therefore, denies the allegations, except TAI avers that the business address of Toshiba America Electronic Components, Inc. is 19900 MacArthur Boulevard, Suite 400, Irvine, CA  92612 and avers that Toshiba America Electronic Components, Inc. is a wholly-owned subsidiary of TAI.

78.     Paragraph 78 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 and, therefore, denies the allegations.

79.     Paragraph 79 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.   To the extent that a response is deemed required, TAI denies the allegations contained in Paragraph 79.

**Panasonic Entities**

80.     Paragraph 80 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and, therefore, denies the allegations.

81.     Paragraph 81 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and, therefore, denies the allegations.

82.     Paragraph 82 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 and, therefore, denies the allegations.

83.     Paragraph 83 relates to another Defendant.  Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 and, therefore, denies the allegations.

84.     Paragraph 84 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations contained in Paragraph 84.

85.     Paragraph 85 relates to another Defendant.  Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 and, therefore, denies the allegations.

86.     Paragraph 86 relates to another Defendant.  Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 and, therefore, denies the allegations.

**Hitachi Entities**

87.     Paragraph 87 relates to another Defendant.  Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 and, therefore, denies the allegations.

88.     Paragraph 88 relates to another Defendant.  Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 and, therefore, denies the allegations.

89.     Paragraph 89 relates to another Defendant.  Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and, therefore, denies the allegations.

90.     Paragraph 90 relates to another Defendant.  Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and, therefore, denies the allegations.

91.     Paragraph 91 relates to another Defendant.  Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

92.     Paragraph 92 relates to another Defendant.    Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and, therefore, denies the allegations.

93.     Paragraph 93 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.   To the extent that a response is deemed required, TAI denies the allegations contained in Paragraph 93.

**Tatung Entities**

94.     Paragraph 94 relates to another Defendant.    Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and, therefore, denies the allegations.

95.     Paragraph 95 relates to another Defendant.    Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 and, therefore, denies the allegations.

96.     Paragraph 96 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.   To the extent that a response is deemed required, TAI denies the allegations contained in Paragraph 96.

**Chunghwa Entities**

97.     Paragraph 97 relates to another Defendant.    Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 and, therefore, denies the allegations.

98.     Paragraph 98 relates to another Defendant.    Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and, therefore, denies the allegations.

99.     Paragraph 99 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.   To the extent that a response is deemed required, TAI denies the allegations contained in Paragraph 99.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**IRICO Entities**

100.   Paragraph 100 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and, therefore, denies the allegations.

101.   Paragraph 101 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and, therefore, denies the allegations.

102.   Paragraph 102 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and, therefore, denies the allegations.

103.   Paragraph 103 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.   To the extent that a response is deemed required, TAI denies the allegations contained in Paragraph 103.

**Thai CRT**

104.   Paragraph 104 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 and, therefore, denies the allegations.

**Samtel**

105.   Paragraph 105 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 and, therefore, denies the allegations.

**Daewoo Entities**

106.   Paragraph 106 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 and, therefore, denies the allegations.

107.   Paragraph 107 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

108.    Paragraph 108 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations contained in Paragraph 108.

109.    Paragraph 109 consists of Plaintiffs' explanation of a defined term used in the IP-CAC, to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations contained in Paragraph 109.

## VI.  AGENTS AND CO-CONSPIRATORS

110.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 and, therefore, denies the allegations.

111.    Paragraph 111 consists of Plaintiffs' characterization of their claim, to which no response is required.  If a response is deemed required, TAI denies the allegations contained in Paragraph 111.

112.    Paragraph 112 consists of Plaintiffs' characterization of their claim, to which no response is required.  If a response is deemed required, TAI denies the allegations contained in Paragraph 112.

113.    To the extent that the allegations contained in Paragraph 113 relate to other Defendants, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in the second and third sentences of Paragraph 113 are directed to TAI, TAI denies these allegations.

## VII.  INTERSTATE TRADE AND COMMERCE

114.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 and, therefore, denies the allegations.

115.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 and, therefore, denies the allegations.

116.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# VIII.  FACTUAL ALLEGATIONS

## A.  CRT Technology

117.    TAI lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 117 and, therefore, denies the allegations.

118.    TAI admits the allegations contained in Paragraph 118 of the IP-CAC.

119.    TAI lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 119 and, therefore, denies the allegations.

120.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 and, therefore, denies the allegations.

## B.  Structural Characteristics Of The CRT Market

121.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 and, therefore, denies the allegations.

### a.  Market Concentration

122.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 and, therefore, denies the allegations.

### b.  Information Sharing

123.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 and, therefore, denies the allegations.

124.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 and, therefore, denies the allegations.

### c.  Consolidation

125.    To the extent that the allegations contained in Paragraph 125 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 125 are directed to TAI, TAI denies these allegations, except that TAI is generally aware that Toshiba Corporation transferred its

CRT business to a new entity called Matsushita Toshiba Picture Display Co., Ltd. ("MTPD") on March  31, 2003.

126.   TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 and, therefore, denies the allegations.

**d.     Multiple Interrelated Business Relationships**

127.   TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 and, therefore, denies the allegations.

128.   To the extent that the allegations contained in Paragraph 128 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 128 are directed to TAI, TAI denies these allegations, except that TAI is generally aware that Toshiba Corporation transferred its CRT business to a new entity called MTPD on March 31, 2003.  TAI  is  generally  aware that Toshiba Corporation participated in the formation of a new entity for the manufacture of CPTs with Orion Electric of South Korea, Sumitomo Corporation, and P.T. Tabung Gambar Indonesia.

**e.     High Costs of Entry Into The Industry**

129.   TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 and, therefore, denies the allegations.

**f.     The Maturity Of The CRT Product Market**

130.   TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 and, therefore, denies the allegations.

131.   TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 and, therefore, denies the allegations.

132.   TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 and, therefore, denies the allegations.

133.   TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

134.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 and, therefore, denies the allegations.

135.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 and, therefore, denies the allegations.

### g.    Homogeneity Of CRT Products

136.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 and, therefore, denies the allegations.

137.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 and, therefore, denies the allegations.

### C.    Pre-Conspiracy Market

138.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 and, therefore, denies the allegations.

139.    Paragraph 139 relates to other Defendants.    Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 and, therefore, denies the allegations.

### D.    Defendants' And Co-Conspirators' Illegal Agreements

140.    To the extent that the allegations contained in Paragraph 140 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 140 are directed to TAI, TAI denies these allegations.

141.    To the extent that the allegations contained in Paragraph 141 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 141 are directed to TAI, TAI denies these allegations.

142.    To the extent that the allegations contained in Paragraph 142 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

2  extent that the allegations contained in Paragraph 142 are directed to TAI, TAI denies these

3  allegations.

4      143.   To the extent that the allegations contained in Paragraph 143 relate to other

5  Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a

6  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

7  extent that the allegations contained in Paragraph 143 are directed to TAI, TAI denies these

8  allegations.

9      144.   To the extent that the allegations contained in Paragraph 144 relate to other

10  Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a

11  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

12  extent that the allegations contained in Paragraph 144 are directed to TAI, TAI denies these

13  allegations.

14      **a.      "Glass Meetings"**

15      145.   To the extent that the allegations contained in Paragraph 145 relate to other

16  Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a

17  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

18  extent that the allegations contained in Paragraph 145 are directed to TAI, TAI denies these

19  allegations.

20      146.   To the extent that the allegations contained in Paragraph 146 relate to other

21  Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a

22  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

23  extent that the allegations contained in Paragraph 146 are directed to TAI, TAI denies these

24  allegations.

25      147.   To the extent that the allegations contained in Paragraph 147 relate to other

26  Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a

27  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

28

1

2

extent that the allegations contained in Paragraph 147 are directed to TAI, TAI denies these allegations.

3

4

5

6

7

148.    To the extent that the allegations contained in Paragraph 148 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 148 are directed to TAI, TAI denies these allegations.

8

9

10

11

12

149.    To the extent that the allegations contained in Paragraph 149 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 149 are directed to TAI, TAI denies these allegations.

13

14

15

16

17

150.    To the extent that the allegations contained in Paragraph 150 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 150 are directed to TAI, TAI denies these allegations.

18

19

20

21

22

151.    To the extent that the allegations contained in Paragraph 151 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 151 are directed to TAI, TAI denies these allegations.

23

24

25

26

27

152.    To the extent that the allegations contained in Paragraph 152 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 152 are directed to TAI, TAI denies these allegations.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

153.    To the extent that the allegations contained in Paragraph 153 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 153 are directed to TAI, TAI denies these allegations.

154.    To the extent that the allegations contained in Paragraph 154 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 154 are directed to TAI, TAI denies these allegations.

155.    To the extent that the allegations contained in Paragraph 155 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 155 are directed to TAI, TAI denies these allegations.

156.    To the extent that the allegations contained in Paragraph 156 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 156 are directed to TAI, TAI denies these allegations.

157.    To the extent that the allegations contained in Paragraph 157 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 157 are directed to TAI, TAI denies these allegations.

158.    To the extent that the allegations contained in Paragraph 158 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

extent that the allegations contained in Paragraph 158 are directed to TAI, TAI denies these allegations.

**b.    Bilateral Discussions**

159.    To the extent that the allegations contained in Paragraph 159 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 159 are directed to TAI, TAI denies these allegations.

160.    To the extent that the allegations contained in Paragraph 160 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 160 are directed to TAI, TAI denies these allegations.

161.    To the extent that the allegations contained in Paragraph 161 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 161 are directed to TAI, TAI denies these allegations.

162.    To the extent that the allegations contained in Paragraph 162 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 162 are directed to TAI, TAI denies these allegations.

163.    To the extent that the allegations contained in Paragraph 163 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 163 are directed to TAI, TAI denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

164.   To the extent that the allegations contained in Paragraph 164 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 164 are directed to TAI, TAI denies these allegations.

165.   To the extent that the allegations contained in Paragraph 165 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 165 are directed to TAI, TAI denies these allegations.

**c.     Defendants' And Co-Conspirators' Participation In Group And Bilateral Discussions**

166.   Paragraph 166 relates to other Defendants.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 and, therefore, denies the allegations.

167.   Paragraph 167 relates to other Defendants.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167 and, therefore, denies the allegations.

168.   Paragraph 168 relates to other Defendants.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168 and, therefore, denies the allegations.

169.   Paragraph 169 relates to other Defendants.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169 and, therefore, denies the allegations.

170.   Paragraph 170 relates to other Defendants.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

171.    Paragraph 171 relates to other Defendants.    Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171 and, therefore, denies the allegations.

172.    Paragraph 172 relates to other Defendants.    Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172 and, therefore, denies the allegations.

173.    Paragraph 173 relates to other Defendants.    Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 and, therefore, denies the allegations.

174.    Paragraph 174 relates to other Defendants.    Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174 and, therefore, denies the allegations.

175.    Paragraph 175 relates to other Defendants.    Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 and, therefore, denies the allegations.

176.    Paragraph 176 relates to other Defendants.    Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 and, therefore, denies the allegations.

177.    To the extent that the allegations contained in Paragraph 177 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 177 are directed to TAI, TAI denies these allegations.

178.    To the extent that the allegations contained in Paragraph 178 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 178 are directed to TAI, TAI denies these allegations.

179.  Paragraph 179 relates to other Defendants.  Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179 and, therefore, denies the allegations.

180.  Paragraph 180 relates to other Defendants.  Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180 and, therefore, denies the allegations.

181.  Paragraph 181 relates to other Defendants.  Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181 and, therefore, denies the allegations.

182.  Paragraph 182 relates to other Defendants.  Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182 and, therefore, denies the allegations.

183.  Paragraph 183 relates to other Defendants.  Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183 and, therefore, denies the allegations.

184.  Paragraph 184 relates to other Defendants.  Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 184 and, therefore, denies the allegations.

185.  Paragraph 185 relates to other Defendants.  Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185 and, therefore, denies the allegations.

186.  Paragraph 186 relates to other Defendants.  Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 186 and, therefore, denies the allegations.

187.  Paragraph 187 relates to other Defendants.  Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 187 and, therefore, denies the allegations.

188.   To the extent that Paragraph 188 consists of Plaintiffs' characterization of their claims and Plaintiffs' explanation of a defined term used in their Complaint, no response is required.  To the extent that the allegations contained in Paragraph 188 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 188 may be deemed to require a response from TAI, TAI denies these allegations.

### E.   The CRT Market During The Conspiracy

189.   TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189 and, therefore, denies the allegations.

190.   TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190 and, therefore, denies the allegations.

191.   TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191 and, therefore, denies the allegations.

192.   To the extent that Paragraph 192 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 192 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 192 may be deemed to require a response from TAI, TAI denies these allegations.

193.   To the extent that Paragraph 193 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 193 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 193 may be deemed to require a response from TAI, TAI denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   194.   To the extent that the allegations contained in Paragraph 194 relate to other

2   Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a

3   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

4   extent that the allegations contained in Paragraph 194 are directed to TAI, TAI denies these

5   allegations.

6   195.   To the extent that Paragraph 195 consists of purported statements in news

7   reports and/or statements in public documents, those statements speak for themselves and

8   no response is required.  To the extent that the allegations contained in Paragraph 195

9   relate to other Defendants and/or third parties, TAI lacks knowledge or information

10  sufficient to form a belief as to the truth of these allegations and, therefore, denies these

11  allegations.  To the extent that the allegations contained in Paragraph 195 may be deemed

12  to require a response from TAI, TAI denies these allegations.

13  196.   To the extent that Paragraph 196 consists of purported statements in news

14  reports and/or statements in public documents, those statements speak for themselves and

15  no response is required.  To the extent that the allegations contained in Paragraph 196

16  relate to other Defendants and/or third parties, TAI lacks knowledge or information

17  sufficient to form a belief as to the truth of these allegations and, therefore, denies these

18  allegations.  To the extent that the allegations contained in Paragraph 196 may be deemed

19  to require a response from TAI, TAI denies these allegations.

20  197.   To the extent that Paragraph 197 consists of purported statements in news

21  reports and/or statements in public documents, those statements speak for themselves and

22  no response is required.  To the extent that the allegations contained in Paragraph 197

23  relate to other Defendants and/or third parties, TAI lacks knowledge or information

24  sufficient to form a belief as to the truth of these allegations and, therefore, denies these

25  allegations.  To the extent that the allegations contained in Paragraph 197 may be deemed

26  to require a response from TAI, TAI denies these allegations.

27  198.   To the extent that the allegations contained in Paragraph 198 relate to other

28  Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a

belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 198 are directed to TAI, TAI denies these allegations.

199. To the extent that the allegations contained in Paragraph 199 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 199 are directed to TAI, TAI denies these allegations.

200. To the extent that Paragraph 200 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 200 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 200 may be deemed to require a response from TAI, TAI denies these allegations.

201. To the extent that the allegations contained in Paragraph 201 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 201 are directed to TAI, TAI denies these allegations.

202. To the extent that the allegations contained in Paragraph 202 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 202 are directed to TAI, TAI denies these allegations.

F.   **International Government Antitrust Investigations**

203. To the extent that the allegations contained in Paragraph 203 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

2   extent that the allegations contained in Paragraph 203 are directed to TAI, TAI denies these

3   allegations.

4        204.   TAI lacks knowledge or information sufficient to form a belief as to the truth

5   of the allegations contained in Paragraph 204 and, therefore, denies these allegations.

6        205.   To the extent that Paragraph 205 consists of purported statements by

7   government authorities and/or statements in public documents, those statements speak for

8   themselves and no response is required.  To the extent that the allegations contained in

9   Paragraph 205 may be deemed to require a response from TAI, TAI denies these

10  allegations.

11       206.   TAI lacks knowledge or information sufficient to form a belief as to the truth

12  of the allegations contained in Paragraph 206 and, therefore, denies these allegations.

13       207.   To the extent that Paragraph 207 consists of purported statements in news

14  reports and/or statements in public documents, those statements speak for themselves and

15  no response is required.  To the extent that the allegations contained in Paragraph 207

16  relate to other Defendants and/or third parties, TAI lacks knowledge or information

17  sufficient to form a belief as to the truth of these allegations and, therefore, denies these

18  allegations.  To the extent that the allegations contained in Paragraph 207 may be deemed

19  to require a response from TAI, TAI denies these allegations.

20       208.   To the extent that Paragraph 208 consists of purported statements in news

21  reports and/or statements in public documents, those statements speak for themselves and

22  no response is required.  To the extent that the allegations contained in Paragraph 208

23  relate to other Defendants and/or third parties, TAI lacks knowledge or information

24  sufficient to form a belief as to the truth of these allegations and, therefore, denies these

25  allegations.  To the extent that the allegations contained in Paragraph 208 may be deemed

26  to require a response from TAI, TAI denies these allegations.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

209.    Paragraph 209 relates to other Defendants and/or third parties.  Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 209 and, therefore, denies these allegations.

210.    To the extent that Paragraph 210 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 210 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 210 may be deemed to require a response from TAI, TAI denies these allegations.

211.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 211 and, therefore, denies these allegations.

212.    The allegations contained in Paragraph 212 refer to a public annual report, which is the best evidence of its contents.

213.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 213 and, therefore, denies these allegations.

214.    To the extent that the allegations contained in Paragraph 214 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 214 are directed to TAI, TAI denies these allegations.

215.    To the extent that the allegations contained in Paragraph 215 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 215 are directed to TAI, TAI denies these allegations.

216.    To the extent that the allegations contained in Paragraph 216 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a

belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 216 are directed to TAI, TAI denies these allegations.

217. To the extent that the allegations contained in Paragraph 217 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 217 are directed to TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

218. To the extent that Paragraph 218 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 218 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 218 may be deemed to require a response from TAI, TAI denies these allegations.

219. To the extent that Paragraph 219 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 219 may be deemed to require a response from TAI, TAI denies these allegations.

220. To the extent that Paragraph 220 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 220 may be deemed to require a response from TAI, TAI denies these allegations.

221. To the extent that Paragraph 221 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   Paragraph 221 may be deemed to require a response from TAI, TAI denies these

2   allegations.

3   ## IX.  THE PASS-THROUGH OF OVERCHARGES TO CONSUMERS

4       222.    To the extent that Paragraph 222 contains argument and/or legal conclusions,

5   no response is required.  To the extent that Paragraph 222 consists of purported statements

6   by governmental authorities, those statements speak for themselves and no response is

7   required.  To the extent that the allegations contained in Paragraph 222 relate to other

8   Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a

9   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

10  extent that the allegations contained in Paragraph 222 are directed to TAI, TAI denies these

11  allegations.

12      223.    To the extent that the allegations contained in Paragraph 223 relate to other

13  Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a

14  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

15  extent that the allegations contained in Paragraph 223 are directed to TAI, TAI denies these

16  allegations.

17      224.    To the extent that the allegations contained in Paragraph 224 relate to other

18  Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a

19  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

20  extent that the allegations contained in Paragraph 224 are directed to TAI, TAI denies these

21  allegations.

22      225.    To the extent that the allegations contained in Paragraph 225 relate to other

23  Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a

24  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

25  extent that the allegations contained in Paragraph 225 are directed to TAI, TAI denies these

26  allegations.

27      226.    To the extent that Paragraph 226 contains argument and/or legal conclusions,

28  no response is required.  To the extent that the allegations contained in Paragraph 226

relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 226 are directed to TAI, TAI denies these allegations.

227.    To the extent that Paragraph 227 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 227 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 227 are directed to TAI, TAI denies these allegations.

228.    To the extent that Paragraph 228 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 228 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 228 are directed to TAI, TAI denies these allegations.

229.    To the extent that the allegations contained in Paragraph 229 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 229 are directed to TAI, TAI denies these allegations.

230.    Paragraph 230 contains argument and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 230 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 230 may be deemed to require a response from TAI, TAI denies these allegations

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

231.    To the extent that Paragraph 231 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 231 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 231 are directed to TAI, TAI denies these allegations.

232.    Paragraph 232 contains argument and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 232 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 232 may be deemed to require a response from TAI, TAI denies these allegations

233.    To the extent that Paragraph 233 contains argument and/or legal conclusions, no response is required.  To the extent that Paragraph 233 consists of purported statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 233 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 233 may be deemed to require a response from TAI, TAI denies these allegations.

234.    Paragraph 234 contains argument and/or legal conclusions, to which no response is required.  To the extent that Paragraph 234 consists of purported statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 234 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 234 may be deemed to require a response from TAI, TAI denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

235.   Paragraph 235 contains argument and/or legal conclusions, to which no response is required.  To the extent that Paragraph 235 consists of purported statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 235 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 235 may be deemed to require a response from TAI, TAI denies these allegations.

236.   Paragraph 236 contains argument and/or legal conclusions, to which no response is required.  Also, Paragraph 236 consists of purported statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 236 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 236 may be deemed to require a response from TAI, TAI denies these allegations.

237.   To the extent that Paragraph 237 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 237 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 237 are directed to TAI, TAI denies these allegations.

238.   To the extent that the allegations contained in Paragraph 238 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 238 are directed to TAI, TAI denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

239.   Paragraph 239 contains argument and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 239 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 239 may be deemed to require a response from TAI, TAI denies these allegations.

## X.   CLASS ACTION ALLEGATIONS

240.   Paragraph 240 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that Paragraph 240 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAI further denies that this action can properly be maintained as a class action on behalf of the purported class or otherwise.

241.   Paragraph 241 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that Paragraph 241 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAI further denies that this action can properly be maintained as a class action on behalf of the purported class or otherwise.

242.   Paragraph 242 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that Paragraph 242 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAI further denies that this action can properly be maintained as a class action on behalf of the purported class or otherwise.

243.   Paragraph 243 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that Paragraph 243 may be deemed to require a response from TAI, TAI lacks knowledge or

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAI further denies that this action can properly be maintained as a class action on behalf of the purported class or otherwise.

## XI.  VIOLATIONS ALLEGED

### A.    First Claim for Relief:  Violation of Section 1 of the Sherman Act

244.    TAI hereby incorporates by reference its responses to Paragraphs 1-243 of the IP-CAC as set forth above.

245.    Paragraph 245 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 245 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 245 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

246.    Paragraph 246 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 246 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 246 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

247.    Paragraph 247 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 247 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 247 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

248.    Paragraph 248 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 248 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 248 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

249.    Paragraph 249 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 249 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 249 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

250.    Paragraph 250 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 250 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 250 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

251.    Paragraph 251 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 251 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 251 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

252.    Paragraph 252 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 252 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 252 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

253.    Paragraph 253 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 253 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 253 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

**B.    Second Claim For Relief:  Violation of State Antitrust Statutes**

254.    TAI hereby incorporates by reference its responses to Paragraphs 1-253 of the IP-CAC as set forth above.

255.    TAI hereby incorporates by reference its responses to Paragraphs 1-254 of the IP-CAC as set forth above.    Paragraph 255 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 255 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 255 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

256.    TAI hereby incorporates by reference its responses to Paragraphs 1-255 of the IP-CAC as set forth above.    Paragraph 256 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.

To the extent that the allegations contained in Paragraph 256 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 256 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

257.    TAI hereby incorporates by reference its responses to Paragraphs 1-256 of the IP-CAC as set forth above.   Paragraph 257 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 257 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 257 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

258.    TAI hereby incorporates by reference its responses to Paragraphs 1-257 of the IP-CAC as set forth above.   Paragraph 258 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 258 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 258 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

259.    TAI hereby incorporates by reference its responses to Paragraphs 1-258 of the IP-CAC as set forth above.   Paragraph 259 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 259 relate to other Defendants

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to

2   the truth of these allegations and, therefore, denies these allegations.  To the extent that

3   Paragraph 259 may be deemed to require a response from TAI, TAI lacks knowledge or

4   information sufficient to form a belief as to the truth of these allegations and, therefore,

5   denies these allegations.

6        260.   TAI hereby incorporates by reference its responses to Paragraphs 1-259 of the

7   IP-CAC as set forth above.   Paragraph 260 consists of arguments, Plaintiffs'

8   characterization of their claims and/or legal conclusions, to which no response is required.

9   To the extent that the allegations contained in Paragraph 260 relate to other Defendants

10  and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to

11  the truth of these allegations and, therefore, denies these allegations.  To the extent that

12  Paragraph 260 may be deemed to require a response from TAI, TAI lacks knowledge or

13  information sufficient to form a belief as to the truth of these allegations and, therefore,

14  denies these allegations.

15       261.   TAI hereby incorporates by reference its responses to Paragraphs 1-260 of the

16  IP-CAC as set forth above.   Paragraph 261 consists of arguments, Plaintiffs'

17  characterization of their claims and/or legal conclusions, to which no response is required.

18  To the extent that the allegations contained in Paragraph 261 relate to other Defendants

19  and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to

20  the truth of these allegations and, therefore, denies these allegations.  To the extent that

21  Paragraph 261 may be deemed to require a response from TAI, TAI lacks knowledge or

22  information sufficient to form a belief as to the truth of these allegations and, therefore,

23  denies these allegations.

24       262.   TAI hereby incorporates by reference its responses to Paragraphs 1-261 of the

25  IP-CAC as set forth above.  TAI denies that Plaintiffs are entitled to any relief pursuant to

26  claims under the laws of Nebraska that are based on sales made prior to July 20, 2002, as

27  the Court dismissed these claims in its March 30, 2010 Order (Doc. No. 665).  Also,

28  Paragraph 262 consists of arguments, Plaintiffs' characterization of their claims and/or

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 262 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 262 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

263.    TAI hereby incorporates by reference its responses to Paragraphs 1-262 of the IP-CAC as set forth above.  TAI denies that Plaintiffs are entitled to any relief pursuant to claims under the laws of Nevada that are based on sales made prior to the 1999 date of Nevada's repealer statute, as the Court dismissed these claims in its March 30, 2010 Order (Doc. No. 665).  Also, Paragraph 263 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 263 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 263 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

264.    TAI hereby incorporates by reference its responses to Paragraphs 1-263 of the IP-CAC as set forth above.     Paragraph 264 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 264 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 264 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

265.    TAI hereby incorporates by reference its responses to Paragraphs 1-264 of the IP-CAC as set forth above.    Paragraph 265 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 265 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 265 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

266.    TAI hereby incorporates by reference its responses to Paragraphs 1-265 of the IP-CAC as set forth above.    Paragraph 266 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 266 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 266 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

267.    TAI hereby incorporates by reference its responses to Paragraphs 1-266 of the IP-CAC as set forth above.    Paragraph 267 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 267 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 267 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

268.    TAI hereby incorporates by reference its responses to Paragraphs 1-267 of the IP-CAC as set forth above.    Paragraph 268 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 268 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 268 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

269.    TAI hereby incorporates by reference its responses to Paragraphs 1-268 of the IP-CAC as set forth above.    Paragraph 269 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 269 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 269 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

270.    TAI hereby incorporates by reference its responses to Paragraphs 1-269 of the IP-CAC as set forth above.    Paragraph 270 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 270 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 270 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

271.  TAI hereby incorporates by reference its responses to Paragraphs 1-270 of the IP-CAC as set forth above.  Paragraph 271 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 271 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 271 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## C.  Third Claim for Relief:  Violation of State Consumer Protection and Unfair Competition Statutes

272.  TAI hereby incorporates by reference its responses to Paragraphs 1-271 of the IP-CAC as set forth above.

273.  Paragraph 273 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 273 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 273 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

274.  TAI hereby incorporates by reference its responses to Paragraphs 1-273 of the IP-CAC as set forth above.  Paragraph 274 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 274 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 274 may be deemed to require a response from TAI, TAI lacks knowledge or

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  information sufficient to form a belief as to the truth of these allegations and, therefore,

2  denies these allegations.

3       275.   TAI hereby incorporates by reference its responses to Paragraphs 1-274 of the

4  IP-CAC as set forth above.   Paragraph 275 consists of arguments, Plaintiffs'

5  characterization of their claims and/or legal conclusions, to which no response is required.

6  To the extent that the allegations contained in Paragraph 275 relate to other Defendants

7  and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to

8  the truth of these allegations and, therefore, denies these allegations.   To the extent that

9  Paragraph 275 may be deemed to require a response from TAI, TAI lacks knowledge or

10 information sufficient to form a belief as to the truth of these allegations and, therefore,

11 denies these allegations.

12      276.   TAI hereby incorporates by reference its responses to Paragraphs 1-275 of the

13 IP-CAC as set forth above.   Paragraph 276 consists of arguments, Plaintiffs'

14 characterization of their claims and/or legal conclusions, to which no response is required.

15 To the extent that the allegations contained in Paragraph 276 relate to other Defendants

16 and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to

17 the truth of these allegations and, therefore, denies these allegations.   To the extent that

18 Paragraph 276 may be deemed to require a response from TAI, TAI lacks knowledge or

19 information sufficient to form a belief as to the truth of these allegations and, therefore,

20 denies these allegations.

21      277.   TAI hereby incorporates by reference its responses to Paragraphs 1-276 of the

22 IP-CAC as set forth above.  TAI denies that Plaintiffs are entitled to any relief pursuant to

23 claims under the Massachusetts Consumer Protection Act, as the Court dismissed these

24 claims in its March 30, 2010 Order (Doc. No. 665).  Paragraph 277 consists of arguments,

25 Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is

26 required.   To the extent that the allegations contained in Paragraph 277 relate to other

27 Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a

28 belief as to the truth of these allegations and, therefore, denies these allegations.   To the

1  extent that Paragraph 277 may be deemed to require a response from TAI, TAI lacks

2  knowledge or information sufficient to form a belief as to the truth of these allegations and,

3  therefore, denies these allegations.

4    278.   TAI hereby incorporates by reference its responses to Paragraphs 1-277 of the

5  IP-CAC as set forth above.   Paragraph 278 consists of arguments, Plaintiffs'

6  characterization of their claims and/or legal conclusions, to which no response is required.

7  To the extent that the allegations contained in Paragraph 278 relate to other Defendants

8  and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to

9  the truth of these allegations and, therefore, denies these allegations.   To the extent that

10  Paragraph 278 may be deemed to require a response from TAI, TAI lacks knowledge or

11  information sufficient to form a belief as to the truth of these allegations and, therefore,

12  denies these allegations.

13    279.   TAI hereby incorporates by reference its responses to Paragraphs 1-278 of the

14  IP-CAC as set forth above.   Paragraph 279 consists of arguments, Plaintiffs'

15  characterization of their claims and/or legal conclusions, to which no response is required.

16  To the extent that the allegations contained in Paragraph 279 relate to other Defendants

17  and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to

18  the truth of these allegations and, therefore, denies these allegations.   To the extent that

19  Paragraph 279 may be deemed to require a response from TAI, TAI lacks knowledge or

20  information sufficient to form a belief as to the truth of these allegations and, therefore,

21  denies these allegations.

22    280.   TAI hereby incorporates by reference its responses to Paragraphs 1-279 of the

23  IP-CAC as set forth above.   Paragraph 280 consists of arguments, Plaintiffs'

24  characterization of their claims and/or legal conclusions, to which no response is required.

25  To the extent that the allegations contained in Paragraph 280 relate to other Defendants

26  and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to

27  the truth of these allegations and, therefore, denies these allegations.   To the extent that

28  Paragraph 280 may be deemed to require a response from TAI, TAI lacks knowledge or

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    information sufficient to form a belief as to the truth of these allegations and, therefore,

2    denies these allegations.

3        281.    TAI hereby incorporates by reference its responses to Paragraphs 1-280 of the

4    IP-CAC as set forth above.    Paragraph 281 consists of arguments, Plaintiffs'

5    characterization of their claims and/or legal conclusions, to which no response is required.

6    To the extent that the allegations contained in Paragraph 281 relate to other Defendants

7    and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to

8    the truth of these allegations and, therefore, denies these allegations.  To the extent that

9    Paragraph 281 may be deemed to require a response from TAI, TAI lacks knowledge or

10   information sufficient to form a belief as to the truth of these allegations and, therefore,

11   denies these allegations.

12       282.    TAI hereby incorporates by reference its responses to Paragraphs 1-281 of the

13   IP-CAC as set forth above.  TAI denies that Plaintiffs are entitled to any relief pursuant to

14   claims under the Rhode Island Unfair Trade Practices and Consumer Protection Act, as the

15   Court dismissed these claims in its March 30, 2010 Order (Doc. No. 665).    Also,

16   Paragraph 282 consists of arguments, Plaintiffs' characterization of their claims and/or

17   legal conclusions, to which no response is required.  To the extent that the allegations

18   contained in Paragraph 282 relate to other Defendants and/or third parties, TAI lacks

19   knowledge or information sufficient to form a belief as to the truth of these allegations and,

20   therefore, denies these allegations.  To the extent that Paragraph 282 may be deemed to

21   require a response from TAI, TAI lacks knowledge or information sufficient to form a

22   belief as to the truth of these allegations and, therefore, denies these allegations.

23       283.    TAI hereby incorporates by reference its responses to Paragraphs 1-282 of the

24   IP-CAC as set forth above.    Paragraph 283 consists of arguments, Plaintiffs'

25   characterization of their claims and/or legal conclusions, to which no response is required

26   To the extent that the allegations contained in Paragraph 283 relate to other Defendants

27   and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to

28   the truth of these allegations and, therefore, denies these allegations.  To the extent that

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1    Paragraph 283 may be deemed to require a response from TAI, TAI lacks knowledge or

2    information sufficient to form a belief as to the truth of these allegations and, therefore,

3    denies these allegations.

4    **D.    Fourth Claim for Relief:  Unjust Enrichment and Disgorgement of Profits**

5        284.    TAI hereby incorporates by reference its responses to Paragraphs 1-283 of the

6    IP-CAC as set forth above.

7        285.    Paragraph 285 consists of arguments, Plaintiffs' characterization of their

8    claims and/or legal conclusions, to which no response is required.  To the extent that the

9    allegations contained in Paragraph 285 relate to other Defendants and/or third parties, TAI

10   lacks knowledge or information sufficient to form a belief as to the truth of these

11   allegations and, therefore, denies these allegations.  To the extent that Paragraph 285 may

12   be deemed to require a response from TAI, TAI lacks knowledge or information sufficient

13   to form a belief as to the truth of these allegations and, therefore, denies these allegations.

14       286.    TAI denies that Plaintiffs are entitled to any relief pursuant to claims under

15   the common law of unjust enrichment in Kansas, as the Court dismissed these claims in its

16   March 30, 2010 Order (Doc. No. 665).  Paragraph 286 consists of arguments, Plaintiffs'

17   characterization of their claims and/or legal conclusions, to which no response is required.

18   To the extent that the allegations contained in Paragraph 286 relate to other Defendants

19   and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to

20   the truth of these allegations and, therefore, denies these allegations.  To the extent that

21   Paragraph 286 may be deemed to require a response from TAI, TAI lacks knowledge or

22   information sufficient to form a belief as to the truth of these allegations and, therefore,

23   denies these allegations.

24       287.    Paragraph 287 consists of arguments, Plaintiffs' characterization of their

25   claims and/or legal conclusions, to which no response is required.  To the extent that the

26   allegations contained in Paragraph 287 relate to other Defendants and/or third parties, TAI

27   lacks knowledge or information sufficient to form a belief as to the truth of these

28   allegations and, therefore, denies these allegations.  To the extent that Paragraph 287 may

be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## XII.  FRAUDULENT CONCEALMENT

288.    TAI hereby incorporates by reference its responses to Paragraphs 1-287 of the IP-CAC as set forth above.

289.    Paragraph 289 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 289 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 289 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

290.    Paragraph 290 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 290 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 290 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

291.    Paragraph 291 consists of arguments, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 291 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that Paragraph 291 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### XIII.  PRAYER FOR RELIEF

In answer to the Prayer for Relief, TAI denies each and every allegation in the Prayer and further specifically denies that Plaintiffs are entitled to any of the relief requested or any remedy whatsoever against TAI.

All allegations of the IP-CAC not heretofore admitted or denied are here and now denied as though specifically denied herein.

### DEFENSES/AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, TAI asserts the following separate and additional defenses:

### FIRST DEFENSE

The conduct alleged to provide a basis for the claims of Plaintiffs and any putative class members did not have a direct, substantial and reasonably foreseeable effect on trade or commerce with the United States.  The Court therefore lacks subject-matter jurisdiction of the claims of Plaintiffs' and any putative class members.  The Court also lacks subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

### SECOND DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

### THIRD DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Plaintiffs, and each of them, have failed to plead fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**FIFTH DEFENSE**

Plaintiffs' state law claims are barred or limited in whole or in part by the doctrine of *forum non conveniens* and improper venue.  Plaintiffs' claims, to the extent they rely on the laws of foreign states or are brought on behalf of out-of-state residents, would be better adjudicated in those foreign courts.

**SIXTH DEFENSE**

Plaintiffs' claims and claims of any putative class members against TAI are barred to the extent that they have agreed to arbitration or chosen a different forum for the resolution of their claims.

**SEVENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because they cannot be maintained as a class action.

**EIGHTH DEFENSE**

The relief sought by Plaintiffs, and each of them, is barred because the named Plaintiffs are not proper class representatives.

**NINTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because Plaintiffs, and each of them, lack standing to bring or maintain the claims set forth in the Complaint.

**TENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs purport to bring this action on behalf of a nationwide class, some members of which reside in jurisdictions that do not permit actions based on, or analogous to, the claims specified in the Complaint.

**ELEVENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure because they did not arise out of the same transaction, occurrence or series of transactions or occurrences and/or do not involve questions of law or fact common to all Defendants.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

**TWELFTH DEFENSE**

2      Plaintiffs' claims and claims of any putative class members are barred, in whole or in

3 part, because Plaintiffs, and each of them, have suffered no antitrust injury.

4

**THIRTEENTH DEFENSE**

5      Plaintiffs' claims and claims of any putative class members are barred, in whole or in

6 part, by the doctrine of waiver.

7

**FOURTEENTH DEFENSE**

8      Plaintiffs' claims and claims of any putative class members are barred, in whole or in

9 part, by the doctrine of estoppel.

10

**FIFTEENTH DEFENSE**

11      Plaintiffs' claims and claims of any putative class members are barred, in whole or in

12 part, by the doctrine of laches.

13

**SIXTEENTH DEFENSE**

14      Plaintiffs' claims and claims of any putative class members are barred, in whole or in

15 part, because no Plaintiff has been injured in its business or property by reason of any

16 action of TAI.

17

**SEVENTEENTH DEFENSE**

18      Plaintiffs' claims and claims of any putative class members are barred, in whole or in

19 part, because any alleged injuries and damages were not legally or proximately caused by

20 any acts or omissions of TAI and/or were caused, if at all, solely and proximately by the

21 conduct of third parties including, without limitations, the prior, intervening or superseding

22 conduct of such third parties.

23

**EIGHTEENTH DEFENSE**

24      To the extent that any actionable conduct occurred, Plaintiffs' claims and claims of

25 any putative class members against TAI are barred because all such conduct would have

26 been committed by individuals acting *ultra vires*.

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

**NINETEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no damages as a result of any actions taken by TAI and/or the other Defendants.

**TWENTIETH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

**TWENTY-FIRST DEFENSE**

Plaintiffs and any putative class members are barred from recovery of any damages because of and to the extent of their failure to mitigate damages.

**TWENTY-SECOND DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any actions or practices of TAI that are subject of the IP-CAC were undertaken unilaterally for legitimate business reasons and in pursuit of TAI's independent interests and those of its customers, and were not the product of any contract, combination or conspiracy between TAI and any other person or entity.

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any acts or practices of TAI that are the subject of the IP-CAC were adopted in furtherance of legitimate business interests of TAI and of its customers and did not unreasonably restrain competition.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any acts or practices of TAI that are the subject of the IP-CAC were cost justified or otherwise economically justified and resulted from a good-faith effort to meet competition or market conditions.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, as premised upon privileged conduct or actions by TAI.

**TWENTY-SIXTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because the alleged conduct complained of was caused by, due to, based upon, or in response to directives, laws, regulations, policies and/or acts of governments, governmental agencies and entities and/or regulatory agencies, and as such is non-actionable or privileged.

**TWENTY-SEVENTH DEFENSE**

To the extent there is a finding of an illegal overcharge, Plaintiffs' claims are barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not passed through to the indirect purchasers.

**TWENTY-EIGHTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because, as indirect purchasers, they fail to meet their burden of proving that they were damaged in fact by the conduct of which complaint is here made, including the burden of proving that any so-called overcharge of which complaint is made and which was not absorbed by predecessors to the Plaintiffs in the chain of distribution was not passed on to a third party.

**TWENTY-NINTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, to the extent they seek improper multiple damage awards, and damage awards duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution.

**THIRTIETH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the equitable doctrine of unclean hands.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THIRTY-FIRST DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the doctrine of accord and satisfaction.

## THIRTY-SECOND DEFENSE

Without admitting the existence of any contract, combination or conspiracy in restraint of trade, TAI contends that it is entitled to set off any amounts paid to Plaintiffs by any Defendants other than TAI who have settled, or do settle, Plaintiffs' claims against them in this action.

## THIRTY-THIRD DEFENSE

Plaintiffs' claims and claims of any putative class members for injunctive relief are barred, in whole or in part, insofar as Plaintiffs seek to enjoin alleged events that have already transpired without the requisite showing of threatened future harm or continuing harm.

## THIRTY-FOURTH DEFENSE

The Complaint is ambiguous as to whether the alleged state law violations are intended to be asserted on behalf of a purported nationwide class of indirect purchasers or just on behalf of the residents of those states whose laws were cited.  To the extent the Complaint asserts alleged violations on behalf of indirect purchasers located outside of the jurisdictions governed by those laws, those claims are barred as improper assertions of extraterritorial jurisdiction and any effort to enforce those laws as to residents of other states would violate Defendants' rights to due process under the United States and various state constitutions.

## THIRTY-FIFTH DEFENSE

To the extent Plaintiffs or any purported class members seek to assert claims or obtain relief under the laws of a state of which they are not a resident, those claims are barred by constitutional rights of due process, choice of law principles, and the laws of the states under which Plaintiffs assert their claims.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**THIRTY-SIXTH DEFENSE**

Plaintiffs' claims are barred in whole or part because the Complaint fails to plead conspiracy with particularity required under applicable law.

**THIRTY-SEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to:  15 U.S.C. § 15b; Ariz. Rev. Stat. Ann. § 44-1410; Cal. Bus. & Prof. Code § 17208; Cal. Bus. & Prof. Code § 16750.1; Cal. Civ. Proc. Code §§ 337-340; Fla. Stat. § 95.11(f); Haw. Rev. Stat. § 480-24; Iowa Code §§ 553.12 and 553.16; Kan. Stat. Ann. § 60-512(2); Mass. Gen. Laws ch. 93, § 13.  Mich. Comp. Laws §§ 445.781 and 600.5813; Minn. Stat. § 325D.64(1); Miss. Code Ann. §§ 15-1-49 and 15-1-65; Neb. Rev. Stat. §§ 25-206 and 59-1612; Nev. Rev. Stat. §§ 11.190 and 598A.220; N.M. Stat. § 57-1-12; N.Y. C.P.L.R. 214(2); N.C. Gen. Stat. § 75-16.2; N.D. Cent. Code § 51-08.1-10; R.I. Gen. Laws §§ 9-1-13(a) and 6-36-23; S.D. Codified Laws § 37-1-14.4; Tenn. Code Ann. § 28-3-105; Vt. Stat. Ann. tit. 12, § 511; W. Va. Code § 47-18-11; Wis. Stat. § 133.18.

**THIRTY-EIGHTH DEFENSE**

Plaintiffs lack standing to prosecute their state antitrust claims, in whole or in part, under, without limitation, the following statutes:  Ariz. Rev. Stat. Ann. §§ 44-1401, *et seq*.; Cal. Bus. & Prof. Code §§ 16700, *et seq.*; Cal. Bus. & Prof. Code §§ 17200, *et seq.*; Iowa Code §§ 553.1, *et seq.*; Kan. Stat. Ann. §§ 50-101, *et seq.*; Mich. Comp. Laws §§ 445.771, *et seq.*; Minn. Stat. §§ 325D.52, *et seq.*; Miss. Code Ann. §§ 75-21-9, *et seq.* and 75-24-1, *et seq.*; Neb. Rev. Stat. §§ 59-801, *et seq.*; Nev. Rev. Stat. §§ 598A, *et seq.*; N.M. Stat. §§ 57-1-1, *et seq.*; N.C. Gen. Stat. §§ 75-1, *et seq.*; N.D. Cent. Code §§ 51-08.1-01, *et seq*; S.D. Codified Laws §§ 37-1, *et seq.*; Tenn. Code Ann. §§ 47-25-101, *et seq.*; Vt. Stat. Ann. tit. 9, §§ 2453, *et seq.*; W. Va. Code §§ 47-18-1, *et seq.*; Wis. Stat. §§ 133.01, *et seq.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

### THIRTY-NINTH DEFENSE

2       Plaintiffs lack standing to prosecute their state consumer protection claims, in whole

3   or in part, under, without limitation, the following statutes:  Cal. Bus. & Prof. Code

4   §§ 17200, *et seq.*; Fla. Stat. §§ 501.201, *et seq.*; Haw. Rev. Stat. §§ 480-4, *et seq.*; Mass.

5   Gen. Laws ch. 93A, §§ 2, *et seq.*; Neb. Rev. Stat. §§ 59-1601, *et seq.*; N.M. Stat. §§ 57-1-1,

6   *et seq.*; N.Y. Gen. Bus. Law §§ 349, *et seq.*; N.C. Gen. Stat. §§ 75-1.1, *et seq.*; R.I. Gen.

7   Laws §§ 6-13.1-1, *et seq.*; Vt. Stat. Ann. tit. 9, §§ 2451, *et seq.*

8

### FORTIETH DEFENSE

9       Plaintiffs are not entitled to bring unjust enrichment claims under the law of Kansas

10  as these claims were dismissed by the Court in its March 30, 2010 Order.

11

### FORTY-FIRST DEFENSE

12      Plaintiffs are not entitled to bring claims, or are entitled to any relief, for alleged

13  violations of Neb. Rev. Stat. §§ 59-801, *et seq.*, based on sales made prior to July 20, 2002,

14  as these claims were dismissed by the Court in its March 30, 2010 Order.

15

### FORTY-SECOND DEFENSE

16      Plaintiffs are not entitled to bring claims, or are entitled to any relief, for alleged

17  violations of Nev. Rev. Stat. §§ 598A, *et seq.*, based on sales made prior to the 1999 date of

18  Nevada's repealer statute, as these claims were dismissed by the Court in its March 30,

19  2010 Order.

20

### FORTY-THIRD DEFENSE

21      Plaintiffs are not entitled to bring claims, or are entitled to any relief, for alleged

22  violations of Mass. Gen. Laws ch. 93A, §§ 2, *et seq.*, as these claims were dismissed by the

23  Court in its March 30, 2010 Order.

24

### FORTY-FOURTH DEFENSE

25      Plaintiffs are not entitled to bring claims, or are entitled to any relief, for alleged

26  violations of R.I. Gen. Laws §§ 6-13.1-1, *et seq.*, as these claims were dismissed by the

27  Court in its March 30, 2010 Order.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**FORTY-FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that the claims are based on California law and any of the alleged events took place outside the state of California without impact on California residents.

**FORTY-SIXTH DEFENSE**

To the extent Plaintiffs purport to represent or seek relief on behalf of members of the putative class who are not located or resident in the State of California, the Complaint and each of its claims for relief therein violate Defendants' rights to due process under the constitutions of California and the United States. *See, e.g., BMW of N. Am. v. Gore*, 517 U.S. 559, 571-72 (1996); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812-23 (1985).

**FORTY-SEVENTH DEFENSE**

Any award of restitution under Cal. Bus. & Prof. Code § 17203 based upon asserted interests or injuries of the purported class members in this case would violate the Excessive Fines Clause of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to the United States Constitution and article I, section 17 of the California Constitution.

**FORTY-EIGHTH DEFENSE**

Plaintiffs' claims for monetary relief under Cal. Bus. & Prof. Code § 17203 are barred, in whole or in part, because TAI did not acquire any money or property from Plaintiffs.

**FORTY-NINTH DEFENSE**

Any finding of liability under Cal. Bus. & Prof. Code §§ 17200, 17203 or 17204 would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and article I, section 7 of the California Constitution, because the standards of liability under these statutes are unduly vague and subjective, permitting retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

### FIFTIETH DEFENSE

Any award of restitution to the Plaintiffs under Cal. Bus. & Prof. Code § 17203 would constitute a taking of property without just compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution (as incorporated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution) and article I, section 19 of the California Constitution.

### FIFTY-FIRST DEFENSE

Cal. Bus. & Prof. Code § 17204 improperly delegates the executive branch's prosecutorial power to private parties, in contravention of the separation-of-powers doctrine and the provisions of article V of the California Constitution vesting the State's executive power in the Executive Branch, by authorizing private plaintiffs without any individualized injury to bring suit on behalf of the interests of the general public.

### FIFTY-SECOND DEFENSE

Any award of restitution under Cal. Bus. & Prof. Code § 17203 to persons who refuse to execute an acknowledgement that the payment is in full settlement of claims against Defendants would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### FIFTY-THIRD DEFENSE

Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 16700 *et seq*., are barred, in whole or in part, because the application of §§ 16700, *et seq.*, to wholly interstate or foreign commerce violates the Commerce Clause of the United States Constitution.

### FIFTY-FOURTH DEFENSE

Any award of treble damages, punitive damages or restitution pursuant to Cal. Bus. & Prof. Code §§ 16720, 16727, 16750, or 16761 would violate the Excessive Fines and Due Process Clauses of the United States Constitution and equivalent clauses in the California Constitution.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### FIFTY-FIFTH DEFENSE

Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 16700, *et seq.*, §§ 17200, *et seq.*, and California unjust enrichment law are barred, in whole or in part, because those statutes are inapplicable to alleged wrongs suffered by non-California residents based on alleged conduct of TAI occurring outside of California.

### FIFTY-SIXTH DEFENSE

Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 16700, *et seq.*, §§ 17200, *et seq.*, and California unjust enrichment law are barred, in whole or in part, because those causes of action arise under California law, but Plaintiffs seek to include in the putative plaintiff class non-California residents — notwithstanding California's lack of a significant contact or significant aggregation of contacts with each member of the putative nationwide plaintiff class — and as such is arbitrary and unfair and violates guarantees of due process in the United States and California Constitutions, as well as the Full Faith and Credit Clause of the United States Constitution, and constitutes an impermissible burden on interstate commerce in contravention of the Commerce Clause of the United States Constitution.

### FIFTY-SEVENTH DEFENSE

Plaintiffs' claims for unjust enrichment brought under California law are barred, in whole or in part, because TAI did not receive a benefit from Plaintiffs, TAI did not retain any benefit, and/or the receipt of any benefit was not unjust.

### FIFTY-EIGHTH DEFENSE

Plaintiffs' claims under Fla. Stat. §§ 501.201, *et seq.* are barred, in whole or in part, because pursuant to § 501.202(3), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") must be construed in a manner consistent with federal antitrust laws. Because plaintiffs' injuries are too speculative, derivative, indirect, and remote to confer standing under federal antitrust law, they also do not confer standing under FDUTPA.

### FIFTY-NINTH DEFENSE

Plaintiffs' claims under Fla. Stat. §§ 501.201, *et seq.*, are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### SIXTIETH DEFENSE

Plaintiffs' claims under Haw. Rev. Stat. §§ 480-4, *et seq.* are barred, in whole or in part, because Plaintiffs failed to comply with the requirements of Haw. Rev. Stat. § 480-13.3.

### SIXTY-FIRST DEFENSE

Plaintiffs' claims under Iowa Code §§ 553.1, *et seq.*, are barred, in whole or in part, because Plaintiffs have not suffered actual, cognizable injury under the Iowa Competition Law.

### SIXTY-SECOND DEFENSE

Plaintiffs' claims under Iowa Code §§ 553.1, *et seq.*, are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

### SIXTY-THIRD DEFENSE

Plaintiffs' claims under Kan. Stat. Ann. §§ 50-101, *et seq.* are barred, in whole or in part, because Plaintiffs have not suffered any actual, cognizable injury under Kansas law.

### SIXTY-FOURTH DEFENSE

Plaintiffs' claims under Kansas law are barred, in whole or in part, because the remedies sought are unconstitutional and contrary to public policy.

### SIXTY-FIFTH DEFENSE

Plaintiffs' claims under Kansas law are barred, in whole or in part, because plaintiff is not entitled to "full consideration" damages.

### SIXTY-SIXTH DEFENSE

Plaintiffs' claims under Mass. Gen. Laws ch. 93A, §§2, *et seq.* are barred, in whole or in part, because Plaintiffs failed to make a written demand for relief to TAI at least thirty days prior to filing the Complaint.

### SIXTY-SEVENTH DEFENSE

Plaintiffs' claims under Mass. Gen. Laws ch. 93A are barred, in whole or in part, because TAI responded reasonably and/or in good faith to Plaintiffs' purported demand.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1  
2  
3  
4  

## SIXTY-EIGHTH DEFENSE

Plaintiffs' claims under Mich. Comp. Laws §§ 445.771, *et seq.* are barred, in whole or in part, because the Michigan Antitrust Reform Act is not applicable to conduct occurring outside of Michigan.

5  

## SIXTY-NINTH DEFENSE

6  
7  

Plaintiffs' claims under Mich. Comp. Laws §§ 445.771, *et seq.* are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

8  

## SEVENTIETH DEFENSE

9  
10  
11  

Plaintiffs' claims under Minn. Stat. §§ 325D.52, *et seq.* are barred, in whole or in part, because under Minn. Stat. § 325D.57, courts should take efforts to avoid imposition of duplicative damages in successive suits.

12  

## SEVENTY-FIRST DEFENSE

13  
14  
15  

Plaintiffs' claims under Minnesota law are barred, in whole or in part, to the extent that Plaintiffs and the other members of the class seek damages that are duplicative of damages sought in other actions.

16  

## SEVENTY-SECOND DEFENSE

17  
18  
19  

Plaintiffs' claims under Minn. Stat. §§ 325D.52, *et seq.* are barred, in whole or in part, because the alleged conduct did not affect the trade or commerce in Minnesota as required by Minn. Stat. § 325D.54.

20  

## SEVENTY-THIRD DEFENSE

21  
22  
23  

Plaintiffs' claims under Miss. Code Ann. §§ 75-21-1, *et seq.* are barred, in whole or in part, because the act applies only to conspiracies to be accomplished at least in part by wrongful conduct that takes place within Mississippi.

24  

## SEVENTY-FOURTH DEFENSE

25  
26  
27  

Plaintiffs' claims under Miss. Code Ann. §§ 75-21-1, *et seq.* are barred, in whole or in part, because punitive damages may not be awarded under §§ 75-21-1, *et seq.*, which provide the exclusive remedies for violation of that act.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

### SEVENTY-FIFTH DEFENSE

2      In the event and to the extent Plaintiffs seek to assert a claim under the Mississippi

3  "State Consumer Protection Act," Miss. Code Ann. § 75-24-15 expressly prohibits class-

4  action lawsuits.

5

### SEVENTY-SIXTH DEFENSE

6      In the event and to the extent Plaintiffs seek to assert a claim under the "State

7  Consumer Protection Act," Plaintiffs have not met the prerequisites for a claim under Miss.

8  Code Ann. § 75-24-15.

9

### SEVENTY-SEVENTH DEFENSE

10      Plaintiffs' claims under Neb. Rev. Stat. §§ 59-801, *et seq.* are barred, in whole or in

11  part, by Neb. Rev. Stat. § 59-821.01.

12

### SEVENTY-EIGHTH DEFENSE

13      Plaintiffs' claims under Neb. Rev. Stat. §§ 59-801, *et seq.* are barred, in whole or in

14  part, by Neb. Rev. Stat. § 59-1609.1.

15

### SEVENTY-NINTH DEFENSE

16      Plaintiffs' claims under Nev. Rev. Stat. §§ 598A, *et seq*. are barred, in whole or in

17  part, because under § 598A.060, that act applies only to activity occurring, at least in part,

18  in Nevada.

19

### EIGHTIETH DEFENSE

20      Plaintiffs' claims under N.M. Stat. §§ 57-1-1, *et seq.* are barred, in whole or in part,

21  because the alleged conduct of TAI that is the subject of the IP-CAC was neither directed

22  to nor affected persons or entities or commerce in New Mexico.

23

### EIGHTY-FIRST DEFENSE

24      Plaintiffs' claims under N.M. Stat.  §§ 57-1-1, *et seq.* are barred, in whole or in part,

25  because the Complaint fails to plead such fraud or fraudulent concealment with the

26  particularity required by the applicable law.

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**EIGHTY-SECOND DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.* are barred, in whole or in part, because the New Mexico Unfair Practices Act does not provide relief for indirect purchasers.

**EIGHTY-THIRD DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.* are barred, in whole or in part, because TAI made no sales to Plaintiffs, and accordingly Plaintiffs have no claim under the New Mexico Unfair Practices Act.

**EIGHTY-FOURTH DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.* are barred, in whole or in part, because TAI made no representations to Plaintiffs, and accordingly Plaintiffs have no claim under the New Mexico Unfair Practices Act.

**EIGHTY-FIFTH DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.* are barred, in whole or in part, because Plaintiffs failed to plead any necessary predicate acts to invoke application of the New Mexico Unfair Practices Act.

**EIGHTY-SIXTH DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.* are barred, in whole or in part, because application of the New Mexico Unfair Practices Act to any transactions occurring outside the State of New Mexico would violate the Commerce Clause of the United States Constitution.

**EIGHTY-SEVENTH DEFENSE**

Plaintiffs' claims under New Mexico law are frivolous and groundless with no arguable basis in fact or law.

**EIGHTY-EIGHTH DEFENSE**

Plaintiffs' claims under N.Y. Gen. Bus. Law § 349 are barred, in whole or in part, because any alleged conduct by TAI is, or if in interstate commerce would be, subject to and compliant with the rules and regulations of, and statutes administered by, the Federal

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  Trade Commission or other official department, division, commission or agency of the

2  United States, as these rules, regulations, or statutes are interpreted by the Federal Trade

3  Commission or such department, division, commission or agency of the federal courts.

4  N.Y. Gen. Bus. Law § 349(d).

### EIGHTY-NINTH DEFENSE

6  Plaintiffs' claims under New York law and other applicable laws are barred by the

7  voluntary payment doctrine, under which one cannot recover payments with full

8  knowledge of the facts.

### NINETIETH DEFENSE

10  Plaintiffs' claims under N.Y. Gen. Bus. Law § 349 are barred, in whole or in part,

11  because Plaintiffs cannot establish actual damages.

### NINETY-FIRST DEFENSE

13  Plaintiffs' claims under N.C. Gen. Stat. § 75-1.1, *et seq.* are barred, in whole or in

14  part, because Plaintiffs have not suffered any actual cognizable injuries or damages under

15  N.C. Gen. Stat. § 75-16 or otherwise under the laws of North Carolina as a result of the

16  conduct complained of herein.

### NINETY-SECOND  DEFENSE

18  Plaintiffs' claims under N.C. Gen. Stat. § 75-1.1, *et seq.* are barred, in whole or in

19  part, to the extent that an award of damages under N.C. Gen. Stat. § 75-16 is

20  unconstitutional when applied to the facts of the instant matter.

### NINETY-THIRD DEFENSE

22  Plaintiffs lack standing to prosecute their state antitrust claims against TAI, in whole

23  or in part, because they have not met the modified *Associated General Contractors* test set

24  forth in *Crouch v. Crompton Corp.,* Nos. 02-4375, 03-2514, 2004 WL 2414027, at *18-20

25  (N.C. Super. Oct. 28, 2004).

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NINETY-FOURTH DEFENSE

Plaintiffs' claims under S.D. Codified Laws §§ 37-1, *et seq.* are barred, in whole or in part, because under S.D. Codified Laws §§ 37-1-33, courts should take efforts to avoid imposition of duplicative damages in successive suits.

## NINETY-FIFTH DEFENSE

Plaintiffs' claims under Tenn. Code Ann. §§ 47-25-101, *et seq.*, are barred, in whole or in part, because Defendants did not willfully violate that statute.

## NINETY-SIXTH DEFENSE

Plaintiffs' claims under Tenn. Code Ann. §§ 47-25-101, *et seq.*, are barred, in whole or in part, because Defendants' conduct did not have a substantial effect on Tennessee commerce.

## NINETY-SEVENTH DEFENSE

Plaintiffs' claims for unjust enrichment under Tenn. Code Ann. §§ 47-25-101, *et seq.*, are barred, in whole or in part, because Plaintiffs failed to exhaust all remedies against the parties with whom each Plaintiff is in privity.

## NINETY-EIGHTH DEFENSE

Plaintiffs' claims for unjust enrichment under Tenn. Code Ann. §§ 47-25-101, *et seq.*, are barred, in whole or in part, because indirect intermediate purchasers do not have standing under the Tennessee Trade Practices Act.

## NINETY-NINTH DEFENSE

Plaintiffs' claims under Vt. Stat. Ann. tit. 9, §§ 2451, *et seq.* are barred, in whole or in part, because Plaintiffs have not suffered actual, cognizable injury under the Vermont Consumer Fraud Act.

## ONE HUNDREDTH DEFENSE

Plaintiffs' claims under Vermont law are barred, in whole or in part, because any recovery by Plaintiffs would amount to impermissible duplicative liability within the meaning of Vt. Stat. Ann. tit. 9, § 2465(b).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**ONE HUNDRED FIRST DEFENSE**

Plaintiffs' claims under Vt. Stat. Ann. tit. 9, §§ 2451, *et seq.* are barred, in whole or in part, because TAI did not willfully or knowingly violate the Vermont Consumer Fraud Act.

**ONE HUNDRED SECOND DEFENSE**

Plaintiffs' claims under W. Va. Code  §§ 47-18-1, *et seq.* are barred, in whole or in part, because West Virginia Regulation 142-9-2, which purports to grant a cause of action to individuals indirectly injured by violations of the West Virginia Antitrust Act, is invalid, and Plaintiffs' claims are therefore barred by *Illinois Brick Co. v. Illinois*, 43 U.S. 881 (1977).

**ONE HUNDRED THIRD DEFENSE**

TAI adopts by reference any applicable defense pleaded by any other Defendant not otherwise expressly set forth herein.

**ONE HUNDRED FOURTH DEFENSE**

TAI reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

**TAI'S PRAYER FOR RELIEF**

WHEREFORE, TAI prays for judgment as follows:

1.  That Plaintiffs take nothing by reason of the IP-CAC, and that the action be dismissed with prejudice;

2.  That the Court enter judgment in favor of TAI and against Plaintiffs with respect to all causes of action in the IP-CAC;

3.  That the Court award TAI its attorneys' fees and other costs reasonably incurred in the defense of this action; and

4.  That the Court order such other further relief for TAI as the Court may deem just and proper.

Dated:  April 29, 2010

Respectfully submitted,

**WHITE & CASE**LLP

By:   /s/ Christopher M. Curran
      Christopher M. Curran (*pro hac vice*)
      ccurran@whitecase.com
      George L. Paul (*pro hac vice*)
      gpaul@whitecase.com
      Lucius B. Lau (*pro hac vice*)
      alau@whitecase.com
      701 Thirteenth Street, N.W.
      Washington, DC  20005
      tel.: (202) 626-3600
      fax: (202) 639-9355

      *Counsel to Defendant*
      *Toshiba America, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

TOSHIBA AMERICA, INC.'S ANSWER TO INDIRECT
PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

1

## <u>CERTIFICATE OF SERVICE</u>

On April 29, 2010, I caused a copy of the "TOSHIBA AMERICA, INC.'S ANSWER TO INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT" to be served via ECF on the other parties in this action.


By:  _/s/ Christopher M. Curran_____
Christopher M. Curran (*pro hac vice*)

White & Case LLP
701 Thirteenth Steet, NW
Washington, DC 20005