KENT M. ROGER, State Bar No. 95987
DIANE L. WEBB, State Bar No. 197851
MICHELLE PARK CHIU, State Bar No. 248421
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:  415.442.1000
Fax:  415.442.1001
E-mail: kroger@morganlewis.com

Attorneys for Defendants
HITACHI, LTD., HITACHI DISPLAYS, LTD.,
HITACHI AMERICA, LTD., HITACHI ASIA,
LTD., and HITACHI ELECTRONIC DEVICES
(USA), INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | No.:  C07-5944-SC<br><br>MDL No. 1917 |
| This Document Relates To:<br><br>ALL INDIRECT PURCHASER ACTIONS | **ANSWER OF HITACHI, LTD., HITACHI DISPLAYS, LTD., HITACHI AMERICA, LTD., HITACHI ASIA, LTD., AND HITACHI ELECTRONIC DEVICES (USA), INC. TO THE INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT** |

Defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc. (collectively "the Hitachi defendants") through their undersigned counsel of record, answer and respond ("Answer") to the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint ("Amended Complaint").

As used in this Answer, and in the interest of brevity, the phrase deny or denies "for want of information or belief" means that the answering defendants are without knowledge or information sufficient to form a belief as to the truth of an averment of the Complaint, and deny that averment on that basis.  The Hitachi defendants deny all allegations in the Complaint (including headings and captions) not specifically admitted in this Answer.

    1.    The first sentence of Paragraph 1 of the Amended Complaint appears to be

prefatory or definitional only and not one calling for any response.  To the extent that the first

sentence of Paragraph 1 may be deemed to require a response, the Hitachi defendants deny, for

want of information or belief, each of the averments of the first sentence of Paragraph 1 of the

Amended Complaint.  The Hitachi defendants deny each of the remaining averments of

Paragraph 1 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the

remaining averments of Paragraph 1 of the Amended Complaint do not pertain to the Hitachi

defendants, the Hitachi defendants deny, for want of information or belief, the remaining

averments of Paragraph 1 of the Amended Complaint.

2.    The Hitachi defendants deny each of the averments of Paragraph 2 of the

Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

Paragraph 2 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

defendants deny, for want of information or belief, the averments of Paragraph 2 of the Amended

Complaint.

3.    The Hitachi defendants deny each of the averments of Paragraph 3 of the

Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

Paragraph 3 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

defendants deny, for want of information or belief, the averments of Paragraph 3 of the Amended

Complaint.

4.    The Hitachi defendants deny the averments in the first sentence of Paragraph 4.

The remaining averments in Paragraph 4 of the Amended Complaint are not directed at the

Hitachi defendants, and, therefore, no response is required.  To the extent the remaining

averments of Paragraph 4 of the Amended Complaint are directed at the Hitachi defendants, the

Hitachi defendants deny each of the averments as it pertains to the Hitachi defendants, and, to the

extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for

want of information or belief, the remaining averments of Paragraph 4 of the Amended

Complaint.

5.    The averments of Paragraph 5 of the Amended Complaint consist of conclusions

of law to which no response is required.  To the extent that Paragraph 5 may be deemed to require

1  a response, the Hitachi defendants deny each of the averments of Paragraph 5 of the Amended

2  Complaint.

3      6.      The averments of Paragraph 6 of the Amended Complaint consist of conclusions

4  of law to which no response is required.  To the extent that Paragraph 6 may be deemed to require

5  a response, the Hitachi defendants deny each of the averments of Paragraph 6 of the Amended

6  Complaint.

7      7.      The averments of Paragraph 7 of the Amended Complaint consist of conclusions

8  of law to which no response is required.  To the extent that Paragraph 7 may be deemed to require

9  a response, the Hitachi defendants deny each of the averments of Paragraph 7 of the Amended

10 Complaint.

11     8.      The averments of Paragraph 8 of the Amended Complaint consist of conclusions

12 of law to which no response is required.  To the extent that Paragraph 8 may be deemed to require

13 a response, the Hitachi defendants deny each of the averments of Paragraph 8 of the Amended

14 Complaint.

15     9.      The averments of Paragraph 9 of the Amended Complaint consist of conclusions

16 of law to which no response is required.  To the extent that Paragraph 9 may be deemed to require

17 a response, the Hitachi defendants deny each of the averments of Paragraph 9 of the Amended

18 Complaint.

19     10.     The averments of Paragraph 10, and all subparts, of the Amended Complaint

20 consist of conclusions of law to which no response is required.  To the extent that Paragraph 10

21 may be deemed to require a response, the Hitachi defendants deny each of the averments of

22 Paragraph 10 of the Amended Complaint.

23     11.     The averments of Paragraph 11 of the Amended Complaint consist of conclusions

24 of law to which no response is required.  To the extent that Paragraph 11 may be deemed to

25 require a response, the Hitachi defendants deny each of the averments of Paragraph 11 of the

26 Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

27 Paragraph 11 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

28 defendants deny, for want of information or belief, the averments of Paragraph 11 of the

1    Amended Complaint.

2           12.    The averments of Paragraph 12 of the Amended Complaint consist of conclusions

3    of law to which no response is required.  To the extent that Paragraph 12 may be deemed to

4    require a response, the Hitachi defendants deny each of the averments of Paragraph 12 of the

5    Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

6    Paragraph 12 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

7    defendants deny, for want of information or belief, the averments of Paragraph 12 of the

8    Amended Complaint.

9           13.    The averments of Paragraph 13 of the Amended Complaint appear to be prefatory

10   or definitional only and not ones calling for any response.  To the extent that Paragraph 13 may

11   be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph

12   13 of the Amended Complaint.

13          14.    The averments of Paragraph 14 of the Amended Complaint appear to be prefatory

14   or definitional only and not ones calling for any response.  To the extent that Paragraph 14 may

15   be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph

16   14 of the Amended Complaint.

17          15.    The averments of Paragraph 15 of the Amended Complaint appear to be prefatory

18   or definitional only and not ones calling for any response.  To the extent that Paragraph 15 may

19   be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph

20   15 of the Amended Complaint.

21          16.    The averments of Paragraph 16 of the Amended Complaint are definitional only

22   and do not call for any response.  Additionally, the averments of Paragraph 16 of the Amended

23   Complaint consist of conclusions of law to which no response is required.  The Hitachi

24   defendants deny that this action is appropriate for class certification.

25          17.    The averments of Paragraph 17 of the Amended Complaint are definitional only

26   and do not call for any response.  Additionally, the averments of Paragraph 17 of the Amended

27   Complaint consist of conclusions of law to which no response is required.  The Hitachi

28   defendants deny that this action is appropriate for class certification.

18.     The averments of Paragraph 18 of the Amended Complaint are definitional only, and do not call for any response.  To the extent that Paragraph 18 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 18 of the Amended Complaint.

19.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 19 of the Amended Complaint.

20.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 20 of the Amended Complaint.

21.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 21 of the Amended Complaint.

22.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 22 of the Amended Complaint.

23.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 23 of the Amended Complaint.

24.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 24 of the Amended Complaint.

25.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 25 of the Amended Complaint.

26.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 26 of the Amended Complaint.

27.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 27 of the Amended Complaint.

28.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 28 of the Amended Complaint.

29.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 29 of the Amended Complaint.

30.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 30 of the Amended Complaint.

1    31.    The Hitachi defendants deny, for want of information or belief, each of the

2    averments in Paragraph 31 of the Amended Complaint.

3    32.    The Hitachi defendants deny, for want of information or belief, each of the

4    averments in Paragraph 32 of the Amended Complaint.

5    33.    The Hitachi defendants deny, for want of information or belief, each of the

6    averments in Paragraph 33 of the Amended Complaint.

7    34.    The Hitachi defendants deny, for want of information or belief, each of the

8    averments in Paragraph 34 of the Amended Complaint.

9    35.    The Hitachi defendants deny, for want of information or belief, each of the

10   averments in Paragraph 35 of the Amended Complaint.

11   36.    The Hitachi defendants deny, for want of information or belief, each of the

12   averments in Paragraph 36 of the Amended Complaint.

13   37.    The Hitachi defendants deny, for want of information or belief, each of the

14   averments in Paragraph 37 of the Amended Complaint.

15   38.    The Hitachi defendants deny, for want of information or belief, each of the

16   averments in Paragraph 38 of the Amended Complaint.

17   39.    The Hitachi defendants deny, for want of information or belief, each of the

18   averments in Paragraph 39 of the Amended Complaint.

19   40.    The Hitachi defendants deny, for want of information or belief, each of the

20   averments in Paragraph 40 of the Amended Complaint.

21   41.    The Hitachi defendants deny, for want of information or belief, each of the

22   averments in Paragraph 41 of the Amended Complaint.

23   42.    The Hitachi defendants deny, for want of information or belief, each of the

24   averments in Paragraph 42 of the Amended Complaint.

25   43.    The Hitachi defendants deny, for want of information or belief, each of the

26   averments in Paragraph 43 of the Amended Complaint.

27   44.    The Hitachi defendants deny, for want of information or belief, each of the

28   averments in Paragraph 44 of the Amended Complaint.

1      45.     The Hitachi defendants deny, for want of information or belief, each of the

2  averments in Paragraph 45 of the Amended Complaint.

3      46.     The Hitachi defendants deny, for want of information or belief, each of the

4  averments in Paragraph 46 of the Amended Complaint.

5      47.     The Hitachi defendants deny, for want of information or belief, each of the

6  averments in Paragraph 47 of the Amended Complaint.

7      48.     The Hitachi defendants deny, for want of information or belief, each of the

8  averments in Paragraph 48 of the Amended Complaint.

9      49.     The Hitachi defendants deny, for want of information or belief, each of the

10  averments in Paragraph 49 of the Amended Complaint.

11      50.     The averments of Paragraph 50 of the Amended Complaint are not directed at the

12  Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 50 may

13  be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

14  each of the averments in Paragraph 50 of the Amended Complaint.

15      51.     The averments of Paragraph 51 of the Amended Complaint are not directed at the

16  Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 51 may

17  be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

18  each of the averments in Paragraph 51 of the Amended Complaint.

19      52.     The averments of Paragraph 52 of the Amended Complaint are not directed at the

20  Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 52 may

21  be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

22  each of the averments in Paragraph 52 of the Amended Complaint.

23      53.     The averments of Paragraph 53 of the Amended Complaint are not directed at the

24  Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 53 may

25  be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

26  each of the averments in Paragraph 53 of the Amended Complaint.

27      54.     The averments of Paragraph 54 of the Amended Complaint are not directed at the

28  Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 54 may

THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 54 of the Amended Complaint.

55.      The averments of Paragraph 55 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 55 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 55 of the Amended Complaint.

56.      The averments of Paragraph 56 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 56 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 56 of the Amended Complaint.

57.      The averments of Paragraph 57 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 57 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 57 of the Amended Complaint.

58.      The averments of Paragraph 58 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 58 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 58 of the Amended Complaint.

59.      The averments of Paragraph 59 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 59 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 59 of the Amended Complaint.

60.      The averments of Paragraph 60 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 60 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 60 of the Amended Complaint.

61.      The averments of Paragraph 61 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 61 may

1    be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

2    each of the averments in Paragraph 61 of the Amended Complaint.

3          62.    The averments of Paragraph 62 of the Amended Complaint are not directed at the

4    Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 62 may

5    be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

6    each of the averments in Paragraph 62 of the Amended Complaint.

7          63.    The averments of Paragraph 63 of the Amended Complaint are not directed at the

8    Hitachi defendants, and, therefore, no response is required. To the extent that Paragraph 63 may

9    be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

10   each of the averments in Paragraph 63 of the Amended Complaint.

11         64.    The averments of Paragraph 64 of the Amended Complaint are not directed at the

12   Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 64 may

13   be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

14   each of the averments in Paragraph 64 of the Amended Complaint.

15         65.    The averments of Paragraph 65 of the Amended Complaint are not directed at the

16   Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 65 may

17   be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

18   each of the averments in Paragraph 65 of the Amended Complaint.

19         66.    The averments of Paragraph 66 of the Amended Complaint are not directed at the

20   Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 66 may

21   be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

22   each of the averments in Paragraph 66 of the Amended Complaint.

23         67.    The averments of Paragraph 67 of the Amended Complaint are not directed at the

24   Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 67 may

25   be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

26   each of the averments in Paragraph 67 of the Amended Complaint.

27         68.    The averments of Paragraph 68 of the Amended Complaint are not directed at the

28   Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 68 may

be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 68 of the Amended Complaint.

69.     The averments of Paragraph 69 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 69 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 69 of the Amended Complaint.

70.     The averments of Paragraph 70 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 70 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 70 of the Amended Complaint.

71.     The averments of Paragraph 71 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required. To the extent that Paragraph 71 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 71 of the Amended Complaint.

72.     The averments of Paragraph 72 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 72 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 72 of the Amended Complaint.

73.     The averments of Paragraph 73 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 73 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 73 of the Amended Complaint.

74.     The averments of Paragraph 74 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 74 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 74 of the Amended Complaint.

75.     The averments of Paragraph 75 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 75 may

1  be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

2  each of the averments in Paragraph 75 of the Amended Complaint.

3        76.    The averments of Paragraph 76 of the Amended Complaint are not directed at the

4  Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 76 may

5  be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

6  each of the averments in Paragraph 76 of the Amended Complaint.

7        77.    The averments of Paragraph 77 of the Amended Complaint are not directed at the

8  Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 77 may

9  be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

10  each of the averments in Paragraph 77 of the Amended Complaint.

11        78.    The averments of Paragraph 78 of the Amended Complaint are not directed at the

12  Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 78 may

13  be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

14  each of the averments in Paragraph 78 of the Amended Complaint.

15        79.    The averments of Paragraph 79 of the Amended Complaint are not directed at the

16  Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 79 may

17  be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

18  each of the averments in Paragraph 79 of the Amended Complaint.

19        80.    The averments of Paragraph 80 of the Amended Complaint are not directed at the

20  Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 80 may

21  be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

22  each of the averments in Paragraph 80 of the Amended Complaint.

23        81.    The averments of Paragraph 81 of the Amended Complaint are not directed at the

24  Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 81 may

25  be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

26  each of the averments in Paragraph 81 of the Amended Complaint.

27        82.    The averments of Paragraph 82 of the Amended Complaint are not directed at the

28  Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 82 may

be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 82 of the Amended Complaint.

83.     The averments of Paragraph 83 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 83 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 83 of the Amended Complaint.

84.     The averments of Paragraph 84 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 84 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 84 of the Amended Complaint.

85.     The averments of Paragraph 85 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 85 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 85 of the Amended Complaint.

86.     The averments of Paragraph 86 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 86 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 86 of the Amended Complaint.

87.     The Hitachi defendants deny that Hitachi, Ltd. has its principal place of business at 6-1, Marunouchi 1-chome, Chiyoda-ku, Tokyo, 100-8280, Japan, but admit that Hitachi, Ltd. is a Japanese company.  The Hitachi defendants deny the remainder of the averments of Paragraph 87 of the Amended Complaint.

88.     The Hitachi defendants deny the averments of Paragraph 88 of the Amended Complaint.

89.     The Hitachi defendants deny the averments of Paragraph 89 of the Amended Complaint.

90.     The Hitachi defendants deny the averments of Paragraph 90 of the Amended Complaint.

91.     The Hitachi defendants deny the averments of Paragraph 91 of the Amended Complaint.

92.     The Hitachi defendants deny, for want of information or belief, the averments in the first sentence of Paragraph 92 of the Amended Complaint that "Defendant Shenzhen SEG Hitachi Color Display Devices, Ltd. ('Hitachi Shenzhen') is a Chinese company with its principal place of business located at 5001 Huanggang Road, Futian District, Shenzhen 518035, China." To the extent the remaining averments in Paragraph 92 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it pertains to the Hitachi defendants, and, to the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the remaining averments of Paragraph 92 of the Amended Complaint.

93.     The Hitachi defendants deny each of the averments of Paragraph 93 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 93 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 93 of the Amended Complaint.

94.     The averments of Paragraph 94 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 94 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 94 of the Amended Complaint.

95.     The averments of Paragraph 95 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 95 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 95 of the Amended Complaint.

96.     The averments of Paragraph 96 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 96 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 96 of the Amended Complaint.

1    97.    The averments of Paragraph 97 of the Amended Complaint are not directed at the

2    Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 97 may

3    be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

4    each of the averments in Paragraph 97 of the Amended Complaint.

5    98.    The averments of Paragraph 98 of the Amended Complaint are not directed at the

6    Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 98 may

7    be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

8    each of the averments in Paragraph 98 of the Amended Complaint.

9    99.    The averments of Paragraph 99 of the Amended Complaint are not directed at the

10   Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 99 may

11   be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

12   each of the averments in Paragraph 99 of the Amended Complaint.

13   100.    The averments of Paragraph 100 of the Amended Complaint are not directed at the

14   Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 100 may

15   be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

16   each of the averments in Paragraph 100 of the Amended Complaint.

17   101.    The averments of Paragraph 101 of the Amended Complaint are not directed at the

18   Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 101 may

19   be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

20   each of the averments in Paragraph 101 of the Amended Complaint.

21   102.    The averments of Paragraph 102 of the Amended Complaint are not directed at the

22   Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 102 may

23   be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

24   each of the averments in Paragraph 102 of the Amended Complaint.

25   103.    The averments of Paragraph 103 of the Amended Complaint are not directed at the

26   Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 103 may

27   be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

28   each of the averments in Paragraph 103 of the Amended Complaint.

104.     The averments of Paragraph 104 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 104 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 104 of the Amended Complaint.

105.     The averments of Paragraph 105 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 105 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 105 of the Amended Complaint.

106.     The averments of Paragraph 106 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 106 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 106 of the Amended Complaint.

107.     The averments of Paragraph 107 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 107 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 107 of the Amended Complaint.

108.     The averments of Paragraph 108 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 108 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 108 of the Amended Complaint.

109.     The averments of Paragraph 109 of the Amended Complaint appear to be definitional only and not ones calling for any response.  To the extent Paragraph 109 may be deemed to require a response, the Hitachi defendants deny, for want of information and belief, each of the averments in Paragraph 109 of the Amended Complaint.

110.     The averments of Paragraph 110 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 110 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 110 of the Amended Complaint.

111.   The averments of Paragraph 111 of the Amended Complaint appear to be definitional only, and not ones calling for any response.  Additionally, the averments of Paragraph 111 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 111 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 111 of the Amended Complaint.

112.   The averments of Paragraph 112 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 112 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 112 of the Amended Complaint.

113.   The averments of Paragraph 113 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 113 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 113 of the Amended Complaint.

114.   The averments of Paragraph 114 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 114 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 114 of the Amended Complaint.

115.   The Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 115 of the Amended Complaint.

116.   The averments of Paragraph 116 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 116 may be deemed to require a response, the Hitachi defendants deny, for want of information, each of the averments of Paragraph 116 of the Amended Complaint.

117.   The averments of Paragraph 117 of the Amended Complaint appear to be prefatory only and not ones calling for any response.  To the extent that Paragraph 117 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 117 of the Amended Complaint.

118.    The averments of Paragraph 118 of the Amended Complaint appear to be prefatory only and not ones calling for any response.  To the extent that Paragraph 118 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 118 of the Amended Complaint.

119.    The averments of Paragraph 119 of the Amended Complaint appear to be prefatory only and not ones calling for any response.  To the extent that Paragraph 119 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 119 of the Amended Complaint.

120.    The averments of Paragraph 120 of the Amended Complaint appear to be definitional only and not ones calling for any response.  To the extent Paragraph 120 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 120 of the Amended Complaint.

121.    The Hitachi defendants deny, for want of information or belief, the averments of Paragraph 121 of the Amended Complaint.  To the extent the averments of Paragraph 121 are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of Paragraph 121 of the Amended Complaint as it pertains to the Hitachi defendants.

122.    The Hitachi defendants deny, for want of information or belief, the averments of Paragraph 122 of the Amended Complaint.  To the extent the averments of Paragraph 122 are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of Paragraph 122 of the Amended Complaint as it pertains to the Hitachi defendants, and, to the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 122 of the Amended Complaint.

123.    The Hitachi defendants deny, for want of information or belief, the averments of Paragraph 123 of the Amended Complaint.  To the extent the averments of Paragraph 123 are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of Paragraph 123 of the Amended Complaint as it pertains to the Hitachi defendants, and, to the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 123 of the Amended Complaint.

1        124.    The Hitachi defendants deny, for want of information or belief, the averments of

2    Paragraph 124 of the Amended Complaint.  To the extent the averments of Paragraph 124 are

3    directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of

4    Paragraph 124 of the Amended Complaint as it pertains to the Hitachi defendants, and, to the

5    extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for

6    want of information or belief, the averments of Paragraph 124 of the Amended Complaint.

7        125.    The Hitachi defendants deny, for want of information or belief, the averments of

8    Paragraph 125 of the Amended Complaint.

9        126.    The Hitachi defendants deny, for want of information or belief, the averments of

10    Paragraph 126 of the Amended Complaint.  To the extent the averments of Paragraph 126 are

11    directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of

12    Paragraph 126 of the Amended Complaint as it pertains to the Hitachi defendants, and, to the

13    extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for

14    want of information or belief, the averments of Paragraph 126 of the Amended Complaint.

15        127.    The Hitachi defendants deny, for want of information or belief, the averments of

16    Paragraph 127 of the Amended Complaint.

17        128.    The averments of subparts a-h and j-k of Paragraph 128 of the Amended

18    Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  The

19    Hitachi defendants deny the averments of Paragraph 128 of the Amended Complaint, but admit

20    that in 2000 LG Electronics, Inc. and Hitachi, Ltd. entered into an agreement to establish a joint

21    venture company for the development, design and marketing of optical disk drives.

22        129.    The Hitachi defendants deny, for want of information or belief, the averments of

23    Paragraph 129 of the Amended Complaint.

24        130.    The Hitachi defendants deny, for want of information or belief, each of the

25    averments in Paragraph 130 of the Amended Complaint.

26        131.    The Hitachi defendants deny, for want of information or belief, each of the

27    averments in Paragraph 131 of the Amended Complaint.

28        132.    The Hitachi defendants deny, for want of information or belief, each of the

averments in Paragraph 132 of the Amended Complaint.

133.    The averments of the first sentence of Paragraph 133 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the first sentence of Paragraph 133 may be deemed to require a response, the Hitachi defendants deny each of the averments of the first sentence of Paragraph 133 of the Amended Complaint.  The Hitachi defendants deny, for want of information or belief, the remaining averments in Paragraph 133 of the Amended Complaint.

134.    The Hitachi defendants deny, for want of information or belief, the averments of Paragraph 134 of the Amended Complaint.

135.    The Hitachi defendants deny, for want of information or belief, the averments of Paragraph 135 of the Amended Complaint.

136.    The Hitachi defendants deny, for want of information or belief, the averments of Paragraph 136 of the Amended Complaint.

137.    The Hitachi defendants deny, for want of information or belief, the averments of Paragraph 137 of the Amended Complaint.

138.    The averments of the first sentence of Paragraph 138 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the first sentence of Paragraph 138 may be deemed to require a response, the Hitachi defendants deny each of the averments of the first sentence of Paragraph 138 of the Amended Complaint.  The Hitachi defendants deny each of the remaining averments of Paragraph 138 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the remaining averments of Paragraph 138 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the remaining averments of Paragraph 138 of the Amended Complaint.

139.    The Hitachi defendants deny, for want of information or belief, the averments in Paragraph 139 of the Amended Complaint.

140.    The Hitachi defendants deny each of the averments of Paragraph 140 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

1    Paragraph 140 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

2    defendants deny, for want of information or belief, the averments of Paragraph 140 of the

3    Amended Complaint.

4         141.   The averments of Paragraph 141 of the Amended Complaint consist of conclusions

5    of law to which no response is required.  To the extent that Paragraph 141 may be deemed to

6    require a response, the Hitachi defendants deny, for want of information or belief, each of the

7    averments of Paragraph 141 of the Amended Complaint.

8         142.   To the extent the averments of Paragraph 142 of the Amended Complaint are

9    directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it

10   pertains to the Hitachi defendants and, to the extent the averments do not pertain to the Hitachi

11   defendants, the Hitachi defendants deny, for want of information or belief, the averments of

12   Paragraph 142 of the Amended Complaint.

13        143.   The averments of Paragraph 143 of the Amended Complaint consist of conclusions

14   of law to which no response is required.  To the extent that Paragraph 143 may be deemed to

15   require a response, the Hitachi defendants deny each of the averments of Paragraph 143 of the

16   Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

17   Paragraph 143 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

18   defendants deny, for want of information or belief, the averments of Paragraph 143 of the

19   Amended Complaint.

20        144.   The averments of Paragraph 144 of the Amended Complaint consist of conclusions

21   of law to which no response is required.  To the extent that Paragraph 144 may be deemed to

22   require a response, the Hitachi defendants deny each of the averments of Paragraph 144 of the

23   Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

24   Paragraph 144 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

25   defendants deny, for want of information or belief, the averments of Paragraph 144 of the

26   Amended Complaint.

27        145.   To the extent the averments of Paragraph 145 of the Amended Complaint are

28   directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of

1   Paragraph 145 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent

2   the averments of Paragraph 145 of the Amended Complaint do not pertain to the Hitachi

3   defendants, the Hitachi defendants deny, for want of information or belief, the averments of

4   Paragraph 145 of the Amended Complaint.

5          146.    To the extent the averments of Paragraph 146 of the Amended Complaint are

6   directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of

7   Paragraph 146 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain

8   to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the

9   averments of Paragraph 146 of the Amended Complaint.

10         147.    To the extent the averments of Paragraph 147 of the Amended Complaint are

11   directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of

12   Paragraph 147 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain

13   to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the

14   averments of Paragraph 147 of the Amended Complaint.

15         148.    To the extent the averments of Paragraph 148, including all subparts, of the

16   Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of

17   the averments, including all subparts, of Paragraph 148 as it pertains to the Hitachi defendants.

18   To the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny,

19   for want of information or belief, the averments of Paragraph 148 of the Amended Complaint.

20         149.    To the extent the averments of Paragraph 149 of the Amended Complaint are

21   directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of

22   Paragraph 149 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain

23   to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the

24   averments of Paragraph 149 of the Amended Complaint.

25         150.    To the extent the averments of Paragraph 150 of the Amended Complaint are

26   directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of

27   Paragraph 150 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain

28   to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the

1    averments of Paragraph 150 of the Amended Complaint.

2        151.    To the extent the averments of Paragraph 151 of the Amended Complaint are

3    directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of

4    Paragraph 151 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain

5    to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the

6    averments of Paragraph 151 of the Amended Complaint.

7        152.    To the extent the averments of Paragraph 152 of the Amended Complaint are

8    directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of

9    Paragraph 152 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain

10   to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the

11   averments of Paragraph 152 of the Amended Complaint.

12       153.    To the extent the averments of Paragraph 153 of the Amended Complaint are

13   directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of

14   Paragraph 153 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain

15   to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the

16   averments of Paragraph 153 of the Amended Complaint.

17       154.    The averments of Paragraph 154 of the Amended Complaint consist of conclusions

18   of law to which no response is required.  To the extent that Paragraph 154 may be deemed to

19   require a response, the Hitachi defendants deny each of the averments of Paragraph 154 of the

20   Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

21   Paragraph 154 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

22   defendants deny, for want of information or belief, the averments of Paragraph 154 of the

23   Amended Complaint.

24       155.    To the extent the averments of Paragraph 155 of the Amended Complaint are

25   directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of

26   Paragraph 155 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain

27   to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the

28   averments of Paragraph 155 of the Amended Complaint.

156.     To the extent the averments, including all subparts, of Paragraph 156 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments, including all subparts, of Paragraph 156 as it pertains to the Hitachi defendants. To the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 156 of the Amended Complaint.

157.     To the extent the averments of Paragraph 157 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of Paragraph 157 as it pertains to the Hitachi defendants. To the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 157 of the Amended Complaint.

158.     To the extent the averments of Paragraph 158 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of Paragraph 158 as it pertains to the Hitachi defendants. To the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 158 of the Amended Complaint.

159.     To the extent the averments of Paragraph 159 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of Paragraph 159 as it pertains to the Hitachi defendants. To the extent the averments of Paragraph 159 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 159 of the Amended Complaint.

160.     To the extent the averments of Paragraph 160 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of Paragraph 160 as it pertains to the Hitachi defendants. To the extent the averments of Paragraph 160 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 160 of the Amended Complaint.

161.     To the extent the averments of Paragraph 161 of the Amended Complaint are

1   directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of

2   Paragraph 161 as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph

3   161 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants

4   deny, for want of information or belief, the averments of Paragraph 161 of the Amended

5   Complaint.

6          162.    The averments of Paragraph 162 of the Amended Complaint consist of conclusions

7   of law to which no response is required.  To the extent the averments of Paragraph 162 of the

8   Amended Complaint may be deemed to require a response, the Hitachi defendants deny each of

9   the averments of Paragraph 162 as it pertains to the Hitachi defendants.  To the extent the

10  averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of

11  information or belief, the averments of Paragraph 162 of the Amended Complaint.

12         163.    To the extent the averments of Paragraph 163 of the Amended Complaint are

13  directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of

14  Paragraph 163 as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph

15  163 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants

16  deny, for want of information or belief, the averments of Paragraph 163 of the Amended

17  Complaint.

18         164.    To the extent the averments of Paragraph 164 of the Amended Complaint are

19  directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of

20  Paragraph 164 as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph

21  164 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants

22  deny, for want of information or belief, the averments of Paragraph 164 of the Amended

23  Complaint.

24         165.    The averments of Paragraph 165 of the Amended Complaint consist of conclusions

25  of law to which no response is required.  The Hitachi defendants deny each of the averments in

26  the first, fourth, fifth, and sixth sentences of Paragraph 165 of the Amended Complaint as it

27  pertains to the Hitachi defendants.  To the extent the averments in the first, fourth, fifth, and sixth

28  sentences of Paragraph 165 of the Amended Complaint do not pertain to the Hitachi defendants,

1    the Hitachi defendants deny, for want of information or belief, the averments in the first, fourth,

2    fifth, and sixth sentences of Paragraph 165 of the Amended Complaint.  The Hitachi defendants

3    deny, for want of information or belief, the averments in the second and third sentences of

4    Paragraph 165 of the Amended Complaint.

5            166.    The averments of Paragraph 166 of the Amended Complaint are not directed at the

6    Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

7    want of information or belief, the averments of Paragraph 166 of the Amended Complaint.

8            167.    The averments of Paragraph 167 of the Amended Complaint are not directed at the

9    Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

10   want of information or belief, the averments of Paragraph 167 of the Amended Complaint.

11           168.    The averments of Paragraph 168 of the Amended Complaint are not directed at the

12   Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 168 may

13   be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

14   the averments of Paragraph 168 of the Amended Complaint.

15           169.    The averments of Paragraph 169 of the Amended Complaint are not directed at the

16   Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

17   want of information or belief, the averments of Paragraph 169 of the Amended Complaint.

18           170.    The averments of Paragraph 170 of the Amended Complaint are not directed at the

19   Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

20   want of information or belief, the averments of Paragraph 170 of the Amended Complaint.

21           171.    The averments of Paragraph 171 of the Amended Complaint are not directed at the

22   Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

23   want of information or belief, the averments of Paragraph 171 of the Amended Complaint.

24           172.    The averments of Paragraph 172 of the Amended Complaint are not directed at the

25   Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

26   want of information or belief, the averments of Paragraph 172 of the Amended Complaint.

27           173.    The averments of Paragraph 173 of the Amended Complaint are not directed at the

28   Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

1   want of information or belief, the averments of Paragraph 173 of the Amended Complaint.

2         174.    The averments of Paragraph 174 of the Amended Complaint are not directed at the

3   Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

4   want of information or belief, the averments of Paragraph 174 of the Amended Complaint.

5         175.    The averments of Paragraph 175 of the Amended Complaint are not directed at the

6   Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

7   want of information or belief, the averments of Paragraph 175 of the Amended Complaint.

8         176.    The averments of Paragraph 176 of the Amended Complaint are not directed at the

9   Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

10  want of information or belief, the averments of Paragraph 176 of the Amended Complaint.

11        177.    The averments of Paragraph 177 of the Amended Complaint are not directed at the

12  Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

13  want of information or belief, the averments of Paragraph 177 of the Amended Complaint.

14        178.    The averments of Paragraph 178 of the Amended Complaint are not directed at the

15  Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

16  want of information or belief, the averments of Paragraph 178 of the Amended Complaint.

17        179.    The Hitachi defendants deny each of the averments in Paragraph 179 of the

18  Amended Complaint.

19        180.    The Hitachi defendants deny each of the averments in Paragraph 180 of the

20  Amended Complaint.

21        181.    The averments of Paragraph 181 of the Amended Complaint are not directed at the

22  Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

23  want of information or belief, the averments of Paragraph 181 of the Amended Complaint.

24        182.    The averments of Paragraph 182 of the Amended Complaint are not directed at the

25  Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

26  want of information or belief, the averments of Paragraph 182 of the Amended Complaint.

27        183.    The averments of Paragraph 183 of the Amended Complaint are not directed at the

28  Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

1   want of information or belief, the averments of Paragraph 183 of the Amended Complaint.

2        184.   The averments of Paragraph 184 of the Amended Complaint are not directed at the

3   Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

4   want of information or belief, the averments of Paragraph 184 of the Amended Complaint.

5        185.   The averments of Paragraph 185 of the Amended Complaint are not directed at the

6   Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

7   want of information or belief, the averments of Paragraph 185 of the Amended Complaint.

8        186.   The averments of Paragraph 186 of the Amended Complaint are not directed at the

9   Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

10  want of information or belief, the averments of Paragraph 186 of the Amended Complaint.

11       187.   The averments of Paragraph 187 of the Amended Complaint are not directed at the

12  Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

13  want of information or belief, the averments of Paragraph 187 of the Amended Complaint.

14       188.   The averments of Paragraph 188 of the Amended Complaint consist of conclusions

15  of law to which no response is required.  To the extent that Paragraph 188 may be deemed to

16  require a response, the Hitachi defendants deny each of the averments as it pertains to the Hitachi

17  defendants, and, to the extent the averments do not pertain to the Hitachi defendants, the Hitachi

18  defendants deny, for want of information or belief, the averments of Paragraph 188 of the

19  Amended Complaint.

20       189.   The Hitachi defendants deny, for want of information or belief, each of the

21  averments of Paragraph 189 of the Amended Complaint.

22       190.   The averments in Paragraph 190 of the Amended Complaint purport to be derived

23  from a Standard Resources, Inc. report, and thus no response is required.  To the extent that

24  Paragraph 190 may be deemed to require a response, the Hitachi defendants respond that the

25  report speaks for itself and deny, for want of information or belief, the averments in Paragraph

26  190 of the Amended Complaint.

27       191.   The Hitachi defendants deny, for want of information or belief, each of the

28  averments in the first sentence of Paragraph 191 of the Amended Complaint as they relate to the

Hitachi defendants.  The remaining averments of Paragraph 191 of the Amended Complaint purport to be derived from a Fuji Chimera Research report, and thus no response is required.  To the extent that the remaining averments of Paragraph 191 may be deemed to require a response, the Hitachi defendants respond that the report speaks for itself and deny, for want of information or belief, the remaining averments of Paragraph 191 of the Amended Complaint.

192.    The Hitachi defendants deny, for want of information or belief, each of the averments in the first and fourth sentences of Paragraph 192 of the Amended Complaint.  The remaining averments of Paragraph 192 purport to be derived from industry analysts, and thus no response is required.  To the extent that the remainder of the averments of Paragraph 192 may be deemed to require a response, the Hitachi defendants respond that the industry analysts speak for themselves and deny, for want of information or belief, the remaining averments of Paragraph 192 of the Amended Complaint.

193.    The averments of Paragraph 193 purport to be derived from an industry source, and thus no response is required.  To the extent that Paragraph 193 may be deemed to require a response, the Hitachi defendants respond that the statements of the industry source speak for themselves and deny, for want of information or belief, the averments of Paragraph 193 of the Amended Complaint.

194.    The Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 194 of the Amended Complaint.

195.    The Hitachi defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 195 of the Amended Complaint.  The remaining averments of Paragraph 195 purport to be derived from an *Infotech Weekly* article, and thus no response is required.  To the extent that the remainder of Paragraph 195 may be deemed to require a response, the Hitachi defendants respond that the *Infotech Weekly* article speaks for itself and deny, for want of information or belief, the remainder of the averments of Paragraph 195 of the Amended Complaint.

196.    The averments in Paragraph 196 of the Amended Complaint purport to quote and/or be derived from a *BNET Business Network* article, and thus no response is required.  To

the extent that the averments in Paragraph 196 may be deemed to require a response, the Hitachi defendants respond that the *BNET Business Network* article speaks for itself and deny, for want of information or belief, the averments in Paragraph 196 of the Amended Complaint.

197.   The averments in Paragraph 197 of the Amended Complaint purport to quote and/or be derived from a Techtree.com article, and thus no response is required.  To the extent that the averments in Paragraph 197 may be deemed to require a response, the Hitachi defendants respond that the Techtree.com article speaks for itself and deny, for want of information or belief, the averments in Paragraph 197 of the Amended Complaint.

198.   The Hitachi defendants deny each of the averments of Paragraph 198 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 198 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 198 of the Amended Complaint.

199.   The Hitachi defendants deny each of the averments of Paragraph 199 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 199 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 199 of the Amended Complaint,

200.   The averments in the first sentence of Paragraph 200 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the averments in the first sentence of Paragraph 200 of the Amended Complaint may be deemed to require a response, the Hitachi defendants deny each of the averments in the first sentence of Paragraph 200 of the Amended Complaint as it applies to the Hitachi defendants.  To the extent the averments in the first sentence of Paragraph 200 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 200 of the Amended Complaint.  The remaining averments of Paragraph 200 purport to quote from the President of Skyworth Macao Commercial Off Shore Co., Ltd., Finsen Yu, and thus no response is required.  To the extent that the

1   remainder of Paragraph 200 may be deemed to require a response, the Hitachi defendants respond

2   that the statement of the President of Skyworth Macao Commercial Off Shore Co., Ltd. speaks

3   for itself and deny, for want of information or belief, the remainder of the averments of Paragraph

4   200 of the Amended Complaint.

5            201.    The Hitachi defendants deny, for want of information or belief, each of the

6   averments in Paragraph 201 of the Amended Complaint.

7            202.    The Hitachi defendants deny, for want of information or belief, each of the

8   averments of Paragraph 202 of the Amended Complaint.

9            203.    The averments of Paragraph 203 of the Amended Complaint consist of conclusions

10  of law to which no response is required.  To the extent that Paragraph 203 may be deemed to

11  require a response the Hitachi defendants deny each of the averments of Paragraph 203 of the

12  Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

13  Paragraph 203 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

14  defendants deny, for want of information or belief, the averments of Paragraph 203 of the

15  Amended Complaint.

16           204.    The Hitachi defendants deny, for want of information or belief, the averments in

17  Paragraph 204 of the Amended Complaint.

18           205.    The averments in Paragraph 205 of the Amended Complaint are not directed at the

19  Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

20  want of information or belief, the averments of Paragraph 205 of the Amended Complaint to the

21  extent they relate to defendants other than the Hitachi defendants with the exception of matters

22  specifically alleged herein.  To the extent the averments of Paragraph 205 of the Amended

23  Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the

24  averments as it pertains to the Hitachi defendants with the exception of matters specifically

25  admitted herein.  The Hitachi defendants admit that C.Y. Lin of Chunghwa Picture Tubes was

26  indicted, the details of which are matters of public record.

27           206.    The averments in Paragraph 206 of the Amended Complaint are not directed at the

28  Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

1  want of information or belief, the averments of Paragraph 206 of the Amended Complaint.

2       207.    The averments of Paragraph 207 of the Amended Complaint are not directed at the

3  Hitachi defendants and purport to be derived from a *Kyodo News* report, and thus no response is

4  required.  To the extent that the averments in Paragraph 207 may be deemed to require a

5  response, the Hitachi defendants respond that the *Kyodo News* report speaks for itself and deny,

6  for want of information or belief, the averments in Paragraph 207 of the Amended Complaint.

7       208.    The averments of Paragraph 208 of the Amended Complaint are not directed at the

8  Hitachi defendants and purport to be derived from a *Kyodo News* report, and thus no response is

9  required.  To the extent that the averments in Paragraph 208 may be deemed to require a

10  response, the Hitachi defendants respond that the *Kyodo News* report speaks for itself and deny,

11  for want of information or belief, the averments in Paragraph 208 of the Amended Complaint.

12       209.    The averments in Paragraph 209 of the Amended Complaint are not directed at the

13  Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

14  want of information or belief, the averments of Paragraph 209 of the Amended Complaint.

15       210.    The averments of Paragraph 210 of the Amended Complaint are not directed at the

16  Hitachi defendants and purport to be derived from an *Asian Shimbun* report, and thus no response

17  is required.  To the extent that the averments in Paragraph 210 may be deemed to require a

18  response, the Hitachi defendants respond that the *Asian Shimbun* report speaks for itself and deny,

19  for want of information or belief, the averments in Paragraph 210 of the Amended Complaint.

20       211.    The averments in Paragraph 211 of the Amended Complaint are not directed at the

21  Hitachi defendants and therefore, no response is required.  The Hitachi defendants deny, for want

22  of information or belief, the averments of Paragraph 211 of the Amended Complaint.

23       212.    The averments of Paragraph 212 of the Amended Complaint are not directed at the

24  Hitachi defendants and purport to be derived from a Toshiba Annual Report, and thus no response

25  is required.  To the extent that the averments in Paragraph 212 may be deemed to require a

26  response, the Hitachi defendants respond that the Toshiba Annual Report speaks for itself and

27  deny, for want of information or belief, the averments in Paragraph 212 of the Amended

28  Complaint.

213.     The averments of Paragraph 213 of the Amended Complaint are not directed at the Hitachi defendants and purport to be derived from a statement by a Hungarian Competition Authority, and thus no response is required.  To the extent that the averments in Paragraph 213 may be deemed to require a response, the Hitachi defendants respond that the statement by a Hungarian Competition Authority speaks for itself and deny, for want of information or belief, the averments in Paragraph 213 of the Amended Complaint.

214.     The Hitachi defendants deny each of the averments of Paragraph 214 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 214 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 214 of the Amended Complaint.

215.     The averments of Paragraph 215 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent the averments of Paragraph 215 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it pertains to the Hitachi defendants, and, to the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 215 of the Amended Complaint.

216.     The averments of Paragraph 216 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent the averments of Paragraph 216 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it pertains to the Hitachi defendants, and, to the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 216 of the Amended Complaint.

217.     The Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 217 of the Amended Complaint.

218.     The averments of Paragraph 218 of the Amended Complaint are not directed at the Hitachi defendants and therefore, no response is required.  To the extent the averments of Paragraph 218 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi

1    defendants deny each of the averments as it pertains to the Hitachi defendants, and, to the extent

2    the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of

3    information or belief, the averments of Paragraph 218 of the Amended Complaint.

4         219.   The averments of Paragraph 219 of the Amended Complaint are not directed at the

5    Hitachi defendants and therefore, no response is required.  To the extent the averments of

6    Paragraph 219 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi

7    defendants deny each of the averments as it pertains to the Hitachi defendants, and, to the extent

8    the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of

9    information or belief, the averments of Paragraph 219 of the Amended Complaint.

10        220.   The averments of Paragraph 220 of the Amended Complaint purport to be derived

11   from a DOJ press release, and thus no response is required.  To the extent that the averments of

12   Paragraph 220 may be deemed to require a response, the Hitachi defendants respond that the DOJ

13   press release speaks for itself and deny the averments of Paragraph 220, except admit that Hitachi

14   Displays, Ltd. entered into a plea agreement and paid a $31 million fine in connection with

15   allegations that it participated in a conspiracy to fix the prices of TFT-LCD panels sold to Dell,

16   Inc. for use in notebook computers from April 1, 2001, through March 31, 2004.

17        221.   The averments of Paragraph 221 of the Amended Complaint purport to be derived

18   from indictments filed in the Northern District of California and thus no response is required.  To

19   the extent that the averments of Paragraph 221 may be deemed to require a response, the Hitachi

20   defendants respond that the indictments speak for themselves and deny the averments of

21   Paragraph 221 as they pertain to the Hitachi defendants, except admit that an Information was

22   filed as to Hitachi Displays, Ltd., alleging that the conduct charged therein "was carried out, in

23   part, in the Northern District of California."  To the extent the averments of Paragraph 221 do not

24   pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief,

25   the averments of Paragraph 221 of the Amended Complaint .

26        222.   The averments in the first two sentences of Paragraph 222 of the Amended

27   Complaint consist of conclusions of law to which no response is required.  To the extent that the

28   first two sentences of Paragraph 222 may be deemed to require a response, the Hitachi defendants

1   deny the averments of the first and second sentences of Paragraph 222 of the Amended

2   Complaint.  The remaining averments of Paragraph 222 of the Amended Complaint purport to be

3   derived from a DOJ announcement, and thus no response is required.  To the extent that the

4   remaining averments of Paragraph 222 may be deemed to require a response, the Hitachi

5   defendants respond that the DOJ announcement speaks for itself and deny, for want of

6   information or belief, the remaining averments of Paragraph 222.

7          223.    The Hitachi defendants deny each of the averments of Paragraph 223 of the

8   Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

9   Paragraph 223 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

10  defendants deny, for want of information or belief, the averments of Paragraph 223 of the

11  Amended Complaint.

12         224.    The Hitachi defendants deny, for want of information or belief, the averments of

13  Paragraph 224 of the Amended Complaint.

14         225.    The Hitachi defendants deny, for want of information or belief, the averments of

15  Paragraph 225 of the Amended Complaint.

16         226.    The Hitachi defendants deny, for want of information or belief, the averments of

17  Paragraph 226 of the Amended Complaint.

18         227.    The Hitachi defendants deny, for want of information or belief, the averments of

19  Paragraph 227 of the Amended Complaint.

20         228.    The Hitachi defendants deny, for want of information or belief, the averments of

21  Paragraph 228 of the Amended Complaint.

22         229.    The Hitachi defendants deny, for want of information or belief, the averments of

23  Paragraph 229 of the Amended Complaint.

24         230.    The Hitachi defendants deny, for want of information or belief, the averments of

25  Paragraph 230 of the Amended Complaint.

26         231.    The Hitachi defendants deny, for want of information or belief, the averments of

27  Paragraph 231 of the Amended Complaint.

28         232.    The Hitachi defendants deny, for want of information or belief, the averments of

1   Paragraph 232 of the Amended Complaint.

2          233.    The Hitachi defendants deny, for want of information or belief, the averments of

3   Paragraph 233 of the Amended Complaint.

4          234.    The Hitachi defendants deny, for want of information or belief, the averments in

5   the first and seventh sentences of Paragraph 234 of the Amended Complaint.  The averments in

6   the second through sixth sentences of Paragraph 234 of the Amended Complaint purport to be

7   derived from Professor Hovenkamp's treatise, and thus no response is required.  To the extent

8   that the second through sixth sentences of Paragraph 234 may be deemed to require a response,

9   the Hitachi defendants respond that the treatise speaks for itself and deny, for want of information

10  or belief, the averments in the second through sixth sentences of Paragraph 234 of the Amended

11  Complaint.

12         235.    The averments in Paragraph 235 of the Amended Complaint purport to be derived

13  from some academic literature, and thus no response is required.  To the extent that Paragraph

14  235 may be deemed to require a response, the Hitachi defendants respond that the purported

15  academic literature speaks for itself and deny, for want of information or belief, the averments

16  Paragraph 235 of the Amended Complaint.

17         236.    The averments in Paragraph 236 of the Amended Complaint purport to be derived

18  from a judicial decision, and thus no response is required.  To the extent that Paragraph 236 may

19  be deemed to require a response, the Hitachi defendants respond that the judicial decision speaks

20  for itself and deny, for want of information or belief, the averments Paragraph 236 of the

21  Amended Complaint.

22         237.    The averments in the first sentence of Paragraph 237 of the Amended Complaint

23  consist of conclusions of law to which no response is required.  The Hitachi defendants deny each

24  of the remaining averments of Paragraph 237 of the Amended Complaint as it pertains to the

25  Hitachi defendants.  To the extent the remaining averments of Paragraph 237 of the Amended

26  Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of

27  information or belief, the remaining averments of Paragraph 237 of the Amended Complaint.

28         238.    The averments in the third sentence of Paragraph 238 of the Amended Complaint

consist of conclusions of law to which no response is required.  The Hitachi defendants deny each of the remaining averments of Paragraph 238 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the remaining averments of Paragraph 238 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the remaining averments of Paragraph 238 of the Amended Complaint.

239.    The averments of Paragraph 239 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 239 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 239 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 239 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 239 of the Amended Complaint.

240.    The Hitachi defendants deny each of the averments of Paragraph 240 of the Amended Complaint, but admit that plaintiffs purport to bring this action under the provisions of Federal Rule of Civil Procedure 23 cited therein.  The Hitachi defendants deny that this action is appropriate for class certification.

241.    The averments of Paragraph 241 of the Amended Complaint appear to be definitional only, and not ones calling for any response.  Additionally, the averments of Paragraph 241 of the Amended Complaint consist of conclusions of law to which no response is required. To the extent that Paragraph 241 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 241 of the Amended Complaint.  The Hitachi defendants deny that this action is appropriate for class certification.

242.    The averments of Paragraph 242 of the Amended Complaint appear to be definitional only, and not ones calling for any response.  Additionally, the averments of Paragraph 242 of the Amended Complaint consist of conclusions of law to which no response is required. To the extent that Paragraph 242 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 242 of the Amended Complaint.    The Hitachi defendants deny that this action is appropriate for class certification.

243.     The averments of Paragraph 243, including all subparts, of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 243 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 243 of the Amended Complaint.  The Hitachi defendants further deny that this action is appropriate for class certification.

244.     Answering the averments of Paragraph 244 of the Amended Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 243 of the Amended Complaint.

245.     The averments of Paragraph 245 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 245 may be deemed to require a response, the Hitachi defendants, for want of information or belief, deny each of the averments of Paragraph 245 of the Amended Complaint.

246.     The averments of Paragraph 246 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 246 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 246 of the Amended Complaint.

247.     The averments of Paragraph 247 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 247 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 247 of the Amended Complaint.

248.     The averments of Paragraph 248 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 248 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 248 of the Amended Complaint.

249.     The averments of Paragraph 249, including all subparts, of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 249 may be deemed to require a response, the Hitachi defendants deny, for want of

1    information or belief, each of the averments of Paragraph 249 of the Amended Complaint.

2          250.    The averments of Paragraph 250 of the Amended Complaint consist of conclusions

3    of law to which no response is required.  To the extent that Paragraph 250 may be deemed to

4    require a response, the Hitachi defendants deny, for want of information or belief, each of the

5    averments of Paragraph 250 of the Amended Complaint.

6          251.    The averments of Paragraph 251 of the Amended Complaint consist of conclusions

7    of law to which no response is required.  To the extent that Paragraph 251 may be deemed to

8    require a response, the Hitachi defendants deny, for want of information or belief, each of the

9    averments of Paragraph 251 of the Amended Complaint.

10         252.    The averments of Paragraph 252 of the Amended Complaint consist of conclusions

11   of law to which no response is required.  To the extent that Paragraph 252 may be deemed to

12   require a response, the Hitachi defendants deny, for want of information or belief, each of the

13   averments of Paragraph 252 of the Amended Complaint.

14         253.    The Hitachi defendants deny each of the averments of Paragraph 253 of the

15   Amended Complaint, but admit that plaintiffs purport to seek an injunction under the provisions

16   of Section 16 of the Clayton Act, cited therein.  The Hitachi defendants deny, for want of

17   information or belief, that this action is appropriate for injunctive relief.

18         254.    Answering the averments of Paragraph 254 of the Amended Complaint, the

19   Hitachi defendants incorporate by this reference their responses, set forth above in this Answer

20   and as if set forth fully herein, to the averments of Paragraphs 1 through 253 of the Amended

21   Complaint.

22         255.    Answering the averments of the first sentence of Paragraph 255 of the Amended

23   Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

24   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 254 of the

25   Amended Complaint.  The averments in subparts a through d of Paragraph 255 of the Amended

26   Complaint consist of conclusions of law to which no response is required.  To the extent that

27   subparts a through d of Paragraph 255 may be deemed to require a response, the Hitachi

28   defendants deny, for want of information or belief, each of the averments of subparts a through d

1    of Paragraph 255 of the Amended Complaint.

2        256.    Answering the averments of the first sentence of Paragraph 256 of the Amended

3    Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

4    this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 255 of the

5    Amended Complaint.  The averments in subparts a through e of Paragraph 256 of the Amended

6    Complaint consist of conclusions of law to which no response is required.  To the extent that

7    subparts a through e of Paragraph 256 may be deemed to require a response, the Hitachi

8    defendants deny, for want of information or belief, each of the averments of subparts a through e

9    of Paragraph 256 of the Amended Complaint.

10       257.    Answering the averments of the first sentence of Paragraph 257 of the Amended

11   Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

12   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 256 of the

13   Amended Complaint.  The averments of subparts a through d of Paragraph 257 of the Amended

14   Complaint consist of conclusions of law to which no response is required.  To the extent that

15   subparts a through d of Paragraph 257 may be deemed to require a response, the Hitachi

16   defendants deny, for want of information or belief, each of the averments of subparts a through d

17   of Paragraph 257 of the Amended Complaint.

18       258.    Answering the averments of the first sentence of Paragraph 258 of the Amended

19   Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

20   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 257 of the

21   Amended Complaint.  The averments of subparts a through d of Paragraph 258 of the Amended

22   Complaint consist of conclusions of law to which no response is required.  To the extent that

23   subparts a through d of Paragraph 258 may be deemed to require a response, the Hitachi

24   defendants deny, for want of information or belief, each of the averments of subparts a through d

25   of Paragraph 258 of the Amended Complaint.

26       259.    Answering the averments of the first sentence of Paragraph 259 of the Amended

27   Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

28   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 258 of the

1   Amended Complaint.  The averments of subparts a through d of Paragraph 259 of the Amended

2   Complaint consist of conclusions of law to which no response is required.  To the extent that

3   subparts a through d of Paragraph 259 may be deemed to require a response, the Hitachi

4   defendants deny, for want of information or belief, each of the averments of subparts a through d

5   of Paragraph 259 of the Amended Complaint.

6          260.    Answering the averments of the first sentence of Paragraph 260 of the Amended

7   Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

8   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 259 of the

9   Amended Complaint.  The averments of subparts a through d of Paragraph 260 of the Amended

10  Complaint consist of conclusions of law to which no response is required.  To the extent that

11  subparts a through d of Paragraph 260 may be deemed to require a response, the Hitachi

12  defendants deny, for want of information or belief, each of the averments of subparts a through d

13  of Paragraph 260 of the Amended Complaint.

14         261.    Answering the averments of the first sentence of Paragraph 261 of the Amended

15  Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

16  this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 260 of the

17  Amended Complaint.  The averments of subparts a through d of Paragraph 261 of the Amended

18  Complaint consist of conclusions of law to which no response is required.  To the extent that

19  subparts a through d of Paragraph 261 may be deemed to require a response, the Hitachi

20  defendants deny, for want of information or belief, each of the averments of subparts a through d

21  of Paragraph 261 of the Amended Complaint.

22         262.    Answering the averments of the first sentence of Paragraph 262 of the Amended

23  Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

24  this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 261 of the

25  Amended Complaint.  The averments of subparts a through d of Paragraph 261 of the Amended

26  Complaint consist of conclusions of law to which no response is required.  To the extent that

27  subparts a through d of Paragraph 262 may be deemed to require a response, the Hitachi

28  defendants deny, for want of information or belief, each of the averments of subparts a through d

1   of Paragraph 262 of the Amended Complaint.

2   263.   Answering the averments of the first sentence of Paragraph 263 of the Amended

3   Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

4   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 262 of the

5   Amended Complaint.  The averments of subparts a through d of Paragraph 263 of the Amended

6   Complaint consist of conclusions of law to which no response is required.  To the extent that

7   subparts a through d of Paragraph 263 may be deemed to require a response, the Hitachi

8   defendants deny, for want of information or belief, each of the averments of subparts a through d

9   of Paragraph 263 of the Amended Complaint.

10   264.   Answering the averments of the first sentence of Paragraph 264 of the Amended

11   Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

12   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 263 of the

13   Amended Complaint.  The averments of subparts a through d of Paragraph 264 of the Amended

14   Complaint consist of conclusions of law to which no response is required.  To the extent that

15   subparts a through d of Paragraph 264 may be deemed to require a response, the Hitachi

16   defendants deny, for want of information or belief, each of the averments of subparts a through d

17   of Paragraph 264 of the Amended Complaint.

18   265.   Answering the averments of the first sentence of Paragraph 265 of the Amended

19   Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

20   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 264 of the

21   Amended Complaint.  The averments of subparts a through d of Paragraph 265 of the Amended

22   Complaint consist of conclusions of law to which no response is required.  To the extent that

23   subparts a through d of Paragraph 265 may be deemed to require a response, the Hitachi

24   defendants, for want of information or belief, deny each of the averments of subparts a through d

25   of Paragraph 265 of the Amended Complaint.

26   266.   Answering the averments of the first sentence of Paragraph 266 of the Amended

27   Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

28   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 265 of the

1  Amended Complaint.  The averments of subparts a through d of Paragraph 266 of the Amended

2  Complaint consist of conclusions of law to which no response is required.  To the extent that

3  subparts a through d of Paragraph 266 may be deemed to require a response, the Hitachi

4  defendants deny, for want of information or belief, each of the averments of subparts a through d

5  of Paragraph 266 of the Amended Complaint.

6          267.    Answering the averments of the first sentence of Paragraph 267 of the Amended

7  Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

8  this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 266 of the

9  Amended Complaint.  The averments of subparts a through d of Paragraph 267 of the Amended

10 Complaint consist of conclusions of law to which no response is required.  To the extent that

11 subparts a through d of Paragraph 267 may be deemed to require a response, the Hitachi

12 defendants deny, for want of information or belief, each of the averments of subparts a through d

13 of Paragraph 267 of the Amended Complaint.

14         268.    Answering the averments of the first sentence of Paragraph 268 of the Amended

15 Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

16 this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 267 of the

17 Amended Complaint. The averments of subparts a through d of Paragraph 268 of the Amended

18 Complaint consist of conclusions of law to which no response is required.  To the extent that

19 subparts a through d of Paragraph 268 may be deemed to require a response, the Hitachi

20 defendants deny, for want of information or belief, each of the averments of subparts a through d

21 of Paragraph 268 of the Amended Complaint.

22         269.    Answering the averments of the first sentence of Paragraph 269 of the Amended

23 Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

24 this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 268 of the

25 Amended Complaint.  The averments of subparts a through d of Paragraph 269 of the Amended

26 Complaint consist of conclusions of law to which no response is required.  To the extent that

27 subparts a through d of Paragraph 269 may be deemed to require a response, the Hitachi

28 defendants deny, for want of information or belief, each of the averments of subparts a through d

1    of Paragraph 269 of the Amended Complaint.

2         270.    Answering the averments of the first sentence of Paragraph 270 of the Amended

3    Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

4    this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 269 of the

5    Amended Complaint.  The averments of subparts a through d of Paragraph 270 of the Amended

6    Complaint consist of conclusions of law to which no response is required.  To the extent that

7    subparts a through d of Paragraph 270 may be deemed to require a response, the Hitachi

8    defendants deny, for want of information or belief, each of the averments of sub parts a through d

9    of Paragraph 270 of the Amended Complaint.

10        271.    Answering the averments of the first sentence of Paragraph 271 of the Amended

11   Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

12   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 270 of the

13   Amended Complaint.  The averments of sub parts a through d of Paragraph 271 of the Amended

14   Complaint consist of conclusions of law to which no response is required.  To the extent that

15   subparts a through d of Paragraph 271 may be deemed to require a response, the Hitachi

16   defendants deny, for want of information or belief, each of the averments of subparts a through d

17   of Paragraph 271 of the Amended Complaint.

18        272.    Answering the averments of Paragraph 272 of the Amended Complaint, the

19   Hitachi defendants incorporate by this reference their responses, set forth above in this Answer

20   and as if set forth fully herein, to the averments of Paragraphs 1 through 271 of the Amended

21   Complaint.

22        273.    The averments of Paragraph 273 of the Amended Complaint consist of conclusions

23   of law to which no response is required.  To the extent that Paragraph 273 may be deemed to

24   require a response, the Hitachi defendants deny each of the averments of Paragraph 273 of the

25   Amended Complaint.

26        274.    Answering the averments of the first sentence of Paragraph 274 of the Complaint,

27   the Hitachi defendants incorporate by this reference their responses, set forth above in this

28   Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 273 of the

1    Amended Complaint.  The averments of subparts a through j of Paragraph 274 of the Amended

2    Complaint consist of conclusions of law to which no response is required.  To the extent that

3    subparts a through j of Paragraph 274 may be deemed to require a response, the Hitachi

4    defendants deny, for want of information or belief, each of the averments of subparts a through j

5    of Paragraph 274 of the Amended Complaint.

6         275.    Answering the averments of the first sentence of Paragraph 275 of the Amended

7    Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

8    this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 274 of the

9    Amended Complaint.  The averments of parts a through f of Paragraph 275 of the Amended

10   Complaint consist of conclusions of law to which no response is required.  To the extent that

11   subparts a through f of Paragraph 275 may be deemed to require a response, the Hitachi

12   defendants deny, for want of information or belief, each of the averments of subparts a through f

13   of Paragraph 275 of the Amended Complaint.

14        276.    Answering the averments of the first sentence of Paragraph 276 of the Amended

15   Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

16   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 275 of the

17   Amended Complaint.  The averments of subparts a through f of Paragraph 276 of the Amended

18   Complaint consist of conclusions of law to which no response is required.  To the extent that

19   subparts a through f of Paragraph 276 may be deemed to require a response, the Hitachi

20   defendants deny, for want of information or belief, each of the averments of subparts a through f

21   of Paragraph 276 of the Amended Complaint.

22        277.    Answering the averments of the first sentence of Paragraph 277 of the Amended

23   Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

24   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 276 of the

25   Amended Complaint.  The averments of subparts a through h of Paragraph 277 of the Amended

26   Complaint consist of conclusions of law to which no response is required.  To the extent that

27   subparts a through h of Paragraph 277 may be deemed to require a response, the Hitachi

28   defendants deny, for want of information or belief, each of the averments of subparts a through h

1   of Paragraph 277 of the Amended Complaint.

2   278.   Answering the averments of the first sentence of Paragraph 278 of the Amended

3   Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

4   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 277 of the

5   Amended Complaint.  The averments of subparts a through f of Paragraph 278 of the Amended

6   Complaint consist of conclusions of law to which no response is required.  To the extent that

7   subparts a through f of Paragraph 278 may be deemed to require a response, the Hitachi

8   defendants deny, for want of information or belief, each of the averments of subparts a through f

9   of Paragraph 278 of the Amended Complaint.

10   279.   Answering the averments of the first sentence of Paragraph 279 of the Amended

11   Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

12   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 278 of the

13   Amended Complaint.  The averments of subparts a through g of Paragraph 279 of the Amended

14   Complaint consist of conclusions of law to which no response is required.  To the extent that

15   subparts a through g of Paragraph 279 may be deemed to require a response, the Hitachi

16   defendants deny, for want of information or belief, each of the averments of subparts a through g

17   of Paragraph 279 of the Amended Complaint.

18   280.   Answering the averments of the first sentence of Paragraph 280 of the Amended

19   Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

20   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 279 of the

21   Amended Complaint.  The averments of subparts a through m of Paragraph 280 of the Amended

22   Complaint consist of conclusions of law to which no response is required.  To the extent that

23   subparts a through m of Paragraph 280 may be deemed to require a response, the Hitachi

24   defendants deny, for want of information or belief, each of the averments of subparts a through m

25   of Paragraph 280 of the Amended Complaint.

26   281.   Answering the averments of the first sentence of Paragraph 281 of the Amended

27   Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

28   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 280 of the

1  Amended Complaint.  The averments of subparts a through h of Paragraph 281 of the Amended

2  Complaint consist of conclusions of law to which no response is required.  To the extent that

3  subparts a through h of Paragraph 281 may be deemed to require a response, the Hitachi

4  defendants deny, for want of information or belief, each of the averments of subparts a through h

5  of Paragraph 281 of the Amended Complaint.

6          282.    Answering the averments of the first sentence of Paragraph 282 of the Amended

7  Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

8  this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 281 of the

9  Amended Complaint.  The averments of subparts a through k of Paragraph 282 of the Amended

10  Complaint consist of conclusions of law to which no response is required.  To the extent that

11  subparts a through k of Paragraph 282 may be deemed to require a response, the Hitachi

12  defendants deny, for want of information or belief, each of the averments of subparts a through k

13  of Paragraph 282 of the Amended Complaint.

14          283.    Answering the averments of the first sentence of Paragraph 283 of the Amended

15  Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

16  this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 282 of the

17  Amended Complaint.  The averments of subparts a through f of Paragraph 283 of the Amended

18  Complaint consist of conclusions of law to which no response is required.  To the extent that

19  subparts a through f of Paragraph 283 may be deemed to require a response, the Hitachi

20  defendants deny, for want of information or belief, each of the averments of subparts a through f

21  of Paragraph 283 of the Amended Complaint.

22          284.    Answering the averments of Paragraph 284 of the Amended Complaint, the

23  Hitachi defendants incorporate by this reference their responses, set forth above in this Answer

24  and as if set forth fully herein, to the averments of Paragraphs 1 through 283 of the Amended

25  Complaint.

26          285.    The averments of Paragraph 285 of the Amended Complaint consist of conclusions

27  of law to which no response is required.  To the extent that Paragraph 285 may be deemed to

28  require a response, the Hitachi defendants deny, for want of information or belief, each of the

1   averments of Paragraph 285 of the Amended Complaint.

2      286. The averments of Paragraph 286 of the Amended Complaint consist of conclusions

3   of law to which no response is required.  To the extent that Paragraph 286 may be deemed to

4   require a response, the Hitachi defendants deny, for want of information or belief, each of the

5   averments of Paragraph 286 of the Amended Complaint.

6      287. The averments of Paragraph 287 of the Amended Complaint consist of conclusions

7   of law to which no response is required.  To the extent that Paragraph 287 may be deemed to

8   require a response, the Hitachi defendants deny, for want of information or belief, each of the

9   averments of Paragraph 287 of the Amended Complaint.

10     288. The averments of Paragraph 288 of the Amended Complaint consist of conclusions

11  of law to which no response is required.  To the extent that Paragraph 288 may be deemed to

12  require a response, the Hitachi defendants deny each of the averments of Paragraph 288 of the

13  Amended Complaint.

14     289. The averments of Paragraph 289 of the Amended Complaint consist of conclusions

15  of law to which no response is required.  To the extent that Paragraph 289 may be deemed to

16  require a response, the Hitachi defendants deny, for want of information or belief, each of the

17  averments of Paragraph 289 of the Amended Complaint.

18     290. The averments of Paragraph 290, including all subparts, of the Amended

19  Complaint consist of conclusions of law to which no response is required.  To the extent that

20  Paragraph 290 may be deemed to require a response, the Hitachi defendants deny, for want of

21  information or belief, each of the averments of Paragraph 290 of the Amended Complaint.

22     291. The averments of Paragraph 291 of the Amended Complaint consist of conclusions

23  of law to which no response is required.  To the extent that Paragraph 291 may be deemed to

24  require a response, the Hitachi defendants deny each of the averments of Paragraph 291 of the

25  Amended Complaint.

26          **<u>PLAINTIFFS' PRAYER FOR RELIEF</u>**

27     The Hitachi defendants deny each of the averments of Paragraphs A through H of

28  plaintiffs' Prayer for Relief in the Amended Complaint, and aver that neither plaintiffs nor the

class plaintiffs purport to represent are entitled to any relief of any kind for or as against any of the Hitachi defendants.

## JURY DEMAND

To the extent any response is required to the plaintiffs' Jury Trial Demand, the Hitachi defendants admit that plaintiffs purport to demand a trial by jury pursuant to Federal Rules of Civil Procedure 38(b).

## AFFIRMATIVE AND/OR ADDITIONAL DEFENSES

Without assuming the burden of proof where it rests upon plaintiffs, the Hitachi defendants aver the following as separate affirmative and/or additional defenses to plaintiffs' Amended Complaint:

## FIRST DEFENSE

### (Failure To State A Claim)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because the Amended Complaint fails to state a claim or cause of action upon which relief may be granted.

## SECOND DEFENSE

### (Statutes Of Limitations)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the applicable statutes of limitations.

## THIRD DEFENSE

### (Claim Splitting And Election Of Remedies)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by reason of claim splitting and by the doctrine of the election of remedies.

## FOURTH DEFENSE

### (Laches, Estoppel, Waiver, And/Or Unclean Hands)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, under the doctrine of laches, estoppel, waiver, and/or unclean hands.

1

**FIFTH DEFENSE**

2

**(Reasonable Justification)**

3      Each of plaintiffs' claims or causes of action is barred, in whole or in part, because all of

4   the actions of the Hitachi defendants being challenged by plaintiffs were lawful, justified, pro-

5   competitive, constitute *bona fide* business competition, and were carried out in furtherance of the

6   Hitachi defendants' legitimate business interests.

7

**SIXTH DEFENSE**

8

**(Ratification, Acquiescence, Agreement Or Consent)**

9      Each of plaintiffs' claims or causes of action is barred, in whole or in part, by reason of

10   plaintiffs' ratification of, or acquiescence, agreement or consent to the conduct of the Hitachi

11   defendants.

12

**SEVENTH DEFENSE**

13

**(Accord And Satisfaction, Release And Settlement)**

14      Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the

15   doctrines of accord and satisfaction, release and settlement.

16

**EIGHTH DEFENSE**

17

**(Government Privilege)**

18      Each of plaintiffs' claims or causes of action is barred, in whole or in part, because the

19   alleged conduct of the Hitachi defendants that is the subject of the Amended Complaint was

20   caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts

21   of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-

22   actionable or privileged.

23

**NINTH DEFENSE**

24

**(Lack Of Standing)**

25      Each of plaintiffs' claims or causes of action is barred, in whole or in part, because

26   plaintiffs lack standing to bring the claims asserted in the Amended Complaint.

27

28

**TENTH DEFENSE**

**(Failure To Plead Fraud Particularly; Rule 9(B) Fed. R. Civ. P.)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs have failed to allege fraudulent concealment with particularity.

**ELEVENTH DEFENSE**

**(Ultra Vires)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because, to the extent that any employee or agent of the Hitachi defendants engaged in any unlawful act or omission, which unlawful act or omission the Hitachi defendants expressly deny, any such actionable act or omission would have been committed by individuals acting *ultra vires*.

**TWELFTH DEFENSE**

**(Improper Class Action)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because they cannot be maintained as a class action, including, but not limited to, plaintiffs' claims are improperly joined within the meaning of Federal Rule of Civil Procedure 20 or 23 because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences, and/or do not involve questions of law or fact common to all defendants.

**THIRTEENTH DEFENSE**

**(Improper Class Representatives)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because the named plaintiffs are not proper class representatives.

**FOURTEENTH DEFENSE**

**(Intervening Causes)**

Each of plaintiffs' claims or causes or action is barred, in whole or in part, because plaintiffs' alleged injuries, if any, stemmed from intervening and/or superseding causes.

**FIFTEENTH DEFENSE**

**(Lack Of Antitrust Injury)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because no

1  plaintiff has suffered an antitrust injury.

2  ### SIXTEENTH DEFENSE

3  ### (No Act Of The Hitachi Defendants)

4  Each of plaintiffs' claims or causes of action is barred, in whole or in part, because no

5  plaintiff has been injured in its business or property by reason of any action of the Hitachi

6  defendants.

7  ### SEVENTEENTH DEFENSE

8  ### (Speculative Damages)

9  Each of plaintiffs' claims or causes of action is barred, in whole or in part, because the

10  plaintiffs' alleged damages, if any, are speculative and because of the impossibility of the

11  ascertainment and allocation of such alleged damages.

12  ### EIGHTEENTH DEFENSE

13  ### (Failure to Mitigate Damages)

14  Each of plaintiffs' claims or causes of action is barred from recovery of damages, in

15  whole or in part, because of and to the extent of plaintiffs' failure to mitigate damages.

16  ### NINETEENTH DEFENSE

17  ### (Pass Through)

18  Plaintiffs' claims or causes of action for an illegal overcharge are barred, in whole or in

19  part, to the extent that such overcharge, the existence of which the Hitachi defendants expressly

20  deny, was absorbed, in whole or in part, by others, and was not passed through to plaintiffs.

21  ### TWENTIETH DEFENSE

22  ### (Restitution)

23  Each of plaintiffs' claims or causes of action is barred from recovery of damages, in

24  whole or in part, to the extent that any restitution or award of damages to plaintiffs would be

25  excessive and punitive, and disproportionate to any alleged injury suffered by plaintiffs.

26  ### TWENTY-FIRST DEFENSE

27  ### (Available Remedy At Law)

28  Plaintiffs' claims or causes of action for injunction or other equitable relief are barred, in

1   whole or in part, because plaintiffs and/or certain members of the putative class have available an

2   adequate remedy at law.

3                              **TWENTY-SECOND DEFENSE**

4                                    **(Injunction)**

5           Plaintiffs' claims or causes of action for injunction are barred, in whole or in part, because

6   plaintiffs seek to enjoin alleged events that have already transpired and without the requisite

7   showing of threatened future harm or continuing violation.

8                              **TWENTY-THIRD DEFENSE**

9                                 **(Unjust Enrichment)**

10          Each of plaintiffs' claims or causes of action is barred, in whole or in part, because

11  plaintiffs would be unjustly enriched if they were allowed to recover any part of the damages

12  alleged in the Amended Complaint.

13                             **TWENTY-FOURTH DEFENSE**

14                                  **(Improper Venue)**

15          Each of plaintiffs' claims or causes of action is barred, in whole or in part, because venue

16  does not lie in this Court.

17                              **TWENTY-FIFTH DEFENSE**

18                                 **(Comparative Fault)**

19          Each of plaintiffs' claims or causes of action is barred, in whole or in part, to the extent

20  the injuries alleged in the Amended Complaint, the fact and extent of which are expressly denied

21  by the Hitachi defendants, were directly and proximately caused by or contributed to by the

22  statements, acts or omissions of plaintiffs or third persons or entities unaffiliated with the Hitachi

23  defendants.

24                              **TWENTY-SIXTH DEFENSE**

25                        **(Res Judicata And/Or Collateral Estoppel)**

26          Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the

27  doctrines of res judicata and/or collateral estoppel.

28

1

## TWENTY-SEVENTH DEFENSE

2

### (Foreign Trade Antitrust Improvements Act)

3       Each of plaintiffs' claims or causes of action is barred, in whole or in part, because

4   plaintiffs have failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust

5   Improvements Act, 15 U.S.C. § 6a.  The Court therefore lacks subject matter jurisdiction.

6

## TWENTY-EIGHTH DEFENSE

7

### (Foreign Sales)

8       Each of plaintiffs' claims or causes of action is barred, in whole or in part, to the extent

9   plaintiffs seek to recover damages, if any, based on sales outside of the United States.

10

## TWENTY-NINTH DEFENSE

11

### (Improper Joinder)

12      Each of plaintiffs' claims or causes of action is barred, in whole or in part, because

13  plaintiffs' claims are improperly joined within the meaning of Rule 20 of the Federal Rules of

14  Civil Procedure because they did not arise out of the same transaction, occurrence or series of

15  transactions or occurrences and/or do not involve questions of law or fact common to all

16  defendants.

17

## THIRTIETH DEFENSE

18

### (Failure To Exhaust Remedies)

19      Plaintiffs' claims or causes of action are barred, in whole or in part, because plaintiffs

20  failed to exhaust all remedies against the parties with whom each plaintiff is in privity.

21

## THIRTY-FIRST DEFENSE

22

### (No Multiple Recoveries)

23      Each of plaintiffs' claims or causes of action is barred, in whole or in part, to the extent it

24  would result in the Hitachi defendants paying damages to more than one claimant for the same

25  alleged overcharge, because such multiple recoveries would violate rights guaranteed to the

26  Hitachi defendants by the United States Constitution, including, without limitation, rights

27  guaranteed under the Due Process Clause of the Fourteenth Amendment.

28

**THIRTY-SECOND DEFENSE**

**(Voluntary Payment Doctrine)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the voluntary payment doctrine, under which plaintiffs are not entitled to recover payments made with full knowledge of the facts.

**THIRTY-THIRD DEFENSE**

**(Incorporation of Defenses of Others)**

The Hitachi defendants adopt by reference any applicable defense pleaded by any other defendant not otherwise expressly set forth herein.

**THIRTY-FOURTH DEFENSE**

**(Privilege)**

Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, because any action taken by or on behalf of the Hitachi defendants was justified, constituted *bona fide* business competition, and was taken in pursuit of its own legitimate business and economic interests and is therefore privileged.

**THIRTY-FIFTH DEFENSE**

**(Noerr-Pennington Doctrine)**

Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, by the doctrine of Noerr-Pennington.

**THIRTY-SIXTH DEFENSE**

**(Forum Non Conveniens)**

The Amended Complaint should be dismissed on the grounds of forum non conveniens.

**THIRTY-SEVENTH DEFENSE**

**(Improper Forum/Arbitration)**

Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, because plaintiffs have agreed to arbitration or chose a different forum for the resolution of their claims.

## THIRTY-EIGHTH DEFENSE

### (Intervening Conduct)

Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of the Hitachi defendants and/or were caused, if at all, solely and proximately by the conduct of third parties, including, without limitations, the prior, intervening or superseding conduct of such third parties.

## THIRTY-NINTH DEFENSE

### (Lack of Subject Matter Jurisdiction)

This Court lacks subject-matter jurisdiction over plaintiffs' claims and causes of action pursuant to, but not limited to, the Foreign Trade Antitrust Improvements Act.

## FORTIETH DEFENSE

### (Reservation of Other Defenses)

The Hitachi defendants reserve the right to assert other defenses as this action proceeds up to and including the time of trial.

**WHEREFORE**, Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA) Inc. each pray that:

1.     The Court dismiss with prejudice the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint;

2.     Plaintiffs recover no relief of any kind against defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc., or any of them;

3.     Defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc., and each of them, have and recover their respective costs of suit against plaintiffs and each of them; and

4.     The Court award to defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc., and each of them, such further relief as may be appropriate.

1

2

3   Dated: April 29, 2010

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP


By _____*/s/ Kent M. Roger*_____
Kent M. Roger
Attorneys for Defendants
HITACHI, LTD., HITACHI DISPLAYS,
LTD., HITACHI AMERICA, LTD.,
HITACHI ASIA, LTD., and HITACHI
ELECTRONIC DEVICES (USA), INC.