KENT M. ROGER, State Bar No. 95987
DIANE L. WEBB, State Bar No. 197851
MICHELLE PARK CHIU, State Bar No. 248421
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:  415.442.1000
Fax:  415.442.1001
E-mail: kroger@morganlewis.com

Attorneys for Defendants
HITACHI, LTD., HITACHI DISPLAYS, LTD.,
HITACHI AMERICA, LTD., HITACHI ASIA,
LTD., and HITACHI ELECTRONIC DEVICES
(USA), INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | No.:  C07-5944-SC<br><br>MDL No. 1917 |
| This Document Relates To:<br><br>ALL DIRECT PURCHASER ACTIONS | **ANSWER OF HITACHI, LTD., HITACHI DISPLAYS, LTD., HITACHI AMERICA, LTD., HITACHI ASIA, LTD., AND HITACHI ELECTRONIC DEVICES (USA), INC. TO THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT** |

Defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc. (collectively "the Hitachi defendants") through their undersigned counsel of record, answer and respond ("Answer") to the Direct Purchaser Plaintiffs' Consolidated Amended Complaint ("Amended Complaint").

As used in this Answer, and in the interest of brevity, the phrase deny or denies "for want of information or belief" means that the answering defendants are without knowledge or information sufficient to form a belief as to the truth of an averment of the Amended Complaint, and deny that averment on that basis.  The Hitachi defendants deny all allegations in the Amended Complaint (including headings and captions) not specifically admitted in this Answer.

1.     The averments of Paragraph 1 of the Amended Complaint appear to be prefatory

1  or definitional only and not ones calling for any response.  To the extent that Paragraph 1 may be

2  deemed to require a response, the Hitachi defendants deny, for want of information and belief,

3  each of the averments of Paragraph 1 of the Amended Complaint, except admit that color display

4  tubes and color picture tubes are each a type of cathode ray tube.

5        2.     The averments of Paragraph 2 of the Amended Complaint appear to be prefatory

6  or definitional only, and not ones calling for any response.  To the extent that Paragraph 2 may be

7  deemed to require a response, the Hitachi defendants deny, for want of information or belief, each

8  of the averments of Paragraph 2 of the Amended Complaint.

9        3.     The Hitachi defendants deny, for want of information or belief, the first sentence

10  of Paragraph 3.  The remaining averments of Paragraph 3 of the Amended Complaint consist of

11  conclusions of law to which no response is required.  To the extent that the remaining averments

12  of Paragraph 3 may be deemed to require a response, the Hitachi defendants deny each of the

13  averments of Paragraph 3 of the Amended Complaint as it pertains to the Hitachi defendants.  To

14  the extent the remaining averments of Paragraph 3 of the Amended Complaint do not pertain to

15  the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the

16  averments of Paragraph 3 of the Amended Complaint.

17        4.     The averments of Paragraph 4 of the Amended Complaint consist of conclusions

18  of law to which no response is required.  To the extent that Paragraph 4 may be deemed to require

19  a response, the Hitachi defendants deny each of the averments of Paragraph 4 of the Amended

20  Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 4 of

21  the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for

22  want of information or belief, the averments of Paragraph 4 of the Amended Complaint.

23        5.     The Hitachi defendants deny each of the averments of Paragraph 5 of the

24  Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

25  Paragraph 5 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

26  defendants deny, for want of information or belief, the averments of Paragraph 5 of the Amended

27  Complaint.

28        6.     The averments of Paragraph 6 of the Amended Complaint consist of conclusions

THE HITACHI DEFENDANTS' ANSWER TO THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

of law to which no response is required.  To the extent that Paragraph 6 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 6 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 6 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 6 of the Amended Complaint.

7.      The averments in the first sentence of Paragraph 7 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the averments in the first sentence of Paragraph 7 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny the averments in the first sentence of Paragraph 7.  The averments in the second sentence of Paragraph 7 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent the averments in the second sentence of Paragraph 7 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it pertains to the Hitachi defendants, and, to the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments in the second sentence of Paragraph 7 of the Amended Complaint.

8.      The averments of Paragraph 8 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 8 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 8 of the Amended Complaint.

9.      The averments of Paragraph 9 of the Amended Complaint consist of conclusions of law to which no response is required.

10.     The averments of Paragraph 10 of the Amended Complaint consist of conclusions of law to which no response is required.

11.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 11 of the Amended Complaint.

12.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 12 of the Amended Complaint.

13.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 13 of the Amended Complaint.

14.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 14 of the Amended Complaint.

15.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 15 of the Amended Complaint.

16.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 16 of the Amended Complaint.

17.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 17 of the Amended Complaint.

18.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 18 of the Amended Complaint.

19.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 19 of the Amended Complaint.

20.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 20 of the Amended Complaint.

21.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 21 of the Amended Complaint.

22.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 22 of the Amended Complaint.

23.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 23 of the Amended Complaint.

24.     The averments of Paragraph 24 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 24 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 24 of the Amended Complaint.

25.     The averments of Paragraph 25 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 25 may

1    be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

2    each of the averments in Paragraph 25 of the Amended Complaint.

3         26.    The averments of Paragraph 26 of the Amended Complaint are not directed at the

4    Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 26 may

5    be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

6    each of the averments in Paragraph 26 of the Amended Complaint.

7         27.    The averments of Paragraph 27 of the Amended Complaint are not directed at the

8    Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 27 may

9    be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

10   each of the averments in Paragraph 27 of the Amended Complaint.

11        28.    The averments of Paragraph 28 of the Amended Complaint are not directed at the

12   Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 28 may

13   be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

14   each of the averments in Paragraph 28 of the Amended Complaint.

15        29.    The averments of Paragraph 29 of the Amended Complaint are not directed at the

16   Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 29 may

17   be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

18   each of the averments in Paragraph 29 of the Amended Complaint.

19        30.    The Hitachi defendants admit that Hitachi, Ltd. is a Japanese company with its

20   principal place of business at 6-6, Marunouchi 1-chome, Chiyoda-ku, Tokyo, 100-8280, Japan.

21   The Hitachi defendants deny the remainder of the averments of Paragraph 30 of the Amended

22   Complaint.

23        31.    The Hitachi defendants deny that Hitachi, Ltd. has its principal place of business at

24   AKS Building, 3 Kandaneribeicho 3, Chiyoda-ku, Tokyo, 101-0022, Japan, but admit that

25   Hitachi, Ltd. is a Japanese company.  The Hitachi defendants deny the remainder of the

26   averments of Paragraph 31 of the Amended Complaint.

27        32.    The Hitachi defendants deny the averments of Paragraph 32 of the Amended

28   Complaint.

1    33.    The Hitachi defendants deny the averments of Paragraph 33 of the Amended

2    Complaint.

3    34.    The Hitachi defendants deny the averments of Paragraph 34 of the Amended

4    Complaint.

5    35.    The Hitachi defendants deny, for want of information or belief, the averments in

6    the first sentence of Paragraph 35 of the Amended Complaint that "Defendant Shenzhen SEG

7    Hitachi Color Display Devices, Ltd.  ('Hitachi Shenzhen') is a Chinese company with its

8    principal place of business located at 5001 Huanggang Road, Futian District, Shenzhen 518035,

9    China."  To the extent the remaining averments in Paragraph 35 of the Amended Complaint are

10   directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it

11   pertains to the Hitachi defendants and, to the extent the averments do not pertain to the Hitachi

12   defendants, the Hitachi defendants deny, for want of information or belief, the averments in the

13   rest of Paragraph 35 of the Amended Complaint.

14   36.    The Hitachi defendants deny each of the averments of Paragraph 36 of the

15   Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

16   Paragraph 36 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

17   defendants deny, for want of information or belief, the averments of Paragraph 36 of the

18   Amended Complaint.

19   37.    The averments of Paragraph 37 of the Complaint are not directed at the Hitachi

20   defendants, and, therefore, no response is required.  To the extent that Paragraph 37 may be

21   deemed to require a response, the Hitachi defendants deny, for want of information or belief, each

22   of the averments in Paragraph 37 of the Amended Complaint.

23   38.    The averments of Paragraph 38 of the Complaint are not directed at the Hitachi

24   defendants, and, therefore, no response is required.  To the extent that Paragraph 38 may be

25   deemed to require a response, the Hitachi defendants deny, for want of information or belief, each

26   of the averments in Paragraph 38 of the Amended Complaint.

27   39.    The averments of Paragraph 39 of the Complaint are not directed at the Hitachi

28   defendants, and, therefore, no response is required.  To the extent that Paragraph 39 may be

1   deemed to require a response, the Hitachi defendants deny, for want of information or belief, each

2   of the averments in Paragraph 39 of the Amended Complaint.

3       40.    The averments of Paragraph 40 of the Complaint are not directed at the Hitachi

4   defendants, and, therefore, no response is required.  To the extent that Paragraph 40 may be

5   deemed to require a response, the Hitachi defendants deny, for want of information or belief, each

6   of the averments in Paragraph 40 of the Amended Complaint.

7       41.    The averments of Paragraph 41 of the Complaint are not directed at the Hitachi

8   defendants, and, therefore, no response is required.  To the extent that Paragraph 41 may be

9   deemed to require a response, the Hitachi defendants deny, for want of information or belief, each

10   of the averments in Paragraph 41 of the Amended Complaint.

11       42.    The averments of Paragraph 42 of the Amended Complaint are not directed at the

12   Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 42 may

13   be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

14   each of the averments in Paragraph 42 of the Amended Complaint.

15       43.    The averments of Paragraph 43 of the Amended Complaint are not directed at the

16   Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph  43 may

17   be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

18   each of the averments in Paragraph 43 of the Amended Complaint.

19       44.    The averments of Paragraph 44 of the Amended Complaint are not directed at the

20   Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 44 may

21   be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

22   each of the averments in Paragraph 44 of the Amended Complaint.

23       45.    The averments of Paragraph 45 of the Amended Complaint are not directed at the

24   Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 45 may

25   be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

26   each of the averments in Paragraph 45 of the Amended Complaint.

27       46.    The averments of Paragraph 46 of the Amended Complaint are not directed at the

28   Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 46 may

be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 46 of the Amended Complaint.

47.    The averments of Paragraph 47 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 47 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 47 of the Amended Complaint.

48.    The averments of Paragraph 48 of the Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 48 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 48 of the Amended Complaint.

49.    The averments of Paragraph 49 of the Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 49 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 49 of the Amended Complaint.

50.    The averments of Paragraph 50 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 50 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 50 of the Amended Complaint.

51.    The averments of Paragraph 51 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 51 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 51 of the Amended Complaint.

52.    The averments of Paragraph 52 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 52 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 52 of the Amended Complaint.

53.    The averments of Paragraph 53 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 53 may

be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 53 of the Amended Complaint.

54.     The averments of Paragraph 54 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 54 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 54 of the Amended Complaint.

55.     The averments of Paragraph 55 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 55 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 55 of the Amended Complaint.

56.     The averments of Paragraph 56 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 56 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 56 of the Amended Complaint.

57.     The averments of Paragraph 57 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 57 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 57 of the Amended Complaint.

58.     The averments of Paragraph 58 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 58 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 58 of the Amended Complaint.

59.     The averments of Paragraph 59 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 59 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 59 of the Amended Complaint.

60.     The averments of Paragraph 60 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 60 may

be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 60 of the Amended Complaint.

61.     The averments of Paragraph 61 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 61 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 61 of the Amended Complaint.

62.     The averments of Paragraph 62 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 62 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 62 of the Amended Complaint.

63.     The averments of Paragraph 63 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 63 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 63 of the Amended Complaint.

64.     The averments of Paragraph 64 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 64 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 64 of the Amended Complaint.

65.     The averments of Paragraph 65 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 65 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 65 of the Amended Complaint.

66.     The averments of Paragraph 66 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 66 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 66 of the Amended Complaint.

67.     The averments of Paragraph 67 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 67 may

1    be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

2    each of the averments in Paragraph 67 of the Amended Complaint.

3         68.    The averments of Paragraph 68 of the Amended Complaint are not directed at the

4    Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 68 may

5    be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

6    each of the averments in Paragraph 68 of the Amended Complaint.

7         69.    The averments of Paragraph 69 of the Amended Complaint are not directed at the

8    Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 69 may

9    be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

10   each of the averments in Paragraph 69 of the Amended Complaint.

11        70.    The averments of Paragraph 70 of the Amended Complaint are not directed at the

12   Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 70 may

13   be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

14   each of the averments in Paragraph 70 of the Amended Complaint.

15        71.    The averments of Paragraph 71 of the Amended Complaint are not directed at the

16   Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 71 may

17   be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

18   each of the averments in Paragraph 71 of the Amended Complaint.

19        72.    The averments of Paragraph 72 of the Amended Complaint are not directed at the

20   Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 72 may

21   be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

22   each of the averments in Paragraph 72 of the Amended Complaint.

23        73.    The averments of Paragraph 73 of the Amended Complaint are not directed at the

24   Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 73 may

25   be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

26   each of the averments in Paragraph 73 of the Amended Complaint.

27        74.    The averments of Paragraph 74 of the Amended Complaint are not directed at the

28   Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 74 may

1  be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

2  each of the averments in Paragraph 74 of the Amended Complaint.

3        75.    The averments of Paragraph 75 of the Amended Complaint are not directed at the

4  Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 75 may

5  be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

6  each of the averments in Paragraph 75 of the Amended Complaint.

7        76.    The averments of Paragraph 76 of the Amended Complaint are not directed at the

8  Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 76 may

9  be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

10  each of the averments in Paragraph 76 of the Amended Complaint.

11        77.    The averments of Paragraph 77 of the Amended Complaint are not directed at the

12  Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 77 may

13  be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

14  each of the averments in Paragraph 77 of the Amended Complaint.

15        78.    The averments of Paragraph 78 of the Amended Complaint are not directed at the

16  Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 78 may

17  be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

18  each of the averments in Paragraph 78 of the Amended Complaint.

19        79.    The averments of Paragraph 79 of the Amended Complaint are not directed at the

20  Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 79 may

21  be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

22  each of the averments in Paragraph 79 of the Amended Complaint.

23        80.    The averments of Paragraph 80 of the Amended Complaint are not directed at the

24  Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 80 may

25  be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

26  each of the averments in Paragraph 80 of the Amended Complaint.

27        81.    The Hitachi defendants deny, for want of information or belief, each of the

28  averments in Paragraph 81 of the Amended Complaint.

82.     The averments of Paragraph 82 of the Amended Complaint appear to be definitional only and not ones calling for any response.  Additionally, the averments of Paragraph 82 of the Amended Complaint consist of conclusions of law to which no response is required.

83.     The averments of Paragraph 83 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 83 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 83 of the Amended Complaint.

84.     The averments of Paragraph 84 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 84 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 84 of the Amended Complaint.  The Hitachi defendants deny each of the averments of Paragraph 84 of the Amended Complaint as it pertains to the Hitachi defendants.

85.     The averments of Paragraph 85 of the Amended Complaint appear to be definitional only, and not ones calling for any response.  Additionally, the averments of Paragraph 85 of the Amended Complaint consist of conclusions of law to which no response is required.  The Hitachi defendants deny that this action is appropriate for class certification.

86.     The averments of Paragraph 86 of the Amended Complaint appear to be definitional only, and not ones calling for any response.  Additionally, the averments of Paragraph 86 of the Amended Complaint consist of conclusions of law to which no response is required.  The Hitachi defendants deny that this action is appropriate for class certification.

87.     To the extent the first sentence of Paragraph 87 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, the averments of the first sentence of Paragraph 87.  The remaining averments of Paragraph 87 of the Amended Complaint consist of conclusions of law to which no response is required.  The Hitachi defendants deny that this action is appropriate for class certification.

88.     The averments of Paragraph 88 of the Amended Complaint consist of conclusions of law to which no response is required.  The Hitachi defendants deny that this action is appropriate for class certification.

1    89.    The averments, including each subpart, of Paragraph 89 of the Amended

2    Complaint consist of conclusions of law to which no response is required.  To the extent that

3    Paragraph 89 may be deemed to require a response, the Hitachi defendants deny, for want of

4    information and belief, each of the averments of Paragraph 89 of the Amended Complaint.  The

5    Hitachi defendants deny that this action is appropriate for class certification.

6    90.    The averments of Paragraph 90 of the Amended Complaint consist of conclusions

7    of law to which no response is required.  The Hitachi defendants deny that this action is

8    appropriate for class certification.

9    91.    The averments of Paragraph 91 of the Amended Complaint consist of conclusions

10   of law to which no response is required.  To the extent that Paragraph 91 may be deemed to

11   require a response, the Hitachi defendants deny each of the averments of Paragraph 91 of the

12   Amended Complaint as it pertains to the Hitachi defendants.  The Hitachi defendants deny that

13   this action is appropriate for class certification.

14   92.    The averments of Paragraph 92 of the Amended Complaint consist of conclusions

15   of law to which no response is required.  To the extent that Paragraph 92 may be deemed to

16   require a response, the Hitachi defendants deny, for want of information or belief, each of the

17   averments of Paragraph 92 of the Amended Complaint.  The Hitachi defendants deny that this

18   action is appropriate for class certification.

19   93.    The averments of Paragraph 93 of the Amended Complaint consist of conclusions

20   of law to which no response is required.  To the extent that Paragraph 91 may be deemed to

21   require a response, the Hitachi defendants deny each of the averments of Paragraph 91 of the

22   Amended Complaint as it pertains to the Hitachi defendants.  The Hitachi defendants deny that

23   this action is appropriate for class certification.

24   94.    The averments of Paragraph 94 of the Amended Complaint consist of conclusions

25   of law to which no response is required.  The Hitachi defendants deny that this action is

26   appropriate for class certification.

27   95.    The averments of Paragraph 95 of the Amended Complaint consist of conclusions

28   of law to which no response is required.  The Hitachi defendants deny that this action is

appropriate for class certification.

96.     The averments of Paragraph 96 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 94 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 96 of the Amended Complaint.  The Hitachi defendants deny that this action is appropriate for class certification.

97.     The Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 97 of the Amended Complaint.  To the extent that Paragraph 97 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 97 of the Amended Complaint as it pertains to the Hitachi defendants.

98.     The averments of Paragraph 98 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 98 may be deemed to require a response, the Hitachi defendants deny, for want of information, each of the averments of Paragraph 98 of the Amended Complaint.

99.     The averments of Paragraph 99, and each subpart therein, of the Amended Complaint appear to be definitional only, and not ones calling for any response.  To the extent that Paragraph 99 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 99 of the Amended Complaint.

100.     The averments of Paragraph 100 of the Amended Complaint appear to be definitional only, and not ones calling for any response.  To the extent that Paragraph 100 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 100 of the Amended Complaint.

101.     The averments of Paragraph 101 of the Amended Complaint appear to be definitional only, and not ones calling for any response.  To the extent that Paragraph 101 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 101 of the Amended Complaint.

102.     The averments of Paragraph 102 of the Amended Complaint appear to be definitional only, and not ones calling for any response.  To the extent that Paragraph 102 may be

1    deemed to require a response, the Hitachi defendants deny, for want of information or belief, each

2    of the averments of Paragraph 102 of the Amended Complaint.

3           103.    The averments of Paragraph 103 of the Amended Complaint appear to be

4    definitional only, and not ones calling for any response.  To the extent that Paragraph 103 may be

5    deemed to require a response, the Hitachi defendants deny, for want of information or belief, each

6    of the averments of Paragraph 103 of the Amended Complaint.

7           104.    The averments of Paragraph 104 of the Amended Complaint appear to be

8    definitional only, and not ones calling for any response.  To the extent Paragraph 104 may be

9    deemed to require a response, the Hitachi defendants deny, for want of information or belief, each

10   of the averments in Paragraph 104 of the Amended Complaint.  Additionally, the averments in the

11   third sentence of Paragraph 104 of the Amended Complaint purport to be derived from a Standard

12   Resources, Inc. report, which speaks for itself.

13          105.    The averments of Paragraph 105 of the Amended Complaint appear to be

14   definitional only, and not ones calling for any response.  To the extent Paragraph 105 may be

15   deemed to require a response, the Hitachi defendants deny, for want of information or belief, the

16   averments of Paragraph 105 of the Amended Complaint.

17          106.    The Hitachi defendants deny, for want of information or belief, the averments in

18   Paragraph 106 of the Amended Complaint.

19          107.    The Hitachi defendants deny, for want of information or belief, each of the

20   averments of Paragraph 107 of the Amended Complaint.

21          108.    The Hitachi defendants deny, for want of information or belief, each of the

22   averments in Paragraph 108 of the Amended Complaint.  Additionally, the averments in the third

23   sentence of Paragraph 108 appear to be derived from an unidentified iSuppli Corp. document,

24   which speaks for itself.

25          109.    The Hitachi defendants deny, for want of information or belief, the averments of

26   Paragraph 109 of the Amended Complaint.  Additionally, the averments in the third sentence of

27   Paragraph 109 appear to be derived from an unidentified iSuppli Corp. document, which speaks

28   for itself.

THE HITACHI DEFENDANTS' ANSWER TO THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

110.    The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 110 of the Amended Complaint.  Additionally, the averments in the sixth sentence of Paragraph 110 appear to be derived from an unidentified DisplaySearch Inc. document, which speaks for itself.

111.    The Hitachi defendants deny, for want of information or belief, the averments in the first sentence of Paragraph 111 of the Amended Complaint.  Additionally, the averments in the first sentence of Paragraph 111 of the Amended Complaint appear to be derived from an unidentified DisplaySearch Inc. document, which speaks for itself.  To the extent the averments in first sentence of Paragraph 111 may be deemed to require a response, the Hitachi defendants deny the remainder of the averments of Paragraph 111 of the Amended Complaint as they pertain to the Hitachi defendants.  To the extent the remainder of Paragraph 111 of the Amended Complaint does not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the remainder of Paragraph 111 of the Amended Complaint.

112.    The Hitachi defendants deny, for want of information or belief, the averments of Paragraph 112 of the Amended Complaint.  To the extent the averments of Paragraph 112 are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of Paragraph 112 of the Amended Complaint as it pertains to the Hitachi defendants.

113.    The Hitachi defendants deny, for want of information or belief, the averments of Paragraph 113 of the Amended Complaint.

114.    The Hitachi defendants deny, for want of information or belief, the averments of Paragraph 114 of the Amended Complaint.  To the extent the averments of Paragraph 114 of the Amended Complaint are directed to the Hitachi defendants, the Hitachi defendants deny each of the averments in Paragraph 114 of the Amended Complaint.

115.    The Hitachi defendants deny, for want of information or belief, the averments of Paragraph 115 of the Amended Complaint.

116.    The Hitachi defendants deny, for want of information or belief, the averments of Paragraph 116 of the Amended Complaint.

117.    The averments of Paragraph 117 of the Amended Complaint are not directed at the

1   Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

2   want of information or belief, the averments of Paragraph 117 of the Amended Complaint.

3         118.    The Hitachi defendants deny the averments of Paragraph 118 of the Amended

4   Complaint, but admit that in 2000 LG Electronics, Inc. and Hitachi, Ltd. entered into an

5   agreement to establish a joint venture company for the development, design and marketing of

6   optical disk drives.

7         119.    The averments of Paragraph 119 of the Amended Complaint are not directed at the

8   Hitachi defendants and, therefore, no response is required.  The Hitachi defendants deny, for want

9   of information or belief, the averments of Paragraph 119 of the Amended Complaint.

10        120.    The averments of Paragraph 120 of the Amended Complaint are not directed at the

11  Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

12  want of information or belief, the averments of Paragraph 120 of the Amended Complaint.

13        121.    The averments of Paragraph 121 of the Amended Complaint are not directed at the

14  Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

15  want of information or belief, the averments of Paragraph 121 of the Amended Complaint.

16        122.    The Hitachi defendants deny, for want of information or belief, the averments in

17  the first sentence of Paragraph 122.  To the extent the averments in the second sentence of

18  Paragraph 122 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi

19  defendants deny each of the averments as it pertains to the Hitachi defendants and, to the extent

20  the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of

21  information or belief, the averments in the second sentence of Paragraph 122 of the Amended

22  Complaint.

23        123.    The Hitachi defendants deny, for want of information or belief, each of the

24  averments of Paragraph 123 of the Amended Complaint.

25        124.    The Hitachi defendants deny, for want of information or belief, the averments in

26  the first seven sentences of Paragraph 124 of the Amended Complaint.  The averments of the

27  eighth sentence of Paragraph 124 of the Amended Complaint purport to be derived from a March

28  10, 2009 announcement by the United States Department of Justice and thus no response is

1   required.  To the extent that the eighth sentence of Paragraph 124 of the Amended Complaint may

2   be deemed to require a response, the Hitachi defendants respond that the DOJ announcement

3   speaks for itself and deny each of the averments in the eighth sentence of Paragraph 124 of the

4   Amended Complaint, except admit that on May 22, 2009, Hitachi Displays, Ltd. entered into a

5   plea agreement and paid a $31 million fine in connection with allegations that it participated in a

6   conspiracy to fix the prices of TFT-LCD panels sold to Dell, Inc. for use in notebook computers

7   from April 1, 2001, through March 31, 2004.

8         125.    The Hitachi defendants deny, for want of information or belief, the averments of

9   Paragraph 125 of the Amended Complaint to the extent they relate to defendants other than the

10   Hitachi defendants with the exception of matters specifically alleged herein.  To the extent the

11   averments of Paragraph 125 of the Amended Complaint are directed at the Hitachi defendants, the

12   Hitachi defendants deny each of the averments as it pertains to the Hitachi defendants with the

13   exception of matters specifically admitted herein.  The Hitachi defendants admit that government

14   authorities revealed the existence of investigations into the CRT industry, the details of which are

15   matters of public record.

16         126.    The averments of Paragraph 126 of the Amended Complaint are not directed at the

17   Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

18   want of information or belief, the averments of Paragraph 126 of the Amended Complaint to the

19   extent they relate to defendants other than the Hitachi defendants with the exception of matters

20   specifically alleged herein.  To the extent the averments of Paragraph 126 of the Amended

21   Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the

22   averments as it pertains to the Hitachi defendants with the exception of matters specifically

23   admitted herein.  The Hitachi defendants admit that, C.Y. Lin of Chunghwa PT was indicted, the

24   details of which are matters of public record.

25         127.    The Hitachi defendants deny, for want of information or belief, each of the

26   averments of Paragraph 127 of the Amended Complaint.

27         128.    The Hitachi defendants deny, for want of information or belief, the averments in

28   the first sentence of Paragraph 128.  The statements in the second sentence of Paragraph 128

1   purport to quote from a press release issued by the European Commission, which speaks for itself,

2   and, therefore, no response is required.  To the extent that the averments in the second sentence of

3   Paragraph 128 may be deemed to require a response, the Hitachi defendants deny, for want of

4   information or belief, the averments in the second sentence of Paragraph 128 of the Amended

5   Complaint.

6        129.    The averments of Paragraph 129 of the Amended Complaint are not directed at the

7   Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

8   want of information or belief, the averments of Paragraph 129 of the Amended Complaint.

9        130.    The averments of Paragraph 130 of the Amended Complaint are not directed at the

10   Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

11   want of information or belief, the averments of Paragraph 130 of the Amended Complaint.

12        131.    The averments of Paragraph 131 of the Amended Complaint are not directed at the

13   Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

14   want of information or belief, the averments of Paragraph 131 of the Amended Complaint.

15        132.    The averments in the first sentence of Paragraph 132 of the Amended Complaint

16   are not directed at the Hitachi defendants, and, therefore, no response is required.  The Hitachi

17   defendants deny, for want of information or belief, the averments in Paragraph 132 of the

18   Amended Complaint.  The averments in the second sentence of Paragraph 132 of the Amended

19   Complaint purport to quote from an *International Herald Tribune* article, which speaks for itself.

20        133.    The averments of Paragraph 133 of the Amended Complaint are not directed at the

21   Hitachi defendants, and, therefore, no response is required.  To the extent the averments of

22   Paragraph 133 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi

23   defendants deny each of the averments as it pertains to the Hitachi defendants, and, to the extent

24   the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of

25   information or belief, the averments of Paragraph 133 of the Amended Complaint.

26        134.    The Hitachi defendants deny each of the averments of Paragraph 134 of the

27   Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

28   Paragraph 134 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

1    defendants deny, for want of information or belief, the averments of Paragraph 134 of the

2    Amended Complaint.

3         135.    The Hitachi defendants deny each of the averments of Paragraph 135 of the

4    Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

5    Paragraph 135 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

6    defendants deny, for want of information or belief, the averments of Paragraph 135 of the

7    Amended Complaint.

8         136.    The Hitachi defendants deny each of the averments of Paragraph 136 of the

9    Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

10   Paragraph 136 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

11   defendants deny, for want of information or belief, the averments of Paragraph 136 of the

12   Amended Complaint.

13        137.    The Hitachi defendants deny each of the averments of Paragraph 137 of the

14   Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

15   Paragraph 137 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

16   defendants deny, for want of information or belief, the averments of Paragraph 137 of the

17   Amended Complaint.

18        138.    The Hitachi defendants deny each of the averments of Paragraph 138 of the

19   Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

20   Paragraph 138 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

21   defendants deny, for want of information or belief, the averments of Paragraph 138 of the

22   Amended Complaint.

23        139.    The averments of Paragraph 139 of the Amended Complaint consist of conclusions

24   of law to which no response is required.  To the extent that Paragraph 139 may be deemed to

25   require a response, the Hitachi defendants deny each of the averments of Paragraph 139 of the

26   Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

27   Paragraph 139 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

28   defendants deny, for want of information or belief, the averments of Paragraph 139 of the

1    Amended Complaint.

2        140.    To the extent the averments of Paragraph 140 of the Amended Complaint are

3    directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of

4    Paragraph 140 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent

5    the averments of Paragraph 140 of the Amended Complaint do not pertain to the Hitachi

6    defendants, the Hitachi defendants deny, for want of information or belief, the averments of

7    Paragraph 140 of the Amended Complaint.

8        141.    To the extent the averments of Paragraph 141 of the Amended Complaint are

9    directed at the Hitachi defendants, the Hitachi defendants deny each of the averments, including

10   all subparts, of Paragraph 141 as it pertains to the Hitachi defendants.  To the extent the

11   averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of

12   information or belief, the averments of Paragraph 141 of the Amended Complaint.

13       142.    To the extent the averments of Paragraph 142 of the Amended Complaint are

14   directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it

15   pertains to the Hitachi defendants.  To the extent the averments do not pertain to the Hitachi

16   defendants, the Hitachi defendants deny, for want of information or belief, the averments of

17   Paragraph 142 of the Amended Complaint.

18       143.    To the extent the averments of Paragraph 143 of the Amended Complaint are

19   directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it

20   pertains to the Hitachi defendants.  To the extent the averments do not pertain to the Hitachi

21   defendants, the Hitachi defendants deny, for want of information or belief, the averments of

22   Paragraph 143 of the Amended Complaint.

23       144.    To the extent the averments of Paragraph 144 of the Amended Complaint are

24   directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it

25   pertains to the Hitachi defendants.  To the extent the averments do not pertain to the Hitachi

26   defendants, the Hitachi defendants deny, for want of information or belief, the averments of

27   Paragraph 144 of the Amended Complaint.

28       145.    To the extent the averments of Paragraph 145 of the Amended Complaint are

1   directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it

2   pertains to the Hitachi defendants.  To the extent the averments do not pertain to the Hitachi

3   defendants, the Hitachi defendants deny, for want of information or belief, the averments of

4   Paragraph 145 of the Amended Complaint.

5          146.    To the extent the averments of Paragraph 146 of the Amended Complaint are

6   directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it

7   pertains to the Hitachi defendants.  To the extent the averments do not pertain to the Hitachi

8   defendants, the Hitachi defendants deny, for want of information or belief, the averments of

9   Paragraph 146 of the Amended Complaint.

10          147.    To the extent the averments of Paragraph 147 of the Amended Complaint are

11   directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it

12   pertains to the Hitachi defendants.  To the extent the averments do not pertain to the Hitachi

13   defendants, the Hitachi defendants deny, for want of information or belief, the averments of

14   Paragraph 147 of the Amended Complaint.

15          148.    To the extent the averments of Paragraph 148 of the Amended Complaint are

16   directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it

17   pertains to the Hitachi defendants.  To the extent the averments do not pertain to the Hitachi

18   defendants, the Hitachi defendants deny, for want of information or belief, the averments of

19   Paragraph 148 of the Amended Complaint.

20          149.    To the extent the averments of Paragraph 149 of the Amended Complaint are

21   directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it

22   pertains to the Hitachi defendants.  To the extent the averments do not pertain to the Hitachi

23   defendants, the Hitachi defendants deny, for want of information or belief, the averments of

24   Paragraph 149 of the Amended Complaint.

25          150.    To the extent the averments of Paragraph 150 of the Amended Complaint are

26   directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it

27   pertains to the Hitachi defendants.  To the extent the averments do not pertain to the Hitachi

28   defendants, the Hitachi defendants deny, for want of information or belief, the averments of

1   Paragraph 150 of the Amended Complaint.

2        151.    To the extent the averments of Paragraph 151 of the Amended Complaint are

3   directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it

4   pertains to the Hitachi defendants.  To the extent the averments do not pertain to the Hitachi

5   defendants, the Hitachi defendants deny, for want of information or belief, the averments of

6   Paragraph 151 of the Amended Complaint.

7        152.    To the extent the averments of Paragraph 152 of the Amended Complaint are

8   directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it

9   pertains to the Hitachi defendants.  To the extent the averments do not pertain to the Hitachi

10  defendants, the Hitachi defendants deny, for want of information or belief, the averments of

11  Paragraph 152 of the Amended Complaint.

12       153.    To the extent the averments of Paragraph 153 of the Amended Complaint are

13  directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it

14  pertains to the Hitachi defendants.  To the extent the averments do not pertain to the Hitachi

15  defendants, the Hitachi defendants deny, for want of information or belief, the averments of

16  Paragraph 153 of the Amended Complaint.

17       154.    The averments of the first sentence of Paragraph 154 of the Amended Complaint

18  appear to be definitional only, and not ones calling for any response.  To the extent the remaining

19  averments of Paragraph 154 of the Amended Complaint are directed at the Hitachi defendants, the

20  Hitachi defendants deny each of the remaining averments as it pertains to the Hitachi defendants.

21  To the extent the remaining averments do not pertain to the Hitachi defendants, the Hitachi

22  defendants deny, for want of information or belief, the remaining averments of Paragraph 154 of

23  the Amended Complaint.

24       155.    The averments of Paragraph 155 of the Amended Complaint are not directed at the

25  Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

26  want of information or belief, the averments of Paragraph 155 of the Amended Complaint.

27       156.    The averments of Paragraph 156 of the Amended Complaint are not directed at the

28  Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

1    want of information or belief, the averments of Paragraph 156 of the Amended Complaint.

2          157.    The Hitachi defendants deny each of the averments in Paragraph 157 of the

3    Amended Complaint.

4          158.    The Hitachi defendants deny each of the averments in Paragraph 158 of the

5    Amended Complaint.

6          159.    The averments of Paragraph 159 of the Amended Complaint are not directed at the

7    Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

8    want of information or belief, the averments of Paragraph 159 of the Amended Complaint.

9          160.    The averments of Paragraph 160 of the Amended Complaint are not directed at the

10    Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

11    want of information or belief, the averments of Paragraph 160 of the Amended Complaint.

12          161.    The averments of Paragraph 161 of the Amended Complaint are not directed at the

13    Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

14    want of information or belief, the averments of Paragraph 161 of the Amended Complaint.

15          162.    The averments of Paragraph 162 of the Amended Complaint are not directed at the

16    Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

17    want of information or belief, the averments of Paragraph 162 of the Amended Complaint.

18          163.    The averments of Paragraph 163 of the Amended Complaint are not directed at the

19    Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

20    want of information or belief, the averments of Paragraph 163 of the Amended Complaint.

21          164.    The averments of Paragraph 164 of the Amended Complaint are not directed at the

22    Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

23    want of information or belief, the averments of Paragraph 164 of the Amended Complaint.

24          165.    The averments of Paragraph 165 of the Amended Complaint are not directed at the

25    Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

26    want of information or belief, the averments of Paragraph 165 of the Amended Complaint.

27          166.    The averments of Paragraph 166 of the Amended Complaint are not directed at the

28    Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

1    want of information or belief, the averments of Paragraph 166 of the Amended Complaint.

2        167.    The averments of Paragraph 167 of the Amended Complaint are not directed at the

3    Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

4    want of information or belief, the averments of Paragraph 167 of the Amended Complaint.

5        168.    The averments of Paragraph 168 of the Amended Complaint are not directed at the

6    Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

7    want of information or belief, the averments of Paragraph 168 of the Amended Complaint.

8        169.    The averments of Paragraph 169 of the Amended Complaint are not directed at the

9    Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

10   want of information or belief, the averments of Paragraph 169 of the Amended Complaint.

11       170.    The averments of Paragraph 170 of the Amended Complaint are not directed at the

12   Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

13   want of information or belief, the averments of Paragraph 170 of the Amended Complaint.

14       171.    The averments of Paragraph 171 of the Amended Complaint are not directed at the

15   Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

16   want of information or belief, the averments of Paragraph 171 of the Amended Complaint.

17       172.    The averments of Paragraph 172 of the Amended Complaint are not directed at the

18   Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

19   want of information or belief, the averments of Paragraph 172 of the Amended Complaint.

20       173.    The averments of Paragraph 173 of the Amended Complaint are not directed at the

21   Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

22   want of information or belief, the averments of Paragraph 173 of the Amended Complaint.

23       174.    The averments of Paragraph 174 of the Amended Complaint are not directed at the

24   Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

25   want of information or belief, the averments of Paragraph 174 of the Amended Complaint.

26       175.    The averments of Paragraph 175 of the Amended Complaint are not directed at the

27   Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for

28   want of information or belief, the averments of Paragraph 175 of the Amended Complaint.

176.    The Hitachi defendants deny, for want of information or belief, the averments in the first, second, third, fourth, and sixth sentences of Paragraph 176 of the Amended Complaint, except admit, on information and belief, that the trade associations identified in the averments of Paragraph 176 exist.  The averments in the fifth sentence of Paragraph 176 of the Amended Complaint purport to quote EDIRAK's goal, which speaks for itself, and thus no response is required.  To the extent that the fifth sentence of Paragraph 176 may be deemed to require a response, the Hitachi defendants respond that EDIRAK's goal speaks for itself and deny, for want of information or belief, the averments in the fifth sentence of Paragraph 176 of the Amended Complaint.  The averments in the seventh sentence of Paragraph 176 of the Amended Complaint purport to quote from the Chairman of USDC's governing board, Malcolm Thompson, which speaks for itself, and thus no response is required.  To the extent the seventh sentence of Paragraph 176 may be deemed to require a response, the Hitachi defendants respond that the Chairman's quote speaks for itself and deny, for want of information or belief, the averments in the seventh sentence of Paragraph 176 of the Amended Complaint.

177.    The Hitachi defendants deny, for want of information or belief, the averments of Paragraph 177 of the Amended Complaint.

178.    The Hitachi defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 178 of the Amended Complaint.  The averments in the second sentence of Paragraph 178 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent the averments in the second sentence of Paragraph 178 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it pertains to the Hitachi defendants and, to the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments in the second sentence of Paragraph 178 of the Amended Complaint.  The Hitachi defendants deny, for want of information or belief, the averments of the third sentence of Paragraph 178 of the Amended Complaint.

179.    The Hitachi defendants deny each of the averments of Paragraph 179 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

Paragraph 179 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 179 of the Amended Complaint.

180.    The Hitachi defendants deny each of the averments of Paragraph 180 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 180 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 180 of the Amended Complaint.

181.    The Hitachi defendants deny each of the averments of Paragraph 181 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 181 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 181 of the Amended Complaint.

182.    The averments in the first sentence of Paragraph 182 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 182 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 182 of the Amended Complaint.

183.    The averments of Paragraph 183 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 183 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 183 of the Amended Complaint.

184.    The averments of Paragraph 184 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 184 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 184 of the Amended Complaint.

185.    The averments of Paragraph 185 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 185 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

1    each of the averments of Paragraph 185 of the Amended Complaint.

2            186.    The averments of Paragraph 186 of the Amended Complaint are not directed at the

3    Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 186 may

4    be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

5    each of the averments of Paragraph 186 of the Amended Complaint.

6            187.    The averments of Paragraph 187 of the Amended Complaint are not directed at the

7    Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 187 may

8    be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

9    each of the averments of Paragraph 187 of the Amended Complaint.

10           188.    The Hitachi defendants deny, for want of information or belief, each of the

11   averments in the first and fourth sentences of Paragraph 188 of the Amended Complaint.  The

12   remainder of the averments of Paragraph 188 purport to be derived from industry analysts, and

13   thus no response is required.  To the extent that the remainder of the averments of Paragraph 188

14   may be deemed to require a response, the statements of the industry analysts speak for

15   themselves.

16           189.    The statements of the industry analysts speak for themselves and the Hitachi

17   defendants deny, for want of information or belief, the averments of Paragraph 189.

18           190.    The Hitachi defendants deny, for want of information or belief, each of the

19   averments of Paragraph 190 of the Amended Complaint.

20           191.    The averments in the first and second sentences of Paragraph 191 of the Amended

21   Complaint purport to quote and/or be derived from a CNET News.com article, and thus no

22   response is required.  To the extent that the first and second sentences of Paragraph 191 may be

23   deemed to require a response, the Hitachi defendants respond that the CNET News.com article

24   speaks for itself and deny, for want of information or belief, the averments in the first and second

25   sentences of Paragraph 191 of the Amended Complaint.  The Hitachi defendants deny, for want

26   of information or belief, the remainder of the averments of Paragraph 191 of the Amended

27   Complaint.

28           192.    The Hitachi defendants deny, for want of information or belief, each of the

1    averments of the first sentence of Paragraph 192.  The remaining averments of Paragraph 192

2    purport to quote from an unidentified speaker at Asia Display 1998, and thus no response is

3    required.  To the extent the remainder of the averments of Paragraph 192 may deemed to require

4    a response, the Hitachi defendants respond that the quote speaks for itself and the Hitachi

5    defendants deny, for want of information or belief, the remainder of the averments of Paragraph

6    192 of the Amended Complaint.

7           193.    The Hitachi defendants deny, for want of information or belief, each of the

8    averments in the first and second sentences of Paragraph 193 of the Amended Complaint.  The

9    Hitachi defendants deny the remainder of the averments of Paragraph 193 of the Amended

10   Complaint.

11          194.    The Hitachi defendants deny, for want of information or belief, each of the

12   averments in the first sentence of Paragraph 194 of the Amended Complaint.  The remainder of

13   the averments of Paragraph 194 purports to be derived from industry analysts and thus no

14   response is required.  To the extent that the remainder of Paragraph 194 may be deemed to

15   require a response, the statement of the industry analysts speaks for itself and the Hitachi

16   defendants deny, for want of information or belief, the remainder of the averments of Paragraph

17   194 of the Amended Complaint.

18          195.    The Hitachi defendants deny, for want of information or belief, the averments of

19   Paragraph 195 of the Amended Complaint.

20          196.    The Hitachi defendants deny, for want of information or belief, each of the

21   averments in the first and second sentences of Paragraph 196 of the Amended Complaint.  The

22   remainder of the averments of Paragraph 196 purports to quote from the President of Skyworth

23   Macao Commercial Off Shore Co., Ltd., Finsen Yu, and thus no response is required.  To the

24   extent that the remainder of Paragraph 196 may be deemed to require a response, the statement of

25   the President of Skyworth Macao Commercial Off Shore Co., Ltd. speaks for itself and the

26   Hitachi defendants deny, for want of information or belief, the remainder of the averments of

27   Paragraph 196 of the Amended Complaint.

28          197.    The Hitachi defendants deny, for want of information or belief, each of the

1  averments in the first sentence of Paragraph 197 of the Amended Complaint.  The Hitachi

2  defendants deny the remainder of the averments of Paragraph 197 of the Amended Complaint.

3      198.    The averments of Paragraph 198 of the Amended Complaint consist of conclusions

4  of law to which no response is required.  To the extent that Paragraph 198 may be deemed to

5  require a response, the Hitachi defendants deny, for want of information or belief, each of the

6  averments of Paragraph 198 of the Amended Complaint.

7      199.    The averments of Paragraph 199 of the Amended Complaint consist of conclusions

8  of law to which no response is required.  To the extent that Paragraph 199 may be deemed to

9  require a response, the Hitachi defendants deny, for want of information or belief, each of the

10  averments of Paragraph 199 of the Amended Complaint.

11      200.    The averments of Paragraph 200 of the Amended Complaint consist of conclusions

12  of law to which no response is required.  To the extent that Paragraph 200 may be deemed to

13  require a response, the Hitachi defendants deny, for want of information or belief, each of the

14  averments of Paragraph 200 of the Amended Complaint.

15      201.    The averments of Paragraph 201 of the Amended Complaint consist of conclusions

16  of law to which no response is required.  To the extent that Paragraph 201 may be deemed to

17  require a response, the Hitachi defendants deny, for want of information or belief, each of the

18  averments of Paragraph 201 of the Amended Complaint.

19      202.    The averments of Paragraph 202 of the Amended Complaint consist of conclusions

20  of law to which no response is required.  To the extent that Paragraph 202 may be deemed to

21  require a response, the Hitachi defendants deny for want of information or belief, each of the

22  averments of Paragraph 202 of the Amended Complaint.

23      203.    The averments of Paragraph 203 of the Amended Complaint consist of conclusions

24  of law to which no response is required.  To the extent that Paragraph 203 may be deemed to

25  require a response, the Hitachi defendants deny, for want of information or belief, each of the

26  averments of Paragraph 203 of the Amended Complaint.

27      204.    The averments of Paragraph 204 of the Amended Complaint consist of conclusions

28  of law to which no response is required.  To the extent that Paragraph 204 may be deemed to

1   require a response, the Hitachi defendants deny, for want of information or belief, each of the

2   averments of Paragraph 204 of the Amended Complaint.

3         205.    The Hitachi defendants deny each of the averments of Paragraph 205 of the

4   Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

5   Paragraph 205 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

6   defendants deny, for want of information or belief, the averments of Paragraph 205 of the

7   Amended Complaint.

8         206.    The Hitachi defendants deny each of the averments of Paragraph 206 of the

9   Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

10  Paragraph 206 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

11  defendants deny, for want of information or belief, the averments of Paragraph 206 of the

12  Amended Complaint.

13        207.    The Hitachi defendants deny each of the averments of Paragraph 207 of the

14  Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

15  Paragraph 207 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

16  defendants deny, for want of information or belief, the averments of Paragraph 207 of the

17  Amended Complaint.

18        208.    The Hitachi defendants deny each of the averments of Paragraph 208 of the

19  Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

20  Paragraph 208 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

21  defendants deny, for want of information or belief, the averments of Paragraph 208 of the

22  Amended Complaint.

23        209.    The averments of Paragraph 209 of the Amended Complaint are not directed at the

24  Hitachi defendants, and, therefore, no response is required.  To the extent the averments of

25  Paragraph 209 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi

26  defendants deny each of the averments as it pertains to the Hitachi defendants.  To the extent the

27  averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of

28  information or belief, the averments of Paragraph 209 of the Amended Complaint.

210.     The averments of Paragraph 210 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent the averments of Paragraph 210 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it pertains to the Hitachi defendants.  To the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 210 of the Amended Complaint.

211.     The averments of Paragraph 211 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 211 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 211 of the Amended Complaint.

212.     The averments of Paragraph 212 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 212 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 212 of the Amended Complaint.

213.     Answering the averments of Paragraph 213 of the Amended Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 212 of the Amended Complaint.

214.     The averments of Paragraph 214 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 214 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 214.

215.     The averments of Paragraph 215 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 215 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 215.

216.     The averments of Paragraph 216 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 216 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 216.

217.     The Hitachi defendants deny each of the averments of Paragraph 217 of the

1   Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

2   Paragraph 217 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

3   defendants deny, for want of information or belief, the averments of Paragraph 217 of the

4   Amended Complaint.

5       218.    The averments of Paragraph 218 of the Amended Complaint consist of conclusions

6   of law to which no response is required.  To the extent that Paragraph 218 may be deemed to

7   require a response, the Hitachi defendants deny each of the averments of Paragraph 218.

8       219.    The averments of Paragraph 219 of the Amended Complaint consist of conclusions

9   of law to which no response is required.  To the extent that Paragraph 219 may be deemed to

10  require a response, the Hitachi defendants deny each of the averments of Paragraph 219.

11      220.    The averments, including all subparts, of Paragraph 220 of the Amended

12  Complaint consist of conclusions of law to which no response is required.  To the extent that

13  Paragraph 220 may be deemed to require a response, the Hitachi defendants deny, for want of

14  information or belief, each of the averments of Paragraph 220.

15      221.    The averments of Paragraph 221 of the Amended Complaint consist of conclusions

16  of law to which no response is required.  To the extent that Paragraph 221 may be deemed to

17  require a response, the Hitachi defendants deny each of the averments of Paragraph 221.

18      222.    The averments of Paragraph 222 of the Amended Complaint consist of conclusions

19  of law to which no response is required.  To the extent that Paragraph 222 may be deemed to

20  require a response, the Hitachi defendants deny each of the averments of Paragraph 222.

21  **PLAINTIFFS' PRAYER FOR RELIEF**

22      The Hitachi defendants deny each of the averments of Paragraphs A through G of

23  plaintiffs' Prayer for Relief in the Amended Complaint, and aver that neither plaintiffs nor the

24  class plaintiffs purport to represent are entitled to any relief of any kind for or as against any of

25  the Hitachi defendants.

26  **JURY DEMAND**

27      To the extent any response is required to the plaintiffs' Jury Trial Demand, the Hitachi

28  defendants admit that plaintiffs purport to demand a trial by jury pursuant to Federal Rule of Civil

Procedure 38(b).

## **AFFIRMATIVE AND/OR ADDITIONAL DEFENSES**

Without assuming the burden of proof where it rests upon plaintiffs, the Hitachi defendants aver the following as separate affirmative and/or additional defenses to plaintiffs' Amended Complaint:

### **FIRST DEFENSE**

### **(Failure To State A Claim)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because the Amended Complaint fails to state a claim or cause of action upon which relief may be granted.

### **SECOND DEFENSE**

### **(Statutes Of Limitations)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the applicable statutes of limitations.

### **THIRD DEFENSE**

### **(Claim Splitting And Election Of Remedies)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by reason of claim splitting and by the doctrine of the election of remedies.

### **FOURTH DEFENSE**

### **(Laches, Estoppel, Waiver, And/Or Unclean Hands)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, under the doctrine of laches, estoppel, waiver, and/or unclean hands.

### **FIFTH DEFENSE**

### **(Reasonable Justification)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because all of the actions of the Hitachi defendants being challenged by plaintiffs were lawful, justified, pro-competitive, constitute *bona fide* business competition, and were carried out in furtherance of the Hitachi defendants' legitimate business interests.

## SIXTH DEFENSE

### (Ratification, Acquiescence, Agreement Or Consent)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by reason of plaintiffs' ratification of, or acquiescence, agreement or consent to the conduct of the Hitachi defendants.

## SEVENTH DEFENSE

### (Accord And Satisfaction, Release And Settlement)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the doctrines of accord and satisfaction, release and settlement.

## EIGHTH DEFENSE

### (Government Privilege)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because the alleged conduct of the Hitachi defendants that is the subject of the Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

## NINTH DEFENSE

### (Lack Of Standing)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs lack standing to bring the claims asserted in the Amended Complaint.

## TENTH DEFENSE

### (Failure To Plead Fraud Particularly; Rule 9(B) Fed. R. Civ. P.)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs have failed to allege fraudulent concealment with particularity.

## ELEVENTH DEFENSE

### (Ultra Vires)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because, to the extent that any employee or agent of the Hitachi defendants engaged in any unlawful act or

omission, which unlawful act or omission the Hitachi defendants expressly deny, any such actionable act or omission would have been committed by individuals acting *ultra vires*.

## TWELFTH DEFENSE

### (Improper Class Action)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because they cannot be maintained as a class action, including, but not limited to, plaintiffs' claims are improperly joined within the meaning of Federal Rule of Civil Procedure 20 or 23 because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences, and/or do not involve questions of law or fact common to all defendants.

## THIRTEENTH DEFENSE

### (Improper Class Representatives)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because the named plaintiffs are not proper class representatives.

## FOURTEENTH DEFENSE

### (Intervening Causes)

Each of plaintiffs' claims or causes or action is barred, in whole or in part, because plaintiffs' alleged injuries, if any, stemmed from intervening and/or superseding causes.

## FIFTEENTH DEFENSE

### (Lack Of Antitrust Injury)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because no plaintiff has suffered an antitrust injury.

## SIXTEENTH DEFENSE

### (No Act Of The Hitachi Defendants)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because no plaintiff has been injured in its business or property by reason of any action of the Hitachi defendants.

**SEVENTEENTH DEFENSE**

**(Speculative Damages)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because the plaintiffs' alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

**EIGHTEENTH DEFENSE**

**(Failure to Mitigate Damages)**

Each of plaintiffs' claims or causes of action is barred from recovery of damages, in whole or in part, because of and to the extent of plaintiffs' failure to mitigate damages.

**NINETEENTH DEFENSE**

**(Pass Through)**

Plaintiffs' claims or causes of action for an illegal overcharge are barred, in whole or in part, to the extent that such overcharge, the existence of which the Hitachi defendants expressly deny, was absorbed, in whole or in part, by others, and was not passed through to plaintiffs.

**TWENTIETH DEFENSE**

**(Restitution)**

Each of plaintiffs' claims or causes of action is barred from recovery of damages, in whole or in part, to the extent that any restitution or award of damages to plaintiffs would be excessive and punitive, and disproportionate to any alleged injury suffered by plaintiffs.

**TWENTY-FIRST DEFENSE**

**(Available Remedy At Law)**

Plaintiffs' claims or causes of action for injunction or other equitable relief are barred, in whole or in part, because plaintiffs have available an adequate remedy at law.

**TWENTY-SECOND DEFENSE**

**(Injunction)**

Plaintiffs' claims or causes of action for injunction are barred, in whole or in part, because plaintiffs seek to enjoin alleged events that have already transpired and without the requisite showing of threatened future harm or continuing violation.

1

**TWENTY-THIRD DEFENSE**

2

**(Unjust Enrichment)**

3      Each of plaintiffs' claims or causes of action is barred, in whole or in part, because

4   plaintiffs would be unjustly enriched if they were allowed to recover any part of the damages

5   alleged in the Amended Complaint.

6

**TWENTY-FOURTH DEFENSE**

7

**(Improper Venue)**

8      Each of plaintiffs' claims or causes of action is barred, in whole or in part, because venue

9   does not lie in this Court.

10

**TWENTY-FIFTH DEFENSE**

11

**(Comparative Fault)**

12      Each of plaintiffs' claims or causes of action is barred, in whole or in part, to the extent

13   the injuries alleged in the Amended Complaint, the fact and extent of which are expressly denied

14   by the Hitachi defendants, were directly and proximately caused by or contributed to by the

15   statements, acts or omissions of plaintiffs or third persons or entities unaffiliated with the Hitachi

16   defendants.

17

**TWENTY-SIXTH DEFENSE**

18

**(Res Judicata And/Or Collateral Estoppel)**

19      Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the

20   doctrines of res judicata and/or collateral estoppel.

21

**TWENTY-SEVENTH DEFENSE**

22

**(Foreign Trade Antitrust Improvements Act)**

23      Each of plaintiffs' claims or causes of action is barred, in whole or in part, because

24   plaintiffs have failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust

25   Improvements Act, 15 U.S.C. § 6a.  The Court therefore lacks subject matter jurisdiction.

26

**TWENTY-EIGHTH DEFENSE**

27

**(Foreign Sales)**

28      Each of plaintiffs' claims or causes of action is barred, in whole or in part, to the extent

1    plaintiffs seek to recover damages, if any, based on sales outside of the United States.

2    **TWENTY-NINTH DEFENSE**

3    **(Improper Joinder)**

4    Each of plaintiffs' claims or causes of action is barred, in whole or in part, because

5    plaintiffs' claims are improperly joined within the meaning of Rule 20 of the Federal Rules of

6    Civil Procedure because they did not arise out of the same transaction, occurrence or series of

7    transactions or occurrences and/or do not involve questions of law or fact common to all

8    defendants.

9    **THIRTIETH DEFENSE**

10   **(Failure To Exhaust Remedies)**

11   Plaintiffs' claims or causes of action are barred, in whole or in part, because plaintiffs

12   failed to exhaust all remedies against the parties with whom each plaintiff is in privity.

13   **THIRTY-FIRST DEFENSE**

14   **(No Multiple Recoveries)**

15   Each of plaintiffs' claims or causes of action is barred, in whole or in part, to the extent it

16   would result in the Hitachi defendants paying damages to more than one claimant for the same

17   alleged overcharge, because such multiple recoveries would violate rights guaranteed to the

18   Hitachi defendants by the United States Constitution, including, without limitation, rights

19   guaranteed under the Due Process Clause of the Fourteenth Amendment.

20   **THIRTY-SECOND DEFENSE**

21   **(Voluntary Payment Doctrine)**

22   Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the

23   voluntary payment doctrine, under which plaintiffs are not entitled to recover payments made

24   with full knowledge of the facts.

25   **THIRTY-THIRD DEFENSE**

26   **(Incorporation of Defenses of Others)**

27   The Hitachi defendants adopt by reference any applicable defense pleaded by any other

28   defendant not otherwise expressly set forth herein.

1

**THIRTY-FOURTH DEFENSE**

2

**(Privilege)**

3      Each of plaintiffs' claims or causes of action should be dismissed to the extent that they

4  are barred, in whole or in part, because any action taken by or on behalf of the Hitachi defendants

5  was justified, constituted *bona fide* business competition, and was taken in pursuit of its own

6  legitimate business and economic interests and is therefore privileged.

7

**THIRTY-FIFTH DEFENSE**

8

**(Noerr-Pennington Doctrine)**

9      Each of plaintiffs' claims or causes of action should be dismissed to the extent that they

10  are barred, in whole or in part, by the doctrine of Noerr-Pennington.

11

**THIRTY-SIXTH DEFENSE**

12

**(Forum Non Conveniens)**

13      The Amended Complaint should be dismissed on the grounds of forum non conveniens.

14

**THIRTY-SEVENTH DEFENSE**

15

**(Improper Forum/Arbitration)**

16      Each of plaintiffs' claims or causes of action should be dismissed to the extent that they

17  are barred, in whole or in part, because plaintiffs have agreed to arbitration or chose a different

18  forum for the resolution of their claims.

19

**THIRTY-EIGHTH DEFENSE**

20

**(Intervening Conduct)**

21      Each of plaintiffs' claims or causes of action should be dismissed to the extent that they

22  are barred, in whole or in part, because any alleged injuries and damages were not legally or

23  proximately caused by any acts or omissions of the Hitachi defendants and/or were caused, if at

24  all, solely and proximately by the conduct of third parties, including, without limitations, the

25  prior, intervening or superseding conduct of such third parties.

26

27

28

THE HITACHI DEFENDANTS' ANSWER TO THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

1

**THIRTY-NINTH DEFENSE**

2

**(Lack of Subject Matter Jurisdiction)**

3

     This Court lacks subject-matter jurisdiction over plaintiffs' claims and causes of action

4

pursuant to, but not limited to, the Foreign Trade Antitrust Improvements Act.

5

**FORTIETH DEFENSE**

6

**(Reservation of Other Defenses)**

7

     The Hitachi defendants reserve the right to assert other defenses as this action proceeds up

8

to and including the time of trial.

9

     **WHEREFORE**, Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi

10

Asia, Ltd., and Hitachi Electronic Devices (USA) Inc. each pray that:

11

     1.     The Court dismiss with prejudice the Direct Purchaser Plaintiffs' Consolidated

12

Amended Complaint;

13

     2.     Plaintiffs recover no relief of any kind against defendants Hitachi, Ltd., Hitachi

14

Displays, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA),

15

Inc., or any of them;

16

     3.     Defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi

17

Asia, Ltd., and Hitachi Electronic Devices (USA), Inc., and each of them, have and recover their

18

respective costs of suit against plaintiffs and each of them; and

19

     4.     The Court award to defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi

20

America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc., and each of them,

21

such further relief as may be appropriate.

22

23

24

25

26

27

28

1

2   Dated: April 29, 2010                              Respectfully submitted,

3                                                      MORGAN, LEWIS & BOCKIUS LLP

4

5                                                      By _____ */s/ Kent M. Roger*_____
                                                          Kent M. Roger
6                                                         Attorneys for Defendants
                                                          HITACHI, LTD., HITACHI DISPLAYS,
7                                                         LTD., HITACHI AMERICA, LTD.,
                                                          HITACHI ASIA, LTD., and HITACHI
8                                                         ELECTRONIC DEVICES (USA), INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE HITACHI DEFENDANTS' ANSWER TO THE DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT