

EMILY L. MAXWELL (SBN 185646)
Email: MaxwellE@howrey.com
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105-2708
Telephone: (415) 848-4947
Facsimile: (415) 848-4999

JOHN M. TALADAY (*pro hac vice*)
RICHARD A. RIPLEY (*pro hac vice*)
Email: taladayj@howrey.com
Email: ripleyr@howrey.com
HOWREY LLP
1299 Pennsylvania Ave NW
Washington, DC 20004
Telephone: (202) 383-6564
Facsimile: (202) 383-6610

ETHAN E. LITWIN (*pro hac vice*)
Email: litwine@howrey.com
HOWREY LLP
601 Lexington Avenue, 54th Floor
New York, NY 10022-4629
Telephone: (212) 896-6500
Facsimile: (212) 896-6501

Attorneys for KONINKLIJKE PHILIPS ELECTRONICS N.V.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | **Case No. 07-5944-SC** |
| | **MDL No. 1917** |
| | **ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT** |
| This Document Relates to: ALL  DIRECT PURCHASER ACTIONS | **Trial Date:  None Set** |

HOWREY LLP

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO DIRECT PURCHASER PLAINTIFFS'
CONSOLIDATED AMENDED COMPLAINT

DM_US:23229518_1

1         Defendant Koninklijke Philips Electronics N.V. ("KPE"), by and through its undersigned

2   counsel of record, answer the Direct Purchaser Plaintiffs' Consolidated Amended Complaint (the

3   "Amended Complaint") and allege additional or affirmative defenses as follows.  KPE denies each and

4   every allegation in the Amended Complaint's section headings and in all portions of the Amended

5   Complaint not contained in numbered paragraphs.  To the extent that the Amended Complaint's

6   allegations concern persons and/or entities other than KPE, KPE denies that such allegations support

7   any claim for relief against KPE.

8                         **I.  INTRODUCTION**

9         1.      To the extent that the allegations of Paragraph 1 are definitional, KPE avers that no

10   response is required.  KPE avers that the use of the term "Philips", which improperly conflates four

11   distinct defendants and legal entities together, and "CRT Products", which improperly conflates

12   numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses,

13   technologies, and products at different points in the production chain) together, renders the allegations

14   of the Amended Complaint indefinite and uncertain.  To the extent a response is required, KPE denies

15   all the allegations of Paragraph 1, with the exception of matters specifically admitted herein as follows.

16   KPE admits that Plaintiffs purport to bring an antitrust class action on behalf of certain persons or

17   entities, but denies that Plaintiffs are entitled to any relief or that this action may proceed as a class

18   action.  In particular, KPE denies that the "Class Period" defined by Plaintiffs is a proper class period

19   or that any class of purchasers spanning that period (or any other period) may be certified.  KPE admits

20   that cathode ray tubes ("CRTs"), specifically color display tubes ("CDTs") and color picture tubes

21   ("CPTs"), are used in certain computer monitors and televisions respectively.  KPE acknowledges that

22   Plaintiffs define "CRT Products" to include both CDTs and CPTs and products containing such CDTs

23   or CPTs, but KPE denies that the Court could properly certify a plaintiff class including purchasers of

24   both CDTs or CPTs and finished products containing such CDTs or CPTs.

25         2.      KPE lacks knowledge or information sufficient to form a belief as to the truth of the

26   allegations of Paragraph 2, and therefore denies them.  KPE objects to Plaintiff's reference to a "CRT

27   industry" and a "CRT market" and avers that the use of such terms render the allegations of the

28

**HOWREY LLP**

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO DIRECT PURCHASER PLAINTIFFS'
CONSOLIDATED AMENDED COMPLAINT

DM_US:23229518_1

1   Amended Complaint indefinite and uncertain.

2        3.      KPE lacks knowledge or information sufficient to form a belief as to the truth of the

3   allegations of Paragraph 3, and therefore denies them.

4        4.      KPE avers that the allegations of Paragraph 4 constitute legal conclusions and/or

5   conclusions to which no response is required.  To the extent that a response may be deemed necessary

6   and to the extent that the allegations pertain to other defendants, KPE lacks knowledge or information

7   sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of

8   Paragraph 4 relate to KPE, KPE denies all of the allegations.  KPE otherwise lacks knowledge or

9   information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and therefore

10  denies them.

11       5.      To the extent that the allegations pertain to other defendants, KPE lacks knowledge or

12  information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the

13  allegations of Paragraph 5 relate to KPE, KPE denies all of the allegations.  KPE otherwise lacks

14  knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5,

15  and therefore denies them.

16       6.      KPE avers that the allegations of Paragraph 6 constitute legal conclusions and/or

17  conclusions to which no response is required.  To the extent that a response may be deemed necessary

18  and to the extent that the allegations pertain to other defendants, KPE lacks knowledge or information

19  sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of

20  Paragraph 5 relate to KPE, KPE denies all of the allegations.  KPE otherwise lacks knowledge or

21  information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and therefore

22  denies them.

23       7.      KPE admits that government authorities in the United States, the European Union,

24  Japan and South Korea have commenced investigations of the CRT industry, the details of which are

25  matters of public record and such records speak for themselves.   KPE admits that an indictment was

26  issued against C.Y. Lin, the details of which are a matter of public record and such records speak for

27  themselves.

28

HOWREY LLP

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO DIRECT PURCHASER PLAINTIFFS'
CONSOLIDATED AMENDED COMPLAINT
DM_US:23229518_1

## II. ALLEGATIONS CONCERNING JURISDICTION AND VENUE

8.      KPE admits that Plaintiffs purport to bring this action to obtain injunctive relief and to recover damages for alleged violations of Section 1 of the Sherman Act (15 U.S.C. § 1), but denies that Plaintiffs are entitled to any relief under that statute.

9.      KPE avers that the allegations of Paragraph 9 regarding jurisdiction constitute legal conclusions and/or conclusions to which no response is required.

10.      KPE avers that the allegations of Paragraph 10 regarding jurisdiction constitute legal conclusions and/or conclusions to which no response is required.  To the extent that the allegations contained in Paragraph 10 may be deemed to require a response from KPE, KPE denies that venue lies in this district based on the conduct of KPE as alleged in the Amended Complaint.

## III.  PARTIES

**A.      Plaintiffs**

11.      To the extent that the allegations of Paragraph 11 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 11 relate to KPE, KPE denies all of the allegations.

12.      To the extent that the allegations of Paragraph 12 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 12 relate to KPE, KPE denies all of the allegations.

13.      To the extent that the allegations of Paragraph 13 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 13 relate to KPE, KPE denies all of the allegations.

14.      To the extent that the allegations of Paragraph 14 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 14 relate to KPE, KPE denies all of the allegations.

15.     To the extent that the allegations of Paragraph 15 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 15 relate to KPE, KPE denies all of the allegations.

16.     To the extent that the allegations of Paragraph 16 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 16 relate to KPE, KPE denies all of the allegations.

17.     To the extent that the allegations of Paragraph 17 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 17 relate to KPE, KPE denies all of the allegations.

18.     To the extent that the allegations of Paragraph 18 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 18 relate to KPE, KPE denies all of the allegations.

19.     To the extent that the allegations of Paragraph 19 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 19 relate to KPE, KPE denies all of the allegations.

20.     To the extent that the allegations of Paragraph 20 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 20 relate to KPE, KPE denies all of the allegations.

21.     To the extent that the allegations of Paragraph 21 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 21 relate to KPE, KPE denies all of the allegations.

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO DIRECT PURCHASER PLAINTIFFS'
CONSOLIDATED AMENDED COMPLAINT

22.    To the extent that the allegations of Paragraph 22 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 22 relate to KPE, KPE denies all of the allegations.

23.    To the extent that the allegations of Paragraph 23 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 23 relate to KPE, KPE denies all of the allegations.

**B.    Defendants**

24.    The allegations of Paragraph 24 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and therefore denies them.

25.    The allegations of Paragraph 25 are not directed at KPE and, therefore, no response is required.  To the extent a that response is required, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and therefore denies them.

26.    The allegations of Paragraph 26 are an explanation of terminology, for which no response is required.

27.    The allegations of Paragraph 27 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and therefore denies them.

28.    The allegations of Paragraph 28 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28, and therefore denies them.

29.    The allegations of Paragraph 29 are an explanation of terminology, for which no response is required.

30.    The allegations of Paragraph 30 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30, and therefore denies them.

31.     The allegations of Paragraph 31 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31, and therefore denies them.

32.     The allegations of Paragraph 32 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32, and therefore denies them.

33.     The allegations of Paragraph 33 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33, and therefore denies them.

34.     The allegations of Paragraph 34 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34, and therefore denies them.

35.     The allegations of Paragraph 35 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and therefore denies them.

36.     The allegations of Paragraph 36 are an explanation of terminology, for which no response is required.

37.     The allegations of Paragraph 37 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37, and therefore denies them.

38.     The allegations of Paragraph 38 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38, and therefore denies them.

39.     The allegations of Paragraph 39 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39, and therefore denies them.

40.     The allegations of Paragraph 40 are an explanation of terminology, for which no response is required.

1    41.    To the extent that the allegations of Paragraph 41 relate to other defendants, KPE lacks

2    knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

3    the extent that the allegations of Paragraph 41 relate to KPE, KPE denies them, with the exception of

4    matters specifically admitted herein as follows.  KPE admits that LG.Philips Displays was formed in

5    2001 and that KPE does not have an ownership interest in LP Displays International, Ltd.

6    42.    The allegations of Paragraph 42 are not directed at KPE and, therefore, no response is

7    required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

8    form a belief as to the truth of the allegations of Paragraph 42, and therefore denies them.

9    43.    The allegations of Paragraph 43 are not directed at KPE and, therefore, no response is

10   required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

11   form a belief as to the truth of the allegations of Paragraph 43, and therefore denies them.

12   44.    The allegations of Paragraph 44 are not directed at KPE and, therefore, no response is

13   required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

14   form a belief as to the truth of the allegations of Paragraph 44, and therefore denies them.

15   45.    The allegations of Paragraph 45 are an explanation of terminology, for which no

16   response is required.

17   46.    The allegations of Paragraph 46 are not directed at KPE and, therefore, no response is

18   required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

19   form a belief as to the truth of the allegations of Paragraph 46, and therefore denies them.

20   47.    The allegations of Paragraph 47 are not directed at KPE and, therefore, no response is

21   required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

22   form a belief as to the truth of the allegations of Paragraph 47, and therefore denies them.

23   48.    The allegations of Paragraph 48 are not directed at KPE and, therefore, no response is

24   required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

25   form a belief as to the truth of the allegations of Paragraph 48, and therefore denies them.

26   49.    The allegations of Paragraph 49 are not directed at KPE and, therefore, no response is

27   required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

28   form a belief as to the truth of the allegations of Paragraph 49, and therefore denies them.

HOWREY LLP

-7-
ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO DIRECT PURCHASER PLAINTIFFS'
CONSOLIDATED AMENDED COMPLAINT
DM_US:23229518_1

50.     The allegations of Paragraph 50 are an explanation of terminology, for which no response is required.

51.     KPE admits the first, fourth, and sixth sentences of Paragraph 51.  KPE denies that it was a supplier of CRTs.  KPE denies that it was, in 2000, the leading global supplier of CRTs.  KPE denies that it operated in Asia, either directly or indirectly.  KPE denies that it has "wholly-owned" Asian subsidiaries.  KPE denies that it manufactured, sold, or distributed CRT Products either directly or through its subsidiaries or affiliates in the United States.

52.     KPE denies all of the allegations of Paragraph 52.   Further, claims against Philips Electronics Industries, Ltd. were dismissed pursuant to the Notice of Voluntary Dismissal Without Prejudice as to Defendants Philips Consumer Electronics Co. and Philips Electronics Industries, Ltd., filed by Plaintiffs and entered on May 18, 2009.

53.     KPE admits the first and third sentences of Paragraph 53.  KPE admits that Philips Electronics North America Corporation ("PENAC") is an indirect subsidiary of KPE.  KPE denies that it dominated or controlled the finances, policies or affairs of PENAC.

54.     KPE denies all of the allegations of Paragraph 54.   Further, claims against Philips Consumer Electronics Co. were dismissed pursuant to the Notice of Voluntary Dismissal Without Prejudice as to Defendants Philips Consumer Electronics Co. and Philips Electronics Industries, Ltd., filed by Plaintiffs and entered on May 18, 2009.

55.     KPE admits the first sentence of Paragraph 55.  KPE admits that Philips Electronics Industries (Taiwan) Ltd. ("PEIT") is an indirect subsidiary of KPE.  KPE denies that PEIT sold or distributed CRT Products in the United States, either directly or through its subsidiaries or affiliates. KPE denies that it dominated or controlled the finances, policies or affairs of PEIT.

56.     KPE admits the first sentence of Paragraph 56.  KPE denies that Philips da Amazonia Industria Electronica Ltda. ("Philips da Amazonia") is a "wholly owned and controlled" subsidiary of KPE.  KPE denies that Philips da Amazonia sold or distributed CRT Products in the United States, either directly or through its subsidiaries or affiliates.  KPE denies that it dominated or controlled the finances, policies or affairs of Philips da Amazonia.

57.     The allegations of Paragraph 57 are an explanation of terminology, for which no

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO DIRECT PURCHASER PLAINTIFFS'
CONSOLIDATED AMENDED COMPLAINT

DM_US:23229518_1

response is required.  KPE avers, however, that Paragraph 57 renders the Amended Complaint indefinite and uncertain as to KPE.

58.     The allegations of Paragraph 58 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58, and therefore denies them.

59.     The allegations of Paragraph 59 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59, and therefore denies them.

60.     The allegations of Paragraph 60 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60, and therefore denies them.

61.     The allegations of Paragraph 61 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61, and therefore denies them.

62.     The allegations of Paragraph 62 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62, and therefore denies them.

63.     The allegations of Paragraph 63 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63, and therefore denies them.

64.     The allegations of Paragraph 64 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64, and therefore denies them.

65.     The allegations of Paragraph 65 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65, and therefore denies them.

66.     The allegations of Paragraph 66 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

HOWREY LLP

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

DM_US:23229518_1

1   form a belief as to the truth of the allegations of Paragraph 66, and therefore denies them.

2       67.     The allegations of Paragraph 67 are an explanation of terminology, for which no

3   response is required.

4       68.     The allegations of Paragraph 68 are not directed at KPE and, therefore, no response is

5   required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

6   form a belief as to the truth of the allegations of Paragraph 68, and therefore denies them.

7       69.     The allegations of Paragraph 69 are not directed at KPE and, therefore, no response is

8   required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

9   form a belief as to the truth of the allegations of Paragraph 69, and therefore denies them.

10      70.     The allegations of Paragraph 70 are not directed at KPE and, therefore, no response is

11  required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

12  form a belief as to the truth of the allegations of Paragraph 70, and therefore denies them.

13      71.     The allegations of Paragraph 71 are not directed at KPE and, therefore, no response is

14  required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

15  form a belief as to the truth of the allegations of Paragraph 71, and therefore denies them.

16      72.     The allegations of Paragraph 72 are not directed at KPE and, therefore, no response is

17  required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

18  form a belief as to the truth of the allegations of Paragraph 72, and therefore denies them.

19      73.     The allegations of Paragraph 73 are not directed at KPE and, therefore, no response is

20  required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

21  form a belief as to the truth of the allegations of Paragraph 73, and therefore denies them.

22      74.     The allegations of Paragraph 74 are not directed at KPE and, therefore, no response is

23  required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

24  form a belief as to the truth of the allegations of Paragraph 74, and therefore denies them.

25      75.     The allegations of Paragraph 75 are not directed at KPE and, therefore, no response is

26  required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

27  form a belief as to the truth of the allegations of Paragraph 75, and therefore denies them.

28      76.     The allegations of Paragraph 76 are not directed at KPE and, therefore, no response is

-10-

1   required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

2   form a belief as to the truth of the allegations of Paragraph 76, and therefore denies them.

3       77.     The allegations of Paragraph 77 are not directed at KPE and, therefore, no response is

4   required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

5   form a belief as to the truth of the allegations of Paragraph 77, and therefore denies them.

6       78.     The allegations of Paragraph 78 are an explanation of terminology, for which no

7   response is required.

8       79.     The allegations of Paragraph 79 are not directed at KPE and, therefore, no response is

9   required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

10  form a belief as to the truth of the allegations of Paragraph 79, and therefore denies them.

11      80.     The allegations of Paragraph 80 are not directed at KPE and, therefore, no response is

12  required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

13  form a belief as to the truth of the allegations of Paragraph 80, and therefore denies them.

14  **IV.  ALLEGATIONS CONCERNING AGENTS AND CO-CONSPIRATORS**

15      81.     To the extent that the allegations of Paragraph 81 relate to persons other than KPE, KPE

16  lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

17  To the extent the allegations of Paragraph 81 relate to KPE, KPE denies all of the allegations.

18      82.     Paragraph 82 is an explanation of terminology to which no response is required.

19      83.     Paragraph 83 is a legal conclusion to which no response is required.

20      84.     Paragraph 84 is a legal conclusion to which no response is required.

21  **V.  CLASS ACTION ALLEGATIONS**

22      85.     KPE admits Plaintiffs purport to bring this action as a putative class action as defined in

23  Paragraph 85, but denies that Fed. R. Civ. P. 23 would permit the certification of a class as defined in

24  Paragraph 85, or at all.

25      86.     Paragraph 86 is an explanation of terminology to which no response is required.  To the

26  extent that a response is required, KPE denies that a class as defined in Paragraph 86 could properly be

27  certified.

28      87.     KPE lacks knowledge or information sufficient to form a belief as to the truth of the

HOWREY LLP

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO DIRECT PURCHASER PLAINTIFFS'
CONSOLIDATED AMENDED COMPLAINT

1   allegations of Paragraph 87, and therefore denies them.

2       88.    KPE avers that the allegations of Paragraph 88 constitute legal conclusions and/or

3   conclusions to which no response is required.  To the extent that a response is required, KPE denies

4   each and every allegation of Paragraph 88.

5       89.    KPE avers that the allegations of Paragraph 9 constitute legal conclusions and/or

6   conclusions to which no response is required.  To the extent that a response is required, KPE denies

7   that the questions of law or fact enumerated in subparagraphs (a) – (f) of Paragraph 89 are common to

8   the Class as defined in the Amended Complaint or could properly be decided on a class-wide basis.

9       90.    KPE avers that the allegations of Paragraph 90 constitute legal conclusions and/or

10   conclusions to which no response is required.  To the extent that a response is required, KPE denies

11   each and every allegation of Paragraph 90.

12       91.    KPE avers that the allegations of Paragraph 91 constitute legal conclusions and/or

13   conclusions to which no response is required.  To the extent that a response is required, KPE denies

14   each and every allegation of Paragraph 91.

15       92.    KPE avers that the allegations of Paragraph 92 constitute legal conclusions and/or

16   conclusions to which no response is required.  To the extent that a response is required, KPE denies

17   each and every allegation of Paragraph 92.

18       93.    KPE avers that the allegations of Paragraph 93 constitute legal conclusions and/or

19   conclusions to which no response is required.  To the extent that a response is required, KPE denies

20   each and every allegation of Paragraph 93.

21       94.    KPE avers that the allegations of Paragraph 94 constitute legal conclusions and/or

22   conclusions to which no response is required.  To the extent that a response is required, KPE denies

23   each and every allegation of Paragraph 94.

24       95.    KPE avers that the allegations of Paragraph 95 constitute legal conclusions and/or

25   conclusions to which no response is required.  To the extent that a response is required, KPE denies

26   each and every allegation of Paragraph 95.

27          **VI.  ALLEGATIONS CONCERNING TRADE AND COMMERCE**

28       96.    To the extent that the allegations in Paragraph 96 concern other defendants, KPE is

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO DIRECT PURCHASER PLAINTIFFS'
CONSOLIDATED AMENDED COMPLAINT

1   without knowledge or information sufficient to form a belief as to the truth of those allegations and, on

2   that basis, denies them.  The allegations in Paragraph 96 regarding "continuous and uninterrupted flow

3   of interstate commerce and foreign commerce" are legal contentions to which no response is required.

4   To the extent the remaining allegations in Paragraph 96 require a response, KPE denies them.

5        97.     KPE denies each and every allegation of Paragraph 97.

6        98.     The allegations in Paragraph 98 are legal contentions to which no response is required.

7   To the extent a response is required and the allegations in Paragraph 98 concern KPE, KPE denies

8   them.

9   ## VII.  FACTUAL ALLEGATIONS

10       99.     KPE admits that the allegations in Paragraph 99 generally describe CRT technology but

11   denies that these descriptions are complete.

12       100.    KPE admits that the allegations in Paragraph 100 generally describe CRT technology

13   but denies that these descriptions are complete.

14       101.    KPE denies the allegations in Paragraph 101.

15       102.    KPE admits that the allegations in Paragraph 102 generally describe CRT technology

16   but denies that these descriptions are complete.

17       103.    KPE admits that the allegations in Paragraph 103 generally describe CRT technology

18   but denies that these descriptions are complete.

19       104.    To the extent that the allegations contained in Paragraph 104 were derived from analyst

20   reports, those reports speak for themselves and no response is required.  KPE otherwise lacks

21   knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis,

22   denies them.

23       105.    KPE admits that the allegations in Paragraph 105 generally describe CRT technology

24   but denies that these descriptions are complete.

25       106.    KPE lacks knowledge or information sufficient to form a belief as to the truth of the

26   allegations of Paragraph 106, and therefore denies them.  To the extent the allegations in Paragraph

27   106 concern defendants other than KPE, KPE is without knowledge or information sufficient to form a

28   belief as to the truth of the allegations and, on that basis, denies them.

-13-
ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO DIRECT PURCHASER PLAINTIFFS'
CONSOLIDATED AMENDED COMPLAINT
DM_US:23229518_1

107.    KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107, and therefore denies them.  To the extent the allegations in Paragraph 107 concern defendants other than KPE, KPE is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

108.    To the extent that the allegations contained in Paragraph 108 were derived from analyst reports, those reports speak for themselves and no response is required.  To the extent the allegations in Paragraph 108 concern defendants other than KPE, KPE is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

109.    To the extent that the allegations contained in Paragraph 109 were derived from analyst reports, those reports speak for themselves and no response is required.  To the extent the allegations in Paragraph 109 concern defendants other than KPE, KPE is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

110.    To the extent that the allegations contained in Paragraph 110 were derived from analyst reports, those reports speak for themselves and no response is required.  To the extent the allegations in Paragraph 110 concern defendants other than KPE, KPE is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

111.    To the extent that the allegations contained in Paragraph 111 were derived from analyst reports, those reports speak for themselves and no response is required.  To the extent the allegations in Paragraph 111 concern defendants other than KPE, KPE is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.  KPE objects to Plaintiff's reference to a "CRT industry" and a "CRT market" and avers that the use of such terms render the allegations of the Amended Complaint indefinite and uncertain.

112.    The allegations in the first sentence of Paragraph 112 are legal contentions to which no response is required.  To the extent the other allegations in Paragraph 112 concern defendants other than KPE, KPE is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.  To the extent that the allegation in Paragraph 112 purport to summarize or quote published data, those publications speak for themselves.

113.    The allegations in Paragraph 113 are legal contentions to which no response is required.

114.    To the extent that the allegations of Paragraph 114 relate to defendants other than KPE, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 114 relate to KPE, KPE denies all of the allegations.

115.    KPE avers that the allegations of Paragraph 115 constitute legal conclusions and/or conclusions to which no response is required.  To the extent that allegations of Paragraph 115 relate to defendants other than KPE, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 115 relate to KPE, KPE denies all of the allegations.

116.    To the extent that the allegations of Paragraph 116 relate to defendants other than KPE, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 116 relate to KPE, KPE denies them.

117.    The allegations of Paragraph 117 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 117, and therefore denies them.

118.    The allegations of Paragraph 118 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118, and therefore denies them.

119.    The allegations of Paragraph 119 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119, and therefore denies them.

120.    To the extent that the allegations of Paragraph 120 relate to defendants other than KPE, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 120 relate to KPE, KPE denies that it purchased "picture tubes" from Samtel.

121.    The allegations of Paragraph 121 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 121, and therefore denies them.

122.    To the extent that the allegations of Paragraph 122 relate to defendants other than KPE,

HOWREY LLP
DM_US:23229518_1

1  KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies

2  them.  To the extent the allegations of Paragraph 122 relate to KPE, KPE denies all of the allegations.

3        123.     To the extent that the allegations contained in Paragraph 123 refer to public statements

4  by the government authorities there listed, those statements speak for themselves and no response is

5  required.  KPE otherwise denies the allegations of Paragraph 123.

6        124.     To the extent that the allegations of Paragraph 124 relate to other defendants, KPE lacks

7  knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the

8  extent that the allegations contained in Paragraph 124 refer to public statements by the government

9  authorities there listed, those statements speak for themselves and no response is required.  KPE

10  otherwise denies the allegations of Paragraph 124.

11        125.     To the extent that the allegations of Paragraph 125 relate to other defendants, KPE lacks

12  knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

13  the extent that the allegations contained in Paragraph 125 refer to public statements by the government

14  authorities there listed, those statements speak for themselves and no response is required.  KPE

15  otherwise denies the allegations of Paragraph 125.

16        126.     To the extent that the allegations of Paragraph 126 relate to other defendants, KPE lacks

17  knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

18  the extent that the allegations contained in Paragraph 126 refer to public statements by the government

19  authorities there listed, those statements speak for themselves and no response is required.  KPE

20  otherwise denies the allegations of Paragraph 126.

21        127.     To the extent that the allegations of Paragraph 127 relate to other defendants, KPE lacks

22  knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

23  the extent that the allegations contained in Paragraph 127 refer to public statements by the government

24  authorities there listed, those statements speak for themselves and no response is required.  KPE

25  otherwise denies the allegations of Paragraph 127.

26        128.     To the extent that the allegations of Paragraph 128 relate to other defendants, KPE lacks

27  knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

28  the extent that the allegations contained in Paragraph 128 refer to public statements by the government

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO DIRECT PURCHASER PLAINTIFFS'
CONSOLIDATED AMENDED COMPLAINT

1   authorities there listed, those statements speak for themselves and no response is required.  KPE

2   otherwise denies the allegations of Paragraph 128.

3        129.    KPE lacks knowledge or information sufficient to form a belief as to the truth of the

4   allegations of Paragraph 129, and therefore denies them.

5        130.    KPE lacks knowledge or information sufficient to form a belief as to the truth of the

6   allegations of Paragraph 130, and therefore denies them.

7        131.    KPE lacks knowledge or information sufficient to form a belief as to the truth of the

8   allegations of Paragraph 131, and therefore denies them.

9        132.    To the extent that the allegations in Paragraph 132 are derived from or purport to quote

10   a news article, that article speaks for itself and no response is required.

11        133.    To the extent that the allegations of Paragraph 133 relate to other defendants, KPE lacks

12   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

13   the extent that the allegations contained in Paragraph 133 refer to public statements by the government

14   authorities there listed, those statements speak for themselves and no response is required.  KPE

15   otherwise denies the allegations of Paragraph 133.

16        134.    To the extent that the allegations of Paragraph 134 relate to other defendants, KPE lacks

17   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

18   the extent the allegations of Paragraph 134 relate to KPE, KPE denies all of the allegations.

19        135.    To the extent that the allegations of Paragraph 135 relate to other defendants, KPE lacks

20   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

21   the extent the allegations of Paragraph 135 relate to KPE, KPE denies all of the allegations.

22        136.    To the extent that the allegations of Paragraph 136 relate to other defendants, KPE lacks

23   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

24   the extent the allegations of Paragraph 136 relate to KPE, KPE denies all of the allegations.

25        137.    To the extent that the allegations of Paragraph 137 relate to other defendants, KPE lacks

26   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

27   the extent the allegations of Paragraph 137 relate to KPE, KPE denies all of the allegations.

28        138.    To the extent that the allegations of Paragraph 138 relate to other defendants, KPE lacks

-17-

1  knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

2  the extent the allegations of Paragraph 138 relate to KPE, KPE denies all of the allegations.

3       139.    KPE denies each and every allegation of Paragraph 139.

4       140.    To the extent that the allegations of Paragraph 140 relate to other defendants, KPE lacks

5  knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

6  the extent the allegations of Paragraph 140 relate to KPE, KPE denies all of the allegations.

7       141.    To the extent that the allegations of Paragraph 141 and its subparts relate to other

8  defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

9  therefore denies them.  To the extent the allegations of Paragraph 141 and its subparts relate to KPE,

10  KPE denies all of the allegations.

11       142.    To the extent that the allegations of Paragraph 142 relate to other defendants, KPE lacks

12  knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

13  the extent the allegations of Paragraph 142 relate to KPE, KPE denies all of the allegations.

14       143.    To the extent that the allegations of Paragraph 143 relate to other defendants, KPE lacks

15  knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

16  the extent the allegations of Paragraph 143 relate to KPE, KPE denies all of the allegations.

17       144.    To the extent that the allegations of Paragraph 144 relate to other defendants, KPE lacks

18  knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

19  the extent the allegations of Paragraph 144 relate to KPE, KPE denies all of the allegations.

20       145.    To the extent that the allegations of Paragraph 145 relate to other defendants, KPE lacks

21  knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

22  the extent the allegations of Paragraph 145 relate to KPE, KPE denies all of the allegations.

23       146.    To the extent that the allegations of Paragraph 146 relate to other defendants, KPE lacks

24  knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

25  the extent the allegations of Paragraph 146 relate to KPE, KPE denies all of the allegations.

26       147.    To the extent that the allegations of Paragraph 147 relate to other defendants, KPE lacks

27  knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

28  the extent the allegations of Paragraph 147 relate to KPE, KPE denies all of the allegations.

HOWREY LLP
ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO DIRECT PURCHASER PLAINTIFFS'
CONSOLIDATED AMENDED COMPLAINT
DM_US:23229518_1

1

148.    To the extent that the allegations of Paragraph 148 relate to other defendants, KPE lacks

2 knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

3 the extent the allegations of Paragraph 148 relate to KPE, KPE denies all of the allegations.

4

149.    To the extent that the allegations of Paragraph 149 relate to other defendants, KPE lacks

5 knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

6 the extent the allegations of Paragraph 149 relate to KPE, KPE denies all of the allegations.

7

150.    To the extent that the allegations of Paragraph 150 relate to other defendants, KPE lacks

8 knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

9 the extent the allegations of Paragraph 150 relate to KPE, KPE denies all of the allegations.

10

151.    To the extent that the allegations of Paragraph 151 relate to other defendants, KPE lacks

11 knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

12 the extent the allegations of Paragraph 151 relate to KPE, KPE denies all of the allegations.

13

152.    To the extent that the allegations of Paragraph 152 relate to other defendants, KPE lacks

14 knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

15 the extent the allegations of Paragraph 152 relate to KPE, KPE denies all of the allegations.

16

153.    To the extent that the allegations of Paragraph 153 relate to other defendants, KPE lacks

17 knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

18 the extent the allegations of Paragraph 153 relate to KPE, KPE denies all of the allegations.

19

154.    The first sentence of Paragraph 154 is an explanation of terminology to which no

20 response is required.  The allegations of Paragraph 154 also state legal contentions to which no

21 response is required.  To the extent that the remaining allegations of Paragraph 154 relate to other

22 defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

23 therefore denies them.  To the extent the allegations of Paragraph 154 relate to KPE, KPE denies all of

24 the allegations.

25

155.    The allegations of Paragraph 155 are not directed at KPE and, therefore, no response is

26 required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

27 form a belief as to the truth of the allegations of Paragraph 155, and therefore denies them.

28

156.    The allegations of Paragraph 156 are not directed at KPE and, therefore, no response is

HOWREY LLP

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO DIRECT PURCHASER PLAINTIFFS'
CONSOLIDATED AMENDED COMPLAINT

DM_US:23229518_1

1   required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

2   form a belief as to the truth of the allegations of Paragraph 156, and therefore denies them.

3       157.   The allegations of Paragraph 157 are not directed at KPE and, therefore, no response is

4   required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

5   form a belief as to the truth of the allegations of Paragraph 157, and therefore denies them.

6       158.   The allegations of Paragraph 158 are not directed at KPE and, therefore, no response is

7   required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

8   form a belief as to the truth of the allegations of Paragraph 158, and therefore denies them.

9       159.   The allegations of Paragraph 159 are not directed at KPE and, therefore, no response is

10  required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

11  form a belief as to the truth of the allegations of Paragraph 159, and therefore denies them.

12      160.   The allegations of Paragraph 160 are not directed at KPE and, therefore, no response is

13  required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

14  form a belief as to the truth of the allegations of Paragraph 160, and therefore denies them.

15      161.   The allegations of Paragraph 161 are not directed at KPE and, therefore, no response is

16  required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

17  form a belief as to the truth of the allegations of Paragraph 161, and therefore denies them.

18      162.   The allegations of Paragraph 162 are not directed at KPE and, therefore, no response is

19  required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

20  form a belief as to the truth of the allegations of Paragraph 162, and therefore denies them.

21      163.   The allegations of Paragraph 163 are not directed at KPE and, therefore, no response is

22  required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

23  form a belief as to the truth of the allegations of Paragraph 163, and therefore denies them.

24      164.   KPE denies that it participated in or was represented at any "bilateral or group

25  meetings" concerning agreements to restrict competition for CRT Products, either on behalf of itself or

26  any other entity.  KPE denies that it had an ownership interest in LP Displays (formerly LG.Philips

27  Displays) or that any employee at LP Displays reported either to KPE or to any of KPE's subsidiaries.

28  KPE denies that it participated in any such "bilateral or group meetings" after 2001 "through"

1   LG.Philips Displays.  KPE moreover avers that the Paragraph 164 renders the Amended Complaint

2   indefinite and uncertain as to KPE.  In all other respects, KPE denies the allegations of Paragraph 164.

3          165.    KPE lacks knowledge or information sufficient to form a belief as to the truth of the

4   allegations of Paragraph 165, and therefore denies them.  KPE further avers that as it attended none of

5   the referenced meetings, it therefore did not represent any of the entities identified in Paragraph 165.

6          166.    The allegations of Paragraph 166 are not directed at KPE and, therefore, no response is

7   required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

8   form a belief as to the truth of the allegations of Paragraph 166, and therefore denies them.

9          167.    The allegations of Paragraph 167 are not directed at KPE and, therefore, no response is

10  required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

11  form a belief as to the truth of the allegations of Paragraph 167, and therefore denies them.

12         168.    The allegations of Paragraph 168 are not directed at KPE and, therefore, no response is

13  required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

14  form a belief as to the truth of the allegations of Paragraph 168, and therefore denies them.

15         169.    The allegations of Paragraph 169 are not directed at KPE and, therefore, no response is

16  required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

17  form a belief as to the truth of the allegations of Paragraph 169, and therefore denies them.

18         170.    The allegations of Paragraph 170 are not directed at KPE and, therefore, no response is

19  required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

20  form a belief as to the truth of the allegations of Paragraph 170, and therefore denies them.

21         171.    The allegations of Paragraph 171 are not directed at KPE and, therefore, no response is

22  required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

23  form a belief as to the truth of the allegations of Paragraph 171, and therefore denies them.

24         172.    The allegations of Paragraph 172 are not directed at KPE and, therefore, no response is

25  required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

26  form a belief as to the truth of the allegations of Paragraph 172, and therefore denies them.

27         173.    The allegations of Paragraph 173 are not directed at KPE and, therefore, no response is

28  required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO DIRECT PURCHASER PLAINTIFFS'
CONSOLIDATED AMENDED COMPLAINT

DM_US:23229518_1

1    form a belief as to the truth of the allegations of Paragraph 173, and therefore denies them.

2        174.    The allegations of Paragraph 174 are not directed at KPE and, therefore, no response is

3    required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

4    form a belief as to the truth of the allegations of Paragraph 174, and therefore denies them.

5        175.    The allegations of Paragraph 175 are not directed at KPE and, therefore, no response is

6    required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

7    form a belief as to the truth of the allegations of Paragraph 175, and therefore denies them.

8        176.    To the extent that the allegations of Paragraph 176 relate to other defendants, KPE lacks

9    knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

10   the extent the allegations of Paragraph 176 relate to KPE, KPE denies all of the allegations.

11       177.    The allegations of Paragraph 177 are not directed at KPE and, therefore, no response is

12   required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

13   form a belief as to the truth of the allegations of Paragraph 177, and therefore denies them.

14       178.    To the extent that the allegations of Paragraph 178 relate to other defendants, KPE lacks

15   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

16   the extent the allegations of Paragraph 178 relate to KPE, KPE denies all of the allegations.

17       179.    To the extent that the allegations of Paragraph 179 relate to other defendants, KPE lacks

18   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

19   the extent the allegations of Paragraph 179 relate to KPE, KPE denies all of the allegations.

20       180.    To the extent that the allegations of Paragraph 180 relate to other defendants, KPE lacks

21   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

22   the extent the allegations of Paragraph 180 relate to KPE, KPE denies all of the allegations.

23       181.    To the extent that the allegations of Paragraph 181 relate to other defendants, KPE lacks

24   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

25   the extent the allegations of Paragraph 181 relate to KPE, KPE denies all of the allegations.

26       182.    The allegations of Paragraph 182 are not directed at KPE and, therefore, no response is

27   required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

28   form a belief as to the truth of the allegations of Paragraph 182, and therefore denies them.

183.    The allegations of Paragraph 183 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 183, and therefore denies them.

184.    KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 184, and therefore denies them.

185.    The allegations of Paragraph 185 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 185, and therefore denies them.

186.    The allegations of Paragraph 186 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 186, and therefore denies them.

187.    The allegations of Paragraph 187 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 187, and therefore denies them.

188.    The first sentence of Paragraph 188 is a legal contention to which no response is required.  With regard to the second and third sentences of Paragraph 188, to the extent that these allegations were derived from or purport to quote analyst reports, those reports speak for themselves and no response is required.  With regard to the last sentence of Paragraph 188, KPE lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

189.    To the extent that the allegations in Paragraph 189 purport to quote an analyst report, that report speaks for itself and no response is required.

190.    KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 190, and therefore denies them.

191.    To the extent that the allegations in Paragraph 191 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 191 are derived from or purport to quote an industry news article, that news article speaks for itself and no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.  With regard to the third sentence of Paragraph 191, to the extent that the

HOWREY LLP

DM_US:23229518_1

1  allegations relate to other defendants, KPE lacks knowledge or information sufficient to form a belief

2  as to their truth, and therefore denies them.

3       192.    To the extent that the allegations of Paragraph 192 are derived from or purport to quote

4  a keynote speaker at a conference, that speaker speaks for himself and no response is required.  KPE

5  otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

6  Paragraph 192, and therefore denies them.

7       193.    With regard to first and second sentence of Paragraph 193, KPE lacks knowledge or

8  information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

9  With regard to the third sentence of Paragraph 193, to the extent that the allegations relate to other

10  defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

11  therefore denies them.  With regard to the third sentence of Paragraph 193, to the extent the allegations

12  relate to KPE, KPE denies all of the allegations.

13       194.    To the extent that the allegations of Paragraph 194 are derived from or purport to quote

14  an analyst report, that report speaks for itself and no response is required.  KPE otherwise lacks

15  knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 194,

16  and therefore denies them.

17       195.    The allegations of Paragraph 195 are not directed at KPE and, therefore, no response is

18  required.  To the extent that a response is required, KPE lacks knowledge or information sufficient to

19  form a belief as to the truth of the allegations of Paragraph 195, and therefore denies them.

20       196.    With regard to second and third sentences of Paragraph 196, KPE lacks knowledge or

21  information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

22  With regard to the first sentence of Paragraph 196, to the extent that the allegations relate to other

23  defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

24  therefore denies them.  With regard to the first sentence of Paragraph 196, to the extent the allegations

25  relate to KPE, KPE denies all of the allegations.  To the extent that the allegations of Paragraph 196

26  are derived from or purport to quote the president of a television maker, Mr. Yu speaks for himself and

27  no response is required.

28       197.    To the extent that the allegations of Paragraph 197 relate to other defendants, KPE lacks

-24-

1    knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

2    the extent the allegations of Paragraph 197 relate to KPE, KPE denies all of the allegations.

3        198.    KPE avers that the allegations of Paragraph 198 constitute legal conclusions and/or

4    conclusions to which no response is required.  To the extent that a response is required, KPE denies

5    each and every allegation of Paragraph 198, including its subparts.

6        199.    KPE avers that the allegations of Paragraph 199 constitute legal conclusions and/or

7    conclusions to which no response is required.  To the extent that a response is required, KPE denies

8    each and every allegation of Paragraph 199.

9        200.    KPE avers that the allegations of Paragraph 200 constitute legal conclusions and/or

10   conclusions to which no response is required.  To the extent that a response is required, KPE denies

11   that it was a party to any "secret conspiracy" as alleged in the last sentence.  KPE is without

12   knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

13   Paragraph 200 and, on that basis, denies them.

14       201.    To the extent that the allegations of Paragraph 201 purport to allege the state of mind of

15   Plaintiffs and purported members of the Class, KPE lacks sufficient knowledge or information to form

16   a belief as to the truth of those allegations and, on that basis, denies them.  KPE otherwise denies the

17   allegations of Paragraph 201.

18       202.    To the extent that the allegations of Paragraph 202 relate to other defendants, KPE lacks

19   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

20   the extent the allegations of Paragraph 202 and its subparts relate to KPE, KPE denies all of the

21   allegations.

22       203.    To the extent that the allegations in Paragraph 203 state legal contentions, no response

23   is required.  KPE otherwise denies the allegations in Paragraph 203.

24       204.    To the extent that the allegations in Paragraph 204 state legal contentions, no response

25   is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

26   the allegations in Paragraph 204, and therefore denies them.

27       205.    To the extent that the allegations of Paragraph 205 and its subparts relate to other

28   defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

1   therefore denies them.  To the extent the allegations of Paragraph 205 and its subparts relate to KPE,

2   KPE denies all of the allegations.

3         206.    To the extent that the allegations of Paragraph 206 relate to other defendants, KPE lacks

4   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

5   the extent the allegations of Paragraph 206 relate to KPE, KPE denies all of the allegations.

6         207.    With regard to first and second sentence of Paragraph 207, KPE lacks knowledge or

7   information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

8   With regard to the third sentence of Paragraph 207, to the extent that the allegations relate to other

9   defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

10  therefore denies them.  With regard to the third sentence of Paragraph 207, to the extent the allegations

11  relate to KPE, KPE denies all of the allegations.

12        208.    With regard to first and second sentence of Paragraph 208, KPE lacks knowledge or

13  information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

14  With regard to the third sentence of Paragraph 208, to the extent that the allegations relate to other

15  defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

16  therefore denies them.  With regard to the third sentence of Paragraph 208, to the extent the allegations

17  relate to KPE, KPE denies all of the allegations.

18        209.    To the extent that the allegations of Paragraph 209 relate to other defendants, KPE lacks

19  knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

20  the extent the allegations of Paragraph 209 relate to KPE, KPE denies all of the allegations.  To the

21  extent that the allegations of Paragraph 209 are derived from or purport to quote published statements

22  made by a Deputy General Manager for an LG Electronics distributor, that publication speaks for itself

23  and no response is required.

24        210.    KPE lacks knowledge or information sufficient to form a belief as to the truth of the

25  allegations of Paragraph 210, and therefore denies them.

26        211.    To the extent that the allegations of Paragraph 211 relate to other defendants, KPE lacks

27  knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

28  the extent the allegations of Paragraph 211 relate to KPE, KPE denies all of the allegations.

-26-

212.    The allegations in Paragraph 212 are legal contentions to which no response is required. To the extent any facts are alleged in Paragraph 212 to which a response is required, KPE denies them.

## VIII.   CLAIM FOR VIOLATIONS OF 15 U.S.C. § 1

213.    KPE repeats and incorporates by reference its responses to Paragraphs 1 through 212 of the Amended Complaint with the same force and effect as if set forth herein at length.

214.    KPE avers that the allegations of Paragraph 214 constitute legal contentions and/or conclusions to which no response is required.  To the extent that Paragraph 214 may be deemed to require a response from KPE, KPE denies all of the allegations.

215.    KPE denies each and every allegation of Paragraph 215.

216.    KPE denies each and every allegation of Paragraph 216.

217.    KPE denies each and every allegation of Paragraph 217.

218.    KPE denies each and every allegation of Paragraph 218.

219.    KPE denies each and every allegation of Paragraph 219.

220.    KPE denies each and every allegation of Paragraph 220, including its subparts.

221.    KPE denies each and every allegation of Paragraph 221.

## IX. DAMAGES

222.    KPE denies each and every allegation of Paragraph 222.

## X. ALLEGATIONS CONCERNING PLAINTIFFS' PRAYER FOR RELIEF

KPE denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of KPE as alleged in the Amended Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint.

## AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, KPE asserts the following additional and/or affirmative defenses to Plaintiffs' Amended Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Amended Complaint fails to state a claim upon which relief can be granted.

1

## SECOND AFFIRMATIVE DEFENSE

2

### (Lack of Subject Matter Jurisdiction)

3      The conduct alleged to provide a basis for the claims of Plaintiffs and any putative class

4   members did not have a direct, substantial, and reasonably foreseeable effect on trade or commerce

5   with the United States.  The Court, therefore, lacks subject matter jurisdiction of the claims of

6   Plaintiffs and any putative class members.

7

## THIRD AFFIRMATIVE DEFENSE

8

### (Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)

9      Plaintiffs' claims for any foreign purchases, if any, should be dismissed to the extent that they

10   are barred, in whole or in part, because Plaintiffs have failed to allege facts sufficient to support a

11   claim under the foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

12

## FOURTH AFFIRMATIVE DEFENSE

13

### (Vagueness of Claims)

14      Plaintiffs' claims should be dismissed for uncertainty and vagueness and because their claims

15   are ambiguous, and/or unintelligible. KPE avers that Plaintiffs' claims do not describe the events or

16   legal theories with sufficient particularity to permit KPE to ascertain what other defenses may exist.

17   KPE therefore reserves the right to amend its Answer to assert additional defenses and/or supplement,

18   alter, or change its Answer and/or defenses upon the discovery of more definitive facts upon the

19   completion of its investigation and discovery.

20

## FIFTH AFFIRMATIVE DEFENSE

21

### (Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

22      Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

23   because Plaintiffs have failed to allege fraud or fraudulent concealment with sufficient particularity.

24

## SIXTH AFFIRMATIVE DEFENSE

25

### (Failure to Plead Conspiracy with Particularity)

26      Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

27   because Plaintiffs have failed to allege conspiracy with sufficient particularity.

28

**HOWREY LLP**

DM_US:23229518_1

**SEVENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitation)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the applicable statute(s) of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unilateral Action)**

Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because the actions or practices of KPE that are the subject of the Amended Complaint were undertaken unilaterally for legitimate business reasons and in pursuit of KPE's independent interests and those of its customers, and were not the product of any contract, combination or conspiracy between KPE and any other person or entity.

**NINTH AFFIRMATIVE DEFENSE**

**(Rule of Reason)**

Plaintiffs claims and claims of any putative class members are barred, in whole or in part, because any acts or practices of KPE that are the subject of the Amended Complaint were adopted in furtherance of legitimate business interests of KPE and of its customers and do not unreasonably restrain competition.

**TENTH AFFIRMATIVE DEFENSE**

**(Competition)**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any acts or practices of KPE that are the subject of the Amended Complaint were cost justified or otherwise economically justified and resulted from a good faith effort to meet competition or market conditions.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Non-actionable or Governmental Privilege)**

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of KPE that is the subject of the Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO DIRECT PURCHASER PLAINTIFFS'
CONSOLIDATED AMENDED COMPLAINT

DM_US:23229518_1

regulatory agencies, and such is non-actionable or privileged.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Act of KPE)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because no plaintiff has been injured in its business or property by reason of any action of KPE.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Intervening Conduct)**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any alleged injuries and/or damages were not legally or proximately caused by any acts or omissions of KPE and/or were caused, if at all, solely and proximately by the conduct of third parties including, without limitations, the prior, intervening or superseding conduct of such third parties.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(*Ultra Vires*)**

To the extent that any actionable conduct occurred, Plaintiffs claims and the claims of any putative class members against KPE are barred because all such conduct would have been committed by individuals acting *ultra vires*.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Damages Passed On)**

Plaintiffs claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Amended Complaint, which KPE specifically denies, was passed on to persons or entities other than the Plaintiffs and/or was passed on by Plaintiffs to other parties.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Legal Acts)**

Plaintiffs' claims are barred, in whole or in part, to the extent they are based on alleged acts, conduct or statements that are specifically permitted by law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

Plaintiffs' claims should be dismissed, in whole or in part, because Plaintiffs and/or certain

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO DIRECT PURCHASER PLAINTIFFS'
CONSOLIDATED AMENDED COMPLAINT

DM_US:23229518_1

1    members of the putative class failed to take all necessary, reasonable, and appropriate actions to

2    mitigate their alleged damages, if any.

3                          **EIGHTEENTH AFFIRMATIVE DEFENSE**

4                                    **(Unjust Enrichment)**

5           Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

6    because Plaintiffs and/or certain members of the putative class would be unjustly enriched if they were

7    allowed to recover any part of the damages alleged in the Amended Complaint.

8                          **NINETEENTH AFFIRMATIVE DEFENSE**

9                                         **(Set Off)**

10          Without admitting that Plaintiffs are entitled to recover damages in this matter, KPE is entitled

11   to set off from any recovery Plaintiffs may obtain against KPE any amount paid to Plaintiffs by any

12   other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

13                          **TWENTIETH AFFIRMATIVE DEFENSE**

14                                       **(Withdrawal)**

15          To the extent that any actionable conduct occurred for which KPE is liable, some or all of

16   Plaintiffs' claims against KPE are barred because KPE withdrew from and/or abandoned any alleged

17   conspiracy prior to the commencement of the limitations period set forth in applicable statutes of

18   limitations.

19                       **TWENTY-FIRST AFFIRMATIVE DEFENSE**

20                                  **(Waiver and Estoppel)**

21          Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by

22   the doctrines of waiver and/or estoppel.

23                     **TWENTY-SECOND AFFIRMATIVE DEFENSE**

24                                        **(Laches)**

25          Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by

26   the equitable doctrine of laches.

27

28

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO DIRECT PURCHASER PLAINTIFFS'
CONSOLIDATED AMENDED COMPLAINT

1

## TWENTY-THIRD AFFIRMATIVE DEFENSE

2

### (Unclean Hands)

3    Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by

4 the equitable doctrine of unclean hands.

5

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

6

### (Acquiescence)

7    Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by

8 Plaintiffs' and/or certain members of the putative class acquiescence and/or confirmation of any and all

9 conduct and/or omissions alleged as to KPE.

10

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

11

### (Accord and Satisfaction)

12    Plaintiffs claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

13

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

14

### (*Forum Non Conveniens*)

15    The Amended Complaint should be dismissed on the grounds of *forum non conveniens*.

16

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

17

### (Improper Forum/Arbitration)

18    Plaintiffs claims and claims of any putative class members against KPE are barred to the extent

19 that they have agreed to arbitration or chosen a different forum for the resolution of their claims.

20

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

21

### (Adequate Remedy at Law)

22    Plaintiffs' claims for injunctive relief should be dismissed because Plaintiffs and/or certain

23 members of the putative class have available an adequate remedy at law.

24

## TWENTY-NINTH AFFIRMATIVE DEFENSE

25

### (Failure to Join Indispensable Parties)

26    Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, for

27 failure to join indispensable parties.

28

HOWREY LLP

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO DIRECT PURCHASER PLAINTIFFS'
CONSOLIDATED AMENDED COMPLAINT

DM_US:23229518_1

1

## THIRTIETH AFFIRMATIVE DEFENSE

2

### (Due Process)

3       Plaintiffs claims and claims of any putative class members are barred, in whole or in part, to

4   the extent they seek an improper multiple punitive award for a single wrong because such an award

5   would violate KPE's rights guaranteed by the Due Process clause of the Fifth Amendment of the

6   United States Constitution.

7

## THIRTY-FIRST AFFIRMATIVE DEFENSE

8

### (Due Process)

9       Plaintiffs claims and claims of any putative class members are barred, in whole or in part, to the

10  extent they seek an improper multiple punitive award for a single wrong because such an award would

11  violate KPE's rights guaranteed by the Due Process provision of the Fourteenth Amendment of the

12  United States Constitution.

13

## THIRTY-SECOND AFFIRMATIVE DEFENSE

14

### (Equal Protection)

15      Plaintiffs claims and claims of any putative class members are barred, in whole or in part, to the

16  extent they seek an improper multiple punitive award for a single wrong because such an award would

17  violate KPE's rights guaranteed by the Equal Protection provision of the Fourteenth Amendment of the

18  United States Constitution.

19

## THIRTY-THIRD AFFIRMATIVE DEFENSE

20

### (Double Jeopardy)

21      Plaintiffs claims and claims of any putative class members are barred, in whole or in part, to the

22  extent they seek an improper multiple punitive award for a single wrong because such an award would

23  violate KPE's rights guaranteed by the Double Jeopardy Clause of the Fifth Amendment of the United

24  States Constitution.

25

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

26

### (Excessive Fines)

27      Plaintiffs claims and claims of any putative class members are barred, in whole or in part, to the

28  extent they seek an improper multiple punitive award for a single wrong because such an award would

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO DIRECT PURCHASER PLAINTIFFS'
CONSOLIDATED AMENDED COMPLAINT

DM_US:23229518_1

1  violate KPE's rights guaranteed by the Excessive Fines provision of the Eighth Amendment of the

2  United States Constitution.

3  **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

4  **(Unconstitutional Multiplicity)**

5  To the extent any recovery by Plaintiffs or members of the putative class would be duplicative

6  of recovery by other plaintiffs and other lawsuits, subjecting KPE to the possibility of multiple

7  recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States

8  Constitution.

9  **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

10  **(Foreign Sales)**

11  Plaintiffs' claims are barred, in whole or in part, because Plaintiffs may not recover damages, if

12  any, based on sales outside of the United States.

13  **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

14  **(Other Defenses Incorporated by Reference)**

15  KPE adopts and incorporates by reference any and all other additional or affirmative defenses

16  asserted or to be asserted by any other defendants.

17  **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

18  **(Reservation of Rights to Assert Additional Defenses)**

19  KPE has not knowingly or intentionally waived any applicable defenses and explicitly reserves

20  the right to assert and rely on such other applicable defenses as may become available or apparent

21  during discovery proceedings. KPE further reserves the right to amend its Answer and/or its defenses

22  accordingly, and/or to delete defenses that it determines are not applicable during the course of

23  subsequent discovery.

24  **WHEREFORE**, KPE prays as follows:

25  1.    That the Plaintiffs take nothing by way of the Amended Complaint and the Amended

26  Complaint be dismissed with prejudice;

27  2.    That judgment be entered in favor of KPE and against Plaintiffs on each and every

28  cause of action set forth in the Amended Complaint;

1          3.          That KPE recover its costs of suit and attorneys' fees incurred herein; and

2          4.          That KPE be granted such other and further relief as the Court deems just and proper.

3

4     DATED:  April 29, 2010                    HOWREY LLP

5

6                                                 /s/ Emily L. Maxwell
                                                Emily L. Maxwell

7
                                                525 Market Street
8                                               Suite 3600
                                                San Francisco, CA 94105-2708
9                                               Telephone: (415) 848-4947
                                                Facsimile: (212) 848-4999
10                                              Email: MaxwellE@Howrey.com

11                                              *Attorneys for Koninklijke Philips Electronics N.V.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO DIRECT PURCHASER PLAINTIFFS'
CONSOLIDATED AMENDED COMPLAINT
DM_US:23229518_1