EMILY L. MAXWELL (SBN 185646)
Email: MaxwellE@howrey.com
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105-2708
Telephone: (415) 848-4947
Facsimile: (415) 848-4999

JOHN M. TALADAY *(pro hac vice)*
RICHARD A. RIPLEY *(pro hac vice)*
Email: taladayj@howrey.com
Email: ripleyr@howrey.com
HOWREY LLP
1299 Pennsylvania Ave NW
Washington, DC 20004
Telephone: (202) 383-6564
Facsimile: (202) 383-6610

ETHAN E. LITWIN *(pro hac vice)*
Email: litwine@howrey.com
HOWREY LLP
601 Lexington Avenue, 54th Floor
New York, NY 10022-4629
Telephone: (212) 896-6500
Facsimile: (212) 896-6501

Attorneys for PHILIPS ELECTRONICS NORTH AMERICA CORPORATION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | **Case No. 07-5944-SC** |
| | **MDL No. 1917** |
| | **ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT** |
| This Document Relates to: ALL  DIRECT PURCHASER ACTIONS | **Trial Date:  None Set** |

HOWREY LLP

1    Defendant Philips Electronics North America Corporation ("PENAC"), by and through its

2    undersigned counsel of record, answer the Direct Purchaser Plaintiffs' Consolidated Amended

3    Complaint (the "Amended Complaint") and allege additional or affirmative defenses as follows.

4    PENAC denies each and every allegation in the Amended Complaint's section headings and in all

5    portions of the Amended Complaint not contained in numbered paragraphs.  To the extent that the

6    Amended Complaint's allegations concern persons and/or entities other than PENAC, PENAC denies

7    that such allegations support any claim for relief against PENAC.

8                                    **I.  INTRODUCTION**

9         1.    To the extent that the allegations of Paragraph 1 are definitional, PENAC avers that no

10   response is required.  PENAC avers that the use of the term "Philips", which improperly conflates four

11   distinct defendants and legal entities together, and "CRT Products", which improperly conflates

12   numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses,

13   technologies, and products at different points in the production chain) together, renders the allegations

14   of the Amended Complaint indefinite and uncertain.  To the extent a response is required, PENAC

15   denies all the allegations of Paragraph 1, with the exception of matters specifically admitted herein as

16   follows.  PENAC admits that Plaintiffs purport to bring an antitrust class action on behalf of certain

17   persons or entities, but denies that Plaintiffs are entitled to any relief or that this action may proceed as

18   a class action.  In particular, PENAC denies that the "Class Period" defined by Plaintiffs is a proper

19   class period or that any class of purchasers spanning that period (or any other period) may be certified.

20   PENAC admits that cathode ray tubes ("CRTs"), specifically color display tubes ("CDTs") and color

21   picture tubes ("CPTs"), are used in certain computer monitors and televisions respectively.  PENAC

22   acknowledges that Plaintiffs define "CRT Products" to include both CDTs and CPTs and products

23   containing such CDTs or CPTs, but PENAC denies that the Court could properly certify a plaintiff

24   class including purchasers of both CDTs or CPTs and finished products containing such CDTs or

25   CPTs.

26        2.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

27   allegations of Paragraph 2, and therefore denies them.  PENAC objects to Plaintiff's reference to a

28

HOWREY LLP

- 1 -
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO DIRECT PURCHASER
PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

DM_US:23229526_1

1  "CRT industry" and a "CRT market" and avers that the use of such terms render the allegations of the

2  Amended Complaint indefinite and uncertain.

3      3.      PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

4  allegations of Paragraph 3, and therefore denies them.

5      4.      PENAC avers that the allegations of Paragraph 4 constitute legal conclusions and/or

6  conclusions to which no response is required.  To the extent that a response may be deemed necessary

7  and to the extent that the allegations pertain to other defendants, PENAC lacks knowledge or

8  information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the

9  allegations of Paragraph 4 relate to PENAC, PENAC denies all of the allegations.  PENAC otherwise

10  lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

11  Paragraph 4, and therefore denies them.

12     5.      To the extent that the allegations pertain to other defendants, PENAC lacks knowledge

13  or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the

14  allegations of Paragraph 5 relate to PENAC, PENAC denies all of the allegations.  PENAC otherwise

15  lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

16  Paragraph 5, and therefore denies them.

17     6.      PENAC avers that the allegations of Paragraph 6 constitute legal conclusions and/or

18  conclusions to which no response is required.  To the extent that a response may be deemed necessary

19  and to the extent that the allegations pertain to other defendants, PENAC lacks knowledge or

20  information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the

21  allegations of Paragraph 5 relate to PENAC, PENAC denies all of the allegations.  PENAC otherwise

22  lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

23  Paragraph 6, and therefore denies them.

24     7.      PENAC admits that government authorities in the United States, the European Union,

25  Japan and South Korea have commenced investigations of the CRT industry, the details of which are

26  matters of public record and such records speak for themselves.   PENAC admits that an indictment

27  was issued against C.Y. Lin, the details of which is a matter of public record and such records speak

28  for themselves.

HOWREY LLP

-2-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION. TO DIRECT PURCHASER
PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229526_1

## II. ALLEGATIONS CONCERNING JURISDICTION AND VENUE

8.      PENAC admits that Plaintiffs purport to bring this action to obtain injunctive relief and to recover damages for alleged violations of Section 1 of the Sherman Act (15 U.S.C. § 1), but denies that Plaintiffs are entitled to any relief under that statute.

9.      PENAC avers that the allegations of Paragraph 9 regarding jurisdiction constitute legal conclusions and/or conclusions to which no response is required.

10.      PENAC avers that the allegations of Paragraph 10 regarding jurisdiction constitute legal conclusions and/or conclusions to which no response is required.  To the extent that the allegations contained in Paragraph 10 may be deemed to require a response from PENAC, PENAC denies that venue lies in this district based on the conduct of PENAC as alleged in the Amended Complaint.

## III.  PARTIES

### A.      Plaintiffs

11.      To the extent that the allegations of Paragraph 11 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 11 relate to PENAC, PENAC denies all of the allegations.

12.      To the extent that the allegations of Paragraph 12 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 12 relate to PENAC, PENAC denies all of the allegations.

13.      To the extent that the allegations of Paragraph 13 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 13 relate to PENAC, PENAC denies all of the allegations.

14.      To the extent that the allegations of Paragraph 14 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 14 relate to PENAC, PENAC denies all of the allegations.

15.     To the extent that the allegations of Paragraph 15 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 15 relate to PENAC, PENAC denies all of the allegations.

16.     To the extent that the allegations of Paragraph 16 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 16 relate to PENAC, PENAC denies all of the allegations.

17.     To the extent that the allegations of Paragraph 17 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 17 relate to PENAC, PENAC denies all of the allegations.

18.     To the extent that the allegations of Paragraph 18 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 18 relate to PENAC, PENAC denies all of the allegations.

19.     To the extent that the allegations of Paragraph 19 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 19 relate to PENAC, PENAC denies all of the allegations.

20.     To the extent that the allegations of Paragraph 20 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 20 relate to PENAC, PENAC denies all of the allegations.

21.     To the extent that the allegations of Paragraph 21 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 21 relate to PENAC, PENAC denies all of the allegations.

22.     To the extent that the allegations of Paragraph 22 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 22 relate to PENAC, PENAC denies all of the allegations.

23.     To the extent that the allegations of Paragraph 23 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 23 relate to PENAC, PENAC denies all of the allegations.

**B.      Defendants**

24.     The allegations of Paragraph 24 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and therefore denies them.

25.     The allegations of Paragraph 25 are not directed at PENAC and, therefore, no response is required.  To the extent that response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and therefore denies them.

26.     The allegations of Paragraph 26 are an explanation of terminology, for which no response is required.

27.     The allegations of Paragraph 27 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and therefore denies them.

28.     The allegations of Paragraph 28 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28, and therefore denies them.

29.     The allegations of Paragraph 29 are an explanation of terminology, for which no response is required.

30.     The allegations of Paragraph 30 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30, and therefore denies them.

1        31.      The allegations of Paragraph 31 are not directed at PENAC and, therefore, no response

2   is required.  To the extent that a response is required, PENAC lacks knowledge or information

3   sufficient to form a belief as to the truth of the allegations of Paragraph 31, and therefore denies them.

4        32.      The allegations of Paragraph 32 are not directed at PENAC and, therefore, no response

5   is required.  To the extent that a response is required, PENAC lacks knowledge or information

6   sufficient to form a belief as to the truth of the allegations of Paragraph 32, and therefore denies them.

7        33.      The allegations of Paragraph 33 are not directed at PENAC and, therefore, no response

8   is required.  To the extent that a response is required, PENAC lacks knowledge or information

9   sufficient to form a belief as to the truth of the allegations of Paragraph 33, and therefore denies them.

10       34.      The allegations of Paragraph 34 are not directed at PENAC and, therefore, no response

11  is required.  To the extent that a response is required, PENAC lacks knowledge or information

12  sufficient to form a belief as to the truth of the allegations of Paragraph 34, and therefore denies them.

13       35.      The allegations of Paragraph 35 are not directed at PENAC and, therefore, no response

14  is required.  To the extent that a response is required, PENAC lacks knowledge or information

15  sufficient to form a belief as to the truth of the allegations of Paragraph 35, and therefore denies them.

16       36.      The allegations of Paragraph 36 are an explanation of terminology, for which no

17  response is required.

18       37.      The allegations of Paragraph 37 are not directed at PENAC and, therefore, no response

19  is required.  To the extent that a response is required, PENAC lacks knowledge or information

20  sufficient to form a belief as to the truth of the allegations of Paragraph 37, and therefore denies them.

21       38.      The allegations of Paragraph 38 are not directed at PENAC and, therefore, no response

22  is required.  To the extent that a response is required, PENAC lacks knowledge or information

23  sufficient to form a belief as to the truth of the allegations of Paragraph 38, and therefore denies them.

24       39.      The allegations of Paragraph 39 are not directed at PENAC and, therefore, no response

25  is required.  To the extent that a response is required, PENAC lacks knowledge or information

26  sufficient to form a belief as to the truth of the allegations of Paragraph 39, and therefore denies them.

27       40.      The allegations of Paragraph 40 are an explanation of terminology, for which no

28  response is required.

41.     To the extent that the allegations of Paragraph 41 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations of Paragraph 41 relate to PENAC, PENAC denies them, with the exception of matters specifically admitted herein as follows.  PENAC admits that LG.Philips Displays was formed in 2001.

42.     The allegations of Paragraph 42 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42, and therefore denies them.

43.     The allegations of Paragraph 43 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43, and therefore denies them.

44.     The allegations of Paragraph 44 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44, and therefore denies them.

45.     The allegations of Paragraph 45 are an explanation of terminology, for which no response is required.

46.     The allegations of Paragraph 46 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46, and therefore denies them.

47.     The allegations of Paragraph 47 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47, and therefore denies them.

48.     The allegations of Paragraph 48 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48, and therefore denies them.

49.     The allegations of Paragraph 49 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49, and therefore denies them.

50.     The allegations of Paragraph 50 are an explanation of terminology, for which no response is required.

51.     PENAC admits the first and fourth sentences of Paragraph 51.  PENAC denies that it manufactured, sold, or distributed CRT Products on behalf of Koninklijke Philips Electronics N.V. ("KPE") in the United States.  PENAC lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 51 and therefore denies them.

52.     PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52, and therefore denies them.  Further, PENAC avers that claims against Philips Electronics Industries, Ltd. were dismissed pursuant to the Notice of Voluntary Dismissal Without Prejudice as to Defendants Philips Consumer Electronics Co. and Philips Electronics Industries, Ltd., filed by Plaintiffs and entered on May 18, 2009.

53.     PENAC admits the first and third sentences of Paragraph 53.  PENAC admits that it is an indirect subsidiary of PENAC.  PENAC denies that KPE dominated or controlled its finances, policies or affairs.

54.     PENAC denies all of the allegations of Paragraph 54.   Further, PENAC avers that claims against Philips Consumer Electronics Co. were dismissed pursuant to the Notice of Voluntary Dismissal Without Prejudice as to Defendants Philips Consumer Electronics Co. and Philips Electronics Industries, Ltd., filed by Plaintiffs and entered on May 18, 2009.

55.     PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55, and therefore denies them.

56.     PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56, and therefore denies them.

57.     The allegations of Paragraph 57 are an explanation of terminology, for which no response is required.  PENAC avers, however, that Paragraph 57 renders the Amended Complaint indefinite and uncertain as to PENAC.

58.     The allegations of Paragraph 58 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58, and therefore denies them.

59.     The allegations of Paragraph 59 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59, and therefore denies them.

60.     The allegations of Paragraph 60 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60, and therefore denies them.

61.     The allegations of Paragraph 61 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61, and therefore denies them.

62.     The allegations of Paragraph 62 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62, and therefore denies them.

63.     The allegations of Paragraph 63 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63, and therefore denies them.

64.     The allegations of Paragraph 64 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64, and therefore denies them.

65.     The allegations of Paragraph 65 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65, and therefore denies them.

66.     The allegations of Paragraph 66 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66, and therefore denies them.

67.     The allegations of Paragraph 67 are an explanation of terminology, for which no response is required.

68.     The allegations of Paragraph 68 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information

-9-

1  sufficient to form a belief as to the truth of the allegations of Paragraph 68, and therefore denies them.

2         69.    The allegations of Paragraph 69 are not directed at PENAC and, therefore, no response

3  is required.  To the extent that a response is required, PENAC lacks knowledge or information

4  sufficient to form a belief as to the truth of the allegations of Paragraph 69, and therefore denies them.

5         70.    The allegations of Paragraph 70 are not directed at PENAC and, therefore, no response

6  is required.  To the extent that a response is required, PENAC lacks knowledge or information

7  sufficient to form a belief as to the truth of the allegations of Paragraph 70, and therefore denies them.

8         71.    The allegations of Paragraph 71 are not directed at PENAC and, therefore, no response

9  is required.  To the extent that a response is required, PENAC lacks knowledge or information

10  sufficient to form a belief as to the truth of the allegations of Paragraph 71, and therefore denies them.

11        72.    The allegations of Paragraph 72 are not directed at PENAC and, therefore, no response

12  is required.  To the extent that a response is required, PENAC lacks knowledge or information

13  sufficient to form a belief as to the truth of the allegations of Paragraph 72, and therefore denies them.

14        73.    The allegations of Paragraph 73 are not directed at PENAC and, therefore, no response

15  is required.  To the extent that a response is required, PENAC lacks knowledge or information

16  sufficient to form a belief as to the truth of the allegations of Paragraph 73, and therefore denies them.

17        74.    The allegations of Paragraph 74 are not directed at PENAC and, therefore, no response

18  is required.  To the extent that a response is required, PENAC lacks knowledge or information

19  sufficient to form a belief as to the truth of the allegations of Paragraph 74, and therefore denies them.

20        75.    The allegations of Paragraph 75 are not directed at PENAC and, therefore, no response

21  is required.  To the extent that a response is required, PENAC lacks knowledge or information

22  sufficient to form a belief as to the truth of the allegations of Paragraph 75, and therefore denies them.

23        76.    The allegations of Paragraph 76 are not directed at PENAC and, therefore, no response

24  is required.  To the extent that a response is required, PENAC lacks knowledge or information

25  sufficient to form a belief as to the truth of the allegations of Paragraph 76, and therefore denies them.

26        77.    The allegations of Paragraph 77 are not directed at PENAC and, therefore, no response

27  is required.  To the extent that a response is required, PENAC lacks knowledge or information

28  sufficient to form a belief as to the truth of the allegations of Paragraph 77, and therefore denies them.

1    78.    The allegations of Paragraph 78 are an explanation of terminology, for which no

2    response is required.

3    79.    The allegations of Paragraph 79 are not directed at PENAC and, therefore, no response

4    is required.  To the extent that a response is required, PENAC lacks knowledge or information

5    sufficient to form a belief as to the truth of the allegations of Paragraph 79, and therefore denies them.

6    80.    The allegations of Paragraph 80 are not directed at PENAC and, therefore, no response

7    is required.  To the extent that a response is required, PENAC lacks knowledge or information

8    sufficient to form a belief as to the truth of the allegations of Paragraph 80, and therefore denies them.

9    **IV.  ALLEGATIONS CONCERNING AGENTS AND CO-CONSPIRATORS**

10    81.    To the extent that the allegations of Paragraph 81 relate to persons other than PENAC,

11    PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore

12    denies them.  To the extent the allegations of Paragraph 81 relate to PENAC, PENAC denies all of the

13    allegations.

14    82.    Paragraph 82 is an explanation of terminology to which no response is required.

15    83.    Paragraph 83 is a legal conclusion to which no response is required.

16    84.    Paragraph 84 is a legal conclusion to which no response is required.

17    **V.  CLASS ACTION ALLEGATIONS**

18    85.    PENAC admits Plaintiffs purport to bring this action as a putative class action as

19    defined in Paragraph 85, but denies that Fed. R. Civ. P. 23 would permit the certification of a class as

20    defined in Paragraph 85, or at all.

21    86.    Paragraph 86 is an explanation of terminology to which no response is required.  To the

22    extent that a response is required, PENAC denies that a class as defined in Paragraph 86 could properly

23    be certified.

24    87.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

25    allegations of Paragraph 87, and therefore denies them.

26    88.    PENAC avers that the allegations of Paragraph 88 constitute legal conclusions and/or

27    conclusions to which no response is required.  To the extent that a response is required, PENAC denies

28    each and every allegation of Paragraph 88.

89.     PENAC avers that the allegations of Paragraph 89 constitute legal conclusions and/or conclusions to which no response is required.  To the extent that a response is required, PENAC denies that the questions of law or fact enumerated in subparagraphs (a) – (f) of Paragraph 89 are common to the Class as defined in the Amended Complaint or could properly be decided on a class-wide basis.

90.     PENAC avers that the allegations of Paragraph 90 constitute legal conclusions and/or conclusions to which no response is required.  To the extent that a response is required, PENAC denies each and every allegation of Paragraph 90.

91.     PENAC avers that the allegations of Paragraph 91 constitute legal conclusions and/or conclusions to which no response is required.  To the extent that a response is required, PENAC denies each and every allegation of Paragraph 91.

92.     PENAC avers that the allegations of Paragraph 92 constitute legal conclusions and/or conclusions to which no response is required.  To the extent that a response is required, PENAC denies each and every allegation of Paragraph 92.

93.     PENAC avers that the allegations of Paragraph 93 constitute legal conclusions and/or conclusions to which no response is required.  To the extent that a response is required, PENAC denies each and every allegation of Paragraph 93.

94.     PENAC avers that the allegations of Paragraph 94 constitute legal conclusions and/or conclusions to which no response is required.  To the extent that a response is required, PENAC denies each and every allegation of Paragraph 94.

95.     PENAC avers that the allegations of Paragraph 95 constitute legal conclusions and/or conclusions to which no response is required.  To the extent that a response is required, PENAC denies each and every allegation of Paragraph 95.

## VI. ALLEGATIONS CONCERNING TRADE AND COMMERCE

96.     To the extent the allegations in Paragraph 96 concern defendants other than PENAC, PENAC is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  The allegations in Paragraph 96 regarding "continuous and uninterrupted flow of interstate commerce and foreign commerce" are legal contentions to which no response is required.  To the extent the remaining allegations in Paragraph 96 require a response,

HOWREY LLP

-12-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION. TO DIRECT PURCHASER
PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229526_1

1  PENAC denies them.

2      97.    PENAC denies each and every allegation of Paragraph 97.

3      98.    The allegations in Paragraph 98 are legal contentions to which no response is required.

4  To the extent a response is required and the allegations in Paragraph 98 concern PENAC, PENAC

5  denies them.

6                    **VII. FACTUAL ALLEGATIONS**

7      99.    PENAC admits that the allegations in Paragraph 99 generally describe CRT technology

8  but denies that these descriptions are complete.

9      100.   PENAC admits that the allegations in Paragraph 100 generally describe CRT

10  technology but denies that these descriptions are complete.

11      101.   PENAC denies the allegations in Paragraph 101.

12      102.   PENAC admits that the allegations in Paragraph 102 generally describe CRT

13  technology but denies that these descriptions are complete.

14      103.   PENAC admits that the allegations in Paragraph 103 generally describe CRT

15  technology but denies that these descriptions are complete.

16      104.   To the extent that the allegations contained in Paragraph 104 were derived from analyst

17  reports, those reports speak for themselves and no response is required.  PENAC otherwise lacks

18  knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis,

19  denies them.

20      105.   PENAC admits that the allegations in Paragraph 105 generally describe CRT

21  technology but denies that these descriptions are complete.

22      106.   PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

23  allegations of Paragraph 106, and therefore denies them.  To the extent the allegations in Paragraph

24  106 concern defendants other than PENAC, PENAC is without knowledge or information sufficient to

25  form a belief as to the truth of the allegations and, on that basis, denies them.

26      107.   PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

27  allegations of Paragraph 107, and therefore denies them.  To the extent the allegations in Paragraph

28  107 concern defendants other than PENAC, PENAC is without knowledge or information sufficient to

HOWREY LLP

-13-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION. TO DIRECT PURCHASER
PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

DM_US:23229526_1

1  form a belief as to the truth of the allegations and, on that basis, denies them.

2      108.    To the extent that the allegations contained in Paragraph 108 were derived from analyst

3  reports, those reports speak for themselves and no response is required.  To the extent the allegations in

4  Paragraph 108 concern defendants other than PENAC, PENAC is without knowledge or information

5  sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

6      109.    To the extent that the allegations contained in Paragraph 109 were derived from analyst

7  reports, those reports speak for themselves and no response is required.  To the extent the allegations in

8  Paragraph 109 concern defendants other than PENAC, PENAC is without knowledge or information

9  sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

10      110.    To the extent that the allegations contained in Paragraph 110 were derived from analyst

11  reports, those reports speak for themselves and no response is required.  To the extent the allegations in

12  Paragraph 110 concern defendants other than PENAC, PENAC is without knowledge or information

13  sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

14      111.    To the extent that the allegations contained in Paragraph 111 were derived from analyst

15  reports, those reports speak for themselves and no response is required.  To the extent the allegations in

16  Paragraph 111 concern defendants other than PENAC, PENAC is without knowledge or information

17  sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.  PENAC

18  otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

19  Paragraph 2, and therefore denies them.

20      112.    The allegations in the first sentence of Paragraph 112 are legal contentions to which no

21  response is required.  To the extent the other allegations in Paragraph 112 concern defendants other

22  than PENAC, PENAC is without knowledge or information sufficient to form a belief as to the truth of

23  the allegations and, on that basis, denies them.  To the extent that the allegation in Paragraph 112

24  purport to summarize or quote published data, those publications speak for themselves.

25      113.    The allegations in Paragraph 113 are legal contentions to which no response is required.

26      114.    To the extent that the allegations of Paragraph 114 relate to defendants other than

27  PENAC, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

28  therefore denies them.  To the extent the allegations of Paragraph 114 relate to PENAC, PENAC

1  denies all of the allegations.

2       115.    PENAC avers that the allegations of Paragraph 115 constitute legal conclusions and/or

3  conclusions to which no response is required.  To the extent that allegations of Paragraph 115 relate to

4  defendants other than PENAC, PENAC lacks knowledge or information sufficient to form a belief as

5  to their truth, and therefore denies them.  To the extent the allegations of Paragraph 115 relate to

6  PENAC, PENAC denies all of the allegations.

7       116.    To the extent that the allegations of Paragraph 116 relate to defendants other than

8  PENAC, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

9  therefore denies them.  To the extent that the allegations of Paragraph 116 relate to PENAC, PENAC

10  denies them.

11       117.    The allegations of Paragraph 117 are not directed at PENAC and, therefore, no response

12  is required.  To the extent that a response is required, PENAC lacks knowledge or information

13  sufficient to form a belief as to the truth of the allegations of Paragraph 117, and therefore denies them.

14       118.    The allegations of Paragraph 118 are not directed at PENAC and, therefore, no response

15  is required.  To the extent that a response is required, PENAC lacks knowledge or information

16  sufficient to form a belief as to the truth of the allegations of Paragraph 118, and therefore denies them.

17       119.    The allegations of Paragraph 119 are not directed at PENAC and, therefore, no response

18  is required.  To the extent that a response is required, PENAC lacks knowledge or information

19  sufficient to form a belief as to the truth of the allegations of Paragraph 119, and therefore denies them.

20       120.    To the extent that the allegations of Paragraph 120 relate to defendants other than

21  PENAC, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

22  therefore denies them.  To the extent that the allegations of Paragraph 120 relate to PENAC, PENAC

23  denies that it purchased "picture tubes" from Samtel.

24       121.    The allegations of Paragraph 121 are not directed at PENAC and, therefore, no response

25  is required.  To the extent that a response is required, PENAC lacks knowledge or information

26  sufficient to form a belief as to the truth of the allegations of Paragraph 121, and therefore denies them.

27       122.    To the extent that the allegations of Paragraph 122 relate to defendants other than

28  PENAC, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

-15-

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION. TO DIRECT PURCHASER
PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

1  therefore denies them.  To the extent the allegations of Paragraph 122 relate to PENAC, PENAC

2  denies all of the allegations.

3      123.    To the extent that the allegations contained in Paragraph 123 refer to public statements

4  by the government authorities there listed, those statements speak for themselves and no response is

5  required.  PENAC otherwise denies the allegations of Paragraph 123.

6      124.    To the extent that the allegations of Paragraph 124 relate to other defendants, PENAC

7  lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

8  To the extent that the allegations contained in Paragraph 124 refer to public statements by the

9  government authorities there listed, those statements speak for themselves and no response is required.

10 PENAC otherwise denies the allegations of Paragraph 124.

11     125.    To the extent that the allegations of Paragraph 125 relate to other defendants, PENAC

12 lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

13 To the extent that the allegations contained in Paragraph 125 refer to public statements by the

14 government authorities there listed, those statements speak for themselves and no response is required.

15 PENAC otherwise denies the allegations of Paragraph 125.

16     126.    To the extent that the allegations of Paragraph 126 relate to other defendants, PENAC

17 lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

18 To the extent that the allegations contained in Paragraph 126 refer to public statements by the

19 government authorities there listed, those statements speak for themselves and no response is required.

20 PENAC otherwise denies the allegations of Paragraph 126.

21     127.    To the extent that the allegations of Paragraph 127 relate to other defendants, PENAC

22 lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

23 To the extent that the allegations contained in Paragraph 127 refer to public statements by the

24 government authorities there listed, those statements speak for themselves and no response is required.

25 PENAC otherwise denies the allegations of Paragraph 127.

26     128.    To the extent that the allegations of Paragraph 128 relate to other defendants, PENAC

27 lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

28 To the extent that the allegations contained in Paragraph 128 refer to public statements by the

1   government authorities there listed, those statements speak for themselves and no response is required.

2   PENAC otherwise denies the allegations of Paragraph 128.

3        129.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

4   allegations of Paragraph 129, and therefore denies them.

5        130.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

6   allegations of Paragraph 130, and therefore denies them.

7        131.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

8   allegations of Paragraph 131, and therefore denies them.

9        132.    To the extent that the allegations in Paragraph 132 are derived from or purport to quote

10   a news article, that article speaks for itself and no response is required.  PENAC admits that on

11   November 21, 2007, it received a grand jury subpoena from the Department of Justice regarding the

12   CRT industry.  The Department of Justice subsequently deferred PENAC's obligation to respond to

13   that subpoena.

14        133.    To the extent that the allegations of Paragraph 133 relate to other defendants, PENAC

15   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

16   To the extent that the allegations contained in Paragraph 133 refer to public statements by the

17   government authorities there listed, those statements speak for themselves and no response is required.

18   PENAC otherwise denies the allegations of Paragraph 133.

19        134.    To the extent that the allegations of Paragraph 134 relate to other defendants, PENAC

20   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

21   To the extent the allegations of Paragraph 134 relate to PENAC, PENAC denies all of the allegations.

22        135.    To the extent that the allegations of Paragraph 135 relate to other defendants, PENAC

23   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

24   To the extent the allegations of Paragraph 135 relate to PENAC, PENAC denies all of the allegations.

25        136.    To the extent that the allegations of Paragraph 136 relate to other defendants, PENAC

26   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

27   To the extent the allegations of Paragraph 136 relate to PENAC, PENAC denies all of the allegations.

28        137.    To the extent that the allegations of Paragraph 137 relate to other defendants, PENAC

1    lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

2    To the extent the allegations of Paragraph 137 relate to PENAC, PENAC denies all of the allegations.

3         138.    To the extent that the allegations of Paragraph 138 relate to other defendants, PENAC

4    lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

5    To the extent the allegations of Paragraph 138 relate to PENAC, PENAC denies all of the allegations.

6         139.    PENAC denies each and every allegation of Paragraph 139.

7         140.    To the extent that the allegations of Paragraph 140 relate to other defendants, PENAC

8    lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

9    To the extent the allegations of Paragraph 140 relate to PENAC, PENAC denies all of the allegations.

10        141.    To the extent that the allegations of Paragraph 141 and its subparts relate to other

11   defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

12   therefore denies them.  To the extent the allegations of Paragraph 141 and its subparts relate to

13   PENAC, PENAC denies all of the allegations.

14        142.    To the extent that the allegations of Paragraph 142 relate to other defendants, PENAC

15   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

16   To the extent the allegations of Paragraph 142 relate to PENAC, PENAC denies all of the allegations.

17        143.    To the extent that the allegations of Paragraph 143 relate to other defendants, PENAC

18   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

19   To the extent the allegations of Paragraph 143 relate to PENAC, PENAC denies all of the allegations.

20        144.    To the extent that the allegations of Paragraph 144 relate to other defendants, PENAC

21   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

22   To the extent the allegations of Paragraph 144 relate to PENAC, PENAC denies all of the allegations.

23        145.    To the extent that the allegations of Paragraph 145 relate to other defendants, PENAC

24   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

25   To the extent the allegations of Paragraph 145 relate to PENAC, PENAC denies all of the allegations.

26        146.    To the extent that the allegations of Paragraph 146 relate to other defendants, PENAC

27   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

28   To the extent the allegations of Paragraph 146 relate to PENAC, PENAC denies all of the allegations.

HOWREY LLP

-18-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION. TO DIRECT PURCHASER
PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229526_1

147.    To the extent that the allegations of Paragraph 147 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 147 relate to PENAC, PENAC denies all of the allegations.

148.    To the extent that the allegations of Paragraph 148 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 148 relate to PENAC, PENAC denies all of the allegations.

149.    To the extent that the allegations of Paragraph 149 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 149 relate to PENAC, PENAC denies all of the allegations.

150.    To the extent that the allegations of Paragraph 150 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 150 relate to PENAC, PENAC denies all of the allegations.

151.    To the extent that the allegations of Paragraph 151 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 151 relate to PENAC, PENAC denies all of the allegations.

152.    To the extent that the allegations of Paragraph 152 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 152 relate to PENAC, PENAC denies all of the allegations.

153.    To the extent that the allegations of Paragraph 153 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 153 relate to PENAC, PENAC denies all of the allegations.

154.    The first sentence of Paragraph 154 is an explanation of terminology to which no response is required.  The allegations of Paragraph 154 also state legal contentions to which no response is required.  To the extent that the remaining allegations of Paragraph 154 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 154 relate to PENAC, PENAC denies all of the allegations.

155.    The allegations of Paragraph 155 are not directed at PENAC and, therefore, no response

1   is required.  To the extent that a response is required, PENAC lacks knowledge or information

2   sufficient to form a belief as to the truth of the allegations of Paragraph 155, and therefore denies them.

3       156.    The allegations of Paragraph 156 are not directed at PENAC and, therefore, no response

4   is required.  To the extent that a response is required, PENAC lacks knowledge or information

5   sufficient to form a belief as to the truth of the allegations of Paragraph 156, and therefore denies them.

6       157.    The allegations of Paragraph 157 are not directed at PENAC and, therefore, no response

7   is required.  To the extent that a response is required, PENAC lacks knowledge or information

8   sufficient to form a belief as to the truth of the allegations of Paragraph 157, and therefore denies them.

9       158.    The allegations of Paragraph 158 are not directed at PENAC and, therefore, no response

10  is required.  To the extent that a response is required, PENAC lacks knowledge or information

11  sufficient to form a belief as to the truth of the allegations of Paragraph 158, and therefore denies them.

12      159.    The allegations of Paragraph 159 are not directed at PENAC and, therefore, no response

13  is required.  To the extent that a response is required, PENAC lacks knowledge or information

14  sufficient to form a belief as to the truth of the allegations of Paragraph 159, and therefore denies them.

15      160.    The allegations of Paragraph 160 are not directed at PENAC and, therefore, no response

16  is required.  To the extent that a response is required, PENAC lacks knowledge or information

17  sufficient to form a belief as to the truth of the allegations of Paragraph 160, and therefore denies them.

18      161.    The allegations of Paragraph 161 are not directed at PENAC and, therefore, no response

19  is required.  To the extent that a response is required, PENAC lacks knowledge or information

20  sufficient to form a belief as to the truth of the allegations of Paragraph 161, and therefore denies them.

21      162.    The allegations of Paragraph 162 are not directed at PENAC and, therefore, no response

22  is required.  To the extent that a response is required, PENAC lacks knowledge or information

23  sufficient to form a belief as to the truth of the allegations of Paragraph 162, and therefore denies them.

24      163.    The allegations of Paragraph 163 are not directed at PENAC and, therefore, no response

25  is required.  To the extent that a response is required, PENAC lacks knowledge or information

26  sufficient to form a belief as to the truth of the allegations of Paragraph 163, and therefore denies them.

27      164.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

28  allegations of 164, and therefore denies them.

165.     As regards the allegations of Paragraph 165, PENAC denies that it was represented at any meetings where agreements to restrain competition for the sale of CRT Products were reached. PENAC further denies that it was a party to any agreement to restrain competition for the sale of CRT Products.  PENAC admits that it sold CRT Products but denies that it "played a significant role" in the conspiracy alleged in the Amended Complaint.  PENAC denies that it "would not undercut the pricing agreement reached" by the participants in the alleged conspiracy.  PENAC denies that it was an "active, knowing participant[] in the [alleged] conspiracy."  As regards the balance of the allegations of Paragraph 165, PENAC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

166.     The allegations of Paragraph 166 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 166, and therefore denies them.

167.     The allegations of Paragraph 167 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 167, and therefore denies them.

168.     The allegations of Paragraph 168 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 168, and therefore denies them.

169.     The allegations of Paragraph 169 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 169, and therefore denies them.

170.     The allegations of Paragraph 170 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 170, and therefore denies them.

171.     The allegations of Paragraph 171 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 171, and therefore denies them.

172.     The allegations of Paragraph 172 are not directed at PENAC and, therefore, no response

HOWREY LLP

-21-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION. TO DIRECT PURCHASER
PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229526_1

1    is required.  To the extent that a response is required, PENAC lacks knowledge or information

2    sufficient to form a belief as to the truth of the allegations of Paragraph 172, and therefore denies them.

3         173.    The allegations of Paragraph 173 are not directed at PENAC and, therefore, no response

4    is required.  To the extent that a response is required, PENAC lacks knowledge or information

5    sufficient to form a belief as to the truth of the allegations of Paragraph 173, and therefore denies them.

6         174.    The allegations of Paragraph 174 are not directed at PENAC and, therefore, no response

7    is required.  To the extent that a response is required, PENAC lacks knowledge or information

8    sufficient to form a belief as to the truth of the allegations of Paragraph 174, and therefore denies them.

9         175.    The allegations of Paragraph 175 are not directed at PENAC and, therefore, no response

10   is required.  To the extent that a response is required, PENAC lacks knowledge or information

11   sufficient to form a belief as to the truth of the allegations of Paragraph 175, and therefore denies them.

12        176.    To the extent that the allegations of Paragraph 176 relate to other defendants, PENAC

13   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

14   To the extent the allegations of Paragraph 176 relate to PENAC, PENAC denies all of the allegations.

15        177.    The allegations of Paragraph 177 are not directed at PENAC and, therefore, no response

16   is required.  To the extent that a response is required, PENAC lacks knowledge or information

17   sufficient to form a belief as to the truth of the allegations of Paragraph 177, and therefore denies them.

18        178.    To the extent that the allegations of Paragraph 178 relate to other defendants, PENAC

19   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

20   To the extent the allegations of Paragraph 178 relate to PENAC, PENAC denies all of the allegations.

21        179.    To the extent that the allegations of Paragraph 179 relate to other defendants, PENAC

22   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

23   To the extent the allegations of Paragraph 179 relate to PENAC, PENAC denies all of the allegations.

24        180.    To the extent that the allegations of Paragraph 180 relate to other defendants, PENAC

25   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

26   To the extent the allegations of Paragraph 180 relate to PENAC, PENAC denies all of the allegations.

27        181.    To the extent that the allegations of Paragraph 181 relate to other defendants, PENAC

28   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

1   To the extent the allegations of Paragraph 181 relate to PENAC, PENAC denies all of the allegations.

2       182.   The allegations of Paragraph 182 are not directed at PENAC and, therefore, no response

3   is required.  To the extent that a response is required, PENAC lacks knowledge or information

4   sufficient to form a belief as to the truth of the allegations of Paragraph 182, and therefore denies them.

5       183.   The allegations of Paragraph 183 are not directed at PENAC and, therefore, no response

6   is required.  To the extent that a response is required, PENAC lacks knowledge or information

7   sufficient to form a belief as to the truth of the allegations of Paragraph 183, and therefore denies them.

8       184.   PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

9   allegations of Paragraph 184, and therefore denies them.

10      185.   The allegations of Paragraph 185 are not directed at PENAC and, therefore, no response

11  is required.  To the extent that a response is required, PENAC lacks knowledge or information

12  sufficient to form a belief as to the truth of the allegations of Paragraph 185, and therefore denies them.

13      186.   The allegations of Paragraph 186 are not directed at PENAC and, therefore, no response

14  is required.  To the extent that a response is required, PENAC lacks knowledge or information

15  sufficient to form a belief as to the truth of the allegations of Paragraph 186, and therefore denies them.

16      187.   The allegations of Paragraph 187 are not directed at PENAC and, therefore, no response

17  is required.  To the extent that a response is required, PENAC lacks knowledge or information

18  sufficient to form a belief as to the truth of the allegations of Paragraph 187, and therefore denies them.

19      188.   The first sentence of Paragraph 188 is a legal contention to which no response is

20  required.  With regard to the second and third sentences of Paragraph 188, to the extent that these

21  allegations were derived from or purport to quote analyst reports, those reports speak for themselves

22  and no response is required.  With regard to the last sentence of Paragraph 188, PENAC lacks

23  knowledge or information sufficient to form a belief as to the truth of those allegations and therefore

24  denies them.

25      189.   To the extent that the allegations in Paragraph 189 purport to quote an analyst report,

26  that report speaks for itself and no response is required.

27      190.   PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

28  allegations of Paragraph 190, and therefore denies them.

191.    To the extent that the allegations in Paragraph 191 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 191 are derived from or purport to quote an industry news article, that news article speaks for itself and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.  With regard to the third sentence of Paragraph 191, to the extent that the allegations relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

192.    To the extent that the allegations of Paragraph 192 are derived from or purport to quote a keynote speaker at a conference, that speaker speaks for himself and no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 192, and therefore denies them.

193.    With regard to first and second sentence of Paragraph 193, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them. With regard to the third sentence of Paragraph 193, to the extent that the allegations relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  With regard to the third sentence of Paragraph 193, to the extent the allegations relate to PENAC, PENAC denies all of the allegations.

194.    To the extent that the allegations of Paragraph 194 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 194, and therefore denies them.

195.    The allegations of Paragraph 195 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 195, and therefore denies them.

196.    With regard to second and third sentences of Paragraph 196, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them. With regard to the first sentence of Paragraph 196, to the extent that the allegations relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

HOWREY LLP

-24-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION. TO DIRECT PURCHASER
PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229526_1

therefore denies them.  With regard to the first sentence of Paragraph 196, to the extent the allegations relate to PENAC, PENAC denies all of the allegations.  To the extent that the allegations of Paragraph 196 are derived from or purport to quote the president of a television maker, Mr. Yu speaks for himself and no response is required.

197.    To the extent that the allegations of Paragraph 197 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 197 relate to PENAC, PENAC denies all of the allegations.

198.    PENAC avers that the allegations of Paragraph 198 constitute legal conclusions and/or conclusions to which no response is required.  To the extent that a response is required, PENAC denies each and every allegation of Paragraph 198, including its subparts.

199.    PENAC avers that the allegations of Paragraph 199 constitute legal conclusions and/or conclusions to which no response is required.  To the extent that a response is required, PENAC denies each and every allegation of Paragraph 199.

200.    PENAC avers that the allegations of Paragraph 200 constitute legal conclusions and/or conclusions to which no response is required.  To the extent that a response is required, PENAC denies that it was a party to any "secret conspiracy" as alleged in the last sentence.  PENAC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 200 and, on that basis, denies them.201.  To the extent that the allegations of Paragraph 201 purport to allege the state of mind of Plaintiffs and purported members of the Class, PENAC lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, denies them.  PENAC otherwise denies the allegations of Paragraph 201.

202.    To the extent that the allegations of Paragraph 202 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 202 and its subparts relate to PENAC, PENAC denies all of the allegations.

203.    To the extent that the allegations in Paragraph 203 state legal contentions, no response is required.  PENAC otherwise denies the allegations in Paragraph 203.

204.    To the extent that the allegations in Paragraph 204 state legal contentions, no response

HOWREY LLP

-25-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION. TO DIRECT PURCHASER
PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

DM_US:23229526_1

1   is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the

2   truth of the allegations in Paragraph 204, and therefore denies them.

3       205.    To the extent that the allegations of Paragraph 205 and its subparts relate to other

4   defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

5   therefore denies them.  To the extent the allegations of Paragraph 205 and its subparts relate to

6   PENAC, PENAC denies all of the allegations.

7       206.    To the extent that the allegations of Paragraph 206 relate to other defendants, PENAC

8   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

9   To the extent the allegations of Paragraph 206 relate to PENAC, PENAC denies all of the allegations.

10      207.    With regard to first and second sentence of Paragraph 207, PENAC lacks knowledge or

11  information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

12  With regard to the third sentence of Paragraph 207, to the extent that the allegations relate to other

13  defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

14  therefore denies them.  With regard to the third sentence of Paragraph 207, to the extent the allegations

15  relate to PENAC, PENAC denies all of the allegations.

16      208.    With regard to first and second sentence of Paragraph 208, PENAC lacks knowledge or

17  information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

18  With regard to the third sentence of Paragraph 208, to the extent that the allegations relate to other

19  defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

20  therefore denies them.  With regard to the third sentence of Paragraph 208, to the extent the allegations

21  relate to PENAC, PENAC denies all of the allegations.

22      209.    To the extent that the allegations of Paragraph 209 relate to other defendants, PENAC

23  lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

24  To the extent the allegations of Paragraph 209 relate to PENAC, PENAC denies all of the allegations.

25  To the extent that the allegations of Paragraph 209 are derived from or purport to quote published

26  statements made by a Deputy General Manager for an LG Electronics distributor, that publication

27  speaks for itself and no response is required.

28      210.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

1    allegations of Paragraph 210, and therefore denies them.

2        211.    To the extent that the allegations of Paragraph 211 relate to other defendants, PENAC

3    lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

4    To the extent the allegations of Paragraph 211 relate to PENAC, PENAC denies all of the allegations.

5        212.    The allegations in Paragraph 212 are legal contentions to which no response is required.

6    To the extent any facts are alleged in Paragraph 212 to which a response is required, PENAC denies

7    them.

8                    **VIII.   CLAIM FOR VIOLATIONS OF 15 U.S.C. § 1**

9        213.    PENAC repeats and incorporates by reference its responses to Paragraphs 1 through 212

10   of the Amended Complaint with the same force and effect as if set forth herein at length.

11       214.    PENAC avers that the allegations of Paragraph 214 constitute legal contentions and/or

12   conclusions to which no response is required.  To the extent that Paragraph 214 may be deemed to

13   require a response from PENAC, PENAC denies all of the allegations.

14       215.    PENAC denies each and every allegation of Paragraph 215.

15       216.    PENAC denies each and every allegation of Paragraph 216.

16       217.    PENAC denies each and every allegation of Paragraph 217.

17       218.    PENAC denies each and every allegation of Paragraph 218.

18       219.    PENAC denies each and every allegation of Paragraph 219.

19       220.    PENAC denies each and every allegation of Paragraph 220, including its subparts.

20       221.    PENAC denies each and every allegation of Paragraph 221.

21                              **IX. DAMAGES**

22       222.    PENAC denies each and every allegation of Paragraph 222.

23       **X.  ALLEGATIONS CONCERNING PLAINTIFFS' PRAYER FOR RELIEF**

24       PENAC denies that Plaintiffs suffered any injury or incurred any damages by any act or

25   omission of PENAC as alleged in the Amended Complaint, and further denies that Plaintiffs are

26   entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint.

27                          **AFFIRMATIVE DEFENSES**

28       Without assuming any burden it would not otherwise bear, PENAC asserts the following

HOWREY LLP

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION. TO DIRECT PURCHASER
PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

DM_US:23229526_1

additional and/or affirmative defenses to Plaintiffs' Amended Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

The conduct alleged to provide a basis for the claims of Plaintiffs and any putative class members did not have a direct, substantial, and reasonably foreseeable effect on trade or commerce with the United States.  The Court, therefore, lacks subject matter jurisdiction of the claims of Plaintiffs and any putative class members.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)

Plaintiffs' claims for any foreign purchases, if any, should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege facts sufficient to support a claim under the foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

## FOURTH AFFIRMATIVE DEFENSE

### (Vagueness of Claims)

Plaintiffs' claims should be dismissed for uncertainty and vagueness and because their claims are ambiguous, and/or unintelligible. PENAC avers that Plaintiffs' claims do not describe the events or legal theories with sufficient particularity to permit PENAC to ascertain what other defenses may exist. PENAC therefore reserves the right to amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of more definitive facts upon the completion of its investigation and discovery.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege fraud or fraudulent concealment with sufficient particularity.

1

### SIXTH AFFIRMATIVE DEFENSE

2

**(Failure to Plead Conspiracy with Particularity)**

3    Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

4    because Plaintiffs have failed to allege conspiracy with sufficient particularity.

5

### SEVENTH AFFIRMATIVE DEFENSE

6

**(Statute of Limitation)**

7    Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by

8    the applicable statute(s) of limitations.

9

### EIGHTH AFFIRMATIVE DEFENSE

10

**(Unilateral Action)**

11    Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part,

12    because the actions or practices of PENAC that are the subject of the Amended Complaint were

13    undertaken unilaterally for legitimate business reasons and in pursuit of PENAC's independent

14    interests and those of its customers, and were not the product of any contract, combination or

15    conspiracy between PENAC and any other person or entity.

16

### NINTH AFFIRMATIVE DEFENSE

17

**(Rule of Reason)**

18    Plaintiffs claims and claims of any putative class members are barred, in whole or in part,

19    because any acts or practices of PENAC that are the subject of the Amended Complaint were adopted

20    in furtherance of legitimate business interests of PENAC and of its customers and do not unreasonably

21    restrain competition.

22

### TENTH AFFIRMATIVE DEFENSE

23

**(Competition)**

24    Plaintiffs' claims and claims of any putative class members are barred, in whole or in part,

25    because any acts or practices of PENAC that are the subject of the Amended Complaint were cost

26    justified or otherwise economically justified and resulted from a good faith effort to meet competition

27    or market conditions.

28

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Non-actionable or Governmental Privilege)**

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of PENAC that is the subject of the Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Act of PENAC)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because no plaintiff has been injured in its business or property by reason of any action of PENAC.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Intervening Conduct)**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any alleged injuries and/or damages were not legally or proximately caused by any acts or omissions of PENAC and/or were caused, if at all, solely and proximately by the conduct of third parties including, without limitations, the prior, intervening or superseding conduct of such third parties.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(*Ultra Vires*)**

To the extent that any actionable conduct occurred, Plaintiffs claims and the claims of any putative class members against PENAC are barred because all such conduct would have been committed by individuals acting *ultra vires*.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Damages Passed On)**

Plaintiffs claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Amended Complaint, which PENAC specifically denies, was passed on to persons or entities other than the Plaintiffs and/or was passed on by Plaintiffs to other parties.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Withdrawal)

To the extent that any actionable conduct occurred for which PENAC is liable, some or all of Plaintiffs' claims against PENAC are barred because PENAC withdrew from and/or abandoned any alleged conspiracy prior to the commencement of the limitations period set forth in applicable statutes of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiffs' claims should be dismissed, in whole or in part, because Plaintiffs and/or certain members of the putative class failed to take all necessary, reasonable, and appropriate actions to mitigate their alleged damages, if any.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs and/or certain members of the putative class would be unjustly enriched if they were allowed to recover any part of the damages alleged in the Amended Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Set Off)

Without admitting that Plaintiffs are entitled to recover damages in this matter, PENAC is entitled to set off from any recovery Plaintiffs may obtain against PENAC any amount paid to Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Legal Acts)

Plaintiffs' claims are barred, in whole or in part, to the extent they are based on alleged acts, conduct or statements that are specifically permitted by law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by

HOWREY LLP

-31-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION. TO DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229526_1

1 the doctrines of waiver and/or estoppel.

2 ## TWENTY-SECOND AFFIRMATIVE DEFENSE

3 ### (Laches)

4     Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by

5 the equitable doctrine of laches.

6 ## TWENTY-THIRD AFFIRMATIVE DEFENSE

7 ### (Unclean Hands)

8     Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by

9 the equitable doctrine of unclean hands.

10 ## TWENTY-FOURTH AFFIRMATIVE DEFENSE

11 ### (Acquiescence)

12     Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by

13 Plaintiffs' and/or certain members of the putative class acquiescence and/or confirmation of any and all

14 conduct and/or omissions alleged as to PENAC.

15 ## TWENTY-FIFTH AFFIRMATIVE DEFENSE

16 ### (Accord and Satisfaction)

17     Plaintiffs claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

18 ## TWENTY-SIXTH AFFIRMATIVE DEFENSE

19 ### (*Forum Non Conveniens*)

20     The Amended Complaint should be dismissed on the grounds of *forum non conveniens*.

21 ## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

22 ### (Improper Forum/Arbitration)

23     Plaintiffs claims and claims of any putative class members against PENAC are barred to the

24 extent that they have agreed to arbitration or chosen a different forum for the resolution of their claims.

25 ## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

26 ### (Adequate Remedy at Law)

27 Plaintiffs' claims for injunctive relief should be dismissed because Plaintiffs and/or certain members of

28     the putative class have available an adequate remedy at law.

1

## TWENTY-NINTH AFFIRMATIVE DEFENSE

2

### (Failure to Join Indispensable Parties)

3        Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, for

4   failure to join indispensable parties.

5

## THIRTIETH AFFIRMATIVE DEFENSE

6

### (Due Process)

7        Plaintiffs claims and claims of any putative class members are barred, in whole or in part, to

8   the extent they seek an improper multiple punitive award for a single wrong because such an award

9   would violate PENAC's rights guaranteed by the Due Process clause of the Fifth Amendment of the

10  United States Constitution.

11

## THIRTY-FIRST AFFIRMATIVE DEFENSE

12

### (Due Process)

13       Plaintiffs claims and claims of any putative class members are barred, in whole or in part, to the

14  extent they seek an improper multiple punitive award for a single wrong because such an award would

15  violate PENAC's rights guaranteed by the Due Process provision of the Fourteenth Amendment of the

16  United States Constitution.

17

## THIRTY-SECOND AFFIRMATIVE DEFENSE

18

### (Equal Protection)

19       Plaintiffs claims and claims of any putative class members are barred, in whole or in part, to the

20  extent they seek an improper multiple punitive award for a single wrong because such an award would

21  violate PENAC's rights guaranteed by the Equal Protection provision of the Fourteenth Amendment of

22  the United States Constitution.

23

## THIRTY-THIRD AFFIRMATIVE DEFENSE

24

### (Double Jeopardy)

25       Plaintiffs claims and claims of any putative class members are barred, in whole or in part, to the

26  extent they seek an improper multiple punitive award for a single wrong because such an award would

27  violate PENAC's rights guaranteed by the Double Jeopardy Clause of the Fifth Amendment of the

28  United States Constitution.

1

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

2

### (Excessive Fines)

3      Plaintiffs claims and claims of any putative class members are barred, in whole or in part, to the

4  extent they seek an improper multiple punitive award for a single wrong because such an award would

5  violate PENAC's rights guaranteed by the Excessive Fines provision of the Eighth Amendment of the

6  United States Constitution.

7

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

8

### (Unconstitutional Multiplicity)

9      To the extent any recovery by Plaintiffs or members of the putative class would be duplicative

10  of recovery by other plaintiffs and other lawsuits, subjecting PENAC to the possibility of multiple

11  recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States

12  Constitution.

13

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

14

### (Foreign Sales)

15      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs may not recover damages, if

16  any, based on sales outside of the United States.

17

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

18

### (Other Defenses Incorporated by Reference)

19      PENAC adopts and incorporates by reference any and all other additional or affirmative

20  defenses asserted or to be asserted by any other defendants.

21

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

22

### (Reservation of Rights to Assert Additional Defenses)

23      PENAC has not knowingly or intentionally waived any applicable defenses and explicitly

24  reserves the right to assert and rely on such other applicable defenses as may become available or

25  apparent during discovery proceedings. PENAC further reserves the right to amend its Answer and/or

26  its defenses accordingly, and/or to delete defenses that it determines are not applicable during the

27  course of subsequent discovery.

28

1    **WHEREFORE**, PENAC prays as follows:

2       1.       That the Plaintiffs take nothing by way of the Amended Complaint and the Amended

3    Complaint be dismissed with prejudice;

4       2.       That judgment be entered in favor of PENAC and against Plaintiffs on each and every

5    cause of action set forth in the Amended Complaint;

6       3.       That PENAC recover its costs of suit and attorneys' fees incurred herein; and

7       4.       That PENAC be granted such other and further relief as the Court deems just and

8    proper.

9

10   DATED:  April 29, 2010                          HOWREY LLP

11
                                                      /s/ Emily L. Maxwell
12                                                   Emily L. Maxwell

13                                                   525 Market Street
14                                                   Suite 3600
                                                     San Francisco, CA 94105-2708
15                                                   Telephone: (415) 848-4947
                                                     Facsimile: (212) 848-4999
16                                                   Email: MaxwellE@Howrey.com

17                                                   *Attorneys for Philips Electronics North America*
18                                                   *Corporation*

19

20

21

22

23

24

25

26

27

28

-35-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION. TO DIRECT PURCHASER
PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

DM_US:23229526_1