EMILY L. MAXWELL (SBN 185646)
Email: MaxwellE@howrey.com
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105-2708
Telephone: (415) 848-4947
Facsimile: (415) 848-4999

JOHN M. TALADAY (pro hac vice)
RICHARD A. RIPLEY (pro hac vice)
Email: taladayj@howrey.com
Email: ripleyr@howrey.com
HOWREY LLP
1299 Pennsylvania Ave NW
Washington, DC 20004
Telephone: (202) 383-6564
Facsimile: (202) 383-6610

ETHAN E. LITWIN (pro hac vice)
Email: litwine@howrey.com
HOWREY LLP
601 Lexington Avenue, 54th Floor
New York, NY 10022-4629
Telephone: (212) 896-6500
Facsimile: (212) 896-6501

Attorneys for KONINKLIJKE PHILIPS ELECTRONICS N.V.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | **Case No. 07-5944-SC** |
| | **MDL No. 1917** |
| | **ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT** |
| This Document Relates to: ALL INDIRECT PURCHASER ACTIONS | **Trial Date:  None Set** |

HOWREY LLP

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229529_1

1    Defendant Koninklijke Philips Electronics N.V. ("KPE"), by and through its undersigned

2    counsel of record, answers the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint (the

3    "Amended Complaint") and alleges additional or affirmative defenses as follows.  KPE denies each

4    and every allegation in the Amended Complaint's section headings and in all portions of the Amended

5    Complaint not contained in numbered paragraphs.  To the extent that the Amended Complaint's

6    allegations concern persons and/or entities other than KPE, KPE denies that such allegations support

7    any claim for relief against KPE.

8        KPE responds to the Amended Complaint in accordance with the Court's March 30, 2010

9    Order Approving and Adopting Special Master's Report, Recommendations and Tentative Rulings re:

10   Defendants' Motions to Dismiss.  Pursuant to the Order, the Court (a) dismissed Plaintiffs' unjust

11   enrichment claims under the Kansas common law; (b) dismissed Plaintiffs' claims under the Rhode

12   Island Unfair Trade Practices and Consumer Protection Act; (c) dismissed Plaintiffs' claims under the

13   Massachusetts Consumer Protection Act; (d) dismissed Plaintiffs' claims under Nebraska law for sales

14   made prior to July 20, 2002; and (e)  dismissed Plaintiffs' claims under Nevada law based for sales

15   made prior to the 1999 date of Nevada's *Illinois Brick* repealer statute.

16                          **I. INTRODUCTION**

17       1.       To the extent that the allegations of Paragraph 1 are definitional, KPE avers that no

18   response is required.  KPE avers that the use of the terms "Philips", which improperly conflates four

19   distinct defendants and legal entities together, and "CRT Products", which improperly conflates

20   numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses,

21   technologies, and products at different points in the production chain) together, renders the allegations

22   of the Amended Complaint indefinite and uncertain.  To the extent that the allegations of Paragraph 1

23   relate to other defendants or a plaintiff, KPE lacks knowledge or information sufficient to form a belief

24   as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 1 relate to

25   KPE, KPE denies all the allegations of Paragraph 1, with the exception of matters specifically admitted

26   herein as follows.  KPE admits that Plaintiffs purport to bring an antitrust action on behalf of certain

27   persons or entities, but denies that Plaintiffs are entitled to any relief or that this action may proceed as

28   a class action.  In particular, KPE denies that the "Class Period" defined by Plaintiffs is a proper class

1    period or that any class of purchasers spanning that period (or any other period) may be certified.

2        2.      To the extent that the allegations of Paragraph 2 relate to other defendants, KPE lacks

3    knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

4    the extent the allegations of Paragraph 2 related to KPE, KPE denies all of those allegations.  KPE

5    otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

6    Paragraph 2, and therefore denies them.

7        3.      To the extent that the allegations of Paragraph 3 relate to other defendants or a plaintiff,

8    KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies

9    them.  To the extent the allegations of Paragraph 3 related to KPE, KPE denies all of those allegations.

10    KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the

11    allegations of Paragraph 3, and therefore denies them.

12        4.      KPE admits that government authorities in the United States, the European Union,

13    Japan and South Korea have commenced investigations of the CRT industry, the details of which are

14    matters of public record and such records speak for themselves.   KPE admits that an indictment was

15    issued against C.Y. Lin, the details of which are matters of public record and such records speak for

16    themselves.

17              **II. ALLEGATIONS CONCERNING JURISDICTION AND VENUE**

18        5.      KPE admits that Plaintiffs purport to bring this action to obtain injunctive relief and to

19    recover damages for alleged violations of Section 1 of the Sherman Act (15 U.S.C. § 1), and to recover

20    damages under state antitrust, unfair competition and consumer protection laws, but denies that

21    Plaintiffs are entitled to any relief under any of these statutes.

22        6.      KPE avers that the allegations of Paragraph 6 regarding jurisdiction constitute legal

23    conclusions and/or conclusions to which no response is required.  To the extent that the allegations

24    contained in Paragraph 6 may be deemed to require a response from KPE, KPE denies that this district

25    has subject matter jurisdiction based on the conduct of KPE as alleged in the Amended Complaint.

26        7.      KPE avers that the allegations of Paragraph 7 regarding jurisdiction constitute legal

27    conclusions and/or conclusions to which no response is required.  To the extent that the allegations

28    contained in Paragraph 7 may be deemed to require a response from KPE, KPE denies that this district

has subject matter jurisdiction based on the conduct of KPE as alleged in the Amended Complaint.

8.      KPE avers that the allegations of Paragraph 8 regarding jurisdiction constitute legal conclusions and/or conclusions to which no response is required.  To the extent that the allegations contained in Paragraph 8 may be deemed to require a response from KPE, KPE denies that venue lies in this district based on the conduct of KPE as alleged in the Amended Complaint.

9.      KPE avers that the allegations of Paragraph 9 regarding jurisdiction constitute legal conclusions and/or conclusions to which no response is required.  To the extent that the allegations contained in Paragraph 9 may be deemed to require a response from KPE, and to the extent the allegations of Paragraph 9 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent that the allegations contained in Paragraph 9 may be deemed to require a response from KPE, and to the extent the allegations of Paragraph 9 relate to KPE, KPE denies these allegations.

10.      KPE avers that the allegations of Paragraph 10 and its subparts regarding jurisdiction constitute legal conclusions and/or conclusions to which no response is required.  To the extent that the allegations contained in Paragraph 10 and its subparts may be deemed to require a response from KPE, and to the extent the allegations of Paragraph 10 and its subparts relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent that the allegations contained in Paragraph 10 and its subparts may be deemed to require a response from KPE, and to the extent the allegations of Paragraph 10 and its subparts relate to KPE, KPE denies these allegations.

11.      To the extent that the allegations of Paragraph 11 relate to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 11 relate to KPE, KPE denies all of those allegations.

12.      To the extent that the allegations of Paragraph 12 relate to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 12 relate to KPE, KPE denies all of those allegations.

### III.  DEFINITIONS

13.      To the extent that the allegations of Paragraph 13 are an explanation of terminology, no

HOWREY LLP

-3-
ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229529_1

1  response is required.  KPE objects to the terms "CRT" and "CRTs" which improperly conflate various

2  non-substitutable products under a single definition.  KPE avers that the use of the terms "CRT" and

3  "CRTs" render the allegations of the Amended Complaint indefinite and uncertain.  KPE admits the

4  remaining allegations in Paragraph 13.

5      14.    The allegations of Paragraph 14 are an explanation of terminology for which no

6  response is required.  KPE objects to the terms "CDTs" and "CPTs" which improperly conflate various

7  non-substitutable products under a single definition.  KPE avers that the use of the terms "CDTs" and

8  "CPTs" render the allegations of the Amended Complaint indefinite and uncertain. KPE also objects to

9  the terms "CRTs" and "cathode ray tubes" as further described in this Paragraph.

10     15.    The allegations of Paragraph 15 are an explanation of terminology, for which no

11 response is required.  KPE objects to the term "CRT Products", which improperly conflates numerous

12 distinct and non-substitutable products (of, among other things, various sizes, qualities, uses,

13 technologies, and products at different points in the production chain) together, and which renders the

14 allegations of the Amended Complaint indefinite and uncertain.

15     16.    The allegations of Paragraph 16 are an explanation of terminology, for which no

16 response is required.  To the extent that the allegations of Paragraph 16 may be deemed to require a

17 response, KPE denies all of the allegations of Paragraph 16, with the exception of matters specifically

18 admitted herein as follows.  KPE admits that Plaintiffs purport to refer to the time period beginning at

19 least March 1, 1995 through at least November 25, 2007 as the "Class Period," but denies the propriety

20 of any such reference or any inference arising from such reference, and denies there is a properly

21 certifiable class as defined in Paragraph 16.

22     17.    The allegations of Paragraph 17 are an explanation of terminology, for which no

23 response is required.

24     18.    The allegations of Paragraph 18 are an explanation of terminology, for which no

25 response is required.

26              **IV.  ALLEGATIONS CONCERNING PLAINTIFFS**

27     19.    To the extent that the allegations of Paragraph 19 relate to other defendants or to a

28 plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

1  denies them.  To the extent the allegations of Paragraph 19 relate to KPE, KPE denies all of the

2  allegations.

3       20.    To the extent that the allegations of Paragraph 20 relate to other defendants or to a

4  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

5  denies them.  To the extent the allegations of Paragraph 20 relate to KPE, KPE denies all of the

6  allegations.

7       21.    To the extent that the allegations of Paragraph 21 relate to other defendants or to a

8  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

9  denies them.  To the extent the allegations of Paragraph 21 relate to KPE, KPE denies all of the

10  allegations.

11       22.    To the extent that the allegations of Paragraph 22 relate to other defendants or to a

12  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

13  denies them.  To the extent the allegations of Paragraph 22 relate to KPE, KPE denies all of the

14  allegations.

15       23.    To the extent that the allegations of Paragraph 23 relate to other defendants or to a

16  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

17  denies them.  To the extent the allegations of Paragraph 23 relate to KPE, KPE denies all of the

18  allegations.

19       24.    To the extent that the allegations of Paragraph 24 relate to other defendants or to a

20  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

21  denies them.  To the extent the allegations of Paragraph 24 relate to KPE, KPE denies all of the

22  allegations.

23       25.    To the extent that the allegations of Paragraph 25 relate to other defendants or to a

24  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

25  denies them.  To the extent the allegations of Paragraph 25 relate to KPE, KPE denies all of the

26  allegations.

27       26.    To the extent that the allegations of Paragraph 26 relate to other defendants or to a

28  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

HOWREY LLP

-5-
ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229529_1

1  denies them.  To the extent the allegations of Paragraph 26 relate to KPE, KPE denies all of the
2  allegations.

3      27.      To the extent that the allegations of Paragraph 27 relate to other defendants or to a
4  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore
5  denies them.  To the extent the allegations of Paragraph 27 relate to KPE, KPE denies all of the
6  allegations.

7      28.      To the extent that the allegations of Paragraph 28 relate to other defendants or to a
8  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore
9  denies them.  To the extent the allegations of Paragraph 28 relate to KPE, KPE denies all of the
10  allegations.

11      29.      To the extent that the allegations of Paragraph 29 relate to other defendants or to a
12  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore
13  denies them.  To the extent the allegations of Paragraph 29 relate to KPE, KPE denies all of the
14  allegations.

15      30.      To the extent that the allegations of Paragraph 30 relate to other defendants or to a
16  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore
17  denies them.  To the extent the allegations of Paragraph 30 relate to KPE, KPE denies all of the
18  allegations.

19      31.      To the extent that the allegations of Paragraph 31 relate to other defendants or to a
20  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore
21  denies them.  To the extent the allegations of Paragraph 31 relate to KPE, KPE denies all of the
22  allegations.

23      32.      To the extent that the allegations of Paragraph 32 relate to other defendants or to a
24  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore
25  denies them.  To the extent the allegations of Paragraph 32 relate to KPE, KPE denies all of the
26  allegations.

27      33.      To the extent that the allegations of Paragraph 33 relate to other defendants or to a
28  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

1  denies them.  To the extent the allegations of Paragraph 33 relate to KPE, KPE denies all of the
2  allegations.

3      34.     To the extent that the allegations of Paragraph 34 relate to other defendants or to a
4  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore
5  denies them.  To the extent the allegations of Paragraph 34 relate to KPE, KPE denies all of the
6  allegations.

7      35.     To the extent that the allegations of Paragraph 35 relate to other defendants or to a
8  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore
9  denies them.  To the extent the allegations of Paragraph 35 relate to KPE, KPE denies all of the
10  allegations.

11      36.     To the extent that the allegations of Paragraph 36 relate to other defendants or to a
12  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore
13  denies them.  To the extent the allegations of Paragraph 36 relate to KPE, KPE denies all of the
14  allegations.

15      37.     To the extent that the allegations of Paragraph 37 relate to other defendants or to a
16  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore
17  denies them.  To the extent the allegations of Paragraph 37 relate to KPE, KPE denies all of the
18  allegations.

19      38.     To the extent that the allegations of Paragraph 38 relate to other defendants or to a
20  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore
21  denies them.  To the extent the allegations of Paragraph 38 relate to KPE, KPE denies all of the
22  allegations.

23      39.     To the extent that the allegations of Paragraph 39 relate to other defendants or to a
24  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore
25  denies them.  To the extent the allegations of Paragraph 39 relate to KPE, KPE denies all of the
26  allegations.

27      40.     To the extent that the allegations of Paragraph 40 relate to other defendants or to a
28  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

denies them.  To the extent the allegations of Paragraph 40 relate to KPE, KPE denies all of the allegations.

41.     To the extent that the allegations of Paragraph 41 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 41 relate to KPE, KPE denies all of the allegations.

42.     To the extent that the allegations of Paragraph 42 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 42 relate to KPE, KPE denies all of the allegations.

43.     To the extent that the allegations of Paragraph 43 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 43 relate to KPE, KPE denies all of the allegations.

44.     To the extent that the allegations of Paragraph 44 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 44 relate to KPE, KPE denies all of the allegations.

45.     To the extent that the allegations of Paragraph 45 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 45 relate to KPE, KPE denies all of the allegations.

46.     To the extent that the allegations of Paragraph 46 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 46 relate to KPE, KPE denies all of the allegations.

47.     To the extent that the allegations of Paragraph 47 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

1   denies them.  To the extent the allegations of Paragraph 47 relate to KPE, KPE denies all of the

2   allegations.

3         48.      To the extent that the allegations of Paragraph 48 relate to other defendants or to a

4   plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

5   denies them.  To the extent the allegations of Paragraph 48 relate to KPE, KPE denies all of the

6   allegations.

7         49.      To the extent that the allegations of Paragraph 49 relate to other defendants or to a

8   plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

9   denies them.  To the extent the allegations of Paragraph 49 relate to KPE, KPE denies all of the

10  allegations.

11               **V.  ALLEGATIONS CONCERNING DEFENDANTS**

12        50.      The allegations of Paragraph 50 are not directed at KPE and, therefore, no response is

13  required.  To the extent that a response is required and that the allegations of Paragraph 50 relate to

14  other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

15  therefore denies them.  To the extent that the allegations of Paragraph 50 relate to KPE, KPE denies

16  them, with the exception of matters specifically admitted herein as follows.   KPE admits that

17  LG.Philips Displays was formed in 2001.

18        51.      The allegations of Paragraph 51 are not directed at KPE and, therefore, no response is

19  required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

20  the allegations of Paragraph 51, and therefore denies them.

21        52.      The allegations of Paragraph 52 are not directed at KPE and, therefore, no response is

22  required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

23  the allegations of Paragraph 52, and therefore denies them.

24        53.      The allegations of Paragraph 53 are an explanation of terminology, for which no

25  response is required.

26        54.      KPE admits the first and second sentences of Paragraph 54.  KPE denies the third

27  sentence of Paragraph 54.  KPE admits that LG.Philips Displays was created in 2001 as a 50/50 joint

28  venture with LG.  KPE denies the fifth sentence of Paragraph 54.  KPE denies that it manufactured,

1  sold or distributed CRT Products either directly or through its subsidiaries or affiliates in the United

2  States.

3      55.     KPE admits the first and third sentences of Paragraph 55.  KPE admits that Philips

4  Electronics North America Corporation ("PENAC") is an indirect subsidiary of KPE.  KPE denies that

5  it dominated or controlled the finances, policies or affairs of PENAC.

6      56.     KPE denies all of the allegations of paragraph 56.  Further, claims against Philips

7  Electronics Industries, Ltd. were dismissed pursuant to the Notice of Voluntary Dismissal Without

8  Prejudice as to Defendants Philips Consumer Electronics Co. and Philips Electronics Industries, Ltd.,

9  filed by Plaintiffs and entered on May 18, 2009.

10     57.     KPE denies all of the allegations of paragraph 57.  Further, claims against Philips

11 Consumer Electronics Co. were dismissed pursuant to the Notice of Voluntary Dismissal Without

12 Prejudice as to Defendants Philips Consumer Electronics Co. and Philips Electronics Industries, Ltd.,

13 filed by Plaintiffs and entered on May 18, 2009.

14     58.     KPE admits the first sentence of Paragraph 58.  KPE admits that Philips Electronics

15 Industries (Taiwan) Ltd. ("PEIT") is an indirect subsidiary of KPE.  KPE denies the PEIT sold or

16 distributed CRT Products in the United States, either directly or through its subsidiaries or affiliates.

17 KPE denies that it dominated or controlled the finances, policies or affairs of PEIT.

18     59.     KPE admits the first sentence of Paragraph 59.  KPE denies that Philips da Amazonia

19 Industria Electronica Ltda. ("Philips da Amazonia") is a "wholly owned and controlled" subsidiary of

20 KPE.  KPE denies that Philips da Amazonia sold or distributed CRT Products in the United States,

21 either directly or through its subsidiaries or affiliates.  KPE denies that it dominated or controlled the

22 finances, policies or affairs of Philips da Amazonia.

23     60.     The allegations of Paragraph 60 are an explanation of terminology, for which no

24 response is required.  KPE avers, however, that Paragraph 60 renders the Amended Complaint

25 indefinite and uncertain as to KPE.

26     61.     The allegations of Paragraph 61 are not directed at KPE and, therefore, no response is

27 required.  To the extent that a response is required and that the allegations of Paragraph 61 relate to

28 other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

HOWREY LLP

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229529_1

therefore denies them.  To the extent that the allegations of Paragraph 61 relate to KPE, KPE denies

them, with the exception of matters specifically admitted herein as follows.  KPE admits that

LG.Philips Displays was formed in 2001 and that its shareholdings in the joint venture were expunged

in 2007.

62.     The allegations of Paragraph 62 are not directed at KPE and, therefore, no response is

required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

the allegations of Paragraph 62, and therefore denies them.

63.     The allegations of Paragraph 63 are not directed at KPE and, therefore, no response is

required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

the allegations of Paragraph 63, and therefore denies them.

64.     The allegations of Paragraph 64 are not directed at KPE and, therefore, no response is

required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

the allegations of Paragraph 64, and therefore denies them.

65.     The allegations of Paragraph 65 are not directed at KPE and, therefore, no response is

required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

the allegations of Paragraph 65, and therefore denies them.

66.     The allegations of Paragraph 66 are not directed at KPE and, therefore, no response is

required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

the allegations of Paragraph 66, and therefore denies them.

67.     The allegations of Paragraph 67 are not directed at KPE and, therefore, no response is

required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

the allegations of Paragraph 67, and therefore denies them.

68.     The allegations of Paragraph 68 are not directed at KPE and, therefore, no response is

required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

the allegations of Paragraph 68, and therefore denies them.

69.     The allegations of Paragraph 69 are not directed at KPE and, therefore, no response is

required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

the allegations of Paragraph 69, and therefore denies them.

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229529_1

1    70.    The allegations of Paragraph 70 are not directed at KPE and, therefore, no response is

2   required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

3   the allegations of Paragraph 70, and therefore denies them.

4    71.    The allegations of Paragraph 71 are an explanation of terminology, for which no

5   response is required.

6    72.    The allegations of Paragraph 72 are not directed at KPE and, therefore, no response is

7   required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

8   the allegations of Paragraph 72, and therefore denies them.

9    73.    The allegations of Paragraph 73 are not directed at KPE and, therefore, no response is

10   required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

11   the allegations of Paragraph 73, and therefore denies them.

12    74.    The allegations of Paragraph 74 are not directed at KPE and, therefore, no response is

13   required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

14   the allegations of Paragraph 74, and therefore denies them.

15    75.    The allegations of Paragraph 75 are not directed at KPE and, therefore, no response is

16   required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

17   the allegations of Paragraph 75, and therefore denies them.

18    76.    The allegations of Paragraph 76 are not directed at KPE and, therefore, no response is

19   required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

20   the allegations of Paragraph 76, and therefore denies them.

21    77.    The allegations of Paragraph 77 are not directed at KPE and, therefore, no response is

22   required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

23   the allegations of Paragraph 77, and therefore denies them.

24    78.    The allegations of Paragraph 78 are not directed at KPE and, therefore, no response is

25   required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

26   the allegations of Paragraph 78, and therefore denies them.

27    79.    The allegations of Paragraph 79 are an explanation of terminology, for which no

28   response is required.

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

80.     The allegations of Paragraph 80 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80, and therefore denies them.

81.     The allegations of Paragraph 81 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81, and therefore denies them.

82.     The allegations of Paragraph 82 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82, and therefore denies them.

83.     The allegations of Paragraph 83 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83, and therefore denies them.

84.     The allegations of Paragraph 84 are an explanation of terminology, for which no response is required.

85.     The allegations of Paragraph 85 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85, and therefore denies them.

86.     The allegations of Paragraph 86 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86, and therefore denies them.

87.     The allegations of Paragraph 87 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87, and therefore denies them.

88.     The allegations of Paragraph 88 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88, and therefore denies them.

89.     The allegations of Paragraph 89 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

DM_US:23229529_1

1  the allegations of Paragraph 89, and therefore denies them.

2       90.     The allegations of Paragraph 90 are not directed at KPE and, therefore, no response is

3  required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

4  the allegations of Paragraph 90, and therefore denies them.

5       91.     The allegations of Paragraph 91 are not directed at KPE and, therefore, no response is

6  required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

7  the allegations of Paragraph 91, and therefore denies them.

8       92.     The allegations of Paragraph 92 are not directed at KPE and, therefore, no response is

9  required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

10  the allegations of Paragraph 92, and therefore denies them.

11       93.     The allegations of Paragraph 93 are an explanation of terminology, for which no

12  response is required.

13       94.     The allegations of Paragraph 94 are not directed at KPE and, therefore, no response is

14  required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

15  the allegations of Paragraph 94, and therefore denies them.

16       95.     The allegations of Paragraph 95 are not directed at KPE and, therefore, no response is

17  required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

18  the allegations of Paragraph 95, and therefore denies them.

19       96.     The allegations of Paragraph 96 are an explanation of terminology, for which no

20  response is required.

21       97.     The allegations of Paragraph 97 are not directed at KPE and, therefore, no response is

22  required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

23  the allegations of Paragraph 97, and therefore denies them.

24       98.     The allegations of Paragraph 98 are not directed at KPE and, therefore, no response is

25  required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

26  the allegations of Paragraph 98, and therefore denies them.

27       99.     The allegations of Paragraph 99 are an explanation of terminology, for which no

28  response is required.

100.    The allegations of Paragraph 100 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100, and therefore denies them.

101.    The allegations of Paragraph 101 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101, and therefore denies them.

102.    The allegations of Paragraph 102 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102, and therefore denies them.

103.    The allegations of Paragraph 103 are an explanation of terminology, for which no response is required.

104.    The allegations of Paragraph 104 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104, and therefore denies them.

105.    The allegations of Paragraph 105 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105, and therefore denies them.

106.    The allegations of Paragraph 106 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106, and therefore denies them.

107.    The allegations of Paragraph 107 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107, and therefore denies them.

108.    The allegations of Paragraph 108 are an explanation of terminology, for which no response is required.

109.    The allegations of Paragraph 109 are an explanation of terminology, for which no response is required.  KPE avers, however, that Paragraph 109 renders the allegations in the Amended Complaint indefinite and uncertain as to KPE.

## VI.  ALLEGATIONS CONCERNING AGENTS AND CO-CONSPIRATORS

110.    To the extent that the allegations of Paragraph 110 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 110 relate to KPE, KPE denies all of the allegations.

111.    Paragraph 111 is an explanation of terminology to which no response is required.

112.    The allegations of Paragraph 112 are legal conclusions to which no response is required.

113.    The allegations of Paragraph 113 are legal conclusions to which no response is required.

### VII. ALLEGATIONS CONCERNING TRADE AND COMMERCE

114.    To the extent that the allegations in Paragraph 114 concern defendants other than KPE, KPE is without knowledge or information sufficient to form a belief as to the truth of those allegations, and, on that basis, denies them.  The allegations in Paragraph 114 regarding "continuous and interrupted flow of interstate commerce and international commerce" are legal contentions to which no response is required.  To the extent the remaining allegations in Paragraph 114 require a response, KPE denies them.

115.    KPE denies each and every allegation of Paragraph 115.

116.    The allegations of Paragraph 116 are legal contentions to which no response is required. To the extent a response is required and the allegations of in Paragraph 116 concern KPE, KPE denies them.  To the extent that the allegations in Paragraph 116 concern defendants other than KPE or PENAC, KPE is without knowledge or information sufficient to form a belief as to the truth of those allegations, and, on that basis, denies them.

### VIII.  FACTUAL ALLEGATIONS

117.    KPE admits that the allegations in Paragraph 117 purport to describe CRT technology, but KPE denies that such descriptions are complete.

118.    KPE admits that the allegations in Paragraph 118 purport to describe CRT technology, but KPE denies that such descriptions are complete.

119.    KPE denies the allegations in Paragraph 119.

120.    KPE admits that the allegations in Paragraph 120 purport to describe CRT technology,

HOWREY LLP

-16-
ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229529_1

1   but KPE denies that such descriptions are complete.

2        121.   The allegations of Paragraph 121 are legal contentions to which no response is required.

3   To the extent that a response is required, KPE denies each and every allegation in Paragraph 121.

4        122.   The allegations in the first and third sentences of Paragraph 122 are legal contentions to

5   which no response is required.  To the extent the other allegations in Paragraph 122 concern

6   defendants other than KPE, KPE is without knowledge or information sufficient to forma belief as to

7   the truth of the allegations and, on that basis, denies them.

8        123.   The allegations in the first and second sentences of Paragraph 123 are legal contentions

9   to which no response is required.  To the extent the other allegations in Paragraph 123 concern

10  defendants other than KPE, KPE is without knowledge or information sufficient to form a belief as to

11  the truth of the allegations and, on that basis, denies them. To the extent that the allegations in

12  Paragraph 123 concern KPE, KPE denies them.

13       124.   The allegations in Paragraph 124 are legal contentions to which no response is required.

14  To the extent that the allegations of Paragraph 124 relate to other defendants, KPE lacks knowledge or

15  information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the

16  allegations of Paragraph 124 relate to KPE, KPE denies all of the allegations.

17       125.   The allegations in Paragraph 125 are legal contentions to which no response is required.

18       126.   To the extent that the allegations of Paragraph 126 relate to other defendants, KPE lacks

19  knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

20  the extent the allegations of Paragraph 126 relate to KPE, KPE denies all of the allegations.

21       127.   The first sentence of Paragraph 127 is a legal contention to which no response is

22  required.  To the extent that the remaining allegations of Paragraph 127 relate to other defendants, KPE

23  lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

24  To the extent the remaining allegations of Paragraph 127 relate to KPE, KPE denies all of the

25  allegations.

26       128.   To the extent that the allegations of Paragraph 128 relate to other defendants, KPE lacks

27  knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

28  the extent the allegations of Paragraph 128 relate to KPE, KPE denies all of the allegations with the

1  exception of matters specifically admitted herein as follows.   KPE admits that LG.Philips Displays

2  was formed in 2001.  KPE admits that LG.Philips LCD Co., Ltd. was formed in 1999.  KPE denies that

3  it was supplied "CRTs" from Samtel.  KPE otherwise lacks knowledge or information sufficient to

4  form a belief as to the truth of the remaining allegations of Paragraph 128, and therefore denies them.

5        129.    The allegations in Paragraph 129 are legal contentions to which no response is required.

6        130.    The allegations in Paragraph 130 are legal contentions to which no response is required.

7  To the extent that a response is required, KPE denies the allegation.

8        131.    The second sentence of Paragraph 131 is a legal contention to which no response is

9  required.  KPE lacks knowledge or information to form a belief as to the truth of the remaining

10  allegations of Paragraph 131, and therefore denies them.

11        132.    KPE lacks knowledge or information to form a belief as to the truth regarding the

12  allegations contained in the first and third sentences of Paragraph 132, and therefore denies them.  To

13  the extent that the remaining allegations of Paragraph 132 relate to other defendants, KPE lacks

14  knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

15  the extent the remaining allegations of Paragraph 132 relate to KPE, KPE denies all of the allegations.

16        133.    KPE lacks knowledge or information to form a belief as to the truth regarding the

17  allegations contained in the second sentence of Paragraph 133, and therefore denies them.  To the

18  extent that the remaining allegations of Paragraph 133 relate to other defendants, KPE lacks

19  knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

20  the extent the remaining allegations of Paragraph 133 relate to KPE, KPE denies all of the allegations.

21        134.    KPE lacks knowledge or information sufficient to form a belief as to the truth of the

22  allegations of Paragraph 134, and therefore denies them.

23        135.    KPE lacks knowledge or information sufficient to form a belief as to the truth of the

24  allegations of Paragraph 135, and therefore denies them.

25        136.    KPE denies the allegations of Paragraph 136.

26        137.    The allegations in Paragraph 137 are legal contentions to which no response is required.

27        138.    To the extent that the allegations of Paragraph 138 relate to other defendants, KPE lacks

28  knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

1    the extent the allegations of Paragraph 138 relate to KPE, KPE denies all of the allegations.

2        139.    To the extent that the allegations of Paragraph 139 relate to other defendants, KPE lacks

3    knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

4    the extent the allegations of Paragraph 139 relate to KPE, KPE denies all of the allegations.

5        140.    KPE denies each and every allegation of Paragraph 140.

6        141.    To the extent that the allegations of Paragraph 141 relate to other defendants, KPE lacks

7    knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

8    the extent the allegations of Paragraph 141 relate to KPE, KPE denies all of the allegations.

9        142.    To the extent that the allegations of Paragraph 142 relate to other defendants, KPE lacks

10   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

11   the extent the allegations of Paragraph 142 relate to KPE, KPE denies all of the allegations.

12       143.    To the extent that the allegations of Paragraph 143 relate to other defendants, KPE lacks

13   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

14   the extent the allegations of Paragraph 143 relate to KPE, KPE denies all of the allegations.

15       144.    KPE denies each and every allegation of Paragraph 144.

16       145.    To the extent that the allegations of Paragraph 145 relate to other defendants, KPE lacks

17   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

18   the extent the allegations of Paragraph 145 relate to KPE, KPE denies all of the allegations.

19       146.    To the extent that the allegations of Paragraph 146 relate to other defendants, KPE lacks

20   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

21   the extent the allegations of Paragraph 146 relate to KPE, KPE denies all of the allegations.

22       147.    To the extent that the allegations of Paragraph 147 relate to other defendants, KPE lacks

23   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

24   the extent the allegations of Paragraph 147 relate to KPE, KPE denies all of the allegations.

25       148.    To the extent that the allegations of Paragraph 148 and its subparts relate to other

26   defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

27   therefore denies them.  To the extent the allegations of Paragraph 148 and its subparts relate to KPE,

28   KPE denies all of the allegations.

149.    To the extent that the allegations of Paragraph 149 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 149 relate to KPE, KPE denies all of the allegations.

150.    To the extent that the allegations of Paragraph 150 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 150 relate to KPE, KPE denies all of the allegations.

151.    To the extent that the allegations of Paragraph 151 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 151 relate to KPE, KPE denies all of the allegations.

152.    To the extent that the allegations of Paragraph 152 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 152 relate to KPE, KPE denies all of the allegations.

153.    To the extent that the allegations of Paragraph 153 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 153 relate to KPE, KPE denies all of the allegations.

154.    To the extent that the allegations of Paragraph 154 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 154 relate to KPE, KPE denies all of the allegations.

155.    To the extent that the allegations of Paragraph 155 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 155 relate to KPE, KPE denies all of the allegations.

156.    To the extent that the allegations of Paragraph 156 and each of its subparts relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 156 and each of its subparts relate to KPE, KPE denies all of the allegations.

157.    To the extent that the allegations of Paragraph 157 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 157 relate to KPE, KPE denies all of the allegations.

158.    To the extent that the allegations of Paragraph 158 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations contained in Paragraph 158 refer to public statements by the government authorities there listed, those statements speak for themselves and no response is required.  KPE otherwise denies the allegations of Paragraph 158.

159.    To the extent that the allegations of Paragraph 159 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 159 relate to KPE, KPE denies all of the allegations.

160.    To the extent that the allegations of Paragraph 160 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 160 relate to KPE, KPE denies all of the allegations.

161.    To the extent that the allegations of Paragraph 161 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 161 relate to KPE, KPE denies all of the allegations

162.    To the extent that the allegations of Paragraph 162 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 162 relate to KPE, KPE denies all of the allegations.  KPE also denies that "Philips Brazil" is its "wholly owned and controlled subsidiary".

163.    To the extent that the allegations of Paragraph 163 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 163 relate to KPE, KPE denies all of the allegations.

164.    To the extent that the allegations of Paragraph 164 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 164 relate to KPE, KPE denies all of the allegations.

165.    To the extent that the allegations of Paragraph 165 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 165 relate to KPE, KPE denies all of the allegations.

166.    The allegations of Paragraph 166 are not directed at KPE and, therefore, no response is

HOWREY LLP

-21-
ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229529_1

1   required.  To the extent a response is required and that the allegations of Paragraph 166 relate to other

2   defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

3   therefore denies them.  To the extent the allegations of Paragraph 166 relate to KPE, KPE denies all of

4   the allegations.

5           167.   The allegations of Paragraph 167 are not directed at KPE and, therefore, no response is

6   required.  To the extent that a response is required and that the allegations of Paragraph 167 relate to

7   other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

8   therefore denies them.  To the extent the allegations of Paragraph 167 relate to KPE, KPE denies all of

9   the allegations.

10          168.   The allegations of Paragraph 168 are not directed at KPE and, therefore, no response is

11  required.  To the extent that a response is required and that the allegations of Paragraph 168 relate to

12  other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

13  therefore denies them.  To the extent the allegations of Paragraph 168 relate to KPE, KPE denies all of

14  the allegations.

15          169.   The allegations of Paragraph 169 are not directed at KPE and, therefore, no response is

16  required.  To the extent that a response is required and that the allegations of Paragraph 169 relate to

17  other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

18  therefore denies them.  To the extent the allegations of Paragraph 169 relate to KPE, KPE denies all of

19  the allegations.

20          170.   KPE denies that it participated in, engaged in or was represented at any "Glass

21  Meetings" or "bilateral discussions" concerning agreements to restrict competition for CRT Products,

22  either on behalf of itself or any other entity.  KPE denies that it participated in any such "Glass

23  meetings" or "bilateral discussions" after 2001 "through" LG.Philips Displays.  KPE moreover avers

24  that Paragraph 170 renders the Amended Complaint indefinite and uncertain as to KPE.  In all other

25  respects, KPE denies the allegations of Paragraph 170.

26          171.   KPE lacks knowledge or information sufficient to form a belief as to the truth of the

27  allegations of Paragraph 171, and therefore denies them.  KPE further avers that as it attended none of

28  the referenced meetings, it therefore did not represent any of the entities identified in Paragraph 171.

HOWREY LLP

-22-
ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229529_1

172.    To the extent that the allegations of Paragraph 172 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 172 relate to KPE, KPE denies all of the allegations.  KPE specifically denies that any employee of LP Displays or LG.Philips Displays attended any such meeting on its behalf.

173.    The allegations of Paragraph 173 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 173 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 173 relate to KPE, KPE denies all of the allegations.

174.    The allegations of Paragraph 174 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 174 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 174 relate to KPE, KPE denies all of the allegations.

175.    The allegations of Paragraph 175 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 175 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 175 relate to KPE, KPE denies all of the allegations.

176.    The allegations of Paragraph 176 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 176 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 176 relate to KPE, KPE denies all of the allegations.

177.    The allegations of Paragraph 177 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 177 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

DM_US:23229529_1

1   therefore denies them.  To the extent the allegations of Paragraph 177 relate to KPE, KPE denies all of

2   the allegations.

3       178.    The allegations of Paragraph 178 are not directed at KPE and, therefore, no response is

4   required.  To the extent that a response is required and that the allegations of Paragraph 178 relate to

5   other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

6   therefore denies them.  To the extent the allegations of Paragraph 178 relate to KPE, KPE denies all of

7   the allegations.

8       179.    The allegations of Paragraph 179 are not directed at KPE and, therefore, no response is

9   required.  To the extent that a response is required and that the allegations of Paragraph 179 relate to

10  other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

11  therefore denies them.  To the extent the allegations of Paragraph 179 relate to KPE, KPE denies all of

12  the allegations.

13      180.    The allegations of Paragraph 180 are not directed at KPE and, therefore, no response is

14  required.  To the extent that a response is required and that the allegations of Paragraph 180 relate to

15  other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

16  therefore denies them.  To the extent the allegations of Paragraph 180 relate to KPE, KPE denies all of

17  the allegations.

18      181.    The allegations of Paragraph 181 are not directed at KPE and, therefore, no response is

19  required.  To the extent that a response is required and that the allegations of Paragraph 181 relate to

20  other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

21  therefore denies them.  To the extent the allegations of Paragraph 181 relate to KPE, KPE denies all of

22  the allegations.

23      182.    The allegations of Paragraph 182 are not directed at KPE and, therefore, no response is

24  required.  To the extent that a response is required and that the allegations of Paragraph 182 relate to

25  other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

26  therefore denies them.  To the extent the allegations of Paragraph 182 relate to KPE, KPE denies all of

27  the allegations.

28      183.    The allegations of Paragraph 183 are not directed at KPE and, therefore, no response is

required.  To the extent that a response is required and that the allegations of Paragraph 183 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 183 relate to KPE, KPE denies all of the allegations.

184.    The allegations of Paragraph 184 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 184 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 184 relate to KPE, KPE denies all of the allegations.

185.    The allegations of Paragraph 185 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 185 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 185 relate to KPE, KPE denies all of the allegations.

186.    The allegations of Paragraph 186 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 186 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 186 relate to KPE, KPE denies all of the allegations.

187.    The allegations of Paragraph 187 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 187 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 187 relate to KPE, KPE denies all of the allegations.

188.    The first sentence of Paragraph 188 is an explanation of terminology to which no response is required.  The allegations of Paragraph 188 also state legal contentions to which no response is required.  To the extent that the remaining allegations of Paragraph 188 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

1   therefore denies them.  To the extent that the remaining allegations of Paragraph 188 relate to KPE,

2   KPE denies all of the allegations.

3        189.    KPE lacks knowledge or information sufficient to form a belief as to the truth of the

4   allegations of Paragraph 189, and therefore denies them.

5        190.    To the extent that the allegations contained in Paragraph 190 were derived from analyst

6   reports, those reports speak for themselves and no response is required.  To the extent the allegations in

7   Paragraph 190 concern defendants other than KPE, KPE is without knowledge or information

8   sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

9        191.    To the extent that the allegations contained in Paragraph 191 were derived from analyst

10  reports, those reports speak for themselves and no response is required.  To the extent the allegations in

11  Paragraph 191 concern defendants other than KPE, KPE is without knowledge or information

12  sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

13       192.    The first sentence of Paragraph 192 is a legal contention to which no response is

14  required.  With regard to the second and third sentences of Paragraph 192, to the extent that these

15  allegations were derived from or purport to quote analyst reports, those reports speak for themselves

16  and no response is required.  With regard to the last sentence of Paragraph 192, KPE lacks knowledge

17  or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

18       193.    To the extent that the allegations in Paragraph 193 purport to quote an analyst report,

19  that report speaks for itself and no response is required.

20       194.    With regard to first and second sentence of Paragraph 194, KPE lacks knowledge or

21  information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

22  With regard to the third sentence of Paragraph 194, to the extent that the allegations relate to other

23  defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

24  therefore denies them.  With regard to the third sentence of Paragraph 194, to the extent the allegations

25  relate to KPE, KPE denies all of the allegations.

26       195.    To the extent that the allegations of Paragraph 195 are derived from or purport to quote

27  an analyst report, that report speaks for itself and no response is required.  KPE otherwise lacks

28  knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 195,

1   and therefore denies them.

2   196.    To the extent that the allegations of Paragraph 196 are derived from or purport to quote

3   an analyst report, that report speaks for itself and no response is required.  KPE otherwise lacks

4   knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 196,

5   and therefore denies them.

6   197.    To the extent that the allegations of Paragraph 197 relate to other defendants, KPE lacks

7   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

8   the extent that the allegations of Paragraph 197 are derived from or purport to quote published

9   statements, that publication speaks for itself and no response is required.  To the extent the allegations

10  of Paragraph 197 relate to KPE, KPE denies all of the allegations.

11  198.    To the extent that the allegations of Paragraph 198 relate to other defendants, KPE lacks

12  knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

13  the extent the allegations of Paragraph 198 relate to KPE, KPE denies all of the allegations.

14  199.    To the extent that the allegations of Paragraph 199 relate to other defendants or to

15  plaintiffs, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

16  therefore denies them.  To the extent the allegations of Paragraph 199 relate to KPE, KPE denies all of

17  the allegations.

18  200.    To the extent that the allegations of Paragraph 200 relate to other defendants, KPE lacks

19  knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

20  the extent the allegations of Paragraph 200 relate to KPE, KPE denies all of the allegations.  To the

21  extent that the allegations of Paragraph 200 are derived from or purport to quote published statements

22  made by the President of Skyworth Macao Commercial Offshore Co., Ltd., the published statements

23  speak for themselves and no response is required.

24  201.    KPE lacks knowledge or information sufficient to form a belief as to the truth of the

25  allegations of Paragraph 201, and therefore denies them.

26  202.    The allegations of Paragraph 202 are legal contentions to which no response is required.

27  203.    The allegations of Paragraph 203 are legal contentions to which no response is required.

28  To the extent that the allegations contained in Paragraph 203 refer to public statements by the

HOWREY LLP

1   government authorities there listed, those statements speak for themselves and no response is required.

2   KPE otherwise denies the allegations of Paragraph 203.

3        204.    To the extent that the allegations of Paragraph 204 relate to other defendants, KPE lacks

4   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

5   the extent that the allegations contained in Paragraph 204 refer to public statements by the government

6   authorities there listed, those statements speak for themselves and no response is required.  KPE

7   otherwise denies the allegations of Paragraph 204.

8        205.    To the extent that the allegations of Paragraph 205 relate to other defendants, KPE lacks

9   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

10  the extent that the allegations contained in Paragraph 205 refer to public statements by the government

11  authorities there listed, those statements speak for themselves and no response is required.  KPE

12  otherwise denies the allegations of Paragraph 205.

13       206.    KPE lacks knowledge or information sufficient to form a belief as to the truth of the

14  allegations of Paragraph 206, and therefore denies them.

15       207.    To the extent that the allegations of Paragraph  207 relate to other defendants, KPE

16  lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

17  To the extent that the allegations of Paragraph 207 are derived from or purport to quote from a news

18  article, the article speaks for itself and no response is required.

19       208.    To the extent that the allegations of Paragraph  208 relate to other defendants, KPE

20  lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

21  To the extent that the allegations of Paragraph 208 are derived from or purport to quote from a news

22  article, the article speaks for itself and no response is required.

23       209.    To the extent that the allegations of Paragraph 209 relate to other defendants, KPE lacks

24  knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the

25  extent that the allegations contained in Paragraph 209 refer to public statements by the government

26  authorities there listed, those statements speak for themselves and no response is required.

27       210.    To the extent that the allegations of Paragraph 210 relate to other defendants, KPE lacks

28  knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the

1    extent that the allegations of Paragraph 210 are derived from or purport to quote from a news article,

2    the article speaks for itself and no response is required.

3        211.    To the extent that the allegations in Paragraph 211 are derived from a news article or

4    press release, those articles and press releases speak for themselves and no response is required.

5        212.    To the extent that the allegations of Paragraph 212 relate to other defendants, KPE lacks

6    knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the

7    extent that the allegations contained in Paragraph 212 refers to publicly filed documents, those

8    documents speak for themselves and no response is required.

9        213.    To the extent that the allegations of Paragraph 213 relate to other defendants, KPE lacks

10   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

11   the extent that the allegations contained in Paragraph 213 refer to public statements by the government

12   authorities there listed, those statements speak for themselves and no response is required.  KPE

13   otherwise denies the allegations of Paragraph 213.

14       214.    The allegations of Paragraph 214 are legal contentions to which no response is required.

15   To the extent a response is required and the allegations of in Paragraph 214 concern KPE, KPE denies

16   them.  To the extent that the allegations in Paragraph 214 concern defendants other than KPE, KPE is

17   without knowledge or information sufficient to form a belief as to the truth of those allegations, and,

18   on that basis, denies them.

19       215.    To the extent that the allegations of Paragraph 215 relate to other defendants, KPE lacks

20   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

21   the extent the allegations contained in Paragraph 215 refer to public statements by the government

22   authorities there listed, those statements speak for themselves and no response is required.  KPE

23   otherwise denies the allegations of Paragraph 215.

24       216.    KPE lacks knowledge or information sufficient to form a belief as to the truth of the

25   allegations of Paragraph 216, and therefore denies them.

26       217.    To the extent that the allegations of Paragraph 217 relate to other defendants, KPE lacks

27   knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the

28   extent the allegations contained in Paragraph 217 refer to public statements by the government

-29-
ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

DM_US:23229529_1

authorities there listed, those statements speak for themselves and no response is required.

218.     To the extent that the allegations of Paragraph 218 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations in Paragraph 218 are derived from or purport to quote a news article, that news article speaks for itself and no response is required.

219.     To the extent that the allegations of Paragraph 219 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations contained in Paragraph 219 refer to public statements by the government authorities there listed, those statements speak for themselves and no response is required.

220.     To the extent that the allegations of Paragraph 220 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations contained in Paragraph 220 refer to public statements by the government authorities there listed, those statements speak for themselves and no response is required.

221.     To the extent that the allegations of Paragraph 221 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations contained in Paragraph 221 refer to public filings by the government authorities there listed, those filings speak for themselves and no response is required.

## IX.  ALLEGATIONS CONCERNING THE PASS-THROUGH OF OVERCHARGES TO CONSUMERS

222.     To the extent the allegations contained in Paragraph 222 refer to public statements by the government authorities there listed, those statements speak for themselves and no response is required.  To the extent that the allegations of Paragraph 222 relate to other defendants or to plaintiffs, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 222 relate to KPE, KPE denies all of the allegations.

223.     To the extent that the allegations of Paragraph 223 relate to other defendants or to plaintiffs, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 223 relate to KPE, KPE denies all of the allegations.

224.    The allegations of Paragraph 224 are legal contentions to which no response is required.

225.    To the extent that the allegations of Paragraph 225 relate to other defendants or to plaintiffs, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 225 relate to KPE, KPE denies all of the allegations.

226.    The allegations of Paragraph 226 are legal contentions to which no response is required.

227.    With regard to the first three sentences of Paragraph 227, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them. With regard to the last sentence of Paragraph 227, to the extent that the allegations relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  With regard to the last sentence of Paragraph 227, to the extent the allegations relate to KPE, KPE denies all of the allegations.

228.    KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 228, and therefore denies them.

229.    KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 229, and therefore denies them.

230.    KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 230, and therefore denies them.

231.    KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 231, and therefore denies them.

232.    KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 232, and therefore denies them.

233.    KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 233, and therefore denies them. To the extent that the allegations of Paragraph 233 are derived from or purport to quote from a publicly-filed document, the document speaks for itself and no response is required.

234.    To the extent that the allegations of Paragraph 234 are derived from or purport to quote a publication, the publication speaks for itself and no response is required.

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229529_1

235.    To the extent that the allegations of Paragraph 235 are derived from or purport to quote a publication, the publication speaks for itself and no response is required.

236.    To the extent that the allegations of Paragraph 236 are derived from or purport to quote a publication, the publication speaks for itself and no response is required.

237.    To the extent that the allegations of Paragraph 237 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 237 relate to KPE, KPE denies all of the allegations.

238.    To the extent that the allegations of Paragraph 238 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 238 relate to KPE, KPE denies all of the allegations.

239.    To the extent that the allegations of Paragraph 239 relate to other defendants or to plaintiffs, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 239 relate to KPE, KPE denies all of the allegations.

## X.  CLASS ACTION ALLEGATIONS

240.    KPE admits Plaintiffs purport to bring this action as a putative class action as defined in Paragraph 240, but denies that Fed. R. Civ. P. 23 would permit the certification of a class as defined in Paragraph 240, or at all.

241.    KPE admits Plaintiffs purport to bring this action as a putative class action as defined in Paragraph 241, but denies that Fed. R. Civ. P. 23 would permit the certification of a class as defined in Paragraph 241, or at all.

242.    KPE denies that a class as so defined could properly be certified.

243.    KPE denies each and every allegation of Paragraph 243 and its subparts.  KPE denies that the questions of law or fact enumerated in subparagraphs (d)(i) – (d)(ix) are common to the Class as defined in the Amended Complaint or could properly be decided on a class-wide basis.

## XI. ALLEGATIONS CONCERNING ALLEGED VIOLATIONS

### A.    Claim for Violation of 15 U.S.C. § 1

244.    KPE repeats and incorporates by reference its responses to Paragraphs 1 through 243 of

HOWREY LLP

-32-
ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229529_1

1   the Amended Complaint with the same force and effect as if set forth herein at length.

2          245.     KPE avers that the allegations of Paragraph 245 constitute legal contentions and/or

3   conclusions to which no response is required.  To the extent that Paragraph 245 may be deemed to

4   require a response from KPE, KPE denies all of the allegations.

5          246.     KPE denies each and every allegation of Paragraph 246.

6          247.     KPE denies each and every allegation of Paragraph 247.

7          248.     KPE denies each and every allegation of Paragraph 248.

8          249.     KPE denies each and every allegation of Paragraph 249, including its subparts.

9          250.     KPE denies each and every allegation of Paragraph 250, including its subparts.

10         251.     KPE denies each and every allegation of Paragraph 251.

11         252.     KPE denies each and every allegation of Paragraph 252.

12         253.     KPE denies each and every allegation of Paragraph 253.

13        **B.**     **Claim for Violation of State Antitrust Statutes**

14         254.     KPE repeats and incorporates by reference its responses to Paragraphs 1 through 253 of

15  the Amended Complaint with the same force and effect as if set forth herein at length.

16         255.     KPE denies each and every allegation of Paragraph 255, including its subparts.

17         256.     KPE denies each and every allegation of Paragraph 256, including its subparts.

18         257.     KPE denies each and every allegation of Paragraph 257, including its subparts.

19         258.     KPE denies each and every allegation of Paragraph 258, including its subparts.

20         259.     KPE denies each and every allegation of Paragraph 259, including its subparts.

21         260.     KPE denies each and every allegation of Paragraph 260, including its subparts.

22         261.     KPE denies each and every allegation of Paragraph 261, including its subparts.

23         262.     KPE denies each and every allegation of Paragraph 262, including its subparts.

24  Further, the Order of the Court Approving and Adopting Special Master's Report, Recommendations

25  and Tentative Rulings re: Defendants' Motions to Dismiss, dated March 30, 2010, dismissed the

26  claims under Nebraska law based on sales made prior to July 20, 2002.

27         263.     KPE denies each and every allegation of Paragraph 263, including its subparts.

28  Further, the Order of the Court Approving and Adopting Special Master's Report, Recommendations

1  and Tentative Rulings re: Defendants' Motions to Dismiss, dated March 30, 2010, dismissed the
2  claims under Nevada law for sales made prior to the 1999 date of Nevada's repealer statute.

3      264.    KPE denies each and every allegation of Paragraph 264, including its subparts.

4      265.    KPE denies each and every allegation of Paragraph 265, including its subparts.

5      266.    KPE denies each and every allegation of Paragraph 266, including its subparts.

6      267.    KPE denies each and every allegation of Paragraph 267, including its subparts.

7      268.    KPE denies each and every allegation of Paragraph 268, including its subparts.

8      269.    KPE denies each and every allegation of Paragraph 269, including its subparts.

9      270.    KPE denies each and every allegation of Paragraph 270, including its subparts.

10     271.    KPE denies each and every allegation of Paragraph 271, including its subparts.

11 **C.**    **Claim for Violation of State Consumer Protection and Unfair Competition Statutes**

12 272.    KPE repeats and incorporates by reference its responses to Paragraphs 1 through 271 of
13 the Amended Complaint with the same force and effect as if set forth herein at length.

14     273.    KPE denies each and every allegation of Paragraph 273.

15     274.    KPE denies each and every allegation of Paragraph 274, including its subparts.

16     275.    KPE denies each and every allegation of Paragraph 275, including its subparts.

17 276.    KPE denies each and every allegation of Paragraph 276, including its subparts. Further,
18 the Special Master's Report, Recommendations and Tentative Rulings re: Defendants' Motions to
19 Dismiss, dated February 5, 2010, adopted by Order of the Court, dated March 30, 2010, noted that
20 Plaintiffs have withdrawn their claims based on the laws of Hawaii.

21 277.    KPE denies each and every allegation of Paragraph 277, including its subparts.  Further,
22 the Order of the Court Approving and Adopting Special Master's Report, Recommendations and
23 Tentative Rulings re: Defendants' Motions to Dismiss, dated March 30, 2010, dismissed the claims
24 under the Massachusetts Consumer Protection Act.

25 278.    KPE denies each and every allegation of Paragraph 278, including its subparts.  Further,
26 the Order of the Court Approving and Adopting Special Master's Report, Recommendations and
27 Tentative Rulings re: Defendants' Motions to Dismiss, dated March 30, 2010, dismissed the claims
28 under Nebraska law based on sales made prior to July 20, 2002.

279.    KPE denies each and every allegation of Paragraph 279, including its subparts.

280.    KPE denies each and every allegation of Paragraph 280, including its subparts.

281.    KPE denies each and every allegation of Paragraph 281, including its subparts.

282.    KPE denies each and every allegation of Paragraph 282, including its subparts.  Further, the Order of the Court Approving and Adopting Special Master's Report, Recommendations and Tentative Rulings re: Defendants' Motions to Dismiss, dated March 30, 2010, dismissed the allegations under the Rhode Island Unfair Trade Practices and Consumer Protection Act.

283.    KPE denies each and every allegation of Paragraph 283, including its subparts.

**D.    Claim for Unjust Enrichment and Disgorgement of Profits**

284.    KPE repeats and incorporates by reference its responses to Paragraphs 1 through 283 of the Amended Complaint with the same force and effect as if set forth herein at length.

285.    The allegations of Paragraph 285 state legal contentions to which no response is required.  To the extent that Paragraph 285 may be deemed to require a response, KPE denies, for want of information or belief, each of the allegations of Paragraph 285.

286.    KPE avers that the allegations of Paragraph 286 constitute legal contentions and/or conclusions to which no response is required, but KPE nonetheless denies all those allegations. Further, the Order of the Court Approving and Adopting Special Master's Report, Recommendations and Tentative Rulings re: Defendants' Motions to Dismiss, dated March 30, 2010, dismissed plaintiffs' unjust enrichment claims under the laws of Kansas.

287.    The allegations of Paragraph 287 state legal contentions to which no response is required.  To the extent that Paragraph 287 may be deemed to require a response, KPE denies, for want of information or belief, each of the allegations of Paragraph 287.

**XII.  ALLEGATIONS CONCERNING FRAUDULENT CONCEALMENT**

288.    To the extent that the allegations of Paragraph 288 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 288 relate to KPE, KPE denies all of the allegations.

289.    To the extent that the allegations in Paragraph 289 state legal contentions, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

1  the allegations in Paragraph 289, and therefore denies them.

2       290.    To the extent that the allegations of Paragraph 290 and its subparts relate to other

3  defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

4  therefore denies them.  To the extent the allegations of Paragraph 290 and its subparts relate to KPE,

5  KPE denies all of the allegations.

6       291.    The allegations of Paragraph 291 are legal contentions to which no response is required.

7  To the extent any facts are alleged in Paragraph 291 to which a response is required, KPE denies them.

8          **XIII.  ALLEGATIONS CONCERNING PRAYER FOR RELIEF**

9       KPE denies that Plaintiffs suffered any injury or incurred any damages by any act or omission

10  of KPE as alleged in the Amended Complaint, and further denies that Plaintiffs are entitled to any

11  relief under any theory by means of the allegations set forth in the Amended Complaint.  All

12  allegations of the Amended Complaint not heretofore admitted or denied are here and now denied as

13  though specifically denied herein.

14          **AFFIRMATIVE DEFENSES**

15       Without assuming any burden it would not otherwise bear, KPE asserts the following additional

16  and/or affirmative defenses to Plaintiffs' Amended Complaint:

17          **FIRST AFFIRMATIVE DEFENSE**

18          **(Failure to State a Claim)**

19       The Amended Complaint fails to state a claim upon which relief can be granted.

20          **SECOND AFFIRMATIVE DEFENSE**

21          **(Lack of Subject Matter Jurisdiction)**

22       The conduct alleged to provide a basis for the claims of Plaintiffs and any putative class

23  members did not have a direct, substantial, and reasonably foreseeable effect on trade or commerce

24  within the United States.  The Court, therefore, lacks subject matter jurisdiction of the claims of

25  Plaintiffs and any putative class members.

26          **THIRD AFFIRMATIVE DEFENSE**

27      **(Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)**

28       Plaintiffs' claims for any foreign purchases, if any, should be dismissed to the extent that they

1  are barred, in whole or in part, because Plaintiffs have failed to allege facts sufficient to support a

2  claim under the foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

3  <u>**FOURTH AFFIRMATIVE DEFENSE**</u>

4  **(Vagueness of Claims)**

5  Plaintiffs' claims should be dismissed for uncertainty and vagueness and because their claims

6  are ambiguous and/or unintelligible. KPE avers that Plaintiffs' claims do not describe the events or

7  legal theories with sufficient particularity to permit KPE to ascertain what other defenses may exist.

8  KPE therefore reserves the right to amend its Answer to assert additional defenses and/or supplement,

9  alter, or change its Answer and/or defenses upon the discovery of more definitive facts upon the

10  completion of its investigation and discovery.

11  <u>**FIFTH AFFIRMATIVE DEFENSE**</u>

12  **(Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)**

13  Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

14  because Plaintiffs have failed to allege fraud or fraudulent concealment with sufficient particularity.

15  <u>**SIXTH AFFIRMATIVE DEFENSE**</u>

16  **(Failure to Plead Conspiracy with Particularity)**

17  Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

18  because Plaintiffs have failed to allege conspiracy with sufficient particularity.

19  <u>**SEVENTH AFFIRMATIVE DEFENSE**</u>

20  **(Statute of Limitation)**

21  Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by

22  the applicable statutes of limitation.

23  <u>**EIGHTH AFFIRMATIVE DEFENSE**</u>

24  **(Unilateral Action)**

25  Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

26  because any action taken by or on behalf of KPE that are the subject of the Amended Complaint were

27  undertaken unilaterally for legitimate business reasons and in pursuit of KPE's independent interests

28  and those of its customers, and were not the product of any contract, combination or conspiracy

1  between KPE and any other person or entity.

2  **NINTH AFFIRMATIVE DEFENSE**

3  **(Rule of Reason)**

4  Plaintiffs claims and claims of any putative class members are barred, in whole or in part,

5  because any acts or practices of KPE that are the subject of the Amended Complaint were adopted in

6  furtherance of legitimate business interests of KPE and of its customers and do no unreasonably

7  restrain competition.

8  **TENTH AFFIRMATIVE DEFENSE**

9  **(Competition)**

10 Plaintiffs claims and claims of any putative class members are barred, in whole or in part,

11 because any acts or practices of KPE that are the subject of the Amended Complaint were cost justified

12 or otherwise economically justified and resulted from a good faith effort to meet competition or market

13 conditions.

14 **ELEVENTH AFFIRMATIVE DEFENSE**

15 **(Non-actionable or Governmental Privilege)**

16 Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of KPE that is the

17 subject of the Amended Complaint was caused by, due to, based upon, or in response to directives,

18 laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or

19 regulatory agencies, and such is non-actionable or privileged.

20 **TWELFH AFFIRMATIVE DEFENSE**

21 **(No Act of KPE)**

22 Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

23 because no plaintiff has been injured in its business or property by reason of any action of KPE.

24 **THIRTEENTH AFFIRMATIVE DEFENSE**

25 **(Intervening Conduct)**

26 Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part,

27 because any alleged injuries and/or damages were not legally or proximately caused by any acts or

28 omissions of KPE and/or were caused, if at all, solely and proximately by the conduct of third parties

1   including, without limitations, the prior, intervening or superseding conduct of such third parties.

2   ## FOURTEENTH AFFIRMATIVE DEFENSE

3   ### (*Ultra Vires*)

4   To the extent that any actionable conduct may have occurred, Plaintiffs' claims against KPE

5   are barred because all such alleged conduct would have been committed by individuals acting *ultra*

6   *vires*.

7   ## FIFTEENTH AFFIRMATIVE DEFENSE

8   ### (No Antitrust Injury)

9   Plaintiffs' claims should be dismissed because Plaintiffs and/or certain members of the putative

10  classes have not suffered actual, cognizable antitrust injury of the type antitrust laws are intended to

11  remedy.

12  ## SIXTEENTH AFFIRMATIVE DEFENSE

13  ### (Uncertainty of Damages)

14  Plaintiffs' claims should be dismissed because the alleged damages sought are too speculative

15  and uncertain, and cannot be practicably ascertained or allocated.

16

17  ## SEVENTEENTH AFFIRMATIVE DEFENSE

18  ### (Failure to Mitigate Damages)

19  Plaintiffs' claims should be dismissed, in whole or in part, because Plaintiffs and/or certain

20  members of the putative classes failed to take all necessary, reasonable, and appropriate actions to

21  mitigate their alleged damages, if any.

22  ## EIGHTEENTH AFFIRMATIVE DEFENSE

23  ### (Unjust Enrichment)

24  Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

25  because Plaintiffs and/or certain members of the putative classes would be unjustly enriched if they

26  were allowed to recover any part of the damages alleged in the Amended Complaint.

27

28

1

**NINETEENTH AFFIRMATIVE DEFENSE**

2

**(Set Off)**

3      Without admitting that Plaintiffs are entitled to recover damages in this matter, KPE is entitled

4  to set off from any recovery Plaintiffs may obtain against KPE any amount paid to Plaintiffs by any

5  other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

6

**TWENTIETH AFFIRMATIVE DEFENSE**

7

**(Improper Taking)**

8      Any award of restitution or monetary recovery pursuant to California Business and Professions

9  §§ 17200, et seq. would constitute a taking of property without just compensation in violation of the

10  Takings Clause of the U.S. Constitution and of Article 1, Section 19 of the California Constitution.

11

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

12

**(Waiver and Estoppel)**

13      Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by

14  the doctrines of waiver and/or estoppel.

15

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

16

**(Laches)**

17      Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by

18  the equitable doctrine of laches.

19

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

20

**(Unclean Hands)**

21      Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by

22  the equitable doctrine of unclean hands.

23

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24

**(Acquiescence)**

25      Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by

26  Plaintiffs' and/or certain members of the putative classes acquiescence and/or confirmation of any and

27  all conduct and/or omissions alleged as to KPE.

28

HOWREY LLP

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

DM_US:23229529_1

1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

2

### (Accord and Satisfaction)

3

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

4

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

5

### (*Forum Non Conveniens*)

6

The Amended Complaint should be dismissed on the grounds of *forum non conveniens*.

7

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

8

### (Improper Forum/Arbitration)

9

Plaintiff's claims and claims of any putative class members against KPE are barred to the

10

extent that they have agreed to arbitration or chosen a different forum for the resolution of their claims.

11

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

12

### (Adequate Remedy at Law)

13

Plaintiffs' claims for injunctive relief should be dismissed because Plaintiffs and/or certain

14

members of the putative class have available an adequate remedy at law.

15

## TWENTY-NINTH AFFIRMATIVE DEFENSE

16

### (Failure to Join Indispensable Parties)

17

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, for

18

failure to join indispensable parties.

19

## THIRTIETH AFFIRMATIVE DEFENSE

20

### (Due Process)

21

Plaintiff's claims and claims of any putative class members are barred, in whole or in part, to

22

the extent they seek an improper multiple punitive award for a single wrong because such an award

23

would violate KPE's rights guaranteed by the Due Process clause of the Fifth Amendment of the

24

United States Constitution.

25

## THIRTY-FIRST AFFIRMATIVE DEFENSE

26

### (Due Process)

27

Plaintiff's claims and claims of any putative class members are barred, in whole or in part,

28

the extent they seek an improper multiple punitive award for a single wrong because such an award

1 would violate KPE's rights guaranteed by the Due Process provision of the Fourteenth Amendment of

2 the United States Constitution.

3 ## THIRTY-SECOND AFFIRMATIVE DEFENSE

4 ### (Equal Protection)

5 Plaintiff's claims and claims of any putative class members are barred, in whole or in part, to

6 the extent they seek an improper multiple punitive award for a single wrong because such an award

7 would violate KPE's rights guaranteed by the Equal Protection provision of the Fourteenth

8 Amendment of the United States Constitution.

9 ## THIRTY-THIRD AFFIRMATIVE DEFENSE

10 ### (Double Jeopardy)

11 Plaintiff's claims and claims of any putative class members are barred, in whole or in part, to

12 the extent they seek an improper multiple punitive award for a single wrong because such an award

13 would violate KPE's rights guaranteed by the Double Jeopardy Clause of the Fifth Amendment of the

14 United States Constitution.

15 ## THIRTY-FOURTH AFFIRMATIVE DEFENSE

16 ### (Excessive Fines)

17 Plaintiff's claims and claims of any putative class members are barred, in whole or in part, to

18 the extent they seek an improper multiple punitive award for a single wrong because such an award

19 would violate KPE's rights guaranteed by the Excessive Fines provision of the Eighth Amendment of

20 the United States Constitution.

21 ## THIRTY-FIFTH AFFIRMATIVE DEFENSE

22 ### (Unconstitutional Multiplicity)

23 To the extent any recovery by Plaintiffs or members of the putative class would be duplicative

24 of recovery by other plaintiffs and other lawsuits, subjecting KPE to the possibility of multiple

25 recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States

26 Constitution.

27

28

1

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

2

### (Foreign Sales)

3    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs may not recover damages, if

4  any, based on sales outside of the United States.

5

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

6

### (Legal Acts)

7    Plaintiffs' claims are barred, in whole or in part, to the extent they are based on alleged acts,

8  conduct or statements that are specifically permitted by law.

9

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

10

### (Withdrawal)

11    To the extent that any actionable conduct occurred for which KPE is liable, some or all of

12  Plaintiffs' claims against KPE are barred because KPE withdrew from and/or abandoned any alleged

13  conspiracy prior to the commencement of the limitations period set forth in applicable statutes of

14  limitations.

15

## THIRTY-NINTH AFFIRMATIVE DEFENSE

16

### (Comparative Fault)

17    Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

18  because any and all injuries alleged in the Amended Complaint, the fact and extent of which KPE

19  specifically denies, were directly and proximately caused or contributed to by the statements, acts,

20  and/or omissions of Plaintiffs, certain members of the putative classes, and/or third parties or entities,

21  other than KPE.

22

## FORTIETH AFFIRMATIVE DEFENSE

23

### (Failure To Plead Special Damages With Specificity)

24    Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to plead

25  special damages with specificity as required by the laws of the various States cited.

26

## FORTY-FIRST AFFIRMATIVE DEFENSE

27

### (Injury or Damages Offset by Benefits Received)

28    Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

1  because any claimed injury or damage has been offset by benefits Plaintiffs received with respect to

2  the challenged conduct.

3  **FORTY-SECOND AFFIRMATIVE DEFENSE**

4  **(Damages Not Passed Through to Plaintiffs)**

5  Plaintiffs' claims should be dismissed to the extent they are barred, in whole or in part, because

6  any injury or damage alleged in the Amended Complaint was not incurred by or passed on to Plaintiffs,

7  or was incurred by or passed on to persons or entities other than Plaintiffs.

8  **FORTY-THIRD AFFIRMATIVE DEFENSE**

9  **(Proportionality)**

10  To the extent KPE is found liable for damages, the fact and extent of which are expressly

11  denied by KPE, those damages must be reduced in proportion to KPE's degree of fault.

12  **FORTY-FOURTH AFFIRMATIVE DEFENSE**

13  **(Release)**

14  The claims of one or more of the persons or entities Plaintiffs purport to represent are barred

15  because they have been released.

16  **FORTY-FIFTH AFFIRMATIVE DEFENSE**

17  **(No 'Full Consideration' Damages)**

18  Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not entitled to "full

19  consideration" damages.

20  **FORTY-SIXTH AFFIRMATIVE DEFENSE**

21  **(Federal Trade Commission)**

22  Any alleged conduct by KPE is, or if in interstate commerce would be, subject to and complies

23  with the rules and regulations of, and the statutes administered by, the Federal Trade Commission or

24  other official department, division, commission or agency of the United States as such rules,

25  regulations, or statutes are interpreted by the Federal Trade Commission or such department, division,

26  commission or agency of the federal courts.

27

28

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

1

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

2

#### (Lack of Standing as Indirect Purchasers)

3      Plaintiffs' claims are barred, in whole or in part, to the extent the various States cited have not

4   repealed the *Illinois Brick* doctrine.

5

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

6

#### (Other Defenses Incorporated by Reference)

7      KPE adopts and incorporates by reference any and all other affirmative defenses asserted or to

8   be asserted by any other defendant in this proceeding to the extent that KPE may share in such

9   affirmative defenses.

10

### FORTY-NINTH AFFIRMATIVE DEFENSE

11

#### (Reservation of Rights to Assert Additional Defenses)

12      KPE has not knowingly or intentionally waived any applicable defenses and explicitly reserves

13   the right to assert and rely on such other applicable defenses as may become available or apparent

14   during discovery proceedings. KPE further reserves the right to amend its Answer and/or its defenses

15   accordingly, and/or to delete defenses that it determines are not applicable during the course of

16   subsequent discovery.

17

18

19

20

21

22

23

24

25

26

27

28

HOWREY LLP

ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

DM_US:23229529_1

1    **WHEREFORE**, KPE prays as follows:

2        1.      That the Plaintiffs take nothing by way of the Amended Complaint and the Amended

3    Complaint be dismissed with prejudice;

4        2.      That judgment be entered in favor of KPE and against Plaintiffs on each and every

5    cause of action set forth in the Amended Complaint;

6        3.      That KPE recover its costs of suit and attorneys' fees incurred herein; and

7        4.      That KPE be granted such other and further relief as the Court deems just and proper.

8

9    DATED:  April 29, 2010                          HOWREY LLP

10

11                                                      /s/ Emily L. Maxwell
                                                       Emily L. Maxwell

12
                                                       525 Market Street
13                                                     Suite 3600
                                                       San Francisco, CA 94105-2708
14                                                     Telephone: (415) 848-4947
                                                       Facsimile: (212) 848-4999
15                                                     Email: MaxwellE@Howrey.com

16                                                     *Attorneys for Koninklijke Philips Electronics N.V.*

17

18

19

20

21

22

23

24

25

26

27

28