

EMILY L. MAXWELL (SBN 185646)
Email: MaxwellE@howrey.com
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105-2708
Telephone: (415) 848-4947
Facsimile: (415) 848-4999

JOHN M. TALADAY (*pro hac vice*)
RICHARD A. RIPLEY (*pro hac vice*)
Email: taladayj@howrey.com
Email: ripleyr@howrey.com
HOWREY LLP
1299 Pennsylvania Ave NW
Washington, DC 20004
Telephone: (202) 383-6564
Facsimile: (202) 383-6610

ETHAN E. LITWIN (*pro hac vice*)
Email: litwine@howrey.com
HOWREY LLP
601 Lexington Avenue, 54th Floor
New York, NY 10022-4629
Telephone: (212) 896-6500
Facsimile: (212) 896-6501

Attorneys for PHILIPS ELECTRONICS
NORTH AMERICA CORPORATION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

In re: CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION

This Document Relates to:
ALL INDIRECT PURCHASER
ACTIONS

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No. 07-5944-SC**

**MDL No. 1917**

**ANSWER OF PHILIPS ELECTRONICS
NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS'
CONSOLIDATED AMENDED COMPLAINT**

**Trial Date:  None Set**

HOWREY LLP

1    Defendant Philips Electronics North America Corporation ("PENAC"), by and through its

2    undersigned counsel of record, answers the Indirect Purchaser Plaintiffs' Consolidated Amended

3    Complaint (the "Amended Complaint") and alleges additional or affirmative defenses as follows.

4    PENAC denies each and every allegation in the Amended Complaint's section headings and in all

5    portions of the Amended Complaint not contained in numbered paragraphs.  To the extent that the

6    Amended Complaint's allegations concern persons and/or entities other than PENAC, PENAC denies

7    that such allegations support any claim for relief against PENAC.

8    PENAC responds to the Amended Complaint in accordance with the Court's March 30, 2010

9    Order Approving and Adopting Special Master's Report, Recommendations and Tentative Rulings re:

10   Defendants' Motions to Dismiss.  Pursuant to the Order, the Court (a) dismissed Plaintiffs' unjust

11   enrichment claims under the Kansas common law; (b) dismissed Plaintiffs' claims under the Rhode

12   Island Unfair Trade Practices and Consumer Protection Act; (c) dismissed Plaintiffs' claims under the

13   Massachusetts Consumer Protection Act; (d) dismissed Plaintiffs' claims under Nebraska law for sales

14   made prior to July 20, 2002; and (e)  dismissed Plaintiffs' claims under Nevada law based for sales

15   made prior to the 1999 date of Nevada's *Illinois Brick* repealer statute.

16                               **I.  INTRODUCTION**

17        1.      To the extent that the allegations of Paragraph 1 are definitional, PENAC avers that no

18   response is required.  PENAC avers that the use of the term "Philips", which improperly conflates four

19   distinct defendants and legal entities together, and "CRT Products", which improperly conflates

20   numerous distinct and non-substitutable products (of, among other things, various sizes, quantities,

21   uses, technologies, and products at different points in the production chain) together, renders the

22   allegations of the Amended Complaint indefinite and uncertain.  To the extent that the allegations of

23   Paragraph 1 relate to other defendants or a plaintiff, PENAC lacks knowledge or information sufficient

24   to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of

25   Paragraph 1 relate to PENAC, PENAC denies all the allegations of Paragraph 1, with the exception of

26   matters specifically admitted herein as follows.  PENAC admits that Plaintiffs purport to bring an

27   antitrust action on behalf of certain persons or entities, but denies that Plaintiffs are entitled to any

28   relief or that this action may proceed as a class action.  In particular, PENAC denies that the "Class

HOWREY LLP

- 1 -
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

DM_US:23229531_1

Period" defined by Plaintiffs is a proper class period or that any class of purchasers spanning that period (or any other period) may be certified.

2.     To the extent that the allegations of Paragraph 2 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 2 related to PENAC, PENAC denies all of those allegations. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies them.

3.     To the extent that the allegations of Paragraph 3 relate to other defendants or a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 3 related to PENAC, PENAC denies all of those allegations.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and therefore denies them.

4.     PENAC admits that government authorities in the United States, the European Union, Japan and South Korea have commenced investigations of the CRT industry, the details of which are matters of public record and such records speak for themselves.  PENAC admits that an indictment was issued against C.Y. Lin, the details of which are matters of public record and such records speak for themselves.

## II. ALLEGATIONS CONCERNING JURISDICTION AND VENUE

5.     PENAC admits that Plaintiffs purport to bring this action to obtain injunctive relief and to recover damages for alleged violations of Section 1 of the Sherman Act (15 U.S.C. § 1), and to recover damages under state antitrust, unfair competition and consumer protection laws, but denies that Plaintiffs are entitled to any relief under any of these statutes.

6.     PENAC avers that the allegations of Paragraph 6 regarding jurisdiction constitute legal conclusions and/or conclusions to which no response is required.  To the extent that the allegations contained in Paragraph 6 may be deemed to require a response from PENAC, PENAC denies that this district has subject matter jurisdiction based on the conduct of PENAC as alleged in the Amended Complaint.

7.     PENAC avers that the allegations of Paragraph 7 regarding jurisdiction constitute legal

HOWREY LLP

-2-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229531_1

1  conclusions and/or conclusions to which no response is required.  To the extent that the allegations

2  contained in Paragraph 7 may be deemed to require a response from PENAC, PENAC denies that this

3  district has subject matter jurisdiction based on the conduct of PENAC as alleged in the Amended

4  Complaint.

5       8.     PENAC avers that the allegations of Paragraph 8 regarding jurisdiction constitute legal

6  conclusions and/or conclusions to which no response is required.  To the extent that the allegations

7  contained in Paragraph 8 may be deemed to require a response from PENAC, PENAC denies that

8  venue lies in this district based on the conduct of PENAC as alleged in the Amended Complaint.

9       9.     PENAC avers that the allegations of Paragraph 9 regarding jurisdiction constitute legal

10  conclusions and/or conclusions to which no response is required.  To the extent that the allegations

11  contained in Paragraph 9 may be deemed to require a response from PENAC, and to the extent the

12  allegations of Paragraph 9 relate to other defendants, PENAC lacks knowledge or information

13  sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent

14  that the allegations contained in Paragraph 9 may be deemed to require a response from PENAC, and

15  to the extent the allegations of Paragraph 9 relate to PENAC, PENAC denies these allegations.

16       10.     PENAC avers that the allegations of Paragraph 10 and its subparts regarding

17  jurisdiction constitute legal conclusions and/or conclusions to which no response is required.  To the

18  extent that the allegations contained in Paragraph 10 and its subparts may be deemed to require a

19  response from PENAC, and to the extent the allegations of Paragraph 10 and its subparts relate to other

20  defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of those

21  allegations and therefore denies them. To the extent that the allegations contained in Paragraph 10 and

22  its subparts may be deemed to require a response from PENAC, and to the extent the allegations of

23  Paragraph 10 and its subparts relate to PENAC, PENAC denies these allegations.

24       11.     To the extent that the allegations of Paragraph 11 relate to a plaintiff, PENAC lacks

25  knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

26  the extent that the allegations of Paragraph 11 relate to PENAC, PENAC denies all of those

27  allegations.

28       12.     To the extent that the allegations of Paragraph 12 relate to a plaintiff, PENAC lacks

HOWREY LLP

-3-

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

DM_US:23229531_1

1  knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

2  the extent that the allegations of Paragraph 12 relate to PENAC, PENAC denies all of those

3  allegations.

4  ### III.  DEFINITIONS

5  13.     To the extent that the allegations of Paragraph 13 are an explanation of terminology, no

6  response is required.  PENAC objects to the terms "CRT" and "CRTs" which improperly conflate

7  various non-substitutable products under a single definition.  PENAC avers that the use of the terms

8  "CRT" and "CRTs" render the allegations of the Amended Complaint indefinite and uncertain.

9  PENAC admits the remaining allegations in Paragraph 13.

10  14.     The allegations of Paragraph 14 are an explanation of terminology for which no

11  response is required.  PENAC objects to the terms "CDTs" and "CPTs" which improperly conflate

12  various non-substitutable products under a single definition.  PENAC avers that the use of the terms

13  "CDTs" and "CPTs" render the allegations of the Amended Complaint indefinite and uncertain.

14  PENAC also objects to the terms "CRTs" and "cathode ray tubes" as further described in this

15  Paragraph.

16  15.     The allegations of Paragraph 15 are an explanation of terminology, for which no

17  response is required.  PENAC objects to the term "CRT Products", which improperly conflates

18  numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses,

19  technologies, and products at different points in the production chain) together, and which renders the

20  allegations of the Amended Complaint indefinite and uncertain.

21  16.     The allegations of Paragraph 16 are an explanation of terminology, for which no

22  response is required.  To the extent that the allegations of Paragraph 16 may be deemed to require a

23  response, PENAC denies all of the allegations of Paragraph 16, with the exception of matters

24  specifically admitted herein as follows.  PENAC admits that Plaintiffs purport to refer to the time

25  period beginning at least March 1, 1995 through at least November 25, 2007 as the "Class Period," but

26  denies the propriety of any such reference or any inference arising from such reference, and denies

27  there is a properly certifiable class as defined in Paragraph 16.

28  17.     The allegations of Paragraph 17 are an explanation of terminology, for which no

HOWREY LLP

-4-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229531_1

1  response is required.

2        18.      The allegations of Paragraph 18 are an explanation of terminology, for which no

3  response is required.

4                **IV.  ALLEGATIONS CONCERNING PLAINTIFFS**

5        19.      To the extent that the allegations of Paragraph 19 relate to other defendants or to a

6  plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

7  therefore denies them.  To the extent the allegations of Paragraph 19 relate to PENAC, PENAC denies

8  all of the allegations.

9        20.      To the extent that the allegations of Paragraph 20 relate to other defendants or to a

10  plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

11  therefore denies them.  To the extent the allegations of Paragraph 20 relate to PENAC, PENAC denies

12  all of the allegations.

13        21.      To the extent that the allegations of Paragraph 21 relate to other defendants or to a

14  plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

15  therefore denies them.  To the extent the allegations of Paragraph 21 relate to PENAC, PENAC denies

16  all of the allegations.

17        22.      To the extent that the allegations of Paragraph 22 relate to other defendants or to a

18  plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

19  therefore denies them.  To the extent the allegations of Paragraph 22 relate to PENAC, PENAC denies

20  all of the allegations.

21        23.      To the extent that the allegations of Paragraph 23 relate to other defendants or to a

22  plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

23  therefore denies them.  To the extent the allegations of Paragraph 23 relate to PENAC, PENAC denies

24  all of the allegations.

25        24.      To the extent that the allegations of Paragraph 24 relate to other defendants or to a

26  plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

27  therefore denies them.  To the extent the allegations of Paragraph 24 relate to PENAC, PENAC denies

28  all of the allegations.

HOWREY LLP

-5-

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

DM_US:23229531_1

1       25.     To the extent that the allegations of Paragraph 25 relate to other defendants or to a

2  plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

3  therefore denies them.  To the extent the allegations of Paragraph 25 relate to PENAC, PENAC denies

4  all of the allegations.

5       26.     To the extent that the allegations of Paragraph 26 relate to other defendants or to a

6  plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

7  therefore denies them.  To the extent the allegations of Paragraph 26 relate to PENAC, PENAC denies

8  all of the allegations.

9       27.     To the extent that the allegations of Paragraph 27 relate to other defendants or to a

10  plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

11  therefore denies them.  To the extent the allegations of Paragraph 27 relate to PENAC, PENAC denies

12  all of the allegations.

13       28.     To the extent that the allegations of Paragraph 28 relate to other defendants or to a

14  plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

15  therefore denies them.  To the extent the allegations of Paragraph 28 relate to PENAC, PENAC denies

16  all of the allegations.

17       29.     To the extent that the allegations of Paragraph 29 relate to other defendants or to a

18  plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

19  therefore denies them.  To the extent the allegations of Paragraph 29 relate to PENAC, PENAC denies

20  all of the allegations.

21       30.     To the extent that the allegations of Paragraph 30 relate to other defendants or to a

22  plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

23  therefore denies them.  To the extent the allegations of Paragraph 30 relate to PENAC, PENAC denies

24  all of the allegations.

25       31.     To the extent that the allegations of Paragraph 31 relate to other defendants or to a

26  plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

27  therefore denies them.  To the extent the allegations of Paragraph 31 relate to PENAC, PENAC denies

28  all of the allegations.

HOWREY LLP

-6-

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

DM_US:23229531_1

32.     To the extent that the allegations of Paragraph 32 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 32 relate to PENAC, PENAC denies all of the allegations.

33.     To the extent that the allegations of Paragraph 33 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 33 relate to PENAC, PENAC denies all of the allegations.

34.     To the extent that the allegations of Paragraph 34 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 34 relate to PENAC, PENAC denies all of the allegations.

35.     To the extent that the allegations of Paragraph 35 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 35 relate to PENAC, PENAC denies all of the allegations.

36.     To the extent that the allegations of Paragraph 36 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 36 relate to PENAC, PENAC denies all of the allegations.

37.     To the extent that the allegations of Paragraph 37 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 37 relate to PENAC, PENAC denies all of the allegations.

38.     To the extent that the allegations of Paragraph 38 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 38 relate to PENAC, PENAC denies all of the allegations.

HOWREY LLP

-7-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229531_1

1       39.     To the extent that the allegations of Paragraph 39 relate to other defendants or to a

2 plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

3 therefore denies them.  To the extent the allegations of Paragraph 39 relate to PENAC, PENAC denies

4 all of the allegations.

5       40.     To the extent that the allegations of Paragraph 40 relate to other defendants or to a

6 plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

7 therefore denies them.  To the extent the allegations of Paragraph 40 relate to PENAC, PENAC denies

8 all of the allegations.

9       41.     To the extent that the allegations of Paragraph 41 relate to other defendants or to a

10 plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

11 therefore denies them.  To the extent the allegations of Paragraph 41 relate to PENAC, PENAC denies

12 all of the allegations.

13       42.     To the extent that the allegations of Paragraph 42 relate to other defendants or to a

14 plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

15 therefore denies them.  To the extent the allegations of Paragraph 42 relate to PENAC, PENAC denies

16 all of the allegations.

17       43.     To the extent that the allegations of Paragraph 43 relate to other defendants or to a

18 plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

19 therefore denies them.  To the extent the allegations of Paragraph 43 relate to PENAC, PENAC denies

20 all of the allegations.

21       44.     To the extent that the allegations of Paragraph 44 relate to other defendants or to a

22 plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

23 therefore denies them.  To the extent the allegations of Paragraph 44 relate to PENAC, PENAC denies

24 all of the allegations.

25       45.     To the extent that the allegations of Paragraph 45 relate to other defendants or to a

26 plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

27 therefore denies them.  To the extent the allegations of Paragraph 45 relate to PENAC, PENAC denies

28 all of the allegations.

HOWREY LLP

-8-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229531_1

46.     To the extent that the allegations of Paragraph 46 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 46 relate to PENAC, PENAC denies all of the allegations.

47.     To the extent that the allegations of Paragraph 47 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 47 relate to PENAC, PENAC denies all of the allegations.

48.     To the extent that the allegations of Paragraph 48 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 48 relate to PENAC, PENAC denies all of the allegations.

49.     To the extent that the allegations of Paragraph 49 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 49 relate to PENAC, PENAC denies all of the allegations.

## V.  ALLEGATIONS CONCERNING DEFENDANTS

50.     The allegations of Paragraph 50 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 50 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 50 relate to PENAC, PENAC denies them, with the exception of matters specifically admitted herein as follows.   PENAC admits that LG.Philips Displays was formed in 2001.

51.     The allegations of Paragraph 51 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51, and therefore denies them.

52.     The allegations of Paragraph 52 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the

HOWREY LLP

-9-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229531_1

1  truth of the allegations of Paragraph 52, and therefore denies them.

2       53.     The allegations of Paragraph 53 are an explanation of terminology, for which no

3  response is required.

4       54.     PENAC admits the first and second sentences of Paragraph 54.  PENAC admits that

5  LG.Philips Displays was created in 2001 as a 50/50 joint venture with LG.  PENAC denies that it

6  manufactured, sold, or distributed CRT Products on behalf of Koninklijke Philips Electronics N.V.

7  ("KPE") in the United States.  PENAC lacks knowledge or information sufficient to form a belief as to

8  the truth of the balance of the allegations of Paragraph 54 and therefore denies them.

9       55.     PENAC admits the first and third sentences of Paragraph 55.  PENAC admits that it is

10  an indirect subsidiary of KPE.  PENAC denies that KPE dominated or controlled its finances, policies

11  or affairs of PENAC.

12      56.     PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

13  allegations of Paragraph 56, and therefore denies them.  Further, PENAC avers that claims against

14  Philips Electronics Industries, Ltd. were dismissed pursuant to the Notice of Voluntary Dismissal

15  Without Prejudice as to Defendants Philips Consumer Electronics Co. and Philips Electronics

16  Industries, Ltd., filed by Plaintiffs and entered on May 18, 2009.

17      57.     PENAC denies all of the allegations of paragraph 57.  Further, PENAC avers that

18  claims against Philips Consumer Electronics Co. were dismissed pursuant to the Notice of Voluntary

19  Dismissal Without Prejudice as to Defendants Philips Consumer Electronics Co. and Philips

20  Electronics Industries, Ltd., filed by Plaintiffs and entered on May 18, 2009.

21      58.     PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

22  allegations of Paragraph 58, and therefore denies them.

23      59.     PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

24  allegations of Paragraph 59, and therefore denies them.

25      60.     The allegations of Paragraph 60 are an explanation of terminology, for which no

26  response is required.  PENAC avers, however, the Paragraph 60 renders the Amended Complaint

27  indefinite and uncertain as to PENAC.

28      61.     The allegations of Paragraph 61 are not directed at PENAC and, therefore, no response

1   is required.  To the extent that a response is required and that the allegations of Paragraph 61 relate to

2   other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth,

3   and therefore denies them.  To the extent that the allegations of Paragraph 61 relate to PENAC,

4   PENAC denies them, with the exception of matters specifically admitted herein as follows.  PENAC

5   admits that LG.Philips Displays was formed in 2001 and that its shareholdings in the joint venture

6   were expunged in 2007.

7           62.     The allegations of Paragraph 62 are not directed at PENAC and, therefore, no response

8   is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the

9   truth of the allegations of Paragraph 62, and therefore denies them.

10          63.     The allegations of Paragraph 63 are not directed at PENAC and, therefore, no response

11  is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the

12  truth of the allegations of Paragraph 63, and therefore denies them.

13          64.     The allegations of Paragraph 64 are not directed at PENAC and, therefore, no response

14  is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the

15  truth of the allegations of Paragraph 64, and therefore denies them.

16          65.     The allegations of Paragraph 65 are not directed at PENAC and, therefore, no response

17  is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the

18  truth of the allegations of Paragraph 65, and therefore denies them.

19          66.     The allegations of Paragraph 66 are not directed at PENAC and, therefore, no response

20  is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the

21  truth of the allegations of Paragraph 66, and therefore denies them.

22          67.     The allegations of Paragraph 67 are not directed at PENAC and, therefore, no response

23  is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the

24  truth of the allegations of Paragraph 67, and therefore denies them.

25          68.     The allegations of Paragraph 68 are not directed at PENAC and, therefore, no response

26  is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the

27  truth of the allegations of Paragraph 68, and therefore denies them.

28          69.     The allegations of Paragraph 69 are not directed at PENAC and, therefore, no response

1   is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the

2   truth of the allegations of Paragraph 69, and therefore denies them.

3       70.     The allegations of Paragraph 70 are not directed at PENAC and, therefore, no response

4   is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the

5   truth of the allegations of Paragraph 70, and therefore denies them.

6       71.     The allegations of Paragraph 71 are an explanation of terminology, for which no

7   response is required.

8       72.     The allegations of Paragraph 72 are not directed at PENAC and, therefore, no response

9   is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the

10  truth of the allegations of Paragraph 72, and therefore denies them.

11      73.     The allegations of Paragraph 73 are not directed at PENAC and, therefore, no response

12  is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the

13  truth of the allegations of Paragraph 73, and therefore denies them.

14      74.     The allegations of Paragraph 74 are not directed at PENAC and, therefore, no response

15  is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the

16  truth of the allegations of Paragraph 74, and therefore denies them.

17      75.     The allegations of Paragraph 75 are not directed at PENAC and, therefore, no response

18  is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the

19  truth of the allegations of Paragraph 75, and therefore denies them.

20      76.     The allegations of Paragraph 76 are not directed at PENAC and, therefore, no response

21  is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the

22  truth of the allegations of Paragraph 76, and therefore denies them.

23      77.     The allegations of Paragraph 77 are not directed at PENAC and, therefore, no response

24  is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the

25  truth of the allegations of Paragraph 77, and therefore denies them.

26      78.     The allegations of Paragraph 78 are not directed at PENAC and, therefore, no response

27  is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the

28  truth of the allegations of Paragraph 78, and therefore denies them.

HOWREY LLP

-12-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229531_1

79.     The allegations of Paragraph 79 are an explanation of terminology, for which no response is required.

80.     The allegations of Paragraph 80 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80, and therefore denies them.

81.     The allegations of Paragraph 81 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81, and therefore denies them.

82.     The allegations of Paragraph 82 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82, and therefore denies them.

83.     The allegations of Paragraph 83 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83, and therefore denies them.

84.     The allegations of Paragraph 84 are an explanation of terminology, for which no response is required.

85.     The allegations of Paragraph 85 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85, and therefore denies them.

86.     The allegations of Paragraph 86 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86, and therefore denies them.

87.     The allegations of Paragraph 87 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87, and therefore denies them.

88.     The allegations of Paragraph 88 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88, and therefore denies them.

89.     The allegations of Paragraph 89 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89, and therefore denies them.

90.     The allegations of Paragraph 90 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90, and therefore denies them.

91.     The allegations of Paragraph 91 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91, and therefore denies them.

92.     The allegations of Paragraph 92 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92, and therefore denies them.

93.     The allegations of Paragraph 93 are an explanation of terminology, for which no response is required.

94.     The allegations of Paragraph 94 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94, and therefore denies them.

95.     The allegations of Paragraph 95 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95, and therefore denies them.

96.     The allegations of Paragraph 96 are an explanation of terminology, for which no response is required.

97.     The allegations of Paragraph 97 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97, and therefore denies them.

98.     The allegations of Paragraph 98 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98, and therefore denies them.

HOWREY LLP

-14-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229531_1

99.     The allegations of Paragraph 99 are an explanation of terminology, for which no response is required.

100.     The allegations of Paragraph 100 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100, and therefore denies them.

101.     The allegations of Paragraph 101 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101, and therefore denies them.

102.     The allegations of Paragraph 102 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102, and therefore denies them.

103.     The allegations of Paragraph 103 are an explanation of terminology, for which no response is required.

104.     The allegations of Paragraph 104 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104, and therefore denies them.

105.     The allegations of Paragraph 105 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105, and therefore denies them.

106.     The allegations of Paragraph 106 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106, and therefore denies them.

107.     The allegations of Paragraph 107 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107, and therefore denies them.

108.     The allegations of Paragraph 108 are an explanation of terminology, for which no response is required.

109.     The allegations of Paragraph 109 are an explanation of terminology, for which no

-15-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

DM_US:23229531_1

1  response is required.  PENAC avers, however, that Paragraph 109 renders the allegations in the

2  Amended Complaint indefinite and uncertain as to PENAC.

3  **VI. ALLEGATIONS CONCERNING AGENTS AND CO-CONSPIRATORS**

4  110.    To the extent that the allegations of Paragraph 110 relate to other defendants or to a

5  plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

6  therefore denies them.  To the extent the allegations of Paragraph 110 relate to PENAC, PENAC

7  denies all of the allegations.

8  111.    The allegations of Paragraph 111 are an explanation of terminology to which no

9  response is required.

10  112.    The allegations of Paragraph 112 are legal conclusions to which no response is required.

11  113.    The allegations of Paragraph 113 are legal conclusions to which no response is required.

12  **VII. ALLEGATIONS CONCERNING TRADE AND COMMERCE**

13  114.    To the extent that the allegations in Paragraph 114 concern defendants other than

14  PENAC, PENAC is without knowledge or information sufficient to form a belief as to the truth of

15  those allegations, and, on that basis, denies them.  The allegations in Paragraph 114 regarding

16  "continuous and interrupted flow of interstate commerce and international commerce" are legal

17  contentions to which no response is required.  To the extent the remaining allegations in Paragraph 114

18  require a response, PENAC denies them.

19  115.    PENAC denies each and every allegation of Paragraph 115.

20  116.    The allegations of Paragraph 116 are legal contentions to which no response is required.

21  To the extent a response is required and the allegations of in Paragraph 116 concern PENAC, PENAC

22  denies them.  To the extent that the allegations in Paragraph 116 concern defendants other than

23  PENAC or PENAC, PENAC is without knowledge or information sufficient to form a belief as to the

24  truth of those allegations, and, on that basis, denies them.

25  **VIII. FACTUAL ALLEGATIONS**

26  117.    PENAC admits that the allegations in Paragraph 117 purport to describe CRT

27  technology, but PENAC denies that such descriptions are complete.

28  118.    PENAC admits that the allegations in Paragraph 118 purport to describe CRT

HOWREY LLP

-16-

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

DM_US:23229531_1

1    technology, but PENAC denies that such descriptions are complete.

2         119.    PENAC denies the allegations in Paragraph 119.

3         120.    PENAC admits that the allegations in Paragraph 120 purport to describe CRT

4    technology, but PENAC denies that such descriptions are complete.

5         121.    The allegations of Paragraph 121 are legal contentions to which no response is required.

6    To the extent that a response is required, PENAC denies each and every allegation in Paragraph 121.

7         122.    The allegations in the first and third sentences of Paragraph 122 are legal contentions to

8    which no response is required.  To the extent the other allegations in Paragraph 122 concern

9    defendants other than PENAC, PENAC is without knowledge or information sufficient to forma belief

10   as to the truth of the allegations and, on that basis, denies them.

11        123.    The allegations in the first and second sentences of Paragraph 123 are legal contentions

12   to which no response is required.  To the extent the other allegations in Paragraph 123 concern

13   defendants other than PENAC, PENAC is without knowledge or information sufficient to forma belief

14   as to the truth of the allegations and, on that basis, denies them. To the extent that the allegations in

15   Paragraph 123 concern PENAC, PENAC denies them.

16        124.    The allegations in Paragraph 124 are legal contentions to which no response is required.

17   To the extent that the allegations of Paragraph 124 relate to other defendants, PENAC lacks knowledge

18   or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the

19   allegations of Paragraph 124 relate to PENAC, PENAC denies all of the allegations.

20        125.    The allegations in Paragraph 125 are legal contentions to which no response is required.

21        126.    To the extent that the allegations of Paragraph 126 relate to other defendants, PENAC

22   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

23   To the extent the allegations of Paragraph 126 relate to PENAC, PENAC denies all of the allegations.

24        127.    The first sentence of Paragraph 127 is a legal contention to which no response is

25   required.  To the extent that the remaining allegations of Paragraph 127 relate to other defendants,

26   PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore

27   denies them.  To the extent the remaining allegations of Paragraph 127 relate to PENAC, PENAC

28   denies all of the allegations.

HOWREY LLP

-17-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229531_1

128.    To the extent that the allegations of Paragraph 128 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 128 relate to PENAC, PENAC denies all of the allegations with the exception of matters specifically admitted herein as follows.   PENAC admits that LG.Philips Displays was formed in 2001.  PENAC admits that LG.Philips LCD Co., Ltd. was formed in 1999. PENAC denies that it was supplied "CRTs" from Samtel.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 128, and therefore denies them.

129.    The allegations in Paragraph 129 are legal contentions to which no response is required.

130.    The allegations in Paragraph 130 are legal contentions to which no response is required. To the extent that a response is required, PENAC denies the allegation.

131.    The second sentence of Paragraph 131 is a legal contention to which no response is required.  PENAC lacks knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 131, and therefore denies them.

132.    PENAC lacks knowledge or information to form a belief as to the truth regarding the allegations contained in the first and third sentences of Paragraph 132, and therefore denies them.  To the extent that the remaining allegations of Paragraph 132 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the remaining allegations of Paragraph 132 relate to PENAC, PENAC denies all of the allegations.

133.    PENAC lacks knowledge or information to form a belief as to the truth regarding the allegations contained in the second sentence of Paragraph 133, and therefore denies them.  To the extent that the remaining allegations of Paragraph 133 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the remaining allegations of Paragraph 133 relate to PENAC, PENAC denies all of the allegations.

134.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 134, and therefore denies them.

HOWREY LLP

-18-

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

DM_US:23229531_1

1    135.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

2    allegations of Paragraph 135, and therefore denies them.

3    136.    PENAC denies the allegations of Paragraph 136.

4    137.    The allegations in Paragraph 137 are legal contentions to which no response is required.

5    138.    To the extent that the allegations of Paragraph 138 relate to other defendants, PENAC

6    lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

7    To the extent the allegations of Paragraph 138 relate to PENAC, PENAC denies all of the allegations.

8    139.    To the extent that the allegations of Paragraph 139 relate to other defendants, PENAC

9    lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

10   To the extent the allegations of Paragraph 139 relate to PENAC, PENAC denies all of the allegations.

11   140.    PENAC denies each and every allegation of Paragraph 140.

12   141.    To the extent that the allegations of Paragraph 141 relate to other defendants, PENAC

13   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

14   To the extent the allegations of Paragraph 141 relate to PENAC, PENAC denies all of the allegations.

15   142.    To the extent that the allegations of Paragraph 142 relate to other defendants, PENAC

16   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

17   To the extent the allegations of Paragraph 142 relate to PENAC, PENAC denies all of the allegations.

18   143.    To the extent that the allegations of Paragraph 143 relate to other defendants, PENAC

19   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

20   To the extent the allegations of Paragraph 143 relate to PENAC, PENAC denies all of the allegations.

21   144.    PENAC denies each and every allegation of Paragraph 144.

22   145.    To the extent that the allegations of Paragraph 145 relate to other defendants, PENAC

23   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

24   To the extent the allegations of Paragraph 145 relate to PENAC, PENAC denies all of the allegations.

25   146.    To the extent that the allegations of Paragraph 146 relate to other defendants, PENAC

26   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

27   To the extent the allegations of Paragraph 146 relate to PENAC, PENAC denies all of the allegations.

28   147.    To the extent that the allegations of Paragraph 147 relate to other defendants, PENAC

1  lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

2  To the extent the allegations of Paragraph 147 relate to PENAC, PENAC denies all of the allegations.

3          148.    To the extent that the allegations of Paragraph 148 and its subparts relate to other

4  defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

5  therefore denies them.  To the extent the allegations of Paragraph 148 and its subparts relate to

6  PENAC, PENAC denies all of the allegations.

7          149.    To the extent that the allegations of Paragraph 149 relate to other defendants, PENAC

8  lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

9  To the extent the allegations of Paragraph 149 relate to PENAC, PENAC denies all of the allegations.

10          150.    To the extent that the allegations of Paragraph 150 relate to other defendants, PENAC

11  lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

12  To the extent the allegations of Paragraph 150 relate to PENAC, PENAC denies all of the allegations.

13          151.    To the extent that the allegations of Paragraph 151 relate to other defendants, PENAC

14  lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

15  To the extent the allegations of Paragraph 151 relate to PENAC, PENAC denies all of the allegations.

16          152.    To the extent that the allegations of Paragraph 152 relate to other defendants, PENAC

17  lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

18  To the extent the allegations of Paragraph 152 relate to PENAC, PENAC denies all of the allegations.

19          153.    To the extent that the allegations of Paragraph 153 relate to other defendants, PENAC

20  lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

21  To the extent the allegations of Paragraph 153 relate to PENAC, PENAC denies all of the allegations.

22          154.    To the extent that the allegations of Paragraph 154 relate to other defendants, PENAC

23  lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

24  To the extent the allegations of Paragraph 154 relate to PENAC, PENAC denies all of the allegations.

25          155.    To the extent that the allegations of Paragraph 155 relate to other defendants, PENAC

26  lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

27  To the extent the allegations of Paragraph 155 relate to PENAC, PENAC denies all of the allegations.

28          156.    To the extent that the allegations of Paragraph 156 and each of its subparts relate to

-20-

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

1  other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth,

2  and therefore denies them.  To the extent the allegations of Paragraph 156 and each of its subparts

3  relate to PENAC, PENAC denies all of the allegations.

4         157.    To the extent that the allegations of Paragraph 157 relate to other defendants, PENAC

5  lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

6  To the extent the allegations of Paragraph 157 relate to PENAC, PENAC denies all of the allegations.

7         158.    To the extent that the allegations of Paragraph 158 relate to other defendants, PENAC

8  lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

9  To the extent the allegations contained in Paragraph 158 refer to public statements by the government

10 authorities there listed, those statements speak for themselves and no response is required.  PENAC

11 otherwise denies the allegations of Paragraph 158.

12        159.    To the extent that the allegations of Paragraph 159 relate to other defendants, PENAC

13 lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

14 To the extent the allegations of Paragraph 159 relate to PENAC, PENAC denies all of the allegations.

15        160.    To the extent that the allegations of Paragraph 160 relate to other defendants, PENAC

16 lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

17 To the extent the allegations of Paragraph 160 relate to PENAC, PENAC denies all of the allegations.

18        161.    To the extent that the allegations of Paragraph 161 relate to other defendants, PENAC

19 lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

20 To the extent the allegations of Paragraph 161 relate to PENAC, PENAC denies all of the allegations.

21        162.    To the extent that the allegations of Paragraph 162 relate to other defendants, PENAC

22 lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

23 To the extent the allegations of Paragraph 162 relate to PENAC, PENAC denies all of the allegations.

24        163.    To the extent that the allegations of Paragraph 163 relate to other defendants, PENAC

25 lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

26 To the extent the allegations of Paragraph 163 relate to PENAC, PENAC denies all of the allegations.

27        164.    To the extent that the allegations of Paragraph 164 relate to other defendants, PENAC

28 lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

HOWREY LLP

-21-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229531_1

1    To the extent the allegations of Paragraph 164 relate to PENAC, PENAC denies all of the allegations.

2        165.    To the extent that the allegations of Paragraph 165 relate to other defendants, PENAC

3    lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

4    To the extent the allegations of Paragraph 165 relate to PENAC, PENAC denies all of the allegations.

5        166.    The allegations of Paragraph 166 are not directed at PENAC and, therefore, no response

6    is required.  To the extent a response is required and that the allegations of Paragraph 166 relate to

7    other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth,

8    and therefore denies them.  To the extent the allegations of Paragraph 166 relate to PENAC, PENAC

9    denies all of the allegations.

10        167.    The allegations of Paragraph 167 are not directed at PENAC and, therefore, no response

11    is required.  To the extent that a response is required and that the allegations of Paragraph 167 relate to

12    other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth,

13    and therefore denies them.  To the extent the allegations of Paragraph 167 relate to PENAC, PENAC

14    denies all of the allegations.

15        168.    The allegations of Paragraph 168 are not directed at PENAC and, therefore, no response

16    is required.  To the extent that a response is required and that the allegations of Paragraph 168 relate to

17    other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth,

18    and therefore denies them.  To the extent the allegations of Paragraph 168 relate to PENAC, PENAC

19    denies all of the allegations.

20        169.    The allegations of Paragraph 169 are not directed at PENAC and, therefore, no response

21    is required.  To the extent that a response is required and that the allegations of Paragraph 169 relate to

22    other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth,

23    and therefore denies them.  To the extent the allegations of Paragraph 169 relate to PENAC, PENAC

24    denies all of the allegations.

25        170.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

26    allegations of Paragraph 170, and therefore denies them.

27        171.    As to the allegations of Paragraph 171, PENAC denies that it was represented at any

28    meetings where agreements to restrain competition for the sale of CRT Products were reached.

HOWREY LLP

-22-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229531_1

1  PENAC further denies that it was a party to any agreement to restrain competition for the sale of CRT

2  Products.  PENAC admits that it sold CRT Products, but denies that it played a "significant role" in the

3  conspiracy alleged in the Amended Complaint.  PENAC denies that it "would not undercut the pricing

4  agreement reached" by the participants in the alleged conspiracy.  PENAC denies that it was an

5  "active, knowing participant[] in the alleged conspiracy."  As regards the balance of the allegations of

6  Paragraph 171, PENAC lacks knowledge or information sufficient to form a belief as to the truth of

7  these allegations and therefore denies them.

8         172.    To the extent that the allegations of Paragraph 172 relate to other defendants, PENAC

9  lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

10  To the extent the allegations of Paragraph 172 relate to PENAC, PENAC denies all of the allegations.

11  PENAC specifically denies that any employee of LP Displays or LG.Philips Displays attended any

12  such meeting on its behalf.

13         173.    The allegations of Paragraph 173 are not directed at PENAC and, therefore, no response

14  is required.  To the extent that a response is required and that the allegations of Paragraph 173 relate to

15  other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth,

16  and therefore denies them.  To the extent the allegations of Paragraph 173 relate to PENAC, PENAC

17  denies all of the allegations.

18         174.    The allegations of Paragraph 174 are not directed at PENAC and, therefore, no response

19  is required.  To the extent that a response is required and that the allegations of Paragraph 174 relate to

20  other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth,

21  and therefore denies them.  To the extent the allegations of Paragraph 174 relate to PENAC, PENAC

22  denies all of the allegations.

23         175.    The allegations of Paragraph 175 are not directed at PENAC and, therefore, no response

24  is required.  To the extent that a response is required and that the allegations of Paragraph 175 relate to

25  other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth,

26  and therefore denies them.  To the extent the allegations of Paragraph 175 relate to PENAC, PENAC

27  denies all of the allegations.

28         176.    The allegations of Paragraph 176 are not directed at PENAC and, therefore, no response

HOWREY LLP

-23-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229531_1

1   is required.  To the extent that a response is required and that the allegations of Paragraph 176 relate to

2   other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth,

3   and therefore denies them.  To the extent the allegations of Paragraph 176 relate to PENAC, PENAC

4   denies all of the allegations.

5       177.    The allegations of Paragraph 177 are not directed at PENAC and, therefore, no response

6   is required.  To the extent that a response is required and that the allegations of Paragraph 177 relate to

7   other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth,

8   and therefore denies them.  To the extent the allegations of Paragraph 177 relate to PENAC, PENAC

9   denies all of the allegations.

10      178.    The allegations of Paragraph 178 are not directed at PENAC and, therefore, no response

11  is required.  To the extent that a response is required and that the allegations of Paragraph 178 relate to

12  other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth,

13  and therefore denies them.  To the extent the allegations of Paragraph 178 relate to PENAC, PENAC

14  denies all of the allegations.

15      179.    The allegations of Paragraph 179 are not directed at PENAC and, therefore, no response

16  is required.  To the extent that a response is required and that the allegations of Paragraph 179 relate to

17  other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth,

18  and therefore denies them.  To the extent the allegations of Paragraph 179 relate to PENAC, PENAC

19  denies all of the allegations.

20      180.    The allegations of Paragraph 180 are not directed at PENAC and, therefore, no response

21  is required.  To the extent that a response is required and that the allegations of Paragraph 180 relate to

22  other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth,

23  and therefore denies them.  To the extent the allegations of Paragraph 180 relate to PENAC, PENAC

24  denies all of the allegations.

25      181.    The allegations of Paragraph 181 are not directed at PENAC and, therefore, no response

26  is required.  To the extent that a response is required and that the allegations of Paragraph 181 relate to

27  other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth,

28  and therefore denies them.  To the extent the allegations of Paragraph 181 relate to PENAC, PENAC

HOWREY LLP

-24-

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

DM_US:23229531_1

1 | denies all of the allegations.

2 | 182.    The allegations of Paragraph 182 are not directed at PENAC and, therefore, no response
3 | is required.  To the extent that a response is required and that the allegations of Paragraph 182 relate to
4 | other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth,
5 | and therefore denies them.  To the extent the allegations of Paragraph 182 relate to PENAC, PENAC
6 | denies all of the allegations.

7 | 183.    The allegations of Paragraph 183 are not directed at PENAC and, therefore, no response
8 | is required.  To the extent that a response is required and that the allegations of Paragraph 183 relate to
9 | other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth,
10 | and therefore denies them.  To the extent the allegations of Paragraph 183 relate to PENAC, PENAC
11 | denies all of the allegations.

12 | 184.    The allegations of Paragraph 184 are not directed at PENAC and, therefore, no response
13 | is required.  To the extent that a response is required and that the allegations of Paragraph 184 relate to
14 | other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth,
15 | and therefore denies them.  To the extent the allegations of Paragraph 184 relate to PENAC, PENAC
16 | denies all of the allegations.

17 | 185.    The allegations of Paragraph 185 are not directed at PENAC and, therefore, no response
18 | is required.  To the extent that a response is required and that the allegations of Paragraph 185 relate to
19 | other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth,
20 | and therefore denies them.  To the extent the allegations of Paragraph 185 relate to PENAC, PENAC
21 | denies all of the allegations.

22 | 186.    The allegations of Paragraph 186 are not directed at PENAC and, therefore, no response
23 | is required.  To the extent that a response is required and that the allegations of Paragraph 186 relate to
24 | other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth,
25 | and therefore denies them.  To the extent the allegations of Paragraph 186 relate to PENAC, PENAC
26 | denies all of the allegations.

27 | 187.    The allegations of Paragraph 187 are not directed at PENAC and, therefore, no response
28 | is required.  To the extent that a response is required and that the allegations of Paragraph 187 relate to

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

1   other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth,

2   and therefore denies them.  To the extent the allegations of Paragraph 187 relate to PENAC, PENAC

3   denies all of the allegations.

4       188.    The first sentence of Paragraph 188 is an explanation of terminology to which no

5   response is required.  The allegations of Paragraph 188 also state legal contentions to which no

6   response is required.  To the extent that the remaining allegations of Paragraph 188 relate to other

7   defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

8   therefore denies them.  To the extent that the remaining allegations of Paragraph 188 relate to PENAC,

9   PENAC denies all of the allegations.

10      189.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

11  allegations of Paragraph 189, and therefore denies them.

12      190.    To the extent that the allegations contained in Paragraph 190 were derived from analyst

13  reports, those reports speak for themselves and no response is required.  To the extent the allegations in

14  Paragraph 190 concern defendants other than PENAC, PENAC is without knowledge or information

15  sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

16      191.    To the extent that the allegations contained in Paragraph 191 were derived from analyst

17  reports, those reports speak for themselves and no response is required.  To the extent the allegations in

18  Paragraph 191 concern defendants other than PENAC, PENAC is without knowledge or information

19  sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

20      192.    The first sentence of Paragraph 192 is a legal contention to which no response is

21  required.  With regard to the second and third sentences of Paragraph 192, to the extent that these

22  allegations were derived from or purport to quote analyst reports, those reports speak for themselves

23  and no response is required.  With regard to the last sentence of Paragraph 192, PENAC lacks

24  knowledge or information sufficient to form a belief as to the truth of those allegations and therefore

25  denies them.

26      193.    To the extent that the allegations in Paragraph 193 purport to quote an analyst report,

27  that report speaks for itself and no response is required.

28      194.    With regard to first and second sentence of Paragraph 194, PENAC lacks knowledge or

-26-

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

DM_US:23229531_1

1    information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

2    With regard to the third sentence of Paragraph 194, to the extent that the allegations relate to other

3    defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

4    therefore denies them.  With regard to the third sentence of Paragraph 194, to the extent the allegations

5    relate to PENAC, PENAC denies all of the allegations.

6         195.    To the extent that the allegations of Paragraph 195 are derived from or purport to quote

7    an analyst report, that report speaks for itself and no response is required.  PENAC otherwise lacks

8    knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 195,

9    and therefore denies them.

10        196.    To the extent that the allegations of Paragraph 196 are derived from or purport to quote

11   an analyst report, that report speaks for itself and no response is required.  PENAC otherwise lacks

12   knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 196,

13   and therefore denies them.

14        197.    To the extent that the allegations of Paragraph 197 relate to other defendants, PENAC

15   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

16   To the extent that the allegations of Paragraph 197 are derived from or purport to quote published

17   statements, that publication speaks for itself and no response is required.  To the extent the allegations

18   of Paragraph 197 relate to PENAC, PENAC denies all of the allegations.

19        198.    To the extent that the allegations of Paragraph 198 relate to other defendants, PENAC

20   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

21   To the extent the allegations of Paragraph 198 relate to PENAC, PENAC denies all of the allegations.

22        199.    To the extent that the allegations of Paragraph 199 relate to other defendants or to

23   plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

24   therefore denies them.  To the extent the allegations of Paragraph 199 relate to PENAC, PENAC

25   denies all of the allegations.

26        200.    To the extent that the allegations of Paragraph 200 relate to other defendants, PENAC

27   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

28   To the extent the allegations of Paragraph 200 relate to PENAC, PENAC denies all of the allegations.

1  To the extent that the allegations of Paragraph 200 are derived from or purport to quote published

2  statements made by the President of Skyworth Macao Commercial Offshore Co., Ltd., the published

3  statements speak for themselves and no response is required.

4       201.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

5  allegations of Paragraph 201, and therefore denies them.

6       202.    The allegations of Paragraph 202 are legal contentions to which no response is required.

7       203.    The allegations of Paragraph 203 are legal contentions to which no response is required.

8  To the extent that the allegations contained in Paragraph 203 refer to public statements by the

9  government authorities there listed, those statements speak for themselves and no response is required.

10 PENAC otherwise denies the allegations of Paragraph 203.

11      204.    To the extent that the allegations of Paragraph 204 relate to other defendants, PENAC

12 lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

13 To the extent that the allegations contained in Paragraph 204 refer to public statements by the

14 government authorities there listed, those statements speak for themselves and no response is required.

15 PENAC otherwise denies the allegations of Paragraph 204.

16      205.    To the extent that the allegations of Paragraph 205 relate to other defendants, PENAC

17 lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

18 To the extent that the allegations contained in Paragraph 205 refer to public statements by the

19 government authorities there listed, those statements speak for themselves and no response is required.

20 PENAC otherwise denies the allegations of Paragraph 205.

21      206.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

22 allegations of Paragraph 206, and therefore denies them.

23      207.    To the extent that the allegations of Paragraph 207 relate to other defendants, PENAC

24 lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

25 To the extent that the allegations of Paragraph 207 are derived from or purport to quote from a news

26 article, the article speaks for itself and no response is required.

27      208.    To the extent that the allegations of Paragraph 208 relate to other defendants, PENAC

28 lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

HOWREY LLP

-28-

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

DM_US:23229531_1

1   To the extent that the allegations of Paragraph 208 are derived from or purport to quote from a news

2   article, the article speaks for itself and no response is required.

3        209.    To the extent that the allegations of Paragraph 209 relate to other defendants, PENAC

4   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

5   To the extent that the allegations contained in Paragraph 209 refer to public statements by the

6   government authorities there listed, those statements speak for themselves and no response is required.

7        210.    To the extent that the allegations of Paragraph 210 relate to other defendants, PENAC

8   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

9   To the extent that the allegations of Paragraph 210 are derived from or purport to quote from a news

10  article, the article speaks for itself and no response is required.

11       211.    To the extent that the allegations in Paragraph 211 are derived from a news article or

12  press release, those articles and press releases speak for themselves and no response is required.

13  PENAC admits that on November 21, 2007, it received a grand jury subpoena from the Department of

14  Justice regarding the CRT industry.  The Department of Justice subsequently deferred PENAC's

15  obligation to respond to that subpoena.

16       212.    To the extent that the allegations of Paragraph 212 relate to other defendants, PENAC

17  lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

18  To the extent that the allegations contained in Paragraph 212 refers to publicly filed documents, those

19  documents speak for themselves and no response is required.

20       213.    To the extent that the allegations of Paragraph 213 relate to other defendants, PENAC

21  lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

22  To the extent that the allegations contained in Paragraph 213 refer to public statements by the

23  government authorities there listed, those statements speak for themselves and no response is required.

24  PENAC otherwise denies the allegations of Paragraph 213.

25       214.    The allegations of Paragraph 214 are legal contentions to which no response is required.

26  To the extent a response is required and the allegations of in Paragraph 214 concern PENAC, PENAC

27  denies them.  To the extent that the allegations in Paragraph 214 concern defendants other than

28  PENAC, PENAC is without knowledge or information sufficient to form a belief as to the truth of

HOWREY LLP

-29-

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

DM_US:23229531_1

1  those allegations, and, on that basis, denies them.

2      215.    To the extent that the allegations of Paragraph 215 relate to other defendants, PENAC

3  lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

4  To the extent the allegations contained in Paragraph 215 refer to public statements by the government

5  authorities there listed, those statements speak for themselves and no response is required.  PENAC

6  otherwise denies the allegations of Paragraph 215.

7      216.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

8  allegations of Paragraph 216, and therefore denies them.

9      217.    To the extent that the allegations of Paragraph 217 relate to other defendants, PENAC

10 lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

11 To the extent the allegations contained in Paragraph 217 refer to public statements by the government

12 authorities there listed, those statements speak for themselves and no response is required.

13     218.    To the extent that the allegations of Paragraph 218 relate to other defendants, PENAC

14 lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

15 To the extent that the allegations in Paragraph 218 are derived from or purport to quote a news article,

16 that news article speaks for itself and no response is required.

17     219.    To the extent that the allegations of Paragraph 219 relate to other defendants, PENAC

18 lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

19 To the extent the allegations contained in Paragraph 219 refer to public statements by the government

20 authorities there listed, those statements speak for themselves and no response is required.

21     220.    To the extent that the allegations of Paragraph 220 relate to other defendants, PENAC

22 lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

23 To the extent the allegations contained in Paragraph 220 refer to public statements by the government

24 authorities there listed, those statements speak for themselves and no response is required.

25     221.    To the extent that the allegations of Paragraph 221 relate to other defendants, PENAC

26 lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

27 To the extent the allegations contained in Paragraph 221 refer to public filings by the government

28 authorities there listed, those filings speak for themselves and no response is required.

## IX.  ALLEGATIONS CONCERNING THE PASS-THROUGH OF OVERCHARGES TO CONSUMERS

222.    To the extent the allegations contained in Paragraph 222 refer to public statements by the government authorities there listed, those statements speak for themselves and no response is required.  To the extent that the allegations of Paragraph 222 relate to other defendants or to plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 222 relate to PENAC, PENAC denies all of the allegations.

223.    To the extent that the allegations of Paragraph 223 relate to other defendants or to plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 223 relate to PENAC, PENAC denies all of the allegations.

224.    The allegations of Paragraph 224 are legal contentions to which no response is required.

225.    To the extent that the allegations of Paragraph 225 relate to other defendants or to plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 225 relate to PENAC, PENAC denies all of the allegations.

226.    The allegations of Paragraph 226 are legal contentions to which no response is required.

227.    With regard to the first three sentences of Paragraph 227, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.  With regard to the last sentence of Paragraph 227, to the extent that the allegations relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  With regard to the last sentence of Paragraph 227, to the extent the allegations relate to PENAC, PENAC denies all of the allegations.

228.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 228, and therefore denies them.

229.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 229, and therefore denies them.

1    230.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

2  allegations of Paragraph 230, and therefore denies them.

3    231.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

4  allegations of Paragraph 231, and therefore denies them.

5    232.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

6  allegations of Paragraph 232, and therefore denies them.

7    233.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

8  allegations of Paragraph 233, and therefore denies them. To the extent that the allegations of Paragraph

9  233 are derived from or purport to quote from a publicly-filed document, the document speaks for

10  itself and no response is required.

11    234.    To the extent that the allegations of Paragraph 234 are derived from or purport to quote

12  a publication, the publication speaks for itself and no response is required.

13    235.    To the extent that the allegations of Paragraph 235 are derived from or purport to quote

14  a publication, the publication speaks for itself and no response is required.

15    236.    To the extent that the allegations of Paragraph 236 are derived from or purport to quote

16  a publication, the publication speaks for itself and no response is required.

17    237.    To the extent that the allegations of Paragraph 237 relate to other defendants, PENAC

18  lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

19  To the extent the allegations of Paragraph 237 relate to PENAC, PENAC denies all of the allegations.

20    238.    To the extent that the allegations of Paragraph 238 relate to other defendants, PENAC

21  lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

22  To the extent the allegations of Paragraph 238 relate to PENAC, PENAC denies all of the allegations.

23    239.    To the extent that the allegations of Paragraph 239 relate to other defendants or to

24  plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

25  therefore denies them.  To the extent the allegations of Paragraph 239 relate to PENAC, PENAC

26  denies all of the allegations.

27    **X.  CLASS ACTION ALLEGATIONS**

28    240.    PENAC admits Plaintiffs purport to bring this action as a putative class action as

HOWREY LLP

-32-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229531_1

1  defined in Paragraph 240, but denies that Fed. R. Civ. P. 23 would permit the certification of a class as

2  defined in Paragraph 240, or at all.

3       241.    PENAC admits Plaintiffs purport to bring this action as a putative class action as

4  defined in Paragraph 241, but denies that Fed. R. Civ. P. 23 would permit the certification of a class as

5  defined in Paragraph 241, or at all.

6       242.    PENAC denies that a class as so defined could properly be certified.

7       243.    PENAC denies each and every allegation of Paragraph 243 and its subparts.  PENAC

8  denies that the questions of law or fact enumerated in subparagraphs (d)(i) – (d)(ix) are common to the

9  Class as defined in the Amended Complaint or could properly be decided on a class-wide basis.

10          **XI. ALLEGATIONS CONCERNING ALLEGED VIOLATIONS**

11      **A.    Claim for Violation of 15 U.S.C. § 1**

12      244.    PENAC repeats and incorporates by reference its responses to Paragraphs 1 through 243

13  of the Amended Complaint with the same force and effect as if set forth herein at length.

14      245.    PENAC avers that the allegations of Paragraph 245 constitute legal contentions and/or

15  conclusions to which no response is required.  To the extent that Paragraph 245 may be deemed to

16  require a response from PENAC, PENAC denies all of the allegations.

17      246.    PENAC denies each and every allegation of Paragraph 246.

18      247.    PENAC denies each and every allegation of Paragraph 247.

19      248.    PENAC denies each and every allegation of Paragraph 248.

20      249.    PENAC denies each and every allegation of Paragraph 249, including its subparts.

21      250.    PENAC denies each and every allegation of Paragraph 250, including its subparts.

22      251.    PENAC denies each and every allegation of Paragraph 251.

23      252.    PENAC denies each and every allegation of Paragraph 252.

24      253.    PENAC denies each and every allegation of Paragraph 253.

25      **B.    Claim for Violation of State Antitrust Statutes**

26      254.    PENAC repeats and incorporates by reference its responses to Paragraphs 1 through 253

27  of the Amended Complaint with the same force and effect as if set forth herein at length.

28      255.    PENAC denies each and every allegation of Paragraph 255, including its subparts.

HOWREY LLP

-33-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229531_1

256.    PENAC denies each and every allegation of Paragraph 256, including its subparts.

257.    PENAC denies each and every allegation of Paragraph 257, including its subparts.

258.    PENAC denies each and every allegation of Paragraph 258, including its subparts.

259.    PENAC denies each and every allegation of Paragraph 259, including its subparts.

260.    PENAC denies each and every allegation of Paragraph 260, including its subparts.

261.    PENAC denies each and every allegation of Paragraph 261, including its subparts.

262.    PENAC denies each and every allegation of Paragraph 262, including its subparts. Further, the Order of the Court Approving and Adopting Special Master's Report, Recommendations and Tentative Rulings re: Defendants' Motions to Dismiss, dated March 30, 2010, dismissed the claims under Nebraska law based on sales made prior to July 20, 2002.

263.    PENAC denies each and every allegation of Paragraph 263, including its subparts. Further, the Order of the Court Approving and Adopting Special Master's Report, Recommendations and Tentative Rulings re: Defendants' Motions to Dismiss, dated March 30, 2010, dismissed the claims under Nevada law for sales made prior to the 1999 date of Nevada's repealer statute.

264.    PENAC denies each and every allegation of Paragraph 264, including its subparts.

265.    PENAC denies each and every allegation of Paragraph 265, including its subparts.

266.    PENAC denies each and every allegation of Paragraph 266, including its subparts.

267.    PENAC denies each and every allegation of Paragraph 267, including its subparts.

268.    PENAC denies each and every allegation of Paragraph 268, including its subparts.

269.    PENAC denies each and every allegation of Paragraph 269, including its subparts.

270.    PENAC denies each and every allegation of Paragraph 270, including its subparts.

271.    PENAC denies each and every allegation of Paragraph 271, including its subparts.

**C.    Claim for Violation of State Consumer Protection and Unfair Competition Statutes**

272.    PENAC repeats and incorporates by reference its responses to Paragraphs 1 through 271 of the Amended Complaint with the same force and effect as if set forth herein at length.

273.    PENAC denies each and every allegation of Paragraph 273.

274.    PENAC denies each and every allegation of Paragraph 274, including its subparts.

275.    PENAC denies each and every allegation of Paragraph 275, including its subparts.

1    276.    PENAC denies each and every allegation of Paragraph 276, including its subparts.

2    Further, the Special Master's Report, Recommendations and Tentative Rulings re: Defendants'

3    Motions to Dismiss, dated February 5, 2010, adopted by Order of the Court, dated March 30, 2010,

4    noted that Plaintiffs have withdrawn their claims based on the laws of Hawaii.

5    277.    PENAC denies each and every allegation of Paragraph 277, including its subparts.

6    Further, the Order of the Court Approving and Adopting Special Master's Report, Recommendations

7    and Tentative Rulings re: Defendants' Motions to Dismiss, dated March 30, 2010, dismissed the

8    claims under the Massachusetts Consumer Protection Act.

9    278.    PENAC denies each and every allegation of Paragraph 278, including its subparts.

10   Further, the Order of the Court Approving and Adopting Special Master's Report, Recommendations

11   and Tentative Rulings re: Defendants' Motions to Dismiss, dated March 30, 2010, dismissed the

12   claims under Nebraska law based on sales made prior to July 20, 2002.

13   279.    PENAC denies each and every allegation of Paragraph 279, including its subparts.

14   280.    PENAC denies each and every allegation of Paragraph 280, including its subparts.

15   281.    PENAC denies each and every allegation of Paragraph 281, including its subparts.

16   282.    PENAC denies each and every allegation of Paragraph 282, including its subparts.

17   Further, the Order of the Court Approving and Adopting Special Master's Report, Recommendations

18   and Tentative Rulings re: Defendants' Motions to Dismiss, dated March 30, 2010, dismissed the

19   allegations under the Rhode Island Unfair Trade Practices and Consumer Protection Act.

20   283.    PENAC denies each and every allegation of Paragraph 283, including its subparts.

21   **D.    Claim for Unjust Enrichment and Disgorgement of Profits**

22   284.    PENAC repeats and incorporates by reference its responses to Paragraphs 1 through 283

23   of the Amended Complaint with the same force and effect as if set forth herein at length.

24   285.    The allegations of Paragraph 285 state legal contentions to which no response is

25   required.  To the extent that Paragraph 285 may be deemed to require a response, PENAC denies, for

26   want of information or belief, each of the allegations of Paragraph 285.

27   286.    PENAC avers that the allegations of Paragraph 286 constitute legal contentions and/or

28   conclusions to which no response is required, but PENAC nonetheless denies all those allegations.

HOWREY LLP

-35-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229531_1

1  Further, the Order of the Court Approving and Adopting Special Master's Report, Recommendations

2  and Tentative Rulings re: Defendants' Motions to Dismiss, dated March 30, 2010, dismissed plaintiffs'

3  unjust enrichment claims under the laws of Kansas.

4       287.    The allegations of Paragraph 287 state legal contentions to which no response is

5  required.  To the extent that Paragraph 287 may be deemed to require a response, PENAC denies, for

6  want of information or belief, each of the allegations of Paragraph 287.

7              **XII.  ALLEGATIONS CONCERNING FRAUDULENT CONCEALMENT**

8       288.    To the extent that the allegations of Paragraph 288 relate to other defendants, PENAC

9  lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

10  To the extent the allegations of Paragraph 288 relate to PENAC, PENAC denies all of the allegations.

11      289.    To the extent that the allegations in Paragraph 289 state legal contentions, no response

12  is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the

13  truth of the allegations in Paragraph 289, and therefore denies them.

14      290.    To the extent that the allegations of Paragraph 290 and its subparts relate to other

15  defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

16  therefore denies them.  To the extent the allegations of Paragraph 290 and its subparts relate to

17  PENAC, PENAC denies all of the allegations.

18      291.    The allegations of Paragraph 291 are legal contentions to which no response is required.

19  To the extent any facts are alleged in Paragraph 291 to which a response is required, PENAC denies

20  them.

21              **XIII.  ALLEGATIONS CONCERNING PRAYER FOR RELIEF**

22      PENAC denies that Plaintiffs suffered any injury or incurred any damages by any act or

23  omission of PENAC as alleged in the Amended Complaint, and further denies that Plaintiffs are

24  entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint.

25  All allegations of the Amended Complaint not heretofore admitted or denied are here and now denied

26  as though specifically denied herein.

27                          **AFFIRMATIVE DEFENSES**

28      Without assuming any burden it would not otherwise bear, PENAC asserts the following

HOWREY LLP

-36-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229531_1

additional and/or affirmative defenses to Plaintiffs' Amended Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

The conduct alleged to provide a basis for the claims of Plaintiffs and any putative class members did not have a direct, substantial, and reasonably foreseeable effect on trade or commerce within the United States.  The Court, therefore, lacks subject matter jurisdiction of the claims of Plaintiffs and any putative class members.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)

Plaintiffs' claims for any foreign purchases, if any, should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege facts sufficient to support a claim under the foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

## FOURTH AFFIRMATIVE DEFENSE

### (Vagueness of Claims)

Plaintiffs' claims should be dismissed for uncertainty and vagueness and because their claims are ambiguous and/or unintelligible. PENAC avers that Plaintiffs' claims do not describe the events or legal theories with sufficient particularity to permit PENAC to ascertain what other defenses may exist. PENAC therefore reserves the right to amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of more definitive facts upon the completion of its investigation and discovery.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege fraud or fraudulent concealment with sufficient particularity.

HOWREY LLP

-37-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229531_1

1

**SIXTH AFFIRMATIVE DEFENSE**

2

**(Failure to Plead Conspiracy with Particularity)**

3

     Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

4

because Plaintiffs have failed to allege conspiracy with sufficient particularity.

5

**SEVENTH AFFIRMATIVE DEFENSE**

6

**(Statute of Limitation)**

7

     Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by

8

the applicable statutes of limitation.

9

**EIGHTH AFFIRMATIVE DEFENSE**

10

**(Unilateral Action)**

11

     Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

12

because any action taken by or on behalf of PENAC that are the subject of the Amended Complaint

13

were undertaken unilaterally for legitimate business reasons and in pursuit of PENAC's independent

14

interests and those of its customers, and were not the product of any contract, combination or

15

conspiracy between PENAC and any other person or entity.

16

**NINTH AFFIRMATIVE DEFENSE**

17

**(Rule of Reason)**

18

     Plaintiffs claims and claims of any putative class members are barred, in whole or in part,

19

because any acts or practices of PENAC that are the subject of the Amended Complaint were adopted

20

in furtherance of legitimate business interests of PENAC and of its customers and do no unreasonably

21

restrain competition.

22

**TENTH AFFIRMATIVE DEFENSE**

23

**(Competition)**

24

     Plaintiffs claims and claims of any putative class members are barred, in whole or in part,

25

because any acts or practices of PENAC that are the subject of the Amended Complaint were cost

26

justified or otherwise economically justified and resulted from a good faith effort to meet competition

27

or market conditions.

28

HOWREY LLP

-38-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229531_1

1

**ELEVENTH AFFIRMATIVE DEFENSE**

2

**(Non-actionable or Governmental Privilege)**

3        Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of PENAC that is

4  the subject of the Amended Complaint was caused by, due to, based upon, or in response to directives,

5  laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or

6  regulatory agencies, and such is non-actionable or privileged.

7

**TWELFH AFFIRMATIVE DEFENSE**

8

**(No Act of PENAC)**

9        Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

10  because no plaintiff has been injured in its business or property by reason of any action of PENAC.

11

**THIRTEENTH AFFIRMATIVE DEFENSE**

12

**(Intervening Conduct)**

13  Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because

14  any alleged injuries and/or damages were not legally or proximately caused by any acts or omissions of

15  PENAC and/or were caused, if at all, solely and proximately by the conduct of third parties including,

16  without limitations, the prior, intervening or superseding conduct of such third parties.

17

**FOURTEENTH AFFIRMATIVE DEFENSE**

18

**(*Ultra Vires*)**

19        To the extent that any actionable conduct may have occurred, Plaintiffs' claims against PENAC

20  are barred because all such alleged conduct would have been committed by individuals acting *ultra*

21  *vires*.

22

**FIFTEENTH AFFIRMATIVE DEFENSE**

23

**(No Antitrust Injury)**

24        Plaintiffs' claims should be dismissed because Plaintiffs and/or certain members of the putative

25  classes have not suffered actual, cognizable antitrust injury of the type antitrust laws are intended to

26  remedy.

27

28

HOWREY LLP

-39-

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

DM_US:23229531_1

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2

### (Uncertainty of Damages)

3       Plaintiffs' claims should be dismissed because the alleged damages sought are too speculative

4   and uncertain, and cannot be practicably ascertained or allocated.

5

## SEVENTEENTH AFFIRMATIVE DEFENSE

6

### (Failure to Mitigate Damages)

7       Plaintiffs' claims should be dismissed, in whole or in part, because Plaintiffs and/or certain

8   members of the putative classes failed to take all necessary, reasonable, and appropriate actions to

9   mitigate their alleged damages, if any.

10

## EIGHTEENTH AFFIRMATIVE DEFENSE

11

### (Unjust Enrichment)

12      Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

13  because Plaintiffs and/or certain members of the putative classes would be unjustly enriched if they

14  were allowed to recover any part of the damages alleged in the Amended Complaint.

15

## NINETEENTH AFFIRMATIVE DEFENSE

16

### (Set Off)

17      Without admitting that Plaintiffs are entitled to recover damages in this matter, PENAC is

18  entitled to set off from any recovery Plaintiffs may obtain against PENAC any amount paid to

19  Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

20

## TWENTIETH AFFIRMATIVE DEFENSE

21

### (Improper Taking)

22      Any award of restitution or monetary recovery pursuant to California Business and Professions

23  §§ 17200, et seq. would constitute a taking of property without just compensation in violation of the

24  Takings Clause of the U.S. Constitution and of Article 1, Section 19 of the California Constitution.

25

## TWENTY-FIRST AFFIRMATIVE DEFENSE

26

### (Waiver and Estoppel)

27      Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by

28  the doctrines of waiver and/or estoppel.

HOWREY LLP

-40-

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

DM_US:23229531_1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of laches.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of unclean hands.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Acquiescence)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by Plaintiffs' and/or certain members of the putative classes acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to PENAC.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (*Forum Non Conveniens*)

The Amended Complaint should be dismissed on the grounds of *forum non conveniens*.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Improper Forum/Arbitration)

Plaintiff's claims and claims of any putative class members against PENAC are barred to the extent that they have agreed to arbitration or chosen a different forum for the resolution of their claims.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiffs' claims for injunctive relief should be dismissed because Plaintiffs and/or certain members of the putative class have available an adequate remedy at law.

HOWREY LLP

-41-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229531_1

1

### TWENTY-NINTH AFFIRMATIVE DEFENSE

2

### (Failure to Join Indispensable Parties)

3      Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, for

4   failure to join indispensable parties.

5

### THIRTIETH AFFIRMATIVE DEFENSE

6

### (Due Process)

7       Plaintiff's claims and claims of any putative class members are barred, in whole or in part, to

8   the extent they seek an improper multiple punitive award for a single wrong because such an award

9   would violate PENAC's rights guaranteed by the Due Process clause of the Fifth Amendment of the

10  United States Constitution.

11

### THIRTY-FIRST AFFIRMATIVE DEFENSE

12

### (Due Process)

13      Plaintiff's claims and claims of any putative class members are barred, in whole or in part, to

14  the extent they seek an improper multiple punitive award for a single wrong because such an award

15  would violate PENAC's rights guaranteed by the Due Process provision of the Fourteenth Amendment

16  of the United States Constitution.

17

### THIRTY-SECOND AFFIRMATIVE DEFENSE

18

### (Equal Protection)

19      Plaintiff's claims and claims of any putative class members are barred, in whole or in part, to

20  the extent they seek an improper multiple punitive award for a single wrong because such an award

21  would violate PENAC's rights guaranteed by the Equal Protection provision of the Fourteenth

22  Amendment of the United States Constitution.

23

### THIRTY-THIRD AFFIRMATIVE DEFENSE

24

### (Double Jeopardy)

25      Plaintiff's claims and claims of any putative class members are barred, in whole or in part, to

26  the extent they seek an improper multiple punitive award for a single wrong because such an award

27  would violate PENAC's rights guaranteed by the Double Jeopardy Clause of the Fifth Amendment of

28  the United States Constitution.

1

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

2

### (Excessive Fines)

3      Plaintiff's claims and claims of any putative class members are barred, in whole or in part, to

4   the extent they seek an improper multiple punitive award for a single wrong because such an award

5   would violate PENAC's rights guaranteed by the Excessive Fines provision of the Eighth Amendment

6   of the United States Constitution.

7

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

8

### (Unconstitutional Multiplicity)

9      To the extent any recovery by Plaintiffs or members of the putative class would be duplicative

10   of recovery by other plaintiffs and other lawsuits, subjecting PENAC to the possibility of multiple

11   recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States

12   Constitution.

13

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

14

### (Foreign Sales)

15      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs may not recover damages, if

16   any, based on sales outside of the United States.

17

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

18

### (Legal Acts)

19      Plaintiffs' claims are barred, in whole or in part, to the extent they are based on alleged acts,

20   conduct or statements that are specifically permitted by law.

21

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

22

### (Withdrawal)

23      To the extent that any actionable conduct occurred for which PENAC is liable, some or all of

24   Plaintiffs' claims against PENAC are barred because PENAC withdrew from and/or abandoned any

25   alleged conspiracy prior to the commencement of the limitations period set forth in applicable statutes

26   of limitations.

27

28

HOWREY LLP

-43-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229531_1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any and all injuries alleged in the Amended Complaint, the fact and extent of which PENAC specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiffs, certain members of the putative classes, and/or third parties or entities, other than PENAC.

## FORTIETH AFFIRMATIVE DEFENSE

### (Failure To Plead Special Damages With Specificity)

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to plead special damages with specificity as required by the laws of the various States cited.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Injury or Damages Offset by Benefits Received)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any claimed injury or damage has been offset by benefits Plaintiffs received with respect to the challenged conduct.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Damages Not Passed Through to Plaintiffs)

Plaintiffs' claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Amended Complaint was not incurred by or passed on to Plaintiffs, or was incurred by or passed on to persons or entities other than Plaintiffs.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Proportionality)

To the extent PENAC is found liable for damages, the fact and extent of which are expressly denied by PENAC, those damages must be reduced in proportion to PENAC's degree of fault.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Release)

The claims of one or more of the persons or entities Plaintiffs purport to represent are barred

HOWREY LLP

-44-

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

DM_US:23229531_1

1  because they have been released.

2  ## FORTY-FIFTH AFFIRMATIVE DEFENSE

3  ### (No 'Full Consideration' Damages)

4  Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not entitled to "full

5  consideration" damages.

6  ## FORTY-SIXTH AFFIRMATIVE DEFENSE

7  ### (Federal Trade Commission)

8  Any alleged conduct by PENAC is, or if in interstate commerce would be, subject to and

9  complies with the rules and regulations of, and the statutes administered by, the Federal Trade

10  Commission or other official department, division, commission or agency of the United States as such

11  rules, regulations, or statutes are interpreted by the Federal Trade Commission or such department,

12  division, commission or agency of the federal courts.

13  ## FORTY-SEVENTH AFFIRMATIVE DEFENSE

14  ### (Lack of Standing as Indirect Purchasers)

15  Plaintiffs' claims are barred, in whole or in part, to the extent the various States cited have not

16  repealed the *Illinois Brick* doctrine.

17  ## FORTY-EIGHTH AFFIRMATIVE DEFENSE

18  ### (Other Defenses Incorporated by Reference)

19  PENAC adopts and incorporates by reference any and all other affirmative defenses asserted or

20  to be asserted by any other defendant in this proceeding to the extent that PENAC may share in such

21  affirmative defenses.

22  ## FORTY-NINTH AFFIRMATIVE DEFENSE

23  ### (Reservation of Rights to Assert Additional Defenses)

24  PENAC has not knowingly or intentionally waived any applicable defenses and explicitly

25  reserves the right to assert and rely on such other applicable defenses as may become available or

26  apparent during discovery proceedings. PENAC further reserves the right to amend its Answer and/or

27  its defenses accordingly, and/or to delete defenses that it determines are not applicable during the

28  course of subsequent discovery.

HOWREY LLP

-45-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229531_1

1    **WHEREFORE**, PENAC prays as follows:

2        1.        That the Plaintiffs take nothing by way of the Amended Complaint and the Amended

3    Complaint be dismissed with prejudice;

4        2.        That judgment be entered in favor of PENAC and against Plaintiffs on each and every

5    cause of action set forth in the Amended Complaint;

6        3.        That PENAC recover its costs of suit and attorneys' fees incurred herein; and

7        4.        That PENAC be granted such other and further relief as the Court deems just and

8    proper.

9

10   DATED:  April 29, 2010                          HOWREY LLP

11
                                                        /s/ Emily L. Maxwell
12                                                     Emily L. Maxwell

13                                                     525 Market Street
14                                                     Suite 3600
                                                       San Francisco, CA 94105-2708
15                                                     Telephone: (415) 848-4947
                                                       Facsimile: (212) 848-4999
16                                                     Email: MaxwellE@Howrey.com

17                                                     *Attorneys for Philips Electronics North America*
18                                                     *Corporation*

19

20

21

22

23

24

25

26

27

28

HOWREY LLP

-46-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
DM_US:23229531_1