**SAVERI & SAVERI, INC.**
706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

*Trump Alioto Trump & Prescott*
ATTORNEYS LLP
2280 Union Street
San Francisco, California 94123
(415) 563-7200
FAX (415) 346-0679

May 10, 2010

*By Hand Delivery*

Honorable Charles A. Legge
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

  Re: *In Re: Cathode Ray Tube (CRT) Antitrust Litigation,* MDL 1917

Your Honor:

  Direct Purchaser Plaintiffs ("DPPs") and Indirect Purchaser Plaintiffs ("IPPs") (collectively "Plaintiffs") respectfully submit this Case Management Conference Statement pursuant to your order of April 12, 2010.

  **I.** **Outstanding Discovery**

  ***Written Discovery.*** The DPPs have propounded interrogatories and two sets of document requests on all defendants; responses are due May 12, 2010.

  On March 8, 2010, three defendants – Hitachi Displays, Ltd., LGE and MT Picture Display – each served a set of interrogatories and document requests on DPPs. DPPS served their responses on May 7, 2010. On this date, LGE also served a set of requests for admissions on defendant Chunghwa Picture Tubes, Ltd. On May 7, 2010, defendant LGE served a second set of document requests on DPPs, and defendants Samsung SDI, Co. and Samsung Electronics America, Inc. served a set of document requests and a set of interrogatories each. DPPs' responses to this discovery are due on June 7, 2010.

  The IPPs have propounded two sets of document requests on all defendants. Responses to these requests are due on May 28, 2010.

  On March 8, 2010, three defendants – Hitachi Displays, Ltd., Samsung SDI America, Inc. and Samsung Electronics America, Inc. – each served a set of interrogatories and document requests on IPPs. IPPs served their responses to these discovery requests on May 7, 2010. Also on May 7, 2010, two defendants – Samsung SDI Co., Ltd. and Toshiba America Information Systems, Inc. – each served a set of requests for production of documents and a set of interrogatories on IPPs. IPPs' responses to these requests are due on June 7, 2010.

  ***Rule 26 Initial Disclosures of Various Defendants.*** Various defendants served Rule 26 disclosures containing virtually no substantive information on the ground that

Hon. Charles Legge
May 10. 2010
Page 2

DPPs Consolidated Complaint did not state a cause of action against them. DPPs believe that substantive Initial Disclosures should be served forthwith by these defendants.

### II. Agenda Items

Plaintiffs respectfully submit that the following issues should be addressed at the case management conference:

#### 1. *Procedure For Bringing Discovery Disputes Before the Special Master*

While Plaintiffs expect to resolve with defendants through a meet and confer process most of the disputed issues associated with discovery in this action, it is likely that there will be issues which the parties will need to bring to the Court for resolution. Plaintiffs respectfully suggest that the Court establish a procedure for doing so.

#### 2. *Briefing Schedule For Common Discovery Issues*

Plaintiffs expect that some (or all) defendants will take common positions (*e.g.*, that discovery should be limited to certain time periods) with regard to certain discovery issues. Plaintiffs respectfully suggest that the Court set a briefing schedule for the prompt resolution of such issues.

#### 3. *Dates Certain for the Parties to Begin and to Substantially Complete Production of Documents and Data*

Plaintiffs believe that the Court should set a date certain for the production of substantially all documents and data in this case prior to expiration of the stay of deposition discovery on November 10, 2010. This will facilitate the orderly production of documents and taking of depositions.

Plaintiffs also submit that the parties should begin to produce data and documents responsive to outstanding discovery requests on or before a date certain in the next 6 to 8 weeks.

#### 4. *Scheduling*

In light of the stay of deposition discovery until November 10, 2010, and the fact that document discovery is in its initial stages, Plaintiffs respectfully submit that the establishment of a schedule for other major milestones in the case – *e.g.*, class certification, discovery cutoffs, dispositive motions, etc. – be deferred to a case management conference in two to three months.

#### 5. *Certification By Defendants That All Grand Jury Materials Have Been Produced*

Plaintiffs submit that the defendants should certify that they have produced all grand jury materials to plaintiffs.

#### 6. *ESI Protocol*

Plaintiffs believe the parties should agree upon a protocol for electronically stored information responsive to discovery requests.

### 7. *Notification of Departure of Percipient Witnesses*

Because depositions in this action are stayed until November 10, 2010, there is the possibility that Plaintiffs' ability to obtain the testimony of critical witnesses may be compromised if such witnesses leave defendants' employ. To ameliorate this possibility, Plaintiffs submit that defendants should identify their employees with knowledge of the factual disputes at the center of this case, notify Plaintiffs of any change in their employment status, maintain control of all documents relating to that employee, and take good faith steps to ensure that the witness remains available for deposition in this action. A similar order entered in *In re TFT-LCD Antitrust Litigation* is enclosed.

### 8. *Duplicative Discovery Requests By Similarly Situated Parties*

In order to save time and expense, the Court should order similarly situated parties to confer and develop a single or master set of discovery requests to be served on an opposing party. The Court should also set limitations on the how many sets of interrogatories may be served on an opposing party. If interrogatories have already been served by one party, other parties should be prohibited from asking the same questions

### 9. *Personal Jurisdiction Motions*

Defendants Philips Electronics Industries (Taiwan), Ltd., Philips da Amazonia Industria Electronica Ltda. and Samtel Color, Ltd. filed motions to dismiss for lack of personal jurisdiction. By stipulated Order dated July 15, 2009, the Court vacated the briefing schedule on these motions to allow the parties to meet and confer on jurisdictional discovery. Counsel for the two Philips entities have agreed to defer their personal jurisdiction motions pending further discovery. Plaintiffs have been unable to meet and confer with Samtel because it is no longer represented by counsel.

### 10. *Status of the Department of Justice's Investigation/Lifting of Stay of Discovery*

Plaintiffs request that the Court set a deadline for the DOJ to file a statement regarding the status of its investigation and whether the discovery stay may be lifted.

### 11. *Responses to Indirect Purchaser Plaintiffs' Second Consolidated Amended Complaint*

IPPs will file their Second CAC on May 10, 2010. IPPs request that the Court set a date for defendants to respond.

Yours sincerely,

/s/ *Guido Saveri*
Guido Saveri
Interim Lead Counsel for the
Direct Purchaser Plaintiffs

/s/ *Mario Alioto*
Mario Alioto
Interim Lead Counsel for the
Indirect Purchaser Plaintiffs

cc: All Counsel via email
crt.268

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Master File No. M 07-1827 SI<br><br>MDL No. 1827<br><br>[PROPOSED] RECOMMENDATION AND ORDER RE PROCEDURES FOR DISCOVERY FROM DEPARTING OFFICERS, DIRECTORS AND MANAGING AGENTS |
| This Document Relates to:<br><br>ALL ACTIONS | |

The following procedures shall apply to discovery with respect to current employees of the parties whose employment status changes during the pendency of this action:

1. Each Defendant shall provide to the Plaintiffs in writing on or before August 22, 2008, a list of the names, job titles, and business addresses of 15 officers, directors, and/or managing agents involved in management of the Defendant's TFT-LCD business (or, if there are less than 15 such persons, then that lesser number), which list shall include, to the extent applicable to a Defendant, the following: (1) the person with the highest executive authority over the Defendant's TFT-LCD business (such as a Chief Executive Officer or President), (2) the head of sales for the TFT-LCD business (such as a Vice President of Sales), (3) the head of marketing for the TFT-LCD business (such as a Vice President of Marketing), and (4) the head of

787668.1

[PROPOSED] ORDER RE PROCEDURES FOR DISCOVERY FROM DEPARTING OFFICERS
MASTER FILE NO. M07-1827 SI

manufacturing for the TFT-LCD business (such as a Vice President of Manufacturing). The Plaintiffs shall have until September 15, 2008, to request the substitution of a different officer, director, or managing agent for another person on the list based on the Plaintiffs' review of disclosures and responses to discovery or other information. If the parties do not agree to the substitution, then they shall meet and confer concerning the requested substitution.

2. If any officer, director, or managing agent who is identified by Defendants pursuant to paragraph 1 leaves the employ of a Defendant, then that Defendant shall, at the time of departure, request in good faith that such person appear for deposition after January 9, 2009, at a date, place, and time convenient for the parties and the witness, without the need for service of a third-party subpoena or other formal judicial process on the witness. The Defendant shall timely inform Plaintiffs of the departure as well as the officer's, director's, or managing agent's response to the request to appear for deposition. All relevant documents (*e.g.*, emails, correspondence and business files) that were being maintained by such officer, director, or managing agent prior to his or her leaving the employ of a Defendant shall be preserved, such that they do not become inaccessible as a result of the departure and could, if responsive to discovery requests and not subject to an objection by the Defendant, be produced as part of the discovery in this case.

3. Should any Defendant fail to comply with this Order, or upon proper showing made by the Plaintiffs, the Court, under its inherent discretionary power, may impose appropriate evidentiary or other sanctions against such Defendant based on the facts presented by the parties and in accordance with the law. Defendants reserve all rights to object to discovery concerning departing officers, directors, and/or managing agents, and to otherwise oppose on the merits any motion brought under this Order.

4. This Order does not affect, change, or modify any provision of the modified stay of discovery entered by the Court on May 27, 2008, or any parties' rights under that Order. The obligations under this Order shall expire on June 9, 2009 unless extended by stipulation of the parties or by further Order of the Court.

5. Counsel for each Defendant shall provide a copy of this Order to his or her client.

## SPECIAL MASTER RECOMMENDATION

The Special Master issues this recommendation to inform the Court that the Special Master finds it appropriate for the Court to enter the Proposed Order in this form.

Dated: Aug. 11, 2008

_____
Honorable Fern M. Smith (Retired)
SPECIAL MASTER

## PROPOSED ORDER

IT IS SO ORDERED.

Dated: _____

_____
Honorable Susan Illston
UNITED STATES DISTRICT COURT

787668.1

2

[PROPOSED] ORDER RE PROCEDURES FOR DISCOVERY FROM DEPARTING OFFICERS
MASTER FILE NO. M07-1827 SI