1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
       A Limited Liability Partnership
2      Including Professional Corporations
   GARY L. HALLING, Cal. Bar No. 66087
3  JAMES L. MCGINNIS, Cal. Bar No. 95788
   MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
4  Four Embarcadero Center, 17th Floor
   San Francisco, California  94111-4106
5  Telephone:    415-434-9100
   Facsimile:    415-434-3947
6  E-mail:       ghalling@sheppardmullin.com
                 jmcginnis@sheppardmullin.com
7                mscarborough@sheppardmullin.com

8  Attorneys for Defendants
   SAMSUNG SDI AMERICA, INC., SAMSUNG
9  SDI CO., LTD., SAMSUNG SDI (MALAYSIA)
   SDN. BHD., SAMSUNG SDI MEXICO S.A. DE
10 C.V., SAMSUNG SDI BRASIL LTDA.,
   SHENZHEN SAMSUNG SDI CO., LTD. and
11 TIANJIN SAMSUNG SDI CO., LTD.

12 **[Additional Moving Defendants and Counsel Listed on Signature Pages]**

13

14                   UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16                     SAN FRANCISCO DIVISION

17

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC |
| | MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO DISMISS INDIRECT PURCHASER PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT**<br><br>Date:     August 24, 2010<br>Time:     9:00 a.m.<br>Place:    JAMS<br>          Two Embarcadero Center<br>          Suite 1500<br>          San Francisco, CA 94111<br>Before:   Hon. Charles A. Legge (Ret.)<br>          Special Master |

27

28

LM 0036

1
**NOTICE OF MOTION AND MOTION TO DISMISS**

2 TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3     PLEASE TAKE NOTICE that on August 24, 2010, at 9:00 a.m., or as soon

4 thereafter as the matter may be heard, at the San Francisco Resolution Center of JAMS,

5 Two Embarcadero Center, Suite 1500, San Francisco, California 94111, before the Special

6 Master, the Honorable Charles A. Legge, U.S. District Judge (Ret.) ("Special Master"),

7 pursuant to the Court's Order Re: Special Master's Duties, so ordered by the Honorable

8 Samuel Conti on April 8, 2009, the moving defendants listed on the signature pages below

9 ("Defendants") will and hereby do move this Court, pursuant to Rule 12(b)(6) of the

10 Federal Rules of Civil Procedure, for an Order dismissing certain claims of the Indirect

11 Purchaser Plaintiffs' ("Plaintiffs") Second Consolidated Amended Complaint ("SCAC"),

12 as set forth below.

13     This Motion is based upon this Notice of Motion; the accompanying

14 Memorandum of Points and Authorities; the complete files and records in these

15 consolidated actions; oral argument of counsel; and such other matters as the Court may

16 consider.

17
**STATEMENT OF THE ISSUES**

18     1.  Whether alleged price-fixing violates the Arkansas Deceptive Trade

19 Practices Act, Ark. Code Ann. § 4-88-107 *et seq.*

20     2.  Whether Plaintiffs, as indirect purchasers, lack standing under *Illinois*

21 *Brick Co. v. Illinois*, 431 U.S. 720 (1977), to recover damages under Montana's antitrust

22 statute, Mont. Code. § 30-14-201, *et seq.*

23     3.  Whether Plaintiffs' claims under Illinois, Maine and Montana law

24 should be dismissed because no named plaintiff hails from those states and claims to be

25 injured under those states' laws.

26     4.  Whether Plaintiffs may assert common law claims for unjust

27 enrichment in states where the relevant antitrust or consumer protection statute either

28 (a) bars Plaintiffs from suing; or (b) limits monetary relief to compensatory damages or

1  measures other than the restitutionary disgorgement of profits sought by Plaintiffs.

2          5.      Whether Plaintiffs have complied with the procedural prerequisites to

3  suit imposed by Massachusetts' consumer protection statute, Mass. G.L. c. 93A, § 1, *et seq.*

4          6.      Whether the SCAC's new class claims on behalf of Arkansas, Illinois,

5  Maine, Montana and District of Columbia indirect purchasers relate back to the filing date

6  of prior complaints for purposes of the applicable statutes of limitations.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-ii-

W02-WEST:FMI\402700216.5     DEFENDANTS' JOINT NOTICE OF MOTION & MOTION TO DISMISS INDIRECT
MDL No. 1917                 PURCHASER PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT

LM 0038

1

## TABLE OF CONTENTS

2

Page

3   I.   INTRODUCTION ................................................................................................ 1

4   II.   BACKGROUND ................................................................................................. 3

5   III.   ARGUMENT ...................................................................................................... 5

6
7        A.   Plaintiffs' New Arkansas And Montana Claims Should Be Dismissed
             With Prejudice. ....................................................................................... 5

8
9             1.   Arkansas' Consumer Protection Statute Does Not Apply to
                  Price-Fixing. ................................................................................. 5

10            2.   Plaintiffs, as Indirect Purchasers, Lack Standing under
                  Montana Antitrust Law. ................................................................ 6

11
12       B.   Plaintiffs Lack Standing To Bring Claims Under The Laws Of
             Illinois, Maine, And Montana Because No Named Plaintiff Hails
13           From Those States. ................................................................................. 6

14       C.   The Majority Of Plaintiffs' New And Renewed Unjust Enrichment
             Claims Should Be Dismissed Without Leave To Amend. ...................... 8
15

16            1.   Plaintiffs Cannot Use Unjust Enrichment as a "Back-Door" to
                  Recover for Claims Barred under the Substantive Laws of
17                Arkansas, Massachusetts and Montana. ...................................... 9

18            2.   Plaintiffs Cannot Maintain Unjust Enrichment Claims in States
                  with Statutory Schemes that Preclude Equitable Restitution
19                Remedies. ..................................................................................... 10

20                 a.   Hawaii ............................................................................ 11
21                 b.   Minnesota ....................................................................... 11
22                 c.   Mississippi ...................................................................... 11
23
24                 d.   Nebraska ......................................................................... 12
25                 e.   Nevada ............................................................................ 12
26                 f.   New York ........................................................................ 12
27                 g.   North Carolina ................................................................ 13
28

W02-WEST:FMI\402700216.5
MDL No. 1917

DEFENDANTS' JOINT NOTICE OF MOTION & MOTION TO DISMISS INDIRECT
PURCHASER PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT

LM 0039

h.     Tennessee ................................................................... 13

i.     Vermont ....................................................................... 14

j.     West Virginia ............................................................. 14

k.     Wisconsin ................................................................... 14

D.     Plaintiffs' Claim Under The Massachusetts Consumer Protection Statute Remains Procedurally Deficient. ...................................................... 15

E.     The Claims On Behalf Of New Classes Of Arkansas, Illinois, Maine, Montana And D.C. Indirect Purchasers Do Not Relate Back To Prior Complaints. ................................................................................ 15

IV.    CONCLUSION ................................................................................ 18

W02-WEST:FMM402700216.5
MDL No. 1917

DEFENDANTS' JOINT NOTICE OF MOTION & MOTION TO DISMISS INDIRECT PURCHASER PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT

LM 0040

1

TABLE OF AUTHORITIES

2

Page(s)

3

FEDERAL CASES

4

*In* re *Apple & AT&T Antitrust Litig.*

5
     596 F.Supp.2d 1288 (N.D. Cal. 2008) ........................................................................... 7

6
*Bessig v. Dolphin Boating & Swimming Club*

7
     683 F.2d 1271 (9th Cir. 1982)..................................................................................... 17

8
*Carfagno ex rel. Centerline Holding Co. v. Schnitzer*

9
     591 F.Supp. 2d 630 (S.D.N.Y. 2008)........................................................................... 7

10
*Cliff v. Payco Gen. Am. Credits, Inc.*
     363 F.3d 1113 (11th Cir. 2004) ................................................................................. 17

11
*In re Ditropan XL Antitrust Litig.*

12
     529 F.Supp.2d 1098 (N.D. Cal. 2007) ......................................................................... 7

13
*Easter v. Am. West*

14
     381 F.3d 948 (9th Cir. 2004).............................................................................. 1, 7, 8

15
*In re Graphics Processing Units Antitrust Litig.* ("*GPU*")
     527 F.Supp.2d 1011 (N.D. Cal. 2007).............................................................. 5, 6, 7, 8

16
*Hedges v. Dixon County*

17
     150 U.S. 182 (1893) .................................................................................................... 9

18
*Illinois Brick Co. v. Illinois*

19
     431 U.S. 720 (1977) ............................................................................................... 1, 6

20
*Karahalios v. Nat'l Fed'n of Fed. Employees*

21
     489 U.S. 527 (1989) ............................................................................................. 10, 12

22
*In re Mercury Interactive Corp. Sec. Litig.*
     2007 U.S. Dist. LEXIS 59171 (N.D. Cal. July 30, 2007)............................................ 18

23
*In re Microsoft Corp. Antitrust Litig.*

24
     401 F.Supp.2d 461 (D. Md. 2005) ............................................................................... 9

25
*In re New Motor Vehicles Canadian Export Antitrust Litig.*

26
     350 F.Supp.2d 160 (D. Me. 2004) .............................................................................. 10

27
*Ortiz v. Fibreboard Corp.*

28
     527 U.S. 815 (1999) .............................................................................................. 7, 8

LM 0041

*Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*
   658 F.Supp.2d 299 (D. Mass. 2009) .............................................................. 7

*In re Potash Antitrust Litig.*
   667 F.Supp.2d 907 (N.D. Ill. 2009) ........................................................ 7, 8

*Roach Mfg Corp. v. Northstar Indus.*
   630 F.Supp.2d 1004 (E.D. Ark. 2009) ....................................................... 16

*Rosenbaum v. Syntex Corp.,*
   95 F.3d 922 (9th Cir. 1996) ......................................................... 2, 17, 18

*In re Terazosin Hydrochloride Antitrust Litig.*
   160 F.Supp.2d 1365 (S.D. Fla. 2001) ........................................................ 9

*In re TFT-LCD (Flat Panel) Antitrust Litig.* ("*LCD I*")
   586 F.Supp.2d 1109 (N.D. Cal. 2008) ..................................................... 5, 7

*In re TFT-LCD (Flat Panel) Antitrust Litig.* ("*LCD II*")
   599 F.Supp.2d 1179 (N.D. Cal. 2009) ........................................................ 6

*In re Wellbutrin XL Antitrust Litig.*
   260 F.R.D. 143 (E.D. Pa. 2009) .............................................................. 7

*Young v. LePone*
   305 F.3d 1 (1st Cir. 2002) ......................................................... 16, 17, 18

STATE CASES

*Arkansas*

*Cole v. Rivers*
   861 S.W.2d 551 (Ark. 1993) .................................................................. 9

*State v. R&A Inv. Co.*
   985 S.W.2d 299 (Ark. 1999) .................................................................. 5

*Hawaii*

*Herring v. Gulick*
   5 Haw. 57 (1884) ............................................................................ 11

*Illinois*

*Frederickson v. Blumenthal*
   271 Ill.App.3d 738 (1995) .................................................................. 16

-vi-

DEFENDANTS' JOINT NOTICE OF MOTION & MOTION TO DISMISS INDIRECT
PURCHASER PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT

LM 0042

1

*Maine*

*Estate of Miller*
  960 A.2d 1140 (Me. 2008) ................................................................. 16

*Massachusetts*

*Haverty v. Comm'r of Corrs.*
  792 N.E.2d 989 (Mass. 2003) ............................................................... 9

*Kanamara v. Holyoke Mut. Ins. Co.*
  72 Mass.App.Ct. 396 (2008) ............................................................... 15

*O'Connell v. Microsoft Corp.*
  2001-2 Trade Cas. (CCH) ¶ 73419, 13 Mass. L. Rptr. 435 (Mass. Super. 2001) ........ 10

*Minnesota*

*Becker v. Mayo Found.*
  737 N.W.2d 200 (Minn. 2007) .............................................................. 11

*Hyett v. Northwestern Hosp. for Women & Children*
  180 N.W. 552 (Minn. 1920) ................................................................ 11

*Mississippi*

*Delmas v. Pascagoula State Ry. & Power Co.*
  103 Miss. 235 (1912) ..................................................................... 12

*Montana*

*Nelson v. Wilson*
  264 P. 679 (Mont. 1928) ................................................................... 9

*Osterman v. Sears, Roebuck & Co.*
  318 Mont. 342 (2003) ..................................................................... 16

*Smith v. Video Lottery Consultants*, Inc.
  858 P.2d 11 (Mont. 1993) .................................................................. 6

*Nebraska*

*Kanne v. Visa U.S.A.*
  272 Neb. 489 (2006) ...................................................................... 12

*Nevada*

*Builders Ass'n of N. Nev. v. City of Reno*
  776 P.2d 1234 (Nev. 1989) ................................................................ 12

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-vii-

DEFENDANTS' JOINT NOTICE OF MOTION & MOTION TO DISMISS INDIRECT
PURCHASER PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT

LM 0043

*New York*

*Barstow Rd. Owners v. Billings*
179 Misc.2d 958 (N.Y. Dis. Ct., Nassau, 1st Dis. 1998) ............................................. 13

*Broughton v. Dona*
101 A.D.2d 897 (N.Y. App. Div. 1984)........................................................................ 12

*North Carolina*

*Allen v. Hunnicutt*
230 N.C. 49 (1949).................................................................................................... 13

*Lawson v. Bennett*
81 S.E.2d 162 (N.C. 1954) ........................................................................................ 13

*Reaves v. Earle-Chesterfield Mill Co.*
5 S.E.2d 305 (N.C. 1939) .......................................................................................... 13

*Rigsbee v. Brogden*
184 S.E. 24 (N.C. 1936) ............................................................................................ 13

*Tennessee*

*Guy v. Mutual of Omaha Ins. Co.*
79 S.W.3d 528 (Tenn. 2002)...................................................................................... 13

*Vermont*

*Elkins v. Microsoft Corp.*
174 Vt. 328 (2002) .................................................................................................... 14

*Town of Brattleboro v. Wait*
44 Vt. 459 (1872) ...................................................................................................... 14

*West Virginia*

*Lynch v. Merchants' Nat. Bank*
22 W.Va. 554 (1883).................................................................................................. 14

*Wisconsin*

*Herman v. Town of Delavan*
560 N.W.2d 280 (Wis. App. 1996) ........................................................................14-15

*Nordell v. Kinney*
62 Wis.2d 558 (1974)................................................................................................ 14

*Pritchard v. Mead*
455 N.W.2d 263 (Wis. App. 1990) ............................................................................ 15

-viii-

W02-WEST:FMI\402700216.5
MDL No. 1917

DEFENDANTS' JOINT NOTICE OF MOTION & MOTION TO DISMISS INDIRECT
PURCHASER PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT

LM 0044

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Socha v. Socha*
  555 N.W.2d 152 (Wis. App. 1996) ............................................................................. 15

FEDERAL STATUTES

15 U.S.C. § 15 ................................................................................................................ 6

STATE STATUTES

*Arkansas*

Ark. Code Ann. § 4-88-107(a) ...................................................................................... 5

Ark. Code Ann. § 4-88-115 ......................................................................................... 16

*District of Columbia*

D.C. Code § 12-301 ..................................................................................................... 16

D.C. Code § 28-4511 ................................................................................................... 16

*Hawaii*

Haw. Rev. Stat. § 480-13(c) ....................................................................................... 11

*Illinois*

740 Ill. Comp. Stat. Ann. 10/7 .................................................................................... 16

*Maine*

Me. Rev. Stat. Ann. Title 14, § 752 ............................................................................ 16

*Massachusetts*

Mass. G.L. c. 93A, § 9(3). .......................................................................................... 15

*Minnesota*

Minn. Stat. §§ 325D.57-58 .......................................................................................... 11

*Mississippi*

Miss. Code Ann. § 75-21-1(i) ...................................................................................... 11

Miss. Code Ann. § 75-21-9 ......................................................................................... 11

-ix-

W02-WEST:FMI402700216.5
MDL No. 1917

DEFENDANTS' JOINT NOTICE OF MOTION & MOTION TO DISMISS INDIRECT
PURCHASER PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT

LM 0045

*Montana*

Mont. Code Ann. § 27-2-231.................................................................................... 16

Mont. Code § 30-14-201.......................................................................................... 6

Mont. Code § 30-14-222.......................................................................................... 6

*Nebraska*

Neb. Rev. Stat. Ann. § 59-813................................................................................ 12

Neb. Rev. Stat. Ann. § 59-821................................................................................ 12

Neb. Rev. Stat. Ann. § 59-1609.............................................................................. 12

*Nevada*

Nev. Rev. Stat. § 598A.210(2) ............................................................................... 12

*New York*

N.Y. Gen. Bus. Law § 349(h).................................................................................. 12

*North Carolina*

N.C. Gen. Stat. § 75-16........................................................................................... 12

N.C. Gen. Stat. § 75-16.1........................................................................................ 12

*Tennessee*

Tenn. Code Ann. § 47-25-106 ................................................................................ 13

*Vermont*

Vt. Stat. Ann. Title 9 § 2458.................................................................................... 14

Vt. Stat. Ann. Title 9 § 2465.................................................................................... 14

*West Virginia*

W. Va. Code § 47-18-8............................................................................................ 14

W. Va. Code § 47-18-9............................................................................................ 14

*Wisconsin*

Wis. Stat. § 133.18.................................................................................................. 14

W02-WEST:FMI\402700216.5
MDL No. 1917

DEFENDANTS' JOINT NOTICE OF MOTION & MOTION TO DISMISS INDIRECT PURCHASER PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT

LM 0046

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MISCELLANEOUS

Edward Sherman, Moore's Federal Practice: Civil § 15.19[3][a] ............................................ 16

-xi-

DEFENDANTS' JOINT NOTICE OF MOTION & MOTION TO DISMISS INDIRECT
PURCHASER PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT

LM 0047

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Plaintiffs' Second Consolidated Amended Complaint purports to significantly expand the scope of this litigation by adding thirteen new state claims, five new state classes, and four new named plaintiffs.  As explained below, however, several of Plaintiffs' purported new and amended claims are facially defective.

*First*, Plaintiffs' claim under the Arkansas Deceptive Trade Practices Act (the "ADTPA") should be dismissed with prejudice because that statute does not apply to price-fixing.  Price-fixing is not among the "deceptive" trade practices enumerated by the statute, and no Arkansas court has ever applied the statute in an antitrust context. Moreover, Plaintiffs do not and cannot allege that Defendants enjoyed "grossly unequal bargaining power" relative to Plaintiffs as required by the ADTPA.  For these reasons, two courts in the Northern District, including Judge Illston in the *LCD* litigation, recently have dismissed indirect purchaser claims under the ADTPA at the pleading stage.

*Second*, Plaintiffs' claim under Montana's antitrust statute fails because indirect purchasers lack standing to sue under Montana antitrust law.  Montana has not "repealed" the U.S. Supreme Court's prohibition of indirect purchaser damage actions in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977).  On the contrary, the Montana Supreme Court has held that federal antitrust law should inform interpretation of the Montana statute.  Accordingly, the *LCD* court recently dismissed a putative indirect purchaser claim under the Montana statute for lack of standing.

*Third*, Plaintiffs lack standing to bring claims under the laws of Illinois, Maine, and Montana because no named plaintiff hails from those states and claims injury under those laws.  Standing is a threshold constitutional requirement that goes to the power of a federal court to hear a case.  Accordingly, the Ninth Circuit has advised district courts they may immediately dismiss a putative class claim where no named plaintiff has standing.  *See Easter v. Am. West*, 381 F.3d 948, 962 (9th Cir. 2004).

LM 0048

1          *Fourth*, Plaintiffs' new and renewed unjust enrichment claims should be

2    dismissed in those states where the relevant antitrust and/or consumer protection statute

3    either bars Plaintiffs from suing or precludes recovery of the equitable restitution Plaintiffs

4    seek.  The Special Master indicated general agreement with these arguments in his

5    tentative rulings on Defendants' Joint Motion to Dismiss Plaintiffs' Consolidated Amended

6    Complaint, but found that Defendants had failed to present a specific state-by-state

7    discussion of the relevant laws.  The Court adopted the Special Master's finding and denied

8    Defendants' motion to dismiss the unjust enrichment claims without prejudice.  In response

9    to the Special Master's finding, Defendants now renew these arguments and specifically

10    address, state-by-state, the relevant authority precluding Plaintiffs' claims for unjust

11    enrichment.

12          *Fifth*, the Court previously dismissed without prejudice Plaintiffs' claim

13    under the Massachusetts consumer protection statute because Plaintiffs failed to allege

14    compliance with the statute's "demand letter" provision.  The Second Consolidated

15    Amended Complaint once again fails to allege proper compliance with this provision, and

16    thus Plaintiffs' amended claim should be dismissed now with prejudice.

17          *Finally*, the Court should rule that the claims added on behalf of five new

18    state classes do not "relate back" to the filing date of any prior complaint in these actions,

19    such that the applicable statutes of limitations for these claims would run backwards from

20    May 10, 2010, the filing date of Plaintiffs' Second Consolidated Amended Complaint.  The

21    standard for the relation back of claims by Plaintiffs that have joined (or would have to

22    join) this case to represent these new classes is set forth in *Rosenbaum v. Syntex Corp.*, 95

23    F.3d 922, 935 (9th Cir. 1996).  Given the policy of repose reflected in statutes of

24    limitations, *Syntex* creates a strong presumption against relation back for claims by new

25    plaintiffs.  Here, this presumption prevails because no plaintiffs from Arkansas, Illinois,

26    Maine, Montana, or the District of Columbia were asserting class claims for damages or

27    restitution under the laws of those jurisdictions when the Second Consolidated Amended

28    Complaint was filed, and any expansion in the liability sought by new plaintiffs on behalf

DEFENDANTS' JOINT NOTICE OF MOTION & MOTION TO DISMISS INDIRECT
PURCHASER PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT

LM 0049

of these new classes is fairly and properly subject to the limits imposed by the statutes of limitations.[1]

## II.

### BACKGROUND

Plaintiffs filed their Consolidated Amended Complaint (the "CAC") on March 16, 2009.[2]  On May 18, 2009, Defendants filed a Joint Motion to Dismiss the CAC (the "Motion to Dismiss").  On February 5, 2010, the Special Master issued his Report, Recommendations and Tentative Rulings Re: Defendants' Motions to Dismiss, (the "Special Master's Report"), recommending, *inter alia*, that the Court grant in part and deny in part the Motion to Dismiss.  On March 30, 2010, the Court issued an Order approving and adopting the Special Master's Report, and granting Plaintiffs leave to amend certain of the claims in the CAC (the "Motion to Dismiss Order").

On May 10, 2010, Plaintiffs filed their Second Consolidated Amended Complaint (the "SCAC"), amending certain claims pursuant to the Motion to Dismiss Order.  Specifically, the SCAC omits the following claims from the CAC:  (1) claims under Nebraska law based on sales prior to July 20, 2002, SCAC, ¶ 237; (2) claims under

---

[1]    In addition, Defendants reassert and preserve each of the arguments raised in their prior joint and individual Motions to Dismiss, specifically:  Defendants' May 18, 2009 Joint Motion to Dismiss the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint; Beijing-Matsushita Color CRT Company, Ltd's May 18, 2009 Motion to Dismiss Indirect Purchaser Plaintiff's Consolidated Amended Complaint; Tatung Company's May 18, 2009 Motion to Dismiss Indirect Purchaser Plaintiff's Consolidated Amended Complaint; Hitachi Defendants' May 18, 2009 Motion to Dismiss Indirect Purchaser Plaintiff's Consolidated Amended Complaint; LG Defendants' May 18, 2009 Motion to Dismiss Indirect Purchaser Plaintiff's Consolidated Amended Complaint; Panasonic Corporation and Panasonic Corporation of North America's May 18, 2009 Motion to Dismiss Indirect Purchaser Plaintiff's Consolidated Amended Complaint; Philips Defendants' May 18, 2009 Motion to Dismiss Indirect Purchaser Plaintiff's Consolidated Amended Complaint; Samsung Defendants' May 18, 2009 Motion to Dismiss Indirect Purchaser Plaintiff's Consolidated Amended Complaint; and Toshiba Defendants' May 18, 2009 Motion to Dismiss Indirect Purchaser Plaintiff's Consolidated Amended Complaint.  Defendants understand that the Court will adhere to its prior rulings where applicable.

[2]    The first-filed underlying complaints ultimately transferred and consolidated in these MDL proceedings were filed in November 2007.

---

DEFENDANTS' JOINT NOTICE OF MOTION & MOTION TO DISMISS INDIRECT
PURCHASER PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT

1   Nevada law based on sales prior to February 4, 1999, *id.*; (3) claims under Hawaii law

2   based on sales prior to June 25, 2002, *id.*; (4) all claims under Rhode Island law; and

3   (5) a claim for unjust enrichment under Kansas law.  The SCAC also contains new

4   allegations that (a) Plaintiffs served a copy of the SCAC on the Attorney General of

5   Hawaii as required by Hawaii's antitrust statute, SCAC, ¶ 253e, n. 2; and (b) Plaintiffs

6   "mailed a written demand for relief to each of the Defendants" on May 7, 2010, pursuant to

7   Massachusetts' consumer protection statute.  SCAC, ¶ 280h.

8           In addition, the SCAC purports to state a number of new claims not

9   referenced in the Motion to Dismiss Order:  (1) claims under the antitrust statutes of the

10  District of Columbia, Hawaii, Illinois, Maine, Montana, and New York, *id.* at ¶ ¶ 252-254,

11  257, 261, 265; (2) claims under the consumer protection statutes of Arkansas and the

12  District of Columbia, *id.* at ¶ ¶ 275, 277; and (3) unjust enrichment claims under the laws

13  of Arkansas, the District of Columbia, Illinois, Maine, and Montana.  *Id.* at ¶ 288.  The

14  SCAC further purports to add five new state classes:  Arkansas, the District of Columbia,

15  Illinois, Maine, and Montana.  *Id.* at ¶ 236.  Each of those new classes seeks monetary and

16  injunctive relief for all indirect purchasers in the relevant jurisdiction throughout the

17  alleged class period of March 1, 1995 through November 25, 2007.  *Id.* at ¶¶ 1, 252, 254,

18  257, 261, 275, 277, 288.[3]

19

20

21

22

23  ───────────────────────────
    [3]   The new classes are the first for District of Columbia, Illinois, Maine and Montana
24        indirect purchasers in any of the consolidated or transferred actions.  The new class
          for Arkansas indirect purchasers was preceded by *Cook v. Chunghwa Picture*
25        *Tubes, Ltd.*, Class-Action Complaint of Jan. 11, 2008 (W.D. Ark. 08-5013), a
          putative class action by an Arkansas consumer under that state's antitrust statute.
26        However, neither the plaintiff in *Cook* nor any other Arkansas consumer joined the
          CAC as a plaintiff; moreover, the SCAC asserts an Arkansas law consumer
27        protection theory, not the Arkansas law antitrust theory asserted and then
          abandoned by the plaintiff in *Cook*.

28

DEFENDANTS' JOINT NOTICE OF MOTION & MOTION TO DISMISS INDIRECT
PURCHASER PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT

LM 0051

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III.

## ARGUMENT

**A.   Plaintiffs' New Arkansas And Montana Claims Should Be Dismissed With Prejudice.**

    **1.   Arkansas' Consumer Protection Statute Does Not Apply to Price-Fixing.**

Plaintiffs purport to state a new claim under Arkansas' Deceptive Trade Practices Act (the "ADTPA"), which prohibits certain enumerated "[d]eceptive and unconscionable trade practices," and "any other unconscionable, false, or deceptive act of practice in business, commerce, or trade."  Ark. Code Ann. § 4-88-107(a).  Price-fixing is not among the "deceptive and unconscionable" trade practices enumerated by the ADTPA, and no Arkansas court has ever attempted to apply the statute in an antitrust context.  *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F.Supp.2d 1109, 1125 (N.D. Cal. 2008) ("*LCD I*").  Moreover, Arkansas courts have held that, to be "unconscionable" within the meaning of the ADTPA catch-all provision, plaintiffs must plead and prove that defendants exploited a "gross inequality of bargaining power."  *See, e.g., State v. R&A Inv. Co.*, 985 S.W.2d 299, 302 (Ark. 1999) ("Two important considerations [in evaluating alleged conduct under the ADTPA] are whether there is a gross inequality of bargaining power between the parties to the contract and whether aggrieved party was made aware of and comprehended the provision in question.").

Thus, in *In re Graphics Processing Units Antitrust Litig.*, Judge Alsup dismissed the indirect purchasers' ADTPA claim with prejudice, concluding that price-fixing was "not the kind of conduct prohibited" by the ADTPA because the statute "requires something more than merely alleging that the price of a product was unfairly high."  527 F.Supp.2d 1011, 1029-1030 (N.D. Cal. 2007) ("*GPU*").  Similarly, in *LCD I*, Judge Illston dismissed the indirect purchasers' claim under the ADTPA, refusing to "expansively interpret the statute" to apply to price-fixing.  586 F.Supp.2d at 1125.  For the same reasons, Plaintiffs' purported claim under the ADTPA should be dismissed with prejudice.

-5-

DEFENDANTS' JOINT NOTICE OF MOTION & MOTION TO DISMISS INDIRECT PURCHASER PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT

LM 0052

1     **2.**     **Plaintiffs, as Indirect Purchasers, Lack Standing under Montana**

2               **Antitrust Law.**

3            Plaintiffs also purport to state a new claim under Montana's antitrust statute,

4 Mont. Code § 30-14-201, *et seq.*  However, Montana has not legislatively or judicially

5 "repealed" the bar on indirect purchaser damage actions set forth by the U.S. Supreme

6 Court in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977).  On the contrary, the Montana

7 Supreme Court, observing that Montana's statute was patterned largely after federal

8 antitrust law, has held that where the language of the Montana statute is similar to that of a

9 federal antitrust statute, courts must give "due weight to the federal courts' interpretation."

10 *Smith v. Video Lottery Consultants*, *Inc.*, 858 P.2d 11, 13 (Mont. 1993).  The private

11 standing provision of the Montana statute is substantively *identical* to the private standing

12 provision of the Clayton Act, under which federal courts have held indirect purchasers lack

13 standing to bring suit for damages.  *Compare* Mont. Code § 30-14-222 *with* 15 U.S.C.

14 § 15; *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977).

15            Accordingly, in the *LCD* litigation, Judge Illston dismissed with prejudice

16 the indirect purchasers' claims under the Montana statute for lack of standing, explaining

17 that the Montana and federal standing provisions are "almost identically worded," and

18 finding no "relevant difference between the two statutes" or any contrary case law that

19 would justify interpreting the statutes differently.  599 F.Supp.2d 1179, 1186-1187 (N.D.

20 Cal. 2009) ("*LCD II*").  Here, Plaintiffs' claim under the Montana statute fails for the same

21 reasons.

22 **B.**     **Plaintiffs Lack Standing To Bring Claims Under The Laws Of Illinois, Maine,**

23           **And Montana Because No Named Plaintiff Hails From Those States.**

24            Plaintiffs lack standing to bring their purported new claims under the laws of

25 Illinois, Maine, and Montana because there is no named plaintiff from each of those states

26 claiming injury under the relevant law.  *See, e.g., GPU*, 527 F.Supp.2d at 1026-1027 ("A

27 class cannot assert a claim on behalf of an individual that they cannot represent.").  This

28 issue is ripe at the pleading stage.  Standing is a prerequisite to suit that goes to the

-6-

W02-WEST:FMI\402700216.5
MDL No. 1917

DEFENDANTS' JOINT NOTICE OF MOTION & MOTION TO DISMISS INDIRECT
PURCHASER PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT

LM 0053

1   constitutional power of a federal court to hear a case.  The Ninth Circuit has held that

2   district courts should immediately dismiss a putative class claim for lack of standing, and

3   that this issue is properly addressed prior to the class certification stage.  *Easter v. Am.*

4   *West*, 381 F.3d 948, 962 (9th Cir. 2004).

5           Accordingly, a number of district courts, both within this Circuit and

6   without, have dismissed putative class claims prior to the class certification stage where no

7   named plaintiff had standing to pursue them.  *See, e.g., GPU*, 527 F.Supp.2d at 1026-1027

8   (dismissing for lack of standing indirect purchasers' purported claims from states lacking a

9   named plaintiff; rejecting argument that standing issue should be decided after class

10  certification; *In re Ditropan XL Antitrust Litig.*, 529 F.Supp.2d 1098, 1107 (N.D. Cal.

11  2007) (same); *In* re *Apple & AT&T Antitrust Litig.*, 596 F.Supp.2d 1288, 1309 (N.D. Cal.

12  2008) (same); *In re Potash Antitrust Litig.*, 667 F.Supp.2d 907, 920-924 (N.D. Ill. 2009)

13  (same); *see also Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance*

14  *Corp.*, 658 F.Supp.2d 299, 303-305 (D. Mass. 2009) (ruling on Article III standing issues

15  prior to class certification); *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 151-156

16  (E.D. Pa. 2009) (refusing to postpone inquiry into Article III standing); *Carfagno ex rel.*

17  *Centerline Holding Co. v. Schnitzer*, 591 F.Supp. 2d 630, 633 (S.D.N.Y. 2008)

18  ("[A]djudication of standing must be made prior to determining whether the requirements

19  of class certification have been satisfied.").  In addition, in light of this and other ample

20  authority, the indirect purchaser plaintiffs in *LCD* stipulated at the pleading stage to the

21  dismissal of all claims from states that lacked a named plaintiff.  *LCD I*, 586 F.Supp.2d at

22  1124-1125.

23          Defendants anticipate that Plaintiffs may rely on the Supreme Court's

24  decision in *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999), in an attempt to avoid

25  dismissal of their claims without a plaintiff.  As explained by the Ninth Circuit, however,

26  *Ortiz* stands for the limited and inapplicable proposition that a court evaluating whether to

27  certify a *global settlement class* may address class certification prior to standing where the

28  class certification issue is dispositive.  *Easter*, 381 F.3d at 962; *see Ortiz*, 527 U.S. at 831.

DEFENDANTS' JOINT NOTICE OF MOTION & MOTION TO DISMISS INDIRECT
PURCHASER PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT

LM 0054

1   Outside the settlement context, however, a district court can and should address standing

2   issues prior to class certification.  *Ortiz*, 527 U.S. at 831 (outside the settlement context,

3   "this or any other Article III court must be sure of its own jurisdiction before getting to the

4   merits"); *Easter*, 381 F.3d at 962 (*Ortiz* "does not require courts to consider class

5   certification before standing"); *GPU*, 527 F.Supp.2d at 1026-1027 (*Ortiz* only applies in

6   context of certifying settlement class); *Potash*, 667 F.Supp.2d at 922 (refusing to apply

7   *Ortiz* outside of settlement context; *Ortiz* applies only where class certification issue would

8   be dispositive of litigation).  Accordingly, Plaintiffs' Illinois, Maine, and Montana claims

9   must be dismissed now.

10  **C.     The Majority Of Plaintiffs' New And Renewed Unjust Enrichment Claims**

11          **Should Be Dismissed Without Leave To Amend.**

12          The SCAC purports to state five new claims for unjust enrichment and renew

13  the majority of the unjust enrichment claims previously asserted in the CAC.[4]  SCAC,

14  ¶ 288.  In Defendants' Motion to Dismiss the CAC, Defendants argued that a number of

15  Plaintiffs' unjust enrichment claims should be dismissed because applicable state statutes

16  either limit Plaintiffs' right to sue or limit the available monetary relief.  *See* Motion to

17  Dismiss, pp. 38:3-41:2.  The Special Master indicated agreement with these arguments as a

18  "general principle," but found that Defendants had failed to make a particularized showing

19  with respect to the authority of each state at issue.  *See* Special Master's Report at 32:15-

20  33:2.  The Court adopted the Special Master's findings and denied Defendants' motion to

21  dismiss the unjust enrichment claims without prejudice.  *See* Motion to Dismiss Order,

22  26:10-12.

23          In response to the Special Master's findings, Defendants now renew their

24  arguments that Plaintiffs' unjust enrichment claims should be dismissed and make a state-

---

[4]      Specifically, the SCAC purports to state new unjust enrichment claims under the laws of Arkansas, the District of Columbia, Illinois, Maine, and Montana; omits unjust enrichment claims under the laws of Kansas and Rhode Island; and otherwise renews each unjust enrichment claim previously asserted in the CAC.  *Compare* SCAC, ¶ 288 *with* CAC, ¶ 286.

DEFENDANTS' JOINT NOTICE OF MOTION & MOTION TO DISMISS INDIRECT
PURCHASER PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT

LM 0055

1  by-state showing, found lacking in Defendants' prior Motion to Dismiss, that the relevant

2  state statute either bars Plaintiffs from suing or prohibits the equitable restitutionary

3  disgorgement of profits remedy sought by Plaintiffs.

4      **1.      Plaintiffs Cannot Use Unjust Enrichment as a "Back-Door" to Recover**

5          **for Claims Barred under the Substantive Laws of Arkansas,**

6          **Massachusetts and Montana.**

7          The SCAC purports to state new unjust enrichment claims under, *inter alia*,

8  the laws of Arkansas and Montana, while renewing, *inter alia*, the unjust enrichment claim

9  asserted in the CAC under Massachusetts law.  All three of these claims should be

10  dismissed with prejudice, however, because in each of these states the relevant substantive

11  laws bar Plaintiffs from pursuing damage actions.

12          As explained in Defendants' prior Motion to Dismiss, when a statute bars a

13  plaintiff's right to recover damages, that plaintiff cannot seek the same damages through an

14  equitable claim.  *Hedges v. Dixon County*, 150 U.S. 182, 192 (1893) (where "the rights or

15  the situation of parties are clearly defined and established by law, equity has no power to

16  change or unsettle those rights or that situation . . . Courts of equity can no more disregard

17  statutory . . . requirements and provisions than can courts of law").  States routinely adhere

18  to this maxim, including specifically, Arkansas, Massachusetts and Montana.  *See, e.g.,*

19  *Haverty v. Comm'r of Corrs.*, 792 N.E.2d 989, 994 (Mass. 2003); *Cole v. Rivers*, 861

20  S.W.2d 551 (Ark. 1993); *Nelson v. Wilson*, 264 P. 679, 683 (Mont. 1928).  Moreover,

21  federal courts consistently apply this principle in precisely the context presented here.  *See,*

22  *e.g., In re Terazosin Hydrochloride Antitrust Litig.*, 160 F.Supp.2d 1365, 1379-80 (S.D.

23  Fla. 2001) (dismissing unjust enrichment claims of indirect purchasers coupled with state

24  antitrust claims, where state law would deny plaintiffs standing, because doing so

25  "would . . . undermine the efficient enforcement of antitrust laws"); *In re Microsoft Corp.*

26  *Antitrust Litig.*, 401 F.Supp.2d 461, 464 (D. Md. 2005) ("the specific bar on indirect

27  purchaser recovery incorporated into South Carolina's antitrust statutes prohibits Plaintiff's

28  general common-law [unjust enrichment] claim").

LM 0056

1          Here, Defendants have made a particularized showing that the relevant

2    statutory schemes of Arkansas and Montana, respectively, do not permit Plaintiffs to sue

3    for damages.  *See* Parts A.1 and A.2 above (explaining that the ADTPA does not apply to

4    price-fixing and that indirect purchasers lack standing under Montana's antitrust law).  In

5    addition, like Montana, Massachusetts adheres to *Illinois Brick*'s ban on indirect purchaser

6    suits.  *See O'Connell v. Microsoft Corp.*, 2001-2 Trade Cas. (CCH) ¶ 73419, 13 Mass. L.

7    Rptr. 435 (Mass. Super. 2001).  Plaintiffs should not be permitted to circumvent these

8    statutory bars to recovery by recasting their claims as ones for unjust enrichment.

9    Plaintiffs' unjust enrichment claims under the laws of Arkansas, Massachusetts and

10   Montana therefore should be dismissed with prejudice.

11        **2.        Plaintiffs Cannot Maintain Unjust Enrichment Claims in States with**

12                 **Statutory Schemes that Preclude Equitable Restitution Remedies.**

13          As explained in Defendants' prior Motion to Dismiss, Plaintiffs also may not

14   recover disgorgement of profits as restitution under a common law unjust enrichment

15   theory where an underlying antitrust or consumer protection statute precludes such relief.

16   *See Karahalios v. Nat'l Fed'n of Fed. Employees*, 489 U.S. 527, 533 (1989) ("It is also an

17   'elemental canon' of statutory construction that where a statute expressly provides a

18   remedy, courts must be especially reluctant to provide additional remedies"); *In re New*

19   *Motor Vehicles Canadian Export Antitrust Litig.*, 350 F.Supp.2d 160, 212 (D. Me. 2004)

20   ("It is also possible that a particular state antitrust statute explicitly limits its relief to

21   compensatory damages, not permitting disgorgement of profits, and therefore should be

22   read to preclude the common law restitutionary remedy").  As detailed below, the antitrust

23   and/or consumer protection statutes that Plaintiffs invoke from the following states do not

24   allow for the restitutionary disgorgement of profits remedy (*see* SCAC, ¶ 289) Plaintiffs

25   seek here:  Hawaii, Minnesota, Mississippi, Nebraska, Nevada, New York, North Carolina,

26   Tennessee, Vermont, West Virginia, and Wisconsin.  Plaintiffs' claims for unjust

27   enrichment under the common law of these states therefore should be dismissed.

28

-10-

DEFENDANTS' JOINT NOTICE OF MOTION & MOTION TO DISMISS INDIRECT
PURCHASER PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT

LM 0057

1

        a.     <u>Hawaii</u>

2

        The only remedies available under Hawaii's antitrust statute are damages,

3 injunctive relief, costs of suit, and attorneys' fees.  Haw. Rev. Stat. § 480-13(c).  Hawaii

4 adheres to the maxim that statutes providing for a specific remedy supersede other claims,

5 even those at common law.  *See Herring v. Gulick*, 5 Haw. 57, 59 (1884) (holding that a

6 statute specifically providing remedy for private parties damaged by appropriation of water

7 and land precluded relief not listed in the statute).  Accordingly, Plaintiffs' unjust

8 enrichment claim under Hawaii law is precluded by the specific remedies provided under

9 Hawaii's antitrust statute.

10

        b.     <u>Minnesota</u>

11

        Like Hawaii's antitrust statute, the only remedies available under Minnesota's

12 antitrust state are damages, injunctive relief, costs of suit and attorneys' fees.  Minn. Stat.

13 §§ 325D.57 – 58.  Nowhere in Minnesota's antitrust statutes is the equitable remedy of

14 restitution set forth for statutory violations.  Minnesota adheres to the "elemental canon of

15 statutory construction" that courts should avoid reading additional remedies into statutes

16 that expressly enumerate the types of relief available.  *See Becker v. Mayo Found.*, 737

17 N.W.2d 200, 207 (Minn. 2007) ("It is an elemental canon of statutory construction that

18 where a statute expressly provides a particular remedy or remedies, a court must be chary

19 of reading others into it.") (quoting *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444

20 U.S. 11, 19 (1979)); *accord Hyett v. Northwestern Hosp. for Women & Children*, 180

21 N.W. 552 (Minn. 1920) (remedies provided under worker compensation statute are

22 exclusive of all other remedies).  Thus, Minnesota's antitrust statute should be read to

23 foreclose Plaintiffs' unjust enrichment claim under Minnesota law.

24

        c.     <u>Mississippi</u>

25

        Mississippi's antitrust statute limits relief to actual damages plus a $500

26 penalty.  Miss. Code Ann. § 75-21-9.  Further, equitable relief in the form of an injunction

27 is a remedy limited to suits brought by the state's Attorney General.  Miss. Code Ann.

28 § 75-21-1(i).  Mississippi courts have long limited relief for antitrust violations to the

-11-

DEFENDANTS' JOINT NOTICE OF MOTION & MOTION TO DISMISS INDIRECT
PURCHASER PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT

LM 0058

1  remedies enumerated in the statute.  *Delmas v. Pascagoula State Ry. & Power Co.*, 103

2  Miss. 235, 243 (1912) (reversing and remanding a decision awarding a plaintiff seeking

3  relief under antitrust provision more than the statutorily defined $500 penalty on top of

4  actual damages).  The Mississippi antitrust statute therefore bars Plaintiffs from recovery

5  under a common law unjust enrichment theory.

6             d.     <u>Nebraska</u>

7          Nebraska's antitrust statute expressly limits relief to actual damages.  Neb.

8  Rev. Stat. Ann. § 59-821.  Similar to Mississippi's statute, injunctive relief is available

9  only in actions commenced by the state's Attorney General.  Neb. Rev. Stat. Ann. § 59-

10  813.  Similarly, Nebraska's consumer protection statute limits relief to actual damages,

11  plus costs and attorney's fees.  Neb. Rev. Stat. Ann. § 59-1609.  Nebraska interprets its

12  antitrust statute in accordance with federal law.  *Kanne v. Visa U.S.A.*, 272 Neb. 489, 493

13  (2006).  Accordingly, the statute should be interpreted in light of the "elemental canon"

14  applied by federal courts that the remedies expressly enumerated in a statute are exclusive,

15  so as to preclude Plaintiffs' claim for unjust enrichment.  *Karahalios*, 489 U.S. at 533.

16             e.     <u>Nevada</u>

17          Nevada's Unfair Trade Practices Act (the "NUTPA") limits recovery to treble

18  damages, attorneys' fees and costs.  Nev. Rev. Stat. Ann. § 598A.210(2).  Nevada adheres

19  to the maxim that courts should refrain from reading additional remedies into statutes that

20  expressly enumerate the relief available.  *Builders Ass'n of N. Nev. v. City of Reno*, 776 P.

21  2d 1234, 1235 (Nev. 1989).  Plaintiffs thus may not use an unjust enrichment theory to

22  obtain restitution, a remedy unavailable under the NUTPA.

23             f.     <u>New York</u>

24          New York's consumer protection statute expressly limits relief to damages,

25  injunctive relief and attorneys' fees.  N.Y. Gen. Bus. Law. § 349(h).  There is no

26  restitutionary remedy listed within the statute.  Under New York law, remedies enumerated

27  in a statute are presumed to be exclusive.  *See Broughton v. Dona*, 101 A.D.2d 897, 898

28  (N.Y. App. Div. 1984) (holding that the specific remedies and penalties provided for in

-12-

LM 0059

1   state insurance law are exclusive of other remedies) (citing *Drinkhouse v. Parka Corp.*, 3

2   N.Y.2d 82, 88 (N.Y. 1957); *City of Rochester v Campbell*, 123 N.Y. 405 (1890)); *Barstow*

3   *Rd. Owners v. Billings*, 179 Misc.2d 958, 966 (N.Y. Dis. Ct., Nassau, 1st Dis. 1998) ("It is

4   a familiar rule in the construction of statutes that where a new right is created or a new

5   duty imposed by statute, if a remedy is given by the same statute for its violation or

6   nonperformance, the remedy given is exclusive.").  New York's statute therefore precludes

7   Plaintiffs from recovering restitutionary disgorgement of profits under an unjust

8   enrichment theory.

9              g.      North Carolina

10          The only remedies available under North Carolina's antitrust and consumer

11  protection statutes are damages and attorneys' fees.  N.C. Gen. Stat. §§ 75-16, 75-16.1.

12  Similarly to the above states, North Carolina courts have held that the remedies expressly

13  set forth in state statutes are exclusive.  *See, e.g., Lawson v. Bennett*, 81 S.E.2d 162, 167

14  (N.C. 1954) ("[I]f a valid statutory method of determining a disputed question has been

15  established, such remedy so provided is exclusive and must be first resorted to and in the

16  manner specified therein.") (quoting *Comm. of Grievances of N.C. State Bar Ass'n v.*

17  *Strickland*, 200 N.C. 630 (1931)); *Allen v. Hunnicutt*, 230 N.C. 49, 51 (1949); *Reaves v.*

18  *Earle-Chesterfield Mill Co.*, 5 S.E.2d 305 (N.C. 1939); *Rigsbee v. Brogden*, 184 S.E. 24

19  (N.C. 1936).  Plaintiffs thus are barred under North Carolina law from recovering under an

20  unjust enrichment theory.

21             h.      Tennessee

22          Tennessee's antitrust statute limits recovery to "the full consideration or sum

23  paid by the person for any goods, wares, merchandise, or articles, the sale of which is

24  controlled by [an unlawful] combination or trust."  Tenn. Code Ann. § 47-25-106.

25  Tennessee law echoes that of many other states in providing that statutorily created

26  remedies are presumed exclusive.  *See, e.g., Guy v. Mutual of Omaha Ins. Co.*, 79 S.W.3d

27  528, 536 (Tenn. 2002) (citing *Turner v. Harris*, 198 Tenn. 654, 664 (1955)).  Given that

28  Tennessee's statute has expressly designated a remedy for claims brought under the state's

-13-

DEFENDANTS' JOINT NOTICE OF MOTION & MOTION TO DISMISS INDIRECT
PURCHASER PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT

LM 0060

1  antitrust act, and that the courts have stated that unjust enrichment is not a valid claim

2  before pursuing other remedies, Plaintiffs are limited to pursuing claims for damages as set

3  forth by statute.

4           i.      Vermont

5           Vermont's antitrust statute limits private relief to damages, recovery of the

6  "consideration or value of consideration given by the aggrieved person" and reasonable

7  attorney's fees.  Vt. Stat. Ann. Tit. 9 § 2465.  In addition, injunctive relief is available in

8  cases brought by the state's Attorney General.  *Id.* at § 2458.  The Vermont Supreme Court

9  has observed that in enacting this statute, the Vermont Legislature intended to exclude

10 preexisting remedies for antitrust violations not set forth in the statute.  *Elkins v. Microsoft

11 Corp.*, 174 Vt. 328, 337 (2002).  Moreover, where remedies are expressly prescribed by

12 statute, Vermont law presumes those remedies to be exclusive.  *See Town of Brattleboro v.

13 Wait*, 44 Vt. 459 (1872).  Thus, Plaintiffs' are barred from using an unjust enrichment

14 theory to obtain relief not provided for in Vermont's statutory scheme.

15          j.      West Virginia

16          Under West Virginia's Antitrust Act, private parties are able to recover treble

17 damages, attorneys' fees and costs.  W. Va. Code § 47-18-9.  In addition, injunctive relief

18 is available only in cases brought by the state's Attorney General.  W. Va. Code § 47-18-8.

19 Like its sister states, West Virginia's case law recognizes that express statutory remedies

20 preclude relief under other remedies.  *See Lynch v. Merchants' Nat. Bank*, 22 W.Va. 554

21 (1883).  Accordingly, West Virginia's statutorily defined remedy in the realm of antitrust

22 law prevents Plaintiffs from seeking relief by alternative equitable theories.

23          k.      Wisconsin

24          The only remedies available to private parties under Wisconsin's antitrust

25 statute are damages, attorneys' fees and costs.  Wis. Stat. § 133.18.  Wisconsin's courts

26 have held that the remedies under its antitrust laws are exclusive.  *Nordell v. Kinney*, 62

27 Wis.2d 558, 562 (1974) ("When a statute such as [Wisconsin's antitrust statute] creates a

28 cause of action and provides the remedy, the remedy is exclusive.");  *accord Herman v.*

W02-WEST:FMI\402700216.5
MDL No. 1917

DEFENDANTS' JOINT NOTICE OF MOTION & MOTION TO DISMISS INDIRECT
PURCHASER PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT

LM 0061

1  *Town of Delavan*, 560 N.W.2d 280 (Wis. App. 1996) (remedies expressly enumerated in

2  statute are exclusive); *Socha v. Socha*, 555 N.W.2d 152 (Wis. App. 1996) (same),

3  *Pritchard v. Mead*, 455 N.W.2d 263 (Wis. App. 1990) (same).  Plaintiffs may not avoid

4  the limitation on remedies imposed by Wisconsin's antitrust statute by recasting their claim

5  as one for unjust enrichment.

6  **D.    Plaintiffs' Claim Under The Massachusetts Consumer Protection Statute**

7  **Remains Procedurally Deficient.**

8          The Court adopted the Special Master's recommendation and dismissed

9  without prejudice Plaintiffs' claim under Massachusetts' consumer protection statute

10  because Plaintiffs failed to allege that they served a "written demand for relief" on

11  Plaintiffs at least 30 days prior to filing suit as required by Massachusetts law.  *See* Mass.

12  G.L. c. 93A, § 9(3); Special Master's Report at pp. 29-30; Motion to Dismiss Order at

13  ¶ V.12.  The SCAC contains the new allegation that Plaintiffs mailed a written demand for

14  relief to Defendants on May 7, 2010, just *three days* before the SCAC was filed.  SCAC,

15  ¶ 280h.  Plaintiffs thus have once again failed to comply with the 30-day notice

16  requirement under Massachusetts law.

17          The 30-day notice requirement is not a mere procedural technicality; rather,

18  it is designed to give Defendants a full opportunity to prepare and tender a written

19  settlement offer, which, if subsequently rejected by Plaintiffs, could be used by Defendants

20  to reduce any damages awarded in excess of the amount of the offer.  *See* Mass. G.L. c.

21  93A, § 9(3).  Because Plaintiffs have again denied Defendants this opportunity, Plaintiffs'

22  amended claim under Massachusetts' consumer protection statute should be dismissed.

23  *See Kanamara v. Holyoke Mut. Ins. Co.*, 72 Mass.App.Ct. 396, 407-408 (2008) (plaintiff

24  must plead that it has fully complied with demand letter provision as a prerequisite to suit).

25  **E.    The Claims On Behalf Of New Classes Of Arkansas, Illinois, Maine, Montana**

26  **And D.C. Indirect Purchasers Do Not Relate Back To Prior Complaints.**

27          Finally, the SCAC purports to add antitrust, consumer protection and unjust

28  enrichment claims on behalf of five new state classes of indirect purchasers, those in

LM 0062

1    Arkansas, Illinois, Maine, Montana and the District of Columbia.  *See* SCAC, ¶¶ 236, 252,

2    254, 257, 261, 275, 277, 288.  When applying the statute of limitations to each of these

3    claims, the date on which the claim is filed is the day on which the SCAC was filed –

4    May 10, 2010 – unless the claim "relates back" to the filing of an earlier complaint.

5    Because the new state classes fail to satisfy the standard for relation back, their claims may

6    be barred at least in part by the applicable statutes of limitations.[5]

7             The standard for the relation back of claims by newly added plaintiffs (which

8    each of the new classes has, or must have) is strict.  Indeed, it is more stringent than that

9    for the relation back of new claims between existing parties or against new defendants.

10   *See, e.g.*, *Young v. LePone*, 305 F.3d 1, 14 (1st Cir. 2002); *see also* Edward Sherman,

11   Moore's Federal Practice: Civil § 15.19[3][a].  This is because the relation back doctrine is

12   not an open invitation for every plaintiff whose claims would be time-barred to join an

13   earlier filed action.  *Young*, 305 F.3d at 17.  In the Ninth Circuit, an amendment adding a

14   party plaintiff does not relate back to the date of the original pleading unless each of the

---

[5]   This is true even accepting the Court's holding (at pages 22-23 of the Motion to Dismiss Order) that Plaintiffs have adequately alleged tolling for fraudulent concealment.  Plaintiffs must still prove that any alleged fraudulent concealment continued into the relevant statute of limitations period for each claim.  The Montana antitrust claim is subject to a two-year statute of limitations.  *Osterman v. Sears, Roebuck & Co.*, 318 Mont. 342, 349 (2003).  It is therefore time-barred because Plaintiffs have to prove a lack of actual or constructive notice of their claims until May 10, 2008, well after the November 2007 filing of the first complaints in this MDL.  The District of Columbia and Arkansas unjust enrichment claims have a three year statute of limitations; so they will be time-barred unless Plaintiffs can prove a lack of actual or constructive notice of their claims until May 10, 2007.  D.C. Code § 12-301; *Roach Mfg Corp. v. Northstar Indus.*, 630 F.Supp.2d 1004, 1007 (E.D. Ark. 2009).  The Illinois and District of Columbia antitrust claims have a four year statute of limitations; so they will be time-barred unless Plaintiffs can prove a lack of actual or constructive notice of their claims until May 10, 2006.  740 Ill. Comp. Stat. Ann. 10/7; D.C. Code § 28-4511.  The Arkansas consumer protection claim and the Illinois and Montana unjust enrichment claims have a five year statute of limitations; thus they will be time-barred unless Plaintiffs can prove a lack of actual or constructive notice of their claims until May 10, 2005.  Ark. Code Ann. § 4-88-115; *Frederickson v. Blumenthal*, 271 Ill.App.3d 738, 742 (1995); Mont. Code Ann. §27-2-231.  Finally, the Maine antitrust and unjust enrichment claims have a six year statute of limitation and will be time barred unless Plaintiffs can prove a lack of actual or constructive notice of their claims until May 10, 2004.  Me. Rev. Stat. Ann. tit. 14, § 752; *Estate of Miller*, 960 A.2d 1140, 1147 (Me. 2008).

---

-16-

W02-WEST:FMI\402700216.5
MDL No. 1917

DEFENDANTS' JOINT NOTICE OF MOTION & MOTION TO DISMISS INDIRECT
PURCHASER PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT

LM 0063

1   following three conditions are met:  "1) the original complaint gave the defendant adequate

2   notice of the claims of the newly proposed plaintiff, 2) the relation back does not unfairly

3   prejudice the defendant, and 3) there is an identity of interests between the original and

4   newly proposed plaintiff." *Rosenbaum v. Syntex Corp.*, 95 F.3d 922, 935 (9th Cir. 1996).

5   Each of these elements is interpreted and applied in light of the policy of repose reflected

6   in the statute of limitations.

7              Because the Arkansas, Illinois, Maine, Montana and District of Columbia

8   class allegations are new to the action, Defendants lacked adequate notice of potential class

9   claims under the laws of these states.  Under the relation back doctrine, the notice given by

10  the filing of a previous complaint by other plaintiffs is not itself adequate notice of coming

11  claims by later added plaintiffs. *Bessig v. Dolphin Boating & Swimming Club*, 683 F.2d

12  1271, 1278 (9th Cir. 1982).  This is true even where the later added plaintiffs allege the

13  same factual scenario as the original complaint.  *See Young*, 305 F.3d at 15-16 ("[W]e

14  repudiate the conceit that an action filed by one plaintiff gives a defendant notice of the

15  impending joinder of any or all similarly situated plaintiffs."); *Cliff v. Payco Gen. Am.*

16  *Credits, Inc*., 363 F.3d 1113, 1132 (11th Cir. 2004) ("Nothing prevented [plaintiff] from

17  seeking to represent consumers outside Florida from the moment he initiated this lawsuit"

18  and as a result defendant "had been placed on notice of only its obligation to defend itself

19  against claims of *Florida* consumers.") (emphasis in original).

20             Moreover, because these new state classes add class damages or restitution

21  claims for indirect purchasers in five additional states, relation back would unduly

22  prejudice the Defendants by increasing their liability exposure.  Prejudice frequently arises

23  from nothing more than the different identity of the newly added plaintiffs. *Bessig*, 683

24  F.2d at 1278.  This is particularly true where the addition of a new plaintiff increases the

25  defendants' liability exposure. *Young*, 305 F.3d at 17 (holding that claims by new

26  plaintiffs did not relate back to claims by old plaintiffs because the increase in the

27  defendant's potential liability would lead to manifest prejudice).  Any such increase in

28  exposure should be subject to the time limits imposed by the applicable statutes of

-17-

LM 0064

1   limitations so as to protect the repose created by those statutes.

2         Finally, the new state classes cannot establish a sufficient identify of interest

3   with the old state classes.  The new state classes' purchases of the same types of products

4   purchased by existing classes is not enough.  *Syntex*, 95 F.3d at 935 (holding that the fact

5   that both old and new plaintiffs bought stock in reliance on defendant was not enough to

6   constitute identity of interests); *see also In re Mercury Interactive Corp. Sec. Litig*., 2007

7   U.S. Dist. LEXIS 59171, at *18 (N.D. Cal. July 30, 2007) (holding that there is no identity

8   of interests for different classes of stockholders even though they were both stockholders);

9   *Young*, 305 F.3d at 15 (holding that stockholders in a publicly traded corporation who were

10   not related to each other except for their status as stockholders do not share an identity of

11   interests).

12                             **IV.**

13                **<u>CONCLUSION</u>**

14         For the foregoing reasons, the following new, renewed and amended claims

15   in the SCAC should be dismissed:

16         (1) Plaintiffs' antitrust claims under the laws of Illinois, Maine and Montana;

17         (2) Plaintiffs' consumer protection claims under the laws of Arkansas and

18   Massachusetts; and

19         (3) Plaintiffs' unjust enrichment claims under the laws of Arkansas, Hawaii,

20   Illinois, Maine, Massachusetts, Minnesota, Mississippi, Montana, Nebraska, Nevada, New

21   York, North Carolina, Tennessee, Vermont, West Virginia and Wisconsin.

22         Furthermore, the Court should find that Plaintiffs' claims on behalf of new

23   classes for Arkansas, Illinois, Maine, Montana and District of Columbia indirect

24   purchasers do not relate back to prior complaints, and thus the applicable statutes of

25   limitations for claims asserted by these new classes run backwards from May 10, 2010, the

26   filing date of the SCAC.

27

28

DEFENDANTS' JOINT NOTICE OF MOTION & MOTION TO DISMISS INDIRECT
PURCHASER PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT

LM 0065

1   Dated:  June 25, 2010

By:   /s/ Michael W. Scarborough
GARY L. HALLING (66087)
Email: ghalling@sheppardmullin.com
JAMES L. MCGINNIS (95788)
Email: jmcginnis@sheppardmullin.com
MICHAEL SCARBOROUGH (203524)
Email: mscarborough@sheppardmullin.com
**SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP**
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: (415)-434-9100
Facsimile: (415)-434-3947

*Attorneys for Defendants Samsung SDI
America, Inc., Samsung SDI Co., Ltd.,
Samsung SDI (Malaysia) Sdn. Bhd., Samsung
SDI Mexico S.A. de C.V., Samsung SDI Brasil
Ltda., Shenzhen Samsung SDI Co. Ltd. and
Tianjin Samsung SDI Co., Ltd.*

By:   /s/ David L. Yohai
STEVEN A. REISS (*pro hac vice*)
Email: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
Email: david.yohai@weil.com
DAVID E. YOLKUT (*pro hac vice*)
Email: david.yolkut@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

GREGORY D. HULL (57367)
Email: greg.hull@weil.com
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

By:   /s/ Jeffrey L. Kessler
JEFFREY L. KESSLER (*pro hac vice*)
Email: jkessler@dl.com
A. PAUL VICTOR (*pro hac vice*)
Email: pvictor@dl.com
EVA W. COLE (*pro hac vice*)
Email: ecole@dl.com
**DEWEY & LEBOEUF LLP**
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-7013

-19-

W02-WEST:FMI\402700216.5
MDL No. 1917

DEFENDANTS' JOINT NOTICE OF MOTION & MOTION TO DISMISS INDIRECT
PURCHASER PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT

LM 0066

1

2                                 ***Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd. and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)***

3

4

5                                 By:   */s/ Ian Simmons*

                                 IAN SIMMONS (*pro hac vice*)

6                                 BEN BRADSHAW (SBN 189925)

                                 Email: isimmons@omm.com

7                                 **O'MELVENY & MYERS LLP**

                                 1625 Eye Street, NW

8                                 Washington, DC 20006

                                 Telephone: (202) 383-5300

9                                 Faacsimile: (202) 383-5414

10                              ***Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.***

11

12

13                              By:   */s/ Ronald C. Redcay*

                                 RONALD C. REDCAY (SBN 67236)

14                               Email: ronald.redcay@aporter.com

                                 **ARNOLD & PORTER LLP**

15                               777 South Figueroa Street, Forty-Fourth Floor

                                 Los Angeles, California  90017-5844

16                               Telephone:  213.243.4000

                                 Facsimile:  213.243.4199

17                               SAMUEL R. MILLER (SBN 66871)

18                               Email: srmiller@sidley.com

                                 MARIE L. FIALA (SBN 79676)

19                               Email: mfiala@sidley.com

                                 RYAN M. SANDROCK (SBN 251781)

20                               Email: rsandrock@sidley.com

                                 ROBERT B. MARTIN, III (SBN 235489)

21                               Email: rbmartin@sidley.com

                                 **SIDLEY AUSTIN LLP**

22                               555 California Street, 20th Floor

                                 San Francisco, California  94104

23                               Telephone:   (415) 772-1200

                                 Facsimile:   (415) 772-7400

24                              ***Attorneys for Defendants LG Electronics, Inc., LG Electronics USA, Inc. and LG Electronics Taiwan Taipei Co., Ltd.***

25

26

27

28

W02-WEST:FMI\402700216.5

MDL No. 1917

DEFENDANTS' JOINT NOTICE OF MOTION & MOTION TO DISMISS INDIRECT PURCHASER PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT

LM 0067

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:   */s/ Ethan E. Litwin*
ETHAN E. LITWIN(*pro hac vice*)
Email: LitwinE@howrey.com
**HOWREY LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 896-6500
Facsimile: (212) 896-6501

*Attorneys for Defendant Philips Electronics*
*North America Corporation, Koninklijke*
*Philips Electronics N.V., Philips Electronics*
*Industries (Taiwan ), Ltd. and Philips da*
*Amazonia Industria Electronica Ltda.*

By:   */s/ Bruce H. Jackson*
BRUCE H. JACKSON (98118)
Email: bruce.h.jackson@bakernet.com)
ROBERT W. TARUN (64881)
Email: robert.w.tarun@bakernet.com
**BAKER & MCKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA  94111-3802
Telephone: (415) 576-3000
Facsimile: (415) 576-3099

PATRICK J. AHERN (*pro hac vice*)
Email: patrick.j.ahern@bakernet.com
ROXANE C. BUSEY (*pro hac vice*)
Email: roxane.c.busey@bakernet.com
KAREN SEWELL (*pro hac vice*)
Email: karen.sewell@bakernet.com
**BAKER & MCKENZIE LLP**
130 E. Randolph Dr., Suite 3500
Chicago, IL 60601
Telephone: (312) 861-8000

*Attorneys for Tatung Company of America, Inc.*

By:   */s/ Kent M. Roger*
KENT M. ROGER (95987)
Email: kroger@morganlewis.com
MICHELLE PARK CHIU (248421)
Email: mchiu@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

*Attorneys for Defendants Hitachi, Ltd., Hitachi*
*Asia, Ltd., Hitachi America, Ltd., Hitachi*
*Electronic Devices (USA), Inc. and Hitachi*
*Displays, Ltd.*

-21-

W02-WEST:FMI\402700216.5

MDL No. 1917

DEFENDANTS' JOINT NOTICE OF MOTION & MOTION TO DISMISS INDIRECT
PURCHASER PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT

LM 0068

1

2  By:   /s/ Terry Calvani
   TERRY CALVANI (53260)
3  Email: terry.calvani@freshfields.com
   BRUCE C. MCCULLOCH (*pro hac vice*)
4  Email: bruce.mcculloch@freshfields.com
   **FRESHFIELDS BRUCKHAUS DERINGER**
   **US LLP**
5  701 Pennsylvania Avenue, N.W., Suite 600
   Washington, DC 20004
6  Telephone: (202) 777-4500
   Facsimile: (202) 777-4555
7
8  ***Attorneys for Defendant Beijing Matsushita***
   ***Color CRT Company, Ltd.***
9

10 By:   /s/ Lucius B. Lau
   CHRISTOPHER M. CURRAN (*pro hac vice*)
11 Email:  ccurran@whitecase.com
   GEORGE L. PAUL (*pro hac vice*)
12 Email:  gpaul@whitecase.com
   LUCIUS B. LAU (*pro hac vice*)
13 Email:  alau@whitecase.com
   **WHITE & CASE LLP**
14 701 Thirteenth Street, N.W.
   Washington, DC  20005
15 Telephone: (202) 626-3600
   Facsimile: (202) 639-9355
16
17 ***Attorneys for Defendants Toshiba Corporation,***
   ***Toshiba America Electronic Components, Inc.,***
   ***Toshiba America Information Systems, Inc.,***
18 ***Toshiba America, Inc. and Toshiba America***
   ***Consumer Products, L.L.C.***
19

20         Pursuant to General Order No. 45, § X-B, the filer attests that concurrence in

21 the filing of this document has been obtained from each of the above signatories.

22

23

24

25

26

27

28

-22-

DEFENDANTS' JOINT NOTICE OF MOTION & MOTION TO DISMISS INDIRECT
PURCHASER PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT

LM 0069