# Dewey & LeBoeuf

Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, NY 10019-6092

tel   +1 212 259 8050
fax  +1 212 259 7013
jkessler@dl.com

July 15, 2010

Hon. Charles A. Legge
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

RE:   *In re Cathode Ray Tube (CRT) Litigation*, No. 07-5944 SC, MDL No. 1917

Dear Judge Legge:

      Pursuant to the Court's Report Regarding Case Management Conference, dated June 3, 2010 (the "Report"), we write on behalf of defendants to provide Your Honor with the status of the meet and confer process regarding (i) the four substantive issues that have arisen in discovery as identified in the Report – the time period for relevant discovery, application of the statute of limitations, the fraudulent concealment exception to those statutes, and the production of information regarding finished CRT products – and (ii) class procedures.

      First, with respect to the four substantive issues identified by Your Honor, each individual defendant has been conducting meet and confers with both direct and indirect plaintiffs regarding each defendant's respective burden and production issues relating to the applicable time period for discovery and defendants' production of information regarding finished CRT products.[1] Because these individual meet and confers are ongoing and defendants expect that at least some compromises can be reached, it is defendants' position that the above issues are not yet ripe for intervention by the Court.

      However, the issue of plaintiffs' production of information regarding finished CRT products *is* ripe for a determination by the Court as to whether plaintiffs should be required to properly answer interrogatories and document requests served by defendants over three months ago on March 8, 2010, requesting, among other things, the factual basis for plaintiffs' allegations of a conspiracy directed at finished CRT products ("Defendants' Finished CRT Products Discovery Requests").[2] To date,

---

[1] The following defendants have pending Rule 12(b)(2) motions to dismiss the complaints for lack of personal jurisdiction and, thus, did not participate in the meet and confers: Philips Electronics Industries (Taiwan) and Philips da Amazonia Industria Electronica Ltda.

[2] Specifically, the following requests served on direct purchaser plaintiffs are at issue: LGE's First Set of Requests for Production, LGE's First Set of Interrogatories, First Set of Interrogatories of Defendant

plaintiffs have refused to answer Defendants' Finished CRT Products Discovery Requests on the basis that it is "premature" for plaintiffs to reveal their current factual basis for the allegations in the complaints that defendants engaged in a conspiracy directed at finished CRT products. Most recently, in a letter dated July 14, 2010, plaintiffs objected to providing such information on the purported ground that they "have not had an opportunity to conduct meaningful discovery, and, therefore, any response would be tentative and incomplete and would have to be redone, at great further effort later." However, consistent with Rule 11 of the Federal Rules of Civil Procedure, plaintiffs must have had some factual basis for the allegations in the complaints even before they were filed and, thus, an objection to Defendants' Finished CRT Products Discovery Requests on the ground that "discovery has just begun" makes no sense. According to their July 14 letter, Plaintiffs further refuse to answer Defendants' Finished CRT Products Discovery Requests purportedly because "defendants have much greater access to evidence concerning their own behavior." To the contrary, defendants have no idea what information plaintiffs purportedly relied upon in fashioning the complaints.

Moreover, until plaintiffs reveal their factual basis, if any, for the complaint allegations regarding a conspiracy directed at finished CRT products, it is not possible to determine the information *defendants* must search for, review, and produce as regards televisions and computer monitors. Nor should defendants be made to go on a worldwide fishing expedition for so-called conspiratorial evidence in the CRT-TV or CRT monitor industries if plaintiffs had no good faith basis for alleging a plausible conspiracy directed at such products at the time they filed the complaints. Thus, to move discovery along in the most efficient and fair manner, defendants request that this issue be presented to the Court according to the motion procedures set forth in the Report.

Aside from Defendants' Finished CRT Products Discovery Requests, defendants are also concerned about discovery responses given by both direct and indirect purchaser plaintiffs on July 7, 2010. Specifically, indirect plaintiffs refused to provide information concerning the prices they paid for the products they allegedly purchased, and direct purchaser plaintiffs refused to provide information concerning their downstream sales of CRTs, notwithstanding the fact that such information is critical to class certification. Further, indirect plaintiffs responded to several interrogatories by referring defendants to all "documents produced to the Department of Justice in connection with the investigation of the Cathode Ray Tube industry, which were served on all parties by certain Defendants March 8, 2010." Similarly, direct purchaser plaintiffs answered interrogatories by stating only that the answer "can be derived from Plaintiff's production of documents." These types of responses are improper under Federal Rule 33(d) as plaintiffs failed to specify which specific productions (among many) contain responsive information, let alone provide bates numbers for a single responsive document. *See* Fed. R. Civ. P. 33(d). Because the meet and confer process on this specific issue has yet to begin, we

---

MT Picture Display Co., Ltd., First Set of Document Requests of Defendant MT Picture Display Co., Ltd., Defendant Hitachi Displays, Ltd.'s First Set of Document Requests, and Defendant Hitachi Displays, Ltd.'s First Set of Interrogatories. And, the following requests served on indirect purchaser plaintiffs are at issue: Samsung SDI America, Inc.'s First Set of Interrogatories, Samsung SDI America, Inc.'s First Set of Requests for Production of Documents, First Set of Interrogatories of Samsung Electronics America, Inc., First Set of Document Requests of Samsung Electronics America, Inc., Hitachi Displays, Ltd.'s First Set of Document Requests, and Hitachi Displays, Ltd.'s First Set of Requests for Interrogatories.

are not asking for Court action at this time, but defendants wanted to inform the Court of these possible issues that may need to be resolved later in the case.

      Finally, with respect to class procedures, defendants and plaintiffs have agreed to defer scheduling class certification briefing until a further date. It is defendants' initial view that the schedule for class certification should not be set until the DOJ decides whether to seek a further stay of depositions and, if it does, until the Court decides whether to grant such a stay. This is most efficient as numerous depositions will likely be required before any class motions could be formulated and considered by the Court.

                                        Respectfully submitted,

                                        s/ Jeffrey L. Kessler
                                        Jeffrey L. Kessler

cc:     All Counsel via ECF