**SAVERI & SAVERI, INC.**
706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

*Trump Alioto Trump & Prescott*
ATTORNEYS LLP
2280 Union Street
San Francisco, California 94123
(415) 563-7200
FAX (415) 346-0679

July 15, 2010

Honorable Charles A. Legge
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

    Re:   *In Re: Cathode Ray Tube (CRT) Antitrust Litigation,* MDL 1917

Your Honor:

Direct Purchaser Plaintiffs ("DPPs") and Indirect Purchaser Plaintiffs ("IPPs") (collectively "Plaintiffs") respectfully submit this report regarding the status of discovery pursuant to your report dated May 20, 2010, and entered as an order of the Court on June 3, 2010 (the "Order").

    **I.**    **Discovery Issues**

As directed by the Court (Order, p. 4:12-17), the parties have met and conferred regarding three general issues that Defendants have raised and that affect most, if not all, of Plaintiffs' specific discovery requests to them. While the meet and confer process is not quite complete, it is plain that at least some Defendants will stand on their objections as stated in their discovery responses, and, therefore, that motion practice will be required. For this reason, Plaintiffs request that the Court set a briefing schedule so that these issues may be heard at the August 24, 2010 case management conference, or such other date as may be appropriate.

The three issues are as follows:

    1.  <u>Time Period</u>:

Defendants contend that discovery, including discovery related to issues of fraudulent concealment, should be limited to the four year period preceding the filing of the first complaint in this action.

    2.  <u>CRT Products</u>:

Defendants contend that discovery should be limited to issues related to CRTs only; they have generally objected to responding to any discovery related to finished products containing CRTs – *i.e.,* CRT Products.

Hon. Charles Legge
July 15, 2010
Page 2

    3. "Foreign" conduct:

Defendants contend that discovery should not be allowed as to matters which they contend do not relate to United States commerce.

The principal basis for each of these objections is undue burden. Defendants have also asserted that Plaintiffs should be required to make an affirmative threshold showing of facts supporting their theories in the case before being allowed any discovery.

Plaintiffs' position is that each of these objections lacks merit. Plaintiffs' complaints have been held, after a lengthy and thorough proceeding (to say the least), to allege a "plausible" conspiracy with respect to both CRTs and CRT Products, which was directed at the United States beginning in 1995. Defendants specifically attacked Plaintiffs' allegations as to these issues, and their arguments were rejected by the Special Master and the Court. Accordingly, Plaintiffs are entitled to discovery "reasonably calculated to lead to the discovery of admissible evidence" pursuant to Fed. R. Civ. P. 26. There is no basis in the Federal Rules or the case law to require any further showing by Plaintiffs as a prerequisite to discovery.

Moreover, Defendants' position appears calculated to deny Plaintiffs discovery into the most important issues in the case. For example, their position on the relevant time period would allow Plaintiffs no discovery with respect to Defendants' acts of fraudulent concealment or the creation and operation of the conspiracy before 2003, despite the facts that (a) the statute of limitations issue cannot be resolved without discovery into acts of concealment prior to 2003, and (b) that, even if the limitations issue is resolved against Plaintiffs, discovery of the operation and creation of the conspiracy prior to 2003 will still be unquestionably relevant to Plaintiffs' case. The bottom line is that Defendants' position would allow them to avoid any discovery related to the hundreds of conspiratorial meetings alleged in the complaint, documented by the Chunghwa minutes already produced, meetings that Defendants do not meaningfully deny attending. Indeed, Defendants refuse discovery even as to the meetings occurring within the four years preceding the initial complaint in this matter based on their "foreign" conduct objection. In other words, Defendants contend that, in their sole judgment, none of the meetings alleged in the complaint related to the United States, and, therefore, they need not search for or produce information and documents relating to them.

Needless to say, Plaintiffs believe that Defendants' objections lack merit and that such a "stonewalling" approach to discovery is inappropriate. Essentially, Defendants' position assumes that each of these critical issues have been resolved in their favor, notwithstanding the Court's rulings on the motions to dismiss. Despite this obstructionist approach, Plaintiffs have offered to limit, in the first instance, each Defendant's discovery obligations – thereby substantially reducing their burden – to a manageable group of custodians. Plaintiffs propose to work with each Defendant to identify those individuals likely to have knowledge of the conspiracy. This group would include those identified in the Chunghwa meeting minutes who attended the meetings, as well as those with whom they communicated before or after the meetings, their superiors, and others with knowledge of the meetings, as well as executives with authority over sales and pricing. With regard to electronically stored documents, Plaintiffs are willing to discuss the use of search terms.

Hon. Charles Legge
July 15, 2010
Page 3

      As for transactional data, Plaintiffs have offered to work with Defendants to minimize the burden of gathering this data to the extent it is not available in electronic or summary form.  In this regard, however, Plaintiffs have asked Defendants to provide specific explanations of Defendants' burdens, as well as the manner in which this data is, or has been, maintained.

      Plaintiffs have met and conferred individually with each Defendant on these issues and explained their position.  Some Defendants have expressed a willingness to work with Plaintiffs to identify custodians and proceed according to Plaintiffs' proposal.  Others have agreed to consider doing so. Still others have indicated an intention to stand on their objections.  Plaintiffs have followed each meeting with a letter outlining Plaintiffs' proposals and the legal basis therefore.  An example of one letter – to the Panasonic Defendants dated July 7, 2010 – is attached.

      Plaintiffs have not received responses to their proposals from all defendants who have indicated a willingness to consider Plaintiffs' proposal, but expect to receive them over the next week or so, Plaintiffs propose to bring a motion to compel with regard to these issues with respect to those Defendants who refuse their proposal, as well as those who have already indicated an intention to stand on their objections.  Pursuant to the Order, Plaintiffs request that Your Honor advise us how you would like us to proceed so that Plaintiffs may be heard on these issues at the August 24, 2010 CMC, or other appropriate date.

      Plaintiffs have also met and conferred with Defendants regarding Plaintiffs' objections to contention discovery served by Defendants.  A copy of Plaintiffs' July 14, 2010 letter to Defendants is also enclosed.

## II.    ESI Protocol

      Order (p. 4:6-7), on May 24, 2010, Plaintiffs submitted to Defendants a proposed protocol for the handling of e-discovery.  Since then, the parties have conducted a substantial meet and confer process, including a lengthy in-person meeting.  While the parties have made some progress, substantial issues remain. In particular, Defendants have been unwilling to discuss issues related to discovery they contend is precluded by the objections discussed above.  If the parties reach an impasse, Plaintiffs will ask that this matter be considered by Your Honor at the August 24, 2010 CMC.

## III.    August 24, 2010 Case Management Conference

      A case management conference is tentatively set for August 24, 2010 (Order, p. 4:21-24).  As noted above, Plaintiffs request that the conference go ahead as scheduled.  Plaintiffs anticipate working with Defendants to forward an agenda by August 6, 2010 per the Order.

Hon. Charles Legge
July 15, 2010
Page 4

### IV. Class Certification Schedule

As directed by the Court (Order, p.4:18-20), the parties have met and conferred regarding a schedule for class certification proceedings in this action. The parties agree that it is premature to set a schedule now, and agree to meet and confer again on the subject.

                Yours sincerely,

                /s/ *Guido Saveri*_____
                Guido Saveri
                Interim Lead Counsel for the
                Direct Purchaser Plaintiffs

                /s/ *Mario Alioto*_____
                Mario Alioto
                Interim Lead Counsel for the
                Indirect Purchaser Plaintiffs

cc: All Counsel via ECF
crt.292