| | |
|---|---|
| **SAVERI & SAVERI, INC.**<br>706 SANSOME STREET<br>SAN FRANCISCO, CALIFORNIA 94111<br>TELEPHONE: (415) 217-6810<br>TELECOPIER: (415) 217-6813 | *Trump Alioto Trump & Prescott*<br>ATTORNEYS LLP<br>2280 Union Street<br>San Francisco, California 94123<br>(415) 563-7200<br>FAX (415) 346-0679 |

July 14, 2010

**VIA ELECTRONIC MAIL**

Jeffrey L. Kessler
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019

Re:   *In Re: Cathode Ray Tubes (CRT) Antitrust Litigation,* **MDL 1917**

Dear Mr. Kessler:

  This will respond to your letter of June 24, 2010 regarding Direct Purchaser Plaintiffs' and Indirect Purchaser Plaintiffs' ("Plaintiffs") responses to defendants' various contention interrogatories and associated document requests to which Plaintiffs have already responded.  On March 8, 2010, five defendants – LGE, MT Picture Display Co., Ltd., Samsung Electronics America, Inc., Samsung SDI America, Inc. and Hitachi Displays, Ltd. – served six sets of interrogatories and six sets of document requests on Plaintiffs.  Plaintiffs objected to these requests on the ground that they constitute premature contention discovery.  With slight variations, these discovery requests purport to require Plaintiffs to "state with specificity the factual basis" and identify all documents and witnesses which support Plaintiffs' conspiracy allegations herein, both as to CRTs and CRT Products.  Some demand separate responses for each named defendant.  All would require responses from each of the thirteen direct purchaser plaintiffs and thirty two indirect purchaser plaintiffs.  Defendants' second round of discovery – thirteen sets of discovery served by 5 defendants – contains many more such contention requests going to various of Plaintiffs' other allegations.

  At our June 9 meet and confer, the Panasonic Defendants – on behalf of all defendants – you raised purported deficiencies in Plaintiffs' responses to their contention discovery.  As we discussed, Plaintiffs assert that these discovery requests are premature.  *See* Fed. R. Civ. P. 33(a)(2) ("[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to a fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete…").  *See In re Convergent Tech. Secs. Litig.*, 108 F.R.D. 328, 337 (N.D. Cal. 1985) ("*Convergent Tech.*") ("[i]f a complaint presents a relatively detailed specification of the real world events giving rise to it, and proceeds on relatively well established legal theories, an attempt to justify early use of contention interrogatories…would not be especially persuasive."); *Kim v. City of Santa Clara*, No. C

09-0025 RS, 2009 WL 4021389 at *2 (N.D. Cal. Nov. 19, 2009) ("[a]dditionally, although Kim has not expressly interposed a timing objection, it would be premature to require more from her at this juncture. Assuming, without deciding, that as discovery closes, defendants could support a claimed need to obtain a more detailed recitation of the facts from Kim, there is no point in forcing her to go through such an analysis until discovery regarding the incident is complete or nearly so"); *In re Wells Fargo Residential Mortgage Lending Discrimination Litig.*, No. C 09-1930 MMC (JL), 2009 WL 1771368 at *7 (N.D. Cal. June 19, 2009) ("[n]either Fed.R.Civ.P. 33(a)(2) nor applicable case law requires Plaintiffs to answer the contention interrogatories until Wells Fargo has produced the information necessary for them to do so"); *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JJF, 2008 WL 5212170 at *1 (N.D. Cal. Dec. 11, 2008) ("*eBay*") ("[c]ourts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken. . . . In fact, courts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery almost is complete."). *See also City & County of San Francisco v. Tutor- Saliba Corp.*, 218 F.R.D. 219, 222 (N.D. Cal. 2003) ("[t]he Plaintiffs need not engage at this stage in the level of detail sought by Defendants who seek *e.g.* a breakdown for each alleged act of fraud, statutory violation, etc. Defendants seek, in effect, responses similar to broad contention interrogatories which in most circumstances are premature at this early stage of litigation"); *Gen Probe, Inc. v. Beckton & Dickinson Co.,* No. 09cv2319 BEN (NLS), 2010 WL 2011556 at *1 (S.D. Cal. May 19, 2010) ("[s]everal courts have found contention interrogatories served toward the beginning of a litigation to "be of questionable value to the goal of efficiently advancing the litigation").

At this time contention discovery is inappropriate. It will require an enormous amount of work, and, to do so now would be extraordinarily unproductive. Among other things, Plaintiffs have not had an opportunity to conduct meaningful discovery, and, therefore, any response would be tentative and incomplete and would have to be redone, at great further effort later. *See eBay,* 2008 WL 5212170 at *1 ("Indeed, if [the plaintiff] were to respond now, his answers likely would be materially incomplete as soon as eBay begins its document production."). This is especially so in a case such as this one where Defendants have much greater access to evidence concerning their own behavior. *Convergent Tech.*, 108 F.R.D. at 337-38 ("in cases where defendants presumably have access to most of the evidence about their own behavior, it is not at all clear that forcing plaintiffs to answer these kinds of questions, early in the pretrial period, is sufficiently likely to be productive to justify the burden that responding can entail.").

Furthermore, Defendants have not provided sufficient reasoning to justify the Plaintiffs' burden in responding to contention discovery at this early stage of the case. *Id.* at 339 ("[a] party seeking early answers to contention interrogatories cannot meet its justification by vague or speculative statements about what might happen if the interrogatories were answered. Rather, the propounding party must present specific, plausible grounds for believing that securing early answers to contention questions will materially advance the goals of the Federal Rules of Civil Procedure.")

Jeffrey Kessler
July 14, 2010
Page 3

      Plaintiffs reiterate their view, also expressed at our June 9 meet and confer, that the foregoing authority supports their position. These cases establish that the overriding question that proponents of contention interrogatories early in a case is: "To what end?" How will requiring early and necessarily burdensome and incomplete responses to contention discovery in a particular case substantially advance the case? The cases you cited in your letter of July 24 do not support a contrary view. Most arise outside of the Northern District of California. All involve substantially different factual situations or stand merely for the proposition that in some cases early contention-type discovery *may* be appropriate -- *i.e.,* where it will materially advance the case.

      *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.,* 175 F.R.D. 646 (C.D. Ca.. 1997) was a breach of contract case. Although the opinion does not specify the precise subject matters of the interrogatories at issue, it appears – consistently with a breach of contract action based on a long course of dealing – they dealt primarily with matters within the knowledge of the plaintiff. *See id.* at 651 n.3, 648-50. *Roberts v. Heim,* 130 F.R.D. 424 (N.D. Cal. 1989) does not disclose the state of discovery at the time the contention interrogatories were served, although the opinion was issued after plaintiffs had flouted a prior order requiring discovery. *Id*. at 426. It also involved narrow issues which appeared to have been within the knowledge of the plaintiffs, and which the court held could be answered without undue burden. *Id.* at 427. The opinion in *Boyd v. Tornier, Inc.*, No. 07-751 MJR, 2008 WL 2691727 (S.D. Ill. June 30, 2008) is cursory and does not disclose the nature of the case or the issues to which the discovery related. It contains no meaningful discussion of the contention interrogatories at issue and holds primarily that the plaintiff waived its objections. *Id.* at *1. *Dot Com Entertainment Group, Inc. v. The Cyberbingo Corp.,* 237 F.R.D. 434 (W.D.N.Y. 2006), was a patent case and involved, after apparently approximately 18 months of litigation, a contention interrogatory going to the basis for the defendant's assertion that the plaintiff's patent was invalid based on prior art and obviousness. The court acknowledged, in addition, that except for those going to these specific issues, contention interrogatories are often delayed in patent cases. *Id.* at 44.

      *Lucero v. Valdez,* 240 F.R.D. 591 (D.N.M. 2007) did not involve premature contention interrogatories. To the contrary, the court there stated that because "discovery should be substantially completed on those issues by now, Defendants' contention interrogatories that seek to clarify the basis for and scope of Lucero's claims are appropriate at this time." *Id*. at 594. *Continental Illinois National Bank & Trust Company of Chicago v. Caton,* 136 F.R.D. 682 (D. Kan. 1991) also involved discovery served late in a case after substantial discovery, and did not involve an objection that contention interrogatories were premature. *Id.* at 683*; see also id.* at 685-86 (referring to depositions and documents). Similarly, *Refac v. Hitachi, Ltd. et al.,* 921 F. 2d 1247 (Fed. Cir. 1990) did not involve an objection to a premature contention interrogatory. Rather, it involved an apparently frivolous patent action which the trial court dismissed as a result of plaintiff's violations of discovery orders. *See id.* at 1254-55.

Jeffrey Kessler
July 14, 2010
Page 4

The opinion in *Johnson v. Kraft Foods North America, Inc.,* 236 F.R.D. 535 (D. Kan. 2006), which was an employment discrimination case, does not disclose the stage of the litigation at which the discovery at issue was served, and involved facts related to the plaintiff's own experience which were, therefore, peculiarly within his knowledge. *See e.g., id.* at 543-44 (interrogatory seeking information as to difference in treatment between plaintiff and similarly situated employees). *United States ex. rel. O'Connell v. Chapman University,* 245 F.R.D. 646 (C.D. Cal. 2007) was a *qui tam* action and involved matters within the personal knowledge of the plaintiff. *See id.* at 650.

In contrast to these cases, *Convergent Tech.* and *eBay* address the very question presented by Defendants' contention discovery; indeed, as here, *eBay* was an antitrust class action and involved contention discovery propounded at the outset going to the principal issues in the case.

To the extent you have even attempted to explain how answers to defendants' contention discovery will materially advance this case, you have relied on two vague propositions. You have insisted that: 1) Plaintiffs must answer this discovery as a threshold requirement for further discovery; and 2) Plaintiffs must answer this discovery to demonstrate that they have satisfied their obligations under Rule 11. Neither of these purported justifications is supportable.

With respect to the first point, as Plaintiffs have explained at length in our meet and confers with defendants generally, and in correspondence following those meetings, the imposition of such a threshold requirement is improper. Despite repeated requests, defendants have not been able to point to any authority requiring such "threshold" showings in any other case. Moreover, as you have acknowledged, the only means to "narrow the issues" herein is via summary judgment. It is elementary, however, that summary judgment proceedings must be preceded by full discovery. Indeed, the very paragraph of Judge Conti's order upon which defendants principally rely for their position that discovery herein must be limited in various ways (for example, to the statutory period or to CRTs but not CRT Products) acknowledges that summary judgment proceedings on these issues must occur "(a)fter discovery." "Order Approving and Adopting Special Master's Report, Recommendations and Tentative Rulings re Defendants' Motions to Dismiss," p. 23 n. 2. (March 30, 2010) (Dkt No. 665).

With respect to the second point, you have not explained how Rule 11 proceedings will move this case forward at all. After a very lengthy and thorough process (to say the least), the complaint as a whole, including specifically the very issues with which defendants seem most concerned, has been held to state a "plausible" conspiracy by both the Special Master and Judge Conti. You have provided no authority that such proceedings should occur in a case after motions to dismiss, much less take precedence over further proceedings, or even that any defendant intends to make such a motion.

Jeffrey Kessler
July 14, 2010
Page 5

   In light of the foregoing, Plaintiffs believe that their objections to defendants' contention discovery are well-taken. These requests are self evidently burdensome, duplicative and will not result in answers of any practical value because any answers will be out of date almost immediately.

          Yours sincerely,

          */s/ Geoffrey C. Rushing*
          Geoffrey C. Rushing
          Saveri & Saveri, Inc.
          Interim Lead Counsel for the Direct Purchaser Plaintiffs


          */s/ Mario N. Alioto*
          Mario N. Alioto
          Trump Alioto Trump & Prescott
          Interim Lead Counsel for the Indirect Purchaser Plaintiffs

Crt.291