# APPENDIX A

San Francisco

Please reply to:

May 7, 2010



**VIA FIRST CLASS U.S. MAIL**

Kent M. Roger
Diane L. Webb
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105

Re: *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, 3:07-cv-5944 SC
**Demand For Relief Pursuant to M.G.L. c. 93A**

Dear Counsel:

      We write to you as counsel of record for defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc. (collectively the "Hitachi Defendants").[1]

      This office represents Barbara Caldwell ("Claimant") in her claim against the Hitachi Defendants and other co-conspirators for violation of the Massachusetts Consumer Protection Statute, M.G.L. c. 93A §§ 2 and 9. Claimant makes this claim on behalf of herself and as the representative of a Massachusetts consumer class. The Claimant and other members of the putative class are indirect purchasers of CRT Products[2] manufactured by Hitachi Defendants and its co-conspirators.

      Demand is made, pursuant to M.G.L. c. 93A §§ 2 and 9, asking Hitachi Defendants cease their anticompetitive and unfair or deceptive acts or practices, which include participating in a combination and conspiracy with the purpose and effect of fixing prices, allocating market share, and committing other unlawful practices designed to artificially inflate the price of CRT Products sold indirectly to purchasers in Massachusetts. Demand is also made that Hitachi Defendants pay damages in the amount of actual or statutory damages to each indirect consumer who had a legally protected right violated and/or otherwise suffered a financial loss or invasion of a legally protected interest caused by Hitachi Defendants' and their co-conspirators' unlawful and/or wrongful conduct.

---

[1] "Hitachi Defendants" includes each of the Hitachi Defendants' predecessors, or successors, and all current or former subsidiaries, departments, divisions and/or affiliates including, but not limited to Shenzhen SEG Hitachi Color Display Devices, Ltd.

[2] The term "CRT Products" includes (a) CRTs; and (b) products containing CRTs, such as television sets and computer monitors.

2280 Union Street
San Francisco, CA 94123
(415) 563-7200
FAX (415) 346-0679

2201 Walnut Avenue, Ste. 200
Fremont, CA 94538
(510) 790-0900
FAX (510) 790-4856

"[T]he purpose of the demand letter is to facilitate the settlement and damage assessment aspects of c. 93A and as such the letter and notice therein is a procedural requirement the absence of which is a bar to suit." *Entrialgo v. Twin City Dodge, Inc.*, 368 Mass. 812, 813 (1975). "A demand letter listing the specific deceptive practices claimed is a prerequisite to suit and as a special element must be alleged and proven." *Id.* at 813. One of the functions that a demand letter serves "is to encourage negotiation and settlement by notifying prospective defendants of claims arising from allegedly unlawful conduct." *Slaney v. Westwood Auto, Inc.*, 366 Mass. 688, 704 (Quirico, 1975). You have been put on notice, and demand is made for you to make a reasonable offer of settlement.

### CLAIMANT'S ALLEGATIONS

Claimant alleges that the Hitachi Defendants and their co-conspirators individually and/or jointly engaged in unfair, deceptive acts or practices and/or unlawful conduct in violation of M.G.L. c. 93A by participating in an illegal contract, combination and conspiracy in the sale of CRT Products for the following purposes:

1. To create and carry out unreasonable restrictions on the free flow of trade and commerce in Massachusetts;
2. To increase the price of CRT Products in Massachusetts;
3. To allocate the volume of sales of CRT Products in Massachusetts;
4. To prevent or restrain competition in the sale of CRT Products in Massachusetts; and
5. To artificially fix, raise, and maintain the price of CRT Products in Massachusetts.

In furtherance of the conspiracy, the Hitachi Defendants participated in meetings and conversations on a periodic basis between March 1, 1995 and November 25, 2007 (the "Class Period") where agreements were reached to, *inter alia*:

1. Fix, raise, stabilize and maintain the prices for CRT Products, including establishing target prices, "bottom" prices, price ranges, and pricing guidelines;
2. Place agreed-upon price differentials on various attributes of CRT Products, such as quality or certain technical specifications;
3. Fix prices for intra-company CRT Product sales to vertically integrated customers;
4. Mislead customers about the reason for a price increase;
5. Coordinate with competitors that did not attend meetings and agree with them to abide by the agreed-upon pricing;
6. Coordinate pricing with CRT manufacturers in other geographic markets such as Brazil, Europe and India;
7. Exchange pertinent information regarding shipments, capacity, production, prices and customers' demands;

8. Coordinate uniform public statements regarding available capacity and supply;
9. Allocate both overall market shares and share of a particular customer's purchases;
10. Allocate customers;
11. Restrict output and audit compliance with such agreements; and
12. Keep such meetings secret.

Each of the foregoing actions, individually and jointly, is an unfair and deceptive act in violation of M.G.L. c. 93A:

As a result of the combination and conspiracy, Claimant and other Massachusetts buyers of CRT Products were affected as follows:

1. Competition in the sale of CRT Products was restrained, suppressed and/or eliminated;
2. Buyers of CRT Products were deprived of free and open competition in the purchase of such products;
3. Prices for CRT Products sold in Massachusetts were raised, fixed, and/or maintained at artificial and noncompetitive levels;
4. Claimant and Massachusetts consumers have been injured in that they paid more for CRT Products than they otherwise would have in the absence of Defendants' unlawful conduct; and
5. Claimant and Massachusetts consumers of CRT Products had a legally protected interest invaded through Hitachi Defendants' violations of M.G.L. c. 93A as described herein.

Hitachi Defendants and their co-conspirators have benefited from their illegal and anticompetitive acts in restraint of trade through the overpayment, by Claimant and other members of the putative class, for CRT Products. It would be inequitable for Hitachi Defendants to be permitted to retain any of the Claimant's or class members' overpayment for CRT Products as those overpayments are derived from Hitachi Defendants' illegal and inequitable conduct.

The activities of Hitachi Defendants and their co-conspirators, as described herein, were within the flow of, were intended to, and did have a substantial effect on commerce in Massachusetts.

**INJURY SUSTAINED BY CLAIMANT**

The unfair and deceptive acts alleged by Claimant were done willfully and knowingly in violation of M.G.L. c. 93A. Claimant and individual members of the class have the right under the law to be charged fair market value determined by open competition in the marketplace. Hitachi Defendants and their co-conspirators also violated Massachusetts consumers' legally protected interests under M.G.L. c. 93A to not be subject to unfair and deceptive acts and practices.

As a result, Claimant and members of the class have been injured. During the Class Period, they paid more for CRT Products than they otherwise would

have in the absence of Hitachi Defendants' unlawful contract, combination and conspiracy and have had their legally protected interests invaded.

As a result of such unfair and deceptive acts and practices, Claimant and members of the class suffered harm related to and including, but not limited to:

1. Paying more than the fair market price for CRT Products;
2. Being deprived the benefits of free and open competition on the merits;
3. Suffering the loss of a legally protected interest as otherwise set forth in *Ciardi v. Hoffman-LaRoche, Ltd.*, 2000 WL 159320 (D. Mass. Feb. 7, 2000).

The injuries recited herein, while by no means exhaustive, are believed by Claimant to be an accurate and sufficient description so as to enable Hitachi Defendants to reasonably ascertain their exposure. *See Richards v. Arteva Specialties S.A.R.L.*, 66 Mass.App.Ct. 726 (2006). Indeed, it is unnecessary for a claimant's demand letter to state the nature of an injury that is already known to the defendant. *See York v. Sullivan*, 369 Mass. 157 (1975); *Brandt v. Olympic Const. Inc.*, 16 Mass.App.Ct. 913 (1983).

## **DAMAGES CLAIMED**

During the time encompassed by the unfair and deceptive acts alleged, Hitachi Defendants produced, promoted, sold, marketed, and/or distributed CRT Products to businesses and consumers throughout Massachusetts. Those businesses sold and shipped substantial quantities of CRT Products to consumers and businesses in Massachusetts and elsewhere.

The exact information needed to calculate specific damages is in Hitachi Defendants' exclusive possession and control. Demand is made for same and for a reasonable offer of settlement.

M.G.L. c. 93A § 9(3) sets out the mandatory statutory damages "if the court finds for the petitioner, recovery shall be in the amount of actual damages or twenty-five dollars, whichever is greater; or up to three but not less than two times such amount if the court finds that the use or employment of the act or practice was a willful or knowing violation of said section two or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated said section two." Further, "under circumstances where there has been an invasion of a legally protected interest, but no harm for which actual damages can be awarded, we conclude that the statute provides for the recovery of minimum damages in the amount of $25.00." *Leardi v. Brown*, 394 Mass. 151, 474 N.E.2d 1094 (1985).

Claimant and the individual members of the class are each entitled to recover actual damages or nominal damages of $25, permanent injunctive relief, reimbursable attorneys' fees and costs of this suit. Claimant requests damages in the amount passed on to them due to your illegal, unfair and/or deceptive conduct or at the minimum $25.00 per violation.

4

## CONCLUSION

I have sent this demand letter to all relevant parties that I am aware of. If Hitachi Defendants are aware of another person or entity that should be copied on this demand letter, please advise me of the name, address and reason why. If Hitachi Defendants fail to provide me with such information based on a Fifth Amendment privilege, please state the same.

Demand is hereby made that Hitachi Defendants pay actual damages suffered by Claimant and the Massachusetts putative class including, but not limited to, statutory damages in the amount of $25.00 per transaction or, in the alternative, identify damages they deem just and reasonable and support the offer in fact.

Demand is further made that Hitachi Defendants (1) make a reasonable, class-wide tender of settlement within thirty (30) days of service of this letter; (2) agree to the certification of a Massachusetts settlement class; and (3) agree to the issuance of a permanent injunction providing that Hitachi Defendants, their co-conspirators, successors, transferees, assigns, parents, subsidiaries, affiliates, and the officers, directors, partners, agents and employees thereof, and all other persons acting or claiming to act on behalf of Hitachi Defendants, or in concert with them, cease and desist from, in any manner, directly or indirectly, continuing, maintaining or renewing the combinations, conspiracy, agreement, understanding or concert of action, or adopting or following any practice, plan, program or design having a similar purpose or effect in restraining competition.

If Hitachi Defendants fail to make a reasonable offer of settlement within thirty (30) days of the receipt of this letter, Claimant shall pursue litigation under M.G.L. c. 93A §§ 2 and 9, which permits recovery of actual and nominal damages, attorney's fees and costs.

Sincerely,

/s/ Mario N. Alioto
Mario N. Alioto

*Interim Lead Counsel for Indirect Purchaser Plaintiffs*