# EXHIBIT A

Samuel R. Miller (SBN 66871)
srmiller@sidley.com
Marie L. Fiala (SBN 79676)
mfiala@sidley.com
Ryan M. Sandrock (SBN 251781)
rsandrock@sidley.com
Robert B. Martin III (SBN 235489)
rbmartin@sidley.com
SIDLEY AUSTIN LLP
555 California Street, 20th Floor
San Francisco, California  94104
Telephone:        (415) 772-1200
Facsimile:        (415) 772-7400

Attorneys For Defendant
LG ELECTRONICS, INC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In Re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | No.:   M-07-5944 SC<br>MDL NO. 1917 |
| This Document Relates to: | Judge: Hon. Samuel Conti<br>Special Master: Hon. Charles A. Legge (Ret.) |
| DIRECT PURCHASER ACTION | **LGE's FIRST SET OF REQUESTS FOR PRODUCTION TO THE DIRECT PURCHASER PLAINTIFFS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure,

Defendants LG Electronics, Inc. ("LGE") hereby request that the Direct Purchaser Plaintiffs

("Plaintiffs") in the above-captioned action respond to the following first set of requests for

production (the "Document Requests").   Plaintiffs are directed to serve the requested

documents in conformance with the above-cited rules at the offices of Sidley Austin LLP,

Attn: Ryan M. Sandrock, 555 California Street, San Francisco, CA 94110 (or at such other

place as may be agreed upon by the parties), within thirty (30) days after the date of the

service hereof.

## DEFINITIONS AND INSTRUCTIONS

1.    For the purposes of these Document Requests, the following definitions apply:

a.    "Action" means the above-captioned consolidated class action.

b.    "All" shall be construed as all, each, any, and every.

c.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Document Requests all information that might otherwise be construed to be outside of their scope.

d.    "Complaint" means Plaintiffs' Consolidated Amended Complaint in the Action, filed in the United States District Court for the Northern District of California on March 16, 2009.

e.    "CRTs" means cathode ray tubes, as defined in Paragraph 1 of the Complaint.

f.    "Defendants" means all entities enumerated in Paragraphs 24-80 of the Complaint.

g.    "Document(s)" means "documents" as defined in the Federal Rules of Civil Procedure, including but not limited to any written, printed, typed, recorded, filmed, punched, transcribed, taped or other graphic matter of any kind or nature, however produced or reproduced, whether in hard copy, electronic, or other form, and includes, without limitation, pamphlets, brochures, books, booklets, information sheets, papers, articles, journals, magazines, computer printouts, Internet search results, tapes, discs or other forms of audio, visual or audio/visual recordings, records, memoranda, reports, financial statements, affidavits, handwritten and other notes, transcripts, paper, indices, letters, envelopes, telegrams, cables, electronic mail messages, telex messages, telecopied messages, telephone messages, summaries or records of telephone conversations, summaries or records of

1   personal conversations or interviews, summaries or records of meetings or

2   conferences, minutes or transcriptions or notations of meetings or

3   telephone conversations or other communications of any type, tabulations,

4   studies, analyses, evaluations, projections, work papers, statements,

5   summaries, opinions, journals, desk calendars, product labels,

6   maintenance or service records, appointment books, diaries, billing

7   records, checks, bank account statements, and invoices.

8   h.   The use of the term "Interrogatory" refers to those interrogatories in the

9   First Set of Interrogatories of Defendant LG Electronics, Inc. to the

10   Direct Purchaser Plaintiffs, dated March 8, 2010.

11   i.   "LGE Defendants" means Defendants LGE and/or LG Electronics

12   USA, Inc. or LG Electronics Taiwan Taipei Co., Ltd.

13   j.   "You" and "Your" means the Direct Purchaser Plaintiffs in the Action,

14   their direct and indirect parents, predecessors in interest, affiliates,

15   subsidiaries, divisions, predecessors, successors, and assigns, the

16   present and former officers, directors, employees, attorneys, agents, and

17   representatives of any of the above, and all persons acting or purporting

18   to act on their behalf.

19   B.   These Document Requests cover all Documents and information in Your

20   possession, custody, or control, including information in the possession of any of Your

21   attorneys, agents, servants, representatives, consultants, or other persons directly or indirectly

22   employed, retained by, or in privity with You, or anyone else acting on Your behalf or subject

23   to Your control.

24   C.   For each Document requested, produce the entire original Document, along

25   with all attachments, appendices, enclosures and exhibits, and any copies that are not identical

26   to the original (whether because of notes made on, or attached to, such copy or otherwise),

27

28

MDL NO. 1917                              LGE'S FIRST SET OF REQUESTS FOR PRODUCTION

1   regardless of whether you consider the attachments, appendices, enclosures and exhibits to be

2   relevant or responsive to these requests.

3      D.     If any Document is withheld under a claim of privilege or is not produced for

4   whatever reason, You must:

5              a.     state with specificity the claim of privilege or other reason used to

6                     withhold the Document from production; and

7              b.     identify each Document by (i) date; (ii) name, occupation, and capacity

8                     of the author; (iii) name, occupation, and capacity of the individual to

9                     whom the allegedly privileged matter emanated; and (iv) subject matter,

10                     without disclosing the Document's contents, in a manner sufficient to

11                     allow it to be described to the Court for a ruling on privilege or other

12                     reasons asserted.

13     E.     If You object to any portion of the Document Requests, provide all information

14   called for by that portion of the Document Requests to which You do not object.   State with

15   reasonable particularity the reason for Your objection to the remainder.

16     F.     If, in responding to a request, You claim any ambiguity in interpreting either the

17   Document Requests, or an applicable definition or instruction, such claim shall not be used as a

18   basis for refusing to respond, but You should set forth as part of Your response the language

19   deemed to be ambiguous and the interpretation chosen or used in responding to the Document

20   Requests.

21     G.     Each page or sheet produced by You is to be marked with consecutive document

22   control numbers.

23     H.     Identify any and all Documents requested by the Document Requests that have

24   been destroyed.

25     I.     Electronic records and computerized information should be produced in an

26   intelligible format or together with a description of the system from which they are derived,

27   sufficient to permit rendering the material intelligible.

28

1    J.    The singular form of any noun or pronoun includes the plural, and vice versa.

2    K.    Terms in the present tense include terms in the past tense, and terms in the past

3    tense include terms in the present tense.

4                          **REQUESTS FOR PRODUCTION**

5    **Document Request No. 1:**

6            All Documents that support Your response to Interrogatory No. 1.

7    **Document Request No. 2:**

8            All Documents that support Your response to Interrogatory No. 2.

9    **Document Request No. 3:**

10           All Documents that support Your response to Interrogatory No. 3.

11   **Document Request No. 4:**

12           All Documents that support Your response to Interrogatory No. 4.

13

14   Dated: March 8, 2010              By: _____

15                                     Samuel R. Miller (SBN 66871)
                                       srmiller@sidley.com
16                                     Marie L. Fiala (SBN 79676)
                                       mfiala@sidley.com
17                                     Ryan M. Sandrock (SBN 251781)
                                       rsandrock@sidley.com
18                                     Robert B. Martin III (SBN 235489)
                                       rbmartin@sidley.com
19                                     SIDLEY AUSTIN LLP
                                       555 California Street, 20th Floor
20                                     San Francisco, California   94104
                                       Telephone:    (415) 772-1200
21                                     Facsimile:    (415) 772-7400

22                                     Attorneys For Defendant
                                       LG ELECTRONICS, INC
23

24

25

26

27

28
_____
MDL NO. 1917                                  LGE'S FIRST SET OF REQUESTS FOR PRODUCTION
                                5

Samuel R. Miller (SBN 66871)
srmiller@sidley.com
Marie L. Fiala (SBN 79676)
mfiala@sidley.com
Ryan M. Sandrock (SBN 251781)
rsandrock@sidley.com
Robert B. Martin III (SBN 235489)
rbmartin@sidley.com
SIDLEY AUSTIN LLP
555 California Street, 20th Floor
San Francisco, California   94104
Telephone:        (415) 772-1200
Facsimile:        (415) 772-7400

Attorneys For Defendant
LG ELECTRONICS, INC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No.:   M-07-5944 SC<br>MDL NO. 1917 |
| | Judge: Hon. Samuel Conti<br>Special Master: Hon. Charles A. Legge (Ret.) |
| This Document Relates to: | |
| DIRECT PURCHASER ACTION | **LGE's FIRST SET OF INTERROGATORIES TO THE DIRECT PURCHASER PLAINTIFFS** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants LG Electronics, Inc. ("LGE") hereby request that the Direct Purchaser Plaintiffs ("Plaintiffs") in the above-captioned action respond to the following first set of interrogatories (the "Interrogatories").   Plaintiffs are directed to serve their verified answers in conformance with the above-cited rules at the offices of Sidley Austin LLP, Attn: Ryan M. Sandrock, 555 California Street, San Francisco, CA 94110 (or at such other place as may be agreed upon by the parties), within thirty (30) days after the date of the service hereof.

## DEFINITIONS

For the purposes of these Interrogatories, the following definitions apply:

A.      "Action" means the above-captioned consolidated class action.

B.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatories all information that might otherwise be construed to be outside of their scope.

C.      "Complaint" means Plaintiffs' Consolidated Amended Complaint in the Action, filed in the United States District Court for the Northern District of California on March 16, 2009.

D.      "CRTs" means cathode ray tubes, as defined in Paragraph 1 of the Complaint.

E.      "Defendants" means all entities enumerated in Paragraphs 24-80 of the Complaint.

F.      "Document(s)" means "documents" as defined in the Federal Rules of Civil Procedure, including but not limited to any written, printed, typed, recorded, filmed, punched, transcribed, taped or other graphic matter of any kind or nature, however produced or reproduced, whether in hard copy, electronic, or other form, and includes, without limitation, pamphlets, brochures, books, booklets, information sheets, papers, articles, journals, magazines, computer printouts, Internet search results, tapes, discs or other forms of audio, visual or audio/visual recordings, records, memoranda, reports, financial statements, affidavits, handwritten and other notes, transcripts, paper, indices, letters, envelopes, telegrams, cables, electronic mail messages, telex messages, telecopied messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcriptions or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, product labels, maintenance or service records, appointment books, diaries, billing records, checks, bank account statements, and invoices.

1    G.    "Each" means all, each, and every.

2    H.    "LGE Defendants" means Defendants LGE and/or LG Electronics USA, Inc.

3  or LG Electronics Taiwan Taipei Co., Ltd.

4    I.    "Person(s)" means and includes all natural persons or entities, governmental

5  units, partnerships, firms, corporations, associations, joint ventures, any other form of

6  business organization or arrangement, or any form of public, private or legal entity.

7    J.    "You" and "Your" means the Direct Purchaser Plaintiffs in the Action, their

8  direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions,

9  predecessors, successors, and assigns, the present and former officers, directors, employees,

10  attorneys, agents, and representatives of any of the above, and all persons acting or purporting

11  to act on their behalf.

12    K.    The singular form of any noun or pronoun includes the plural, and vice versa.

13    L.    Terms in the present tense include terms in the past tense, and terms in the past

14  tense include terms in the present tense.

15                          **GENERAL INSTRUCTIONS**

16    1.    Answers to these Interrogatories are to be based upon all knowledge or

17  information available to Plaintiffs, including, but not limited to, all information or knowledge

18  derivable from business or other records, and all knowledge or information possessed by any

19  person, including but not limited to any employee, agent, attorney, expert witness, consultant,

20  representative or other advisor, subject to the instruction, direction or control of Plaintiffs.

21    2.    Each Interrogatory is to be answered separately and in order, and shall be

22  construed independently and not by reference to any other Interrogatory.

23    3.    Plaintiffs should answer each Interrogatory fully, unless it is objected to, in

24  which event the reasons for the objection should be specifically and separately stated.

25    4.    The answers are to be signed by Plaintiffs and the objections, if any, are to be

26  signed by the attorney making them.

27

28

MDL NO. 1917

3                                    LGE'S FIRST SET OF INTERROGATORIES

5.      Where a complete answer to a particular Interrogatory is not possible, the Interrogatory should be answered to the extent possible and a statement should be made indicating why only a partial answer is given, together with the identity of any Documents or sources from which more complete information is obtainable.

6.      With respect to any Interrogatory that Plaintiffs may allege that they are unable to answer due to insufficient knowledge, Plaintiffs are requested to specify the nature of the inquiries made in an attempt to enable Plaintiffs to answer the Interrogatory, including the identity of any person communicated with in an attempt to enable Plaintiffs to respond fully to the Interrogatory.

7.      If, in answering these Interrogatories, Plaintiffs claim any ambiguity in interpreting either a particular Interrogatory or a definition or instruction, such claim shall not be utilized as a basis for refusing to answer.   Instead, Plaintiffs shall set forth as part of the answer the language deemed to be ambiguous and the interpretation utilized in the response to the Interrogatory.

8.      When referring to a Person, "identify" means to state the Person's full name, present or last known address, telephone number, present or last known place of employment, and present or last known title at that place of employment.   Once a Person has been identified in accordance with this paragraph, only the name of the Person need be listed in response to subsequent discovery requesting the identification of the Person.

///
///
///
///
///
///
///
///

## INTERROGATORIES

**Interrogatory No. 1:**

State with specificity the factual basis (including any evidentiary sources) for Your allegation that Defendants conspired, combined and contracted to fix, raise, maintain, and stabilize the price at which computer monitors containing CRTs were sold in the United States, as alleged in, *inter alia*, Paragraph 3 of the Complaint.

**Interrogatory No. 2:**

State with specificity the factual basis (including any evidentiary sources) for Your allegation that Defendants agreed to allocate market shares and customers of sales of computer monitors containing CRTs, as alleged in, *inter alia*, Paragraphs 5 and 138 of the Complaint.

**Interrogatory No. 3:**

For each separate defendant (regardless of its affiliation with any other defendant), state with specificity the factual basis (including any Documents, Persons, or other evidentiary sources) for Your allegations that it conspired, combined, and contracted with any of the other Defendants to fix, raise, maintain and/or stabilize the prices of computer monitors containing CRTs sold in the United States, as alleged in, *inter alia*, Paragraph 3 of the Complaint.

**Interrogatory No. 4:**

For each separate defendant (regardless of its affiliation with any other defendant), state with specificity the factual basis (including any Documents, Persons, or other evidentiary sources) for Your allegations that it agreed to allocate market shares and customers of sales of computer monitors containing CRTs, as alleged in, *inter alia*, Paragraphs 5 and 138 of the Complaint.

///

///

MDL NO. 1917

5

LGE'S FIRST SET OF INTERROGATORIES

1    **Interrogatory No. 5:**

2        Identify each Person who provided information to answer these Interrogatories.

3

4    Dated: March 8, 2010          By: _____

5                                      Samuel R. Miller (SBN 66871)
                                        srmiller@sidley.com
6                                      Marie L. Fiala (SBN 79676)
                                        mfiala@sidley.com
7                                      Ryan M. Sandrock (SBN 251781)
                                        rsandrock@sidley.com
8                                      Robert B. Martin III (SBN 235489)
                                        rbmartin@sidley.com
9                                      SIDLEY AUSTIN LLP
                                        555 California Street, 20th Floor
10                                     San Francisco, California   94104
                                        Telephone:    (415) 772-1200
11                                     Facsimile:     (415) 772-7400

12                                     Attorneys For Defendant
                                        LG ELECTRONICS, INC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STEVEN A. REISS (*Admitted Pro Hac Vice*)
DAVID L. YOHAI (*Admitted Pro Hac Vice*)
DAVID YOLKUT (*Admitted Pro Hac Vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone:   (212) 310-8000
Facsimile:   (212) 310-8007
Email: steven.reiss@weil.com

JEFFREY L. KESSLER (*Admitted Pro Hac Vice*)
A. PAUL VICTOR (*Admitted Pro Hac Vice*)
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-7013
Email: jkessler@dl.com

**Attorneys for Defendant MT Picture Display Co., Ltd.**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No.:   M-07-5944 SC MDL NO. 1917 |
| This Document Relates to: | Judge: Hon. Samuel Conti Special Master: Hon. Charles A. Legge (Ret.) |
| DIRECT PURCHASER ACTION | **THE FIRST SET OF INTERROGATORIES OF DEFENDANT MT PICTURE DISPLAY CO., LTD. TO THE DIRECT PURCHASER PLAINTIFFS** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure,

Defendant MT Picture Display Co., Ltd. ("MTPD") hereby requests that the Direct Purchaser

Plaintiffs ("Plaintiffs") in the above-captioned action respond to the following first set of

interrogatories (the "Interrogatories").   Plaintiffs are directed to serve their verified answers

in conformance with the above-cited rules at the offices of WEIL, GOTSHAL & MANGES LLP, Attn: David L. Yohai, 767 Fifth Avenue, New York, New York, 10153 (or at such other place as may be agreed upon by the parties), within thirty (30) days after the date of the service hereof.

## DEFINITIONS

For the purposes of these Interrogatories, the following definitions apply:

A.      "Action" means the above-captioned consolidated class action.

B.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatories all information that might otherwise be construed to be outside of their scope.

C.      "Complaint" means Plaintiffs' Consolidated Amended Complaint in the Action, filed in the United States District Court for the Northern District of California on March 16, 2009.

D.      "CRTs" means cathode ray tubes, as defined in Paragraph 1 of the Complaint.

E.      "Defendants" means all entities enumerated in Paragraphs 24-80 of the Complaint.

F.      "Document(s)" means "documents" as defined in the Federal Rules of Civil Procedure, including but not limited to any written, printed, typed, recorded, filmed, punched, transcribed, taped or other graphic matter of any kind or nature, however produced or reproduced, whether in hard copy, electronic, or other form, and includes, without limitation, pamphlets, brochures, books, booklets, information sheets, papers, articles, journals, magazines, computer printouts, Internet search results, tapes, discs or other forms of audio, visual or audio/visual recordings, records, memoranda, reports, financial statements, affidavits, handwritten and other notes, transcripts, paper, indices, letters, envelopes, telegrams, cables, electronic mail messages,

telex messages, telecopied messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcriptions or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, product labels, maintenance or service records, appointment books, diaries, billing records, checks, bank account statements, and invoices.

G. "Each" means all, each, and every.

H. When referring to a Person, "Identify" means to state, to the extent known, the Person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.   Once a Person has been identified in accordance with this subparagraph, only the name of the Person need be listed in response to subsequent discovery requesting the identification of that Person.

I. When referring to a Person, "Identity" means, to the extent known, the Person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.   Once a Person has been identified in accordance with this subparagraph, only the name of the Person need be listed in response to subsequent discovery requesting the identification of that Person.

J. When referring to a Document, "Identity" means, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

K. "Person(s)" means and includes all natural persons or entities, governmental units, partnerships, firms, corporations, associations, joint ventures, any other form of business organization or arrangement, or any form of public, private or legal entity.

---

MDL NO. 1917       DEFENDANT MTPD'S FIRST SET OF INTERROGATORIES

3

L.     "You" and "Your" means the Direct Purchaser Plaintiffs in the Action, their direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, predecessors, successors, and assigns, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and all persons acting or purporting to act on their behalf.

M.     The singular form of any noun or pronoun includes the plural, and vice versa.

N.     Terms in the present tense include terms in the past tense, and terms in the past tense include terms in the present tense.

## GENERAL INSTRUCTIONS

1.     Answers to these Interrogatories are to be based upon all knowledge or information available to Plaintiffs, including, but not limited to, all information or knowledge derivable from business or other records, and all knowledge or information possessed by any person, including but not limited to any employee, agent, attorney, expert witness, consultant, representative or other advisor, subject to the instruction, direction or control of Plaintiffs.

2.     Each Interrogatory is to be answered separately and in order, and shall be construed independently and not by reference to any other Interrogatory.

3.     Plaintiffs should answer each Interrogatory fully, unless it is objected to, in which event the reasons for the objection should be specifically and separately stated.

4.     The answers are to be signed by Plaintiffs and the objections, if any, are to be signed by the attorney making them.

5.     Where a complete answer to a particular Interrogatory is not possible, the Interrogatory should be answered to the extent possible and a statement should be made indicating why only a partial answer is given, together with the identity of any Documents or sources from which more complete information is obtainable.

6.      With respect to any Interrogatory that Plaintiffs may allege that they are unable to answer due to insufficient knowledge, Plaintiffs are requested to specify the nature of the inquiries made in an attempt to enable Plaintiffs to answer the Interrogatory, including the identity of any person communicated with in an attempt to enable Plaintiffs to respond fully to the Interrogatory.

7.      If, in answering these Interrogatories, Plaintiffs claim any ambiguity in interpreting either a particular Interrogatory or a definition or instruction, such claim shall not be utilized as a basis for refusing to answer.   Instead, Plaintiffs shall set forth as part of the answer the language deemed to be ambiguous and the interpretation utilized in the response to the Interrogatory.

## INTERROGATORIES

**Interrogatory No. 1:**

Identify each Person who provided information to answer these Interrogatories.

**Interrogatory No. 2:**

State with specificity the factual basis (including the Identity of each Document, Person or other evidentiary source upon which You rely) for Your allegation that Defendants conspired, combined and contracted to fix, raise, maintain, and stabilize the price at which televisions containing CRTs were sold in the United States, as alleged in, *inter alia*, Paragraph 3 of the Complaint.

**Interrogatory No. 3:**

State with specificity the factual basis (including the Identity of each Document, Person or other evidentiary source upon which You rely) for Your allegation that Defendants conspired, combined and contracted to fix, raise, maintain, and stabilize the price

---

MDL NO. 1917                                    DEFENDANT MTPD'S FIRST SET OF INTERROGATORIES

5

at which products containing CRTs, other than televisions and computer monitors, were sold in the United States, as alleged in, *inter alia*, Paragraph 3 of the Complaint.

**Interrogatory No. 4:**

State with specificity the factual basis (including the Identity of each Document, Person or other evidentiary source upon which You rely) for Your allegation that Defendants agreed to allocate market shares and customers of sales of televisions containing CRTs, as alleged in, *inter alia*, Paragraphs 5 and 138 of the Complaint.

**Interrogatory No. 5:**

State with specificity the factual basis (including the Identity of each Document, Person or other evidentiary source upon which You rely) for Your allegation that Defendants agreed to allocate market shares and customers of sales of products containing CRTs, other than televisions and computer monitors, as alleged in, *inter alia*, Paragraphs 5 and 138 of the Complaint.

**Interrogatory No. 6:**

For each separate Defendant (regardless of its affiliation with any other defendant), state with specificity the factual basis (including the Identity of each Document, Person or other evidentiary source upon which You rely) for Your allegations that it conspired, combined and contracted with any of the other Defendants to fix, raise, maintain, and stabilize the price at which televisions containing CRTs were sold in the United States, as alleged in, *inter alia*, Paragraph 3 of the Complaint, or agreed with any of the other Defendants to allocate market shares and customers of sales of televisions containing CRTs, as alleged in, *inter alia*, Paragraphs 5 and 138 of the Complaint.

Dated: March 8, 2010

By: _____

GREGORY D. HULL (57367)
Email: greg.hull@weil.com
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

STEVEN A. REISS (*pro hac vice*)
Email: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
Email: david.yohai@weil.com
DAVID E. YOLKUT (*pro hac vice*)
Email: david.yolkut@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone:   (212) 310-8000
Facsimile:   (212) 310-8007

JEFFREY L. KESSLER (*pro hac vice*)
Email: jkessler@dl.com
A. PAUL VICTOR (*pro hac vice*)
Email: pvictor@dl.com
**DEWEY & LEBOEUF LLP**
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-7013

*Attorneys for Defendant MT Picture Display Co., Ltd.*

1   STEVEN A. REISS (*Admitted Pro Hac Vice*)
2   DAVID L. YOHAI (*Admitted Pro Hac Vice*)
    DAVID YOLKUT (*Admitted Pro Hac Vice*)
3   WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
4   New York, New York 10153-0119
    Telephone:   (212) 310-8000
5   Facsimile:   (212) 310-8007
6   Email: steven.reiss@weil.com

7   JEFFREY L. KESSLER (*Admitted Pro Hac Vice*)
    A. PAUL VICTOR (*Admitted Pro Hac Vice*)
8   DEWEY & LEBOEUF LLP
9   1301 Avenue of the Americas
    New York, NY 10019
10  Telephone: (212) 259-8000
    Facsimile: (212) 259-7013
11  Email: jkessler@dl.com

12  **Attorneys for Defendant MT Picture Display Co., Ltd.**

13              UNITED STATES DISTRICT COURT
14            NORTHERN DISTRICT OF CALIFORNIA

15  | In Re CATHODE RAY TUBE (CRT) | ) | No.:   M-07-5944 SC |
16  | **ANTITRUST LITIGATION** | ) | MDL NO. 1917 |

17  In Re **CATHODE RAY TUBE (CRT)**          )   No.:   M-07-5944 SC
    **ANTITRUST LITIGATION**                   )   MDL NO. 1917
                                               )
    ―――――――――――――――                             )   Judge: Hon. Samuel Conti
18  This Document Relates to:                  )   Special Master: Hon. Charles A. Legge
                                               )   (Ret.)
19  DIRECT PURCHASER ACTION                    )
                                               )
20                                             )   **THE FIRST SET OF DOCUMENT**
                                               )   **REQUESTS OF DEFENDANT**
21                                             )   **MT PICTURE DISPLAY CO., LTD.**
                                               )   **TO THE DIRECT PURCHASER**
22                                             )   **PLAINTIFFS**
                                               )
23  ―――――――――――――――

24      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure,

25  Defendant MT Picture Display Co., Ltd. ("MTPD") hereby requests that the Direct Purchaser

26  Plaintiffs ("Plaintiffs") in the above-captioned action respond to the following first set of

27  document requests (the "Document Requests").   Plaintiffs are directed to serve the requested

28

documents for inspection and copying in conformance with the above-cited rules at the offices of WEIL, GOTSHAL & MANGES LLP, Attn: David L. Yohai, 767 Fifth Avenue, New York, New York, 10153 (or at such other place as may be agreed upon by the parties), within thirty (30) days after the date of the service hereof.

## DEFINITIONS AND INSTRUCTIONS

1.      For the purposes of these Document Requests, the following definitions apply:

    a.    "Action" means the above-captioned consolidated class action.

    b.    "All" shall be construed as all, each, any, and every.

    c.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Document Requests all information that might otherwise be construed to be outside of their scope.

    d.    "Complaint" means Plaintiffs' Consolidated Amended Complaint in the Action, filed in the United States District Court for the Northern District of California on March 16, 2009.

    e.    "CRTs" means cathode ray tubes, as defined in Paragraph 1 of the Complaint.

    f.    "Defendants" means all entities enumerated in Paragraphs 24-80 of the Complaint.

    g.    "Document(s)" means "documents" as defined in the Federal Rules of Civil Procedure, including but not limited to any written, printed, typed, recorded, filmed, punched, transcribed, taped or other graphic matter of any kind or nature, however produced or reproduced, whether in hard copy, electronic, or other form, and includes, without limitation, pamphlets,

brochures, books, booklets, information sheets, papers, articles, journals, magazines, computer printouts, Internet search results, tapes, discs or other forms of audio, visual or audio/visual recordings, records, memoranda, reports, financial statements, affidavits, handwritten and other notes, transcripts, paper, indices, letters, envelopes, telegrams, cables, electronic mail messages, telex messages, telecopied messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcriptions or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, product labels, maintenance or service records, appointment books, diaries, billing records, checks, bank account statements, and invoices.

h.   The use of the term "Interrogatory" refers to those interrogatories in the First Set of Interrogatories of Defendant MT Picture Display Co., Ltd. to the Direct Purchaser Plaintiffs, dated March 8, 2010.

i.   "You" and "Your" means the Direct Purchaser Plaintiffs in the Action, their direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, predecessors, successors, and assigns, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and all persons acting or purporting to act on their behalf.

2.      These Document Requests cover all Documents and information in Your possession, custody, or control, including information in the possession of any of Your attorneys, agents, servants, representatives, consultants, or other persons directly or indirectly employed, retained by, or in privity with You, or anyone else acting on Your behalf or subject to Your control.

3.      For each Document requested, produce the entire original Document, along with all attachments, appendices, enclosures and exhibits, and any copies that are not identical to the original (whether because of notes made on, or attached to, such copy or otherwise), regardless of whether you consider the attachments, appendices, enclosures and exhibits to be relevant or responsive to these requests.

4.      If any Document is withheld under a claim of privilege or is not produced for whatever reason, You must:

a.      state with specificity the claim of privilege or other reason used to withhold the Document from production; and

b.      identify each Document by (i) date; (ii) name, occupation, and capacity of the author; (iii) name, occupation, and capacity of the individual to whom the allegedly privileged matter emanated; and (iv) subject matter, without disclosing the Document's contents, in a manner sufficient to allow it to be described to the Court for a ruling on privilege or other reasons asserted.

5.      If You object to any portion of the Document Requests, provide all information called for by that portion of the Document Requests to which You do not object.   State with reasonable particularity the reason for Your objection to the remainder.

6.     If, in responding to a request, You claim any ambiguity in interpreting either the Document Requests, or an applicable definition or instruction, such claim shall not be used as a basis for refusing to respond, but You should set forth as part of Your response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Document Requests.

7.     Each page or sheet produced by You is to be marked with consecutive document control numbers.

8.     Identify any and all Documents requested by the Document Requests that have been destroyed.

9.     Electronic records and computerized information should be produced in an intelligible format or together with a description of the system from which they are derived, sufficient to permit rendering the material intelligible.

10.     The singular form of any noun or pronoun includes the plural, and vice versa.

11.     Terms in the present tense include terms in the past tense, and terms in the past tense include terms in the present tense.

## DOCUMENT REQUESTS

**Document Request No. 1:**

All Documents that support Your response to Interrogatory No. 2.

**Document Request No. 2:**

All Documents that support Your response to Interrogatory No. 3.

**Document Request No. 3:**

All Documents that support Your response to Interrogatory No. 4.

**Document Request No. 4:**

All Documents that support Your response to Interrogatory No. 5.

**Document Request No. 5:**

All Documents that support Your response to Interrogatory No. 6.

**Document Request No. 6:**

All other Documents that purportedly support Your allegations that Defendants conspired, combined and contracted to fix, raise, maintain, and stabilize the price at which finished products containing CRTs were sold in the United States, or agreed to allocate market shares and customers of sales of finished products containing CRTs.

Dated: March 8, 2010                    By: _____

GREGORY D. HULL (57367)
Email: greg.hull@weil.com
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

STEVEN A. REISS (*pro hac vice*)
Email: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
Email: david.yohai@weil.com
DAVID E. YOLKUT (*pro hac vice*)
Email: david.yolkut@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

JEFFREY L. KESSLER (*pro hac vice*)
Email: jkessler@dl.com
A. PAUL VICTOR (*pro hac vice*)
Email: pvictor@dl.com
**DEWEY & LEBOEUF LLP**
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-7013

*Attorneys for Defendant MT Picture Display Co., Ltd.*

MDL NO. 1917                    DEFENDANT MTPD'S FIRST SET OF DOCUMENT REQUESTS
6