# EXHIBIT B

SHEPPARD MULLIN RICHTER & HAMPTON LLP
 A Limited Liability partnership
 Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111-4109
Telephone:    (415) 434-9100
Facsimile:    (415) 434-3947
E-mail:       ghalling@sheppardmullin.com
              jmcginnis@sheppardmullin.com
              mscarborough@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**SAMSUNG SDI AMERICA, INC.'S FIRST SET OF INTERROGATORIES TO INDIRECT PURCHASER PLAINTIFFS** |
| This Document Relates to:<br><br>INDIRECT PURCHASER ACTIONS | |

PROPOUNDING PARTY:        SAMSUNG SDI AMERICA, INC.

RESPONDING PARTY:         INDIRECT PURCHASER PLAINTIFFS

SET NO.:                  ONE (1-5)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Samsung SDI America, Inc. hereby requests that the Indirect Purchaser Plaintiffs in the above-captioned action ("Plaintiffs") serve their verified responses to the following first set of interrogatories (the "Interrogatories") on James L. McGinnis of Sheppard Mullin Richter & Hampton LLP within thirty (30) days after the date of the service hereof.

## I.

## DEFINITIONS AND INSTRUCTIONS

1.    "YOU" and "YOUR" means the Indirect Purchaser Plaintiffs in the above-entitled action, their direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, predecessors, successors, and assigns, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and each person acting or purporting to act on their behalf.

2.    "COMPLAINT" means the Consolidated Amended Complaint filed by YOU in the above-entitled action on March 16, 2009.

3.    "CRTs" means cathode ray tubes, as defined in Paragraph 13 of the COMPLAINT.

4.    "DEFENDANTS" means the entities enumerated in Paragraphs 50-108 of the COMPLAINT.

5.    "DOCUMENTS" is used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure and shall include, without limitation, any kind of written, typewritten, or printed material whatsoever, and any computer hard drive or computer readable media, including, without limitation, papers, agreements, contracts, notes, memoranda, presentations, presentation materials, COMMUNICATIONS, letters, telegrams, messages sent to or received from a wireless device, electronic mail, statements, invoices, personal diaries, records, books, maps, blueprints, forms, transcriptions, CDs, DVDs, floppy discs, magnetic tapes, recordings, translations to any language, printed

cards, programming instructions, assembly diagrams, schematic diagrams, and manuals either in YOUR possession or custody or under YOUR control, and shall include, without limitation, originals, file copies, and other copies, no matter how or by whom prepared, and all drafts prepared in connection with any such writings, whether used or not, regardless of whether the DOCUMENT still exists, and regardless of who has maintained custody of such DOCUMENTS.

6.      "PERSON" means any individual or group of individuals, corporation, partnership, association, governmental entity, department, commission, bureau or any other kind of legal or business entity.

7.      When referring to a PERSON, "IDENTITY" or "IDENTIFY" means, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

8.      When referring to a DOCUMENT, "IDENTITY" or "IDENTIFY" means, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

9.      The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the requests more inclusive.

10.     All nouns in the singular or plural shall be construed in the singular or plural, whichever makes the requests more inclusive.

11.     The use of the past tense of any verb shall include the present tense and vice versa.

12.     The word "any" shall be construed to include "all" and vice versa.

//

//

-2-

## II.

## INTERROGATORIES

**Interrogatory No. 1:**

State with specificity the factual basis (including the IDENTITY of each DOCUMENT, PERSON or other evidentiary source upon which YOU rely) for YOUR allegation that DEFENDANTS "conspired to fix, raise, maintain and/or stabilize prices" of monitors containing CRTs, as alleged in, *inter alia*, Paragraphs 1 and 15 of the COMPLAINT.

**Interrogatory No. 2:**

State with specificity the factual basis (including the IDENTITY of each DOCUMENT, PERSON, or other evidentiary source upon which YOU rely) for YOUR allegation that DEFENDANTS intended to and did "pass on the full cost" of CRTs in their sales of monitors containing CRTs, as alleged in, *inter alia*, Paragraph 238 of the COMPLAINT.

**Interrogatory No. 3:**

For each separate DEFENDANT (regardless of its affiliation with any other DEFENDANT) state with specificity the factual basis (including the IDENTITY of each DOCUMENT, PERSON, or other evidentiary source upon which YOU rely) for YOUR allegation that it "conspired to fix, raise, maintain, and/or stabilize prices" at which products containing CRTs were sold in the United States, as alleged in, *inter alia*, Paragraph 1 of the COMPLAINT.

**Interrogatory No. 4:**

For each separate DEFENDANT (regardless of its affiliation with any other DEFENDANT) state with specificity the factual basis (including the IDENTITY of each

-3-

1  DOCUMENT, PERSON, or other evidentiary source upon which YOU rely) for YOUR

2  allegation that it agreed to allocate market shares and customers of sales of products

3  containing CRTs, as alleged in, *inter alia*, Paragraphs 156(i) and 156(j) of the

4  COMPLAINT.

5  **Interrogatory No. 5:**

6

7          IDENTIFY each PERSON who provided information to answer these

8  Interrogatories.

9

10

11  DATED:  March 8, 2010

12                          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

13

14                 By

15                          ─────────────────────────────
                                    JAMES L. MCGINNIS

16                              Attorneys for Defendants
17                          SAMSUNG SDI AMERICA, INC.,
                                SAMSUNG SDI CO., LTD.,
18                      SAMSUNG SDI (MALAYSIA) SDN. BHD.,
                            SAMSUNG SDI MEXICO S.A. DE C.V.,
19                              SAMSUNG SDI BRASIL LTDA.,
                          SHENZEN SAMSUNG SDI CO., LTD. and
20                          TIANJIN SAMSUNG SDI CO., LTD.

21

22

23

24

25

26

27

28

-4-

SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
INTERROGATORIES TO INDIRECT PURCHASER PLAINTIFFS

SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone:   (415) 434-9100
Facsimile:    (415) 434-3947
E-mail:        ghalling@sheppardmullin.com
                jmcginnis@sheppardmullin.com
                mscarborough@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC |
| | MDL No. 1917 |
| | **SAMSUNG SDI AMERICA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO INDIRECT PURCHASER PLAINTIFFS** |
| This Document Relates to: | |
| INDIRECT PURCHASER ACTIONS | |

PROPOUNDING PARTY:        SAMSUNG SDI AMERICA, INC.

RESPONDING PARTY:         INDIRECT PURCHASER PLAINTIFFS

SET NO.:                  ONE (1-4)

SAMSUNG SDI AMERICA, INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO INDIRECT PURCHASER
PLAINTIFFS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Samsung SDI America, Inc. hereby requests that the Indirect Purchaser Plaintiffs in the above-captioned action ("Plaintiffs") produce for inspection and copying each of the documents and other things described below at the offices of Sheppard Mullin Richter & Hampton LLP, 4 Embarcadero Center, 17th Floor, San Francisco, CA 94111 within thirty (30) days after the date of the service hereof.

## I.

## DEFINITIONS AND INSTRUCTIONS

1.    "YOU" and "YOUR" means the Indirect Purchaser Plaintiffs in the above-entitled action, their direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, predecessors, successors, and assigns, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and each person acting or purporting to act on their behalf.

2.    "DOCUMENTS" is used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure and shall include, without limitation, any kind of written, typewritten, or printed material whatsoever, and any computer hard drive or computer readable media, including, without limitation, papers, agreements, contracts, notes, memoranda, presentations, presentation materials, COMMUNICATIONS, letters, telegrams, messages sent to or received from a wireless device, electronic mail, statements, invoices, personal diaries, records, books, maps, blueprints, forms, transcriptions, CDs, DVDs, floppy discs, magnetic tapes, recordings, translations to any language, printed cards, programming instructions, assembly diagrams, schematic diagrams, and manuals either in YOUR possession or custody or under YOUR control, and shall include, without limitation, originals, file copies, and other copies, no matter how or by whom prepared, and all drafts prepared in connection with any such writings, whether used or not, regardless of whether the DOCUMENT still exists, and regardless of who has maintained custody of such DOCUMENTS.

-1-

3.    "Interrogatory" refers to the interrogatories enumerated in Samsung SDI America, Inc.'s First Set of Interrogatories to Indirect Purchaser Plaintiffs.

4.    YOU are required to produce all documents in the manner, form and position in which they are kept in the ordinary course of business, as required by the Federal Rules of Civil Procedure, including, where applicable, any index tabs, file dividers, designations, or other information as to the location of the documents.

5.    If YOU cannot respond to a request for production fully, after a diligent attempt to obtain the requested information, YOU must answer the request to the extent possible, specify the portion of the request YOU are unable to answer, and provide whatever information YOU have regarding the answered portion.

6.    In the event that any requested document has been destroyed, lost, discarded or is otherwise no longer in YOUR possession, custody, or control, YOU shall identify the document as completely as possible and specify the document's disposal date, disposal manner, disposal reason, the person who authorized the disposal, and the person who disposed of the document.

7.    In the event any information is withheld on a claim of attorney-client-privilege, work-product doctrine, or any other applicable privilege, YOU shall provide a privilege log that includes at least the following information: the nature of the information contained in the withheld document, the document date, source, and subject matter, the author(s) and recipient(s), such as would enable the privilege claim to be adjudicated, and any authority that YOU asserts supports any claim of privilege.

8.    The word "any" shall be construed to include "all" and vice versa.

//

//

SAMSUNG SDI AMERICA, INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO INDIRECT PURCHASER
PLAINTIFFS

## II.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request for Production of Documents No. 1:**

All DOCUMENTS that support YOUR response to Interrogatory No. 1.

**Request for Production of Documents No. 2:**

All DOCUMENTS that support YOUR response to Interrogatory No. 2.

**Request for Production of Documents No. 3:**

All DOCUMENTS that support YOUR response to Interrogatory No. 3.

**Request for Production of Documents No. 4:**

All DOCUMENTS that support YOUR response to Interrogatory No. 4.

DATED:  March 8, 2010

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____

JAMES L. MCGINNIS

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

-3-

MICHAEL TUBACH (SBN 145955)
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701
Email: mtubach@omm.com

IAN SIMMONS (*Admitted Pro Hac Vice*)
O'MELVENY & MYERS LLP
1625 Eye St. NW
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: isimmons@omm.com

Attorneys for Defendant:
**SAMSUNG ELECTRONICS AMERICA, INC.**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 07-5944-SC<br>MDL No. 1917 |
| This Document Relates to: | Judge: Hon. Samuel Conti<br>Special Master: Hon. Charles A. Legge (Ret.) |
| INDIRECT PURCHASER ACTION | **FIRST SET OF INTERROGATORIES OF SAMSUNG ELECTRONICS AMERICA, INC. TO THE INDIRECT PURCHASER PLAINTIFFS** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant

Samsung Electronics America, Inc. hereby requests that the Indirect Purchaser Plaintiffs

("Plaintiffs") in the above-captioned action respond to the following first set of interrogatories

(the "Interrogatories"). Plaintiffs are directed to serve their verified answers in conformance with

the above-cited rules at the offices of O'MELVENY & MYERS LLP, Attn: Ian Simmons, 1625

1    Eye Street NW, Washington, D.C. 20006 (or at such other place as may be agreed upon by the

2    parties), within thirty (30) days after the date of the service hereof.

3                                                   **DEFINITIONS**

4              For the purposes of these Interrogatories, the following definitions apply:

5    A.      "Action" means the above-captioned consolidated class action.

6    B.      "And" and "or" shall be construed either disjunctively or conjunctively as

7    necessary to bring within the scope of the Interrogatories all information that might otherwise be

8    construed to be outside of their scope.

9    C.      "Complaint" means Plaintiffs' Consolidated Amended Complaint in the Action,

10   filed in the United States District Court for the Northern District of California on March 16, 2009.

11   D.      "CRTs" means cathode ray tubes, as defined in Paragraphs 13 and 14 of the

12   Complaint.

13   E.      "CRT Products" means "products containing CRTs, such as television sets and

14   computer monitors" as defined in Paragraph 15(b) of the Complaint.

15   F.      "Defendants" means all entities enumerated in paragraphs 50-108 of the

16   Complaint.

17   G.      "Document(s)" means "documents" as defined in the Federal Rules of Civil

18   Procedure including but not limited to any written, printed, typed, recorded, filmed, punched,

19   transcribed, taped or other graphic matter of any kind or nature, however produced or reproduced,

20   whether in hard copy, electronic, or other form, and includes, without limitation, pamphlets,

21   brochures, books, booklets, information sheets, papers, articles, journals, magazines, computer

22   printouts, Internet search results, tapes, discs or other forms of audio, visual or audio/visual

23   recordings, records, memoranda, reports, financial statements, affidavits, handwritten and other

24   notes, transcripts, paper, indices, letters, envelopes, telegrams, cables, electronic mail messages,

25   telex messages, telecopied messages, telephone messages, summaries or records of telephone

26   conversations, summaries or records of personal conversations or interviews, summaries or

27   records of meetings or conferences, minutes or transcriptions or notations of meetings or

28   telephone conversations or other communications of any type, tabulations, studies, analyses,

1  evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars,

2  product labels, maintenance or service records, appointment books, diaries, billing records,

3  checks, bank account statements, invoices.

4       H.     "Each" means all, each, and every.

5       I.     "Person(s)" means and includes all natural persons or entities, governmental units,

6  partnerships, firms, corporations, associations, joint ventures, any other form of business

7  organization or arrangement, or any form of public, private or legal entity.

8       J.     "You" and "Your" means the Indirect Purchaser Plaintiffs in the Action, their

9  direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions,

10  predecessors, successors, and assigns, the present and former officers, directors, employees,

11  attorneys, agents, and representatives of any of the above, and each person acting or purporting to

12  act on their behalf.

13       K.     The singular form of any noun or pronoun includes the plural, and vice versa.

14       L.     Terms in the present tense include terms in the past tense, and terms in the past

15  tense include terms in the present tense.

16  **GENERAL INSTRUCTIONS**

17       1.     Answers to these Interrogatories are to be based upon all knowledge or

18  information available to Plaintiffs, including, but not limited to, all information or knowledge

19  derivable from business or other records, and all knowledge or information possessed by any

20  person, including but not limited to any employee, agent, attorney, expert witness, consultant,

21  representative or other advisor, subject to the instruction, direction or control of Plaintiffs.

22       2.     Each Interrogatory is to be answered separately and in order, and shall be

23  construed independently and not by reference to any other Interrogatory.

24       3.     Plaintiffs should answer each Interrogatory fully, unless it is objected to, in which

25  event the reasons for the objection should be specifically and separately stated.

26       4.     The answers are to be signed by Plaintiffs and the objections, if any, are to be

27  signed by the attorney making them.

28

5.      Where a complete answer to a particular Interrogatory is not possible, the Interrogatory should be answered to the extent possible and a statement should be made indicating why only a partial answer is given, together with the identity of each Document or source from which more complete information is obtainable.

6.      With respect to any Interrogatory that Plaintiffs may allege that they are unable to answer due to insufficient knowledge, Plaintiffs are requested to specify the nature of the inquiries made in an attempt to enable Plaintiffs to answer the Interrogatory, including the identity of any person communicated with in an attempt to enable Plaintiffs to respond fully to the Interrogatory.

7.      If, in answering these Interrogatories, Plaintiffs claim any ambiguity in interpreting either a particular Interrogatory or a definition or instruction, such claim shall not be utilized as a basis for refusing to answer.  Instead, Plaintiffs shall set forth as part of the answer the language deemed to be ambiguous and the interpretation utilized in the response to the Interrogatory.

8.      When referring to a person, "identify" means to state the person's full name, present or last known address, telephone number, present or last known place of employment, and present or last known title at that place of employment.  Once a person has been identified in accordance with this paragraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of the person.

## **INTERROGATORIES**

**Interrogatory No. 1:**

Identify each Person who provided information to answer these Interrogatories.

**Interrogatory No. 2:**

With respect to televisions, as defined in Paragraph 15(b) of the Complaint as "products containing CRTs", please state with specificity the factual basis (including the identification of each Document, Person or other evidentiary source) for the allegation in Paragraph 1 of the Complaint that Defendants "conspired to fix, raise, maintain and/or stabilize

1  prices" of those "CRT products", namely televisions containing CRTs.

2  **Interrogatory No. 3:**

3          With respect to products other than televisions and monitors, as defined in

4  Paragraph 15(b) of the Complaint as "products containing CRTs", please state with specificity the

5  factual basis (including the identification of each Document, Person or other evidentiary source)

6  for the allegation in Paragraph 1 of the Complaint that Defendants "conspired to fix, raise,

7  maintain and/or stabilize prices" of those "CRT products", namely products other than televisions

8  or monitors containing CRTs.

9  **Interrogatory No. 4:**

10          With respect to the allegation in Paragraph 238 of the Complaint that "Defendants

11  intended to pass on the full cost of" CRTs in their televisions containing CRTs and "in fact did

12  so", please state with specificity the factual basis (including the identification of each Document,

13  Person or other evidentiary source) for this allegation.

14  **Interrogatory No. 5:**

15          With respect to the allegation in Paragraph 238 of the Complaint that "Defendants

16  intended to pass on the full cost of" CRTs in their finished products containing CRTs, other than

17  televisions and computer monitors, and "in fact did so", please state with specificity the factual

18  basis (including the identification of each Document, Person or other evidentiary source) for this

19  allegation.

20  **Interrogatory No. 6:**

21          For each Defendant (regardless of its purported affiliation with any other

22  Defendant), state with specificity the factual basis (including any Documents, Persons, or other

23  evidentiary sources) for Your allegations that it conspired, combined, and contracted with any of

24  the other Defendants "to fix, raise, maintain and/or stabilize the prices of CRT Products sold in

25  the United States", as alleged in, *inter alia*, Paragraph 1 of the Complaint.

26

27

28

1    Dated: March 8, 2010          By:  _____

2                                       IAN SIMMONS (*pro hac vice*)
                                        Email: isimmons@omm.com
3                                       **O'MELVENY & MYERS LLP**
                                        1625 Eye Street, NW
4                                       Washington, D.C. 20006
                                        Telephone:  (202) 383-5300
5                                       Facsimile:  (202) 383-5414

6
                                        MICHAEL TUBACH(145955)
7                                       Email: mtubach@omm.com
                                        **O'MELVENY & MYERS LLP**
8                                       Two Embarcadero Center, 28th Floor
                                        San Francisco, California 94111
9                                       Telephone:  (415) 984-8700
                                        Facsimile:  (415) 984-8701
10

11
                                        *Attorneys for Defendant Samsung Electronics*
12                                      *America, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MICHAEL TUBACH (SBN 145955)
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701
Email: mtubach@omm.com

IAN SIMMONS (*Admitted Pro Hac Vice*)
O'MELVENY & MYERS LLP
1625 Eye St. NWWashington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: isimmons@omm.com

Attorneys for Defendant:
**SAMSUNG ELECTRONICS AMERICA, INC.**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | ) ) ) |
| | ) |
| This Document Relates to: | ) ) |
| INDIRECT PURCHASER ACTION | ) ) ) ) ) ) ) ) ) ) |

No. 07-5944-SC
MDL No. 1917

Judge: Hon. Samuel Conti
Special Master: Hon. Charles A. Legge (Ret.)

**FIRST SET OF DOCUMENT REQUESTS OF SAMSUNG ELECTRONICS AMERICA, INC. TO THE INDIRECT PURCHASER PLAINTIFFS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Samsung Electronics America, Inc. hereby requests that the Indirect Purchaser Plaintiffs ("Plaintiffs") in the above-captioned action respond to the following first set of document requests (the "Document Requests"). Plaintiffs are directed to serve the requested documents for inspection and copying in conformance with the above-cited rules at the offices of O'MELVENY & MYERS LLP, Attn: Ian Simmons, 1625 Eye Street NW, Washington, D.C. 20006 (or at such

1   other place as may be agreed upon by the parties), within thirty (30) days after the date of the

2   service hereof.

## DEFINITIONS AND INSTRUCTIONS

4   1.   For the purposes of these Document Requests, the following definitions apply:

5   a.   "Action" means the above-captioned consolidated class action.

6   b.   "And" and "or" shall be construed either disjunctively or conjunctively as

7   necessary to bring within the scope of the Document Requests all

8   information that might otherwise be construed to be outside of their scope.

9   c.   "Complaint" means Plaintiffs' Consolidated Amended Complaint in the

10   Action, filed in the United States District Court for the Northern District of

11   California on March 16, 2009.

12   d.   "CRTs" means cathode ray tubes, as defined in Paragraphs 13 and 14 of

13   the Complaint.

14   e.   "CRT Products" means "products containing CRTs, such as television sets

15   and computer monitors" as defined in Paragraph 15(b) of the Complaint.

16   f.   "Defendants" means all entities enumerated in paragraphs 50-108 of the

17   Complaint.

18   g.   "Document(s)" means "documents" as defined in the Federal Rules of

19   Civil Procedure including but not limited to any written, printed, typed,

20   recorded, filmed, punched, transcribed, taped or other graphic matter of any

21   kind or nature, however produced or reproduced, whether in hard copy,

22   electronic, or other form, and includes, without limitation, pamphlets,

23   brochures, books, booklets, information sheets, papers, articles, journals,

24   magazines, computer printouts, Internet search results, tapes, discs or other

25   forms of audio, visual or audio/visual recordings, records, memoranda,

26   reports, financial statements, affidavits, handwritten and other notes,

27   transcripts, paper, indices, letters, envelopes, telegrams, cables, electronic

28   mail messages, telex messages, telecopied messages, telephone messages,

summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcriptions or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, product labels, maintenance or service records, appointment books, diaries, billing records, checks, bank account statements, invoices.

h.   "Each" means all, each, and every.

i.   The use of the term "Interrogatory" refers to those interrogatories in the First Set of Interrogatories of Defendant Samsung Electronics America, Inc. to the Indirect Purchaser Plaintiffs, dated March 8, 2010.

j.   "Person(s)" means and includes all natural persons or entities, governmental units, partnerships, firms, corporations, associations, joint ventures, any other form of business organization or arrangement, or any form of public, private or legal entity.

k.   "SE Defendants" means Defendants Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd.

l.   "You" and "Your" means the Indirect Purchaser Plaintiffs in the Action, their direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, predecessors, successors, and assigns, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and all persons acting or purporting to act on their behalf.

2.   These Document Requests cover each Document and information in Your possession, custody, or control, including information in the possession of any of Your attorneys, agents, servants, representatives, consultants, or other persons directly or indirectly employed,

1  retained by, or in privity with You, or anyone else acting on Your behalf or subject to Your

2  control.

3       3.    For each Document requested, produce the entire original Document, along with

4  each attachment, appendice, enclosure and exhibit, and any copy that is not identical to the

5  original (whether because of notes made on, or attached to, such copy or otherwise), regardless of

6  whether you consider the attachments, appendices, enclosures and exhibits to be relevant or

7  responsive to these requests.

8       4.    If any Document is withheld under a claim of privilege or is not produced for

9  whatever reason, You must:

10          a.    state with specificity the claim of privilege or other reason used to withhold

11              the Document from production; and

12          b.    identify each Document by (i) date; (ii) name, occupation, and capacity of

13              the author; (iii) name, occupation, and capacity of the individual to whom

14              the allegedly privileged matter emanated; and (iv) subject matter, without

15              disclosing the Document's contents, in a manner sufficient to allow it to be

16              described to the Court for a ruling on privilege or other reasons asserted.

17       5.    If You object to any portion of the Document Requests, provide all information

18  called for by that portion of the Document Requests to which You do not object.  State with

19  reasonable particularity the reason for Your objection to the remainder.

20       6.    If, in responding to a request, You claim any ambiguity in interpreting either the

21  Document Requests, or an applicable definition or instruction, such claim shall not be used as a

22  basis for refusing to respond, but You should set forth as part of Your response the language

23  deemed to be ambiguous and the interpretation chosen or used in responding to the Document

24  Requests.

25       7.    Each page or sheet produced by You is to be marked with consecutive document

26  control numbers.

27       8.    Identify each Document requested by the Document Requests that has been

28  destroyed.

9. Electronic records and computerized information should be produced in an intelligible format or together with a description of the system from which they are derived, sufficient to permit rendering the material intelligible.

10. The singular form of any noun or pronoun includes the plural, and vice versa.

11. Terms in the present tense include terms in the past tense, and terms in the past tense include terms in the present tense.

## DOCUMENT REQUESTS

**Document Request No. 1:**

Each Document that supports Your response to Interrogatory No. 2.

**Document Request No. 2:**

Each Document that supports Your response to Interrogatory No. 3.

**Document Request No. 3:**

Each Document that supports Your response to Interrogatory No. 4.

**Document Request No. 4:**

Each Document that supports Your response to Interrogatory No. 5.

**Document Request No. 5:**

Each Document that supports Your response to Interrogatory No. 6.

**Document Request No. 6**

Any other Document that supports Your allegations that each of the SE Defendants conspired to fix, raise, maintain, and/or stabilize the price at which finished products containing CRTs were sold in the United States.

**Document Request No. 7**

Each Document that that supports Your allegations that each of the SE Defendants intended to pass on the full cost of CRTs in their finished products containing CRTs and in fact did so.

**Document Request No. 8**

Each Document that supports Your allegations that any other Defendant intended to pass on the full cost of CRTs in their finished products containing CRTs and in fact did so.

1

2   Dated: March 8, 2010          By: _____

3                                      IAN SIMMONS (*pro hac vice*)
                                       Email: isimmons@omm.com
4                                      **O'MELVENY & MYERS LLP**
                                       1625 Eye Street, NW
5                                      Washington, D.C. 20006
                                       Telephone:  (202) 383-5300
6                                      Facsimile:  (202) 383-5414

7

8                                      MICHAEL TUBACH(145955)
                                       Email: mtubach@omm.com
9                                      **O'MELVENY & MYERS LLP**
                                       Two Embarcadero Center, 28th Floor
10                                     San Francisco, California 94111
                                       Telephone:  (415) 984-8700
11                                     Facsimile:  (415) 984-8701

12

13                                     *Attorneys for Defendant Samsung Electronics*
                                       *America, Inc.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28