# EXHIBIT C

1 | Guido Saveri (22349) guido@saveri.com
R. Alexander Saveri (173102) rick@saveri.com
2 | Geoffrey C. Rushing (126910) grushing@saveri.com
Cadio Zirpoli (179108) cadio@saveri.com
3 | SAVERI & SAVERI, INC.
706 Sansome Street
4 | San Francisco, CA 94111
Telephone:  (415) 217-6810
5 | Facsimile:  (415) 217-6813

6 | *Interim Lead Counsel for the Direct Purchaser
Plaintiffs*

7

8

9 | **UNITED STATES DISTRICT COURT**

10 | **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

11

12 | IN RE: CATHODE RAY TUBE (CRT) | MASTER FILE NO.. 07-cv-5944 SC
ANTITRUST LITIGATION

13 | | **DIRECT PURCHASER PLAINTIFFS'
RESPONSES TO DEFENDANT LG
ELECTRONICS, INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION**

14 | This Document Relates to:

15 | ALL DIRECT PURCHASER ACTIONS

16

17

18 | PROPOUNDING PARTY:      LG ELECTRONICS, INC.

19 | RESPONDING PARTY:       DIRECT PURCHASER PLAINTIFFS

20 | SET NO.:                ONE

21 |         Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Direct Purchaser

22 | Plaintiffs ("Plaintiffs") hereby respond to defendant LG Electronics, Inc.'s First Set of Request for

23 | Production of Documents as follows:

24 | **PRELIMINARY STATEMENT**

25 |         Nothing herein should be construed as an admission by Plaintiffs respecting the

26 | admissibility or relevance of any fact or document, or of the truth or accuracy of any

27 | characterization or statement of any kind contained in defendant LG Electronics, Inc.'s First Set of

28 | Request for Production of Documents ("Request for Production").  Plaintiffs have not completed

812446.2

DIRECT PURCHASER PLAINTIFFS' RESPONSES TO
DEFENDANT LG ELECTRONICS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION

1   their investigation of the facts relating to this case or its preparation for trial.  All responses and

2   objections contained herein are based only upon such information and such documents as are

3   presently available to and specifically known to Plaintiffs.  It is anticipated that independent

4   investigation, legal research and analysis will supply additional facts and add meaning to known

5   facts, as well as establish entirely new factual conclusions and legal contentions, all of which may

6   lead to substantial additions to, changes in and variations from the responses set forth herein.

7        The following objections and responses are made without prejudice to Plaintiffs' right to

8   produce at trial, or otherwise, evidence regarding any subsequently discovered information,

9   evidence and/or documents.  Plaintiffs accordingly reserve the right to modify and amend any and

10   all responses herein as research is completed and contentions are made.

11                              <u>**GENERAL OBJECTIONS**</u>

12        Plaintiffs object generally to the Request for Production, and to each individual request

13   therein, on the following grounds, each of which is incorporated by reference in the responses to

14   the individual requests below.  Each response set forth below incorporates, is subject to, and does

15   not waive any of these general objections.

16        1.    Plaintiffs object to each and every request to the extent that it seeks disclosure of

17   information containing privileged communications or other matters protected by the attorney-

18   client privilege, the work-product doctrine, or any other applicable privilege or doctrine.  None of

19   Plaintiffs' specific responses shall be construed to mean that Plaintiffs intend to provide privileged

20   or work-product information in the absence of an intentional waiver.  Any inadvertent disclosure

21   of privileged or work-product information shall not constitute a waiver of an otherwise valid claim

22   of privilege or other protection, and any failure to assert a privilege or other protection as to

23   certain information shall not be deemed to constitute a waiver of the privilege or other protection

24   as to any other information so protected.

25        2.    The Request for Production, and certain of the requests contained therein, are

26   unreasonably overbroad in scope, and thus burdensome and oppressive, in that each such request

27   seeks information pertaining to items and matters that are not relevant to the subject matter of this

28   action, or, if relevant, are so remote therefrom as to make its disclosure of little or no practical

DIRECT PURCHASER PLAINTIFFS' RESPONSES TO
DEFENDANT LG ELECTRONICS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION

1 benefit to defendant, while placing a wholly unwarranted burden and expense on Plaintiffs in

2 locating, reviewing and producing the requested information.

3       3.    The Request for Production, and certain of the requests contained therein, are

4 burdensome and oppressive, in that ascertaining the information necessary to respond thereto, and

5 to produce documents in accordance therewith, would require the review and compilation of

6 information from multiple locations, and voluminous records and files, thereby involving

7 substantial time of Plaintiffs' employees and great expense to Plaintiffs, whereas the information

8 sought to be obtained by defendant would be of little use or benefit to defendant.

9       4.    The Request for Production, and certain of the requests contained therein, purports

10 to impose on Plaintiffs obligations or responsibilities in excess of those imposed by the Federal

11 Rules of Civil Procedure, the applicable Local Rules, any other applicable procedural rules, case

12 law, statutes governing the proper scope of discovery, or applicable Court Orders.

13       5.    The Request for Production, and certain of the requests contained therein, calls for

14 documents which are outside the possession, custody or control of Plaintiffs.

15       6.    Plaintiffs object to each request, instruction, or definition to the extent it seeks

16 information that is already in the possession of the propounding party or the other defendants or is

17 obtainable from some other source that is more convenient, less burdensome or less expensive.

18       7.    Plaintiffs object to each request, instruction, or definition to the extent that it

19 impermissibly seeks the premature disclosure of experts and expert information or requires

20 Plaintiffs to disclose analyses, comparative analyses, opinions, or theories that will be the subject

21 of expert testimony.

22       8.    To the extent any term in the Request for Production is defined in the Federal

23 Rules of Civil Procedure, Plaintiffs will interpret such term as it is so defined and not as defined in

24 the Request for Production.

25       9.    The Request for Production, and certain of the requests contained therein, seek to

26 have Plaintiffs furnish information and identify documents that are a matter of public record and,

27 therefore, are equally available to the propounding party as they are to Plaintiffs.

28       Plaintiffs' responses agreeing to produce documents in response to the requests should not

1  be construed as meaning that documents of the type requested exist, and should only be construed

2  as indicating that Plaintiffs will produce documents of the type requested if they are in Plaintiffs'

3  possession, custody or control, are not privileged or otherwise exempt from production, and can be

4  located and produced through reasonable and good faith effort.

5  **RESPONSES**

6  **REQUEST FOR PRODUCTION NO. 1:**

7      All Documents that support Your response to Interrogatory No. 1.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

9      Plaintiffs incorporate the General Objections as though fully set forth herein.  In particular,

10  this request is premature in that discovery has just started, defendants have not responded to

11  plaintiffs' interrogatories, and plaintiffs have not taken any depositions (and are not permitted to

12  take depositions until November 1, 2010).  This request seeks, in effect, a list of trial exhibits

13  which is not yet required to be produced.  Moreover, on March 8, 2010, certain defendants

14  produced to all parties in this litigation, documents that had previously been produced to the

15  Department of Justice in response to a grand jury subpoena.  That production contains some of the

16  documents that support plaintiffs' allegations.  Accordingly, the requested documents are equally

17  available to the propounding party.  Plaintiffs further object to this request to the extent it calls for

18  the production of information protected by the attorney-client privilege, the attorney work-product

19  doctrine, or any other applicable privilege, or that is otherwise privileged or immune from

20  discovery.  In addition, this request is compound, overbroad and contains multiple subparts, which

21  if broken apart, contain numerous separate document requests.  Subject to, and without waiving,

22  the foregoing objections, plaintiffs respond as follows:

23      Plaintiffs anticipate receiving substantial additional discovery.  At such time as plaintiffs

24  have had an opportunity to review and analyze material previously produced to the Department of

25  Justice and the additional material sought by plaintiffs, they will meet and confer with defendants

26  to work out a schedule for supplementing these responses.  At the present time, plaintiffs refer

27  defendants to the documents produced to the Department of Justice in connection with the

28  investigation of the Cathode Ray Tube industry, the three indictments of employees of Chunghwa,

1  the JFTC findings against CRT manufacturers and the European Commission Statement of

2  Objections against CRT manufacturers.

3  **REQUEST FOR PRODUCTION NO. 2:**

4       All Documents that support Your response to Interrogatory No. 2.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

6       Plaintiffs incorporate the General Objections as though fully set forth herein.  In particular,

7  this request is premature in that discovery has just started, defendants have not responded to

8  plaintiffs' interrogatories, and plaintiffs have not taken any depositions (and are not permitted to

9  take depositions until November 1, 2010).  This request seeks, in effect, a list of trial exhibits

10 which is not yet required to be produced.  Moreover, on March 8, 2010, certain defendants

11 produced to all parties in this litigation, documents that had previously been produced to the

12 Department of Justice in response to a grand jury subpoena.  That production contains some of the

13 documents that support plaintiffs' allegations.  Accordingly, the requested documents are equally

14 available to the propounding party.  Plaintiffs further object to this request to the extent it calls for

15 the production of information protected by the attorney-client privilege, the attorney work-product

16 doctrine, or any other applicable privilege, or that is otherwise privileged or immune from

17 discovery.  In addition, this request is compound, overbroad and contains multiple subparts, which

18 if broken apart, contain numerous separate document requests.  Subject to, and without waiving,

19 the foregoing objections, plaintiffs respond as follows:

20      Plaintiffs anticipate receiving substantial additional discovery.  At such time as plaintiffs

21 have had an opportunity to review and analyze material previously produced to the Department of

22 Justice and the additional material sought by plaintiffs, they will meet and confer with defendants

23 to work out a schedule for supplementing these responses.  At the present time, plaintiffs refer

24 defendants to the documents produced to the Department of Justice in connection with the

25 investigation of the Cathode Ray Tube industry, the three indictments of employees of Chunghwa,

26 the JFTC findings against CRT manufacturers and the European Commission Statement of

27 Objections against CRT manufacturers.

28

**REQUEST FOR PRODUCTION NO. 3:**

All Documents that support Your response to Interrogatory No. 3.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiffs incorporate the General Objections as though fully set forth herein. In particular, this request is premature in that discovery has just started, defendants have not responded to plaintiffs' interrogatories, and plaintiffs have not taken any depositions (and are not permitted to take depositions until November 1, 2010). This request seeks, in effect, a list of trial exhibits which is not yet required to be produced. Moreover, on March 8, 2010, certain defendants produced to all parties in this litigation, documents that had previously been produced to the Department of Justice in response to a grand jury subpoena. That production contains some of the documents that support plaintiffs' allegations. Accordingly, the requested documents are equally available to the propounding party. Plaintiffs further object to this request to the extent it calls for the production of information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, or that is otherwise privileged or immune from discovery. In addition, this request is compound, overbroad and contains multiple subparts, which if broken apart, contain numerous separate document requests. Subject to, and without waiving, the foregoing objections, plaintiffs respond as follows:

Plaintiffs anticipate receiving substantial additional discovery. At such time as plaintiffs have had an opportunity to review and analyze material previously produced to the Department of Justice and the additional material sought by plaintiffs, they will meet and confer with defendants to work out a schedule for supplementing these responses. At the present time, plaintiffs refer defendants to the documents produced to the Department of Justice in connection with the investigation of the Cathode Ray Tube industry, the three indictments of employees of Chunghwa, the JFTC findings against CRT manufacturers and the European Commission Statement of Objections against CRT manufacturers.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents that support Your response to Interrogatory No. 4.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

2      Plaintiffs incorporate the General Objections as though fully set forth herein.  In particular,

3  this request is premature in that discovery has just started, defendants have not responded to

4  plaintiffs' interrogatories, and plaintiffs have not taken any depositions (and are not permitted to

5  take depositions until November 1, 2010).  This request seeks, in effect, a list of trial exhibits

6  which is not yet required to be produced.  Moreover, on March 8, 2010, certain defendants

7  produced to all parties in this litigation, documents that had previously been produced to the

8  Department of Justice in response to a grand jury subpoena.  That production contains some of the

9  documents that support plaintiffs' allegations.  Accordingly, the requested documents are equally

10  available to the propounding party.  Plaintiffs further object to this request to the extent it calls for

11  the production of information protected by the attorney-client privilege, the attorney work-product

12  doctrine, or any other applicable privilege, or that is otherwise privileged or immune from

13  discovery.  In addition, this request is compound, overbroad and contains multiple subparts, which

14  if broken apart, contain numerous separate document requests.  Subject to, and without waiving,

15  the foregoing objections, plaintiffs respond as follows:

16      Plaintiffs anticipate receiving substantial additional discovery.  At such time as plaintiffs

17  have had an opportunity to review and analyze material previously produced to the Department of

18  Justice and the additional material sought by plaintiffs, they will meet and confer with defendants

19  to work out a schedule for supplementing these responses.  At the present time, plaintiffs refer

20  defendants to the documents produced to the Department of Justice in connection with the

21  investigation of the Cathode Ray Tube industry, the three indictments of employees of Chunghwa,

22  the JFTC findings against CRT manufacturers and the European Commission Statement of

23  Objections against CRT manufacturers.

24  DATED: May 7, 2010                    By:    /s/ Guido Saveri
                                         SAVERI & SAVERI, INC.
25                                       706 Sansome Street
                                         San Francisco, CA 94111
26                                       Telephone:   (415) 217-6810
                                         Facsimile:    (415) 217-6813
27

28                                       *Interim Lead Counsel for the Direct*
                                         *Purchaser Plaintiffs*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8

DIRECT PURCHASER PLAINTIFFS' RESPONSES TO
DEFENDANT LG ELECTRONICS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION

1  Guido Saveri (22349) guido@saveri.com
   R. Alexander Saveri (173102) rick@saveri.com
2  Geoffrey C. Rushing (126910) grushing@saveri.com
   Cadio Zirpoli (179108) cadio@saveri.com
3  SAVERI & SAVERI, INC.
   706 Sansome Street
4  San Francisco, CA 94111
   Telephone:   (415) 217-6810
5  Facsimile:    (415) 217-6813

6  *Interim Lead Counsel for the Direct Purchaser
   Plaintiffs*

7

8

9                UNITED STATES DISTRICT COURT

10    NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11

12 | IN RE: CATHODE RAY TUBE (CRT)          | MASTER FILE NO.. 07-cv-5944 SC
   | ANTITRUST LITIGATION                   |
13 |                                        | **DIRECT PURCHASER PLAINTIFFS'**
   |_____| **RESPONSES TO DEFENDANT LG**
14 | This Document Relates to:              | **ELECTRONICS, INC.'S FIRST SET OF**
   |                                        | **INTERROGATORIES**
15 | ALL DIRECT PURCHASER ACTIONS           |

16

17

18 PROPOUNDING PARTY:        LG ELECTRONICS, INC.

19 RESPONDING PARTY:         DIRECT PURCHASER PLAINTIFFS

20 SET NO.:                  ONE

21        Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiffs, by their

22 attorneys, object and respond to Defendant LG Electronics, Inc.'s First Set of Interrogatories to the

23 Direct Purchaser Plaintiffs (the "Interrogatories") as follows:

24                            **GENERAL OBJECTIONS**

25        Each of the following objections is incorporated by reference into each of the responses

26 herein:

27        1.     Plaintiffs generally object to the Interrogatories, including the Instructions and

28 Definitions, to the extent they purport to enlarge, expand or alter in any way the plain meaning and

813952.1                                                              MDL NO. 1917
                          DIRECT PURCHASER PLAINTIFFS' RESPONSES TO
              DEFENDANT LG ELECTRONICS, INC.'S FIRST SET OF INTERROGATORIES

1  scope of any interrogatory or to impose any obligations on Plaintiffs' responses in excess of those

2  required by the Federal Rules of Civil Procedure.  Plaintiffs will respond to these Interrogatories

3  in accordance with their understanding of the obligations imposed by the Federal Rules of Civil

4  Procedure.

5       2.      Plaintiffs object to the Interrogatories, including the Instructions and Definitions, to

6  the extent the information sought is protected by the attorney-client privilege, the attorney work

7  product doctrine, or is otherwise privileged and/or immune from discovery.  By responding to

8  these Interrogatories, Plaintiffs do not waive, intentionally or otherwise, any attorney-client

9  privilege, attorney work-product or any other privilege, immunity or other protection that may be

10  asserted to protect any information from disclosure.  Accordingly, any response or production of

11  documents or disclosure of information inconsistent with the foregoing is wholly inadvertent and

12  shall not constitute a waiver of any such privilege, immunity or other applicable protection.

13       3.      Plaintiffs object to the Interrogatories to the extent they fail to state with sufficient

14  particularity the information and categories of information to be provided.

15       4.      Plaintiffs object to the Interrogatories to the extent they request Plaintiffs to

16  produce documents outside their possession, custody, or control.

17       5.      Plaintiffs object to the Interrogatories to the extent they are overly broad and

18  unduly burdensome.

19       6.      Plaintiffs object to the Interrogatories to the extent they are vague or ambiguous.

20       7.      Plaintiffs object to the Interrogatories to the extent they require Plaintiffs to draw

21  legal conclusions.

22       8.      Plaintiffs object to the Interrogatories to the extent the information requested is

23  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

24       9.      Plaintiffs object to Defendants' Interrogatories on the basis that Plaintiffs have not

25  yet had an opportunity to complete substantial discovery in this action, and no Defendant

26  depositions or other significant depositions have been taken.  Thus, discovery is far from

27  complete.  Under the circumstances, Defendants' Interrogatories are premature, and the responses

28  to the Interrogatories are not complete and are subject to full discovery in the case.  Plaintiffs

1    reserve the right to modify their allegations based on additional discovery, additional analysis of

2    existing discovery, discovery not yet completed and/or expert discovery, and Plaintiffs reserve the

3    right to supplement and/or delete the responses given in light of further evidence and further

4    analysis of present and subsequently acquired evidence.

5         10.      In addition, in accordance with the Federal Rules of Civil Procedure, Plaintiffs

6    reserve the right to introduce evidence not yet identified herein supporting Plaintiffs' allegations,

7    including evidence that Plaintiffs expect to further develop through the course of discovery and

8    expert analysis.  Plaintiffs reserve the right to supplement or modify any information, contention

9    or analysis herein, including evidentiary materials as a result of expert analysis or discovery in this

10   action.

11        11.      Plaintiffs further object to the Interrogatories as being in the nature of contention

12   Interrogatories when discovery has not been completed.  To the extent that Defendants'

13   Interrogatories request the contentions of Plaintiffs in this case, those contentions are set forth in

14   large part in Direct Purchaser Plaintiffs' Consolidated Amended Complaint (the "Complaint").

15   The allegations of the Complaint are incorporated by reference in each of the answers to the

16   Interrogatories set forth herein.

17        12.      In providing responses to the Interrogatories, Plaintiffs reserve all objections as to

18   competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent

19   proceeding in, or trial of, this or any other action for any purpose whatsoever.

20        13.      No incidental or implied admissions are intended in these responses.  Plaintiffs'

21   response to all or any part of any Interrogatory should not be taken as an admission that: (a)

22   Plaintiffs accept or admit the existence of any fact(s) set forth or assumed by the Interrogatory; or

23   (b) Plaintiffs' responses constitute admissible evidence.  Plaintiffs' response to all or any part of an

24   Interrogatory also is not intended to be, and shall not be, a waiver by Plaintiffs of all or any part of

25   their objection(s) to that interrogatory.

26                                    **RESPONSES**

27   **INTERROGATORY NO. 1:**

28        State with specificity the factual basis (including any evidentiary sources) for Your

813952.1

1   allegation that Defendants conspired, combined and contracted to fix, raise, maintain, and stabilize

2   the price at which computer monitors containing CRTs were sold in the United States, as alleged

3   in, inter alia, Paragraph 3 of the Complaint.

4   **RESPONSE TO INTERROGATORY NO. 1:**

5         Plaintiffs object to this interrogatory as being a premature contention interrogatory. *See In*

6   *re Convergent Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is

7   considerable recent authority for the view that the wisest general policy is to defer propounding

8   and answering contention interrogatories until near the end of the discovery period."); *In re Ebay*

9   *Seller Antitrust Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008)

10   ("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked

11   before discovery is undertaken."). Discovery has just started, defendants have not responded to

12   plaintiffs' interrogatories, and plaintiffs have not taken any depositions (and are not permitted to

13   take depositions until November 1, 2010). Moreover, on March 8, 2010, certain defendants

14   produced to all parties in this litigation, documents that had previously been produced to the

15   Department of Justice in response to a grand jury subpoena. That production contains some of the

16   factual basis to support plaintiffs' allegations. Accordingly, the requested information is equally

17   available to the propounding party. This interrogatory is also objected to as being compound.

18   Subject to, and without waiving, the foregoing objections, plaintiffs respond as follows:

19         Plaintiffs anticipate receiving substantial additional discovery. At such time as plaintiffs

20   have had an opportunity to review and analyze material previously produced to the Department of

21   Justice and the additional material sought by plaintiffs, they will meet and confer with defendants

22   to work out a schedule for supplementing these responses. Without waiving any of the general

23   objections, or specific objections set forth above, plaintiffs exercise their right under Federal Rule

24   of Civil Procedure 33(d) to refer to the documents produced to the Department of Justice in

25   connection with the investigation of the Cathode Ray Tube industry, the three indictments of

26   employees of Chunghwa, the JFTC findings against CRT manufacturers and the European

27   Commission Statement of Objections against CRT manufacturers.

28

1   <u>INTERROGATORY NO. 2:</u>

2          State with specificity the factual basis (including any evidentiary sources) for Your

3   allegation that Defendants agreed to allocate market shares and customers of sales of computer

4   monitors containing CRTs, as alleged in, inter alia, Paragraphs 5 and 138 of the Complaint.

5   <u>RESPONSE TO INTERROGATORY NO. 2:</u>

6          Plaintiffs object to this interrogatory as being a premature contention interrogatory.  *See In*

7   *re Convergent Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is

8   considerable recent authority for the view that the wisest general policy is to defer propounding

9   and answering contention interrogatories until near the end of the discovery period."); *In re Ebay*

10  *Seller Antitrust Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008)

11  ("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked

12  before discovery is undertaken.").  Discovery has just started, defendants have not responded to

13  plaintiffs' interrogatories, and plaintiffs have not taken any depositions (and are not permitted to

14  take depositions until November 1, 2010).  Moreover, on March 8, 2010, certain defendants

15  produced to all parties in this litigation, documents that had previously been produced to the

16  Department of Justice in response to a grand jury subpoena.  That production contains some of the

17  factual basis to support plaintiffs' allegations.  Accordingly, the requested information is equally

18  available to the propounding party.  This interrogatory is also objected to as being compound.

19  Subject to, and without waiving, the foregoing objections, plaintiffs respond as follows:

20         Plaintiffs anticipate receiving substantial additional discovery.  At such time as plaintiffs

21  have had an opportunity to review and analyze material previously produced to the Department of

22  Justice and the additional material sought by plaintiffs, they will meet and confer with defendants

23  to work out a schedule for supplementing these responses.  Without waiving any of the general

24  objections, or specific objections set forth above, plaintiffs exercise their right under Federal Rule

25  of Civil Procedure 33(d) to refer to the documents produced to the Department of Justice in

26  connection with the investigation of the Cathode Ray Tube industry, the three indictments of

27  employees of Chunghwa, the  JFTC findings against CRT manufacturers and the European

28  Commission Statement of Objections against CRT manufacturers.

813952.1

5

1  **INTERROGATORY NO. 3:**

2      For each separate defendant (regardless of its affiliation with any other defendant), state

3  with specificity the factual basis (including any Documents, Persons, or other evidentiary sources)

4  for Your allegations that it conspired, combined, and contracted with any of the other Defendants

5  to fix, raise, maintain and/or stabilize the prices of computer monitors containing CRTs sold in the

6  United States, as alleged in, inter alia, Paragraph 3 of the Complaint.

7  **RESPONSE TO INTERROGATORY NO. 3:**

8      Plaintiffs object to this interrogatory as being a premature contention interrogatory. *See In*

9  *re Convergent Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is

10  considerable recent authority for the view that the wisest general policy is to defer propounding

11  and answering contention interrogatories until near the end of the discovery period."); *In re Ebay*

12  *Seller Antitrust Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008)

13  ("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked

14  before discovery is undertaken.").  Discovery has just started, defendants have not responded to

15  plaintiffs' interrogatories, and plaintiffs have not taken any depositions (and are not permitted to

16  take depositions until November 1, 2010).  Moreover, on March 8, 2010, certain defendants

17  produced to all parties in this litigation, documents that had previously been produced to the

18  Department of Justice in response to a grand jury subpoena.  That production contains some of the

19  factual basis to support plaintiffs' allegations.  Accordingly, the requested information is equally

20  available to the propounding party.  This interrogatory is also objected to as being compound.

21  Subject to, and without waiving, the foregoing objections, plaintiffs respond as follows:

22      Plaintiffs anticipate receiving substantial additional discovery.  At such time as plaintiffs

23  have had an opportunity to review and analyze material previously produced to the Department of

24  Justice and the additional material sought by plaintiffs, they will meet and confer with defendants

25  to work out a schedule for supplementing these responses.  Without waiving any of the general

26  objections, or specific objections set forth above, plaintiffs exercise their right under Federal Rule

27  of Civil Procedure 33(d) to refer to the documents produced to the Department of Justice in

28  connection with the investigation of the Cathode Ray Tube industry, the three indictments of

1   employees of Chunghwa, the JFTC findings against CRT manufacturers and the European

2   Commission Statement of Objections against CRT manufacturers.

3   **INTERROGATORY NO. 4:**

4         For each separate defendant (regardless of its affiliation with any other defendant), state

5   with specificity the factual basis (including any Documents, persons, or other evidentiary sources)

6   for Your allegations that it agreed to allocate market shares and customers of sales of computer

7   monitors containing CRTs, as alleged in, inter alia, Paragraphs 5 and 138 of the Complaint.

8   **RESPONSE TO INTERROGATORY NO. 4:**

9         Plaintiffs object to this interrogatory as being a premature contention interrogatory. *See In*

10  *re Convergent Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is

11  considerable recent authority for the view that the wisest general policy is to defer propounding

12  and answering contention interrogatories until near the end of the discovery period."); *In re Ebay*

13  *Seller Antitrust Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008)

14  ("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked

15  before discovery is undertaken."). Discovery has just started, defendants have not responded to

16  plaintiffs' interrogatories, and plaintiffs have not taken any depositions (and are not permitted to

17  take depositions until November 1, 2010). Moreover, on March 8, 2010, certain defendants

18  produced to all parties in this litigation, documents that had previously been produced to the

19  Department of Justice in response to a grand jury subpoena. That production contains some of the

20  factual basis to support plaintiffs' allegations. Accordingly, the requested information is equally

21  available to the propounding party. This interrogatory is also objected to as being compound.

22  Subject to, and without waiving, the foregoing objections, plaintiffs respond as follows:

23        Plaintiffs anticipate receiving substantial additional discovery. At such time as plaintiffs

24  have had an opportunity to review and analyze material previously produced to the Department of

25  Justice and the additional material sought by plaintiffs, they will meet and confer with defendants

26  to work out a schedule for supplementing these responses. Without waiving any of the general

27  objections, or specific objections set forth above, plaintiffs exercise their right under Federal Rule

28  of Civil Procedure 33(d) to refer to the documents produced to the Department of Justice in

7

DIRECT PURCHASER PLAINTIFFS' RESPONSES TO
DEFENDANT LG ELECTRONICS, INC.'S FIRST SET OF INTERROGATORIES

1  connection with the investigation of the Cathode Ray Tube industry, the three indictments of

2  employees of Chunghwa, the JFTC findings against CRT manufacturers and the European

3  Commission Statement of Objections against CRT manufacturers.

4  **INTERROGATORY NO. 5:**

5      Identify each Person who provided information to answer these Interrogatories.

6  **RESPONSE TO INTERROGATORY NO. 5:**

7      Plaintiffs object to this interrogatory on the grounds that it is overbroad, unduly

8  burdensome and seeks information that is neither relevant nor calculated to lead to the discovery

9  of admissible evidence.  Plaintiffs also object to the interrogatories on the basis of the attorney

10 work product privilege.  Without waiver of or prejudice to these objections, information contained

11 in these responses was provided by counsel.

12 DATED: May 7, 2010                    By:      /s/ Guido Saveri
                                              SAVERI & SAVERI, INC.
13                                            706 Sansome Street
                                              San Francisco, CA 94111
14                                            Telephone:    (415) 217-6810
                                              Facsimile:    (415) 217-6813
15
                                              *Interim Lead Counsel for the Direct*
16                                            *Purchaser Plaintiffs*

17

18

19

20

21

22

23

24

25

26

27

28

1 | Guido Saveri (22349) guido@saveri.com
R. Alexander Saveri (173102) rick@saveri.com
2 | Geoffrey C. Rushing (126910) grushing@saveri.com
Cadio Zirpoli (179108) cadio@saveri.com
3 | SAVERI & SAVERI, INC.
706 Sansome Street
4 | San Francisco, CA 94111
Telephone:   (415) 217-6810
5 | Facsimile:    (415) 217-6813

6 | *Interim Lead Counsel for the Direct Purchaser Plaintiffs*

7

8

9 | ### UNITED STATES DISTRICT COURT

10 | ### NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11

| | |
|---|---|
| 12 IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 SC |
| 13 | MDL NO. 1917 |
| 14 This Document Relates to: | **DIRECT PURCHASER PLAINTIFFS'** |
| 15 ALL DIRECT PURCHASER ACTIONS | **RESPONSES TO DEFENDANT MT PICTURE DISPLAY CO., LTD.'S FIRST SET OF INTERROGATORIES** |
| 16 | |
| 17 | |

18 | PROPOUNDING PARTY:      MT PICTURE DISPLAY CO., LTD.

19 | RESPONDING PARTY:       DIRECT PURCHASER PLAINTIFFS

20 | SET NO.:                ONE

21 |       Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiffs, by their

22 | attorneys, object and respond to Defendant MT Picture Display Co., Ltd.'s First Set of

23 | Interrogatories to the Direct Purchaser Plaintiffs (the "Interrogatories") as follows:

24 | ### GENERAL OBJECTIONS

25 |       Each of the following objections is incorporated by reference into each of the responses

26 | herein:

27 |       1.      Plaintiffs generally object to the Interrogatories, including the Instructions and

28 | Definitions, to the extent they purport to enlarge, expand or alter in any way the plain meaning and

813954.1

DIRECT PURCHASER PLAINTIFFS' RESPONSES TO
DEFENDANT MT PICTURE DISPLAY CO., LTD.'S FIRST SET OF INTERROGATORIES

1  scope of any interrogatory or to impose any obligations on Plaintiffs' responses in excess of those

2  required by the Federal Rules of Civil Procedure.  Plaintiffs will respond to these Interrogatories

3  in accordance with their understanding of the obligations imposed by the Federal Rules of Civil

4  Procedure.

5       2.    Plaintiffs object to the Interrogatories, including the Instructions and Definitions, to

6  the extent the information sought is protected by the attorney-client privilege, the attorney work

7  product doctrine, or is otherwise privileged and/or immune from discovery.  By responding to

8  these Interrogatories, Plaintiffs do not waive, intentionally or otherwise, any attorney-client

9  privilege, attorney work-product or any other privilege, immunity or other protection that may be

10  asserted to protect any information from disclosure.  Accordingly, any response or production of

11  documents or disclosure of information inconsistent with the foregoing is wholly inadvertent and

12  shall not constitute a waiver of any such privilege, immunity or other applicable protection.

13       3.    Plaintiffs object to the Interrogatories to the extent they fail to state with sufficient

14  particularity the information and categories of information to be provided.

15       4.    Plaintiffs object to the Interrogatories to the extent they request Plaintiffs to

16  produce documents outside their possession, custody, or control.

17       5.    Plaintiffs object to the Interrogatories to the extent they are overly broad and

18  unduly burdensome.

19       6.    Plaintiffs object to the Interrogatories to the extent they are vague or ambiguous.

20       7.    Plaintiffs object to the Interrogatories to the extent they require Plaintiffs to draw

21  legal conclusions.

22       8.    Plaintiffs object to the Interrogatories to the extent the information requested is

23  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

24       9.    Plaintiffs object to Defendants' Interrogatories on the basis that Plaintiffs have not

25  yet had an opportunity to complete substantial discovery in this action, and no Defendant

26  depositions or other significant depositions have been taken.  Thus, discovery is far from

27  complete.  Under the circumstances, Defendants' Interrogatories are premature, and the responses

28  to the Interrogatories are not complete and are subject to full discovery in the case.  Plaintiffs

1  reserve the right to modify their allegations based on additional discovery, additional analysis of

2  existing discovery, discovery not yet completed and/or expert discovery, and Plaintiffs reserve the

3  right to supplement and/or delete the responses given in light of further evidence and further

4  analysis of present and subsequently acquired evidence.

5        10.    In addition, in accordance with the Federal Rules of Civil Procedure, Plaintiffs

6  reserve the right to introduce evidence not yet identified herein supporting Plaintiffs' allegations,

7  including evidence that Plaintiffs expect to further develop through the course of discovery and

8  expert analysis.  Plaintiffs reserve the right to supplement or modify any information, contention

9  or analysis herein, including evidentiary materials as a result of expert analysis or discovery in this

10  action.

11        11.    Plaintiffs further object to the Interrogatories as being in the nature of contention

12  Interrogatories when discovery has not been completed.  To the extent that Defendants'

13  Interrogatories request the contentions of Plaintiffs in this case, those contentions are set forth in

14  large part in Direct Purchaser Plaintiffs' Consolidated Amended Complaint (the "Complaint").

15  The allegations of the Complaint are incorporated by reference in each of the answers to the

16  Interrogatories set forth herein.

17        12.    In providing responses to the Interrogatories, Plaintiffs reserve all objections as to

18  competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent

19  proceeding in, or trial of, this or any other action for any purpose whatsoever.

20        13.    No incidental or implied admissions are intended in these responses.  Plaintiffs'

21  response to all or any part of any Interrogatory should not be taken as an admission that: (a)

22  Plaintiffs accept or admit the existence of any fact(s) set forth or assumed by the Interrogatory; or

23  (b) Plaintiffs' responses constitute admissible evidence.  Plaintiffs' response to all or any part of an

24  Interrogatory also is not intended to be, and shall not be, a waiver by Plaintiffs of all or any part of

25  their objection(s) to that interrogatory.

26  **RESPONSES**

27  **INTERROGATORY NO. 1:**

28      Identify each Person who provided information to answer these Interrogatories.

813954.1

MDL NO. 1917

DIRECT PURCHASER PLAINTIFFS' RESPONSES TO
DEFENDANT MT PICTURE DISPLAY CO., LTD.'S FIRST SET OF INTERROGATORIES

1  **RESPONSE TO INTERROGATORY NO. 1:**

2          Plaintiffs object to this interrogatory on the grounds that it is overbroad, unduly

3  burdensome and seeks information that is neither relevant nor calculated to lead to the discovery

4  of admissible evidence.  Plaintiffs also object to the Interrogatories on the basis of the attorney

5  work product privilege.  Without waiver of or prejudice to these objections, information contained

6  in these responses was provided by counsel.

7  **INTERROGATORY NO. 2:**

8          State with specificity the factual basis (including the Identity of each Document, Person or

9  other evidentiary source upon which You rely) for Your allegation that Defendants conspired,

10  combined and contracted to fix, raise, maintain, and stabilize the price at which televisions

11  containing CRTs were sold in the United States, as alleged in, inter alia, Paragraph 3 of the

12  Complaint.

13  **RESPONSE TO INTERROGATORY NO. 2:**

14          Plaintiffs object to this interrogatory as being a premature contention interrogatory.  *See In*

15  *re Convergent Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is

16  considerable recent authority for the view that the wisest general policy is to defer propounding

17  and answering contention interrogatories until near the end of the discovery period."); *In re Ebay*

18  *Seller Antitrust Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008)

19  ("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked

20  before discovery is undertaken.").  Discovery has just started, defendants have not responded to

21  plaintiffs' interrogatories, and plaintiffs have not taken any depositions (and are not permitted to

22  take depositions until November 1, 2010).  Moreover, on March 8, 2010, certain defendants

23  produced to all parties in this litigation, documents that had previously been produced to the

24  Department of Justice in response to a grand jury subpoena.  That production contains some of the

25  factual basis to support plaintiffs' allegations.  Accordingly, the requested information is equally

26  available to the propounding party.  This interrogatory is also objected to as being compound.

27  Subject to, and without waiving, the foregoing objections, plaintiffs respond as follows:

28          Plaintiffs anticipate receiving substantial additional discovery.  At such time as plaintiffs

**DIRECT PURCHASER PLAINTIFFS' RESPONSES TO
DEFENDANT MT PICTURE DISPLAY CO., LTD.'S FIRST SET OF INTERROGATORIES**

1   have had an opportunity to review and analyze material previously produced to the Department of

2   Justice and the additional material sought by plaintiffs, they will meet and confer with defendants

3   to work out a schedule for supplementing these responses.  Without waiving any of the general

4   objections, or specific objections set forth above, plaintiffs exercise their right under Federal Rule

5   of Civil Procedure 33(d) to refer to the documents produced to the Department of Justice in

6   connection with the investigation of the Cathode Ray Tube industry, the three indictments of

7   employees of Chunghwa, the JFTC findings against CRT manufacturers and the European

8   Commission Statement of Objections against CRT manufacturers.

9   **INTERROGATORY NO. 3:**

10      State with specificity the factual basis (including the Identity of each Document, Person or

11   other evidentiary source upon which You rely) for Your allegation that Defendants conspired,

12   combined and contracted to fix, raise, maintain, and stabilize the price at which products

13   containing CRTs were sold in the United States, as alleged in, inter alia, Paragraph 3 of the

14   Complaint.

15   **RESPONSE TO INTERROGATORY NO. 3:**

16      Plaintiffs object to this interrogatory as being a premature contention interrogatory.  *See In*

17   *re Convergent Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is

18   considerable recent authority for the view that the wisest general policy is to defer propounding

19   and answering contention interrogatories until near the end of the discovery period."); *In re Ebay*

20   *Seller Antitrust Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008)

21   ("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked

22   before discovery is undertaken.").  Discovery has just started, defendants have not responded to

23   plaintiffs' interrogatories, and plaintiffs have not taken any depositions (and are not permitted to

24   take depositions until November 1, 2010).  Moreover, on March 8, 2010, certain defendants

25   produced to all parties in this litigation, documents that had previously been produced to the

26   Department of Justice in response to a grand jury subpoena.  That production contains some of the

27   factual basis to support plaintiffs' allegations.  Accordingly, the requested information is equally

28   available to the propounding party.  This interrogatory is also objected to as being compound.

5

DIRECT PURCHASER PLAINTIFFS' RESPONSES TO
DEFENDANT MT PICTURE DISPLAY CO., LTD.'S FIRST SET OF INTERROGATORIES

1    Subject to, and without waiving, the foregoing objections, plaintiffs respond as follows:

2         Plaintiffs anticipate receiving substantial additional discovery.  At such time as plaintiffs

3    have had an opportunity to review and analyze material previously produced to the Department of

4    Justice and the additional material sought by plaintiffs, they will meet and confer with defendants

5    to work out a schedule for supplementing these responses.  Without waiving any of the general

6    objections, or specific objections set forth above, plaintiffs exercise their right under Federal Rule

7    of Civil Procedure 33(d) to refer to the documents produced to the Department of Justice in

8    connection with the investigation of the Cathode Ray Tube industry, the three indictments of

9    employees of Chunghwa, the JFTC findings against CRT manufacturers and the European

10   Commission Statement of Objections against CRT manufacturers.

11   <u>INTERROGATORY NO. 4</u>:

12        State with specificity the factual basis (including the Identity of each Document, Person or

13   other evidentiary source upon which You rely) for Your allegation that Defendants agreed to

14   allocate market shares and customers of sales of televisions containing CRTs, as alleged in, inter

15   alia, Paragraphs 5 and 138 of the Complaint.

16   <u>RESPONSE TO INTERROGATORY NO. 4</u>:

17        Plaintiffs object to this interrogatory as being a premature contention interrogatory.  *See In*

18   *re Convergent Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is

19   considerable recent authority for the view that the wisest general policy is to defer propounding

20   and answering contention interrogatories until near the end of the discovery period.");  *In re Ebay*

21   *Seller Antitrust Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008)

22   ("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked

23   before discovery is undertaken.").  Discovery has just started, defendants have not responded to

24   plaintiffs' interrogatories, and plaintiffs have not taken any depositions (and are not permitted to

25   take depositions until November 1, 2010).  Moreover, on March 8, 2010, certain defendants

26   produced to all parties in this litigation, documents that had previously been produced to the

27   Department of Justice in response to a grand jury subpoena.  That production contains some of the

28   factual basis to support plaintiffs' allegations.  Accordingly, the requested information is equally

813954 1                                    6                              MDL NO. 1917
DIRECT PURCHASER PLAINTIFFS' RESPONSES TO
DEFENDANT MT PICTURE DISPLAY CO., LTD.'S FIRST SET OF INTERROGATORIES

1  available to the propounding party.  This interrogatory is also objected to as being compound.

2  Subject to, and without waiving, the foregoing objections, plaintiffs respond as follows:

3        Plaintiffs anticipate receiving substantial additional discovery.  At such time as plaintiffs

4  have had an opportunity to review and analyze material previously produced to the Department of

5  Justice and the additional material sought by plaintiffs, they will meet and confer with defendants

6  to work out a schedule for supplementing these responses.  Without waiving any of the general

7  objections, or specific objections set forth above, plaintiffs exercise their right under Federal Rule

8  of Civil Procedure 33(d) to refer to the documents produced to the Department of Justice in

9  connection with the investigation of the Cathode Ray Tube industry, the three indictments of

10  employees of Chunghwa, the JFTC findings against CRT manufacturers and the European

11  Commission Statement of Objections against CRT manufacturers.

12  **INTERROGATORY NO. 5:**

13        State with specificity the factual basis (including the Identity of each Document, Person or

14  other evidentiary source upon which You rely) for Your allegation that Defendants agreed to

15  allocate market shares and customers of sales of products containing CRTs, other than televisions

16  and computer monitors, as alleged in, inter alia, Paragraphs 5 and 138 of the Complaint.

17  **RESPONSE TO INTERROGATORY NO. 5:**

18        Plaintiffs object to this interrogatory as being a premature contention interrogatory.  *See In*

19  *re Convergent Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is

20  considerable recent authority for the view that the wisest general policy is to defer propounding

21  and answering contention interrogatories until near the end of the discovery period."); *In re Ebay*

22  *Seller Antitrust Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008)

23  ("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked

24  before discovery is undertaken.").  Discovery has just started, defendants have not responded to

25  plaintiffs' interrogatories, and plaintiffs have not taken any depositions (and are not permitted to

26  take depositions until November 1, 2010).  Moreover, on March 8, 2010, certain defendants

27  produced to all parties in this litigation, documents that had previously been produced to the

28  Department of Justice in response to a grand jury subpoena.  That production contains some of the

DIRECT PURCHASER PLAINTIFFS' RESPONSES TO
DEFENDANT MT PICTURE DISPLAY CO., LTD.'S FIRST SET OF INTERROGATORIES

1    factual basis to support plaintiffs' allegations.  Accordingly, the requested information is equally

2    available to the propounding party.  This interrogatory is also objected to as being compound.

3    Subject to, and without waiving, the foregoing objections, plaintiffs respond as follows:

4         Plaintiffs anticipate receiving substantial additional discovery.  At such time as plaintiffs

5    have had an opportunity to review and analyze material previously produced to the Department of

6    Justice and the additional material sought by plaintiffs, they will meet and confer with defendants

7    to work out a schedule for supplementing these responses.  Without waiving any of the general

8    objections, or specific objections set forth above, plaintiffs exercise their right under Federal Rule

9    of Civil Procedure 33(d) to refer to the documents produced to the Department of Justice in

10   connection with the investigation of the Cathode Ray Tube industry, the three indictments of

11   employees of Chunghwa,the  JFTC findings against CRT manufacturers and the European

12   Commission Statement of Objections against CRT manufacturers.

13   **INTERROGATORY NO. 6:**

14        For each separate Defendant (regardless of its affiliation with any other Defendant), state

15   with specificity the factual basis (including the Identity of each Document, Person or other

16   evidentiary source upon which You rely) for Your allegations that it conspired, combined and

17   contracted with any of the other Defendants to fix, raise, maintain, and stabilize the price at which

18   televisions containing CRTs were sold in the United States, as alleged in, inter alia, Paragraph 3 of

19   the Complaint, or agreed with any of the other Defendants to allocate market shares and customers

20   of sales of televisions containing CRTs, as alleged in, inter alia, Paragraphs 5 and 138 of the

21   Complaint.

22   **RESPONSE TO INTERROGATORY NO. 6:**

23        Plaintiffs object to this interrogatory as being a premature contention interrogatory.  *See In*

24   *re Convergent Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is

25   considerable recent authority for the view that the wisest general policy is to defer propounding

26   and answering contention interrogatories until near the end of the discovery period."); *In re Ebay*

27   *Seller Antitrust Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008)

28   ("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked

**DIRECT PURCHASER PLAINTIFFS' RESPONSES TO**
**DEFENDANT MT PICTURE DISPLAY CO., LTD.'S FIRST SET OF INTERROGATORIES**

1  before discovery is undertaken.").  Discovery has just started, defendants have not responded to

2  plaintiffs' interrogatories, and plaintiffs have not taken any depositions (and are not permitted to

3  take depositions until November 1, 2010).  Moreover, on March 8, 2010, certain defendants

4  produced to all parties in this litigation, documents that had previously been produced to the

5  Department of Justice in response to a grand jury subpoena.  That production contains some of the

6  factual basis to support plaintiffs' allegations.  Accordingly, the requested information is equally

7  available to the propounding party.  This interrogatory is also objected to as being compound.

8  Subject to, and without waiving, the foregoing objections, plaintiffs respond as follows:

9         Plaintiffs anticipate receiving substantial additional discovery.  At such time as plaintiffs

10  have had an opportunity to review and analyze material previously produced to the Department of

11  Justice and the additional material sought by plaintiffs, they will meet and confer with defendants

12  to work out a schedule for supplementing these responses.  Without waiving any of the general

13  objections, or specific objections set forth above, plaintiffs exercise their right under Federal Rule

14  of Civil Procedure 33(d) to refer to the documents produced to the Department of Justice in

15  connection with the investigation of the Cathode Ray Tube industry, the three indictments of

16  employees of Chunghwa, the JFTC findings against CRT manufacturers and the European

17  Commission Statement of Objections against CRT manufacturers.

18  DATED: May 7, 2010                          By:     /s/ Guido Saveri
                                                        SAVERI & SAVERI, INC.
19                                                      706 Sansome Street
                                                        San Francisco, CA 94111
20                                                      Telephone:   (415) 217-6810
                                                        Facsimile:   (415) 217-6813
21

22                                                      *Interim Lead Counsel for the Direct
                                                        Purchase Plaintiffs*

23

24

25

26

27

28

DIRECT PURCHASER PLAINTIFFS' RESPONSES TO
DEFENDANT MT PICTURE DISPLAY CO., LTD.'S FIRST SET OF INTERROGATORIES

1  Guido Saveri (22349) guido@saveri.com
   R. Alexander Saveri (173102) rick@saveri.com
2  Geoffrey C. Rushing (126910) grushing@saveri.com
   Cadio Zirpoli (179108) cadio@saveri.com
3  SAVERI & SAVERI, INC.
   706 Sansome Street
4  San Francisco, CA 94111
   Telephone:   (415) 217-6810
5  Facsimile:   (415) 217-6813

6  *Interim Lead Counsel for the Direct Purchaser*
   *Plaintiffs*

7

8

9                UNITED STATES DISTRICT COURT

10    NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11

12  IN RE: CATHODE RAY TUBE (CRT)        MASTER FILE NO. 07-cv-5944 SC
    ANTITRUST LITIGATION
13                                       MDL NO. 1917

14  This Document Relates to:           **DIRECT PURCHASER PLAINTIFFS'**
                                        **RESPONSES TO DEFENDANT MT**
15  ALL DIRECT PURCHASER ACTIONS        **PICTURE DISPLAY CO., LTD.'S FIRST**
                                        **SET OF DOCUMENT REQUESTS**
16

17

18  PROPOUNDING PARTY:       MT PICTURE DISPLAY CO., LTD.

19  RESPONDING PARTY:        DIRECT PURCHASER PLAINTIFFS

20  SET NO.:                 ONE

21        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Direct Purchaser

22  Plaintiffs ("Plaintiffs") hereby respond to defendant MT Picture Display Co., Ltd.'s First Set of

23  Request for Production of Documents as follows:

24                      **PRELIMINARY STATEMENT**

25        Nothing herein should be construed as an admission by Plaintiffs respecting the

26  admissibility or relevance of any fact or document, or of the truth or accuracy of any

27  characterization or statement of any kind contained in defendant MT Picture Display Co., Ltd.'s

28  First Set of Request for Production of Documents ("Request for Production").  Plaintiffs have not

812454 2                                                      MDL NO. 1917

1   completed their investigation of the facts relating to this case or its preparation for trial.  All

2   responses and objections contained herein are based only upon such information and such

3   documents as are presently available to and specifically known to Plaintiffs.  It is anticipated that

4   independent investigation, legal research and analysis will supply additional facts and add

5   meaning to known facts, as well as establish entirely new factual conclusions and legal

6   contentions, all of which may lead to substantial additions to, changes in and variations from the

7   responses set forth herein.

8          The following objections and responses are made without prejudice to Plaintiffs' right to

9   produce at trial, or otherwise, evidence regarding any subsequently discovered information,

10  evidence and/or documents.  Plaintiffs accordingly reserve the right to modify and amend any and

11  all responses herein as research is completed and contentions are made.

12                                  **GENERAL OBJECTIONS**

13         Plaintiffs object generally to the Request for Production, and to each individual request

14  therein, on the following grounds, each of which is incorporated by reference in the responses to

15  the individual requests below.  Each response set forth below incorporates, is subject to, and does

16  not waive any of these general objections.

17         1.     Plaintiffs object to each and every request to the extent that it seeks disclosure of

18  information containing privileged communications or other matters protected by the attorney-

19  client privilege, the work-product doctrine, or any other applicable privilege or doctrine.  None of

20  Plaintiffs' specific responses shall be construed to mean that Plaintiffs intend to provide privileged

21  or work-product information in the absence of an intentional waiver.  Any inadvertent disclosure

22  of privileged or work-product information shall not constitute a waiver of an otherwise valid claim

23  of privilege or other protection, and any failure to assert a privilege or other protection as to

24  certain information shall not be deemed to constitute a waiver of the privilege or other protection

25  as to any other information so protected.

26         2.     The Request for Production, and certain of the requests contained therein, are

27  unreasonably overbroad in scope, and thus burdensome and oppressive, in that each such request

28  seeks information pertaining to items and matters that are not relevant to the subject matter of this

812454.2                                   2                              MDL NO. 1917

1   action, or, if relevant, are so remote therefrom as to make its disclosure of little or no practical

2   benefit to defendant, while placing a wholly unwarranted burden and expense on Plaintiffs in

3   locating, reviewing and producing the requested information.

4       3.      The Request for Production, and certain of the requests contained therein, are

5   burdensome and oppressive, in that ascertaining the information necessary to respond thereto, and

6   to produce documents in accordance therewith, would require the review and compilation of

7   information from multiple locations, and voluminous records and files, thereby involving

8   substantial time of Plaintiffs' employees and great expense to Plaintiffs, whereas the information

9   sought to be obtained by defendant would be of little use or benefit to defendant.

10      4.      The Request for Production, and certain of the requests contained therein, purports

11  to impose on Plaintiffs obligations or responsibilities in excess of those imposed by the Federal

12  Rules of Civil Procedure, the applicable Local Rules, any other applicable procedural rules, case

13  law, statutes governing the proper scope of discovery, or applicable Court Orders.

14      5.      The Request for Production, and certain of the requests contained therein, calls for

15  documents which are outside the possession, custody or control of Plaintiffs.

16      6.      Plaintiffs object to each request, instruction, or definition to the extent it seeks

17  information that is already in the possession of the propounding party or the other defendants or is

18  obtainable from some other source that is more convenient, less burdensome or less expensive.

19      7.      Plaintiffs object to each request, instruction, or definition to the extent that it

20  impermissibly seeks the premature disclosure of experts and expert information or requires

21  Plaintiffs to disclose analyses, comparative analyses, opinions, or theories that will be the subject

22  of expert testimony.

23      8.      To the extent any term in the Request for Production is defined in the Federal

24  Rules of Civil Procedure, P laintiffs will interpret such term as it is so defined and not as defined in

25  the Request for Production.

26      9.      The Request for Production, and certain of the requests contained therein, seek to

27  have Plaintiffs furnish information and identify documents that are a matter of public record and,

28  therefore, are equally available to the propounding party as they are to Plaintiffs.

DIRECT PURCHASER PLAINTIFFS' RESPONSES TO
DEFENDANT MT PICTURE DISPLAY CO., LTD.'S FIRST SET OF DOCUMENT REQUESTS

1       10.    Plaintiffs' responses agreeing to produce documents in response to the requests

2   should not be construed as meaning that documents of the type requested exist, and should only be

3   construed as indicating that Plaintiffs will produce documents of the type requested if they are in

4   Plaintiffs' possession, custody or control, are not privileged or otherwise exempt from production,

5   and can be located and produced through reasonable and good faith effort.

6                                     **RESPONSES**

7   **REQUEST FOR PRODUCTION NO. 1:**

8       All Documents that support Your response to Interrogatory No. 2.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

10       Plaintiffs incorporate the General Objections as though fully set forth herein.  In particular,

11   this request is premature in that discovery has just started, defendants have not responded to

12   plaintiffs' interrogatories, and plaintiffs have not taken any depositions (and are not permitted to

13   take depositions until November 1, 2010).  This request seeks, in effect, a list of trial exhibits

14   which is not yet required to be produced.  Moreover, on March 8, 2010, certain defendants

15   produced to all parties in this litigation, documents that had previously been produced to the

16   Department of Justice in response to a grand jury subpoena.  That production contains some of the

17   documents that support plaintiffs' allegations.  Accordingly, the requested documents are equally

18   available to the propounding party.  Plaintiffs further object to this request to the extent it calls for

19   the production of information protected by the attorney-client privilege, the attorney work-product

20   doctrine, or any other applicable privilege, or that is otherwise privileged or immune from

21   discovery.  In addition, this request is compound, overbroad and contains multiple subparts, which

22   if broken apart, contain numerous separate document requests.  Subject to, and without waiving,

23   the foregoing objections, plaintiffs respond as follows:

24       Plaintiffs anticipate receiving substantial additional discovery.  At such time as plaintiffs

25   have had an opportunity to review and analyze material previously produced to the Department of

26   Justice and the additional material sought by plaintiffs, they will meet and confer with defendants

27   to work out a schedule for supplementing these responses.  At the present time, plaintiffs refer

28   defendants to the documents produced to the Department of Justice in connection with the

1 investigation of the Cathode Ray Tube industry, the three indictments of employees of Chunghwa,

2 the JFTC findings against CRT manufacturers and the European Commission Statement of

3 Objections against CRT manufacturers.

4 **REQUEST FOR PRODUCTION NO. 2:**

5     All Documents that support Your response to Interrogatory No. 3.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

7     Plaintiffs incorporate the General Objections as though fully set forth herein. In particular,

8 this request is premature in that discovery has just started, defendants have not responded to

9 plaintiffs' interrogatories, and plaintiffs have not taken any depositions (and are not permitted to

10 take depositions until November 1, 2010). This request seeks, in effect, a list of trial exhibits

11 which is not yet required to be produced. Moreover, on March 8, 2010, certain defendants

12 produced to all parties in this litigation, documents that had previously been produced to the

13 Department of Justice in response to a grand jury subpoena. That production contains some of the

14 documents that support plaintiffs' allegations. Accordingly, the requested documents are equally

15 available to the propounding party. Plaintiffs further object to this request to the extent it calls for

16 the production of information protected by the attorney-client privilege, the attorney work-product

17 doctrine, or any other applicable privilege, or that is otherwise privileged or immune from

18 discovery. In addition, this request is compound, overbroad and contains multiple subparts, which

19 if broken apart, contain numerous separate document requests. Subject to, and without waiving,

20 the foregoing objections, plaintiffs respond as follows:

21     Plaintiffs anticipate receiving substantial additional discovery. At such time as plaintiffs

22 have had an opportunity to review and analyze material previously produced to the Department of

23 Justice and the additional material sought by plaintiffs, they will meet and confer with defendants

24 to work out a schedule for supplementing these responses. At the present time, plaintiffs refer

25 defendants to the documents produced to the Department of Justice in connection with the

26 investigation of the Cathode Ray Tube industry, the three indictments of employees of Chunghwa,

27 the JFTC findings against CRT manufacturers and the European Commission Statement of

28 Objections against CRT manufacturers.

1  **REQUEST FOR PRODUCTION NO. 3:**

2       All Documents that support Your response to Interrogatory No. 4.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

4       Plaintiffs incorporate the General Objections as though fully set forth herein.  In particular,

5  this request is premature in that discovery has just started, defendants have not responded to

6  plaintiffs' interrogatories, and plaintiffs have not taken any depositions (and are not permitted to

7  take depositions until November 1, 2010).  This request seeks, in effect, a list of trial exhibits

8  which is not yet required to be produced.  Moreover, on March 8, 2010, certain defendants

9  produced to all parties in this litigation, documents that had previously been produced to the

10 Department of Justice in response to a grand jury subpoena.  That production contains some of the

11 documents that support plaintiffs' allegations.  Accordingly, the requested documents are equally

12 available to the propounding party.  Plaintiffs further object to this request to the extent it calls for

13 the production of information protected by the attorney-client privilege, the attorney work-product

14 doctrine, or any other applicable privilege, or that is otherwise privileged or immune from

15 discovery.  In addition, this request is compound, overbroad and contains multiple subparts, which

16 if broken apart, contain numerous separate document requests.  Subject to, and without waiving,

17 the foregoing objections, plaintiffs respond as follows:

18      Plaintiffs anticipate receiving substantial additional discovery.  At such time as plaintiffs

19 have had an opportunity to review and analyze material previously produced to the Department of

20 Justice and the additional material sought by plaintiffs, they will meet and confer with defendants

21 to work out a schedule for supplementing these responses.  At the present time, plaintiffs refer

22 defendants to the documents produced to the Department of Justice in connection with the

23 investigation of the Cathode Ray Tube industry, the three indictments of employees of Chunghwa,

24 the JFTC findings against CRT manufacturers and the European Commission Statement of

25 Objections against CRT manufacturers.

26 **REQUEST FOR PRODUCTION NO. 4:**

27      All Documents that support Your response to Interrogatory No. 5.

28

**DIRECT PURCHASER PLAINTIFFS' RESPONSES TO**
**DEFENDANT MT PICTURE DISPLAY CO., LTD.'S FIRST SET OF DOCUMENT REQUESTS**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiffs incorporate the General Objections as though fully set forth herein. In particular, this request is premature in that discovery has just started, defendants have not responded to plaintiffs' interrogatories, and plaintiffs have not taken any depositions (and are not permitted to take depositions until November 1, 2010). This request seeks, in effect, a list of trial exhibits which is not yet required to be produced. Moreover, on March 8, 2010, certain defendants produced to all parties in this litigation, documents that had previously been produced to the Department of Justice in response to a grand jury subpoena. That production contains some of the documents that support plaintiffs' allegations. Accordingly, the requested documents are equally available to the propounding party. Plaintiffs further object to this request to the extent it calls for the production of information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, or that is otherwise privileged or immune from discovery. In addition, this request is compound, overbroad and contains multiple subparts, which if broken apart, contain numerous separate document requests. Subject to, and without waiving, the foregoing objections, plaintiffs respond as follows:

Plaintiffs anticipate receiving substantial additional discovery. At such time as plaintiffs have had an opportunity to review and analyze material previously produced to the Department of Justice and the additional material sought by plaintiffs, they will meet and confer with defendants to work out a schedule for supplementing these responses. At the present time, plaintiffs refer defendants to the documents produced to the Department of Justice in connection with the investigation of the Cathode Ray Tube industry, the three indictments of employees of Chunghwa, the JFTC findings against CRT manufacturers and the European Commission Statement of Objections against CRT manufacturers.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents that support Your response to Interrogatory No. 6.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiffs incorporate the General Objections as though fully set forth herein. In particular, this request is premature in that discovery has just started, defendants have not responded to

1  plaintiffs' interrogatories, and plaintiffs have not taken any depositions (and are not permitted to

2  take depositions until November 1, 2010). This request seeks, in effect, a list of trial exhibits

3  which is not yet required to be produced. Moreover, on March 8, 2010, certain defendants

4  produced to all parties in this litigation, documents that had previously been produced to the

5  Department of Justice in response to a grand jury subpoena. That production contains some of the

6  documents that support plaintiffs' allegations. Accordingly, the requested documents are equally

7  available to the propounding party. Plaintiffs further object to this request to the extent it calls for

8  the production of information protected by the attorney-client privilege, the attorney work-product

9  doctrine, or any other applicable privilege, or that is otherwise privileged or immune from

10  discovery. In addition, this request is compound, overbroad and contains multiple subparts, which

11  if broken apart, contain numerous separate document requests. Subject to, and without waiving,

12  the foregoing objections, plaintiffs respond as follows:

13        Plaintiffs anticipate receiving substantial additional discovery. At such time as plaintiffs

14  have had an opportunity to review and analyze material previously produced to the Department of

15  Justice and the additional material sought by plaintiffs, they will meet and confer with defendants

16  to work out a schedule for supplementing these responses. At the present time, plaintiffs refer

17  defendants to the documents produced to the Department of Justice in connection with the

18  investigation of the Cathode Ray Tube industry, the three indictments of employees of Chunghwa,

19  the JFTC findings against CRT manufacturers and the European Commission Statement of

20  Objections against CRT manufacturers.

21  **REQUEST FOR PRODUCTION NO. 6:**

22        All other documents that purportedly support Your allegations that Defendants conspired,

23  combined and contracted to fix, raise, maintain, and stabilize the price at which finished products

24  containing CRTs were sold in the United States, or agreed to allocate market shares and customers

25  of sales of finished products containing CRTs.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

27        Plaintiffs incorporate the General Objections as though fully set forth herein. In particular,

28  this request is premature in that discovery has just started, defendants have not responded to

1  plaintiffs' interrogatories, and plaintiffs have not taken any depositions (and are not permitted to

2  take depositions until November 1, 2010). This request seeks, in effect, a list of trial exhibits

3  which is not yet required to be produced. Moreover, on March 8, 2010, certain defendants

4  produced to all parties in this litigation, documents that had previously been produced to the

5  Department of Justice in response to a grand jury subpoena. That production contains some of the

6  documents that support plaintiffs' allegations. Accordingly, the requested documents are equally

7  available to the propounding party. Plaintiffs further object to this request to the extent it calls for

8  the production of information protected by the attorney-client privilege, the attorney work-product

9  doctrine, or any other applicable privilege, or that is otherwise privileged or immune from

10 discovery. In addition, this request is compound, overbroad and contains multiple subparts, which

11 if broken apart, contain numerous separate document requests. Subject to, and without waiving,

12 the foregoing objections, plaintiffs respond as follows:

13        Plaintiffs anticipate receiving substantial additional discovery. At such time as plaintiffs

14 have had an opportunity to review and analyze material previously produced to the Department of

15 Justice and the additional material sought by plaintiffs, they will meet and confer with defendants

16 to work out a schedule for supplementing these responses. At the present time, plaintiffs refer

17 defendants to the documents produced to the Department of Justice in connection with the

18 investigation of the Cathode Ray Tube industry, the three indictments of employees of Chunghwa,

19 the JFTC findings against CRT manufacturers and the European Commission Statement of

20 Objections against CRT manufacturers.

21 DATED: May 7, 2010                    By:    /s/ Guido Saveri
22                                              SAVERI & SAVERI, INC.
                                                706 Sansome Street
23                                              San Francisco, CA 94111
                                                Telephone:    (415) 217-6810
24                                              Facsimile:    (415) 217-6813

25                                              *Interim Lead Counsel for the Direct*
                                                *Purchaser Plaintiffs*

26

27

28

DIRECT PURCHASER PLAINTIFFS' RESPONSES TO
DEFENDANT MT PICTURE DISPLAY CO., LTD.'S FIRST SET OF DOCUMENT REQUESTS