# EXHIBIT D

MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. RUSSELL, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel for the*
*Indirect Purchaser Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944 SC |
| | MDL No. 1917 |
| This Document Relates To: | **INDIRECT PURCHASER PLAINTIFFS'** |
| | **RESPONSES AND OBJECTIONS TO** |
| ALL INDIRECT PURCHASER ACTIONS | **DEFENDANT SAMSUNG SDI AMERICA,** |
| | **INC'S FIRST SET OF** |
| | **INTERROGATORIES TO THE INDIRECT** |
| | **PURCHASER PLAINTIFFS** |

PROPOUNDING PARTY:     SAMSUNG SDI AMERICA, INC.

RESPONDING PARTY:     INDIRECT PURCHASER PLAINTIFFS

SET NO.:     ONE

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Indirect Purchaser Plaintiffs ("Plaintiffs") hereby respond to defendant Samsung SDI America, Inc.'s ("Defendant") First Set of Interrogatories ("Interrogatories") to the Indirect Purchaser Plaintiffs as follows:

## GENERAL OBJECTIONS

1.     Plaintiffs have not completed their investigation of the facts pertaining to this action and the discovery process is just commencing. The following responses are based upon information known at this time and are given without prejudice to Plaintiffs' right to supplement

1    these responses prior to trial or to produce evidence based on subsequently discovered

2    information. Plaintiffs' responses are based upon, and are therefore limited by, Plaintiffs' present

3    knowledge and recollection, and consequently, Plaintiffs reserve the right to supplement and/or

4    modify any and all of their objections and responses if they become aware of information and/or

5    documents which warrant such action.

6          2.    Plaintiffs object to each of Defendant's Interrogatories, Definitions and

7    Instructions to the extent it seeks documents or information (i) not relevant to the subject matter

8    of this action; (ii) not relevant to any claim or defense in this action; (iii) not reasonably

9    calculated to lead to the discovery of admissible evidence; (iv) different from, inconsistent with,

10    or in addition to what is required to be produced under the Federal Rules of Civil Procedure, the

11    Civil Local Rules of the United States District Court for the Northern District of California, any

12    existing Court Order in this case, or any other applicable rule or law.

13          3.    Plaintiffs object to the Interrogatories to the extent that they are vague, ambiguous

14    and require speculation to determine their meanings.

15          4.    Plaintiffs object to the Interrogatories to the extent they seek to discover

16    information and/or documents from persons or entities who are not parties to this action and

17    which information or documents are not now and never have been in the possession, custody or

18    control of the Plaintiffs.

19          5.    Plaintiffs object to the Interrogatories to the extent that they impose an undue

20    burden on Plaintiffs by, for example, requiring Plaintiffs to search for documents: (a) the value

21    of which, if any, is substantially outweighed by the burden or cost of searching for them, or (b)

22    that are equally available to Defendant or already in Defendant's possession.

23          6.    Plaintiffs object to the Interrogatories to the extent they call for information and/or

24    documents protected by the attorney-client privilege, the work product doctrine, or any other

25    applicable privilege or protection. This objection includes, but is not limited to, information that

26    Defendant seeks regarding communications between Plaintiffs' attorneys and/or between

27    Plaintiffs and their attorneys made during or in anticipation of litigation. Inadvertent

28

**INDIRECT PURCHASER PLAINTIFFS' RESPONSES AND OBJECTIONS TO SAMSUNG SDI
AMERICA, INC.'S FIRST SET OF INTERROGATORIES**

1  identification or production of any such information in a document shall not constitute a waiver

2  of any such privilege with respect to the document produced or the subject matter thereof, or a

3  waiver of the Plaintiffs' right to object to the use of any such document during trial or any

4  subsequent proceeding.   To the extent that any such protected information is inadvertently

5  produced in response to the Interrogatories, the production of such information shall not

6  constitute a waiver of Plaintiffs' right to assert the applicability of any privilege or immunity to

7  the information, and any such document and all copies or images thereof shall be promptly

8  returned, sequestered or destroyed upon demand pursuant to Rule 26(b)(5)(B).

9        7.    Plaintiffs object to the Interrogatories as premature "contention interrogatories" in

10  that they: (i) call for opinions and contentions relating to fact or application of law to fact that

11  Plaintiffs should not be required to disclose until discovery has been substantially completed; (ii)

12  call for legal conclusions; and (iii) are likely to require supplemental answers, prematurely

13  commit Plaintiff to positions, and artificially narrow issues.   Such information cannot be fairly

14  and practically provided until after the completion of discovery.   The interests of judicial

15  economy and efficiency dictate that contention discovery is more appropriate after a substantial

16  amount of merits discovery has been conducted.   To the extent that Defendant's Interrogatories

17  request the contentions of Plaintiffs in this case, those contentions are set forth in large part in

18  Indirect Purchaser Plaintiffs' Consolidated Amended Complaint (the "Complaint").   The

19  allegations of the Complaint are incorporated by reference in each of the answers to the

20  Interrogatories set forth herein.

21        8.    Plaintiffs object to the Interrogatories to the extent they purport to require

22  Plaintiffs to disclose information or produce documents concerning any expert or other person or

23  entity retained by counsel to assist in the preparation of the Plaintiffs' case: (a) to the extent any

24  such person or entity will not be designated by the Plaintiffs as a trial witness on the ground that

25  such disclosure is neither relevant nor reasonably calculated to lead to the discovery of

26  admissible evidence; and (b) on the grounds that any such present disclosure is prejudicial to the

27  Plaintiffs' preparation of this case and is not required by the Federal Rules of Civil Procedure.

28

3

9.     Plaintiffs object to the Interrogatories to the extent they call for information and/or documents of a confidential and/or proprietary nature.

10.     Plaintiffs object to Defendant's definitions of "You," and "Your" as overly broad.

11.     Plaintiffs object to Defendant's definition of "Document" as overly broad to the extent it purports to define the term more broadly than Federal Rule of Civil Procedure 34.

12.     Plaintiffs object to the definition of the terms "Identity" of "Identify" in the Interrogatories as being overly broad and requesting information that is not reasonably calculated to lead to the discovery of admissible evidence.  Further, the application of this definition will necessarily render any interrogatory vague, ambiguous and burdensome.

13.     By responding to the Requests, Plaintiffs do not concede to the truth or accuracy of any characterization, allegation, or statement made in the Requests.

14.     Plaintiffs reserve their rights to object on any ground to the use of the Responses to or the subject matter of the Requests in any subsequent proceeding, and at the trial of this action.

15.     Plaintiffs' failure to object to any interrogatory, or Plaintiffs' agreement to produce documents in response to an interrogatory is not, and shall not, be construed as an admission of the relevance or admissibility of any such information or of the propriety of any of the Interrogatories.

16.     Plaintiffs' Responses set forth herein are made without in any way waiving: (a) all rights to object to these Interrogatories, the Responses, or the subject matter thereof, as to the competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose, in any proceeding in, or at the trial of, this or any other action; (b) the right to object on any ground to the use of these Responses, or the subject matter thereof, in any proceeding in, or at the trial of, this or any other action; or (c) the right to object  on any ground at any time to requests to admit, interrogatories, or other discovery procedures involving or relating to the subject matter of these Requests.

**INDIRECT PURCHASER PLAINTIFFS' RESPONSES AND OBJECTIONS TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF INTERROGATORIES**

17.     In each instance in which Plaintiffs have agreed to respond to the interrogatory by producing responsive documents pursuant to a request contained in Defendant's First Request for Production of Documents to the Indirect Purchaser Plaintiffs, the Response means that Plaintiffs will produce responsive, non-objectionable, reasonably accessible, non-privileged documents within Plaintiffs' possession, custody, or control that are located after a reasonable search and that will not require unduly burdensome efforts to identify and produce.

18.     Each general objection is hereby expressly incorporated by reference into each of the following specific objections and responses.

## INTERROGATORIES

### INTERROGATORY NO. 1:

State with specificity the factual basis (including the IDENTITY of each DOCUMENT, PERSON or other evidentiary source upon which YOU rely) for YOUR allegation that DEFENDANTS "conspired to fix, raise, maintain and/or stabilize the prices" of monitors containing CRTs, as alleged in, *inter alia*, Paragraph 1 and 15 of the COMPLAINT.

### RESPONSE TO INTERROGATORY NO. 1:

In conjunction with the aforementioned General Objections, Plaintiffs object to this interrogatory as premature in that it seeks "contention" discovery to which Defendant is not entitled at this time:  The interests of judicial economy and efficiency dictate that contention discovery is more appropriate after a substantial amount of merits discovery has been conducted. *See, e.g., In re Convergent Tech. Sec. Litig.,* 108 F.R.D. 328 (N.D. Cal. 1985) ("There is considerable recent authority for the view that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust Litig.,* No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken.").

Here, for a number of reasons, the discovery process is just commencing and Plaintiffs have only recently received limited merits discovery, making this interrogatory especially

**INDIRECT PURCHASER PLAINTIFFS' RESPONSES AND OBJECTIONS TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF INTERROGATORIES**

1  inappropriate at this time.  First, the United States Department of Justice ("DOJ") intervened in

2  this case and successfully moved for a stay of all merits discovery.  That stay was partially lifted

3  on March 8, 2010, to allow limited merits discovery to proceed.  No deposition discovery is

4  permitted until November 1, 2010.

5       Second, defendants have not yet responded to several of Plaintiffs' outstanding discovery

6  requests.  On June 10, 2008, Plaintiffs served their First Request for Production of Documents on

7  all defendants.  None of the defendants have responded to these requests.  In addition, Paragraph

8  4 of the stipulated Order entered on September 12, 2008 required defendants to produce

9  documents or information regarding their sales, costs, capacity, participation in trade

10 associations, employees, and their storage/retention policies.  Many defendants refused to

11 respond to these discovery requests on the basis that Plaintiffs' Complaint had not yet survived a

12 Rule 12(b)(6) motion to dismiss under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

13 These defendants have still not responded to these requests despite the fact that the Court has

14 denied defendants' motions to dismiss under *Twombly*.  Moreover, the information Plaintiffs

15 received from those defendants that did respond to these requests was woefully inadequate.

16      Plaintiffs served their Second Set of Requests for Production of Documents on defendants

17 on March 25, 2010.  Pursuant to an agreement between the parties, defendants' responses are not

18 due until May 28, 2010.  And it will be another several months after that before Plaintiffs receive

19 any documents pursuant to these requests.  Much of the information in support of Plaintiffs'

20 claims will be contained in defendants' own documents, which defendants have so far withheld

21 from Plaintiffs.  Accordingly, Plaintiffs object to this Interrogatory on the grounds that it is

22 premature because it seeks information to be provided by defendants to Plaintiffs, which

23 information is more readily available to Defendant, or is already known to Defendant.

24      Third, the limited merits discovery that Plaintiffs have received has also been provided to

25 Defendant.  On March 8, 2010, certain defendants produced documents to all parties that had

26 previously been produced to the DOJ in response to a grand jury subpoena.  That production

27 contains some of the factual basis for Plaintiffs' allegations.  Thus, Plaintiffs further object that

28

**INDIRECT PURCHASER PLAINTIFFS' RESPONSES AND OBJECTIONS TO SAMSUNG SDI
AMERICA, INC.'S FIRST SET OF INTERROGATORIES**

1   this Interrogatory seeks to impose an undue burden on Plaintiffs by requiring Plaintiffs to search

2   for information that is equally available to Defendant, and is already in Defendant's possession.

3          In sum, the information requested by Defendant cannot fairly and practically be provided

4   until after the completion of discovery.  Production of such information at this time could

5   irreparably prejudice Plaintiffs' further investigation, development and prosecution of the

6   litigation.  This Interrogatory serves no purpose other than to harass and burden Plaintiffs and to

7   unnecessarily delay and needlessly increase the cost of litigation to all parties.

8          Finally, Plaintiffs object to this Interrogatory on the grounds that it seeks information

9   and/or documents protected by the attorney-client privilege, the work product doctrine, or any

10  other applicable privilege or protection.  Plaintiffs also object to this Interrogatory as compound.

11         Subject to and without waiving the foregoing General and specific objections, Plaintiffs

12  refer Defendant to the documents produced to the Department of Justice in connection with the

13  investigation of the Cathode Ray Tube industry, from which some of the information called for

14  by this interrogatory may be derived or ascertained pursuant to Federal Rule of Civil Procedure

15  33(d).   Once Plaintiffs have received the documents and information requested by their

16  outstanding discovery requests, and had an opportunity to review and analyze those documents

17  and information, as well as the documents previously produced to the DOJ, Plaintiffs will meet

18  and confer with Defendant to work out a schedule for supplementing this response.

19  **INTERROGATORY NO. 2:**

20         State with specificity the factual basis (including the IDENTITY of each DOCUMENT,

21  PERSON, or other evidentiary source upon which you rely) for YOUR allegation that

22  DEFENDANTS intended to and did "pass on the full cost" CRTs in their sales of monitors

23  containing CRTs, as alleged in, *inter alia*, Paragraph 238 of the Complaint.

24  **RESPONSE TO INTERROGATORY NO. 2:**

25         *See* Plaintiffs' Response To Interrogatory No. 1 above.

26  //

27  //

28

**INDIRECT PURCHASER PLAINTIFFS' RESPONSES AND OBJECTIONS TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 3:**

For each separate DEFENDANT (regardless of its affiliation with any other DEFENDANT) state with specificity the factual basis (including the IDENTITY of each DOCUMENT, PERSON, or other evidentiary source upon which YOU rely) for YOUR allegation that it "conspired to fix, raise, maintain and/or stabilize prices" at which products containing CRTs were sold in the United States, as alleged in, *inter alia*, Paragraph 1 of the COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 3:**

*See* Plaintiffs' Response To Interrogatory No. 1 above.

**INTERROGATORY NO. 4:**

For each separate DEFENDANT (regardless of its affiliation with any other DEFENDANT) state with specificity the factual basis (including the IDENTITY of each DOCUMENT, PERSON, or other evidentiary source upon which YOU rely) for YOUR allegation that it agreed to allocate market shares and customers of sales of products containing CRTs, as alleged in, *inter alia*, Paragraphs 156(i) and (j) of the COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 4:**

*See* Plaintiffs' Response To Interrogatory No. 1 above.

**INTERROGATORY NO. 5:**

IDENTIFY each PERSON who provided information to answer these Interrogatories.

**RESPONSE TO INTERROGATORY NO. 5:**

In conjunction with the aforementioned General Objections, Plaintiffs object to this Interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is neither relevant nor calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this Interrogatory to the extent it calls for information protected by the attorney work product doctrine.

Subject to and without waiving the foregoing General and specific objections, Plaintiffs respond that the information contained in these Responses was provided by counsel.

**INDIRECT PURCHASER PLAINTIFFS' RESPONSES AND OBJECTIONS TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF INTERROGATORIES**

Dated: May 7, 2010

TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP

By:   /s/ Mario N. Alioto
      Mario N. Alioto (56433)
      Lauren C. Russell (241151)
      2280 Union Street
      San Francisco, California 94123
      Telephone: (415) 563-7200
      Facsimile: (415) 346-0679
      E-mail: malioto@tatp.com
      laurenrussell@tatp.com

      *Interim Lead Counsel*
      *for the Indirect Purchaser Plaintiffs*

9

MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. RUSSELL, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel for the*
*Indirect Purchaser Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944 SC |
| | MDL No. 1917 |
| This Document Relates To: | **INDIRECT PURCHASER PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT SAMSUNG SDI AMERICA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE INDIRECT PURCHASER PLAINTIFFS** |
| ALL INDIRECT PURCHASER ACTIONS | |

PROPOUNDING PARTY:     SAMSUNG SDI AMERICA, INC.

RESPONDING PARTY:     INDIRECT PURCHASER PLAINTIFFS

SET NO.:     ONE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Indirect Purchaser Plaintiffs ("Plaintiffs") hereby respond to defendant Samsung SDI America, Inc.'s ("Defendant") First Set of Document Requests ("Requests") to the Indirect Purchaser Plaintiffs as follows:

## GENERAL OBJECTIONS

1.     Plaintiffs have not completed their investigation of the facts pertaining to this action and the discovery process is just commencing. The following responses are based upon information known at this time and are given without prejudice to Plaintiffs' right to supplement

1  these responses prior to trial or to produce evidence based on subsequently discovered
2  information. Plaintiffs' responses are based upon, and are therefore limited by, Plaintiffs' present
3  knowledge and recollection, and consequently, Plaintiffs reserve the right to supplement and/or
4  modify any and all of their objections and responses if they become aware of information and/or
5  documents which warrant such action.

6       2.    Plaintiffs object to each of Defendant's Requests, Definitions and Instructions to
7  the extent it seeks documents or information (i) not relevant to the subject matter of this action;
8  (ii) not relevant to any claim or defense in this action; (iii) not reasonably calculated to lead to the
9  discovery of admissible evidence; (iv) different from, inconsistent with, or in addition to what is
10  required to be produced under the Federal Rules of Civil Procedure, the Civil Local Rules of the
11  United States District Court for the Northern District of California, any existing Court Order in
12  this case, or any other applicable rule or law.

13       3.    Plaintiffs object to the Requests to the extent that they are vague, ambiguous and
14  require speculation to determine their meanings.

15       4.    Plaintiffs object to the Requests to the extent they seek to discover information
16  and/or documents from persons or entities who are not parties to this action and which
17  information or documents are not now and never have been in the possession, custody or control
18  of the Plaintiffs.

19       5.    Plaintiffs object to the Requests to the extent that they impose an undue burden on
20  Plaintiffs by, for example, requiring Plaintiffs to search for documents: (a) the value of which, if
21  any, is substantially outweighed by the burden or cost of searching for them, or (b) that are
22  equally available to Defendant or already in Defendant's possession.

23       6.    Plaintiffs object to the Requests to the extent they call for information and/or
24  documents protected by the attorney-client privilege, the work product doctrine, or any other
25  applicable privilege or protection. This objection includes, but is not limited to, information that
26  Defendant seeks regarding communications between Plaintiffs' attorneys and/or between
27  Plaintiffs and their attorneys made during or in anticipation of litigation. Inadvertent
28

**INDIRECT PURCHASER PLAINTIFFS' RESPONSES AND OBJECTIONS TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

1  identification or production of any such information in a document shall not constitute a waiver
2  of any such privilege with respect to the document produced or the subject matter thereof, or a
3  waiver of the Plaintiffs' right to object to the use of any such document during trial or any
4  subsequent proceeding.   To the extent that any such protected information is inadvertently
5  produced in response to the Requests, the production of such information shall not constitute a
6  waiver of Plaintiffs' right to assert the applicability of any privilege or immunity to the
7  information, and any such document and all copies or images thereof shall be promptly returned,
8  sequestered or destroyed upon demand pursuant to Rule 26(b)(5)(B).

9      7.      Plaintiffs object to the Requests to the extent they purport to require Plaintiffs to
10  disclose information or produce documents concerning any expert or other person or entity
11  retained by counsel to assist in the preparation of the Plaintiffs' case: (a) to the extent any such
12  person or entity will not be designated by the Plaintiffs as a trial witness on the ground that such
13  disclosure is neither relevant nor reasonably calculated to lead to the discovery of admissible
14  evidence; and (b) on the grounds that any such present disclosure is prejudicial to the Plaintiffs'
15  preparation of this case and is not required by the Federal Rules of Civil Procedure.

16      8.      Plaintiffs object to the Requests to the extent they call for information and/or
17  documents of a confidential and/or proprietary nature.

18      9.      Plaintiffs object to Defendant's definitions of "You," and "Your" as overly broad.

19      10.     Plaintiffs object to Defendant's definition of "Document" as overly broad to the
20  extent it purports to define the term more broadly than Federal Rule of Civil Procedure 34.

21      11.     Plaintiffs object to each of the Requests to the extent that it is unreasonably
22  cumulative or duplicative, including but not limited to Requests calling for the production of "all
23  documents" when less than all documents is sufficient.

24      12.     By responding to the Requests, Plaintiffs do not concede to the truth or accuracy
25  of any characterization, allegation or statement made in the Requests.

26
27
28

INDIRECT PURCHASER PLAINTIFFS' RESPONSES AND OBJECTIONS TO SAMSUNG SDI
AMERICA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

13.    Plaintiffs reserve their rights to object on any ground to the use of the Responses to or the subject matter of the Requests in any subsequent proceeding, and at the trial of this action.

14.    Plaintiffs' failure to object to any Request or Plaintiffs' agreement to produce documents in response to a Request, is not, and shall not, be construed as an admission of the relevance or admissibility of any such information or of the propriety of any of the Requests.

15.    Any statement herein that Plaintiffs will provide information or produce documents in response to an individual request does not mean that Plaintiffs in fact have any such information or documents, or that any such information or documents exist.  Rather, any such statement reflects the intention of Plaintiffs, subject to their objections, to conduct a reasonable search for responsive documents and information.

16.    Plaintiffs' Responses set forth herein are made without in any way waiving: (a) all rights to object to these Requests, the Responses, or the subject matter thereof, as to the competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose, in any proceeding in, or at the trial of, this or any other action; (b) the right to object on any ground to the use of these Responses, or the subject matter thereof, in any proceeding in, or at the trial of, this or any other action; or (c) the right to object on any ground at any time to requests to admit, interrogatories, or other discovery procedures involving or relating to the subject matter of these Requests.

17.    In each instance in which Plaintiffs have agreed to produce responsive documents, the Response means that Plaintiffs will produce responsive, non-objectionable, reasonably accessible, non-privileged documents within Indirect Purchaser Plaintiffs' possession, custody, or control that are located after a reasonable search and that will not require unduly burdensome efforts to identify and produce.

18.    Each general objection is hereby expressly incorporated by reference into each of the following specific objections and responses.

//

4

1

## DOCUMENT REQUESTS

2 <u>DOCUMENT REQUEST NO. 1:</u>

3        All DOCUMENTS that support YOUR responses to Interrogatory No. 1.

4 <u>RESPONSE TO DOCUMENT REQUEST NO. 1:</u>

5        In conjunction with the aforementioned General Objections, Plaintiffs object to this

6 request as premature insofar as it seeks "contention" discovery to which Defendant is not entitled

7 at this time. This request seeks, in effect, a list of trial exhibits that Plaintiffs are not yet required

8 to produce. The interests of judicial economy and efficiency dictate that contention discovery is

9 more appropriate after a substantial amount of merits discovery has been conducted. Here, for a

10 number of reasons, the discovery process is just commencing and Plaintiffs have only recently

11 received limited merits discovery.

12        First, the United States Department of Justice ("DOJ") intervened in this case and

13 successfully moved for a stay of all merits discovery. That stay was partially lifted on March 8,

14 2010, to allow limited merits discovery to proceed. No deposition discovery is permitted until

15 November 1, 2010.

16        Second, defendants have not yet responded to several of Plaintiffs' outstanding discovery

17 requests. On June 10, 2008, Plaintiffs served their First Request for Production of Documents on

18 all defendants. None of the defendants have responded to these requests. In addition, Paragraph

19 4 of the stipulated Order entered on September 12, 2008 required defendants to produce

20 documents or information regarding their sales, costs, capacity, participation in trade

21 associations, employees, and their storage/retention policies. Many defendants refused to

22 respond to these discovery requests on the basis that Plaintiffs' Complaint had not yet survived a

23 Rule 12(b)(6) motion to dismiss under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

24 These defendants have still not responded to these requests despite the fact that the Court has

25 denied defendants' motions to dismiss under *Twombly*. Moreover, the information Plaintiffs

26 received from those defendants that did respond to these requests was woefully inadequate.

27

28

---

**INDIRECT PURCHASER PLAINTIFFS' RESPONSES AND OBJECTIONS TO SAMSUNG SDI
AMERICA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiffs served their Second Set of Requests for Production of Documents on defendants on March 25, 2010. Pursuant to an agreement between the parties, defendants' responses are not due until May 28, 2010. And it will be another several months after that before Plaintiffs receive any documents pursuant to these requests. Much of the evidence in support of Plaintiffs' claims will be contained in defendants' own documents, which defendants have so far withheld from Plaintiffs. Accordingly, Plaintiffs object that Defendant's request is premature because it seeks documents to be provided by defendants to Plaintiffs and so are more readily available to Defendant, or are already in the Defendant's possession.

Third, the limited merits discovery that Plaintiffs have received has also been provided to Defendant. On March 8, 2010, certain defendants produced documents to all parties that had previously been produced to the DOJ in response to a grand jury subpoena. That production contains some documents that support Plaintiffs' allegations. Thus, Plaintiffs further object that Defendant's request imposes an undue burden on Plaintiffs by requiring Plaintiffs to search for documents that are equally available to Defendant, and are already in Defendant's possession.

In sum, the documents requested by Defendant cannot fairly and practically be provided until after the completion of discovery. Production of such information at this time could irreparably prejudice Plaintiffs' further investigation, development and prosecution of the litigation. Defendant's request serves no purpose other than to harass and burden Plaintiffs and to unnecessarily delay and needlessly increase the cost of litigation to all parties.

Finally, Plaintiffs also object to this request to the extent it calls for information and/or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Plaintiffs further object to this request as compound, overbroad and containing multiple subparts, which if broken apart, reveals numerous separate document requests.

Subject to and without waiving the foregoing General and specific objections, Plaintiffs refer Defendant to the documents produced to the Department of Justice in connection with the investigation of the Cathode Ray Tube industry, which were served on all parties by certain

**INDIRECT PURCHASER PLAINTIFFS' RESPONSES AND OBJECTIONS TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

1  defendants on March 8, 2010.  Once Plaintiffs have received the documents and information

2  requested by their outstanding discovery requests, and had an opportunity to review and analyze

3  those documents, as well as the documents previously produced to the DOJ, Plaintiffs will meet

4  and confer with Defendant to work out a schedule for supplementing this response.

5  **DOCUMENT REQUEST NO. 2:**

6      All DOCUMENTS that support YOUR response to Interrogatory No. 2.

7  **RESPONSE TO DOCUMENT REQUEST NO. 2:**

8      See Plaintiffs' Response To Document Request No. 1 above.

9  **DOCUMENT REQUEST NO. 3:**

10      All DOCUMENTS that support YOUR response to Interrogatory No. 3.

11  **RESPONSE TO DOCUMENT REQUEST NO. 3:**

12      See Plaintiffs' Response To Document Request No. 1 above.

13  **DOCUMENT REQUEST NO. 4:**

14      All DOCUMENTS that support YOUR response to Interrogatory No. 4.

15  **RESPONSE TO DOCUMENT REQUEST NO. 4:**

16      See Plaintiffs' Response To Document Request No. 1 above.

17

18  Dated: May 7, 2010          **TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**

19                      By:   /s/ Mario N. Alioto

20                            Mario N. Alioto (56433)
Lauren C. Russell (241151)

21                            2280 Union Street
San Francisco, California 94123

22                            Telephone: (415) 563-7200
Facsimile: (415) 346-0679

23                            E-mail: malioto@tatp.com
laurenrussell@tatp.com

24

25                            *Interim Lead Counsel*

26                            *for the Indirect Purchaser Plaintiffs*

27

28

**INDIRECT PURCHASER PLAINTIFFS' RESPONSES AND OBJECTIONS TO SAMSUNG SDI
AMERICA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. RUSSELL, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel for the*
*Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | )  Master File No. CV-07-5944 SC<br>)<br>)  MDL No. 1917<br>)<br>) |
| This Document Relates To:<br><br>ALL INDIRECT PURCHASER ACTIONS | )  **INDIRECT PURCHASER PLAINTIFFS'**<br>)  **RESPONSES AND OBJECTIONS TO**<br>)  **DEFENDANT SAMSUNG ELECTRONICS**<br>)  **AMERICA, INC.'S FIRST SET OF**<br>)  **INTERROGATORIES TO THE INDIRECT**<br>)  **PURCHASER PLAINTIFFS** |

PROPOUNDING PARTY:     SAMSUNG ELECTRONICS AMERICA, INC.

RESPONDING PARTY:     INDIRECT PURCHASER PLAINTIFFS

SET NO.:               ONE

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Indirect Purchaser Plaintiffs ("Plaintiffs") hereby respond to defendant Samsung Electronics America, Inc.'s ("Defendant") First Set of Interrogatories ("Interrogatories") to the Indirect Purchaser Plaintiffs as follows:

## GENERAL OBJECTIONS

1.     Plaintiffs have not completed their investigation of the facts pertaining to this action and the discovery process is just commencing. The following responses are based upon information known at this time and are given without prejudice to Plaintiffs' right to supplement

1

1  these responses prior to trial or to produce evidence based on subsequently discovered

2  information. Plaintiffs' responses are based upon, and are therefore limited by, Plaintiffs' present

3  knowledge and recollection, and consequently, Plaintiffs reserve the right to supplement and/or

4  modify any and all of their objections and responses if they become aware of information and/or

5  documents which warrant such action.

6      2.    Plaintiffs object to each of Defendant's Interrogatories, Definitions and

7  Instructions to the extent it seeks documents or information (i) not relevant to the subject matter

8  of this action; (ii) not relevant to any claim or defense in this action; (iii) not reasonably

9  calculated to lead to the discovery of admissible evidence; (iv) different from, inconsistent with,

10  or in addition to what is required to be produced under the Federal Rules of Civil Procedure, the

11  Civil Local Rules of the United States District Court for the Northern District of California, any

12  existing Court Order in this case, or any other applicable rule or law.

13      3.    Plaintiffs object to the Interrogatories to the extent that they are vague, ambiguous

14  and require speculation to determine their meanings.

15      4.    Plaintiffs object to the Interrogatories to the extent they seek to discover

16  information and/or documents from persons or entities who are not parties to this action and

17  which information or documents are not now and never have been in the possession, custody or

18  control of the Plaintiffs.

19      5.    Plaintiffs object to the Interrogatories to the extent that they impose an undue

20  burden on Plaintiffs by, for example, requiring Plaintiffs to search for documents: (a) the value

21  of which, if any, is substantially outweighed by the burden or cost of searching for them, or (b)

22  that are equally available to Defendant or already in Defendant's possession.

23      6.    Plaintiffs object to the Interrogatories to the extent they call for information and/or

24  documents protected by the attorney-client privilege, the work product doctrine, or any other

25  applicable privilege or protection. This objection includes, but is not limited to, information that

26  Defendant seeks regarding communications between Plaintiffs' attorneys and/or between

27  Plaintiffs and their attorneys made during or in anticipation of litigation. Inadvertent

28

2

**INDIRECT PURCHASER PLAINTIFFS' RESPONSES AND OBJECTIONS TO SAMSUNG
ELECTRONICS AMERICA, INC.'S FIRST SET OF INTERROGATORIES**

1   identification or production of any such information in a document shall not constitute a waiver

2   of any such privilege with respect to the document produced or the subject matter thereof, or a

3   waiver of the Plaintiffs' right to object to the use of any such document during trial or any

4   subsequent proceeding.   To the extent that any such protected information is inadvertently

5   produced in response to the Interrogatories, the production of such information shall not

6   constitute a waiver of Plaintiffs' right to assert the applicability of any privilege or immunity to

7   the information, and any such document and all copies or images thereof shall be promptly

8   returned, sequestered or destroyed upon demand pursuant to Rule 26(b)(5)(B).

9       7.    Plaintiffs object to the Interrogatories as premature "contention interrogatories" in

10  that they: (i) call for opinions and contentions relating to fact or application of law to fact that

11  Plaintiffs should not be required to disclose until discovery has been substantially completed; (ii)

12  call for legal conclusions; and (iii) are likely to require supplemental answers, prematurely

13  commit Plaintiff to positions, and artificially narrow issues.  Such information cannot be fairly

14  and practically provided until after the completion of discovery.  The interests of judicial

15  economy and efficiency dictate that contention discovery is more appropriate after a substantial

16  amount of merits discovery has been conducted.  To the extent that Defendant's Interrogatories

17  request the contentions of Plaintiffs in this case, those contentions are set forth in large part in

18  Indirect Purchaser Plaintiffs' Consolidated Amended Complaint (the "Complaint").   The

19  allegations of the Complaint are incorporated by reference in each of the answers to the

20  Interrogatories set forth herein.

21      8.    Plaintiffs object to the Interrogatories to the extent they purport to require

22  Plaintiffs to disclose information or produce documents concerning any expert or other person or

23  entity retained by counsel to assist in the preparation of the Plaintiffs' case: (a) to the extent any

24  such person or entity will not be designated by the Plaintiffs as a trial witness on the ground that

25  such disclosure is neither relevant nor reasonably calculated to lead to the discovery of

26  admissible evidence; and (b) on the grounds that any such present disclosure is prejudicial to the

27  Plaintiffs' preparation of this case and is not required by the Federal Rules of Civil Procedure.

28

**INDIRECT PURCHASER PLAINTIFFS' RESPONSES AND OBJECTIONS TO SAMSUNG
ELECTRONICS AMERICA, INC.'S FIRST SET OF INTERROGATORIES**

9.      Plaintiffs object to the Interrogatories to the extent they call for information and/or documents of a confidential and/or proprietary nature.

10.     Plaintiffs object to Defendant's definitions of "You," and "Your" as overly broad.

11.     Plaintiffs object to Defendant's definition of "Document" as overly broad to the extent it purports to define the term more broadly than Federal Rule of Civil Procedure 34.

12.     Plaintiffs object to the definition of the term "identify" in the Interrogatories as being overly broad and requesting information that is not reasonably calculated to lead to the discovery of admissible evidence.  Further, the application of this definition will necessarily render any interrogatory vague, ambiguous, and burdensome.

13.     By responding to the Requests, Plaintiffs do not concede to the truth or accuracy of any characterization, allegation, or statement made in the Requests.

14.     Plaintiffs reserve their rights to object on any ground to the use of the Responses to or the subject matter of the Requests in any subsequent proceeding, and at the trial of this action.

15.     Plaintiffs' failure to object to any interrogatory, or Plaintiffs' agreement to produce documents in response to an interrogatory is not, and shall not, be construed as an admission of the relevance or admissibility of any such information or of the propriety of any of the Interrogatories.

16.     Plaintiffs' Responses set forth herein are made without in any way waiving: (a) all rights to object to these Interrogatories, the Responses, or the subject matter thereof, as to the competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose, in any proceeding in, or at the trial of, this or any other action; (b) the right to object on any ground to the use of these Responses, or the subject matter thereof, in any proceeding in, or at the trial of, this or any other action; or (c) the right to object on any ground at any time to requests to admit, interrogatories, or other discovery procedures involving or relating to the subject matter of these Requests.

4

17.   In each instance in which Plaintiffs have agreed to respond to the interrogatory by producing responsive documents pursuant to a request contained in Defendant's First Request for Production of Documents to the Indirect Purchaser Plaintiffs, the Response means that Plaintiffs will produce responsive, non-objectionable, reasonably accessible, non-privileged documents within Plaintiffs' possession, custody, or control that are located after a reasonable search and that will not require unduly burdensome efforts to identify and produce.

18.   Each general objection is hereby expressly incorporated by reference into each of the following specific objections and responses.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each Person who provided information to answer these Interrogatories.

**RESPONSE TO INTERROGATORY NO. 1:**

In conjunction with the aforementioned General Objections, Plaintiffs object to this Interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is neither relevant nor calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this Interrogatory to the extent it calls for information protected by the attorney work product doctrine.

Subject to and without waiving the foregoing General and specific objections, Plaintiffs respond that the information contained in these Responses was provided by counsel.

**INTERROGATORY NO. 2:**

With respect to televisions, as defined in Paragraph 15(b) of the Complaint as "products containing CRTs", please state with specificity the factual basis (including the identification of each Document, Person or other evidentiary source) for the allegation in Paragraph 1 of the Complaint that Defendants "conspired to fix, raise, maintain and/or stabilize prices" of those "CRT Products", namely televisions containing CRTs.

//

**INDIRECT PURCHASER PLAINTIFFS' RESPONSES AND OBJECTIONS TO SAMSUNG ELECTRONICS AMERICA, INC.'S FIRST SET OF INTERROGATORIES**

## RESPONSE TO INTERROGATORY NO. 2:

In conjunction with the aforementioned General Objections, Plaintiffs object to this interrogatory as premature in that it seeks "contention" discovery to which Defendant is not entitled at this time: The interests of judicial economy and efficiency dictate that contention discovery is more appropriate after a substantial amount of merits discovery has been conducted. *See, e.g., In re Convergent Tech. Sec. Litig.,* 108 F.R.D. 328 (N.D. Cal. 1985) ("There is considerable recent authority for the view that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust Litig.,* No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken.").

Here, for a number of reasons, the discovery process is just commencing and Plaintiffs have only recently received limited merits discovery, making this interrogatory especially inappropriate at this time. First, the United States Department of Justice ("DOJ") intervened in this case and successfully moved for a stay of all merits discovery. That stay was partially lifted on March 8, 2010, to allow limited merits discovery to proceed. No deposition discovery is permitted until November 1, 2010.

Second, defendants have not yet responded to several of Plaintiffs' outstanding discovery requests. On June 10, 2008, Plaintiffs served their First Request for Production of Documents on all defendants. None of the defendants have responded to these requests. In addition, Paragraph 4 of the stipulated Order entered on September 12, 2008 required defendants to produce documents or information regarding their sales, costs, capacity, participation in trade associations, employees, and their storage/retention policies. Many defendants refused to respond to these discovery requests on the basis that Plaintiffs' Complaint had not yet survived a Rule 12(b)(6) motion to dismiss under *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). These defendants have still not responded to these requests despite the fact that the Court has

**INDIRECT PURCHASER PLAINTIFFS' RESPONSES AND OBJECTIONS TO SAMSUNG ELECTRONICS AMERICA, INC.'S FIRST SET OF INTERROGATORIES**

1  denied defendants' motions to dismiss under *Twombly*.  Moreover, the information Plaintiffs

2  received from those defendants that did respond to these requests was woefully inadequate.

3      Plaintiffs served their Second Set of Requests for Production of Documents on defendants

4  on March 25, 2010.  Pursuant to an agreement between the parties, defendants' responses are not

5  due until May 28, 2010.  And it will be another several months after that before Plaintiffs receive

6  any documents pursuant to these requests.  Much of the information in support of Plaintiffs'

7  claims will be contained in defendants' own documents, which defendants have so far withheld

8  from Plaintiffs.  Accordingly, Plaintiffs object to this Interrogatory on the grounds that it is

9  premature because it seeks information to be provided by defendants to Plaintiffs, which

10  information is more readily available to Defendant, or is already known to Defendant.

11      Third, the limited merits discovery that Plaintiffs have received has also been provided to

12  Defendant.  On March 8, 2010, certain defendants produced documents to all parties that had

13  previously been produced to the DOJ in response to a grand jury subpoena.  That production

14  contains some of the factual basis for Plaintiffs' allegations.  Thus, Plaintiffs further object that

15  this Interrogatory seeks to impose an undue burden on Plaintiffs by requiring Plaintiffs to search

16  for information that is equally available to Defendant, and is already in Defendant's possession.

17      In sum, the information requested by Defendant cannot fairly and practically be provided

18  until after the completion of discovery.  Production of such information at this time could

19  irreparably prejudice Plaintiffs' further investigation, development and prosecution of the

20  litigation.  This Interrogatory serves no purpose other than to harass and burden Plaintiffs and to

21  unnecessarily delay and needlessly increase the cost of litigation to all parties.

22      Finally, Plaintiffs object to this Interrogatory on the grounds that it seeks information

23  and/or documents protected by the attorney-client privilege, the work product doctrine, or any

24  other applicable privilege or protection.  Plaintiffs also object to this Interrogatory as compound.

25      Subject to and without waiving the foregoing General and specific objections, Plaintiffs

26  refer Defendant to the documents produced to the Department of Justice in connection with the

27  investigation of the Cathode Ray Tube industry, from which some of the information called for

28

INDIRECT PURCHASER PLAINTIFFS' RESPONSES AND OBJECTIONS TO SAMSUNG
ELECTRONICS AMERICA, INC.'S FIRST SET OF INTERROGATORIES

1  by this interrogatory may be derived or ascertained pursuant to Federal Rule of Civil Procedure

2  33(d).   Once Plaintiffs have received the documents and information requested by their

3  outstanding discovery requests, and had an opportunity to review and analyze those documents

4  and information, as well as the documents previously produced to the DOJ, Plaintiffs will meet

5  and confer with Defendant to work out a schedule for supplementing this response.

6  **INTERROGATORY NO. 3:**

7       With respect to products other than televisions and monitors, as defined in Paragraph

8  15(b) of the Complaint as "products containing CRTs", please state with specificity the factual

9  basis (including the identification of each Document, Person or other evidentiary source) for the

10  allegation in Paragraph 1 of the Complaint that Defendants "conspired to fix, raise, maintain

11  and/or stabilize prices" of those "CRT Products", namely products other than televisions or

12  monitors containing CRTs.

13  **RESPONSE TO INTERROGATORY NO. 3:**

14       *See* Plaintiffs' Response To Interrogatory No. 2 above.

15  **INTERROGATORY NO. 4:**

16       With respect to the allegation in Paragraph 238 of the Complaint that "Defendants

17  intended to pass on the full cost of" CRTs in their televisions containing CRTs and "in fact did

18  so", please state with specificity the factual basis (including the identification of each Document,

19  Person or other evidentiary source) for this allegation.

20  **RESPONSE TO INTERROGATORY NO. 4:**

21       *See* Plaintiffs' Response To Interrogatory No. 2 above.

22  **INTERROGATORY NO. 5:**

23       With respect to the allegation in Paragraph 238 of the Complaint that "Defendants

24  intended to pass on the full cost of" CRTs in their finished products containing CRTs, other than

25  televisions and computer monitors, and "in fact did so", please state with specificity the factual

26  basis (including the identification of each Document, Person or other evidentiary source) for this

27  allegation.

28

**INDIRECT PURCHASER PLAINTIFFS' RESPONSES AND OBJECTIONS TO SAMSUNG
ELECTRONICS AMERICA, INC.'S FIRST SET OF INTERROGATORIES**

**RESPONSE TO INTERROGATORY NO. 5:**

    *See* Plaintiffs' Response To Interrogatory No. 2 above.

**INTERROGATORY NO. 6:**

    For each Defendant (regardless of its purported affiliation with any other Defendant), state with specificity the factual basis (including any Documents, Persons or other evidentiary sources) for Your allegations that it conspired, combined, and contracted with any of the other Defendants "to fix, raise, maintain and/or stabilize the prices of CRT Products sold in the United States," as alleged in, *inter alia*, Paragraph 1 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 6:**

    *See* Plaintiffs' Response To Interrogatory No. 2 above.

Dated: May 7, 2010          **TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**

                    By:    /s/ Mario N. Alioto
                            Mario N. Alioto (56433)
                            Lauren C. Russell (241151)
                            2280 Union Street
                            San Francisco, California 94123
                            Telephone: (415) 563-7200
                            Facsimile: (415) 346-0679
                            E-mail: malioto@tatp.com
                            laurenrussell@tatp.com

                            *Interim Lead Counsel*
                            *for the Indirect Purchaser Plaintiffs*

**INDIRECT PURCHASER PLAINTIFFS' RESPONSES AND OBJECTIONS TO SAMSUNG ELECTRONICS AMERICA, INC.'S FIRST SET OF INTERROGATORIES**

MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. RUSSELL, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel for the
Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** )<br>)<br>)<br>)<br>)<br>) | Master File No. CV-07-5944 SC<br><br>MDL No. 1917 |
| This Document Relates To:<br><br>ALL INDIRECT PURCHASER ACTIONS | ) **INDIRECT PURCHASER PLAINTIFFS'**<br>) **RESPONSES AND OBJECTIONS TO**<br>) **DEFENDANT SAMSUNG ELECTRONICS**<br>) **AMERICA, INC.'S FIRST SET OF**<br>) **REQUESTS FOR PRODUCTION OF**<br>) **DOCUMENTS TO THE INDIRECT**<br>) **PURCHASER PLAINTIFFS** |

PROPOUNDING PARTY:      SAMSUNG ELECTRONICS AMERICA, INC.

RESPONDING PARTY:       INDIRECT PURCHASER PLAINTIFFS

SET NO.:                ONE

     Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Indirect

Purchaser Plaintiffs ("Plaintiffs") hereby respond to defendant Samsung Electronics America,

Inc.'s ("Defendant") First Set of Document Requests ("Requests") to the Indirect Purchaser

Plaintiffs as follows:

## GENERAL OBJECTIONS

    1.   Plaintiffs have not completed their investigation of the facts pertaining to this

action and the discovery process is just commencing. The following responses are based upon

1

information known at this time and are given without prejudice to Plaintiffs' right to supplement these responses prior to trial or to produce evidence based on subsequently discovered information. Plaintiffs' responses are based upon, and are therefore limited by, Plaintiffs' present knowledge and recollection, and consequently, Plaintiffs reserve the right to supplement and/or modify any and all of their objections and responses if they become aware of information and/or documents which warrant such action.

2.      Plaintiffs object to each of Defendant's Requests, Definitions and Instructions to the extent it seeks documents or information (i) not relevant to the subject matter of this action; (ii) not relevant to any claim or defense in this action; (iii) not reasonably calculated to lead to the discovery of admissible evidence; (iv) different from, inconsistent with, or in addition to what is required to be produced under the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Northern District of California, any existing Court Order in this case, or any other applicable rule or law.

3.      Plaintiffs object to the Requests to the extent that they are vague, ambiguous and require speculation to determine their meanings.

4.      Plaintiffs object to the Requests to the extent they seek to discover information and/or documents from persons or entities who are not parties to this action and which information or documents are not now and never have been in the possession, custody or control of the Plaintiffs.

5.      Plaintiffs object to the Requests to the extent that they impose an undue burden on Plaintiffs by, for example, requiring Plaintiffs to search for documents: (a) the value of which, if any, is substantially outweighed by the burden or cost of searching for them, or (b) that are equally available to Defendant or already in Defendant's possession.

6.      Plaintiffs object to the Requests to the extent they call for information and/or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. This objection includes, but is not limited to, information that Defendant seeks regarding communications between Plaintiffs' attorneys and/or between

**INDIRECT PURCHASER PLAINTIFFS' RESPONSES AND OBJECTIONS TO SAMSUNG ELECTRONICS AMERICA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

1   Plaintiffs and their attorneys made during or in anticipation of litigation.   Inadvertent

2   identification or production of any such information in a document shall not constitute a waiver

3   of any such privilege with respect to the document produced or the subject matter thereof, or a

4   waiver of the Plaintiffs' right to object to the use of any such document during trial or any

5   subsequent proceeding.   To the extent that any such protected information is inadvertently

6   produced in response to the Requests, the production of such information shall not constitute a

7   waiver of Plaintiffs' right to assert the applicability of any privilege or immunity to the

8   information, and any such document and all copies or images thereof shall be promptly returned,

9   sequestered or destroyed upon demand pursuant to Rule 26(b)(5)(B).

10      7.      Plaintiffs object to the Requests to the extent they purport to require Plaintiffs to

11   disclose information or produce documents concerning any expert or other person or entity

12   retained by counsel to assist in the preparation of the Plaintiffs' case: (a) to the extent any such

13   person or entity will not be designated by the Plaintiffs as a trial witness on the ground that such

14   disclosure is neither relevant nor reasonably calculated to lead to the discovery of admissible

15   evidence; and (b) on the grounds that any such present disclosure is prejudicial to the Plaintiffs'

16   preparation of this case and is not required by the Federal Rules of Civil Procedure.

17      8.      Plaintiffs object to the Requests to the extent they call for information and/or

18   documents of a confidential and/or proprietary nature.

19      9.      Plaintiffs object to Defendant's definitions of "You," and "Your" as overly broad.

20      10.      Plaintiffs object to Defendant's definition of "Document" as overly broad to the

21   extent it purports to define the term more broadly than Federal Rule of Civil Procedure 34.

22      11.      Plaintiffs object to each of the Requests to the extent that it is unreasonably

23   cumulative or duplicative, including but not limited to Requests calling for the production of "all

24   documents" when less than all documents is sufficient.

25      12.      By responding to the Requests, Plaintiffs do not concede to the truth or accuracy

26   of any characterization, allegation, or statement made in the Requests.

27

28

**INDIRECT PURCHASER PLAINTIFFS' RESPONSES AND OBJECTIONS TO SAMSUNG
ELECTRONICS AMERICA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

13.     Plaintiffs reserve their rights to object on any ground to the use of the Responses to or the subject matter of the Requests in any subsequent proceeding, and at the trial of this action.

14.     Plaintiffs' failure to object to any Request or Plaintiffs' agreement to produce documents in response to a Request, is not, and shall not, be construed as an admission of the relevance or admissibility of any such information or of the propriety of any of the Requests.

15.     Any statement herein that Plaintiffs will provide information or produce documents in response to an individual request does not mean that Plaintiffs in fact have any such information or documents, or that any such information or documents exist.  Rather, any such statement reflects the intention of Plaintiffs, subject to their objections, to conduct a reasonable search for responsive documents and information.

16.     Plaintiffs' Responses set forth herein are made without in any way waiving: (a) all rights to object to these Requests, the Responses, or the subject matter thereof, as to the competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose, in any proceeding in, or at the trial of, this or any other action; (b) the right to object on any ground to the use of these Responses, or the subject matter thereof, in any proceeding in, or at the trial of, this or any other action; or (c) the right to object on any ground at any time to requests to admit, interrogatories, or other discovery procedures involving or relating to the subject matter of these Requests.

17.     In each instance in which Plaintiffs have agreed to produce responsive documents, the Response means that Plaintiffs will produce responsive, non-objectionable, reasonably accessible, non-privileged documents within Indirect Purchaser Plaintiffs' possession, custody, or control that are located after a reasonable search and that will not require unduly burdensome efforts to identify and produce.

18.     Each general objection is hereby expressly incorporated by reference into each of the following specific objections and responses.

//

INDIRECT PURCHASER PLAINTIFFS' RESPONSES AND OBJECTIONS TO SAMSUNG
ELECTRONICS AMERICA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUESTS**

**DOCUMENT REQUEST NO. 1:**

Each Document that supports Your response to Interrogatory No. 2.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

In conjunction with the aforementioned General Objections, Plaintiffs object to this request as premature insofar as it seeks "contention" discovery to which Defendant is not entitled at this time. This request seeks, in effect, a list of trial exhibits that Plaintiffs are not yet required to produce. The interests of judicial economy and efficiency dictate that contention discovery is more appropriate after a substantial amount of merits discovery has been conducted. Here, for a number of reasons, the discovery process is just commencing and Plaintiffs have only recently received limited merits discovery.

First, the United States Department of Justice ("DOJ") intervened in this case and successfully moved for a stay of all merits discovery. That stay was partially lifted on March 8, 2010, to allow limited merits discovery to proceed. No deposition discovery is permitted until November 1, 2010.

Second, defendants have not yet responded to several of Plaintiffs' outstanding discovery requests. On June 10, 2008, Plaintiffs served their First Request for Production of Documents on all defendants. None of the defendants have responded to these requests. In addition, Paragraph 4 of the stipulated Order entered on September 12, 2008 required defendants to produce documents or information regarding their sales, costs, capacity, participation in trade associations, employees, and their storage/retention policies. Many defendants refused to respond to these discovery requests on the basis that Plaintiffs' Complaint had not yet survived a Rule 12(b)(6) motion to dismiss under *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). These defendants have still not responded to these requests despite the fact that the Court has denied defendants' motions to dismiss under *Twombly.* Moreover, the information Plaintiffs received from those defendants that did respond to these requests was woefully inadequate.

5

1    Plaintiffs served their Second Set of Requests for Production of Documents on defendants

2    on March 25, 2010.  Pursuant to an agreement between the parties, defendants' responses are not

3    due until May 28, 2010.  And it will be another several months after that before Plaintiffs receive

4    any documents pursuant to these requests.  Much of the evidence in support of Plaintiffs' claims

5    will be contained in defendants' own documents, which defendants have so far withheld from

6    Plaintiffs.  Accordingly, Plaintiffs object that Defendant's request is premature because it seeks

7    documents to be provided by defendants to Plaintiffs and so are more readily available to

8    Defendant, or are already in the Defendant's possession.

9    Third, the limited merits discovery that Plaintiffs have received has also been provided to

10   Defendant.  On March 8, 2010, certain defendants produced documents to all parties that had

11   previously been produced to the DOJ in response to a grand jury subpoena.  That production

12   contains some documents that support Plaintiffs' allegations.  Thus, Plaintiffs further object that

13   Defendant's request imposes an undue burden on Plaintiffs by requiring Plaintiffs to search for

14   documents that are equally available to Defendant, and are already in Defendant's possession.

15   . In sum, the documents requested by Defendant cannot fairly and practically be provided

16   until after the completion of discovery.  Production of such information at this time could

17   irreparably prejudice Plaintiffs' further investigation, development and prosecution of the

18   litigation.  Defendant's request serves no purpose other than to harass and burden Plaintiffs and

19   to unnecessarily delay and needlessly increase the cost of litigation to all parties.

20   Finally, Plaintiffs also object to this request to the extent it calls for information and/or

21   documents protected by the attorney-client privilege, the work product doctrine, or any other

22   applicable privilege or protection.  Plaintiffs further object to this request as compound,

23   overbroad and containing multiple subparts, which if broken apart, reveals numerous separate

24   document requests.

25   Subject to and without waiving the foregoing General and specific objections, Plaintiffs

26   refer Defendant to the documents produced to the Department of Justice in connection with the

27   investigation of the Cathode Ray Tube industry, which were served on all parties by certain

28

INDIRECT PURCHASER PLAINTIFFS' RESPONSES AND OBJECTIONS TO SAMSUNG
ELECTRONICS AMERICA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1  defendants on March 8, 2010.  Once Plaintiffs have received the documents and information
2  requested by their outstanding discovery requests, and had an opportunity to review and analyze
3  those documents, as well as the documents previously produced to the DOJ, Plaintiffs will meet
4  and confer with Defendant to work out a schedule for supplementing this response.

5  **DOCUMENT REQUEST NO. 2:**

6      Each Document that supports Your response to Interrogatory No. 3.

7  **RESPONSE TO DOCUMENT REQUEST NO. 2:**

8      *See* Plaintiffs' Response To Document Request No. 1 above.

9  **DOCUMENT REQUEST NO. 3:**

10      Each Document that supports Your response to Interrogatory No. 4.

11  **RESPONSE TO DOCUMENT REQUEST NO. 3:**

12      *See* Plaintiffs' Response To Document Request No. 1 above.

13  **DOCUMENT REQUEST NO. 4:**

14      Each Document that supports Your response to Interrogatory No. 5.

15  **RESPONSE TO DOCUMENT REQUEST NO. 4:**

16      *See* Plaintiffs' Response To Document Request No. 1 above.

17  **DOCUMENT REQUEST NO. 5:**

18      Each Document that supports Your responses to Interrogatory No. 6.

19  **RESPONSE TO DOCUMENT REQUEST NO. 5:**

20      *See* Plaintiffs' Response To Document Request No. 1 above.

21  **DOCUMENT REQUEST NO. 6:**

22      Any other Document that supports Your allegations that each of the SE Defendants
23  conspired to fix, raise, maintain and/or stabilize the price at which finished products containing
24  CRTs were sold in the United States.

25  **RESPONSE TO REQUEST NO. 6:**

26      *See* Plaintiffs' Response To Document Request No. 1 above.

27  **DOCUMENT REQUEST NO. 7:**

28

INDIRECT PURCHASER PLAINTIFFS' RESPONSES AND OBJECTIONS TO SAMSUNG
ELECTRONICS AMERICA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1    Each Document that supports Your allegations that each of the SE Defendants intended to

2  pass on the full cost of CRTs in their finished products containing CRTs and in fact did so.

3  **RESPONSE TO DOCUMENT REQUEST NO. 7:**

4    *See* Plaintiffs' Response To Document Request No. 1 above.

5  **DOCUMENT REQUEST NO. 8:**

6    Each document that supports Your allegation that any other Defendant intended to pass

7  on the full cost of CRTs in their finished products containing CRTs and in fact did so.

8  **RESPONSE TO REQUEST NO. 8:**

9    *See* Plaintiffs' Response To Document Request No. 1 above.

10

11  Dated: May 7, 2010                    **TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**

12                          By:    /s/ Mario N. Alioto
                                  Mario N. Alioto (56433)
13                                Lauren C. Russell (241151)
                                  2280 Union Street
14                                San Francisco, California 94123
                                  Telephone: (415) 563-7200
15                                Facsimile: (415) 346-0679
                                  E-mail: malioto@tatp.com
16                                laurenrussell@tatp.com

17

18                          *Interim Lead Counsel*
                            *for the Indirect Purchaser Plaintiffs*

19

20

21

22

23

24

25

26

27

28
                                        8