# EXHIBIT 2

KENT M. ROGER, State Bar No. 95987
DIANE L. WEBB, State Bar No. 197851
MICHELLE PARK CHIU, State Bar No. 248421
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, California  94105-1126
Telephone:    415.442.1000
Facsimile:    415.442.1001
E-mail:    kroger@morganlewis.com
           dwebb@morganlewis.com
           mchiu@morganlewis.com

Attorneys for Defendant
HITACHI, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. C07-5944 SC<br><br>**MDL NO. 1917**<br><br>Judge: Hon. Samuel Conti<br><br>Special Master: Hon. Charles A. Legge (Ret.) |
| This Document Relates To:<br><br>DIRECT PURCHASER ACTION | **DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS** |

PROPOUNDING PARTY:          DIRECT PURCHASER PLAINTIFFS

RESPONDING PARTIES:          HITACHI, LTD.

SET NUMBER:          SECOND (Nos. 1-40 [sic] 6-45)

Defendant Hitachi, Ltd. ("Responding Party") hereby timely objects and responds to

Direct Purchaser Plaintiffs' ("Plaintiffs" or "Requesting Party") Second Set of Requests for the

Production of Documents ("Document Requests") served on March 12, 2010, and each document

request set forth therein ("Responses"), as follows.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                              -1-                              MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

## GENERAL OBJECTIONS

1.      Responding Party's responses are based upon information and writings available to and located by Responding Party as of the date of service of these Responses. Responding Party has not completed its investigation of the facts relating to the Document Requests, and all of the information supplied and documents and things produced are based only on such information and documents that are reasonably available and specifically known to Responding Party as of the date of service of its response.

2.      No express, incidental or implied admissions are intended by these Responses. The fact that Responding Party agrees to provide information in response to a particular request is not intended and shall not be construed as an admission that Responding Party accepts or admits the existence of any such information set forth in or assumed by such request, or that any such information and/or document constitutes admissible evidence. The fact that Responding Party agrees to provide information in response to a particular request is not intended and shall not be construed as a waiver by Responding Party of any part of any objection to such request or any part of any general objection made herein.

3.      Responding Party reserves the right to change, amend, or supplement its objections at a later date. If Plaintiffs assert an interpretation of any aspect of the Document Requests or any of the requests therein that is different from that made by Responding Party, Responding Party reserves the right to supplement its objections if such interpretations made by Plaintiffs are held to be applicable.

4.      Responding Party objects to the Document Requests, and each request therein, to the extent they are vague, ambiguous, or contain terms that are insufficiently defined.

5.      Responding Party objects to the Document Requests, and each request therein, as overly broad, unduly burdensome, oppressive and beyond the proper scope of discovery.

6.      If multiple, identical copies of any document are responsive to the requests herein, only one representative copy will be produced. Producing more than one identical copy is unduly burdensome and oppressive.

7.      Responding Party objects to the Document Requests, and each request therein, to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                     -2-                                   MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    the extent they seek documents and materials on matters not relevant to the subject matter of this

2    action, not admissible in evidence, and not reasonably calculated to lead to the discovery of

3    admissible evidence.

4        8.      Responding Party objects to the Document Requests, and each request therein, to

5    the extent they seek to impose on it discovery obligations inconsistent with, or not authorized

6    under, the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

7        9.      Responding Party objects to the Document Requests, and to each request therein,

8    to the extent they seek to impose on it discovery obligations inconsistent with, or not authorized

9    under, the Local Rules of the United States District Court in and for the Northern District of

10   California (the "Local Rules").

11       10.     Responding Party objects to the Document Requests, and to each request therein,

12   to the extent they seek to impose on it discovery obligations exceeding the scope of the

13   Stipulation and Order to Extend Limited Discovery Stay that the Court entered on January 5,

14   2010 (the "Stay Order").

15       11.     Responding Party objects to the Document Requests, and each request therein, to

16   the extent they seek documents and information that are beyond the scope of the Sherman

17   Antitrust Act, 15 U.S.C. § 1.

18       12.     Responding Party objects to the Document Requests, and each request therein, to

19   the extent they fail to describe the documents and things sought with a reasonable degree of

20   specificity.

21       13.     Responding Party shall attempt to construe the terms and phrases used by

22   Plaintiffs in a way to give those terms and phrases a meaning which will result in the production

23   of relevant information or information designed to lead to the discovery of admissible evidence.

24       14.     Responding Party objects to the Document Requests, and each request therein, to

25   the extent they seek the discovery of documents regarding Responding Party's sales outside of the

26   United States and unrelated to United States commerce, as such sales are beyond the scope of this

27   litigation and thereby render the Document Requests overly broad, unduly burdensome, and not

28   reasonably calculated to lead to the discovery of admissible evidence.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                           -3-                                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

15.     Responding Party objects to the Document Requests, and each request therein, to the extent they seek documents, including but not limited to electronic documents, the disclosure of which is prohibited by a law, regulation, or order of a court or other authority of a foreign jurisdiction in which the documents are located.

16.     Responding Party objects to the Document Requests, and each request therein, to the extent they seek documents that are no longer active or readily accessible on Responding Party's database but might exist in electronic archives or back-up files.  Responding Party will not rebuild these electronic archives and back-up files in order to search for documents that may be responsive to the Document Requests.  Based on the dates of the information sought, a portion of Responding Party's potential responsive data will likely not be on active databases.

17.     Responding Party objects to the Document Requests, and each request therein, to the extent they seek to impose on Responding Party an obligation to investigate or discover information or materials from third parties or sources who are equally accessible to Plaintiffs.

18.     Responding Party objects to the Document Requests and each request therein, to the extent they contain duplicative requests, in whole or in part.  To the extent responsive documents have previously been produced, they will not be produced again.

19.     Responding Party objects to the Document Requests, and each request therein, to the extent that they purport to call for Responding Party to engage in an investigation or to obtain information and/or documents not in its personal possession, custody or control.  In addition, Responding Party objects to the extent the Document Requests require Responding Party to respond and/or produce documents on behalf of any person or entity other than itself.

20.     Responding Party objects to the Document Requests, and each request therein, to the extent that they seek documents that are in the public record or which are equally accessible to the Plaintiffs as to Responding Party.

21.     Responding Party objects to the Document Requests, and each request therein, to the extent that they attempt and/or purport to call for production of any information and/or documents that are privileged, including, but not limited to, documents and materials that were prepared in anticipation of litigation, ADR, or for trial, that reveal communications between

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                          -4-                                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   Responding Party and its legal counsel, and/or that otherwise constitute attorney-work product,

2   joint defense or common interest privilege, or by any other applicable doctrine or privilege, or

3   that are otherwise privileged or immune from discovery.  Inadvertent testimony, production, or

4   disclosure of any such information and/or document is not intended to and shall not constitute a

5   waiver of any privilege or any other ground for objecting to discovery with respect to such

6   testimony, information, and/or document, or with respect to the subject matter thereof.  Nor shall

7   such inadvertent production or disclosure waive Responding Party's right to object to the use of

8   any such testimony, information, and/or document during this action or in any other or

9   subsequent proceeding.  Hence, Responding Party objects to each request to the extent each seeks

10  testimony, documents, and information that are protected by the attorney-client privilege and/or

11  the attorney work product doctrine.

12        22.    No response herein should be deemed or construed as a representation that

13  Responding Party agrees with or acquiesces in the characterization of any fact, assumption or

14  conclusion of law contained in or implied by the Document Requests.

15        23.    Responding Party objects to the Document Requests, and each request therein, to

16  the extent they seek information and/or documents that would disclose proprietary information,

17  trade secrets or other confidential research, development, or other confidential information

18  protected by the Uniform Trade Secrets Act, among others, any and all rights of privacy under the

19  United States Constitution or Article I of the Constitution of the State of California, or any other

20  applicable law or state constitution, or that is otherwise prohibited from disclosure because to do

21  so would cause Responding Party to violate legal and/or contractual obligations to any other

22  persons or entities.  Where applicable, Responding Party's Responses to the Document Requests

23  are subject to the provisions of the Stipulated Protective Order that the Court entered on June 18,

24  2008 (the "Protective Order").  Responding Party's Responses are hereby designated

25  "Confidential" in accordance with the provisions of the Protective Order.

26        24.    By representing that it will or will not produce documents, Responding Party does

27  not represent that such documents exist.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

25. Subject to and without waving any of the foregoing objections, each of which is expressly incorporated into each individual response below as if fully stated therein, Responding Party expressly reserves the following rights:

a. Any and all testimony and information provided and/or documents produced by Responding Party in response to the Document Requests are and will remain subject to all objections as to relevance, materiality, propriety, and admissibility, as well as to any and all other objections on any grounds that would require the exclusion of the testimony, information, and/or document or any portion thereof if such testimony, information, and/or document was offered in evidence, all of which objections and grounds are hereby expressly reserved and may be interposed at the time of any written discovery, deposition, or at or before any hearing, arbitration or trial in this matter;

b. The right to object on any ground whatsoever at any time to any demand for further responses to the Document Requests or any other discovery procedures involving or relating to the subject matter of the Document Requests; and

c. The right to supplement the documents produced, or otherwise to supplement, revise or explain the information contained therein in light of information gathered through further investigation and discovery.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

**DEFINITION NO. 1:**

"All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

**OBJECTION TO DEFINITION NO. 1:**

No objection.

**DEFINITION NO. 2:**

"Any" shall be construed to mean "any and all."

**OBJECTION TO DEFINITION NO. 2:**

No objection.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                                    -6-                                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

**DEFINITION NO. 3:**

"Communication" means without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face Meetings.  The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

**OBJECTION TO DEFINITION NO. 3:**

Responding Party objects to this definition to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

**DEFINITION NO. 4:**

"Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

**OBJECTION TO DEFINITION NO. 4:**

No objection.

**DEFINITION NO. 5:**

"Defendant" means any company, organization, entity or person presently or subsequently named as a defendant in this litigation.

**OBJECTION TO DEFINITION NO. 5:**

Responding Party objects to this definition to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects to this definition on the ground it calls for a legal conclusion.

Responding Party objects to this definition as vague, ambiguous, unintelligible, overly broad to the extent it seeks documents and information that are not relevant to the subject matter of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome to search for and produce.

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   Responding Party objects to this definition to the extent it seeks information and

2   documents that would disclose Responding Party's or a third party's respective trade secrets or

3   other confidential research, development, or confidential information protected by the Uniform

4   Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

5   One of the Constitution of the State of California, or any other applicable state constitution or

6   law, or which is otherwise prohibited from disclosure because to do so would cause Responding

7   Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

8   appropriate to do so and with adequate protections and limitations, Responding Party expressly

9   reserves the right to provide such documents an/or information only pursuant to the Protective

10  Order in this action.

11  Responding Party objects to this definition to the extent that it attempts or purports to call

12  for the production of any information and/or documents that are privileged, that were prepared in

13  anticipation of litigation or trial, that reveal communications between Responding Party and its

14  legal counsel, that otherwise constitute attorney work product, are subject to the joint defense or

15  common interest privilege, or that are otherwise privileged or immune from discovery.

16  Responding Party objects to this definition to the extent it is intended to include persons

17  or entities other than Responding Party.  To the extent and in the context a request uses the term

18  "Defendant," Responding Party understands that the request and its obligations only extend to

19  information and/or documents within Responding Party's possession, custody or control.

20  Responding Party objects to this definition to the extent that it calls for documents or

21  information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

22  definition to the extent that it requires Responding Party to respond and/or produce documents or

23  information on behalf of any person or entity other than itself.

24  Responding Party will respond on behalf of Hitachi, Ltd. only.

25  **DEFINITION NO. 6:**

26  "Document" means without limitation, the original and all non-identical copies of all

27  items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure.  This definition

28  includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                    -8-                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports,

2   compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures,

3   circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes,

4   film and sound reproductions, e-mails, internal or external web sites, compact discs, computer

5   files and disks, sales, advertising and promotional literature, agreements, stored recordings,

6   minutes or other records of meetings, all written or graphic records or representations of any kind,

7   and all mechanical or electronic data, records or representations of any kind.

8   **OBJECTION TO DEFINITION NO. 6:**

9        Responding Party objects to this definition to the extent that it seeks to expand the scope

10   of Rule 34 of the Federal Rules of Civil Procedure.

11        Responding Party also objects to this definition as overly broad to the extent it seeks

12   documents and/or information that are not relevant to the subject matter of this action, not

13   admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence,

14   and unduly burdensome to search for and produce.

15   **DEFINITION NO. 7:**

16        "Electronic data" includes, without limitation, the following:

17             a.     activity listings of electronic mail receipts and/or transmittals;

18             b.     output resulting from the use of any software program, including, without

19   limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines,

20   electronic mail, AOL Instant Messenger™ (or similar program) or bulletin board programs,

21   operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all

22   miscellaneous media on which they reside and regardless of whether said electronic data exists in an

23   active file, a deleted file, or file fragment;

24             c.     any and all items stored on computer memories, hard disks, floppy disks,

25   CD-ROM, magnetic tape, microfiche, or in any other vehicle for digital data storage and/or

26   transmittal, such as, but not limited to, a personal digital assistant, *e.g.,* Palm Pilot, R.I.M.,

27   Blackberry, or similar device, and file folder tabs, and/or containers and labels appended to, or

28   relating to, any physical storage device associated with each original and/or copy of all

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8          -9-          MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    documents requested herein.

2    **OBJECTION TO DEFINITION NO. 7:**

3       Responding Party objects to this definition to the extent it attempts to impose obligations

4 on Responding Party and/or seeks documents beyond those required to be produced pursuant to

5 the Federal Rules of Civil Procedure.

6       Responding Party also objects to this definition as overly broad to the extent it seeks

7 documents and/or information that are not relevant to the subject matter of this action, not

8 admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence,

9 and unduly burdensome to search for and produce.

10      Responding Party objects to this definition to the extent it seeks documents that are no

11 longer active or readily accessible on Responding Party's database but might exist in electronic

12 archives or back-up files.  Responding Party will not rebuild these electronic archives and back-

13 up files in order to search for documents that may be responsive to the Document Requests.

14 Based on the dates of the information sought, a portion of Responding Party's potential

15 responsive data will likely not be on active databases.

16    **DEFINITION NO. 8:**

17       "Employee" means, without limitation, any current or former officer, director, executive,

18 manager, secretary, staff member, messenger, agent or other person who is or was employed by a

19 defendant.

20    **OBJECTION TO DEFINITION NO. 8:**

21       Responding Party objects to this definition to the extent it attempts to impose obligations

22 on Responding Party and/or seeks documents beyond those required to be produced pursuant to

23 the Federal Rules of Civil Procedure.

24       Responding Party objects to this definition on the ground it calls for a legal conclusion.

25       Responding Party objects to this definition as vague, ambiguous, unintelligible, overly

26 broad to the extent it seeks documents and information that are not relevant to the subject matter

27 of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of

28 admissible evidence, and unduly burdensome to search for and produce.

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1      Responding Party objects to this definition to the extent it seeks information and

2  documents that would disclose Responding Party's or a third party's respective trade secrets or

3  other confidential research, development, or confidential information protected by the Uniform

4  Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

5  One of the Constitution of the State of California, or any other applicable state constitution or

6  law, or which is otherwise prohibited from disclosure because to do so would cause Responding

7  Party to violate legal or contractual obligations to any other persons or entities. Where it may be

8  appropriate to do so and with adequate protections and limitations, Responding Party expressly

9  reserves the right to provide such information and/or documents only pursuant to the Protective

10  Order in this action.

11      Responding Party objects to this definition to the extent that it attempts or purports to call

12  for the production of any documents and/or information that are privileged, that were prepared in

13  anticipation of litigation or trial, that reveal communications between Responding Party and its

14  legal counsel, that otherwise constitute attorney work product, or that are otherwise privileged or

15  immune from discovery.

16      Responding Party objects to this definition to the extent it is intended to include persons

17  or entities other than Responding Party. To the extent and in the context a request uses the term

18  "Defendant," Responding Party understands that the request and its obligations only extend to

19  documents and/or information within Responding Party's possession, custody or control.

20      Responding Party objects to this definition to the extent that it calls for documents and/or

21  information beyond Responding Party's knowledge. In addition, Responding Party objects to this

22  definition to the extent that it requires Responding Party to respond and/or produce documents

23  and/or information on behalf of any person or entity other than itself.

24      Responding Party will respond on behalf of Hitachi, Ltd. only.

25  **DEFINITION NO. 9:**

26      "Including" is used to emphasize certain types of documents requested and should not be

27  construed as limiting the request in any way.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                          -11-                          MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   **OBJECTION TO DEFINITION NO. 9:**

2       No objection.

3   **DEFINITION NO. 10:**

4       "Meeting" means, without limitation, any assembly, convocation, encounter, or

5   contemporaneous presence of two or more persons for any purpose, whether planned or arranged,

6   scheduled or not.

7   **OBJECTION TO DEFINITION NO. 10:**

8       No objection.

9   **DEFINITION NO. 11:**

10      "Or" and "and" should be construed so as to require the broadest possible response.  If, for

11  example, a request calls for information about "A or B" or "A and B," you should produce all

12  information about A and all information about B, as well as all information about A and B

13  collectively. In other words, "or" and "and" should be read as "and/or."

14  **OBJECTION TO DEFINITION NO. 11:**

15      No objection.

16  **DEFINITION NO. 12:**

17      "Person" means, without limitation, any natural person, corporation, partnership, limited

18  liability company, proprietorship, joint venture, association, government entity, group or other

19  form of legal entity.

20  **OBJECTION TO DEFINITION NO. 12:**

21      Responding Party objects to this definition to the extent it attempts to impose obligations

22  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

23  the Federal Rules of Civil Procedure.

24      Responding Party objects to this definition on the ground it calls for a legal conclusion.

25      Responding Party objects to this definition as vague, ambiguous, unintelligible, overly

26  broad to the extent it seeks documents and information that are not relevant to the subject matter

27  of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of

28  admissible evidence, and unduly burdensome to search for and produce.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21606649.8                        -12-                        MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to this definition to the extent it seeks information and

2  documents that would disclose Responding Party's or a third party's respective trade secrets or

3  other confidential research, development, or confidential information protected by the Uniform

4  Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

5  One of the Constitution of the State of California, or any other applicable state constitution or

6  law, or which is otherwise prohibited from disclosure because to do so would cause Responding

7  Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

8  appropriate to do so and with adequate protections and limitations, Responding Party expressly

9  reserves the right to provide such information and/or documents only pursuant to the Protective

10  Order in this action.

11    Responding Party objects to this definition to the extent that it attempts or purports to call

12  for the production of any documents and/or information that are privileged, that were prepared in

13  anticipation of litigation or trial, that reveal communications between Responding Party and its

14  legal counsel, that otherwise constitute attorney work product, or that are otherwise privileged or

15  immune from discovery.

16    Responding Party objects to this definition to the extent it is intended to include persons

17  or entities other than Responding Party.  To the extent and in the context a request uses the term

18  "Person," Responding Party understands that the request and its obligations only extend to

19  documents and/or information within Responding Party's possession, custody or control.

20    Responding Party objects to this definition to the extent that it calls for documents and/or

21  information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

22  definition to the extent that it requires Responding Party to respond and/or produce document

23  and/or information on behalf of any person or entity other than itself.

24    Responding Party will respond on behalf of Hitachi, Ltd. only.

25  **DEFINITION NO. 13:**

26    "Relating to," "referring to," "regarding," or "with respect to" mean, without limitation,

27  the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing,

28  evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

2  **OBJECTION TO DEFINITION NO. 13:**

3      Responding Party objects to this definition to the extent it attempts to impose obligations

4  on Responding Party and/or seeks documents, beyond those required to be produced pursuant to

5  the Federal Rules of Civil Procedure.

6      Responding Party objects to the expressions "relating to," "referring to," "regarding," or

7  "with respect to" to the extent they mean more than comprising, or on its face discusses, pertains

8  to or is connected with a well-defined, unambiguous and identifiable topic or subject matter.

9      Responding Party objects to this definition because responding to such overly broad,

10  vague and ambiguous requests would be unduly burdensome and oppressive.

11  **DEFINITION NO. 14:**

12      "CRT" means cathode ray tube(s) and "CRT products" means products containing

13  cathode ray tubes.

14  **OBJECTION TO DEFINITION NO. 14:**

15      Responding Party objects to this definition to the extent it attempts to impose obligations

16  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

17  the Federal Rules of Civil Procedure.

18      Responding Party objects to this definition on the ground the term "CRT Products" is

19  vague, ambiguous, unintelligible, and overly broad to the extent it seeks documents and

20  information that are not relevant to the subject matter of this action, not admissible in evidence,

21  not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome

22  to search for and produce.  Moreover, any discovery as to "CRT Products" that is not reasonably

23  related to Plaintiffs' claims with respect to an alleged conspiracy involving CRTs is premature

24  and overly burdensome until such time as Plaintiffs establish a reasonable basis for their claims

25  regarding "CRT Products" to justify the enormous burden that Plaintiffs seek to impose on

26  Responding Party by pursuing discovery as to all such products.

27  **DEFINITION NO. 15:**

28      "You," "Your," or "Your company" mean the responding Defendant, its predecessors,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8    -14-    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any

2   organization or entity which the responding Defendant manages or controls, together with all

3   present and former directors, officers, Employees, agents, representatives or any persons acting or

4   purporting to act on behalf of the responding defendant.

5   **OBJECTION TO DEFINITION NO. 15:**

6        Responding Party objects to this definition to the extent it attempts to impose obligations

7   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

8   the Federal Rules of Civil Procedure.

9        Responding Party objects to this definition on the ground it calls for a legal conclusion.

10       Responding Party objects to this definition as vague, ambiguous, unintelligible, overly

11  broad to the extent it seeks documents and information that are not relevant to the subject matter

12  of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of

13  admissible evidence, and unduly burdensome to search for and produce.

14       Responding Party objects to this definition to the extent it seeks documents and

15  information that would disclose Responding Party's or a third party's respective trade secrets or

16  other confidential research, development, or confidential information protected by the Uniform

17  Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

18  One of the Constitution of the State of California, or any other applicable state constitution or

19  law, or which is otherwise prohibited from disclosure because to do so would cause Responding

20  Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

21  appropriate to do so and with adequate protections and limitations, Responding Party expressly

22  reserves the right to provide such information and/or documents only pursuant to the Protective

23  Order in this action.

24       Responding Party objects to this definition to the extent that it attempts or purports to call

25  for the production of any documents and/or information that are privileged, that were prepared in

26  anticipation of litigation or trial, that reveal communications between Responding Party and its

27  legal counsel, that otherwise constitute attorney work product, are subject to the joint defense or

28  common interest privilege, or that are otherwise privileged or immune from discovery.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                    **-15-**                              MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   Responding Party objects to this definition to the extent it is intended to include persons

2   or entities other than Responding Party.  To the extent and in the context a request uses the term

3   "You," "Your," or "Your Company," Responding Party understands that the request and its

4   obligations only extend to documents and/or information within Responding Party's possession,

5   custody or control.

6   Responding Party objects to this definition to the extent that it calls for documents and/or

7   information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

8   definition to the extent that it requires Responding Party to respond and/or produce documents

9   and/or information on behalf of any person or entity other than itself.

10   Responding Party will respond on behalf of Hitachi, Ltd. only.

11   **INSTRUCTION NO. 1:**

12   Unless otherwise noted, the Relevant Time Period for these document requests is January

13   1, 1995 through the present (the "Relevant Time Period").  These Document requests seek all

14   responsive Documents created or generated during the Relevant Time Period, as well as

15   responsive Documents created or generated outside the Relevant Time Period, but which contain

16   information concerning the Relevant Time Period.

17   **OBJECTION TO INSTRUCTION NO. 1:**

18   Responding Party objects to this instruction on the grounds it is vague, ambiguous,

19   unintelligible, over broad and seeks information or materials on matters not relevant to the subject

20   matter of this action, not admissible in evidence, and not reasonably calculated to lead to the

21   discovery of admissible evidence.

22   The "Relevant Time Period" as defined in this instruction exceeds the putative class

23   period, which begins on January 1, 1995 and ends on November 25, 2007 (Direct Purchaser

24   Plaintiffs' Consolidated Amended Complaint ¶ 1), and seeks documents and information beyond

25   the statute of limitations.  Judge Conti has directed the parties to Judge Legge to develop

26   procedures for the early resolution of statute of limitations issues and to reduce the burden in

27   connection therewith.  Responding Party believes it is premature for it to have to produce any

28   documents from prior to the statute of limitations period until Judge Legge considers this issue

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                    -16-                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   and determines the proper scope of that burden.

2       For purposes of responding to these Document Requests, Responding Party will interpret

3   "Relevant Time Period" to mean November 26, 2003 through November 25, 2007 (the

4   "Limitations Period").

5   **INSTRUCTION NO. 2:**

6       To the extent Documents responsive to any of these Document requests have already been

7   produced to plaintiffs, there is no need to produce those Documents a second time.  Instead,

8   please provide the bates numbers of any responsive Documents already produced.

9   **OBJECTION TO INSTRUCTION NO. 2:**

10      Responding Party objects to this instruction to the extent it attempts to impose obligations

11  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

12  the Federal Rules of Civil Procedure.

13      Responding Party objects to this instruction on the ground it is unduly burdensome and

14  oppressive.

15  **INSTRUCTION NO. 3:**

16      Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Document requests

17  are continuing in nature so that if You subsequently discover or obtain possession, custody, or

18  control of any Document covered by these requests, You shall promptly make any such

19  Document available to plaintiffs.

20  **OBJECTION TO INSTRUCTION NO. 3:**

21      Responding Party objects to this instruction to the extent it attempts to impose obligations

22  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

23  the Federal Rules of Civil Procedure.

24  **INSTRUCTION NO. 4:**

25      In producing documents and other materials, you are to furnish all Documents or things in

26  Your possession, custody or control, regardless of whether such documents or materials are

27  possessed directly by You or Your Employees, agents, parent company(ies), subsidiaries,

28  affiliates, investigators or by Your attorneys or their Employees, agents or investigators.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                    -17-                              MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

**OBJECTION TO INSTRUCTION NO. 4:**

Responding Party objects to this instruction to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects to this instruction on the ground it calls for a legal conclusion.

Responding Party objects to this instruction as vague, ambiguous, unintelligible, overly broad to the extent it seeks documents and information that are not relevant to the subject matter of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome to search for and produce.

Responding Party objects to this instruction to the extent it seeks documents and information that would disclose Responding Party's or a third party's respective trade secrets or other confidential research, development, or confidential information protected by the Uniform Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article One of the Constitution of the State of California, or any other applicable state constitution or law, or which is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal or contractual obligations to any other persons or entities. Where it may be appropriate to do so and with adequate protections and limitations, Responding Party expressly reserves the right to provide such information and/or documents only pursuant to the Protective Order in this action.

Responding Party objects to this instruction to the extent that it attempts or purports to call for the production of any documents and/or information that are privileged, that were prepared in anticipation of litigation or trial, that reveal communications between Responding Party and its legal counsel, that otherwise constitute attorney work product, are subject to the joint defense or common interest privilege, or that are otherwise privileged or immune from discovery.

Responding Party objects to this instruction to the extent it is intended to include persons or entities other than Responding Party. To the extent and in the context a request uses the term "Defendant," Responding Party understands that the request and its obligations only extend to documents and/or information within Responding Party's possession, custody or control.

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   Responding Party objects to this instruction to the extent that it calls for documents and/or

2   information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

3   instruction to the extent that it requires Responding Party to respond and/or produce documents

4   and/or information on behalf of any person or entity other than itself.

5   Responding Party will respond on behalf of Hitachi, Ltd. only.

6   **INSTRUCTION NO. 5:**

7   Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, all Documents shall be

8   produced in the same order as they are kept or maintained by You in the ordinary course of Your

9   business.  All Documents shall be produced in the file folder, envelope or other container in

10   which the Documents are kept or maintained.  If for any reason the container cannot be produced,

11   You should produce copies of all labels or other identifying marks which may be present on the

12   container.

13   **OBJECTION TO INSTRUCTION NO. 5:**

14   Responding Party objects to this instruction to the extent it attempts to impose obligations

15   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

16   the Federal Rules of Civil Procedure.

17   **INSTRUCTION NO. 6:**

18   Documents shall be produced in such fashion as to identify the department, branch or

19   office in whose possession they were located and, where applicable, the natural person in whose

20   possession they were found and the business address of each Document(s) custodian(s).

21   **OBJECTION TO INSTRUCTION NO. 6:**

22   Responding Party objects to this instruction to the extent it attempts to impose obligations

23   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

24   the Federal Rules of Civil Procedure.

25   Responding Party objects to this instruction on the ground it is unduly burdensome and

26   oppressive.

27   **INSTRUCTION NO. 7:**

28   Documents attached to one another should not be separated.  If any portion of any

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                                   -19-                                   MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Document is responsive to any portion of the Document requests below, then the entire Document

2    must be produced.

3    **OBJECTION TO INSTRUCTION NO. 7:**

4         Responding Party objects to this instruction to the extent it attempts to impose obligations

5    on Responding Party and/or seeks documents beyond those required to be produced pursuant to

6    the Federal Rules of Civil Procedure.

7    **INSTRUCTION NO. 8:**

8         If a Document once existed and subsequently has been lost, destroyed or is otherwise

9    missing, You should provide sufficient information to identify the Document and state, in writing,

10   the details, including whether the Document:

11             a.    is lost or missing;

12             b.    has been destroyed and, if so, by whom at whose request;

13             c.    has been transferred or delivered, voluntarily or involuntarily, to another

14   person or entity and at whose request; and/or

15             d.    has been otherwise disposed of.

16   **OBJECTION TO INSTRUCTION NO. 8:**

17        Responding Party objects to this instruction to the extent it attempts to impose obligations

18   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

19   the Federal Rules of Civil Procedure.

20        Responding Party objects on the grounds that it is impossible to identify, describe, and

21   further explain the circumstances regarding every document that ever "once existed an

22   subsequently has been lost, destroyed, or is otherwise missing." To the extent that it is even

23   possible to identify, describe, and explain the circumstances regarding such documents, this

24   investigation would impose a unique, time-consuming and unreasonable burden.

25        Responding Party objects to this instruction on the ground it is unduly burdensome and

26   oppressive.

27   **INSTRUCTION NO. 9:**

28        In each instance in which a Document once existed and subsequently is lost, missing,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                          -20-                                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

destroyed, or otherwise disposed of, explain the circumstances surrounding the disposition of the Document, including, but not limited to:

   a. the identity of the person or entity who last possessed the Document;

   b. the date or approximate date of the Documents disposition; and

   c. the identity of all Persons who have or had knowledge of the Document's contents.

## OBJECTION TO INSTRUCTION NO. 9:

Responding Party objects to this instruction to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects to this instruction on the ground it is unduly burdensome and oppressive.

## INSTRUCTION NO. 10:

If any Document responsive to any of these requests is privileged, and the Document or any portion of the Document requested is withheld based on a claim of privilege pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, provide a statement of the claim of privilege and all facts relied upon in support of that claim, including the following information:

   a. the reason for withholding the Document;

   b. the date of such communication;

   c. the medium of such communication;

   d. the general subject matter of such communication (such description shall not be considered a waiver of Your claimed privilege);

   e. the identity of any Document that was the subject of such communication and the present location of any such Document;

   f. the identity of the Persons involved in such communication;

   g. the identity of any Document which records, refers, or relates to such communication and present location of any such Document;

   h. the paragraph or paragraphs of these requests for production of Documents

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8  -21-  MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   to which such information is responsive.

2   **OBJECTION TO INSTRUCTION NO. 10:**

3       Responding Party objects to this instruction to the extent it attempts to impose obligations

4   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

5   the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

6   **INSTRUCTION NO. 11:**

7       Each Document requested herein should be produced in its entirety and without deletion,

8   redaction or excisions, except as qualified by Instruction 10 above, regardless of whether You

9   consider the entire Document or only part of it to be relevant or responsive to these Document

10   requests. If you have redacted any portion of a Document, stamp the word "REDACTED" beside

11   the redacted information on each page of the Document which you have redacted.  Any

12   redactions to Documents produced should be identified in accordance with Instruction 10 above.

13   **OBJECTION TO INSTRUCTION NO. 11:**

14       Responding Party objects to this instruction to the extent it attempts to impose obligations

15   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

16   the Federal Rules of Civil Procedure.

17   **INSTRUCTION NO. 12:**

18       All Documents produced should be Bates numbered sequentially, with a unique number

19   on each page, and with a prefix identifying the party producing the Document.

20   **OBJECTION TO INSTRUCTION NO. 12:**

21       No objection.

22   **INSTRUCTION NO. 13:**

23       Pursuant to Federal Rule of Civil Procedure 34(b)(1 )(C), the responding party must

24   produce any electronically stored information ("ESI") in its native format.  If ESI in its native

25   format can only be accessed by proprietary or legacy software, or is password protected, or

26   encrypted, the responding party must meet and confer with plaintiffs' lead counsel so the

27   receiving party shall receive all information and software necessary to access the ESI.

28

**OBJECTION TO INSTRUCTION NO. 13:**

Responding Party objects to this instruction to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects to this instruction to the extent it seeks documents and information that would disclose Responding Party's or a third party's respective trade secrets or other confidential research, development, or confidential information protected by the Uniform Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article One of the Constitution of the State of California, or any other applicable state constitution or law, including any copyright or license, or which is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal or contractual obligations to any other persons or entities. Where it may be appropriate to do so and with adequate protections and limitations, Responding Party expressly reserves the right to provide such information and/or documents only pursuant to the Protective Order in this action.

Each of the foregoing General Objections and Objections to Definitions and Instructions is incorporated into the following specific objections. Accordingly, each specific objection is made subject to, and without waiver of, the foregoing General Objections and Objections to Definitions and Instructions. Responding Party incorporates by reference each and every General Objection and Objection to Definitions and Instructions into each and every specific response. From time to time a specific response may repeat a General Objection or Object to the Definitions and Instructions for emphasis or some other reason. The failure to repeat any General Objection or Objection to the Definitions and Instructions in any specific response shall not be interpreted as a waiver of any General Objection or Objection to the Definitions and Instructions to that response.

**SPECIFIC RESPONSES TO DOCUMENT REQUESTS**

**REQUEST NO. 1 [SIC] REQUEST NO. 6:**

Documents sufficient to show Your corporate structure or organization throughout the relevant period, including, but not limited to, departments, divisions, parents, subsidiaries, joint

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    ventures, affiliates, or other sub-units that were engaged during any part of the relevant period in

2    the manufacture, marketing, sale or distribution of CRT or CRT Products in the United States,

3    including, where applicable, the percentage of any stock or other interests owned by each entity in

4    the chain.

5    **RESPONSE TO REQUEST NO. 1 [SIC] REQUEST NO. 6:**

6          Responding Party reasserts and incorporates each of the General Objections and

7    Objections to Definitions and Instructions set forth above.

8          Responding Party objects to this request on the grounds that it is overly broad, unduly

9    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

10   including to the extent that it seeks the discovery of documents regarding Responding Party's

11   sales outside of the United States and unrelated to United States commerce, as such sales are

12   beyond the scope of this litigation and thereby render the Document Requests overly broad,

13   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

14   evidence.

15         Responding Party objects to this request on the grounds that it seeks production of

16   documents protected by the attorney-client privilege, work product doctrine, joint defense or

17   common interest privilege, or by any other applicable doctrine or privilege.

18         Responding Party objects to this request on the grounds it seeks information and/or

19   documents that would disclose confidential information protected by any and all rights of privacy

20   under the United States Constitution or any other applicable law, or that is otherwise prohibited

21   from disclosure because to do so would cause Responding Party to violate legal and/or

22   contractual obligations to any other persons or entities.

23         Responding Party objects to this request on the grounds that, to the extent it seeks

24   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

25   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

26   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

27   action, and not reasonably calculated to lead to the discovery of admissible evidence.

28         Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                          -24-                                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    and not relevant, rendering the request not reasonably calculated to lead to the discovery of

2    admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

3    class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

4    statute of limitations.

5        Responding Party objects to this request on the grounds that, to the extent it seeks

6    documents not related to CRTs only, this request is overly broad and unduly burdensome and

7    purports to call for information that is not relevant to the claim or defense of any party, not

8    relevant to the subject matter involved in this action, and not reasonably calculated to lead to the

9    discovery of admissible evidence.

10       Responding Party objects to the extent this request seeks documents that are no longer

11   active or readily accessible in electronic form which renders this request overly broad and unduly

12   burdensome.

13       Responding Party objects to this request to the extent this request is duplicative of

14   Document Request No. 3 of Plaintiffs' First Set of Requests for Production of Documents.

15       Subject to and without waiving the general and specific objections stated above,

16   Responding Party responds that it will make reasonable efforts to identify documents responsive

17   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

18   documents.

19   **REQUEST NO. 2 [SIC] REQUEST NO. 7:**

20       As to each of Your divisions, subdivisions, departments, units, subsidiaries, parents,

21   affiliates and joint ventures, Documents sufficient to identify each executive or Employee with

22   managerial authority who had responsibilities or duties with respect to each of the following:

23       (a)    the manufacturing or production of CRT or CRT Products;

24       (b)    the marketing of CRT or CRT Products;

25       (c)    the pricing of CRT or CRT Products;

26       (d)    the sale or distribution of CRT or CRT Products;

27       (e)    maintaining any electronic database(s), including archives, of e-mail or other

28              electronic Documents relating to CRT or CRT Products.

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  **RESPONSE TO REQUEST NO. 2 [SIC] REQUEST NO. 7:**

2       Responding Party reasserts and incorporates each of the General Objections and

3  Objections to Definitions and Instructions set forth above.

4       Responding Party objects to this request on the grounds that it is overly broad, unduly

5  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

6  including to the extent that it seeks the discovery of documents regarding Responding Party's

7  sales outside of the United States and unrelated to United States commerce, as such sales are

8  beyond the scope of this litigation and thereby render the Document Requests overly broad,

9  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

10  evidence.

11       Responding Party objects to this request on the grounds that it seeks production of

12  documents protected by the attorney-client privilege, work product doctrine, joint defense or

13  common interest privilege, or by any other applicable doctrine or privilege.

14       Responding Party objects to this request on the grounds it seeks information and/or

15  documents that would disclose confidential information protected by any and all rights of privacy

16  under the United States Constitution or any other applicable law, or that is otherwise prohibited

17  from disclosure because to do so would cause Responding Party to violate legal and/or

18  contractual obligations to any other persons or entities.

19       Responding Party objects to this request on the grounds that, to the extent it seeks

20  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

21  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

22  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

23  action, and not reasonably calculated to lead to the discovery of admissible evidence.

24       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

25  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

26  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

27  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

28  statute of limitations.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to this request on the grounds that, to the extent it seeks

2  documents not related to CRTs only, this request is overly broad and unduly burdensome and

3  purports to call for information that is not relevant to the claim or defense of any party, not

4  relevant to the subject matter involved in this action, and not reasonably calculated to lead to the

5  discovery of admissible evidence.

6    Responding Party objects to the extent this request seeks documents that are no longer

7  active or readily accessible in electronic form which renders this request overly broad and unduly

8  burdensome.

9    Responding Party objects that the term "managerial authority" is vague and ambiguous,

10  rendering this request overly broad and unduly burdensome, not relevant and not reasonably

11  calculated to lead to the discovery of admissible evidence.

12    Responding Party objects to this request to the extent this request is duplicative of

13  Document Request No. 4 of Plaintiffs' First Set of Requests for Production of Documents.

14    Subject to and without waiving the general and specific objections stated above,

15  Responding Party responds that it will make reasonable efforts to identify documents responsive

16  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

17  documents.

18  **REQUEST NO. 3 [SIC] REQUEST NO. 8:**

19    Documents sufficient to describe Your policies or practices with respect to the retention or

20  destruction of Documents during the period January 1, 1991 through the present, and, if such

21  policy or practice has been different with respect to any category of Documents or over different

22  times, Documents sufficient to identify each such category or time period and to describe Your

23  retention policy or practice with respect to each such category or time period.

24  **RESPONSE TO REQUEST NO. 3 [SIC] REQUEST NO. 8:**

25    Responding Party reasserts and incorporates each of the General Objections and

26  Objections to Definitions and Instructions set forth above.

27    Responding Party objects to this request on the grounds that it is overly broad, unduly

28  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to this request on the grounds it seeks information and/or

2    documents that would disclose confidential information protected by any and all rights of privacy

3    under the United States Constitution or any other applicable law, or that is otherwise prohibited

4    from disclosure because to do so would cause Responding Party to violate legal and/or

5    contractual obligations to any other persons or entities.

6    Responding Party objects to this request on the grounds that it seeks production of

7    documents protected by the attorney-client privilege, work product doctrine, joint defense or

8    common interest privilege, or by any other applicable doctrine or privilege.

9    Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

10   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

11   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

12   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

13   statute of limitations.

14   Responding Party objects to this request on the grounds that, to the extent it seeks

15   documents not related to CRTs only, this request is overly broad and unduly burdensome and

16   purports to call for information that is not relevant to the claim or defense of any party, not

17   relevant to the subject matter involved in this action, and not reasonably calculated to lead to the

18   discovery of admissible evidence

19   Responding Party objects to this request on the grounds that, to the extent it seeks

20   documents not related to the allegations in the Complaint, the request is overly broad and unduly

21   burdensome, and purports to call for information that is not relevant to the claim or defense of

22   any party, not relevant to the subject matter involved in this action, and not reasonably calculated

23   to lead to the discovery of admissible evidence.

24   Subject to and without waiving the objections stated above, Responding Party will

25   produce those non-privileged, responsive documents within the limitations period within its

26   possession, custody or control, to the extent any such documents exist.

27   **REQUEST NO. 4 [SIC] REQUEST NO. 9:**

28   Documents sufficient to show the manner in which You have maintained records relating

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                                    -28-                                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  to CRT or CRT Products during the period January 1, 1991 through the present, including

2  Documents sufficient to describe all electronic data processing systems, programs and outputs

3  used to record, store, compute, analyze or retrieve electronically stored information relating to

4  Your pricing, production, distribution, marketing or sale of CRT or CRT Products in the United

5  States.

6  **RESPONSE TO REQUEST NO. 4 [SIC] REQUEST NO. 9:**

7      Responding Party reasserts and incorporates each of the General Objections and

8  Objections to Definitions and Instructions set forth above.

9      Responding Party objects to this request on the grounds that it is overly broad, unduly

10  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

11      Responding Party objects to this request on the grounds that it seeks production of

12  documents protected by the attorney-client privilege, work product doctrine, joint defense or

13  common interest privilege, or by any other applicable doctrine or privilege.

14      Responding Party objects to this request on the grounds it seeks information and/or

15  documents that would disclose confidential information protected by any and all rights of privacy

16  under the United States Constitution or any other applicable law, or that is otherwise prohibited

17  from disclosure because to do so would cause Responding Party to violate legal and/or

18  contractual obligations to any other persons or entities.

19      Responding Party objects to this request on the grounds that, to the extent it seeks

20  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

21  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

22  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

23  action, and not reasonably calculated to lead to the discovery of admissible evidence.

24      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

25  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

26  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

27  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

28  statute of limitations.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                                    -29-                                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects on the grounds that, to the extent this request seeks documents

2  not related to the allegations in the Complaint, this request is overly broad and unduly

3  burdensome, and purports to call for information that is not relevant to the claim or defense of

4  any party, not relevant to the subject matter involved in this action, and not reasonably calculated

5  to lead to the discovery of admissible evidence.

6    Responding Party objects that the phrase "manner in which You have maintained records"

7  is vague, ambiguous, and unintelligible, rendering the request overly broad and unduly

8  burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible

9  evidence.

10    Subject to and without waiving the objections stated above, Responding Party will

11  produce those non-privileged, responsive documents within the limitations period within its

12  possession, custody or control, to the extent any such documents exist.

13  **REQUEST NO. 5 [SIC] REQUEST NO. 10:**

14    All Documents and electronic data relating to Your sales of CRT or CRT Products during

15  the period January 1, 1991 through the present, including, but not limited to:

16    a)    customer names, customer billing addresses, and customer ship-to addresses;

17    b)    sales terms;

18    c)    sales dates and shipment dates;

19    d)    product type, class, category, description, and respective use;

20    e)    sales volumes;

21    0    unit price information, gross price, and actual net prices;

22    g)    discounts, credits, and rebates;

23    h)    shipping charges and terms;

24    i)    any other related charges; and

25    j)    amounts paid, dates paid, invoice numbers, and purchase order numbers. If such

26        data are not kept, or have not been kept, in electronic form in the ordinary course

27        of Your business or are otherwise not available in electronic form, please produce

28        such data in hard copy.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                                    -30-                                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

**RESPONSE TO REQUEST NO. 5 [SIC] REQUEST NO. 10:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the statute of limitations.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                              -31-                              MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects on the grounds that it seeks documents not in existence or not

2    currently in its possession, custody or control.

3    Responding Party objects to the extent this request seeks documents that are no longer

4    active or readily accessible in electronic form which renders this request overly broad and unduly

5    burdensome.

6    Responding Party objects that the terms "respective use" and "related charges" are vague,

7    ambiguous and unintelligible, rendering this request overly broad and unduly burdensome, not

8    relevant and not reasonably calculated to lead to the discovery of admissible evidence.

9    Responding Party objects to the extent this request is duplicative of Document Request

10   No. 5 of Plaintiffs' First Set of Requests for Production.

11   Subject to and without waiving the general and specific objections stated above,

12   Responding Party responds that it will make reasonable efforts to identify documents responsive

13   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

14   documents.

15   **REQUEST NO. 6 [SIC] REQUEST NO. 11:**

16   All software instructions, programs, manuals, or other Documents necessary to operate,

17   run or understand any of the programs maintained on the computer-related equipment or system

18   utilized by You to maintain, gain access to or read data produced in response to Request Nos. 4-5,

19   including all record laYouts [sic], field codes or other descriptions.

20   **RESPONSE TO REQUEST NO. 6 [SIC] REQUEST NO. 11:**

21   Responding Party reasserts and incorporates each of the General Objections and

22   Objections to Definitions and Instructions set forth above.

23   Responding Party objects to this request on the grounds that it is overly broad, unduly

24   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

25   including to the extent that it seeks the discovery of documents regarding Responding Party's

26   sales outside of the United States and unrelated to United States commerce, as such sales are

27   beyond the scope of this litigation and thereby render the Document Requests overly broad,

28   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                              -32-                                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   evidence.

2       Responding Party objects to this request on the grounds that it seeks production of

3   documents protected by the attorney-client privilege, work product doctrine, joint defense or

4   common interest privilege, or by any other applicable doctrine or privilege.

5       Responding Party objects to this request on the grounds it seeks information and/or

6   documents that would disclose confidential information protected by any and all rights of privacy

7   under the United States Constitution or any other applicable law, including copyright and

8   licensing agreements, or that is otherwise prohibited from disclosure because to do so would

9   cause Responding Party to violate legal and/or contractual obligations to any other persons or

10  entities.

11      Responding Party objects to this request on the grounds that, to the extent it seeks

12  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

13  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

14  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

15  action, and not reasonably calculated to lead to the discovery of admissible evidence.

16      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

17  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

18  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

19  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

20  statute of limitations.

21      Responding Party objects to the extent this request seeks documents that are no longer

22  active or readily accessible in electronic form which renders this request overly broad and unduly

23  burdensome.

24      Responding Party objects on the grounds that, to the extent this request seeks documents

25  not related to the allegations in the Complaint, this request is overly broad and unduly

26  burdensome, and purports to call for information that is not relevant to the claim or defense of

27  any party, not relevant to the subject matter involved in this action, and not reasonably calculated

28  to lead to the discovery of admissible evidence.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                    -33-                                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects on the grounds that it seeks documents not in existence or not

2    currently in its possession, custody or control.

3    Responding Party objects that the apparent typographical error "all record laYouts"

4    renders this request ambiguous and unintelligible.

5    Subject to and without waiving the general and specific objections stated above,

6    Responding Party responds that it will make reasonable efforts to identify documents responsive

7    to this request within the Limitations Period and, if any, will produce non-privileged, responsive

8    documents.

9    **REQUEST NO. 7 [SIC] REQUEST NO. 12:**

10   All Documents relating to policies, methods, formulas or factors to be used in

11   determining, computing or quoting prices, including any rebates or discounts, in connection with

12   the sale of CRT or CRT Products.

13   **RESPONSE TO REQUEST NO. 7 [SIC] REQUEST NO. 12:**

14   Responding Party reasserts and incorporates each of the General Objections and

15   Objections to Definitions and Instructions set forth above.

16   Responding Party objects to this request on the grounds that it is overly broad, unduly

17   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

18   including to the extent that it seeks the discovery of documents regarding Responding Party's

19   sales outside of the United States and unrelated to United States commerce, as such sales are

20   beyond the scope of this litigation and thereby render the Document Requests overly broad,

21   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

22   evidence.

23   Responding Party objects to this request on the grounds that it seeks production of

24   documents protected by the attorney-client privilege, work product doctrine, joint defense or

25   common interest privilege, or by any other applicable doctrine or privilege.

26   Responding Party objects to this request on the grounds it seeks information and/or

27   documents that would disclose confidential information protected by any and all rights of privacy

28   under the United States Constitution or any other applicable law, or that is otherwise prohibited

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                          -34-                          MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  from disclosure because to do so would cause Responding Party to violate legal and/or

2  contractual obligations to any other persons or entities.

3      Responding Party objects to this request on the grounds that, to the extent it seeks

4  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

5  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

6  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

7  action, and not reasonably calculated to lead to the discovery of admissible evidence.

8      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

9  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

10  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

11  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

12  statute of limitations.

13      Responding Party objects to the extent this request seeks documents that are no longer

14  active or readily accessible in electronic form which renders this request overly broad and unduly

15  burdensome.

16      Responding Party objects to the extent this request seeks documents or information that is

17  not within the possession, custody, or control of Responding Party.

18      Responding Party objects that the phrases "methods, formulas or factors" and

19  "determining, computing or quoting prices" are vague, ambiguous and unintelligible, rendering

20  the request overly broad and unduly burdensome, not relevant and not reasonably calculated to

21  lead to the discovery of admissible evidence.

22      Responding Party objects to this request to the extent it seeks documents or information

23  that will be the subject of expert discovery, as expert discovery has not commenced in this matter.

24      Subject to and without waiving the general and specific objections stated above,

25  Responding Party responds that it will make reasonable efforts to identify documents responsive

26  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

27  documents.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

**REQUEST NO. 8 [SIC] REQUEST NO. 13:**

All Documents relating to any published prices for CRT or CRT Products during the period January 1, 1991 through the present, including price announcements, price lists, price schedules, or price changes communicated to customers in the United States.

**RESPONSE TO REQUEST NO. 8 [SIC] REQUEST NO. 13:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

2   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

3   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

4   statute of limitations.

5       Responding Party objects to the extent this request seeks documents that are no longer

6   active or readily accessible in electronic form which renders this request overly broad and unduly

7   burdensome.

8       Responding Party objects to the extent this request seeks documents or information that is

9   not within the possession, custody, or control of Responding Party.

10      Responding Party objects that the terms "published prices" and "customers" are vague,

11  ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome, not

12  relevant and not reasonably calculated to lead to the discovery of admissible evidence.

13      Responding Party objects that the term "customers in the United States" calls for a legal

14  conclusion.

15      Responding Party objects to the extent this request seeks documents or information that

16  require discovery of information and materials from third parties or sources that are equally if not

17  more accessible to Plaintiffs.

18      Responding Party objects to the extent this request seeks documents or information that

19  will be the subject of expert discovery, as expert discovery has not commenced in this matter.

20      Subject to and without waiving the general and specific objections stated above,

21  Responding Party responds that it will make reasonable efforts to identify documents responsive

22  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

23  documents.

**REQUEST NO. 9 [SIC] REQUEST NO. 14:**

25      All Documents relating to contracts, offers or proposals for CRT or CRT Products sales

26  during the period January 1, 1991 through the present.

**RESPONSE TO REQUEST NO. 9 [SIC] REQUEST NO. 14:**

28      Responding Party reasserts and incorporates each of the General Objections and

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8          -37-                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   Objections to Definitions and Instructions set forth above.

2       Responding Party objects to this request on the grounds that it is overly broad, unduly

3   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

4   including to the extent that it seeks the discovery of documents regarding Responding Party's

5   sales outside of the United States and unrelated to United States commerce, as such sales are

6   beyond the scope of this litigation and thereby render the Document Requests overly broad,

7   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

8   evidence.

9       Responding Party objects to this request on the grounds that it seeks production of

10  documents protected by the attorney-client privilege, work product doctrine, joint defense or

11  common interest privilege, or by any other applicable doctrine or privilege.

12      Responding Party objects to this request on the grounds it seeks information and/or

13  documents that would disclose confidential information protected by any and all rights of privacy

14  under the United States Constitution or any other applicable law, or that is otherwise prohibited

15  from disclosure because to do so would cause Responding Party to violate legal and/or

16  contractual obligations to any other persons or entities.

17      Responding Party objects to this request on the grounds that, to the extent it seeks

18  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

19  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

20  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

21  action, and not reasonably calculated to lead to the discovery of admissible evidence.

22      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

23  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

24  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

25  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

26  statute of limitations.

27      Responding Party objects to the extent this request seeks documents that are no longer

28  active or readily accessible in electronic form which renders this request overly broad and unduly

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                        -38-                            MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  burdensome.

2      Responding Party objects to the extent this request seeks documents or information that is

3  not within the possession, custody, or control of Responding Party.

4      Responding Party objects that the phrase "contracts, offers or proposals" is vague,

5  ambiguous and unintelligible, rendering this request overly broad and unduly burdensome, not

6  relevant and not reasonably calculated to lead to the discovery of admissible evidence.

7      Responding Party objects to the extent this request seeks documents or information that

8  require discovery of information and materials from third parties or sources that are equally if not

9  more accessible to Plaintiffs.

10     Responding Party objects to the extent this request seeks documents or information that

11  will be the subject of expert discovery, as expert discovery has not commenced in this matter.

12     Subject to and without waiving the general and specific objections stated above,

13  Responding Party responds that it will make reasonable efforts to identify documents responsive

14  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

15  documents.

16  ## REQUEST NO. 10 [SIC] REQUEST NO. 15:

17     Documents sufficient to identify each of Your facilities that produced CRT or CRT

18  Products from January 1, 1991 through the present, and for each such facility, all Documents

19  relating to:

20      a)    capacity, rated capacity, production and capacity utilization during each year of the

21            Relevant Time Period;

22      b)    any proposed or actual change in the capacity to produce CRT or CRT Products;

23      c)    any reason for changes in each facility's actual production of CRT or CRT

24            Products;

25      d)    the identity of all persons who had decision-making or supervisory responsibility

26            regarding CRT or CRT Products production;

27      e)    each type, class, category and respective use of CRT or CRT Products produced

28            and the amounts of each produced during each month of the relevant period;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                                   -39-                                      MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

f)      any production shutdowns or slowdowns of CRT or CRT Products production and reasons for such shutdowns or slowdowns; and

g)      any projected production forecasts;

h)      any future plans to construct, joint venture or purchase fabrication plants used to manufacture or produce CRT or CRT Products.

**RESPONSE TO REQUEST NO. 10 [SIC] REQUEST NO. 15:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

2 and not relevant, rendering the request not reasonably calculated to lead to the discovery of

3 admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

4 class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

5 statute of limitations.

6    Responding Party objects to the extent this request seeks documents that are no longer

7 active or readily accessible in electronic form which renders this request overly broad and unduly

8 burdensome.

9    Responding Party objects to the extent this request seeks documents or information that is

10 not within the possession, custody, or control of Responding Party.

11    Responding Party objects that the definition of the term "Your" is vague, ambiguous, and

12 unintelligible, rendering the request overly broad and unduly burdensome, not relevant, and not

13 reasonably calculated to lead to the discovery of admissible evidence.

14    Responding Party objects that the terms "capacity," "decision-making or supervisory

15 responsibility," and "respective use" are vague, ambiguous and unintelligible, rendering the

16 request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead

17 to the discovery of admissible evidence.

18    Responding Party objects to the extent this request is duplicative of Request No. 4 of

19 Plaintiffs' First Set of Requests for Production.

20    Subject to and without waiving the general and specific objections stated above,

21 Responding Party responds that it will make reasonable efforts to identify documents responsive

22 to this request within the Limitations Period and, if any, will produce non-privileged, responsive

23 documents.

24 **REQUEST NO. 11 [SIC] REQUEST NO. 16:**

25    Documents sufficient to describe the processes for producing CRT or CRT Products,

26 including but not limited to, any industry standards.

27 **RESPONSE TO REQUEST NO. 11 [SIC] REQUEST NO. 16:**

28    Responding Party reasserts and incorporates each of the General Objections and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   Objections to Definitions and Instructions set forth above.

2       Responding Party objects to this request on the grounds that it is overly broad, unduly

3   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

4   including to the extent that it seeks the discovery of documents regarding Responding Party's

5   sales outside of the United States and unrelated to United States commerce, as such sales are

6   beyond the scope of this litigation and thereby render the Document Requests overly broad,

7   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

8   evidence.

9       Responding Party objects to this request on the grounds that it seeks production of

10   documents protected by the attorney-client privilege, work product doctrine, joint defense or

11   common interest privilege, or by any other applicable doctrine or privilege.

12       Responding Party objects to this request on the grounds it seeks information and/or

13   documents that would disclose confidential information protected by any and all rights of privacy

14   under the United States Constitution or any other applicable law, or that is otherwise prohibited

15   from disclosure because to do so would cause Responding Party to violate legal and/or

16   contractual obligations to any other persons or entities.

17       Responding Party objects to this request on the grounds that, to the extent it seeks

18   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

19   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

20   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

21   action, and not reasonably calculated to lead to the discovery of admissible evidence.

22       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

23   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

24   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

25   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

26   statute of limitations.

27       Responding Party objects to the extent this request seeks documents that are no longer

28   active or readily accessible in electronic form which renders this request overly broad and unduly

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    burdensome.

2    Responding Party objects to the extent this request seeks documents or information that is

3    not within the possession, custody, or control of Responding Party.

4    Responding Party objects that the terms "processes for producing" and "industry

5    standards" are vague, ambiguous, and unintelligible, rendering the request overly broad and

6    unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of

7    admissible evidence.

8    Responding Party objects to the extent this request seeks documents or information that

9    require discovery of information and materials from third parties or sources that are equally if not

10   more accessible to Plaintiffs.

11   Responding Party objects to the extent this request seeks documents or information that

12   will be the subject of expert discovery, as expert discovery has not commenced in this matter.

13   Subject to and without waiving the general and specific objections stated above,

14   Responding Party responds that it will make reasonable efforts to identify documents responsive

15   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

16   documents.

17   **REQUEST NO. 12 [SIC] REQUEST NO. 17:**

18   All Documents relating to the cost of manufacturing, marketing, selling, and distributing

19   CRT or CRT Products during the period January 1, 1991 through the present.

20   **RESPONSE TO REQUEST NO. 12 [SIC] REQUEST NO. 17:**

21   Responding Party reasserts and incorporates each of the General Objections and

22   Objections to Definitions and Instructions set forth above.

23   Responding Party objects to this request on the grounds that it is overly broad, unduly

24   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

25   including to the extent that it seeks the discovery of documents regarding Responding Party's

26   sales outside of the United States and unrelated to United States commerce, as such sales are

27   beyond the scope of this litigation and thereby render the Document Requests overly broad,

28   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                    -43-                              MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  evidence.

2      Responding Party objects to this request on the grounds that it seeks production of

3  documents protected by the attorney-client privilege, work product doctrine, joint defense or

4  common interest privilege, or by any other applicable doctrine or privilege.

5      Responding Party objects to this request on the grounds it seeks information and/or

6  documents that would disclose confidential information protected by any and all rights of privacy

7  under the United States Constitution or any other applicable law, or that is otherwise prohibited

8  from disclosure because to do so would cause Responding Party to violate legal and/or

9  contractual obligations to any other persons or entities.

10      Responding Party objects to this request on the grounds that, to the extent it seeks

11  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

12  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

13  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

14  action, and not reasonably calculated to lead to the discovery of admissible evidence.

15      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

16  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

17  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

18  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

19  statute of limitations.

20      Responding Party objects to the extent this request seeks documents that are no longer

21  active or readily accessible in electronic form which renders this request overly broad and unduly

22  burdensome.

23      Responding Party objects to the extent this request seeks documents or information that is

24  not within the possession, custody, or control of Responding Party.

25      Responding Party objects to the extent this request seeks documents or information that

26  require discovery of information and materials from third parties or sources that are equally if not

27  more accessible to Plaintiffs.

28      Responding Party objects to the extent this request seeks documents or information that

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8   -44-   MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   will be the subject of expert discovery, as expert discovery has not commenced in this matter.

2        Subject to and without waiving the general and specific objections stated above,

3   Responding Party responds that it will make reasonable efforts to identify documents responsive

4   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

5   documents.

6   **REQUEST NO. 13 [SIC] REQUEST NO. 18:**

7        Documents sufficient to show Your inventory levels of CRT or CRT Products for each

8   month, quarter, calendar year or fiscal year from January 1, 1991 through the present.

9   **RESPONSE TO REQUEST NO. 13 [SIC] REQUEST NO. 18:**

10        Responding Party reasserts and incorporates each of the General Objections and

11   Objections to Definitions and Instructions set forth above.

12        Responding Party objects to this request on the grounds that it is overly broad, unduly

13   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

14   including to the extent that it seeks the discovery of documents regarding Responding Party's

15   sales outside of the United States and unrelated to United States commerce, as such sales are

16   beyond the scope of this litigation and thereby render the Document Requests overly broad,

17   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

18   evidence.

19        Responding Party objects to this request on the grounds that it seeks production of

20   documents protected by the attorney-client privilege, work product doctrine, joint defense or

21   common interest privilege, or by any other applicable doctrine or privilege.

22        Responding Party objects to this request on the grounds it seeks information and/or

23   documents that would disclose confidential information protected by any and all rights of privacy

24   under the United States Constitution or any other applicable law, or that is otherwise prohibited

25   from disclosure because to do so would cause Responding Party to violate legal and/or

26   contractual obligations to any other persons or entities.

27        Responding Party objects to this request on the grounds that, to the extent it seeks

28   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8     -45-     MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

2  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

3  action, and not reasonably calculated to lead to the discovery of admissible evidence.

4      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

5  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

6  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

7  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

8  statute of limitations.

9      Responding Party objects to the extent this request seeks documents that are no longer

10  active or readily accessible in electronic form which renders this request overly broad and unduly

11  burdensome.

12      Responding Party objects that the definition of the term "Your" is vague, ambiguous, and

13  unintelligible, rendering the request overly broad and unduly burdensome, not relevant, and not

14  reasonably calculated to lead to the discovery of admissible evidence.

15      Responding Party objects that the term "inventory levels" is vague, ambiguous, and

16  unintelligible, rendering the request overly broad and unduly burdensome, not relevant, and not

17  reasonably calculated to lead to the discovery of admissible evidence.

18      Subject to and without waiving the general and specific objections stated above,

19  Responding Party responds that it will make reasonable efforts to identify documents responsive

20  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

21  documents.

22  **REQUEST NO. 14 [SIC] REQUEST NO. 19:**

23      Documents sufficient to identify and quantify all swaps, trades, sales, purchases or

24  transfers of CRT or CRT Products between You and any of Your affiliates, or between You and

25  any other producer of CRT or CRT Products, and the price or any other consideration involved in

26  every such sale, swap, trade, purchase or transfer.

27  **RESPONSE TO REQUEST NO. 14 [SIC] REQUEST NO. 19:**

28      Responding Party reasserts and incorporates each of the General Objections and

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Objections to Definitions and Instructions set forth above.

2        Responding Party objects to this request on the grounds that it is overly broad, unduly

3    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

4    including to the extent that it seeks the discovery of documents regarding Responding Party's

5    sales outside of the United States and unrelated to United States commerce, as such sales are

6    beyond the scope of this litigation and thereby render the Document Requests overly broad,

7    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

8    evidence.

9        Responding Party objects to this request on the grounds that it seeks production of

10   documents protected by the attorney-client privilege, work product doctrine, joint defense or

11   common interest privilege, or by any other applicable doctrine or privilege.

12       Responding Party objects to this request on the grounds it seeks information and/or

13   documents that would disclose confidential information, third-party confidential information

14   and/or proprietary business information protected by any and all rights of privacy under the

15   United States Constitution or any other applicable law, or that is otherwise prohibited from

16   disclosure because to do so would cause Responding Party to violate legal and/or contractual

17   obligations to any other persons or entities.

18       Responding Party objects to this request on the grounds that, to the extent it seeks

19   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

20   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

21   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

22   action, and not reasonably calculated to lead to the discovery of admissible evidence.

23       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

24   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

25   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

26   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

27   statute of limitations.

28       Responding Party objects to the extent this request seeks documents that are no longer

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    active or readily accessible in electronic form which renders this request overly broad and unduly

2    burdensome.

3          Responding Party objects that the definition of the terms "You" and "Your" are vague,

4    ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome, not

5    relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

6          Responding Party objects that the terms "affiliates," "swaps," "trades," and "transfers" are

7    vague, ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome,

8    not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

9          Responding Party objects to this request on the grounds that, to the extent it seeks

10   documents related to "purchases," it seeks documents and information not related to the

11   allegations in the Complaint, the request is overly broad and unduly burdensome, and purports to

12   call for information that is not relevant to the claim or defense of any party, not relevant to the

13   subject matter involved in this action, and not reasonably calculated to lead to the discovery of

14   admissible evidence.

15         Subject to and without waiving the general and specific objections stated above,

16   Responding Party responds that it will make reasonable efforts to identify documents responsive

17   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

18   documents.

19   **REQUEST NO. 15 [SIC] REQUEST NO. 20:**

20         All Documents relating to any relationship between prices for CRT or CRT Products and

21   any costs of producing, marketing, selling, or distributing CRT or CRT Products during the

22   period January 1, 1991 through the present.

23   **RESPONSE TO REQUEST NO. 15 [SIC] REQUEST NO. 20:**

24         Responding Party reasserts and incorporates each of the General Objections and

25   Objections to Definitions and Instructions set forth above.

26         Responding Party objects to this request on the grounds that it is overly broad, unduly

27   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

28   including to the extent that it seeks the discovery of documents regarding Responding Party's

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS