1   sales outside of the United States and unrelated to United States commerce, as such sales are

2   beyond the scope of this litigation and thereby render the Document Requests overly broad,

3   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

4   evidence.

5        Responding Party objects to this request on the grounds that it seeks production of

6   documents protected by the attorney-client privilege, work product doctrine, joint defense or

7   common interest privilege, or by any other applicable doctrine or privilege.

8        Responding Party objects to this request on the grounds it seeks information and/or

9   documents that would disclose confidential information protected by any and all rights of privacy

10   under the United States Constitution or any other applicable law, or that is otherwise prohibited

11   from disclosure because to do so would cause Responding Party to violate legal and/or

12   contractual obligations to any other persons or entities.

13        Responding Party objects to this request on the grounds that, to the extent it seeks

14   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

15   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

16   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

17   action, and not reasonably calculated to lead to the discovery of admissible evidence.

18        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

19   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

20   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

21   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

22   statute of limitations.

23        Responding Party objects to the extent this request seeks documents that are no longer

24   active or readily accessible in electronic form which renders this request overly broad and unduly

25   burdensome.

26        Responding Party objects to the extent this request seeks documents or information that is

27   not within the possession, custody, or control of Responding Party.

28        Responding Party objects that the phrase "relationship between prices" is vague and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                              -49-                              MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    ambiguous, rendering this request overly broad and unduly burdensome, not relevant and not

2    reasonably calculated to lead to the discovery of admissible evidence.

3         Responding Party objects to the extent this request seeks document relating to "costs of

4    production, marketing, or selling or distributing CRT or CRT Products," it is duplicative of

5    Request No. 12 of the Document Requests.

6         Responding Party objects to the extent this request seeks documents or information that

7    require discovery of information and materials from third parties or sources that are equally if not

8    more accessible to Plaintiffs.

9         Responding Party objects to the extent this request seeks documents concerning the

10   "prices of CRTs" and "costs of producing" CRTs, this request is duplicative of Document

11   Request Nos. 8 and 12 of the Document Requests.

12        Responding Party objects to the extent this request seeks documents or information that

13   will be the subject of expert discovery, as expert discovery has not commenced in this matter.

14        Subject to and without waiving the general and specific objections stated above,

15   Responding Party responds that it will make reasonable efforts to identify documents responsive

16   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

17   documents.

18   **REQUEST NO. 16 [SIC] REQUEST NO. 21:**

19        All of Your internal and public annual, quarterly and monthly financial statements,

20   summaries or analyses, including profit-and-loss statements and comparisons to budget that relate

21   to CRT or CRT Products.

22   **RESPONSE TO REQUEST NO. 16 [SIC] REQUEST NO. 21:**

23        Responding Party reasserts and incorporates each of the General Objections and

24   Objections to Definitions and Instructions set forth above.

25        Responding Party objects to this request on the grounds that it is overly broad, unduly

26   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

27   including to the extent that it seeks the discovery of documents regarding Responding Party's

28   sales outside of the United States and unrelated to United States commerce, as such sales are

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1     beyond the scope of this litigation and thereby render the Document Requests overly broad,

2     unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

3     evidence.

4           Responding Party objects to this request on the grounds that it seeks production of

5     documents protected by the attorney-client privilege, work product doctrine, joint defense or

6     common interest privilege, or by any other applicable doctrine or privilege.

7           Responding Party objects to this request on the grounds it seeks information and/or

8     documents that would disclose confidential information protected by any and all rights of privacy

9     under the United States Constitution or any other applicable law, or that is otherwise prohibited

10     from disclosure because to do so would cause Responding Party to violate legal and/or

11     contractual obligations to any other persons or entities.

12           Responding Party objects to this request on the grounds that, to the extent it seeks

13     documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

14     ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

15     relevant to the claim or defense of any party, not relevant to the subject matter involved in this

16     action, and not reasonably calculated to lead to the discovery of admissible evidence.

17           Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

18     and not relevant, rendering the request not reasonably calculated to lead to the discovery of

19     admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

20     class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

21     statute of limitations.

22           Responding Party objects to the extent this request seeks documents or information that is

23     not within the possession, custody, or control of Responding Party.

24           Subject to and without waiving the general and specific objections stated above,

25     Responding Party responds that it will make reasonable efforts to identify documents responsive

26     to this request within the Limitations Period and, if any, will produce non-privileged, responsive

27     documents.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8           **-51-**           MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

**REQUEST NO. 17 [SIC] REQUEST NO. 22:**

All business plans, planning analyses, budgets, forecasts, or sales or profit projections relating to CRT or CRT Products.

**RESPONSE TO REQUEST NO. 17 [SIC] REQUEST NO. 22:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

2  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

3  statute of limitations.

4       Responding Party objects to the extent this request seeks documents that are no longer

5  active or readily accessible in electronic form which renders this request overly broad and unduly

6  burdensome.

7       Responding Party objects to the extent this request seeks documents or information that is

8  not within the possession, custody, or control of Responding Party.

9       Responding Party objects that the phrase "business plans, planning analyses, budgets,

10 forecasts, or sales or profit projections" is vague and ambiguous, rendering this request overly

11 broad and unduly burdensome, not relevant and not reasonably calculated to lead to the discovery

12 of admissible evidence.

13      Responding Party objects to the extent this request seeks documents or information that

14 require discovery of information and materials from third parties or sources that are equally if not

15 more accessible to Plaintiffs.

16      Responding Party objects to the extent this request seeks documents or information that

17 will be the subject of expert discovery, as expert discovery has not commenced in this matter.

18      Subject to and without waiving the general and specific objections stated above,

19 Responding Party responds that it will make reasonable efforts to identify documents responsive

20 to this request within the Limitations Period and, if any, will produce non-privileged, responsive

21 documents.

22 **REQUEST NO. 18 [SIC] REQUEST NO. 23:**

23      Documents sufficient to show the identity of all other producers and sellers of CRT or

24 CRT Products during any portion of the relevant period.

25 **RESPONSE TO REQUEST NO. 18 [SIC] REQUEST NO. 23:**

26      Responding Party reasserts and incorporates each of the General Objections and

27 Objections to Definitions and Instructions set forth above.

28      Responding Party objects to this request on the grounds that it is overly broad, unduly

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

2    including to the extent that it seeks the discovery of documents regarding Responding Party's

3    sales outside of the United States and unrelated to United States commerce, as such sales are

4    beyond the scope of this litigation and thereby render the Document Requests overly broad,

5    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

6    evidence.

7         Responding Party objects to this request on the grounds that it seeks production of

8    documents protected by the attorney-client privilege, work product doctrine, joint defense or

9    common interest privilege, or by any other applicable doctrine or privilege.

10        Responding Party also objects on the grounds it seeks information and/or documents that

11   would disclose confidential information protected by any and all rights of privacy under the

12   United States Constitution or any other applicable law, or that is otherwise prohibited from

13   disclosure because to do so would cause Responding Party to violate legal and/or contractual

14   obligations to any other persons or entities.

15        Responding Party objects on the grounds that, to the extent it requests documents

16   regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous,

17   overly broad and unduly burdensome, and purports to call for information that is not relevant to

18   the claim or defense of any party, not relevant to the subject matter involved in this action, and

19   not reasonably calculated to lead to the discovery of admissible evidence.

20        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

21   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

22   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

23   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

24   statute of limitations.

25        Responding Party objects to the extent this request seeks documents that are no longer

26   active or readily accessible in electronic form which renders this request overly broad and unduly

27   burdensome.

28        Responding Party objects to the extent this request seeks documents or information that is

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   not within the possession, custody, or control of Responding Party.

2       Responding Party objects that by seeking documents and information regarding "all other

3   producers and sellers of CRT or CRT Products," the request is overly broad and unduly

4   burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible

5   evidence.

6       Responding Party objects to the extent this request seeks documents or information that

7   require discovery of information and materials from third parties or sources that are equally if not

8   more accessible to Plaintiffs.

9       Responding Party objects to the extent this request seeks documents or information that

10  will be the subject of expert discovery, as expert discovery has not commenced in this matter.

11      Subject to and without waiving the general and specific objections stated above,

12  Responding Party responds that it will make reasonable efforts to identify documents responsive

13  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

14  documents.

15  **REQUEST NO. 19 [SIC] REQUEST NO. 24:**

16      All Documents relating to Your percentage or share of industry production, capacity, sales

17  or shipments of CRT or CRT Products, or the percentage or share of industry production,

18  capacity, sales or shipments of any other producer or seller of CRT or CRT Products at any time

19  during the period January 1, 1991 through the present.

20  **RESPONSE TO REQUEST NO. 19 [SIC] REQUEST NO. 24:**

21      Responding Party reasserts and incorporates each of the General Objections and

22  Objections to Definitions and Instructions set forth above.

23      Responding Party objects to this request on the grounds that it is overly broad, unduly

24  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

25  including to the extent that it seeks the discovery of documents regarding Responding Party's

26  sales outside of the United States and unrelated to United States commerce, as such sales are

27  beyond the scope of this litigation and thereby render the Document Requests overly broad,

28  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                                    -55-                                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    evidence.

2         Responding Party objects to this request on the grounds that it seeks production of

3    documents protected by the attorney-client privilege, work product doctrine, joint defense or

4    common interest privilege, or by any other applicable doctrine or privilege.

5         Responding Party also objects on the grounds it seeks information and/or documents that

6    would disclose confidential information protected by any and all rights of privacy under the

7    United States Constitution or any other applicable law, or that is otherwise prohibited from

8    disclosure because to do so would cause Responding Party to violate legal and/or contractual

9    obligations to any other persons or entities.

10        Responding Party objects to this request on the grounds that, to the extent it requests

11   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

12   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

13   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

14   action, and not reasonably calculated to lead to the discovery of admissible evidence.

15        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

16   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

17   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

18   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

19   statute of limitations.

20        Responding Party objects to the extent this request seeks documents that are no longer

21   active or readily accessible in electronic form which renders this request overly broad and unduly

22   burdensome.

23        Responding Party objects to the extent this request seeks documents or information that is

24   not within the possession, custody, or control of Responding Party.

25        Responding Party objects that the phrase "percentage or share of industry production,

26   capacity, sales or shipments" is vague and ambiguous, rendering this request overly broad and

27   unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of

28   admissible evidence.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                          -56-                                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to the extent this request seeks documents or information that

2  require discovery of information and materials from third parties or sources that are equally if not

3  more accessible to Plaintiffs.

4    Responding Party objects to the extent this request seeks documents or information that

5  will be the subject of expert discovery, as expert discovery has not commenced in this matter.

6    Subject to and without waiving the general and specific objections stated above,

7  Responding Party responds that it will make reasonable efforts to identify documents responsive

8  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

9  documents.

10  **REQUEST NO. 20 [SIC] REQUEST NO. 25:**

11    All Documents showing the dollar volume or quantity of sales or shipments of CRT or

12  CRT Products (by type or category, if available) by You or by other producers or sellers of CRT

13  or CRT Products by month, quarter, calendar year or fiscal year during the period January 1, 1991

14  through the present.

15  **RESPONSE TO REQUEST NO. 20 [SIC] REQUEST NO. 25:**

16    Responding Party reasserts and incorporates each of the General Objections and

17  Objections to Definitions and Instructions set forth above.

18    Responding Party objects to this request on the grounds that it is overly broad, unduly

19  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

20  including to the extent that it seeks the discovery of documents regarding Responding Party's

21  sales outside of the United States and unrelated to United States commerce, as such sales are

22  beyond the scope of this litigation and thereby render the Document Requests overly broad,

23  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

24  evidence.

25    Responding Party objects to this request on the grounds that it seeks production of

26  documents protected by the attorney-client privilege, work product doctrine, joint defense or

27  common interest privilege, or by any other applicable doctrine or privilege.

28    Responding Party objects to this request on the grounds it seeks information and/or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                    -57-                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   documents that would disclose confidential information protected by any and all rights of privacy

2   under the United States Constitution or any other applicable law, or that is otherwise prohibited

3   from disclosure because to do so would cause Responding Party to violate legal and/or

4   contractual obligations to any other persons or entities.

5       Responding Party objects to this request on the grounds that, to the extent it seeks

6   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

7   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

8   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

9   action, and not reasonably calculated to lead to the discovery of admissible evidence.

10      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

11  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

12  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

13  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

14  statute of limitations.

15      Responding Party objects to the extent this request seeks documents that are no longer

16  active or readily accessible in electronic form which renders this request overly broad and unduly

17  burdensome.

18      Responding Party objects to the extent this request seeks documents or information that is

19  not within the possession, custody, or control of Responding Party.

20      Responding Party objects that the phrase "dollar volume" is vague, ambiguous, and

21  unintelligible, rendering the request overly broad and unduly burdensome, not relevant and not

22  reasonably calculated to lead to the discovery of admissible evidence.

23      Responding Party objects to the extent it seeks documents relating to the "quantity of sales

24  or shipments of CRT or CRT Products," this request is duplicative of Document Request No. 5 of

25  Plaintiffs' First Set of Requests for Production of Documents, and Request No. 5 of the

26  Document Requests.

27      Responding Party objects to the extent this request seeks documents or information that

28  require discovery of information and materials from third parties or sources that are equally if not

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                    -58-                          MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   more accessible to Plaintiffs.

2          Responding Party objects to the extent this request seeks documents or information that

3   will be the subject of expert discovery, as expert discovery has not commenced in this matter.

4          Subject to and without waiving the general and specific objections stated above,

5   Responding Party responds that it will make reasonable efforts to identify documents responsive

6   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

7   documents.

8   **REQUEST NO. 21 [SIC] REQUEST NO. 26:**

9          All Documents that compare or contrast each type, class, or category of CRT or CRT

10  Products produced or sold by You with that of any other producer or seller of CRT or CRT

11  Products and all Documents that relate to any industry standards regarding types, classes, or

12  categories of CRT or CRT Products.

13  **RESPONSE TO REQUEST NO. 21 [SIC] REQUEST NO. 26:**

14         Responding Party reasserts and incorporates each of the General Objections and

15  Objections to Definitions and Instructions set forth above.

16         Responding Party objects to this request on the grounds that it is overly broad, unduly

17  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

18  including to the extent that it seeks the discovery of documents regarding Responding Party's

19  sales outside of the United States and unrelated to United States commerce, as such sales are

20  beyond the scope of this litigation and thereby render the Document Requests overly broad,

21  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

22  evidence.

23         Responding Party objects to this request on the grounds that it seeks production of

24  documents protected by the attorney-client privilege, work product doctrine, joint defense or

25  common interest privilege, or by any other applicable doctrine or privilege.

26         Responding Party objects to this request on the grounds it seeks information and/or

27  documents that would disclose confidential information protected by any and all rights of privacy

28  under the United States Constitution or any other applicable law, or that is otherwise prohibited

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                    -59-                              MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   from disclosure because to do so would cause Responding Party to violate legal and/or

2   contractual obligations to any other persons or entities.

3       Responding Party objects to this request on the grounds that, to the extent it seeks

4   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

5   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

6   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

7   action, and not reasonably calculated to lead to the discovery of admissible evidence.

8       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

9   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

10  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

11  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

12  statute of limitations.

13      Responding Party objects to the extent this request seeks documents that are no longer

14  active or readily accessible in electronic form which renders this request overly broad and unduly

15  burdensome.

16      Responding Party objects to the extent this request seeks documents or information that is

17  not within the possession, custody, or control of Responding Party.

18      Responding Party objects that the phrases "compare or contrast" and "industry standards"

19  are vague, ambiguous, and unintelligible, rendering this request overly broad and unduly

20  burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible

21  evidence.

22      Responding Party objects to the extent this request seeks documents or information that

23  require discovery of information and materials from third parties or sources that are equally if not

24  more accessible to Plaintiffs.

25      Responding Party objects to the extent this request is duplicative of Request No. 5 of the

26  Document Requests.

27      Responding Party objects to the extent this request seeks documents or information that

28  will be the subject of expert discovery, as expert discovery has not commenced in this matter.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                          -60-                                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   Subject to and without waiving the general and specific objections stated above,

2   Responding Party responds that it will make reasonable efforts to identify documents responsive

3   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

4   documents.

5   **REQUEST NO. 22 [SIC] REQUEST NO. 27:**

6   Documents sufficient to show the regions or territories in which each type, class, or

7   category of CRT or CRT Products are sold in the United States.

8   **RESPONSE TO REQUEST NO. 22 [SIC] REQUEST NO. 27:**

9   Responding Party reasserts and incorporates each of the General Objections and

10   Objections to Definitions and Instructions set forth above.

11   Responding Party objects to this request on the grounds that it is overly broad, unduly

12   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

13   including to the extent that it seeks the discovery of documents regarding Responding Party's

14   sales outside of the United States and unrelated to United States commerce, as such sales are

15   beyond the scope of this litigation and thereby render the Document Requests overly broad,

16   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

17   evidence.

18   Responding Party objects to this request on the grounds that it seeks production of

19   documents protected by the attorney-client privilege, work product doctrine, joint defense or

20   common interest privilege, or by any other applicable doctrine or privilege.

21   Responding Party objects to this request on the grounds it seeks information and/or

22   documents that would disclose confidential information protected by any and all rights of privacy

23   under the United States Constitution or any other applicable law, or that is otherwise prohibited

24   from disclosure because to do so would cause Responding Party to violate legal and/or

25   contractual obligations to any other persons or entities.

26   Responding Party objects to this request on the grounds that, to the extent it seeks

27   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

28   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8

-61-

MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

2  action, and not reasonably calculated to lead to the discovery of admissible evidence.

3      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

4  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

5  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

6  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

7  statute of limitations.

8      Responding Party objects to the extent this request seeks documents that are no longer

9  active or readily accessible in electronic form which renders this request overly broad and unduly

10  burdensome.

11      Responding Party objects to the extent this request seeks documents or information that is

12  not within the possession, custody, or control of Responding Party.

13      Responding Party objects to the extent this request seeks documents or information that

14  require discovery of information and materials from third parties or sources that are equally if not

15  more accessible to Plaintiffs.

16      Responding Party objects to the extent this request seeks documents or information that

17  will be the subject of expert discovery, as expert discovery has not commenced in this matter.

18      Subject to and without waiving the general and specific objections stated above,

19  Responding Party responds that it will make reasonable efforts to identify documents responsive

20  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

21  documents.

22  **REQUEST NO. 23 [SIC] REQUEST NO. 28:**

23      All Documents relating to conditions of supply or demand for CRT or CRT Products,

24  including, but not limited to, any market studies or industry reports during the period January 1,

25  1991 through the present.

26  **RESPONSE TO REQUEST NO. 23 [SIC] REQUEST NO. 28:**

27      Responding Party reasserts and incorporates each of the General Objections and

28  Objections to Definitions and Instructions set forth above.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                -62-                        MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to this request on the grounds that it is overly broad, unduly

2   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

3   including to the extent that it seeks the discovery of documents regarding Responding Party's

4   sales outside of the United States and unrelated to United States commerce, as such sales are

5   beyond the scope of this litigation and thereby render the Document Requests overly broad,

6   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

7   evidence.

8    Responding Party objects to this request on the grounds that it seeks production of

9   documents protected by the attorney-client privilege, work product doctrine, joint defense or

10   common interest privilege, or by any other applicable doctrine or privilege.

11    Responding Party objects to this request on the grounds it seeks information and/or

12   documents that would disclose confidential information protected by any and all rights of privacy

13   under the United States Constitution or any other applicable law, or that is otherwise prohibited

14   from disclosure because to do so would cause Responding Party to violate legal and/or

15   contractual obligations to any other persons or entities.

16    Responding Party objects to this request on the grounds that, to the extent it requests

17   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

18   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

19   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

20   action, and not reasonably calculated to lead to the discovery of admissible evidence.

21    Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

22   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

23   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

24   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

25   statute of limitations.

26    Responding Party objects to the extent this request seeks documents that are no longer

27   active or readily accessible in electronic form which renders this request overly broad and unduly

28   burdensome.

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to the extent this request seeks documents or information that is

2    not within the possession, custody, or control of Responding Party.

3    Responding Party objects that the phrases "relating to conditions of supply and demand"

4    and "market studies or industry reports" are vague, ambiguous, and unintelligible, rendering this

5    request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead

6    to the discovery of admissible evidence.

7    Responding Party objects to the extent this request seeks documents or information that

8    require discovery of information and materials from third parties or sources that are equally if not

9    more accessible to Plaintiffs.

10    Responding Party objects to the extent this request seeks documents or information that

11    will be the subject of expert discovery, as expert discovery has not commenced in this matter.

12    Subject to and without waiving the general and specific objections stated above,

13    Responding Party responds that it will make reasonable efforts to identify documents responsive

14    to this request within the Limitations Period and, if any, will produce non-privileged, responsive

15    documents.

16    **REQUEST NO. 24 [SIC] REQUEST NO. 29:**

17    All Documents relating to any contemplated, proposed, planned, pending or executed

18    purchases, sales, acquisitions, mergers, joint ventures, divestitures, transfers, spin-offs or any

19    other change in ownership of any assets, liabilities, subsidiaries, departments, units or other

20    subdivisions of Your or another company relating to production, distribution, marketing, pricing,

21    sale or resale of CRT or CRT Products during the Relevant Time Period.

22    **RESPONSE TO REQUEST NO. 24 [SIC] REQUEST NO. 29:**

23    Responding Party reasserts and incorporates each of the General Objections and

24    Objections to Definitions and Instructions set forth above.

25    Responding Party objects to this request on the grounds that it is overly broad, unduly

26    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

27    including to the extent that it seeks the discovery of documents regarding Responding Party's

28    sales outside of the United States and unrelated to United States commerce, as such sales are

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                    -64-                                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   beyond the scope of this litigation and thereby render the Document Requests overly broad,

2   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

3   evidence.

4       Responding Party objects to this request on the grounds that it seeks production of

5   documents protected by the attorney-client privilege, work product doctrine, joint defense or

6   common interest privilege, or by any other applicable doctrine or privilege.

7       Responding Party objects to this request on the grounds it seeks information and/or

8   documents that would disclose confidential information protected by any and all rights of privacy

9   under the United States Constitution or any other applicable law, or that is otherwise prohibited

10  from disclosure because to do so would cause Responding Party to violate legal and/or

11  contractual obligations to any other persons or entities.

12      Responding Party objects to this request on the grounds that, to the extent it seeks

13  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

14  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

15  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

16  action, and not reasonably calculated to lead to the discovery of admissible evidence.

17      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

18  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

19  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

20  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

21  statute of limitations.

22      Responding Party objects to the extent this request seeks documents that are no longer

23  active or readily accessible in electronic form which renders this request overly broad and unduly

24  burdensome.

25      Responding Party objects to the extent this request seeks documents or information that is

26  not within the possession, custody, or control of Responding Party.

27      Responding Party objects that the definition of the term "Your" renders the request vague,

28  ambiguous, and unintelligible, overly broad and unduly burdensome, not relevant, and not

MORGAN, LEWIS &
BOCKIUS LLP.
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                    -65-                              MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   reasonably calculated to lead to the discovery of admissible evidence.

2          Responding Party objects that the terms "contemplated," "proposed," "planned,"

3   "pending," "executed" and "another company" are vague, ambiguous, and unintelligible,

4   rendering this request overly broad and unduly burdensome, not relevant and not reasonably

5   calculated to lead to the discovery of admissible evidence.

6          Responding Party objects to the extent this request seeks documents or information that

7   require discovery of information and materials from third parties or sources that are equally if not

8   more accessible to Plaintiffs.

9          Responding Party objects to the extent this request seeks documents and information that

10   would require disclosure of Responding Party's or a third-party's respective trade secrets or other

11   confidential information protected by the Uniform Trade Secrets Act, *et. seq.*, any and all rights

12   of privacy under the United States Constitution, or Article One of the California State

13   Constitution or other state constitutions, or any other applicable law, or which is otherwise

14   prohibited from disclosure because to do so would cause Responding Party to violate legal or

15   contractual obligations to any other persons or entities.

16          Responding Party objects that this request is overly broad and unduly burdensome, and

17   the burden it places on Responding Party far outweighs any likely benefit to Plaintiffs under Rule

18   26(b)(2)(C)(iii) of the Federal Rules of Civil Procedure.

19          Subject to and without waiving the general and specific objections stated above,

20   Responding Party responds that it will make reasonable efforts to identify documents responsive

21   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

22   documents.

23   **REQUEST NO. 25 [SIC] REQUEST NO. 30:**

24          All Documents relating to any communications between You and any parent, subsidiary,

25   affiliated company, joint venturer, or partner regarding the production, pricing, marketing, sale or

26   distribution of CRT or CRT Products.

27   **RESPONSE TO REQUEST NO. 25 [SIC] REQUEST NO. 30:**

28          Responding Party reasserts and incorporates each of the General Objections and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   Objections to Definitions and Instructions set forth above.

2           Responding Party objects to this request on the grounds that it is overly broad, unduly

3   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

4   including to the extent that it seeks the discovery of documents regarding Responding Party's

5   sales outside of the United States and unrelated to United States commerce, as such sales are

6   beyond the scope of this litigation and thereby render the Document Requests overly broad,

7   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

8   evidence.

9           Responding Party objects to this request on the grounds that it seeks production of

10  documents protected by the attorney-client privilege, work product doctrine, joint defense or

11  common interest privilege, or by any other applicable doctrine or privilege.

12          Responding Party objects to this request on the grounds it seeks information and/or

13  documents that would disclose confidential information protected by any and all rights of privacy

14  under the United States Constitution or any other applicable law, or that is otherwise prohibited

15  from disclosure because to do so would cause Responding Party to violate legal and/or

16  contractual obligations to any other persons or entities.

17          Responding Party objects to this request on the grounds that, to the extent it seeks

18  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

19  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

20  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

21  action, and not reasonably calculated to lead to the discovery of admissible evidence.

22          Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

23  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

24  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

25  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

26  statute of limitations.

27          Responding Party objects to the extent this request seeks documents that are no longer

28  active or readily accessible in electronic form which renders this request overly broad and unduly

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   burdensome.

2          Responding Party objects to the extent this request seeks documents or information that is

3   not within the possession, custody, or control of Responding Party.

4          Responding Party objects that the phrase "affiliated company" is vague, ambiguous, and

5   unintelligible, rendering this request overly broad and unduly burdensome, not relevant and not

6   reasonably calculated to lead to the discovery of admissible evidence.

7          Responding Party objects to the extent this request seeks documents or information that

8   require discovery of information and materials from third parties or sources that are equally if not

9   more accessible to Plaintiffs.

10         Responding Party objects that this request is overly broad and unduly burdensome, and

11  the burden it places on Responding Party far outweighs any likely benefit to Plaintiffs under Rule

12  26(b)(2)(C)(iii) of the Federal Rules of Civil Procedure.

13         Subject to and without waiving the general and specific objections stated above,

14  Responding Party responds that it will make reasonable efforts to identify documents responsive

15  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

16  documents.

17  **REQUEST NO. 26 [SIC] REQUEST NO. 31:**

18         All Documents relating to communications regarding CRT or CRT Products between or

19  among manufacturers of CRT or CRT Products, including Defendants.

20  **RESPONSE TO REQUEST NO. 26 [SIC] REQUEST NO. 31:**

21         Responding Party reasserts and incorporates each of the General Objections and

22  Objections to Definitions and Instructions set forth above.

23         Responding Party objects to this request on the grounds that it is overly broad, unduly

24  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

25  including to the extent that it seeks the discovery of documents regarding Responding Party's

26  sales outside of the United States and unrelated to United States commerce, as such sales are

27  beyond the scope of this litigation and thereby render the Document Requests overly broad,

28  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    evidence.

2         Responding Party objects to this request on the grounds that it seeks production of

3    documents protected by the attorney-client privilege, work product doctrine, joint defense or

4    common interest privilege, or by any other applicable doctrine or privilege.

5         Responding Party objects to this request on the grounds it seeks information and/or

6    documents that would disclose confidential information protected by any and all rights of privacy

7    under the United States Constitution or any other applicable law, or that is otherwise prohibited

8    from disclosure because to do so would cause Responding Party to violate legal and/or

9    contractual obligations to any other persons or entities.

10        Responding Party objects to this request on the grounds that, to the extent it seeks

11   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

12   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

13   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

14   action, and not reasonably calculated to lead to the discovery of admissible evidence.

15        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

16   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

17   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

18   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

19   statute of limitations.

20        Responding Party objects to the extent this request seeks documents that are no longer

21   active or readily accessible in electronic form which renders this request overly broad and unduly

22   burdensome.

23        Responding Party objects to the extent this request seeks documents or information that is

24   not within the possession, custody, or control of Responding Party.

25        Responding Party objects to the extent this request seeks documents or information that

26   require discovery of information and materials from third parties or sources that are equally if not

27   more accessible to Plaintiffs.

28        Responding Party objects that the phrase "relating to" is vague, ambiguous and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                          -69-                          MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  unintelligible, and renders the request unlimited in scope, overly broad and unduly burdensome,

2  not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

3          Subject to and without waiving the general and specific objections stated above,

4  Responding Party responds that it will make reasonable efforts to identify documents responsive

5  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

6  documents.

7  **REQUEST NO. 27 [SIC] REQUEST NO. 32:**

8          All Documents relating to any Meeting attended by You or any other Defendant or any

9  manufacturer of CRT or CRT Products during which there was any communication concerning

10  the production, marketing, pricing, distribution, inventory levels or sale of CRT or CRT Products,

11  including, but not limited to the notes of any such Meetings.

12  **RESPONSE TO REQUEST NO. 27 [SIC] REQUEST NO. 32:**

13          Responding Party reasserts and incorporates each of the General Objections and

14  Objections to Definitions and Instructions set forth above.

15          Responding Party objects to this request on the grounds that it is overly broad, unduly

16  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

17  including to the extent that it seeks the discovery of documents regarding Responding Party's

18  sales outside of the United States and unrelated to United States commerce, as such sales are

19  beyond the scope of this litigation and thereby render the Document Requests overly broad,

20  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

21  evidence.

22          Responding Party objects to this request on the grounds that it seeks production of

23  documents protected by the attorney-client privilege, work product doctrine, joint defense or

24  common interest privilege, or by any other applicable doctrine or privilege.

25          Responding Party objects to this request on the grounds it seeks information and/or

26  documents that would disclose confidential information protected by any and all rights of privacy

27  under the United States Constitution or any other applicable law, or that is otherwise prohibited

28  from disclosure because to do so would cause Responding Party to violate legal and/or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                    -70-                                     MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  contractual obligations to any other persons or entities.

2      Responding Party objects to this request on the grounds that, to the extent it seeks

3  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

4  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

5  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

6  action, and not reasonably calculated to lead to the discovery of admissible evidence.

7      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

8  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

9  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

10  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

11  statute of limitations.

12      Responding Party objects to the extent this request seeks documents that are no longer

13  active or readily accessible in electronic form which renders this request overly broad and unduly

14  burdensome.

15      Responding Party objects to the extent this request seeks documents or information that is

16  not within the possession, custody, or control of Responding Party.

17      Responding Party objects to the extent this request seeks documents or information that

18  require discovery of information and materials from third parties or sources that are equally if not

19  more accessible to Plaintiffs.

20      Subject to and without waiving the general and specific objections stated above,

21  Responding Party responds that it will make reasonable efforts to identify documents responsive

22  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

23  documents.

24  **REQUEST NO. 28 [SIC] REQUEST NO. 33:**

25      For each of Your Employees who has or had any non-clerical responsibility for

26  recommending, reviewing, setting or approving prices, price increase announcements, bids or

27  quotes for the sale of CRT or CRT Products, or any other involvement in the marketing or sale of

28  CRT or CRT Products:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

a.   all copies of electronic and manual diaries, calendars, appointment books, "to do" lists, day timers or appointment notes;

b.   all copies of trip and travel logs, records or other supporting Documents;

c.   all copies of expense reports or other supporting Documents;

d.   all copies of telephone number logs, directories, notebooks, Rolodex cards or related memoranda;

e.   all bills, statements, records and supporting Documents concerning long distance or cellular telephone calls;

f.   all Documents relating to membership in any trade association or industry group; and

g.   the complete personnel file for that Employee.

**RESPONSE TO REQUEST NO. 28 [SIC] REQUEST NO. 33:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8

-72-

MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  contractual obligations to any other persons or entities.

2       Responding Party objects to this request on the grounds that, to the extent it seeks

3  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

4  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

5  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

6  action, and not reasonably calculated to lead to the discovery of admissible evidence.

7       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

8  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

9  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

10  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

11  statute of limitations.

12       Responding Party objects to the extent this request seeks documents that are no longer

13  active or readily accessible in electronic form which renders this request overly broad and unduly

14  burdensome.

15       Responding Party objects that the phrase "non-clerical responsibility" is vague,

16  ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome, not

17  relevant and not reasonably calculated to lead to the discovery of admissible evidence.

18       Responding Party objects to the extent this request seeks documents or information that

19  require discovery of information and materials from third parties or sources that are equally if not

20  more accessible to Plaintiffs.

21       Subject to and without waiving the general and specific objections stated above,

22  Responding Party responds that it will make reasonable efforts to identify documents responsive

23  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

24  documents.

25  **REQUEST NO. 29 [SIC] REQUEST NO. 34:**

26       Documents sufficient to show the name and address of each trade association (including

27  committees and subcommittees) relating to CRT or CRT Products of which You or any of Your

28  Employees are or have been a member, as well as Documents sufficient to show dates of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   membership and dates of participation in committees or subcommittees.

2   **RESPONSE TO REQUEST NO. 29 [SIC] REQUEST NO. 34:**

3          Responding Party reasserts and incorporates each of the General Objections and

4   Objections to Definitions and Instructions set forth above.

5          Responding Party objects to this request on the grounds that it is overly broad, unduly

6   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

7   including to the extent that it seeks the discovery of documents regarding Responding Party's

8   sales outside of the United States and unrelated to United States commerce, as such sales are

9   beyond the scope of this litigation and thereby render the Document Requests overly broad,

10  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

11  evidence.

12         Responding Party objects to this request on the grounds that it seeks production of

13  documents protected by the attorney-client privilege, work product doctrine, joint defense or

14  common interest privilege, or by any other applicable doctrine or privilege.

15         Responding Party objects to this request on the grounds it seeks information and/or

16  documents that would disclose confidential information protected by any and all rights of privacy

17  under the United States Constitution or any other applicable law, or that is otherwise prohibited

18  from disclosure because to do so would cause Responding Party to violate legal and/or

19  contractual obligations to any other persons or entities.

20         Responding Party objects to this request on the grounds that, to the extent it seeks

21  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

22  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

23  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

24  action, and not reasonably calculated to lead to the discovery of admissible evidence.

25         Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

26  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

27  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

28  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                    -74-                              MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1     statute of limitations.

2        Responding Party objects to the extent this request seeks documents that are no longer

3     active or readily accessible in electronic form which renders this request overly broad and unduly

4     burdensome.

5        Responding Party objects to the extent this request seeks documents or information that is

6     not within the possession, custody, or control of Responding Party.

7        Responding Party objects to the extent this request seeks documents or information that

8     require discovery of information and materials from third parties or sources that are equally if not

9     more accessible to Plaintiffs.

10        Subject to and without waiving the general and specific objections stated above,

11    Responding Party responds that it will make reasonable efforts to identify documents responsive

12    to this request within the Limitations Period and, if any, will produce non-privileged, responsive

13    documents.

14    **REQUEST NO. 30 [SIC] REQUEST NO. 35:**

15        All Documents relating to Meetings of each trade association and each of its committees

16    or subcommittees relating to CRT or CRT Products, including all Documents relating to any such

17    Meeting attended by You and any other CRT or CRT Products manufacturer and Documents

18    sufficient to identify individuals from Your company who attended, the dates of attendance, and

19    the subject matters discussed.

20    **RESPONSE TO REQUEST NO. 30 [SIC] REQUEST NO. 35:**

21        Responding Party reasserts and incorporates each of the General Objections and

22    Objections to Definitions and Instructions set forth above.

23        Responding Party objects to this request on the grounds that it is overly broad, unduly

24    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

25    including to the extent that it seeks the discovery of documents regarding Responding Party's

26    sales outside of the United States and unrelated to United States commerce, as such sales are

27    beyond the scope of this litigation and thereby render the Document Requests overly broad,

28    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8         -75-         MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    evidence.

2       Responding Party objects to this request on the grounds that it seeks production of

3    documents protected by the attorney-client privilege, work product doctrine, joint defense or

4    common interest privilege, or by any other applicable doctrine or privilege.

5       Responding Party objects to this request on the grounds it seeks information and/or

6    documents that would disclose confidential information protected by any and all rights of privacy

7    under the United States Constitution or any other applicable law, or that is otherwise prohibited

8    from disclosure because to do so would cause Responding Party to violate legal and/or

9    contractual obligations to any other persons or entities.

10      Responding Party objects to this request on the grounds that, to the extent it seeks

11   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

12   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

13   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

14   action, and not reasonably calculated to lead to the discovery of admissible evidence.

15      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

16   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

17   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

18   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

19   statute of limitations.

20      Responding Party objects to the extent this request seeks documents that are no longer

21   active or readily accessible in electronic form which renders this request overly broad and unduly

22   burdensome.

23      Responding Party objects to the extent this request seeks documents or information that is

24   not within the possession, custody, or control of Responding Party.

25      Responding Party objects to the extent this request seeks documents or information that

26   require discovery of information and materials from third parties or sources that are equally if not

27   more accessible to Plaintiffs.

28      Subject to and without waiving the general and specific objections stated above,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party responds that it will make reasonable efforts to identify documents responsive

2    to this request within the Limitations Period and, if any, will produce non-privileged, responsive

3    documents.

4    **REQUEST NO. 31 [SIC] REQUEST NO. 36:**

5         All studies, analyses, communications, presentations or other Documents that You have

6    submitted to or received from any trade association regarding CRT or CRT Products.

7    **RESPONSE TO REQUEST NO. 31 [SIC] REQUEST NO. 36:**

8         Responding Party reasserts and incorporates each of the General Objections and

9    Objections to Definitions and Instructions set forth above.

10        Responding Party objects to this request on the grounds that it is overly broad, unduly

11   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

12   including to the extent that it seeks the discovery of documents regarding Responding Party's

13   sales outside of the United States and unrelated to United States commerce, as such sales are

14   beyond the scope of this litigation and thereby render the Document Requests overly broad,

15   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

16   evidence.

17        Responding Party objects to this request on the grounds that it seeks production of

18   documents protected by the attorney-client privilege, work product doctrine, joint defense or

19   common interest privilege, or by any other applicable doctrine or privilege.

20        Responding Party objects to this request on the grounds it seeks information and/or

21   documents that would disclose confidential information protected by any and all rights of privacy

22   under the United States Constitution or any other applicable law, or that is otherwise prohibited

23   from disclosure because to do so would cause Responding Party to violate legal and/or

24   contractual obligations to any other persons or entities.

25        Responding Party objects to this request on the grounds that, to the extent it seeks

26   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

27   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

28   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8          -77-                          MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   action, and not reasonably calculated to lead to the discovery of admissible evidence.

2       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

3   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

4   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

5   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

6   statute of limitations.

7       Responding Party objects to the extent this request seeks documents that are no longer

8   active or readily accessible in electronic form which renders this request overly broad and unduly

9   burdensome.

10      Responding Party objects to the extent this request seeks documents or information that is

11  not within the possession, custody, or control of Responding Party.

12      Responding Party objects that the terms "studies" and "analyses" are vague, ambiguous,

13  and unintelligible, rendering this request overly broad and unduly burdensome, not relevant and

14  not reasonably calculated to lead to the discovery of admissible evidence.

15      Responding Party objects to the extent this request seeks documents or information that

16  require discovery of information and materials from third parties or sources that are equally if not

17  more accessible to Plaintiffs.

18      Subject to and without waiving the general and specific objections stated above,

19  Responding Party responds that it will make reasonable efforts to identify documents responsive

20  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

21  documents.

22  **REQUEST NO. 32 [SIC] REQUEST NO. 37:**

23      All statements, announcements, disclosures or press releases issued by You or any of

24  Your competitors relating to CRT or CRT Products.

25  **RESPONSE TO REQUEST NO. 32 [SIC] REQUEST NO. 37:**

26      Responding Party reasserts and incorporates each of the General Objections and

27  Objections to Definitions and Instructions set forth above.

28      Responding Party objects to this request on the grounds that it is overly broad, unduly

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

2   including to the extent that it seeks the discovery of documents regarding Responding Party's

3   sales outside of the United States and unrelated to United States commerce, as such sales are

4   beyond the scope of this litigation and thereby render the Document Requests overly broad,

5   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

6   evidence.

7       Responding Party objects to this request on the grounds that it seeks production of

8   documents protected by the attorney-client privilege, work product doctrine, joint defense or

9   common interest privilege, or by any other applicable doctrine or privilege.

10      Responding Party objects to this request on the grounds it seeks information and/or

11  documents that would disclose confidential information protected by any and all rights of privacy

12  under the United States Constitution or any other applicable law, or that is otherwise prohibited

13  from disclosure because to do so would cause Responding Party to violate legal and/or

14  contractual obligations to any other persons or entities.

15      Responding Party objects to this request on the grounds that, to the extent it seeks

16  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

17  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

18  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

19  action, and not reasonably calculated to lead to the discovery of admissible evidence.

20      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

21  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

22  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

23  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

24  statute of limitations.

25      Responding Party objects that the definition of the terms "You" and "Your" are vague,

26  ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome, not

27  relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

28      Responding Party objects to the extent this request seeks documents that are no longer

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   active or readily accessible in electronic form which renders this request overly broad and unduly

2   burdensome.

3        Responding Party objects to the extent this request seeks documents or information that is

4   not within the possession, custody, or control of Responding Party.  Responding Party objects to

5   the extent this request seeks documents or information that require discovery of information and

6   materials from third parties or sources that are equally if not more accessible to Plaintiffs.

7        Subject to and without waiving the general and specific objections stated above,

8   Responding Party responds that it will make reasonable efforts to identify documents responsive

9   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

10  documents.

11  **REQUEST NO. 33 [SIC] REQUEST NO. 38:**

12       All Documents relating to Your policies or practices directed toward compliance with the

13  United States antitrust laws, including any statements signed by Your Employees with pricing,

14  sales or marketing responsibility for CRT or CRT Products, acknowledging their receipt of and

15  compliance with Your antitrust compliance policy.

16  **RESPONSE TO REQUEST NO. 33 [SIC] REQUEST NO. 38:**

17       Responding Party reasserts and incorporates each of the General Objections and

18  Objections to Definitions and Instructions set forth above.

19       Responding Party objects to this request on the grounds that it is overly broad, unduly

20  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

21  including to the extent that it seeks the discovery of documents regarding Responding Party's

22  sales outside of the United States and unrelated to United States commerce, as such sales are

23  beyond the scope of this litigation and thereby render the Document Requests overly broad,

24  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

25  evidence.

26       Responding Party objects to this request on the grounds that it seeks production of

27  documents protected by the attorney-client privilege, work product doctrine, joint defense or

28  common interest privilege, or by any other applicable doctrine or privilege.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                           -80-                                    MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to this request on the grounds it seeks information and/or

2    documents that would disclose confidential information protected by any and all rights of privacy

3    under the United States Constitution or any other applicable law, or that is otherwise prohibited

4    from disclosure because to do so would cause Responding Party to violate legal and/or

5    contractual obligations to any other persons or entities.

6    Responding Party objects to this request on the grounds that, to the extent it seeks

7    documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

8    ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

9    relevant to the claim or defense of any party, not relevant to the subject matter involved in this

10   action, and not reasonably calculated to lead to the discovery of admissible evidence.

11   Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

12   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

13   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

14   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

15   statute of limitations.

16   Responding Party objects to the extent this request seeks documents that are no longer

17   active or readily accessible in electronic form which renders this request overly broad and unduly

18   burdensome.

19   Responding Party objects to the extent this request seeks documents or information that is

20   not within the possession, custody, or control of Responding Party.

21   Responding Party objects that the phrase "directed toward compliance" is vague,

22   ambiguous, and unintelligible, rendering this request overly broad and unduly burdensome, not

23   relevant and not reasonably calculated to lead to the discovery of admissible evidence.

24   Subject to and without waiving the general and specific objections stated above,

25   Responding Party responds that it will make reasonable efforts to identify documents responsive

26   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

27   documents.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                            -81-                                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1 | **REQUEST NO. 34 [SIC] REQUEST NO. 39:**

2       All Documents relating to, prepared for, submitted to, or received from any foreign

3 governmental or legislative investigative body, including the Canadian Competition Bureau, the

4 European Commission, any agency or representative body of any foreign country, state or other

5 political subdivision, or any law enforcement agency, authority or commission in any foreign

6 country, relating to the production, sale, marketing, pricing or distribution of CRT or CRT

7 Products. This request includes all Documents relating to proffers, transcripts, notes, summaries,

8 testimony, witness statements, or responses to requests for information that You produced to any

9 foreign governmental agency or foreign grand jury, including any Documents produced as part of

10 any plea bargain negotiations or in connection with any application for or grant of amnesty.

11 | **RESPONSE TO REQUEST NO. 34 [SIC] REQUEST NO. 39:**

12       Responding Party reasserts and incorporates each of the General Objections and

13 Objections to Definitions and Instructions set forth above.

14       Responding Party objects to this request on the grounds that it is overly broad, unduly

15 burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

16 including to the extent that it seeks the discovery of documents regarding Responding Party's

17 sales outside of the United States and unrelated to United States commerce, as such sales are

18 beyond the scope of this litigation and thereby render the Document Requests overly broad,

19 unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

20 evidence.

21       Responding Party objects to this request on the grounds that it seeks information in excess

22 of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no

23 discovery shall be conducted in this case (including, without limitation, document requests,

24 interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury

25 proceedings concerning CRTs or CRT products, including any party's or witness's

26 communications with the United States, or with any grand jury investigating CRTs or CRT

27 products, except by the order of the Court upon good cause shown and consistent with governing

28 law." Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to this request on the grounds that it seeks production of

2   documents protected by the attorney-client privilege, work product doctrine, joint defense or

3   common interest privilege, or by any other applicable doctrine or privilege.

4    Responding Party objects to this request on the grounds it seeks information and/or

5   documents that would disclose confidential information protected by any and all rights of privacy

6   under the United States Constitution or any other applicable law, or that is otherwise prohibited

7   from disclosure because to do so would cause Responding Party to violate legal and/or

8   contractual obligations to any other persons or entities.

9    Responding Party objects to this request on the grounds that, to the extent it seeks

10   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

11   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

12   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

13   action, and not reasonably calculated to lead to the discovery of admissible evidence.

14    Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

15   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

16   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

17   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

18   statute of limitations.

19    Responding Party objects to the extent this request seeks documents that are no longer

20   active or readily accessible in electronic form which renders this request overly broad and unduly

21   burdensome.

22    Responding Party objects to this request on the grounds that discovery of documents and

23   information related to foreign antitrust laws are not relevant to the allegations in the Complaint,

24   thus rendering this request overly broad, unduly burdensome, and not reasonably calculated to

25   lead to the discovery of admissible evidence.

26    Subject to and without waiving the objections stated above, Responding Party declines to

27   produce documents that may be responsive to this request.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                                    -83-                                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   **REQUEST NO. 35 [SIC] REQUEST NO. 40:**

2        All Documents relating to proffers, transcripts, notes, summaries, testimony, witness

3   statements, or responses to requests for information that You produced or were seized by any

4   foreign governmental agency in Italy, Canada, the European Union, India, Hong Kong, Hungary,

5   Thailand, Malaysia, Korea, Japan, Singapore, China or Taiwan.

6   **RESPONSE TO REQUEST NO. 35 [SIC] REQUEST NO. 40:**

7        Responding Party reasserts and incorporates each of the General Objections and

8   Objections to Definitions and Instructions set forth above.

9        Responding Party objects to this request on the grounds that it is overly broad, unduly

10   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

11   including to the extent that it seeks the discovery of documents regarding Responding Party's

12   sales outside of the United States and unrelated to United States commerce, as such sales are

13   beyond the scope of this litigation and thereby render the Document Requests overly broad,

14   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

15   evidence.

16        Responding Party objects to this request on the grounds that it seeks information in excess

17   of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no

18   discovery shall be conducted in this case (including, without limitation, document requests,

19   interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury

20   proceedings concerning CRTs or CRT products, including any party's or witness's

21   communications with the United States, or with any grand jury investigating CRTs or CRT

22   products, except by the order of the Court upon good cause shown and consistent with governing

23   law." Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

24        Responding Party objects to this request on the grounds that it seeks production of

25   documents protected by the attorney-client privilege, work product doctrine, joint defense or

26   common interest privilege, or by any other applicable doctrine or privilege.

27        Responding Party objects to this request on the grounds it seeks information and/or

28   documents that would disclose confidential information protected by any and all rights of privacy

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                    -84-                                        MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   under the United States Constitution or any other applicable law, or that is otherwise prohibited

2   from disclosure because to do so would cause Responding Party to violate legal and/or

3   contractual obligations to any other persons or entities.

4        Responding Party objects to this request on the grounds that, to the extent it seeks

5   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

6   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

7   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

8   action, and not reasonably calculated to lead to the discovery of admissible evidence.

9        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

10  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

11  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

12  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

13  statute of limitations.

14       Responding Party objects to the extent this request seeks documents that are no longer

15  active or readily accessible in electronic form which renders this request overly broad and unduly

16  burdensome.

17       Responding Party objects to this request on the grounds that discovery of documents and

18  information related to foreign antitrust laws are not relevant to the allegations in the Complaint,

19  thus rendering this request overly broad, unduly burdensome, and not reasonably calculated to

20  lead to the discovery of admissible evidence.

21       Subject to and without waiving the objections stated above, Responding Party declines to

22  produce documents that may be responsive to this request.

23  **REQUEST NO. 36 [SIC] REQUEST NO. 41:**

24       Copies of all subpoenas or requests for production of Documents issued by any foreign

25  governmental or legislative investigative body referring or relating to CRT or CRT Products

26  during the relevant period.

27  **RESPONSE TO REQUEST NO. 36 [SIC] REQUEST NO. 41:**

28       Responding Party reasserts and incorporates each of the General Objections and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Objections to Definitions and Instructions set forth above.

2         Responding Party objects to this request on the grounds that it is overly broad, unduly

3    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

4    including to the extent that it seeks the discovery of documents regarding Responding Party's

5    sales outside of the United States and unrelated to United States commerce, as such sales are

6    beyond the scope of this litigation and thereby render the Document Requests overly broad,

7    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

8    evidence.

9         Responding Party objects to this request on the grounds that it seeks information in excess

10   of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no

11   discovery shall be conducted in this case (including, without limitation, document requests,

12   interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury

13   proceedings concerning CRTs or CRT products, including any party's or witness's

14   communications with the United States, or with any grand jury investigating CRTs or CRT

15   products, except by the order of the Court upon good cause shown and consistent with governing

16   law." Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

17        Responding Party objects to this request on the grounds that it seeks production of

18   documents protected by the attorney-client privilege, work product doctrine, joint defense or

19   common interest privilege, or by any other applicable doctrine or privilege.

20        Responding Party objects to this request on the grounds it seeks information and/or

21   documents that would disclose confidential information protected by any and all rights of privacy

22   under the United States Constitution or any other applicable law, or that is otherwise prohibited

23   from disclosure because to do so would cause Responding Party to violate legal and/or

24   contractual obligations to any other persons or entities.

25        Responding Party objects to this request on the grounds that, to the extent it seeks

26   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

27   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

28   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                    -86-                                  MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   action, and not reasonably calculated to lead to the discovery of admissible evidence.

2        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

3   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

4   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

5   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

6   statute of limitations.

7        Responding Party objects to the extent this request seeks documents that are no longer

8   active or readily accessible in electronic form which renders this request overly broad and unduly

9   burdensome.

10        Responding Party objects to this request on the grounds that discovery of documents and

11   information related to foreign antitrust laws are not relevant to the allegations in the Complaint,

12   thus rendering this request overly broad, unduly burdensome, and not reasonably calculated to

13   lead to the discovery of admissible evidence.

14        Subject to and without waiving the objections stated above, Responding Party declines to

15   produce documents that may be responsive to this request.

16   **REQUEST NO. 37 [SIC] REQUEST NO. 42:**

17        All Documents relating to, prepared for, submitted to, or received by You as a result of

18   any investigation or research conducted either internally or by an outside entity with respect to

19   price fixing, price manipulation or manipulation of production or capacity of CRT or CRT

20   Products.

21   **RESPONSE TO REQUEST NO. 37 [SIC] REQUEST NO. 42:**

22        Responding Party reasserts and incorporates each of the General Objections and

23   Objections to Definitions and Instructions set forth above.

24        Responding Party objects to this request on the grounds that it is overly broad, unduly

25   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

26   including to the extent that it seeks the discovery of documents regarding Responding Party's

27   sales outside of the United States and unrelated to United States commerce, as such sales are

28   beyond the scope of this litigation and thereby render the Document Requests overly broad,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

2  evidence.

3        Responding Party objects to this request on the grounds that it seeks information in excess

4  of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no

5  discovery shall be conducted in this case (including, without limitation, document requests,

6  interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury

7  proceedings concerning CRTs or CRT products, including any party's or witness's

8  communications with the United States, or with any grand jury investigating CRTs or CRT

9  products, except by the order of the Court upon good cause shown and consistent with governing

10  law." Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

11        Responding Party objects to this request on the grounds that it seeks production of

12  documents protected by the attorney-client privilege, work product doctrine, joint defense or

13  common interest privilege, or by any other applicable doctrine or privilege.

14        Responding Party objects to this request on the grounds it seeks information and/or

15  documents that would disclose confidential information protected by any and all rights of privacy

16  under the United States Constitution or any other applicable law, or that is otherwise prohibited

17  from disclosure because to do so would cause Responding Party to violate legal and/or

18  contractual obligations to any other persons or entities.

19        Responding Party objects to this request on the grounds that, to the extent it seeks

20  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

21  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

22  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

23  action, and not reasonably calculated to lead to the discovery of admissible evidence.

24        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

25  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

26  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

27  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

28  statute of limitations.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                    -88-                                MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to the extent this request seeks documents that are no longer

2    active or readily accessible in electronic form which renders this request overly broad and unduly

3    burdensome.

4    Responding Party objects to this request on the grounds that discovery of documents and

5    information related to foreign antitrust laws are not relevant to the allegations in the Complaint,

6    thus rendering this request overly broad, unduly burdensome, and not reasonably calculated to

7    lead to the discovery of admissible evidence.

8    Subject to and without waiving the objections stated above, Responding Party declines to

9    produce documents that may be responsive to this request.

10   **REQUEST NO. 38 [SIC] REQUEST NO. 43:**

11   All Documents relating to the termination, retirement, discipline, discharge or suspension

12   of any director, officer, or Employee who had any responsibility relating to the production,

13   manufacture, distribution, marketing, pricing or sale of CRT or CRT Products.

14   **RESPONSE TO REQUEST NO. 38 [SIC] REQUEST NO. 43:**

15   Responding Party reasserts and incorporates each of the General Objections and

16   Objections to Definitions and Instructions set forth above.

17   Responding Party objects to this request on the grounds that it is overly broad, unduly

18   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

19   including to the extent that it seeks the discovery of documents regarding Responding Party's

20   sales outside of the United States and unrelated to United States commerce, as such sales are

21   beyond the scope of this litigation and thereby render the Document Requests overly broad,

22   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

23   evidence.

24   Responding Party objects to this request on the grounds that it seeks production of

25   documents protected by the attorney-client privilege, work product doctrine, joint defense or

26   common interest privilege, or by any other applicable doctrine or privilege.

27   Responding Party objects to this request on the grounds it seeks information and/or

28   documents that would disclose confidential information protected by any and all rights of privacy

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8    -89-    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    under the United States Constitution or any other applicable law, or that is otherwise prohibited

2    from disclosure because to do so would cause Responding Party to violate legal and/or

3    contractual obligations to any other persons or entities.

4         Responding Party objects to this request on the grounds that, to the extent it seeks

5    documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

6    ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

7    relevant to the claim or defense of any party, not relevant to the subject matter involved in this

8    action, and not reasonably calculated to lead to the discovery of admissible evidence.

9         Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

10   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

11   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

12   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

13   statute of limitations.

14        Responding Party objects to the extent this request seeks documents that are no longer

15   active or readily accessible in electronic form which renders this request overly broad and unduly

16   burdensome.

17        Responding Party objects on the grounds that, to the extent this request seeks documents

18   not related to the allegations in the Complaint, this request is overly broad and unduly

19   burdensome, and purports to call for information that is not relevant to the claim or defense of

20   any party, not relevant to the subject matter involved in this action, and not reasonably calculated

21   to lead to the discovery of admissible evidence.

22        Responding Party objects to this request on the grounds that it seeks information in excess

23   of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no

24   discovery shall be conducted in this case (including, without limitation, document requests,

25   interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury

26   proceedings concerning CRTs or CRT products, including any party's or witness's

27   communications with the United States, or with any grand jury investigating CRTs or CRT

28   products, except by the order of the Court upon good cause shown and consistent with governing

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                          -90-                                MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  law." Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

2     Subject to and without waiving the objections stated above, Responding Party declines to

3  produce documents that may be responsive to this request.

4  **REQUEST NO. 39 [SIC] REQUEST NO. 44:**

5     All Documents referring to or relating to plaintiffs in this litigation.

6  **RESPONSE TO REQUEST NO. 39 [SIC] REQUEST NO. 44:**

7     Responding Party reasserts and incorporates each of the General Objections and

8  Objections to Definitions and Instructions set forth above.

9     Responding Party objects to this request on the grounds that it is overly broad, unduly

10  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

11  including to the extent that it seeks the discovery of documents regarding Responding Party's

12  sales outside of the United States and unrelated to United States commerce, as such sales are

13  beyond the scope of this litigation and thereby render the Document Requests overly broad,

14  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

15  evidence.

16     Responding Party objects to this request on the grounds that it seeks production of

17  documents protected by the attorney-client privilege, work product doctrine, joint defense or

18  common interest privilege, or by any other applicable doctrine or privilege.

19     Responding Party objects to this request on the grounds it seeks information and/or

20  documents that would disclose confidential information protected by any and all rights of privacy

21  under the United States Constitution or any other applicable law, or that is otherwise prohibited

22  from disclosure because to do so would cause Responding Party to violate legal and/or

23  contractual obligations to any other persons or entities.

24     Responding Party objects to this request on the grounds that, to the extent it seeks

25  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

26  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

27  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

28  action, and not reasonably calculated to lead to the discovery of admissible evidence.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

2    and not relevant, rendering the request not reasonably calculated to lead to the discovery of

3    admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

4    class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

5    statute of limitations.

6        Responding Party objects to the extent this request seeks documents or information that is

7    not within the possession, custody, or control of Responding Party.

8        Responding Party objects to the extent this request seeks documents or information that

9    require discovery of information and materials from third parties or sources that are equally if not

10   more accessible to Plaintiffs.

11       Subject to and without waiving the objections stated above, Responding Party declines to

12   produce documents that may be responsive to this request.

13   **REQUEST NO. 40 [SIC] REQUEST NO. 45:**

14       All Documents that You claim would have been available to the plaintiffs or any

15   purchaser of CRT or CRT Products prior to November 2007, which should have caused the

16   plaintiffs or any such purchaser to investigate whether there was a conspiracy to fix, raise,

17   maintain or stabilize the prices or to control or restrict sales of CRT or CRT Products in the

18   United States.

19   **RESPONSE TO REQUEST NO. 40 [SIC] REQUEST NO. 45:**

20       Responding Party reasserts and incorporates each of the General Objections and

21   Objections to Definitions and Instructions set forth above.

22       Responding Party objects to this request on the grounds that it is overly broad, unduly

23   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

24   including to the extent that it seeks the discovery of documents regarding Responding Party's

25   sales outside of the United States and unrelated to United States commerce, as such sales are

26   beyond the scope of this litigation and thereby render the Document Requests overly broad,

27   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

28   evidence.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to this request on the grounds that it seeks production of

2    documents protected by the attorney-client privilege, work product doctrine, joint defense or

3    common interest privilege, or by any other applicable doctrine or privilege.

4    Responding Party objects to this request on the grounds it seeks information and/or

5    documents that would disclose confidential information protected by any and all rights of privacy

6    under the United States Constitution or any other applicable law, or that is otherwise prohibited

7    from disclosure because to do so would cause Responding Party to violate legal and/or

8    contractual obligations to any other persons or entities.

9    Responding Party objects to this request on the grounds that, to the extent it seeks

10   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

11   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

12   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

13   action, and not reasonably calculated to lead to the discovery of admissible evidence.

14   Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

15   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

16   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

17   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

18   statute of limitations.

19   Responding Party objects to the extent this request seeks documents that are no longer

20   active or readily accessible in electronic form which renders this request overly broad and unduly

21   burdensome.

22   Responding Party objects to the extent this request seeks documents or information that is

23   not within the possession, custody, or control of Responding Party.

24   Responding Party objects to the extent this request seeks documents or information that

25   require discovery of information and materials from third parties or sources that are equally if not

26   more accessible to Plaintiffs.

27   Responding Party objects to this request as inappropriately propounded as a document

28   request, as it seeks information more easily obtainable through other means and/or as to which

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   Plaintiffs bear the burden of proof.

2          Responding Party objects to the extent this request is argumentative and assumes facts not

3   in evidence.

4          Subject to and without waiving the objections stated above, Responding Party declines to

5   produce documents that may be responsive to this request.

6

7   Dated: May 12, 2010                           MORGAN, LEWIS & BOCKIUS LLP

8                                                 By _____
9                                                     Diane L. Webb
10                                                    Attorneys for Defendant
                                                      HITACHI, LTD.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DB2/21606649.8                              -94-                              MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS