# EXHIBIT 3

1　MORGAN, LEWIS & BOCKIUS LLP
　　KENT M. ROGER, State Bar No. 095987
2　DIANE L. WEBB, State Bar No. 197851
　　MICHELLE PARK CHIU, State Bar No. 248421
3　One Market, Spear Street Tower
　　San Francisco, CA  94105-1126
4　Tel:  415.442.1000
　　Fax:  415.442.1001
5　E-mail:  kroger@morganlewis.com
　　　　　　dwebb@morganlewis.com
6　　　　　　mchiu@morganlewis.com

7　Attorneys for Defendant
　　HITACHI, LTD.

8

9　　　　　　　UNITED STATES DISTRICT COURT

10　　　　　NORTHERN DISTRICT OF CALIFORNIA

11　　　　　　　SAN FRANCISCO DIVISION

12　IN RE CATHODE RAY TUBE (CRT)　　　Case No. C07-5944 SC
　　ANTITRUST LITIGATION
13　　　　　　　　　　　　　　　　　　　　　**MDL NO. 1917**

14　　　　　　　　　　　　　　　　　　　　　Judge: Hon. Samuel Conti

15　　　　　　　　　　　　　　　　　　　　　Special Master: Hon. Charles A. Legge (Ret.)

16
　　This Document Relates To:　　　　　　　**DEFENDANT HITACHI, LTD.'S**
17　　　　　　　　　　　　　　　　　　　　　**RESPONSES TO DIRECT**
　　DIRECT PURCHASER ACTION　　　　　　**PURCHASER PLAINTIFFS' FIRST**
18　　　　　　　　　　　　　　　　　　　　　**SET OF INTERROGATORIES**

19

20　PROPOUNDING PARTY:　　　　DIRECT PURCHASER PLAINTIFFS

21　RESPONDING PARTY:　　　　　HITACHI, LTD.

22　SET NUMBER:　　　　　　　　ONE (Nos. 1-16)

23　　　　　Pursuant to Federal Rule of Civil Procedure 33, defendant Hitachi, Ltd. ("Responding

24　Party") hereby timely objects and responds ("Responses") to Direct Purchaser Plaintiffs'

25　("Plaintiffs" or "Requesting Party") First Set of Interrogatories to Defendants, served on March

26　12, 2010 ("Interrogatories"), as follows:

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5　　　　　　　　　　　　　1　　　　　　　　　　　　　　　MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

# **GENERAL OBJECTIONS**

1.     Responding Party's responses are based upon information and writings available to and located by Responding Party as of the date of service of these Responses. Responding Party has not completed its investigation of the facts relating to the Interrogatories, and all of the information supplied and documents and things produced are based only on such information and documents that are reasonably available and specifically known to Responding Party as of the date of service of its response.

2.     No express, incidental or implied admissions are intended by these Responses. The fact that Responding Party agrees to provide information in response to a particular interrogatory is not intended and shall not be construed as an admission that Responding Party accepts or admits the existence of any such information set forth in or assumed by such interrogatory, or that any such information and/or document constitutes admissible evidence. The fact that Responding Party agrees to provide information in response to a particular interrogatory is not intended and shall not be construed as a waiver by Responding Party of any part of any objection to such interrogatory or any part of any general objection made herein.

3.     Responding Party reserves the right to change, amend, or supplement its objections at a later date. If Plaintiffs assert an interpretation of any aspect of the Interrogatories that is different from that made by Responding Party, Responding Party reserves the right to supplement its objections if such interpretations made by Plaintiffs are held to be applicable.

4.     Responding Party objects to the Interrogatories to the extent they are vague, ambiguous, or contain terms that are insufficiently defined.

5.     Responding Party objects to the Interrogatories as overly broad, unduly burdensome, oppressive and beyond the proper scope of discovery.

6.     Responding Party objects to the Interrogatories to the extent they seek information and/or documents on matters not relevant to the subject matter of this action, not admissible in evidence, and not reasonably calculated to lead to the discovery of admissible evidence.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5

2

MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

7.      Responding Party objects to the Interrogatories to the extent they seek to impose on it discovery obligations inconsistent with, or not authorized under, the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

8.      Responding Party objects to the Interrogatories to the extent they seek to impose on it discovery obligations inconsistent with, or not authorized under, the Local Rules of the United States District Court in and for the Northern District of California (the "Local Rules").

9.      Responding Party objects to the Interrogatories to the extent they seek to impose on it discovery obligations exceeding the scope of the Stipulation and Order to Extend Limited Discovery Stay that the Court entered on January 5, 2010 (the "Stay Order").

10.     Responding Party objects to the Interrogatories to the extent they seek information and/or documents that are beyond the scope of the Sherman Antitrust Act, 15 U.S.C. § 1.

11.     Responding Party objects to the Interrogatories to the extent they fail to describe the information and/or documents sought with a reasonable degree of specificity.

12.     Responding Party shall attempt to construe the terms and phrases used by Plaintiffs in a way to give those terms and phrases a meaning which will result in the production of relevant information designed to lead to the discovery of admissible evidence.

13.     Responding Party objects to the Interrogatories to the extent they seek the discovery of information and/or documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce.  Such sales are beyond the scope of this litigation and thereby render the Interrogatories overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

14.     Responding Party objects to the Interrogatories to the extent they seek information the disclosure of which is prohibited by a law, regulation, or order of a court or other authority of a foreign jurisdiction in which the information is located.

15.     Responding Party objects to the Interrogatories to the extent they seek information that is no longer active or readily accessible on Responding Party's database but might exist in electronic archives or back-up files.  Responding Party will not rebuild these electronic archives and back-up files in order to search for information that may be responsive to the Interrogatories.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5                                           3                                          MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1    Based on the dates of the information sought, a portion of Responding Party's potential

2    responsive information will likely not be on active databases.

3       16.    Responding Party objects to the Interrogatories to the extent they seek to impose

4    on Responding Party an obligation to investigate or discover information or materials from third

5    parties or sources who or that are equally accessible to Plaintiffs.

6       17.    Responding Party objects to the Interrogatories to the extent they contain

7    duplicative requests, in whole or in part.  To the extent responsive information has previously

8    been produced, it will not be produced again.

9       18.    Responding Party objects to the Interrogatories to the extent that they purport to

10   call for Responding Party to engage in an investigation or to obtain information and/or documents

11   not in its personal possession, custody or control.  In addition, Responding Party objects to the

12   extent the Interrogatories require Responding Party to respond and/or produce information and/or

13   documents on behalf of any person or entity other than itself.

14      19.    Responding Party objects to the Interrogatories to the extent that they seek

15   documents that are in the public record or which are equally accessible to the Plaintiffs as to

16   Responding Party.

17      20.    Responding Party objects to the Interrogatories to the extent that they attempt

18   and/or purport to call for production of any information and/or documents that are privileged,

19   including, but not limited to, information, documents and materials that were prepared in

20   anticipation of litigation, ADR, or for trial, that reveal communications between Responding

21   Party and its legal counsel, and/or that otherwise constitute attorney-work product, joint defense

22   or common interest privilege, or by any other applicable doctrine or privilege, or that are

23   otherwise privileged or immune from discovery.  Inadvertent testimony, production, or disclosure

24   of any such information and/or document is not intended to and shall not constitute a waiver of

25   any privilege or any other ground for objecting to discovery with respect to such testimony,

26   information, and/or document, or with respect to the subject matter thereof.  Nor shall such

27   inadvertent production or disclosure waive Responding Party's right to object to the use of any

28   such testimony, information, and/or document during this action or in any other or subsequent

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5                                    4                                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1 | proceeding.  Hence, Responding Party objects to each interrogatory to the extent each seeks

2 | testimony, information, and/or documents that are protected by the attorney-client privilege

3 | and/or the attorney work product doctrine.

4 |      21.     No response herein should be deemed or construed as a representation that

5 | Responding Party agrees with or acquiesces in the characterization of any fact, assumption or

6 | conclusion of law contained in or implied by the Interrogatories.

7 |      22.     Responding Party objects to the Interrogatories to the extent they seek information

8 | and/or documents that would disclose proprietary information, trade secrets or other confidential

9 | research, development, or other confidential information, protected by the Uniform Trade Secrets

10 | Act, among others, any and all rights of privacy under the United States Constitution or Article I

11 | of the Constitution of the State of California, or any other applicable law or state constitution, or

12 | that is otherwise prohibited from disclosure because to do so would cause Responding Party to

13 | violate legal and/or contractual obligations to any other persons or entities.  Where applicable,

14 | Responding Party's Responses to the Interrogatories are subject to the provisions of the Stipulated

15 | Protective Order that the Court entered on June 18, 2008 (the "Protective Order").  Responding

16 | Party's Responses are hereby designated "Confidential" in accordance with the provisions of the

17 | Protective Order.

18 |      23.     By representing that it will or will not produce information and/or documents,

19 | Responding Party does not represent that such information and/or documents exist.

20 |      24.     Responding Party objects to the Interrogatories to the extent they are compound

21 | and/or contain discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1).

22 |      25.     Subject to and without waving any of the foregoing objections, each of which is

23 | expressly incorporated into each individual response below as if fully stated therein, Responding

24 | Party expressly reserves the following rights:

25 |           a.     Any and all testimony and information provided and/or documents

26 | produced by Responding Party in response to the Interrogatories are and will remain subject to all

27 | objections as to relevance, materiality, propriety, and admissibility, as well as to any and all other

28 | objections on any grounds that would require the exclusion of the testimony, information, and/or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5                 5                 MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1   document or any portion thereof if such testimony, information, and/or document was offered in

2   evidence, all of which objections and grounds are hereby expressly reserved and may be

3   interposed at the time of any written discovery, deposition, or at or before any hearing, arbitration

4   or trial in this matter;

5            b.       The right to object on any ground whatsoever at any time to any demand

6   for further responses to the Interrogatories or any other discovery procedures involving or relating

7   to the subject matter of the Interrogatories; and

8            c.       The right to supplement the information produced, or otherwise to

9   supplement, revise or explain the information contained therein in light of information gathered

10  through further investigation and discovery.

11                       **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

12  **DEFINITION NO. 1:**

13       The term "Defendant" means defendants named in the Direct Purchaser Plaintiffs'

14  Consolidated Amended Complaint and their present or former employees, officers, directors,

15  agents, predecessors, successors, parents, subsidiaries, affiliates, joint ventures, or any other

16  person acting on their behalf.

17  **OBJECTION TO DEFINITION NO. 1:**

18       Responding Party objects to the defined term "Defendant" on the grounds that, as defined,

19  it is vague and ambiguous and renders any interrogatory into which it is incorporated not

20  reasonably particular, in violation of Federal Rule of Civil Procedure 34(b)(1)(A), overly broad

21  and unduly burdensome, as it includes entities and/or persons not controlled by Responding Party

22  and not relevant to the subject matter involved in this action, and, in addition, improperly purports

23  to seek information from distinct corporate entities and/or persons not parties to this action and

24  not controlled by Responding Party.

25       Responding Party further objects to the term "Defendant" on the grounds that the

26  incorporation of any or all of the terms "agents," "predecessors," "successors," "parents,"

27  "subsidiaries," "affiliates," "joint ventures," and "present or former employees, officers, directors,

28  agents, predecessors, successors, parents, subsidiaries, affiliates, joint ventures, or any other

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5                                    6                                    MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1   person acting on their behalf" into the definition renders each interrogatory incorporating the

2   defined term overly broad and unduly burdensome, as it calls for information not relevant to the

3   claim or defense of any party, not relevant to the subject matter involved in this action, and is not

4   reasonably calculated to lead to the discovery of admissible evidence and, in addition, improperly

5   purports to seek information from distinct corporate entities and/or persons not parties to this

6   action and not controlled by Responding Party.

7        Responding Party objects to this definition to the extent it seeks information protected by

8   the attorney-client privilege or work product doctrine.

9        Responding Party will respond on behalf of Hitachi, Ltd. only.

10  **DEFINITION NO. 2:**

11       The term "Person" or "Persons" is defined to mean any natural person, corporation, or

12  partnership, proprietorship, joint venture, or any business, legal, or government entity,

13  organization, or association.

14  **OBJECTION TO DEFINITION NO. 2:**

15       Responding Party objects to the defined terms "Person," and "Persons" on the grounds

16  that, as defined, they are vague and ambiguous and render any interrogatory into which they are

17  incorporated not reasonably particular, in violation of Federal Rule of Civil Procedure

18  34(b)(1)(A), overly broad and unduly burdensome, as they include entities and/or persons not

19  controlled by Responding Party and not relevant to the subject matter involved in this action, and,

20  in addition, improperly purport to seek information from distinct corporate entities and/or persons

21  not parties to this action and not controlled by Responding Party.

22       Responding Party further objects to the terms "Person," and "Persons" on the grounds that

23  the incorporation of any or all of the terms "natural person," "corporation," "partnership,"

24  "proprietorship," "joint venture," "business, legal, or government entity," "organization," or

25  "association" into the definition renders each interrogatory incorporating the defined term overly

26  broad and unduly burdensome, as it calls for information not relevant to the claim or defense of

27  any party, not relevant to the subject matter involved in this action, and is not reasonably

28  calculated to lead to the discovery of admissible evidence and, in addition, improperly purports to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1    seek information from distinct corporate entities and/or persons not parties to the case and not

2    controlled by Responding Party.

3         Responding Party will respond on behalf of Hitachi, Ltd. only.

4    **DEFINITION NO. 3:**

5         The terms "You, "Your," and "Yourself" means defendant as defined herein.

6    **OBJECTION TO DEFINITION NO. 3:**

7         Responding Party objects to the defined terms, "You," "Your," and "Yourself" on the

8    grounds that, as defined, they are vague and ambiguous and render any interrogatory into which

9    any of the terms are incorporated not reasonably particular, in violation of Federal Rule of Civil

10   Procedure 34(b)(1)(A), are overly broad and unduly burdensome, as they include persons not

11   controlled by Responding Party and not relevant to the subject matter involved in this action, and,

12   in addition, improperly purport to seek information from distinct corporate entities and/or persons

13   not parties to this action and not controlled by Responding Party.

14        Responding Party further objects to the terms, "You," "Your," and "Yourself" on the

15   grounds that the incorporation of the defined term "defendant" into the definitions renders each

16   interrogatory incorporating any of the defined terms overly broad and unduly burdensome, as

17   they call for information not relevant to the claim or defense of any party, not relevant to the

18   subject matter involved in this action, are not reasonably calculated to lead to the discovery of

19   admissible evidence and, in addition, improperly purport to seek information from distinct

20   corporate entities and/or persons not parties to this action and not controlled by Responding Party.

21        Responding Party objects to this definition to the extent it seeks information protected by

22   the attorney-client privilege or work product doctrine.

23        Responding Party will respond on behalf of Hitachi, Ltd. only.

24   **DEFINITION NO. 4:**

25        The term "Document" includes all documents and electronically stored information as

26   defined in Federal Rule of Civil Procedure 34(a).  A draft or non-identical copy is a separate

27   document within the meaning of this term.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5                                    8                                    MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

**OBJECTION TO DEFINITION NO. 4:**

Responding Party objects to this definition to the extent that it seeks to expand the scope of Rule 34 of the Federal Rules of Civil Procedure.

Responding Party also objects to this definition as overly broad to the extent it seeks information and/or documents that are not relevant to the subject matter of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome to search for and produce.

**DEFINITION NO. 5:**

The term "Employee" means any individual currently in the employ of, or at any time employed by, or acting as the agent of a defendant as defined herein.

**OBJECTION TO DEFINITION NO. 5:**

Responding Party objects to this definition on the grounds that, as defined, it is vague and ambiguous and renders any interrogatory into which it is incorporated not reasonably particular, in violation of Federal Rule of Civil Procedure 34(b)(1)(A), is overly broad and unduly burdensome, as it includes entities and/or persons not controlled by Responding Party and not relevant to the subject matter involved in this action, and, in addition, improperly purports to seek information from distinct corporate entities and persons not parties to the case and not controlled by Responding Party.

Responding Party further objects to the term "employee" on the grounds that the incorporation of the defined term "defendant" into the definition renders each interrogatory incorporating the defined term "employee" overly broad and unduly burdensome, as it calls for information not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, is not reasonably calculated to lead to the discovery of admissible evidence and, in addition, improperly purports to seek information from distinct corporate entities and persons not parties to the case and not controlled by Responding Party.

Responding Party objects to the phrase "acting as the agent of a defendant as defined herein" on the grounds it calls for a legal conclusion and to the extent it seeks information beyond Responding Party's possession, custody, or control.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5                                   9                                   MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1    Responding Party objects to this definition to the extent it seeks information protected by

2    the attorney-client privilege or work product doctrine.

3    Responding Party will respond on behalf of Hitachi, Ltd. only.

4    **DEFINITION NO. 6:**

5    The term "CRT" means cathode ray tube(s) and "CRT Products" means products

6    containing cathode ray tubes.

7    **OBJECTION TO DEFINITION NO. 6:**

8    Responding Party objects to the defined term "CRT Products" on the grounds that as

9    defined, it is vague and ambiguous.

10   Responding Party further objects to the defined term "CRT Products," as distinguished

11   from "CRT," on the grounds that, to the extent the term is given a broad interpretation, any

12   interrogatory incorporating this term is overbroad and unduly burdensome, and purports to call

13   for information that is not relevant to the claim or defense of any party, not relevant to the subject

14   matter involved in this action, and is not reasonably calculated to lead to the discovery of

15   admissible evidence.  Moreover, any discovery as to "CRT Products" that is not reasonably

16   related to Plaintiffs' claims with respect to an alleged conspiracy involving CRTs is premature

17   and overly burdensome until such time as Plaintiffs establish a reasonable basis for their claims

18   regarding "CRT Products" to justify the enormous burden that Plaintiffs seek to impose on

19   Responding Party by pursuing discovery as to all such products.

20   To the extent Responding Party's Responses include information outside the defined term

21   "CRT Product," such Responses shall not be deemed to waive this objection.

22   **DEFINITION NO. 7:**

23   Unless otherwise noted, the "Relevant Time Period" means the period from January 1,

24   1995 through the present.

25   **OBJECTION TO DEFINITION NO. 7:**

26   Responding Party objects to the defined term, "Relevant Time Period," on the grounds

27   that it is overbroad and seeks information beyond the putative class period, which begins on

28   March 1, 1995 and ends on November 25, 2007 (Direct Purchasers' Consolidated Amended

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5                                    10

MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1  Complaint ¶ 1), and beyond the statute of limitations.  Judge Conti has directed the parties to

2  Judge Legge to develop procedures for the early resolution of statute of limitations issues and to

3  reduce the burden in connection therewith.  Responding Party believes it is premature for it to

4  have to respond to the Interrogatories from prior to the statute of limitations period until Judge

5  Legge considers this issue and determines the proper scope of that burden.  For purposes of

6  responding to these Interrogatories, Responding Party will interpret "Relevant Time Period" to

7  mean November 16, 2003 through November 25, 2007 (the "Limitations Period").

8  **DEFINITION NO. 8:**

9      The term "Communication" means without limitation, oral or written communications of

10  any kind, such as electronic communications, e-mails, facsimiles, telephone communications,

11  correspondence, exchange of written or recorded information, or face-to-face meetings.  The

12  phrase "communication between" is defined to include instances where one party addresses the

13  other party but the other party does not necessarily respond.

14  **OBJECTION TO DEFINITION NO. 8:**

15      Responding Party objects to this definition to the extent it attempts to impose obligations

16  on Responding Party and/or seeks information and/or documents beyond those required to be

17  produced pursuant to the Federal Rules of Civil Procedure.

18  **DEFINITION NO. 9:**

19      The term "Date" means the exact day, month and year, if ascertainable, or the best

20  available approximation, including any relationship to other known events (designate whether

21  exact or approximate).

22  **OBJECTION TO DEFINITION NO. 9:**

23      Responding Party objects to this definition to the extent it attempts to impose obligations

24  on Responding Party and/or seeks information and/or documents beyond those required to be

25  produced pursuant to the Federal Rules of Civil Procedure.

26      Responding Party objects to the phrase "including any relationship to other known events

27  (designate whether exact or approximate)" on the grounds that it renders the Interrogatories

28  vague, ambiguous, overbroad, unduly burdensome, and purports to call for information that is not

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5                                    11                                    MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

2  action, and is not reasonably calculated to lead to the discovery of admissible evidence.

3       Responding Party objects to the phrase "including any relationship to other known events

4  (designate whether exact or approximate)" to the extent it renders any interrogatory compound.

5  **DEFINITION NO. 10:**

6       The term "Meeting" means, without limitation, any assembly, convocation, encounter, or

7  contemporaneous presence of two or more persons for any purpose, whether planned or arranged,

8  scheduled or not.

9  **OBJECTION TO DEFINITION NO. 10:**

10       Responding Party objects to this definition to the extent it attempts to impose obligations

11  on Responding Party and/or seeks information and/or documents beyond those required to be

12  produced pursuant to the Federal Rules of Civil Procedure.

13  **INSTRUCTION NO. 1:**

14       When asked to identify a natural person, state the person's name, employer, position dates

15  of employment/tenure, and home address for all times during the Relevant Time Period.  If any of

16  such information has changed during the relevant time period, specify the time period to which

17  the information provided in your answer pertains.

18  **OBJECTION TO INSTRUCTION NO. 1:**

19       Responding Party objects to this Instruction to the extent that it purports to impose

20  burdens or obligations broader than, inconsistent with, or not authorized under the Federal Rules

21  of Civil Procedure, including, without limiting the generality of the foregoing, Rule 26(b)(5)(A)

22  and Rule 26(e)(1).

23       Responding Party objects to this Instruction to the extent that it purports to impose

24  burdens or obligations broader than, inconsistent with, or not authorized under, the Local Rules

25  and/or the Stay Order.

26       Responding Party objects to this Instruction on the grounds that it is vague and

27  ambiguous, and purports to require the production of documents and information protected by the

28  attorney-client privilege, work product doctrine or other applicable privilege.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1    Responding Party objects to this Instruction on the grounds that it is overly broad and

2    unduly burdensome and inconsistent with common usage.

3    Responding Party objects to this Instruction to the extent it seeks information that would

4    disclose personal confidential information and/or violate any and all rights of privacy under the

5    United States Constitution or Article I of the Constitution of the State of California, or any other

6    applicable law or state constitution, or that is otherwise prohibited from disclosure because to do

7    so would cause Responding Party to violate legal and/or contractual obligations to any other

8    persons or entities.

9    Responding Party objects to this Instruction to the extent it seeks home addresses.

10   **INSTRUCTION NO. 2:**

11   When asked to identify any entity other than a natural person, state the name and address

12   of the principal office or headquarters.  If any of the information has changed during the Relevant

13   Time Period, specify the time period to which the information provided in your answer pertains.

14   **OBJECTION TO INSTRUCTION NO. 2:**

15   Responding Party objects to this Instruction to the extent that it purports to impose

16   burdens or obligations broader than, inconsistent with, or not authorized under the Federal Rules

17   of Civil Procedure, including, without limiting the generality of the foregoing, Rule 26(b)(5)(A)

18   and Rule 26(e)(1).

19   Responding Party objects to this Instruction to the extent that it purports to impose

20   burdens or obligations broader than, inconsistent with, or not authorized under, the Local Rules

21   and/or the Stay Order.

22   Responding Party also objects to this Instruction on the grounds that it is overly broad and

23   unduly burdensome and inconsistent with common usage.

24   **INSTRUCTION NO. 3:**

25   If the responding party elects to produce business records in response to an interrogatory

26   pursuant to Federal Rule of Civil Procedure 33(d), the responding party shall produce the records

27   as they are kept in the usual course of business or shall organize and label them to corresponding

28   with the interrogatory.  If the document is being produced in its native electronic format (allowing

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5

13

MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1  the document to retain its metadata), identify the document using its hash or other appropriate

2  electronic identification and identify to the interrogatories to which the document is responsive.

3  If the document is not being produced in electronic form, identify the document using the

4  applicable bates numbers or specifically identify the type of document being produced (e.g.,

5  letter, memorandum, telegram, contract, invoice, etc.), its date and author(s), its custodian, and

6  every person to whom such document or any copy thereof was given or sent.  For all documents

7  produced pursuant to Rule 33(d), identify the name of the employee, officer, or agent certifying

8  the documents as business records.

9  **OBJECTION TO INSTRUCTION NO. 3:**

10       Responding Party objects to this Instruction on the grounds that it is unduly burdensome

11  and purports to impose burdens and obligations upon Responding Party beyond those required by

12  the Federal Rules of Civil Procedure.

13       Responding Party objects to this Instruction to the extent it seeks documents and

14  information that would disclose Responding Party's or a third party's respective trade secrets or

15  other confidential research, development, or confidential information protected by the Uniform

16  Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

17  One of the Constitution of the State of California, or any other applicable state constitution or

18  law, including any copyright or license, or which is otherwise prohibited from disclosure because

19  to do so would cause Responding Party to violate legal or contractual obligations to any other

20  persons or entities.  Where it may be appropriate to do so and with adequate protections and

21  limitations, Responding Party expressly reserves the right to provide such information and/or

22  documents only pursuant to the Protective Order in this action.

23              **SPECIFIC RESPONSES TO INTERROGATORIES**

24  **INTERROGATORY NO. 1**

25       State the name, address, and relationship to You of each person who prepared or assisted

26  in the preparation of the responses to these interrogatories.  (Do not identify anyone who simply

27  typed or reproduced the responses.)

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5                                14                                MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

## RESPONSE TO INTERROGATORY NO. 1

Responding Party reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.

Responding Party objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Subject to and without waiving the objections stated above, Responding Party identifies the following individual(s) who may be contacted through the undersigned counsel for Responding Party.

| Name | Location | Relationship to Hitachi, Ltd. |
|---|---|---|
| Tetsuro Yokoo | 6-6, Marunouchi 1-chome Chiyoda-ku, Tokyo, Japan | Senior Legal Manager, Business Strategy and Development Department Consumer Business Division Hitachi, Ltd. |

## INTERROGATORY NO. 2

Identify each current and former employee who has or had any managerial responsibility for recommending, reviewing, setting or approving prices, bids, quotes, or rebates for Your CRT and/or CRT Products during the Relevant Time Period. For each person identified, include his or her name, address, title, location, the division or unit of the company where he or she worked, and a description of his or her responsibilities throughout the Relevant Time Period.

## RESPONSE TO INTERROGATORY NO. 2

Responding Party reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.

Responding Party objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5          15          MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1  Responding Party objects to this interrogatory on the grounds that it is overly broad,

2  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

3  evidence.  For example, to the extent this interrogatory seeks the discovery of information and/or

4  documents regarding Responding Party's sales outside of the United States and unrelated to

5  United States commerce, such sales are beyond the scope of this action.

6  Responding Party objects on the grounds that the phrase "recommending, reviewing,

7  setting or approving prices, bids, quotes, or rebates for Your CRT and/or CRT Products during

8  the Relevant Time Period" is overly broad, unduly burdensome, and seeks information that is not

9  relevant, rendering the interrogatory not reasonably calculated to lead to the discovery of

10  admissible evidence.  The Direct Purchaser Plaintiffs' Consolidated Amended Complaint does

11  not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims

12  prior to November 26, 2003, are barred by the statute of limitations.

13  Responding Party objects to this interrogatory on the grounds that, to the extent it seeks

14  information and/or documents regarding "CRT Products," as distinguished from "CRTs," this

15  interrogatory is vague and ambiguous, overly broad and unduly burdensome, and purports to call

16  for information that is not relevant to the claim or defense of any party, not relevant to the subject

17  matter involved in this action, and is not reasonably calculated to lead to the discovery of

18  admissible evidence.

19  Responding Party further objects to this interrogatory on the grounds that it seeks the

20  discovery of information unrelated to United States commerce and seeks information that is

21  beyond the scope of the Sherman Antitrust Act, 15 U.S.C. § 1.

22  Responding Party objects to the extent this interrogatory seeks information that is no

23  longer active or readily accessible in electronic form which renders this interrogatory overly

24  broad and unduly burdensome.

25  Responding Party objects to the extent this interrogatory seeks information and/or

26  documents that would disclose proprietary information, trade secrets or other confidential

27  research, development, or other confidential information protected by the Uniform Trade Secrets

28  Act, among others, including those of third parties, any and all rights of privacy under the United

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5                                    16                                              MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1    States Constitution or Article I of the Constitution of the State of California, or any other

2    applicable law or state constitution, or that is otherwise prohibited from disclosure because to do

3    so would cause Responding Party to violate legal and/or contractual obligations to any other

4    persons or entities.  Where applicable, Responding Party will only respond subject to the

5    provisions of the Protective Order.

6           Responding Party further objects that the terms "managerial responsibility" and

7    "reviewing" are vague, ambiguous, and unintelligible.

8           Subject to and without waiving the general and specific objections stated above,

9    Responding Party responds that it will identify documents, if any, reflecting non-privileged

10   information responsive to this interrogatory within the Limitations Period.  Responding Party will

11   identify documents responsive to this interrogatory, if any, with the specificity required by law at

12   the time they are produced.

13   **INTERROGATORY NO. 3**

14          Identify each employee with pricing authority who attended any trade association during

15   the Relevant Time Period relating to CRT and/or CRT Products and state with respect to each

16   employee:

17          (a)      the trade association attended;

18          (b)      the dates of attendance;

19          (c)      any offices, chairs or committee positions held in each of the trade associations;

20   and

21          (d)      the dates which those offices, chairs or committee positions were held.

22   **RESPONSE TO INTERROGATORY NO. 3**

23          Responding Party reasserts and incorporates each of the General Objections and

24   Objections to the Definitions and Instructions set forth above.

25          Responding Party objects to this interrogatory on the grounds that it seeks information

26   protected by the attorney-client privilege, work product doctrine, joint defense or common

27   interest privilege, or by any other applicable doctrine or privilege.

28          Responding Party objects to this interrogatory on the grounds that it is overly broad,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5                                    17                                            MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

2  evidence.  For example, to the extent this interrogatory seeks the discovery of information and/or

3  documents regarding Responding Party's sales outside of the United States and unrelated to

4  United States commerce, such sales are beyond the scope of this action.  And, not [every]

5  "employee with pricing authority who attended any trade association during the Relevant Time

6  Period relating to CRT and/or CRT Products[]" is at issue in this action.

7      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

8  and not relevant, rendering the interrogatory not reasonably calculated to lead to the discovery of

9  admissible evidence.  The Direct Purchaser Plaintiffs' Consolidated Amended Complaint does

10 not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims

11 prior to November 26, 2003, are barred by the statute of limitations.

12     Responding Party objects to this interrogatory on the grounds that, to the extent it seeks

13 information and/or documents regarding "CRT Products," as distinguished from "CRTs," this

14 interrogatory is vague and ambiguous, overly broad and unduly burdensome, and purports to call

15 for information that is not relevant to the claim or defense of any party, not relevant to the subject

16 matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

17 evidence.

18     Responding Party objects to this interrogatory on the grounds that it seeks the discovery of

19 information unrelated to United States commerce and seeks information that is beyond the scope

20 of the Sherman Antitrust Act, 15 U.S.C. § 1.

21     Responding Party objects to the extent this interrogatory seeks information that is no

22 longer active or readily accessible in electronic form which renders this interrogatory overly

23 broad and unduly burdensome.

24     Responding Party objects that the terms "pricing authority" and "attended any trade

25 association" are vague, ambiguous, and unintelligible, rendering the interrogatory overly broad

26 and unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of

27 admissible evidence.

28     Subject to and without waiving the general and specific objections stated above,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5                                    18                                    MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

Responding Party responds that it will identify documents, if any, reflecting non-privileged information responsive to this interrogatory within the Limitations Period. Responding Party will identify documents responsive to this interrogatory, if any, with the specificity required by law at the time they are produced.

**INTERROGATORY NO. 4**

Identify each actual or proposed agreement between You and any producer of CRT and/or CRT Products, including the named defendants in this coordinated proceeding, relating to prices, pricing, production or inventory levels of CRT and/or CRT Products during the relevant time period. Agreements [*sic*] shall include drafts. For every such actual or prosed [*sic*] agreement state:

(a)     the identity of the participants and all persons with knowledge thereof;

(b)     when such agreement was entered into;

(c)     where such agreement was entered into;

(d)     the terms of such agreement; and

(e)     when, how and which of your officers, directors or employees discovered the existence of such agreement.

**RESPONSE TO INTERROGATORY NO. 4**

Responding Party reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.

Responding Party objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. For example, to the extent this interrogatory seeks the discovery of information and/or documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, such sales are beyond the scope of this litigation and thereby render this interrogatory overly broad, unduly burdensome, and not reasonably calculated to lead to the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5

19

MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1   discovery of admissible evidence.

2        Responding Party objects on the grounds that the term "Relevant Time Period" is overly

3   broad and not relevant, rendering the interrogatory not reasonably calculated to lead to the

4   discovery of admissible evidence as the Direct Purchaser Plaintiffs' Consolidated Amended

5   Complaint does not allege a continuing conspiracy, the end of the class period is November 25,

6   2007, and claims prior to November 26, 2003, are barred by the statute of limitations.

7        Responding Party objects on the ground that subsection 5 ("when, how and which of your

8   officers, directors or employees discovered the existence of such agreement[]") renders this

9   request compound in violation of Federal Rule of Civil Procedure 33.

10        Responding Party objects to this interrogatory on the grounds that, to the extent it seeks

11   information and/or documents regarding "CRT Products," as distinguished from "CRTs," this

12   interrogatory is vague and ambiguous, overly broad and unduly burdensome, and purports to call

13   for information that is not relevant to the claim or defense of any party, not relevant to the subject

14   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

15   evidence.

16        Responding Party objects to this interrogatory on the grounds that it seeks the discovery of

17   information unrelated to United States commerce and seeks information that is beyond the scope

18   of the Sherman Antitrust Act, 15 U.S.C. § 1.

19        Responding Party objects to the extent this interrogatory seeks information that is no

20   longer active or readily accessible in electronic form which renders this interrogatory overly

21   broad and unduly burdensome.

22        Responding Party objects to this interrogatory to the extent it seeks information and/or

23   documents that are not within the possession, custody, or control of Responding Party.

24        Responding Party objects to the extent this interrogatory seeks information and/or

25   documents that would disclose proprietary information, trade secrets or other confidential

26   research, development, or other confidential information protected by the Uniform Trade Secrets

27   Act, among others, including those of third parties, any and all rights of privacy under the United

28   States Constitution or Article I of the Constitution of the State of California, or any other

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5                                         20

MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1  applicable law or state constitution, or that is otherwise prohibited from disclosure because to do

2  so would cause Responding Party to violate legal and/or contractual obligations to any other

3  persons or entities.  Where applicable, Responding Party will only respond subject to the

4  provisions of the Protective Order.

5    Responding Party objects to this interrogatory to the extent it seeks information or

6  documents that require discovery of information and materials from third parties or sources that

7  are equally if not more accessible to Plaintiffs.

8    Responding Party objects that the terms "actual," "proposed," and "agreements" are

9  vague, ambiguous, and unintelligible, rendering this interrogatory overly broad and unduly

10  burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible

11  evidence.

12    Responding Party objects that the term "agreements" calls for a legal conclusion, to the

13  extent this interrogatory seeks information related to non-written agreements.

14    Subject to and without waiving the general and specific objections stated above,

15  Responding Party responds that it will identify documents, if any, reflecting non-privileged

16  information responsive to this interrogatory within the Limitations Period.  Responding Party will

17  identify documents responsive to this interrogatory, if any, with the specificity required by law at

18  the time they are produced.

19  **INTERROGATORY NO. 5**

20    Identify any meeting or communication between You and other producers of CRT and/or

21  CRT Products during the Relevant Time Period, including the named Defendants in this coordi-

22  nated proceeding, regarding CRT and/or CRT Product pricing, price increase announcements,

23  terms or conditions of sales, profit margins or market share, production levels, inventory,

24  customers, auctions, reverse auctions, dynamic bidding events, or sales, and for each such

25  meeting or communication:

26    (a)  provide the date and location of the meeting or communication;

27    (b)  identify the person(s) who initiated, called, organized, attended or participated in

28  the meeting or communication;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5    21    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1         (c)     describe the subject matter discussed and any information you provided or

2    received;

3         (d)     describe every action taken by you as a result of the meeting or communication;

4    and

5         (e)     identify all persons with knowledge relating to the meeting or communication.

6    **RESPONSE TO INTERROGATORY NO. 5**

7         Responding Party reasserts and incorporates each of the General Objections and

8    Objections to the Definitions and Instructions set forth above.

9         Responding Party objects to this interrogatory on the grounds that it seeks information

10   protected by the attorney-client privilege, work product doctrine, joint defense or common

11   interest privilege, or by any other applicable doctrine or privilege.

12        Responding Party objects to this interrogatory on the grounds that it is overly broad,

13   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

14   evidence.  For example, to the extent this interrogatory seeks the discovery of information and/or

15   documents regarding Responding Party's sales outside of the United States and unrelated to

16   United States commerce, such sales are beyond the scope of this litigation and thereby render the

17   interrogatory overly broad, unduly burdensome, and not reasonably calculated to lead to the

18   discovery of admissible evidence.

19        Responding Party objects to this interrogatory on the ground that subpart d ("describe

20   every action taken by you as a result of the meeting or communication") renders this request

21   compound in violation of Federal Rule of Civil Procedure 33.

22        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

23   and not relevant, rendering the interrogatory not reasonably calculated to lead to the discovery of

24   admissible evidence as the Direct Purchaser Plaintiffs' Consolidated Amended Complaint does

25   not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims

26   prior to November 26, 2003, are barred by the statute of limitations.

27        Responding Party objects to this interrogatory on the grounds that, to the extent it seeks

28   information and/or documents regarding "CRT Products," as distinguished from "CRTs," this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5

22

MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1   interrogatory is vague and ambiguous, overly broad and unduly burdensome, and purports to call

2   for information that is not relevant to the claim or defense of any party, not relevant to the subject

3   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

4   evidence.

5         Responding Party further objects to this interrogatory on the grounds that it seeks the

6   discovery of information unrelated to United States commerce and seeks information that is

7   beyond the scope of the Sherman Antitrust Act, 15 U.S.C. § 1.

8         Responding Party objects to the extent this interrogatory seeks information that is no

9   longer active or readily accessible in electronic form which renders this interrogatory overly

10  broad and unduly burdensome.

11        Responding Party objects to this interrogatory to the extent it seeks information and/or

12  documents that are not within the possession, custody, or control of Responding Party.

13        Responding Party objects to this interrogatory to the extent it seeks information or

14  documents that require discovery of information and materials from third parties or sources that

15  are equally if not more accessible to Plaintiffs.

16        Responding Party objects to the extent this interrogatory seeks information and/or

17  documents that would disclose proprietary information, trade secrets or other confidential

18  research, development, or other confidential information protected by the Uniform Trade Secrets

19  Act, among others, including those of third parties, any and all rights of privacy under the United

20  States Constitution or Article I of the Constitution of the State of California, or any other

21  applicable law or state constitution, or that is otherwise prohibited from disclosure because to do

22  so would cause Responding Party to violate legal and/or contractual obligations to any other

23  persons or entities.  Where applicable, Responding Party will only respond subject to the

24  provisions of the Protective Order.

25        Responding Party objects that this interrogatory is compound in violation of Federal Rule

26  of Civil Procedure 33, rendering the interrogatory overly broad and unduly burdensome.

27        Responding Party objects that the phrase "dynamic bidding events" is vague, ambiguous,

28  and unintelligible, rendering this interrogatory overly broad and unduly burdensome, not relevant

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5                                    23                                    MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1    and not reasonably calculated to lead to the discovery of admissible evidence.

2         Responding Party objects that the term "agreements" calls for a legal conclusion, to the

3    extent the interrogatory seeks information related to non-written agreements.

4         Subject to and without waiving the general and specific objections stated above,

5    Responding Party responds that it will identify documents, if any, reflecting non-privileged

6    information responsive to this interrogatory within the Limitations Period.  Responding Party will

7    identify documents responsive to this interrogatory, if any, with the specificity required by law at

8    the time they are produced.

9    **INTERROGATORY NO. 6**

10        Identify each instance during the Relevant Time Period in which You or any other

11    producer of CRT and/or CRT Products, including the named defendants in this coordinated

12    proceeding, instituted a price increase or decrease for CRT and/or CRT Products, and for each

13    such instance:

14        (a)    when such price increase or decrease was announced publicly;

15        (b)    when such price increase or decrease was implemented;

16        (c)    the amount of the price increase or decrease;

17        (d)    whether such price increase or decrease was withdrawn;

18        (e)    each person with responsibility for implementing such price increase or decrease

19    or its withdrawal; and

20        (f)    any explanation given for such price increase or decrease or withdrawal.

21    **RESPONSE TO INTERROGATORY NO. 6**

22        Responding Party reasserts and incorporates each of the General Objections and

23    Objections to the Definitions and Instructions set forth above.

24        Responding Party objects to this interrogatory on the grounds that it seeks information

25    protected by the attorney-client privilege, work product doctrine, joint defense or common

26    interest privilege, or by any other applicable doctrine or privilege.

27        Responding Party objects to this interrogatory on the grounds that it is overly broad,

28    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5        24        MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

evidence.  For example, to the extent this interrogatory seeks the discovery of information and/or documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, such sales are beyond the scope of this action.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the interrogatory not reasonably calculated to lead to the discovery of admissible evidence.  The Direct Purchaser Plaintiffs' Consolidated Amended Complaint does not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the statute of limitations.

Responding Party objects to this interrogatory on the grounds that, to the extent it seeks information and/or documents regarding "CRT Products," as distinguished from "CRTs," this interrogatory is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this interrogatory on the grounds that it seeks the discovery of information unrelated to United States commerce and seeks information that is beyond the scope of the Sherman Antitrust Act, 15 U.S.C. § 1.

Responding Party objects to the extent this interrogatory seeks information that is no longer active or readily accessible in electronic form which renders this interrogatory overly broad and unduly burdensome.

Responding Party objects to this interrogatory to the extent it seeks information and/or documents that are not within the possession, custody, or control of Responding Party.

Responding Party objects to this interrogatory to the extent it seeks information and/or documents that require discovery of information and materials from third parties or sources that are equally if not more accessible to Plaintiffs.

Responding Party objects to the extent this interrogatory seeks information and/or documents that would disclose proprietary information, trade secrets or other confidential research, development, or other confidential information protected by the Uniform Trade Secrets

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5                                                          25                                                          MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1  Act, among others, including those of third parties, any and all rights of privacy under the United

2  States Constitution or Article I of the Constitution of the State of California, or any other

3  applicable law or state constitution, or that is otherwise prohibited from disclosure because to do

4  so would cause Responding Party to violate legal and/or contractual obligations to any other

5  persons or entities.  Where applicable, Responding Party will only respond subject to the

6  provisions of the Protective Order.

7       Subject to and without waiving the general and specific objections stated above,

8  Responding Party responds that it will identify documents, if any, reflecting non-privileged

9  information responsive to this interrogatory within the Limitations Period.  Responding Party will

10  identify documents responsive to this interrogatory, if any, with the specificity required by law at

11  the time they are produced.

12  **INTERROGATORY NO. 7**

13       Identify and describe all joint ventures, partnerships or other cooperative business

14  relationships, during the Relevant Time Period, relating to CRT and/or CRT Products between

15  You and any other CRT or CRT Products producer.

16  **RESPONSE TO INTERROGATORY NO. 7**

17       Responding Party reasserts and incorporates each of the General Objections and

18  Objections to the Definitions and Instructions set forth above.

19       Responding Party objects to this interrogatory on the grounds that it seeks information

20  protected by the attorney-client privilege, work product doctrine, joint defense or common

21  interest privilege, or by any other applicable doctrine or privilege.

22       Responding Party objects to this interrogatory on the grounds that it is overly broad,

23  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

24  evidence.  For example, to the extent this interrogatory seeks the discovery of information and/or

25  documents regarding Responding Party's sales outside of the United States and unrelated to

26  United States commerce, such sales are beyond the scope of this litigation and thereby render the

27  interrogatory overly broad, unduly burdensome, and not reasonably calculated to lead to the

28  discovery of admissible evidence.  And, not "all joint ventures, partnerships or other cooperative

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5                                    26                                    MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1   business relationships, during the Relevant Time Period, relating to CRT and/or CRT Products

2   between [Responding Party] and any other CRT or CRT Products producer[]" are at issue in this

3   action.

4        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

5   and not relevant, rendering the interrogatory not reasonably calculated to lead to the discovery of

6   admissible evidence.  The Direct Purchaser Plaintiffs' Consolidated Amended Complaint does

7   not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims

8   prior to November 26, 2003, are barred by the statute of limitations.

9        Responding Party objects to this interrogatory on the grounds that, to the extent it seeks

10   information and/or documents regarding "CRT Products," as distinguished from "CRTs," this

11   interrogatory is vague and ambiguous, overly broad and unduly burdensome, and purports to call

12   for information that is not relevant to the claim or defense of any party, not relevant to the subject

13   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

14   evidence.

15        Responding Party objects to this interrogatory on the grounds that it seeks the discovery of

16   information unrelated to United States commerce and seeks information that is beyond the scope

17   of the Sherman Antitrust Act, 15 U.S.C. § 1.

18        Responding Party objects to the extent this interrogatory seeks information that is no

19   longer active or readily accessible in electronic form which renders this interrogatory overly

20   broad and unduly burdensome.

21        Responding Party objects to this interrogatory to the extent it seeks information and/or

22   documents that are not within the possession, custody, or control of Responding Party.

23        Responding Party objects to this interrogatory to the extent it seeks information and/or

24   documents that require discovery of information and materials from third parties or sources that

25   are equally if not more accessible to Plaintiffs.

26        Responding Party objects to the extent this interrogatory seeks information and/or

27   documents that would disclose proprietary information, trade secrets or other confidential

28   research, development, or other confidential information protected by the Uniform Trade Secrets

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5

27

MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1   Act, among others, including those of third parties, any and all rights of privacy under the United

2   States Constitution or Article I of the Constitution of the State of California, or any other

3   applicable law or state constitution, or that is otherwise prohibited from disclosure because to do

4   so would cause Responding Party to violate legal and/or contractual obligations to any other

5   persons or entities.  Where applicable, Responding Party will only respond subject to the

6   provisions of the Protective Order.

7         Responding Party objects that the phrases "partnership" and "cooperative business

8   relationships" are vague, ambiguous, and unintelligible, rendering this interrogatory overly broad

9   and unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of

10  admissible evidence.

11        Subject to and without waiving the general and specific objections stated above,

12  Responding Party responds that it will identify documents, if any, reflecting non-privileged

13  information responsive to this interrogatory within the Limitations Period.  Responding Party will

14  identify documents responsive to this interrogatory, if any, with the specificity required by law at

15  the time they are produced.

16  **INTERROGATORY NO. 8**

17        Identify every channel used by You to sell, market, or distribute CRT and/or CRT

18  Products during the Relevant Time Period.  If You used different channels at different points

19  within the Relevant Time Period, identify when You used each channel to sell, market, or

20  distribute CRT and/or CRT Products.

21  **RESPONSE TO INTERROGATORY NO. 8**

22        Responding Party reasserts and incorporates each of the General Objections and

23  Objections to the Definitions and Instructions set forth above.

24        Responding Party objects to this interrogatory on the grounds that it seeks information

25  protected by the attorney-client privilege, work product doctrine, joint defense or common

26  interest privilege, or by any other applicable doctrine or privilege.

27        Responding Party objects to this interrogatory on the grounds that it is overly broad,

28  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5                          28                          MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1    evidence.  For example, to the extent this interrogatory seeks the discovery of information and/or

2    documents regarding Responding Party's sales outside of the United States and unrelated to

3    United States commerce, such sales are beyond the scope of this litigation and thereby render the

4    interrogatory overly broad, unduly burdensome, and not reasonably calculated to lead to the

5    discovery of admissible evidence.  And, not "every channel used by [Responding Party] to sell,

6    market, or distribute CRT and/or CRT Products during the Relevant Time Period[]" is at issue in

7    this action.

8         Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

9    and not relevant, rendering the interrogatory not reasonably calculated to lead to the discovery of

10   admissible evidence.  The Direct Purchaser Plaintiffs' Consolidated Amended Complaint does

11   not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims

12   prior to November 26, 2003, are barred by the statute of limitations.

13        Responding Party objects to this interrogatory on the grounds that, to the extent it seeks

14   information and/or documents regarding "CRT Products," as distinguished from "CRTs," this

15   interrogatory is vague and ambiguous, overly broad and unduly burdensome, and purports to call

16   for information that is not relevant to the claim or defense of any party, not relevant to the subject

17   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

18   evidence.

19        Responding Party objects to this interrogatory on the grounds that it seeks the discovery of

20   information unrelated to United States commerce and seeks information that is beyond the scope

21   of the Sherman Antitrust Act, 15 U.S.C. § 1.

22        Responding Party objects to the extent this interrogatory seeks information that is no

23   longer active or readily accessible in electronic form which renders this interrogatory overly

24   broad and unduly burdensome.

25        Responding Party objects that the term "channel" is vague, ambiguous, and unintelligible,

26   rendering this interrogatory overly broad and unduly burdensome, not relevant and not reasonably

27   calculated to lead to the discovery of admissible evidence.

28        Responding Party objects to the extent this interrogatory seeks information and/or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5                                      29                                      MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1    documents that would disclose proprietary information, trade secrets or other confidential

2    research, development, or other confidential information protected by the Uniform Trade Secrets

3    Act, among others, including those of third parties, any and all rights of privacy under the United

4    States Constitution or Article I of the Constitution of the State of California, or any other

5    applicable law or state constitution, or that is otherwise prohibited from disclosure because to do

6    so would cause Responding Party to violate legal and/or contractual obligations to any other

7    persons or entities.  Where applicable, Responding Party will only respond subject to the

8    provisions of the Protective Order.

9        Subject to and without waiving the general and specific objections stated above,

10   Responding Party responds that it will identify documents, if any, reflecting non-privileged

11   information responsive to this interrogatory within the Limitations Period.  Responding Party will

12   identify documents responsive to this interrogatory, if any, with the specificity required by law at

13   the time they are produced.

14   **INTERROGATORY NO. 9**

15        Identify every channel used by you to purchase CRT and/or CRT Products during the

16   Relevant Time Period.  If You used different channels at different points within the Relevant

17   Time Period, identify when You used each channel to purchase CRT or CRT Products.

18   **RESPONSE TO INTERROGATORY NO. 9**

19        Responding Party reasserts and incorporates each of the General Objections and

20   Objections to the Definitions and Instructions set forth above.

21        Responding Party objects to this interrogatory on the grounds that it seeks information

22   protected by the attorney-client privilege, work product doctrine, joint defense or common

23   interest privilege, or by any other applicable doctrine or privilege.

24        Responding Party objects to this interrogatory on the grounds that it is overly broad,

25   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

26   including to the extent that it seeks the discovery of information and/or documents regarding

27   Responding Party's sales outside of the United States and unrelated to United States commerce,

28   as such sales are beyond the scope of this litigation and thereby render the interrogatory overly

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5          30          MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1   broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

2   evidence.

3        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

4   and not relevant, rendering the interrogatory not reasonably calculated to lead to the discovery of

5   admissible evidence. The Direct Purchaser Plaintiffs' Consolidated Amended Complaint does not

6   allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims prior

7   to November 26, 2003, are barred by the statute of limitations.

8        Responding Party objects to this interrogatory on the grounds that, to the extent it seeks

9   information and/or documents regarding "CRT Products," as distinguished from "CRTs," this

10  interrogatory is vague and ambiguous, overly broad and unduly burdensome, and purports to call

11  for information that is not relevant to the claim or defense of any party, not relevant to the subject

12  matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

13  evidence.

14       Responding Party objects to this interrogatory on the grounds that it seeks the discovery of

15  information unrelated to United States commerce and seeks information that is beyond the scope

16  of the Sherman Antitrust Act, 15 U.S.C. § 1.

17       Responding Party objects to the extent this interrogatory seeks information that is no

18  longer active or readily accessible in electronic form which renders this interrogatory overly

19  broad and unduly burdensome.

20       Responding Party objects that the term "channel" is vague, ambiguous, and unintelligible,

21  rendering this interrogatory overly broad and unduly burdensome, not relevant and not reasonably

22  calculated to lead to the discovery of admissible evidence.

23       Responding Party objects to the extent this interrogatory seeks information and/or

24  documents that would disclose proprietary information, trade secrets or other confidential

25  research, development, or other confidential information protected by the Uniform Trade Secrets

26  Act, among others, including those of third parties, any and all rights of privacy under the United

27  States Constitution or Article I of the Constitution of the State of California, or any other

28  applicable law or state constitution, or that is otherwise prohibited from disclosure because to do

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5          31          MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1    so would cause Responding Party to violate legal and/or contractual obligations to any other

2    persons or entities.  Where applicable, Responding Party will only respond subject to the

3    provisions of the Protective Order.

4           Subject to and without waiving the general and specific objections stated above,

5    Responding Party responds that it will identify documents, if any, reflecting non-privileged

6    information responsive to this interrogatory within the Limitations Period.  Responding Party will

7    identify documents responsive to this interrogatory, if any, with the specificity required by law at

8    the time they are produced.

9    **INTERROGATORY NO. 10**

10          Identify the CRT and/or CRT Products that You manufactured or produced for each

11   month within the Relevant Time Period, including the brand name, product number, and intended

12   use.

13   **RESPONSE TO INTERROGATORY NO. 10**

14          Responding Party reasserts and incorporates each of the General Objections and

15   Objections to the Definitions and Instructions set forth above.

16          Responding Party objects to this interrogatory on the grounds that it seeks information

17   protected by the attorney-client privilege, work product doctrine, joint defense or common

18   interest privilege, or by any other applicable doctrine or privilege.

19          Responding Party objects to this interrogatory on the grounds that it is overly broad,

20   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

21   evidence.  For example, to the extent this interrogatory seeks the discovery of information and/or

22   documents regarding Responding Party's sales outside of the United States and unrelated to

23   United States commerce, such sales are beyond the scope of this litigation and thereby render the

24   interrogatory overly broad, unduly burdensome, and not reasonably calculated to lead to the

25   discovery of admissible evidence.

26          Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

27   and not relevant, rendering the interrogatory not reasonably calculated to lead to the discovery of

28   admissible evidence.  The Direct Purchaser Plaintiffs' Consolidated Amended Complaint does

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1    not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims

2    prior to November 26, 2003, are barred by the statute of limitations.

3         Responding Party objects to this interrogatory on the grounds that, to the extent it seeks

4    information and/or documents regarding "CRT Products," as distinguished from "CRTs," this

5    interrogatory is vague and ambiguous, overly broad and unduly burdensome, and purports to call

6    for information that is not relevant to the claim or defense of any party, not relevant to the subject

7    matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

8    evidence.

9         Responding Party objects to this interrogatory on the grounds that it seeks the discovery of

10   information unrelated to United States commerce and seeks information that is beyond the scope

11   of the Sherman Antitrust Act, 15 U.S.C. § 1.

12        Responding Party objects to the extent this interrogatory seeks information that is no

13   longer active or readily accessible in electronic form which renders this interrogatory overly

14   broad and unduly burdensome.

15        Subject to and without waiving the general and specific objections stated above,

16   Responding Party responds that it will identify documents, if any, reflecting non-privileged

17   information responsive to this interrogatory within the Limitations Period.  Responding Party will

18   identify documents responsive to this interrogatory, if any, with the specificity required by law at

19   the time they are produced.

20   **INTERROGATORY NO. 11**

21        Identify the CRT and/or CRT Products You sold, marketed, or distributed for each month

22   within the Relevant Time Period, including the brand name, product number, and intended use.

23   **RESPONSE TO INTERROGATORY NO. 11**

24        Responding Party reasserts and incorporates each of the General Objections and

25   Objections to the Definitions and Instructions set forth above.

26        Responding Party objects to this interrogatory on the grounds that it seeks information

27   protected by the attorney-client privilege, work product doctrine, joint defense or common

28   interest privilege, or by any other applicable doctrine or privilege.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5                    33                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1    Responding Party objects to this interrogatory on the grounds that it is overly broad,

2    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

3    evidence.  For example, to the extent this interrogatory seeks the discovery of information and/or

4    documents regarding Responding Party's sales outside of the United States and unrelated to

5    United States commerce, such sales are beyond the scope of this litigation and thereby render the

6    interrogatory overly broad, unduly burdensome, and not reasonably calculated to lead to the

7    discovery of admissible evidence.

8    Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

9    and not relevant, rendering the interrogatory not reasonably calculated to lead to the discovery of

10   admissible evidence.  The Direct Purchaser Plaintiffs' Consolidated Amended Complaint does

11   not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims

12   prior to November 26, 2003, are barred by the statute of limitations.

13   Responding Party objects to this interrogatory on the grounds that, to the extent it seeks

14   information and/or documents regarding "CRT Products," as distinguished from "CRTs," this

15   interrogatory is vague and ambiguous, overly broad and unduly burdensome, and purports to call

16   for information that is not relevant to the claim or defense of any party, not relevant to the subject

17   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

18   evidence.

19   Responding Party objects to this interrogatory on the grounds that it seeks the discovery of

20   information unrelated to United States commerce and seeks information that is beyond the scope

21   of the Sherman Antitrust Act, 15 U.S.C. § 1.

22   Responding Party objects to the extent this interrogatory seeks information that is no

23   longer active or readily accessible in electronic form which renders this interrogatory overly

24   broad and unduly burdensome.

25   Subject to and without waiving the general and specific objections stated above,

26   Responding Party responds that it will identify documents, if any, reflecting non-privileged

27   information responsive to this interrogatory within the Limitations Period.  Responding Party will

28   identify documents responsive to this interrogatory, if any, with the specificity required by law at

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5                                    34                                         MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1    the time they are produced.

2    **INTERROGATORY NO. 12**

3        Provide Your sales of CRT and/or CRT Products to the United States and globally for

4    each month from January 1, 1991 to the present.  For each month during this period, state the

5    volume of sales, the U.S. dollar value of sales, the unit sale price, the per unit cost to produce

6    CRT and/or CRT Products, the per unit cost to distribute CRT and/or CRT Products (including

7    overseas freight, tariff, customs, duties, inland freight, storage, insurance, dealer commissions),

8    and the per unit profit earned.

9    **RESPONSE TO INTERROGATORY NO. 12**

10       Responding Party reasserts and incorporates each of the General Objections and

11   Objections to the Definitions and Instructions set forth above.

12       Responding Party objects to this interrogatory on the grounds that it seeks information

13   protected by the attorney-client privilege, work product doctrine, joint defense or common

14   interest privilege, or by any other applicable doctrine or privilege.

15       Responding Party objects to this interrogatory on the grounds that it is overly broad,

16   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

17   evidence.  For example, this interrogatory seeks the discovery of information and/or documents

18   regarding Responding Party's sales outside of the United States and unrelated to United States

19   commerce; such sales are beyond the scope of this litigation and thereby render the interrogatory

20   overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

21   admissible evidence.

22       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

23   and not relevant, rendering the interrogatory not reasonably calculated to lead to the discovery of

24   admissible evidence.  The Direct Purchaser Plaintiffs' Consolidated Amended Complaint does

25   not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims

26   prior to November 26, 2003, are barred by the statute of limitations.

27       Responding Party objects to this interrogatory on the grounds that, to the extent it seeks

28   information and/or documents regarding "CRT Products," as distinguished from "CRTs," this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1    interrogatory is vague and ambiguous, overly broad and unduly burdensome, and purports to call

2    for information that is not relevant to the claim or defense of any party, not relevant to the subject

3    matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

4    evidence.

5        Responding Party objects to this interrogatory on the grounds that it seeks the discovery of

6    information unrelated to United States commerce and seeks information that is beyond the scope

7    of the Sherman Antitrust Act, 15 U.S.C. § 1.

8        Responding Party objects to the extent this interrogatory seeks information that is no

9    longer active or readily accessible in electronic form which renders this interrogatory overly

10   broad and unduly burdensome.

11       Responding Party objects to the extent this interrogatory seeks information and/or

12   documents that would disclose proprietary information, trade secrets or other confidential

13   research, development, or other confidential information protected by the Uniform Trade Secrets

14   Act, among others, including those of third parties, any and all rights of privacy under the United

15   States Constitution or Article I of the Constitution of the State of California, or any other

16   applicable law or state constitution, or that is otherwise prohibited from disclosure because to do

17   so would cause Responding Party to violate legal and/or contractual obligations to any other

18   persons or entities.  Where applicable, Responding Party will only respond subject to the

19   provisions of the Protective Order.

20       Subject to and without waiving the general and specific objections stated above,

21   Responding Party responds that it will identify documents, if any, reflecting non-privileged

22   information responsive to this interrogatory within the Limitations Period.  Responding Party will

23   identify documents responsive to this interrogatory, if any, with the specificity required by law at

24   the time they are produced.

## INTERROGATORY NO. 13

26       If You offered different prices to different markets, or on a spot market versus contract

27   basis, during the Relevant Time Period, so indicate in the statistical data supplied in response to

28   Interrogatory No. 6.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 13**

Responding Party reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.

Responding Party objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. For example, to the extent this interrogatory seeks the discovery of information and/or documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, such sales are beyond the scope of this action.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the interrogatory not reasonably calculated to lead to the discovery of admissible evidence. The Direct Purchaser Plaintiffs' Consolidated Amended Complaint does not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the statute of limitations.

Responding Party objects to this interrogatory on the grounds that, to the extent it seeks information and/or documents regarding "CRT Products," as distinguished from "CRTs," this interrogatory is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this interrogatory on the grounds that it seeks the discovery of information unrelated to United States commerce and seeks information that is beyond the scope of the Sherman Antitrust Act, 15 U.S.C. § 1.

Responding Party objects to the extent this interrogatory seeks information that is no longer active or readily accessible in electronic form which renders this interrogatory overly broad and unduly burdensome.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5                                      37                                      MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1    Responding Party objects to the extent this interrogatory seeks information and/or

2    documents that would disclose proprietary information, trade secrets or other confidential

3    research, development, or other confidential information protected by the Uniform Trade Secrets

4    Act, among others, including those of third parties, any and all rights of privacy under the United

5    States Constitution or Article I of the Constitution of the State of California, or any other

6    applicable law or state constitution, or that is otherwise prohibited from disclosure because to do

7    so would cause Responding Party to violate legal and/or contractual obligations to any other

8    persons or entities.  Where applicable, Responding Party will only respond subject to the

9    provisions of the Protective Order.

10    Subject to and without waiving the general and specific objections stated above,

11    Responding Party responds that it will identify documents, if any, reflecting non-privileged

12    information responsive to this interrogatory within the Limitations Period.  Responding Party will

13    identify documents responsive to this interrogatory, if any, with the specificity required by law at

14    the time they are produced.

15    **INTERROGATORY NO. 14**

16    Provide Your aggregate purchases (in both number of units and revenue in U.S. dollars) of

17    CRT and/or CRT Products for each month from January 1, 1991 to the present.

18    **RESPONSE TO INTERROGATORY NO. 14**

19    Responding Party reasserts and incorporates each of the General Objections and

20    Objections to the Definitions and Instructions set forth above.

21    Responding Party objects to this interrogatory on the grounds that it seeks information

22    protected by the attorney-client privilege, work product doctrine, joint defense or common

23    interest privilege, or by any other applicable doctrine or privilege.

24    Responding Party objects to this interrogatory on the grounds that it is overly broad,

25    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

26    evidence.  For example, to the extent this interrogatory seeks the discovery of information and/or

27    documents regarding Responding Party's sales outside of the United States and unrelated to

28    United States commerce, such sales are beyond the scope of this action.  And, Responding Party's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5                                    38                                    MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1   aggregate purchases (in both number of units and revenue in U.S. dollars) of CRT and/or CRT

2   Products for each month from January 1, 1991 to the present are not at issue in this action.

3         Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

4   and not relevant, rendering the interrogatory not reasonably calculated to lead to the discovery of

5   admissible evidence.  The Direct Purchaser Plaintiffs' Consolidated Amended Complaint does

6   not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims

7   prior to November 26, 2003, are barred by the statute of limitations.

8         Responding Party objects to this interrogatory on the grounds that, to the extent it seeks

9   information and/or documents regarding "CRT Products," as distinguished from "CRTs," this

10   interrogatory is vague and ambiguous, overly broad and unduly burdensome, and purports to call

11   for information that is not relevant to the claim or defense of any party, not relevant to the subject

12   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

13   evidence.

14         Responding Party objects to this interrogatory on the grounds that it seeks the discovery of

15   information unrelated to United States commerce and seeks information that is beyond the scope

16   of the Sherman Antitrust Act, 15 U.S.C. § 1.

17         Responding Party objects to the extent this interrogatory seeks information that is no

18   longer active or readily accessible in electronic form which renders this interrogatory overly

19   broad and unduly burdensome.

20         Responding Party objects that the terms "spot market," and "statistical data" are vague,

21   ambiguous, and unintelligible, rendering this interrogatory overly broad and unduly burdensome,

22   not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

23         Responding Party objects to the extent this interrogatory seeks information and/or

24   documents that would disclose proprietary information, trade secrets or other confidential

25   research, development, or other confidential information protected by the Uniform Trade Secrets

26   Act, among others, including those of third parties, any and all rights of privacy under the United

27   States Constitution or Article I of the Constitution of the State of California, or any other

28   applicable law or state constitution, or that is otherwise prohibited from disclosure because to do

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5     39     MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1   so would cause Responding Party to violate legal and/or contractual obligations to any other

2   persons or entities.  Where applicable, Responding Party will only respond subject to the

3   provisions of the Protective Order.

4        Responding Party objects to this interrogatory on the grounds that, to the extent it seeks

5   documents related to "purchases," it seeks information not related to the allegations in the

6   Complaint, the request is overly broad and unduly burdensome, and purports to call for

7   information that is not relevant to the claim or defense of any party, not relevant to the subject

8   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

9   evidence.

10       Subject to and without waiving the general and specific objections stated above,

11  Responding Party responds that it will identify documents, if any, reflecting non-privileged

12  information responsive to this interrogatory within the Limitations Period.  Responding Party will

13  identify documents responsive to this interrogatory, if any, with the specificity required by law at

14  the time they are produced.

15  **INTERROGATORY NO. 15**

16       Provide Your aggregate purchases (in units and U.S. dollars) of CRT or CRT Products

17  from each of the other named defendants in this coordinated proceeding, for the purpose of resale,

18  for each month during from January 1, 1991 to the present.

19  **RESPONSE TO INTERROGATORY NO. 15**

20       Responding Party reasserts and incorporates each of the General Objections and

21  Objections to the Definitions and Instructions set forth above.

22       Responding Party objects to this interrogatory on the grounds that it seeks information

23  protected by the attorney-client privilege, work product doctrine, joint defense or common

24  interest privilege, or by any other applicable doctrine or privilege.

25       Responding Party objects to this interrogatory on the grounds that it is overly broad,

26  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

27  evidence.  For example, to the extent this interrogatory seeks the discovery of information and/or

28  documents regarding Responding Party's sales outside of the United States and unrelated to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
DB2/21596566.5                                    40                                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1   United States commerce, as such sales are beyond the scope of this litigation and thereby render

2   the interrogatory overly broad, unduly burdensome, and not reasonably calculated to lead to the

3   discovery of admissible evidence.  And, Responding Party's "aggregate purchases (in units and

4   U.S. dollars) of CRT or CRT Products from each of the other named defendants in this

5   coordinated proceeding, for the purpose of resale, for each month during from January 1, 1991 to

6   the present[]" are not at issue in this action.

7          Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

8   and not relevant, rendering the interrogatory not reasonably calculated to lead to the discovery of

9   admissible evidence.  The Direct Purchaser Plaintiffs' Consolidated Amended Complaint does

10  not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims

11  prior to November 26, 2003, are barred by the statute of limitations.

12         Responding Party objects to this interrogatory on the grounds that, to the extent it seeks

13  information and/or documents regarding "CRT Products," as distinguished from "CRTs," this

14  interrogatory is vague and ambiguous, overly broad and unduly burdensome, and purports to call

15  for information that is not relevant to the claim or defense of any party, not relevant to the subject

16  matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

17  evidence.

18         Responding Party objects to this interrogatory on the grounds that it seeks the discovery of

19  information unrelated to United States commerce and seeks information that is beyond the scope

20  of the Sherman Antitrust Act, 15 U.S.C. § 1.

21         Responding Party objects to the extent this interrogatory seeks information that is no

22  longer active or readily accessible in electronic form which renders this interrogatory overly

23  broad and unduly burdensome.

24         Responding Party objects to this interrogatory on the grounds that, to the extent the

25  interrogatory seeks information and/or documents not related to the allegations in the Direct

26  Purchaser Plaintiffs' Consolidated Amended Complaint, this interrogatory is overly broad and

27  unduly burdensome, and purports to call for information that is not relevant to the claim or

28  defense of any party, not relevant to the subject matter involved in this action, and not reasonably

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5                                41                                MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1    calculated to lead to the discovery of admissible evidence.

2           Responding Party objects to this interrogatory to the extent it seeks information and/or

3    documents that are not within the possession, custody, or control of Responding Party.

4           Responding Party objects to this interrogatory to the extent it seeks information and/or

5    documents that require discovery of information and materials from third parties or sources that

6    are equally if not more accessible to Plaintiffs.

7           Responding Party objects that the term "aggregate" is vague, ambiguous, and

8    unintelligible, rendering this interrogatory overly broad and unduly burdensome, not relevant and

9    not reasonably calculated to lead to the discovery of admissible evidence.

10          Responding Party objects to the extent this interrogatory seeks information and/or

11   documents that would disclose proprietary information, trade secrets or other confidential

12   research, development, or other confidential information protected by the Uniform Trade Secrets

13   Act, among others, including those of third parties, any and all rights of privacy under the United

14   States Constitution or Article I of the Constitution of the State of California, or any other

15   applicable law or state constitution, or that is otherwise prohibited from disclosure because to do

16   so would cause Responding Party to violate legal and/or contractual obligations to any other

17   persons or entities.  Where applicable, Responding Party will only respond subject to the

18   provisions of the Protective Order.

19          Responding Party objects to this interrogatory on the grounds that, to the extent it seeks

20   documents related to "purchases," it seeks information not related to the allegations in the

21   Complaint, the request is overly broad and unduly burdensome, and purports to call for

22   information that is not relevant to the claim or defense of any party, not relevant to the subject

23   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

24   evidence.

25          Subject to and without waiving the general and specific objections stated above,

26   Responding Party responds that it will identify documents, if any, reflecting non-privileged

27   information responsive to this interrogatory within the Limitations Period.  Responding Party will

28   identify documents responsive to this interrogatory, if any, with the specificity required by law at

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5                                    42                                    MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1    the time they are produced.

2    **INTERROGATORY NO. 16**

3        State whether any documents or information responsive to this set of interrogatories were

4    destroyed, discarded, erased, deleted, purged, or otherwise lost.  If Your answer is in any way in

5    the affirmative:

6        (a)    describe in detail the contents of each such document or information and the date it

7    was destroyed, discarded, erased, deleted, purged or lost;

8        (b)    identify each person who had any role or responsibility in destroying, discarding,

9    erasing, purging, deleting or losing of each such document or information; and

10       (c)    describe in detail the circumstances under which each such document or

11   information was destroyed, discarded, erased, deleted, purged, or lost.

12   **RESPONSE TO INTERROGATORY NO. 16**

13       Responding Party reasserts and incorporates each of the General Objections and

14   Objections to the Definitions and Instructions set forth above.

15       Responding Party objects to this interrogatory to the extent that it is harassing, invasive, or

16   seeks personal confidential information, the disclosure of which is prohibited by a law,

17   regulation, or order of a court or another authority of a foreign jurisdiction in which the

18   information is located.

19       Responding Party objects to this interrogatory on the grounds that it seeks information

20   protected by the attorney-client privilege, work product doctrine, joint defense or common

21   interest privilege, or by any other applicable doctrine or privilege.

22       Responding Party objects to this interrogatory on the grounds that it is overly broad,

23   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

24   evidence.  For example, to the extent this interrogatory seeks the discovery of information and/or

25   documents regarding Responding Party's sales outside of the United States and unrelated to

26   United States commerce, such sales are beyond the scope of this litigation and thereby render the

27   interrogatory overly broad, unduly burdensome, and not reasonably calculated to lead to the

28   discovery of admissible evidence.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5    43    MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1    Responding Party objects on the grounds that the term "Relevant Time Period" is overly

2  broad and not relevant, rendering the interrogatory not reasonably calculated to lead to the

3  discovery of admissible evidence.  The Direct Purchaser Plaintiffs' Consolidated Amended

4  Complaint does not allege a continuing conspiracy, the end of the class period is November 25,

5  2007, and claims prior to November 26, 2003, are barred by the statute of limitations.

6    Responding Party objects to this interrogatory on the grounds that, to the extent it seeks

7  information and/or documents not related to the allegations in the Direct Purchaser Plaintiffs'

8  Consolidated Amended Complaint, this interrogatory is overly broad and unduly burdensome,

9  and purports to call for information that is not relevant to the claim or defense of any party, not

10  relevant to the subject matter involved in this action, and not reasonably calculated to lead to the

11  discovery of admissible evidence.

12    Subject to and without waiving the objections stated above, Responding Party responds

13  that since this case was filed, Responding Party took appropriate steps to preserve responsive

14  documents.

15

16  Dated: May 12, 2010                    MORGAN, LEWIS & BOCKIUS LLP

17

18                                          By _____
                                              Diane L. Webb
19                                            Attorneys for Hitachi, Ltd.

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

# VERIFICATION

I, Tetsuro Yokoo , declare and state:

I have read the foregoing Responses and know its contents.  I am Senior Legal Manager, Business Strategy & Development Dept., Consumer Business Division of Hitachi, Ltd.  I am authorized to make this verification on behalf of Hitachi, Ltd.  These responses are limited by the records and information in existence, presently recollected and thus far discovered in the course of preparation of these Responses.  Based thereon, I am informed and believe that the matters stated in these Responses are true and on that ground certify or declare under penalty of perjury under the laws of the United States of America that the same are true and correct.

Executed on this /2 day of May, 2010, at Tokyo, Japan.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21596566.5                          45                          MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES