

17th Floor **|** Four Embarcadero Center **|** San Francisco, CA  94111-4109
415-434-9100 *office* **|** 415-434-3947 *fax* **|** **www.sheppardmullin.com**

Writer's Direct Line: 415-774-2963
mscarborough@sheppardmullin.com

September 28, 2010

Hon. Charles A. Legge
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA  94111

      Re:    <u>*In re: Cathode Ray Tube (CRT) Antitrust Litigation*</u>
              Master File No. 07-5944 SC; MDL No. 1917
              Motion to Compel Production of Chunghwa Translations

Your Honor:

        I write on behalf of defendants to respectfully request that Chunghwa Picture Tubes, Ltd. ("Chunghwa") be compelled to produce all document translations it has provided to the plaintiffs in this action, as requested by Samsung SDI Co., Ltd.'s ("Samsung SDI") first set of document requests to Chunghwa.  As discussed with Your Honor at the August 24 discovery conference, in its responses to Samsung SDI's document requests, Chunghwa stated that it was willing to produce the requested translations, but that counsel for the direct purchaser plaintiffs (subsequently joined by the indirect purchaser plaintiffs) assert a claim of work product protection as to those translations.  Counsel for plaintiffs have also indicated, both at the August 24 discovery conference and at a subsequent meet and confer between the parties, that they object to production of the translations because (1) plaintiffs "gave value" or "paid for" the translations when negotiating Chunghwa's settlement agreements; and (2) Chunghwa should be prevented from producing the requested translations until the parties negotiate and agree on a general protocol for the use of all translations in this case.

        Each of these objections is invalid on its face, and indeed, this is one of the simplest and most straightforward motions Your Honor is likely to hear in this litigation.  First, and perhaps most obviously, plaintiffs lack standing to assert a work product objection with respect to the requested translations because the translations are indisputably *not plaintiffs' work product*; they are Chunghwa's.  Moreover, even if plaintiffs could somehow assert a work product objection on Chunghwa's behalf (despite the fact that Chunghwa has not asserted such an objection itself), any work product protection was necessarily waived when Chunghwa produced the requested translations to plaintiffs.

        Plaintiffs' other arguments are simply not discovery objections.  As Your Honor observed at the August 24 conference, that plaintiffs believe they have "given value" for the Chunghwa translations is irrelevant from a discovery perspective, and in no way entitles

Case 4:07-cv-05944-JST   Document 765   Filed 09/28/10   Page 2 of 4

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Hon. Charles A. Legge
September 28, 2010
Page 2

plaintiffs to stand in the way of Chunghwa's production of the same translations to defendants. Similarly, plaintiffs' recent request to meet and confer with defendants regarding a translations protocol—to which defendants have agreed—has absolutely nothing to do with defendants' clear right to discovery of the requested translations in the first instance—non-privileged documents that were created by Chunghwa, are currently in Chunghwa's possession, and which Chunghwa has already agreed to produce once plaintiffs' objections are resolved.

### 1. Background

Plaintiffs have indicated at several hearings in this action that Chunghwa has provided them with translations of a substantial number of foreign-language documents produced in this case. In light of these statements, on July 16 Samsung SDI served its first set of document requests to Chunghwa, requesting that Chunghwa produce any document translations it has provided to plaintiffs in this action. *See* Exhibit A (Samsung SDI document requests to Chunghwa). On July 21, Chunghwa served its responses to Samsung SDI's requests, stating that counsel for the direct purchaser plaintiffs asserted a "claim of work product protection as to the translations sought," but noting that "Chunghwa takes no position on this issue and will produce the translations pursuant to either an agreement between direct purchaser plaintiffs' counsel and Samsung SDI or a court order resolving this issue." *See* Exhibit B (Chunghwa responses).

After receiving Chunghwa's responses, defendants twice contacted counsel for direct purchaser plaintiffs—by telephone on July 26, and by letter on July 30—in an attempt to meet and confer regarding the Chunghwa translations, but received no response to either communication. *See* Exhibit C (7/30/10 letter). At the August 24 discovery conference before Your Honor, plaintiffs' counsel indicated that plaintiffs objected to production of the translations on the grounds that the translations "are part of the deal that [plaintiffs] got with [the Chunghwa] settlement agreement." *See* Exhibit D (8/24/10 Hr. Transcript at 95). Also at the conference, counsel for indirect purchaser plaintiffs indicated that they join in the direct purchaser plaintiffs' objections to production of the translations.

In a letter dated September 3, defendants made a third request to meet and confer with plaintiffs regarding the Chunghwa translations. *See* Exhibit E (9/3/10 letter). This time, plaintiffs agreed to participate in a September 14 telephonic meet and confer, during which plaintiffs' counsel stated that they intended to stand on three objections to Chunghwa's production of the translations: (1) that the translations are protected work product; (2) that plaintiffs "gave value" for the translations as part of the Chunghwa settlement agreements; and (3) that production of the translations should not be permitted until the parties negotiate and agree on a general protocol for the use of all translations in this case. Defendants invited plaintiffs to articulate and provide support for these positions in writing, but to date they have declined to do so.

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Hon. Charles A. Legge
September 28, 2010
Page 3

### 2. Plaintiffs Do Not Have A Valid Work Product Objection

Plaintiffs have not seriously attempted during the meet and confer process to establish a work product objection with respect to the Chunghwa translations.  *See U.S. v. 22.80 Acres of Land*, 107 F.R.D. 20, 22 (N.D. Cal. 1985) ("The party seeking to invoke the work product doctrine bears the burden of establishing all the elements that trigger the protection; doubts must be resolved against the party asserting the privilege.").  Nor could they.  Any work product privilege applicable to the Chunghwa translations belongs to the party who created the translations—i.e., Chunghwa.  *See, e.g,. Novak v. Capital Mgmt. & Develop. Corp.*, 241 F.R.D. 389, 394 (D.D.C. 2007) (a party lacks standing to preclude disclosure of work product of another party); *Green v. Sauder Moldings, Inc.*, 223 F.R.D. 304, 306-307 (E.D. Va. 2004) (the only party entitled to assert work product protection is the party who created the work product).  And Chunghwa has stated that it has no objection to producing the requested translations.

Moreover, even if plaintiffs could somehow assert Chunghwa's work product objection on Chunghwa's behalf, any applicable work product protection was waived when Chunghwa produced the translations to plaintiffs.  *See, e.g., In re Steinhardt Part.,* 9 F.3d 230, 235 (2d Cir. 1993) ("Once a party allows an adversary to share the otherwise privileged thought processes of counsel, the need for the privilege disappears.  Courts therefore accept the waiver doctrine as a limitation on work product protection.  The waiver doctrine provides that voluntary disclosure of work product to an adversary waives the privilege as to other parties."); *U.S. v. Bergonzi*, 216 F.R.D. 487, 497 (N.D. Cal. 2003) ("Work product protection is waived where disclosure of the otherwise privileged documents is made to a third party, and that disclosure enables an adversary to gain access to the information.").  Thus, plaintiffs cannot stand in the way of the production of the Chunghwa translations based on the work product doctrine.

### 3. Plaintiffs' Assertion That They "Gave Value" For The Requested Translations Is Not A Discovery Objection

Plaintiffs have alternatively argued that production of the Chunghwa translations should be blocked because plaintiffs "gave value" for the translations as part of their settlement agreements with Chunghwa.  While plaintiffs have not elaborated on this argument, and have declined opportunities to articulate their position in writing, they apparently contend that the amounts paid by Chunghwa pursuant to the settlement agreements were discounted to reflect Chunghwa's expenditures in translating the documents and/or the perceived value of those translations to plaintiffs.

As Your Honor observed at the August 24 hearing, however, this argument simply does not amount to a discovery objection.  *See* 8/24/10 Hr. Tr. at 95 ("So you paid for them.  From a discovery point of view, so what?").  The fact that plaintiffs elected to "give value" for translations that were originally created and paid for by Chunghwa does not somehow convert those translations into plaintiffs' work product.  *See Green*, 223 F.R.D. at 306-307 (the only party entitled to assert work product protection is the party who created the work product).

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Hon. Charles A. Legge
September 28, 2010
Page 4

Instead, when Chunghwa waived work product protection by producing the translations to plaintiffs—whether in exchange "for value" or not—defendants acquired a right to discover those translations. See *Steinhardt,* 9 F.3d at 235 ("voluntary disclosure of work product to an adversary waives the privilege as to other parties.").

Nor can plaintiffs argue that the "value" they supposedly gave for the Chunghwa translations would somehow make Chunghwa's production of the translations unduly burdensome. The only possible burden of producing the requested translations would fall on Chunghwa, and as noted Chunghwa has no objection—based on burden or otherwise—to producing the requested translations, save for plaintiffs' insertion of themselves into the process.

### 4. Plaintiffs' Request To Meet And Confer Regarding A Translations Protocol Has Nothing To Do With Defendants' Right To Discovery Of The Chunghwa Translations

Finally, plaintiffs have asserted that the Chunghwa translations should not be produced until the parties negotiate and agree on a master protocol governing translations in this case, including, presumably, such issues as how translations may be used at depositions or trial, and how translations might be deemed "official" for purposes of this litigation. While defendants share plaintiffs' desire for such a protocol, and have agreed to meet and confer with plaintiffs on these issues immediately, such a protocol does not have any bearing on the issue presented by defendants' motion, namely defendants' right to discovery of the Chunghwa translations in the first instance. The particulars of how these and other translations may (or may not) be affirmatively *used* in this litigation has absolutely nothing to do with whether the Chunghwa translations are properly subject to *discovery*. Moreover, if plaintiffs are serious about facilitating a translations protocol, and a possible stipulation that the Chunghwa translations could be deemed "official" for some or all purposes, plaintiffs should be *expediting*, not thwarting, production of those translations, so that defendants can evaluate their accuracy.

Plaintiffs have no valid objection to Chunghwa's production of the requested translations, and that fact is dispositive of this motion. Defendants therefore respectfully request that Your Honor compel Chunghwa to immediately produce to defendants all document translations it has provided to the plaintiffs in this action.

Respectfully submitted,

*/s/ Michael W. Scarborough*

Michael W. Scarborough

for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

cc:  All Counsel via ECF
W02-WEST:FMI\402937317.4