# In The Matter Of:

*CRAGO, INC., et al.*
*v.*
*CHUNGHWA PICTURE TUBES, LTD.*

---

*PROCEEDINGS - Vol. 1*
*August 24, 2010*

---

MERRILL CORPORATION
LegaLink, Inc.
135 Main Street
4th Floor
San Francisco, CA 94105
Phone: 415.357.4300
Fax: 415.357.4301

by the time you start depositions. Right now we don't know when that's going to be. And right away, in November, which is the earliest possible, I'm kind of doubtful about getting all the rest of the discovery done by then. Even if it got done, I'm not sure it can be collated and controlled by each of you. So I don't know if it would make any sense to have your deposition schedule running right at the top of that.

MR. KESSLER: I don't think your Honor can address that until we get some of this other stuff cleared away, because it very much affects what the scope is.

One issue that's not on your Honor's list that we will mention is, we have an issue where we served Chunghwa with a request for the translations which they've turned over to the plaintiffs in this case, because they translated a lot of their documents and give it to the plaintiffs. Chunghwa responded that they're perfectly willing for the plaintiffs to produce it --

JUDGE LEGGE: That's not the grand jury documents?

MR. KESSLER: No, Chunghwa did a big production of documents, mostly Chinese.

JUDGE LEGGE: In our case, not to DOJ?

MR. KESSLER: No, in our case. And they produced those, a huge amount of documents, which you assume are documents they've also given the plaintiffs as part of their cooperation as defendants.

You asked had they turned over translations of these documents, because there's an enormous amount to try to get translated. They said yes, they've given many translations to the plaintiffs, and we asked for that to be produced. Because in our view, there's no privilege, because they've given it to the adversary in the case. There's no objection. They said fine, but the plaintiffs objected to that. And that seems like a pure legal issue. We're not sure of their basis for objection, but that's something else; if we're teeing things up, we may have to tee that up.

MR. GARCIA: Your Honor, David Garcia on behalf of Samsung DSI. In fairness to the indirects, my understanding is the indirects did not interpose, or we do not understand from Chunghwa's counsel that the indirects have interposed this objection.

MR. ALIOTO: There's some confusion about that, your Honor. I don't think we need to get into that now, but we will be objecting as well.

JUDGE LEGGE: To translations?

MR. ALIOTO: To giving the translations.

MR. SAVERI: Your Honor, if I may, on the translations. The translations, just to be clear, Chunghwa produced documents to the grand jury, and in part of their amnesty, they gave translations of conspiratorial meetings of certain of the documents. We then entered into a settlement agreement with them, and part of the settlement agreement, part of the reason of why we got the dollars that we got, or the reduction of dollars, was the cooperation on the translation documents, cooperation, ongoing cooperation.

The translations, we feel, are part of the deal that we got with our settlement agreement.

JUDGE LEGGE: So you paid for them. From a discovery point of view, so what?

MR. SAVERI: We'd like to do this, your Honor. We didn't translate them, nor did Gibson, Dun translate them. They were done by a third party. Some were translated by certified translators; some were not.

Certain of the defendants, like Samsung, produced documents to us in Korean.

SDI or Samsung. I will move my finger over. I apologize, Ian. SDI or Samsung, other defendants, have produced documents in English. And one of the -- let's handle translation of, translation documents as we move forward in litigation. As we did in the LCD, there's a

big spinoff of translating of Chinese and Malaysian. And what we would like to do is get into a meet-and-confer process and to work out an appropriate protocol and see if the defendants will stipulate that those are the official translations.

MR. KESSLER: Don't you think we'd like to see them before we decide to stipulate for them? All we've asked for now is to have them produced.

MR. SIMMONS: Your Honor, what do you know? You know about the Chunghwa indictments, and from the government you know it was about CRTs, tubes. You heard Nile Lynch talk about this.

We know Chunghwa has given us admissions that they don't know anything about finished products. We've asked the plaintiffs to tell us about finished products.

Chunghwa is a tube maker; doesn't make finished products. Not vertically integrated.

We think those translations are another bit of the picture before we're launched around the world. I bet you those -- I haven't seen them. I want to see them. I bet those translations from Chunghwa are all about tubes.

JUDGE LEGGE: They may be.

MR. SAVERI: But your Honor, they have the documents. If they're going to contest the

translations, let them have --

MR. SIMMONS: Chunghwa is a party to this. This settlement has not been filed to the court. They have not been dismissed. They are a party to this litigation.

MR. G. SAVERI: You have the documents. Why don't you translate them?

MR. SIMMONS: I don't have the translations.

MR. G. SAVERI: Why don't you translate them?

MR. SAVERI: What about a Korean translation?

JUDGE LEGGE: Why don't they pay you for half of your cost, and translate them.

MR. SAVERI: What about your translations?

JUDGE LEGGE: Just a minute. Everyone is talking at once.

MR. SAVERI: That's the translation protocol.

MR. G. SAVERI: Why don't we sit down with you and see if we can work something out.

MR. KESSLER: With all due respect, it's a different issue. Chunghwa and you are adversaries. You may have settled, but you're adversaries. There can be no legitimate legal agreement that I know of based on work grounds. I don't think it is preexisting.

MR. G. SAVERI: We may not disagree with you.

MR. KESSLER: I understand that. But the judge

can decide that. But an entirely different issue is, can we agree on protocols for translations going forward of everything else? Maybe we can. We've never discussed that issue.

MR. SAVERI: But the issues are clearly related, your Honor.

JUDGE LEGGE: That's enough.

MR. SIMON: Just, on the translations, your Honor, having gone through it in LCD and multiple other cases, I think there's one voice you haven't heard from, which is the Justice Department.

JUDGE LEGGE: Why do they care?

MR. SIMON: They do care. They said it in presentations, at ABA presentations and others. They said at the appropriate time they only want the translation released.

JUDGE LEGGE: They released them to you.

MR. SIMON: They didn't release them to us. Chunghwa released them to us.

JUDGE LEGGE: These are not documents produced to the antitrust division.

MR. SIMON: They were probably produced to them as well, but before us.

JUDGE LEGGE: "As well"?

MR. SIMON: Right.

JUDGE LEGGE: But what you're getting is what Chunghwa had translated themselves and then gave to you?

MR. SIMON: Correct.

JUDGE LEGGE: Which may or may not be consistent with translations of the same documents that went to DOJ.

MR. SIMON: They should be. We don't know if the DOJ is objecting, as well. What I'm just telling you is to highlight an issue that the DOJ has said in other situations. And there was a motion to compel translations, which the DOJ came in and objected to because, they said the giving of translations to the other defendants that they relate to from a person who is cooperating can have an impact on their investigation. I don't know if they said it here or not.

MR. SIMMONS: I'm not sure. But if I may say, and Mr. Simon will correct me, that dispute involved a situation where the documents had previously been produced in another litigation. With the federal rule of procedure going into effect in the 1930s, they got rid of it.

JUDGE LEGGE: I'm not going to give you a ruling. You're arguing it too much.

MR. SIMMONS: As a finished-product person,