

Four Embarcadero Center | 17th Floor | San Francisco, CA 94111-4109
415-434-9100 office | 415-434-3947 fax | www.sheppardmullin.com

Writer's Direct Line: 415-774-2963
mscarborough@sheppardmullin.com

September 3, 2010

Our File Number: 08Z8-134298

**VIA EMAIL AND U.S. MAIL**

R. Alexander Saveri
Saveri & Saveri
706 Sansome Street
San Francisco, CA 94111
rick@saveri.com

Mario N. Alioto
Trump, Alioto, Trump & Prescott, LLP
2280 Union Street
San Francisco, CA 94123
malioto@tatp.com

Re:  *In re: Cathode Ray Tube (CRT) Antitrust Litigation*
Master File No. 07-5944 SC; MDL No. 1917

Dear Counsel:

I write to follow up on my prior communications and make a final attempt to avoid motion practice with respect to Chunghwa Picture Tubes, Ltd.'s responses to Samsung SDI Co., Ltd.'s first set of document requests to Chunghwa. Samsung SDI's requests called for Chunghwa to produce any document translations provided by Chunghwa to the plaintiffs in this case. In its responses, Chunghwa indicated that it was willing to produce the requested translations but that counsel for the direct plaintiffs assert a claim of work product protection as to those translations. At the August 24 discovery conference, counsel for indirect plaintiffs indicated that they join in this objection to the production of translations provided to plaintiffs.

Plaintiffs do not have a valid work product objection with respect to the Chunghwa translations, nor have they made any genuine attempt to establish such privilege. *See U.S. v. 22.80 Acres of Land*, 107 F.R.D. 20, 22 (N.D. Cal. 1985) ("The party seeking to invoke the work product doctrine bears the burden of establishing all the elements that trigger the protection; doubts must be resolved against the party asserting the privilege."). Any work product privilege applicable to the Chunghwa translations belongs to the party that created the translations – Chunghwa (which is not asserting such a privilege) – and in any event was waived by the production of the translations to its adversaries – here, plaintiffs. *See, e.g., In re Steinhardt Part.*, 9 F.3d 230, 235 (2d Cir. 1993) ("Once a party allows an adversary to share the otherwise privileged thought processes of counsel, the need for the privilege disappears. Courts therefore accept the waiver doctrine as a limitation on work product protection. The waiver doctrine provides that voluntary disclosure of work product to an adversary waives the privilege as to other parties."); *U.S. v. Bergonzi*, 216 F.R.D. 487, 497 (N.D. Cal. 2003) ("Work product protection is waived where disclosure of the otherwise privileged documents is made to a third party, and that disclosure enables an adversary to gain access to the information.").

SHEPPARD MULLIN RICHTER & HAMPTON LLP
R. Alexander Saveri
Mario N. Alioto
September 3, 2010
Page 2

      Although plaintiffs have not directly responded to my prior requests to meet and confer on this issue, it appears that plaintiffs' actual objections to the production of the Chunghwa translations may not be work product at all, but a contention that the translations "are part of the deal that [plaintiffs] got with [the Chunghwa] settlement agreement." 8/24/10 Hr. Tr. at 95. As Judge Legge observed at the August 24 hearing, this is not a proper objection to Samsung SDI's requests to Chunghwa for the translations. *Id.* ("So you paid for them. From a discovery point of view, so what?").

      Please let me know no later than Friday, September 10, if plaintiffs intend to stand on their objections to the production of the Chunghwa translations. If so, defendants will file a motion to compel shortly thereafter.

      Regarding plaintiffs' request to meet and confer regarding a protocol for the use of translations in this case, defendants are available to do so at your convenience. However, defendants will not delay a motion to compel production of the Chunghwa translations so that a translation protocol can be negotiated. The Chunghwa translations provided to plaintiffs are not privileged, were requested months ago, and should be produced immediately. The particulars of how these and other translations may be used in this litigation is a separate issue. In that regard, I would note that it is impossible for defendants to evaluate the accuracy of the Chunghwa translations, and a possible stipulation that such translations could be deemed "official", without receiving those translations.

      I look forward to hearing from you soon.

Very truly yours,

Michael W. Scarborough

for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

W02-WEST:FMI\402911699.1

cc: (via email only)
    Guido Saveri
    Cadio Zirpoli
    Lauren C. Russell
    Joel S. Sanders