# DEWEY & LEBOEUF

Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, NY 10019-6092

tel   +1 212 259 8050
fax  +1 212 259 7013
jkessler@dl.com

September 30, 2010

Hon. Charles A. Legge
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA  94111

RE:     *In re Cathode Ray Tube (CRT) Litigation,* No. 07-5944 SC, MDL No. 1917

Dear Judge Legge:

Pursuant to the procedure set forth at the August 24, 2010 status conference and the subsequent Report Regarding Case Management Conference No. 2 [Dkt. No. 754], we respectfully submit, on behalf of defendants, this letter brief in reply to plaintiffs' opposition to defendants' motion to compel proper and immediate responses to Defendants' Finished CRT Products Discovery Requests.[1]

Defendants are not aware of any evidence that they engaged in a purported conspiracy to set the prices of finished CRT products.  The investigation by the Department of Justice ("DOJ") that generated this litigation is only about alleged price-fixing of tubes, and the DOJ's amnesty applicant, Chunghwa Picture Tubes Ltd. ("Chunghwa"), in response to requests for admissions in this case, specifically admitted that it has no knowledge of a finished CRT products conspiracy. Defendants are now entitled to learn through discovery the facts, if any, that plaintiffs claim support their opposite assertion – that there was a supposed conspiracy to set the prices of CRT televisions and monitors, about which defendants and the amnesty applicant are all unaware.

Indeed, plaintiffs still cannot answer the simple question posed by defendants' Motion: Do plaintiffs have any factual basis to support the assertion in their complaints that defendants engaged in a conspiracy to fix the prices of finished CRT products?  Instead, plaintiffs continue to refuse to answer Defendants' Finished CRT Products Discovery Requests for the supposed reasons that (i) providing proper responses would be "pointless" because answering defendants' discovery would not resolve the question whether this case involves a conspiracy to set the prices of finished CRT products; (ii) it is too much work for plaintiffs to respond; (iii) plaintiffs' responses would be tentative; and, (iv)

---

[1]  *See* Letter from Jeffrey L. Kessler to Judge Legge, dated September 3, 2010 [Dkt. No. 753] ("Motion") (defining "Defendants' Finished CRT Products Discovery Requests"); Letter from Guido Saveri and Mario Alioto to Judge Legge, dated September 20, 2010 [Dkt. No. 761] ("Opposition" or "Opp'n").

NEW YORK | LONDON multinational partnership | WASHINGTON, DC
ALBANY | ALMATY | AUSTIN | BEIJING | BOSTON | BRUSSELS | CHARLOTTE | CHICAGO | DUBAI
FRANKFURT | HARTFORD | HONG KONG | HOUSTON | JACKSONVILLE | JOHANNESBURG (PTY) LTD. | LOS ANGELES
MILAN | MOSCOW | PARIS multinational partnership | RIYADH affiliated office | ROME | SAN FRANCISCO | SILICON VALLEY | WARSAW

September 30, 2010
Page 2

plaintiffs' responses will not expose a basis for a Rule 11 motion.  As set forth below, each of these arguments is without merit.  Indeed, pursuant to the case-by-case test urged by plaintiffs from *In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328 (N.D. Cal. 1985) ("*In re Convergent*"), there is substantial justification to compel plaintiffs to provide immediate and proper responses to the discovery at issue.

> **1.    Proper Responses to Defendants' Finished CRT Products Discovery Requests Would Significantly Streamline the Scope of Discovery in this Case**

Plaintiffs assert that it would be "pointless" to properly respond to defendants' finished CRT products discovery because answering the requests would not determine once and for all whether this case properly involves an alleged conspiracy to set the prices of finished CRT products.  Opp'n at 1, 7.  Plaintiffs assert that this controverted issue can be determined only through summary judgment and that, leading up to summary judgment, plaintiffs are entitled to whatever discovery they wish as regards finished CRT products based on the mere fact that the complaints have survived motions to dismiss.  Plaintiffs' assertions are without merit.  *Id.* at 7-8.

Plaintiffs cannot dispute a critical benefit that will be achieved by immediate and proper responses to Defendants' Finished CRT Products Discovery Requests:  proper responses to Defendants' Finished CRT Products Discovery Requests will enable the Court to better balance the burdens and relevance in determining the appropriate scope of discovery.  Indeed, proper responses will help to determine the proper scope of information defendants should be required to search for, review, and produce as regards finished CRT products.  As a result, discovery going forward may be significantly streamlined.  This is a sufficient justification, by itself, to compel plaintiffs to respond to Defendants' Finished CRT Products Discovery Requests.  *See, e.g., In re Convergent*, 108 F.R.D. at 338 (early interrogatories "to develop the evidentiary basis for the claims" are appropriate where responses could streamline the litigation).

Moreover, despite plaintiffs' claim, they are not entitled to unrestricted discovery regarding finished CRT products simply because the complaints have survived motions to dismiss.  In cases where complaints have been upheld on motions to dismiss, discovery is still governed by Federal Rule 26 and is subject to the court's broad discretion to define its scope and to balance burdens and relevance.  *See, e.g., Westchester Fire Ins. Co. v. Household Int'l, Inc.*, 167 Fed. Appx. 895, 899 n.2 (3d Cir. 2006) (holding that "the District Court did not exceed the permissible bounds of" its "wide latitude in structuring discovery" by "requiring [plaintiffs] to make a preliminary showing that they can satisfy" certain elements of their claims before allowing broad discovery to go forward; rejecting plaintiffs' argument that they are "entitled to full discovery once their claims survived [defendants'] motion to dismiss"); *Umbach v. Carrington Inv. Partners (US), LP*, No. 3:08 CV 484(EBB), 2009 WL 3287537, at *3 (D.Conn. Oct. 9, 2009) (holding that plaintiff is not permitted to seek limitless discovery of relevant material following motions to dismiss and denying plaintiff's motion to compel discovery that is overly broad and unduly burdensome).

September 30, 2010
Page 3

   2.     **The Purported Burdens Identified by Plaintiffs Do Not Justify Their Continued Refusal to Properly Respond to Defendants' Finished CRT Discovery Requests**

Plaintiffs claim that they are not required to answer the discovery at issue because providing proper responses would be "an enormous amount of work." Opp'n at 5. But plaintiffs have no answer to the fact that they should have already made an inquiry into the factual basis for their finished CRT products conspiracy claims prior to filing the complaints. *See* Fed. R. Civ. P. 11. Plaintiffs should thus face little additional "work" in identifying the facts they claim to have relied upon in alleging a finished CRT products conspiracy.

Plaintiffs assert that answering the discovery would supposedly involve "not only a catalog of the hundreds of meetings attended by Defendants, but also the structure of the market, the interrelationships of Defendants that are part of corporate families, Defendants' use of trade associations and trade events to facilitate the conspiracy, and much more." Opp'n at 2. However, this makes no sense. Plaintiffs have never alleged that there were "hundreds of meetings" where defendants set the prices of finished CRT products. Plaintiffs' new assertion that there were such meetings only underscores defendants' belief that plaintiffs' allegations of a finished CRT products conspiracy have no evidentiary basis at all, or are based solely on the evidence regarding the alleged tubes conspiracy. Indeed, the DOJ investigation that spawned this lawsuit is limited to price-fixing of tubes, as demonstrated by Chunghwa's admissions that it has supplied no evidence regarding a finished CRT products conspiracy. *See* Responses by Chunghwa to Defendants' Requests for Admissions [Dkt. No. 753-5].

   3.     **Plaintiffs' Objection that Their Responses to Defendants' Finished CRT Products Discovery Requests Would Be Tentative Makes No Sense**

Plaintiffs also assert that they are not required to answer defendants' discovery because it is premature.[2] Plaintiffs claim their responses would be "tentative and incomplete" because they purportedly have not had an "opportunity to conduct meaningful discovery." Opp'n at 5. However, there is no reason why plaintiffs cannot provide a complete answer to the discovery at issue now with the information plaintiffs relied upon at the time they filed their complaints, and there is no reason why such responses would need to be amended as discovery goes forward. All that the discovery requests are seeking is the information plaintiffs claim they relied upon to support their allegations of a finished CRT products conspiracy. For this reason, this same objection has repeatedly been rejected by courts.

---

[2] Plaintiffs purport to distinguish *Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535 (D. Kan. 2006) and *Cont'l Illinois Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682 (D. Kan. 1991) ("*Continental*") on the ground that the courts in those cases did not explain *when*, during a litigation, plaintiffs may be required to respond to contention discovery. That is incorrect. Each of those decisions addresses "early" contention discovery and holds that plaintiffs' must reveal the factual basis for allegations made in complaints "without delay and as early as required." *See Johnson*, 236 F.R.D. at 544-45; *Continental*, 136 F.R.D. at 689.

September 30, 2010
Page 4

*See Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 651 (C.D. Cal. 1997) (if the concern in answering an interrogatory is that the answer may limit the party's proof at trial, "[such a] concern is misplaced in that, among other things, the trial court may permit the withdrawal or amendment of an answer to an interrogatory."); *United States ex. rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649-50 (C.D. Cal. 2007) (where defendants seek the factual basis for complaint allegations, an objection that "discovery has only just begun makes no sense at all.").

**4.    Plaintiffs' Claim That It Is Too Early to Answer Contention Discovery that May Expose a Basis for a Rule 11 Motion Is Also Incorrect**

The case law recognizes – and plaintiffs do not dispute – that early contention discovery is appropriate where, as here, the discovery seeks the factual basis for specific allegations made in a complaint and, thus, may expose a basis for a Rule 11 motion. *See, e.g., Cable & Computer Tech.*, 175 F.R.D. at 651-52; *O'Connell*, 245 F.R.D. at 649-650; *Johnson*, 236 F.R.D. at 544-45; and *Continental*, 136 F.R.D. at 689. Instead, plaintiffs claim that there is an insufficient basis for requiring plaintiffs to answer Defendants' Finished CRT Products Discovery Requests given (i) the fact that the Court has held that the complaints contain plausible allegations of a finished CRT products conspiracy, and (ii) the fact that "Defendants failed to make an evidentiary showing to the contrary."[3] Opp'n at 9. Both claims are beside the point. First, the fact that the Court has ruled that plaintiffs' finished CRT products conspiracy claims are "plausible" as a matter of pleading is an issue wholly separate from whether plaintiffs had a good faith *factual* basis for alleging these claims in the first place. Second, plaintiffs' argument ignores the fact that the only *evidence* in the record on this issue was presented to the Court *by defendants* and obtained by them from Chunghwa, which unequivocally admitted that it has not supplied plaintiffs with any factual basis for alleging a conspiracy to set the prices of finished CRT products.[4] Dkt. No. 753-5.

Nor is there any merit to plaintiffs' claim that it is improper to consider any Rule 11 inquiry until after summary judgment. Opp'n at 9-10. This is not the law. *See, e.g., Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998) ("In light of the clear language and intent of the amended Rule, we agree with the Sixth Circuit that 'a party cannot wait until after summary judgment to move for sanctions under Rule 11.'") (citation omitted). The whole purpose of Rule 11 is to protect the parties

---

[3] *See Johnson*, 236 F.R.D. at 544-45 ("Plaintiff is not entitled to withhold discovery information until he has obtained to his own satisfaction all discovery from Defendants.").

[4] Plaintiffs claim that the Chunghwa admissions are not "evidence" because they are "inadmissible hearsay," but the authorities cited by plaintiffs address the admissibility only of "deemed" admissions (where the responding party failed to respond at all). By contrast, courts routinely hold that responses to requests for admissions are *not* hearsay. *See e.g., Simmons v. County of Los Angeles*, No. CV 04-9731 SVW (JC), 2009 WL 6769335 (C.D. Cal. Sept. 1, 2009) (relying on defendants' responses to requests for admissions in deciding motion for summary judgment); *Marks v. Chicoine*, No. C 06-06806 SI, 2007 WL 2408885, at *2 (N.D. Cal. Aug. 21, 2007) (holding that responses to requests for admissions are admissible). In any event, the Court may consider such responses in resolving discovery disputes, even if the responses are not admissible at trial.

September 30, 2010
Page 5

and the court from being subject to the burdens of litigation without any factual basis for doing so.

**5.      The Authorities Cited by Plaintiffs Support *Defendants'* Position that the Finished CRT Products Discovery Requests are Both Timely and Proper**

Finally, none of the authorities cited by plaintiffs justify their continued refusal to provide immediate and proper responses to Defendants' Finished CRT Products Discovery Requests. For example, the interrogatories identified by plaintiffs from *In re Convergent*, to which the court did not compel responses, requested that plaintiffs "articulate how inside director defendants . . . exercised control over various reports and statements made by defendant . . . and to disclose all facts and identify all documents that relate in any way to the allegations that these two defendants exercised such control." *In re Convergent*, 108 F.R.D. at 341. Here, by contrast, defendants are not asking plaintiffs to articulate any legal theory or to identify all facts and documents that are in any way related to such theory. Instead, defendants are merely requesting the facts plaintiffs were aware of and relied upon in alleging a finished CRT products conspiracy in the complaints. The court in *In re Convergent* held that this type of factual "contention" discovery *is* appropriate, even in the early stages of a litigation. *Id.* ("The court can see no good reason, however, why plaintiffs should not promptly disclose to defendants all documents in plaintiffs' control that support or contradict any of the controverted allegations in their Consolidated Amended Complaint.").[5] Moreover, the part of the motion to compel in *In re Convergent* that was denied was based on the fact that "Defendants [had] much greater access to evidence concerning their own behavior," *i.e.*, whether defendants "exercised control." Opp'n at 5. Here, by contrast, defendants have no idea what evidence plaintiffs claim they relied upon in making the finished CRT products allegations in their complaints.

In *City and County of San Francisco v. Tutor Saliba Corp.*, 218 F.R.D. 219 (N.D. Cal. 2003), another case cited by plaintiffs, contention discovery was not at issue. Instead, the court held that pursuant to Federal Rule 26(a)(1)(C), plaintiffs "should provide its assessment of damages in light of the information currently available to it in sufficient detail so as to enable each of the multiple Defendants in this case to understand the contours of its potential exposure and make informed decisions as to settlement and discovery." *Id.* at 221. If anything, this decision supports defendants' position, not plaintiffs'.[6]

---

[5] Plaintiffs' Opposition fails to meaningfully address the authority cited by defendants in their Motion. For example, plaintiffs attempt to distinguish *Cable & Computer Tech.* and *O'Connell* on the ground that the interrogatories at issue in those cases sought information uniquely within plaintiffs' knowledge. Opp'n at 5. But, the same is true here – defendants have no clue what evidence plaintiffs are claiming they relied upon in making the finished CRT products allegations in their complaints.

[6] Defendants previously distinguished the remaining authority cited by plaintiffs, which the Opposition simply ignores. *See* Motion at 7 (distinguishing *Kim v. City of Santa Clara*, No. C 09-0025 RS, 2009 WL 4021389 (N.D. Cal. Nov. 19, 2009), *Gen-Probe, Inc. v. Becton, Dickinson & Co.*, No. 09 CV 2319 BEN (NLS), 2010 WL 2011526 (S.D. Cal. May 19, 2010), and *In re Wells Fargo Residential Mortg. Lending Discrimination Litig.*, No. C 08-1930 MMC (JL), 2009 WL 1771368 (N.D. Cal. June 19, 2009)).

September 30, 2010
Page 6


       For all the foregoing reasons and for the reasons set forth in defendants' Motion, plaintiffs should be compelled to provide immediate and proper responses to Defendants' Finished CRT Products Discovery Requests.


Respectfully submitted,


s/ Jeffrey L. Kessler
Jeffrey L. Kessler

cc:    All Counsel via ECF