# Exhibit A
**to**
**Webb Declaration**

# Exhibit A
**to**
**Webb Declaration**

# In The Matter Of:

*CRAGO, INC., et al.*

*v.*

*CHUNGHWA PICTURE TUBES, LTD.*

_____

*PROCEEDINGS - Vol. 1*

*August 24, 2010*

_____

**MERRILL CORPORATION**
LegaLink, Inc.
135 Main Street
4th Floor
San Francisco, CA 94105
Phone: 415.357.4300
Fax: 415.357.4301

```
                                                                    1
 1
 2
      In Re:  CATHODE RAY TUBE (CRT)       )
 3           Antitrust Litigation          )
                                           )
 4    CRAGO, INC., et al.,                 )
                                           )  No. 07-5944 SC
 5                      Plaintiffs,        )  MDL No. 1917
                                           )  JAMS Reference
 6         vs.                             )  No. 1100054618
                                           )
 7    CHUNGHWA PICTURE TUBES, LTD.,        )
                                           )
 8                      Defendants.        )
                                           )
 9    _____)
10
11
12                          PROCEEDINGS
13                        AUGUST 24, 2010
14                             JAMS
15                     Two Embarcadero Center
16                          Suite 1500
17                   San Francisco, California
18        Before the Honorable Charles A. Legge (Ret.)
19
20    Reported by:  Karen Friedman, CSR 5425
21
22
23
24
25
```

```
                                                                    2
 1                    A P P E A R A N C E S
 2   SAVERI & SAVERI
     By:  R. ALEXANDER SAVERI, Attorney at Law
 3        GUIDO SAVERI, Attorney at Law
          GEOFFREY C. RUSHING, Attorney at Law
 4        706 Sansome Street
          San Francisco, California 94111
 5        415-217-6813
 6   SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
     BY:  DYLAN BALLARD, Attorney at Law
 7        DAVID GARCIA, Attorney at Law
          Four Embarcadero Center, 17th Floor
 8        San Francisco, California 94111
          415-434-9100
 9
     ARNOLD & PORTER, LLP
10   BY:  ERIC SHAPLAND, Attorney at Law
          RONALD REDCAY, Attorney at Law
11        777 South Figueroa Street, 44th Floor
          Los Angeles, California 90017
12        213-243-4238
13   PEARSON, SIMON, WARSHAW & PENNY, LLP
     By:  BRUCE SIMON, Attorney at Law
14        44 Montgomery Street, Suite 2450
          San Francisco, California 94104
15        415-433-9008
16   ZELLE, HOFMANN, VOELBEL &  MASON, LLP
     BY:  DEMETRIUS X. LAMBRINOS, Attorney at Law
17        JUDITH A. ZAHID, Attorney at Law
          QIANWEI FU, Attorney at Law
18        CRAIG CORBITT, Attorney at Law
          44 Montgomery Street, Suite 3400
19        San Francisco, California 94104
          415-693-0700
20
     DEWEY & LeBOEUF
21   BY:  JEFFREY L. KESSLER, Attorney at Law
          EVA COLE, Attorney at Law
22        1301 Avenue of the Americas
          New York, New York 10019
23        212-259-8050
     /
24   //
     ///
25   ///
```

PROCEEDINGS - 8/24/2010

```
                                                                    3
 1                    A P P E A R A N C E S
 2   TRUMP, ALIOTO, TRUMP & PRESCOTT
     BY:   MARIO ALIOTO, Attorney at Law
 3         LAUREN C. RUSSELL, Attorney at Law
           MARION ALIOTO, Attorney at Law
 4         2280 Union Street
           San Francisco, California 94123
 5         415-563-7200
 6   COOPER & KIRKHAM, P.C.
     BY:   TRACY R. KIRKHAM, Attorney at Law
 7         357 Tehama Street, Second Floor
           San Francisco, California 94103
 8         415-788-3030
 9   O'MELVENY & MYERS
     BY:   IAN SIMMONS, Attorney at Law
10         PATRICK HEIN, Attorney at Law
           1625 I Street NW
11         Washington, D.C. 20006
           202-383-5300
12
     MORGAN, LEWIS & BOCKIUS
13   BY:   DIANE WEBB, Attorney at Law
           JASON ALLEN, Attorney at Law
14         One Market Street, Spear St. Tower
           San Francisco, California 94105
15         415-442-1000
16   KAPLAN, FOX & KILSHEIMER, LLP
     BY:   GARY L. SPECKS, Attorney at Law
17         423 Sumac Road
           Highland Park, Illinois 60035
18         847-831-1585
19   SYLVIE K. KERN, Attorney at Law
           2532 Lake Street
20         San Francisco, California 94121
           415-221-5763
21
     GIBSON, DUNN & CRUTCHER, LLP
22   BY:   RACHEL S. BRASS, Attorney at Law
           555 Mission Street
23         San Francisco, California 94105
           415-393-8200
24   /
     //
25   ///
```

PROCEEDINGS - 8/24/2010

```
                                                            4
 1                A P P E A R A N C E S
 2    HOWREY, LLP
      BY:   EMILY MAXWELL, Attorney at Law
 3          525 Market Street, # 3600
            San Francisco, California 94105
 4          415-848-4947
 5    BAKER & McKENZIE
      BY:   PATRICK AHERN, Attorney at Law
 6          130 East Randolph Drive
            Chicago, Illinois 60601
 7          312-698-2034
 8    HAUSFIELD, LLP
      BY:   MIKE LEHMAN, Attorney at Law
 9          44 Montgomery Street, Suite 3400
            San Francisco, California 94014
10          415-633-1900
11    BAKER & McKENZIE, Attorneys at Law
      BY:   PATRICK AHERN, Attorney at Law
12          Two Embarcadero Center, 11th Floor
            San Francisco, California 94111
13          415-576-3000
14
      FRESHFIELDS
15    BY:   CHRISTINE LACIAK, Attorney at Law
            701 Pennsylvania Avenue NW
16          Suite 600
            Washington, D.C. 20004
17          202-777-4500
18
19
                          --oOo--
20
21
22
23
24
25
```

50

 1   that to be able to make any progress and to get started
 2   and talk about the subject of discovery regarding the
 3   CRT products.
 4           Now, the plaintiffs have been successful in
 5   convincing me and convincing Judge Conti that CRT
 6   products are a subject of this litigation, as well as
 7   the CRTs themselves.  But having crossed that pleading
 8   barrier successfully, the plaintiffs have still got the
 9   obligation to produce information.  And what information
10   do you have to support the claim that this conspiracy
11   did involve CRT products.
12           Now, and I think you've got an obligation to
13   come forward and say, "All right, here's the information
14   we know now."  That doesn't mean that you're going to
15   get a summary judgment motion back from the defendants
16   based upon nothing, by that affirmation, where you have
17   had no chance to get discovery from defendants.  I think
18   this is an issue on which there has got to be discovery
19   going both ways.  And what bothers me about it is that
20   it looks to me like that could be pretty much
21   coextensive with the discovery on the rest of the case.
22   It seems it's so interrelated that it's going to be hard
23   to pull apart a document request pertaining to CRT
24   products from one pertaining to the merits of conspiracy
25   of CRT tubes.

51

 1          So I don't know quite what to do about it.  I
 2   start with the premise that you're both entitled to
 3   discovery from the other on this issue.  And that there
 4   isn't going to be any summary judgment motion to try to
 5   knock this cause of action out until there is a
 6   reasonable completion of discovery.
 7          It doesn't have to be everything in the case,
 8   but a reasonable completion, so that both sides have
 9   adequate information.  And I can see it to see if
10   there's enough support, evidentiary support, not
11   pleading support, but to support a claim with respect to
12   CRT products.
13          So, what are your thoughts?  I guess really
14   it's defendants.  You're the one who is asking, first of
15   all, for the discovery against them.
16          MR. KESSLER:  Jeff Kessler.
17          JUDGE LEGGE:  By the way, let me interrupt one
18   second.  Three of these sign-up sheets have been
19   returned to me.  Is there anyone who has not signed the
20   sign-in sheets?  Okay.  This will be it.
21          MR. KESSLER:  Jeffrey Kessler.  Your Honor, I
22   think that there is much to what you've said.
23          JUDGE LEGGE:  Comes now the "but."
24          MR. KESSLER:  But the issue is a little more
25   complicated, as it sometimes is here, so if I can try to

59

1  think your Honor will be influenced by what this case is
2  really about; which is what I think they'll argue in the
3  contention arguments.
4          MR. SIMMONS:  Ian Simmons for Samsung
5  Electronics.
6          I was just going to make a point you have in
7  there that there are some defendants that do both and
8  some defendants that do one but not the other.  So I
9  would underscore that, and I would also underscore, from
10 my perspective, we're meeting-and-conferring with the
11 other side.  My discussions with the other side thus
12 far, as I represent entities that are only on the
13 finished product side -- we're not tube makers -- my
14 discussions are ongoing.  So I don't think we should be
15 putting all this before you; my discussions thus far
16 have not been any kind of subject matter limitations,
17 but custodians.
18         JUDGE LEGGE:  The question is where the stuff
19 is.
20         MR. SIMMONS:  Whatever, the subject is CRT
21 products, There's different, defendants are different
22 stripes, different flavors.  So what I'm trying to
23 impress upon you, your Honor, I know you want the case
24 to move forward.  You've got a limited stay in effect
25 until November.

71

1   markets -- tubes, probably, but in foreign markets,
2   without an impact on the United States.  You see, that's
3   a genuine dividing line that's very important.  I agree
4   that they should not be contesting the production of a
5   document that's relevant to an American sale just
6   because it's located overseas.
7           On the other hand, they have a right to object
8   to producing information that went to foreign countries
9   that stayed in foreign countries.
10          MR. KESSLER:  Your Honor has just stated
11  exactly the position of my company, and I believe the
12  position of all the defendants.
13          JUDGE LEGGE:  It's not rocket science.
14          MR. SPECKS:  The cases are legion.  Intel case,
15  and the Aspartane case.
16          JUDGE LEGGE:  You may reject a particular case.
17  But this is a case involving impact on a United States
18  market.
19          MR. SPECKS:  Absolutely, your Honor.  But we
20  allege international conspiracy, and under the
21  appropriate case law, you're entitled to show the full
22  range of the conspiracy.  We allege a conspiracy that
23  impacted not only the United States but various
24  countries of the world.
25          JUDGE LEGGE:  I see what you're saying.  But

73

1   to the second, which is the FTIAA, which is foreseeable,
2   and is in the United States. And if we get to the point
3   where we're talking about cutting off any discovery on
4   FTIAA, we've got to be very careful.
5           JUDGE LEGGE:  I understand what you're talking
6   about. We've got to have a vocabulary. And the basic
7   distinction, I believe, is if your conspiracy is
8   alleging an impact on the United States, you get it. If
9   all you can show is sale to a foreign market that stays
10  in a foreign market, I've got trouble with it.
11          MR. KESSLER:  Your Honor --
12          MR. SIMON:  Jeff, excuse me. Can I make a last
13  point. I just want to say, I've said this in other
14  hearings, but again, it's not something any of us can
15  decide on the fly. But these are vertically integrated
16  companies, that have the tube manufacturer going down to
17  the finished product manufacturer; most of them are.
18          JUDGE LEGGE:  I was just going to say, that's
19  not quite literally true.
20          MR. SIMON:  Well, yes. Most of them are. They
21  make the tube and they put it in their own finished
22  product. And even if that tube is assembled in
23  Malaysia, the finished product comes to the United
24  States, just so you're clear on the plaintiffs'
25  position, that's an impact on United States commerce.

PROCEEDINGS - 8/24/2010

```
                                                           114
 1

 2          I, KAREN A. FRIEDMAN, a Certified Shorthand

 3   Reporter, hereby certify that the foregoing proceedings

 4   were taken in shorthand by me at the time and place

 5   therein stated, and that the said proceedings were

 6   thereafter reduced to typewriting, by computer, under my

 7   direction and supervision.

 8

 9             DATED: _____, 2010.

10

11                         _____

12                         KAREN A. FRIEDMAN, CSR 5425

13

14

15

16

17

18

19

20

21

22

23

24

25
```