# Exhibit H
### to
### Webb Declaration

# Exhibit H
### to
### Webb Declaration

1  MARIO N. ALIOTO, ESQ. (56433)
   LAUREN C. RUSSELL, ESQ. (241151)
2  TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
   2280 Union Street
3  San Francisco, CA 94123
   Telephone: (415) 563-7200
4  Facsimile: (415) 346-0679
5  E-mail: malioto@tatp.com
   laurenrussell@tatp.com
6
7  *Interim Lead Counsel for the*
   *Indirect Purchaser Plaintiffs*
8

9                    **UNITED STATES DISTRICT COURT**

10                  **NORTHERN DISTRICT OF CALIFORNIA**

11  | **IN RE: CATHODE RAY TUBE (CRT)** | ) | Master File No. CV-07-5944 SC |
    | **ANTITRUST LITIGATION** | ) | |
12  | | ) | MDL No. 1917 |
13  | | ) | |
    | | ) | |
14  | This Document Relates To: | ) | **INDIRECT PURCHASER PLAINTIFFS'** |
    | | ) | **SECOND REQUEST FOR PRODUCTION** |
15  | ALL INDIRECT PURCHASER ACTIONS | ) | **OF DOCUMENTS FROM DEFENDANTS** |
16  | | ) | |
17  | | ) | |

18  **PROPOUNDING PARTY: INDIRECT PURCHASER PLAINTIFFS**

19  **RESPONDING PARTY:    ALL DEFENDANTS**

20  **SET NO.          TWO (2)**
21

22        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Indirect

23  Purchaser Plaintiffs hereby request that each Defendant respond separately to the following

24  requests for production of documents ("Requests"), and produce the documents specified herein,

25  at a location agreed upon by counsel, within thirty (30) days from the date the Defendant

26  receives these Requests.

27

28

1

## DEFINITIONS

2      As used herein, the following terms have the meanings indicated below:

3      1.      "All" should be construed to include the collective as well as the singular and

4    shall mean "each," "any," and "every."

5      2.      "Any" shall be construed to mean "any and all."

6      3.      "Or" and "and" should be construed so as to require the broadest possible

7    response. If, for example, a request calls for information about "A or B" or "A and B," you

8    should produce all information about A and all information about B, as well as information

9    about A and B collectively.  In other words, "or" and "and" should be read as "and/or."

10     4.      "Including" is used to illustrate only, and should not be construed as limiting in

11   any way.

12     5.      "Defendant" means any company, organization, entity or person originally,

13   presently or subsequently named as a defendant in this litigation, as well as each such

14   Defendant's predecessors, successors, subsidiaries, departments, divisions and/or affiliates.

15   "Defendant" also includes Daewoo International Corporation, Daewoo Electronics Corporation,

16   Orion Electric Company, Daewoo-Orion Société Anonyme, Tatung Company, Panasonic

17   Consumer Electronics Company, MT Picture Display Corporation of America (New York), MT

18   Picture Display Corporation of America (Ohio), MT Picture Display (Malaysia) Sdn. Bhd., MT

19   Picture Display (Thailand) Co., Ltd., PT.MT Picture Display Indonesia, Matsushita Electronic

20   Corporation (Malaysia) Sdn. Bhd., Toshiba Display Devices (Thailand) Company, Ltd.,

21   LG.Philips Displays, Philips Consumer Electronics Co., Shenzhen SEG Hitachi Color Display

22   Devices Co., Ltd., Thomson S.A., TCL International Holdings, Ltd., TCL Corporation, TCL-

23   Thomson Electronics ("TTE") Corporation, Hua Fei Colour Display Systems Company Limited,

24   and each such Defendant's predecessors, successors, subsidiaries, departments, divisions or

25   affiliates.

26     6.      "Document(s), data, and tangible things" is used in the broadest possible sense

27   and has the meaning set forth in Federal Rule of Civil Procedure 34 including, but not limited

28   to: writings; records; files; correspondence; reports; memoranda; calendars; diaries; minutes;

**2**

1 electronic messages; voicemail; E-mail; telephone message records or logs; computer and
2 network activity logs; hard drives; backup data; removable computer storage media such as
3 tapes, disks, and cards; printouts; document image files; Web pages; databases; spreadsheets;
4 software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements;
5 worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations;
6 drawings; films; charts; digital or chemical process photographs; video, phonographic, tape, or
7 digital recordings or transcripts thereof; drafts; jottings; and notes. Information that serves to
8 identify, locate, or link such material, such as file inventories, file folders, indices, and metadata,
9 is also included in this definition.

10    7.    "All Documents" means every document and every non-identical copy known to
11 you and every such document or writing which you can locate or discover by reasonably diligent
12 efforts, including, but not limited to, all drafts of documents now in the possession, custody or
13 control of any defendant, its merged or acquired predecessors, former and present directors,
14 officers, counsel, agents, employees and/or persons acting on its behalf.

15    8.    "Electronically stored information" ("ESI") has the same full meaning as
16 construed by Fed. R. Civ. P. 26 and 34 and includes, without limitation, the following:

17         a.    activity listings of electronic mail receipts and/or transmittals;

18         b.    output resulting from the use of any software program, including without
19 limitation word processing documents, spreadsheets, database files, charts, graphs and outlines,
20 electronic mail, AOL Instant Messenger (or similar program) or bulletin board programs,
21 operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all
22 miscellaneous media on which they reside and regardless of whether such electronic data exist
23 in an active file, deleted file, or file fragment;

24         c.    any and all items stored on computer memories, hard disks, floppy disks,
25 CD-ROM, magnetic tape, microfiche, or on any other vehicle for digital data storage and/or
26 transmittal, including without limitation a personal digital assistant, e.g., Palm Pilot, Blackberry,
27 Treo or other device.

28

**3**
**INDIRECT PURCHASER PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

1   9. "You," "your" or "your company" means the Defendant responding to these

2   Requests, its predecessors, successors, subsidiaries, departments, divisions and/or affiliates,

3   including without limitation any organization or entity which the responding Defendant

4   manages or controls, together with all present and former directors, officers, employees, agents,

5   representatives, or any persons acting or purporting to act on behalf of the responding

6   Defendant.

7   10. "Subsidiary," "affiliate" and "joint venture" refer to any entity or person in which

8   you have any financial or ownership interest.

9   11. "Person" shall refer to natural persons, firms, joint owners, associations,

10   companies, partnerships, joint ventures, corporations, trusts, estates, agencies, departments or

11   bureaus (governmental or private), and any other form of business, governmental or juridical

12   person or legal entity.

13   12. "Employee" means, without limitation, any current or former officer, director,

14   executive, manager, secretary, messenger, agent, independent contractor or other person who is

15   or was employed by a Defendant.

16   13. "Relating to," "referring to," "regarding," or "with respect to" mean without

17   limitation discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating,

18   estimating, constituting, concerning, containing, mentioning, studying, surveying, projecting,

19   assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in

20   whole or in part.

21   14. "Meeting" means, without limitation, any assembly, convocation, encounter, or

22   contemporaneous presence of two or more persons for any purpose, whether planned or

23   arranged, scheduled or not.

24   15. "Communication" and "communications" are used in a comprehensive sense and

25   shall mean and include every conceivable manner or means of disclosure, transfer or exchange

26   of oral or written information (in the form of facts, ideas, inquiries or otherwise) between one or

27   more persons or entities including, but not limited to, writings, documents, inter- and intraoffice

28

**4**

1  memoranda, correspondence, meetings, conferences, conversations, and/or agreements, whether

2  face-to-face, by telephone, by mail, by telecopier, by telex, by computer or otherwise.

3      16.    "Antitrust regulatory authority" means any governmental antitrust regulatory or

4  investigative entity, whether domestic or foreign, including but not limited to the United States

5  Department of Justice, European Commission, Japanese Fair Trade Commission, or Korea Fair

6  Trade Commission.

7      17.    "Studies" and/or "analyses" includes all reports, memoranda, statistical

8  compilations, reviews, audits and other types of written, printed, or electronic submissions of

9  information.

10      18.    "Competitor" means any Defendant and all persons other than you that

11  manufacture or sell CRTs and/or CRT Products.

12      19.    "Selling," "sold," or "sale" means selling, swapping, trading, or otherwise

13  transferring.

14      20.    "Price" means the price paid by a third party or the internal transfer price

15  recorded or otherwise used in connection with a sale to a subsidiary, department, division, or

16  affiliate.

17      21.    "CRTs" means cathode ray tubes. "CRT Products" means products containing

18  CRTs, such as televisions and computer monitors.

## INSTRUCTIONS

20      1.    To the extent documents or ESI responsive to any of these Requests have already

21  been produced to Plaintiffs, there is no need to produce those documents a second time. Instead,

22  please provide the Bates numbers of any responsive documents already produced.

23      2.    This document request calls for the production of all responsive documents and

24  ESI in your possession, custody or control without regard to the physical location of such

25  documents.

26      3.    In producing documents, ESI and other materials, you must furnish all

27  documents, ESI or things in your possession, custody or control, regardless of whether such

28  documents, ESI or materials are possessed directly by you or your directors, officers, agents,

**5**

1    employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your
2    attorneys or their agents, employees, representatives or investigators.

3        4.      In producing documents and ESI, you must produce the original of each
4    document requested together with all non-identical copies and drafts of that document. If the
5    original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be
6    legible and bound or stapled in the same manner as the original (to the extent this is known).

7        5.      Pursuant to Federal Rule of Civil Procedure 34(b), documents shall be produced
8    as they are kept in the usual course of business and shall be organized and labeled to identify
9    any file number, file name, or any other file identification system utilized by the responding
10   party, as well as the location and custodian of such records. These Requests include Plaintiffs'
11   request to physically inspect any file drawer, filing cabinet or any other storage device where
12   documents responsive to these requests are maintained at the time of the inspection of such
13   documents.

14       6.      Documents attached to each other should not be separated. If any portion of any
15   document is responsive to any portion of the document requests below, then the entire document
16   must be produced.

17       7.      All documents produced should be numbered sequentially, with a unique number
18   on each page, and with a prefix identifying the party producing the document.

19       8.      Documents shall be produced in such fashion as to identify the department,
20   branch or office in whose possession they were located and, where applicable, the natural person
21   in whose possession they were found (*i.e.*, the document custodian) and the business address of
22   each document custodian.

23       9.      Pursuant to Federal Rule of Civil Procedure 34(b)(1)(C), the responding party
24   must produce any ESI in its native format. If ESI in its native format can only be accessed by
25   proprietary or legacy software, the responding party shall receive all information and software
26   necessary to access the ESI.

27

28

1    10.    If any responsive document was, but no longer is, in the possession of or subject

2    to your control, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been

3    transferred, voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of.

4    11.    In each instance in which a document once existed and subsequently is lost,

5    missing, destroyed or otherwise disposed of, explain the circumstances surrounding the

6    disposition of the document, including but not limited to:

7            a.    the identity of the person or entity who last possessed the document;

8            b.    the date or approximate date of such disposition; and

9            c.    the identity of all persons who have or had knowledge of the document's

10                 contents.

11   12.    In the event that you object to any document request on the ground of privilege or

12   work product, a statement shall be provided as to each document which includes:

13           a.    the name of the author of the document;

14           b.    the name of the recipient of the document;

15           c.    the names of the persons to whom copies were sent;

16           d.    the job title of every individual named in (a), (b), and (c) above;

17           e.    the date the document was created, sent, and received;

18           f.    the location of the document;

19           g.    the custodian of the document;

20           h.    a brief description of the nature and subject matter of the document; and

21           i.    a statement of the privilege asserted and each and every fact or basis upon

22   which a privilege is claimed or on which the document is otherwise withheld.

23           Notwithstanding the assertion of any objection to production, if a document contains

24   non-objectionable or non-privileged matter, please produce that document, redacting that

25   portion for which the objection is asserted, provided that the identification requested in

26   paragraphs (h) and (i) above are furnished. A log itemizing each of these documents and this

27   corresponding information that forms the basis for your objection on privilege or work product

28   grounds shall be served contemporaneously with your responses to these document requests.

7

INDIRECT PURCHASER PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

1     13.     Each document should be produced in its entirety and without deletion, redaction

2  or excisions, except as provided by Instruction 12 above, regardless of whether you consider the

3  entire document or only part of it to be relevant or responsive to these document requests. If

4  you have redacted any portion of a document, stamp the word "REDACTED" beside the

5  redacted information on each page of the document which you have redacted. Any redactions to

6  such documents produced should be identified in accordance with Instruction 12 above.

7     14.     In responding to these requests you are to include documents: (a) obtained from

8  witnesses who gave information to any antitrust regulatory authority or investigatory body; (b)

9  that constitute, or refer or relate to, summaries of testimony or other statements in connection

10  with any antitrust regulatory authority or investigatory body proceedings or investigations; or

11  (c) obtained on your behalf by counsel in preparing for testimony or interviews before any

12  antitrust regulatory authority or investigatory body.

13     15.     The following requests are continuing in nature pursuant to Rule 26(e) of the

14  Federal Rules of Civil Procedure so as to require the prompt production of supplemental or

15  additional responsive documents when you become aware of such, up to and including the time

16  of trial.

17                                    **RELEVANT TIME PERIOD**

18          Unless otherwise stated, these Requests call for the production of all documents that

19  were generated and/or maintained during the period January 1, 1995 through the present (the

20  "Relevant Time Period"). These document requests seek all responsive documents created or

21  generated during the Relevant Time Period, as well as responsive documents created or

22  generated outside the Relevant Time Period, but which contain information concerning the

23  Relevant Time Period.

24                                    **DOCUMENTS TO BE PRODUCED**

25  **Request No. 1**

26          Documents sufficient to show your corporate structure or organization throughout the

27  relevant time period, including, but not limited to, departments, divisions, parents, subsidiaries,

28  joint ventures, affiliates, or other sub-units that were engaged during any part of the relevant

**8**

**INDIRECT PURCHASER PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

1    time period in the manufacture, marketing, pricing, sale or distribution of CRTs or CRT

2    Products including, where applicable, the percentage of any stock or other interests owned by

3    each entity in the chain.

4    **Request No. 2**

5       As to each of your divisions, subdivisions, departments, units, subsidiaries, parents,

6    affiliates and joint ventures, documents sufficient to identify each employee having any

7    responsibilities or duties with respect to each of the following:

8            a.     the manufacturing or production of CRTs or CRT Products;

9            b.     the marketing of CRTs or CRT Products;

10           c.     the pricing of CRTs or CRT Products;

11           d.     the sale or distribution of CRTs or CRT Products;

12           e.     maintaining any electronic database(s), including archives of e-mails or

13    other electronic documents relating to CRTs or CRT Products.

14    **Request No. 3:**

15       Documents sufficient to describe your policies or practices with respect to the retention

16    or destruction of documents during the period January 1, 1991 through the present, and, if such

17    policy or practice has been different with respect to any category of documents or over different

18
19    times, documents sufficient to identify each such category or time period and to describe your

20    retention policy or practice with respect to each such category or time period.

21    **Request No. 4:**

22       Documents sufficient to show the manner in which you have maintained records relating

23    to CRTs or CRT Products during the period January 1, 1991 through the present, including

24    documents sufficient to describe all electronic data processing systems, programs, and outputs

25    used to record, store, compute, analyze or retrieve electronically stored information relating to

26    your pricing, production, distribution, marketing or sale of CRTs or CRT Products in and into

27    the United States.

28    //

1    **Request No. 5**

2        All documents and electronic data relating to your sales of CRTs or CRT Products

3    during the period January 1, 1991 through the present, including, but not limited to:

4                a.      customer names, customer billing addresses, and customer ship-to

5                        addresses;

6                b.      sales terms;

7                c.      sales dates and shipment dates;

8                d.      product type, class, category, description and respective use;

9                e.      sales volumes;

10               f.      unit price information, gross price, and actual net prices;

11               g.      discounts, credits and rebates;

12               h.      shipping charges and terms;

13               i.      any other related charges; and

14               j.      amounts paid, dates paid, invoice numbers, and purchase order numbers.

15   If such data are not kept, or have not been kept, in electronic form in the ordinary course of your

16   business or are otherwise not available in electronic form, please produce such data in hard

17   copy.

18   **Request No. 6:**

19       All software instructions, programs, manuals, or other documents necessary to operate,

20   run or understand any of the programs maintained on the computer-related equipment or system

21   utilized by you to maintain, gain access to or read data produced in response to Request Nos. 4-

22   5, including all record layouts, field codes or other descriptions.

23   **Request No. 7:**

24       All documents relating to polices, methods, formulas or factors to be used in

25   determining, computing or quoting prices, including rebates or discounts, in connection with the

26   sale of CRTs or CRT Products.

27   //

28   //

**Request No. 8:**

All documents relating to any published prices for CRTs or CRT Products during the period January 1, 1991 through the present, including price announcements, price lists, price schedules, price changes, or justifications or explanations of price changes communicated to customers in the United States.

**Request No. 9:**

All documents relating to contracts, offers or proposals for CRTs or CRT Products sales during the period January 1, 1991 through the present.

**Request No. 10:**

Documents sufficient to identify each of your facilities that produced CRTs or CRT Products from January 1, 1991 through the present and for each such facility, all documents relating to:

a.  capacity, rated capacity, production and capacity utilization during each year of the relevant time period;

b.  any proposed or actual change in the capacity to produce CRTs or CRT Products;

c.  any reason for changes in each facility's actual production of CRTs or CRT Products;

d.  the identity of all persons who had decision-making or supervisory responsibility regarding production of CRTs or CRT Products;

e.  each type, class, category and respective use of CRTs or CRT Products produced and the amounts of each produced during each month of the relevant time period;

f.  any production shutdowns or slowdowns of CRTs or CRT Products production and reasons for such shutdowns or slowdowns;

g.  any projected production forecasts; and

h.  any future plans to construct, joint venture or purchase fabrication plants used to manufacture or produce CRTs or CRT Products.

//

//

**Request No. 11:**

Documents sufficient to describe the processes for producing CRTs or CRT Products, including but not limited to, any industry standards.

**Request No. 12:**

All documents relating to the cost of manufacturing, marketing, selling, and distributing CRTs or CRT Products during the period January 1, 1991 through the present.

**Request No. 13:**

Documents sufficient to show your inventory levels of CRTs or CRT Products for each month, quarter, calendar year or fiscal year from January 1, 1991 through the present.

**Request No. 14:**

All documents relating to sales, swaps, trades, product licensing or marketing agreements, purchases or transfers of CRTs or CRT Products between you and any of your affiliates, or between you and any other manufacturer of CRTs or CRT Products, and the price or any other consideration involved in every such sale, swap, trade, agreement, purchase or transfer.

**Request No. 15:**

All documents and electronic data relating to the relationship between prices for CRTs or CRT Products and costs of producing, marketing, selling, or distributing CRTs or CRT Products during the period January 1, 1991 through the present.

**Request No. 16:**

All of your internal and public annual, quarterly and monthly financial statements, summaries or analyses, including profit and loss statements and comparisons to budget that relate to CRTs or CRT Products.

**Request No. 17:**

All business plans, planning analyses, budgets, forecasts, or sales or profit projections relating to CRTs or CRT Products.

//

//

**12**

1  **Request No. 18:**

2      Documents sufficient to show the identity of all other producers or sellers of CRTs or

3  CRT Products during any portion of the relevant period.

4  **Request No. 19:**

5      All documents relating to your percentage or share of industry production, capacity,

6  sales or shipments of CRTs or CRT Products, or the percentage or share of industry production,

7  capacity, sales or shipments of any other producer or seller of CRTs or CRT Products at any

8  time during the period January 1, 1991 through the present.

9  **Request No. 20:**

10      All documents showing the dollar volume or quantity of sales or shipments of CRTs or

11  CRT Products (by type or category, if available), by you or by other producers or sellers of

12  CRTs or CRT Products by month, quarter, calendar year or fiscal year during the period January

13  1, 1991 through the present.

14  **Request No. 21:**

15      All documents that compare or contrast each type, class or category of CRTs or CRT

16  Products produced or sold by you with that of another producer or seller of CRTs or CRT

17  Products and all documents that relate to any industry standards regarding types, classes or

18  categories of CRTs or CRT Products.

19  **Request No. 22:**

20      Documents sufficient to show the regions or territories in which each type, class or

21  category of CRTs or CRT Products are sold in the United States.

22  **Request No. 23:**

23      All documents relating to conditions of supply and demand for CRTs or CRT Products,

24  including, but not limited to, any market studies or industry reports during the period January 1,

25  1991 through the present.

26  **Request No. 24:**

27      All documents relating to any contemplated, proposed, planned, pending or executed

28  purchases, sales, acquisitions, mergers, joint ventures, divestitures, transfers, spin-offs or any

**13**

1  other change in ownership of any assets, liabilities, subsidiaries, departments, units or other

2  subdivisions of your company relating to the production, distribution, marketing, pricing, sale or

3  resale of CRTs or CRT Products during the relevant time period.

4  **Request No. 25:**

5      All documents relating to any communications between you and any parent, subsidiary,

6  affiliated company, joint venturer, or partner regarding the production, pricing, marketing, sale

7  or distribution of CRTs or CRT Products.

8  **Request No. 26:**

9      All documents relating to communications regarding CRTs or CRT Products between or

10  among manufacturers of CRTs or CRT Products, including Defendants.

11  **Request No. 27:**

12      All documents relating to any meeting attended by you or any other Defendant or any

13  manufacturer of CRTs or CRT Products during which there was any communication regarding

14  the production, marketing, pricing, distribution, inventory levels or sale of CRTs or CRT

15  Products, including, but not limited to the notes of any such meeting.

16  **Request No. 28:**

17      For each of your employees who has or had any non-clerical responsibility for

18  recommending, reviewing, setting or approving prices, price increase announcements, bids or

19  quotes for the sale of CRTs or CRT Products, or any other involvement in the production,

20  marketing, sale or distribution of CRTs or CRT Products:

21      a.      all copies of electronic and manual diaries, calendars, appointment books, "to do"

22              lists, day timers or appointment notes;

23      b.      all copies of trip and travel logs, records or other supporting documents;

24      c.      all copies of expense reports or other supporting documents;

25      d.      all copies of telephone number logs, directories, notebooks, Rolodex cards or

26              related memoranda;

27      e.      all bills, statements, records and supporting documents concerning long distance

28              or cellular telephone calls;

**14**

f.   all documents relating to membership in any trade association or industry group; and,

g.   the complete personnel file for that employee.

**Request No. 29:**

Documents sufficient to show the name and address of each trade association (including committees and subcommittees) relating to CRTs or CRT Products of which you or any of your employees are or have been a member, as well as documents sufficient to show dates of membership and dates of participation in committees or subcommittees.

**Request No. 30:**

All documents relating to meetings of each trade association and each of its committees or subcommittees relating to CRTs or CRT Products, including all documents relating to any such meeting attended by you and any other manufacturer CRTs or CRT Products, and all documents identifying the employees from your company who attended, the dates of attendance, and the subject matters discussed.

**Request No. 31:**

All studies, analyses, communications, presentations or other documents that you have submitted to or received from any trade association regarding CRTs or CRT Products.

**Request No. 32:**

All statements, announcements, disclosures or press releases issued by you or any of your competitors relating to CRTs or CRT Products.

**Request No. 33:**

All documents relating to your policies or practices directed toward compliance with the United States antitrust laws, including any statements signed by your employees with pricing, sales or marketing responsibility for CRTs or CRT Products, acknowledging their receipt of and compliance with your antitrust compliance policy.

**Request No. 34:**

All documents relating to, prepared for, submitted to, or received from any foreign governmental or legislative body, including the Canadian Competition Bureau, the European

1   Commission, the Hungarian Competition Authority, the Japanese Fair Trade Commission, the
2   Korean Fair Trade Commission, or any agency or representative body of any foreign country,
3   state or other political subdivision, or any law enforcement agency, authority or commission in
4   any foreign country, relating to the production, sale, marketing, pricing or distribution of CRTs
5   or CRT Products.  This request includes all documents relating to proffers, transcripts, notes,
6   summaries, testimony, witness statements, or responses to requests for information that you
7   produced to any foreign governmental agency or foreign grand jury, including any documents
8   produced as part of any plea bargain negotiations or in connection with any application for or
9   grant of amnesty or leniency.

10  **Request No. 35:**

11      All documents relating to proffers, transcripts, notes, summaries, testimony, witness
12  statements, or responses to requests for information that you produced or were seized by any
13  foreign governmental agency in Canada, the European Union, India, Hong Kong, Hungary,
14  Thailand, Malaysia, Indonesia, Korea, Japan, Singapore, China or Taiwan.

15  **Request No. 36:**

16      Copies of all subpoenas or requests for production of documents issued by any foreign
17  governmental or legislative investigative body referring or relating to CRTs or CRT Products
18  during the relevant period.

19  **Request No. 37:**

20      All documents relating to, prepared for, submitted to, or received by you as a result of
21  any investigation or research conducted either internally or by an outside entity with respect to
22  price fixing, price manipulation or manipulation of production or capacity of CRTs or CRT
23  Products.

24  **Request No. 38:**

25      All documents relating to the termination, retirement, discipline, discharge or suspension
26  of any director, officer, or employee who had any responsibility relating to the production,
27  manufacture, distribution, marketing, pricing or sale of CRTs or CRT Products.

28

**16**
**INDIRECT PURCHASER PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

**Request No. 39:**

All documents referring or relating to the named plaintiffs in this litigation.

**Request No. 40**

All documents that you claim would have been available to the plaintiffs or any purchaser of CRTs or CRT Products prior to November 2007, which should have caused the Plaintiffs or any such purchaser to investigate whether there was a conspiracy to fix, raise, maintain or stabilize the prices or to control or restrict sales of CRTs or CRT Products in the United States.

**Request No. 41:**

All documents relating to any refusal by you or any other manufacturer of CRTs or CRT Products to quote or bid for business or to supply CRTs or CRT Products to a customer, or to intentionally quote a price or bid you believed or the other manufacturer believed would be higher than a quote or bid by another manufacturer or seller of CRTs or CRT Products.

**Request No. 42:**

All documents and electronic data that relate to the relationship between the sale price of CRT Products and the cost of CRTs and/or any other component of CRT Products.

**Request No. 43:**

All documents and electronic data, including, but not limited to, any studies or analyses, that reflect, refer, or relate to how the price of CRTs or CRT Products sold by you or by any of your competitors affected the prices of CRT Products resold by third parties to others including, but not limited, end-user purchasers of CRT Products such as the classes identified in the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint.

**Request No. 44:**

All documents and electronic data, including, but not limited to, any studies or analyses that reflect, refer or relate to the extent to which original equipment manufacturers, original design manufacturers, retailers, distributors or any other entities involved in the manufacture, distribution, or resale of CRT Products, pass through the cost of CRTs or CRT Products to their respective customers.

1  **Request No. 45:**

2       All documents and electronic data, including, but not limited to, any studies or analyses

3  that reflect, refer or relate to the distribution channels for CRTs or CRT Products from you to

4  end users such as the classes identified in the Indirect Purchasers' Consolidated Amended

5  Complaint, including, but not limited to, the specific entities in the distribution chain(s); the

6  CRTs or CRT Products sold by these entities; and the amount of CRTs or CRT Products sold by

7  these entities.

8  **Request No. 46:**

9       All documents and electronic data, including, but not limited to, any studies or analyses

10 that reflect, refer, or relate to retail prices, resale prices, or street prices of CRTs or CRT

11 Products.

12

13 Dated: March 25, 2010          By:      /s/ Mario N. Alioto
                                              Mario N. Alioto (56433)
14                                            Lauren C. Russell (241151)
                                              **TRUMP, ALIOTO, TRUMP & PRESCOTT,**
15                                            **LLP**
                                              2280 Union Street
16                                            San Francisco, CA 94123
17                                            Telephone: (415) 563-7200
                                              Facsimile: (415) 346-0679
18                                            malioto@tatp.com ; laurenrussell@tatp.com

19                                            *Interim Lead Counsel for the Indirect Purchaser*
20                                            *Plaintiffs*

21

22

23

24

25

26

27

28

1

## **PROOF OF SERVICE**

2

I, Lauren C. Russell, declare as follows:

3

I am a resident of the State of California, over the age of eighteen years, and not a party

4

to the within action. I am employed in the State of California, where the mailing occurs, and my

5

business address is TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP, 2280 Union Street, San

6

Francisco, California 94123.

7

On March 25, 2010, I served a true and correct copy of the following document(s):

8
9

## **INDIRECT PURCHASER PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

10

on the following interested parties by electronic mail:

11

## **SEE ATTACHED SERVICE LIST**

12

I declare under penalty of perjury under the laws of the United States that the foregoing

13

is true and correct.

14

Executed on March 25, 2010, at San Francisco, California.

15

16

/s/ Lauren C. Russell

17

Lauren C. Russell

18

19

20

21

22

23

24

25

26

27

28

**1**
**PROOF OF SERVICE**

*In Re: Cathode Ray Tubes (CRT) Antitrust Litigation***, MDL 1917**

## Service List—Defendants' Counsel

| | |
|---|---|
| Jeffrey L. Kessler (jkessler@dl.com)<br>A. Paul Victor (pvictor@dl.com)<br>Eva W. Cole (ecole@dl.com)<br>DEWEY LEBOEUF LLP<br>1301 Avenue of the Americas<br>New York, NY 10019<br>Tel: (212) 259-8000<br>Fax: (212) 259-7013<br><br>*Counsel for Defendants Panasonic<br>Corporation, Panasonic Corp. of North<br>America, and MT Picture Display Co., Ltd.* | Steven A. Reiss (steven.reiss@weil.com)<br>David L. Yohai (david.yohai@weil.com)<br>Alan R. Feigenbaum<br>(alan.feigenbaum@weil.com)<br>WEIL, GOTSHAL & MANGES, LLP<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: (212) 310-8000<br>Fax: (212) 310-8007<br><br>*Counsel for Defendants Panasonic<br>Corporation, Panasonic Corp. of North<br>America, and MT Picture Display Co., Ltd.* |
| Gregory D. Hull (greg.hull@weil.com)<br>Joseph R. Wetzel (joseph.wetzel@weil.com)<br>WEIL, GOTSHAL & MANGES, LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065-1175<br>Tel: (650) 802-3000<br>Fax: (650) 802-3100<br><br>*Counsel for Defendants Panasonic<br>Corporation, Panasonic Corp. of North<br>America, and MT Picture Display Co., Ltd.* | Samuel L. Miller (srmiller@sidley.com)<br>Ryan Sandrock (rsandrock@sidley.com)<br>SIDLEY AUSTIN, LLP<br>555 California Street<br>San Francisco, CA 94104<br>Tel: (415) 772-1200<br>Fax: (415) 772-7400<br><br>*Counsel for Defendants LG Electronics, Inc.,<br>LG Electronics USA, Inc., and LG Electronics<br>Taiwan Taipei Co., Ltd.* |
| Terrence A. Callan<br>(terrence.callan@pillsburylaw.com)<br>PILLSBURY WINTHROP SHAW PITTMAN,<br>LLP<br>50 Fremont Street<br>P.O. Box 7880<br>San Francisco, CA 94120-7880<br>Tel: (415) 983-1000<br>Fax: (415) 983-1200<br><br>*Counsel for Defendants IRICO Display Devices<br>Co., Ltd., IRICO Group Corporation, and<br>IRICO Group Electronics Co., Ltd.* | Joseph R. Tiffany<br>(joseph.tiffany@pillsburylaw.com)<br>PILLSBURY WINTHROP SHAW<br>PITTMAN, LLP<br>2475 Hanover Street<br>Palo Alto, CA 94303-1114<br>Tel: (650) 233-4500<br>Fax: (650) 233-4545<br><br>*Counsel for Defendants IRICO Display<br>Devices Co., Ltd., IRICO Group Corporation,<br>and IRICO Group Electronics Co., Ltd.* |

| | |
|---|---|
| Kent M. Roger  (kroger@morganlewis.com)<br>Diane L. Webb (dwebb@morganlewis.com)<br>Michelle Park-Chiu<br>(mchiu@morganlewis.com)<br>Robert S. Eaton (reaton@morganlewis.com)<br>MORGAN LEWIS & BOCKIUS, LLP<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Tel: (415) 442-1140<br>Fax: (415) 442-1001<br><br>*Counsel for Defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.* | Gary L. Halling<br>(ghalling@sheppardmullin.com)<br>James L. McGinnis<br>(jmcginnis@sheppardmullin.com)<br>Michael Scarborough<br>(mscarborough@sheppardmullin.com)<br>SHEPPARD MULLIN RICHTER &<br>HAMPTON, LLP<br>Four Embarcadero Center<br>17th Floor<br>San Francisco, CA 94111<br>Tel: (415) 434-9100<br>Fax: (415) 434-3947<br><br>*Counsel for Defendants Samsung SDI America, Inc., Samsung SDI Co., Ltd., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co., Ltd., Tianjin Samsung SDI Co., Ltd., and Samsung SDI (Malaysia) Sdn. Bhd.* |
| Ethan E. Litwin (litwine@howrey.com)<br>HOWREY, LLP<br>153 East 53rd Street, 54th Floor<br>New York, NY 10022<br>Tel: (212) 896-6500<br>Fax: (212) 896-6501<br><br>*Counsel for Defendants Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation, Philips Electronics Industries (Taiwan), Ltd., Philips da Amazonia Industria Electronica Ltda.* | Joseph A. Ostoyich (ostoyich@howrey.com)<br>HOWREY, LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC 20004-2402<br>Tel: (202) 783-0800<br>Fax: (202) 383-6610<br><br>*Counsel for Defendants Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation, Philips Electronics Industries (Taiwan), Ltd., Philips da Amazonia Industria Electronica Ltda.* |
| David Lisi (lisid@howrey.com)<br>HOWREY, LLP<br>1950 University Avenue, 4th Floor<br>East Palo Alto, CA 94303<br>Tel: (650) 798-3500<br>Fax: (650) 798-3600<br><br>*Counsel for Defendants Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation, Philips Electronics Industries (Taiwan), Ltd., Philips da Amazonia Industria Electronica Ltda.* | Bruce H. Jackson<br>(bruce.h.jackson@bakernet.com)<br>Robert W. Tarun<br>(robert.w.tarun@bakernet.com)<br>Nancy C. Allred<br>(nancy.c.allred@bakernet.com)<br>BAKER & MCKENZIE LLP<br>Two Embarcadero Center, 11th Floor<br>San Francisco, CA  94111-3802<br>Tel: (415) 576 3000<br>Fax:  (415) 576 3099<br><br>*Counsel for Defendant Tatung Company of America* |

| | |
|---|---|
| Patrick J. Ahern | Christopher M. Curran |
| (patrick.j.ahern@bakernet.com) | (ccurran@whitecase.com) |
| Roxane C. Busey | George L. Paul (gpaul@whitecase.com) |
| (roxane.c.busey@bakernet.com) | Lucius B. Lau (alau@whitecase.com) |
| Karen Sewell (karen.sewell@bakernet.com) | WHITE & CASE, LLP |
| BAKER & McKENZIE LLP | 701 13th Street, N.W. |
| 130 East Randolph Drive | Washington, DC 20005 |
| Chicago, IL 60601 | Tel: (202) 626-3600 |
| Tel: (312) 861-8000 | Fax: (202) 639-9355 |
| Fax: (312) 861-2899 | |
| | *Counsel for Defendants Toshiba Corporation,* |
| *Counsel for Defendant Tatung Company of* | *Toshiba America, Inc., Toshiba America* |
| *America* | *Consumer Products, LLC, Toshiba America* |
| | *Consumer Products, Inc., and Toshiba* |
| | *America Electronic Components, Inc.* |
| Jeremy J. Calsyn (jcalsyn@cgsh.com) | Bruce M. McCullough |
| Michael R. Lazerwitz (mlazerwitz@cgsh.com) | (bruce.mcculloch@freshfields.com) |
| CLEARY GOTTLIEB STEEN & | Kate S. McMillan |
| HAMILTON, LLP | (kate.mcmillan@freshfields.com) |
| 2000 Pennsylvania Avenue, NW | FRESHFIELDS BRUCKHAUS & |
| Suite 9000 | DERINGER US, LLP |
| Washington, DC 20006 | 701 Pennsylvania Avenue, NW, Suite 600 |
| Tel: (202) 974-1500 | Washington, DC 20004 |
| Fax: (202) 974-1999 | Tel: (202) 777-4566 |
| | Fax: (202) 777-4555 |
| *Counsel for Defendant LP Displays* | |
| *International* | *Counsel for Defendant Beijing Matsushita* |
| | *Color CRT Co., Ltd.* |
| Michael Tubach (mtubach@omm.com) | Ian Simmons (isimmons@omm.com) |
| O'MELVENY & MYERS LLP | O'MELVENY & MYERS LLP |
| Two Embarcadero Center, 28th Floor | 1625 Eye Street NW |
| San Francisco, California 94111 | Washington, D.C. 20006 |
| Telephone: (415) 984-8700 | Telephone: (202) 383-5300 |
| Facsimile: (415) 984-8701 | Facsimile: (202) 383-5414 |
| | |
| *Attorneys for Defendants Samsung Electronics* | *Attorneys for Defendants Samsung* |
| *Co., Ltd. and Samsung Electronics America,* | *Electronics Co., Ltd. and Samsung* |
| *Inc.* | *Electronics America, Inc.* |

3

| William Diaz (wdiaz@mwe.com) | Craig P. Seebald (cseebald@mwe.com) |
|---|---|
| McDERMOTT WILL & EMERY LLP | McDERMOTT WILL & EMERY LLP |
| 18191 Von Karman Avenue, Suite 500 | 600 Thirteenth Street |
| Irvine, CA 92612-7108 | Washington, D.C. 20005-3016 |
| Telephone: (949) 851-0633 | Telephone: (202) 756 8000 |
| Facsimile: (949) 851-9348 | Facsimile: (202) 756 8087 |
| | |
| *Attorneys for Defendant Samtel Color, Ltd.* | *Attorneys for Defendant Samtel Color, Ltd.* |