# Exhibit J

**to**
**Webb Declaration**

# Exhibit J

**to**
**Webb Declaration**

1    KENT M. ROGER, State Bar No. 95987
     DIANE L. WEBB, State Bar No. 197851
2    MICHELLE PARK CHIU, State Bar No. 248421
     MORGAN, LEWIS & BOCKIUS LLP
3    One Market, Spear Street Tower
     San Francisco, California  94105-1126
4    Telephone:    415.442.1000
     Facsimile:    415.442.1001
5    E-mail:kroger@morganlewis.com
     dwebb@morganlewis.com
6    mchiu@morganlewis.com
     Attorneys for Defendant
7    HITACHI AMERICA, LTD.

8

9                       UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11                         SAN FRANCISCO DIVISION

12   IN RE CATHODE RAY TUBE (CRT)          Case No. C07-5944 SC
     ANTITRUST LITIGATION
13                                         **MDL NO. 1917**

14                                         Judge: Hon. Samuel Conti

15                                         Special Master: Hon. Charles A. Legge (Ret.)

16   _____   **DEFENDANT HITACHI AMERICA,**
                                           **LTD.'S RESPONSE TO SECOND SET**
     This Document Relates To:             **OF REQUESTS FOR PRODUCTION**
17                                         **OF DOCUMENTS FROM DIRECT**
     DIRECT PURCHASER ACTION               **PURCHASER PLAINTIFFS**
18

19

20   PROPOUNDING PARTY:        DIRECT PURCHASER PLAINTIFFS

21   RESPONDING PARTIES:       HITACHI AMERICA, LTD.

22   SET NUMBER:               SECOND (Nos. 1-40 [sic] 6-45)

23         Defendant Hitachi America, Ltd. ("Responding Party") hereby timely objects and

24   responds to Direct Purchaser Plaintiffs' ("Plaintiffs" or "Requesting Party") Second Set of

25   Requests for the Production of Documents ("Document Requests") served on March 12, 2010,

26   and each document request set forth therein ("Responses"), as follows.

27

28

     DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
         PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

## GENERAL OBJECTIONS

1.      Responding Party's responses are based upon information and writings available to and located by Responding Party as of the date of service of these Responses.  Responding Party has not completed its investigation of the facts relating to the Document Requests, and all of the information supplied and documents and things produced are based only on such information and documents that are reasonably available and specifically known to Responding Party as of the date of service of its response.

2.      No express, incidental or implied admissions are intended by these Responses. The fact that Responding Party agrees to provide information in response to a particular request is not intended and shall not be construed as an admission that Responding Party accepts or admits the existence of any such information set forth in or assumed by such request, or that any such information and/or document constitutes admissible evidence.  The fact that Responding Party agrees to provide information in response to a particular request is not intended and shall not be construed as a waiver by Responding Party of any part of any objection to such request or any part of any general objection made herein.

3.      Responding Party reserves the right to change, amend, or supplement its objections at a later date.  If Plaintiffs assert an interpretation of any aspect of the Document Requests or any of the requests therein that is different from that made by Responding Party, Responding Party reserves the right to supplement its objections if such interpretations made by Plaintiffs are held to be applicable.

4.      Responding Party objects to the Document Requests, and each request therein, to the extent they are vague, ambiguous, or contain terms that are insufficiently defined.

5.      Responding Party objects to the Document Requests, and each request therein, as overly broad, unduly burdensome, oppressive and beyond the proper scope of discovery.

6.      If multiple, identical copies of any document are responsive to the requests herein, only one representative copy will be produced.  Producing more than one identical copy is unduly burdensome and oppressive.

7.      Responding Party objects to the Document Requests, and each request therein, to

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

the extent they seek documents and materials on matters not relevant to the subject matter of this action, not admissible in evidence, and not reasonably calculated to lead to the discovery of admissible evidence.

8.      Responding Party objects to the Document Requests, and each request therein, to the extent they seek to impose on it discovery obligations inconsistent with, or not authorized under, the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

9.      Responding Party objects to the Document Requests, and to each request therein, to the extent they seek to impose on it discovery obligations inconsistent with, or not authorized under, the Local Rules of the United States District Court in and for the Northern District of California (the "Local Rules").

10.     Responding Party objects to the Document Requests, and to each request therein, to the extent they seek to impose on it discovery obligations exceeding the scope of the Stipulation and Order to Extend Limited Discovery Stay that the Court entered on January 5, 2010 (the "Stay Order").

11.     Responding Party objects to the Document Requests, and each request therein, to the extent they seek documents and information that are beyond the scope of the Sherman Antitrust Act, 15 U.S.C. § 1.

12.     Responding Party objects to the Document Requests, and each request therein, to the extent they fail to describe the documents and things sought with a reasonable degree of specificity.

13.     Responding Party shall attempt to construe the terms and phrases used by Plaintiffs in a way to give those terms and phrases a meaning which will result in the production of relevant information or information designed to lead to the discovery of admissible evidence.

14.     Responding Party objects to the Document Requests, and each request therein, to the extent they seek the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

15.     Responding Party objects to the Document Requests, and each request therein, to the extent they seek documents, including but not limited to electronic documents, the disclosure of which is prohibited by a law, regulation, or order of a court or other authority of a foreign jurisdiction in which the documents are located.

16.     Responding Party objects to the Document Requests, and each request therein, to the extent they seek documents that are no longer active or readily accessible on Responding Party's database but might exist in electronic archives or back-up files.  Responding Party will not rebuild these electronic archives and back-up files in order to search for documents that may be responsive to the Document Requests.  Based on the dates of the information sought, a portion of Responding Party's potential responsive data will likely not be on active databases.

17.     Responding Party objects to the Document Requests, and each request therein, to the extent they seek to impose on Responding Party an obligation to investigate or discover information or materials from third parties or sources who are equally accessible to Plaintiffs.

18.     Responding Party objects to the Document Requests and each request therein, to the extent they contain duplicative requests, in whole or in part.  To the extent responsive documents have previously been produced, they will not be produced again.

19.     Responding Party objects to the Document Requests, and each request therein, to the extent that they purport to call for Responding Party to engage in an investigation or to obtain information and/or documents not in its personal possession, custody or control.  In addition, Responding Party objects to the extent the Document Requests require Responding Party to respond and/or produce documents on behalf of any person or entity other than itself.

20.     Responding Party objects to the Document Requests, and each request therein, to the extent that they seek documents that are in the public record or which are equally accessible to the Plaintiffs as to Responding Party.

21.     Responding Party objects to the Document Requests, and each request therein, to the extent that they attempt and/or purport to call for production of any information and/or documents that are privileged, including, but not limited to, documents and materials that were prepared in anticipation of litigation, ADR, or for trial, that reveal communications between

1   Responding Party and its legal counsel, and/or that otherwise constitute attorney-work product,

2   joint defense or common interest privilege, or by any other applicable doctrine or privilege, or

3   that are otherwise privileged or immune from discovery.  Inadvertent testimony, production, or

4   disclosure of any such information and/or document is not intended to and shall not constitute a

5   waiver of any privilege or any other ground for objecting to discovery with respect to such

6   testimony, information, and/or document, or with respect to the subject matter thereof.  Nor shall

7   such inadvertent production or disclosure waive Responding Party's right to object to the use of

8   any such testimony, information, and/or document during this action or in any other or

9   subsequent proceeding.  Hence, Responding Party objects to each request to the extent each seeks

10  testimony, documents, and information that are protected by the attorney-client privilege and/or

11  the attorney work product doctrine.

12       22.     No response herein should be deemed or construed as a representation that

13  Responding Party agrees with or acquiesces in the characterization of any fact, assumption or

14  conclusion of law contained in or implied by the Document Requests.

15       23.     Responding Party objects to the Document Requests, and each request therein, to

16  the extent they seek information and/or documents that would disclose proprietary information,

17  trade secrets or other confidential research, development, or other confidential information

18  protected by the Uniform Trade Secrets Act, among others, any and all rights of privacy under the

19  United States Constitution or Article I of the Constitution of the State of California, or any other

20  applicable law or state constitution, or that is otherwise prohibited from disclosure because to do

21  so would cause Responding Party to violate legal and/or contractual obligations to any other

22  persons or entities.  Where applicable, Responding Party's Responses to the Document Requests

23  are subject to the provisions of the Stipulated Protective Order that the Court entered on June 18,

24  2008 (the "Protective Order").  Responding Party's Responses are hereby designated

25  "Confidential" in accordance with the provisions of the Protective Order.

26       24.     By representing that it will or will not produce documents, Responding Party does

27  not represent that such documents exist.

28

25.     Subject to and without waving any of the foregoing objections, each of which is expressly incorporated into each individual response below as if fully stated therein, Responding Party expressly reserves the following rights:

a.     Any and all testimony and information provided and/or documents produced by Responding Party in response to the Document Requests are and will remain subject to all objections as to relevance, materiality, propriety, and admissibility, as well as to any and all other objections on any grounds that would require the exclusion of the testimony, information, and/or document or any portion thereof if such testimony, information, and/or document was offered in evidence, all of which objections and grounds are hereby expressly reserved and may be interposed at the time of any written discovery, deposition, or at or before any hearing, arbitration or trial in this matter;

b.     The right to object on any ground whatsoever at any time to any demand for further responses to the Document Requests or any other discovery procedures involving or relating to the subject matter of the Document Requests; and

c.     The right to supplement the documents produced, or otherwise to supplement, revise or explain the information contained therein in light of information gathered through further investigation and discovery.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

**DEFINITION NO. 1:**

"All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

**OBJECTION TO DEFINITION NO. 1:**

No objection.

**DEFINITION NO. 2:**

"Any" shall be construed to mean "any and all."

**OBJECTION TO DEFINITION NO. 2:**

No objection.

**DEFINITION NO. 3:**

"Communication" means without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face Meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

**OBJECTION TO DEFINITION NO. 3:**

Responding Party objects to this definition to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

**DEFINITION NO. 4:**

"Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

**OBJECTION TO DEFINITION NO. 4:**

No objection.

**DEFINITION NO. 5:**

"Defendant" means any company, organization, entity or person presently or subsequently named as a defendant in this litigation.

**OBJECTION TO DEFINITION NO. 5:**

Responding Party objects to this definition to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects to this definition on the ground it calls for a legal conclusion.

Responding Party objects to this definition as vague, ambiguous, unintelligible, overly broad to the extent it seeks documents and information that are not relevant to the subject matter of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome to search for and produce.

Responding Party objects to this definition to the extent it seeks information and documents that would disclose Responding Party's or a third party's respective trade secrets or other confidential research, development, or confidential information protected by the Uniform Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article One of the Constitution of the State of California, or any other applicable state constitution or law, or which is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal or contractual obligations to any other persons or entities.  Where it may be appropriate to do so and with adequate protections and limitations, Responding Party expressly reserves the right to provide such documents an/or information only pursuant to the Protective Order in this action.

Responding Party objects to this definition to the extent that it attempts or purports to call for the production of any information and/or documents that are privileged, that were prepared in anticipation of litigation or trial, that reveal communications between Responding Party and its legal counsel, that otherwise constitute attorney work product, are subject to the joint defense or common interest privilege, or that are otherwise privileged or immune from discovery.

Responding Party objects to this definition to the extent it is intended to include persons or entities other than Responding Party.  To the extent and in the context a request uses the term "Defendant," Responding Party understands that the request and its obligations only extend to information and/or documents within Responding Party's possession, custody or control.

Responding Party objects to this definition to the extent that it calls for documents or information beyond Responding Party's knowledge.  In addition, Responding Party objects to this definition to the extent that it requires Responding Party to respond and/or produce documents or information on behalf of any person or entity other than itself.

Responding Party will respond on behalf of Hitachi America, Ltd. only.

**DEFINITION NO. 6:**

"Document" means without limitation, the original and all non-identical copies of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure.  This definition includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars,

diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, compact discs, computer files and disks, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

**OBJECTION TO DEFINITION NO. 6:**

Responding Party objects to this definition to the extent that it seeks to expand the scope of Rule 34 of the Federal Rules of Civil Procedure.

Responding Party also objects to this definition as overly broad to the extent it seeks documents and/or information that are not relevant to the subject matter of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome to search for and produce.

**DEFINITION NO. 7:**

"Electronic data" includes, without limitation, the following:

        a.      activity listings of electronic mail receipts and/or transmittals;

        b.      output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger™ (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

        c.      any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant, *e.g.,* Palm Pilot, R.I.M., Blackberry, or similar device, and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all

1  documents requested herein.

2  **OBJECTION TO DEFINITION NO. 7:**

3  Responding Party objects to this definition to the extent it attempts to impose obligations

4  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

5  the Federal Rules of Civil Procedure.

6  Responding Party also objects to this definition as overly broad to the extent it seeks

7  documents and/or information that are not relevant to the subject matter of this action, not

8  admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence,

9  and unduly burdensome to search for and produce.

10  Responding Party objects to this definition to the extent it seeks documents that are no

11  longer active or readily accessible on Responding Party's database but might exist in electronic

12  archives or back-up files.  Responding Party will not rebuild these electronic archives and back-

13  up files in order to search for documents that may be responsive to the Document Requests.

14  Based on the dates of the information sought, a portion of Responding Party's potential

15  responsive data will likely not be on active databases.

16  **DEFINITION NO. 8:**

17  "Employee" means, without limitation, any current or former officer, director, executive,

18  manager, secretary, staff member, messenger, agent or other person who is or was employed by a

19  defendant.

20  **OBJECTION TO DEFINITION NO. 8:**

21  Responding Party objects to this definition to the extent it attempts to impose obligations

22  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

23  the Federal Rules of Civil Procedure.

24  Responding Party objects to this definition on the ground it calls for a legal conclusion.

25  Responding Party objects to this definition as vague, ambiguous, unintelligible, overly

26  broad to the extent it seeks documents and information that are not relevant to the subject matter

27  of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of

28  admissible evidence, and unduly burdensome to search for and produce.

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to this definition to the extent it seeks information and

2    documents that would disclose Responding Party's or a third party's respective trade secrets or

3    other confidential research, development, or confidential information protected by the Uniform

4    Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

5    One of the Constitution of the State of California, or any other applicable state constitution or

6    law, or which is otherwise prohibited from disclosure because to do so would cause Responding

7    Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

8    appropriate to do so and with adequate protections and limitations, Responding Party expressly

9    reserves the right to provide such information and/or documents only pursuant to the Protective

10   Order in this action.

11   Responding Party objects to this definition to the extent that it attempts or purports to call

12   for the production of any documents and/or information that are privileged, that were prepared in

13   anticipation of litigation or trial, that reveal communications between Responding Party and its

14   legal counsel, that otherwise constitute attorney work product, or that are otherwise privileged or

15   immune from discovery.

16   Responding Party objects to this definition to the extent it is intended to include persons

17   or entities other than Responding Party.  To the extent and in the context a request uses the term

18   "Defendant," Responding Party understands that the request and its obligations only extend to

19   documents and/or information within Responding Party's possession, custody or control.

20   Responding Party objects to this definition to the extent that it calls for documents and/or

21   information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

22   definition to the extent that it requires Responding Party to respond and/or produce documents

23   and/or information on behalf of any person or entity other than itself.

24   Responding Party will respond on behalf of Hitachi America, Ltd. only.

25   **DEFINITION NO. 9:**

26   "Including" is used to emphasize certain types of documents requested and should not be

27   construed as limiting the request in any way.

28

DB2/21704893.3                                    -11-                                    MDL 1917

**<u>OBJECTION TO DEFINITION NO. 9</u>:**

No objection.

**<u>DEFINITION NO. 10</u>:**

"Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not.

**<u>OBJECTION TO DEFINITION NO. 10</u>:**

No objection.

**<u>DEFINITION NO. 11</u>:**

"Or" and "and" should be construed so as to require the broadest possible response.  If, for example, a request calls for information about "A or B" or "A and B," you should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

**<u>OBJECTION TO DEFINITION NO. 11</u>:**

No objection.

**<u>DEFINITION NO. 12</u>:**

"Person" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, association, government entity, group or other form of legal entity.

**<u>OBJECTION TO DEFINITION NO. 12</u>:**

Responding Party objects to this definition to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects to this definition on the ground it calls for a legal conclusion.

Responding Party objects to this definition as vague, ambiguous, unintelligible, overly broad to the extent it seeks documents and information that are not relevant to the subject matter of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome to search for and produce.

1    Responding Party objects to this definition to the extent it seeks information and

2    documents that would disclose Responding Party's or a third party's respective trade secrets or

3    other confidential research, development, or confidential information protected by the Uniform

4    Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

5    One of the Constitution of the State of California, or any other applicable state constitution or

6    law, or which is otherwise prohibited from disclosure because to do so would cause Responding

7    Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

8    appropriate to do so and with adequate protections and limitations, Responding Party expressly

9    reserves the right to provide such information and/or documents only pursuant to the Protective

10   Order in this action.

11   Responding Party objects to this definition to the extent that it attempts or purports to call

12   for the production of any documents and/or information that are privileged, that were prepared in

13   anticipation of litigation or trial, that reveal communications between Responding Party and its

14   legal counsel, that otherwise constitute attorney work product, or that are otherwise privileged or

15   immune from discovery.

16   Responding Party objects to this definition to the extent it is intended to include persons

17   or entities other than Responding Party.  To the extent and in the context a request uses the term

18   "Person," Responding Party understands that the request and its obligations only extend to

19   documents and/or information within Responding Party's possession, custody or control.

20   Responding Party objects to this definition to the extent that it calls for documents and/or

21   information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

22   definition to the extent that it requires Responding Party to respond and/or produce document

23   and/or information on behalf of any person or entity other than itself.

24   Responding Party will respond on behalf of Hitachi America, Ltd. only.

25   **DEFINITION NO. 13:**

26   "Relating to," "referring to," "regarding," or "with respect to" mean, without limitation,

27   the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing,

28   evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording,

1    summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

2    **OBJECTION TO DEFINITION NO. 13:**

3         Responding Party objects to this definition to the extent it attempts to impose obligations

4    on Responding Party and/or seeks documents, beyond those required to be produced pursuant to

5    the Federal Rules of Civil Procedure.

6         Responding Party objects to the expressions "relating to," "referring to," "regarding," or

7    "with respect to" to the extent they mean more than comprising, or on its face discusses, pertains

8    to or is connected with a well-defined, unambiguous and identifiable topic or subject matter.

9         Responding Party objects to this definition because responding to such overly broad,

10   vague and ambiguous requests would be unduly burdensome and oppressive.

11   **DEFINITION NO. 14:**

12        "CRT" means cathode ray tube(s) and "CRT products" means products containing

13   cathode ray tubes.

14   **OBJECTION TO DEFINITION NO. 14:**

15        Responding Party objects to this definition to the extent it attempts to impose obligations

16   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

17   the Federal Rules of Civil Procedure.

18        Responding Party objects to this definition on the ground the term "CRT Products" is

19   vague, ambiguous, unintelligible, and overly broad to the extent it seeks documents and

20   information that are not relevant to the subject matter of this action, not admissible in evidence,

21   not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome

22   to search for and produce.  Moreover, any discovery as to "CRT Products" that is not reasonably

23   related to Plaintiffs' claims with respect to an alleged conspiracy involving CRTs is premature

24   and overly burdensome until such time as Plaintiffs establish a reasonable basis for their claims

25   regarding "CRT Products" to justify the enormous burden that Plaintiffs seek to impose on

26   Responding Party by pursuing discovery as to all such products.

27   **DEFINITION NO. 15:**

28        "You," "Your," or "Your company" mean the responding Defendant, its predecessors,

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any

2  organization or entity which the responding Defendant manages or controls, together with all

3  present and former directors, officers, Employees, agents, representatives or any persons acting or

4  purporting to act on behalf of the responding defendant.

5  **OBJECTION TO DEFINITION NO. 15:**

6      Responding Party objects to this definition to the extent it attempts to impose obligations

7  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

8  the Federal Rules of Civil Procedure.

9      Responding Party objects to this definition on the ground it calls for a legal conclusion.

10     Responding Party objects to this definition as vague, ambiguous, unintelligible, overly

11 broad to the extent it seeks documents and information that are not relevant to the subject matter

12 of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of

13 admissible evidence, and unduly burdensome to search for and produce.

14     Responding Party objects to this definition to the extent it seeks documents and

15 information that would disclose Responding Party's or a third party's respective trade secrets or

16 other confidential research, development, or confidential information protected by the Uniform

17 Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

18 One of the Constitution of the State of California, or any other applicable state constitution or

19 law, or which is otherwise prohibited from disclosure because to do so would cause Responding

20 Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

21 appropriate to do so and with adequate protections and limitations, Responding Party expressly

22 reserves the right to provide such information and/or documents only pursuant to the Protective

23 Order in this action.

24     Responding Party objects to this definition to the extent that it attempts or purports to call

25 for the production of any documents and/or information that are privileged, that were prepared in

26 anticipation of litigation or trial, that reveal communications between Responding Party and its

27 legal counsel, that otherwise constitute attorney work product, are subject to the joint defense or

28 common interest privilege, or that are otherwise privileged or immune from discovery.

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   Responding Party objects to this definition to the extent it is intended to include persons

2   or entities other than Responding Party.  To the extent and in the context a request uses the term

3   "You," "Your," or "Your Company," Responding Party understands that the request and its

4   obligations only extend to documents and/or information within Responding Party's possession,

5   custody or control.

6   Responding Party objects to this definition to the extent that it calls for documents and/or

7   information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

8   definition to the extent that it requires Responding Party to respond and/or produce documents

9   and/or information on behalf of any person or entity other than itself.

10   Responding Party will respond on behalf of Hitachi America, Ltd. only.

11   **INSTRUCTION NO. 1:**

12   Unless otherwise noted, the Relevant Time Period for these document requests is January

13   1, 1995 through the present (the "Relevant Time Period").  These Document requests seek all

14   responsive Documents created or generated during the Relevant Time Period, as well as

15   responsive Documents created or generated outside the Relevant Time Period, but which contain

16   information concerning the Relevant Time Period.

17   **OBJECTION TO INSTRUCTION NO. 1:**

18   Responding Party objects to this instruction on the grounds it is vague, ambiguous,

19   unintelligible, over broad and seeks information or materials on matters not relevant to the subject

20   matter of this action, not admissible in evidence, and not reasonably calculated to lead to the

21   discovery of admissible evidence.

22   The "Relevant Time Period" as defined in this instruction exceeds the putative class

23   period, which begins on January 1, 1995 and ends on November 25, 2007 (Direct Purchaser

24   Plaintiffs' Consolidated Amended Complaint ¶ 1), and seeks documents and information beyond

25   the statute of limitations.  Judge Conti has directed the parties to Judge Legge to develop

26   procedures for the early resolution of statute of limitations issues and to reduce the burden in

27   connection therewith.  Responding Party believes it is premature for it to have to produce any

28   documents from prior to the statute of limitations period until Judge Legge considers this issue

1   and determines the proper scope of that burden.

2          For purposes of responding to these Document Requests, Responding Party will interpret

3   "Relevant Time Period" to mean November 26, 2003 through November 25, 2007.

4   **INSTRUCTION NO. 2:**

5          To the extent Documents responsive to any of these Document requests have already been

6   produced to plaintiffs, there is no need to produce those Documents a second time.  Instead,

7   please provide the bates numbers of any responsive Documents already produced.

8   **OBJECTION TO INSTRUCTION NO. 2:**

9          Responding Party objects to this instruction to the extent it attempts to impose obligations

10  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

11  the Federal Rules of Civil Procedure.

12         Responding Party objects to this instruction on the ground it is unduly burdensome and

13  oppressive.

14  **INSTRUCTION NO. 3:**

15         Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Document requests

16  are continuing in nature so that if You subsequently discover or obtain possession, custody, or

17  control of any Document covered by these requests, You shall promptly make any such

18  Document available to plaintiffs.

19  **OBJECTION TO INSTRUCTION NO. 3:**

20         Responding Party objects to this instruction to the extent it attempts to impose obligations

21  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

22  the Federal Rules of Civil Procedure.

23  **INSTRUCTION NO. 4:**

24         In producing documents and other materials, you are to furnish all Documents or things in

25  Your possession, custody or control, regardless of whether such documents or materials are

26  possessed directly by You or Your Employees, agents, parent company(ies), subsidiaries,

27  affiliates, investigators or by Your attorneys or their Employees, agents or investigators.

28

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

**OBJECTION TO INSTRUCTION NO. 4:**

Responding Party objects to this instruction to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects to this instruction on the ground it calls for a legal conclusion.

Responding Party objects to this instruction as vague, ambiguous, unintelligible, overly broad to the extent it seeks documents and information that are not relevant to the subject matter of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome to search for and produce.

Responding Party objects to this instruction to the extent it seeks documents and information that would disclose Responding Party's or a third party's respective trade secrets or other confidential research, development, or confidential information protected by the Uniform Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article One of the Constitution of the State of California, or any other applicable state constitution or law, or which is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal or contractual obligations to any other persons or entities. Where it may be appropriate to do so and with adequate protections and limitations, Responding Party expressly reserves the right to provide such information and/or documents only pursuant to the Protective Order in this action.

Responding Party objects to this instruction to the extent that it attempts or purports to call for the production of any documents and/or information that are privileged, that were prepared in anticipation of litigation or trial, that reveal communications between Responding Party and its legal counsel, that otherwise constitute attorney work product, are subject to the joint defense or common interest privilege, or that are otherwise privileged or immune from discovery.

Responding Party objects to this instruction to the extent it is intended to include persons or entities other than Responding Party. To the extent and in the context a request uses the term "Defendant," Responding Party understands that the request and its obligations only extend to documents and/or information within Responding Party's possession, custody or control.

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to this instruction to the extent that it calls for documents and/or

2    information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

3    instruction to the extent that it requires Responding Party to respond and/or produce documents

4    and/or information on behalf of any person or entity other than itself.

5    Responding Party will respond on behalf of Hitachi America, Ltd. only.

6    **INSTRUCTION NO. 5:**

7    Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, all Documents shall be

8    produced in the same order as they are kept or maintained by You in the ordinary course of Your

9    business.  All Documents shall be produced in the file folder, envelope or other container in

10   which the Documents are kept or maintained.  If for any reason the container cannot be produced,

11   You should produce copies of all labels or other identifying marks which may be present on the

12   container.

13   **OBJECTION TO INSTRUCTION NO. 5:**

14   Responding Party objects to this instruction to the extent it attempts to impose obligations

15   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

16   the Federal Rules of Civil Procedure.

17   **INSTRUCTION NO. 6:**

18   Documents shall be produced in such fashion as to identify the department, branch or

19   office in whose possession they were located and, where applicable, the natural person in whose

20   possession they were found and the business address of each Document(s) custodian(s).

21   **OBJECTION TO INSTRUCTION NO. 6:**

22   Responding Party objects to this instruction to the extent it attempts to impose obligations

23   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

24   the Federal Rules of Civil Procedure.

25   Responding Party objects to this instruction on the ground it is unduly burdensome and

26   oppressive.

27   **INSTRUCTION NO. 7:**

28   Documents attached to one another should not be separated.  If any portion of any

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Document is responsive to any portion of the Document requests below, then the entire Document

2    must be produced.

3    **OBJECTION TO INSTRUCTION NO. 7:**

4        Responding Party objects to this instruction to the extent it attempts to impose obligations

5    on Responding Party and/or seeks documents beyond those required to be produced pursuant to

6    the Federal Rules of Civil Procedure.

7    **INSTRUCTION NO. 8:**

8        If a Document once existed and subsequently has been lost, destroyed or is otherwise

9    missing, You should provide sufficient information to identify the Document and state, in writing,

10   the details, including whether the Document:

11            a.      is lost or missing;

12            b.      has been destroyed and, if so, by whom at whose request;

13            c.      has been transferred or delivered, voluntarily or involuntarily, to another

14   person or entity and at whose request; and/or

15            d.      has been otherwise disposed of.

16   **OBJECTION TO INSTRUCTION NO. 8:**

17       Responding Party objects to this instruction to the extent it attempts to impose obligations

18   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

19   the Federal Rules of Civil Procedure.

20       Responding Party objects on the grounds that it is impossible to identify, describe, and

21   further explain the circumstances regarding every document that ever "once existed an

22   subsequently has been lost, destroyed, or is otherwise missing." To the extent that it is even

23   possible to identify, describe, and explain the circumstances regarding such documents, this

24   investigation would impose a unique, time-consuming and unreasonable burden.

25       Responding Party objects to this instruction on the ground it is unduly burdensome and

26   oppressive.

27   **INSTRUCTION NO. 9:**

28       In each instance in which a Document once existed and subsequently is lost, missing,

1   destroyed, or otherwise disposed of, explain the circumstances surrounding the disposition of the

2   Document, including, but not limited to:

3              a.      the identity of the person or entity who last possessed the Document;

4              b.      the date or approximate date of the Documents disposition; and

5              c.      the identity of all Persons who have or had knowledge of the Document's

6   contents.

7   **OBJECTION TO INSTRUCTION NO. 9:**

8         Responding Party objects to this instruction to the extent it attempts to impose obligations

9   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

10  the Federal Rules of Civil Procedure.

11        Responding Party objects to this instruction on the ground it is unduly burdensome and

12  oppressive.

13  **INSTRUCTION NO. 10:**

14        If any Document responsive to any of these requests is privileged, and the Document or

15  any portion of the Document requested is withheld based on a claim of privilege pursuant to Rule

16  26(b)(5) of the Federal Rules of Civil Procedure, provide a statement of the claim of privilege and

17  all facts relied upon in support of that claim, including the following information:

18             a.      the reason for withholding the Document;

19             b.      the date of such communication;

20             c.      the medium of such communication;

21             d.      the general subject matter of such communication (such description shall

22  not be considered a waiver of Your claimed privilege);

23             e.      the identity of any Document that was the subject of such communication

24  and the present location of any such Document;

25             f.      the identity of the Persons involved in such communication;

26             g.      the identity of any Document which records, refers, or relates to such

27  communication and present location of any such Document;

28             h.      the paragraph or paragraphs of these requests for production of Documents

1    to which such information is responsive.

2    **OBJECTION TO INSTRUCTION NO. 10:**

3         Responding Party objects to this instruction to the extent it attempts to impose obligations

4    on Responding Party and/or seeks documents beyond those required to be produced pursuant to

5    the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

6    **INSTRUCTION NO. 11:**

7         Each Document requested herein should be produced in its entirety and without deletion,

8    redaction or excisions, except as qualified by Instruction 10 above, regardless of whether You

9    consider the entire Document or only part of it to be relevant or responsive to these Document

10   requests. If you have redacted any portion of a Document, stamp the word "REDACTED" beside

11   the redacted information on each page of the Document which you have redacted.  Any

12   redactions to Documents produced should be identified in accordance with Instruction 10 above.

13   **OBJECTION TO INSTRUCTION NO. 11:**

14        Responding Party objects to this instruction to the extent it attempts to impose obligations

15   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

16   the Federal Rules of Civil Procedure.

17   **INSTRUCTION NO. 12:**

18        All Documents produced should be Bates numbered sequentially, with a unique number

19   on each page, and with a prefix identifying the party producing the Document.

20   **OBJECTION TO INSTRUCTION NO. 12:**

21        No objection.

22   **INSTRUCTION NO. 13:**

23        Pursuant to Federal Rule of Civil Procedure 34(b)(1 )(C), the responding party must

24   produce any electronically stored information ("ESI") in its native format.  If ESI in its native

25   format can only be accessed by proprietary or legacy software, or is password protected, or

26   encrypted, the responding party must meet and confer with plaintiffs' lead counsel so the

27   receiving party shall receive all information and software necessary to access the ESI.

28

**OBJECTION TO INSTRUCTION NO. 13:**

Responding Party objects to this instruction to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects to this instruction to the extent it seeks documents and information that would disclose Responding Party's or a third party's respective trade secrets or other confidential research, development, or confidential information protected by the Uniform Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article One of the Constitution of the State of California, or any other applicable state constitution or law, including any copyright or license, or which is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal or contractual obligations to any other persons or entities.  Where it may be appropriate to do so and with adequate protections and limitations, Responding Party expressly reserves the right to provide such information and/or documents only pursuant to the Protective Order in this action.

Each of the foregoing General Objections and Objections to Definitions and Instructions is incorporated into the following specific objections.  Accordingly, each specific objection is made subject to, and without waiver of, the foregoing General Objections and Objections to Definitions and Instructions.  Responding Party incorporates by reference each and every General Objection and Objection to Definitions and Instructions into each and every specific response. From time to time a specific response may repeat a General Objection or Object to the Definitions and Instructions for emphasis or some other reason.  The failure to repeat any General Objection or Objection to the Definitions and Instructions in any specific response shall not be interpreted as a waiver of any General Objection or Objection to the Definitions and Instructions to that response.

## SPECIFIC RESPONSES TO DOCUMENT REQUESTS

**REQUEST NO. 1 [SIC] REQUEST NO. 6:**

Documents sufficient to show Your corporate structure or organization throughout the relevant period, including, but not limited to, departments, divisions, parents, subsidiaries, joint

1    ventures, affiliates, or other sub-units that were engaged during any part of the relevant period in

2    the manufacture, marketing, sale or distribution of CRT or CRT Products in the United States,

3    including, where applicable, the percentage of any stock or other interests owned by each entity in

4    the chain.

5    **<u>RESPONSE TO REQUEST NO. 1 [SIC] REQUEST NO. 6:</u>**

6        Responding Party reasserts and incorporates each of the General Objections and

7    Objections to Definitions and Instructions set forth above.

8        Responding Party objects to this request on the grounds that it is overly broad, unduly

9    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

10   including to the extent that it seeks the discovery of documents regarding Responding Party's

11   sales outside of the United States and unrelated to United States commerce, as such sales are

12   beyond the scope of this litigation and thereby render the Document Requests overly broad,

13   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

14   evidence.

15       Responding Party objects to this request on the grounds that it seeks production of

16   documents protected by the attorney-client privilege, work product doctrine, joint defense or

17   common interest privilege, or by any other applicable doctrine or privilege.

18       Responding Party objects to this request on the grounds it seeks information and/or

19   documents that would disclose confidential information protected by any and all rights of privacy

20   under the United States Constitution or any other applicable law, or that is otherwise prohibited

21   from disclosure because to do so would cause Responding Party to violate legal and/or

22   contractual obligations to any other persons or entities.

23       Responding Party objects to this request on the grounds that, to the extent it seeks

24   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

25   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

26   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

27   action, and not reasonably calculated to lead to the discovery of admissible evidence.

28       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    and not relevant, rendering the request not reasonably calculated to lead to the discovery of

2    admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

3    class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

4    statute of limitations.

5        Responding Party objects to this request on the grounds that, to the extent it seeks

6    documents not related to CRTs only, this request is overly broad and unduly burdensome and

7    purports to call for information that is not relevant to the claim or defense of any party, not

8    relevant to the subject matter involved in this action, and not reasonably calculated to lead to the

9    discovery of admissible evidence.

10       Responding Party objects to the extent this request seeks documents that are no longer

11   active or readily accessible in electronic form which renders this request overly broad and unduly

12   burdensome.

13       Responding Party objects to this request to the extent this request is duplicative of

14   Document Request No. 3 of Plaintiffs' First Set of Requests for Production of Documents.

15       Subject to and without waiving the general and specific objections stated above,

16   Responding Party responds that it had no sales of CRTs during the time period of November 26,

17   2003 through November 25, 2007, and, thus, has no documents responsive to this request.

18   **REQUEST NO. 2 [SIC] REQUEST NO. 7:**

19       As to each of Your divisions, subdivisions, departments, units, subsidiaries, parents,

20   affiliates and joint ventures, Documents sufficient to identify each executive or Employee with

21   managerial authority who had responsibilities or duties with respect to each of the following:

22       (a)    the manufacturing or production of CRT or CRT Products;

23       (b)    the marketing of CRT or CRT Products;

24       (c)    the pricing of CRT or CRT Products;

25       (d)    the sale or distribution of CRT or CRT Products;

26       (e)    maintaining any electronic database(s), including archives, of e-mail or other

27               electronic Documents relating to CRT or CRT Products.

28

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

**RESPONSE TO REQUEST NO. 2 [SIC] REQUEST NO. 7:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the statute of limitations.

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to this request on the grounds that, to the extent it seeks

2    documents not related to CRTs only, this request is overly broad and unduly burdensome and

3    purports to call for information that is not relevant to the claim or defense of any party, not

4    relevant to the subject matter involved in this action, and not reasonably calculated to lead to the

5    discovery of admissible evidence.

6    Responding Party objects to the extent this request seeks documents that are no longer

7    active or readily accessible in electronic form which renders this request overly broad and unduly

8    burdensome.

9    Responding Party objects that the term "managerial authority" is vague and ambiguous,

10   rendering this request overly broad and unduly burdensome, not relevant and not reasonably

11   calculated to lead to the discovery of admissible evidence.

12   Responding Party objects to this request to the extent this request is duplicative of

13   Document Request No. 4 of Plaintiffs' First Set of Requests for Production of Documents.

14   Subject to and without waiving the general and specific objections stated above,

15   Responding Party responds that it had no sales of CRTs during the time period of November 26,

16   2003 through November 25, 2007, and, thus, has no documents responsive to this request.

17   **REQUEST NO. 3 [SIC] REQUEST NO. 8:**

18   Documents sufficient to describe Your policies or practices with respect to the retention or

19   destruction of Documents during the period January 1, 1991 through the present, and, if such

20   policy or practice has been different with respect to any category of Documents or over different

21   times, Documents sufficient to identify each such category or time period and to describe Your

22   retention policy or practice with respect to each such category or time period.

23   **RESPONSE TO REQUEST NO. 3 [SIC] REQUEST NO. 8:**

24   Responding Party reasserts and incorporates each of the General Objections and

25   Objections to Definitions and Instructions set forth above.

26   Responding Party objects to this request on the grounds that it is overly broad, unduly

27   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

28   Responding Party objects to this request on the grounds it seeks information and/or

1   documents that would disclose confidential information protected by any and all rights of privacy

2   under the United States Constitution or any other applicable law, or that is otherwise prohibited

3   from disclosure because to do so would cause Responding Party to violate legal and/or

4   contractual obligations to any other persons or entities.

5         Responding Party objects to this request on the grounds that it seeks production of

6   documents protected by the attorney-client privilege, work product doctrine, joint defense or

7   common interest privilege, or by any other applicable doctrine or privilege.

8         Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

9   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

10  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

11  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

12  statute of limitations.

13        Responding Party objects to this request on the grounds that, to the extent it seeks

14  documents not related to CRTs only, this request is overly broad and unduly burdensome and

15  purports to call for information that is not relevant to the claim or defense of any party, not

16  relevant to the subject matter involved in this action, and not reasonably calculated to lead to the

17  discovery of admissible evidence

18        Responding Party objects to this request on the grounds that, to the extent it seeks

19  documents not related to the allegations in the Complaint, the request is overly broad and unduly

20  burdensome, and purports to call for information that is not relevant to the claim or defense of

21  any party, not relevant to the subject matter involved in this action, and not reasonably calculated

22  to lead to the discovery of admissible evidence.

23        Subject to and without waiving the general and specific objections stated above,

24  Responding Party will produce those non-privileged, responsive documents within the limitations

25  period within its possession, custody or control, to the extent any such documents exist.

26  **REQUEST NO. 4 [SIC] REQUEST NO. 9:**

27        Documents sufficient to show the manner in which You have maintained records relating

28  to CRT or CRT Products during the period January 1, 1991 through the present, including

1   Documents sufficient to describe all electronic data processing systems, programs and outputs

2   used to record, store, compute, analyze or retrieve electronically stored information relating to

3   Your pricing, production, distribution, marketing or sale of CRT or CRT Products in the United

4   States.

5   **RESPONSE TO REQUEST NO. 4 [SIC] REQUEST NO. 9:**

6          Responding Party reasserts and incorporates each of the General Objections and

7   Objections to Definitions and Instructions set forth above.

8          Responding Party objects to this request on the grounds that it is overly broad, unduly

9   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

10         Responding Party objects to this request on the grounds that it seeks production of

11  documents protected by the attorney-client privilege, work product doctrine, joint defense or

12  common interest privilege, or by any other applicable doctrine or privilege.

13         Responding Party objects to this request on the grounds it seeks information and/or

14  documents that would disclose confidential information protected by any and all rights of privacy

15  under the United States Constitution or any other applicable law, or that is otherwise prohibited

16  from disclosure because to do so would cause Responding Party to violate legal and/or

17  contractual obligations to any other persons or entities.

18         Responding Party objects to this request on the grounds that, to the extent it seeks

19  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

20  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

21  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

22  action, and not reasonably calculated to lead to the discovery of admissible evidence.

23         Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

24  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

25  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

26  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

27  statute of limitations.

28         Responding Party objects on the grounds that, to the extent this request seeks documents

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    not related to the allegations in the Complaint, this request is overly broad and unduly

2    burdensome, and purports to call for information that is not relevant to the claim or defense of

3    any party, not relevant to the subject matter involved in this action, and not reasonably calculated

4    to lead to the discovery of admissible evidence.

5          Responding Party objects that the phrase "manner in which You have maintained records"

6    is vague, ambiguous, and unintelligible, rendering the request overly broad and unduly

7    burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible

8    evidence.

9          Subject to and without waiving the general and specific objections stated above,

10   Responding Party will produce those non-privileged, responsive documents within the limitations

11   period within its possession, custody or control, to the extent any such documents exist.

12   **REQUEST NO. 5 [SIC] REQUEST NO. 10:**

13         All Documents and electronic data relating to Your sales of CRT or CRT Products during

14   the period January 1, 1991 through the present, including, but not limited to:

15         a)       customer names, customer billing addresses, and customer ship-to addresses;

16         b)       sales terms;

17         c)       sales dates and shipment dates;

18         d)       product type, class, category, description, and respective use;

19         e)       sales volumes;

20         0        unit price information, gross price, and actual net prices;

21         g)       discounts, credits, and rebates;

22         h)       shipping charges and terms;

23         i)       any other related charges; and

24         j)       amounts paid, dates paid, invoice numbers, and purchase order numbers. If such

25                  data are not kept, or have not been kept, in electronic form in the ordinary course

26                  of Your business or are otherwise not available in electronic form, please produce

27                  such data in hard copy.

28

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

**RESPONSE TO REQUEST NO. 5 [SIC] REQUEST NO. 10:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the statute of limitations.

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects on the grounds that it seeks documents not in existence or not

2    currently in its possession, custody or control.

3    Responding Party objects to the extent this request seeks documents that are no longer

4    active or readily accessible in electronic form which renders this request overly broad and unduly

5    burdensome.

6    Responding Party objects that the terms "respective use" and "related charges" are vague,

7    ambiguous and unintelligible, rendering this request overly broad and unduly burdensome, not

8    relevant and not reasonably calculated to lead to the discovery of admissible evidence.

9    Responding Party objects to the extent this request is duplicative of Document Request

10   No. 5 of Plaintiffs' First Set of Requests for Production.

11   Subject to and without waiving the general and specific objections stated above,

12   Responding Party responds that it had no sales of CRTs during the time period of November 26,

13   2003 through November 25, 2007, and, thus, has no documents responsive to this request.

14   **REQUEST NO. 6 [SIC] REQUEST NO. 11:**

15   All software instructions, programs, manuals, or other Documents necessary to operate,

16   run or understand any of the programs maintained on the computer-related equipment or system

17   utilized by You to maintain, gain access to or read data produced in response to Request Nos. 4-5,

18   including all record laYouts [sic], field codes or other descriptions.

19   **RESPONSE TO REQUEST NO. 6 [SIC] REQUEST NO. 11:**

20   Responding Party reasserts and incorporates each of the General Objections and

21   Objections to Definitions and Instructions set forth above.

22   Responding Party objects to this request on the grounds that it is overly broad, unduly

23   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

24   including to the extent that it seeks the discovery of documents regarding Responding Party's

25   sales outside of the United States and unrelated to United States commerce, as such sales are

26   beyond the scope of this litigation and thereby render the Document Requests overly broad,

27   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

28   evidence.

1        Responding Party objects to this request on the grounds that it seeks production of

2   documents protected by the attorney-client privilege, work product doctrine, joint defense or

3   common interest privilege, or by any other applicable doctrine or privilege.

4        Responding Party objects to this request on the grounds it seeks information and/or

5   documents that would disclose confidential information protected by any and all rights of privacy

6   under the United States Constitution or any other applicable law, including copyright and

7   licensing agreements, or that is otherwise prohibited from disclosure because to do so would

8   cause Responding Party to violate legal and/or contractual obligations to any other persons or

9   entities.

10        Responding Party objects to this request on the grounds that, to the extent it seeks

11   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

12   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

13   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

14   action, and not reasonably calculated to lead to the discovery of admissible evidence.

15        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

16   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

17   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

18   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

19   statute of limitations.

20        Responding Party objects to the extent this request seeks documents that are no longer

21   active or readily accessible in electronic form which renders this request overly broad and unduly

22   burdensome.

23        Responding Party objects on the grounds that, to the extent this request seeks documents

24   not related to the allegations in the Complaint, this request is overly broad and unduly

25   burdensome, and purports to call for information that is not relevant to the claim or defense of

26   any party, not relevant to the subject matter involved in this action, and not reasonably calculated

27   to lead to the discovery of admissible evidence.

28        Responding Party objects on the grounds that it seeks documents not in existence or not

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   currently in its possession, custody or control.

2       Responding Party objects that the apparent typographical error "all record laYouts"

3   renders this request ambiguous and unintelligible.

4       Subject to and without waiving the general and specific objections stated above,

5   Responding Party responds that it had no sales of CRTs during the time period of November 26,

6   2003 through November 25, 2007, and, thus, has no documents responsive to this request.

7   **REQUEST NO. 7 [SIC] REQUEST NO. 12:**

8       All Documents relating to policies, methods, formulas or factors to be used in

9   determining, computing or quoting prices, including any rebates or discounts, in connection with

10  the sale of CRT or CRT Products.

11  **RESPONSE TO REQUEST NO. 7 [SIC] REQUEST NO. 12:**

12      Responding Party reasserts and incorporates each of the General Objections and

13  Objections to Definitions and Instructions set forth above.

14      Responding Party objects to this request on the grounds that it is overly broad, unduly

15  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

16  including to the extent that it seeks the discovery of documents regarding Responding Party's

17  sales outside of the United States and unrelated to United States commerce, as such sales are

18  beyond the scope of this litigation and thereby render the Document Requests overly broad,

19  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

20  evidence.

21      Responding Party objects to this request on the grounds that it seeks production of

22  documents protected by the attorney-client privilege, work product doctrine, joint defense or

23  common interest privilege, or by any other applicable doctrine or privilege.

24      Responding Party objects to this request on the grounds it seeks information and/or

25  documents that would disclose confidential information protected by any and all rights of privacy

26  under the United States Constitution or any other applicable law, or that is otherwise prohibited

27  from disclosure because to do so would cause Responding Party to violate legal and/or

28  contractual obligations to any other persons or entities.

1    Responding Party objects to this request on the grounds that, to the extent it seeks

2  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

3  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

4  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

5  action, and not reasonably calculated to lead to the discovery of admissible evidence.

6    Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

7  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

8  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

9  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

10  statute of limitations.

11    Responding Party objects to the extent this request seeks documents that are no longer

12  active or readily accessible in electronic form which renders this request overly broad and unduly

13  burdensome.

14    Responding Party objects to the extent this request seeks documents or information that is

15  not within the possession, custody, or control of Responding Party.

16    Responding Party objects that the phrases "methods, formulas or factors" and

17  "determining, computing or quoting prices" are vague, ambiguous and unintelligible, rendering

18  the request overly broad and unduly burdensome, not relevant and not reasonably calculated to

19  lead to the discovery of admissible evidence.

20    Responding Party objects to this request to the extent it seeks documents or information

21  that will be the subject of expert discovery, as expert discovery has not commenced in this matter.

22    Subject to and without waiving the general and specific objections stated above,

23  Responding Party responds that it had no sales of CRTs during the time period of November 26,

24  2003 through November 25, 2007, and, thus, has no documents responsive to this request.

25  **REQUEST NO. 8 [SIC] REQUEST NO. 13:**

26    All Documents relating to any published prices for CRT or CRT Products during the

27  period January 1, 1991 through the present, including price announcements, price lists, price

28  schedules, or price changes communicated to customers in the United States.

1 **RESPONSE TO REQUEST NO. 8 [SIC] REQUEST NO. 13:**

2      Responding Party reasserts and incorporates each of the General Objections and

3 Objections to Definitions and Instructions set forth above.

4      Responding Party objects to this request on the grounds that it is overly broad, unduly

5 burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

6 including to the extent that it seeks the discovery of documents regarding Responding Party's

7 sales outside of the United States and unrelated to United States commerce, as such sales are

8 beyond the scope of this litigation and thereby render the Document Requests overly broad,

9 unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

10 evidence.

11      Responding Party objects to this request on the grounds that it seeks production of

12 documents protected by the attorney-client privilege, work product doctrine, joint defense or

13 common interest privilege, or by any other applicable doctrine or privilege.

14      Responding Party objects to this request on the grounds it seeks information and/or

15 documents that would disclose confidential information protected by any and all rights of privacy

16 under the United States Constitution or any other applicable law, or that is otherwise prohibited

17 from disclosure because to do so would cause Responding Party to violate legal and/or

18 contractual obligations to any other persons or entities.

19      Responding Party objects to this request on the grounds that, to the extent it seeks

20 documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

21 ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

22 relevant to the claim or defense of any party, not relevant to the subject matter involved in this

23 action, and not reasonably calculated to lead to the discovery of admissible evidence.

24      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

25 and not relevant, rendering the request not reasonably calculated to lead to the discovery of

26 admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

27 class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

28 statute of limitations.

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to the extent this request seeks documents that are no longer

2  active or readily accessible in electronic form which renders this request overly broad and unduly

3  burdensome.

4    Responding Party objects to the extent this request seeks documents or information that is

5  not within the possession, custody, or control of Responding Party.

6    Responding Party objects that the terms "published prices" and "customers" are vague,

7  ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome, not

8  relevant and not reasonably calculated to lead to the discovery of admissible evidence.

9    Responding Party objects that the term "customers in the United States" calls for a legal

10  conclusion.

11    Responding Party objects to the extent this request seeks documents or information that

12  require discovery of information and materials from third parties or sources that are equally if not

13  more accessible to Plaintiffs.

14    Responding Party objects to the extent this request seeks documents or information that

15  will be the subject of expert discovery, as expert discovery has not commenced in this matter.

16    Subject to and without waiving the general and specific objections stated above,

17  Responding Party responds that it had no sales of CRTs during the time period of November 26,

18  2003 through November 25, 2007, and, thus, has no documents responsive to this request.

19  **REQUEST NO. 9 [SIC] REQUEST NO. 14:**

20    All Documents relating to contracts, offers or proposals for CRT or CRT Products sales

21  during the period January 1, 1991 through the present.

22  **RESPONSE TO REQUEST NO. 9 [SIC] REQUEST NO. 14:**

23    Responding Party reasserts and incorporates each of the General Objections and

24  Objections to Definitions and Instructions set forth above.

25    Responding Party objects to this request on the grounds that it is overly broad, unduly

26  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

27  including to the extent that it seeks the discovery of documents regarding Responding Party's

28  sales outside of the United States and unrelated to United States commerce, as such sales are

1  beyond the scope of this litigation and thereby render the Document Requests overly broad,

2  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

3  evidence.

4      Responding Party objects to this request on the grounds that it seeks production of

5  documents protected by the attorney-client privilege, work product doctrine, joint defense or

6  common interest privilege, or by any other applicable doctrine or privilege.

7      Responding Party objects to this request on the grounds it seeks information and/or

8  documents that would disclose confidential information protected by any and all rights of privacy

9  under the United States Constitution or any other applicable law, or that is otherwise prohibited

10  from disclosure because to do so would cause Responding Party to violate legal and/or

11  contractual obligations to any other persons or entities.

12      Responding Party objects to this request on the grounds that, to the extent it seeks

13  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

14  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

15  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

16  action, and not reasonably calculated to lead to the discovery of admissible evidence.

17      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

18  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

19  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

20  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

21  statute of limitations.

22      Responding Party objects to the extent this request seeks documents that are no longer

23  active or readily accessible in electronic form which renders this request overly broad and unduly

24  burdensome.

25      Responding Party objects to the extent this request seeks documents or information that is

26  not within the possession, custody, or control of Responding Party.

27      Responding Party objects that the phrase "contracts, offers or proposals" is vague,

28  ambiguous and unintelligible, rendering this request overly broad and unduly burdensome, not

1    relevant and not reasonably calculated to lead to the discovery of admissible evidence.

2          Responding Party objects to the extent this request seeks documents or information that

3    require discovery of information and materials from third parties or sources that are equally if not

4    more accessible to Plaintiffs.

5          Responding Party objects to the extent this request seeks documents or information that

6    will be the subject of expert discovery, as expert discovery has not commenced in this matter.

7          Subject to and without waiving the general and specific objections stated above,

8    Responding Party responds that it had no sales of CRTs during the time period of November 26,

9    2003 through November 25, 2007, and, thus, has no documents responsive to this request.

10   **REQUEST NO. 10 [SIC] REQUEST NO. 15:**

11         Documents sufficient to identify each of Your facilities that produced CRT or CRT

12   Products from January 1, 1991 through the present, and for each such facility, all Documents

13   relating to:

14         a)      capacity, rated capacity, production and capacity utilization during each year of the

15                 Relevant Time Period;

16         b)      any proposed or actual change in the capacity to produce CRT or CRT Products;

17         c)      any reason for changes in each facility's actual production of CRT or CRT

18                 Products;

19         d)      the identity of all persons who had decision-making or supervisory responsibility

20                 regarding CRT or CRT Products production;

21         e)      each type, class, category and respective use of CRT or CRT Products produced

22                 and the amounts of each produced during each month of the relevant period;

23         f)      any production shutdowns or slowdowns of CRT or CRT Products production and

24                 reasons for such shutdowns or slowdowns; and

25         g)      any projected production forecasts;

26         h)      any future plans to construct, joint venture or purchase fabrication plants used to

27                 manufacture or produce CRT or CRT Products.

28

**RESPONSE TO REQUEST NO. 10 [SIC] REQUEST NO. 15:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the statute of limitations.

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to the extent this request seeks documents that are no longer

2   active or readily accessible in electronic form which renders this request overly broad and unduly

3   burdensome.

4    Responding Party objects to the extent this request seeks documents or information that is

5   not within the possession, custody, or control of Responding Party.

6    Responding Party objects that the definition of the term "Your" is vague, ambiguous, and

7   unintelligible, rendering the request overly broad and unduly burdensome, not relevant, and not

8   reasonably calculated to lead to the discovery of admissible evidence.

9    Responding Party objects that the terms "capacity," "decision-making or supervisory

10   responsibility," and "respective use" are vague, ambiguous and unintelligible, rendering the

11   request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead

12   to the discovery of admissible evidence.

13    Responding Party objects to the extent this request is duplicative of Request No. 4 of

14   Plaintiffs' First Set of Requests for Production.

15    Subject to and without waiving the general and specific objections stated above,

16   Responding Party responds that it had no sales of CRTs during the time period of November 26,

17   2003 through November 25, 2007, and, thus, has no documents responsive to this request.

18   **REQUEST NO. 11 [SIC] REQUEST NO. 16:**

19    Documents sufficient to describe the processes for producing CRT or CRT Products,

20   including but not limited to, any industry standards.

21   **RESPONSE TO REQUEST NO. 11 [SIC] REQUEST NO. 16:**

22    Responding Party reasserts and incorporates each of the General Objections and

23   Objections to Definitions and Instructions set forth above.

24    Responding Party objects to this request on the grounds that it is overly broad, unduly

25   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

26   including to the extent that it seeks the discovery of documents regarding Responding Party's

27   sales outside of the United States and unrelated to United States commerce, as such sales are

28   beyond the scope of this litigation and thereby render the Document Requests overly broad,

1   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

2   evidence.

3       Responding Party objects to this request on the grounds that it seeks production of

4   documents protected by the attorney-client privilege, work product doctrine, joint defense or

5   common interest privilege, or by any other applicable doctrine or privilege.

6       Responding Party objects to this request on the grounds it seeks information and/or

7   documents that would disclose confidential information protected by any and all rights of privacy

8   under the United States Constitution or any other applicable law, or that is otherwise prohibited

9   from disclosure because to do so would cause Responding Party to violate legal and/or

10  contractual obligations to any other persons or entities.

11      Responding Party objects to this request on the grounds that, to the extent it seeks

12  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

13  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

14  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

15  action, and not reasonably calculated to lead to the discovery of admissible evidence.

16      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

17  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

18  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

19  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

20  statute of limitations.

21      Responding Party objects to the extent this request seeks documents that are no longer

22  active or readily accessible in electronic form which renders this request overly broad and unduly

23  burdensome.

24      Responding Party objects to the extent this request seeks documents or information that is

25  not within the possession, custody, or control of Responding Party.

26      Responding Party objects that the terms "processes for producing" and "industry

27  standards" are vague, ambiguous, and unintelligible, rendering the request overly broad and

28  unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of

1    admissible evidence.

2          Responding Party objects to the extent this request seeks documents or information that

3    require discovery of information and materials from third parties or sources that are equally if not

4    more accessible to Plaintiffs.

5          Responding Party objects to the extent this request seeks documents or information that

6    will be the subject of expert discovery, as expert discovery has not commenced in this matter.

7          Subject to and without waiving the general and specific objections stated above,

8    Responding Party responds that it had no sales of CRTs during the time period of November 26,

9    2003 through November 25, 2007, and, thus, has no documents responsive to this request.

10   **REQUEST NO. 12 [SIC] REQUEST NO. 17:**

11         All Documents relating to the cost of manufacturing, marketing, selling, and distributing

12   CRT or CRT Products during the period January 1, 1991 through the present.

13   **RESPONSE TO REQUEST NO. 12 [SIC] REQUEST NO. 17:**

14         Responding Party reasserts and incorporates each of the General Objections and

15   Objections to Definitions and Instructions set forth above.

16         Responding Party objects to this request on the grounds that it is overly broad, unduly

17   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

18   including to the extent that it seeks the discovery of documents regarding Responding Party's

19   sales outside of the United States and unrelated to United States commerce, as such sales are

20   beyond the scope of this litigation and thereby render the Document Requests overly broad,

21   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

22   evidence.

23         Responding Party objects to this request on the grounds that it seeks production of

24   documents protected by the attorney-client privilege, work product doctrine, joint defense or

25   common interest privilege, or by any other applicable doctrine or privilege.

26         Responding Party objects to this request on the grounds it seeks information and/or

27   documents that would disclose confidential information protected by any and all rights of privacy

28   under the United States Constitution or any other applicable law, or that is otherwise prohibited

1   from disclosure because to do so would cause Responding Party to violate legal and/or

2   contractual obligations to any other persons or entities.

3        Responding Party objects to this request on the grounds that, to the extent it seeks

4   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

5   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

6   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

7   action, and not reasonably calculated to lead to the discovery of admissible evidence.

8        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

9   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

10  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

11  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

12  statute of limitations.

13       Responding Party objects to the extent this request seeks documents that are no longer

14  active or readily accessible in electronic form which renders this request overly broad and unduly

15  burdensome.

16       Responding Party objects to the extent this request seeks documents or information that is

17  not within the possession, custody, or control of Responding Party.

18       Responding Party objects to the extent this request seeks documents or information that

19  require discovery of information and materials from third parties or sources that are equally if not

20  more accessible to Plaintiffs.

21       Responding Party objects to the extent this request seeks documents or information that

22  will be the subject of expert discovery, as expert discovery has not commenced in this matter.

23       Subject to and without waiving the general and specific objections stated above,

24  Responding Party responds that it had no sales of CRTs during the time period of November 26,

25  2003 through November 25, 2007, and, thus, has no documents responsive to this request.

26  **<u>REQUEST NO. 13 [SIC] REQUEST NO. 18:</u>**

27       Documents sufficient to show Your inventory levels of CRT or CRT Products for each

28  month, quarter, calendar year or fiscal year from January 1, 1991 through the present.

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

**RESPONSE TO REQUEST NO. 13 [SIC] REQUEST NO. 18:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the statute of limitations.

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   Responding Party objects to the extent this request seeks documents that are no longer

2   active or readily accessible in electronic form which renders this request overly broad and unduly

3   burdensome.

4   Responding Party objects that the definition of the term "Your" is vague, ambiguous, and

5   unintelligible, rendering the request overly broad and unduly burdensome, not relevant, and not

6   reasonably calculated to lead to the discovery of admissible evidence.

7   Responding Party objects that the term "inventory levels" is vague, ambiguous, and

8   unintelligible, rendering the request overly broad and unduly burdensome, not relevant, and not

9   reasonably calculated to lead to the discovery of admissible evidence.

10   Subject to and without waiving the general and specific objections stated above,

11   Responding Party responds that it had no sales of CRTs during the time period of November 26,

12   2003 through November 25, 2007, and, thus, has no documents responsive to this request.

13   **REQUEST NO. 14 [SIC] REQUEST NO. 19:**

14   Documents sufficient to identify and quantify all swaps, trades, sales, purchases or

15   transfers of CRT or CRT Products between You and any of Your affiliates, or between You and

16   any other producer of CRT or CRT Products, and the price or any other consideration involved in

17   every such sale, swap, trade, purchase or transfer.

18   **RESPONSE TO REQUEST NO. 14 [SIC] REQUEST NO. 19:**

19   Responding Party reasserts and incorporates each of the General Objections and

20   Objections to Definitions and Instructions set forth above.

21   Responding Party objects to this request on the grounds that it is overly broad, unduly

22   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

23   including to the extent that it seeks the discovery of documents regarding Responding Party's

24   sales outside of the United States and unrelated to United States commerce, as such sales are

25   beyond the scope of this litigation and thereby render the Document Requests overly broad,

26   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

27   evidence.

28   Responding Party objects to this request on the grounds that it seeks production of

1  documents protected by the attorney-client privilege, work product doctrine, joint defense or

2  common interest privilege, or by any other applicable doctrine or privilege.

3      Responding Party objects to this request on the grounds it seeks information and/or

4  documents that would disclose confidential information, third-party confidential information

5  and/or proprietary business information protected by any and all rights of privacy under the

6  United States Constitution or any other applicable law, or that is otherwise prohibited from

7  disclosure because to do so would cause Responding Party to violate legal and/or contractual

8  obligations to any other persons or entities.

9      Responding Party objects to this request on the grounds that, to the extent it seeks

10  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

11  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

12  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

13  action, and not reasonably calculated to lead to the discovery of admissible evidence.

14      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

15  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

16  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

17  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

18  statute of limitations.

19      Responding Party objects to the extent this request seeks documents that are no longer

20  active or readily accessible in electronic form which renders this request overly broad and unduly

21  burdensome.

22      Responding Party objects that the definition of the terms "You" and "Your" are vague,

23  ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome, not

24  relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

25      Responding Party objects that the terms "affiliates," "swaps," "trades," and "transfers" are

26  vague, ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome,

27  not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

28      Responding Party objects to this request on the grounds that, to the extent it seeks

1   documents related to "purchases," it seeks documents and information not related to the

2   allegations in the Complaint, the request is overly broad and unduly burdensome, and purports to

3   call for information that is not relevant to the claim or defense of any party, not relevant to the

4   subject matter involved in this action, and not reasonably calculated to lead to the discovery of

5   admissible evidence.

6        Subject to and without waiving the general and specific objections stated above,

7   Responding Party responds that it had no sales of CRTs during the time period of November 26,

8   2003 through November 25, 2007, and, thus, has no documents responsive to this request.

9   **REQUEST NO. 15 [SIC] REQUEST NO. 20:**

10       All Documents relating to any relationship between prices for CRT or CRT Products and

11  any costs of producing, marketing, selling, or distributing CRT or CRT Products during the

12  period January  1, 1991 through the present.

13  **RESPONSE TO REQUEST NO. 15 [SIC] REQUEST NO. 20:**

14       Responding Party reasserts and incorporates each of the General Objections and

15  Objections to Definitions and Instructions set forth above.

16       Responding Party objects to this request on the grounds that it is overly broad, unduly

17  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

18  including to the extent that it seeks the discovery of documents regarding Responding Party's

19  sales outside of the United States and unrelated to United States commerce, as such sales are

20  beyond the scope of this litigation and thereby render the Document Requests overly broad,

21  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

22  evidence.

23       Responding Party objects to this request on the grounds that it seeks production of

24  documents protected by the attorney-client privilege, work product doctrine, joint defense or

25  common interest privilege, or by any other applicable doctrine or privilege.

26       Responding Party objects to this request on the grounds it seeks information and/or

27  documents that would disclose confidential information protected by any and all rights of privacy

28  under the United States Constitution or any other applicable law, or that is otherwise prohibited

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   from disclosure because to do so would cause Responding Party to violate legal and/or

2   contractual obligations to any other persons or entities.

3         Responding Party objects to this request on the grounds that, to the extent it seeks

4   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

5   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

6   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

7   action, and not reasonably calculated to lead to the discovery of admissible evidence.

8         Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

9   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

10  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

11  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

12  statute of limitations.

13        Responding Party objects to the extent this request seeks documents that are no longer

14  active or readily accessible in electronic form which renders this request overly broad and unduly

15  burdensome.

16        Responding Party objects to the extent this request seeks documents or information that is

17  not within the possession, custody, or control of Responding Party.

18        Responding Party objects that the phrase "relationship between prices" is vague and

19  ambiguous, rendering this request overly broad and unduly burdensome, not relevant and not

20  reasonably calculated to lead to the discovery of admissible evidence.

21        Responding Party objects to the extent this request seeks document relating to "costs of

22  production, marketing, or selling or distributing CRT or CRT Products," it is duplicative of

23  Request No. 12 of the Document Requests.

24        Responding Party objects to the extent this request seeks documents or information that

25  require discovery of information and materials from third parties or sources that are equally if not

26  more accessible to Plaintiffs.

27        Responding Party objects to the extent this request seeks documents concerning the

28  "prices of CRTs" and "costs of producing" CRTs, this request is duplicative of Document

1    Request Nos. 8 and 12 of the Document Requests.

2        Responding Party objects to the extent this request seeks documents or information that

3    will be the subject of expert discovery, as expert discovery has not commenced in this matter.

4        Subject to and without waiving the general and specific objections stated above,

5    Responding Party responds that it had no sales of CRTs during the time period of November 26,

6    2003 through November 25, 2007, and, thus, has no documents responsive to this request.

7    **REQUEST NO. 16 [SIC] REQUEST NO. 21:**

8        All of Your internal and public annual, quarterly and monthly financial statements,

9    summaries or analyses, including profit-and-loss statements and comparisons to budget that relate

10   to CRT or CRT Products.

11   **RESPONSE TO REQUEST NO. 16 [SIC] REQUEST NO. 21:**

12       Responding Party reasserts and incorporates each of the General Objections and

13   Objections to Definitions and Instructions set forth above.

14       Responding Party objects to this request on the grounds that it is overly broad, unduly

15   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

16   including to the extent that it seeks the discovery of documents regarding Responding Party's

17   sales outside of the United States and unrelated to United States commerce, as such sales are

18   beyond the scope of this litigation and thereby render the Document Requests overly broad,

19   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

20   evidence.

21       Responding Party objects to this request on the grounds that it seeks production of

22   documents protected by the attorney-client privilege, work product doctrine, joint defense or

23   common interest privilege, or by any other applicable doctrine or privilege.

24       Responding Party objects to this request on the grounds it seeks information and/or

25   documents that would disclose confidential information protected by any and all rights of privacy

26   under the United States Constitution or any other applicable law, or that is otherwise prohibited

27   from disclosure because to do so would cause Responding Party to violate legal and/or

28   contractual obligations to any other persons or entities.

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to this request on the grounds that, to the extent it seeks

2 documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

3 ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

4 relevant to the claim or defense of any party, not relevant to the subject matter involved in this

5 action, and not reasonably calculated to lead to the discovery of admissible evidence.

6    Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

7 and not relevant, rendering the request not reasonably calculated to lead to the discovery of

8 admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

9 class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

10 statute of limitations.

11    Responding Party objects to the extent this request seeks documents or information that is

12 not within the possession, custody, or control of Responding Party.

13    Subject to and without waiving the general and specific objections stated above,

14 Responding Party responds that it had no sales of CRTs during the time period of November 26,

15 2003 through November 25, 2007, and, thus, has no documents responsive to this request.

16 **REQUEST NO. 17 [SIC] REQUEST NO. 22:**

17    All business plans, planning analyses, budgets, forecasts, or sales or profit projections

18 relating to CRT or CRT Products.

19 **RESPONSE TO REQUEST NO. 17 [SIC] REQUEST NO. 22:**

20    Responding Party reasserts and incorporates each of the General Objections and

21 Objections to Definitions and Instructions set forth above.

22    Responding Party objects to this request on the grounds that it is overly broad, unduly

23 burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

24 including to the extent that it seeks the discovery of documents regarding Responding Party's

25 sales outside of the United States and unrelated to United States commerce, as such sales are

26 beyond the scope of this litigation and thereby render the Document Requests overly broad,

27 unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

28 evidence.

1    Responding Party objects to this request on the grounds that it seeks production of

2    documents protected by the attorney-client privilege, work product doctrine, joint defense or

3    common interest privilege, or by any other applicable doctrine or privilege.

4    Responding Party objects to this request on the grounds it seeks information and/or

5    documents that would disclose confidential information protected by any and all rights of privacy

6    under the United States Constitution or any other applicable law, or that is otherwise prohibited

7    from disclosure because to do so would cause Responding Party to violate legal and/or

8    contractual obligations to any other persons or entities.

9    Responding Party objects to this request on the grounds that, to the extent it seeks

10   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

11   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

12   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

13   action, and not reasonably calculated to lead to the discovery of admissible evidence.

14   Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

15   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

16   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

17   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

18   statute of limitations.

19   Responding Party objects to the extent this request seeks documents that are no longer

20   active or readily accessible in electronic form which renders this request overly broad and unduly

21   burdensome.

22   Responding Party objects to the extent this request seeks documents or information that is

23   not within the possession, custody, or control of Responding Party.

24   Responding Party objects that the phrase "business plans, planning analyses, budgets,

25   forecasts, or sales or profit projections" is vague and ambiguous, rendering this request overly

26   broad and unduly burdensome, not relevant and not reasonably calculated to lead to the discovery

27   of admissible evidence.

28   Responding Party objects to the extent this request seeks documents or information that

1    require discovery of information and materials from third parties or sources that are equally if not

2    more accessible to Plaintiffs.

3        Responding Party objects to the extent this request seeks documents or information that

4    will be the subject of expert discovery, as expert discovery has not commenced in this matter.

5        Subject to and without waiving the general and specific objections stated above,

6    Responding Party responds that it had no sales of CRTs during the time period of November 26,

7    2003 through November 25, 2007, and, thus, has no documents responsive to this request.

8    **REQUEST NO. 18 [SIC] REQUEST NO. 23:**

9        Documents sufficient to show the identity of all other producers and sellers of CRT or

10   CRT Products during any portion of the relevant period.

11   **RESPONSE TO REQUEST NO. 18 [SIC] REQUEST NO. 23:**

12       Responding Party reasserts and incorporates each of the General Objections and

13   Objections to Definitions and Instructions set forth above.

14       Responding Party objects to this request on the grounds that it is overly broad, unduly

15   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

16   including to the extent that it seeks the discovery of documents regarding Responding Party's

17   sales outside of the United States and unrelated to United States commerce, as such sales are

18   beyond the scope of this litigation and thereby render the Document Requests overly broad,

19   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

20   evidence.

21       Responding Party objects to this request on the grounds that it seeks production of

22   documents protected by the attorney-client privilege, work product doctrine, joint defense or

23   common interest privilege, or by any other applicable doctrine or privilege.

24       Responding Party also objects on the grounds it seeks information and/or documents that

25   would disclose confidential information protected by any and all rights of privacy under the

26   United States Constitution or any other applicable law, or that is otherwise prohibited from

27   disclosure because to do so would cause Responding Party to violate legal and/or contractual

28   obligations to any other persons or entities.

1    Responding Party objects on the grounds that, to the extent it requests documents

2  regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous,

3  overly broad and unduly burdensome, and purports to call for information that is not relevant to

4  the claim or defense of any party, not relevant to the subject matter involved in this action, and

5  not reasonably calculated to lead to the discovery of admissible evidence.

6    Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

7  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

8  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

9  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

10  statute of limitations.

11    Responding Party objects to the extent this request seeks documents that are no longer

12  active or readily accessible in electronic form which renders this request overly broad and unduly

13  burdensome.

14    Responding Party objects to the extent this request seeks documents or information that is

15  not within the possession, custody, or control of Responding Party.

16    Responding Party objects that by seeking documents and information regarding "all other

17  producers and sellers of CRT or CRT Products," the request is overly broad and unduly

18  burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible

19  evidence.

20    Responding Party objects to the extent this request seeks documents or information that

21  require discovery of information and materials from third parties or sources that are equally if not

22  more accessible to Plaintiffs.

23    Responding Party objects to the extent this request seeks documents or information that

24  will be the subject of expert discovery, as expert discovery has not commenced in this matter.

25    Subject to and without waiving the general and specific objections stated above,

26  Responding Party responds that it had no sales of CRTs during the time period of November 26,

27  2003 through November 25, 2007, and, thus, has no documents responsive to this request.

28

**REQUEST NO. 19 [SIC] REQUEST NO. 24:**

All Documents relating to Your percentage or share of industry production, capacity, sales or shipments of CRT or CRT Products, or the percentage or share of industry production, capacity, sales or shipments of any other producer or seller of CRT or CRT Products at any time during the period January 1, 1991 through the present.

**RESPONSE TO REQUEST NO. 19 [SIC] REQUEST NO. 24:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party also objects on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it requests documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

2    and not relevant, rendering the request not reasonably calculated to lead to the discovery of

3    admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

4    class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

5    statute of limitations.

6    Responding Party objects to the extent this request seeks documents that are no longer

7    active or readily accessible in electronic form which renders this request overly broad and unduly

8    burdensome.

9    Responding Party objects to the extent this request seeks documents or information that is

10   not within the possession, custody, or control of Responding Party.

11   Responding Party objects that the phrase "percentage or share of industry production,

12   capacity, sales or shipments" is vague and ambiguous, rendering this request overly broad and

13   unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of

14   admissible evidence.

15   Responding Party objects to the extent this request seeks documents or information that

16   require discovery of information and materials from third parties or sources that are equally if not

17   more accessible to Plaintiffs.

18   Responding Party objects to the extent this request seeks documents or information that

19   will be the subject of expert discovery, as expert discovery has not commenced in this matter.

20   Subject to and without waiving the general and specific objections stated above,

21   Responding Party responds that it had no sales of CRTs during the time period of November 26,

22   2003 through November 25, 2007, and, thus, has no documents responsive to this request.

23   **<u>REQUEST NO. 20 [SIC] REQUEST NO. 25:</u>**

24   All Documents showing the dollar volume or quantity of sales or shipments of CRT or

25   CRT Products (by type or category, if available) by You or by other producers or sellers of CRT

26   or CRT Products by month, quarter, calendar year or fiscal year during the period January 1, 1991

27   through the present.

28

**RESPONSE TO REQUEST NO. 20 [SIC] REQUEST NO. 25:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the statute of limitations.

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to the extent this request seeks documents that are no longer

2  active or readily accessible in electronic form which renders this request overly broad and unduly

3  burdensome.

4    Responding Party objects to the extent this request seeks documents or information that is

5  not within the possession, custody, or control of Responding Party.

6    Responding Party objects that the phrase "dollar volume" is vague, ambiguous, and

7  unintelligible, rendering the request overly broad and unduly burdensome, not relevant and not

8  reasonably calculated to lead to the discovery of admissible evidence.

9    Responding Party objects to the extent it seeks documents relating to the "quantity of sales

10  or shipments of CRT or CRT Products," this request is duplicative of Document Request No. 5 of

11  Plaintiffs' First Set of Requests for Production of Documents, and Request No. 5 of the

12  Document Requests.

13    Responding Party objects to the extent this request seeks documents or information that

14  require discovery of information and materials from third parties or sources that are equally if not

15  more accessible to Plaintiffs.

16    Responding Party objects to the extent this request seeks documents or information that

17  will be the subject of expert discovery, as expert discovery has not commenced in this matter.

18    Subject to and without waiving the general and specific objections stated above,

19  Responding Party responds that it had no sales of CRTs during the time period of November 26,

20  2003 through November 25, 2007, and, thus, has no documents responsive to this request.

21  **REQUEST NO. 21 [SIC] REQUEST NO. 26:**

22    All Documents that compare or contrast each type, class, or category of CRT or CRT

23  Products produced or sold by You with that of any other producer or seller of CRT or CRT

24  Products and all Documents that relate to any industry standards regarding types, classes, or

25  categories of CRT or CRT Products.

26  **RESPONSE TO REQUEST NO. 21 [SIC] REQUEST NO. 26:**

27    Responding Party reasserts and incorporates each of the General Objections and

28  Objections to Definitions and Instructions set forth above.

1    Responding Party objects to this request on the grounds that it is overly broad, unduly

2  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

3  including to the extent that it seeks the discovery of documents regarding Responding Party's

4  sales outside of the United States and unrelated to United States commerce, as such sales are

5  beyond the scope of this litigation and thereby render the Document Requests overly broad,

6  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

7  evidence.

8    Responding Party objects to this request on the grounds that it seeks production of

9  documents protected by the attorney-client privilege, work product doctrine, joint defense or

10  common interest privilege, or by any other applicable doctrine or privilege.

11    Responding Party objects to this request on the grounds it seeks information and/or

12  documents that would disclose confidential information protected by any and all rights of privacy

13  under the United States Constitution or any other applicable law, or that is otherwise prohibited

14  from disclosure because to do so would cause Responding Party to violate legal and/or

15  contractual obligations to any other persons or entities.

16    Responding Party objects to this request on the grounds that, to the extent it seeks

17  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

18  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

19  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

20  action, and not reasonably calculated to lead to the discovery of admissible evidence.

21    Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

22  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

23  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

24  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

25  statute of limitations.

26    Responding Party objects to the extent this request seeks documents that are no longer

27  active or readily accessible in electronic form which renders this request overly broad and unduly

28  burdensome.

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to the extent this request seeks documents or information that is

2    not within the possession, custody, or control of Responding Party.

3    Responding Party objects that the phrases "compare or contrast" and "industry standards"

4    are vague, ambiguous, and unintelligible, rendering this request overly broad and unduly

5    burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible

6    evidence.

7    Responding Party objects to the extent this request seeks documents or information that

8    require discovery of information and materials from third parties or sources that are equally if not

9    more accessible to Plaintiffs.

10    Responding Party objects to the extent this request is duplicative of Request No. 5 of the

11    Document Requests.

12    Responding Party objects to the extent this request seeks documents or information that

13    will be the subject of expert discovery, as expert discovery has not commenced in this matter.

14    Subject to and without waiving the general and specific objections stated above,

15    Responding Party responds that it had no sales of CRTs during the time period of November 26,

16    2003 through November 25, 2007, and, thus, has no documents responsive to this request.

17    **REQUEST NO. 22 [SIC] REQUEST NO. 27:**

18    Documents sufficient to show the regions or territories in which each type, class, or

19    category of CRT or CRT Products are sold in the United States.

20    **RESPONSE TO REQUEST NO. 22 [SIC] REQUEST NO. 27:**

21    Responding Party reasserts and incorporates each of the General Objections and

22    Objections to Definitions and Instructions set forth above.

23    Responding Party objects to this request on the grounds that it is overly broad, unduly

24    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

25    including to the extent that it seeks the discovery of documents regarding Responding Party's

26    sales outside of the United States and unrelated to United States commerce, as such sales are

27    beyond the scope of this litigation and thereby render the Document Requests overly broad,

28    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

1   evidence.

2        Responding Party objects to this request on the grounds that it seeks production of

3   documents protected by the attorney-client privilege, work product doctrine, joint defense or

4   common interest privilege, or by any other applicable doctrine or privilege.

5        Responding Party objects to this request on the grounds it seeks information and/or

6   documents that would disclose confidential information protected by any and all rights of privacy

7   under the United States Constitution or any other applicable law, or that is otherwise prohibited

8   from disclosure because to do so would cause Responding Party to violate legal and/or

9   contractual obligations to any other persons or entities.

10       Responding Party objects to this request on the grounds that, to the extent it seeks

11  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

12  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

13  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

14  action, and not reasonably calculated to lead to the discovery of admissible evidence.

15       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

16  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

17  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

18  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

19  statute of limitations.

20       Responding Party objects to the extent this request seeks documents that are no longer

21  active or readily accessible in electronic form which renders this request overly broad and unduly

22  burdensome.

23       Responding Party objects to the extent this request seeks documents or information that is

24  not within the possession, custody, or control of Responding Party.

25       Responding Party objects to the extent this request seeks documents or information that

26  require discovery of information and materials from third parties or sources that are equally if not

27  more accessible to Plaintiffs.

28       Responding Party objects to the extent this request seeks documents or information that

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   will be the subject of expert discovery, as expert discovery has not commenced in this matter.

2          Subject to and without waiving the general and specific objections stated above,

3   Responding Party responds that it had no sales of CRTs during the time period of November 26,

4   2003 through November 25, 2007, and, thus, has no documents responsive to this request.

5   **REQUEST NO. 23 [SIC] REQUEST NO. 28:**

6          All Documents relating to conditions of supply or demand for CRT or CRT Products,

7   including, but not limited to, any market studies or industry reports during the period January 1,

8   1991 through the present.

9   **RESPONSE TO REQUEST NO. 23 [SIC] REQUEST NO. 28:**

10         Responding Party reasserts and incorporates each of the General Objections and

11  Objections to Definitions and Instructions set forth above.

12         Responding Party objects to this request on the grounds that it is overly broad, unduly

13  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

14  including to the extent that it seeks the discovery of documents regarding Responding Party's

15  sales outside of the United States and unrelated to United States commerce, as such sales are

16  beyond the scope of this litigation and thereby render the Document Requests overly broad,

17  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

18  evidence.

19         Responding Party objects to this request on the grounds that it seeks production of

20  documents protected by the attorney-client privilege, work product doctrine, joint defense or

21  common interest privilege, or by any other applicable doctrine or privilege.

22         Responding Party objects to this request on the grounds it seeks information and/or

23  documents that would disclose confidential information protected by any and all rights of privacy

24  under the United States Constitution or any other applicable law, or that is otherwise prohibited

25  from disclosure because to do so would cause Responding Party to violate legal and/or

26  contractual obligations to any other persons or entities.

27         Responding Party objects to this request on the grounds that, to the extent it requests

28  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

1   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

2   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

3   action, and not reasonably calculated to lead to the discovery of admissible evidence.

4        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

5   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

6   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

7   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

8   statute of limitations.

9        Responding Party objects to the extent this request seeks documents that are no longer

10   active or readily accessible in electronic form which renders this request overly broad and unduly

11   burdensome.

12        Responding Party objects to the extent this request seeks documents or information that is

13   not within the possession, custody, or control of Responding Party.

14        Responding Party objects that the phrases "relating to conditions of supply and demand"

15   and "market studies or industry reports" are vague, ambiguous, and unintelligible, rendering this

16   request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead

17   to the discovery of admissible evidence.

18        Responding Party objects to the extent this request seeks documents or information that

19   require discovery of information and materials from third parties or sources that are equally if not

20   more accessible to Plaintiffs.

21        Responding Party objects to the extent this request seeks documents or information that

22   will be the subject of expert discovery, as expert discovery has not commenced in this matter.

23        Subject to and without waiving the general and specific objections stated above,

24   Responding Party responds that it had no sales of CRTs during the time period of November 26,

25   2003 through November 25, 2007, and, thus, has no documents responsive to this request.

26   **REQUEST NO. 24 [SIC] REQUEST NO. 29:**

27        All Documents relating to any contemplated, proposed, planned, pending or executed

28   purchases, sales, acquisitions, mergers, joint ventures, divestitures, transfers, spin-offs or any

1   other change in ownership of any assets, liabilities, subsidiaries, departments, units or other

2   subdivisions of Your or another company relating to production, distribution, marketing, pricing,

3   sale or resale of CRT or CRT Products during the Relevant Time Period.

4   **RESPONSE TO REQUEST NO. 24 [SIC] REQUEST NO. 29:**

5        Responding Party reasserts and incorporates each of the General Objections and

6   Objections to Definitions and Instructions set forth above.

7        Responding Party objects to this request on the grounds that it is overly broad, unduly

8   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

9   including to the extent that it seeks the discovery of documents regarding Responding Party's

10   sales outside of the United States and unrelated to United States commerce, as such sales are

11   beyond the scope of this litigation and thereby render the Document Requests overly broad,

12   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

13   evidence.

14        Responding Party objects to this request on the grounds that it seeks production of

15   documents protected by the attorney-client privilege, work product doctrine, joint defense or

16   common interest privilege, or by any other applicable doctrine or privilege.

17        Responding Party objects to this request on the grounds it seeks information and/or

18   documents that would disclose confidential information protected by any and all rights of privacy

19   under the United States Constitution or any other applicable law, or that is otherwise prohibited

20   from disclosure because to do so would cause Responding Party to violate legal and/or

21   contractual obligations to any other persons or entities.

22        Responding Party objects to this request on the grounds that, to the extent it seeks

23   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

24   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

25   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

26   action, and not reasonably calculated to lead to the discovery of admissible evidence.

27        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

28   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the statute of limitations.

Responding Party objects to the extent this request seeks documents that are no longer active or readily accessible in electronic form which renders this request overly broad and unduly burdensome.

Responding Party objects to the extent this request seeks documents or information that is not within the possession, custody, or control of Responding Party.

Responding Party objects that the definition of the term "Your" renders the request vague, ambiguous, and unintelligible, overly broad and unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects that the terms "contemplated," "proposed," "planned," "pending," "executed" and "another company" are vague, ambiguous, and unintelligible, rendering this request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to the extent this request seeks documents or information that require discovery of information and materials from third parties or sources that are equally if not more accessible to Plaintiffs.

Responding Party objects to the extent this request seeks documents and information that would require disclosure of Responding Party's or a third-party's respective trade secrets or other confidential information protected by the Uniform Trade Secrets Act, *et. seq.*, any and all rights of privacy under the United States Constitution, or Article One of the California State Constitution or other state constitutions, or any other applicable law, or which is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal or contractual obligations to any other persons or entities.

Responding Party objects that this request is overly broad and unduly burdensome, and the burden it places on Responding Party far outweighs any likely benefit to Plaintiffs under Rule 26(b)(2)(C)(iii) of the Federal Rules of Civil Procedure.

1    Subject to and without waiving the general and specific objections stated above,

2    Responding Party responds that it had no sales of CRTs during the time period of November 26,

3    2003 through November 25, 2007, and, thus, has no documents responsive to this request.

4    **REQUEST NO. 25 [SIC] REQUEST NO. 30:**

5    All Documents relating to any communications between You and any parent, subsidiary,

6    affiliated company, joint venturer, or partner regarding the production, pricing, marketing, sale or

7    distribution of CRT or CRT Products.

8    **RESPONSE TO REQUEST NO. 25 [SIC] REQUEST NO. 30:**

9    Responding Party reasserts and incorporates each of the General Objections and

10   Objections to Definitions and Instructions set forth above.

11   Responding Party objects to this request on the grounds that it is overly broad, unduly

12   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

13   including to the extent that it seeks the discovery of documents regarding Responding Party's

14   sales outside of the United States and unrelated to United States commerce, as such sales are

15   beyond the scope of this litigation and thereby render the Document Requests overly broad,

16   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

17   evidence.

18   Responding Party objects to this request on the grounds that it seeks production of

19   documents protected by the attorney-client privilege, work product doctrine, joint defense or

20   common interest privilege, or by any other applicable doctrine or privilege.

21   Responding Party objects to this request on the grounds it seeks information and/or

22   documents that would disclose confidential information protected by any and all rights of privacy

23   under the United States Constitution or any other applicable law, or that is otherwise prohibited

24   from disclosure because to do so would cause Responding Party to violate legal and/or

25   contractual obligations to any other persons or entities.

26   Responding Party objects to this request on the grounds that, to the extent it seeks

27   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

28   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

1   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

2   action, and not reasonably calculated to lead to the discovery of admissible evidence.

3       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

4   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

5   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

6   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

7   statute of limitations.

8       Responding Party objects to the extent this request seeks documents that are no longer

9   active or readily accessible in electronic form which renders this request overly broad and unduly

10  burdensome.

11      Responding Party objects to the extent this request seeks documents or information that is

12  not within the possession, custody, or control of Responding Party.

13      Responding Party objects that the phrase "affiliated company" is vague, ambiguous, and

14  unintelligible, rendering this request overly broad and unduly burdensome, not relevant and not

15  reasonably calculated to lead to the discovery of admissible evidence.

16      Responding Party objects to the extent this request seeks documents or information that

17  require discovery of information and materials from third parties or sources that are equally if not

18  more accessible to Plaintiffs.

19      Responding Party objects that this request is overly broad and unduly burdensome, and

20  the burden it places on Responding Party far outweighs any likely benefit to Plaintiffs under Rule

21  26(b)(2)(C)(iii) of the Federal Rules of Civil Procedure.

22      Subject to and without waiving the general and specific objections stated above,

23  Responding Party responds that it had no sales of CRTs during the time period of November 26,

24  2003 through November 25, 2007, and, thus, has no documents responsive to this request.

25  **REQUEST NO. 26 [SIC] REQUEST NO. 31:**

26      All Documents relating to communications regarding CRT or CRT Products between or

27  among manufacturers of CRT or CRT Products, including Defendants.

28

1 **RESPONSE TO REQUEST NO. 26 [SIC] REQUEST NO. 31:**

2     Responding Party reasserts and incorporates each of the General Objections and

3 Objections to Definitions and Instructions set forth above.

4     Responding Party objects to this request on the grounds that it is overly broad, unduly

5 burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

6 including to the extent that it seeks the discovery of documents regarding Responding Party's

7 sales outside of the United States and unrelated to United States commerce, as such sales are

8 beyond the scope of this litigation and thereby render the Document Requests overly broad,

9 unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

10 evidence.

11     Responding Party objects to this request on the grounds that it seeks production of

12 documents protected by the attorney-client privilege, work product doctrine, joint defense or

13 common interest privilege, or by any other applicable doctrine or privilege.

14     Responding Party objects to this request on the grounds it seeks information and/or

15 documents that would disclose confidential information protected by any and all rights of privacy

16 under the United States Constitution or any other applicable law, or that is otherwise prohibited

17 from disclosure because to do so would cause Responding Party to violate legal and/or

18 contractual obligations to any other persons or entities.

19     Responding Party objects to this request on the grounds that, to the extent it seeks

20 documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

21 ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

22 relevant to the claim or defense of any party, not relevant to the subject matter involved in this

23 action, and not reasonably calculated to lead to the discovery of admissible evidence.

24     Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

25 and not relevant, rendering the request not reasonably calculated to lead to the discovery of

26 admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

27 class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

28 statute of limitations.

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   Responding Party objects to the extent this request seeks documents that are no longer

2   active or readily accessible in electronic form which renders this request overly broad and unduly

3   burdensome.

4   Responding Party objects to the extent this request seeks documents or information that is

5   not within the possession, custody, or control of Responding Party.

6   Responding Party objects to the extent this request seeks documents or information that

7   require discovery of information and materials from third parties or sources that are equally if not

8   more accessible to Plaintiffs.

9   Responding Party objects that the phrase "relating to" is vague, ambiguous and

10   unintelligible, and renders the request unlimited in scope, overly broad and unduly burdensome,

11   not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

12   Subject to and without waiving the general and specific objections stated above,

13   Responding Party responds that it had no sales of CRTs during the time period of November 26,

14   2003 through November 25, 2007, and, thus, has no documents responsive to this request.

15   **REQUEST NO. 27 [SIC] REQUEST NO. 32:**

16   All Documents relating to any Meeting attended by You or any other Defendant or any

17   manufacturer of CRT or CRT Products during which there was any communication concerning

18   the production, marketing, pricing, distribution, inventory levels or sale of CRT or CRT Products,

19   including, but not limited to the notes of any such Meetings.

20   **RESPONSE TO REQUEST NO. 27 [SIC] REQUEST NO. 32:**

21   Responding Party reasserts and incorporates each of the General Objections and

22   Objections to Definitions and Instructions set forth above.

23   Responding Party objects to this request on the grounds that it is overly broad, unduly

24   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

25   including to the extent that it seeks the discovery of documents regarding Responding Party's

26   sales outside of the United States and unrelated to United States commerce, as such sales are

27   beyond the scope of this litigation and thereby render the Document Requests overly broad,

28   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

1   evidence.

2        Responding Party objects to this request on the grounds that it seeks production of

3   documents protected by the attorney-client privilege, work product doctrine, joint defense or

4   common interest privilege, or by any other applicable doctrine or privilege.

5        Responding Party objects to this request on the grounds it seeks information and/or

6   documents that would disclose confidential information protected by any and all rights of privacy

7   under the United States Constitution or any other applicable law, or that is otherwise prohibited

8   from disclosure because to do so would cause Responding Party to violate legal and/or

9   contractual obligations to any other persons or entities.

10       Responding Party objects to this request on the grounds that, to the extent it seeks

11   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

12   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

13   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

14   action, and not reasonably calculated to lead to the discovery of admissible evidence.

15       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

16   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

17   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

18   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

19   statute of limitations.

20       Responding Party objects to the extent this request seeks documents that are no longer

21   active or readily accessible in electronic form which renders this request overly broad and unduly

22   burdensome.

23       Responding Party objects to the extent this request seeks documents or information that is

24   not within the possession, custody, or control of Responding Party.

25       Responding Party objects to the extent this request seeks documents or information that

26   require discovery of information and materials from third parties or sources that are equally if not

27   more accessible to Plaintiffs.

28       Subject to and without waiving the general and specific objections stated above,

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party responds that it had no sales of CRTs during the time period of November 26,

2    2003 through November 25, 2007, and, thus, has no documents responsive to this request.

3    **REQUEST NO. 28 [SIC] REQUEST NO. 33:**

4            For each of Your Employees who has or had any non-clerical responsibility for

5    recommending, reviewing, setting or approving prices, price increase announcements, bids or

6    quotes for the sale of CRT or CRT Products, or any other involvement in the marketing or sale of

7    CRT or CRT Products:

8            a.      all copies of electronic and manual diaries, calendars, appointment books, "to do"

9                    lists, day timers or appointment notes;

10           b.      all copies of trip and travel logs, records or other supporting Documents;

11           c.      all copies of expense reports or other supporting Documents;

12           d.      all copies of telephone number logs, directories, notebooks, Rolodex cards or

13                   related memoranda;

14           e.      all bills, statements, records and supporting Documents concerning long distance

15                   or cellular telephone calls;

16           f.      all Documents relating to membership in any trade association or industry group;

17                   and

18           g.      the complete personnel file for that Employee.

19   **RESPONSE TO REQUEST NO. 28 [SIC] REQUEST NO. 33:**

20           Responding Party reasserts and incorporates each of the General Objections and

21   Objections to Definitions and Instructions set forth above.

22           Responding Party objects to this request on the grounds that it is overly broad, unduly

23   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

24   including to the extent that it seeks the discovery of documents regarding Responding Party's

25   sales outside of the United States and unrelated to United States commerce, as such sales are

26   beyond the scope of this litigation and thereby render the Document Requests overly broad,

27   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

28   evidence.

1    Responding Party objects to this request on the grounds that it seeks production of

2  documents protected by the attorney-client privilege, work product doctrine, joint defense or

3  common interest privilege, or by any other applicable doctrine or privilege.

4    Responding Party objects to this request on the grounds it seeks information and/or

5  documents that would disclose confidential information protected by any and all rights of privacy

6  under the United States Constitution or any other applicable law, or that is otherwise prohibited

7  from disclosure because to do so would cause Responding Party to violate legal and/or

8  contractual obligations to any other persons or entities.

9    Responding Party objects to this request on the grounds that, to the extent it seeks

10  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

11  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

12  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

13  action, and not reasonably calculated to lead to the discovery of admissible evidence.

14    Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

15  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

16  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

17  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

18  statute of limitations.

19    Responding Party objects to the extent this request seeks documents that are no longer

20  active or readily accessible in electronic form which renders this request overly broad and unduly

21  burdensome.

22    Responding Party objects that the phrase "non-clerical responsibility" is vague,

23  ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome, not

24  relevant and not reasonably calculated to lead to the discovery of admissible evidence.

25    Responding Party objects to the extent this request seeks documents or information that

26  require discovery of information and materials from third parties or sources that are equally if not

27  more accessible to Plaintiffs.

28    Subject to and without waiving the general and specific objections stated above,

1   Responding Party responds that it had no sales of CRTs during the time period of November 26,

2   2003 through November 25, 2007, and, thus, has no documents responsive to this request.

3   **REQUEST NO. 29 [SIC] REQUEST NO. 34:**

4       Documents sufficient to show the name and address of each trade association (including

5   committees and subcommittees) relating to CRT or CRT Products of which You or any of Your

6   Employees are or have been a member, as well as Documents sufficient to show dates of

7   membership and dates of participation in committees or subcommittees.

8   **RESPONSE TO REQUEST NO. 29 [SIC] REQUEST NO. 34:**

9       Responding Party reasserts and incorporates each of the General Objections and

10  Objections to Definitions and Instructions set forth above.

11      Responding Party objects to this request on the grounds that it is overly broad, unduly

12  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

13  including to the extent that it seeks the discovery of documents regarding Responding Party's

14  sales outside of the United States and unrelated to United States commerce, as such sales are

15  beyond the scope of this litigation and thereby render the Document Requests overly broad,

16  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

17  evidence.

18      Responding Party objects to this request on the grounds that it seeks production of

19  documents protected by the attorney-client privilege, work product doctrine, joint defense or

20  common interest privilege, or by any other applicable doctrine or privilege.

21      Responding Party objects to this request on the grounds it seeks information and/or

22  documents that would disclose confidential information protected by any and all rights of privacy

23  under the United States Constitution or any other applicable law, or that is otherwise prohibited

24  from disclosure because to do so would cause Responding Party to violate legal and/or

25  contractual obligations to any other persons or entities.

26      Responding Party objects to this request on the grounds that, to the extent it seeks

27  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

28  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

1  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

2  action, and not reasonably calculated to lead to the discovery of admissible evidence.

3  Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

4  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

5  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

6  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

7  statute of limitations.

8  Responding Party objects to the extent this request seeks documents that are no longer

9  active or readily accessible in electronic form which renders this request overly broad and unduly

10  burdensome.

11  Responding Party objects to the extent this request seeks documents or information that is

12  not within the possession, custody, or control of Responding Party.

13  Responding Party objects to the extent this request seeks documents or information that

14  require discovery of information and materials from third parties or sources that are equally if not

15  more accessible to Plaintiffs.

16  Subject to and without waiving the general and specific objections stated above,

17  Responding Party responds that it had no sales of CRTs during the time period of November 26,

18  2003 through November 25, 2007, and, thus, has no documents responsive to this request.

19  **REQUEST NO. 30 [SIC] REQUEST NO. 35:**

20  All Documents relating to Meetings of each trade association and each of its committees

21  or subcommittees relating to CRT or CRT Products, including all Documents relating to any such

22  Meeting attended by You and any other CRT or CRT Products manufacturer and Documents

23  sufficient to identify individuals from Your company who attended, the dates of attendance, and

24  the subject matters discussed.

25  **RESPONSE TO REQUEST NO. 30 [SIC] REQUEST NO. 35:**

26  Responding Party reasserts and incorporates each of the General Objections and

27  Objections to Definitions and Instructions set forth above.

28  Responding Party objects to this request on the grounds that it is overly broad, unduly

1   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

2   including to the extent that it seeks the discovery of documents regarding Responding Party's

3   sales outside of the United States and unrelated to United States commerce, as such sales are

4   beyond the scope of this litigation and thereby render the Document Requests overly broad,

5   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

6   evidence.

7       Responding Party objects to this request on the grounds that it seeks production of

8   documents protected by the attorney-client privilege, work product doctrine, joint defense or

9   common interest privilege, or by any other applicable doctrine or privilege.

10      Responding Party objects to this request on the grounds it seeks information and/or

11  documents that would disclose confidential information protected by any and all rights of privacy

12  under the United States Constitution or any other applicable law, or that is otherwise prohibited

13  from disclosure because to do so would cause Responding Party to violate legal and/or

14  contractual obligations to any other persons or entities.

15      Responding Party objects to this request on the grounds that, to the extent it seeks

16  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

17  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

18  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

19  action, and not reasonably calculated to lead to the discovery of admissible evidence.

20      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

21  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

22  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

23  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

24  statute of limitations.

25      Responding Party objects to the extent this request seeks documents that are no longer

26  active or readily accessible in electronic form which renders this request overly broad and unduly

27  burdensome.

28      Responding Party objects to the extent this request seeks documents or information that is

1  not within the possession, custody, or control of Responding Party.

2         Responding Party objects to the extent this request seeks documents or information that

3  require discovery of information and materials from third parties or sources that are equally if not

4  more accessible to Plaintiffs.

5         Subject to and without waiving the general and specific objections stated above,

6  Responding Party responds that it had no sales of CRTs during the time period of November 26,

7  2003 through November 25, 2007, and, thus, has no documents responsive to this request.

8  **REQUEST NO. 31 [SIC] REQUEST NO. 36:**

9         All studies, analyses, communications, presentations or other Documents that You have

10  submitted to or received from any trade association regarding CRT or CRT Products.

11  **RESPONSE TO REQUEST NO. 31 [SIC] REQUEST NO. 36:**

12         Responding Party reasserts and incorporates each of the General Objections and

13  Objections to Definitions and Instructions set forth above.

14         Responding Party objects to this request on the grounds that it is overly broad, unduly

15  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

16  including to the extent that it seeks the discovery of documents regarding Responding Party's

17  sales outside of the United States and unrelated to United States commerce, as such sales are

18  beyond the scope of this litigation and thereby render the Document Requests overly broad,

19  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

20  evidence.

21         Responding Party objects to this request on the grounds that it seeks production of

22  documents protected by the attorney-client privilege, work product doctrine, joint defense or

23  common interest privilege, or by any other applicable doctrine or privilege.

24         Responding Party objects to this request on the grounds it seeks information and/or

25  documents that would disclose confidential information protected by any and all rights of privacy

26  under the United States Constitution or any other applicable law, or that is otherwise prohibited

27  from disclosure because to do so would cause Responding Party to violate legal and/or

28  contractual obligations to any other persons or entities.

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the statute of limitations.

Responding Party objects to the extent this request seeks documents that are no longer active or readily accessible in electronic form which renders this request overly broad and unduly burdensome.

Responding Party objects to the extent this request seeks documents or information that is not within the possession, custody, or control of Responding Party.

Responding Party objects that the terms "studies" and "analyses" are vague, ambiguous, and unintelligible, rendering this request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to the extent this request seeks documents or information that require discovery of information and materials from third parties or sources that are equally if not more accessible to Plaintiffs.

Subject to and without waiving the general and specific objections stated above, Responding Party responds that it had no sales of CRTs during the time period of November 26, 2003 through November 25, 2007, and, thus, has no documents responsive to this request.

**REQUEST NO. 32 [SIC] REQUEST NO. 37:**

All statements, announcements, disclosures or press releases issued by You or any of Your competitors relating to CRT or CRT Products.

**RESPONSE TO REQUEST NO. 32 [SIC] REQUEST NO. 37:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the statute of limitations.

1   Responding Party objects that the definition of the terms "You" and "Your" are vague,

2   ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome, not

3   relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

4   Responding Party objects to the extent this request seeks documents that are no longer

5   active or readily accessible in electronic form which renders this request overly broad and unduly

6   burdensome.

7   Responding Party objects to the extent this request seeks documents or information that is

8   not within the possession, custody, or control of Responding Party.  Responding Party objects to

9   the extent this request seeks documents or information that require discovery of information and

10   materials from third parties or sources that are equally if not more accessible to Plaintiffs.

11   Subject to and without waiving the general and specific objections stated above,

12   Responding Party responds that it had no sales of CRTs during the time period of November 26,

13   2003 through November 25, 2007, and, thus, has no documents responsive to this request.

14   **REQUEST NO. 33 [SIC] REQUEST NO. 38:**

15   All Documents relating to Your policies or practices directed toward compliance with the

16   United States antitrust laws, including any statements signed by Your Employees with pricing,

17   sales or marketing responsibility for CRT or CRT Products, acknowledging their receipt of and

18   compliance with Your antitrust compliance policy.

19   **RESPONSE TO REQUEST NO. 33 [SIC] REQUEST NO. 38:**

20   Responding Party reasserts and incorporates each of the General Objections and

21   Objections to Definitions and Instructions set forth above.

22   Responding Party objects to this request on the grounds that it is overly broad, unduly

23   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

24   including to the extent that it seeks the discovery of documents regarding Responding Party's

25   sales outside of the United States and unrelated to United States commerce, as such sales are

26   beyond the scope of this litigation and thereby render the Document Requests overly broad,

27   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

28   evidence.

1        Responding Party objects to this request on the grounds that it seeks production of

2   documents protected by the attorney-client privilege, work product doctrine, joint defense or

3   common interest privilege, or by any other applicable doctrine or privilege.

4        Responding Party objects to this request on the grounds it seeks information and/or

5   documents that would disclose confidential information protected by any and all rights of privacy

6   under the United States Constitution or any other applicable law, or that is otherwise prohibited

7   from disclosure because to do so would cause Responding Party to violate legal and/or

8   contractual obligations to any other persons or entities.

9        Responding Party objects to this request on the grounds that, to the extent it seeks

10  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

11  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

12  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

13  action, and not reasonably calculated to lead to the discovery of admissible evidence.

14       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

15  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

16  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

17  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

18  statute of limitations.

19       Responding Party objects to the extent this request seeks documents that are no longer

20  active or readily accessible in electronic form which renders this request overly broad and unduly

21  burdensome.

22       Responding Party objects to the extent this request seeks documents or information that is

23  not within the possession, custody, or control of Responding Party.

24       Responding Party objects that the phrase "directed toward compliance" is vague,

25  ambiguous, and unintelligible, rendering this request overly broad and unduly burdensome, not

26  relevant and not reasonably calculated to lead to the discovery of admissible evidence.

27       Subject to and without waiving the general and specific objections stated above,

28  Responding Party responds that it had no sales of CRTs during the time period of November 26,

1   2003 through November 25, 2007, and, thus, has no documents responsive to this request.

2   **REQUEST NO. 34 [SIC] REQUEST NO. 39:**

3       All Documents relating to, prepared for, submitted to, or received from any foreign

4   governmental or legislative investigative body, including the Canadian Competition Bureau, the

5   European Commission, any agency or representative body of any foreign country, state or other

6   political subdivision, or any law enforcement agency, authority or commission in any foreign

7   country, relating to the production, sale, marketing, pricing or distribution of CRT or CRT

8   Products. This request includes all Documents relating to proffers, transcripts, notes, summaries,

9   testimony, witness statements, or responses to requests for information that You produced to any

10  foreign governmental agency or foreign grand jury, including any Documents produced as part of

11  any plea bargain negotiations or in connection with any application for or grant of amnesty.

12  **RESPONSE TO REQUEST NO. 34 [SIC] REQUEST NO. 39:**

13      Responding Party reasserts and incorporates each of the General Objections and

14  Objections to Definitions and Instructions set forth above.

15      Responding Party objects to this request on the grounds that it is overly broad, unduly

16  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

17  including to the extent that it seeks the discovery of documents regarding Responding Party's

18  sales outside of the United States and unrelated to United States commerce, as such sales are

19  beyond the scope of this litigation and thereby render the Document Requests overly broad,

20  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

21  evidence.

22      Responding Party objects to this request on the grounds that it seeks information in excess

23  of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no

24  discovery shall be conducted in this case (including, without limitation, document requests,

25  interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury

26  proceedings concerning CRTs or CRT products, including any party's or witness's

27  communications with the United States, or with any grand jury investigating CRTs or CRT

28  products, except by the order of the Court upon good cause shown and consistent with governing

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    law." Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

2         Responding Party objects to this request on the grounds that it seeks production of

3    documents protected by the attorney-client privilege, work product doctrine, joint defense or

4    common interest privilege, or by any other applicable doctrine or privilege.

5         Responding Party objects to this request on the grounds it seeks information and/or

6    documents that would disclose confidential information protected by any and all rights of privacy

7    under the United States Constitution or any other applicable law, or that is otherwise prohibited

8    from disclosure because to do so would cause Responding Party to violate legal and/or

9    contractual obligations to any other persons or entities.

10        Responding Party objects to this request on the grounds that, to the extent it seeks

11   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

12   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

13   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

14   action, and not reasonably calculated to lead to the discovery of admissible evidence.

15        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

16   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

17   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

18   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

19   statute of limitations.

20        Responding Party objects to the extent this request seeks documents that are no longer

21   active or readily accessible in electronic form which renders this request overly broad and unduly

22   burdensome.

23        Responding Party objects to this request on the grounds that discovery of documents and

24   information related to foreign antitrust laws are not relevant to the allegations in the Complaint,

25   thus rendering this request overly broad, unduly burdensome, and not reasonably calculated to

26   lead to the discovery of admissible evidence.

27        Subject to and without waiving the general and specific objections stated above,

28   Responding Party declines to produce documents that may be responsive to this request.

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

**REQUEST NO. 35 [SIC] REQUEST NO. 40:**

All Documents relating to proffers, transcripts, notes, summaries, testimony, witness statements, or responses to requests for information that You produced or were seized by any foreign governmental agency in Italy, Canada, the European Union, India, Hong Kong, Hungary, Thailand, Malaysia, Korea, Japan, Singapore, China or Taiwan.

**RESPONSE TO REQUEST NO. 35 [SIC] REQUEST NO. 40:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks information in excess of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no discovery shall be conducted in this case (including, without limitation, document requests, interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury proceedings concerning CRTs or CRT products, including any party's or witness's communications with the United States, or with any grand jury investigating CRTs or CRT products, except by the order of the Court upon good cause shown and consistent with governing law." Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy

1   under the United States Constitution or any other applicable law, or that is otherwise prohibited

2   from disclosure because to do so would cause Responding Party to violate legal and/or

3   contractual obligations to any other persons or entities.

4        Responding Party objects to this request on the grounds that, to the extent it seeks

5   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

6   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

7   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

8   action, and not reasonably calculated to lead to the discovery of admissible evidence.

9        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

10   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

11   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

12   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

13   statute of limitations.

14        Responding Party objects to the extent this request seeks documents that are no longer

15   active or readily accessible in electronic form which renders this request overly broad and unduly

16   burdensome.

17        Responding Party objects to this request on the grounds that discovery of documents and

18   information related to foreign antitrust laws are not relevant to the allegations in the Complaint,

19   thus rendering this request overly broad, unduly burdensome, and not reasonably calculated to

20   lead to the discovery of admissible evidence.

21        Subject to and without waiving the general and specific objections stated above,

22   Responding Party declines to produce documents that may be responsive to this request.

23   **REQUEST NO. 36 [SIC] REQUEST NO. 41:**

24        Copies of all subpoenas or requests for production of Documents issued by any foreign

25   governmental or legislative investigative body referring or relating to CRT or CRT Products

26   during the relevant period.

27   **RESPONSE TO REQUEST NO. 36 [SIC] REQUEST NO. 41:**

28        Responding Party reasserts and incorporates each of the General Objections and

1    Objections to Definitions and Instructions set forth above.

2           Responding Party objects to this request on the grounds that it is overly broad, unduly

3    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

4    including to the extent that it seeks the discovery of documents regarding Responding Party's

5    sales outside of the United States and unrelated to United States commerce, as such sales are

6    beyond the scope of this litigation and thereby render the Document Requests overly broad,

7    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

8    evidence.

9           Responding Party objects to this request on the grounds that it seeks information in excess

10   of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no

11   discovery shall be conducted in this case (including, without limitation, document requests,

12   interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury

13   proceedings concerning CRTs or CRT products, including any party's or witness's

14   communications with the United States, or with any grand jury investigating CRTs or CRT

15   products, except by the order of the Court upon good cause shown and consistent with governing

16   law."  Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

17          Responding Party objects to this request on the grounds that it seeks production of

18   documents protected by the attorney-client privilege, work product doctrine, joint defense or

19   common interest privilege, or by any other applicable doctrine or privilege.

20          Responding Party objects to this request on the grounds it seeks information and/or

21   documents that would disclose confidential information protected by any and all rights of privacy

22   under the United States Constitution or any other applicable law, or that is otherwise prohibited

23   from disclosure because to do so would cause Responding Party to violate legal and/or

24   contractual obligations to any other persons or entities.

25          Responding Party objects to this request on the grounds that, to the extent it seeks

26   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

27   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

28   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

1  action, and not reasonably calculated to lead to the discovery of admissible evidence.

2       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

3  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

4  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

5  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

6  statute of limitations.

7       Responding Party objects to the extent this request seeks documents that are no longer

8  active or readily accessible in electronic form which renders this request overly broad and unduly

9  burdensome.

10       Responding Party objects to this request on the grounds that discovery of documents and

11  information related to foreign antitrust laws are not relevant to the allegations in the Complaint,

12  thus rendering this request overly broad, unduly burdensome, and not reasonably calculated to

13  lead to the discovery of admissible evidence.

14       Subject to and without waiving the general and specific objections stated above,

15  Responding Party declines to produce documents that may be responsive to this request.

16  **REQUEST NO. 37 [SIC] REQUEST NO. 42:**

17       All Documents relating to, prepared for, submitted to, or received by You as a result of

18  any investigation or research conducted either internally or by an outside entity with respect to

19  price fixing, price manipulation or manipulation of production or capacity of CRT or CRT

20  Products.

21  **RESPONSE TO REQUEST NO. 37 [SIC] REQUEST NO. 42:**

22       Responding Party reasserts and incorporates each of the General Objections and

23  Objections to Definitions and Instructions set forth above.

24       Responding Party objects to this request on the grounds that it is overly broad, unduly

25  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

26  including to the extent that it seeks the discovery of documents regarding Responding Party's

27  sales outside of the United States and unrelated to United States commerce, as such sales are

28  beyond the scope of this litigation and thereby render the Document Requests overly broad,

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

2   evidence.

3        Responding Party objects to this request on the grounds that it seeks information in excess

4   of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no

5   discovery shall be conducted in this case (including, without limitation, document requests,

6   interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury

7   proceedings concerning CRTs or CRT products, including any party's or witness's

8   communications with the United States, or with any grand jury investigating CRTs or CRT

9   products, except by the order of the Court upon good cause shown and consistent with governing

10   law." Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

11       Responding Party objects to this request on the grounds that it seeks production of

12   documents protected by the attorney-client privilege, work product doctrine, joint defense or

13   common interest privilege, or by any other applicable doctrine or privilege.

14       Responding Party objects to this request on the grounds it seeks information and/or

15   documents that would disclose confidential information protected by any and all rights of privacy

16   under the United States Constitution or any other applicable law, or that is otherwise prohibited

17   from disclosure because to do so would cause Responding Party to violate legal and/or

18   contractual obligations to any other persons or entities.

19       Responding Party objects to this request on the grounds that, to the extent it seeks

20   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

21   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

22   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

23   action, and not reasonably calculated to lead to the discovery of admissible evidence.

24       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

25   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

26   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

27   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

28   statute of limitations.

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to the extent this request seeks documents that are no longer

2    active or readily accessible in electronic form which renders this request overly broad and unduly

3    burdensome.

4    Responding Party objects to this request on the grounds that discovery of documents and

5    information related to foreign antitrust laws are not relevant to the allegations in the Complaint,

6    thus rendering this request overly broad, unduly burdensome, and not reasonably calculated to

7    lead to the discovery of admissible evidence.

8    Subject to and without waiving the general and specific objections stated above,

9    Responding Party declines to produce documents that may be responsive to this request.

10   **REQUEST NO. 38 [SIC] REQUEST NO. 43:**

11   All Documents relating to the termination, retirement, discipline, discharge or suspension

12   of any director, officer, or Employee who had any responsibility relating to the production,

13   manufacture, distribution, marketing, pricing or sale of CRT or CRT Products.

14   **RESPONSE TO REQUEST NO. 38 [SIC] REQUEST NO. 43:**

15   Responding Party reasserts and incorporates each of the General Objections and

16   Objections to Definitions and Instructions set forth above.

17   Responding Party objects to this request on the grounds that it is overly broad, unduly

18   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

19   including to the extent that it seeks the discovery of documents regarding Responding Party's

20   sales outside of the United States and unrelated to United States commerce, as such sales are

21   beyond the scope of this litigation and thereby render the Document Requests overly broad,

22   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

23   evidence.

24   Responding Party objects to this request on the grounds that it seeks production of

25   documents protected by the attorney-client privilege, work product doctrine, joint defense or

26   common interest privilege, or by any other applicable doctrine or privilege.

27   Responding Party objects to this request on the grounds it seeks information and/or

28   documents that would disclose confidential information protected by any and all rights of privacy

1  under the United States Constitution or any other applicable law, or that is otherwise prohibited

2  from disclosure because to do so would cause Responding Party to violate legal and/or

3  contractual obligations to any other persons or entities.

4  Responding Party objects to this request on the grounds that, to the extent it seeks

5  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

6  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

7  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

8  action, and not reasonably calculated to lead to the discovery of admissible evidence.

9  Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

10  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

11  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

12  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

13  statute of limitations.

14  Responding Party objects to the extent this request seeks documents that are no longer

15  active or readily accessible in electronic form which renders this request overly broad and unduly

16  burdensome.

17  Responding Party objects on the grounds that, to the extent this request seeks documents

18  not related to the allegations in the Complaint, this request is overly broad and unduly

19  burdensome, and purports to call for information that is not relevant to the claim or defense of

20  any party, not relevant to the subject matter involved in this action, and not reasonably calculated

21  to lead to the discovery of admissible evidence.

22  Responding Party objects to this request on the grounds that it seeks information in excess

23  of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no

24  discovery shall be conducted in this case (including, without limitation, document requests,

25  interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury

26  proceedings concerning CRTs or CRT products, including any party's or witness's

27  communications with the United States, or with any grand jury investigating CRTs or CRT

28  products, except by the order of the Court upon good cause shown and consistent with governing

1  law." Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

2      Subject to and without waiving the general and specific objections stated above,

3  Responding Party declines to produce documents that may be responsive to this request.

4  **REQUEST NO. 39 [SIC] REQUEST NO. 44:**

5      All Documents referring to or relating to plaintiffs in this litigation.

6  **RESPONSE TO REQUEST NO. 39 [SIC] REQUEST NO. 44:**

7      Responding Party reasserts and incorporates each of the General Objections and

8  Objections to Definitions and Instructions set forth above.

9      Responding Party objects to this request on the grounds that it is overly broad, unduly

10  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

11  including to the extent that it seeks the discovery of documents regarding Responding Party's

12  sales outside of the United States and unrelated to United States commerce, as such sales are

13  beyond the scope of this litigation and thereby render the Document Requests overly broad,

14  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

15  evidence.

16      Responding Party objects to this request on the grounds that it seeks production of

17  documents protected by the attorney-client privilege, work product doctrine, joint defense or

18  common interest privilege, or by any other applicable doctrine or privilege.

19      Responding Party objects to this request on the grounds it seeks information and/or

20  documents that would disclose confidential information protected by any and all rights of privacy

21  under the United States Constitution or any other applicable law, or that is otherwise prohibited

22  from disclosure because to do so would cause Responding Party to violate legal and/or

23  contractual obligations to any other persons or entities.

24      Responding Party objects to this request on the grounds that, to the extent it seeks

25  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

26  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

27  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

28  action, and not reasonably calculated to lead to the discovery of admissible evidence.

1       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

2   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

3   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

4   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

5   statute of limitations.

6       Responding Party objects to the extent this request seeks documents or information that is

7   not within the possession, custody, or control of Responding Party.

8       Responding Party objects to the extent this request seeks documents or information that

9   require discovery of information and materials from third parties or sources that are equally if not

10  more accessible to Plaintiffs.

11      Subject to and without waiving the general and specific objections stated above,

12  Responding Party declines to produce documents that may be responsive to this request.

13  **REQUEST NO. 40 [SIC] REQUEST NO. 45:**

14      All Documents that You claim would have been available to the plaintiffs or any

15  purchaser of CRT or CRT Products prior to November 2007, which should have caused the

16  plaintiffs or any such purchaser to investigate whether there was a conspiracy to fix, raise,

17  maintain or stabilize the prices or to control or restrict sales of CRT or CRT Products in the

18  United States.

19  **RESPONSE TO REQUEST NO. 40 [SIC] REQUEST NO. 45:**

20      Responding Party reasserts and incorporates each of the General Objections and

21  Objections to Definitions and Instructions set forth above.

22      Responding Party objects to this request on the grounds that it is overly broad, unduly

23  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

24  including to the extent that it seeks the discovery of documents regarding Responding Party's

25  sales outside of the United States and unrelated to United States commerce, as such sales are

26  beyond the scope of this litigation and thereby render the Document Requests overly broad,

27  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

28  evidence.

1       Responding Party objects to this request on the grounds that it seeks production of

2  documents protected by the attorney-client privilege, work product doctrine, joint defense or

3  common interest privilege, or by any other applicable doctrine or privilege.

4       Responding Party objects to this request on the grounds it seeks information and/or

5  documents that would disclose confidential information protected by any and all rights of privacy

6  under the United States Constitution or any other applicable law, or that is otherwise prohibited

7  from disclosure because to do so would cause Responding Party to violate legal and/or

8  contractual obligations to any other persons or entities.

9       Responding Party objects to this request on the grounds that, to the extent it seeks

10  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

11  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

12  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

13  action, and not reasonably calculated to lead to the discovery of admissible evidence.

14       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

15  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

16  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

17  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

18  statute of limitations.

19       Responding Party objects to the extent this request seeks documents that are no longer

20  active or readily accessible in electronic form which renders this request overly broad and unduly

21  burdensome.

22       Responding Party objects to the extent this request seeks documents or information that is

23  not within the possession, custody, or control of Responding Party.

24       Responding Party objects to the extent this request seeks documents or information that

25  require discovery of information and materials from third parties or sources that are equally if not

26  more accessible to Plaintiffs.

27       Responding Party objects to this request as inappropriately propounded as a document

28  request, as it seeks information more easily obtainable through other means and/or as to which

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Plaintiffs bear the burden of proof.

2          Responding Party objects to the extent this request is argumentative and assumes facts not

3    in evidence.

4          Subject to and without waiving the general and specific objections stated above,

5    Responding Party declines to produce documents that may be responsive to this request.

6

7    Dated: May 12, 2010                              MORGAN, LEWIS & BOCKIUS LLP

8                                                     By  _Diane L. Webb_____

9                                                     Diane L. Webb
                                                       Attorneys for Defendant
10                                                   HITACHI AMERICA, LTD.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DB2/21704893.3                              -93-                                          MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS