# Exhibit K
## to
### Webb Declaration

# Exhibit K
## to
### Webb Declaration

1  MORGAN, LEWIS & BOCKIUS LLP
   KENT M. ROGER, State Bar No. 095987
2  DIANE L. WEBB, State Bar No. 197851
   MICHELLE PARK CHIU, State Bar No. 248421
3  One Market, Spear Street Tower
   San Francisco, CA  94105-1126
4  Tel:  415.442.1000
   Fax:  415.442.1001
5  E-mail:  kroger@morganlewis.com
            dwebb@morganlewis.com
6            mchiu@morganlewis.com

7  Attorneys for Defendant
   HITACHI AMERICA, LTD.

8
                  UNITED STATES DISTRICT COURT
9
                NORTHERN DISTRICT OF CALIFORNIA
10
                   SAN FRANCISCO DIVISION
11

12 | IN RE CATHODE RAY TUBE (CRT) | Case No. C07-5944 SC |
   | ANTITRUST LITIGATION | |
13 | | **MDL NO. 1917** |

14 | | Judge: Hon. Samuel Conti |

15 | | Special Master: Hon. Charles A. Legge (Ret.) |

16 | | **DEFENDANT HITACHI AMERICA,** |
   | This Document Relates To: | **LTD.'S RESPONSES TO DIRECT** |
17 | | **PURCHASER PLAINTIFFS' FIRST** |
   | DIRECT PURCHASER ACTION | **SET OF INTERROGATORIES** |
18 | | |

19

20 PROPOUNDING PARTY:        DIRECT PURCHASER PLAINTIFFS

21 RESPONDING PARTY:         HITACHI AMERICA, LTD.

22 SET NUMBER:               ONE (Nos. 1-16)

23        Pursuant to Federal Rule of Civil Procedure 33, defendant Hitachi America, Ltd.

24 ("Responding Party") hereby timely objects and responds ("Responses") to Direct Purchaser

25 Plaintiffs' ("Plaintiffs" or "Requesting Party") First Set of Interrogatories to Defendants, served

26 on March 12, 2010 ("Interrogatories"), as follows:

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21669261.4                          1                              MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

**GENERAL OBJECTIONS**

1.      Responding Party's responses are based upon information and writings available to and located by Responding Party as of the date of service of these Responses.  Responding Party has not completed its investigation of the facts relating to the Interrogatories, and all of the information supplied and documents and things produced are based only on such information and documents that are reasonably available and specifically known to Responding Party as of the date of service of its response.

2.      No express, incidental or implied admissions are intended by these Responses. The fact that Responding Party agrees to provide information in response to a particular interrogatory is not intended and shall not be construed as an admission that Responding Party accepts or admits the existence of any such information set forth in or assumed by such interrogatory, or that any such information and/or document constitutes admissible evidence.  The fact that Responding Party agrees to provide information in response to a particular interrogatory is not intended and shall not be construed as a waiver by Responding Party of any part of any objection to such interrogatory or any part of any general objection made herein.

3.      Responding Party reserves the right to change, amend, or supplement its objections at a later date.  If Plaintiffs assert an interpretation of any aspect of the Interrogatories that is different from that made by Responding Party, Responding Party reserves the right to supplement its objections if such interpretations made by Plaintiffs are held to be applicable.

4.      Responding Party objects to the Interrogatories to the extent they are vague, ambiguous, or contain terms that are insufficiently defined.

5.      Responding Party objects to the Interrogatories as overly broad, unduly burdensome, oppressive and beyond the proper scope of discovery.

6.      Responding Party objects to the Interrogatories to the extent they seek information and/or documents on matters not relevant to the subject matter of this action, not admissible in evidence, and not reasonably calculated to lead to the discovery of admissible evidence.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21669261.4                                                     2                                                  MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

7.    Responding Party objects to the Interrogatories to the extent they seek to impose on it discovery obligations inconsistent with, or not authorized under, the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

8.    Responding Party objects to the Interrogatories to the extent they seek to impose on it discovery obligations inconsistent with, or not authorized under, the Local Rules of the United States District Court in and for the Northern District of California (the "Local Rules").

9.    Responding Party objects to the Interrogatories to the extent they seek to impose on it discovery obligations exceeding the scope of the Stipulation and Order to Extend Limited Discovery Stay that the Court entered on January 5, 2010 (the "Stay Order").

10.    Responding Party objects to the Interrogatories to the extent they seek information and/or documents that are beyond the scope of the Sherman Antitrust Act, 15 U.S.C. § 1.

11.    Responding Party objects to the Interrogatories to the extent they fail to describe the information and/or documents sought with a reasonable degree of specificity.

12.    Responding Party shall attempt to construe the terms and phrases used by Plaintiffs in a way to give those terms and phrases a meaning which will result in the production of relevant information designed to lead to the discovery of admissible evidence.

13.    Responding Party objects to the Interrogatories to the extent they seek the discovery of information and/or documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce.  Such sales are beyond the scope of this litigation and thereby render the Interrogatories overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

14.    Responding Party objects to the Interrogatories to the extent they seek information the disclosure of which is prohibited by a law, regulation, or order of a court or other authority of a foreign jurisdiction in which the information is located.

15.    Responding Party objects to the Interrogatories to the extent they seek information that is no longer active or readily accessible on Responding Party's database but might exist in electronic archives or back-up files.  Responding Party will not rebuild these electronic archives and back-up files in order to search for information that may be responsive to the Interrogatories.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21669261.4                                    3                                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

Based on the dates of the information sought, a portion of Responding Party's potential responsive information will likely not be on active databases.

16.     Responding Party objects to the Interrogatories to the extent they seek to impose on Responding Party an obligation to investigate or discover information or materials from third parties or sources who or that are equally accessible to Plaintiffs.

17.     Responding Party objects to the Interrogatories to the extent they contain duplicative requests, in whole or in part.  To the extent responsive information has previously been produced, it will not be produced again.

18.     Responding Party objects to the Interrogatories to the extent that they purport to call for Responding Party to engage in an investigation or to obtain information and/or documents not in its personal possession, custody or control.  In addition, Responding Party objects to the extent the Interrogatories require Responding Party to respond and/or produce information and/or documents on behalf of any person or entity other than itself.

19.     Responding Party objects to the Interrogatories to the extent that they seek documents that are in the public record or which are equally accessible to the Plaintiffs as to Responding Party.

20.     Responding Party objects to the Interrogatories to the extent that they attempt and/or purport to call for production of any information and/or documents that are privileged, including, but not limited to, information, documents and materials that were prepared in anticipation of litigation, ADR, or for trial, that reveal communications between Responding Party and its legal counsel, and/or that otherwise constitute attorney-work product, joint defense or common interest privilege, or by any other applicable doctrine or privilege, or that are otherwise privileged or immune from discovery.  Inadvertent testimony, production, or disclosure of any such information and/or document is not intended to and shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such testimony, information, and/or document, or with respect to the subject matter thereof.  Nor shall such inadvertent production or disclosure waive Responding Party's right to object to the use of any such testimony, information, and/or document during this action or in any other or subsequent

proceeding.  Hence, Responding Party objects to each interrogatory to the extent each seeks testimony, information, and/or documents that are protected by the attorney-client privilege and/or the attorney work product doctrine.

21.     No response herein should be deemed or construed as a representation that Responding Party agrees with or acquiesces in the characterization of any fact, assumption or conclusion of law contained in or implied by the Interrogatories.

22.     Responding Party objects to the Interrogatories to the extent they seek information and/or documents that would disclose proprietary information, trade secrets or other confidential research, development, or other confidential information, protected by the Uniform Trade Secrets Act, among others, any and all rights of privacy under the United States Constitution or Article I of the Constitution of the State of California, or any other applicable law or state constitution, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.  Where applicable, Responding Party's Responses to the Interrogatories are subject to the provisions of the Stipulated Protective Order that the Court entered on June 18, 2008 (the "Protective Order").  Responding Party's Responses are hereby designated "Confidential" in accordance with the provisions of the Protective Order.

23.     By representing that it will or will not produce information and/or documents, Responding Party does not represent that such information and/or documents exist.

24.     Responding Party objects to the Interrogatories to the extent they are compound and/or contain discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1).

25.     Responding Party objects to the Interrogatories on the grounds that they are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Hitachi America, Ltd. exited the CRT business in 1998.

26.     Subject to and without waving any of the foregoing objections, each of which is expressly incorporated into each individual response below as if fully stated therein, Responding Party expressly reserves the following rights:

a.     Any and all testimony and information provided and/or documents

produced by Responding Party in response to the Interrogatories are and will remain subject to all objections as to relevance, materiality, propriety, and admissibility, as well as to any and all other objections on any grounds that would require the exclusion of the testimony, information, and/or document or any portion thereof if such testimony, information, and/or document was offered in evidence, all of which objections and grounds are hereby expressly reserved and may be interposed at the time of any written discovery, deposition, or at or before any hearing, arbitration or trial in this matter;

b.      The right to object on any ground whatsoever at any time to any demand for further responses to the Interrogatories or any other discovery procedures involving or relating to the subject matter of the Interrogatories; and

c.      The right to supplement the information produced, or otherwise to supplement, revise or explain the information contained therein in light of information gathered through further investigation and discovery.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

**DEFINITION NO. 1:**

The term "Defendant" means defendants named in the Direct Purchaser Plaintiffs' Consolidated Amended Complaint and their present or former employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, joint ventures, or any other person acting on their behalf.

**OBJECTION TO DEFINITION NO. 1:**

Responding Party objects to the defined term "Defendant" on the grounds that, as defined, it is vague and ambiguous and renders any interrogatory into which it is incorporated not reasonably particular, in violation of Federal Rule of Civil Procedure 34(b)(1)(A), overly broad and unduly burdensome, as it includes entities and/or persons not controlled by Responding Party and not relevant to the subject matter involved in this action, and, in addition, improperly purports to seek information from distinct corporate entities and/or persons not parties to this action and not controlled by Responding Party.

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1   Responding Party further objects to the term "Defendant" on the grounds that the

2   incorporation of any or all of the terms "agents," "predecessors," "successors," "parents,"

3   "subsidiaries," "affiliates," "joint ventures," and "present or former employees, officers, directors,

4   agents, predecessors, successors, parents, subsidiaries, affiliates, joint ventures, or any other

5   person acting on their behalf" into the definition renders each interrogatory incorporating the

6   defined term overly broad and unduly burdensome, as it calls for information not relevant to the

7   claim or defense of any party, not relevant to the subject matter involved in this action, and is not

8   reasonably calculated to lead to the discovery of admissible evidence and, in addition, improperly

9   purports to seek information from distinct corporate entities and/or persons not parties to this

10  action and not controlled by Responding Party.

11  Responding Party objects to this definition to the extent it seeks information protected by

12  the attorney-client privilege or work product doctrine.

13  Responding Party will respond on behalf of Hitachi America, Ltd. only.

14  **DEFINITION NO. 2:**

15  The term "Person" or "Persons" is defined to mean any natural person, corporation, or

16  partnership, proprietorship, joint venture, or any business, legal, or government entity,

17  organization, or association.

18  **OBJECTION TO DEFINITION NO. 2:**

19  Responding Party objects to the defined terms "Person," and "Persons" on the grounds

20  that, as defined, they are vague and ambiguous and render any interrogatory into which they are

21  incorporated not reasonably particular, in violation of Federal Rule of Civil Procedure

22  34(b)(1)(A), overly broad and unduly burdensome, as they include entities and/or persons not

23  controlled by Responding Party and not relevant to the subject matter involved in this action, and,

24  in addition, improperly purport to seek information from distinct corporate entities and/or persons

25  not parties to this action and not controlled by Responding Party.

26  Responding Party further objects to the terms "Person," and "Persons" on the grounds that

27  the incorporation of any or all of the terms "natural person," "corporation," "partnership,"

28  "proprietorship," "joint venture," "business, legal, or government entity," "organization," or

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

"association" into the definition renders each interrogatory incorporating the defined term overly broad and unduly burdensome, as it calls for information not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and is not reasonably calculated to lead to the discovery of admissible evidence and, in addition, improperly purports to seek information from distinct corporate entities and/or persons not parties to the case and not controlled by Responding Party.

Responding Party will respond on behalf of Hitachi America, Ltd. only.

**DEFINITION NO. 3:**

The terms "You, "Your," and "Yourself" means defendant as defined herein.

**OBJECTION TO DEFINITION NO. 3:**

Responding Party objects to the defined terms, "You," "Your," and "Yourself" on the grounds that, as defined, they are vague and ambiguous and render any interrogatory into which any of the terms are incorporated not reasonably particular, in violation of Federal Rule of Civil Procedure 34(b)(1)(A), are overly broad and unduly burdensome, as they include persons not controlled by Responding Party and not relevant to the subject matter involved in this action, and, in addition, improperly purport to seek information from distinct corporate entities and/or persons not parties to this action and not controlled by Responding Party.

Responding Party further objects to the terms, "You," "Your," and "Yourself" on the grounds that the incorporation of the defined term "defendant" into the definitions renders each interrogatory incorporating any of the defined terms overly broad and unduly burdensome, as they call for information not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, are not reasonably calculated to lead to the discovery of admissible evidence and, in addition, improperly purport to seek information from distinct corporate entities and/or persons not parties to this action and not controlled by Responding Party.

Responding Party objects to this definition to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

Responding Party will respond on behalf of Hitachi America, Ltd. only.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21669261.4                                    8                                    MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

**DEFINITION NO. 4:**

The term "Document" includes all documents and electronically stored information as defined in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

**OBJECTION TO DEFINITION NO. 4:**

Responding Party objects to this definition to the extent that it seeks to expand the scope of Rule 34 of the Federal Rules of Civil Procedure.

Responding Party also objects to this definition as overly broad to the extent it seeks information and/or documents that are not relevant to the subject matter of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome to search for and produce.

**DEFINITION NO. 5:**

The term "Employee" means any individual currently in the employ of, or at any time employed by, or acting as the agent of a defendant as defined herein.

**OBJECTION TO DEFINITION NO. 5:**

Responding Party objects to this definition on the grounds that, as defined, it is vague and ambiguous and renders any interrogatory into which it is incorporated not reasonably particular, in violation of Federal Rule of Civil Procedure 34(b)(1)(A), is overly broad and unduly burdensome, as it includes entities and/or persons not controlled by Responding Party and not relevant to the subject matter involved in this action, and, in addition, improperly purports to seek information from distinct corporate entities and persons not parties to the case and not controlled by Responding Party.

Responding Party further objects to the term "employee" on the grounds that the incorporation of the defined term "defendant" into the definition renders each interrogatory incorporating the defined term "employee" overly broad and unduly burdensome, as it calls for information not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, is not reasonably calculated to lead to the discovery of admissible

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21669261.4                                   9                                          MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1   evidence and, in addition, improperly purports to seek information from distinct corporate entities

2   and persons not parties to the case and not controlled by Responding Party.

3          Responding Party objects to the phrase "acting as the agent of a defendant as defined

4   herein" on the grounds it calls for a legal conclusion and to the extent it seeks information beyond

5   Responding Party's possession, custody, or control.

6          Responding Party objects to this definition to the extent it seeks information protected by

7   the attorney-client privilege or work product doctrine.

8          Responding Party will respond on behalf of Hitachi America, Ltd. only.

9   **DEFINITION NO. 6:**

10         The term "CRT" means cathode ray tube(s) and "CRT Products" means products

11  containing cathode ray tubes.

12  **OBJECTION TO DEFINITION NO. 6:**

13         Responding Party objects to the defined term "CRT Products" on the grounds that as

14  defined, it is vague and ambiguous.

15         Responding Party further objects to the defined term "CRT Products," as distinguished

16  from "CRT," on the grounds that, to the extent the term is given a broad interpretation, any

17  interrogatory incorporating this term is overbroad and unduly burdensome, and purports to call

18  for information that is not relevant to the claim or defense of any party, not relevant to the subject

19  matter involved in this action, and is not reasonably calculated to lead to the discovery of

20  admissible evidence.  Moreover, any discovery as to "CRT Products" that is not reasonably

21  related to Plaintiffs' claims with respect to an alleged conspiracy involving CRTs is premature

22  and overly burdensome until such time as Plaintiffs establish a reasonable basis for their claims

23  regarding "CRT Products" to justify the enormous burden that Plaintiffs seek to impose on

24  Responding Party by pursuing discovery as to all such products.

25         To the extent Responding Party's Responses include information outside the defined term

26  "CRT Product," such Responses shall not be deemed to waive this objection.

27  **DEFINITION NO. 7:**

28         Unless otherwise noted, the "Relevant Time Period" means the period from January 1,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21669261.4                                    10                                    MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1   1995 through the present.

2   **OBJECTION TO DEFINITION NO. 7:**

3       Responding Party objects to the defined term, "Relevant Time Period," on the grounds

4   that it is overbroad and seeks information beyond the putative class period, which begins on

5   March 1, 1995 and ends on November 25, 2007 (Direct Purchasers' Consolidated Amended

6   Complaint ¶ 1), and beyond the statute of limitations.  Judge Conti has directed the parties to

7   Judge Legge to develop procedures for the early resolution of statute of limitations issues and to

8   reduce the burden in connection therewith.  Responding Party believes it is premature for it to

9   have to respond to the Interrogatories from prior to the statute of limitations period until Judge

10  Legge considers this issue and determines the proper scope of that burden.  For purposes of

11  responding to these Interrogatories, Responding Party will interpret "Relevant Time Period" to

12  mean November 16, 2003 through November 25, 2007.

13  **DEFINITION NO. 8:**

14      The term "Communication" means without limitation, oral or written communications of

15  any kind, such as electronic communications, e-mails, facsimiles, telephone communications,

16  correspondence, exchange of written or recorded information, or face-to-face meetings.  The

17  phrase "communication between" is defined to include instances where one party addresses the

18  other party but the other party does not necessarily respond.

19  **OBJECTION TO DEFINITION NO. 8:**

20      Responding Party objects to this definition to the extent it attempts to impose obligations

21  on Responding Party and/or seeks information and/or documents beyond those required to be

22  produced pursuant to the Federal Rules of Civil Procedure.

23  **DEFINITION NO. 9:**

24      The term "Date" means the exact day, month and year, if ascertainable, or the best

25  available approximation, including any relationship to other known events (designate whether

26  exact or approximate).

27  **OBJECTION TO DEFINITION NO. 9:**

28      Responding Party objects to this definition to the extent it attempts to impose obligations

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21669261.4                                       11                                       MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

on Responding Party and/or seeks information and/or documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects to the phrase "including any relationship to other known events (designate whether exact or approximate)" on the grounds that it renders the Interrogatories vague, ambiguous, overbroad, unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and is not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to the phrase "including any relationship to other known events (designate whether exact or approximate)" to the extent it renders any interrogatory compound.

**DEFINITION NO. 10:**

The term "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not.

**OBJECTION TO DEFINITION NO. 10:**

Responding Party objects to this definition to the extent it attempts to impose obligations on Responding Party and/or seeks information and/or documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

**INSTRUCTION NO. 1:**

When asked to identify a natural person, state the person's name, employer, position dates of employment/tenure, and home address for all times during the Relevant Time Period.  If any of such information has changed during the relevant time period, specify the time period to which the information provided in your answer pertains.

**OBJECTION TO INSTRUCTION NO. 1:**

Responding Party objects to this Instruction to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under the Federal Rules of Civil Procedure, including, without limiting the generality of the foregoing, Rule 26(b)(5)(A) and Rule 26(e)(1).

Responding Party objects to this Instruction to the extent that it purports to impose

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21669261.4                12                MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES

1  burdens or obligations broader than, inconsistent with, or not authorized under, the Local Rules

2  and/or the Stay Order.

3  Responding Party objects to this Instruction on the grounds that it is vague and

4  ambiguous, and purports to require the production of documents and information protected by the

5  attorney-client privilege, work product doctrine or other applicable privilege.

6  Responding Party objects to this Instruction on the grounds that it is overly broad and

7  unduly burdensome and inconsistent with common usage.

8  Responding Party objects to this Instruction to the extent it seeks information that would

9  disclose personal confidential information and/or violate any and all rights of privacy under the

10  United States Constitution or Article I of the Constitution of the State of California, or any other

11  applicable law or state constitution, or that is otherwise prohibited from disclosure because to do

12  so would cause Responding Party to violate legal and/or contractual obligations to any other

13  persons or entities.

14  Responding Party objects to this Instruction to the extent it seeks home addresses.

15  **INSTRUCTION NO. 2:**

16  When asked to identify any entity other than a natural person, state the name and address

17  of the principal office or headquarters.  If any of the information has changed during the Relevant

18  Time Period, specify the time period to which the information provided in your answer pertains.

19  **OBJECTION TO INSTRUCTION NO. 2:**

20  Responding Party objects to this Instruction to the extent that it purports to impose

21  burdens or obligations broader than, inconsistent with, or not authorized under the Federal Rules

22  of Civil Procedure, including, without limiting the generality of the foregoing, Rule 26(b)(5)(A)

23  and Rule 26(e)(1).

24  Responding Party objects to this Instruction to the extent that it purports to impose

25  burdens or obligations broader than, inconsistent with, or not authorized under, the Local Rules

26  and/or the Stay Order.

27  Responding Party also objects to this Instruction on the grounds that it is overly broad and

28  unduly burdensome and inconsistent with common usage.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21669261.4                13                MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

**INSTRUCTION NO. 3:**

If the responding party elects to produce business records in response to an interrogatory pursuant to Federal Rule of Civil Procedure 33(d), the responding party shall produce the records as they are kept in the usual course of business or shall organize and label them to corresponding with the interrogatory.  If the document is being produced in its native electronic format (allowing the document to retain its metadata), identify the document using its hash or other appropriate electronic identification and identify to the interrogatories to which the document is responsive. If the document is not being produced in electronic form, identify the document using the applicable bates numbers or specifically identify the type of document being produced (e.g., letter, memorandum, telegram, contract, invoice, etc.), its date and author(s), its custodian, and every person to whom such document or any copy thereof was given or sent.  For all documents produced pursuant to Rule 33(d), identify the name of the employee, officer, or agent certifying the documents as business records.

**OBJECTION TO INSTRUCTION NO. 3:**

Responding Party objects to this Instruction on the grounds that it is unduly burdensome and purports to impose burdens and obligations upon Responding Party beyond those required by the Federal Rules of Civil Procedure.

Responding Party objects to this Instruction to the extent it seeks documents and information that would disclose Responding Party's or a third party's respective trade secrets or other confidential research, development, or confidential information protected by the Uniform Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article One of the Constitution of the State of California, or any other applicable state constitution or law, including any copyright or license, or which is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal or contractual obligations to any other persons or entities.  Where it may be appropriate to do so and with adequate protections and limitations, Responding Party expressly reserves the right to provide such information and/or documents only pursuant to the Protective Order in this action.

**SPECIFIC RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1**

State the name, address, and relationship to You of each person who prepared or assisted in the preparation of the responses to these interrogatories.  (Do not identify anyone who simply typed or reproduced the responses.)

**RESPONSE TO INTERROGATORY NO. 1**

Responding Party reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.

Responding Party objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.   Hitachi America, Ltd. exited the CRT business in 1998.

**INTERROGATORY NO. 2**

Identify each current and former employee who has or had any managerial responsibility for recommending, reviewing, setting or approving prices, bids, quotes, or rebates for Your CRT and/or CRT Products during the Relevant Time Period.  For each person identified, include his or her name, address, title, location, the division or unit of the company where he or she worked, and a description of his or her responsibilities throughout the Relevant Time Period.

**RESPONSE TO INTERROGATORY NO. 2**

Responding Party reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.

Responding Party objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this interrogatory on the grounds that it is overly broad,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21669261.4                                    15                                    MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

2   evidence.  For example, to the extent this interrogatory seeks the discovery of information and/or

3   documents regarding Responding Party's sales outside of the United States and unrelated to

4   United States commerce, such sales are beyond the scope of this action.

5       Responding Party objects on the grounds that the phrase "recommending, reviewing,

6   setting or approving prices, bids, quotes, or rebates for Your CRT and/or CRT Products during

7   the Relevant Time Period" is overly broad, unduly burdensome, and seeks information that is not

8   relevant, rendering the interrogatory not reasonably calculated to lead to the discovery of

9   admissible evidence.  The Direct Purchaser Plaintiffs' Consolidated Amended Complaint does

10  not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims

11  prior to November 26, 2003, are barred by the statute of limitations.

12      Responding Party objects to this interrogatory on the grounds that, to the extent it seeks

13  information and/or documents regarding "CRT Products," as distinguished from "CRTs," this

14  interrogatory is vague and ambiguous, overly broad and unduly burdensome, and purports to call

15  for information that is not relevant to the claim or defense of any party, not relevant to the subject

16  matter involved in this action, and is not reasonably calculated to lead to the discovery of

17  admissible evidence.

18      Responding Party further objects to this interrogatory on the grounds that it seeks the

19  discovery of information unrelated to United States commerce and seeks information that is

20  beyond the scope of the Sherman Antitrust Act, 15 U.S.C. § 1.

21      Responding Party objects to the extent this interrogatory seeks information that is no

22  longer active or readily accessible in electronic form which renders this interrogatory overly

23  broad and unduly burdensome.

24      Responding Party objects to the extent this interrogatory seeks information and/or

25  documents that would disclose proprietary information, trade secrets or other confidential

26  research, development, or other confidential information protected by the Uniform Trade Secrets

27  Act, among others, including those of third parties, any and all rights of privacy under the United

28  States Constitution or Article I of the Constitution of the State of California, or any other

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21669261.4                                  16                                      MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

applicable law or state constitution, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.  Where applicable, Responding Party will only respond subject to the provisions of the Protective Order.

Responding Party further objects that the terms "managerial responsibility" and "reviewing" are vague, ambiguous, and unintelligible.

Responding Party objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.   Hitachi America, Ltd. exited the CRT business in 1998.

**INTERROGATORY NO. 3**

Identify each employee with pricing authority who attended any trade association during the Relevant Time Period relating to CRT and/or CRT Products and state with respect to each employee:

    (a)    the trade association attended;

    (b)    the dates of attendance;

    (c)    any offices, chairs or committee positions held in each of the trade associations; and

    (d)    the dates which those offices, chairs or committee positions were held.

**RESPONSE TO INTERROGATORY NO. 3**

Responding Party reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.

Responding Party objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  For example, to the extent this interrogatory seeks the discovery of information and/or documents regarding Responding Party's sales outside of the United States and unrelated to

United States commerce, such sales are beyond the scope of this action.  And, not [every] "employee with pricing authority who attended any trade association during the Relevant Time Period relating to CRT and/or CRT Products[]" is at issue in this action.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the interrogatory not reasonably calculated to lead to the discovery of admissible evidence.  The Direct Purchaser Plaintiffs' Consolidated Amended Complaint does not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the statute of limitations.

Responding Party objects to this interrogatory on the grounds that, to the extent it seeks information and/or documents regarding "CRT Products," as distinguished from "CRTs," this interrogatory is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this interrogatory on the grounds that it seeks the discovery of information unrelated to United States commerce and seeks information that is beyond the scope of the Sherman Antitrust Act, 15 U.S.C. § 1.

Responding Party objects to the extent this interrogatory seeks information that is no longer active or readily accessible in electronic form which renders this interrogatory overly broad and unduly burdensome.

Responding Party objects that the terms "pricing authority" and "attended any trade association" are vague, ambiguous, and unintelligible, rendering the interrogatory overly broad and unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.   Hitachi America, Ltd. exited the CRT business in 1998.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21669261.4     18     MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

**INTERROGATORY NO. 4**

Identify each actual or proposed agreement between You and any producer of CRT and/or CRT Products, including the named defendants in this coordinated proceeding, relating to prices, pricing, production or inventory levels of CRT and/or CRT Products during the relevant time period.  Agreeements [*sic*] shall include drafts.  For every such actual or prosed [*sic*] agreement state:

    (a)    the identity of the participants and all persons with knowledge thereof;

    (b)    when such agreement was entered into;

    (c)    where such agreement was entered into;

    (d)    the terms of such agreement; and

    (e)    when, how and which of your officers, directors or employees discovered the existence of such agreement.

**RESPONSE TO INTERROGATORY NO. 4**

Responding Party reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.

Responding Party objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  For example, to the extent this interrogatory seeks the discovery of information and/or documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, such sales are beyond the scope of this litigation and thereby render this interrogatory overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the term "Relevant Time Period" is overly broad and not relevant, rendering the interrogatory not reasonably calculated to lead to the discovery of admissible evidence as the Direct Purchaser Plaintiffs' Consolidated Amended

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21669261.4                    19                    MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES

1    Complaint does not allege a continuing conspiracy, the end of the class period is November 25,

2    2007, and claims prior to November 26, 2003, are barred by the statute of limitations.

3         Responding Party objects on the ground that subsection 5 ("when, how and which of your

4    officers, directors or employees discovered the existence of such agreement[]") renders this

5    request compound in violation of Federal Rule of Civil Procedure 33.

6         Responding Party objects to this interrogatory on the grounds that, to the extent it seeks

7    information and/or documents regarding "CRT Products," as distinguished from "CRTs," this

8    interrogatory is vague and ambiguous, overly broad and unduly burdensome, and purports to call

9    for information that is not relevant to the claim or defense of any party, not relevant to the subject

10   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

11   evidence.

12        Responding Party objects to this interrogatory on the grounds that it seeks the discovery of

13   information unrelated to United States commerce and seeks information that is beyond the scope

14   of the Sherman Antitrust Act, 15 U.S.C. § 1.

15        Responding Party objects to the extent this interrogatory seeks information that is no

16   longer active or readily accessible in electronic form which renders this interrogatory overly

17   broad and unduly burdensome.

18        Responding Party objects to this interrogatory to the extent it seeks information and/or

19   documents that are not within the possession, custody, or control of Responding Party.

20        Responding Party objects to the extent this interrogatory seeks information and/or

21   documents that would disclose proprietary information, trade secrets or other confidential

22   research, development, or other confidential information protected by the Uniform Trade Secrets

23   Act, among others, including those of third parties, any and all rights of privacy under the United

24   States Constitution or Article I of the Constitution of the State of California, or any other

25   applicable law or state constitution, or that is otherwise prohibited from disclosure because to do

26   so would cause Responding Party to violate legal and/or contractual obligations to any other

27   persons or entities.  Where applicable, Responding Party will only respond subject to the

28   provisions of the Protective Order.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21669261.4                                    20                                    MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1      Responding Party objects to this interrogatory to the extent it seeks information or

2  documents that require discovery of information and materials from third parties or sources that

3  are equally if not more accessible to Plaintiffs.

4      Responding Party objects that the terms "actual," "proposed," and "agreements" are

5  vague, ambiguous, and unintelligible, rendering this interrogatory overly broad and unduly

6  burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible

7  evidence.

8      Responding Party objects that the term "agreements" calls for a legal conclusion, to the

9  extent this interrogatory seeks information related to non-written agreements.

10      Responding Party objects to this interrogatory on the grounds that it is overly broad,

11  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

12  evidence.   Hitachi America, Ltd. exited the CRT business in 1998.

13  **<u>INTERROGATORY NO. 5</u>**

14      Identify any meeting or communication between You and other producers of CRT and/or

15  CRT Products during the Relevant Time Period, including the named Defendants in this coordi-

16  nated proceeding, regarding CRT and/or CRT Product pricing, price increase announcements,

17  terms or conditions of sales, profit margins or market share, production levels, inventory,

18  customers, auctions, reverse auctions, dynamic bidding events, or sales, and for each such

19  meeting or communication:

20      (a)    provide the date and location of the meeting or communication;

21      (b)    identify the person(s) who initiated, called, organized, attended or participated in

22  the meeting or communication;

23      (c)    describe the subject matter discussed and any information you provided or

24  received;

25      (d)    describe every action taken by you as a result of the meeting or communication;

26  and

27      (e)    identify all persons with knowledge relating to the meeting or communication.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21669261.4          21          MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 5**

Responding Party reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.

Responding Party objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  For example, to the extent this interrogatory seeks the discovery of information and/or documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, such sales are beyond the scope of this litigation and thereby render the interrogatory overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this interrogatory on the ground that subpart d ("describe every action taken by you as a result of the meeting or communication") renders this request compound in violation of Federal Rule of Civil Procedure 33.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the interrogatory not reasonably calculated to lead to the discovery of admissible evidence as the Direct Purchaser Plaintiffs' Consolidated Amended Complaint does not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the statute of limitations.

Responding Party objects to this interrogatory on the grounds that, to the extent it seeks information and/or documents regarding "CRT Products," as distinguished from "CRTs," this interrogatory is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party further objects to this interrogatory on the grounds that it seeks the

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

discovery of information unrelated to United States commerce and seeks information that is beyond the scope of the Sherman Antitrust Act, 15 U.S.C. § 1.

Responding Party objects to the extent this interrogatory seeks information that is no longer active or readily accessible in electronic form which renders this interrogatory overly broad and unduly burdensome.

Responding Party objects to this interrogatory to the extent it seeks information and/or documents that are not within the possession, custody, or control of Responding Party.

Responding Party objects to this interrogatory to the extent it seeks information or documents that require discovery of information and materials from third parties or sources that are equally if not more accessible to Plaintiffs.

Responding Party objects to the extent this interrogatory seeks information and/or documents that would disclose proprietary information, trade secrets or other confidential research, development, or other confidential information protected by the Uniform Trade Secrets Act, among others, including those of third parties, any and all rights of privacy under the United States Constitution or Article I of the Constitution of the State of California, or any other applicable law or state constitution, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.  Where applicable, Responding Party will only respond subject to the provisions of the Protective Order.

Responding Party objects that this interrogatory is compound in violation of Federal Rule of Civil Procedure 33, rendering the interrogatory overly broad and unduly burdensome.

Responding Party objects that the phrase "dynamic bidding events" is vague, ambiguous, and unintelligible, rendering this interrogatory overly broad and unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects that the term "agreements" calls for a legal conclusion, to the extent the interrogatory seeks information related to non-written agreements.

Responding Party objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

1  evidence.   Hitachi America, Ltd. exited the CRT business in 1998.

2  **INTERROGATORY NO. 6**

3       Identify each instance during the Relevant Time Period in which You or any other

4  producer of CRT and/or CRT Products, including the named defendants in this coordinated

5  proceeding, instituted a price increase or decrease for CRT and/or CRT Products, and for each

6  such instance:

7       (a)     when such price increase or decrease was announced publicly;

8       (b)     when such price increase or decrease was implemented;

9       (c)     the amount of the price increase or decrease;

10       (d)     whether such price increase or decrease was withdrawn;

11       (e)     each person with responsibility for implementing such price increase or decrease

12  or its withdrawal; and

13       (f)     any explanation given for such price increase or decrease or withdrawal.

14  **RESPONSE TO INTERROGATORY NO. 6**

15       Responding Party reasserts and incorporates each of the General Objections and

16  Objections to the Definitions and Instructions set forth above.

17       Responding Party objects to this interrogatory on the grounds that it seeks information

18  protected by the attorney-client privilege, work product doctrine, joint defense or common

19  interest privilege, or by any other applicable doctrine or privilege.

20       Responding Party objects to this interrogatory on the grounds that it is overly broad,

21  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

22  evidence.  For example, to the extent this interrogatory seeks the discovery of information and/or

23  documents regarding Responding Party's sales outside of the United States and unrelated to

24  United States commerce, such sales are beyond the scope of this action.

25       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

26  and not relevant, rendering the interrogatory not reasonably calculated to lead to the discovery of

27  admissible evidence.  The Direct Purchaser Plaintiffs' Consolidated Amended Complaint does

28  not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
DB2/21669261.4           24           MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1   prior to November 26, 2003, are barred by the statute of limitations.

2           Responding Party objects to this interrogatory on the grounds that, to the extent it seeks

3   information and/or documents regarding "CRT Products," as distinguished from "CRTs," this

4   interrogatory is vague and ambiguous, overly broad and unduly burdensome, and purports to call

5   for information that is not relevant to the claim or defense of any party, not relevant to the subject

6   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

7   evidence.

8           Responding Party objects to this interrogatory on the grounds that it seeks the discovery of

9   information unrelated to United States commerce and seeks information that is beyond the scope

10  of the Sherman Antitrust Act, 15 U.S.C. § 1.

11          Responding Party objects to the extent this interrogatory seeks information that is no

12  longer active or readily accessible in electronic form which renders this interrogatory overly

13  broad and unduly burdensome.

14          Responding Party objects to this interrogatory to the extent it seeks information and/or

15  documents that are not within the possession, custody, or control of Responding Party.

16          Responding Party objects to this interrogatory to the extent it seeks information and/or

17  documents that require discovery of information and materials from third parties or sources that

18  are equally if not more accessible to Plaintiffs.

19          Responding Party objects to the extent this interrogatory seeks information and/or

20  documents that would disclose proprietary information, trade secrets or other confidential

21  research, development, or other confidential information protected by the Uniform Trade Secrets

22  Act, among others, including those of third parties, any and all rights of privacy under the United

23  States Constitution or Article I of the Constitution of the State of California, or any other

24  applicable law or state constitution, or that is otherwise prohibited from disclosure because to do

25  so would cause Responding Party to violate legal and/or contractual obligations to any other

26  persons or entities.  Where applicable, Responding Party will only respond subject to the

27  provisions of the Protective Order.

28          Responding Party objects to this interrogatory on the grounds that it is overly broad,

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21669261.4                          25                          MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

2   evidence.   Hitachi America, Ltd. exited the CRT business in 1998.

3   **INTERROGATORY NO. 7**

4        Identify and describe all joint ventures, partnerships or other cooperative business

5   relationships, during the Relevant Time Period, relating to CRT and/or CRT Products between

6   You and any other CRT or CRT Products producer.

7   **RESPONSE TO INTERROGATORY NO. 7**

8        Responding Party reasserts and incorporates each of the General Objections and

9   Objections to the Definitions and Instructions set forth above.

10       Responding Party objects to this interrogatory on the grounds that it seeks information

11  protected by the attorney-client privilege, work product doctrine, joint defense or common

12  interest privilege, or by any other applicable doctrine or privilege.

13       Responding Party objects to this interrogatory on the grounds that it is overly broad,

14  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

15  evidence.  For example, to the extent this interrogatory seeks the discovery of information and/or

16  documents regarding Responding Party's sales outside of the United States and unrelated to

17  United States commerce, such sales are beyond the scope of this litigation and thereby render the

18  interrogatory overly broad, unduly burdensome, and not reasonably calculated to lead to the

19  discovery of admissible evidence.  And, not "all joint ventures, partnerships or other cooperative

20  business relationships, during the Relevant Time Period, relating to CRT and/or CRT Products

21  between [Responding Party] and any other CRT or CRT Products producer[]" are at issue in this

22  action.

23       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

24  and not relevant, rendering the interrogatory not reasonably calculated to lead to the discovery of

25  admissible evidence.  The Direct Purchaser Plaintiffs' Consolidated Amended Complaint does

26  not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims

27  prior to November 26, 2003, are barred by the statute of limitations.

28       Responding Party objects to this interrogatory on the grounds that, to the extent it seeks

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21669261.4

26

MDL 1917

1   information and/or documents regarding "CRT Products," as distinguished from "CRTs," this

2   interrogatory is vague and ambiguous, overly broad and unduly burdensome, and purports to call

3   for information that is not relevant to the claim or defense of any party, not relevant to the subject

4   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

5   evidence.

6       Responding Party objects to this interrogatory on the grounds that it seeks the discovery of

7   information unrelated to United States commerce and seeks information that is beyond the scope

8   of the Sherman Antitrust Act, 15 U.S.C. § 1.

9       Responding Party objects to the extent this interrogatory seeks information that is no

10  longer active or readily accessible in electronic form which renders this interrogatory overly

11  broad and unduly burdensome.

12      Responding Party objects to this interrogatory to the extent it seeks information and/or

13  documents that are not within the possession, custody, or control of Responding Party.

14      Responding Party objects to this interrogatory to the extent it seeks information and/or

15  documents that require discovery of information and materials from third parties or sources that

16  are equally if not more accessible to Plaintiffs.

17      Responding Party objects to the extent this interrogatory seeks information and/or

18  documents that would disclose proprietary information, trade secrets or other confidential

19  research, development, or other confidential information protected by the Uniform Trade Secrets

20  Act, among others, including those of third parties, any and all rights of privacy under the United

21  States Constitution or Article I of the Constitution of the State of California, or any other

22  applicable law or state constitution, or that is otherwise prohibited from disclosure because to do

23  so would cause Responding Party to violate legal and/or contractual obligations to any other

24  persons or entities.  Where applicable, Responding Party will only respond subject to the

25  provisions of the Protective Order.

26      Responding Party objects that the phrases "partnership" and "cooperative business

27  relationships" are vague, ambiguous, and unintelligible, rendering this interrogatory overly broad

28  and unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

admissible evidence.

Responding Party objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.   Hitachi America, Ltd. exited the CRT business in 1998.

**INTERROGATORY NO. 8**

Identify every channel used by You to sell, market, or distribute CRT and/or CRT Products during the Relevant Time Period.  If You used different channels at different points within the Relevant Time Period, identify when You used each channel to sell, market, or distribute CRT and/or CRT Products.

**RESPONSE TO INTERROGATORY NO. 8**

Responding Party reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.

Responding Party objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  For example, to the extent this interrogatory seeks the discovery of information and/or documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, such sales are beyond the scope of this litigation and thereby render the interrogatory overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  And, not "every channel used by [Responding Party] to sell, market, or distribute CRT and/or CRT Products during the Relevant Time Period[]" is at issue in this action.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the interrogatory not reasonably calculated to lead to the discovery of admissible evidence.  The Direct Purchaser Plaintiffs' Consolidated Amended Complaint does not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21669261.4                                28                                MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES

1    prior to November 26, 2003, are barred by the statute of limitations.

2            Responding Party objects to this interrogatory on the grounds that, to the extent it seeks

3    information and/or documents regarding "CRT Products," as distinguished from "CRTs," this

4    interrogatory is vague and ambiguous, overly broad and unduly burdensome, and purports to call

5    for information that is not relevant to the claim or defense of any party, not relevant to the subject

6    matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

7    evidence.

8            Responding Party objects to this interrogatory on the grounds that it seeks the discovery of

9    information unrelated to United States commerce and seeks information that is beyond the scope

10   of the Sherman Antitrust Act, 15 U.S.C. § 1.

11           Responding Party objects to the extent this interrogatory seeks information that is no

12   longer active or readily accessible in electronic form which renders this interrogatory overly

13   broad and unduly burdensome.

14           Responding Party objects that the term "channel" is vague, ambiguous, and unintelligible,

15   rendering this interrogatory overly broad and unduly burdensome, not relevant and not reasonably

16   calculated to lead to the discovery of admissible evidence.

17           Responding Party objects to the extent this interrogatory seeks information and/or

18   documents that would disclose proprietary information, trade secrets or other confidential

19   research, development, or other confidential information protected by the Uniform Trade Secrets

20   Act, among others, including those of third parties, any and all rights of privacy under the United

21   States Constitution or Article I of the Constitution of the State of California, or any other

22   applicable law or state constitution, or that is otherwise prohibited from disclosure because to do

23   so would cause Responding Party to violate legal and/or contractual obligations to any other

24   persons or entities.  Where applicable, Responding Party will only respond subject to the

25   provisions of the Protective Order.

26           Responding Party objects to this interrogatory on the grounds that it is overly broad,

27   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

28   evidence.   Hitachi America, Ltd. exited the CRT business in 1998.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21669261.4                                    29                                    MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

**INTERROGATORY NO. 9**

Identify every channel used by you to purchase CRT and/or CRT Products during the Relevant Time Period.  If You used different channels at different points within the Relevant Time Period, identify when You used each channel to purchase CRT or CRT Products.

**RESPONSE TO INTERROGATORY NO. 9**

Responding Party reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.

Responding Party objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of information and/or documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the interrogatory overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the interrogatory not reasonably calculated to lead to the discovery of admissible evidence. The Direct Purchaser Plaintiffs' Consolidated Amended Complaint does not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the statute of limitations.

Responding Party objects to this interrogatory on the grounds that, to the extent it seeks information and/or documents regarding "CRT Products," as distinguished from "CRTs," this interrogatory is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21669261.4                                    30                                    MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

Responding Party objects to this interrogatory on the grounds that it seeks the discovery of information unrelated to United States commerce and seeks information that is beyond the scope of the Sherman Antitrust Act, 15 U.S.C. § 1.

Responding Party objects to the extent this interrogatory seeks information that is no longer active or readily accessible in electronic form which renders this interrogatory overly broad and unduly burdensome.

Responding Party objects that the term "channel" is vague, ambiguous, and unintelligible, rendering this interrogatory overly broad and unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to the extent this interrogatory seeks information and/or documents that would disclose proprietary information, trade secrets or other confidential research, development, or other confidential information protected by the Uniform Trade Secrets Act, among others, including those of third parties, any and all rights of privacy under the United States Constitution or Article I of the Constitution of the State of California, or any other applicable law or state constitution, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.  Where applicable, Responding Party will only respond subject to the provisions of the Protective Order.

Responding Party objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.   Hitachi America, Ltd. exited the CRT business in 1998.

**INTERROGATORY NO. 10**

Identify the CRT and/or CRT Products that You manufactured or produced for each month within the Relevant Time Period, including the brand name, product number, and intended use.

**RESPONSE TO INTERROGATORY NO. 10**

Responding Party reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.

1    Responding Party objects to this interrogatory on the grounds that it seeks information

2    protected by the attorney-client privilege, work product doctrine, joint defense or common

3    interest privilege, or by any other applicable doctrine or privilege.

4    Responding Party objects to this interrogatory on the grounds that it is overly broad,

5    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

6    evidence.  For example, to the extent this interrogatory seeks the discovery of information and/or

7    documents regarding Responding Party's sales outside of the United States and unrelated to

8    United States commerce, such sales are beyond the scope of this litigation and thereby render the

9    interrogatory overly broad, unduly burdensome, and not reasonably calculated to lead to the

10   discovery of admissible evidence.

11   Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

12   and not relevant, rendering the interrogatory not reasonably calculated to lead to the discovery of

13   admissible evidence.  The Direct Purchaser Plaintiffs' Consolidated Amended Complaint does

14   not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims

15   prior to November 26, 2003, are barred by the statute of limitations.

16   Responding Party objects to this interrogatory on the grounds that, to the extent it seeks

17   information and/or documents regarding "CRT Products," as distinguished from "CRTs," this

18   interrogatory is vague and ambiguous, overly broad and unduly burdensome, and purports to call

19   for information that is not relevant to the claim or defense of any party, not relevant to the subject

20   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

21   evidence.

22   Responding Party objects to this interrogatory on the grounds that it seeks the discovery of

23   information unrelated to United States commerce and seeks information that is beyond the scope

24   of the Sherman Antitrust Act, 15 U.S.C. § 1.

25   Responding Party objects to the extent this interrogatory seeks information that is no

26   longer active or readily accessible in electronic form which renders this interrogatory overly

27   broad and unduly burdensome.

28   Responding Party objects to this interrogatory on the grounds that it is overly broad,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21669261.4                                    32                                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

2   evidence.   Hitachi America, Ltd. exited the CRT business in 1998.

3   **INTERROGATORY NO. 11**

4        Identify the CRT and/or CRT Products You sold, marketed, or distributed for each month

5   within the Relevant Time Period, including the brand name, product number, and intended use.

6   **RESPONSE TO INTERROGATORY NO. 11**

7        Responding Party reasserts and incorporates each of the General Objections and

8   Objections to the Definitions and Instructions set forth above.

9        Responding Party objects to this interrogatory on the grounds that it seeks information

10  protected by the attorney-client privilege, work product doctrine, joint defense or common

11  interest privilege, or by any other applicable doctrine or privilege.

12       Responding Party objects to this interrogatory on the grounds that it is overly broad,

13  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

14  evidence.  For example, to the extent this interrogatory seeks the discovery of information and/or

15  documents regarding Responding Party's sales outside of the United States and unrelated to

16  United States commerce, such sales are beyond the scope of this litigation and thereby render the

17  interrogatory overly broad, unduly burdensome, and not reasonably calculated to lead to the

18  discovery of admissible evidence.

19       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

20  and not relevant, rendering the interrogatory not reasonably calculated to lead to the discovery of

21  admissible evidence.  The Direct Purchaser Plaintiffs' Consolidated Amended Complaint does

22  not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims

23  prior to November 26, 2003, are barred by the statute of limitations.

24       Responding Party objects to this interrogatory on the grounds that, to the extent it seeks

25  information and/or documents regarding "CRT Products," as distinguished from "CRTs," this

26  interrogatory is vague and ambiguous, overly broad and unduly burdensome, and purports to call

27  for information that is not relevant to the claim or defense of any party, not relevant to the subject

28  matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21669261.4                                   33                                      MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1   evidence.

2          Responding Party objects to this interrogatory on the grounds that it seeks the discovery of

3   information unrelated to United States commerce and seeks information that is beyond the scope

4   of the Sherman Antitrust Act, 15 U.S.C. § 1.

5          Responding Party objects to the extent this interrogatory seeks information that is no

6   longer active or readily accessible in electronic form which renders this interrogatory overly

7   broad and unduly burdensome.

8          Responding Party objects to this interrogatory on the grounds that it is overly broad,

9   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

10  evidence.   Hitachi America, Ltd. exited the CRT business in 1998.

11  **INTERROGATORY NO. 12**

12         Provide Your sales of CRT and/or CRT Products to the United States and globally for

13  each month from January 1, 1991 to the present.  For each month during this period, state the

14  volume of sales, the U.S. dollar value of sales, the unit sale price, the per unit cost to produce

15  CRT and/or CRT Products, the per unit cost to distribute CRT and/or CRT Products (including

16  overseas freight, tariff, customs, duties, inland freight, storage, insurance, dealer commissions),

17  and the per unit profit earned.

18  **RESPONSE TO INTERROGATORY NO. 12**

19         Responding Party reasserts and incorporates each of the General Objections and

20  Objections to the Definitions and Instructions set forth above.

21         Responding Party objects to this interrogatory on the grounds that it seeks information

22  protected by the attorney-client privilege, work product doctrine, joint defense or common

23  interest privilege, or by any other applicable doctrine or privilege.

24         Responding Party objects to this interrogatory on the grounds that it is overly broad,

25  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

26  evidence.  For example, this interrogatory seeks the discovery of information and/or documents

27  regarding Responding Party's sales outside of the United States and unrelated to United States

28  commerce; such sales are beyond the scope of this litigation and thereby render the interrogatory

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21669261.4                                      34                                    MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1    overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

2    admissible evidence.

3        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

4    and not relevant, rendering the interrogatory not reasonably calculated to lead to the discovery of

5    admissible evidence.  The Direct Purchaser Plaintiffs' Consolidated Amended Complaint does

6    not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims

7    prior to November 26, 2003, are barred by the statute of limitations.

8        Responding Party objects to this interrogatory on the grounds that, to the extent it seeks

9    information and/or documents regarding "CRT Products," as distinguished from "CRTs," this

10   interrogatory is vague and ambiguous, overly broad and unduly burdensome, and purports to call

11   for information that is not relevant to the claim or defense of any party, not relevant to the subject

12   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

13   evidence.

14       Responding Party objects to this interrogatory on the grounds that it seeks the discovery of

15   information unrelated to United States commerce and seeks information that is beyond the scope

16   of the Sherman Antitrust Act, 15 U.S.C. § 1.

17       Responding Party objects to the extent this interrogatory seeks information that is no

18   longer active or readily accessible in electronic form which renders this interrogatory overly

19   broad and unduly burdensome.

20       Responding Party objects to the extent this interrogatory seeks information and/or

21   documents that would disclose proprietary information, trade secrets or other confidential

22   research, development, or other confidential information protected by the Uniform Trade Secrets

23   Act, among others, including those of third parties, any and all rights of privacy under the United

24   States Constitution or Article I of the Constitution of the State of California, or any other

25   applicable law or state constitution, or that is otherwise prohibited from disclosure because to do

26   so would cause Responding Party to violate legal and/or contractual obligations to any other

27   persons or entities.  Where applicable, Responding Party will only respond subject to the

28   provisions of the Protective Order.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21669261.4                        35                        MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

Responding Party objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.   Hitachi America, Ltd. exited the CRT business in 1998.

**INTERROGATORY NO. 13**

If You offered different prices to different markets, or on a spot market versus contract basis, during the Relevant Time Period, so indicate in the statistical data supplied in response to Interrogatory No. 6.

**RESPONSE TO INTERROGATORY NO. 13**

Responding Party reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.

Responding Party objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  For example, to the extent this interrogatory seeks the discovery of information and/or documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, such sales are beyond the scope of this action.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the interrogatory not reasonably calculated to lead to the discovery of admissible evidence.  The Direct Purchaser Plaintiffs' Consolidated Amended Complaint does not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the statute of limitations.

Responding Party objects to this interrogatory on the grounds that, to the extent it seeks information and/or documents regarding "CRT Products," as distinguished from "CRTs," this interrogatory is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21669261.4                    36                    MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

evidence.

Responding Party objects to this interrogatory on the grounds that it seeks the discovery of information unrelated to United States commerce and seeks information that is beyond the scope of the Sherman Antitrust Act, 15 U.S.C. § 1.

Responding Party objects to the extent this interrogatory seeks information that is no longer active or readily accessible in electronic form which renders this interrogatory overly broad and unduly burdensome.

Responding Party objects to the extent this interrogatory seeks information and/or documents that would disclose proprietary information, trade secrets or other confidential research, development, or other confidential information protected by the Uniform Trade Secrets Act, among others, including those of third parties, any and all rights of privacy under the United States Constitution or Article I of the Constitution of the State of California, or any other applicable law or state constitution, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.  Where applicable, Responding Party will only respond subject to the provisions of the Protective Order.

Responding Party objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.   Hitachi America, Ltd. exited the CRT business in 1998.

**INTERROGATORY NO. 14**

Provide Your aggregate purchases (in both number of units and revenue in U.S. dollars) of CRT and/or CRT Products for each month from January 1, 1991 to the present.

**RESPONSE TO INTERROGATORY NO. 14**

Responding Party reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.

Responding Party objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21669261.4

37

MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1    Responding Party objects to this interrogatory on the grounds that it is overly broad,

2   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

3   evidence.  For example, to the extent this interrogatory seeks the discovery of information and/or

4   documents regarding Responding Party's sales outside of the United States and unrelated to

5   United States commerce, such sales are beyond the scope of this action.  And, Responding Party's

6   aggregate purchases (in both number of units and revenue in U.S. dollars) of CRT and/or CRT

7   Products for each month from January 1, 1991 to the present are not at issue in this action.

8    Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

9   and not relevant, rendering the interrogatory not reasonably calculated to lead to the discovery of

10   admissible evidence.  The Direct Purchaser Plaintiffs' Consolidated Amended Complaint does

11   not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims

12   prior to November 26, 2003, are barred by the statute of limitations.

13    Responding Party objects to this interrogatory on the grounds that, to the extent it seeks

14   information and/or documents regarding "CRT Products," as distinguished from "CRTs," this

15   interrogatory is vague and ambiguous, overly broad and unduly burdensome, and purports to call

16   for information that is not relevant to the claim or defense of any party, not relevant to the subject

17   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

18   evidence.

19    Responding Party objects to this interrogatory on the grounds that it seeks the discovery of

20   information unrelated to United States commerce and seeks information that is beyond the scope

21   of the Sherman Antitrust Act, 15 U.S.C. § 1.

22    Responding Party objects to the extent this interrogatory seeks information that is no

23   longer active or readily accessible in electronic form which renders this interrogatory overly

24   broad and unduly burdensome.

25    Responding Party objects that the terms "spot market," and "statistical data" are vague,

26   ambiguous, and unintelligible, rendering this interrogatory overly broad and unduly burdensome,

27   not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

28    Responding Party objects to the extent this interrogatory seeks information and/or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21669261.4                                    38                                    MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

documents that would disclose proprietary information, trade secrets or other confidential research, development, or other confidential information protected by the Uniform Trade Secrets Act, among others, including those of third parties, any and all rights of privacy under the United States Constitution or Article I of the Constitution of the State of California, or any other applicable law or state constitution, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.  Where applicable, Responding Party will only respond subject to the provisions of the Protective Order.

Responding Party objects to this interrogatory on the grounds that, to the extent it seeks documents related to "purchases," it seeks information not related to the allegations in the Complaint, the request is overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.   Hitachi America, Ltd. exited the CRT business in 1998.

**INTERROGATORY NO. 15**

Provide Your aggregate purchases (in units and U.S. dollars) of CRT or CRT Products from each of the other named defendants in this coordinated proceeding, for the purpose of resale, for each month during from January 1, 1991 to the present.

**RESPONSE TO INTERROGATORY NO. 15**

Responding Party reasserts and incorporates each of the General Objections and Objections to the Definitions and Instructions set forth above.

Responding Party objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this interrogatory on the grounds that it is overly broad,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21669261.4                                         39                                         MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. For example, to the extent this interrogatory seeks the discovery of information and/or documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the interrogatory overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. And, Responding Party's "aggregate purchases (in units and U.S. dollars) of CRT or CRT Products from each of the other named defendants in this coordinated proceeding, for the purpose of resale, for each month during from January 1, 1991 to the present[]" are not at issue in this action.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the interrogatory not reasonably calculated to lead to the discovery of admissible evidence. The Direct Purchaser Plaintiffs' Consolidated Amended Complaint does not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the statute of limitations.

Responding Party objects to this interrogatory on the grounds that, to the extent it seeks information and/or documents regarding "CRT Products," as distinguished from "CRTs," this interrogatory is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this interrogatory on the grounds that it seeks the discovery of information unrelated to United States commerce and seeks information that is beyond the scope of the Sherman Antitrust Act, 15 U.S.C. § 1.

Responding Party objects to the extent this interrogatory seeks information that is no longer active or readily accessible in electronic form which renders this interrogatory overly broad and unduly burdensome.

Responding Party objects to this interrogatory on the grounds that, to the extent the interrogatory seeks information and/or documents not related to the allegations in the Direct

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21669261.4     40     MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

Purchaser Plaintiffs' Consolidated Amended Complaint, this interrogatory is overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this interrogatory to the extent it seeks information and/or documents that are not within the possession, custody, or control of Responding Party.

Responding Party objects to this interrogatory to the extent it seeks information and/or documents that require discovery of information and materials from third parties or sources that are equally if not more accessible to Plaintiffs.

Responding Party objects that the term "aggregate" is vague, ambiguous, and unintelligible, rendering this interrogatory overly broad and unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to the extent this interrogatory seeks information and/or documents that would disclose proprietary information, trade secrets or other confidential research, development, or other confidential information protected by the Uniform Trade Secrets Act, among others, including those of third parties, any and all rights of privacy under the United States Constitution or Article I of the Constitution of the State of California, or any other applicable law or state constitution, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.  Where applicable, Responding Party will only respond subject to the provisions of the Protective Order.

Responding Party objects to this interrogatory on the grounds that, to the extent it seeks documents related to "purchases," it seeks information not related to the allegations in the Complaint, the request is overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this interrogatory on the grounds that it is overly broad,

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21669261.4
41
MDL 1917

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence.   Hitachi America, Ltd. exited the CRT business in 1998.

**INTERROGATORY NO. 16**

State whether any documents or information responsive to this set of interrogatories were

destroyed, discarded, erased, deleted, purged, or otherwise lost.  If Your answer is in any way in

the affirmative:

(a)     describe in detail the contents of each such document or information and the date it

was destroyed, discarded, erased, deleted, purged or lost;

(b)     identify each person who had any role or responsibility in destroying, discarding,

erasing, purging, deleting or losing of each such document or information; and

(c)     describe in detail the circumstances under which each such document or

information was destroyed, discarded, erased, deleted, purged, or lost.

**RESPONSE TO INTERROGATORY NO. 16**

Responding Party reasserts and incorporates each of the General Objections and

Objections to the Definitions and Instructions set forth above.

Responding Party objects to this interrogatory to the extent that it is harassing, invasive, or

seeks personal confidential information, the disclosure of which is prohibited by a law,

regulation, or order of a court or another authority of a foreign jurisdiction in which the

information is located.

Responding Party objects to this interrogatory on the grounds that it seeks information

protected by the attorney-client privilege, work product doctrine, joint defense or common

interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this interrogatory on the grounds that it is overly broad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence.  For example, to the extent this interrogatory seeks the discovery of information and/or

documents regarding Responding Party's sales outside of the United States and unrelated to

United States commerce, such sales are beyond the scope of this litigation and thereby render the

interrogatory overly broad, unduly burdensome, and not reasonably calculated to lead to the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21669261.4                          42                          MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1  discovery of admissible evidence.

2      Responding Party objects on the grounds that the term "Relevant Time Period" is overly

3  broad and not relevant, rendering the interrogatory not reasonably calculated to lead to the

4  discovery of admissible evidence.  The Direct Purchaser Plaintiffs' Consolidated Amended

5  Complaint does not allege a continuing conspiracy, the end of the class period is November 25,

6  2007, and claims prior to November 26, 2003, are barred by the statute of limitations.

7      Responding Party objects to this interrogatory on the grounds that, to the extent it seeks

8  information and/or documents not related to the allegations in the Direct Purchaser Plaintiffs'

9  Consolidated Amended Complaint, this interrogatory is overly broad and unduly burdensome,

10  and purports to call for information that is not relevant to the claim or defense of any party, not

11  relevant to the subject matter involved in this action, and not reasonably calculated to lead to the

12  discovery of admissible evidence.

13      Responding Party objects to this interrogatory on the grounds that it is overly broad,

14  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

15  evidence.   Hitachi America, Ltd. exited the CRT business in 1998.

16

17  Dated: May 12, 2010                MORGAN, LEWIS & BOCKIUS LLP

18

19                          By  *Diane L. Webb*

20                              Diane L. Webb
                                Attorneys for Hitachi America, Ltd.

21

22

23

24

25

26

27

28

DB2/21669261.4                     43                          MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF
INTERROGATORIES