# Exhibit L
**to**
**Webb Declaration**

# Exhibit L
**to**
**Webb Declaration**

1　MORGAN, LEWIS & BOCKIUS LLP
　　KENT M. ROGER, State Bar No. 095987
2　DIANE L. WEBB, State Bar No. 197851
　　MICHELLE PARK CHIU, State Bar No. 248421
3　One Market, Spear Street Tower
　　San Francisco, CA 94105-1126
4　Tel: 415.442.1000
　　Fax: 415.442.1001
5　E-mail: kroger@morganlewis.com
　　　　　　dwebb@morganlewis.com
6　　　　　 mchiu@morganlewis.com

7　Attorneys for Defendant
　　HITACHI AMERICA, LTD.

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN FRANCISCO DIVISION

11

| | |
|---|---|
| 12　IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. C07-5944 SC |
| 13 | **MDL NO. 1917** |
| 14 | Judge: Hon. Samuel Conti |
| 15 | Special Master: Hon. Charles A. Legge (Ret.) |
| 16 | **DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS** |
| 17　This Document Relates To: | |
| 18　ALL INDIRECT PURCHASER ACTIONS | |
| 19 | |

20

21　PROPOUNDING PARTY:　　　　INDIRECT PURCHASER PLAINTIFFS

22　RESPONDING PARTY:　　　　　HITACHI AMERICA, LTD.

23　SET NUMBER:　　　　　　　　ONE (Nos. 1-6 [sic] 47-52)

24　　　　Defendant Hitachi America, Ltd. ("Responding Party") hereby timely objects and

25　responds to Indirect Purchaser Plaintiffs' ("Plaintiffs" or "Requesting Party") First Request for

26　Production of Documents from Defendants ("Document Requests") served on May 26, 2010, and

27　each document request set forth therein ("Responses"), as follows.

28

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21729157.2　　　　　　　　　　1　　　　　　　　　　　　MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

## GENERAL OBJECTIONS

1.    Responding Party's responses are based upon information and writings available to and located by Responding Party as of the date of service of these Responses.  Responding Party has not completed its investigation of the facts relating to the Document Requests, and all of the information supplied and documents and things produced are based only on such information and documents that are reasonably available and specifically known to Responding Party as of the date of service of its response.

2.    No express, incidental or implied admissions are intended by these Responses. The fact that Responding Party agrees to provide information in response to a particular request is not intended and shall not be construed as an admission that Responding Party accepts or admits the existence of any such information set forth in or assumed by such request, or that any such information and/or document constitutes admissible evidence.  The fact that Responding Party agrees to provide information in response to a particular request is not intended and shall not be construed as a waiver by Responding Party of any part of any objection to such request or any part of any general objection made herein.

3.    Responding Party reserves the right to change, amend, or supplement its objections at a later date.  If Plaintiffs assert an interpretation of any aspect of the Document Requests or any of the requests therein that is different from that made by Responding Party, Responding Party reserves the right to supplement its objections if such interpretations made by Plaintiffs are held to be applicable.

4.    Responding Party objects to the Document Requests, and each request therein, to the extent they are vague, ambiguous, or contain terms that are insufficiently defined.

5.    Responding Party objects to the Document Requests, and each request therein, as overly broad, unduly burdensome, oppressive and beyond the proper scope of discovery.

6.    If multiple, identical copies of any document are responsive to the requests herein, only one representative copy will be produced.  Producing more than one identical copy is unduly burdensome and oppressive.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21729157.2                                    2                                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

7.      Responding Party objects to the Document Requests, and each request therein, to the extent they seek documents and materials on matters not relevant to the subject matter of this action, not admissible in evidence, and not reasonably calculated to lead to the discovery of admissible evidence.

8.      Responding Party objects to the Document Requests, and each request therein, to the extent they seek to impose on it discovery obligations inconsistent with, or not authorized under, the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

9.      Responding Party objects to the Document Requests, and to each request therein, to the extent they seek to impose on it discovery obligations inconsistent with, or not authorized under, the Local Rules of the United States District Court in and for the Northern District of California (the "Local Rules").

10.      Responding Party objects to the Document Requests, and to each request therein, to the extent they seek to impose on it discovery obligations exceeding the scope of the Stipulation and Order to Extend Limited Discovery Stay that the Court entered on January 5, 2010 (the "Stay Order").

11.      Responding Party objects to the Document Requests, and each request therein, to the extent they seek documents and information that are beyond the scope of the Sherman Antitrust Act, 15 U.S.C. § 1.

12.      Responding Party objects to the Document Requests, and each request therein, to the extent they fail to describe the documents and things sought with a reasonable degree of specificity.

13.      Responding Party shall attempt to construe the terms and phrases used by Plaintiffs in a way to give those terms and phrases a meaning which will result in the production of relevant information or information designed to lead to the discovery of admissible evidence.

14.      Responding Party objects to the Document Requests, and each request therein, to the extent they seek the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21729157.2                                3                                MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

1   litigation and thereby render the Document Requests overly broad, unduly burdensome, and not

2   reasonably calculated to lead to the discovery of admissible evidence.

3       15.     Responding Party objects to the Document Requests, and each request therein, to

4   the extent they seek documents, including but not limited to electronic documents, the disclosure

5   of which is prohibited by a law, regulation, or order of a court or other authority of a foreign

6   jurisdiction in which the documents are located.

7       16.     Responding Party objects to the Document Requests, and each request therein, to

8   the extent they seek documents that are no longer active or readily accessible on Responding

9   Party's databases but might exist in electronic archives or back-up files.  Responding Party will

10  not rebuild these electronic archives and back-up files in order to search for documents that may

11  be responsive to the Document Requests.  Based on the dates of the information sought, a portion

12  of Responding Party's potentially responsive data will likely not be on active databases.

13      17.     Responding Party objects to the Document Requests, and each request therein, to

14  the extent they seek to impose on Responding Party an obligation to investigate or discover

15  information or materials from third parties or sources that are equally accessible to Plaintiffs.

16      18.     Responding Party objects to the Document Requests and each request therein, to

17  the extent they contain duplicative requests, in whole or in part.  To the extent responsive

18  documents have previously been produced, they will not be produced again.

19      19.     Responding Party objects to the Document Requests, and each request therein, to

20  the extent that they purport to call for Responding Party to engage in an investigation or to obtain

21  information and/or documents not in its personal possession, custody or control.  In addition,

22  Responding Party objects to the extent the Document Requests require Responding Party to

23  respond and/or produce documents on behalf of any person or entity other than itself.

24      20.     Responding Party objects to the Document Requests, and each request therein, to

25  the extent that they seek documents that are in the public record or which are equally accessible to

26  the Plaintiffs as to Responding Party.

27      21.     Responding Party objects to the Document Requests, and each request therein, to

28  the extent that they attempt and/or purport to call for production of any information and/or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21729157.2                                    4                                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

1   documents that are privileged, including, but not limited to, documents and materials that were

2   prepared in anticipation of litigation, ADR, or for trial, that reveal communications between

3   Responding Party and its legal counsel, and/or that otherwise constitute attorney-work product,

4   joint defense or common interest privilege, or by any other applicable doctrine or privilege, or

5   that are otherwise privileged or immune from discovery.  Inadvertent testimony, production, or

6   disclosure of any such information and/or document is not intended to and shall not constitute a

7   waiver of any privilege or any other ground for objecting to discovery with respect to such

8   testimony, information, and/or document, or with respect to the subject matter thereof.  Nor shall

9   such inadvertent production or disclosure waive Responding Party's right to object to the use of

10   any such testimony, information, and/or document during this action or in any other or

11   subsequent proceeding.  Hence, Responding Party objects to each request to the extent each seeks

12   testimony, documents, and information that are protected by the attorney-client privilege and/or

13   the attorney work product doctrine.

14          22.     No response herein should be deemed or construed as a representation that

15   Responding Party agrees with or acquiesces in the characterization of any fact, assumption or

16   conclusion of law contained in or implied by the Document Requests.

17          23.     Responding Party objects to the Document Requests, and each request therein, to

18   the extent they seek information and/or documents that would disclose proprietary information,

19   trade secrets or other confidential research, development, or other confidential information

20   protected by the Uniform Trade Secrets Act, among others, any and all rights of privacy under the

21   United States Constitution or Article I of the Constitution of the State of California, or any other

22   applicable law or state constitution, or that is otherwise prohibited from disclosure because to do

23   so would cause Responding Party to violate legal and/or contractual obligations to any other

24   persons or entities.  Where applicable, Responding Party's Responses to the Document Requests

25   are subject to the provisions of the Stipulated Protective Order that the Court entered on June 18,

26   2008 (the "Protective Order").  Responding Party's Responses are hereby designated

27   "Confidential" in accordance with the provisions of the Protective Order.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    24.    By representing that it will or will not produce documents, Responding Party does

2    not represent that such documents exist.

3    25.    To the extent Responding Party produces to Direct Purchaser Plaintiffs documents

4    responsive to the Document Requests, such responsive documents will not be produced again.

5    26.    Subject to and without waiving any of the foregoing objections, each of which is

6    expressly incorporated into each individual response below as if fully stated therein, Responding

7    Party expressly reserves the following rights:

8        a.    Any and all testimony and information provided and/or documents

9    produced by Responding Party in response to the Document Requests are and will remain subject

10   to all objections as to relevance, materiality, propriety, and admissibility, as well as to any and all

11   other objections on any grounds that would require the exclusion of the testimony, information,

12   and/or document or any portion thereof if such testimony, information, and/or document was

13   offered in evidence, all of which objections and grounds are hereby expressly reserved and may

14   be interposed at the time of any written discovery, deposition, or at or before any hearing,

15   arbitration or trial in this matter;

16       b.    The right to object on any ground whatsoever at any time to any demand

17   for further responses to the Document Requests or any other discovery procedures involving or

18   relating to the subject matter of the Document Requests; and

19       c.    The right to supplement the documents produced, or otherwise to

20   supplement, revise or explain the information contained therein in light of information gathered

21   through further investigation and discovery.

22                    **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

23   **DEFINITION NO. 1:**

24       "All" should be construed to include the collective as well as the singular and shall mean

25   "each," "any," and "every."

26   **OBJECTION TO DEFINITION NO. 1:**

27       No objection.

28

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

**DEFINITION NO. 2:**

"Any" shall be construed to mean "any and all."

**OBJECTION TO DEFINITION NO. 2:**

No objection.

**DEFINITION NO. 3:**

"Or" and "and" should be construed so as to require the broadest possible response.  If, for example, a request calls for information about "A or B" or "A and B," you should produce all information about A and all information about B, as well as all information about A and B collectively.  In other words, "or" and "and" should be read as "and/or."

**OBJECTION TO DEFINITION NO. 3:**

No objection.

**DEFINITION NO. 4:**

"Defendant" means any company, organization, entity or person presently or subsequently named as a defendant in this litigation.

**OBJECTION TO DEFINITION NO. 4:**

Responding Party objects to this definition to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects to this definition on the ground it calls for a legal conclusion.

Responding Party objects to this definition as vague, ambiguous, unintelligible, overly broad to the extent it seeks documents and information that are not relevant to the subject matter of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome to search for and produce.

Responding Party objects to this definition to the extent it seeks information and documents that would disclose Responding Party's or a third party's respective trade secrets or other confidential research, development, or confidential information protected by the Uniform Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article One of the Constitution of the State of California, or any other applicable state constitution or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21729157.2                                    7                                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

1    law, or which is otherwise prohibited from disclosure because to do so would cause Responding

2    Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

3    appropriate to do so and with adequate protections and limitations, Responding Party expressly

4    reserves the right to provide such documents and/or information only pursuant to the Protective

5    Order in this action.

6         Responding Party objects to this definition to the extent that it attempts or purports to call

7    for the production of any information and/or documents that are privileged, that were prepared in

8    anticipation of litigation or trial, that reveal communications between Responding Party and its

9    legal counsel, that otherwise constitute attorney work product, are subject to the joint defense or

10   common interest privilege, or that are otherwise privileged or immune from discovery.

11        Responding Party objects to this definition to the extent it is intended to include persons

12   or entities other than Responding Party.  To the extent and in the context a request uses the term

13   "Defendant," Responding Party understands that the request and its obligations only extend to

14   information and/or documents within Responding Party's possession, custody or control.

15        Responding Party objects to this definition to the extent that it calls for documents or

16   information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

17   definition to the extent that it requires Responding Party to respond and/or produce documents or

18   information on behalf of any person or entity other than itself.

19        Responding Party will respond on behalf of Hitachi America, Ltd. only.

20   **DEFINITION NO. 5:**

21        "Document(s), data, and tangible things" is used in the broadest possible sense and has

22   the meaning set forth in Federal Rule of Civil Procedure 34 including, but not limited to, writings;

23   records; files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic

24   messages; voicemail; E-mail; telephone message records or logs; computer and network activity

25   logs; hard drives; backup data; removable computer storage media such as tapes, disks, and cards;

26   printouts; document image files; Web pages; databases; spreadsheets; software; books; ledgers;

27   journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries;

28   compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21729157.2                                    8                                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

1  digital or chemical process photographs; video, phonographic, tape, or digital recordings or

2  transcripts thereof; drafts; jottings; and notes.  Information that serves to identify, locate, or link

3  such material, such as file inventories, file folders, indices, and metadata, is also included in this

4  definition.

5  **OBJECTION TO DEFINITION NO. 5:**

6       Responding Party objects to this definition to the extent that it seeks to expand the scope

7  of Rule 34 of the Federal Rules of Civil Procedure.

8       Responding Party also objects to this definition as overly broad to the extent it seeks

9  documents and/or information that are not relevant to the subject matter of this action, not

10  admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence,

11  and unduly burdensome to search for and produce.

12  **DEFINITION NO. 6:**

13       "All Documents" means every document and every non-identical copy known to you and

14  every such document or writing which you can locate or discover by reasonably diligent efforts,

15  including, but not limited to, all drafts of documents now in the possession, custody or control of

16  any defendant, its merged or acquired predecessors, former and present directors, officers,

17  counsel, agents, employees and/or persons acting on its behalf.

18  **OBJECTION TO DEFINITION NO. 6:**

19       Responding Party objects to this definition to the extent that it seeks to expand the scope

20  of Rule 34 of the Federal Rules of Civil Procedure.

21       Responding Party also objects to this definition as overly broad to the extent it seeks

22  documents and/or information that are not relevant to the subject matter of this action, not

23  admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence,

24  and unduly burdensome to search for and produce.

25       Responding Party objects to this definition to the extent it is intended to include persons

26  or entities other than Responding Party.  Responding Party understands that these requests and its

27  obligations only extend to documents and/or information within Responding Party's possession,

28  custody or control.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21729157.2                                    9                                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

1   Responding Party will respond on behalf of Hitachi America, Ltd. only.

2   **DEFINITION NO. 7:**

3   "Electronic data" includes, without limitation, the following:

4   a.   activity listings of electronic mail receipts and/or transmittals;

5   b.   output resulting from the use of any software program, including, without

6   limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines,

7   electronic mail, AOL Instant MessengerTM (or similar program) or bulletin board programs,

8   operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all

9   miscellaneous media on which they reside and regardless of whether said electronic data exists in

10  an active file, a deleted file, or file fragment;

11  c.   any and all items stored on computer memories, hard disks, floppy disks, CD-

12  ROM, magnetic tape, microfiche, or in any other vehicle for digital data storage and/or

13  transmittal, such as, but not limited to, a personal digital assistant, e.g., Palm Pilot, R.I.M.,

14  Blackberry, or similar device, and file folder tabs, and/or containers and labels appended to, or

15  relating to, any physical storage device associated with each original and/or copy of all

16  documents requested herein.

17  **OBJECTION TO DEFINITION NO. 7:**

18  Responding Party objects to this definition to the extent it attempts to impose obligations

19  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

20  the Federal Rules of Civil Procedure.

21  Responding Party also objects to this definition as overly broad to the extent it seeks

22  documents and/or information that are not relevant to the subject matter of this action, not

23  admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence,

24  and unduly burdensome to search for and produce.

25  Responding Party objects to this definition to the extent it seeks documents that are no

26  longer active or readily accessible on Responding Party's databases but might exist in electronic

27  archives or back-up files.  Responding Party will not rebuild these electronic archives and back-

28  up files in order to search for documents that may be responsive to the Document Requests.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21729157.2                                      10                                      MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

1    Based on the dates of the information sought, a portion of Responding Party's potentially

2    responsive data will likely not be on active databases.

3    **DEFINITION NO. 8:**

4         "You" or "Your" means the responding defendant and any of its predecessors, successors,

5    parents, subsidiaries, and any of its local, regional, national, executive and foreign offices,

6    affiliates, divisions or branches thereof, any present or former partners, officers, directors,

7    employees or agents including, but not limited to, attorneys, accountants, advisors and all other

8    persons acting or purporting to act on its behalf.

9    **OBJECTION TO DEFINITION NO. 8:**

10        Responding Party objects to this definition to the extent it attempts to impose obligations

11   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

12   the Federal Rules of Civil Procedure.

13        Responding Party objects to this definition on the ground it calls for a legal conclusion.

14        Responding Party objects to this definition as vague, ambiguous, unintelligible, overly

15   broad to the extent it seeks documents and information that are not relevant to the subject matter

16   of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of

17   admissible evidence, and unduly burdensome to search for and produce.

18        Responding Party objects to this definition to the extent it seeks documents and

19   information that would disclose Responding Party's or a third party's respective trade secrets or

20   other confidential research, development, or confidential information protected by the Uniform

21   Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

22   One of the Constitution of the State of California, or any other applicable state constitution or

23   law, or which is otherwise prohibited from disclosure because to do so would cause Responding

24   Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

25   appropriate to do so and with adequate protections and limitations, Responding Party expressly

26   reserves the right to provide such information and/or documents only pursuant to the Protective

27   Order in this action.

28        Responding Party objects to this definition to the extent that it attempts or purports to call

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21729157.2                                     11                                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

1   for the production of any documents and/or information that are privileged, that were prepared in

2   anticipation of litigation or trial, that reveal communications between Responding Party and its

3   legal counsel, that otherwise constitute attorney work product, are subject to the joint defense or

4   common interest privilege, or that are otherwise privileged or immune from discovery.

5     Responding Party objects to this definition to the extent it is intended to include persons

6   or entities other than Responding Party.  To the extent and in the context a request uses the term

7   "defendant," Responding Party understands that the request and its obligations only extend to

8   documents and/or information within Responding Party's possession, custody or control.

9     Responding Party objects to this definition to the extent that it calls for documents and/or

10  information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

11  definition to the extent that it requires Responding Party to respond and/or produce documents

12  and/or information on behalf of any person or entity other than itself.

13    Responding Party will respond on behalf of Hitachi America, Ltd. only.

14  **DEFINITION NO. 9:**

15    "Person" shall refer to natural persons, firms, joint owners, associations, companies,

16  partnerships, joint ventures, corporations, trusts, estates, agencies, departments or bureaus

17  (governmental or private), and any other form of business, governmental or juridical person or

18  legal entity.

19  **OBJECTION TO DEFINITION NO. 9:**

20    Responding Party objects to this definition to the extent it attempts to impose obligations

21  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

22  the Federal Rules of Civil Procedure.

23    Responding Party objects to this definition on the ground it calls for a legal conclusion.

24    Responding Party objects to this definition as vague, ambiguous, unintelligible, overly

25  broad to the extent it seeks documents and information that are not relevant to the subject matter

26  of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of

27  admissible evidence, and unduly burdensome to search for and produce.

28    Responding Party objects to this definition to the extent it seeks information and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

     12     

1   documents that would disclose Responding Party's or a third party's respective trade secrets or

2   other confidential research, development, or confidential information protected by the Uniform

3   Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

4   One of the Constitution of the State of California, or any other applicable state constitution or

5   law, or which is otherwise prohibited from disclosure because to do so would cause Responding

6   Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

7   appropriate to do so and with adequate protections and limitations, Responding Party expressly

8   reserves the right to provide such information and/or documents only pursuant to the Protective

9   Order in this action.

10          Responding Party objects to this definition to the extent that it attempts or purports to call

11  for the production of any documents and/or information that are privileged, that were prepared in

12  anticipation of litigation or trial, that reveal communications between Responding Party and its

13  legal counsel, that otherwise constitute attorney work product, or that are otherwise privileged or

14  immune from discovery.

15          Responding Party objects to this definition to the extent it is intended to include persons

16  or entities other than Responding Party.  To the extent and in the context a request uses the term

17  "Person," Responding Party understands that the request and its obligations only extend to

18  documents and/or information within Responding Party's possession, custody or control.

19          Responding Party objects to this definition to the extent that it calls for documents and/or

20  information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

21  definition to the extent that it requires Responding Party to respond and/or produce document

22  and/or information on behalf of any person or entity other than itself.

23          Responding Party will respond on behalf of Hitachi America, Ltd. only.

24  **DEFINITION NO. 10:**

25          "Employee" means, without limitation, any current or former officer, director, executive,

26  manager, secretary, messenger, agent or other person who is or was employed by a defendant.

27  **OBJECTION TO DEFINITION NO. 10:**

28          Responding Party objects to this definition to the extent it attempts to impose obligations

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21729157.2                                    13                                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

1   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

2   the Federal Rules of Civil Procedure.

3          Responding Party objects to this definition on the ground it calls for a legal conclusion.

4          Responding Party objects to this definition as vague, ambiguous, unintelligible, overly

5   broad to the extent it seeks documents and information that are not relevant to the subject matter

6   of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of

7   admissible evidence, and unduly burdensome to search for and produce.

8          Responding Party objects to this definition to the extent it seeks information and

9   documents that would disclose Responding Party's or a third party's respective trade secrets or

10  other confidential research, development, or confidential information protected by the Uniform

11  Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

12  One of the Constitution of the State of California, or any other applicable state constitution or

13  law, or which is otherwise prohibited from disclosure because to do so would cause Responding

14  Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

15  appropriate to do so and with adequate protections and limitations, Responding Party expressly

16  reserves the right to provide such information and/or documents only pursuant to the Protective

17  Order in this action.

18         Responding Party objects to this definition to the extent that it attempts or purports to call

19  for the production of any documents and/or information that are privileged, that were prepared in

20  anticipation of litigation or trial, that reveal communications between Responding Party and its

21  legal counsel, that otherwise constitute attorney work product, or that are otherwise privileged or

22  immune from discovery.

23         Responding Party objects to this definition to the extent it is intended to include persons

24  or entities other than Responding Party.  To the extent and in the context a request uses the term

25  "Employee," Responding Party understands that the request and its obligations only extend to

26  documents and/or information within Responding Party's possession, custody or control.

27         Responding Party objects to this definition to the extent that it calls for documents and/or

28  information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21729157.2                                   14                                    MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

1   definition to the extent that it requires Responding Party to respond and/or produce documents

2   and/or information on behalf of any person or entity other than itself.

3        Responding Party will respond on behalf of Hitachi America, Ltd. only.

4   **DEFINITION NO. 11:**

5        "Concerning" means relating to, referring to, in connection with, pertaining to, describing,

6   discussing, analyzing, reflecting, summarizing, evidencing, embodying or constituting.

7   **OBJECTION TO DEFINITION NO. 11:**

8        Responding Party objects to this definition to the extent it attempts to impose obligations

9   on Responding Party and/or seeks documents, beyond those required to be produced pursuant to

10   the Federal Rules of Civil Procedure.

11        Responding Party objects to the expression "concerning" to the extent it means more than

12   comprising, or on its face discusses, pertains to or is connected with a well-defined, unambiguous

13   and identifiable topic or subject matter.

14        Responding Party objects to this definition because responding to such overly broad,

15   vague and ambiguous requests would be unduly burdensome and oppressive.

16   **DEFINITION NO. 12:**

17        "Meeting" means any discussion between two or more persons either in person or

18   telephonically.

19   **OBJECTION TO DEFINITION NO. 12:**

20        Responding Party objects to this definition to the extent it attempts to impose obligations

21   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

22   the Federal Rules of Civil Procedure.

23   **DEFINITION NO. 13:**

24        "Communication" and "Communications" are used in a comprehensive sense and shall

25   mean and include every conceivable manner or means of disclosure, transfer or exchange of oral

26   or written information (in the form of facts, ideas, inquiries or otherwise) between one or more

27   persons or entities including, but not limited to, writings, documents, inter- and intraoffice

28   memoranda, correspondence, meetings, conferences, conversations, and/or agreements, whether

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21729157.2

MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

1    face-to-face, by telephone, by mail, by telecopier, by telex, by computer or otherwise.

2    **OBJECTION TO DEFINITION NO. 13:**

3       Responding Party objects to this definition to the extent it attempts to impose obligations

4    on Responding Party and/or seeks documents beyond those required to be produced pursuant to

5    the Federal Rules of Civil Procedure.

6    **DEFINITION NO. 14:**

7       "CRT" means cathode ray tube(s) and "CRT Products" means products containing

8    cathode ray tubes.

9    **OBJECTION TO DEFINITION NO. 14:**

10       Responding Party objects to this definition to the extent it attempts to impose obligations

11    on Responding Party and/or seeks documents beyond those required to be produced pursuant to

12    the Federal Rules of Civil Procedure.

13       Responding Party objects to this definition on the ground the term "CRT Products" is

14    vague, ambiguous, unintelligible, and overly broad to the extent it seeks documents and

15    information that are not relevant to the subject matter of this action, not admissible in evidence,

16    not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome

17    to search for and produce. Moreover, any discovery as to "CRT Products" that is not reasonably

18    related to Plaintiffs' claims with respect to an alleged conspiracy involving CRTs is premature

19    and overly burdensome until such time as Plaintiffs establish a reasonable basis for their claims

20    regarding "CRT Products" to justify the enormous burden that Plaintiffs seek to impose on

21    Responding Party by pursuing discovery as to all such products.

22       Responding Party objects to this definition on the ground that, to the extent the Document

23    Requests seek documents regarding "CRTs," the Document Requests are overly broad and unduly

24    burdensome, and purport to call for information that is not relevant to the claim or defense of any

25    party, not relevant to the subject matter involved in this action, and not reasonably calculated to

26    lead to the discovery of admissible evidence, as the Complaint purports to bring this class action

27    "on behalf of individuals and entities that indirectly purchased Cathode Ray Tube Products

28    ("CRT Products")," not direct purchasers. Indirect Purchaser Plaintiffs' Consolidated Amended

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21729157.2      16      MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

1  Complaint ("Complaint"), ¶ 1.  Furthermore, to the extent Responding Party produces documents

2  responsive to the Document Requests regarding "CRTs" to Direct Purchaser Plaintiffs, such

3  documents will not be produced again.

## INSTRUCTIONS

**INSTRUCTION NO. 1:**

This document request calls for the production of all responsive documents in your

possession, custody or control without regard to the physical location of such documents.

**OBJECTION TO INSTRUCTION NO. 1:**

Responding Party objects to this instruction to the extent it attempts to impose obligations

on Responding Party and/or seeks documents beyond those required to be produced pursuant to

the Federal Rules of Civil Procedure.

Responding Party objects to this instruction as vague, ambiguous, unintelligible, overly

broad to the extent it seeks documents and information that are not relevant to the subject matter

of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of

admissible evidence, and unduly burdensome to search for and produce.

Responding Party objects to this instruction to the extent it seeks documents and

information that would disclose Responding Party's or a third party's respective trade secrets or

other confidential research, development, or confidential information protected by the Uniform

Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

One of the Constitution of the State of California, or any other applicable state constitution or

law, or which is otherwise prohibited from disclosure because to do so would cause Responding

Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

appropriate to do so and with adequate protections and limitations, Responding Party expressly

reserves the right to provide such information and/or documents only pursuant to the Protective

Order in this action.

Responding Party objects to this instruction to the extent that it attempts or purports to call

for the production of any documents and/or information that are privileged, that were prepared in

anticipation of litigation or trial, that reveal communications between Responding Party and its

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21729157.2                                        17                                        MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

1  legal counsel, that otherwise constitute attorney work product, are subject to the joint defense or

2  common interest privilege, or that are otherwise privileged or immune from discovery.

3      Responding Party objects to this instruction to the extent it is intended to include persons

4  or entities other than Responding Party.

5      Responding Party objects to this instruction to the extent that it calls for documents and/or

6  information beyond Responding Party's knowledge.

7      Responding Party will respond on behalf of Hitachi America, Ltd. only.

8  **INSTRUCTION NO. 2:**

9      In producing documents and other materials, you must furnish all documents or things in

10  your possession, custody or control, regardless of whether such documents or materials are

11  possessed directly by you or your directors, officers, agents, employees, representatives,

12  subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents,

13  employees, representatives or investigators.

14  **OBJECTION TO INSTRUCTION NO. 2:**

15      Responding Party objects to this instruction to the extent it attempts to impose obligations

16  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

17  the Federal Rules of Civil Procedure.

18      Responding Party objects to this instruction on the ground it calls for a legal conclusion.

19      Responding Party objects to this instruction as vague, ambiguous, unintelligible, overly

20  broad to the extent it seeks documents and information that are not relevant to the subject matter

21  of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of

22  admissible evidence, and unduly burdensome to search for and produce.

23      Responding Party objects to this instruction to the extent it seeks documents and

24  information that would disclose Responding Party's or a third party's respective trade secrets or

25  other confidential research, development, or confidential information protected by the Uniform

26  Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

27  One of the Constitution of the State of California, or any other applicable state constitution or

28  law, or which is otherwise prohibited from disclosure because to do so would cause Responding

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21729157.2                                         18                                         MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

1  Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

2  appropriate to do so and with adequate protections and limitations, Responding Party expressly

3  reserves the right to provide such information and/or documents only pursuant to the Protective

4  Order in this action.

5        Responding Party objects to this instruction to the extent that it attempts or purports to call

6  for the production of any documents and/or information that are privileged, that were prepared in

7  anticipation of litigation or trial, that reveal communications between Responding Party and its

8  legal counsel, that otherwise constitute attorney work product, are subject to the joint defense or

9  common interest privilege, or that are otherwise privileged or immune from discovery.

10        Responding Party objects to this instruction to the extent it is intended to include persons

11  or entities other than Responding Party.  To the extent and in the context a request uses the terms

12  "you or your directors, officers, agents, employees, representatives, subsidiaries, managing

13  agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or

14  investigators," Responding Party understands that the request and its obligations only extend to

15  documents and/or information within Responding Party's possession, custody or control.

16        Responding Party objects to this instruction to the extent that it calls for documents and/or

17  information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

18  instruction to the extent that it requires Responding Party to respond and/or produce documents

19  and/or information on behalf of any person or entity other than itself.

20        Responding Party will respond on behalf of Hitachi America, Ltd. only.

21  **INSTRUCTION NO. 3:**

22        In producing documents, you must produce the original of each document requested

23  together with all non-identical copies and drafts of that document. If the original of any document

24  cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or

25  stapled in the same manner as the original (to the extent this is known).

26  **OBJECTION TO INSTRUCTION NO. 3:**

27        Responding Party objects to this instruction to the extent that it seeks to expand the scope

28  of Rule 34 of the Federal Rules of Civil Procedure.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21729157.2                                   19                                   MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

1    Responding Party also objects to this instruction as overly broad to the extent it seeks

2    documents and/or information that are not relevant to the subject matter of this action, not

3    admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence,

4    and unduly burdensome to search for and produce.

5    **INSTRUCTION NO. 4:**

6    Pursuant to Federal Rule of Civil Procedure 34(b), documents shall be produced as they

7    are kept in the usual course of business and shall be organized and labeled to identify any file

8    number, file name, or any other file identification system utilized by the responding party, as well

9    as the location and custodian of such records. These requests include Plaintiffs' request to

10   physically inspect any file drawer, filing cabinet or any other storage device where documents

11   responsive to these requests are maintained at the time of the inspection of such documents.

12   **OBJECTION TO INSTRUCTION NO. 4:**

13   Responding Party objects to this instruction to the extent it attempts to impose obligations

14   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

15   the Federal Rules of Civil Procedure.

16   **INSTRUCTION NO. 5:**

17   Documents attached to each other should not be separated. If any portion of any document

18   is responsive to any portion of the document requests below, then the entire document must be

19   produced.

20   **OBJECTION TO INSTRUCTION NO. 5:**

21   Responding Party objects to this instruction to the extent it attempts to impose obligations

22   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

23   the Federal Rules of Civil Procedure.

24   **INSTRUCTION NO. 6:**

25   All documents produced should be Bates number [SIC] sequentially, with a unique

26   number on each page, and with a prefix identifying the party producing the document.

27   **OBJECTION TO INSTRUCTION NO. 6:**

28   No objection.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21729157.2                                    20                                      MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

**INSTRUCTION NO. 7:**

Pursuant to Federal Rule of Civil Procedure 34(b)(1)(C), the responding party must produce any electronically stored information ("ESI") in its native format. If ESI in its native format can only be accessed by proprietary or legacy software, the responding party shall receive all information and software necessary to access the ESI. Subject to the right under Rule 34(a) to sample, ESI from proprietary databases may be produced in Excel or other mutually agreeable format. ESI is to be produced in Tagged Image File Format ("TIFF," or ".TIF") files. TIFF files should be produced in single page format along with an image load file (DTI file) indicating document breaks. The image load file should be compatible with Summation and Concordance. Load files created in the process of converting ESI from the electronic format of the application in which the ESI is normally created, viewed, and/or modified ("metadata load file") must also be produced. The metadata load files should contain any and all metadata identified within the data, including document text, file name, last accessed date and time, file created date and time, last modified date and time, and original path of the document. In the case of e-mail, the load file should also include additional metadata including the author, recipient, cc, bcc, date and time sent, and date and time received. Load files should also contain a link to Excel spreadsheets and Access databases in native format and the Excel and Access files should be included in the production in native form in a directory structure that is identical to the target of the link. Files should be accompanied by a reference file containing the MD5 hash value for each file. Load files should provide all parent/child or parent/sibling relationships. Family ranges should also be provided. Other databases are to be produced in reasonably usable form. Audio files are to be produced in MPEG-1 Audio Layer 3 ("MP3") format and should be accompanied by a reference file containing the MD5 hash value for each file. Bates numbers should be electronically branded to each page of ESI produced. Gaps in bates numbers produced should be explained in a privilege log. Please provide an index or other means to determine which files came from which office and/or person.

**OBJECTION TO INSTRUCTION NO. 7:**

Responding Party objects to this instruction to the extent it attempts to impose obligations

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21729157.2                                                       21                                                       MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

1  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

2  the Federal Rules of Civil Procedure.

3      Responding Party objects to this instruction to the extent it seeks documents and

4  information that would disclose Responding Party's or a third party's respective trade secrets or

5  other confidential research, development, or confidential information protected by the Uniform

6  Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

7  One of the Constitution of the State of California, or any other applicable state constitution or

8  law, including any copyright or license, or which is otherwise prohibited from disclosure because

9  to do so would cause Responding Party to violate legal or contractual obligations to any other

10  persons or entities.  Where it may be appropriate to do so and with adequate protections and

11  limitations, Responding Party expressly reserves the right to provide such information and/or

12  documents only pursuant to the Protective Order in this action.

13      Responding Party objects to this instruction on the ground that the parties are in the

14  process of meeting and conferring to develop an ESI protocol pursuant to Judge Legge's order.

15  Accordingly, Responding Party's ESI obligations have yet to be determined, and Responding

16  Party objects to this instruction to the extent it conflicts with or in anyway attempts to expand

17  Responding Party's discovery obligations beyond those yet to be identified within and pursuant to

18  the final ESI protocol in this matter.

19  **INSTRUCTION NO. 8:**

20      If any responsive document was, but no longer is, in the possession of or subject to your

21  control, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred,

22  voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of, and in each instance

23  explain the circumstances surrounding this, and state the date or approximate date of such

24  disposition.

25  **OBJECTION TO INSTRUCTION NO. 8:**

26      Responding Party objects to this instruction to the extent it attempts to impose obligations

27  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

28  the Federal Rules of Civil Procedure.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21729157.2                    22                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

1    Responding Party objects on the grounds that it is impossible to identify, describe, and

2    further explain the circumstances regarding every document that ever "was, but no longer is, in

3    the possession of or subject to your control." To the extent that it is even possible to identify,

4    describe, and explain the circumstances regarding such documents, such investigation would

5    impose a unique, time-consuming and unreasonable burden.

6    Responding Party objects to this instruction on the ground it is unduly burdensome and

7    oppressive.

8    **INSTRUCTION NO. 9:**

9    In the event that you object to any document request on the ground of privilege or work

10   product, a statement shall be provided as to each document which includes:

11   a.    the name of the author of the document;

12   b.    the name of the recipient of the document;

13   c.    the names of the persons to whom copies were sent;

14   d.    the job title of every individual named in (a), (b), and (c) above;

15   e.    the date the document was created, sent, and received;

16   f.    the location of the document;

17   g.    the custodian of the document;

18   h.    a brief description of the nature and subject matter of the document; and

19   i.    a statement of the privilege asserted and each and every fact or basis upon which a

20   privilege is claimed or on which the document is otherwise withheld.

21   Notwithstanding the assertion of any objection to production, if a document contains non-

22   objectionable or non-privileged matter, please produce that document, redacting that portion for

23   which the objection is asserted, provided that the identification requested in paragraphs (h) and (i)

24   above are furnished. A log itemizing each of these documents and this corresponding information

25   that forms the basis for your objection on privilege or work product grounds shall be served

26   contemporaneously with your responses to these document requests.

27   **OBJECTION TO INSTRUCTION NO. 9:**

28   Responding Party objects to this instruction to the extent it attempts to impose obligations

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

1   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

2   the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

3   **INSTRUCTION NO. 10:**

4        Each document should be produced in its entirety and without deletion, redaction or

5   excisions, except as provided by Instruction 9 above, regardless of whether you consider the

6   entire document or only part of it to be relevant or responsive to these document requests. If you

7   have redacted any portion of a document, stamp the word "REDACTED" beside the redacted

8   information on each page of the document which you have redacted. Any redactions to such

9   documents produced should be identified in accordance with Instruction 9 above.

10  **OBJECTION TO INSTRUCTION NO. 10:**

11       Responding Party objects to this instruction to the extent it attempts to impose obligations

12  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

13  the Federal Rules of Civil Procedure.

14       Responding Party objects to this instruction to the extent it seeks documents and

15  information that would disclose Responding Party's or a third party's respective trade secrets or

16  other confidential research, development, or confidential information protected by the Uniform

17  Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

18  One of the Constitution of the State of California, or any other applicable state constitution or

19  law, or which is otherwise prohibited from disclosure because to do so would cause Responding

20  Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

21  appropriate to do so and with adequate protections and limitations, Responding Party expressly

22  reserves the right to provide such information and/or documents only pursuant to the Protective

23  Order in this action.

24       Responding Party objects to this instruction to the extent that it attempts or purports to call

25  for the production of any documents and/or information that are privileged, that were prepared in

26  anticipation of litigation or trial, that reveal communications between Responding Party and its

27  legal counsel, that otherwise constitute attorney work product, are subject to the joint defense or

28  common interest privilege, or that are otherwise privileged or immune from discovery.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21729157.2

24

MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

**INSTRUCTION NO. 11:**

The following requests are continuing in nature pursuant to Rule 26(e) of the Federal Rules of Civil Procedure so as to require the prompt production of supplemental or additional responsive documents when you become aware of such, up to and including the time of trial.

**OBJECTION TO INSTRUCTION NO. 11:**

Responding Party objects to this definition to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

## RELEVANT TIME PERIOD

Unless otherwise stated, these requests call for the production of all documents that were generated and/or maintained during the period January 1, 1995 through the present (the "relevant time period"). These document requests seek all responsive documents created or generated during the relevant time period, as well as responsive documents created or generated outside the relevant time period, but which contain information concerning the relevant time period.

## OBJECTION TO DEFINITION OF RELEVANT TIME PERIOD

Responding Party objects to the definition of the relevant time period on the grounds that it is vague, ambiguous, unintelligible, overly broad and seeks information or materials on matters not relevant to the subject matter of this action, not admissible in evidence, and not reasonably calculated to lead to the discovery of admissible evidence.

The "Relevant Time Period" as defined exceeds the putative class period, which begins on March 1, 1995 and ends on November 25, 2007 (Complaint, ¶ 1), and seeks documents and information beyond the statute of limitations period. Judge Conti directed the parties to Judge Legge to develop procedures for the early resolution of statute of limitations issues and to reduce the burden in connection therewith. Judge Legge required the parties to meet and confer on this issue. Accordingly, Responding Party believes it is premature for it to have to produce any documents from prior to the statute of limitations period until the parties meet and confer and/or Judge Legge considers this issue and determines the proper scope of that burden.

For purposes of responding to these Document Requests, Responding Party will interpret

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21729157.2                                          25                                          MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

1   "Relevant Time Period" to mean the applicable statute(s) of limitations period(s) (the

2   "Limitations Period").

3        Each of the foregoing General Objections and Objections to Definitions and Instructions

4   is incorporated into the following specific objections.  Accordingly, each specific objection is

5   made subject to, and without waiver of, the foregoing General Objections and Objections to

6   Definitions and Instructions.  Responding Party incorporates by reference each and every General

7   Objection and Objection to Definitions and Instructions into each and every specific response.

8   From time to time a specific response may repeat a General Objection or Objection to the

9   Definitions and Instructions for emphasis or some other reason.  The failure to repeat any General

10  Objection or Objection to the Definitions and Instructions in any specific response shall not be

11  interpreted as a waiver of any General Objection or Objection to the Definitions and Instructions

12  to that response.

13  ### SPECIFIC RESPONSES TO DOCUMENT REQUESTS

14  **REQUEST NO. 1 [SIC] REQUEST NO. 47:**

15       All documents produced by you (including seized documents) to any domestic

16  governmental entity, including the United States Department of Justice, referring or relating to

17  CRT or CRT Products.

18  **RESPONSE TO REQUEST NO. 1 [SIC] REQUEST NO. 47:**

19       Responding Party reasserts and incorporates each of the General Objections and

20  Objections to Definitions and Instructions set forth above.

21       Responding Party objects to this request on the grounds that it is overly broad, unduly

22  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

23       Responding Party objects to this request on the grounds that it seeks information in excess

24  of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no

25  discovery shall be conducted in this case (including, without limitation, document requests,

26  interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury

27  proceedings concerning CRTs or CRT products, including any party's or witness's

28  communications with the United States, or with any grand jury investigating CRTs or CRT

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

1    products, except by the order of the Court upon good cause shown and consistent with governing

2    law." Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

3          Responding Party objects to this request on the grounds that it seeks production of

4    documents protected by the attorney-client privilege, work product doctrine, joint defense or

5    common interest privilege, or by any other applicable doctrine or privilege.

6          Responding Party objects to this request on the grounds it seeks information and/or

7    documents that would disclose confidential information protected by any and all rights of privacy

8    under the United States Constitution or any other applicable law, or that is otherwise prohibited

9    from disclosure because to do so would cause Responding Party to violate legal and/or

10   contractual obligations to any other persons or entities.

11         Responding Party objects to this request on the grounds that, to the extent it seeks

12   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

13   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

14   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

15   action, and not reasonably calculated to lead to the discovery of admissible evidence.

16         Responding Party objects that the "Relevant Time Period" is overly broad and not

17   relevant, rendering the request not reasonably calculated to lead to the discovery of admissible

18   evidence, including, but not limited to, the fact that the Complaint does not allege a continuing

19   conspiracy, the outer limit of the alleged class period is November 25, 2007, and this request

20   purports to seek documents beyond the statute of limitations.

21         Responding Party objects that the phrase "in connection with" is not defined and is vague,

22   ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome and not

23   reasonably calculated to lead to the discovery of admissible evidence.

24         Responding Party objects on the grounds that, to the extent this request seeks documents

25   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

26   information that is not relevant to the claim or defense of any party, not relevant to the subject

27   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

28   evidence. The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

1    and entities that indirectly purchased Cathode Ray Tube Products." (Complaint, ¶ 1).

2        Subject to and without waiving the general and specific objections stated above,

3    Responding Party responds that it has no documents responsive to this request.

4    **REQUEST NO. 2 [SIC] REQUEST NO. 48:**

5        Copies of all subpoenas or requests for production of documents issued by the United

6    States Department of Justice referring or relating to CRT or CRT Products.

7    **RESPONSE TO REQUEST NO. 2 [SIC] REQUEST NO. 48:**

8        Responding Party reasserts and incorporates each of the General Objections and

9    Objections to Definitions and Instructions set forth above.

10       Responding Party objects to this request on the grounds that it is overly broad, unduly

11   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

12       Responding Party objects to this request on the grounds that it seeks information in excess

13   of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no

14   discovery shall be conducted in this case (including, without limitation, document requests,

15   interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury

16   proceedings concerning CRTs or CRT products, including any party's or witness's

17   communications with the United States, or with any grand jury investigating CRTs or CRT

18   products, except by the order of the Court upon good cause shown and consistent with governing

19   law." Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

20       Responding Party objects to this request on the grounds that it seeks production of

21   documents protected by the attorney-client privilege, work product doctrine, joint defense or

22   common interest privilege, or by any other applicable doctrine or privilege.

23       Responding Party objects to this request on the grounds it seeks information and/or

24   documents that would disclose confidential information protected by any and all rights of privacy

25   under the United States Constitution or any other applicable law, or that is otherwise prohibited

26   from disclosure because to do so would cause Responding Party to violate legal and/or

27   contractual obligations to any other persons or entities.

28       Responding Party objects to this request on the grounds that, to the extent it seeks

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21729157.2                                    28                                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

1   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

2   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

3   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

4   action, and not reasonably calculated to lead to the discovery of admissible evidence.

5         Responding Party objects that the "Relevant Time Period" is overly broad and not

6   relevant, rendering the request not reasonably calculated to lead to the discovery of admissible

7   evidence, including, but not limited to, the fact that the Complaint does not allege a continuing

8   conspiracy, the outer limit of the alleged class period is November 25, 2007, and this request

9   purports to seek documents beyond the statute of limitations.

10        Responding Party objects to the extent this request seeks documents that are no longer

11  active or readily accessible in electronic form which renders this request overly broad and unduly

12  burdensome.

13        Responding Party objects on the grounds that, to the extent this request seeks documents

14  related to "CRTs," this is request overly broad, unduly burdensome, and purports to call for

15  information that is not relevant to the claim or defense of any party, not relevant to the subject

16  matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

17  evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

18  and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

19        Subject to and without waiving the objections stated above, Responding Party declines to

20  produce documents that may be responsive to this request.

21  **REQUEST NO. 3 [SIC] REQUEST NO. 49:**

22        Documents sufficient to show your corporate structure or organization throughout the

23  relevant time period, including, but not limited to, departments, divisions, parents, subsidiaries,

24  joint ventures, affiliates, or other sub-units that were engaged during any part of the relevant time

25  period in the manufacture, marketing, sale or distribution of CRT or CRT Products including,

26  where applicable, the percentage of any stock or other interests owned by each entity in the chain.

27  **RESPONSE TO REQUEST NO. 3 [SIC] REQUEST NO. 49:**

28        Responding Party reasserts and incorporates each of the General Objections and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

1   Objections to Definitions and Instructions set forth above.

2   Responding Party objects to this request on the grounds that it is overly broad, unduly

3   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

4   including to the extent that it seeks the discovery of documents regarding Responding Party's

5   sales outside of the United States and unrelated to United States commerce, as such sales are

6   beyond the scope of this litigation and thereby render the Document Requests overly broad,

7   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

8   evidence.

9   Responding Party objects to this request on the grounds that it seeks production of

10   documents protected by the attorney-client privilege, work product doctrine, joint defense or

11   common interest privilege, or by any other applicable doctrine or privilege.

12   Responding Party objects to this request on the grounds it seeks information and/or

13   documents that would disclose confidential information protected by any and all rights of privacy

14   under the United States Constitution or any other applicable law, or that is otherwise prohibited

15   from disclosure because to do so would cause Responding Party to violate legal and/or

16   contractual obligations to any other persons or entities.

17   Responding Party objects to this request on the grounds that, to the extent it seeks

18   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

19   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

20   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

21   action, and not reasonably calculated to lead to the discovery of admissible evidence.

22   Responding Party objects that the "Relevant Time Period" is overly broad and not

23   relevant, rendering the request not reasonably calculated to lead to the discovery of admissible

24   evidence, including, but not limited to, the fact that the Complaint does not allege a continuing

25   conspiracy, the outer limit of the alleged class period is November 25, 2007, and this request

26   purports to seek documents beyond the statute of limitations.

27   Responding Party objects to this request on the grounds that, to the extent it seeks

28   documents not related to "CRT Products" only, this request is overly broad and unduly

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21729157.2                               30                               MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

burdensome and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to the extent this request seeks documents that are no longer active or readily accessible in electronic form which renders this request overly broad and unduly burdensome.

Responding Party objects on the grounds that, to the extent this request seeks documents related to "CRTs," this request is overly broad and unduly burdensome and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence. The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals and entities that indirectly purchased Cathode Ray Tube Products." (Complaint, ¶ 1)

Responding Party objects that this request is duplicative of Request No. 1 of Plaintiffs' Second Set of Requests for Production of Documents.

Responding Party objects on the grounds that, to the extent Responding Party produces documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be produced again.

Responding Party objects that, to the extent documents responsive to this request have previously been produced, they will not be produced again.

Subject to and without waiving the general and specific objections stated above, Responding Party responds that it undertook a reasonable, not unduly burdensome search and did not identify any documents responsive to this request.

**REQUEST NO. 4 [SIC] REQUEST NO. 50:**

As to each of your divisions, subdivisions, departments, units, subsidiaries, parents, affiliates and joint ventures, documents sufficient to identify each employee having any responsibilities or duties with respect to each of the following:

     a.     the manufacturing or production of CRT or CRT Products;

     b.     the marketing of CRT or CRT Products;

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

DB2/21729157.2        31        MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

1       c.     the pricing of CRT or CRT Products;

2       d.     the sale or distribution of CRT or CRT Products;

3       e.     maintaining any electronic database(s), including archives of e-mails or other

4 electronic documents relating to CRT or CRT Products.

5 **RESPONSE TO REQUEST NO. 4 [SIC] REQUEST NO. 50:**

6       Responding Party reasserts and incorporates each of the General Objections and

7 Objections to Definitions and Instructions set forth above.

8       Responding Party objects to this request on the grounds that it is overly broad, unduly

9 burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

10 including to the extent that it seeks the discovery of documents regarding Responding Party's

11 sales outside of the United States and unrelated to United States commerce, as such sales are

12 beyond the scope of this litigation and thereby render the Document Requests overly broad,

13 unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

14 evidence.

15       Responding Party objects to this request on the grounds that it seeks production of

16 documents protected by the attorney-client privilege, work product doctrine, joint defense or

17 common interest privilege, or by any other applicable doctrine or privilege.

18       Responding Party objects to this request on the grounds it seeks information and/or

19 documents that would disclose confidential information protected by any and all rights of privacy

20 under the United States Constitution or any other applicable law, or that is otherwise prohibited

21 from disclosure because to do so would cause Responding Party to violate legal and/or

22 contractual obligations to any other persons or entities.

23       Responding Party objects to this request on the grounds that, to the extent it seeks

24 documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

25 ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

26 relevant to the claim or defense of any party, not relevant to the subject matter involved in this

27 action, and not reasonably calculated to lead to the discovery of admissible evidence.

28       Responding Party objects that the "Relevant Time Period" is overly broad and not

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

1    relevant, rendering the request not reasonably calculated to lead to the discovery of admissible

2    evidence, including, but not limited to, the fact that the Complaint does not allege a continuing

3    conspiracy, the outer limit of the alleged class period is November 25, 2007, and this request

4    purports to seek documents beyond the statute of limitations.

5         Responding Party objects to this request on the grounds that, to the extent it seeks

6    documents not related to "CRT Products" only, this request is overly broad and unduly

7    burdensome and purports to call for information that is not relevant to the claim or defense of any

8    party, not relevant to the subject matter involved in this action, and not reasonably calculated to

9    lead to the discovery of admissible evidence.

10        Responding Party objects that this request is duplicative of Request No. 2 of Plaintiffs'

11   Second Set of Requests for Production of Documents.

12        Responding Party objects to the extent this request seeks documents that are no longer

13   active or readily accessible in electronic form which renders this request overly broad and unduly

14   burdensome.

15        Responding Party objects on the grounds that, to the extent this request seeks documents

16   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

17   information that is not relevant to the claim or defense of any party, not relevant to the subject

18   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

19   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

20   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

21        Responding Party objects on the grounds that, to the extent Responding Party produces

22   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

23   produced again.

24        Responding Party objects that, to the extent documents responsive to this request were

25   previously produced, they will not be produced again.

26        Subject to and without waiving the general and specific objections stated above,

27   Responding Party responds that it undertook a reasonable, not unduly burdensome search and did

28   not identify any documents responsive to this request.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21729157.2                              33                              MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

**REQUEST NO. 5 [SIC] REQUEST NO. 51:**

Documents and electronic data sufficient to identify or set forth your annual, monthly and quarterly sales of CRT or CRT Products in the United States from January 1, 1991 through the present.

**RESPONSE TO REQUEST NO. 5 [SIC] REQUEST NO. 51:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects that the "Relevant Time Period" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, the fact that the Complaint does not allege a continuing conspiracy, the outer limit of the alleged class period is November 25, 2007, and this request purports to seek documents beyond the statute of limitations.

Responding Party objects that this request is duplicative of Request No. 5 of Plaintiffs'

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21729157.2                                      34                                      MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

1   Second Set of Requests for Production of Documents.

2        Responding Party objects on the grounds that it seeks documents not in existence or not

3   currently in its possession, custody or control.

4        Responding Party objects to the extent this request seeks documents that are no longer

5   active or readily accessible in electronic form which renders this request overly broad and unduly

6   burdensome.

7        Responding Party objects on the grounds that, to the extent this request seeks documents

8   related to "CRTs," this request overly broad, unduly burdensome, and purports to call for

9   information that is not relevant to the claim or defense of any party, not relevant to the subject

10  matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

11  evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

12  and entities that indirectly purchased Cathode Ray Tube Products." (Complaint, ¶ 1).

13       Responding Party objects on the grounds that, to the extent Responding Party produces

14  documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

15  produced again.

16       Responding Party objects that, to the extent documents responsive to this request were

17  previously produced, they will not be produced again.

18       Subject to and without waiving the general and specific objections stated above,

19  Responding Party responds that it undertook a reasonable, not unduly burdensome search and did

20  not identify any documents responsive to this request.

21  **REQUEST NO. 6 [SIC] REQUEST NO. 52:**

22       Documents and electronic data sufficient to identify or set forth your annual, monthly and

23  quarterly sales of CRT or CRT Products which were resold in the United States from January 1,

24  1991 through the present.

25  **RESPONSE TO REQUEST NO. 6 [SIC] REQUEST NO. 52:**

26       Responding Party reasserts and incorporates each of the General Objections and

27  Objections to Definitions and Instructions set forth above.

28       Responding Party objects to this request on the grounds that it is overly broad, unduly

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21729157.2                                    35                                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

1    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

2        Responding Party objects to this request on the grounds that it seeks production of

3    documents protected by the attorney-client privilege, work product doctrine, joint defense or

4    common interest privilege, or by any other applicable doctrine or privilege.

5        Responding Party objects to this request on the grounds that, to the extent it seeks

6    documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

7    ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

8    relevant to the claim or defense of any party, not relevant to the subject matter involved in this

9    action, and not reasonably calculated to lead to the discovery of admissible evidence.

10       Responding Party objects that the "Relevant Time Period" is overly broad and not

11   relevant, rendering the request not reasonably calculated to lead to the discovery of admissible

12   evidence, including, but not limited to, the fact that the Complaint does not allege a continuing

13   conspiracy, the outer limit of the alleged class period is November 25, 2007, and this request

14   purports to seek documents beyond the statute of limitations.

15       Responding Party objects that the phrase "resold in the United States" calls for a legal

16   conclusion and is vague, ambiguous, and unintelligible.

17       Responding Party objects on the grounds that it seeks documents not in existence or not

18   currently in its possession, custody or control.

19       Responding Party objects to the extent this request seeks documents that are no longer

20   active or readily accessible in electronic form which renders this request overly broad and unduly

21   burdensome.

22       Responding Party objects on the grounds that, to the extent this request seeks documents

23   related to "CRTs," this request overly broad, unduly burdensome, and purports to call for

24   information that is not relevant to the claim or defense of any party, not relevant to the subject

25   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

26   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

27   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

28       Responding Party objects on the grounds that, to the extent Responding Party produces

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21729157.2                                          36                                          MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

1   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

2   produced again.

3        Subject to and without waiving the general and specific objections stated above,

4   Responding Party responds that it undertook a reasonable, not unduly burdensome search and did

5   not identify any documents responsive to this request.

6

7   Dated: June 28, 2010                          MORGAN, LEWIS & BOCKIUS LLP

8

9                                          By _____

10                                             Diane L. Webb
                                               Attorneys for Hitachi America, Ltd.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21729157.2                                  37                                      MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS