# Exhibit M
### to
### Webb Declaration

# Exhibit M
### to
### Webb Declaration

1  KENT M. ROGER, State Bar No. 95987
   DIANE L. WEBB, State Bar No. 197851
2  MICHELLE PARK CHIU, State Bar No. 248421
   MORGAN, LEWIS & BOCKIUS LLP
3  One Market, Spear Street Tower
   San Francisco, California  94105-1126
4  Telephone:     415.442.1000
   Facsimile:     415.442.1001
5  E-mail:   kroger@morganlewis.com
             dwebb@morganlewis.com
6             mchiu@morganlewis.com

7  Attorneys for Defendant
   HITACHI AMERICA, LTD.
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

| | |
|---|---|
| 12  IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. C07-5944 SC |
| 13 | **MDL NO. 1917** |
| 14 | Judge: Hon. Samuel Conti |
| 15 | Special Master: Hon. Charles A. Legge (Ret.) |
| 16 | **DEFENDANT HITACHI AMERICA,** |
| 17  This Document Relates To: | **LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF** |
| 18  INDIRECT PURCHASER ACTION | **REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT** |
| 19 | **PURCHASER PLAINTIFFS** |

20

21  PROPOUNDING PARTY:        INDIRECT PURCHASER PLAINTIFFS

22  RESPONDING PARTIES:        HITACHI AMERICA, LTD.

23  SET NUMBER:        SECOND (Nos. 1-46)

24        Defendant Hitachi America, Ltd. ("Responding Party") hereby timely objects and

25  responds to Indirect Purchaser Plaintiffs' ("Plaintiffs" or "Requesting Party") Second Set of

26  Requests for the Production of Documents ("Document Requests") served on March 25, 2010,

27  and each document request set forth therein ("Responses"), as follows.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**GENERAL OBJECTIONS**

1.      Responding Party's responses are based upon information and writings available to and located by Responding Party as of the date of service of these Responses.  Responding Party has not completed its investigation of the facts relating to the Document Requests, and all of the information supplied and documents and things produced are based only on such information and documents that are reasonably available and specifically known to Responding Party as of the date of service of its response.

2.      No express, incidental or implied admissions are intended by these Responses. The fact that Responding Party agrees to provide information in response to a particular request is not intended and shall not be construed as an admission that Responding Party accepts or admits the existence of any such information set forth in or assumed by such request, or that any such information and/or document constitutes admissible evidence.  The fact that Responding Party agrees to provide information in response to a particular request is not intended and shall not be construed as a waiver by Responding Party of any part of any objection to such request or any part of any general objection made herein.

3.      Responding Party reserves the right to change, amend, or supplement its objections at a later date.  If Plaintiffs assert an interpretation of any aspect of the Document Requests or any of the requests therein that is different from that made by Responding Party, Responding Party reserves the right to supplement its objections if such interpretations made by Plaintiffs are held to be applicable.

4.      Responding Party objects to the Document Requests, and each request therein, to the extent they are vague, ambiguous, or contain terms that are insufficiently defined.

5.      Responding Party objects to the Document Requests, and each request therein, as overly broad, unduly burdensome, oppressive and beyond the proper scope of discovery.

6.      If multiple, identical copies of any document are responsive to the requests herein, only one representative copy will be produced.  Producing more than one identical copy is unduly burdensome and oppressive.

7.      Responding Party objects to the Document Requests, and each request therein, to

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   the extent they seek documents and materials on matters not relevant to the subject matter of this

2   action, not admissible in evidence, and not reasonably calculated to lead to the discovery of

3   admissible evidence.

4          8.      Responding Party objects to the Document Requests, and each request therein, to

5   the extent they seek to impose on it discovery obligations inconsistent with, or not authorized

6   under, the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

7          9.      Responding Party objects to the Document Requests, and to each request therein,

8   to the extent they seek to impose on it discovery obligations inconsistent with, or not authorized

9   under the Local Rules of the United States District Court in and for the Northern District of

10  California (the "Local Rules").

11         10.     Responding Party objects to the Document Requests, and to each request therein,

12  to the extent they seek to impose on it discovery obligations exceeding the scope of the

13  Stipulation and Order to Extend Limited Discovery Stay that the Court entered on January 5,

14  2010 (the "Stay Order").

15         11.     Responding Party objects to the Document Requests, and each request therein, to

16  the extent they seek documents and information that are beyond the scope of the Sherman

17  Antitrust Act, 15 U.S.C. § 1.

18         12.     Responding Party objects to the Document Requests, and each request therein, to

19  the extent they fail to describe the documents and things sought with a reasonable degree of

20  specificity.

21         13.     Responding Party shall attempt to construe the terms and phrases used by

22  Plaintiffs in a way to give those terms and phrases a meaning which will result in the production

23  of relevant information or information designed to lead to the discovery of admissible evidence.

24         14.     Responding Party objects to the Document Requests, and each request therein, to

25  the extent they seek the discovery of documents regarding Responding Party's sales outside of the

26  United States and unrelated to United States commerce, as such sales are beyond the scope of this

27  litigation and thereby render the Document Requests overly broad, unduly burdensome, and not

28  reasonably calculated to lead to the discovery of admissible evidence.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                                    -3-                                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

15.     Responding Party objects to the Document Requests, and each request therein, to the extent they seek documents, including but not limited to electronic documents, the disclosure of which is prohibited by a law, regulation, or order of a court or other authority of a foreign jurisdiction in which the documents are located.

16.     Responding Party objects to the Document Requests, and each request therein, to the extent they seek documents that are no longer active or readily accessible on Responding Party's database but might exist in electronic archives or back-up files.  Responding Party will not rebuild these electronic archives and back-up files in order to search for documents that may be responsive to the Document Requests.  Based on the dates of the information sought, a portion of Responding Party's potential responsive data will likely not be on active databases.

17.     Responding Party objects to the Document Requests, and each request therein, to the extent they seek to impose on Responding Party an obligation to investigate or discover information or materials from third-parties or sources who are equally accessible to Plaintiffs.

18.     Responding Party objects to the Document Requests and each request therein, to the extent they contain duplicative requests, in whole or in part.  To the extent responsive documents have previously been produced, they will not be produced again.

19.     Responding Party objects to the Document Requests, and each request therein, to the extent that they purport to call for Responding Party to engage in an investigation or to obtain information and/or documents not in its personal possession, custody or control.  In addition, Responding Party objects to the extent the Document Requests require Responding Party to respond and/or produce documents on behalf of any person or entity other than itself.

20.     Responding Party objects to the Document Requests, and each request therein, to the extent that they seek documents that are in the public record or which are equally accessible to the Plaintiffs as to Responding Party.

21.     Responding Party objects to the Document Requests, and each request therein, to the extent that they attempt and/or purport to call for production of any information and/or documents that are privileged, including, but not limited to, documents and materials that were prepared in anticipation of litigation, ADR, or for trial, that reveal communications between

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                                    -4-                                    MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1  Responding Party and its legal counsel, and/or that otherwise constitute attorney-work product,

2  joint defense or common interest privilege, or by any other applicable doctrine or privilege, or

3  that are otherwise privileged or immune from discovery.  Inadvertent testimony, production, or

4  disclosure of any such information and/or document is not intended to and shall not constitute a

5  waiver of any privilege or any other ground for objecting to discovery with respect to such

6  testimony, information, and/or document, or with respect to the subject matter thereof.  Nor shall

7  such inadvertent production or disclosure waive Responding Party's right to object to the use of

8  any such testimony, information, and/or document during this action or in any other or

9  subsequent proceeding.  Hence, Responding Party objects to each request to the extent each seeks

10  testimony, documents, and information that are protected by the attorney-client privilege and/or

11  the attorney work product doctrine.

12        22.      No response herein should be deemed or construed as a representation that

13  Responding Party agrees with or acquiesces in the characterization of any fact, assumption or

14  conclusion of law contained in or implied by the Document Requests.

15        23.      Responding Party objects to the Document Requests, and each request therein, to

16  the extent they seek information and/or documents that would disclose proprietary information,

17  trade secrets or other confidential research, development, or other confidential information

18  protected by the Uniform Trade Secrets Act, among others, any and all rights of privacy under the

19  United States Constitution or Article I of the Constitution of the State of California, or any other

20  applicable law or state constitution, or that is otherwise prohibited from disclosure because to do

21  so would cause Responding Party to violate legal and/or contractual obligations to any other

22  persons or entities.  Where applicable, Responding Party's Responses to the Document Requests

23  are subject to the provisions of the Stipulated Protective Order that the Court entered on June 18,

24  2008 (the "Protective Order").  Responding Party's Responses are hereby designated

25  "Confidential" in accordance with the provisions of the Protective Order.

26        24.      By representing that it will or will not produce documents, Responding Party does

27  not represent that such documents exist.

28        25.      To the extent Responding Party produces to Direct Purchaser Plaintiffs documents

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                                    -5-                                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    responsive to the Document Requests, such responsive documents will not be produced again.

2           26.      Subject to and without waiving any of the foregoing objections, each of which is

3    expressly incorporated into each individual response below as if fully stated therein, Responding

4    Party expressly reserves the following rights:

5                    a.       Any and all testimony and information provided and/or documents

6    produced by Responding Party in response to the Document Requests are and will remain subject

7    to all objections as to relevance, materiality, propriety, and admissibility, as well as to any and all

8    other objections on any grounds that would require the exclusion of the testimony, information,

9    and/or document or any portion thereof if such testimony, information, and/or document was

10   offered in evidence, all of which objections and grounds are hereby expressly reserved and may

11   be interposed at the time of any written discovery, deposition, or at or before any hearing,

12   arbitration or trial in this matter;

13                   b.       The right to object on any ground whatsoever at any time to any demand

14   for further responses to the Document Requests or any other discovery procedures involving or

15   relating to the subject matter of the Document Requests; and

16                   c.       The right to supplement the documents produced, or otherwise to

17   supplement, revise or explain the information contained therein in light of information gathered

18   through further investigation and discovery.

19                  **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

20   **DEFINITION NO. 1:**

21          "All" should be construed to include the collective as well as the singular and shall mean

22   "each," "any," and "every."

23   **OBJECTION TO DEFINITION NO. 1:**

24          No objection.

25   **DEFINITION NO. 2:**

26          "Any" shall be construed to mean "any and all."

27   **OBJECTION TO DEFINITION NO. 2:**

28          No objection.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                              -6-                                  MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

**DEFINITION NO. 3:**

"Or" and "and" should be construed so as to require the broadest possible response.  If, for example, a request calls for information about "A or B" or "A and B," you should produce all information about A and all information about B, as well as information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

**OBJECTION TO DEFINITION NO. 3:**

No objection.

**DEFINITION NO. 4:**

"Including" is used to illustrate only, and should not be construed as limiting in any way.

**OBJECTION TO DEFINITION NO. 4:**

No objection.

**DEFINITION NO. 5:**

"Defendant" means any company, organization, entity or person originally, presently or subsequently named as a defendant in this litigation, as well as each such Defendant's predecessors, successors, subsidiaries, departments, division and/or affiliates.  "Defendant" also includes Daewoo International Corporation, Daewoo Electronics Corporation, Orion Electric Company, Daewoo-Orion Société Anonyme, Tatung Company, Panasonic Consumer Electronics Company, MT Picture Display Corporation of America (New York), MT Picture Display Corporation of America (Ohio), MT Picture Display (Malaysia) Sdn. Bhd., MT Picture Display (Thailand) Co., Ltd., PT.MT Picture Display Indonesia, Matsushita Electronic Corporation (Malaysia) Sdn. Bhd., Toshiba Display Devices (Thailand) Company, Ltd., LG.Philips Displays, Philips Consumer Electronics Co., Shenzhen SEG Hitachi Color Display Devices Co., Ltd., Thomson S.A., TCL International Holdings, Ltd., TCL Corporation, TCL-Thomson Electronics ("TTE") Corporation, Hua Fei Colour Display Systems Company Limited, and each such Defendant's predecessors, successors, subsidiaries, departments, divisions or affiliates.

**OBJECTION TO DEFINITION NO. 5:**

Responding Party objects to this definition to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2   -7-   MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   the Federal Rules of Civil Procedure.

2          Responding Party objects to this definition on the ground it calls for a legal conclusion.

3          Responding Party objects to this definition as vague, ambiguous, unintelligible, overly

4   broad to the extent it seeks documents and information that are not relevant to the subject matter

5   of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of

6   admissible evidence, and unduly burdensome to search for and produce.

7          Responding Party objects to this definition to the extent it seeks information and

8   documents that would disclose Responding Party's or a third party's respective trade secrets or

9   other confidential research, development, or confidential information protected by the Uniform

10  Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

11  One of the Constitution of the State of California, or any other applicable state constitution or

12  law, or which is otherwise prohibited from disclosure because to do so would cause Responding

13  Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

14  appropriate to do so and with adequate protections and limitations, Responding Party expressly

15  reserves the right to provide such documents and/or information only pursuant to the Protective

16  Order in this action.

17         Responding Party objects to this definition to the extent that it attempts or purports to call

18  for the production of any information and/or documents that are privileged, that were prepared in

19  anticipation of litigation or trial, that reveal communications between Responding Party and its

20  legal counsel, that otherwise constitute attorney work product, are subject to the joint defense or

21  common interest privilege, or that are otherwise privileged or immune from discovery.

22         Responding Party objects to this definition to the extent it is intended to include persons

23  or entities other than Responding Party.  To the extent and in the context a request uses the term

24  "Defendant," Responding Party understands that the request and its obligations only extend to

25  information and/or documents within Responding Party's possession, custody or control.

26         Responding Party objects to this definition to the extent that it calls for documents or

27  information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

28  definition to the extent that it requires Responding Party to respond and/or produce documents or

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    information on behalf of any person or entity other than itself.

2            Responding Party will respond on behalf of Hitachi America, Ltd. only.

3    **DEFINITION NO. 6:**

4            "Document(s), data, and tangible things" is used in the broadest possible sense and has the

5    meaning set forth in Federal Rule of Civil Procedure 34 including, but not limited to: writings;

6    records; files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic

7    messages; voicemail; E-mail; telephone message records or logs; computer and network activity

8    logs; hard drives; backup data; removable computer storage media such as tapes, disks, and cards;

9    printouts; document image files; Web pages; databases; spreadsheets; software; books; ledgers;

10   journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries;

11   compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts;

12   digital or chemical process photographs; video, phonographic, tape, or digital recordings or

13   transcripts thereof; drafts; jottings; and notes. Information that serves to identify, locate, or link

14   such material, such as file inventories, file folders, indices, and metadata, is also included in this

15   definition.

16   **OBJECTION TO DEFINITION NO. 6:**

17           Responding Party objects to this definition to the extent that it seeks to expand the scope

18   of Rule 34 of the Federal Rules of Civil Procedure.

19           Responding Party also objects to this definition as overly broad to the extent it seeks

20   documents and/or information that are not relevant to the subject matter of this action, not

21   admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence,

22   and unduly burdensome to search for and produce.

23   **DEFINITION NO. 7:**

24           "All Documents" means every document and every non-identical copy known to you and

25   every such document or writing which you can locate or discover by reasonably diligent efforts,

26   including, but not limited to, all drafts of documents now in the possession, custody or control of

27   any defendant, its merged or acquired predecessors, former and present directors, officers,

28   counsel, agents, employees and/or persons acting on its behalf.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                                    -9-                                    MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

**OBJECTION TO DEFINITION NO. 7:**

Responding Party objects to this definition to the extent that it seeks to expand the scope of Rule 34 of the Federal Rules of Civil Procedure.

Responding Party also objects to this definition as overly broad to the extent it seeks documents and/or information that are not relevant to the subject matter of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome to search for and produce.

Responding Party objects to this definition to the extent it is intended to include persons or entities other than Responding Party.  Responding Party understand that these requests and its obligations only extend to information and/or documents within Responding Party's possession, custody or control.

Responding Party will respond on behalf of Hitachi America, Ltd. only.

**DEFINITION NO. 8:**

"Electronically stored information" ("ESI") has the same full meaning as construed by Fed. R. Civ. P. 26 and 34 and includes, without limitation, the following:

a.      activity listings of electronic mail receipts and/or transmittals;

b.      output resulting from the use of any software program, including without limitation word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether such electronic data exist in an active file, deleted file, or file fragment;

c.      any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other vehicle for digital data storage and/or transmittal, including without limitation a personal digital assistant, e.g., Palm Pilot, Blackberry, Treo or other device.

**OBJECTION TO DEFINITION NO. 8:**

Responding Party objects to this definition to the extent it attempts to impose obligations

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    on Responding Party and/or seeks documents beyond those required to be produced pursuant to

2    the Federal Rules of Civil Procedure.

3            Responding Party also objects to this definition as overly broad to the extent it seeks

4    documents and/or information that are not relevant to the subject matter of this action, not

5    admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence,

6    and unduly burdensome to search for and produce.

7            Responding Party objects to this definition to the extent it seeks documents that are no

8    longer active or readily accessible on Responding Party's database but might exist in electronic

9    archives or back-up files.  Responding Party will not rebuild these electronic archives and back-

10   up files in order to search for documents that may be responsive to the Document Requests.

11   Based on the dates of the information sought, a portion of Responding Party's potential

12   responsive data will likely not be on active databases.

13   **DEFINITION NO. 9:**

14           "You," "your" or "your company" means the Defendant responding to these Requests, its

15   predecessors, successors, subsidiaries, departments, divisions and/or affiliates, including without

16   limitation any organization or entity which the responding Defendant manages or controls,

17   together with all present and former directors, officers, employees, agents, representatives, or any

18   persons acting or purporting to act on behalf of the responding Defendant.

19   **OBJECTION TO DEFINITION NO. 9:**

20           Responding Party objects to this definition to the extent it attempts to impose obligations

21   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

22   the Federal Rules of Civil Procedure.

23           Responding Party objects to this definition on the ground it calls for a legal conclusion.

24           Responding Party objects to this definition as vague, ambiguous, unintelligible, overly

25   broad to the extent it seeks documents and information that are not relevant to the subject matter

26   of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of

27   admissible evidence, and unduly burdensome to search for and produce.

28           Responding Party objects to this definition to the extent it seeks documents and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                               -11-                                    MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    information that would disclose Responding Party's or a third party's respective trade secrets or

2    other confidential research, development, or confidential information protected by the Uniform

3    Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

4    One of the Constitution of the State of California, or any other applicable state constitution or

5    law, or which is otherwise prohibited from disclosure because to do so would cause Responding

6    Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

7    appropriate to do so and with adequate protections and limitations, Responding Party expressly

8    reserves the right to provide such information and/or documents only pursuant to the Protective

9    Order in this action.

10         Responding Party objects to this definition to the extent that it attempts or purports to call

11   for the production of any documents and/or information that are privileged, that were prepared in

12   anticipation of litigation or trial, that reveal communications between Responding Party and its

13   legal counsel, that otherwise constitute attorney work product, are subject to the joint defense or

14   common interest privilege, or that are otherwise privileged or immune from discovery.

15         Responding Party objects to this definition to the extent it is intended to include persons

16   or entities other than Responding Party.  To the extent and in the context a request uses the term

17   "Defendant," Responding Party understands that the request and its obligations only extend to

18   documents and/or information within Responding Party's possession, custody or control.

19         Responding Party objects to this definition to the extent that it calls for documents and/or

20   information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

21   definition to the extent that it requires Responding Party to respond and/or produce documents

22   and/or information on behalf of any person or entity other than itself.

23         Responding Party will respond on behalf of Hitachi America, Ltd. only.

24   **DEFINITION NO. 10:**

25         "Subsidiary," "affiliate" and "joint venture" refer to any entity or person in which you

26   have any financial or ownership interest.

27   **OBJECTION TO DEFINITION NO. 10:**

28         Responding Party objects to this definition to the extent it attempts to impose obligations

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                                        -12-                                        MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    on Responding Party and/or seeks documents beyond those required to be produced pursuant to

2    the Federal Rules of Civil Procedure.

3            Responding Party objects to this definition on the ground it calls for a legal conclusion.

4            Responding Party objects to this definition as vague, ambiguous, unintelligible, overly

5    broad to the extent it seeks documents and information that are not relevant to the subject matter

6    of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of

7    admissible evidence, and unduly burdensome to search for and produce.

8            Responding Party objects to this definition to the extent it seeks documents and

9    information that would disclose Responding Party's or a third party's respective trade secrets or

10   other confidential research, development, or confidential information protected by the Uniform

11   Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

12   One of the Constitution of the State of California, or any other applicable state constitution or

13   law, or which is otherwise prohibited from disclosure because to do so would cause Responding

14   Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

15   appropriate to do so and with adequate protections and limitations, Responding Party expressly

16   reserves the right to provide such information and/or documents only pursuant to the Protective

17   Order in this action.

18           Responding Party objects to this definition to the extent that it attempts or purports to call

19   for the production of any documents and/or information that are privileged, that were prepared in

20   anticipation of litigation or trial, that reveal communications between Responding Party and its

21   legal counsel, that otherwise constitute attorney work product, are subject to the joint defense or

22   common interest privilege, or that are otherwise privileged or immune from discovery.

23           Responding Party objects to this definition to the extent it is intended to include persons

24   or entities other than Responding Party.  To the extent and in the context a request uses the term

25   "Defendant," Responding Party understands that the request and its obligations only extend to

26   documents and/or information within Responding Party's possession, custody or control.

27           Responding Party objects to this definition to the extent that it calls for documents and/or

28   information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                                    -13-                                    MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    definition to the extent that it requires Responding Party to respond and/or produce documents

2    and/or information on behalf of any person or entity other than itself.

3          Responding Party will respond on behalf of Hitachi America, Ltd. only.

4    **DEFINITION NO. 11:**

5          "Person" shall refer to natural persons, firms, joint owners, associations, companies,

6    partnerships, joint ventures, corporations, trusts, estates, agencies, departments or bureaus

7    (governmental or private), and any other form of business, governmental or juridical person or

8    legal entity.

9    **OBJECTION TO DEFINITION NO. 11:**

10          Responding Party objects to this definition to the extent it attempts to impose obligations

11    on Responding Party and/or seeks documents beyond those required to be produced pursuant to

12    the Federal Rules of Civil Procedure.

13          Responding Party objects to this definition on the ground it calls for a legal conclusion.

14          Responding Party objects to this definition as vague, ambiguous, unintelligible, overly

15    broad to the extent it seeks documents and information that are not relevant to the subject matter

16    of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of

17    admissible evidence, and unduly burdensome to search for and produce.

18          Responding Party objects to this definition to the extent it seeks information and

19    documents that would disclose Responding Party's or a third party's respective trade secrets or

20    other confidential research, development, or confidential information protected by the Uniform

21    Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

22    One of the Constitution of the State of California, or any other applicable state constitution or

23    law, or which is otherwise prohibited from disclosure because to do so would cause Responding

24    Party to violate legal or contractual obligations to any other persons or entities. Where it may be

25    appropriate to do so and with adequate protections and limitations, Responding Party expressly

26    reserves the right to provide such information and/or documents only pursuant to the Protective

27    Order in this action.

28          Responding Party objects to this definition to the extent that it attempts or purports to call

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1  for the production of any documents and/or information that are privileged, that were prepared in

2  anticipation of litigation or trial, that reveal communications between Responding Party and its

3  legal counsel, that otherwise constitute attorney work product, or that are otherwise privileged or

4  immune from discovery.

5  Responding Party objects to this definition to the extent it is intended to include persons

6  or entities other than Responding Party.  To the extent and in the context a request uses the term

7  "Person," Responding Party understands that the request and its obligations only extend to

8  documents and/or information within Responding Party's possession, custody or control.

9  Responding Party objects to this definition to the extent that it calls for documents and/or

10  information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

11  definition to the extent that it requires Responding Party to respond and/or produce document

12  and/or information on behalf of any person or entity other than itself.

13  Responding Party will respond on behalf of Hitachi America, Ltd. only.

14  **DEFINITION NO. 12:**

15  "Employee" means, without limitation, any current or former officer, director, executive,

16  manager, secretary, messenger, agent, independent contractor or other person who is or was

17  employed by a Defendant.

18  **OBJECTION TO DEFINITION NO. 12:**

19  Responding Party objects to this definition to the extent it attempts to impose obligations

20  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

21  the Federal Rules of Civil Procedure.

22  Responding Party objects to this definition on the ground it calls for a legal conclusion.

23  Responding Party objects to this definition as vague, ambiguous, unintelligible, overly

24  broad to the extent it seeks documents and information that are not relevant to the subject matter

25  of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of

26  admissible evidence, and unduly burdensome to search for and produce.

27  Responding Party objects to this definition to the extent it seeks information and

28  documents that would disclose Responding Party's or a third party's respective trade secrets or

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    other confidential research, development, or confidential information protected by the Uniform

2    Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

3    One of the Constitution of the State of California, or any other applicable state constitution or

4    law, or which is otherwise prohibited from disclosure because to do so would cause Responding

5    Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

6    appropriate to do so and with adequate protections and limitations, Responding Party expressly

7    reserves the right to provide such information and/or documents only pursuant to the Protective

8    Order in this action.

9        Responding Party objects to this definition to the extent that it attempts or purports to call

10   for the production of any documents and/or information that are privileged, that were prepared in

11   anticipation of litigation or trial, that reveal communications between Responding Party and its

12   legal counsel, that otherwise constitute attorney work product, or that are otherwise privileged or

13   immune from discovery.

14       Responding Party objects to this definition to the extent it is intended to include persons

15   or entities other than Responding Party.  To the extent and in the context a request uses the term

16   "Employee," Responding Party understands that the request and its obligations only extend to

17   documents and/or information within Responding Party's possession, custody or control.

18       Responding Party objects to this definition to the extent that it calls for documents and/or

19   information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

20   definition to the extent that it requires Responding Party to respond and/or produce document

21   and/or information on behalf of any person or entity other than itself.

22       Responding Party will respond on behalf of Hitachi America, Ltd. only.

23   **<u>DEFINITION NO. 13</u>:**

24       "Relating to," "referring to," "regarding," or "with respect to" mean without limitation

25   discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating,

26   constituting, concerning, containing, mentioning, studying, surveying, projecting, assessing,

27   recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in

28   part.

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

**OBJECTION TO DEFINITION NO. 13:**

Responding Party objects to this definition to the extent it attempts to impose obligations on Responding Party and/or seeks documents, beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects to the expressions "relating to," "referring to," "regarding," or "with respect to" to the extent they mean more than comprising, or on its face discusses, pertains to or is connected with a well-defined, unambiguous and identifiable topic or subject matter.

Responding Party objects to this definition because responding to such overly broad, vague and ambiguous requests would be unduly burdensome and oppressive.

**DEFINITION NO. 14:**

"Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not.

**OBJECTION TO DEFINITION NO. 14:**

No objection.

**DEFINITION NO. 15:**

"Communication" and "communications" are used in a comprehensive sense and shall mean and include every conceivable manner or means of disclosure, transfer or exchange of oral or written information (in the form of facts, ideas, inquiries or otherwise) between one or more persons or entities including, but not limited to, writings, documents, inter- and intra-office memoranda, correspondence, meetings, conferences, conversations, and/or agreements, whether face-to-face, by telephone, by mail, by telecopier, by telex, by computer or otherwise.

**OBJECTION TO DEFINITION NO. 15:**

Responding Party objects to this definition to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

**DEFINITION NO. 16:**

"Antitrust regulatory authority" means any governmental antitrust regulatory or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                                    -17-                                    MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   investigative entity, whether domestic or foreign, including but not limited to the United States

2   Department of Justice, European Commission, Japanese Fair Trade Commission, or Korea Fair

3   Trade Commission.

4   **OBJECTION TO DEFINITION NO. 16:**

5       Responding Party objects to this definition to the extent it attempts to impose obligations

6   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

7   the Federal Rules of Civil Procedure.

8   **DEFINITION NO. 17:**

9       "Studies" and/or "analyses" includes all reports, memoranda, statistical compilations,

10   reviews, audits and other types of written, printed, or electronic submissions of information.

11   **OBJECTION TO DEFINITION NO. 17:**

12       Responding Party objects to this definition to the extent that it seeks to expand the scope

13   of Rule 34 of the Federal Rules of Civil Procedure.

14       Responding Party also objects to this definition as overly broad to the extent it seeks

15   documents and/or information that are not relevant to the subject matter of this action, not

16   admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence,

17   and unduly burdensome to search for and produce.

18   **DEFINITION NO. 18:**

19       "Competitor" means any Defendant and all persons other than you that manufacture or

20   sell CRTs and/or CRT Products.

21   **OBJECTION TO DEFINITION NO. 18:**

22       Responding Party objects to this definition to the extent it attempts to impose obligations

23   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

24   the Federal Rules of Civil Procedure.

25       Responding Party objects to this definition on the ground the term "CRT Products" is

26   vague, ambiguous, unintelligible, and overly broad to the extent it seeks documents and

27   information that are not relevant to the subject matter of this action, not admissible in evidence,

28   not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    to search for and produce.  Moreover, any discovery as to "CRT Products" that is not reasonably

2    related to Plaintiffs' claims with respect to an alleged conspiracy involving CRTs is premature

3    and overly burdensome until such time as Plaintiffs establish a reasonable basis for their claims

4    regarding "CRT Products" to justify the enormous burden that Plaintiffs seek to impose on

5    Responding Party by pursuing discovery as to all such products.

6    **DEFINITION NO. 19:**

7        "Selling," "sold," or "sale" means selling, swapping, trading, or otherwise transferring.

8    **OBJECTION TO DEFINITION NO. 19:**

9        No objection.

10   **DEFINITION NO. 20:**

11       "Price" means the price paid by a third party or the internal transfer price recorded or

12   otherwise used in connection with a sale to a subsidiary, department, division, or affiliate.

13   **OBJECTION TO DEFINITION NO. 20:**

14       No objection.

15   **DEFINITION NO. 21:**

16       "CRTs" means cathode ray tubes. "CRT Products" means products containing CRTs, such

17   as televisions and computer monitors.

18   **OBJECTION TO DEFINITION NO. 21:**

19       Responding Party objects to this definition to the extent it attempts to impose obligations

20   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

21   the Federal Rules of Civil Procedure.

22       Responding Party objects to this definition on the ground the term "CRT Products" is

23   vague, ambiguous, unintelligible, and overly broad to the extent it seeks documents and

24   information that are not relevant to the subject matter of this action, not admissible in evidence,

25   not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome

26   to search for and produce.  Moreover, any discovery as to "CRT Products" that is not reasonably

27   related to Plaintiffs' claims with respect to an alleged conspiracy involving CRTs is premature

28   and overly burdensome until such time as Plaintiffs establish a reasonable basis for their claims

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   regarding "CRT Products" to justify the enormous burden that Plaintiffs seek to impose on

2   Responding Party by pursuing discovery as to all such products.

3        Responding Party objects to this definition on the ground that to the extent the Document

4   Requests seek documents regarding "CRTs," the Document Requests are overly broad and unduly

5   burdensome, and purport to call for information that is not relevant to the claim or defense of any

6   party, not relevant to the subject matter involved in this action, and not reasonably calculated to

7   lead to the discovery of admissible evidence, as the Complaint purports to bring this class action

8   "on behalf of individuals and entities that indirectly purchased Cathode Ray Tube Products

9   ("CRT Products")," not direct purchasers.   Indirect Purchaser Plaintiffs' Consolidated Amended

10  Complaint ("Complaint"), ¶ 1.  Furthermore, to the extent Responding Party produces documents

11  responsive to the Document Requests regarding "CRTs" to Direct Purchaser Plaintiffs, such

12  documents will not be produced again.

13                                **INSTRUCTIONS**

14  **INSTRUCTION NO. 1:**

15       To the extent documents or ESI responsive to any of these Requests have already been

16  produced to Plaintiffs, there is no need to produce those documents a second time. Instead, please

17  provide the Bates numbers of any responsive documents already produced.

18  **OBJECTION TO INSTRUCTION NO. 1:**

19       Responding Party objects to this instruction to the extent it attempts to impose obligations

20  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

21  the Federal Rules of Civil Procedure.

22       Responding Party objects to this instruction on the ground it is unduly burdensome and

23  oppressive.

24  **INSTRUCTION NO. 2:**

25       This document request calls for the production of all responsive documents and ESI in

26  your possession, custody or control without regard to the physical location of such documents.

27  **OBJECTION TO INSTRUCTION NO. 2:**

28       Responding Party objects to this instruction to the extent it attempts to impose obligations

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                    -20-                         MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

2   the Federal Rules of Civil Procedure.

3       Responding Party objects to this instruction on the ground it is unduly burdensome and

4   oppressive.

5   **INSTRUCTION NO. 3:**

6       In producing documents, ESI and other materials, you must furnish all documents, ESI or

7   things in your possession, custody or control, regardless of whether such documents, ESI or

8   materials are possessed directly by you or your directors, officers, agents, employees,

9   representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or

10  their agents, employees, representatives or investigators.

11  **OBJECTION TO INSTRUCTION NO. 3:**

12      Responding Party objects to this instruction to the extent it attempts to impose obligations

13  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

14  the Federal Rules of Civil Procedure.

15      Responding Party objects to this instruction on the ground it calls for a legal conclusion.

16      Responding Party objects to this instruction as vague, ambiguous, unintelligible, overly

17  broad to the extent it seeks documents and information that are not relevant to the subject matter

18  of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of

19  admissible evidence, and unduly burdensome to search for and produce.

20      Responding Party objects to this instruction to the extent it seeks documents and

21  information that would disclose Responding Party's or a third party's respective trade secrets or

22  other confidential research, development, or confidential information protected by the Uniform

23  Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

24  One of the Constitution of the State of California, or any other applicable state constitution or

25  law, or which is otherwise prohibited from disclosure because to do so would cause Responding

26  Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

27  appropriate to do so and with adequate protections and limitations, Responding Party expressly

28  reserves the right to provide such information and/or documents only pursuant to the Protective

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1  Order in this action.

2         Responding Party objects to this instruction to the extent that it attempts or purports to call

3  for the production of any documents and/or information that are privileged, that were prepared in

4  anticipation of litigation or trial, that reveal communications between Responding Party and its

5  legal counsel, that otherwise constitute attorney work product, are subject to the joint defense or

6  common interest privilege, or that are otherwise privileged or immune from discovery.

7         Responding Party objects to this instruction to the extent it is intended to include persons

8  or entities other than Responding Party.  To the extent and in the context a request uses the term

9  "you or your directors, officers, agents, employees, representatives, subsidiaries, managing

10  agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or

11  investigators," Responding Party understands that the request and its obligations only extend to

12  documents and/or information within Responding Party's possession, custody or control.

13         Responding Party objects to this instruction to the extent that it calls for documents and/or

14  information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

15  instruction to the extent that it requires Responding Party to respond and/or produce documents

16  and/or information on behalf of any person or entity other than itself.

17         Responding Party will respond on behalf of Hitachi America, Ltd. only.

18  **INSTRUCTION NO. 4:**

19         In producing documents and ESI, you must produce the original of each document

20  requested together with all non-identical copies and drafts of that document. If the original of any

21  document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and

22  bound or stapled in the same manner as the original (to the extent this known).

23  **OBJECTION TO INSTRUCTION NO. 4:**

24         Responding Party objects to this instruction to the extent that it seeks to expand the scope

25  of Rule 34 of the Federal Rules of Civil Procedure.

26         Responding Party also objects to this instruction as overly broad to the extent it seeks

27  documents and/or information that are not relevant to the subject matter of this action, not

28  admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                              -22-                              MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    and unduly burdensome to search for and produce.

2    **INSTRUCTION NO. 5:**

3         Pursuant to Federal Rule of Civil Procedure 34(b), documents shall be produced as they

4    are kept in the usual course of business and shall be organized and labeled to identify any file

5    number, file name, or any other file identification system utilized by the responding party, as well

6    as the location and custodian of such records. These Requests include Plaintiffs' request to

7    physically inspect any file drawer, filing cabinet or any other storage device where documents

8    responsive to these requests are maintained at the time of the inspection of such documents.

9    **OBJECTION TO INSTRUCTION NO. 5:**

10        Responding Party objects to this instruction to the extent it attempts to impose obligations

11   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

12   the Federal Rules of Civil Procedure.

13   **INSTRUCTION NO. 6:**

14        Documents attached to each other should not be separated. If any portion of any document

15   is responsive to any portion of the document requests below, then the entire document must be

16   produced.

17   **OBJECTION TO INSTRUCTION NO. 6:**

18        Responding Party objects to this instruction to the extent it attempts to impose obligations

19   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

20   the Federal Rules of Civil Procedure.

21   **INSTRUCTION NO. 7:**

22        All documents produced should be numbered sequentially, with a unique number on each

23   page, and with a prefix identifying the party producing the document.

24   **OBJECTION TO INSTRUCTION NO. 7:**

25        No objection.

26   **INSTRUCTION NO. 8:**

27        Documents shall be produced in such fashion as to identify the department, branch or

28   office in whose possession they were located and, where applicable, the natural person in whose

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1  possession they were found (i.e., the document custodian) and the business address of each

2  document custodian.

3  **OBJECTION TO INSTRUCTION NO. 8:**

4        Responding Party objects to this instruction to the extent it attempts to impose obligations

5  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

6  the Federal Rules of Civil Procedure.

7        Responding Party objects to this instruction on the ground it is unduly burdensome and

8  oppressive.

9  **INSTRUCTION NO. 9:**

10        Pursuant to Federal Rule of Civil Procedure 34(b)(1)(C), the responding party must

11  produce any ESI in its native format. If ESI in its native format can only be accessed by

12  proprietary or legacy software, the responding party shall receive all information and software

13  necessary to access the ESI.

14  **OBJECTION TO INSTRUCTION NO. 9:**

15        Responding Party objects to this instruction to the extent it attempts to impose obligations

16  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

17  the Federal Rules of Civil Procedure.

18        Responding Party objects to this instruction to the extent it seeks documents and

19  information that would disclose Responding Party's or a third party's respective trade secrets or

20  other confidential research, development, or confidential information protected by the Uniform

21  Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

22  One of the Constitution of the State of California, or any other applicable state constitution or

23  law, including any copyright or license, or which is otherwise prohibited from disclosure because

24  to do so would cause Responding Party to violate legal or contractual obligations to any other

25  persons or entities.  Where it may be appropriate to do so and with adequate protections and

26  limitations, Responding Party expressly reserves the right to provide such information and/or

27  documents only pursuant to the Protective Order in this action.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2             -24-             MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

**INSTRUCTION NO. 10:**

If any responsive document was, but no longer is, in the possession of or subject to your control, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of.

**OBJECTION TO INSTRUCTION NO. 10:**

Responding Party objects to this instruction to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects on the grounds that it is impossible to identify, describe, and further explain the circumstances regarding every document that ever "was, but no longer is, in the possession of or subject to your control." To the extent that it is even possible to identify, describe, and explain the circumstances regarding such documents, this investigation would impose a unique, time-consuming and unreasonable burden.

Responding Party objects to this instruction on the ground it is unduly burdensome and oppressive.

**INSTRUCTION NO. 11:**

In each instance in which a document once existed and subsequently is lost, missing, destroyed or otherwise disposed of, explain the circumstances surrounding the disposition of the document, including but not limited to:

    a.    the identity of the person or entity who last possessed the document;

    b.    the date or approximate date of such disposition; and

    c.    the identity of all persons who have or had knowledge of the document's contents.

**OBJECTION TO INSTRUCTION NO. 11:**

Responding Party objects to this instruction to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects on the grounds that it is impossible to identify, describe, and further explain the circumstances regarding every document that ever "once existed and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2    -25-    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    subsequently is lost, missing, destroyed or otherwise disposed of." To the extent that it is even

2    possible to identify, describe, and explain the circumstances regarding such documents, this

3    investigation would impose a unique, time-consuming and unreasonable burden.

4         Responding Party objects to this instruction on the ground it is unduly burdensome and

5    oppressive.

6    **INSTRUCTION NO. 12:**

7         12.    In the event that you object to any document request on the ground of privilege or

8    work product, a statement shall be provided as to each document which includes:

9         a.    the name of the author of the document;

10        b.    the name of the recipient of the document;

11        c.    the names of the persons to whom copies were sent;

12        d.    the job title of every individual named in (a), (b), and (c) above;

13        e.    the date the document was created, sent, and received;

14        f.    the location of the document;

15        g.    the custodian of the document;

16        h.    a brief description of the nature and subject matter of the document; and

17        i.    a statement of the privilege asserted and each and every fact or basis upon which a

18   privilege is claimed or on which the document is otherwise withheld.

19        Notwithstanding the assertion of any objection to production, if a document contains non-

20   objectionable or non-privileged matter, please produce that document, redacting that portion for

21   which the objection is asserted, provided that the identification requested in paragraphs (h) and (i)

22   above are furnished. A log itemizing each of these documents and this corresponding information

23   that forms the basis for your objection on privilege or work product grounds shall be served

24   contemporaneously with your responses to these document requests.

25   **OBJECTION TO INSTRUCTION NO. 12:**

26        Responding Party objects to this instruction to the extent it attempts to impose obligations

27   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

28   the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                                    -26-                                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1

2
**INSTRUCTION NO. 13:**

3        Each document should be produced in its entirety and without deletion, redaction or

4 excisions, except as provided by Instruction 12 above, regardless of whether you consider the

5 entire document or only part of it to be relevant or responsive to these document requests. If you

6 have redacted any portion of a document, stamp the word "REDACTED" beside the redacted

7 information on each page of the document which you have redacted. Any redactions to such

8 documents produced should be identified in accordance with Instruction 12 above.

**OBJECTION TO INSTRUCTION NO. 13:**

9        Responding Party objects to this instruction to the extent it attempts to impose obligations

10 on Responding Party and/or seeks documents beyond those required to be produced pursuant to

11 the Federal Rules of Civil Procedure.

12
**INSTRUCTION NO. 14:**

13        In responding to these requests you are to include documents: (a) obtained from witnesses

14 who gave information to any antitrust regulatory authority or investigatory body; (b) that

15 constitute, or refer or relate to, summaries of testimony or other statements in connection with any

16 antitrust regulatory authority or investigatory body proceedings or investigations; or (c) obtained

17 on your behalf by counsel in preparing for testimony or interviews before any antitrust regulatory

18 authority or investigatory body.

19
**OBJECTION TO INSTRUCTION NO. 14:**

20        Responding Party objects to this instruction to the extent it attempts to impose obligations

21 on Responding Party and/or seeks documents beyond those required to be produced pursuant to

22 the Federal Rules of Civil Procedure.

23        Responding Party objects to this instruction to the extent it attempts to impose obligations

24 on Responding Party exceeding the scope of the Stay Order in this case.

25
**INSTRUCTION NO. 15:**

26        The following requests are continuing in nature pursuant to Rule 26(e) of the Federal

27 Rules of Civil Procedure so as to require the prompt production of supplemental or additional

28 responsive documents when you become aware of such, up to and including the time of trial.

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

**OBJECTION TO INSTRUCTION NO. 15:**

Responding Party objects to this instruction to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

### DEFINITION OF RELEVANT TIME PERIOD

Unless otherwise stated, these Requests call for the production of all documents that were generated and/or maintained during the period January 1, 1995 through the present (the "Relevant Time Period"). These document requests seek all responsive documents created or generated during the Relevant Time Period, as well as responsive documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

### OBJECTION TO DEFINITION OF RELEVANT TIME PERIOD

Responding Party objects to the definition of the Relevant Time Period on the grounds that it is vague, ambiguous, unintelligible, over broad and seeks information or materials on matters not relevant to the subject matter of this action, not admissible in evidence, and not reasonably calculated to lead to the discovery of admissible evidence.

The "Relevant Time Period" as defined exceeds the putative class period, which begins on March 1, 1995 and ends on November 25, 2007 (Complaint, ¶ 1), and seeks documents and information beyond the statute of limitations period. Judge Conti has directed the parties to Judge Legge to develop procedures for the early resolution of statute of limitations issues and to reduce the burden in connection therewith. Responding Party believes it is premature for it to have to produce any documents from prior to the statute of limitations period until Judge Legge considers thissue and determines the proper scope of that burden.

For purposes of responding to these Document Requests, Responding Party will interpret "Relevant Time Period" to mean the applicable statute(s) of limitations period(s) (the "Limitations Period").

Each of the foregoing General Objections and Objections to Definitions and Instructions is incorporated into the following specific objections. Accordingly, each specific objection is made subject to, and without waiver of, the foregoing General Objections and Objections to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                    -28-                    MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

Definitions and Instructions.  Responding Party incorporates by reference each and every General Objection and Objection to Definitions and Instructions into each and every specific response. From time to time a specific response may repeat a General Objection or Objection to the Definitions and Instructions for emphasis or some other reason.  The failure to repeat any General Objection or Objection to the Definitions and Instructions in any specific response shall not be interpreted as a waiver of any General Objection or Objection to the Definitions and Instructions to that response.

## SPECIFIC RESPONSES TO DOCUMENT REQUESTS

### REQUEST NO. 1:

Documents sufficient to show your corporate structure or organization throughout the relevant time period, including, but not limited to, departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units that were engaged during any part of the relevant time period in the manufacture, marketing, pricing, sale or distribution of CRTs or CRT Products including, where applicable, the percentage of any stock or other interests owned by each entity in the chain.

### RESPONSE TO REQUEST NO. 1:

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                    -29-                    MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period is November 25, 2007.

Responding Party objects to this request on the grounds that, to the extent it seeks documents not related to "CRT Products" only, this request is overly broad and unduly burdensome and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to the extent this request seeks documents that are no longer active or readily accessible in electronic form which renders this request overly broad and unduly burdensome.

Responding Party objects on the grounds that, to the extent this request seeks documents related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                    -30-                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    Responding Party objects on the grounds that, to the extent Responding Party produces

2    documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

3    produced again.

4    Responding Party objects that to the extent documents responsive to this request have

5    previously been produced, they will not be produced again.

6    Subject to and without waiving the general and specific objections stated above,

7    Responding Party responds that it will make reasonable, not unduly burdensome efforts to

8    identify documents responsive to this request within the Limitations Period and, if any, will

9    produce non-privileged, responsive documents.

10    **REQUEST NO. 2:**

11    As to each of your divisions, subdivisions, departments, units, subsidiaries, parents,

12    affiliates and joint ventures, documents sufficient to identify each employee having any

13    responsibilities or duties with respect to each of the following:

14    a.    the manufacturing or production of CRTs or CRT Products;

15    b.    the marketing of CRTs or CRT Products;

16    c.    the pricing of CRTs or CRT Products;

17    d.    the sale or distribution of CRTs or CRT Products;

18    e.    maintaining any electronic database(s), including archives of e-mails or other

19    electronic documents relating to CRTs or CRT Products.

20    **RESPONSE TO REQUEST NO. 2:**

21    Responding Party reasserts and incorporates each of the General Objections and

22    Objections to Definitions and Instructions set forth above.

23    Responding Party objects to this request on the grounds that it is overly broad, unduly

24    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

25    including to the extent that it seeks the discovery of documents regarding Responding Party's

26    sales outside of the United States and unrelated to United States commerce, as such sales are

27    beyond the scope of this litigation and thereby render the Document Requests overly broad,

28    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2    -31-    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   evidence.

2          Responding Party objects to this request on the grounds that it seeks production of

3   documents protected by the attorney-client privilege, work product doctrine, joint defense or

4   common interest privilege, or by any other applicable doctrine or privilege.

5          Responding Party objects to this request on the grounds it seeks information and/or

6   documents that would disclose confidential information protected by any and all rights of privacy

7   under the United States Constitution or any other applicable law, or that is otherwise prohibited

8   from disclosure because to do so would cause Responding Party to violate legal and/or

9   contractual obligations to any other persons or entities.

10         Responding Party objects to this request on the grounds that, to the extent it seeks

11  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

12  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

13  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

14  action, and not reasonably calculated to lead to the discovery of admissible evidence.

15         Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

16  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

17  admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

18  of the alleged class period is November 25, 2007.

19         Responding Party objects to this request on the grounds that, to the extent it seeks

20  documents not related to "CRT Products" only, this request is overly broad and unduly

21  burdensome and purports to call for information that is not relevant to the claim or defense of any

22  party, not relevant to the subject matter involved in this action, and not reasonably calculated to

23  lead to the discovery of admissible evidence.

24         Responding Party objects to the extent this request seeks documents that are no longer

25  active or readily accessible in electronic form which renders this request overly broad and unduly

26  burdensome.

27         Responding Party objects on the grounds that, to the extent this request seeks documents

28  related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                         -32-                              MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    information that is not relevant to the claim or defense of any party, not relevant to the subject

2    matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

3    evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

4    and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

5            Responding Party objects on the grounds that, to the extent Responding Party produces

6    documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

7    produced again.

8            Responding Party objects that to the extent documents responsive to this request have

9    previously been produced, they will not be produced again.

10            Subject to and without waiving the general and specific objections stated above,

11    Responding Party responds that it will make reasonable, not unduly burdensome efforts to

12    identify documents responsive to this request within the Limitations Period and, if any, will

13    produce non-privileged, responsive documents.

14    **REQUEST NO. 3:**

15            Documents sufficient to describe your policies or practices with respect to the retention or

16    destruction of documents during the period January 1, 1991 through the present, and, if such

17    policy or practice has been different with respect to any category of documents or over different

18    times, documents sufficient to identify each such category or time period and to describe your

19    retention policy or practice with respect to each such category or time period.

20    **RESPONSE TO REQUEST NO. 3:**

21            Responding Party reasserts and incorporates each of the General Objections and

22    Objections to Definitions and Instructions set forth above.

23            Responding Party objects to this request on the grounds that it is overly broad, unduly

24    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

25            Responding Party objects to this request on the grounds it seeks information and/or

26    documents that would disclose confidential information protected by any and all rights of privacy

27    under the United States Constitution or any other applicable law, or that is otherwise prohibited

28    from disclosure because to do so would cause Responding Party to violate legal and/or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                              -33-                              MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects on the grounds that the "Relevant Time Period" and the time period "January 1, 1991 through the present" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period is November 25, 2007.

Responding Party objects to this request on the grounds that, to the extent it seeks documents not related to the allegations in the Complaint, the request is overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that, to the extent Responding Party produces documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be produced again.

Responding Party objects that to the extent documents responsive to this request have previously been produced, they will not be produced again.

Subject to and without waiving the objections stated above, Responding Party will produce those non-privileged, responsive documents within the Limitations Period within its possession, custody or control, to the extent any such documents exist.

**REQUEST NO. 4:**

Documents sufficient to show the manner in which you have maintained records relating to CRTs or CRT Products during the period January 1, 1991 through the present, including documents sufficient to describe all electronic data processing systems, programs, and outputs used to record, store, compute, analyze or retrieve electronically stored information relating to your pricing, production, distribution, marketing or sale of CRTs or CRT Products in and into the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                                    -34-                                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   United States.

2   **RESPONSE TO REQUEST NO. 4:**

3          Responding Party reasserts and incorporates each of the General Objections and

4   Objections to Definitions and Instructions set forth above.

5          Responding Party objects to this request on the grounds that it is overly broad, unduly

6   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

7          Responding Party objects to this request on the grounds that it seeks production of

8   documents protected by the attorney-client privilege, work product doctrine, joint defense or

9   common interest privilege, or by any other applicable doctrine or privilege.

10         Responding Party objects to this request on the grounds it seeks information and/or

11  documents that would disclose confidential information protected by any and all rights of privacy

12  under the United States Constitution or any other applicable law, or that is otherwise prohibited

13  from disclosure because to do so would cause Responding Party to violate legal and/or

14  contractual obligations to any other persons or entities.

15         Responding Party objects to this request on the grounds that, to the extent it seeks

16  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

17  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

18  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

19  action, and not reasonably calculated to lead to the discovery of admissible evidence.

20         Responding Party objects on the grounds that the "Relevant Time Period" and the time

21  period "January 1, 1991 through the present" is overly broad and not relevant, rendering the

22  request not reasonably calculated to lead to the discovery of admissible evidence as the

23  Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period

24  is November 25, 2007.

25         Responding Party objects on the grounds that, to the extent this request seeks documents

26  not related to the allegations in the Complaint, this request is overly broad and unduly

27  burdensome, and purports to call for information that is not relevant to the claim or defense of

28  any party, not relevant to the subject matter involved in this action, and not reasonably calculated

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                          -35-                          MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   to lead to the discovery of admissible evidence.

2       Responding Party objects that the phrase "manner in which you have maintained records"

3   is vague, ambiguous, and unintelligible, rendering the request overly broad and unduly

4   burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible

5   evidence.

6       Responding Party objects on the grounds that, to the extent this request seeks documents

7   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

8   information that is not relevant to the claim or defense of any party, not relevant to the subject

9   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

10  evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

11  and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

12      Responding Party objects on the grounds that, to the extent Responding Party produces

13  documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

14  produced again.

15      Responding Party objects that to the extent documents responsive to this request have

16  previously been produced, they will not be produced again.

17      Subject to and without waiving the objections stated above, Responding Party will

18  produce those non-privileged, responsive documents within the Limitations Period within its

19  possession, custody or control, to the extent any such documents exist.

20  **<u>REQUEST NO. 5:</u>**

21      All documents and electronic data relating to your sales of CRTs or CRT Products during

22  the period January 1, 1991 through the present, including, but not limited to:

23          a.      customer names, customer billing addresses, and customer ship-to addresses;

24          b.      sales terms;

25          c.      sales dates and shipment dates;

26          d.      product type, class, category, description and respective use;

27          e.      sales volumes;

28          f.      unit price information, gross price, and actual net prices;

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1          g.       discounts, credits and rebates;

2          h.       shipping charges and terms;

3          i.        any other related charges; and

4          j.        amounts paid, dates paid, invoice numbers, and purchase order numbers.  If such

5   data are not kept, or have not been kept, in electronic form in the ordinary course of your business

6   or are otherwise not available in electronic form, please produce such data in hard copy.

7   **RESPONSE TO REQUEST NO. 5:**

8          Responding Party reasserts and incorporates each of the General Objections and

9   Objections to Definitions and Instructions set forth above.

10         Responding Party objects to this request on the grounds that it is overly broad, unduly

11  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

12  including to the extent that it seeks the discovery of documents regarding Responding Party's

13  sales outside of the United States and unrelated to United States commerce, as such sales are

14  beyond the scope of this litigation and thereby render the Document Requests overly broad,

15  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

16  evidence.

17         Responding Party objects to this request on the grounds that it seeks production of

18  documents protected by the attorney-client privilege, work product doctrine, joint defense or

19  common interest privilege, or by any other applicable doctrine or privilege.

20         Responding Party objects to this request on the grounds it seeks information and/or

21  documents that would disclose confidential information protected by any and all rights of privacy

22  under the United States Constitution or any other applicable law, or that is otherwise prohibited

23  from disclosure because to do so would cause Responding Party to violate legal and/or

24  contractual obligations to any other persons or entities.

25         Responding Party objects to this request on the grounds that, to the extent it seeks

26  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

27  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

28  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    action, and not reasonably calculated to lead to the discovery of admissible evidence.

2         Responding Party objects on the grounds that "the "Relevant Time Period" and the time

3    period "January 1, 1991 through the present" is overly broad and not relevant, rendering the

4    request not reasonably calculated to lead to the discovery of admissible evidence as the

5    Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period

6    is November 25, 2007.

7         Responding Party objects on the grounds that it seeks documents not in existence or not

8    currently in its possession, custody or control.

9         Responding Party objects to the extent this request seeks documents that are no longer

10   active or readily accessible in electronic form which renders this request overly broad and unduly

11   burdensome.

12        Responding Party objects that the phrases "respective use" and "related charges" are

13   vague, ambiguous and unintelligible, rendering this request overly broad and unduly burdensome,

14   not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

15        Responding Party objects on the grounds that, to the extent this request seeks documents

16   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

17   information that is not relevant to the claim or defense of any party, not relevant to the subject

18   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

19   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

20   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

21        Responding Party objects on the grounds that, to the extent Responding Party produces

22   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

23   produced again.

24        Responding Party objects that to the extent documents responsive to this request have

25   previously been produced, they will not be produced again.

26        Subject to and without waiving the general and specific objections stated above,

27   Responding Party responds that it will make reasonable, not unduly burdensome efforts to

28   identify documents responsive to this request within the Limitations Period and, if any, will

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                           -38-                                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    produce non-privileged, responsive documents.

2    **REQUEST NO. 6:**

3        All software instructions, programs, manuals, or other documents necessary to operate,

4    run or understand any of the programs maintained on the computer-related equipment or system

5    utilized by you to maintain, gain access to or read data produced in response to Requests Nos. 4-

6    5, including all record layouts, field codes or other descriptions.

7    **RESPONSE TO REQUEST NO. 6:**

8        Responding Party reasserts and incorporates each of the General Objections and

9    Objections to Definitions and Instructions set forth above.

10        Responding Party objects to this request on the grounds that it is overly broad, unduly

11   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

12   including to the extent that it seeks the discovery of documents regarding Responding Party's

13   sales outside of the United States and unrelated to United States commerce, as such sales are

14   beyond the scope of this litigation and thereby render the Document Requests overly broad,

15   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

16   evidence.

17        Responding Party objects to this request on the grounds that it seeks production of

18   documents protected by the attorney-client privilege, work product doctrine, joint defense or

19   common interest privilege, or by any other applicable doctrine or privilege.

20        Responding Party objects to this request on the grounds it seeks information and/or

21   documents that would disclose confidential information protected by any and all rights of privacy

22   under the United States Constitution or any other applicable law, including copyright and

23   licensing agreements, or that is otherwise prohibited from disclosure because to do so would

24   cause Responding Party to violate legal and/or contractual obligations to any other persons or

25   entities.

26        Responding Party objects to this request on the grounds that, to the extent it seeks

27   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

28   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                    -39-                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

2   action, and not reasonably calculated to lead to the discovery of admissible evidence.

3       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

4   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

5   admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

6   of the alleged class period is November 25, 2007.

7       Responding Party objects to the extent this request seeks documents that are no longer

8   active or readily accessible in electronic form which renders this request overly broad and unduly

9   burdensome.

10      Responding Party objects on the grounds that, to the extent this request seeks documents

11  not related to the allegations in the Complaint, this request is overly broad and unduly

12  burdensome, and purports to call for information that is not relevant to the claim or defense of

13  any party, not relevant to the subject matter involved in this action, and not reasonably calculated

14  to lead to the discovery of admissible evidence.

15      Responding Party objects on the grounds that it seeks documents not in existence or not

16  currently in its possession, custody or control.

17      Subject to and without waiving the general and specific objections stated above,

18  Responding Party responds that it will make reasonable, not unduly burdensome efforts to

19  identify documents responsive to this request within the Limitations Period and, if any, will

20  produce non-privileged, responsive documents.

21  **REQUEST NO. 7:**

22      All documents relating to polices, methods, formulas or factors to be used in determining,

23  computing or quoting prices, including rebates or discounts, in connection with the sale of CRTs

24  or CRT Products.

25  **RESPONSE TO REQUEST NO. 7:**

26      Responding Party reasserts and incorporates each of the General Objections and

27  Objections to Definitions and Instructions set forth above.

28      Responding Party objects to this request on the grounds that it is overly broad, unduly

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                                    -40-                                    MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

2   including to the extent that it seeks the discovery of documents regarding Responding Party's

3   sales outside of the United States and unrelated to United States commerce, as such sales are

4   beyond the scope of this litigation and thereby render the Document Requests overly broad,

5   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

6   evidence.

7          Responding Party objects to this request on the grounds that it seeks production of

8   documents protected by the attorney-client privilege, work product doctrine, joint defense or

9   common interest privilege, or by any other applicable doctrine or privilege.

10          Responding Party objects to this request on the grounds it seeks information and/or

11   documents that would disclose confidential information protected by any and all rights of privacy

12   under the United States Constitution or any other applicable law, or that is otherwise prohibited

13   from disclosure because to do so would cause Responding Party to violate legal and/or

14   contractual obligations to any other persons or entities.

15          Responding Party objects to this request on the grounds that, to the extent it seeks

16   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

17   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

18   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

19   action, and not reasonably calculated to lead to the discovery of admissible evidence.

20          Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

21   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

22   admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

23   of the alleged class period is November 25, 2007.

24          Responding Party objects to the extent this request seeks documents that are no longer

25   active or readily accessible in electronic form which renders this request overly broad and unduly

26   burdensome.

27          Responding Party objects to the extent this request seeks documents or information that is

28   not within the possession, custody, or control of Responding Party.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                                   -41-                                   MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    Responding Party objects that the phrases "methods, formulas or factors" and

2  "determining, computing or quoting prices" are vague, ambiguous and unintelligible, rendering

3  the request overly broad and unduly burdensome, not relevant and not reasonably calculated to

4  lead to the discovery of admissible evidence.

5    Responding Party objects to this request to the extent it seeks documents or information

6  that will be the subject of expert discovery, as expert discovery has not commenced in this matter.

7    Responding Party objects on the grounds that, to the extent this request seeks documents

8  related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

9  information that is not relevant to the claim or defense of any party, not relevant to the subject

10  matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

11  evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

12  and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

13    Responding Party objects on the grounds that, to the extent Responding Party produces

14  documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

15  produced again.

16    Responding Party objects that to the extent documents responsive to this request have

17  previously been produced, they will not be produced again.

18    Subject to and without waiving the general and specific objections stated above,

19  Responding Party responds that it will make reasonable, not unduly burdensome efforts to

20  identify documents responsive to this request within the Limitations Period and, if any, will

21  produce non-privileged, responsive documents.

22  **REQUEST NO. 8:**

23    All documents relating to any published prices for CRTs or CRT Products during the

24  period January 1, 1991 through the present, including price announcements, price lists, price

25  schedules, price changes, or justifications or explanations of price changes communicated to

26  customers in the United States.

27  **RESPONSE TO REQUEST NO. 8:**

28    Responding Party reasserts and incorporates each of the General Objections and

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   Objections to Definitions and Instructions set forth above.

2          Responding Party objects to this request on the grounds that it is overly broad, unduly

3   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

4   including to the extent that it seeks the discovery of documents regarding Responding Party's

5   sales outside of the United States and unrelated to United States commerce, as such sales are

6   beyond the scope of this litigation and thereby render the Document Requests overly broad,

7   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

8   evidence.

9          Responding Party objects to this request on the grounds that it seeks production of

10  documents protected by the attorney-client privilege, work product doctrine, joint defense or

11  common interest privilege, or by any other applicable doctrine or privilege.

12         Responding Party objects to this request on the grounds it seeks information and/or

13  documents that would disclose confidential information protected by any and all rights of privacy

14  under the United States Constitution or any other applicable law, or that is otherwise prohibited

15  from disclosure because to do so would cause Responding Party to violate legal and/or

16  contractual obligations to any other persons or entities.

17         Responding Party objects to this request on the grounds that, to the extent it seeks

18  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

19  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

20  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

21  action, and not reasonably calculated to lead to the discovery of admissible evidence.

22         Responding Party objects on the grounds that the "Relevant Time Period" and "the period

23  January 1, 1991 through the present" is overly broad and not relevant, rendering the request not

24  reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not

25  allege a continuing conspiracy and the outer limit of the alleged class period is November 25,

26  2007.

27         Responding Party objects to the extent this request seeks documents that are no longer

28  active or readily accessible in electronic form which renders this request overly broad and unduly

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                              -43-                              MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    burdensome.

2          Responding Party objects to the extent this request seeks documents or information that is

3    not within the possession, custody, or control of Responding Party.

4          Responding Party objects that the phrases "published prices" and "customers" are vague,

5    ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome, not

6    relevant and not reasonably calculated to lead to the discovery of admissible evidence.

7          Responding Party objects that the term "customers in the United States" calls for a legal

8    conclusion.

9          Responding Party objects to the extent this request seeks documents or information that

10   require discovery of information and materials from third-parties or sources that are equally if not

11   more accessible to Plaintiffs.

12         Responding Party objects to the extent this request seeks documents or information that

13   will be the subject of expert discovery, as expert discovery has not commenced in this matter.

14         Responding Party objects on the grounds that, to the extent this request seeks documents

15   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

16   information that is not relevant to the claim or defense of any party, not relevant to the subject

17   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

18   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

19   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

20         Responding Party objects on the grounds that, to the extent Responding Party produces

21   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

22   produced again.

23         Responding Party objects that to the extent documents responsive to this request have

24   previously been produced, they will not be produced again.

25         Subject to and without waiving the general and specific objections stated above,

26   Responding Party responds that it will make reasonable, not unduly burdensome efforts to

27   identify documents responsive to this request within the Limitations Period and, if any, will

28   produce non-privileged, responsive documents.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                                    -44-                                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

**REQUEST NO. 9:**

All documents relating to contracts, offers or proposals for CRTs or CRT Products sales during the period January 1, 1991 through the present.

**RESPONSE TO REQUEST NO. 9:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" and the time period "January 1, 1991 through the present" is overly broad and not relevant, rendering the

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   request not reasonably calculated to lead to the discovery of admissible evidence as the

2   Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period

3   is November 25, 2007.

4        Responding Party objects to the extent this request seeks documents that are no longer

5   active or readily accessible in electronic form which renders this request overly broad and unduly

6   burdensome.

7        Responding Party objects to the extent this request seeks documents or information that is

8   not within the possession, custody, or control of Responding Party.

9        Responding Party objects that the phrase "contracts, offers or proposals" is vague,

10  ambiguous and unintelligible, rendering this request overly broad and unduly burdensome, not

11  relevant and not reasonably calculated to lead to the discovery of admissible evidence.

12       Responding Party objects to the extent this request seeks documents or information that

13  require discovery of information and materials from third-parties or sources that are equally if not

14  more accessible to Plaintiffs.

15       Responding Party objects to the extent this request seeks documents or information that

16  will be the subject of expert discovery, as expert discovery has not commenced in this matter.

17       Responding Party objects on the grounds that, to the extent this request seeks documents

18  related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

19  information that is not relevant to the claim or defense of any party, not relevant to the subject

20  matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

21  evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

22  and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

23       Responding Party objects on the grounds that, to the extent Responding Party produces

24  documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

25  produced again.

26       Responding Party objects that to the extent documents responsive to this request have

27  previously been produced, they will not be produced again.

28       Subject to and without waiving the general and specific objections stated above,

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    Responding Party responds that it will make reasonable, not unduly burdensome efforts to

2    identify documents responsive to this request within the Limitations Period and, if any, will

3    produce non-privileged, responsive documents.

4    **REQUEST NO. 10:**

5        Documents sufficient to identify each of your facilities that produced CRTs or CRT

6    Products from January 1, 1991 through the present and for each such facility, all documents

7    relating to:

8        a.      capacity, rated capacity, production and capacity utilization during each year of the

9    relevant time period;

10        b.      any proposed or actual change in the capacity to produce CRTs or CRT Products;

11        c.      any reason for changes in each facility's actual production of CRTs or CRT

12    Products;

13        d.      the identity of all persons who had decision-making or supervisory responsibility

14    regarding production of CRTs or CRT Products;

15        e.      each type, class, category and respective use of CRTs or CRT Products produced

16    and the amounts of each produced during each month of the relevant time period;

17        f.      any production shutdowns or slowdowns of CRTs or CRT Products production

18    and reasons for such shutdowns or slowdowns;

19        g.      any projected production forecasts; and

20        h.      any future plans to construct, joint venture or purchase fabrication plants used to

21    manufacture or produce CRTs or CRT Products.

22    **RESPONSE TO REQUEST NO. 10:**

23        Responding Party reasserts and incorporates each of the General Objections and

24    Objections to Definitions and Instructions set forth above.

25        Responding Party objects to this request on the grounds that it is overly broad, unduly

26    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

27    including to the extent that it seeks the discovery of documents regarding Responding Party's

28    sales outside of the United States and unrelated to United States commerce, as such sales are

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2       -47-       MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    beyond the scope of this litigation and thereby render the Document Requests overly broad,

2    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

3    evidence.

4          Responding Party objects to this request on the grounds that it seeks production of

5    documents protected by the attorney-client privilege, work product doctrine, joint defense or

6    common interest privilege, or by any other applicable doctrine or privilege.

7          Responding Party objects to this request on the grounds it seeks information and/or

8    documents that would disclose confidential information protected by any and all rights of privacy

9    under the United States Constitution or any other applicable law, or that is otherwise prohibited

10    from disclosure because to do so would cause Responding Party to violate legal and/or

11    contractual obligations to any other persons or entities.

12          Responding Party objects to this request on the grounds that, to the extent it seeks

13    documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

14    ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

15    relevant to the claim or defense of any party, not relevant to the subject matter involved in this

16    action, and not reasonably calculated to lead to the discovery of admissible evidence.

17          Responding Party objects on the grounds that the "Relevant Time Period" and the time

18    period "January 1, 1991 through the present" is overly broad and not relevant, rendering the

19    request not reasonably calculated to lead to the discovery of admissible evidence as the

20    Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period

21    is November 25, 2007.

22          Responding Party objects to the extent this request seeks documents that are no longer

23    active or readily accessible in electronic form which renders this request overly broad and unduly

24    burdensome.

25          Responding Party objects to the extent this request seeks documents or information that is

26    not within the possession, custody, or control of Responding Party.

27          Responding Party objects that the definition of the term "your" is vague, ambiguous, and

28    unintelligible, rendering the request overly broad and unduly burdensome, not relevant, and not

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2            -48-           MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    reasonably calculated to lead to the discovery of admissible evidence.

2            Responding Party objects that the terms "capacity," "decision-making or supervisory

3    responsibility," and "respective use" are vague, ambiguous and unintelligible, rendering the

4    request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead

5    to the discovery of admissible evidence.

6            Responding Party objects to the extent this Request is duplicative of Request No. 2 of the

7    Document Requests.

8            Responding Party objects on the grounds that, to the extent this request seeks documents

9    related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

10   information that is not relevant to the claim or defense of any party, not relevant to the subject

11   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

12   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

13   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

14           Responding Party objects on the grounds that, to the extent Responding Party produces

15   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

16   produced again.

17           Responding Party objects that to the extent documents responsive to this request have

18   previously been produced, they will not be produced again.

19           Subject to and without waiving the general and specific objections stated above,

20   Responding Party responds that it will make reasonable, not unduly burdensome efforts to

21   identify documents responsive to this request within the Limitations Period and, if any, will

22   produce non-privileged, responsive documents.

23   **REQUEST NO. 11:**

24           Documents sufficient to describe the processes for producing CRTs or CRT Products,

25   including but not limited to, any industry standards.

26   **RESPONSE TO REQUEST NO. 11:**

27           Responding Party reasserts and incorporates each of the General Objections and

28   Objections to Definitions and Instructions set forth above.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                                    -49-                                    MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to this request on the grounds that it is overly broad, unduly

2   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

3   including to the extent that it seeks the discovery of documents regarding Responding Party's

4   sales outside of the United States and unrelated to United States commerce, as such sales are

5   beyond the scope of this litigation and thereby render the Document Requests overly broad,

6   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

7   evidence.

8    Responding Party objects to this request on the grounds that it seeks production of

9   documents protected by the attorney-client privilege, work product doctrine, joint defense or

10   common interest privilege, or by any other applicable doctrine or privilege.

11    Responding Party objects to this request on the grounds it seeks information and/or

12   documents that would disclose confidential information protected by any and all rights of privacy

13   under the United States Constitution or any other applicable law, or that is otherwise prohibited

14   from disclosure because to do so would cause Responding Party to violate legal and/or

15   contractual obligations to any other persons or entities.

16    Responding Party objects to this request on the grounds that, to the extent it seeks

17   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

18   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

19   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

20   action, and not reasonably calculated to lead to the discovery of admissible evidence.

21    Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

22   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

23   admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

24   of the alleged class period is November 25, 2007.

25    Responding Party objects to the extent this request seeks documents that are no longer

26   active or readily accessible in electronic form which renders this request overly broad and unduly

27   burdensome.

28    Responding Party objects to the extent this request seeks documents or information that is

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   not within the possession, custody, or control of Responding Party.

2         Responding Party objects that the phrases "processes for producing" and "industry

3   standards" are vague, ambiguous, and unintelligible, rendering the request overly broad and

4   unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of

5   admissible evidence.

6         Responding Party objects to the extent this request seeks documents or information that

7   require discovery of information and materials from third-parties or sources that are equally if not

8   more accessible to Plaintiffs.

9         Responding Party objects to the extent this request seeks documents or information that

10  will be the subject of expert discovery, as expert discovery has not commenced in this matter.

11        Responding Party objects on the grounds that, to the extent this request seeks documents

12  related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

13  information that is not relevant to the claim or defense of any party, not relevant to the subject

14  matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

15  evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

16  and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

17        Responding Party objects on the grounds that, to the extent Responding Party produces

18  documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

19  produced again.

20        Responding Party objects that to the extent documents responsive to this request have

21  previously been produced, they will not be produced again.

22        Subject to and without waiving the general and specific objections stated above,

23  Responding Party responds that it will make reasonable, not unduly burdensome efforts to

24  identify documents responsive to this request within the Limitations Period and, if any, will

25  produce non-privileged, responsive documents.

26  **<u>REQUEST NO. 12</u>:**

27        All documents relating to the cost of manufacturing, marketing, selling, and distributing

28  CRTs or CRT Products during the period January 1, 1991 through the present.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

**RESPONSE TO REQUEST NO. 12:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" and the time period "January 1, 1991 through the present" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period is November 25, 2007.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                                                         -52-                                                         MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to the extent this request seeks documents that are no longer

2   active or readily accessible in electronic form which renders this request overly broad and unduly

3   burdensome.

4    Responding Party objects to the extent this request seeks documents or information that is

5   not within the possession, custody, or control of Responding Party.

6    Responding Party objects to the extent this request seeks documents or information that

7   require discovery of information and materials from third-parties or sources that are equally if not

8   more accessible to Plaintiffs.

9    Responding Party objects to the extent this request seeks documents or information that

10   will be the subject of expert discovery, as expert discovery has not commenced in this matter.

11    Responding Party objects on the grounds that, to the extent this request seeks documents

12   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

13   information that is not relevant to the claim or defense of any party, not relevant to the subject

14   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

15   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

16   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

17    Responding Party objects on the grounds that, to the extent Responding Party produces

18   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

19   produced again.

20    Responding Party objects that to the extent documents responsive to this request have

21   previously been produced, they will not be produced again.

22    Subject to and without waiving the general and specific objections stated above,

23   Responding Party responds that it will make reasonable, not unduly burdensome efforts to

24   identify documents responsive to this request within the Limitations Period and, if any, will

25   produce non-privileged, responsive documents.

26   **<u>REQUEST NO. 13</u>:**

27    Documents sufficient to show your inventory levels of CRTs or CRT Products for each

28   month, quarter, calendar year or fiscal year from January 1, 1991 through the present.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                    -53-                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

**RESPONSE TO REQUEST NO. 13:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" and the time period "January 1, 1991 through the present" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period is November 25, 2007.

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1      Responding Party objects to the extent this request seeks documents that are no longer

2   active or readily accessible in electronic form which renders this request overly broad and unduly

3   burdensome.

4      Responding Party objects that the definition of the term "your" is vague, ambiguous, and

5   unintelligible, rendering the request overly broad and unduly burdensome, not relevant, and not

6   reasonably calculated to lead to the discovery of admissible evidence.

7      Responding Party objects that the term "inventory levels" is vague, ambiguous, and

8   unintelligible, rendering the request overly broad and unduly burdensome, not relevant, and not

9   reasonably calculated to lead to the discovery of admissible evidence.

10      Responding Party objects on the grounds that, to the extent this request seeks documents

11   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

12   information that is not relevant to the claim or defense of any party, not relevant to the subject

13   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

14   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

15   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

16      Responding Party objects on the grounds that, to the extent Responding Party produces

17   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

18   produced again.

19      Responding Party objects that to the extent documents responsive to this request have

20   previously been produced, they will not be produced again.

21      Subject to and without waiving the general and specific objections stated above,

22   Responding Party responds that it will make reasonable, not unduly burdensome efforts to

23   identify documents responsive to this request within the Limitations Period and, if any, will

24   produce non-privileged, responsive documents.

25   **REQUEST NO. 14:**

26      All documents relating to sales, swaps, trades, product licensing or marketing agreements,

27   purchases or transfers of CRTs or CRT Products between you and any of your affiliates, or

28   between you and any other manufacturer of CRTs or CRT Products, and the price or any other

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                                    -55-                                    MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   consideration involved in every such sale, swap, trade, agreement, purchase or transfer.

2   **RESPONSE TO REQUEST NO. 14:**

3       Responding Party reasserts and incorporates each of the General Objections and

4   Objections to Definitions and Instructions set forth above.

5       Responding Party objects to this request on the grounds that it is overly broad, unduly

6   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

7   including to the extent that it seeks the discovery of documents regarding Responding Party's

8   sales outside of the United States and unrelated to United States commerce, as such sales are

9   beyond the scope of this litigation and thereby render the Document Requests overly broad,

10  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

11  evidence.

12      Responding Party objects to this request on the grounds that it seeks production of

13  documents protected by the attorney-client privilege, work product doctrine, joint defense or

14  common interest privilege, or by any other applicable doctrine or privilege.

15      Responding Party objects to this request on the grounds it seeks information and/or

16  documents that would disclose confidential information, third-party confidential information

17  and/or proprietary business information protected by any and all rights of privacy under the

18  United States Constitution or any other applicable law, or that is otherwise prohibited from

19  disclosure because to do so would cause Responding Party to violate legal and/or contractual

20  obligations to any other persons or entities.

21      Responding Party objects to this request on the grounds that, to the extent it seeks

22  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

23  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

24  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

25  action, and not reasonably calculated to lead to the discovery of admissible evidence.

26      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

27  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

28  admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                          -56-                          MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    of the alleged class period is November 25, 2007.

2        Responding Party objects to the extent this request seeks documents that are no longer

3    active or readily accessible in electronic form which renders this request overly broad and unduly

4    burdensome.

5        Responding Party objects that the definition of the terms "you" and "your" are vague,

6    ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome, not

7    relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

8        Responding Party objects that the terms "affiliates," "swaps," "trades," "product licensing

9    or marketing agreements," and "transfers" are vague, ambiguous, and unintelligible, rendering the

10   request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead

11   to the discovery of admissible evidence.

12       Responding Party objects to this request on the grounds that, to the extent it seeks

13   documents related to "purchases," it seeks documents and information not related to the

14   allegations in the Complaint, the request is overly broad and unduly burdensome, and purports to

15   call for information that is not relevant to the claim or defense of any party, not relevant to the

16   subject matter involved in this action, and not reasonably calculated to lead to the discovery of

17   admissible evidence.

18       Responding Party objects on the grounds that, to the extent this request seeks documents

19   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

20   information that is not relevant to the claim or defense of any party, not relevant to the subject

21   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

22   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

23   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

24       Responding Party objects on the grounds that, to the extent Responding Party produces

25   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

26   produced again.

27       Responding Party objects that to the extent documents responsive to this request have

28   previously been produced, they will not be produced again.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                                    -57-                                    MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   Subject to and without waiving the general and specific objections stated above,

2   Responding Party responds that it will make reasonable, not unduly burdensome efforts to

3   identify documents responsive to this request within the Limitations Period and, if any, will

4   produce non-privileged, responsive documents.

5   **REQUEST NO. 15:**

6   All documents and electronic data relating to the relationship between prices for CRTs or

7   CRT Products and costs of producing, marketing, selling, or distributing CRTs or CRT Products

8   during the period January 1, 1991 through the present.

9   **RESPONSE TO REQUEST NO. 15:**

10   Responding Party reasserts and incorporates each of the General Objections and

11   Objections to Definitions and Instructions set forth above.

12   Responding Party objects to this request on the grounds that it is overly broad, unduly

13   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

14   including to the extent that it seeks the discovery of documents regarding Responding Party's

15   sales outside of the United States and unrelated to United States commerce, as such sales are

16   beyond the scope of this litigation and thereby render the Document Requests overly broad,

17   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

18   evidence.

19   Responding Party objects to this request on the grounds that it seeks production of

20   documents protected by the attorney-client privilege, work product doctrine, joint defense or

21   common interest privilege, or by any other applicable doctrine or privilege.

22   Responding Party objects to this request on the grounds it seeks information and/or

23   documents that would disclose confidential information protected by any and all rights of privacy

24   under the United States Constitution or any other applicable law, or that is otherwise prohibited

25   from disclosure because to do so would cause Responding Party to violate legal and/or

26   contractual obligations to any other persons or entities.

27   Responding Party objects to this request on the grounds that, to the extent it seeks

28   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

2   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

3   action, and not reasonably calculated to lead to the discovery of admissible evidence.

4   Responding Party objects on the grounds that the "Relevant Time Period" and the time

5   period "January 1, 1991 through the present" is overly broad and not relevant, rendering the

6   request not reasonably calculated to lead to the discovery of admissible evidence as the

7   Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period

8   is November 25, 2007.

9   Responding Party objects to the extent this request seeks documents that are no longer

10   active or readily accessible in electronic form which renders this request overly broad and unduly

11   burdensome.

12   Responding Party objects to the extent this request seeks documents or information that is

13   not within the possession, custody, or control of Responding Party.

14   Responding Party objects that the phrase "relationship between prices" is vague,

15   ambiguous, and unintelligible, rendering this request overly broad and unduly burdensome, not

16   relevant and not reasonably calculated to lead to the discovery of admissible evidence.

17   Responding Party objects to the extent this request seeks documents or information that

18   require discovery of information and materials from third-parties or sources that are equally if not

19   more accessible to Plaintiffs.

20   Responding Party objects to the extent this request seeks document relating to "costs of

21   producing, marketing, selling, or distributing CRT or CRT Products," it is duplicative of Request

22   No. 12 of the Document Requests.

23   Responding Party objects to the extent this request seeks documents concerning the

24   "prices of CRTs" and "costs of producing" CRTs, this request is duplicative of Requests Nos. 8

25   and 12 of the Document Requests.

26   Responding Party objects to the extent this request seeks documents or information that

27   will be the subject of expert discovery, as expert discovery has not commenced in this matter.

28   Responding Party objects on the grounds that, to the extent this request seeks documents

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                                          -59-                                          MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

Responding Party objects on the grounds that, to the extent Responding Party produces documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be produced again.

Responding Party objects that to the extent documents responsive to this request have previously been produced, they will not be produced again.

Subject to and without waiving the general and specific objections stated above, Responding Party responds that it will make reasonable, not unduly burdensome efforts to identify documents responsive to this request within the Limitations Period and, if any, will produce non-privileged, responsive documents.

**REQUEST NO. 16:**

All of your internal and public annual, quarterly and monthly financial statements, summaries or analyses, including profit and loss statements and comparisons to budget that relate to CRTs or CRT Products.

**RESPONSE TO REQUEST NO. 16:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to this request on the grounds that it seeks production of

2    documents protected by the attorney-client privilege, work product doctrine, joint defense or

3    common interest privilege, or by any other applicable doctrine or privilege.

4    Responding Party objects to this request on the grounds it seeks information and/or

5    documents that would disclose confidential information, protected by any and all rights of privacy

6    under the United States Constitution or any other applicable law, or that is otherwise prohibited

7    from disclosure because to do so would cause Responding Party to violate legal and/or

8    contractual obligations to any other persons or entities.

9    Responding Party objects to this request on the grounds that, to the extent it seeks

10   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

11   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

12   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

13   action, and not reasonably calculated to lead to the discovery of admissible evidence.

14   Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

15   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

16   admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

17   of the alleged class period is November 25, 2007.

18   Responding Party objects to the extent this request seeks documents or information that is

19   not within the possession, custody, or control of Responding Party.

20   Responding Party objects on the grounds that, to the extent this request seeks documents

21   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

22   information that is not relevant to the claim or defense of any party, not relevant to the subject

23   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

24   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

25   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

26   Responding Party objects on the grounds that, to the extent Responding Party produces

27   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

28   produced again.

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    Responding Party objects that to the extent documents responsive to this request have

2    previously been produced, they will not be produced again.

3    Subject to and without waiving the general and specific objections stated above,

4    Responding Party responds that it will make reasonable, not unduly burdensome efforts to

5    identify documents responsive to this request within the Limitations Period and, if any, will

6    produce non-privileged, responsive documents.

7    **REQUEST NO. 17:**

8    All business plans, planning analyses, budgets, forecasts, or sales or profit projections

9    relating to CRTs or CRT Products.

10   **RESPONSE TO REQUEST NO. 17:**

11   Responding Party reasserts and incorporates each of the General Objections and

12   Objections to Definitions and Instructions set forth above.

13   Responding Party objects to this request on the grounds that it is overly broad, unduly

14   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

15   including to the extent that it seeks the discovery of documents regarding Responding Party's

16   sales outside of the United States and unrelated to United States commerce, as such sales are

17   beyond the scope of this litigation and thereby render the Document Requests overly broad,

18   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

19   evidence.

20   Responding Party objects to this request on the grounds that it seeks production of

21   documents protected by the attorney-client privilege, work product doctrine, joint defense or

22   common interest privilege, or by any other applicable doctrine or privilege.

23   Responding Party objects to this request on the grounds it seeks information and/or

24   documents that would disclose confidential information, protected by any and all rights of privacy

25   under the United States Constitution or any other applicable law, or that is otherwise prohibited

26   from disclosure because to do so would cause Responding Party to violate legal and/or

27   contractual obligations to any other persons or entities.

28   Responding Party objects to this request on the grounds that, to the extent it seeks

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                    -62-                                    MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

2    ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

3    relevant to the claim or defense of any party, not relevant to the subject matter involved in this

4    action, and not reasonably calculated to lead to the discovery of admissible evidence.

5            Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

6    and not relevant, rendering the request not reasonably calculated to lead to the discovery of

7    admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

8    of the alleged class period is November 25, 2007.

9            Responding Party objects to the extent this request seeks documents that are no longer

10   active or readily accessible in electronic form which renders this request overly broad and unduly

11   burdensome.

12           Responding Party objects to the extent this request seeks documents or information that is

13   not within the possession, custody, or control of Responding Party.

14           Responding Party objects that the phrase "business plans, planning analyses, budgets,

15   forecasts, or sales or profit projections" is vague, ambiguous, and unintelligible, rendering this

16   request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead

17   to the discovery of admissible evidence.

18           Responding Party objects to the extent this request seeks documents or information that

19   require discovery of information and materials from third-parties or sources that are equally if not

20   more accessible to Plaintiffs.

21           Responding Party objects to the extent this request seeks documents or information that

22   will be the subject of expert discovery, as expert discovery has not commenced in this matter.

23           Responding Party objects on the grounds that, to the extent this request seeks documents

24   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

25   information that is not relevant to the claim or defense of any party, not relevant to the subject

26   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

27   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

28   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   Responding Party objects on the grounds that, to the extent Responding Party produces

2   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

3   produced again.

4   Responding Party objects that to the extent documents responsive to this request have

5   previously been produced, they will not be produced again.

6   Subject to and without waiving the general and specific objections stated above,

7   Responding Party responds that it will make reasonable, not unduly burdensome efforts to

8   identify documents responsive to this request within the Limitations Period and, if any, will

9   produce non-privileged, responsive documents.

10  **REQUEST NO. 18:**

11  Documents sufficient to show the identity of all other producers or sellers of CRTs or

12  CRT Products during any portion of the relevant period.

13  **RESPONSE TO REQUEST NO. 18:**

14  Responding Party reasserts and incorporates each of the General Objections and

15  Objections to Definitions and Instructions set forth above.

16  Responding Party objects to this request on the grounds that it is overly broad, unduly

17  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

18  including to the extent that it seeks the discovery of documents regarding Responding Party's

19  sales outside of the United States and unrelated to United States commerce, as such sales are

20  beyond the scope of this litigation and thereby render the Document Requests overly broad,

21  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

22  evidence.

23  Responding Party objects to this request on the grounds that it seeks production of

24  documents protected by the attorney-client privilege, work product doctrine, joint defense or

25  common interest privilege, or by any other applicable doctrine or privilege.

26  Responding Party also objects on the grounds it seeks information and/or documents that

27  would disclose confidential information protected by any and all rights of privacy under the

28  United States Constitution or any other applicable law, or that is otherwise prohibited from

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                                    -64-                                        MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1 disclosure because to do so would cause Responding Party to violate legal and/or contractual

2 obligations to any other persons or entities.

3     Responding Party objects on the grounds that, to the extent it requests documents

4 regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous,

5 overly broad and unduly burdensome, and purports to call for information that is not relevant to

6 the claim or defense of any party, not relevant to the subject matter involved in this action, and

7 not reasonably calculated to lead to the discovery of admissible evidence.

8     Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

9 and not relevant, rendering the request not reasonably calculated to lead to the discovery of

10 admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

11 of the alleged class period is November 25, 2007.

12     Responding Party objects to the extent this request seeks documents that are no longer

13 active or readily accessible in electronic form which renders this request overly broad and unduly

14 burdensome.

15     Responding Party objects to the extent this request seeks documents or information that is

16 not within the possession, custody, or control of Responding Party.

17     Responding Party objects that by seeking documents and information regarding "all other

18 producers or sellers of CRT or CRT Products," the request is overly broad and unduly

19 burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible

20 evidence.

21     Responding Party objects to the extent this request seeks documents or information that

22 require discovery of information and materials from third-parties or sources that are equally if not

23 more accessible to Plaintiffs.

24     Responding Party objects to the extent this request seeks documents or information that

25 will be the subject of expert discovery, as expert discovery has not commenced in this matter.

26     Responding Party objects on the grounds that, to the extent this request seeks documents

27 related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

28 information that is not relevant to the claim or defense of any party, not relevant to the subject

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2    -65-    MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

2   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

3   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

4         Responding Party objects on the grounds that, to the extent Responding Party produces

5   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

6   produced again.

7         Responding Party objects that to the extent documents responsive to this request have

8   previously been produced, they will not be produced again.

9         Subject to and without waiving the general and specific objections stated above,

10   Responding Party responds that it will make reasonable, not unduly burdensome efforts to

11   identify documents responsive to this request within the Limitations Period and, if any, will

12   produce non-privileged, responsive documents.

13   **REQUEST NO. 19:**

14         All documents relating to your percentage or share of industry production, capacity, sales

15   or shipments of CRTs or CRT Products, or the percentage or share of industry production,

16   capacity, sales or shipments of any other producer or seller of CRTs or CRT Products at any time

17   during the period January 1, 1991 through the present.

18   **RESPONSE TO REQUEST NO. 19:**

19         Responding Party reasserts and incorporates each of the General Objections and

20   Objections to Definitions and Instructions set forth above.

21         Responding Party objects to this request on the grounds that it is overly broad, unduly

22   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

23   including to the extent that it seeks the discovery of documents regarding Responding Party's

24   sales outside of the United States and unrelated to United States commerce, as such sales are

25   beyond the scope of this litigation and thereby render the Document Requests overly broad,

26   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

27   evidence.

28         Responding Party objects to this request on the grounds that it seeks production of

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   documents protected by the attorney-client privilege, work product doctrine, joint defense or

2   common interest privilege, or by any other applicable doctrine or privilege.

3       Responding Party also objects on the grounds it seeks information and/or documents that

4   would disclose confidential information, protected by any and all rights of privacy under the

5   United States Constitution or any other applicable law, or that is otherwise prohibited from

6   disclosure because to do so would cause Responding Party to violate legal and/or contractual

7   obligations to any other persons or entities.

8       Responding Party objects to this request on the grounds that, to the extent it requests

9   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

10  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

11  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

12  action, and not reasonably calculated to lead to the discovery of admissible evidence.

13      Responding Party objects on the grounds that the "Relevant Time Period" and the time

14  period "January 1, 1991 through the present" is overly broad and not relevant, rendering the

15  request not reasonably calculated to lead to the discovery of admissible evidence as the

16  Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period

17  is November 25, 2007.

18      Responding Party objects to the extent this request seeks documents that are no longer

19  active or readily accessible in electronic form which renders this request overly broad and unduly

20  burdensome.

21      Responding Party objects to the extent this request seeks documents or information that is

22  not within the possession, custody, or control of Responding Party.

23      Responding Party objects that the phrase "percentage or share of industry production,

24  capacity, sales or shipments" is vague, ambiguous, and unintelligible, rendering this request

25  overly broad and unduly burdensome, not relevant and not reasonably calculated to lead to the

26  discovery of admissible evidence.

27      Responding Party objects to the extent this request seeks documents or information that

28  require discovery of information and materials from third-parties or sources that are equally if not

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   more accessible to Plaintiffs.

2          Responding Party objects to the extent this request seeks documents or information that

3   will be the subject of expert discovery, as expert discovery has not commenced in this matter.

4          Responding Party objects on the grounds that, to the extent this request seeks documents

5   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

6   information that is not relevant to the claim or defense of any party, not relevant to the subject

7   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

8   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

9   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

10         Responding Party objects on the grounds that, to the extent Responding Party produces

11  documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

12  produced again.

13         Responding Party objects that to the extent documents responsive to this request have

14  previously been produced, they will not be produced again.

15         Subject to and without waiving the general and specific objections stated above,

16  Responding Party responds that it will make reasonable, not unduly burdensome efforts to

17  identify documents responsive to this request within the Limitations Period and, if any, will

18  produce non-privileged, responsive documents.

19  **REQUEST NO. 20:**

20         All documents showing the dollar volume or quantity of sales or shipments of CRTs or

21  CRT Products (by type or category, if available), by you or by other producers or sellers of CRTs

22  or CRT Products by month, quarter, calendar year or fiscal year during the period January 1, 1991

23  through the present.

24  **RESPONSE TO REQUEST NO. 20:**

25         Responding Party reasserts and incorporates each of the General Objections and

26  Objections to Definitions and Instructions set forth above.

27         Responding Party objects to this request on the grounds that it is overly broad, unduly

28  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                               -68-                                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   including to the extent that it seeks the discovery of documents regarding Responding Party's

2   sales outside of the United States and unrelated to United States commerce, as such sales are

3   beyond the scope of this litigation and thereby render the Document Requests overly broad,

4   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

5   evidence.

6       Responding Party objects to this request on the grounds that it seeks production of

7   documents protected by the attorney-client privilege, work product doctrine, joint defense or

8   common interest privilege, or by any other applicable doctrine or privilege.

9       Responding Party objects to this request on the grounds it seeks information and/or

10  documents that would disclose confidential information, protected by any and all rights of privacy

11  under the United States Constitution or any other applicable law, or that is otherwise prohibited

12  from disclosure because to do so would cause Responding Party to violate legal and/or

13  contractual obligations to any other persons or entities.

14      Responding Party objects to this request on the grounds that, to the extent it seeks

15  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

16  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

17  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

18  action, and not reasonably calculated to lead to the discovery of admissible evidence.

19      Responding Party objects on the grounds that the "Relevant Time Period" and the time

20  period "January 1, 1991 through the present" is overly broad and not relevant, rendering the

21  request not reasonably calculated to lead to the discovery of admissible evidence as the

22  Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period

23  is November 25, 2007.

24      Responding Party objects to the extent this request seeks documents that are no longer

25  active or readily accessible in electronic form which renders this request overly broad and unduly

26  burdensome.

27      Responding Party objects to the extent this request seeks documents or information that is

28  not within the possession, custody, or control of Responding Party.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                          -69-                          MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1       Responding Party objects that the phrase "dollar volume" is vague, ambiguous, and

2   unintelligible, rendering the request overly broad and unduly burdensome, not relevant and not

3   reasonably calculated to lead to the discovery of admissible evidence.

4       Responding Party objects to the extent it seeks documents relating to the "quantity of sales

5   or shipments of CRT or CRT Products," this request is duplicative of Request No. 5 of the

6   Document Requests.

7       Responding Party objects to the extent this request seeks documents or information that

8   require discovery of information and materials from third-parties or sources that are equally if not

9   more accessible to Plaintiffs.

10      Responding Party objects to the extent this request seeks documents or information that

11  will be the subject of expert discovery, as expert discovery has not commenced in this matter.

12      Responding Party objects on the grounds that, to the extent this request seeks documents

13  related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

14  information that is not relevant to the claim or defense of any party, not relevant to the subject

15  matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

16  evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

17  and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

18      Responding Party objects on the grounds that, to the extent Responding Party produces

19  documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

20  produced again.

21      Responding Party objects that to the extent documents responsive to this request have

22  previously been produced, they will not be produced again.

23      Subject to and without waiving the general and specific objections stated above,

24  Responding Party responds that it will make reasonable, not unduly burdensome efforts to

25  identify documents responsive to this request within the Limitations Period and, if any, will

26  produce non-privileged, responsive documents.

27  **REQUEST NO. 21:**

28      All documents that compare or contrast each type, class or category of CRTs or CRT

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                                    -70-                                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   Products produced or sold by you with that of another producer or seller of CRTs or CRT

2   Products and all documents that relate to any industry standards regarding types, classes or

3   categories of CRTs or CRT Products.

4   **RESPONSE TO REQUEST NO. 21:**

5          Responding Party reasserts and incorporates each of the General Objections and

6   Objections to Definitions and Instructions set forth above.

7          Responding Party objects to this request on the grounds that it is overly broad, unduly

8   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

9   including to the extent that it seeks the discovery of documents regarding Responding Party's

10  sales outside of the United States and unrelated to United States commerce, as such sales are

11  beyond the scope of this litigation and thereby render the Document Requests overly broad,

12  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

13  evidence.

14         Responding Party objects to this request on the grounds that it seeks production of

15  documents protected by the attorney-client privilege, work product doctrine, joint defense or

16  common interest privilege, or by any other applicable doctrine or privilege.

17         Responding Party objects to this request on the grounds it seeks information and/or

18  documents that would disclose confidential information protected by any and all rights of privacy

19  under the United States Constitution or any other applicable law, or that is otherwise prohibited

20  from disclosure because to do so would cause Responding Party to violate legal and/or

21  contractual obligations to any other persons or entities.

22         Responding Party objects to this request on the grounds that, to the extent it seeks

23  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

24  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

25  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

26  action, and not reasonably calculated to lead to the discovery of admissible evidence.

27         Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

28  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period is November 25, 2007.

Responding Party objects to the extent this request seeks documents that are no longer active or readily accessible in electronic form which renders this request overly broad and unduly burdensome.

Responding Party objects to the extent this request seeks documents or information that is not within the possession, custody, or control of Responding Party.

Responding Party objects that the phrases "compare or contrast," "another producer," and "industry standards" are vague, ambiguous, and unintelligible, rendering this request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to the extent this request seeks documents or information that require discovery of information and materials from third-parties or sources that are equally if not more accessible to Plaintiffs.

Responding Party objects to the extent this request seeks documents or information that will be the subject of expert discovery, as expert discovery has not commenced in this matter.

Responding Party objects on the grounds that, to the extent this request seeks documents related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

Responding Party objects on the grounds that, to the extent Responding Party produces documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be produced again.

Responding Party objects that to the extent documents responsive to this request have previously been produced, they will not be produced again.

Subject to and without waiving the general and specific objections stated above,

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   Responding Party responds that it will make reasonable, not unduly burdensome efforts to

2   identify documents responsive to this request within the Limitations Period and, if any, will

3   produce non-privileged, responsive documents.

4   **REQUEST NO. 22:**

5         Documents sufficient to show the regions or territories in which each type, class or

6   category of CRTs or CRT Products are sold in the United States.

7   **RESPONSE TO REQUEST NO. 22:**

8         Responding Party reasserts and incorporates each of the General Objections and

9   Objections to Definitions and Instructions set forth above.

10        Responding Party objects to this request on the grounds that it is overly broad, unduly

11  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

12  including to the extent that it seeks the discovery of documents regarding Responding Party's

13  sales outside of the United States and unrelated to United States commerce, as such sales are

14  beyond the scope of this litigation and thereby render the Document Requests overly broad,

15  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

16  evidence.

17        Responding Party objects to this request on the grounds that it seeks production of

18  documents protected by the attorney-client privilege, work product doctrine, joint defense or

19  common interest privilege, or by any other applicable doctrine or privilege.

20        Responding Party objects to this request on the grounds it seeks information and/or

21  documents that would disclose confidential information protected by any and all rights of privacy

22  under the United States Constitution or any other applicable law, or that is otherwise prohibited

23  from disclosure because to do so would cause Responding Party to violate legal and/or

24  contractual obligations to any other persons or entities.

25        Responding Party objects to this request on the grounds that, to the extent it seeks

26  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

27  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

28  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2           -73-           MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   action, and not reasonably calculated to lead to the discovery of admissible evidence.

2          Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

3   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

4   admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

5   of the alleged class period is November 25, 2007.

6          Responding Party objects to the extent this request seeks documents that are no longer

7   active or readily accessible in electronic form which renders this request overly broad and unduly

8   burdensome.

9          Responding Party objects to the extent this request seeks documents or information that is

10  not within the possession, custody, or control of Responding Party.

11         Responding Party objects to the extent this request seeks documents or information that

12  require discovery of information and materials from third-parties or sources that are equally if not

13  more accessible to Plaintiffs.

14         Responding Party objects to the extent this request seeks documents or information that

15  will be the subject of expert discovery, as expert discovery has not commenced in this matter.

16         Responding Party objects on the grounds that, to the extent this request seeks documents

17  related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

18  information that is not relevant to the claim or defense of any party, not relevant to the subject

19  matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

20  evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

21  and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

22         Responding Party objects on the grounds that, to the extent Responding Party produces

23  documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

24  produced again.

25         Responding Party objects that to the extent documents responsive to this request have

26  previously been produced, they will not be produced again.

27         Subject to and without waiving the general and specific objections stated above,

28  Responding Party responds that it will make reasonable, not unduly burdensome efforts to

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   identify documents responsive to this request within the Limitations Period and, if any, will

2   produce non-privileged, responsive documents.

3   **REQUEST NO. 23:**

4       All documents relating to conditions of supply and demand for CRTs or CRT Products,

5   including, but not limited to, any market studies or industry reports during the period January 1,

6   1991 through the present.

7   **RESPONSE TO REQUEST NO. 23:**

8       Responding Party reasserts and incorporates each of the General Objections and

9   Objections to Definitions and Instructions set forth above.

10      Responding Party objects to this request on the grounds that it is overly broad, unduly

11  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

12  including to the extent that it seeks the discovery of documents regarding Responding Party's

13  sales outside of the United States and unrelated to United States commerce, as such sales are

14  beyond the scope of this litigation and thereby render the Document Requests overly broad,

15  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

16  evidence.

17      Responding Party objects to this request on the grounds that it seeks production of

18  documents protected by the attorney-client privilege, work product doctrine, joint defense or

19  common interest privilege, or by any other applicable doctrine or privilege.

20      Responding Party objects to this request on the grounds it seeks information and/or

21  documents that would disclose confidential information protected by any and all rights of privacy

22  under the United States Constitution or any other applicable law, or that is otherwise prohibited

23  from disclosure because to do so would cause Responding Party to violate legal and/or

24  contractual obligations to any other persons or entities.

25      Responding Party objects to this request on the grounds that, to the extent it requests

26  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

27  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

28  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    action, and not reasonably calculated to lead to the discovery of admissible evidence.

2           Responding Party objects on the grounds that the "Relevant Time Period" and the time

3    period "January 1, 1991 through the present" is overly broad and not relevant, rendering the

4    request not reasonably calculated to lead to the discovery of admissible evidence as the

5    Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period

6    is November 25, 2007.

7           Responding Party objects to the extent this request seeks documents that are no longer

8    active or readily accessible in electronic form which renders this request overly broad and unduly

9    burdensome.

10          Responding Party objects to the extent this request seeks documents or information that is

11   not within the possession, custody, or control of Responding Party.

12          Responding Party objects that the phrases "relating to conditions of supply and demand"

13   and "market studies or industry reports" are vague, ambiguous, and unintelligible, rendering the

14   request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead

15   to the discovery of admissible evidence.

16          Responding Party objects to the extent this request seeks documents or information that

17   require discovery of information and materials from third-parties or sources that are equally if not

18   more accessible to Plaintiffs.

19          Responding Party objects to the extent this request seeks documents or information that

20   will be the subject of expert discovery, as expert discovery has not commenced in this matter.

21          Responding Party objects on the grounds that, to the extent this request seeks documents

22   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

23   information that is not relevant to the claim or defense of any party, not relevant to the subject

24   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

25   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

26   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

27          Responding Party objects on the grounds that, to the extent Responding Party produces

28   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   produced again.

2        Responding Party objects that to the extent documents responsive to this request have

3   previously been produced, they will not be produced again.

4        Subject to and without waiving the general and specific objections stated above,

5   Responding Party responds that it will make reasonable, not unduly burdensome efforts to

6   identify documents responsive to this request within the Limitations Period and, if any, will

7   produce non-privileged, responsive documents.

8   **REQUEST NO. 24:**

9        All documents relating to any contemplated, proposed, planned, pending or executed

10  purchases, sales, acquisitions, mergers, joint ventures, divestitures, transfers, spin-offs or any

11  other change in ownership of any assets, liabilities, subsidiaries, departments, units or other

12  subdivisions of your company relating to the production, distribution, marketing, pricing, sale of

13  resale of CRTs or CRT Products during the relevant time period.

14  **RESPONSE TO REQUEST NO. 24:**

15       Responding Party reasserts and incorporates each of the General Objections and

16  Objections to Definitions and Instructions set forth above.

17       Responding Party objects to this request on the grounds that it is overly broad, unduly

18  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

19  including to the extent that it seeks the discovery of documents regarding Responding Party's

20  sales outside of the United States and unrelated to United States commerce, as such sales are

21  beyond the scope of this litigation and thereby render the Document Requests overly broad,

22  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

23  evidence.

24       Responding Party objects to this request on the grounds that it seeks production of

25  documents protected by the attorney-client privilege, work product doctrine, joint defense or

26  common interest privilege, or by any other applicable doctrine or privilege.

27       Responding Party objects to this request on the grounds it seeks information and/or

28  documents that would disclose confidential information protected by any and all rights of privacy

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                          -77-                          MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    under the United States Constitution or any other applicable law, or that is otherwise prohibited

2    from disclosure because to do so would cause Responding Party to violate legal and/or

3    contractual obligations to any other persons or entities.

4         Responding Party objects to this request on the grounds that, to the extent it seeks

5    documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

6    ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

7    relevant to the claim or defense of any party, not relevant to the subject matter involved in this

8    action, and not reasonably calculated to lead to the discovery of admissible evidence.

9         Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

10   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

11   admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

12   of the alleged class period is November 25, 2007.

13        Responding Party objects to the extent this request seeks documents that are no longer

14   active or readily accessible in electronic form which renders this request overly broad and unduly

15   burdensome.

16        Responding Party objects to the extent this request seeks documents or information that is

17   not within the possession, custody, or control of Responding Party.

18        Responding Party objects that the definition of the term "your" renders the request vague,

19   ambiguous, and unintelligible, overly broad and unduly burdensome, not relevant, and not

20   reasonably calculated to lead to the discovery of admissible evidence.

21        Responding Party objects that the terms "contemplated," "proposed," "planned,"

22   "pending," and "executed" are vague, ambiguous, and unintelligible, rendering this request overly

23   broad and unduly burdensome, not relevant and not reasonably calculated to lead to the discovery

24   of admissible evidence.

25        Responding Party objects to the extent this request seeks documents or information that

26   require discovery of information and materials from third-parties or sources that are equally if not

27   more accessible to Plaintiffs.

28        Responding Party objects to the extent this request seeks documents and information that

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                              -78-                              MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   would require disclosure of Responding Party's or a third-party's respective trade secrets or other

2   confidential information protected by the Uniform Trade Secrets Act, *et. seq*., any and all rights

3   of privacy under the United States Constitution, or Article One of the California State

4   Constitution or other state constitutions, or any other applicable law, or which is otherwise

5   prohibited from disclosure because to do so would cause Responding Party to violate legal or

6   contractual obligations to any other persons or entities.

7          Responding Party objects that this request is overly broad and unduly burdensome, and

8   the burden it places on Responding Party far outweighs any likely benefit to Plaintiffs under Rule

9   26(b)(2)(C)(iii) of the Federal Rules of Civil Procedure.

10         Responding Party objects on the grounds that, to the extent this request seeks documents

11  related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

12  information that is not relevant to the claim or defense of any party, not relevant to the subject

13  matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

14  evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

15  and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

16         Responding Party objects on the grounds that, to the extent Responding Party produces

17  documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

18  produced again.

19         Responding Party objects that to the extent documents responsive to this request have

20  previously been produced, they will not be produced again.

21         Subject to and without waiving the general and specific objections stated above,

22  Responding Party responds that it will make reasonable, not unduly burdensome efforts to

23  identify documents responsive to this request within the Limitations Period and, if any, will

24  produce non-privileged, responsive documents.

25  **REQUEST NO. 25:**

26         All documents relating to any communications between you and any parent, subsidiary,

27  affiliated company, joint venturer, or partner regarding the production, pricing, marketing, sale or

28  distribution of CRTs or CRT Products.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

**RESPONSE TO REQUEST NO. 25:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period is November 25, 2007.

Responding Party objects to the extent this request seeks documents that are no longer

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   active or readily accessible in electronic form which renders this request overly broad and unduly

2   burdensome.

3        Responding Party objects to the extent this request seeks documents or information that is

4   not within the possession, custody, or control of Responding Party.

5        Responding Party objects that the phrases "affiliated company" and "joint venturer" are

6   vague, ambiguous, and unintelligible, rendering this request overly broad and unduly

7   burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible

8   evidence.

9        Responding Party objects to the extent this request seeks documents or information that

10  require discovery of information and materials from third-parties or sources that are equally if not

11  more accessible to Plaintiffs.

12       Responding Party objects that this request is overly broad and unduly burdensome, and

13  the burden it places on Responding Party far outweighs any likely benefit to Plaintiffs under Rule

14  26(b)(2)(C)(iii) of the Federal Rules of Civil Procedure.

15       Responding Party objects on the grounds that, to the extent this request seeks documents

16  related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

17  information that is not relevant to the claim or defense of any party, not relevant to the subject

18  matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

19  evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

20  and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

21       Responding Party objects on the grounds that, to the extent Responding Party produces

22  documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

23  produced again.

24       Responding Party objects that to the extent documents responsive to this request have

25  previously been produced, they will not be produced again.

26       Subject to and without waiving the general and specific objections stated above,

27  Responding Party responds that it will make reasonable, not unduly burdensome efforts to

28  identify documents responsive to this request within the Limitations Period and, if any, will

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                    -81-                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    produce non-privileged, responsive documents.

2    **REQUEST NO. 26:**

3         All documents relating to communications regarding CRTs or CRT Products between or

4    among manufacturers of CRTs or CRT Products, including Defendants.

5    **RESPONSE TO REQUEST NO. 26:**

6         Responding Party reasserts and incorporates each of the General Objections and

7    Objections to Definitions and Instructions set forth above.

8         Responding Party objects to this request on the grounds that it is overly broad, unduly

9    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

10   including to the extent that it seeks the discovery of documents regarding Responding Party's

11   sales outside of the United States and unrelated to United States commerce, as such sales are

12   beyond the scope of this litigation and thereby render the Document Requests overly broad,

13   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

14   evidence.

15        Responding Party objects to this request on the grounds that it seeks production of

16   documents protected by the attorney-client privilege, work product doctrine, joint defense or

17   common interest privilege, or by any other applicable doctrine or privilege.

18        Responding Party objects to this request on the grounds it seeks information and/or

19   documents that would disclose confidential information protected by any and all rights of privacy

20   under the United States Constitution or any other applicable law, or that is otherwise prohibited

21   from disclosure because to do so would cause Responding Party to violate legal and/or

22   contractual obligations to any other persons or entities.

23        Responding Party objects to this request on the grounds that, to the extent it seeks

24   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

25   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

26   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

27   action, and not reasonably calculated to lead to the discovery of admissible evidence.

28        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                              -82-                              MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

2  admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

3  of the alleged class period is November 25, 2007.

4      Responding Party objects to the extent this request seeks documents that are no longer

5  active or readily accessible in electronic form which renders this request overly broad and unduly

6  burdensome.

7      Responding Party objects to the extent this request seeks documents or information that is

8  not within the possession, custody, or control of Responding Party.

9      Responding Party objects to the extent this request seeks documents or information that

10  require discovery of information and materials from third-parties or sources that are equally if not

11  more accessible to Plaintiffs.

12      Responding Party objects that the phrase "relating to" is vague, ambiguous and

13  unintelligible, and renders the request unlimited in scope, overly broad and unduly burdensome,

14  not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

15      Responding Party objects on the grounds that, to the extent this request seeks documents

16  related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

17  information that is not relevant to the claim or defense of any party, not relevant to the subject

18  matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

19  evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

20  and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

21      Responding Party objects on the grounds that, to the extent Responding Party produces

22  documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

23  produced again.

24      Responding Party objects that to the extent documents responsive to this request have

25  previously been produced, they will not be produced again.

26      Subject to and without waiving the general and specific objections stated above,

27  Responding Party responds that it will make reasonable, not unduly burdensome efforts to

28  identify documents responsive to this request within the Limitations Period and, if any, will

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2              -83-                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   produce non-privileged, responsive documents.

2   **REQUEST NO. 27:**

3         All documents relating to any meeting attended by you or any other Defendant or any

4   manufacturer of CRTs or CRT Products during which there was any communication regarding

5   the production, marketing, pricing, distribution, inventory levels or sale of CRTs or CRT

6   Products, including, but not limited to the notes of any such meeting.

7   **RESPONSE TO REQUEST NO. 27:**

8         Responding Party reasserts and incorporates each of the General Objections and

9   Objections to Definitions and Instructions set forth above.

10        Responding Party objects to this request on the grounds that it is overly broad, unduly

11  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

12  including to the extent that it seeks the discovery of documents regarding Responding Party's

13  sales outside of the United States and unrelated to United States commerce, as such sales are

14  beyond the scope of this litigation and thereby render the Document Requests overly broad,

15  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

16  evidence.

17        Responding Party objects to this request on the grounds that it seeks production of

18  documents protected by the attorney-client privilege, work product doctrine, joint defense or

19  common interest privilege, or by any other applicable doctrine or privilege.

20        Responding Party objects to this request on the grounds it seeks information and/or

21  documents that would disclose confidential information protected by any and all rights of privacy

22  under the United States Constitution or any other applicable law, or that is otherwise prohibited

23  from disclosure because to do so would cause Responding Party to violate legal and/or

24  contractual obligations to any other persons or entities.

25        Responding Party objects to this request on the grounds that, to the extent it seeks

26  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

27  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

28  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                              -84-                                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1  action, and not reasonably calculated to lead to the discovery of admissible evidence.

2      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

3  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

4  admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

5  of the alleged class period is November 25, 2007.

6      Responding Party objects to the extent this request seeks documents that are no longer

7  active or readily accessible in electronic form which renders this request overly broad and unduly

8  burdensome.

9      Responding Party objects to the extent this request seeks documents or information that is

10  not within the possession, custody, or control of Responding Party.

11     Responding Party objects to the extent this request seeks documents or information that

12  require discovery of information and materials from third-parties or sources that are equally if not

13  more accessible to Plaintiffs.

14     Responding Party objects on the grounds that, to the extent this request seeks documents

15  related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

16  information that is not relevant to the claim or defense of any party, not relevant to the subject

17  matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

18  evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

19  and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

20     Responding Party objects on the grounds that, to the extent Responding Party produces

21  documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

22  produced again.

23     Responding Party objects that to the extent documents responsive to this request have

24  previously been produced, they will not be produced again.

25     Subject to and without waiving the general and specific objections stated above,

26  Responding Party responds that it will make reasonable, not unduly burdensome efforts to

27  identify documents responsive to this request within the Limitations Period and, if any, will

28  produce non-privileged, responsive documents.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                          -85-                          MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

**REQUEST NO. 28:**

For each of your employees who has or had any non-clerical responsibility for recommending, reviewing, setting or approving prices, price increase announcements, bids or quotes for the sale of CRTs or CRT Products, or any other involvement in the production, marketing, sale or distribution of CRTs or CRT Products:

a.    all copies of electronic and manual diaries, calendars, appointment books, "to do" lists, day timers or appointment notes;

b.    all copies of trip and travel logs, records or other supporting documents;

c.    all copies of expense reports or other supporting documents;

d.    all copies of telephone number logs, directories, notebooks, Rolodex cards or related memoranda;

e.    all bills, statements, records and supporting documents concerning long distance or cellular telephone calls;

f.    all documents relating to membership in any trade association or industry group; and,

g.    the complete personnel file for that employee.

**RESPONSE TO REQUEST NO. 28:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or

1    common interest privilege, or by any other applicable doctrine or privilege.

2         Responding Party objects to this request on the grounds it seeks information and/or

3    documents that would disclose confidential information protected by any and all rights of privacy

4    under the United States Constitution or any other applicable law, or that is otherwise prohibited

5    from disclosure because to do so would cause Responding Party to violate legal and/or

6    contractual obligations to any other persons or entities.

7         Responding Party objects to this request on the grounds that, to the extent it seeks

8    documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

9    ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

10   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

11   action, and not reasonably calculated to lead to the discovery of admissible evidence.

12        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

13   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

14   admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

15   of the alleged class period is November 25, 2007.

16        Responding Party objects to the extent this request seeks documents that are no longer

17   active or readily accessible in electronic form which renders this request overly broad and unduly

18   burdensome.

19        Responding Party objects that the phrase "non-clerical responsibility" is vague,

20   ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome, not

21   relevant and not reasonably calculated to lead to the discovery of admissible evidence.

22        Responding Party objects to the extent this request seeks documents or information that

23   require discovery of information and materials from third-parties or sources that are equally if not

24   more accessible to Plaintiffs.

25        Responding Party objects on the grounds that, to the extent this request seeks documents

26   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

27   information that is not relevant to the claim or defense of any party, not relevant to the subject

28   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                              -87-                              MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

2   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

3          Responding Party objects on the grounds that, to the extent Responding Party produces

4   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

5   produced again.

6          Responding Party objects that to the extent documents responsive to this request have

7   previously been produced, they will not be produced again.

8          Subject to and without waiving the general and specific objections stated above,

9   Responding Party responds that it will make reasonable, not unduly burdensome efforts to

10  identify documents responsive to this request within the Limitations Period and, if any, will

11  produce non-privileged, responsive documents.

12  **REQUEST NO. 29**:

13         Documents sufficient to show the name and address of each trade association (including

14  committees and subcommittees) relating to CRTs or CRT Products of which you or any of your

15  employees are or have been a member, as well as documents sufficient to show dates of

16  membership and dates of participation in committees or subcommittees.

17  **RESPONSE TO REQUEST NO. 29**:

18         Responding Party reasserts and incorporates each of the General Objections and

19  Objections to Definitions and Instructions set forth above.

20         Responding Party objects to this request on the grounds that it is overly broad, unduly

21  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

22  including to the extent that it seeks the discovery of documents regarding Responding Party's

23  sales outside of the United States and unrelated to United States commerce, as such sales are

24  beyond the scope of this litigation and thereby render the Document Requests overly broad,

25  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

26  evidence.

27         Responding Party objects to this request on the grounds that it seeks production of

28  documents protected by the attorney-client privilege, work product doctrine, joint defense or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                    -88-                         MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    common interest privilege, or by any other applicable doctrine or privilege.

2          Responding Party objects to this request on the grounds it seeks information and/or

3    documents that would disclose confidential information protected by any and all rights of privacy

4    under the United States Constitution or any other applicable law, or that is otherwise prohibited

5    from disclosure because to do so would cause Responding Party to violate legal and/or

6    contractual obligations to any other persons or entities.

7          Responding Party objects to this request on the grounds that, to the extent it seeks

8    documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

9    ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

10   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

11   action, and not reasonably calculated to lead to the discovery of admissible evidence.

12         Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

13   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

14   admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

15   of the alleged class period is November 25, 2007.

16         Responding Party objects to the extent this request seeks documents that are no longer

17   active or readily accessible in electronic form which renders this request overly broad and unduly

18   burdensome.

19         Responding Party objects to the extent this request seeks documents or information that is

20   not within the possession, custody, or control of Responding Party.

21         Responding Party objects to the extent this request seeks documents or information that

22   require discovery of information and materials from third-parties or sources that are equally if not

23   more accessible to Plaintiffs.

24         Responding Party objects on the grounds that, to the extent this request seeks documents

25   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

26   information that is not relevant to the claim or defense of any party, not relevant to the subject

27   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

28   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                                    -89-                                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

2         Responding Party objects on the grounds that, to the extent Responding Party produces

3   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

4   produced again.

5         Responding Party objects that to the extent documents responsive to this request have

6   previously been produced, they will not be produced again.

7         Subject to and without waiving the general and specific objections stated above,

8   Responding Party responds that it will make reasonable, not unduly burdensome efforts to

9   identify documents responsive to this request within the Limitations Period and, if any, will

10  produce non-privileged, responsive documents.

11  **REQUEST NO. 30:**

12        All documents relating to meetings of each trade association and each of its committees or

13  subcommittees relating to CRTs or CRT Products, including all documents relating to any such

14  meeting attended by you and any other manufacturer CRTs or CRT Products, and all documents

15  identifying the employees from your company who attended, the dates of attendance, and the

16  subject matters discussed.

17  **RESPONSE TO REQUEST NO. 30:**

18        Responding Party reasserts and incorporates each of the General Objections and

19  Objections to Definitions and Instructions set forth above.

20        Responding Party objects to this request on the grounds that it is overly broad, unduly

21  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

22  including to the extent that it seeks the discovery of documents regarding Responding Party's

23  sales outside of the United States and unrelated to United States commerce, as such sales are

24  beyond the scope of this litigation and thereby render the Document Requests overly broad,

25  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

26  evidence.

27        Responding Party objects to this request on the grounds that it seeks production of

28  documents protected by the attorney-client privilege, work product doctrine, joint defense or

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    common interest privilege, or by any other applicable doctrine or privilege.

2         Responding Party objects to this request on the grounds it seeks information and/or

3    documents that would disclose confidential information protected by any and all rights of privacy

4    under the United States Constitution or any other applicable law, or that is otherwise prohibited

5    from disclosure because to do so would cause Responding Party to violate legal and/or

6    contractual obligations to any other persons or entities.

7         Responding Party objects to this request on the grounds that, to the extent it seeks

8    documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

9    ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

10   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

11   action, and not reasonably calculated to lead to the discovery of admissible evidence.

12        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

13   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

14   admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

15   of the alleged class period is November 25, 2007.

16        Responding Party objects to the extent this request seeks documents that are no longer

17   active or readily accessible in electronic form which renders this request overly broad and unduly

18   burdensome.

19        Responding Party objects to the extent this request seeks documents or information that is

20   not within the possession, custody, or control of Responding Party.

21        Responding Party objects to the extent this request seeks documents or information that

22   require discovery of information and materials from third-parties or sources that are equally if not

23   more accessible to Plaintiffs.

24        Responding Party objects on the grounds that, to the extent this request seeks documents

25   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

26   information that is not relevant to the claim or defense of any party, not relevant to the subject

27   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

28   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                                  -91-                                     MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    and entities that indirectly purchased Cathode Ray Tube Products." (Complaint, ¶ 1).

2            Responding Party objects on the grounds that, to the extent Responding Party produces

3    documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

4    produced again.

5            Responding Party objects that to the extent documents responsive to this request have

6    previously been produced, they will not be produced again.

7            Subject to and without waiving the general and specific objections stated above,

8    Responding Party responds that it will make reasonable, not unduly burdensome efforts to

9    identify documents responsive to this request within the Limitations Period and, if any, will

10   produce non-privileged, responsive documents.

11   **REQUEST NO. 31:**

12           All studies, analyses, communications, presentations or other documents that you have

13   submitted to or received from any trade association regarding CRTs or CRT Products.

14   **RESPONSE TO REQUEST NO. 31:**

15           Responding Party reasserts and incorporates each of the General Objections and

16   Objections to Definitions and Instructions set forth above.

17           Responding Party objects to this request on the grounds that it is overly broad, unduly

18   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

19   including to the extent that it seeks the discovery of documents regarding Responding Party's

20   sales outside of the United States and unrelated to United States commerce, as such sales are

21   beyond the scope of this litigation and thereby render the Document Requests overly broad,

22   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

23   evidence.

24           Responding Party objects to this request on the grounds that it seeks production of

25   documents protected by the attorney-client privilege, work product doctrine, joint defense or

26   common interest privilege, or by any other applicable doctrine or privilege.

27           Responding Party objects to this request on the grounds it seeks information and/or

28   documents that would disclose confidential information protected by any and all rights of privacy

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    under the United States Constitution or any other applicable law, or that is otherwise prohibited

2    from disclosure because to do so would cause Responding Party to violate legal and/or

3    contractual obligations to any other persons or entities.

4         Responding Party objects to this request on the grounds that, to the extent it seeks

5    documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

6    ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

7    relevant to the claim or defense of any party, not relevant to the subject matter involved in this

8    action, and not reasonably calculated to lead to the discovery of admissible evidence.

9         Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

10   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

11   admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

12   of the alleged class period is November 25, 2007.

13        Responding Party objects to the extent this request seeks documents that are no longer

14   active or readily accessible in electronic form which renders this request overly broad and unduly

15   burdensome.

16        Responding Party objects to the extent this request seeks documents or information that is

17   not within the possession, custody, or control of Responding Party.

18        Responding Party objects that the terms "studies," and "analyses" are vague, ambiguous,

19   and unintelligible, rendering this request overly broad and unduly burdensome, not relevant and

20   not reasonably calculated to lead to the discovery of admissible evidence.

21        Responding Party objects to the extent this request seeks documents or information that

22   require discovery of information and materials from third-parties or sources that are equally if not

23   more accessible to Plaintiffs.

24        Responding Party objects on the grounds that, to the extent this request seeks documents

25   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

26   information that is not relevant to the claim or defense of any party, not relevant to the subject

27   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

28   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

2        Responding Party objects on the grounds that, to the extent Responding Party produces

3    documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

4    produced again.

5        Responding Party objects that to the extent documents responsive to this request have

6    previously been produced, they will not be produced again.

7        Subject to and without waiving the general and specific objections stated above,

8    Responding Party responds that it will make reasonable, not unduly burdensome efforts to

9    identify documents responsive to this request within the Limitations Period and, if any, will

10   produce non-privileged, responsive documents.

11   **REQUEST NO. 32:**

12       All statements, announcements, disclosures or press releases issued by you or any of your

13   competitors relating to CRTs or CRT Products.

14   **RESPONSE TO REQUEST NO. 32:**

15       Responding Party reasserts and incorporates each of the General Objections and

16   Objections to Definitions and Instructions set forth above.

17       Responding Party objects to this request on the grounds that it is overly broad, unduly

18   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

19   including to the extent that it seeks the discovery of documents regarding Responding Party's

20   sales outside of the United States and unrelated to United States commerce, as such sales are

21   beyond the scope of this litigation and thereby render the Document Requests overly broad,

22   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

23   evidence.

24       Responding Party objects to this request on the grounds that it seeks production of

25   documents protected by the attorney-client privilege, work product doctrine, joint defense or

26   common interest privilege, or by any other applicable doctrine or privilege.

27       Responding Party objects to this request on the grounds it seeks information and/or

28   documents that would disclose confidential information protected by any and all rights of privacy

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   under the United States Constitution or any other applicable law, or that is otherwise prohibited

2   from disclosure because to do so would cause Responding Party to violate legal and/or

3   contractual obligations to any other persons or entities.

4       Responding Party objects to this request on the grounds that, to the extent it seeks

5   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

6   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

7   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

8   action, and not reasonably calculated to lead to the discovery of admissible evidence.

9       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

10  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

11  admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

12  of the alleged class period is November 25, 2007.

13      Responding Party objects that the definition of the terms "you" and "your" are vague,

14  ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome, not

15  relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

16      Responding Party objects to the extent this request seeks documents that are no longer

17  active or readily accessible in electronic form which renders this request overly broad and unduly

18  burdensome.

19      Responding Party objects to the extent this request seeks documents or information that is

20  not within the possession, custody, or control of Responding Party.  Responding Party objects to

21  the extent this request seeks documents or information that require discovery of information and

22  materials from third-parties or sources that are equally if not more accessible to Plaintiffs.

23      Responding Party objects on the grounds that, to the extent this request seeks documents

24  related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

25  information that is not relevant to the claim or defense of any party, not relevant to the subject

26  matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

27  evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

28  and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    Responding Party objects on the grounds that, to the extent Responding Party produces

2    documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

3    produced again.

4    Responding Party objects that to the extent documents responsive to this request have

5    previously been produced, they will not be produced again.

6    Subject to and without waiving the general and specific objections stated above,

7    Responding Party responds that it will make reasonable, not unduly burdensome efforts to

8    identify documents responsive to this request within the Limitations Period and, if any, will

9    produce non-privileged, responsive documents.

10   **REQUEST NO. 33:**

11   All documents relating to your policies or practices directed toward compliance with the

12   United States antitrust laws, including any statements signed by your employees with pricing,

13   sales or marketing responsibility for CRTs or CRT Products, acknowledging their receipt of and

14   compliance with your antitrust compliance policy.

15   **RESPONSE TO REQUEST NO. 33:**

16   Responding Party reasserts and incorporates each of the General Objections and

17   Objections to Definitions and Instructions set forth above.

18   Responding Party objects to this request on the grounds that it is overly broad, unduly

19   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

20   including to the extent that it seeks the discovery of documents regarding Responding Party's

21   sales outside of the United States and unrelated to United States commerce, as such sales are

22   beyond the scope of this litigation and thereby render the Document Requests overly broad,

23   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

24   evidence.

25   Responding Party objects to this request on the grounds that it seeks production of

26   documents protected by the attorney-client privilege, work product doctrine, joint defense or

27   common interest privilege, or by any other applicable doctrine or privilege.

28   Responding Party objects to this request on the grounds it seeks information and/or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                                    -96-                                    MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   documents that would disclose confidential information protected by any and all rights of privacy

2   under the United States Constitution or any other applicable law, or that is otherwise prohibited

3   from disclosure because to do so would cause Responding Party to violate legal and/or

4   contractual obligations to any other persons or entities.

5        Responding Party objects to this request on the grounds that, to the extent it seeks

6   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

7   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

8   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

9   action, and not reasonably calculated to lead to the discovery of admissible evidence.

10       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

11  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

12  admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

13  of the alleged class period is November 25, 2007.

14       Responding Party objects to the extent this request seeks documents that are no longer

15  active or readily accessible in electronic form which renders this request overly broad and unduly

16  burdensome.

17       Responding Party objects to the extent this request seeks documents or information that is

18  not within the possession, custody, or control of Responding Party.

19       Responding Party objects that the phrase "directed toward compliance" is vague,

20  ambiguous, and unintelligible, rendering this request overly broad and unduly burdensome, not

21  relevant and not reasonably calculated to lead to the discovery of admissible evidence.

22       Responding Party objects on the grounds that, to the extent this request seeks documents

23  related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

24  information that is not relevant to the claim or defense of any party, not relevant to the subject

25  matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

26  evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

27  and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

28       Subject to and without waiving the general and specific objections stated above,

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   Responding Party responds that it will make reasonable efforts to identify documents responsive

2   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

3   documents.

4   **REQUEST NO. 34:**

5       All documents relating to, prepared for, submitted to, or received from any foreign

6   governmental or legislative body, including the Canadian Competition Bureau, the European

7   Commission, the Hungarian Competition Authority, the Japanese Fair Trade Commission, the

8   Korean Fair Trade Commission, or any agency or representative body of any foreign country,

9   state or other political subdivision, or any law enforcement agency, authority or commission in

10  any foreign country, relating to the production, sale, marketing, pricing or distribution of CRTs or

11  CRT Products.  This request includes all documents relating to proffers, transcripts, notes,

12  summaries, testimony, witness statements, or responses to requests for information that you

13  produced to any foreign governmental agency or foreign grand jury, including any documents

14  produced as part of any plea bargain negotiations or in connection with any application for or

15  grant of amnesty or leniency.

16  **RESPONSE TO REQUEST NO. 34:**

17      Responding Party reasserts and incorporates each of the General Objections and

18  Objections to Definitions and Instructions set forth above.

19      Responding Party objects to this request on the grounds that it is overly broad, unduly

20  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

21  including to the extent that it seeks the discovery of documents regarding Responding Party's

22  sales outside of the United States and unrelated to United States commerce, as such sales are

23  beyond the scope of this litigation and thereby render the Document Requests overly broad,

24  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

25  evidence.

26      Responding Party objects to this request on the grounds that it seeks information in excess

27  of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no

28  discovery shall be conducted in this case (including, without limitation, document requests,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                          -98-                          MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury

2    proceedings concerning CRTs or CRT products, including any party's or witness's

3    communications with the United States, or with any grand jury investigating CRTs or CRT

4    products, except by the order of the Court upon good cause shown and consistent with governing

5    law."  Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

6          Responding Party objects to this request on the grounds that it seeks production of

7    documents protected by the attorney-client privilege, work product doctrine, joint defense or

8    common interest privilege, or by any other applicable doctrine or privilege.

9          Responding Party objects to this request on the grounds it seeks information and/or

10   documents that would disclose confidential information protected by any and all rights of privacy

11   under the United States Constitution or any other applicable law, or that is otherwise prohibited

12   from disclosure because to do so would cause Responding Party to violate legal and/or

13   contractual obligations to any other persons or entities.

14         Responding Party objects to this request on the grounds that, to the extent it seeks

15   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

16   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

17   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

18   action, and not reasonably calculated to lead to the discovery of admissible evidence.

19         Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

20   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

21   admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

22   of the alleged class period is November 25, 2007.

23         Responding Party objects to the extent this request seeks documents that are no longer

24   active or readily accessible in electronic form which renders this request overly broad and unduly

25   burdensome.

26         Responding Party objects to this request on the grounds that discovery of documents and

27   information related to foreign antitrust laws are not relevant to the allegations in the Complaint,

28   thus rendering this request overly broad, unduly burdensome, and not reasonably calculated to

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    lead to the discovery of admissible evidence.

2         Responding Party objects on the grounds that, to the extent this request seeks documents

3    related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

4    information that is not relevant to the claim or defense of any party, not relevant to the subject

5    matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

6    evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

7    and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

8         Subject to and without waiving the general and specific objections stated above,

9    Responding Party declines to produce documents that may be responsive to this request.

10   **REQUEST NO. 35:**

11        All documents relating to proffers, transcripts, notes, summaries, testimony, witness

12   statements, or responses to requests for information that you produced or were seized by any

13   foreign governmental agency in Canada, the European Union, India, Hong Kong, Hungary,

14   Thailand, Malaysia, Indonesia, Korea, Japan, Singapore, China or Taiwan.

15   **RESPONSE TO REQUEST NO. 35:**

16        Responding Party reasserts and incorporates each of the General Objections and

17   Objections to Definitions and Instructions set forth above.

18        Responding Party objects to this request on the grounds that it is overly broad, unduly

19   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

20   including to the extent that it seeks the discovery of documents regarding Responding Party's

21   sales outside of the United States and unrelated to United States commerce, as such sales are

22   beyond the scope of this litigation and thereby render the Document Requests overly broad,

23   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

24   evidence.

25        Responding Party objects to this request on the grounds that it seeks information in excess

26   of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no

27   discovery shall be conducted in this case (including, without limitation, document requests,

28   interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                                    -100-                                    MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    proceedings concerning CRTs or CRT products, including any party's or witness's

2    communications with the United States, or with any grand jury investigating CRTs or CRT

3    products, except by the order of the Court upon good cause shown and consistent with governing

4    law."  Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

5    Responding Party objects to this request on the grounds that it seeks production of

6    documents protected by the attorney-client privilege, work product doctrine, joint defense or

7    common interest privilege, or by any other applicable doctrine or privilege.

8    Responding Party objects to this request on the grounds it seeks information and/or

9    documents that would disclose confidential information protected by any and all rights of privacy

10   under the United States Constitution or any other applicable law, or that is otherwise prohibited

11   from disclosure because to do so would cause Responding Party to violate legal and/or

12   contractual obligations to any other persons or entities.

13   Responding Party objects to this request on the grounds that, to the extent it seeks

14   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

15   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

16   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

17   action, and not reasonably calculated to lead to the discovery of admissible evidence.

18   Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

19   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

20   admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

21   of the alleged class period is November 25, 2007.

22   Responding Party objects to the extent this request seeks documents that are no longer

23   active or readily accessible in electronic form which renders this request overly broad and unduly

24   burdensome.

25   Responding Party objects to this request on the grounds that discovery of documents and

26   information related to foreign antitrust laws are not relevant to the allegations in the Complaint,

27   thus rendering this request overly broad, unduly burdensome, and not reasonably calculated to

28   lead to the discovery of admissible evidence.

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    Responding Party objects on the grounds that, to the extent this request seeks documents

2    related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

3    information that is not relevant to the claim or defense of any party, not relevant to the subject

4    matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

5    evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

6    and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

7    Subject to and without waiving the general and specific objections stated above,

8    Responding Party declines to produce documents that may be responsive to this request.

9    **REQUEST NO. 36:**

10    Copies of all subpoenas or requests for production of documents issued by any foreign

11    governmental or legislative investigative body referring or relating to CRTs or CRT Products

12    during the relevant period.

13    **RESPONSE TO REQUEST NO. 36:**

14    Responding Party reasserts and incorporates each of the General Objections and

15    Objections to Definitions and Instructions set forth above.

16    Responding Party objects to this request on the grounds that it is overly broad, unduly

17    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

18    including to the extent that it seeks the discovery of documents regarding Responding Party's

19    sales outside of the United States and unrelated to United States commerce, as such sales are

20    beyond the scope of this litigation and thereby render the Document Requests overly broad,

21    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

22    evidence.

23    Responding Party objects to this request on the grounds that it seeks information in excess

24    of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no

25    discovery shall be conducted in this case (including, without limitation, document requests,

26    interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury

27    proceedings concerning CRTs or CRT products, including any party's or witness's

28    communications with the United States, or with any grand jury investigating CRTs or CRT

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    products, except by the order of the Court upon good cause shown and consistent with governing

2    law."  Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

3          Responding Party objects to this request on the grounds that it seeks production of

4    documents protected by the attorney-client privilege, work product doctrine, joint defense or

5    common interest privilege, or by any other applicable doctrine or privilege.

6          Responding Party objects to this request on the grounds it seeks information and/or

7    documents that would disclose confidential information protected by any and all rights of privacy

8    under the United States Constitution or any other applicable law, or that is otherwise prohibited

9    from disclosure because to do so would cause Responding Party to violate legal and/or

10   contractual obligations to any other persons or entities.

11         Responding Party objects to this request on the grounds that, to the extent it seeks

12   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

13   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

14   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

15   action, and not reasonably calculated to lead to the discovery of admissible evidence.

16         Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

17   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

18   admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

19   of the alleged class period is November 25, 2007.

20         Responding Party objects to the extent this request seeks documents that are no longer

21   active or readily accessible in electronic form which renders this request overly broad and unduly

22   burdensome.

23         Responding Party objects to this request on the grounds that discovery of documents and

24   information related to foreign antitrust laws are not relevant to the allegations in the Complaint,

25   thus rendering this request overly broad, unduly burdensome, and not reasonably calculated to

26   lead to the discovery of admissible evidence.

27         Responding Party objects on the grounds that, to the extent this request seeks documents

28   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   information that is not relevant to the claim or defense of any party, not relevant to the subject

2   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

3   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

4   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

5       Subject to and without waiving the general and specific objections stated above,

6   Responding Party declines to produce documents that may be responsive to this request.

7   **REQUEST NO. 37:**

8       All documents relating to, prepared for, submitted to, or received by you as a result of any

9   investigation or research conducted either internally or by an outside entity with respect to price

10  fixing, price manipulation or manipulation of production or capacity of CRTs or CRT Products.

11  **RESPONSE TO REQUEST NO. 37:**

12      Responding Party reasserts and incorporates each of the General Objections and

13  Objections to Definitions and Instructions set forth above.

14      Responding Party objects to this request on the grounds that it is overly broad, unduly

15  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

16  including to the extent that it seeks the discovery of documents regarding Responding Party's

17  sales outside of the United States and unrelated to United States commerce, as such sales are

18  beyond the scope of this litigation and thereby render the Document Requests overly broad,

19  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

20  evidence.

21      Responding Party objects to this request on the grounds that it seeks information in excess

22  of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no

23  discovery shall be conducted in this case (including, without limitation, document requests,

24  interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury

25  proceedings concerning CRTs or CRT products, including any party's or witness's

26  communications with the United States, or with any grand jury investigating CRTs or CRT

27  products, except by the order of the Court upon good cause shown and consistent with governing

28  law."  Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                          -104-                          MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to this request on the grounds that it seeks production of

2    documents protected by the attorney-client privilege, work product doctrine, joint defense or

3    common interest privilege, or by any other applicable doctrine or privilege.

4    Responding Party objects to this request on the grounds it seeks information and/or

5    documents that would disclose confidential information protected by any and all rights of privacy

6    under the United States Constitution or any other applicable law, or that is otherwise prohibited

7    from disclosure because to do so would cause Responding Party to violate legal and/or

8    contractual obligations to any other persons or entities.

9    Responding Party objects to this request on the grounds that, to the extent it seeks

10   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

11   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

12   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

13   action, and not reasonably calculated to lead to the discovery of admissible evidence.

14   Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

15   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

16   admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

17   of the alleged class period is November 25, 2007.

18   Responding Party objects to the extent this request seeks documents that are no longer

19   active or readily accessible in electronic form which renders this request overly broad and unduly

20   burdensome.

21   Responding Party objects to this request on the grounds that discovery of documents and

22   information related to foreign antitrust laws are not relevant to the allegations in the Complaint,

23   thus rendering this request overly broad, unduly burdensome, and not reasonably calculated to

24   lead to the discovery of admissible evidence.

25   Responding Party objects on the grounds that, to the extent this request seeks documents

26   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

27   information that is not relevant to the claim or defense of any party, not relevant to the subject

28   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

2    and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

3         Subject to and without waiving the general and specific objections stated above,

4    Responding Party declines to produce documents that may be responsive to this request.

5    **REQUEST NO. 38:**

6         All documents relating to the termination, retirement, discipline, discharge or suspension

7    of any director, officer, or employee who had any responsibility relating to the production,

8    manufacture, distribution, marketing, pricing or sale of CRTs or CRT Products.

9    **RESPONSE TO REQUEST NO. 38:**

10        Responding Party reasserts and incorporates each of the General Objections and

11   Objections to Definitions and Instructions set forth above.

12        Responding Party objects to this request on the grounds that it is overly broad, unduly

13   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

14   including to the extent that it seeks the discovery of documents regarding Responding Party's

15   sales outside of the United States and unrelated to United States commerce, as such sales are

16   beyond the scope of this litigation and thereby render the Document Requests overly broad,

17   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

18   evidence.

19        Responding Party objects to this request on the grounds that it seeks production of

20   documents protected by the attorney-client privilege, work product doctrine, joint defense or

21   common interest privilege, or by any other applicable doctrine or privilege.

22        Responding Party objects to this request on the grounds it seeks information and/or

23   documents that would disclose confidential information protected by any and all rights of privacy

24   under the United States Constitution or any other applicable law, or that is otherwise prohibited

25   from disclosure because to do so would cause Responding Party to violate legal and/or

26   contractual obligations to any other persons or entities.

27        Responding Party objects to this request on the grounds that, to the extent it seeks

28   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                              -106-                                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

2   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

3   action, and not reasonably calculated to lead to the discovery of admissible evidence.

4        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

5   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

6   admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

7   of the alleged class period is November 25, 2007.

8        Responding Party objects to the extent this request seeks documents that are no longer

9   active or readily accessible in electronic form which renders this request overly broad and unduly

10   burdensome.

11        Responding Party objects on the grounds that, to the extent this request seeks documents

12   not related to the allegations in the Complaint, this request is overly broad and unduly

13   burdensome, and purports to call for information that is not relevant to the claim or defense of

14   any party, not relevant to the subject matter involved in this action, and not reasonably calculated

15   to lead to the discovery of admissible evidence.

16        Responding Party objects to this request on the grounds that it seeks information in excess

17   of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no

18   discovery shall be conducted in this case (including, without limitation, document requests,

19   interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury

20   proceedings concerning CRTs or CRT products, including any party's or witness's

21   communications with the United States, or with any grand jury investigating CRTs or CRT

22   products, except by the order of the Court upon good cause shown and consistent with governing

23   law."  Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

24        Responding Party objects on the grounds that, to the extent this request seeks documents

25   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

26   information that is not relevant to the claim or defense of any party, not relevant to the subject

27   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

28   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

2           Subject to and without waiving the general and specific objections stated above,

3    Responding Party declines to produce documents that may be responsive to this request.

4    **REQUEST NO. 39:**

5           All documents referring or relating to the named plaintiffs in this litigation.

6    **RESPONSE TO REQUEST NO. 39:**

7           Responding Party reasserts and incorporates each of the General Objections and

8    Objections to Definitions and Instructions set forth above.

9           Responding Party objects to this request on the grounds that it is overly broad, unduly

10   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

11   including to the extent that it seeks the discovery of documents regarding Responding Party's

12   sales outside of the United States and unrelated to United States commerce, as such sales are

13   beyond the scope of this litigation and thereby render the Document Requests overly broad,

14   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

15   evidence.

16          Responding Party objects to this request on the grounds that it seeks production of

17   documents protected by the attorney-client privilege, work product doctrine, joint defense or

18   common interest privilege, or by any other applicable doctrine or privilege.

19          Responding Party objects to this request on the grounds it seeks information and/or

20   documents that would disclose confidential information protected by any and all rights of privacy

21   under the United States Constitution or any other applicable law, or that is otherwise prohibited

22   from disclosure because to do so would cause Responding Party to violate legal and/or

23   contractual obligations to any other persons or entities.

24          Responding Party objects to this request on the grounds that, to the extent it seeks

25   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

26   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

27   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

28   action, and not reasonably calculated to lead to the discovery of admissible evidence.

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

2    and not relevant, rendering the request not reasonably calculated to lead to the discovery of

3    admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

4    of the alleged class period is November 25, 2007.

5    Responding Party objects to the extent this request seeks documents or information that is

6    not within the possession, custody, or control of Responding Party.

7    Responding Party objects to the extent this request seeks documents or information that

8    require discovery of information and materials from third-parties or sources that are equally if not

9    more accessible to Plaintiffs.

10    Subject to and without waiving the general and specific objections stated above,

11    Responding Party declines to produce documents that may be responsive to this request.

12    **REQUEST NO. 40:**

13    All documents that you claim would have been available to the plaintiffs or any purchaser

14    of CRTs or CRT Products prior to November 2007, which should have caused the Plaintiffs or

15    any such purchaser to investigate whether there was a conspiracy to fix, raise, maintain or

16    stabilize the prices or to control or restrict sales of CRTs or CRT Products in the United States.

17    **RESPONSE TO REQUEST NO. 40:**

18    Responding Party reasserts and incorporates each of the General Objections and

19    Objections to Definitions and Instructions set forth above.

20    Responding Party objects to this request on the grounds that it is overly broad, unduly

21    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

22    including to the extent that it seeks the discovery of documents regarding Responding Party's

23    sales outside of the United States and unrelated to United States commerce, as such sales are

24    beyond the scope of this litigation and thereby render the Document Requests overly broad,

25    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

26    evidence.

27    Responding Party objects to this request on the grounds that it seeks production of

28    documents protected by the attorney-client privilege, work product doctrine, joint defense or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                                              -109-                                              MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    common interest privilege, or by any other applicable doctrine or privilege.

2         Responding Party objects to this request on the grounds it seeks information and/or

3    documents that would disclose confidential information protected by any and all rights of privacy

4    under the United States Constitution or any other applicable law, or that is otherwise prohibited

5    from disclosure because to do so would cause Responding Party to violate legal and/or

6    contractual obligations to any other persons or entities.

7         Responding Party objects to this request on the grounds that, to the extent it seeks

8    documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

9    ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

10   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

11   action, and not reasonably calculated to lead to the discovery of admissible evidence.

12        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

13   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

14   admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

15   of the alleged class period is November 25, 2007.

16        Responding Party objects to the extent this request seeks documents that are no longer

17   active or readily accessible in electronic form which renders this request overly broad and unduly

18   burdensome.

19        Responding Party objects to the extent this request seeks documents or information that is

20   not within the possession, custody, or control of Responding Party.

21        Responding Party objects to the extent this request seeks documents or information that

22   require discovery of information and materials from third-parties or sources that are equally if not

23   more accessible to Plaintiffs.

24        Responding Party objects to this request as inappropriately propounded as a document

25   request, as it seeks information more easily obtainable through other means and/or as to which

26   Plaintiffs bear the burden of proof.

27        Responding Party objects to the extent this request is argumentative and assumes facts not

28   in evidence.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                          -110-                              MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1      Subject to and without waiving the general and specific objections stated above,

2   Responding Party declines to produce documents that may be responsive to this request.

3   **REQUEST NO. 41:**

4      All documents relating to any refusal by you or any other manufacturer of CRTs or CRT

5   Products to quote or bid for business or to supply CRTs or CRT Products to a customer, or to

6   intentionally quote a price or bid you believed or the other manufacturer believed would be higher

7   than a quote or bid by another manufacturer or seller of CRTs or CRT Products.

8   **RESPONSE TO REQUEST NO. 41:**

9      Responding Party reasserts and incorporates each of the General Objections and

10  Objections to Definitions and Instructions set forth above.

11      Responding Party objects to this request on the grounds that it is overly broad, unduly

12  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

13  including to the extent that it seeks the discovery of documents regarding Responding Party's

14  sales outside of the United States and unrelated to United States commerce, as such sales are

15  beyond the scope of this litigation and thereby render the Document Requests overly broad,

16  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

17  evidence.

18      Responding Party objects to this request on the grounds that it seeks production of

19  documents protected by the attorney-client privilege, work product doctrine, joint defense or

20  common interest privilege, or by any other applicable doctrine or privilege.

21      Responding Party objects to this request on the grounds it seeks information and/or

22  documents that would disclose confidential information protected by any and all rights of privacy

23  under the United States Constitution or any other applicable law, or that is otherwise prohibited

24  from disclosure because to do so would cause Responding Party to violate legal and/or

25  contractual obligations to any other persons or entities.

26      Responding Party objects to this request on the grounds that, to the extent it seeks

27  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

28  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    relevant to the claim or defense of any party, not relevant to the subject matter involved in this

2    action, and not reasonably calculated to lead to the discovery of admissible evidence.

3            Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

4    and not relevant, rendering the request not reasonably calculated to lead to the discovery of

5    admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

6    of the alleged class period is November 25, 2007.

7            Responding Party objects to the extent this request seeks documents or information that is

8    not within the possession, custody, or control of Responding Party.

9            Responding Party objects to the extent this request seeks documents or information that

10   require discovery of information and materials from third-parties or sources that are equally if not

11   more accessible to Plaintiffs.

12           Responding Party objects that the terms "refusal," "quote," "bid," "supply," and

13   "intentionally" are vague, ambiguous, and unintelligible, rendering the request overly broad and

14   unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of

15   admissible evidence.

16           Responding Party objects to the extent this request calls for Responding Party to answer

17   on behalf of third parties by seeking documents relating to what "the other manufacturer

18   believed."  Responding Party will respond on behalf of Hitachi America, Ltd. only.

19           Responding Party objects on the grounds that, to the extent this request seeks documents

20   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

21   information that is not relevant to the claim or defense of any party, not relevant to the subject

22   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

23   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

24   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

25           Responding Party objects on the grounds that, to the extent Responding Party produces

26   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

27   produced again.

28           Responding Party objects that to the extent documents responsive to this request have

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                                   -112-                                   MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    previously been produced, they will not be produced again.

2        Subject to and without waiving the general and specific objections stated above,

3    Responding Party responds that it will make reasonable, not unduly burdensome efforts to

4    identify documents responsive to this request within the Limitations Period and, if any, will

5    produce non-privileged, responsive documents.

6    **REQUEST NO. 42:**

7        All documents and electronic data that relate to the relationship between the sale price of

8    CRT Products and the cost of CRTs and/or any other component of CRT Products.

9    **RESPONSE TO REQUEST NO. 42:**

10       Responding Party reasserts and incorporates each of the General Objections and

11    Objections to Definitions and Instructions set forth above.

12       Responding Party objects to this request on the grounds that it is overly broad, unduly

13    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

14    including to the extent that it seeks the discovery of documents regarding Responding Party's

15    sales outside of the United States and unrelated to United States commerce, as such sales are

16    beyond the scope of this litigation and thereby render the Document Requests overly broad,

17    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

18    evidence.

19       Responding Party objects to this request on the grounds that it seeks production of

20    documents protected by the attorney-client privilege, work product doctrine, joint defense or

21    common interest privilege, or by any other applicable doctrine or privilege.

22       Responding Party objects to this request on the grounds it seeks information and/or

23    documents that would disclose confidential information protected by any and all rights of privacy

24    under the United States Constitution or any other applicable law, or that is otherwise prohibited

25    from disclosure because to do so would cause Responding Party to violate legal and/or

26    contractual obligations to any other persons or entities.

27       Responding Party objects to this request on the grounds that, to the extent it seeks

28    documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

2  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

3  action, and not reasonably calculated to lead to the discovery of admissible evidence.

4  Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

5  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

6  admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

7  of the alleged class period is November 25, 2007.

8  Responding Party objects to the extent this request seeks documents or information that is

9  not within the possession, custody, or control of Responding Party.

10  Responding Party objects to the extent this request seeks documents or information that

11  require discovery of information and materials from third-parties or sources that are equally if not

12  more accessible to Plaintiffs.

13  Responding Party objects to the extent this request seeks documents that are no longer

14  active or readily accessible in electronic form which renders this request overly broad and unduly

15  burdensome.

16  Responding Party objects that the terms "relate to the relationship" and "component" are

17  vague, ambiguous, and unintelligible, rendering the Document Request overly broad and unduly

18  burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible

19  evidence.

20  Responding Party objects to this request to the extent this request is duplicative of

21  Requests Nos. 5, 8, 14 and 23 of the Document Requests, to the extent this request seeks

22  documents related to prices, sales data, or conditions of supply and demand for CRTs or CRT

23  Products.

24  Responding Party objects on the grounds that, to the extent Responding Party produces

25  documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

26  produced again.

27  Responding Party objects that to the extent documents responsive to this request have

28  previously been produced, they will not be produced again.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
DB2/21720542.2                    -114-                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   Subject to and without waiving the general and specific objections stated above,

2   Responding Party responds that it will make reasonable, not unduly burdensome efforts to

3   identify documents responsive to this request within the Limitations Period and, if any, will

4   produce non-privileged, responsive documents.

5   **REQUEST NO. 43:**

6   All documents and electronic data, including, but not limited to, any studies or analyses,

7   that reflect, refer, or relate to how the price of CRTs or CRT Products sold by you or by any of

8   your competitors affected the prices of CRT Products resold by third parties to others including,

9   but not limited, end-user purchasers of CRT Products such as the classes identified in the Indirect

10  Purchaser Plaintiffs' Consolidated Amended Complaint.

11  **RESPONSE TO REQUEST NO. 43:**

12  Responding Party reasserts and incorporates each of the General Objections and

13  Objections to Definitions and Instructions set forth above.

14  Responding Party objects to this request on the grounds that it is overly broad, unduly

15  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

16  including to the extent that it seeks the discovery of documents regarding Responding Party's

17  sales outside of the United States and unrelated to United States commerce, as such sales are

18  beyond the scope of this litigation and thereby render the Document Requests overly broad,

19  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

20  evidence.

21  Responding Party objects to this request on the grounds that it seeks production of

22  documents protected by the attorney-client privilege, work product doctrine, joint defense or

23  common interest privilege, or by any other applicable doctrine or privilege.

24  Responding Party objects to this request on the grounds it seeks information and/or

25  documents that would disclose confidential information protected by any and all rights of privacy

26  under the United States Constitution or any other applicable law, or that is otherwise prohibited

27  from disclosure because to do so would cause Responding Party to violate legal and/or

28  contractual obligations to any other persons or entities.

1    Responding Party objects to this request on the grounds that, to the extent it seeks

2    documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

3    ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

4    relevant to the claim or defense of any party, not relevant to the subject matter involved in this

5    action, and not reasonably calculated to lead to the discovery of admissible evidence.

6    Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

7    and not relevant, rendering the request not reasonably calculated to lead to the discovery of

8    admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

9    of the alleged class period is November 25, 2007.

10    Responding Party objects to the extent this request seeks documents or information that is

11    not within the possession, custody, or control of Responding Party.

12    Responding Party objects to the extent this request seeks documents or information that

13    require discovery of information and materials from third-parties or sources that are equally if not

14    more accessible to Plaintiffs.

15    Responding Party objects to the extent this request seeks documents that are no longer

16    active or readily accessible in electronic form which renders this request overly broad and unduly

17    burdensome.

18    Responding Party objects that the phrases "studies or analyses," "reflect, refer, or relate,"

19    "affected," "resold," and "end-user purchasers" are vague, ambiguous, and unintelligible,

20    rendering the request overly broad and unduly burdensome, not relevant and not reasonably

21    calculated to lead to the discovery of admissible evidence.

22    Responding Party objects to this request to the extent this request is duplicative of

23    Requests Nos. 5, 8, 14 and 23 of the Document Requests, to the extent this request seeks

24    documents related to prices, sales data, or conditions of supply and demand for CRTs or CRT

25    Products.

26    Responding Party objects on the grounds that, to the extent Responding Party produces

27    documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

28    produced again.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                              -116-                              MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    Responding Party objects that to the extent documents responsive to this request have

2    previously been produced, they will not be produced again.

3    Subject to and without waiving the general and specific objections stated above,

4    Responding Party responds that it will make reasonable, not unduly burdensome efforts to

5    identify documents responsive to this request within the Limitations Period and, if any, will

6    produce non-privileged, responsive documents.

7    **REQUEST NO. 44:**

8    All documents and electronic data, including, but not limited to, any studies or analyses

9    that reflect, refer or relate to the extent to which original equipment manufacturers, original

10   design manufacturers, retailers, distributors or any other entities involved in the manufacture,

11   distribution, or resale of CRT Products, pass through the cost of CRTs or CRT Products to their

12   respective customers.

13   **RESPONSE TO REQUEST NO. 44:**

14   Responding Party reasserts and incorporates each of the General Objections and

15   Objections to Definitions and Instructions set forth above.

16   Responding Party objects to this request on the grounds that it is overly broad, unduly

17   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

18   including to the extent that it seeks the discovery of documents regarding Responding Party's

19   sales outside of the United States and unrelated to United States commerce, as such sales are

20   beyond the scope of this litigation and thereby render the Document Requests overly broad,

21   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

22   evidence.

23   Responding Party objects to this request on the grounds that it seeks production of

24   documents protected by the attorney-client privilege, work product doctrine, joint defense or

25   common interest privilege, or by any other applicable doctrine or privilege.

26   Responding Party objects to this request on the grounds it seeks information and/or

27   documents that would disclose confidential information protected by any and all rights of privacy

28   under the United States Constitution or any other applicable law, or that is otherwise prohibited

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                                    -117-                                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   from disclosure because to do so would cause Responding Party to violate legal and/or

2   contractual obligations to any other persons or entities.

3       Responding Party objects to this request on the grounds that, to the extent it seeks

4   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

5   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

6   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

7   action, and not reasonably calculated to lead to the discovery of admissible evidence.

8       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

9   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

10  admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

11  of the alleged class period is November 25, 2007.

12      Responding Party objects to the extent this request seeks documents or information that is

13  not within the possession, custody, or control of Responding Party.

14      Responding Party objects to the extent this request seeks documents or information that

15  require discovery of information and materials from third-parties or sources that are equally if not

16  more accessible to Plaintiffs.

17      Responding Party objects to the extent this request seeks documents that are no longer

18  active or readily accessible in electronic form which renders this request overly broad and unduly

19  burdensome.

20      Responding Party objects that the phrases "studies or analyses," "reflect, refer, or relate,"

21  and "pass through" are vague, ambiguous, and unintelligible, rendering the request overly broad

22  and unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of

23  admissible evidence.

24      Responding Party objects that the phrase "pass through" calls for a legal conclusion.

25      Responding Party objects on the grounds that, to the extent Responding Party produces

26  documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

27  produced again.

28      Responding Party objects that to the extent documents responsive to this request have

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                                -118-                                MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    previously been produced, they will not be produced again.

2          Subject to and without waiving the general and specific objections stated above,

3    Responding Party responds that it will make reasonable, not unduly burdensome efforts to

4    identify documents responsive to this request within the Limitations Period and, if any, will

5    produce non-privileged, responsive documents.

6    **REQUEST NO. 45:**

7          All documents and electronic data, including, but not limited to, any studies or analyses

8    that reflect, refer or relate to the distribution channels for CRTs or CRT Products from you to end

9    users such as the classes identified in the Indirect Purchasers' Consolidated Amended Complaint,

10   including, but not limited to, the specific entities in the distribution chain(s); the CRTs or CRT

11   Products sold by these entities; and the amount of CRTs or CRT Products sold by these entities.

12   **RESPONSE TO REQUEST NO. 45:**

13         Responding Party reasserts and incorporates each of the General Objections and

14   Objections to Definitions and Instructions set forth above.

15         Responding Party objects to this request on the grounds that it is overly broad, unduly

16   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

17   including to the extent that it seeks the discovery of documents regarding Responding Party's

18   sales outside of the United States and unrelated to United States commerce, as such sales are

19   beyond the scope of this litigation and thereby render the Document Requests overly broad,

20   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

21   evidence.

22         Responding Party objects to this request on the grounds that it seeks production of

23   documents protected by the attorney-client privilege, work product doctrine, joint defense or

24   common interest privilege, or by any other applicable doctrine or privilege.

25         Responding Party objects to this request on the grounds it seeks information and/or

26   documents that would disclose confidential information protected by any and all rights of privacy

27   under the United States Constitution or any other applicable law, or that is otherwise prohibited

28   from disclosure because to do so would cause Responding Party to violate legal and/or

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    contractual obligations to any other persons or entities.

2          Responding Party objects to this request on the grounds that, to the extent it seeks

3    documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

4    ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

5    relevant to the claim or defense of any party, not relevant to the subject matter involved in this

6    action, and not reasonably calculated to lead to the discovery of admissible evidence.

7          Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

8    and not relevant, rendering the request not reasonably calculated to lead to the discovery of

9    admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

10   of the alleged class period is November 25, 2007.

11         Responding Party objects to the extent this request seeks documents or information that is

12   not within the possession, custody, or control of Responding Party.

13         Responding Party objects to the extent this request seeks documents or information that

14   require discovery of information and materials from third-parties or sources that are equally if not

15   more accessible to Plaintiffs.

16         Responding Party objects to the extent this request seeks documents that are no longer

17   active or readily accessible in electronic form which renders this request overly broad and unduly

18   burdensome.

19         Responding Party objects that the phrases "studies or analyses," "reflect, refer, or relate,"

20   "distribution channels," "end users," and "distribution chain(s)" are vague, ambiguous, and

21   unintelligible, rendering the request overly broad and unduly burdensome, not relevant and not

22   reasonably calculated to lead to the discovery of admissible evidence.

23         Responding Party objects to this request to the extent this request is duplicative of

24   Requests Nos. 25, 27, and 28 of the Document Requests, to the extent this request seeks

25   documents related to communications or meetings with distributors or about distribution

26   channels, or seeks any documents related to distribution channels that are already identified in

27   Request No. 28.

28         Responding Party objects on the grounds that, to the extent this request seeks documents

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

2    information that is not relevant to the claim or defense of any party, not relevant to the subject

3    matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

4    evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

5    and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

6        Responding Party objects on the grounds that, to the extent Responding Party produces

7    documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

8    produced again.

9        Responding Party objects that to the extent documents responsive to this request have

10   previously been produced, they will not be produced again.

11       Subject to and without waiving the general and specific objections stated above,

12   Responding Party responds that it will make reasonable, not unduly burdensome efforts to

13   identify documents responsive to this request within the Limitations Period and, if any, will

14   produce non-privileged, responsive documents.

15   **REQUEST NO. 46:**

16       All documents and electronic data, including, but not limited to, any studies or analyses

17   that reflect, refer, or relate to retail prices, resale prices, or street prices of CRTs or CRT Products.

18   **RESPONSE TO REQUEST NO. 46:**

19       Responding Party reasserts and incorporates each of the General Objections and

20   Objections to Definitions and Instructions set forth above.

21       Responding Party objects to this request on the grounds that it is overly broad, unduly

22   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

23   including to the extent that it seeks the discovery of documents regarding Responding Party's

24   sales outside of the United States and unrelated to United States commerce, as such sales are

25   beyond the scope of this litigation and thereby render the Document Requests overly broad,

26   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

27   evidence.

28       Responding Party objects to this request on the grounds that it seeks production of

DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   documents protected by the attorney-client privilege, work product doctrine, joint defense or

2   common interest privilege, or by any other applicable doctrine or privilege.

3       Responding Party objects to this request on the grounds it seeks information and/or

4   documents that would disclose confidential information protected by any and all rights of privacy

5   under the United States Constitution or any other applicable law, or that is otherwise prohibited

6   from disclosure because to do so would cause Responding Party to violate legal and/or

7   contractual obligations to any other persons or entities.

8       Responding Party objects to this request on the grounds that, to the extent it seeks

9   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

10  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

11  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

12  action, and not reasonably calculated to lead to the discovery of admissible evidence.

13      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

14  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

15  admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

16  of the alleged class period is November 25, 2007.

17      Responding Party objects to the extent this request seeks documents or information that is

18  not within the possession, custody, or control of Responding Party.

19      Responding Party objects to the extent this request seeks documents or information that

20  require discovery of information and materials from third-parties or sources that are equally if not

21  more accessible to Plaintiffs.

22      Responding Party objects to the extent this request seeks documents that are no longer

23  active or readily accessible in electronic form which renders this request overly broad and unduly

24  burdensome.

25      Responding Party objects that the phrases "studies or analyses," "reflect, refer, or relate,"

26  "retail prices," "resale prices," and "street prices" are vague, ambiguous, and unintelligible,

27  rendering the request overly broad and unduly burdensome, not relevant and not reasonably

28  calculated to lead to the discovery of admissible evidence.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                          -122-                          MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to this request to the extent this request is duplicative of

2  Requests Nos. 5 and 8 of the Document Requests.

3    Responding Party objects on the grounds that, to the extent this request seeks documents

4  related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

5  information that is not relevant to the claim or defense of any party, not relevant to the subject

6  matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

7  evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

8  and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

9    Responding Party objects on the grounds that, to the extent Responding Party produces

10  documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

11  produced again.

12    Responding Party objects that to the extent documents responsive to this request have

13  previously been produced, they will not be produced again.

14    Subject to and without waiving the general and specific objections stated above,

15  Responding Party responds that it will make reasonable, not unduly burdensome efforts to

16  identify documents responsive to this request within the Limitations Period and, if any, will

17  produce non-privileged, responsive documents.

18

19  Dated: May 28, 2010                         MORGAN, LEWIS & BOCKIUS LLP

20

21                                              By _____
                                                       Diane L. Webb
22

23                                              Attorneys for Defendants
                                                HITACHI AMERICA, LTD.
24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21720542.2                              -123-                              MDL 1917
      DEFENDANT HITACHI AMERICA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF
         REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS