# Exhibit N

**to**
**Webb Declaration**

# Exhibit N

**to**
**Webb Declaration**

KENT M. ROGER, State Bar No. 95987
DIANE L. WEBB, State Bar No. 197851
MICHELLE PARK CHIU, State Bar No. 248421
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, California 94105-1126
Telephone:    415.442.1000
Facsimile:    415.442.1001
E-mail:   kroger@morganlewis.com
          dwebb@morganlewis.com
          mchiu@morganlewis.com

Attorneys for Defendant
HITACHI ASIA, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. C07-5944 SC |
| | **MDL NO. 1917** |
| | Judge: Hon. Samuel Conti |
| | Special Master: Hon. Charles A. Legge (Ret.) |
| This Document Relates To:<br><br>DIRECT PURCHASER ACTION | **DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:        DIRECT PURCHASER PLAINTIFFS

RESPONDING PARTY:        HITACHI ASIA, LTD.

SET NUMBER:        ONE (Nos. 1-5)

        Defendant Hitachi Asia, Ltd. ("Responding Party") hereby objects and responds to Direct

Purchaser Plaintiffs' ("Plaintiffs" or "Requesting Party") First Set of Requests for the Production

of Documents ("Document Requests") served on March 12, 2010, and each document request set

forth therein ("Responses"), as follows.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21652241.3                                    -1-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

# GENERAL OBJECTIONS

1.      Responding Party's responses are based upon information and writings available to and located by Responding Party as of the date of service of these Responses.  Responding Party has not completed its investigation of the facts relating to the Document Requests, and all of the information supplied and documents and things produced are based only on such information and documents that are reasonably available and specifically known to Responding Party as of the date of service of its response.

2.      No express, incidental or implied admissions are intended by these Responses. The fact that Responding Party agrees to provide information in response to a particular request is not intended and shall not be construed as an admission that Responding Party accepts or admits the existence of any such information set forth in or assumed by such request, or that any such information and/or document constitutes admissible evidence.  The fact that Responding Party agrees to provide information in response to a particular request is not intended and shall not be construed as a waiver by Responding Party of any part of any objection to such request or any part of any general objection made herein.

3.      Responding Party reserves the right to change, amend, or supplement its objections at a later date.  If Plaintiffs assert an interpretation of any aspect of the Document Requests or any of the requests therein that is different from that made by Responding Party, Responding Party reserves the right to supplement its objections if such interpretations made by Plaintiffs are held to be applicable.

4.      Responding Party objects to the Document Requests, and each request therein, to the extent they are vague, ambiguous, or contain terms that are insufficiently defined.

5.      Responding Party objects to the Document Requests, and each request therein, as overly broad, unduly burdensome, oppressive and beyond the proper scope of discovery.

6.      If multiple, identical copies of any document are responsive to the requests herein, only one representative copy will be produced.  Producing more than one identical copy is unduly burdensome and oppressive.

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

7. Responding Party objects to the Document Requests, and each request therein, to the extent they seek documents and materials on matters not relevant to the subject matter of this action, not admissible in evidence, and not reasonably calculated to lead to the discovery of admissible evidence.

8. Responding Party objects to the Document Requests, and each request therein, to the extent they seek to impose on it discovery obligations inconsistent with, or not authorized under, the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

9. Responding Party objects to the Document Requests, and to each request therein, to the extent they seek to impose on it discovery obligations inconsistent with, or not authorized under, the Local Rules of the United States District Court in and for the Northern District of California (the "Local Rules").

10. Responding Party objects to the Document Requests, and to each request therein, to the extent they seek to impose on it discovery obligations exceeding the scope of the Stipulation and Order to Extend Limited Discovery Stay that the Court entered on January 5, 2010 (the "Stay Order").

11. Responding Party objects to the Document Requests, and each request therein, to the extent they seek documents and information that are beyond the scope of the Sherman Antitrust Act, 15 U.S.C. § 1.

12. Responding Party objects to the Document Requests, and each request therein, to the extent they fail to describe the documents and things sought with a reasonable degree of specificity.

13. Responding Party shall attempt to construe the terms and phrases used by Plaintiffs in a way to give those terms and phrases a meaning which will result in the production of relevant information or information designed to lead to the discovery of admissible evidence.

14. Responding Party objects to the Document Requests, and each request therein, to the extent they seek the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1   litigation and thereby render the Document Requests overly broad, unduly burdensome, and not

2   reasonably calculated to lead to the discovery of admissible evidence.

3          15.     Responding Party objects to the Document Requests, and each request therein, to

4   the extent they seek documents, including but not limited to electronic documents, the disclosure

5   of which is prohibited by a law, regulation, or order of a court or other authority of a foreign

6   jurisdiction in which the documents are located.

7          16.     Responding Party objects to the Document Requests, and each request therein, to

8   the extent they seek documents that are no longer active or readily accessible on Responding

9   Party's database but might exist in electronic archives or back-up files.  Responding Party will

10  not rebuild these electronic archives and back-up files in order to search for documents that may

11  be responsive to the Document Requests.  Based on the dates of the information sought, a portion

12  of Responding Party's potential responsive data will likely not be on active databases.

13         17.     Responding Party objects to the Document Requests, and each request therein, to

14  the extent they seek to impose on Responding Party an obligation to investigate or discover

15  information or materials from third parties or sources who are equally accessible to Plaintiffs.

16         18.     Responding Party objects to the Document Requests and each request therein, to

17  the extent they contain duplicative requests, in whole or in part.  To the extent responsive

18  documents have previously been produced, they will not be produced again.

19         19.     Responding Party objects to the Document Requests, and each request therein, to

20  the extent that they purport to call for Responding Party to engage in an investigation or to obtain

21  information and/or documents not in its personal possession, custody or control.  In addition,

22  Responding Party objects to the extent the Document Requests require Responding Party to

23  respond and/or produce documents on behalf of any person or entity other than itself.

24         20.     Responding Party objects to the Document Requests, and each request therein, to

25  the extent that they seek documents that are in the public record or which are equally accessible to

26  the Plaintiffs as to Responding Party.

27         21.     Responding Party objects to the Document Requests, and each request therein, to

28  the extent that they attempt and/or purport to call for production of any information and/or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21652241.3          -4-          MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

documents that are privileged, including, but not limited to, documents and materials that were prepared in anticipation of litigation, ADR, or for trial, that reveal communications between Responding Party and its legal counsel, and/or that otherwise constitute attorney-work product, joint defense or common interest privilege, or by any other applicable doctrine or privilege, or that are otherwise privileged or immune from discovery.  Inadvertent testimony, production, or disclosure of any such information and/or document is not intended to and shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such testimony, information, and/or document, or with respect to the subject matter thereof.  Nor shall such inadvertent production or disclosure waive Responding Party's right to object to the use of any such testimony, information, and/or document during this action or in any other or subsequent proceeding.  Hence, Responding Party objects to each request to the extent each seeks testimony, documents, and information that are protected by the attorney-client privilege and/or the attorney work product doctrine.

22.     No response herein should be deemed or construed as a representation that Responding Party agrees with or acquiesces in the characterization of any fact, assumption or conclusion of law contained in or implied by the Document Requests.

23.     Responding Party objects to the Document Requests, and each request therein, to the extent they seek information and/or documents that would disclose proprietary information, trade secrets or other confidential research, development, or other confidential information, protected by the Uniform Trade Secrets Act, among others, any and all rights of privacy under the United States Constitution or Article I of the Constitution of the State of California, or any other applicable law or state constitution, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.  Where applicable, Responding Party's Responses to the Document Requests are subject to the provisions of the Stipulated Protective Order that the Court entered on June 18, 2008 (the "Protective Order").  Responding Party's Responses are hereby designated "Confidential" in accordance with the provisions of the Protective Order.

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

24.     By representing that it will or will not produce documents, Responding Party does not represent that such documents exist.

25.     Subject to and without waving any of the foregoing objections, each of which is expressly incorporated into each individual response below as if fully stated therein, Responding Party expressly reserves the following rights:

a.     Any and all testimony and information provided and/or documents produced by Responding Party in response to the Document Requests are and will remain subject to all objections as to relevance, materiality, propriety, and admissibility, as well as to any and all other objections on any grounds that would require the exclusion of the testimony, information, and/or document or any portion thereof if such testimony, information, and/or document was offered in evidence, all of which objections and grounds are hereby expressly reserved and may be interposed at the time of any written discovery, deposition, or at or before any hearing, arbitration or trial in this matter;

b.     The right to object on any ground whatsoever at any time to any demand for further responses to the Document Requests or any other discovery procedures involving or relating to the subject matter of the Document Requests; and

c.     The right to supplement the documents produced, or otherwise to supplement, revise or explain the information contained therein in light of information gathered through further investigation and discovery.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

**DEFINITION NO. 1:**

"All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

**OBJECTION TO DEFINITION NO. 1:**

No objection.

**DEFINITION NO. 2:**

"Any" shall be construed to mean "any and all."

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21652241.3                                    -6-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**OBJECTION TO DEFINITION NO. 2:**

No objection.

**DEFINITION NO. 3:**

"Defendant" means any company, organization, entity or person presently or subsequently named as a defendant in this litigation.

**OBJECTION TO DEFINITION NO. 3:**

Responding Party objects to this definition to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects to this definition on the ground it calls for a legal conclusion.

Responding Party objects to this definition as vague, ambiguous, unintelligible, overly broad to the extent it seeks documents and information that are not relevant to the subject matter of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome to search for and produce.

Responding Party objects to this definition to the extent it seeks information and documents that would disclose Responding Party's or a third party's respective trade secrets or other confidential research, development, or confidential information protected by the Uniform Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article One of the Constitution of the State of California, or any other applicable state constitution or law, or which is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal or contractual obligations to any other persons or entities.  Where it may be appropriate to do so and with adequate protections and limitations, Responding Party expressly reserves the right to provide such documents and/or information only pursuant to the Protective Order in this action.

Responding Party objects to this definition to the extent that it attempts or purports to call for the production of any information and/or documents that are privileged, that were prepared in anticipation of litigation or trial, that reveal communications between Responding Party and its legal counsel, that otherwise constitute attorney work product, are subject to the joint defense or

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1   common interest privilege, or that are otherwise privileged or immune from discovery.

2          Responding Party objects to this definition to the extent it is intended to include persons

3   or entities other than Responding Party.  To the extent and in the context a request uses the term

4   "Defendant," Responding Party understands that the request and its obligations only extend to

5   information and/or documents within Responding Party's possession, custody or control.

6          Responding Party objects to this definition to the extent that it calls for documents or

7   information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

8   definition to the extent that it requires Responding Party to respond and/or produce documents or

9   information on behalf of any person or entity other than itself.

10          Responding Party will respond on behalf of Hitachi Asia, Ltd. only.

11   **DEFINITION NO. 4:**

12          "Document" means without limitation, the original and all non-identical copies of all

13   items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure.  This definition

14   includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars,

15   diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports,

16   compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures,

17   circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes,

18   film and sound reproductions, e-mails, internal or external web sites, compact discs, computer

19   files and disks, sales, advertising and promotional literature, agreements, stored recordings,

20   minutes or other records of meetings, all written or graphic records or representations of any kind,

21   and all mechanical or electronic data, records or representations of any kind.

22   **OBJECTION TO DEFINITION NO. 4:**

23          Responding Party objects to this definition to the extent that it seeks to expand the scope

24   of Rule 34 of the Federal Rules of Civil Procedure.

25          Responding Party also objects to this definition as overly broad to the extent it seeks

26   documents and/or information that are not relevant to the subject matter of this action, not

27   admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence,

28   and unduly burdensome to search for and produce.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21652241.3                    -8-                              MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**DEFINITION NO. 5:**

"Electronic data" includes, without limitation, the following:

a.     activity listings of electronic mail receipts and/or transmittals;

b.     output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger™ (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

c.     any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant, *e.g.,* Palm Pilot, R.I.M., Blackberry, or similar device, and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein.

**OBJECTION TO DEFINITION NO. 5:**

Responding Party objects to this definition to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party also objects to this definition as overly broad to the extent it seeks documents and/or information that are not relevant to the subject matter of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome to search for and produce.

Responding Party objects to this definition to the extent it seeks documents that are no longer active or readily accessible on Responding Party's database but might exist in electronic archives or back-up files.  Responding Party will not rebuild these electronic archives and back-up files in order to search for documents that may be responsive to the Document Requests.  Based on the dates of the information sought, a portion of Responding Party's potential

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21652241.3
-9-
MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1  responsive data will likely not be on active databases.

2  **DEFINITION NO. 6:**

3     "Employee" means, without limitation, any current or former officer, director, executive,

4  manager, secretary, staff member, messenger, agent or other person who is or was employed by a

5  defendant.

6  **OBJECTION TO DEFINITION NO. 6:**

7     Responding Party objects to this definition to the extent it attempts to impose obligations

8  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

9  the Federal Rules of Civil Procedure.

10     Responding Party objects to this definition on the ground it calls for a legal conclusion.

11     Responding Party objects to this definition as vague, ambiguous, unintelligible, overly

12  broad to the extent it seeks documents and information that are not relevant to the subject matter

13  of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of

14  admissible evidence, and unduly burdensome to search for and produce.

15     Responding Party objects to this definition to the extent it seeks information and

16  documents that would disclose Responding Party's or a third party's respective trade secrets or

17  other confidential research, development, or confidential information protected by the Uniform

18  Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

19  One of the Constitution of the State of California, or any other applicable state constitution or

20  law, or which is otherwise prohibited from disclosure because to do so would cause Responding

21  Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

22  appropriate to do so and with adequate protections and limitations, Responding Party expressly

23  reserves the right to provide such information and/or documents only pursuant to the Protective

24  Order in this action.

25     Responding Party objects to this definition to the extent that it attempts or purports to call

26  for the production of any documents and/or information that are privileged, that were prepared in

27  anticipation of litigation or trial, that reveal communications between Responding Party and its

28  legal counsel, that otherwise constitute attorney work product, or that are otherwise privileged or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21652241.3                          -10-                          MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1    immune from discovery.

2         Responding Party objects to this definition to the extent it is intended to include persons

3    or entities other than Responding Party.  To the extent and in the context a request uses the term

4    "Defendant," Responding Party understands that the request and its obligations only extend to

5    documents and/or information within Responding Party's possession, custody or control.

6         Responding Party objects to this definition to the extent that it calls for documents and/or

7    information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

8    definition to the extent that it requires Responding Party to respond and/or produce documents

9    and/or information on behalf of any person or entity other than itself.

10        Responding Party will respond on behalf of Hitachi Asia, Ltd. only.

11   **<u>DEFINITION NO. 7:</u>**

12         "Including" is used to emphasize certain types of documents requested and should not be

13   construed as limiting the request in any way.

14   **<u>OBJECTION TO DEFINITION NO. 7:</u>**

15         No objection.

16   **<u>DEFINITION NO. 8:</u>**

17         "Or" and "and" should be construed so as to require the broadest possible response.  If, for

18   example, a request calls for information about "A or B" or "A and B," you should produce all

19   information about A and all information about B, as well as all information about A and B

20   collectively. In other words, "or" and "and" should be read as "and/or."

21   **<u>OBJECTION TO DEFINITION NO. 8:</u>**

22         No objection.

23   **<u>DEFINITION NO. 9:</u>**

24         "Relating to," "referring to," "regarding," or "with respect to" mean, without limitation,

25   the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing,

26   evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording,

27   summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21652241.3                    -11-                              MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**OBJECTION TO DEFINITION NO. 9:**

Responding Party objects to this definition to the extent it attempts to impose obligations on Responding Party and/or seeks documents, beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects to the expressions "relating to," "referring to," "regarding," or "with respect to" to the extent they mean more than comprising, or on its face discusses, pertains to or is connected with a well-defined, unambiguous and identifiable topic or subject matter.

Responding Party objects to this definition because responding to such overly broad, vague and ambiguous requests would be unduly burdensome and oppressive.

**DEFINITION NO. 10:**

"CRT" means cathode ray tube(s) and "CRT products" means products containing cathode ray tubes.

**OBJECTION TO DEFINITION NO. 10:**

Responding Party objects to this definition to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects to this definition on the ground the term "CRT Products" is vague, ambiguous, unintelligible, and overly broad to the extent it seeks documents and information that are not relevant to the subject matter of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome to search for and produce. Moreover, any discovery as to "CRT Products" that is not reasonably related to Plaintiffs' claims with respect to an alleged conspiracy involving CRTs is premature and overly burdensome until such time as Plaintiffs establish a reasonable basis for their claims regarding "CRT Products" to justify the enormous burden that Plaintiffs seek to impose on Responding Party by pursuing discovery as to all such products.

**DEFINITION NO. 11:**

"You," "your," or "your company" mean the responding defendant, its predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21652241.3     -12-     MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

organization or entity which the responding defendant manages or controls, together with all present and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding defendant.

**OBJECTION TO DEFINITION NO. 11:**

Responding Party objects to this definition to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects to this definition on the ground it calls for a legal conclusion.

Responding Party objects to this definition as vague, ambiguous, unintelligible, overly broad to the extent it seeks documents and information that are not relevant to the subject matter of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome to search for and produce.

Responding Party objects to this definition to the extent it seeks documents and information that would disclose Responding Party's or a third party's respective trade secrets or other confidential research, development, or confidential information protected by the Uniform Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article One of the Constitution of the State of California, or any other applicable state constitution or law, or which is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal or contractual obligations to any other persons or entities.  Where it may be appropriate to do so and with adequate protections and limitations, Responding Party expressly reserves the right to provide such information and/or documents only pursuant to the Protective Order in this action.

Responding Party objects to this definition to the extent that it attempts or purports to call for the production of any documents and/or information that are privileged, that were prepared in anticipation of litigation or trial, that reveal communications between Responding Party and its legal counsel, that otherwise constitute attorney work product, are subject to the joint defense or common interest privilege, or that are otherwise privileged or immune from discovery.

Responding Party objects to this definition to the extent it is intended to include persons

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21652241.3
-13-
MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

or entities other than Responding Party.  To the extent and in the context a request uses the terms "you," "your" or "your company", Responding Party understands that the request and its obligations only extend to documents and/or information within Responding Party's possession, custody or control.

Responding Party objects to this definition to the extent that it calls for documents and/or information beyond Responding Party's knowledge.  In addition, Responding Party objects to this definition to the extent that it requires Responding Party to respond and/or produce documents and/or information on behalf of any person or entity other than itself.

Responding Party will respond on behalf of Hitachi Asia, Ltd. only.

**INSTRUCTION NO. 1:**

Unless otherwise noted, the relevant time period for these document requests is January 1, 1995 through the present (the "relevant time period").  These document requests seek all responsive documents created or generated during the relevant time period, as well as responsive documents created or generated outside the relevant time period, but which contain information concerning the relevant time period.

**OBJECTION TO INSTRUCTION NO. 1:**

Responding Party objects to this instruction on the grounds it is vague, ambiguous, unintelligible, overbroad and seeks information or materials on matters not relevant to the subject matter of this action, not admissible in evidence, and not reasonably calculated to lead to the discovery of admissible evidence.

The "Relevant Time Period" as defined in this instruction exceeds the putative class period, which begins on January 1, 1995 and ends on November 25, 2007 (Direct Purchaser Plaintiffs' Consolidated Amended Complaint ¶ 1), and seeks documents and information beyond the statute of limitations.  Judge Conti has directed the parties to Judge Legge to develop procedures for the early resolution of statute of limitations issues and to reduce the burden in connection therewith.  Responding Party believes it is premature for it to have to produce any documents from prior to the statute of limitations period until Judge Legge considers this issue and determines the proper scope of that burden.  For purposes of responding to these Document

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21652241.3                               -14-                               MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1  Requests, Responding Party will interpret "Relevant Time Period" to mean November 16, 2003

2  through November 25, 2007 (the "Limitations Period").

3  **INSTRUCTION NO. 2:**

4      To the extent documents responsive to any of these document requests have already been

5  produced to plaintiffs, there is no need to produce those documents a second time.  Instead, please

6  provide the bates numbers of any responsive documents already produced.

7  **OBJECTION TO INSTRUCTION NO. 2:**

8      Responding Party objects to this instruction to the extent it attempts to impose obligations

9  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

10  the Federal Rules of Civil Procedure.

11      Responding Party objects to this instruction on the ground it is unduly burdensome and

12  oppressive.

13  **INSTRUCTION NO. 3:**

14      Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these document requests

15  are continuing in nature so that if you subsequently discover or obtain possession, custody, or

16  control of any document covered by these requests, you shall promptly make any such document

17  available to plaintiffs.

18  **OBJECTION TO INSTRUCTION NO. 3:**

19      Responding Party objects to this definition to the extent it attempts to impose obligations

20  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

21  the Federal Rules of Civil Procedure.

22  **INSTRUCTION NO. 4:**

23      In producing documents and other materials, you are to furnish all documents or things in

24  your possession, custody or control, regardless of whether such documents or materials are

25  possessed directly by you or your employees, agents, parent company(ies), subsidiaries, affiliates,

26  investigators or by your attorneys or their employees, agents or investigators.

27  **OBJECTION TO INSTRUCTION NO. 4:**

28      Responding Party objects to this instruction to the extent it attempts to impose obligations

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21652241.3                     -15-                          MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1    on Responding Party and/or seeks documents beyond those required to be produced pursuant to

2    the Federal Rules of Civil Procedure.

3            Responding Party objects to this instruction on the ground it calls for a legal conclusion.

4            Responding Party objects to this instruction as vague, ambiguous, unintelligible, overly

5    broad to the extent it seeks documents and information that are not relevant to the subject matter

6    of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of

7    admissible evidence, and unduly burdensome to search for and produce.

8            Responding Party objects to this instruction to the extent it seeks documents and

9    information that would disclose Responding Party's or a third party's respective trade secrets or

10   other confidential research, development, or confidential information protected by the Uniform

11   Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

12   One of the Constitution of the State of California, or any other applicable state constitution or

13   law, or which is otherwise prohibited from disclosure because to do so would cause Responding

14   Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

15   appropriate to do so and with adequate protections and limitations, Responding Party expressly

16   reserves the right to provide such information and/or documents only pursuant to the Protective

17   Order in this action.

18           Responding Party objects to this instruction to the extent that it attempts or purports to call

19   for the production of any documents and/or information that are privileged, that were prepared in

20   anticipation of litigation or trial, that reveal communications between Responding Party and its

21   legal counsel, that otherwise constitute attorney work product, are subject to the joint defense or

22   common interest privilege, or that are otherwise privileged or immune from discovery.

23           Responding Party objects to this instruction to the extent it is intended to include persons

24   or entities other than Responding Party.  To the extent and in the context a request uses the terms

25   "you or your employees, agents, parent company(ies), subsidiaries, affiliates, investigators or by

26   your attorneys or their employees, agents or investigators," Responding Party understands that the

27   request and its obligations only extend to documents and/or information within Responding

28   Party's possession, custody or control.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21652241.3                                    -16-                                      MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1   Responding Party objects to this instruction to the extent that it calls for documents and/or

2   information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

3   instruction to the extent that it requires Responding Party to respond and/or produce documents

4   and/or information on behalf of any person or entity other than itself.

5   Responding Party will respond on behalf of Hitachi Asia, Ltd. only.

6   **INSTRUCTION NO. 5:**

7   Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, all documents shall be

8   produced in the same order as they are kept or maintained by you in the ordinary course of your

9   business.  All documents shall be produced in the file folder, envelope or other container in which

10  the documents are kept or maintained.  If for any reason the container cannot be produced, you

11  should produce copies of all labels or other identifying marks which may be present on the

12  container.

13  **OBJECTION TO INSTRUCTION NO. 5:**

14  Responding Party objects to this instruction to the extent it attempts to impose obligations

15  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

16  the Federal Rules of Civil Procedure.

17  **INSTRUCTION NO. 6:**

18  Documents shall be produced in such fashion as to identify the department, branch or

19  office in whose possession they were located and, where applicable, the natural person in whose

20  possession they were found and the business address of each document(s) custodian(s).

21  **OBJECTION TO INSTRUCTION NO. 6:**

22  Responding Party objects to this instruction to the extent it attempts to impose obligations

23  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

24  the Federal Rules of Civil Procedure.

25  Responding Party objects to this instruction on the ground it is unduly burdensome and

26  oppressive.

27  **INSTRUCTION NO. 7:**

28  Documents attached to one another should not be separated.  If any portion of any

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21652241.3                 -17-                    MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

document is responsive to any portion of the document requests below, then the entire document must be produced.

**OBJECTION TO INSTRUCTION NO. 7:**

Responding Party objects to this instruction to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

**INSTRUCTION NO. 8:**

If a document once existed and subsequently has been lost, destroyed or is otherwise missing, you should provide sufficient information to identify the document and state, in writing, the details, including whether the document:

a.    is lost or missing;

b.    has been destroyed and, if so, by whom at whose request;

c.    has been transferred or delivered, voluntarily or involuntarily, to another person or entity and at whose request; and/or

d.    has been otherwise disposed of.

**OBJECTION TO INSTRUCTION NO. 8:**

Responding Party objects to this instruction to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects on the grounds that it is impossible to identify, describe, and further explain the circumstances regarding every document that ever "once existed and subsequently has been lost, destroyed, or is otherwise missing." To the extent that it is even possible to identify, describe, and explain the circumstances regarding such documents, this investigation would impose a unique, time-consuming and unreasonable burden.

Responding Party objects to this instruction on the ground it is unduly burdensome and oppressive.

**INSTRUCTION NO. 9:**

In each instance in which a document once existed and subsequently is lost, missing,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21652241.3                                    -18-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1  destroyed, or otherwise disposed of, explain the circumstances surrounding the disposition of the
2  document, including, but not limited to:

3          a.      the identity of the person or entity who last possessed the document;

4          b.      the date or approximate date of the documents disposition; and

5          c.      the identity of all persons who have or had knowledge of the document's
6  contents.

7  **OBJECTION TO INSTRUCTION NO. 9:**

8          Responding Party objects to this instruction to the extent it attempts to impose obligations
9  on Responding Party and/or seeks documents beyond those required to be produced pursuant to
10  the Federal Rules of Civil Procedure.

11          Responding Party objects to this instruction on the ground it is unduly burdensome and
12  oppressive.

13  **INSTRUCTION NO. 10:**

14          If any document responsive to any of these requests is privileged, and the document or
15  any portion of the document requested is withheld based on a claim of privilege pursuant to Rule
16  26(b)(5) of the Federal Rules of Civil Procedure, provide a statement of the claim of privilege and
17  all facts relied upon in support of that claim, including the following information:

18          a.      the reason for withholding the document;

19          b.      the date of such communication;

20          c.      the medium of such communication;

21          d.      the general subject matter of such communication (such description shall
22  not be considered a waiver of your claimed privilege);

23          e.      the identity of any document that was the subject of such communication
24  and the present location of any such document;

25          f.      the identity of the persons involved in such communication;

26          g.      the identity of any document which records, refers, or relates to such
27  communication and present location of any such document;

28          h.      the paragraph or paragraphs of these requests for production of documents

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
DB2/21652241.3                    -19-                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1   to which such information is responsive.

2   **OBJECTION TO INSTRUCTION NO. 10:**

3       Responding Party objects to this instruction to the extent it attempts to impose obligations

4   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

5   the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

6   **INSTRUCTION NO. 11:**

7       Each document requested herein should be produced in its entirety and without deletion,

8   redaction or excisions, except as qualified by Instruction 10 above, regardless of whether you

9   consider the entire document or only part of it to be relevant or responsive to these document

10   requests.  If you have redacted any portion of a document, stamp the word "REDACTED" beside

11   the redacted information on each page of the document which you have redacted.  Any redactions

12   to documents produced should be identified in accordance with Instruction 10 above.

13   **OBJECTION TO INSTRUCTION NO. 11:**

14       Responding Party objects to this instruction to the extent it attempts to impose obligations

15   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

16   the Federal Rules of Civil Procedure.

17   **INSTRUCTION NO. 12:**

18       All documents produced should be Bates numbered sequentially, with a unique number on

19   each page, and with a prefix identifying the party producing the document.

20   **OBJECTION TO INSTRUCTION NO. 12:**

21       No objection.

22   **INSTRUCTION NO. 13:**

23       Pursuant to Federal Rule of Civil Procedure 34(b)(1 )(C), the responding party must

24   produce any electronically stored information ("ESI") in its native format.  If ESI in its native

25   format can only be accessed by proprietary or legacy software, the responding party must meet

26   and confer with plaintiffs' lead counsel so the receiving party shall receive all information and

27   software necessary to access the ESI.  Subject to the right under Rule 34(a) to sample, ESI from

28   proprietary databases may be produced in Excel or other mutually agreeable format.  ESI is to be

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

produced in Tagged Image File Format ("TIFF", or ".TIF") files.  TIFF files should be produced in single page format along with an image load file (DTI file) indicating document breaks.  The image load file should be compatible with Summation and Concordance.  Load files created in the process of converting ESI from the electronic format of the application in which the ESI is normally created, viewed, and/or modified ("metadata load file") must also be produced.  The metadata load files should contain any and all metadata identified within the data, including document text, file name, last accessed date and time, file created date and time, last modified date and time, and original path of document.  In the case of email, the load file should also include additional metadata including author, recipient, cc, bcc, date and time sent, and date and time received.  Load files should also contain a link to Excel spreadsheets and Access databases in native format and the Excel and Access files should be included in the production in native form in a directory structure that is identical to the target of the link.  Files should be accompanied by a reference file containing the MD5 hash value for each file. Load files should provide all parent/child or parent/sibling relationships.  Family ranges should also be provided. Other databases are to be produced in reasonably usable form.  Audio files are to be produced in MPEG-l Audio Layer 3 ("MP3") format and should be accompanied by a reference file containing the MD5 hash value for each file.  Bates numbers should be electronically branded to each page of ESI produced.  Gaps in bates numbers produced should be explained in a privilege log.  Please provide an index or other means to determine which files came from which office and/or person.

**OBJECTION TO INSTRUCTION NO. 13:**

Responding Party objects to this instruction to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects to this instruction to the extent it seeks documents and information that would disclose Responding Party's or a third party's respective trade secrets or other confidential research, development, or confidential information protected by the Uniform Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21652241.3                                    -21-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1  One of the Constitution of the State of California, or any other applicable state constitution or

2  law, including any copyright or license, or which is otherwise prohibited from disclosure because

3  to do so would cause Responding Party to violate legal or contractual obligations to any other

4  persons or entities.  Where it may be appropriate to do so and with adequate protections and

5  limitations, Responding Party expressly reserves the right to provide such information and/or

6  documents only pursuant to the Protective Order in this action.

7       Each of the foregoing General Objections and Objections to Definitions and Instructions

8  is incorporated into the following specific objections.  Accordingly, each specific objection is

9  made subject to, and without waiver of, the foregoing General Objections and Objections to

10  Definitions and Instructions.  Responding Party incorporates by reference each and every General

11  Objection and Objection to Definitions and Instructions into each and every specific response.

12  From time to time a specific response may repeat a General Objection or Object to the Definitions

13  and Instructions for emphasis or some other reason.  The failure to repeat any General Objection

14  or Objection to the Definitions and Instructions in any specific response shall not be interpreted as

15  a waiver of any General Objection or Objection to the Definitions and Instructions to that

16  response.

17  **RESPONSES TO DOCUMENT REQUESTS**

18  **REQUEST FOR PRODUCTION NO. 1:**

19       All documents produced by you (including seized documents) to any domestic

20  governmental entity in connection with CRT or CRT products, including the United States

21  Department of Justice, either voluntarily and/or pursuant to a grand jury subpoena.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

23       Responding Party reasserts and incorporates each of the General Objections and

24  Objections to Definitions and Instructions set forth above.

25       Responding Party objects to this request on the grounds that it is overly broad, unduly

26  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

27       Responding Party objects to this request on the grounds that it seeks information in excess

28  of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no

MORGAN, LEWIS & BOCKIUS LLP  ATTORNEYS AT LAW  SAN FRANCISCO  DB2/21652241.3  -22-  MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1   discovery shall be conducted in this case (including, without limitation, document requests,

2   interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury

3   proceedings concerning CRTs or CRT products, including any party's or witness's

4   communications with the United States, or with any grand jury investigating CRTs or CRT

5   products, except by the order of the Court upon good cause shown and consistent with governing

6   law."  Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

7          Responding Party objects to this request on the grounds that it seeks production of

8   documents protected by the attorney-client privilege, work product doctrine, joint defense or

9   common interest privilege, or by any other applicable doctrine or privilege.

10         Responding Party objects to this request on the grounds it seeks information and/or

11   documents that would disclose confidential information protected by any and all rights of privacy

12   under the United States Constitution or any other applicable law, or that is otherwise prohibited

13   from disclosure because to do so would cause Responding Party to violate legal and/or

14   contractual obligations to any other persons or entities.

15         Responding Party objects to this request on the grounds that, to the extent it seeks

16   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

17   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

18   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

19   action, and not reasonably calculated to lead to the discovery of admissible evidence.

20         Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

21   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

22   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

23   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

24   statute of limitations.

25         Responding Party objects that the phrase "in connection with" is not defined and is vague

26   and ambiguous, rendering the request overly broad and unduly burdensome and not reasonably

27   calculated to lead to the discovery of admissible evidence.

28         Subject to and without waiving the objections stated above, Responding Party responds

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21652241.3                                    -23-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1    that it has no responsive documents.

2    **REQUEST FOR PRODUCTION NO. 2:**

3         Copies of all subpoenas or requests for production of documents issued by the United

4    States Department of Justice referring or relating to CRT or CRT products during the relevant

5    period.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

7         Responding Party reasserts and incorporates each of the General Objections and

8    Objections to Definitions and Instructions set forth above.

9         Responding Party objects to this request on the grounds that it is overly broad, unduly

10   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

11        Responding Party objects to this request on the grounds that it seeks information in excess

12   of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no

13   discovery shall be conducted in this case (including, without limitation, document requests,

14   interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury

15   proceedings concerning CRTs or CRT products, including any party's or witness's

16   communications with the United States, or with any grand jury investigating CRTs or CRT

17   products, except by the order of the Court upon good cause shown and consistent with governing

18   law."  Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

19        Responding Party objects to this request on the grounds that it seeks production of

20   documents protected by the attorney-client privilege, work product doctrine, joint defense or

21   common interest privilege, or by any other applicable doctrine or privilege.

22        Responding Party objects to this request on the grounds it seeks information and/or

23   documents that would disclose confidential information protected by any and all rights of privacy

24   under the United States Constitution or any other applicable law, or that is otherwise prohibited

25   from disclosure because to do so would cause Responding Party to violate legal and/or

26   contractual obligations to any other persons or entities.

27        Responding Party objects to this request on the grounds that, to the extent it seeks

28   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

1   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

2   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

3   action, and not reasonably calculated to lead to the discovery of admissible evidence.

4        Responding Party objects that the "Relevant Time Period" is overly broad and not

5   relevant, rendering the request not reasonably calculated to lead to the discovery of admissible

6   evidence as the Complaint does not allege a continuing conspiracy, the end of the class period is

7   November 25, 2007, and claims prior to November 26, 2003, are barred by the statute of

8   limitations.

9        Subject to and without waiving the objections stated above, Responding Party declines to

10  produce documents that may be responsive to this request.

11  **REQUEST FOR PRODUCTION NO. 3:**

12       Documents sufficient to show your corporate structure or organization throughout the

13  relevant time period, including, but not limited to, departments, divisions, parents, subsidiaries,

14  joint ventures, affiliates, or other sub-units that were engaged during any part of the relevant time

15  period in the manufacture, marketing, sale or distribution of CRT or CRT products including,

16  where applicable, the percentage of any stock or other interests owned by each entity in the chain.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

18       Responding Party reasserts and incorporates each of the General Objections and

19  Objections to Definitions and Instructions set forth above.

20       Responding Party objects to this request on the grounds that it is overly broad, unduly

21  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

22  including to the extent that it seeks the discovery of documents regarding Responding Party's

23  sales outside of the United States and unrelated to United States commerce, as such sales are

24  beyond the scope of this litigation and thereby render the Document Requests overly broad,

25  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

26  evidence.

27       Responding Party objects to this request on the grounds that it seeks production of

28  documents protected by the attorney-client privilege, work product doctrine, joint defense or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21652241.3          -25-          MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1    common interest privilege, or by any other applicable doctrine or privilege.

2         Responding Party objects to this request on the grounds it seeks information and/or

3    documents that would disclose confidential information protected by any and all rights of privacy

4    under the United States Constitution or any other applicable law, or that is otherwise prohibited

5    from disclosure because to do so would cause Responding Party to violate legal and/or

6    contractual obligations to any other persons or entities.

7         Responding Party objects to this request on the grounds that, to the extent it seeks

8    documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

9    ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

10   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

11   action, and not reasonably calculated to lead to the discovery of admissible evidence.

12        Responding Party objects to this request on the grounds that the "Relevant Time Period"

13   is overly broad and not relevant, rendering the request not reasonably calculated to lead to the

14   discovery of admissible evidence.  The Complaint does not allege a continuing conspiracy, the

15   end of the class period is November 25, 2007, and claims prior to November 26, 2003, are barred

16   by the statute of limitations.

17        Responding Party objects to this request on the grounds that, to the extent it seeks

18   documents not related to CRTs only, the Document Request is overly broad and unduly

19   burdensome and purports to call for information that is not relevant to the claim or defense of any

20   party, not relevant to the subject matter involved in this action, and not reasonably calculated to

21   lead to the discovery of admissible evidence.

22        Subject to and without waiving the general and specific objections stated above,

23   Responding Party responds that it will make reasonable efforts to identify documents responsive

24   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

25   documents.

26   **REQUEST FOR PRODUCTION NO. 4:**

27        As to each of your divisions, subdivisions, departments, units, subsidiaries, parents,

28   affiliates and joint ventures, documents sufficient to identify each employee having any

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

responsibilities or duties with respect to each of the following:

     (a)     the manufacturing or production of CRT or CRT products;

     (b)     the marketing of CRT or CRT products;

     (c)     the pricing of CRT or CRT products;

     (d)     the sale or distribution of CRT or CRT products;

     (e)     maintaining any electronic database(s), including archives, of e-mail or other electronic documents relating to CRT or CRT products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render this requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this

1    action, and not reasonably calculated to lead to the discovery of admissible evidence.

2         Responding Party objects to this request on the grounds that the "Relevant Time Period"

3    is overly broad and not relevant, rendering the request not reasonably calculated to lead to the

4    discovery of admissible evidence as the Complaint does not allege a continuing conspiracy, the

5    end of the class period is November 25, 2007, and claims prior to November 26, 2003, are barred

6    by the statute of limitations.

7         Responding Party objects to this request on the grounds that, to the extent it seeks

8    documents not related to CRTs only, this request is overly broad and unduly burdensome and

9    purports to call for information that is not relevant to the claim or defense of any party, not

10   relevant to the subject matter involved in this action, and not reasonably calculated to lead to the

11   discovery of admissible evidence.

12        Subject to and without waiving the general and specific objections stated above,

13   Responding Party responds that it will make reasonable efforts to identify documents responsive

14   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

15   documents.

16   **REQUEST FOR PRODUCTION NO. 5:**

17        Documents and electronic data sufficient to identify or set forth your annual, monthly and

18   quarterly sales of CRT or CRT products directly purchased in the United States and that were

19   either shipped to, and/or billed to said purchaser from January 1, 1991 through the present.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

21        Responding Party reasserts and incorporates each of the General Objections and

22   Objections to Definitions and Instructions set forth above.

23        Responding Party objects to this request on the grounds that it is overly broad, unduly

24   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

25        Responding Party objects to this request on the grounds that it seeks production of

26   documents protected by the attorney-client privilege, work product doctrine, joint defense or

27   common interest privilege, or by any other applicable doctrine or privilege.

28        Responding Party objects to this request on the grounds that, to the extent it seeks

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21652241.3                              -28-                              MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

2   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

3   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

4   action, and not reasonably calculated to lead to the discovery of admissible evidence.

5          Responding Party objects to this request on the grounds that "January 1, 1991 through the

6   present" is overly broad and not relevant, rendering the request not reasonably calculated to lead

7   to the discovery of admissible evidence as the Complaint does not allege a continuing conspiracy,

8   the end of the class period is November 25, 2007, and claims prior to November 26, 2003, are

9   barred by the statute of limitations.

10         Responding Party objects that the phrase "directly purchased in the United States" calls

11  for a legal conclusion and is vague, ambiguous, and unintelligible.

12         Subject to and without waiving the general and specific objections stated above,

13  Responding Party responds that it will make reasonable efforts to identify documents responsive

14  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

15  documents.

16

17  Dated: May 12, 2010                          MORGAN, LEWIS & BOCKIUS LLP

18

19                                              By
20                                                  Diane L. Webb
                                                   Attorneys for Defendants
21                                                 HITACHI ASIA, LTD.

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21652241.3                      -29-                        MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS