# Exhibit O

**to**

**Webb Declaration**

# Exhibit O

**to**

**Webb Declaration**

1  KENT M. ROGER, State Bar No. 95987
   DIANE L. WEBB, State Bar No. 197851
2  MICHELLE PARK CHIU, State Bar No. 248421
   MORGAN, LEWIS & BOCKIUS LLP
3  One Market, Spear Street Tower
   San Francisco, California  94105-1126
4  Telephone:     415.442.1000
   Facsimile:     415.442.1001
5  E-mail:   kroger@morganlewis.com
              dwebb@morganlewis.com
6              mchiu@morganlewis.com

7  Attorneys for Defendant
   HITACHI ASIA, LTD.

8
                  UNITED STATES DISTRICT COURT
9
               NORTHERN DISTRICT OF CALIFORNIA
10
                   SAN FRANCISCO DIVISION
11

12
   IN RE CATHODE RAY TUBE (CRT)          Case No. C07-5944 SC
13 ANTITRUST LITIGATION
                                         **MDL NO. 1917**
14
                                         Judge: Hon. Samuel Conti
15
                                         Special Master: Hon. Charles A. Legge (Ret.)
16
                                         **DEFENDANT HITACHI ASIA, LTD.'S**
17 This Document Relates To:            **RESPONSE TO SECOND SET OF**
                                         **REQUESTS FOR PRODUCTION OF**
18 DIRECT PURCHASER ACTION              **DOCUMENTS FROM DIRECT**
                                         **PURCHASER PLAINTIFFS**
19

20

21 PROPOUNDING PARTY:          DIRECT PURCHASER PLAINTIFFS

22 RESPONDING PARTIES:         HITACHI ASIA, LTD.

23 SET NUMBER:                 SECOND (Nos. 1-40 [sic] 6-45)

24        Defendant Hitachi Asia, Ltd. ("Responding Party") hereby timely objects and responds to

25 Direct Purchaser Plaintiffs' ("Plaintiffs" or "Requesting Party") Second Set of Requests for the

26 Production of Documents ("Document Requests") served on March 12, 2010, and each document

27 request set forth therein ("Responses"), as follows.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                          -1-                          MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

**GENERAL OBJECTIONS**

1.      Responding Party's responses are based upon information and writings available to and located by Responding Party as of the date of service of these Responses.  Responding Party has not completed its investigation of the facts relating to the Document Requests, and all of the information supplied and documents and things produced are based only on such information and documents that are reasonably available and specifically known to Responding Party as of the date of service of its response.

2.      No express, incidental or implied admissions are intended by these Responses. The fact that Responding Party agrees to provide information in response to a particular request is not intended and shall not be construed as an admission that Responding Party accepts or admits the existence of any such information set forth in or assumed by such request, or that any such information and/or document constitutes admissible evidence.  The fact that Responding Party agrees to provide information in response to a particular request is not intended and shall not be construed as a waiver by Responding Party of any part of any objection to such request or any part of any general objection made herein.

3.      Responding Party reserves the right to change, amend, or supplement its objections at a later date.  If Plaintiffs assert an interpretation of any aspect of the Document Requests or any of the requests therein that is different from that made by Responding Party, Responding Party reserves the right to supplement its objections if such interpretations made by Plaintiffs are held to be applicable.

4.      Responding Party objects to the Document Requests, and each request therein, to the extent they are vague, ambiguous, or contain terms that are insufficiently defined.

5.      Responding Party objects to the Document Requests, and each request therein, as overly broad, unduly burdensome, oppressive and beyond the proper scope of discovery.

6.      If multiple, identical copies of any document are responsive to the requests herein, only one representative copy will be produced.  Producing more than one identical copy is unduly burdensome and oppressive.

7.      Responding Party objects to the Document Requests, and each request therein, to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                                    -2-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  the extent they seek documents and materials on matters not relevant to the subject matter of this

2  action, not admissible in evidence, and not reasonably calculated to lead to the discovery of

3  admissible evidence.

4          8.      Responding Party objects to the Document Requests, and each request therein, to

5  the extent they seek to impose on it discovery obligations inconsistent with, or not authorized

6  under, the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

7          9.      Responding Party objects to the Document Requests, and to each request therein,

8  to the extent they seek to impose on it discovery obligations inconsistent with, or not authorized

9  under, the Local Rules of the United States District Court in and for the Northern District of

10  California (the "Local Rules").

11          10.     Responding Party objects to the Document Requests, and to each request therein,

12  to the extent they seek to impose on it discovery obligations exceeding the scope of the

13  Stipulation and Order to Extend Limited Discovery Stay that the Court entered on January 5,

14  2010 (the "Stay Order").

15          11.     Responding Party objects to the Document Requests, and each request therein, to

16  the extent they seek documents and information that are beyond the scope of the Sherman

17  Antitrust Act, 15 U.S.C. § 1.

18          12.     Responding Party objects to the Document Requests, and each request therein, to

19  the extent they fail to describe the documents and things sought with a reasonable degree of

20  specificity.

21          13.     Responding Party shall attempt to construe the terms and phrases used by

22  Plaintiffs in a way to give those terms and phrases a meaning which will result in the production

23  of relevant information or information designed to lead to the discovery of admissible evidence.

24          14.     Responding Party objects to the Document Requests, and each request therein, to

25  the extent they seek the discovery of documents regarding Responding Party's sales outside of the

26  United States and unrelated to United States commerce, as such sales are beyond the scope of this

27  litigation and thereby render the Document Requests overly broad, unduly burdensome, and not

28  reasonably calculated to lead to the discovery of admissible evidence.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                                    -3-                                      MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

15.     Responding Party objects to the Document Requests, and each request therein, to the extent they seek documents, including but not limited to electronic documents, the disclosure of which is prohibited by a law, regulation, or order of a court or other authority of a foreign jurisdiction in which the documents are located.

16.     Responding Party objects to the Document Requests, and each request therein, to the extent they seek documents that are no longer active or readily accessible on Responding Party's database but might exist in electronic archives or back-up files.  Responding Party will not rebuild these electronic archives and back-up files in order to search for documents that may be responsive to the Document Requests.  Based on the dates of the information sought, a portion of Responding Party's potential responsive data will likely not be on active databases.

17.     Responding Party objects to the Document Requests, and each request therein, to the extent they seek to impose on Responding Party an obligation to investigate or discover information or materials from third parties or sources who are equally accessible to Plaintiffs.

18.     Responding Party objects to the Document Requests and each request therein, to the extent they contain duplicative requests, in whole or in part.  To the extent responsive documents have previously been produced, they will not be produced again.

19.     Responding Party objects to the Document Requests, and each request therein, to the extent that they purport to call for Responding Party to engage in an investigation or to obtain information and/or documents not in its personal possession, custody or control.  In addition, Responding Party objects to the extent the Document Requests require Responding Party to respond and/or produce documents on behalf of any person or entity other than itself.

20.     Responding Party objects to the Document Requests, and each request therein, to the extent that they seek documents that are in the public record or which are equally accessible to the Plaintiffs as to Responding Party.

21.     Responding Party objects to the Document Requests, and each request therein, to the extent that they attempt and/or purport to call for production of any information and/or documents that are privileged, including, but not limited to, documents and materials that were prepared in anticipation of litigation, ADR, or for trial, that reveal communications between

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                          -4-                          MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  Responding Party and its legal counsel, and/or that otherwise constitute attorney-work product,

2  joint defense or common interest privilege, or by any other applicable doctrine or privilege, or

3  that are otherwise privileged or immune from discovery.  Inadvertent testimony, production, or

4  disclosure of any such information and/or document is not intended to and shall not constitute a

5  waiver of any privilege or any other ground for objecting to discovery with respect to such

6  testimony, information, and/or document, or with respect to the subject matter thereof.  Nor shall

7  such inadvertent production or disclosure waive Responding Party's right to object to the use of

8  any such testimony, information, and/or document during this action or in any other or

9  subsequent proceeding.  Hence, Responding Party objects to each request to the extent each seeks

10  testimony, documents, and information that are protected by the attorney-client privilege and/or

11  the attorney work product doctrine.

12      22.     No response herein should be deemed or construed as a representation that

13  Responding Party agrees with or acquiesces in the characterization of any fact, assumption or

14  conclusion of law contained in or implied by the Document Requests.

15      23.     Responding Party objects to the Document Requests, and each request therein, to

16  the extent they seek information and/or documents that would disclose proprietary information,

17  trade secrets or other confidential research, development, or other confidential information

18  protected by the Uniform Trade Secrets Act, among others, any and all rights of privacy under the

19  United States Constitution or Article I of the Constitution of the State of California, or any other

20  applicable law or state constitution, or that is otherwise prohibited from disclosure because to do

21  so would cause Responding Party to violate legal and/or contractual obligations to any other

22  persons or entities.  Where applicable, Responding Party's Responses to the Document Requests

23  are subject to the provisions of the Stipulated Protective Order that the Court entered on June 18,

24  2008 (the "Protective Order").  Responding Party's Responses are hereby designated

25  "Confidential" in accordance with the provisions of the Protective Order.

26      24.     By representing that it will or will not produce documents, Responding Party does

27  not represent that such documents exist.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                          -5-                          MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

25.     Subject to and without waving any of the foregoing objections, each of which is expressly incorporated into each individual response below as if fully stated therein, Responding Party expressly reserves the following rights:

a.      Any and all testimony and information provided and/or documents produced by Responding Party in response to the Document Requests are and will remain subject to all objections as to relevance, materiality, propriety, and admissibility, as well as to any and all other objections on any grounds that would require the exclusion of the testimony, information, and/or document or any portion thereof if such testimony, information, and/or document was offered in evidence, all of which objections and grounds are hereby expressly reserved and may be interposed at the time of any written discovery, deposition, or at or before any hearing, arbitration or trial in this matter;

b.      The right to object on any ground whatsoever at any time to any demand for further responses to the Document Requests or any other discovery procedures involving or relating to the subject matter of the Document Requests; and

c.      The right to supplement the documents produced, or otherwise to supplement, revise or explain the information contained therein in light of information gathered through further investigation and discovery.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

**DEFINITION NO. 1:**

"All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

**OBJECTION TO DEFINITION NO. 1:**

No objection.

**DEFINITION NO. 2:**

"Any" shall be construed to mean "any and all."

**OBJECTION TO DEFINITION NO. 2:**

No objection.

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

**DEFINITION NO. 3:**

"Communication" means without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face Meetings.  The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

**OBJECTION TO DEFINITION NO. 3:**

Responding Party objects to this definition to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

**DEFINITION NO. 4:**

"Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

**OBJECTION TO DEFINITION NO. 4:**

No objection.

**DEFINITION NO. 5:**

"Defendant" means any company, organization, entity or person presently or subsequently named as a defendant in this litigation.

**OBJECTION TO DEFINITION NO. 5:**

Responding Party objects to this definition to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects to this definition on the ground it calls for a legal conclusion.

Responding Party objects to this definition as vague, ambiguous, unintelligible, overly broad to the extent it seeks documents and information that are not relevant to the subject matter of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome to search for and produce.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                                    -7-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   Responding Party objects to this definition to the extent it seeks information and

2   documents that would disclose Responding Party's or a third party's respective trade secrets or

3   other confidential research, development, or confidential information protected by the Uniform

4   Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

5   One of the Constitution of the State of California, or any other applicable state constitution or

6   law, or which is otherwise prohibited from disclosure because to do so would cause Responding

7   Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

8   appropriate to do so and with adequate protections and limitations, Responding Party expressly

9   reserves the right to provide such documents an/or information only pursuant to the Protective

10  Order in this action.

11  Responding Party objects to this definition to the extent that it attempts or purports to call

12  for the production of any information and/or documents that are privileged, that were prepared in

13  anticipation of litigation or trial, that reveal communications between Responding Party and its

14  legal counsel, that otherwise constitute attorney work product, are subject to the joint defense or

15  common interest privilege, or that are otherwise privileged or immune from discovery.

16  Responding Party objects to this definition to the extent it is intended to include persons

17  or entities other than Responding Party.  To the extent and in the context a request uses the term

18  "Defendant," Responding Party understands that the request and its obligations only extend to

19  information and/or documents within Responding Party's possession, custody or control.

20  Responding Party objects to this definition to the extent that it calls for documents or

21  information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

22  definition to the extent that it requires Responding Party to respond and/or produce documents or

23  information on behalf of any person or entity other than itself.

24  Responding Party will respond on behalf of Hitachi Asia, Ltd. only.

25  **DEFINITION NO. 6:**

26  "Document" means without limitation, the original and all non-identical copies of all

27  items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure.  This definition

28  includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                                    -8-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, compact discs, computer files and disks, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

## OBJECTION TO DEFINITION NO. 6:

Responding Party objects to this definition to the extent that it seeks to expand the scope of Rule 34 of the Federal Rules of Civil Procedure.

Responding Party also objects to this definition as overly broad to the extent it seeks documents and/or information that are not relevant to the subject matter of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome to search for and produce.

## DEFINITION NO. 7:

"Electronic data" includes, without limitation, the following:

      a.     activity listings of electronic mail receipts and/or transmittals;

      b.     output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger™ (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

      c.     any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant, *e.g.,* Palm Pilot, R.I.M., Blackberry, or similar device, and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all

1    documents requested herein.

2    **OBJECTION TO DEFINITION NO. 7:**

3        Responding Party objects to this definition to the extent it attempts to impose obligations

4    on Responding Party and/or seeks documents beyond those required to be produced pursuant to

5    the Federal Rules of Civil Procedure.

6        Responding Party also objects to this definition as overly broad to the extent it seeks

7    documents and/or information that are not relevant to the subject matter of this action, not

8    admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence,

9    and unduly burdensome to search for and produce.

10       Responding Party objects to this definition to the extent it seeks documents that are no

11   longer active or readily accessible on Responding Party's database but might exist in electronic

12   archives or back-up files.  Responding Party will not rebuild these electronic archives and back-

13   up files in order to search for documents that may be responsive to the Document Requests.

14   Based on the dates of the information sought, a portion of Responding Party's potential

15   responsive data will likely not be on active databases.

16   **DEFINITION NO. 8:**

17       "Employee" means, without limitation, any current or former officer, director, executive,

18   manager, secretary, staff member, messenger, agent or other person who is or was employed by a

19   defendant.

20   **OBJECTION TO DEFINITION NO. 8:**

21       Responding Party objects to this definition to the extent it attempts to impose obligations

22   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

23   the Federal Rules of Civil Procedure.

24       Responding Party objects to this definition on the ground it calls for a legal conclusion.

25       Responding Party objects to this definition as vague, ambiguous, unintelligible, overly

26   broad to the extent it seeks documents and information that are not relevant to the subject matter

27   of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of

28   admissible evidence, and unduly burdensome to search for and produce.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                               -10-                                MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

Responding Party objects to this definition to the extent it seeks information and documents that would disclose Responding Party's or a third party's respective trade secrets or other confidential research, development, or confidential information protected by the Uniform Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article One of the Constitution of the State of California, or any other applicable state constitution or law, or which is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal or contractual obligations to any other persons or entities. Where it may be appropriate to do so and with adequate protections and limitations, Responding Party expressly reserves the right to provide such information and/or documents only pursuant to the Protective Order in this action.

Responding Party objects to this definition to the extent that it attempts or purports to call for the production of any documents and/or information that are privileged, that were prepared in anticipation of litigation or trial, that reveal communications between Responding Party and its legal counsel, that otherwise constitute attorney work product, or that are otherwise privileged or immune from discovery.

Responding Party objects to this definition to the extent it is intended to include persons or entities other than Responding Party. To the extent and in the context a request uses the term "Defendant," Responding Party understands that the request and its obligations only extend to documents and/or information within Responding Party's possession, custody or control.

Responding Party objects to this definition to the extent that it calls for documents and/or information beyond Responding Party's knowledge. In addition, Responding Party objects to this definition to the extent that it requires Responding Party to respond and/or produce documents and/or information on behalf of any person or entity other than itself.

Responding Party will respond on behalf of Hitachi Asia, Ltd. only.

**DEFINITION NO. 9:**

"Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

**OBJECTION TO DEFINITION NO. 9:**

No objection.

**DEFINITION NO. 10:**

"Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not.

**OBJECTION TO DEFINITION NO. 10:**

No objection.

**DEFINITION NO. 11:**

"Or" and "and" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," you should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

**OBJECTION TO DEFINITION NO. 11:**

No objection.

**DEFINITION NO. 12:**

"Person" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, association, government entity, group or other form of legal entity.

**OBJECTION TO DEFINITION NO. 12:**

Responding Party objects to this definition to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects to this definition on the ground it calls for a legal conclusion.

Responding Party objects to this definition as vague, ambiguous, unintelligible, overly broad to the extent it seeks documents and information that are not relevant to the subject matter of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome to search for and produce.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                                    -12-                                    MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   Responding Party objects to this definition to the extent it seeks information and

2   documents that would disclose Responding Party's or a third party's respective trade secrets or

3   other confidential research, development, or confidential information protected by the Uniform

4   Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

5   One of the Constitution of the State of California, or any other applicable state constitution or

6   law, or which is otherwise prohibited from disclosure because to do so would cause Responding

7   Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

8   appropriate to do so and with adequate protections and limitations, Responding Party expressly

9   reserves the right to provide such information and/or documents only pursuant to the Protective

10  Order in this action.

11  Responding Party objects to this definition to the extent that it attempts or purports to call

12  for the production of any documents and/or information that are privileged, that were prepared in

13  anticipation of litigation or trial, that reveal communications between Responding Party and its

14  legal counsel, that otherwise constitute attorney work product, or that are otherwise privileged or

15  immune from discovery.

16  Responding Party objects to this definition to the extent it is intended to include persons

17  or entities other than Responding Party.  To the extent and in the context a request uses the term

18  "Person," Responding Party understands that the request and its obligations only extend to

19  documents and/or information within Responding Party's possession, custody or control.

20  Responding Party objects to this definition to the extent that it calls for documents and/or

21  information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

22  definition to the extent that it requires Responding Party to respond and/or produce document

23  and/or information on behalf of any person or entity other than itself.

24  Responding Party will respond on behalf of Hitachi Asia, Ltd. only.

25  **DEFINITION NO. 13:**

26  "Relating to," "referring to," "regarding," or "with respect to" mean, without limitation,

27  the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing,

28  evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                                    -13-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

2    **OBJECTION TO DEFINITION NO. 13:**

3          Responding Party objects to this definition to the extent it attempts to impose obligations

4    on Responding Party and/or seeks documents, beyond those required to be produced pursuant to

5    the Federal Rules of Civil Procedure.

6          Responding Party objects to the expressions "relating to," "referring to," "regarding," or

7    "with respect to" to the extent they mean more than comprising, or on its face discusses, pertains

8    to or is connected with a well-defined, unambiguous and identifiable topic or subject matter.

9          Responding Party objects to this definition because responding to such overly broad,

10   vague and ambiguous requests would be unduly burdensome and oppressive.

11   **DEFINITION NO. 14:**

12         "CRT" means cathode ray tube(s) and "CRT products" means products containing

13   cathode ray tubes.

14   **OBJECTION TO DEFINITION NO. 14:**

15         Responding Party objects to this definition to the extent it attempts to impose obligations

16   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

17   the Federal Rules of Civil Procedure.

18         Responding Party objects to this definition on the ground the term "CRT Products" is

19   vague, ambiguous, unintelligible, and overly broad to the extent it seeks documents and

20   information that are not relevant to the subject matter of this action, not admissible in evidence,

21   not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome

22   to search for and produce.  Moreover, any discovery as to "CRT Products" that is not reasonably

23   related to Plaintiffs' claims with respect to an alleged conspiracy involving CRTs is premature

24   and overly burdensome until such time as Plaintiffs establish a reasonable basis for their claims

25   regarding "CRT Products" to justify the enormous burden that Plaintiffs seek to impose on

26   Responding Party by pursuing discovery as to all such products.

27   **DEFINITION NO. 15:**

28         "You," "Your," or "Your company" mean the responding Defendant, its predecessors,

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any

organization or entity which the responding Defendant manages or controls, together with all

present and former directors, officers, Employees, agents, representatives or any persons acting or

purporting to act on behalf of the responding defendant.

## OBJECTION TO DEFINITION NO. 15:

Responding Party objects to this definition to the extent it attempts to impose obligations

on Responding Party and/or seeks documents beyond those required to be produced pursuant to

the Federal Rules of Civil Procedure.

Responding Party objects to this definition on the ground it calls for a legal conclusion.

Responding Party objects to this definition as vague, ambiguous, unintelligible, overly

broad to the extent it seeks documents and information that are not relevant to the subject matter

of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of

admissible evidence, and unduly burdensome to search for and produce.

Responding Party objects to this definition to the extent it seeks documents and

information that would disclose Responding Party's or a third party's respective trade secrets or

other confidential research, development, or confidential information protected by the Uniform

Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

One of the Constitution of the State of California, or any other applicable state constitution or

law, or which is otherwise prohibited from disclosure because to do so would cause Responding

Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

appropriate to do so and with adequate protections and limitations, Responding Party expressly

reserves the right to provide such information and/or documents only pursuant to the Protective

Order in this action.

Responding Party objects to this definition to the extent that it attempts or purports to call

for the production of any documents and/or information that are privileged, that were prepared in

anticipation of litigation or trial, that reveal communications between Responding Party and its

legal counsel, that otherwise constitute attorney work product, are subject to the joint defense or

common interest privilege, or that are otherwise privileged or immune from discovery.

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to this definition to the extent it is intended to include persons

2    or entities other than Responding Party.  To the extent and in the context a request uses the term

3    "You," "Your," or "Your Company," Responding Party understands that the request and its

4    obligations only extend to documents and/or information within Responding Party's possession,

5    custody or control.

6    Responding Party objects to this definition to the extent that it calls for documents and/or

7    information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

8    definition to the extent that it requires Responding Party to respond and/or produce documents

9    and/or information on behalf of any person or entity other than itself.

10   Responding Party will respond on behalf of Hitachi Asia, Ltd. only.

11   **INSTRUCTION NO. 1:**

12   Unless otherwise noted, the Relevant Time Period for these document requests is January

13   1, 1995 through the present (the "Relevant Time Period").  These Document requests seek all

14   responsive Documents created or generated during the Relevant Time Period, as well as

15   responsive Documents created or generated outside the Relevant Time Period, but which contain

16   information concerning the Relevant Time Period.

17   **OBJECTION TO INSTRUCTION NO. 1:**

18   Responding Party objects to this instruction on the grounds it is vague, ambiguous,

19   unintelligible, over broad and seeks information or materials on matters not relevant to the subject

20   matter of this action, not admissible in evidence, and not reasonably calculated to lead to the

21   discovery of admissible evidence.

22   The "Relevant Time Period" as defined in this instruction exceeds the putative class

23   period, which begins on January 1, 1995 and ends on November 25, 2007 (Direct Purchaser

24   Plaintiffs' Consolidated Amended Complaint ¶ 1), and seeks documents and information beyond

25   the statute of limitations.  Judge Conti has directed the parties to Judge Legge to develop

26   procedures for the early resolution of statute of limitations issues and to reduce the burden in

27   connection therewith.  Responding Party believes it is premature for it to have to produce any

28   documents from prior to the statute of limitations period until Judge Legge considers this issue

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   and determines the proper scope of that burden.

2       For purposes of responding to these Document Requests, Responding Party will interpret

3   "Relevant Time Period" to mean November 26, 2003 through November 25, 2007 (the

4   "Limitations Period").

5   **INSTRUCTION NO. 2:**

6       To the extent Documents responsive to any of these Document requests have already been

7   produced to plaintiffs, there is no need to produce those Documents a second time.  Instead,

8   please provide the bates numbers of any responsive Documents already produced.

9   **OBJECTION TO INSTRUCTION NO. 2:**

10      Responding Party objects to this instruction to the extent it attempts to impose obligations

11  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

12  the Federal Rules of Civil Procedure.

13      Responding Party objects to this instruction on the ground it is unduly burdensome and

14  oppressive.

15  **INSTRUCTION NO. 3:**

16      Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Document requests

17  are continuing in nature so that if You subsequently discover or obtain possession, custody, or

18  control of any Document covered by these requests, You shall promptly make any such

19  Document available to plaintiffs.

20  **OBJECTION TO INSTRUCTION NO. 3:**

21      Responding Party objects to this instruction to the extent it attempts to impose obligations

22  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

23  the Federal Rules of Civil Procedure.

24  **INSTRUCTION NO. 4:**

25      In producing documents and other materials, you are to furnish all Documents or things in

26  Your possession, custody or control, regardless of whether such documents or materials are

27  possessed directly by You or Your Employees, agents, parent company(ies), subsidiaries,

28  affiliates, investigators or by Your attorneys or their Employees, agents or investigators.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                           -17-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

**OBJECTION TO INSTRUCTION NO. 4:**

Responding Party objects to this instruction to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects to this instruction on the ground it calls for a legal conclusion.

Responding Party objects to this instruction as vague, ambiguous, unintelligible, overly broad to the extent it seeks documents and information that are not relevant to the subject matter of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome to search for and produce.

Responding Party objects to this instruction to the extent it seeks documents and information that would disclose Responding Party's or a third party's respective trade secrets or other confidential research, development, or confidential information protected by the Uniform Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article One of the Constitution of the State of California, or any other applicable state constitution or law, or which is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal or contractual obligations to any other persons or entities. Where it may be appropriate to do so and with adequate protections and limitations, Responding Party expressly reserves the right to provide such information and/or documents only pursuant to the Protective Order in this action.

Responding Party objects to this instruction to the extent that it attempts or purports to call for the production of any documents and/or information that are privileged, that were prepared in anticipation of litigation or trial, that reveal communications between Responding Party and its legal counsel, that otherwise constitute attorney work product, are subject to the joint defense or common interest privilege, or that are otherwise privileged or immune from discovery.

Responding Party objects to this instruction to the extent it is intended to include persons or entities other than Responding Party. To the extent and in the context a request uses the term "Defendant," Responding Party understands that the request and its obligations only extend to documents and/or information within Responding Party's possession, custody or control.

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to this instruction to the extent that it calls for documents and/or

2    information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

3    instruction to the extent that it requires Responding Party to respond and/or produce documents

4    and/or information on behalf of any person or entity other than itself.

5    Responding Party will respond on behalf of Hitachi Asia, Ltd. only.

6    **INSTRUCTION NO. 5:**

7    Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, all Documents shall be

8    produced in the same order as they are kept or maintained by You in the ordinary course of Your

9    business.  All Documents shall be produced in the file folder, envelope or other container in

10   which the Documents are kept or maintained.  If for any reason the container cannot be produced,

11   You should produce copies of all labels or other identifying marks which may be present on the

12   container.

13   **OBJECTION TO INSTRUCTION NO. 5:**

14   Responding Party objects to this instruction to the extent it attempts to impose obligations

15   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

16   the Federal Rules of Civil Procedure.

17   **INSTRUCTION NO. 6:**

18   Documents shall be produced in such fashion as to identify the department, branch or

19   office in whose possession they were located and, where applicable, the natural person in whose

20   possession they were found and the business address of each Document(s) custodian(s).

21   **OBJECTION TO INSTRUCTION NO. 6:**

22   Responding Party objects to this instruction to the extent it attempts to impose obligations

23   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

24   the Federal Rules of Civil Procedure.

25   Responding Party objects to this instruction on the ground it is unduly burdensome and

26   oppressive.

27   **INSTRUCTION NO. 7:**

28   Documents attached to one another should not be separated.  If any portion of any

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

Document is responsive to any portion of the Document requests below, then the entire Document must be produced.

**OBJECTION TO INSTRUCTION NO. 7:**

Responding Party objects to this instruction to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

**INSTRUCTION NO. 8:**

If a Document once existed and subsequently has been lost, destroyed or is otherwise missing, You should provide sufficient information to identify the Document and state, in writing, the details, including whether the Document:

        a.      is lost or missing;

        b.      has been destroyed and, if so, by whom at whose request;

        c.      has been transferred or delivered, voluntarily or involuntarily, to another person or entity and at whose request; and/or

        d.      has been otherwise disposed of.

**OBJECTION TO INSTRUCTION NO. 8:**

Responding Party objects to this instruction to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects on the grounds that it is impossible to identify, describe, and further explain the circumstances regarding every document that ever "once existed an subsequently has been lost, destroyed, or is otherwise missing." To the extent that it is even possible to identify, describe, and explain the circumstances regarding such documents, this investigation would impose a unique, time-consuming and unreasonable burden.

Responding Party objects to this instruction on the ground it is unduly burdensome and oppressive.

**INSTRUCTION NO. 9:**

In each instance in which a Document once existed and subsequently is lost, missing,

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  destroyed, or otherwise disposed of, explain the circumstances surrounding the disposition of the
2  Document, including, but not limited to:
3        a.    the identity of the person or entity who last possessed the Document;
4        b.    the date or approximate date of the Documents disposition; and
5        c.    the identity of all Persons who have or had knowledge of the Document's
6  contents.
7  **<u>OBJECTION TO INSTRUCTION NO. 9:</u>**
8  Responding Party objects to this instruction to the extent it attempts to impose obligations
9  on Responding Party and/or seeks documents beyond those required to be produced pursuant to
10  the Federal Rules of Civil Procedure.
11  Responding Party objects to this instruction on the ground it is unduly burdensome and
12  oppressive.
13  **<u>INSTRUCTION NO. 10:</u>**
14  If any Document responsive to any of these requests is privileged, and the Document or
15  any portion of the Document requested is withheld based on a claim of privilege pursuant to Rule
16  26(b)(5) of the Federal Rules of Civil Procedure, provide a statement of the claim of privilege and
17  all facts relied upon in support of that claim, including the following information:
18        a.    the reason for withholding the Document;
19        b.    the date of such communication;
20        c.    the medium of such communication;
21        d.    the general subject matter of such communication (such description shall
22  not be considered a waiver of Your claimed privilege);
23        e.    the identity of any Document that was the subject of such communication
24  and the present location of any such Document;
25        f.    the identity of the Persons involved in such communication;
26        g.    the identity of any Document which records, refers, or relates to such
27  communication and present location of any such Document;
28        h.    the paragraph or paragraphs of these requests for production of Documents

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    to which such information is responsive.

2    **OBJECTION TO INSTRUCTION NO. 10:**

3         Responding Party objects to this instruction to the extent it attempts to impose obligations

4    on Responding Party and/or seeks documents beyond those required to be produced pursuant to

5    the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

6    **INSTRUCTION NO. 11:**

7         Each Document requested herein should be produced in its entirety and without deletion,

8    redaction or excisions, except as qualified by Instruction 10 above, regardless of whether You

9    consider the entire Document or only part of it to be relevant or responsive to these Document

10   requests. If you have redacted any portion of a Document, stamp the word "REDACTED" beside

11   the redacted information on each page of the Document which you have redacted.  Any

12   redactions to Documents produced should be identified in accordance with Instruction 10 above.

13   **OBJECTION TO INSTRUCTION NO. 11:**

14        Responding Party objects to this instruction to the extent it attempts to impose obligations

15   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

16   the Federal Rules of Civil Procedure.

17   **INSTRUCTION NO. 12:**

18        All Documents produced should be Bates numbered sequentially, with a unique number

19   on each page, and with a prefix identifying the party producing the Document.

20   **OBJECTION TO INSTRUCTION NO. 12:**

21        No objection.

22   **INSTRUCTION NO. 13:**

23        Pursuant to Federal Rule of Civil Procedure 34(b)(1 )(C), the responding party must

24   produce any electronically stored information ("ESI") in its native format.  If ESI in its native

25   format can only be accessed by proprietary or legacy software, or is password protected, or

26   encrypted, the responding party must meet and confer with plaintiffs' lead counsel so the

27   receiving party shall receive all information and software necessary to access the ESI.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                        -22-                        MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   **OBJECTION TO INSTRUCTION NO. 13:**

2          Responding Party objects to this instruction to the extent it attempts to impose obligations

3   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

4   the Federal Rules of Civil Procedure.

5          Responding Party objects to this instruction to the extent it seeks documents and

6   information that would disclose Responding Party's or a third party's respective trade secrets or

7   other confidential research, development, or confidential information protected by the Uniform

8   Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

9   One of the Constitution of the State of California, or any other applicable state constitution or

10  law, including any copyright or license, or which is otherwise prohibited from disclosure because

11  to do so would cause Responding Party to violate legal or contractual obligations to any other

12  persons or entities.  Where it may be appropriate to do so and with adequate protections and

13  limitations, Responding Party expressly reserves the right to provide such information and/or

14  documents only pursuant to the Protective Order in this action.

15         Each of the foregoing General Objections and Objections to Definitions and Instructions

16  is incorporated into the following specific objections.  Accordingly, each specific objection is

17  made subject to, and without waiver of, the foregoing General Objections and Objections to

18  Definitions and Instructions.  Responding Party incorporates by reference each and every General

19  Objection and Objection to Definitions and Instructions into each and every specific response.

20  From time to time a specific response may repeat a General Objection or Object to the Definitions

21  and Instructions for emphasis or some other reason.  The failure to repeat any General Objection

22  or Objection to the Definitions and Instructions in any specific response shall not be interpreted as

23  a waiver of any General Objection or Objection to the Definitions and Instructions to that

24  response.

25         **SPECIFIC RESPONSES TO DOCUMENT REQUESTS**

26  **REQUEST NO. 1 [SIC] REQUEST NO. 6:**

27         Documents sufficient to show Your corporate structure or organization throughout the

28  relevant period, including, but not limited to, departments, divisions, parents, subsidiaries, joint

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                                   -23-                                        MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

ventures, affiliates, or other sub-units that were engaged during any part of the relevant period in the manufacture, marketing, sale or distribution of CRT or CRT Products in the United States, including, where applicable, the percentage of any stock or other interests owned by each entity in the chain.

**RESPONSE TO REQUEST NO. 1 [SIC] REQUEST NO. 6:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2

-24-

MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

2   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

3   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

4   statute of limitations.

5          Responding Party objects to this request on the grounds that, to the extent it seeks

6   documents not related to CRTs only, this request is overly broad and unduly burdensome and

7   purports to call for information that is not relevant to the claim or defense of any party, not

8   relevant to the subject matter involved in this action, and not reasonably calculated to lead to the

9   discovery of admissible evidence.

10         Responding Party objects to the extent this request seeks documents that are no longer

11  active or readily accessible in electronic form which renders this request overly broad and unduly

12  burdensome.

13         Responding Party objects to this request to the extent this request is duplicative of

14  Document Request No. 3 of Plaintiffs' First Set of Requests for Production of Documents.

15         Subject to and without waiving the general and specific objections stated above,

16  Responding Party responds that it will make reasonable efforts to identify documents responsive

17  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

18  documents.

19  **REQUEST NO. 2 [SIC] REQUEST NO. 7:**

20         As to each of Your divisions, subdivisions, departments, units, subsidiaries, parents,

21  affiliates and joint ventures, Documents sufficient to identify each executive or Employee with

22  managerial authority who had responsibilities or duties with respect to each of the following:

23         (a)     the manufacturing or production of CRT or CRT Products;

24         (b)     the marketing of CRT or CRT Products;

25         (c)     the pricing of CRT or CRT Products;

26         (d)     the sale or distribution of CRT or CRT Products;

27         (e)     maintaining any electronic database(s), including archives, of e-mail or other

28                 electronic Documents relating to CRT or CRT Products.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                           -25-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

**RESPONSE TO REQUEST NO. 2 [SIC] REQUEST NO. 7:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the statute of limitations.

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to this request on the grounds that, to the extent it seeks

2    documents not related to CRTs only, this request is overly broad and unduly burdensome and

3    purports to call for information that is not relevant to the claim or defense of any party, not

4    relevant to the subject matter involved in this action, and not reasonably calculated to lead to the

5    discovery of admissible evidence.

6    Responding Party objects to the extent this request seeks documents that are no longer

7    active or readily accessible in electronic form which renders this request overly broad and unduly

8    burdensome.

9    Responding Party objects that the term "managerial authority" is vague and ambiguous,

10   rendering this request overly broad and unduly burdensome, not relevant and not reasonably

11   calculated to lead to the discovery of admissible evidence.

12   Responding Party objects to this request to the extent this request is duplicative of

13   Document Request No. 4 of Plaintiffs' First Set of Requests for Production of Documents.

14   Subject to and without waiving the general and specific objections stated above,

15   Responding Party responds that it will make reasonable efforts to identify documents responsive

16   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

17   documents.

18   **REQUEST NO. 3 [SIC] REQUEST NO. 8:**

19   Documents sufficient to describe Your policies or practices with respect to the retention or

20   destruction of Documents during the period January 1, 1991 through the present, and, if such

21   policy or practice has been different with respect to any category of Documents or over different

22   times, Documents sufficient to identify each such category or time period and to describe Your

23   retention policy or practice with respect to each such category or time period.

24   **RESPONSE TO REQUEST NO. 3 [SIC] REQUEST NO. 8:**

25   Responding Party reasserts and incorporates each of the General Objections and

26   Objections to Definitions and Instructions set forth above.

27   Responding Party objects to this request on the grounds that it is overly broad, unduly

28   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to this request on the grounds it seeks information and/or

2    documents that would disclose confidential information protected by any and all rights of privacy

3    under the United States Constitution or any other applicable law, or that is otherwise prohibited

4    from disclosure because to do so would cause Responding Party to violate legal and/or

5    contractual obligations to any other persons or entities.

6    Responding Party objects to this request on the grounds that it seeks production of

7    documents protected by the attorney-client privilege, work product doctrine, joint defense or

8    common interest privilege, or by any other applicable doctrine or privilege.

9    Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

10    and not relevant, rendering the request not reasonably calculated to lead to the discovery of

11    admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

12    class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

13    statute of limitations.

14    Responding Party objects to this request on the grounds that, to the extent it seeks

15    documents not related to CRTs only, this request is overly broad and unduly burdensome and

16    purports to call for information that is not relevant to the claim or defense of any party, not

17    relevant to the subject matter involved in this action, and not reasonably calculated to lead to the

18    discovery of admissible evidence

19    Responding Party objects to this request on the grounds that, to the extent it seeks

20    documents not related to the allegations in the Complaint, the request is overly broad and unduly

21    burdensome, and purports to call for information that is not relevant to the claim or defense of

22    any party, not relevant to the subject matter involved in this action, and not reasonably calculated

23    to lead to the discovery of admissible evidence.

24    Subject to and without waiving the objections stated above, Responding Party will

25    produce those non-privileged, responsive documents within the limitations period within its

26    possession, custody or control, to the extent any such documents exist.

27    **REQUEST NO. 4 [SIC] REQUEST NO. 9:**

28    Documents sufficient to show the manner in which You have maintained records relating

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   to CRT or CRT Products during the period January 1, 1991 through the present, including

2   Documents sufficient to describe all electronic data processing systems, programs and outputs

3   used to record, store, compute, analyze or retrieve electronically stored information relating to

4   Your pricing, production, distribution, marketing or sale of CRT or CRT Products in the United

5   States.

6   **RESPONSE TO REQUEST NO. 4 [SIC] REQUEST NO. 9:**

7          Responding Party reasserts and incorporates each of the General Objections and

8   Objections to Definitions and Instructions set forth above.

9          Responding Party objects to this request on the grounds that it is overly broad, unduly

10  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

11         Responding Party objects to this request on the grounds that it seeks production of

12  documents protected by the attorney-client privilege, work product doctrine, joint defense or

13  common interest privilege, or by any other applicable doctrine or privilege.

14         Responding Party objects to this request on the grounds it seeks information and/or

15  documents that would disclose confidential information protected by any and all rights of privacy

16  under the United States Constitution or any other applicable law, or that is otherwise prohibited

17  from disclosure because to do so would cause Responding Party to violate legal and/or

18  contractual obligations to any other persons or entities.

19         Responding Party objects to this request on the grounds that, to the extent it seeks

20  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

21  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

22  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

23  action, and not reasonably calculated to lead to the discovery of admissible evidence.

24         Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

25  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

26  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

27  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

28  statute of limitations.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                              -29-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects on the grounds that, to the extent this request seeks documents

2    not related to the allegations in the Complaint, this request is overly broad and unduly

3    burdensome, and purports to call for information that is not relevant to the claim or defense of

4    any party, not relevant to the subject matter involved in this action, and not reasonably calculated

5    to lead to the discovery of admissible evidence.

6    Responding Party objects that the phrase "manner in which You have maintained records"

7    is vague, ambiguous, and unintelligible, rendering the request overly broad and unduly

8    burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible

9    evidence.

10    Subject to and without waiving the objections stated above, Responding Party will

11    produce those non-privileged, responsive documents within the limitations period within its

12    possession, custody or control, to the extent any such documents exist.

13    **REQUEST NO. 5 [SIC] REQUEST NO. 10:**

14    All Documents and electronic data relating to Your sales of CRT or CRT Products during

15    the period January 1, 1991 through the present, including, but not limited to:

16    a)    customer names, customer billing addresses, and customer ship-to addresses;

17    b)    sales terms;

18    c)    sales dates and shipment dates;

19    d)    product type, class, category, description, and respective use;

20    e)    sales volumes;

21    0     unit price information, gross price, and actual net prices;

22    g)    discounts, credits, and rebates;

23    h)    shipping charges and terms;

24    i)    any other related charges; and

25    j)    amounts paid, dates paid, invoice numbers, and purchase order numbers. If such

26    data are not kept, or have not been kept, in electronic form in the ordinary course

27    of Your business or are otherwise not available in electronic form, please produce

28    such data in hard copy.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                                    -30-                                    MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

**RESPONSE TO REQUEST NO. 5 [SIC] REQUEST NO. 10:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the statute of limitations.

1    Responding Party objects on the grounds that it seeks documents not in existence or not

2    currently in its possession, custody or control.

3    Responding Party objects to the extent this request seeks documents that are no longer

4    active or readily accessible in electronic form which renders this request overly broad and unduly

5    burdensome.

6    Responding Party objects that the terms "respective use" and "related charges" are vague,

7    ambiguous and unintelligible, rendering this request overly broad and unduly burdensome, not

8    relevant and not reasonably calculated to lead to the discovery of admissible evidence.

9    Responding Party objects to the extent this request is duplicative of Document Request

10   No. 5 of Plaintiffs' First Set of Requests for Production.

11   Subject to and without waiving the general and specific objections stated above,

12   Responding Party responds that it will make reasonable efforts to identify documents responsive

13   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

14   documents.

15   **REQUEST NO. 6 [SIC] REQUEST NO. 11:**

16   All software instructions, programs, manuals, or other Documents necessary to operate,

17   run or understand any of the programs maintained on the computer-related equipment or system

18   utilized by You to maintain, gain access to or read data produced in response to Request Nos. 4-5,

19   including all record laYouts [sic], field codes or other descriptions.

20   **RESPONSE TO REQUEST NO. 6 [SIC] REQUEST NO. 11:**

21   Responding Party reasserts and incorporates each of the General Objections and

22   Objections to Definitions and Instructions set forth above.

23   Responding Party objects to this request on the grounds that it is overly broad, unduly

24   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

25   including to the extent that it seeks the discovery of documents regarding Responding Party's

26   sales outside of the United States and unrelated to United States commerce, as such sales are

27   beyond the scope of this litigation and thereby render the Document Requests overly broad,

28   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                                    -32-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  evidence.

2       Responding Party objects to this request on the grounds that it seeks production of

3  documents protected by the attorney-client privilege, work product doctrine, joint defense or

4  common interest privilege, or by any other applicable doctrine or privilege.

5       Responding Party objects to this request on the grounds it seeks information and/or

6  documents that would disclose confidential information protected by any and all rights of privacy

7  under the United States Constitution or any other applicable law, including copyright and

8  licensing agreements, or that is otherwise prohibited from disclosure because to do so would

9  cause Responding Party to violate legal and/or contractual obligations to any other persons or

10  entities.

11       Responding Party objects to this request on the grounds that, to the extent it seeks

12  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

13  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

14  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

15  action, and not reasonably calculated to lead to the discovery of admissible evidence.

16       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

17  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

18  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

19  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

20  statute of limitations.

21       Responding Party objects to the extent this request seeks documents that are no longer

22  active or readily accessible in electronic form which renders this request overly broad and unduly

23  burdensome.

24       Responding Party objects on the grounds that, to the extent this request seeks documents

25  not related to the allegations in the Complaint, this request is overly broad and unduly

26  burdensome, and purports to call for information that is not relevant to the claim or defense of

27  any party, not relevant to the subject matter involved in this action, and not reasonably calculated

28  to lead to the discovery of admissible evidence.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                                    -33-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects on the grounds that it seeks documents not in existence or not

2    currently in its possession, custody or control.

3    Responding Party objects that the apparent typographical error "all record laYouts"

4    renders this request ambiguous and unintelligible.

5    Subject to and without waiving the general and specific objections stated above,

6    Responding Party responds that it will make reasonable efforts to identify documents responsive

7    to this request within the Limitations Period and, if any, will produce non-privileged, responsive

8    documents.

9    **REQUEST NO. 7 [SIC] REQUEST NO. 12:**

10    All Documents relating to policies, methods, formulas or factors to be used in

11    determining, computing or quoting prices, including any rebates or discounts, in connection with

12    the sale of CRT or CRT Products.

13    **RESPONSE TO REQUEST NO. 7 [SIC] REQUEST NO. 12:**

14    Responding Party reasserts and incorporates each of the General Objections and

15    Objections to Definitions and Instructions set forth above.

16    Responding Party objects to this request on the grounds that it is overly broad, unduly

17    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

18    including to the extent that it seeks the discovery of documents regarding Responding Party's

19    sales outside of the United States and unrelated to United States commerce, as such sales are

20    beyond the scope of this litigation and thereby render the Document Requests overly broad,

21    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

22    evidence.

23    Responding Party objects to this request on the grounds that it seeks production of

24    documents protected by the attorney-client privilege, work product doctrine, joint defense or

25    common interest privilege, or by any other applicable doctrine or privilege.

26    Responding Party objects to this request on the grounds it seeks information and/or

27    documents that would disclose confidential information protected by any and all rights of privacy

28    under the United States Constitution or any other applicable law, or that is otherwise prohibited

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                                    -34-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   from disclosure because to do so would cause Responding Party to violate legal and/or

2   contractual obligations to any other persons or entities.

3       Responding Party objects to this request on the grounds that, to the extent it seeks

4   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

5   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

6   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

7   action, and not reasonably calculated to lead to the discovery of admissible evidence.

8       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

9   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

10  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

11  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

12  statute of limitations.

13      Responding Party objects to the extent this request seeks documents that are no longer

14  active or readily accessible in electronic form which renders this request overly broad and unduly

15  burdensome.

16      Responding Party objects to the extent this request seeks documents or information that is

17  not within the possession, custody, or control of Responding Party.

18      Responding Party objects that the phrases "methods, formulas or factors" and

19  "determining, computing or quoting prices" are vague, ambiguous and unintelligible, rendering

20  the request overly broad and unduly burdensome, not relevant and not reasonably calculated to

21  lead to the discovery of admissible evidence.

22      Responding Party objects to this request to the extent it seeks documents or information

23  that will be the subject of expert discovery, as expert discovery has not commenced in this matter.

24      Subject to and without waiving the general and specific objections stated above,

25  Responding Party responds that it will make reasonable efforts to identify documents responsive

26  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

27  documents.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                              -35-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

**REQUEST NO. 8 [SIC] REQUEST NO. 13:**

All Documents relating to any published prices for CRT or CRT Products during the period January 1, 1991 through the present, including price announcements, price lists, price schedules, or price changes communicated to customers in the United States.

**RESPONSE TO REQUEST NO. 8 [SIC] REQUEST NO. 13:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2

-36-

MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    and not relevant, rendering the request not reasonably calculated to lead to the discovery of

2    admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

3    class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

4    statute of limitations.

5            Responding Party objects to the extent this request seeks documents that are no longer

6    active or readily accessible in electronic form which renders this request overly broad and unduly

7    burdensome.

8            Responding Party objects to the extent this request seeks documents or information that is

9    not within the possession, custody, or control of Responding Party.

10           Responding Party objects that the terms "published prices" and "customers" are vague,

11   ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome, not

12   relevant and not reasonably calculated to lead to the discovery of admissible evidence.

13           Responding Party objects that the term "customers in the United States" calls for a legal

14   conclusion.

15           Responding Party objects to the extent this request seeks documents or information that

16   require discovery of information and materials from third parties or sources that are equally if not

17   more accessible to Plaintiffs.

18           Responding Party objects to the extent this request seeks documents or information that

19   will be the subject of expert discovery, as expert discovery has not commenced in this matter.

20           Subject to and without waiving the general and specific objections stated above,

21   Responding Party responds that it will make reasonable efforts to identify documents responsive

22   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

23   documents.

24   **REQUEST NO. 9 [SIC] REQUEST NO. 14:**

25           All Documents relating to contracts, offers or proposals for CRT or CRT Products sales

26   during the period January 1, 1991 through the present.

27   **RESPONSE TO REQUEST NO. 9 [SIC] REQUEST NO. 14:**

28           Responding Party reasserts and incorporates each of the General Objections and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   Objections to Definitions and Instructions set forth above.

2          Responding Party objects to this request on the grounds that it is overly broad, unduly

3   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

4   including to the extent that it seeks the discovery of documents regarding Responding Party's

5   sales outside of the United States and unrelated to United States commerce, as such sales are

6   beyond the scope of this litigation and thereby render the Document Requests overly broad,

7   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

8   evidence.

9          Responding Party objects to this request on the grounds that it seeks production of

10  documents protected by the attorney-client privilege, work product doctrine, joint defense or

11  common interest privilege, or by any other applicable doctrine or privilege.

12         Responding Party objects to this request on the grounds it seeks information and/or

13  documents that would disclose confidential information protected by any and all rights of privacy

14  under the United States Constitution or any other applicable law, or that is otherwise prohibited

15  from disclosure because to do so would cause Responding Party to violate legal and/or

16  contractual obligations to any other persons or entities.

17         Responding Party objects to this request on the grounds that, to the extent it seeks

18  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

19  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

20  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

21  action, and not reasonably calculated to lead to the discovery of admissible evidence.

22         Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

23  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

24  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

25  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

26  statute of limitations.

27         Responding Party objects to the extent this request seeks documents that are no longer

28  active or readily accessible in electronic form which renders this request overly broad and unduly

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    burdensome.

2        Responding Party objects to the extent this request seeks documents or information that is

3    not within the possession, custody, or control of Responding Party.

4        Responding Party objects that the phrase "contracts, offers or proposals" is vague,

5    ambiguous and unintelligible, rendering this request overly broad and unduly burdensome, not

6    relevant and not reasonably calculated to lead to the discovery of admissible evidence.

7        Responding Party objects to the extent this request seeks documents or information that

8    require discovery of information and materials from third parties or sources that are equally if not

9    more accessible to Plaintiffs.

10       Responding Party objects to the extent this request seeks documents or information that

11   will be the subject of expert discovery, as expert discovery has not commenced in this matter.

12       Subject to and without waiving the general and specific objections stated above,

13   Responding Party responds that it will make reasonable efforts to identify documents responsive

14   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

15   documents.

16   **REQUEST NO. 10 [SIC] REQUEST NO. 15:**

17       Documents sufficient to identify each of Your facilities that produced CRT or CRT

18   Products from January 1, 1991 through the present, and for each such facility, all Documents

19   relating to:

20       a)    capacity, rated capacity, production and capacity utilization during each year of the

21             Relevant Time Period;

22       b)    any proposed or actual change in the capacity to produce CRT or CRT Products;

23       c)    any reason for changes in each facility's actual production of CRT or CRT

24             Products;

25       d)    the identity of all persons who had decision-making or supervisory responsibility

26             regarding CRT or CRT Products production;

27       e)    each type, class, category and respective use of CRT or CRT Products produced

28             and the amounts of each produced during each month of the relevant period;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1        f)      any production shutdowns or slowdowns of CRT or CRT Products production and

2              reasons for such shutdowns or slowdowns; and

3        g)      any projected production forecasts;

4        h)      any future plans to construct, joint venture or purchase fabrication plants used to

5              manufacture or produce CRT or CRT Products.

6   **RESPONSE TO REQUEST NO. 10 [SIC] REQUEST NO. 15:**

7        Responding Party reasserts and incorporates each of the General Objections and

8   Objections to Definitions and Instructions set forth above.

9        Responding Party objects to this request on the grounds that it is overly broad, unduly

10  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

11  including to the extent that it seeks the discovery of documents regarding Responding Party's

12  sales outside of the United States and unrelated to United States commerce, as such sales are

13  beyond the scope of this litigation and thereby render the Document Requests overly broad,

14  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

15  evidence.

16        Responding Party objects to this request on the grounds that it seeks production of

17  documents protected by the attorney-client privilege, work product doctrine, joint defense or

18  common interest privilege, or by any other applicable doctrine or privilege.

19        Responding Party objects to this request on the grounds it seeks information and/or

20  documents that would disclose confidential information protected by any and all rights of privacy

21  under the United States Constitution or any other applicable law, or that is otherwise prohibited

22  from disclosure because to do so would cause Responding Party to violate legal and/or

23  contractual obligations to any other persons or entities.

24        Responding Party objects to this request on the grounds that, to the extent it seeks

25  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

26  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

27  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

28  action, and not reasonably calculated to lead to the discovery of admissible evidence.

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

2    and not relevant, rendering the request not reasonably calculated to lead to the discovery of

3    admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

4    class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

5    statute of limitations.

6    Responding Party objects to the extent this request seeks documents that are no longer

7    active or readily accessible in electronic form which renders this request overly broad and unduly

8    burdensome.

9    Responding Party objects to the extent this request seeks documents or information that is

10   not within the possession, custody, or control of Responding Party.

11   Responding Party objects that the definition of the term "Your" is vague, ambiguous, and

12   unintelligible, rendering the request overly broad and unduly burdensome, not relevant, and not

13   reasonably calculated to lead to the discovery of admissible evidence.

14   Responding Party objects that the terms "capacity," "decision-making or supervisory

15   responsibility," and "respective use" are vague, ambiguous and unintelligible, rendering the

16   request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead

17   to the discovery of admissible evidence.

18   Responding Party objects to the extent this request is duplicative of Request No. 4 of

19   Plaintiffs' First Set of Requests for Production.

20   Subject to and without waiving the general and specific objections stated above,

21   Responding Party responds that it will make reasonable efforts to identify documents responsive

22   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

23   documents.

24   **REQUEST NO. 11 [SIC] REQUEST NO. 16:**

25   Documents sufficient to describe the processes for producing CRT or CRT Products,

26   including but not limited to, any industry standards.

27   **RESPONSE TO REQUEST NO. 11 [SIC] REQUEST NO. 16:**

28   Responding Party reasserts and incorporates each of the General Objections and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Objections to Definitions and Instructions set forth above.

2            Responding Party objects to this request on the grounds that it is overly broad, unduly

3    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

4    including to the extent that it seeks the discovery of documents regarding Responding Party's

5    sales outside of the United States and unrelated to United States commerce, as such sales are

6    beyond the scope of this litigation and thereby render the Document Requests overly broad,

7    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

8    evidence.

9            Responding Party objects to this request on the grounds that it seeks production of

10   documents protected by the attorney-client privilege, work product doctrine, joint defense or

11   common interest privilege, or by any other applicable doctrine or privilege.

12           Responding Party objects to this request on the grounds it seeks information and/or

13   documents that would disclose confidential information protected by any and all rights of privacy

14   under the United States Constitution or any other applicable law, or that is otherwise prohibited

15   from disclosure because to do so would cause Responding Party to violate legal and/or

16   contractual obligations to any other persons or entities.

17           Responding Party objects to this request on the grounds that, to the extent it seeks

18   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

19   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

20   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

21   action, and not reasonably calculated to lead to the discovery of admissible evidence.

22           Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

23   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

24   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

25   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

26   statute of limitations.

27           Responding Party objects to the extent this request seeks documents that are no longer

28   active or readily accessible in electronic form which renders this request overly broad and unduly

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                                    -42-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  burdensome.

2  Responding Party objects to the extent this request seeks documents or information that is

3  not within the possession, custody, or control of Responding Party.

4  Responding Party objects that the terms "processes for producing" and "industry

5  standards" are vague, ambiguous, and unintelligible, rendering the request overly broad and

6  unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of

7  admissible evidence.

8  Responding Party objects to the extent this request seeks documents or information that

9  require discovery of information and materials from third parties or sources that are equally if not

10  more accessible to Plaintiffs.

11  Responding Party objects to the extent this request seeks documents or information that

12  will be the subject of expert discovery, as expert discovery has not commenced in this matter.

13  Subject to and without waiving the general and specific objections stated above,

14  Responding Party responds that it will make reasonable efforts to identify documents responsive

15  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

16  documents.

17  **REQUEST NO. 12 [SIC] REQUEST NO. 17:**

18  All Documents relating to the cost of manufacturing, marketing, selling, and distributing

19  CRT or CRT Products during the period January 1, 1991 through the present.

20  **RESPONSE TO REQUEST NO. 12 [SIC] REQUEST NO. 17:**

21  Responding Party reasserts and incorporates each of the General Objections and

22  Objections to Definitions and Instructions set forth above.

23  Responding Party objects to this request on the grounds that it is overly broad, unduly

24  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

25  including to the extent that it seeks the discovery of documents regarding Responding Party's

26  sales outside of the United States and unrelated to United States commerce, as such sales are

27  beyond the scope of this litigation and thereby render the Document Requests overly broad,

28  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

MORGAN, LEWIS & BOCKIUS LLP ATTORNEYS AT LAW SAN FRANCISCO

1   evidence.

2       Responding Party objects to this request on the grounds that it seeks production of

3   documents protected by the attorney-client privilege, work product doctrine, joint defense or

4   common interest privilege, or by any other applicable doctrine or privilege.

5       Responding Party objects to this request on the grounds it seeks information and/or

6   documents that would disclose confidential information protected by any and all rights of privacy

7   under the United States Constitution or any other applicable law, or that is otherwise prohibited

8   from disclosure because to do so would cause Responding Party to violate legal and/or

9   contractual obligations to any other persons or entities.

10      Responding Party objects to this request on the grounds that, to the extent it seeks

11  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

12  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

13  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

14  action, and not reasonably calculated to lead to the discovery of admissible evidence.

15      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

16  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

17  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

18  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

19  statute of limitations.

20      Responding Party objects to the extent this request seeks documents that are no longer

21  active or readily accessible in electronic form which renders this request overly broad and unduly

22  burdensome.

23      Responding Party objects to the extent this request seeks documents or information that is

24  not within the possession, custody, or control of Responding Party.

25      Responding Party objects to the extent this request seeks documents or information that

26  require discovery of information and materials from third parties or sources that are equally if not

27  more accessible to Plaintiffs.

28      Responding Party objects to the extent this request seeks documents or information that

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                              -44-                              MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    will be the subject of expert discovery, as expert discovery has not commenced in this matter.

2        Subject to and without waiving the general and specific objections stated above,

3    Responding Party responds that it will make reasonable efforts to identify documents responsive

4    to this request within the Limitations Period and, if any, will produce non-privileged, responsive

5    documents.

6    **REQUEST NO. 13 [SIC] REQUEST NO. 18:**

7        Documents sufficient to show Your inventory levels of CRT or CRT Products for each

8    month, quarter, calendar year or fiscal year from January 1, 1991 through the present.

9    **RESPONSE TO REQUEST NO. 13 [SIC] REQUEST NO. 18:**

10        Responding Party reasserts and incorporates each of the General Objections and

11    Objections to Definitions and Instructions set forth above.

12        Responding Party objects to this request on the grounds that it is overly broad, unduly

13    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

14    including to the extent that it seeks the discovery of documents regarding Responding Party's

15    sales outside of the United States and unrelated to United States commerce, as such sales are

16    beyond the scope of this litigation and thereby render the Document Requests overly broad,

17    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

18    evidence.

19        Responding Party objects to this request on the grounds that it seeks production of

20    documents protected by the attorney-client privilege, work product doctrine, joint defense or

21    common interest privilege, or by any other applicable doctrine or privilege.

22        Responding Party objects to this request on the grounds it seeks information and/or

23    documents that would disclose confidential information protected by any and all rights of privacy

24    under the United States Constitution or any other applicable law, or that is otherwise prohibited

25    from disclosure because to do so would cause Responding Party to violate legal and/or

26    contractual obligations to any other persons or entities.

27        Responding Party objects to this request on the grounds that, to the extent it seeks

28    documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

2    relevant to the claim or defense of any party, not relevant to the subject matter involved in this

3    action, and not reasonably calculated to lead to the discovery of admissible evidence.

4           Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

5    and not relevant, rendering the request not reasonably calculated to lead to the discovery of

6    admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

7    class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

8    statute of limitations.

9           Responding Party objects to the extent this request seeks documents that are no longer

10   active or readily accessible in electronic form which renders this request overly broad and unduly

11   burdensome.

12          Responding Party objects that the definition of the term "Your" is vague, ambiguous, and

13   unintelligible, rendering the request overly broad and unduly burdensome, not relevant, and not

14   reasonably calculated to lead to the discovery of admissible evidence.

15          Responding Party objects that the term "inventory levels" is vague, ambiguous, and

16   unintelligible, rendering the request overly broad and unduly burdensome, not relevant, and not

17   reasonably calculated to lead to the discovery of admissible evidence.

18          Subject to and without waiving the general and specific objections stated above,

19   Responding Party responds that it will make reasonable efforts to identify documents responsive

20   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

21   documents.

22   **REQUEST NO. 14 [SIC] REQUEST NO. 19:**

23          Documents sufficient to identify and quantify all swaps, trades, sales, purchases or

24   transfers of CRT or CRT Products between You and any of Your affiliates, or between You and

25   any other producer of CRT or CRT Products, and the price or any other consideration involved in

26   every such sale, swap, trade, purchase or transfer.

27   **RESPONSE TO REQUEST NO. 14 [SIC] REQUEST NO. 19:**

28          Responding Party reasserts and incorporates each of the General Objections and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Objections to Definitions and Instructions set forth above.

2         Responding Party objects to this request on the grounds that it is overly broad, unduly

3    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

4    including to the extent that it seeks the discovery of documents regarding Responding Party's

5    sales outside of the United States and unrelated to United States commerce, as such sales are

6    beyond the scope of this litigation and thereby render the Document Requests overly broad,

7    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

8    evidence.

9         Responding Party objects to this request on the grounds that it seeks production of

10   documents protected by the attorney-client privilege, work product doctrine, joint defense or

11   common interest privilege, or by any other applicable doctrine or privilege.

12        Responding Party objects to this request on the grounds it seeks information and/or

13   documents that would disclose confidential information, third-party confidential information

14   and/or proprietary business information protected by any and all rights of privacy under the

15   United States Constitution or any other applicable law, or that is otherwise prohibited from

16   disclosure because to do so would cause Responding Party to violate legal and/or contractual

17   obligations to any other persons or entities.

18        Responding Party objects to this request on the grounds that, to the extent it seeks

19   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

20   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

21   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

22   action, and not reasonably calculated to lead to the discovery of admissible evidence.

23        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

24   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

25   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

26   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

27   statute of limitations.

28        Responding Party objects to the extent this request seeks documents that are no longer

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                              -47-                              MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   active or readily accessible in electronic form which renders this request overly broad and unduly

2   burdensome.

3       Responding Party objects that the definition of the terms "You" and "Your" are vague,

4   ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome, not

5   relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

6       Responding Party objects that the terms "affiliates," "swaps," "trades," and "transfers" are

7   vague, ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome,

8   not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

9       Responding Party objects to this request on the grounds that, to the extent it seeks

10  documents related to "purchases," it seeks documents and information not related to the

11  allegations in the Complaint, the request is overly broad and unduly burdensome, and purports to

12  call for information that is not relevant to the claim or defense of any party, not relevant to the

13  subject matter involved in this action, and not reasonably calculated to lead to the discovery of

14  admissible evidence.

15      Subject to and without waiving the general and specific objections stated above,

16  Responding Party responds that it will make reasonable efforts to identify documents responsive

17  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

18  documents.

19  **REQUEST NO. 15 [SIC] REQUEST NO. 20:**

20      All Documents relating to any relationship between prices for CRT or CRT Products and

21  any costs of producing, marketing, selling, or distributing CRT or CRT Products during the

22  period January  1, 1991 through the present.

23  **RESPONSE TO REQUEST NO. 15 [SIC] REQUEST NO. 20:**

24      Responding Party reasserts and incorporates each of the General Objections and

25  Objections to Definitions and Instructions set forth above.

26      Responding Party objects to this request on the grounds that it is overly broad, unduly

27  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

28  including to the extent that it seeks the discovery of documents regarding Responding Party's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                                    -48-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   sales outside of the United States and unrelated to United States commerce, as such sales are

2   beyond the scope of this litigation and thereby render the Document Requests overly broad,

3   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

4   evidence.

5          Responding Party objects to this request on the grounds that it seeks production of

6   documents protected by the attorney-client privilege, work product doctrine, joint defense or

7   common interest privilege, or by any other applicable doctrine or privilege.

8          Responding Party objects to this request on the grounds it seeks information and/or

9   documents that would disclose confidential information protected by any and all rights of privacy

10  under the United States Constitution or any other applicable law, or that is otherwise prohibited

11  from disclosure because to do so would cause Responding Party to violate legal and/or

12  contractual obligations to any other persons or entities.

13         Responding Party objects to this request on the grounds that, to the extent it seeks

14  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

15  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

16  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

17  action, and not reasonably calculated to lead to the discovery of admissible evidence.

18         Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

19  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

20  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

21  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

22  statute of limitations.

23         Responding Party objects to the extent this request seeks documents that are no longer

24  active or readily accessible in electronic form which renders this request overly broad and unduly

25  burdensome.

26         Responding Party objects to the extent this request seeks documents or information that is

27  not within the possession, custody, or control of Responding Party.

28         Responding Party objects that the phrase "relationship between prices" is vague and

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

ambiguous, rendering this request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to the extent this request seeks document relating to "costs of production, marketing, or selling or distributing CRT or CRT Products," it is duplicative of Request No. 12 of the Document Requests.

Responding Party objects to the extent this request seeks documents or information that require discovery of information and materials from third parties or sources that are equally if not more accessible to Plaintiffs.

Responding Party objects to the extent this request seeks documents concerning the "prices of CRTs" and "costs of producing" CRTs, this request is duplicative of Document Request Nos. 8 and 12 of the Document Requests.

Responding Party objects to the extent this request seeks documents or information that will be the subject of expert discovery, as expert discovery has not commenced in this matter.

Subject to and without waiving the general and specific objections stated above, Responding Party responds that it will make reasonable efforts to identify documents responsive to this request within the Limitations Period and, if any, will produce non-privileged, responsive documents.

**REQUEST NO. 16 [SIC] REQUEST NO. 21:**

All of Your internal and public annual, quarterly and monthly financial statements, summaries or analyses, including profit-and-loss statements and comparisons to budget that relate to CRT or CRT Products.

**RESPONSE TO REQUEST NO. 16 [SIC] REQUEST NO. 21:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    beyond the scope of this litigation and thereby render the Document Requests overly broad,

2    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

3    evidence.

4         Responding Party objects to this request on the grounds that it seeks production of

5    documents protected by the attorney-client privilege, work product doctrine, joint defense or

6    common interest privilege, or by any other applicable doctrine or privilege.

7         Responding Party objects to this request on the grounds it seeks information and/or

8    documents that would disclose confidential information protected by any and all rights of privacy

9    under the United States Constitution or any other applicable law, or that is otherwise prohibited

10   from disclosure because to do so would cause Responding Party to violate legal and/or

11   contractual obligations to any other persons or entities.

12        Responding Party objects to this request on the grounds that, to the extent it seeks

13   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

14   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

15   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

16   action, and not reasonably calculated to lead to the discovery of admissible evidence.

17        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

18   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

19   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

20   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

21   statute of limitations.

22        Responding Party objects to the extent this request seeks documents or information that is

23   not within the possession, custody, or control of Responding Party.

24        Subject to and without waiving the general and specific objections stated above,

25   Responding Party responds that it will make reasonable efforts to identify documents responsive

26   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

27   documents.

28

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

**REQUEST NO. 17 [SIC] REQUEST NO. 22:**

All business plans, planning analyses, budgets, forecasts, or sales or profit projections relating to CRT or CRT Products.

**RESPONSE TO REQUEST NO. 17 [SIC] REQUEST NO. 22:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

2   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

3   statute of limitations.

4        Responding Party objects to the extent this request seeks documents that are no longer

5   active or readily accessible in electronic form which renders this request overly broad and unduly

6   burdensome.

7        Responding Party objects to the extent this request seeks documents or information that is

8   not within the possession, custody, or control of Responding Party.

9        Responding Party objects that the phrase "business plans, planning analyses, budgets,

10  forecasts, or sales or profit projections" is vague and ambiguous, rendering this request overly

11  broad and unduly burdensome, not relevant and not reasonably calculated to lead to the discovery

12  of admissible evidence.

13       Responding Party objects to the extent this request seeks documents or information that

14  require discovery of information and materials from third parties or sources that are equally if not

15  more accessible to Plaintiffs.

16       Responding Party objects to the extent this request seeks documents or information that

17  will be the subject of expert discovery, as expert discovery has not commenced in this matter.

18       Subject to and without waiving the general and specific objections stated above,

19  Responding Party responds that it will make reasonable efforts to identify documents responsive

20  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

21  documents.

22  **REQUEST NO. 18 [SIC] REQUEST NO. 23:**

23       Documents sufficient to show the identity of all other producers and sellers of CRT or

24  CRT Products during any portion of the relevant period.

25  **RESPONSE TO REQUEST NO. 18 [SIC] REQUEST NO. 23:**

26       Responding Party reasserts and incorporates each of the General Objections and

27  Objections to Definitions and Instructions set forth above.

28       Responding Party objects to this request on the grounds that it is overly broad, unduly

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                          -53-                          MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party also objects on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects on the grounds that, to the extent it requests documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the statute of limitations.

Responding Party objects to the extent this request seeks documents that are no longer active or readily accessible in electronic form which renders this request overly broad and unduly burdensome.

Responding Party objects to the extent this request seeks documents or information that is

1  not within the possession, custody, or control of Responding Party.

2          Responding Party objects that by seeking documents and information regarding "all other

3  producers and sellers of CRT or CRT Products," the request is overly broad and unduly

4  burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible

5  evidence.

6          Responding Party objects to the extent this request seeks documents or information that

7  require discovery of information and materials from third parties or sources that are equally if not

8  more accessible to Plaintiffs.

9          Responding Party objects to the extent this request seeks documents or information that

10  will be the subject of expert discovery, as expert discovery has not commenced in this matter.

11          Subject to and without waiving the general and specific objections stated above,

12  Responding Party responds that it will make reasonable efforts to identify documents responsive

13  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

14  documents.

15  **REQUEST NO. 19 [SIC] REQUEST NO. 24:**

16          All Documents relating to Your percentage or share of industry production, capacity, sales

17  or shipments of CRT or CRT Products, or the percentage or share of industry production,

18  capacity, sales or shipments of any other producer or seller of CRT or CRT Products at any time

19  during the period January 1, 1991 through the present.

20  **RESPONSE TO REQUEST NO. 19 [SIC] REQUEST NO. 24:**

21          Responding Party reasserts and incorporates each of the General Objections and

22  Objections to Definitions and Instructions set forth above.

23          Responding Party objects to this request on the grounds that it is overly broad, unduly

24  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

25  including to the extent that it seeks the discovery of documents regarding Responding Party's

26  sales outside of the United States and unrelated to United States commerce, as such sales are

27  beyond the scope of this litigation and thereby render the Document Requests overly broad,

28  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    evidence.

2           Responding Party objects to this request on the grounds that it seeks production of

3    documents protected by the attorney-client privilege, work product doctrine, joint defense or

4    common interest privilege, or by any other applicable doctrine or privilege.

5           Responding Party also objects on the grounds it seeks information and/or documents that

6    would disclose confidential information protected by any and all rights of privacy under the

7    United States Constitution or any other applicable law, or that is otherwise prohibited from

8    disclosure because to do so would cause Responding Party to violate legal and/or contractual

9    obligations to any other persons or entities.

10          Responding Party objects to this request on the grounds that, to the extent it requests

11   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

12   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

13   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

14   action, and not reasonably calculated to lead to the discovery of admissible evidence.

15          Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

16   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

17   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

18   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

19   statute of limitations.

20          Responding Party objects to the extent this request seeks documents that are no longer

21   active or readily accessible in electronic form which renders this request overly broad and unduly

22   burdensome.

23          Responding Party objects to the extent this request seeks documents or information that is

24   not within the possession, custody, or control of Responding Party.

25          Responding Party objects that the phrase "percentage or share of industry production,

26   capacity, sales or shipments" is vague and ambiguous, rendering this request overly broad and

27   unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of

28   admissible evidence.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                                    -56-                                        MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  Responding Party objects to the extent this request seeks documents or information that

2  require discovery of information and materials from third parties or sources that are equally if not

3  more accessible to Plaintiffs.

4  Responding Party objects to the extent this request seeks documents or information that

5  will be the subject of expert discovery, as expert discovery has not commenced in this matter.

6  Subject to and without waiving the general and specific objections stated above,

7  Responding Party responds that it will make reasonable efforts to identify documents responsive

8  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

9  documents.

10 **REQUEST NO. 20 [SIC] REQUEST NO. 25:**

11  All Documents showing the dollar volume or quantity of sales or shipments of CRT or

12  CRT Products (by type or category, if available) by You or by other producers or sellers of CRT

13  or CRT Products by month, quarter, calendar year or fiscal year during the period January 1, 1991

14  through the present.

15 **RESPONSE TO REQUEST NO. 20 [SIC] REQUEST NO. 25:**

16  Responding Party reasserts and incorporates each of the General Objections and

17  Objections to Definitions and Instructions set forth above.

18  Responding Party objects to this request on the grounds that it is overly broad, unduly

19  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

20  including to the extent that it seeks the discovery of documents regarding Responding Party's

21  sales outside of the United States and unrelated to United States commerce, as such sales are

22  beyond the scope of this litigation and thereby render the Document Requests overly broad,

23  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

24  evidence.

25  Responding Party objects to this request on the grounds that it seeks production of

26  documents protected by the attorney-client privilege, work product doctrine, joint defense or

27  common interest privilege, or by any other applicable doctrine or privilege.

28  Responding Party objects to this request on the grounds it seeks information and/or

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    documents that would disclose confidential information protected by any and all rights of privacy

2    under the United States Constitution or any other applicable law, or that is otherwise prohibited

3    from disclosure because to do so would cause Responding Party to violate legal and/or

4    contractual obligations to any other persons or entities.

5    Responding Party objects to this request on the grounds that, to the extent it seeks

6    documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

7    ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

8    relevant to the claim or defense of any party, not relevant to the subject matter involved in this

9    action, and not reasonably calculated to lead to the discovery of admissible evidence.

10   Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

11   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

12   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

13   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

14   statute of limitations.

15   Responding Party objects to the extent this request seeks documents that are no longer

16   active or readily accessible in electronic form which renders this request overly broad and unduly

17   burdensome.

18   Responding Party objects to the extent this request seeks documents or information that is

19   not within the possession, custody, or control of Responding Party.

20   Responding Party objects that the phrase "dollar volume" is vague, ambiguous, and

21   unintelligible, rendering the request overly broad and unduly burdensome, not relevant and not

22   reasonably calculated to lead to the discovery of admissible evidence.

23   Responding Party objects to the extent it seeks documents relating to the "quantity of sales

24   or shipments of CRT or CRT Products," this request is duplicative of Document Request No. 5 of

25   Plaintiffs' First Set of Requests for Production of Documents, and Request No. 5 of the

26   Document Requests.

27   Responding Party objects to the extent this request seeks documents or information that

28   require discovery of information and materials from third parties or sources that are equally if not

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    more accessible to Plaintiffs.

2         Responding Party objects to the extent this request seeks documents or information that

3    will be the subject of expert discovery, as expert discovery has not commenced in this matter.

4         Subject to and without waiving the general and specific objections stated above,

5    Responding Party responds that it will make reasonable efforts to identify documents responsive

6    to this request within the Limitations Period and, if any, will produce non-privileged, responsive

7    documents.

8    **REQUEST NO. 21 [SIC] REQUEST NO. 26:**

9         All Documents that compare or contrast each type, class, or category of CRT or CRT

10   Products produced or sold by You with that of any other producer or seller of CRT or CRT

11   Products and all Documents that relate to any industry standards regarding types, classes, or

12   categories of CRT or CRT Products.

13   **RESPONSE TO REQUEST NO. 21 [SIC] REQUEST NO. 26:**

14        Responding Party reasserts and incorporates each of the General Objections and

15   Objections to Definitions and Instructions set forth above.

16        Responding Party objects to this request on the grounds that it is overly broad, unduly

17   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

18   including to the extent that it seeks the discovery of documents regarding Responding Party's

19   sales outside of the United States and unrelated to United States commerce, as such sales are

20   beyond the scope of this litigation and thereby render the Document Requests overly broad,

21   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

22   evidence.

23        Responding Party objects to this request on the grounds that it seeks production of

24   documents protected by the attorney-client privilege, work product doctrine, joint defense or

25   common interest privilege, or by any other applicable doctrine or privilege.

26        Responding Party objects to this request on the grounds it seeks information and/or

27   documents that would disclose confidential information protected by any and all rights of privacy

28   under the United States Constitution or any other applicable law, or that is otherwise prohibited

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                                   -59-                                   MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  from disclosure because to do so would cause Responding Party to violate legal and/or

2  contractual obligations to any other persons or entities.

3      Responding Party objects to this request on the grounds that, to the extent it seeks

4  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

5  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

6  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

7  action, and not reasonably calculated to lead to the discovery of admissible evidence.

8      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

9  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

10  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

11  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

12  statute of limitations.

13      Responding Party objects to the extent this request seeks documents that are no longer

14  active or readily accessible in electronic form which renders this request overly broad and unduly

15  burdensome.

16      Responding Party objects to the extent this request seeks documents or information that is

17  not within the possession, custody, or control of Responding Party.

18      Responding Party objects that the phrases "compare or contrast" and "industry standards"

19  are vague, ambiguous, and unintelligible, rendering this request overly broad and unduly

20  burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible

21  evidence.

22      Responding Party objects to the extent this request seeks documents or information that

23  require discovery of information and materials from third parties or sources that are equally if not

24  more accessible to Plaintiffs.

25      Responding Party objects to the extent this request is duplicative of Request No. 5 of the

26  Document Requests.

27      Responding Party objects to the extent this request seeks documents or information that

28  will be the subject of expert discovery, as expert discovery has not commenced in this matter.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2    -60-    MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Subject to and without waiving the general and specific objections stated above,

2  Responding Party responds that it will make reasonable efforts to identify documents responsive

3  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

4  documents.

5  **REQUEST NO. 22 [SIC] REQUEST NO. 27:**

6    Documents sufficient to show the regions or territories in which each type, class, or

7  category of CRT or CRT Products are sold in the United States.

8  **RESPONSE TO REQUEST NO. 22 [SIC] REQUEST NO. 27:**

9    Responding Party reasserts and incorporates each of the General Objections and

10  Objections to Definitions and Instructions set forth above.

11    Responding Party objects to this request on the grounds that it is overly broad, unduly

12  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

13  including to the extent that it seeks the discovery of documents regarding Responding Party's

14  sales outside of the United States and unrelated to United States commerce, as such sales are

15  beyond the scope of this litigation and thereby render the Document Requests overly broad,

16  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

17  evidence.

18    Responding Party objects to this request on the grounds that it seeks production of

19  documents protected by the attorney-client privilege, work product doctrine, joint defense or

20  common interest privilege, or by any other applicable doctrine or privilege.

21    Responding Party objects to this request on the grounds it seeks information and/or

22  documents that would disclose confidential information protected by any and all rights of privacy

23  under the United States Constitution or any other applicable law, or that is otherwise prohibited

24  from disclosure because to do so would cause Responding Party to violate legal and/or

25  contractual obligations to any other persons or entities.

26    Responding Party objects to this request on the grounds that, to the extent it seeks

27  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

28  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                          -61-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

2  action, and not reasonably calculated to lead to the discovery of admissible evidence.

3  Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

4  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

5  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

6  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

7  statute of limitations.

8  Responding Party objects to the extent this request seeks documents that are no longer

9  active or readily accessible in electronic form which renders this request overly broad and unduly

10  burdensome.

11  Responding Party objects to the extent this request seeks documents or information that is

12  not within the possession, custody, or control of Responding Party.

13  Responding Party objects to the extent this request seeks documents or information that

14  require discovery of information and materials from third parties or sources that are equally if not

15  more accessible to Plaintiffs.

16  Responding Party objects to the extent this request seeks documents or information that

17  will be the subject of expert discovery, as expert discovery has not commenced in this matter.

18  Subject to and without waiving the general and specific objections stated above,

19  Responding Party responds that it will make reasonable efforts to identify documents responsive

20  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

21  documents.

22  **REQUEST NO. 23 [SIC] REQUEST NO. 28:**

23  All Documents relating to conditions of supply or demand for CRT or CRT Products,

24  including, but not limited to, any market studies or industry reports during the period January 1,

25  1991 through the present.

26  **RESPONSE TO REQUEST NO. 23 [SIC] REQUEST NO. 28:**

27  Responding Party reasserts and incorporates each of the General Objections and

28  Objections to Definitions and Instructions set forth above.

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   Responding Party objects to this request on the grounds that it is overly broad, unduly

2   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

3   including to the extent that it seeks the discovery of documents regarding Responding Party's

4   sales outside of the United States and unrelated to United States commerce, as such sales are

5   beyond the scope of this litigation and thereby render the Document Requests overly broad,

6   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

7   evidence.

8   Responding Party objects to this request on the grounds that it seeks production of

9   documents protected by the attorney-client privilege, work product doctrine, joint defense or

10  common interest privilege, or by any other applicable doctrine or privilege.

11  Responding Party objects to this request on the grounds it seeks information and/or

12  documents that would disclose confidential information protected by any and all rights of privacy

13  under the United States Constitution or any other applicable law, or that is otherwise prohibited

14  from disclosure because to do so would cause Responding Party to violate legal and/or

15  contractual obligations to any other persons or entities.

16  Responding Party objects to this request on the grounds that, to the extent it requests

17  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

18  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

19  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

20  action, and not reasonably calculated to lead to the discovery of admissible evidence.

21  Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

22  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

23  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

24  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

25  statute of limitations.

26  Responding Party objects to the extent this request seeks documents that are no longer

27  active or readily accessible in electronic form which renders this request overly broad and unduly

28  burdensome.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                              -63-                              MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1       Responding Party objects to the extent this request seeks documents or information that is

2   not within the possession, custody, or control of Responding Party.

3       Responding Party objects that the phrases "relating to conditions of supply and demand"

4   and "market studies or industry reports" are vague, ambiguous, and unintelligible, rendering this

5   request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead

6   to the discovery of admissible evidence.

7       Responding Party objects to the extent this request seeks documents or information that

8   require discovery of information and materials from third parties or sources that are equally if not

9   more accessible to Plaintiffs.

10       Responding Party objects to the extent this request seeks documents or information that

11   will be the subject of expert discovery, as expert discovery has not commenced in this matter.

12       Subject to and without waiving the general and specific objections stated above,

13   Responding Party responds that it will make reasonable efforts to identify documents responsive

14   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

15   documents.

16   **REQUEST NO. 24 [SIC] REQUEST NO. 29:**

17       All Documents relating to any contemplated, proposed, planned, pending or executed

18   purchases, sales, acquisitions, mergers, joint ventures, divestitures, transfers, spin-offs or any

19   other change in ownership of any assets, liabilities, subsidiaries, departments, units or other

20   subdivisions of Your or another company relating to production, distribution, marketing, pricing,

21   sale or resale of CRT or CRT Products during the Relevant Time Period.

22   **RESPONSE TO REQUEST NO. 24 [SIC] REQUEST NO. 29:**

23       Responding Party reasserts and incorporates each of the General Objections and

24   Objections to Definitions and Instructions set forth above.

25       Responding Party objects to this request on the grounds that it is overly broad, unduly

26   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

27   including to the extent that it seeks the discovery of documents regarding Responding Party's

28   sales outside of the United States and unrelated to United States commerce, as such sales are

1   beyond the scope of this litigation and thereby render the Document Requests overly broad,

2   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

3   evidence.

4       Responding Party objects to this request on the grounds that it seeks production of

5   documents protected by the attorney-client privilege, work product doctrine, joint defense or

6   common interest privilege, or by any other applicable doctrine or privilege.

7       Responding Party objects to this request on the grounds it seeks information and/or

8   documents that would disclose confidential information protected by any and all rights of privacy

9   under the United States Constitution or any other applicable law, or that is otherwise prohibited

10  from disclosure because to do so would cause Responding Party to violate legal and/or

11  contractual obligations to any other persons or entities.

12      Responding Party objects to this request on the grounds that, to the extent it seeks

13  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

14  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

15  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

16  action, and not reasonably calculated to lead to the discovery of admissible evidence.

17      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

18  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

19  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

20  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

21  statute of limitations.

22      Responding Party objects to the extent this request seeks documents that are no longer

23  active or readily accessible in electronic form which renders this request overly broad and unduly

24  burdensome.

25      Responding Party objects to the extent this request seeks documents or information that is

26  not within the possession, custody, or control of Responding Party.

27      Responding Party objects that the definition of the term "Your" renders the request vague,

28  ambiguous, and unintelligible, overly broad and unduly burdensome, not relevant, and not

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    reasonably calculated to lead to the discovery of admissible evidence.

2         Responding Party objects that the terms "contemplated," "proposed," "planned,"

3    "pending," "executed" and "another company" are vague, ambiguous, and unintelligible,

4    rendering this request overly broad and unduly burdensome, not relevant and not reasonably

5    calculated to lead to the discovery of admissible evidence.

6         Responding Party objects to the extent this request seeks documents or information that

7    require discovery of information and materials from third parties or sources that are equally if not

8    more accessible to Plaintiffs.

9         Responding Party objects to the extent this request seeks documents and information that

10   would require disclosure of Responding Party's or a third-party's respective trade secrets or other

11   confidential information protected by the Uniform Trade Secrets Act, *et. seq*., any and all rights

12   of privacy under the United States Constitution, or Article One of the California State

13   Constitution or other state constitutions, or any other applicable law, or which is otherwise

14   prohibited from disclosure because to do so would cause Responding Party to violate legal or

15   contractual obligations to any other persons or entities.

16        Responding Party objects that this request is overly broad and unduly burdensome, and

17   the burden it places on Responding Party far outweighs any likely benefit to Plaintiffs under Rule

18   26(b)(2)(C)(iii) of the Federal Rules of Civil Procedure.

19        Subject to and without waiving the general and specific objections stated above,

20   Responding Party responds that it will make reasonable efforts to identify documents responsive

21   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

22   documents.

23   **REQUEST NO. 25 [SIC] REQUEST NO. 30:**

24        All Documents relating to any communications between You and any parent, subsidiary,

25   affiliated company, joint venturer, or partner regarding the production, pricing, marketing, sale or

26   distribution of CRT or CRT Products.

27   **RESPONSE TO REQUEST NO. 25 [SIC] REQUEST NO. 30:**

28        Responding Party reasserts and incorporates each of the General Objections and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                                    -66-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   Objections to Definitions and Instructions set forth above.

2           Responding Party objects to this request on the grounds that it is overly broad, unduly

3   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

4   including to the extent that it seeks the discovery of documents regarding Responding Party's

5   sales outside of the United States and unrelated to United States commerce, as such sales are

6   beyond the scope of this litigation and thereby render the Document Requests overly broad,

7   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

8   evidence.

9           Responding Party objects to this request on the grounds that it seeks production of

10  documents protected by the attorney-client privilege, work product doctrine, joint defense or

11  common interest privilege, or by any other applicable doctrine or privilege.

12          Responding Party objects to this request on the grounds it seeks information and/or

13  documents that would disclose confidential information protected by any and all rights of privacy

14  under the United States Constitution or any other applicable law, or that is otherwise prohibited

15  from disclosure because to do so would cause Responding Party to violate legal and/or

16  contractual obligations to any other persons or entities.

17          Responding Party objects to this request on the grounds that, to the extent it seeks

18  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

19  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

20  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

21  action, and not reasonably calculated to lead to the discovery of admissible evidence.

22          Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

23  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

24  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

25  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

26  statute of limitations.

27          Responding Party objects to the extent this request seeks documents that are no longer

28  active or readily accessible in electronic form which renders this request overly broad and unduly

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  burdensome.

2      Responding Party objects to the extent this request seeks documents or information that is

3  not within the possession, custody, or control of Responding Party.

4      Responding Party objects that the phrase "affiliated company" is vague, ambiguous, and

5  unintelligible, rendering this request overly broad and unduly burdensome, not relevant and not

6  reasonably calculated to lead to the discovery of admissible evidence.

7      Responding Party objects to the extent this request seeks documents or information that

8  require discovery of information and materials from third parties or sources that are equally if not

9  more accessible to Plaintiffs.

10     Responding Party objects that this request is overly broad and unduly burdensome, and

11 the burden it places on Responding Party far outweighs any likely benefit to Plaintiffs under Rule

12 26(b)(2)(C)(iii) of the Federal Rules of Civil Procedure.

13     Subject to and without waiving the general and specific objections stated above,

14 Responding Party responds that it will make reasonable efforts to identify documents responsive

15 to this request within the Limitations Period and, if any, will produce non-privileged, responsive

16 documents.

17 **REQUEST NO. 26 [SIC] REQUEST NO. 31:**

18     All Documents relating to communications regarding CRT or CRT Products between or

19 among manufacturers of CRT or CRT Products, including Defendants.

20 **RESPONSE TO REQUEST NO. 26 [SIC] REQUEST NO. 31:**

21     Responding Party reasserts and incorporates each of the General Objections and

22 Objections to Definitions and Instructions set forth above.

23     Responding Party objects to this request on the grounds that it is overly broad, unduly

24 burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

25 including to the extent that it seeks the discovery of documents regarding Responding Party's

26 sales outside of the United States and unrelated to United States commerce, as such sales are

27 beyond the scope of this litigation and thereby render the Document Requests overly broad,

28 unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                    -68-                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    evidence.

2          Responding Party objects to this request on the grounds that it seeks production of

3    documents protected by the attorney-client privilege, work product doctrine, joint defense or

4    common interest privilege, or by any other applicable doctrine or privilege.

5          Responding Party objects to this request on the grounds it seeks information and/or

6    documents that would disclose confidential information protected by any and all rights of privacy

7    under the United States Constitution or any other applicable law, or that is otherwise prohibited

8    from disclosure because to do so would cause Responding Party to violate legal and/or

9    contractual obligations to any other persons or entities.

10          Responding Party objects to this request on the grounds that, to the extent it seeks

11   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

12   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

13   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

14   action, and not reasonably calculated to lead to the discovery of admissible evidence.

15          Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

16   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

17   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

18   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

19   statute of limitations.

20          Responding Party objects to the extent this request seeks documents that are no longer

21   active or readily accessible in electronic form which renders this request overly broad and unduly

22   burdensome.

23          Responding Party objects to the extent this request seeks documents or information that is

24   not within the possession, custody, or control of Responding Party.

25          Responding Party objects to the extent this request seeks documents or information that

26   require discovery of information and materials from third parties or sources that are equally if not

27   more accessible to Plaintiffs.

28          Responding Party objects that the phrase "relating to" is vague, ambiguous and

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  unintelligible, and renders the request unlimited in scope, overly broad and unduly burdensome,

2  not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

3       Subject to and without waiving the general and specific objections stated above,

4  Responding Party responds that it will make reasonable efforts to identify documents responsive

5  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

6  documents.

7  **REQUEST NO. 27 [SIC] REQUEST NO. 32:**

8       All Documents relating to any Meeting attended by You or any other Defendant or any

9  manufacturer of CRT or CRT Products during which there was any communication concerning

10  the production, marketing, pricing, distribution, inventory levels or sale of CRT or CRT Products,

11  including, but not limited to the notes of any such Meetings.

12  **RESPONSE TO REQUEST NO. 27 [SIC] REQUEST NO. 32:**

13       Responding Party reasserts and incorporates each of the General Objections and

14  Objections to Definitions and Instructions set forth above.

15       Responding Party objects to this request on the grounds that it is overly broad, unduly

16  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

17  including to the extent that it seeks the discovery of documents regarding Responding Party's

18  sales outside of the United States and unrelated to United States commerce, as such sales are

19  beyond the scope of this litigation and thereby render the Document Requests overly broad,

20  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

21  evidence.

22       Responding Party objects to this request on the grounds that it seeks production of

23  documents protected by the attorney-client privilege, work product doctrine, joint defense or

24  common interest privilege, or by any other applicable doctrine or privilege.

25       Responding Party objects to this request on the grounds it seeks information and/or

26  documents that would disclose confidential information protected by any and all rights of privacy

27  under the United States Constitution or any other applicable law, or that is otherwise prohibited

28  from disclosure because to do so would cause Responding Party to violate legal and/or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                -70-                        MDL 1917
**DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS**

1  contractual obligations to any other persons or entities.

2       Responding Party objects to this request on the grounds that, to the extent it seeks

3  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

4  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

5  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

6  action, and not reasonably calculated to lead to the discovery of admissible evidence.

7       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

8  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

9  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

10  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

11  statute of limitations.

12       Responding Party objects to the extent this request seeks documents that are no longer

13  active or readily accessible in electronic form which renders this request overly broad and unduly

14  burdensome.

15       Responding Party objects to the extent this request seeks documents or information that is

16  not within the possession, custody, or control of Responding Party.

17       Responding Party objects to the extent this request seeks documents or information that

18  require discovery of information and materials from third parties or sources that are equally if not

19  more accessible to Plaintiffs.

20       Subject to and without waiving the general and specific objections stated above,

21  Responding Party responds that it will make reasonable efforts to identify documents responsive

22  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

23  documents.

24  **REQUEST NO. 28 [SIC] REQUEST NO. 33:**

25       For each of Your Employees who has or had any non-clerical responsibility for

26  recommending, reviewing, setting or approving prices, price increase announcements, bids or

27  quotes for the sale of CRT or CRT Products, or any other involvement in the marketing or sale of

28  CRT or CRT Products:

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

a.    all copies of electronic and manual diaries, calendars, appointment books, "to do" lists, day timers or appointment notes;

b.    all copies of trip and travel logs, records or other supporting Documents;

c.    all copies of expense reports or other supporting Documents;

d.    all copies of telephone number logs, directories, notebooks, Rolodex cards or related memoranda;

e.    all bills, statements, records and supporting Documents concerning long distance or cellular telephone calls;

f.    all Documents relating to membership in any trade association or industry group; and

g.    the complete personnel file for that Employee.

**RESPONSE TO REQUEST NO. 28 [SIC] REQUEST NO. 33:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2    -72-    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the statute of limitations.

Responding Party objects to the extent this request seeks documents that are no longer active or readily accessible in electronic form which renders this request overly broad and unduly burdensome.

Responding Party objects that the phrase "non-clerical responsibility" is vague, ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to the extent this request seeks documents or information that require discovery of information and materials from third parties or sources that are equally if not more accessible to Plaintiffs.

Subject to and without waiving the general and specific objections stated above, Responding Party responds that it will make reasonable efforts to identify documents responsive to this request within the Limitations Period and, if any, will produce non-privileged, responsive documents.

**REQUEST NO. 29 [SIC] REQUEST NO. 34:**

Documents sufficient to show the name and address of each trade association (including committees and subcommittees) relating to CRT or CRT Products of which You or any of Your Employees are or have been a member, as well as Documents sufficient to show dates of

1   membership and dates of participation in committees or subcommittees.

2   **RESPONSE TO REQUEST NO. 29 [SIC] REQUEST NO. 34:**

3   Responding Party reasserts and incorporates each of the General Objections and

4   Objections to Definitions and Instructions set forth above.

5   Responding Party objects to this request on the grounds that it is overly broad, unduly

6   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

7   including to the extent that it seeks the discovery of documents regarding Responding Party's

8   sales outside of the United States and unrelated to United States commerce, as such sales are

9   beyond the scope of this litigation and thereby render the Document Requests overly broad,

10  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

11  evidence.

12  Responding Party objects to this request on the grounds that it seeks production of

13  documents protected by the attorney-client privilege, work product doctrine, joint defense or

14  common interest privilege, or by any other applicable doctrine or privilege.

15  Responding Party objects to this request on the grounds it seeks information and/or

16  documents that would disclose confidential information protected by any and all rights of privacy

17  under the United States Constitution or any other applicable law, or that is otherwise prohibited

18  from disclosure because to do so would cause Responding Party to violate legal and/or

19  contractual obligations to any other persons or entities.

20  Responding Party objects to this request on the grounds that, to the extent it seeks

21  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

22  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

23  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

24  action, and not reasonably calculated to lead to the discovery of admissible evidence.

25  Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

26  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

27  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

28  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   statute of limitations.

2          Responding Party objects to the extent this request seeks documents that are no longer

3   active or readily accessible in electronic form which renders this request overly broad and unduly

4   burdensome.

5          Responding Party objects to the extent this request seeks documents or information that is

6   not within the possession, custody, or control of Responding Party.

7          Responding Party objects to the extent this request seeks documents or information that

8   require discovery of information and materials from third parties or sources that are equally if not

9   more accessible to Plaintiffs.

10          Subject to and without waiving the general and specific objections stated above,

11   Responding Party responds that it will make reasonable efforts to identify documents responsive

12   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

13   documents.

14   **REQUEST NO. 30 [SIC] REQUEST NO. 35:**

15          All Documents relating to Meetings of each trade association and each of its committees

16   or subcommittees relating to CRT or CRT Products, including all Documents relating to any such

17   Meeting attended by You and any other CRT or CRT Products manufacturer and Documents

18   sufficient to identify individuals from Your company who attended, the dates of attendance, and

19   the subject matters discussed.

20   **RESPONSE TO REQUEST NO. 30 [SIC] REQUEST NO. 35:**

21          Responding Party reasserts and incorporates each of the General Objections and

22   Objections to Definitions and Instructions set forth above.

23          Responding Party objects to this request on the grounds that it is overly broad, unduly

24   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

25   including to the extent that it seeks the discovery of documents regarding Responding Party's

26   sales outside of the United States and unrelated to United States commerce, as such sales are

27   beyond the scope of this litigation and thereby render the Document Requests overly broad,

28   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2          -75-          MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    evidence.

2           Responding Party objects to this request on the grounds that it seeks production of

3    documents protected by the attorney-client privilege, work product doctrine, joint defense or

4    common interest privilege, or by any other applicable doctrine or privilege.

5           Responding Party objects to this request on the grounds it seeks information and/or

6    documents that would disclose confidential information protected by any and all rights of privacy

7    under the United States Constitution or any other applicable law, or that is otherwise prohibited

8    from disclosure because to do so would cause Responding Party to violate legal and/or

9    contractual obligations to any other persons or entities.

10          Responding Party objects to this request on the grounds that, to the extent it seeks

11   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

12   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

13   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

14   action, and not reasonably calculated to lead to the discovery of admissible evidence.

15          Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

16   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

17   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

18   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

19   statute of limitations.

20          Responding Party objects to the extent this request seeks documents that are no longer

21   active or readily accessible in electronic form which renders this request overly broad and unduly

22   burdensome.

23          Responding Party objects to the extent this request seeks documents or information that is

24   not within the possession, custody, or control of Responding Party.

25          Responding Party objects to the extent this request seeks documents or information that

26   require discovery of information and materials from third parties or sources that are equally if not

27   more accessible to Plaintiffs.

28          Subject to and without waiving the general and specific objections stated above,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                                     -76-                                      MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   Responding Party responds that it will make reasonable efforts to identify documents responsive

2   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

3   documents.

4   **REQUEST NO. 31 [SIC] REQUEST NO. 36:**

5          All studies, analyses, communications, presentations or other Documents that You have

6   submitted to or received from any trade association regarding CRT or CRT Products.

7   **RESPONSE TO REQUEST NO. 31 [SIC] REQUEST NO. 36:**

8          Responding Party reasserts and incorporates each of the General Objections and

9   Objections to Definitions and Instructions set forth above.

10         Responding Party objects to this request on the grounds that it is overly broad, unduly

11  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

12  including to the extent that it seeks the discovery of documents regarding Responding Party's

13  sales outside of the United States and unrelated to United States commerce, as such sales are

14  beyond the scope of this litigation and thereby render the Document Requests overly broad,

15  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

16  evidence.

17         Responding Party objects to this request on the grounds that it seeks production of

18  documents protected by the attorney-client privilege, work product doctrine, joint defense or

19  common interest privilege, or by any other applicable doctrine or privilege.

20         Responding Party objects to this request on the grounds it seeks information and/or

21  documents that would disclose confidential information protected by any and all rights of privacy

22  under the United States Constitution or any other applicable law, or that is otherwise prohibited

23  from disclosure because to do so would cause Responding Party to violate legal and/or

24  contractual obligations to any other persons or entities.

25         Responding Party objects to this request on the grounds that, to the extent it seeks

26  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

27  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

28  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  action, and not reasonably calculated to lead to the discovery of admissible evidence.

2      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

3  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

4  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

5  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

6  statute of limitations.

7      Responding Party objects to the extent this request seeks documents that are no longer

8  active or readily accessible in electronic form which renders this request overly broad and unduly

9  burdensome.

10     Responding Party objects to the extent this request seeks documents or information that is

11 not within the possession, custody, or control of Responding Party.

12     Responding Party objects that the terms "studies" and "analyses" are vague, ambiguous,

13 and unintelligible, rendering this request overly broad and unduly burdensome, not relevant and

14 not reasonably calculated to lead to the discovery of admissible evidence.

15     Responding Party objects to the extent this request seeks documents or information that

16 require discovery of information and materials from third parties or sources that are equally if not

17 more accessible to Plaintiffs.

18     Subject to and without waiving the general and specific objections stated above,

19 Responding Party responds that it will make reasonable efforts to identify documents responsive

20 to this request within the Limitations Period and, if any, will produce non-privileged, responsive

21 documents.

22 **REQUEST NO. 32 [SIC] REQUEST NO. 37:**

23     All statements, announcements, disclosures or press releases issued by You or any of

24 Your competitors relating to CRT or CRT Products.

25 **RESPONSE TO REQUEST NO. 32 [SIC] REQUEST NO. 37:**

26     Responding Party reasserts and incorporates each of the General Objections and

27 Objections to Definitions and Instructions set forth above.

28     Responding Party objects to this request on the grounds that it is overly broad, unduly

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

2   including to the extent that it seeks the discovery of documents regarding Responding Party's

3   sales outside of the United States and unrelated to United States commerce, as such sales are

4   beyond the scope of this litigation and thereby render the Document Requests overly broad,

5   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

6   evidence.

7       Responding Party objects to this request on the grounds that it seeks production of

8   documents protected by the attorney-client privilege, work product doctrine, joint defense or

9   common interest privilege, or by any other applicable doctrine or privilege.

10      Responding Party objects to this request on the grounds it seeks information and/or

11  documents that would disclose confidential information protected by any and all rights of privacy

12  under the United States Constitution or any other applicable law, or that is otherwise prohibited

13  from disclosure because to do so would cause Responding Party to violate legal and/or

14  contractual obligations to any other persons or entities.

15      Responding Party objects to this request on the grounds that, to the extent it seeks

16  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

17  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

18  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

19  action, and not reasonably calculated to lead to the discovery of admissible evidence.

20      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

21  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

22  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

23  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

24  statute of limitations.

25      Responding Party objects that the definition of the terms "You" and "Your" are vague,

26  ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome, not

27  relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

28      Responding Party objects to the extent this request seeks documents that are no longer

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   active or readily accessible in electronic form which renders this request overly broad and unduly

2   burdensome.

3       Responding Party objects to the extent this request seeks documents or information that is

4   not within the possession, custody, or control of Responding Party.  Responding Party objects to

5   the extent this request seeks documents or information that require discovery of information and

6   materials from third parties or sources that are equally if not more accessible to Plaintiffs.

7       Subject to and without waiving the general and specific objections stated above,

8   Responding Party responds that it will make reasonable efforts to identify documents responsive

9   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

10  documents.

11  **REQUEST NO. 33 [SIC] REQUEST NO. 38:**

12      All Documents relating to Your policies or practices directed toward compliance with the

13  United States antitrust laws, including any statements signed by Your Employees with pricing,

14  sales or marketing responsibility for CRT or CRT Products, acknowledging their receipt of and

15  compliance with Your antitrust compliance policy.

16  **RESPONSE TO REQUEST NO. 33 [SIC] REQUEST NO. 38:**

17      Responding Party reasserts and incorporates each of the General Objections and

18  Objections to Definitions and Instructions set forth above.

19      Responding Party objects to this request on the grounds that it is overly broad, unduly

20  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

21  including to the extent that it seeks the discovery of documents regarding Responding Party's

22  sales outside of the United States and unrelated to United States commerce, as such sales are

23  beyond the scope of this litigation and thereby render the Document Requests overly broad,

24  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

25  evidence.

26      Responding Party objects to this request on the grounds that it seeks production of

27  documents protected by the attorney-client privilege, work product doctrine, joint defense or

28  common interest privilege, or by any other applicable doctrine or privilege.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                    -80-                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1     Responding Party objects to this request on the grounds it seeks information and/or

2     documents that would disclose confidential information protected by any and all rights of privacy

3     under the United States Constitution or any other applicable law, or that is otherwise prohibited

4     from disclosure because to do so would cause Responding Party to violate legal and/or

5     contractual obligations to any other persons or entities.

6     Responding Party objects to this request on the grounds that, to the extent it seeks

7     documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

8     ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

9     relevant to the claim or defense of any party, not relevant to the subject matter involved in this

10    action, and not reasonably calculated to lead to the discovery of admissible evidence.

11    Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

12    and not relevant, rendering the request not reasonably calculated to lead to the discovery of

13    admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

14    class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

15    statute of limitations.

16    Responding Party objects to the extent this request seeks documents that are no longer

17    active or readily accessible in electronic form which renders this request overly broad and unduly

18    burdensome.

19    Responding Party objects to the extent this request seeks documents or information that is

20    not within the possession, custody, or control of Responding Party.

21    Responding Party objects that the phrase "directed toward compliance" is vague,

22    ambiguous, and unintelligible, rendering this request overly broad and unduly burdensome, not

23    relevant and not reasonably calculated to lead to the discovery of admissible evidence.

24    Subject to and without waiving the general and specific objections stated above,

25    Responding Party responds that it will make reasonable efforts to identify documents responsive

26    to this request within the Limitations Period and, if any, will produce non-privileged, responsive

27    documents.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                                    -81-                                      MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

**REQUEST NO. 34 [SIC] REQUEST NO. 39:**

All Documents relating to, prepared for, submitted to, or received from any foreign governmental or legislative investigative body, including the Canadian Competition Bureau, the European Commission, any agency or representative body of any foreign country, state or other political subdivision, or any law enforcement agency, authority or commission in any foreign country, relating to the production, sale, marketing, pricing or distribution of CRT or CRT Products. This request includes all Documents relating to proffers, transcripts, notes, summaries, testimony, witness statements, or responses to requests for information that You produced to any foreign governmental agency or foreign grand jury, including any Documents produced as part of any plea bargain negotiations or in connection with any application for or grant of amnesty.

**RESPONSE TO REQUEST NO. 34 [SIC] REQUEST NO. 39:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks information in excess of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no discovery shall be conducted in this case (including, without limitation, document requests, interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury proceedings concerning CRTs or CRT products, including any party's or witness's communications with the United States, or with any grand jury investigating CRTs or CRT products, except by the order of the Court upon good cause shown and consistent with governing law." Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                                    -82-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to this request on the grounds that it seeks production of

2    documents protected by the attorney-client privilege, work product doctrine, joint defense or

3    common interest privilege, or by any other applicable doctrine or privilege.

4    Responding Party objects to this request on the grounds it seeks information and/or

5    documents that would disclose confidential information protected by any and all rights of privacy

6    under the United States Constitution or any other applicable law, or that is otherwise prohibited

7    from disclosure because to do so would cause Responding Party to violate legal and/or

8    contractual obligations to any other persons or entities.

9    Responding Party objects to this request on the grounds that, to the extent it seeks

10    documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

11    ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

12    relevant to the claim or defense of any party, not relevant to the subject matter involved in this

13    action, and not reasonably calculated to lead to the discovery of admissible evidence.

14    Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

15    and not relevant, rendering the request not reasonably calculated to lead to the discovery of

16    admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

17    class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

18    statute of limitations.

19    Responding Party objects to the extent this request seeks documents that are no longer

20    active or readily accessible in electronic form which renders this request overly broad and unduly

21    burdensome.

22    Responding Party objects to this request on the grounds that discovery of documents and

23    information related to foreign antitrust laws are not relevant to the allegations in the Complaint,

24    thus rendering this request overly broad, unduly burdensome, and not reasonably calculated to

25    lead to the discovery of admissible evidence.

26    Subject to and without waiving the objections stated above, Responding Party declines to

27    produce documents that may be responsive to this request.

28

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    **REQUEST NO. 35 [SIC] REQUEST NO. 40:**

2         All Documents relating to proffers, transcripts, notes, summaries, testimony, witness

3    statements, or responses to requests for information that You produced or were seized by any

4    foreign governmental agency in Italy, Canada, the European Union, India, Hong Kong, Hungary,

5    Thailand, Malaysia, Korea, Japan, Singapore, China or Taiwan.

6    **RESPONSE TO REQUEST NO. 35 [SIC] REQUEST NO. 40:**

7         Responding Party reasserts and incorporates each of the General Objections and

8    Objections to Definitions and Instructions set forth above.

9         Responding Party objects to this request on the grounds that it is overly broad, unduly

10   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

11   including to the extent that it seeks the discovery of documents regarding Responding Party's

12   sales outside of the United States and unrelated to United States commerce, as such sales are

13   beyond the scope of this litigation and thereby render the Document Requests overly broad,

14   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

15   evidence.

16        Responding Party objects to this request on the grounds that it seeks information in excess

17   of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no

18   discovery shall be conducted in this case (including, without limitation, document requests,

19   interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury

20   proceedings concerning CRTs or CRT products, including any party's or witness's

21   communications with the United States, or with any grand jury investigating CRTs or CRT

22   products, except by the order of the Court upon good cause shown and consistent with governing

23   law."  Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

24        Responding Party objects to this request on the grounds that it seeks production of

25   documents protected by the attorney-client privilege, work product doctrine, joint defense or

26   common interest privilege, or by any other applicable doctrine or privilege.

27        Responding Party objects to this request on the grounds it seeks information and/or

28   documents that would disclose confidential information protected by any and all rights of privacy

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    under the United States Constitution or any other applicable law, or that is otherwise prohibited

2    from disclosure because to do so would cause Responding Party to violate legal and/or

3    contractual obligations to any other persons or entities.

4        Responding Party objects to this request on the grounds that, to the extent it seeks

5    documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

6    ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

7    relevant to the claim or defense of any party, not relevant to the subject matter involved in this

8    action, and not reasonably calculated to lead to the discovery of admissible evidence.

9        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

10   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

11   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

12   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

13   statute of limitations.

14       Responding Party objects to the extent this request seeks documents that are no longer

15   active or readily accessible in electronic form which renders this request overly broad and unduly

16   burdensome.

17       Responding Party objects to this request on the grounds that discovery of documents and

18   information related to foreign antitrust laws are not relevant to the allegations in the Complaint,

19   thus rendering this request overly broad, unduly burdensome, and not reasonably calculated to

20   lead to the discovery of admissible evidence.

21       Subject to and without waiving the objections stated above, Responding Party declines to

22   produce documents that may be responsive to this request.

23   **REQUEST NO. 36 [SIC] REQUEST NO. 41:**

24       Copies of all subpoenas or requests for production of Documents issued by any foreign

25   governmental or legislative investigative body referring or relating to CRT or CRT Products

26   during the relevant period.

27   **RESPONSE TO REQUEST NO. 36 [SIC] REQUEST NO. 41:**

28       Responding Party reasserts and incorporates each of the General Objections and

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   Objections to Definitions and Instructions set forth above.

2        Responding Party objects to this request on the grounds that it is overly broad, unduly

3   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

4   including to the extent that it seeks the discovery of documents regarding Responding Party's

5   sales outside of the United States and unrelated to United States commerce, as such sales are

6   beyond the scope of this litigation and thereby render the Document Requests overly broad,

7   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

8   evidence.

9        Responding Party objects to this request on the grounds that it seeks information in excess

10   of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no

11   discovery shall be conducted in this case (including, without limitation, document requests,

12   interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury

13   proceedings concerning CRTs or CRT products, including any party's or witness's

14   communications with the United States, or with any grand jury investigating CRTs or CRT

15   products, except by the order of the Court upon good cause shown and consistent with governing

16   law."  Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

17        Responding Party objects to this request on the grounds that it seeks production of

18   documents protected by the attorney-client privilege, work product doctrine, joint defense or

19   common interest privilege, or by any other applicable doctrine or privilege.

20        Responding Party objects to this request on the grounds it seeks information and/or

21   documents that would disclose confidential information protected by any and all rights of privacy

22   under the United States Constitution or any other applicable law, or that is otherwise prohibited

23   from disclosure because to do so would cause Responding Party to violate legal and/or

24   contractual obligations to any other persons or entities.

25        Responding Party objects to this request on the grounds that, to the extent it seeks

26   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

27   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

28   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   action, and not reasonably calculated to lead to the discovery of admissible evidence.

2       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

3   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

4   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

5   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

6   statute of limitations.

7       Responding Party objects to the extent this request seeks documents that are no longer

8   active or readily accessible in electronic form which renders this request overly broad and unduly

9   burdensome.

10      Responding Party objects to this request on the grounds that discovery of documents and

11  information related to foreign antitrust laws are not relevant to the allegations in the Complaint,

12  thus rendering this request overly broad, unduly burdensome, and not reasonably calculated to

13  lead to the discovery of admissible evidence.

14      Subject to and without waiving the objections stated above, Responding Party declines to

15  produce documents that may be responsive to this request.

16  **REQUEST NO. 37 [SIC] REQUEST NO. 42:**

17      All Documents relating to, prepared for, submitted to, or received by You as a result of

18  any investigation or research conducted either internally or by an outside entity with respect to

19  price fixing, price manipulation or manipulation of production or capacity of CRT or CRT

20  Products.

21  **RESPONSE TO REQUEST NO. 37 [SIC] REQUEST NO. 42:**

22      Responding Party reasserts and incorporates each of the General Objections and

23  Objections to Definitions and Instructions set forth above.

24      Responding Party objects to this request on the grounds that it is overly broad, unduly

25  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

26  including to the extent that it seeks the discovery of documents regarding Responding Party's

27  sales outside of the United States and unrelated to United States commerce, as such sales are

28  beyond the scope of this litigation and thereby render the Document Requests overly broad,

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

2    evidence.

3            Responding Party objects to this request on the grounds that it seeks information in excess

4    of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no

5    discovery shall be conducted in this case (including, without limitation, document requests,

6    interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury

7    proceedings concerning CRTs or CRT products, including any party's or witness's

8    communications with the United States, or with any grand jury investigating CRTs or CRT

9    products, except by the order of the Court upon good cause shown and consistent with governing

10   law." Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

11           Responding Party objects to this request on the grounds that it seeks production of

12   documents protected by the attorney-client privilege, work product doctrine, joint defense or

13   common interest privilege, or by any other applicable doctrine or privilege.

14           Responding Party objects to this request on the grounds it seeks information and/or

15   documents that would disclose confidential information protected by any and all rights of privacy

16   under the United States Constitution or any other applicable law, or that is otherwise prohibited

17   from disclosure because to do so would cause Responding Party to violate legal and/or

18   contractual obligations to any other persons or entities.

19           Responding Party objects to this request on the grounds that, to the extent it seeks

20   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

21   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

22   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

23   action, and not reasonably calculated to lead to the discovery of admissible evidence.

24           Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

25   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

26   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

27   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

28   statute of limitations.

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to the extent this request seeks documents that are no longer

2    active or readily accessible in electronic form which renders this request overly broad and unduly

3    burdensome.

4    Responding Party objects to this request on the grounds that discovery of documents and

5    information related to foreign antitrust laws are not relevant to the allegations in the Complaint,

6    thus rendering this request overly broad, unduly burdensome, and not reasonably calculated to

7    lead to the discovery of admissible evidence.

8    Subject to and without waiving the objections stated above, Responding Party declines to

9    produce documents that may be responsive to this request.

10   **REQUEST NO. 38 [SIC] REQUEST NO. 43:**

11   All Documents relating to the termination, retirement, discipline, discharge or suspension

12   of any director, officer, or Employee who had any responsibility relating to the production,

13   manufacture, distribution, marketing, pricing or sale of CRT or CRT Products.

14   **RESPONSE TO REQUEST NO. 38 [SIC] REQUEST NO. 43:**

15   Responding Party reasserts and incorporates each of the General Objections and

16   Objections to Definitions and Instructions set forth above.

17   Responding Party objects to this request on the grounds that it is overly broad, unduly

18   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

19   including to the extent that it seeks the discovery of documents regarding Responding Party's

20   sales outside of the United States and unrelated to United States commerce, as such sales are

21   beyond the scope of this litigation and thereby render the Document Requests overly broad,

22   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

23   evidence.

24   Responding Party objects to this request on the grounds that it seeks production of

25   documents protected by the attorney-client privilege, work product doctrine, joint defense or

26   common interest privilege, or by any other applicable doctrine or privilege.

27   Responding Party objects to this request on the grounds it seeks information and/or

28   documents that would disclose confidential information protected by any and all rights of privacy

1   under the United States Constitution or any other applicable law, or that is otherwise prohibited

2   from disclosure because to do so would cause Responding Party to violate legal and/or

3   contractual obligations to any other persons or entities.

4          Responding Party objects to this request on the grounds that, to the extent it seeks

5   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

6   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

7   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

8   action, and not reasonably calculated to lead to the discovery of admissible evidence.

9          Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

10  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

11  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

12  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

13  statute of limitations.

14         Responding Party objects to the extent this request seeks documents that are no longer

15  active or readily accessible in electronic form which renders this request overly broad and unduly

16  burdensome.

17         Responding Party objects on the grounds that, to the extent this request seeks documents

18  not related to the allegations in the Complaint, this request is overly broad and unduly

19  burdensome, and purports to call for information that is not relevant to the claim or defense of

20  any party, not relevant to the subject matter involved in this action, and not reasonably calculated

21  to lead to the discovery of admissible evidence.

22         Responding Party objects to this request on the grounds that it seeks information in excess

23  of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no

24  discovery shall be conducted in this case (including, without limitation, document requests,

25  interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury

26  proceedings concerning CRTs or CRT products, including any party's or witness's

27  communications with the United States, or with any grand jury investigating CRTs or CRT

28  products, except by the order of the Court upon good cause shown and consistent with governing

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

law."  Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

Subject to and without waiving the objections stated above, Responding Party declines to produce documents that may be responsive to this request.

**REQUEST NO. 39 [SIC] REQUEST NO. 44:**

All Documents referring to or relating to plaintiffs in this litigation.

**RESPONSE TO REQUEST NO. 39 [SIC] REQUEST NO. 44:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

1   Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

2   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

3   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

4   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

5   statute of limitations.

6   Responding Party objects to the extent this request seeks documents or information that is

7   not within the possession, custody, or control of Responding Party.

8   Responding Party objects to the extent this request seeks documents or information that

9   require discovery of information and materials from third parties or sources that are equally if not

10  more accessible to Plaintiffs.

11  Subject to and without waiving the objections stated above, Responding Party declines to

12  produce documents that may be responsive to this request.

13  **REQUEST NO. 40 [SIC] REQUEST NO. 45:**

14  All Documents that You claim would have been available to the plaintiffs or any

15  purchaser of CRT or CRT Products prior to November 2007, which should have caused the

16  plaintiffs or any such purchaser to investigate whether there was a conspiracy to fix, raise,

17  maintain or stabilize the prices or to control or restrict sales of CRT or CRT Products in the

18  United States.

19  **RESPONSE TO REQUEST NO. 40 [SIC] REQUEST NO. 45:**

20  Responding Party reasserts and incorporates each of the General Objections and

21  Objections to Definitions and Instructions set forth above.

22  Responding Party objects to this request on the grounds that it is overly broad, unduly

23  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

24  including to the extent that it seeks the discovery of documents regarding Responding Party's

25  sales outside of the United States and unrelated to United States commerce, as such sales are

26  beyond the scope of this litigation and thereby render the Document Requests overly broad,

27  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

28  evidence.

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   Responding Party objects to this request on the grounds that it seeks production of

2   documents protected by the attorney-client privilege, work product doctrine, joint defense or

3   common interest privilege, or by any other applicable doctrine or privilege.

4   Responding Party objects to this request on the grounds it seeks information and/or

5   documents that would disclose confidential information protected by any and all rights of privacy

6   under the United States Constitution or any other applicable law, or that is otherwise prohibited

7   from disclosure because to do so would cause Responding Party to violate legal and/or

8   contractual obligations to any other persons or entities.

9   Responding Party objects to this request on the grounds that, to the extent it seeks

10  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

11  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

12  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

13  action, and not reasonably calculated to lead to the discovery of admissible evidence.

14  Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

15  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

16  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

17  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

18  statute of limitations.

19  Responding Party objects to the extent this request seeks documents that are no longer

20  active or readily accessible in electronic form which renders this request overly broad and unduly

21  burdensome.

22  Responding Party objects to the extent this request seeks documents or information that is

23  not within the possession, custody, or control of Responding Party.

24  Responding Party objects to the extent this request seeks documents or information that

25  require discovery of information and materials from third parties or sources that are equally if not

26  more accessible to Plaintiffs.

27  Responding Party objects to this request as inappropriately propounded as a document

28  request, as it seeks information more easily obtainable through other means and/or as to which

DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Plaintiffs bear the burden of proof.

2          Responding Party objects to the extent this request is argumentative and assumes facts not

3    in evidence.

4          Subject to and without waiving the objections stated above, Responding Party declines to

5    produce documents that may be responsive to this request.

6

7    Dated: May 12, 2010                              MORGAN, LEWIS & BOCKIUS LLP

8                                              By

9                                                 Diane L. Webb
                                                  Attorneys for Defendant
10                                                HITACHI ASIA, LTD.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21704892.2                           -94-                              MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS