# Exhibit R
### to
### Webb Declaration

# Exhibit R
### to
### Webb Declaration

KENT M. ROGER, State Bar No. 95987
DIANE L. WEBB, State Bar No. 197851
MICHELLE PARK CHIU, State Bar No. 248421
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, California  94105-1126
Telephone:     415.442.1000
Facsimile:      415.442.1001
E-mail:    kroger@morganlewis.com
              dwebb@morganlewis.com
              mchiu@morganlewis.com

Attorneys for Defendant
HITACHI ASIA, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. C07-5944 SC |
| | **MDL NO. 1917** |
| | Judge: Hon. Samuel Conti |
| | Special Master: Hon. Charles A. Legge (Ret.) |
| This Document Relates To:<br><br>INDIRECT PURCHASER ACTION | **DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS** |

PROPOUNDING PARTY:          INDIRECT PURCHASER PLAINTIFFS

RESPONDING PARTIES:          HITACHI ASIA, LTD.

SET NUMBER:                          SECOND (Nos. 1-46)

     Defendant Hitachi Asia, Ltd. ("Responding Party") hereby timely objects and responds to

Indirect Purchaser Plaintiffs' ("Plaintiffs" or "Requesting Party") Second Set of Requests for the

Production of Documents ("Document Requests") served on March 25, 2010, and each document

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1

MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    request set forth therein ("Responses"), as follows.

2    <u>**GENERAL OBJECTIONS**</u>

3        1.        Responding Party's responses are based upon information and writings available

4    to and located by Responding Party as of the date of service of these Responses.  Responding

5    Party has not completed its investigation of the facts relating to the Document Requests, and all of

6    the information supplied and documents and things produced are based only on such information

7    and documents that are reasonably available and specifically known to Responding Party as of the

8    date of service of its response.

9        2.        No express, incidental or implied admissions are intended by these Responses.

10   The fact that Responding Party agrees to provide information in response to a particular request is

11   not intended and shall not be construed as an admission that Responding Party accepts or admits

12   the existence of any such information set forth in or assumed by such request, or that any such

13   information and/or document constitutes admissible evidence.  The fact that Responding Party

14   agrees to provide information in response to a particular request is not intended and shall not be

15   construed as a waiver by Responding Party of any part of any objection to such request or any

16   part of any general objection made herein.

17       3.        Responding Party reserves the right to change, amend, or supplement its objections

18   at a later date.  If Plaintiffs assert an interpretation of any aspect of the Document Requests or any

19   of the requests therein that is different from that made by Responding Party, Responding Party

20   reserves the right to supplement its objections if such interpretations made by Plaintiffs are held

21   to be applicable.

22       4.        Responding Party objects to the Document Requests, and each request therein, to

23   the extent they are vague, ambiguous, or contain terms that are insufficiently defined.

24       5.        Responding Party objects to the Document Requests, and each request therein, as

25   overly broad, unduly burdensome, oppressive and beyond the proper scope of discovery.

26       6.        If multiple, identical copies of any document are responsive to the requests herein,

27   only one representative copy will be produced.  Producing more than one identical copy is unduly

28   burdensome and oppressive.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

7.      Responding Party objects to the Document Requests, and each request therein, to the extent they seek documents and materials on matters not relevant to the subject matter of this action, not admissible in evidence, and not reasonably calculated to lead to the discovery of admissible evidence.

8.      Responding Party objects to the Document Requests, and each request therein, to the extent they seek to impose on it discovery obligations inconsistent with, or not authorized under, the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

9.      Responding Party objects to the Document Requests, and to each request therein, to the extent they seek to impose on it discovery obligations inconsistent with, or not authorized under the Local Rules of the United States District Court in and for the Northern District of California (the "Local Rules").

10.     Responding Party objects to the Document Requests, and to each request therein, to the extent they seek to impose on it discovery obligations exceeding the scope of the Stipulation and Order to Extend Limited Discovery Stay that the Court entered on January 5, 2010 (the "Stay Order").

11.     Responding Party objects to the Document Requests, and each request therein, to the extent they seek documents and information that are beyond the scope of the Sherman Antitrust Act, 15 U.S.C. § 1.

12.     Responding Party objects to the Document Requests, and each request therein, to the extent they fail to describe the documents and things sought with a reasonable degree of specificity.

13.     Responding Party shall attempt to construe the terms and phrases used by Plaintiffs in a way to give those terms and phrases a meaning which will result in the production of relevant information or information designed to lead to the discovery of admissible evidence.

14.     Responding Party objects to the Document Requests, and each request therein, to the extent they seek the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    litigation and thereby render the Document Requests overly broad, unduly burdensome, and not

2    reasonably calculated to lead to the discovery of admissible evidence.

3        15.    Responding Party objects to the Document Requests, and each request therein, to

4    the extent they seek documents, including but not limited to electronic documents, the disclosure

5    of which is prohibited by a law, regulation, or order of a court or other authority of a foreign

6    jurisdiction in which the documents are located.

7        16.    Responding Party objects to the Document Requests, and each request therein, to

8    the extent they seek documents that are no longer active or readily accessible on Responding

9    Party's database but might exist in electronic archives or back-up files. Responding Party will

10   not rebuild these electronic archives and back-up files in order to search for documents that may

11   be responsive to the Document Requests. Based on the dates of the information sought, a portion

12   of Responding Party's potential responsive data will likely not be on active databases.

13       17.    Responding Party objects to the Document Requests, and each request therein, to

14   the extent they seek to impose on Responding Party an obligation to investigate or discover

15   information or materials from third-parties or sources who are equally accessible to Plaintiffs.

16       18.    Responding Party objects to the Document Requests and each request therein, to

17   the extent they contain duplicative requests, in whole or in part. To the extent responsive

18   documents have previously been produced, they will not be produced again.

19       19.    Responding Party objects to the Document Requests, and each request therein, to

20   the extent that they purport to call for Responding Party to engage in an investigation or to obtain

21   information and/or documents not in its personal possession, custody or control. In addition,

22   Responding Party objects to the extent the Document Requests require Responding Party to

23   respond and/or produce documents on behalf of any person or entity other than itself.

24       20.    Responding Party objects to the Document Requests, and each request therein, to

25   the extent that they seek documents that are in the public record or which are equally accessible to

26   the Plaintiffs as to Responding Party.

27       21.    Responding Party objects to the Document Requests, and each request therein, to

28   the extent that they attempt and/or purport to call for production of any information and/or

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

documents that are privileged, including, but not limited to, documents and materials that were prepared in anticipation of litigation, ADR, or for trial, that reveal communications between Responding Party and its legal counsel, and/or that otherwise constitute attorney-work product, joint defense or common interest privilege, or by any other applicable doctrine or privilege, or that are otherwise privileged or immune from discovery. Inadvertent testimony, production, or disclosure of any such information and/or document is not intended to and shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such testimony, information, and/or document, or with respect to the subject matter thereof. Nor shall such inadvertent production or disclosure waive Responding Party's right to object to the use of any such testimony, information, and/or document during this action or in any other or subsequent proceeding. Hence, Responding Party objects to each request to the extent each seeks testimony, documents, and information that are protected by the attorney-client privilege and/or the attorney work product doctrine.

22.     No response herein should be deemed or construed as a representation that Responding Party agrees with or acquiesces in the characterization of any fact, assumption or conclusion of law contained in or implied by the Document Requests.

23.     Responding Party objects to the Document Requests, and each request therein, to the extent they seek information and/or documents that would disclose proprietary information, trade secrets or other confidential research, development, or other confidential information protected by the Uniform Trade Secrets Act, among others, any and all rights of privacy under the United States Constitution or Article I of the Constitution of the State of California, or any other applicable law or state constitution, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities. Where applicable, Responding Party's Responses to the Document Requests are subject to the provisions of the Stipulated Protective Order that the Court entered on June 18, 2008 (the "Protective Order"). Responding Party's Responses are hereby designated "Confidential" in accordance with the provisions of the Protective Order.

**DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS**

24.     By representing that it will or will not produce documents, Responding Party does not represent that such documents exist.

25.     To the extent Responding Party produces to Direct Purchaser Plaintiffs documents responsive to the Document Requests, such responsive documents will not be produced again.

26.     Subject to and without waiving any of the foregoing objections, each of which is expressly incorporated into each individual response below as if fully stated therein, Responding Party expressly reserves the following rights:

a.      Any and all testimony and information provided and/or documents produced by Responding Party in response to the Document Requests are and will remain subject to all objections as to relevance, materiality, propriety, and admissibility, as well as to any and all other objections on any grounds that would require the exclusion of the testimony, information, and/or document or any portion thereof if such testimony, information, and/or document was offered in evidence, all of which objections and grounds are hereby expressly reserved and may be interposed at the time of any written discovery, deposition, or at or before any hearing, arbitration or trial in this matter;

b.      The right to object on any ground whatsoever at any time to any demand for further responses to the Document Requests or any other discovery procedures involving or relating to the subject matter of the Document Requests; and

c.      The right to supplement the documents produced, or otherwise to supplement, revise or explain the information contained therein in light of information gathered through further investigation and discovery.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

**DEFINITION NO. 1:**

"All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

**OBJECTION TO DEFINITION NO. 1:**

No objection.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

**DEFINITION NO. 2:**

"Any" shall be construed to mean "any and all."

**OBJECTION TO DEFINITION NO. 2:**

No objection.

**DEFINITION NO. 3:**

"Or" and "and" should be construed so as to require the broadest possible response.  If, for example, a request calls for information about "A or B" or "A and B," you should produce all information about A and all information about B, as well as information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

**OBJECTION TO DEFINITION NO. 3:**

No objection.

**DEFINITION NO. 4:**

"Including" is used to illustrate only, and should not be construed as limiting in any way.

**OBJECTION TO DEFINITION NO. 4:**

No objection.

**DEFINITION NO. 5:**

"Defendant" means any company, organization, entity or person originally, presently or subsequently named as a defendant in this litigation, as well as each such Defendant's predecessors, successors, subsidiaries, departments, division and/or affiliates.  "Defendant" also includes Daewoo International Corporation, Daewoo Electronics Corporation, Orion Electric Company, Daewoo-Orion Société Anonyme, Tatung Company, Panasonic Consumer Electronics Company, MT Picture Display Corporation of America (New York), MT Picture Display Corporation of America (Ohio), MT Picture Display (Malaysia) Sdn. Bhd., MT Picture Display (Thailand) Co., Ltd., PT.MT Picture Display Indonesia, Matsushita Electronic Corporation (Malaysia) Sdn. Bhd., Toshiba Display Devices (Thailand) Company, Ltd., LG.Philips Displays, Philips Consumer Electronics Co., Shenzhen SEG Hitachi Color Display Devices Co., Ltd., Thomson S.A., TCL International Holdings, Ltd., TCL Corporation, TCL-Thomson Electronics ("TTE") Corporation, Hua Fei Colour Display Systems Company Limited, and each such

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                    -7-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   Defendant's predecessors, successors, subsidiaries, departments, divisions or affiliates.

2   **OBJECTION TO DEFINITION NO. 5:**

3   Responding Party objects to this definition to the extent it attempts to impose obligations

4   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

5   the Federal Rules of Civil Procedure.

6   Responding Party objects to this definition on the ground it calls for a legal conclusion.

7   Responding Party objects to this definition as vague, ambiguous, unintelligible, overly

8   broad to the extent it seeks documents and information that are not relevant to the subject matter

9   of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of

10   admissible evidence, and unduly burdensome to search for and produce.

11   Responding Party objects to this definition to the extent it seeks information and

12   documents that would disclose Responding Party's or a third party's respective trade secrets or

13   other confidential research, development, or confidential information protected by the Uniform

14   Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

15   One of the Constitution of the State of California, or any other applicable state constitution or

16   law, or which is otherwise prohibited from disclosure because to do so would cause Responding

17   Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

18   appropriate to do so and with adequate protections and limitations, Responding Party expressly

19   reserves the right to provide such documents and/or information only pursuant to the Protective

20   Order in this action.

21   Responding Party objects to this definition to the extent that it attempts or purports to call

22   for the production of any information and/or documents that are privileged, that were prepared in

23   anticipation of litigation or trial, that reveal communications between Responding Party and its

24   legal counsel, that otherwise constitute attorney work product, are subject to the joint defense or

25   common interest privilege, or that are otherwise privileged or immune from discovery.

26   Responding Party objects to this definition to the extent it is intended to include persons

27   or entities other than Responding Party.  To the extent and in the context a request uses the term

28   "Defendant," Responding Party understands that the request and its obligations only extend to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                    -8-                                    MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   information and/or documents within Responding Party's possession, custody or control.

2       Responding Party objects to this definition to the extent that it calls for documents or

3   information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

4   definition to the extent that it requires Responding Party to respond and/or produce documents or

5   information on behalf of any person or entity other than itself.

6       Responding Party will respond on behalf of Hitachi Asia, Ltd. only.

7   **DEFINITION NO. 6:**

8       "Document(s), data, and tangible things" is used in the broadest possible sense and has the

9   meaning set forth in Federal Rule of Civil Procedure 34 including, but not limited to: writings;

10  records; files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic

11  messages; voicemail; E-mail; telephone message records or logs; computer and network activity

12  logs; hard drives; backup data; removable computer storage media such as tapes, disks, and cards;

13  printouts; document image files; Web pages; databases; spreadsheets; software; books; ledgers;

14  journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries;

15  compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts;

16  digital or chemical process photographs; video, phonographic, tape, or digital recordings or

17  transcripts thereof; drafts; jottings; and notes. Information that serves to identify, locate, or link

18  such material, such as file inventories, file folders, indices, and metadata, is also included in this

19  definition.

20  **OBJECTION TO DEFINITION NO. 6:**

21      Responding Party objects to this definition to the extent that it seeks to expand the scope

22  of Rule 34 of the Federal Rules of Civil Procedure.

23      Responding Party also objects to this definition as overly broad to the extent it seeks

24  documents and/or information that are not relevant to the subject matter of this action, not

25  admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence,

26  and unduly burdensome to search for and produce.

27  **DEFINITION NO. 7:**

28      "All Documents" means every document and every non-identical copy known to you and

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1  every such document or writing which you can locate or discover by reasonably diligent efforts,

2  including, but not limited to, all drafts of documents now in the possession, custody or control of

3  any defendant, its merged or acquired predecessors, former and present directors, officers,

4  counsel, agents, employees and/or persons acting on its behalf.

5  **OBJECTION TO DEFINITION NO. 7:**

6      Responding Party objects to this definition to the extent that it seeks to expand the scope

7  of Rule 34 of the Federal Rules of Civil Procedure.

8      Responding Party also objects to this definition as overly broad to the extent it seeks

9  documents and/or information that are not relevant to the subject matter of this action, not

10  admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence,

11  and unduly burdensome to search for and produce.

12      Responding Party objects to this definition to the extent it is intended to include persons

13  or entities other than Responding Party.  Responding Party understand that these requests and its

14  obligations only extend to information and/or documents within Responding Party's possession,

15  custody or control.

16      Responding Party will respond on behalf of Hitachi Asia, Ltd. only.

17  **DEFINITION NO. 8:**

18      "Electronically stored information" ("ESI") has the same full meaning as construed by

19  Fed. R. Civ. P. 26 and 34 and includes, without limitation, the following:

20      a.      activity listings of electronic mail receipts and/or transmittals;

21      b.      output resulting from the use of any software program, including without

22  limitation word processing documents, spreadsheets, database files, charts, graphs and outlines,

23  electronic mail, AOL Instant Messenger (or similar program) or bulletin board programs,

24  operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all

25  miscellaneous media on which they reside and regardless of whether such electronic data exist in

26  an active file, deleted file, or file fragment;

27      c.      any and all items stored on computer memories, hard disks, floppy disks, CD-

28  ROM, magnetic tape, microfiche, or on any other vehicle for digital data storage and/or

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1 transmittal, including without limitation a personal digital assistant, e.g., Palm Pilot, Blackberry,

2 Treo or other device.

3 **OBJECTION TO DEFINITION NO. 8:**

4      Responding Party objects to this definition to the extent it attempts to impose obligations

5 on Responding Party and/or seeks documents beyond those required to be produced pursuant to

6 the Federal Rules of Civil Procedure.

7      Responding Party also objects to this definition as overly broad to the extent it seeks

8 documents and/or information that are not relevant to the subject matter of this action, not

9 admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence,

10 and unduly burdensome to search for and produce.

11      Responding Party objects to this definition to the extent it seeks documents that are no

12 longer active or readily accessible on Responding Party's database but might exist in electronic

13 archives or back-up files.  Responding Party will not rebuild these electronic archives and back-

14 up files in order to search for documents that may be responsive to the Document Requests.

15 Based on the dates of the information sought, a portion of Responding Party's potential

16 responsive data will likely not be on active databases.

17 **DEFINITION NO. 9:**

18      "You," "your" or "your company" means the Defendant responding to these Requests, its

19 predecessors, successors, subsidiaries, departments, divisions and/or affiliates, including without

20 limitation any organization or entity which the responding Defendant manages or controls,

21 together with all present and former directors, officers, employees, agents, representatives, or any

22 persons acting or purporting to act on behalf of the responding Defendant.

23 **OBJECTION TO DEFINITION NO. 9:**

24      Responding Party objects to this definition to the extent it attempts to impose obligations

25 on Responding Party and/or seeks documents beyond those required to be produced pursuant to

26 the Federal Rules of Civil Procedure.

27      Responding Party objects to this definition on the ground it calls for a legal conclusion.

28      Responding Party objects to this definition as vague, ambiguous, unintelligible, overly

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   broad to the extent it seeks documents and information that are not relevant to the subject matter

2   of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of

3   admissible evidence, and unduly burdensome to search for and produce.

4           Responding Party objects to this definition to the extent it seeks documents and

5   information that would disclose Responding Party's or a third party's respective trade secrets or

6   other confidential research, development, or confidential information protected by the Uniform

7   Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

8   One of the Constitution of the State of California, or any other applicable state constitution or

9   law, or which is otherwise prohibited from disclosure because to do so would cause Responding

10  Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

11  appropriate to do so and with adequate protections and limitations, Responding Party expressly

12  reserves the right to provide such information and/or documents only pursuant to the Protective

13  Order in this action.

14          Responding Party objects to this definition to the extent that it attempts or purports to call

15  for the production of any documents and/or information that are privileged, that were prepared in

16  anticipation of litigation or trial, that reveal communications between Responding Party and its

17  legal counsel, that otherwise constitute attorney work product, are subject to the joint defense or

18  common interest privilege, or that are otherwise privileged or immune from discovery.

19          Responding Party objects to this definition to the extent it is intended to include persons

20  or entities other than Responding Party.  To the extent and in the context a request uses the term

21  "Defendant," Responding Party understands that the request and its obligations only extend to

22  documents and/or information within Responding Party's possession, custody or control.

23          Responding Party objects to this definition to the extent that it calls for documents and/or

24  information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

25  definition to the extent that it requires Responding Party to respond and/or produce documents

26  and/or information on behalf of any person or entity other than itself.

27          Responding Party will respond on behalf of Hitachi Asia, Ltd. only.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                          -12-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

**DEFINITION NO. 10:**

"Subsidiary," "affiliate" and "joint venture" refer to any entity or person in which you have any financial or ownership interest.

**OBJECTION TO DEFINITION NO. 10:**

Responding Party objects to this definition to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects to this definition on the ground it calls for a legal conclusion.

Responding Party objects to this definition as vague, ambiguous, unintelligible, overly broad to the extent it seeks documents and information that are not relevant to the subject matter of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome to search for and produce.

Responding Party objects to this definition to the extent it seeks documents and information that would disclose Responding Party's or a third party's respective trade secrets or other confidential research, development, or confidential information protected by the Uniform Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article One of the Constitution of the State of California, or any other applicable state constitution or law, or which is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal or contractual obligations to any other persons or entities.  Where it may be appropriate to do so and with adequate protections and limitations, Responding Party expressly reserves the right to provide such information and/or documents only pursuant to the Protective Order in this action.

Responding Party objects to this definition to the extent that it attempts or purports to call for the production of any documents and/or information that are privileged, that were prepared in anticipation of litigation or trial, that reveal communications between Responding Party and its legal counsel, that otherwise constitute attorney work product, are subject to the joint defense or common interest privilege, or that are otherwise privileged or immune from discovery.

Responding Party objects to this definition to the extent it is intended to include persons

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1

-13-

MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1  or entities other than Responding Party.  To the extent and in the context a request uses the term

2  "Defendant," Responding Party understands that the request and its obligations only extend to

3  documents and/or information within Responding Party's possession, custody or control.

4  Responding Party objects to this definition to the extent that it calls for documents and/or

5  information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

6  definition to the extent that it requires Responding Party to respond and/or produce documents

7  and/or information on behalf of any person or entity other than itself.

8  Responding Party will respond on behalf of Hitachi Asia, Ltd. only.

9  **DEFINITION NO. 11:**

10  "Person" shall refer to natural persons, firms, joint owners, associations, companies,

11  partnerships, joint ventures, corporations, trusts, estates, agencies, departments or bureaus

12  (governmental or private), and any other form of business, governmental or juridical person or

13  legal entity.

14  **OBJECTION TO DEFINITION NO. 11:**

15  Responding Party objects to this definition to the extent it attempts to impose obligations

16  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

17  the Federal Rules of Civil Procedure.

18  Responding Party objects to this definition on the ground it calls for a legal conclusion.

19  Responding Party objects to this definition as vague, ambiguous, unintelligible, overly

20  broad to the extent it seeks documents and information that are not relevant to the subject matter

21  of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of

22  admissible evidence, and unduly burdensome to search for and produce.

23  Responding Party objects to this definition to the extent it seeks information and

24  documents that would disclose Responding Party's or a third party's respective trade secrets or

25  other confidential research, development, or confidential information protected by the Uniform

26  Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

27  One of the Constitution of the State of California, or any other applicable state constitution or

28  law, or which is otherwise prohibited from disclosure because to do so would cause Responding

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1          -14-          MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

2   appropriate to do so and with adequate protections and limitations, Responding Party expressly

3   reserves the right to provide such information and/or documents only pursuant to the Protective

4   Order in this action.

5       Responding Party objects to this definition to the extent that it attempts or purports to call

6   for the production of any documents and/or information that are privileged, that were prepared in

7   anticipation of litigation or trial, that reveal communications between Responding Party and its

8   legal counsel, that otherwise constitute attorney work product, or that are otherwise privileged or

9   immune from discovery.

10      Responding Party objects to this definition to the extent it is intended to include persons

11  or entities other than Responding Party.  To the extent and in the context a request uses the term

12  "Person," Responding Party understands that the request and its obligations only extend to

13  documents and/or information within Responding Party's possession, custody or control.

14      Responding Party objects to this definition to the extent that it calls for documents and/or

15  information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

16  definition to the extent that it requires Responding Party to respond and/or produce document

17  and/or information on behalf of any person or entity other than itself.

18      Responding Party will respond on behalf of Hitachi Asia, Ltd. only.

19  **DEFINITION NO. 12:**

20      "Employee" means, without limitation, any current or former officer, director, executive,

21  manager, secretary, messenger, agent, independent contractor or other person who is or was

22  employed by a Defendant.

23  **OBJECTION TO DEFINITION NO. 12:**

24      Responding Party objects to this definition to the extent it attempts to impose obligations

25  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

26  the Federal Rules of Civil Procedure.

27      Responding Party objects to this definition on the ground it calls for a legal conclusion.

28      Responding Party objects to this definition as vague, ambiguous, unintelligible, overly

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                    -15-                                    MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   broad to the extent it seeks documents and information that are not relevant to the subject matter

2   of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of

3   admissible evidence, and unduly burdensome to search for and produce.

4          Responding Party objects to this definition to the extent it seeks information and

5   documents that would disclose Responding Party's or a third party's respective trade secrets or

6   other confidential research, development, or confidential information protected by the Uniform

7   Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

8   One of the Constitution of the State of California, or any other applicable state constitution or

9   law, or which is otherwise prohibited from disclosure because to do so would cause Responding

10  Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

11  appropriate to do so and with adequate protections and limitations, Responding Party expressly

12  reserves the right to provide such information and/or documents only pursuant to the Protective

13  Order in this action.

14         Responding Party objects to this definition to the extent that it attempts or purports to call

15  for the production of any documents and/or information that are privileged, that were prepared in

16  anticipation of litigation or trial, that reveal communications between Responding Party and its

17  legal counsel, that otherwise constitute attorney work product, or that are otherwise privileged or

18  immune from discovery.

19         Responding Party objects to this definition to the extent it is intended to include persons

20  or entities other than Responding Party.  To the extent and in the context a request uses the term

21  "Employee," Responding Party understands that the request and its obligations only extend to

22  documents and/or information within Responding Party's possession, custody or control.

23         Responding Party objects to this definition to the extent that it calls for documents and/or

24  information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

25  definition to the extent that it requires Responding Party to respond and/or produce document

26  and/or information on behalf of any person or entity other than itself.

27         Responding Party will respond on behalf of Hitachi Asia, Ltd. only.

28

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

**DEFINITION NO. 13:**

"Relating to," "referring to," "regarding," or "with respect to" mean without limitation discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, concerning, containing, mentioning, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

**OBJECTION TO DEFINITION NO. 13:**

Responding Party objects to this definition to the extent it attempts to impose obligations on Responding Party and/or seeks documents, beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects to the expressions "relating to," "referring to," "regarding," or "with respect to" to the extent they mean more than comprising, or on its face discusses, pertains to or is connected with a well-defined, unambiguous and identifiable topic or subject matter.

Responding Party objects to this definition because responding to such overly broad, vague and ambiguous requests would be unduly burdensome and oppressive.

**DEFINITION NO. 14:**

"Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not.

**OBJECTION TO DEFINITION NO. 14:**

No objection.

**DEFINITION NO. 15:**

"Communication" and "communications" are used in a comprehensive sense and shall mean and include every conceivable manner or means of disclosure, transfer or exchange of oral or written information (in the form of facts, ideas, inquiries or otherwise) between one or more persons or entities including, but not limited to, writings, documents, inter- and intra-office memoranda, correspondence, meetings, conferences, conversations, and/or agreements, whether face-to-face, by telephone, by mail, by telecopier, by telex, by computer or otherwise.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                    -17-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

**OBJECTION TO DEFINITION NO. 15:**

Responding Party objects to this definition to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

**DEFINITION NO. 16:**

"Antitrust regulatory authority" means any governmental antitrust regulatory or investigative entity, whether domestic or foreign, including but not limited to the United States Department of Justice, European Commission, Japanese Fair Trade Commission, or Korea Fair Trade Commission.

**OBJECTION TO DEFINITION NO. 16:**

Responding Party objects to this definition to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

**DEFINITION NO. 17:**

"Studies" and/or "analyses" includes all reports, memoranda, statistical compilations, reviews, audits and other types of written, printed, or electronic submissions of information.

**OBJECTION TO DEFINITION NO. 17:**

Responding Party objects to this definition to the extent that it seeks to expand the scope of Rule 34 of the Federal Rules of Civil Procedure.

Responding Party also objects to this definition as overly broad to the extent it seeks documents and/or information that are not relevant to the subject matter of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome to search for and produce.

**DEFINITION NO. 18:**

"Competitor" means any Defendant and all persons other than you that manufacture or sell CRTs and/or CRT Products.

**OBJECTION TO DEFINITION NO. 18:**

Responding Party objects to this definition to the extent it attempts to impose obligations

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                    -18-                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects to this definition on the ground the term "CRT Products" is vague, ambiguous, unintelligible, and overly broad to the extent it seeks documents and information that are not relevant to the subject matter of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome to search for and produce. Moreover, any discovery as to "CRT Products" that is not reasonably related to Plaintiffs' claims with respect to an alleged conspiracy involving CRTs is premature and overly burdensome until such time as Plaintiffs establish a reasonable basis for their claims regarding "CRT Products" to justify the enormous burden that Plaintiffs seek to impose on Responding Party by pursuing discovery as to all such products.

**DEFINITION NO. 19:**

"Selling," "sold," or "sale" means selling, swapping, trading, or otherwise transferring.

**OBJECTION TO DEFINITION NO. 19:**

No objection.

**DEFINITION NO. 20:**

"Price" means the price paid by a third party or the internal transfer price recorded or otherwise used in connection with a sale to a subsidiary, department, division, or affiliate.

**OBJECTION TO DEFINITION NO. 20:**

No objection.

**DEFINITION NO. 21:**

"CRTs" means cathode ray tubes. "CRT Products" means products containing CRTs, such as televisions and computer monitors.

**OBJECTION TO DEFINITION NO. 21:**

Responding Party objects to this definition to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects to this definition on the ground the term "CRT Products" is

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1  vague, ambiguous, unintelligible, and overly broad to the extent it seeks documents and

2  information that are not relevant to the subject matter of this action, not admissible in evidence,

3  not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome

4  to search for and produce.  Moreover, any discovery as to "CRT Products" that is not reasonably

5  related to Plaintiffs' claims with respect to an alleged conspiracy involving CRTs is premature

6  and overly burdensome until such time as Plaintiffs establish a reasonable basis for their claims

7  regarding "CRT Products" to justify the enormous burden that Plaintiffs seek to impose on

8  Responding Party by pursuing discovery as to all such products.

9         Responding Party objects to this definition on the ground that to the extent the Document

10  Requests seek documents regarding "CRTs," the Document Requests are overly broad and unduly

11  burdensome, and purport to call for information that is not relevant to the claim or defense of any

12  party, not relevant to the subject matter involved in this action, and not reasonably calculated to

13  lead to the discovery of admissible evidence, as the Complaint purports to bring this class action

14  "on behalf of individuals and entities that indirectly purchased Cathode Ray Tube Products

15  ("CRT Products")," not direct purchasers.   Indirect Purchaser Plaintiffs' Consolidated Amended

16  Complaint ("Complaint"), ¶ 1.  Furthermore, to the extent Responding Party produces documents

17  responsive to the Document Requests regarding "CRTs" to Direct Purchaser Plaintiffs, such

18  documents will not be produced again.

19

20                                    **INSTRUCTIONS**

21  **INSTRUCTION NO. 1:**

22         To the extent documents or ESI responsive to any of these Requests have already been

23  produced to Plaintiffs, there is no need to produce those documents a second time. Instead, please

24  provide the Bates numbers of any responsive documents already produced.

25  **OBJECTION TO INSTRUCTION NO. 1:**

26         Responding Party objects to this instruction to the extent it attempts to impose obligations

27  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

28  the Federal Rules of Civil Procedure.

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

DB2/21723134.1                          -20-                          MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to this instruction on the ground it is unduly burdensome and

2    oppressive.

3    **INSTRUCTION NO. 2:**

4    This document request calls for the production of all responsive documents and ESI in

5    your possession, custody or control without regard to the physical location of such documents.

6    **OBJECTION TO INSTRUCTION NO. 2:**

7    Responding Party objects to this instruction to the extent it attempts to impose obligations

8    on Responding Party and/or seeks documents beyond those required to be produced pursuant to

9    the Federal Rules of Civil Procedure.

10   Responding Party objects to this instruction on the ground it is unduly burdensome and

11   oppressive.

12   **INSTRUCTION NO. 3:**

13   In producing documents, ESI and other materials, you must furnish all documents, ESI or

14   things in your possession, custody or control, regardless of whether such documents, ESI or

15   materials are possessed directly by you or your directors, officers, agents, employees,

16   representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or

17   their agents, employees, representatives or investigators.

18   **OBJECTION TO INSTRUCTION NO. 3:**

19   Responding Party objects to this instruction to the extent it attempts to impose obligations

20   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

21   the Federal Rules of Civil Procedure.

22   Responding Party objects to this instruction on the ground it calls for a legal conclusion.

23   Responding Party objects to this instruction as vague, ambiguous, unintelligible, overly

24   broad to the extent it seeks documents and information that are not relevant to the subject matter

25   of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of

26   admissible evidence, and unduly burdensome to search for and produce.

27   Responding Party objects to this instruction to the extent it seeks documents and

28   information that would disclose Responding Party's or a third party's respective trade secrets or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                          -21-                          MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   other confidential research, development, or confidential information protected by the Uniform

2   Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

3   One of the Constitution of the State of California, or any other applicable state constitution or

4   law, or which is otherwise prohibited from disclosure because to do so would cause Responding

5   Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

6   appropriate to do so and with adequate protections and limitations, Responding Party expressly

7   reserves the right to provide such information and/or documents only pursuant to the Protective

8   Order in this action.

9   Responding Party objects to this instruction to the extent that it attempts or purports to call

10  for the production of any documents and/or information that are privileged, that were prepared in

11  anticipation of litigation or trial, that reveal communications between Responding Party and its

12  legal counsel, that otherwise constitute attorney work product, are subject to the joint defense or

13  common interest privilege, or that are otherwise privileged or immune from discovery.

14  Responding Party objects to this instruction to the extent it is intended to include persons

15  or entities other than Responding Party.  To the extent and in the context a request uses the term

16  "you or your directors, officers, agents, employees, representatives, subsidiaries, managing

17  agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or

18  investigators," Responding Party understands that the request and its obligations only extend to

19  documents and/or information within Responding Party's possession, custody or control.

20  Responding Party objects to this instruction to the extent that it calls for documents and/or

21  information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

22  instruction to the extent that it requires Responding Party to respond and/or produce documents

23  and/or information on behalf of any person or entity other than itself.

24  Responding Party will respond on behalf of Hitachi Asia, Ltd. only.

25  **INSTRUCTION NO. 4:**

26  In producing documents and ESI, you must produce the original of each document

27  requested together with all non-identical copies and drafts of that document. If the original of any

28  document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    bound or stapled in the same manner as the original (to the extent this is known).

2    **OBJECTION TO INSTRUCTION NO. 4:**

3      Responding Party objects to this instruction to the extent that it seeks to expand the scope

4    of Rule 34 of the Federal Rules of Civil Procedure.

5      Responding Party also objects to this instruction as overly broad to the extent it seeks

6    documents and/or information that are not relevant to the subject matter of this action, not

7    admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence,

8    and unduly burdensome to search for and produce.

9    **INSTRUCTION NO. 5:**

10      Pursuant to Federal Rule of Civil Procedure 34(b), documents shall be produced as they

11    are kept in the usual course of business and shall be organized and labeled to identify any file

12    number, file name, or any other file identification system utilized by the responding party, as well

13    as the location and custodian of such records. These Requests include Plaintiffs' request to

14    physically inspect any file drawer, filing cabinet or any other storage device where documents

15    responsive to these requests are maintained at the time of the inspection of such documents.

16    **OBJECTION TO INSTRUCTION NO. 5:**

17      Responding Party objects to this instruction to the extent it attempts to impose obligations

18    on Responding Party and/or seeks documents beyond those required to be produced pursuant to

19    the Federal Rules of Civil Procedure.

20    **INSTRUCTION NO. 6:**

21      Documents attached to each other should not be separated. If any portion of any document

22    is responsive to any portion of the document requests below, then the entire document must be

23    produced.

24    **OBJECTION TO INSTRUCTION NO. 6:**

25      Responding Party objects to this instruction to the extent it attempts to impose obligations

26    on Responding Party and/or seeks documents beyond those required to be produced pursuant to

27    the Federal Rules of Civil Procedure.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

**INSTRUCTION NO. 7:**

All documents produced should be numbered sequentially, with a unique number on each page, and with a prefix identifying the party producing the document.

**OBJECTION TO INSTRUCTION NO. 7:**

No objection.

**INSTRUCTION NO. 8:**

Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found (i.e., the document custodian) and the business address of each document custodian.

**OBJECTION TO INSTRUCTION NO. 8:**

Responding Party objects to this instruction to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects to this instruction on the ground it is unduly burdensome and oppressive.

**INSTRUCTION NO. 9:**

Pursuant to Federal Rule of Civil Procedure 34(b)(1)(C), the responding party must produce any ESI in its native format. If ESI in its native format can only be accessed by proprietary or legacy software, the responding party shall receive all information and software necessary to access the ESI.

**OBJECTION TO INSTRUCTION NO. 9:**

Responding Party objects to this instruction to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects to this instruction to the extent it seeks documents and information that would disclose Responding Party's or a third party's respective trade secrets or other confidential research, development, or confidential information protected by the Uniform

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article One of the Constitution of the State of California, or any other applicable state constitution or law, including any copyright or license, or which is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal or contractual obligations to any other persons or entities.  Where it may be appropriate to do so and with adequate protections and limitations, Responding Party expressly reserves the right to provide such information and/or documents only pursuant to the Protective Order in this action.

**INSTRUCTION NO. 10:**

If any responsive document was, but no longer is, in the possession of or subject to your control, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of.

**OBJECTION TO INSTRUCTION NO. 10:**

Responding Party objects to this instruction to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects on the grounds that it is impossible to identify, describe, and further explain the circumstances regarding every document that ever "was, but no longer is, in the possession of or subject to your control."  To the extent that it is even possible to identify, describe, and explain the circumstances regarding such documents, this investigation would impose a unique, time-consuming and unreasonable burden.

Responding Party objects to this instruction on the ground it is unduly burdensome and oppressive.

**INSTRUCTION NO. 11:**

In each instance in which a document once existed and subsequently is lost, missing, destroyed or otherwise disposed of, explain the circumstances surrounding the disposition of the document, including but not limited to:

   a.      the identity of the person or entity who last possessed the document;

   b.      the date or approximate date of such disposition; and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                      -25-                                      MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

c.     the identity of all persons who have or had knowledge of the document's contents.

## OBJECTION TO INSTRUCTION NO. 11:

Responding Party objects to this instruction to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects on the grounds that it is impossible to identify, describe, and further explain the circumstances regarding every document that ever "once existed and subsequently is lost, missing, destroyed or otherwise disposed of." To the extent that it is even possible to identify, describe, and explain the circumstances regarding such documents, this investigation would impose a unique, time-consuming and unreasonable burden.

Responding Party objects to this instruction on the ground it is unduly burdensome and oppressive.

## INSTRUCTION NO. 12:

12.     In the event that you object to any document request on the ground of privilege or work product, a statement shall be provided as to each document which includes:

a.     the name of the author of the document;

b.     the name of the recipient of the document;

c.     the names of the persons to whom copies were sent;

d.     the job title of every individual named in (a), (b), and (c) above;

e.     the date the document was created, sent, and received;

f.     the location of the document;

g.     the custodian of the document;

h.     a brief description of the nature and subject matter of the document; and

i.     a statement of the privilege asserted and each and every fact or basis upon which a privilege is claimed or on which the document is otherwise withheld.

Notwithstanding the assertion of any objection to production, if a document contains non-objectionable or non-privileged matter, please produce that document, redacting that portion for which the objection is asserted, provided that the identification requested in paragraphs (h) and (i)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1        -26-        MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    above are furnished. A log itemizing each of these documents and this corresponding information

2    that forms the basis for your objection on privilege or work product grounds shall be served

3    contemporaneously with your responses to these document requests.

4    **OBJECTION TO INSTRUCTION NO. 12:**

5         Responding Party objects to this instruction to the extent it attempts to impose obligations

6    on Responding Party and/or seeks documents beyond those required to be produced pursuant to

7    the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

8    **INSTRUCTION NO. 13:**

9         Each document should be produced in its entirety and without deletion, redaction or

10   excisions, except as provided by Instruction 12 above, regardless of whether you consider the

11   entire document or only part of it to be relevant or responsive to these document requests. If you

12   have redacted any portion of a document, stamp the word "REDACTED" beside the redacted

13   information on each page of the document which you have redacted. Any redactions to such

14   documents produced should be identified in accordance with Instruction 12 above.

15   **OBJECTION TO INSTRUCTION NO. 13:**

16        Responding Party objects to this instruction to the extent it attempts to impose obligations

17   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

18   the Federal Rules of Civil Procedure.

19   **INSTRUCTION NO. 14:**

20        In responding to these requests you are to include documents: (a) obtained from witnesses

21   who gave information to any antitrust regulatory authority or investigatory body; (b) that

22   constitute, or refer or relate to, summaries of testimony or other statements in connection with any

23   antitrust regulatory authority or investigatory body proceedings or investigations; or (c) obtained

24   on your behalf by counsel in preparing for testimony or interviews before any antitrust regulatory

25   authority or investigatory body.

26   **OBJECTION TO INSTRUCTION NO. 14:**

27        Responding Party objects to this instruction to the extent it attempts to impose obligations

28   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                    -27-                                    MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

the Federal Rules of Civil Procedure.

Responding Party objects to this instruction to the extent it attempts to impose obligations on Responding Party exceeding the scope of the Stay Order in this case.

**INSTRUCTION NO. 15:**

The following requests are continuing in nature pursuant to Rule 26(e) of the Federal Rules of Civil Procedure so as to require the prompt production of supplemental or additional responsive documents when you become aware of such, up to and including the time of trial.

**OBJECTION TO INSTRUCTION NO. 15:**

Responding Party objects to this instruction to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

## DEFINITION OF RELEVANT TIME PERIOD

Unless otherwise stated, these Requests call for the production of all documents that were generated and/or maintained during the period January 1, 1995 through the present (the "Relevant Time Period"). These document requests seek all responsive documents created or generated during the Relevant Time Period, as well as responsive documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## OBJECTION TO DEFINITION OF RELEVANT TIME PERIOD

Responding Party objects to the definition of the Relevant Time Period on the grounds that it is vague, ambiguous, unintelligible, over broad and seeks information or materials on matters not relevant to the subject matter of this action, not admissible in evidence, and not reasonably calculated to lead to the discovery of admissible evidence.

The "Relevant Time Period" as defined exceeds the putative class period, which begins on March 1, 1995 and ends on November 25, 2007 (Complaint, ¶ 1), and seeks documents and information beyond the statute of limitations period. Judge Conti has directed the parties to Judge

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                -28-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   Legge to develop procedures for the early resolution of statute of limitations issues and to reduce

2   the burden in connection therewith.  Responding Party believes it is premature for it to have to

3   produce any documents from prior to the statute of limitations period until Judge Legge considers

4   this issue and determines the proper scope of that burden.

5        For purposes of responding to these Document Requests, Responding Party will interpret

6   "Relevant Time Period" to mean the applicable statute(s) of limitations period(s) (the

7   "Limitations Period").

8        Each of the foregoing General Objections and Objections to Definitions and Instructions

9   is incorporated into the following specific objections.  Accordingly, each specific objection is

10   made subject to, and without waiver of, the foregoing General Objections and Objections to

11   Definitions and Instructions.  Responding Party incorporates by reference each and every General

12   Objection and Objection to Definitions and Instructions into each and every specific response.

13   From time to time a specific response may repeat a General Objection or Objection to the

14   Definitions and Instructions for emphasis or some other reason.  The failure to repeat any General

15   Objection or Objection to the Definitions and Instructions in any specific response shall not be

16   interpreted as a waiver of any General Objection or Objection to the Definitions and Instructions

17   to that response.

18

19   **SPECIFIC RESPONSES TO DOCUMENT REQUESTS**

20

21   **REQUEST NO. 1:**

22        Documents sufficient to show your corporate structure or organization throughout the

23   relevant time period, including, but not limited to, departments, divisions, parents, subsidiaries,

24   joint ventures, affiliates, or other sub-units that were engaged during any part of the relevant time

25   period in the manufacture, marketing, pricing, sale or distribution of CRTs or CRT Products

26   including, where applicable, the percentage of any stock or other interests owned by each entity in

27   the chain.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                -29-                MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

**RESPONSE TO REQUEST NO. 1:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period is November 25, 2007.

Responding Party objects to this request on the grounds that, to the extent it seeks

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   documents not related to "CRT Products" only, this request is overly broad and unduly

2   burdensome and purports to call for information that is not relevant to the claim or defense of any

3   party, not relevant to the subject matter involved in this action, and not reasonably calculated to

4   lead to the discovery of admissible evidence.

5          Responding Party objects to the extent this request seeks documents that are no longer

6   active or readily accessible in electronic form which renders this request overly broad and unduly

7   burdensome.

8          Responding Party objects on the grounds that, to the extent this request seeks documents

9   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

10  information that is not relevant to the claim or defense of any party, not relevant to the subject

11  matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

12  evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

13  and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

14         Responding Party objects on the grounds that, to the extent Responding Party produces

15  documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

16  produced again.

17         Responding Party objects that to the extent documents responsive to this request have

18  previously been produced, they will not be produced again.

19         Subject to and without waiving the general and specific objections stated above,

20  Responding Party responds that it will make reasonable, not unduly burdensome efforts to

21  identify documents responsive to this request within the Limitations Period and, if any, will

22  produce non-privileged, responsive documents.

23  **REQUEST NO. 2:**

24         As to each of your divisions, subdivisions, departments, units, subsidiaries, parents,

25  affiliates and joint ventures, documents sufficient to identify each employee having any

26  responsibilities or duties with respect to each of the following:

27         a.      the manufacturing or production of CRTs or CRT Products;

28         b.      the marketing of CRTs or CRT Products;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

c.      the pricing of CRTs or CRT Products;

d.      the sale or distribution of CRTs or CRT Products;

e.      maintaining any electronic database(s), including archives of e-mails or other electronic documents relating to CRTs or CRT Products.

**RESPONSE TO REQUEST NO. 2:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

2   admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

3   of the alleged class period is November 25, 2007.

4       Responding Party objects to this request on the grounds that, to the extent it seeks

5   documents not related to "CRT Products" only, this request is overly broad and unduly

6   burdensome and purports to call for information that is not relevant to the claim or defense of any

7   party, not relevant to the subject matter involved in this action, and not reasonably calculated to

8   lead to the discovery of admissible evidence.

9       Responding Party objects to the extent this request seeks documents that are no longer

10  active or readily accessible in electronic form which renders this request overly broad and unduly

11  burdensome.

12      Responding Party objects on the grounds that, to the extent this request seeks documents

13  related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

14  information that is not relevant to the claim or defense of any party, not relevant to the subject

15  matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

16  evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

17  and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

18      Responding Party objects on the grounds that, to the extent Responding Party produces

19  documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

20  produced again.

21      Responding Party objects that to the extent documents responsive to this request have

22  previously been produced, they will not be produced again.

23      Subject to and without waiving the general and specific objections stated above,

24  Responding Party responds that it will make reasonable, not unduly burdensome efforts to

25  identify documents responsive to this request within the Limitations Period and, if any, will

26  produce non-privileged, responsive documents.

27  **REQUEST NO. 3:**

28      Documents sufficient to describe your policies or practices with respect to the retention or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                          -33-                          MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1  destruction of documents during the period January 1, 1991 through the present, and, if such

2  policy or practice has been different with respect to any category of documents or over different

3  times, documents sufficient to identify each such category or time period and to describe your

4  retention policy or practice with respect to each such category or time period.

5  **RESPONSE TO REQUEST NO. 3:**

6      Responding Party reasserts and incorporates each of the General Objections and

7  Objections to Definitions and Instructions set forth above.

8      Responding Party objects to this request on the grounds that it is overly broad, unduly

9  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

10     Responding Party objects to this request on the grounds it seeks information and/or

11 documents that would disclose confidential information protected by any and all rights of privacy

12 under the United States Constitution or any other applicable law, or that is otherwise prohibited

13 from disclosure because to do so would cause Responding Party to violate legal and/or

14 contractual obligations to any other persons or entities.

15     Responding Party objects to this request on the grounds that it seeks production of

16 documents protected by the attorney-client privilege, work product doctrine, joint defense or

17 common interest privilege, or by any other applicable doctrine or privilege.

18     Responding Party objects on the grounds that the "Relevant Time Period" and the time

19 period "January 1, 1991 through the present" is overly broad and not relevant, rendering the

20 request not reasonably calculated to lead to the discovery of admissible evidence as the

21 Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period

22 is November 25, 2007.

23     Responding Party objects to this request on the grounds that, to the extent it seeks

24 documents not related to the allegations in the Complaint, the request is overly broad and unduly

25 burdensome, and purports to call for information that is not relevant to the claim or defense of

26 any party, not relevant to the subject matter involved in this action, and not reasonably calculated

27 to lead to the discovery of admissible evidence.

28     Responding Party objects on the grounds that, to the extent Responding Party produces

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                   -34-                                        MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

2   produced again.

3       Responding Party objects that to the extent documents responsive to this request have

4   previously been produced, they will not be produced again.

5       Subject to and without waiving the objections stated above, Responding Party will

6   produce those non-privileged, responsive documents within the Limitations Period within its

7   possession, custody or control, to the extent any such documents exist.

8   **REQUEST NO. 4:**

9       Documents sufficient to show the manner in which you have maintained records relating

10  to CRTs or CRT Products during the period January 1, 1991 through the present, including

11  documents sufficient to describe all electronic data processing systems, programs, and outputs

12  used to record, store, compute, analyze or retrieve electronically stored information relating to

13  your pricing, production, distribution, marketing or sale of CRTs or CRT Products in and into the

14  United States.

15  **RESPONSE TO REQUEST NO. 4:**

16      Responding Party reasserts and incorporates each of the General Objections and

17  Objections to Definitions and Instructions set forth above.

18      Responding Party objects to this request on the grounds that it is overly broad, unduly

19  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

20      Responding Party objects to this request on the grounds that it seeks production of

21  documents protected by the attorney-client privilege, work product doctrine, joint defense or

22  common interest privilege, or by any other applicable doctrine or privilege.

23      Responding Party objects to this request on the grounds it seeks information and/or

24  documents that would disclose confidential information protected by any and all rights of privacy

25  under the United States Constitution or any other applicable law, or that is otherwise prohibited

26  from disclosure because to do so would cause Responding Party to violate legal and/or

27  contractual obligations to any other persons or entities.

28      Responding Party objects to this request on the grounds that, to the extent it seeks

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                    -35-                                    MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

2    ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

3    relevant to the claim or defense of any party, not relevant to the subject matter involved in this

4    action, and not reasonably calculated to lead to the discovery of admissible evidence.

5        Responding Party objects on the grounds that the "Relevant Time Period" and the time

6    period "January 1, 1991 through the present" is overly broad and not relevant, rendering the

7    request not reasonably calculated to lead to the discovery of admissible evidence as the

8    Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period

9    is November 25, 2007.

10       Responding Party objects on the grounds that, to the extent this request seeks documents

11   not related to the allegations in the Complaint, this request is overly broad and unduly

12   burdensome, and purports to call for information that is not relevant to the claim or defense of

13   any party, not relevant to the subject matter involved in this action, and not reasonably calculated

14   to lead to the discovery of admissible evidence.

15       Responding Party objects that the phrase "manner in which you have maintained records"

16   is vague, ambiguous, and unintelligible, rendering the request overly broad and unduly

17   burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible

18   evidence.

19       Responding Party objects on the grounds that, to the extent this request seeks documents

20   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

21   information that is not relevant to the claim or defense of any party, not relevant to the subject

22   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

23   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

24   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

25       Responding Party objects on the grounds that, to the extent Responding Party produces

26   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

27   produced again.

28       Responding Party objects that to the extent documents responsive to this request have

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    previously been produced, they will not be produced again.

2        Subject to and without waiving the objections stated above, Responding Party will

3    produce those non-privileged, responsive documents within the Limitations Period within its

4    possession, custody or control, to the extent any such documents exist.

5    **REQUEST NO. 5:**

6        All documents and electronic data relating to your sales of CRTs or CRT Products during

7    the period January 1, 1991 through the present, including, but not limited to:

8        a.    customer names, customer billing addresses, and customer ship-to addresses;

9        b.    sales terms;

10       c.    sales dates and shipment dates;

11       d.    product type, class, category, description and respective use;

12       e.    sales volumes;

13       f.    unit price information, gross price, and actual net prices;

14       g.    discounts, credits and rebates;

15       h.    shipping charges and terms;

16       i.    any other related charges; and

17       j.    amounts paid, dates paid, invoice numbers, and purchase order numbers.  If such

18   data are not kept, or have not been kept, in electronic form in the ordinary course of your business

19   or are otherwise not available in electronic form, please produce such data in hard copy.

20   **RESPONSE TO REQUEST NO. 5:**

21       Responding Party reasserts and incorporates each of the General Objections and

22   Objections to Definitions and Instructions set forth above.

23       Responding Party objects to this request on the grounds that it is overly broad, unduly

24   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

25   including to the extent that it seeks the discovery of documents regarding Responding Party's

26   sales outside of the United States and unrelated to United States commerce, as such sales are

27   beyond the scope of this litigation and thereby render the Document Requests overly broad,

28   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    evidence.

2           Responding Party objects to this request on the grounds that it seeks production of

3    documents protected by the attorney-client privilege, work product doctrine, joint defense or

4    common interest privilege, or by any other applicable doctrine or privilege.

5           Responding Party objects to this request on the grounds it seeks information and/or

6    documents that would disclose confidential information protected by any and all rights of privacy

7    under the United States Constitution or any other applicable law, or that is otherwise prohibited

8    from disclosure because to do so would cause Responding Party to violate legal and/or

9    contractual obligations to any other persons or entities.

10          Responding Party objects to this request on the grounds that, to the extent it seeks

11   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

12   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

13   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

14   action, and not reasonably calculated to lead to the discovery of admissible evidence.

15          Responding Party objects on the grounds that "the "Relevant Time Period" and the time

16   period "January 1, 1991 through the present" is overly broad and not relevant, rendering the

17   request not reasonably calculated to lead to the discovery of admissible evidence as the

18   Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period

19   is November 25, 2007.

20          Responding Party objects on the grounds that it seeks documents not in existence or not

21   currently in its possession, custody or control.

22          Responding Party objects to the extent this request seeks documents that are no longer

23   active or readily accessible in electronic form which renders this request overly broad and unduly

24   burdensome.

25          Responding Party objects that the phrases "respective use" and "related charges" are

26   vague, ambiguous and unintelligible, rendering this request overly broad and unduly burdensome,

27   not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

28          Responding Party objects on the grounds that, to the extent this request seeks documents

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                    -38-                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence. The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals and entities that indirectly purchased Cathode Ray Tube Products." (Complaint, ¶ 1).

Responding Party objects on the grounds that, to the extent Responding Party produces documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be produced again.

Responding Party objects that to the extent documents responsive to this request have previously been produced, they will not be produced again.

Subject to and without waiving the general and specific objections stated above, Responding Party responds that it will make reasonable, not unduly burdensome efforts to identify documents responsive to this request within the Limitations Period and, if any, will produce non-privileged, responsive documents.

**REQUEST NO. 6:**

All software instructions, programs, manuals, or other documents necessary to operate, run or understand any of the programs maintained on the computer-related equipment or system utilized by you to maintain, gain access to or read data produced in response to Requests Nos. 4-5, including all record layouts, field codes or other descriptions.

**RESPONSE TO REQUEST NO. 6:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                     -39-                                     MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    evidence.

2          Responding Party objects to this request on the grounds that it seeks production of

3    documents protected by the attorney-client privilege, work product doctrine, joint defense or

4    common interest privilege, or by any other applicable doctrine or privilege.

5          Responding Party objects to this request on the grounds it seeks information and/or

6    documents that would disclose confidential information protected by any and all rights of privacy

7    under the United States Constitution or any other applicable law, including copyright and

8    licensing agreements, or that is otherwise prohibited from disclosure because to do so would

9    cause Responding Party to violate legal and/or contractual obligations to any other persons or

10   entities.

11         Responding Party objects to this request on the grounds that, to the extent it seeks

12   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

13   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

14   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

15   action, and not reasonably calculated to lead to the discovery of admissible evidence.

16         Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

17   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

18   admissible evidence as the Complaint does not allege a continuing conspiracy, the outer limit of

19   the alleged class period is November 25, 2007, and claims prior to November 13, 2003, are barred

20   by the statute of limitations.

21         Responding Party objects to the extent this request seeks documents that are no longer

22   active or readily accessible in electronic form which renders this request overly broad and unduly

23   burdensome.

24         Responding Party objects on the grounds that, to the extent this request seeks documents

25   not related to the allegations in the Complaint, this request is overly broad and unduly

26   burdensome, and purports to call for information that is not relevant to the claim or defense of

27   any party, not relevant to the subject matter involved in this action, and not reasonably calculated

28   to lead to the discovery of admissible evidence.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                              -40-                              MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    Responding Party objects on the grounds that it seeks documents not in existence or not

2    currently in its possession, custody or control.

3    Subject to and without waiving the general and specific objections stated above,

4    Responding Party responds that it will make reasonable, not unduly burdensome efforts to

5    identify documents responsive to this request within the Limitations Period and, if any, will

6    produce non-privileged, responsive documents.

7    **REQUEST NO. 7:**

8    All documents relating to polices, methods, formulas or factors to be used in determining,

9    computing or quoting prices, including rebates or discounts, in connection with the sale of CRTs

10   or CRT Products.

11   **RESPONSE TO REQUEST NO. 7:**

12   Responding Party reasserts and incorporates each of the General Objections and

13   Objections to Definitions and Instructions set forth above.

14   Responding Party objects to this request on the grounds that it is overly broad, unduly

15   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

16   including to the extent that it seeks the discovery of documents regarding Responding Party's

17   sales outside of the United States and unrelated to United States commerce, as such sales are

18   beyond the scope of this litigation and thereby render the Document Requests overly broad,

19   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

20   evidence.

21   Responding Party objects to this request on the grounds that it seeks production of

22   documents protected by the attorney-client privilege, work product doctrine, joint defense or

23   common interest privilege, or by any other applicable doctrine or privilege.

24   Responding Party objects to this request on the grounds it seeks information and/or

25   documents that would disclose confidential information protected by any and all rights of privacy

26   under the United States Constitution or any other applicable law, or that is otherwise prohibited

27   from disclosure because to do so would cause Responding Party to violate legal and/or

28   contractual obligations to any other persons or entities.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                          -41-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   Responding Party objects to this request on the grounds that, to the extent it seeks

2   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

3   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

4   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

5   action, and not reasonably calculated to lead to the discovery of admissible evidence.

6   Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

7   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

8   admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

9   of the alleged class period is November 25, 2007.

10   Responding Party objects to the extent this request seeks documents that are no longer

11   active or readily accessible in electronic form which renders this request overly broad and unduly

12   burdensome.

13   Responding Party objects to the extent this request seeks documents or information that is

14   not within the possession, custody, or control of Responding Party.

15   Responding Party objects that the phrases "methods, formulas or factors" and

16   "determining, computing or quoting prices" are vague, ambiguous and unintelligible, rendering

17   the request overly broad and unduly burdensome, not relevant and not reasonably calculated to

18   lead to the discovery of admissible evidence.

19   Responding Party objects to this request to the extent it seeks documents or information

20   that will be the subject of expert discovery, as expert discovery has not commenced in this matter.

21   Responding Party objects on the grounds that, to the extent this request seeks documents

22   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

23   information that is not relevant to the claim or defense of any party, not relevant to the subject

24   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

25   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

26   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

27   Responding Party objects on the grounds that, to the extent Responding Party produces

28   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    produced again.

2         Responding Party objects that to the extent documents responsive to this request have

3    previously been produced, they will not be produced again.

4         Subject to and without waiving the general and specific objections stated above,

5    Responding Party responds that it will make reasonable, not unduly burdensome efforts to

6    identify documents responsive to this request within the Limitations Period and, if any, will

7    produce non-privileged, responsive documents.

8    **REQUEST NO. 8:**

9         All documents relating to any published prices for CRTs or CRT Products during the

10   period January 1, 1991 through the present, including price announcements, price lists, price

11   schedules, price changes, or justifications or explanations of price changes communicated to

12   customers in the United States.

13   **RESPONSE TO REQUEST NO. 8:**

14        Responding Party reasserts and incorporates each of the General Objections and

15   Objections to Definitions and Instructions set forth above.

16        Responding Party objects to this request on the grounds that it is overly broad, unduly

17   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

18   including to the extent that it seeks the discovery of documents regarding Responding Party's

19   sales outside of the United States and unrelated to United States commerce, as such sales are

20   beyond the scope of this litigation and thereby render the Document Requests overly broad,

21   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

22   evidence.

23        Responding Party objects to this request on the grounds that it seeks production of

24   documents protected by the attorney-client privilege, work product doctrine, joint defense or

25   common interest privilege, or by any other applicable doctrine or privilege.

26        Responding Party objects to this request on the grounds it seeks information and/or

27   documents that would disclose confidential information protected by any and all rights of privacy

28   under the United States Constitution or any other applicable law, or that is otherwise prohibited

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                            -43-                            MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   from disclosure because to do so would cause Responding Party to violate legal and/or

2   contractual obligations to any other persons or entities.

3       Responding Party objects to this request on the grounds that, to the extent it seeks

4   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

5   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

6   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

7   action, and not reasonably calculated to lead to the discovery of admissible evidence.

8       Responding Party objects on the grounds that the "Relevant Time Period" and "the period

9   January 1, 1991 through the present" is overly broad and not relevant, rendering the request not

10  reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not

11  allege a continuing conspiracy and the outer limit of the alleged class period is November 25,

12  2007.

13      Responding Party objects to the extent this request seeks documents that are no longer

14  active or readily accessible in electronic form which renders this request overly broad and unduly

15  burdensome.

16      Responding Party objects to the extent this request seeks documents or information that is

17  not within the possession, custody, or control of Responding Party.

18      Responding Party objects that the phrases "published prices" and "customers" are vague,

19  ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome, not

20  relevant and not reasonably calculated to lead to the discovery of admissible evidence.

21      Responding Party objects that the term "customers in the United States" calls for a legal

22  conclusion.

23      Responding Party objects to the extent this request seeks documents or information that

24  require discovery of information and materials from third-parties or sources that are equally if not

25  more accessible to Plaintiffs.

26      Responding Party objects to the extent this request seeks documents or information that

27  will be the subject of expert discovery, as expert discovery has not commenced in this matter.

28      Responding Party objects on the grounds that, to the extent this request seeks documents

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                    -44-                                      MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

Responding Party objects on the grounds that, to the extent Responding Party produces documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be produced again.

Responding Party objects that to the extent documents responsive to this request have previously been produced, they will not be produced again.

Subject to and without waiving the general and specific objections stated above, Responding Party responds that it will make reasonable, not unduly burdensome efforts to identify documents responsive to this request within the Limitations Period and, if any, will produce non-privileged, responsive documents.

**REQUEST NO. 9:**

All documents relating to contracts, offers or proposals for CRTs or CRT Products sales during the period January 1, 1991 through the present.

**RESPONSE TO REQUEST NO. 9:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                        -45-                                        MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   documents protected by the attorney-client privilege, work product doctrine, joint defense or

2   common interest privilege, or by any other applicable doctrine or privilege.

3        Responding Party objects to this request on the grounds it seeks information and/or

4   documents that would disclose confidential information protected by any and all rights of privacy

5   under the United States Constitution or any other applicable law, or that is otherwise prohibited

6   from disclosure because to do so would cause Responding Party to violate legal and/or

7   contractual obligations to any other persons or entities.

8        Responding Party objects to this request on the grounds that, to the extent it seeks

9   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

10  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

11  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

12  action, and not reasonably calculated to lead to the discovery of admissible evidence.

13       Responding Party objects on the grounds that the "Relevant Time Period" and the time

14  period "January 1, 1991 through the present" is overly broad and not relevant, rendering the

15  request not reasonably calculated to lead to the discovery of admissible evidence as the

16  Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period

17  is November 25, 2007.

18       Responding Party objects to the extent this request seeks documents that are no longer

19  active or readily accessible in electronic form which renders this request overly broad and unduly

20  burdensome.

21       Responding Party objects to the extent this request seeks documents or information that is

22  not within the possession, custody, or control of Responding Party.

23       Responding Party objects that the phrase "contracts, offers or proposals" is vague,

24  ambiguous and unintelligible, rendering this request overly broad and unduly burdensome, not

25  relevant and not reasonably calculated to lead to the discovery of admissible evidence.

26       Responding Party objects to the extent this request seeks documents or information that

27  require discovery of information and materials from third-parties or sources that are equally if not

28  more accessible to Plaintiffs.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21723134.1                     -46-                          MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to the extent this request seeks documents or information that

2    will be the subject of expert discovery, as expert discovery has not commenced in this matter.

3    Responding Party objects on the grounds that, to the extent this request seeks documents

4    related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

5    information that is not relevant to the claim or defense of any party, not relevant to the subject

6    matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

7    evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

8    and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

9    Responding Party objects on the grounds that, to the extent Responding Party produces

10   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

11   produced again.

12   Responding Party objects that to the extent documents responsive to this request have

13   previously been produced, they will not be produced again.

14   Subject to and without waiving the general and specific objections stated above,

15   Responding Party responds that it will make reasonable, not unduly burdensome efforts to

16   identify documents responsive to this request within the Limitations Period and, if any, will

17   produce non-privileged, responsive documents.

18   **REQUEST NO. 10:**

19   Documents sufficient to identify each of your facilities that produced CRTs or CRT

20   Products from January 1, 1991 through the present and for each such facility, all documents

21   relating to:

22   a.    capacity, rated capacity, production and capacity utilization during each year of the

23   relevant time period;

24   b.    any proposed or actual change in the capacity to produce CRTs or CRT Products;

25   c.    any reason for changes in each facility's actual production of CRTs or CRT

26   Products;

27   d.    the identity of all persons who had decision-making or supervisory responsibility

28   regarding production of CRTs or CRT Products;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                      -47-                                      MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    e.  each type, class, category and respective use of CRTs or CRT Products produced

2 and the amounts of each produced during each month of the relevant time period;

3    f.  any production shutdowns or slowdowns of CRTs or CRT Products production

4 and reasons for such shutdowns or slowdowns;

5    g.  any projected production forecasts; and

6    h.  any future plans to construct, joint venture or purchase fabrication plants used to

7 manufacture or produce CRTs or CRT Products.

8 **RESPONSE TO REQUEST NO. 10:**

9    Responding Party reasserts and incorporates each of the General Objections and

10 Objections to Definitions and Instructions set forth above.

11    Responding Party objects to this request on the grounds that it is overly broad, unduly

12 burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

13 including to the extent that it seeks the discovery of documents regarding Responding Party's

14 sales outside of the United States and unrelated to United States commerce, as such sales are

15 beyond the scope of this litigation and thereby render the Document Requests overly broad,

16 unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

17 evidence.

18    Responding Party objects to this request on the grounds that it seeks production of

19 documents protected by the attorney-client privilege, work product doctrine, joint defense or

20 common interest privilege, or by any other applicable doctrine or privilege.

21    Responding Party objects to this request on the grounds it seeks information and/or

22 documents that would disclose confidential information protected by any and all rights of privacy

23 under the United States Constitution or any other applicable law, or that is otherwise prohibited

24 from disclosure because to do so would cause Responding Party to violate legal and/or

25 contractual obligations to any other persons or entities.

26    Responding Party objects to this request on the grounds that, to the extent it seeks

27 documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

28 ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

2  action, and not reasonably calculated to lead to the discovery of admissible evidence.

3       Responding Party objects on the grounds that the "Relevant Time Period" and the time

4  period "January 1, 1991 through the present" is overly broad and not relevant, rendering the

5  request not reasonably calculated to lead to the discovery of admissible evidence as the

6  Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period

7  is November 25, 2007.

8       Responding Party objects to the extent this request seeks documents that are no longer

9  active or readily accessible in electronic form which renders this request overly broad and unduly

10  burdensome.

11       Responding Party objects to the extent this request seeks documents or information that is

12  not within the possession, custody, or control of Responding Party.

13       Responding Party objects that the definition of the term "your" is vague, ambiguous, and

14  unintelligible, rendering the request overly broad and unduly burdensome, not relevant, and not

15  reasonably calculated to lead to the discovery of admissible evidence.

16       Responding Party objects that the terms "capacity," "decision-making or supervisory

17  responsibility," and "respective use" are vague, ambiguous and unintelligible, rendering the

18  request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead

19  to the discovery of admissible evidence.

20       Responding Party objects to the extent this Request is duplicative of Request No. 2 of the

21  Document Requests.

22       Responding Party objects on the grounds that, to the extent this request seeks documents

23  related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

24  information that is not relevant to the claim or defense of any party, not relevant to the subject

25  matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

26  evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

27  and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

28       Responding Party objects on the grounds that, to the extent Responding Party produces

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                    -49-                         MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1  documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

2  produced again.

3      Responding Party objects that to the extent documents responsive to this request have

4  previously been produced, they will not be produced again.

5      Subject to and without waiving the general and specific objections stated above,

6  Responding Party responds that it will make reasonable, not unduly burdensome efforts to

7  identify documents responsive to this request within the Limitations Period and, if any, will

8  produce non-privileged, responsive documents.

9  **REQUEST NO. 11:**

10     Documents sufficient to describe the processes for producing CRTs or CRT Products,

11  including but not limited to, any industry standards.

12  **RESPONSE TO REQUEST NO. 11:**

13     Responding Party reasserts and incorporates each of the General Objections and

14  Objections to Definitions and Instructions set forth above.

15     Responding Party objects to this request on the grounds that it is overly broad, unduly

16  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

17  including to the extent that it seeks the discovery of documents regarding Responding Party's

18  sales outside of the United States and unrelated to United States commerce, as such sales are

19  beyond the scope of this litigation and thereby render the Document Requests overly broad,

20  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

21  evidence.

22     Responding Party objects to this request on the grounds that it seeks production of

23  documents protected by the attorney-client privilege, work product doctrine, joint defense or

24  common interest privilege, or by any other applicable doctrine or privilege.

25     Responding Party objects to this request on the grounds it seeks information and/or

26  documents that would disclose confidential information protected by any and all rights of privacy

27  under the United States Constitution or any other applicable law, or that is otherwise prohibited

28  from disclosure because to do so would cause Responding Party to violate legal and/or

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period is November 25, 2007.

Responding Party objects to the extent this request seeks documents that are no longer active or readily accessible in electronic form which renders this request overly broad and unduly burdensome.

Responding Party objects to the extent this request seeks documents or information that is not within the possession, custody, or control of Responding Party.

Responding Party objects that the phrases "processes for producing" and "industry standards" are vague, ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to the extent this request seeks documents or information that require discovery of information and materials from third-parties or sources that are equally if not more accessible to Plaintiffs.

Responding Party objects to the extent this request seeks documents or information that will be the subject of expert discovery, as expert discovery has not commenced in this matter.

Responding Party objects on the grounds that, to the extent this request seeks documents related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1     -51-     MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1  evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

2  and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

3      Responding Party objects on the grounds that, to the extent Responding Party produces

4  documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

5  produced again.

6      Responding Party objects that to the extent documents responsive to this request have

7  previously been produced, they will not be produced again.

8      Subject to and without waiving the general and specific objections stated above,

9  Responding Party responds that it will make reasonable, not unduly burdensome efforts to

10  identify documents responsive to this request within the Limitations Period and, if any, will

11  produce non-privileged, responsive documents.

12  **REQUEST NO. 12:**

13      All documents relating to the cost of manufacturing, marketing, selling, and distributing

14  CRTs or CRT Products during the period January 1, 1991 through the present.

15  **RESPONSE TO REQUEST NO. 12:**

16      Responding Party reasserts and incorporates each of the General Objections and

17  Objections to Definitions and Instructions set forth above.

18      Responding Party objects to this request on the grounds that it is overly broad, unduly

19  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

20  including to the extent that it seeks the discovery of documents regarding Responding Party's

21  sales outside of the United States and unrelated to United States commerce, as such sales are

22  beyond the scope of this litigation and thereby render the Document Requests overly broad,

23  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

24  evidence.

25      Responding Party objects to this request on the grounds that it seeks production of

26  documents protected by the attorney-client privilege, work product doctrine, joint defense or

27  common interest privilege, or by any other applicable doctrine or privilege.

28      Responding Party objects to this request on the grounds it seeks information and/or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    documents that would disclose confidential information protected by any and all rights of privacy

2    under the United States Constitution or any other applicable law, or that is otherwise prohibited

3    from disclosure because to do so would cause Responding Party to violate legal and/or

4    contractual obligations to any other persons or entities.

5        Responding Party objects to this request on the grounds that, to the extent it seeks

6    documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

7    ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

8    relevant to the claim or defense of any party, not relevant to the subject matter involved in this

9    action, and not reasonably calculated to lead to the discovery of admissible evidence.

10       Responding Party objects on the grounds that the "Relevant Time Period" and the time

11   period "January 1, 1991 through the present" is overly broad and not relevant, rendering the

12   request not reasonably calculated to lead to the discovery of admissible evidence as the

13   Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period

14   is November 25, 2007.

15       Responding Party objects to the extent this request seeks documents that are no longer

16   active or readily accessible in electronic form which renders this request overly broad and unduly

17   burdensome.

18       Responding Party objects to the extent this request seeks documents or information that is

19   not within the possession, custody, or control of Responding Party.

20       Responding Party objects to the extent this request seeks documents or information that

21   require discovery of information and materials from third-parties or sources that are equally if not

22   more accessible to Plaintiffs.

23       Responding Party objects to the extent this request seeks documents or information that

24   will be the subject of expert discovery, as expert discovery has not commenced in this matter.

25       Responding Party objects on the grounds that, to the extent this request seeks documents

26   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

27   information that is not relevant to the claim or defense of any party, not relevant to the subject

28   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                         -53-                              MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

2   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

3        Responding Party objects on the grounds that, to the extent Responding Party produces

4   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

5   produced again.

6        Responding Party objects that to the extent documents responsive to this request have

7   previously been produced, they will not be produced again.

8        Subject to and without waiving the general and specific objections stated above,

9   Responding Party responds that it will make reasonable, not unduly burdensome efforts to

10  identify documents responsive to this request within the Limitations Period and, if any, will

11  produce non-privileged, responsive documents.

12  **REQUEST NO. 13:**

13       Documents sufficient to show your inventory levels of CRTs or CRT Products for each

14  month, quarter, calendar year or fiscal year from January 1, 1991 through the present.

15  **RESPONSE TO REQUEST NO. 13:**

16       Responding Party reasserts and incorporates each of the General Objections and

17  Objections to Definitions and Instructions set forth above.

18       Responding Party objects to this request on the grounds that it is overly broad, unduly

19  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

20  including to the extent that it seeks the discovery of documents regarding Responding Party's

21  sales outside of the United States and unrelated to United States commerce, as such sales are

22  beyond the scope of this litigation and thereby render the Document Requests overly broad,

23  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

24  evidence.

25       Responding Party objects to this request on the grounds that it seeks production of

26  documents protected by the attorney-client privilege, work product doctrine, joint defense or

27  common interest privilege, or by any other applicable doctrine or privilege.

28       Responding Party objects to this request on the grounds it seeks information and/or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1         -54-         MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    documents that would disclose confidential information protected by any and all rights of privacy

2    under the United States Constitution or any other applicable law, or that is otherwise prohibited

3    from disclosure because to do so would cause Responding Party to violate legal and/or

4    contractual obligations to any other persons or entities.

5        Responding Party objects to this request on the grounds that, to the extent it seeks

6    documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

7    ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

8    relevant to the claim or defense of any party, not relevant to the subject matter involved in this

9    action, and not reasonably calculated to lead to the discovery of admissible evidence.

10        Responding Party objects on the grounds that the "Relevant Time Period" and the time

11    period "January 1, 1991 through the present" is overly broad and not relevant, rendering the

12    request not reasonably calculated to lead to the discovery of admissible evidence as the

13    Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period

14    is November 25, 2007.

15        Responding Party objects to the extent this request seeks documents that are no longer

16    active or readily accessible in electronic form which renders this request overly broad and unduly

17    burdensome.

18        Responding Party objects that the definition of the term "your" is vague, ambiguous, and

19    unintelligible, rendering the request overly broad and unduly burdensome, not relevant, and not

20    reasonably calculated to lead to the discovery of admissible evidence.

21        Responding Party objects that the term "inventory levels" is vague, ambiguous, and

22    unintelligible, rendering the request overly broad and unduly burdensome, not relevant, and not

23    reasonably calculated to lead to the discovery of admissible evidence.

24        Responding Party objects on the grounds that, to the extent this request seeks documents

25    related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

26    information that is not relevant to the claim or defense of any party, not relevant to the subject

27    matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

28    evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                    -55-                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

2         Responding Party objects on the grounds that, to the extent Responding Party produces

3    documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

4    produced again.

5         Responding Party objects that to the extent documents responsive to this request have

6    previously been produced, they will not be produced again.

7         Subject to and without waiving the general and specific objections stated above,

8    Responding Party responds that it will make reasonable, not unduly burdensome efforts to

9    identify documents responsive to this request within the Limitations Period and, if any, will

10   produce non-privileged, responsive documents.

11   **REQUEST NO. 14:**

12        All documents relating to sales, swaps, trades, product licensing or marketing agreements,

13   purchases or transfers of CRTs or CRT Products between you and any of your affiliates, or

14   between you and any other manufacturer of CRTs or CRT Products, and the price or any other

15   consideration involved in every such sale, swap, trade, agreement, purchase or transfer.

16   **RESPONSE TO REQUEST NO. 14:**

17        Responding Party reasserts and incorporates each of the General Objections and

18   Objections to Definitions and Instructions set forth above.

19        Responding Party objects to this request on the grounds that it is overly broad, unduly

20   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

21   including to the extent that it seeks the discovery of documents regarding Responding Party's

22   sales outside of the United States and unrelated to United States commerce, as such sales are

23   beyond the scope of this litigation and thereby render the Document Requests overly broad,

24   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

25   evidence.

26        Responding Party objects to this request on the grounds that it seeks production of

27   documents protected by the attorney-client privilege, work product doctrine, joint defense or

28   common interest privilege, or by any other applicable doctrine or privilege.

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1       Responding Party objects to this request on the grounds it seeks information and/or

2  documents that would disclose confidential information, third-party confidential information

3  and/or proprietary business information protected by any and all rights of privacy under the

4  United States Constitution or any other applicable law, or that is otherwise prohibited from

5  disclosure because to do so would cause Responding Party to violate legal and/or contractual

6  obligations to any other persons or entities.

7       Responding Party objects to this request on the grounds that, to the extent it seeks

8  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

9  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

10  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

11  action, and not reasonably calculated to lead to the discovery of admissible evidence.

12       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

13  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

14  admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

15  of the alleged class period is November 25, 2007.

16       Responding Party objects to the extent this request seeks documents that are no longer

17  active or readily accessible in electronic form which renders this request overly broad and unduly

18  burdensome.

19       Responding Party objects that the definition of the terms "you" and "your" are vague,

20  ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome, not

21  relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

22       Responding Party objects that the terms "affiliates," "swaps," "trades," "product licensing

23  or marketing agreements," and "transfers" are vague, ambiguous, and unintelligible, rendering the

24  request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead

25  to the discovery of admissible evidence.

26       Responding Party objects to this request on the grounds that, to the extent it seeks

27  documents related to "purchases," it seeks documents and information not related to the

28  allegations in the Complaint, the request is overly broad and unduly burdensome, and purports to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   call for information that is not relevant to the claim or defense of any party, not relevant to the

2   subject matter involved in this action, and not reasonably calculated to lead to the discovery of

3   admissible evidence.

4           Responding Party objects on the grounds that, to the extent this request seeks documents

5   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

6   information that is not relevant to the claim or defense of any party, not relevant to the subject

7   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

8   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

9   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

10          Responding Party objects on the grounds that, to the extent Responding Party produces

11  documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

12  produced again.

13          Responding Party objects that to the extent documents responsive to this request have

14  previously been produced, they will not be produced again.

15          Subject to and without waiving the general and specific objections stated above,

16  Responding Party responds that it will make reasonable, not unduly burdensome efforts to

17  identify documents responsive to this request within the Limitations Period and, if any, will

18  produce non-privileged, responsive documents.

19  **REQUEST NO. 15:**

20          All documents and electronic data relating to the relationship between prices for CRTs or

21  CRT Products and costs of producing, marketing, selling, or distributing CRTs or CRT Products

22  during the period January 1, 1991 through the present.

23  **RESPONSE TO REQUEST NO. 15:**

24          Responding Party reasserts and incorporates each of the General Objections and

25  Objections to Definitions and Instructions set forth above.

26          Responding Party objects to this request on the grounds that it is overly broad, unduly

27  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

28  including to the extent that it seeks the discovery of documents regarding Responding Party's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                    -58-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   sales outside of the United States and unrelated to United States commerce, as such sales are

2   beyond the scope of this litigation and thereby render the Document Requests overly broad,

3   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

4   evidence.

5       Responding Party objects to this request on the grounds that it seeks production of

6   documents protected by the attorney-client privilege, work product doctrine, joint defense or

7   common interest privilege, or by any other applicable doctrine or privilege.

8       Responding Party objects to this request on the grounds it seeks information and/or

9   documents that would disclose confidential information protected by any and all rights of privacy

10  under the United States Constitution or any other applicable law, or that is otherwise prohibited

11  from disclosure because to do so would cause Responding Party to violate legal and/or

12  contractual obligations to any other persons or entities.

13      Responding Party objects to this request on the grounds that, to the extent it seeks

14  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

15  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

16  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

17  action, and not reasonably calculated to lead to the discovery of admissible evidence.

18      Responding Party objects on the grounds that the "Relevant Time Period" and the time

19  period "January 1, 1991 through the present" is overly broad and not relevant, rendering the

20  request not reasonably calculated to lead to the discovery of admissible evidence as the

21  Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period

22  is November 25, 2007.

23      Responding Party objects to the extent this request seeks documents that are no longer

24  active or readily accessible in electronic form which renders this request overly broad and unduly

25  burdensome.

26      Responding Party objects to the extent this request seeks documents or information that is

27  not within the possession, custody, or control of Responding Party.

28      Responding Party objects that the phrase "relationship between prices" is vague,

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   ambiguous, and unintelligible, rendering this request overly broad and unduly burdensome, not

2   relevant and not reasonably calculated to lead to the discovery of admissible evidence.

3       Responding Party objects to the extent this request seeks documents or information that

4   require discovery of information and materials from third-parties or sources that are equally if not

5   more accessible to Plaintiffs.

6       Responding Party objects to the extent this request seeks document relating to "costs of

7   producing, marketing, selling, or distributing CRT or CRT Products," it is duplicative of Request

8   No. 12 of the Document Requests.

9       Responding Party objects to the extent this request seeks documents concerning the

10  "prices of CRTs" and "costs of producing" CRTs, this request is duplicative of Requests Nos. 8

11  and 12 of the Document Requests.

12      Responding Party objects to the extent this request seeks documents or information that

13  will be the subject of expert discovery, as expert discovery has not commenced in this matter.

14      Responding Party objects on the grounds that, to the extent this request seeks documents

15  related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

16  information that is not relevant to the claim or defense of any party, not relevant to the subject

17  matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

18  evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

19  and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

20      Responding Party objects on the grounds that, to the extent Responding Party produces

21  documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

22  produced again.

23      Responding Party objects that to the extent documents responsive to this request have

24  previously been produced, they will not be produced again.

25      Subject to and without waiving the general and specific objections stated above,

26  Responding Party responds that it will make reasonable, not unduly burdensome efforts to

27  identify documents responsive to this request within the Limitations Period and, if any, will

28  produce non-privileged, responsive documents.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

**REQUEST NO. 16:**

All of your internal and public annual, quarterly and monthly financial statements, summaries or analyses, including profit and loss statements and comparisons to budget that relate to CRTs or CRT Products.

**RESPONSE TO REQUEST NO. 16:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information, protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                          -61-                          MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

2   admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

3   of the alleged class period is November 25, 2007.

4       Responding Party objects to the extent this request seeks documents or information that is

5   not within the possession, custody, or control of Responding Party.

6       Responding Party objects on the grounds that, to the extent this request seeks documents

7   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

8   information that is not relevant to the claim or defense of any party, not relevant to the subject

9   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

10  evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

11  and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

12      Responding Party objects on the grounds that, to the extent Responding Party produces

13  documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

14  produced again.

15      Responding Party objects that to the extent documents responsive to this request have

16  previously been produced, they will not be produced again.

17      Subject to and without waiving the general and specific objections stated above,

18  Responding Party responds that it will make reasonable, not unduly burdensome efforts to

19  identify documents responsive to this request within the Limitations Period and, if any, will

20  produce non-privileged, responsive documents.

21  **REQUEST NO. 17:**

22      All business plans, planning analyses, budgets, forecasts, or sales or profit projections

23  relating to CRTs or CRT Products.

24  **RESPONSE TO REQUEST NO. 17:**

25      Responding Party reasserts and incorporates each of the General Objections and

26  Objections to Definitions and Instructions set forth above.

27      Responding Party objects to this request on the grounds that it is overly broad, unduly

28  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                -62-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   including to the extent that it seeks the discovery of documents regarding Responding Party's

2   sales outside of the United States and unrelated to United States commerce, as such sales are

3   beyond the scope of this litigation and thereby render the Document Requests overly broad,

4   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

5   evidence.

6          Responding Party objects to this request on the grounds that it seeks production of

7   documents protected by the attorney-client privilege, work product doctrine, joint defense or

8   common interest privilege, or by any other applicable doctrine or privilege.

9          Responding Party objects to this request on the grounds it seeks information and/or

10  documents that would disclose confidential information, protected by any and all rights of privacy

11  under the United States Constitution or any other applicable law, or that is otherwise prohibited

12  from disclosure because to do so would cause Responding Party to violate legal and/or

13  contractual obligations to any other persons or entities.

14         Responding Party objects to this request on the grounds that, to the extent it seeks

15  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

16  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

17  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

18  action, and not reasonably calculated to lead to the discovery of admissible evidence.

19         Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

20  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

21  admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

22  of the alleged class period is November 25, 2007.

23         Responding Party objects to the extent this request seeks documents that are no longer

24  active or readily accessible in electronic form which renders this request overly broad and unduly

25  burdensome.

26         Responding Party objects to the extent this request seeks documents or information that is

27  not within the possession, custody, or control of Responding Party.

28         Responding Party objects that the phrase "business plans, planning analyses, budgets,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                              -63-                              MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

forecasts, or sales or profit projections" is vague, ambiguous, and unintelligible, rendering this request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to the extent this request seeks documents or information that require discovery of information and materials from third-parties or sources that are equally if not more accessible to Plaintiffs.

Responding Party objects to the extent this request seeks documents or information that will be the subject of expert discovery, as expert discovery has not commenced in this matter.

Responding Party objects on the grounds that, to the extent this request seeks documents related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence. The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals and entities that indirectly purchased Cathode Ray Tube Products." (Complaint, ¶ 1).

Responding Party objects on the grounds that, to the extent Responding Party produces documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be produced again.

Responding Party objects that to the extent documents responsive to this request have previously been produced, they will not be produced again.

Subject to and without waiving the general and specific objections stated above, Responding Party responds that it will make reasonable, not unduly burdensome efforts to identify documents responsive to this request within the Limitations Period and, if any, will produce non-privileged, responsive documents.

**REQUEST NO. 18:**

Documents sufficient to show the identity of all other producers or sellers of CRTs or CRT Products during any portion of the relevant period.

**RESPONSE TO REQUEST NO. 18:**

Responding Party reasserts and incorporates each of the General Objections and

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    Objections to Definitions and Instructions set forth above.

2        Responding Party objects to this request on the grounds that it is overly broad, unduly

3    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

4    including to the extent that it seeks the discovery of documents regarding Responding Party's

5    sales outside of the United States and unrelated to United States commerce, as such sales are

6    beyond the scope of this litigation and thereby render the Document Requests overly broad,

7    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

8    evidence.

9        Responding Party objects to this request on the grounds that it seeks production of

10   documents protected by the attorney-client privilege, work product doctrine, joint defense or

11   common interest privilege, or by any other applicable doctrine or privilege.

12       Responding Party also objects on the grounds it seeks information and/or documents that

13   would disclose confidential information protected by any and all rights of privacy under the

14   United States Constitution or any other applicable law, or that is otherwise prohibited from

15   disclosure because to do so would cause Responding Party to violate legal and/or contractual

16   obligations to any other persons or entities.

17       Responding Party objects on the grounds that, to the extent it requests documents

18   regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous,

19   overly broad and unduly burdensome, and purports to call for information that is not relevant to

20   the claim or defense of any party, not relevant to the subject matter involved in this action, and

21   not reasonably calculated to lead to the discovery of admissible evidence.

22       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

23   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

24   admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

25   of the alleged class period is November 25, 2007.

26       Responding Party objects to the extent this request seeks documents that are no longer

27   active or readily accessible in electronic form which renders this request overly broad and unduly

28   burdensome.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                    -65-                                    MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to the extent this request seeks documents or information that is

2    not within the possession, custody, or control of Responding Party.

3    Responding Party objects that by seeking documents and information regarding "all other

4    producers or sellers of CRT or CRT Products," the request is overly broad and unduly

5    burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible

6    evidence.

7    Responding Party objects to the extent this request seeks documents or information that

8    require discovery of information and materials from third-parties or sources that are equally if not

9    more accessible to Plaintiffs.

10    Responding Party objects to the extent this request seeks documents or information that

11    will be the subject of expert discovery, as expert discovery has not commenced in this matter.

12    Responding Party objects on the grounds that, to the extent this request seeks documents

13    related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

14    information that is not relevant to the claim or defense of any party, not relevant to the subject

15    matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

16    evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

17    and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

18    Responding Party objects on the grounds that, to the extent Responding Party produces

19    documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

20    produced again.

21    Responding Party objects that to the extent documents responsive to this request have

22    previously been produced, they will not be produced again.

23    Subject to and without waiving the general and specific objections stated above,

24    Responding Party responds that it will make reasonable, not unduly burdensome efforts to

25    identify documents responsive to this request within the Limitations Period and, if any, will

26    produce non-privileged, responsive documents.

27    **REQUEST NO. 19**:

28    All documents relating to your percentage or share of industry production, capacity, sales

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    or shipments of CRTs or CRT Products, or the percentage or share of industry production,

2    capacity, sales or shipments of any other producer or seller of CRTs or CRT Products at any time

3    during the period January 1, 1991 through the present.

4    **RESPONSE TO REQUEST NO. 19:**

5         Responding Party reasserts and incorporates each of the General Objections and

6    Objections to Definitions and Instructions set forth above.

7         Responding Party objects to this request on the grounds that it is overly broad, unduly

8    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

9    including to the extent that it seeks the discovery of documents regarding Responding Party's

10   sales outside of the United States and unrelated to United States commerce, as such sales are

11   beyond the scope of this litigation and thereby render the Document Requests overly broad,

12   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

13   evidence.

14        Responding Party objects to this request on the grounds that it seeks production of

15   documents protected by the attorney-client privilege, work product doctrine, joint defense or

16   common interest privilege, or by any other applicable doctrine or privilege.

17        Responding Party also objects on the grounds it seeks information and/or documents that

18   would disclose confidential information, protected by any and all rights of privacy under the

19   United States Constitution or any other applicable law, or that is otherwise prohibited from

20   disclosure because to do so would cause Responding Party to violate legal and/or contractual

21   obligations to any other persons or entities.

22        Responding Party objects to this request on the grounds that, to the extent it requests

23   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

24   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

25   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

26   action, and not reasonably calculated to lead to the discovery of admissible evidence.

27        Responding Party objects on the grounds that the "Relevant Time Period" and the time

28   period "January 1, 1991 through the present" is overly broad and not relevant, rendering the

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21723134.1                                    -67-                                    MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    request not reasonably calculated to lead to the discovery of admissible evidence as the

2    Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period

3    is November 25, 2007.

4          Responding Party objects to the extent this request seeks documents that are no longer

5    active or readily accessible in electronic form which renders this request overly broad and unduly

6    burdensome.

7          Responding Party objects to the extent this request seeks documents or information that is

8    not within the possession, custody, or control of Responding Party.

9          Responding Party objects that the phrase "percentage or share of industry production,

10   capacity, sales or shipments" is vague, ambiguous, and unintelligible, rendering this request

11   overly broad and unduly burdensome, not relevant and not reasonably calculated to lead to the

12   discovery of admissible evidence.

13         Responding Party objects to the extent this request seeks documents or information that

14   require discovery of information and materials from third-parties or sources that are equally if not

15   more accessible to Plaintiffs.

16         Responding Party objects to the extent this request seeks documents or information that

17   will be the subject of expert discovery, as expert discovery has not commenced in this matter.

18         Responding Party objects on the grounds that, to the extent this request seeks documents

19   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

20   information that is not relevant to the claim or defense of any party, not relevant to the subject

21   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

22   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

23   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

24         Responding Party objects on the grounds that, to the extent Responding Party produces

25   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

26   produced again.

27         Responding Party objects that to the extent documents responsive to this request have

28   previously been produced, they will not be produced again.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                              -68-                              MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    Subject to and without waiving the general and specific objections stated above,

2  Responding Party responds that it will make reasonable, not unduly burdensome efforts to

3  identify documents responsive to this request within the Limitations Period and, if any, will

4  produce non-privileged, responsive documents.

5  **REQUEST NO. 20:**

6    All documents showing the dollar volume or quantity of sales or shipments of CRTs or

7  CRT Products (by type or category, if available), by you or by other producers or sellers of CRTs

8  or CRT Products by month, quarter, calendar year or fiscal year during the period January 1, 1991

9  through the present.

10  **RESPONSE TO REQUEST NO. 20:**

11    Responding Party reasserts and incorporates each of the General Objections and

12  Objections to Definitions and Instructions set forth above.

13    Responding Party objects to this request on the grounds that it is overly broad, unduly

14  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

15  including to the extent that it seeks the discovery of documents regarding Responding Party's

16  sales outside of the United States and unrelated to United States commerce, as such sales are

17  beyond the scope of this litigation and thereby render the Document Requests overly broad,

18  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

19  evidence.

20    Responding Party objects to this request on the grounds that it seeks production of

21  documents protected by the attorney-client privilege, work product doctrine, joint defense or

22  common interest privilege, or by any other applicable doctrine or privilege.

23    Responding Party objects to this request on the grounds it seeks information and/or

24  documents that would disclose confidential information, protected by any and all rights of privacy

25  under the United States Constitution or any other applicable law, or that is otherwise prohibited

26  from disclosure because to do so would cause Responding Party to violate legal and/or

27  contractual obligations to any other persons or entities.

28    Responding Party objects to this request on the grounds that, to the extent it seeks

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

2   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

3   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

4   action, and not reasonably calculated to lead to the discovery of admissible evidence.

5       Responding Party objects on the grounds that the "Relevant Time Period" and the time

6   period "January 1, 1991 through the present" is overly broad and not relevant, rendering the

7   request not reasonably calculated to lead to the discovery of admissible evidence as the

8   Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period

9   is November 25, 2007.

10      Responding Party objects to the extent this request seeks documents that are no longer

11  active or readily accessible in electronic form which renders this request overly broad and unduly

12  burdensome.

13      Responding Party objects to the extent this request seeks documents or information that is

14  not within the possession, custody, or control of Responding Party.

15      Responding Party objects that the phrase "dollar volume" is vague, ambiguous, and

16  unintelligible, rendering the request overly broad and unduly burdensome, not relevant and not

17  reasonably calculated to lead to the discovery of admissible evidence.

18      Responding Party objects to the extent it seeks documents relating to the "quantity of sales

19  or shipments of CRT or CRT Products," this request is duplicative of Request No. 5 of the

20  Document Requests.

21      Responding Party objects to the extent this request seeks documents or information that

22  require discovery of information and materials from third-parties or sources that are equally if not

23  more accessible to Plaintiffs.

24      Responding Party objects to the extent this request seeks documents or information that

25  will be the subject of expert discovery, as expert discovery has not commenced in this matter.

26      Responding Party objects on the grounds that, to the extent this request seeks documents

27  related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

28  information that is not relevant to the claim or defense of any party, not relevant to the subject

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                    -70-                                    MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

2   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

3   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

4        Responding Party objects on the grounds that, to the extent Responding Party produces

5   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

6   produced again.

7        Responding Party objects that to the extent documents responsive to this request have

8   previously been produced, they will not be produced again.

9        Subject to and without waiving the general and specific objections stated above,

10  Responding Party responds that it will make reasonable, not unduly burdensome efforts to

11  identify documents responsive to this request within the Limitations Period and, if any, will

12  produce non-privileged, responsive documents.

13  **REQUEST NO. 21:**

14       All documents that compare or contrast each type, class or category of CRTs or CRT

15  Products produced or sold by you with that of another producer or seller of CRTs or CRT

16  Products and all documents that relate to any industry standards regarding types, classes or

17  categories of CRTs or CRT Products.

18  **RESPONSE TO REQUEST NO. 21:**

19       Responding Party reasserts and incorporates each of the General Objections and

20  Objections to Definitions and Instructions set forth above.

21       Responding Party objects to this request on the grounds that it is overly broad, unduly

22  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

23  including to the extent that it seeks the discovery of documents regarding Responding Party's

24  sales outside of the United States and unrelated to United States commerce, as such sales are

25  beyond the scope of this litigation and thereby render the Document Requests overly broad,

26  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

27  evidence.

28       Responding Party objects to this request on the grounds that it seeks production of

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period is November 25, 2007.

Responding Party objects to the extent this request seeks documents that are no longer active or readily accessible in electronic form which renders this request overly broad and unduly burdensome.

Responding Party objects to the extent this request seeks documents or information that is not within the possession, custody, or control of Responding Party.

Responding Party objects that the phrases "compare or contrast," "another producer," and "industry standards" are vague, ambiguous, and unintelligible, rendering this request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to the extent this request seeks documents or information that require discovery of information and materials from third-parties or sources that are equally if not more accessible to Plaintiffs.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                    -72-                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to the extent this request seeks documents or information that

2    will be the subject of expert discovery, as expert discovery has not commenced in this matter.

3    Responding Party objects on the grounds that, to the extent this request seeks documents

4    related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

5    information that is not relevant to the claim or defense of any party, not relevant to the subject

6    matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

7    evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

8    and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

9    Responding Party objects on the grounds that, to the extent Responding Party produces

10   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

11   produced again.

12   Responding Party objects that to the extent documents responsive to this request have

13   previously been produced, they will not be produced again.

14   Subject to and without waiving the general and specific objections stated above,

15   Responding Party responds that it will make reasonable, not unduly burdensome efforts to

16   identify documents responsive to this request within the Limitations Period and, if any, will

17   produce non-privileged, responsive documents.

18   **REQUEST NO. 22:**

19   Documents sufficient to show the regions or territories in which each type, class or

20   category of CRTs or CRT Products are sold in the United States.

21   **RESPONSE TO REQUEST NO. 22:**

22   Responding Party reasserts and incorporates each of the General Objections and

23   Objections to Definitions and Instructions set forth above.

24   Responding Party objects to this request on the grounds that it is overly broad, unduly

25   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

26   including to the extent that it seeks the discovery of documents regarding Responding Party's

27   sales outside of the United States and unrelated to United States commerce, as such sales are

28   beyond the scope of this litigation and thereby render the Document Requests overly broad,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                    -73-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

2   evidence.

3       Responding Party objects to this request on the grounds that it seeks production of

4   documents protected by the attorney-client privilege, work product doctrine, joint defense or

5   common interest privilege, or by any other applicable doctrine or privilege.

6       Responding Party objects to this request on the grounds it seeks information and/or

7   documents that would disclose confidential information protected by any and all rights of privacy

8   under the United States Constitution or any other applicable law, or that is otherwise prohibited

9   from disclosure because to do so would cause Responding Party to violate legal and/or

10  contractual obligations to any other persons or entities.

11      Responding Party objects to this request on the grounds that, to the extent it seeks

12  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

13  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

14  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

15  action, and not reasonably calculated to lead to the discovery of admissible evidence.

16      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

17  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

18  admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

19  of the alleged class period is November 25, 2007.

20      Responding Party objects to the extent this request seeks documents that are no longer

21  active or readily accessible in electronic form which renders this request overly broad and unduly

22  burdensome.

23      Responding Party objects to the extent this request seeks documents or information that is

24  not within the possession, custody, or control of Responding Party.

25      Responding Party objects to the extent this request seeks documents or information that

26  require discovery of information and materials from third-parties or sources that are equally if not

27  more accessible to Plaintiffs.

28      Responding Party objects to the extent this request seeks documents or information that

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                          -74-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    will be the subject of expert discovery, as expert discovery has not commenced in this matter.

2        Responding Party objects on the grounds that, to the extent this request seeks documents

3    related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

4    information that is not relevant to the claim or defense of any party, not relevant to the subject

5    matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

6    evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

7    and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

8        Responding Party objects on the grounds that, to the extent Responding Party produces

9    documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

10   produced again.

11       Responding Party objects that to the extent documents responsive to this request have

12   previously been produced, they will not be produced again.

13       Subject to and without waiving the general and specific objections stated above,

14   Responding Party responds that it will make reasonable, not unduly burdensome efforts to

15   identify documents responsive to this request within the Limitations Period and, if any, will

16   produce non-privileged, responsive documents.

17   **REQUEST NO. 23:**

18       All documents relating to conditions of supply and demand for CRTs or CRT Products,

19   including, but not limited to, any market studies or industry reports during the period January 1,

20   1991 through the present.

21   **RESPONSE TO REQUEST NO. 23:**

22       Responding Party reasserts and incorporates each of the General Objections and

23   Objections to Definitions and Instructions set forth above.

24       Responding Party objects to this request on the grounds that it is overly broad, unduly

25   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

26   including to the extent that it seeks the discovery of documents regarding Responding Party's

27   sales outside of the United States and unrelated to United States commerce, as such sales are

28   beyond the scope of this litigation and thereby render the Document Requests overly broad,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                          -75-                          MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it requests documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" and the time period "January 1, 1991 through the present" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period is November 25, 2007.

Responding Party objects to the extent this request seeks documents that are no longer active or readily accessible in electronic form which renders this request overly broad and unduly burdensome.

Responding Party objects to the extent this request seeks documents or information that is not within the possession, custody, or control of Responding Party.

Responding Party objects that the phrases "relating to conditions of supply and demand" and "market studies or industry reports" are vague, ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    to the discovery of admissible evidence.

2         Responding Party objects to the extent this request seeks documents or information that

3    require discovery of information and materials from third-parties or sources that are equally if not

4    more accessible to Plaintiffs.

5         Responding Party objects to the extent this request seeks documents or information that

6    will be the subject of expert discovery, as expert discovery has not commenced in this matter.

7         Responding Party objects on the grounds that, to the extent this request seeks documents

8    related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

9    information that is not relevant to the claim or defense of any party, not relevant to the subject

10   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

11   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

12   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

13        Responding Party objects on the grounds that, to the extent Responding Party produces

14   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

15   produced again.

16        Responding Party objects that to the extent documents responsive to this request have

17   previously been produced, they will not be produced again.

18        Subject to and without waiving the general and specific objections stated above,

19   Responding Party responds that it will make reasonable, not unduly burdensome efforts to

20   identify documents responsive to this request within the Limitations Period and, if any, will

21   produce non-privileged, responsive documents.

22   **REQUEST NO. 24:**

23        All documents relating to any contemplated, proposed, planned, pending or executed

24   purchases, sales, acquisitions, mergers, joint ventures, divestitures, transfers, spin-offs or any

25   other change in ownership of any assets, liabilities, subsidiaries, departments, units or other

26   subdivisions of your company relating to the production, distribution, marketing, pricing, sale of

27   resale of CRTs or CRT Products during the relevant time period.

28

**DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS**

**RESPONSE TO REQUEST NO. 24:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period is November 25, 2007.

Responding Party objects to the extent this request seeks documents that are no longer

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS**

active or readily accessible in electronic form which renders this request overly broad and unduly burdensome.

Responding Party objects to the extent this request seeks documents or information that is not within the possession, custody, or control of Responding Party.

Responding Party objects that the definition of the term "your" renders the request vague, ambiguous, and unintelligible, overly broad and unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects that the terms "contemplated," "proposed," "planned," "pending," and "executed" are vague, ambiguous, and unintelligible, rendering this request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to the extent this request seeks documents or information that require discovery of information and materials from third-parties or sources that are equally if not more accessible to Plaintiffs.

Responding Party objects to the extent this request seeks documents and information that would require disclosure of Responding Party's or a third-party's respective trade secrets or other confidential information protected by the Uniform Trade Secrets Act, *et. seq*., any and all rights of privacy under the United States Constitution, or Article One of the California State Constitution or other state constitutions, or any other applicable law, or which is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal or contractual obligations to any other persons or entities.

Responding Party objects that this request is overly broad and unduly burdensome, and the burden it places on Responding Party far outweighs any likely benefit to Plaintiffs under Rule 26(b)(2)(C)(iii) of the Federal Rules of Civil Procedure.

Responding Party objects on the grounds that, to the extent this request seeks documents related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                        -79-                                        MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

2   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

3       Responding Party objects on the grounds that, to the extent Responding Party produces

4   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

5   produced again.

6       Responding Party objects that to the extent documents responsive to this request have

7   previously been produced, they will not be produced again.

8       Subject to and without waiving the general and specific objections stated above,

9   Responding Party responds that it will make reasonable, not unduly burdensome efforts to

10  identify documents responsive to this request within the Limitations Period and, if any, will

11  produce non-privileged, responsive documents.

12  **REQUEST NO. 25:**

13      All documents relating to any communications between you and any parent, subsidiary,

14  affiliated company, joint venturer, or partner regarding the production, pricing, marketing, sale or

15  distribution of CRTs or CRT Products.

16  **RESPONSE TO REQUEST NO. 25:**

17      Responding Party reasserts and incorporates each of the General Objections and

18  Objections to Definitions and Instructions set forth above.

19      Responding Party objects to this request on the grounds that it is overly broad, unduly

20  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

21  including to the extent that it seeks the discovery of documents regarding Responding Party's

22  sales outside of the United States and unrelated to United States commerce, as such sales are

23  beyond the scope of this litigation and thereby render the Document Requests overly broad,

24  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

25  evidence.

26      Responding Party objects to this request on the grounds that it seeks production of

27  documents protected by the attorney-client privilege, work product doctrine, joint defense or

28  common interest privilege, or by any other applicable doctrine or privilege.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21723134.1                                        -80-                                        MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   Responding Party objects to this request on the grounds it seeks information and/or

2   documents that would disclose confidential information protected by any and all rights of privacy

3   under the United States Constitution or any other applicable law, or that is otherwise prohibited

4   from disclosure because to do so would cause Responding Party to violate legal and/or

5   contractual obligations to any other persons or entities.

6   Responding Party objects to this request on the grounds that, to the extent it seeks

7   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

8   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

9   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

10   action, and not reasonably calculated to lead to the discovery of admissible evidence.

11   Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

12   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

13   admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

14   of the alleged class period is November 25, 2007.

15   Responding Party objects to the extent this request seeks documents that are no longer

16   active or readily accessible in electronic form which renders this request overly broad and unduly

17   burdensome.

18   Responding Party objects to the extent this request seeks documents or information that is

19   not within the possession, custody, or control of Responding Party.

20   Responding Party objects that the phrases "affiliated company" and "joint venturer" are

21   vague, ambiguous, and unintelligible, rendering this request overly broad and unduly

22   burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible

23   evidence.

24   Responding Party objects to the extent this request seeks documents or information that

25   require discovery of information and materials from third-parties or sources that are equally if not

26   more accessible to Plaintiffs.

27   Responding Party objects that this request is overly broad and unduly burdensome, and

28   the burden it places on Responding Party far outweighs any likely benefit to Plaintiffs under Rule

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   26(b)(2)(C)(iii) of the Federal Rules of Civil Procedure.

2       Responding Party objects on the grounds that, to the extent this request seeks documents

3   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

4   information that is not relevant to the claim or defense of any party, not relevant to the subject

5   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

6   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

7   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

8       Responding Party objects on the grounds that, to the extent Responding Party produces

9   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

10  produced again.

11      Responding Party objects that to the extent documents responsive to this request have

12  previously been produced, they will not be produced again.

13      Subject to and without waiving the general and specific objections stated above,

14  Responding Party responds that it will make reasonable, not unduly burdensome efforts to

15  identify documents responsive to this request within the Limitations Period and, if any, will

16  produce non-privileged, responsive documents.

17  **REQUEST NO. 26:**

18      All documents relating to communications regarding CRTs or CRT Products between or

19  among manufacturers of CRTs or CRT Products, including Defendants.

20  **RESPONSE TO REQUEST NO. 26:**

21      Responding Party reasserts and incorporates each of the General Objections and

22  Objections to Definitions and Instructions set forth above.

23      Responding Party objects to this request on the grounds that it is overly broad, unduly

24  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

25  including to the extent that it seeks the discovery of documents regarding Responding Party's

26  sales outside of the United States and unrelated to United States commerce, as such sales are

27  beyond the scope of this litigation and thereby render the Document Requests overly broad,

28  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                    -82-                         MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period is November 25, 2007.

Responding Party objects to the extent this request seeks documents that are no longer active or readily accessible in electronic form which renders this request overly broad and unduly burdensome.

Responding Party objects to the extent this request seeks documents or information that is not within the possession, custody, or control of Responding Party.

Responding Party objects to the extent this request seeks documents or information that require discovery of information and materials from third-parties or sources that are equally if not more accessible to Plaintiffs.

Responding Party objects that the phrase "relating to" is vague, ambiguous and unintelligible, and renders the request unlimited in scope, overly broad and unduly burdensome,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                    -83-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

2       Responding Party objects on the grounds that, to the extent this request seeks documents

3   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

4   information that is not relevant to the claim or defense of any party, not relevant to the subject

5   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

6   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

7   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

8       Responding Party objects on the grounds that, to the extent Responding Party produces

9   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

10  produced again.

11      Responding Party objects that to the extent documents responsive to this request have

12  previously been produced, they will not be produced again.

13      Subject to and without waiving the general and specific objections stated above,

14  Responding Party responds that it will make reasonable, not unduly burdensome efforts to

15  identify documents responsive to this request within the Limitations Period and, if any, will

16  produce non-privileged, responsive documents.

17  **REQUEST NO. 27:**

18      All documents relating to any meeting attended by you or any other Defendant or any

19  manufacturer of CRTs or CRT Products during which there was any communication regarding

20  the production, marketing, pricing, distribution, inventory levels or sale of CRTs or CRT

21  Products, including, but not limited to the notes of any such meeting.

22  **RESPONSE TO REQUEST NO. 27:**

23      Responding Party reasserts and incorporates each of the General Objections and

24  Objections to Definitions and Instructions set forth above.

25      Responding Party objects to this request on the grounds that it is overly broad, unduly

26  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

27  including to the extent that it seeks the discovery of documents regarding Responding Party's

28  sales outside of the United States and unrelated to United States commerce, as such sales are

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period is November 25, 2007.

Responding Party objects to the extent this request seeks documents that are no longer active or readily accessible in electronic form which renders this request overly broad and unduly burdensome.

Responding Party objects to the extent this request seeks documents or information that is not within the possession, custody, or control of Responding Party.

Responding Party objects to the extent this request seeks documents or information that require discovery of information and materials from third-parties or sources that are equally if not more accessible to Plaintiffs.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                    -85-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    Responding Party objects on the grounds that, to the extent this request seeks documents

2    related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

3    information that is not relevant to the claim or defense of any party, not relevant to the subject

4    matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

5    evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

6    and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

7    Responding Party objects on the grounds that, to the extent Responding Party produces

8    documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

9    produced again.

10    Responding Party objects that to the extent documents responsive to this request have

11    previously been produced, they will not be produced again.

12    Subject to and without waiving the general and specific objections stated above,

13    Responding Party responds that it will make reasonable, not unduly burdensome efforts to

14    identify documents responsive to this request within the Limitations Period and, if any, will

15    produce non-privileged, responsive documents.

16    **REQUEST NO. 28:**

17    For each of your employees who has or had any non-clerical responsibility for

18    recommending, reviewing, setting or approving prices, price increase announcements, bids or

19    quotes for the sale of CRTs or CRT Products, or any other involvement in the production,

20    marketing, sale or distribution of CRTs or CRT Products:

21    a.    all copies of electronic and manual diaries, calendars, appointment books, "to do"

22    lists, day timers or appointment notes;

23    b.    all copies of trip and travel logs, records or other supporting documents;

24    c.    all copies of expense reports or other supporting documents;

25    d.    all copies of telephone number logs, directories, notebooks, Rolodex cards or

26    related memoranda;

27    e.    all bills, statements, records and supporting documents concerning long distance or

28    cellular telephone calls;

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

f.      all documents relating to membership in any trade association or industry group; and,

g.      the complete personnel file for that employee.

**RESPONSE TO REQUEST NO. 28:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                    -87-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period is November 25, 2007.

Responding Party objects to the extent this request seeks documents that are no longer active or readily accessible in electronic form which renders this request overly broad and unduly burdensome.

Responding Party objects that the phrase "non-clerical responsibility" is vague, ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to the extent this request seeks documents or information that require discovery of information and materials from third-parties or sources that are equally if not more accessible to Plaintiffs.

Responding Party objects on the grounds that, to the extent this request seeks documents related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

Responding Party objects on the grounds that, to the extent Responding Party produces documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be produced again.

Responding Party objects that to the extent documents responsive to this request have previously been produced, they will not be produced again.

Subject to and without waiving the general and specific objections stated above, Responding Party responds that it will make reasonable, not unduly burdensome efforts to identify documents responsive to this request within the Limitations Period and, if any, will produce non-privileged, responsive documents.

**REQUEST NO. 29:**

Documents sufficient to show the name and address of each trade association (including

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21723134.1                                   -88-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   committees and subcommittees) relating to CRTs or CRT Products of which you or any of your

2   employees are or have been a member, as well as documents sufficient to show dates of

3   membership and dates of participation in committees or subcommittees.

4   **RESPONSE TO REQUEST NO. 29:**

5   Responding Party reasserts and incorporates each of the General Objections and

6   Objections to Definitions and Instructions set forth above.

7   Responding Party objects to this request on the grounds that it is overly broad, unduly

8   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

9   including to the extent that it seeks the discovery of documents regarding Responding Party's

10   sales outside of the United States and unrelated to United States commerce, as such sales are

11   beyond the scope of this litigation and thereby render the Document Requests overly broad,

12   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

13   evidence.

14   Responding Party objects to this request on the grounds that it seeks production of

15   documents protected by the attorney-client privilege, work product doctrine, joint defense or

16   common interest privilege, or by any other applicable doctrine or privilege.

17   Responding Party objects to this request on the grounds it seeks information and/or

18   documents that would disclose confidential information protected by any and all rights of privacy

19   under the United States Constitution or any other applicable law, or that is otherwise prohibited

20   from disclosure because to do so would cause Responding Party to violate legal and/or

21   contractual obligations to any other persons or entities.

22   Responding Party objects to this request on the grounds that, to the extent it seeks

23   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

24   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

25   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

26   action, and not reasonably calculated to lead to the discovery of admissible evidence.

27   Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

28   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                    -89-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period is November 25, 2007.

Responding Party objects to the extent this request seeks documents that are no longer active or readily accessible in electronic form which renders this request overly broad and unduly burdensome.

Responding Party objects to the extent this request seeks documents or information that is not within the possession, custody, or control of Responding Party.

Responding Party objects to the extent this request seeks documents or information that require discovery of information and materials from third-parties or sources that are equally if not more accessible to Plaintiffs.

Responding Party objects on the grounds that, to the extent this request seeks documents related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

Responding Party objects on the grounds that, to the extent Responding Party produces documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be produced again.

Responding Party objects that to the extent documents responsive to this request have previously been produced, they will not be produced again.

Subject to and without waiving the general and specific objections stated above, Responding Party responds that it will make reasonable, not unduly burdensome efforts to identify documents responsive to this request within the Limitations Period and, if any, will produce non-privileged, responsive documents.

**REQUEST NO. 30:**

All documents relating to meetings of each trade association and each of its committees or subcommittees relating to CRTs or CRT Products, including all documents relating to any such

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1  meeting attended by you and any other manufacturer CRTs or CRT Products, and all documents

2  identifying the employees from your company who attended, the dates of attendance, and the

3  subject matters discussed.

4  **RESPONSE TO REQUEST NO. 30:**

5       Responding Party reasserts and incorporates each of the General Objections and

6  Objections to Definitions and Instructions set forth above.

7       Responding Party objects to this request on the grounds that it is overly broad, unduly

8  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

9  including to the extent that it seeks the discovery of documents regarding Responding Party's

10  sales outside of the United States and unrelated to United States commerce, as such sales are

11  beyond the scope of this litigation and thereby render the Document Requests overly broad,

12  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

13  evidence.

14       Responding Party objects to this request on the grounds that it seeks production of

15  documents protected by the attorney-client privilege, work product doctrine, joint defense or

16  common interest privilege, or by any other applicable doctrine or privilege.

17       Responding Party objects to this request on the grounds it seeks information and/or

18  documents that would disclose confidential information protected by any and all rights of privacy

19  under the United States Constitution or any other applicable law, or that is otherwise prohibited

20  from disclosure because to do so would cause Responding Party to violate legal and/or

21  contractual obligations to any other persons or entities.

22       Responding Party objects to this request on the grounds that, to the extent it seeks

23  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

24  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

25  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

26  action, and not reasonably calculated to lead to the discovery of admissible evidence.

27       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

28  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1  admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

2  of the alleged class period is November 25, 2007.

3  Responding Party objects to the extent this request seeks documents that are no longer

4  active or readily accessible in electronic form which renders this request overly broad and unduly

5  burdensome.

6  Responding Party objects to the extent this request seeks documents or information that is

7  not within the possession, custody, or control of Responding Party.

8  Responding Party objects to the extent this request seeks documents or information that

9  require discovery of information and materials from third-parties or sources that are equally if not

10  more accessible to Plaintiffs.

11  Responding Party objects on the grounds that, to the extent this request seeks documents

12  related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

13  information that is not relevant to the claim or defense of any party, not relevant to the subject

14  matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

15  evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

16  and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

17  Responding Party objects on the grounds that, to the extent Responding Party produces

18  documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

19  produced again.

20  Responding Party objects that to the extent documents responsive to this request have

21  previously been produced, they will not be produced again.

22  Subject to and without waiving the general and specific objections stated above,

23  Responding Party responds that it will make reasonable, not unduly burdensome efforts to

24  identify documents responsive to this request within the Limitations Period and, if any, will

25  produce non-privileged, responsive documents.

26  **REQUEST NO. 31:**

27  All studies, analyses, communications, presentations or other documents that you have

28  submitted to or received from any trade association regarding CRTs or CRT Products.

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

**RESPONSE TO REQUEST NO. 31:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period is November 25, 2007.

Responding Party objects to the extent this request seeks documents that are no longer

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   active or readily accessible in electronic form which renders this request overly broad and unduly
2   burdensome.

3       Responding Party objects to the extent this request seeks documents or information that is
4   not within the possession, custody, or control of Responding Party.

5       Responding Party objects that the terms "studies," and "analyses" are vague, ambiguous,
6   and unintelligible, rendering this request overly broad and unduly burdensome, not relevant and
7   not reasonably calculated to lead to the discovery of admissible evidence.

8       Responding Party objects to the extent this request seeks documents or information that
9   require discovery of information and materials from third-parties or sources that are equally if not
10  more accessible to Plaintiffs.

11      Responding Party objects on the grounds that, to the extent this request seeks documents
12  related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for
13  information that is not relevant to the claim or defense of any party, not relevant to the subject
14  matter involved in this action, and not reasonably calculated to lead to the discovery of admissible
15  evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals
16  and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

17      Responding Party objects on the grounds that, to the extent Responding Party produces
18  documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be
19  produced again.

20      Responding Party objects that to the extent documents responsive to this request have
21  previously been produced, they will not be produced again.

22      Subject to and without waiving the general and specific objections stated above,
23  Responding Party responds that it will make reasonable, not unduly burdensome efforts to
24  identify documents responsive to this request within the Limitations Period and, if any, will
25  produce non-privileged, responsive documents.

26  **REQUEST NO. 32:**

27      All statements, announcements, disclosures or press releases issued by you or any of your
28  competitors relating to CRTs or CRT Products.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                    -94-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

**RESPONSE TO REQUEST NO. 32:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit of the alleged class period is November 25, 2007.

Responding Party objects that the definition of the terms "you" and "your" are vague,

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to the extent this request seeks documents that are no longer active or readily accessible in electronic form which renders this request overly broad and unduly burdensome.

Responding Party objects to the extent this request seeks documents or information that is not within the possession, custody, or control of Responding Party.  Responding Party objects to the extent this request seeks documents or information that require discovery of information and materials from third-parties or sources that are equally if not more accessible to Plaintiffs.

Responding Party objects on the grounds that, to the extent this request seeks documents related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

Responding Party objects on the grounds that, to the extent Responding Party produces documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be produced again.

Responding Party objects that to the extent documents responsive to this request have previously been produced, they will not be produced again.

Subject to and without waiving the general and specific objections stated above, Responding Party responds that it will make reasonable, not unduly burdensome efforts to identify documents responsive to this request within the Limitations Period and, if any, will produce non-privileged, responsive documents.

**REQUEST NO. 33:**

All documents relating to your policies or practices directed toward compliance with the United States antitrust laws, including any statements signed by your employees with pricing, sales or marketing responsibility for CRTs or CRT Products, acknowledging their receipt of and

1    compliance with your antitrust compliance policy.

2    **RESPONSE TO REQUEST NO. 33:**

3         Responding Party reasserts and incorporates each of the General Objections and

4    Objections to Definitions and Instructions set forth above.

5         Responding Party objects to this request on the grounds that it is overly broad, unduly

6    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

7    including to the extent that it seeks the discovery of documents regarding Responding Party's

8    sales outside of the United States and unrelated to United States commerce, as such sales are

9    beyond the scope of this litigation and thereby render the Document Requests overly broad,

10   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

11   evidence.

12        Responding Party objects to this request on the grounds that it seeks production of

13   documents protected by the attorney-client privilege, work product doctrine, joint defense or

14   common interest privilege, or by any other applicable doctrine or privilege.

15        Responding Party objects to this request on the grounds it seeks information and/or

16   documents that would disclose confidential information protected by any and all rights of privacy

17   under the United States Constitution or any other applicable law, or that is otherwise prohibited

18   from disclosure because to do so would cause Responding Party to violate legal and/or

19   contractual obligations to any other persons or entities.

20        Responding Party objects to this request on the grounds that, to the extent it seeks

21   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

22   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

23   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

24   action, and not reasonably calculated to lead to the discovery of admissible evidence.

25        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

26   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

27   admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

28   of the alleged class period is November 25, 2007.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

Responding Party objects to the extent this request seeks documents that are no longer active or readily accessible in electronic form which renders this request overly broad and unduly burdensome.

Responding Party objects to the extent this request seeks documents or information that is not within the possession, custody, or control of Responding Party.

Responding Party objects that the phrase "directed toward compliance" is vague, ambiguous, and unintelligible, rendering this request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that, to the extent this request seeks documents related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

Subject to and without waiving the general and specific objections stated above, Responding Party responds that it will make reasonable efforts to identify documents responsive to this request within the Limitations Period and, if any, will produce non-privileged, responsive documents.

**REQUEST NO. 34:**

All documents relating to, prepared for, submitted to, or received from any foreign governmental or legislative body, including the Canadian Competition Bureau, the European Commission, the Hungarian Competition Authority, the Japanese Fair Trade Commission, the Korean Fair Trade Commission, or any agency or representative body of any foreign country, state or other political subdivision, or any law enforcement agency, authority or commission in any foreign country, relating to the production, sale, marketing, pricing or distribution of CRTs or CRT Products.  This request includes all documents relating to proffers, transcripts, notes, summaries, testimony, witness statements, or responses to requests for information that you produced to any foreign governmental agency or foreign grand jury, including any documents

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                    -98-                                    MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    produced as part of any plea bargain negotiations or in connection with any application for or

2    grant of amnesty or leniency.

3    **RESPONSE TO REQUEST NO. 34:**

4         Responding Party reasserts and incorporates each of the General Objections and

5    Objections to Definitions and Instructions set forth above.

6         Responding Party objects to this request on the grounds that it is overly broad, unduly

7    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

8    including to the extent that it seeks the discovery of documents regarding Responding Party's

9    sales outside of the United States and unrelated to United States commerce, as such sales are

10   beyond the scope of this litigation and thereby render the Document Requests overly broad,

11   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

12   evidence.

13        Responding Party objects to this request on the grounds that it seeks information in excess

14   of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no

15   discovery shall be conducted in this case (including, without limitation, document requests,

16   interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury

17   proceedings concerning CRTs or CRT products, including any party's or witness's

18   communications with the United States, or with any grand jury investigating CRTs or CRT

19   products, except by the order of the Court upon good cause shown and consistent with governing

20   law."  Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

21        Responding Party objects to this request on the grounds that it seeks production of

22   documents protected by the attorney-client privilege, work product doctrine, joint defense or

23   common interest privilege, or by any other applicable doctrine or privilege.

24        Responding Party objects to this request on the grounds it seeks information and/or

25   documents that would disclose confidential information protected by any and all rights of privacy

26   under the United States Constitution or any other applicable law, or that is otherwise prohibited

27   from disclosure because to do so would cause Responding Party to violate legal and/or

28   contractual obligations to any other persons or entities.

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to this request on the grounds that, to the extent it seeks

2    documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

3    ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

4    relevant to the claim or defense of any party, not relevant to the subject matter involved in this

5    action, and not reasonably calculated to lead to the discovery of admissible evidence.

6    Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

7    and not relevant, rendering the request not reasonably calculated to lead to the discovery of

8    admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

9    of the alleged class period is November 25, 2007.

10    Responding Party objects to the extent this request seeks documents that are no longer

11    active or readily accessible in electronic form which renders this request overly broad and unduly

12    burdensome.

13    Responding Party objects to this request on the grounds that discovery of documents and

14    information related to foreign antitrust laws are not relevant to the allegations in the Complaint,

15    thus rendering this request overly broad, unduly burdensome, and not reasonably calculated to

16    lead to the discovery of admissible evidence.

17    Responding Party objects on the grounds that, to the extent this request seeks documents

18    related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

19    information that is not relevant to the claim or defense of any party, not relevant to the subject

20    matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

21    evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

22    and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

23    Subject to and without waiving the general and specific objections stated above,

24    Responding Party declines to produce documents that may be responsive to this request.

25    **REQUEST NO. 35:**

26    All documents relating to proffers, transcripts, notes, summaries, testimony, witness

27    statements, or responses to requests for information that you produced or were seized by any

28    foreign governmental agency in Canada, the European Union, India, Hong Kong, Hungary,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                                -100-                                                MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1  Thailand, Malaysia, Indonesia, Korea, Japan, Singapore, China or Taiwan.

2  **RESPONSE TO REQUEST NO. 35:**

3      Responding Party reasserts and incorporates each of the General Objections and

4  Objections to Definitions and Instructions set forth above.

5      Responding Party objects to this request on the grounds that it is overly broad, unduly

6  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

7  including to the extent that it seeks the discovery of documents regarding Responding Party's

8  sales outside of the United States and unrelated to United States commerce, as such sales are

9  beyond the scope of this litigation and thereby render the Document Requests overly broad,

10  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

11  evidence.

12      Responding Party objects to this request on the grounds that it seeks information in excess

13  of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no

14  discovery shall be conducted in this case (including, without limitation, document requests,

15  interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury

16  proceedings concerning CRTs or CRT products, including any party's or witness's

17  communications with the United States, or with any grand jury investigating CRTs or CRT

18  products, except by the order of the Court upon good cause shown and consistent with governing

19  law." Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

20      Responding Party objects to this request on the grounds that it seeks production of

21  documents protected by the attorney-client privilege, work product doctrine, joint defense or

22  common interest privilege, or by any other applicable doctrine or privilege.

23      Responding Party objects to this request on the grounds it seeks information and/or

24  documents that would disclose confidential information protected by any and all rights of privacy

25  under the United States Constitution or any other applicable law, or that is otherwise prohibited

26  from disclosure because to do so would cause Responding Party to violate legal and/or

27  contractual obligations to any other persons or entities.

28      Responding Party objects to this request on the grounds that, to the extent it seeks

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

2   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

3   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

4   action, and not reasonably calculated to lead to the discovery of admissible evidence.

5       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

6   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

7   admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

8   of the alleged class period is November 25, 2007.

9       Responding Party objects to the extent this request seeks documents that are no longer

10  active or readily accessible in electronic form which renders this request overly broad and unduly

11  burdensome.

12      Responding Party objects to this request on the grounds that discovery of documents and

13  information related to foreign antitrust laws are not relevant to the allegations in the Complaint,

14  thus rendering this request overly broad, unduly burdensome, and not reasonably calculated to

15  lead to the discovery of admissible evidence.

16      Responding Party objects on the grounds that, to the extent this request seeks documents

17  related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

18  information that is not relevant to the claim or defense of any party, not relevant to the subject

19  matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

20  evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

21  and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

22      Subject to and without waiving the general and specific objections stated above,

23  Responding Party declines to produce documents that may be responsive to this request.

24  **REQUEST NO. 36:**

25      Copies of all subpoenas or requests for production of documents issued by any foreign

26  governmental or legislative investigative body referring or relating to CRTs or CRT Products

27  during the relevant period.

28

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

**RESPONSE TO REQUEST NO. 36:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks information in excess of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no discovery shall be conducted in this case (including, without limitation, document requests, interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury proceedings concerning CRTs or CRT products, including any party's or witness's communications with the United States, or with any grand jury investigating CRTs or CRT products, except by the order of the Court upon good cause shown and consistent with governing law." Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                    -103-                                    MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

2   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

3   action, and not reasonably calculated to lead to the discovery of admissible evidence.

4          Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

5   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

6   admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

7   of the alleged class period is November 25, 2007.

8          Responding Party objects to the extent this request seeks documents that are no longer

9   active or readily accessible in electronic form which renders this request overly broad and unduly

10   burdensome.

11          Responding Party objects to this request on the grounds that discovery of documents and

12   information related to foreign antitrust laws are not relevant to the allegations in the Complaint,

13   thus rendering this request overly broad, unduly burdensome, and not reasonably calculated to

14   lead to the discovery of admissible evidence.

15          Responding Party objects on the grounds that, to the extent this request seeks documents

16   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

17   information that is not relevant to the claim or defense of any party, not relevant to the subject

18   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

19   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

20   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

21          Subject to and without waiving the general and specific objections stated above,

22   Responding Party declines to produce documents that may be responsive to this request.

23   **REQUEST NO. 37:**

24          All documents relating to, prepared for, submitted to, or received by you as a result of any

25   investigation or research conducted either internally or by an outside entity with respect to price

26   fixing, price manipulation or manipulation of production or capacity of CRTs or CRT Products.

27   **RESPONSE TO REQUEST NO. 37:**

28          Responding Party reasserts and incorporates each of the General Objections and

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1  Objections to Definitions and Instructions set forth above.

2          Responding Party objects to this request on the grounds that it is overly broad, unduly

3  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

4  including to the extent that it seeks the discovery of documents regarding Responding Party's

5  sales outside of the United States and unrelated to United States commerce, as such sales are

6  beyond the scope of this litigation and thereby render the Document Requests overly broad,

7  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

8  evidence.

9          Responding Party objects to this request on the grounds that it seeks information in excess

10  of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no

11  discovery shall be conducted in this case (including, without limitation, document requests,

12  interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury

13  proceedings concerning CRTs or CRT products, including any party's or witness's

14  communications with the United States, or with any grand jury investigating CRTs or CRT

15  products, except by the order of the Court upon good cause shown and consistent with governing

16  law."  Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

17          Responding Party objects to this request on the grounds that it seeks production of

18  documents protected by the attorney-client privilege, work product doctrine, joint defense or

19  common interest privilege, or by any other applicable doctrine or privilege.

20          Responding Party objects to this request on the grounds it seeks information and/or

21  documents that would disclose confidential information protected by any and all rights of privacy

22  under the United States Constitution or any other applicable law, or that is otherwise prohibited

23  from disclosure because to do so would cause Responding Party to violate legal and/or

24  contractual obligations to any other persons or entities.

25          Responding Party objects to this request on the grounds that, to the extent it seeks

26  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

27  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

28  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                    -105-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    action, and not reasonably calculated to lead to the discovery of admissible evidence.

2        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

3    and not relevant, rendering the request not reasonably calculated to lead to the discovery of

4    admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

5    of the alleged class period is November 25, 2007.

6        Responding Party objects to the extent this request seeks documents that are no longer

7    active or readily accessible in electronic form which renders this request overly broad and unduly

8    burdensome.

9        Responding Party objects to this request on the grounds that discovery of documents and

10   information related to foreign antitrust laws are not relevant to the allegations in the Complaint,

11   thus rendering this request overly broad, unduly burdensome, and not reasonably calculated to

12   lead to the discovery of admissible evidence.

13       Responding Party objects on the grounds that, to the extent this request seeks documents

14   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

15   information that is not relevant to the claim or defense of any party, not relevant to the subject

16   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

17   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

18   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

19       Subject to and without waiving the general and specific objections stated above,

20   Responding Party declines to produce documents that may be responsive to this request.

21   **REQUEST NO. 38:**

22       All documents relating to the termination, retirement, discipline, discharge or suspension

23   of any director, officer, or employee who had any responsibility relating to the production,

24   manufacture, distribution, marketing, pricing or sale of CRTs or CRT Products.

25   **RESPONSE TO REQUEST NO. 38:**

26       Responding Party reasserts and incorporates each of the General Objections and

27   Objections to Definitions and Instructions set forth above.

28       Responding Party objects to this request on the grounds that it is overly broad, unduly

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

2    including to the extent that it seeks the discovery of documents regarding Responding Party's

3    sales outside of the United States and unrelated to United States commerce, as such sales are

4    beyond the scope of this litigation and thereby render the Document Requests overly broad,

5    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

6    evidence.

7        Responding Party objects to this request on the grounds that it seeks production of

8    documents protected by the attorney-client privilege, work product doctrine, joint defense or

9    common interest privilege, or by any other applicable doctrine or privilege.

10        Responding Party objects to this request on the grounds it seeks information and/or

11    documents that would disclose confidential information protected by any and all rights of privacy

12    under the United States Constitution or any other applicable law, or that is otherwise prohibited

13    from disclosure because to do so would cause Responding Party to violate legal and/or

14    contractual obligations to any other persons or entities.

15        Responding Party objects to this request on the grounds that, to the extent it seeks

16    documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

17    ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

18    relevant to the claim or defense of any party, not relevant to the subject matter involved in this

19    action, and not reasonably calculated to lead to the discovery of admissible evidence.

20        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

21    and not relevant, rendering the request not reasonably calculated to lead to the discovery of

22    admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

23    of the alleged class period is November 25, 2007.

24        Responding Party objects to the extent this request seeks documents that are no longer

25    active or readily accessible in electronic form which renders this request overly broad and unduly

26    burdensome.

27        Responding Party objects on the grounds that, to the extent this request seeks documents

28    not related to the allegations in the Complaint, this request is overly broad and unduly

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                    -107-                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    burdensome, and purports to call for information that is not relevant to the claim or defense of

2    any party, not relevant to the subject matter involved in this action, and not reasonably calculated

3    to lead to the discovery of admissible evidence.

4            Responding Party objects to this request on the grounds that it seeks information in excess

5    of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no

6    discovery shall be conducted in this case (including, without limitation, document requests,

7    interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury

8    proceedings concerning CRTs or CRT products, including any party's or witness's

9    communications with the United States, or with any grand jury investigating CRTs or CRT

10   products, except by the order of the Court upon good cause shown and consistent with governing

11   law."  Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

12           Responding Party objects on the grounds that, to the extent this request seeks documents

13   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

14   information that is not relevant to the claim or defense of any party, not relevant to the subject

15   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

16   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

17   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

18           Subject to and without waiving the general and specific objections stated above,

19   Responding Party declines to produce documents that may be responsive to this request.

20   **REQUEST NO. 39:**

21           All documents referring or relating to the named plaintiffs in this litigation.

22   **RESPONSE TO REQUEST NO. 39:**

23           Responding Party reasserts and incorporates each of the General Objections and

24   Objections to Definitions and Instructions set forth above.

25           Responding Party objects to this request on the grounds that it is overly broad, unduly

26   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

27   including to the extent that it seeks the discovery of documents regarding Responding Party's

28   sales outside of the United States and unrelated to United States commerce, as such sales are

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21723134.1                                        -108-                                        MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   beyond the scope of this litigation and thereby render the Document Requests overly broad,

2   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

3   evidence.

4        Responding Party objects to this request on the grounds that it seeks production of

5   documents protected by the attorney-client privilege, work product doctrine, joint defense or

6   common interest privilege, or by any other applicable doctrine or privilege.

7        Responding Party objects to this request on the grounds it seeks information and/or

8   documents that would disclose confidential information protected by any and all rights of privacy

9   under the United States Constitution or any other applicable law, or that is otherwise prohibited

10  from disclosure because to do so would cause Responding Party to violate legal and/or

11  contractual obligations to any other persons or entities.

12       Responding Party objects to this request on the grounds that, to the extent it seeks

13  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

14  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

15  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

16  action, and not reasonably calculated to lead to the discovery of admissible evidence.

17       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

18  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

19  admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

20  of the alleged class period is November 25, 2007.

21       Responding Party objects to the extent this request seeks documents or information that is

22  not within the possession, custody, or control of Responding Party.

23       Responding Party objects to the extent this request seeks documents or information that

24  require discovery of information and materials from third-parties or sources that are equally if not

25  more accessible to Plaintiffs.

26       Subject to and without waiving the general and specific objections stated above,

27  Responding Party declines to produce documents that may be responsive to this request.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                          -109-                          MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

**REQUEST NO. 40:**

All documents that you claim would have been available to the plaintiffs or any purchaser of CRTs or CRT Products prior to November 2007, which should have caused the Plaintiffs or any such purchaser to investigate whether there was a conspiracy to fix, raise, maintain or stabilize the prices or to control or restrict sales of CRTs or CRT Products in the United States.

**RESPONSE TO REQUEST NO. 40:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                    -110-                              MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

2   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

3   admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

4   of the alleged class period is November 25, 2007.

5   Responding Party objects to the extent this request seeks documents that are no longer

6   active or readily accessible in electronic form which renders this request overly broad and unduly

7   burdensome.

8   Responding Party objects to the extent this request seeks documents or information that is

9   not within the possession, custody, or control of Responding Party.

10   Responding Party objects to the extent this request seeks documents or information that

11   require discovery of information and materials from third-parties or sources that are equally if not

12   more accessible to Plaintiffs.

13   Responding Party objects to this request as inappropriately propounded as a document

14   request, as it seeks information more easily obtainable through other means and/or as to which

15   Plaintiffs bear the burden of proof.

16   Responding Party objects to the extent this request is argumentative and assumes facts not

17   in evidence.

18   Subject to and without waiving the general and specific objections stated above,

19   Responding Party declines to produce documents that may be responsive to this request.

20   **REQUEST NO. 41:**

21   All documents relating to any refusal by you or any other manufacturer of CRTs or CRT

22   Products to quote or bid for business or to supply CRTs or CRT Products to a customer, or to

23   intentionally quote a price or bid you believed or the other manufacturer believed would be higher

24   than a quote or bid by another manufacturer or seller of CRTs or CRT Products.

25   **RESPONSE TO REQUEST NO. 41:**

26   Responding Party reasserts and incorporates each of the General Objections and

27   Objections to Definitions and Instructions set forth above.

28   Responding Party objects to this request on the grounds that it is overly broad, unduly

1    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

2    including to the extent that it seeks the discovery of documents regarding Responding Party's

3    sales outside of the United States and unrelated to United States commerce, as such sales are

4    beyond the scope of this litigation and thereby render the Document Requests overly broad,

5    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

6    evidence.

7         Responding Party objects to this request on the grounds that it seeks production of

8    documents protected by the attorney-client privilege, work product doctrine, joint defense or

9    common interest privilege, or by any other applicable doctrine or privilege.

10        Responding Party objects to this request on the grounds it seeks information and/or

11   documents that would disclose confidential information protected by any and all rights of privacy

12   under the United States Constitution or any other applicable law, or that is otherwise prohibited

13   from disclosure because to do so would cause Responding Party to violate legal and/or

14   contractual obligations to any other persons or entities.

15        Responding Party objects to this request on the grounds that, to the extent it seeks

16   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

17   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

18   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

19   action, and not reasonably calculated to lead to the discovery of admissible evidence.

20        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

21   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

22   admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

23   of the alleged class period is November 25, 2007.

24        Responding Party objects to the extent this request seeks documents or information that is

25   not within the possession, custody, or control of Responding Party.

26        Responding Party objects to the extent this request seeks documents or information that

27   require discovery of information and materials from third-parties or sources that are equally if not

28   more accessible to Plaintiffs.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                  -112-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    Responding Party objects that the terms "refusal," "quote," "bid," "supply," and

2    "intentionally" are vague, ambiguous, and unintelligible, rendering the request overly broad and

3    unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of

4    admissible evidence.

5    Responding Party objects to the extent this request calls for Responding Party to answer

6    on behalf of third parties by seeking documents relating to what "the other manufacturer

7    believed."  Responding Party will respond on behalf of Hitachi Asia, Ltd. only.

8    Responding Party objects on the grounds that, to the extent this request seeks documents

9    related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

10   information that is not relevant to the claim or defense of any party, not relevant to the subject

11   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

12   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

13   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

14   Responding Party objects on the grounds that, to the extent Responding Party produces

15   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

16   produced again.

17   Responding Party objects that to the extent documents responsive to this request have

18   previously been produced, they will not be produced again.

19   Subject to and without waiving the general and specific objections stated above,

20   Responding Party responds that it will make reasonable, not unduly burdensome efforts to

21   identify documents responsive to this request within the Limitations Period and, if any, will

22   produce non-privileged, responsive documents.

23   **REQUEST NO. 42:**

24   All documents and electronic data that relate to the relationship between the sale price of

25   CRT Products and the cost of CRTs and/or any other component of CRT Products.

26   **RESPONSE TO REQUEST NO. 42:**

27   Responding Party reasserts and incorporates each of the General Objections and

28   Objections to Definitions and Instructions set forth above.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21723134.1                                        -113-                                        MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to this request on the grounds that it is overly broad, unduly

2    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

3    including to the extent that it seeks the discovery of documents regarding Responding Party's

4    sales outside of the United States and unrelated to United States commerce, as such sales are

5    beyond the scope of this litigation and thereby render the Document Requests overly broad,

6    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

7    evidence.

8    Responding Party objects to this request on the grounds that it seeks production of

9    documents protected by the attorney-client privilege, work product doctrine, joint defense or

10   common interest privilege, or by any other applicable doctrine or privilege.

11   Responding Party objects to this request on the grounds it seeks information and/or

12   documents that would disclose confidential information protected by any and all rights of privacy

13   under the United States Constitution or any other applicable law, or that is otherwise prohibited

14   from disclosure because to do so would cause Responding Party to violate legal and/or

15   contractual obligations to any other persons or entities.

16   Responding Party objects to this request on the grounds that, to the extent it seeks

17   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

18   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

19   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

20   action, and not reasonably calculated to lead to the discovery of admissible evidence.

21   Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

22   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

23   admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

24   of the alleged class period is November 25, 2007.

25   Responding Party objects to the extent this request seeks documents or information that is

26   not within the possession, custody, or control of Responding Party.

27   Responding Party objects to the extent this request seeks documents or information that

28   require discovery of information and materials from third-parties or sources that are equally if not

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1

-114-

MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    more accessible to Plaintiffs.

2        Responding Party objects to the extent this request seeks documents that are no longer

3    active or readily accessible in electronic form which renders this request overly broad and unduly

4    burdensome.

5        Responding Party objects that the terms "relate to the relationship" and "component" are

6    vague, ambiguous, and unintelligible, rendering the Document Request overly broad and unduly

7    burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible

8    evidence.

9        Responding Party objects to this request to the extent this request is duplicative of

10   Requests Nos. 5, 8, 14 and 23 of the Document Requests, to the extent this request seeks

11   documents related to prices, sales data, or conditions of supply and demand for CRTs or CRT

12   Products.

13       Responding Party objects on the grounds that, to the extent Responding Party produces

14   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

15   produced again.

16       Responding Party objects that to the extent documents responsive to this request have

17   previously been produced, they will not be produced again.

18       Subject to and without waiving the general and specific objections stated above,

19   Responding Party responds that it will make reasonable, not unduly burdensome efforts to

20   identify documents responsive to this request within the Limitations Period and, if any, will

21   produce non-privileged, responsive documents.

22   **REQUEST NO. 43:**

23       All documents and electronic data, including, but not limited to, any studies or analyses,

24   that reflect, refer, or relate to how the price of CRTs or CRT Products sold by you or by any of

25   your competitors affected the prices of CRT Products resold by third parties to others including,

26   but not limited, end-user purchasers of CRT Products such as the classes identified in the Indirect

27   Purchaser Plaintiffs' Consolidated Amended Complaint.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                              -115-                              MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   **RESPONSE TO REQUEST NO. 43:**

2       Responding Party reasserts and incorporates each of the General Objections and

3   Objections to Definitions and Instructions set forth above.

4       Responding Party objects to this request on the grounds that it is overly broad, unduly

5   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

6   including to the extent that it seeks the discovery of documents regarding Responding Party's

7   sales outside of the United States and unrelated to United States commerce, as such sales are

8   beyond the scope of this litigation and thereby render the Document Requests overly broad,

9   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

10  evidence.

11      Responding Party objects to this request on the grounds that it seeks production of

12  documents protected by the attorney-client privilege, work product doctrine, joint defense or

13  common interest privilege, or by any other applicable doctrine or privilege.

14      Responding Party objects to this request on the grounds it seeks information and/or

15  documents that would disclose confidential information protected by any and all rights of privacy

16  under the United States Constitution or any other applicable law, or that is otherwise prohibited

17  from disclosure because to do so would cause Responding Party to violate legal and/or

18  contractual obligations to any other persons or entities.

19      Responding Party objects to this request on the grounds that, to the extent it seeks

20  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

21  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

22  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

23  action, and not reasonably calculated to lead to the discovery of admissible evidence.

24      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

25  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

26  admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

27  of the alleged class period is November 25, 2007.

28      Responding Party objects to the extent this request seeks documents or information that is

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    not within the possession, custody, or control of Responding Party.

2          Responding Party objects to the extent this request seeks documents or information that

3    require discovery of information and materials from third-parties or sources that are equally if not

4    more accessible to Plaintiffs.

5          Responding Party objects to the extent this request seeks documents that are no longer

6    active or readily accessible in electronic form which renders this request overly broad and unduly

7    burdensome.

8          Responding Party objects that the phrases "studies or analyses," "reflect, refer, or relate,"

9    "affected," "resold," and "end-user purchasers" are vague, ambiguous, and unintelligible,

10    rendering the request overly broad and unduly burdensome, not relevant and not reasonably

11    calculated to lead to the discovery of admissible evidence.

12          Responding Party objects to this request to the extent this request is duplicative of

13    Requests Nos. 5, 8, 14 and 23 of the Document Requests, to the extent this request seeks

14    documents related to prices, sales data, or conditions of supply and demand for CRTs or CRT

15    Products.

16          Responding Party objects on the grounds that, to the extent Responding Party produces

17    documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

18    produced again.

19          Responding Party objects that to the extent documents responsive to this request have

20    previously been produced, they will not be produced again.

21          Subject to and without waiving the general and specific objections stated above,

22    Responding Party responds that it will make reasonable, not unduly burdensome efforts to

23    identify documents responsive to this request within the Limitations Period and, if any, will

24    produce non-privileged, responsive documents.

25    **REQUEST NO. 44:**

26          All documents and electronic data, including, but not limited to, any studies or analyses

27    that reflect, refer or relate to the extent to which original equipment manufacturers, original

28    design manufacturers, retailers, distributors or any other entities involved in the manufacture,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1          -117-          MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    distribution, or resale of CRT Products, pass through the cost of CRTs or CRT Products to their

2    respective customers.

3    **RESPONSE TO REQUEST NO. 44:**

4        Responding Party reasserts and incorporates each of the General Objections and

5    Objections to Definitions and Instructions set forth above.

6        Responding Party objects to this request on the grounds that it is overly broad, unduly

7    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

8    including to the extent that it seeks the discovery of documents regarding Responding Party's

9    sales outside of the United States and unrelated to United States commerce, as such sales are

10   beyond the scope of this litigation and thereby render the Document Requests overly broad,

11   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

12   evidence.

13       Responding Party objects to this request on the grounds that it seeks production of

14   documents protected by the attorney-client privilege, work product doctrine, joint defense or

15   common interest privilege, or by any other applicable doctrine or privilege.

16       Responding Party objects to this request on the grounds it seeks information and/or

17   documents that would disclose confidential information protected by any and all rights of privacy

18   under the United States Constitution or any other applicable law, or that is otherwise prohibited

19   from disclosure because to do so would cause Responding Party to violate legal and/or

20   contractual obligations to any other persons or entities.

21       Responding Party objects to this request on the grounds that, to the extent it seeks

22   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

23   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

24   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

25   action, and not reasonably calculated to lead to the discovery of admissible evidence.

26       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

27   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

28   admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                    -118-                        MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    of the alleged class period is November 25, 2007.

2          Responding Party objects to the extent this request seeks documents or information that is

3    not within the possession, custody, or control of Responding Party.

4          Responding Party objects to the extent this request seeks documents or information that

5    require discovery of information and materials from third-parties or sources that are equally if not

6    more accessible to Plaintiffs.

7          Responding Party objects to the extent this request seeks documents that are no longer

8    active or readily accessible in electronic form which renders this request overly broad and unduly

9    burdensome.

10          Responding Party objects that the phrases "studies or analyses," "reflect, refer, or relate,"

11    and "pass through" are vague, ambiguous, and unintelligible, rendering the request overly broad

12    and unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of

13    admissible evidence.

14          Responding Party objects that the phrase "pass through" calls for a legal conclusion.

15          Responding Party objects on the grounds that, to the extent Responding Party produces

16    documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

17    produced again.

18          Responding Party objects that to the extent documents responsive to this request have

19    previously been produced, they will not be produced again.

20          Subject to and without waiving the general and specific objections stated above,

21    Responding Party responds that it will make reasonable, not unduly burdensome efforts to

22    identify documents responsive to this request within the Limitations Period and, if any, will

23    produce non-privileged, responsive documents.

24    **REQUEST NO. 45:**

25          All documents and electronic data, including, but not limited to, any studies or analyses

26    that reflect, refer or relate to the distribution channels for CRTs or CRT Products from you to end

27    users such as the classes identified in the Indirect Purchasers' Consolidated Amended Complaint,

28    including, but not limited to, the specific entities in the distribution chain(s); the CRTs or CRT

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                    -119-                        MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1  Products sold by these entities; and the amount of CRTs or CRT Products sold by these entities.

2  **RESPONSE TO REQUEST NO. 45:**

3       Responding Party reasserts and incorporates each of the General Objections and

4  Objections to Definitions and Instructions set forth above.

5       Responding Party objects to this request on the grounds that it is overly broad, unduly

6  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

7  including to the extent that it seeks the discovery of documents regarding Responding Party's

8  sales outside of the United States and unrelated to United States commerce, as such sales are

9  beyond the scope of this litigation and thereby render the Document Requests overly broad,

10 unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

11 evidence.

12      Responding Party objects to this request on the grounds that it seeks production of

13 documents protected by the attorney-client privilege, work product doctrine, joint defense or

14 common interest privilege, or by any other applicable doctrine or privilege.

15      Responding Party objects to this request on the grounds it seeks information and/or

16 documents that would disclose confidential information protected by any and all rights of privacy

17 under the United States Constitution or any other applicable law, or that is otherwise prohibited

18 from disclosure because to do so would cause Responding Party to violate legal and/or

19 contractual obligations to any other persons or entities.

20      Responding Party objects to this request on the grounds that, to the extent it seeks

21 documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

22 ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

23 relevant to the claim or defense of any party, not relevant to the subject matter involved in this

24 action, and not reasonably calculated to lead to the discovery of admissible evidence.

25      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

26 and not relevant, rendering the request not reasonably calculated to lead to the discovery of

27 admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

28 of the alleged class period is November 25, 2007.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                    -120-                                    MDL 1917

DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to the extent this request seeks documents or information that is

2    not within the possession, custody, or control of Responding Party.

3    Responding Party objects to the extent this request seeks documents or information that

4    require discovery of information and materials from third-parties or sources that are equally if not

5    more accessible to Plaintiffs.

6    Responding Party objects to the extent this request seeks documents that are no longer

7    active or readily accessible in electronic form which renders this request overly broad and unduly

8    burdensome.

9    Responding Party objects that the phrases "studies or analyses," "reflect, refer, or relate,"

10   "distribution channels," "end users," and "distribution chain(s)" are vague, ambiguous, and

11   unintelligible, rendering the request overly broad and unduly burdensome, not relevant and not

12   reasonably calculated to lead to the discovery of admissible evidence.

13   Responding Party objects to this request to the extent this request is duplicative of

14   Requests Nos. 25, 27, and 28 of the Document Requests, to the extent this request seeks

15   documents related to communications or meetings with distributors or about distribution

16   channels, or seeks any documents related to distribution channels that are already identified in

17   Request No. 28.

18   Responding Party objects on the grounds that, to the extent this request seeks documents

19   related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

20   information that is not relevant to the claim or defense of any party, not relevant to the subject

21   matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

22   evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

23   and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

24   Responding Party objects on the grounds that, to the extent Responding Party produces

25   documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

26   produced again.

27   Responding Party objects that to the extent documents responsive to this request have

28   previously been produced, they will not be produced again.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                              -121-                              MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    Subject to and without waiving the general and specific objections stated above,

2   Responding Party responds that it will make reasonable, not unduly burdensome efforts to

3   identify documents responsive to this request within the Limitations Period and, if any, will

4   produce non-privileged, responsive documents.

5   **REQUEST NO. 46:**

6    All documents and electronic data, including, but not limited to, any studies or analyses

7   that reflect, refer, or relate to retail prices, resale prices, or street prices of CRTs or CRT Products.

8   **RESPONSE TO REQUEST NO. 46:**

9    Responding Party reasserts and incorporates each of the General Objections and

10   Objections to Definitions and Instructions set forth above.

11    Responding Party objects to this request on the grounds that it is overly broad, unduly

12   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

13   including to the extent that it seeks the discovery of documents regarding Responding Party's

14   sales outside of the United States and unrelated to United States commerce, as such sales are

15   beyond the scope of this litigation and thereby render the Document Requests overly broad,

16   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

17   evidence.

18    Responding Party objects to this request on the grounds that it seeks production of

19   documents protected by the attorney-client privilege, work product doctrine, joint defense or

20   common interest privilege, or by any other applicable doctrine or privilege.

21    Responding Party objects to this request on the grounds it seeks information and/or

22   documents that would disclose confidential information protected by any and all rights of privacy

23   under the United States Constitution or any other applicable law, or that is otherwise prohibited

24   from disclosure because to do so would cause Responding Party to violate legal and/or

25   contractual obligations to any other persons or entities.

26    Responding Party objects to this request on the grounds that, to the extent it seeks

27   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

28   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21723134.1                                        -122-                                      MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

2   action, and not reasonably calculated to lead to the discovery of admissible evidence.

3       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

4   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

5   admissible evidence as the Complaint does not allege a continuing conspiracy and the outer limit

6   of the alleged class period is November 25, 2007.

7       Responding Party objects to the extent this request seeks documents or information that is

8   not within the possession, custody, or control of Responding Party.

9       Responding Party objects to the extent this request seeks documents or information that

10  require discovery of information and materials from third-parties or sources that are equally if not

11  more accessible to Plaintiffs.

12      Responding Party objects to the extent this request seeks documents that are no longer

13  active or readily accessible in electronic form which renders this request overly broad and unduly

14  burdensome.

15      Responding Party objects that the phrases "studies or analyses," "reflect, refer, or relate,"

16  "retail prices," "resale prices," and "street prices" are vague, ambiguous, and unintelligible,

17  rendering the request overly broad and unduly burdensome, not relevant and not reasonably

18  calculated to lead to the discovery of admissible evidence.

19      Responding Party objects to this request to the extent this request is duplicative of

20  Requests Nos. 5 and 8 of the Document Requests.

21      Responding Party objects on the grounds that, to the extent this request seeks documents

22  related to "CRTs," this request is overly broad, unduly burdensome, and purports to call for

23  information that is not relevant to the claim or defense of any party, not relevant to the subject

24  matter involved in this action, and not reasonably calculated to lead to the discovery of admissible

25  evidence.  The Complaint alleges Plaintiffs purport to bring this action "on behalf of individuals

26  and entities that indirectly purchased Cathode Ray Tube Products."  (Complaint, ¶ 1).

27      Responding Party objects on the grounds that, to the extent Responding Party produces

28  documents responsive to this request to Direct Purchaser Plaintiffs, such documents will not be

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21723134.1                    -123-                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS

1    produced again.

2         Responding Party objects that to the extent documents responsive to this request have

3    previously been produced, they will not be produced again.

4         Subject to and without waiving the general and specific objections stated above,

5    Responding Party responds that it will make reasonable, not unduly burdensome efforts to

6    identify documents responsive to this request within the Limitations Period and, if any, will

7    produce non-privileged, responsive documents.

8

9    Dated: May 28, 2010                        MORGAN, LEWIS & BOCKIUS LLP

10

11                                              By  *Diane L. Webb*

12                                                  Diane L. Webb

13                                              Attorneys for Defendants
                                                HITACHI ASIA, LTD.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DB2/21723134.1                          -124-                                    MDL 1917
DEFENDANT HITACHI ASIA, LTD.'S OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS FROM INDIRECT PURCHASER PLAINTIFFS