1
2
3
4
5
6
7
8
9
10                    UNITED STATES DISTRICT COURT
11                    NORTHERN DISTRICT OF CALIFORNIA
12                         SAN FRANCISCO DIVISION
13

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>[PROPOSED] **ORDER ADOPTING SPECIAL MASTER'S REPORT, RECOMMENDATIONS AND TENTATIVE RULINGS RE DEFENDANTS' JOINT MOTION TO DISMISS INDIRECT PURCHASER PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT** |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | |

Defendants' Joint Motion to Dismiss Indirect Purchaser Plaintiffs' ("Plaintiffs") Second Consolidated Amended Complaint (the "SCAC") came on for hearing before the Special Master on August 24, 2010.  The Special Master issued its Report, Recommendations, and Tentative Rulings regarding the Motion (the "Special Master's Rulings") on September 30, 2010. Defendants have timely filed a Motion to Adopt the Special Master's Rulings pursuant to paragraph 16 of this Court's June 16, 2008 Order Appointing Special Master, and, pursuant to paragraph 17 of that Order, have provided the Court with the relevant record for consideration of the Special Master's Rulings.

After full consideration of the Special Master's Rulings, the points and authorities submitted by the parties, the Court's file in this matter, and the transcript of the parties' oral argument before the Special Master, and good cause appearing therefor, IT IS HEREBY ORDERED THAT Defendants' Motion to Adopt the Special Master's Rulings is GRANTED in full, and specifically as follows:

1. Plaintiffs' claims under Arkansas' Deceptive Trade Practices Act, Ark. Code Ann. §§ 4-88-107 *et seq.*, ("ADTPA") are DISMISSED with prejudice because the ADTPA does not apply to claims based on alleged price-fixing.  *See* Special Master's Rulings at pp. 3-4.

2. Plaintiffs' claims under Montana's antitrust statute, Mont. Code §§ 30-14-201 *et seq.*, are DISMISSED with prejudice because Plaintiffs, as indirect purchasers, lack standing to bring suit under Montana law and the U.S. Supreme Court's decision in Illinois Brick Co. v. Illinois, 431 U.S. 720 (1977).  *See* Special Master's Rulings at pp. 4-5.

3. Plaintiffs' claims under (a) the Illinois Antitrust Act, ILCS §§ 10/1 *et seq.*; (b) Illinois' common law of unjust enrichment; (c) Maine's antitrust statute, Maine Rev. Stat. Ann. 10, §§ 1101 *et seq.*; and (d) Maine's common law of unjust enrichment are DISMISSED with prejudice because Plaintiffs lack standing to maintain claims under Illinois or Maine law because no named plaintiff resides in or claims to have suffered injury in those states.  *See* Special Master's Rulings at pp. 5-6.

4. Plaintiffs' unjust enrichment claims under the common laws of Arkansas, Montana, and Massachusetts are DISMISSED with prejudice because Plaintiffs are barred from bringing claims under the substantive laws of each of these states.  *See* Special Master's Rulings at pp. 4-5, 8.

5. Plaintiffs' unjust enrichment claims under the common laws of Hawaii, Minnesota, Mississippi, Nebraska, Nevada, New York, North Carolina, Tennessee, Vermont, West Virginia, and Wisconsin are DISMISSED with prejudice because the relevant statutory schemes in each of these states preclude Plaintiffs from recovering equitable restitution remedies. *See* Special Master's Rulings at pp. 7-12.

6. Plaintiffs' claims under Massachusetts' consumer protection statute, Mass. G.L. c. 93A, § 2 *et seq.*, are DISMISSED with prejudice because Plaintiffs have twice failed to mail a written demand for relief to Defendants at least thirty days before filing their claims, as required under Massachusetts' law.  *See* Special Master's Rulings at pp. 12-14.

7. Plaintiffs' claims in the SCAC under (a) the District of Columbia's antitrust statute, 28 U.S.C. § 4501; (b) District of Columbia's consumer protection statute, D.C. Code § 28-3901 *et seq.*; and (c) the District of Columbia's common law of unjust enrichment, relate back for purposes of the statute of limitations to December 13, 2007, the filing date of <u>Figone v. LG Electronics, et al.</u>, No. CV 07-6331 (N.D. Cal.), a case related to the present consolidated actions. *See* Special Master's Rulings at pp. 14-15.

**IT IS SO ORDERED.**

DATED: _____    _____

Hon. Samuel Conti

United States District Judge

-2-

W02-WEST:5DYB1\402956048.2
MDL No. 1917

[PROPOSED] ORDER ADOPTING SPECIAL MASTER'S RULINGS RE MOTION TO DISMISS INDIRECT PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT