# Exhibit 1

1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2      Including Professional Corporations
   GARY L. HALLING, Cal. Bar No. 66087
3  JAMES L. McGINNIS, Cal. Bar No. 95788
   MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
4  Four Embarcadero Center, 17th Floor
   San Francisco, California  94111-4106
5  Telephone:    415-434-9100
   Facsimile:    415-434-3947
6  E-mail:        ghalling@sheppardmullin.com
                  jmcginnis@sheppardmullin.com
7                 mscarborough@sheppardmullin.com

8  Attorneys for Defendants
   SAMSUNG SDI AMERICA, INC.,
9  SAMSUNG SDI CO., LTD.,
   SAMSUNG SDI (MALAYSIA) SDN. BHD.,
10 SAMSUNG SDI MEXICO S.A. DE C.V.,
   SAMSUNG SDI BRASIL LTDA.,
11 SHENZEN SAMSUNG SDI CO., LTD. and
   TIANJIN SAMSUNG SDI CO., LTD.

12

13                 UNITED STATES DISTRICT COURT

14               NORTHERN DISTRICT OF CALIFORNIA

15                   SAN FRANCISCO DIVISION

16
   In re: CATHODE RAY TUBE (CRT)          Case No. 07-5944 SC
17 ANTITRUST LITIGATION
                                          MDL No. 1917
18
                                          **SAMSUNG SDI DEFENDANTS'**
19 ─────────────────────────────          **RESPONSES TO DIRECT**
                                          **PURCHASER PLAINTIFFS' FIRST**
20 This Document Relates to:              **SET OF INTERROGATORIES**

   DIRECT PURCHASER ACTIONS
21

22
   ─────────────────────────────
23 PROPOUNDING PARTY:          DIRECT PURCHASER PLAINTIFFS

24 RESPONDING PARTIES:         SAMSUNG SDI AMERICA, INC.; SAMSUNG
                               SDI CO., LTD.; SAMSUNG SDI (MALAYSIA)
25                             SDN. BHD.; SAMSUNG SDI MEXICO S.A.
                               DE C.V.; SAMSUNG SDI BRASIL LTDA.;
26                             SHENZEN SAMSUNG SDI CO., LTD.; and
                               TIANJIN SAMSUNG SDI CO., LTD.
27 SET NO.:                    One (1-16)

28

─────────────────────────────────────────────────────────────
W02-WEST:5DYB1\402529434.1
MDL No. 1917                     SAMSUNG SDI DEFENDANTS' RESPONSES TO DIRECT
                                 PLAINTIFFS' FIRST SET OF INTERROGATORIES

1    Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants

2  Samsung SDI America, Inc., Samsung SDI Co. Ltd., Samsung SDI (Malaysia) Sdn. Bhd.,

3  Samsung SDI Mexico S.A. De C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI

4  Co., Ltd., and Tianjin Samsung SDI Co., Ltd. (collectively, "Samsung SDI" or "the

5  Samsung SDI Defendants") hereby respond to the First Set of Interrogatories propounded

6  by the Direct Purchaser Plaintiffs ("Plaintiffs") as follows:

## I.

## GENERAL OBJECTIONS

9    1.    Samsung SDI and its counsel are continuing their investigation of this

10  matter.  Samsung SDI's present responses are based on information known as of this time.

11  Samsung makes these responses without prejudice to its right to supplement them, as

12  necessary, based on subsequently acquired information or knowledge, whether gained

13  through Samsung SDI's continued investigation or the investigation of others.

14    2.    Samsung SDI objects to each interrogatory, definition, or instruction

15  to the extent it seeks information outside the scope of discovery authorized by the Court's

16  September 12, 2008 Order for Stay of Discovery and January 5, 2010 Order to Extend

17  Limited Discovery Stay (collectively, the Court's "Discovery Stay Orders").

18    3.    Samsung SDI objects to Plaintiffs' interrogatories, definitions and

19  instructions to the extent that they seek the discovery of information regarding the sale of

20  CRTs or finished products containing CRTs outside of the United States and unrelated to

21  United States commerce, on the grounds that they are overbroad, unduly burdensome,

22  irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

23  Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of

24  the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of

25  any State.

26    4.    Samsung SDI objects to each interrogatory, definition, or instruction

27  to the extent it seeks information regarding conduct outside the applicable statute(s) of

28

-1-

SAMSUNG SDI DEFENDANTS' RESPONSES TO DIRECT
PLAINTIFFS' FIRST SET OF INTERROGATORIES

1  limitations, on the grounds that such documents and information are neither relevant to any

2  claims or defenses in this litigation nor reasonably calculated to lead to the discovery of

3  admissible evidence.

4     5.     Samsung SDI objects to Plaintiffs' interrogatories on the grounds that

5  the sixteen separate interrogatories and numerous sub-parts contained in the interrogatories

6  constitute more than the allowable twenty-five interrogatories and thus exceed the limit

7  permitted under Federal Rule of Civil Procedure 33(a).

8     6.     In making these responses, Samsung SDI does not concede the

9  relevancy or materiality of any of Plaintiffs' interrogatories; nor does Samsung SDI

10  concede the relevancy or materiality of any of the subjects to which those interrogatories

11  relate or refer.

12     7.     To the extent any interrogatory, definition or instruction may be

13  construed as calling for the disclosure of privileged or immune information, including,

14  without limitation, information subject to the attorney-client privilege, common-interest

15  privilege, work-product doctrine, joint defense privilege, and/or relating to confidential

16  plea or settlement negotiations, and/or any other privilege or immunity from discovery,

17  Samsung SDI hereby claims such privileges and immunities and objects to the disclosure

18  of any documents or information subject thereto.  Any disclosure of privileged or protected

19  documents, materials, or information is inadvertent and not intended to waive those

20  privileges or protections.

21     8.     To the extent any interrogatory, definition or instruction may be

22  construed as seeking the disclosure of confidential trade secrets, financial, commercial,

23  strategic or otherwise proprietary or confidential information, Samsung SDI objects to the

24  disclosure of any such documents or information.  To the extent any such material is

25  produced in this action, Samsung SDI reserves the right to appropriately designate it

26  pursuant to the protective order in place in this action, and to seek such additional terms

27  and protections as may be appropriate.  Samsung SDI further objects to providing

28

W02-WEST:5DYB1\402529434.1
MDL No. 1917

SAMSUNG SDI DEFENDANTS' RESPONSES TO DIRECT
PLAINTIFFS' FIRST SET OF INTERROGATORIES

1  documents or information subject to a confidentiality agreement or other restrictions or to

2  a protective order entered in another action or proceeding, except in accordance with such

3  confidentiality agreements, restrictions or protective orders.

4       9.    Samsung SDI objects to any interrogatory, definition or instruction

5  that calls for the disclosure of information that would violate the legitimate privacy rights

6  and expectations of Samsung SDI employees, directors, officers, affiliates or subsidiaries,

7  both current and former, or other individuals, to the extent that such privacy rights or

8  expectations are protected by law, contract, or public policy.

9       10.    To the extent any interrogatory, definition or instruction may be

10  construed as requiring Samsung SDI to characterize documents or their contents or to

11  speculate as to what documents may or may not show, Samsung SDI objects to such

12  interrogatory, definition or instruction as vague, ambiguous and calling for legal

13  conclusions and speculation.

14       11.    A response by Samsung SDI that it will produce non-privileged

15  documents with information responsive to an interrogatory located in the course of a

16  reasonable search is not a representation that documents in that category exist, nor is such

17  a response (or the production of any documents in a particular category) a representation

18  that Samsung SDI adopts, accepts, affirms or admits the assertions, contentions or

19  definitions used or made in connection with the interrogatory.

20       12.    Samsung SDI objects to each and every interrogatory, definition and

21  instruction to the extent that it purports to impose burdens upon Samsung SDI that are not

22  permitted by law, or seeks to impose greater obligations than those imposed under the

23  Federal Rules of Civil Procedure, the Local Rules of the District Court of the Northern

24  District of California, or any order of the Court.

25       13.    Samsung SDI objects to each and every interrogatory, definition and

26  instruction to the extent that it seeks documents or information the disclosure of which is

27  prohibited by law, regulation, court order, or other authority of the foreign jurisdiction in

28

-3-

1  which the documents or information are located, and/or to the extent such interrogatory,

2  definition or instruction seeks discovery in contravention of principles of public policy or

3  international comity.

4        14.    Samsung SDI objects to the extent that any interrogatory, definition or

5  instruction seeks documents that are not in the possession, custody or control of Samsung

6  SDI. Samsung SDI further objects to the extent that any interrogatory, definition or

7  instruction seeks documents or information in the possession, custody or control of

8  Plaintiffs, or that are equally or more readily available to Plaintiffs from third parties or

9  otherwise.

10        15.    Samsung SDI objects to each and every interrogatory to the extent

11  that it seeks information that is obtainable from some other source that is more convenient,

12  less burdensome, or less expensive.

13        16.    Samsung SDI objects to each and every interrogatory, definition and

14  instruction to the extent that it calls for the creation of documents or data compilations that

15  do not exist or that are not ordinarily kept in the normal course of business.

16        17.    Samsung SDI objects to each and every interrogatory to the extent it

17  is duplicative of or unreasonably cumulative to other discovery propounded and/or

18  produced in this action.

19        18.    Samsung SDI objects to each and every interrogatory, definition and

20  instruction to the extent it assumes disputed facts or legal conclusions. Samsung SDI

21  hereby denies any disputed facts or legal conclusions assumed by each interrogatory,

22  definition and instruction. Any response or objection herein is without prejudice to this

23  objection and Samsung SDI's right to dispute facts and legal conclusions assumed by the

24  interrogatories, definitions and instructions.

25        19.    Samsung SDI objects to each and every interrogatory, definition and

26  instruction to the extent it seeks documents in contravention of Federal Rule of Criminal

27  Procedure 6(e)(2) or other analogous foreign or domestic laws, regulations or orders.

28

-4-

1       20.     Samsung SDI objects to each and every interrogatory, definition and

2  instruction to the extent that it is overbroad, unduly burdensome, and oppressive.

3       21.     Samsung SDI objects to each and every interrogatory, definition and

4  instruction to the extent that it seeks information that is neither relevant to any claims or

5  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

6  evidence.

7                                        **I.**

8                    **OBJECTIONS TO CERTAIN DEFINITIONS**

9          In addition to its General Objections, Samsung SDI objects to certain of

10 Plaintiffs' purported definitions as set forth below:

11       1.     The term "Defendant" means defendants named in the Direct

12 Purchaser Plaintiffs' Consolidated Amended Complaint and their present or former

13 employees, officers, directors, agents, predecessors, successors, parents, subsidiaries,

14 affiliates, joint ventures, or any other person acting on their behalf.

15          **Objection:**  Samsung SDI objects that this purported definition is vague,

16 ambiguous, overbroad, unintelligible, unduly burdensome and oppressive.  Samsung SDI

17 further objects to this definition as purporting to impose a greater burden on Samsung SDI

18 than is otherwise permissible under the law, including without limitation the Federal Rules

19 of Civil Procedure.  Samsung SDI is incapable of providing information on behalf of

20 persons and entities other than Samsung SDI.  Samsung SDI further objects to this

21 definition to the extent it calls for the disclosure of documents or information protected

22 from discovery by the attorney-client privilege and/or work product doctrine.

23       3.     The terms "You," "Your," and "Yourself" means defendant as defined

24 herein.

25          **Objection:**  Samsung SDI objects to these purported definitions on the same

26 grounds as with respect to Plaintiffs' Definition No. 1, each of which objections is

27 incorporated by this reference as though fully set forth herein.

28

SAMSUNG SDI DEFENDANTS' RESPONSES TO DIRECT
                                                 PLAINTIFFS' FIRST SET OF INTERROGATORIES

4.      The term "Document" includes all documents and electronically stored information as defined in Federal Rule of Civil Procedure 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

**Objection:**  Samsung SDI objects that this purported definition is overbroad, unduly burdensome and oppressive, including without limitation due to the inclusion of drafts in this definition.  Samsung SDI further objects to this definition as purporting to impose a greater burden on Samsung SDI than is otherwise permissible under the law, including without limitation the Federal Rules of Civil Procedure.

5.      The term "Employee" means any individual currently in the employ of, or at any time employed by, or acting as the agent of a defendant as defined herein.

**Objection:**  Samsung SDI objects that this purported definition is vague, ambiguous, overbroad, unintelligible, unduly burdensome and oppressive.  Samsung SDI further objects to this definition as purporting to impose a greater burden on Samsung SDI than is otherwise permissible under the law, including without limitation the Federal Rules of Civil Procedure.  Samsung SDI is incapable of providing information on behalf of persons and entities other than Samsung SDI.  Samsung SDI further objects to this definition to the extent it calls for the disclosure of documents or information protected from discovery by the attorney-client privilege and/or work product doctrine.

6.      The term "CRT" means cathode ray tube(s) and "CRT Products" means products containing cathode ray tubes.

**Objection:**  Samsung SDI objects that these purported definitions are vague, ambiguous, overbroad, unduly burdensome and oppressive.  Samsung SDI also objects to these definitions to the extent they seek information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

7.      Unless otherwise noted, the term "Relevant Time Period" means the period from January 1, 1995 through the present.

W02-WEST:5DYB1\402529434.1
MDL No. 1917

SAMSUNG SDI DEFENDANTS' RESPONSES TO DIRECT
PLAINTIFFS' FIRST SET OF INTERROGATORIES

1   **Objection:**  Samsung SDI objects to this purported definition to the extent it

2   calls for information regarding conduct outside the applicable statute(s) of limitations

3   and/or continuing to the present on the grounds that it is overbroad, unduly burdensome,

4   oppressive and seeks information that is neither relevant to any claims or defenses in this

5   litigation nor reasonably calculated to lead to the discovery of admissible evidence.

6   Samsung SDI further objects to this definition to the extent it purports to impose a greater

7   burden on Samsung SDI than is otherwise permissible under the law, including without

8   limitation the Federal Rules of Civil Procedure.

9         9.     The term "Date" means the exact day, month and year, if

10   ascertainable, or the best available approximation, including any relationship to other

11   known events (designate whether exact or approximate).

12         **Objection:**  Samsung SDI objects that this purported definition is vague,

13   ambiguous, overbroad, unintelligible, unduly burdensome and oppressive.  Samsung SDI

14   further objects to this definition as purporting to impose a greater burden on Samsung SDI

15   than is otherwise permissible under the law, including without limitation the Federal Rules

16   of Civil Procedure.

17   **II.**

18   **OBJECTIONS TO INSTRUCTIONS**

19         In addition to its General Objections and Objections to Certain Definitions,

20   Samsung SDI objects to Plaintiffs' purported instructions as follows:

21         1.     When asked to identify a natural person, state the person's name,

22   employer, position dates of employment/tenure, and home address for all times during the

23   Relevant Time Period.  If any of such information has changed during the relevant time

24   period, specify the time period to which the information provided in your answer pertains.

25         **Objection:**  Samsung SDI objects to this purported instruction on the

26   grounds that it is overbroad, unduly burdensome, unreasonable and inconsistent with

27   common usage of the term "identify."  Samsung SDI further objects to this instruction to

28

SAMSUNG SDI DEFENDANTS' RESPONSES TO DIRECT
PLAINTIFFS' FIRST SET OF INTERROGATORIES

1  the extent it calls for the disclosure of information that would violate the legitimate privacy

2  rights and expectations of Samsung SDI's employees, directors, officers, affiliates, and

3  subsidiaries, both current and former, and other individuals.  Samsung SDI's current

4  employees may be contacted through undersigned counsel for Samsung SDI.  Samsung

5  SDI further objects to this instruction as purporting to impose a greater burden on Samsung

6  SDI than is otherwise permissible under the law, including without limitation the Federal

7  Rules of Civil Procedure.

8          2.      When asked to identify any entity other than a natural person, state the

9  name and address of the principal office or headquarters.  If any of the information has

10  changed during the Relevant Time Period, specify the time period to which the information

11  provided in your answer pertains.

12          **Objection:**  Samsung SDI objects to this instruction on the grounds that it is

13  overbroad, unduly burdensome, unreasonable and inconsistent with common usage of the

14  term "identify."  Samsung SDI further objects to this instruction as purporting to impose a

15  greater burden on Samsung SDI than is otherwise permissible under the law, including

16  without limitation the Federal Rules of Civil Procedure.

17          3.      If the responding party elects to produce business records in response

18  to an interrogatory pursuant to Federal Rule of Civil Procedure 33(d), the responding party

19  shall produce the records as they are kept in the usual course of business or shall organize

20  and label them to corresponding with the interrogatory.  If the document is being produced

21  in its native electronic format (allowing the document to retain its metadata), identify the

22  document using its hash or other appropriate electronic identification and identify to the

23  interrogatories to which the document is responsive.  If the document is not being

24  produced in electronic form, identify the document using the applicable bates numbers or

25  specifically identify the type of document being produced (e.g., letter, memorandum,

26  telegram, contract, invoice, etc.), its date and author(s), its custodian, and every person to

27  whom such document or any copy thereof was given or sent.  For all documents produced

28

-8-

SAMSUNG SDI DEFENDANTS' RESPONSES TO DIRECT
PLAINTIFFS' FIRST SET OF INTERROGATORIES

1  pursuant to Rule 33(d), identify the name of the employee, officer, or agent certifying the

2  documents as business records.

3        **Objection:**  Samsung SDI objects to this instruction on the grounds that it is

4  overbroad, unduly burdensome, unreasonable and oppressive.  Samsung SDI further

5  objects to this instruction as purporting to impose a greater burden on Samsung SDI than is

6  otherwise permissible under the law, including without limitation the Federal Rules of

7  Civil Procedure.

8  **III.**

9  **RESPONSES TO INTERROGATORIES**

10        Subject to the foregoing General Objections, Objections to Certain

11  Definitions and Objections to Instructions, Samsung SDI hereby responds to Plaintiffs'

12  individual interrogatories as follows:

13        Samsung SDI makes these responses in good faith to Plaintiffs'

14  interrogatories as framed.  Samsung SDI stands ready and willing to meet and confer at a

15  mutually convenient and appropriate time and place to resolve such disputes as may exist

16  between the parties regarding its responses herein.

17  **INTERROGATORY NO. 1:**

18        State the name, address, and relationship to You of each person who

19  prepared or assisted in the preparation of the responses to these interrogatories. (Do not

20  identify anyone who simply typed or reproduced the responses.)

21  **RESPONSE TO INTERROGATORY NO. 1:**

22        In addition to its General Objections, Objections to Certain Definitions and

23  Objections to Instructions, each of which is incorporated by this reference as though fully

24  set forth herein, Samsung SDI objects to this interrogatory to the extent that it seeks

25  privileged or immune information, including without limitation information subject to the

26  attorney-client privilege, common-interest privilege, work-product doctrine, joint defense

27  privilege, and/or relating to confidential plea or settlement negotiations, and/or any other

28

-9-

1  privilege or immunity.  Samsung SDI also objects to this interrogatory on the grounds that

2  it seeks information that is neither relevant to any claims or defenses in this litigation nor

3  reasonably calculated to lead to the discovery of admissible evidence.  Samsung SDI

4  further objects to this interrogatory to the extent it calls for the disclosure of information

5  that would violate the legitimate privacy rights and expectations of Samsung SDI

6  employees, directors, officers, affiliates, and subsidiaries, both current and former, and

7  other individuals.

8        Subject to and without limiting each of these objections, Samsung SDI

9  responds that its responses to Plaintiff's interrogatories were prepared by Samsung SDI's

10  attorneys, Sheppard, Mullin, Richter & Hampton LLP, with the assistance of Yongtae

11  Kim, Senior Manager, Samsung SDI Co., Ltd.

12  **INTERROGATORY NO. 2:**

13        Identify each current and former employee who has or had any managerial

14  responsibility for recommending, reviewing, setting or approving prices, bids, quotes, or

15  rebates for Your CRT and/or CRT Products during the Relevant Time Period. For each

16  person identified, include his or her name, address, title, location, the division or unit of the

17  company where he or she worked, and a description of his or her responsibilities

18  throughout the Relevant Time Period.

19  **RESPONSE TO INTERROGATORY NO. 2:**

20        In addition to its General Objections, Objections to Certain Definitions and

21  Objections to Instructions, each of which is incorporated by this reference as though fully

22  set forth herein, Samsung SDI objects to this interrogatory to the extent that it seeks

23  privileged or immune information, including without limitation information subject to the

24  attorney-client privilege, common-interest privilege, work-product doctrine, joint defense

25  privilege, and/or relating to confidential plea or settlement negotiations, and/or any other

26  privilege or immunity.  Samsung SDI also objects to this interrogatory to the extent it calls

27  for the disclosure of information that would violate the legitimate privacy rights and

28

-10-

expectations of Samsung employees, directors, officers, affiliates, and subsidiaries, both current and former, and other individuals.  Samsung SDI further objects to this interrogatory on the grounds that it is vague and ambiguous, including without limitation as to the phrase "any managerial responsibility" as used in this interrogatory.  Samsung SDI also objects to this interrogatory to the extent it seeks information regarding conduct outside the applicable statute(s) of limitations and/or continuing to the present on the grounds that it is overbroad, unduly burdensome, oppressive and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Samsung SDI further objects to this interrogatory to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce, on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.

Subject to and without limiting each of these objections, Samsung SDI will produce and identify non-privileged documents with responsive information located in the course of a reasonable search, including without limitation, as to documents produced to date, SDCRT-0001846-1858.

**INTERROGATORY NO. 3:**

Identify each employee with pricing authority who attended any trade association during the Relevant Time Period relating to CRT and/or CRT Products and state with respect to each employee:

(a)     the trade association attended;

(b)     the dates of attendance;

(c)     any offices, chairs or committee positions held in each of the trade associations; and

-11-

1     (d)  the dates which those offices, chairs or committee positions were

2 held.

3 **RESPONSE TO INTERROGATORY NO. 3:**

4     In addition to its General Objections, Objections to Certain Definitions and

5 Objections to Instructions, each of which is incorporated by this reference as though fully

6 set forth herein, Samsung SDI objects to this interrogatory on the grounds that it is vague

7 and ambiguous, including without limitation as to the phrase "pricing authority" as used in

8 this interrogatory.  Samsung SDI also objects to this interrogatory to the extent it seeks

9 information regarding conduct outside the applicable statute(s) of limitations and/or

10 continuing to the present on the grounds that it is overbroad, unduly burdensome,

11 oppressive and seeks information that is neither relevant to any claims or defenses in this

12 litigation nor reasonably calculated to lead to the discovery of admissible evidence.

13 Samsung SDI further objects to this interrogatory to the extent it seeks the discovery of

14 information regarding the sale of CRTs or finished products containing CRTs outside of

15 the United States and unrelated to United States commerce, on the grounds that it is

16 overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the

17 discovery of admissible evidence.  Such sales are beyond the scope of this litigation,

18 outside the subject-matter jurisdiction of the antitrust laws of the United States, and

19 beyond the jurisdiction or reach of the laws of any State.  Samsung SDI also objects to this

20 interrogatory to the extent it seeks information or documents in the possession, custody or

21 control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

22 defendants, third parties or otherwise.  Samsung SDI further objects to this interrogatory

23 on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks

24 information that is neither relevant to any claims or defenses in this litigation nor

25 reasonably calculated to lead to the discovery of admissible evidence.

26     Subject to and without limiting each of these objections, Samsung SDI will

27 produce and identify non-privileged documents with responsive information located in the

28

-12-

SAMSUNG SDI DEFENDANTS' RESPONSES TO DIRECT
PLAINTIFFS' FIRST SET OF INTERROGATORIES

1   course of a reasonable search.

2   **INTERROGATORY NO. 4:**

3   Identify each actual or proposed agreement between You and any producer

4   of CRT and/or CRT Products, including the named defendants in this coordinated

5   proceeding, relating to prices, pricing, production or inventory levels of CRT and/or CRT

6   Products during the relevant time period. Agreements shall include drafts. For every such

7   actual or proposed agreement state:

8   (a)     the identity of the participants and all persons with knowledge

9   thereof;

10  (b)     when such agreement was entered into;

11  (c)     where such agreement was entered into;

12  (d)     the terms of such agreement, and

13  (e)     when, how and which of your officers, directors or employees

14  discovered the existence of such agreement.

15  **RESPONSE TO INTERROGATORY NO. 4:**

16  In addition to its General Objections, Objections to Certain Definitions and

17  Objections to Instructions, each of which is incorporated by this reference as though fully

18  set forth herein, Samsung SDI objects to this interrogatory to the extent that it seeks

19  privileged or immune information, including without limitation information subject to the

20  attorney-client privilege, common-interest privilege, work-product doctrine, joint defense

21  privilege, and/or relating to confidential plea or settlement negotiations, and/or any other

22  privilege or immunity. Samsung SDI further objects to this interrogatory on the grounds

23  that it is vague and ambiguous, including without limitation as to the phrase "actual or

24  proposed agreement" as used in this interrogatory. Samsung SDI also objects to this

25  interrogatory to the extent it seeks information regarding conduct outside the applicable

26  statute(s) of limitations and/or continuing to the present on the grounds that it is overbroad,

27  unduly burdensome, oppressive and seeks information that is neither relevant to any claims

28

-13-

1  or defenses in this litigation nor reasonably calculated to lead to the discovery of

2  admissible evidence.  Samsung SDI further objects to this interrogatory to the extent it

3  seeks the discovery of information regarding the sale of CRTs or finished products

4  containing CRTs outside of the United States and unrelated to United States commerce, on

5  the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably

6  calculated to lead to the discovery of admissible evidence.  Such sales are beyond the

7  scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the

8  United States, and beyond the jurisdiction or reach of the laws of any State.  Samsung SDI

9  also objects to this interrogatory to the extent it seeks information or documents in the

10  possession, custody or control of Plaintiffs, or that are equally or more readily available to

11  Plaintiffs from other defendants, third parties or otherwise.  Samsung SDI further objects

12  to this interrogatory on the grounds that it is overbroad, unduly burdensome, and

13  oppressive, and seeks documents and information that are neither relevant to any claims or

14  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

15  evidence.

16        Subject to and without limiting each of these objections, Samsung SDI will

17  produce and identify non-privileged documents with responsive information located in the

18  course of a reasonable search.

19  **INTERROGATORY NO. 5:**

20        Identify any meeting or communication between You and other producers of

21  CRT and/or CRT Products during the Relevant Time Period, including the named

22  Defendants in this coordinated proceeding, regarding CRT and/or CRT Product pricing,

23  price increase announcements, terms or conditions of sales, profit margins or market share,

24  production levels, inventory, customers, auctions, reverse auctions, dynamic bidding

25  events, or sales, and for each such meeting or communication:

26        (a)    provide the date and location of the meeting or communication;

27        (b)    identify the person(s) who initiated, called, organized, attended or

28

-14-

1  participated in the meeting or communication;

2          (c)     describe the subject matter discussed and any information you
3  provided or received;

4          (d)     describe every action taken by you as a result of the meeting or
5  communication; and

6          (e)     identify all persons with knowledge relating to the meeting or
7  communication.

8  **RESPONSE TO INTERROGATORY NO. 5:**

9          In addition to its General Objections, Objections to Certain Definitions and
10 Objections to Instructions, each of which is incorporated by this reference as though fully
11 set forth herein, Samsung SDI objects to this interrogatory to the extent that it seeks
12 privileged or immune information, including without limitation information subject to the
13 attorney-client privilege, common-interest privilege, work-product doctrine, joint defense
14 privilege, and/or relating to confidential plea or settlement negotiations, and/or any other
15 privilege or immunity.  Samsung SDI further objects to this interrogatory on the grounds
16 that it is vague and ambiguous, including without limitation as to the phrase "actual or
17 proposed agreement" as used in this interrogatory.  Samsung SDI also objects to this
18 interrogatory to the extent it seeks information regarding conduct outside the applicable
19 statute(s) of limitations and/or continuing to the present on the grounds that it is overbroad,
20 unduly burdensome, oppressive and seeks information that is neither relevant to any claims
21 or defenses in this litigation nor reasonably calculated to lead to the discovery of
22 admissible evidence.  Samsung SDI further objects to this interrogatory to the extent it
23 seeks the discovery of information regarding the sale of CRTs or finished products
24 containing CRTs outside of the United States and unrelated to United States commerce, on
25 the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably
26 calculated to lead to the discovery of admissible evidence.  Such sales are beyond the
27 scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the

28

-15-

1   United States, and beyond the jurisdiction or reach of the laws of any State.  Samsung SDI

2   also objects to this interrogatory to the extent it seeks information or documents in the

3   possession, custody or control of Plaintiffs, or that are equally or more readily available to

4   Plaintiffs from other defendants, third parties or otherwise.  Samsung SDI further objects

5   to this interrogatory on the grounds that it is overbroad, unduly burdensome, and

6   oppressive, and seeks documents and information that are neither relevant to any claims or

7   defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

8   evidence.

9           Subject to and without limiting each of these objections, Samsung SDI will

10  produce and identify non-privileged documents with responsive information located in the

11  course of a reasonable search, including without limitation, as to documents produced to

12  date, SDCRT-0002417-7660.

13  **INTERROGATORY NO. 6:**

14          Identify each instance during the Relevant Time Period in which You or any

15  other producer of CRT and/or CRT Products, including the named defendants in this

16  coordinated proceeding, instituted a price increase or decrease for CRT and/or CRT

17  Products, and for each such instance:

18          (a)     when such price increase or decrease was announced publicly;

19          (b)     when such price increase or decrease was implemented;

20          (c)     the amount of the price increase or decrease;

21          (d)     whether such price increase or decrease was withdrawn;

22          (e)     each person with responsibility for implementing such price increase

23  or decrease or its withdrawal; and

24          (f)     any explanation given for such price increase or decrease or

25  withdrawal.

26  **RESPONSE TO INTERROGATORY NO. 6:**

27          In addition to its General Objections, Objections to Certain Definitions and

28

-16-

SAMSUNG SDI DEFENDANTS' RESPONSES TO DIRECT
PLAINTIFFS' FIRST SET OF INTERROGATORIES

1  Objections to Instructions, each of which is incorporated by this reference as though fully

2  set forth herein, Samsung SDI objects to this interrogatory to the extent that it seeks

3  privileged or immune information, including without limitation information subject to the

4  attorney-client privilege, common-interest privilege, work-product doctrine, joint defense

5  privilege, and/or relating to confidential plea or settlement negotiations, and/or any other

6  privilege or immunity.  Samsung SDI further objects to this interrogatory on the grounds

7  that it is vague and ambiguous, including without limitation as to the phrase "instituted a

8  price increase or decrease" as used in this interrogatory.  Samsung SDI also objects to this

9  interrogatory to the extent it seeks information regarding conduct outside the applicable

10  statute(s) of limitations and/or continuing to the present on the grounds that it is overbroad,

11  unduly burdensome, oppressive and seeks information that is neither relevant to any claims

12  or defenses in this litigation nor reasonably calculated to lead to the discovery of

13  admissible evidence.  Samsung SDI further objects to this interrogatory to the extent it

14  seeks the discovery of information regarding the sale of CRTs or finished products

15  containing CRTs outside of the United States and unrelated to United States commerce, on

16  the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably

17  calculated to lead to the discovery of admissible evidence.  Such sales are beyond the

18  scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the

19  United States, and beyond the jurisdiction or reach of the laws of any State.  Samsung SDI

20  also objects to this interrogatory to the extent it seeks information or documents in the

21  possession, custody or control of Plaintiffs, or that are equally or more readily available to

22  Plaintiffs from other defendants, third parties or otherwise.  Samsung SDI further objects

23  to this interrogatory on the grounds that it is overbroad, unduly burdensome, and

24  oppressive, and seeks information that is neither relevant to any claims or defenses in this

25  litigation nor reasonably calculated to lead to the discovery of admissible evidence.

26          Subject to and without limiting each of these objections, Samsung SDI will

27  produce and identify non-privileged documents with responsive information located in the

28

-17-

SAMSUNG SDI DEFENDANTS' RESPONSES TO DIRECT
PLAINTIFFS' FIRST SET OF INTERROGATORIES

1  course of a reasonable search.

2  **INTERROGATORY NO. 7:**

3      Identify and describe all joint ventures, partnerships or other cooperative

4  business relationships, during the Relevant Time Period, relating to CRT and/or CRT

5  Products between You and any other CRT or CRT Products producer.

6  **RESPONSE TO INTERROGATORY NO. 7:**

7      In addition to its General Objections, Objections to Certain Definitions and

8  Objections to Instructions, each of which is incorporated by this reference as though fully

9  set forth herein, Samsung SDI objects to this interrogatory on the grounds that it is vague

10  and ambiguous, including without limitation as to the phrases "joint ventures",

11  "partnerships" and "cooperative business relationships" as used in this interrogatory.

12  Samsung SDI also objects to this interrogatory to the extent it seeks information regarding

13  conduct outside the applicable statute(s) of limitations and/or continuing to the present on

14  the grounds that it is overbroad, unduly burdensome, oppressive and seeks information that

15  is neither relevant to any claims or defenses in this litigation nor reasonably calculated to

16  lead to the discovery of admissible evidence.  Samsung SDI further objects to this

17  interrogatory to the extent it seeks the discovery of information regarding the sale of CRTs

18  or finished products containing CRTs outside of the United States and unrelated to United

19  States commerce, on the grounds that it is overbroad, unduly burdensome, irrelevant, and

20  not reasonably calculated to lead to the discovery of admissible evidence.  Such sales are

21  beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust

22  laws of the United States, and beyond the jurisdiction or reach of the laws of any State.

23  Samsung SDI also objects to this interrogatory to the extent it seeks information or

24  documents in the possession, custody or control of Plaintiffs, or that are equally or more

25  readily available to Plaintiffs from other defendants, third parties or otherwise.  Samsung

26  SDI further objects to this interrogatory on the grounds that it is overbroad, unduly

27  burdensome, and oppressive, and seeks information that is neither relevant to any claims or

28

-18-

1   defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

2   evidence, including without limitation information as to Samsung SDI's non-CRT

3   operations.

4           Subject to and without limiting each of these objections, Samsung SDI will

5   produce and identify non-privileged documents with responsive information located in the

6   course of a reasonable search.

7   **INTERROGATORY NO. 8:**

8           Identify every channel used by You to sell, market, or distribute CRT and/or

9   CRT Products during the Relevant Time Period. If You used different channels at different

10  points within the Relevant Time Period, identify when You used each channel to sell,

11  market, or distribute CRT and/or CRT Products.

12  **RESPONSE TO INTERROGATORY NO. 8:**

13          In addition to its General Objections, Objections to Certain Definitions and

14  Objections to Instructions, each of which is incorporated by this reference as though fully

15  set forth herein, Samsung SDI objects to this interrogatory on the grounds that it is vague

16  and ambiguous, including without limitation as to the term "channel" as used in this

17  interrogatory.  Samsung SDI also objects to this interrogatory to the extent it seeks

18  information regarding conduct outside the applicable statute(s) of limitations and/or

19  continuing to the present on the grounds that it is overbroad, unduly burdensome,

20  oppressive and seeks information that is neither relevant to any claims or defenses in this

21  litigation nor reasonably calculated to lead to the discovery of admissible evidence.

22  Samsung SDI further objects to this interrogatory to the extent it seeks the discovery of

23  information regarding the sale of CRTs or finished products containing CRTs outside of

24  the United States and unrelated to United States commerce, on the grounds that it is

25  overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the

26  discovery of admissible evidence.  Such sales are beyond the scope of this litigation,

27  outside the subject-matter jurisdiction of the antitrust laws of the United States, and

28

-19-

1   beyond the jurisdiction or reach of the laws of any State.  Samsung SDI also objects to this

2   interrogatory to the extent it seeks information or documents in the possession, custody or

3   control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

4   defendants, third parties or otherwise.

5           Subject to and without limiting each of these objections, Samsung SDI will

6   produce and identify non-privileged documents with responsive information located in the

7   course of a reasonable search.

8   **INTERROGATORY NO. 9:**

9           Identify every channel used by you to purchase CRT and/or CRT Products

10  during the Relevant Time Period.  If You used different channels at different points within

11  the Relevant Time Period, identify when You used each channel to purchase CRT or CRT

12  Products.

13  **RESPONSE TO INTERROGATORY NO. 9:**

14          In addition to its General Objections, Objections to Certain Definitions and

15  Objections to Instructions, each of which is incorporated by this reference as though fully

16  set forth herein, Samsung SDI objects to this interrogatory on the grounds that it is vague

17  and ambiguous, including without limitation as to the term "channel" as used in this

18  interrogatory.  Samsung SDI also objects to this interrogatory to the extent it seeks

19  information regarding conduct outside the applicable statute(s) of limitations and/or

20  continuing to the present on the grounds that it is overbroad, unduly burdensome,

21  oppressive and seeks information that is neither relevant to any claims or defenses in this

22  litigation nor reasonably calculated to lead to the discovery of admissible evidence.

23  Samsung SDI further objects to this interrogatory to the extent it seeks the discovery of

24  information regarding the sale of CRTs or finished products containing CRTs outside of

25  the United States and unrelated to United States commerce, on the grounds that it is

26  overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the

27  discovery of admissible evidence.  Such sales are beyond the scope of this litigation,

28

-20-

1    outside the subject-matter jurisdiction of the antitrust laws of the United States, and

2    beyond the jurisdiction or reach of the laws of any State.  Samsung SDI also objects to this

3    interrogatory to the extent it seeks information or documents in the possession, custody or

4    control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

5    defendants, third parties or otherwise.  SDI further objects to this interrogatory on the

6    grounds that it is overbroad, unduly burdensome, and oppressive, and seeks information

7    that is neither relevant to any claims or defenses in this litigation nor reasonably calculated

8    to lead to the discovery of admissible evidence, including without limitation information as

9    to Samsung SDI's non-CRT operations.

10   **INTERROGATORY NO. 10:**

11           Identify the CRT and/or CRT Products that You manufactured or produced

12   for each month within the Relevant Time Period, including the brand name, product

13   number, and intended use.

14   **RESPONSE TO INTERROGATORY NO. 10:**

15           In addition to its General Objections, Objections to Certain Definitions and

16   Objections to Instructions, each of which is incorporated by this reference as though fully

17   set forth herein, Samsung SDI objects to this interrogatory on the grounds that it is vague

18   and ambiguous, including without limitation as to the phrase "intended use" as used in this

19   interrogatory.  Samsung SDI also objects to this interrogatory to the extent it seeks

20   information regarding conduct outside the applicable statute(s) of limitations and/or

21   continuing to the present on the grounds that it is overbroad, unduly burdensome,

22   oppressive and seeks information that is neither relevant to any claims or defenses in this

23   litigation nor reasonably calculated to lead to the discovery of admissible evidence.

24   Samsung SDI further objects to this interrogatory to the extent it seeks the discovery of

25   information regarding the sale of CRTs or finished products containing CRTs outside of

26   the United States and unrelated to United States commerce, on the grounds that it is

27   overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the

28

-21-

1  discovery of admissible evidence.  Such sales are beyond the scope of this litigation,

2  outside the subject-matter jurisdiction of the antitrust laws of the United States, and

3  beyond the jurisdiction or reach of the laws of any State.  Samsung SDI also objects to this

4  interrogatory to the extent it seeks information or documents in the possession, custody or

5  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

6  defendants, third parties or otherwise.

7          Subject to and without limiting each of these objections, Samsung SDI will

8  produce and identify non-privileged documents with responsive information located in the

9  course of a reasonable search.

10  **INTERROGATORY NO. 11:**

11          Identify the CRT and/or CRT Products You sold, marketed, or distributed for

12  each month within the Relevant Time Period, including the brand name, product number,

13  and intended use.

14  **RESPONSE TO INTERROGATORY NO. 11:**

15          In addition to its General Objections, Objections to Certain Definitions and

16  Objections to Instructions, each of which is incorporated by this reference as though fully

17  set forth herein, Samsung SDI objects to this interrogatory on the grounds that it is vague

18  and ambiguous, including without limitation as to the phrase "intended use" as used in this

19  interrogatory.  Samsung SDI also objects to this interrogatory to the extent it seeks

20  information regarding conduct outside the applicable statute(s) of limitations and/or

21  continuing to the present on the grounds that it is overbroad, unduly burdensome,

22  oppressive and seeks information that is neither relevant to any claims or defenses in this

23  litigation nor reasonably calculated to lead to the discovery of admissible evidence.

24  Samsung SDI further objects to this interrogatory to the extent it seeks the discovery of

25  information regarding the sale of CRTs or finished products containing CRTs outside of

26  the United States and unrelated to United States commerce, on the grounds that it is

27  overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the

28

1  discovery of admissible evidence. Such sales are beyond the scope of this litigation,

2  outside the subject-matter jurisdiction of the antitrust laws of the United States, and

3  beyond the jurisdiction or reach of the laws of any State. Samsung SDI also objects to this

4  interrogatory to the extent it seeks information or documents in the possession, custody or

5  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

6  defendants, third parties or otherwise.

7          Subject to and without limiting each of these objections, Samsung SDI will

8  produce and identify non-privileged documents with responsive information located in the

9  course of a reasonable search.

10 **INTERROGATORY NO. 12:**

11         Provide Your sales of CRT and/or CRT Products to the United States and

12 globally for each month from January 1, 1991 to the present. For each month during this

13 period, state the volume of sales, the U.S. dollar value of sales, the unit sale price, the per

14 unit cost to produce CRT and/or CRT Products, the per unit cost to distribute CRT and/or

15 CRT Products (including overseas freight, tariff, customs, duties, inland freight, storage,

16 insurance, dealer commissions), and the per unit profit earned.

17 **RESPONSE TO INTERROGATORY NO. 12:**

18         In addition to its General Objections, Objections to Certain Definitions and

19 Objections to Instructions, each of which is incorporated by this reference as though fully

20 set forth herein, Samsung SDI objects to this interrogatory as vague and ambiguous,

21 including without limitation as to the term "cost". Samsung SDI also objects to this

22 interrogatory to the extent it seeks information that is properly the subject of expert

23 discovery, and is therefore premature, and/or to the extent that this interrogatory calls for

24 the disclosure of documents or information constituting or containing non-testifying expert

25 opinions protected from discovery pursuant to, *inter alia*, Fed. R. Civ. Proc. 26(b)(4)(B).

26 Samsung SDI further objects to this interrogatory to the extent it calls for the creation of

27 documents or data compilations that do not exist or are not ordinarily kept in the normal

28

-23-

1  course of business.  Samsung SDI also objects to this interrogatory to the extent it seeks

2  information regarding conduct outside the applicable statute(s) of limitations and/or

3  continuing to the present on the grounds that it is overbroad, unduly burdensome,

4  oppressive and seeks information that is neither relevant to any claims or defenses in this

5  litigation nor reasonably calculated to lead to the discovery of admissible evidence.

6  Samsung SDI further objects to this interrogatory to the extent it seeks the discovery of

7  information regarding the sale of CRTs or finished products containing CRTs outside of

8  the United States and unrelated to United States commerce, on the grounds that it is

9  overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the

10  discovery of admissible evidence.  Such sales are beyond the scope of this litigation,

11  outside the subject-matter jurisdiction of the antitrust laws of the United States, and

12  beyond the jurisdiction or reach of the laws of any State.  Samsung SDI also objects to this

13  interrogatory to the extent it seeks information or documents in the possession, custody or

14  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

15  defendants, third parties or otherwise.  SDI further objects to this interrogatory on the

16  grounds that it is overbroad, unduly burdensome, and oppressive, and seeks information

17  that is neither relevant to any claims or defenses in this litigation nor reasonably calculated

18  to lead to the discovery of admissible evidence.

19     Subject to and without limiting each of these objections, Samsung SDI will

20  produce and identify non-privileged documents with responsive information located in the

21  course of a reasonable search, including without limitation, as to documents produced to

22  date, SDCRT-0000039-0001162; SDCRT-0002027; and SDCRT-0002028-2416.

23  **INTERROGATORY NO. 13:**

24     If You offered different prices to different markets, or on a spot market

25  versus contract basis, during the Relevant Time Period, so indicate in the statistical data

26  supplied in response to Interrogatory No. 6.

27

28

-24-

1   **RESPONSE TO INTERROGATORY NO. 13:**

2           In addition to its General Objections, Objections to Certain Definitions and

3   Objections to Instructions, each of which is incorporated by this reference as though fully

4   set forth herein, Samsung SDI objects to this interrogatory as vague and ambiguous,

5   including without limitation as to the term "spot market". Samsung SDI further objects to

6   this interrogatory to the extent it calls for the creation of documents or data compilations

7   that do not exist or are not ordinarily kept in the normal course of business. Samsung SDI

8   also objects to this interrogatory to the extent it seeks information regarding conduct

9   outside the applicable statute(s) of limitations and/or continuing to the present on the

10  grounds that it is overbroad, unduly burdensome, oppressive and seeks information that is

11  neither relevant to any claims or defenses in this litigation nor reasonably calculated to

12  lead to the discovery of admissible evidence. Samsung SDI further objects to this

13  interrogatory to the extent it seeks the discovery of information regarding the sale of CRTs

14  or finished products containing CRTs outside of the United States and unrelated to United

15  States commerce, on the grounds that it is overbroad, unduly burdensome, irrelevant, and

16  not reasonably calculated to lead to the discovery of admissible evidence. Such sales are

17  beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust

18  laws of the United States, and beyond the jurisdiction or reach of the laws of any State.

19  Samsung SDI also objects to this interrogatory to the extent it seeks information or

20  documents in the possession, custody or control of Plaintiffs, or that are equally or more

21  readily available to Plaintiffs from other defendants, third parties or otherwise. SDI further

22  objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and

23  oppressive, and seeks information that is neither relevant to any claims or defenses in this

24  litigation nor reasonably calculated to lead to the discovery of admissible evidence.

25          Subject to and without limiting each of these objections, Samsung SDI will

26  produce and identify non-privileged documents with responsive information located in the

27  course of a reasonable search.

28

1  **INTERROGATORY NO. 14:**

2        Provide Your aggregate purchases (in both number of units and revenue in

3  U.S. dollars) of CRT and/or CRT Products for each month from January 1, 1991 to the

4  present.

5  **RESPONSE TO INTERROGATORY NO. 14:**

6        In addition to its General Objections, Objections to Certain Definitions and

7  Objections to Instructions, each of which is incorporated by this reference as though fully

8  set forth herein, Samsung SDI objects to this interrogatory as vague and ambiguous,

9  including without limitation as to the term "CRT Products".  Samsung SDI also objects to

10  this interrogatory to the extent it seeks information regarding conduct outside the

11  applicable statute(s) of limitations and/or continuing to the present on the grounds that it is

12  overbroad, unduly burdensome, oppressive and seeks information that is neither relevant to

13  any claims or defenses in this litigation nor reasonably calculated to lead to the discovery

14  of admissible evidence.  Samsung SDI further objects to this interrogatory to the extent it

15  seeks the discovery of information regarding the sale of CRTs or finished products

16  containing CRTs outside of the United States and unrelated to United States commerce, on

17  the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably

18  calculated to lead to the discovery of admissible evidence.  Such sales are beyond the

19  scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the

20  United States, and beyond the jurisdiction or reach of the laws of any State.  Samsung SDI

21  also objects to this interrogatory to the extent it seeks information or documents in the

22  possession, custody or control of Plaintiffs, or that are equally or more readily available to

23  Plaintiffs from other defendants, third parties or otherwise.  SDI further objects to this

24  interrogatory on the grounds that it is overbroad, unduly burdensome, and oppressive, and

25  seeks information that is neither relevant to any claims or defenses in this litigation nor

26  reasonably calculated to lead to the discovery of admissible evidence.

27

28

-26-

**INTERROGATORY NO. 15:**

Provide Your aggregate purchases (in units and U.S. dollars) of CRT or CRT Products from each of the other named defendants in this coordinated proceeding, for the purpose of resale, for each month during from January 1, 1991 to the present.

**RESPONSE TO INTERROGATORY NO. 15:**

In addition to its General Objections, Objections to Certain Definitions and Objections to Instructions, each of which is incorporated by this reference as though fully set forth herein, Samsung SDI objects to this interrogatory as vague and ambiguous, including without limitation as to the term "CRT Products". Samsung SDI also objects to this interrogatory to the extent it seeks information regarding conduct outside the applicable statute(s) of limitations and/or continuing to the present on the grounds that it is overbroad, unduly burdensome, oppressive and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Samsung SDI further objects to this interrogatory to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce, on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State. Samsung SDI also objects to this interrogatory to the extent it seeks information or documents in the possession, custody or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other defendants, third parties or otherwise. SDI further objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

W02-WEST:5DYB1\402529434.1
MDL No. 1917

SAMSUNG SDI DEFENDANTS' RESPONSES TO DIRECT
PLAINTIFFS' FIRST SET OF INTERROGATORIES

1 **INTERROGATORY NO. 16:**

2      State whether any documents or information responsive to this set of

3 interrogatories were destroyed, discarded, erased, deleted, purged, or otherwise lost. If

4 Your answer is in any way in the affirmative:

5      (a)    describe in detail the contents of each such document or information

6 and the date it was destroyed, discarded, erased, deleted, purged or lost;

7      (b)    identify each person who had any role or responsibility in destroying,

8 discarding, erasing, purging, deleting or losing of each such document or information; and

9      (c)    describe in detail the circumstances under which each such document

10 or information was destroyed, discarded, erased, deleted, purged, or lost.

11 **RESPONSE TO INTERROGATORY NO. 16:**

12      In addition to its General Objections, Objections to Certain Definitions and

13 Objections to Instructions, each of which is incorporated by this reference as though fully

14 set forth herein, Samsung SDI objects to this interrogatory to the extent that it seeks

15 privileged or immune information, including without limitation information subject to the

16 attorney-client privilege, common-interest privilege, work-product doctrine, joint defense

17 privilege, and/or relating to confidential plea or settlement negotiations, and/or any other

18 privilege or immunity.  SDI further objects to this interrogatory on the grounds that it is

19 grossly overbroad, unduly burdensome, unreasonable and oppressive, and seeks

20 information that is neither relevant to any claims or defenses in this litigation nor

21 reasonably calculated to lead to the discovery of admissible evidence.  Samsung SDI

22 objects to this interrogatory as an improper attempt to impose burdens upon Samsung SDI

23 that are not permitted by law, and greater obligations than those imposed under the Federal

24 Rules of Civil Procedure and the Local Rules of the District Court of the Northern District

25 of California.

26      Subject to and without limiting each of these objections, Samsung SDI

27 responds that it has complied with its obligations under the Federal Rules of Civil

28

-28-

1  Procedure to take reasonable steps to preserve potentially relevant information in

2  connection with Plaintiffs' actions.

3

4  DATED:  May 12, 2010

5  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

6

7  By          /s/ Michael W. Scarborough

8  MICHAEL W. SCARBOROUGH

9  Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,

10  SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,

11  SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,

12  SHENZEN SAMSUNG SDI CO., LTD. and

13  TIANJIN SAMSUNG SDI CO., LTD.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-29-

1    **VERIFICATION**

2         I, Yongtae Kim, am a Senior Manager, Samsung SDI Co., Ltd., and am

3    authorized to make this Verification on Samsung SDI's behalf.  I have read the attached

4    Samsung SDI Defendants' Responses to Direct Purchaser Plaintiffs' First Set of

5    Interrogatories, and know its contents.  I am informed and believe that the matters and

6    things stated therein are true, and upon that ground allege that the matters and things stated

7    therein are true.

8

9         I declare under penalty of perjury under the laws of the United States that the

10   foregoing is true and correct.

11

12        Executed on May 12, 2010, at  Yongin-si, Korea.

13

14                                              _____

15                                                   [Yongtae Kim]

16

17

18

19

20

21

22

23

24

25

26

27

28

-30-

W02-WEST:5DYB1\402529434.1          SAMSUNG SDI DEFENDANTS' RESPONSES TO DIRECT
MDL No. 1917                        PLAINTIFFS' FIRST SET OF INTERROGATORIES

# Exhibit 2

1 | Counsel Listed on Signature Block

2

3 | **UNITED STATES DISTRICT COURT**

4 | **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

5

6 | IN RE: CATHODE RAY TUBE (CRT)          Case No. C07-5944 SC
   | ANTITRUST LITIGATION                    MDL No. 1917

7

8 | This Document Relates to:             **STIPULATION AND ~~[PROPOSED]~~
   |                                        ORDER FOR LIMITED DISCOVERY
9 | ALL ACTIONS                            STAY**

10

11

12 |     WHEREAS these consolidated civil cases arise from an alleged conspiracy in

13 | violation of the Sherman Act to fix the prices of Cathode Ray Tubes ("CRTs") and finished

14 | products containing CRTs ("CRT products")[1];

15 |     WHEREAS there is an ongoing criminal grand jury investigation involving the

16 | products at issue in this case;

17 |     WHEREAS the United States has filed a Motion for a Limited Stay of Discovery;

18 |     WHEREAS the parties have met and conferred on the scope of a limited discovery

19 | stay;

20 |     PLAINTIFFS, DEFENDANTS, AND THE UNITED STATES, BY AND

21 | THROUGH THEIR UNDERSIGNED COUNSEL, HEREBY STIPULATE AND AGREE

22 | AS FOLLOWS:

23 |     1.    This Stipulation and Order shall limit discovery in these consolidated cases

24 | during the six (6) month period following entry of the Stipulation and Order by the Court,

25

26 | [1] Any reference to products containing CRTs is not intended to have any bearing on the legal question of
   | whether purchasers of those products are proper class members. By agreeing to provide certain discovery
27 | of CRT products by way of this stipulation, the parties agree that defendants have not waived their right to
   | contest further discovery of documents and information relating to CRT products.

28

1 | unless extended by the Court upon motion.

2 |     2.    During the limited discovery stay, no discovery shall be conducted in this
3 | case (including, without limitation, document requests, interrogatories, requests to admit, or
4 | depositions) that reflects, refers to, or relates to any understandings, agreements, contacts,
5 | meetings, or communications, between or among any manufacturers of CRTs or CRT
6 | products, relating to the sale, pricing, production, volume, market share, customers,
7 | capacity, or distribution of CRTs or CRT products.

8 |     3.    During the limited discovery stay, no discovery shall be conducted in this
9 | case (including, without limitation, document requests, interrogatories, requests to admit, or
10 | depositions) that reflects, refers to, or relates to grand jury proceedings concerning CRTs or
11 | CRT products, including any party's or witness's communications with the United States,
12 | or with the grand jury investigating CRTs or CRT products, except by the order of the
13 | Court upon good cause shown and consistent with governing law.

14 |     4.    To the extent consistent with the above, the following discovery is permitted
15 | during the limited discovery stay:

16 |     a.    plaintiffs are entitled to seek document discovery from third party
17 |     organizations, including trade associations, that collect market
18 |     information about CRTs and CRT products, limited to the subjects set
19 |     forth in this paragraph 4;

20 |     b.    the undersigned defendants shall produce documents sufficient to show
21 |     the dollar and/or unit amount of purchases and/or sales of CRTs and/or
22 |     CRT products in the United States by defendants from or to third
23 |     parties, from or to other defendants, or by or between a defendant's
24 |     subsidiaries, joint ventures, or affiliates, and either documents
25 |     sufficient to show, or written answers disclosing, the identity of the
26 |     undersigned defendants' customers and/or distributors of CRTs and/or
27 |     CRT products in the United States;

28 |     c.    the undersigned defendants shall produce documents sufficient to show

1          the dollar and/or unit amount of sales of CRTs and/or CRT products in

2          the United States to putative class members;

3    d.    plaintiffs are entitled to seek discovery of defendants' (including their

4          subsidiaries, joint ventures, and affiliates) production capacity,

5          capacity utilization, production costs, inventory levels, sales volumes,

6          product lines, profitability, competitive position, market share, sales

7          terms and conditions, costs, process, and shipments for CRTs or CRT

8          products; the rules and procedures governing such discovery are set

9          forth in paragraph 12.

10   e.    the undersigned defendants shall produce either documents sufficient

11         to show, or written answers disclosing, the identities of persons in

12         positions of management or control of defendants' respective CRT

13         operations, including any directors, officers, managing agents and

14         employees; discovery may seek narrative answers, which include the

15         names, positions, dates of employment, tenure and addresses for each

16         person identified during the class period;

17   f.    the undersigned defendants shall produce either documents sufficient

18         to show, or written answers disclosing, the storage, location, retention,

19         destruction or identity of relevant corporate records; and

20   g.   to the extent that any defendant takes the position that no discovery

21         should go forward against it because the Court lacks personal

22         jurisdiction over that defendant, plaintiffs shall be allowed to seek

23         discovery relating to the issue of personal jurisdiction over that

24         defendant, but notwithstanding the above, that defendant reserves all

25         objections to all discovery against it on any subject.  Defendants who

26         intend to assert such a personal jurisdiction defense shall serve a short

27         statement explaining the basis for their position by October 15, 2008.

28         Neither executing this Stipulation and Order nor complying with its

1            terms, including, but not limited to, serving the short statement

2            referenced herein shall constitute a waiver of an undersigned

3            defendant's jurisdictional defense.

4      5.    After the filing of consolidated amended complaints and the resolution of

5  motions to dismiss, class certification discovery is permitted, except as prohibited by the

6  other terms of this Stipulation and Order.

7      6.    This Stipulation and Order does not prohibit the service of interrogatories,

8  requests for admissions, requests for production of documents, or third party document

9  subpoenas, as set forth in paragraph 4(a) above, except to the extent that such discovery

10  requires the production of discovery which is stayed hereunder.  No deposition discovery,

11  discovery of emails or email searches shall take place during the stay period.

12      7.    All formal discovery requests shall be served on the United States at least

13  three weeks before the discovery is due to be produced.  Any party and/or the United States

14  may object to discovery on the basis that the requested discovery seeks information or

15  documents prohibited by this Stipulation and Order.

16      8.    Any party and/or the United States can request a modification of this

17  Stipulation and Order upon a showing of good cause.

18      9.    The United States shall report to the Court on the status of the grand jury

19  investigation and/or file a motion with the Court to extend the stay by January 30, 2009.

20  On March 6, 2009, the Court shall conduct a Status Conference and/or hear any motion to

21  extend the stay.

22      10.    No undersigned defendant who has agreed to produce discovery pursuant to

23  paragraph 4 above shall move for a stay of that agreed-to discovery on any grounds,

24  including under *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).  All defendants

25  reserve their rights to argue for a stay of any other discovery on any grounds.

26      11.    On June 11, 2008, plaintiffs provided to defendants a list of those defendant

27  entities that had previously been named in the direct and indirect purchaser complaints.  By

28  September 15, 2008, each defendant shall confirm the proper names of the listed entities

1   that were involved in its CRT business.  To the extent the previously filed complaints

2   erroneously named an entity that was not in the CRT business and/or did not use the correct

3   name for an entity, defendants shall so advise and provide the correct name for such entity.

4   By September 30, 2008, plaintiffs shall inform each defendant whether plaintiffs intend to

5   name the defendant in the consolidated amended complaints.  Those defendants who will

6   not be named in the consolidated amended complaints shall have no discovery obligations

7   pursuant to this Stipulation and Order.

8          12.     Paragraph 4 of this Stipulation and Order shall constitute a request for

9   production of documents by plaintiffs' counsel, consistent with, and governed by, the

10   Federal Rules of Civil Procedure (including the definition of "possession, custody, or

11   control"), on all defendants for production of documents sufficient to show the information

12   requested under paragraph 4(b-f) above.  Attached hereto as Appendix A is a description of

13   the agreements that some of the undersigned defendants have reached about discovery

14   which they will produce pursuant to paragraph 4(d) above.  All of the discovery that the

15   undersigned defendants have agreed to produce pursuant to paragraph 4(d) above, as set

16   forth in Appendix A, as well as the information required by paragraph 4(b), (c), (e) and (f),

17   shall be produced by the undersigned defendants, without any objection, by November 14,

18   2008.  If plaintiffs seek any other discovery pursuant to paragraph 4 against the undersigned

19   defendants, defendants reserve all objections to such additional discovery.  Defendants who

20   have not signed this stipulation reserve all objections to any discovery under paragraph 4

21   above against them and plaintiffs reserve all rights to seek discovery against such

22   defendants consistent with this Stipulation and Order.  Any non-signing defendant who

23   intends to oppose any discovery under paragraph 4 above shall file their written objections

24   to such discovery by October 15, 2008.  Any defendant who has not made an agreement to

25   produce documents in response to paragraph 4(d) above, as set forth in Appendix A, shall

26   file its objections to such paragraph 4(d) discovery by October 15, 2008.

27          13.     Direct purchaser and indirect purchaser plaintiffs shall file consolidated

28   amended complaints by March 16, 2009.

1    14.    During the term of this Stipulation and Order, the relevant time period for

2  discovery allowed hereunder shall extend back no further than the year 2000 for all parties,

3  to the extent defendants possess responsive information extending back to the year 2000.

4  This paragraph is without prejudice to the position of any party as to what the relevant

5  discovery period is upon the lifting of the stay and the commencement of full discovery.

6    15.    After the plaintiffs' consolidated amended complaints are filed, the parties

7  shall meet and confer about a schedule for motions to dismiss.

8    16.    Defendants may join this Stipulation and Order after the date of its execution

9  by notifying plaintiffs in writing of their intention to do so.

10

11  Dated: September 11, 2008                    By:   /s/ Jeffrey L. Kessler
                                                JEFFREY L. KESSLER (pro hac vice)
12                                              Email: jkessler@dl.com
                                                A. PAUL VICTOR (pro hac vice)
13                                              Email: pvictor@dl.com
                                                EVA W. COLE (pro hac vice)
14                                              Email : ecole@dl.com
                                                DEWEY & LEBOEUF LLP
15                                              1301 Avenue of the Americas
                                                New York, NY 10019
16                                              Telephone: (212) 259-8000
                                                Facsimile: (212) 259-7013
17
                                                STEVEN A. REISS (pro hac vice)
18                                              Email: steven.reiss@weil.com
                                                DAVID L. YOHAI (pro hac vice)
19                                              Email: david.yohai@weil.com
                                                WEIL, GOTSHAL & MANGES LLP
20                                              767 Fifth Avenue
                                                New York, New York 10153-0119
21                                              Telephone:  (212) 310-8000
                                                Facsimile:  (212) 310-8007
22
                                                GREGORY D. HULL (57367)
23                                              Email: greg.hull@weil.com
                                                JOSEPH R. WETZEL (238008)
24                                              Email: joseph.wetzel@weil.com
                                                WEIL, GOTSHAL & MANGES LLP
25                                              201 Redwood Shores Parkway
                                                Redwood Shores, California 94065-1175
26                                              Telephone: (650) 802-3000
                                                Facsimile: (650) 802-3100
27
                                                *Attorneys for Defendants Panasonic*
28                                              *Corporation of North America, MT Picture*

1
2       *Display
        Corporation of America (NY) (defunct), MT
3       Picture Display Co., Ltd. and Matsushita
        Electric Industrial Co.*

4       By:   /s/ Gary Halling
        GARY L. HALLING, Bar No. 66087
5       ghalling@sheppardmullin.com
        JAMES L. MCGINNIS, Bar No. 95788
6       jmcginnis@sheppardmullin.com
        MICHAEL SCARBOROUGH, Bar No. 203524
7       mscarborough@sheppardmullin.com
        SHEPPARD, MULLIN, RICHTER &
8       HAMPTON LLP
        Four Embarcadero Center, 17th Floor
9       San Francisco, California 94111-4109
        Telephone: 415-434-9100
10      Facsimile: 415-434-3947

11      **Attorneys for Defendants
        Samsung SDI America, Inc. and Samsung SDI
12      Co., Ltd.**

13
        By:   /s/ Samuel Miller
14      SAMUEL R. MILLER
        Email: srmiller@sidley.com
15      RYAN SANDROCK
        Email: rsandrock@sidley.com
16      SIDLEY AUSTIN LLP
        555 California Street
17      San Francisco, CA 94104
        Telephone : (415) 772-1200
18      Facsimile: (415) 772-7400

19      **Attorneys for Defendants LG Electronics, Inc.
        and LG Electronics USA, Inc.**
20

21      By:   /s/ Michael Lazerwitz
        MICHAEL R. LAZERWITZ (pro hac vice)
22      Email: mlazerwitz@cgsh.com
        CLEARY GOTTLIEB STEEN & HAMILTON
23      LLP
        2000 Pennsylvania Avenue, NW
24      Washington, DC  20006
        Telephone:  (202) 974-1679
25      Facsimile:  (202) 974-1999

26      **Attorneys for Direct Purchaser Defendant LP
        Displays International Ltd.**
27

28

By: /s/ Joel S. Sanders
JOEL S. SANDERS
Email: jsanders@gibsondunn.com
JOSHUA HESS
Email: jhess@gibsondunn.com
GIBSON, DUNN & CRUTCHER
One Montgomery Street, Suite 3100
San Francisco, CA 94104
Telephone: (415) 393-8200
Facsimile: (415) 986-5309

*Attorneys for Chunghwa Picture Tubes, Ltd.*

By: /s/ Ethan Litwin
ETHAN E. LITWIN (pro hac vice)
Email: LitwinE@howrey.com
HOWREY LLP
153 East 53rd Street, 54th Floor
New York, NY 10022
Telephone: (212) 896-6500
Facsimile: (212) 896-6501

JOSEPH A. OSTOYICH (pro hac vice)
Email: OstoyichJ@howrey.com
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2402
Telephone: (202) 783-0800
Facsimile: (202) 383-6610

*Attorneys for Defendant Philips Electronics
North America Corporation and Koninklijke
Philips Electronics N.V.*

By: /s/ Anthony Viola
ANTHONY J. VIOLA (pro hac vice)
Email: aviola@eapdlaw.com
BARRY BENDES (pro hac vice)
Email: bbendes@eapdlaw.com
JOSEPH CZERNIAWSKI (pro hac vice)
Email: jczerniawski@eapdlaw.com
EDWARDS ANGELL PALMER & DODGE
LLP
750 Lexington Avenue
New York, NY 10022
Telephone: (212) 308-4411
Facsimile: (212) 308-4844

DAVID W. EVANS
Email: devans@hbblaw.com
HAIGHT BROWN & BONESTEEL LLP
71 Stevenson Street, 20th Floor
San Francisco, CA 94105-2981

1    Telephone: (415) 546-7500
     Facsimile: (415) 546-7505

2
     ***Attorneys for Defendant Orion America, Inc.***
3    ***and Orion Electric Co., Ltd.***

4    By: /s/ Bruce H. Jackson
     Bruce H. Jackson (State Bar No. 98118)
5    (bruce.h.jackson@bakernet.com)
     Robert W. Tarun (State Bar No. 64881)
6    (robert.w.tarun@bakernet.com)
     Nancy C. Allred (State Bar No. 245736)
7    (nancy.c.allred@bakernet.com)
     BAKER & MCKENZIE LLP
8    Two Embarcadero Center, 11th Floor
     San Francisco, CA  94111-3802
9    Telephone:  +1 415 576 3000
     Facsimile:   +1 415 576 3099
10
     Patrick J. Ahern (pro hac vice)
11   (patrick.j.ahern@bakernet.com)
     Roxane C. Busey (pro hac vice)
12   (roxane.c.busey@bakernet.com)
     Karen Sewell (pro hac vice)
13   (karen.sewell@bakernet.com)
     BAKER & MCKENZIE LLP
14   130 E. Randolph Dr., Suite 3500
     Chicago, IL 60601
15   Telephone:  +1 312 861 8000

16   ***Attorneys for Tatung Company of America, Inc.***

17
     By: /s/ Thomas R. Green
18   Kent M. Roger (State Bar No. 95987)
     (kroger@morganlewis.com)
19
     Thomas R. Green (State Bar No. 203480)
20   (tgreen@morganlewis.com)
     MORGAN, LEWIS & BOCKIUS LLP
21   One Market, Spear Street Tower
     San Francisco, CA 94105-1126
22   Tel: (415) 442-1000
     Fax: (415) 442-1001
23

24
     ***Attorneys for Defendants Hitachi, Ltd., Hitachi***
25   ***Asia, Ltd., Hitachi America, Ltd. and Hitachi***
     ***Electronic Devices (USA), Inc.***
26

27

28

STIPULATION AND [PROPOSED] ORDER FOR LIMITED DISCOVERY STAY
Case No. C07-5944 SC                                                                    8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: /s/ Guido Saveri
Guido Saveri (41059) guido@saveri.com
R. Alexander Saveri (173102) rick@saveri.com
Cadio Zirpoli (179108) cadio@saveri.com
**SAVERI & SAVERI INC.**
111 Pine Street, Suite 1700
San Francisco, CA 94111-5619
Telephone: (415)217-6810
Facsimile: (415)217-6813

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

By: /s/ Mario N. Alioto
Mario N. Alioto (56433) malioto@tatp.com
Lauren C. Russell (241151)
laurenrussell@tatp.com
**TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**
2280 Union Street
San Francisco, California 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

*Interim Lead Counsel for the Indirect Purchaser Plaintiffs*

By: /s/ Jeane Hamilton
Jeane Hamilton
Jeane.Hamilton@usdoj.gov
Lidia Maher
Lidia.Maher@usdoj.gov
**U.S. Department of Justice, Antitrust Division**
450 Golden Gate Avenue
Box 36046
San Francisco, CA 94102
Telephone: (415) 436-6660
Facsimile: (415) 436-6687

*Attorneys for United States*

1

## PROPOSED ORDER

2          PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4   Dated:    Sept. 12 '08

Honorable Samuel Conti
5                                           UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Appendix A to Stipulation and [Proposed] Order for Limited Discovery Stay**

| Entities | Agreement to Produce the Following Discovery Pursuant to Paragraph 4(d) of Stipulation and [Proposed] Order for Limited Discovery Stay |
|---|---|
| Matsushita Electric Industrial Co., Ltd.; MT Picture Display Co., Ltd.; MT Picture Display Corporation of America (NY) (defunct); Panasonic Corporation of North America | (1) Consolidated results for CRT divisions and subsidiaries, which set forth certain sales and profit numbers for both domestic and overseas CRT subsidiaries. |
| | (2) Cumulative P/Ls on an annual basis for CRT divisions and subsidiaries, which include, among other things, the following types of information: (i) production quantities; (ii) sales quantities; (iii) various types of cost and profit information, including information on certain costs which are characterized in the documents as variable costs and fixed expenses. |
| | (3) Capacity and capacity utilization for CRT factories. |
| Samsung SDI America, Inc.; Samsung SDI Co., Ltd. | (1) Publicly available English language annual reports and audited financial statements for the CRT business, available from at least 2001. |
| | (2) Summary report materials in several different formats, but primarily in chart format with some explanatory text, primarily in Korean, and containing what appear to be the kinds of materials that would be displayed at executive level strategy meetings, including production, market share, and capacity information, among other subjects, for the CRT business. |

| Entities | Agreement to Produce the Following Discovery Pursuant to Paragraph 4(d) of Stipulation and [Proposed] Order for Limited Discovery Stay |
|---|---|
| Chunghwa Picture Tubes, Ltd. | (1) Publicly available annual reports and audited financial statements. These are available from 2002 (there may be others available before that time). <br><br> (2) Presentations made at quarterly investor relations conferences. <br><br> (3) Third-party reports regarding CRTs. |
| Philips Electronics North America Corporation | (1) Public annual reports. <br><br> (2) Public financial statements for the top line entities. <br><br> (3) Capacity information regarding Philips' former CRT plants as of the date of divestiture in 2001. |

# Exhibit 3

1  Counsel Listed on Signature Block

2

3  **UNITED STATES DISTRICT COURT**

4  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

5  **SAN FRANCISCO DIVISION**

6

7                                                         No. C07-5944 SC
                                                          MDL No. 1917

8  IN RE: CATHODE RAY TUBE (CRT)                          Date: March 6, 2009
   ANTITRUST LITIGATION                                   Time: TBD
9                                                         Court: Hon. Samuel Conti

10

11  This Document Related to All Cases

12

13

14

15                **STIPULATION AND [PROPOSED] ORDER**
                  **TO EXTEND LIMITED DISCOVERY STAY**

16          WHEREAS the Court, on September 12, 2008, entered an Order pursuant to Stipulation,

17  granting a Limited Stay of Discovery for six (6) months, which will expire on March 12, 2009

18  ("September 12, 2008 Stay Order");

19          WHEREAS there is an ongoing criminal grand jury investigation involving the products

20  at issue in this case;

21          WHEREAS the September 12, 2008 Stay Order required the United States to report to the

22  Court on the status of the grand jury investigation and/or file a motion with the Court to extend

23  the stay by January 30, 2009;

24          WHEREAS the parties have met and conferred and agreed to request modification and

25  extension of the September 12, 2008 Stay Order;

26          PLAINTIFFS, DEFENDANTS, AND THE UNITED STATES, BY AND THROUGH

27  THEIR UNDERSIGNED COUNSEL, HEREBY STIPULATE AND AGREE AS FOLLOWS:

28

STIPULATION AND [PROPOSED] ORDER TO EXTEND LIMITED DISCOVERY STAY
Case No. C07-5944 SC



1.    This Stipulation and Order shall extend the September 12, 2008 Stay Order until September 11, 2009 ("Stay Period"), unless further extended by the Court upon motion for good cause shown.

2.    That Paragraph 6 of the September 12, 2008 Stay Order shall be modified and replaced in its entirety with the following new Paragraph 6:

(a)    This Stipulation and Order does not prohibit the service of interrogatories, requests for admissions, requests for production of documents, or third party document subpoenas, as set forth in paragraph 4(a) above, except to the extent that such discovery requires the production of discovery which is stayed hereunder.  No discovery of emails or email searches shall take place during the Stay Period.

(b)    No deposition discovery may be taken until September 12, 2009. Thereafter, until January 4, 2010, no deposition discovery may be taken, except that depositions may be taken of defendants' customers or suppliers, or their employees, provided in any case that the deponent is not a defendant or a subsidiary or affiliate of a defendant, or an employee, agent, or former employee of any of them.  Such deposition subpoenas may include requests for documents to be produced by the deponent at the deposition, provided that no document requests may request the identification of documents produced in response to a grand jury subpoena or the production of documents disclosing the contents of the witness' testimony, if any, before the grand jury or communications with the United States relating to the grand jury proceedings.

3.    Upon termination of the Stay Period, each defendant who has appeared in this case and produced documents to the grand jury shall produce to the other parties (to the extent they or their claims have not been dismissed) all documents produced to the grand jury without a discovery request.  Every 90 days thereafter each served defendant who has appeared in this case and produced documents to the grand jury shall produce to the other parties (to the extent they or their claims have not been dismissed), on a rolling basis, all documents produced to the grand jury the preceding 90 days.

STIPULATION AND [PROPOSED] ORDER TO EXTEND LIMITED DISCOVERY STAY
Case No. C07-5944 SC

1  Dated: January 30, 2009

By: /s/Jeffrey L. Kessler

2  JEFFREY L. KESSLER (pro hac vice)
Email: jkessler@dl.com

3  A. PAUL VICTOR (pro hac vice)
Email: pvictor@dl.com

EVA W. COLE (pro hac vice)

4  Email: ecole@dl.com
**DEWEY & LEBOEUF LLP**

5  1301 Avenue of the Americas
New York, New York 10019

6  Telephone: (212) 259-8000
Facsimile: (212) 259-7013

7
STEVEN A. REISS (pro hac vice)

8  Email: steven.reiss@weil.com
DAVID L. YOHAI (pro hac vice)

9  Email: david.yohai@weil.com
**WEIL, GOTSHAL & MANGES LLP**

10 767 Fifth Avenue
New York, New York 10153-0119

11 Telephone: (212) 310-8000
Facsimile: (212) 310-8007

12
GREGORY D. HULL (57367)

13 Email: greg.hull@weil.com
JOSEPH R. WETZEL (238008)

14 Email: joseph.wetzel@weil.com
**WEIL, GOTSHAL & MANGES LLP**

15 201 Redwood Shores Parkway
Redwood Shores, California 94065-1175

16 Telephone: (650) 802-3000
Facsimile: (650) 802-3100

17
*Attorneys for Defendants Panasonic Corporation*

18 *of North America, MT Picture Display*
*Corporation of America (NY) (defunct); MT*

19 *Picture Display Co., Ltd. and Panasonic*
*Corporation (f/k/a Matsushita Electric Industrial*

20 *Co.)*

21 By: /s/Gary L. Halling
GARY L. HALLING (66087)

22 Ghalling@sheppardmullin.com
JAMES L. MCGINNIS (95788)

23 Jmcginnis@sheppardmullin.com
MICHAEL SCARBOROUGH (203524)

24 Mscarborough@sheppardmullin.com
**SHEPPARD, MULLIN, RICHTER &**

25 **HAMPTON LLP**
Four Embarcadero Center, 17th Floor

26 San Francisco, California 94111-4109
Telephone: (415) 434-9100

27 Facsimile: (415) 434-3947

28

STIPULATION AND [PROPOSED] ORDER TO EXTEND LIMITED DISCOVERY STAY
Case No. C07-5944 SC

1
2

*Attorneys for Defendants*
*Samsung SDI America, Inc. and Samsung SDI*
*Co., Ltd.*

3

By:   /s/Samuel R. Miller
SAMUEL R. MILLER
Email: srmiller@sidley.com
RYAN SANDROCK
Email: rsandrock@sidley.com
**SIDLEY AUSTIN LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

4
5
6
7
8

*Attorneys for Defendants LG Electronics, Inc.*
*and LG Electronics USA, Inc.*

9
10

By:   /s/Joel S. Sanders
JOEL S. SANDERS
Email: jsanders@gibsondunn.com
JOSHUA HESS
Email: jhess@gibsondunn.com
**GIBSON, DUNN & CRUTCHER**
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: (415) 393-8200
Facsimile: (415) 986-5309

11
12
13
14
15

*Attorneys for Chunghwa Picture Tubes, Ltd.*

16
17

By:   /s/Ethan E. Litwin
ETHAN E. LITWIN (pro hac vice)
Email: LitwinE@howrey.com
**HOWREY LLP**
153 East 53rd Street, 54th Floor
New York, NY 10022
Telephone: (212) 896-6500
Facsimile: (212) 896-6501

18
19
20
21

By:   /s/Joseph A. Ostoyich
JOSEPH A. OSTOYICH (pro hac vice)
Email: OstoyichJ@howrey.com
**HOWREY LLP**
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2402
Telephone: (202) 783-0800
Facsimile: (202) 383-6610

22
23
24
25

*Attorneys for Defendant Philip Electronics*
*North America Corporation and Koninklijke*
*Philips Electronics N.V.*

26
27

By:   /s/Anthony J. Viola

28

STIPULATION AND [PROPOSED] ORDER TO EXTEND LIMITED DISCOVERY STAY
Case No. C07-5944 SC

ANTHONY J. VIOLA (pro hac vice)
Email: aviola@eapdlaw.com
BARRY BENDES (pro hac vice)
Email: bbendes@eapdlaw.com
JOSEPH CZERNIAWSKI (pro hac vice)
Email: jczerniawski@eapdlaw.com
**EDWARDS ANGELL PALMER & DODGE
LLP**
750 Lexington Avenue
New York, NY 10022
Telephone: (212) 308-4411
Facsimile: (212) 308-4844

DAVID W. EVANS
E-mail: devans@hbblaw.com
**HAIGHT BROWN & BONESTEEL LLP**
71 Stevenson Street, 20th Floor
San Francisco, CA 94105-2981
Telephone: (415) 546-7500
Facsimile: (415) 546-7505

*Attorneys for Defendant Orion America, Inc.
and Orion Electric Co., Ltd.*

By:  /s/Bruce H. Jackson
BRUCE H. JACKSON (98118)
Email: bruce.h.jackson@bakernet.com
ROBERT W. TARUN (64881)
Email: robert.w.tarun@bakernet.com
NANCY C. ALLRED (245736)
Email: nancy.c.allred@bakernet.com
**BAKER & MCKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111-3802
Telephone: (415) 576-3000
Facsimile: (415) 576-3099

PATRICK J. AHERN (pro hac vice)
Email: patrick.j.ahern@bakernet.com
ROXANE C. BUSEY (pro hac vice)
Email: roxane.c.busey@bakernet.com
KAREN SEWELL (pro hac vice)
Email: karen.sewell@bakernet.com
**BAKER & MCKENZIE LLP**
130 E. Randolph Dr., Suite 3500
Chicago, IL 60601
Telephone: (312) 861-8000

*Attorneys for Tatung Company of America, Inc.*

By:  /s/Kent M. Roger
KENT M. ROGER (95987)
Email: kroger@morganlewis.com
THOMAS R. GREEN (203480)

1

Email: tgreen@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**

2

One Market, Spear Street Tower
San Francisco, CA 94105-1126

3

Telephone: (415) 442-1000
Facsimile: (415) 442-1001

4

*Attorneys for Defendants Hitachi, Ltd., Hitachi*

5

*Asia, Ltd., Hitachi America, Ltd. and Hitachi*
*Electronic Devices (USA), Ltd.*

6

7

By: /s/Brendan P. Cullen
BRENDAN P. CULLEN (194057)

8

Email: cullenb@sullcrom.com
JASON DE BRETTEVILLE (195069)

9

Email: debrettevillej@sullcrom.com
LAURA E. KABLER (241281)

10

Email: kablerl@sullcrom.com
**SULLIVAN & CROMWELL LLP**

11

1870 Embarcadero Road
Palo Alto, California 94303

12

Telephone: (650) 461-5600
Facsimile: (650) 461-5700

13

*Attorneys for Defendant Thomson S.A.*

14

15

By: /s/Guido Saveri
GUIDO SAVERI (41059)

16

Email: guido@saveri.com
R. ALEXANDER SAVERI (173102)

17

Email: rick@saveri.com
CADIO ZIRPOLI (179108)

18

Email: cadio@saveri.com
**SAVERI & SAVERI INC.**

19

706 Sansome Street
San Francisco, CA 94111

20

Telephone: (415) 217-6810
Facsimile: (415) 217-6813

21

*Interim Lead Counsel for the Direct Purchaser*

22

*Plaintiffs*

23

By: /s/Mario N. Alioto
MARIO N. ALIOTO (56433)

24

Email: malioto@tatp.com
LAUREN C. RUSSELL (241151)

25

Email: laurenrussell@tatp.com
**TRUMP, ALIOTO, TRUMP & PRESCOTT,**
**LLP**

26

2280 Union Street

27

San Francisco, CA 94123
Telephone: (415) 563-7200

28

STIPULATION AND [PROPOSED] ORDER TO EXTEND LIMITED DISCOVERY STAY
Case No. C07-5944 SC



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Facsimile: (415) 346-0679

***Interim Lead Counsel for the Indirect Purchaser Plaintiffs***

By:___/s/Lidia Maher_____
LIDIA MAHER (222253)
Email: Lidia.Maher@usdoj.gov
BARBARA NELSON (87952)
Email: Barbara.Nelson@usdoj.gov
JEANE HAMILTON (157834)
Email: Jeane.Hamilton@usdoj.gov
MAY LEE HEYE (209366)
Email: May.Heye@usdoj.gov
ANNA TRYON PLETCHER (239730)
Email: Anna.Pletcher@usdoj.gov
**U.S. DEPARTMENT OF JUSTICE,
ANTITRUST DIVISION**
450 Golden Gate Avenue
Box 36046
San Francisco, California 94102
Telephone: (415) 436-6660
Facsimile: (415)436-6687

***Attorneys for the United States***



STIPULATION AND [PROPOSED] ORDER TO EXTEND LIMITED DISCOVERY STAY
Case No. C07-5944 SC

1

**PROPOSED ORDER**

2
PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4

5 Dated: _____

6                                          Honorable Samuel Conti
                                           UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER TO EXTEND LIMITED DISCOVERY STAY
Case No. C07-5944 SC

# Exhibit 4

1   Counsel Listed on Signature Block

2

3

4

5

6

7

8                       **UNITED STATES DISTRICT COURT**

9                   **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                        **SAN FRANCISCO DIVISION**

11                                          )
                                            )   No. M-07-5944 SC
12                                          )   MDL No. 1917
                                            )
13   IN RE: CATHODE RAY TUBE (CRT)          )
     ANTITRUST LITIGATION                   )
14                                          )   Court: Hon. Samuel Conti
                                            )
15                                          )
                                            )
16   This Document Related to All Cases     )
                                            )
17                                          )
                                            )
18   _____)

19
                       **STIPULATION AND [PROPOSED] ORDER**
20                     **TO EXTEND LIMITED DISCOVERY STAY**

21       WHEREAS the Court, on September 12, 2008, entered an Order pursuant to Stipulation,

22   granting a Limited Stay of Discovery for six (6) months, which was to expire on March 12, 2009

23   ("September 12, 2008 Stay Order");

24       WHEREAS the Court, on February 5, 2009, entered an Order pursuant to Stipulation

25   modifying and extending the September 12, 2008 Stay Order until September 11, 2009, with

26   limitations on deposition discovery continuing until January 4, 2010 ("February 5, 2009 Stay

27   Order");

28       WHEREAS on June 8, 2009, Special Master Charles A. Legge, entered an Order further

     STIPULATION AND [PROPOSED] ORDER TO EXTEND LIMITED DISCOVERY STAY
     Case No. M-07-5944 SC                    1

1 │ extending the February 5, 2009 Stay Order, "until such time as the Court has issued its

2 │ decision(s) on the various motions to dismiss that were filed on May 18, 2009 ("June 8, 2009

3 │ Stay Order");

4 │     WHEREAS there is an ongoing criminal grand jury investigation involving the products

5 │ at issue in this case;

6 │     WHEREAS the parties have met and conferred and agreed to request modification and

7 │ extension of the September 12, 2008,  February 5, 2009, and June 8, 2009 Stay Orders;

8 │     PLAINTIFFS, DEFENDANTS, AND THE UNITED STATES, BY AND THROUGH

9 │ THEIR UNDERSIGNED COUNSEL, HEREBY STIPULATE AND AGREE AS FOLLOWS:

10 │     That Paragraph 3 of the September 12, 2008 Stay Order shall be modified and replaced

11 │ in its entirety with the following new Paragraph 3:

12 │     During the pendency of the grand jury proceedings and any resulting criminal

13 │ trials, no discovery shall be conducted in this case (including, without limitation,

14 │ document requests, interrogatories, requests to admit, or depositions) that reflects, refers

15 │ to, or relates to grand jury proceedings concerning CRTs or CRT products, including any

16 │ party's or witness's communications with the United States, or with any grand jury

17 │ investigating CRTs or CRT products, except by the order of the Court upon good cause

18 │ shown and consistent with governing law.

19 │     That Paragraph 5 of the June 8, 2009 Stay Order shall be modified and that Paragraph

20 │ 2(b) of the February 5, 2009 Stay Order shall be modified and replaced in its entirety with the

21 │ following new Paragraph 2(b):

22 │     The Stay Period, as defined in paragraph 1 of the February 5, 2009 Stay Order,

23 │ shall be extended until March 8, 2010.  Moreover, no deposition discovery may be taken

24 │ until November 1, 2010, with the following exception: Beginning on March 8, 2010,

25 │ depositions may be taken of defendants' customers or suppliers, or their employees,

26 │ provided in any case that the deponent is not a defendant or a subsidiary or affiliate of a

27 │ defendant, or an employee, agent, or former employee of any of them.  Such deposition

28 │ subpoenas may include requests for documents to be produced by the deponent at the

STIPULATION AND [PROPOSED] ORDER TO EXTEND LIMITED DISCOVERY STAY
Case No. M-07-5944 SC                                         2

deposition, provided that no document requests may request the production of documents disclosing the contents of the witness' testimony, if any, before the grand jury or communications with the United States that reflect, refer to, or relate to the grand jury proceedings.

**IT IS SO STIPULATED.**

Dated: December 22, 2009

By:   /s/ Jeffrey L. Kessler
JEFFREY L. KESSLER (*pro hac vice*)
Email: jkessler@dl.com
A. PAUL VICTOR (*pro hac vice*)
Email: pvictor@dl.com
EVA W. COLE (*pro hac vice*)
Email: ecole@dl.com
**DEWEY & LEBOEUF LLP**
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-7013

PETER ROOT (142348)
Email: proot@dl.com
**DEWEY & LEBOEUF LLP**
1950 University Avenue
East Palo Alto, California 94303
Telephone: (650) 845-7000
Facsimile: (650) 845-7333

STEVEN A. REISS (*pro hac vice*)
Email: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
Email: david.yohai@weil.com
DAVID E. YOLKUT (*pro hac vice*)
Email: david.yolkut@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

GREGORY D. HULL (57367)
Email: greg.hull@weil.com
JOSEPH R. WETZEL (238008)
Email: joseph.wetzel@weil.com
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

STIPULATION AND [PROPOSED] ORDER TO EXTEND LIMITED DISCOVERY STAY
Case No. M-07-5944 SC                                    3

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Corporation of America (NY) (defunct); MT Picture Display Co., Ltd. and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co.)*

By:___/s/ Gary L. Halling_____
GARY L. HALLING (66087)
ghalling@sheppardmullin.com
JAMES L. MCGINNIS (95788)
jmcginnis@sheppardmullin.com
MICHAEL SCARBOROUGH (203524)
mscarborough@sheppardmullin.com
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

*Attorneys for Defendants Samsung SDI America, Inc., Samsung SDI Co., Ltd., Samsung SDI (Malaysia) Sdn. Bhd., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co. Ltd., and Tianjin Samsung SDI Co., Ltd.*

By:___/s/ Michael Tubach_____
MICHAEL TUBACH (145955)
Email: mtubach@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8876
Facsimile: (415) 984-8701

By:___/s/ Ian Simmons_____
IAN SIMMONS (*pro hac vice*)
Email: isimmons@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for Defendants Samsung Electronics Co., Ltd. And Samsung Electronics America, Inc.,*

STIPULATION AND [PROPOSED] ORDER TO EXTEND LIMITED DISCOVERY STAY
Case No. M-07-5944 SC                    4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:   /s/ Samuel Miller
SAMUEL R. MILLER (66871)
Email: srmiller@sidley.com
MARIE L. FIALA (79676)
Email: mfiala@sidley.com
RYAN SANDROCK (251781)
Email: rsandrock@sidley.com
ROBERT B. MARTIN, III (235489)
Email: rbmartin@sidley.com
**SIDLEY AUSTIN LLP**
555 California Street, 20th Floor
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

***Attorneys for Defendants LG Electronics, Inc.,
LG Electronics USA, Inc., and LG Electronics
Taiwan Taipei Co., Ltd.***

By:   /s/ Ethan E. Litwin
ETHAN E. LITWIN (*pro hac vice*)
Email: LitwinE@howrey.com
**HOWREY LLP**
601 Lexington Avenue, 54th Floor
New York, New York 10022
Telephone: (212) 896-6500
Facsimile: (212) 896-6501

By:   /s/ John Taladay
JOHN TALADAY (*pro hac vice*)
Email: TaladayJ@howrey.com
**HOWREY LLP**
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2402
Telephone: (202) 783-0800
Facsimile: (202) 383-6610

***Attorneys for Defendant Philips Electronics
North America Corporation, Koninklijke
Philips Electronics N.V., Philips Electronics
Industries (Ta wan), Ltd., and Philips da
Amazonia Industria Electronica Ltda.***

By:   /s/ Bruce H. Jackson
BRUCE H. JACKSON (98118)
Email: bruce.h.jackson@bakernet.com
ROBERT W. TARUN (64881)
Email: robert.w.tarun@bakernet.com
**BAKER & MCKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111-3802
Telephone: (415) 576-3000
Facsimile: (415) 576-3099

STIPULATION AND [PROPOSED] ORDER TO EXTEND LIMITED DISCOVERY STAY
Case No. M-07-5944 SC                    5

1

2

3

4
PATRICK J. AHERN (*pro hac vice*)
email: patrick.j.ahern@bakernet.com
**BAKER & MCKENZIE LLP.**
130 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-3735
Facsimile: (312) 698-2034

5
*Attorneys for Tatung Company of America, Inc.*

6
By: __/s/ Kent M. Roger_____

7
KENT M. ROGER (95987)
Email: kroger@morganlewis.com
MICHELLE PARK CHIU (248421)

8
Email: mchiu@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**

9
One Market, Spear Street Tower
San Francisco, California 94105-1126

10
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

11

12
*Attorneys for Defendants Hitachi, Ltd., Hitachi
Asia, Ltd., Hitachi America, Ltd., Hitachi
Electronic Devices (USA), Inc., and Hitachi*

13
*Displays, Ltd.*

14
By: __/s/ Terry Calvani_____

15
TERRY CALVANI (53260)
Email: terry.calvani@freshfields.com

16
BRUCE C. MCCULLOCH (*pro hac vice*)
Email: bruce.mcculloch@freshfields.com

17
CHRISTINE A. LACIAK (*pro hac vice*)
Email: christine.laciak@freshfields.com

18
**FRESHFIELDS BRUCKHAUS DERINGER
US LLP**

19
701 Pennsylvania Avenue, N.W.
Suite 600

20
Washington, D.C. 20004
Telephone: (202) 777-4500

21
Facsimile: (202) 777-4555

22
*Attorneys for Defendant Beijing Matsushita
Color CRT Company, Ltd.*

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER TO EXTEND LIMITED DISCOVERY STAY
Case No. M-07-5944 SC                              6

1

By:   /s/ George L. Paul
CHRISTOPHER M. CURRAN (*pro hac vice*)
Email: ccurran@whitecase.com

2

GEORGE L. PAUL (*pro hac vice*)
Email: gpaul@whitecase.com

3

LUCIUS B. LAU (*pro hac vice*)
Email: alau@whitecase.com

4

**WHITE & CASE LLP**
701 Thirteenth Street, N.W.

5

Washington, D.C. 20005
Telephone: (202) 626-3600

6

Facsimile: (202) 639-9355

7

*Attorneys for Defendants Toshiba Corporation,*

8

*Toshiba America Electronic Components, Inc.,*
*Toshiba America Information Systems, Inc.,*

9

*Toshiba America, Inc. And Toshiba America*
*Consumer Products, L.L.C.*

10

By:   /s/ Terrence A. Callan

11

TERRENCE A. CALLAN (36305)
Email: terrence.callan@pillsburylaw.com

12

**PILLSBURY WINTHROP SHAW**
**PITTMAN LLP**

13

50 Fremont Street
P.O. Box 7880

14

San Francisco, California 94120-7880
Telephone: (415) 983-1000

15

Facsimile: (415) 983-1200

16

JOSEPH R. TIFFANY II (67821)
Email: joseph.tiffany@pillsburylaw.com

17

PHILIP A. SIMPKINS (246635)
Email: philip.simpkins@pillsburylaw.com

18

**PILLSBURY WINTHROP SHAW**
**PITTMAN LLP**

19

2475 Hanover Street
Palo Alto, California 94304-1114

20

Telephone: (650) 233-4500
Facsimile: (650) 233-4545

21

*Attorneys for Irico Group Corporation and Irico*

22

*Display Devices Co., Ltd.*

23

By:   /s/ William Diaz
WILLIAM DIAZ (232297)

24

Email: wdiaz@mwe.com
**MCDERMOTT WILL & EMERY**

25

18191 Von Karman Avenue
Suite 500

26

Irvine, California 92612-7108
Telephone: (949) 851-0633

27

Facsimile: (949) 851-9348

28

*Attorneys for Samtel Color, Ltd.*

STIPULATION AND [PROPOSED] ORDER TO EXTEND LIMITED DISCOVERY STAY
Case No. M-07-5944 SC                     7

1

2

3
By: /s/ R. Alexander Saveri
GUIDO SAVERI (41059)
Email: guido@saveri.com
R. ALEXANDER SAVERI (173102)
Email: rick@saveri.com
CADIO ZIRPOLI (179108)
Email: cadio@saveri.com
**SAVERI & SAVERI INC.**
706 Sansome Street
San Francisco, California 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Interim Lead Counsel for the Direct Purchaser
Plaintiffs*

By: /s/ Mario N. Alioto
MARIO N. ALIOTO (56433)
Email: malioto@tatp.com
LAUREN C. RUSSELL (241151)
Email: laurenrussell@tatp.com
**TRUMP, ALIOTO, TRUMP & PRESCOTT,
LLP**
2280 Union Street
San Francisco, California 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

*Interim Lead Counsel for the Indirect
Purchaser Plaintiffs*

By: /s/ Lidia Maher
LIDIA MAHER (222253)
Email: Lidia.Maher@usdoj.gov
ANNA TRYON PLETCHER (239730)
Email: Anna.Pletcher@usdoj.gov
MAY LEE HEYE (209366)
Email: May.Heye@usdoj.gov
**U.S. DEPARTMENT OF JUSTICE,
ANTITRUST DIVISION**
450 Golden Gate Avenue
Box 36046
San Francisco, California 94102
Telephone: (415) 436-6660
Facsimile: (415)436-6687

*Attorneys for the United States*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:  January 5, 2010

Honorab
UNITED                              GE

STIPULATION AND [PROPOSED] ORDER TO EXTEND LIM        RY STAY
Case No. M-07-5944 SC                          8

# Exhibit 5

1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6               FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   IN RE: TFT-LCD (FLAT PANEL) ANTITRUST        No. M 07-1827 SI
    LITIGATION
9   _____/            MDL. No. 1827

10      This Order Relates to:                   **ORDER GRANTING IN PART AND**
                                                 **DENYING IN PART DIRECT**
11          ALL CASES                            **PLAINTIFFS' OBJECTIONS TO**
                                                 **SPECIAL MASTER'S REPORT AND**
12                                               **RECOMMENDATION REGARDING**
                                                 **TRANSLATIONS; ADOPTING REPORT**
13  _____/            **AND RECOMMENDATION**

14

15          On January 21, 2010, the Court heard argument on the direct purchaser plaintiffs' objections to

16   the Special Master's December 14, 2009 Report and Recommendation Re: Direct Purchaser Plaintiffs'

17   and Indirect Purchaser Plaintiffs' Motion to Compel Production of Translations.  Pursuant to Pretrial

     Order No. 4, the Court reviews the Special Master's conclusions of law *de novo* and factual findings for
18
     clear error.
19
            With regard to those translations that were prepared at the direction of counsel for Toshiba, LG,
20
     Sharp, and Chi Mei, the Court agrees with the Special Master that those translations constitute opinion
21
     work product.  *See Sporck v. Peil*, 759 F.2d 312, 315-16 (3d Cir. 1985).  For those translations that were
22
     not sent to the Department of Justice, such as those prepared by the Toshiba entities, there has been no
23
     waiver of the attorney work product protection.  As to those translations that were provided to the
24
     Department of Justice, even if there was a waiver, plaintiffs are nevertheless not entitled to those
25
     translations because the May 27, 2008 Joint Recommendation and Order re Stay of Discovery prohibits
26
     all discovery that "refer, reflect or relate to any party's or witness' communications with the United
27
     States . . . ."  Docket No. 631 ¶ 3.  Accordingly, the Court DENIES the direct purchaser plaintiffs'
28

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  objections as to translations prepared at the direction of counsel for Toshiba, LG, Sharp, and Chi Mei

2  (Docket No. 1431) and ADOPTS the Report and Recommendation (Docket No. 1420) insofar as it

3  relates to those translations.

4      With regard to translations, if any, that were prepared by Samsung, Hitachi, AU Optronics,

5  HannStar, Chunghwa Picture Tubes, Epson, and Sanyo, there has been no showing that the translations

6  were prepared at the direction of counsel.  To the extent that any of these defendants provided

7  translations to the Department of Justice, discovery of those translations would be barred by the May

8  27, 2008 order.  However, if these defendants possess translations that were not provided to the

9  Department of Justice, such translations are discoverable absent a showing that they are protected as

10  attorney work product.  Accordingly, as to each of the defendants Samsung, Hitachi, AU Optronics,

11  HannStar, Chunghwa Picture Tubes, Epson, and Sanyo, the Court GRANTS plaintiffs' motion and

12  orders that any such translations be produced, unless within 15 days of the filing date of this order, such

13  defendant files a declaration with this Court (1) stating a sufficient factual basis for any assertion of

14  attorney work product, and (2) showing good cause why the factual basis for an assertion of privilege

15  was not made before Judge Smith in the first instance or in opposing the direct purchaser plaintiffs'

16  motion in this Court.  If any defendant files such a declaration, direct purchaser plaintiffs may file a

17  response within 5 days, and the Court will take the matter under submission.

18

19      **IT IS SO ORDERED.**

20

21  Dated: January 21, 2010

22                                                    SUSAN ILLSTON
                                                      United States District Judge

23

24

25

26

27

28

                                    2

# Exhibit 6

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC. and<br>AMD INTERNATIONAL SALES & SERVICE,<br>LTD.,<br><br>                Plaintiffs,<br><br>       v.<br><br>INTEL CORPORATION and<br>INTEL KABUSHIKI KAISHA,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  C. A. No. 05-441 (JJF)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| IN RE:<br><br>INTEL CORP. MICROPROCESSOR<br>ANTITRUST LITIGATION | )<br>)<br>)  MDL Docket No. 05-1717 (JJF)<br>)<br>)<br>) |
| PHIL PAUL, on behalf of himself<br>and all others similarly situated,<br><br>                Plaintiffs,<br><br>       v.<br><br>INTEL CORPORATION,<br><br>                Defendant. | )<br>)  C.A. No. 05-485-JJF<br>)<br>)  CONSOLIDATED ACTION<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATION AND ORDER REGARDING ENGLISH TRANSLATIONS

     The parties hereto, through their respective counsel of record and subject to the

approval of the Court, hereby stipulate to the following regarding the use of translations

of foreign language documents:

1.      In accordance with Local Rule 7.1.3(d), whenever a document, paper or
testimony in a foreign language is included in any appendix or exhibit, or is cited from
the record in any brief or motion, an English translation shall be included with the
document, paper, or testimony.  It shall not be necessary, prior to filing the English
translation, to obtain approval from the Court or agreement from another party regarding
the accuracy of the translation; however, any other party may dispute the correctness of
the English translation in its responsive papers.  If an English translation is submitted
with a reply brief or other filing to which no response otherwise would be allowed, then
any party may dispute the correctness of the translation by a short filing within two
weeks or such different time period as to which the parties might stipulate or the Court
might order.

2.      The parties agree to comply with this Stipulation pending the Court's
approval and entry of this order.

RICHARDS, LAYTON & FINGER

OF COUNSEL:

Charles P. Diamond, Esq.
Linda J. Smith, Esq.
Mark A Samuels, Esq.
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
(310) 246-6800

Salem M. Katsh
Laurin B. Grollman
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway, 22nd Floor
New York, New York 10019

Dated:  May 2, 2006

By  /s/ Frederick L. Cottrell
Jesse A. Finkelstein (#1090)
Frederick L. Cottrell, III (#2555)
Chad M. Shandler (#3796)
Steven J. Fineman (#4025)
One Rodney Square
P. O. Box 551
Wilmington, DE  19899
(302) 651-7500
finkelstein@rlf.com
shandler@rlf.com
fineman@rlf.com
cottrell@rlf.com

*Attorneys for Plaintiffs*
*Advanced Micro Devices, Inc. and*
*AMD International Sales & Service, Ltd.*

2

PRICKETT, JONES & ELLIOTT, P.A.

OF COUNSEL
(INTERIM CLASS COUNSEL):

Michael D. Hausfeld
Daniel A. Small
Brent W. Landau
Allyson B. Baker
COHEN, MILSTEIN, HAUSFELD
  & TOLL , P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005

Michael P. Lehman
Thomas P. Dove
Alex C. Turan
THE FURTH FIRM LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104

Steve W. Berman
Anthony D. Shapiro
HAGENS BERMAN SOBOL
  SHAPIRO, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Guido Saveri
R. Alexander Saveri
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA 94111

Dated: May 2, 2006

By  */s/ James L. Holzman*
    James L. Holzman (#663)
    J. Clayton Athey (#4378)
    Eric M. Andersen (#4376)
    Prickett, Jones & Elliott, P.A.
    1310 King Street
    P.O. Box 1328
    Wilmington, DE 19899
    jlholzman@prickett.com
    jcathey@prickett.com
    emandersen@prickett.com

*Interim Liaison Counsel*

3

OF COUNSEL:

Robert E. Cooper
Daniel S. Floyd
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 900071
(213) 229-7000

Peter E. Moll
Darren B. Bernhard
Howrey LLP
1299 Pennsylvania Avenue
N.W. Washington, DC 20004
(202) 783-0800

Richard A. Ripley
BINGHAM McCUTCHEN LLP
2020 K Street, N.W.
Washington, DC 20006
Telephone: (202) 373-6000
Facsimile: (202) 373-6001

David M. Balabanian
Christopher B. Hockett
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286

Dated: May 2, 2006

729834

POTTER ANDERSON & CORROON LLP

By: /s/ Richard L. Horwitz
    Richard L. Horwitz (#2246)
    W. Harding Drane, Jr. (#1023)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    wdrane@potteranderson.com

*Attorneys for Defendants*
*Intel Corporation and Intel Kabushiki Kaisha*

IT IS SO ORDERED THIS _____ day of May, 2006.


           _____
           United States District Judge

4