Mario N. Alioto (56433)
Lauren C. Russell (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone:   (415) 563-7200
Facsimile:   (415) 346-0679

*Interim Lead Counsel for the Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 SC |
|---|---|
| | MDL NO. 1917 |
| This Document Relates to:<br><br>ALL ACTIONS | **DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF OPPOSITION LETTER BRIEF RE: MOTION TO COMPEL DISCOVERY WITH RESPECT TO CHUNGHWA TRANSLATIONS**<br><br>The Honorable Charles A. Legge<br>Court:            JAMS |

<br/>

I, Mario N. Alioto, declare as follows:

1. I am a partner at the law firm of Trump, Alioto, Trump & Prescott LLP. I am admitted to practice law in this District and before the courts of the State of California. I make this declaration in support of Plaintiffs' Opposition Letter Brief Re: Motion To Compel Discovery With Respect To Chunghwa Translations. Except as otherwise noted, I testify to the following facts based on my person knowledge.

2. On April 8, 2009, Indirect Purchaser Plaintiffs and Chunghwa Picture Tubes, Ltd. entered into a settlement agreement in this litigation. The settlement agreement provided for, among other things, monetary consideration to IPP and cooperation by Chunghwa in the discovery of the allegations in this litigation. Cooperation by Chunghwa was an extremely valuable piece of the consideration negotiated for by IPP. The cooperation included identification by Chunghwa of its business documents that record meetings with its competitors in the CRT industry. These documents are mainly in Chinese. The settlement negotiations specifically included the providing of English translations for these documents. There are approximately 768 Chinese language translations. These documents are a subset of the entire 900,000 + page Chunghwa document production.

3. I am informed and believe that the translations were performed by professional translators at the request of Chunghwa's counsel but are not "certified." I am also informed that Chunghwa spent significant time and "millions" of dollars to produce (*i.e.* selecting and translating) the translations.

4. I am informed and believe that Chunghwa produced its entire document production of original documents on all parties.

5. I am informed and believe that all of the Chunghwa translations were produced to the Department of Justice ("DOJ") by Chunghwa pursuant to confidentiality agreements as part of the cooperation required by its leniency application.

6. Along with Chunghwa's monetary payment and its other cooperation, the translations were a critical part of the consideration received by Plaintiffs in the settlement and were specifically bargained for. For example, the settlement agreement between IPPs and

Chunghwa provides for production of English translations of documents evidencing collusive meetings or other conspiratorial conduct known to Chunghwa.

7. The settlement also provides that material and information provided by Chunghwa to Plaintiffs shall be maintained in confidence, to the extent allowed by law.

8. Plaintiffs received the translations after the settlement with Chunghwa was executed and pursuant to Chunghwa's obligations thereunder.

9. The IPP settlement agreement provides for a monetary payment to indirect purchaser plaintiffs.

10. On September 14, 2010 Rick Saveri and I met and conferred with counsel for Samsung SDI regarding translations. We discussed the Chunghwa translations as well as other translations. For example, Samsung SDI has produced numerous documents in Korean. We asked if Samsung SDI has translations of its Korean documents that were produced to plaintiffs. Counsel informed us that if it had translations of the Korean documents they would be covered by the attorney work product doctrine. In addition, we asked if Samsung SDI sent its translations to any of the other defendants or if it received any translations from other defendants. We were told that if Samsung SDI sent or received any translations, those documents would be covered by the joint defense privilege.

I declare under the penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 15th day of October, 2010 in San Francisco, California.

*Mario N. Alioto*
Mario N. Alioto

Crt.329