| | |
|---|---|
| **SAVERI & SAVERI, INC.**<br>706 SANSOME STREET<br>SAN FRANCISCO, CALIFORNIA 94111<br>TELEPHONE: (415) 217-6810<br>TELECOPIER: (415) 217-6813 | *Trump Alioto Trump & Prescott*<br>ATTORNEYS LLP<br>2280 Union Street<br>San Francisco, California 94123<br>(415) 563-7200<br>FAX (415) 346-0679 |

October 21, 2010

Honorable Charles A. Legge
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

    Re:    *In Re: Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917:
Reply Letter Brief in Support of Plaintiffs' Motion to Compel Discovery
of Information Antedating November of 2003

Your Honor:

    Direct Purchaser Plaintiffs ("DPPs") and Indirect Purchaser Plaintiffs ("IPPs") (collectively "Plaintiffs") respectfully submit this reply letter in support of their motion to compel discovery against Hitachi, Ltd ("HTL"), Hitachi Displays, Ltd. ("HDP"), Hitachi Asia, Ltd. ("HAS"), Hitachi Electronic Devices (USA), Inc. ("HED(US)") and Hitachi America, Inc. ("HAL") (collectively "Hitachi" or "Defendants") with respect to the time period prior to November of 2003.

### A. The Hitachi Defendants Fail to Identify Any Significant Burden Justifying Their Refusal to Produce Documents Prior to November 2003

    Unable to rebut the settled law set forth in Plaintiffs' opening letter, holding that Plaintiffs are entitled to discovery of all relevant materials from January 1, 1995 through the present (and discovery of relevant transactional data from January 1, 1991 to the present), Hitachi can offer only the unsupported assertion that it would be unduly burdensome to search for and produce documents that predate November 2003. This argument fails on numerous grounds.

    As an initial matter, Hitachi's claim of undue burden is predicated on the mistaken assertion that all documents created before November 2003, "predate the statute of limitations period." Opp. at 7 ("Plaintiffs' motion focuses almost exclusively on the purported relevance of pre-statute-of limitations discovery."); *see id.* at 6, 8, 10. However, as this Court and Hitachi are well aware, the relevant period for Plaintiffs' conspiracy claims is January 1, 1995 through the present. This period has been sustained by the Court, and as set forth in Plaintiffs' opening brief, is supported by numerous highly relevant documents produced by other Defendants in this litigation. *See* Mot. at 1-2, 5, 7. Moreover, Hitachi does not challenge the notion that the entire conspiracy going back to its inception, as well as defendants' acts of fraudulent concealment intertwined therewith, will

Hon. Charles Legge
October 21, 2010
Page 2

remain centrally relevant in the case regardless of the application of the statute of limitations.

Accordingly, Plaintiffs are *not* seeking conspiratorial discovery predating this period, and Hitachi's reliance on case law discussing such discovery is entirely misplaced. *See American Chiropractic Ass'n v. Trigon Healthcare, Inc.*, No. 1:00cv00113, 2002 U.S. Dist. LEXIS 11571, at *2-*4 (W.D. Va. June 26, 2002) (seeking discovery of material predating the statutory period from a *non-party*); *In re Fertilizer Antitrust Litig.*, MF-75-1, 1979 WL 1690, at *10 (E.D. Wash. Sept. 14, 1979) (seeking discovery of material during period that court had already held is outside the relevant period); *In re ATM Fee Antitrust Litig.*, No. C 04-02676 CRB, 2007 WL 1827635, at *6 (N.D. Cal. June 25, 2007) (permitting discovery prior to the statutory period).

In each of the above cases relied upon by Hitachi, the court *permitted* the plaintiffs to conduct discovery during the relevant conspiratorial period. This is the precise relief that Plaintiffs seek here and is relief that is consistent with settled precedent in this District. *See*, *e.g.*, Order Clarifying Discovery Limits Allowed Under Court's Stay Order", *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 3:07-md-01827 (N.D. Cal. Apr. 20, 2007) (Dkt. No. 618)(Saveri Decl., Ex 11); "Order Re: Limits on Production of Transactional Data," in *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 4:07-md-1819 (N.D. Cal. Feb. 20, 2007) (Dkt. No. 442)(Saveri Decl., Ex. 12).

Furthermore, none of the Hitachi defendants have identified any undue burden justifying their failure to produce admittedly relevant documents from within the relevant time period. HTL asserts that if ordered to produce relevant documents from before November of 2003, it would be required to search 8 gigabytes of data and 52 boxes of historical documents. HDP asserts that it has identified 64 boxes of relevant historical documents preceding November 2003. Finally HED(US) asserts that that it has "identified at least 11 gigabytes of pre [November 2003] data (approximately 84,000 documents) that may contain responsive material." Opp. at 8. Considering the magnitude and scope of the conspiracy alleged – a multinational conspiracy involving both CRTs and CRT Products, spanning more than 15 years and involving 44 named defendant co-conspirators – any burden associated with searching through this limited subset of document (a total of 116 boxes and 19 gigabytes of electronic data spread over three separate companies), cannot be considered "undue."

In the related *TFT-LCD* litigation, Hitachi has produced 1.2 million documents – a quantity that is several magnitudes greater than the documents identified by HTL, HDP and HED(US). And, as the Court is surely aware, in similar anti-trust conspiracy cases defendants are frequently required to search, review and produce *millions* of documents. *See, e.g*, *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 818 (3d Cir. 1982), *cert. denied*, 459 U.S. 1186 (1983) (pre-trial document production involved nearly two million documents); *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 614 (7th Cir. 1997), *cert. denied*, 522 U.S. 1153 (1998) (pretrial discovery involved over fifty million pages of documents); *In re Linerboard Antitrust Litig.*, 296 F. Supp. 2d 568, 577 (E.D. Pa. 2003) (pretrial discovery required production of millions of pages of documents).

Hon. Charles Legge
October 21, 2010
Page 3

Notably, Hitachi fails to cite a single case where a Court has found in an analogous case that a defendant's burden of searching through a similar quantity of documents, from within the relevant period, is "undue."

Moreover, having failed to provide any substantive detail as to the types of documents contained in the 116 boxes and 19 gigabytes of electronic data, HTL, HDP, and HED(US) cannot possibly satisfy their burden of showing that these documents would not be centrally relevant to the Plaintiffs' allegations or that the "burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii). *See also Johnson & Johnson v. R.E. Serv. Co., Inc.*, No. C 03-2549 SBA, 2004 U.S. Dist. LEXIS 26973, at *5 (N.D. Cal. Nov. 2, 2004); *Flanagan v. Benicia Unified School Dist.*, No. CIV S-07-0333 LKK GGH, 2008 U.S. Dist. LEXIS 39386, at *11-*12 (E.D. Cal. May 14, 2008).

Finally, any claim of burden is significantly reduced by Plaintiffs' willingness to work with the Hitachi Defendants. As set forth in Plaintiffs' July 12, 2010 letter to Hitachi, Plaintiffs offered to confer with Hitachi regarding efficient ways to search for and review documents, including conducting searches by custodian and the use of search terms. *See* Saveri Decl. Ex. 5. Hitachi rejected this proposal out of hand claiming that their purported burden could only be "mitigated by . . . an initial cut-off date for discovery." *Id*. at 4. Having rejected Plaintiffs' attempts to ease any purported burden, Hitachi should not be allowed to use its unwillingness to compromise at the meet and confer stage to overstate its purported burden for purposes of avoiding its discovery obligations.

### B. **Plaintiffs Are Entitled To All Relevant Documents From HAS and HAL**

HAS asserts that Plaintiffs' motion to compel should be denied because it "withdrew from the tubes business in 2002."[1] Even if true, this fact is immaterial. As explained in Plaintiffs' reply brief concerning their motion to obtain discovery with respect to CRT finished products, this assertion appears to be incorrect. In any event, as set forth above, the relevant conspiratorial time frame is from January 1, 1995 to the present. Therefore, to the extent that HAS has any responsive documents to Plaintiffs document requests from within this time frame, it is under an obligation to produce them.

HAL claims that Plaintiffs' motion to compel should be denied because it "no longer possesses any responsive CRT documents." Opp. at 10. Notably, HAL does not state that it does not possess documents related to CRT products from within the relevant statutory period. To the extent that HAL has any such documents, it is required to produce those documents for all the reasons set forth in "Plaintiffs Reply Brief in Support of their Motion to Compel with Respect to CRT Products."

---

[1] Plaintiffs, of course, dispute that HAS withdrew from the conspiracy. HAS further asserts that it "never sold any products that entered the United States or manufactured finished products." As set forth in Plaintiffs Reply Brief in Support of Their Motion to Compel Foreign Discovery, this fact is also immaterial. HAS is alleged to have been a member of a worldwide conspiracy directed at the United States market.

Hon. Charles Legge
October 21, 2010
Page 4

### C. Conclusion

For the foregoing reasons, and those set forth in Plaintiffs' opening brief, Plaintiffs' motion to compel discovery of information prior to November of 2003 should be granted.

Yours sincerely,

/s/ *Guido Saveri*_____
Guido Saveri
Interim Lead Counsel for the
Direct Purchaser Plaintiffs

/s/ *Mario Alioto*_____
Mario Alioto
Interim Lead Counsel for the
Indirect Purchaser Plaintiffs

cc: All Counsel via ECF