GUIDO SAVERI (Bar No. 22349)
 guido@saveri.com
R. ALEXANDER SAVERI (Bar No. 173102)
 rick@saveri.com
CADIO ZIRPOLI (Bar No. 179108)
 cadio@saveri.com
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, California 94111
Telephone:    (415) 217-6810
Facsimile:    (415) 217-6913

*Interim Lead Counsel for the
Direct Purchaser Plaintiffs Class*

MARIO N. ALIOTO (Bar No. 56433)
 malioto@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, California 94123
Telephone:    (415) 563-7200
Facsimile:    (415) 346-0679

*Interim Lead Counsel for the
Indirect Purchaser Plaintiffs Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. C07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br>ALL ACTIONS | **STIPULATION ADOPTING SPECIAL MASTER'S PROCEDURAL AND SCHEDULING ORDER AND [Proposed] ORDER** |

WHEREAS Direct Purchaser Plaintiffs ("Direct Purchasers") and the Indirect Purchaser Plaintiffs ("Indirect Purchasers") filed three separate discovery motions against defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi Asia, Ltd., Hitachi Electronic Devices (USA), Inc. and Hitachi America, Inc. (collectively the "Hitachi Defendants" or "Hitachi"): 1) Motion to Compel Discovery of Information Antedating November 2003 (Docket No. 756); 2) Motion to Compel Discovery of Foreign Conduct and Pricing (Docket No. 757); 3) Motion to Compel Discovery With Respect to

STIPULATION AND [PROPOSED] ORDER ADOPTING SPECIAL MASTER'S RULING
Case No. C07-5944 SC

1  CRT Products (Docket No. 758) and 4) Declaration of R. Alexander Saveri in Support of Motion to
2  Compel/Strike Objections Against Hitachi Defendants (Docket No. 755);
3      WHEREAS the Hitachi Defendants filed oppositions to each motion: 1) Opposition to
4  Plaintiffs' Motion to Compel Discovery of Information Antedating November of 2003 (Docket No.
5  770); 2) Opposition to Plaintiffs' Motion to Compel Discovery of Foreign Conduct and Pricing
6  (Docket No. 771); 3) Opposition to Plaintiffs' Motion to Compel Discovery with Respect to CRT
7  Products (Docket No. 772); 4) Declaration of Diane L. Webb in Support of Oppositions to Motion
8  to Compel/Strike Objections Against Hitachi Defendants (Docket No. 773); 5) Declaration of L.
9  Thomas Heiser in Opposition to Motions to Compel/Strike Objections Against Hitachi Defendants
10 (Docket No. 774); 6) Request for Judicial Notice in Support of Oppositions to Motion to
11 Compel/Strike Objections Against Hitachi Defendants (Docket No. 775); and 7) Declaration Of
12 Tillie Lim In Support Of Oppositions To Motion To Compel/Strike Objections Against Hitachi
13 Defendants 9Docket No. 779);
14     WHEREAS Direct Purchasers and Indirect Purchasers filed three separate reply briefs in
15 support of each motion to compel the Hitachi Defendants: 1) Reply Letter Brief in Support of
16 Plaintiffs' Motion to Compel Discovery of Information Antedating November of 2003 (Docket No.
17 790); 2) Reply Letter Brief On Motion To Compel Discovery of Foreign Conduct and Pricing
18 (Docket No. 789); 3) Reply Letter Brief On Motion to Compel Discovery With Respect To CRT
19 Products (Docket No. 791); 4) Declaration of Mario N. Alioto In Support Of Reply Letter Brief On
20 Motion to Compel Discovery With Respect To CRT Products (Docket No. 792); and 5) Declaration
21 of R. Alexander Saveri In Support of Plaintiffs' Motions To Compel Discovery Against Hitachi
22 Entities (Docket No. 793);
23     WHEREAS the Special Master heard oral argument on the three motions to compel the
24 Hitachi Defendants and issued his three page Procedural And Scheduling Order on November 17,
25 2010 (attached hereto as Exhibit A); and
26     WHEREAS the Special Master's November 17, 2010 Procedural And Scheduling Order
27 allowed Plaintiffs and the Hitachi Defendant to agree to certain dates other than those set forth in
28 the Procedural and Scheduling Order, and, accordingly, Plaintiffs agreed to allow the Hitachi

1  Defendants until December 7, 2010, to provide the offer of proof set forth in paragraph 1 of
2  Procedural And Scheduling Order.
3      PLAINTIFFS AND HITACHI DEFENDANTS HEREBY STIPULATE AND AGREE AS
4  FOLLOWS:
5      1.    The Procedural And Scheduling Order issued by the Special Master on November
6  17, 2010, is adopted as an Order of the Court.

DATED: December 2, 2010        **SAVERI & SAVERI, INC.**

By: /s/ Guido Saveri
      GUIDO SAVERI
*Interim Lead Counsel for the Direct Purchaser Plaintiffs Class*

DATED: December 2, 2010        **TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**

By: /s/ Mario N. Alioto
      MARIO N. ALIOTO
*Interim Lead Counsel for the Indirect Purchaser Plaintiffs Class*

DATED: December 2, 2010        **MORGAN LEWIS & BOCKIUS LLP**

By: /s/ Diane L. Webb
      DIANE L. WEBB
*Counsel for the Hitachi Defendants*

**IT IS SO ORDERED.**

Dated: _____        _____
                                                      Honorable Samuel Conti
                                                      UNITED STATES DISTRICT JUDGE

    Pursuant to General Order no. 45, § X-B, the filer attests that concurrence in the filing of this document has been obtained from each of the above signatories.

crt.343

# EXHIBIT A

Hon. Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 774-2644
Fax: (415) 982-5287
Special Master

JAMS

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 07-5944 SC<br>MDL No. 1917<br>JAMS Reference No. 1100054618 |
| CRAGO, INC., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CHUNGHWA PICTURE TUBES, LTD., et al.,<br><br>Defendants. | PROCEDURAL AND SCHEDULING ORDER |
| This Document Relates to<br>ALL CASES | |

On November 12, 2010 several discovery motions were heard by the Special Master. This Procedural and Scheduling Order pertains to three of those motions, and to the scheduling of certain dates. A separate order will be issued with respect to the other two motions that were heard on November 12, 2010.

1.    Motion by plaintiffs for discovery against the Hitachi defendants regarding "CRT Products":

By November 30, 2010 the Hitachi defendants are to submit to plaintiffs an offer of proof as to which Hitachi companies have been engaged in the CRT and/or CRT Products businesses

1

from January 1995 to date. The offer of proof is to include dates during which the Hitachi defendants were engaged in such businesses, and should affirmatively state the periods of time when they were not engaged in such businesses. The purpose of the offer of proof is to aid in identifying what custodians might or might not have information on the subject matter of Hitachi's activities regarding CRT Products. The Special Master anticipates that any stipulation between the parties, or recommended order by the Special Master, will identify the discovery search to be done based upon named custodians.

The parties are to meet and confer by December 7, 2010 to attempt to agree on which custodians of the Hitachi defendants will be asked to provide information on the subject of CRT Products.

The parties are to report to the Special Master by December 14, 2010.

The Hitachi defendants are also supply to plaintiffs a declaration by an appropriate representative of Hitachi American Limited ("HAL") stating that there has been a search of the records of the company, defining the scope of the search, and stating that the search has disclosed no documents responsive to the discovery requests. This need not be done by a specific date, but within a reasonable time.

2.    Plaintiffs' motion to compel the Hitachi defendants to respond to discovery concerning foreign activities and data. And 3. plaintiffs' motion to compel the Hitachi defendants to produce discovery for a time period prior to November of 2003:

By December 8, 2010 the Hitachi defendants are to produce to plaintiffs organizational charts of the companies which were engaged in the businesses of CRTs and/or CRT Products, including identification of the persons employed by those companies who had authority over pricing, sales, or marketing. The information is to encompass the time period from January 1995 to date.

By December 15, 2010 plaintiffs and the Hitachi defendants are to mutually exchange lists of potential custodians of information within the Hitachi companies to whom appropriate discovery on the subject matters of these two discovery motions might be directed.

By December 29, 2010 the parties are to meet and confer to attempt to agree on a list of custodians. The objective is that the stipulation or order for discovery will be based upon named custodians.

By January 5, 2011 the parties are to report to the Special Master.

4.  The Special Master recognizes that there may be some duplication or overlap of the written information to be provided by the Hitachi defendants to plaintiffs under paragraphs 1, 2 and 3 above. Solely for the purpose of avoiding duplication, the parties may, by stipulation agree to a different or combined format, or to different dates, for the written information; provided, however, that the dates for reporting to the Special Master are not to be deferred beyond January 5, 2011.

5.  Further proceedings in the above three motions are continued to a date to be set by the Special Master after receipt of the reports of counsel.

6.  The Case Management Conference previously scheduled for November 29, 2010, is vacated and will be rescheduled by the Special Master.

IT IS SO ORDERED.

November 17, 2010
Date

Hon. Charles A. Legge
Special Master