| | |
|---|---|
| **SAVERI & SAVERI, INC.**<br>706 SANSOME STREET<br>SAN FRANCISCO, CALIFORNIA 94111<br>TELEPHONE: (415) 217-6810<br>TELECOPIER: (415) 217-6813 | *Trump Alioto Trump & Prescott*<br>ATTORNEYS LLP<br>2280 Union Street<br>San Francisco, California 94123<br>(415) 563-7200<br>FAX (415) 346-0679 |

January 5, 2011

**VIA ECF**

Your Honor:

Pursuant to the Court's Procedural and Scheduling Order of November 17, 2010 ("Scheduling Order"; Exhibit A), the Direct Purchaser Plaintiffs' and Indirect Purchaser Plaintiffs (collectively, "Plaintiffs") respectfully submit this report. The parties met and conferred by telephone regarding the matters set forth in the Scheduling Order on December 28, 2010.

1. **The Status of the Parties' Meet and Confer Regarding Custodians.**

    Prior to their December 28 telephonic meet and confer, the parties exchanged their proposed custodian lists. Plaintiffs' proposed custodian list identified a total of 200 Hitachi individuals from all five Hitachi entities covering the fifteen years of the conspiracy. The Hitachi Defendants' proposed custodian list identified 18 individuals for all five Hitachi entities. The parties agreed that the 18 individuals identified on both parties' proposed lists were relevant and that Hitachi would begin producing responsive material from these individuals' files. The parties were unable to come to an agreement on any other individuals.

    Despite the fact that Plaintiffs identified by name, title and entity each proposed custodian more than a week before the parties' scheduled meet and confer, the Hitachi Defendants were unwilling or unprepared to discuss *any* of the other individual custodians on Plaintiffs' list on December 28. The Hitachi Defendants were also unprepared to discuss those individuals they identified in their own Supplemental Interrogatory Responses as having pricing authority or individuals identified in their Initial Disclosures. Instead, Hitachi Defendants merely stated that they would "get back" to Plaintiffs regarding the individuals who Plaintiffs identified in their proposed custodian lists and asked Plaintiffs to provide additional justification for the custodians they listed.

    Plaintiffs responded to the Hitachi Defendants' request the same day and provided additional support for the individuals on their lists—including identifying individuals who appear in the Chunghwa meeting reports and providing the Bates numbers and documents on which the individuals' names could be found. Plaintiffs' proffer notwithstanding, as of today's date, the Hitachi Defendants have not "gotten back" to

Hon. Charles A. Legge
January 5, 2011
Page **2** of **4**

Plaintiffs with any information. Nor have they articulated any reason why the custodians identified by Plaintiffs should be excluded from the custodian list.

Absent a compelling showing by the Hitachi Defendants as to why they should be excluded, at least the following categories of individuals should be included on the custodian list:

- Individuals identified in the Hitachi Defendants' Initial Disclosures;
- Individuals identified in meeting reports produced by Chunghwa;
- Individuals who the Hitachi Defendants identified in their Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 2, which seeks the identification of persons employed by the Hitachi Defendants who had authority over pricing, sales, or marketing;
- Individuals identified in Hitachi's Responses to the DOJ Subpoena Requests.

Plaintiffs have also asked the Hitachi Defendants to identify any individuals for whom they have already collected documents. During the meet and confer regarding the ESI Protocol, the Hitachi Defendants informed Plaintiffs that over the past 3 years since this case began, they have collected and uploaded to a database ESI and hard copy documents amounting to 303.89 GB of data or 2,929,002 files. Presumably these documents were collected at least in part from certain individuals' files. Plaintiffs therefore requested the names of individuals for whom the Hitachi Defendants have already collected documents, as well as the documents themselves. Hitachi has refused to provide this information. They claim that providing such information is protected by the attorney-client privilege and/or the attorney work product doctrine. Plaintiffs will continue to meet and confer with Hitachi on this issue and, if unresolved, will seek Court intervention.

## 2. Hitachi's Production of Organizational Charts And Related Information.

The Scheduling Order directed the Hitachi Defendants to produce organizational charts of the companies that were engaged in the businesses of CRTs and/or CRT Products, including the identification of the persons employed by those companies who had authority over pricing, sales, or marketing from January 1995 to date. *See* Scheduling Order, p. 2. The Hitachi Defendants have not complied with the Scheduling Order. They have not produced charts for substantial parts of the class period and the organizational charts they have produced are heavily redacted.

First, the organizational charts produced are incomplete due to missing date ranges. No HA charts were produced for the years 1995-2005. Hitachi America, Ltd. ("HAL") produced only two years' worth of charts (2004, 2005) for its high level executives, and produced charts for its Home Electronics America ("HHAE") and Hitachi America Ltd. Home Electronics Divisions ("HAL-HED") for the years 1999-2005. These deficiencies violate the Scheduling Order's mandate that the information

Hon. Charles A. Legge
January 5, 2011
Page **3** of **4**

encompass the time period from January 1995 to date.[1]  The Hitachi Defendants claim that they are continuing to search for the missing organizational charts.

Second, many of the charts have been improperly redacted.  Hitachi Asia Ltd. ("HAS") produced only five pages of heavily redacted charts.  Charts produced on behalf of Hitachi Displays Ltd. ("HDP") are also deficient as a result of extensive redactions.  HDP claims that the redacted sections of its organizational charts contained information not related to the CRT tubes business and because such information is not relevant.  Unilaterally redacting information that the Hitachi Defendants alone have deemed to be irrelevant is inappropriate and has drastically reduced the usefulness of the documents.  Indeed, the redactions are so extensive that it is impossible to discern the relative roles and positions of the few individuals identified.

Plaintiffs raised these deficiencies during the parties' meet and confer session on December 28.  The Hitachi Defendants refused to correct these deficiencies.

3. **Discovery Regarding "CRT Products"**

Pursuant to the Scheduling Order and subsequent stipulation by the parties, on December 7, 2010, the Hitachi Defendants submitted their evidentiary proffer regarding which Hitachi companies have been engaged in CRT and/or CRT Products businesses from January 1995 to date ("Evidentiary Proffer").  The purpose of this Evidentiary Proffer was to assist the Plaintiffs in identifying "which Hitachi companies have been engaged in the CRT and/or CRT Product businesses from January 1995 to date," and thereby inform the parties' discussions of which custodians might have relevant information on Hitachi's activities regarding CRT Products.

During the parties' meet and confer, the Hitachi Defendants claimed that they are not required to meet and confer regarding many of Plaintiffs' proposed custodians due to the unresolved "finished products versus tubes" issue in this case.  Specifically, the Hitachi Defendants claim that Your Honor's December 29, 2010 Order Granting Extensions Of Time For Finished CRT Products Discovery (Exhibit B) mandates that "further discussions regarding proposed custodians relating to . . . Finished CRT Products are stayed and will not take place."  Plaintiffs disagree.  The December 29 Order merely extends "any existing deadlines with respect to meet and confer discussions . . . regarding the scope of Finished CRT Product discovery. . . ."  Order, p. 2.  Contrary to the Hitachi Defendants' claim, the Order does not stay discussions regarding CRT Products discovery.

---

[1] Hitachi America Ltd. and Hitachi Asia also failed to provide supplemental responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 2, as required by the Scheduling Order.  Interrogatory No. 2 seeks the identification of persons employed by the Hitachi companies who had authority over pricing, sales, or marketing.

Hon. Charles A. Legge
January 5, 2011
Page **4** of **4**

       The Hitachi Defendants' position also ignores the Scheduling Order, which directs the parties to "meet and confer . . . to attempt to agree on which custodians of the Hitachi defendants will be asked to provide information on the subject of CRT Products." Scheduling Order, p. 2.  Moreover, the Hitachi Defendants have refused to identify which individuals were only involved in the CRT Products business, discussion of whom they claim should be deferred.

                                      Respectfully submitted,

                                      *Guido Saveri*
                                      Guido Saveri
                                      Interim Lead Counsel for the Direct Purchaser Plaintiffs

                                      *Mario N. Alioto*
                                      Mario N. Alioto
                                      Interim Lead Counsel for the Indirect Purchaser Plaintiffs