Hon. Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 774-2644
Fax: (415) 982-5287
Special Master

JAMS

IN RE: CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION

CRAGO, INC., et al.,

Plaintiffs,

vs.

CHUNGHWA PICTURE TUBES, LTD., et al.,

Defendants.

This Document Relates to
ALL CASES

No. 07-5944 SC
MDL No. 1917
JAMS Reference No. 1100054618

**PROCEDURAL AND SCHEDULING ORDER RE: MOTIONS AGAINST THE HITACHI DEFENDANTS**

Three motions by plaintiffs against the Hitachi defendants are pending before the Special Master, regarding: CRT Finished Products, foreign activities and data, and time periods prior to November 2003. These motions were first heard on November 12, 2010 and were the subject of the Procedural and Scheduling Order dated November 17, 2010. Certain steps defined in that order have been accomplished, but issues remain regarding the identification of the custodians whose records are to be produced by Hitachi.

At the hearing on November 12, 2010, the parties ultimately agreed that the issues of CRT Finished Products, foreign information, and time periods would be addressed, for discovery purposes, by the identification of custodians of Hitachi's records; and once the custodians are identified, the three pending discovery issues will be resolved by the production of the

documents of those custodians. The order of November 17, 2010 therefore established procedures for the designation of appropriate custodians. Plaintiffs' counsel and Hitachi's counsel both reported to the Special Master in writing on January 5, 2011 regarding the progress of designation of the custodians and the problems that were preventing agreements. The Special Master therefore scheduled a hearing on the motions, which was held on January 13, 2011.

(1) At that hearing, the parties agreed upon eighteen custodians. The process of obtaining the documents from those custodians, Hitachi's review of the documents, and their production to plaintiffs should begin immediately.

(2) At the hearing, plaintiffs presented to Hitachi a list of an additional 59 persons whom plaintiffs believe may have relevant documents. The list also indicates the bases upon which plaintiffs identified those persons as custodians. Counsel for Hitachi has agreed to respond to that list. Hitachi is to reply to the list regarding those persons who are employed by Hitachi domestic companies by January 21, 2011, and regarding those persons who are employed by Hitachi foreign companies by January 28, 2011.

(3) The parties are then to meet and confer, in person and not by telephone, by February 5, 2011 regarding the list of 59 persons.

(4) The parties are then to report to the Special Master by February 9, 2011. If there is still disagreement over the designation of certain persons as custodians, the Special Master will set a further hearing and will make decisions regarding the persons that are not agreed upon.

(5) With respect to the potential custodians: the parties recognize that some of the designated persons may not now be connected with Hitachi, or may not be defendants, or may not be represented by Hitachi's present counsel; for example, the persons listed as numbers 51-55. Hitachi will respond as to those and similar persons by identifying what relevant records, if any, Hitachi still has which were previously in their custody and control.

(6) The parties also recognize that there <u>may</u> be a gap in the information between the documents which will be supplied by the designated custodians, and the documents which Hitachi has previously assembled in this litigation. That gap, if such a gap exists, will be addressed later if necessary.

(7) The designated custodians will not include the members of the boards of directors of the Hitachi entities, unless such persons were also employees or managers of relevant entities. After the initial productions, the possibility of certain board members being custodians may again be raised if necessary.

(8) At the hearing, plaintiffs also raised alleged deficiencies in Hitachi's production of its organization charts. After reviewing the charts submitted by Hitachi, the Special Master has concluded and has advised counsel for both sides that the charts are not adequate and are of little use to the parties or to the court. Hitachi has agreed to reconsider its charts and will report to the Special Master by February 9, 2011.

(9) With respect to Interrogatory No. 2 propounded by plaintiffs, HAS and HUSA Ltd. are to provide responses by January 28, 2011.

(10) The Special Master was advised that some or all of the defendants have interpreted the Special Master's order of December 29, 2011 as imposing a stay of the meet and confer discussions regarding Finished CRT Products. That interpretation is incorrect. The intended purpose of the order was merely to extend the <u>deadlines</u> with respect to the meet and confer discussions. It was not intended to stay or to terminate those discussions.

(11) The agreements of the parties on the identification of the custodians, or the Special Master's order identifying the custodians, will not prevent Hitachi from asserting privilege objections to the production of documents. Counsel for Hitachi has the right to review the documents before production to plaintiffs, and to assert privilege objections. As to such privilege objections, counsel for Hitachi

is to prepare and deliver to plaintiffs privilege logs pertaining to each group of documents at the time each group is delivered to plaintiffs.

(12) Plaintiffs have requested that documents pertaining to discovery motions be submitted to the Special Master by email rather than by posting on PACER. The Special Master presently agrees that such procedure will be easier for the parties and for the Special Master, and the request is provisionally granted. However, the Special Master recognizes that other defendants have not had an opportunity to comment upon that procedure, and the Special Master will accept objections, comments, or suggestions in that regard from the other defendants.

(13) The Special Master counsels all parties that the use of email and fax for large volumes of documents at one time poses problems for the recipients. Voluminous documents should be submitted in paper copies or in such other format as may be agreed to by the Case Manager.

IT IS SO ORDERED.

DATED: January 19, 2011

Charles A. Legge
HON. CHARLES A. LEGGE
UNITED STATES DISTRICT JUDGE (RET.)
SPECIAL MASTER