IAN SIMMONS (*Admitted Pro Hac Vice*)
Email: isimmons@omm.com
O'MELVENY & MYERS LLP
1625 Eye St. NW
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

BENJAMIN G. BRADSHAW (SBN 189925)
Email: bbradshaw@omm.com
O'MELVENY & MYERS LLP
1625 Eye St. NW
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Attorneys for Defendant:
**SAMSUNG ELECTRONICS AMERICA, INC.**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 3:07-cv-5944 SC<br>MDL No. 1917 |
| This Document Relates to: | Judge: Hon. Samuel Conti<br>Special Master: Hon. Charles A. Legge (Ret.) |
| ALL INDIRECT PURCHASER ACTIONS | **SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT** |

1    Defendant Samsung Electronics America, Inc. ("SEAI"), by and through its attorneys,

2    admits, denies, and avers as follows with respect to the Indirect Purchaser Plaintiffs' Third

3    Consolidated Amended Complaint (the "Amended Complaint") (dated December 11, 2010) of

4    Brian Luscher, Jeffrey Figone, Carmen Gonzalez, Dana Ross, Steven Ganz, Bedrock

5    Management Company, Inc., Brady Lane Cotton, Colleen Sobotka, Daniel Riebow, Dean

6    Haverkampf, Travis Burau, Southern Office Supply, Inc., Kerry Lee Hall, Lisa Reynolds, Barry

7    Kushner, Chad Klebs, David Norby, Ryan Rizzo, Charles Jenkins, Daniel R. Hergert, Samuel J.

8    Nasto, Conrad Carty, Janet Ackerman, Craig Stephenson, Steven Hawley, Gary Hanson, Donna

9    Marie Ellingson, Frank Warner, Albert Sidney Crigler, Margaret Slagle, John Larch, and Brigid

10   Terry (collectively, "Plaintiffs"):

11                              **I. <u>INTRODUCTION</u>**

12           1.      Denies the allegations of Paragraph 1 of the Amended Complaint, and specifically

13   denies that SEAI was engaged in the conspiracy alleged in the Amended Complaint, except: (a)

14   admits that Plaintiffs purport to bring this action as a class action and purport to define the Class

15   Period as March 1, 1995 through November 25, 2007; (b) avers to the contrary that this action

16   may not be maintained as a class action on behalf of the purported class or otherwise; (c) avers

17   that the term "Cathode Ray Tube Products" ("CRT Products") is vague, ambiguous, and

18   improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

19   Complaint does not allege that finished products containing CRTs were an object of the alleged

20   conspiracy; and (d) avers that the term "CRT Products" is not a term used in the business

21   discourse of SEAI and does not denote a single, homogenous, and/or interchangeable product or

22   group of products.

23           2.      Denies the allegations of Paragraph 2 of the Amended Complaint, except avers that:

24   (a) Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group

25   together distinct legal entities with separate businesses and ownership structures; (b) Samsung

26   Electronics Co., Ltd. ("SEC") and Samsung SDI are separate and distinct publicly-owned

27   companies; (c) SEAI is a wholly-owned subsidiary of SEC, which owns an approximately 20

28   percent share (19.68 percent) of Samsung SDI's stock and does not dominate or control the

finances, policies, or affairs of Samsung SDI or any other Samsung SDI entity; (d) SEC and the SDI Defendants have dissimilar lines of business; (e) SEAI does not manufacture and sell CRTs—the object of the conspiracy alleged by the Amended Complaint; (f) SEAI is without knowledge or information sufficient to form a belief as to the allegations regarding the actions of third-parties; and (g) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

3.      Denies the allegations of Paragraph 3 of the Amended Complaint, except avers that: (a) electronic devices containing emerging technologies such as TFT-LCD and Plasma have increasingly competed with the sale of electronic devices containing CPTs and CDTs; (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy; and (c) to the extent the allegations contained in Paragraph 3 of the Amended Complaint are legal conclusions, no response is required.

4.      Denies the allegations of Paragraph 4 of the Amended Complaint, except avers that: (a) the terms "[t]his global conspiracy" and "several other international" are vague, ambiguous, and improperly overbroad; and (b) a two-count indictment was issued against C.Y. Lin, former Chairman and CEO of Chunghwa Picture Tubes, Ltd. related to CPTs and CDTs on February 10, 2009, and respectfully refers the Court to the document for a full and complete description of its contents.

## II.  JURISDICTION AND VENUE

5.      Admits that Plaintiffs purport to bring this action under Section 16 of the Clayton Act (15 U.S.C. § 16) and Section 1 of the Sherman Act (15 U.S.C. § 1), and purport to seek injunctive relief and to recover damages, except: (a) specifically denies that Plaintiffs are entitled to any relief on the purported claims alleged in the Amended Complaint; and (b) avers that to the extent the allegations contained in Paragraph 5 of the Amended Complaint are legal conclusions, no response is required.

6.      Admits that this Court has jurisdiction over Plaintiffs' federal claims in this action to the extent that Plaintiffs allege a domestic injury.

7.      Denies the allegations in Paragraph 7 of the Amended Complaint, except avers that this action may not be maintained as a class action on behalf of the purported class or otherwise.

8.      Admits that venue is proper in the Northern District of California, San Francisco Division.

9.      Denies the allegations of Paragraph 9 of the Amended Complaint, except avers that to the extent the allegations contained in Paragraph 9 of the Amended Complaint are legal conclusions, no response is required.

10.     Denies the allegations of Paragraph 10 of the Amended Complaint, including each subpart, except avers that: (a) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations contained in Paragraph 10 of the Amended Complaint are legal conclusions, no response is required.

11.     Denies the allegations of Paragraph 11 of the Amended Complaint, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

12.     Denies the allegations of Paragraph 12 of the Amended Complaint, except avers that: (a) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations contained in Paragraph 12 of the Amended Complaint are legal conclusions, no response is required.

### III.  DEFINITIONS

13.     Denies the allegations of Paragraph 13 of the Amended Complaint, except: (a) admits that cathode ray tubes ("CRTs") are used in televisions, computer monitors, and other

applications; (b) avers that Plaintiffs' description of the operation of a CRT is incomplete, oversimplified, and incorrect in certain respects; and (c) avers that SEAI reserves the right to provide a more thorough and complete description of the operation of CRT to the extent that the technical operation of a CRT is relevant to Plaintiffs' claims in this proceeding.

14.     Admits that Plaintiffs purport to refer to both color display tubes ("CDTs") and color picture tubes ("CPTs") as "cathode ray tubes" or "CRTs," except avers that: (a) Plaintiffs' description of the differences between CDTs and CPTs is incomplete and oversimplified; and (b) SEAI reserves the right to provide a more thorough and complete description of the differences between CDTs and CPTs to the extent that such a description is relevant to Plaintiffs' claims in this proceeding.

15.     Admits that Plaintiffs purport to define "CRT Products" as encompassing both Cathode Ray Tubes ("CRTs") and "products containing [CRTs]," except avers that: (a) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy; and (b) the term "CRT Products" is not a term used in the business discourse of SEAI and does not denote a single, homogenous, and/or interchangeable product or group of products.

16.     Admits that Plaintiffs purport to bring this action as a class action and purport to define the Class Period as March 1, 1995 through "at least" November 25, 2007, except avers to the contrary that this action may not be maintained as a class action on behalf of the purported class or otherwise.

17.     Admits that Plaintiffs purport to define "person" to mean any individual, partnership, corporation, association, or other business or legal entity.

18.     Admits that Plaintiffs purport to define "OEM" to mean Original Equipment Manufacturer of CRT Products, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

# IV.  **PLAINTIFFS**

19.   Denies the allegations of Paragraph 19 of the Amended Complaint.

20.   Denies the allegations of Paragraph 20 of the Amended Complaint.

21.   Denies the allegations of Paragraph 21 of the Amended Complaint.

22.   Denies the allegations of Paragraph 22 of the Amended Complaint.

23.   Denies the allegations of Paragraph 23 of the Amended Complaint.

24.   Denies the allegations of Paragraph 24 of the Amended Complaint.

25.   Denies the allegations of Paragraph 25 of the Amended Complaint.

26.   Denies the allegations of Paragraph 26 of the Amended Complaint.

27.   Denies the allegations of Paragraph 27 of the Amended Complaint.

28.   Denies the allegations of Paragraph 28 of the Amended Complaint.

29.   Denies the allegations of Paragraph 29 of the Amended Complaint.

30.   Denies the allegations of Paragraph 30 of the Amended Complaint.

31.   Denies the allegations of Paragraph 31 of the Amended Complaint.

32.   Denies the allegations of Paragraph 32 of the Amended Complaint.

33.   Denies the allegations of Paragraph 33 of the Amended Complaint.

34.   Denies the allegations of Paragraph 34 of the Amended Complaint.

35.   Denies the allegations of Paragraph 35 of the Amended Complaint.

36.   Denies the allegations of Paragraph 36 of the Amended Complaint.

37.   Denies the allegations of Paragraph 37 of the Amended Complaint.

38.   Denies the allegations of Paragraph 38 of the Amended Complaint.

39.   Denies the allegations of Paragraph 39 of the Amended Complaint.

40.   Denies the allegations of Paragraph 40 of the Amended Complaint.

41.   Denies the allegations of Paragraph 41 of the Amended Complaint.

42.   Denies the allegations of Paragraph 42 of the Amended Complaint.

43.   Denies the allegations of Paragraph 43 of the Amended Complaint.

44.   Denies the allegations of Paragraph 44 of the Amended Complaint.

45.   Denies the allegations of Paragraph 45 of the Amended Complaint.

46.   Denies the allegations of Paragraph 46 of the Amended Complaint.

47.   Denies the allegations of Paragraph 47 of the Amended Complaint.

48.   Denies the allegations of Paragraph 48 of the Amended Complaint.

49.   Denies the allegations of Paragraph 49 of the Amended Complaint.

50.   Denies the allegations of Paragraph 50 of the Amended Complaint.

## V.  DEFENDANTS

**LG Electronics Entities**

51.   Denies the allegations of Paragraph 51 of the Amended Complaint, except avers that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

52.   Denies the allegations of Paragraph 52 of the Amended Complaint, except avers that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

53.   Denies the allegations of Paragraph 53 of the Amended Complaint, except avers that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

54.   Admits that Plaintiffs purport to refer to LG Electronics, Inc., LGEUSA, and LGETT collectively as "LG," except avers that SEAI is without knowledge or information sufficient to form a belief as to whether such a collective reference is appropriate or justified.

1  **Philips Entities**

2       55.    Denies the allegations of Paragraph 55 of the Amended Complaint, except avers

3  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

4  allegations of Paragraph 55; and (b) the term "CRT Products" is vague, ambiguous, and

5  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

6  Complaint does not allege that finished products containing CRTs were an object of the alleged

7  conspiracy.

8       56.    Denies the allegations of Paragraph 56 of the Amended Complaint, except avers

9  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

10  allegations of Paragraph 56; and (b) the term "CRT Products" is vague, ambiguous, and

11  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

12  Complaint does not allege that finished products containing CRTs were an object of the alleged

13  conspiracy.

14       57.    Denies the allegations of Paragraph 57 of the Amended Complaint, except avers

15  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

16  allegations of Paragraph 57; and (b) the term "CRT Products" is vague, ambiguous, and

17  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

18  Complaint does not allege that finished products containing CRTs were an object of the alleged

19  conspiracy.

20       58.    Denies the allegations of Paragraph 58 of the Amended Complaint, except avers

21  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

22  allegations of Paragraph 58; and (b) the term "CRT Products" is vague, ambiguous, and

23  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

24  Complaint does not allege that finished products containing CRTs were an object of the alleged

25  conspiracy.

26       59.    Admits that Plaintiffs purport to refer to Royal Philips, PENAC, PEIL, PCEC,

27  Philips Electronics Taiwan, and Philips Brazil collectively as "Philips," except avers that SEAI is

28

1    without knowledge or information sufficient to form a belief as to whether such a collective

2    reference is appropriate or justified.

3    **LP Displays**

4        60.    Denies the allegations of Paragraph 60 of the Amended Complaint, except avers

5    that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

6    allegations of Paragraph 60; and (b) the term "CRT Products" is vague, ambiguous, and

7    improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

8    Complaint does not allege that finished products containing CRTs were an object of the alleged

9    conspiracy.

10    **Samsung Entities**

11        61.    Denies the allegations of Paragraph 61 of the Amended Complaint, except avers

12    that: (a) SEC is a South Korean company with its headquarters at Samsung Electronics Bldg.,

13    1320-10, Seocho 2-dong, Seocho-gu, Seoul 137-857, Korea; (b) the term "CRT Products" is

14    vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs,

15    and the Amended Complaint does not allege that finished products containing CRTs were an

16    object of the alleged conspiracy; and (c) to the extent the allegations contained in Paragraph 61 of

17    the Amended Complaint are legal conclusions, no response is required.

18        62.    Denies the allegations of Paragraph 62 of the Amended Complaint, except: (a)

19    admits that Samsung Electronics America, Inc. ("SEAI") is a New York corporation with its

20    principal place of business located at 105 Challenger Road, Ridgefield Park, New Jersey 07660;

21    (b) admits that SEAI is a wholly-owned subsidiary of SEC; (c) avers that the term "CRT

22    Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture

23    and sell CRTs, and the Amended Complaint does not allege that finished products containing

24    CRTs were an object of the alleged conspiracy; and (d) avers that to the extent the allegations

25    contained in Paragraph 62 of the Amended Complaint are legal conclusions, no response is

26    required.

27        63.    Denies the allegations of Paragraph 63 of the Amended Complaint, except: (a)

28    admits that Samsung SDI Co., Ltd. ("Samsung SDI") is a South Korean company, (b) avers that

1   Samsung SDI's headquarters is located at 575 Shin-dong, Youngtong-gu, Suwon, South Korea;

2   (c) admits that Samsung SDI is a public company and that SEC holds approximately 20 percent

3   of Samsung SDI's stock; (d) avers that SEAI is without knowledge or information sufficient to

4   form a belief as to the truth of Plaintiffs' allegation that "Samsung SDI claims to be the world's

5   leading company in the display and energy businesses, with 28,000 employees and facilities in 18

6   countries"; (e) avers that SEAI is without knowledge or information sufficient to form a belief as

7   to the truth of Plaintiffs' allegation that Samsung SDI held a 34.3% "worldwide market share in

8   the market for CRTs, more than another other [sic] producer"; (f) avers that the terms "worldwide

9   market share," "market for CRTs" and "another other producer" are vague, ambiguous, and not

10  self-defining; (g) avers that SEAI is without knowledge or information sufficient to form a belief

11  as to whether Samsung SDI currently has or for what period of time Samsung SDI maintained

12  offices in Chicago and San Diego; (h) specifically denies that SEC "dominated and controlled the

13  finances, policies, and affairs of Samsung SDI"; (i) avers that the term "CRT Products" is vague,

14  ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and

15  the Amended Complaint does not allege that finished products containing CRTs were an object of

16  the alleged conspiracy; and (j) avers that to the extent the allegations contained in Paragraph 63 of

17  the Amended Complaint are legal conclusions, no response is required.

18          64.     Denies the allegations of Paragraph 64 of the Amended Complaint, and specifically

19  denies that SEC dominated or controlled the finances, policies, or affairs of Samsung SDI

20  America, Inc., except avers that: (a) SEAI is without knowledge or information sufficient to form

21  a belief as to the truth of the remaining allegations of Paragraph 64; (b) the term "CRT Products"

22  is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell

23  CRTs, and the Amended Complaint does not allege that finished products containing CRTs were

24  an object of the alleged conspiracy; and (c) to the extent the allegations contained in Paragraph 64

25  of the Amended Complaint are legal conclusions, no response is required.

26          65.     Denies the allegations of Paragraph 65 of the Amended Complaint, and specifically

27  denies that SEC dominated or controlled the finances, policies, or affairs of Samsung SDI Mexico

28  S.A. de C.V., except avers that: (a) SEAI is without knowledge or information sufficient to form a

1  belief as to the truth of the remaining allegations of Paragraph 65; (b) the term "CRT Products" is

2  vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs,

3  and the Amended Complaint does not allege that finished products containing CRTs were an

4  object of the alleged conspiracy; and (c) to the extent the allegations contained in Paragraph 65 of

5  the Amended Complaint are legal conclusions, no response is required.

6       66.     Denies the allegations of Paragraph 66 of the Amended Complaint, and specifically

7  denies that SEC dominated or controlled the finances, policies, or affairs of Samsung SDI Brasil

8  Ltda., except avers that: (a) SEAI is without knowledge or information sufficient to form a belief

9  as to the truth of the remaining allegations of Paragraph 66; (b) the term "CRT Products" is

10  vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs,

11  and the Amended Complaint does not allege that finished products containing CRTs were an

12  object of the alleged conspiracy; and (c) to the extent the allegations contained in Paragraph 66 of

13  the Amended Complaint are legal conclusions, no response is required.

14       67.     Denies the allegations of Paragraph 67 of the Amended Complaint, and specifically

15  denies that SEC dominated or controlled the finances, polices, or affairs of Shenzhen Samsung

16  SDI Co. Ltd., except avers that: (a) SEAI is without knowledge or information sufficient to form

17  a belief as to the truth of the remaining allegations of Paragraph 67; (b) the term "CRT Products"

18  is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell

19  CRTs, and the Amended Complaint does not allege that finished products containing CRTs were

20  an object of the alleged conspiracy; and (c) to the extent the allegations contained in Paragraph 67

21  of the Amended Complaint are legal conclusions, no response is required.

22       68.     Denies the allegations of Paragraph 68 of the Amended Complaint, and specifically

23  denies that SEC dominated or controlled the finances, policies, or affairs of Tianjin Samsung SDI

24  Co., Ltd., except avers that: (a) SEAI is without knowledge or information sufficient to form a

25  belief as to the truth of the remaining allegations of Paragraph 68; (b) the term "CRT Products" is

26  vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs,

27  and the Amended Complaint does not allege that finished products containing CRTs were an

28

1  object of the alleged conspiracy; and (c) to the extent the allegations contained in Paragraph 68 of

2  the Amended Complaint are legal conclusions, no response is required.

3        69.    Denies the allegations of Paragraph 69 of the Amended Complaint, and specifically

4  denies that SEC dominated or controlled the finances, policies, or affairs of Samsung SDI

5  (Malaysia) Sdn. Bhd., except avers that: (a) SEAI is without knowledge or information sufficient

6  to form a belief as to the truth of the remaining allegations of Paragraph 69; (b) the term "CRT

7  Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture

8  and sell CRTs, and the Amended Complaint does not allege that finished products containing

9  CRTs were an object of the alleged conspiracy; and (c) to the extent the allegations contained in

10  Paragraph 69 of the Amended Complaint are legal conclusions, no response is required.

11        70.    Admits that Plaintiffs purport to refer to SEC, SEAI, Samsung SDI, Samsung SDI

12  America, Samsung SDI Mexico, Samsung SDI Brazil, Samsung SDI Shenzhen, Samsung SDI

13  Tianjin, and Samsung Malaysia collectively as "Samsung," except specifically denies that such a

14  collective reference is appropriate as it improperly seeks to group together distinct legal entities

15  with separate businesses and ownership structures.  SEAI avers that: (a) SEC and Samsung SDI

16  are separate and distinct publicly-owned companies; (b) SEAI is a wholly-owned subsidiary of

17  SEC, which owns an approximately 20 percent share of Samsung SDI's stock; (c) SEC does not

18  dominate or control the finances, policies, or affairs of Samsung SDI, Samsung SDI America,

19  Samsung SDI Mexico, Samsung SDI Brazil, Samsung SDI Shenzhen, Samsung SDI Tianjin, or

20  Samsung Malaysia (collectively "the SDI Defendants").  Furthermore, SEAI avers that SEC and

21  SEAI have dissimilar lines of business than the SDI Defendants; SEC and SEAI do not

22  manufacture and sell CRTs—the object of the conspiracy alleged by the Amended Complaint.

23  **Toshiba Entities**

24        71.    Denies the allegations of Paragraph 71 of the Amended Complaint, except avers

25  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

26  allegations of Paragraph 71; and (b) the term "CRT Products" is vague, ambiguous, and

27  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

28

1  Complaint does not allege that finished products containing CRTs were an object of the alleged

2  conspiracy.

3        72.    Denies the allegations of Paragraph 72 of the Amended Complaint, except avers

4  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

5  allegations of Paragraph 72; and (b) the term "CRT Products" is vague, ambiguous, and

6  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

7  Complaint does not allege that finished products containing CRTs were an object of the alleged

8  conspiracy.

9        73.    Denies the allegations of Paragraph 73 of the Amended Complaint, except avers

10  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

11  allegations of Paragraph 73; and (b) the term "CRT Products" is vague, ambiguous, and

12  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

13  Complaint does not allege that finished products containing CRTs were an object of the alleged

14  conspiracy.

15        74.    Denies the allegations of Paragraph 74 of the Amended Complaint, except avers

16  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

17  allegations of Paragraph 74; and (b) the term "CRT Products" is vague, ambiguous, and

18  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

19  Complaint does not allege that finished products containing CRTs were an object of the alleged

20  conspiracy.

21        75.    Denies the allegations of Paragraph 75 of the Amended Complaint, except avers

22  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

23  allegations of Paragraph 75; and (b) the term "CRT Products" is vague, ambiguous, and

24  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

25  Complaint does not allege that finished products containing CRTs were an object of the alleged

26  conspiracy.

27        76.    Denies the allegations of Paragraph 76 of the Amended Complaint, except avers

28  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

1   allegations of Paragraph 76; and (b) the term "CRT Products" is vague, ambiguous, and

2   improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

3   Complaint does not allege that finished products containing CRTs were an object of the alleged

4   conspiracy.

5          77.     Denies the allegations of Paragraph 77 of the Amended Complaint, except avers

6   that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

7   allegations of Paragraph 77; and (b) the term "CRT Products" is vague, ambiguous, and

8   improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

9   Complaint does not allege that finished products containing CRTs were an object of the alleged

10  conspiracy.

11         78.     Admits that Plaintiffs purport to refer to Toshiba Corporation, Toshiba America,

12  Inc., TACP, TACPI, TAIP, TAEC and TDDT collectively as "Toshiba," except avers that SEAI

13  is without knowledge or information sufficient to form a belief as to whether such a collective

14  reference is appropriate or justified.

15  **Panasonic Entities**

16         79.     Denies the allegations of Paragraph 79 of the Amended Complaint, except avers

17  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

18  allegations of Paragraph 79; and (b) the term "CRT Products" is vague, ambiguous, and

19  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

20  Complaint does not allege that finished products containing CRTs were an object of the alleged

21  conspiracy.

22         80.     Denies the allegations of Paragraph 80 of the Amended Complaint, except avers

23  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

24  allegations of Paragraph 80; and (b) the term "CRT Products" is vague, ambiguous, and

25  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

26  Complaint does not allege that finished products containing CRTs were an object of the alleged

27  conspiracy.

28

1      81.     Denies the allegations of Paragraph 81 of the Amended Complaint, except avers

2   that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

3   allegations of Paragraph 81; and (b) the term "CRT Products" is vague, ambiguous, and

4   improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

5   Complaint does not allege that finished products containing CRTs were an object of the alleged

6   conspiracy.

7      82.     Admits that Plaintiffs purport to refer to Panasonic Corporation, Panasonic NA,

8   and Matsushita Malaysia collectively as "Panasonic," except avers that SEAI is without

9   knowledge or information sufficient to form a belief as to whether such a collective reference is

10   appropriate or justified.

11      83.     Denies the allegations of Paragraph 83 of the Amended Complaint, except avers

12   that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

13   allegations of Paragraph 83; and (b) that the term "CRT Products" is vague, ambiguous, and

14   improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

15   Complaint does not allege that finished products containing CRTs were an object of the alleged

16   conspiracy.

17      84.     Denies the allegations of Paragraph 84 of the Amended Complaint, except avers

18   that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

19   allegations of Paragraph 84; and (b) the term "CRT Products" is vague, ambiguous, and

20   improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

21   Complaint does not allege that finished products containing CRTs were an object of the alleged

22   conspiracy.

23   **<u>Hitachi Entities</u>**

24      85.     Denies the allegations of Paragraph 85 of the Amended Complaint, except avers

25   that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

26   allegations of Paragraph 85; and (b) the term "CRT Products" is vague, ambiguous, and

27   improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

28

1   Complaint does not allege that finished products containing CRTs were an object of the alleged

2   conspiracy.

3          86.     Denies the allegations of Paragraph 86 of the Amended Complaint, except avers

4   that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

5   allegations of Paragraph 86; and (b) term "CRT Products" is vague, ambiguous, and improperly

6   overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does

7   not allege that finished products containing CRTs were an object of the alleged conspiracy.

8          87.     Denies the allegations of Paragraph 87 of the Amended Complaint, except avers

9   that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

10   allegations of Paragraph 87; and (b) the term "CRT Products" is vague, ambiguous, and

11   improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

12   Complaint does not allege that finished products containing CRTs were an object of the alleged

13   conspiracy.

14          88.     Denies the allegations of Paragraph 88 of the Amended Complaint, except avers

15   that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

16   allegations of Paragraph 88; and (b) the term "CRT Products" is vague, ambiguous, and

17   improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

18   Complaint does not allege that finished products containing CRTs were an object of the alleged

19   conspiracy.

20          89.     Denies the allegations of Paragraph 89 of the Amended Complaint, except avers

21   that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

22   allegations of Paragraph 89; and (b) the term "CRT Products" is vague, ambiguous, and

23   improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

24   Complaint does not allege that finished products containing CRTs were an object of the alleged

25   conspiracy.

26          90.     Denies the allegations of Paragraph 90 of the Amended Complaint, except avers

27   that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

28   allegations of Paragraph 90; and (b) the term "CRT Products" is vague, ambiguous, and

1   improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

2   Complaint does not allege that finished products containing CRTs were an object of the alleged

3   conspiracy.

4          91.     Admits that Plaintiffs purport to refer to Hitachi Ltd., Hitachi Displays, Hitachi

5   America, HEDUS, Hitachi Asia, and Hitachi Shenzhen collectively as "Hitachi." except avers

6   that SEAI is without knowledge or information sufficient to form a belief as to whether such a

7   collective reference is appropriate or justified.

8   **Tatung**

9          92.     Denies the allegations of Paragraph 92 of the Amended Complaint, except avers

10  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

11  allegations of Paragraph 92; and (b) the term "CRT Products" is vague, ambiguous, and

12  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

13  Complaint does not allege that finished products containing CRTs were an object of the alleged

14  conspiracy.

15  **Chunghwa Entities**

16         93.     Denies the allegations of Paragraph 93 of the Amended Complaint, except avers

17  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

18  allegations of Paragraph 93; and (b) the term "CRT Products" is vague, ambiguous, and

19  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

20  Complaint does not allege that finished products containing CRTs were an object of the alleged

21  conspiracy.

22         94.     Denies the allegations of Paragraph 94 of the Amended Complaint, except avers

23  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

24  allegations of Paragraph 94; and (b) the term "CRT Products" is vague, ambiguous, and

25  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

26  Complaint does not allege that finished products containing CRTs were an object of the alleged

27  conspiracy.

28

1    95.    Admits that Plaintiffs purport to refer to CPT and Chunghwa Malaysia collectively

2  as "Chunghwa," except avers that SEAI is without knowledge or information sufficient to form a

3  belief as to whether such a collective reference is appropriate or justified.

4  **IRICO Entities**

5    96.    Denies the allegations of Paragraph 96 of the Amended Complaint, except avers

6  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

7  allegations of Paragraph 96; and (b) the term "CRT Products" is vague, ambiguous, and

8  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

9  Complaint does not allege that finished products containing CRTs were an object of the alleged

10  conspiracy.

11    97.    Denies the allegations of Paragraph 97 of the Amended Complaint, except avers

12  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

13  allegations of Paragraph 97; and (b) the term "CRT Products" is vague, ambiguous, and

14  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

15  Complaint does not allege that finished products containing CRTs were an object of the alleged

16  conspiracy.

17    98.    Denies the allegations of Paragraph 98 of the Amended Complaint, except avers

18  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

19  allegations of Paragraph 98; and (b) the term "CRT Products" is vague, ambiguous, and

20  improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

21  Complaint does not allege that finished products containing CRTs were an object of the alleged

22  conspiracy.

23    99.    Admits that Plaintiffs purport to refer to IGC, IDDC, and IGE collectively as

24  "IRICO," except avers that SEAI is without knowledge or information sufficient to form a belief

25  as to whether such a collective reference is appropriate or justified.

26  **Thai CRT**

27    100.    Denies the allegations of Paragraph 100 of the Amended Complaint, except avers

28  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

1    allegations of Paragraph 100; and (b) the term "CRT Products" is vague, ambiguous, and

2    improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

3    Complaint does not allege that finished products containing CRTs were an object of the alleged

4    conspiracy.

5    **<u>Samtel</u>**

6           101.   Denies the allegations of Paragraph 101 of the Amended Complaint, except avers

7    that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

8    allegations of Paragraph 101; and (b) the term "CRT Products" is vague, ambiguous, and

9    improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

10    Complaint does not allege that finished products containing CRTs were an object of the alleged

11    conspiracy.

12    **<u>Daewoo/Orion Entities</u>**

13           102.   Denies the allegations of Paragraph 102 of the Amended Complaint, except avers

14    that: (a) SEAI is without knowledge or information sufficient to form a belief as to the truth of the

15    allegations of Paragraph 102; and (b) the term "CRT Products" is vague, ambiguous, and

16    improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

17    Complaint does not allege that finished products containing CRTs were an object of the alleged

18    conspiracy.

19           103.   Admits that Plaintiffs purport to refer to Daewoo Electronics, Orion, and DOSA

20    collectively as "Daewoo," except avers that SEAI is without knowledge or information sufficient

21    to form a belief as to whether such a collective reference is appropriate or justified.

22           104.   Admits that Plaintiffs purport to refer to all of the above-listed defendants

23    collectively as "Defendants."

24                   **VI.  <u>PURPORTED AGENTS AND CO-CONSPIRATORS</u>**

25         105.   Denies the allegations of Paragraph 105 of the Amended Complaint.

26         106.   Denies the allegations of Paragraph 106 of the Amended Complaint.

27         107.   Denies the allegations of Paragraph 107 of the Amended Complaint.

28

# VII.  INTERSTATE TRADE AND COMMERCE

108.   Denies the allegations of Paragraph 108 of the Amended Complaint, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

109.   Denies the allegations of Paragraph 109 of the Amended Complaint, except avers that: (a) SEAI is without knowledge or information sufficient to form a belief as to the "market for CRT Products"; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

110.   Denies the allegations of Paragraph 110 of the Amended Complaint, except avers that: (a) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations contained in Paragraph 110 of the Amended Complaint are legal conclusions, no response is required.

# VIII.  PURPORTED FACTUAL ALLEGATIONS

## A.  CRT Technology

111.   Denies the allegations of Paragraph 111 of the Amended Complaint, except: (a) admits that CRT technology was first developed more than a century ago; (b) admits that CRTs are used in televisions, computer monitors, and other applications; and (c) avers that SEAI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 111.

112.   Denies the allegations of Paragraph 112 of the Amended Complaint, except avers that: (a) Plaintiffs' description of the operation of a CRT is incomplete, oversimplified, and incorrect in certain respects; and (b) SEAI reserves the right to provide a more thorough and complete description of the operation of CRT to the extent that the technical operation of a CRT is relevant to Plaintiffs' claims in this proceeding.

1    113.   Denies the allegations of Paragraph 113 of the Amended Complaint.

2    114.   Denies the allegations of Paragraph 114 of the Amended Complaint, except avers

3    that SEAI is without knowledge or information sufficient to form a belief as to the truth of the

4    allegations of Paragraph 114 due to the vague and ambiguous nature of terms such as "last few

5    years" and "dominant."

6    **B.  Structural Characteristics Of The CRT Market**

7    115.   Denies the allegations of Paragraph 115 of the Amended Complaint, and

8    specifically denies that SEAI was engaged in the conspiracy alleged in the Amended Complaint,

9    except avers that: (a) the term "CRT Product market" is vague, ambiguous and not self defining;

10   (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does

11   not manufacture and sell CRTs, and the Amended Complaint does not allege that finished

12   products containing CRTs were an object of the alleged conspiracy; and (c) to the extent that the

13   term "CRT Product market" is intended to signify a relevant product market for antitrust

14   purposes, the allegation represents a legal conclusion to which no response is required.

15   **a.       Purported Market Concentration**

16   116.   Denies the allegations of Paragraph 116 of the Amended Complaint.

17   **b.       Purported Information Sharing**

18   117.   Denies the allegations of Paragraph 117 of the Amended Complaint.

19   118.   Denies the allegations of Paragraph 118 of the Amended Complaint, except: (a)

20   admits that SEC is a member of the Society for Information Display; (b) admits that SEC was a

21   founding member of the Korea Display Industry Association; (c) admits that SEC is a member of

22   the Electronic Display Research Association of Korea; (d) denies that Plaintiffs' collective

23   reference to "Samsung" is appropriate as it improperly seeks to group together distinct legal

24   entities with separate businesses and ownership structures; (e) avers that SEAI does not

25   manufacture and sell CRTs—the object of the conspiracy alleged by the Amended Complaint;

26   and (f) avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad

27   because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege

28   that finished products containing CRTs were an object of the alleged conspiracy.

1    **c.      Purported Consolidation**

2        119.   Denies the allegations of Paragraph 119 of the Amended Complaint, except avers

3    that SEAI is without knowledge or information sufficient to form a belief as to the allegations of

4    Paragraph 119 regarding the activities of third parties.

5        120.   Denies the allegations of Paragraph 120 of the Amended Complaint.

6    **d.      Purported Multiple Interrelated Business Relationships**

7        121.   Denies the allegations of Paragraph 121 of the Amended Complaint.

8        122.   Denies the allegations of Paragraph 122 of the Amended Complaint, including each

9    subpart, except: (a) avers that SEAI is without knowledge or information sufficient to form a

10   belief as to the allegations of Paragraph 122 regarding the activities of third parties; (b) avers that

11   the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not

12   manufacture and sell CRTs, and the Amended Complaint does not allege that finished products

13   containing CRTs were an object of the alleged conspiracy; (c) avers that the term "CRT Product

14   market" is vague, ambiguous and not self defining; (d) avers that to the extent that the term "CRT

15   Product market" is intended to signify a relevant product market for antitrust purposes, the

16   allegation represents a legal conclusion to which no response is required; and (e) denies that

17   Plaintiffs' collective reference to "Samsung" is appropriate as it improperly seeks to group

18   together distinct legal entities with separate businesses and ownership structures.

19   **e.      Purported High Costs Of Entry Into The Industry**

20       123.   Denies the allegations of Paragraph 123 of the Amended Complaint.

21   **f.      The Purported Maturity Of The CRT Product Market**

22       124.   Denies the allegations of Paragraph 124 of the Amended Complaint, and

23   specifically denies that SEAI was engaged in the conspiracy alleged in the Amended Complaint,

24   except avers that: (a) basic CRT technology has existed for decades; but (b) there have been

25   significant innovations and improvements to CRT technology; (c) the term "CRT Product

26   market" is vague, ambiguous, and not self defining; (d) the term "CRT Products" is vague,

27   ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and

28   the Amended Complaint does not allege that finished products containing CRTs were an object of

1    the alleged conspiracy; and (e) to the extent that the term "CRT Product market" is intended to

2    signify a relevant product market for antitrust purposes, the allegation represents a legal

3    conclusion to which no response is required.

4         125.   Denies the allegations of Paragraph 125 of the Amended Complaint.

5         126.   Denies the allegations of Paragraph 126 of the Amended Complaint, except avers

6    that: (a) since the mid-1990's, electronic devices containing emerging technologies such as liquid

7    crystal displays (TFT-LCDs or LCDs) and Plasma displays have increasingly competed with the

8    sale of electronic devices containing CPTs and CDTs; (b) SEAI is without knowledge or

9    information sufficient to form a belief as to the truth of the allegations of Paragraph 126 regarding

10   Plaintiffs' allegations pertaining to "revenues from the sale of CRT televisions in the United

11   States" as that phrase is vague and ambiguous; and (c) the term "CRT Products" is vague,

12   ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and

13   the Amended Complaint does not allege that finished products containing CRTs were an object of

14   the alleged conspiracy.

15        127.   Denies the allegations of Paragraph 127 of the Amended Complaint, and

16   specifically denies that SEAI was engaged in the conspiracy alleged in the Amended Complaint,

17   except avers that: (a) SEAI is without knowledge or information sufficient to form a belief as to

18   the truth of the allegations of Paragraph 127 due to the vague and ambiguous nature of terms such

19   as "demand," and "dominant"; (b) since the mid-1990's, electronic devices containing emerging

20   technologies such as liquid crystal displays (TFT-LCDs or LCDs) and Plasma displays have

21   increasingly competed with the sale of electronic devices containing CPTs and CDTs; and (c) the

22   term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not

23   manufacture and sell CRTs, and the Amended Complaint does not allege that finished products

24   containing CRTs were an object of the alleged conspiracy.

25        128.   Denies the allegations of Paragraph 128 of the Amended Complaint, except avers

26   that SEAI is without knowledge or information sufficient to form a belief as to the truth of the

27   allegations of Paragraph 128.

28

129.   Denies the allegations of Paragraph 129 of the Amended Complaint, except avers that SEAI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 129.

**g.**     **Purported Homogeneity Of CRT Products**

130.   Denies the allegations of Paragraph 130 of the Amended Complaint, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

131.   Denies the allegations of Paragraph 131 of the Amended Complaint.

**C.  Purported Pre-Conspiracy Market**

132.   Denies the allegations of Paragraph 132 of the Amended Complaint.

133.   Denies the allegations of Paragraph 133 of the Amended Complaint, except avers that Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures.

**D.  Defendants' And Co-Conspirators' Purported Illegal Agreements**

134.   Denies the allegations of Paragraph 134 of the Amended Complaint.

135.   Denies the allegations of Paragraph 135 of the Amended Complaint, except avers that Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures.

136.   Denies the allegations of Paragraph 136 of the Amended Complaint, except avers that Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures.

137.   Denies the allegations of Paragraph 137 of the Amended Complaint.

138.   Denies the allegations of Paragraph 138 of the Amended Complaint.

**a.**     **Purported "Glass Meetings"**

139.   Denies the allegations of Paragraph 139 of the Amended Complaint.

140.   Denies the allegations of Paragraph 140 of the Amended Complaint.

141.   Denies the allegations of Paragraph 141 of the Amended Complaint.

142.   Denies the allegations of Paragraph 142 of the Amended Complaint, including each subpart, except avers that: (a) Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures; and (b) SEAI does not manufacture and sell CRTs—the object of the conspiracy alleged by the Amended Complaint.

143.   Denies the allegations of Paragraph 143 of the Amended Complaint.

144.   Denies the allegations of Paragraph 144 of the Amended Complaint.

145.   Denies the allegations of Paragraph 145 of the Amended Complaint.

146.   Denies the allegations of Paragraph 146 of the Amended Complaint, except avers that SEAI does not manufacture and sell CRTs and thus was not capable of having "agreed upon what price [it] would charge for CRTs to be sold the following month or quarter."

147.   Denies the allegations of Paragraph 147 of the Amended Complaint.

148.   Denies the allegations of Paragraph 148 of the Amended Complaint.

149.   Denies the allegations of Paragraph 149 of the Amended Complaint, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

150.   Denies the allegations of Paragraph 150 of the Amended Complaint, including each subpart, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

151.   Denies the allegations of Paragraph 151 of the Amended Complaint.

152.   Denies the allegations of Paragraph 152 of the Amended Complaint.

**b.       Purported Bilateral Discussions**

153.   Denies the allegations of Paragraph 153 of the Amended Complaint.

154.   Denies the allegations of Paragraph 154 of the Amended Complaint.

155.   Denies the allegations of Paragraph 155 of the Amended Complaint.

156.   Denies the allegations of Paragraph 156 of the Amended Complaint, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

157.   Denies the allegations of Paragraph 157 of the Amended Complaint.

158.   Denies the allegations of Paragraph 158 of the Amended Complaint, and specifically denies that SEAI was engaged in the conspiracy alleged in the Amended Complaint, except avers that: (a) Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures; (b) SEAI is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 158 as they relate to third parties; and (c) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

c.      **Defendants' And Co-Conspirators' Purported Participation In Group And Bilateral Discussions**

159.   Denies the allegations of Paragraph 159 of the Amended Complaint, except avers that: (a) Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures; (b) SEAI does not manufacture and sell CRTs—the object of the conspiracy alleged by the Amended Complaint; and (c) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

160.   Denies the allegations of Paragraph 160 of the Amended Complaint.

161.   Denies the allegations of Paragraph 161 of the Amended Complaint.

162.   Denies the allegations of Paragraph 162 of the Amended Complaint.

163.   Denies the allegations of Paragraph 163 of the Amended Complaint.

164.   Denies the allegations of Paragraph 164 of the Amended Complaint.

165.   Denies the allegations of Paragraph 165 of the Amended Complaint.

166.   Denies the allegations of Paragraph 166 of the Amended Complaint.

167.   Denies the allegations of Paragraph 167 of the Amended Complaint.

168.   Denies the allegations of Paragraph 168 of the Amended Complaint.

169.   Denies the allegations of Paragraph 169 of the Amended Complaint.

170.   Denies the allegations of Paragraph 170 of the Amended Complaint.

171.   Denies the allegations of Paragraph 171 of the Amended Complaint, except avers that Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures.

172.   Denies the allegations of Paragraph 172 of the Amended Complaint.

173.   Denies the allegations of Paragraph 173 of the Amended Complaint.

174.   Denies the allegations of Paragraph 174 of the Amended Complaint.

175.   Denies the allegations of Paragraph 175 of the Amended Complaint.

176.   Denies the allegations of Paragraph 176 of the Amended Complaint.

177.   Denies the allegations of Paragraph 177 of the Amended Complaint.

178.   Denies the allegations of Paragraph 178 of the Amended Complaint.

179.   Denies the allegations of Paragraph 179 of the Amended Complaint.

180.   Denies the allegations of Paragraph 180 of the Amended Complaint, except: (a) admits that Plaintiffs purport to refer to separate and distinct companies collectively by a single name; but (b) specifically denies that such a collective reference is appropriate with respect to SEAI and the SDI Defendants as it improperly seeks to group together distinct legal entities with separate businesses and ownership structure.

**E.   The Purported CRT Market During The Conspiracy**

181.   Denies the allegations of Paragraph 181 of the Amended Complaint, except avers that SEAI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 181 due to the vague and ambiguous nature of terms such as "last few years" and "dominant."

1    182.   Denies the allegations in Paragraph 182 of the Amended Complaint, except: (a)

2    admits that Plaintiffs purport to offer data reported by Stanford Resources, Inc.; and (b) avers that

3    SEAI is without knowledge or information sufficient to form a belief as to the accuracy of that

4    representation or data.

5    183.   Denies the allegations of Paragraph 183 of the Amended Complaint, except: (a)

6    admits that Plaintiffs purport to offer data published by Fuji Chimera Research; but (b) avers that

7    SEAI is without knowledge or information sufficient to form a belief as to the accuracy of that

8    representation or data; and (c) avers that SEAI is without knowledge or information sufficient to

9    form a belief as to the truth of the remaining allegations of Paragraph 183 and that the phrase

10   "market for CRT TVs and computer monitors" is vague and ambiguous.

11   184.   Denies the allegations of Paragraph 184 of the Amended Complaint, except: (a)

12   admits that Plaintiffs purport to provide a statement of an unnamed analyst for Market Intelligent

13   Research Corporation; but (b) avers that SEAI is without knowledge or information sufficient to

14   form a belief as to the truth or accuracy of that representation or statement; and (c) avers that

15   SEAI is without knowledge or information sufficient to form a belief as to the truth of the

16   remaining allegations of Paragraph 184 and that  the phrases "average electronic display,"

17   "economic conditions," and "stable" are vague and ambiguous.

18   185.   Denies the allegations of Paragraph 185 of the Amended Complaint, except: (a)

19   admits that Plaintiffs purport to provide a statement of an unnamed "industry source"; but (b)

20   avers that SEAI is without knowledge or information sufficient to form a belief as to the truth or

21   accuracy of that representation or statement.

22   186.   Denies the allegations of Paragraph 186 of the Amended Complaint, and

23   specifically denies that SEAI was engaged in the conspiracy or collusive activities alleged in the

24   Amended Complaint.

25   187.   Denies the allegations of Paragraph 187 of the Amended Complaint, except: (a)

26   admits that Plaintiffs purport to provide a statement of an unnamed "industry analyst," but (b)

27   avers that SEAI is without knowledge or information sufficient to form a belief as to the truth or

28   accuracy of that representation or statement.

188.   Denies the allegations of Paragraph 188 of the Amended Complaint, except: (a) admits that Plaintiffs purport to provide a statement from a BNET Business Network news article; but (b) avers that SEAI is without knowledge or information sufficient to form a belief as to the truth or accuracy of that representation or statement.

189.   Denies the allegations of Paragraph 189 of the Amended Complaint, except: (a) admits that Plaintiffs purport to provide a summary of an article from Techtree.com and a statement from a unnamed "Philips" source; but (b) avers that SEAI is without knowledge or information sufficient to form a belief as to the truth or accuracy of that representation or statement; and (c) avers that Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures.

190.   Denies the allegations of Paragraph 190 of the Amended Complaint, and specifically denies that SEAI was engaged in the conspiracy or collusive activities alleged in the Amended Complaint.

191.   Denies the allegations of Paragraph 191 of the Amended Complaint, and specifically denies that SEAI was engaged in the conspiracy or collusive activities alleged in the Amended Complaint, except avers that: (a) SEAI does not manufacture CRTs, and on that basis specifically denies that SEAI could have effected a drop in its "CRT factory utilization" to the extent that that term refers to the manufacture of CRTs; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

192.   Denies the allegations of Paragraph 192 of the Amended Complaint, except: (a) avers that SEAI is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 192; the terms "normal downward pressures," "moderating," and "new generation LCD panels and plasma display products" are vague, ambiguous, and not self-defining; (c) admits that Plaintiffs purport to provide a statement of Finsen Yu; but (d) avers that SEAI is without knowledge or information sufficient to form a belief as to the truth or accuracy of

1   that statement; and (d) avers that the term "CRT Products" is vague, ambiguous, and improperly

2   overbroad because SEAI does not manufacture and sell CRTs, and the Amended Complaint does

3   not allege that finished products containing CRTs were an object of the alleged conspiracy.

4          193.   Denies the allegations of Paragraph 193 of the Amended Complaint, except avers

5   that: (a) SEAI is without knowledge or information sufficient to form a belief as to the allegations

6   of Paragraph 193 due to the vague and ambiguous nature of the terms and phrases "periods of

7   unnatural and sustained price stability," "prices of CRT Products," "approaching obsolescence,"

8   "new, potentially superior and clearly more popular, substitutable technology"; (b) the term "CRT

9   Products" is vague, ambiguous, and improperly overbroad because SEAI does not manufacture

10  and sell CRTs, and the Amended Complaint does not allege that finished products containing

11  CRTs were an object of the alleged conspiracy; and (c) to the extent the allegations contained in

12  Paragraph 193 of the Amended Complaint are legal conclusions, no response is required.

13         194.   Denies the allegations of Paragraph 194 of the Amended Complaint, except avers

14  that: (a) the terms "price stability," "market for CRT Products," "rapidly decreasing demand,"

15  and "new, substitutable technology" are vague, ambiguous, and not self-defining; (b) the term

16  "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not

17  manufacture and sell CRTs, and the Amended Complaint does not allege that finished products

18  containing CRTs were an object of the alleged conspiracy; and (c) to the extent the allegations

19  contained in Paragraph 194 of the Amended Complaint are legal conclusions, no response is

20  required.

21      **E.   International Government Antitrust Investigations**

22         195.   Denies the allegations of Paragraph 195 of the Amended Complaint, except avers

23  that: (a) to the extent the allegations are directed to other Defendants, SEAI is without knowledge

24  or information sufficient to form a belief as to the truth of the allegations; (b) to SEAI's

25  knowledge, no Department of Justice ("DOJ") investigation has targeted SEAI, which does not

26  manufacture and sell CRTs; (c) to SEAI's knowledge and belief based on public information,

27  these investigations have been limited to alleged price fixing of CDTs and CPTs, and not finished

28  products containing CDTs or CPTs; and (d) the term "CRT Products" is vague, ambiguous, and

1   improperly overbroad because SEAI does not manufacture and sell CRTs, and the Amended

2   Complaint does not allege that finished products containing CRTs were an object of the alleged

3   conspiracy.

4        196.   Denies the allegations of Paragraph 196 of the Amended Complaint, except avers

5   that: (a) SEAI is without knowledge or information sufficient to form a belief as to the allegations

6   of Paragraph 196; and (b) no government raid has targeted SEAI, which does not manufacture

7   and sell CRTs.

8        197.   Denies the allegations of Paragraph 197 of the Amended Complaint and respectfully

9   refers the Court to the referenced document for a full and complete description of its contents.

10       198.   Denies the allegations of Paragraph 198 of the Amended Complaint, except avers

11  that SEAI is without knowledge or information sufficient to form a belief as to the allegations of

12  Paragraph 198.

13       199.   Denies the allegations of Paragraph 199 of the Amended Complaint except; (a)

14  admits that Plaintiffs purport to summarize an unnamed article from *Kyodo News*; and (b) avers

15  that SEAI is without knowledge or information sufficient to form a belief as to the truth or

16  accuracy of that representation or statement.

17       200.   Denies the allegations of Paragraph 200 of the Amended Complaint except; (a)

18  admits that Plaintiffs purport to provide an excerpt from an unnamed article from *Kyodo News*;

19  and (b) avers that SEAI is without knowledge or information sufficient to form a belief as to the

20  truth or accuracy of that representation or statement.

21       201.   Denies the allegations of Paragraph 201 of the Amended Complaint, except avers

22  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the allegations

23  of Paragraph 201; (b) Plaintiffs' collective reference to "Samsung's CRT business" is

24  inappropriate as it improperly seeks to group together distinct legal entities with separate

25  businesses and ownership structures; (c) SEAI does not manufacture and sell CRTs—the object

26  of the conspiracy alleged by the Amended Complaint; and (d) to SEAI's knowledge, no

27  government investigation has targeted SEAI, which does not manufacture and sell CRTs.

28

202. Denies the allegations of Paragraph 202 of the Amended Complaint except: (a) admits that Plaintiffs purport to provide an excerpt from an unnamed article from the *Asian Shimbun*; and (b) avers that SEAI is without knowledge or information sufficient to form a belief as to the truth or accuracy of that representation or statement.

203. Denies the allegations of Paragraph 203 of the Amended Complaint, except avers that SEAI is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 203.

204. Denies the allegations of Paragraph 204 of the Amended Complaint, except avers that SEAI is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 204.

205. Denies the allegations of Paragraph 205 of the Amended Complaint, except (a) admits that Plaintiffs purport to provide an excerpt of an announcement by the Hungarian Competition Authority; (b) avers that SEAI is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 205; and (c) avers that SEAI is not listed as a target of the Hungarian Competition Authority's investigation in the excerpted language of Paragraph 205 and, to SEAI's knowledge, no government investigation has targeted SEAI, which does not manufacture and sell CRTs.

206. Denies the allegations of Paragraph 206 of the Amended Complaint, except avers that SEAI is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 206 because the term "competitor contacts" is vague, ambiguous, and not self-defining.

207. Denies the allegations of Paragraph 207 of the Amended Complaint, except: (a) admits that SEC and its U.S. subsidiary Samsung Semiconductor, Inc. entered a plea agreement and agreed to pay a $300 million dollar fine to the DOJ following an investigation by the DOJ into dynamic access memory ("DRAM") computer chips and respectfully refers the Court to the DOJ DRAM plea agreement for a full and complete description of its contents; but (b) specifically denies that SEAI plead guilty or paid any fine to the U.S. Department of Justice; (c) avers that DRAM computer chips are not relevant to Plaintiffs' allegations in the Amended Complaint; and (d) avers that Plaintiffs' collective reference to "Samsung" is inappropriate as it

1   improperly seeks to group together distinct legal entities with separate businesses and ownership

2   structures.

3       208.   Denies the allegations of Paragraph 208 of the Amended Complaint, except: (a)

4   admits that the DOJ initiated investigations with respect to Static Random Access Memory

5   ("SRAM") and NAND Flash Memory; (b) avers that neither SRAM nor flash memory computer

6   chips are relevant to Plaintiffs' allegations in the Amended Complaint; and (c) avers that

7   Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group

8   together distinct legal entities with separate businesses and ownership structures.

9       209.   Denies the allegations of Paragraph 209 of the Amended Complaint, except: (a)

10  avers that SEAI is without knowledge or information sufficient to form a belief as to the

11  allegations of Paragraph 209 due to the vague and ambiguous nature of the terms "comprehensive

12  investigation" and "anticompetitive conduct"; and (b) avers that TFT-LCDs are not relevant to

13  Plaintiffs' allegations in the Amended Complaint.

14      210.   Denies the allegations of Paragraph 210 of the Amended Complaint, except avers

15  that: (a) SEAI is without knowledge or information sufficient to form a belief as to which "news

16  reports" or "Samsung" entities Plaintiffs are referring in the allegations of Paragraph 210, as those

17  terms are vague and ambiguous; (b) Plaintiffs' collective reference to "Samsung" is inappropriate

18  as it improperly seeks to group together distinct legal entities with separate businesses and

19  ownership structures; and (c) TFT-LCDs are not relevant to Plaintiffs' allegations in the

20  Amended Complaint.

21      211.   Denies the allegations of Paragraph 211 of the Amended Complaint, except: (a)

22  admits that the DOJ issued a press release on November 12, 2008, announcing that LG Display

23  Co. Ltd., Sharp Corp., and Chunghwa Picture Tubes, Ltd. agreed to plead guilty for price-fixing

24  of TFT-LCD panels and pay a total of $585 million in fines and respectfully refers the Court to

25  the cited document for a full and complete description of its contents; and (b) avers that TFT-

26  LCDs are not relevant to Plaintiffs' allegations in the Amended Complaint.

27      212.   Denies the allegations of Paragraph 212 of the Amended Complaint, except: (a)

28  admits that the DOJ issued a press release on March 10, 2009, announcing that Hitachi Displays,

1   Ltd. agreed to plead guilty for price-fixing of TFT-LCD panels and pay a $31 million fine, and

2   respectfully refers the Court to the document for a full and complete description of its contents;

3   and (b) avers that TFT-LCDs are not relevant to Plaintiffs' allegations in the Amended

4   Complaint.

5       213.   Denies the allegations of Paragraph 213 of the Amended Complaint, except avers

6   that SEAI is without knowledge or information sufficient to form a belief as to the allegations of

7   Paragraph 213.

8       **IX.  THE PURPORTED PASS-THROUGH OF OVERCHARGES TO CONSUMERS**

9       214.   Denies the allegations of Paragraph 214 of the Amended Complaint.

10      215.   Denies the allegations of Paragraph 215 of the Amended Complaint, except avers

11  that Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group

12  together distinct legal entities with separate businesses and ownership structures.

13      216.   Denies the allegations of Paragraph 216 of the Amended Complaint, except avers

14  that: (a) the terms "such as" and "reseller" are vague, ambiguous, and not self-defining; and (b)

15  the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEAI does not

16  manufacture and sell CRTs, and the Amended Complaint does not allege that finished products

17  containing CRTs were an object of the alleged conspiracy.

18      217.   Denies the allegations of Paragraph 217 of the Amended Complaint.

19      218.   Denies the allegations of Paragraph 218 of the Amended Complaint.

20      219.   Denies the allegations of Paragraph 219 of the Amended Complaint, except avers

21  that: (a) SEAI is without knowledge or information sufficient to form a belief as to the allegations

22  of Paragraph 219 due to the vague and ambiguous nature of the terms  "ultimately determined,"

23  "market for CRTs," "market for CRT Products," "inextricably linked," and "intimate

24  relationship"; (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad

25  because SEAI does not manufacture and sell CRTs, and the Amended Complaint does not allege

26  that finished products containing CRTs were an object of the alleged conspiracy; and (c) admits

27  that "Computer and TV OEMs and retailers of CRT Products are all subject to vigorous price

28  competition."

220.   Denies the allegations of Paragraph 220 of the Amended Complaint, except avers that SEAI is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 220 due to the vague and ambiguous nature of the terms "commodities," "little or no brand loyalty," "aggressive pricing," "switch preferences," "closely based," "production costs," "directly determined," "component costs," "assembly costs," "minimal," "starting point," "cost-plus," and "closely track."

221.   Denies the allegations of Paragraph 221 of the Amended Complaint, except avers that SEAI is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 221 due to the vague and ambiguous nature of the terms and phrases "component," "products into which they are incorporated," and "total manufacturing cost."

222.   Denies the allegations of Paragraph 222 of the Amended Complaint.

223.   Denies the allegations of Paragraph 223 of the Amended Complaint, except avers that SEAI is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 223 due to the vague and ambiguous nature of the terms "place of manufacture," "essentially unchanged," "distribution system," "discreet," "change form," "become an indistinguishable part," and "traceable physical chain."

224.   Denies the allegations of Paragraph 224 of the Amended Complaint.

225.   Denies the allegations of Paragraph 225 of the Amended Complaint and respectfully refers the Court to the cited document for a full and complete description of its contents.

226.   Denies the allegations of Paragraph 226 of the Amended Complaint and respectfully refers the Court to the cited text for a full and complete description of its contents.

227.   Denies the allegations of Paragraph 227 of the Amended Complaint.

228.   Denies the allegations of Paragraph 228 of the Amended Complaint, except: (a) admits that Plaintiffs purport to provide a statement of Professor Jeffrey McKie-Mason from a passage quoted in an unspecified judicial decision in an unnamed case; and (b) avers that SEAI is without knowledge or information sufficient to form a belief as to the truth or accuracy of that representation or statement.

229.   Denies the allegations of Paragraph 229 of the Amended Complaint.

230.   Denies the allegations of Paragraph 230 of the Amended Complaint, except avers that Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures.

231.   Denies the allegations of Paragraph 231 of the Amended Complaint.

## X.  CLASS ACTION ALLEGATIONS

232.   Denies the allegations of Paragraph 232 of the Amended Complaint.

233.   Denies the allegations of Paragraph 233 of the Amended Complaint.

234.   Denies the allegations of Paragraph 234 of the Amended Complaint.

235.   Denies the allegations of Paragraph 235 of the Amended Complaint, including each subpart.

## XI.  VIOLATIONS ALLEGED

### A.  First Claim for Relief: Purported Violation of Section 1 of the Sherman Act

236.   Admits that Plaintiffs purport to incorporate the allegations of the preceding paragraphs of the Amended Complaint.  SEAI hereby incorporates by reference its responses to the above allegations as set forth above.

237.   Denies the allegations of Paragraph 237 of the Amended Complaint.

238.   Denies the allegations of Paragraph 238 of the Amended Complaint.

239.   Denies the allegations of Paragraph 239 of the Amended Complaint.

240.   Denies the allegations of Paragraph 240 of the Amended Complaint.

241.   Denies the allegations of Paragraph 241 of the Amended Complaint, including each subpart.

242.   Denies the allegations of Paragraph 242 of the Amended Complaint, including each subpart.

243.   Denies the allegations of Paragraph 243 of the Amended Complaint.

244.   Denies the allegations of Paragraph 244 of the Amended Complaint.

245.   Admits that Plaintiffs purport to seek the issuance of an injunction against Defendants, except specifically denies that SEAI was engaged in any "violations" alleged in the

1   Amended Complaint and avers Plaintiffs are entitled to no relief under Section 16 of the Clayton

2   Act, 15 U.S.C. § 26 or any other statute.

3       **B.   <u>Second Claim for Relief: Purported Violation of State Antitrust Statutes</u>**

4       246.   Admits that Plaintiffs purport to incorporate the allegations of the preceding

5   paragraphs of the Amended Complaint.  SEAI hereby incorporates by reference its responses to

6   the above allegations as set forth above.

7       247.   Denies the allegations of Paragraph 247 of the Amended Complaint, including each

8   subpart.

9       248.   Denies the allegations of Paragraph 248 of the Amended Complaint, including each

10  subpart.

11      249.   Denies the allegations of Paragraph 249 of the Amended Complaint, including each

12  subpart.

13      250.   Denies the allegations of Paragraph 250 of the Amended Complaint, including each

14  subpart.

15      251.   Denies the allegations of Paragraph 251 of the Amended Complaint, including each

16  subpart.

17      252.   Denies the allegations of Paragraph 252 of the Amended Complaint, including each

18  subpart.

19      253.   Denies the allegations of Paragraph 253 of the Amended Complaint, including each

20  subpart.

21      254.   Denies the allegations of Paragraph 254 of the Amended Complaint, including each

22  subpart.

23      255.   Denies the allegations of Paragraph 255 of the Amended Complaint, including each

24  subpart.

25      256.   Denies the allegations of Paragraph 256 of the Amended Complaint, including each

26  subpart.

27      257.   Denies the allegations of Paragraph 257 of the Amended Complaint, including each

28  subpart.

258.   Denies the allegations of Paragraph 258 of the Amended Complaint, including each subpart.

259.   Denies the allegations of Paragraph 259 of the Amended Complaint, including each subpart.

260.   Denies the allegations of Paragraph 260 of the Amended Complaint, including each subpart.

261.   Denies the allegations of Paragraph 261 of the Amended Complaint, including each subpart.

262.   Denies the allegations of Paragraph 262 of the Amended Complaint, including each subpart.

263.   Denies the allegations of Paragraph 263 of the Amended Complaint, including each subpart.

264.   Denies the allegations of Paragraph 264 of the Amended Complaint, including each subpart.

265.   Denies the allegations of Paragraph 265 of the Amended Complaint, including each subpart.

266.   Denies the allegations of Paragraph 266 of the Amended Complaint, including each subpart.

267.   Denies the allegations of Paragraph 267 of the Amended Complaint, including each subpart.

268.   Denies the allegations of Paragraph 268 of the Amended Complaint, including each subpart.

**C.   Third Claim for Relief: Purported Violation of State Consumer Protection and Unfair Competition Statutes**

269.   Admits that Plaintiffs purport to incorporate the allegations of the preceding paragraphs of the Amended Complaint.  SEAI hereby incorporates by reference its responses to the above allegations as set forth above.

270.   Denies the allegations of Paragraph 270 of the Amended Complaint.

1       271.   Denies the allegations of Paragraph 271 of the Amended Complaint, including each

2  subpart.

3       272.   Denies the allegations of Paragraph 272 of the Amended Complaint, including each

4  subpart.

5       273.   Denies the allegations of Paragraph 273 of the Amended Complaint, including each

6  subpart.

7       274.   Denies the allegations of Paragraph 274 of the Amended Complaint, including each

8  subpart.

9       275.   Denies the allegations of Paragraph 275 of the Amended Complaint, including each

10  subpart.

11       276.   Denies the allegations of Paragraph 276 of the Amended Complaint, including each

12  subpart.

13       277.   Denies the allegations of Paragraph 277 of the Amended Complaint, including each

14  subpart.

15       278.   Denies the allegations of Paragraph 278 of the Amended Complaint, including each

16  subpart.

17       279.   Denies the allegations of Paragraph 279 of the Amended Complaint, including each

18  subpart.

19    **D.  Fourth Claim for Relief: Purported Unjust Enrichment and Disgorgement of Profits**

20       280.   Admits that Plaintiffs purport to incorporate the allegations of the preceding

21  paragraphs of the Amended Complaint, except avers that to the extent the allegations contained in

22  Paragraph 280 of the Amended Complaint are legal conclusions, no response is required.  SEAI

23  hereby incorporates by reference its responses to the above allegations as set forth above.

24       281.   Denies the allegations of Paragraph 281 of the Amended Complaint.

25       282.   Denies the allegations of Paragraph 282 of the Amended Complaint.

26       283.   Denies the allegations of Paragraph 283 of the Amended Complaint, and avers that

27  Plaintiffs are entitled to no relief.

28

1

## XII.  PURPORTED FRAUDULENT CONCEALMENT

2       284.   Denies the allegations of Paragraph 284 of the Amended Complaint.

3       285.   Denies the allegations of Paragraph 285 of the Amended Complaint.

4       286.   Denies the allegations of Paragraph 286 of the Amended Complaint, including each

5 subpart.

6       287.   Denies the allegations of Paragraph 287 of the Amended Complaint.

7

## XIII.  PRAYER FOR RELIEF

8       Denies the allegations of the "Wherefore" Paragraph of the Amended Complaint,

9 including each subpart, and denies that Plaintiffs are entitled to any relief of any kind for or as

10 against SEAI on the purported claims alleged in the Amended Complaint, and avers that Plaintiffs

11 have not suffered any damages.

12

## XIV.  JURY DEMAND

13       Admits that Plaintiffs purport to request a trial by jury for all of the claims asserted in the

14 Amended Complaint so triable.

15

## AFFIRMATIVE DEFENSES

16       By alleging these affirmative defenses, SEAI is not agreeing or conceding that it

17 has the burden of proof on any of the issues raised in these defenses or that any particular issue or

18 subject matter herein is relevant to Plaintiffs' allegations:

19     1.     This Court lacks subject-matter jurisdiction, pursuant to the Foreign Trade

20            Antitrust Improvement Act, to adjudicate claims involving foreign commerce.

21     2.     Plaintiffs lack standing to bring the claims raised in the Amended Complaint.

22     3.     The Amended Complaint fails to state a claim upon which relief can be granted.

23     4.     This action may not be maintained as a class action.

24     5.     Plaintiffs' claims to a class action should be denied because variations in pricing

25            and sales terms preclude the introduction of class-wide proof as to the alleged

26            overcharge.

27     6.     Damages cannot be proven on a class-wide basis.

28

1    7.    Injury cannot be proven on a class-wide basis and the named plaintiffs have not

2          suffered injury-in-fact caused by a violation of law.

3    8.    Plaintiffs do not adequately represent the interests of proposed class members.

4    9.    Plaintiffs cannot represent those purported class members who have allegedly

5          suffered injuries in relevant markets in which purported class members are not

6          direct purchasers from SEAI.

7    10.   Plaintiffs' claims and those of the putative class are barred in whole or in part by

8          the applicable statutes of limitation.

9    11.   Plaintiffs' claims and those of the putative class are barred in whole or in part by

10         laches.

11   12.   Plaintiffs' claims and those of the putative class are barred because they have not

12         sustained any cognizable injury or antitrust injury attributable to SEAI's conduct.

13   13.   Plaintiffs' claims and those of the putative class are barred in whole or in part

14         because Plaintiffs failed to mitigate their alleged damages, if any.

15   14.   Plaintiffs' claims and those of the putative class are barred in whole or in part by

16         the doctrine of accord and satisfaction.

17   15.   Plaintiffs' claims and those of the putative class are barred in whole or in part by

18         the doctrines of waiver, estoppel, and/or unclean hands.

19   16.   Plaintiffs' claims and those of the putative class are barred in whole or in part

20         because they accepted the benefit of the bargain.

21   17.   Plaintiffs and members of the putative class have suffered no injury in fact.

22   18.   Plaintiffs and members of the putative class have suffered no injury in fact caused

23         by any purported antitrust violation by SEAI.

24   19.   Plaintiffs and members of the putative class have suffered no damages.

25   20.   Any damages suffered by Plaintiffs and members of the putative class are

26         speculative.

27   21.   Plaintiffs' claims and those of the putative class are barred because the alleged

28         conduct was unilateral, has not unreasonably restrained trade, was based on

1    independent and legitimate business and economic justifications, and constituted

2    bona fide business competition.

3    22.    Plaintiffs' claims are barred, in whole or in part, because the acts or omissions of

4    SEAI did not substantially lessen competition in any properly defined market.

5    23.    Plaintiffs' claims and those of the putative class are barred in whole or in part

6    because an award of treble damages or punitive or exemplary damages against

7    SEAI based on the alleged conduct would violate the Due Process Clauses of the

8    Fifth and Fourteenth Amendments of the Constitution of the United States.

9    24.    To the extent Plaintiffs' claims would result in SEAI paying damages to more than

10    one claimant for the same alleged overcharge, they are barred because such

11    multiple liability would violate rights guaranteed to SEAI by the United States

12    Constitution, including, without limitation, rights guaranteed under the Due

13    Process Clause of the Fourteenth Amendment.

14    25.    Plaintiffs' claims and those of the putative class are barred in whole or in part by

15    the direct-purchaser requirement of *Illinois Brick Co. v. Illinois*, 431 U.S. 720

16    (1977).

17    26.    Plaintiffs' claims are barred, in whole or in part, because the alleged injury is

18    indirect and too remote.

19    27.    Plaintiffs' alleged damages and those of the putative class, if any, resulted from the

20    acts or omissions of third parties over whom SEAI had no control.  The acts of

21    such third parties constitute intervening or superseding causes of the harm, if any,

22    suffered by Plaintiffs and members of the putative class.

23    28.    The Amended Complaint fails to allege sufficiently or otherwise properly define

24    any market for the purpose of asserting a claim against SEAI.

25    29.    To the extent any actionable conduct occurred, Plaintiffs' claims and those of the

26    putative class are barred to the extent that such conduct was committed by any

27    individual acting ultra vires.

28

30.   To the extent any actionable conduct occurred, it occurred by entities independent from and not controlled by SEAI

31.   The relief sought by Plaintiffs is barred, in whole or in part, because any injury or damage alleged in the Amended Complaint was not incurred by or passed on to Plaintiffs, or was incurred by or passed on to persons or entities other than Plaintiffs.

32.   The relief sought by Plaintiffs is barred, in whole or in part, because any injury or damage alleged in the Amended Complaint, which SEAI specifically denies, was passed on to persons or entities other than the Plaintiffs and/or was passed on by Plaintiffs to other parties.

33.   Without admitting that Plaintiffs are entitled to recover damages in this matter, SEAI is entitled to set off from any recovery Plaintiffs may obtain against SEAI, any amount paid to Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

34.   To the extent Plaintiffs purport to seek relief on behalf of purported class members who have not suffered any damages, the Amended Complaint and each of its claims for relief therein violates SEAI's rights to due process under the United States Constitution.

35.   Plaintiffs have failed to state a claim for injunctive relief insofar as Plaintiffs seek to enjoin alleged events that already have transpired without the requisite showing of threatened harm or continuing harm.

36.   Plaintiffs have failed to plead fraudulent concealment with the requisite specificity.

37.   SEAI adopts by reference any applicable defenses heretofore or subsequently pleaded by any other defendant not expressly set forth herein.

38.   SEAI reserves the right to assert other defenses as discovery proceeds.

WHEREFORE, SEAI prays that the Court determine and adjudge:

(a) That this suit cannot be maintained as a class action;

(b) That the Amended Complaint be dismissed with prejudice;

1         (c) That judgment be entered in favor of SEAI and against Plaintiffs with respect to all

2  causes of action in the Amended Complaint;

3         (d) That Plaintiffs take nothing by the Amended Complaint;

4         (e) That SEAI be awarded its costs, disbursements and attorney's fees and expenses

5  incurred herein; and

6         (f) That SEAI be awarded such other and further relief as the Court may deem proper.

7

8  Dated: January 26, 2011         By:   */s/ Ian Simmons*

9                         IAN SIMMONS (*pro hac vice*)
                         Email: isimmons@omm.com

10                       **O'MELVENY & MYERS LLP**
                         1625 Eye Street, NW

11                       Washington, D.C. 20006
                         Telephone:  (202) 383-5300

12                       Facsimile:  (202) 383-5414

13

14                       BENJAMIN G. BRADSHAW (SBN 189925)
                         Email: bbradshaw@omm.com

15                       **O'MELVENY & MYERS LLP**
                         1625 Eye St. NW

16                       Washington, D.C. 20006
                         Telephone: (202) 383-5300

17                       Facsimile: (202) 383-5414

18

19                       ***Attorneys for Defendant Samsung Electronics America, Inc.***

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6

### CERTIFICATE OF SERVICE

7
8

     I hereby certify that on January 26, 2011, I electronically filed Samsung Electronics

9

America, Inc.'s. Answer to the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint

10

with the Clerk of the Court using the CM/ECF system, which will send notification of such filing

11

to the counsel of record in this matter who are registered on the CM/ECF system.

12
13

                               /s/ Ian Simmons

14

                               Ian Simmons

15
16
17
18
19
20
21
22
23
24
25
26
27
28