IAN SIMMONS (*Admitted Pro Hac Vice*)
Email: isimmons@omm.com
O'MELVENY & MYERS LLP
1625 Eye St. NW
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

BENJAMIN G. BRADSHAW (SBN 189925)
Email: bbradshaw@omm.com
O'MELVENY & MYERS LLP
1625 Eye St. NW
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Attorneys for Defendant:
**SAMSUNG ELECTRONICS CO., LTD.**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 3:07-cv-5944 SC<br>MDL No. 1917 |
| This Document Relates to: | Judge: Hon. Samuel Conti<br>Special Master: Hon. Charles A. Legge (Ret.) |
| ALL INDIRECT PURCHASER ACTIONS | **SAMSUNG ELECTRONICS CO., LTD.'S ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT** |

1    Defendant Samsung Electronics Co., Ltd. ("SEC"), by and through its attorneys, admits,

2    denies, and avers as follows with respect to the Indirect Purchaser Plaintiffs' Third Consolidated

3    Amended Complaint (the "Amended Complaint") (dated December 11, 2010) of Brian Luscher,

4    Jeffrey Figone, Carmen Gonzalez, Dana Ross, Steven Ganz, Bedrock Management Company,

5    Inc., Brady Lane Cotton, Colleen Sobotka, Daniel Riebow, Dean Haverkampf, Travis Burau,

6    Southern Office Supply, Inc., Kerry Lee Hall, Lisa Reynolds, Barry Kushner, Chad Klebs, David

7    Norby, Ryan Rizzo, Charles Jenkins, Daniel R. Hergert, Samuel J. Nasto, Conrad Carty, Janet

8    Ackerman, Craig Stephenson, Steven Hawley, Gary Hanson, Donna Marie Ellingson, Frank

9    Warner, Albert Sidney Crigler, Margaret Slagle, John Larch, and Brigid Terry (collectively,

10   "Plaintiffs"):

11                            **I.  INTRODUCTION**

12       1.    Denies the allegations of Paragraph 1 of the Amended Complaint, and specifically

13   denies that SEC was engaged in the conspiracy alleged in the Amended Complaint, except: (a)

14   admits that Plaintiffs purport to bring this action as a class action and purport to define the Class

15   Period as March 1, 1995 through November 25, 2007; (b) avers to the contrary that this action

16   may not be maintained as a class action on behalf of the purported class or otherwise; (c) avers

17   that the term "Cathode Ray Tube Products" ("CRT Products") is vague, ambiguous, and

18   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

19   Complaint does not allege that finished products containing CRTs were an object of the alleged

20   conspiracy; and (d) avers that the term "CRT Products" is not a term used in the business

21   discourse of SEC and does not denote a single, homogenous, and/or interchangeable product or

22   group of products.

23       2.    Denies the allegations of Paragraph 2 of the Amended Complaint, except avers that:

24   (a) Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group

25   together distinct legal entities with separate businesses and ownership structures: (b) SEC and

26   Samsung SDI are separate and distinct publicly-owned companies; (c) SEC owns an

27   approximately 20 percent share (19.68 percent) of Samsung SDI's stock and does not dominate or

28   control the finances, policies, or affairs of Samsung SDI or any other Samsung SDI entity; and (d)

1   SEC and the SDI Defendants have dissimilar lines of business, and SEC does not manufacture

2   and sell CRTs—the object of the conspiracy alleged by the Amended Complaint; (e) SEC is

3   without knowledge or information sufficient to form a belief as to the allegations regarding the

4   actions of third-parties; and (f) the term "CRT Products" is vague, ambiguous, and improperly

5   overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does

6   not allege that finished products containing CRTs were an object of the alleged conspiracy.

7           3.      Denies the allegations of Paragraph 3 of the Amended Complaint, except avers that:

8   (a) electronic devices containing emerging technologies such as TFT-LCD and Plasma have

9   increasingly competed with the sale of electronic devices containing CPTs and CDTs; (b) the

10   term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

11   manufacture and sell CRTs, and the Amended Complaint does not allege that finished products

12   containing CRTs were an object of the alleged conspiracy; and (c) to the extent the allegations

13   contained in Paragraph 3 of the Amended Complaint are legal conclusions, no response is

14   required.

15           4.      Denies the allegations of Paragraph 4 of the Amended Complaint, except avers that:

16   (a) the terms "[t]his global conspiracy" and "several other international" are vague, ambiguous,

17   and improperly overbroad; and (b) a two-count indictment was issued against C.Y. Lin, former

18   Chairman and CEO of Chunghwa Picture Tubes, Ltd. related to CPTs and CDTs on February 10,

19   2009, and respectfully refers the Court to the document for a full and complete description of its

20   contents.

21   ## II.  JURISDICTION AND VENUE

22           5.      Admits that Plaintiffs purport to bring this action under Section 16 of the Clayton

23   Act (15 U.S.C. § 16) and Section 1 of the Sherman Act (15 U.S.C. § 1), and purport to seek

24   injunctive relief and to recover damages, except: (a) specifically denies that Plaintiffs are entitled

25   to any relief on the purported claims alleged in the Amended Complaint; and (b) avers that to the

26   extent the allegations contained in Paragraph 5 of the Amended Complaint are legal conclusions,

27   no response is required.

28

1    6.      Admits that this Court has jurisdiction over Plaintiffs' federal claims in this action

2    to the extent that Plaintiffs allege a domestic injury.

3    7.      Denies the allegations in Paragraph 7 of the Amended Complaint, except avers that

4    this action may not be maintained as a class action on behalf of the purported class or otherwise.

5    8.      Admits that venue is proper in the Northern District of California, San Francisco

6    Division.

7    9.      Denies the allegations of Paragraph 9 of the Amended Complaint, except avers that

8    to the extent the allegations contained in Paragraph 9 of the Amended Complaint are legal

9    conclusions, no response is required.

10   10.     Denies the allegations of Paragraph 10 of the Amended Complaint, including each

11   subpart, except avers that: (a) the term "CRT Products" is vague, ambiguous, and improperly

12   overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does

13   not allege that finished products containing CRTs were an object of the alleged conspiracy; and

14   (b) to the extent the allegations contained in Paragraph 10 of the Amended Complaint are legal

15   conclusions, no response is required.

16   11.     Denies the allegations of Paragraph 11 of the Amended Complaint, except avers

17   that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does

18   not manufacture and sell CRTs, and the Amended Complaint does not allege that finished

19   products containing CRTs were an object of the alleged conspiracy.

20   12.     Denies the allegations of Paragraph 12 of the Amended Complaint, except avers

21   that: (a) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC

22   does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished

23   products containing CRTs were an object of the alleged conspiracy; and (b) to the extent the

24   allegations contained in Paragraph 12 of the Amended Complaint are legal conclusions, no

25   response is required.

26                          **III.  DEFINITIONS**

27   13.     Denies the allegations of Paragraph 13 of the Amended Complaint, except: (a)

28   admits that cathode ray tubes ("CRTs") are used in televisions, computer monitors, and other

1    applications; (b) avers that Plaintiffs' description of the operation of a CRT is incomplete,

2    oversimplified, and incorrect in certain respects; and (c) avers that SEC reserves the right to

3    provide a more thorough and complete description of the operation of CRT to the extent that the

4    technical operation of a CRT is relevant to Plaintiffs' claims in this proceeding.

5        14.    Admits that Plaintiffs purport to refer to both color display tubes ("CDTs") and

6    color picture tubes ("CPTs") as "cathode ray tubes" or "CRTs," except avers that: (a) Plaintiffs'

7    description of the differences between CDTs and CPTs is incomplete and oversimplified; and (b)

8    SEC reserves the right to provide a more thorough and complete description of the differences

9    between CDTs and CPTs to the extent that such a description is relevant to Plaintiffs' claims in

10   this proceeding.

11       15.    Admits that Plaintiffs purport to define "CRT Products" as encompassing both

12   Cathode Ray Tubes ("CRTs") and "products containing [CRTs]," except avers that: (a) the term

13   "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

14   manufacture and sell CRTs, and the Amended Complaint does not allege that finished products

15   containing CRTs were an object of the alleged conspiracy; and (b) the term "CRT Products" is

16   not a term used in the business discourse of SEC and does not denote a single, homogenous,

17   and/or interchangeable product or group of products.

18       16.    Admits that Plaintiffs purport to bring this action as a class action and purport to

19   define the Class Period as March 1, 1995 through "at least" November 25, 2007, except avers to

20   the contrary that this action may not be maintained as a class action on behalf of the purported

21   class or otherwise.

22       17.    Admits that Plaintiffs purport to define "person" to mean any individual,

23   partnership, corporation, association, or other business or legal entity.

24       18.    Admits that Plaintiffs purport to define "OEM" to mean Original Equipment

25   Manufacturer of CRT Products, except avers that the term "CRT Products" is vague, ambiguous,

26   and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

27   Complaint does not allege that finished products containing CRTs were an object of the alleged

28   conspiracy.

# IV.  **PLAINTIFFS**

19.   Denies the allegations of Paragraph 19 of the Amended Complaint.

20.   Denies the allegations of Paragraph 20 of the Amended Complaint.

21.   Denies the allegations of Paragraph 21 of the Amended Complaint.

22.   Denies the allegations of Paragraph 22 of the Amended Complaint.

23.   Denies the allegations of Paragraph 23 of the Amended Complaint.

24.   Denies the allegations of Paragraph 24 of the Amended Complaint.

25.   Denies the allegations of Paragraph 25 of the Amended Complaint.

26.   Denies the allegations of Paragraph 26 of the Amended Complaint.

27.   Denies the allegations of Paragraph 27 of the Amended Complaint.

28.   Denies the allegations of Paragraph 28 of the Amended Complaint.

29.   Denies the allegations of Paragraph 29 of the Amended Complaint.

30.   Denies the allegations of Paragraph 30 of the Amended Complaint.

31.   Denies the allegations of Paragraph 31 of the Amended Complaint.

32.   Denies the allegations of Paragraph 32 of the Amended Complaint.

33.   Denies the allegations of Paragraph 33 of the Amended Complaint.

34.   Denies the allegations of Paragraph 34 of the Amended Complaint.

35.   Denies the allegations of Paragraph 35 of the Amended Complaint.

36.   Denies the allegations of Paragraph 36 of the Amended Complaint.

37.   Denies the allegations of Paragraph 37 of the Amended Complaint.

38.   Denies the allegations of Paragraph 38 of the Amended Complaint.

39.   Denies the allegations of Paragraph 39 of the Amended Complaint.

40.   Denies the allegations of Paragraph 40 of the Amended Complaint.

41.   Denies the allegations of Paragraph 41 of the Amended Complaint.

42.   Denies the allegations of Paragraph 42 of the Amended Complaint.

43.   Denies the allegations of Paragraph 43 of the Amended Complaint.

44.   Denies the allegations of Paragraph 44 of the Amended Complaint.

45.   Denies the allegations of Paragraph 45 of the Amended Complaint.

46.     Denies the allegations of Paragraph 46 of the Amended Complaint.

47.     Denies the allegations of Paragraph 47 of the Amended Complaint.

48.     Denies the allegations of Paragraph 48 of the Amended Complaint.

49.     Denies the allegations of Paragraph 49 of the Amended Complaint.

50.     Denies the allegations of Paragraph 50 of the Amended Complaint.

## V.  DEFENDANTS

**LG Electronics Entities**

51.     Denies the allegations of Paragraph 51 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

52.     Denies the allegations of Paragraph 52 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

53.     Denies the allegations of Paragraph 53 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

54.     Admits that Plaintiffs purport to refer to LG Electronics, Inc., LGEUSA, and LGETT collectively as "LG," except avers that SEC is without knowledge or information sufficient to form a belief as to whether such a collective reference is appropriate or justified.

1    **Philips Entities**

2      55.    Denies the allegations of Paragraph 55 of the Amended Complaint, except avers

3 that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

4 allegations of Paragraph 55; and (b) the term "CRT Products" is vague, ambiguous, and

5 improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

6 Complaint does not allege that finished products containing CRTs were an object of the alleged

7 conspiracy.

8      56.    Denies the allegations of Paragraph 56 of the Amended Complaint, except avers

9 that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

10 allegations of Paragraph 56; and (b) the term "CRT Products" is vague, ambiguous, and

11 improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

12 Complaint does not allege that finished products containing CRTs were an object of the alleged

13 conspiracy.

14      57.    Denies the allegations of Paragraph 57 of the Amended Complaint, except avers

15 that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

16 allegations of Paragraph 57; and (b) the term "CRT Products" is vague, ambiguous, and

17 improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

18 Complaint does not allege that finished products containing CRTs were an object of the alleged

19 conspiracy.

20      58.    Denies the allegations of Paragraph 58 of the Amended Complaint, except avers

21 that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

22 allegations of Paragraph 58; and (b) the term "CRT Products" is vague, ambiguous, and

23 improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

24 Complaint does not allege that finished products containing CRTs were an object of the alleged

25 conspiracy.

26      59.    Admits that Plaintiffs purport to refer to Royal Philips, PENAC, PEIL, PCEC,

27 Philips Electronics Taiwan, and Philips Brazil collectively as "Philips," except avers that SEC is

28

1    without knowledge or information sufficient to form a belief as to whether such a collective

2    reference is appropriate or justified.

3    **LP Displays**

4          60.    Denies the allegations of Paragraph 60 of the Amended Complaint, except avers

5    that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

6    allegations of Paragraph 60; and (b) the term "CRT Products" is vague, ambiguous, and

7    improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

8    Complaint does not allege that finished products containing CRTs were an object of the alleged

9    conspiracy.

10    **Samsung Entities**

11          61.    Denies the allegations of Paragraph 61 of the Amended Complaint, except avers

12    that: (a) SEC is a South Korean company with its headquarters at Samsung Electronics Bldg.,

13    1320-10, Seocho 2-dong, Seocho-gu, Seoul 137-857, Korea; (b) the term "CRT Products" is

14    vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs,

15    and the Amended Complaint does not allege that finished products containing CRTs were an

16    object of the alleged conspiracy; and (c) to the extent the allegations contained in Paragraph 61 of

17    the Amended Complaint are legal conclusions, no response is required.

18          62.    Denies the allegations of Paragraph 62 of the Amended Complaint, except: (a)

19    admits that Samsung Electronics America, Inc. ("SEAI") is a New York corporation with its

20    principal place of business located at 105 Challenger Road, Ridgefield Park, New Jersey 07660;

21    (b) admits that SEAI is a wholly-owned subsidiary of SEC; (c) avers that the term "CRT

22    Products" is vague, ambiguous, and improperly overbroad because SEC and SEAI do not

23    manufacture and sell CRTs, and the Amended Complaint does not allege that finished products

24    containing CRTs were an object of the alleged conspiracy; and (d) avers that to the extent the

25    allegations contained in Paragraph 62 of the Amended Complaint are legal conclusions, no

26    response is required.

27          63.    Denies the allegations of Paragraph 63 of the Amended Complaint, except: (a)

28    admits that Samsung SDI Co., Ltd. ("Samsung SDI") is a South Korean company, (b) avers that

1   Samsung SDI's headquarters is located at 575 Shin-dong, Youngtong-gu, Suwon, South Korea;

2   (c) admits that Samsung SDI is a public company and that SEC holds approximately 20 percent

3   of Samsung SDI's stock; (d) avers that SEC is without knowledge or information sufficient to

4   form a belief as to the truth of Plaintiffs' allegation that "Samsung SDI claims to be the world's

5   leading company in the display and energy businesses, with 28,000 employees and facilities in 18

6   countries"; (e) avers that SEC is without knowledge or information sufficient to form a belief as

7   to the truth of Plaintiffs' allegation that Samsung SDI held a 34.3% "worldwide market share in

8   the market for CRTs, more than another other [sic] producer"; (f) avers that the terms "worldwide

9   market share," "market for CRTs" and "another other producer" are vague, ambiguous, and not

10  self-defining; (g) avers that SEC is without knowledge or information sufficient to form a belief

11  as to whether Samsung SDI currently has or for what period of time Samsung SDI maintained

12  offices in Chicago and San Diego; (h) specifically denies that SEC "dominated and controlled the

13  finances, policies, and affairs of Samsung SDI"; (i) avers that the term "CRT Products" is vague,

14  ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the

15  Amended Complaint does not allege that finished products containing CRTs were an object of the

16  alleged conspiracy; and (j) avers that to the extent the allegations contained in Paragraph 63 of the

17  Amended Complaint are legal conclusions, no response is required.

18        64.    Denies the allegations of Paragraph 64 of the Amended Complaint, and specifically

19  denies that SEC dominated or controlled the finances, policies, or affairs of Samsung SDI

20  America, Inc., except avers that: (a) SEC is without knowledge or information sufficient to form a

21  belief as to the truth of the remaining allegations of Paragraph 64; (b) the term "CRT Products" is

22  vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs,

23  and the Amended Complaint does not allege that finished products containing CRTs were an

24  object of the alleged conspiracy; and (c) to the extent the allegations contained in Paragraph 64 of

25  the Amended Complaint are legal conclusions, no response is required.

26        65.    Denies the allegations of Paragraph 65 of the Amended Complaint, and specifically

27  denies that SEC dominated or controlled the finances, policies, or affairs of Samsung SDI Mexico

28  S.A. de C.V., except avers that: (a) SEC is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations of Paragraph 65; (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy; and (c) to the extent the allegations contained in Paragraph 65 of the Amended Complaint are legal conclusions, no response is required.

66.     Denies the allegations of Paragraph 66 of the Amended Complaint, and specifically denies that SEC dominated or controlled the finances, policies, or affairs of Samsung SDI Brasil Ltda., except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 66; (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy; and (c) to the extent the allegations contained in Paragraph 66 of the Amended Complaint are legal conclusions, no response is required.

67.     Denies the allegations of Paragraph 67 of the Amended Complaint, and specifically denies that SEC dominated or controlled the finances, polices, or affairs of Shenzhen Samsung SDI Co. Ltd., except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 67; (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy; and (c) to the extent the allegations contained in Paragraph 67 of the Amended Complaint are legal conclusions, no response is required.

68.     Denies the allegations of Paragraph 68 of the Amended Complaint, and specifically denies that SEC dominated or controlled the finances, policies, or affairs of Tianjin Samsung SDI Co., Ltd., except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 68; (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an

1   object of the alleged conspiracy, and (c) to the extent the allegations contained in Paragraph 68 of

2   the Amended Complaint are legal conclusions, no response is required.

3        69.     Denies the allegations of Paragraph 69 of the Amended Complaint, and specifically

4   denies that SEC dominated or controlled the finances, policies, or affairs of Samsung SDI

5   (Malaysia) Sdn. Bhd., except avers that: (a) SEC is without knowledge or information sufficient

6   to form a belief as to the truth of the remaining allegations of Paragraph 69; (b) the term "CRT

7   Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture

8   and sell CRTs, and the Amended Complaint does not allege that finished products containing

9   CRTs were an object of the alleged conspiracy; and (c) to the extent the allegations contained in

10  Paragraph 69 of the Amended Complaint are legal conclusions, no response is required.

11       70.     Admits that Plaintiffs purport to refer to SEC, SEAI, Samsung SDI, Samsung SDI

12  America, Samsung SDI Mexico, Samsung SDI Brazil, Samsung SDI Shenzhen, Samsung SDI

13  Tianjin, and Samsung Malaysia collectively as "Samsung," except specifically denies that such a

14  collective reference is appropriate as it improperly seeks to group together distinct legal entities

15  with separate businesses and ownership structures.  SEC avers that: (a) SEC and Samsung SDI

16  are separate and distinct publicly-owned companies; and (b) SEC does not dominate or control

17  the finances, policies, or affairs of Samsung SDI, Samsung SDI America, Samsung SDI Mexico,

18  Samsung SDI Brazil, Samsung SDI Shenzhen, Samsung SDI Tianjin, or Samsung Malaysia

19  (collectively "the SDI Defendants").  Furthermore, SEC avers that it and the SDI Defendants

20  have dissimilar lines of business, and SEC does not manufacture and sell CRTs—the object of the

21  conspiracy alleged by the Amended Complaint.

22  **Toshiba Entities**

23       71.     Denies the allegations of Paragraph 71 of the Amended Complaint, except avers

24  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

25  allegations of Paragraph 71; and (b) the term "CRT Products" is vague, ambiguous, and

26  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

27  Complaint does not allege that finished products containing CRTs were an object of the alleged

28  conspiracy.

72.     Denies the allegations of Paragraph 72 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

73.     Denies the allegations of Paragraph 73 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

74.     Denies the allegations of Paragraph 74 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

75.     Denies the allegations of Paragraph 75 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

76.     Denies the allegations of Paragraph 76 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

1  Complaint does not allege that finished products containing CRTs were an object of the alleged

2  conspiracy.

3         77.    Denies the allegations of Paragraph 77 of the Amended Complaint, except avers

4  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

5  allegations of Paragraph 77; and (b) the term "CRT Products" is vague, ambiguous, and

6  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

7  Complaint does not allege that finished products containing CRTs were an object of the alleged

8  conspiracy.

9         78.    Admits that Plaintiffs purport to refer to Toshiba Corporation, Toshiba America,

10  Inc., TACP, TACPI, TAIP, TAEC and TDDT collectively as "Toshiba," except avers that SEC is

11  without knowledge or information sufficient to form a belief as to whether such a collective

12  reference is appropriate or justified.

13  **Panasonic Entities**

14         79.    Denies the allegations of Paragraph 79 of the Amended Complaint, except avers

15  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

16  allegations of Paragraph 79; and (b) the term "CRT Products" is vague, ambiguous, and

17  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

18  Complaint does not allege that finished products containing CRTs were an object of the alleged

19  conspiracy.

20         80.    Denies the allegations of Paragraph 80 of the Amended Complaint, except avers

21  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

22  allegations of Paragraph 80; and (b) the term "CRT Products" is vague, ambiguous, and

23  improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

24  Complaint does not allege that finished products containing CRTs were an object of the alleged

25  conspiracy.

26         81.    Denies the allegations of Paragraph 81 of the Amended Complaint, except avers

27  that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

28  allegations of Paragraph 81; and (b) the term "CRT Products" is vague, ambiguous, and

1    improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

2    Complaint does not allege that finished products containing CRTs were an object of the alleged

3    conspiracy.

4         82.    Admits that Plaintiffs purport to refer to Panasonic Corporation, Panasonic NA, and

5    Matsushita Malaysia collectively as "Panasonic," except avers that SEC is without knowledge or

6    information sufficient to form a belief as to whether such a collective reference is appropriate or

7    justified.

8         83.    Denies the allegations of Paragraph 83 of the Amended Complaint, except avers

9    that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

10   allegations of Paragraph 83; and (b) that the term "CRT Products" is vague, ambiguous, and

11   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

12   Complaint does not allege that finished products containing CRTs were an object of the alleged

13   conspiracy.

14        84.    Denies the allegations of Paragraph 84 of the Amended Complaint, except avers

15   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

16   allegations of Paragraph 84; and (b) the term "CRT Products" is vague, ambiguous, and

17   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

18   Complaint does not allege that finished products containing CRTs were an object of the alleged

19   conspiracy.

20   **<u>Hitachi Entities</u>**

21        85.    Denies the allegations of Paragraph 85 of the Amended Complaint, except avers

22   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

23   allegations of Paragraph 85; and (b) the term "CRT Products" is vague, ambiguous, and

24   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

25   Complaint does not allege that finished products containing CRTs were an object of the alleged

26   conspiracy.

27        86.    Denies the allegations of Paragraph 86 of the Amended Complaint, except avers

28   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

1   allegations of Paragraph 86; and (b) the term "CRT Products" is vague, ambiguous, and

2   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

3   Complaint does not allege that finished products containing CRTs were an object of the alleged

4   conspiracy.

5          87.    Denies the allegations of Paragraph 87 of the Amended Complaint, except avers

6   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

7   allegations of Paragraph 87; and (b) the term "CRT Products" is vague, ambiguous, and

8   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

9   Complaint does not allege that finished products containing CRTs were an object of the alleged

10   conspiracy.

11          88.    Denies the allegations of Paragraph 88 of the Amended Complaint, except avers

12   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

13   allegations of Paragraph 88; and (b) the term "CRT Products" is vague, ambiguous, and

14   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

15   Complaint does not allege that finished products containing CRTs were an object of the alleged

16   conspiracy.

17          89.    Denies the allegations of Paragraph 89 of the Amended Complaint, except avers

18   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

19   allegations of Paragraph 89; and (b) the term "CRT Products" is vague, ambiguous, and

20   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

21   Complaint does not allege that finished products containing CRTs were an object of the alleged

22   conspiracy.

23          90.    Denies the allegations of Paragraph 90 of the Amended Complaint, except avers

24   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

25   allegations of Paragraph 90; and (b) the term "CRT Products" is vague, ambiguous, and

26   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

27   Complaint does not allege that finished products containing CRTs were an object of the alleged

28   conspiracy.

1    91.    Admits that Plaintiffs purport to refer to Hitachi Ltd., Hitachi Displays, Hitachi

2    America, HEDUS, Hitachi Asia, and Hitachi Shenzhen collectively as "Hitachi." except avers

3    that SEC is without knowledge or information sufficient to form a belief as to whether such a

4    collective reference is appropriate or justified.

5    **Tatung**

6    92.    Denies the allegations of Paragraph 92 of the Amended Complaint, except avers

7    that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

8    allegations of Paragraph 92; and (b) the term "CRT Products" is vague, ambiguous, and

9    improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

10   Complaint does not allege that finished products containing CRTs were an object of the alleged

11   conspiracy.

12   **Chunghwa Entities**

13   93.    Denies the allegations of Paragraph 93 of the Amended Complaint, except avers

14   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

15   allegations of Paragraph 93; and (b) the term "CRT Products" is vague, ambiguous, and

16   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

17   Complaint does not allege that finished products containing CRTs were an object of the alleged

18   conspiracy.

19   94.    Denies the allegations of Paragraph 94 of the Amended Complaint, except avers

20   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

21   allegations of Paragraph 94; and (b) the term "CRT Products" is vague, ambiguous, and

22   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

23   Complaint does not allege that finished products containing CRTs were an object of the alleged

24   conspiracy.

25   95.    Admits that Plaintiffs purport to refer to CPT and Chunghwa Malaysia collectively

26   as "Chunghwa," except avers that SEC is without knowledge or information sufficient to form a

27   belief as to whether such a collective reference is appropriate or justified.

28

**IRICO Entities**

96.     Denies the allegations of Paragraph 96 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

97.     Denies the allegations of Paragraph 97 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

98.     Denies the allegations of Paragraph 98 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

99.     Admits that Plaintiffs purport to refer to IGC, IDDC, and IGE collectively as "IRICO," except avers that SEC is without knowledge or information sufficient to form a belief as to whether such a collective reference is appropriate or justified.

**Thai CRT**

100.    Denies the allegations of Paragraph 100 of the Amended Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

1   Complaint does not allege that finished products containing CRTs were an object of the alleged

2   conspiracy.

3   **Samtel**

4       101.   Denies the allegations of Paragraph 101 of the Amended Complaint, except avers

5   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

6   allegations of Paragraph 101; and (b) the term "CRT Products" is vague, ambiguous, and

7   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

8   Complaint does not allege that finished products containing CRTs were an object of the alleged

9   conspiracy.

10   **Daewoo/Orion Entities**

11       102.   Denies the allegations of Paragraph 102 of the Amended Complaint, except avers

12   that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the

13   allegations of Paragraph 102; and (b) the term "CRT Products" is vague, ambiguous, and

14   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

15   Complaint does not allege that finished products containing CRTs were an object of the alleged

16   conspiracy.

17       103.   Admits that Plaintiffs purport to refer to Daewoo Electronics, Orion, and DOSA

18   collectively as "Daewoo," except avers that SEC is without knowledge or information sufficient

19   to form a belief as to whether such a collective reference is appropriate or justified.

20       104.   Admits that Plaintiffs purport to refer to all of the above-listed defendants

21   collectively as "Defendants."

22               **VI.  PURPORTED AGENTS AND CO-CONSPIRATORS**

23       105.   Denies the allegations of Paragraph 105 of the Amended Complaint.

24       106.   Denies the allegations of Paragraph 106 of the Amended Complaint.

25       107.   Denies the allegations of Paragraph 107 of the Amended Complaint

26               **VII.  INTERSTATE TRADE AND COMMERCE**

27       108.   Denies the allegations of Paragraph 108 of the Amended Complaint, except avers

28   that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does

1  not manufacture and sell CRTs, and the Amended Complaint does not allege that finished

2  products containing CRTs were an object of the alleged conspiracy.

3      109.   Denies the allegations of Paragraph 109 of the Amended Complaint, except avers

4  that: (a) SEC is without knowledge or information sufficient to form a belief as to the "market for

5  CRT Products"; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad

6  because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege

7  that finished products containing CRTs were an object of the alleged conspiracy.

8      110.   Denies the allegations of Paragraph 110 of the Amended Complaint, except avers

9  that: (a) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC

10  does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished

11  products containing CRTs were an object of the alleged conspiracy; and (b) to the extent the

12  allegations contained in Paragraph 110 of the Amended Complaint are legal conclusions, no

13  response is required.

14                    **VIII.  PURPORTED FACTUAL ALLEGATIONS**

15      **A.  CRT Technology**

16      111.   Denies the allegations of Paragraph 111 of the Amended Complaint, except: (a)

17  admits that CRT technology was first developed more than a century ago; (b) admits that CRTs

18  are used in televisions, computer monitors, and other applications; and (c) avers that SEC is

19  without knowledge or information sufficient to form a belief as to the truth of the remaining

20  allegations of Paragraph 111.

21      112.   Denies the allegations of Paragraph 112 of the Amended Complaint, except avers

22  that: (a) Plaintiffs' description of the operation of a CRT is incomplete, oversimplified, and

23  incorrect in certain respects; and (b) SEC reserves the right to provide a more thorough and

24  complete description of the operation of CRT to the extent that the technical operation of a CRT

25  is relevant to Plaintiffs' claims in this proceeding.

26      113.   Denies the allegations of Paragraph 113 of the Amended Complaint.

27      114.   Denies the allegations of Paragraph 114 of the Amended Complaint, except avers

28  that SEC is without knowledge or information sufficient to form a belief as to the truth of the

1  allegations of Paragraph 114 due to the vague and ambiguous nature of terms such as "last few

2  years" and "dominant."

3  **B.  Purported Structural Characteristics Of The CRT Market**

4  115.   Denies the allegations of Paragraph 115 of the Amended Complaint, and

5  specifically denies that SEC was engaged in the conspiracy alleged in the Amended Complaint,

6  except avers that: (a) the term "CRT Product market" is vague, ambiguous and not self defining;

7  (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does

8  not manufacture and sell CRTs, and the Amended Complaint does not allege that finished

9  products containing CRTs were an object of the alleged conspiracy; and (c) to the extent that the

10  term "CRT Product market" is intended to signify a relevant product market for antitrust

11  purposes, the allegation represents a legal conclusion to which no response is required.

12  **a.       Purported Market Concentration**

13  116.   Denies the allegations of Paragraph 116 of the Amended Complaint.

14  **b.       Purported Information Sharing**

15  117.   Denies the allegations of Paragraph 117 of the Amended Complaint.

16  118.   Denies the allegations of Paragraph 118 of the Amended Complaint, except: (a)

17  admits that SEC is a member of the Society for Information Display; (b) admits that SEC was a

18  founding member of the Korea Display Industry Association; (c) admits that SEC is a member of

19  the Electronic Display Research Association of Korea; (d) denies that Plaintiffs' collective

20  reference to "Samsung" is appropriate as it improperly seeks to group together distinct legal

21  entities with separate businesses and ownership structures; (e) avers that SEC and Samsung SDI

22  are separate and distinct publicly-owned companies; (f) avers that SEC does not manufacture and

23  sell CRTs—the object of the conspiracy alleged by the Amended Complaint; and (g) avers that

24  the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

25  manufacture and sell CRTs, and the Amended Complaint does not allege that finished products

26  containing CRTs were an object of the alleged conspiracy.

27  **c.       Purported Consolidation**

28

119. Denies the allegations of Paragraph 119 of the Amended Complaint, except avers that SEC is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 119 regarding the activities of third parties.

120. Denies the allegations of Paragraph 120 of the Amended Complaint.

**d.      Purported Multiple Interrelated Business Relationships**

121. Denies the allegations of Paragraph 121 of the Amended Complaint.

122. Denies the allegations of Paragraph 122 of the Amended Complaint, including each subpart, except: (a) avers that SEC is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 122 regarding the activities of third parties; (b) avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy; (c) avers that the term "CRT Product market" is vague, ambiguous and not self defining; (d) avers that to the extent that the term "CRT Product market" is intended to signify a relevant product market for antitrust purposes, the allegation represents a legal conclusion to which no response is required; (e) denies that Plaintiffs' collective reference to "Samsung" is appropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures.

**e.      Purported High Costs Of Entry Into The Industry**

123. Denies the allegations of Paragraph 123 of the Amended Complaint.

**f.      The Purported Maturity Of The CRT Product Market**

124. Denies the allegations of Paragraph 124 of the Amended Complaint, and specifically denies that SEC was engaged in the conspiracy alleged in the Amended Complaint, except avers that: (a) basic CRT technology has existed for decades; but (b) there have been significant innovations and improvements to CRT technology; (c) the term "CRT Product market" is vague, ambiguous, and not self defining; (d) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy; and (e) to the extent that the term "CRT Product market" is intended to

1    signify a relevant product market for antitrust purposes, the allegation represents a legal

2    conclusion to which no response is required.

3        125.   Denies the allegations of Paragraph 125 of the Amended Complaint.

4        126.   Denies the allegations of Paragraph 126 of the Amended Complaint, except avers

5    that: (a) since the mid-1990's, electronic devices containing emerging technologies such as liquid

6    crystal displays (TFT-LCDs or LCDs) and Plasma displays have increasingly competed with the

7    sale of electronic devices containing CPTs and CDTs; (b) SEC is without knowledge or

8    information sufficient to form a belief as to the truth of the allegations of Paragraph 126 regarding

9    Plaintiffs' allegations pertaining to "revenues from the sale of CRT televisions in the United

10   States" as that phrase is vague and ambiguous; and (c) the term "CRT Products" is vague,

11   ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the

12   Amended Complaint does not allege that finished products containing CRTs were an object of the

13   alleged conspiracy.

14       127.   Denies the allegations of Paragraph 127 of the Amended Complaint, and

15   specifically denies that SEC was engaged in the conspiracy alleged in the Amended Complaint,

16   except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to

17   the truth of the allegations of Paragraph 127 due to the vague and ambiguous nature of terms such

18   as "demand," and "dominant"; (b) since the mid-1990's, electronic devices containing emerging

19   technologies such as liquid crystal displays (TFT-LCDs or LCDs) and Plasma displays have

20   increasingly competed with the sale of electronic devices containing CPTs and CDTs; and (c) the

21   term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

22   manufacture and sell CRTs, and the Amended Complaint does not allege that finished products

23   containing CRTs were an object of the alleged conspiracy.

24       128.   Denies the allegations of Paragraph 128 of the Amended Complaint, except avers

25   that SEC is without knowledge or information sufficient to form a belief as to the truth of the

26   allegations of Paragraph 128.

27

28

1  129.   Denies the allegations of Paragraph 129 of the Amended Complaint, except avers

2  that SEC is without knowledge or information sufficient to form a belief as to the truth of the

3  allegations of Paragraph 129.

4  **g.      Purported Homogeneity Of CRT Products**

5  130.   Denies the allegations of Paragraph 130 of the Amended Complaint and avers that

6  the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

7  manufacture and sell CRTs, and the Amended Complaint does not allege that finished products

8  containing CRTs were an object of the alleged conspiracy.

9  131.   Denies the allegations of Paragraph 131 of the Amended Complaint.

10  **C.  Purported Pre-Conspiracy Market**

11  132.   Denies the allegations of Paragraph 132 of the Amended Complaint.

12  133.   Denies the allegations of Paragraph 133 of the Amended Complaint, except avers

13  that Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group

14  together distinct legal entities with separate businesses and ownership structures.

15  **D.  Defendants' And Co-Conspirators' Purported Illegal Agreements**

16  134.   Denies the allegations of Paragraph 134 of the Amended Complaint.

17  135.   Denies the allegations of Paragraph 135 of the Amended Complaint, except avers

18  that Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group

19  together distinct legal entities with separate businesses and ownership structures.

20  136.   Denies the allegations of Paragraph 136 of the Amended Complaint except avers

21  that Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group

22  together distinct legal entities with separate businesses and ownership structures.

23  137.   Denies the allegations of Paragraph 137 of the Amended Complaint.

24  138.   Denies the allegations of Paragraph 138 of the Amended Complaint.

25  **a.      Purported "Glass Meetings"**

26  139.   Denies the allegations of Paragraph 139 of the Amended Complaint.

27  140.   Denies the allegations of Paragraph 140 of the Amended Complaint.

28  141.   Denies the allegations of Paragraph 141 of the Amended Complaint.

142.   Denies the allegations of Paragraph 142 of the Amended Complaint, including each subpart, except avers that: (a) Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures; (b) SEC and Samsung SDI are separate and distinct publicly-owned companies; and (c) SEC does not manufacture and sell CRTs—the object of the conspiracy alleged by the Amended Complaint.

143.   Denies the allegations of Paragraph 143 of the Amended Complaint.

144.   Denies the allegations of Paragraph 144 of the Amended Complaint.

145.   Denies the allegations of Paragraph 145 of the Amended Complaint.

146.   Denies the allegations of Paragraph 146 of the Amended Complaint, except avers that SEC does not manufacture and sell CRTs and thus was not capable of having "agreed upon what price [it] would charge for CRTs to be sold the following month or quarter."

147.   Denies the allegations of Paragraph 147 of the Amended Complaint.

148.   Denies the allegations of Paragraph 148 of the Amended Complaint.

149.   Denies the allegations of Paragraph 149 of the Amended Complaint, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

150.   Denies the allegations of Paragraph 150 of the Amended Complaint, including each subpart, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

151.   Denies the allegations of Paragraph 151 of the Amended Complaint.

152.   Denies the allegations of Paragraph 152 of the Amended Complaint.

**b.      Purported Bilateral Discussions**

153.   Denies the allegations of Paragraph 153 of the Amended Complaint.

154.   Denies the allegations of Paragraph 154 of the Amended Complaint.

155.   Denies the allegations of Paragraph 155 of the Amended Complaint.

156.   Denies the allegations of Paragraph 156 of the Amended Complaint, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

157.   Denies the allegations of Paragraph 157 of the Amended Complaint.

158.   Denies the allegations of Paragraph 158 of the Amended Complaint, and specifically denies that SEC was engaged in the conspiracy alleged in the Amended Complaint, except avers that: (a) Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures; (b) SEC and Samsung SDI are separate and distinct publicly-owned companies; (c) SEC is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 158 as they relate to third parties; and (d) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

### c.   Defendants' And Co-Conspirators' Purported Participation In Group And Bilateral Discussions

159.   Denies the allegations of Paragraph 159 of the Amended Complaint, except avers that: (a) Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures; (b) SEC and Samsung SDI are separate and distinct publicly-owned companies; (c) SEC does not manufacture and sell CRTs—the object of the conspiracy alleged by the Amended Complaint; and (d) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege that finished products containing CRTs were an object of the alleged conspiracy.

160.   Denies the allegations of Paragraph 160 of the Amended Complaint.

161.   Denies the allegations of Paragraph 161 of the Amended Complaint.

162.   Denies the allegations of Paragraph 162 of the Amended Complaint.

1    163.   Denies the allegations of Paragraph 163 of the Amended Complaint.

2    164.   Denies the allegations of Paragraph 164 of the Amended Complaint.

3    165.   Denies the allegations of Paragraph 165 of the Amended Complaint.

4    166.   Denies the allegations of Paragraph 166 of the Amended Complaint.

5    167.   Denies the allegations of Paragraph 167 of the Amended Complaint..

6    168.   Denies the allegations of Paragraph 168 of the Amended Complaint.

7    169.   Denies the allegations of Paragraph 169 of the Amended Complaint.

8    170.   Denies the allegations of Paragraph 170 of the Amended Complaint.

9    171.   Denies the allegations of Paragraph 171 of the Amended Complaint, except avers

10 that Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group

11 together distinct legal entities with separate businesses and ownership structures.

12    172.   Denies the allegations of Paragraph 172 of the Amended Complaint.

13    173.   Denies the allegations of Paragraph 173 of the Amended Complaint.

14    174.   Denies the allegations of Paragraph 174 of the Amended Complaint.

15    175.   Denies the allegations of Paragraph 175 of the Amended Complaint.

16    176.   Denies the allegations of Paragraph 176 of the Amended Complaint.

17    177.   Denies the allegations of Paragraph 177 of the Amended Complaint.

18    178.   Denies the allegations of Paragraph 178 of the Amended Complaint.

19    179.   Denies the allegations of Paragraph 179 of the Amended Complaint.

20    180.   Denies the allegations of Paragraph 180 of the Amended Complaint, except: (a)

21 admits that Plaintiffs purport to refer to separate and distinct companies collectively by a single

22 name; but (b) specifically denies that such a collective reference is appropriate with respect to

23 SEC and the SDI Defendants as it improperly seeks to group together distinct legal entities with

24 separate businesses and ownership structure.

25    **E.   <u>The Purported CRT Market During The Conspiracy</u>**

26    181.   Denies the allegations of Paragraph 181 of the Amended Complaint, except avers

27 that SEC is without knowledge or information sufficient to form a belief as to the truth of the

28

allegations of Paragraph 181 due to the vague and ambiguous nature of terms such as "last few years" and "dominant."

182.   Denies the allegations in Paragraph 182 of the Amended Complaint, except: (a) admits that Plaintiffs purport to offer data reported by Stanford Resources, Inc.; and (b) avers that SEC is without knowledge or information sufficient to form a belief as to the accuracy of that representation or data.

183.   Denies the allegations of Paragraph 183 of the Amended Complaint, except: (a) admits that Plaintiffs purport to offer data published by Fuji Chimera Research; but (b) avers that SEC is without knowledge or information sufficient to form a belief as to the accuracy of that representation or data; and (c) avers that SEC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 191 and that the phrase "market for CRT TVs and computer monitors" is vague and ambiguous.

184.   Denies the allegations of Paragraph 184 of the Amended Complaint, except: (a) admits that Plaintiffs purport to provide a statement of an unnamed analyst for Market Intelligent Research Corporation; but (b) avers that SEC is without knowledge or information sufficient to form a belief as to the truth or accuracy of that representation or statement; and (c) avers that SEC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 184 and that  the phrases "average electronic display," "economic conditions," and "stable" are vague and ambiguous.

185.   Denies the allegations of Paragraph 185 of the Amended Complaint, except: (a) admits that Plaintiffs purport to provide a statement of an unnamed "industry source"; but (b) avers that SEC is without knowledge or information sufficient to form a belief as to the truth or accuracy of that representation or statement.

186.   Denies the allegations of Paragraph 186 of the Amended Complaint, and specifically denies that SEC was engaged in the conspiracy or collusive activities alleged in the Amended Complaint.

187.   Denies the allegations of Paragraph 187 of the Amended Complaint, except: (a) admits that Plaintiffs purport to provide a statement of an unnamed "industry analyst," but (b)

1   avers that SEC is without knowledge or information sufficient to form a belief as to the truth or
2   accuracy of that representation or statement.

3       188.   Denies the allegations of Paragraph 188 of the Amended Complaint, except: (a)
4   admits that Plaintiffs purport to provide a statement from a BNET Business Network news article;
5   but (b) avers that SEC is without knowledge or information sufficient to form a belief as to the
6   truth or accuracy of that representation or statement.

7       189.   Denies the allegations of Paragraph 189 of the Amended Complaint, except: (a)
8   admits that Plaintiffs purport to provide a summary of an article from Techtree.com and a
9   statement from an unnamed "Philips" source; but (b) avers that SEC is without knowledge or
10  information sufficient to form a belief as to the truth or accuracy of that representation or
11  statement; and (c) avers that Plaintiffs' collective reference to "Samsung" is inappropriate as it
12  improperly seeks to group together distinct legal entities with separate businesses and ownership
13  structures.

14      190.   Denies the allegations of Paragraph 198 of the Amended Complaint, and
15  specifically denies that SEC was engaged in the conspiracy or collusive activities alleged in the
16  Amended Complaint.

17      191.   Denies the allegations of Paragraph 191 of the Amended Complaint and specifically
18  denies that SEC was engaged in the conspiracy or collusive activities alleged in the Amended
19  Complaint, except avers that: (a) SEC does not manufacture and sell CRTs, and on that basis
20  specifically denies that SEC could have effected a drop in its "CRT factory utilization" to the
21  extent that that term refers to the manufacture of CRTs; and (b) the term "CRT Products" is
22  vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs,
23  and the Amended Complaint does not allege that finished products containing CRTs were an
24  object of the alleged conspiracy.

25      192.   Denies the allegations of Paragraph 192 of the Amended Complaint, except: (a)
26  avers that SEC is without knowledge or information sufficient to form a belief as to the
27  allegations of Paragraph 192; the terms "normal downward pressures," "moderating," and "new
28  generation LCD panels and plasma display products" are vague, ambiguous, and not self-

1   defining; (c) admits that Plaintiffs purport to provide a statement of Finsen Yu; but (d) avers that

2   SEC is without knowledge or information sufficient to form a belief as to the truth or accuracy of

3   that statement; and (d) avers that the term "CRT Products" is vague, ambiguous, and improperly

4   overbroad because SEC does not manufacture and sell CRTs, and the Amended Complaint does

5   not allege that finished products containing CRTs were an object of the alleged conspiracy.

6          193.   Denies the allegations of Paragraph 193 of the Amended Complaint, except avers

7   that: (a) SEC is without knowledge or information sufficient to form a belief as to the allegations

8   of Paragraph 193 due to the vague and ambiguous nature of the terms and phrases "periods of

9   unnatural and sustained price stability," "prices of CRT Products," "approaching obsolescence,"

10  "new, potentially superior and clearly more popular, substitutable technology"; (b) the term "CRT

11  Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture

12  and sell CRTs, and the Amended Complaint does not allege that finished products containing

13  CRTs were an object of the alleged conspiracy; and (c) to the extent the allegations contained in

14  Paragraph 193 of the Amended Complaint are legal conclusions, no response is required.

15         194.   Denies the allegations of Paragraph 194 of the Amended Complaint, except avers

16  that: (a) the terms "price stability," "market for CRT Products," "rapidly decreasing demand,"

17  and "new, substitutable technology" are vague, ambiguous, and not self-defining; (b) the term

18  "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

19  manufacture and sell CRTs, and the Amended Complaint does not allege that finished products

20  containing CRTs were an object of the alleged conspiracy; and (c) to the extent the allegations

21  contained in Paragraph 194 of the Amended Complaint are legal conclusions, no response is

22  required.

23     **E.   International Government Antitrust Investigations**

24         195.   Denies the allegations of Paragraph 195 of the Amended Complaint, except avers

25  that: (a) to the extent the allegations are directed to other Defendants, SEC is without knowledge

26  or information sufficient to form a belief as to the truth of the allegations; (b) to SEC's

27  knowledge, no Department of Justice ("DOJ") investigation has targeted SEC, which does not

28  manufacture and sell CRTs; (c) to SEC's knowledge and belief based on public information, these

1   investigations have been limited to alleged price fixing of CDTs and CPTs, and not finished

2   products containing CDTs or CPTs; and (d) the term "CRT Products" is vague, ambiguous, and

3   improperly overbroad because SEC does not manufacture and sell CRTs, and the Amended

4   Complaint does not allege that finished products containing CRTs were an object of the alleged

5   conspiracy.

6       196.   Denies the allegations of Paragraph 196 of the Amended Complaint, except avers

7   that: (a) SEC is without knowledge or information sufficient to form a belief as to the allegations

8   of Paragraph 196; and (b) no government raid has targeted SEC, which does not manufacture and

9   sell CRTs.

10      197.   Denies the allegations of Paragraph 197 of the Amended Complaint and respectfully

11  refers the Court to the referenced document for a full and complete description of its contents.

12      198.   Denies the allegations of Paragraph 198 of the Amended Complaint, except avers

13  that SEC is without knowledge or information sufficient to form a belief as to the allegations of

14  Paragraph 198.

15      199.   Denies the allegations in Paragraph 199 of the Amended Complaint, except: (a)

16  admits that Plaintiffs purport to summarize an unnamed article from *Kyodo News*; and (b) avers

17  that SEC is without knowledge or information sufficient to form a belief as to the truth or

18  accuracy of that representation or statement.

19      200.   Denies the allegations in Paragraph 200 of the Amended Complaint, except: (a)

20  admits that Plaintiffs purport to provide an excerpt from an unnamed article from *Kyodo News*;

21  and (b) avers that SEC is without knowledge or information sufficient to form a belief as to the

22  truth or accuracy of that representation or statement.

23      201.   Denies the allegations of Paragraph 201 of the Amended Complaint, except avers

24  that: (a) SEC is without knowledge or information sufficient to form a belief as to the allegations

25  of Paragraph 201; (b) Plaintiffs' collective reference to "Samsung's CRT business" is

26  inappropriate as it improperly seeks to group together distinct legal entities with separate

27  businesses and ownership structures; (c) SEC and Samsung SDI are separate and distinct

28  publicly-owned companies; (d) SEC does not dominate or control the finances, policies, or affairs

1   of Samsung SDI or any other Samsung SDI entity; (e) SEC does not manufacture and sell

2   CRTs—the object of the conspiracy alleged by the Amended Complaint; and (f) to SEC's

3   knowledge, no government investigation has targeted SEC, which does not manufacture and sell

4   CRTs.

5           202.   Denies the allegations in Paragraph 202 of the Amended Complaint, except: (a)

6   admits that Plaintiffs purport to provide an excerpt from an unnamed article from the *Asian*

7   *Shimbun*; and (b) avers that SEC is without knowledge or information sufficient to form a belief

8   as to the truth or accuracy of that representation or statement.

9           203.   Denies the allegations of Paragraph 203 of the Amended Complaint, except avers

10  that SEC is without knowledge or information sufficient to form a belief as to the allegations of

11  Paragraph 203.

12          204.   Denies the allegations of Paragraph 204 of the Amended Complaint, except avers

13  that SEC is without knowledge or information sufficient to form a belief as to the allegations of

14  Paragraph 204.

15          205.   Denies the allegations of Paragraph 205 of the Amended Complaint, except: (a)

16  admits that Plaintiffs purport to provide an excerpt of an announcement by the Hungarian

17  Competition Authority; (b) avers that SEC is without knowledge or information sufficient to form

18  a belief as to the allegations of Paragraph 205; and (c) avers that SEC is not listed as a target of

19  the Hungarian Competition Authority's investigation in the excerpted language of Paragraph 205

20  and, to SEC's knowledge, no government investigation has targeted SEC, which does not

21  manufacture and sell CRTs.

22          206.   Denies the allegations of Paragraph 206 of the Amended Complaint, except avers

23  that SEC is without knowledge or information sufficient to form a belief as to the allegations of

24  Paragraph 206 because the term "competitor contacts" is vague, ambiguous, and not self-defining.

25          207.   Denies the allegations of Paragraph 207 of the Amended Complaint, except: (a)

26  admits that SEC and its U.S. subsidiary Samsung Semiconductor, Inc. entered a plea agreement

27  and agreed to pay a $300 million dollar fine to the DOJ following an investigation by the DOJ

28  into dynamic access memory ("DRAM") computer chips and respectfully refers the Court to the

1   DOJ DRAM plea agreement for a full and complete description of its contents but; (b) avers that

2   DRAM computer chips are not relevant to Plaintiffs' allegations in the Amended Complaint; and

3   (c) avers that Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks

4   to group together distinct legal entities with separate businesses and ownership structures.

5       208.   Denies the allegations of Paragraph 208 of the Amended Complaint, except: (a)

6   admits that the DOJ initiated investigations with respect to Static Random Access Memory

7   ("SRAM") and NAND Flash Memory; (b) avers that neither SRAM nor flash memory computer

8   chips are relevant to Plaintiffs' allegations in the Amended Complaint; and (c) avers that

9   Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group

10  together distinct legal entities with separate businesses and ownership structures.

11      209.   Denies the allegations of Paragraph 209 of the Amended Complaint, except: (a)

12  avers that SEC is without knowledge or information sufficient to form a belief as to the

13  allegations of Paragraph 209 due to the vague and ambiguous nature of the terms "comprehensive

14  investigation" and "anticompetitive conduct"; and (b) avers that TFT-LCDs are not relevant to

15  Plaintiffs' allegations in the Amended Complaint.

16      210.   Denies the allegations of Paragraph 210 of the Amended Complaint, except avers

17  that: (a) SEC is without knowledge or information sufficient to form a belief as to which "news

18  reports" or "Samsung" entities Plaintiffs are referring in the allegations of Paragraph 210, as those

19  terms are vague and ambiguous; (b) Plaintiffs' collective reference to "Samsung" is inappropriate

20  as it improperly seeks to group together distinct legal entities with separate businesses and

21  ownership structures; and (c) TFT-LCDs are not relevant to Plaintiffs' allegations in the

22  Amended Complaint.

23      211.   Denies the allegations of Paragraph 211 of the Amended Complaint, except: (a)

24  admits that the DOJ issued a press release on November 12, 2008, announcing that LG Display

25  Co. Ltd., Sharp Corp., and Chunghwa Picture Tubes, Ltd. agreed to plead guilty for price-fixing

26  of TFT-LCD panels and pay a total of $585 million in fines and respectfully refers the Court to

27  the cited document for a full and complete description of its contents; and (b) avers that TFT-

28  LCDs are not relevant to Plaintiffs' allegations in the Amended Complaint.

1    212.   Denies the allegations of Paragraph 212 of the Amended Complaint, except: (a)

2    admits that the DOJ issued a press release on March 10, 2009, announcing that Hitachi Displays,

3    Ltd. agreed to plead guilty for price-fixing of TFT-LCD panels and pay a $31 million fine and

4    respectfully refers the Court to the document for a full and complete description of its contents;

5    and (b) avers that TFT-LCDs are not relevant to Plaintiffs' allegations in the Amended

6    Complaint.

7    213.   Denies the allegations of Paragraph 213 of the Amended Complaint, except avers

8    that SEC is without knowledge or information sufficient to form a belief as to the allegations of

9    Paragraph 213.

10   **IX.   THE PURPORTED PASS-THROUGH OF OVERCHARGES TO CONSUMERS**

11   214.   Denies the allegations of Paragraph 214 of the Amended Complaint.

12   215.   Denies the allegations of Paragraph 215 of the Amended Complaint, except avers

13   that Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group

14   together distinct legal entities with separate businesses and ownership structures.

15   216.   Denies the allegations of Paragraph 216 of the Amended Complaint except avers

16   that: (a) the terms "such as" and "reseller" are vague, ambiguous, and not self-defining; and (b)

17   the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

18   manufacture and sell CRTs, and the Amended Complaint does not allege that finished products

19   containing CRTs were an object of the alleged conspiracy.

20   217.   Denies the allegations of Paragraph 217 of the Amended Complaint.

21   218.   Denies the allegations of Paragraph 218 of the Amended Complaint.

22   219.   Denies the allegations of Paragraph 219 of the Amended Complaint, except avers

23   that: (a) SEC is without knowledge or information sufficient to form a belief as to the allegations

24   of Paragraph 219 due to the vague and ambiguous nature of the terms "ultimately determined,"

25   "market for CRTs," "market for CRT Products," "inextricably linked," and "intimate

26   relationship"; (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad

27   because SEC does not manufacture and sell CRTs, and the Amended Complaint does not allege

28   that finished products containing CRTs were an object of the alleged conspiracy; and (c) admits

1    that "Computer and TV OEMs and retailers of CRT Products are all subject to vigorous price

2    competition."

3        220.   Denies the allegations of Paragraph 220 of the Amended Complaint, except avers

4    that SEC is without knowledge or information sufficient to form a belief as to the allegations of

5    Paragraph 220 due to the vague and ambiguous nature of the terms "commodities," "little or no

6    brand loyalty," "aggressive pricing," "switch preferences," "closely based," "production costs,"

7    "directly determined," "component costs," "assembly costs," "minimal," "starting point," "cost-

8    plus," and "closely track."

9        221.   Denies the allegations of Paragraph 221 of the Amended Complaint, except avers

10   that SEC is without knowledge or information sufficient to form a belief as to the allegations of

11   Paragraph 221 due to the vague and ambiguous nature of the terms and phrases "component,"

12   "products into which they are incorporated," and "total manufacturing cost."

13       222.   Denies the allegations of Paragraph 222 of the Amended Complaint.

14       223.   Denies the allegations of Paragraph 223 of the Amended Complaint, except avers

15   that SEC is without knowledge or information sufficient to form a belief as to the allegations of

16   Paragraph 223 due to the vague and ambiguous nature of the terms "place of manufacture,"

17   "essentially unchanged," "distribution system," "discreet," "change form," "become an

18   indistinguishable part," and "traceable physical chain."

19       224.   Denies the allegations of Paragraph 224 of the Amended Complaint.

20       225.   Denies the allegations of Paragraph 225 of the Amended Complaint and respectfully

21   refers the Court to the cited document for a full and complete description of its contents.

22       226.   Denies the allegations of Paragraph 226 of the Amended Complaint and respectfully

23   refers the Court to the cited text for a full and complete description of its contents.

24       227.   Denies the allegations of Paragraph 227 of the Amended Complaint.

25       228.   Denies the allegations of Paragraph 228 of the Amended Complaint, except: (a)

26   admits that Plaintiffs purport to provide a statement of Professor Jeffrey McKie-Mason from a

27   passage quoted in an unspecified judicial decision in an unnamed case; and (b) avers that SEC is

28

1   without knowledge or information sufficient to form a belief as to the truth or accuracy of that

2   representation or statement.

3       229.   Denies the allegations of Paragraph 229 of the Amended Complaint.

4       230.   Denies the allegations of Paragraph 230 of the Amended Complaint, except avers

5   that Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group

6   together distinct legal entities with separate businesses and ownership structures.

7       231.   Denies the allegations of Paragraph 231 of the Amended Complaint.

## X.   CLASS ACTION ALLEGATIONS

9       232.   Denies the allegations of Paragraph 232 of the Amended Complaint.

10      233.   Denies the allegations of Paragraph 233 of the Amended Complaint.

11      234.   Denies the allegations of Paragraph 234 of the Amended Complaint.

12      235.   Denies the allegations of Paragraph 235 of the Amended Complaint, including each

13   subpart.

## XI.   VIOLATIONS ALLEGED

### A.   First Claim for Relief: Purported Violation of Section 1 of the Sherman Act

16      236.   Admits that Plaintiffs purport to incorporate the allegations of the preceding

17   paragraphs of the Amended Complaint.  SEC hereby incorporates by reference its responses to

18   the above allegations as set forth above.

19      237.   Denies the allegations of Paragraph 237 of the Amended Complaint.

20      238.   Denies the allegations of Paragraph 238 of the Amended Complaint.

21      239.   Denies the allegations of Paragraph 239 of the Amended Complaint.

22      240.   Denies the allegations of Paragraph 240 of the Amended Complaint.

23      241.   Denies the allegations of Paragraph 241 of the Amended Complaint, including each

24   subpart.

25      242.   Denies the allegations of Paragraph 242 of the Amended Complaint, including each

26   subpart.

27      243.   Denies the allegations of Paragraph 243 of the Amended Complaint.

28      244.   Denies the allegations of Paragraph 244 of the Amended Complaint.

1   245.   Admits that Plaintiffs purport to seek the issuance of an injunction against

2   Defendants, except specifically denies that SEC was engaged in any "violations" alleged in the

3   Amended Complaint and avers Plaintiffs are entitled to no relief under Section 16 of the Clayton

4   Act, 15 U.S.C. § 26 or any other statute.

5   **B.  Second Claim for Relief: Purported Violation of State Antitrust Statutes**

6   246.   Admits that Plaintiffs purport to incorporate the allegations of the preceding

7   paragraphs of the Amended Complaint.  SEC hereby incorporates by reference its responses to

8   the above allegations as set forth above.

9   247.   Denies the allegations of Paragraph 247 of the Amended Complaint, including each

10   subpart.

11   248.   Denies the allegations of Paragraph 248 of the Amended Complaint, including each

12   subpart.

13   249.   Denies the allegations of Paragraph 249 of the Amended Complaint, including each

14   subpart.

15   250.   Denies the allegations of Paragraph 250 of the Amended Complaint, including each

16   subpart.

17   251.   Denies the allegations of Paragraph 251 of the Amended Complaint, including each

18   subpart.

19   252.   Denies the allegations of Paragraph 252 of the Amended Complaint, including each

20   subpart.

21   253.   Denies the allegations of Paragraph 253 of the Amended Complaint, including each

22   subpart.

23   254.   Denies the allegations of Paragraph 254 of the Amended Complaint, including each

24   subpart.

25   255.   Denies the allegations of Paragraph 255 of the Amended Complaint, including each

26   subpart.

27   256.   Denies the allegations of Paragraph 256 of the Amended Complaint, including each

28   subpart.

257.   Denies the allegations of Paragraph 257 of the Amended Complaint, including each subpart.

258.   Denies the allegations of Paragraph 258 of the Amended Complaint, including each subpart.

259.   Denies the allegations of Paragraph 259 of the Amended Complaint, including each subpart.

260.   Denies the allegations of Paragraph 260 of the Amended Complaint, including each subpart.

261.   Denies the allegations of Paragraph 261 of the Amended Complaint, including each subpart.

262.   Denies the allegations of Paragraph 262 of the Amended Complaint, including each subpart.

263.   Denies the allegations of Paragraph 263 of the Amended Complaint, including each subpart.

264.   Denies the allegations of Paragraph 264 of the Amended Complaint, including each subpart.

265.   Denies the allegations of Paragraph 265 of the Amended Complaint, including each subpart.

266.   Denies the allegations of Paragraph 266 of the Amended Complaint, including each subpart.

267.   Denies the allegations of Paragraph 267 of the Amended Complaint, including each subpart.

268.   Denies the allegations of Paragraph 268 of the Amended Complaint, including each subpart.

**C.   Third Claim for Relief: Purported Violation of State Consumer Protection and Unfair Competition Statutes**

1    269.   Admits that Plaintiffs purport to incorporate the allegations of the preceding

2    paragraphs of the Amended Complaint.  SEC hereby incorporates by reference its responses to

3    the above allegations as set forth above.

4    270.   Denies the allegations of Paragraph 270 of the Amended Complaint.

5    271.   Denies the allegations of Paragraph 271 of the Amended Complaint, including each

6    subpart.

7    272.   Denies the allegations of Paragraph 272 of the Amended Complaint, including each

8    subpart.

9    273.   Denies the allegations of Paragraph 273 of the Amended Complaint, including each

10   subpart.

11   274.   Denies the allegations of Paragraph 274 of the Amended Complaint, including each

12   subpart.

13   275.   Denies the allegations of Paragraph 275 of the Amended Complaint, including each

14   subpart.

15   276.   Denies the allegations of Paragraph 276 of the Amended Complaint, including each

16   subpart.

17   277.   Denies the allegations of Paragraph 277 of the Amended Complaint, including each

18   subpart.

19   278.   Denies the allegations of Paragraph 278 of the Amended Complaint, including each

20   subpart.

21   279.   Denies the allegations of Paragraph 279 of the Amended Complaint, including each

22   subpart.

23   **D.  Fourth Claim for Relief: Purported Unjust Enrichment and Disgorgement of Profits**

24   280.   Admits that Plaintiffs purport to incorporate the allegations of the preceding

25   paragraphs of the Amended Complaint, except avers that to the extent the allegations contained in

26   Paragraph 280 of the Amended Complaint are legal conclusions, no response is required.  SEC

27   hereby incorporates by reference its responses to the above allegations as set forth above.

28   281.   Denies the allegations of Paragraph 281 of the Amended Complaint.

282.   Denies the allegations of Paragraph 282 of the Amended Complaint.

283.   Denies the allegations of Paragraph 283 of the Amended Complaint, and avers that Plaintiffs are entitled to no relief.

## XII.  PURPORTED FRAUDULENT CONCEALMENT

284.   Denies the allegations of Paragraph 284 of the Amended Complaint.

285.   Denies the allegations of Paragraph 285 of the Amended Complaint.

286.   Denies the allegations of Paragraph 286 of the Amended Complaint, including each subpart.

287.   Denies the allegations of Paragraph 287 of the Amended Complaint.

## XIII.  PRAYER FOR RELIEF

Denies the allegations of the "Wherefore" Paragraph of the Amended Complaint, including each subpart, and denies that Plaintiffs are entitled to any relief of any kind for or as against SEC on the purported claims alleged in the Amended Complaint, and avers that Plaintiffs have not suffered any damages.

## XIV.  JURY DEMAND

Admits that Plaintiffs purport to request a trial by jury for all of the claims asserted in the Amended Complaint so triable.

## AFFIRMATIVE DEFENSES

By alleging these affirmative defenses, SEC is not agreeing or conceding that it has the burden of proof on any of the issues raised in these defenses or that any particular issue or subject matter herein is relevant to Plaintiffs' allegations:

1.   This Court lacks subject-matter jurisdiction, pursuant to the Foreign Trade Antitrust Improvement Act, to adjudicate claims involving foreign commerce.

2.   Plaintiffs lack standing to bring the claims raised in the Amended Complaint.

3.   The Amended Complaint fails to state a claim upon which relief can be granted.

4.   This action may not be maintained as a class action.

1     5.     Plaintiffs' claims to a class action should be denied because variations in pricing
2        and sales terms preclude the introduction of class-wide proof as to the alleged
3        overcharge.

4     6.     Damages cannot be proven on a class-wide basis.

5     7.     Injury cannot be proven on a class-wide basis and the named plaintiffs have not
6        suffered injury in fact caused by a violation of law.

7     8.     Plaintiffs do not adequately represent the interests of proposed class members.

8     9.     Plaintiffs cannot represent those purported class members who have allegedly
9        suffered injuries in relevant markets in which purported class members are not
10       direct purchasers from SEC.

11    10.    Plaintiffs' claims and those of the putative class are barred in whole or in part by
12      the applicable statutes of limitation.

13    11.    Plaintiffs' claims and those of the putative class are barred in whole or in part by
14      laches.

15    12.    Plaintiffs' claims and those of the putative class are barred because they have not
16      sustained any cognizable injury or antitrust injury attributable to SEC's conduct.

17    13.    Plaintiffs' claims and those of the putative class are barred in whole or in part
18      because Plaintiffs failed to mitigate their alleged damages, if any.

19    14.    Plaintiffs' claims and those of the putative class are barred in whole or in part by
20      the doctrine of accord and satisfaction.

21    15.    Plaintiffs' claims and those of the putative class are barred in whole or in part by
22      the doctrines of waiver, estoppel, and/or unclean hands.

23    16.    Plaintiffs' claims and those of the putative class are barred in whole or in part
24      because they accepted the benefit of the bargain.

25    17.    Plaintiffs and members of the putative class have suffered no injury in fact.

26    18.    Plaintiffs and members of the putative class have suffered no injury in fact caused
27      by any purported antitrust violation by SEC.

28    19.    Plaintiffs and members of the putative class have suffered no damages.

20.   Any damages suffered by Plaintiffs and members of the putative class are speculative.

21.   Plaintiffs' claims and those of the putative class are barred because the alleged conduct was unilateral, has not unreasonably restrained trade, was based on independent and legitimate business and economic justifications, and constituted bona fide business competition.

22.   Plaintiffs' claims are barred, in whole or in part, because the acts or omissions of SEC did not substantially lessen competition in any properly defined market.

23.   Plaintiffs' claims and those of the putative class are barred in whole or in part because an award of treble damages or punitive or exemplary damages against SEC based on the alleged conduct would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States.

24.   To the extent Plaintiffs' claims would result in SEC paying damages to more than one claimant for the same alleged overcharge, they are barred because such multiple liability would violate rights guaranteed to SEC by the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

25.   Plaintiffs' claims and those of the putative class are barred in whole or in part by the direct-purchaser requirement of *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977).

26.   Plaintiffs' claims are barred, in whole or in part, because the alleged injury is indirect and too remote.

27.   Plaintiffs' alleged damages and those of the putative class, if any, resulted from the acts or omissions of third parties over whom SEC had no control.  The acts of such third parties constitute intervening or superseding causes of the harm, if any, suffered by Plaintiffs and members of the putative class.

28.   The Amended Complaint fails to allege sufficiently or otherwise properly define any market for the purpose of asserting a claim against SEC.

1    29.    To the extent any actionable conduct occurred, Plaintiffs' claims and those of the

2           putative class are barred to the extent that such conduct was committed by any

3           individual acting ultra vires.

4    30.    To the extent any actionable conduct occurred, it occurred by entities independent

5           from and not controlled by SEC.

6    31.    The relief sought by Plaintiffs is barred, in whole or in part, because any injury or

7           damage alleged in the Amended Complaint was not incurred by or passed on to

8           Plaintiffs, or was incurred by or passed on to persons or entities other than

9           Plaintiffs.

10   32.    The relief sought by Plaintiffs is barred, in whole or in part, because any injury or

11          damage alleged in the Amended Complaint, which SEC specifically denies, was

12          passed on to persons or entities other than the Plaintiffs and/or was passed on by

13          Plaintiffs to other parties.

14   33.    Without admitting that Plaintiffs are entitled to recover damages in this matter,

15          SEC is entitled to set off from any recovery Plaintiffs may obtain against SEC, any

16          amount paid to Plaintiffs by any other Defendants who have settled, or do settle,

17          Plaintiffs' claims in this matter.

18   34.    To the extent Plaintiffs purport to seek relief on behalf of purported class members

19          who have not suffered any damages, the Amended Complaint and each of its

20          claims for relief therein violates SEC's rights to due process under the United

21          States Constitution.

22   35.    Plaintiffs have failed to state a claim for injunctive relief insofar as Plaintiffs seek

23          to enjoin alleged events that already have transpired without the requisite showing

24          of threatened harm or continuing harm.

25   36.    Plaintiffs have failed to plead fraudulent concealment with the requisite specificity.

26   37.    SEC adopts by reference any applicable defenses heretofore or subsequently

27          pleaded by any other defendant not expressly set forth herein.

28   38.    SEC reserves the right to assert other defenses as discovery proceeds.

1          WHEREFORE, SEC prays that the Court determine and adjudge:

2          (a) That this suit cannot be maintained as a class action;

3          (b) That the Amended Complaint be dismissed with prejudice;

4          (c) That judgment be entered in favor of SEC and against Plaintiffs with respect to all

5     causes of action in the Amended Complaint;

6          (d) That Plaintiffs take nothing by the Amended Complaint;

7          (e) That SEC be awarded its costs, disbursements and attorney's fees and expenses

8     incurred herein; and

9          (f) That SEC be awarded such other and further relief as the Court may deem proper.

1

Dated: January 26, 2011

2

By:   __/s/ Ian Simmons_____
IAN SIMMONS (*pro hac vice*)
Email: isimmons@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, D.C. 20006
Telephone:  (202) 383-5300
Facsimile:  (202) 383-5414

3

4

5

6

7

BENJAMIN G. BRADSHAW (SBN 189925)
Email: bbradshaw@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye St. NW
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

8

9

10

11

12

***Attorneys for Defendant Samsung Electronics Co., Ltd.***

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2011, I electronically filed Samsung Electronics Co. Ltd.'s Answer to the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

_/s/ Ian Simmons_____ _____
Ian Simmons