GREGORY D. HULL (57367)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
Email: greg.hull@weil.com

STEVEN A. REISS (*Admitted Pro Hac Vice*)
DAVID L. YOHAI (*Admitted Pro Hac Vice*)
DAVID YOLKUT (*Admitted Pro Hac Vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email: steven.reiss@weil.com

JEFFREY L. KESSLER (*Admitted Pro Hac Vice*)
A. PAUL VICTOR (*Admitted Pro Hac Vice*)
EVA W. COLE (*Admitted Pro Hac Vice*)
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-7013
Email: jkessler@dl.com

*Attorneys for Defendant Panasonic Corporation of North America*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In Re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>INDIRECT PURCHASER ACTION. | No.:  M-07-5944 SC—MDL NO. 1917<br><br>**DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT** |

Defendant PANASONIC CORPORATION OF NORTH AMERICA ("PNA"), by and through its attorneys, answers the allegations set forth in the Indirect Purchaser Plaintiffs' Third Consolidated Amended Complaint (the "Complaint") filed by plaintiffs ("Plaintiffs"), and alleges additional or affirmative defenses as follows. To the extent not specifically admitted herein, all allegations of the Complaint are denied. Furthermore, the section headings included herein are included only for purposes of clarity and organization, and PNA does not admit, but rather hereby specifically denies, any factual or legal allegations in the headings used in the Complaint.

PNA responds to the Complaint in accordance with Judge Samuel Conti's October 27, 2010 Stipulation and Order Modifying and Adopting Special Master's Report, Recommendations and Tentative Rulings Regarding Defendants' Joint Motion To Dismiss the Second Consolidated Amended Complaint of the Indirect Purchaser Plaintiffs (the "October 27, 2010 Stipulation and Order"), in which the Court, among other things, adopted the following rulings of the Special Master, as modified: (a) dismissing with prejudice the allegations of the Second Consolidated Amended Complaint ("SCAC") under the statutes and common law of the states of Arkansas, Illinois, Maine and Montana (but allowing Plaintiffs to file a Third Consolidated Amended Complaint naming plaintiffs in those states claiming injury under Illinois or Maine law); (b) dismissing with prejudice the unjust enrichment claims of the SCAC under the laws of Hawaii, Massachusetts, Minnesota, Mississippi, Nebraska, Nevada, New York, North Carolina, Tennessee, Vermont, West Virginia, and Wisconsin; and (c) dismissing with prejudice the claims of the SCAC under the Massachusetts consumer protection statute. The October 27, 2010 Stipulation and Order allowed Plaintiffs only the following amendments in connection with this Complaint: (a) amendments naming plaintiffs in Illinois or Maine claiming injury under Illinois or Maine law; (b) amendments adding or dropping named plaintiffs with respect to claims and states already at issue (i.e., no new claims or states); and (c) amendments to conform to the Special Master's Report and the October 27, 2010 Stipulation and Order.

I.   "INTRODUCTION"

1.    PNA denies the allegations contained in Paragraph 1 of the Complaint in their entirety, except admits that Plaintiffs purport to bring this action on behalf of certain individuals and entities.

2.    PNA denies the allegations contained in Paragraph 2 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

3.    PNA denies the allegations contained in Paragraph 3 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

4.    PNA denies the allegations contained in Paragraph 4 of the Complaint, except admits that an alleged conspiracy concerning cathode ray tubes ("CRTs") is being investigated by the United States Department of Justice ("DOJ"), and by certain other international competition authorities, and that it has been publicly reported that Mr. C.Y. Lin has been indicted in connection with the DOJ investigation.

II.   "JURISDICTION AND VENUE"

5.    PNA denies the allegations contained in Paragraph 5 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the federal and state statutes identified therein and seek the relief sought therein.

6.    PNA denies the allegations contained in Paragraph 6 of the Complaint, except admits that Plaintiffs purport to base subject matter jurisdiction on the federal statutes identified therein.

7.    PNA denies the allegations contained in Paragraph 7 of the Complaint, except admits that Plaintiffs purport to base subject matter jurisdiction on the federal statutes identified therein.

8.    PNA denies the allegations contained in Paragraph 8 of the Complaint in

their entirety as they relate to PNA, except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

9.    PNA denies the allegations contained in Paragraph 9 of the Complaint in their entirety as they relate to PNA, except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

10.    The allegations of Paragraph 10 and each of its subparts regarding jurisdiction constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations and each of its subparts as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

11.    PNA denies the allegations contained in Paragraph 11 of the Complaint in their entirety as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

12.    PNA denies the allegations contained in Paragraph 12 of the Complaint in their entirety as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

III.    "DEFINITIONS"

13.    The allegations in Paragraph 13 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA denies all of the allegations, except admits that CRTs are one type of display technology which can be used in televisions, computer monitors and certain other specialized applications.

14.    The allegations in Paragraph 14 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA denies all of the allegations, except

No. M-07-5944 SC
MDL NO. 1917                                    4                    Defendant Panasonic Corporation of North America's
                                                                    Answer to the IP-TCAC

admits that color display tubes ("CDTs") can be used in computer monitors and certain other specialized applications, and admits that color picture tubes ("CPTs") can be used in televisions. PNA admits that Plaintiffs purport to define both CDTs and CPTs as "CRTs."

15.     The allegations in Paragraph 15 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA denies all of the allegations, except admits that Plaintiffs purport to define "CRT Products" to include "CRTs . . . and products containing CRTs," but PNA denies the propriety of any such definition, and avers that such a definition is overbroad, vague and nonsensical.

16.     The allegations in Paragraph 16 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA denies all of the allegations, except admits that Plaintiffs purport to refer to the time period "March 1, 1995 through at least November 25, 2007" as the "Class Period," but PNA denies the propriety of any such reference, and further denies that there is a properly certified class.

17.     The allegations in Paragraph 17 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA admits that Plaintiffs purport to define the term "Person" to mean "any individual, partnership, corporation, association, or other business or legal entity."

18.     The allegations in Paragraph 18 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA admits that Plaintiffs purport to define the term "OEM" to mean "any Original Equipment Manufacturer of CRT Products."

IV.     "PLAINTIFFS"

19.     PNA denies the allegations contained in Paragraph 19 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

No. M-07-5944 SC
MDL NO. 1917                                             5                          Defendant Panasonic Corporation of North America's
                                                                                                  Answer to the IP-TCAC

20.     PNA denies the allegations contained in Paragraph 20 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

21.     PNA denies the allegations contained in Paragraph 21 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

22.     PNA denies the allegations contained in Paragraph 22 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

23.     PNA denies the allegations contained in Paragraph 23 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

24.     PNA denies the allegations contained in Paragraph 24 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

25.     PNA denies the allegations contained in Paragraph 25 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

26.     PNA denies the allegations contained in Paragraph 26 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

27.     PNA denies the allegations contained in Paragraph 27 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

28.     PNA denies the allegations contained in Paragraph 28 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

29.     PNA denies the allegations contained in Paragraph 29 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

30.     PNA denies the allegations contained in Paragraph 30 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

31.     PNA denies the allegations contained in Paragraph 31 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

32.     PNA denies the allegations contained in Paragraph 32 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

33.     PNA denies the allegations contained in Paragraph 33 of the Complaint for

lack of knowledge or information sufficient to form a belief as to the truth thereof.

34.     PNA denies the allegations contained in Paragraph 34 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

35.     PNA denies the allegations contained in Paragraph 35 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

36.     PNA denies the allegations contained in Paragraph 36 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

37.     PNA denies the allegations contained in Paragraph 37 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

38.     PNA denies the allegations contained in Paragraph 38 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

39.     PNA denies the allegations contained in Paragraph 39 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

40.     PNA denies the allegations contained in Paragraph 40 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

41.     PNA denies the allegations contained in Paragraph 41 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

42.     PNA denies the allegations contained in Paragraph 42 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

43.     PNA denies the allegations contained in Paragraph 43 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

44.     PNA denies the allegations contained in Paragraph 44 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

45.     PNA denies the allegations contained in Paragraph 45 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

46.     PNA denies the allegations contained in Paragraph 46 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

47.     PNA denies the allegations contained in Paragraph 47 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

48.     PNA denies the allegations contained in Paragraph 48 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

49.     PNA denies the allegations contained in Paragraph 49 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

50.     PNA denies the allegations contained in Paragraph 50 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## V.     "DEFENDANTS"

## LG ELECTRONICS ENTITIES

51.     PNA denies the allegations contained in Paragraph 51 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

52.     PNA denies the allegations contained in Paragraph 52 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

53.     PNA denies the allegations contained in Paragraph 53 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

54.     PNA admits that Plaintiffs purport to refer to the entities identified in Paragraph 54 of the Complaint collectively as "LG."

## PHILIPS ENTITIES

55.     PNA denies the allegations contained in Paragraph 55 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

56.     PNA denies the allegations contained in Paragraph 56 of the Complaint in

No. M-07-5944 SC
MDL NO. 1917                                    8                  Defendant Panasonic Corporation of North America's
Answer to the IP-TCAC

their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

57.    PNA denies the allegations contained in Paragraph 57 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

58.    PNA denies the allegations contained in Paragraph 58 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

59.    PNA admits that Plaintiffs purport to refer to the entities identified in Paragraph 59 of the Complaint collectively as "Philips."

**LP DISPLAYS**

60.    PNA denies the allegations contained in Paragraph 60 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**SAMSUNG ENTITIES**

61.    PNA denies the allegations contained in Paragraph 61 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

62.    PNA denies the allegations contained in Paragraph 62 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

63.    PNA denies the allegations contained in Paragraph 63 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

64.    PNA denies the allegations contained in Paragraph 64 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

No. M-07-5944 SC
MDL NO. 1917                                        9                    Defendant Panasonic Corporation of North America's
Answer to the IP-TCAC

thereof.

65.     PNA denies the allegations contained in Paragraph 65 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

66.     PNA denies the allegations contained in Paragraph 66 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

67.     PNA denies the allegations contained in Paragraph 67 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

68.     PNA denies the allegations contained in Paragraph 68 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

69.     PNA denies the allegations contained in Paragraph 69 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

70.     PNA admits that Plaintiffs purport to refer to the entities identified in Paragraph 70 of the Complaint collectively as "Samsung."

**TOSHIBA ENTITIES**

71.     PNA denies the allegations contained in Paragraph 71 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Panasonic entered into a joint venture with Toshiba Corporation ("Toshiba") in 2003 to form MT Picture Display Co., Ltd. ("MTPD").

72.     PNA denies the allegations contained in Paragraph 72 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

73.     PNA denies the allegations contained in Paragraph 73 of the Complaint in

their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

74.     PNA denies the allegations contained in Paragraph 74 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

75.     PNA denies the allegations contained in Paragraph 75 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

76.     PNA denies the allegations contained in Paragraph 76 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Toshiba Display Devices (Thailand) Company, Ltd. ("TDDT") was transferred to MTPD in 2003 and changed its name to MT Picture Display (Thailand) Co., Ltd. ("MTPDT"), but denies that MTPDT was a wholly-owned subsidiary of MTPD.  PNA further avers that MTPDT passed a resolution of dissolution on May 13, 2009, and is now dissolved.

77.     PNA denies the allegations contained in Paragraph 77 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that P.T. Tosummit Electronic Devices Indonesia ("TEDI") was transferred to MTPD in 2003, and its name changed to PT.MT Picture Display Indonesia.  PNA further avers that PT.MT Picture Display Indonesia discontinued its production on September 13, 2007, and was dissolved on September 28, 2007.

78.     PNA admits that Plaintiffs purport to refer to the entities identified in Paragraph 78 of the Complaint collectively as "Toshiba."

**PANASONIC ENTITIES**

79.     PNA denies the allegations contained in Paragraph 79 of the Complaint in their entirety, except admits that Panasonic Corporation is a Japanese entity with an office in Osaka, Japan at the address listed in Paragraph 79, and that it was known as Matsushita Electric Industrial Co., Ltd. ("MEI") prior to October 1, 2008.  PNA further admits that Panasonic

No. M-07-5944 SC
MDL NO. 1917                                                                     11                          Defendant Panasonic Corporation of North America's
                                                                                                                          Answer to the IP-TCAC

Corporation held 64.5% of MTPD at the time when MTPD was formed in 2003.  PNA further admits that Panasonic Corporation acquired Toshiba's 35.5% interest in MTPD, but avers that this occurred on March 30, 2007, and not on April 3, 2007.  PNA further admits that Panasonic Corporation or its affiliates sold some products containing CRTs in the United States during the purported Class Period.

80.    PNA denies the allegations contained in Paragraph 80 of the Complaint in their entirety, except admits that PNA is a Delaware corporation with its headquarters in Secaucus, New Jersey, at the address listed in Paragraph 80.  PNA further admits that PNA is a wholly owned subsidiary of Panasonic Corporation.  PNA further admits that it sold CRT televisions in the United States during the purported Class Period.

81.    PNA denies the allegations contained in Paragraph 81 of the Complaint in its entirety, except admits that Matsushita Electronic Corporation (Malaysia) Sdn. Bhd. ("Matsushita Malaysia") was a Malaysian entity that had an office located at the address listed in Paragraph 81 in Shah Alam Malaysia, and was a wholly owned indirect subsidiary of Panasonic Corporation.  PNA further admits that Matsushita Malaysia was transferred to MTPD in 2003, renamed as MT Picture Display (Malaysia) Sdn. Bhd., and operated as a wholly owned subsidiary of MTPD.  PNA avers that Matsushita Malaysia was dissolved on October 8, 2007.  In addition, that dissolved entity was voluntarily dismissed from this case by Plaintiffs on May 15, 2009 ("Notice of Voluntarily Dismissal," Docket No. 457), as recognized by Plaintiffs' counsel in a letter to the Special Master dated January 25, 2010 (Docket No. 596).

82.    PNA admits that Plaintiffs purport to refer to Panasonic Corporation, PNA, and Matsushita Malaysia collectively in the Complaint as "Panasonic."  PNA avers that Matsushita Malaysia is a dissolved entity that was voluntarily dismissed from this case by Plaintiffs on May 15, 2009 ("Notice of Voluntarily Dismissal," Docket No. 457), as recognized by Plaintiffs' counsel in a letter to the Special Master dated January 25, 2010 (Docket No. 596).

83.    PNA denies the allegations contained in Paragraph 83 of the Complaint in their entirety, except admits that MTPD is a Japanese entity with an office which is located at 1-

No. M-07-5944 SC
MDL NO. 1917                                        12                    Defendant Panasonic Corporation of North America's
                                                                          Answer to the IP-TCAC

15, Matsuo-cho, Kadoma-shi, Osaka, 571-8504, Japan..  PNA further admits that MTPD was established in 2003 as a joint venture between Panasonic Corporation and Toshiba.  PNA further admits that MTPD is a wholly-owned subsidiary of Panasonic Corporation, but avers that the purchase of the 35.5% stake in MTPD from Toshiba occurred on March 30, 2007, and not on April 3, 2007.  PNA further admits that MTPD sold CRTs in the United States during the purported Class Period.

84.     PNA denies the allegations contained in Paragraph 84 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Beijing-Matsushita Color CRT, Company, Ltd. ("BMCC") is a Chinese entity with its headquarters in Beijing, China at the address listed in Paragraph 84.  PNA further admits that BMCC is a joint venture formed in 1987, and further admits that MTPD at one time had a 50% equity ownership interest in BMCC.

**HITACHI ENTITIES**

85.     PNA denies the allegations contained in Paragraph 85 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

86.     PNA denies the allegations contained in Paragraph 86 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

87.     PNA denies the allegations contained in Paragraph 87 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

88.     PNA denies the allegations contained in Paragraph 88 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

89.     PNA denies the allegations contained in Paragraph 89 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

No. M-07-5944 SC
MDL NO. 1917                                         13                    Defendant Panasonic Corporation of North America's
                                                                                    Answer to the IP-TCAC

thereof.

90.     PNA denies the allegations contained in Paragraph 90 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

91.     PNA admits that Plaintiffs purport to refer to the entities identified in Paragraph 91 of the Complaint collectively as "Hitachi."

**TATUNG ENTITIES**

92.     PNA denies the allegations contained in Paragraph 92 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**CHUNGHWA ENTITIES**

93.     PNA denies the allegations contained in Paragraph 93 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

94.     PNA denies the allegations contained in Paragraph 94 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

95.     PNA admits that Plaintiffs purport to refer to the entities identified in Paragraph 95 of the Complaint collectively as "Chunghwa."

**IRICO ENTITIES**

96.     PNA denies the allegations contained in Paragraph 96 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

97.     PNA denies the allegations contained in Paragraph 97 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

No. M-07-5944 SC
MDL NO. 1917                                    14                    Defendant Panasonic Corporation of North America's
Answer to the IP-TCAC

98.     PNA denies the allegations contained in Paragraph 98 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

99.     PNA admits that Plaintiffs purport to refer to the entities identified in Paragraph 99 of the Complaint collectively as "IRICO."

**THAI CRT**

100.     PNA denies the allegations contained in Paragraph 100 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**SAMTEL**

101.     PNA denies the allegations contained in Paragraph 101 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**DAEWOO/ORION ENTITIES**

102.     PNA denies the allegations contained in Paragraph 102 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

103.     PNA admits that Plaintiffs purport to refer to the entities identified in Paragraph 103 of the Complaint collectively as "Daewoo."

104.     PNA admits that Plaintiffs purport to refer to all of the above-listed entities collectively in the Complaint as "Defendants."

**VI.     "AGENTS AND CO-CONSPIRATORS"**

105.     The allegations contained in Paragraph 105 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations in their entirety for lack of knowledge or information

No. M-07-5944 SC
MDL NO. 1917                                    15                    Defendant Panasonic Corporation of North America's
Answer to the IP-TCAC

sufficient to form a belief as to the truth thereof.

106.     PNA denies the allegations contained in Paragraph 106 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

107.     PNA denies the allegations contained in Paragraph 107 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## VII.   "INTERSTATE TRADE AND COMMERCE"

108.     PNA denies the allegations contained in Paragraph 108 of the Complaint as they relate to PNA, except admits that it or its affiliates sold CRTs or products containing CRTs in the United States during the purported Class Period, and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

109.     PNA denies the allegations contained in Paragraph 109 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

110.     PNA denies the allegations contained in Paragraph 110 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## VIII.   "FACTUAL ALLEGATIONS"

## A.     "CRT Technology"

111.     The allegations in Paragraph 111 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  PNA admits that CRT technology was used in making tubes for televisions in the 1990's, but otherwise denies the allegations in their entirety for lack of knowledge or information

No. M-07-5944 SC
MDL NO. 1917                                    16                    Defendant Panasonic Corporation of North America's
                                                                      Answer to the IP-TCAC

sufficient to form a belief as to the truth thereof.

112.    The allegations in Paragraph 112 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  PNA admits that the CRT is a specialized vacuum tube in which images are produced when an electron beam strikes a phosphorescent surface, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

113.    The allegations in Paragraph 113 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  PNA admits that a lower quality CRT produces a poor display, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

114.    The allegations in Paragraph 114 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  PNA admits that CRTs were the dominant display technology during the 1990s, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

B.    "Structural Characteristics of the CRT Market"

115.    PNA denies the allegations contained in Paragraph 115 of the Complaint.

a.    "Market Concentration"

116.    PNA denies the allegations contained in Paragraph 116 of the Complaint.

b.    "Information Sharing"

117.    PNA denies the allegations contained in Paragraph 117 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

118.    PNA denies the allegations contained in Paragraph 118 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

No. M-07-5944 SC
MDL NO. 1917
17
Defendant Panasonic Corporation of North America's
Answer to the IP-TCAC

thereof.

### c.   "Consolidation"

119.   PNA denies the allegations contained in Paragraph 119 of the Complaint, except admits that a 2003 merger between Toshiba and Panasonic's CRT businesses resulted in the creation of MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

120.   PNA denies the allegations contained in Paragraph 120 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### d.   "Multiple Interrelated Business Relationships"

121.   PNA denies the allegations contained in Paragraph 121 of the Complaint.

122.   PNA denies the allegations contained in Paragraph 122, and its subparts, for lack of knowledge or information sufficient to form a belief as to the truth thereof, with the exception that Toshiba and Panasonic formed a CRT joint venture, MTPD, in 2003, and that Toshiba and Panasonic formed a joint venture to manufacture TFT-LCD panels.

### e.   "High Costs Of Entry Into The Industry"

123.   PNA denies the allegations contained in Paragraph 123 of the Complaint.

### f.   "The Maturity Of The CRT Product Market"

124.   PNA denies the allegations contained in Paragraph 124 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that the CRT market is mature.

125.   PNA denies the allegations contained in Paragraph 125 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

126.   PNA denies the allegations contained in Paragraph 126 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

No. M-07-5944 SC
MDL NO. 1917                                            18                    Defendant Panasonic Corporation of North America's
Answer to the IP-TCAC

127.     PNA denies the allegations contained in Paragraph 127 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

128.     PNA denies the allegations contained in Paragraph 128 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

129.     PNA denies the allegations contained in Paragraph 129 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**g.     "Homogeneity Of CRT Products"**

130.     PNA denies the allegations contained in Paragraph 130 of the Complaint.

131.     PNA denies the allegations contained in Paragraph 131 of the Complaint.

**C.     "Pre-Conspiracy Market"**

132.     PNA denies the allegations contained in Paragraph 132 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

133.     PNA denies the allegations contained in Paragraph 133 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**D.     "Defendants' And Co-Conspirators' Illegal Agreements"**

134.     PNA denies the allegations contained in Paragraph 134 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

135.     PNA denies the allegations contained in Paragraph 135 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

136.     PNA denies the allegations contained in Paragraph 136 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

137.     PNA denies the allegations contained in Paragraph 137 of the Complaint as

they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

138.    PNA denies the allegations contained in Paragraph 138 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### a.    "Glass Meetings"

139.    PNA denies the allegations contained in Paragraph 139 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

140.    PNA denies the allegations contained in Paragraph 140 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

141.    PNA denies the allegations contained in Paragraph 141 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

142.    PNA denies the allegations contained in Paragraph 142 of the Complaint and each of its subparts as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

143.    PNA denies the allegations contained in Paragraph 143 of the Complaint in their entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

144.    PNA denies the allegations contained in Paragraph 144 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

145.    PNA denies the allegations contained in Paragraph 145 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

146.    PNA denies the allegations contained in Paragraph 146 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

147.    PNA denies the allegations contained in Paragraph 147 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

148.    PNA denies the allegations contained in Paragraph 148 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

149.    PNA denies the allegations contained in Paragraph 149 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

150.    PNA denies the allegations contained in Paragraph 150 of the Complaint and each of its subparts as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

151.    PNA denies the allegations contained in Paragraph 151 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

152.    PNA denies the allegations contained in Paragraph 152 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

b.      "Bilateral Discussions"

153.    PNA denies the allegations contained in Paragraph 153 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

154.    PNA denies the allegations contained in Paragraph 154 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

No. M-07-5944 SC
MDL NO. 1917                                    21                    Defendant Panasonic Corporation of North America's
                                                                     Answer to the IP-TCAC

155.    PNA denies the allegations contained in Paragraph 155 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

156.    PNA denies the allegations contained in Paragraph 156 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

157.    PNA denies the allegations contained in Paragraph 157 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

158.    PNA denies the allegations contained in Paragraph 158 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

c.    **"Defendants' and Co-Conspirators' Participation In Group And Bilateral Discussions"**

159.    PNA denies the allegations contained in Paragraph 159 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

160.    PNA denies the allegations contained in Paragraph 160 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

161.    PNA denies the allegations contained in Paragraph 161 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

162.    PNA denies the allegations contained in Paragraph 162 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

163.    PNA denies the allegations contained in Paragraph 163 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information

sufficient to form a belief as to the truth thereof.

164.    PNA denies the allegations contained in Paragraph 164 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

165.    PNA denies the allegations contained in Paragraph 165 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

166.    PNA denies the allegations contained in Paragraph 166 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

167.    PNA denies the allegations contained in Paragraph 167 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

168.    PNA denies the allegations contained in Paragraph 168 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

169.    PNA denies the allegations contained in Paragraph 169 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

170.    PNA denies the allegations contained in Paragraph 170 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

171.    PNA denies the allegations contained in Paragraph 171 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

172.    PNA denies the allegations contained in Paragraph 172 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information

No. M-07-5944 SC
MDL NO. 1917                                23                    Defendant Panasonic Corporation of North America's
                                                                  Answer to the IP-TCAC

1   sufficient to form a belief as to the truth thereof.

2          173.    PNA denies the allegations contained in Paragraph 173 of the Complaint in

3   their entirety.

4          174.    PNA denies the allegations contained in Paragraph 174 of the Complaint in

5   their entirety.

6          175.    PNA denies the allegations contained in Paragraph 175 of the Complaint in

7   their entirety.

8          176.    PNA denies the allegations contained in Paragraph 176 of the Complaint as

9   they relate to PNA and denies the remaining allegations for lack of knowledge or information

10  sufficient to form a belief as to the truth thereof.

11         177.    PNA denies the allegations contained in Paragraph 177 of the Complaint as

12  they relate to PNA and denies the remaining allegations for lack of knowledge or information

13  sufficient to form a belief as to the truth thereof.

14         178.    PNA denies the allegations contained in Paragraph 178 of the Complaint as

15  they relate to PNA and denies the remaining allegations for lack of knowledge or information

16  sufficient to form a belief as to the truth thereof.

17         179.    PNA denies the allegations contained in Paragraph 179 of the Complaint as

18  they relate to PNA and denies the remaining allegations for lack of knowledge or information

19  sufficient to form a belief as to the truth thereof.

20         180.    PNA denies the allegations contained in Paragraph 180 of the Complaint as

21  they relate to PNA and denies the remaining allegations for lack of knowledge or information

22  sufficient to form a belief as to the truth thereof.

23  **E.     "The CRT Market During the Conspiracy"**

24

25         181.    PNA denies the allegations contained in Paragraph 181 of the Complaint in

26  their entirety for lack of knowledge or information sufficient to form a belief as to the truth

27  thereof.

28         182.    PNA denies the allegations contained in Paragraph 182 of the Complaint in

No. M-07-5944 SC
MDL NO. 1917                                    24                    Defendant Panasonic Corporation of North America's
                                                                                    Answer to the IP-TCAC

their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

183.    PNA denies the allegations contained in Paragraph 183 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

184.    PNA denies the allegations contained in Paragraph 184 of the Complaint in their entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

185.    PNA denies the allegations contained in Paragraph 185 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

186.    PNA denies the allegations contained in Paragraph 186 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

187.    PNA denies the allegations contained in Paragraph 187 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

188.    PNA denies the allegations contained in Paragraph 188 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

189.    PNA denies the allegations contained in Paragraph 189 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

190.    PNA denies the allegations contained in Paragraph 190 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

191.    PNA denies the allegations contained in Paragraph 191 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information

No. M-07-5944 SC
MDL NO. 1917                                        25                    Defendant Panasonic Corporation of North America's
                                                                          Answer to the IP-TCAC

sufficient to form a belief as to the truth thereof.

192.    PNA denies the allegations contained in Paragraph 192 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

193.    PNA denies the allegations contained in Paragraph 193 in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

194.    PNA denies the allegations contained in Paragraph 194 in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

F.    "International Government Antitrust Investigations"

195.    PNA denies the allegations contained in Paragraph 195 of the Complaint, except admits that in November of 2007, the DOJ and certain other international competition authorities commenced investigations concerning an alleged conspiracy involving CRTs.

196.    PNA denies the allegations contained in Paragraph 196 for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around November 8, 2007, certain offices of Panasonic-affiliated entities were the subject of investigation by antitrust authorities.

197.    PNA admits that on or around February 10, 2009, the DOJ issued a press release concerning the indictment of an executive of Defendant Chunghwa Picture Tubes, Ltd., and respectfully refers the Court to that document for a review of its contents.

198.    PNA admits that MTPD's offices were visited by Japan's Fair Trade Commission.

199.    PNA denies the allegations contained in Paragraph 199 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

200.    PNA denies the allegations contained in Paragraph 200 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

201.    PNA denies the allegations contained in Paragraph 201 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

No. M-07-5944 SC
MDL NO. 1917                                    26                    Defendant Panasonic Corporation of North America's
                                                                     Answer to the IP-TCAC

202. PNA denies the allegations contained in Paragraph 202 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

203. PNA denies the allegations contained in Paragraph 203 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

204. PNA denies the allegations contained in Paragraph 204 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

205. PNA denies the allegations contained in Paragraph 205 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that the Hungarian Competition Authority initiated a competition supervision proceeding in connection with an alleged conspiracy in the Hungarian market involving CRTs.

206. PNA denies the allegations contained in Paragraph 206 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

207. PNA denies the allegations contained in Paragraph 207 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

208. PNA denies the allegations contained in Paragraph 208 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

209. PNA denies the allegations contained in Paragraph 209 of the Complaint, except admits that an alleged conspiracy concerning the TFT-LCD market is being investigated by the DOJ, and by certain other international competition authorities, and that this investigation was revealed on or around December 2006. PNA further avers that it is not a subject of these investigations.

210. PNA denies the allegations contained in Paragraph 210 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

211. PNA denies the allegations contained in Paragraph 211 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

No. M-07-5944 SC
MDL NO. 1917
27
Defendant Panasonic Corporation of North America's
Answer to the IP-TCAC

212. PNA denies the allegations contained in Paragraph 212 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

213. PNA denies the allegations contained in Paragraph 213 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## IX.   "THE PASS-THROUGH OF OVERCHARGES TO CONSUMERS"

214. PNA denies the allegations contained in Paragraph 214 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

215. PNA denies the allegations contained in Paragraph 215 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

216. PNA denies the allegations contained in Paragraph 216 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

217. PNA denies the allegations contained in Paragraph 217 of the Complaint.

218. PNA denies the allegations contained in Paragraph 218 of the Complaint.

219. PNA denies the allegations contained in Paragraph 219 of the Complaint as they relate to PNA, except admits that computer and TV OEMs and retailers of CRT products are all subject to vigorous price competition, whether selling CRT TVs or computer monitors, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

220. PNA denies the allegations contained in Paragraph 220 of the Complaint.

221. PNA admits that the CRT, when used, is a significant component in computer monitors and television, but otherwise denies the allegations contained in Paragraph 221 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

222. PNA denies the allegations contained in Paragraph 222 of the Complaint.

223. PNA denies the allegations contained in Paragraph 223 of the Complaint

for lack of knowledge or information sufficient to form a belief as to the truth thereof.

224.    PNA denies the allegations contained in Paragraph 224 of the Complaint.

225.    PNA denies the allegations contained in Paragraph 225 of the Complaint.

226.    PNA admits that Plaintiff refers to an excerpt from Herbert Hovenkamp's treatise, FEDERAL ANTITRUST POLICY, THE LAW OF COMPETITION AND ITS PRACTICE (1994) at 624, but otherwise denies the allegations contained in Paragraph 226 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

227.    PNA denies the allegations contained in Paragraph 227 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

228.    PNA denies the allegations contained in Paragraph 228 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

229.    PNA denies the allegations contained in Paragraph 229 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

230.    PNA denies the allegations contained in Paragraph 230 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admit that certain Panasonic-related entities have in the past manufactured CRT televisions and CRT computer monitors.

231.    PNA denies the allegations contained in Paragraph 231 of the Complaint.

X.    "CLASS ACTION ALLEGATIONS"

232.    The allegations in Paragraph 232 of the Complaint include conclusions of law to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations, except admits that Plaintiffs purport to bring this action on behalf of themselves and as a putative class action on behalf of a plaintiff class, which Plaintiffs refer to as a "Nationwide Class," pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure.

233.    The allegations in Paragraph 233 of the Complaint include conclusions of

No. M-07-5944 SC
MDL NO. 1917                                                    29                          Defendant Panasonic Corporation of North America's
Answer to the IP-TCAC

law to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations, except admits that Plaintiffs purport to bring this action on behalf of themselves and as a putative class action on behalf of residents of various states, which Plaintiffs refer to as the "Indirect Purchaser State Classes," pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure and/or various state statutes.

234.    The allegations in Paragraph 234 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations, except admit that Plaintiffs purport to define "each of the Indirect Purchaser State Classes" as set forth in Paragraph 234 of the Complaint.

235.    PNA denies each and every allegation of Paragraph 235 and its subparts. PNA specifically denies that Plaintiffs have suffered any injury or damages as a result of any alleged conduct by PNA, or that they have sufficiently stated any claims for relief against PNA.

## XI.    "VIOLATIONS ALLEGED"

### A.    "First Claim for Relief:  Violation of Section 1 of the Sherman Act"

236.    PNA incorporates and realleges its responses to Paragraphs 1-235 above, as if fully set forth herein.

237.    PNA denies the allegations contained in Paragraph 237 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

238.    PNA denies the allegations contained in Paragraph 238 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

239.    PNA denies the allegations contained in Paragraph 239 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

240.     PNA denies the allegations contained in Paragraph 240 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

241.     PNA denies the allegations contained in Paragraph 241 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

242.     PNA denies the allegations contained in Paragraph 242 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

243.     PNA denies the allegations contained in Paragraph 243 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

244.     PNA denies the allegations contained in Paragraph 244 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

245.     PNA denies the allegations contained in Paragraph 245 of the Complaint, except admit that Plaintiffs purport to bring this action pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26, and seek the relief sought therein.

**B.     "Second Claim for Relief:  Violation of State Antitrust Statutes"**

246.     PNA denies the allegations contained in Paragraph 246 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

247.     PNA denies the allegations contained in Paragraph 247 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

248.     PNA denies the allegations contained in Paragraph 248 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of

No. M-07-5944 SC
MDL NO. 1917
31
Defendant Panasonic Corporation of North America's
Answer to the IP-TCAC

knowledge or information sufficient to form a belief as to the truth thereof.

249. PNA denies the allegations contained in Paragraph 249 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

250. PNA denies the allegations contained in Paragraph 250 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

251. PNA denies the allegations contained in Paragraph 251 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

252. PNA denies the allegations contained in Paragraph 252 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

253. PNA denies the allegations contained in Paragraph 253 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

254. PNA denies the allegations contained in Paragraph 254 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

255. PNA denies the allegations contained in Paragraph 255 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

256. PNA denies the allegations contained in Paragraph 256 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

257. PNA denies the allegations contained in Paragraph 257 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of

knowledge or information sufficient to form a belief as to the truth thereof.

258.     PNA denies the allegations contained in Paragraph 258 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  Further, the Order of the Court Approving and Adopting Special Master's Report, Recommendations, and Tentative Rulings Regarding Defendants' Motion to Dismiss the First Consolidated Amended Complaint, dated March 30, 2010 (the "March 30, 2010 Order"), dismissed claims under Nebraska's antitrust laws, Nebraska Rev. Stat. § 59-801 *et. seq.*, based on sales made prior to July 20, 2002.

259.     PNA denies the allegations contained in Paragraph 259 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  Further, the March 30, 2010 Order dismissed claims under Nevada's antitrust laws, Nevada Rev. Stat. Ann. §§ 598A *et. seq.*, based on sales made prior to the 1999 date of Nevada's repealer statute.

260.     PNA denies the allegations contained in Paragraph 260 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

261.     PNA denies the allegations contained in Paragraph 261 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

262.     PNA denies the allegations contained in Paragraph 262 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

263.     PNA denies the allegations contained in Paragraph 263 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

264.     PNA denies the allegations contained in Paragraph 264 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of

No. M-07-5944 SC
MDL NO. 1917                                        33                      Defendant Panasonic Corporation of North America's
                                                                                          Answer to the IP-TCAC

knowledge or information sufficient to form a belief as to the truth thereof.

265.    PNA denies the allegations contained in Paragraph 265 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

266.    PNA denies the allegations contained in Paragraph 266 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

267.    PNA denies the allegations contained in Paragraph 267 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

268.    PNA denies the allegations contained in Paragraph 268 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**C.**    **"Third Claim or Relief:  Violation of State Consumer Protection and Unfair Competition Statutes"**

269.    PNA incorporates and realleges its responses to Paragraphs 1-268 above, as if fully set forth herein.

270.    PNA denies the allegations contained in Paragraph 270 of the Complaint, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

271.    PNA denies the allegations contained in Paragraph 271 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

272.    PNA denies the allegations contained in Paragraph 272 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

273.    PNA denies the allegations contained in Paragraph 273 of the Complaint,

No. M-07-5944 SC
MDL NO. 1917                                                  34                          Defendant Panasonic Corporation of North America's
Answer to the IP-TCAC

including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

274.    PNA denies the allegations contained in Paragraph 274 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

275.    PNA denies the allegations contained in Paragraph 275 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

276.    PNA denies the allegations contained in Paragraph 276 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

277.    PNA denies the allegations contained in Paragraph 277 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

278.    PNA denies the allegations contained in Paragraph 278 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

279.    PNA denies the allegations contained in Paragraph 279 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

D.    "Fourth Claim for Relief:  Unjust Enrichment and Disgorgement of Profits"

280.    PNA incorporates and realleges its responses to Paragraphs 1-279 above, as if fully set forth herein.

281.    PNA denies the allegations contained in Paragraph 281 of the Complaint, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

282.    The allegations contained in Paragraph 282 of the Complaint constitute

conclusions of law to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

283.    PNA admits that Plaintiffs purport to seek the relief stated therein with respect to disgorgement of any alleged profits and the establishment of a collective trust, but otherwise denies the allegations in Paragraph 283 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## XII.    "FRAUDULENT CONCEALMENT"

284.    PNA denies the allegations contained in Paragraph 284 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

285.    PNA denies the allegations contained in Paragraph 285 of the Complaint, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

286.    PNA denies the allegations contained in Paragraph 286 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

287.    PNA admits that Plaintiffs purport to toll the applicable statute of limitations, but otherwise denies the allegations in Paragraph 287 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## XIII.    PRAYER FOR RELIEF

288.    PNA denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of PNA as alleged in the Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in each of the paragraphs and their subparts in the Complaint.

## XIV.   JURY DEMAND

289.     The allegations contained under the heading "Jury Demand" contains no factual assertions for which a response is required.  To the extent that a response is required, PNA denies the allegations contained under the heading "Jury Demand" in their entirety, except admits that Plaintiffs demand a trial by jury.

### DEFENSES

FURTHER, PNA asserts the following defenses and affirmative defenses to the Complaint.  PNA does not concede that it has the burden of proof as to any of the defenses listed below:

### FIRST DEFENSE

(Failure to State a Claim for Relief)

Neither the Indirect Purchaser Plaintiffs' Third Consolidated Amended Complaint nor any claim for relief asserted therein states facts sufficient to constitute a claim for relief against PNA.

### SECOND DEFENSE

(Statute of Limitations)

The relief sought by Plaintiffs is barred, in whole or in part, by the applicable statutes of limitations.

### THIRD DEFENSE

(Actual and Proximate Injury)

The relief sought by Plaintiffs is barred, in whole or in part, because the Plaintiffs were not actually and proximately injured in their business or property by reason of any action(s) or omission(s) of PNA.

### FOURTH DEFENSE

(No Damages)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs and/or certain members of the putative classes have suffered no injury or damages as a result of

the matters alleged in the Complaint.  To the extent that Plaintiffs and/or certain members of the putative classes purportedly suffered injury or damage, which PNA specifically denies, PNA further contends that any such purported injury or damage was not by reason of any act or omission of PNA.

### FIFTH DEFENSE

(No Antitrust Injury)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs and/or certain members of the putative classes have failed to allege "antitrust injury" – *i.e.*, injury that is of the type the antitrust laws were intended to remedy.

### SIXTH DEFENSE

(Speculative Damages)

The relief sought by Plaintiffs is barred, in whole or in part, because the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such alleged damages.

### SEVENTH DEFENSE

(Mitigation)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to take appropriate and necessary steps to mitigate their alleged damages, if any.

### EIGHTH DEFENSE

(Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to allege fraud or fraudulent concealment with sufficient particularity.

### NINTH DEFENSE

(Failure to Plead Conspiracy with Particularity)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to allege conspiracy with sufficient particularity.

No. M-07-5944 SC
MDL NO. 1917
38
Defendant Panasonic Corporation of North America's
Answer to the IP-TCAC

**TENTH DEFENSE**

(Lack of Standing to Sue for Injuries Alleged)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs lack standing to sue for the injuries alleged in the complaint.  To the extent that Plaintiffs or members of the putative classes purchased products containing CRTs, as opposed to CRTs themselves, their alleged injuries are even more speculative, derivative, indirect, and remote.  Plaintiffs' damage claims create an impermissible risk of duplicative recoveries and complex damage apportionment.

**ELEVENTH DEFENSE**

(Lack of Class Status)

Plaintiffs' claims are not properly maintainable as a class action.

**TWELFTH DEFENSE**

(Due Process)

To the extent Plaintiffs' claims would result in PNA paying damages to more than one claimant for the same alleged overcharges to customers, they are barred because such multiple liability would violate rights guaranteed to PNA by the United States Constitution, including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth Amendment, and by applicable state law.

**THIRTEENTH DEFENSE**

(Other/Superseding Causation)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs' damages, if any, resulted from the acts or omissions of third parties over whom PNA had no control or responsibility.  The acts of such third parties constitute intervening or superseding cases of harm, if any, suffered by Plaintiffs.

**FOURTEENTH DEFENSE**

(Waiver and Estoppel)

The relief sought by Plaintiffs is barred, in whole or in part, by the doctrines of

waiver and/or estoppel.

## FIFTEENTH DEFENSE

### (Laches)

The relief sought by Plaintiffs is barred, in whole or in part, by the equitable doctrine of laches.

## SIXTEENTH DEFENSE

### (Unclean Hands)

The relief sought by Plaintiffs is barred, in whole or in part, by the equitable doctrine of unclean hands.

## SEVENTEENTH DEFENSE

### (Unjust Enrichment)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs and/or certain members of the putative classes would be unjustly enriched if they were allowed to recover any part of the damages alleged in the Complaint.

## EIGHTEENTH DEFENSE

### (Adequate Remedy at Law)

The injunctive relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs and/or certain members of the putative classes have available an adequate remedy at law.

## NINETEENTH DEFENSE

### (Comparative Fault)

The relief sought by Plaintiffs is barred, in whole or in part, because any and all injuries alleged in the Complaint, the fact and extent of which PNA specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiffs, certain members of the putative classes, and/or third parties or entities, other than PNA.

**TWENTIETH DEFENSE**

(Acquiescence)

The relief sought by Plaintiffs is barred, in whole or in part, by Plaintiffs' and/or certain members of the putative classes acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to PNA.

**TWENTY-FIRST DEFENSE**

(No Detrimental Reliance)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs did not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

**TWENTY-SECOND DEFENSE**

(Set Off)

Without admitting that Plaintiffs are entitled to recover damages in this matter, PNA is entitled to set off from any recovery Plaintiffs may obtain against PNA, any amount paid to Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

**TWENTY-THIRD DEFENSE**

(Failure to State a Claim for Injunctive Relief)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to state a claim for injunctive relief insofar as Plaintiffs seek to enjoin alleged events that have already transpired without the requisite showing of threatened harm or continuing harm.

**TWENTY-FOURTH DEFENSE**

(Lack of Jurisdiction)

The relief sought by Plaintiffs is barred, in whole or in part, because any alleged conduct of PNA occurred outside of the jurisdiction of the Court.

No. M-07-5944 SC
MDL NO. 1917                        41                   Defendant Panasonic Corporation of North America's
Answer to the IP-TCAC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TWENTY-FIFTH DEFENSE

### (Foreign Trade Antitrust Improvements Act)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to make a single specific allegation to support the claim that the alleged conduct had "a direct, substantial, and reasonably foreseeable effect" on U.S. commerce giving rise to a Sherman Act claim, as required under the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. § 6a.

## TWENTY-SIXTH DEFENSE

### (Foreign Conduct)

Plaintiffs' claims are barred to the extent that they are based on conduct beyond the territorial reach of the laws or courts of the United States.

## TWENTY-SEVENTH DEFENSE

### (Damages Not Passed Through To Plaintiffs)

The relief sought by Plaintiffs is barred, in whole or in part, because any injury or damage alleged in the Complaint was not incurred by or passed on to Plaintiffs, or was incurred by or passed on to persons or entities other than Plaintiffs.

## TWENTY-EIGHTH DEFENSE

### (Damages Passed On)

The relief sought by Plaintiffs is barred, in whole or in part, because any injury or damage alleged in the Complaint, which PNA specifically denies, was passed on to persons or entities other than the Plaintiffs and/or was passed on by Plaintiffs to other parties.

## TWENTY-NINTH DEFENSE

### (No Unreasonable Restraint Of Trade)

The relief sought by Plaintiffs is barred, in whole or in part, because the alleged conduct of PNA did not unreasonably restrain trade.

## THIRTIETH DEFENSE

(Acts Outside The Jurisdiction)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent PNA's alleged conduct occurred outside the jurisdiction of this Court and/or was neither directed to nor affected persons, entities, or commerce in the various States cited.

## THIRTY-FIRST DEFENSE

(Restitution Unmanageable And Inequitable)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent the restitution sought in the Complaint is unmanageable and inequitable.

## THIRTY-SECOND DEFENSE

(Lack of Standing as Indirect Purchasers)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent the various States cited have not repealed the *Illinois Brick* doctrine.

## THIRTY-THIRD DEFENSE

(Unjust Enrichment Claims Barred)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent Plaintiffs have failed to exhaust all remedies against PNA.

## THIRTY-FOURTH DEFENSE

(Not Entitled To Seek Damages)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent Plaintiffs are not entitled to seek damages under the laws of the various States cited.

## THIRTY-FIFTH DEFENSE

(Private Claim Cannot Be Brought In A Representative Capacity)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent a private claim may not be brought in a representative capacity under the laws of the various States cited.

No. M-07-5944 SC
MDL NO. 1917                    43                    Defendant Panasonic Corporation of North America's
Answer to the IP-TCAC

## THIRTY-SIXTH DEFENSE

(Failure to Allege Predicate Acts For Consumer Protection Claims)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent Plaintiffs have failed to allege predicate acts necessary to invoke application of the consumer protection laws of the various States cited.

## THIRTY-SEVENTH DEFENSE

(Goods Not Purchased Primarily For Personal, Family, Or Household Purposes)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent that at least some Plaintiffs did not purchase goods primarily for personal, family, or household purposes.

## THIRTY-EIGHTH DEFENSE

(Independent, Legitimate Business and Economic Justification)

The relief sought by Plaintiffs is barred, in whole or in part, because any conduct engaged in by PNA was reasonable and based on independent, legitimate business and economic justification.

## THIRTY-NINTH DEFENSE

(Improper Taking)

Any award of restitution or monetary recovery pursuant to California Business and Professions §§ 17200, *et seq*. would constitute a taking of property without just compensation in violation of the Takings Clause of the U.S. Constitution and of Article 1, Section 19 of the California Constitution.

## FORTIETH DEFENSE

(Improper Remedy)

To the extent Plaintiffs seeks disgorgement of revenues and profits under the California Business and Professions §§ 17200, *et seq*. beyond any monies Plaintiffs directly paid to PNA, if any, such remedy is not authorized by Section 17200, *et seq*.

No. M-07-5944 SC
MDL NO. 1917
44
Defendant Panasonic Corporation of North America's
Answer to the IP-TCAC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FORTY-FIRST DEFENSE

(Attorneys' Fees)

Any award of attorneys' fees, based upon the conduct alleged in the Complaint, is not allowed under applicable federal or state law.

## INCORPORATION BY REFERENCE AND RESERVATION OF DEFENSES

PNA hereby incorporates by reference, as if set forth fully herein, all other defenses and affirmative defenses to the Complaint alleged by any other defendant.  PNA presently has insufficient knowledge or information on which to form a belief as to whether it may have available additional, as yet unstated, defenses.  PNA reserves the right to assert other defenses and affirmative defenses as this action proceeds, the right to file an amended answer asserting additional defenses or affirmative defenses, and/or file a cross-complaint, in the event that discovery indicates that such pleadings are appropriate.

WHEREFORE, PNA prays for judgment as follows:

1.   That Plaintiffs take nothing under the Complaint, and the Complaint be dismissed with prejudice.

2.   That judgment be entered in favor of PNA and against Plaintiffs on each and every cause of action set forth in the Complaint;

3.   That PNA recover its costs of suit and attorneys' fees incurred herein; and

4.   That PNA be granted such other and further relief as the Court deems just and proper.

Dated: January 26, 2011                    By:    /s/ David L. Yohai

STEVEN A. REISS (*pro hac vice*)
Email: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
Email: david.yohai@weil.com
DAVID E. YOLKUT (*pro hac vice*)
Email: david.yolkut@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue

No. M-07-5944 SC
MDL NO. 1917

45

Defendant Panasonic Corporation of North America's
Answer to the IP-TCAC

1
2

New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

3
4
5
6
7

GREGORY D. HULL (57367)
Email: greg.hull@weil.com
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

8
9
10
11
12
13
14

JEFFREY L. KESSLER (*pro hac vice*)
Email: jkessler@dl.com
A. PAUL VICTOR (*pro hac vice*)
Email: pvictor@dl.com
EVA W. COLE (*pro hac vice*)
Email:  ecole@dl.com
**DEWEY & LEBOEUF LLP**
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-7013

15
16

*Attorneys for Defendant Panasonic Corporation of
North America*

17
18
19
20
21
22
23
24
25
26
27
28

No. M-07-5944 SC
MDL NO. 1917

46

Defendant Panasonic Corporation of North America's
Answer to the IP-TCAC