Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC MDL No. 1917 |
|---|---|
| This Document Relates to: INDIRECT PURCHASER ACTIONS | **TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT** The Honorable Samuel Conti |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

I. **INTRODUCTION**

For its Answer to the Indirect Purchaser Plaintiffs' Third Consolidated Amended Complaint ("IP-TCAC"), Defendant Toshiba America Electronic Components, Inc. ("TAEC") states as follows:

1.      The allegations contained in the first sentence of Paragraph 1 consist of the Plaintiffs' characterization of their case, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations of the first sentence of Paragraph 1.  To the extent that the allegations contained in the second and third sentences of Paragraph 1 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in the second and third sentences of Paragraph 1 are directed to TAEC, TAEC denies these allegations.

2.      To the extent that the allegations contained in Paragraph 2 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 2 are directed to TAEC, TAEC denies these allegations.

3.      To the extent that the allegations contained in Paragraph 3 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 3 are directed to TAEC, TAEC denies these allegations.

4.      TAEC admits the allegations in the first sentence of Paragraph 4, but denies that the referenced competition authorities are investigating a "global conspiracy" covering "CRT Products" for lack of information sufficient to form a belief as to the truth of this allegation. The allegations in the second and third sentences of Paragraph 4 are reflected in the indictment of C.Y. Lin, which is the best evidence of its contents.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## II.  JURISDICTION AND VENUE

5.      The allegations contained in Paragraph 5 consist of the Plaintiffs' characterization of their case, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 5.

6.      The allegations contained in Paragraph 6 are legal conclusions to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 6.

7.      The allegations contained in Paragraph 7 are legal conclusions to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 7.

8.      The allegations contained in Paragraph 8 are legal conclusions to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 8.

9.      TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and, therefore, denies these allegations.

10.     To the extent that the allegations contained in Paragraph 10 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 10 are directed to TAEC, TAEC denies these allegations.

11.     Paragraph 11 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 11 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

12.     Paragraph 12 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 12 may be deemed to require a response from TAEC,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

### III.  DEFINITIONS

13.     TAEC admits the allegations contained in Paragraph 13 of the IP-TCAC.

14.     TAEC denies the allegations contained in Paragraph 14 of the IP-TCAC.

15.     Paragraph 15 consists of defined terms, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 15.

16.     Paragraph 16 consists of defined terms, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 16.

17.     Paragraph 17 consists of defined terms, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 17.

18.     Paragraph 18 consists of defined terms, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 18.

### IV.  PLAINTIFFS

19.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, therefore, denies the allegations.

20.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, therefore, denies the allegations.

21.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, therefore, denies the allegations.

22.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, denies the allegations.

23.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   24.     TAEC lacks knowledge or information sufficient to form a belief as to the
2   truth of the allegations contained in Paragraph 24 and, therefore, denies the allegations.

3   25.     TAEC lacks knowledge or information sufficient to form a belief as to the
4   truth of the allegations contained in Paragraph 25 and, therefore, denies the allegations.

5   26.     TAEC lacks knowledge or information sufficient to form a belief as to the
6   truth of the allegations contained in Paragraph 26 and, therefore, denies the allegations.

7   27.     TAEC lacks knowledge or information sufficient to form a belief as to the
8   truth of the allegations contained in Paragraph 27 and, therefore, denies the allegations.

9   28.     TAEC lacks knowledge or information sufficient to form a belief as to the
10  truth of the allegations contained in Paragraph 28 and, therefore, denies the allegations.

11  29.     TAEC lacks knowledge or information sufficient to form a belief as to the
12  truth of the allegations contained in Paragraph 29 and, therefore, denies the allegations.

13  30.     TAEC lacks knowledge or information sufficient to form a belief as to the
14  truth of the allegations contained in Paragraph 30 and, therefore, denies the allegations.

15  31.     TAEC lacks knowledge or information sufficient to form a belief as to the
16  truth of the allegations contained in Paragraph 31 and, therefore, denies the allegations.

17  32.     TAEC lacks knowledge or information sufficient to form a belief as to the
18  truth of the allegations contained in Paragraph 32 and, therefore, denies the allegations.

19  33.     TAEC lacks knowledge or information sufficient to form a belief as to the
20  truth of the allegations contained in Paragraph 33 and, therefore, denies the allegations.

21  34.     TAEC lacks knowledge or information sufficient to form a belief as to the
22  truth of the allegations contained in Paragraph 34 and, therefore, denies the allegations.

23  35.     TAEC lacks knowledge or information sufficient to form a belief as to the
24  truth of the allegations contained in Paragraph 35 and, therefore, denies the allegations.

25  36.     TAEC lacks knowledge or information sufficient to form a belief as to the
26  truth of the allegations contained in Paragraph 36 and, therefore, denies the allegations.

27  37.     TAEC lacks knowledge or information sufficient to form a belief as to the
28  truth of the allegations contained in Paragraph 37 and, therefore, denies the allegations.

38.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and, therefore, denies the allegations.

39.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and, therefore, denies the allegations.

40.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and, therefore, denies the allegations.

41.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and, therefore, denies the allegations.

42.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and, therefore, denies the allegations.

43.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and, therefore, denies the allegations.

44.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and, therefore, denies the allegations.

45.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and, therefore, denies the allegations.

46.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and, therefore, denies the allegations.

47.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and, therefore, denies the allegations.

48.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and, therefore, denies the allegations.

49.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and, therefore, denies the allegations.

50.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

## V.  DEFENDANTS

2    ### LG Electronics Entities

3    51.    Paragraph 51 relates to another Defendant.  Accordingly, TAEC lacks
4    knowledge or information sufficient to form a belief as to the truth of the allegations
5    contained in Paragraph 51 and, therefore, denies the allegations.

6    52.    Paragraph 52 relates to another Defendant.  Accordingly, TAEC lacks
7    knowledge or information sufficient to form a belief as to the truth of the allegations
8    contained in Paragraph 52 and, therefore, denies the allegations.

9    53.    Paragraph 53 relates to another Defendant.  Accordingly, TAEC lacks
10   knowledge or information sufficient to form a belief as to the truth of the allegations
11   contained in Paragraph 53 and, therefore, denies the allegations.

12   54.    Paragraph 54 consists of Plaintiffs' explanation of a defined term used in the
13   IP-TCAC, to which no response is required.  To the extent that a response is deemed
14   required, TAEC denies the allegations contained in Paragraph 54.

15   ### Philips Entities

16   55.    Paragraph 55 relates to another Defendant.  Accordingly, TAEC lacks
17   knowledge or information sufficient to form a belief as to the truth of the allegations
18   contained in Paragraph 55 and, therefore, denies the allegations.

19   56.    Paragraph 56 relates to another Defendant.  Accordingly, TAEC lacks
20   knowledge or information sufficient to form a belief as to the truth of the allegations
21   contained in Paragraph 56 and, therefore, denies the allegations.

22   57.    Paragraph 57 relates to another Defendant.  Accordingly, TAEC lacks
23   knowledge or information sufficient to form a belief as to the truth of the allegations
24   contained in Paragraph 57 and, therefore, denies the allegations.

25   58.    Paragraph 58 relates to another Defendant.  Accordingly, TAEC lacks
26   knowledge or information sufficient to form a belief as to the truth of the allegations
27   contained in Paragraph 58 and, therefore, denies the allegations.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

59.     Paragraph 59 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 59.

**LP Displays**

60.     Paragraph 60 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 and, therefore, denies the allegations.

**Samsung Entities**

61.     Paragraph 61 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 and, therefore, denies the allegations.

62.     Paragraph 62 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 and, therefore, denies the allegations.

63.     Paragraph 63 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 and, therefore, denies the allegations.

64.     Paragraph 64 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and, therefore, denies the allegations.

65.     Paragraph 65 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 and, therefore, denies the allegations.

66.     Paragraph 66 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

67. Paragraph 67 relates to another Defendant. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and, therefore, denies the allegations.

68. Paragraph 68 relates to another Defendant. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 and, therefore, denies the allegations.

69. Paragraph 69 relates to another Defendant. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 and, therefore, denies the allegations.

70. Paragraph 70 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required. To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 70.

**Toshiba Entities**

71. Paragraph 71 relates to another Defendant. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 and, therefore, denies the allegations, except that TAEC admits the allegations contained in the first sentence of Paragraph 71.

72. Paragraph 72 relates to another Defendant. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 and, therefore, denies the allegations, except that TAEC admits the allegations contained in the first sentence of Paragraph 72.

73. Paragraph 73 relates to another Defendant. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 and, therefore, denies the allegations.

74. Paragraph 74 relates to another Defendant. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 and, therefore, denies the allegations, except that TAEC avers

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

that the business address of Toshiba America Information Systems, Inc. is 9740 Irvine Boulevard, Irvine, CA 92618-1697.

75.     TAEC denies the allegations in Paragraph 75.  TAEC avers that its business address is 19900 MacArthur Boulevard, Suite 400, Irvine, CA 92612 and avers that TAEC is a wholly-owned subsidiary of Toshiba America, Inc.  TAEC also avers that it sold cathode ray tubes and certain electronic devices containing cathode ray tubes during the Claim Period.  TAEC avers that it sold cathode ray tubes and certain electronic devices containing cathode ray tubes during the Class Period.

76.     Paragraph 76 relates to another company.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and, therefore, denies the allegations.

77.     Paragraph 77 relates to another company.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 and, therefore, denies the allegations.

78.     Paragraph 78 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 78.

**Panasonic Entities**

79.     Paragraph 79 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 and, therefore, denies the allegations.

80.     Paragraph 80 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and, therefore, denies the allegations.

81.     Paragraph 81 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

82.     Paragraph 82 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 82.

83.     Paragraph 83 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 and, therefore, denies the allegations.

84.     Paragraph 84 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 and, therefore, denies the allegations.

**Hitachi Entities**

85.     Paragraph 85 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 and, therefore, denies the allegations.

86.     Paragraph 86 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 and, therefore, denies the allegations.

87.     Paragraph 87 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 and, therefore, denies the allegations.

88.     Paragraph 88 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 and, therefore, denies the allegations.

89.     Paragraph 89 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and, therefore, denies the allegations.

90.     Paragraph 90 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1    91.    Paragraph 91 consists of Plaintiffs' explanation of a defined term used in the

2  IP-TCAC, to which no response is required.  To the extent that a response is deemed

3  required, TAEC denies the allegations contained in Paragraph 91.

4  **Tatung**

5    92.    Paragraph 92 relates to another Defendant.  Accordingly, TAEC lacks

6  knowledge or information sufficient to form a belief as to the truth of the allegations

7  contained in Paragraph 92 and, therefore, denies the allegations.

8  **Chunghwa Entities**

9    93.    Paragraph 93 relates to another Defendant.  Accordingly, TAEC lacks

10  knowledge or information sufficient to form a belief as to the truth of the allegations

11  contained in Paragraph 93 and, therefore, denies the allegations.

12    94.    Paragraph 94 relates to another Defendant.  Accordingly, TAEC lacks

13  knowledge or information sufficient to form a belief as to the truth of the allegations

14  contained in Paragraph 94 and, therefore, denies the allegations.

15    95.    Paragraph 95 consists of Plaintiffs' explanation of a defined term used in the

16  IP-TCAC, to which no response is required.  To the extent that a response is deemed

17  required, TAEC denies the allegations contained in Paragraph 95.

18  **IRICO Entities**

19    96.    Paragraph 96 relates to another Defendant.  Accordingly, TAEC lacks

20  knowledge or information sufficient to form a belief as to the truth of the allegations

21  contained in Paragraph 96 and, therefore, denies the allegations.

22    97.    Paragraph 97 relates to another Defendant.  Accordingly, TAEC lacks

23  knowledge or information sufficient to form a belief as to the truth of the allegations

24  contained in Paragraph 97 and, therefore, denies the allegations.

25    98.    Paragraph 98 relates to another Defendant.  Accordingly, TAEC lacks

26  knowledge or information sufficient to form a belief as to the truth of the allegations

27  contained in Paragraph 98 and, therefore, denies the allegations.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

99.      Paragraph 99 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 99.

**Thai CRT**

100.      Paragraph 100 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and, therefore, denies the allegations.

**Samtel**

101.      Paragraph 101 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and, therefore, denies the allegations.

**Daewoo/Orion Entities**

102.      Paragraph 102 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and, therefore, denies the allegations.

103.      Paragraph 103 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 103.

104.      Paragraph 104 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 104.

## VI.  AGENTS AND CO-CONSPIRATORS

105.      TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 and, therefore, denies the allegations.

106.      Paragraph 106 consists of Plaintiffs' characterization of their claim, to which no response is required.  If a response is deemed required, TAEC denies the allegations contained in Paragraph 106.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

107.    Paragraph 107 consists of Plaintiffs' characterization of their claims, to which no response is required.  To the extent that the allegations contained in Paragraph 107 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 107 are directed to TAEC, TAEC denies these allegations.

## VII.  INTERSTATE TRADE AND COMMERCE

108.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 and, therefore, denies the allegations.

109.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 and, therefore, denies the allegations.

110.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 and, therefore, denies the allegations.

## VIII.  FACTUAL ALLEGATIONS

### A.    CRT Technology

111.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 and, therefore, denies the allegations.

112.    TAEC admits the allegations contained in Paragraph 112 of the IP-TCAC.

113.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 and, therefore, denies the allegations.

114.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 and, therefore, denies the allegations.

### B.    Structural Characteristics Of The CRT Market

115.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 and, therefore, denies the allegations.

#### a.    Market Concentration

116.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### b. Information Sharing

117. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 and, therefore, denies the allegations.

118. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 and, therefore, denies the allegations.

### c. Consolidation

119. To the extent that the allegations contained in Paragraph 119 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 119 are directed to TAEC, TAEC denies these allegations, except that TAEC is generally aware that Toshiba Corporation transferred its CRT business to a new entity called Matsushita Toshiba Picture Display Co., Ltd. ("MTPD") on March 31, 2003.

120. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 and, therefore, denies the allegations.

### d. Multiple Interrelated Business Relationships

121. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 and, therefore, denies the allegations.

122. To the extent that the allegations contained in Paragraph 122 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 122 are directed to TAEC, TAEC denies these allegations, except that TAEC is generally aware that Toshiba Corporation transferred its CRT business to a new entity called MTPD on March 31, 2003. TAEC is generally aware that Toshiba Corporation participated in the formation of a new entity for the manufacture of color picture tubes with Orion Electric of South Korea, Sumitomo Corporation, and P.T. Tabung Gambar Indonesia.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**e.      High Costs Of Entry Into The Industry**

123.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 and, therefore, denies the allegations.

**f.      The Maturity Of The CRT Product Market**

124.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 and, therefore, denies the allegations.

125.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 and, therefore, denies the allegations.

126.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 and, therefore, denies the allegations.

127.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 and, therefore, denies the allegations.

128.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 and, therefore, denies the allegations.

129.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 and, therefore, denies the allegations.

**g.      Homogeneity Of CRT Products**

130.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 and, therefore, denies the allegations.

131.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 and, therefore, denies the allegations.

**C.   Pre-Conspiracy Market**

132.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 and, therefore, denies the allegations.

133.    Paragraph 133 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1

**D.     Defendants' And Co-Conspirators' Illegal Agreements**

2

134.    To the extent that the allegations contained in Paragraph 134 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 134 are directed to TAEC, TAEC denies these allegations.

135.    To the extent that the allegations contained in Paragraph 135 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 135 are directed to TAEC, TAEC denies these allegations.

136.    To the extent that the allegations contained in Paragraph 136 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 136 are directed to TAEC, TAEC denies these allegations.

137.    To the extent that the allegations contained in Paragraph 137 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 137 are directed to TAEC, TAEC denies these allegations.

138.    To the extent that the allegations contained in Paragraph 138 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 138 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

a.     **"Glass Meetings"**

139.     To the extent that the allegations contained in Paragraph 139 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 139 are directed to TAEC, TAEC denies these allegations.

140.     To the extent that the allegations contained in Paragraph 140 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 140 are directed to TAEC, TAEC denies these allegations.

141.     To the extent that the allegations contained in Paragraph 141 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 141 are directed to TAEC, TAEC denies these allegations.

142.     To the extent that the allegations contained in Paragraph 142 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 142 are directed to TAEC, TAEC denies these allegations.

143.     To the extent that the allegations contained in Paragraph 143 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 143 are directed to TAEC, TAEC denies these allegations.

144.     To the extent that the allegations contained in Paragraph 144 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 144 are directed to TAEC, TAEC denies these allegations.

145.    To the extent that the allegations contained in Paragraph 145 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 145 are directed to TAEC, TAEC denies these allegations.

146.    To the extent that the allegations contained in Paragraph 146 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 146 are directed to TAEC, TAEC denies these allegations.

147.    To the extent that the allegations contained in Paragraph 147 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 147 are directed to TAEC, TAEC denies these allegations.

148.    To the extent that the allegations contained in Paragraph 148 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 148 are directed to TAEC, TAEC denies these allegations.

149.    To the extent that the allegations contained in Paragraph 149 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 149 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

150.    To the extent that the allegations contained in Paragraph 150 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 150 are directed to TAEC, TAEC denies these allegations.

151.    To the extent that the allegations contained in Paragraph 151 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 151 are directed to TAEC, TAEC denies these allegations.

152.    To the extent that the allegations contained in Paragraph 152 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 152 are directed to TAEC, TAEC denies these allegations.

**b.    Bilateral Discussions**

153.    To the extent that the allegations contained in Paragraph 153 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 153 are directed to TAEC, TAEC denies these allegations.

154.    To the extent that the allegations contained in Paragraph 154 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 154 are directed to TAEC, TAEC denies these allegations.

155.    To the extent that the allegations contained in Paragraph 155 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 155 are directed to TAEC, TAEC denies these allegations.

156.    To the extent that the allegations contained in Paragraph 156 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 156 are directed to TAEC, TAEC denies these allegations.

157.    To the extent that the allegations contained in Paragraph 157 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 157 are directed to TAEC, TAEC denies these allegations.

158.    To the extent that the allegations contained in Paragraph 158 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 158 are directed to TAEC, TAEC denies these allegations.

c.    **Defendants' And Co-Conspirators' Participation In Group And Bilateral Discussions**

159.    Paragraph 159 relates to other Defendants.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 and, therefore, denies the allegations.

160.    Paragraph 160 relates to other Defendants.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

161.    Paragraph 161 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 and, therefore, denies the allegations.

162.    Paragraph 162 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 and, therefore, denies the allegations.

163.    Paragraph 163 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 and, therefore, denies the allegations.

164.    Paragraph 164 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164 and, therefore, denies the allegations.

165.    Paragraph 165 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165 and, therefore, denies the allegations.

166.    Paragraph 166 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 and, therefore, denies the allegations.

167.    Paragraph 167 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167 and, therefore, denies the allegations.

168.    Paragraph 168 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168 and, therefore, denies the allegations.

169.    To the extent that the allegations contained in Paragraph 169 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

21

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

extent that the allegations contained in Paragraph 169 are directed to TAEC, TAEC denies these allegations.

170.    To the extent that the allegations contained in Paragraph 170 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 170 are directed to TAEC, TAEC denies these allegations.

171.    Paragraph 171 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171 and, therefore, denies the allegations.

172.    Paragraph 172 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172 and, therefore, denies the allegations.

173.    Paragraph 173 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 and, therefore, denies the allegations.

174.    Paragraph 174 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174 and, therefore, denies the allegations.

175.    Paragraph 175 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 and, therefore, denies the allegations.

176.    Paragraph 176 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 and, therefore, denies the allegations.

177.    Paragraph 177 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177 and, therefore, denies the allegations.

178.     Paragraph 178 relates to other Defendants.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178 and, therefore, denies the allegations.

179.     Paragraph 179 relates to other Defendants.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179 and, therefore, denies the allegations.

180.     To the extent that Paragraph 180 consists of Plaintiffs' characterization of their claims and Plaintiffs' explanation of a defined term used in the IP-TCAC, no response is required.  To the extent that the allegations contained in Paragraph 180 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 180 may be deemed to require a response from TAEC, TAEC denies these allegations.

**E.     The CRT Market During The Conspiracy**

181.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181 and, therefore, denies the allegations.

182.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182 and, therefore, denies the allegations.

183.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183 and, therefore, denies the allegations.

184.     To the extent that Paragraph 184 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 184 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 184 may be deemed to require a response from TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  185.   To the extent that Paragraph 185 consists of purported statements in news

2  reports and/or statements in public documents, those statements speak for themselves and

3  no response is required.  To the extent that the allegations contained in Paragraph 185

4  relate to other Defendants and/or third parties, TAEC lacks knowledge or information

5  sufficient to form a belief as to the truth of these allegations and, therefore, denies these

6  allegations.  To the extent that the allegations contained in Paragraph 185 may be deemed

7  to require a response from TAEC, TAEC denies these allegations.

8  186.   To the extent that the allegations contained in Paragraph 186 relate to other

9  Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a

10  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

11  extent that the allegations contained in Paragraph 186 are directed to TAEC, TAEC denies

12  these allegations.

13  187.   To the extent that Paragraph 187 consists of purported statements in news

14  reports and/or statements in public documents, those statements speak for themselves and

15  no response is required.  To the extent that the allegations contained in Paragraph 187

16  relate to other Defendants and/or third parties, TAEC lacks knowledge or information

17  sufficient to form a belief as to the truth of these allegations and, therefore, denies these

18  allegations.  To the extent that the allegations contained in Paragraph 187 may be deemed

19  to require a response from TAEC, TAEC denies these allegations.

20  188.   To the extent that Paragraph 188 consists of purported statements in news

21  reports and/or statements in public documents, those statements speak for themselves and

22  no response is required.  To the extent that the allegations contained in Paragraph 188

23  relate to other Defendants and/or third parties, TAEC lacks knowledge or information

24  sufficient to form a belief as to the truth of these allegations and, therefore, denies these

25  allegations.  To the extent that the allegations contained in Paragraph 188 may be deemed

26  to require a response from TAEC, TAEC denies these allegations.

27  189.   To the extent that Paragraph 189 consists of purported statements in news

28  reports and/or statements in public documents, those statements speak for themselves and

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   no response is required.  To the extent that the allegations contained in Paragraph 189
2   relate to other Defendants and/or third parties, TAEC lacks knowledge or information
3   sufficient to form a belief as to the truth of these allegations and, therefore, denies these
4   allegations.  To the extent that the allegations contained in Paragraph 189 may be deemed
5   to require a response from TAEC, TAEC denies these allegations.

6       190.    To the extent that the allegations contained in Paragraph 190 relate to other
7   Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a
8   belief as to the truth of these allegations and, therefore, denies these allegations.  To the
9   extent that the allegations contained in Paragraph 190 are directed to TAEC, TAEC denies
10  these allegations.

11      191.    To the extent that the allegations contained in Paragraph 191 relate to other
12  Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a
13  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
14  extent that the allegations contained in Paragraph 191 are directed to TAEC, TAEC denies
15  these allegations.

16      192.    To the extent that Paragraph 192 consists of purported statements in news
17  reports and/or statements in public documents, those statements speak for themselves and
18  no response is required.  To the extent that the allegations contained in Paragraph 192
19  relate to other Defendants and/or third parties, TAEC lacks knowledge or information
20  sufficient to form a belief as to the truth of these allegations and, therefore, denies these
21  allegations.  To the extent that the allegations contained in Paragraph 192 may be deemed
22  to require a response from TAEC, TAEC denies these allegations.

23      193.    To the extent that the allegations contained in Paragraph 193 relate to other
24  Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a
25  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
26  extent that the allegations contained in Paragraph 193 are directed to TAEC, TAEC denies
27  these allegations.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

194.   To the extent that the allegations contained in Paragraph 194 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 194 are directed to TAEC, TAEC denies these allegations.

**F.   International Government Antitrust Investigations**

195.   To the extent that the allegations contained in Paragraph 195 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 195 are directed to TAEC, TAEC denies these allegations.

196.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196 and, therefore, denies these allegations.

197.   To the extent that Paragraph 197 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 197 may be deemed to require a response from TAEC, TAEC denies these allegations.

198.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198 and, therefore, denies these allegations.

199.   To the extent that Paragraph 199 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 199 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 199 may be deemed to require a response from TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

200.   To the extent that Paragraph 200 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.   To the extent that the allegations contained in Paragraph 200 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 200 may be deemed to require a response from TAEC, TAEC denies these allegations.

201.   Paragraph 201 relates to other Defendants and/or third parties.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201 and, therefore, denies these allegations.

202.   To the extent that Paragraph 202 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.   To the extent that the allegations contained in Paragraph 202 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 202 may be deemed to require a response from TAEC, TAEC denies these allegations.

203.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203 and, therefore, denies these allegations.

204.   The allegations contained in Paragraph 204 refer to a public annual report, which is the best evidence of its contents.

205.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 205 and, therefore, denies these allegations.

206.   To the extent that the allegations contained in Paragraph 206 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 206 are directed to TAEC, TAEC denies these allegations.

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

27

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

207.    To the extent that the allegations contained in Paragraph 207 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 207 are directed to TAEC, TAEC denies these allegations.

208.    To the extent that the allegations contained in Paragraph 208 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 208 are directed to TAEC, TAEC denies these allegations.

209.    To the extent that the allegations contained in Paragraph 209 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 209 are directed to TAEC, TAEC denies these allegations.

210.    To the extent that Paragraph 210 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 210 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 210 may be deemed to require a response from TAEC, TAEC denies these allegations.

211.    To the extent that Paragraph 211 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 211 may be deemed to require a response from TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

212.    To the extent that Paragraph 212 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 212 may be deemed to require a response from TAEC, TAEC denies these allegations.

213.    To the extent that Paragraph 213 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 213 may be deemed to require a response from TAEC, TAEC denies these allegations.

## IX.   **THE PASS-THROUGH OF OVERCHARGES TO CONSUMERS**

214.    To the extent that Paragraph 214 contains argument and/or legal conclusions, no response is required.  To the extent that Paragraph 214 consists of purported statements by governmental authorities, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 214 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 214 are directed to TAEC, TAEC denies these allegations.

215.    To the extent that the allegations contained in Paragraph 215 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 215 are directed to TAEC, TAEC denies these allegations.

216.    To the extent that the allegations contained in Paragraph 216 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

extent that the allegations contained in Paragraph 216 are directed to TAEC, TAEC denies these allegations.

217.   To the extent that the allegations contained in Paragraph 217 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 217 are directed to TAEC, TAEC denies these allegations.

218.   To the extent that Paragraph 218 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 218 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 218 are directed to TAEC, TAEC denies these allegations.

219.   To the extent that Paragraph 219 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 219 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 219 are directed to TAEC, TAEC denies these allegations.

220.   To the extent that Paragraph 220 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 220 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 220 are directed to TAEC, TAEC denies these allegations.

221.   To the extent that the allegations contained in Paragraph 221 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

extent that the allegations contained in Paragraph 221 are directed to TAEC, TAEC denies these allegations.

222.    To the extent that Paragraph 222 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 222 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 222 may be deemed to require a response from TAEC, TAEC denies these allegations.

223.    To the extent that Paragraph 223 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 223 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 223 are directed to TAEC, TAEC denies these allegations.

224.    To the extent that Paragraph 224 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 224 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 224 may be deemed to require a response from TAEC, TAEC denies these allegations

225.    To the extent that Paragraph 225 contains argument and/or legal conclusions, no response is required.  To the extent that Paragraph 225 consists of purported statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 225 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 225 may be deemed to require a response from TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

226.    To the extent that Paragraph 226 contains argument and/or legal conclusions, no response is required.  To the extent that Paragraph 226 consists of purported statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 226 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 226 may be deemed to require a response from TAEC, TAEC denies these allegations.

227.    To the extent that Paragraph 227 contains argument and/or legal conclusions, no response is required.  To the extent that Paragraph 227 consists of purported statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 227 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 227 may be deemed to require a response from TAEC, TAEC denies these allegations.

228.    To the extent that Paragraph 228 contains argument and/or legal conclusions, no response is required.  Also, Paragraph 228 consists of purported statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 228 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 228 may be deemed to require a response from TAEC, TAEC denies these allegations.

229.    To the extent that Paragraph 229 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 229 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  allegations.  To the extent that the allegations contained in Paragraph 229 are directed to
2  TAEC, TAEC denies these allegations.

3  230.    To the extent that the allegations contained in Paragraph 230 relate to other
4  Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a
5  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
6  extent that the allegations contained in Paragraph 230 are directed to TAEC, TAEC denies
7  these allegations.

8  231.    To the extent that Paragraph 231 contains argument and/or legal conclusions,
9  no response is required.  To the extent that the allegations contained in Paragraph 231
10  relate to other Defendants and/or third parties, TAEC lacks knowledge or information
11  sufficient to form a belief as to the truth of these allegations and, therefore, denies these
12  allegations.  To the extent that the allegations contained in Paragraph 231 may be deemed
13  to require a response from TAEC, TAEC denies these allegations.

14  ## X.  CLASS ACTION ALLEGATIONS

15  232.    Paragraph 232 consists of argument, Plaintiffs' characterization of their claims
16  and/or legal conclusions, to which no response is required.  To the extent that the
17  allegations contained in Paragraph 232 may be deemed to require a response from TAEC,
18  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these
19  allegations and, therefore, denies these allegations.  TAEC further denies that this action
20  can properly be maintained as a class action on behalf of the purported class or otherwise.

21  233.    Paragraph 233 consists of argument, Plaintiffs' characterization of their claims
22  and/or legal conclusions, to which no response is required.  To the extent that the
23  allegations contained in Paragraph 233 may be deemed to require a response from TAEC,
24  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these
25  allegations and, therefore, denies these allegations.  TAEC further denies that this action
26  can properly be maintained as a class action on behalf of the purported class or otherwise.

27  234.    Paragraph 234 consists of argument, Plaintiffs' characterization of their claims
28  and/or legal conclusions, to which no response is required.  To the extent that the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

allegations contained in Paragraph 234 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAEC further denies that this action can properly be maintained as a class action on behalf of the purported class or otherwise.

235.    Paragraph 235 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 235 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAEC further denies that this action can properly be maintained as a class action on behalf of the purported class or otherwise.

## XI.  VIOLATIONS ALLEGED

### A.    First Claim For Relief:  Violation Of Section 1 Of The Sherman Act

236.    TAEC hereby incorporates by reference its responses to Paragraphs 1-235 of the IP-TCAC, as set forth above.

237.    Paragraph 237 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 237 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 237 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

238.    Paragraph 238 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 238 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 238 may be deemed to require a response from TAEC, TAEC lacks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

239.    Paragraph 239 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 239 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 239 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

240.    Paragraph 240 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 240 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 240 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

241.    Paragraph 241 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 241 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 241 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

242.    Paragraph 242 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the

allegations contained in Paragraph 242 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 242 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

243.   Paragraph 243 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 243 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 243 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

244.   Paragraph 244 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 244 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 244 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

245.   Paragraph 245 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 245 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 245 may be deemed to require a response from TAEC, TAEC lacks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1  knowledge or information sufficient to form a belief as to the truth of these allegations and,

2  therefore, denies these allegations.

3  **B.   Second Claim For Relief:  Violation Of State Antitrust Statutes**

4       246.   TAEC hereby incorporates by reference its responses to Paragraphs 1-245 of

5  the IP-TCAC, as set forth above.

6       247.   TAEC hereby incorporates by reference its responses to Paragraphs 1-246 of

7  the IP-TCAC, as set forth above.   Paragraph 247 consists of argument, Plaintiffs'

8  characterization of their claims and/or legal conclusions, to which no response is required.

9  To the extent that the allegations contained in Paragraph 247 relate to other Defendants

10  and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to

11  the truth of these allegations and, therefore, denies these allegations.  To the extent that the

12  allegations contained in Paragraph 247 may be deemed to require a response from TAEC,

13  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

14  allegations and, therefore, denies these allegations.

15       248.   TAEC hereby incorporates by reference its responses to Paragraphs 1-247 of

16  the IP-TCAC, as set forth above.   Paragraph 248 consists of argument, Plaintiffs'

17  characterization of their claims and/or legal conclusions, to which no response is required.

18  To the extent that the allegations contained in Paragraph 248 relate to other Defendants

19  and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to

20  the truth of these allegations and, therefore, denies these allegations.  To the extent that the

21  allegations contained in Paragraph 248 may be deemed to require a response from TAEC,

22  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

23  allegations and, therefore, denies these allegations.

24       249.   TAEC hereby incorporates by reference its responses to Paragraphs 1-248 of

25  the IP-TCAC, as set forth above.   Paragraph 249 consists of argument, Plaintiffs'

26  characterization of their claims and/or legal conclusions, to which no response is required.

27  To the extent that the allegations contained in Paragraph 249 relate to other Defendants

28  and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to

the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 249 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

250.   TAEC hereby incorporates by reference its responses to Paragraphs 1-249 of the IP-TCAC, as set forth above.   Paragraph 250 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 250 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 250 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

251.   TAEC hereby incorporates by reference its responses to Paragraphs 1-250 of the IP-TCAC, as set forth above.   Paragraph 251 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 251 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 251 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

252.   TAEC hereby incorporates by reference its responses to Paragraphs 1-251 of the IP-TCAC, as set forth above.   Paragraph 252 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 252 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  allegations contained in Paragraph 252 may be deemed to require a response from TAEC,

2  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

3  allegations and, therefore, denies these allegations.

4      253.   TAEC hereby incorporates by reference its responses to Paragraphs 1-252 of

5  the IP-TCAC, as set forth above.   Paragraph 253 consists of argument, Plaintiffs'

6  characterization of their claims and/or legal conclusions, to which no response is required.

7  To the extent that the allegations contained in Paragraph 253 relate to other Defendants

8  and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to

9  the truth of these allegations and, therefore, denies these allegations.  To the extent that the

10  allegations contained in Paragraph 253 may be deemed to require a response from TAEC,

11  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

12  allegations and, therefore, denies these allegations.

13      254.   TAEC hereby incorporates by reference its responses to Paragraphs 1-253 of

14  the IP-TCAC, as set forth above.   Paragraph 254 consists of argument, Plaintiffs'

15  characterization of their claims and/or legal conclusions, to which no response is required.

16  To the extent that the allegations contained in Paragraph 254 relate to other Defendants

17  and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to

18  the truth of these allegations and, therefore, denies these allegations.  To the extent that the

19  allegations contained in Paragraph 254 may be deemed to require a response from TAEC,

20  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

21  allegations and, therefore, denies these allegations.

22      255.   TAEC hereby incorporates by reference its responses to Paragraphs 1-254 of

23  the IP-TCAC, as set forth above.   Paragraph 255 consists of argument, Plaintiffs'

24  characterization of their claims and/or legal conclusions, to which no response is required.

25  To the extent that the allegations contained in Paragraph 255 relate to other Defendants

26  and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to

27  the truth of these allegations and, therefore, denies these allegations.  To the extent that the

28  allegations contained in Paragraph 255 may be deemed to require a response from TAEC,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1    TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

2    allegations and, therefore, denies these allegations.

3         256.    TAEC hereby incorporates by reference its responses to Paragraphs 1-255 of

4    the IP-TCAC, as set forth above.   Paragraph 256 consists of argument, Plaintiffs'

5    characterization of their claims and/or legal conclusions, to which no response is required.

6    To the extent that the allegations contained in Paragraph 256 relate to other Defendants

7    and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to

8    the truth of these allegations and, therefore, denies these allegations.  To the extent that the

9    allegations contained in Paragraph 256 may be deemed to require a response from TAEC,

10   TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

11   allegations and, therefore, denies these allegations.

12        257.    TAEC hereby incorporates by reference its responses to Paragraphs 1-256 of

13   the IP-TCAC, as set forth above.   Paragraph 257 consists of argument, Plaintiffs'

14   characterization of their claims and/or legal conclusions, to which no response is required.

15   To the extent that the allegations contained in Paragraph 257 relate to other Defendants

16   and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to

17   the truth of these allegations and, therefore, denies these allegations.  To the extent that the

18   allegations contained in Paragraph 257 may be deemed to require a response from TAEC,

19   TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

20   allegations and, therefore, denies these allegations.

21        258.    TAEC hereby incorporates by reference its responses to Paragraphs 1-257 of

22   the IP-TCAC, as set forth above.  TAEC denies that Plaintiffs are entitled to any relief

23   pursuant to claims under the laws of Nebraska that are based on sales made prior to July

24   20, 2002, as the Court dismissed these claims in its March 30, 2010 Order (Doc. No. 665).

25   Also, Paragraph 258 consists of argument, Plaintiffs' characterization of their claims and/or

26   legal conclusions, to which no response is required.   To the extent that the allegations

27   contained in Paragraph 258 relate to other Defendants and/or third parties, TAEC lacks

28   knowledge or information sufficient to form a belief as to the truth of these allegations and,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

therefore, denies these allegations. To the extent that the allegations contained in Paragraph 258 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

259. TAEC hereby incorporates by reference its responses to Paragraphs 1-258 of the IP-TCAC, as set forth above. TAEC denies that Plaintiffs are entitled to any relief pursuant to claims under the laws of Nevada that are based on sales made prior to the 1999 date of Nevada's repealer statute, as the Court dismissed these claims in its March 30, 2010 Order (Doc. No. 665). Also, Paragraph 259 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 259 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 259 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

260. TAEC hereby incorporates by reference its responses to Paragraphs 1-259 of the IP-TCAC, as set forth above. Paragraph 260 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 260 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 260 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

261. TAEC hereby incorporates by reference its responses to Paragraphs 1-260 of the IP-TCAC, as set forth above. Paragraph 261 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  To the extent that the allegations contained in Paragraph 261 relate to other Defendants

2  and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to

3  the truth of these allegations and, therefore, denies these allegations.  To the extent that the

4  allegations contained in Paragraph 261 may be deemed to require a response from TAEC,

5  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

6  allegations and, therefore, denies these allegations.

7    262. TAEC hereby incorporates by reference its responses to Paragraphs 1-261 of

8  the IP-TCAC, as set forth above.  Paragraph 262 consists of argument, Plaintiffs'

9  characterization of their claims and/or legal conclusions, to which no response is required.

10  To the extent that the allegations contained in Paragraph 262 relate to other Defendants

11  and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to

12  the truth of these allegations and, therefore, denies these allegations.  To the extent that the

13  allegations contained in Paragraph 262 may be deemed to require a response from TAEC,

14  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

15  allegations and, therefore, denies these allegations.

16    263. TAEC hereby incorporates by reference its responses to Paragraphs 1-262 of

17  the IP-TCAC, as set forth above.  Paragraph 263 consists of argument, Plaintiffs'

18  characterization of their claims and/or legal conclusions, to which no response is required.

19  To the extent that the allegations contained in Paragraph 263 relate to other Defendants

20  and/or third parties, TAEC lacks knowledge or information sufficient to form a

21  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

22  extent that the allegations contained in Paragraph 263 may be deemed to require a response

23  from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the

24  truth of these allegations and, therefore, denies these allegations.

25    264. TAEC hereby incorporates by reference its responses to Paragraphs 1-263 of

26  the IP-TCAC, as set forth above.  Paragraph 264 consists of argument, Plaintiffs'

27  characterization of their claims and/or legal conclusions, to which no response is required.

28  To the extent that the allegations contained in Paragraph 264 relate to other Defendants

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 264 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

265.    TAEC hereby incorporates by reference its responses to Paragraphs 1-264 of the IP-TCAC, as set forth above.   Paragraph 265 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 265 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 265 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

266.    TAEC hereby incorporates by reference its responses to Paragraphs 1-265 of the IP-TCAC, as set forth above.   Paragraph 266 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 266 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 266 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

267.    TAEC hereby incorporates by reference its responses to Paragraphs 1-266 of the IP-TCAC, as set forth above.   Paragraph 267 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 267 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  the truth of these allegations and, therefore, denies these allegations.  To the extent that the

2  allegations contained in Paragraph 267 may be deemed to require a response from TAEC,

3  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

4  allegations and, therefore, denies these allegations.

5       268.    TAEC hereby incorporates by reference its responses to Paragraphs 1-267 of

6  the IP-TCAC, as set forth above.    Paragraph 268 consists of argument, Plaintiffs'

7  characterization of their claims and/or legal conclusions, to which no response is required.

8  To the extent that the allegations contained in Paragraph 268 relate to other Defendants

9  and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to

10  the truth of these allegations and, therefore, denies these allegations.  To the extent that the

11  allegations contained in Paragraph 268 may be deemed to require a response from TAEC,

12  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

13  allegations and, therefore, denies these allegations.

14  **C.    Third Claim For Relief:  Violation Of State Consumer Protection And Unfair**

15  **Competition Statutes**

16       269.    TAEC hereby incorporates by reference its responses to Paragraphs 1-268 of

17  the IP-TCAC, as set forth above.

18       270.    Paragraph 270 consists of argument, Plaintiffs' characterization of their claims

19  and/or legal conclusions, to which no response is required.    To the extent that the

20  allegations contained in Paragraph 270 relate to other Defendants and/or third parties,

21  TAEC lacks knowledge or information sufficient to form a belief as to the truth of

22  these allegations and, therefore, denies these allegations.  To the extent that the allegations

23  contained in Paragraph 270 may be deemed to require a response from TAEC, TAEC lacks

24  knowledge or information sufficient to form a belief as to the truth of these allegations and,

25  therefore, denies these allegations.

26       271.    TAEC hereby incorporates by reference its responses to Paragraphs 1-270 of

27  the IP-TCAC, as set forth above.    Paragraph 271 consists of argument, Plaintiffs'

28  characterization of their claims and/or legal conclusions, to which no response is required.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

To the extent that the allegations contained in Paragraph 271 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 271 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

272.    TAEC hereby incorporates by reference its responses to Paragraphs 1-271 of the IP-TCAC, as set forth above.   Paragraph 272 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 272 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 272 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

273.    TAEC hereby incorporates by reference its responses to Paragraphs 1-272 of the IP-TCAC, as set forth above.   Paragraph 273 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 273 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 273 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

274.    TAEC hereby incorporates by reference its responses to Paragraphs 1-273 of the IP-TCAC, as set forth above.   Paragraph 274 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 274 relate to other Defendants

and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 274 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

275.    TAEC hereby incorporates by reference its responses to Paragraphs 1-274 of the IP-TCAC, as set forth above. Paragraph 275 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 275 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 275 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

276.    TAEC hereby incorporates by reference its responses to Paragraphs 1-275 of the IP-TCAC, as set forth above. Paragraph 276 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 276 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 276 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

277.    TAEC hereby incorporates by reference its responses to Paragraphs 1-276 of the IP-TCAC, as set forth above. Paragraph 277 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 277 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 277 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

278.    TAEC hereby incorporates by reference its responses to Paragraphs 1-277 of the IP-TCAC, as set forth above.   Paragraph 278 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 278 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 278 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

279.    TAEC hereby incorporates by reference its responses to Paragraphs 1-278 of the IP-TCAC, as set forth above.   Paragraph 279 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 279 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 279 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

**D.    Fourth Claim For Relief:  Unjust Enrichment And Disgorgement Of Profits**

280.    TAEC hereby incorporates by reference its responses to Paragraphs 1-279 of the IP-TCAC, as set forth above.

281.    Paragraph 281 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 281 relate to other Defendants and/or third parties,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 281 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

282.   Paragraph 282 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 282 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 282 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

283.   Paragraph 283 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 283 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 283 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## XII.  FRAUDULENT CONCEALMENT

284.   Paragraph 284 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 284 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 284 may be deemed to require a response from TAEC, TAEC lacks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1  knowledge or information sufficient to form a belief as to the truth of these allegations and,

2  therefore, denies these allegations.

3      285.    Paragraph 285 consists of argument, Plaintiffs' characterization of their claims

4  and/or legal conclusions, to which no response is required.   To the extent that the

5  allegations contained in Paragraph 285 relate to other Defendants and/or third parties,

6  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

7  allegations and, therefore, denies these allegations.   To the extent that the allegations

8  contained in Paragraph 285 may be deemed to require a response from TAEC, TAEC lacks

9  knowledge or information sufficient to form a belief as to the truth of these allegations and,

10  therefore, denies these allegations.

11      286.    Paragraph 286 consists of argument, Plaintiffs' characterization of their claims

12  and/or legal conclusions, to which no response is required.   To the extent that the

13  allegations contained in Paragraph 286 relate to other Defendants and/or third parties,

14  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

15  allegations and, therefore, denies these allegations.   To the extent that the allegations

16  contained in Paragraph 286 may be deemed to require a response from TAEC, TAEC lacks

17  knowledge or information sufficient to form a belief as to the truth of these allegations and,

18  therefore, denies these allegations.

19      287.    Paragraph 287 consists of argument, Plaintiffs' characterization of their claims

20  and/or legal conclusions, to which no response is required.   To the extent that the

21  allegations contained in Paragraph 287 relate to other Defendants and/or third parties,

22  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

23  allegations and, therefore, denies these allegations.   To the extent that the allegations

24  contained in Paragraph 287 may be deemed to require a response from TAEC, TAEC lacks

25  knowledge or information sufficient to form a belief as to the truth of these allegations and,

26  therefore, denies these allegations.

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## XIII.  PRAYER FOR RELIEF

In answer to the Prayer for Relief, TAEC denies each and every allegation in the Prayer and further specifically denies that Plaintiffs are entitled to any of the relief requested or any remedy whatsoever against TAEC.

All allegations of the IP-TCAC not heretofore admitted or denied are here and now denied as though specifically denied herein.

## DEFENSES/AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, TAEC asserts the following separate and additional defenses:

## FIRST DEFENSE

The conduct alleged to provide a basis for the claims of Plaintiffs and any putative class members did not have a direct, substantial and reasonably foreseeable effect on trade or commerce with the United States.  The Court therefore lacks subject-matter jurisdiction over the claims of Plaintiffs and any putative class members.  The Court also lacks subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

## SECOND DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

## THIRD DEFENSE

The IP-TCAC fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

Plaintiffs, and each of them, have failed to plead fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

## FIFTH DEFENSE

Plaintiffs' state law claims are barred or limited in whole or in part by the doctrine of *forum non conveniens* and improper venue.  Plaintiffs' claims, to the extent they rely on the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

laws of foreign states or are brought on behalf of out-of-state residents, would be better adjudicated in those foreign courts.

**SIXTH DEFENSE**

Plaintiffs' claims and claims of any putative class members against TAEC are barred to the extent that they have agreed to arbitration or chosen a different forum for the resolution of their claims.

**SEVENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because they cannot be maintained as a class action.

**EIGHTH DEFENSE**

The relief sought by Plaintiffs, and each of them, is barred because the named Plaintiffs are not proper class representatives.

**NINTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because Plaintiffs, and each of them, lack standing to bring or maintain the claims set forth in the IP-TCAC.

**TENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs purport to bring this action on behalf of a nationwide class, some members of which reside in jurisdictions that do not permit actions based on, or analogous to, the claims specified in the IP-TCAC.

**ELEVENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure because they did not arise out of the same transaction, occurrence or series of transactions or occurrences and/or do not involve questions of law or fact common to all Defendants.

**TWELFTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because Plaintiffs, and each of them, have suffered no antitrust injury.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## THIRTEENTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the doctrine of waiver.

## FOURTEENTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the doctrine of estoppel.

## FIFTEENTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the doctrine of laches.

## SIXTEENTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because no Plaintiff has been injured in its business or property by reason of any action of TAEC.

## SEVENTEENTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of TAEC and/or were caused, if at all, solely and proximately by the conduct of third parties including, without limitation, the prior, intervening or superseding conduct of such third parties.

## EIGHTEENTH DEFENSE

To the extent that any actionable conduct occurred, Plaintiffs' claims and claims of any putative class members against TAEC are barred because all such conduct would have been committed by individuals acting *ultra vires*.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no damages as a result of any actions taken by TAEC and/or the other Defendants.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**TWENTIETH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

**TWENTY-FIRST DEFENSE**

Plaintiffs and any putative class members are barred from recovery of any damages because of, and to the extent of, their failure to mitigate damages.

**TWENTY-SECOND DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any actions or practices of TAEC that are the subject of the IP-TCAC were undertaken unilaterally for legitimate business reasons and in pursuit of TAEC's independent interests and those of its customers, and were not the product of any contract, combination or conspiracy between TAEC and any other person or entity.

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any acts or practices of TAEC that are the subject of the IP-TCAC were adopted in furtherance of legitimate business interests of TAEC and of its customers and did not unreasonably restrain competition.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any acts or practices of TAEC that are the subject of the IP-TCAC were cost justified or otherwise economically justified and resulted from a good-faith effort to meet competition or market conditions.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, as premised upon privileged conduct or actions by TAEC.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because the alleged conduct complained of was caused by, due to, based upon, or in response to directives, laws, regulations, policies and/or acts of governments, governmental agencies and entities and/or regulatory agencies, and as such is non-actionable or privileged.

### TWENTY-SEVENTH DEFENSE

To the extent there is a finding of an illegal overcharge, Plaintiffs' claims are barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not passed through to the indirect purchasers.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because, as indirect purchasers, they fail to meet their burden of proving that they were damaged in fact by the conduct of which complaint is here made, including the burden of proving that any so-called overcharge of which complaint is made and which was not absorbed by predecessors to the Plaintiffs in the chain of distribution was not passed on to a third party.

### TWENTY-NINTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, to the extent they seek improper multiple damage awards, and damage awards duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution.

### THIRTIETH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the equitable doctrine of unclean hands.

### THIRTY-FIRST DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the doctrine of accord and satisfaction.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

### THIRTY-SECOND DEFENSE

Without admitting the existence of any contract, combination or conspiracy in restraint of trade, TAEC contends that it is entitled to set off any amounts paid to Plaintiffs by any Defendants other than TAEC who have settled, or do settle, Plaintiffs' claims against them in this action.

### THIRTY-THIRD DEFENSE

Plaintiffs' claims and claims of any putative class members for injunctive relief are barred, in whole or in part, insofar as Plaintiffs seek to enjoin alleged events that have already transpired without the requisite showing of threatened future harm or continuing harm.

### THIRTY-FOURTH DEFENSE

The IP-TCAC is ambiguous as to whether the alleged state law violations are intended to be asserted on behalf of a purported nationwide class of indirect purchasers or just on behalf of the residents of those states whose laws were cited.  To the extent the IP-TCAC asserts alleged violations on behalf of indirect purchasers located outside of the jurisdictions governed by those laws, those claims are barred as improper assertions of extraterritorial jurisdiction and any effort to enforce those laws as to residents of other states would violate Defendants' rights to due process under the United States and various state constitutions.

### THIRTY-FIFTH DEFENSE

To the extent Plaintiffs or any purported class members seek to assert claims or obtain relief under the laws of a state of which they are not a resident, those claims are barred by constitutional rights of due process, choice of law principles, and the laws of the states under which Plaintiffs assert their claims.

### THIRTY-SIXTH DEFENSE

Plaintiffs' claims are barred in whole or part because the IP-TCAC fails to plead conspiracy with particularity required under applicable law.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### THIRTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to:  15 U.S.C. § 15b; Ariz. Rev. Stat. Ann. § 44-1410; Cal. Bus. & Prof. Code § 17208; Cal. Bus. & Prof. Code § 16750.1; Cal. Civ. Proc. Code §§ 337-340; D.C. Code §§ 28-4511(b) and 12-301; Fla. Stat. § 95.11(f); Haw. Rev. Stat. § 480-24; 740 Ill. Comp. Stat. 10/7; Iowa Code §§ 553.12 and 553.16; Kan. Stat. Ann. § 60-512(2); Me. Rev. Stat. Ann. tit. 14, § 752; Me. Rev. Stat. Ann. tit. 5, § 213; Mich. Comp. Laws §§ 445.781 and 600.5813; Minn. Stat. § 325D.64(1); Miss. Code Ann. §§ 15-1-49 and 15-1-65; Neb. Rev. Stat. §§ 25-206 and 59-1612; Nev. Rev. Stat. §§ 11.190 and 598A.220; N.M. Stat. § 57-1-12; N.Y. C.P.L.R. 214(2); N.C. Gen. Stat. § 75-16.2; N.D. Cent. Code § 51-08.1-10; S.D. Codified Laws § 37-1-14.4; Tenn. Code Ann. § 28-3-105; Vt. Stat. Ann. tit. 12, § 511; W. Va. Code § 47-18-11; Wis. Stat. § 133.18.

### THIRTY-EIGHTH DEFENSE

Plaintiffs lack standing to prosecute their state antitrust claims, in whole or in part, under, without limitation, the following statutes:  Ariz. Rev. Stat. Ann. §§ 44-1401, *et seq.*; Cal. Bus. & Prof. Code §§ 16700, *et seq.*; Cal. Bus. & Prof. Code §§ 17200, *et seq.*; D.C. Code §§ 28-4502, *et seq.*; Haw. Rev. Stat. §§ 480-1, *et seq.*; 740 Ill. Comp. Stat. 10/1, *et seq.*; Iowa Code §§ 553.1, *et seq.*; Kan. Stat. Ann. §§ 50-101, *et seq.*; Me. Rev. Stat. Ann. tit. 10, §§ 1101, *et seq.*; Mich. Comp. Laws §§ 445.771, *et seq.*; Minn. Stat. §§ 325D.52, *et seq.*; Miss. Code Ann. §§ 75-21-9, *et seq.* and 75-24-1, *et seq.*; Neb. Rev. Stat. §§ 59-801, *et seq.*; Nev. Rev. Stat. §§ 598A, *et seq.*; N.M. Stat. §§ 57-1-1, *et seq.*; N.Y. Gen. Bus. Law §§ 340 *et seq.*; N.C. Gen. Stat. §§ 75-1, *et seq.*; N.D. Cent. Code §§ 51-08.1-01, *et seq.*; S.D. Codified Laws §§ 37-1, *et seq.*; Tenn. Code Ann. §§ 47-25-101, *et seq.*; Vt. Stat. Ann. tit. 9, §§ 2453, *et seq.*; W. Va. Code §§ 47-18-1, *et seq.*; Wis. Stat. §§ 133.01, *et seq.*

### THIRTY-NINTH DEFENSE

Plaintiffs lack standing to prosecute their state consumer protection claims, in whole or in part, under, without limitation, the following statutes:  Cal. Bus. & Prof. Code §§ 17200, *et seq.*; D.C. Code §§ 28-3901, *et seq.*; Fla. Stat. §§ 501.201, *et seq.*; Haw. Rev.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Stat. §§ 480-4, *et seq.*; Neb. Rev. Stat. §§ 59-1601, *et seq.*; N.M. Stat. §§ 57-1-1, *et seq.*; N.Y. Gen. Bus. Law §§ 349, *et seq.*; N.C. Gen. Stat. §§ 75-1.1, *et seq.*; Vt. Stat. Ann. tit. 9, §§ 2451, *et seq.*

## FORTIETH DEFENSE

Plaintiffs are not entitled to bring claims, or are entitled to any relief, for alleged violations of Neb. Rev. Stat. §§ 59-801, *et seq.*, based on sales made prior to July 20, 2002, as these claims were dismissed by the Court in its March 30, 2010 Order.

## FORTY-FIRST DEFENSE

Plaintiffs are not entitled to bring claims, or are entitled to any relief, for alleged violations of Nev. Rev. Stat. §§ 598A, *et seq.*, based on sales made prior to the 1999 date of Nevada's repealer statute, as these claims were dismissed by the Court in its March 30, 2010 Order.

## FORTY-SECOND DEFENSE

Plaintiffs' claims under Ariz. Rev. Stat. Ann. §§ 44-1401, *et seq.*, are barred, in whole or in part, because Plaintiffs failed to comply with the requirements of Ariz. Rev. Stat. Ann. § 44-1415.

## FORTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the claims are based on California law and any of the alleged events took place outside the state of California without impact on California residents.

## FORTY-FOURTH DEFENSE

To the extent Plaintiffs purport to represent or seek relief on behalf of members of the putative class who are not located or resident in the State of California, the IP-TCAC and each of its claims for relief therein violate Defendants' rights to due process under the constitutions of California and the United States. *See, e.g.*, *BMW of N. Am. v. Gore*, 517 U.S. 559, 571-72 (1996); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812-23 (1985).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

## FORTY-FIFTH DEFENSE

2      Any award of restitution under Cal. Bus. & Prof. Code § 17203 based upon asserted
3 interests or injuries of the purported class members in this case would violate the Excessive
4 Fines Clause of the Eighth Amendment (as incorporated by the Due Process Clause of the
5 Fourteenth Amendment) to the United States Constitution and Article I, Section 17 of the
6 California Constitution.

7

## FORTY-SIXTH DEFENSE

8      Plaintiffs' claims for monetary relief under Cal. Bus. & Prof. Code § 17203 are
9 barred, in whole or in part, because TAEC did not acquire any money or property from
10 Plaintiffs.

11

## FORTY-SEVENTH DEFENSE

12      Any finding of liability under Cal. Bus. & Prof. Code §§ 17200, 17203 or 17204
13 would violate the Due Process Clause of the Fourteenth Amendment to the United States
14 Constitution and Article I, Section 7 of the California Constitution, because the standards
15 of liability under these statutes are unduly vague and subjective, permitting retroactive,
16 random, arbitrary and capricious punishment that serves no legitimate governmental
17 interest.

18

## FORTY-EIGHTH DEFENSE

19      Any award of restitution to the Plaintiffs under Cal. Bus. & Prof. Code § 17203
20 would constitute a taking of property without just compensation in violation of the Takings
21 Clause of the Fifth Amendment to the United States Constitution (as incorporated by the
22 Due Process Clause of the Fourteenth Amendment to the United States Constitution) and
23 Article I, Section 19 of the California Constitution.

24

## FORTY-NINTH DEFENSE

25      Cal. Bus. & Prof. Code § 17204 improperly delegates the executive branch's
26 prosecutorial power to private parties, in contravention of the separation-of-powers
27 doctrine and the provisions of Article V of the California Constitution vesting the State's

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

executive power in the Executive Branch, by authorizing private plaintiffs without any individualized injury to bring suit on behalf of the interests of the general public.

### FIFTIETH DEFENSE

Any award of restitution under Cal. Bus. & Prof. Code § 17203 to persons who refuse to execute an acknowledgement that the payment is in full settlement of claims against Defendants would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### FIFTY-FIRST DEFENSE

Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 16700 *et seq*., are barred, in whole or in part, because the application of §§ 16700, *et seq.*, to wholly interstate or foreign commerce violates the Commerce Clause of the United States Constitution.

### FIFTY-SECOND DEFENSE

Any award of treble damages, punitive damages or restitution pursuant to Cal. Bus. & Prof. Code §§ 16720, 16727, 16750, or 16761 would violate the Excessive Fines and Due Process Clauses of the United States Constitution and equivalent clauses in the California Constitution.

### FIFTY-THIRD DEFENSE

Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 16700, *et seq.*, §§ 17200, *et seq.*, and California unjust enrichment law are barred, in whole or in part, because those statutes are inapplicable to alleged wrongs suffered by non-California residents based on alleged conduct of TAEC occurring outside of California.

### FIFTY-FOURTH DEFENSE

Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 16700, *et seq.*, §§ 17200, *et seq.*, and California unjust enrichment law are barred, in whole or in part, because those causes of action arise under California law, but Plaintiffs seek to include in the putative plaintiff class non-California residents — notwithstanding California's lack of a significant contact or significant aggregation of contacts with each member of the putative nationwide plaintiff class — and as such is arbitrary and unfair and violates guarantees of due process in the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

United States and California Constitutions, as well as the Full Faith and Credit Clause of the United States Constitution, and constitutes an impermissible burden on interstate commerce in contravention of the Commerce Clause of the United States Constitution.

### FIFTY-FIFTH DEFENSE

Plaintiffs' claims for unjust enrichment brought under California law are barred, in whole or in part, because TAEC did not receive a benefit from Plaintiffs, TAEC did not retain any benefit, and/or the receipt of any benefit was not unjust.

### FIFTY-SIXTH DEFENSE

Plaintiffs' claims under D.C. Code §§ 28-4502, *et seq.*, are barred, in whole or in part, because any award to the indirect purchasers would result in duplication of recovery of damages which is prohibited under D.C. Code § 28-4509(b).

### FIFTY-SEVENTH DEFENSE

Plaintiffs' claims under Fla. Stat. §§ 501.201, *et seq.*, are barred, in whole or in part, because pursuant to § 501.202(3), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") must be construed in a manner consistent with federal antitrust laws. Because Plaintiffs' injuries are too speculative, derivative, indirect, and remote to confer standing under federal antitrust law, they also do not confer standing under FDUTPA.

### FIFTY-EIGHTH DEFENSE

Plaintiffs' claims under Fla. Stat. §§ 501.201, *et seq.*, are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

### FIFTY-NINTH DEFENSE

Plaintiffs' claims under Haw. Rev. Stat. §§ 480-4, *et seq.*, are barred, in whole or in part, because Plaintiffs failed to comply with the requirements of Haw. Rev. Stat. § 480-13.3.

### SIXTIETH DEFENSE

Plaintiffs' claims under Iowa Code §§ 553.1, *et seq.*, are barred, in whole or in part, because Plaintiffs have not suffered actual, cognizable injury under the Iowa Competition Law.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**SIXTY-FIRST DEFENSE**

Plaintiffs' claims under Iowa Code §§ 553.1, *et seq.*, are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

**SIXTY-SECOND DEFENSE**

Plaintiffs' claims under Kan. Stat. Ann. §§ 50-101, *et seq.*, are barred, in whole or in part, because Plaintiffs have not suffered any actual, cognizable injury under Kansas law.

**SIXTY-THIRD DEFENSE**

Plaintiffs' claims under Kansas law are barred, in whole or in part, because the remedies sought are unconstitutional and contrary to public policy.

**SIXTY-FOURTH DEFENSE**

Plaintiffs' claims under Kansas law are barred, in whole or in part, because Plaintiffs are not entitled to "full consideration" damages.

**SIXTY-FIFTH DEFENSE**

Plaintiffs' claims under Maine law are barred, in whole or in part, because Plaintiffs failed to make a sufficient, written demand for relief to TAEC prior to filing the IP-TCAC, or to otherwise meet the required statutory preconditions to filing suit under Maine law.

**SIXTY-SIXTH DEFENSE**

Plaintiffs' claims under Mich. Comp. Laws §§ 445.771, *et seq.*, are barred, in whole or in part, because the Michigan Antitrust Reform Act is not applicable to conduct occurring outside of Michigan.

**SIXTY-SEVENTH DEFENSE**

Plaintiffs' claims under Mich. Comp. Laws §§ 445.771, *et seq.*, are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

**SIXTY-EIGHTH DEFENSE**

Plaintiffs' claims under Minn. Stat. §§ 325D.52, *et seq.*, are barred, in whole or in part, because under Minn. Stat. § 325D.57, courts should take efforts to avoid imposition of duplicative damages in successive suits.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## SIXTY-NINTH DEFENSE

Plaintiffs' claims under Minnesota law are barred, in whole or in part, to the extent that Plaintiffs and the other members of the class seek damages that are duplicative of damages sought in other actions.

## SEVENTIETH DEFENSE

Plaintiffs' claims under Minn. Stat. §§ 325D.52, *et seq.*, are barred, in whole or in part, because the alleged conduct did not affect the trade or commerce in Minnesota as required by Minn. Stat. § 325D.54.

## SEVENTY-FIRST DEFENSE

Plaintiffs' claims under Miss. Code Ann. §§ 75-21-1, *et seq.*, are barred, in whole or in part, because the act applies only to conspiracies to be accomplished at least in part by wrongful conduct that takes place within Mississippi.

## SEVENTY-SECOND DEFENSE

Plaintiffs' claims under Miss. Code Ann. §§ 75-21-1, *et seq.*, are barred, in whole or in part, because punitive damages may not be awarded under §§ 75-21-1, *et seq.*, which provide the exclusive remedies for violation of that act.

## SEVENTY-THIRD DEFENSE

In the event and to the extent Plaintiffs seek to assert a claim under the Mississippi "State Consumer Protection Act," Miss. Code Ann. § 75-24-15 expressly prohibits class-action lawsuits.

## SEVENTY-FOURTH DEFENSE

In the event and to the extent Plaintiffs seek to assert a claim under the Mississippi "State Consumer Protection Act," Plaintiffs have not met the prerequisites for a claim under Miss. Code Ann. § 75-24-15.

## SEVENTY-FIFTH DEFENSE

Plaintiffs' claims under Neb. Rev. Stat. §§ 59-801, *et seq.*, are barred, in whole or in part, by Neb. Rev. Stat. § 59-821.01.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**SEVENTY-SIXTH DEFENSE**

Plaintiffs' claims under Neb. Rev. Stat. §§ 59-801, *et seq.*, are barred, in whole or in part, by Neb. Rev. Stat. § 59-1609.1.

**SEVENTY-SEVENTH DEFENSE**

Plaintiffs' claims under Nev. Rev. Stat. §§ 598A, *et seq.*, are barred, in whole or in part, because under § 598A.060, that act applies only to activity occurring, at least in part, in Nevada.

**SEVENTY-EIGHTH DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-1-1, *et seq.*, are barred, in whole or in part, because the alleged conduct of TAEC that is the subject of the IP-TCAC was neither directed to nor affected persons or entities or commerce in New Mexico.

**SEVENTY-NINTH DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-1-1, *et seq.*, are barred, in whole or in part, because the IP-TCAC fails to plead such fraud or fraudulent concealment with the particularity required by the applicable law.

**EIGHTIETH DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.*, are barred, in whole or in part, because the New Mexico Unfair Practices Act does not provide relief for indirect purchasers.

**EIGHTY-FIRST DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.*, are barred, in whole or in part, because TAEC made no sales to Plaintiffs, and accordingly Plaintiffs have no claim under the New Mexico Unfair Practices Act.

**EIGHTY-SECOND DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.*, are barred, in whole or in part, because TAEC made no representations to Plaintiffs, and accordingly Plaintiffs have no claim under the New Mexico Unfair Practices Act.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**EIGHTY-THIRD DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.*, are barred, in whole or in part, because Plaintiffs failed to plead any necessary predicate acts to invoke application of the New Mexico Unfair Practices Act.

**EIGHTY-FOURTH DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.*, are barred, in whole or in part, because application of the New Mexico Unfair Practices Act to any transactions occurring outside the State of New Mexico would violate the Commerce Clause of the United States Constitution.

**EIGHTY-FIFTH DEFENSE**

Plaintiffs' claims under New Mexico law are frivolous and groundless with no arguable basis in fact or law.

**EIGHTY-SIXTH DEFENSE**

Plaintiffs' claims under N.Y. Gen. Bus. Law § 349 are barred, in whole or in part, because any alleged conduct by TAEC is, or if in interstate commerce would be, subject to and compliant with the rules and regulations of, and statutes administered by, the Federal Trade Commission or other official department, division, commission or agency of the United States, as these rules, regulations, or statutes are interpreted by the Federal Trade Commission or such department, division, commission or agency of the federal courts. N.Y. Gen. Bus. Law § 349(d).

**EIGHTY-SEVENTH DEFENSE**

Plaintiffs' claims under New York law and other applicable laws are barred by the voluntary payment doctrine, under which one cannot recover payments with full knowledge of the facts.

**EIGHTY-EIGHTH DEFENSE**

Plaintiffs' claims under N.Y. Gen. Bus. Law § 349 are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

## EIGHTY-NINTH DEFENSE

Plaintiffs' claims under N.C. Gen. Stat. § 75-1.1, *et seq.*, are barred, in whole or in part, because Plaintiffs have not suffered any actual cognizable injuries or damages under N.C. Gen. Stat. § 75-16 or otherwise under the laws of North Carolina as a result of the conduct complained of in the IP-TCAC.

## NINETIETH DEFENSE

Plaintiffs' claims under N.C. Gen. Stat. § 75-1.1, *et seq.*, are barred, in whole or in part, to the extent that an award of damages under N.C. Gen. Stat. § 75-16 is unconstitutional when applied to the facts of the instant matter.

## NINETY-FIRST DEFENSE

Plaintiffs lack standing to prosecute their North Carolina state antitrust claims against TAEC, in whole or in part, because they have not met the modified *Associated General Contractors* test set forth in *Crouch v. Crompton Corp.*, Nos. 02-4375, 03-2514, 2004 WL 2414027, at *18-20 (N.C. Super. Oct. 28, 2004).

## NINETY-SECOND DEFENSE

Plaintiffs' claims under S.D. Codified Laws §§ 37-1, *et seq.*, are barred, in whole or in part, because under S.D. Codified Laws §§ 37-1-33, courts should take efforts to avoid imposition of duplicative damages in successive suits.

## NINETY-THIRD DEFENSE

Plaintiffs' claims under Tenn. Code Ann. §§ 47-25-101, *et seq.*, are barred, in whole or in part, because Defendants did not willfully violate that statute.

## NINETY-FOURTH DEFENSE

Plaintiffs' claims under Tenn. Code Ann. §§ 47-25-101, *et seq.*, are barred, in whole or in part, because Defendants' conduct did not have a substantial effect on Tennessee commerce.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**NINETY-FIFTH DEFENSE**

Plaintiffs' claims for unjust enrichment under Tenn. Code Ann. §§ 47-25-101, *et seq.*, are barred, in whole or in part, because Plaintiffs failed to exhaust all remedies against the parties with whom each Plaintiff is in privity.

**NINETY-SIXTH DEFENSE**

Plaintiffs' claims for unjust enrichment under Tenn. Code Ann. §§ 47-25-101, *et seq.*, are barred, in whole or in part, because indirect intermediate purchasers do not have standing under the Tennessee Trade Practices Act.

**NINETY-SEVENTH DEFENSE**

Plaintiffs' claims under Vt. Stat. Ann. tit. 9, §§ 2451, *et seq.*, are barred, in whole or in part, because Plaintiffs have not suffered actual, cognizable injury under the Vermont Consumer Fraud Act.

**NINETY-EIGHTH DEFENSE**

Plaintiffs' claims under Vermont law are barred, in whole or in part, because any recovery by Plaintiffs would amount to impermissible duplicative liability within the meaning of Vt. Stat. Ann. tit. 9, § 2465(b).

**NINETY-NINTH DEFENSE**

Plaintiffs' claims under Vt. Stat. Ann. tit. 9, §§ 2451, *et seq.*, are barred, in whole or in part, because TAEC did not willfully or knowingly violate the Vermont Consumer Fraud Act.

**ONE HUNDREDTH DEFENSE**

Plaintiffs' claims under W. Va. Code §§ 47-18-1, *et seq.*, are barred, in whole or in part, because West Virginia Regulation 142-9-2, which purports to grant a cause of action to individuals indirectly injured by violations of the West Virginia Antitrust Act, is invalid, and Plaintiffs' claims are therefore barred by *Illinois Brick Co. v. Illinois*, 43 U.S. 881 (1977).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## ONE HUNDRED FIRST DEFENSE

TAEC adopts by reference any applicable defense pleaded by any other Defendant not otherwise expressly set forth herein.

## ONE HUNDRED SECOND DEFENSE

TAEC reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

## TAEC'S PRAYER FOR RELIEF

WHEREFORE, TAEC prays for judgment as follows:

1. That Plaintiffs take nothing by reason of the IP-TCAC, and that the action be dismissed with prejudice;

2. That the Court enter judgment in favor of TAEC and against Plaintiffs with respect to all causes of action in the IP-TCAC;

3. That the Court award TAEC its attorneys' fees and other costs reasonably incurred in the defense of this action; and

4. That the Court order such other further relief for TAEC as the Court may deem just and proper.

Dated:  January 26, 2011                Respectfully submitted,

**WHITE & CASE LLP**

By:  _/s/ Christopher M. Curran_
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

1

## CERTIFICATE OF SERVICE

2       On January 26, 2011, I caused a copy of the "TOSHIBA AMERICA ELECTRONIC

3    COMPONENTS, INC'S ANSWER TO INDIRECT PURCHASER PLAINTIFFS' THIRD

4    CONSOLIDATED AMENDED COMPLAINT" to be served via ECF on the other parties

5    in this action.

6

7

8                                    By:  /s/ Christopher M. Curran

9                                         Christopher M. Curran (*pro hac vice*)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917