Joseph Song (SBN 239494)
Email: songj@howrey.com
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105-2708
Telephone: (415) 848-4947
Facsimile: (415) 848-4999

John M. Taladay (admitted *pro hac vice*)
Joseph P. Ostoyich (admitted *pro hac vice*)
Richard A. Ripley (admitted *pro hac vice*)
Andreas Stargard  (admitted *pro hac vice*)
Email: taladayj@howrey.com
Email: ostoyichj@howrey.com
Email: ripleyr@howrey.com
Email: stargarda@howrey.com
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 783-0800
Fax: (202) 383-6610

Attorneys for PHILIPS ELECTRONICS NORTH AMERICA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944-SC |
| | MDL No. 1917 |
| | **ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT** |
| This Document Relates to: ALL INDIRECT PURCHASER ACTIONS | **Trial Date:  None Set** |

HOWREY LLP

1    Defendant Philips Electronics North America Corporation ("PENAC"), by and through its

2  undersigned counsel of record, answers the Indirect Purchaser Plaintiffs' Third Consolidated Amended

3  Complaint (the "Amended Complaint") and alleges additional or affirmative defenses as follows.

4  PENAC denies each and every allegation in the Amended Complaint's section headings and in all

5  portions of the Amended Complaint not contained in numbered paragraphs.  To the extent that the

6  Amended Complaint's allegations concern persons and/or entities other than PENAC, PENAC denies

7  that such allegations support any claim for relief against PENAC.

8    PENAC responds to the Amended Complaint in accordance with the Court's October 25, 2010

9  Order Modifying and Approving and Adopting Special Master's Report, Recommendations and

10 Tentative Rulings re: Defendants' Joint Motion to Dismiss the Second Amended Complaint of the

11 Indirect Purchaser Plaintiffs.

12    **I.  INTRODUCTION**

13    1.    To the extent that the allegations of Paragraph 1 are definitional, PENAC avers that no

14 response is required.  PENAC avers that the use of the term "CRT Products", which improperly

15 conflates numerous distinct and non-substitutable products (of, among other things, various sizes,

16 quantities, uses, technologies, and products at different points in the production chain) together,

17 renders the allegations of the Amended Complaint indefinite and uncertain.  To the extent that the

18 allegations of Paragraph 1 relate to other defendants or a plaintiff, PENAC lacks knowledge or

19 information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that

20 the allegations of Paragraph 1 relate to PENAC, PENAC denies all the allegations of Paragraph 1, with

21 the exception of matters specifically admitted herein as follows.  PENAC admits that Plaintiffs purport

22 to bring an antitrust action on behalf of certain persons or entities, but denies that Plaintiffs are entitled

23 to any relief or that this action may proceed as a class action.  In particular, PENAC denies that the

24 "Class Period" defined by Plaintiffs is a proper class period or that any class of purchasers spanning

25 that period (or any other period) may be certified.

26    2.    To the extent that the allegations of Paragraph 2 relate to other defendants, PENAC

27 lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

28 PENAC avers that the use of the term "Philips", which improperly conflates four distinct defendants

and legal entities together, renders the allegations of the Amended Complaint indefinite and uncertain. To the extent the allegations of Paragraph 2 related to PENAC, PENAC denies all of those allegations. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies them.

3.      To the extent that the allegations of Paragraph 3 relate to other defendants or a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 3 related to PENAC, PENAC denies all of those allegations.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and therefore denies them.

4.      PENAC admits that government authorities in the United States, the European Union, Japan and South Korea have commenced investigations of the CRT industry, the details of which are matters of public record and such records speak for themselves.  PENAC admits that an indictment was issued against C.Y. Lin, the details of which are matters of public record and such records speak for themselves.

## II. ALLEGATIONS CONCERNING JURISDICTION AND VENUE

5.      PENAC admits that Plaintiffs purport to bring this action to obtain injunctive relief and to recover damages for alleged violations of Section 1 of the Sherman Act (15 U.S.C. § 1), and to recover damages under state antitrust, unfair competition and consumer protection laws, but denies that Plaintiffs are entitled to any relief under any of these statutes.

6.      PENAC avers that the allegations of Paragraph 6 regarding jurisdiction constitute legal conclusions and/or conclusions to which no response is required.  To the extent that the allegations contained in Paragraph 6 may be deemed to require a response from PENAC, PENAC denies that this district has subject matter jurisdiction based on the conduct of PENAC as alleged in the Amended Complaint.

7.      PENAC avers that the allegations of Paragraph 7 regarding jurisdiction constitute legal conclusions and/or conclusions to which no response is required.  To the extent that the allegations contained in Paragraph 7 may be deemed to require a response from PENAC, PENAC denies that this district has subject matter jurisdiction based on the conduct of PENAC as alleged in the Amended

1    Complaint.

2        8.      PENAC avers that the allegations of Paragraph 8 regarding jurisdiction constitute legal

3    conclusions and/or conclusions to which no response is required.  To the extent that the allegations

4    contained in Paragraph 8 may be deemed to require a response from PENAC, PENAC denies that

5    venue lies in this district based on the conduct of PENAC as alleged in the Amended Complaint.

6        9.      PENAC avers that the allegations of Paragraph 9 regarding jurisdiction constitute legal

7    conclusions and/or conclusions to which no response is required.  To the extent that the allegations

8    contained in Paragraph 9 may be deemed to require a response from PENAC, and to the extent the

9    allegations of Paragraph 9 relate to other defendants, PENAC lacks knowledge or information

10   sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent

11   that the allegations contained in Paragraph 9 may be deemed to require a response from PENAC, and

12   to the extent the allegations of Paragraph 9 relate to PENAC, PENAC denies these allegations.

13       10.     PENAC avers that the allegations of Paragraph 10 and its subparts regarding

14   jurisdiction constitute legal conclusions and/or conclusions to which no response is required.  To the

15   extent that the allegations contained in Paragraph 10 and its subparts may be deemed to require a

16   response from PENAC, and to the extent the allegations of Paragraph 10 and its subparts relate to other

17   defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of those

18   allegations and therefore denies them. To the extent that the allegations contained in Paragraph 10 and

19   its subparts may be deemed to require a response from PENAC, and to the extent the allegations of

20   Paragraph 10 and its subparts relate to PENAC, PENAC denies these allegations.

21       11.     To the extent that the allegations of Paragraph 11 relate to a plaintiff, PENAC lacks

22   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

23   the extent that the allegations of Paragraph 11 relate to PENAC, PENAC denies all of those

24   allegations.

25       12.     To the extent that the allegations of Paragraph 12 relate to a plaintiff, PENAC lacks

26   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

27   the extent that the allegations of Paragraph 12 relate to PENAC, PENAC denies all of those

28   allegations.

### III. DEFINITIONS

13.     To the extent that the allegations of Paragraph 13 are an explanation of terminology, no response is required.  PENAC objects to the terms "CRT" and "CRTs" which improperly conflate various non-substitutable products under a single definition.  PENAC avers that the use of the terms "CRT" and "CRTs" render the allegations of the Amended Complaint indefinite and uncertain.  PENAC admits the remaining allegations in Paragraph 13.

14.     The allegations of Paragraph 14 are an explanation of terminology for which no response is required.  PENAC objects to the terms "CDTs" and "CPTs" which improperly conflate various non-substitutable products under a single definition.  PENAC avers that the use of the terms "CDTs" and "CPTs" render the allegations of the Amended Complaint indefinite and uncertain.  PENAC also objects to the terms "CRTs" and "cathode ray tubes" as further described in this Paragraph.

15.     The allegations of Paragraph 15 are an explanation of terminology, for which no response is required.  PENAC objects to the term "CRT Products", which improperly conflates numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, and which renders the allegations of the Amended Complaint indefinite and uncertain.

16.     The allegations of Paragraph 16 are an explanation of terminology, for which no response is required.  To the extent that the allegations of Paragraph 16 may be deemed to require a response, PENAC denies all of the allegations of Paragraph 16, with the exception of matters specifically admitted herein as follows.  PENAC admits that Plaintiffs purport to refer to the time period beginning at least March 1, 1995 through at least November 25, 2007 as the "Class Period," but denies the propriety of any such reference or any inference arising from such reference, and denies there is a properly certifiable class as defined in Paragraph 16.

17.     The allegations of Paragraph 17 are an explanation of terminology, for which no response is required.

18.     The allegations of Paragraph 18 are an explanation of terminology, for which no response is required.

# IV.  ALLEGATIONS CONCERNING PLAINTIFFS

19.    To the extent that the allegations of Paragraph 19 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 19 relate to PENAC, PENAC denies all of the allegations.

20.    To the extent that the allegations of Paragraph 20 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 20 relate to PENAC, PENAC denies all of the allegations.

21.    To the extent that the allegations of Paragraph 21 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 21 relate to PENAC, PENAC denies all of the allegations.

22.    To the extent that the allegations of Paragraph 22 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 22 relate to PENAC, PENAC denies all of the allegations.

23.    To the extent that the allegations of Paragraph 23 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 23 relate to PENAC, PENAC denies all of the allegations.

24.    To the extent that the allegations of Paragraph 24 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 24 relate to PENAC, PENAC denies all of the allegations.

25.    To the extent that the allegations of Paragraph 25 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

HOWREY LLP

-5-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

1   therefore denies them.  To the extent the allegations of Paragraph 25 relate to PENAC, PENAC denies

2   all of the allegations.

3          26.      To the extent that the allegations of Paragraph 26 relate to other defendants or to a

4   plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

5   therefore denies them.  To the extent the allegations of Paragraph 26 relate to PENAC, PENAC denies

6   all of the allegations.

7          27.      To the extent that the allegations of Paragraph 27 relate to other defendants or to a

8   plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

9   therefore denies them.  To the extent the allegations of Paragraph 27 relate to PENAC, PENAC denies

10  all of the allegations.

11         28.      To the extent that the allegations of Paragraph 28 relate to other defendants or to a

12  plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

13  therefore denies them.  To the extent the allegations of Paragraph 28 relate to PENAC, PENAC denies

14  all of the allegations.

15         29.      To the extent that the allegations of Paragraph 29 relate to other defendants or to a

16  plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

17  therefore denies them.  To the extent the allegations of Paragraph 29 relate to PENAC, PENAC denies

18  all of the allegations.

19         30.      To the extent that the allegations of Paragraph 30 relate to other defendants or to a

20  plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

21  therefore denies them.  To the extent the allegations of Paragraph 30 relate to PENAC, PENAC denies

22  all of the allegations.

23         31.      To the extent that the allegations of Paragraph 31 relate to other defendants or to a

24  plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

25  therefore denies them.  To the extent the allegations of Paragraph 31 relate to PENAC, PENAC denies

26  all of the allegations.

27         32.      To the extent that the allegations of Paragraph 32 relate to other defendants or to a

28  plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

1  therefore denies them.  To the extent the allegations of Paragraph 32 relate to PENAC, PENAC denies

2  all of the allegations.

3          33.      To the extent that the allegations of Paragraph 33 relate to other defendants or to a

4  plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

5  therefore denies them.  To the extent the allegations of Paragraph 33 relate to PENAC, PENAC denies

6  all of the allegations.

7          34.      To the extent that the allegations of Paragraph 34 relate to other defendants or to a

8  plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

9  therefore denies them.  To the extent the allegations of Paragraph 34 relate to PENAC, PENAC denies

10  all of the allegations.

11          35.      To the extent that the allegations of Paragraph 35 relate to other defendants or to a

12  plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

13  therefore denies them.  To the extent the allegations of Paragraph 35 relate to PENAC, PENAC denies

14  all of the allegations.

15          36.      To the extent that the allegations of Paragraph 36 relate to other defendants or to a

16  plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

17  therefore denies them.  To the extent the allegations of Paragraph 36 relate to PENAC, PENAC denies

18  all of the allegations.

19          37.      To the extent that the allegations of Paragraph 37 relate to other defendants or to a

20  plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

21  therefore denies them.  To the extent the allegations of Paragraph 37 relate to PENAC, PENAC denies

22  all of the allegations.

23          38.      To the extent that the allegations of Paragraph 38 relate to other defendants or to a

24  plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

25  therefore denies them.  To the extent the allegations of Paragraph 38 relate to PENAC, PENAC denies

26  all of the allegations.

27          39.      To the extent that the allegations of Paragraph 39 relate to other defendants or to a

28  plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

1    therefore denies them.  To the extent the allegations of Paragraph 39 relate to PENAC, PENAC denies

2    all of the allegations.

3         40.    To the extent that the allegations of Paragraph 40 relate to other defendants or to a

4    plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

5    therefore denies them.  To the extent the allegations of Paragraph 40 relate to PENAC, PENAC denies

6    all of the allegations.

7         41.    To the extent that the allegations of Paragraph 41 relate to other defendants or to a

8    plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

9    therefore denies them.  To the extent the allegations of Paragraph 41 relate to PENAC, PENAC denies

10   all of the allegations.

11        42.    To the extent that the allegations of Paragraph 42 relate to other defendants or to a

12   plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

13   therefore denies them.  To the extent the allegations of Paragraph 42 relate to PENAC, PENAC denies

14   all of the allegations.

15        43.    To the extent that the allegations of Paragraph 43 relate to other defendants or to a

16   plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

17   therefore denies them.  To the extent the allegations of Paragraph 43 relate to PENAC, PENAC denies

18   all of the allegations.

19        44.    To the extent that the allegations of Paragraph 44 relate to other defendants or to a

20   plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

21   therefore denies them.  To the extent the allegations of Paragraph 44 relate to PENAC, PENAC denies

22   all of the allegations.

23        45.    To the extent that the allegations of Paragraph 45 relate to other defendants or to a

24   plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

25   therefore denies them.  To the extent the allegations of Paragraph 45 relate to PENAC, PENAC denies

26   all of the allegations.

27        46.    To the extent that the allegations of Paragraph 46 relate to other defendants or to a

28   plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

therefore denies them.  To the extent the allegations of Paragraph 46 relate to PENAC, PENAC denies all of the allegations.

47.      To the extent that the allegations of Paragraph 47 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 47 relate to PENAC, PENAC denies all of the allegations.

48.      To the extent that the allegations of Paragraph 48 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 48 relate to PENAC, PENAC denies all of the allegations.

49.      To the extent that the allegations of Paragraph 49 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 49 relate to PENAC, PENAC denies all of the allegations.

50.      To the extent that the allegations of Paragraph 50 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 50 relate to PENAC, PENAC denies all of the allegations.

## V.  ALLEGATIONS CONCERNING DEFENDANTS

51.      The allegations of Paragraph 51 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 51 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 51 relate to PENAC, PENAC denies them, with the exception of matters specifically admitted herein as follows.   PENAC admits that LG.Philips Displays was formed in 2001.

52.     The allegations of Paragraph 52 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52, and therefore denies them.

53.     The allegations of Paragraph 53 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53, and therefore denies them.

54.     The allegations of Paragraph 54 are an explanation of terminology, for which no response is required.

55.     PENAC admits the first and second sentences of Paragraph 55.  PENAC admits that LG.Philips Displays was created in 2001 as a joint venture with LG Electronics.  PENAC denies that it manufactured, sold, or distributed CRT Products on behalf of Koninklijke Philips Electronics N.V. ("KPE") in the United States.  PENAC lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 55 and therefore denies them.

56.     PENAC admits the first sentence of Paragraph 56.  PENAC admits that it is an indirect subsidiary of KPE.  Owing to the vagueness and ambiguity of the term "CRT Products," PENAC denies the second sentence of Paragraph 56.  PENAC denies that KPE dominated or controlled its finances, policies or affairs of PENAC.

57.     PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57, and therefore denies them.

58.     PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58, and therefore denies them.

59.     The allegations of Paragraph 59 are an explanation of terminology, for which no response is required.  PENAC avers, however, that Paragraph 59 renders the Amended Complaint indefinite and uncertain as to PENAC.

60.     The allegations of Paragraph 60 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 60 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  PENAC denies that Royal Philips ever exerted control over LG.Philips

Displays or over LP Displays.  To the extent that the allegations of Paragraph 60 relate to PENAC, PENAC denies them, with the exception of matters specifically admitted herein as follows.  PENAC admits that LG.Philips Displays was formed in 2001 and that Royal Philips' shareholdings in the joint venture were expunged in 2007.

61.     The allegations of Paragraph 61 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61, and therefore denies them.

62.     The allegations of Paragraph 62 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62, and therefore denies them.

63.     The allegations of Paragraph 63 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63, and therefore denies them.

64.     The allegations of Paragraph 64 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64, and therefore denies them.

65.     The allegations of Paragraph 65 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65, and therefore denies them.

66.     The allegations of Paragraph 66 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66, and therefore denies them.

67.     The allegations of Paragraph 67 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67, and therefore denies them.

68.     The allegations of Paragraph 68 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68, and therefore denies them.

HOWREY LLP

-11-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

69.     The allegations of Paragraph 69 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69, and therefore denies them.

70.     The allegations of Paragraph 70 are an explanation of terminology, for which no response is required.

71.     The allegations of Paragraph 71 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71, and therefore denies them.

72.     The allegations of Paragraph 72 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72, and therefore denies them.

73.     The allegations of Paragraph 73 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73, and therefore denies them.

74.     The allegations of Paragraph 74 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74, and therefore denies them.

75.     The allegations of Paragraph 75 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75, and therefore denies them.

76.     The allegations of Paragraph 76 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76, and therefore denies them.

77.     The allegations of Paragraph 77 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77, and therefore denies them.

78.     The allegations of Paragraph 78 are an explanation of terminology, for which no response is required.

79.     The allegations of Paragraph 79 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79, and therefore denies them.

80.     The allegations of Paragraph 80 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80, and therefore denies them.

81.     The allegations of Paragraph 81 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81, and therefore denies them.

82.     The allegations of Paragraph 82 are an explanation of terminology, for which no response is required.

83.     The allegations of Paragraph 83 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83, and therefore denies them.

84.     The allegations of Paragraph 84 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84, and therefore denies them.

85.     The allegations of Paragraph 85 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85, and therefore denies them.

86.     The allegations of Paragraph 86 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86, and therefore denies them.

87.     The allegations of Paragraph 87 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87, and therefore denies them.

HOWREY LLP

-13-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

88.     The allegations of Paragraph 88 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88, and therefore denies them.

89.     The allegations of Paragraph 89 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89, and therefore denies them.

90.     The allegations of Paragraph 90 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90, and therefore denies them.

91.     The allegations of Paragraph 91 are an explanation of terminology, for which no response is required.

92.     The allegations of Paragraph 92 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92, and therefore denies them.

93.     The allegations of Paragraph 93 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93, and therefore denies them.

94.     The allegations of Paragraph 94 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94, and therefore denies them.

95.     The allegations of Paragraph 95 are an explanation of terminology, for which no response is required.

96.     The allegations of Paragraph 96 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96, and therefore denies them.

97.     The allegations of Paragraph 97 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97, and therefore denies them.

98.     The allegations of Paragraph 98 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98, and therefore denies them.

99.     The allegations of Paragraph 99 are an explanation of terminology, for which no response is required.

100.    The allegations of Paragraph 100 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100, and therefore denies them.

101.    The allegations of Paragraph 101 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101, and therefore denies them.

102.    The allegations of Paragraph 102 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102, and therefore denies them.

103.    The allegations of Paragraph 103 are an explanation of terminology, for which no response is required.

104.    The allegations of Paragraph 104 are an explanation of terminology, for which no response is required.

## VI.  ALLEGATIONS CONCERNING AGENTS AND CO-CONSPIRATORS

105.    To the extent that the allegations of Paragraph 105 relate to other defendants or to a plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 105 relate to PENAC, PENAC denies all of the allegations.

106.    The allegations of Paragraph 106 are an explanation of terminology to which no response is required.

107.    The allegations of Paragraph 107 are ambiguous and/or unintelligible.  To the extent they are intelligible, they allegations of Paragraph 107 state legal conclusions to which no response is required.

HOWREY LLP

-15-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

1

## VII.  ALLEGATIONS CONCERNING TRADE AND COMMERCE

2      108.    To the extent that the allegations in Paragraph 108 concern defendants other than

3 PENAC, PENAC is without knowledge or information sufficient to form a belief as to the truth of

4 those allegations, and, on that basis, denies them.  The allegations in Paragraph 108 regarding

5 "continuous and interrupted flow of interstate commerce and international commerce" are legal

6 contentions to which no response is required.  To the extent the remaining allegations in Paragraph 108

7 require a response, PENAC denies them.

8      109.    PENAC denies each and every allegation of Paragraph 109.

9      110.    The allegations of Paragraph 110 are legal contentions to which no response is required.

10 To the extent a response is required and the allegations of in Paragraph 110 concern PENAC, PENAC

11 denies them.  To the extent that the allegations in Paragraph 110 concern defendants other than

12 PENAC or PENAC, PENAC is without knowledge or information sufficient to form a belief as to the

13 truth of those allegations, and, on that basis, denies them.

14

## VIII.  FACTUAL ALLEGATIONS

15      111.    PENAC admits that the allegations in Paragraph 111 purport to describe CRT

16 technology, but PENAC denies that such descriptions are complete.

17      112.    PENAC admits that the allegations in Paragraph 112 purport to describe CRT

18 technology, but PENAC denies that such descriptions are complete.

19      113.    PENAC denies the allegations in Paragraph 113.

20      114.    PENAC admits that the allegations in Paragraph 114 purport to describe CRT

21 technology, but PENAC denies that such descriptions are complete.

22      115.    The allegations of Paragraph 115 are legal contentions to which no response is required.

23 To the extent that a response is required, PENAC denies each and every allegation in Paragraph 115.

24      116.    The allegations in the first and third sentences of Paragraph 116 are legal contentions to

25 which no response is required.  To the extent the other allegations in Paragraph 116 concern

26 defendants other than PENAC, PENAC is without knowledge or information sufficient to form a belief

27 as to the truth of the allegations and, on that basis, denies them.

28

-16-

117.   The allegations in the first and second sentences of Paragraph 117 are legal contentions to which no response is required.  To the extent the other allegations in Paragraph 117 concern defendants other than PENAC, PENAC is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. To the extent that the allegations in Paragraph 117 concern PENAC, PENAC denies them.

118.   The allegations in Paragraph 118 are legal contentions to which no response is required.  To the extent that the allegations of Paragraph 118 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 118 relate to PENAC, PENAC denies all of the allegations.

119.   The allegations in Paragraph 119 are legal contentions to which no response is required.  To the extent that a response is required, PENAC admits that LG.Philips Displays was formed in 2001.  To the extent that the allegations of Paragraph 119 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

120.   To the extent that the allegations of Paragraph 120 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 120 relate to PENAC, PENAC denies all of the allegations.

121.   The first sentence of Paragraph 121 is a legal contention to which no response is required.  To the extent that the remaining allegations of Paragraph 121 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the remaining allegations of Paragraph 121 relate to PENAC, PENAC denies all of the allegations.

122.   To the extent that the allegations of Paragraph 122 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 122 relate to PENAC, PENAC denies all of the allegations with the exception of matters specifically admitted herein as follows.   PENAC admits that LG.Philips Displays was formed in 2001.  PENAC admits that LG.Philips LCD Co., Ltd. was formed in 1999. PENAC denies that it was supplied "CRTs" from Samtel.  PENAC otherwise lacks knowledge or

1   information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 122,

2   and therefore denies them.

3       123.    The allegations in Paragraph 123 are legal contentions to which no response is required.

4       124.    The allegations in Paragraph 124 are legal contentions to which no response is required.

5   To the extent that a response is required, PENAC denies the allegation.

6       125.    The second sentence of Paragraph 125 is a legal contention to which no response is

7   required.  PENAC lacks knowledge or information to form a belief as to the truth of the remaining

8   allegations of Paragraph 125, and therefore denies them.

9       126.    PENAC lacks knowledge or information to form a belief as to the truth regarding the

10  allegations contained in the first and third sentences of Paragraph 126, and therefore denies them.  To

11  the extent that the remaining allegations of Paragraph 126 relate to other defendants, PENAC lacks

12  knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

13  the extent the remaining allegations of Paragraph 126 relate to PENAC, PENAC denies all of the

14  allegations.

15      127.    PENAC lacks knowledge or information to form a belief as to the truth regarding the

16  allegations contained in the second sentence of Paragraph 127, and therefore denies them.  To the

17  extent that the remaining allegations of Paragraph 127 relate to other defendants, PENAC lacks

18  knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

19  the extent the remaining allegations of Paragraph 127 relate to PENAC, PENAC denies all of the

20  allegations.

21      128.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

22  allegations of Paragraph 128, and therefore denies them.

23      129.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

24  allegations of Paragraph 129, and therefore denies them.

25      130.    PENAC denies the allegations of Paragraph 130.

26      131.    The allegations in Paragraph 131 are legal contentions to which no response is required.

27

28

-18-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

132.     To the extent that the allegations of Paragraph 132 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 132 relate to PENAC, PENAC denies all of the allegations.

133.     To the extent that the allegations of Paragraph 133 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 139 relate to PENAC, PENAC denies all of the allegations.

134.     PENAC denies each and every allegation of Paragraph 134.

135.     To the extent that the allegations of Paragraph 135 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 135 relate to PENAC, PENAC denies all of the allegations.

136.     The allegations of Paragraph 136 relate to other defendants, and PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

137.     To the extent that the allegations of Paragraph 137 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 137 relate to PENAC, PENAC denies all of the allegations.

138.     PENAC denies each and every allegation of Paragraph 138.

139.     To the extent that the allegations of Paragraph 139 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 139 relate to PENAC, PENAC denies all of the allegations.

140.     To the extent that the allegations of Paragraph 140 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 140 relate to PENAC, PENAC denies all of the allegations.

141.     To the extent that the allegations of Paragraph 141 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 141 relate to PENAC, PENAC denies all of the allegations.

142.     To the extent that the allegations of Paragraph 142 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

-19-

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

therefore denies them.  To the extent the allegations of Paragraph 142 and its subparts relate to PENAC, PENAC denies all of the allegations.

143.    To the extent that the allegations of Paragraph 143 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 143 relate to PENAC, PENAC denies all of the allegations.

144.    To the extent that the allegations of Paragraph 144 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 144 relate to PENAC, PENAC denies all of the allegations.

145.    To the extent that the allegations of Paragraph 145 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 145 relate to PENAC, PENAC denies all of the allegations.

146.    To the extent that the allegations of Paragraph 146 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 146 relate to PENAC, PENAC denies all of the allegations.

147.    To the extent that the allegations of Paragraph 147 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 147 relate to PENAC, PENAC denies all of the allegations.

148.    To the extent that the allegations of Paragraph 148 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 148 relate to PENAC, PENAC denies all of the allegations.

149.    To the extent that the allegations of Paragraph 149 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 149 relate to PENAC, PENAC denies all of the allegations.

150.    To the extent that the allegations of Paragraph 150 and each of its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 150 and each of its subparts relate to PENAC, PENAC denies all of the allegations.

-20-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

151.    To the extent that the allegations of Paragraph 151 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 151 relate to PENAC, PENAC denies all of the allegations.

152.    To the extent that the allegations of Paragraph 152 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations contained in Paragraph 152 refer to public statements by the government authorities there listed, those statements speak for themselves and no response is required.  PENAC otherwise denies the allegations of Paragraph 152.

153.    To the extent that the allegations of Paragraph 153 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 153 relate to PENAC, PENAC denies all of the allegations.

154.    To the extent that the allegations of Paragraph 154 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 154 relate to PENAC, PENAC denies all of the allegations.

155.    To the extent that the allegations of Paragraph 155 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 155 relate to PENAC, PENAC denies all of the allegations.

156.    To the extent that the allegations of Paragraph 156 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 156 relate to PENAC, PENAC denies all of the allegations.

157.    To the extent that the allegations of Paragraph 157 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 157 relate to PENAC, PENAC denies all of the allegations.

158.    To the extent that the allegations of Paragraph 158 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 158 relate to PENAC, PENAC denies all of the allegations.

HOWREY LLP

-21-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

159.     To the extent that the allegations of Paragraph 159 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 159 relate to PENAC, PENAC denies all of the allegations.

160.     The allegations of Paragraph 160 are not directed at PENAC and, therefore, no response is required.  To the extent a response is required and that the allegations of Paragraph 160 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 160 relate to PENAC, PENAC denies all of the allegations.

161.     The allegations of Paragraph 161 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 161 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 161 relate to PENAC, PENAC denies all of the allegations.

162.     The allegations of Paragraph 162 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 162 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 162 relate to PENAC, PENAC denies all of the allegations.

163.     To the extent that the allegations of Paragraph 163 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 163 relate to PENAC, PENAC denies them.

164.     To the extent that the allegations of Paragraph 164 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 164 relate to PENAC, PENAC denies them.

165.     To the extent that the allegations of Paragraph 165 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. PENAC denies that an entity named LP Displays existed during the 2001-2006 time period alleged in Paragraph 165.  To the extent the allegations of Paragraph 165 relate to PENAC, PENAC denies all of

the allegations.  PENAC specifically denies that any employee of LP Displays or LG.Philips Displays attended any meeting described in this Paragraph on its behalf.  PENAC was at all times a wholly separate corporate entity from both LP Displays and LG.Philips Displays.

166.    The allegations of Paragraph 166 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 166 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 166 relate to PENAC, PENAC denies all of the allegations.

167.    The allegations of Paragraph 167 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 167 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 167 relate to PENAC, PENAC denies all of the allegations.

168.    The allegations of Paragraph 168 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 168 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 168 relate to PENAC, PENAC denies all of the allegations.

169.    The allegations of Paragraph 169 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 169 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 176 relate to PENAC, PENAC denies all of the allegations.

170.    The allegations of Paragraph 170 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 170 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 170 relate to PENAC, PENAC denies all of the allegations.

HOWREY LLP

-23-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

171.    The allegations of Paragraph 171 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 171 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 171 relate to PENAC, PENAC denies all of the allegations.

172.    The allegations of Paragraph 172 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 172 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 172 relate to PENAC, PENAC denies all of the allegations.

173.    The allegations of Paragraph 173 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 173 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 173 relate to PENAC, PENAC denies all of the allegations.

174.    The allegations of Paragraph 174 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 174 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 174 relate to PENAC, PENAC denies all of the allegations.

175.    The allegations of Paragraph 175 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 175 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 175 relate to PENAC, PENAC denies all of the allegations.

176.    The allegations of Paragraph 176 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 176 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth,

and therefore denies them.  To the extent the allegations of Paragraph 176 relate to PENAC, PENAC denies all of the allegations.

177.    The allegations of Paragraph 177 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 177 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 177 relate to PENAC, PENAC denies all of the allegations.

178.    The allegations of Paragraph 178 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 178 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 178 relate to PENAC, PENAC denies all of the allegations.

179.    The allegations of Paragraph 179 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 179 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 179 relate to PENAC, PENAC denies all of the allegations.

180.    The first sentence of Paragraph 180 is an explanation of terminology to which no response is required.  The allegations of Paragraph 180 also state legal contentions to which no response is required.  To the extent that the remaining allegations of Paragraph 180 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the remaining allegations of Paragraph 180 relate to PENAC, PENAC denies all of the allegations.

181.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 181, and therefore denies them.

182.    The allegations contained in Paragraph 182 are vague and ambiguous, as they do not identify any underlying product or service, and therefore PENAC denies them.  To the extent that the

allegations contained in Paragraph 182 were derived from analyst reports, those reports speak for themselves and no response is required.

183.    To the extent that the allegations contained in Paragraph 183 were derived from analyst reports, those reports speak for themselves and no response is required.  To the extent the allegations in Paragraph 183 concern defendants other than PENAC, PENAC is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

184.    The first sentence of Paragraph 184 is a legal contention to which no response is required.  With regard to the second and third sentences of Paragraph 184, to the extent that these allegations were derived from or purport to quote analyst reports, those reports speak for themselves and no response is required.  With regard to the last sentence of Paragraph 184, PENAC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

185.    To the extent that the allegations in Paragraph 185 purport to quote an analyst report, that report speaks for itself and no response is required.

186.    With regard to first and second sentence of Paragraph 186, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them. With regard to the third sentence of Paragraph 186, to the extent that the allegations relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  With regard to the third sentence of Paragraph 186, to the extent the allegations relate to PENAC, PENAC denies all of the allegations.

187.    To the extent that the allegations of Paragraph 187 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 187, and therefore denies them.

188.    To the extent that the allegations of Paragraph 188 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 188, and therefore denies them.

189.     To the extent that the allegations of Paragraph 189 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations of Paragraph 189 are derived from or purport to quote published statements, that publication speaks for itself and no response is required.  To the extent the allegations of Paragraph 189 relate to PENAC, PENAC denies all of the allegations.

190.     To the extent that the allegations of Paragraph 190 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 190 relate to PENAC, PENAC denies all of the allegations.

191.     To the extent that the allegations of Paragraph 191 relate to other defendants or to plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 191 relate to PENAC, PENAC denies all of the allegations.

192.     To the extent that the allegations of Paragraph 192 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 192 relate to PENAC, PENAC denies all of the allegations. To the extent that the allegations of Paragraph 192 are derived from or purport to quote published statements made by the President of Skyworth Macao Commercial Offshore Co., Ltd., the published statements speak for themselves and no response is required.

193.     PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 193, and therefore denies them.

194.     The allegations of Paragraph 194 are legal contentions to which no response is required.

195.     The allegations of Paragraph 195 are legal contentions to which no response is required. To the extent that the allegations contained in Paragraph 195 refer to public statements by the government authorities there listed, those statements speak for themselves and no response is required. PENAC otherwise denies the allegations of Paragraph 195.

196.     To the extent that the allegations of Paragraph 196 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations contained in Paragraph 196 refer to public statements by the

1   government authorities there listed, those statements speak for themselves and no response is required.

2   PENAC otherwise denies the allegations of Paragraph 196.

3          197.    To the extent that the allegations of Paragraph 197 relate to other defendants, PENAC

4   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

5   To the extent that the allegations contained in Paragraph 197 refer to public statements by the

6   government authorities there listed, those statements speak for themselves and no response is required.

7   PENAC otherwise denies the allegations of Paragraph 197.

8          198.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

9   allegations of Paragraph 198, and therefore denies them.

10         199.    To the extent that the allegations of Paragraph 199 relate to other defendants, PENAC

11   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

12   To the extent that the allegations of Paragraph 199 are derived from or purport to quote from a news

13   article, the article speaks for itself and no response is required.

14         200.    To the extent that the allegations of Paragraph 200 relate to other defendants, PENAC

15   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

16   To the extent that the allegations of Paragraph 200 are derived from or purport to quote from a news

17   article, the article speaks for itself and no response is required.

18         201.    To the extent that the allegations of Paragraph 201 relate to other defendants, PENAC

19   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

20   To the extent that the allegations contained in Paragraph 201 refer to public statements by the

21   government authorities there listed, those statements speak for themselves and no response is required.

22         202.    To the extent that the allegations of Paragraph 202 relate to other defendants, PENAC

23   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

24   To the extent that the allegations of Paragraph 202 are derived from or purport to quote from a news

25   article, the article speaks for itself and no response is required.

26         203.    To the extent that the allegations in Paragraph 203 are derived from a news article or

27   press release, those articles and press releases speak for themselves and no response is required.

28   PENAC admits that on November 21, 2007, it received a grand jury subpoena from the Department of

1   Justice regarding the CRT industry.  The Department of Justice subsequently deferred PENAC's
2   obligation to respond to that subpoena.

3          204.    To the extent that the allegations of Paragraph 204 relate to other defendants, PENAC
4   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.
5   To the extent that the allegations contained in Paragraph 204 refers to publicly filed documents, those
6   documents speak for themselves and no response is required.

7          205.    To the extent that the allegations of Paragraph 205 relate to other defendants, PENAC
8   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.
9   To the extent that the allegations contained in Paragraph 205 refer to public statements by the
10  government authorities there listed, those statements speak for themselves and no response is required.
11  PENAC otherwise denies the allegations of Paragraph 205.

12         206.    The allegations of Paragraph 206 are legal contentions to which no response is required.
13  To the extent a response is required and the allegations of in Paragraph 206 concern PENAC, PENAC
14  denies them.  To the extent that the allegations in Paragraph 206 concern defendants other than
15  PENAC, PENAC is without knowledge or information sufficient to form a belief as to the truth of
16  those allegations, and, on that basis, denies them.

17         207.    To the extent that the allegations of Paragraph 207 relate to other defendants, PENAC
18  lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.
19  To the extent the allegations contained in Paragraph 207 refer to public statements by the government
20  authorities there listed, those statements speak for themselves and no response is required.  PENAC
21  otherwise denies the allegations of Paragraph 207.

22         208.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the
23  allegations of Paragraph 208, and therefore denies them.

24         209.    To the extent that the allegations of Paragraph 209 relate to other defendants, PENAC
25  lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.
26  To the extent the allegations contained in Paragraph 209 refer to public statements by the government
27  authorities there listed, those statements speak for themselves and no response is required.

28

210.     To the extent that the allegations of Paragraph 210 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations in Paragraph 210 are derived from or purport to quote a news article, that news article speaks for itself and no response is required.

211.     To the extent that the allegations of Paragraph 211 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations contained in Paragraph 211 refer to public statements by the government authorities there listed, those statements speak for themselves and no response is required.

212.     To the extent that the allegations of Paragraph 212 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations contained in Paragraph 212 refer to public statements by the government authorities there listed, those statements speak for themselves and no response is required.

213.     To the extent that the allegations of Paragraph 213 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations contained in Paragraph 213 refer to public filings by the government authorities there listed, those filings speak for themselves and no response is required.

## IX.  ALLEGATIONS CONCERNING THE PASS-THROUGH OF OVERCHARGES TO CONSUMERS

214.     To the extent the allegations contained in Paragraph 214 refer to public statements by the government authorities there listed, those statements speak for themselves and no response is required.  To the extent that the allegations of Paragraph 214 relate to other defendants or to plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 214 relate to PENAC, PENAC denies all of the allegations.

215.     To the extent that the allegations of Paragraph 215 relate to other defendants or to plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

1   therefore denies them.  To the extent the allegations of Paragraph 215 relate to PENAC, PENAC

2   denies all of the allegations.

3         216.    The allegations of Paragraph 216 are legal contentions to which no response is required.

4         217.    To the extent that the allegations of Paragraph 217 relate to other defendants or to

5   plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

6   therefore denies them.  To the extent the allegations of Paragraph 217 relate to PENAC, PENAC

7   denies all of the allegations.

8         218.    The allegations of Paragraph 218 are legal contentions to which no response is required.

9         219.    With regard to the first three sentences of Paragraph 219, PENAC lacks knowledge or

10  information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

11  With regard to the last sentence of Paragraph 219, to the extent that the allegations relate to other

12  defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

13  therefore denies them.  With regard to the last sentence of Paragraph 219, to the extent the allegations

14  relate to PENAC, PENAC denies all of the allegations.

15        220.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

16  allegations of Paragraph 220, and therefore denies them.

17        221.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

18  allegations of Paragraph 221, and therefore denies them.

19        222.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

20  allegations of Paragraph 222, and therefore denies them.

21        223.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

22  allegations of Paragraph 223, and therefore denies them.

23        224.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

24  allegations of Paragraph 224, and therefore denies them.

25        225.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

26  allegations of Paragraph 225, and therefore denies them. To the extent that the allegations of Paragraph

27  233 are derived from or purport to quote from a publicly-filed document, the document speaks for

28  itself and no response is required.

-31-

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

1   226.   To the extent that the allegations of Paragraph 226 are derived from or purport to quote

2   a publication, the publication speaks for itself and no response is required.

3   227.   To the extent that the allegations of Paragraph 227 are derived from or purport to quote

4   a publication, the publication speaks for itself and no response is required.

5   228.   To the extent that the allegations of Paragraph 228 are derived from or purport to quote

6   a publication, the publication speaks for itself and no response is required.

7   229.   To the extent that the allegations of Paragraph 229 relate to other defendants, PENAC

8   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

9   To the extent the allegations of Paragraph 229 relate to PENAC, PENAC denies all of the allegations.

10   230.   To the extent that the allegations of Paragraph 230 relate to other defendants, PENAC

11   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

12   To the extent the allegations of Paragraph 230 relate to PENAC, PENAC denies all of the allegations.

13   231.   To the extent that the allegations of Paragraph 231 relate to other defendants or to

14   plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and

15   therefore denies them.  To the extent the allegations of Paragraph 231 relate to PENAC, PENAC

16   denies all of the allegations.

17   ## X.  CLASS ACTION ALLEGATIONS

18   232.   PENAC admits Plaintiffs purport to bring this action as a putative class action as

19   defined in Paragraph 232, but denies that Fed. R. Civ. P. 23 would permit the certification of a class as

20   defined in Paragraph 232, or at all.

21   233.   PENAC admits Plaintiffs purport to bring this action as a putative class action as

22   defined in Paragraph 233, but denies that Fed. R. Civ. P. 23 would permit the certification of a class as

23   defined in Paragraph 233, or at all.

24   234.   PENAC denies that a class as so defined could properly be certified.

25   235.   PENAC denies each and every allegation of Paragraph 235 and its subparts.  PENAC

26   denies that the questions of law or fact enumerated in subparagraphs (d)(i) – (d)(ix) are common to the

27   Class as defined in the Amended Complaint or could properly be decided on a class-wide basis.

28

HOWREY LLP

-32-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

## XI. ALLEGATIONS CONCERNING ALLEGED VIOLATIONS

**A.** **Claim for Violation of 15 U.S.C. § 1**

236.    PENAC repeats and incorporates by reference its responses to Paragraphs 1 through 235 of the Amended Complaint with the same force and effect as if set forth herein at length.

237.    PENAC avers that the allegations of Paragraph 237 constitute legal contentions and/or conclusions to which no response is required.  To the extent that Paragraph 237 may be deemed to require a response from PENAC, PENAC denies all of the allegations.

238.    PENAC denies each and every allegation of Paragraph 238.

239.    PENAC denies each and every allegation of Paragraph 239.

240.    PENAC denies each and every allegation of Paragraph 240.

241.    PENAC denies each and every allegation of Paragraph 241, including its subparts.

242.    PENAC denies each and every allegation of Paragraph 242, including its subparts.

243.    PENAC denies each and every allegation of Paragraph 243.

244.    PENAC denies each and every allegation of Paragraph 244.

245.    PENAC denies each and every allegation of Paragraph 245.

**B.** **Claim for Violation of State Antitrust Statutes**

246.    PENAC repeats and incorporates by reference its responses to Paragraphs 1 through 245 of the Amended Complaint with the same force and effect as if set forth herein at length.

247.    PENAC denies each and every allegation of Paragraph 247, including its subparts.

248.    PENAC denies each and every allegation of Paragraph 248, including its subparts.

249.    PENAC denies each and every allegation of Paragraph 249, including its subparts.

250.    PENAC denies each and every allegation of Paragraph 250, including its subparts.

251.    PENAC denies each and every allegation of Paragraph 251, including its subparts.

252.    PENAC denies each and every allegation of Paragraph 252, including its subparts.

253.    PENAC denies each and every allegation of Paragraph 253, including its subparts.

254.    PENAC denies each and every allegation of Paragraph 254, including its subparts.

255.    PENAC denies each and every allegation of Paragraph 255, including its subparts.

256.    PENAC denies each and every allegation of Paragraph 256, including its subparts.

257.     PENAC denies each and every allegation of Paragraph 257, including its subparts.

258.     PENAC denies each and every allegation of Paragraph 258, including its subparts. Further, the Order of the Court Approving and Adopting Special Master's Report, Recommendations and Tentative Rulings re: Defendants' Motions to Dismiss, dated March 30, 2010, dismissed the claims under Nebraska law based on sales made prior to July 20, 2002.

259.     PENAC denies each and every allegation of Paragraph 259, including its subparts. Further, the Order of the Court Approving and Adopting Special Master's Report, Recommendations and Tentative Rulings re: Defendants' Motions to Dismiss, dated March 30, 2010, dismissed the claims under Nevada law for sales made prior to the 1999 date of Nevada's repealer statute.

260.     PENAC denies each and every allegation of Paragraph 260, including its subparts.

261.     PENAC denies each and every allegation of Paragraph 261, including its subparts.

262.     PENAC denies each and every allegation of Paragraph 262, including its subparts.

263.     PENAC denies each and every allegation of Paragraph 263, including its subparts.

264.     PENAC denies each and every allegation of Paragraph 264, including its subparts.

265.     PENAC denies each and every allegation of Paragraph 265, including its subparts.

266.     PENAC denies each and every allegation of Paragraph 266, including its subparts.

267.     PENAC denies each and every allegation of Paragraph 267, including its subparts.

268.     PENAC denies each and every allegation of Paragraph 268, including its subparts.

**C.      Claim for Violation of State Consumer Protection and Unfair Competition Statutes**

269.     PENAC repeats and incorporates by reference its responses to Paragraphs 1 through 268 of the Amended Complaint with the same force and effect as if set forth herein at length.

270.     PENAC denies each and every allegation of Paragraph 270.

271.     PENAC denies each and every allegation of Paragraph 271, including its subparts.

272.     PENAC denies each and every allegation of Paragraph 272, including its subparts.

273.     PENAC denies each and every allegation of Paragraph 273, including its subparts.

274.     PENAC denies each and every allegation of Paragraph 274, including its subparts. Further, the Special Master's Report, Recommendations and Tentative Rulings re: Defendants'

Motions to Dismiss, dated February 5, 2010, adopted by Order of the Court, dated March 30, 2010, noted that Plaintiffs have withdrawn their claims based on the laws of Hawaii.

275.    PENAC denies each and every allegation of Paragraph 275, including its subparts. Further, the Order of the Court Approving and Adopting Special Master's Report, Recommendations and Tentative Rulings re: Defendants' Motions to Dismiss, dated March 30, 2010, dismissed the claims under Nebraska law based on sales made prior to July 20, 2002.

276.    PENAC denies each and every allegation of Paragraph 276, including its subparts.

277.    PENAC denies each and every allegation of Paragraph 277, including its subparts.

278.    PENAC denies each and every allegation of Paragraph 278, including its subparts.

279.    PENAC denies each and every allegation of Paragraph 279, including its subparts.

**D.    Claim for Unjust Enrichment and Disgorgement of Profits**

280.    PENAC repeats and incorporates by reference its responses to Paragraphs 1 through 279 of the Amended Complaint with the same force and effect as if set forth herein at length.

281.    The allegations of Paragraph 281 state legal contentions to which no response is required.  To the extent that Paragraph 281 may be deemed to require a response, PENAC denies, for want of information or belief, each of the allegations of Paragraph 281.

282.    PENAC avers that the allegations of Paragraph 282 constitute legal contentions and/or conclusions to which no response is required, but PENAC nonetheless denies all those allegations.

283.    The allegations of Paragraph 283 state legal contentions to which no response is required.  To the extent that Paragraph 283 may be deemed to require a response, PENAC denies, for want of information or belief, each of the allegations of Paragraph 283.

**XII.  ALLEGATIONS CONCERNING FRAUDULENT CONCEALMENT**

284.    To the extent that the allegations of Paragraph 284 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 284 relate to PENAC, PENAC denies all of the allegations.

HOWREY LLP

-35-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

285.     To the extent that the allegations in Paragraph 285 state legal contentions, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 285, and therefore denies them.

286.     To the extent that the allegations of Paragraph 286 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 286 and its subparts relate to PENAC, PENAC denies all of the allegations.

287.     The allegations of Paragraph 287 are legal contentions to which no response is required.  To the extent any facts are alleged in Paragraph 287 to which a response is required, PENAC denies them.

## XIII.  ALLEGATIONS CONCERNING PRAYER FOR RELIEF

PENAC denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of PENAC as alleged in the Amended Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint.  All allegations of the Amended Complaint not heretofore admitted or denied are here and now denied as though specifically denied herein.

## AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, PENAC asserts the following additional and/or affirmative defenses to Plaintiffs' Amended Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

The conduct alleged to provide a basis for the claims of Plaintiffs and any putative class members did not have a direct, substantial, and reasonably foreseeable effect on trade or commerce within the United States.  The Court, therefore, lacks subject matter jurisdiction of the claims of Plaintiffs and any putative class members.

HOWREY LLP

-36-

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)**

Plaintiffs' claims for any foreign purchases, if any, should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege facts sufficient to support a claim under the foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

**FOURTH AFFIRMATIVE DEFENSE**

**(Vagueness of Claims)**

Plaintiffs' claims should be dismissed for uncertainty and vagueness and because their claims are ambiguous and/or unintelligible. PENAC avers that Plaintiffs' claims do not describe the events or legal theories with sufficient particularity to permit PENAC to ascertain what other defenses may exist. PENAC therefore reserves the right to amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of more definitive facts upon the completion of its investigation and discovery.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege fraud or fraudulent concealment with sufficient particularity.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Plead Conspiracy with Particularity)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege conspiracy with sufficient particularity.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitation)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the applicable statutes of limitation.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unilateral Action)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any action taken by or on behalf of PENAC that are the subject of the Amended Complaint were undertaken unilaterally for legitimate business reasons and in pursuit of PENAC's independent interests and those of its customers, and were not the product of any contract, combination or conspiracy between PENAC and any other person or entity.

## NINTH AFFIRMATIVE DEFENSE

### (Rule of Reason)

Plaintiffs claims and claims of any putative class members are barred, in whole or in part, because any acts or practices of PENAC that are the subject of the Amended Complaint were adopted in furtherance of legitimate business interests of PENAC and of its customers and do not unreasonably restrain competition.

## TENTH AFFIRMATIVE DEFENSE

### (Competition)

Plaintiffs claims and claims of any putative class members are barred, in whole or in part, because any acts or practices of PENAC that are the subject of the Amended Complaint were cost justified or otherwise economically justified and resulted from a good faith effort to meet competition or market conditions.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Non-actionable or Governmental Privilege)

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of PENAC that is the subject of the Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

## TWELFH AFFIRMATIVE DEFENSE

### (No Act of PENAC)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because no plaintiff has been injured in its business or property by reason of any action of PENAC.

HOWREY LLP

-38-

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Intervening Conduct)

Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because any alleged injuries and/or damages were not legally or proximately caused by any acts or omissions of PENAC and/or were caused, if at all, solely and proximately by the conduct of third parties including, without limitations, the prior, intervening or superseding conduct of such third parties.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (*Ultra Vires*)

To the extent that any actionable conduct may have occurred, Plaintiffs' claims against PENAC are barred because all such alleged conduct would have been committed by individuals acting *ultra vires*.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Antitrust Injury)

Plaintiffs' claims should be dismissed because Plaintiffs and/or certain members of the putative classes have not suffered actual, cognizable antitrust injury of the type antitrust laws are intended to remedy.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty of Damages)

Plaintiffs' claims should be dismissed because the alleged damages sought are too speculative and uncertain, and cannot be practicably ascertained or allocated.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiffs' claims should be dismissed, in whole or in part, because Plaintiffs and/or certain members of the putative classes failed to take all necessary, reasonable, and appropriate actions to mitigate their alleged damages, if any.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

HOWREY LLP

-39-

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

1   Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

2   because Plaintiffs and/or certain members of the putative classes would be unjustly enriched if they

3   were allowed to recover any part of the damages alleged in the Amended Complaint.

4   **NINETEENTH AFFIRMATIVE DEFENSE**

5   **(Set Off)**

6   Without admitting that Plaintiffs are entitled to recover damages in this matter, PENAC is

7   entitled to set off from any recovery Plaintiffs may obtain against PENAC any amount paid to

8   Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

9   **TWENTIETH AFFIRMATIVE DEFENSE**

10   **(Improper Taking)**

11   Any award of restitution or monetary recovery pursuant to California Business and Professions

12   §§ 17200, et seq. would constitute a taking of property without just compensation in violation of the

13   Takings Clause of the U.S. Constitution and of Article 1, Section 19 of the California Constitution.

14   **TWENTY-FIRST AFFIRMATIVE DEFENSE**

15   **(Waiver and Estoppel)**

16   Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by

17   the doctrines of waiver and/or estoppel.

18   **TWENTY-SECOND AFFIRMATIVE DEFENSE**

19   **(Laches)**

20   Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by

21   the equitable doctrine of laches.

22   **TWENTY-THIRD AFFIRMATIVE DEFENSE**

23   **(Unclean Hands)**

24   Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by

25   the equitable doctrine of unclean hands.

26   **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

27   **(Acquiescence)**

28

HOWREY LLP

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

1   Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by

2   Plaintiffs' and/or certain members of the putative classes acquiescence and/or confirmation of any and

3   all conduct and/or omissions alleged as to PENAC.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Accord and Satisfaction)

6   Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### (*Forum Non Conveniens*)

9   The Amended Complaint should be dismissed on the grounds of *forum non conveniens*.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Improper Forum/Arbitration)

12   Plaintiff's claims and claims of any putative class members against PENAC are barred to the

13   extent that they have agreed to arbitration or chosen a different forum for the resolution of their claims.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Adequate Remedy at Law)

16   Plaintiffs' claims for injunctive relief should be dismissed because Plaintiffs and/or certain

17   members of the putative class have available an adequate remedy at law.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### (Failure to Join Indispensable Parties)

20   Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, for

21   failure to join indispensable parties.

### THIRTIETH AFFIRMATIVE DEFENSE

#### (Due Process)

24   Plaintiff's claims and claims of any putative class members are barred, in whole or in part, to

25   the extent they seek an improper multiple punitive award for a single wrong because such an award

26   would violate PENAC's rights guaranteed by the Due Process clause of the Fifth Amendment of the

27   United States Constitution.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

**(Due Process)**

Plaintiff's claims and claims of any putative class members are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Due Process provision of the Fourteenth Amendment of the United States Constitution.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

**(Equal Protection)**

Plaintiff's claims and claims of any putative class members are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Equal Protection provision of the Fourteenth Amendment of the United States Constitution.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

**(Double Jeopardy)**

Plaintiff's claims and claims of any putative class members are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

**(Excessive Fines)**

Plaintiff's claims and claims of any putative class members are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Excessive Fines provision of the Eighth Amendment of the United States Constitution.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

**(Unconstitutional Multiplicity)**

To the extent any recovery by Plaintiffs or members of the putative class would be duplicative of recovery by other plaintiffs and other lawsuits, subjecting PENAC to the possibility of multiple

recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Foreign Sales)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs may not recover damages, if any, based on sales outside of the United States.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Legal Acts)

Plaintiffs' claims are barred, in whole or in part, to the extent they are based on alleged acts, conduct or statements that are specifically permitted by law.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Withdrawal)

To the extent that any actionable conduct occurred for which PENAC is liable, some or all of Plaintiffs' claims against PENAC are barred because PENAC withdrew from and/or abandoned any alleged conspiracy prior to the commencement of the limitations period set forth in applicable statutes of limitations.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any and all injuries alleged in the Amended Complaint, the fact and extent of which PENAC specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiffs, certain members of the putative classes, and/or third parties or entities, other than PENAC.

## FORTIETH AFFIRMATIVE DEFENSE

### (Failure To Plead Special Damages With Specificity)

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to plead special damages with specificity as required by the laws of the various States cited.

## FORTY-FIRST AFFIRMATIVE DEFENSE

HOWREY LLP

**(Injury or Damages Offset by Benefits Received)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any claimed injury or damage has been offset by benefits Plaintiffs received with respect to the challenged conduct.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(Damages Not Passed Through to Plaintiffs)**

Plaintiffs' claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Amended Complaint was not incurred by or passed on to Plaintiffs, or was incurred by or passed on to persons or entities other than Plaintiffs.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(Proportionality)**

To the extent PENAC is found liable for damages, the fact and extent of which are expressly denied by PENAC, those damages must be reduced in proportion to PENAC's degree of fault.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

**(Release)**

The claims of one or more of the persons or entities Plaintiffs purport to represent are barred because they have been released.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

**(No 'Full Consideration' Damages)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not entitled to "full consideration" damages.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

**(Lack of Standing as Indirect Purchasers)**

Plaintiffs' claims are barred, in whole or in part, to the extent the various States cited have not repealed the *Illinois Brick* doctrine.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Other Defenses Incorporated by Reference)**

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

HOWREY LLP

PENAC adopts and incorporates by reference any and all other affirmative defenses asserted or to be asserted by any other defendant in this proceeding to the extent that PENAC may share in such affirmative defenses.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Reservation of Rights to Assert Additional Defenses)

PENAC has not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings. PENAC further reserves the right to amend its Answer and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable during the course of subsequent discovery.

**WHEREFORE**, PENAC prays as follows:

1.      That the Plaintiffs take nothing by way of the Amended Complaint and the Amended Complaint be dismissed with prejudice;

2.      That judgment be entered in favor of PENAC and against Plaintiffs on each and every cause of action set forth in the Amended Complaint;

3.      That PENAC recover its costs of suit and attorneys' fees incurred herein; and

4.      That PENAC be granted such other and further relief as the Court deems just and proper.

DATED:  January 26, 2011                    HOWREY LLP

                                             /s/ *Joseph Song*
                                            Joseph Song

                                            525 Market Street
                                            Suite 3600
                                            San Francisco, CA 94105-2708
                                            Telephone: (415) 848-4927
                                            Facsimile: (212) 848-4999
                                            Email: songj@howrey.com

                                            *Attorney for Philips Electronics North America Corporation*

HOWREY LLP

-45-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

1

## **CERTIFICATE OF SERVICE**

2        I hereby certify that I am a resident of the State of California and over the age of 18 years, and
not a party to the within action.  My business address is HOWREY LLP, 525 Market Street, Suite
3   3600, San Francisco, California 94105.

4        I hereby certify that on January 26, 2011, I electronically filed ANSWER OF PHILIPS
ELECTRONICS NORTH AMERICA CORPORATION TO INDIRECT PURCHASER PLAINTIFFS'
5   THIRD CONSOLIDATED AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF
system, which will send notification of such filing to the counsel of record in this matter who are
6   registered on the CM/ECF system.

7

8                                          /s/ *Joseph Song*_____
                                        Joseph Song

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOWREY LLP

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT