Joseph Song (SBN 239494)
Email: songj@howrey.com
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105-2708
Telephone: (415) 848-4947
Facsimile: (415) 848-4999

John M. Taladay (admitted *pro hac vice*)
Joseph P. Ostoyich (admitted *pro hac vice*)
Richard A. Ripley (admitted *pro hac vice*)
Andreas Stargard  (admitted *pro hac vice*)
Email: taladayj@howrey.com
Email: ostoyichj@howrey.com
Email: ripleyr@howrey.com
Email: stargarda@howrey.com
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 783-0800
Fax: (202) 383-6610

Attorneys for KONINKLIJKE PHILIPS ELECTRONICS N.V.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944-SC |
| | MDL No. 1917 |
| | **ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT** |
| This Document Relates to: ALL INDIRECT PURCHASER ACTIONS | **Trial Date:  None Set** |

HOWREY LLP

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

1    Defendant Koninklijke Philips Electronics N.V. ("KPE"), by and through its undersigned

2    counsel of record, answers the Indirect Purchaser Plaintiffs' Third Consolidated Amended Complaint

3    (the "Amended Complaint") and alleges additional or affirmative defenses as follows.  KPE denies

4    each and every allegation in the Amended Complaint's section headings and in all portions of the

5    Amended Complaint not contained in numbered paragraphs.  To the extent that the Amended

6    Complaint's allegations concern persons and/or entities other than KPE, KPE denies that such

7    allegations support any claim for relief against KPE.

8    KPE responds to the Amended Complaint in accordance with the Court's October 25, 2010

9    Order Modifying and Approving and Adopting Special Master's Report, Recommendations and

10   Tentative Rulings re: Defendants' Joint Motion to Dismiss the Second Amended Complaint of the

11   Indirect Purchaser Plaintiffs.

12                                    **I.  INTRODUCTION**

13       1.      To the extent that the allegations of Paragraph 1 are definitional, KPE avers that no

14   response is required.  KPE avers that the use of the term "CRT Products", which improperly conflates

15   numerous distinct and non-substitutable products (of, among other things, various sizes, quantities,

16   uses, technologies, and products at different points in the production chain) together, renders the

17   allegations of the Amended Complaint indefinite and uncertain.  To the extent that the allegations of

18   Paragraph 1 relate to other defendants or a plaintiff, KPE lacks knowledge or information sufficient to

19   form a belief as to their truth, and therefore denies them.  To the extent that the allegations of

20   Paragraph 1 relate to KPE, KPE denies all the allegations of Paragraph 1, with the exception of matters

21   specifically admitted herein as follows.  KPE admits that Plaintiffs purport to bring an antitrust action

22   on behalf of certain persons or entities, but denies that Plaintiffs are entitled to any relief or that this

23   action may proceed as a class action.  In particular, KPE denies that the "Class Period" defined by

24   Plaintiffs is a proper class period or that any class of purchasers spanning that period (or any other

25   period) may be certified.

26       2.      To the extent that the allegations of Paragraph 2 relate to other defendants, KPE lacks

27   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

28   the extent the allegations of Paragraph 2 related to KPE, KPE denies all of those allegations.  KPE

1    otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

2    Paragraph 2, and therefore denies them.  KPE avers that the use of the term "Philips", which

3    improperly conflates four distinct defendants and legal entities together, renders the allegations of the

4    Amended Complaint indefinite and uncertain.

5         3.    To the extent that the allegations of Paragraph 3 relate to other defendants or a plaintiff,

6    KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies

7    them.  To the extent the allegations of Paragraph 3 related to KPE, KPE denies all of those allegations.

8    KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the

9    allegations of Paragraph 3, and therefore denies them.

10        4.    KPE admits that government authorities in the United States, the European Union,

11   Japan and South Korea have commenced investigations of the CRT industry, the details of which are

12   matters of public record and such records speak for themselves.  KPE admits that an indictment was

13   issued against C.Y. Lin, the details of which are matters of public record and such records speak for

14   themselves.

## II. ALLEGATIONS CONCERNING JURISDICTION AND VENUE

16        5.    KPE admits that Plaintiffs purport to bring this action to obtain injunctive relief and to

17   recover damages for alleged violations of Section 1 of the Sherman Act (15 U.S.C. § 1), and to recover

18   damages under state antitrust, unfair competition and consumer protection laws, but denies that

19   Plaintiffs are entitled to any relief under any of these statutes.

20        6.    KPE avers that the allegations of Paragraph 6 regarding jurisdiction constitute legal

21   conclusions and/or conclusions to which no response is required.  To the extent that the allegations

22   contained in Paragraph 6 may be deemed to require a response from KPE, KPE denies that this district

23   has subject matter jurisdiction based on the conduct of KPE as alleged in the Amended Complaint.

24        7.    KPE avers that the allegations of Paragraph 7 regarding jurisdiction constitute legal

25   conclusions and/or conclusions to which no response is required.  To the extent that the allegations

26   contained in Paragraph 7 may be deemed to require a response from KPE, KPE denies that this district

27   has subject matter jurisdiction based on the conduct of KPE as alleged in the Amended Complaint.

28

8.      KPE avers that the allegations of Paragraph 8 regarding jurisdiction constitute legal conclusions and/or conclusions to which no response is required.  To the extent that the allegations contained in Paragraph 8 may be deemed to require a response from KPE, KPE denies that venue lies in this district based on the conduct of KPE as alleged in the Amended Complaint.

9.      KPE avers that the allegations of Paragraph 9 regarding jurisdiction constitute legal conclusions and/or conclusions to which no response is required.  To the extent that the allegations contained in Paragraph 9 may be deemed to require a response from KPE, and to the extent the allegations of Paragraph 9 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent that the allegations contained in Paragraph 9 may be deemed to require a response from KPE, and to the extent the allegations of Paragraph 9 relate to KPE, KPE denies these allegations.

10.      KPE avers that the allegations of Paragraph 10 and its subparts regarding jurisdiction constitute legal conclusions and/or conclusions to which no response is required.  To the extent that the allegations contained in Paragraph 10 and its subparts may be deemed to require a response from KPE, and to the extent the allegations of Paragraph 10 and its subparts relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent that the allegations contained in Paragraph 10 and its subparts may be deemed to require a response from KPE, and to the extent the allegations of Paragraph 10 and its subparts relate to KPE, KPE denies these allegations.

11.      To the extent that the allegations of Paragraph 11 relate to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 11 relate to KPE, KPE denies all of those allegations.

12.      To the extent that the allegations of Paragraph 12 relate to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 12 relate to KPE, KPE denies all of those allegations.

### III.  DEFINITIONS

13.      To the extent that the allegations of Paragraph 13 are an explanation of terminology, no response is required.  KPE objects to the terms "CRT" and "CRTs" which improperly conflate various

1  non-substitutable products under a single definition.  KPE avers that the use of the terms "CRT" and

2  "CRTs" render the allegations of the Amended Complaint indefinite and uncertain.  KPE admits the

3  remaining allegations in Paragraph 13.

4        14.    The allegations of Paragraph 14 are an explanation of terminology for which no

5  response is required.  KPE objects to the terms "CDTs" and "CPTs" which improperly conflate various

6  non-substitutable products under a single definition.  KPE avers that the use of the terms "CDTs" and

7  "CPTs" render the allegations of the Amended Complaint indefinite and uncertain. KPE also objects to

8  the terms "CRTs" and "cathode ray tubes" as further described in this Paragraph.

9        15.    The allegations of Paragraph 15 are an explanation of terminology, for which no

10  response is required.  KPE objects to the term "CRT Products", which improperly conflates numerous

11  distinct and non-substitutable products (of, among other things, various sizes, qualities, uses,

12  technologies, and products at different points in the production chain) together, and which renders the

13  allegations of the Amended Complaint indefinite and uncertain.

14        16.    The allegations of Paragraph 16 are an explanation of terminology, for which no

15  response is required.  To the extent that the allegations of Paragraph 16 may be deemed to require a

16  response, KPE denies all of the allegations of Paragraph 16, with the exception of matters specifically

17  admitted herein as follows.  KPE admits that Plaintiffs purport to refer to the time period beginning at

18  least March 1, 1995 through at least November 25, 2007 as the "Class Period," but denies the propriety

19  of any such reference or any inference arising from such reference, and denies there is a properly

20  certifiable class as defined in Paragraph 16.

21        17.    The allegations of Paragraph 17 are an explanation of terminology, for which no

22  response is required.

23        18.    The allegations of Paragraph 18 are an explanation of terminology, for which no

24  response is required.

25  **IV.  ALLEGATIONS CONCERNING PLAINTIFFS**

26        19.    To the extent that the allegations of Paragraph 19 relate to other defendants or to a

27  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

28

HOWREY LLP

-4-

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

1   denies them.  To the extent the allegations of Paragraph 19 relate to KPE, KPE denies all of the

2   allegations.

3        20.     To the extent that the allegations of Paragraph 20 relate to other defendants or to a

4   plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

5   denies them.  To the extent the allegations of Paragraph 20 relate to KPE, KPE denies all of the

6   allegations.

7        21.     To the extent that the allegations of Paragraph 21 relate to other defendants or to a

8   plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

9   denies them.  To the extent the allegations of Paragraph 21 relate to KPE, KPE denies all of the

10  allegations.

11       22.     To the extent that the allegations of Paragraph 22 relate to other defendants or to a

12  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

13  denies them.  To the extent the allegations of Paragraph 22 relate to KPE, KPE denies all of the

14  allegations.

15       23.     To the extent that the allegations of Paragraph 23 relate to other defendants or to a

16  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

17  denies them.  To the extent the allegations of Paragraph 23 relate to KPE, KPE denies all of the

18  allegations.

19       24.     To the extent that the allegations of Paragraph 24 relate to other defendants or to a

20  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

21  denies them.  To the extent the allegations of Paragraph 24 relate to KPE, KPE denies all of the

22  allegations.

23       25.     To the extent that the allegations of Paragraph 25 relate to other defendants or to a

24  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

25  denies them.  To the extent the allegations of Paragraph 25 relate to KPE, KPE denies all of the

26  allegations.

27       26.     To the extent that the allegations of Paragraph 26 relate to other defendants or to a

28  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

denies them.  To the extent the allegations of Paragraph 26 relate to KPE, KPE denies all of the allegations.

27.    To the extent that the allegations of Paragraph 27 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 27 relate to KPE, KPE denies all of the allegations.

28.    To the extent that the allegations of Paragraph 28 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 28 relate to KPE, KPE denies all of the allegations.

29.    To the extent that the allegations of Paragraph 29 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 29 relate to KPE, KPE denies all of the allegations.

30.    To the extent that the allegations of Paragraph 30 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 30 relate to KPE, KPE denies all of the allegations.

31.    To the extent that the allegations of Paragraph 31 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 31 relate to KPE, KPE denies all of the allegations.

32.    To the extent that the allegations of Paragraph 32 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 32 relate to KPE, KPE denies all of the allegations.

33.    To the extent that the allegations of Paragraph 33 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

1   denies them.  To the extent the allegations of Paragraph 33 relate to KPE, KPE denies all of the

2   allegations.

3       34.     To the extent that the allegations of Paragraph 34 relate to other defendants or to a

4   plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

5   denies them.  To the extent the allegations of Paragraph 34 relate to KPE, KPE denies all of the

6   allegations.

7       35.     To the extent that the allegations of Paragraph 35 relate to other defendants or to a

8   plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

9   denies them.  To the extent the allegations of Paragraph 35 relate to KPE, KPE denies all of the

10  allegations.

11      36.     To the extent that the allegations of Paragraph 36 relate to other defendants or to a

12  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

13  denies them.  To the extent the allegations of Paragraph 36 relate to KPE, KPE denies all of the

14  allegations.

15      37.     To the extent that the allegations of Paragraph 37 relate to other defendants or to a

16  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

17  denies them.  To the extent the allegations of Paragraph 37 relate to KPE, KPE denies all of the

18  allegations.

19      38.     To the extent that the allegations of Paragraph 38 relate to other defendants or to a

20  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

21  denies them.  To the extent the allegations of Paragraph 38 relate to KPE, KPE denies all of the

22  allegations.

23      39.     To the extent that the allegations of Paragraph 39 relate to other defendants or to a

24  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

25  denies them.  To the extent the allegations of Paragraph 39 relate to KPE, KPE denies all of the

26  allegations.

27      40.     To the extent that the allegations of Paragraph 40 relate to other defendants or to a

28  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

1  denies them. To the extent the allegations of Paragraph 40 relate to KPE, KPE denies all of the
2  allegations.

3      41.    To the extent that the allegations of Paragraph 41 relate to other defendants or to a
4  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore
5  denies them. To the extent the allegations of Paragraph 41 relate to KPE, KPE denies all of the
6  allegations.

7      42.    To the extent that the allegations of Paragraph 42 relate to other defendants or to a
8  plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore
9  denies them. To the extent the allegations of Paragraph 42 relate to KPE, KPE denies all of the
10 allegations.

11     43.    To the extent that the allegations of Paragraph 43 relate to other defendants or to a
12 plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore
13 denies them. To the extent the allegations of Paragraph 43 relate to KPE, KPE denies all of the
14 allegations.

15     44.    To the extent that the allegations of Paragraph 44 relate to other defendants or to a
16 plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore
17 denies them. To the extent the allegations of Paragraph 44 relate to KPE, KPE denies all of the
18 allegations.

19     45.    To the extent that the allegations of Paragraph 45 relate to other defendants or to a
20 plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore
21 denies them. To the extent the allegations of Paragraph 45 relate to KPE, KPE denies all of the
22 allegations.

23     46.    To the extent that the allegations of Paragraph 46 relate to other defendants or to a
24 plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore
25 denies them. To the extent the allegations of Paragraph 46 relate to KPE, KPE denies all of the
26 allegations.

27     47.    To the extent that the allegations of Paragraph 47 relate to other defendants or to a
28 plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

---

denies them.  To the extent the allegations of Paragraph 47 relate to KPE, KPE denies all of the allegations.

48.     To the extent that the allegations of Paragraph 48 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 48 relate to KPE, KPE denies all of the allegations.

49.     To the extent that the allegations of Paragraph 49 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 49 relate to KPE, KPE denies all of the allegations.

50.     To the extent that the allegations of Paragraph 50 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 50 relate to KPE, KPE denies all of the allegations.

## V.  ALLEGATIONS CONCERNING DEFENDANTS

51.     The allegations of Paragraph 51 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 51 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 51 relate to KPE, KPE denies them, with the exception of matters specifically admitted herein as follows.   KPE admits that LG.Philips Displays was formed in 2001.

52.     The allegations of Paragraph 52 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52, and therefore denies them.

53.     The allegations of Paragraph 53 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53, and therefore denies them.

54.     The allegations of Paragraph 54 are an explanation of terminology, for which no response is required.

55.     KPE admits the first sentence of Paragraph 55.  KPE denies the second and third sentences of Paragraph 55.  KPE is a holding company with less than 20 employees.  KPE admits that LG.Philips Displays was created in 2001 as a joint venture with LG.  KPE denies the fifth sentence of Paragraph 54.  KPE denies that it manufactured, sold or distributed CRT Products either directly or through its subsidiaries or affiliates in the United States.

56.     KPE admits the first sentence of Paragraph 56.  Owing to the vagueness and ambiguity of the term "CRT Products," KPE denies the second sentence of Paragraph 56.  KPE admits that Philips Electronics North America Corporation ("PENAC") is an indirect subsidiary of KPE.  KPE denies that it dominated or controlled the finances, policies or affairs of PENAC.

57.     58. KPE admits the first sentence of Paragraph 57.  KPE admits that Philips Electronics Industries (Taiwan) Ltd. ("PEIT") is an indirect subsidiary of KPE.  KPE denies the PEIT sold or distributed CRT Products in the United States, either directly or through its subsidiaries or affiliates.  KPE denies that it dominated or controlled the finances, policies or affairs of PEIT.

58.     KPE admits the first sentence of Paragraph 58.  KPE denies that Philips da Amazonia Industria Electronica Ltda. ("Philips da Amazonia") is a "wholly owned and controlled" subsidiary of KPE.  KPE denies that Philips da Amazonia sold or distributed CRT Products in the United States, either directly or through its subsidiaries or affiliates. KPE denies that it dominated or controlled the finances, policies or affairs of Philips da Amazonia.

59.     The allegations of Paragraph 59 are an explanation of terminology, for which no response is required.  KPE avers, however, that Paragraph 59 renders the Amended Complaint indefinite and uncertain as to KPE.

60.     The allegations of Paragraph 60 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 60 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  KPE denies that it ever exerted control over LG.Philips Displays or over LP Displays.  To the extent that the allegations of Paragraph 60 relate to KPE, KPE denies them, with the

1    exception of matters specifically admitted herein as follows.  KPE admits that LG.Philips Displays was

2    formed in 2001 and that KPE's shareholdings in the joint venture were expunged in 2007.

3           61.    The allegations of Paragraph 61 are not directed at KPE and, therefore, no response is

4    required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

5    the allegations of Paragraph 61, and therefore denies them.

6           62.    The allegations of Paragraph 62 are not directed at KPE and, therefore, no response is

7    required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

8    the allegations of Paragraph 62, and therefore denies them.

9           63.    The allegations of Paragraph 63 are not directed at KPE and, therefore, no response is

10   required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

11   the allegations of Paragraph 63, and therefore denies them.

12          64.    The allegations of Paragraph 64 are not directed at KPE and, therefore, no response is

13   required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

14   the allegations of Paragraph 64, and therefore denies them.

15          65.    The allegations of Paragraph 65 are not directed at KPE and, therefore, no response is

16   required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

17   the allegations of Paragraph 65, and therefore denies them.

18          66.    The allegations of Paragraph 66 are not directed at KPE and, therefore, no response is

19   required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

20   the allegations of Paragraph 66, and therefore denies them.

21          67.    The allegations of Paragraph 67 are not directed at KPE and, therefore, no response is

22   required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

23   the allegations of Paragraph 67, and therefore denies them.

24          68.    The allegations of Paragraph 68 are not directed at KPE and, therefore, no response is

25   required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of

26   the allegations of Paragraph 68, and therefore denies them.

27

28

69.     The allegations of Paragraph 69 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69, and therefore denies them.

70.     The allegations of Paragraph 70 are an explanation of terminology, for which no response is required.

71.     The allegations of Paragraph 71 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71, and therefore denies them.

72.     The allegations of Paragraph 72 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72, and therefore denies them.

73.     The allegations of Paragraph 73 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73, and therefore denies them.

74.     The allegations of Paragraph 74 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74, and therefore denies them.

75.     The allegations of Paragraph 75 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75, and therefore denies them.

76.     The allegations of Paragraph 76 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76, and therefore denies them.

77.     The allegations of Paragraph 77 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77, and therefore denies them.

78.     The allegations of Paragraph 78 are an explanation of terminology, for which no response is required.

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

79.     The allegations of Paragraph 79 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79, and therefore denies them.

80.     The allegations of Paragraph 80 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80, and therefore denies them.

81.     The allegations of Paragraph 81 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81, and therefore denies them.

82.     The allegations of Paragraph 82 are an explanation of terminology, for which no response is required.

83.     The allegations of Paragraph 83 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83, and therefore denies them.

84.     The allegations of Paragraph 84 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84, and therefore denies them.

85.     The allegations of Paragraph 85 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85, and therefore denies them.

86.     The allegations of Paragraph 86 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86, and therefore denies them.

87.     The allegations of Paragraph 87 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87, and therefore denies them.

HOWREY LLP

-13-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

88.     The allegations of Paragraph 88 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88, and therefore denies them.

89.     The allegations of Paragraph 89 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89, and therefore denies them.

90.     The allegations of Paragraph 90 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90, and therefore denies them.

91.     The allegations of Paragraph 91 are an explanation of terminology, for which no response is required.

92.     The allegations of Paragraph 92 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92, and therefore denies them.

93.     The allegations of Paragraph 93 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93, and therefore denies them.

94.     The allegations of Paragraph 94 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94, and therefore denies them.

95.     The allegations of Paragraph 95 are an explanation of terminology, for which no response is required.

96.     The allegations of Paragraph 96 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96, and therefore denies them.

97.     The allegations of Paragraph 97 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97, and therefore denies them.

98.     The allegations of Paragraph 98 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98, and therefore denies them.

99.     The allegations of Paragraph 99 are an explanation of terminology, for which no response is required.

100.     The allegations of Paragraph 100 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100, and therefore denies them.

101.     The allegations of Paragraph 101 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101, and therefore denies them.

102.     The allegations of Paragraph 102 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102, and therefore denies them.

103.     The allegations of Paragraph 103 are an explanation of terminology, for which no response is required.

104.     The allegations of Paragraph 104 are an explanation of terminology, for which no response is required.

**VI.  ALLEGATIONS CONCERNING AGENTS AND CO-CONSPIRATORS**

105.     To the extent that the allegations of Paragraph 105 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 105 relate to KPE, KPE denies all of the allegations.

106.     The allegations of Paragraph 106 are an explanation of terminology to which no response is required.

107.     The allegations of Paragraph 107 are ambiguous and/or unintelligible.  To the extent they are intelligible, they allegations of Paragraph 107 state legal conclusions to which no response is required.

-15-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

## VII.  ALLEGATIONS CONCERNING TRADE AND COMMERCE

108.   To the extent that the allegations in Paragraph 108 concern defendants other than KPE, KPE is without knowledge or information sufficient to form a belief as to the truth of those allegations, and, on that basis, denies them.  The allegations in Paragraph 108 regarding "continuous and interrupted flow of interstate commerce and international commerce" are legal contentions to which no response is required.  To the extent the remaining allegations in Paragraph 108 require a response, KPE denies them.

109.   KPE denies each and every allegation of Paragraph 109.

110.   The allegations of Paragraph 110 are legal contentions to which no response is required. To the extent a response is required and the allegations of in Paragraph 110 concern KPE, KPE denies them.  To the extent that the allegations in Paragraph 110 concern defendants other than KPE or KPE, KPE is without knowledge or information sufficient to form a belief as to the truth of those allegations, and, on that basis, denies them.

## VIII.  FACTUAL ALLEGATIONS

111.   KPE admits that the allegations in Paragraph 111 purport to describe CRT technology, but KPE denies that such descriptions are complete.

112.   KPE admits that the allegations in Paragraph 112 purport to describe CRT technology, but KPE denies that such descriptions are complete.

113.   KPE denies the allegations in Paragraph 113.

114.   KPE admits that the allegations in Paragraph 114 purport to describe CRT technology, but KPE denies that such descriptions are complete.

115.   The allegations of Paragraph 115 are legal contentions to which no response is required. To the extent that a response is required, KPE denies each and every allegation in Paragraph 115.

116.   The allegations in the first and third sentences of Paragraph 116 are legal contentions to which no response is required.  To the extent the other allegations in Paragraph 116 concern defendants other than KPE, KPE is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

117.    The allegations in the first and second sentences of Paragraph 117 are legal contentions to which no response is required.  To the extent the other allegations in Paragraph 117 concern defendants other than KPE, KPE is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. To the extent that the allegations in Paragraph 117 concern KPE, KPE denies them.

118.    The allegations in Paragraph 118 are legal contentions to which no response is required. To the extent that the allegations of Paragraph 118 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 118 relate to KPE, KPE denies all of the allegations.

119.    The allegations in Paragraph 119 are legal contentions to which no response is required. To the extent that a response is required, KPE admits that LG.Philips Displays was formed in 2001. To the extent that the allegations of Paragraph 119 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

120.    To the extent that the allegations of Paragraph 120 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 120 relate to KPE, KPE denies all of the allegations.

121.    The first sentence of Paragraph 121 is a legal contention to which no response is required.  To the extent that the remaining allegations of Paragraph 121 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the remaining allegations of Paragraph 121 relate to KPE, KPE denies all of the allegations.

122.    To the extent that the allegations of Paragraph 122 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 122 relate to KPE, KPE denies all of the allegations with the exception of matters specifically admitted herein as follows.   KPE admits that LG.Philips Displays was formed in 2001.  KPE admits that LG.Philips LCD Co., Ltd. was formed in 1999.  KPE denies that it was supplied "CRTs" from Samtel.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 122, and therefore denies them.

123.    The allegations in Paragraph 123 are legal contentions to which no response is required.

124.    The allegations in Paragraph 124 are legal contentions to which no response is required. To the extent that a response is required, KPE denies the allegation.

125.    The second sentence of Paragraph 125 is a legal contention to which no response is required.  KPE lacks knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 125, and therefore denies them.

126.    KPE lacks knowledge or information to form a belief as to the truth regarding the allegations contained in the first and third sentences of Paragraph 126, and therefore denies them.  To the extent that the remaining allegations of Paragraph 126 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the remaining allegations of Paragraph 126 relate to KPE, KPE denies all of the allegations.

127.    KPE lacks knowledge or information to form a belief as to the truth regarding the allegations contained in the second sentence of Paragraph 127, and therefore denies them.  To the extent that the remaining allegations of Paragraph 127 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the remaining allegations of Paragraph 127 relate to KPE, KPE denies all of the allegations.

128.    KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 128, and therefore denies them.

129.    KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 129, and therefore denies them.

130.    KPE denies the allegations of Paragraph 130.

131.    The allegations in Paragraph 131 are legal contentions to which no response is required.

132.    To the extent that the allegations of Paragraph 132 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 132 relate to KPE, KPE denies all of the allegations.

133.    To the extent that the allegations of Paragraph 133 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 139 relate to KPE, KPE denies all of the allegations.

1    134.    KPE denies each and every allegation of Paragraph 134.

2    135.    To the extent that the allegations of Paragraph 135 relate to other defendants, KPE lacks

3    knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

4    the extent the allegations of Paragraph 135 relate to KPE, KPE denies all of the allegations.

5    136.    The allegations of Paragraph 136 relate to other defendants, and KPE lacks knowledge

6    or information sufficient to form a belief as to their truth, and therefore denies them.

7    137.    To the extent that the allegations of Paragraph 137 relate to other defendants, KPE lacks

8    knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

9    the extent the allegations of Paragraph 137 relate to KPE, KPE denies all of the allegations.

10   138.    KPE denies each and every allegation of Paragraph 138.

11   139.    To the extent that the allegations of Paragraph 139 relate to other defendants, KPE lacks

12   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

13   the extent the allegations of Paragraph 139 relate to KPE, KPE denies all of the allegations.

14   140.    To the extent that the allegations of Paragraph 140 relate to other defendants, KPE lacks

15   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

16   the extent the allegations of Paragraph 140 relate to KPE, KPE denies all of the allegations.

17   141.    To the extent that the allegations of Paragraph 141 relate to other defendants, KPE lacks

18   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

19   the extent the allegations of Paragraph 141 relate to KPE, KPE denies all of the allegations.

20   142.    To the extent that the allegations of Paragraph 142 and its subparts relate to other

21   defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

22   therefore denies them.  To the extent the allegations of Paragraph 142 and its subparts relate to KPE,

23   KPE denies all of the allegations.

24   143.    To the extent that the allegations of Paragraph 143 relate to other defendants, KPE lacks

25   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

26   the extent the allegations of Paragraph 143 relate to KPE, KPE denies all of the allegations.

27

28

HOWREY LLP

-19-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

144.     To the extent that the allegations of Paragraph 144 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 144 relate to KPE, KPE denies all of the allegations.

145.     To the extent that the allegations of Paragraph 145 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 145 relate to KPE, KPE denies all of the allegations.

146.     To the extent that the allegations of Paragraph 146 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 146 relate to KPE, KPE denies all of the allegations.

147.     To the extent that the allegations of Paragraph 147 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 147 relate to KPE, KPE denies all of the allegations.

148.     To the extent that the allegations of Paragraph 148 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 148 relate to KPE, KPE denies all of the allegations.

149.     To the extent that the allegations of Paragraph 149 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 149 relate to KPE, KPE denies all of the allegations.

150.     To the extent that the allegations of Paragraph 150 and each of its subparts relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 150 and each of its subparts relate to KPE, KPE denies all of the allegations.

151.     To the extent that the allegations of Paragraph 151 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 151 relate to KPE, KPE denies all of the allegations.

152.     To the extent that the allegations of Paragraph 152 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations contained in Paragraph 152 refer to public statements by the government

HOWREY LLP

-20-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

authorities there listed, those statements speak for themselves and no response is required.  KPE

otherwise denies the allegations of Paragraph 152.

153.    To the extent that the allegations of Paragraph 153 relate to other defendants, KPE lacks

knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

the extent the allegations of Paragraph 153 relate to KPE, KPE denies all of the allegations.

154.    To the extent that the allegations of Paragraph 154 relate to other defendants, KPE lacks

knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

the extent the allegations of Paragraph 154 relate to KPE, KPE denies all of the allegations.

155.    To the extent that the allegations of Paragraph 155 relate to other defendants, KPE lacks

knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

the extent the allegations of Paragraph 155 relate to KPE, KPE denies all of the allegations.

156.    To the extent that the allegations of Paragraph 156 relate to other defendants, KPE lacks

knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

the extent the allegations of Paragraph 156 relate to KPE, KPE denies all of the allegations.

157.    To the extent that the allegations of Paragraph 157 relate to other defendants, KPE lacks

knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

the extent the allegations of Paragraph 157 relate to KPE, KPE denies all of the allegations.

158.    To the extent that the allegations of Paragraph 158 relate to other defendants, KPE lacks

knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

the extent the allegations of Paragraph 158 relate to KPE, KPE denies all of the allegations.

159.    To the extent that the allegations of Paragraph 159 relate to other defendants, KPE lacks

knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

the extent the allegations of Paragraph 159 relate to KPE, KPE denies all of the allegations.

160.    The allegations of Paragraph 160 are not directed at KPE and, therefore, no response is

required.  To the extent a response is required and that the allegations of Paragraph 160 relate to other

defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

therefore denies them.  To the extent the allegations of Paragraph 160 relate to KPE, KPE denies all of

the allegations.

161.    The allegations of Paragraph 161 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 161 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 161 relate to KPE, KPE denies all of the allegations.

162.    The allegations of Paragraph 162 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 162 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 162 relate to KPE, KPE denies all of the allegations.

163.    KPE denies that it participated in, engaged in or was represented at any "Glass Meetings" or "bilateral discussions" at which agreements were reached to restrict competition for CRT Products, either on behalf of itself or any other entity.  KPE denies that it participated in any such "Glass meetings" or "bilateral discussions" after 2001 "through" LG.Philips Displays. KPE moreover avers that Paragraph 163 renders the Amended Complaint indefinite and uncertain as to KPE.  To the extent that the allegations of Paragraph 163 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  In all other respects, KPE denies the allegations of Paragraph 163.

164.    To the extent that the allegations of Paragraph 164 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 164 relate to KPE, KPE denies them.

165.    To the extent that the allegations of Paragraph 165 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  KPE denies that an entity named LP Displays existed during the 2001-2006 time period alleged in Paragraph 165.  To the extent the allegations of Paragraph 165 relate to KPE, KPE denies all of the allegations.  KPE specifically denies that any employee of LP Displays or LG.Philips Displays attended any meeting described in this Paragraph on its behalf.  KPE was at all times a wholly separate corporate entity from both LP Displays and LG.Philips Displays.

HOWREY LLP

-22-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

166.   The allegations of Paragraph 166 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 166 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 166 relate to KPE, KPE denies all of the allegations.

167.   The allegations of Paragraph 167 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 167 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 167 relate to KPE, KPE denies all of the allegations.

168.   The allegations of Paragraph 168 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 168 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 168 relate to KPE, KPE denies all of the allegations.

169.   The allegations of Paragraph 169 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 169 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 176 relate to KPE, KPE denies all of the allegations.

170.   The allegations of Paragraph 170 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 170 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 170 relate to KPE, KPE denies all of the allegations.

171.   The allegations of Paragraph 171 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 171 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

therefore denies them.  To the extent the allegations of Paragraph 171 relate to KPE, KPE denies all of the allegations.

172.    The allegations of Paragraph 172 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 172 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 172 relate to KPE, KPE denies all of the allegations.

173.    The allegations of Paragraph 173 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 173 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 173 relate to KPE, KPE denies all of the allegations.

174.    The allegations of Paragraph 174 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 174 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 174 relate to KPE, KPE denies all of the allegations.

175.    The allegations of Paragraph 175 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 175 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 175 relate to KPE, KPE denies all of the allegations.

176.    The allegations of Paragraph 176 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 176 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 176 relate to KPE, KPE denies all of the allegations.

177.    The allegations of Paragraph 177 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 177 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 177 relate to KPE, KPE denies all of the allegations.

178.    The allegations of Paragraph 178 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 178 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 178 relate to KPE, KPE denies all of the allegations.

179.    The allegations of Paragraph 179 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 179 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 179 relate to KPE, KPE denies all of the allegations.

180.    The first sentence of Paragraph 180 is an explanation of terminology to which no response is required.  The allegations of Paragraph 180 also state legal contentions to which no response is required.  To the extent that the remaining allegations of Paragraph 180 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the remaining allegations of Paragraph 180 relate to KPE, KPE denies all of the allegations.

181.    KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 181, and therefore denies them.

182.    The allegations contained in Paragraph 182 are vague and ambiguous, as they do not identify any underlying product or service, and therefore KPE denies them.  To the extent that the allegations contained in Paragraph 182 were derived from analyst reports, those reports speak for themselves and no response is required.

HOWREY LLP

-25-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

183.     To the extent that the allegations contained in Paragraph 183 were derived from analyst reports, those reports speak for themselves and no response is required.  To the extent the allegations in Paragraph 183 concern defendants other than KPE, KPE is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

184.     The first sentence of Paragraph 184 is a legal contention to which no response is required.  With regard to the second and third sentences of Paragraph 184, to the extent that these allegations were derived from or purport to quote analyst reports, those reports speak for themselves and no response is required.  With regard to the last sentence of Paragraph 184, KPE lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

185.     To the extent that the allegations in Paragraph 185 purport to quote an analyst report, that report speaks for itself and no response is required.

186.     With regard to first and second sentence of Paragraph 186, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.  With regard to the third sentence of Paragraph 186, to the extent that the allegations relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  With regard to the third sentence of Paragraph 186, to the extent the allegations relate to KPE, KPE denies all of the allegations.

187.     To the extent that the allegations of Paragraph 187 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 187, and therefore denies them.

188.     To the extent that the allegations of Paragraph 188 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 188, and therefore denies them.

189.     To the extent that the allegations of Paragraph 189 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 189 are derived from or purport to quote published

1  statements, that publication speaks for itself and no response is required.  To the extent the allegations

2  of Paragraph 189 relate to KPE, KPE denies all of the allegations.

3       190.  To the extent that the allegations of Paragraph 190 relate to other defendants, KPE lacks

4  knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

5  the extent the allegations of Paragraph 190 relate to KPE, KPE denies all of the allegations.

6       191.  To the extent that the allegations of Paragraph 191 relate to other defendants or to

7  plaintiffs, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

8  therefore denies them.  To the extent the allegations of Paragraph 191 relate to KPE, KPE denies all of

9  the allegations.

10       192.  To the extent that the allegations of Paragraph 192 relate to other defendants, KPE lacks

11  knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

12  the extent the allegations of Paragraph 192 relate to KPE, KPE denies all of the allegations.  To the

13  extent that the allegations of Paragraph 192 are derived from or purport to quote published statements

14  made by the President of Skyworth Macao Commercial Offshore Co., Ltd., the published statements

15  speak for themselves and no response is required.

16       193.  KPE lacks knowledge or information sufficient to form a belief as to the truth of the

17  allegations of Paragraph 193, and therefore denies them.

18       194.  The allegations of Paragraph 194 are legal contentions to which no response is required.

19       195.  The allegations of Paragraph 195 are legal contentions to which no response is required.

20  To the extent that the allegations contained in Paragraph 195 refer to public statements by the

21  government authorities there listed, those statements speak for themselves and no response is required.

22  KPE otherwise denies the allegations of Paragraph 195.

23       196.  To the extent that the allegations of Paragraph 196 relate to other defendants, KPE lacks

24  knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

25  the extent that the allegations contained in Paragraph 196 refer to public statements by the government

26  authorities there listed, those statements speak for themselves and no response is required.  KPE

27  otherwise denies the allegations of Paragraph 196.

28

-27-

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

197.    To the extent that the allegations of Paragraph 197 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations contained in Paragraph 197 refer to public statements by the government authorities there listed, those statements speak for themselves and no response is required.  KPE otherwise denies the allegations of Paragraph 197.

198.    KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 198, and therefore denies them.

199.    To the extent that the allegations of Paragraph 199 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations of Paragraph 199 are derived from or purport to quote from a news article, the article speaks for itself and no response is required.

200.    To the extent that the allegations of Paragraph 200 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations of Paragraph 200 are derived from or purport to quote from a news article, the article speaks for itself and no response is required.

201.    To the extent that the allegations of Paragraph 201 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations contained in Paragraph 201 refer to public statements by the government authorities there listed, those statements speak for themselves and no response is required.

202.    To the extent that the allegations of Paragraph 202 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations of Paragraph 202 are derived from or purport to quote from a news article, the article speaks for itself and no response is required.

203.    To the extent that the allegations in Paragraph 203 are derived from a news article or press release, those articles and press releases speak for themselves and no response is required.  KPE admits that on November 21, 2007, it received a grand jury subpoena from the Department of Justice regarding the CRT industry.  The Department of Justice subsequently deferred KPE's obligation to respond to that subpoena.

HOWREY LLP

-28-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

204.     To the extent that the allegations of Paragraph 204 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations contained in Paragraph 204 refers to publicly filed documents, those documents speak for themselves and no response is required.

205.     To the extent that the allegations of Paragraph 205 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations contained in Paragraph 205 refer to public statements by the government authorities there listed, those statements speak for themselves and no response is required.  KPE otherwise denies the allegations of Paragraph 205.

206.     The allegations of Paragraph 206 are legal contentions to which no response is required. To the extent a response is required and the allegations of in Paragraph 206 concern KPE, KPE denies them.  To the extent that the allegations in Paragraph 206 concern defendants other than KPE, KPE is without knowledge or information sufficient to form a belief as to the truth of those allegations, and, on that basis, denies them.

207.     To the extent that the allegations of Paragraph 207 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations contained in Paragraph 207 refer to public statements by the government authorities there listed, those statements speak for themselves and no response is required.  KPE otherwise denies the allegations of Paragraph 207.

208.     KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 208, and therefore denies them.

209.     To the extent that the allegations of Paragraph 209 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations contained in Paragraph 209 refer to public statements by the government authorities there listed, those statements speak for themselves and no response is required.

210.     To the extent that the allegations of Paragraph 210 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

extent that the allegations in Paragraph 210 are derived from or purport to quote a news article, that news article speaks for itself and no response is required.

211.    To the extent that the allegations of Paragraph 211 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations contained in Paragraph 211 refer to public statements by the government authorities there listed, those statements speak for themselves and no response is required.

212.    To the extent that the allegations of Paragraph 212 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations contained in Paragraph 212 refer to public statements by the government authorities there listed, those statements speak for themselves and no response is required.

213.    To the extent that the allegations of Paragraph 213 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations contained in Paragraph 213 refer to public filings by the government authorities there listed, those filings speak for themselves and no response is required.

## IX.  ALLEGATIONS CONCERNING THE PASS-THROUGH OF OVERCHARGES TO CONSUMERS

214.    To the extent the allegations contained in Paragraph 214 refer to public statements by the government authorities there listed, those statements speak for themselves and no response is required.  To the extent that the allegations of Paragraph 214 relate to other defendants or to plaintiffs, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 214 relate to KPE, KPE denies all of the allegations.

215.    To the extent that the allegations of Paragraph 215 relate to other defendants or to plaintiffs, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 215 relate to KPE, KPE denies all of the allegations.

216.    The allegations of Paragraph 216 are legal contentions to which no response is required.

HOWREY LLP

-30-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

217.     To the extent that the allegations of Paragraph 217 relate to other defendants or to plaintiffs, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 217 relate to KPE, KPE denies all of the allegations.

218.     The allegations of Paragraph 218 are legal contentions to which no response is required.

219.     With regard to the first three sentences of Paragraph 219, KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them. With regard to the last sentence of Paragraph 219, to the extent that the allegations relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  With regard to the last sentence of Paragraph 219, to the extent the allegations relate to KPE, KPE denies all of the allegations.

220.     KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 220, and therefore denies them.

221.     KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 221, and therefore denies them.

222.     KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 222, and therefore denies them.

223.     KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 223, and therefore denies them.

224.     KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 224, and therefore denies them.

225.     KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 225, and therefore denies them. To the extent that the allegations of Paragraph 233 are derived from or purport to quote from a publicly-filed document, the document speaks for itself and no response is required.

226.     To the extent that the allegations of Paragraph 226 are derived from or purport to quote a publication, the publication speaks for itself and no response is required.

HOWREY LLP

-31-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

1    227.    To the extent that the allegations of Paragraph 227 are derived from or purport to quote

2    a publication, the publication speaks for itself and no response is required.

3    228.    To the extent that the allegations of Paragraph 228 are derived from or purport to quote

4    a publication, the publication speaks for itself and no response is required.

5    229.    To the extent that the allegations of Paragraph 229 relate to other defendants, KPE lacks

6    knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

7    the extent the allegations of Paragraph 229 relate to KPE, KPE denies all of the allegations.

8    230.    To the extent that the allegations of Paragraph 230 relate to other defendants, KPE lacks

9    knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

10   the extent the allegations of Paragraph 230 relate to KPE, KPE denies all of the allegations.

11   231.    To the extent that the allegations of Paragraph 231 relate to other defendants or to

12   plaintiffs, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

13   therefore denies them.  To the extent the allegations of Paragraph 231 relate to KPE, KPE denies all of

14   the allegations.

## X.  CLASS ACTION ALLEGATIONS

16   232.    KPE admits Plaintiffs purport to bring this action as a putative class action as defined in

17   Paragraph 232, but denies that Fed. R. Civ. P. 23 would permit the certification of a class as defined in

18   Paragraph 232, or at all.

19   233.    KPE admits Plaintiffs purport to bring this action as a putative class action as defined in

20   Paragraph 233, but denies that Fed. R. Civ. P. 23 would permit the certification of a class as defined in

21   Paragraph 233, or at all.

22   234.    KPE denies that a class as so defined could properly be certified.

23   235.    KPE denies each and every allegation of Paragraph 235 and its subparts.  KPE denies

24   that the questions of law or fact enumerated in subparagraphs (d)(i) – (d)(ix) are common to the Class

25   as defined in the Amended Complaint or could properly be decided on a class-wide basis.

26

27

28

## XI. ALLEGATIONS CONCERNING ALLEGED VIOLATIONS

**A.**    **Claim for Violation of 15 U.S.C. § 1**

236.    KPE repeats and incorporates by reference its responses to Paragraphs 1 through 235 of the Amended Complaint with the same force and effect as if set forth herein at length.

237.    KPE avers that the allegations of Paragraph 237 constitute legal contentions and/or conclusions to which no response is required.  To the extent that Paragraph 237 may be deemed to require a response from KPE, KPE denies all of the allegations.

238.    KPE denies each and every allegation of Paragraph 238.

239.    KPE denies each and every allegation of Paragraph 239.

240.    KPE denies each and every allegation of Paragraph 240.

241.    KPE denies each and every allegation of Paragraph 241, including its subparts.

242.    KPE denies each and every allegation of Paragraph 242, including its subparts.

243.    KPE denies each and every allegation of Paragraph 243.

244.    KPE denies each and every allegation of Paragraph 244.

245.    KPE denies each and every allegation of Paragraph 245.

**B.**    **Claim for Violation of State Antitrust Statutes**

246.    KPE repeats and incorporates by reference its responses to Paragraphs 1 through 245 of the Amended Complaint with the same force and effect as if set forth herein at length.

247.    KPE denies each and every allegation of Paragraph 247, including its subparts.

248.    KPE denies each and every allegation of Paragraph 248, including its subparts.

249.    KPE denies each and every allegation of Paragraph 249, including its subparts.

250.    KPE denies each and every allegation of Paragraph 250, including its subparts.

251.    KPE denies each and every allegation of Paragraph 251, including its subparts.

252.    KPE denies each and every allegation of Paragraph 252, including its subparts.

253.    KPE denies each and every allegation of Paragraph 253, including its subparts.

254.    KPE denies each and every allegation of Paragraph 254, including its subparts.

255.    KPE denies each and every allegation of Paragraph 255, including its subparts.

256.    KPE denies each and every allegation of Paragraph 256, including its subparts.

257.    KPE denies each and every allegation of Paragraph 257, including its subparts.

258.    KPE denies each and every allegation of Paragraph 258, including its subparts. Further, the Order of the Court Approving and Adopting Special Master's Report, Recommendations and Tentative Rulings re: Defendants' Motions to Dismiss, dated March 30, 2010, dismissed the claims under Nebraska law based on sales made prior to July 20, 2002.

259.    KPE denies each and every allegation of Paragraph 259, including its subparts. Further, the Order of the Court Approving and Adopting Special Master's Report, Recommendations and Tentative Rulings re: Defendants' Motions to Dismiss, dated March 30, 2010, dismissed the claims under Nevada law for sales made prior to the 1999 date of Nevada's repealer statute.

260.    KPE denies each and every allegation of Paragraph 260, including its subparts.

261.    KPE denies each and every allegation of Paragraph 261, including its subparts.

262.    KPE denies each and every allegation of Paragraph 262, including its subparts.

263.    KPE denies each and every allegation of Paragraph 263, including its subparts.

264.    KPE denies each and every allegation of Paragraph 264, including its subparts.

265.    KPE denies each and every allegation of Paragraph 265, including its subparts.

266.    KPE denies each and every allegation of Paragraph 266, including its subparts.

267.    KPE denies each and every allegation of Paragraph 267, including its subparts.

268.    KPE denies each and every allegation of Paragraph 268, including its subparts.

**C.    Claim for Violation of State Consumer Protection and Unfair Competition Statutes**

269.    KPE repeats and incorporates by reference its responses to Paragraphs 1 through 268 of the Amended Complaint with the same force and effect as if set forth herein at length.

270.    KPE denies each and every allegation of Paragraph 270.

271.    KPE denies each and every allegation of Paragraph 271, including its subparts.

272.    KPE denies each and every allegation of Paragraph 272, including its subparts.

273.    KPE denies each and every allegation of Paragraph 273, including its subparts.

274.    KPE denies each and every allegation of Paragraph 274, including its subparts. Further, the Special Master's Report, Recommendations and Tentative Rulings re: Defendants' Motions to

HOWREY LLP

-34-

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

1   Dismiss, dated February 5, 2010, adopted by Order of the Court, dated March 30, 2010, noted that

2   Plaintiffs have withdrawn their claims based on the laws of Hawaii.

3        275.   KPE denies each and every allegation of Paragraph 275, including its subparts.  Further,

4   the Order of the Court Approving and Adopting Special Master's Report, Recommendations and

5   Tentative Rulings re: Defendants' Motions to Dismiss, dated March 30, 2010, dismissed the claims

6   under Nebraska law based on sales made prior to July 20, 2002.

7        276.   KPE denies each and every allegation of Paragraph 276, including its subparts.

8        277.   KPE denies each and every allegation of Paragraph 277, including its subparts.

9        278.   KPE denies each and every allegation of Paragraph 278, including its subparts.

10       279.   KPE denies each and every allegation of Paragraph 279, including its subparts.

11

12       **D.    Claim for Unjust Enrichment and Disgorgement of Profits**

13       280.   KPE repeats and incorporates by reference its responses to Paragraphs 1 through 279 of

14   the Amended Complaint with the same force and effect as if set forth herein at length.

15       281.   The allegations of Paragraph 281 state legal contentions to which no response is

16   required.  To the extent that Paragraph 281 may be deemed to require a response, KPE denies, for want

17   of information or belief, each of the allegations of Paragraph 281.

18       282.   KPE avers that the allegations of Paragraph 282 constitute legal contentions and/or

19   conclusions to which no response is required, but KPE nonetheless denies all those allegations.

20       283.   The allegations of Paragraph 283 state legal contentions to which no response is

21   required.  To the extent that Paragraph 283 may be deemed to require a response, KPE denies, for want

22   of information or belief, each of the allegations of Paragraph 283.

23       **XII.  ALLEGATIONS CONCERNING FRAUDULENT CONCEALMENT**

24       284.   To the extent that the allegations of Paragraph 284 relate to other defendants, KPE lacks

25   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To

26   the extent the allegations of Paragraph 284 relate to KPE, KPE denies all of the allegations.

27

28

285.     To the extent that the allegations in Paragraph 285 state legal contentions, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 285, and therefore denies them.

286.     To the extent that the allegations of Paragraph 286 and its subparts relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 286 and its subparts relate to KPE, KPE denies all of the allegations.

287.     The allegations of Paragraph 287 are legal contentions to which no response is required. To the extent any facts are alleged in Paragraph 287 to which a response is required, KPE denies them.

## XIII.  ALLEGATIONS CONCERNING PRAYER FOR RELIEF

KPE denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of KPE as alleged in the Amended Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint.  All allegations of the Amended Complaint not heretofore admitted or denied are here and now denied as though specifically denied herein.

## AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, KPE asserts the following additional and/or affirmative defenses to Plaintiffs' Amended Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

The conduct alleged to provide a basis for the claims of Plaintiffs and any putative class members did not have a direct, substantial, and reasonably foreseeable effect on trade or commerce within the United States.  The Court, therefore, lacks subject matter jurisdiction of the claims of Plaintiffs and any putative class members.

## THIRD AFFIRMATIVE DEFENSE

**(Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)**

Plaintiffs' claims for any foreign purchases, if any, should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege facts sufficient to support a claim under the foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

## FOURTH AFFIRMATIVE DEFENSE

### (Vagueness of Claims)

Plaintiffs' claims should be dismissed for uncertainty and vagueness and because their claims are ambiguous and/or unintelligible. KPE avers that Plaintiffs' claims do not describe the events or legal theories with sufficient particularity to permit KPE to ascertain what other defenses may exist. KPE therefore reserves the right to amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of more definitive facts upon the completion of its investigation and discovery.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege fraud or fraudulent concealment with sufficient particularity.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Plead Conspiracy with Particularity)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege conspiracy with sufficient particularity.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitation)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the applicable statutes of limitation.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unilateral Action)

HOWREY LLP

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any action taken by or on behalf of KPE that are the subject of the Amended Complaint were undertaken unilaterally for legitimate business reasons and in pursuit of KPE's independent interests and those of its customers, and were not the product of any contract, combination or conspiracy between KPE and any other person or entity.

### NINTH AFFIRMATIVE DEFENSE

### (Rule of Reason)

Plaintiffs claims and claims of any putative class members are barred, in whole or in part, because any acts or practices of KPE that are the subject of the Amended Complaint were adopted in furtherance of legitimate business interests of KPE and of its customers and do not unreasonably restrain competition.

### TENTH AFFIRMATIVE DEFENSE

### (Competition)

Plaintiffs claims and claims of any putative class members are barred, in whole or in part, because any acts or practices of KPE that are the subject of the Amended Complaint were cost justified or otherwise economically justified and resulted from a good faith effort to meet competition or market conditions.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Non-actionable or Governmental Privilege)

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of KPE that is the subject of the Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

### TWELFH AFFIRMATIVE DEFENSE

### (No Act of KPE)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because no plaintiff has been injured in its business or property by reason of any action of KPE.

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2

### (Intervening Conduct)

3   Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because

4   any alleged injuries and/or damages were not legally or proximately caused by any acts or omissions of

5   KPE and/or were caused, if at all, solely and proximately by the conduct of third parties including,

6   without limitations, the prior, intervening or superseding conduct of such third parties.

7

## FOURTEENTH AFFIRMATIVE DEFENSE

8

### (*Ultra Vires*)

9           To the extent that any actionable conduct may have occurred, Plaintiffs' claims against KPE

10   are barred because all such alleged conduct would have been committed by individuals acting *ultra*

11   *vires*.

12

## FIFTEENTH AFFIRMATIVE DEFENSE

13

### (No Antitrust Injury)

14           Plaintiffs' claims should be dismissed because Plaintiffs and/or certain members of the putative

15   classes have not suffered actual, cognizable antitrust injury of the type antitrust laws are intended to

16   remedy.

17

## SIXTEENTH AFFIRMATIVE DEFENSE

18

### (Uncertainty of Damages)

19           Plaintiffs' claims should be dismissed because the alleged damages sought are too speculative

20   and uncertain, and cannot be practicably ascertained or allocated.

21

## SEVENTEENTH AFFIRMATIVE DEFENSE

22

### (Failure to Mitigate Damages)

23           Plaintiffs' claims should be dismissed, in whole or in part, because Plaintiffs and/or certain

24   members of the putative classes failed to take all necessary, reasonable, and appropriate actions to

25   mitigate their alleged damages, if any.

26

## EIGHTEENTH AFFIRMATIVE DEFENSE

27

### (Unjust Enrichment)

28

**HOWREY LLP**

-39-

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

1   Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

2   because Plaintiffs and/or certain members of the putative classes would be unjustly enriched if they

3   were allowed to recover any part of the damages alleged in the Amended Complaint.

4   **NINETEENTH AFFIRMATIVE DEFENSE**

5   **(Set Off)**

6   Without admitting that Plaintiffs are entitled to recover damages in this matter, KPE is entitled

7   to set off from any recovery Plaintiffs may obtain against KPE any amount paid to Plaintiffs by any

8   other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

9   **TWENTIETH AFFIRMATIVE DEFENSE**

10   **(Improper Taking)**

11   Any award of restitution or monetary recovery pursuant to California Business and Professions

12   §§ 17200, et seq. would constitute a taking of property without just compensation in violation of the

13   Takings Clause of the U.S. Constitution and of Article 1, Section 19 of the California Constitution.

14   **TWENTY-FIRST AFFIRMATIVE DEFENSE**

15   **(Waiver and Estoppel)**

16   Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by

17   the doctrines of waiver and/or estoppel.

18   **TWENTY-SECOND AFFIRMATIVE DEFENSE**

19   **(Laches)**

20   Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by

21   the equitable doctrine of laches.

22   **TWENTY-THIRD AFFIRMATIVE DEFENSE**

23   **(Unclean Hands)**

24   Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by

25   the equitable doctrine of unclean hands.

26   **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

27   **(Acquiescence)**

28

HOWREY LLP

-40-

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by Plaintiffs' and/or certain members of the putative classes acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to KPE.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (*Forum Non Conveniens*)

The Amended Complaint should be dismissed on the grounds of *forum non conveniens*.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Improper Forum/Arbitration)

Plaintiff's claims and claims of any putative class members against KPE are barred to the extent that they have agreed to arbitration or chosen a different forum for the resolution of their claims.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiffs' claims for injunctive relief should be dismissed because Plaintiffs and/or certain members of the putative class have available an adequate remedy at law.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Due Process)

Plaintiff's claims and claims of any putative class members are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate KPE's rights guaranteed by the Due Process clause of the Fifth Amendment of the United States Constitution.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

HOWREY LLP

-41-
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

**(Due Process)**

Plaintiff's claims and claims of any putative class members are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate KPE's rights guaranteed by the Due Process provision of the Fourteenth Amendment of the United States Constitution.

THIRTY-SECOND AFFIRMATIVE DEFENSE

(Equal Protection)

Plaintiff's claims and claims of any putative class members are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate KPE's rights guaranteed by the Equal Protection provision of the Fourteenth Amendment of the United States Constitution.

THIRTY-THIRD AFFIRMATIVE DEFENSE

(Double Jeopardy)

Plaintiff's claims and claims of any putative class members are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate KPE's rights guaranteed by the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution.

THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Excessive Fines)

Plaintiff's claims and claims of any putative class members are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate KPE's rights guaranteed by the Excessive Fines provision of the Eighth Amendment of the United States Constitution.

THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Unconstitutional Multiplicity)

To the extent any recovery by Plaintiffs or members of the putative class would be duplicative of recovery by other plaintiffs and other lawsuits, subjecting KPE to the possibility of multiple

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Foreign Sales)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs may not recover damages, if any, based on sales outside of the United States.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Legal Acts)

Plaintiffs' claims are barred, in whole or in part, to the extent they are based on alleged acts, conduct or statements that are specifically permitted by law.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Withdrawal)

To the extent that any actionable conduct occurred for which KPE is liable, some or all of Plaintiffs' claims against KPE are barred because KPE withdrew from and/or abandoned any alleged conspiracy prior to the commencement of the limitations period set forth in applicable statutes of limitations.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any and all injuries alleged in the Amended Complaint, the fact and extent of which KPE specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiffs, certain members of the putative classes, and/or third parties or entities, other than KPE.

### FORTIETH AFFIRMATIVE DEFENSE

### (Failure To Plead Special Damages With Specificity)

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to plead special damages with specificity as required by the laws of the various States cited.

### FORTY-FIRST AFFIRMATIVE DEFENSE

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

HOWREY LLP

**(Injury or Damages Offset by Benefits Received)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any claimed injury or damage has been offset by benefits Plaintiffs received with respect to the challenged conduct.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(Damages Not Passed Through to Plaintiffs)**

Plaintiffs' claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Amended Complaint was not incurred by or passed on to Plaintiffs, or was incurred by or passed on to persons or entities other than Plaintiffs.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(Proportionality)**

To the extent KPE is found liable for damages, the fact and extent of which are expressly denied by KPE, those damages must be reduced in proportion to KPE's degree of fault.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

**(Release)**

The claims of one or more of the persons or entities Plaintiffs purport to represent are barred because they have been released.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

**(No 'Full Consideration' Damages)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not entitled to "full consideration" damages.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

**(Lack of Standing as Indirect Purchasers)**

Plaintiffs' claims are barred, in whole or in part, to the extent the various States cited have not repealed the *Illinois Brick* doctrine.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Other Defenses Incorporated by Reference)**

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

1    KPE adopts and incorporates by reference any and all other affirmative defenses asserted or to

2    be asserted by any other defendant in this proceeding to the extent that KPE may share in such

3    affirmative defenses.

4                    **FORTY-EIGHTH AFFIRMATIVE DEFENSE**

5              **(Reservation of Rights to Assert Additional Defenses)**

6    KPE has not knowingly or intentionally waived any applicable defenses and explicitly reserves

7    the right to assert and rely on such other applicable defenses as may become available or apparent

8    during discovery proceedings. KPE further reserves the right to amend its Answer and/or its defenses

9    accordingly, and/or to delete defenses that it determines are not applicable during the course of

10   subsequent discovery.

11

12          **WHEREFORE**, KPE prays as follows:

13   1.      That the Plaintiffs take nothing by way of the Amended Complaint and the Amended

     Complaint be dismissed with prejudice;

14   2.      That judgment be entered in favor of KPE and against Plaintiffs on each and every

15   cause of action set forth in the Amended Complaint;

16   3.      That KPE recover its costs of suit and attorneys' fees incurred herein; and

17   4.      That KPE be granted such other and further relief as the Court deems just and proper.

18

19   DATED:  January 26, 2011                    HOWREY LLP

20

21                                               /s/ *Joseph Song*_____
                                                 Joseph Song

22                                               525 Market Street
23                                               Suite 3600
                                                 San Francisco, CA 94105-2708
24                                               Telephone: (415) 848-4927
                                                 Facsimile: (212) 848-4999
25                                               Email: songj@howrey.com

26
                                                 *Attorney for Koninklijke Philips Electronics N.V.*
27

28

HOWREY LLP

## **CERTIFICATE OF SERVICE**

I hereby certify that I am a resident of the State of California and over the age of 18 years, and not a party to the within action.  My business address is HOWREY LLP, 525 Market Street, Suite 3600, San Francisco, California 94105.

On January 26, 2011, I electronically filed ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS N.V. TO INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

 /s/ *Joseph Song*
Joseph Song

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT