1  KENT M. ROGER, State Bar No. 95987
   DIANE L. WEBB, State Bar No. 197851
2  MICHELLE PARK CHIU, State Bar No. 248421
   MORGAN, LEWIS & BOCKIUS LLP
3  One Market, Spear Street Tower
   San Francisco, CA  94105-1126
4  Tel:  415.442.1000
   Fax:  415.442.1001
5  E-mail: kroger@morganlewis.com

6  Attorneys for Defendants
   HITACHI, LTD., HITACHI DISPLAYS, LTD.,
7  HITACHI AMERICA, LTD., HITACHI ASIA,
   LTD., and HITACHI ELECTRONIC DEVICES
8  (USA), INC.

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12 | IN RE:  CATHODE RAY TUBE (CRT) | No.:  C07-5944-SC |
13 | ANTITRUST LITIGATION, | MDL No. 1917 |

14 | This Document Relates To: | **ANSWER OF HITACHI, LTD., HITACHI** |
15 | ALL INDIRECT PURCHASER | **DISPLAYS, LTD., HITACHI AMERICA,** |
   | ACTIONS | **LTD., HITACHI ASIA, LTD., AND** |
16 | | **HITACHI ELECTRONIC DEVICES (USA),** |
   | | **INC. TO THE INDIRECT PURCHASER** |
17 | | **PLAINTIFFS' THIRD CONSOLIDATED** |
   | | **AMENDED COMPLAINT** |

18

19        Defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi Asia,

20 Ltd., and Hitachi Electronic Devices (USA), Inc. (collectively "the Hitachi defendants") through

21 their undersigned counsel of record, answer and respond ("Answer") to the Indirect Purchaser

22 Plaintiffs' ("Plaintiffs") Third Consolidated Amended Complaint ("Amended Complaint").

23        As used in this Answer, and in the interest of brevity, the phrase deny or denies "for want

24 of information or belief" means that the answering defendants are without knowledge or

25 information sufficient to form a belief as to the truth of an averment of the Amended Complaint,

26 and deny that averment on that basis.  The Hitachi defendants deny all allegations in the

27 Amended Complaint (including headings and captions) not specifically admitted in this Answer.

28        1.    The first sentence of Paragraph 1 of the Amended Complaint appears to be

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

prefatory or definitional only, and not one calling for any response.  To the extent that the first sentence of Paragraph 1 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 1 of the Amended Complaint. The Hitachi defendants deny each of the remaining averments of Paragraph 1 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the remaining averments of Paragraph 1 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the remaining averments of Paragraph 1 of the Amended Complaint.

2.     The Hitachi defendants deny each of the averments of Paragraph 2 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 2 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 2 of the Amended Complaint.

3.     The Hitachi defendants deny each of the averments of Paragraph 3 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 3 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 3 of the Amended Complaint.

4.     The Hitachi defendants deny the averments in the first sentence of Paragraph 4. The remaining averments of Paragraph 4 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent the remaining averments of Paragraph 4 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it pertains to the Hitachi defendants and, to the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the remaining averments of Paragraph 4 of the Amended Complaint.

5.     The averments of Paragraph 5 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 5 may be deemed to require

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                                           2                        Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

a response, the Hitachi defendants deny each of the averments of Paragraph 5 of the Amended Complaint.

6.      The averments of Paragraph 6 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 6 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 6 of the Amended Complaint.

7.      The averments of Paragraph 7 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 7 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 7 of the Amended Complaint.

8.      The averments of Paragraph 8 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 8 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 8 of the Amended Complaint.

9.      The averments of Paragraph 9 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 9 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 9 of the Amended Complaint.

10.      The averments of Paragraph 10, and all subparts, of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 10 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 10 of the Amended Complaint.

11.      The averments of Paragraph 11 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 11 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 11 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 11 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 11 of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3      3      Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

Amended Complaint.

12.     The averments of Paragraph 12 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 12 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 12 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 12 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 12 of the Amended Complaint.

13.     The averments of Paragraph 13 of the Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 13 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 13 of the Amended Complaint.

14.     The averments of Paragraph 14 of the Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 14 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 14 of the Amended Complaint.

15.     The averments of Paragraph 15 of the Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 15 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 15 of the Amended Complaint.

16.     The averments of Paragraph 16 of the Amended Complaint are definitional only, and do not call for any response.  Additionally, the averments of Paragraph 16 of the Amended Complaint consist of conclusions of law to which no response is required.  The Hitachi defendants deny that this action is appropriate for class certification.

17.     The averments of Paragraph 17 of the Amended Complaint are definitional only, and do not call for any response.  Additionally, the averments of Paragraph 17 of the Amended Complaint consist of conclusions of law to which no response is required.  The Hitachi defendants deny that this action is appropriate for class certification.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                                    4                    Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

18.     The averments of Paragraph 18 of the Amended Complaint are definitional only, and do not call for any response.  To the extent that Paragraph 18 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 18 of the Amended Complaint.

19.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 19 of the Amended Complaint.

20.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 20 of the Amended Complaint.

21.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 21 of the Amended Complaint.

22.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 22 of the Amended Complaint.

23.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 23 of the Amended Complaint.

24.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 24 of the Amended Complaint.

25.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 25 of the Amended Complaint.

26.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 26 of the Amended Complaint.

27.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 27 of the Amended Complaint.

28.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 28 of the Amended Complaint.

29.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 29 of the Amended Complaint.

30.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 30 of the Amended Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3          5          Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1    31.    The Hitachi defendants deny, for want of information or belief, each of the
2    averments in Paragraph 31 of the Amended Complaint.

3    32.    The Hitachi defendants deny, for want of information or belief, each of the
4    averments in Paragraph 32 of the Amended Complaint.

5    33.    The Hitachi defendants deny, for want of information or belief, each of the
6    averments in Paragraph 33 of the Amended Complaint.

7    34.    The Hitachi defendants deny, for want of information or belief, each of the
8    averments in Paragraph 34 of the Amended Complaint.

9    35.    The Hitachi defendants deny, for want of information or belief, each of the
10   averments in Paragraph 35 of the Amended Complaint.

11   36.    The Hitachi defendants deny, for want of information or belief, each of the
12   averments in Paragraph 36 of the Amended Complaint.

13   37.    The Hitachi defendants deny, for want of information or belief, each of the
14   averments in Paragraph 37 of the Amended Complaint.

15   38.    The Hitachi defendants deny, for want of information or belief, each of the
16   averments in Paragraph 38 of the Amended Complaint.

17   39.    The Hitachi defendants deny, for want of information or belief, each of the
18   averments in Paragraph 39 of the Amended Complaint.

19   40.    The Hitachi defendants deny, for want of information or belief, each of the
20   averments in Paragraph 40 of the Amended Complaint.

21   41.    The Hitachi defendants deny, for want of information or belief, each of the
22   averments in Paragraph 41 of the Amended Complaint.

23   42.    The Hitachi defendants deny, for want of information or belief, each of the
24   averments in Paragraph 42 of the Amended Complaint.

25   43.    The Hitachi defendants deny, for want of information or belief, each of the
26   averments in Paragraph 43 of the Amended Complaint.

27   44.    The Hitachi defendants deny, for want of information or belief, each of the
28   averments in Paragraph 44 of the Amended Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                                          6                        Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

45.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 45 of the Amended Complaint.

46.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 46 of the Amended Complaint.

47.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 47 of the Amended Complaint.

48.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 48 of the Amended Complaint.

49.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 49 of the Amended Complaint.

50.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 50 of the Amended Complaint.

51.     The averments of Paragraph 51 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 51 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 51 of the Amended Complaint.

52.     The averments of Paragraph 52 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 52 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 52 of the Amended Complaint.

53.     The averments of Paragraph 53 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 53 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 53 of the Amended Complaint.

54.     The averments of Paragraph 54 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 54 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 54 of the Amended Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                                    7                         Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

55. The averments of Paragraph 55 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required. To the extent that Paragraph 55 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 55 of the Amended Complaint.

56. The averments of Paragraph 56 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required. To the extent that Paragraph 56 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 56 of the Amended Complaint.

57. The averments of Paragraph 57 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required. To the extent that Paragraph 57 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 57 of the Amended Complaint.

58. The averments of Paragraph 58 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required. To the extent that Paragraph 58 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 58 of the Amended Complaint.

59. The averments of Paragraph 59 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required. To the extent that Paragraph 59 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 59 of the Amended Complaint.

60. The averments of Paragraph 60 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required. To the extent that Paragraph 60 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 60 of the Amended Complaint.

61. The averments of Paragraph 61 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required. To the extent that Paragraph 61 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 61 of the Amended Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3

8

Case No. C07-5944 SC; MDL No. 1917

THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

62.     The averments of Paragraph 62 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required. To the extent that Paragraph 62 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 62 of the Amended Complaint.

63.     The averments of Paragraph 63 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 63 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 63 of the Amended Complaint.

64.     The averments of Paragraph 64 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 64 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 64 of the Amended Complaint.

65.     The averments of Paragraph 65 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 65 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 65 of the Amended Complaint.

66.     The averments of Paragraph 66 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 66 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 66 of the Amended Complaint.

67.     The averments of Paragraph 67 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 67 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 67 of the Amended Complaint.

68.     The averments of Paragraph 68 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 68 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 68 of the Amended Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3         9         Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1    69.    The averments of Paragraph 69 of the Amended Complaint are not directed at the

2    Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 69 may

3    be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

4    each of the averments in Paragraph 69 of the Amended Complaint.

5    70.    The averments of Paragraph 70 of the Amended Complaint are not directed at the

6    Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 70 may

7    be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

8    each of the averments in Paragraph 70 of the Amended Complaint.

9    71.    The averments of Paragraph 71 of the Amended Complaint are not directed at the

10   Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 71 may

11   be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

12   each of the averments in Paragraph 71 of the Amended Complaint.

13   72.    The averments of Paragraph 72 of the Amended Complaint are not directed at the

14   Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 72 may

15   be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

16   each of the averments in Paragraph 72 of the Amended Complaint.

17   73.    The averments of Paragraph 73 of the Amended Complaint are not directed at the

18   Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 73 may

19   be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

20   each of the averments in Paragraph 73 of the Amended Complaint.

21   74.    The averments of Paragraph 74 of the Amended Complaint are not directed at the

22   Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 74 may

23   be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

24   each of the averments in Paragraph 74 of the Amended Complaint.

25   75.    The averments of Paragraph 75 of the Amended Complaint are not directed at the

26   Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 75 may

27   be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

28   each of the averments in Paragraph 75 of the Amended Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                          10                 Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1    76.    The averments of Paragraph 76 of the Amended Complaint are not directed at the

2  Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 76 may

3  be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

4  each of the averments in Paragraph 76 of the Amended Complaint.

5    77.    The averments of Paragraph 77 of the Amended Complaint are not directed at the

6  Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 77 may

7  be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

8  each of the averments in Paragraph 77 of the Amended Complaint.

9    78.    The averments of Paragraph 78 of the Amended Complaint are not directed at the

10  Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 78 may

11  be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

12  each of the averments in Paragraph 78 of the Amended Complaint.

13    79.    The averments of Paragraph 79 of the Amended Complaint are not directed at the

14  Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 79 may

15  be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

16  each of the averments in Paragraph 79 of the Amended Complaint.

17    80.    The averments of Paragraph 80 of the Amended Complaint are not directed at the

18  Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 80 may

19  be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

20  each of the averments in Paragraph 80 of the Amended Complaint.

21    81.    The averments of Paragraph 81 of the Amended Complaint are not directed at the

22  Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 81 may

23  be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

24  each of the averments in Paragraph 81 of the Amended Complaint.

25    82.    The averments of Paragraph 82 of the Amended Complaint are not directed at the

26  Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 82 may

27  be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

28  each of the averments in Paragraph 82 of the Amended Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                                              11                      Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

83.     The averments of Paragraph 83 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 83 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 83 of the Amended Complaint.

84.     The averments of Paragraph 84 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 84 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 84 of the Amended Complaint.

85.     The Hitachi defendants deny that Hitachi, Ltd. has its principal place of business at 6-1, Marunouchi 1-chome, Chiyoda-ku, Tokyo, 100-8280, Japan, but admit that Hitachi, Ltd. is a Japanese company with its principal place of business at 6-6, Marunouchi 1-chome, Chiyoda-ku, Tokyo, 100-8280, Japan.  The Hitachi defendants deny the remainder of the averments of Paragraph 85 of the Amended Complaint.

86.     The Hitachi defendants deny that Hitachi Displays, Ltd. has its principal place of business at AKS Building, 3 Kandaneribeicho 3, Chiyoda-ku, Tokyo, 101-0022, Japan, but admit that Hitachi Displays, Ltd. is a Japanese company with its principal place of business at 3300, Hayano, Mobara-shi, Chiba-ken, 297-8622, Japan.  The Hitachi defendants deny the remainder of the averments of Paragraph 86 of the Amended Complaint.

87.     The Hitachi defendants deny that Hitachi Electronic Devices (USA), Inc.'s principal place of business is located at 1000 Hurricane Shoals Road, Ste. D-100, Lawrenceville, GA but admit that Hitachi Electronic Devices (USA), Inc. is a Delaware corporation with its principal place of business at 208 Fairforest Way, Greenville, South Carolina.  The Hitachi defendants deny the remainder of the averments of Paragraph 87 of the Amended Complaint.

88.     The Hitachi defendants deny that Hitachi America, Ltd. has its principal place of business at 2000 Sierra Point Parkway, Brisbane, California, but admit that Hitachi America, Ltd. is a New York company with its principal place of business at 50 Prospect Avenue, Tarrytown, New York, 10591.  The Hitachi defendants admit that Hitachi America, Ltd. is a subsidiary of Defendant Hitachi, Ltd.  The Hitachi defendants deny the remainder of the averments of

1  Paragraph 88 of the Amended Complaint.

2          89.     The Hitachi defendants deny that Hitachi Asia, Ltd.'s principal place of business is

3  located at 16 Collyer Quay, #20-00 Hitachi Tower, Singapore 049318, but admit that Hitachi

4  Asia, Ltd. is a Singaporean company with its principal place of business at 7 Tampines Grande,

5  #08-01 Hitachi Square, Singapore 528736.  The Hitachi defendants deny the remainder of the

6  averments of Paragraph 89 of the Amended Complaint.

7          90.     The Hitachi defendants deny, for want of information or belief, the averments in

8  the first sentence of Paragraph 90 of the Amended Complaint that "Defendant Shenzhen SEG

9  Hitachi Color Display Devices, Ltd. ('Hitachi Shenzhen') is a Chinese company with its principal

10  place of business located at 5001 Huanggang Road, Futian District, Shenzhen 518035, China."

11  To the extent the remaining averments in Paragraph 90 of the Amended Complaint are directed at

12  the Hitachi defendants, the Hitachi defendants deny each of the averments as it pertains to the

13  Hitachi defendants and, to the extent the averments do not pertain to the Hitachi defendants, the

14  Hitachi defendants deny, for want of information or belief, the averments in the rest of Paragraph

15  90 of the Amended Complaint.

16          91.     The Hitachi defendants deny each of the averments of Paragraph 91 of the

17  Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

18  Paragraph 91 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

19  defendants deny, for want of information or belief, the averments of Paragraph 91 of the

20  Amended Complaint.

21          92.     The averments of Paragraph 92 of the Amended Complaint are not directed at the

22  Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 92 may

23  be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

24  each of the averments in Paragraph 92 of the Amended Complaint.

25          93.     The averments of Paragraph 93 of the Amended Complaint are not directed at the

26  Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 93 may

27  be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

28  each of the averments in Paragraph 93 of the Amended Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3             13             Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

94.     The averments of Paragraph 94 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 94 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 94 of the Amended Complaint.

95.     The averments of Paragraph 95 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 95 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 95 of the Amended Complaint.

96.     The averments of Paragraph 96 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 96 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 96 of the Amended Complaint.

97.     The averments of Paragraph 97 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 97 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 97 of the Amended Complaint.

98.     The averments of Paragraph 98 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 98 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 98 of the Amended Complaint.

99.     The averments of Paragraph 99 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 99 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 99 of the Amended Complaint.

100.     The averments of Paragraph 100 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 100 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 100 of the Amended Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                                        14                          Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

101.     The averments of Paragraph 101 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 101 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 101 of the Amended Complaint.

102.     The averments of Paragraph 102 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 102 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 102 of the Amended Complaint.

103.     The averments of Paragraph 103 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 103 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 103 of the Amended Complaint.

104.     The averments of Paragraph 104 of the Amended Complaint appear to be definitional only, and not ones calling for any response.  To the extent Paragraph 104 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 104 of the Amended Complaint.

105.     The averments of Paragraph 105 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 105 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 105 of the Amended Complaint.

106.     The averments of Paragraph 106 of the Amended Complaint appear to be definitional only, and not ones calling for any response.  Additionally, the averments of Paragraph 106 of the Amended Complaint consist of conclusions of law to which no response is required. To the extent Paragraph 106 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 106 of the Amended Complaint.

107.     The averments of Paragraph 107 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 107 may be deemed to

1    require a response, the Hitachi defendants deny, for want of information or belief, each of the

2    averments of Paragraph 107 of the Amended Complaint.

3        108.    The averments of Paragraph 108 of the Amended Complaint consist of conclusions

4    of law to which no response is required.  To the extent that Paragraph 108 may be deemed to

5    require a response, the Hitachi defendants deny, for want of information or belief, each of the

6    averments of Paragraph 108 of the Amended Complaint.

7        109.    The Hitachi defendants deny, for want of information or belief, each of the

8    averments of Paragraph 109 of the Amended Complaint.  To the extent that Paragraph 109 may

9    be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

10   each of the averments of Paragraph 109 of the Amended Complaint.

11       110.    The averments of Paragraph 110 of the Amended Complaint consist of conclusions

12   of law to which no response is required.  To the extent that Paragraph 110 may be deemed to

13   require a response, the Hitachi defendants deny, for want of information, each of the averments of

14   Paragraph 110 of the Amended Complaint.

15       111.    The averments of Paragraph 111 of the Amended Complaint appear to be prefatory

16   only, and not ones calling for any response.  To the extent that Paragraph 111 may be deemed to

17   require a response, the Hitachi defendants deny, for want of information or belief, each of the

18   averments of Paragraph 111 of the Amended Complaint.

19       112.    The averments of Paragraph 112 of the Amended Complaint appear to be prefatory

20   only, and not ones calling for any response.  To the extent that Paragraph 112 may be deemed to

21   require a response, the Hitachi defendants deny, for want of information or belief, each of the

22   averments of Paragraph 112 of the Amended Complaint.

23       113.    The averments of Paragraph 113 of the Amended Complaint appear to be prefatory

24   only, and not ones calling for any response.  To the extent that Paragraph 113 may be deemed to

25   require a response, the Hitachi defendants deny, for want of information or belief, each of the

26   averments of Paragraph 113 of the Amended Complaint.

27       114.    The averments of Paragraph 114 of the Amended Complaint appear to be

28   definitional only, and not ones calling for any response.  To the extent Paragraph 114 may be

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                                16                    Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1    deemed to require a response, the Hitachi defendants deny, for want of information or belief, each

2    of the averments in Paragraph 114 of the Amended Complaint.

3            115.    The Hitachi defendants deny, for want of information or belief, the averments of

4    Paragraph 115 of the Amended Complaint.  To the extent the averments of Paragraph 115 are

5    directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of

6    Paragraph 115 of the Amended Complaint as it pertains to the Hitachi defendants.

7            116.    The Hitachi defendants deny, for want of information or belief, the averments of

8    Paragraph 116 of the Amended Complaint.  To the extent the averments of Paragraph 116 are

9    directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of

10   Paragraph 116 of the Amended Complaint as it pertains to the Hitachi defendants.

11           117.    To the extent the averments of Paragraph 117 of the Amended Complaint are

12   directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it

13   pertains to the Hitachi defendants and, to the extent the averments do not pertain to the Hitachi

14   defendants, the Hitachi defendants deny, for want of information or belief, the averments of

15   Paragraph 117 of the Amended Complaint.

16           118.    To the extent the averments of Paragraph 118 of the Amended Complaint are

17   directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it

18   pertains to the Hitachi defendants and, to the extent the averments do not pertain to the Hitachi

19   defendants, the Hitachi defendants deny, for want of information or belief, the averments of

20   Paragraph 118 of the Amended Complaint.

21           119.    The Hitachi defendants deny, for want of information or belief, the averments of

22   Paragraph 119 of the Amended Complaint.

23           120.    To the extent the averments of Paragraph 120 of the Amended Complaint are

24   directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it

25   pertains to the Hitachi defendants and, to the extent the averments do not pertain to the Hitachi

26   defendants, the Hitachi defendants deny, for want of information or belief, the averments of

27   Paragraph 120 of the Amended Complaint.

28           121.    The Hitachi defendants deny, for want of information or belief, the averments of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                                    17                    Case No. C07-5944 SC; MDL No. 1917

THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1   Paragraph 121 of the Amended Complaint.

2       122.    The averments of subparts a-h and j-k of Paragraph 122 of the Amended

3   Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  The

4   Hitachi defendants deny the averments of Paragraph 122 of the Amended Complaint, but admit

5   that in 2000 LG Electronics, Inc. and Hitachi, Ltd. entered into an agreement to establish a joint

6   venture company for the development, design and marketing of optical disk drives.

7       123.    The Hitachi defendants deny, for want of information or belief, the averments of

8   Paragraph 123 of the Amended Complaint.

9       124.    The Hitachi defendants deny, for want of information or belief, each of the

10  averments in Paragraph 124 of the Amended Complaint.

11      125.    The Hitachi defendants deny, for want of information or belief, each of the

12  averments in Paragraph 125 of the Amended Complaint.

13      126.    The Hitachi defendants deny, for want of information or belief, each of the

14  averments in Paragraph 126 of the Amended Complaint.

15      127.    The averments of the first sentence of Paragraph 127 of the Amended Complaint

16  consist of conclusions of law to which no response is required.  To the extent that the first

17  sentence of Paragraph 127 may be deemed to require a response, the Hitachi defendants deny

18  each of the averments of the first sentence of Paragraph 127 of the Amended Complaint.  The

19  Hitachi defendants deny, for want of information or belief, the remaining averments in Paragraph

20  127 of the Amended Complaint.

21      128.    The Hitachi defendants deny, for want of information or belief, the averments of

22  Paragraph 128 of the Amended Complaint.

23      129.    The Hitachi defendants deny, for want of information or belief, the averments of

24  Paragraph 129 of the Amended Complaint.

25      130.    The Hitachi defendants deny, for want of information or belief, the averments of

26  Paragraph 130 of the Amended Complaint.

27      131.    The Hitachi defendants deny, for want of information or belief, the averments of

28  Paragraph 131 of the Amended Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                                18                    Case No. C07-5944 SC; MDL No. 1917

THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

132.     The averments of the first sentence of Paragraph 132 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the first sentence of Paragraph 132 may be deemed to require a response, the Hitachi defendants deny each of the averments of the first sentence of Paragraph 132 of the Amended Complaint.  The Hitachi defendants deny each of the remaining averments of Paragraph 132 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the remaining averments of Paragraph 132 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the remaining averments of Paragraph 132 of the Amended Complaint.

133.     The Hitachi defendants deny, for want of information or belief, the averments in Paragraph 133 of the Amended Complaint.

134.     The Hitachi defendants deny each of the averments of Paragraph 134 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 134 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 134 of the Amended Complaint.

135.     The averments of Paragraph 135 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 135 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 135 of the Amended Complaint.

136.     To the extent the averments of Paragraph 136 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it pertains to the Hitachi defendants and, to the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 136 of the Amended Complaint.

137.     The averments of Paragraph 137 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 137 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 137 of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                                    19                      Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1    Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

2    Paragraph 137 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

3    defendants deny, for want of information or belief, the averments of Paragraph 137 of the

4    Amended Complaint.

5          138.    The averments of Paragraph 138 of the Amended Complaint consist of conclusions

6    of law to which no response is required.  To the extent that Paragraph 138 may be deemed to

7    require a response, the Hitachi defendants deny each of the averments of Paragraph 138 of the

8    Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

9    Paragraph 138 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

10   defendants deny, for want of information or belief, the averments of Paragraph 138 of the

11   Amended Complaint.

12         139.    To the extent the averments of Paragraph 139 of the Amended Complaint are

13   directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of

14   Paragraph 139 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent

15   the averments of Paragraph 139 of the Amended Complaint do not pertain to the Hitachi

16   defendants, the Hitachi defendants deny, for want of information or belief, the averments of

17   Paragraph 139 of the Amended Complaint.

18         140.    To the extent the averments of Paragraph 140 of the Amended Complaint are

19   directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of

20   Paragraph 140 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain

21   to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the

22   averments of Paragraph 140 of the Amended Complaint.

23         141.    To the extent the averments of Paragraph 141 of the Amended Complaint are

24   directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of

25   Paragraph 141 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain

26   to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the

27   averments of Paragraph 141 of the Amended Complaint.

28         142.    To the extent the averments of Paragraph 142, including all subparts, of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                                    20                    Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1    Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of

2    the averments, including all subparts, of Paragraph 142 as it pertains to the Hitachi defendants.

3    To the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny,

4    for want of information or belief, the averments of Paragraph 142 of the Amended Complaint.

5    　　　　143.　　To the extent the averments of Paragraph 143 of the Amended Complaint are

6    directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of

7    Paragraph 143 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain

8    to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the

9    averments of Paragraph 143 of the Amended Complaint.

10    　　　　144.　　To the extent the averments of Paragraph 144 of the Amended Complaint are

11    directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of

12    Paragraph 144 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain

13    to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the

14    averments of Paragraph 144 of the Amended Complaint.

15    　　　　145.　　To the extent the averments of Paragraph 145 of the Amended Complaint are

16    directed at the Hitachi defendants, the Hitachi defendants deny each of the averments, of

17    Paragraph 145 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain

18    to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the

19    averments of Paragraph 145 of the Amended Complaint.

20    　　　　146.　　To the extent the averments of Paragraph 146 of the Amended Complaint are

21    directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of

22    Paragraph 146 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain

23    to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the

24    averments of Paragraph 146 of the Amended Complaint.

25    　　　　147.　　To the extent the averments of Paragraph 147 of the Amended Complaint are

26    directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of

27    Paragraph 147 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain

28    to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                                    21                        Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1    averments of Paragraph 147 of the Amended Complaint.

2         148.    The averments of Paragraph 148 of the Amended Complaint consist of conclusions

3    of law to which no response is required.  To the extent that Paragraph 148 may be deemed to

4    require a response, the Hitachi defendants deny each of the averments of Paragraph 148 of the

5    Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

6    Paragraph 148 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

7    defendants deny, for want of information or belief, the averments of Paragraph 148 of the

8    Amended Complaint.

9         149.    To the extent the averments of Paragraph 149 of the Amended Complaint are

10   directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of

11   Paragraph 149 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain

12   to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the

13   averments of Paragraph 149 of the Amended Complaint.

14        150.    To the extent the averments, including all subparts, of Paragraph 150 of the

15   Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of

16   the averments, including all subparts, of Paragraph 150 as it pertains to the Hitachi defendants.

17   To the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny,

18   for want of information or belief, the averments of Paragraph 150 of the Amended Complaint.

19        151.    To the extent the averments of Paragraph 151 of the Amended Complaint are

20   directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of

21   Paragraph 151 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain

22   to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the

23   averments of Paragraph 151 of the Amended Complaint.

24        152.    To the extent the averments of Paragraph 152 of the Amended Complaint are

25   directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of

26   Paragraph 152 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain

27   to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the

28   averments of Paragraph 152 of the Amended Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                                22                    Case No. C07-5944 SC; MDL No. 1917

THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

153.     The Hitachi defendants deny each of the averments of Paragraph 153 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 153 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 153 of the Amended Complaint.

154.     The Hitachi defendants deny each of the averments of Paragraph 154 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 154 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 154 of the Amended Complaint.

155.     The Hitachi defendants deny each of the averments of Paragraph 155 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 155 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 155 of the Amended Complaint.

156.     The averments of Paragraph 156 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent the averments of Paragraph 156 of the Amended Complaint may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 156 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 156 of the Amended Complaint.

157.     The Hitachi defendants deny each of the averments of Paragraph 157 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 157 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 157 of the Amended Complaint.

158.     The Hitachi defendants deny each of the averments of Paragraph 158 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                                    23                    Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1   Paragraph 158 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

2   defendants deny, for want of information or belief, the averments of Paragraph 158 of the

3   Amended Complaint.

4         159.    The averments of Paragraph 159 of the Amended Complaint are not directed at the

5   Hitachi defendants, and, therefore, no response is required.  To the extent Paragraph 159 may be

6   deemed to require a response, the Hitachi defendants deny, for want of information or belief, each

7   of the averments of Paragraph 159 of the Amended Complaint.

8         160.    The averments of Paragraph 160 of the Amended Complaint are not directed at the

9   Hitachi defendants, and, therefore, no response is required.  To the extent Paragraph 160 may be

10  deemed to require a response, the Hitachi defendants deny, for want of information or belief, each

11  of the averments of Paragraph 160 of the Amended Complaint.

12        161.    The averments of Paragraph 161 of the Amended Complaint are not directed at the

13  Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 161 may

14  be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

15  each of the averments of Paragraph 161 of the Amended Complaint.

16        162.    The averments of Paragraph 162 of the Amended Complaint are not directed at the

17  Hitachi defendants, and, therefore, no response is required.  To the extent Paragraph 162 may be

18  deemed to require a response, the Hitachi defendants deny, for want of information or belief, each

19  of the averments of Paragraph 162 of the Amended Complaint.

20        163.    The averments of Paragraph 163 of the Amended Complaint are not directed at the

21  Hitachi defendants, and, therefore, no response is required.  To the extent Paragraph 163 may be

22  deemed to require a response, the Hitachi defendants deny, for want of information or belief, each

23  of the averments of Paragraph 163 of the Amended Complaint.

24        164.    The averments of Paragraph 164 of the Amended Complaint are not directed at the

25  Hitachi defendants, and, therefore, no response is required.  To the extent Paragraph 164 may be

26  deemed to require a response, the Hitachi defendants deny, for want of information or belief, each

27  of the averments of Paragraph 164 of the Amended Complaint.

28        165.    The averments of Paragraph 165 of the Amended Complaint are not directed at the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                24                Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1    Hitachi defendants, and, therefore, no response is required.  To the extent Paragraph 165 may be

2    deemed to require a response, the Hitachi defendants deny, for want of information or belief, each

3    of the averments of Paragraph 165 of the Amended Complaint.

4            166.    The averments of Paragraph 166 of the Amended Complaint are not directed at the

5    Hitachi defendants, and, therefore, no response is required.  To the extent Paragraph 166 may be

6    deemed to require a response, the Hitachi defendants deny, for want of information or belief, each

7    of the averments of Paragraph 166 of the Amended Complaint.

8            167.    The averments of Paragraph 167 of the Amended Complaint are not directed at the

9    Hitachi defendants, and, therefore, no response is required.  To the extent Paragraph 167 may be

10   deemed to require a response, the Hitachi defendants deny, for want of information or belief, each

11   of the averments of Paragraph 167 of the Amended Complaint.

12           168.    The averments of Paragraph 168 of the Amended Complaint are not directed at the

13   Hitachi defendants, and, therefore, no response is required.  To the extent Paragraph 168 may be

14   deemed to require a response, the Hitachi defendants deny, for want of information or belief, each

15   of the averments of Paragraph 168 of the Amended Complaint.

16           169.    The averments of Paragraph 169 of the Amended Complaint are not directed at the

17   Hitachi defendants, and, therefore, no response is required.  To the extent Paragraph 169 may be

18   deemed to require a response, the Hitachi defendants deny, for want of information or belief, each

19   of the averments of Paragraph 169 of the Amended Complaint.

20           170.    The averments of Paragraph 170 of the Amended Complaint are not directed at the

21   Hitachi defendants, and, therefore, no response is required.  To the extent Paragraph 170 may be

22   deemed to require a response, the Hitachi defendants deny, for want of information or belief, each

23   of the averments of Paragraph 170 of the Amended Complaint.

24           171.    The Hitachi defendants deny each of the averments in Paragraph 171 of the

25   Amended Complaint.

26           172.    The Hitachi defendants deny each of the averments in Paragraph 172 of the

27   Amended Complaint.

28           173.    The averments of Paragraph 173 of the Amended Complaint are not directed at the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                                                25                              Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

Hitachi defendants, and, therefore, no response is required.  To the extent Paragraph 173 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 173 of the Amended Complaint.

174.     The averments of Paragraph 174 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent Paragraph 174 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 174 of the Amended Complaint.

175.     The averments of Paragraph 175 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent Paragraph 175 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 175 of the Amended Complaint.

176.     The averments of Paragraph 176 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent Paragraph 176 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 176 of the Amended Complaint.

177.     The averments of Paragraph 177 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent Paragraph 177 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 177 of the Amended Complaint.

178.     The averments of Paragraph 178 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent Paragraph 178 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 178 of the Amended Complaint.

179.     The averments of Paragraph 179 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent Paragraph 179 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 179 of the Amended Complaint.

180.     The averments of Paragraph 180 of the Amended Complaint consist of conclusions

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3

26

Case No. C07-5944 SC; MDL No. 1917

THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

of law to which no response is required.  To the extent that Paragraph 180 may be deemed to require a response, the Hitachi defendants deny each of the averments as it pertains to the Hitachi defendants and, to the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 180 of the Amended Complaint.

181.    The Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 181 of the Amended Complaint.

182.    The averments in Paragraph 182 of the Amended Complaint purport to be derived from a Stanford Resources, Inc., and, therefore, no response is required.  To the extent that Paragraph 182 may be deemed to require a response, the Hitachi Defendants respond that the report speaks for itself and deny, for want of information or belief, the averments in Paragraph 182 of the Amended Complaint.

183.    The Hitachi defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 183 of the Amended Complaint as they relate to the Hitachi defendants.  The averments in the second, third, and fourth sentences of Paragraph 183 of the Amended Complaint purport to be derived from a Fuji Chimera Research report, and thus no response is required.  To the extent that the averments in the second, third, and fourth sentences of Paragraph 183 may be deemed to require a response, the Hitachi Defendants respond that the report speaks for itself and deny, for want of information or belief, the averments in the second, third, and fourth sentences of Paragraph 183 of the Amended Complaint.

184.    The Hitachi defendants deny, for want of information or belief, each of the averments in the first and fourth sentences of Paragraph 184 of the Amended Complaint.  The remainder of the averments of Paragraph 184 purports to be derived from industry analysts, and thus no response is required.  To the extent that the remainder of the averments of Paragraph 184 may be deemed to require a response, the Hitachi Defendants respond that the industry analysts speak for themselves and deny, for want of information or belief, the remainder of the averments of Paragraph 184 of the Amended Complaint.

185.    The averments of Paragraph 185 purport to be derived from an industry source,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                                                27                                      Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1   and thus no response is required.  To the extent that Paragraph 185 may be deemed to require a

2   response, the Hitachi Defendants respond that the statements of the industry source speak for

3   themselves and deny, for want of information or belief, the averments of Paragraph 185 of the

4   Amended Complaint.

5        186.   The Hitachi defendants deny, for want of information or belief, each of the

6   averments of Paragraph 186 of the Amended Complaint.

7        187.   The Hitachi defendants deny, for want of information or belief, each of the

8   averments in the first sentence of Paragraph 187 of the Amended Complaint.  The remainder of

9   the averments of Paragraph 187 purports to be derived from an Infotech Weekly article and thus

10  no response is required.  To the extent that the remainder of Paragraph 187 may be deemed to

11  require a response, the Hitachi Defendants respond that the Infotech Weekly article speaks for

12  itself and deny, for want of information or belief, the remainder of the averments of Paragraph

13  187 of the Amended Complaint.

14       188.   The averments in Paragraph 188 of the Amended Complaint purport to quote

15  and/or be derived from a BNET Business Network article, and thus no response is required.  To

16  the extent that the averments in Paragraph 188 may be deemed to require a response, the Hitachi

17  defendants respond that the BNET Business Network article speaks for itself and deny, for want

18  of information or belief, the averments in Paragraph 188 of the Amended Complaint.

19       189.   The averments in Paragraph 189 of the Amended Complaint purport to quote

20  and/or be derived from a Techtree.com article, and thus no response is required.  To the extent

21  that the averments in Paragraph 189 may be deemed to require a response, the Hitachi defendants

22  respond that the Techtree.com article speaks for itself and deny, for want of information or belief,

23  the averments in Paragraph 189 of the Amended Complaint.

24       190.   The Hitachi defendants deny each of the averments of Paragraph 190 of the

25  Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

26  Paragraph 190 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

27  defendants deny, for want of information or belief, the averments of Paragraph 190 of the

28  Amended Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

191.    The Hitachi defendants deny each of the averments of Paragraph 191 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 191 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 191 of the Amended Complaint.

192.    The averments in the first sentence of Paragraph 192 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the averments in the first sentence of Paragraph 192 of the Amended Complaint may be deemed to require a response, the Hitachi defendants deny each of the averments in the first sentence of Paragraph 192 of the Amended Complaint as it applies to the Hitachi Defendants.  To the extent the averments in the first sentence of Paragraph 192 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 192 of the Amended Complaint.  The remainder of the averments of Paragraph 192 purports to quote from the President of Skyworth Macao Commercial Off Shore Co., Ltd., Finsen Yu, and thus no response is required.  To the extent that the remainder of Paragraph 192 may be deemed to require a response, the Hitachi Defendants respond that the statement of the President of Skyworth Macao Commercial Off Shore Co., Ltd. speaks for itself and deny, for want of information or belief, the remainder of the averments of Paragraph 192 of the Amended Complaint.

193.    The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 193 of the Amended Complaint.

194.    The Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 194 of the Amended Complaint.

195.    The averments of Paragraph 195 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 195 may be deemed to require a response the Hitachi defendants deny each of the averments of Paragraph 195 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 195 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1   defendants deny, for want of information or belief, the averments of Paragraph 195 of the
2   Amended Complaint.

3          196.    The Hitachi defendants deny, for want of information or belief, the averments in
4   Paragraph 196 of the Amended Complaint.

5          197.    The averments in Paragraph 197 of the Amended Complaint are not directed at the
6   Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for
7   want of information or belief, the averments of Paragraph 197 of the Amended Complaint to the
8   extent they relate to defendants other than the Hitachi defendants with the exception of matters
9   specifically alleged herein.  To the extent the averments of Paragraph 197 of the Amended
10  Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the
11  averments as it pertains to the Hitachi defendants with the exception of matters specifically
12  admitted herein.  The Hitachi defendants admit that C.Y. Lin of Chunghwa Picture Tubes was
13  indicted, the details of which are matters of public record.

14         198.    The averments in Paragraph 198 of the Amended Complaint are not directed at the
15  Hitachi defendants, and, therefore, no response is required.  To the extent Paragraph 198 may be
16  deemed to require a response, the Hitachi defendants deny, for want of information or belief, each
17  of the averments of Paragraph 198 of the Amended Complaint.

18         199.    The averments of Paragraph 199 of the Amended Complaint are not directed at the
19  Hitachi defendants and purport to be derived from a Kyodo News report, and, therefore, no
20  response is required.  To the extent that the averments in Paragraph 199 may be deemed to
21  require a response, the Hitachi defendants respond that the Kyodo News report speaks for itself
22  and deny, for want of information or belief, the averments in Paragraph 199 of the Amended
23  Complaint.

24         200.    The averments of Paragraph 200 of the Amended Complaint are not directed at the
25  Hitachi defendants and purport to be derived from a Kyodo News report, and thus no response is
26  required.  To the extent that the averments in Paragraph 200 may be deemed to require a
27  response, the Hitachi defendants respond that the Kyodo News report speaks for itself and deny,
28  for want of information or belief, the averments in Paragraph 200 of the Amended Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                                30                    Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

201.     The averments in Paragraph 201 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent Paragraph 201 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 201 of the Amended Complaint.

202.     The averments of Paragraph 202 of the Amended Complaint are not directed at the Hitachi defendants and purport to be derived from an Asian Shimbun report, and, therefore, no response is required.  To the extent that the averments in Paragraph 202 may be deemed to require a response, the Hitachi defendants respond that the Asian Shimbun report speaks for itself and deny, for want of information or belief, the averments in Paragraph 202 of the Amended Complaint.

203.     The averments in Paragraph 203 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent Paragraph 203 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 203 of the Amended Complaint.

204.     The averments of Paragraph 204 of the Amended Complaint are not directed at the Hitachi defendants and purport to be derived from a Toshiba Annual Report, and, therefore, no response is required.  To the extent that the averments in Paragraph 204 may be deemed to require a response, the Hitachi defendants respond that the Toshiba Annual Report speaks for itself and deny, for want of information or belief, the averments in Paragraph 204 of the Amended Complaint.

205.     The averments of Paragraph 205 of the Amended Complaint are not directed at the Hitachi defendants and purport to be derived from a statement by a Hungarian Competition Authority, and, therefore, no response is required.  To the extent that the averments in Paragraph 205 may be deemed to require a response, the Hitachi defendants respond that the statement by a Hungarian Competition Authority speaks for itself and deny, for want of information or belief, the averments in Paragraph 205 of the Amended Complaint.

206.     The Hitachi defendants deny each of the averments of Paragraph 206 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                               31                     Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1   Paragraph 206 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

2   defendants deny, for want of information or belief, the averments of Paragraph 206 of the

3   Amended Complaint.

4          207.    The averments of Paragraph 207 of the Amended Complaint are not directed at the

5   Hitachi defendants, and, therefore, no response is required.  To the extent the averments of

6   Paragraph 207 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi

7   defendants deny each of the averments as it pertains to the Hitachi defendants and, to the extent

8   the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of

9   information or belief, the averments of Paragraph 207 of the Amended Complaint.

10         208.    The averments of Paragraph 208 of the Amended Complaint are not directed at the

11  Hitachi defendants, and, therefore, no response is required.  To the extent the averments of

12  Paragraph 208 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi

13  defendants deny each of the averments as it pertains to the Hitachi defendants and, to the extent

14  the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of

15  information or belief, the averments of Paragraph 208 of the Amended Complaint.

16         209.    The Hitachi defendants deny, for want of information or belief, each of the

17  averments of Paragraph 209 of the Amended Complaint.

18         210.    The averments of Paragraph 210 of the Amended Complaint are not directed at the

19  Hitachi defendants, and, therefore, no response is required.  To the extent the averments of

20  Paragraph 210 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi

21  defendants deny each of the averments as it pertains to the Hitachi defendants and, to the extent

22  the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of

23  information or belief, the averments of Paragraph 210 of the Amended Complaint.

24         211.    The averments of Paragraph 211 of the Amended Complaint are not directed at the

25  Hitachi defendants, and, therefore, no response is required.  To the extent the averments of

26  Paragraph 211 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi

27  defendants deny each of the averments as it pertains to the Hitachi defendants and, to the extent

28  the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                              32                     Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1   information or belief, the averments of Paragraph 211 of the Amended Complaint.

2   212.   The averments of Paragraph 212 of the Amended Complaint purport to be derived

3   from a DOJ press release, and, therefore, no response is required.  To the extent that the

4   averments of Paragraph 212 may be deemed to require a response, the Hitachi Defendants

5   respond that the DOJ press release speaks for itself and deny the averments of Paragraph 212,

6   except admit that Hitachi Displays, Ltd. entered into a plea agreement and paid a $31 million fine

7   in connection with allegations that it participated in a conspiracy to fix the prices of TFT-LCD

8   panels sold to Dell, Inc. for use in desktop monitors and notebook computers from April 1, 2001,

9   through March 31, 2004.

10   213.   The averments of Paragraph 213 of the Amended Complaint purport to be derived

11   from indictments filed in the Northern District of California and thus no response is required.  To

12   the extent that the averments of Paragraph 213 may be deemed to require a response, the Hitachi

13   Defendants respond that the indictments speak for themselves and deny the averments of

14   Paragraph 213 as they pertain to the Hitachi defendants, except admit that an Information was

15   filed as to Hitachi Displays, Ltd., alleging that the conduct charged therein "was carried out, in

16   part, in the Northern District of California."  To the extent the averments of Paragraph 213 do not

17   pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief,

18   the averments of Paragraph 213 of the Amended Complaint.

19   214.   The averments in the first two sentences of Paragraph 214 of the Amended

20   Complaint consist of conclusions of law to which no response is required.  To the extent that the

21   first two sentences of Paragraph 214 may be deemed to require a response, the Hitachi defendants

22   deny the averments of the first and second sentences of Paragraph 214 of the Amended

23   Complaint.  The remaining averments of Paragraph 214 of the Amended Complaint purport to be

24   derived from a DOJ announcement, and thus no response is required.  To the extent that the

25   remaining averments of Paragraph 214 may be deemed to require a response, the Hitachi

26   defendants respond that the DOJ announcement speaks for itself and deny, for want of

27   information or belief, the remaining averments of Paragraph 214.

28   215.   The Hitachi defendants deny each of the averments of Paragraph 215 of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                                    33                          Case No. C07-5944 SC; MDL No. 1917

THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1    Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

2    Paragraph 215 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

3    defendants deny, for want of information or belief, the averments of Paragraph 215 of the

4    Amended Complaint.

5         216.    The Hitachi defendants deny, for want of information or belief, the averments of

6    Paragraph 216 of the Amended Complaint.

7         217.    The Hitachi defendants deny, for want of information or belief, the averments of

8    Paragraph 217 of the Amended Complaint.

9         218.    The Hitachi defendants deny, for want of information or belief, the averments of

10   Paragraph 218 of the Amended Complaint.

11        219.    The Hitachi defendants deny, for want of information or belief, the averments of

12   Paragraph 219 of the Amended Complaint.

13        220.    The Hitachi defendants deny, for want of information or belief, the averments of

14   Paragraph 220 of the Amended Complaint.

15        221.    The Hitachi defendants deny, for want of information or belief, the averments of

16   Paragraph 221 of the Amended Complaint.

17        222.    The Hitachi defendants deny, for want of information or belief, the averments of

18   Paragraph 222 of the Amended Complaint.

19        223.    The Hitachi defendants deny, for want of information or belief, the averments of

20   Paragraph 223 of the Amended Complaint.

21        224.    The Hitachi defendants deny, for want of information or belief, the averments of

22   Paragraph 224 of the Amended Complaint.

23        225.    The Hitachi defendants deny, for want of information or belief, the averments of

24   Paragraph 225 of the Amended Complaint.

25        226.    The Hitachi defendants deny, for want of information or belief, the averments in

26   the first and seventh sentences of Paragraph 226 of the Amended Complaint.  The averments in

27   the second through sixth sentences of Paragraph 226 of the Amended Complaint purport to be

28   derived from Professor Hovenkamp's treatise, and thus no response is required.  To the extent

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                                    34                        Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1   that the second through sixth sentences of Paragraph 226 may be deemed to require a response,

2   the Hitachi defendants respond that the treatise speaks for itself and deny, for want of information

3   or belief, the averments in the second through sixth sentences of Paragraph 226 of the Amended

4   Complaint.

5            227.     The averments in Paragraph 227 of the Amended Complaint purport to be derived

6   from some academic literature, and, therefore, no response is required.  To the extent that

7   Paragraph 227 may be deemed to require a response, the Hitachi defendants respond that the

8   purported academic literature speaks for itself and deny, for want of information or belief, the

9   averments of Paragraph 227 of the Amended Complaint.

10           228.     The averments in Paragraph 228 of the Amended Complaint purport to be derived

11  from a judicial decision, and thus no response is required.  To the extent that Paragraph 228 may

12  be deemed to require a response, the Hitachi defendants respond that the judicial decision speaks

13  for itself and deny, for want of information or belief, the averments of Paragraph 228 of the

14  Amended Complaint.

15           229.     The averments in the first sentence of Paragraph 229 of the Amended Complaint

16  consist of conclusions of law to which no response is required.  The Hitachi defendants deny each

17  of the remaining averments of Paragraph 229 of the Amended Complaint as it pertains to the

18  Hitachi defendants.  To the extent the averments of Paragraph 229 of the Amended Complaint do

19  not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or

20  belief, the averments of Paragraph 229 of the Amended Complaint.

21           230.     The averments in the third sentence of Paragraph 230 of the Amended Complaint

22  consist of conclusions of law to which no response is required.  The Hitachi defendants deny each

23  of the remaining averments of Paragraph 230 of the Amended Complaint as it pertains to the

24  Hitachi defendants.  To the extent the averments of Paragraph 230 of the Amended Complaint do

25  not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or

26  belief, the averments of Paragraph 230 of the Amended Complaint.

27           231.     The averments of Paragraph 231 of the Amended Complaint consist of conclusions

28  of law to which no response is required.  To the extent that Paragraph 231 may be deemed to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                                    35                        Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1  require a response, the Hitachi defendants deny each of the averments of Paragraph 231 of the

2  Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of

3  Paragraph 231 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

4  defendants deny, for want of information or belief, the averments of Paragraph 231 of the

5  Amended Complaint.

6          232.    The Hitachi defendants deny each of the averments of Paragraph 232 of the

7  Amended Complaint, but admit that Plaintiffs purport to bring this action under the provisions of

8  Federal Rule of Civil Procedure 23 cited therein.  The Hitachi defendants further deny that this

9  action is appropriate for class certification.

10         233.    The averments of Paragraph 233 of the Amended Complaint appear to be

11 definitional only, and not ones calling for any response.  Additionally, the averments of Paragraph

12 233 of the Amended Complaint consist of conclusions of law to which no response is required.

13 The Hitachi defendants deny that this action is appropriate for class certification.

14         234.    The averments of Paragraph 234 of the Amended Complaint appear to be

15 definitional only, and not ones calling for any response.  Additionally, the averments of Paragraph

16 234 of the Amended Complaint consist of conclusions of law to which no response is required.

17 The Hitachi defendants deny that this action is appropriate for class certification.

18         235.    The averments of Paragraph 235, including all subparts, of the Amended

19 Complaint consist of conclusions of law to which no response is required.  To the extent that

20 Paragraph 235 may be deemed to require a response, the Hitachi defendants deny each of the

21 averments of Paragraph 235 of the Amended Complaint.  The Hitachi defendants further deny

22 that this action is appropriate for class certification.

23         236.    Answering the averments of Paragraph 236 of the Amended Complaint, the

24 Hitachi defendants incorporate by this reference their responses, set forth above in this Answer

25 and as if set forth fully herein, to the averments of Paragraphs 1 through 235 of the Amended

26 Complaint.

27         237.    The averments of Paragraph 237 of the Amended Complaint consist of conclusions

28 of law to which no response is required.  To the extent that Paragraph 237 may be deemed to

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3          36          Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1   require a response, the Hitachi defendants, for want of information or belief, deny each of the

2   averments of Paragraph 237.

3         238.     The averments of Paragraph 238 of the Amended Complaint consist of conclusions

4   of law to which no response is required.  To the extent that Paragraph 238 may be deemed to

5   require a response, the Hitachi defendants deny, for want of information or belief, each of the

6   averments of Paragraph 238.

7         239.     The averments of Paragraph 239 of the Amended Complaint consist of conclusions

8   of law to which no response is required.  To the extent that Paragraph 239 may be deemed to

9   require a response, the Hitachi defendants deny, for want of information or belief, each of the

10  averments of Paragraph 239.

11        240.     The averments of Paragraph 240 of the Amended Complaint consist of conclusions

12  of law to which no response is required.  To the extent that Paragraph 240 may be deemed to

13  require a response, the Hitachi defendants deny, for want of information or belief, each of the

14  averments of Paragraph 240.

15        241.     The averments of Paragraph 241, including all subparts, of the Amended

16  Complaint consist of conclusions of law to which no response is required.  To the extent that

17  Paragraph 241 may be deemed to require a response, the Hitachi defendants deny, for want of

18  information or belief, each of the averments of Paragraph 241.

19        242.     The averments of Paragraph 242 of the Amended Complaint consist of conclusions

20  of law to which no response is required.  To the extent that Paragraph 242 may be deemed to

21  require a response, the Hitachi defendants deny, for want of information or belief, each of the

22  averments of Paragraph 242.

23        243.     The averments of Paragraph 243 of the Amended Complaint consist of conclusions

24  of law to which no response is required.  To the extent that Paragraph 243 may be deemed to

25  require a response, the Hitachi defendants deny, for want of information or belief, each of the

26  averments of Paragraph 243.

27        244.     The averments of Paragraph 244 of the Amended Complaint consist of conclusions

28  of law to which no response is required.  To the extent that Paragraph 244 may be deemed to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                    37                    Case No. C07-5944 SC; MDL No. 1917

THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1   require a response, the Hitachi defendants deny, for want of information or belief, each of the

2   averments of Paragraph 244.

3       245.    The Hitachi defendants deny each of the averments of Paragraph 245 of the

4   Amended Complaint, but admit that Plaintiffs purport to seek an injunction under the provisions

5   of Section 16 of the Clayton Act, cited therein.  The Hitachi defendants further deny, for want of

6   information or belief, that this action is appropriate for injunctive relief.

7       246.    Answering the averments of Paragraph 246 of the Amended Complaint, the

8   Hitachi defendants incorporate by this reference their responses, set forth above in this Answer

9   and as if set forth fully herein, to the averments of Paragraphs 1 through 245 of the Amended

10  Complaint.

11      247.    Answering the averments of the first sentence of Paragraph 247 of the Amended

12  Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

13  this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 246 of the

14  Amended Complaint.  The averments in parts a through e of Paragraph 247 of the Amended

15  Complaint consist of conclusions of law to which no response is required.  To the extent that parts

16  a through e of Paragraph 247 may be deemed to require a response, the Hitachi defendants deny,

17  for want of information or belief, each of the averments of parts a through e of Paragraph 247.

18  Answering the averments of footnote number 1 of Paragraph 247, the Hitachi defendants deny,

19  for want of information or belief, each of the averments in the footnote of Paragraph 247 of the

20  Amended Complaint.

21      248.    Answering the averments of the first sentence of Paragraph 248 of the Amended

22  Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

23  this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 247 of the

24  Amended Complaint.  The averments in parts a through e of Paragraph 248 of the Amended

25  Complaint consist of conclusions of law to which no response is required.  To the extent that parts

26  a through e of Paragraph 248 may be deemed to require a response, the Hitachi Defendants deny,

27  for want of information or belief, each of the averments of parts a through e of Paragraph 248.

28      249.    Answering the averments of the first sentence of Paragraph 249 of the Amended

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                        38                    Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1   Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

2   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 248 of the

3   Amended Complaint.  The averments in parts a through e of Paragraph 249 of the Amended

4   Complaint consist of conclusions of law to which no response is required.  To the extent that parts

5   a through e of Paragraph 249 may be deemed to require a response, the Hitachi Defendants deny,

6   for want of information or belief, each of the averments of parts a through e of Paragraph 249.

7        250.      Answering the averments of the first sentence of Paragraph 250 of the Amended

8   Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

9   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 249 of the

10  Amended Complaint.  The averments of parts a through e of Paragraph 250 of the Amended

11  Complaint consist of conclusions of law to which no response is required.  To the extent that parts

12  a through e of Paragraph 250 may be deemed to require a response, the Hitachi defendants deny,

13  for want of information or belief, each of the averments of parts a through e of Paragraph 250.

14  Answering the averments of footnote number 2 of Paragraph 250, the Hitachi defendants deny,

15  for want of information or belief, each of the averments in the footnote of Paragraph 250 of the

16  Amended Complaint.

17       251.      Answering the averments of the first sentence of Paragraph 251 of the Amended

18  Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

19  this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 250 of the

20  Amended Complaint.  The averments in parts a through e of Paragraph 251 of the Amended

21  Complaint consist of conclusions of law to which no response is required.  To the extent that parts

22  a through e of Paragraph 251 may be deemed to require a response, the Hitachi Defendants deny,

23  for want of information or belief, each of the averments of parts a through e of Paragraph 251.

24       252.      Answering the averments of the first sentence of Paragraph 252 of the Amended

25  Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

26  this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 251 of the

27  Amended Complaint.  The averments of parts a through e of Paragraph 252 of the Amended

28  Complaint consist of conclusions of law to which no response is required.  To the extent that parts

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                39                Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1   a through e of Paragraph 252 may be deemed to require a response, the Hitachi defendants deny,

2   for want of information or belief, each of the averments of parts a through e of Paragraph 252.

3       253.    Answering the averments of the first sentence of Paragraph 253 of the Amended

4   Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

5   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 252 of the

6   Amended Complaint.  The averments of parts a through e of Paragraph 253 of the Amended

7   Complaint consist of conclusions of law to which no response is required.  To the extent that parts

8   a through e of Paragraph 253 may be deemed to require a response, the Hitachi defendants deny,

9   for want of information or belief, each of the averments of parts a through e of Paragraph 253.

10      254.    Answering the averments of the first sentence of Paragraph 254 of the Amended

11  Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

12  this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 253 of the

13  Amended Complaint.  The averments of parts a through e of Paragraph 254 of the Amended

14  Complaint consist of conclusions of law to which no response is required.  To the extent that parts

15  a through e of Paragraph 254 may be deemed to require a response, the Hitachi defendants deny,

16  for want of information or belief, each of the averments of parts a through e of Paragraph 254.

17      255.    Answering the averments of the first sentence of Paragraph 255 of the Amended

18  Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

19  this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 254 of the

20  Amended Complaint.  The averments of parts a through e of Paragraph 255 of the Amended

21  Complaint consist of conclusions of law to which no response is required.  To the extent that parts

22  a through e of Paragraph 255 may be deemed to require a response, the Hitachi defendants deny,

23  for want of information or belief, each of the averments of parts a through e of Paragraph 255.

24      256.    Answering the averments of the first sentence of Paragraph 256 of the Amended

25  Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

26  this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 255 of the

27  Amended Complaint.  The averments of parts a through e of Paragraph 256 of the Amended

28  Complaint consist of conclusions of law to which no response is required.  To the extent that parts

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   a through e of Paragraph 256 may be deemed to require a response, the Hitachi defendants deny,

2   for want of information or belief, each of the averments of parts a through e of Paragraph 256.

3        257.      Answering the averments of the first sentence of Paragraph 257 of the Amended

4   Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

5   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 256 of the

6   Amended Complaint.  The averments of parts a through e of Paragraph 257 of the Amended

7   Complaint consist of conclusions of law to which no response is required.  To the extent that parts

8   a through e of Paragraph 257 may be deemed to require a response, the Hitachi defendants deny,

9   for want of information or belief, each of the averments of parts a through e of Paragraph 257.

10       258.      Answering the averments of the first sentence of Paragraph 258 of the Amended

11  Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

12  this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 257 of the

13  Amended Complaint.  The averments of parts a through e of Paragraph 258 of the Amended

14  Complaint consist of conclusions of law to which no response is required.  To the extent that parts

15  a through e of Paragraph 258 may be deemed to require a response, the Hitachi defendants deny,

16  for want of information or belief, each of the averments of parts a through e of Paragraph 258.

17       259.      Answering the averments of the first sentence of Paragraph 259 of the Amended

18  Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

19  this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 258 of the

20  Amended Complaint.  The averments of parts a through e of Paragraph 259 of the Amended

21  Complaint consist of conclusions of law to which no response is required.  To the extent that parts

22  a through e of Paragraph 259 may be deemed to require a response, the Hitachi defendants deny,

23  for want of information or belief, each of the averments of parts a through e of Paragraph 259.

24  Answering the averments of footnote number 3 of Paragraph 259, the Hitachi defendants deny,

25  for want of information or belief, each of the averments in the footnote of Paragraph 259 of the

26  Amended Complaint.

27       260.      Answering the averments of the first sentence of Paragraph 260 of the Amended

28  Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                          41                Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 259 of the

2   Amended Complaint.  The averments of parts a through e of Paragraph 260 of the Amended

3   Complaint consist of conclusions of law to which no response is required.  To the extent that parts

4   a through e of Paragraph 260 may be deemed to require a response, the Hitachi defendants deny,

5   for want of information or belief, each of the averments of parts a through e of Paragraph 260.

6        261.      Answering the averments of the first sentence of Paragraph 261 of the Amended

7   Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

8   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 260 of the

9   Amended Complaint.  The averments of parts a through e of Paragraph 261 of the Amended

10  Complaint consist of conclusions of law to which no response is required.  To the extent that parts

11  a through e of Paragraph 261 may be deemed to require a response, the Hitachi defendants deny,

12  for want of information or belief, each of the averments of parts a through e of Paragraph 261.

13       262.      Answering the averments of the first sentence of Paragraph 262 of the Amended

14  Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

15  this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 261 of the

16  Amended Complaint.  The averments of parts a through e of Paragraph 262 of the Amended

17  Complaint consist of conclusions of law to which no response is required.  To the extent that parts

18  a through e of Paragraph 262 may be deemed to require a response, the Hitachi defendants deny,

19  for want of information or belief, each of the averments of parts a through e of Paragraph 262.

20       263.      Answering the averments of the first sentence of Paragraph 263 of the Amended

21  Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

22  this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 262 of the

23  Amended Complaint.  The averments of parts a through e of Paragraph 263 of the Amended

24  Complaint consist of conclusions of law to which no response is required.  To the extent that parts

25  a through e of Paragraph 263 may be deemed to require a response, the Hitachi defendants deny,

26  for want of information or belief, each of the averments of parts a through e of Paragraph 263.

27       264.      Answering the averments of the first sentence of Paragraph 264 of the Amended

28  Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                                42                    Case No. C07-5944 SC; MDL No. 1917

THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 263 of the

2   Amended Complaint.  The averments of parts a through e of Paragraph 264 of the Amended

3   Complaint consist of conclusions of law to which no response is required.  To the extent that parts

4   a through e of Paragraph 264 may be deemed to require a response, the Hitachi defendants deny,

5   for want of information or belief, each of the averments of parts a through e of Paragraph 264.

6        265.     Answering the averments of the first sentence of Paragraph 265 of the Amended

7   Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

8   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 264 of the

9   Amended Complaint.  The averments of parts a through e of Paragraph 265 of the Amended

10  Complaint consist of conclusions of law to which no response is required.  To the extent that parts

11  a through e of Paragraph 265 may be deemed to require a response, the Hitachi defendants deny,

12  for want of information or belief, each of the averments of parts a through e of Paragraph 265.

13       266.     Answering the averments of the first sentence of Paragraph 266 of the Amended

14  Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

15  this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 265 of the

16  Amended Complaint.  The averments of parts a through e of Paragraph 266 of the Amended

17  Complaint consist of conclusions of law to which no response is required.  To the extent that parts

18  a through e of Paragraph 266 may be deemed to require a response, the Hitachi defendants deny,

19  for want of information or belief, each of the averments of parts a through e of Paragraph 266.

20       267.     Answering the averments of the first sentence of Paragraph 267 of the Amended

21  Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

22  this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 266 of the

23  Amended Complaint.  The averments of parts a through e of Paragraph 267 of the Amended

24  Complaint consist of conclusions of law to which no response is required.  To the extent that parts

25  a through e of Paragraph 267 may be deemed to require a response, the Hitachi defendants deny,

26  for want of information or belief, each of the averments of parts a through e of Paragraph 267.

27       268.     Answering the averments of the first sentence of Paragraph 268 of the Amended

28  Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                              43                    Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 267 of the

2   Amended Complaint.  The averments of parts a through e of Paragraph 268 of the Amended

3   Complaint consist of conclusions of law to which no response is required.  To the extent that parts

4   a through e of Paragraph 268 may be deemed to require a response, the Hitachi defendants deny,

5   for want of information or belief, each of the averments of parts a through e of Paragraph 268.

6          269.     Answering the averments of Paragraph 269 of the Amended Complaint, the

7   Hitachi defendants incorporate by this reference their responses, set forth above in this Answer

8   and as if set forth fully herein, to the averments of Paragraphs 1 through 268 of the Amended

9   Complaint.

10          270.     The averments of Paragraph 270 of the Amended Complaint consist of conclusions

11   of law to which no response is required.  To the extent that Paragraph 270 may be deemed to

12   require a response, the Hitachi defendants deny each of the averments of Paragraph 270.

13          271.     Answering the averments of the first sentence of Paragraph 271 of the Amended

14   Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

15   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 270 of the

16   Amended Complaint.  The averments of parts a through j of Paragraph 271 of the Amended

17   Complaint consist of conclusions of law to which no response is required.  To the extent that parts

18   a through j of Paragraph 271 may be deemed to require a response, the Hitachi defendants deny,

19   for want of information or belief, each of the averments of parts a through j of Paragraph 271.

20          272.     Answering the averments of the first sentence of Paragraph 272 of the Amended

21   Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

22   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 271 of the

23   Amended Complaint.  The averments of parts a through d of Paragraph 272 of the Amended

24   Complaint consist of conclusions of law to which no response is required.  To the extent that parts

25   a through d of Paragraph 272 may be deemed to require a response, the Hitachi defendants deny,

26   for want of information or belief, each of the averments of parts a through d of Paragraph 272.

27          273.     Answering the averments of the first sentence of Paragraph 273 of the Amended

28   Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                                    44                    Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 272 of the

2   Amended Complaint.  The averments of parts a through f of Paragraph 273 of the Amended

3   Complaint consist of conclusions of law to which no response is required.  To the extent that parts

4   a through f of Paragraph 273 may be deemed to require a response, the Hitachi defendants deny,

5   for want of information or belief, each of the averments of parts a through f of Paragraph 273.

6          274.     Answering the averments of the first sentence of Paragraph 274 of the Amended

7   Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

8   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 273 of the

9   Amended Complaint.  The averments of parts a through f of Paragraph 274 of the Amended

10  Complaint consist of conclusions of law to which no response is required.  To the extent that parts

11  a through f of Paragraph 274 may be deemed to require a response, the Hitachi defendants deny,

12  for want of information or belief, each of the averments of parts a through f of Paragraph 274.

13         275.     Answering the averments of the first sentence of Paragraph 275 of the Amended

14  Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

15  this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 274 of the

16  Amended Complaint.  The averments of parts a through f of Paragraph 275 of the Amended

17  Complaint consist of conclusions of law to which no response is required.  To the extent that parts

18  a through f of Paragraph 275 may be deemed to require a response, the Hitachi defendants deny,

19  for want of information or belief, each of the averments of parts a through f of Paragraph 275.

20         276.     Answering the averments of the first sentence of Paragraph 276 of the Amended

21  Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

22  this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 275 of the

23  Amended Complaint.  The averments of parts a through g of Paragraph 276 of the Amended

24  Complaint consist of conclusions of law to which no response is required.  To the extent that parts

25  a through g of Paragraph 276 may be deemed to require a response, the Hitachi defendants deny,

26  for want of information or belief, each of the averments of parts a through g of Paragraph 276.

27         277.     Answering the averments of the first sentence of Paragraph 277 of the Amended

28  Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                                45                    Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 276 of the

2   Amended Complaint.  The averments of parts a through m of Paragraph 277 of the Amended

3   Complaint consist of conclusions of law to which no response is required.  To the extent that parts

4   a through m of Paragraph 277 may be deemed to require a response, the Hitachi defendants deny,

5   for want of information or belief, each of the averments of parts a through m of Paragraph 277.

6        278.    Answering the averments of the first sentence of Paragraph 278 of the Amended

7   Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

8   this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 277 of the

9   Amended Complaint.  The averments of parts a through h of Paragraph 278 of the Amended

10  Complaint consist of conclusions of law to which no response is required.  To the extent that parts

11  a through h of Paragraph 278 may be deemed to require a response, the Hitachi defendants deny,

12  for want of information or belief, each of the averments of parts a through h of Paragraph 278.

13       279.    Answering the averments of the first sentence of Paragraph 279 of the Amended

14  Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in

15  this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 278 of the

16  Amended Complaint.  The averments of parts a through f of Paragraph 279 of the Amended

17  Complaint consist of conclusions of law to which no response is required.  To the extent that parts

18  a through f of Paragraph 279 may be deemed to require a response, the Hitachi defendants deny,

19  for want of information or belief, each of the averments of parts a through f of Paragraph 279.

20       280.    Answering the averments of Paragraph 280 of the Amended Complaint, the

21  Hitachi defendants incorporate by this reference their responses, set forth above in this Answer

22  and as if set forth fully herein, to the averments of Paragraphs 1 through 279 of the Amended

23  Complaint.

24       281.    The averments of Paragraph 281 of the Amended Complaint consist of conclusions

25  of law to which no response is required.  To the extent that Paragraph 281 may be deemed to

26  require a response, the Hitachi defendants deny, for want of information or belief, each of the

27  averments of Paragraph 281.

28       282.    The averments of Paragraph 282 of the Amended Complaint consist of conclusions

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3        46        Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1  of law to which no response is required.  To the extent that Paragraph 282 may be deemed to

2  require a response, the Hitachi defendants deny, for want of information or belief, each of the

3  averments of Paragraph 282.

4       283.    The averments of Paragraph 283 of the Amended Complaint consist of conclusions

5  of law to which no response is required.  To the extent that Paragraph 283 may be deemed to

6  require a response, the Hitachi defendants deny, for want of information or belief, each of the

7  averments of Paragraph 283.

8       284.    The averments of Paragraph 284 of the Amended Complaint consist of conclusions

9  of law to which no response is required.  To the extent that Paragraph 284 may be deemed to

10  require a response, the Hitachi defendants deny each of the averments of Paragraph 284.

11      285.    The averments of Paragraph 285 of the Amended Complaint consist of conclusions

12  of law to which no response is required.  To the extent that Paragraph 285 may be deemed to

13  require a response, the Hitachi defendants deny, for want of information or belief, each of the

14  averments of Paragraph 285.

15      286.    The averments of Paragraph 286, including all subparts, of the Amended

16  Complaint consist of conclusions of law to which no response is required.  To the extent that

17  Paragraph 286 may be deemed to require a response, the Hitachi defendants deny, for want of

18  information or belief, each of the averments of Paragraph 286.

19      287.    The averments of Paragraph 287 of the Amended Complaint consist of conclusions

20  of law to which no response is required.  To the extent that Paragraph 287 may be deemed to

21  require a response, the Hitachi defendants deny each of the averments of Paragraph 287.

22                 **PLAINTIFFS' PRAYER FOR RELIEF**

23      The Hitachi defendants deny each of the averments of Paragraphs A through H of

24  Plaintiffs' Prayer for Relief in the Amended Complaint, and aver that neither Plaintiffs nor the

25  class Plaintiffs purport to represent are entitled to any relief of any kind for or as against any of

26  the Hitachi defendants.

27                        **JURY DEMAND**

28      To the extent any response is required to the Plaintiffs' Jury Trial Demand, the Hitachi

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                                     47                    Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1    defendants admit that Plaintiffs purport to demand a trial by jury pursuant to Federal Rules of

2    Civil Procedure 38(b).

3                          **AFFIRMATIVE AND/OR ADDITIONAL DEFENSES**

4           Without assuming the burden of proof where it rests upon Plaintiffs, the Hitachi

5    defendants aver the following as separate affirmative and/or additional defenses to Plaintiffs'

6    Amended Complaint:

7                                        **FIRST DEFENSE**

8                                    **(Failure To State A Claim)**

9           Each of Plaintiffs' claims or causes of action is barred, in whole or in part, because the

10   Amended Complaint fails to state a claim or cause of action upon which relief may be granted.

11                                      **SECOND DEFENSE**

12                                 **(Statutes Of Limitations)**

13          Each of Plaintiffs' claims or causes of action is barred, in whole or in part, by the

14   applicable statutes of limitations.

15                                      **THIRD DEFENSE**

16                        **(Claim Splitting And Election Of Remedies)**

17          Each of Plaintiffs' claims or causes of action is barred, in whole or in part, by reason of

18   claim splitting and by the doctrine of the election of remedies.

19                                     **FOURTH DEFENSE**

20                    **(Laches, Estoppel, Waiver, And/Or Unclean Hands)**

21          Each of Plaintiffs' claims or causes of action is barred, in whole or in part, under the

22   doctrine of laches, estoppel, waiver, and/or unclean hands.

23                                       **FIFTH DEFENSE**

24                                  **(Reasonable Justification)**

25          Each of Plaintiffs' claims or causes of action is barred, in whole or in part, because all of

26   the actions of the Hitachi defendants being challenged by Plaintiffs were lawful, justified, pro-

27   competitive, constitute bona fide business competition, and were carried out in furtherance of the

28   Hitachi defendants' legitimate business interests.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                                           48                            Case No. C07-5944 SC; MDL No. 1917
                    THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
                              THIRD CONSOLIDATED AMENDED COMPLAINT

1

## SIXTH DEFENSE

2

### (Ratification, Acquiescence, Agreement Or Consent)

3      Each of Plaintiffs' claims or causes of action is barred, in whole or in part, by reason of

4  Plaintiffs' ratification of, or acquiescence, agreement or consent to the conduct of the Hitachi

5  defendants.

6

## SEVENTH DEFENSE

7

### (Accord And Satisfaction, Release And Settlement)

8      Each of Plaintiffs' claims or causes of action is barred, in whole or in part, by the

9  doctrines of accord and satisfaction, release and settlement.

10

## EIGHTH DEFENSE

11

### (Government Privilege)

12      Each of Plaintiffs' claims or causes of action is barred, in whole or in part, because the

13  alleged conduct of the Hitachi defendants that is the subject of the Amended Complaint was

14  caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts

15  of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-

16  actionable or privileged.

17

## NINTH DEFENSE

18

### (Lack Of Standing – Indirect Purchasers)

19      Each of Plaintiffs' claims or causes of action should be dismissed to the extent that they

20  are barred, in whole or in part, because Plaintiffs did not purchase CRTs directly from defendants,

21  because they are indirect purchasers and barred from maintaining an action under state and

22  federal antitrust laws from seeking injuries in that capacity.

23

## TENTH DEFENSE

24

### (Failure To Plead Fraud With Particularity; Rule 9(B) Fed.R.Civ.P.)

25      Each of Plaintiffs' claims or causes of action is barred, in whole or in part, because

26  Plaintiffs have failed to allege fraudulent concealment with particularity.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1

**ELEVENTH DEFENSE**

2

**(Ultra Vires)**

3   Each of Plaintiffs' claims or causes of action is barred, in whole or in part, because, to the

4   extent that any employee or agent of the Hitachi defendants engaged in any unlawful act or

5   omission, which unlawful act or omission the Hitachi defendants expressly deny, any such

6   actionable act or omission would have been committed by individuals acting *ultra vires*.

7

**TWELFTH DEFENSE**

8

**(Improper Class Action)**

9   Each of Plaintiffs' claims or causes of action is barred, in whole or in part, because they

10   cannot be maintained as a class action, including, but not limited to, Plaintiffs' claims are

11   improperly joined within the meaning of Federal Rule of Civil Procedure 20 or 23 because they

12   did not arise out of the same transaction, occurrence, or series of transactions or occurrences,

13   and/or do not involve questions of law or fact to all defendants.

14

**THIRTEENTH DEFENSE**

15

**(Improper Class Representatives)**

16   Each of Plaintiffs' claims or causes of action is barred, in whole or in part, because the

17   named Plaintiffs are not proper class representatives.

18

**FOURTEENTH DEFENSE**

19

**(Intervening Causes)**

20   Each of Plaintiffs' claims or causes or action is barred, in whole or in part, because

21   Plaintiffs' alleged injuries, if any, stemmed from intervening and/or superseding causes.

22

**FIFTEENTH DEFENSE**

23

**(Lack Of Antitrust Injury)**

24   Each of Plaintiffs' claims or causes of action is barred, in whole or in part, because no

25   plaintiff has suffered an antitrust injury.

26

**SIXTEENTH DEFENSE**

27

**(No Act Of The Hitachi Defendants)**

28   Each of Plaintiffs' claims or causes of action is barred, in whole or in part, because no

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                50                Case No. C07-5944 SC; MDL No. 1917

THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

plaintiff has been injured in its business or property by reason of any action of the Hitachi defendants.

## SEVENTEENTH DEFENSE

### (Speculative Damages)

Each of Plaintiffs' claims or causes of action is barred, in whole or in part, because the Plaintiffs' alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

## EIGHTEENTH DEFENSE

### (Failure to Mitigate Damages)

Each of Plaintiffs' claims or causes of action is barred from recovery of damages, in whole or in part, because of and to the extent of Plaintiffs' failure to mitigate damages.

## NINETEENTH DEFENSE

### (Pass Through)

Each of Plaintiffs' claims or causes of action for an illegal overcharge are barred, in whole or in part, to the extent that such overcharge, the existence of which the Hitachi defendants expressly deny, was absorbed, in whole or in part, by others, and was not passed through to Plaintiffs.

## TWENTIETH DEFENSE

### (Restitution)

Each of Plaintiffs' claims or causes of action is barred from recovery of damages, in whole or in part, to the extent that any restitution or award of damages to Plaintiffs would be excessive and punitive, and disproportionate to any alleged injury suffered by Plaintiffs.

## TWENTY-FIRST DEFENSE

### (Available Remedy At Law)

Each of Plaintiffs' claims or causes of action for injunction or other equitable relief are barred, in whole or in part, because Plaintiffs have available an adequate remedy at law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                                   51                    Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

**TWENTY-SECOND DEFENSE**

**(Injunction)**

Each of Plaintiffs' claims or causes of action for injunction are barred, in whole or in part, because Plaintiffs seek to enjoin alleged events that have already transpired and without the requisite showing of threatened future harm or continuing violation.

**TWENTY-THIRD DEFENSE**

**(Unjust Enrichment)**

Each of Plaintiffs' claims or causes of action is barred, in whole or in part, because Plaintiffs would be unjustly enriched if they were allowed to recover any part of the damages alleged in the Amended Complaint.

**TWENTY-FOURTH DEFENSE**

**(Improper Venue)**

Each of Plaintiffs' claims or causes of action is barred, in whole or in part, because venue does not lie in this Court.

**TWENTY-FIFTH DEFENSE**

**(Comparative Fault)**

Each of Plaintiffs' claims or causes of action is barred, in whole or in part, to the extent the injuries alleged in the Amended Complaint, the fact and extent of which are expressly denied by the Hitachi defendants, were directly and proximately caused by or contributed to by the statements, acts or omissions of Plaintiffs or third persons or entities unaffiliated with the Hitachi defendants.

**TWENTY-SIXTH DEFENSE**

**(Res Judicata And/Or Collateral Estoppel)**

Each of Plaintiffs' claims or causes of action is barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**TWENTY-SEVENTH DEFENSE**

**(Foreign Trade Antitrust Improvements Act)**

Each of Plaintiffs' claims or causes of action is barred, in whole or in part, because

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3

52

Case No. C07-5944 SC; MDL No. 1917

THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

Plaintiffs have failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

## TWENTY-EIGHTH DEFENSE

### (Foreign Sales)

Each of Plaintiffs' claims or causes of action is barred, in whole or in part, to the extent Plaintiffs seek to recover damages, if any, based on sales outside of the United States.

## TWENTY-NINTH DEFENSE

### (Improper Joinder)

Each of Plaintiffs' claims or causes of action is barred, in whole or in part, because Plaintiffs' claims are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure because they did not arise out of the same transaction, occurrence or series of transactions or occurrences and/or do not involve questions of law or fact common to all defendants.

## THIRTIETH DEFENSE

### (Failure To Exhaust Remedies)

Each of Plaintiffs' claims or causes of action is barred, in whole or in part, because Plaintiffs failed to exhaust all remedies against the parties with whom each plaintiff is in privity.

## THIRTY-FIRST DEFENSE

### (No Multiple Recoveries)

Each of Plaintiffs' claims or causes of action is barred, in whole or in part, to the extent it would result in the Hitachi defendants paying damages to more than one claimant for the same alleged overcharge, because such multiple recoveries would violate rights guaranteed to the Hitachi defendants by the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

## THIRTY-SECOND DEFENSE

### (Voluntary Payment Doctrine)

Each of Plaintiffs' claims or causes of action is barred, in whole or in part, by the voluntary payment doctrine, under which Plaintiffs are not entitled to recover payments made

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                                53                    Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1  with full knowledge of the facts.

2  ## THIRTY-THIRD DEFENSE

3  ### (Incorporation of Defenses of Others)

4  The Hitachi defendants adopt by reference any applicable defense pleaded by any other

5  defendant not otherwise expressly set forth herein.

6

7  ## THIRTY-FOURTH DEFENSE

8  ### (Privilege)

9  Each of Plaintiffs' claims or causes of action should be dismissed to the extent that they

10  are barred, in whole or in part, because any action taken by or on behalf of Hitachi defendants

11  was justified, constituted bona fide business competition and was taken in pursuit of its own

12  legitimate business and economic interests and is therefore privileged.

13  ## THIRTY-FIFTH DEFENSE

14  ### (Noerr-Pennington Doctrine)

15  Each of Plaintiffs' claims or causes of action should be dismissed to the extent that they

16  are barred, in whole or in part, by the doctrine of Noerr-Pennington.

17  ## THIRTY-SIXTH DEFENSE

18  ### (Forum Non Conveniens)

19  The Amended Complaint should be dismissed on grounds of forum non conveniens.

20  ## THIRTY-SEVENTH DEFENSE

21  ### (Improper Forum/Arbitration)

22  Each of Plaintiffs' claims or causes of action should be dismissed to the extent that they

23  are barred, in whole or in part, because Plaintiffs have agreed to arbitration or chose a different

24  forum for the resolution of their claims.

25  ## THIRTY-EIGHTH DEFENSE

26  ### (Intervening Conduct)

27  Each of Plaintiffs' claims or causes of action should be dismissed to the extent that they

28  are barred, in whole or in part, because any alleged injuries and damages were not legally or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3     54     Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1   proximately caused by any acts or omissions of the Hitachi defendants and/or were caused, if at

2   all, solely and proximately by the conduct of third parties, including, without limitations, the

3   prior, intervening, or superseding conduct of such third parties.

4                              **THIRTY-NINTH DEFENSE**

5                            **(Reservation Of Other Defenses)**

6          The Hitachi defendants reserve the right to assert other defenses as this action proceeds up

7   to and including the time of trial.

8          **WHEREFORE**, Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi

9   Asia, Ltd. and Hitachi Electronic Devices (USA), Inc. each pray that:

10         1.     The Court dismiss with prejudice the Indirect Purchaser Plaintiffs' Third

11  Consolidated Amended Complaint;

12         2.     Plaintiffs recover no relief of any kind against defendants Hitachi, Ltd., Hitachi

13  Displays, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd. and Hitachi Electronic Devices (USA),

14  Inc., or any of them;

15         3.     Defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi

16  Asia, Ltd. and Hitachi Electronic Devices (USA), Inc., and each of them, have and recover their

17  respective costs of suit against Plaintiffs and each of them; and

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3                                    55                        Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT

1        4.      The Court award to defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi

2 America, Ltd., Hitachi Asia, Ltd. and Hitachi Electronic Devices (USA), Inc., and each of them,

3 such further relief as may be appropriate.

4

5 Dated: January 26, 2011                      Respectfully submitted,

6                                            MORGAN, LEWIS & BOCKIUS LLP

7

8                                  By       */s/ Kent M. Roger*

9                                    Kent M. Roger

10                                    Attorneys for Defendants
HITACHI, LTD., HITACHI DISPLAYS, LTD., HITACHI AMERICA, LTD.,

11                                    HITACHI ASIA, LTD., and HITACHI ELECTRONIC DEVICES (USA), INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22160599.3            56            Case No. C07-5944 SC; MDL No. 1917
THE HITACHI DEFENDANTS' ANSWER TO THE INDIRECT PURCHASER PLAINTIFFS'
THIRD CONSOLIDATED AMENDED COMPLAINT