

Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel.  415.442.1000
Fax: 415.442.1001
www.morganlewis.com

**Diane L. Webb**
Partner
415.442.1353
dwebb@morganlewis.com

February 9, 2011

**VIA ECF**

The Hon. Charles Legge
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

Re:     <u>In re Cathode Ray Tube (CRT) Antitrust Litigation</u>, No. 07-5944 SC, MDL No. 1917

Dear Judge Legge:

      Pursuant to Your Honor's January 19, 2011 Procedural and Scheduling Order Re: Motions Against the Hitachi Defendants ("Order") (Dkt. No. 838) in the above-referenced matter, defendants Hitachi, Ltd., ("HTL"), Hitachi Displays, Ltd. ("HDP"), Hitachi Asia, Ltd. ("HAS"), Hitachi America, Ltd. ("HAL"), and Hitachi Electronic Devices (USA), Inc. ("HED(US)")) (collectively, the "Hitachi Defendants") provide Your Honor with the following report regarding the status of the custodian meet-and-confer process and production of materials to facilitate that process.

      To date, the parties have agreed upon a total of 34 custodians.  The Hitachi Defendants are in the process of reviewing custodian-specific information for these agreed-upon custodians, and will begin producing documents to Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs (jointly, "Plaintiffs") on a rolling basis.

**I.      EXCHANGE OF INFORMATION**

      The following information was provided by the Hitachi Defendants to Plaintiffs pursuant to the Order, to facilitate the custodian meet-and-confer process:

- On January 21, 2011, defendants HED(US) and HAL provided their responses to Plaintiffs' revised list of 59 proposed custodians that Plaintiffs provided at the January 13, 2011 hearing before Your Honor.  In their responses, HED(US) and HAL agreed to include 5 of the additional 14 custodians Plaintiffs proposed for HED(US) and HAL.

The Hon. Charles Legge
February 9, 2011
Page 2



        HED(US) and HAL informed Plaintiffs that they were unable to locate custodian specific information for the remaining nine custodians Plaintiffs had identified.

- On January 28, 2011, defendants HTL, HDP, and HAS provided their responses to Plaintiffs' revised list of 59 proposed custodians. In their responses, HTL, HDP, and HAS agreed to include 11 custodians of the additional 45 custodians Plaintiffs had proposed related to HTL, HDP, and HAS.

    o For many of the proposed custodians, the Hitachi Defendants informed Plaintiffs that they were unable to locate custodian specific information.

    o For 10 of Plaintiffs' proposed HTL custodians, the Hitachi Defendants informed Plaintiffs that they were unable to locate custodian-specific information but that the Hitachi Defendants were continuing to search. The Hitachi Defendants expect these search efforts will be completed soon.

    o For many of Plaintiffs' proposed custodians with respect to HAS and SEG-Hitachi, the Hitachi Defendants informed Plaintiffs they had not identified any employees with those names.

## II.   STATUS OF CUSTODIAN MEET-AND-CONFER EFFORTS

        During the January 13, 2011 conference with Your Honor, and in a subsequent January 28, 2011 letter to Plaintiffs, the Hitachi Defendants requested that Plaintiffs provide responses to the custodian information Hitachi provided on January 21 and 28, 2011, so that the Hitachi Defendants could obtain additional information as needed to respond to Plaintiffs' questions prior to the in-person meet-and-confer conference the parties scheduled for February 3, 2011. Plaintiffs agreed.

        Unfortunately, Plaintiffs did not send their response until the night before the in-person meet and confer and requested additional information related to the list of 34 agreed-upon custodians, such as the dates of the custodians' tenure at "any Hitachi entity throughout the class period." Plaintiffs' letter is attached as Exhibit A. Counsel for the Hitachi Defendants did not have sufficient time to review Plaintiffs' letter, or to confer meaningfully with their clients (three of which are in Asia), prior to the meet-and-confer conference on February 3, 2011.



Despite the Hitachi Defendants' limited ability to prepare responses to Plaintiffs' questions, the parties engaged in a productive meet-and-confer conference on February 3, 2011.[1] The Hitachi Defendants agreed to research additional information in response to Plaintiffs' inquiries and requests in their February 2, 2011 letter. Specifically, the Hitachi Defendants are currently working to obtain the following information:

- Reconfirming the relevant dates of tenure of the 34 agreed-upon custodians;

- Confirming whether the end-date of a proposed custodian's tenure represents the last date an individual was employed by the specific Hitachi Defendant, or whether the individual was employed by another Hitachi entity subsequently;

- Summarizing the process and procedures employed by the Hitachi Defendants relating to disposal of records and information;

- Evaluating the additional information provided by Plaintiffs relating to individuals purportedly appearing in defendant Chunghwa Picture Tubes' ("CPT") production of documents; specifically, reconfirming whether any of the individuals appear to have been employed by the Hitachi Defendants, and if so, whether any custodian-specific information could be identified for those individuals; and

- Confirming whether any additional responsive organization charts are available for production to Plaintiffs.

### III. PLAINTIFFS' REQUEST REGARDING THE HITACHI DEFENDANTS' SEARCH TERMS

During the February 3 in-person meet and confer, Plaintiffs expressed their interest in analyzing the search terms the Hitachi Defendants used to identify potentially responsive documents and information. The Hitachi Defendants informed Plaintiffs that pursuant to the Order, document review efforts were already underway and the Hitachi Defendants will make rolling productions of responsive custodian documents (ESI and hard copy) to Plaintiffs. The Hitachi Defendants informed Plaintiffs that considering that document review is well underway, the time to negotiate search terms had long passed. This is especially true as the Hitachi Defendants and Plaintiffs already engaged in extensive negotiations regarding a protocol for the production electronically stored information ("ESI Protocol.") The time to have discussed

---

[1] In fact, many of Plaintiffs' questions related to HAS, and HAS is on vacation for the Chinese New Year until February 10, 2011. The Hitachi Defendants informed Plaintiffs of this fact during the February 3, 2011 in-person meet and confer.



search terms was before any document review and productions began, which would have been at least at the same time that negotiations concerning the ESI Protocol were occurring.

## IV.     REPORT ON PRODUCTION OF ORGANIZATION CHARTS

The Hitachi Defendants informed Plaintiffs during the February 3, 2011 meet-and-confer conference that no additional responsive organization charts relating to defendant HAS had been located.  The Hitachi Defendants informed Plaintiffs that should they locate any additional responsive organization charts, then those charts would be produced.

Pursuant to the Order, the Hitachi Defendants reviewed their production of organization charts relating to defendants HTL and HDP and, specifically, whether the reporting structure of the employees identified could be better presented than in its current format.

The Hitachi Defendants agree to reproduce the organization charts in a manner that identifies the reporting structure of the responsive employees whose names were previously produced.  For example, to the extent lines that reflected how employees in one division or department reported to another were not fully visible in the produced charts, they will be produced in a more visible manner.

In addition, the Hitachi Defendants determined that many of the organization charts will reflect the reporting structure more clearly if the Hitachi Defendants provide Plaintiffs with information regarding the relationship of specific pages in a chart.  For example, many of the organization charts produced identify a specific department or division on one page.  The subsequent pages of that chart provide further detail regarding the individuals that were employed by that specific department or division.  The Hitachi Defendants will provide Plaintiffs with an explanation for how these pages relate to each other, which the Hitachi Defendants believe will assist Plaintiffs in understanding the reporting structure within the organization charts.

The Hitachi Defendants will be able to reproduce the organization charts and provide their explanation of how specific pages of the charts relate to each other by February 18, 2011.

## V.     CONCLUSION

In conclusion, the Hitachi Defendants believe that the meet-and-confer efforts between the parties have been productive, and that additional time to engage in meet-and-confer discussions regarding custodians would be useful to the parties.  The Hitachi Defendants believe that extending the time to meet-and-confer regarding Plaintiffs' proposed custodians to March 1, 2011 will be beneficial to all parties, as the Hitachi Defendants are hopeful that the parties will be able to reach agreement on a final custodian list by then.

The Hon. Charles Legge
February 9, 2011
Page 5



The Hitachi Defendants respectfully request that Your Honor allow the meet and confer process to continue with Plaintiffs accordingly.

Sincerely,

/s/ Diane L. Webb

Diane L. Webb

*Counsel for the Hitachi Defendants*

cc:  All counsel via ECF