# EXHIBIT A

**SAVERI & SAVERI, INC.**
706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

*Trump Alioto Trump & Prescott*
ATTORNEYS LLP
2280 Union Street
San Francisco, California 94123
(415) 563-7200
FAX (415) 346-0679

February 2, 2011

**By Electronic and First Class Mail**

Diane L. Webb
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596

Re:   *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917 (N.D. Cal.),
       **Plaintiffs' Response in Preparation for 2/3/2011 Meet and Confer**

Dear Diane:

This letter is in response to Defendants Hitachi, Ltd.'s ("HTC"), Hitachi America, Ltd.'s, ("HAL"), Hitachi Asia, Ltd.'s ("HAS"), Hitachi Displays, Ltd. ("HDP"), and Hitachi Electronic Devices (USA), Inc.'s ("HED-US")  (collectively the "Hitachi Defendants" or "Hitachi") January 21, 2011 and January 28, 2011 correspondence, by which they responded to Plaintiffs' proposed list of 59 custodians.

Thank you for your timely responses and for providing us with further information regarding certain of the 59 custodians.  Hitachi has now agreed to designate a total of 34 custodians: the 18 initial custodians and 16 new custodians out of the 59 proposed by Plaintiffs.  A number of questions and/or issues remain, however.  Plaintiffs hope that the parties can address these issues during our in-person meet and confer tomorrow and move our discussions towards a final resolution on custodians.  To that end, Plaintiffs propose the following topics of discussion for the parties' February 3, 2011 meet and confer regarding Hitachi custodians:

- **Questions regarding the 34 Hitachi custodians Hitachi has agreed to include:**

    o  Although Plaintiffs have some information regarding the time periods that certain custodians worked for Hitachi, our information is either incomplete or unreliable.  It will greatly help to move this process along, and potentially lead to us being satisfied with a smaller number of custodians, if Plaintiffs can ascertain whether they have custodians covering the entire class period for each Hitachi entity.  Therefore, Plaintiffs request that Hitachi identify the time periods that each of the 34 individuals currently

Diane L. Webb
February 2, 2011
Page 2 of 8

> designated as custodians worked at any Hitachi entity throughout the class period.
>
> o Please also confirm that the search of each individual's files will not be limited to the Hitachi entity listed, but will include the individual's involvement in CRTs and CRT Finished Products for all Hitachi entities during the relevant timeframe.

- **Questions regarding Hitachi's methodology for locating the 59 individuals listed in Plaintiffs' Proposed Custodian List**.

In Hitachi's responses to Plaintiffs' proposed 59 custodians you used certain terms that Plaintiffs would like to further understand:

> o "Custodian Specific Information": How are you defining this, and what are your search criteria / methodology for gleaning whether "custodian specific information" exists?
>
> o "Departed": For individuals that you say "departed" a specific Hitachi entity, please confirm (1) whether this phrase means that he or she "departed" Hitachi altogether; or (2) whether the individual "departed" a certain Hitachi entity to go work at another Hitachi entity not identified. If the latter, please identify these individuals and the subsequent Hitachi entity.
>
> o "Continuing to Search": For these individuals, please provide Plaintiffs with a completion date for this search.
>
> o Hitachi Individuals Identified in the Chunghwa Documents: Attached as **Appendix A** is the additional information Hitachi Defendants have requested regarding these individuals, including approximate dates and Bates numbers containing the individuals' names (which Plaintiffs provided to you after the last meet and confer on December 28, 2010).
>
>> ▪ Regarding the "names" of individuals, please confirm that you are conducting the search for these individuals using the Chinese and Japanese characters identified in the Bates ranges provided and/or any other spelling variations of which you are aware. Searches for these individuals should not be limited to the phonetic English spelling on Plaintiffs' Proposed Custodian List, as phonetic English spellings vary significantly.
>>
>> ▪ Relatedly, Plaintiffs believe that three of the twelve "Chunghwa Document" individuals identified on the list were also identified by HAS in its Supplemental Responses. These individuals are:
>>
>>> - (1) Chang Chien Chang Argus;
>>> - (2) Yoshihiko Kimura; and

- (3) Kazuhiro Sakashita

    Please use the Chinese and Japanese characters for the individuals' names in the Bates ranges provided for "Cheng-Chen Chien," "Mr. Kimura," and "Mr. Sakashita," to confirm whether or not these characters match those of the individuals identified in the HAS Supplemental Responses. If so, these individuals should be designated as custodians.

    - <u>Witnesses Identified On Business Cards Produced By Chunghwa</u>. Chunghwa has produced business cards belonging to employees of the Defendants. Plaintiffs have so far identified the following bates ranges that include Hitachi employees. *See, e.g.,* CHU00002027-28, 2146-47, 2457-58, 2459-62. Plaintiffs ask that Hitachi review these business cards to aid in identifying the correct individuals.

- **Individuals Recently Identified in Hitachi Defendants' Supplemental Responses**.

On January 21 and January 25, 2011, you served Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 2 for defendants HAL and HAS (collectively "Supplemental Responses"). In those Supplemental Responses, Hitachi identified sixteen additional HAS and HAL individuals who had authority over pricing during the relevant time period. Please be prepared to discuss whether Hitachi will agree to include these individuals on the custodian list, and, if not, provide your reasons for excluding them. The individuals identified for the first time in the recently served Supplemental Responses are identified in **Appendix B.**

- **Hitachi Home Electronics America ("HHEA")**.

As far as Plaintiffs can tell, HHEA is a division of HAL. Hitachi did not identify any individuals from this division in its Supplemental Responses or include any such witnesses on its custodian list. Please be prepared to discuss the relevancy of HHEA to Plaintiffs' claims and whether additional potential custodians for this division may be appropriate.

- **HED(US) Organizational Charts**.

Hitachi has so far only produced organizational charts for HED(US)'s Sales Division. Thus, Plaintiffs have no information about the overarching structure of HED(US) and/or whether divisions other than Sales might be responsive. Please be prepared to discuss whether there are any other departments or divisions within HED(US) that may be relevant to Plaintiffs' claims, and whether Hitachi will produce organizational charts for these divisions. In addition, based on Plaintiffs' recent review of the Chunghwa production, we have reason to believe that HED(US) was a party to agreements to limit production. Therefore, we request that HED(US) produce

Diane L. Webb
February 2, 2011
Page 4 of 8

organizational charts showing persons who had responsibility for production of CRTs and/or CRT Products during the relevant period.

- **Additional Individuals Discovered In The Course of Hitachi's Investigation**.

    Pursuant to Judge Legge's comments during the 1/13/2011 Hearing, *see* Hearings Transcript at p. 64, please confirm that there are no other responsive Hitachi individuals that you discovered during your investigation for the DOJ, who are not on Plaintiffs' custodian list. If there are responsive individuals not previously identified, please provide Plaintiffs with the names, titles, and affiliated entities for those individuals.

- **Production of Materials for Agreed-To Custodians**.

    Please be prepared to discuss the methodology you plan to implement when searching these individuals' files and your anticipated timeline for production.

- **Redacted Organizational Charts for HAS, HTC and HDP.**

    In Paragraph 8 of Judge Legge's January 19, 2011 Order, he concludes that "the [HAS, HTC and HDP] charts are not adequate and are of little use to the parties or the court. Hitachi has agreed to reconsider its charts and will report to the Special Master by February 9, 2011." Plaintiffs reserve their right to designate further individuals for discussion after Hitachi re-serves the organizational charts for these entities.

- **Transactional Data**.

    Finally, Plaintiffs would like to further discuss transactional data. Hitachi has previously stated that it is willing to produce some transactional data, but argued that "information relating to CRT tubes sold abroad that were incorporated into CRT Products manufactured abroad, which may or may not have been ultimately sold into the U.S. after passing through various OEM and retail channels, do not have a direct, substantial and reasonably foreseeable effect on domestic commerce." D. Webb letter to Judge Legge, 10/4/10, p. 7. As Hitachi is aware, Plaintiffs disagree with this position.

    Plaintiffs would like to discuss the timing and scope of Hitachi's production of CRT and CRT Product transactional data, and related information, which we understand is not a custodian-based production. Specifically, Plaintiffs wish to discuss the time period for which the transactional data is available, whether it is in hard copy or electronic format, and what fields of information are available. In addition, Plaintiffs wish to discuss the time period for which production capacity, capacity utilization, profit and profit margin information and profit and loss statements are available.

    We look forward to engaging in a productive meet and confer tomorrow.

Diane L. Webb
February 2, 2011
Page 5 of 8

        Yours sincerely,

        */s/ R. Alexander Saveri*
        R. Alexander Saveri
        Interim Lead Counsel for the Direct Purchaser
        Plaintiffs

        */s/ Lauren C. Russell*
        Lauren C. Russell
        Interim Lead Counsel for the Indirect Purchaser
        Plaintiffs

# APPENDIX A

## Bates Numbers and Approximate Dates
## for Hitachi Individuals Listed in the Chunghwa Meetings

- **Chien-Lu Chang**

    a. <u>Bates Numbers</u>: CHU00028374.01; CHU00028400.01

    b. <u>Approx. Dates</u>: 1996-2000

- **Jian-Long Zhang**

    a. <u>Bates Numbers</u>: CHU00028398.01; CHU00028394.01; CHU00028755.01; CHU00028393.01; CORRECTED CHU00028385; CORRECTED CHU00028386; CHU00028383.01; CHU00028238; CHU00028380; CHU00028376.01

    b. <u>Approx. Dates</u>: 1996-2000

- **Cheng-Chen Chien**

    a. <u>Bates Numbers</u>: CHU000238400.01; CHU00028515.02; CHU00028398.01; CHU00028778; CHU00028772; CHU00028908.02; CHU00028761; CHU00028286.01; CHU00028756.02

    b. <u>Approx. Dates</u>: 1996

- **Lu**

    a. <u>Bates Numbers</u>: CHU00028399

    b. <u>Approx. Dates</u>: 1996

- **Mr. Kimura**

    a. <u>Bates Numbers</u>: CHU00028396.01; CHU00028784.01

    b. <u>Approx. Dates</u>: 1996

- **Mr. Sakashita**

    a. <u>Bates Numbers</u>: CHU00028396.01; CHU00028784.01; CHU00028784.01

    b. <u>Approx. Dates</u>: 1996

- **Chiang-Lung Chang**

a. Bates Numbers: CHU00031028.01; CHU00028377; CHU00028394.01

b. Approx. Dates: 1997

- **Mr. Fukuzawa**

  a. Bates Numbers: CHU00031030

  b. Approx. Dates: 2000

- **Guojun Yang**

  a. Bates Numbers: CHU00102752.01

  b. Approx. Dates: 2006

- **Jianmin Huang**

  a. Bates Numbers: CHU00102752.01

  b. Approx. Dates: 2006

- **Peng Guo**

  a. Bates Numbers: CHU00102752.01; CHU00032943

  b. Approx. Dates: 2006-2007

- **Chenqun Li**

  a. Bates Numbers: CHU00102864.01

  b. Approx. Dates: 2007

- **Yufang Wang**

  a. Bates Numbers: CHU00102864.01

  b. Approx. Dates: 2007

Diane L. Webb
February 2, 2011
Page 8 of 8

# APPENDIX B

## Additional Hitachi Individuals Named In Hitachi America Ltd. ("HAL") and Hitachi Asia Ltd.'s ("HAS") Supplemental Responses To Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 2

- **Tan Teck Siang** ("T.S. Tan"), Senior Sales Manager and Deputy GM, HAS (also identified on HAS organizational chart)

- **Lee Poh Hua Michael,** Sr. Mgr. and Deputy GM, HAS

- **Mike Chen,** Asst. Mgr., Elec. Tubes Div., HAS

- **Otto Lee,** Assist. Mgr., Elec. Tubes Div., HAS

- **Tony Hwang,** Sales Staff, Elec. Tubes Div., HAS

- **Seiichi Tanaka,** Assist. Mgr., HAS

- **Yasuhiko Kawashima,** Assist. Sales Mgr., HAS

- **Liow Lip Hwee** ("Thomas"), Assist. Sales Mgr., HAS

- **Ong Kok Siong** ("Stewart"), Sr. Sales Exec. and Assist. Sales Mgr., HAS

- **Nah Ling Tang** ("Claudia"), Sr. Sales Exec., HAS

- **Sow Beng Chuan** ("Arthur"), Sr. Sales Exec., HAS

- **Tan Lam Hock** ("John"), Sr. Sales Exec., HAS

- **Lim Bock Teck,** Sr. Sales Exec., HAS

- **Neal Sax,** VP, CE Sales Div.; Nat'l Sales Mgr.; Nat'l Acct. Mgr, CE Sales Div., HAL (also identified on HAL organizational chart)

- **Jiro Kamura,** EVP, COO, and GM, HAL (also identified on HAL organizational chart)

- **Kanji Nakamura,** EVP, COO, and GM, HAL (also identified on HAL organizational chart)