Hon. Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 774-2644
Fax: (415) 982-5287
Special Master

JAMS

IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

CRAGO, INC., et al.,

Plaintiffs,

vs.

CHUNGHWA PICTURE TUBES, LTD., et al.,

Defendants.

This Document Relates to
ALL CASES

No. 07-5944 SC
MDL No. 1917
JAMS Reference No. 1100054618

REPORT REGARDING CASE MANAGEMENT CONFERENCE NO. 3

To the Honorable Samuel Conti, United States District Judge:

The undersigned Special Master submits this report on the third case management conference, held on March 17, 2011, in both the direct purchaser and indirect purchaser cases. The jurisdiction for such a conference was vested in the undersigned by orders issued by the Court on June 16, 2008, April 28, 2009, and March 30, 2010. Numerous plaintiffs' counsel and defense counsel attended the March 17 conference.

Partial Stay of Discovery: The Court will recall that there has been a stay order as a result of criminal procedures by the Anti-Trust Division of the Department of Justice. Most of the stay,

insofar as it affects these civil cases, expired on March 1, 2011. The parties are now relieved of the impediments on deposition discovery which had been in effect. However, the parties still remain bound by one provision of the stay. That is, as long as there are grand jury or criminal proceedings pending, no discovery may be conducted that "reflects, refers to, or relates to grand jury proceedings concerning CRTs or CRT Products." See document No. 590, dated January 5, 2010, p. 2, ll.12-18.

Independent Cases: A case has been filed in the United States District Court for the Eastern District of New York, by plaintiffs making essentially the same allegations against essentially the same defendants as in these pending cases. However those plaintiffs seek to proceed independently of these class actions. The Special Master is advised that the case will probably be followed by several others which seek to proceed independently. The Special Master is also advised that independent cases will be referred to the Multi-District Panel and will probably be transferred to this Court. Some coordination will be necessary between the independent actions and the two present class actions. However, no immediate action is necessary, since even the first independent case has not yet been transferred to this Court.

Discovery:

1. Since the Department of Justice stay has been lifted, pursuant to Paragraph 3 of document No. 425, order dated February 5, 2009, the defendants are obligated to produce in this case all documents which they produced to the grand jury. The Special Master is advised that all defendants have complied with that requirement.

2. With respect to the productions of documents demanded by plaintiffs, the parties have particularly identified the following categories of documents as being in dispute:

    a. Documents Regarding CRT Finished Products. Agreements have been reached between plaintiffs and certain defendants, but the issue remains unresolved between plaintiffs and other defendants. Some defendants will make Rule 11 motions based upon earlier discovery from plaintiffs, and those defendants decline to produce any CRT Finished Products documents prior to resolution of their motions. Plaintiffs will oppose and will file cross-motions against certain defendants for the production of such information. Those issues will be resolved on the

following schedule: Defendants are to file their Rule 11 motion or motions by March 21, 2010. Plaintiffs are to oppose, and to cross-move for production of CRT Finished Products documents by April 20, 2011. Defendants are to reply to plaintiffs' motion and to file their closing brief in support of their motions by May 10, 2011. Plaintiffs may file a closing brief in support of their motion by May 20, 2011. A hearing will be held on the motions on May 26, 2011 at 10:00 a.m. (Pacific Time) at the JAMS Resolution Center, Two Embarcadero Center, Suite 1500, San Francisco, CA 94111. Any party who wants a court reporter for the motions is to make arrangements with the court reporter, including payment of the court reporter's fees.

    b. Transactional Data. Plaintiffs are to meet and confer with defendants within thirty days of the date of this report. If there is agreement on the transactional data to be produced by defendants, the parties are also to confer regarding dates for the productions. If there is no agreement among the parties on the issues, plaintiffs may immediately file a motion and brief for the production of specified information. The Special Master will then set a schedule for the further briefing and the hearing.

    c. English Translations: Plaintiffs seek to compel defendants to produce their English language translations of the documents which defendants have produced in foreign languages. Plaintiffs and defendants are to meet and confer about translations by April 5, 2011. If the conferences are unsuccessful, plaintiffs are to file and brief an appropriate motion by April 18, 2011. The Special Master will then set a schedule for the further briefing and the hearing.

    d. Use of LCD Documents: Plaintiffs ask that the documents which defendants produced in the LCD litigation be deemed produced in these cases. Plaintiffs agree to send an immediate written proposal to defendants regarding plaintiffs' request. That is to be followed by a meet and confer conference. If plaintiffs and defendants cannot agree, defendants are to file a written reply to plaintiffs' proposal within 14 days after impasse. If there is no agreement at that stage, the Special Master will set a schedule for motions.

  3. With respect to the productions of documents demanded by defendants, the parties have identified the following issues in dispute:

3

a. <u>CRT Finished Products</u>. The schedules defined in paragraph 2(a) above will also apply to the comparable motions seeking the production of such information by plaintiffs to defendants.

b. <u>Downstream Information</u>. Defendants are to file a motion and brief with respect to the information which they seek. Upon receipt, the Special Master will set dates for the further briefing and for a hearing.

c. <u>Statute of Limitations and Fraudulent Concealment</u>. This information is sought primarily by means of interrogatories rather than the production of documents. But it is an issue significant to the future of the cases. The parties are to meet and confer about this issue, with a deadline of April 21, 2011. If no agreements are reached, defendants may file a motion and a brief for production by April 30, 2011, and the Special Master will then set a schedule for the further briefing and the hearing.

d. <u>Purchase Information from the Indirect Purchaser Plaintiffs</u>. The parties are to meet and confer on this issue by April 25, 2011. If there is no resolution by that date, defendants may file an appropriate motion for discovery of the information.

4. The Special Master notes that meet and confer sessions between plaintiffs and certain defendants have resulted in some agreements and possible future agreements. The Special Master therefore recommends the continuation of meet and confer conferences. However, meet and confer conferences must be in-person meetings, and not so-called meetings by telephone or correspondence.

5. After conferring with the parties, the Special Master recommends that the Court set a target date of September 21, 2011, for the completion of all document discovery.

6. <u>Depositions</u>. Until the actual production of documents is substantially concluded, the parties believe that it is premature to set deposition schedules. Depositions may also have to be coordinated with the expected independent actions. Therefore, there will be a conference on September 15, 2011 at 10:00 AM (Pacific Time) before the Special Master, at the JAMS San Francisco Resolution Center, to set dates and procedures for the taking of depositions, including the number of depositions, the time for each deposition, and schedules. In the meantime, if a

party believes that there is a need for a Rule 30(b)(6) deposition, or for an individual witness deposition, such depositions may be noticed after consultation with the affected parties.

Class Procedures: The parties agree that in view of the discovery which remains to be done, any scheduling of class procedures is premature at this time.

Motion for Preliminary Approval of Partial Settlement: The indirect purchaser plaintiffs will move for preliminary approval of their proposed settlement with Chunghwa Picture Tubes, Ltd. They intend to file the motion within the next few days; counsel for the indirect plaintiffs should contact the Case Manager to obtain a schedule for the filing and hearing of that motion.

Further CMC: In view of the substantial discovery matters which are pending, and the hearings which are scheduled or to be scheduled above, the Special Master recommends that there is no necessity for another case management conference in the next few months.

The Special Master recommends that the Court approve and adopt this report.

Respectfully submitted,

Date: March 21, 2011

Hon. Charles A. Legge
United States District Judge (Ret.)
Special Master

Approved and Adopted.

Date: _____

Hon. Samuel Conti
United States District Judge (Ret.)