1  MARIO N. ALIOTO, ESQ. (56433)
   LAUREN C. RUSSELL, ESQ. (241151)
2  TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
   2280 Union Street
3  San Francisco, CA 94123
   Telephone: (415) 563-7200
4  Facsimile: (415) 346-0679
5  E-mail: malioto@tatp.com
   laurenrussell@tatp.com
6
   *Interim Lead Counsel*
7  *for the Indirect Purchaser Plaintiffs*
8
                    **UNITED STATES DISTRICT COURT**
9
                   **NORTHERN DISTRICT OF CALIFORNIA**
10

11 **IN RE: CATHODE RAY TUBE (CRT)**          ) Master File No. CV-07-5944 SC
   **ANTITRUST LITIGATION**                   )
12                                            ) MDL No. 1917
                                              )
13                                            ) **DECLARATION OF MARIO N. ALIOTO**
                                              ) **IN SUPPORT OF THE INDIRECT**
14                                            ) **PURCHASER PLAINTIFFS' MOTION**
                                              ) **FOR PRELIMINARY APPROVAL OF**
15                                            ) **CLASS ACTION SETTLEMENT WITH**
                                              ) **DEFENDANT CHUNGHWA PICTURE**
16                                            ) **TUBES, LTD.**
                                              )
17                                            )
                                              )
18 **This document relates to:**              ) Hearing Date: May 4, 2011
                                              ) Time: 2:00 p.m.
19 **ALL INDIRECT PURCHASER ACTIONS**         ) JAMS: Two Embarcadero Center, Suite 1500
                                              ) Judge: Honorable Charles A. Legge (Ret.)
20                                            )
                                              )
21 _____   )

22

23      I, Mario N. Alioto, declare:

24      1.      I am an attorney duly licensed by the State of California and am admitted to

25 practice before this Court. I am a partner with the law firm Trump, Alioto, Trump & Prescott,

26 LLP and my firm serves as Interim Lead Counsel for the Indirect Purchaser Plaintiffs

27 ("Plaintiffs") in the above-captioned action. The matters set forth herein are within my personal

28 knowledge and if called upon and sworn as a witness I could competently testify regarding them.

                                            1

1   2.      This multidistrict litigation arises from an alleged international cartel's conspiracy
2   to fix the prices of CRT Products worldwide, specifically including the United States, during the
3   period March 1, 1995 through November 25, 2007. *See* Third Consolidated Amended Complaint
4   ("TCAC") ¶ 1, Docket No. 827. The first cases were filed in November 2007. The Judicial
5   Panel on Multidistrict Litigation transferred these proceedings to this Court in February 2008.

6   3.      On May 9, 2008 the Court appointed me and my firm, Trump, Alioto, Trump &
7   Prescott, LLP, as Interim Lead Counsel for the Indirect Purchaser Plaintiffs. *See* Order
8   Appointing Interim Lead Counsel, Docket No. 47.

9   4.      As Interim Lead Counsel, I immediately began organizing Plaintiffs' Counsel and
10  interviewing class representatives from the various states. I also met on numerous occasions with
11  Interim Lead Counsel for the Direct Purchaser Plaintiffs and Liaison Counsel for the Defendants
12  to prepare a scheduling order. Plaintiffs served their first set of document requests on Defendants
13  in June 2008 seeking production of the documents Defendants had produced to the Grand Jury.
14  However, the Department of Justice's Antitrust Division ("DOJ") moved to intervene and sought
15  a stay of all merits discovery. Thereafter, Plaintiffs engaged in extensive negotiations with the
16  DOJ, the Direct Purchaser Plaintiffs and Defendants and worked out a Stipulated Order that
17  provided for a stay of all merits discovery until September 12, 2009. This stay was extended by
18  the parties on several occasions. The Stipulated Order also contained various document requests
19  to Defendants, which sought mainly sales and cost data. Certain Defendants produced a small
20  amount of documents responsive to these requests in November 2008. Plaintiffs have reviewed
21  and analyzed these documents with the help of their expert economists.

22  5.      In July 2008, I began settlement negotiations with CPT's counsel. At numerous
23  in-person and telephonic meetings, the terms of the settlement were vigorously negotiated among
24  counsel who are experienced in antitrust law and class actions. On February 5, 2009, Plaintiffs
25  and CPT reached agreement on the principle terms of a settlement, which were memorialized in a
26  memorandum of understanding. Pursuant to the memorandum of understanding, CPT's counsel
27  provided Plaintiffs' counsel with information regarding the conspiracy during a series of

28

2

**DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT CHUNGHWA PICTURE TUBES, LTD.**

1   discussions.  The information provided by CPT was invaluable in assisting Plaintiffs in the
2   preparation of their Consolidated Amended Complaint ("CAC").  Plaintiffs and CPT signed a
3   formal Settlement Agreement on April 18, 2009.  A copy of the CRT Indirect-Purchaser Class
4   Settlement Agreement with CPT ("Settlement Agreement") is attached hereto as Exhibit 1.

5       6.    Plaintiffs filed their CAC on March 16, 2009.  The CAC pled a nationwide
6   injunctive relief claim under Section 1 of the Sherman Act (15 U.S.C. § 1), as well as damage
7   and/or restitutionary claims under the laws of 22 separate states.  Defendants filed one joint
8   motion and nine separate motions to dismiss the CAC.  The briefs filed in support of and in
9   opposition to Defendants' motions totaled more than 700 pages.  Judge Legge conducted a
10   hearing on the motions on October 3, 2009, at JAMS and heard almost 9 hours of oral argument.
11   Judge Legge issued his rulings on the motions to dismiss on February 5, 2010, and denied in part
12   and granted in part Defendants' motions to dismiss.  Defendants objected to those rulings that
13   were unfavorable to them.  Defendants' objections were heard by Judge Conti and rejected in an
14   Order dated March 31, 2010.  Defendants then moved the Court for permission to bring an
15   interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  Judge Conti heard and denied Defendants'
16   motion by Order dated April 30, 2010.

17       7.    The DOJ's stay of merits discovery was partially lifted on March 8, 2010 and
18   Defendants began their rolling production of documents, including Grand Jury documents, to
19   Plaintiffs.  Plaintiffs have loaded these documents onto a web-based electronic document
20   management system for review and analysis.  Plaintiffs have also propounded additional
21   discovery on Defendants and served subpoenas on approximately fifty (50) third parties.
22   Defendants have propounded several sets of document requests and interrogatories on Plaintiffs
23   as well.  Plaintiffs are currently engaged in extensive meet-and-confer discussions with each
24   defendant.  Many third parties have already produced their data to Plaintiffs.  Plaintiffs are
25   continuing to meet and confer with others in order to facilitate their productions.

26       8.    On May 14, 2010, the Special Master held a Case Management Conference at
27   which the parties discussed pretrial scheduling, Defendants' Answers and discovery.  Plaintiffs
28

3

**DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS'
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT
CHUNGHWA PICTURE TUBES, LTD.**

1  filed their Second Consolidated Amended Complaint ("SCAC") on May 10, 2010. The SCAC

2  amended certain state law claims that were dismissed with leave to amend by the Court. In

3  addition, the SCAC brought claims on behalf of 4 additional states, bringing the total number of

4  states to 26. Pursuant to a Stipulated Order, Defendants agreed not to oppose the filing of the

5  SCAC but moved to dismiss some of Plaintiffs' additional state law claims. Judge Legge held a

6  hearing on the motion to dismiss the SCAC on August 24, 2010, and issued his Report and

7  Recommendation that the motion be granted as to certain state law claims and denied as to

8  others. Pursuant to stipulation of the parties, an Order Modifying And Adopting Judge Legge's

9  Report and Recommendation was entered on October 26, 2010. Plaintiffs filed their Third

10 Consolidated Amended Complaint on December 11, 2010, bringing claims on behalf of 23 states.

11      9.      The settlement resolves all federal and state-law claims brought by Plaintiffs

12 against CPT.

13      10.     The Settlement Agreement defines "CRT Products" to mean cathode ray tubes of

14 any type (e.g. color display tubes, color picture tubes and monochrome display tubes) and

15 products containing cathode ray tubes.

16      11.     CPT agreed to pay Ten Million Dollars ($10,000,000) to settle all indirect

17 purchaser claims against CPT, which has been deposited into an interest-bearing, US Treasury

18 guaranteed escrow account.

19      12.     CPT's sales remain in the case for purposes of computing Plaintiffs' claim against

20 the remaining non-settling Defendants.

21      13.     CPT has agreed to cooperate with Plaintiffs in the prosecution of this action by

22 providing information relating to the existence, scope, and implementation of the conspiracy

23 alleged in the Complaint. CPT's obligations include producing, in the United States, relevant

24 documents and witnesses for discovery and trial.

25      14.     Upon this Settlement becoming final, Plaintiffs and class members will release all

26 federal and state-law claims against CPT "concerning the manufacture, supply, distribution, sales

27 or pricing of CRT Products." Ex. 1 at ¶ 13. The release does not, however, include claims

28
                                              4

**DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS'
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT
CHUNGHWA PICTURE TUBES, LTD.**

1  arising from the sale of CRT Products by other Defendants or their co-conspirators. Furthermore,

2  the release does not include claims for product defect, personal injury or breach of contract.

3       15.     The CPT Settlement Agreement provides that up to $500,000 of the settlement

4  fund may be used to pay for notice costs. Ex. 1 at ¶ 19(a). The Agreement also states that

5  Plaintiffs' counsel may apply to the Court for reimbursement of litigation expenses out of the

6  settlement fund. Ex. 1 at ¶ 23. Prior to the final approval hearing, Plaintiffs will move for the

7  creation of a litigation expense fund in the amount of $2.5 million for the reimbursement of out-

8  of-pocket expenses incurred to date and for payment of future out-of-pocket expenses that may

9  be incurred in prosecuting this case. Any unused portion of that fund will be disbursed to the

10 class, along with the other net settlement funds.

11      16.     Plaintiffs' counsel will not seek an award of attorneys' fees at this time.

12 Plaintiffs' counsel will seek an award of attorneys' fees in conjunction with the approval of

13 future settlement(s), or at some other later date. Plaintiffs' counsels' request for fees for this

14 Settlement will not exceed 25% of the amount of this Settlement.

15      17.     The interests of the representative Plaintiffs are not antagonistic to the class

16 because they are all similarly interested in obtaining prompt and valuable relief from Defendants.

17 Plaintiffs have a genuine interest in the litigation and understand the allegations in this case.

18 They have reviewed the pleadings in this case, are in the process of responding to written

19 discovery and producing documents requested.

20      18.     My firm has retained an experienced class action administrator, The Notice

21 Company, to give notice of this Settlement to the members of the Class. The notice program will

22 consist of both mailed and published notice, as well as posting of the Notice on the Internet. This

23 notice program will be similar to that employed in the indirect purchaser *SRAM* case and that

24 currently being proposed in the indirect purchaser *LCD* case.

25      19.     Attached hereto as Exhibit 2 is a copy of the Summary Notice that Plaintiffs

26 intend to publish in various newspapers and/or magazines throughout the United States and

27 which will direct potential class members to the Detailed Notice.

28

**DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS'
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT
CHUNGHWA PICTURE TUBES, LTD.**

1    20.    Attached hereto as Exhibit 3 is a copy of the Detailed Notice that Plaintiffs intend

2  to publish on the internet along with copies of the Settlement Agreement.

3    I declare under penalty of perjury under the laws of the United States that the foregoing is

4  true and correct. Executed this 28th day of March, 2011 at San Francisco, California.

5

6                                        /s/ Mario N. Alioto
                                              Mario N. Alioto
7
                                        ***Interim Lead Counsel***
8                                       ***for the Indirect Purchaser Plaintiffs***

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                  6
**DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS'
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT
CHUNGHWA PICTURE TUBES, LTD.**

# EXHIBIT 1

## CRT INDIRECT-PURCHASER CLASS SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into this 8th day of April, 2009, by and between defendant Chunghwa Picture Tubes, Ltd. ("Chunghwa") and the plaintiff class representatives ("Plaintiffs"), both individually and on behalf of a settlement class of indirect purchasers of Cathode Ray Tube ("CRT") products (the "Class") as more particularly defined in paragraph A.1 below.

WHEREAS, Plaintiffs are prosecuting the *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917 (N.D. Cal.) (the "Action") on their own behalf and on behalf of the Class against, among others, Chunghwa;

WHEREAS, Plaintiffs allege that Chunghwa participated in an unlawful conspiracy to raise, fix, maintain, or stabilize the price of CRT products at artificially high levels in violation of various federal and state statutes;

WHEREAS, Chunghwa denies Plaintiffs' allegations and believes it has defenses to Plaintiffs' claims;

WHEREAS, Plaintiffs have conducted an investigation into the facts and the law regarding the Action and have concluded that resolving claims against Chunghwa according to the terms set forth below is in the best interest of Plaintiffs and the Class;

WHEREAS, Chunghwa, despite its belief that it is not liable for the claims asserted and has good defenses thereto, has nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgment contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted against Chunghwa based on the allegations of the Action, as more particularly set out below;

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed on the merits with prejudice as to Chunghwa, as defined below, and except as hereinafter provided, without costs to Plaintiffs, the Class, or Chunghwa, subject to the approval of the Court, on the following terms and conditions:

A.   Definitions.

1.   For purposes of this Agreement, "the Class" and "Class Period" are as defined in Plaintiffs' operative complaint at the time this Agreement is presented for preliminary approval, except that "the Class" shall include all indirect purchasers of CRT products during the Class Period who could assert antitrust or similar claims against Chunghwa under the laws of the United States or any State (except to the extent the claims are included in the direct purchaser settlement class).

2.   For purposes of this Agreement, "CRT products" are defined to mean cathode ray tubes of any type (e.g., color display tubes, color picture tubes, and monochrome display tubes) and products containing cathode ray tubes.

3.   "Chunghwa Releasees" shall refer to Chunghwa and to all of its respective past and present, direct and indirect, parent companies, subsidiaries, and affiliates; the predecessors, successors and assigns of any of the above; and each and all of the present and former principals, partners, officers, directors, supervisors, employees, representatives, insurers, attorneys, heirs, executors, administrators, and assigns of each of the foregoing. "Chunghwa Releasees" does not include defendants Tatung Company, Tatung Company of America, Inc. or any other defendant in the Action other than Chunghwa.

2

4.      "Class Member" means each member of the Class who has not timely elected to be excluded from the Class.

5.      "Releasors" shall refer to the plaintiff class representatives and Class Members, and to their past and present officers, directors, employees, agents, stockholders, attorneys, servants, representatives, parent companies, subsidiaries, affiliates, partners, insurers and all other persons, partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executives, administrators and assigns of any of the foregoing.

6.      "The Settlement Fund" shall be $10,000,000 in United States Dollars, plus accrued interest on said deposits as set forth in paragraph 17.

7.      "Lead Counsel" shall refer to:

Trump, Alioto, Trump & Prescott LLP
2280 Union Street
San Francisco, CA 94123
c/o Mario N. Alioto

B.      Approval Of This Agreement And Dismissal Of Claims Against Chunghwa.

8.      Plaintiffs and Chunghwa shall use their best efforts to effectuate this Agreement, including cooperating in seeking the Court's approval for the establishment of procedures (including the giving of class notice under Federal Rules of Civil Procedure 23(c) and (e)) to secure the prompt, complete, and final dismissal with prejudice of the Action as to the Chunghwa Releasees only.

9.      Plaintiffs shall, at such time as they see fit, submit to the Court a motion for authorization to disseminate notice of the settlement, class certification, and final judgment contemplated by this Agreement to all Class Members (the "Motion"). If notice to the Class is

3

given jointly with any other settling defendant, for purposes of paragraph 19 below, the costs of notice and claims administration shall be prorated with any other such defendant based on their respective settlement amounts. The Motion shall include: (i) a proposed form of, method for, and date of dissemination of notice; and (ii) a proposed form of order and final judgment. The text of the foregoing items (i) and (ii) shall be agreed upon by Plaintiffs and Chunghwa before submission of the Motion. The Motion shall recite and ask the Court to find that the proposed form of and method for dissemination of the notice of settlement constitutes valid, due, and sufficient notice to the Class, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Federal Rules of Civil Procedure 23.

10.    Plaintiffs and Chunghwa shall jointly seek entry of an order and final judgment, the text of which Plaintiffs and Chunghwa shall agree upon. The terms of that order and final judgment will include, at a minimum, the substance of the following provisions:

(a)    certifying the Class described in paragraph 1, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of this settlement;

(b)    as to the Action, approving finally this settlement and its terms as being a fair, reasonable, and adequate settlement as to the Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

(c)    as to the Chunghwa Releasees, directing that the Action be dismissed with prejudice and, except as provided for in this Agreement, without costs;

(d)    reserving sole and exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of this settlement, to the United States District Court for the Northern District of California; and

4

(e)    determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to the Chunghwa Releasees shall be final.

11.    This Agreement shall become final when (i) the Court has entered a final order certifying the Class described in paragraph 1 and approving this Agreement under Federal Rule of Civil Procedure 23(e), and a final judgment dismissing the Action with prejudice as to the Chunghwa Releasees against all Class Members and without costs other than those provided for in this Agreement, and (ii) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as to the Chunghwa Releasees described in (i) hereof has expired or, if appealed, approval of this Agreement and the final judgment as to the Chunghwa Releasees have been affirmed in their entirety by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review. It is agreed that the provisions of Rule 60 shall not be taken into account in determining the above-stated times. On the date that Plaintiffs and Chunghwa have executed this Agreement, Plaintiffs and Chunghwa shall be bound by its terms and this Agreement shall not be rescinded except in accordance with paragraphs 17, 18, 24 or 28 of this Agreement.

12.    Neither this Agreement (whether or not it should become final) nor the final judgment, nor any and all negotiations, documents and discussions associated with them, shall be deemed or construed to be an admission by Chunghwa (or the Chunghwa Releasees) or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by Chunghwa (or the Chunghwa Releasees), or of the truth of any of the claims or allegations contained in any complaint or any other pleading filed by Plaintiffs in the Action, and evidence

5

thereof shall not be discoverable or used directly or indirectly, in any way, whether in the Action

or in any other action or proceeding. Neither this Agreement, nor any of its terms and

provisions, nor any of the negotiations or proceedings connected with it, nor any other action

taken to carry out this Agreement by any of the settling parties shall be referred to, offered as

evidence or received in evidence in any pending or future civil, criminal, or administrative action

or proceedings, except in a proceeding to enforce this Agreement, or defend against the assertion

of Released Claims, or as otherwise required by law.

     C.    Release, Discharge, And Covenant Not To Sue.

          13.    In addition to the effect of any final judgment entered in accordance with

this Agreement, upon this Agreement becoming final as set out in paragraph 11 of this

Agreement, and in consideration of payment of the Settlement Fund, as specified in paragraph 16

of this Agreement, and for other valuable consideration, the Chunghwa Releasees shall be

completely released, acquitted, and forever discharged from any and all claims, demands,

actions, suits, causes of action, whether class, individual, or otherwise (whether or not any Class

Member has objected to the settlement or makes a claim upon or participates in the Settlement

Fund, whether directly, representatively, derivatively, or in any other capacity) that Releasors, or

each of them, ever had, now has, or hereafter can, shall, or may have on account of, or in any

way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or

unsuspected injuries, damages, and consequences thereof in any way arising out of or relating in

any way to any act or omission of the Chunghwa Releasees (or any of them) concerning the

manufacture, supply, distribution, sale or pricing of CRT products up to the date of execution of

this Agreement, including but not limited to any conduct alleged, and causes of action asserted or

that could have been alleged or asserted, in class action complaints filed in this Action, including

6

those arising under any federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, or trade practice law (the "Released Claims"). However, the Released Claims shall only include sales of CRT products that are subject to the antitrust laws of the United States or any State, and further, the Released Claims shall not preclude Plaintiffs from pursuing any and all of their claims against other defendants for the sale of products that contain CRTs made by Chunghwa. Releasors shall not, after the date of this Agreement, seek to establish liability against any Chunghwa Releasee based, in whole or in part, upon any of the Released Claims or conduct at issue in the Released Claims. Nothing in this Agreement shall be construed to release any other claims, including but not limited to claims for product defect or personal injury.

14.    In addition to the provisions of paragraph 13 of this Agreement, Releasors hereby expressly waive and release, upon this Agreement becoming final, any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which states:

> CERTAIN CLAIMS NOT AFFECTED BY GENERAL
> RELEASE. A GENERAL RELEASE DOES NOT
> EXTEND TO CLAIMS WHICH THE CREDITOR DOES
> NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR
> AT THE TIME OF EXECUTING THE RELEASE,
> WHICH IF KNOWN BY HIM MUST HAVE
> MATERIALLY AFFECTED HIS SETTLEMENT WITH
> THE DEBTOR[ ];

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code. Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are the subject matter of the provisions of paragraph 13 of this Agreement, but each Releasor hereby expressly waives and fully, finally, and forever settles and releases, upon this Agreement becoming final, any known or unknown, suspected or

7

unsuspected, contingent or non-contingent claim with respect to the subject matter of the provisions of paragraph 13 of this Agreement, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

15.    The release, discharge, and covenant not to sue set forth in paragraph 13 of this Agreement does not include claims by any of the Class Members other than the Released Claims and does not include other claims, such as those solely arising out of product liability or breach of contract claims in the ordinary course of business not covered by the Released Claims. Further, the release, discharge, and covenant not to sue set forth in paragraph 13 of this Agreement includes only indirect-purchaser claims.

D.    Settlement Amount.

16.    Subject to the provisions hereof, and in full, complete, and final settlement of the Action as provided herein, defendant Chunghwa shall pay $10,000,000 in United States Dollars into an escrow account to be administered in accordance with the provisions of paragraph 17 of this Agreement (the "Escrow Account") as follows:  $1,000,000 to be paid by August 1, 2009; $4,500,000 to be paid by January 10, 2010; and $4,500,000 to be paid by January 10, 2011. Interest on unpaid amounts shall accrue from 30 days after the execution of this Agreement at the rate specified in 18 U.S.C. § 3612(f)(2).  Any amount paid is nonrefundable in the event Chunghwa fails to pay any portion of the remaining amount as required by this paragraph (the "Nonrefundable Amount").  Plaintiffs may retain any Nonrefundable Amount without having to obtain final approval of this settlement from the Court.  Chunghwa agrees that Class Counsel may apply to the Court to disburse any Nonrefundable Amount for use by Class Counsel in the prosecution of this litigation. The Settlement Fund will not be reduced by any settlement between Chunghwa and a Class Member nor by any request for exclusion from the Class.

8

17.    Escrow Account.

(a)    The Escrow Account will be established at Wells Fargo Bank, National Association, with such Bank serving as escrow agent ("Escrow Agent") subject to escrow instructions mutually acceptable to Plaintiffs' Lead Counsel and Chunghwa's attorneys, such escrow to be administered under the Court's continuing supervision and control.

(b)    The Escrow Agent shall cause the funds deposited in the Escrow Account to be invested in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or any agency thereof, or money market funds invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds from these instruments as they mature in similar instruments at their then current market rates.

(c)    All funds held in the Escrow Account shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the sole and exclusive jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and/or further order(s) of the Court.

(d)    Plaintiffs and Chunghwa agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this paragraph 17, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

9

(e)     For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)(1)). Such returns (as well as the election described in paragraph 17(d)) shall be consistent with paragraph 17(d) and in all events shall reflect that all Taxes, as defined below (including any estimated Taxes, interest, or penalties). on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in 17(f) hereof.

(f)     All (i) taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Chunghwa or any other Chunghwa Releasee with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of paragraphs 17(d) through 17(f) (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this paragraph 17(g) ("Tax Expenses")), shall be paid out of the Settlement Fund.

(g)     Neither Chunghwa nor any other Chunghwa Releasee nor their respective counsel shall have any liability or responsibility for the Taxes or Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund

10

without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)). Neither Chunghwa nor any other Chunghwa Releasee is responsible nor shall they have any liability therefore. Plaintiffs and Chunghwa agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of paragraphs 17(d) though (f).

        (h)     If this Agreement does not receive final Court approval, or if the Action is not certified as a class action for settlement purposes, then all amounts paid by Chunghwa into the Settlement Fund (other than notice costs expended in accordance with paragraph 19(a)) shall be promptly returned to Chunghwa from the Escrow Account by the Escrow Agent along with any interest accrued thereon. If this Agreement does not receive final Court approval because Chunghwa fails to make a payment and Plaintiffs are excused from obtaining final Court approval as set forth in paragraph 16, any Nonrefundable Amount as defined in that paragraph shall not be returned.

        18.    Exclusions. Lead Counsel will cause copies of requests for exclusion from the Class to be provided to counsel for Chunghwa. To the extent that Class Members (or any of them) reasonably believed by Chunghwa to represent purchases of more than $100,000,000 of CRT products from Chunghwa during the Class Period opt out of the Class, Chunghwa may, if acting reasonably and in good faith, terminate the Agreement within sixty (60) days of receipt of the final list of exclusions.

19.     Payment Of Expenses.

(a)     Chunghwa agrees to permit use of a maximum of $500,000 of the
Settlement Fund towards notice to the Class and notice administration costs. The $500,000 in
notice and administration expenses are not recoverable if this settlement does not become final.
Other than as set forth in this paragraph 19(a) and except as Plaintiffs' counsel ("Class Counsel")
shall apply for reimbursement of costs and attorneys' fees pursuant to paragraph 23 below,
neither Chunghwa nor any of the other Chunghwa Releasees under this Agreement shall be liable
for any of the costs or expenses of the litigation of the Action, including attorneys' fees; fees and
expenses of expert witnesses and consultants; and costs and expenses associated with discovery,
motion practice, hearings before the Court or any Special Master, appeals, trials or negotiation of
other settlements, or for Class administration and costs.

(b)     If Lead Counsel enters into any other settlements on behalf of the Class
before notice of this Agreement is given to the Class, Lead Counsel shall use their reasonable
best efforts to provide a single notice to prospective Class Members of all of the settlements.

E.     The Settlement Fund.

20.     Releasors shall look solely to the Settlement Fund for settlement and
satisfaction against the Chunghwa Releasees of all Released Claims, and shall have no other
recovery against Chunghwa or any other Chunghwa Releasee.

21.     After this Agreement becomes final within the meaning of paragraph 11,
the Settlement Fund shall be distributed in accordance with the plan to be submitted at the
appropriate time by Plaintiffs, subject to approval by the Court. In no event shall any Chunghwa
Releasee have any responsibility, financial obligation, or liability whatsoever with respect to the
investment, distribution, or administration of the Settlement Fund, including, but not limited to,

12

the costs and expenses of such distribution and administration, with the sole exception of the provisions set forth in paragraph 19(a) of this Agreement.

22.     Plaintiffs and Class Counsel shall be reimbursed and indemnified solely out of the Settlement Fund for all expenses. The Chunghwa Releasees shall not be liable for any costs, fees, or expenses of any of Plaintiffs' or the Class' respective attorneys, experts, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Fund.

23.     Class Counsel's Attorneys' Fees And Reimbursement Of Expenses.

(a)     After this Settlement becomes final, Class Counsel may submit an application or applications to the Court for payment of attorneys' fees and reimbursement of expenses (the "Fee and Expense Application") for distribution to them from the Settlement Fund. Chunghwa shall not oppose such application(s) for: (i) an award of attorneys' fees not in excess of one-third of the Settlement Fund; plus (ii) reimbursement of expenses and costs incurred, or to be incurred, in connection with prosecuting the Action, plus interest on such attorneys' fees, costs, and expenses at the same rate and for the same period as earned by the Settlement Fund (until paid) as may be awarded by the Court (the "Fee and Expense Award"). Class Counsel reserve the right to make additional applications for fees and expenses incurred, but in no event shall Chunghwa Releasees be responsible to pay any such additional fees and expenses except to the extent they are paid out of the Settlement Fund. In addition, after final approval, Class Counsel may apply to use any amount paid by Chunghwa to pay the past or future expenses of this litigation.

(b)     The Fee and Expense Award, as approved by the Court, shall be paid solely from the Settlement Fund. Lead Counsel shall allocate the attorneys' fees among Class

13

Counsel in a manner which they in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Action.

(c)     The procedure for and the allowance or disallowance by the Court of the application by Class Counsel for attorneys' fees, costs and expenses to be paid out of the Settlement Fund are not part of this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any such order shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the judgment approving settlement.

(d)     Neither Chunghwa nor any other Chunghwa Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to any payment to Class Counsel of any Fee and Expense Award in the Action.

(e)     Neither Chunghwa nor any other Chunghwa Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to the allocation among Class Counsel, and/or any other person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

F.     Cooperation.

24.     Chunghwa agrees to cooperate with Plaintiffs, to the extent consistent with Chunghwa's obligations to the U.S. Department of Justice ("DOJ"), by (i) promptly providing a full account to Lead Counsel of all facts known to Chunghwa that are relevant to the Action, (ii) producing in the United States relevant documents relating to sales, pricing, capacity, production, and damages, including English translations to the extent reasonably required, as well as documents (including English translations) sufficient to evidence any collusive meetings among

14

CRT makers and the manner in which any alleged conspiracy was formed, implemented, and enforced, to the extent known by Chunghwa, (iii) making available appropriate employees for such interviews and depositions as are reasonably required by Lead Counsel, and (iv) producing at trial in person, by deposition, or affidavit, whichever is legally necessary and reasonably possible, representatives to testify as reasonably required by Lead Counsel. Nothing in this paragraph 24, or any other part of this Agreement, shall be construed or interpreted to be inconsistent with the discovery stay in place in this Action. Any cooperation by Chunghwa pursuant to this paragraph 24 will be consistent with the terms of the discovery stay and Chunghwa's continuing obligations to the DOJ. If Chunghwa fails to cooperate as set forth in this paragraph 24, Plaintiffs may, if acting reasonably and in good faith, terminate the Agreement.

25.     Plaintiffs and Lead Counsel agree they will not use the information provided by Chunghwa as part of its cooperation for any purpose other than pursuit of the Action and, even after the lifting of the discovery stay, will not publicize the information beyond what is reasonably necessary for the prosecution of the Action or as otherwise required by law. Any documents and other information provided will be deemed "Highly Confidential" and subject to the protective order entered in the Action as if they had been produced in response to discovery requests.

26.     Except as provided in paragraph 24 of this Agreement, Chunghwa need not respond to formal discovery from Plaintiffs, respond to the complaint, or otherwise participate in the Action during the pendency of the Agreement. Neither Chunghwa nor Plaintiffs shall file motions against the other during the pendency of the Agreement. In the event that the Agreement is not approved by the Court, or Chunghwa fails to timely make the

15

payments required under paragraph 16, or the Agreement otherwise terminates, Chunghwa and Plaintiffs will each be bound by and have the benefit of any rulings made in the Action to the extent they would have been applicable to Chunghwa or Plaintiffs had Chunghwa been participating in the Action.

      27.    Chunghwa agrees that it will not disclose publicly or to any other defendant the terms of this Agreement until the Agreement is submitted to the Court for approval. Chunghwa also agrees that it will not disclose publicly or to any other defendant the information provided to Plaintiffs pursuant to this Agreement, except as otherwise required by law.

      G.    Rescission If This Agreement Is Not Approved Or Final Judgment Is Not Entered.

      28.    If the Court refuses to approve this Agreement or any part hereof, or if such approval is modified or set aside on appeal, or if the Court does not certify for purposes of this settlement the Class described in paragraph 1, or if the Court does not enter the final judgment. or if final judgment is entered and appellate review is sought, and on such review, such final judgment is not affirmed in its entirety, then Chunghwa and the Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety. Written notice of the exercise of any such right to rescind shall be made according to the terms of paragraph 39. A modification or reversal on appeal of any amount of Class Counsel's fees and expenses awarded by the Court from the Settlement Fund shall not be deemed a modification of all or a part of the terms of this Agreement or such final judgment.

      29.    In the event that this Agreement does not become final, then this Agreement shall be of no force or effect and any and all parts of the Settlement Fund caused to be deposited in the Escrow Account (including interest earned thereon) shall be returned

16

forthwith to Chunghwa less only disbursements made in accordance with this Agreement. If this Agreement does not become final because Chunghwa fails to make a payment and Plaintiffs are excused from obtaining final Court approval as set forth in paragraph 16, any Nonrefundable Amount as defined in that paragraph shall not be returned. Chunghwa expressly reserves all of its rights if this Agreement does not become final. Further, and in any event, Plaintiffs and Chunghwa agree that this Agreement, whether or not it shall become final, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by Chunghwa (or the Chunghwa Releasees), or of the truth of any of the claims or allegations contained in the complaint or any other pleading filed by Plaintiffs in the Action, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding.

30.     This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Agreement, for a complete resolution of the relevant claims with respect to each Chunghwa Releasee as provided in this Agreement.

31.     The parties to this Agreement contemplate and agree that, prior to final approval of the settlement as provided for in paragraph 10 of this Agreement, appropriate notice of (a) the settlement; and (b) a hearing at which the Court will consider the approval of this Settlement Agreement will be given to Class Members.

H.     Miscellaneous.

32.     This Agreement does not settle or compromise any claim by Plaintiffs or any Class Member asserted in the complaint against any defendant or alleged co-conspirator other than the Chunghwa Releasees. All rights against such other defendants or alleged co-

17

conspirators are specifically reserved by Plaintiffs and the Class. Chunghwa's sales to the Class shall not be removed from the Action.

33.     This Agreement shall not affect whatever rights Releasors or any of them may have (i) to seek damages or other relief from any other person with respect to any purchases of CRT products that are not subject to the antitrust laws of the United States; (ii) to participate in or benefit from, where appropriate, any relief or other recovery as part of a settlement or judgment in any action on behalf of any indirect purchasers of CRT products; (iii) to participate in or benefit from any relief or recovery as part of a judgment or settlement in this action against any other party named as a defendant (other than a Chunghwa Releasee); or (iv) to assert any product liability or breach of contract claims in the ordinary course of business which are not covered by the Released Claims.

34.     The United States District Court for the Northern District of California shall retain sole and exclusive jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have sole and exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and Chunghwa. This Agreement shall be governed by and interpreted according to the substantive laws of the state of California without regard to its choice of law or conflict of laws principles.

35.     This Agreement constitutes the entire, complete, and integrated agreement between Plaintiffs and Chunghwa pertaining to the settlement of the Action against Chunghwa, and supersedes all prior and contemporaneous undertakings of Plaintiffs and Chunghwa in connection herewith. This Agreement may not be modified or amended except in writing executed by Plaintiffs and Chunghwa, and approved by the Court.

18

36.     This Agreement shall be binding upon, and inure to the benefit of, the
successors and assigns of Plaintiffs and Chunghwa. Without limiting the generality of the
foregoing, each and every covenant and agreement made herein by Plaintiffs or Lead Counsel
shall be binding upon all Class Members and Releasors. The Chunghwa Releasees (other than
Chunghwa, which is a party hereto) are third-party beneficiaries of this Agreement and are
authorized to enforce its terms applicable to them.

37.     This Agreement may be executed in counterparts by Plaintiffs and
Chunghwa, and a facsimile signature shall be deemed an original signature for purposes of
executing this Agreement.

38.     Neither Plaintiffs nor Chunghwa shall be considered the drafter of this
Agreement or any of its provisions for the purpose of any statute, case law, or rule of
interpretation or construction that would or might cause any provision to be construed against the
drafter of this Agreement.

39.     Where this Agreement requires either party to provide notice or any other
communication or document to the other, such notice shall be in writing, and such notice,
communication, or document shall be provided by facsimile or letter by overnight delivery to the
undersigned counsel of record for the party to whom notice is being provided.

41.     Each of the undersigned attorneys represents that he or she is fully             -
authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to
Court approval.

19

Dated: March 21, 2009

Mario N. Alioto
Trump, Alioto, Trump & Prescott LLP
2280 Union Street
San Francisco, CA 94123

*Interim Lead Counsel and Attorneys for the*
*Indirect Purchaser Class*

Dated: March 8, 2009

*Officer of Chunghwa Picture Tubes, Ltd.*

Dated: April 8, 2009

Joel S. Sanders
Gibson, Dunn & Crutcher LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105

*Attorney for Chunghwa Picture Tubes, Ltd.*

100597709_2.DOC

20

# EXHIBIT 2

# If You Bought A Cathode Ray Tube Product,

## A Class Action Settlement May Affect You.

| Cathode Ray Tube (CRT) Products include CRTs, Televisions, Computer Monitors, and other products containing CRTs. | Para una notificacion en Espanol, llamar o visitar nuestro website. |
|---|---|

You may be affected by a class action lawsuit involving CRT Products purchased indirectly from the Defendant companies. "Indirect" means that you did not buy the CRT Product directly from any Defendant. The lawsuit seeks: (a) nationwide injunctive relief to prohibit the Defendants' behavior that is the subject of the lawsuit and (b) money for indirect purchasers in 23 states.

A Settlement has been reached with Chunghwa Picture Tubes Ltd. ("Chunghwa"). The litigation is continuing against the remaining Defendants. A complete list of defendants is set out in the Detailed Notice available at **www.CRTsettlement.com**.

## What is this case about?

The lawsuit claims that numerous Defendants, including Chunghwa, conspired to fix, raise, maintain or stabilize prices of CRT Products resulting in overcharges to consumers who bought CRT Products such as Televisions and Computer Monitors. The Defendants deny that they did anything wrong. The Court has not decided who is right.

## Who is Included?

The Settlement Class includes any person or business that indirectly bought in the U.S. from March 1, 1995 through November 25, 2007, any CRT Product made by the Defendants. Both consumers and resellers are included in the Settlement Class.

## What does the Settlement Provide?

The Settlement provides for the payment by Chunghwa of $10,000,000 in cash, plus interest, to the Settlement Class. It also provides that Chunghwa will furnish information about the case, including other Defendants' involvement in the alleged conspiracy, to Class Counsel. Money will not be distributed to Class Members yet. The lawyers will pursue the lawsuit against the other Defendants, to see if any future settlements or judgments can be obtained in the case and then distribute the funds together to reduce expenses. It is possible that money will be distributed to organizations who are, as nearly as practicable, representative of the interests of indirect purchasers of CRT Products instead of Class members

themselves if the cost to process claims would result in small payments to Class Members.

## Who Represents You?

The Court has appointed Mario N. Alioto of Trump, Alioto, Trump & Prescott LLP as Interim Lead Counsel. You do not have to pay theses lawyers to represent you. You may hire your own attorney, if you wish, but if you do so you will be responsible for your own attorney's fees and expenses.

## What are your Options?

If you wish to remain a member of the Settlement Class you do not need to take any action at this time. If you don't want to be legally bound by the settlement, you must exclude yourself in writing by **Month 00, 2011**, or you will not be able to sue, or continue to sue, Chunghwa about the legal claims in this case. If you stay in the Settlement Class, you may object to the settlement by **Month 00, 2011**. The detailed notice describes how to exclude yourself or to object. The U.S. District Court for the Northern District of California will hold a Fairness Hearing at <Time> on **Month 00, 2011**, at JAMS, Two Embarcadero, Suite 1500, San Francisco, CA 94111. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.CRTsettlement.com. At this hearing the Court will consider whether the Settlement is fair, reasonable and adequate. The Court will also consider Interim Lead Counsel's request for payment of $2.5 million from the Settlement Fund to be used for expenses incurred in this case. If there are objections or comments, the Court will consider them at that time. You may appear at the hearing, but you don't have to. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. Please do not contact JAMS or the Court about this case. Please retain any receipts or other evidence of purchase of any CRT Product. Before disposing of any CRT Product please see the Detailed Notice for recommendations on preserving proof of ownership.

For more details, call toll free 1-800-000-0000, visit **www.CRTsettlement.com**, or write to CRT Indirect Settlement, P.O. Box 455, Hingham, MA 02043.

| 1-800-000-0000 | www.CRTsettlement.com |
|---|---|

# EXHIBIT 3

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If You Bought A Cathode Ray Tube Product,

## A Class Action Settlement May Affect You.

Cathode Ray Tube (CRT) Products include Cathode Ray Tubes and finished products that contain a Cathode Ray Tube such as Televisions and Computer Monitors

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- There is a lawsuit pending involving CRT Products purchased indirectly from the Defendants set out below. "Indirect" means that you did not buy the CRT Product directly from any Defendant. The lawsuit, which is brought as a Class Action, seeks: (a) nationwide injunctive relief to prohibit the 'Defendants' (listed below) behavior that is the subject of the lawsuit and (b) money for indirect purchasers in 23 states.

- The states include: Arizona, California, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, Wisconsin, and the District of Columbia.

- A Settlement has been reached with Chunghwa Picture Tubes Ltd. (called the "Settling Defendant"). The litigation is continuing against the remaining Non-Settling Defendants.

- Your legal rights are affected whether you act or don't act. This Notice includes information on the Settlement and the continuing lawsuit. Please read the entire Notice carefully.

| These rights and options—and the deadlines to exercise them—are explained in this notice. | |
|---|---|
| You can object or comment on the Settlement | *see* Question 10 |
| You may also exclude yourself from the Settlement | *see* Question 10 |
| You may go to a hearing and ask the Court to speak about the Settlement yourself | *see* Question 14 |

- The Court in charge of this case still has to decide whether to approve the Settlement. The continuing litigation is moving towards trial.

**BASIC INFORMATION** ................................................................................................**PAGE 3**

    1.    Why is there a notice?

    2.    Who are the Defendant companies?

    3.    What is this lawsuit about?

    4.    Why is there a Settlement but the litigation is continuing?

    5.    What is a Cathode Ray Tube Product?

    6.    What is a class action?

**THE SETTLEMENT CLASS** .................................................................................**PAGES 4, 5, 6**

    7.    How do I know if I'm part of the Settlement Class?

    8.    What does the Settlement provide?

    9.    When can I get a payment?

    10.    What are my rights in the Settlement Class?

    11.    What am I giving up to stay in the Settlement Class?

**THE SETTLEMENT APPROVAL HEARING** .........................................................**PAGES 4, 5, 6**

    12.    When and where will the Court decide whether to approve the Settlement?

    13.    Do I have to come to the hearing?

    14.    May I speak at the hearing?

**THE LAWYERS REPRESENTING YOU** ..........................................................................**PAGE 6**

    15.    Do I have a lawyer in the case?

    16.    How will the lawyers be paid?

**PURCHASE RECORDS** .......................................................................................**PAGE 7**

    17.    What steps should I take to demonstrate evidence of purchase/ownership of a CRT Product?

**GETTING MORE INFORMATION** .................................................................................**PAGE 7**

    18.    How do I get more information?

## BASIC INFORMATION

### 1. Why is there a notice?

You have the right to know about the litigation and about your legal rights and options before the Court decides whether to approve the Settlement.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is called *In re Cathode Ray Tube (CRT)) Antitrust Litigation*, MDL No. 1917. The people who sued are called Plaintiffs and the companies they sued are called Defendants.

### 2. Who are the Defendant companies?

The Defendant companies include: LG Electronics, Inc., LG Electronics U.S.A., Inc., LG Electronics Taiwan Taipei Co., Ltd, Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation, Philips Electronics Industries (Taiwan), Ltd., Philips da Amazonia Industria Electronica Ltda., LP Displays International, Ltd. f/k/a LG.Philips Displays, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung SDI Co. Ltd., Samsung SDI America, Inc., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co. Ltd., Tianjin Samsung SDI Co. Ltd., Samsung SDI Malaysia Sdn. Bhd., Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, LLC., Toshiba America Information Systems, Inc., Toshiba America Electronics Components, Inc., Panasonic Corporation f/k/a Matsushita Electric Industrial, Ltd., Panasonic Corporation of North America, MT Picture Display Co., Ltd., Beijing-Matsushita Color CRT Company, Ltd. (BMCC), Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi Electronic Devices (USA), Inc., Hitachi America, Ltd., Hitachi Asia, Ltd., Tatung Company of America, Inc., Chunghwa Picture Tubes Ltd., Chunghwa Picture Tubes (Malaysia) Sdn. Bhd., IRICO Group Corporation, IRICO Display Devices Co., Ltd., IRICO Group Electronics Co., Ltd., Thai CRT Company, Ltd., and Samtel Color, Ltd.

### 3. What is this lawsuit about?

The lawsuit claims that the Defendants conspired to fix, raise, maintain or stabilize prices of CRT Products resulting in overcharges to consumers who bought CRT Products such as Televisions and Computer Monitors. The Defendants deny that they did anything wrong. The Court has not decided who is right.

### 4. Why is there a Settlement but the litigation is continuing?

Only one of the Defendants has agreed to settle the lawsuit. The case is continuing against the remaining Non-Settling Defendants. Additional money may become available in the future as a result of a trial or future settlements, but there is no guarantee that this will happen.

### 5. What is a Cathode Ray Tube (CRT) Product?

For the purposes of the Settlement, Cathode Ray Tube Products means Cathode Ray Tubes of any type (e.g. color display tubes, color picture tubes and monochrome display tubes) and finished products which contain Cathode Ray Tubes, such as Televisions and Computer Monitors.

### 6. What is a class action?

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims. All these people are a class or class members, except for those who exclude themselves from the class.

If the Plaintiffs obtain money or benefits as a result of a trial or future settlement, you will be notified about how to ask for a share or what your other options are at that time. These things are not known right now. Important information about the case will be posted on the website, www.CRTsettlement.com, as it becomes available. Please check the website to be kept informed about any future developments.

## THE SETTLEMENT CLASS

### 7. How do I know if I am part of the Settlement Class?

The Settlement Class includes any person or business that indirectly bought in the U.S. from March 1, 1995 through November 25, 2007, any CRT Product made by the Defendants. Both consumers and resellers are included in the Settlement Class.

### 8. What does the Settlement provide?

The Settlement provides for the payment by Settling Defendant of $10,000,000 in cash, plus interest, to the Settlement Class. It also provides that the Settling Defendant will furnish information about the case, including other defendants' involvement in the alleged conspiracy, to Class Counsel. Finally, it provides that part of the $10 million settlement fund may be used to pay expenses incurred in the litigation.

More details are in the Settlement Agreement, available at www.CRTsettlement.com.

### 9. When can I get a payment?

No money will be distributed to Class Members yet. The lawyers will pursue the lawsuit against the Non-Settling Defendants, to see if any future settlements or judgments can be obtained in the case and then be distributed together, to reduce expenses. It is possible that money will be distributed to organizations who are, as nearly as practicable, representative of the interests of indirect purchasers of CRT Products instead of Class members themselves if the cost to process claims would result in small payments to Class Members.

### 10. What are my rights in the Settlement Class?

**Remain in the Settlement Class**: If you wish to remain a member of the Settlement Class you do not need to take any action at this time.

**Get out of the Settlement Class**: If you wish to keep your right to sue the Settling Defendant about the claims in this case you must exclude yourself. You will not get any money from this settlement if you exclude yourself from the Settlement.

**For More Information: Call 1-800-000-0000 or Visit www.CRTsettlement.com**

To exclude yourself from the Settlement, you must send a letter that includes the following:

- Your name, address and telephone number,
- A statement saying that you want to be excluded from *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, Chunghwa Settlement, an
- Your signature.

You must mail your exclusion request, postmarked no later than **Month 00, 2011**, to:

CRT Class Action
P.O. 0000
City, ST 00000

**Remain in the Settlement Class and Object**: If you have comments about, or disagree with, any aspect of the Settlement, you may express your views to the Court by writing to the address below. The written response needs to include your name, address, telephone number, the case name and number (*In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917), a brief explanation of your reasons for objection, and your signature. The response must be postmarked no later than **Month 00, 2011** and mailed to:

| COURT | INTERIM LEAD COUNSEL | DEFENSE COUNSEL |
|-------|----------------------|-----------------|
| Honorable Charles A. Legge (Ret.) JAMS Two Embarcadero, Suite 1500 San Francisco, CA 94111 | Mario N. Alioto Trump, Alioto, Trump & Prescott LLP 2280 Union Street San Francisco, CA 94123 | Joel S. Sanders Gibson Dunn & Crutcher LLP 555 Mission Street, Suite 3000 San Francisco, CA 94105 |

### 11. What am I giving up to stay in the Settlement Class?

Unless you exclude yourself from the Settlement Class, you can't sue Settling Defendant, continue to sue, or be part of any other lawsuit against Settling Defendant about the legal issues in this case. It also means that all of the decisions by the Court will bind you. The "Release of Claims" includes any causes of actions asserted or that could have been asserted in the lawsuit, as described more fully in the Settlement Agreement. The Settlement Agreement is available at www.CRTsettlement.com.

### 12. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing at <Time> on **Month 00, 2011**, at JAMS, Two Embarcadero, Suite 1500, San Francisco, CA 94111. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.CRTsettlement.com. At this hearing the Court will consider whether the Settlement is fair, reasonable and adequate. The Court will also consider Interim Lead Counsel's request for payment of $2.5 million from the Settlement Fund to be used for expenses incurred in this case. If there are objections or comments,

the Court will consider them at that time. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

### 13. Do I have to come to the hearing?

No. Interim Lead Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

### 14. May I speak at the hearing?

If you want your own lawyer instead of Interim Lead Counsel to speak at the Final Approval Hearing, you must give the Court a paper that is called a "Notice of Appearance." The Notice of Appearance should include the name and number of the lawsuit (*In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917), and state that you wish to enter an appearance at the Fairness Hearing. It also must include your name, address, telephone number, and signature. Your "Notice of Appearance" must be postmarked no later than **Month 00, 2011**. You cannot speak at Hearing if you previously asked to be excluded from the Settlement.

The Notice of Appearance must be sent to the addresses listed in Question 10.

## THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer in this case?

The Court has appointed Mario N. Alioto of Trump, Alioto, Trump & Prescott LLP to represent you as "Interim Lead Counsel." You do not have to pay Interim Lead Counsel. If you want to be represented by your own lawyers, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

### 16. How will the lawyers be paid?

At a future time, Interim Lead Counsel will ask the Court for attorneys' fees not to exceed twenty five percent (25%) of the $10,000,000 Settlement Fund plus reimbursement of their costs and expenses, in accordance with the provisions of the Settlement. Interim Lead Counsel may also request that an amount be paid to each of the Class Representatives who helped the lawyers on behalf of the whole Class.

## PURCHASE RECORDS

### 17. What steps should I take to demonstrate evidence of purchase/ownership of a CRT Product?

If you have purchase receipts, invoices or any other proof of purchase of any CRT Product, please retain those documents. If you presently have a CRT Product, please keep it if at all possible. If

you are unable to do so, please photograph the front and rear of the CFT Product including any brand name and record the model number, serial number, size and any other information which you believe will help identify the manufacturer of the CRT Product.

## GETTING MORE INFORMATION

**18. How do I get more information?**

This Notice summarizes the lawsuit and the Settlement. You can get more information about the lawsuit and Settlements at www.CRTsettlement.com, by calling 1-800-000-0000, or writing to CRT Class Action, P.O. 0000, City, ST 00000. Please do not contact JAMS or the Court about this case.