United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: CATHODE RAY TUBE (CRT) ) Master File
 ) No. CV-07-5944 SC
ANTITRUST LITIGATION )
_____) MDL No. 1917
 )
This document relates to: ) ORDER DENYING
 ) DEFENDANTS'
ALL ACTIONS ) ADMINISTRATIVE MOTION
_____) TO FILE CONFIDENTIAL
 <u>DOCUMENTS UNDER SEAL</u>

Defendants Panasonic Corporation of North America, Panasonic Corporation, and MT Picture Display Co., Ltd. ("Defendants") brought an Administrative Motion pursuant to Civil Local Rule 79-5(d) and the Stipulated Protective Order of June 18, 2008, seeking to file certain documents under seal. ECF No. 880 ("Mot."). Specifically, Defendants request permission to file under seal Defendants' Motion for Sanctions Pursuant to Rule 11, the Declaration of Jeffrey Kessler in Support of Defendants' Motion for Sanctions Pursuant to Rule 11, and Exhibits A through Q attached thereto. <u>Id.</u> Defendants contend that these documents should be filed under seal because they contain information designated as confidential by Defendant Chungwa Picture Tubes, Ltd. ("Chungwa"). <u>Id.</u> at 2.

Civil Local Rule 79-5(d) provides that a party who wishes to

file a document that has been designated confidential by another party pursuant to a protective order, or who wishes to refer in a memorandum or other filing to information so designated by another party, must file an administrative motion for a sealing order with the Court and lodge the document, memorandum, or other filing with the Court. If only a portion of the document, memorandum, or other filing is sealable, the submitting party must also lodge with the Court a redacted version to be placed in the public record if the Court approves the requested sealing order. Id. The designating party -- in this case Chungwa -- then has seven days to preserve the information's confidentiality by filing and serving a "declaration establishing that the designated information is sealable" and "a narrowly tailored proposed sealing order." Id. "If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record." Id.

Here, Defendants have not lodged with the Court the Motion and supporting declaration they wish to file under seal,[1] and Chungwa has not filed the required declaration and narrowly tailored proposed sealing order. Defendants' Administrative

---

[1] Defendants state that the Motion and supporting declaration should be filed under seal because they "contain information" designated confidential by Chungwa. Mot. at 2. This language suggests that only select portions of the documents Defendants seek to file are sealable. If this is true, then Defendants should lodge with the Court a redacted version of the documents to be placed in the public record in accordance with Civil Local Rule 79-5(d).

-2-

Motion to file documents under seal is therefore DENIED.  The Court will STAY this Order for fifteen days so that the parties may take appropriate measures to comply with the Civil Local Rules.

IT IS SO ORDERED.

Dated: March 31, 2011

_____
UNITED STATES DISTRICT JUDGE

Dated: March ___, 2009



_____
UNITED STATES DISTRICT JUDGE