# Exhibit D

Guido Saveri (22349) guido@saveri.com
R. Alexander Saveri (173102) rick@saveri.com
Geoffrey C. Rushing (126910) grushing@saveri.com
Cadio Zirpoli (179108) cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:   (415) 217-6810
Facsimile:    (415) 217-6813

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 SC |
| This Document Relates to: ALL DIRECT PURCHASER ACTIONS | **DIRECT PURCHASER PLAINTIFFS' SUPPLEMENTAL RESPONSES TO DEFENDANT LG ELECTRONICS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION** |

PROPOUNDING PARTY:     LG ELECTRONICS, INC.

RESPONDING PARTY:      DIRECT PURCHASER PLAINTIFFS

SET NO.:                              ONE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Direct Purchaser Plaintiffs ("Plaintiffs") hereby respond to defendant LG Electronics, Inc.'s First Set of Request for Production of Documents as follows:

**PRELIMINARY STATEMENT**

Nothing herein should be construed as an admission by Plaintiffs respecting the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in defendant LG Electronics, Inc.'s First Set of

Request for Production of Documents ("Request for Production").  Plaintiffs have not completed their investigation of the facts relating to this case or its preparation for trial.  All responses and objections contained herein are based only upon such information and such documents as are presently available to and specifically known to Plaintiffs.  It is anticipated that independent investigation, legal research and analysis will supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the responses set forth herein.

The following objections and responses are made without prejudice to Plaintiffs' right to produce at trial, or otherwise, evidence regarding any subsequently discovered information, evidence and/or documents.  Plaintiffs accordingly reserve the right to modify and amend any and all responses herein as research is completed and contentions are made.

## GENERAL OBJECTIONS

Plaintiffs object generally to the Request for Production, and to each individual request therein, on the following grounds, each of which is incorporated by reference in the responses to the individual requests below.  Each response set forth below incorporates, is subject to, and does not waive any of these general objections.

1. Plaintiffs object to each and every request to the extent that it seeks disclosure of information containing privileged communications or other matters protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or doctrine.  None of Plaintiffs' specific responses shall be construed to mean that Plaintiffs intend to provide privileged or work-product information in the absence of an intentional waiver.  Any inadvertent disclosure of privileged or work-product information shall not constitute a waiver of an otherwise valid claim of privilege or other protection, and any failure to assert a privilege or other protection as to certain information shall not be deemed to constitute a waiver of the privilege or other protection as to any other information so protected.

2. The Request for Production, and certain of the requests contained therein, are unreasonably overbroad in scope, and thus burdensome and oppressive, in that each such request seeks information pertaining to items and matters that are not relevant to the subject matter of this

1 action, or, if relevant, are so remote therefrom as to make its disclosure of little or no practical
2 benefit to defendant, while placing a wholly unwarranted burden and expense on Plaintiffs in
3 locating, reviewing and producing the requested information.

4      3.     The Request for Production, and certain of the requests contained therein, are
5 burdensome and oppressive, in that ascertaining the information necessary to respond thereto, and
6 to produce documents in accordance therewith, would require the review and compilation of
7 information from multiple locations, and voluminous records and files, thereby involving
8 substantial time of Plaintiffs' employees and great expense to Plaintiffs, whereas the information
9 sought to be obtained by defendant would be of little use or benefit to defendant.

10      4.     The Request for Production, and certain of the requests contained therein, purports
11 to impose on Plaintiffs obligations or responsibilities in excess of those imposed by the Federal
12 Rules of Civil Procedure, the applicable Local Rules, any other applicable procedural rules, case
13 law, statutes governing the proper scope of discovery, or applicable Court Orders.

14      5.     The Request for Production, and certain of the requests contained therein, calls for
15 documents which are outside the possession, custody or control of Plaintiffs.

16      6.     Plaintiffs object to each request, instruction, or definition to the extent it seeks
17 information that is already in the possession of the propounding party or the other defendants or is
18 obtainable from some other source that is more convenient, less burdensome or less expensive.

19      7.     Plaintiffs object to each request, instruction, or definition to the extent that it
20 impermissibly seeks the premature disclosure of experts and expert information or requires
21 Plaintiffs to disclose analyses, comparative analyses, opinions, or theories that will be the subject
22 of expert testimony.

23      8.     To the extent any term in the Request for Production is defined in the Federal
24 Rules of Civil Procedure, Plaintiffs will interpret such term as it is so defined and not as defined in
25 the Request for Production.

26      9.     The Request for Production, and certain of the requests contained therein, seek to
27 have Plaintiffs furnish information and identify documents that are a matter of public record and,
28 therefore, are equally available to the propounding party as they are to Plaintiffs.

10. Plaintiffs' responses agreeing to produce documents in response to the requests should not be construed as meaning that documents of the type requested exist, and should only be construed as indicating that Plaintiffs will produce documents of the type requested if they are in Plaintiffs' possession, custody or control, are not privileged or otherwise exempt from production, and can be located and produced through reasonable and good faith effort.

**RESPONSES**

**REQUEST FOR PRODUCTION NO. 1:**

All Documents that support Your response to Interrogatory No. 1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs further object to this request to the extent it calls for the production of information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, or that is otherwise privileged or immune from discovery. Subject to, and without waiving, the foregoing objections, plaintiffs respond as follows:

Plaintiffs shall produce documents described in their response to interrogatory No.1.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents that support Your response to Interrogatory No. 2.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs further object to this request to the extent it calls for the production of information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, or that is otherwise privileged or immune from discovery. Subject to, and without waiving, the foregoing objections, plaintiffs respond as follows:

Plaintiffs shall produce documents described in their response to interrogatory No.2.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents that support Your response to Interrogatory No. 3.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs

1  further object to this request to the extent it calls for the production of information protected by the
2  attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, or
3  that is otherwise privileged or immune from discovery.  Subject to, and without waiving, the
4  foregoing objections, plaintiffs respond as follows:

    Plaintiffs shall produce documents described in their response to interrogatory No.3.

**REQUEST FOR PRODUCTION NO. 4:**

    All Documents that support Your response to Interrogatory No. 4.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs further object to this request to the extent it calls for the production of information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, or that is otherwise privileged or immune from discovery.  Subject to, and without waiving, the foregoing objections, plaintiffs respond as follows:

    Plaintiffs shall produce documents described in their response to interrogatory No.4.

DATED:  January 31, 2011                By:     /s/ Guido Saveri
                                                SAVERI & SAVERI, INC.
                                                706 Sansome Street
                                                San Francisco, CA 94111
                                                Telephone:    (415) 217-6810
                                                Facsimile:    (415) 217-6813

                                                *Interim Lead Counsel for the Direct
                                                Purchaser Plaintiffs*