Blake L. Harrop
Chadwick O. Brooker
Antitrust Bureau
Office of the Illinois Attorney General
100 W. Randolph Street
Chicago, Illinois 60601
(312) 814-1004 (phone)
(312) 793-3891 (phone)
(312) 814-4209 (fax)
bharrop@atg.state.il.us
cbrooker@atg.state.il.us

*Counsel for the State of Illinois*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

IN RE CATHODE RAY TUBE
(CRT) ANTITRUST
LITIGATION

This Document Relates To All
Indirect Purchaser Actions

No. CV-07-5944-SC
MDL No. 1917

Date:   May 4, 2011
Time:   2:00 PM
JAMS:  Two Embarcadero Center, Ste. 1500
Judge:  Hon. Charles A. Legge (Ret.)

**States of Illinois and Washington's Opposition to Indirect-Purchaser Plaintiffs' Motion for Preliminary Approval of Class Action Settlement with Chunghwa Picture Tubes, Ltd.**

The States of Illinois and Washington oppose, in part, the proposed class action settlement between the indirect-purchaser plaintiffs ("IPPs") and Chunghwa Picture Tubes, Ltd. ("Chunghwa"). Each State's antitrust law forbids a private plaintiff from seeking damages or restitution for citizens in the State who indirectly purchased price-fixed goods. That role is reserved solely to each Attorney General. The IPPs, however, ask this Court to approve a settlement agreement under which they would usurp the Attorney General's role and release damages and restitution claims under the antitrust laws of Illinois or Washington for citizens who indirectly purchased cathode ray tubes ("CRTs"). The IPPs lack the authority to bring or settle those claims, so any settlement the IPPs reach resolving those claims violates Due Process. The States ask that the Court refuse to approve the settlement or, alternatively, exclude Illinois and Washington citizens from the settlement class.

## Background

The IPPs allege that Chunghwa and other suppliers fixed the prices of CRTs and thereby violated section 1 of the Sherman Act and various state laws, including the Illinois Antitrust Act. The IPPs make no claims under Washington state law. No Illinois or Washington state-law class is alleged or certified.

The IPPs and Chunghwa signed a settlement agreement that releases all the proposed class members' federal and state-law antitrust claims. The proposed settlement class is defined as:

> All individuals and entities who, at any time during the period beginning March 1, 1995 and continuing through November 25, 2007, purchased CRT Products indirectly from the Defendants or their parents, subsidiaries, and/or affiliates and who could assert, against any Defendant, antitrust claims under the laws of the United States, (including its territories and protectorates) or any State.[1]

---

[1] IPPs' Motion for Preliminary Approval of Class Action Settlement with Defendant Chunghwa Picture Tubes, Ltd., Docket No. 884 (filed Mar. 28, 2011).

The IPPs ask this Court to certify the settlement class under Federal Rule of Civil Procedure 23(b)(3) and preliminarily approve the settlement.

## Argument

### I. Due Process prohibits certifying the proposed settlement class because state law bars the IPPs from representing the indirect damages claims of Illinois or Washington citizens.

The IPPs propose to settle with Chunghwa the monetary claims of all indirect purchasers of CRTs in the United States for Chunghwa's alleged role in the CRT price-fixing conspiracy. Indirect purchasers may not recover damages or restitution under federal antitrust law,[2] and, in fact, the IPPs make so such claims. Instead, the IPPs seek monetary relief by relying on state law. But state law is varied: Some States allow recovery for indirect purchasers; some States do not. A few States—including Illinois and Washington—allow recovery for indirect-purchaser claims but only in lawsuits the State Attorney General brings. The IPPs, therefore, have no authority to bring or settle monetary claims of citizens in Illinois or Washington who indirectly purchased price-fixed CRTs. Without that authority, the IPPs cannot adequately represent the citizens of Illinois or Washington. Due Process requires adequate representation of absent parties, so the proposed settlement between the IPPs and Chunghwa is defective.

#### A. Due Process precludes a plaintiff from settling or releasing the claims of absent parties without the authority to represent those claims.

In class actions, Due Process and Federal Rule of Civil Procedure 23(a)(4) require that absent parties have adequate representation. Neither Due Process nor Rule 23 is satisfied when a plaintiff settles and releases the claims of absent parties whom the plaintiff has no authority to represent. Settlements that release those claims are defective.

---
[2] *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 736 (1977).

For example, in *Dunlop v. Pan American World Airways, Inc.*,[3] the court ruled that a settlement was defective because a plaintiff, the Secretary of Labor, settled absent-party claims without the required authority. The Secretary of Labor sued an airline for age discrimination under federal law, and the parties eventually settled. During that lawsuit, several airline employees also were suing the airline under state law. The airline argued that the employees' suit was precluded by the airline's settlement with the Secretary of Labor. In that settlement, the Secretary of Labor purported to release not only the employees' federal claims but also their state-law claims. Because the Secretary of Labor had no authority to release their state-law claims, the settlement was defective.[4] The court amended the final order to prevent any res judicata effect on the employees' state-law claims.[5]

The problem is sometimes framed as inadequate representation. In *National Super Spuds, Inc. v. New York Mercantile Exchange*,[6] a federal district court approved a class-action settlement that certified a class of persons who liquidated contracts on potato futures. The settlement, however, released the defendants not only from claims based on the liquidated contracts but also from claims based on unliquidated contracts—claims which were the subject of a separate class action. On appeal, the Second Circuit Court of Appeals reversed the approval.[7] Writing for the court, Judge Friendly explained that the plaintiffs were not authorized to represent claims based on unliquidated contracts.[8]

---

[3] *Dunlop v. Pan Am. World Airways, Inc.*, 672 F.2d 1044 (2d Cir. 1982).

[4] *Id.* at 1051.

[5] *Id.* at 1053.

[6] *Nat'l Super Spuds, Inc. v. N.Y. Mercantile Exch.*, 660 F.2d 9 (2d Cir. 1981).

[7] *Id.* at 21.

[8] *Id.* at 18.

> Having received authority to represent class members solely with respect to liquidated contracts, plaintiffs had no power to release any claims based on any other contracts.[9]

By agreeing to the release in the proposed settlement, the named plaintiffs inadequately represented the absent parties who had unliquidated contracts.[10]

Due Process, however, requires adequate representation. The Ninth Circuit said in *Hesse v. Sprint Corp*: "Without adequate representation, a court order approving a claim-preclusive class action settlement agreement cannot satisfy due process as to all members of the class."[11] Due Process renders defective any settlement a plaintiff enters on behalf of absent parties if the plaintiff lacks authority to represent them.

**B. The IPPs may not represent Illinois' indirect purchasers because the Illinois Antitrust Act denies private plaintiffs the right to bring indirect-purchaser class actions, reserving that right only to the Illinois Attorney General.**

The Illinois Antitrust Act authorizes only the Attorney General to represent classes of indirect purchasers and explicitly denies that right to private plaintiffs. Section 7(2) says:

> [N]o person shall be authorized to maintain a class action in any court of the State for indirect purchasers asserting claims under this [Antitrust] Act, with the sole exception of this State's Attorney General, who may maintain an action parens patriae as provided in this subsection.[12]

---

[9] *Id.*

[10] *Id.*

[11] *Hesse v. Sprint Corp.*, 598 F.3d 581, 588-589 (9th Cir. 2010) (citing *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 812 (1985)); *see also In re Cal. Micro Devices Sec. Litig.* 168 F.R.D. 257, 260 (N.D. Cal. 1996) ("A critical factor in determining whether a settlement is worthy of court approval under FRCP 23(e) is whether the class has been 'fairly and adequately' represented by the class representative during settlement negotiations.").

[12] 740 Ill. Comp. Stat. § 10/7(2).

A class action on behalf of Illinois indirect purchasers "is necessarily precluded by section 7(2) of the Antitrust Act."[13] Even when other claims are proceeding as part of a class action, the class representative may not pursue state antitrust-law claims on behalf of the class.[14]

The Attorney General's exclusive right to bring an action aggregating the damages claims of Illinois indirect purchasers is part of the substantive framework for enforcement of the Illinois Antitrust Act. Because of that, the Supreme Court's decision in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Insurance Co.*[15] is inapposite. In *Shady Grove*, the Court held that claims for statutory interest under New York law could proceed in federal court as a class action under Rule 23, even though the case could not proceed as class action under section 901(b) of New York's Code of Civil Procedure.[16] But Justice Stevens clarified that the federal courts may not—without violating the Rules Enabling Act—apply Rule 23 to modify a state law that "is part of the State's framework of substantive rights or remedies."[17] Section 7(2) of the Illinois Antitrust Act provides such a substantive framework. As one court explained:

> Section 7 [of the Illinois Antitrust Act] defines substantive rights and remedies—specifically, the civil actions and remedies emanating from violations of the IAA. In this respect § 7 can be distinguished from New York's § 901(b), a purely procedural

---

[13] *Gaebler v. N.M. Potash Corp.,* 285 Ill. App. 3d 542, 545, 676 N.E.2d 228, 230 (1st Dist. 1996), *appeal denied*, 172 Ill. 2d 550, 679 N.E.2d 379 (1997); *accord In re Chocolate Confectionary Antitrust Litig,* No. 1:08-MDL-1935, slip op. at 2 n.2 (M.D. Pa. Feb. 18, 2011); *In re Wellbutrin XL Antitrust Litig.*, No. 08-2433, 2010 WL 5186052, at *6 (E.D. Pa. Dec. 22, 2010); *In re Flonase Antitrust Litig.*, 692 F. Supp. 2d 524, 539 (E.D. Pa. 2010).

[14] *Bobrowicz v. City of Chicago,* 168 Ill. App. 3d 227, 236-37, 522 N.E.2d 663, 669 (1st Dist. 1988).

[15] *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,* --- U.S. ---, 130 S. Ct. 1431 (2010) (Stevens, J., concurring).

[16] *Id.* at 1459-60.

[17] *Id.* at 1449.

States' Opposition to IPPs' Mot. for Prelim.  
Approval of Settlement with Chunghwa  
6   No. CV-07-5944-SC  MDL No. 1917

statute. Thus, *Shady Grove* does not compel this court to set aside § 7.[18]

In other words, *Shady Grove* does not allow the IPPs to use Rule 23 to end-run section 7(2)'s prohibition against private, indirect-purchaser class actions. Rule 23 cannot grant the IPPs authority that section 7(2) explicitly withholds.

### C. The IPPs may not represent Washington's citizens who indirectly purchased CRTs because Washington's antitrust law denies private plaintiffs the right to bring indirect-purchaser actions, reserving that right only to the Washington Attorney General.

Similarly, indirect purchasers do not have standing to recover under Washington's Unfair Business Practices and Consumer Protection Act ("Washington's CPA"). Only the Washington Attorney General has authority to bring those claims. In *Blewett v. Abbott Laboratories*,[19] an indirect purchaser of prescription drugs filed a class action to recover overcharges from a drug manufacturer for allegedly violating the antitrust provisions of Washington's CPA. The court followed the federal rule against indirect-purchaser standing in *Illinois Brick* and held that an indirect purchaser does not have standing because he or she is not "injured in his or her business or property."[20] The court, however, recognized that consumers were not without remedy because the CPA has no similar requirement for suits brought by the Washington Attorney General: "While a private plaintiff must 'be injured in his or her business or property' in order to bring *any* suit under the Act, this requirement does not exist in the section of the Act that enables

---

[18] *In re Chocolate Confectionary Antitrust Litig,* No. 1:08-MDL-1935, slip op. at 2 n.2 (M.D. Pa. Feb. 18, 2011); *accord In re Wellbutrin XL Antitrust Litig.*, No. 08-2433, 2010 WL 5186052, at *6 (E.D. Pa. Dec. 22, 2010) (distinguishing New York's procedural provisions from the Illinois Antitrust Act's *parens patriae* provision before denying as futile private plaintiffs' request to amend their complaint to include an indirect-purchaser class under Illinois antitrust law that they had no authority to represent).

[19] *Blewett v. Abbott Labs.*, 938 P.2d 842 (Wash. Ct. App. 1997).

[20] *Id.* at 847.

actions by the attorney general."[21] As a matter of both statutory and case law, the Washington Attorney General is the only party who may represent Washington citizens who indirectly purchased price-fixed CRTs.

## II. Delay until the allocation phase cannot remedy the settlement defect because the IPPs had to accept a discount on the settlement amount to reflect their lack of adequate representation.

The IPPs have no right to represent Illinois or Washington citizens for their indirect-purchaser damages claims, and that problem will not subside by postponing the problem until a later time. An allocation process does not create an adequate representative when none existed before. During the negotiation of the settlement, the amount of recovery may not have reflected the strength of the Illinois and Washington consumer claims because both sides realized the IPPs lacked authority to represent those claims. Illinois and Washington consumers are unrepresented in any part of this settlement. The parties nevertheless purported to settle those claims because Chunghwa can extract a discount on them, which the IPPs, lacking authority to represent those claims, cannot effectively oppose. No allocation process will ever add that money back into the settlement pot.

Moreover, if left unresolved, the problem promises to waste resources, create confusion, and complicate this case even further. Delaying resolution would:

- increase the costs of notice, which will be sent unnecessarily to Illinois and Washington citizens;

- create confusion among Illinois and Washington citizens about who has the authority to represent their claims;

- postpone the Illinois and Washington Attorneys General from vindicating their citizens' rights under state antitrust law; and

- increase the number of objections and opt-out requests.

---

[21] *Id.* (citing Wash. Rev. Code. 19.86.080).

To avoid these problems, the Court should either reject the proposed settlement or modify the definition of the settlement class before approving the settlement.

## Conclusion

The IPPs are seeking preliminary approval of a settlement that releases claims—some of which they have no right to bring, settle, or release.

- The IPPs propose to release indirect-purchaser damages claims, but under Illinois and Washington antitrust law those claims are within the exclusive province of the Illinois and Washington Attorneys General.

- Approving the proposed settlement would deprive Illinois and Washington citizens of adequate representation and Due Process.

This Court therefore should reject the IPPs' proposed settlement or carve out from the class definition Illinois and Washington citizens.

DATED:  April 27, 2011

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

By: /s/ Chadwick O. Brooker
Chadwick O. Brooker
Assistant Attorney General
Antitrust Bureau
Office of the Illinois Attorney General
100 W. Randolph Street
Chicago, Illinois 60601
(312) 793-3891
cbrooker@atg.state.il.us

ROBERT M. MCKENNA
Attorney General of the State of Washington

By: /s/ David M. Kerwin
David M. Kerwin
Assistant Attorney General
Antitrust Division
Washington State Attorney General's Office
800 5th Ave, Ste. 2000
Seattle, WA 98104
(206) 464-7030
(206) 464-6338 (Fax)
davidk3@atg.wa.gov