DAVID KERWIN (WSBA# 35162)
Washington State Attorney General
Antitrust Division
800 Fifth Avenue, MS TB14
Seattle, WA 98104
Telephone: (206) 464-7030
Facsimile: (206) 464-6338
davidk3@atg.wa.gov

Attorney for the State of Washington

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To All Actions | No. CV-07-5944-SC<br>MDL No. 1917<br><br>Date: May 4, 2011<br>Time: 2 P.M.<br>Court: JAMS: Two Embarcadero Center, Suite 1500<br>Judge: Hon. Honorable Charles A. Legge (Ret.)<br><br>**STATE OF WASHINGTON'S MOTION TO INTERVENE** |

### NOTICE OF MOTION AND MOTION TO INTERVENE

PLEASE TAKE NOTICE that on May 4, 2011, at 2 P.M. or as soon thereafter as the matter may be heard, the State of Washington, through its Attorney General, will present this Motion at JAMS: Two Embarcadero Center, Suite 1500, San Francisco, California, before the Honorable Charles A. Legge (Ret.).

This motion is brought pursuant to F.R.C.P. 24(a) and (b) and is based upon this Notice of Motion and the Memorandum of Points and Authorities filed herein, and seeks an order granting the State of Washington permission to intervene in this action for the purpose of opposing the proposed Motion for Preliminary Approval of Class Action Settlement with

STATE OF WASHINGTON
MOTION TO INTERVENE
No. CV-07-5944-SC MDL No. 1917

1

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Defendant Chunghwa Picture Tubes, Ltd. to the extent that it purports to settle and release claims of Washington indirect purchasers.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTS

The Washington State Attorney General is investigating whether certain of the defendants in this action have violated Washington State's Unfair Business Practices - Consumer Protection Act ("CPA").[1] The CPA provides that only the Washington Attorney General may bring an action under the CPA for damages, restitution or other monetary relief on behalf of Washington State indirect purchasers.[2] Presumably as a result of this, the indirect purchaser consolidated complaint does not include a damage class for Washington consumers. The complaint alleges an indirect purchaser nationwide class for purposes of injunctive relief. However, there is no class representative or counsel in these proceedings representing Washington State consumers' monetary claims. Nevertheless, the indirect purchaser plaintiffs now ask this Court to approve a settlement which purports to release those unrepresented claims.

The Washington State Attorney General seeks to intervene in this action in order to object to the scope of the proposed settlement class to the extent that it purports to include, or to release the claims of, Washington residents, and to ensure that the rights of Washington's consumers are adequately protected.

### II. ARGUMENT

Federal Rule of Civil Procedure 24(a) allows a person to intervene in an action as a matter of right.[3] In the Ninth Circuit, a third party is entitled to intervene as of right by showing

---

[1] Wash. Rev. Code 19.86.
[2] Wash. Rev. Code 19.86.080-090.
[3] F.R.C.P. 24(a).

STATE OF WASHINGTON
MOTION TO INTERVENE
No. CV-07-5944-SC  MDL No. 1917

2

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

"timeliness; an interest relating to the subject of the action; practical impairment of the party's ability to protect that interest; and inadequate representation by the parties to the suit."[4]

The State of Washington meets the criteria for intervention as a matter of right. Washington raised its objections and filed its motion to intervene at the earliest practical time after learning that the private plaintiffs were seeking to release the indirect purchaser claims of Washington's citizens. As outlined in detail in the accompanying brief, the Washington Attorney General is designated by the state legislature as the only party authorized to pursue and recover indirect purchaser damages and restitution on behalf of the state's citizens. The private plaintiffs lack standing to pursue such claims as a matter of law and therefore cannot adequately represent the citizens of the State of Washington. Releasing all of Washington citizens' indirect purchaser claims could very well deny their lawful recovery for damages and restitution.

In addition, F.R.C.P. 24(b) permits a person to intervene in an action who "has a claim or defense that shares with the main action a common question of law or fact."[5] Generally, permissive intervention requires: (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law or fact between the person's claim or defense and the main action.[6]

The State of Washington meets the criteria for permissive intervention. This court has jurisdiction over the class settlement. Washington raised its objections and filed its motion to intervene at the earliest practical time after learning that the private plaintiffs were seeking to settle the indirect purchaser claims of Washington's citizens. The Washington Attorney General seeks to intervene as the exclusive lawful representative of Washington indirect

---

[4] *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (quoting *United States v. Oregon,* 913 F.2d 576, 587 (9th Cir.1990). See also *Sagebrush Rebellion Inc. v. Watt*, 713 F.2d 525, 527 (9th Cir. 1983); *LG Electronics Inc. v. Q-lity Computer Inc.*, 211 F.R.D. 360, 366 (N.D. Cal. 2002).
[5] F.R.C.P. 24(b)(1)(B).
[6] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992).

STATE OF WASHINGTON
MOTION TO INTERVENE
No. CV-07-5944-SC  MDL No. 1917

3

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

purchasers in order to protect the indirect purchaser claims of its citizens, as intended by the state legislature.

### V. CONCLUSION

The State of Washington asks this Court to grant it leave to intervene in this action for the purpose of objecting to the proposed definition of the settlement class and to ensure that the rights of Washington citizens are adequately protected.

DATED April 27, 2011

ROBERT M. MCKENNA
Attorney General of the State of Washington

By: /s/ David M. Kerwin
David Kerwin (WSBA# 35162)
Washington State Attorney General
Antitrust Division
800 Fifth Avenue, MS TB14
Seattle, WA 98104
Telephone: (206) 464-7030
Facsimile: (206) 464-6338
davidk3@atg.wa.gov

Attorney for the State of Washington

STATE OF WASHINGTON
MOTION TO INTERVENE
No. CV-07-5944-SC  MDL No. 1917

4

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744