DAVID KERWIN (WSBA# 35162)
Washington State Attorney General
Antitrust Division
800 Fifth Avenue, MS TB14
Seattle, WA 98104
Telephone: (206) 464-7030
Facsimile: (206) 464-6338
davidk3@atg.wa.gov

Attorney for the State of Washington

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To All Actions | No. CV-07-5944-SC<br>MDL No. 1917<br><br>**DECLARATION OF DAVID KERWIN IN SUPPORT OF STATE OF WASHINGTON'S MOTION TO SHORTEN TIME**<br><br>Hearing Date: May 4, 2011<br>Time: 2:00 p.m.<br>JAMS: Two Embarcadero Center, Suite 1500<br>Judge: Honorable Charles A. Legge (Ret.) |

I, David Kerwin, declare as follows:

1. I am an Assistant Attorney General for Washington State. I make this declaration based upon my personal knowledge in this matter. I am over the age of 18 and am competent to testify to the contents of this declaration.

2. On April 26, 2011, I spoke with Mr. Paul Novak, counsel for the private indirect purchasers, and discussed stipulating to Washington State's motion to shorten time. We were unable to resolve the issue before filing.

Declaration of David Kerwin
No. CV-07-5944-SC   MDL No. 1917

1

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

3. On April 26, 2011, I spoke with Mr. Blake Harrop, Senior Assistant Attorney General for the state of Illinois, and Mr. Harrop relayed to me that he had spoken with Mr. Joel Sanders, counsel for Chunghwa, on behalf of both Illinois and Washington, and that Mr. Sanders stated that he had no objection to the motion to shorten time. There was not, however, time to reach a stipulated agreement before filing was necessary.

4. The reason for this request to shorten time is that Washington State believes that it is imperative, both in protecting the interests of Washington State citizens and for reasons of judicial efficiency, for the Court to consider the State's request for intervention prior to, or in conjunction with, the indirect purchaser plaintiffs' motion for preliminary approval.

5. I believe that substantial harm could occur if the Court were to consider the motion for preliminary approval without also considering Washington's motion to intervene, in that the rights and interests of Washington State citizens who might have claims in this matter as indirect purchasers, could be jeopardized.

6. The nature of the underlying dispute addressed by the motion to intervene is, in general terms, whether the private indirect purchaser plaintiffs should be allowed to settle and release claims on behalf of Washington State citizens, when the State contends that only the state Attorney General has authority to do so.

7. To my knowledge, there have been no previous time modifications in this case, at least not involving the state of Washington, and I have no reason to believe that granting a time modification will affect the schedule for this case.

Declaration of David Kerwin
No. CV-07-5944-SC  MDL No. 1917

2

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

DATED: April 27, 2011

/s/ David Kerwin
David Kerwin
Washington State Attorney General
Antitrust Division
800 Fifth Avenue, MS TB14
Seattle, WA 98104
(206) 464-7030 (Tel)
(206) 464-6338 (Fax)
davidk3@atg.wa.gov

Declaration of David Kerwin
No. CV-07-5944-SC   MDL No. 1917

3

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744