JOHN R. KROGER
Attorney General
TIM D. NORD  #882800
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 934-4400
Fax: (503) 378-5017
Email:  tim.d.nord@doj.state.or.us

Attorney for the State of Oregon

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to All Actions | Master File No. CV-07-5944-SC<br><br>MDL No. 1917<br><br>**STATE OF OREGON'S MOTIONS TO INTERVENE FOR A LIMITED PURPOSE AND SHORTEN TIME**<br><br>Date: May 4, 2011<br>Time: 2:00 p.m.<br>JAMS: Two Embarcadero Center, Suite 1500<br>Judge: Honorable Charles A. Legge (Ret.) |

<u>**NOTICE OF MOTIONS AND MOTIONS TO INTERVENE AND SHORTEN TIME**</u>

PLEASE TAKE NOTICE that on May 4, 2011 at 2:00 p.m., or as soon thereafter as the matter may be heard, the State of Oregon, by its Attorney General John Kroger (State of Oregon), will present this Motion at Two Embarcadero Center, Suite 1500, San Francisco, California, before the Honorable Charles A. Legge (Ret.).

Page 1 -    STATE OF OREGON'S MOTION TO INTERVENE FOR A LIMITED PURPOSE AND SHORTEN TIME
TDN/ab1/#2729078

## I.    **RELIEF SOUGHT.**

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, the State of Oregon moves to intervene in this case as of right or permissively for the limited purpose of asserting its exclusive authority to represent indirect purchasers pursuant to Oregon's Antitrust Act ORS 646.705 - .836.  The pending motion for preliminary approval of the class settlement with Chunghwa (Chunghwa Class Settlement Motion) does not sufficiently provide for this authority and appears to seek a release of damages claims from Oregon indirect purchasers.  The State of Oregon has been in discussions with class council regarding the settlement and possible solutions to this conflict.  No resolution has been reached and the states of Washington and Illinois have filed oppositions to the motion for preliminary approval.

In addition, the states of Washington and Illinois have moved to intervene and shorten time, set for May 4, 2011.  The state of Oregon requests that the court hear its Motion to Intervene in conjunction with these motions on May 4, 2001, or at a later date if they are reset.

## POINTS AND AUTHORITIES SUPPORTING MOTION

The Federal Rules of Civil Procedure allow an entity to intervene in pending litigation to protect its interests either as of right under Rule 24(a) or permissively under Rule 24(b).  The State of Oregon seeks to protect the interests of its citizens by intervening in this case under either provision of Rule 24 for the limited purpose of participating in the preliminary approval process to assure the authority of the Attorney General under Oregon law is not compromised nd possibly to object to the relief as currently proposed in the Chunghwa Class Settlement Motion.[1]

Page 2 -    STATE OF OREGON'S MOTION TO INTERVENE FOR A LIMITED PURPOSE AND
               SHORTEN TIME
TDN/ab1/#2729078

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 934-4400 / Fax: (503) 378-5017

I.      **FACTUAL BACKGROUND.**

The Attorney General for the State of Oregon has initiated an investigation to determine

if the defendants in this case violated Oregon's Antitrust Act, ORS §§ 646.725-.730, or other

laws of the State of Oregon, by engaging in price-fixing or other unlawful conduct.  Under

Oregon law, the Attorney General may bring an action for damages on behalf of Oregon

residents who were indirect purchasers of the products at issue in this case and who were injured

by one or more of the defendants' violations of Oregon antitrust law.  ORS § 646.775.

The Chunghwa Class Settlement Motion's proposed settlement class purports to release the

claims of Oregon indirect-purchasers.  Accordingly, the State of Oregon seeks to intervene in

this case for the limited purpose of appearing in this approval process of the Chunghwa

settlement class to protect the rights of Oregon natural persons.  The State of Oregon seeks to

intervene for the sole purpose of clarifying the terms of any potential preliminary approval order

and to protect Oregon's indirect-purchasers, the interests of whom currently are not represented

by any party to these proceedings.

II.     **ARGUMENT.**

    A.      **Intervention as of Right.**

The Ninth Circuit applies a four-part test in evaluating a motion for intervention as of

right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure:

    (1) the application for intervention must be timely;

    (2) the applicant must have a "significantly protectable" interest relating to the
    property or transaction that is the subject of the action;

---

[1]  Intervention for a limited purpose, which is protective of both judicial and litigant resources, is
not uncommon in this District.  See, e.g., Center for Biological Diversity v. Kempthorne, Case
No. C 08-1339 CW (Order dated May 12, 2008).

Page 3 -    STATE OF OREGON'S MOTION TO INTERVENE FOR A LIMITED PURPOSE AND
            SHORTEN TIME
            TDN/ab1/#2729078

(3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and

(4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit.

Berg, 268 F.3d at 817.  The test is applied "liberally in favor of potential intervenors," and the Court's analysis "is 'guided primarily by practical considerations,' not technical distinctions." Id. at 818 (citation omitted).

### B.   Permissive Intervention.

Compared with intervention as of right, a district court has broad discretion in deciding a motion for permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure.  See generally Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1108-09, 1110-11 (9th Cir. 2002).  As explained by Kootenai Tribe, if a motion for intervention is timely, a court may allow intervention under Rule 24(b) "when an applicant's claim or defense and the main action have a question of law or fact in common."  Id. at 1111 (quoting the Rule).  Thus, unlike intervention as of right, permissive intervention has no protectable interest requirement and "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation."  Id. at 1108 (citation omitted).

The State of Oregon satisfies all four criteria for intervention as of right and thus should be allowed to intervene pursuant to Rule 24(a).  Oregon's motion is timely.  "Timeliness is a flexible concept."  Dilks v. Aloha Airlines, 642 F.2d 1155, 1156 (9th Cir. 1981).  In determining whether a motion to intervene is timely, district courts in the Ninth Circuit typically weigh three factors: (1) the stage of the proceeding; (2) any prejudice to the other parties; and (3) the reason for and length of any delay.  County of Orange v. Air California, 799 F.2d 535, 537 (9th Cir.

Page 4 -   STATE OF OREGON'S MOTION TO INTERVENE FOR A LIMITED PURPOSE AND SHORTEN TIME
TDN/ab1/#2729078

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 934-4400 / Fax: (503) 378-5017

1986), cert. denied, 480 U.S. 946 (1987).  In the context of intervention for a limited purpose, however, the Ninth Circuit has stated that the typical three-part test does not apply.  Alaska v. Suburban Propane Gas Corp., 123 F.3d 1317, 1320 (9th Cir. 1997).  Rather, timeliness in this context is judged by the proximity of the motion to the event which triggered the desire to intervene.  Id. (holding that a motion to intervene for the limited purpose of appealing denial of class certification in antitrust case was timely where motion was filed within timeframe for appeal by original parties).  On the facts of this case, where the motion to intervene was filed after the State of Oregon became aware of the related objections and no resolution had been reached, the motion is timely.

In this case, the plaintiffs have moved the Court for preliminary approval of the Chunghwa Class Settlement based upon a settlement class that appears to encompass Oregon indirect-purchasers.  Oregon law provides the Attorney General exclusive authority for the State of Oregon to pursue damages, during the relevant period in question, on behalf of Oregon indirect-purchasers.  ORS § 646.775.  The State of Oregon thus desires to participate in this case for the limited purpose of protecting the significant interests of the Attorney General as the lawful representative and to protect claims of Oregon natural persons, thereby satisfying this requirement.

## III.    CONCLUSION.

The State of Oregon requests this Court grant the State of Oregon leave to participate in this case for the stated limited purpose.  The Oregon Attorney General should be allowed to represent the interests of its citizens so as to contribute to the full development of the issues put before the Court in the Chunghwa Class Settlement Motion and to ensure a just resolution of that motion.

Page 5 -    STATE OF OREGON'S MOTION TO INTERVENE FOR A LIMITED PURPOSE AND
            SHORTEN TIME
            TDN/ab1/#2729078

Finally, it is requested that this motion be heard along with the Illinois and Washington Motions to Intervene.

Dated this 28th day of April, 2011.

/s/ Tim D. Nord_____
Tim D. Nord OSB #882800
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Phone:  (503) 934-4400
Fax:  (503) 378-5017
Email:  tim.nord@doj.state.or.us

Page 6 -    STATE OF OREGON'S MOTION TO INTERVENE FOR A LIMITED PURPOSE AND
            SHORTEN TIME
TDN/ab1/#2729078

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April, 2011, I served the foregoing STATE OF OREGON'S MOTIONS TO INTERVENE FOR A LIMITED PURPOSE AND SHORTEN TIME, on the following:

|  |  |
|---|---|
|  |  |

by the following indicated method(s):

☐   by **mailing** a full, true and correct copy thereof in a sealed first-class postage prepaid envelope, addressed to the foregoing attorney at the last known office address of the attorney, and deposited with the United States Post Office at Portland, Oregon on the date set forth above.

☐   by causing a full, true and correct copy thereof to be **hand delivered** to the attorney at the last known address listed above on the date set forth above.

☐   by sending a full, true and correct copy thereof via **overnight mail** in a sealed, prepaid envelope, addressed to the attorney as shown above on the date set forth above.

☐   by **faxing** a full, true and correct copy thereof to the attorney at the fax number shown above, which is the last-known fax number for the attorney's office on the date set forth above.

☒   by transmitting full, true and correct copies thereof to the attorneys through the court's Cm/ECF system on the date set forth above.

/s/Tim D. Nord

TDN/ab1/#2729078

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 934-4400 / Fax: (503) 378-5017