1
Ronald C. Redcay  (SBN 67236)
E-Mail:  Ronald.Redcay@aporter.com
2
John D. Lombardo (SBN 187142)
E-Mail:  John.Lombardo@aporter.com
3
D. Eric Shapland (SBN 193853)
E-Mail:  Eric.Shapland@aporter.com
4
Nana Little (SBN 261969)
E-Mail:  Nana.Little@aporter.com
5
ARNOLD & PORTER LLP
777 South Figueroa Street, Forty-Fourth Floor
6
Los Angeles, California  90017-5844
Telephone:  213.243.4000
7
Facsimile:  213.243.4199

8
Beth H. Parker (SBN 104773)                     Samuel R. Miller (SBN 66871)
E-Mail:  Beth.Parker@aporter.com           E-Mail: srmiller@sidley.com
9
ARNOLD & PORTER LLP                          Marie L. Fiala (SBN 79676)
One Embarcadero Center                           E-Mail: mfiala@sidley.com
10
22nd Floor                                                 Ryan M. Sandrock (SBN 251781)
San Francisco, California  94111-3711       E-Mail: rsandrock@sidley.com
11
Telephone:  415.356.3000                          Robert B. Martin, III (SBN 235489)
Facsimile:  415.356.3099                           E-Mail: rbmartin@sidley.com
12
                                                                SIDLEY AUSTIN LLP
                                                                555 California Street, 20th Floor
13
                                                                San Francisco, California  94104
                                                                Telephone:     (415) 772-1200
14
                                                                Facsimile:      (415) 772-7400

15
Attorneys for Defendants LG Electronics, Inc.; LG
Electronics USA, Inc.; and LG Electronics Taiwan
16
Taipei Co., Ltd.

17
UNITED STATES DISTRICT COURT

18
NORTHERN DISTRICT OF CALIFORNIA

19
SAN FRANCISCO DIVISION

20
                                                    )     Case No.: 3:07-cv-5944 SC
                                                    )
21
IN RE CATHODE RAY TUBE (CRT)     )     MDL No. 1917
ANTITRUST LITIGATION                   )
22
                                                    )     **DECLARATION OF ERIC SHAPLAND IN**
                                                    )     **SUPPORT OF MOTION TO COMPEL**
23
This Document Relates To The Direct     )     **PLAINTIFFS TO PRODUCE**
Purchaser Action                                 )     **DISCOVERY**
24
                                                    )
                                                    )     Judge:  Hon. Samuel Conti
25
                                                    )
                                                    )     Special Master:  Hon. Charles A. Legge (Ret.)
26
_____ )

27

28
30694810v1

1    I, Eric Shapland, declare as follows:

2       1.      I am counsel at the law firm of Arnold & Porter LLP, counsel for defendants LG

3    Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Taiwan Taipei Co., Ltd. (the "LGE

4    Defendants").  I have personal and firsthand knowledge of the facts hereinafter set forth, and, if

5    called as a witness, I could and would competently testify thereto.

6       2.      On May 7, 2010, the LGE Defendants, Hitachi America, Ltd. ("Hitachi America"),

7    and Samsung SDI Co., Ltd. ("Samsung SDI") (collectively, the "Defendants") propounded written

8    discovery on the Direct Purchaser ("DP") Plaintiffs.  Specifically, the LGE Defendants served its

9    second set of document requests; Hitachi America served its first set of document requests and

10   interrogatories; and Samsung SDI served its first set of document requests on the DP Plaintiffs.

11   True and correct copies of the LGE Defendants' Second Set of Requests for Production, Hitachi

12   America's First Sets of Requests for Production and Interrogatories, and Samsung SDI's First Set of

13   Requests for Production, are attached hereto as Exhibits A, B, C, and D, respectively.

14      3.      On July 12, 2010, the Defendants received the DP Plaintiffs' responses to their

15   respective document requests and interrogatories.  In particular, the DP Plaintiffs asserted a

16   "downstream discovery" objection to all or part of the LGE Defendants' Request Nos. 5 through 14,

17   Hitachi America's Request Nos. 2 through 11 and Interrogatory Nos. 2 through 9, and Samsung

18   SDI's Request Nos. 12 through 15.  Specifically, the DP Plaintiffs objected that these particular

19   requests sought "downstream" information that was "irrelevant to the claims or defenses of any

20   party."  In addition, the DP Plaintiffs objected to the production of tax filings, sought by LGE

21   Defendants' Request No. 14, on the ground that they are privileged.  The DP Plaintiffs also asserted

22   a number of boilerplate and general objections.  True and correct copies of the DP Plaintiffs'

23   Responses to the LGE Defendants' Second Set of Requests for Production, Hitachi America's First

24   Sets of Requests for Production and Interrogatories, and Samsung SDI's First Set of Requests for

25   Production, are attached hereto as Exhibits E, F, G, and H, respectively.

26      4.      On August 2, 2010, I sent a letter to the DP Plaintiffs regarding the deficiencies in

27   the DP Plaintiffs' responses to the LGE Defendants' document requests.  I explained that the

28   information sought by the requests is relevant, because it may reveal the applicability of an

- 2 -

DECLARATION OF D. ERIC SHAPLAND IN SUPPORT OF MOTION TO COMPEL DIRECT PURCHASER
PLAINTIFFS TO PRODUCE DISCOVERY
Case No. 3:07-ca-5944 SC; MDL No. 1917

1    exception to the rule against pass-on defenses and is appropriate to explore damages and class

2    certification issues relevant to both the direct purchaser and indirect purchaser classes.  I also

3    explained that tax filings are not privileged and that any concerns about confidentiality may be

4    addressed by producing the filings with applicable confidentiality designations.  A true and correct

5    copy of the letter is attached hereto as Exhibit I.

6          5.      On August 3, 2010, Hitachi America sent a letter to the DP Plaintiffs regarding the

7    deficiencies in the DP Plaintiffs' responses to Hitachi America's document requests and

8    interrogatories, and explained the relevance of "downstream" data to determining, among other

9    things, whether the DP Plaintiffs meet class certification requirements and whether an exception to

10   the rule against pass-on defenses is applicable.  A true and correct copy of the letter is attached

11   hereto as Exhibit J.

12         6.      On September 7, 2010, the LGE Defendants and Hitachi America met and conferred

13   telephonically with the DP Plaintiffs.  Geoffrey Rushing and Cadio Zirpoli of Saveri & Saveri, Inc.

14   represented the DP Plaintiffs.  Diane Webb and Michelle Park Chiu of Morgan, Lewis & Bockius

15   LLP represented Hitachi America.  For the LGE Defendants, I was joined by Nana Little of Arnold

16   & Porter LLP.  During the meet and confer, we discussed the LGE Defendants' and Hitachi

17   America's discovery requests to which the DP Plaintiffs objected as seeking "downstream

18   discovery" or documents protected by a tax privilege, the relevance of the requests, and the DP

19   Plaintiffs' objections to each.  However, the parties were unable to resolve the dispute.

20         7.      On September 16, 2010, I sent a letter to the DP Plaintiffs to follow up on the

21   telephonic meet and confer and to propose a compromise regarding the "downstream discovery" in

22   order to address any claims of burden on the DP Plaintiffs while still allowing the Defendants to

23   conduct relevant discovery.  I also raised the fact that the DP Plaintiffs had objected to certain of

24   Samsung SDI's discovery requests on the same "downstream" grounds, and proposed including that

25   discovery within the scope of the meet and confer.  A true and correct copy of the letter is attached

26   hereto as Exhibit K.

27         8.      The Defendants and the DP Plaintiffs participated in a second telephonic meet and

28   confer on September 21, 2010.  Messrs. Rushing and Zirpoli represented the DP Plaintiffs.  Ms.

- 3 -

1    Chiu represented Hitachi America.  I represented the LGE Defendants.  Dylan Ballard represented

2    Samsung SDI.

3         9.       On September 24, 2010, the Defendants received a letter from the DP Plaintiffs.  In

4    that letter, the DP Plaintiffs rejected the compromise proposed by the Defendants and, instead,

5    stated that they would be willing to respond only to one interrogatory regarding whether the DP

6    Plaintiffs had any cost-plus contracts for the resale of CRTs and CRT products.  A true and correct

7    copy of the letter is attached hereto as Exhibit L.

8         I declare under the penalty of perjury under the laws of the United States of America and the

9    State of California that the foregoing is true and correct.

10        Executed this 28th day of April, 2011, in Los Angeles, California.

11

12                                          /s/ Eric Shapland
                                            Eric Shapland
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF D. ERIC SHAPLAND IN SUPPORT OF MOTION TO COMPEL DIRECT PURCHASER
PLAINTIFFS TO PRODUCE DISCOVERY
Case No. 3:07-ca-5944 SC; MDL No. 1917