# EXHIBIT A

1   Samuel R. Miller (SBN 66871)
    srmiller@sidley.com
2   Marie L. Fiala (SBN 79676)
    mfiala@sidley.com
3   Ryan M. Sandrock (SBN 251781)
    rsandrock@sidley.com
4   Robert B. Martin, III (SBN 235489)
    rbmartin@sidley.com
5   SIDLEY AUSTIN LLP
    555 California Street, 20th Floor
6   San Francisco, California  94104
    Telephone:        (415) 772-1200
7   Facsimile:        (415) 772-7400

8   Ronald C. Redcay (SBN 67236)
    ronald_redcay@aporter.com
9   ARNOLD & PORTER
    777 S Figueroa St 44FL
10  Los Angeles, CA 90017-5844
    Telephone:        (213) 243-4000
11  Facsimile:        (213) 243-4199

12  Attorneys For Defendants
    LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; and
13  LG ELECTRONICS TAIWAN TAIPEI CO., LTD.

14                    UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16                       SAN FRANCISCO DIVISION

17  IN RE:  CATHODE RAY TUBE (CRT)      )   Case No.: 3:07-cv-5944 SC
18  ANTITRUST LITIGATION                )
                                        )   MDL No. 1917
19  _____     )
                                        )   LGE'S SECOND SET OF REQUESTS FOR
20  This Document Relates To:           )   PRODUCTION OF DOCUMENTS TO
                                        )   DIRECT PURCHASER PLAINTIFFS
21  DIRECT PURCHASER ACTIONS            )
                                        )
22                                      )
                                        )
23                                      )
                                        )
24  _____     )

25        PROPOUNDING PARTY:       LG ELECTRONICS, INC.; LG ELECTRONICS
                                   USA, INC.; and LG ELECTRONICS TAIWAN
26                                 TAIPEI CO., LTD

27        RESPONDING PARTY:        DIRECT PURCHASER PLAINTIFFS

28        SET NO.:                 TWO

---

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant LG

2   ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; and LG ELECTRONICS TAIWAN

3   TAIPEI CO., LTD., hereby requests that each of the Responding Parties named above produce for

4   inspection and copying each of the documents and other things described below at Sidley Austin,

5   LLP, attention Ryan Sandrock, 555 California Street, Suite 2000, San Francisco, CA 94104, within

6   thirty (30) days after the date of the service hereof (by June 7, 2010).

7                                    **I.**

8                     **DEFINITIONS AND INSTRUCTIONS**

9         1.     "YOU" and "YOUR" means the Plaintiff responding to these requests, its

10   direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, predecessors,

11   successors, and assigns, the present and former officers, directors, employees, attorneys, agents, and

12   representatives of any of the above, and each person acting or purporting to act on  behalf.

13        2.     "DOCUMENTS" is used in the broadest possible sense as interpreted under

14   the Federal Rules of Civil Procedure and shall include, without limitation, any kind of written,

15   typewritten, or printed material whatsoever, and any computer hard drive or computer readable

16   media, including, without limitation, papers, agreements, contracts, notes, memoranda,

17   presentations, presentation materials, COMMUNICATIONS, letters, telegrams, messages sent to or

18   received from a wireless device, electronic mail, statements, invoices, personal diaries, records,

19   books, maps, blueprints, forms, transcriptions, CDs, DVDs, floppy discs, magnetic tapes, recordings,

20   translations to any language, printed cards, programming instructions, assembly diagrams, schematic

21   diagrams, and manuals either in YOUR possession or custody or under YOUR control, and shall

22   include, without limitation, originals, file copies, and other copies, no matter how or by whom

23   prepared, and all drafts prepared in connection with any such writings, whether used or not,

24   regardless of whether the DOCUMENT still exists, and regardless of who has maintained custody of

25   such DOCUMENTS.

26        3.     "COMMUNICATIONS" means any and all written, oral, telephonic, or other

27   utterances of any nature whatsoever, shared, shown, and/or transferred between and/or among any

28

1   PERSON(S), including, but not limited to, any statements, inquiries, discussions, conversations,

2   dialogues, correspondence, consultations, negotiations, agreements, understandings, meetings,

3   letters, emails, faxes, notations, telegrams, advertisements, interviews and all other DOCUMENTS

4   as herein defined.

5         4.     "COMPLAINT" means the Direct Purchaser Plaintiffs' Consolidated

6   Amended Complaint filed in the above-captioned action.

7         5.     "CRT(s)" refers to cathode ray tubes and "CRT PRODUCT(s)" refers to

8   products containing cathode ray tubes.

9         6.     "DEFENDANTS" means the entities enumerated by paragraphs 24 through 80

10  of the COMPLAINT.

11        7.     "PERSON" means any individual or group of individuals, corporation,

12  partnership, association, governmental entity, department, commission, bureau or any other kind of

13  legal or business entity.

14        8.     When referring to a PERSON, "IDENTITY" or "IDENTIFY" means, to the

15  extent known, the person's full name, present or last known address, and when referring to a natural

16  person, additionally, the present or last known place of employment.  Once a person has been

17  identified in accordance with this subparagraph, only the name of the person need be listed in

18  response to subsequent discovery requesting the identification of that person.

19        9.     When referring to a DOCUMENT, "IDENTITY" or "IDENTIFY" means, to

20  the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document;

21  and (iv) author(s), addressee(s) and recipient(s).

22        10.    "RELEVANT PERIOD" means the Class Period alleged in paragraph 1 of the

23  COMPLAINT, i.e. March 1, 1995 to November 25, 2007.

24        11.    YOU are required to produce all documents in the manner, form and position

25  in which they are kept in the ordinary course of business, as required by the Federal Rules of Civil

26  Procedure, including, where applicable, any index tabs, file dividers, designations, or other

27  information as to the location of the documents.

28

1          12.     If YOU cannot respond to a request for production fully, after a diligent

2  attempt to obtain the requested information, YOU must answer the request to the extent possible,

3  specify the portion of the request YOU are unable to answer, and provide whatever information

4  YOU have regarding the answered portion.

5          13.     In the event that any requested document has been destroyed, lost, discarded

6  or is otherwise no longer in YOUR possession, custody, or control, YOU shall identify the document

7  as completely as possible and specify the document's disposal date, disposal manner, disposal

8  reason, the person who authorized the disposal, and the person who disposed of the document.

9          14.     In the event any information is withheld on a claim of attorney-client-

10  privilege, work-product doctrine, or any other applicable privilege, YOU shall provide a privilege

11  log that includes at least the following information: the nature of the information contained in the

12  withheld document, the document date, source, and subject matter, the author(s) and recipient(s),

13  such as would enable the privilege claim to be adjudicated, and any authority that YOU asserts

14  supports any claim of privilege.

15          15.     The word "any" shall be construed to include "all" and vice versa.

16

**II.**

17

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

18

**Request for Production of Documents No. 5:**

19          All audited or un-audited annual or periodic financial statements, financial reports,

20  and balance sheets RELATING TO the RELEVANT PERIOD for YOU and each of YOUR

21  affiliated business entities, units, or divisions that acquired, sold, used, manufactured, distributed, or

22  supplied CRTs or CRT PRODUCTS.

23  **Request for Production of Documents No. 6:**

24          All DOCUMENTS RELATING TO YOUR monthly and yearly revenue, costs, and

25  profits from all CRTs YOU sold, used, manufactured, distributed, or supplied.

26  **Request for Production of Documents No. 7:**

27          All DOCUMENTS RELATING TO YOUR monthly and yearly revenue, costs, and

28

4

1    profits from all CRT PRODUCTS YOU sold, used, manufactured, distributed, or supplied.

2    **Request for Production of Documents No. 8:**

3         All DOCUMENTS RELATING TO the effect on YOUR profits or losses, if any, of

4    prices for CRTs during the RELEVANT PERIOD.

5    **Request for Production of Documents No. 9:**

6         All DOCUMENTS RELATING TO the effect on YOUR profits or losses, if any, of

7    prices for CRT PRODUCTS during the RELEVANT PERIOD.

8    **Request for Production of Documents No. 10:**

9         All DOCUMENTS concerning the effect, if any, of the price changes of CRTs or any

10   of their components on the profit or loss you anticipated.

11   **Request for Production of Documents No. 11:**

12        All DOCUMENTS concerning the effect, if any, of the price changes of CRT

13   PRODUCTS or any of their components on the profit or loss you anticipated.

14   **Request for Production of Documents No. 12:**

15        All DOCUMENTS RELATING TO any cost-cutting or cost-saving measures YOU

16   considered or implemented RELATING TO any CRTs manufactured, sold, or distributed by YOU

17   during the RELEVANT PERIOD.

18   **Request for Production of Documents No. 13:**

19        All DOCUMENTS RELATING TO any cost-cutting or cost-saving measures YOU

20   considered or implemented RELATING TO any CRT PRODUCTS manufactured, sold, or

21   distributed by YOU during the RELEVANT PERIOD.

22   **Request for Production of Documents No. 14:**

23        All of YOUR federal, state, and local tax filings RELATING TO the RELEVANT

24   PERIOD.

25

26

27

28

1    Dated: _____, 2010                          SIDLEY AUSTIN LLP

2

3

4                                                  By: _____
                                                       Samuel R. Miller
5                                                      Attorneys For Defendants
                                                       LG ELECTRONICS, INC.; LG
6                                                      ELECTRONICS USA, INC.; and
                                                       LG ELECTRONICS TAIWAN TAIPEI CO.,
7                                                      LTD.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LGE'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DIRECT PURCHASER PLAINTIFFS**
SF1 1509117v.1
MDL No. 1917

**PROOF OF SERVICE**

STATE OF CALIFORNIA                    )
                                       ) SS
COUNTY OF SAN FRANCISCO                )


I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 California Street, San Francisco, California 94104.

On May 7, 2010, I served the foregoing document(s) described as **LGE'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DIRECT PURCHASER PLAINTIFFS** on all interested parties in this action as follows (or as on the attached service list):

☑    (HAND DELIVERY) I caused the document(s) to be delivered by hand by a courier service to the addressee(s) shown above unless otherwise noted.

☑    (E-MAIL) I caused the document(s) to be delivered by e-mail to each interested party as shown above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 7, 2010, at San Francisco, California.

_____
Hazel Ebalo-Gillespie

1

## SERVICE LIST

2

3

4

5    Guido Saveri                          Interim Lead Counsel for the Direct Purchaser
     Cadio Zirpoli                         Plaintiffs
6    Geoffrey Rushing
     **SAVERI & SAVERI, INC.**            **BY HAND SERVICE AND EMAIL**
7    706 Sansome Street
     San Francisco, CA 94111-1730
8    Phone: 415-217-8610
9    Fax: 415-217-6813
     guido@saveri.com
10   zirpoli@saveri.com
     grushing@saveri.com
11

12   Mario N. Alioto                       Interim Lead Counsel for the Indirect Purchaser
     Lauren C. Russell                     Plaintiffs
13   **TRUMP, ALIOTO, TRUMP & PRESCOTT,**
14   **LLP**                               **BY HAND SERVICE AND EMAIL**
     2280 Union Street
15   San Francisco, CA 94123
     Phone: 415-563-7200
16   Fax: 415-346-0679
     malioto@tatp.com
17   laurenrussell@tatp.com
18

19   ALL DEFENSE COUNSEL                   BY EMAIL

20

21

22

23

24

25

26

27

28

SF1 1570913v.1

8

12

# EXHIBIT B

KENT M. ROGER, State Bar No. 95987
DIANE L. WEBB, State Bar No. 197851
MICHELLE PARK CHIU, State Bar No. 248421
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, California 94105-1126
Telephone:    415.442.1000
Facsimile:    415.442.1001
E-mail:   kroger@morganlewis.com
              dwebb@morganlewis.com
              mchiu@morganlewis.com

Attorneys for Defendant
HITACHI AMERICA, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. C07-5944 SC |
| | **MDL NO. 1917** |
| | Judge: Hon. Samuel Conti |
| | Special Master: Hon. Charles A. Legge (Ret.) |
| This Document Relates To: DIRECT PURCHASER ACTION | **DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DIRECT PURCHASER PLAINTIFFS** |

PROPOUNDING PARTY:    HITACHI AMERICA, LTD.

RESPONDING PARTY:     DIRECT PURCHASER PLAINTIFFS

SET NUMBER:           ONE (1-11)

    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Hitachi America,

Ltd. ("Defendant") hereby requests that the direct purchaser plaintiffs ("Direct Purchaser

Plaintiffs") in the above-captioned action respond to the following first set of document requests

("Document Requests").  Direct Purchaser Plaintiffs are directed to serve the requested

documents for inspection and copying in conformance with the above-cited rules at the offices of

-1-                                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DIRECT PURCHASER PLAINTIFFS

1   MORGAN, LEWIS & BOCKIUS LLP, Attn. Diane L. Webb, One Market, Spear Street Tower,

2   San Francisco, CA 94105 (or at such other place as may be agreed upon by the parties) within

3   thirty (30) days after the date of service hereof, and, in any event, no later than June 7, 2010.

4   **DEFINITIONS AND INSTRUCTIONS**

5       1.      "YOU" and "YOUR" means Direct Purchaser Plaintiffs responding to these

6   requests, their direct and indirect parents, predecessors in interest, affiliates, subsidiaries,

7   divisions, predecessors, successors, and assigns, the present and former officers, directors,

8   employees, attorneys, agents, and representatives of any of the above, and each person acting or

9   purporting to act on their behalf.

10      2.      "DOCUMENTS" is used in the broadest possible sense as interpreted under the

11  Federal Rules of Civil Procedure and shall include, without limitation, any kind of written,

12  typewritten, or printed material whatsoever, and any computer hard drive or computer readable

13  media, including, without limitation, papers, agreements, contracts, notes, memoranda,

14  presentations, presentation materials, COMMUNICATIONS, letters, telegrams, messages sent to

15  or received from a wireless device, electronic mail, statements, invoices, personal diaries, records,

16  books, maps, blueprints, forms, transcriptions, CDs, DVDs, floppy discs, magnetic tapes,

17  recordings, translations to any language, printed cards, programming instructions, assembly

18  diagrams, schematic diagrams, and manuals either in YOUR possession or custody or under

19  YOUR control, and shall include, without limitation, originals, file copies, and other copies, no

20  matter how or by whom prepared, and all drafts prepared in connection with any such writings,

21  whether used or not, regardless of whether the DOCUMENT still exists, and regardless of who

22  has maintained custody of such DOCUMENTS.

23      3.      "COMMUNICATIONS" means any and all written, oral, telephonic, or other

24  utterances of any nature whatsoever, shared, shown, and/or transferred between and/or among any

25  PERSON(S), including, but not limited to, any statements, inquiries, discussions, conversations,

26  dialogues, correspondence, consultations, negotiations, agreements, understandings, meetings,

27  letters, emails, faxes, notations, telegrams, advertisements, interviews and all other

28  DOCUMENTS as herein defined.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21705543.1                                   -2-                                    MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DIRECT PURCHASER PLAINTIFFS

14

1    4.    "INTERROGATORIES" refers to the interrogatories enumerated in Hitachi

2    America, Ltd.'s First Set of Interrogatories to Direct Purchaser Plaintiffs, served concurrently

3    herewith.

4    5.    "COMPLAINT" means the Direct Purchaser Plaintiffs' Consolidated Amended

5    Complaint filed in the above-captioned action.

6    6.    "CRT(s)" refers to cathode ray tubes and "CRT PRODUCT(s)" refers to products

7    containing cathode ray tubes, as defined in Paragraph 1 of the COMPLAINT.

8    7.    "DEFENDANTS" means the entities enumerated by paragraphs 24 through 80 of

9    the COMPLAINT.

10    8.    "PERSON" means any individual or group of individuals, corporation,

11    partnership, association, governmental entity, department, commission, bureau or any other kind

12    of legal or business entity.

13    9.    When referring to a PERSON, "IDENTITY" or "IDENTIFY" means, to the extent

14    known, the person's full name, present or last known address, and when referring to a natural

15    person, additionally, the present or last known place of employment.  Once a person has been

16    identified in accordance with this subparagraph, only the name of the person need be listed in

17    response to subsequent discovery requesting the identification of that person.

18    10.    When referring to a DOCUMENT, "IDENTITY" or "IDENTIFY" means, to the

19    extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and

20    (iv) author(s), addressee(s) and recipient(s).

21    11.    "RELEVANT PERIOD" means the Class Period alleged in paragraph 1 of the

22    COMPLAINT, *i.e.*, March 1, 1995 to November 25, 2007.

23    12.    YOU are required to produce all documents in the manner, form and position in

24    which they are kept in the ordinary course of business, as required by the Federal Rules of Civil

25    Procedure, including, where applicable, any index tabs, file dividers, designations, or other

26    information as to the location of the documents.

27    13.    If YOU cannot respond to a request for production fully, after a diligent attempt to

28    obtain the requested information, YOU must answer the request to the extent possible, specify the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21705543.1                    -3-                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DIRECT PURCHASER PLAINTIFFS

15

1   portion of the request YOU are unable to answer, and provide whatever information YOU have

2   regarding the answered portion.

3       14.     In the event that any requested document has been destroyed, lost, discarded or is

4   otherwise no longer in YOUR possession, custody, or control, YOU shall identify the document

5   as completely as possible and specify the document's disposal date, disposal manner, disposal

6   reason, the person who authorized the disposal, and the person who disposed of the document.

7       15.     In the event any information is withheld on a claim of attorney-client-privilege,

8   work-product doctrine, or any other applicable privilege, YOU shall provide a privilege log that

9   includes at least the following information: the nature of the information contained in the

10   withheld document, the document date, source, and subject matter, the author(s) and recipient(s),

11   such as would enable the privilege claim to be adjudicated, and any authority that YOU asserts

12   supports any claim of privilege.

13      16.     The word "any" shall be construed to include "all" and vice versa.

14                      **REQUESTS FOR PRODUCTION**

15   **REQUEST NO. 1:**

16      All DOCUMENTS YOU IDENTIFIED or were requested to IDENTIFY in

17   response to the INTERROGATORIES served herewith.

18   **REQUEST NO. 2:**

19      All DOCUMENTS RELATING TO any sale by YOU of any CRT during the

20   RELEVANT PERIOD, including without limitation (a) copies of all receipts, invoices, purchase

21   orders, or other similar documents evidencing each sale; (b) all manuals, installation guides,

22   servicing guides, warranty booklets or other documentation accompanying each sold CRT; (c) all

23   contracts, agreements, or memoranda of understanding relating to YOUR sale of each CRT; and

24   (d) all documents evidencing the type, price, manufacturer, and costs of any CRT YOU sold.

25   **REQUEST NO. 3:**

26      All DOCUMENTS RELATING TO any sale by YOU of any CRT PRODUCT

27   during the RELEVANT PERIOD, including without limitation (a) copies of all receipts, invoices,

28   purchase orders, or other similar documents evidencing each sale; (b) all manuals, installation

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21705543.1                    -4-                        MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DIRECT PURCHASER PLAINTIFFS

16

1    guides, servicing guides, warranty booklets or other documentation accompanying each sold CRT

2    PRODUCT; (c) all contracts, agreements, or memoranda of understanding relating to YOUR sale

3    of each CRT PRODUCT; and (d) all documents evidencing the type, price, manufacturer, and

4    costs of any CRT PRODUCT YOU sold.

5    **REQUEST NO. 4:**

6           All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and

7    any other PERSON RELATING TO any actual or potential sale by YOU of CRTs during the

8    RELEVANT PERIOD.

9    **REQUEST NO. 5:**

10          All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and

11   any other PERSON RELATING TO any actual or potential sale by YOU of CRT PRODUCTS

12   during the RELEVANT PERIOD.

13   **REQUEST NO. 6:**

14          All documents concerning YOUR corporate policies, practices, and procedures,

15   whether formal or informal, for making decisions concerning the acquisition or sale of CRTs

16   including, but not limited to, the factors considered and purchasing methods or procedures YOU

17   currently use or may have used at any time during the RELEVANT PERIOD and all purchasing

18   manuals or purchasing procedures concerning the acquisition or sale of CRTs in effect at any time

19   during the RELEVANT PERIOD.

20   **REQUEST NO. 7:**

21          All documents concerning YOUR corporate policies, practices, and procedures,

22   whether formal or informal, for making decisions concerning the acquisition or sale of CRT

23   PRODUCTS including, but not limited to, the factors considered and purchasing methods or

24   procedures YOU currently use or may have used at any time during the RELEVANT PERIOD

25   and all purchasing manuals or purchasing procedures concerning the acquisition or sale of CRT

26   PRODUCTS in effect at any time during the RELEVANT PERIOD.

27   **REQUEST NO. 8:**

28          DOCUMENTS REGARDING YOUR competition for the sale of CRTs during the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21705543.1                                    -5-                                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DIRECT PURCHASER PLAINTIFFS

17

1   RELEVANT TIME PERIOD.

2   **REQUEST NO. 9:**

3           DOCUMENTS REGARDING YOUR competition for the sale of CRT

4   PRODUCTS during the RELEVANT TIME PERIOD.

5   **REQUEST NO. 10:**

6           All DOCUMENTS concerning any products that are marketed or sold as

7   substitutes for any CRT that YOU acquired, sold, or were distributed by YOU.

8   **REQUEST NO. 11:**

9           All DOCUMENTS concerning any products that are marketed or sold as

10  substitutes for any CRT PRODUCT that YOU acquired, sold, or were distributed by YOU.

11

12  Dated: May 7, 2010                          MORGAN, LEWIS & BOCKIUS LLP

13

14                                              By _____

15                                              Diane L. Webb
                                                Attorneys for Defendant
16                                              HITACHI AMERICA, LTD.

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21705543.1                          -6-                          MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DIRECT PURCHASER PLAINTIFFS

18

## PROOF OF SERVICE

  I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is One Market, Spear Street Tower, San Francisco, California  94105-1126.

  On May 7, 2010, I served the within document(s):

**DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DIRECT PURCHASER PLAINTIFFS**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☒ by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

☒ by transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below.

### SEE ATTACHED SERVICE LIST

  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

  Executed on May 7, 2010, at San Francisco, California.

  I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

_____
Constance J. Ericson

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21707852.1

PROOF OF SERVICE

19

**SERVICE LIST**
**IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**
United States District Court, Case No. C 07-5944 SC; MDL No. 1917

| SERVICE ADDRESS | REPRESENTING | METHOD OF SERVICE |
|---|---|---|
| Guido Saveri, Esq.<br>Cadio Zirpoli, Esq.<br>Saveri & Saveri<br>706 Sansome Street<br>San Francisco, CA 94111-1730<br>Phone: 415-217-8610<br>Fax: 415-217-6813<br>guido@saveri.com<br>zirpoli@saveri.com | *Interim Lead Counsel for Direct Purchaser Plaintiffs* | *Hand Service and Electronic Mail* |
| Bruce L. Simon, Esq.<br>Pearson Simon Warshaw Penny LLP<br>44 Montgomery Street, Suite 2450<br>San Francisco, CA 94104<br>bsimon@pswlaw.com | *Attorney for Direct Purchaser Plaintiffs* | *Electronic Mail* |

ALL DEFENSE COUNSEL BY ELECTRONIC MAIL

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21707946.1

1
SERVICE LIST

20

# EXHIBIT C

1   KENT M. ROGER, State Bar No. 95987
    DIANE L. WEBB, State Bar No. 197851
2   MICHELLE PARK CHIU, State Bar No. 248421
    MORGAN, LEWIS & BOCKIUS LLP
3   One Market, Spear Street Tower
    San Francisco, California 94105-1126
4   Telephone:   415.442.1000
    Facsimile:   415.442.1001
5   E-mail:   kroger@morganlewis.com
              dwebb@morganlewis.com
6             mchiu@morganlewis.com

7   Attorneys for Defendant
    HITACHI AMERICA, LTD.
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                       SAN FRANCISCO DIVISION

12

13   IN RE CATHODE RAY TUBE (CRT)          Case No. C07-5944 SC
     ANTITRUST LITIGATION
14                                         **MDL NO. 1917**

15                                         Judge: Hon. Samuel Conti

16                                         Special Master: Hon. Charles A. Legge (Ret.)

17   _____     **DEFENDANT HITACHI AMERICA,
                                           LTD.'S FIRST SET OF**
18   This Document Relates To:             **INTERROGATORIES TO DIRECT
                                           PURCHASER PLAINTIFFS**
     DIRECT PURCHASER ACTION
19

20   PROPOUNDING PARTY:    HITACHI AMERICA, LTD.

21   RESPONDING PARTY:     DIRECT PURCHASER PLAINTIFFS

22   SET NUMBER:           ONE (1-13)

23        Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Hitachi America,

24   Ltd. ("Defendant") hereby requests that the direct purchaser plaintiffs ("Direct Purchaser

25   Plaintiffs") in the above-captioned action respond to the following first set of interrogatories (the

26   "Interrogatories").  Direct Purchaser Plaintiffs are directed to serve their verified answers in

27   conformance with the above-cited rules at the offices of MORGAN, LEWIS & BOCKIUS LLP,

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21705537.1                          -1-                          MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES TO DIRECT
                              PURCHASER PLAINTIFFS

21

1   Attn. Diane L. Webb, One Market, Spear Street Tower, San Francisco, CA 94105 (or at such

2   other place as may be agreed upon by the parties) within thirty (30) days after the date of the

3   service hereof, and, in any event, no later than June 7, 2010.

4                           **DEFINITIONS AND INSTRUCTIONS**

5        1.      "YOU" and "YOUR" means Direct Purchaser Plaintiffs responding to these

6   interrogatories, their direct and indirect parents, predecessors in interest, affiliates, subsidiaries,

7   divisions, predecessors, successors, and assigns, the present and former officers, directors,

8   employees, attorneys, agents, and representatives of any of the above, and each person acting or

9   purporting to act on their behalf.

10       2.      "DOCUMENTS" is used in the broadest possible sense as interpreted under the

11  Federal Rules of Civil Procedure and shall include, without limitation, any kind of written,

12  typewritten, or printed material whatsoever, and any computer hard drive or computer readable

13  media, including, without limitation, papers, agreements, contracts, notes, memoranda,

14  presentations, presentation materials, COMMUNICATIONS, letters, telegrams, messages sent to

15  or received from a wireless device, electronic mail, statements, invoices, personal diaries, records,

16  books, maps, blueprints, forms, transcriptions, CDs, DVDs, floppy discs, magnetic tapes,

17  recordings, translations to any language, printed cards, programming instructions, assembly

18  diagrams, schematic diagrams, and manuals either in YOUR possession or custody or under

19  YOUR control, and shall include, without limitation, originals, file copies, and other copies, no

20  matter how or by whom prepared, and all drafts prepared in connection with any such writings,

21  whether used or not, regardless of whether the DOCUMENT still exists, and regardless of who

22  has maintained custody of such DOCUMENTS.

23       3.      "COMMUNICATIONS" means any and all written, oral, telephonic, or other

24  utterances of any nature whatsoever, shared, shown, and/or transferred between and/or among any

25  PERSON(S), including, but not limited to, any statements, inquiries, discussions, conversations,

26  dialogues, correspondence, consultations, negotiations, agreements, understandings, meetings,

27  letters, emails, faxes, notations, telegrams, advertisements, interviews and all other

28  DOCUMENTS as herein defined.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21705537.1                              -2-                          MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES TO DIRECT
PURCHASER PLAINTIFFS

22

1        4.      "COMPLAINT" means the Direct Purchaser Plaintiffs' Consolidated Amended

2   Complaint filed in the above-captioned action.

3        5.      "CRT(s)" refers to cathode ray tubes and "CRT PRODUCT(s)" refers to products

4   containing cathode ray tubes, as defined in Paragraph 1 of the COMPLAINT.

5        6.      "DEFENDANTS" means the entities enumerated by paragraphs 24 through 80 of

6   the COMPLAINT.

7        7.      "PERSON" means any individual or group of individuals, corporation,

8   partnership, association, governmental entity, department, commission, bureau or any other kind

9   of legal or business entity.

10        8.      When referring to a PERSON, "IDENTITY" or "IDENTIFY" means, to the extent

11   known, the person's full name, present or last known address, and when referring to a natural

12   person, additionally, the present or last known place of employment.  Once a person has been

13   identified in accordance with this subparagraph, only the name of the person need be listed in

14   response to subsequent discovery requesting the identification of that person.

15        9.      When referring to a DOCUMENT, "IDENTITY" or "IDENTIFY" means, to the

16   extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and

17   (iv) author(s), addressee(s) and recipient(s).

18        10.     "RELEVANT PERIOD" means the Class Period alleged in paragraph 1 of the

19   COMPLAINT, *i.e.*, March 1, 1995 to November 25, 2007.

20        11.     The words "and" and "or" shall be construed in the conjunctive or disjunctive,

21   whichever makes the requests more inclusive.

22        12.     All nouns in the singular or plural shall be construed in the singular or plural,

23   whichever makes the requests more inclusive.

24        13.     The use of the past tense of any verb shall include the present tense and vice versa.

25        14.     The word "any" shall be construed to include "all" and vice versa.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21705537.1           -3-           MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES TO DIRECT
PURCHASER PLAINTIFFS

23

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**INTERROGATORY NO. 2:**

Separately identify each CRT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**INTERROGATORY NO. 3:**

Separately identify each CRT PRODUCT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT PRODUCT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**INTERROGATORY NO. 4:**

For each sale of a CRT identified in Interrogatory No. 2, state all terms and conditions that were a part of the sale, including without limitation all terms and conditions RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any PERSON in connection with the sale.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**INTERROGATORY NO. 5:**

For each sale of a CRT PRODUCT identified in Interrogatory No. 3, state all terms and conditions that were a part of the sale, including without limitation all terms and

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21705537.1                    -4-                    MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES TO DIRECT PURCHASER PLAINTIFFS

24

1  conditions RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by

2  any PERSON in connection with the sale.

3          As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend

4  supports YOUR response.

5  **INTERROGATORY NO. 6:**

6          Separately for each DEFENDANT and "co-conspirator" alleged in the

7  COMPLAINT, including without limitation their subsidiaries and affiliates, state for each

8  calendar year of the RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of

9  CRTs YOU acquired or sold.

10          As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend

11  supports YOUR response.

12  **INTERROGATORY NO. 7:**

13          Separately for each DEFENDANT and "co-conspirator" alleged in the

14  COMPLAINT, including without limitation their subsidiaries and affiliates, state for each

15  calendar year of the RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of

16  CRT PRODUCTS YOU acquired or sold.

17          As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend

18  supports YOUR response.

19  **INTERROGATORY NO. 8:**

20          IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING

21  TO the terms and conditions for each of YOUR acquisitions or sales of CRTs during the

22  RELEVANT PERIOD.

23  **INTERROGATORY NO. 9:**

24          IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING

25  TO the terms and conditions for each of YOUR acquisitions or sales of CRT PRODUCTS during

26  the RELEVANT PERIOD.

27  **INTERROGATORY NO. 10:**

28          IDENTIFY YOUR product specifications for each acquisition or potential

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21705537.1                           -5-                              MDL 1917

DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES TO DIRECT
PURCHASER PLAINTIFFS

1    acquisition of CRTs during the RELEVANT PERIOD, including without limitation all

2    PERSONS with knowledge of those specifications.

3    **INTERROGATORY NO. 11:**

4          IDENTIFY YOUR product specifications for each acquisition or potential

5    acquisition of CRT PRODUCTS during the RELEVANT PERIOD, including without limitation

6    all PERSONS with knowledge of those specifications.

7    **INTERROGATORY NO. 12:**

8          Separately, with respect to each CRT that YOU acquired during the RELEVANT

9    PERIOD, state the total dollar amount by which YOU allege YOU were overcharged as a result

10    of the allegations in the Complaint.

11          As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend

12    supports YOUR response.

13    **INTERROGATORY NO. 13:**

14          Separately, with respect to each CRT PRODUCT that YOU acquired during the

15    RELEVANT PERIOD, state the total dollar amount by which YOU allege YOU were

16    overcharged as a result of the allegations in the Complaint.

17          As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend

18    supports YOUR response.

19

20    Dated: May 7, 2010                 MORGAN, LEWIS & BOCKIUS LLP

21

22                     By

23                       Diane L. Webb

                        Attorneys for Defendant

24                       HITACHI AMERICA, LTD.

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21705537.1         -6-         MDL 1917
DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES TO DIRECT
PURCHASER PLAINTIFFS

26

**PROOF OF SERVICE**

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is One Market, Spear Street Tower, San Francisco, California  94105-1126.

On May 7, 2010, I served the within document(s):

**DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES TO DIRECT PURCHASER PLAINTIFFS**

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☒    by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

☒    by transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below.

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on May 7, 2010, at San Francisco, California.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

_____
Constance J. Ericson

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21586945.1

PROOF OF SERVICE

27

**SERVICE LIST**
**IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**
United States District Court, Case No. C 07-5944 SC; MDL No. 1917

| SERVICE ADDRESS | REPRESENTING | METHOD OF SERVICE |
|---|---|---|
| Guido Saveri, Esq.<br>Cadio Zirpoli, Esq.<br>Saveri & Saveri<br>706 Sansome Street<br>San Francisco, CA 94111-1730<br>Phone: 415-217-8610<br>Fax: 415-217-6813<br>guido@saveri.com<br>zirpoli@saveri.com | *Interim Lead Counsel for Direct Purchaser Plaintiffs* | *Hand Service and Electronic Mail* |
| Bruce L. Simon, Esq.<br>Pearson Simon Warshaw Penny LLP<br>44 Montgomery Street, Suite 2450<br>San Francisco, CA 94104<br>bsimon@pswlaw.com | *Attorney for Direct Purchaser Plaintiffs* | *Electronic Mail* |

ALL DEFENSE COUNSEL BY ELECTRONIC MAIL

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21707946.1

1
SERVICE LIST

# EXHIBIT D

SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111-4109
Telephone:    (415) 434-9100
Facsimile:    (415) 434-3947
E-mail:        ghalling@sheppardmullin.com
               jmcginnis@sheppardmullin.com
               mscarborough@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC |
| | MDL No. 1917 |
| | **SAMSUNG SDI CO., LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DIRECT PURCHASER PLAINTIFFS** |
| This Document Relates to: | |
| DIRECT PURCHASER ACTIONS | |

DB2/21659647.1

PROPOUNDING PARTY:      SAMSUNG SDI CO., LTD.

RESPONDING PARTIES:      DIRECT PURCHASER PLAINTIFFS: Arch Electronics, Inc., Paula Call d/b/a Poway-Rancho Bernardo TV, Crago Inc. d/b/a Dash Computers, Inc., Electronic Design Company, Hawel A. Hawel d/b/a City Electronics, Meijer, Inc. and Meijer Distribution, Inc., Nathan Muchnick, Inc., Orion Home Systems, LLC, Princeton Display Technologies, Inc., Radio & TV Equipment, Inc., Royal Data Services, Inc., Studio Spectrum, Inc., Wettstein and Sons, Inc.

SET NO.:      ONE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Samsung SDI Co., Ltd. hereby requests that each of the Direct Purchaser Plaintiffs produce for inspection and copying each of the documents and other things described below at the offices of Sheppard Mullin Richter & Hampton, 4 Embarcadero Ctr. 17th floor, San Francisco, CA 94111 within thirty (30) days after the date of the service hereof.

## I.

## DEFINITIONS AND INSTRUCTIONS

1.      "YOU" and "YOUR" means the Plaintiff responding to these requests, its direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, predecessors, successors, and assigns, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and each person acting or purporting to act on  behalf.

2.      "DOCUMENTS" is used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure and shall include, without limitation, any kind of written, typewritten, or printed material whatsoever, and any computer hard drive or computer readable media, including, without limitation, papers, agreements, contracts, notes, memoranda, presentations, presentation materials, COMMUNICATIONS, letters, telegrams, messages sent to or received from a wireless device, electronic mail, statements, invoices, personal diaries, records, books, maps, blueprints, forms, transcriptions, CDs, DVDs, floppy discs, magnetic tapes, recordings, translations to any language, printed cards, programming instructions, assembly diagrams, schematic diagrams, and manuals either in YOUR possession or custody or under YOUR control, and shall include, without limitation, originals, file copies, and other copies, no matter how or by whom prepared, and all drafts prepared in connection with any such writings, whether used or not,

-1-

DB2/21659647.1
W02-WEST:5DYB1\402609864.2
MDL No. 1917

SAMSUNG SDI CO., LTD.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DIRECT PURCHASER
PLAINTIFFS
31

1    regardless of whether the DOCUMENT still exists, and regardless of who has maintained

2    custody of such DOCUMENTS.

3        3.    "COMMUNICATIONS" means any and all written, oral, telephonic, or other

4    utterances of any nature whatsoever, shared, shown, and/or transferred between and/or

5    among any PERSON(S), including, but not limited to, any statements, inquiries,

6    discussions, conversations, dialogues, correspondence, consultations, negotiations,

7    agreements, understandings, meetings, letters, emails, faxes, notations, telegrams,

8    advertisements, interviews and all other DOCUMENTS as herein defined.

9        4.    "INTERROGATORIES" refers to the interrogatories enumerated in

10   Samsung SDI Co., Ltd.'s First Set of Interrogatories to Direct Purchaser Plaintiffs, served

11   concurrently herewith.

12       5.    "COMPLAINT" means the Direct Purchaser Plaintiffs' Consolidated

13   Amended Complaint filed in the above-captioned action.

14       6.    "CRT(s)" refers to cathode ray tubes and "CRT PRODUCT(s)" refers to

15   products containing cathode ray tubes.

16       7.    "DEFENDANTS" means the entities enumerated by paragraphs 24 through

17   80 of the COMPLAINT.

18       8.    "PERSON" means any individual or group of individuals, corporation,

19   partnership, association, governmental entity, department, commission, bureau or any

20   other kind of legal or business entity.

21       9.    When referring to a PERSON, "IDENTITY" or "IDENTIFY" means, to the

22   extent known, the person's full name, present or last known address, and when referring to

23   a natural person, additionally, the present or last known place of employment.  Once a

24   person has been identified in accordance with this subparagraph, only the name of the

25   person need be listed in response to subsequent discovery requesting the identification of

26   that person.

27

28

DB2/21659647.1

W02-WEST:5DYB1\402609864.2
MDL No. 1917

10.     When referring to a DOCUMENT, "IDENTITY" or "IDENTIFY" means, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

11.     "RELEVANT PERIOD" means the Class Period alleged in paragraph 1 of the COMPLAINT, i.e. March 1, 1995 to November 25, 2007.

12.     YOU are required to produce all documents in the manner, form and position in which they are kept in the ordinary course of business, as required by the Federal Rules of Civil Procedure, including, where applicable, any index tabs, file dividers, designations, or other information as to the location of the documents.

13.     If YOU cannot respond to a request for production fully, after a diligent attempt to obtain the requested information, YOU must answer the request to the extent possible, specify the portion of the request YOU are unable to answer, and provide whatever information YOU have regarding the answered portion.

14.     In the event that any requested document has been destroyed, lost, discarded or is otherwise no longer in YOUR possession, custody, or control, YOU shall identify the document as completely as possible and specify the document's disposal date, disposal manner, disposal reason, the person who authorized the disposal, and the person who disposed of the document.

15.     In the event any information is withheld on a claim of attorney-client-privilege, work-product doctrine, or any other applicable privilege, YOU shall provide a privilege log that includes at least the following information: the nature of the information contained in the withheld document, the document date, source, and subject matter, the author(s) and recipient(s), such as would enable the privilege claim to be adjudicated, and any authority that YOU asserts supports any claim of privilege.

16.     The word "any" shall be construed to include "all" and vice versa.

DB2/21659647.1

-3-

W02-WEST:5DYB1\402609864.2
MDL No. 1917

SAMSUNG SDI CO., LTD.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DIRECT PURCHASER
PLAINTIFFS

33

## II.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request for Production of Documents No. 1:**

All DOCUMENTS YOU IDENTIFIED or were requested to IDENTIFY in response to the INTERROGATORIES served herewith.

**Request for Production of Documents No. 2:**

All DOCUMENTS RELATING TO the acquisition of any CRT upon which YOU base any claim in this action, including without limitation (a) copies of all receipts, invoices, purchase orders, or other similar documents evidencing each acquisition; (b) all manuals, installation guides, servicing guides, warranty booklets or other documentation accompanying each acquired CRT; (c) all contracts, agreements, or memoranda of understanding relating to YOUR acquisition of each CRT; and (d) all documents evidencing the type, price, manufacturer, and costs of any CRT YOU acquired.

**Request for Production of Documents No. 3:**

All DOCUMENTS RELATING TO the acquisition of any CRT PRODUCT upon which YOU base any claim in this action, including without limitation (a) copies of all receipts, invoices, purchase orders, or other similar documents evidencing each acquisition; (b) all manuals, installation guides, servicing guides, warranty booklets or other documentation accompanying each acquired CRT PRODUCT; (c) all contracts, agreements, or memoranda of understanding relating to YOUR acquisition of each CRT PRODUCT; and (d) all documents evidencing the type, price, manufacturer, and costs of any CRT PRODUCT YOU acquired.

**Request for Production of Documents No. 4:**

All DOCUMENTS RELATING TO YOUR decision(s) to acquire or not acquire a CRT during the RELEVANT PERIOD, including without limitation any consideration by YOU of acquiring alternative items or products.

DB2/21659647.1
W02-WEST:5DYB1\402609864.2
MDL No. 1917

**Request for Production of Documents No. 5:**

All DOCUMENTS RELATING TO YOUR decision(s) to acquire or not acquire a CRT PRODUCT during the RELEVANT PERIOD, including without limitation any consideration by YOU of acquiring alternative items or products.

**Request for Production of Documents No. 6:**

All DOCUMENTS RELATING TO price quotes for CRTs that YOU received from any DEFENDANT, manufacturer, wholesaler, marketer or distributor of CRTs.

**Request for Production of Documents No. 7:**

All DOCUMENTS RELATING TO price quotes for CRT PRODUCTS that YOU received from any DEFENDANT, manufacturer, wholesaler, marketer or distributor of CRT PRODUCTS.

**Request for Production of Documents No. 8:**

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and any other PERSON, including DEFENDANTS, RELATING TO any actual or potential acquisition by YOU of CRTs during the RELEVANT PERIOD.

**Request for Production of Documents No. 9:**

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and any other PERSON, including DEFENDANTS, RELATING TO any actual or potential acquisition by YOU of CRT PRODUCTS during the RELEVANT PERIOD.

**Request for Production of Documents No. 10:**

All DOCUMENTS RELATING TO any rebates, promotional monies, co-op funds, corporate discounts or other financial benefits received in connection with any acquisition by YOU of a CRT during the RELEVANT PERIOD.

**Request for Production of Documents No. 11:**

All DOCUMENTS RELATING TO any rebates, promotional monies, co-op funds, corporate discounts or other financial benefits received in connection with any

DB2/21659647.1

-5-

1 | acquisition by YOU of a CRT PRODUCT during the RELEVANT PERIOD.

2 | **Request for Production of Documents No. 12:**

3 |     DOCUMENTS sufficient to identify all purposes for which YOU acquired,

4 | sold, used or manufactured CRTs during the RELEVANT PERIOD.

5 | **Request for Production of Documents No. 13:**

6 |     DOCUMENTS sufficient to identify all purposes for which YOU acquired,

7 | sold, used or manufactured CRT PRODUCTS during the RELEVANT PERIOD.

8 | **Request for Production of Documents No. 14:**

9 |     All DOCUMENTS concerning budgets, forecasts or strategies with respect

10 | to YOUR acquisitions or sales of CRTs.

11 | **Request for Production of Documents No. 15:**

12 |     All DOCUMENTS concerning budgets, forecasts or strategies with respect

13 | to YOUR acquisitions or sales of CRT PRODUCTS.

14 |

15 | DATED:  May 7, 2010

16 |                     SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

17 |

18 |         By

19 |                         DYLAN I. BALLARD

20 |                     Attorneys for Defendants
                        SAMSUNG SDI AMERICA, INC.,

21 |                     SAMSUNG SDI CO., LTD.,

22 |                     SAMSUNG SDI (MALAYSIA) SDN. BHD.,
                        SAMSUNG SDI MEXICO S.A. DE C.V.,

23 |                     SAMSUNG SDI BRASIL LTDA.,

24 |                     SHENZEN SAMSUNG SDI CO., LTD. and
                        TIANJIN SAMSUNG SDI CO., LTD.

25 |

26 |

27 |

28 |                              -6-

DB2/21659647.1

SAMSUNG SDI CO., LTD.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DIRECT PURCHASER
PLAINTIFFS

**EXHIBIT E**

1   Guido Saveri (22349) guido@saveri.com
    R. Alexander Saveri (173102) rick@saveri.com
2   Geoffrey C. Rushing (126910) grushing@saveri.com
    Cadio Zirpoli (179108) cadio@saveri.com
3   SAVERI & SAVERI, INC.
    706 Sansome Street
4   San Francisco, CA 94111
    Telephone:   (415) 217-6810
5   Facsimile:   (415) 217-6813

6   *Interim Lead Counsel for the Direct Purchaser*
    *Plaintiffs*

7

8

9                    **UNITED STATES DISTRICT COURT**

10       **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

11

12  IN RE: CATHODE RAY TUBE (CRT)           MASTER FILE NO. 07-cv-5944 SC
    ANTITRUST LITIGATION
13                                          MDL NO. 1917

14  This Document Relates to:              **DIRECT PURCHASER PLAINTIFFS'**
                                           **RESPONSES TO DEFENDANT LGE'S**
15  ALL DIRECT PURCHASER ACTIONS           **SECOND SET OF REQUESTS FOR**
                                           **PRODUCTION OF DOCUMENTS**
16

17

18  PROPOUNDING PARTY:        LG ELECTRONICS, INC., LG ELECTRONICS USA, INC.,
                              LG ELECTRONICS TAIWAN TAIPEI CO., LTD.
19
    RESPONDING PARTIES:       Plaintiffs Crago, d/b/a Dash Computers, Inc.,Arch Electronics,
20                            Inc., Electronic Design Company, Hawel A. Hawel, d/b/a City
                              Electronics, Meijer, Inc., Meijer Distribution, Inc., Nathan
21                            Muchnick, Inc., Orion Home Systems, LLC, Paula Call d/b/a
                              Poway-Rancho Bernardo TV, Princeton Display Technologies,
22                            Inc., Radio & TV Equipment, Inc., Royal Data Services, Inc.,
                              Studio Spectrum, Inc., Wettstein and Sons, Inc. d/b/a Wettstein's
23                            ("Plaintiffs")

24  SET NO.:                  TWO

25          Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs object and

26  respond to Defendant LGE's Second Set of Requests for Production of Documents ("Requests")

27  as follows:

28

## GENERAL OBJECTIONS

Plaintiffs object generally to the Requests, and to each individual request therein, on the following grounds, each of which is incorporated by reference in the responses to the individual requests below. Each response set forth below incorporates, is subject to, and does not waive any of these general objections.

1.    Plaintiffs reserve all objections regarding the competence, relevance, materiality, privilege, or admissibility of any and all documents responsive to the Requests. Plaintiffs object to the Requests to the extent they seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or immunity, or that is otherwise privileged or immune from discovery.

2.    Plaintiffs object to the Requests, including the Definitions, to the extent they seek to impose obligations greater than those imposed by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of California.

3.    Plaintiffs object to each request, instruction, or definition to the extent it is overly broad, unduly burdensome, vague, ambiguous or does not specify the documents sought with sufficient particularity.

4.    Plaintiffs object to each request, instruction, or definition to the extent it seeks information that is already in the possession of the Defendants or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

5.    Plaintiffs object to each request, instruction, or definition to the extent that it impermissibly seeks the premature disclosure of experts and expert information or requires Plaintiffs to disclose analyses, comparative analyses, opinions, or theories that will be the subject of expert testimony.

6.    To the extent any term in the Requests is defined in the Federal Rules of Civil Procedure, Plaintiffs will interpret such term as it is so defined and not as defined in the Requests.

7.    Plaintiffs object to the Requests, including the Definitions and Instructions contained therein, to the extent they seek information or documents that are not within the possession, custody, or control of Plaintiffs.

8.      Plaintiffs object to the Requests to the extent they seek to require Plaintiffs to produce every document or all information that supports or otherwise relates to specific contentions in this litigation, on the ground that such Requests are overly broad, unduly burdensome and premature at this stage of litigation.

9.      Plaintiffs object to the Requests to the extent they seek material relating to the sales or use of CRT(s) and/or CRT PRODUCT(s) acquired by Plaintiffs, or other such downstream data, because such information is not relevant to the claim or defense of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Additionally, material other than that related to direct purchases of CRT Products from the named defendants in this action has been barred by the United States Supreme Court.  *Illinois Brick Co. v. Illinois,* 431 U.S. 720 (1977).

10.      Plaintiffs' responses agreeing to produce documents in response to the Requests should not be construed as meaning that documents of the type requested exist, and should only be construed as indicating that Plaintiffs will produce documents of the type requested if they are in Plaintiffs' possession, custody or control, are not privileged or otherwise exempt from production, and can be located and produced through reasonable and good faith effort.

11.      Plaintiffs object to respond to the Requests to the extent they are duplicative of document requests served by other defendants in this litigation.  To the extent the Requests seek material that is duplicative to that requested by other document requests that have already been propounded on the direct purchaser class, or served at the same time as these Requests, the direct purchaser plaintiffs will only produce material one time.

12.      Plaintiffs object to the document Requests, instructions, and definitions to the extent they call for documents or information relating to a time period other than the relevant Class Period as defined in the Direct Purchaser Plaintiffs' Consolidated Amended Complaint.  Plaintiffs will provide documents and information only as to the relevant Class Period.

1  <u>**RESPONSES**</u>

2  **REQUEST FOR PRODUCTION NO. 5:**

3      All audited or un-audited annual or periodic financial statements, financial reports, and

4  balance sheets RELATING TO the RELEVANT PERIOD for YOU and each of YOUR affiliated

5  business entities, units, or divisions that acquired, sold, used, manufactured, distributed, or

6  supplied CRTs or CRT PRODUCTS.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

8      Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs

9  object to this request on the grounds that it is compound, vague and ambiguous, overly broad and

10  unduly burdensome.  Plaintiffs further object to this request to the extent that it seeks information

11  entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to

12  the discovery of admissible evidence.  Plaintiffs further object to this request because it

13  impermissibly calls for downstream information concerning sales or use of CRTs or CRT Products

14  by Plaintiffs and such information is not relevant to the claims or defenses of any party.  *See, e.g.,*

15  *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive*

16  *Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

17  **REQUEST FOR PRODUCTION NO. 6:**

18      All DOCUMENTS RELATING TO YOUR monthly and yearly revenue, costs, and profits

19  from all CRTs YOU sold, used, manufactured, distributed, or supplied.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

21      Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs

22  object to this request on the grounds that it is compound, vague and ambiguous, overly broad and

23  unduly burdensome.  Plaintiffs further object to this request to the extent that it seeks information

24  entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to

25  the discovery of admissible evidence.  Plaintiffs further object to this request because it

26  impermissibly calls for downstream information concerning sales or use of CRTs or CRT Products

27  by Plaintiffs and such information is not relevant to the claims or defenses of any party.  *See, e.g.,*

28  *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive*

1 | *Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

2 | **REQUEST FOR PRODUCTION NO. 7:**

3 |      All DOCUMENTS RELATING TO YOUR monthly and yearly revenue, costs, and profits

4 | from all CRT PRODUCTS YOU sold, used, manufactured, distributed, or supplied.

5 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

6 |      Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs

7 | object to this request on the grounds that it is compound, vague and ambiguous, overly broad and

8 | unduly burdensome.  Plaintiffs further object to this request to the extent that it seeks information

9 | entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to

10 | the discovery of admissible evidence.  Plaintiffs further object to this request because it

11 | impermissibly calls for downstream information concerning sales or use of CRTs or CRT Products

12 | by Plaintiffs and such information is not relevant to the claims or defenses of any party. *See, e.g.,*

13 | *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive*

14 | *Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

15 | **REQUEST FOR PRODUCTION NO. 8:**

16 |      All DOCUMENTS RELATING TO the effect on YOUR profits or losses, if any, of prices

17 | for CRTs during the RELEVANT PERIOD.

18 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

19 |      Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs

20 | object to this request on the grounds that it is compound, vague and ambiguous, overly broad and

21 | unduly burdensome.  Plaintiffs further object to this request to the extent that it seeks information

22 | entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to

23 | the discovery of admissible evidence.  Plaintiffs further object to this request because it

24 | impermissibly calls for downstream information concerning sales or use of CRTs or CRT Products

25 | by Plaintiffs and such information is not relevant to the claims or defenses of any party. *See, e.g.,*

26 | *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive*

27 | *Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

28 |

815478.1     5     MDL NO. 1917
DIRECT PURCHASER PLAINTIFFS' RESPONSES TO DEFENDANT LGE'S SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS     41

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS RELATING TO the effect on YOUR profits or losses, if any, of prices for CRT PRODUCTS during the RELEVANT PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs object to this request on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiffs further object to this request to the extent that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request because it impermissibly calls for downstream information concerning sales or use of CRTs or CRT Products by Plaintiffs and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS concerning the effect, if any, of the price changes of CRTs or any of their components on the profit or loss you anticipated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs object to this request on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiffs further object to this request to the extent that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request because it impermissibly calls for downstream information concerning sales or use of CRTs or CRT Products by Plaintiffs and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS concerning the effect, if any, of the price changes of CRT PRODUCTS

1 | or any of their components on the profit or loss you anticipated.

2 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

3 | Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs

4 | object to this request on the grounds that it is compound, vague and ambiguous, overly broad and

5 | unduly burdensome.  Plaintiffs further object to this request to the extent that it seeks information

6 | entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to

7 | the discovery of admissible evidence.  Plaintiffs further object to this request because it

8 | impermissibly calls for downstream information concerning sales or use of CRTs or CRT Products

9 | by Plaintiffs and such information is not relevant to the claims or defenses of any party. *See, e.g.,*

10 | *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive*

11 | *Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

12 | **REQUEST FOR PRODUCTION NO. 12:**

13 | All DOCUMENTS RELATING TO any cost-cutting or cost-saving measures YOU

14 | considered or implemented RELATING TO any CRTs manufactured, sold, or distributed by YOU

15 | during the RELEVANT PERIOD.

16 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

17 | Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs

18 | object to this request on the grounds that it is compound, vague and ambiguous, overly broad and

19 | unduly burdensome.  Plaintiffs further object to this request to the extent that it seeks information

20 | entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to

21 | the discovery of admissible evidence.  Plaintiffs further object to this request because it

22 | impermissibly calls for downstream information concerning sales or use of CRTs or CRT Products

23 | by Plaintiffs and such information is not relevant to the claims or defenses of any party. *See, e.g.,*

24 | *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive*

25 | *Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

26 | **REQUEST FOR PRODUCTION NO. 13:**

27 | All DOCUMENTS RELATING TO any cost-cutting or cost-saving measures YOU

28 | considered or implemented RELATING TO any CRT PRODUCTS manufactured, sold, or

1    distributed by YOU during the RELEVANT PERIOD.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

3         Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs

4    object to this request on the grounds that it is compound, vague and ambiguous, overly broad and

5    unduly burdensome.  Plaintiffs further object to this request to the extent that it seeks information

6    entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to

7    the discovery of admissible evidence.  Plaintiffs further object to this request because it

8    impermissibly calls for downstream information concerning sales or use of CRTs or CRT Products

9    by Plaintiffs and such information is not relevant to the claims or defenses of any party. *See, e.g.,*

10   *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive*

11   *Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

12   **REQUEST FOR PRODUCTION NO. 14:**

13        All of YOUR federal, state, and local tax filings RELATING TO the RELEVANT

14   PERIOD.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

16        Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs

17   further object to this request on the grounds that it is overly broad, vexatious, unduly burdensome,

18   unnecessary, and irrelevant to the claims or defenses of any party.  Production of tax returns is

19   disfavored.  Plaintiffs further object to this request to the extent that it seeks information entirely

20   irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the

21   discovery of admissible evidence.  Plaintiffs further object to this request because it impermissibly

22   calls for downstream information concerning sales or use of CRTs or CRT Products by Plaintiffs

23   and such information is not relevant to the claims or defenses of any party. *See, e.g., In re*

24   *Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock*

25   *Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Plaintiffs also object to this request to

26   the extent it calls for disclosure of information that is protected by the attorney-client privilege, the

27   work product doctrine, or is otherwise privileged or immune from discovery.  Finally, Plaintiffs

28   object to this request to the extent it imposes obligations on Plaintiffs beyond the scope of the

1   Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States

2   District Court for the Northern District of California.

3

4   DATED:  July 9, 2010                           By:        /s/ Guido Saveri
                                                   SAVERI & SAVERI, INC.
5                                                  706 Sansome Street
                                                   San Francisco, CA 94111
6                                                  Telephone:    (415) 217-6810
                                                   Facsimile:    (415) 217-6813
7
                                                   *Interim Lead Counsel for the Direct*
8                                                  *Purchaser Plaintiffs*

9

10  Crt.273a

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DIRECT PURCHASER PLAINTIFFS' RESPONSES TO DEFENDANT LGE'S SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS                                                        45

# EXHIBIT F

Guido Saveri (22349) guido@saveri.com
R. Alexander Saveri (173102) rick@saveri.com
Geoffrey C. Rushing (126910) grushing@saveri.com
Cadio Zirpoli (179108) cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:   (415) 217-6810
Facsimile:    (415) 217-6813

*Interim Lead Counsel for the Direct Purchaser
Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 SC |
| | MDL NO. 1917 |
| This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | **DIRECT PURCHASER PLAINTIFFS' RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:        HITACHI AMERICA, LTD.

RESPONDING PARTY:         Plaintiffs Crago, d/b/a Dash Computers, Inc., Arch Electronics, Inc., Electronic Design Company, Hawel A. Hawel, d/b/a City Electronics, Meijer, Inc. and Meijer Distribution, Inc., Nathan Muchnick, Inc., Orion Home Systems, LLC, Paula Call d/b/a Poway-Rancho Bernardo TV, Princeton Display Technologies, Inc., Radio & TV Equipment, Inc., Royal Data Services, Inc., Studio Spectrum, Inc., Wettstein and Sons, Inc. d/b/a Wettstein's ("Plaintiffs").

SET NO.:                  ONE

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs object and

respond to Defendant Hitachi America, Ltd.'s First Set of Requests for Production of Documents

("Requests") as follows:

815496.1

MDL NO. 1917

DIRECT PURCHASER PLAINTIFFS' RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

46

**GENERAL OBJECTIONS**

Plaintiffs object generally to the Requests, and to each individual request therein, on the following grounds, each of which is incorporated by reference in the responses to the individual requests below. Each response set forth below incorporates, is subject to, and does not waive any of these general objections.

1.    Plaintiffs reserve all objections regarding the competence, relevance, materiality, privilege, or admissibility of any and all documents responsive to the Requests. Plaintiffs object to the Requests to the extent they seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or immunity, or that is otherwise privileged or immune from discovery.

2.    Plaintiffs object to the Requests, including the Definitions, to the extent they seek to impose obligations greater than those imposed by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of California.

3.    Plaintiffs object to each request, instruction, or definition to the extent it is overly broad, unduly burdensome, vague, or ambiguous or it does not specify the documents sought with sufficient particularity.

4.    Plaintiffs object to each request, instruction, or definition to the extent it seeks information that is already in the possession of the Defendants or is obtainable from some other source that is more convenient, less burdensome or less expensive.

5.    Plaintiffs object to each request, instruction, or definition to the extent that it impermissibly seeks the premature disclosure of experts and expert information or requires Plaintiffs to disclose analyses, comparative analyses, opinions, or theories that will be the subject of expert testimony.

6.    To the extent any term in the Requests is defined in the Federal Rules of Civil Procedure, Plaintiffs will interpret such term as it is so defined and not as defined in the Requests.

7.    Plaintiffs object to the Requests, including the Definitions and Instructions contained therein, to the extent they seek information or documents that are not within the possession, custody, or control of Plaintiffs.

8.      Plaintiffs object to the Requests to the extent they seek to require Plaintiffs to produce every document or all information that supports or otherwise relates to specific contentions in this litigation, on the ground that such Requests are overly broad, unduly burdensome, and premature at this stage of litigation.

9.      Plaintiffs object to the Requests to the extent they seek material relating to the sales or use of CRT(s) and/or CRT PRODUCT(s) acquired by Plaintiffs, or other such downstream data, because such information is not relevant to the claim or defense of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Additionally, evidence other than that related to direct purchases of CRT Products from the named defendants in this action has been barred by the United States Supreme Court.  *Illinois Brick Co. v. Illinois,* 431 U.S. 720 (1977).

10.      Plaintiffs' responses agreeing to produce documents in response to the Requests should not be construed as meaning that documents of the type requested exist, and should only be construed as indicating that Plaintiffs will produce documents of the type requested if they are in Plaintiffs' possession, custody, or control, are not privileged or otherwise exempt from production, and can be located and produced through reasonable and good faith effort.

11.      Plaintiffs object to the Requests to the extent they are duplicative of document requests served by other defendants in this litigation.  To the extent the Requests seek material that is duplicative to that requested by other document requests that have already been propounded on the direct purchaser class, or served at the same time as these Requests, the direct purchaser plaintiffs will only produce material one time.

12.      Plaintiffs object to the Requests to the extent they seek documents not created during the Class Period herein as not likely to lead to the discovery of admissible evidence, overbroad and unduly burdensome.

13.      Plaintiffs object to the document Requests, instructions, and definitions to the extent they call for documents or information relating to a time period other than the relevant

1   Class Period as defined in the Direct Purchaser Plaintiffs' Consolidated Amended Complaint.

2   Plaintiffs will provide documents and information only as to the relevant Class Period.

3                                                **RESPONSES**

4   **REQUEST FOR PRODUCTION NO. 1:**

5          All DOCUMENTS YOU IDENTIFIED or were requested to IDENTIFY in response to the

6   INTERROGATORIES served herewith.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

8          Plaintiffs incorporate the General Objections, as well as all objections to the interrogatories

9   to which this request refers as though fully set forth herein.  Plaintiffs further object to this request

10  on the ground that it is vague, ambiguous, overbroad and unduly burdensome, *inter alia,* in its use

11  of the phrase "were requested to IDENTIFY."  Subject to these objections,  Plaintiffs will produce

12  documents, if any, identified in their response to the interrogatories.

13  **REQUEST FOR PRODUCTION NO. 2:**

14         All DOCUMENTS RELATING TO any sale by YOU of any CRT during the RELEVANT

15  PERIOD, including without limitation (a) copies of all receipts, invoices, purchase orders, or other

16  similar documents evidencing each sale; (b) all manuals, installation guides, servicing guides,

17  warranty booklets or other documentation accompanying each sold CRT; (c) all contracts,

18  agreements, or memoranda of understanding relating to YOUR sale of each CRT; and (d) all

19  documents evidencing the type, price, manufacturer, and costs of any CRT YOU sold.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

21         Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs

22  object to this request on the ground that it seeks material other than that related to direct purchases

23  of CRTs from the named defendants in this action on the grounds that it is compound, vague and

24  ambiguous, overly broad, and unduly burdensome.  Plaintiffs further object to this request on the

25  grounds that it seeks material entirely irrelevant to the issues raised and damages claimed in this

26  case and is not likely to lead to the discovery of admissible evidence.  Plaintiffs further object and

27  will not respond to this request because it calls for downstream material concerning sales of CRTs

28

1  by Plaintiffs and such material is not relevant to the claims or defenses of any party.  *See, e.g., In*

2  *re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive*

3  *Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Plaintiffs also object to this

4  request on the grounds that it duplicative of document requests and other discovery served by

5  other defendants herein.

6  **REQUEST FOR PRODUCTION NO. 3:**

7       All DOCUMENTS RELATING TO any sale by YOU of any CRT PRODUCT during the

8  RELEVANT PERIOD, including without limitation (a) copies of all receipts, invoices, purchase

9  orders, or other similar documents evidencing each sale; (h) all manuals, installation guides,

10  servicing guides, warranty booklets or other documentation accompanying each sold CRT

11  PRODUCT; (c) all contracts, agreements, or memoranda of understanding relating to YOUR sale

12  of each CRT PRODUCT; and (d) all documents evidencing the type, price, manufacturer, and

13  costs of any CRT PRODUCT YOU sold.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

15       Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs

16  object to this request on the ground that it seeks material other than that related to direct purchases

17  of CRT Products from the named defendants in this action on the grounds that it is compound,

18  vague and ambiguous, overly broad and unduly burdensome.  Plaintiffs object to this request on

19  the grounds that it seeks material entirely irrelevant to the issues raised and damages claimed in

20  this case and is not likely to lead to the discovery of admissible evidence.  Plaintiffs further object

21  and will not respond to this request because it calls for downstream material concerning sales of

22  CRT Products by Plaintiffs, and such material is not relevant to the claims or defenses of any

23  party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure*

24  *Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Plaintiffs also

25  object to this request on the grounds that it duplicative of document requests and other discovery

26  served by other defendants herein.

27  **REQUEST FOR PRODUCTION NO. 4:**

28       All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and any other

DIRECT PURCHASER PLAINTIFFS' RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1   PERSON RELATING TO any actual or potential sale by YOU of CRTs during the RELEVANT

2   PERIOD.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

4          Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs

5   object to this request on the ground that it seeks material other than that related to direct purchases

6   of CRTs from the named defendants in this action on the grounds that it is compound, vague and

7   ambiguous, overly broad and unduly burdensome.  Plaintiffs object to this request on the grounds

8   that it seeks material entirely irrelevant to the issues raised and damages claimed in this case and is

9   not likely to lead to the discovery of admissible evidence.  Plaintiffs further object and will not

10  respond to this request because it calls for downstream material concerning sales of CRTs by

11  Plaintiffs and such material is not relevant to the claims or defenses of any party.  *See, e.g., In re*

12  *Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock*

13  *Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Plaintiffs also object to this request on

14  the grounds that it duplicative of document requests and other discovery served by other

15  defendants herein.

16  **REQUEST FOR PRODUCTION NO. 5:**

17         All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and any other

18  PERSON RELATING TO any actual or potential sale by YOU of CRT PRODUCTS during the

19  RELEVANT PERIOD.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

21         Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs

22  object to this request on the ground that it seeks material other than that related to direct purchases

23  of CRT Products from the named defendants in this action on the grounds that it is compound,

24  vague and ambiguous, overly broad and unduly burdensome.  Plaintiffs object to this request on

25  the grounds that it seeks material entirely irrelevant to the issues raised and damages claimed in

26  this case and is not likely to lead to the discovery of admissible evidence.  Plaintiffs further object

27  and will not respond to this request because it calls for downstream material concerning sales of

28  CRT Products by Plaintiffs and such material is not relevant to the claims or defenses of any party.

1  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure*

2  *Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Plaintiffs also

3  object to this request on the grounds that it duplicative of document requests and other discovery

4  served by other defendants herein.

5  **REQUEST FOR PRODUCTION NO. 6:**

6  　　　　All documents concerning YOUR corporate policies, practices, and procedures, whether

7  formal or informal, for making decisions concerning the acquisition or sale of CRTs including, but

8  not limited to, the factors considered and purchasing methods or procedures YOU currently use or

9  may have used at any time during the RELEVANT PERIOD and all purchasing manuals or

10  purchasing procedures concerning the acquisition or sale of CRTs in effect at any time during the

11  RELEVANT PERIOD.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

13  　　　　Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs

14  object to this request on the ground that it requests information other than that related to direct

15  purchases of CRTs from the named defendants in this action on the grounds that it is compound,

16  vague and ambiguous, overly broad and unduly burdensome.  Plaintiffs object to this request to

17  the extent it requests information other than that related to direct purchases of CRTs from the

18  named defendants in this action on the grounds that it seeks information entirely irrelevant to the

19  issues raised and damages claimed in this case and is not likely to lead to the discovery of

20  admissible evidence.  Plaintiffs further object and will not respond to this request because it calls

21  for downstream information concerning sales of CRTs by Plaintiffs and such information is not

22  relevant to the claims or defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198

23  F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D.

24  492, 497-498 (M.D. Pa. 2005).  Plaintiffs also object to this request on the grounds that it

25  duplicative of document requests and other discovery served by other defendants herein.  Subject

26  to, and without waiving, the foregoing objections, Plaintiffs will produce relevant documents

27  concerning their acquisition of CRTs and CRT Products from defendants during the class period.

28

**REQUEST FOR PRODUCTION NO. 7:**

All documents concerning YOUR corporate policies, practices, and procedures, whether formal or informal, for making decisions concerning the acquisition or sale of CRT PRODUCTS including, but not limited to, the factors considered and purchasing methods or procedures YOU currently use or may have used at any time during the RELEVANT PERIOD and all purchasing manuals or purchasing procedures concerning the acquisition or sale of CRT PRODUCTS in effect at any time during the RELEVANT PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs object to this request on the ground that it requests information other than that related to direct purchases of CRT Products from the named defendants in this action on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiffs object to this request to the extent it requests information other than that related to direct purchases of CRT Products from the named defendants in this action on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiffs further object and will not respond to this request because it calls for downstream information concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Plaintiffs also object to this request on the grounds that it duplicative of document requests and other discovery served by other defendants herein. Subject to, and without waiving, the foregoing objections, Plaintiffs will produce relevant documents concerning their acquisition of CRTs and CRT Products during the Class Period.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS REGARDING YOUR competition for the sale of CRTs during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs

1 object to this request on the ground that it seeks material other than that related to direct purchases

2 of CRTs from the named defendants in this action on the grounds that it is compound, vague and

3 ambiguous, overly broad, and unduly burdensome.  Plaintiffs object to this request on the grounds

4 that it seeks material entirely irrelevant to the issues raised and damages claimed in this case and is

5 not likely to lead to the discovery of admissible evidence.  Plaintiffs further object and will not

6 respond to this request because it calls for downstream material concerning sales of CRTs by

7 Plaintiffs and such material is not relevant to the claims or defenses of any party.  *See, e.g., In re*

8 *Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock*

9 *Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Plaintiffs also object to this request on

10 the grounds that it duplicative of document requests and other discovery served by other

11 defendants herein.

12 **REQUEST FOR PRODUCTION NO. 9:**

13 DOCUMENTS REGARDING YOUR competition for the sale of CRT PRODUCTS

14 during the RELEVANT TIME PERIOD.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

16 Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs

17 object to this request on the ground that it seeks material other than that related to direct purchases

18 of CRT Products from the named defendants in this action on the grounds that it is compound,

19 vague and ambiguous, overly broad and unduly burdensome.  Plaintiffs object to this request on

20 the grounds that it seeks material entirely irrelevant to the issues raised and damages claimed in

21 this case and is not likely to lead to the discovery of admissible evidence.  Plaintiffs further object

22 and will not respond to this request because it calls for downstream material concerning sales of

23 CRT Products by Plaintiffs and such material is not relevant to the claims or defenses of any party.

24 *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure*

25 *Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Plaintiffs also

26 object to this request on the grounds that it duplicative of document requests and other discovery

27 served by other defendants herein.

28

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS concerning any products that are marketed or sold as substitutes for any CRT that YOU acquired, sold, or were distributed by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs also object to this request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome. Plaintiffs further object and will not produce documents responsive to this request to the extent it seeks documents concerning products sold by Plaintiffs at any time and to the extent it seeks documents concerning products acquired by Plaintiffs outside the class period on the ground that such information is not relevant to the claims or defenses of any party. Plaintiffs object to this request on the grounds that it seeks material entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiffs further object and will not respond to this request because it calls for downstream material concerning sales of CRTs by Plaintiffs and such material is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Plaintiffs further object to this request to the extent that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiffs to set forth factual analyses, comparative analyses, opinions, or theories that may be the subject of expert testimony. Plaintiffs also object to this request to the extent it calls for disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from discovery. Further, information about substitutes for CRTs acquired by Plaintiffs is equally available to Defendants.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS concerning any products that are marketed or sold as substitutes for any CRT PRODUCT that YOU acquired, sold, or were distributed by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs

1  also object to this request on the grounds that it is vague and ambiguous, overly broad and unduly

2  burdensome.  Plaintiffs further object and will not produce documents responsive to this request to

3  the extent it seeks documents concerning products sold by Plaintiffs at any time and to the extent it

4  seeks documents concerning products acquired by Plaintiffs outside the class period on the ground

5  that such information is not relevant to the claims or defenses of any party.  Plaintiffs object to this

6  request on the grounds that it seeks material entirely irrelevant to the issues raised and damages

7  claimed in this case and is not likely to lead to the discovery of admissible evidence.  Plaintiffs

8  further object and will not respond to this request because it calls for downstream material

9  concerning sales of CRTs and CRT Products by Plaintiffs and such material is not relevant to the

10  claims or defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301

11  (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498

12  (M.D. Pa. 2005). Plaintiffs further object to this request to the extent that it impermissibly seeks

13  the premature and non-reciprocal disclosure of experts and expert information, or requires

14  Plaintiffs to set forth factual analyses, comparative analyses, opinions, or theories that may be the

15  subject of expert testimony.  Plaintiffs also object to this request to the extent it calls for disclosure

16  of information that is protected by the attorney-client privilege, the work product doctrine, or is

17  otherwise privileged or immune from discovery.  Further, information about substitutes for CRT

18  Products acquired by Plaintiffs is equally available to Defendants.

19  DATED: July 9, 2010                    By:      /s/ Guido Saveri
                                                   SAVERI & SAVERI, INC.
20                                                 706 Sansome Street
                                                   San Francisco, CA 94111
21                                                 Telephone:   (415) 217-6810
                                                   Facsimile:   (415) 217-6813
22
                                                   *Interim Lead Counsel for the Direct*
23                                                 *Purchaser Plaintiffs*

24

25

26  Crt.272a

27

28

DIRECT PURCHASER PLAINTIFFS' RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS                                          56