# EXHIBIT G

Guido Saveri (22349) guido@saveri.com
R. Alexander Saveri (173102) rick@saveri.com
Geoffrey C. Rushing (126910) grushing@saveri.com
Cadio Zirpoli (179108) cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Interim Lead Counsel for the Direct Purchaser*
*Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 SC |
| | MDL NO. 1917 |
| This Document Relates to: | **PLAINTIFF ARCH ELECTRONICS, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES** |
| ALL DIRECT PURCHASER ACTIONS | |

PROPOUNDING PARTY:      HITACHI AMERICA, LTD.

RESPONDING PARTY:      PLAINTIFF ARCH ELECTRONICS, INC.

SET NO.:      ONE

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Arch Electronics, Inc. ("Plaintiff"), by its attorneys, objects and responds to Defendant Hitachi America, Ltd.'s First Set of Interrogatories to the Direct Purchaser Plaintiffs (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

Each of the following objections is incorporated by reference into each of the responses herein:

1.      Plaintiff and its counsel have not completed their (1) investigation of the facts

1  relating to this case, (2) discovery in this action, or (3) preparation for trial. The following

2  responses are therefore based upon information known at this time and are provided without

3  prejudice to Plaintiff's right to supplement these responses prior to trial or to produce evidence

4  based on subsequently discovered information. Likewise, Plaintiff's responses are based upon,

5  and therefore limited by, Plaintiff's present knowledge and recollection, and consequently,

6  Plaintiff reserves the right to make any changes in these responses if it appears at any time that

7  inadvertent errors or omissions have been made.

8       2.     Plaintiff generally objects to the Interrogatories, including the Instructions and

9  Definitions, to the extent they purport to enlarge, expand or alter in any way the plain meaning and

10  scope of any interrogatory or to impose any obligations on Plaintiff's responses in excess of those

11  required by the Federal Rules of Civil Procedure. Plaintiff will respond to these Interrogatories in

12  accordance with its understanding of the obligations imposed by the Federal Rules of Civil

13  Procedure.

14       3.     Plaintiff objects to the Interrogatories, including the Instructions and Definitions, to

15  the extent the information sought is protected by the attorney-client privilege, the attorney work

16  product doctrine, or is otherwise privileged and/or immune from discovery. By responding to

17  these Interrogatories, Plaintiff does not waive, intentionally or otherwise, any attorney-client

18  privilege, attorney work-product or any other privilege, immunity or other protection that may be

19  asserted to protect any information from disclosure. Accordingly, any response or production of

20  documents or disclosure of information inconsistent with the foregoing is wholly inadvertent and

21  shall not constitute a waiver of any such privilege, immunity or other applicable protection.

22       4.     Plaintiff objects to the Interrogatories to the extent they fail to state with sufficient

23  particularity the information and categories of information to be provided.

24       5.     Plaintiff objects to the Interrogatories to the extent they request Plaintiff to produce

25  documents outside its possession, custody, or control.

26       6.     Plaintiff objects to the Interrogatories to the extent they are overly broad and

27  unduly burdensome.

28       7.     Plaintiff objects to the Interrogatories to the extent they are vague, ambiguous,

815488.1                   2                  MDL NO. 1917
PLAINTIFF ARCH ELECTRONICS, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S
FIRST SET OF INTERROGATORIES          58

1  redundant, harassing or oppressive.

2      8.     Plaintiff objects to the Interrogatories to the extent they require Plaintiff to draw

3  legal conclusions.

4      9.     Plaintiff objects to the Interrogatories to the extent the information requested is

5  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6      10.    Plaintiff objects to the Interrogatories to the extent that they, or any portion of

7  them, seek production of any information within the possession, custody, or control of any

8  Defendant, or of publicly available information such that the information is obtainable from some

9  other source that is more convenient, less burdensome or less expensive, or the production of the

10  information will impose undue burden, inconvenience, or expense upon Plaintiff.

11      11.    Plaintiff objects to each and every interrogatory and also to the instructions

12  accompanying them, to the extent they seek to require Plaintiff to produce all information that

13  supports or otherwise relates to specific contentions in this litigation, on the ground that such

14  contention interrogatories are unduly burdensome and premature at this stage of the litigation.

15      12.    Plaintiff objects to the Interrogatories to the extent that they seek information

16  relating to the sales or use of CRT(s) and/or CRT PRODUCT(s) acquired by Plaintiff, or other

17  such downstream data, because such information is not relevant to the claim or defense of any

18  party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure*

19  *Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Additionally,

20  information other than that related to direct purchases of CRT Products from the named

21  defendants in this action has been barred by the United States Supreme Court, *Illinois Brick Co. v.*

22  *Illinois,* 431 U.S. 720 (1977).

23      13.    Plaintiff objects to the Interrogatories to the extent that they seek information that

24  requires expert opinion.  Plaintiff is entitled to provide additional evidence that is responsive to

25  one or more of the interrogatories in the form of expert reports at the appropriate time, and no

26  response should be construed to foreclose any such disclosure.

27      14.    Plaintiff reserves the right to modify their allegations based on additional

28  discovery, additional analysis of existing discovery, discovery not yet completed and/or expert

1    discovery, and Plaintiff reserves the right to supplement and/or delete the responses given in light

2    of further evidence and further analysis of present and subsequently acquired evidence.

3          15.     In addition, in accordance with the Federal Rules of Civil Procedure, Plaintiff

4    reserves the right to introduce evidence not yet identified herein supporting Plaintiff's allegations,

5    including evidence that Plaintiff expects to further develop through the course of discovery and

6    expert analysis.

7          16.     In providing responses to the Interrogatories, Plaintiff reserves all objections as to

8    competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent

9    proceeding in, or trial of, this or any other action for any purpose whatsoever.

10         17.     No incidental or implied admissions are intended in these responses.  Plaintiff's

11   response to all or any part of any Interrogatory should not be taken as an admission that: (a)

12   Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by the Interrogatory; or

13   (b) Plaintiff has in its possession, custody or control documents or information responsive to that

14   interrogatory; or (c) documents or information responsive to that interrogatory exist.  Plaintiff's

15   response to all or any part of an Interrogatory also is not intended to be, and shall not be, a waiver

16   by Plaintiff of all or any part of its objection(s) to that interrogatory.

17         18.     Plaintiff objects to the interrogatories to the extent they are duplicative of

18   interrogatories served by other defendants in this litigation.  To the extent these interrogatories

19   seek answers that are duplicative to those requested by other interrogatories that have already been

20   propounded on the direct purchaser class, or served at the same time as these interrogatories, the

21   direct purchaser plaintiffs will only answer them once.

22         19.     Plaintiff objects to these interrogatories to the extent that the cumulative requests

23   by all defendants in this litigation exceed the permissible number set forth in the Federal Rules.

## RESPONSES

25   **INTERROGATORY NO. I:**

26         IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR

27   responses to these interrogatories.

28

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows:

> Steven R. Nusbaum
> President
> Arch Electronics, Inc.
> 120 Kingston Road
> Cheltenham, PA 19012

**INTERROGATORY NO. 2:**

Separately identify each CRT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not respond to this interrogatory because it impermissibly calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

**INTERROGATORY NO. 3:**

Separately identify each CRT PRODUCT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT PRODUCT sold, and the IDENTITY of each PERSON involved in the sale and the

1   time period and nature of each PERSON's involvement.

2        As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

3   YOUR response.

4   **RESPONSE TO INTERROGATORY NO. 3:**

5        Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

6   objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

7   broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

8   seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

9   not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

10  respond to this interrogatory because it impermissibly calls for downstream information

11  concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

12  defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

13  2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

14  2005).

15  **INTERROGATORY NO. 4:**

16       For each sale of a CRT identified in Interrogatory No. 2, state all terms and conditions that

17  were a part of the sale, including without limitation all terms and conditions RELATING TO

18  pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any PERSON in connection

19  with the sale.

20       As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

21  YOUR response.

22  **RESPONSE TO INTERROGATORY NO. 4:**

23       Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

24  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

25  broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

26  seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

27  not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

28  respond to this interrogatory because it impermissibly calls for downstream information

1 concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

2 defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

3 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

4 2005).

5 **INTERROGATORY NO. 5:**

6      For each sale of a CRT PRODUCT identified in Interrogatory No. 3, state all terms and

7 conditions that were a part of the sale, including without limitation all terms and conditions

8 RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any

9 PERSON in connection with the sale.

10      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

11 YOUR response.

12 **RESPONSE TO INTERROGATORY NO. 5:**

13      Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

14 objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

15 broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

16 seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

17 not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

18 respond to this interrogatory because it impermissibly calls for downstream information

19 concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

20 defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

21 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

22 2005).

23 **INTERROGATORY NO. 6:**

24      Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT,

25 including without limitation their subsidiaries and affiliates, state for each calendar year of the

26 RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRTs YOU acquired

27 or sold.

28      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

1  YOUR response.

2  **RESPONSE TO INTERROGATORY NO. 6:**

3       Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

4  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

5  broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks

6  information entirely irrelevant to the issues raised and damages claimed in this case and is not

7  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

8  because it calls for downstream information concerning sales of CRTs by Plaintiff and such

9  information is not relevant to the claims or defenses of any party.  Plaintiff further objects to this

10  interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure

11  of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative

12  analyses, opinions, or theories that may be the subject of expert testimony.  Plaintiff also objects to

13  this interrogatory to the extent it calls for disclosure of information that is protected by the

14  attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from

15  discovery.  Plaintiff further objects to this interrogatory on the ground that it is duplicative of other

16  interrogatories served in this action.  Finally, Plaintiff objects to this interrogatory to the extent it

17  imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and

18  34 and the applicable Local Rules of the United States District Court for the Northern District of

19  California.  Subject to, and without waiving these objections, Plaintiff's purchases of CRTs from

20  the defendants may be derived from their production of documents.  *See* Bates Numbered

21  Documents ARCH000001-902.

22  **INTERROGATORY NO. 7:**

23       Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT,

24  including without limitation their subsidiaries and affiliates, state for each calendar year of the

25  RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRT PRODUCTS

26  YOU acquired or sold.

27       As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

28  YOUR response.

**RESPONSE TO INTERROGATORY NO. 7:**

1
2         Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

3   objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

4   broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks

5   information entirely irrelevant to the issues raised and damages claimed in this case and is not

6   likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

7   because it calls for downstream information concerning sales of CRTs by Plaintiff and such

8   information is not relevant to the claims or defenses of any party.  Plaintiff further objects to this

9   interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure

10  of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative

11  analyses, opinions, or theories that may be the subject of expert testimony.  Plaintiff also objects to

12  this interrogatory to the extent it calls for disclosure of information that is protected by the

13  attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from

14  discovery.  Plaintiff further objects to this interrogatory on the ground that it is duplicative of other

15  interrogatories served in this action.  Finally, Plaintiff objects to this interrogatory to the extent it

16  imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and

17  34 and the applicable Local Rules of the United States District Court for the Northern District of

18  California.  Subject to, and without waiving these objections, Plaintiff's purchases of CRT

19  Products from the defendants may be derived from their production of documents.  *See* Bates

20  Numbered Documents ARCH000001-902.

**INTERROGATORY NO. 8:**

22         IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the

23  terms and conditions for each of YOUR acquisitions or sales of CRTs during the RELEVANT

24  PERIOD.

**RESPONSE TO INTERROGATORY NO. 8:**

26         Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

27  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

28  broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks

information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory because it calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action.

Subject to, and without waiving, the foregoing objections, Plaintiff responds with respect to their acquisition of CRT Products from defendants as follows: Steven R. Nusbaum.

**INTERROGATORY NO. 9:**

IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the terms and conditions for each of YOUR acquisitions or sales of CRT PRODUCTS during the RELEVANT PERIOD.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory because it calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action.

Subject to, and without waiving, the foregoing objections, Plaintiff responds with respect to their acquisition of CRT Products from defendants as follows: Steven R. Nusbaum.

**INTERROGATORY NO. 10:**

IDENTIFY YOUR product specifications for each acquisition or potential acquisition of CRTs during the RELEVANT PERIOD, including without limitation all PERSONS with knowledge of those specifications.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff also objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action.  Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows: Arch Electronics, Inc. had no product specifications for acquisitions or potential acquisitions of CRTs during the relevant period.

In addition, the answer to this interrogatory may be derived from Plaintiff's production of documents.

**INTERROGATORY NO. 11:**

IDENTIFY YOUR product specifications for each acquisition or potential acquisition of CRT PRODUCTS during the RELEVANT PERIOD, including without limitation all PERSONS with knowledge of those specifications.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff also objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action.  Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows: Arch Electronics, Inc.

1 had no product specifications for acquisitions or potential acquisitions of CRTs during the relevant

2 period, apart from occasionally screen size or input jack requirements, or the like.

3      In addition, the answer to this interrogatory may be derived from plaintiff's production of

4 documents.

5 **INTERROGATORY NO. 12:**

6      Separately, with respect to each CRT that YOU acquired during the RELEVANT

7 PERIOD, state the total dollar amount by which YOU allege YOU were overcharged as a result of

8 the allegations in the Complaint.

9      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

10 YOUR response.

11 **RESPONSE TO INTERROGATORY NO. 12:**

12      Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

13 objects to this interrogatory as being a premature contention interrogatory.  *See In re Convergent*

14 *Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent

15 authority for the view that the wisest general policy is to defer propounding and answering

16 contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust*

17 *Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their

18 Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is

19 undertaken.").  Discovery has just started, Defendants have not meaningfully responded to

20 Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take

21 depositions until November 1, 2010).  Plaintiff further objects to this interrogatory to the extent

22 that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert

23 information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or

24 theories that may be the subject of expert testimony.  Plaintiff further objects to this interrogatory

25 on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material

26 neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

27 also objects to this interrogatory to the extent it calls for disclosure of information that is protected

28 by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune

1  from discovery.  Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations

2  beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local

3  Rules of the United States District Court for the Northern District of California.

4  **INTERROGATORY NO. 13:**

5      Separately, with respect to each CRT PRODUCT that YOU acquired during the

6  RELEVANT PERIOD, state the total dollar amount by which YOU allege YOU were

7  overcharged as a result of the allegations in the Complaint.

8      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

9  YOUR response.

10  **RESPONSE TO INTERROGATORY NO. 13:**

11      Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

12  objects to this interrogatory as being a premature contention interrogatory.  *See In re Convergent*

13  *Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent

14  authority for the view that the wisest general policy is to defer propounding and answering

15  contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust*

16  *Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their

17  Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is

18  undertaken.").  Discovery has just started, Defendants have not meaningfully responded to

19  Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take

20  depositions until November 1, 2010).  Plaintiff further objects to this interrogatory to the extent

21  that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert

22  information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or

23  theories that may be the subject of expert testimony.  Plaintiff further objects to this interrogatory

24  on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material

25  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

26  also objects to this interrogatory to the extent it calls for disclosure of information that is protected

27  by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune

28  from discovery.  Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations

1   beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local

2   Rules of the United States District Court for the Northern District of California.

3

4   DATED: July 7, 2010                              By:      /s/ Guido Saveri
                                                            SAVERI & SAVERI, INC.
5                                                           706 Sansome Street
                                                            San Francisco, CA 94111
6                                                           Telephone:    (415) 217-6810
                                                            Facsimile:    (415) 217-6813
7
                                                            *Interim Lead Counsel for the Direct*
8   Crt.271a-2.                                             *Purchaser Plaintiffs*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# VERIFICATION

I, Steven R. Nusbaum, as President of Arch Electronics, Inc., do hereby state, under penalty of perjury under the laws of the United States, that the responses contained in Plaintiff Arch Electronics, Inc.'s Responses and Objections to Defendant Hitachi America, Ltd.'s First Set of Interrogatories are true and correct to the best of my knowledge.

Executed on July 7, 2010.

_____
Signature

71

Guido Saveri (22349) guido@saveri.com
R. Alexander Saveri (173102) rick@saveri.com
Geoffrey C. Rushing (126910) grushing@saveri.com
Cadio Zirpoli (179108) cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:   (415) 217-6810
Facsimile:    (415) 217-6813

*Interim Lead Counsel for the Direct Purchaser
Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 SC |
| | MDL NO. 1917 |
| This Document Relates to: | **PLAINTIFF WETTSTEIN AND SONS, INC. D/B/A WETTSTEIN'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES** |
| ALL DIRECT PURCHASER ACTIONS | |

PROPOUNDING PARTY:      HITACHI AMERICA, LTD.

RESPONDING PARTY:       PLAINTIFF WETTSTEIN AND SONS, INC. D/B/A WETTSTEIN'S

SET NO.:                ONE

  Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Wettstein And Sons, Inc. d/b/a Wettstein's ("Plaintiff"), by its attorneys, objects and responds to Defendant Hitachi America, Ltd.'s First Set of Interrogatories to the Direct Purchaser Plaintiffs (the "Interrogatories") as follows:

### GENERAL OBJECTIONS

  Each of the following objections is incorporated by reference into each of the responses herein:

815488.1

MDL NO. 1917

PLAINTIFF WETTSTEIN AND SONS, INC. D/B/A WETTSTEIN'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES

72

1.     Plaintiff and its counsel have not completed their (1) investigation of the facts relating to this case, (2) discovery in this action, or (3) preparation for trial.  The following responses are therefore based upon information known at this time and are provided without prejudice to Plaintiff's right to supplement these responses prior to trial or to produce evidence based on subsequently discovered information.  Likewise, Plaintiff's responses are based upon, and therefore limited by, Plaintiff's present knowledge and recollection, and consequently, Plaintiff reserves the right to make any changes in these responses if it appears at any time that inadvertent errors or omissions have been made.

2.     Plaintiff generally objects to the Interrogatories, including the Instructions and Definitions, to the extent they purport to enlarge, expand or alter in any way the plain meaning and scope of any interrogatory or to impose any obligations on Plaintiff's responses in excess of those required by the Federal Rules of Civil Procedure.  Plaintiff will respond to these Interrogatories in accordance with its understanding of the obligations imposed by the Federal Rules of Civil Procedure.

3.     Plaintiff objects to the Interrogatories, including the Instructions and Definitions, to the extent the information sought is protected by the attorney-client privilege, the attorney work product doctrine, or is otherwise privileged and/or immune from discovery.  By responding to these Interrogatories, Plaintiff does not waive, intentionally or otherwise, any attorney-client privilege, attorney work-product or any other privilege, immunity or other protection that may be asserted to protect any information from disclosure.  Accordingly, any response or production of documents or disclosure of information inconsistent with the foregoing is wholly inadvertent and shall not constitute a waiver of any such privilege, immunity or other applicable protection.

4.     Plaintiff objects to the Interrogatories to the extent they fail to state with sufficient particularity the information and categories of information to be provided.

5.     Plaintiff objects to the Interrogatories to the extent they request Plaintiff to produce documents outside its possession, custody, or control.

6.     Plaintiff objects to the Interrogatories to the extent they are overly broad and unduly burdensome.

1    7.    Plaintiff objects to the Interrogatories to the extent they are vague, ambiguous,

2   redundant, harassing or oppressive.

3    8.    Plaintiff objects to the Interrogatories to the extent they require Plaintiff to draw

4   legal conclusions.

5    9.    Plaintiff objects to the Interrogatories to the extent the information requested is

6   neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

7    10.    Plaintiff objects to the Interrogatories to the extent that they, or any portion of

8   them, seek production of any information within the possession, custody, or control of any

9   Defendant, or of publicly available information such that the information is obtainable from some

10   other source that is more convenient, less burdensome or less expensive, or the production of the

11   information will impose undue burden, inconvenience, or expense upon Plaintiff.

12    11.    Plaintiff objects to each and every interrogatory and also to the instructions

13   accompanying them, to the extent they seek to require Plaintiff to produce all information that

14   supports or otherwise relates to specific contentions in this litigation, on the ground that such

15   contention interrogatories are unduly burdensome and premature at this stage of the litigation.

16    12.    Plaintiff objects to the Interrogatories to the extent that they seek information

17   relating to the sales or use of CRT(s) and/or CRT PRODUCT(s) acquired by Plaintiff, or other

18   such downstream data, because such information is not relevant to the claim or defense of any

19   party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure

20   Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Additionally,

21   information other than that related to direct purchases of CRT Products from the named

22   defendants in this action has been barred by the United States Supreme Court, *Illinois Brick Co. v.

23   Illinois,* 431 U.S. 720 (1977).

24    13.    Plaintiff objects to the Interrogatories to the extent that they seek information that

25   requires expert opinion.  Plaintiff is entitled to provide additional evidence that is responsive to

26   one or more of the interrogatories in the form of expert reports at the appropriate time, and no

27   response should be construed to foreclose any such disclosure.

28    14.    Plaintiff reserves the right to modify their allegations based on additional

1  discovery, additional analysis of existing discovery, discovery not yet completed and/or expert

2  discovery, and Plaintiff reserves the right to supplement and/or delete the responses given in light

3  of further evidence and further analysis of present and subsequently acquired evidence.

4        15.    In addition, in accordance with the Federal Rules of Civil Procedure, Plaintiff

5  reserves the right to introduce evidence not yet identified herein supporting Plaintiff's allegations,

6  including evidence that Plaintiff expects to further develop through the course of discovery and

7  expert analysis.

8        16.    In providing responses to the Interrogatories, Plaintiff reserves all objections as to

9  competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent

10  proceeding in, or trial of, this or any other action for any purpose whatsoever.

11        17.    No incidental or implied admissions are intended in these responses.  Plaintiff's

12  response to all or any part of any Interrogatory should not be taken as an admission that: (a)

13  Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by the Interrogatory; or

14  (b) Plaintiff has in its possession, custody or control documents or information responsive to that

15  interrogatory; or (c) documents or information responsive to that interrogatory exist.  Plaintiff's

16  response to all or any part of an Interrogatory also is not intended to be, and shall not be, a waiver

17  by Plaintiff of all or any part of its objection(s) to that interrogatory.

18        18.    Plaintiff objects to the interrogatories to the extent they are duplicative of

19  interrogatories served by other defendants in this litigation.  To the extent these interrogatories

20  seek answers that are duplicative to those requested by other interrogatories that have already been

21  propounded on the direct purchaser class, or served at the same time as these interrogatories, the

22  direct purchaser plaintiffs will only answer them once.

23        19.    Plaintiff objects to these interrogatories to the extent that the cumulative requests

24  by all defendants in this litigation exceed the permissible number set forth in the Federal Rules.

25                                       **RESPONSES**

26  **INTERROGATORY NO. I:**

27        IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR

28  responses to these interrogatories.

815488.1                                         4                            MDL NO. 1917
PLAINTIFF WETTSTEIN AND SONS, INC. D/B/A WETTSTEIN'S RESPONSES TO DEFENDANT HITACHI
AMERICA, LTD.'S FIRST SET OF INTERROGATORIES             75

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows: Dan Wettstein, Jim Walter, Terry Beeler and Teresa Erickson of Wettstein and Sons, Inc., d/b/a Wettstein's.

**INTERROGATORY NO. 2:**

Separately identify each CRT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not respond to this interrogatory because it impermissibly calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

**INTERROGATORY NO. 3:**

Separately identify each CRT PRODUCT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT PRODUCT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

1    YOUR response.

2    **RESPONSE TO INTERROGATORY NO. 3:**

3           Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff

4    objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

5    broad and unduly burdensome. Plaintiff further objects to this interrogatory on the ground that it

6    seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

7    not likely to lead to the discovery of admissible evidence. Plaintiff further objects and will not

8    respond to this interrogatory because it impermissibly calls for downstream information

9    concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

10   defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

11   2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

12   2005).

13   **INTERROGATORY NO. 4:**

14          For each sale of a CRT identified in Interrogatory No. 2, state all terms and conditions that

15   were a part of the sale, including without limitation all terms and conditions RELATING TO

16   pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any PERSON in connection

17   with the sale.

18          As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

19   YOUR response.

20   **RESPONSE TO INTERROGATORY NO. 4:**

21          Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff

22   objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

23   broad and unduly burdensome. Plaintiff further objects to this interrogatory on the ground that it

24   seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

25   not likely to lead to the discovery of admissible evidence. Plaintiff further objects and will not

26   respond to this interrogatory because it impermissibly calls for downstream information

27   concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

28   defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

815488.1                                                6                                   MDL NO. 1917

PLAINTIFF WETTSTEIN AND SONS, INC. D/B/A WETTSTEIN'S RESPONSES TO DEFENDANT HITACHI
AMERICA, LTD.'S FIRST SET OF INTERROGATORIES                                    77

1   2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

2   2005).

3   **INTERROGATORY NO. 5:**

4         For each sale of a CRT PRODUCT identified in Interrogatory No. 3, state all terms and

5   conditions that were a part of the sale, including without limitation all terms and conditions

6   RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any

7   PERSON in connection with the sale.

8         As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

9   YOUR response.

10   **RESPONSE TO INTERROGATORY NO. 5:**

11         Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

12   objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

13   broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

14   seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

15   not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

16   respond to this interrogatory because it impermissibly calls for downstream information

17   concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

18   defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

19   2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

20   2005).

21   **INTERROGATORY NO. 6:**

22         Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT,

23   including without limitation their subsidiaries and affiliates, state for each calendar year of the

24   RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRTs YOU acquired

25   or sold.

26         As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

27   YOUR response.

28

815488.1                   7                       MDL NO. 1917
PLAINTIFF WETTSTEIN AND SONS, INC. D/B/A WETTSTEIN'S RESPONSES TO DEFENDANT HITACHI
AMERICA, LTD.'S FIRST SET OF INTERROGATORIES               78

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory because it calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party.  Plaintiff further objects to this interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or theories that may be the subject of expert testimony.  Plaintiff also objects to this interrogatory to the extent it calls for disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from discovery.  Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action. Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the Northern District of California.  Subject to, and without waiving these objections, Plaintiff's purchases of CRTs from the defendants may be derived from their production of documents.

**INTERROGATORY NO. 7:**

Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT, including without limitation their subsidiaries and affiliates, state for each calendar year of the RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRT PRODUCTS YOU acquired or sold.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

1  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

2  broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks

3  information entirely irrelevant to the issues raised and damages claimed in this case and is not

4  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

5  because it calls for downstream information concerning sales of CRTs by Plaintiff and such

6  information is not relevant to the claims or defenses of any party.  Plaintiff further objects to this

7  interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure

8  of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative

9  analyses, opinions, or theories that may be the subject of expert testimony.  Plaintiff also objects to

10  this interrogatory to the extent it calls for disclosure of information that is protected by the

11  attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from

12  discovery.  Plaintiff further objects to this interrogatory on the ground that it is duplicative of other

13  interrogatories served in this action.  Finally, Plaintiff objects to this interrogatory to the extent it

14  imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and

15  34 and the applicable Local Rules of the United States District Court for the Northern District of

16  California.  Subject to, and without waiving these objections, Plaintiff's purchases of CRT

17  Products from the defendants may be derived from their production of documents.

18  **INTERROGATORY NO. 8:**

19  IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the

20  terms and conditions for each of YOUR acquisitions or sales of CRTs during the RELEVANT

21  PERIOD.

22  **RESPONSE TO INTERROGATORY NO. 8:**

23  Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

24  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

25  broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks

26  information entirely irrelevant to the issues raised and damages claimed in this case and is not

27  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

28  because it calls for downstream information concerning sales of CRTs by Plaintiff and such

1 information is not relevant to the claims or defenses of any party.  *See, e.g., In re Vitamins*

2 *Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust*

3 *Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Plaintiff further objects to this interrogatory on

4 the ground that it is duplicative of other interrogatories served in this action.

5       Subject to, and without waiving, the foregoing objections, Plaintiff responds with respect

6 to their acquisition of CRTs from defendants as follows: Jim Walters of Wettstein's.  Additionally,

7 Dan Wettstein is ultimately responsible for the company's decisions.

8 **INTERROGATORY NO. 9:**

9       IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the

10 terms and conditions for each of YOUR acquisitions or sales of CRT PRODUCTS during the

11 RELEVANT PERIOD.

12 **RESPONSE TO INTERROGATORY NO. 9:**

13       Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

14 objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

15 broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks

16 information entirely irrelevant to the issues raised and damages claimed in this case and is not

17 likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

18 because it calls for downstream information concerning sales of CRTs by Plaintiff and such

19 information is not relevant to the claims or defenses of any party.  *See, e.g., In re Vitamins*

20 *Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust*

21 *Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Plaintiff further objects to this interrogatory on

22 the ground that it is duplicative of other interrogatories served in this action.

23       Subject to, and without waiving, the foregoing objections, Plaintiff responds with respect

24 to their acquisition of CRT Products from defendants as follows: Dan Wettstein, Brian Rooker,

25 and Wayne Hanson of Wettstein's.

26

27

28

**INTERROGATORY NO. 10:**

IDENTIFY YOUR product specifications for each acquisition or potential acquisition of CRTs during the RELEVANT PERIOD, including without limitation all PERSONS with knowledge of those specifications.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff also objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action.  Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows: Wettstein's would make acquisitions or potential acquisitions of CRTs based upon manufacturer, the CRT's price, and its availability.  The persons at Wettstein's with knowledge of those CRT specifications would be Jim Walters.  Additionally, Dan Wettstein is ultimately responsible for the company's decisions.

In addition, the answer to this interrogatory may be derived from Plaintiff's production of documents.

**INTERROGATORY NO. 11:**

IDENTIFY YOUR product specifications for each acquisition or potential acquisition of CRT PRODUCTS during the RELEVANT PERIOD, including without limitation all PERSONS with knowledge of those specifications.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff also objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action.  Subject to, and

1  without waiving, the foregoing objections, Plaintiff responds as follows: Wettstein's acquisitions

2  or potential acquisitions of CRT Products were based on the manufacturer, product screen size,

3  and price.  The persons at Wettstein's with knowledge of those CRT Product specifications would

4  be Dan Wettstein, Brian Rooker, and Wayne Hanson.  Additionally, Dan Wettstein is ultimately

5  responsible for the company's decisions.

6          In addition, the answer to this interrogatory may be derived from plaintiff's production of

7  documents.

8  **INTERROGATORY NO. 12:**

9          Separately, with respect to each CRT that YOU acquired during the RELEVANT

10  PERIOD, state the total dollar amount by which YOU allege YOU were overcharged as a result of

11  the allegations in the Complaint.

12          As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

13  YOUR response.

14  **RESPONSE TO INTERROGATORY NO. 12:**

15          Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

16  objects to this interrogatory as being a premature contention interrogatory.  *See In re Convergent*

17  *Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent

18  authority for the view that the wisest general policy is to defer propounding and answering

19  contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust*

20  *Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their

21  Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is

22  undertaken.").  Discovery has just started, Defendants have not meaningfully responded to

23  Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take

24  depositions until November 1, 2010).  Plaintiff further objects to this interrogatory to the extent

25  that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert

26  information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or

27  theories that may be the subject of expert testimony.  Plaintiff further objects to this interrogatory

28  on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material

1    neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

2    also objects to this interrogatory to the extent it calls for disclosure of information that is protected

3    by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune

4    from discovery.  Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations

5    beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local

6    Rules of the United States District Court for the Northern District of California.

7    **INTERROGATORY NO. 13:**

8    Separately, with respect to each CRT PRODUCT that YOU acquired during the

9    RELEVANT PERIOD, state the total dollar amount by which YOU allege YOU were

10   overcharged as a result of the allegations in the Complaint.

11   As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

12   YOUR response.

13   **RESPONSE TO INTERROGATORY NO. 13:**

14   Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

15   objects to this interrogatory as being a premature contention interrogatory. *See In re Convergent*

16   *Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent

17   authority for the view that the wisest general policy is to defer propounding and answering

18   contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust*

19   *Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their

20   Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is

21   undertaken.").  Discovery has just started, Defendants have not meaningfully responded to

22   Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take

23   depositions until November 1, 2010).  Plaintiff further objects to this interrogatory to the extent

24   that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert

25   information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or

26   theories that may be the subject of expert testimony.  Plaintiff further objects to this interrogatory

27   on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material

28   neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

1  also objects to this interrogatory to the extent it calls for disclosure of information that is protected

2  by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune

3  from discovery.  Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations

4  beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local

5  Rules of the United States District Court for the Northern District of California.

6

7  DATED:  July 7, 2010                          By:      /s/ Guido Saveri
                                                SAVERI & SAVERI, INC.
8                                               706 Sansome Street
                                                San Francisco, CA 94111
9                                               Telephone:   (415) 217-6810
                                                Facsimile:   (415) 217-6813
10
                                                *Interim Lead Counsel for the Direct*
11  Crt.271                                     *Purchaser Plaintiffs*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **VERIFICATION**

I, Dan Wettstein, am the President of Wettstein and Sons, Inc., d/b/a Wettstein's.  I do hereby state, under penalty of perjury under the laws of the United States, that the responses contained in Plaintiff Wettstein and Sons, Inc., d/b/a Wettstein's Responses and Objections to Defendant Hitachi America Ltd.'s First Set of Interrogatories are true and correct to the best of my knowledge.

Executed on July 7TH, 2010.


Signature

86

Guido Saveri (22349) guido@saveri.com
R. Alexander Saveri (173102) rick@saveri.com
Geoffrey C. Rushing (126910) grushing@saveri.com
Cadio Zirpoli (179108) cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:   (415) 217-6810
Facsimile:    (415) 217-6813

*Interim Lead Counsel for the Direct Purchaser
Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 SC |
| | MDL NO. 1917 |
| This Document Relates to: | **PLAINTIFF CRAGO D/B/A DASH COMPUTER, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES** |
| ALL DIRECT PURCHASER ACTIONS | |

PROPOUNDING PARTY:        HITACHI AMERICA, LTD.

RESPONDING PARTY:        PLAINTIFF CRAGO D/B/A DASH COMPUTER, INC.

SET NO.:                                ONE

        Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Crago d/b/a

Dash Computer, Inc. ("Plaintiff"), by its attorneys, objects and responds to Defendant Hitachi

America, Ltd.'s First Set of Interrogatories to the Direct Purchaser Plaintiffs (the

"Interrogatories") as follows:

## GENERAL OBJECTIONS

        Each of the following objections is incorporated by reference into each of the responses

herein:

        1.        Plaintiff and its counsel have not completed their (1) investigation of the facts

1    relating to this case, (2) discovery in this action, or (3) preparation for trial.  The following

2    responses are therefore based upon information known at this time and are provided without

3    prejudice to Plaintiff's right to supplement these responses prior to trial or to produce evidence

4    based on subsequently discovered information.  Likewise, Plaintiff's responses are based upon,

5    and therefore limited by, Plaintiff's present knowledge and recollection, and consequently,

6    Plaintiff reserves the right to make any changes in these responses if it appears at any time that

7    inadvertent errors or omissions have been made.

8        2.      Plaintiff generally objects to the Interrogatories, including the Instructions and

9    Definitions, to the extent they purport to enlarge, expand or alter in any way the plain meaning and

10    scope of any interrogatory or to impose any obligations on Plaintiff's responses in excess of those

11    required by the Federal Rules of Civil Procedure.  Plaintiff will respond to these Interrogatories in

12    accordance with its understanding of the obligations imposed by the Federal Rules of Civil

13    Procedure.

14        3.      Plaintiff objects to the Interrogatories, including the Instructions and Definitions, to

15    the extent the information sought is protected by the attorney-client privilege, the attorney work

16    product doctrine, or is otherwise privileged and/or immune from discovery.  By responding to

17    these Interrogatories, Plaintiff does not waive, intentionally or otherwise, any attorney-client

18    privilege, attorney work-product or any other privilege, immunity or other protection that may be

19    asserted to protect any information from disclosure.  Accordingly, any response or production of

20    documents or disclosure of information inconsistent with the foregoing is wholly inadvertent and

21    shall not constitute a waiver of any such privilege, immunity or other applicable protection.

22        4.      Plaintiff objects to the Interrogatories to the extent they fail to state with sufficient

23    particularity the information and categories of information to be provided.

24        5.      Plaintiff objects to the Interrogatories to the extent they request Plaintiff to produce

25    documents outside its possession, custody, or control.

26        6.      Plaintiff objects to the Interrogatories to the extent they are overly broad and

27    unduly burdensome.

28        7.      Plaintiff objects to the Interrogatories to the extent they are vague, ambiguous,

815488.1                                2                               MDL NO. 1917
PLAINTIFF CRAGO D/B/A DASH COMPUTER, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA,
LTD.'S FIRST SET OF INTERROGATORIES                              88

1  redundant, harassing or oppressive.

2      8.    Plaintiff objects to the Interrogatories to the extent they require Plaintiff to draw

3  legal conclusions.

4      9.    Plaintiff objects to the Interrogatories to the extent the information requested is

5  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6      10.   Plaintiff objects to the Interrogatories to the extent that they, or any portion of

7  them, seek production of any information within the possession, custody, or control of any

8  Defendant, or of publicly available information such that the information is obtainable from some

9  other source that is more convenient, less burdensome or less expensive, or the production of the

10  information will impose undue burden, inconvenience, or expense upon Plaintiff.

11     11.    Plaintiff objects to each and every interrogatory and also to the instructions

12  accompanying them, to the extent they seek to require Plaintiff to produce all information that

13  supports or otherwise relates to specific contentions in this litigation, on the ground that such

14  contention interrogatories are unduly burdensome and premature at this stage of the litigation.

15     12.    Plaintiff objects to the Interrogatories to the extent that they seek information

16  relating to the sales or use of CRT(s) and/or CRT PRODUCT(s) acquired by Plaintiff, or other

17  such downstream data, because such information is not relevant to the claim or defense of any

18  party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure*

19  *Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Additionally,

20  information other than that related to direct purchases of CRT Products from the named

21  defendants in this action has been barred by the United States Supreme Court, *Illinois Brick Co. v.*

22  *Illinois,* 431 U.S. 720 (1977).

23     13.    Plaintiff objects to the Interrogatories to the extent that they seek information that

24  requires expert opinion.  Plaintiff is entitled to provide additional evidence that is responsive to

25  one or more of the interrogatories in the form of expert reports at the appropriate time, and no

26  response should be construed to foreclose any such disclosure.

27     14.    Plaintiff reserves the right to modify their allegations based on additional

28  discovery, additional analysis of existing discovery, discovery not yet completed and/or expert

1  discovery, and Plaintiff reserves the right to supplement and/or delete the responses given in light

2  of further evidence and further analysis of present and subsequently acquired evidence.

3          15.     In addition, in accordance with the Federal Rules of Civil Procedure, Plaintiff

4  reserves the right to introduce evidence not yet identified herein supporting Plaintiff's allegations,

5  including evidence that Plaintiff expects to further develop through the course of discovery and

6  expert analysis.

7          16.     In providing responses to the Interrogatories, Plaintiff reserves all objections as to

8  competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent

9  proceeding in, or trial of, this or any other action for any purpose whatsoever.

10         17.     No incidental or implied admissions are intended in these responses.  Plaintiff's

11 response to all or any part of any Interrogatory should not be taken as an admission that: (a)

12 Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by the Interrogatory; or

13 (b) Plaintiff has in its possession, custody or control documents or information responsive to that

14 interrogatory; or (c) documents or information responsive to that interrogatory exist.  Plaintiff's

15 response to all or any part of an Interrogatory also is not intended to be, and shall not be, a waiver

16 by Plaintiff of all or any part of its objection(s) to that interrogatory.

17         18.     Plaintiff objects to the interrogatories to the extent they are duplicative of

18 interrogatories served by other defendants in this litigation.  To the extent these interrogatories

19 seek answers that are duplicative to those requested by other interrogatories that have already been

20 propounded on the direct purchaser class, or served at the same time as these interrogatories, the

21 direct purchaser plaintiffs will only answer them once.

22         19.     Plaintiff objects to these interrogatories to the extent that the cumulative requests

23 by all defendants in this litigation exceed the permissible number set forth in the Federal Rules.

## RESPONSES

### INTERROGATORY NO. I:

26         IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR

27 responses to these interrogatories.

28

PLAINTIFF CRAGO D/B/A DASH COMPUTER, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA,
LTD.'S FIRST SET OF INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows: David M. Allen, President, Crago Corp., 7228 West Frontage Road, Merriam, Kansas 66203.

**INTERROGATORY NO. 2:**

Separately identify each CRT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not respond to this interrogatory because it impermissibly calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

**INTERROGATORY NO. 3:**

Separately identify each CRT PRODUCT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT PRODUCT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

1  YOUR response.

2  **RESPONSE TO INTERROGATORY NO. 3:**

3        Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

4  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

5  broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

6  seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

7  not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

8  respond to this interrogatory because it impermissibly calls for downstream information

9  concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

10  defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

11  2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

12  2005).

13  **INTERROGATORY NO. 4:**

14        For each sale of a CRT identified in Interrogatory No. 2, state all terms and conditions that

15  were a part of the sale, including without limitation all terms and conditions RELATING TO

16  pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any PERSON in connection

17  with the sale.

18        As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

19  YOUR response.

20  **RESPONSE TO INTERROGATORY NO. 4:**

21        Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

22  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

23  broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

24  seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

25  not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

26  respond to this interrogatory because it impermissibly calls for downstream information

27  concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

28  defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

1  2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

2  2005).

3  **INTERROGATORY NO. 5:**

4       For each sale of a CRT PRODUCT identified in Interrogatory No. 3, state all terms and

5  conditions that were a part of the sale, including without limitation all terms and conditions

6  RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any

7  PERSON in connection with the sale.

8       As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

9  YOUR response.

10  **RESPONSE TO INTERROGATORY NO. 5:**

11       Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

12  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

13  broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

14  seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

15  not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

16  respond to this interrogatory because it impermissibly calls for downstream information

17  concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

18  defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

19  2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

20  2005).

21  **INTERROGATORY NO. 6:**

22       Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT,

23  including without limitation their subsidiaries and affiliates, state for each calendar year of the

24  RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRTs YOU acquired

25  or sold.

26       As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

27  YOUR response.

28

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory because it calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party.  Plaintiff further objects to this interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or theories that may be the subject of expert testimony.  Plaintiff also objects to this interrogatory to the extent it calls for disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from discovery.  Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action. Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the Northern District of California.  Subject to, and without waiving these objections, Plaintiff responds that it did not purchase CRTs (as opposed to CRT Products) during the Relevant Period.

**INTERROGATORY NO. 7:**

Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT, including without limitation their subsidiaries and affiliates, state for each calendar year of the RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRT PRODUCTS YOU acquired or sold.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

1   objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

2   broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks

3   information entirely irrelevant to the issues raised and damages claimed in this case and is not

4   likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

5   because it calls for downstream information concerning sales of CRTs by Plaintiff and such

6   information is not relevant to the claims or defenses of any party.  Plaintiff further objects to this

7   interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure

8   of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative

9   analyses, opinions, or theories that may be the subject of expert testimony.  Plaintiff also objects to

10  this interrogatory to the extent it calls for disclosure of information that is protected by the

11  attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from

12  discovery.  Plaintiff further objects to this interrogatory on the ground that it is duplicative of other

13  interrogatories served in this action.  Finally, Plaintiff objects to this interrogatory to the extent it

14  imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and

15  34 and the applicable Local Rules of the United States District Court for the Northern District of

16  California.  Subject to, and without waiving these objections, Plaintiff's purchases of CRT

17  Products from the defendants may be derived from their production of documents.  *See* Bates

18  Range CRAGO0000001-7.

19  **INTERROGATORY NO. 8:**

20          IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the

21  terms and conditions for each of YOUR acquisitions or sales of CRTs during the RELEVANT

22  PERIOD.

23  **RESPONSE TO INTERROGATORY NO. 8:**

24          Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

25  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

26  broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks

27  information entirely irrelevant to the issues raised and damages claimed in this case and is not

28  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

1 because it calls for downstream information concerning sales of CRTs by Plaintiff and such

2 information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins*

3 *Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust*

4 *Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Plaintiff further objects to this interrogatory on

5 the ground that it is duplicative of other interrogatories served in this action.

6       Subject to, and without waiving, the foregoing objections, Plaintiff responds with respect

7 to their acquisition of CRT Products from defendants as follows: David M. Allen, President,

8 Crago Corp., 7228 West Frontage Road, Merriam, Kansas 66203.

9 **INTERROGATORY NO. 9:**

10       IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the

11 terms and conditions for each of YOUR acquisitions or sales of CRT PRODUCTS during the

12 RELEVANT PERIOD.

13 **RESPONSE TO INTERROGATORY NO. 9:**

14       Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff

15 objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

16 broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

17 information entirely irrelevant to the issues raised and damages claimed in this case and is not

18 likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory

19 because it calls for downstream information concerning sales of CRTs by Plaintiff and such

20 information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins*

21 *Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust*

22 *Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Plaintiff further objects to this interrogatory on

23 the ground that it is duplicative of other interrogatories served in this action.

24       Subject to, and without waiving, the foregoing objections, Plaintiff responds with respect

25 to their acquisition of CRT Products from defendants as follows: David M. Allen, President,

26 Crago Corp., 7228 West Frontage Road, Merriam, Kansas 66203

27 **INTERROGATORY NO. 10:**

28       IDENTIFY YOUR product specifications for each acquisition or potential acquisition of

1  CRTs during the RELEVANT PERIOD, including without limitation all PERSONS with

2  knowledge of those specifications.

3  **RESPONSE TO INTERROGATORY NO. 10:**

4       Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff also

5  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

6  broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

7  information entirely irrelevant to the issues raised and damages claimed in this case and is not

8  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

9  on the ground that it is duplicative of other interrogatories served in this action.  Subject to, and

10  without waiving, the foregoing objections, Plaintiff responds as follows:  Crago Corp. did not

11  provide any product specifications to any manufacturer in connection with the acquisition or

12  potential acquisition of CRT's during the relevant period.

13  **INTERROGATORY NO. 11:**

14       IDENTIFY YOUR product specifications for each acquisition or potential acquisition of

15  CRT PRODUCTS during the RELEVANT PERIOD, including without limitation all PERSONS

16  with knowledge of those specifications.

17  **RESPONSE TO INTERROGATORY NO. 11:**

18       Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff also

19  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

20  broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

21  information entirely irrelevant to the issues raised and damages claimed in this case and is not

22  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

23  on the ground that it is duplicative of other interrogatories served in this action.  Subject to, and

24  without waiving, the foregoing objections, Plaintiff responds as follows:  Crago Corp. did not

25  provide any product specifications to any manufacturer in connection with the acquisition or

26  potential acquisition of CRT products during the relevant period.

27  **INTERROGATORY NO. 12:**

28       Separately, with respect to each CRT that YOU acquired during the RELEVANT

815488.1

11

MDL NO. 1917

PLAINTIFF CRAGO D/B/A DASH COMPUTER, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA,
LTD.'S FIRST SET OF INTERROGATORIES
97

1   PERIOD, state the total dollar amount by which YOU allege YOU were overcharged as a result of

2   the allegations in the Complaint.

3         As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

4   YOUR response.

5   **RESPONSE TO INTERROGATORY NO. 12:**

6         Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

7   objects to this interrogatory as being a premature contention interrogatory.  *See In re Convergent*

8   *Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent

9   authority for the view that the wisest general policy is to defer propounding and answering

10  contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust*

11  *Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their

12  Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is

13  undertaken.").  Discovery has just started, Defendants have not meaningfully responded to

14  Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take

15  depositions until November 1, 2010).  Plaintiff further objects to this interrogatory to the extent

16  that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert

17  information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or

18  theories that may be the subject of expert testimony.  Plaintiff further objects to this interrogatory

19  on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material

20  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

21  also objects to this interrogatory to the extent it calls for disclosure of information that is protected

22  by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune

23  from discovery.  Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations

24  beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local

25  Rules of the United States District Court for the Northern District of California.

26  **INTERROGATORY NO. 13:**

27        Separately, with respect to each CRT PRODUCT that YOU acquired during the

28  RELEVANT PERIOD, state the total dollar amount by which YOU allege YOU were

1  overcharged as a result of the allegations in the Complaint.

2      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

3  YOUR response.

4  **RESPONSE TO INTERROGATORY NO. 13:**

5      Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

6  objects to this interrogatory as being a premature contention interrogatory.  *See In re Convergent*

7  *Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent

8  authority for the view that the wisest general policy is to defer propounding and answering

9  contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust*

10  *Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their

11  Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is

12  undertaken.").  Discovery has just started, Defendants have not meaningfully responded to

13  Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take

14  depositions until November 1, 2010).  Plaintiff further objects to this interrogatory to the extent

15  that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert

16  information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or

17  theories that may be the subject of expert testimony.  Plaintiff further objects to this interrogatory

18  on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material

19  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

20  also objects to this interrogatory to the extent it calls for disclosure of information that is protected

21  by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune

22  ///

23  ///

24  ///

1  from discovery.  Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations

2  beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local

3  Rules of the United States District Court for the Northern District of California.

4
   DATED: July 7, 2010                    By:     /s/ Guido Saveri
5                                                 SAVERI & SAVERI, INC.
                                                  706 Sansome Street
6                                                 San Francisco, CA 94111
                                                  Telephone:    (415) 217-6810
7                                                 Facsimile:    (415) 217-6813

8                                                 *Interim Lead Counsel for the Direct
                                                  Purchaser Plaintiffs*
9  Crt.271a-1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION

I, David M. Allen, am president of Crago Corp.  I do hereby state, under penalty of perjury under the laws of the United States, that the responses contained in Plaintiff Crago Corp.'s Responses and Objections to Defendant Hitachi America Ltd.'s First Set of Interrogatories are true and correct to the best of my knowledge.

Executed on July _7_, 2010.

_____
Signature

1  Guido Saveri (22349) guido@saveri.com
   R. Alexander Saveri (173102) rick@saveri.com
2  Geoffrey C. Rushing (126910) grushing@saveri.com
   Cadio Zirpoli (179108) cadio@saveri.com
3  SAVERI & SAVERI, INC.
   706 Sansome Street
4  San Francisco, CA 94111
   Telephone:   (415) 217-6810
5  Facsimile:   (415) 217-6813

6  *Interim Lead Counsel for the Direct Purchaser
   Plaintiffs*

7

8

9              UNITED STATES DISTRICT COURT

10    NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11

12 | IN RE: CATHODE RAY TUBE (CRT) | MASTER FILE NO. 07-cv-5944 SC
   | ANTITRUST LITIGATION |
13 |  | MDL NO. 1917
14 | This Document Relates to: | **PLAINTIFF HAWEL A. HAWEL D/B/A
   |  | CITY ELECTRONICS' RESPONSES TO**
15 | ALL DIRECT PURCHASER ACTIONS | **DEFENDANT HITACHI AMERICA,
   |  | LTD.'S FIRST SET OF**
16 |  | **INTERROGATORIES**
17

18 PROPOUNDING PARTY:      HITACHI AMERICA, LTD.

19 RESPONDING PARTY:       PLAINTIFF HAWEL A. HAWEL D/B/A CITY
                           ELECTRONICS
20

21 SET NO.:                ONE

22          Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Hawel A.

23 Hawel d/b/a City Electronics ("Plaintiff"), by its attorneys, objects and responds to Defendant

24 Hitachi America, Ltd.'s First Set of Interrogatories to the Direct Purchaser Plaintiffs (the

25 "Interrogatories") as follows:

26                         **GENERAL OBJECTIONS**

27          Each of the following objections is incorporated by reference into each of the responses

28 herein:

815488.1

1      1.     Plaintiff and its counsel have not completed their (1) investigation of the facts

2 relating to this case, (2) discovery in this action, or (3) preparation for trial.  The following

3 responses are therefore based upon information known at this time and are provided without

4 prejudice to Plaintiff's right to supplement these responses prior to trial or to produce evidence

5 based on subsequently discovered information.  Likewise, Plaintiff's responses are based upon,

6 and therefore limited by, Plaintiff's present knowledge and recollection, and consequently,

7 Plaintiff reserves the right to make any changes in these responses if it appears at any time that

8 inadvertent errors or omissions have been made.

9      2.     Plaintiff generally objects to the Interrogatories, including the Instructions and

10 Definitions, to the extent they purport to enlarge, expand or alter in any way the plain meaning and

11 scope of any interrogatory or to impose any obligations on Plaintiff's responses in excess of those

12 required by the Federal Rules of Civil Procedure.  Plaintiff will respond to these Interrogatories in

13 accordance with its understanding of the obligations imposed by the Federal Rules of Civil

14 Procedure.

15      3.     Plaintiff objects to the Interrogatories, including the Instructions and Definitions, to

16 the extent the information sought is protected by the attorney-client privilege, the attorney work

17 product doctrine, or is otherwise privileged and/or immune from discovery.  By responding to

18 these Interrogatories, Plaintiff does not waive, intentionally or otherwise, any attorney-client

19 privilege, attorney work-product or any other privilege, immunity or other protection that may be

20 asserted to protect any information from disclosure.  Accordingly, any response or production of

21 documents or disclosure of information inconsistent with the foregoing is wholly inadvertent and

22 shall not constitute a waiver of any such privilege, immunity or other applicable protection.

23      4.     Plaintiff objects to the Interrogatories to the extent they fail to state with sufficient

24 particularity the information and categories of information to be provided.

25      5.     Plaintiff objects to the Interrogatories to the extent they request Plaintiff to produce

26 documents outside its possession, custody, or control.

27      6.     Plaintiff objects to the Interrogatories to the extent they are overly broad and

28 unduly burdensome.

815488.1                2           MDL NO. 1917
PLAINTIFF HAWEL A. HAWEL D/B/A CITY ELECTRONICS' RESPONSES TO DEFENDANT HITACHI
AMERICA, LTD.'S FIRST SET OF INTERROGATORIES      103

7.      Plaintiff objects to the Interrogatories to the extent they are vague, ambiguous, redundant, harassing or oppressive.

8.      Plaintiff objects to the Interrogatories to the extent they require Plaintiff to draw legal conclusions.

9.      Plaintiff objects to the Interrogatories to the extent the information requested is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.      Plaintiff objects to the Interrogatories to the extent that they, or any portion of them, seek production of any information within the possession, custody, or control of any Defendant, or of publicly available information such that the information is obtainable from some other source that is more convenient, less burdensome or less expensive, or the production of the information will impose undue burden, inconvenience, or expense upon Plaintiff.

11.      Plaintiff objects to each and every interrogatory and also to the instructions accompanying them, to the extent they seek to require Plaintiff to produce all information that supports or otherwise relates to specific contentions in this litigation, on the ground that such contention interrogatories are unduly burdensome and premature at this stage of the litigation.

12.      Plaintiff objects to the Interrogatories to the extent that they seek information relating to the sales or use of CRT(s) and/or CRT PRODUCT(s) acquired by Plaintiff, or other such downstream data, because such information is not relevant to the claim or defense of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Additionally, information other than that related to direct purchases of CRT Products from the named defendants in this action has been barred by the United States Supreme Court, *Illinois Brick Co. v. Illinois,* 431 U.S. 720 (1977).

13.      Plaintiff objects to the Interrogatories to the extent that they seek information that requires expert opinion. Plaintiff is entitled to provide additional evidence that is responsive to one or more of the interrogatories in the form of expert reports at the appropriate time, and no response should be construed to foreclose any such disclosure.

14.      Plaintiff reserves the right to modify their allegations based on additional

1  discovery, additional analysis of existing discovery, discovery not yet completed and/or expert

2  discovery, and Plaintiff reserves the right to supplement and/or delete the responses given in light

3  of further evidence and further analysis of present and subsequently acquired evidence.

4       15.     In addition, in accordance with the Federal Rules of Civil Procedure, Plaintiff

5  reserves the right to introduce evidence not yet identified herein supporting Plaintiff's allegations,

6  including evidence that Plaintiff expects to further develop through the course of discovery and

7  expert analysis.

8       16.     In providing responses to the Interrogatories, Plaintiff reserves all objections as to

9  competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent

10  proceeding in, or trial of, this or any other action for any purpose whatsoever.

11       17.     No incidental or implied admissions are intended in these responses.  Plaintiff's

12  response to all or any part of any Interrogatory should not be taken as an admission that: (a)

13  Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by the Interrogatory; or

14  (b) Plaintiff has in its possession, custody or control documents or information responsive to that

15  interrogatory; or (c) documents or information responsive to that interrogatory exist.  Plaintiff's

16  response to all or any part of an Interrogatory also is not intended to be, and shall not be, a waiver

17  by Plaintiff of all or any part of its objection(s) to that interrogatory.

18       18.     Plaintiff objects to the interrogatories to the extent they are duplicative of

19  interrogatories served by other defendants in this litigation.  To the extent these interrogatories

20  seek answers that are duplicative to those requested by other interrogatories that have already been

21  propounded on the direct purchaser class, or served at the same time as these interrogatories, the

22  direct purchaser plaintiffs will only answer them once.

23       19.     Plaintiff objects to these interrogatories to the extent that the cumulative requests

24  by all defendants in this litigation exceed the permissible number set forth in the Federal Rules.

25                                    **RESPONSES**

26  **INTERROGATORY NO. I:**

27       IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR

28  responses to these interrogatories.

815488.1                                    4                                    MDL NO. 1917

PLAINTIFF HAWEL A. HAWEL D/B/A CITY ELECTRONICS' RESPONSES TO DEFENDANT HITACHI
AMERICA, LTD.'S FIRST SET OF INTERROGATORIES

105

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows: Hawel A. Hawel (owner) and Mark McLain (office manager).

**INTERROGATORY NO. 2:**

Separately identify each CRT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not respond to this interrogatory because it impermissibly calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

**INTERROGATORY NO. 3:**

Separately identify each CRT PRODUCT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT PRODUCT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

1  YOUR response.

2  **RESPONSE TO INTERROGATORY NO. 3:**

3       Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

4  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

5  broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

6  seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

7  not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

8  respond to this interrogatory because it impermissibly calls for downstream information

9  concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

10  defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

11  2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

12  2005).

13  **INTERROGATORY NO. 4:**

14       For each sale of a CRT identified in Interrogatory No. 2, state all terms and conditions that

15  were a part of the sale, including without limitation all terms and conditions RELATING TO

16  pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any PERSON in connection

17  with the sale.

18       As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

19  YOUR response.

20  **RESPONSE TO INTERROGATORY NO. 4:**

21       Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

22  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

23  broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

24  seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

25  not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

26  respond to this interrogatory because it impermissibly calls for downstream information

27  concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

28  defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

815488.1                     6                  MDL NO. 1917
PLAINTIFF HAWEL A. HAWEL D/B/A CITY ELECTRONICS' RESPONSES TO DEFENDANT HITACHI
AMERICA, LTD.'S FIRST SET OF INTERROGATORIES          107

1  2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

2  2005).

3  **INTERROGATORY NO. 5:**

4      For each sale of a CRT PRODUCT identified in Interrogatory No. 3, state all terms and

5  conditions that were a part of the sale, including without limitation all terms and conditions

6  RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any

7  PERSON in connection with the sale.

8      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

9  YOUR response.

10  **RESPONSE TO INTERROGATORY NO. 5:**

11      Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

12  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

13  broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

14  seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

15  not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

16  respond to this interrogatory because it impermissibly calls for downstream information

17  concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

18  defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

19  2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

20  2005).

21  **INTERROGATORY NO. 6:**

22      Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT,

23  including without limitation their subsidiaries and affiliates, state for each calendar year of the

24  RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRTs YOU acquired

25  or sold.

26      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

27  YOUR response.

28

815488.1                         7                    MDL NO. 1917
PLAINTIFF HAWEL A. HAWEL D/B/A CITY ELECTRONICS' RESPONSES TO DEFENDANT HITACHI
AMERICA, LTD.'S FIRST SET OF INTERROGATORIES         108

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory because it calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party.  Plaintiff further objects to this interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or theories that may be the subject of expert testimony.  Plaintiff also objects to this interrogatory to the extent it calls for disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from discovery.  Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action. Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the Northern District of California.  Subject to, and without waiving these objections, Plaintiff's purchases of CRTs from the defendants may be derived from their production of documents. *See* Bates Range HAWEL0000001-10.

**INTERROGATORY NO. 7:**

Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT, including without limitation their subsidiaries and affiliates, state for each calendar year of the RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRT PRODUCTS YOU acquired or sold.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory because it calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party.  Plaintiff further objects to this interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or theories that may be the subject of expert testimony.  Plaintiff also objects to this interrogatory to the extent it calls for disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from discovery.  Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action.  Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the Northern District of California.  Subject to, and without waiving these objections, Plaintiff's purchases of CRT Products from the defendants may be derived from their production of documents. *See* Bates Range HAWEL0000001-10.

**INTERROGATORY NO. 8:**

IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the terms and conditions for each of YOUR acquisitions or sales of CRTs during the RELEVANT PERIOD.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks

PLAINTIFF HAWEL A. HAWEL D/B/A CITY ELECTRONICS' RESPONSES TO DEFENDANT HITACHI
AMERICA, LTD.'S FIRST SET OF INTERROGATORIES

1  information entirely irrelevant to the issues raised and damages claimed in this case and is not

2  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

3  because it calls for downstream information concerning sales of CRTs by Plaintiff and such

4  information is not relevant to the claims or defenses of any party.  *See, e.g., In re Vitamins*

5  *Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust*

6  *Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Plaintiff further objects to this interrogatory on

7  the ground that it is duplicative of other interrogatories served in this action.

8      Subject to, and without waiving, the foregoing objections, Plaintiff responds with respect

9  to their acquisition of CRT Products from defendants as follows: Plaintiff does not recall any

10  "negotiations," however, Mark McLain is the person who has been ordering the parts, including

11  CRTs for City Electronics for the last approximately 10 years.

12  **INTERROGATORY NO. 9:**

13      IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the

14  terms and conditions for each of YOUR acquisitions or sales of CRT PRODUCTS during the

15  RELEVANT PERIOD.

16  **RESPONSE TO INTERROGATORY NO. 9:**

17      Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

18  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

19  broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks

20  information entirely irrelevant to the issues raised and damages claimed in this case and is not

21  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

22  because it calls for downstream information concerning sales of CRTs by Plaintiff and such

23  information is not relevant to the claims or defenses of any party.  *See, e.g., In re Vitamins*

24  *Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust*

25  *Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Plaintiff further objects to this interrogatory on

26  the ground that it is duplicative of other interrogatories served in this action.

27      Subject to, and without waiving, the foregoing objections, Plaintiff responds with respect

28  to their acquisition of CRT Products from defendants as follows:  Plaintiff did not purchase CRT

PLAINTIFF HAWEL A. HAWEL D/B/A CITY ELECTRONICS' RESPONSES TO DEFENDANT HITACHI
AMERICA, LTD.'S FIRST SET OF INTERROGATORIES                        111

1 Products such as television sets, etc.  Plaintiff purchases television parts to make repairs. Mark

2 McLain is the person who has been ordering the parts, including CRTs for City Electronics for the

3 last approximately 10 years.

4 **INTERROGATORY NO. 10:**

5      IDENTIFY YOUR product specifications for each acquisition or potential acquisition of

6 CRTs during the RELEVANT PERIOD, including without limitation all PERSONS with

7 knowledge of those specifications.

8 **RESPONSE TO INTERROGATORY NO. 10:**

9      Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff also

10 objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

11 broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

12 information entirely irrelevant to the issues raised and damages claimed in this case and is not

13 likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

14 on the ground that it is duplicative of other interrogatories served in this action.  Subject to, and

15 without waiving, the foregoing objections, Plaintiff responds as follows:  CRTs are acquired as

16 needed for television repairs.  The specifications for each purchase are determined by the make

17 and model of the television being repaired.  Mark McLain and Hawel A. Hawel.  In addition, the

18 answer to this interrogatory may be derived from Plaintiff's production of documents. *See* Bates

19 Range HAWEL0000001-10.

20 **INTERROGATORY NO. 11:**

21      IDENTIFY YOUR product specifications for each acquisition or potential acquisition of

22 CRT PRODUCTS during the RELEVANT PERIOD, including without limitation all PERSONS

23 with knowledge of those specifications.

24 **RESPONSE TO INTERROGATORY NO. 11:**

25      Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff also

26 objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

27 broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

28 information entirely irrelevant to the issues raised and damages claimed in this case and is not

815488.1      11      MDL NO. 1917

PLAINTIFF HAWEL A. HAWEL D/B/A CITY ELECTRONICS' RESPONSES TO DEFENDANT HITACHI
AMERICA, LTD.'S FIRST SET OF INTERROGATORIES      112

1  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

2  on the ground that it is duplicative of other interrogatories served in this action.  Subject to, and

3  without waiving, the foregoing objections, Plaintiff responds as follows:  Plaintiff did not

4  purchase CRT Products such as television sets, etc.  Plaintiff purchases television parts to make

5  television repairs.

6         In addition, the answer to this interrogatory may be derived from plaintiff's production of

7  documents. *See* Bates Range HAWEL0000001-10.

8  **INTERROGATORY NO. 12:**

9         Separately, with respect to each CRT that YOU acquired during the RELEVANT

10  PERIOD, state the total dollar amount by which YOU allege YOU were overcharged as a result of

11  the allegations in the Complaint.

12         As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

13  YOUR response.

14  **RESPONSE TO INTERROGATORY NO. 12:**

15         Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

16  objects to this interrogatory as being a premature contention interrogatory.  *See In re Convergent*

17  *Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent

18  authority for the view that the wisest general policy is to defer propounding and answering

19  contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust*

20  *Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their

21  Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is

22  undertaken.").  Discovery has just started, Defendants have not meaningfully responded to

23  Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take

24  depositions until November 1, 2010).  Plaintiff further objects to this interrogatory to the extent

25  that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert

26  information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or

27  theories that may be the subject of expert testimony.  Plaintiff further objects to this interrogatory

28  on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material

1    neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

2    also objects to this interrogatory to the extent it calls for disclosure of information that is protected

3    by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune

4    from discovery.  Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations

5    beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local

6    Rules of the United States District Court for the Northern District of California.

7    **INTERROGATORY NO. 13:**

8        Separately, with respect to each CRT PRODUCT that YOU acquired during the

9    RELEVANT PERIOD, state the total dollar amount by which YOU allege YOU were

10    overcharged as a result of the allegations in the Complaint.

11        As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

12    YOUR response.

13    **RESPONSE TO INTERROGATORY NO. 13:**

14        Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

15    objects to this interrogatory as being a premature contention interrogatory.  *See In re Convergent*

16    *Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent

17    authority for the view that the wisest general policy is to defer propounding and answering

18    contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust*

19    *Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their

20    Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is

21    undertaken.").  Discovery has just started, Defendants have not meaningfully responded to

22    Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take

23    depositions until November 1, 2010).  Plaintiff further objects to this interrogatory to the extent

24    that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert

25    information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or

26    theories that may be the subject of expert testimony.  Plaintiff further objects to this interrogatory

27    on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material

28    neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

PLAINTIFF HAWEL A. HAWEL D/B/A CITY ELECTRONICS' RESPONSES TO DEFENDANT HITACHI
AMERICA, LTD.'S FIRST SET OF INTERROGATORIES

1    also objects to this interrogatory to the extent it calls for disclosure of information that is protected

2    by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune

3    from discovery.  Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations

4    beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local

5    Rules of the United States District Court for the Northern District of California.

6

7    DATED:  July 8, 2010                 By:      /s/ Guido Saveri

8                                           SAVERI & SAVERI, INC.
                                          706 Sansome Street

9                                           San Francisco, CA 94111
                                          Telephone:     (415) 217-6810

10                                         Facsimile:      (415) 217-6813

11    Crt.271a-4                             *Interim Lead Counsel for the Direct*
                                        *Purchaser Plaintiffs*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

815488.1                          14                         MDL NO. 1917
PLAINTIFF HAWEL A. HAWEL D/B/A CITY ELECTRONICS' RESPONSES TO DEFENDANT HITACHI
AMERICA, LTD.'S FIRST SET OF INTERROGATORIES              115

# **VERIFICATION**

I, Hawel A. Hawel, am the owner of City Electronics. I do hereby state, under penalty of perjury under the laws of the United States, that the responses contained in Plaintiff Hawel A. Hawel dba City Electronics 's Responses and Objections to Defendant Hitachi America, Ltd.'s First Set of Interrogatories are true and correct to the best of my knowledge.

Executed on July 8, 2010.


_____
Hawel A. Hawel


verification

116