Guido Saveri (22349) guido@saveri.com
R. Alexander Saveri (173102) rick@saveri.com
Geoffrey C. Rushing (126910) grushing@saveri.com
Cadio Zirpoli (179108) cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:   (415) 217-6810
Facsimile:   (415) 217-6813

*Interim Lead Counsel for the Direct Purchaser
Plaintiffs*

[*Additional counsel appear on signature page.*]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 SC<br><br>MDL NO. 1917 |
| This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | **MEIJER, INC.'S AND MEIJER DISTRIBUTION, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:        HITACHI AMERICA, LTD.

RESPONDING PARTY:        MEIJER, INC. AND MEIJER DISTRIBUTION, INC.

SET NO.:                ONE

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Direct Purchaser Plaintiffs Meijer, Inc. and Meijer Distribution, Inc. ("Plaintiffs" or "Meijer"), by their attorneys, object and respond to Defendant Hitachi America, Ltd.'s First Set of Interrogatories to the Direct Purchaser Plaintiffs (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

Each of the following objections is incorporated by reference into each of the responses herein:

1.        Plaintiffs and their counsel have not completed their (1) investigation of the facts

1 relating to this case, (2) discovery in this action, or (3) preparation for trial. The following
2 responses are therefore based upon information known at this time and are provided without
3 prejudice to Plaintiffs' right to supplement these responses prior to trial or to produce evidence
4 based on subsequently discovered information. Likewise, Plaintiffs' responses are based upon,
5 and therefore limited by, Plaintiffs' present knowledge and recollection, and consequently,
6 Plaintiffs reserve the right to make any changes in these responses if it appears at any time that
7 inadvertent errors or omissions have been made.

8        2.     Plaintiffs generally object to the Interrogatories, including the instructions and
9 definitions, to the extent they purport to enlarge, expand or alter in any way the plain meaning and
10 scope of any interrogatory or to impose any obligations on Plaintiffs' responses in excess of those
11 required by the Federal Rules of Civil Procedure. Plaintiffs will respond to these Interrogatories
12 in accordance with their understanding of the obligations imposed by the Federal Rules of Civil
13 Procedure.

14        3.     Plaintiffs object to the Interrogatories, including the instructions and definitions, to
15 the extent the information sought is protected by the attorney-client privilege, the attorney work
16 product doctrine, or is otherwise privileged and/or immune from discovery. By responding to
17 these Interrogatories, Plaintiffs do not waive, intentionally or otherwise, any attorney-client
18 privilege, attorney work-product or any other privilege, immunity or other protection that may be
19 asserted to protect any information from disclosure. Accordingly, any response or production of
20 documents or disclosure of information inconsistent with the foregoing is wholly inadvertent and
21 shall not constitute a waiver of any such privilege, immunity or other applicable protection.

22        4.     Plaintiffs object to the Interrogatories to the extent they fail to state with sufficient
23 particularity the information and categories of information to be provided.

24        5.     Plaintiffs object to the Interrogatories to the extent they request Plaintiffs to
25 produce documents outside their possession, custody, or control.

26        6.     Plaintiffs object to the Interrogatories to the extent they are overly broad and
27 unduly burdensome.

28        7.     Plaintiffs object to the Interrogatories to the extent they are vague, ambiguous,

2

MDL NO. 1917

MEIJER INC.'S AND MEIJER DISTRIBUTION, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA,
LTD.'S FIRST SET OF INTERROGATORIES

118

1   redundant, harassing or oppressive.

2       8.     Plaintiffs object to the Interrogatories to the extent they require Plaintiffs to draw

3   legal conclusions.

4       9.     Plaintiffs object to the Interrogatories to the extent the information requested is

5   neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6       10.    Plaintiffs object to the Interrogatories to the extent that they, or any portion of

7   them, seek production of any information within the possession, custody, or control of any

8   Defendant, or of publicly available information such that the information is obtainable from some

9   other source that is more convenient, less burdensome or less expensive, or the production of the

10   information will impose undue burden, inconvenience, or expense upon Plaintiffs.

11       11.    Plaintiffs object to each and every interrogatory and also to the instructions

12   accompanying them, to the extent they seek to require Plaintiffs to produce all information that

13   supports or otherwise relates to specific contentions in this litigation, on the ground that such

14   contention interrogatories are unduly burdensome and premature at this stage of the litigation.

15       12.    Plaintiffs object to the Interrogatories to the extent that they seek information

16   relating to the sales or use of CRT(s) and/or CRT PRODUCT(s) acquired by Plaintiffs, or other

17   such downstream data, because such information is not relevant to the claim or defense of any

18   party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure*

19   *Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Additionally,

20   information other than that related to direct purchases of CRTs and/or CRT Products from the

21   named Defendants in this action has been barred by the United States Supreme Court. *See Illinois*

22   *Brick Co. v. Illinois,* 431 U.S. 720 (1977).

23       13.    Plaintiffs object to the Interrogatories to the extent that they seek information that

24   requires expert opinion. Plaintiffs are entitled to provide additional evidence that is responsive to

25   one or more of the Interrogatories in the form of expert reports at the appropriate time, and no

26   response should be construed to foreclose any such disclosure.

27       14.    Plaintiffs reserve the right to modify their responses based on additional discovery,

28   additional analysis of existing discovery, discovery not yet completed and/or expert discovery, and

3

MDL NO. 1917

MEIJER INC.'S AND MEIJER DISTRIBUTION, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA,
LTD.'S FIRST SET OF INTERROGATORIES

119

1  Plaintiffs reserve the right to supplement and/or delete the responses given in light of further

2  evidence and further analysis of present and subsequently acquired evidence.

3       15.     In addition, in accordance with the Federal Rules of Civil Procedure, Plaintiffs

4  reserve the right to introduce evidence not yet identified herein supporting Plaintiffs' allegations,

5  including evidence that Plaintiffs expect to further develop through the course of discovery and

6  expert analysis.

7       16.     In providing responses to the Interrogatories, Plaintiffs reserve all objections as to

8  competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent

9  proceeding in, or trial of, this or any other action for any purpose whatsoever.

10      17.     No incidental or implied admissions are intended in these responses. Plaintiffs'

11  response to all or any part of any interrogatory should not be taken as an admission that: (a)

12  Plaintiffs accept or admit the existence of any fact(s) set forth or assumed by the interrogatory; or

13  (b) Plaintiffs have in their possession, custody or control documents or information responsive to

14  that interrogatory; or (c) documents or information responsive to that interrogatory exist.

15  Plaintiffs' response to all or any part of an interrogatory also is not intended to be, and shall not

16  be, a waiver by Plaintiffs of all or any part of their objection(s) to that interrogatory.

17      18.     Plaintiffs object to the Interrogatories to the extent they are duplicative of

18  interrogatories served by other Defendants in this litigation. To the extent these Interrogatories

19  seek answers that are duplicative to those requested by other interrogatories that have already been

20  propounded on the direct purchaser class, or served at the same time as these Interrogatories, the

21  direct purchaser Plaintiffs will only answer them once.

22      19.     Plaintiffs object to these Interrogatories to the extent that the cumulative requests

23  by all Defendants in this litigation exceed the permissible number set forth in the Federal Rules.

24      20.     Plaintiffs object to these Interrogatories, instructions and definitions to the extent

25  they call for documents or information relating to a time period other than the relevant Class

26  Period as defined in the Direct Purchaser Plaintiffs' Consolidated Amended Complaint. Plaintiffs

27  will provide information only as to the relevant Class Period.

28

MEIJER INC.'S AND MEIJER DISTRIBUTION, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA,
LTD.'S FIRST SET OF INTERROGATORIES                                          120

**RESPONSES**

**INTERROGATORY NO. 1:**

IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these Interrogatories.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiffs incorporate the General Objections as though fully set forth herein. Subject to, and without waiving, the foregoing objections, Meijer responds as follows: Tim Kause, Buyer/Merchandiser, and counsel for Meijer participated in the preparation of Meijer's responses to these Interrogatories.

**INTERROGATORY NO. 2:**

Separately identify each CRT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs object to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiffs further object to this interrogatory on the ground that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiffs further object and will not respond to this interrogatory because it impermissibly calls for downstream information concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

5

MDL NO. 1917

MEIJER INC.'S AND MEIJER DISTRIBUTION, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES

121

**INTERROGATORY NO. 3:**

Separately identify each CRT PRODUCT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT PRODUCT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs object to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome.  Plaintiffs further object to this interrogatory on the ground that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence.  Plaintiffs further object and will not respond to this interrogatory because it impermissibly calls for downstream information concerning sales of CRT Products by Plaintiffs and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

**INTERROGATORY NO. 4:**

For each sale of a CRT identified in Interrogatory No. 2, state all terms and conditions that were a part of the sale, including without limitation all terms and conditions RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any PERSON in connection with the sale.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs object to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad

6

MDL NO. 1917

MEIJER INC.'S AND MEIJER DISTRIBUTION, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES
122

1   and unduly burdensome.  Plaintiffs further object to this interrogatory on the ground that it seeks

2   information entirely irrelevant to the issues raised and damages claimed in this case and is not

3   likely to lead to the discovery of admissible evidence.  Plaintiffs further object and will not

4   respond to this interrogatory because it impermissibly calls for downstream information

5   concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

6   defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

7   2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

8   2005).

9   **INTERROGATORY NO. 5:**

10          For each sale of a CRT PRODUCT identified in Interrogatory No. 3, state all terms and

11   conditions that were a part of the sale, including without limitation all terms and conditions

12   RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any

13   PERSON in connection with the sale.

14          As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

15   YOUR response.

16   **RESPONSE TO INTERROGATORY NO. 5:**

17          Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs

18   object to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad

19   and unduly burdensome.  Plaintiffs further object to this interrogatory on the ground that it seeks

20   information entirely irrelevant to the issues raised and damages claimed in this case and is not

21   likely to lead to the discovery of admissible evidence.  Plaintiffs further object and will not

22   respond to this interrogatory because it impermissibly calls for downstream information

23   concerning sales of CRT Products by Plaintiffs and such information is not relevant to the claims

24   or defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

25   2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

26   2005).

27   **INTERROGATORY NO. 6:**

28          Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT,

1  including without limitation their subsidiaries and affiliates, state for each calendar year of the

2  RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRTs YOU acquired

3  or sold.

4      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

5  YOUR response.

6  **RESPONSE TO INTERROGATORY NO. 6:**

7      Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs

8  object to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad

9  and unduly burdensome.  Plaintiffs object to this interrogatory on the grounds that it seeks

10  information entirely irrelevant to the issues raised and damages claimed in this case and is not

11  likely to lead to the discovery of admissible evidence.  Plaintiffs further object to this interrogatory

12  because it calls for downstream information concerning sales of CRTs by Plaintiffs and such

13  information is not relevant to the claims or defenses of any party.  Plaintiffs further object to this

14  interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure

15  of experts and expert information, or requires Plaintiffs to set forth factual analyses, comparative

16  analyses, opinions, or theories that may be the subject of expert testimony.  Plaintiffs also object to

17  this interrogatory to the extent it calls for disclosure of information that is protected by the

18  attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from

19  discovery.  Plaintiffs further object to this interrogatory on the ground that it is duplicative of other

20  interrogatories served in this action.  Finally, Plaintiffs object to this interrogatory to the extent it

21  imposes obligations on Plaintiffs beyond the scope of the Federal Rules of Civil Procedure 26 and

22  34 and the applicable Local Rules of the United States District Court for the Northern District of

23  California.  Subject to, and without waiving these objections, Meijer responds that it has not

24  purchased CRTs.

25  **INTERROGATORY NO. 7:**

26      Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT,

27  including without limitation their subsidiaries and affiliates, state for each calendar year of the

28  RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRT PRODUCTS

8

MDL NO. 1917

MEIJER INC.'S AND MEIJER DISTRIBUTION, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA,
LTD.'S FIRST SET OF INTERROGATORIES

124

1  YOU acquired or sold.

2      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

3  YOUR response.

4  **RESPONSE TO INTERROGATORY NO. 7:**

5      Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs

6  object to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad

7  and unduly burdensome.  Plaintiffs object to this interrogatory on the grounds that it seeks

8  information entirely irrelevant to the issues raised and damages claimed in this case and is not

9  likely to lead to the discovery of admissible evidence.  Plaintiffs further object to this interrogatory

10  because it calls for downstream information concerning sales of CRT Products by Plaintiffs and

11  such information is not relevant to the claims or defenses of any party.  Plaintiffs further object to

12  this interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal

13  disclosure of experts and expert information, or requires Plaintiffs to set forth factual analyses,

14  comparative analyses, opinions, or theories that may be the subject of expert testimony.  Plaintiffs

15  also object to this interrogatory to the extent it calls for disclosure of information that is protected

16  by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune

17  from discovery.  Plaintiffs further object to this interrogatory on the ground that it is duplicative of

18  other interrogatories served in this action.  Finally, Plaintiffs object to this interrogatory to the

19  extent it imposes obligations on Plaintiffs beyond the scope of the Federal Rules of Civil

20  Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the

21  Northern District of California.  Subject to, and without waiving these objections, Meijer's

22  purchases of CRT Products from the Defendants may be derived from Meijer's production of

23  documents.

24  **INTERROGATORY NO. 8:**

25      IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the

26  terms and conditions for each of YOUR acquisitions or sales of CRTs during the RELEVANT

27  PERIOD.

28

MEIJER INC.'S AND MEIJER DISTRIBUTION, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs object to this interrogatory on the grounds it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiffs object to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiffs further object to this interrogatory because it calls for downstream information concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Plaintiffs further object to this interrogatory on the ground that it is duplicative of other interrogatories served in this action.

Subject to, and without waiving, the foregoing objections, Meijer responds with respect to their acquisition of CRTs as follows:  Meijer did not purchase CRTs during the Relevant Period.

**INTERROGATORY NO. 9:**

IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the terms and conditions for each of YOUR acquisitions or sales of CRT PRODUCTS during the RELEVANT PERIOD.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs object to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiffs object to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiffs further object to this interrogatory because it calls for downstream information concerning sales of CRT Products by Plaintiffs and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Plaintiffs further object to this interrogatory on the ground that it is duplicative of other interrogatories served in this action.

10

MDL NO. 1917

MEIJER INC.'S AND MEIJER DISTRIBUTION, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES

126

1    Subject to, and without waiving, the foregoing objections, Meijer responds with respect to

2    their acquisition of CRT Products as follows:  Tim Kause, Buyer/Merchandiser, has knowledge of

3    Meijer's negotiations of the terms and conditions for its acquisitions of CRT Products.

4    Information responsive to this interrogatory may be derived from Meijer's production of

5    documents.

6    **INTERROGATORY NO. 10:**

7    IDENTIFY YOUR product specifications for each acquisition or potential acquisition of

8    CRTs during the RELEVANT PERIOD, including without limitation all PERSONS with

9    knowledge of those specifications.

10   **RESPONSE TO INTERROGATORY NO. 10:**

11   Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs

12   also object to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

13   broad and unduly burdensome.  Plaintiffs object to this interrogatory on the grounds that it seeks

14   information entirely irrelevant to the issues raised and damages claimed in this case and is not

15   likely to lead to the discovery of admissible evidence.  Plaintiffs further object to this interrogatory

16   on the ground that it is duplicative of other interrogatories served in this action.  Subject to, and

17   without waiving, the foregoing objections, Meijer respond as follows:  Meijer did not purchase

18   CRTs during the Relevant Period.

19   **INTERROGATORY NO. 11:**

20   IDENTIFY YOUR product specifications for each acquisition or potential acquisition of

21   CRT PRODUCTS during the RELEVANT PERIOD, including without limitation all PERSONS

22   with knowledge of those specifications.

23   **RESPONSE TO INTERROGATORY NO. 11:**

24   Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs

25   also object to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

26   broad and unduly burdensome.  Plaintiffs object to this interrogatory on the grounds that it seeks

27   information entirely irrelevant to the issues raised and damages claimed in this case and is not

28   likely to lead to the discovery of admissible evidence.  Plaintiffs further object to this interrogatory

MEIJER INC.'S AND MEIJER DISTRIBUTION, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES

1  on the ground that it is duplicative of other interrogatories served in this action.  Subject to, and

2  without waiving, the foregoing objections, Meijer responds as follows:  Meijer has no specific

3  product specifications concerning its acquisitions of CRT Products, however, the factors that it

4  considers in making its purchase decisions are price, quality and reliable supply.

5  **INTERROGATORY NO. 12:**

6      Separately, with respect to each CRT that YOU acquired during the RELEVANT

7  PERIOD, state the total dollar amount by which YOU allege YOU were overcharged as a result of

8  the allegations in the Complaint.

9      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

10  YOUR response.

11  **RESPONSE TO INTERROGATORY NO. 12:**

12      Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs

13  object to this interrogatory as being a premature contention interrogatory.  *See In re Convergent*

14  *Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent

15  authority for the view that the wisest general policy is to defer propounding and answering

16  contention interrogatories until near the end of the discovery period"); *In re Ebay Seller Antitrust*

17  *Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their

18  Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is

19  undertaken.").  Discovery has just started, Defendants have not meaningfully responded to

20  Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take

21  depositions until November 1, 2010).  Plaintiffs further object to this interrogatory to the extent

22  that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert

23  information, or requires Plaintiffs to set forth factual analyses, comparative analyses, opinions, or

24  theories that may be the subject of expert testimony.  Plaintiffs further object to this interrogatory

25  on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material

26  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

27  Plaintiffs also object to this interrogatory to the extent it calls for disclosure of information that is

28  protected by the attorney-client privilege, the work product doctrine, or is otherwise privileged or

1    immune from discovery.  Finally, Plaintiffs object to this interrogatory to the extent it imposes

2    obligations beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable

3    Local Rules of the United States District Court for the Northern District of California.

4    **INTERROGATORY NO. 13:**

5          Separately, with respect to each CRT PRODUCT that YOU acquired during the

6    RELEVANT PERIOD, state the total dollar amount by which YOU allege YOU were

7    overcharged as a result of the allegations in the Complaint.

8          As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

9    YOUR response.

10   **RESPONSE TO INTERROGATORY NO. 13:**

11         Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs

12   object to this interrogatory as being a premature contention interrogatory.  *See In re Convergent*

13   *Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent

14   authority for the view that the wisest general policy is to defer propounding and answering

15   contention interrogatories until near the end of the discovery period"); *In re Ebay Seller Antitrust*

16   *Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their

17   Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is

18   undertaken.").  Discovery has just started, Defendants have not meaningfully responded to

19   Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take

20   depositions until November 1, 2010).  Plaintiffs further object to this interrogatory to the extent

21   that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert

22   information, or requires Plaintiffs to set forth factual analyses, comparative analyses, opinions, or

23   theories that may be the subject of expert testimony.  Plaintiffs further object to this interrogatory

24   on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material

25   neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

26   Plaintiffs also object to this interrogatory to the extent it calls for disclosure of information that is

27   protected by the attorney-client privilege, the work product doctrine, or is otherwise privileged or

28   immune from discovery.  Finally, Plaintiffs object to this interrogatory to the extent it imposes

13                                                          MDL NO. 1917

obligations beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable

Local Rules of the United States District Court for the Northern District of California.

DATED: July 8, 2010                    By:      /s/ Guido Saveri

SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:     (415) 217-6810
Facsimile:     (415) 217-6813

*Interim Lead Counsel for the Direct
Purchaser Plaintiffs*

Linda P. Nussbaum
NUSSBAUM LLP
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Fax: (212) 838-7745
E mail: lnussbaum@nussbaumllp.com

David P. Germaine
VANEK, VICKERS & MASINI, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, IL 60606
Telephone: (312) 224-1500
Fax: (312) 224-1510
E mail: dgermaine@vaneklaw.com

*Counsel for Meijer, Inc. and
Meijer Distribution, Inc.*

MEIJER INC.'S AND MEIJER DISTRIBUTION, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA,
LTD.'S FIRST SET OF INTERROGATORIES                                      130

# VERIFICATION

I, Tim Kause, declare as follows:

I am a Buyer/Merchandiser for Meijer Distribution, Inc., a Plaintiff in the above-named action. I am a representative of Meijer Distribution, Inc. and Meijer, Inc. and I am authorized to act on their behalf in connection with submission of these interrogatory answers.

I have read Meijer, Inc.'s and Meijer Distribution, Inc.'s Responses To Defendant Hitachi America, Ltd.'s First Set of Interrogatories to the Direct Purchaser Plaintiffs.

I verify that the answers provided and written above by Meijer, Inc. and Meijer Distribution, Inc. in these responses are true, accurate and correct to the best of my personal knowledge, information and belief and that of Meijer, Inc. and Meijer Distribution, Inc. derived from information available to Meijer, Inc. and Meijer Distribution, Inc.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, on this the _8th_ day of July, 2010.

_____
Tim Kause

15                                                    MDL NO. 1917
MEIJER INC.'S AND MEIJER DISTRIBUTION, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES

131

1 | Guido Saveri (22349) guido@saveri.com
R. Alexander Saveri (173102) rick@saveri.com
2 | Geoffrey C. Rushing (126910) grushing@saveri.com
Cadio Zirpoli (179108) cadio@saveri.com
3 | SAVERI & SAVERI, INC.
706 Sansome Street
4 | San Francisco, CA 94111
Telephone:   (415) 217-6810
5 | Facsimile:   (415) 217-6813

6 | *Interim Lead Counsel for the Direct Purchaser
Plaintiffs*

7

8

9 | **UNITED STATES DISTRICT COURT**

10 | **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

11

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 SC |
| | MDL NO. 1917 |
| This Document Relates to: | **PLAINTIFF NATHAN MUCHNICK, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES** |
| ALL DIRECT PURCHASER ACTIONS | |

18 | PROPOUNDING PARTY:      HITACHI AMERICA, LTD.

19 | RESPONDING PARTY:      PLAINTIFF NATHAN MUCHNICK, INC.

20 | SET NO.:      ONE

21 |     Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Nathan

22 | Muchnick, Inc. ("Plaintiff"), by its attorneys, objects and responds to Defendant Hitachi America,

23 | Ltd.'s First Set of Interrogatories to the Direct Purchaser Plaintiffs (the "Interrogatories") as

24 | follows:

25 | **GENERAL OBJECTIONS**

26 |     Each of the following objections is incorporated by reference into each of the responses

27 | herein:

28 |     1.      Plaintiff and its counsel have not completed their (1) investigation of the facts

1   relating to this case, (2) discovery in this action, or (3) preparation for trial.   The following

2   responses are therefore based upon information known at this time and are provided without

3   prejudice to Plaintiff's right to supplement these responses prior to trial or to produce evidence

4   based on subsequently discovered information.   Likewise, Plaintiff's responses are based upon,

5   and therefore limited by, Plaintiff's present knowledge and recollection, and consequently,

6   Plaintiff reserves the right to make any changes in these responses if it appears at any time that

7   inadvertent errors or omissions have been made.

8          2.      Plaintiff generally objects to the Interrogatories, including the Instructions and

9   Definitions, to the extent they purport to enlarge, expand or alter in any way the plain meaning and

10  scope of any interrogatory or to impose any obligations on Plaintiff's responses in excess of those

11  required by the Federal Rules of Civil Procedure.   Plaintiff will respond to these Interrogatories in

12  accordance with its understanding of the obligations imposed by the Federal Rules of Civil

13  Procedure.

14         3.      Plaintiff objects to the Interrogatories, including the Instructions and Definitions, to

15  the extent the information sought is protected by the attorney-client privilege, the attorney work

16  product doctrine, or is otherwise privileged and/or immune from discovery.   By responding to

17  these Interrogatories, Plaintiff does not waive, intentionally or otherwise, any attorney-client

18  privilege, attorney work-product or any other privilege, immunity or other protection that may be

19  asserted to protect any information from disclosure.   Accordingly, any response or production of

20  documents or disclosure of information inconsistent with the foregoing is wholly inadvertent and

21  shall not constitute a waiver of any such privilege, immunity or other applicable protection.

22         4.      Plaintiff objects to the Interrogatories to the extent they fail to state with sufficient

23  particularity the information and categories of information to be provided.

24         5.      Plaintiff objects to the Interrogatories to the extent they request Plaintiff to produce

25  documents outside its possession, custody, or control.

26         6.      Plaintiff objects to the Interrogatories to the extent they are overly broad and

27  unduly burdensome.

28         7.      Plaintiff objects to the Interrogatories to the extent they are vague, ambiguous,

PLAINTIFF NATHAN MUCHNICK, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S
FIRST SET OF INTERROGATORIES

1    redundant, harassing or oppressive.

2        8.    Plaintiff objects to the Interrogatories to the extent they require Plaintiff to draw

3    legal conclusions.

4        9.    Plaintiff objects to the Interrogatories to the extent the information requested is

5    neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6        10.   Plaintiff objects to the Interrogatories to the extent that they, or any portion of

7    them, seek production of any information within the possession, custody, or control of any

8    Defendant, or of publicly available information such that the information is obtainable from some

9    other source that is more convenient, less burdensome or less expensive, or the production of the

10   information will impose undue burden, inconvenience, or expense upon Plaintiff.

11       11.   Plaintiff objects to each and every interrogatory and also to the instructions

12   accompanying them, to the extent they seek to require Plaintiff to produce all information that

13   supports or otherwise relates to specific contentions in this litigation, on the ground that such

14   contention interrogatories are unduly burdensome and premature at this stage of the litigation.

15       12.   Plaintiff objects to the Interrogatories to the extent that they seek information

16   relating to the sales or use of CRT(s) and/or CRT PRODUCT(s) acquired by Plaintiff, or other

17   such downstream data, because such information is not relevant to the claim or defense of any

18   party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure

19   Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).   Additionally,

20   information other than that related to direct purchases of CRT Products from the named

21   defendants in this action has been barred by the United States Supreme Court, *Illinois Brick Co. v.

22   Illinois,* 431 U.S. 720 (1977).

23       13.   Plaintiff objects to the Interrogatories to the extent that they seek information that

24   requires expert opinion.  Plaintiff is entitled to provide additional evidence that is responsive to

25   one or more of the interrogatories in the form of expert reports at the appropriate time, and no

26   response should be construed to foreclose any such disclosure.

27       14.   Plaintiff reserves the right to modify their allegations based on additional

28   discovery, additional analysis of existing discovery, discovery not yet completed and/or expert

PLAINTIFF NATHAN MUCHNICK, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S
FIRST SET OF INTERROGATORIES

1  discovery, and Plaintiff reserves the right to supplement and/or delete the responses given in light

2  of further evidence and further analysis of present and subsequently acquired evidence.

3      15.   In addition, in accordance with the Federal Rules of Civil Procedure, Plaintiff

4  reserves the right to introduce evidence not yet identified herein supporting Plaintiff's allegations,

5  including evidence that Plaintiff expects to further develop through the course of discovery and

6  expert analysis.

7      16.   In providing responses to the Interrogatories, Plaintiff reserves all objections as to

8  competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent

9  proceeding in, or trial of, this or any other action for any purpose whatsoever.

10     17.   No incidental or implied admissions are intended in these responses.  Plaintiff's

11  response to all or any part of any Interrogatory should not be taken as an admission that: (a)

12  Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by the Interrogatory; or

13  (b) Plaintiff has in its possession, custody or control documents or information responsive to that

14  interrogatory; or (c) documents or information responsive to that interrogatory exist.  Plaintiff's

15  response to all or any part of an Interrogatory also is not intended to be, and shall not be, a waiver

16  by Plaintiff of all or any part of its objection(s) to that interrogatory.

17     18.   Plaintiff objects to the interrogatories to the extent they are duplicative of

18  interrogatories served by other defendants in this litigation.   To the extent these interrogatories

19  seek answers that are duplicative to those requested by other interrogatories that have already been

20  propounded on the direct purchaser class, or served at the same time as these interrogatories, the

21  direct purchaser plaintiffs will only answer them once.

22     19.   Plaintiff objects to these interrogatories to the extent that the cumulative requests

23  by all defendants in this litigation exceed the permissible number set forth in the Federal Rules.

24                                **RESPONSES**

25  **INTERROGATORY NO. I:**

26      IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR

27  responses to these interrogatories.

28

PLAINTIFF NATHAN MUCHNICK, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S
FIRST SET OF INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows:  Eugene J. Muchnick, sole owner of Plaintiff Nathan Muchnick, Inc. at all relevant times.

**INTERROGATORY NO. 2:**

Separately identify each CRT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not respond to this interrogatory because it impermissibly calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

**INTERROGATORY NO. 3:**

Separately identify each CRT PRODUCT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT PRODUCT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

1  YOUR response.

2  **RESPONSE TO INTERROGATORY NO. 3:**

3        Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

4  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

5  broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

6  seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

7  not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

8  respond to this interrogatory because it impermissibly calls for downstream information

9  concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

10  defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

11  2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

12  2005).

13  **INTERROGATORY NO. 4:**

14        For each sale of a CRT identified in Interrogatory No. 2, state all terms and conditions that

15  were a part of the sale, including without limitation all terms and conditions RELATING TO

16  pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any PERSON in connection

17  with the sale.

18        As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

19  YOUR response.

20  **RESPONSE TO INTERROGATORY NO. 4:**

21        Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

22  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

23  broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

24  seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

25  not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

26  respond to this interrogatory because it impermissibly calls for downstream information

27  concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

28  defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

MDL NO. 1917

PLAINTIFF NATHAN MUCHNICK, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S
FIRST SET OF INTERROGATORIES

1  2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

2  2005).

3  **INTERROGATORY NO. 5:**

4      For each sale of a CRT PRODUCT identified in Interrogatory No. 3, state all terms and

5  conditions that were a part of the sale, including without limitation all terms and conditions

6  RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any

7  PERSON in connection with the sale.

8      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

9  YOUR response.

10  **RESPONSE TO INTERROGATORY NO. 5:**

11      Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

12  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

13  broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

14  seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

15  not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

16  respond to this interrogatory because it impermissibly calls for downstream information

17  concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

18  defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

19  2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

20  2005).

21  **INTERROGATORY NO. 6:**

22      Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT,

23  including without limitation their subsidiaries and affiliates, state for each calendar year of the

24  RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRTs YOU acquired

25  or sold.

26      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

27  YOUR response.

28

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff incorporates the General Objections as though fully set forth herein.   Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome.   Plaintiff objects to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence.   Plaintiff further objects to this interrogatory because it calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party.   Plaintiff further objects to this interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or theories that may be the subject of expert testimony.   Plaintiff also objects to this interrogatory to the extent it calls for disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from discovery.   Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action. Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the Northern District of California.   Subject to, and without waiving these objections, Plaintiff responds that it purchased CRT Products; *see* response to Interrogatory No. 7 below.

**INTERROGATORY NO. 7:**

Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT, including without limitation their subsidiaries and affiliates, state for each calendar year of the RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRT PRODUCTS YOU acquired or sold.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff incorporates the General Objections as though fully set forth herein.   Plaintiff

1  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

2  broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks

3  information entirely irrelevant to the issues raised and damages claimed in this case and is not

4  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

5  because it calls for downstream information concerning sales of CRTs by Plaintiff and such

6  information is not relevant to the claims or defenses of any party.  Plaintiff further objects to this

7  interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure

8  of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative

9  analyses, opinions, or theories that may be the subject of expert testimony.  Plaintiff also objects to

10  this interrogatory to the extent it calls for disclosure of information that is protected by the

11  attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from

12  discovery.  Plaintiff further objects to this interrogatory on the ground that it is duplicative of other

13  interrogatories served in this action.  Finally, Plaintiff objects to this interrogatory to the extent it

14  imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and

15  34 and the applicable Local Rules of the United States District Court for the Northern District of

16  California.  Subject to, and without waiving these objections, Plaintiff's purchases of CRT

17  Products from the defendants may be derived from its production of documents at Bates range NM

18  00001-1322.

19  **INTERROGATORY NO. 8:**

20      IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the

21  terms and conditions for each of YOUR acquisitions or sales of CRTs during the RELEVANT

22  PERIOD.

23  **RESPONSE TO INTERROGATORY NO. 8:**

24      Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

25  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

26  broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks

27  information entirely irrelevant to the issues raised and damages claimed in this case and is not

28  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

1   because it calls for downstream information concerning sales of CRTs by Plaintiff and such

2   information is not relevant to the claims or defenses of any party.   *See, e.g., In re Vitamins*

3   *Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust*

4   *Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Plaintiff further objects to this interrogatory on

5   the ground that it is duplicative of other interrogatories served in this action.

6         Subject to, and without waiving, the foregoing objections, Plaintiff Nathan Muchnick, Inc.

7   responds that it purchased CRT Products; *see* response to Interrogatory No. 9 below.

8   **INTERROGATORY NO. 9:**

9         IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the

10  terms and conditions for each of YOUR acquisitions or sales of CRT PRODUCTS during the

11  RELEVANT PERIOD.

12  **RESPONSE TO INTERROGATORY NO. 9:**

13        Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

14  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

15  broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks

16  information entirely irrelevant to the issues raised and damages claimed in this case and is not

17  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

18  because it calls for downstream information concerning sales of CRTs by Plaintiff and such

19  information is not relevant to the claims or defenses of any party.   *See, e.g., In re Vitamins*

20  *Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust*

21  *Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Plaintiff further objects to this interrogatory on

22  the ground that it is duplicative of other interrogatories served in this action.

23        Subject to, and without waiving, the foregoing objections, Plaintiff responds with respect

24  to its acquisition of CRT Products from defendants as follows:  There were no negotiations over

25  price or trade terms, but rather pricing was as set forth on the seller's price lists, subject to any

26  standard allowances.

27  **INTERROGATORY NO. 10:**

28        IDENTIFY YOUR product specifications for each acquisition or potential acquisition of

1  CRTs during the RELEVANT PERIOD, including without limitation all PERSONS with

2  knowledge of those specifications.

3  **RESPONSE TO INTERROGATORY NO. 10:**

4      Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff also

5  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

6  broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

7  information entirely irrelevant to the issues raised and damages claimed in this case and is not

8  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

9  on the ground that it is duplicative of other interrogatories served in this action.  Subject to, and

10  without waiving, the foregoing objections, Plaintiff responds as follows:  Plaintiff purchased CRT

11  Products; *see* response to Interrogatory No. 11 below.

12  **INTERROGATORY NO. 11:**

13      IDENTIFY YOUR product specifications for each acquisition or potential acquisition of

14  CRT PRODUCTS during the RELEVANT PERIOD, including without limitation all PERSONS

15  with knowledge of those specifications.

16  **RESPONSE TO INTERROGATORY NO. 11:**

17      Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff also

18  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

19  broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

20  information entirely irrelevant to the issues raised and damages claimed in this case and is not

21  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

22  on the ground that it is duplicative of other interrogatories served in this action.  Subject to, and

23  without waiving, the foregoing objections, Plaintiff responds as follows:  There were no product

24  "specifications" other than that purchases of CRT Products were made on a basis of what Plaintiff

25  expected people to buy.   The person most knowledgeable about Plaintiff's CRT Product

26  purchasing practices during the relevant period is Eugene J. Muchnick.  In addition, the answer to

27  this interrogatory may be derived from Plaintiff's production of documents at Bates range NM

28  00001-1322.

**INTERROGATORY NO. 12:**

Separately, with respect to each CRT that YOU acquired during the RELEVANT PERIOD, state the total dollar amount by which YOU allege YOU were overcharged as a result of the allegations in the Complaint.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff objects to this interrogatory as being a premature contention interrogatory. *See In re Convergent Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent authority for the view that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken."). Discovery has just started, Defendants have not meaningfully responded to Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take depositions until November 1, 2010). Plaintiff further objects to this interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or theories that may be the subject of expert testimony. Plaintiff further objects to this interrogatory on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this interrogatory to the extent it calls for disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from discovery. Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the Northern District of California.

**INTERROGATORY NO. 13:**

Separately, with respect to each CRT PRODUCT that YOU acquired during the RELEVANT PERIOD, state the total dollar amount by which YOU allege YOU were overcharged as a result of the allegations in the Complaint.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff objects to this interrogatory as being a premature contention interrogatory.  *See In re Convergent Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent authority for the view that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken.").  Discovery has just started, Defendants have not meaningfully responded to Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take depositions until November 1, 2010).  Plaintiff further objects to this interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or theories that may be the subject of expert testimony.  Plaintiff further objects to this interrogatory on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this interrogatory to the extent it calls for disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from discovery.  Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the Northern District of California.

DATED:  July 7, 2010                          By:        /s/ Guido Saveri
                                                       SAVERI & SAVERI, INC.
                                                       706 Sansome Street
                                                       San Francisco, CA 94111
                                                       Telephone:     (415) 217-6810
                                                       Facsimile:     (415) 217-6813

                                                       *Interim Lead Counsel for the Direct*
                                                       *Purchaser Plaintiffs*

kal531643

MDL NO. 1917

PLAINTIFF NATHAN MUCHNICK, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S
FIRST SET OF INTERROGATORIES

145

# **VERIFICATION**

I, Eugene J. Muchnick, at all relevant times have been the sole owner of Plaintiff Nathan Muchnick, Inc.  I do hereby state, under penalty of perjury under the laws of the United States, that the responses contained in Plaintiff Nathan Muchnick, Inc.'s Responses to Defendant Hitachi America, Ltd.'s First Set of Interrogatories are true and correct to the best of my knowledge.

Executed this 7th day of July, 2010 in West Conshohocken, Pennsylvania.

Eugene J. Muchnick

kal531645

146

Guido Saveri (22349) guido@saveri.com
R. Alexander Saveri (173102) rick@saveri.com
Geoffrey C. Rushing (126910) grushing@saveri.com
Cadio Zirpoli (179108) cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:   (415) 217-6810
Facsimile:    (415) 217-6813

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 SC |
| | MDL NO. 1917 |
| This Document Relates to: | **PLAINTIFF ORION HOME SYSTEMS, LLC'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES** |
| ALL DIRECT PURCHASER ACTIONS | |

PROPOUNDING PARTY:      HITACHI AMERICA, LTD.

RESPONDING PARTY:      PLAINTIFF ORION HOME SYSTEMS, LLC

SET NO.:                          ONE

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Orion Home Systems, LLC ("Plaintiff"), by its attorneys, objects and responds to Defendant Hitachi America, Ltd.'s First Set of Interrogatories to the Direct Purchaser Plaintiffs (the "Interrogatories") as follows:

### GENERAL OBJECTIONS

Each of the following objections is incorporated by reference into each of the responses herein:

1.      Plaintiff and its counsel have not completed their (1) investigation of the facts

1   relating to this case, (2) discovery in this action, or (3) preparation for trial.  The following

2   responses are therefore based upon information known at this time and are provided without

3   prejudice to Plaintiff's right to supplement these responses prior to trial or to produce evidence

4   based on subsequently discovered information.  Likewise, Plaintiff's responses are based upon,

5   and therefore limited by, Plaintiff's present knowledge and recollection, and consequently,

6   Plaintiff reserves the right to make any changes in these responses if it appears at any time that

7   inadvertent errors or omissions have been made.

8        2.       Plaintiff generally objects to the Interrogatories, including the Instructions and

9   Definitions, to the extent they purport to enlarge, expand or alter in any way the plain meaning and

10   scope of any interrogatory or to impose any obligations on Plaintiff's responses in excess of those

11   required by the Federal Rules of Civil Procedure.  Plaintiff will respond to these Interrogatories in

12   accordance with its understanding of the obligations imposed by the Federal Rules of Civil

13   Procedure.

14       3.       Plaintiff objects to the Interrogatories, including the Instructions and Definitions, to

15   the extent the information sought is protected by the attorney-client privilege, the attorney work

16   product doctrine, or is otherwise privileged and/or immune from discovery.  By responding to

17   these Interrogatories, Plaintiff does not waive, intentionally or otherwise, any attorney-client

18   privilege, attorney work-product or any other privilege, immunity or other protection that may be

19   asserted to protect any information from disclosure.  Accordingly, any response or production of

20   documents or disclosure of information inconsistent with the foregoing is wholly inadvertent and

21   shall not constitute a waiver of any such privilege, immunity or other applicable protection.

22       4.       Plaintiff objects to the Interrogatories to the extent they fail to state with sufficient

23   particularity the information and categories of information to be provided.

24       5.       Plaintiff objects to the Interrogatories to the extent they request Plaintiff to produce

25   documents outside its possession, custody, or control.

26       6.       Plaintiff objects to the Interrogatories to the extent they are overly broad and

27   unduly burdensome.

28       7.       Plaintiff objects to the Interrogatories to the extent they are vague, ambiguous,

1   redundant, harassing or oppressive.

2       8.      Plaintiff objects to the Interrogatories to the extent they require Plaintiff to draw

3   legal conclusions.

4       9.      Plaintiff objects to the Interrogatories to the extent the information requested is

5   neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6       10.     Plaintiff objects to the Interrogatories to the extent that they, or any portion of

7   them, seek production of any information within the possession, custody, or control of any

8   Defendant, or of publicly available information such that the information is obtainable from some

9   other source that is more convenient, less burdensome or less expensive, or the production of the

10  information will impose undue burden, inconvenience, or expense upon Plaintiff.

11      11.     Plaintiff objects to each and every interrogatory and also to the instructions

12  accompanying them, to the extent they seek to require Plaintiff to produce all information that

13  supports or otherwise relates to specific contentions in this litigation, on the ground that such

14  contention interrogatories are unduly burdensome and premature at this stage of the litigation.

15      12.     Plaintiff objects to the Interrogatories to the extent that they seek information

16  relating to the sales or use of CRT(s) and/or CRT PRODUCT(s) acquired by Plaintiff, or other

17  such downstream data, because such information is not relevant to the claim or defense of any

18  party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure

19  Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Additionally,

20  information other than that related to direct purchases of CRT Products from the named

21  defendants in this action has been barred by the United States Supreme Court, *Illinois Brick Co. v.*

22  *Illinois,* 431 U.S. 720 (1977).

23      13.     Plaintiff objects to the Interrogatories to the extent that they seek information that

24  requires expert opinion.  Plaintiff is entitled to provide additional evidence that is responsive to

25  one or more of the interrogatories in the form of expert reports at the appropriate time, and no

26  response should be construed to foreclose any such disclosure.

27      14.     Plaintiff reserves the right to modify their allegations based on additional

28  discovery, additional analysis of existing discovery, discovery not yet completed and/or expert

1   discovery, and Plaintiff reserves the right to supplement and/or delete the responses given in light

2   of further evidence and further analysis of present and subsequently acquired evidence.

3        15.     In addition, in accordance with the Federal Rules of Civil Procedure, Plaintiff

4   reserves the right to introduce evidence not yet identified herein supporting Plaintiff's allegations,

5   including evidence that Plaintiff expects to further develop through the course of discovery and

6   expert analysis.

7        16.     In providing responses to the Interrogatories, Plaintiff reserves all objections as to

8   competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent

9   proceeding in, or trial of, this or any other action for any purpose whatsoever.

10        17.     No incidental or implied admissions are intended in these responses.  Plaintiff's

11   response to all or any part of any Interrogatory should not be taken as an admission that: (a)

12   Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by the Interrogatory; or

13   (b) Plaintiff has in its possession, custody or control documents or information responsive to that

14   interrogatory; or (c) documents or information responsive to that interrogatory exist.  Plaintiff's

15   response to all or any part of an Interrogatory also is not intended to be, and shall not be, a waiver

16   by Plaintiff of all or any part of its objection(s) to that interrogatory.

17        18.     Plaintiff objects to the interrogatories to the extent they are duplicative of

18   interrogatories served by other defendants in this litigation.  To the extent these interrogatories

19   seek answers that are duplicative to those requested by other interrogatories that have already been

20   propounded on the direct purchaser class, or served at the same time as these interrogatories, the

21   direct purchaser plaintiffs will only answer them once.

22        19.     Plaintiff objects to these interrogatories to the extent that the cumulative requests

23   by all defendants in this litigation exceed the permissible number set forth in the Federal Rules.

24   **RESPONSES**

25   **INTERROGATORY NO. I:**

26        IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR

27   responses to these interrogatories.

28

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff incorporates the General Objections as though fully set forth herein. Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows: Keith Stanze and counsel for Plaintiffs.

**INTERROGATORY NO. 2:**

Separately identify each CRT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff further objects to this interrogatory on the ground that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiff further objects and will not respond to this interrogatory because it impermissibly calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

**INTERROGATORY NO. 3:**

Separately identify each CRT PRODUCT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT PRODUCT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

1  YOUR response.

2  **RESPONSE TO INTERROGATORY NO. 3:**

3        Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

4  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

5  broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

6  seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

7  not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

8  respond to this interrogatory because it impermissibly calls for downstream information

9  concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

10  defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

11  2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

12  2005).

13  **INTERROGATORY NO. 4:**

14        For each sale of a CRT identified in Interrogatory No. 2, state all terms and conditions that

15  were a part of the sale, including without limitation all terms and conditions RELATING TO

16  pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any PERSON in connection

17  with the sale.

18        As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

19  YOUR response.

20  **RESPONSE TO INTERROGATORY NO. 4:**

21        Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

22  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

23  broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

24  seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

25  not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

26  respond to this interrogatory because it impermissibly calls for downstream information

27  concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

28  defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

815488.1                          6                        MDL NO. 1917
PLAINTIFF ORION HOME SYSTEMS, LLC'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S
FIRST SET OF INTERROGATORIES                    152

1   2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

2   2005).

3   **INTERROGATORY NO. 5:**

4         For each sale of a CRT PRODUCT identified in Interrogatory No. 3, state all terms and

5   conditions that were a part of the sale, including without limitation all terms and conditions

6   RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any

7   PERSON in connection with the sale.

8         As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

9   YOUR response.

10   **RESPONSE TO INTERROGATORY NO. 5:**

11         Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

12   objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

13   broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

14   seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

15   not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

16   respond to this interrogatory because it impermissibly calls for downstream information

17   concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

18   defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

19   2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

20   2005).

21   **INTERROGATORY NO. 6:**

22         Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT,

23   including without limitation their subsidiaries and affiliates, state for each calendar year of the

24   RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRTs YOU acquired

25   or sold.

26         As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

27   YOUR response.

28

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory because it calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party.  Plaintiff further objects to this interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or theories that may be the subject of expert testimony.  Plaintiff also objects to this interrogatory to the extent it calls for disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from discovery.  Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action. Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the Northern District of California.  Subject to, and without waiving these objections, Plaintiff responds that it did not purchase CRTs (as opposed to CRT Products) during the Relevant Period.

**INTERROGATORY NO. 7:**

Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT, including without limitation their subsidiaries and affiliates, state for each calendar year of the RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRT PRODUCTS YOU acquired or sold.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

1  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

2  broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

3  information entirely irrelevant to the issues raised and damages claimed in this case and is not

4  likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory

5  because it calls for downstream information concerning sales of CRTs by Plaintiff and such

6  information is not relevant to the claims or defenses of any party. Plaintiff further objects to this

7  interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure

8  of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative

9  analyses, opinions, or theories that may be the subject of expert testimony. Plaintiff also objects to

10 this interrogatory to the extent it calls for disclosure of information that is protected by the

11 attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from

12 discovery. Plaintiff further objects to this interrogatory on the ground that it is duplicative of other

13 interrogatories served in this action. Finally, Plaintiff objects to this interrogatory to the extent it

14 imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and

15 34 and the applicable Local Rules of the United States District Court for the Northern District of

16 California. Subject to, and without waiving these objections, Plaintiff's purchases of CRT

17 Products from the defendants may be derived from their production of documents. *See*

18 ORION0000001.

19 **INTERROGATORY NO. 8:**

20      IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the

21 terms and conditions for each of YOUR acquisitions or sales of CRTs during the RELEVANT

22 PERIOD.

23 **RESPONSE TO INTERROGATORY NO. 8:**

24      Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff

25 objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

26 broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

27 information entirely irrelevant to the issues raised and damages claimed in this case and is not

28 likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory

1 because it calls for downstream information concerning sales of CRTs by Plaintiff and such

2 information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins*

3 *Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust*

4 *Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Plaintiff further objects to this interrogatory on

5 the ground that it is duplicative of other interrogatories served in this action.

6       Subject to, and without waiving, the foregoing objections, Plaintiff responds that it did not

7 purchase CRTs (as opposed to CRT Products) during the Relevant Period.

8 **INTERROGATORY NO. 9:**

9       IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the

10 terms and conditions for each of YOUR acquisitions or sales of CRT PRODUCTS during the

11 RELEVANT PERIOD.

12 **RESPONSE TO INTERROGATORY NO. 9:**

13       Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff

14 objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

15 broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

16 information entirely irrelevant to the issues raised and damages claimed in this case and is not

17 likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory

18 because it calls for downstream information concerning sales of CRTs by Plaintiff and such

19 information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins*

20 *Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust*

21 *Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Plaintiff further objects to this interrogatory on

22 the ground that it is duplicative of other interrogatories served in this action.

23       Subject to, and without waiving, the foregoing objections, Plaintiff responds with respect

24 to their acquisition of CRT Products from defendants as follows: Keith Stanze.

25 **INTERROGATORY NO. 10:**

26       IDENTIFY YOUR product specifications for each acquisition or potential acquisition of

27 CRTs during the RELEVANT PERIOD, including without limitation all PERSONS with

28 knowledge of those specifications.

1   **RESPONSE TO INTERROGATORY NO. 10:**

2           Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff also

3   objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

4   broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

5   information entirely irrelevant to the issues raised and damages claimed in this case and is not

6   likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

7   on the ground that it is duplicative of other interrogatories served in this action.  Subject to, and

8   without waiving, the foregoing objections, Plaintiff responds that it did not purchase CRTs (as

9   opposed to CRT Products) during the Relevant Period.

10  **INTERROGATORY NO. 11:**

11          IDENTIFY YOUR product specifications for each acquisition or potential acquisition of

12  CRT PRODUCTS during the RELEVANT PERIOD, including without limitation all PERSONS

13  with knowledge of those specifications.

14  **RESPONSE TO INTERROGATORY NO. 11:**

15          Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff also

16  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

17  broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

18  information entirely irrelevant to the issues raised and damages claimed in this case and is not

19  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

20  on the ground that it is duplicative of other interrogatories served in this action.  Subject to, and

21  without waiving, the foregoing objections, Plaintiff responds as follows:  price, performance, and

22  availability.  In addition, the answer to this interrogatory may be derived from Plaintiff's

23  production of documents. *See* ORION0000001.

24  **INTERROGATORY NO. 12:**

25          Separately, with respect to each CRT that YOU acquired during the RELEVANT

26  PERIOD, state the total dollar amount by which YOU allege YOU were overcharged as a result of

27  the allegations in the Complaint.

28          As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

1  YOUR response.

2  **RESPONSE TO INTERROGATORY NO. 12:**

3     Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

4  objects to this interrogatory as being a premature contention interrogatory.  *See In re Convergent*

5  *Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent

6  authority for the view that the wisest general policy is to defer propounding and answering

7  contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust*

8  *Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their

9  Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is

10  undertaken.").  Discovery has just started, Defendants have not meaningfully responded to

11  Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take

12  depositions until November 1, 2010).  Plaintiff further objects to this interrogatory to the extent

13  that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert

14  information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or

15  theories that may be the subject of expert testimony.  Plaintiff further objects to this interrogatory

16  on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material

17  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

18  also objects to this interrogatory to the extent it calls for disclosure of information that is protected

19  by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune

20  from discovery.  Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations

21  beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local

22  Rules of the United States District Court for the Northern District of California.

23  **INTERROGATORY NO. 13:**

24     Separately, with respect to each CRT PRODUCT that YOU acquired during the

25  RELEVANT PERIOD, state the total dollar amount by which YOU allege YOU were

26  overcharged as a result of the allegations in the Complaint.

27     As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

28  YOUR response.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff objects to this interrogatory as being a premature contention interrogatory.  *See In re Convergent Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent authority for the view that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken.").  Discovery has just started, Defendants have not meaningfully responded to Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take depositions until November 1, 2010).  Plaintiff further objects to this interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or theories that may be the subject of expert testimony.  Plaintiff further objects to this interrogatory on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this interrogatory to the extent it calls for disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from discovery.  Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the Northern District of California.

DATED:  July 9, 2010                          By:        /s/ Guido Saveri
                                                        SAVERI & SAVERI, INC.
                                                        706 Sansome Street
                                                        San Francisco, CA 94111
                                                        Telephone:     (415) 217-6810
                                                        Facsimile:     (415) 217-6813

                                                        *Interim Lead Counsel for the Direct
                                                        Purchaser Plaintiffs*

Crt.271a-7

# **VERIFICATION**

I, Keith Stanze, am President of Orion Home Systems, LLC. I do hereby state, under penalty of perjury under the laws of the United States, that the responses contained in Plaintiff Orion Home Systems LLC's Responses and Objections to Defendant Hitachi America, LTD's First Set of Interrogatories are true and correct to the best of my knowledge.

Executed on July 9, 2010.

_____
Signature

verification

Guido Saveri (22349) guido@saveri.com
R. Alexander Saveri (173102) rick@saveri.com
Geoffrey C. Rushing (126910) grushing@saveri.com
Cadio Zirpoli (179108) cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:   (415) 217-6810
Facsimile:   (415) 217-6813

*Interim Lead Counsel for the Direct Purchaser
Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 SC |
| | MDL NO. 1917 |
| This Document Relates to: | **PLAINTIFF PAULA CALL D/B/A POWAY-RANCHO BERNARDO TV'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES** |
| ALL DIRECT PURCHASER ACTIONS | |

PROPOUNDING PARTY:        HITACHI AMERICA, LTD.

RESPONDING PARTY:         PLAINTIFF PAULA CALL D/B/A POWAY-RANCHO
                          BERNARDO TV

SET NO.:                  ONE

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Paula Call d/b/a Poway-Rancho Bernardo TV ("Plaintiff"), by its attorneys, objects and responds to Defendant Hitachi America, Ltd.'s First Set of Interrogatories to the Direct Purchaser Plaintiffs (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

Each of the following objections is incorporated by reference into each of the responses herein:

815488.1

MDL NO. 1917

PLAINTIFF PAULA CALL D/B/A POWAY-RANCHO BERNARDO TV'S RESPONSES TO DEFENDANT
HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES        161

1       1.      Plaintiff and its counsel have not completed their (1) investigation of the facts

2   relating to this case, (2) discovery in this action, or (3) preparation for trial.  The following

3   responses are therefore based upon information known at this time and are provided without

4   prejudice to Plaintiff's right to supplement these responses prior to trial or to produce evidence

5   based on subsequently discovered information.  Likewise, Plaintiff's responses are based upon,

6   and therefore limited by, Plaintiff's present knowledge and recollection, and consequently,

7   Plaintiff reserves the right to make any changes in these responses if it appears at any time that

8   inadvertent errors or omissions have been made.

9       2.      Plaintiff generally objects to the Interrogatories, including the Instructions and

10  Definitions, to the extent they purport to enlarge, expand or alter in any way the plain meaning and

11  scope of any interrogatory or to impose any obligations on Plaintiff's responses in excess of those

12  required by the Federal Rules of Civil Procedure.  Plaintiff will respond to these Interrogatories in

13  accordance with its understanding of the obligations imposed by the Federal Rules of Civil

14  Procedure.

15      3.      Plaintiff objects to the Interrogatories, including the Instructions and Definitions, to

16  the extent the information sought is protected by the attorney-client privilege, the attorney work

17  product doctrine, or is otherwise privileged and/or immune from discovery.  By responding to

18  these Interrogatories, Plaintiff does not waive, intentionally or otherwise, any attorney-client

19  privilege, attorney work-product or any other privilege, immunity or other protection that may be

20  asserted to protect any information from disclosure.  Accordingly, any response or production of

21  documents or disclosure of information inconsistent with the foregoing is wholly inadvertent and

22  shall not constitute a waiver of any such privilege, immunity or other applicable protection.

23      4.      Plaintiff objects to the Interrogatories to the extent they fail to state with sufficient

24  particularity the information and categories of information to be provided.

25      5.      Plaintiff objects to the Interrogatories to the extent they request Plaintiff to produce

26  documents outside its possession, custody, or control.

27      6.      Plaintiff objects to the Interrogatories to the extent they are overly broad and

28  unduly burdensome.

1   7.   Plaintiff objects to the Interrogatories to the extent they are vague, ambiguous,
2   redundant, harassing or oppressive.

3   8.   Plaintiff objects to the Interrogatories to the extent they require Plaintiff to draw
4   legal conclusions.

5   9.   Plaintiff objects to the Interrogatories to the extent the information requested is
6   neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

7   10.   Plaintiff objects to the Interrogatories to the extent that they, or any portion of
8   them, seek production of any information within the possession, custody, or control of any
9   Defendant, or of publicly available information such that the information is obtainable from some
10   other source that is more convenient, less burdensome or less expensive, or the production of the
11   information will impose undue burden, inconvenience, or expense upon Plaintiff.

12   11.   Plaintiff objects to each and every interrogatory and also to the instructions
13   accompanying them, to the extent they seek to require Plaintiff to produce all information that
14   supports or otherwise relates to specific contentions in this litigation, on the ground that such
15   contention interrogatories are unduly burdensome and premature at this stage of the litigation.

16   12.   Plaintiff objects to the Interrogatories to the extent that they seek information
17   relating to the sales or use of CRT(s) and/or CRT PRODUCT(s) acquired by Plaintiff, or other
18   such downstream data, because such information is not relevant to the claim or defense of any
19   party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure*
20   *Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Additionally,
21   information other than that related to direct purchases of CRT Products from the named
22   defendants in this action has been barred by the United States Supreme Court, *Illinois Brick Co. v.*
23   *Illinois,* 431 U.S. 720 (1977).

24   13.   Plaintiff objects to the Interrogatories to the extent that they seek information that
25   requires expert opinion.  Plaintiff is entitled to provide additional evidence that is responsive to
26   one or more of the interrogatories in the form of expert reports at the appropriate time, and no
27   response should be construed to foreclose any such disclosure.

28   14.   Plaintiff reserves the right to modify their allegations based on additional

1  discovery, additional analysis of existing discovery, discovery not yet completed and/or expert

2  discovery, and Plaintiff reserves the right to supplement and/or delete the responses given in light

3  of further evidence and further analysis of present and subsequently acquired evidence.

4      15.    In addition, in accordance with the Federal Rules of Civil Procedure, Plaintiff

5  reserves the right to introduce evidence not yet identified herein supporting Plaintiff's allegations,

6  including evidence that Plaintiff expects to further develop through the course of discovery and

7  expert analysis.

8      16.    In providing responses to the Interrogatories, Plaintiff reserves all objections as to

9  competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent

10  proceeding in, or trial of, this or any other action for any purpose whatsoever.

11      17.    No incidental or implied admissions are intended in these responses.  Plaintiff's

12  response to all or any part of any Interrogatory should not be taken as an admission that: (a)

13  Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by the Interrogatory; or

14  (b) Plaintiff has in its possession, custody or control documents or information responsive to that

15  interrogatory; or (c) documents or information responsive to that interrogatory exist.  Plaintiff's

16  response to all or any part of an Interrogatory also is not intended to be, and shall not be, a waiver

17  by Plaintiff of all or any part of its objection(s) to that interrogatory.

18      18.    Plaintiff objects to the interrogatories to the extent they are duplicative of

19  interrogatories served by other defendants in this litigation.  To the extent these interrogatories

20  seek answers that are duplicative to those requested by other interrogatories that have already been

21  propounded on the direct purchaser class, or served at the same time as these interrogatories, the

22  direct purchaser plaintiffs will only answer them once.

23      19.    Plaintiff objects to these interrogatories to the extent that the cumulative requests

24  by all defendants in this litigation exceed the permissible number set forth in the Federal Rules.

25  **RESPONSES**

26  **INTERROGATORY NO. I:**

27      IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR

28  responses to these interrogatories.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows:  Paula Call and Plaintiff's attorneys, Murray, Frank & Sailer LLP, participated or assisted in the preparation of these responses to these interrogatories.

**INTERROGATORY NO. 2:**

Separately identify each CRT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not respond to this interrogatory because it impermissibly calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

**INTERROGATORY NO. 3:**

Separately identify each CRT PRODUCT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT PRODUCT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

1    As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

2  YOUR response.

3  **RESPONSE TO INTERROGATORY NO. 3:**

4    Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

5  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

6  broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

7  seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

8  not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

9  respond to this interrogatory because it impermissibly calls for downstream information

10  concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

11  defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

12  2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

13  2005).

14  **INTERROGATORY NO. 4:**

15    For each sale of a CRT identified in Interrogatory No. 2, state all terms and conditions that

16  were a part of the sale, including without limitation all terms and conditions RELATING TO

17  pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any PERSON in connection

18  with the sale.

19    As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

20  YOUR response.

21  **RESPONSE TO INTERROGATORY NO. 4:**

22    Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

23  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

24  broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

25  seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

26  not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

27  respond to this interrogatory because it impermissibly calls for downstream information

28  concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

1  defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

2  2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

3  2005).

4  **INTERROGATORY NO. 5:**

5      For each sale of a CRT PRODUCT identified in Interrogatory No. 3, state all terms and

6  conditions that were a part of the sale, including without limitation all terms and conditions

7  RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any

8  PERSON in connection with the sale.

9      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

10  YOUR response.

11  **RESPONSE TO INTERROGATORY NO. 5:**

12      Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

13  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

14  broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

15  seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

16  not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

17  respond to this interrogatory because it impermissibly calls for downstream information

18  concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

19  defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

20  2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

21  2005).

22  **INTERROGATORY NO. 6:**

23      Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT,

24  including without limitation their subsidiaries and affiliates, state for each calendar year of the

25  RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRTs YOU acquired

26  or sold.

27      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

28  YOUR response.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory because it calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party. Plaintiff further objects to this interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or theories that may be the subject of expert testimony. Plaintiff also objects to this interrogatory to the extent it calls for disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from discovery. Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action. Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the Northern District of California. Subject to, and without waiving these objections, Plaintiff's purchases of CRTs from the defendants may be derived from their production of documents. *See* Bates Range PC 0000001-19.

**INTERROGATORY NO. 7:**

Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT, including without limitation their subsidiaries and affiliates, state for each calendar year of the RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRT PRODUCTS YOU acquired or sold.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory because it calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party. Plaintiff further objects to this interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or theories that may be the subject of expert testimony. Plaintiff also objects to this interrogatory to the extent it calls for disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from discovery. Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action. Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the Northern District of California. Subject to, and without waiving these objections, Plaintiff's purchases of CRT Products from the defendants may be derived from their production of documents. *See* Bates Range PC 0000001-19.

**INTERROGATORY NO. 8:**

IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the terms and conditions for each of YOUR acquisitions or sales of CRTs during the RELEVANT PERIOD.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

1  information entirely irrelevant to the issues raised and damages claimed in this case and is not

2  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

3  because it calls for downstream information concerning sales of CRTs by Plaintiff and such

4  information is not relevant to the claims or defenses of any party.  *See, e.g., In re Vitamins*

5  *Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust*

6  *Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Plaintiff further objects to this interrogatory on

7  the ground that it is duplicative of other interrogatories served in this action.

8       Subject to, and without waiving, the foregoing objections, Plaintiff responds with respect

9  to their acquisition of CRTs from defendants as follows: Paula Call.

10  **INTERROGATORY NO. 9:**

11       IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the

12  terms and conditions for each of YOUR acquisitions or sales of CRT PRODUCTS during the

13  RELEVANT PERIOD.

14  **RESPONSE TO INTERROGATORY NO. 9:**

15       Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

16  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

17  broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks

18  information entirely irrelevant to the issues raised and damages claimed in this case and is not

19  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

20  because it calls for downstream information concerning sales of CRTs by Plaintiff and such

21  information is not relevant to the claims or defenses of any party.  *See, e.g., In re Vitamins*

22  *Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust*

23  *Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Plaintiff further objects to this interrogatory on

24  the ground that it is duplicative of other interrogatories served in this action.

25       Subject to, and without waiving, the foregoing objections, Plaintiff responds with respect

26  to their acquisition of CRT Products from defendants as follows: Paula Call.

27  **INTERROGATORY NO. 10:**

28       IDENTIFY YOUR product specifications for each acquisition or potential acquisition of

PLAINTIFF PAULA CALL D/B/A POWAY-RANCHO BERNARDO TV'S RESPONSES TO DEFENDANT
HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES

1  CRTs during the RELEVANT PERIOD, including without limitation all PERSONS with

2  knowledge of those specifications.

3  **RESPONSE TO INTERROGATORY NO. 10:**

4        Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff also

5  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

6  broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

7  information entirely irrelevant to the issues raised and damages claimed in this case and is not

8  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

9  on the ground that it is duplicative of other interrogatories served in this action.  Subject to, and

10  without waiving, the foregoing objections, Plaintiff's CRT specifications may be derived from

11  Plaintiff's production of documents.  *See* Bates Range PC 0000001-19.

12  **INTERROGATORY NO. 11:**

13        IDENTIFY YOUR product specifications for each acquisition or potential acquisition of

14  CRT PRODUCTS during the RELEVANT PERIOD, including without limitation all PERSONS

15  with knowledge of those specifications.

16  **RESPONSE TO INTERROGATORY NO. 11:**

17        Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff also

18  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

19  broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

20  information entirely irrelevant to the issues raised and damages claimed in this case and is not

21  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

22  on the ground that it is duplicative of other interrogatories served in this action.  Subject to, and

23  without waiving, the foregoing objections, Plaintiff's CRT product specifications may be derived

24  from Plaintiff's production of documents.  *See* Bates Range PC 0000001-19.

25  **INTERROGATORY NO. 12:**

26        Separately, with respect to each CRT that YOU acquired during the RELEVANT

27  PERIOD, state the total dollar amount by which YOU allege YOU were overcharged as a result of

28  the allegations in the Complaint.

1   As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

2   YOUR response.

3   **RESPONSE TO INTERROGATORY NO. 12:**

4   Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

5   objects to this interrogatory as being a premature contention interrogatory.  *See In re Convergent*

6   *Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent

7   authority for the view that the wisest general policy is to defer propounding and answering

8   contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust*

9   *Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their

10  Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is

11  undertaken.").  Discovery has just started, Defendants have not meaningfully responded to

12  Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take

13  depositions until November 1, 2010).  Plaintiff further objects to this interrogatory to the extent

14  that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert

15  information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or

16  theories that may be the subject of expert testimony.  Plaintiff further objects to this interrogatory

17  on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material

18  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

19  also objects to this interrogatory to the extent it calls for disclosure of information that is protected

20  by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune

21  from discovery.  Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations

22  beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local

23  Rules of the United States District Court for the Northern District of California.

24  **INTERROGATORY NO. 13:**

25  Separately, with respect to each CRT PRODUCT that YOU acquired during the

26  RELEVANT PERIOD, state the total dollar amount by which YOU allege YOU were

27  overcharged as a result of the allegations in the Complaint.

28  As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

1  YOUR response.

2  **RESPONSE TO INTERROGATORY NO. 13:**

3        Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

4  objects to this interrogatory as being a premature contention interrogatory.  *See In re Convergent*

5  *Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent

6  authority for the view that the wisest general policy is to defer propounding and answering

7  contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust*

8  *Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their

9  Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is

10  undertaken.").  Discovery has just started, Defendants have not meaningfully responded to

11  Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take

12  depositions until November 1, 2010).  Plaintiff further objects to this interrogatory to the extent

13  that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert

14  information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or

15  theories that may be the subject of expert testimony.  Plaintiff further objects to this interrogatory

16  on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material

17  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

18  also objects to this interrogatory to the extent it calls for disclosure of information that is protected

19  by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune

20  from discovery.  Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations

21  beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local

22  Rules of the United States District Court for the Northern District of California.

23  DATED:  July 7, 2010              By:        /s/ Guido Saveri
                                                  SAVERI & SAVERI, INC.
24                                                706 Sansome Street
                                                  San Francisco, CA 94111
25                                                Telephone:   (415) 217-6810
                                                  Facsimile:   (415) 217-6813
26

27                                                *Interim Lead Counsel for the Direct*
   Crt.271a-8                                     *Purchaser Plaintiffs*

28

# **VERIFICATION**

I, Paula Call, doing business as Poway-Rancho Bernardo TV, am authorized to make this verification on behalf of Poway-Rancho Bernardo TV. I do hereby state, under penalty of perjury under the laws of the United States, that the responses contained in Plaintiff Poway-Rancho Bernardo TV's Responses and Objections to Defendant Hitachi America, Ltd's First Set of Interrogatories are true and correct to the best of my knowledge.

Executed on July 7, 2010.

_____
Paula Call

verification

174