1  Guido Saveri (22349) guido@saveri.com
   R. Alexander Saveri (173102) rick@saveri.com
2  Geoffrey C. Rushing (126910) grushing@saveri.com
   Cadio Zirpoli (179108) cadio@saveri.com
3  SAVERI & SAVERI, INC.
   706 Sansome Street
4  San Francisco, CA 94111
   Telephone:   (415) 217-6810
5  Facsimile:   (415) 217-6813

6  *Interim Lead Counsel for the Direct Purchaser*
   *Plaintiffs*

7

8

9              **UNITED STATES DISTRICT COURT**

10  **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

11

12  IN RE: CATHODE RAY TUBE (CRT)           MASTER FILE NO. 07-cv-5944 SC
    ANTITRUST LITIGATION
13                                           MDL NO. 1917

14  This Document Relates to:               **PLAINTIFF PRINCETON DISPLAY
                                            TECHNOLOGY, INC.'S RESPONSES TO**
15  ALL DIRECT PURCHASER ACTIONS            **DEFENDANT HITACHI AMERICA,
                                            LTD.'S FIRST SET OF**
16                                          **INTERROGATORIES**

17

18  PROPOUNDING PARTY:       HITACHI AMERICA, LTD.

19  RESPONDING PARTY:        PLAINTIFF PRINCETON DISPLAY TECHNOLOGY, INC.

20  SET NO.:                 ONE

21      Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Princeton

22  Technology, Inc. ("Plaintiff"), by its attorneys, objects and responds to Defendant Hitachi

23  America, Ltd.'s First Set of Interrogatories to the Direct Purchaser Plaintiffs (the

24  "Interrogatories") as follows:

25              **GENERAL OBJECTIONS**

26      Each of the following objections is incorporated by reference into each of the responses

27  herein:

28      1.      Plaintiff and its counsel have not completed their (1) investigation of the facts

1 relating to this case, (2) discovery in this action, or (3) preparation for trial. The following

2 responses are therefore based upon information known at this time and are provided without

3 prejudice to Plaintiff's right to supplement these responses prior to trial or to produce evidence

4 based on subsequently discovered information. Likewise, Plaintiff's responses are based upon,

5 and therefore limited by, Plaintiff's present knowledge and recollection, and consequently,

6 Plaintiff reserves the right to make any changes in these responses if it appears at any time that

7 inadvertent errors or omissions have been made.

8    2.    Plaintiff generally objects to the Interrogatories, including the Instructions and

9 Definitions, to the extent they purport to enlarge, expand or alter in any way the plain meaning and

10 scope of any interrogatory or to impose any obligations on Plaintiff's responses in excess of those

11 required by the Federal Rules of Civil Procedure. Plaintiff will respond to these Interrogatories in

12 accordance with its understanding of the obligations imposed by the Federal Rules of Civil

13 Procedure.

14    3.    Plaintiff objects to the Interrogatories, including the Instructions and Definitions, to

15 the extent the information sought is protected by the attorney-client privilege, the attorney work

16 product doctrine, or is otherwise privileged and/or immune from discovery. By responding to

17 these Interrogatories, Plaintiff does not waive, intentionally or otherwise, any attorney-client

18 privilege, attorney work-product or any other privilege, immunity or other protection that may be

19 asserted to protect any information from disclosure. Accordingly, any response or production of

20 documents or disclosure of information inconsistent with the foregoing is wholly inadvertent and

21 shall not constitute a waiver of any such privilege, immunity or other applicable protection.

22    4.    Plaintiff objects to the Interrogatories to the extent they fail to state with sufficient

23 particularity the information and categories of information to be provided.

24    5.    Plaintiff objects to the Interrogatories to the extent they request Plaintiff to produce

25 documents outside its possession, custody, or control.

26    6.    Plaintiff objects to the Interrogatories to the extent they are overly broad and

27 unduly burdensome.

28    7.    Plaintiff objects to the Interrogatories to the extent they are vague, ambiguous,

1  redundant, harassing or oppressive.

2      8.     Plaintiff objects to the Interrogatories to the extent they require Plaintiff to draw

3  legal conclusions.

4      9.     Plaintiff objects to the Interrogatories to the extent the information requested is

5  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6      10.    Plaintiff objects to the Interrogatories to the extent that they, or any portion of

7  them, seek production of any information within the possession, custody, or control of any

8  Defendant, or of publicly available information such that the information is obtainable from some

9  other source that is more convenient, less burdensome or less expensive, or the production of the

10  information will impose undue burden, inconvenience, or expense upon Plaintiff.

11      11.    Plaintiff objects to each and every interrogatory and also to the instructions

12  accompanying them, to the extent they seek to require Plaintiff to produce all information that

13  supports or otherwise relates to specific contentions in this litigation, on the ground that such

14  contention interrogatories are unduly burdensome and premature at this stage of the litigation.

15      12.    Plaintiff objects to the Interrogatories to the extent that they seek information

16  relating to the sales or use of CRT(s) and/or CRT PRODUCT(s) acquired by Plaintiff, or other

17  such downstream data, because such information is not relevant to the claim or defense of any

18  party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure*

19  *Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Additionally,

20  information other than that related to direct purchases of CRT Products from the named

21  defendants in this action has been barred by the United States Supreme Court, *Illinois Brick Co. v.*

22  *Illinois,* 431 U.S. 720 (1977).

23      13.    Plaintiff objects to the Interrogatories to the extent that they seek information that

24  requires expert opinion.  Plaintiff is entitled to provide additional evidence that is responsive to

25  one or more of the interrogatories in the form of expert reports at the appropriate time, and no

26  response should be construed to foreclose any such disclosure.

27      14.    Plaintiff reserves the right to modify their allegations based on additional

28  discovery, additional analysis of existing discovery, discovery not yet completed and/or expert

DIRECT PURCHASER PLAINTIFFS' RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET
OF INTERROGATORIES

1   discovery, and Plaintiff reserves the right to supplement and/or delete the responses given in light

2   of further evidence and further analysis of present and subsequently acquired evidence.

3         15.    In addition, in accordance with the Federal Rules of Civil Procedure, Plaintiff

4   reserves the right to introduce evidence not yet identified herein supporting Plaintiff's allegations,

5   including evidence that Plaintiff expects to further develop through the course of discovery and

6   expert analysis.

7         16.    In providing responses to the Interrogatories, Plaintiff reserves all objections as to

8   competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent

9   proceeding in, or trial of, this or any other action for any purpose whatsoever.

10        17.    No incidental or implied admissions are intended in these responses. Plaintiff's

11  response to all or any part of any Interrogatory should not be taken as an admission that: (a)

12  Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by the Interrogatory; or

13  (b) Plaintiff has in its possession, custody or control documents or information responsive to that

14  interrogatory; or (c) documents or information responsive to that interrogatory exist. Plaintiff's

15  response to all or any part of an Interrogatory also is not intended to be, and shall not be, a waiver

16  by Plaintiff of all or any part of its objection(s) to that interrogatory.

17        18.    Plaintiff objects to the interrogatories to the extent they are duplicative of

18  interrogatories served by other defendants in this litigation. To the extent these interrogatories

19  seek answers that are duplicative to those requested by other interrogatories that have already been

20  propounded on the direct purchaser class, or served at the same time as these interrogatories, the

21  direct purchaser plaintiffs will only answer them once.

22        19.    Plaintiff objects to these interrogatories to the extent that the cumulative requests

23  by all defendants in this litigation exceed the permissible number set forth in the Federal Rules.

24                                    **RESPONSES**

25  **INTERROGATORY NO. I:**

26        IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR

27  responses to these interrogatories.

28

DIRECT PURCHASER PLAINTIFFS' RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET
OF INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows:

Suprasad Baidyaroy, Princeton's president, assisted in the preparation of these responses.

**INTERROGATORY NO. 2:**

Separately identify each CRT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not respond to this interrogatory because it impermissibly calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

**INTERROGATORY NO. 3:**

Separately identify each CRT PRODUCT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT PRODUCT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

1  YOUR response.

2  **RESPONSE TO INTERROGATORY NO. 3:**

3        Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

4  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

5  broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

6  seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

7  not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

8  respond to this interrogatory because it impermissibly calls for downstream information

9  concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

10  defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

11  2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

12  2005).

13  **INTERROGATORY NO. 4:**

14        For each sale of a CRT identified in Interrogatory No. 2, state all terms and conditions that

15  were a part of the sale, including without limitation all terms and conditions RELATING TO

16  pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any PERSON in connection

17  with the sale.

18        As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

19  YOUR response.

20  **RESPONSE TO INTERROGATORY NO. 4:**

21        Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

22  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

23  broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

24  seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

25  not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

26  respond to this interrogatory because it impermissibly calls for downstream information

27  concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

28  defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

1  2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

2  2005).

3  **INTERROGATORY NO. 5:**

4  For each sale of a CRT PRODUCT identified in Interrogatory No. 3, state all terms and

5  conditions that were a part of the sale, including without limitation all terms and conditions

6  RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any

7  PERSON in connection with the sale.

8  As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

9  YOUR response.

10  **RESPONSE TO INTERROGATORY NO. 5:**

11  Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

12  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

13  broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

14  seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

15  not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

16  respond to this interrogatory because it impermissibly calls for downstream information

17  concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

18  defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

19  2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

20  2005).

21  **INTERROGATORY NO. 6:**

22  Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT,

23  including without limitation their subsidiaries and affiliates, state for each calendar year of the

24  RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRTs YOU acquired

25  or sold.

26  As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

27  YOUR response.

28

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory because it calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party.  Plaintiff further objects to this interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or theories that may be the subject of expert testimony.  Plaintiff also objects to this interrogatory to the extent it calls for disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from discovery.  Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action. Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the Northern District of California.  Subject to, and without waiving these objections, Plaintiff's purchases of CRTs from the defendants may be derived from their production of documents.

**INTERROGATORY NO. 7:**

Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT, including without limitation their subsidiaries and affiliates, state for each calendar year of the RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRT PRODUCTS YOU acquired or sold.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

1  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

2  broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks

3  information entirely irrelevant to the issues raised and damages claimed in this case and is not

4  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

5  because it calls for downstream information concerning sales of CRTs by Plaintiff and such

6  information is not relevant to the claims or defenses of any party.  Plaintiff further objects to this

7  interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure

8  of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative

9  analyses, opinions, or theories that may be the subject of expert testimony.  Plaintiff also objects to

10  this interrogatory to the extent it calls for disclosure of information that is protected by the

11  attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from

12  discovery.  Plaintiff further objects to this interrogatory on the ground that it is duplicative of other

13  interrogatories served in this action.  Finally, Plaintiff objects to this interrogatory to the extent it

14  imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and

15  34 and the applicable Local Rules of the United States District Court for the Northern District of

16  California.  Subject to, and without waiving these objections, Plaintiff's purchases of CRT

17  Products from the defendants may be derived from their production of documents.

18  **INTERROGATORY NO. 8:**

19        IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the

20  terms and conditions for each of YOUR acquisitions or sales of CRTs during the RELEVANT

21  PERIOD.

22  **RESPONSE TO INTERROGATORY NO. 8:**

23        Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

24  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

25  broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks

26  information entirely irrelevant to the issues raised and damages claimed in this case and is not

27  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

28  because it calls for downstream information concerning sales of CRTs by Plaintiff and such

DIRECT PURCHASER PLAINTIFFS' RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET
OF INTERROGATORIES

1  information is not relevant to the claims or defenses of any party.  *See, e.g., In re Vitamins*

2  *Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust*

3  *Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Plaintiff further objects to this interrogatory on

4  the ground that it is duplicative of other interrogatories served in this action.

5      Subject to, and without waiving, the foregoing objections, Plaintiff responds with respect

6  to their acquisition of CRTs from defendants as follows:

7      Suprasad Baidyaroy, Princeton's president, is the person knowledgeable as to Princeton's

8  negotiations relating to Princeton's acquisitions of CRTs.

9  **INTERROGATORY NO. 9:**

10     IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the

11  terms and conditions for each of YOUR acquisitions or sales of CRT PRODUCTS during the

12  RELEVANT PERIOD.

13  **RESPONSE TO INTERROGATORY NO. 9:**

14     Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

15  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

16  broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks

17  information entirely irrelevant to the issues raised and damages claimed in this case and is not

18  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

19  because it calls for downstream information concerning sales of CRTs by Plaintiff and such

20  information is not relevant to the claims or defenses of any party.  *See, e.g., In re Vitamins*

21  *Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust*

22  *Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Plaintiff further objects to this interrogatory on

23  the ground that it is duplicative of other interrogatories served in this action.

24     Subject to, and without waiving, the foregoing objections, Plaintiff responds with respect

25  to their acquisition of CRTs from defendants as follows:

26     Suprasad Baidyaroy, Princeton's president, is the person knowledgeable as to Princeton's

27  negotiations relating to Princeton's acquisitions of CRTs.

28

**INTERROGATORY NO. 10:**

IDENTIFY YOUR product specifications for each acquisition or potential acquisition of CRTs during the RELEVANT PERIOD, including without limitation all PERSONS with knowledge of those specifications.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff also objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action. Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows:

Suprasad Baidyaroy, Princeton's president, is the person knowledgeable as to product specifications. All product specifications for CRTs were manufacturer specifications.

**INTERROGATORY NO. 11:**

IDENTIFY YOUR product specifications for each acquisition or potential acquisition of CRT PRODUCTS during the RELEVANT PERIOD, including without limitation all PERSONS with knowledge of those specifications.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff also objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action. Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows:

Suprasad Baidyaroy, Princeton's president, is the person knowledgeable as to product specifications. All product specifications for CRTs were manufacturer specifications.

**INTERROGATORY NO. 12:**

Separately, with respect to each CRT that YOU acquired during the RELEVANT PERIOD, state the total dollar amount by which YOU allege YOU were overcharged as a result of the allegations in the Complaint.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff objects to this interrogatory as being a premature contention interrogatory.  *See In re Convergent Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent authority for the view that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken.").  Discovery has just started, Defendants have not meaningfully responded to Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take depositions until November 1, 2010).  Plaintiff further objects to this interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or theories that may be the subject of expert testimony.  Plaintiff further objects to this interrogatory on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this interrogatory to the extent it calls for disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from discovery.  Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the Northern District of California.

**INTERROGATORY NO. 13:**

Separately, with respect to each CRT PRODUCT that YOU acquired during the RELEVANT PERIOD, state the total dollar amount by which YOU allege YOU were overcharged as a result of the allegations in the Complaint.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff objects to this interrogatory as being a premature contention interrogatory. *See In re Convergent Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent authority for the view that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken."). Discovery has just started, Defendants have not meaningfully responded to Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take depositions until November 1, 2010). Plaintiff further objects to this interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or theories that may be the subject of expert testimony. Plaintiff further objects to this interrogatory on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this interrogatory to the extent it calls for disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from discovery. Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the Northern District of California.

1    DATED:  July 12, 2010                    By:      /s/ Guido Saveri
                                                      SAVERI & SAVERI, INC.
2                                                     706 Sansome Street
                                                      San Francisco, CA 94111
3                                                     Telephone:    (415) 217-6810
                                                      Facsimile:    (415) 217-6813
4
                                                      *Interim Lead Counsel for the Direct*
5    Crt.271a-9                                        *Purchaser Plaintiffs*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# VERIFICATION

I, SUPRASAD BAIDYAREY , of Princeton Display Technology Inc., do
hereby state, under penalty of perjury under the laws of the United States,
that the responses contained in Plaintiff Princeton Display Technology Inc.'s
Responses to Defendant Hitachi America, Ltd.'s First Set of Interrogatories
are true and correct to the best of my knowledge.

Executed on July 12, 2010.


_____
Signature

Verification – Princeton Display

1  Guido Saveri (22349) guido@saveri.com
   R. Alexander Saveri (173102) rick@saveri.com
2  Geoffrey C. Rushing (126910) grushing@saveri.com
   Cadio Zirpoli (179108) cadio@saveri.com
3  SAVERI & SAVERI, INC.
   706 Sansome Street
4  San Francisco, CA 94111
   Telephone:   (415) 217-6810
5  Facsimile:    (415) 217-6813

6  *Interim Lead Counsel for the Direct Purchaser*
   *Plaintiffs*
7

8

9                  **UNITED STATES DISTRICT COURT**

10      **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

11

12  IN RE: CATHODE RAY TUBE (CRT)          MASTER FILE NO. 07-cv-5944 SC
    ANTITRUST LITIGATION
13  ─────────────────────────              MDL NO. 1917

14  This Document Relates to:              **PLAINTIFF RADIO & TV EQUIPMENT,**
                                           **INC.'S RESPONSES TO DEFENDANT**
15  ALL DIRECT PURCHASER ACTIONS           **HITACHI AMERICA, LTD.'S FIRST SET**
                                           **OF INTERROGATORIES**
16

17

18  PROPOUNDING PARTY:        HITACHI AMERICA, LTD.

19  RESPONDING PARTY:        PLAINTIFF RADIO & TV EQUIPMENT, INC.

20  SET NO.:                  ONE

21         Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Radio & TV

22  Equipment, Inc. ("Plaintiff"), by its attorneys, objects and responds to Defendant Hitachi America,

23  Ltd.'s First Set of Interrogatories to the Direct Purchaser Plaintiffs (the "Interrogatories") as

24  follows:

25                        **GENERAL OBJECTIONS**

26         Each of the following objections is incorporated by reference into each of the responses

27  herein:

28

1.      Plaintiff and its counsel have not completed their (1) investigation of the facts relating to this case, (2) discovery in this action, or (3) preparation for trial.  The following responses are therefore based upon information known at this time and are provided without prejudice to Plaintiff's right to supplement these responses prior to trial or to produce evidence based on subsequently discovered information.  Likewise, Plaintiff's responses are based upon, and therefore limited by, Plaintiff's present knowledge and recollection, and consequently, Plaintiff reserves the right to make any changes in these responses if it appears at any time that inadvertent errors or omissions have been made.

2.      Plaintiff generally objects to the Interrogatories, including the Instructions and Definitions, to the extent they purport to enlarge, expand or alter in any way the plain meaning and scope of any interrogatory or to impose any obligations on Plaintiff's responses in excess of those required by the Federal Rules of Civil Procedure.  Plaintiff will respond to these Interrogatories in accordance with its understanding of the obligations imposed by the Federal Rules of Civil Procedure.

3.      Plaintiff objects to the Interrogatories, including the Instructions and Definitions, to the extent the information sought is protected by the attorney-client privilege, the attorney work product doctrine, or is otherwise privileged and/or immune from discovery.  By responding to these Interrogatories, Plaintiff does not waive, intentionally or otherwise, any attorney-client privilege, attorney work-product or any other privilege, immunity or other protection that may be asserted to protect any information from disclosure.  Accordingly, any response or production of documents or disclosure of information inconsistent with the foregoing is wholly inadvertent and shall not constitute a waiver of any such privilege, immunity or other applicable protection.

4.      Plaintiff objects to the Interrogatories to the extent they fail to state with sufficient particularity the information and categories of information to be provided.

5.      Plaintiff objects to the Interrogatories to the extent they request Plaintiff to produce documents outside its possession, custody, or control.

6.      Plaintiff objects to the Interrogatories to the extent they are overly broad and unduly burdensome.

7.      Plaintiff objects to the Interrogatories to the extent they are vague, ambiguous, redundant, harassing or oppressive.

8.      Plaintiff objects to the Interrogatories to the extent they require Plaintiff to draw legal conclusions.

9.      Plaintiff objects to the Interrogatories to the extent the information requested is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.     Plaintiff objects to the Interrogatories to the extent that they, or any portion of them, seek production of any information within the possession, custody, or control of any Defendant, or of publicly available information such that the information is obtainable from some other source that is more convenient, less burdensome or less expensive, or the production of the information will impose undue burden, inconvenience, or expense upon Plaintiff.

11.     Plaintiff objects to each and every interrogatory and also to the instructions accompanying them, to the extent they seek to require Plaintiff to produce all information that supports or otherwise relates to specific contentions in this litigation, on the ground that such contention interrogatories are unduly burdensome and premature at this stage of the litigation.

12.     Plaintiff objects to the Interrogatories to the extent that they seek information relating to the sales or use of CRT(s) and/or CRT PRODUCT(s) acquired by Plaintiff, or other such downstream data, because such information is not relevant to the claim or defense of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Additionally, information other than that related to direct purchases of CRT Products from the named defendants in this action has been barred by the United States Supreme Court, *Illinois Brick Co. v. Illinois,* 431 U.S. 720 (1977).

13.     Plaintiff objects to the Interrogatories to the extent that they seek information that requires expert opinion.  Plaintiff is entitled to provide additional evidence that is responsive to one or more of the interrogatories in the form of expert reports at the appropriate time, and no response should be construed to foreclose any such disclosure.

14.     Plaintiff reserves the right to modify their allegations based on additional

1  discovery, additional analysis of existing discovery, discovery not yet completed and/or expert

2  discovery, and Plaintiff reserves the right to supplement and/or delete the responses given in light

3  of further evidence and further analysis of present and subsequently acquired evidence.

4        15.    In addition, in accordance with the Federal Rules of Civil Procedure, Plaintiff

5  reserves the right to introduce evidence not yet identified herein supporting Plaintiff's allegations,

6  including evidence that Plaintiff expects to further develop through the course of discovery and

7  expert analysis.

8        16.    In providing responses to the Interrogatories, Plaintiff reserves all objections as to

9  competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent

10  proceeding in, or trial of, this or any other action for any purpose whatsoever.

11        17.    No incidental or implied admissions are intended in these responses.  Plaintiff's

12  response to all or any part of any Interrogatory should not be taken as an admission that: (a)

13  Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by the Interrogatory; or

14  (b) Plaintiff has in its possession, custody or control documents or information responsive to that

15  interrogatory; or (c) documents or information responsive to that interrogatory exist.  Plaintiff's

16  response to all or any part of an Interrogatory also is not intended to be, and shall not be, a waiver

17  by Plaintiff of all or any part of its objection(s) to that interrogatory.

18        18.    Plaintiff objects to the interrogatories to the extent they are duplicative of

19  interrogatories served by other defendants in this litigation.  To the extent these interrogatories

20  seek answers that are duplicative to those requested by other interrogatories that have already been

21  propounded on the direct purchaser class, or served at the same time as these interrogatories, the

22  direct purchaser plaintiffs will only answer them once.

23        19.    Plaintiff objects to these interrogatories to the extent that the cumulative requests

24  by all defendants in this litigation exceed the permissible number set forth in the Federal Rules.

25

26

27

28

**RESPONSES**

**INTERROGATORY NO. I:**

IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows:

Bruce Holtan, President of Radio & TV Equipment, Inc.
615 North Shore Drive
Detroit Lakes, Minnesota
56501

**INTERROGATORY NO. 2:**

Separately identify each CRT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not respond to this interrogatory because it impermissibly calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

**INTERROGATORY NO. 3:**

Separately identify each CRT PRODUCT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT PRODUCT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff further objects to this interrogatory on the ground that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiff further objects and will not respond to this interrogatory because it impermissibly calls for downstream information concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

**INTERROGATORY NO. 4:**

For each sale of a CRT identified in Interrogatory No. 2, state all terms and conditions that were a part of the sale, including without limitation all terms and conditions RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any PERSON in connection with the sale.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

1 broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

2 seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

3 not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

4 respond to this interrogatory because it impermissibly calls for downstream information

5 concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

6 defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

7 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

8 2005).

9 **INTERROGATORY NO. 5:**

10       For each sale of a CRT PRODUCT identified in Interrogatory No. 3, state all terms and

11 conditions that were a part of the sale, including without limitation all terms and conditions

12 RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any

13 PERSON in connection with the sale.

14       As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

15 YOUR response.

16 **RESPONSE TO INTERROGATORY NO. 5:**

17       Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

18 objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

19 broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

20 seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

21 not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

22 respond to this interrogatory because it impermissibly calls for downstream information

23 concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

24 defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

25 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

26 2005).

27 **INTERROGATORY NO. 6:**

28       Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT,

1  including without limitation their subsidiaries and affiliates, state for each calendar year of the

2  RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRTs YOU acquired

3  or sold.

4       As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

5  YOUR response.

6  **RESPONSE TO INTERROGATORY NO. 6:**

7       Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

8  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

9  broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks

10  information entirely irrelevant to the issues raised and damages claimed in this case and is not

11  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

12  because it calls for downstream information concerning sales of CRTs by Plaintiff and such

13  information is not relevant to the claims or defenses of any party.  Plaintiff further objects to this

14  interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure

15  of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative

16  analyses, opinions, or theories that may be the subject of expert testimony.  Plaintiff also objects to

17  this interrogatory to the extent it calls for disclosure of information that is protected by the

18  attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from

19  discovery.  Plaintiff further objects to this interrogatory on the ground that it is duplicative of other

20  interrogatories served in this action. Finally, Plaintiff objects to this interrogatory to the extent it

21  imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and

22  34 and the applicable Local Rules of the United States District Court for the Northern District of

23  California.  Subject to, and without waiving these objections, Plaintiff's purchases of CRTs from

24  the defendants may be derived from their production of documents.

25  **INTERROGATORY NO. 7:**

26       Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT,

27  including without limitation their subsidiaries and affiliates, state for each calendar year of the

28  RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRT PRODUCTS

1    YOU acquired or sold.

2        As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

3    YOUR response.

4    **RESPONSE TO INTERROGATORY NO. 7:**

5        Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

6    objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

7    broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks

8    information entirely irrelevant to the issues raised and damages claimed in this case and is not

9    likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

10   because it calls for downstream information concerning sales of CRTs by Plaintiff and such

11   information is not relevant to the claims or defenses of any party.  Plaintiff further objects to this

12   interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure

13   of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative

14   analyses, opinions, or theories that may be the subject of expert testimony.  Plaintiff also objects to

15   this interrogatory to the extent it calls for disclosure of information that is protected by the

16   attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from

17   discovery.  Plaintiff further objects to this interrogatory on the ground that it is duplicative of other

18   interrogatories served in this action.  Finally, Plaintiff objects to this interrogatory to the extent it

19   imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and

20   34 and the applicable Local Rules of the United States District Court for the Northern District of

21   California.  Subject to, and without waiving these objections, Plaintiff's purchases of CRT

22   Products from the defendants may be derived from their production of documents.

23   **INTERROGATORY NO. 8:**

24       IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the

25   terms and conditions for each of YOUR acquisitions or sales of CRTs during the RELEVANT

26   PERIOD.

27   **RESPONSE TO INTERROGATORY NO. 8:**

28       Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

1 objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

2 broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks

3 information entirely irrelevant to the issues raised and damages claimed in this case and is not

4 likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

5 because it calls for downstream information concerning sales of CRTs by Plaintiff and such

6 information is not relevant to the claims or defenses of any party.  *See, e.g., In re Vitamins*

7 *Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust*

8 *Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Plaintiff further objects to this interrogatory on

9 the ground that it is duplicative of other interrogatories served in this action.

10      Subject to, and without waiving, the foregoing objections, Plaintiff responds with respect

11 to their acquisition of CRT Products from defendants as follows:  Radio & TV Equipment, Inc.

12 did not purchase any CRTs during the RELEVANT PERIOD.   It only purchased CRT

13 PRODUCTS.

14 **INTERROGATORY NO. 9:**

15      IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the

16 terms and conditions for each of YOUR acquisitions or sales of CRT PRODUCTS during the

17 RELEVANT PERIOD.

18 **RESPONSE TO INTERROGATORY NO. 9:**

19      Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

20 objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

21 broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks

22 information entirely irrelevant to the issues raised and damages claimed in this case and is not

23 likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

24 because it calls for downstream information concerning sales of CRTs by Plaintiff and such

25 information is not relevant to the claims or defenses of any party.  *See, e.g., In re Vitamins*

26 *Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust*

27 *Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Plaintiff further objects to this interrogatory on

28 the ground that it is duplicative of other interrogatories served in this action.

Subject to, and without waiving, the foregoing objections, Plaintiff responds with respect to their acquisition of CRT Products from defendants as follows:

> Bruce Holtan, President of Radio & TV Equipment, Inc.
> 615 North Shore Drive
> Detroit Lakes, MN 56501
>
> Randy Balzum, Former Sales Manager of Radio & TV Equipment, Inc.
> 495 32nd Street North
> Moorhead, MN 56560

## INTERROGATORY NO. 10:

IDENTIFY YOUR product specifications for each acquisition or potential acquisition of CRTs during the RELEVANT PERIOD, including without limitation all PERSONS with knowledge of those specifications.

## RESPONSE TO INTERROGATORY NO. 10:

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff also objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action.  Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows:  Radio & TV Equipment, Inc. did not purchase any CRTs during the RELEVANT PERIOD.   It only purchased CRT PRODUCTS.

In addition, the answer to this interrogatory may be derived from Plaintiff's production of documents.

## INTERROGATORY NO. 11:

IDENTIFY YOUR product specifications for each acquisition or potential acquisition of CRT PRODUCTS during the RELEVANT PERIOD, including without limitation all PERSONS with knowledge of those specifications.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff also objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action. Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows: Radio & TV Equipment, Inc. neither provided any product specifications nor defined any specifications for any acquisition or potential acquisition of CRT PRODUCTS. Rather, Radio & TV Equipment, Inc. sold whatever products Hitachi made available to it.

In addition, the answer to this interrogatory may be derived from plaintiff's production of documents.

**INTERROGATORY NO. 12:**

Separately, with respect to each CRT that YOU acquired during the RELEVANT PERIOD, state the total dollar amount by which YOU allege YOU were overcharged as a result of the allegations in the Complaint.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff objects to this interrogatory as being a premature contention interrogatory. *See In re Convergent Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent authority for the view that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken."). Discovery has just started, Defendants have not meaningfully responded to

1  Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take

2  depositions until November 1, 2010).  Plaintiff further objects to this interrogatory to the extent

3  that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert

4  information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or

5  theories that may be the subject of expert testimony.  Plaintiff further objects to this interrogatory

6  on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material

7  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

8  also objects to this interrogatory to the extent it calls for disclosure of information that is protected

9  by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune

10  from discovery.  Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations

11  beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local

12  Rules of the United States District Court for the Northern District of California.

13  **INTERROGATORY NO. 13:**

14        Separately, with respect to each CRT PRODUCT that YOU acquired during the

15  RELEVANT PERIOD, state the total dollar amount by which YOU allege YOU were

16  overcharged as a result of the allegations in the Complaint.

17        As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

18  YOUR response.

19  **RESPONSE TO INTERROGATORY NO. 13:**

20        Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

21  objects to this interrogatory as being a premature contention interrogatory.  *See In re Convergent*

22  *Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent

23  authority for the view that the wisest general policy is to defer propounding and answering

24  contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust*

25  *Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their

26  Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is

27  undertaken.").  Discovery has just started, Defendants have not meaningfully responded to

28  Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take

815488.1                   13                   MDL NO. 1917
PLAINTIFF RADIO & TV EQUIPMENT, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S
FIRST SET OF INTERROGATORIES           202

1   depositions until November 1, 2010).  Plaintiff further objects to this interrogatory to the extent

2   that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert

3   information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or

4   theories that may be the subject of expert testimony.  Plaintiff further objects to this interrogatory

5   on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material

6   neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

7   also objects to this interrogatory to the extent it calls for disclosure of information that is protected

8   by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune

9   from discovery.  Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations

10  beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local

11  Rules of the United States District Court for the Northern District of California.

12

13  DATED:  July 8, 2010                                    By:        /s/ Guido Saveri
                                                                    SAVERI & SAVERI, INC.
14                                                                  706 Sansome Street
                                                                    San Francisco, CA 94111
15                                                                  Telephone:    (415) 217-6810
                                                                    Facsimile:     (415) 217-6813
16
                                                                    *Interim Lead Counsel for the Direct*
17  Crt.271a-10                                                     *Purchaser Plaintiffs*

18

19

20

21

22

23

24

25

26

27

28

# <u>VERIFICATION</u>

I, Bruce Holtan, am President of Radio & TV Equipment, Inc.  I do hereby state, under penalty of perjury under the laws of the United States, that the responses contained in Plaintiff Radio & TV Equipment, Inc.'s Responses and Objections to Defendant Hitatchi America, LTD.'s First Set of Interrogatories are true and correct to the best of my knowledge.

Executed on July _5_, 2010.


_____
Signature

204

Guido Saveri (22349) guido@saveri.com
R. Alexander Saveri (173102) rick@saveri.com
Geoffrey C. Rushing (126910) grushing@saveri.com
Cadio Zirpoli (179108) cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:   (415) 217-6810
Facsimile:   (415) 217-6813

*Interim Lead Counsel for the Direct Purchaser
Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 SC |
| | MDL NO. 1917 |
| This Document Relates to: | **PLAINTIFF ROYAL DATA SERVICES, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES** |
| ALL DIRECT PURCHASER ACTIONS | |

PROPOUNDING PARTY:          HITACHI AMERICA, LTD.

RESPONDING PARTY:          PLAINTIFF ROYAL DATA SERVICES, INC.

SET NO.:          ONE

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Royal Data

Services, Inc. ("Plaintiff"), by its attorneys, objects and responds to Defendant Hitachi America,

Ltd.'s First Set of Interrogatories to the Direct Purchaser Plaintiffs (the "Interrogatories") as

follows:

## GENERAL OBJECTIONS

Each of the following objections is incorporated by reference into each of the responses

herein:

1.          Plaintiff and its counsel have not completed their (1) investigation of the facts

815488.1

MDL NO. 1917
PLAINTIFF ROYAL DATA SERVICES, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S
FIRST SET OF INTERROGATORIES 2065

1  relating to this case, (2) discovery in this action, or (3) preparation for trial.  The following

2  responses are therefore based upon information known at this time and are provided without

3  prejudice to Plaintiff's right to supplement these responses prior to trial or to produce evidence

4  based on subsequently discovered information.  Likewise, Plaintiff's responses are based upon,

5  and therefore limited by, Plaintiff's present knowledge and recollection, and consequently,

6  Plaintiff reserves the right to make any changes in these responses if it appears at any time that

7  inadvertent errors or omissions have been made.

8       2.      Plaintiff generally objects to the Interrogatories, including the Instructions and

9  Definitions, to the extent they purport to enlarge, expand or alter in any way the plain meaning and

10  scope of any interrogatory or to impose any obligations on Plaintiff's responses in excess of those

11  required by the Federal Rules of Civil Procedure.  Plaintiff will respond to these Interrogatories in

12  accordance with its understanding of the obligations imposed by the Federal Rules of Civil

13  Procedure.

14       3.      Plaintiff objects to the Interrogatories, including the Instructions and Definitions, to

15  the extent the information sought is protected by the attorney-client privilege, the attorney work

16  product doctrine, or is otherwise privileged and/or immune from discovery.  By responding to

17  these Interrogatories, Plaintiff does not waive, intentionally or otherwise, any attorney-client

18  privilege, attorney work-product or any other privilege, immunity or other protection that may be

19  asserted to protect any information from disclosure.  Accordingly, any response or production of

20  documents or disclosure of information inconsistent with the foregoing is wholly inadvertent and

21  shall not constitute a waiver of any such privilege, immunity or other applicable protection.

22       4.      Plaintiff objects to the Interrogatories to the extent they fail to state with sufficient

23  particularity the information and categories of information to be provided.

24       5.      Plaintiff objects to the Interrogatories to the extent they request Plaintiff to produce

25  documents outside its possession, custody, or control.

26       6.      Plaintiff objects to the Interrogatories to the extent they are overly broad and

27  unduly burdensome.

28       7.      Plaintiff objects to the Interrogatories to the extent they are vague, ambiguous,

PLAINTIFF ROYAL DATA SERVICES, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S
FIRST SET OF INTERROGATORIES                                                         206

1  redundant, harassing or oppressive.

2      8.    Plaintiff objects to the Interrogatories to the extent they require Plaintiff to draw

3  legal conclusions.

4      9.    Plaintiff objects to the Interrogatories to the extent the information requested is

5  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6      10.    Plaintiff objects to the Interrogatories to the extent that they, or any portion of

7  them, seek production of any information within the possession, custody, or control of any

8  Defendant, or of publicly available information such that the information is obtainable from some

9  other source that is more convenient, less burdensome or less expensive, or the production of the

10  information will impose undue burden, inconvenience, or expense upon Plaintiff.

11      11.    Plaintiff objects to each and every interrogatory and also to the instructions

12  accompanying them, to the extent they seek to require Plaintiff to produce all information that

13  supports or otherwise relates to specific contentions in this litigation, on the ground that such

14  contention interrogatories are unduly burdensome and premature at this stage of the litigation.

15      12.    Plaintiff objects to the Interrogatories to the extent that they seek information

16  relating to the sales or use of CRT(s) and/or CRT PRODUCT(s) acquired by Plaintiff, or other

17  such downstream data, because such information is not relevant to the claim or defense of any

18  party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure*

19  *Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Additionally,

20  information other than that related to direct purchases of CRT Products from the named

21  defendants in this action has been barred by the United States Supreme Court, *Illinois Brick Co. v.*

22  *Illinois,* 431 U.S. 720 (1977).

23      13.    Plaintiff objects to the Interrogatories to the extent that they seek information that

24  requires expert opinion.  Plaintiff is entitled to provide additional evidence that is responsive to

25  one or more of the interrogatories in the form of expert reports at the appropriate time, and no

26  response should be construed to foreclose any such disclosure.

27      14.    Plaintiff reserves the right to modify their allegations based on additional

28  discovery, additional analysis of existing discovery, discovery not yet completed and/or expert

1  discovery, and Plaintiff reserves the right to supplement and/or delete the responses given in light

2  of further evidence and further analysis of present and subsequently acquired evidence.

3        15.     In addition, in accordance with the Federal Rules of Civil Procedure, Plaintiff

4  reserves the right to introduce evidence not yet identified herein supporting Plaintiff's allegations,

5  including evidence that Plaintiff expects to further develop through the course of discovery and

6  expert analysis.

7        16.     In providing responses to the Interrogatories, Plaintiff reserves all objections as to

8  competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent

9  proceeding in, or trial of, this or any other action for any purpose whatsoever.

10        17.     No incidental or implied admissions are intended in these responses.  Plaintiff's

11  response to all or any part of any Interrogatory should not be taken as an admission that: (a)

12  Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by the Interrogatory; or

13  (b) Plaintiff has in its possession, custody or control documents or information responsive to that

14  interrogatory; or (c) documents or information responsive to that interrogatory exist.  Plaintiff's

15  response to all or any part of an Interrogatory also is not intended to be, and shall not be, a waiver

16  by Plaintiff of all or any part of its objection(s) to that interrogatory.

17        18.     Plaintiff objects to the interrogatories to the extent they are duplicative of

18  interrogatories served by other defendants in this litigation.  To the extent these interrogatories

19  seek answers that are duplicative to those requested by other interrogatories that have already been

20  propounded on the direct purchaser class, or served at the same time as these interrogatories, the

21  direct purchaser plaintiffs will only answer them once.

22        19.     Plaintiff objects to these interrogatories to the extent that the cumulative requests

23  by all defendants in this litigation exceed the permissible number set forth in the Federal Rules.

24                                  **RESPONSES**

25  **INTERROGATORY NO. I:**

26        IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR

27  responses to these interrogatories.

28

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff incorporates the General Objections as though fully set forth herein. Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows: Phillip Lau participated and assisted in the preparation of Royal Data Services, Inc.'s responses to these interrogatories.

**INTERROGATORY NO. 2:**

Separately identify each CRT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff further objects to this interrogatory on the ground that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiff further objects and will not respond to this interrogatory because it impermissibly calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

**INTERROGATORY NO. 3:**

Separately identify each CRT PRODUCT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT PRODUCT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

1  As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

2  YOUR response.

3  **RESPONSE TO INTERROGATORY NO. 3:**

4  Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

5  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

6  broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

7  seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

8  not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

9  respond to this interrogatory because it impermissibly calls for downstream information

10  concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

11  defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

12  2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

13  2005).

14  **INTERROGATORY NO. 4:**

15  For each sale of a CRT identified in Interrogatory No. 2, state all terms and conditions that

16  were a part of the sale, including without limitation all terms and conditions RELATING TO

17  pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any PERSON in connection

18  with the sale.

19  As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

20  YOUR response.

21  **RESPONSE TO INTERROGATORY NO. 4:**

22  Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

23  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

24  broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

25  seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

26  not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

27  respond to this interrogatory because it impermissibly calls for downstream information

28  concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

PLAINTIFF ROYAL DATA SERVICES, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S
FIRST SET OF INTERROGATORIES

1  defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

2  2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

3  2005).

4  **INTERROGATORY NO. 5:**

5       For each sale of a CRT PRODUCT identified in Interrogatory No. 3, state all terms and

6  conditions that were a part of the sale, including without limitation all terms and conditions

7  RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any

8  PERSON in connection with the sale.

9       As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

10  YOUR response.

11  **RESPONSE TO INTERROGATORY NO. 5:**

12       Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

13  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

14  broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

15  seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

16  not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

17  respond to this interrogatory because it impermissibly calls for downstream information

18  concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

19  defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

20  2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

21  2005).

22  **INTERROGATORY NO. 6:**

23       Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT,

24  including without limitation their subsidiaries and affiliates, state for each calendar year of the

25  RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRTs YOU acquired

26  or sold.

27       As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

28  YOUR response.

1  **RESPONSE TO INTERROGATORY NO. 6:**

2       Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

3  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

4  broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks

5  information entirely irrelevant to the issues raised and damages claimed in this case and is not

6  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

7  because it calls for downstream information concerning sales of CRTs by Plaintiff and such

8  information is not relevant to the claims or defenses of any party.  Plaintiff further objects to this

9  interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure

10 of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative

11 analyses, opinions, or theories that may be the subject of expert testimony.  Plaintiff also objects to

12 this interrogatory to the extent it calls for disclosure of information that is protected by the

13 attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from

14 discovery.  Plaintiff further objects to this interrogatory on the ground that it is duplicative of other

15 interrogatories served in this action. Finally, Plaintiff objects to this interrogatory to the extent it

16 imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and

17 34 and the applicable Local Rules of the United States District Court for the Northern District of

18 California.  Subject to, and without waiving, the foregoing objections, Plaintiff responds that it did

19 not purchase CRTs (as opposed to CRT Products) during the Relevant Period.

20 **INTERROGATORY NO. 7:**

21      Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT,

22 including without limitation their subsidiaries and affiliates, state for each calendar year of the

23 RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRT PRODUCTS

24 YOU acquired or sold.

25      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

26 YOUR response.

27 **RESPONSE TO INTERROGATORY NO. 7:**

28      Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

1  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

2  broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks

3  information entirely irrelevant to the issues raised and damages claimed in this case and is not

4  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

5  because it calls for downstream information concerning sales of CRTs by Plaintiff and such

6  information is not relevant to the claims or defenses of any party.  Plaintiff further objects to this

7  interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure

8  of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative

9  analyses, opinions, or theories that may be the subject of expert testimony.  Plaintiff also objects to

10  this interrogatory to the extent it calls for disclosure of information that is protected by the

11  attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from

12  discovery.  Plaintiff further objects to this interrogatory on the ground that it is duplicative of other

13  interrogatories served in this action.  Finally, Plaintiff objects to this interrogatory to the extent it

14  imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and

15  34 and the applicable Local Rules of the United States District Court for the Northern District of

16  California.  Subject to, and without waiving these objections, Plaintiff's purchases of CRT

17  Products from the defendants may be derived from their production of documents.

18  **INTERROGATORY NO. 8:**

19       IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the

20  terms and conditions for each of YOUR acquisitions or sales of CRTs during the RELEVANT

21  PERIOD.

22  **RESPONSE TO INTERROGATORY NO. 8:**

23       Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

24  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

25  broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks

26  information entirely irrelevant to the issues raised and damages claimed in this case and is not

27  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

28  because it calls for downstream information concerning sales of CRTs by Plaintiff and such

information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action.

Subject to, and without waiving, the foregoing objections, Plaintiff responds that it did not purchase CRTs (as opposed to CRT Products) during the Relevant Period.

**INTERROGATORY NO. 9:**

IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the terms and conditions for each of YOUR acquisitions or sales of CRT PRODUCTS during the RELEVANT PERIOD.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory because it calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action.

Subject to, and without waiving, the foregoing objections, Plaintiff responds that Phillip Lau has knowledge of the terms and conditions for Royal Data Services, Inc.'s acquisitions of CRT Products.

During the Class Period, Royal Data Services, Inc. employed Eva Mayeshairo and Mike Yokoyama who would have knowledge of Royal Data Services, Inc.'s CRT Product purchases, but Royal Data Services, Inc. does not currently know their whereabouts.

**INTERROGATORY NO. 10:**

IDENTIFY YOUR product specifications for each acquisition or potential acquisition of CRTs during the RELEVANT PERIOD, including without limitation all PERSONS with knowledge of those specifications.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff also objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action. Subject to, and without waiving, the foregoing objections, Plaintiff responds that it did not purchase CRTs (as opposed to CRT Products) during the Relevant Period.

**INTERROGATORY NO. 11:**

IDENTIFY YOUR product specifications for each acquisition or potential acquisition of CRT PRODUCTS during the RELEVANT PERIOD, including without limitation all PERSONS with knowledge of those specifications.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff also objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action. Subject to, and without waiving, the foregoing objections, Plaintiff responds that Phillip Lau has knowledge of Royal Data Services, Inc.'s product specifications for Royal Data Services, Inc.'s acquisitions of

1   CRT Products.  In addition, Plaintiff's product specifications may be derived from its production

2   of documents.

3   **INTERROGATORY NO. 12:**

4       Separately, with respect to each CRT that YOU acquired during the RELEVANT

5   PERIOD, state the total dollar amount by which YOU allege YOU were overcharged as a result of

6   the allegations in the Complaint.

7       As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

8   YOUR response.

9   **RESPONSE TO INTERROGATORY NO. 12:**

10      Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

11  objects to this interrogatory as being a premature contention interrogatory.  *See In re Convergent*

12  *Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent

13  authority for the view that the wisest general policy is to defer propounding and answering

14  contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust*

15  *Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their

16  Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is

17  undertaken.").  Discovery has just started, Defendants have not meaningfully responded to

18  Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take

19  depositions until November 1, 2010).  Plaintiff further objects to this interrogatory to the extent

20  that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert

21  information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or

22  theories that may be the subject of expert testimony.  Plaintiff further objects to this interrogatory

23  on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material

24  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

25  also objects to this interrogatory to the extent it calls for disclosure of information that is protected

26  by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune

27  from discovery.  Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations

28

1  beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local

2  Rules of the United States District Court for the Northern District of California.

3  **INTERROGATORY NO. 13:**

4       Separately, with respect to each CRT PRODUCT that YOU acquired during the

5  RELEVANT PERIOD, state the total dollar amount by which YOU allege YOU were

6  overcharged as a result of the allegations in the Complaint.

7       As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

8  YOUR response.

9  **RESPONSE TO INTERROGATORY NO. 13:**

10       Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

11  objects to this interrogatory as being a premature contention interrogatory.  *See In re Convergent*

12  *Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent

13  authority for the view that the wisest general policy is to defer propounding and answering

14  contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust*

15  *Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their

16  Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is

17  undertaken.").  Discovery has just started, Defendants have not meaningfully responded to

18  Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take

19  depositions until November 1, 2010).  Plaintiff further objects to this interrogatory to the extent

20  that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert

21  information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or

22  theories that may be the subject of expert testimony.  Plaintiff further objects to this interrogatory

23  on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material

24  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

25  also objects to this interrogatory to the extent it calls for disclosure of information that is protected

26  by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune

27  from discovery.  Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations

28  beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local

1 | Rules of the United States District Court for the Northern District of California.

2

3 | DATED:  July 7, 2010                    By:        /s/ Guido Saveri
                                                    SAVERI & SAVERI, INC.
4                                                   706 Sansome Street
                                                    San Francisco, CA 94111
5                                                   Telephone:    (415) 217-6810
                                                    Facsimile:    (415) 217-6813
6
                                                    *Interim Lead Counsel for the Direct*
7                                                   *Purchaser Plaintiffs*

Crt.271a-11

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF ROYAL DATA SERVICES, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S
FIRST SET OF INTERROGATORIES

# <u>VERIFICATION</u>

I, Phillip Lau, am President of Royal Data Services, Inc.  I do hereby state, under penalty of perjury under the laws of the United States, that the responses contained in Plaintiff Royal Data Services Inc.'s Responses and Objections to Defendant Hitachi America, Ltd.'s First Set of Interrogatories are true and correct to the best of my knowledge.

Executed on _July 8_____, 2010.


Phillip Lau

Guido Saveri (22349) guido@saveri.com
R. Alexander Saveri (173102) rick@saveri.com
Geoffrey C. Rushing (126910) grushing@saveri.com
Cadio Zirpoli (179108) cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:   (415) 217-6810
Facsimile:   (415) 217-6813

*Interim Lead Counsel for the Direct Purchaser*
*Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 SC |
| | MDL NO. 1917 |
| This Document Relates to: | **STUDIO SPECTRUM INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES** |
| STUDIO SPECTRUM, INC. | |

PROPOUNDING PARTY:      HITACHI AMERICA, LTD.

RESPONDING PARTY:      STUDIO SPECTRUM, INC.

SET NO.:      ONE

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Studio Spectrum, Inc. ("Plaintiff"), by its attorneys, objects and responds to Defendant Hitachi America, Ltd.'s First Set of Interrogatories to the Direct Purchaser Plaintiffs (the "Interrogatories") as follows:

### GENERAL OBJECTIONS

Each of the following objections is incorporated by reference into each of the responses herein:

1.      Plaintiff and its counsel have not completed their (1) investigation of the facts relating to this case, (2) discovery in this action, or (3) preparation for trial. The following

1  responses are therefore based upon information known at this time and are provided without

2  prejudice to Plaintiff's right to supplement these responses prior to trial or to produce evidence

3  based on subsequently discovered information.  Likewise, Plaintiff's responses are based upon,

4  and therefore limited by, Plaintiff's present knowledge and recollection, and consequently,

5  Plaintiff reserves the right to make any changes in these responses if it appears at any time that

6  inadvertent errors or omissions have been made.

7          2.       Plaintiff generally objects to these Interrogatories, including the Instructions and

8  Definitions, to the extent they purport to enlarge, expand or alter in any way the plain meaning and

9  scope of any interrogatory or to impose any obligations on Plaintiff's responses in excess of those

10 required by the Federal Rules of Civil Procedure.  Plaintiff will respond to these Interrogatories in

11 accordance with their understanding of the obligations imposed by the Federal Rules of Civil

12 Procedure.

13         3.       Plaintiff objects to these Interrogatories, including the Instructions and Definitions,

14 to the extent the information sought is protected by the attorney-client privilege, the attorney work

15 product doctrine, or is otherwise privileged and/or immune from discovery.  By responding to

16 these Interrogatories, Plaintiff does not waive, intentionally or otherwise, any attorney-client

17 privilege, attorney work-product or any other privilege, immunity or other protection that may be

18 asserted to protect any information from disclosure.  Accordingly, any response or production of

19 documents or disclosure of information inconsistent with the foregoing is wholly inadvertent and

20 shall not constitute a waiver of any such privilege, immunity or other applicable protection.

21         4.       Plaintiff objects to these Interrogatories to the extent they fail to state with

22 sufficient particularity the information and categories of information to be provided.

23         5.       Plaintiff objects to these Interrogatories to the extent they request Plaintiff to

24 produce documents outside their possession, custody, or control.

25         6.       Plaintiff objects to these Interrogatories to the extent they are overly broad and

26 unduly burdensome.

27         7.       Plaintiff objects to these Interrogatories to the extent they are vague, ambiguous,

28 redundant, harassing or oppressive.

8.     Plaintiff objects to these Interrogatories to the extent they require Plaintiff to draw legal conclusions.

9.     Plaintiff objects to these Interrogatories to the extent the information requested is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.    Plaintiff objects to these Interrogatories to the extent that they, or any portion of them, seek production of any information within the possession, custody, or control of any Defendant, or of publicly available information such that the information is obtainable from some other source that is more convenient, less burdensome or less expensive, or the production of the information will impose undue burden, inconvenience, or expense upon Plaintiff.

11.    Plaintiff objects to each and every interrogatory and also to the instructions accompanying them, to the extent they seek to require Plaintiff to produce all information that supports or otherwise relates to specific contentions in this litigation, on the ground that such contention interrogatories are unduly burdensome and premature at this stage of the litigation.

12.    Plaintiff objects to these Interrogatories to the extent that they seek information relating to the sales or use of CRT(s) and/or CRT PRODUCT(s) acquired by Plaintiff, or other such downstream data, because such information is not relevant to the claim or defense of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Additionally, information other than that related to direct purchases of CRT Products from the named defendants in this action has been barred by the United States Supreme Court, *Illinois Brick Co. v. Illinois,* 431 U.S. 720 (1977).

13.    Plaintiff objects to these Interrogatories to the extent that they seek information that requires expert opinion.  Plaintiff is entitled to provide additional evidence that is responsive to one or more of the interrogatories in the form of expert reports at the appropriate time, and no response should be construed to foreclose any such disclosure.

14.    Plaintiff reserves the right to modify its allegations based on additional discovery, additional analysis of existing discovery, discovery not yet completed and/or expert discovery, and Plaintiff reserves the right to supplement and/or delete the responses given in light of further

1  evidence and further analysis of present and subsequently acquired evidence.

2      15.    In addition, in accordance with the Federal Rules of Civil Procedure, Plaintiff

3  reserves the right to introduce evidence not yet identified herein supporting Plaintiff's allegations,

4  including evidence that Plaintiff expects to further develop through the course of discovery and

5  expert analysis.

6      16.    In providing responses to these Interrogatories, Plaintiff reserves all objections as

7  to competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent

8  proceeding in, or trial of, this or any other action for any purpose whatsoever.

9      17.    No incidental or implied admissions are intended in these responses.  Plaintiff's

10  response to all or any part of any Interrogatory should not be taken as an admission that: (a)

11  Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by an Interrogatory; or

12  (b) Plaintiff has in its possession, custody or control documents or information responsive to that

13  Interrogatory; or (c) documents or information responsive to that Interrogatory exist.  Plaintiff's

14  response to all or any part of an Interrogatory also is not intended to be, and shall not be, a waiver

15  by Plaintiff of all or any part of their objection(s) to that Interrogatory.

16      18.    Plaintiff objects to these Interrogatories to the extent they are duplicative of

17  interrogatories served by other defendants in this litigation.  To the extent these Interrogatories

18  seek answers that are duplicative to those requested by other interrogatories that have already been

19  propounded on the direct purchaser class, or served at the same time as these Interrogatories, the

20  direct purchaser plaintiffs will only answer them once.

21      19.    Plaintiff objects to these Interrogatories to the extent that the cumulative requests

22  by all defendants in this litigation exceed the permissible number set forth in the Federal Rules.

23                                   **RESPONSES**

24  **INTERROGATORY NO. I:**

25      IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR

26  responses to these interrogatories.

27  **RESPONSE TO INTERROGATORY NO. 1:**

28      Plaintiff incorporates the General Objections as though fully set forth herein.  Subject to,

1  and without waiving, the foregoing objections, Plaintiff responds as follows:

2        Ken Buckowski, President of Studio Spectrum, Inc.

3        Kathy King, Operations Manager and Purchasing Agent

4        Legal Counsel

5  **INTERROGATORY NO. 2:**

6        Separately identify each CRT that YOU sold during the RELEVANT PERIOD, including

7  without limitation the date and place of sale, the type and manufacturer of each CRT sold, and the

8  IDENTITY of each PERSON involved in the sale and the time period and nature of each

9  PERSON's involvement.

10        As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

11  YOUR response.

12  **RESPONSE TO INTERROGATORY NO. 2:**

13        Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

14  objects to this Interrogatory to the extent it requests information other than that related to direct

15  purchases of CRT Products from the named defendants in this action on the grounds that it is

16  compound, vague and ambiguous, overly broad and unduly burdensome.  Plaintiff further objects

17  to this Interrogatory to the extent that it seeks information entirely irrelevant to the issues raised

18  and damages claimed in this case and is not likely to lead to the discovery of admissible evidence.

19  Plaintiff further objects and will not respond to this Interrogatory because it impermissibly calls

20  for downstream information concerning sales of CRTs by Plaintiff and such information is not

21  relevant to the claims or defenses of any party.  Plaintiff purchased only CRT Products.

22  **INTERROGATORY NO. 3:**

23        Separately identify each CRT PRODUCT that YOU sold during the RELEVANT

24  PERIOD, including without limitation the date and place of sale, the type and manufacturer of

25  each CRT PRODUCT sold, and the IDENTITY of each PERSON involved in the sale and the

26  time period and nature of each PERSON's involvement.

27        As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

28  YOUR response.

815488.1                        5                  MDL NO. 1917
STUDIO SPECTRUM INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT HITACHI AMERICA, LTD.'S
FIRST SET OF INTERROGATORIES                224

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff objects to this Interrogatory to the extent it requests information other than that related to direct purchases of CRT Products from the named defendants in this action on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff further objects to this Interrogatory to the extent that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiff further objects and will not respond to this Interrogatory because it impermissibly calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party.

**INTERROGATORY NO. 4:**

For each sale of a CRT identified in Interrogatory No. 2, state all terms and conditions that were a part of the sale, including without limitation all terms and conditions RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any PERSON in connection with the sale.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff objects to this Interrogatory to the extent it requests information other than that related to direct purchases of CRT Products from the named defendants in this action on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff further objects to this Interrogatory to the extent that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiff further objects and will not respond to this Interrogatory because it impermissibly calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party. Plaintiff purchased only CRT Products.

**INTERROGATORY NO. 5:**

For each sale of a CRT PRODUCT identified in Interrogatory No. 3, state all terms and conditions that were a part of the sale, including without limitation all terms and conditions RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any PERSON in connection with the sale.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff objects to this Interrogatory to the extent it requests information other than that related to direct purchases of CRT Products from the named defendants in this action on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff further objects to this Interrogatory to the extent that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiff further objects and will not respond to this Interrogatory because it impermissibly calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party.

**INTERROGATORY NO. 6:**

Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT, including without limitation their subsidiaries and affiliates, state for each calendar year of the RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRTs YOU acquired or sold.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff objects to this Interrogatory to the extent it requests information other than that related to direct purchases of CRT Products from the named defendants in this action on the grounds that it is

1  compound, vague and ambiguous, overly broad and unduly burdensome.  Plaintiff objects to this

2  Interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and

3  damages claimed in this case and is not likely to lead to the discovery of admissible evidence.

4  Plaintiff further objects and will not respond to this Interrogatory because it calls for downstream

5  information concerning sales of CRT Products by Plaintiff and such information is not relevant to

6  the claims or defenses of any party.  Plaintiff further objects to this Interrogatory to the extent that

7  it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert

8  information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or

9  theories that may be the subject of expert testimony.  Plaintiff also objects to this Interrogatory to

10  the extent it calls for disclosure of information that is protected by the attorney-client privilege, the

11  work product doctrine, or is otherwise privileged or immune from discovery.  Finally, Plaintiff

12  objects to this Interrogatory to the extent it imposes obligations on Plaintiff beyond the scope of

13  the Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States

14  District Court for the Northern District of California.  Subject to, and without waiving these

15  objections, Plaintiff's purchases of CRT Products from the defendants may be derived from their

16  production of documents.  Plaintiff purchased only CRT Products.

17  **INTERROGATORY NO. 7:**

18      Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT,

19  including without limitation their subsidiaries and affiliates, state for each calendar year of the

20  RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRT PRODUCTS

21  YOU acquired or sold.

22      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

23  YOUR response.

24  **RESPONSE TO INTERROGATORY NO. 7:**

25      Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

26  objects to this Interrogatory to the extent it requests information other than that related to direct

27  purchases of CRT Products from the named defendants in this action on the grounds that it is

28  compound, vague and ambiguous, overly broad and unduly burdensome.  Plaintiff objects to this

1 | Interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and

2 | damages claimed in this case and is not likely to lead to the discovery of admissible evidence.

3 | Plaintiff further objects and will not respond to this Interrogatory because it calls for downstream

4 | information concerning sales of CRT Products by Plaintiff and such information is not relevant to

5 | the claims or defenses of any party.  Plaintiff further objects to this Interrogatory to the extent that

6 | it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert

7 | information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or

8 | theories that may be the subject of expert testimony.  Plaintiff also objects to this Interrogatory to

9 | the extent it calls for disclosure of information that is protected by the attorney-client privilege, the

10 | work product doctrine, or is otherwise privileged or immune from discovery.  Finally, Plaintiff

11 | objects to this Interrogatory to the extent it imposes obligations on Plaintiff beyond the scope of

12 | the Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States

13 | District Court for the Northern District of California.  Subject to, and without waiving these

14 | objections, Plaintiff's purchases of CRT Products from the defendants may be derived from their

15 | production of documents.  *See* Bates Range SS0000001-SS0000013.

16 | **INTERROGATORY NO. 8:**

17 | IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the

18 | terms and conditions for each of YOUR acquisitions or sales of CRTs during the RELEVANT

19 | PERIOD.

20 | **RESPONSE TO INTERROGATORY NO. 8:**

21 | Plaintiff purchased only CRT Products.  Plaintiff incorporates the General Objections as

22 | though fully set forth herein.  Plaintiff objects to this Interrogatory on the grounds that it requests

23 | information other than that related to direct purchases of CRT Products from the named

24 | defendants in this action on the grounds that it is compound, vague and ambiguous, overly broad

25 | and unduly burdensome.  Plaintiff objects to this Interrogatory on the grounds that it seeks

26 | information entirely irrelevant to the issues raised and damages claimed in this case and is not

27 | likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

28 | respond to this Interrogatory because it calls for downstream information concerning sales of CRT

1  Products by Plaintiff and such information is not relevant to the claims or defenses of any party.

2  Subject to, and without waiving, the foregoing objections, Plaintiff responds with respect

3  to its acquisition of CRT Products as follows:

4  Ken Buckowski, President of Studio Spectrum, Inc.

5  Kathy King, Operations Manager and Purchasing Agent

6  **INTERROGATORY NO. 9:**

7  IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the

8  terms and conditions for each of YOUR acquisitions or sales of CRT PRODUCTS during the

9  RELEVANT PERIOD.

10  **RESPONSE TO INTERROGATORY NO. 9:**

11  Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

12  objects to this Interrogatory on the ground that it requests information other than that related to

13  direct purchases of CRT Products from the named defendants in this action on the grounds that it

14  is compound, vague and ambiguous, overly broad and unduly burdensome.  Plaintiff objects to

15  this Interrogatory on the ground that it seeks information entirely irrelevant to the issues raised and

16  damages claimed in this case and is not likely to lead to the discovery of admissible evidence.

17  Plaintiff further objects and will not respond to this Interrogatory because it calls for downstream

18  information concerning sales of CRT Products by Plaintiff and such information is not relevant to

19  the claims or defenses of any party.

20  Subject to, and without waiving, the foregoing objections, Plaintiff responds with respect

21  to its acquisition of CRT Products as follows:

22  Ken Buckowski, President of Studio Spectrum, Inc.

23  Kathy King, Operations Manager and Purchasing Agent

24  **INTERROGATORY NO. 10:**

25  IDENTIFY YOUR product specifications for each acquisition or potential acquisition of

26  CRTs during the RELEVANT PERIOD, including without limitation all PERSONS with

27  knowledge of those specifications.

28

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff also objects to this Interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows:

Plaintiff purchased only CRT Products. Plaintiff did not develop product specifications for cathode ray tubes, because it did not purchase cathode ray tubes as individual components. Instead, Plaintiff purchased manufactured monitors which incorporated cathode ray tubes. Plaintiff integrated these monitors into entire systems built to meet the requirements of Plaintiff's customers. The specifications of these monitors were based on the design of the cases, chassis, power supply, and driving amplifiers, as well as the type of signal required. In addition, Plaintiff's product specifications of these monitors may be derived from its production of documents. *See* Bates Range SS0000001-SS0000013.

**INTERROGATORY NO. 11:**

IDENTIFY YOUR product specifications for each acquisition or potential acquisition of CRT PRODUCTS during the RELEVANT PERIOD, including without limitation all PERSONS with knowledge of those specifications.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff also objects to this Interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Subject to, and without waiving, the foregoing objections, Plaintiff respond as follows:

Plaintiff did not develop product specifications for cathode ray tubes, because it did not purchase cathode ray tubes as individual components. Instead, Plaintiff purchased manufactured monitors which incorporated cathode ray tubes. Plaintiff integrated these monitors into entire systems built to meet the requirements of Plaintiff's customers. The specifications of these monitors were based on the design of the cases, chassis, power supply, and driving amplifiers, as well as the type of signal required. In addition, Plaintiff's product specifications of these monitors

1 | may be derived from its production of documents. *See* Bates Range SS0000001-SS0000013.

2 | **INTERROGATORY NO. 12:**

3 | Separately, with respect to each CRT that YOU acquired during the RELEVANT

4 | PERIOD, state the total dollar amount by which YOU allege YOU were overcharged as a result of

5 | the allegations in the Complaint.

6 | As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

7 | YOUR response.

8 | **RESPONSE TO INTERROGATORY NO. 12:**

9 | Plaintiff purchased only CRT Products. Plaintiff incorporates the General Objections as

10 | though fully set forth herein. Plaintiff objects to this Interrogatory as a premature contention

11 | interrogatory. *See In re Convergent Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal.

12 | 1985) ("[t]here is considerable recent authority for the view that the wisest general policy is to

13 | defer propounding and answering contention interrogatories until near the end of the discovery

14 | period."); *In re Ebay Seller Antitrust Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal.

15 | Dec. 11, 2008) ("Courts using their Rule 33(a)(2) discretion generally disfavor contention

16 | interrogatories asked before discovery is undertaken."). Discovery has just started. Defendants

17 | have not responded to Plaintiff's interrogatories, and Plaintiff has not taken any depositions (and is

18 | not permitted to take depositions until November 1, 2010). Moreover, on March 8, 2010, certain

19 | Defendants produced to all parties in this litigation, documents that had previously been produced

20 | to the Department of Justice in response to a grand jury subpoena. That production contains some

21 | of the facts responsive to this Interrogatory. Plaintiff further objects to this Interrogatory to the

22 | extent that it impermissibly seeks the premature and non-reciprocal disclosure of experts and

23 | expert information, or requires Plaintiff to set forth factual analyses, comparative analyses,

24 | opinions, or theories that may be the subject of expert testimony. Plaintiff also objects to this

25 | Interrogatory to the extent it calls for disclosure of information that is protected by the attorney-

26 | client privilege, the work product doctrine, or is otherwise privileged or immune from discovery.

27 | Finally, Plaintiff objects to this Interrogatory to the extent it imposes obligations on Plaintiff

28 | beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local

1 | Rules of the United States District Court for the Northern District of California.

2 | **INTERROGATORY NO. 13:**

3 |    Separately, with respect to each CRT PRODUCT that YOU acquired during the

4 | RELEVANT PERIOD, state the total dollar amount by which YOU allege YOU were

5 | overcharged as a result of the allegations in the Complaint.

6 |    As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

7 | YOUR response.

8 | **RESPONSE TO INTERROGATORY NO. 13:**

9 |    Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

10 | objects to this Interrogatory as a premature contention interrogatory.  *See In re Convergent*

11 | *Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent

12 | authority for the view that the wisest general policy is to defer propounding and answering

13 | contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust*

14 | *Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their

15 | Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is

16 | undertaken.").  Discovery has just started.  Defendants have not responded to Plaintiff's

17 | interrogatories, and Plaintiff has not taken any depositions (and is not permitted to take

18 | depositions until November 1, 2010).  Moreover, on March 8, 2010, certain Defendants produced

19 | to all parties in this litigation, documents that had previously been produced to the Department of

20 | Justice in response to a grand jury subpoena.  That production contains some of the facts

21 | responsive to this Interrogatory.  Plaintiff further objects to this Interrogatory to the extent that it

22 | impermissibly seeks the premature and non-reciprocal disclosure of experts and expert

23 | information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or

24 | theories that may be the subject of expert testimony.  Plaintiff also objects to this Interrogatory to

25 | the extent it calls for disclosure of information that is protected by the attorney-client privilege, the

26 | work product doctrine, or is otherwise privileged or immune from discovery.  Finally, Plaintiff

27 | objects to this Interrogatory to the extent it imposes obligations on Plaintiffs beyond the scope of

28 | the Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States

1 | District Court for the Northern District of California.

2 | DATED:  July 7, 2010

By:        /s/ Guido Saveri
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:    (415) 217-6810
Facsimile:    (415) 217-6813

*Interim Lead Counsel for the Direct
Purchaser Plaintiffs*

14

STUDIO SPECTRUM INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT HITACHI AMERICA, LTD.'S
FIRST SET OF INTERROGATORIES

233

# <u>VERIFICATION</u>

I, Ken Buckowski, am President of Studio Spectrum, Inc.  I do hereby state, under penalty of perjury under the laws of the United States, that the responses contained in Plaintiff Studio Spectrum, Inc.'s Responses and Objections to Defendant Hitachi America Ltd.'s First Set of Interrogatories are true and correct to the best of my knowledge.

Executed on July 7, 2010.


Ken Buckowski