# EXHIBIT A

Westlaw.

740 ILCS 10/7                        Page 1

Formerly cited as IL ST CH 38 ¶ 60-7

C

**Effective: January 1, 2010**

West's Smith-Hurd Illinois Compiled Statutes Annotated <u>Currentness</u>
   Chapter 740. Civil Liabilities
      Act 10. Illinois Antitrust Act <u>(Refs & Annos)</u>
         → **10/7. Civil actions and remedies**

§ 7. The following civil actions and remedies are authorized under this Act:

(1) The Attorney General, with such assistance as he may from time to time require of the State's Attorneys in the several counties, shall bring suit in the Circuit Court to prevent and restrain violations of Section 3 of this Act. In such a proceeding, the court shall determine whether a violation has been committed, and shall enter such judgment as it considers necessary to remove the effects of any violation which it finds, and to prevent such violation from continuing or from being renewed in the future. The court, in its discretion, may exercise all powers necessary for this purpose, including, but not limited to, injunction, divestiture of property, divorcement of business units, dissolution of domestic corporations or associations, and suspension or termination of the right of foreign corporations or associations to do business in the State of Illinois.

(2) Any person who has been injured in his business or property, or is threatened with such injury, by a violation of Section 3 of this Act may maintain an action in the Circuit Court for damages, or for an injunction, or both, against any person who has committed such violation. If, in an action for an injunction, the court issues an injunction, the plaintiff shall be awarded costs and reasonable attorney's fees. In an action for damages, if injury is found to be due to a violation of subsections (1) or (4) of Section 3 of this Act, the person injured shall be awarded 3 times the amount of actual damages resulting from that violation, together with costs and reasonable attorney's fees. If injury is found to be due to a violation of subsections (2) or (3) of Section 3 of this Act, the person injured shall recover the actual damages caused by the violation, together with costs and reasonable attorney's fees, and if it is shown that such violation was willful, the court may, in its discretion, increase the amount recovered as damages up to a total of 3 times the amount of actual damages. This State, counties, municipalities, townships and any political subdivision organized under the authority of this State, and the United States, are considered a person having standing to bring an action under this subsection. The Attorney General may bring an action on behalf of this State, counties, municipalities, townships and other political subdivisions organized under the authority of this State to recover the damages under this subsection or by any comparable Federal law.

The Attorney General may also bring an action in the name of this State, as parens patriae on behalf of persons residing in this State, to recover the damages under this subsection or any comparable federal law. The powers granted in this Section are in addition to and not in derogation of the common law powers of the Attorney General to act as parens patriae.

No provision of this Act shall deny any person who is an indirect purchaser the right to sue for damages. Provided, however, that in any case in which claims are asserted against a defendant by both direct and indirect purchasers, the court shall take all steps necessary to avoid duplicate liability for the same injury including transfer and consolidation of all actions. Provided further that no person shall be authorized to maintain a class action in any court of this State for indirect purchasers asserting claims under this Act, with the sole exception of this State's Attorney General, who may

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

740 ILCS 10/7                      Page 2

Formerly cited as IL ST CH 38 ¶ 60-7

maintain an action parens patriae as provided in this subsection.

Beginning January 1, 1970, a file setting out the names of all special assistant attorneys general retained to prosecute antitrust matters and containing all terms and conditions of any arrangement or agreement regarding fees or compensation made between any such special assistant attorney general and the office of the Attorney General shall be maintained in the office of the Attorney General, open during all business hours to public inspection.

Any action for damages under this subsection is forever barred unless commenced within 4 years after the cause of action accrued, except that, whenever any action is brought by the Attorney General for a violation of this Act, the running of the foregoing statute of limitations, with respect to every private right of action for damages under the subsection which is based in whole or in part on any matter complained of in the action by the Attorney General, shall be suspended during the pendency thereof, and for one year thereafter. No cause of action barred under existing law on July 21, 1965 shall be revived by this Act. In any action for damages under this subsection the court may, in its discretion, award reasonable fees to the prevailing defendant upon a finding that the plaintiff acted in bad faith, vexatiously, wantonly or for oppressive reasons.

(3) Upon a finding that any domestic or foreign corporation organized or operating under the laws of this State has been engaged in conduct prohibited by Section 3 of this Act, or the terms of any injunction issued under this Act, a circuit court may, upon petition of the Attorney General, order the revocation, forfeiture or suspension of the charter, franchise, certificate of authority or privileges of any corporation operating under the laws of this State, or the dissolution of any such corporation.

(4) In lieu of any criminal penalty otherwise prescribed for a violation of this Act, and in addition to any action under this Act or any Federal antitrust law, the Attorney General may bring an action in the name and on behalf of the people of the State against any person, trustee, director, manager or other officer or agent of a corporation, or against a corporation, domestic or foreign, to recover a penalty not to exceed $1,000,000 from every corporation or $100,000 from every other person for any act herein declared illegal. The action must be brought within 4 years after the commission of the act upon which it is based. Nothing in this subsection shall impair the right of any person to bring an action under subsection (2) of this Section.

CREDIT(S)

Laws 1965, p. 1943, § 7, eff. July 21, 1965. Amended by P.A. 76-208, § 1, eff. July 1, 1969; P.A. 77-1675, § 1, eff. July 1, 1972; P.A. 79-1360, § 25, eff. Oct. 1, 1976; P.A. 79-1365, § 17, eff. Oct. 1, 1976; P.A. 80-701, § 1, eff. Oct. 1, 1977; P.A. 80-1031, § 10, eff. Sept. 22, 1977, P.A. 81-1051, § 1, eff. Jan. 1, 1980; P.A. 83-236, § 1, eff. Jan. 1, 1984; P.A. 83-238, § 1, eff. Jan. 1, 1984; P.A. 83-1362, Art. II, § 43, eff. Sept. 11, 1984; P.A. 93-351, § 5, eff. Jan. 1, 2004; P.A. 96-751, § 5, eff. Jan. 1, 2010.

**Formerly** Ill.Rev.Stat.1991, ch. 38, ¶ 60-7.

…

740 I.L.C.S. 10/7, IL ST CH 740 § 10/7

Current through P.A. 97-1 of the 2011 Reg. Sess.

Copr (c) 2011 Thomson Reuters

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.