# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE: CHOCOLATE CONFECTIONARY ANTITRUST LITIGATION** | : : : : : | **MDL DOCKET NO. 1935** (Civil Action No. 1:08-MDL-1935) (Judge Conner) |
| **THIS DOCUMENT APPLIES TO:** **INDIRECT END USERS** | : : : | |

## ORDER

AND NOW, this 18th day of February, 2011, upon consideration of the motion (Doc. 891) for leave to amend the complaint, which was filed by the Indirect End User plaintiffs (hereinafter, "IEU plaintiffs"), contending that the Supreme Court's decision in <u>Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.</u>, --- U.S. ---, 130 S. Ct. 1431 (2010), opens the door for an Illinois state antitrust claim in the above-captioned action,[1] and that IEU plaintiffs should therefore be permitted to amend the complaint to add an Illinois antitrust claim and Illinois party plaintiff, and upon further consideration of defendants' response that, notwithstanding the holding of <u>Shady Grove</u>, indirect end users of chocolate products in Illinois cannot bring a

---

[1] In <u>Shady Grove</u>, the Supreme Court considered whether New York's requirements for class actions, <u>see</u> N.Y. C.P.L.R. § 901, prevented a federal court sitting in diversity from certifying a class under Federal Rule of Civil Procedure 23. Under New York law, "an action to recover a penalty, or minimum measure of recovery created or imposed by statute[,] may not be maintained as a class action[,]" unless specifically authorized by statute. N.Y. C.P.L.R. § 901(b). The Court held that Rule 23 displaced § 901(b). Here, IEU plaintiffs contend that the provision of the Illinois Antitrust Act ("IAA") which prohibits indirect purchasers from asserting IAA claims on behalf of a class, <u>see</u> 740 ILL. COMP. STAT. 10/7 [hereinafter § 7], is similar to § 901(b) and must similarly be displaced by Rule 23.

state antitrust claim as a class action,[2] and the court finding that substantive provisions of Illinois law, which cannot be displaced by Federal Rule of Civil Procedure 23, set forth the rights and remedies available to indirect end users of chocolate products in Illinois, see 740 ILL. COMP. STAT. 10/7, and that IEU plaintiffs

---

[2] Defendants agree that Rule 23 displaced New York's § 901(b) in Shady Grove, but they dispute that Rule 23 also displaces Illinois's § 7, under a proper application of the holding of Shady Grove. The court agrees that Shady Grove does not compel such an outcome. A majority of the Shady Grove court agreed that Rule 23 should control the question of whether the federal court may certify the class action—notwithstanding New York's additional requirements for class actions—unless Rule 23 is ultra vires. --- U.S. at ---, 130 S. Ct. at 1437. A plurality of the court proceeded to conclude that Rule 23 is not ultra vires because it regulates only the process for enforcing rights on a class-wide basis. Id. at 1442. Justice Stevens, concurring in the judgment, reasoned that Rule 23 is not ultra vires because its application does not "abridge, enlarge or modify any substantive right," or, in other words, it does not "displace a [s]tate's definition of its own rights or remedies." Id. at 1449. Justice Stevens's approach controls this court's analysis, under the "narrowest grounds" rule. See Marks v. United States, 430 U.S. 188, 193 (1977) ("When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds[.]" (internal quotation omitted)). Hence, this court must consider whether, if Rule 23 displaced § 7, it would thereby displace Illinois's definition of its own rights or remedies.

The undersigned concludes that Rule 23 does not displace § 7, because such an application of Rule 23 would violate the Rules Enabling Act. See 28 U.S.C. § 2072(b) (providing that rules of procedure "shall not abridge, enlarge or modify any substantive right"). Section 7 defines substantive rights and remedies—specifically, the civil actions and remedies emanating from violations of the IAA. In this respect § 7 can be distinguished from New York's § 901(b), a purely procedural statute. Thus, Shady Grove does not compel this court to set aside § 7.

Subsequent to the Shady Grove decision, several federal district courts have reached similar conclusions, and found that state laws with similar provisions were substantive in nature and therefore not preempted by Rule 23. See McKinney v. Bayer Corp., No. 10-CV-224, 2010 WL 3834327 (N.D. Ohio Sept. 30, 2010); Bearden v. Honeywell Int'l Inc., No. 3:09-1035, 2010 WL 3239285 (M.D. Tenn. Aug. 16, 2010); In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig., No. 1:08-WP-65000, 2010 WL 2756947 (N.D. Ohio July 12, 2010). The court finds the opinions of these district courts to be well-reasoned and persuasive.

seek to assert a claim under the Illinois Antitrust Act which cannot be asserted on behalf of a class, and the court concluding that the proposed amendment would therefore be futile,[3] it is hereby ORDERED that the motion (Doc. 891) for leave to amend is DENIED.

S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

---

[3] In light of the court's conclusion that the proposed amendment would be futile, the court need not address other issues surrounding the propriety of granting the pending motion to amend, such as prejudice and undue delay.