# EXHIBIT E

Westlaw.

938 P.2d 842
86 Wash.App. 782, 938 P.2d 842, 1997-1 Trade Cases P 71,858
(Cite as: 86 Wash.App. 782, 938 P.2d 842)

Page 1

▷

Court of Appeals of Washington,
Division 1.
Judith BLEWETT, on Behalf of Herself and all
Other Similarly Situated Individuals, Appellants,
v.
ABBOTT LABORATORIES; American Home
Products Corporation; Boehringer Ingelheim Pharmaceuticals, Inc.; Bristol-Myers Squibb Company;
Burroughs-Wellcome; Ciba-Geigy Corporation; Du
Pont Merck Pharmaceutical Company; Knowll
Pharmaceutical Company; Eli Lilly & Company;
Forest Laboratories; Glaxo, Inc.; Hoffman-Laroche,
Inc.; Johnson & Johnson; Merck & Company, Inc.;
Marion Merrell Dow, Inc.; Pfizer, Inc.; Purdue Frederick Company; Rhone Poulenc-Rorer Pharmaceuticals, Inc.; Sandoz Pharmaceutical Corporation;
The Schering Corporation; Schering-Plough Corporation; G.D. Searle & Company; Smithkline
Beecham Pharmaceuticals Company; The Upjohn
Company; Warner-Lambert Company; Zeneca;
Medco Containment Services, Inc., Respondents.

No. 37526-1-I.
June 23, 1997.

Consumer brought action against major drug manufacturers under Consumer Protection Act, alleging that manufacturers acted according to mutual understanding that they would not sell drugs to local pharmacies at same low prices given to health maintenance organization outlets and mail order pharmacies and that, as result, she and other consumers were illegally overcharged for drugs purchased from local pharmacies and drug stores. The Superior Court, King County, Sharon Armstrong, J., dismissed complaint, and consumer appealed. The Court of Appeals, Becker, J., held that: (1) indirect purchasers are not injured by anticompetitive activity and, therefore, lack standing to sue under Act, and (2) direct purchasers and attorney general are enforcers of state antitrust law.

Affirmed.

West Headnotes

[1] Antitrust and Trade Regulation 29T ⟬290

29T Antitrust and Trade Regulation
    29TIII Statutory Unfair Trade Practices and Consumer Protection
        29TIII(E) Enforcement and Remedies
            29TIII(E)1 In General
                29Tk287 Persons Entitled to Sue or Seek Remedy
                    29Tk290 k. Private Entities or Individuals. Most Cited Cases
    (Formerly 92Hk1 Consumer Protection)

Indirect purchasers are not "injured" by anticompetitive activity and, therefore, lack standing to sue under state Consumer Protection Act. West's RCWA 19.86.090.

[2] Antitrust and Trade Regulation 29T ⟬531

29T Antitrust and Trade Regulation
    29TVI Antitrust Regulation in General
        29TVI(A) In General
            29Tk531 k. Preemption. Most Cited Cases
    (Formerly 265k10)

States 360 ⟬18.84

360 States
    360I Political Status and Relations
        360I(B) Federal Supremacy; Preemption
            360k18.83 Trade Regulation; Monopolies
                360k18.84 k. In General. Most Cited Cases

Supreme Court's holding in *Illinois Brick*, barring antitrust suits by indirect purchasers of price-fixed goods under federal law, only governs federal antitrust law and does not preempt state antitrust law; states are free to grant standing to indirect purchasers of price-fixed goods under their own antitrust statutes.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

938 P.2d 842 Page 2
86 Wash.App. 782, 938 P.2d 842, 1997-1 Trade Cases P 71,858
(Cite as: 86 Wash.App. 782, 938 P.2d 842)

**[3] Courts 106 ⇔97(1)**

106 Courts
    106II Establishment, Organization, and Procedure
        106II(G) Rules of Decision
            106k88 Previous Decisions as Controlling or as Precedents
                106k97 Decisions of United States Courts as Authority in State Courts
                    106k97(1) k. In General. Most Cited Cases

Consumer Protection Act's directive that, in construing this statute, state courts be guided by final decisions of federal courts interpreting similar federal statutes does not mean that state courts are bound to follow federal law; however, neither are state courts free to ignore it. West's RCWA 19.86.920.

**[4] Antitrust and Trade Regulation 29T ⇔521**

29T Antitrust and Trade Regulation
    29TVI Antitrust Regulation in General
        29TVI(A) In General
            29Tk521 k. Federal and State Issues. Most Cited Cases
        (Formerly 265k10)

Consumer Protection Act's directive that, in construing this statute, state courts be guided by decisions of federal courts interpreting similar federal statutes is intended to minimize conflict between enforcement of state and federal antitrust laws and to avoid subjecting businesses to divergent regulatory approaches to same conduct; any departure from federal law must be for reason rooted in state statutes or case law and not in general policy arguments that court would weigh if issue came before it as matter of first impression. West's RCWA 19.86.920.

**[5] Antitrust and Trade Regulation 29T ⇔388**

29T Antitrust and Trade Regulation
    29TIII Statutory Unfair Trade Practices and Consumer Protection
        29TIII(E) Enforcement and Remedies
            29TIII(E)7 Relief
                29Tk387 Monetary Relief; Damages
                    29Tk388 k. In General. Most Cited Cases
    (Formerly 92Hk3 Consumer Protection)

**Antitrust and Trade Regulation 29T ⇔528**

29T Antitrust and Trade Regulation
    29TVI Antitrust Regulation in General
        29TVI(A) In General
            29Tk527 Purpose of Antitrust Regulation
                29Tk528 k. In General. Most Cited Cases
    (Formerly 265k10)

Compensating harmed consumers is not distinguishing feature of state Consumer Protection Act; however, it is one of purposes of federal antitrust law. West's RCWA 19.86.090.

**[6] Antitrust and Trade Regulation 29T ⇔524**

29T Antitrust and Trade Regulation
    29TVI Antitrust Regulation in General
        29TVI(A) In General
            29Tk522 Constitutional and Statutory Provisions
                29Tk524 k. Construction. Most Cited Cases
    (Formerly 265k10)

State antitrust law will not be interpreted in manner that rewards creative pleading at expense of consistent application of legal principles.

**[7] Antitrust and Trade Regulation 29T ⇔483**

29T Antitrust and Trade Regulation
    29TV Price Regulation
        29TV(B) Enforcement and Remedies
            29Tk483 k. Persons Entitled to Sue or Seek Remedy. Most Cited Cases
    (Formerly 92Hk38 Consumer Protection)

Consumer had to allege injury before she could bring price fixing claim under any section of Consumer Protection Act. West's RCWA 19.86.090.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

938 P.2d 842
Page 3
86 Wash.App. 782, 938 P.2d 842, 1997-1 Trade Cases P 71,858
(Cite as: 86 Wash.App. 782, 938 P.2d 842)

[8] Antitrust and Trade Regulation 29T ⛌290

29T Antitrust and Trade Regulation
    29TIII Statutory Unfair Trade Practices and Consumer Protection
        29TIII(E) Enforcement and Remedies
           29TIII(E)1 In General
                29Tk287 Persons Entitled to Sue or Seek Remedy
                    29Tk290 k. Private Entities or Individuals. Most Cited Cases
   (Formerly 92Hk32 Consumer Protection)

Unlike federal antitrust law which has separate provisions governing suits for damages and suits for injunctive relief, Consumer Protection Act requires any private person bringing any action for any purpose under Act to be injured. West's RCWA 19.86.090.

[9] Antitrust and Trade Regulation 29T ⛌290

29T Antitrust and Trade Regulation
    29TIII Statutory Unfair Trade Practices and Consumer Protection
        29TIII(E) Enforcement and Remedies
           29TIII(E)1 In General
                29Tk287 Persons Entitled to Sue or Seek Remedy
                    29Tk290 k. Private Entities or Individuals. Most Cited Cases
   (Formerly 92Hk32 Consumer Protection)

Indirect purchaser has not suffered cognizable injury under Consumer Protection Act, and thus, indirect purchaser is not injured for purposes of antitrust claim, unfair trade claim, or injunctive relief. West's RCWA 19.86.090.

[10] Antitrust and Trade Regulation 29T ⛌289

29T Antitrust and Trade Regulation
    29TIII Statutory Unfair Trade Practices and Consumer Protection
        29TIII(E) Enforcement and Remedies
           29TIII(E)1 In General
                29Tk287 Persons Entitled to Sue or Seek Remedy
                    29Tk289 k. Public Entities or Officials. Most Cited Cases
   (Formerly 92Hk33 Consumer Protection)

While private plaintiff must be injured in her business or property in order to bring any suit under Consumer Protection Act, this requirement does not exist in section of Act that enables actions by attorney general. West's RCWA 19.86.080.

[11] Antitrust and Trade Regulation 29T ⛌960

29T Antitrust and Trade Regulation
    29TXVII Antitrust Actions, Proceedings, and Enforcement
        29TXVII(B) Actions
            29Tk959 Right of Action; Persons Entitled to Sue; Standing; Parties
                29Tk960 k. In General. Most Cited Cases
   (Formerly 265k28(1.6))

Direct purchasers and attorney general are enforcers of state antitrust law.

**844 *783 Ronald J. Meltzer, Sinsheimer & Meltzer, Seattle and Barbara Hart, Goodkind Labaton Rudoff & Sucharo, New York City, for Appellants.

Paul R. Taylor, Byrnes & Keller and Thomas L. Boeder, Perkins Coie, Seattle, for Respondents.

Jon P. Ferguson, Tina E. Kondo, and Marta Lowry, Seattle, for Amicus Curiae Attorney General, State of Wash.

BECKER, Judge.

[1] The state Consumer Protection Act directs us to be guided by federal precedent in our interpretation of the Act. Federal precedent-the United States Supreme Court's decision in *Illinois Brick Co. v. Illinois* [FN1] -bars antitrust suits by indirect purchasers of price-fixed goods under federal law. Guided by *Illinois Brick*, we hold indirect purchasers are not "injured" by anti-competitive *784

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

activity and therefore lack standing to sue under RCW 19.86.090.

> FN1. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977). *See also Kansas v. Utilicorp United, Inc.*, 497 U.S. 199, 110 S.Ct. 2807, 111 L.Ed.2d 169 (1990) (reaffirming *Illinois Brick.*)

### THE COMPLAINT

Judith Blewett sued major drug manufacturers under the Consumer Protection Act.[FN2] Her complaint alleges the defendants acted according to a mutual understanding that they would not sell drugs to local pharmacies at the same low prices given to HMO outlets and mail order pharmacies. As a result, Blewett and the class of consumers she seeks to represent claim to have been illegally overcharged for prescription brand-name drugs purchased from local pharmacies and drug stores. Blewett and the purported class also claim to have been overcharged for drugs purchased from HMOs and mail order pharmacies, which allegedly have been insulated from vigorous competition they would otherwise face from local pharmacies. The plaintiff alleges the discriminatory pricing scheme is not justified by any difference in cost, or any difference in methods or quantities in which the drugs are sold, and therefore constitutes horizontal price fixing in violation of the Act.

> FN2. RCW 19.86.

Blewett theorizes that the defendant manufacturers have passed on the overcharges through a chain of distribution. In this respect, her claim differs from the more typical consumer action where a plaintiff purchases from a defendant directly.

Blewett's complaint sets forth claims for (1) an unlawful combination in restraint of trade, contrary to RCW 19.86.030; and (2) an unfair trade practice, contrary to RCW 19.86.020. The complaint requests the court to award the putative class members treble damages as authorized by the Consumer Protection Act, and to enjoin the defendants from engaging in the alleged pricing scheme.

The trial court dismissed Blewett's complaint with prejudice*785 under CR 12(b)(6) for failing to state a claim upon which relief can be granted. Blewett appeals.

### ILLINOIS BRICK

Defendant manufacturers rely on the rule announced by the United States Supreme Court in *Illinois Brick Co. v. Illinois*. Under *Illinois Brick*, only parties who purchase goods directly from an antitrust violator have a cause of action under the federal antitrust statute. The plaintiffs' complaint would be inadequate under the federal statutes because it fails to allege that they purchased drugs directly from any of the defendants; instead they allege that they purchased indirectly from defendants through local pharmacies. Because the Legislature has instructed courts to be guided by federal law when construing Washington's Consumer Protection Act, defendants claim plaintiffs have no cognizable state claim either.

In *Illinois Brick* the State of Illinois sued concrete block manufacturers under the **845 Clayton Act. Section 4 of the Clayton Act provides: "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States...."[FN3] The State of Illinois alleged that the manufacturers illegally engaged in a combination or conspiracy to fix the price of concrete block. The manufacturers sold concrete block primarily to masonry contractors, who submit bids to general contractors for the masonry portions of construction projects. Plaintiffs claimed that in paying for construction projects, the State paid more for concrete block than it would have if pricing was competitive.

> FN3. 15 U.S.C. § 15(a).

The Supreme Court held that the plaintiffs were not injured within the meaning of the Clayton Act, and therefore had no cause of action. The Court ar-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

ticulated three policy reasons supporting its holding. First, allowing direct purchasers to recover for the full overcharge *786 concentrates their claims, resulting in more rigorous private enforcement of the antitrust laws. Second, forbidding suits by indirect purchasers avoids "the evidentiary complexities and uncertainties" [FN4] in proving the passing-on of injuries " 'in the real economic world rather than an economist's hypothetical model' ".[FN5] Third, forbidding suits by indirect purchasers protects defendants from multiple liability to indirect and direct purchasers.[FN6] This third reason stems from *Hanover Shoe, Inc. v. United Shoe Machinery Corp.*[FN7] in which the Court held that a defendant may not defend an antitrust suit by asserting that the plaintiff passed all overcharges on to the subsequent purchasers and therefore suffered no injury.

> FN4. *Illinois Brick*, 431 U.S. at 732, 97 S.Ct. at 2067-68.
>
> FN5. *Illinois Brick*, 431 U.S. at 732, 97 S.Ct. at 2067-68 (quoting *Hanover Shoe, Inc. v. United Shoe Machinery Corp.*, 392 U.S. 481, 493, 88 S.Ct. 2224, 2231, 20 L.Ed.2d 1231 (1968)).
>
> FN6. *Illinois Brick*, 431 U.S. at 730, 97 S.Ct. at 2066-67.
>
> FN7. *Hanover Shoe, Inc. v. United Shoe Machinery Corp.*, 392 U.S. 481, 88 S.Ct. 2224, 20 L.Ed.2d 1231 (1968).

[2] The indirect purchaser rule of *Illinois Brick* only governs federal antitrust law.[FN8] It does not preempt state antitrust law. States are free to grant standing to indirect purchasers of price-fixed goods under their own antitrust statutes. The question before us is whether Washington has done so.

> FN8. *California v. ARC America Corp.*, 490 U.S. 93, 109 S.Ct. 1661, 104 L.Ed.2d 86 (1989).

STATE ANTITRUST CLAIM

Modeled on the federal antitrust statutes, the Consumer Protection Act provides in section .090:

> Any person who is injured in his or her business or property by a violation of [provisions of this Act] ... may bring a civil action in the superior court to enjoin further violations, to recover the actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney's fee, and the court may in its discretion, *787 increase the award of damages to an amount not to exceed three times the actual damages sustained....[FN9]

> FN9. RCW 19.86.090.

Because it is not facially clear whether the Legislature intended indirect purchasers to have standing under the Act, we must construe the statutory language.[FN10] In doing so, we are not without instructions from the Legislature. Section .920 of the Act states:

> FN10. *See State v. Bd. of Yakima Cy. Comm'rs*, 123 Wash.2d 451, 458-59, 869 P.2d 56 (1994).

> The legislature hereby declares that the purpose of this act is to complement the body of federal law governing restraints of trade, unfair competition and unfair, deceptive, and fraudulent acts or practices in order to protect the public and foster fair and honest competition. It is the intent of the legislature that, in construing this act, the courts be guided by final decisions of the federal courts and final orders of the federal trade commission interpreting the various federal statutes dealing with the same or similar matters.... To this end, **846 this act shall be liberally construed that its beneficial purposes may be served.[FN11]

> FN11. RCW 19.86.920.

[3] The directive to be "guided by" federal law does not mean we are bound to follow it.[FN12] But neither are we free to ignore it, and indeed in practice Washington courts have uniformly followed

federal precedent in matters described under the Consumer Protection Act. In *Short v. Demopolis*,[FN13] the Washington Supreme Court relied heavily on an opinion of the United States Supreme Court when the state courts were split on the issue of whether the *788 practice of law constitutes "trade or commerce" for the purpose of consumer protection statutes. In *Ballo v. James S. Black Co.*,[FN14] this court, in need of a test to determine whether conduct violates the Act's antitrust provision, adopted the test used by federal courts to determine whether conduct violates the federal antitrust laws.

> FN12. *State v. Ralph Williams' NW Chrysler*, 82 Wash.2d 265, 271, 510 P.2d 233 (1973) (in deciding injunction issues under the Consumer Protection Act, "we are statutorily instructed to look to appropriate federal authority for guidance. Although we are not conclusively bound by the relevant federal cases, we find their reasoning persuasive."). *See also State v. Reader's Digest Assn.*, 81 Wash.2d 259, 275, 501 P.2d 290 (1972) ("[i]n the final analysis, the interpretation of RCW 19.86.020 is left to the state courts.").

> FN13. *Short v. Demopolis*, 103 Wash.2d 52, 60, 691 P.2d 163 (1984).

> FN14. *Ballo v. James S. Black Co.*, 39 Wash.App. 21, 26, 692 P.2d 182 (1984).

[4] In directing courts to be "guided by" federal law, the Legislature presumably intended to minimize conflict between the enforcement of state and federal antitrust laws and to avoid subjecting Washington businesses to divergent regulatory approaches to the same conduct. Any departure from federal law, therefore, must be for a reason rooted in our own statutes or case law and not in the general policy arguments that this court would weigh if the issue came before us as a matter of first impression.

[5] Blewett contends the plain language of the Consumer Protection Act allows her claim. She bases her position on the Act's definition of "commerce" as "any commerce *directly or indirectly* affecting the people".[FN15] This definition is not a meaningful point of reference because it does not control who is injured and who may sue under the act; rather, it expansively defines what business conduct is regulated. The State, as amicus, contends that the Act must be liberally construed to serve its beneficial purposes, which include compensating harmed consumers. Compensation is not a distinguishing feature of Washington's Act; it is one of the purposes of federal law as well.[FN16]

> FN15. RCW 19.86.010(2) (emphasis added).

> FN16. *ARC America*, 490 U.S. at 102, 109 S.Ct. at 1665-66 (identifying the "broad purposes" of federal antitrust laws as "deterring anticompetitive conduct and ensuring the compensation of victims of that conduct.").

Blewett attacks the *Illinois Brick* rationale, but fails to supply a compelling reason based on Washington law to reject it. Although the merits of the indirect purchaser *789 rule are debatable,[FN17] we decline to join the debate. The holding of *Illinois Brick* is rational and based on the collectively greater experience of federal courts in adjudicating antitrust suits. We conclude we must follow it.[FN18] We therefore affirm the trial court's dismissal of Blewett's claim based on a combination in restraint of trade under section .030.

> FN17. *See* Barry E. Hawk et al., *Report of the American Bar Association Section of Antitrust Law Force to Review the Supreme Court's Decision in California v. ARC American Corp.*, 59 Antitrust L.J. 273 (1990).

> FN18. *Stifflear v. Bristol-Myers Squibb Co.*, 931 P.2d 471, 475 (Colo.App.1996) ("we decline to depart from the basic ana-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 4:07-cv-05944-JST   Document 939-5   Filed 05/27/11   Page 8 of 9

938 P.2d 842                                                                                                          Page 7
86 Wash.App. 782, 938 P.2d 842, 1997-1 Trade Cases P 71,858
(Cite as: 86 Wash.App. 782, 938 P.2d 842)

lytical framework developed by federal courts with respect to the standing requirements for claims alleging state antitrust violations.").

OTHER CLAIMS

Blewett also contends the defendants' alleged conduct is an unfair trade practice under section .020. This is the same claim with a different label. Blewett has failed to present any theory for her unfair trade claim which is distinguishable from her trade restraint claim, other than to allege that the **847 pricing conduct which restrains trade is also an unfair trade practice.

[6][7] We will not interpret the state antitrust law in a manner that "rewards creative pleading at the expense of consistent application of legal principles." FN19 In Washington, Blewett must allege injury within the meaning of section .090 before she can bring a price-fixing claim under any section of the Act.

> FN19. *Abbott Labs., Inc. v. Segura,* 907 S.W.2d 503, 507 (Tex.1995). A Florida court reached a superficially contrary result in *Mack v. Bristol-Myers Squibb Co.,* 673 So.2d 100, 104 (Fla.App.1996). The court relied on the particular state statutory language for standing under the unfair trade practices act, which differs from the standing language of the Florida antitrust act.

[8] Blewett has also requested injunctive relief. Again, section .090 controls and denies Blewett standing to seek the relief she desires. Unlike federal law which has separate provisions governing suits for damages and suits for *790 injunctive relief, FN20 section .090 requires any private person bringing any action for any purpose under the Act to be "injured."

> FN20. *Compare* 15 U.S.C. § 15 *with* § 26. *See Cargill, Inc. v. Monfort of Colorado, Inc.,* 479 U.S. 104, 111 n. 6, 107 S.Ct. 484, 490 n. 6, 93 L.Ed.2d 427 (1986).

[9] Under *Illinois Brick* 's analysis, "the overcharged direct purchaser, and not others in the chain of manufacture or distribution, is the party 'injured in his business or property' within the meaning of [section 4 of the Clayton Act.]" FN21 Thus, an indirect purchaser has not suffered cognizable injury under the CPA. An indirect purchaser is not injured for the purpose of an antitrust claim, not injured for the purpose of a unfair trade claim, and not injured for the purpose of injunctive relief.

> FN21. *Illinois Brick,* 431 U.S. at 729, 97 S.Ct. at 2066.

[10] If direct purchasers decide not to sue, the indirect purchaser is not entirely without a remedy. While a private plaintiff must "be injured in his or her business or property" in order to bring *any* suit under the Act, this requirement does not exist in the section of the Act that enables actions by the attorney general. FN22

> FN22. RCW 19.86.080.

[11] We conclude that direct purchasers and the attorney general are the enforcers of antitrust law in Washington. FN23 Because Blewett is an indirect purchaser, the trial court properly dismissed all of her claims and requests for relief.

> FN23. Defendants submitted supplemental authority to this court pertaining to the Legislature's failure, twice, to adopt proposed *Illinois Brick* repealer statutes. We have not relied on legislative inaction to reach our decision, but because the supplemental authority pertains to issues argued below and on appeal and was properly submitted in accordance with RAP 10.8, we deny plaintiff's motion to strike.

Affirmed.

AGID and GROSSE, JJ., concur.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

938 P.2d 842                                                                                                   Page 8
86 Wash.App. 782, 938 P.2d 842, 1997-1 Trade Cases P 71,858
**(Cite as: 86 Wash.App. 782, 938 P.2d 842)**

Wash.App. Div. 1,1997.
Blewett v. Abbott Laboratories
86 Wash.App. 782, 938 P.2d 842, 1997-1 Trade Cases P 71,858

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.