JOHN R. KROGER
Attorney General of Oregon
TIM D. NORD  #882800
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 934-4400
Fax: (503) 378-5017
Email:  tim.d.nord@doj.state.or.us

Attorney for the State of Oregon


IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to All Indirect Purchaser Actions | Master File No. CV-07-5944-SC<br><br>MDL No. 1917<br><br>**STATE OF OREGON'S OPPOSITION TO INDIRECT-PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH CHUNGHWA PICTURE TUBES LTD.**<br><br>Date: June 9, 2011<br>Time: 10:00 a.m.<br>JAMS: Two Embarcadero Center, Suite 1500<br>Judge: Honorable Charles A. Legge (Ret.) |


I.    **INTRODUCTION.**

The State of Oregon opposes the Indirect-Purchaser Plaintiffs' ("IPPs") Motion for

Preliminary Approval of Class Settlement with Chunghwa Picture Tubes Ltd. ("Settlement") to

the extent that the Settlement purports to resolve the claims of Oregon indirect purchasers for

damages or restitution.  Oregon's *Illinois Brick* repealer statute designates the Oregon Attorney General as the sole entity authorized to represent indirect purchasers for damages suffered as a result of antitrust violations.[1]  Pursuant to Oregon law, the Indirect Purchaser Plaintiffs in this case (the IPP) are precluded from representing the interests of Oregon indirect purchasers and lack standing or legal authority to bring or settle state law antitrust claims on their behalf.  The State of Oregon asks that the Court deny the settlement class as described in the Chunghwa Class Settlement Motion unless Oregon natural persons are excluded from the settlement class now or, in the alternative, the Court explicitly recognizes the Oregon Attorney General's exclusive authority to represent Oregon's citizens, including the right to opt out its indirect purchasers prior to final approval.

## II.   PROCEDURAL HISTORY.

The IPPs Third Consolidated Amended Complaint (Complaint, see Docket No. 827) alleges a nationwide class for injunctive relief under Section 1 of the Sherman Act, (15 U.S.C. § 1), along with 22 separate state law based claims for damages.  Most importantly, the Complaint alleges no damage claims for indirect purchasers in the State of Oregon.

On March 28, 2011, the IPPs filed the Chunghwa Class Settlement Motion.  In their motion, the IPPs seek to certify a nationwide settlement class under Rule 23(b)(3) of the Federal Rules of Civil Procedure (Rule 23) to release all state and federal claims for damages, in exchange for $10 million and no injunctive relief.  By asking the Court to certify an indirect purchaser damages class that goes well beyond the scope of the classes alleged in the Complaint,

---

[1] This was true without exception until 2009.  In 2009, the Oregon legislature amended Oregon's Antitrust Act to allow indirect purchaser lawsuits to be pursued by non-Oregon Department of Justice Attorneys if the Oregon Attorney General decided to not pursue an indirect purchaser claim.  The amended statutes – ORS 646.775 and 646.780 – now provide the Oregon Attorney General with what, in effect, is a right of first refusal over indirect purchaser state antitrust litigation.  Copies of the Oregon Laws showing the pre-amendment and current statutory language are attached as Exhibit A.  The italicized text was deleted in 2009.  The bolded text was added in 2009.

STATE OF OREGON'S OPPOSITION TO INDIRECT-PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH CHUNGHWA PICTURE TUBES LTD.
TDN/ab1/#2819494

the IPP propose to significantly – and improperly – expand the currently alleged damage classes to include the citizens of all states, including the State of Oregon.  The IPPs' Motion for Approval further seeks to force this release, despite postponing allocation to a later unknown date.  Such an approach makes it impossible to determine the consideration, if any, Oregon indirect purchasers might receive for the loss of claims.

## III.   **ARGUMENT**.

The Chunghwa Class Settlement Motion asks the Court to certify an overly expansive nationwide settlement class for damages.  The IPPs' motion is improper because: (1) the IPPs lack standing to represent Oregon indirect purchasers in this case; and (2) Oregon law confers authority on the Oregon Attorney General to bring indirect purchaser claims on behalf of Oregon natural persons.

### A.   **The IPP Lack Standing to Claim Damages for Indirect Purchasers under the Sherman Act, and They Have Alleged No Damage Class for Oregon Consumers.**

The IPPs' Complaint includes a claim for injunctive relief under Section 1 of the Sherman Act.  Complaint (Docket No. 827, pp. 59-61).  No claim for damages is alleged under federal law.  Indeed, under the rule established in <u>Illinois Brick Co. v. Illinois</u>, 431 U.S. 720 (1977), the IPPs lack standing to pursue any claim for indirect purchaser damages under the federal antitrust laws.  <u>See, e.g.</u>, <u>id.</u> at 746 (acknowledgement by the Supreme Court that its decision to "elevat[e] direct purchasers to a preferred position as private attorneys general . . . denies recovery to those indirect purchasers who may have been actually injured by antitrust violations").

The IPPs also allege separate classes for damages claims on behalf of 22 separate states. The Complaint does not include a named plaintiff from Oregon and the IPP did not seek a class for Oregon indirect purchasers.  The rights and interests of Oregon consumers thus are not being represented in this case, or in the Chunghwa Class Settlement negotiations.  As such, the Court

should decline to approve the overly expansive settlement class for damages proposed by the IPPs.

**B.    Oregon Law Authorizes the Oregon Attorney General to Claim Damages for Oregon Indirect Purchasers.**

In the wake of *Illinois Brick's* prohibition against indirect purchaser claims, numerous states passed so-called "repealer" statutes to provide indirect purchasers with a monetary remedy for violations of state antitrust laws.  These statutes vary from state to state in their scope and requirements.  Oregon was among the states that reacted to *Illinois Brick* by way of legislation.

In 2001, the Oregon Legislature amended the Oregon Antitrust Act to allow the Attorney General to bring claims in a *parens patriae* capacity on behalf of natural persons, Oregon political subdivisions and the State "regardless of whether the plaintiff dealt directly or indirectly with the adverse party."  ORS § 646.75(1)(a).  This remains the operative statute based upon the relevant period of time set forth in the release and the Complaint.  As the alleged violations occurred in 2007 or earlier, the Oregon Attorney General has sole authority to bring suit on behalf of indirect purchasers in Oregon.

The Oregon Attorney General's authority has already been recognized in *In re TFT-LCD (Flat Panel) Antitrust Litigation ("LCDs")*.  In that case, following objection to a similar proposed nationwide class settlement, the private plaintiffs sought to amend their complaint to include Oregon indirect purchasers under the Oregon Act.  The court rejected the private plaintiffs' attempts and acknowledged the Attorney Generals' (Illinois and Oregon) "objections were well taken."[2]

**C.    Due Process and Rule 23**

Because the rights and interests of Oregon and its consumers are not being represented in this case, or in the Chunghwa Class Settlement negotiations, the Court should not approve the IPPs' proposed settlement class for damages to the extent that the settlement purports to include

---

[2] LCD Case No. 3:07-md-01827-SI; Document 2641, filed 4/12/11 and attached to Illinois brief as Exhibit D.

damages or restitution classes on behalf of Oregon indirect consumers.  By proposing a nationwide settlement class, the IPPs attempt to release all state law claims for damages of indirect purchasers residing in Oregon, who have not been represented throughout this litigation. None of the named plaintiffs reside in Oregon, and none could have adequately represented the substantively different state law claims of Oregon residents during settlement negotiations.  In Acosta v. Trans Union, 243 F.R.D. 377 (C.D. Ca. 2007), the court denied a motion for preliminary approval on the grounds that the named plaintiffs did not adequately represent the different proposed settlement classes.  Here, the proposed settlement class is likewise outside the range of possible approval under Rule 23(a), and should be denied.

A district court presented with a request for a class certification for purposes of settlement must ensure the settlement proponents demonstrate the requirements of Federal Rules of Procedure 23(a) and 23(b) have been met.  Amchem Products, Inc. v. Windsor, 521 U.S. 591, 621 (1997).  The safeguards provided by the class-qualifying criteria of Rules 23(a) and (b) "are not impractical impediments – checks shorn of utility – in the settlement context."  Id.  A settlement fairness hearing cannot be a surrogate for Rule 23 findings.  In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation, 55 F.3d 768, 796-97.   If there is any question about a proposed class action settlement, the settlement proponents bear the burden of proving that the proposal should be approved.  In re Armored Car Antitrust Litigation, 472 F. Supp. 1357 (N.D. Ga. 1979), aff'd in part, rev'd in part on other grounds, 645 F.2d 488 (5th Cir. 1981); Hanon v. Dataprods. Corp., 976 F.2d 497, 508-09 (9th Cir. 1992) (petitioning party bears burden of demonstrating Rule 23 criteria have been met).

Rule 23(a)(4) asks whether the representative parties will fairly and adequately protect the interests of the class.  The current motion for preliminary approval demonstrates that Oregon citizens are not adequately protected.  The remedies available to Oregon indirect purchasers through the potential *parens patriae* action by the Oregon Attorney General are distinguishable from the remedies available to many of the members of the IPPs 50-state injunctive class.  State

provided antitrust damages remedies for indirect purchasers are widely divergent.  Indirect purchasers in some states have no antitrust damages remedies.  Others, such as Oregon indirect purchasers, are statutorily provided the remedies of treble damages and/or state-law based equitable relief.  Oregon Revised Statute ("ORS") 646.770 and 646.780(1)(a).

Before a court can approve a class settlement, it should assure itself that the class has been adequately represented during the settlement talks, a conclusion which does not follow automatically from a finding of adequacy for litigation purposes.  In re AT&T Mobility Wireless Data Services Sales Litigation, 270 F.R.D. 330, 343 (N.D. Ill. 2010).  When compromise of the class action is proposed, the trial court's duty is heightened by its responsibility to review the fairness of any compromise of the class action.  In re General Motors Corp. Engine Interchange Litig. at 1124; Amehem at 620 (some Rule 23 specifications demand heightened attention in the settlement context).  The reality of the proposed settlement is that the state claims of Oregon indirect purchasers are much more important to Chunghwa than they are to IPP class counsel and the current plaintiff representatives.  The resolution proposed by the IPPs of some future allocation process simply does not satisfy Rule 23(b)(3) for Oregon indirect purchasers.

## IV.    CONCLUSION.

Courts should be cautious of settlements that cover a class different from one certified for litigation:

> Frequently, the parties propose to enlarge the class or the claims of the class to give the settling defendants greater protection against future litigation.  The court faced with a request for an expanded class definition should require the parties to explain in detail what new facts, changed circumstances, or earlier errors support the alteration of the original definition.

Manual for Complex Litigation, Fourth, § 21.62 (pg. 318).  Here, the IPPs seek to enlarge both the class and the claims released, and they provide no justification for these discrepancies in their motion.  Given the changes in the proposed settlement class, this Court must determine whether or not the class can be certified.  Any settlement class must meet all of the certification

Page 6 -    STATE OF OREGON'S OPPOSITION TO INDIRECT-PURCHASER PLAINTIFFS'
            MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH
            CHUNGHWA PICTURE TUBES LTD.
            TDN/ab1/#2819494

requirements of Rule 23(a) and Rule 23(b)(3), except for the inquiry under Rule 23(b)(3)(D)

regarding intractable management problems.  Amchem Products, Inc., v. Windsor, 521 U.S. 591.

For all of the above reasons, the Court should deny the Chunghwa Class Settlement

Motion to the extent it purports to encompass residents of the State of Oregon.  Alternatively, the

Court at this preliminary stage should explicitly recognize the authority of the Attorney General

and preserve all representative authority, including the ability to exclude Oregon citizens from

any settlement class.

Dated this 27th day of May, 2011.

/s/ Tim D. Nord_____
Tim D. Nord OSB #882800
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Phone:  (503) 934-4400
Fax:  (503) 378-5017
Email:  tim.nord@doj.state.or.us

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of May, 2011, I served the foregoing State of Oregon's Opposition to Indirect-Purchaser Plaintiffs' Motion for Preliminary Approval of Class Settlement with Defendant Chunghwa Picture Tubes, Ltd., by the following indicated method(s):

☐      by **mailing** a full, true and correct copy thereof in a sealed first-class postage prepaid envelope, addressed to the foregoing attorney at the last known office address of the attorney, and deposited with the United States Post Office at Portland, Oregon on the date set forth above.

☐      by causing a full, true and correct copy thereof to be **hand delivered** to the attorney at the last known address listed above on the date set forth above.

☐      by sending a full, true and correct copy thereof via **overnight mail** in a sealed, prepaid envelope, addressed to the attorney as shown above on the date set forth above.

☐      by **faxing** a full, true and correct copy thereof to the attorney at the fax number shown above, which is the last-known fax number for the attorney's office on the date set forth above.

☒      by transmitting full, true and correct copies thereof to the attorneys through the court's Cm/ECF system on the date set forth above.

/s/Tim D. Nord

Page 8 -    STATE OF OREGON'S OPPOSITION TO INDIRECT-PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH CHUNGHWA PICTURE TUBES LTD.
TDN/ab1/#2819494