# EXHIBIT A

Chapter 393 Oregon Laws 2001

Chapter 393 Oregon Laws 2001

AN ACT

HB 2217

Relating to antitrust damage actions by indirect purchasers; creating new provisions; and amending ORS 646.775 and 646.780.

**Be It Enacted by the People of the State of Oregon:**

SECTION 1. ORS 646.775 is amended to read:

646.775. (1)(a) The Attorney General may bring a civil action in the name of the State of Oregon, **on behalf of a political subdivision in this state or as parens patriae on behalf of a natural** [*persons residing in the state*] **person,** in any circuit court in which venue is proper under ORS 646.790, to secure equitable and monetary relief as provided in this section for injury sustained by [*such*] **the natural** [*persons*] **person or political subdivision** to [*their*] **the natural person's or political subdivision's** property by reason of a violation of ORS 646.725 or 646.730. **The Attorney General may bring the action authorized by this paragraph regardless of whether the natural person or political subdivision dealt directly or indirectly with the adverse party.**

(b) The court shall exclude from the amount of monetary relief awarded in an action pursuant to paragraph (a) of this subsection any amount of monetary relief:

(A) [*which*] **That** duplicates amounts [*which*] **that** have been awarded for the same injury[*.*]**; or**

(B) [*which*] **That** is properly allocable to [*(i)*] natural persons who have excluded their claims pursuant to subsection (2)(b) of this section, [*and (ii)*] **or** to any business entity.

(c)(A) **Subject to paragraph (b) of this subsection, the court shall award the state as monetary relief** [*threefold*] **three times** the total damages sustained by **natural persons and political subdivisions and the costs the state incurs in the action** [*, as described in paragraph (b) of this subsection, and the costs of suit*].

(B) The court may award reasonable attorney fees to the Attorney General if the Attorney General prevails in an action under this section.

(C) The court may award reasonable attorney fees to a defendant who prevails in an action under this section if the court determines that the Attorney General had no objectively reasonable basis for asserting the claim or no reasonable basis for appealing an adverse decision of the trial court.

(d) **Notwithstanding paragraph (c) of this subsection, the court shall award the state only the actual damages sustained by natural persons and political subdivisions in an action in which:**

(A) **The Attorney General prevails solely on the basis of a judgment entered in a proceeding under 15 U.S.C. 1 to 45 or in another action by the state under ORS 646.760, 646.770 or 646.780, used as collateral estoppel against the defendant under ORS 646.805; or**

(B) **The natural person or political subdivision dealt indirectly with the adverse party and the Attorney General establishes a violation other than a per se violation of ORS 646.725.**

[*(2)(a) In any action pursuant to subsection (1)(a) of this section, the Attorney General shall, at such times, in such manner, and with such content as the court may direct, cause notice thereof to be given by publication. If the court finds that notice given solely by publication would deny due process of law to any person or persons, the court may direct further notice to such person or persons according to the circumstances of the case.*]

(2)(a) **In any action pursuant to subsection (1)(a) of this section, the Attorney General shall, at the times, in the manner and with the content the court directs, give notice by publication. If the court finds that notice given solely by publication would deny due process of law to a natural person or political subdivision, the court may direct further notice to the natural person or political subdivision according to the circumstances of the case.**

Chapter 393 Oregon Laws 2001

(b) Any **natural** person **or political subdivision** on whose behalf an action is brought pursuant to subsection (1)(a) of this section may elect to exclude from adjudication the portion of the claim for monetary relief attributable to the **natural** person **or political subdivision** by filing notice of [*such*] **the** election with the court within [*such*] **the** time [*as*] specified in the notice given pursuant to paragraph (a) of this subsection.

(c) The final judgment in an action pursuant to subsection (1)(a) of this section shall be res judicata as to any claim under this section by any **natural** person **or political subdivision** on behalf of whom such action was brought and who fails to give the notice specified in paragraph (b) of this subsection within the period specified in the notice given pursuant to paragraph (a) of this subsection.

(3) An action pursuant to subsection (1)(a) of this section shall not be dismissed or compromised without the approval of the court, and the notice of any proposed dismissal or compromise shall be given in [*such*] **the** manner [*as*] the court directs.

(4) In any action pursuant to subsection (1)(a) of this section in which there has been a determination that a defendant agreed to fix prices in violation of ORS 646.725, damages may be proved and assessed in the aggregate by statistical or sampling methods, by the computation and pro rata allocation of illegal overcharges, or by [*such*] **any** other reasonable system of estimating aggregate damages as the court in its discretion may permit without the necessity of separately proving the individual claim of, or amount of damage to, **natural** persons **or political subdivisions** on whose behalf the suit was brought.

(5)(a) Monetary relief recovered in an action pursuant to subsection (1)(a) of this section shall be distributed in [*such*] **the** manner [*as*] the court in its discretion may authorize, subject to the requirement that any distribution procedure adopted afford each **natural** person **or political subdivision** on whose behalf the suit was brought a reasonable opportunity to secure [*their*] **an** appropriate portion of the net monetary relief.

(b) The Attorney General shall deposit that portion of the monetary relief awarded by the court as costs of suit and a reasonable attorney fee in the Consumer Protection and Education Revolving Account established pursuant to ORS 180.095.

(c) To the extent that the monetary relief awarded by the court is not exhausted by distribution pursuant to paragraphs (a) and (b) of this subsection, the remaining funds shall be deemed a civil penalty by the court and assessed as such for the benefit of the state pursuant to ORS 646.760.

(6) The powers granted in this section are in addition to and not in derogation of the common law powers of the Attorney General to act as parens patriae, or the powers of the Attorney General to sue as a representative party on behalf of a class pursuant to ORCP 32.

SECTION 2. ORS 646.780 is amended to read:

646.780. (1)(a) A person including the state or any [*municipal corporation or*] political subdivision [*of*] **in** the state injured in its business or property by a violation of ORS 646.725 or 646.730 may sue [*therefor*] **for the injury** and shall recover [*threefold*] **three times** the damages sustained. [, *except that*] **The state may bring the action authorized by this paragraph regardless of whether the state dealt directly or indirectly with the adverse party.**

(b) **Notwithstanding paragraph (a) of this section, the state may recover only** [*its*] **the state's actual damages sustained and any attorney fees, expert witness fees or investigative costs that the court may** [*be awarded*] **award** under subsection (3) of this section, if [*it*] **the state:**

(A) **Brings an action** [*pursuant to*] **under ORS 646.760;** [*or*]

(B) **Commences a prosecution under ORS 646.815 and 646.990 (2); or**

(C) **Brings an action for an injury that the state suffered by dealing indirectly with the adverse party and the state establishes a violation other than a per se violation of ORS 646.725.**

[*(b)*] **(c)** Notwithstanding paragraph (a) of this subsection, in any action under this section in which the plaintiff prevails solely on the basis of a judgment or decree entered in a proceeding under [*sections 1 to 45 of Title 15 of the United States Code*] **15 U.S.C. 1 to 45** or in another action by the state under ORS 646.760, 646.770 or this section, used as collateral estoppel against a defendant pursuant to

Chapter 393 Oregon Laws 2001

ORS 646.805, plaintiff's recovery shall be limited to the actual damages sustained and any attorney fees, expert witness fees or investigative costs that may be awarded under subsection (3) of this section.

(2) Unless there is a subsequent judgment that the court lacks jurisdiction, the taking of any testimony at the commencement of trial on a civil complaint for damages filed under the antitrust laws of the United States shall constitute an absolute bar and waiver of any right of a plaintiff in such action to recover damages from the same defendant under this section for the same or substantially the same acts of plaintiff.

(3)(a) Except as provided in subsection (4) of this section, in an action brought under the provisions of this section by a person other than the state or any [*municipal corporation or*] political subdivision [*of*] in the state, the court may award reasonable attorney fees, expert witness fees and investigative costs to the prevailing party.

(b) Except as provided in subsection (4) of this section, in a civil action brought under the provisions of this section or under ORS 646.760 by the state or any [*municipal corporation or*] political subdivision [*of*] in the state:

(A) The court may award reasonable attorney fees, expert witness fees and investigative costs to the state or [*any municipal corporation or*] political subdivision [*of the state*] if the state or [*any municipal corporation or*] political subdivision prevails in the action; and

(B) The court may award reasonable attorney fees, expert witness fees and investigative costs to a defendant who prevails in an action under this section if the court determines that the state or [*any municipal corporation or*] political subdivision [*of the state*] had no objectively reasonable basis for asserting the claim or no reasonable basis for appealing an adverse decision of the trial court.

(4) The court may not award attorney fees, expert witness fees or investigative costs to a prevailing defendant under the provisions of this section if the action is maintained as a class action pursuant to ORCP 32.

**SECTION 3.** The amendments to ORS 646.775 and 646.780 by sections 1 and 2 of this 2001 Act apply to conduct occurring on or after the effective date of this 2001 Act.

Approved by the Governor June 15, 2001

Filed in the office of Secretary of State June 15, 2001

Effective date January 1, 2002

———

Chapter 304 Oregon Laws 2009

AN ACT

HB 2584

Relating to antitrust regulation; creating new provisions; and amending ORS 646.780.

**Be It Enacted by the People of the State of Oregon:**

> **SECTION 1.** ORS 646.780 is amended to read:
> 646.780. (1)(a) A person [*including*], the state or any political subdivision in the state injured in its business or property by a violation of ORS 646.725 or 646.730 may sue for the injury and shall recover three times the damages sustained. [*The state may bring the*] **An** action authorized by this paragraph **may be brought** regardless of whether the [*state*] **plaintiff** dealt directly or indirectly with the adverse party.
> (b) Notwithstanding paragraph (a) of this subsection, the state may recover only the state's actual damages sustained and any attorney fees, expert witness fees or investigative costs that the court may award under subsection (3) of this section, if the state:
> (A) Brings an action under ORS 646.760;
> (B) Commences a prosecution under ORS 646.815 and 646.990 (2); or
> (C) Brings an action for an injury that the state suffered by dealing indirectly with the adverse party and the state establishes a violation other than a per se violation of ORS 646.725.
> (c) Notwithstanding paragraph (a) of this subsection, in any action under this section in which the plaintiff prevails solely on the basis of a judgment or decree entered in a proceeding under 15 U.S.C. 1 to 45 or in another action by the state under ORS 646.760, 646.770 or this section, used as collateral estoppel against a defendant pursuant to ORS 646.805, plaintiff's recovery shall be limited to the actual damages sustained and any attorney fees, expert witness fees or investigative costs that may be awarded under subsection (3) of this section.
> (2) Unless there is a subsequent judgment that the court lacks jurisdiction, the taking of any testimony at the commencement of trial on a civil complaint for damages filed under the antitrust laws of the United States shall constitute an absolute bar and waiver of any right of a plaintiff in such action to recover damages from the same defendant under this section for the same or substantially the same acts of plaintiff.
> (3)(a) Except as provided in subsection (4) of this section, in an action brought under the provisions of this section by a person other than the state or any political subdivision in the state, the court may award reasonable attorney fees, expert witness fees and investigative costs to the prevailing party.
> (b) Except as provided in subsection (4) of this section, in a civil action brought under the provisions of this section or under ORS 646.760 by the state or any political subdivision in the state:
> (A) The court may award reasonable attorney fees, expert witness fees and investigative costs to the state or political subdivision if the state or political subdivision prevails in the action; and
> (B) The court may award reasonable attorney fees, expert witness fees and investigative costs to a defendant who prevails in an action under this section if the court determines that the state or political subdivision had no objectively reasonable basis for asserting the claim or no reasonable basis for appealing an adverse decision of the trial court.
> (4) The court may not award attorney fees, expert witness fees or investigative costs to a prevailing defendant under the provisions of this section if the action is maintained as a class action pursuant to ORCP 32.
> (5)(a) When the Attorney General files an action parens patriae under ORS 646.775 within 30 days of the date that a natural person files an action as a class action under this section and

both the Attorney General and the natural person seek to represent the same class of natural persons, the action brought by the Attorney General must be deemed superior to the natural person's action for the purposes of determining whether the natural person's action under this section may not be maintained as a class action under ORCP 32.

(b) Upon commencement of an action as a class action under this section by a natural person, the natural person shall mail a copy of the complaint to the Attorney General. Failure to mail a copy of the complaint is not a jurisdictional defect.

(c) The Attorney General's action shall be deemed superior to the natural person's action brought as a class action as described in paragraph (a) of this subsection until the earlier of:

(A) Thirty days after the natural person mails a copy of the complaint to the Attorney General as provided in paragraph (b) of this subsection; or

(B) The date that a court finds that the natural person's action is to be maintained as a class action.

(d) Nothing in this subsection shall prohibit a natural person from filing an action as a class action if:

(A) The Attorney General's parens patriae action is dismissed prior to adjudication of the issues without damages paid to any natural person; or

(B) A sufficient number of natural persons opt out of the parens patriae action to sustain a separate class action.

SECTION 2. The amendments to ORS 646.780 by section 1 of this 2009 Act apply to actions commenced on or after the effective date of this 2009 Act.

Approved by the Governor June 17, 2009

Filed in the office of Secretary of State June 17, 2009

Effective date January 1, 2010

---