GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
jsanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
REBECCA JUSTICE LAZARUS, SBN 227330
rjustice@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA  94105-2933
Telephone: 415.393.8200
Fax: 415.393.8306

Attorneys for Defendant
CHUNGHWA PICTURE TUBES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>[This document relates to all indirect purchaser actions.] | CASE NO.: CV-07-5944-SC<br>MDL No. 1917<br><br>**DEFENDANT CHUNGHWA PICTURE TUBES, LTD.'S REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF INDIRECT PURCHASER CLASS ACTION SETTLEMENT**<br><br>Hearing Date:  June 9, 2011<br>Time: 10:00 a.m.<br>JAMS: Two Embarcadero Center, Suite 1500<br>**Judge:  Honorable Charles A. Legge (Ret.)** |

Gibson, Dunn & Crutcher LLP

1

CPT'S REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; CASE NO.: CV-07-5944-SC; MDL No. 1917

The Attorneys General of the states of Illinois, Washington and Oregon oppose Plaintiffs' Motion for Preliminary Approval of the nationwide class action settlement between the Indirect Purchaser Plaintiffs ("IPP") and Defendant Chunghwa Picture Tubes, Ltd. ("CPT"). The three Attorneys General argue that, as a matter of state law in their states, only the attorney general of those states possesses the statutory authority to pursue claims for indirect purchaser damages or restitution on behalf of their residents and thus, the indirect purchaser plaintiffs lack standing or legal authority to settle the claims of those citizens. This argument puts the cart before the horse. It concerns who may assert certain claims and obtain monetary relief on behalf of some members of the proposed class, not whether those claims are appropriate for certification as part of a settlement class. As set forth in the Indirect Purchaser Plaintiffs' Motion for Preliminary Approval, the proposed settlement meets the Rule 23 fairness requirements for preliminary approval.

The nationwide settlement and release of damages claims is appropriate under Rule 23 because all class members share a common federal Sherman Act claim for injunctive relief. The settlement adequately compensates class members for the bargained for release of that claim, and the three Attorneys General do not argue otherwise. Instead, the arguments advanced by the three Attorneys General relate to their ability to represent their citizens in the allocation of settlement proceeds among members of the proposed class—not to the antecedent question of whether to preliminarily approve the settlement. The Court should preliminarily approve the proposed settlement and defer consideration of the objections of the three Attorneys General until a later appropriate time.

## I.   PROCEDURAL BACKGROUND

The three Attorneys General seek similar, but not identical, relief. The State of Oregon asks the Court to deny the IPP's request for preliminary approval unless Oregon natural persons are excluded from the settlement class or, in the alternative, that the Court explicitly recognize the Oregon Attorney General's exclusive authority to represent Oregon's citizens, including the right to opt out its indirect purchasers prior to final approval. The states of Washington and Illinois ask the Court to refuse to approve the settlement or, alternatively, to exclude the citizens of their states from

Gibson, Dunn & Crutcher LLP

2

CPT'S REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; CASE NO.: CV-07-5944-SC; MDL NO. 1917

the settlement class. None of the three Attorneys General has challenged the adequacy of the settlement; their objections relate solely to whether the proposed settlement class is appropriate.

## II.   ARGUMENT

At the time of preliminary approval of a proposed class settlement, the Court need determine only that a settlement falls within "the range of reasonableness." *4 Newberg on Class Actions* § 11.25 (4th ed. 2002). This determination depends on (1) an analysis of the class allegations and claims to determine whether the proposed settlement class is a proper class for settlement purposes under Rule 23 and (2) the adequacy of the settlement to compensate class members for a release of those claims. *See Manual for Complex Litig.* (Fourth) §§ 21.62, 21.632 (2004); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). The nationwide class settlement between CPT and the indirect purchaser class of both federal injunctive claims and monetary claims arising under certain state laws meets the Rule 23 requirements and should be preliminarily approved.

### A.   A Nationwide Settlement and Release of Damage Claims Is Appropriate

Under the terms of the proposed settlement, a nationwide class of indirect purchasers releases all claims against defendant CPT for its part in the alleged conspiracy to fix prices of cathode ray tubes and CRT Products indirectly purchased from Defendants. The three Attorneys General claim that this release is inappropriate because only they have the authority to release their citizens' claims for damages and restitution under their states' antitrust laws. But the existence of differences between the mechanics of state laws concerning damages and restitution for antitrust injury do not alter the fact that each member of the proposed class holds a common federal Sherman Act claim for injunctive relief. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 140 F.3d 1228, 1235 (9th Cir. 1998). This fact provides the "commonality" that is required under Rule 23(a)(2) for this Court to certify the proposed nationwide settlement class. Nothing prohibits CPT from settling the 50-state federal injunctive claim in exchange for monetary consideration. Indeed, this is an important component of the settlement because every member of the proposed settlement class holds a federal Sherman Act claim for injunctive relief—even in those states for which no damages claim has been asserted. In exchange for monetary or other consideration provided in the settlement, class plaintiffs

Gibson, Dunn & Crutcher LLP

3

CPT'S REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; CASE NO.: CV-07-5944-SC; MDL No. 1917

1   will release their federal Sherman Act injunctive claims as well as any other potential state or federal

2   damage claims against CPT.

3       Moreover, the anticompetitive conduct alleged in this case is illegal in every state in the

4   Union, as well as in the District of Columbia, and gives rise to at least potential individual damage

5   claims on behalf of indirect-purchaser consumers.  Thus, where, as here, there is a colorable

6   monetary claim in all 50 states, a defendant can settle all of those claims—known or unknown, weak

7   or strong, foreseen or unforeseen, based on existing law or on the creation of new law—that could

8   arise in a litigation. This has been widely recognized by courts as a reasonable objective of

9   settlements, because "class action settlements simply will not occur if the parties cannot set definitive

10  limits on defendants' liability." *In re Initial Pub. Offering Sec. Litig.*, 226 F.R.D. 186, 194 (S.D.N.Y.

11  2005) (citing *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 121-22 (2d Cir. 2005)).

12      Indeed, the Ninth Circuit has repeatedly confirmed that class settlements that include a broad

13  release of claims are permissible, and that the scope of released claims may not only exceed those

14  that actually have been brought in the underlying action, but may exceed the scope of claims that

15  could have been brought in the lawsuit. *See Hesse v. Sprint Corp*., 598 F.3d 581, 590 (9th Cir. 2010);

16  *Williams v. Boeing Co*., 517 F.3d 1120, 1133-34 (9th Cir. 2008); *Reyn's Pasta Bella, LLC v. Visa*

17  *USA, Inc*., 442 F.3d 741, 749 (9th Cir. 2006).  Thus, a broad release of claims in a class settlement—

18  like that negotiated here—is appropriate and consistent with Ninth Circuit controlling precedent.

19      Finally, certification of the proposed nationwide settlement class of indirect purchasers here is

20  consistent with the recent decisions of other courts in this and other districts. *See, e.g*., Second

21  Amended Order Approving Proposed Forms of Notice Regarding Class Action and Partial

22  Settlements and Granting Preliminary Approval of Settlements, *In re Static Random Access Memory*

23  *(SRAM) Antitrust Litig*., Case No. M:07-CV-01819-CW (N.D. Cal. June 10, 2010) (Dkt. # 1013);

24  Memorandum Order and Decision on Plaintiffs' Application For Certification Of Settlement Classes,

25  *In re New Motor Vehicles Canadian Export Antitrust Litig*., Case No. 2:03-md-01532-DBH (D. Me.

26  Aug. 17, 2010) (Dkt. # 1115); Order and Final Judgment Approving Settlement, *In re Tricor Indirect*

27  *Purchaser Antitrust Litig*., No. 05-360(SLR) (D. Del. Oct. 28, 2009) (Dkt. #545); Order Approving

28

Gibson, Dunn & Crutcher LLP

4

CPT'S REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; CASE NO.: CV-07-5944-SC; MDL No. 1917

Lufthansa Settlement Agreement And Entering Final Judgment, *In re Air Cargo Shipping Servs. Antitrust Litig.*, No. 06-MD-1775 (JG) (VVP) (E.D.N.Y. Oct. 6, 2009) (Dkt. # 974).[1]

## B. Differences In Recovery Among Class Members Can Be Addressed By An Allocation Process

The Illinois and Washington Attorneys General have argued that their motion is best decided now. *See* States of Illinois & Washington Opp. Brief at 9. But this argument, like the others raised, suffers from a focus on a subset of statutory claims to the exclusion of the broader claims resolved by the class settlement. The proposed class settlement seeks certification of a nationwide settlement class consisting of all U.S. indirect purchasers of CRTs and CRT Products from defendants. In exchange for settlement consideration provided by CPT, all settlement class members who do not timely opt out will release all competition-law related claims against CPT. Although only 22 states and the District of Columbia have repealed the Supreme Court's decision in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), all of the remaining states in the Union prohibit the conduct in which defendants engaged and have some colorable remedy available to their respective consumers, whether it be pleaded in terms of consumer protection, fraud, common law conspiracy in restraint of trade, or some other cause of action.

The fact that some members of the proposed 50-state settlement class may have state-law claims for damages or restitution in addition to the federal injunctive-relief claim held by all class members does not defeat the Rule 23 commonality requirement or provide another basis for this Court to decline to preliminarily approve the CPT/IPP settlement. Instead, as in other complex multi-state class actions, this issue is properly resolved by reference to a Special Master for an allocation proceeding when and if there are additional class settlements or judgments that may be obtained by the IPPs. In such a proceeding, full consideration can be given, and all arguments heard, regarding whether a given allocation of recovered funds among different consumers is appropriate.

For example, in the *In re DRAM Antitrust Litig.* case, the court appointed the Honorable Charles B. Renfrew as special master charged with, *inter alia*, "[t]he development of a plan of

---

[1] For the Court's convenience, copies of these documents and those cited on the following page are attached to the Declaration of Rebecca Justice Lazarus submitted concurrently herewith.

allocation of settlement proceeds for the benefit of members of the Private Indirect Purchaser Settlement Class and the Government Purchaser Settlement Class, including consideration and/or addition of any subclasses or other means of ensuring a fair and equitable allocation . . .".  Stipulation and Order Appointing The Honorable Charles B. Renfrew As Special Master, *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. M-02-1486 PJH (N.D. Cal. Nov. 30, 2007) (Dkt. No. 1788); *see also* Order Approving Procedure For Allocation Of Settlement Fund Under The Lufthansa Settlement Agreement And For Appointment Of A Special Master, *In re Air Cargo Shipping Servs. Antitrust Litig.,* No. 06-MD-1775 (JG) (VVP) (E.D.N.Y. Oct. 30, 2007) (Dkt. # 645).

       Thus, the issue of potential recovery for class members from states with additional legal remedies is a familiar one in complex cases like this one, and can be addressed by an allocation proceeding heard by a Special Master and contested by all interested parties, including the Attorneys General not only from Oregon, Washington and Illinois, but from all 50 states if they so choose.  The Special Master will consider, among other things, the relative strength of the damages claims of class members.  The state Attorneys General and other interested parties will have an opportunity to advocate their positions to the Special Master.  The Special Master will prepare a report and recommendation to the Court, including a specific plan of allocation.  The class will receive notice of that plan and have an opportunity to object or opt out.  The plan will then be presented to the Court for approval, at which time the Court may consider the fairness of the settlement and plan of allocation.  The present objections, which seek to address these issues now, and in isolation, are simply premature, and should be denied or deferred until the time of allocation.

//
//
//
//
//
//
//
//

6

CPT'S REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; CASE NO.: CV-07-5944-SC; MDL No. 1917

Gibson, Dunn & Crutcher LLP

### III. CONCLUSION

The nationwide settlement presented to this Court for preliminary approval satisfies the requirements of Rule 23 and fairness, and should therefore be approved.

DATED: June 7, 2011

GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS
RACHEL S. BRASS
REBECCA JUSTICE LAZARUS


By:  /s/ Rachel S. Brass
     Rachel S. Brass

*Attorney for Defendant Chunghwa Picture Tubes, Ltd.*

Gibson, Dunn & Crutcher LLP

7
CPT'S REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; CASE NO.: CV-07-5944-SC; MDL No. 1917