# Exhibit C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE TRICOR INDIRECT PURCHASER ANTITRUST LITIGATION ) ) ) | C.A. No. 05-360 (SLR) (consolidated) |
| THIS DOCUMENT RELATES TO: ) ) | |
| ALL ACTIONS ) ) | |

## [PROPOSED] ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT, AWARDING ATTORNEYS' FEES AND EXPENSES, AWARDING REPRESENTATIVE PLAINTIFF INCENTIVE AWARDS, APPROVING PLAN OF ALLOCATION, AND ORDERING DISMISSAL AS TO ALL DEFENDANTS

The Court, having considered (a) the Indirect Purchaser Class's Motion for Final Settlement Approval and Plan of Allocation; (b) the Brief in Support of the Indirect Purchaser Class's Motion for Final Settlement Approval; (c) the Declaration of Raymond Hartman, Ph.D. Regarding the Proposed Plan Of Consumer Distribution ("Hartman Declaration"); (d) the Declaration of Consumer Allocation Counsel Jeffrey S. Istvan in Support of Plan for Distribution of Settlement Funds to Consumers (e) the Indirect Purchaser Class's Motion for an Award Of Attorneys' Fees, Reimbursement of Expenses and Incentive Awards to the Class Representatives [D.I. 515]; (f) the Brief in Support of the Indirect Purchaser Class's Motion For An Award Of Attorneys' Fees, Reimbursement of Expenses and Incentive Awards To The Class Representatives [D.I. 516]; and (g) the Joint Declaration of Class Counsel [D.I. 517]; and having held a hearing on October 9, 2009 and considered all of the submissions and arguments with respect thereto; pursuant to Rules 23 and 54 of the Federal Rules of Civil Procedure, and in accordance with the terms of the Stipulation of Settlement between Indirect Purchaser Class Plaintiffs

("Plaintiffs") and Abbott Laboratories ("Abbott") and Fournier Industrie et Santé and Laboratories Fournier S.A. (together, "Fournier") (collectively, Defendants") dated May 5, 2009 (the "Settlement Agreement") (Nalven Decl. [D.I. 505], Ex. 1) and the Plan of Allocation (*id.*, Ex. 2), it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. This Order and Final Judgment incorporates by reference the definitions in the Settlement Agreement and Plan of Allocation and all terms used herein shall have the same meanings set forth in the Settlement Agreement and Plan of Allocation.

2. Based on the record before the Court, including the Order Preliminarily Approving Class Action Settlement, Conditionally Certifying Settlement Class, Approving Form and Manner of Notice, and Scheduling Final Approval Hearing ("Preliminary Approval Order")[D.I. 509], the submissions in support of the Settlement, objections and responses thereto, the Court finds that all requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied, and hereby certifies, for settlement purposes only, the following class:

> All persons or entities throughout the United States and its territories who purchased, paid for and/or reimbursed for fenofibrate products, including TriCor® tablets and TriCor® capsules, intended for consumption by themselves, their families, or their members, employees, plan participants, beneficiaries or insureds during the period April 9, 2002 through the date the Court issues an order preliminarily approving the settlement (the "Class Period"), excluding (a) Defendants and their respective subsidiaries and affiliates and (b) all government entities (except for government-funded employee benefit funds), and (c) all persons or entities that purchased fenofibrate products for purposes of resale or directly from any of the Defendants to the extent and solely to the extent of such purchases for purposes of resale or such direct purchases.

> Also excluded are PacifiCare Health Plan Administrators, Inc. as well as the separately-settling health plans ("SHPs") listed on **Attachment A** hereto.

3. The Court finds that the requirements of Rule 23(a) are satisfied for settlement purposes only, as follows:

(a) Pursuant to Fed. R. Civ. P. 23(a)(1), the members of the Class are so numerous that joinder of all members is impracticable.

(b) Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(1)(B), the court determines that, in the context of settlement, there are common issues of law and fact as follows:

(i) Whether the conduct challenged in the complaint (C.A. No. 05-360, D.I. 24) violated Section 2 of the Sherman Act, 15 U.S.C. §2 and similar state antitrust and consumer protection statutes;

(ii) Whether the conduct challenged in the complaint (C.A. No. 05-360, D.I. 24) constitutes unjust enrichment under various state laws;

(iii) Whether the settlement amount and other terms of the Settlement Agreement are fair and reasonable;

(c) Pursuant to Fed. R. Civ. P. 23(a)(3), the claims of the Representative Plaintiffs (as defined below) are typical of the claims of the Class in that the Representative Plaintiffs allege that they have purchased and/or paid for fenofibrate products during the Class Period.

(d) Pursuant to Fed. R. Civ. P. 23(a)(4), in the context of settlement, the Representative Plaintiffs will fairly and adequately protect and represent the interests of all members of the Class, and the interests of the Representative Plaintiffs are not

antagonistic to those of the Class. The Representative Plaintiffs are represented by counsel who are experienced and competent in the prosecution of complex class action antitrust litigation.

4. The Court further finds that the requirements of Rule 23(b)(3) are satisfied for settlement purposes only, as follows:

(a) Questions of law and fact common to the members of the Class, as described above, predominate over questions that may affect only individual members; and

(b) A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

5. Plaintiffs Cindy Cronin, Diana Kim, Sandra Krone, Alberto Litter, Neil and Helena Perlmutter, Elaine M. Pullman, Charles M. Shain, Hector Valdes, Richard G. Wilde, Allied Services Division Welfare Fund, Sheet Metal Workers International Association Local Union 28, Painters' District Council No. 30 Health and Welfare Fund, Pennsylvania Employees Benefit Trust Fund, Philadelphia Federation of Teachers Health and Welfare Fund, Vista Healthplan, Inc. (collectively "Representative Plaintiffs") are hereby appointed Class representatives for settlement purposes only.

6. The following firms are appointed as Co-lead Class Counsel: Cafferty Faucher LLP; Labaton Sucharow LLP; Spector Roseman Kodroff & Willis, P.C.; and Hagens Berman Sobol Shapiro LLP. The law firm of Chimicles & Tikellis LLP is appointed Liaison Counsel.

7. The Court has jurisdiction over these Actions and over each of the parties and over all members of the Class.

8. In compliance with the Preliminary Approval Order, notice of the proposed Settlement and Plan of Allocation has been provided to the Class in the manner directed. Affidavit of Eric J. Miller [D.I. 512]; Affidavit of Katherine Kinsella [D.I. 513]. Such notice to members of the Class is hereby determined to be fully in compliance with requirements of Fed. R. Civ. P. 23(e) and due process of law and is found to be the best notice practicable under the circumstances and to constitute due and sufficient notice to all persons and entities entitled thereto.

9. No individuals or entities, other than those listed on **Attachment B** hereto, have excluded themselves from the Class. This Order shall have no force or effect on the persons or entities listed on **Attachment B** hereto.

10. Due and adequate notice of the proceedings having been given to the Class and a full opportunity having been offered to the Class to participate in the Fairness Hearing, it is hereby determined that all Class members, except those listed on **Attachment B**, are bound by this Final Order and Judgment.

11. The Settlement of this Indirect Purchaser Class Action was not the product of collusion between Plaintiffs and Defendants or their respective counsel, but rather was the result of *bona fide* and arm's-length negotiations conducted in good faith between Class Counsel and Defendants' counsel.

12. The Court has held a hearing to consider the fairness, reasonableness and adequacy of the proposed Settlement.

13. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court hereby approves in all respects the Settlement set forth in the Settlement Agreement and finds that finds that the Settlement, the Settlement Agreement and the Plan of Allocation

are, in all respects, fair, reasonable and adequate to Class members. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement and the Plan of Allocation. The Settlement is fair, reasonable and adequate in light of the factors set forth in *Girsh* v. *Jepson*, 521 F.2d 153 (3d Cir 1975), as follows:

(a) this case was highly complex, expensive and time consuming, and would have continued to be so if the case had not settled;

(b) there were few objections to the Settlement by Class members;

(c) because the case settled after the parties had completed discovery and prepared for trial, Class Counsel had a full appreciation of the strengths and weaknesses of their case before negotiating the Settlement;

(d) Class Counsel and the Class would have faced numerous and substantial risks in establishing both liability and damages if they had decided to continue to litigate rather than settle;

(e) the Settlement amount is well within the range of reasonableness in light of the best possible recovery and the risks the parties would have faced if the case had continued to verdicts as to both liability and damages; and,

(f) the Settlement also satisfies the additional factors set forth in *In re Prudential Ins. Co. of America Sales Practices Litigation*, 148 F.3d 283 (3d. Cir. 1998).

14. The Court also approves the Plan of Allocation and method for distribution of net settlement proceeds to consumers proposed by Class Counsel and supported by the Hartman Declaration and the Istvan Declaration. Specifically, the Court approves a the distribution of consumer settlement funds based on an application of the formulaic

methodology formula set forth in the Hartman Declaration, and providing that (a) all consumers who receive a distribution are to be paid their *pro rata* share of the total amount to be distributed, based their reported purchase amounts; (b) all consumers who filed claims pursuant to the notice and claims process are to be paid their *pro rata* share of the total consumer distribution, based their reported purchase amounts, regardless of their reported purchase amount (claimants' purchase amounts are, however, subject to verification and/or audit by the Claims Administrator); and (c) all consumers whose reported purchase information has been obtained by the Claims Administrator other than pursuant to the notice and claims process, i.e., from the SHPs or TPPs, are to be paid their *pro rata* share of the total consumer distribution if their *pro rata* share is equal to or greater than $ _10.00_ . [handwritten initials]

15. The Court directs Rust Consulting, Inc., the firm previously designed by the Court as Claims Administrator, to process the claim forms and data received and distribute the net Settlement Proceeds in the manner provided in the Plan of Allocation and method of distribution to consumers.

16. All claims in the above-captioned Actions against Defendants are hereby dismissed with prejudice, and without costs.

17. In accordance with the Settlement Agreement, upon the Settlement's becoming final in accordance with its terms:

(a) Defendants and, in their capacities as such, their past, present and future parents, subsidiaries, divisions, affiliates, stockholders, owners, officers, directors, insurers, general or limited partners, employees, agents, attorneys and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors and

assigns of each of the foregoing) (the "Released Parties") are and shall be released and forever discharged from all manner of claims, demands, actions, suits, causes of action, damages, and liabilities, of any nature whatsoever (collectively "Claims") (whether such Claims arise or are incurred before, during or after the date hereof), including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that Class Plaintiffs or any member or members of the Class who has (have) not timely excluded itself (themselves) from the Class (including any past, present or future officers, directors, insurers, general or limited partners, divisions, stockholders, owners, agents, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, subsidiaries, partners, heirs, executors, administrators, purchasers, predecessors, successors and assigns, acting in their capacity as such), whether or not they object to the Settlement and whether or not they make a claim upon or participate in the Settlement Fund, ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, to the extent that such Claims (i) were asserted or could have been asserted in the Actions or (ii) arise out of or relate to any conduct

  (A) alleged in the Actions, or

  (B) alleged in any other complaint filed in any current or previous action currently or previously related, consolidated or coordinated, or subject to a previous or pending request for relating, consolidation or coordination with the Actions (the "Related Actions"), including *State of Florida v. Abbott*, C.A. No. 08-155-SLR (D. Del.), or

  (C) relating to any alleged change in formulation, withdrawal, substitution or introduction of, or impairment of competition relating to, any fenofibrate pharmaceutical product (including any TriCor® product or any generic equivalent thereof), or

  (D) relating to any alleged improper obtaining or enforcement of any

8

>patent relating to any fenofibrate pharmaceutical product
>(including any TriCor® product or any generic equivalent
>thereof), including the alleged improper bringing, maintaining,
>defending or otherwise participating in litigation concerning any
>such patent,

provided only that such conduct occurred or allegedly occurred prior to the date hereof -- except as expressly provided for in Paragraph 14 of the Settlement Agreement (the "Released Claims"). Class Plaintiffs and each member of the Class hereby covenant and agree that each shall not sue or otherwise seek to establish or impose liability against any Released Party based, in whole or in part, on any of the Released Claims.

(b)     In addition, each Class member hereby expressly waives and releases, upon the Settlement Agreement becoming final, any and all provisions, rights or benefits conferred by §1542 of the California Civil Code, which reads:

>**Section 1542. General Release--Claims Extinguished.**
>**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

or by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to §1542 of the California Civil Code. Each Class member may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this Paragraph 13, but each Class member hereby expressly waives and fully, finally and forever settles and releases, upon this Settlement Agreement's becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent Claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. For the avoidance of doubt,

9

each Class member also hereby expressly waives and fully, finally and forever settles and releases any and all Claims it may have against any Released Party under §17200, *et seq.*, of the California Business and Professions Code or any similar, comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which Claims are hereby expressly incorporated into the definition of Released Claims.

18. Notwithstanding the above, the Class Members intend to release only the Released Parties that such Class members have released pursuant to paragraph [17] of this Order, and the parties do not intend the Stipulation, any part thereof or any other aspect of the proposed settlement or release, to release or otherwise affect in any way any rights a Class Member has or may have against any other party or entity whatsoever other than the Released Parties with respect to the Released Claims. In addition, as set forth in Paragraph 14 of the Settlement Agreement, the Released Claims do not include any claims arising in the ordinary course of business between Class members and the Released Parties concerning products liability, breach of warranty, breach of contract (other than breach of contract based in whole or in part on any conduct challenged by any plaintiff in and of the Actions or the Released Actions), personal or bodily injury.

19. Class Counsel have moved for and award of attorneys' fees and reimbursement of expenses [D.I. 515]. Pursuant to Rules 23(h)(3) and 54(d) of the Federal Rules of Civil Procedure, and pursuant to the factors for assessing the reasonableness of a class action fee request as set forth in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000), this Court makes the following findings of fact and conclusions of law:

(a) the Settlement confers a monetary benefit on the Class that is substantial, both in absolute terms and when assessed in light of the risks of establishing liability and damages in this case;

(b) there were __3__ objections by Class members to the requested fee award of one-third of the Settlement Fund;

(c) Class Counsel have effectively and efficiently prosecuted this difficult and complex action on behalf of the members of the Class for over four years, with no guarantee they would be compensated;

(d) Class Counsel undertook numerous and significant risks of nonpayment in connection with the prosecution of these Action;

(e) Class Counsel have reasonably expended tens of thousands of hours, and incurred millions of dollars in out of pocket expenses, in prosecuting these Actions, with no guarantee of recovery;

(f) fee awards similar to the fee requested by Class Counsel here have been awarded in similar cases, including numerous Hatch-Waxman antitrust class actions similarly alleging impeded entry of generic drugs;

(g) the Settlement achieved for the benefit of the Class was obtained as a direct result of Class Counsel's skillful advocacy;

(h) the Settlement was reached following negotiations held in good faith and in the absence of collusion;

(i) the "percentage-of-the-fund" method is the proper method for calculating attorneys' fees in common fund class actions in this Circuit (*see, e.g., In re Rite Aid Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005));

(j) Class members were advised in the Notice of Proposed Settlement of Class Action, which notice was approved by this Court, that Class Counsel intended to move for an award of attorneys' fees in an amount up to 33-1/3% of the gross Class Settlement Fund, plus reimbursement of reasonable costs and expenses incurred in the prosecution of these Action;

(k) Class Counsel did, in fact, move for an award of attorneys' fees in the amount of 33-1/3% of the gross Class Settlement Fund, plus reimbursement of reasonable costs and expenses incurred in the prosecution of these Actions, which motion has been on the docket and publicly available (including on the case website) since September 8, 2009;

(l) As detailed in Class Counsel's affidavits, a one-third fee award would equate to a lodestar multiplier of less than multiplier of less than 1.5 x. An examination of recently approved multipliers in other Hatch-Waxman class actions similarly alleging impeded generic competition reveals that the multiplier requested here is well within the acceptable range;

(m) in light of the factors and findings described above, the requested 33-1/3% fee award is within the applicable range of reasonable percentage fund awards.

Accordingly, Class Counsel are hereby awarded attorneys' fees in the amount of $ _21,900,000_ [JW] from the Class Settlement Fund. The Court finds the award to be fair and reasonable.

Further, Class Counsel are hereby awarded $ _1,936,242.59_ [JW] out of the Settlement Fund to reimburse them for the expenses they incurred in the prosecution of

12

these Actions, which expenses the Court finds to be fair, and reasonably incurred to achieve the benefits to the Class obtained in the Settlement to the Class.

The awarded fees and expenses shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Settlement Agreement. Co-Lead Class Counsel shall allocate the fees and expenses among all counsel who participated in the litigation on behalf of the Class.

20. Neither this Final Order and Judgment, the Settlement Agreement, nor any and all negotiations, documents and discussions associated with it shall be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by Defendants, or of the truth of any of the claims or allegations contained in any complaint or any other pleading or document, and evidence thereof shall not be discoverable, admissible or otherwise used directly or indirectly, in any way by or against Plaintiffs or Defendants, whether in these Actions or in any other action or proceeding.

21. Without affecting the finality of this judgment, the Court retains exclusive jurisdiction over the Settlement, and the Settlement Agreement, including the administration and consummation of the Settlement Agreement and allocation of the settlement proceeds, and in order to determine any issues relating to attorneys' fees and expenses and any distribution to members of the Class. In addition, without affecting the finality of this judgment, Defendants and each member of the Class hereby irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including, without limitation any suit, action, proceeding or

dispute relating to the release provisions herein, except that this submission to the Court's jurisdiction shall not prohibit (a) the assertion of the forum in which a claim is brought that the release included in the Settlement Agreement is a defense, in whole or in part, to such claim or, (b) in the event that such a defense is asserted in that forum, the determination of its merits in that forum.

22. The ten (10) consumer Class Representatives are each hereby awarded $5,000 each out of the Consumer Settlement Pool, and the six (6) third-party payor Class Representatives are hereby awarded $20,000 our of the TPP Settlement Pool, for their efforts in representing the Class, which amount is in addition to whatever monies these plaintiffs will receive from the Class Settlement Fund pursuant to the Plan of Allocation and the method of distribution approved by the Court. The Court finds these awards to be fair and reasonable.

23. In the event the Settlement does not become final in accordance with paragraph 6 of the Settlement Agreement, this Order and Final Judgment shall be rendered null and void as provided by the Settlement Agreement, shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

24. The Court hereby directs that this judgment be entered by the clerk forthwith pursuant to Federal Rule of Civil Procedure 54(b). The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this judgment fully and finally adjudicates the claims of the Plaintiffs and the Class against all Defendants in these Action, allows consummation of the Settlement, and will expedite the distribution of the Settlement proceeds to the Class members.

SO ORDERED this the 28th day of October, 2009.

_____
Hon. Sue L. Robinson
U.S. District Court for the District of Delaware