# Exhibit D

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 06 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: AIR CARGO SHIPPING SERVICES ANTITRUST LITIGATION<br><br>MDL No. 1775 | Master File 06-MD-1775 (JG)(VVP)<br><br>This Document Releases to:<br>All Actions |

## ORDER APPROVING LUFTHANSA SETTLEMENT AGREEMENT AND ENTERING FINAL JUDGMENT

Class Plaintiffs and Defendants Deutsche Lufthansa AG, Lufthansa Cargo AG, and Swiss International Air Lines Ltd. (collectively, "Lufthansa") entered into a Settlement Agreement[1] to fully and finally resolve the Class's claims against Lufthansa. On April 4, 2008, I entered an order granting preliminary approval of the proposed settlement between Class Plaintiffs and Lufthansa ("Preliminary Approval Order"). Among other things, the Preliminary Approval Order authorized Class Plaintiffs to disseminate notice of the settlement, the fairness hearing, and related matters to the Class. Notice was provided to the Class pursuant to the Preliminary Approval Order and the Court held a fairness hearing on December 12, 2008.

Having considered Class Plaintiffs' Motion For Final Approval of Proposed Settlement With Defendants Deutsche Lufthansa AG, Lufthansa Cargo AG, and Swiss International Air Lines Ltd., any objections filed of record, oral argument presented at the fairness hearing, and the complete record and files in this matter,

---

[1] The Settlement Agreement consists of the written agreement executed on September 11, 2006 along with amendments dated October 6, 2006, January 4, 2007, February 22, 2007, and April 27, 2007.

### IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. This Court has jurisdiction over the subject matter of this Action (and all actions and proceedings consolidated in this Action).

2. Terms capitalized in this order and final judgment have the same meanings as those used in the Settlement Agreement.

3. The Preliminary Approval Order outlined the form and manner by which the Plaintiffs would provide the Class with notice of the settlement, the fairness hearing, and related matters. The notice program included individual notice to members of the Class who could be identified through reasonable effort, as well as extensive publication of a summary notice. Proof that the mailing and publication conformed with the Preliminary Approval Order has been filed with the Court. The Class Notice constituted the most effective and best notice practicable under the circumstances of the Settlement Agreement and Fairness Hearing and constituted due and sufficient notice for all other purposes to all Persons entitled to receive notice.

4. The settlement was attained following an extensive investigation of the facts. It resulted from arm's-length negotiations, which were undertaken in good faith by counsel.

5. Final approval of the settlement with Lufthansa is granted pursuant to Fed. R. Civ. P. 23(e), because the Settlement is "fair, reasonable and adequate" to the Class. In reaching this conclusion, the Court considered the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000).

6. The following Settlement Class, which was conditionally certified in the Preliminary Approval Order dated April 4, 2008, is now certified as final pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

> All persons and entities that purchased airfreight cargo shipping services for shipments within, to or from the United States (hereinafter "Airfreight Shipping Services"), including those persons and entities that purchased Airfreight Shipping Services through freight forwarders, from any air cargo carrier (including, without limitation, those defendants named in the Actions, and specifically including Lufthansa) and/or any named or unnamed co-conspirators (collectively, "Defendants") during the period from January 1, 2000 to September 11, 2006. Excluded from the Settlement Class are Defendants, their respective parents, employees, subsidiaries, and affiliates, and all government entities.

This Settlement Class satisfies the prerequisites for certification, set forth in Fed. R. Civ. P. 23(a), in that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) Plaintiffs' claims present common questions of law or fact; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the Class and (d) the Plaintiff Class Representatives (defined below) and Settlement Class Counsel will fairly and adequately represent the Settlement Class. I also find, for purposes of the settlement only, that under Fed. R. Civ. P. 23(b)(3), questions of law or facts common to Class Members predominate over any questions affecting only individual members, and that settlement of this action on a class basis is superior to other means of resolving this matter. Accordingly, the Settlement Class is certified as final.

7. Plaintiffs Benchmark Export Services; Fleurchem, Inc.; FTS International Express, Inc.; JSNP, Inc.; Ralph Olarte d/b/a Olarte Transport Services; R.I.M. Logistics, Ltd.; S.A.T. Sea & Air Transport, Inc.; Sul-American Export, Inc.; TNT Freight Management USA, Inc.; Sangean American, Inc.; JCK Industries, Inc.; Leis by Ron, Inc.; Alluvion, Inc.; Maria's Collections, Inc.; Printing Technologies, Inc.; Plaintiff Paradiso, Inc.; TNT Freight Management (Singapore) Pte Ltd.; TNT Freight Management (Australia) Pty Ltd.; TNT Freight Management

(Hong Kong) Limited; TNT Freight Management (Denmark) A/S; Deutscher Speditions und Logistikverband e.V.; TNT Freight Management (Sweden) AB; and Association des Utilisateurs du Transport de Fret are hereby appointed Class Representatives on behalf of the Settlement Class.

8.  Certification of the Settlement Class as provided herein is without prejudice to, or waiver of (i) the rights of any defendant to contest certification of any other class proposed in these consolidated actions; or (ii) the rights and/or arguments asserted by any defendant in a motion to dismiss.  My findings in this order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any defendant's motion to dismiss; and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any defendant's motion to dismiss.

9.  The persons and entities identified in Exhibit A, which is attached hereto and incorporated by reference herein, have timely and validly requested exclusion from the Settlement Class and are hereby excluded from the Class, not bound by this order and final judgment, and may not make any claim or receive any benefit from the Settlement, whether monetary or otherwise.  Said excluded persons may not pursue any released claims on behalf of those who are bound by this order and final judgment.  Each Class member not appearing in Exhibit A is bound by this order and final judgment, and will remain forever bound.

10. As to Lufthansa and other Released Parties, any and all currently pending class action lawsuits directly related to the subject matter of this litigation are dismissed with prejudice and in their entirety, on the merits, and except as provided for in the Settlement Agreement, without costs.  This dismissal shall not affect, in any way, Plaintiffs' right to pursue claims, if

any, outside the scope of the Release set out in Paragraphs 35-39 and 54(k) of the Settlement Agreement.

11.     The Releasing Parties are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Claims released in Paragraphs 35-39 and 54(k) of the Settlement Agreement against any Released Party, either directly, individually, representatively, derivatively, or in any other capacity, by whatever means, in any local, state, or federal court, or in any agency or other authority or arbitral or other forum wherever located.

12.     The Releasing Parties remise, release, forever discharge, and covenant not to sue the Released Parties from and for Claims as set forth in Paragraphs 35-39 and 54(k) of the Settlement Agreement.

13.     This Order and Final Judgment does not settle or compromise any claims by Class Representatives or the Class against the Defendants or other persons or entities other than the Released Parties, and all rights against any other Defendant or other person or entity are specifically reserved. The sales of Airfreight Shipping Services to members of the Settlement Class by Lufthansa shall remain in these cases against the non-settling Defendants as a basis for damage claims and shall be part of any joint and several liability claims against any non-settling Defendant or other person or entity other than the Released Parties.

14.     Neither the Settlement, nor this order and final judgment, nor any other papers relating to the Settlement, nor any negotiations, discussions or proceedings in connection herewith shall be:

    (a)     offered or received against any Released Party as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Released

Party of the truth of any fact alleged by Plaintiffs or the validity of any claim that has been or could have been asserted in the action or in any other proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any proceeding, or of any alleged liability, negligence, fault, or wrongdoing of the Released Party; or

(b) offered or received against any Released Party as evidence of a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party.

15. Without affecting the finality of this order and final judgment, this Court retains exclusive jurisdiction over the actions and the Settlement Agreement, including the administration, interpretation, consummation, and enforcement of the Settlement Agreement.

16. The escrow account established by the parties, and into which Lufthansa has deposited eighty-five million dollars ($85,000,000) as the settlement amount, plus accrued interest thereon, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

17. Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay and hereby directs the entry of final judgment of dismissal forthwith as to the Released Parties.

SO ORDERED.

Dated: October 2, 2009
Brooklyn, New York

s/John Gleeson
_____
HON. JOHN GLEESON
UNITED STATES DISTRICT JUDGE

Exhibit A

In re Air Cargo Shipping Services Antitrust Litigation

Requests to be Excluded from Lufthansa Class Settlement

| No. | Company Name | City | State - Province | Country |
|---|---|---|---|---|
| 1 | ABERCROMBIE & FITCH | NEW ALBANY | OH | US |
| 2 | AEROCOM GMBH & CO | SCHWAEBISCH GMUEND | | DE |
| 3 | AMI DODUCO | PFORZHEIM | | DE |
| 4 | AUSTRALIAN FLORAL EXPORTS PTY LTD; FLORATRADE INTERNATIONAL P/L | MALVERN | | AU |
| 5 | BRI-TECH PTY LTD T/AS TANGLED-BLUE INVESTMENTS | | | AU |
| 6 | CAPE CLAIRAULT WINES | DUNSBOROUGH | | WA |
| 7 | CATALENT AUSTRALIA PTY LTD | | | AU |
| 8 | CER-EDIL SRL | SASSUOLO | MO | IT |
| 9 | C.N.C. DESIGN PTY LTD; ADVANCED ENGINEERING SYSTEMS P/L | | | AU |
| 10 | CONSITEX S.A. | STABIO | | CH |
| 11 | CRISPIN BENNETT BUSINESS TRUST; CRISPIN BENNETT INTERNATIONAL HORSE TRANSPORT PTY LTD | | | AU |
| 12 | DACHSER GMBH & CO. KG; DACHSER GMBH & CO. KG AIR & SEA LOGISTICS; SWS SPEDITIONS-GMBH; JET-SPEED GMBH; DACHSER AIR & SEA BELGIUM N.V; DACHSER SPEDITION AG; DACHSER AUSTRIA AIR & SEA GMBH; GRAVELEAU TRANSPORTS; DACHSER DENMARK A/S AIR & SEA FREIGHT DIVISION; LIEGL & DACHSER; DACHSER E ST. A.S.; LINDBERG & DACHSER A.S. AIR & SEA BRATISLAVA; GRAVELEAU TRANSITARIOS S A; DACHSER TRANSPORT OF AMERICA INC.; DACHSER FAR EAST LTD; DACHSER TAIWAN INC; MGI & DACHSER, INC; LOGIMASTERS- | KEMPTEN | | DE |

|    | Name | City | State | Country |
|----|------|------|-------|---------|
|    | DACHSER TRANSPORTES NACIONAIS E INTERNACIONAIS LTDA; DACHSER DE MEXICO S A DE C V; GRAVELEAU MAROC; S.L.T.C GRAVELEAU | | | |
| 13 | DHL; DHL EXPRESS; DHL FREIGHT; DHL GLOBAL FORWARDING; DANZAS; DANZAS GROUP; DHL DANZAS; DHL DANZAS AIR & OCEAN; EXEL; EXEL LOGISTICS; DHL EXEL SUPPLY CHAIN; DEUTSCHE POST WORLD NET; DEUTSCHE POST AG/DEUTSCHE POST; DEUTSCHE POSTBANK AG/POSTBANK | PLANTATION | FL | US |
| 14 | DYNAMIC FORWARDING INTERNATIONAL SRL | CORMANO (MI) | | IT |
| 15 | EH SCHWAB | TURTLE CREEK | PA | US |
| 16 | ENLACE GROUP; ENLACE LOGISTICO INTERNACIONAL; ENLACE LOGISTICO CANARIAS SRL; ENLACE FASHION; INTERFASHION SYSTEMS | MADRID | | ES |
| 17 | FALCON GLOBAL EDGE INC; FALCON GLOBAL EDGE; FALCON LOGISTICS, INC; FALCON AIR FREIGHT, INC; FALCON AIR FREIGHT; AIRGROUP EXPRESS; AIRGROUP EXPRESS-BOS | CHELSEA/ BOSTON | MA | US |
| 18 | FER FISCHER & RECHSTEINER | VALMADRERA | | IT |
| 19 | FLORATRADE INTERNATIONAL PTY LTD; AUSTRALIAN FLORAL EXPORTS; COLLINA EXPORTS | | | AU |
| 20 | FRITO-LAY INC | PLANO | TX | US |
| 21 | GARDA SECURITY CORPORATION | MONTREAL | QC | CA |
| 22 | GB INTEGRATED DIGITAL MEDIA INC | WINNIPEG | MB | CA |
| 23 | ITC LOGISTIC | SCHWIEBERDI NGEN | | DE |
| 24 | JAMAICA OBSERVER LTD | KINGSTON | | JM |
| 25 | KOBELCO-CNH AUSTRALIA PTY LTD; CNH GLOBAL | | | AU |
| 26 | KUNSTSTOFFWERK KUTTERER GMBH & CO | KARLSRUHE | | DE |
| 27 | LEISTRITZ | REMSCHEID | | DE |
| 28 | REINERT-RITZ | NORDHORN | | DE |
| 29 | ROHWEDDER AG | LORRACH-HAUINGEN | | DE |

| # | Name | City | State/Province | Country |
|---|------|------|----------------|---------|
| 30 | SEAEX PTY LTD; C.T. FREIGHT NTH QLD FREIGHT FORDERS [SIC] | ST MARY'S | NEW SOUTH WALES | AU |
| 31 | SEETER PTY LTD; C.T. FREIGHT NTH QLD FREIGHT FORDERS [SIC]; GREAT BARRIER REEF TUNA | | | AU |
| 32 | TORONTO FILM FESTIVAL GROUP; TORONTO FILM FESTIVAL GROUP, INC. | TORONTO | ON | CA |
| 33 | TOSHIBA OF CANADA LTD; TOSHIBA CORP; TOSHIBA OF CANADA LTD – MEDICAL SYS GRP; TOSHIBA OF CANADA LTD – INFORMATION SYSTEMS GROUP; TOSHIBA OF CANADA LTD – CONSUMER ELECTRONICS GROUP; TOSHIBA OF CANADA LTD – OFFICE PRODUCTS GROUP; TOSHIBA MEDICAL SYSTEMS; TOSHIBA OF CANADA LTD IES; TOSHIBA BUSINESS SOLUTIONS; CONEX BUSINESS SYSTEMS INC | MARKHAM | ON | CA |
| 34 | TRANSFIN S.R.L. | NOVANTE MILANESE (MI) | | IT |
| 35 | TRANSRADIO SENDER SYSTEME BERLIN | BERLIN | | DE |
| 36 | WILHELMSEN SHIPS SERVICE | LYSAKER | | NO |
| 37 | THE WORKERS' COMPENSATION BOARD OF BRITISH COLUMBIA (WORKSAFEBC) | VANCOUVER | BC | CA |