Mario N. Alioto (56433) malioto@tatp.com
Lauren C. Russell (241151) laurenrussell@tatp.com
**TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**
2280 Union Street
San Francisco, California 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

*Interim Lead Counsel for the
Indirect Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. CV-07-5944 SC |
| | MDL No. 1917 |
| | **INDIRECT PURCHASER PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT CHUNGHWA PICTURE TUBES, LTD.** |
| **This document relates to:** | |
| **ALL INDIRECT PURCHASER ACTIONS** | Hearing Date:  June 9, 2011
Time: 10:00 a.m.
JAMS: Two Embarcadero Center, Suite 1500
Judge:  Honorable Charles A. Legge (Ret.) |

### I. Introduction

The Indirect Purchaser Plaintiffs ("Plaintiffs") submit this reply memorandum in further support of their motion for preliminary approval of the settlement with defendant Chunghwa Picture Tubes, Ltd. ("Chunghwa"), and in response to the oppositions filed by the Attorneys General for the States of Illinois, Washington and Oregon (collectively referred to herein as the "State AGs").  Plaintiffs have moved the Court to certify a nationwide settlement class of all indirect purchasers of CRT Products "who could assert, against any Defendant, antitrust claims under the laws of the United States (including its territories and protectorates), or any State."

The State AGs oppose Plaintiffs' motion for preliminary approval of the settlement with Chunghwa, claiming that their respective *parens patriae* provisions are the only authorized procedures for representing indirect purchaser consumers in their states and that any private settlements on behalf of such consumers are invalid because (1) Plaintiffs lack standing to represent indirect purchaser consumers in their states; and (2) Plaintiffs and their counsel are inadequate representatives of indirect purchaser consumers in their states.  The State AGs are incorrect.

First, it is well established that the scope of released claims in a settlement may be broader than those brought in the underlying action, and may even exceed the scope of claims that could have been brought.  Second, the State AGs' arguments that they are the sole and exclusive representatives of indirect purchasers in their states squarely conflicts with the Supreme Court's ruling in *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.,* 130 S. Ct. 1431 (2010).  For these reasons, and because the requirements of Rule 23 have been satisfied, it is appropriate to certify a nationwide settlement class here.

Despite Plaintiffs' disagreement with the State AGs' position, Plaintiffs believe that the appropriate way to address their concerns is through an allocation process.  Plaintiffs' proposal is described in detail *infra.  See* Section III.

//

## II. Argument

### A. A Nationwide Settlement Of Indirect Purchaser Claims Is Appropriate Because The Scope Of Released Claims In A Settlement May Be Broader Than Those Brought In The Underlying Action

The State AGs contend that Plaintiffs cannot represent the consumers in their states for purposes of a nationwide settlement of indirect purchaser claims against Chunghwa. But it is well established that parties to a settlement may agree to release not only claims alleged in the complaint, but also claims based on the identical factual predicate as those alleged in the underlying complaint. *See Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1287 (9th Cir. 1992) ("The weight of authority holds that a federal court may release not only those claims alleged in the complaint, but also a claim based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented *and might not have been presentable* in the class action.")  (Emphasis in original).[1]

Indeed, no provision of Rule 23 requires that potential class members and the class representatives share identical claims. Instead, as the Supreme Court has made clear, the standard for determining Rule 23(a) adequacy is that "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *E. Tex. Motor Freight Sys. Inc. v. Rodriguez,* 431 U.S. 395, 403 (1977) (quoting *Schlesinger v. Reservists Comm. To Stop the War,* 418 U.S. 208, 216 (1974)). Thus, class representatives and class members need not possess the same claims, only the same "interests."

The Ninth Circuit has similarly described the Rule 23(a) typicality requirement: "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992). "The test of typicality is whether other members have the same or similar injury, whether

---

[1] *Accord Hesse v. Sprint Corp.,* 598 F.3d 581, 590 (9th Cir. 2010); *Williams v. Boeing Co.,* 517 F.3d 1120, 1133 (9th Cir. 2008); *Reyn's Pasta Bella LLC v. Visa USA, Inc.,* 442 F.3d 741, 749 (9th Cir. 2006).

- 2 -
**IPP REPLY IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL**
**Master File No. CV-07-5944-SC**

1  the action is based on conduct which is not unique to the named plaintiffs, and whether other

2  class members have been injured by the same course of conduct." *Id.*  Rule 23(b)(3) similarly

3  requires "a predominance of common questions, not a unanimity of them." *Sharp v. Coopers &*

4  *Lybrand*, 70 F.R.D. 544, 547 (E.D. Pa. 1976).

5      Here, all class representatives and all settlement class members possess the same interest

6  in obtaining redress and recovery for the defendants' alleged illegal inflation of the prices

7  indirect-purchasers paid for CRT Products.  All of the claims released under the settlement with

8  Chunghwa are based on an identical factual predicate – namely, the sale of price-fixed CRTs in

9  the U.S. and the application of federal and state antitrust laws to that anticompetitive conduct.

10  The anticompetitive conduct alleged in this case is illegal in every state in the Union, as well as

11  the District of Columbia, and gives rise to at least potential individual damage claims on behalf

12  of indirect purchaser consumers.  Where, as here, there is a potential monetary claim in all 50

13  states, Plaintiffs and Chunghwa can settle all of those claims and any others that could arise in a

14  litigation.  *See Matsushita Elec. Ind. Co., Ltd. v. Epstein,* 516 U.S. 367, 377-378 (1996).

15      In *Matsushita*, the Supreme Court held that a jurisdictional bar on litigating the settled

16  claims in the forum court did not preclude that court from approving a binding class action

17  settlement, and in the process, releasing the claims it could never have tried.  *Id.* at 377-378.  This

18  was not new law when *Matsushita* was decided.  Courts have long recognized the ability to settle

19  a broad spectrum of factually related claims, regardless of whether they were or could be asserted

20  in the litigation before it.  *See, e.g., Officers for Justice v. Civil Serv. Comm'n,* 688 F.2d 615, 632

21  n.18 (9th Cir. 1982) ("where a particular type of relief potentially available to the class members

22  is compromised in the settlement process, it is mainly irrelevant whether or not that relief was

23  specifically requested in the complaint.  The breadth of negotiations is not necessarily confined

24  by the pleadings.")  This has been widely recognized by courts as a reasonable objective of

25  settlements, because "class action settlements simply will not occur if the parties cannot set

26  definitive limits on defendants' liability." *In re Initial Public Offering Sec. Litig.,* 226 F.R.D.

27

28

- 3 -
**IPP REPLY IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL**
**Master File No. CV-07-5944-SC**

186, 194 (S.D.N.Y. 2005), citing *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 121-22 (2d Cir. 2005).

In short, even though Plaintiffs have not asserted a Washington or Oregon antitrust claim in their operative complaint, and even if the Illinois AG is correct in his interpretation of *Shady Grove* (which he is not), Plaintiffs may release these claims as part of the settlement with Chunghwa.

### B. The Proposed Class Can Include Indirect Purchasers In Illinois, Oregon and Washington For Settlement Purposes

The State AGs also argue that the named plaintiffs and their court-appointed counsel lack standing to sue on behalf of, and thus cannot adequately represent, indirect purchasers in Illinois, Washington and Oregon because their respective state laws allow only the Attorney General of those states to pursue claims on behalf of indirect purchasers . But because each of these states' laws recognize the right of indirect purchasers to recover for damages, the Supreme Court's recent ruling in *Shady Grove* establishes that state law may not limit the use of the class action procedure to pursue an action in federal court. 130 S. Ct. at 1437.

In the case of Oregon, state antitrust law explicitly recognizes indirect purchaser standing. *See* Ore. Rev. Stat. § 646.780(1)(a) ("An action authorized by this paragraph may be brought regardless of whether the plaintiff dealt directly or indirectly with the adverse party."). Even in situations where the attorney general seeks relief *parens patriae*, private parties in Oregon can continue to seek independent relief, even as part of a class action. *See*, *e.g.*, § 646.780(5)(d)(B) (ensuring that a natural person may file a class action if a "sufficient number of natural persons opt out of the *parens patriae* action . . . "). These provisions make clear that Oregon state law does not confer the right to bring a class action for injuries to indirect purchasers exclusively on the Attorney General.

The Illinois Antitrust Act also unequivocally provides for private indirect purchaser standing. *See* 740 Ill. Rev. Stat. 10/7 ("No provision of this Act shall deny any person who is an indirect purchaser the right to sue for damages."). It is only through a state procedural law that

- 4 -
**IPP REPLY IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL**
**Master File No. CV-07-5944-SC**

1  Illinois indirect purchasers are prevented from seeking class action relief.  *See id.*  In *Shady Grove*, however, the Supreme Court found that such a state law procedural limitation should not apply in a federal court action because it was at odds with the proscriptions of Rule 23 of the Federal Rules of Civil Procedure.  130 S. Ct. at 1437.  In that case, the Court addressed the validity of a New York statute that prohibited class actions where plaintiffs sought to aggregate statutory damages in federal court.  In holding that Rule 23 constituted a "one-size fits all formula for deciding the class action question," the Court determined that the New York statute was preempted by federal rules of procedure, and that the class action could go forward in federal court.  *See id.* at 1437.

Here, the Illinois Antitrust Act provides a private right of action to indirect purchasers, but uses a procedural mechanism to restrict access to class actions.  Under the reasoning of *Shady Grove*, this limitation should be inapplicable in this federal court proceeding.  To the extent that Washington state law also provides for recovery to individual state residents, it also raises the issue of whether in form or substance such an action may be maintained as a class action in federal court.  In any event, another court in this district has certified a similar class of Washington residents.  *See In re Static Random Access Memory (SRAM) Antitrust Litig.,* 264 F.R.D. 603 (N.D. Cal. 2009) (certifying a Washington unjust enrichment IPP class).

The Illinois AG attempts to distinguish *Shady Grove* by arguing that "[t]he Attorney General's exclusive right to bring an action aggregating the damages claims of Illinois indirect purchasers is part of the substantive framework for enforcement of the Illinois Antitrust Act" and that therefore Justice Stevens' plurality opinion would allow the Illinois restriction to survive.[2]

---

[2] State of Illinois and Washington's Opposition to Indirect Purchaser Plaintiffs' Motion for Preliminary Approval of Class Action Settlement with Chunghwa Picture Tubes, Ltd., at p. 6-7, citing *In re Chocolate Confectionary Antitrust Litig.,* No. 1:08-MDL-1935, slip op. at 2 n.2 (M.D. Pa. Feb. 18, 2011); *In re Wellbutrin XL Antitrust Litig.,* No. 08-2433, 2010 WL 5186052, at *6 (E.D. Pa. Dec. 22, 2010); *In re Flonase Antitrust Litig.,* 692 F. Supp. 2d 524, 539 (E.D. Pa. 2010); *In re TFT-LCD (Flat Panel) Antitrust Litig.,* No. 07-1827 SI, slip op. at 2 (N.D. Cal. Apr. 12, 2011).

The Illinois AG's reliance on Justice Stevens' plurality opinion and district court cases applying that opinion is misplaced.

As an initial matter, the Ninth Circuit has cautioned district courts to avoid assuming that a plurality opinion which includes a separate concurrence automatically means that the separate concurrence is controlling. *See Hayes v. Ayers,* 632 F.3d 500, 519 (9th Cir. 2011). Justice Scalia's holding in *Shady Grove* that the proper inquiry is whether Rule 23 is procedural, and because it is, any state laws that conflict with Rule 23 do not apply in federal court, was joined by a majority of the Court.

Moreover, whether examined under the plurality opinion or Justice Stevens' concurrence, the Illinois class action bar, 740 Ill. Comp. Stat. § 10/7, impermissibly conflicts with Rule 23. The statute is, like the New York rule at issue in *Shady Grove*, a procedural rule that addresses only the manner in which the claim can be filed and maintained and does not ban the claim altogether. The statute does not limit the substantive right or remedy afforded indirect purchasers (or ban the antitrust claim outright), but simply removes one *procedure* by which the claim may be maintained in state court. The Illinois class action bar is thus "designed as a procedural rule suggest[ing] it reflects a judgment about how state courts ought to operate and not a judgment about the scope of state-created rights and remedies." *See Shady Grove*, at 1457 (Stevens, J.) (Emphasis added). Thus, taken together with the Ninth Circuit's instructions regarding plurality opinions, Plaintiffs submit that the district court opinions cited by the Illinois AG are wrongly decided, and in any event, are not binding on this Court.

**III. The Objections Of The State AGs Can Be Mooted By Allocating Their States A Pro Rata Share Of The Net Settlement Fund**

As set forth above, Plaintiffs dispute the State AG's contention that their state laws somehow preclude the proposed settlement. In any event, however, Plaintiffs propose that the State AGs receive a pro rata share of the Net Settlement Fund. This will moot their objection as to the adequacy of the payment to their states.

- 6 -
**IPP REPLY IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL**
**Master File No. CV-07-5944-SC**

Plaintiffs' Counsel does not yet know whether the distribution of the Net Settlement Fund will be made as a *cy pres* distribution, through a distribution to claimants, or a combination of the two. This will be determined based on the amount of additional monies recovered from the other defendants in this case, and will be subject to approval by the Court. Regardless of which method of distribution is chosen, Plaintiffs propose that Illinois, Washington and Oregon, along with the other states seeking damages, receive a pro rata share of the Net Settlement Fund. Each state's pro rata share would be determined by computing its population as a percentage of the total population of all states for which damage claims are being asserted. Each state's percentage allocation would be determined using census figures from the year 2000 (approximately the middle of the alleged class period), which are as follows:

| State | Population (2000 Census) | Percentage |
|---|---|---|
| Arizona | 5,130,632 | 3.41 |
| California | 33,871,648 | 22.5 |
| District of Columbia | 572,059 | 0.38 |
| Florida | 15,982,378 | 10.62 |
| Hawaii | 1,211,537 | 0.8 |
| Illinois | 12,419,293 | 8.25 |
| Iowa | 2,926,324 | 1.94 |
| Kansas | 2,688,418 | 1.79 |
| Maine | 1,274,923 | 0.85 |
| Michigan | 9,938,444 | 6.6 |
| Minnesota | 4,919,479 | 3.27 |
| Mississippi | 2,844,658 | 1.89 |
| Nebraska | 1,711,263 | 1.14 |
| Nevada | 1,998,257 | 1.33 |

**IPP REPLY IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL**
**Master File No. CV-07-5944-SC**

| New Mexico | 1,819,046 | 1.21 |
| New York | 18,976,457 | 12.61 |
| North Carolina | 8,049,313 | 5.35 |
| North Dakota | 642,200 | 0.43 |
| Oregon | 3,421,399 | 2.27 |
| South Dakota | 754,844 | 0.5 |
| Tennessee | 5,689,283 | 3.78 |
| Vermont | 608,827 | 0.4 |
| Washington | 5,894,121 | 3.92 |
| West Virginia | 1,808,344 | 1.2 |
| Wisconsin | 5,363,675 | 3.56 |

Plaintiffs propose that each of the states receive its allocable share at a future date to be mutually agreed upon. This ultimate distribution will need to be approved by the Court, and could be further modified based on the arguments made by interested parties at the time of allocation, through a process similar to that presently being overseen by the Honorable Charles B. Renfrew (Ret.) in the *DRAM* case. *See* Exhibit A, Stipulation and Order Appointing The Honorable Charles B. Renfrew As Special Master, *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. M-02-1486 PJH (N.D. Cal. Nov. 30, 2007) (Dkt. No. 1788).

**IV. Conclusion**

Plaintiffs respectfully request that the Court: (1) grant preliminary approval of the settlement with Chunghwa; (2) certify the proposed settlement class; (3) approve the notice program; and (4) set a schedule for final approval.

//

//

//

1 | Dated:  June 7, 2011

Respectfully submitted,

2

 */s/ Mario N. Alioto*
Mario N. Alioto

Mario N. Alioto (56433) malioto@tatp.com
Lauren C. Russell (241151) laurenrussell@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415-346-0679

***Interim Lead Counsel for the Indirect Purchaser Plaintiffs***