Mario N. Alioto (56433) UUmalioto@tatp.com
Lauren C. Russell (241151) laurenrussell@tatp.com
**TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**
2280 Union Street
San Francisco, California 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

*Interim Lead Counsel for the*
*Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Master File No. CV-07-5944 SC<br><br>MDL No. 1917<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT CHUNGHWA PICTURE TUBES, LTD.** |
| **This document relates to:**<br><br>**ALL INDIRECT PURCHASER ACTIONS** )<br>)<br>)<br>)<br>)<br>)<br>) | Hearing Date:  June 9, 2011<br>Time: 10:00 a.m.<br>JAMS: Two Embarcadero Center, Suite 1500<br>Judge:  Honorable Charles A. Legge (Ret.) |

1    It is hereby ORDERED AND DECREED as follows:

2    The motion of the Indirect Purchaser Plaintiffs ("Plaintiffs") for preliminary approval of

3  the proposed settlement with Chunghwa Picture Tubes, Ltd. ("Chunghwa") is hereby

4  GRANTED.

5    1.    For purposes of the settlement with Chunghwa, the Court preliminarily finds that

6  the requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied with

7  respect to the Settlement Class.  At this preliminary certification phase, and only for purposes of

8  the settlement with Chunghwa, the Settlement Class is defined as follows:

9    All individuals and entities who, at any time during the period beginning
10   March 1, 1995 and continuing through November 25, 2007, purchased
     CRT Products[1] indirectly from the Defendants or their parents,
11   subsidiaries, and/or affiliates and who could assert, against any Defendant,
     antitrust claims under the laws of the United States (including its
12   territories and protectorates), or any State.

13    2.    The Court concludes that, for the sole purpose of the settlement with Chunghwa,

14  and without adjudication on the merits, the Settlement Class is sufficiently well-defined and

15  cohesive to merit preliminary approval.  Neither this Order nor any final order regarding the

16  settlement with Chunghwa shall have any effect on the Court's consideration and determination

17  of class certification or any other issue with respect to the non-settling Defendants.

18    3.    Pursuant to Rule 23(a)(1), the Court determines that the Settlement Class is so

19  numerous that joinder of all members is impracticable.

20    4.    For purposes of preliminary approval, the commonality requirement of Rule

21  23(a)(2) is satisfied because Plaintiffs have alleged one or more questions of fact and law

22  common to the Settlement Class, including whether Chunghwa violated the Sherman Antitrust

23  Act, 15 U.S.C. § 1, et seq., and the antitrust and/or various other laws of the following states:

24

25

26
- 1 -
27  **[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**
    **Master File No. CV-07-5944-SC**
28

1   Arizona, California, Florida, Hawaii, Illinois, Iowa, Kansas,  Maine, Michigan, Minnesota,

2   Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South

3   Dakota, Tennessee, Vermont, West Virginia, Wisconsin and the District of Columbia.

4         5.      The Court hereby approves the Plaintiffs named in the Third Consolidated

5   Amended Complaint, filed December 11, 2010, as Representative Plaintiffs of the Settlement

6   Class pursuant to Rule 23(a)(3), and finds that, for settlement purposes only, these Representative

7   Plaintiffs' claims are typical of the claims of the Settlement Class.  The claims of the

8   Representative Plaintiffs and absent class members rely on the same legal theories and arise from

9   the same alleged conspiratorial conduct by Defendants, namely, the agreement to fix, raise,

10   maintain and/or stabilize prices of CRT Products sold in the United States.

11         6.      The Court preliminarily finds that the Representative Plaintiffs will fairly and

12   adequately protect the interests of the Settlement Class in satisfaction of the requirements of Rule

13   23(a)(4) because: (1) the interests of the Representative Plaintiffs are consistent with those of the

14   Settlement Class members; (2) there appear to be no conflicts between or among the

15   Representative Plaintiffs and the other Settlement Class members; (3) the Representative

16   Plaintiffs have been and appear to be capable of continuing to be active participants in both the

17   prosecution and the settlement of this litigation; and (4) the Representative Plaintiffs and the

18   Settlement Class members are represented by qualified, reputable counsel who are experienced in

19   preparing and prosecuting large, complicated class action cases, including those concerning

20   violations of antitrust law.

21         7.      The Court preliminarily finds that, for purposes of this settlement only, questions

22   of law or fact common to members of the Settlement Class predominate over questions affecting

23   only individual members of the Settlement Class under Rule 23(b)(3).  Further, a class action

24

25   [1] CRT Products are defined in the settlement agreement to mean Cathode Ray Tubes of any type

26   (e.g. color display tubes, color picture tubes and monochrome display tubes) and products

- 2 -

27   **[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**
   **Master File No. CV-07-5944-SC**

28

1  resolution in the manner proposed in the Settlement Agreement would be superior to other

2  available methods for a fair and efficient adjudication of the litigation with respect to the

3  Chunghwa.  In making these preliminary findings, the Court has considered, *inter alia*, (1) the

4  interest of the Settlement Class members in individually controlling the prosecution or defense of

5  separate actions; (2) the impracticality or inefficiency of prosecuting or defending separate

6  actions; (3) the extent and nature of any litigation concerning these claims already commenced;

7  and (4) the desirability of concentrating the litigation of the claims in a particular forum.

8      8.      The Court hereby approves Mario N. Alioto and Trump, Alioto, Trump &

9  Prescott, LLP as Settlement Class Counsel pursuant to Rule 23(g), and finds that this Settlement

10  Class Counsel has and will fairly and adequately protect the interests of the Settlement Class.

11      9.      The Court finds that the proposed settlement with Chunghwa, as set forth in the

12  Settlement Agreement, subject to final determination following proper notice and a fairness

13  hearing, is sufficiently fair, reasonable and adequate to authorize dissemination of notice to the

14  Settlement Class.

15      10.      The Court has considered the submissions of the Attorneys General for the States

16  of Illinois, Washington and Oregon.  The Court finds the arguments raised to be premature.  Any

17  determination concerning the scope of the authority of these States to represent their indirect

18  purchasers should be considered as part of the allocation process in which the settlement funds

19  are distributed.  Accordingly, the Court overrules these objections to the settlement without

20  prejudice to the Attorneys General raising them during the allocation process.

21      11.      The allocation and distribution of the Net Settlement Fund[2] shall be deferred until

22  a later date when there might be additional settlement funds from other settling defendants to

23

24  _____

25  containing Cathode Ray Tubes.

26  [2] The Net Settlement Fund means the $10,000,000 settlement amount, plus interest, minus 25% for attorneys' fees, reimbursement of expenses, $2.5 million for a costs set-aside, and the costs of

- 3 -

1   distribute.  Plaintiffs shall propose a method of distribution at that time, which shall be subject to

2   court approval.  Until that time, any settlement funds not used to pay prior out of pocket expense

3   or future litigation costs will accrue interest for the benefit of the Class.

4         12.    The Court approves the form and content of the Detailed Notice, attached hereto

5   as Exhibit A, and the Summary Notice, attached hereto as Exhibit B.

6         13.    The Court finds that the publication of the Detailed Notice on the internet along

7   with copies of the Settlement Agreement, and the publication of the Summary Notice in various

8   newspapers and/or magazines throughout the United States which will direct potential class

9   members to the Detailed Notice constitutes the best notice practicable under the circumstances, is

10   due and sufficient notice to the Indirect Purchaser Settlement Class and complies fully with the

11   requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the

12   Constitution of the United States.

13         14.    Within sixty (60) days of this Order, by August 8, 2011, Plaintiffs' counsel are

14   hereby directed to cause the Summary Notice to indirect purchasers, substantially in the form

15   attached hereto as Exhibit B, to be published in various newspapers and/or magazines throughout

16   the United States.  The Summary Notice shall direct interested parties to a website

17   www.CRTSettlement.com, maintained by the settlement administrator, where the Detailed

18   Notice, substantially in the form of Exhibit A attached hereto, will be provided.

19         15.    All requests for exclusion from the Settlement Class must be postmarked no later

20   than November 6, 2011  [within ninety (90) days of the last day to publish notice], and must

21   otherwise comply with the requirements set forth in the Detailed Notice.

22         16.    Any member of the Settlement Class who objects to the settlement must do so in

23   writing.  The objection must include the caption of this case, be signed, and be sent to the Court,

24

25   giving notice to class members and administration of the settlement fund, all of which shall be

26   subject to court approval.

27        **[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**
                  **Master File No. CV-07-5944-SC**

28

1  Plaintiffs' Counsel, and Counsel for Chunghwa postmarked no later than November 6, 2011

2  [within ninety (90) days from the last day to publish notice] and shall otherwise comply with the

3  requirements set forth in the Detailed Notice.  Any member of the Settlement Class who wishes

4  to speak at the Fairness Hearing must submit a letter notifying the Court, Plaintiffs' Counsel, and

5  Counsel for Chunghwa postmarked no later than November 6, 2011 and shall otherwise comply

6  with the requirements set forth in the Detailed Notice.

7        17.     Each member of the Settlement Class shall retain all rights and causes of action

8  with respect to claims against all Defendants other than Chunghwa, regardless of whether such

9  member of the Settlement Class decides to remain in the Settlement Class or to exclude itself

10 from the Settlement Class.

11       18.     Within thirty (30) days after the last day to request exclusion or object to the

12 settlement, by December 6, 2011, Plaintiffs' Counsel shall file with the Court and serve on the

13 parties their motion for final approval of the Settlement Agreement, and any other papers

14 provided for in this settlement, including Plaintiffs' request for $2.5 million for a costs set aside.

15 Plaintiffs shall also be entitled to request attorneys' fees at a later date.  Said request shall be

16 based upon Plaintiffs' recovery of $10 million and other relief as provided for in this settlement.

17       19.     At the time Plaintiffs' Counsel file their motion for final approval of the

18 Settlement Agreement, Plaintiffs' Counsel shall cause to be filed with the Clerk of this Court, and

19 served upon counsel for Defendants, affidavits or declarations of the person under whose general

20 direction the publication of the Summary Notice and the Detailed Notice were made, showing

21 that publication and issuance were made in accordance with this Order.

22       20.     Within thirty (30) days of the last day to object to the settlement, by December 6,

23 2011, Plaintiffs' Counsel shall file with the Court and serve on the parties their responses to any

24 objections to the settlement.

25

26

27
- 5 -
**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**
**Master File No. CV-07-5944-SC**

28

21.     The Court will hold a Fairness Hearing on _____ ___, 2011 at _____ ___.m., to determine the fairness, reasonableness, and adequacy of the proposed settlement with Chunghwa. Any member of the Settlement Class who follows the procedure set forth in the notices may appear and be heard at this hearing. The Fairness Hearing may be continued without further notice to the Settlement Class.

22.     The Court approves the establishment of an escrow account, as set forth in the Settlement Agreement, as "Qualified Settlement Funds" pursuant to Treas. Reg. § 1.468B 2(1). The Court retains continuing jurisdiction over any issues regarding the formation or administration of the escrow account. Plaintiffs' Counsel and their designees are authorized to expend funds from the escrow accounts to pay taxes, tax expenses and notice and administration costs, as set forth in the Settlement Agreement.

23.     The Court grants Plaintiffs' Counsel the right to use up to $500,000 of the settlement fund for payment of the cost of notice to potential members of the Settlement Class regarding the Settlement Agreement and related matters, and other costs and expenses reasonably incurred in connection with the administration of the Settlement Agreement (the "Administrative Expenses"), without the approval of the Court in each instance, so long as (a) the Administrative Expenses incurred or contracted for are reasonable and necessary to carry out the transactions contemplated by the Settlement Agreement, and (b) counsel for Chunghwa shall receive from Settlement Class Counsel a full accounting of all expenditures made in the event funds are returned to Chunghwa under the terms of the Settlement Agreement.

24.     The Notice Company, Inc. is approved to serve as Settlement Administrator for the Indirect Purchaser Settlement Class.

25.     The litigation against Chunghwa in this action is hereby stayed, pending further order of the Court.

- 6 -

1        SO ORDERED this _____ day of _____, 2011.

2

3                                                     _____
                                                     Hon. Charles A. Legge (Ret.)

4                                                      Special Master

5        REVIEWED AND [APPROVED OR MODIFIED]

6

7

8 Dated: _____             _____

9                                                      Hon. Samuel Conti
                                                     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

- 7 -

28