# Exhibit B

# SAVERI & SAVERI, INC.
706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

April 20, 2011

Honorable Charles A. Legge
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

  Re: *In Re: Cathode Ray Tube (CRT) Antitrust Litigation,* MDL 1917 (N.D. Cal.) - Letter Brief On Motion To Compel Discovery With Respect To CRT Products

Your Honor:

  Pursuant to the Court's Case Management Order No. 3, Direct Purchaser Plaintiffs ("DPPs" or "Plaintiffs") respectfully submit this letter brief motion to compel discovery against Panasonic Corporation, Panasonic Corporation of North America, MT Picture Display Co., Ltd. (collectively "Panasonic"), LG Electronics, Inc., LG Electronics USA, Inc. and LG Electronics Taiwan Taipei Co., Ltd. (collectively "LG")[1] with respect to products containing cathode ray tubes ("CRTs"), which are referred to herein as "CRT Finished Products." On that issue, Plaintiffs and the Defendants have reached an impasse in their negotiations. This motion is supported by the accompanying "Declaration of R. Alexander Saveri" ("Saveri Decl.").

---

[1] LG's seven page single spaced "Position Paper" pre-arguing the issue of Finished Product discovery is improper. The Local Rules for the Northern District of California specifically prohibit "sending letters . . . to the assigned Judge . . . without prior notice to opposing counsel."*See* N. Dist of Cal. Local Rule 11-4(c) Standards of Professional Conduct. Moreover, the "Position" Paper" was filed on the same day as Your Honor set the briefing schedule to deal specifically with Finished Product Discovery. *See* March 21, 2011 Report Regarding Case Management No. 3 parag. 2(a). This improper letter brief should be deemed to constitute LG's opposition to this motion, and that no additional filing be allowed.

Hon. Charles Legge
April 20, 2011
Page 2

I.     **Factual Background**

On February 30, 2010, Judge Conti sustained plaintiffs' Consolidated Amended Complaint as to CRTs and CRT Finished Products. Specifically, Judge Conti affirmed Your Honor's findings that "[b]oth complaints contain numerous allegations concerning both CRTs and the products into which CRTs are incorporated; namely, televisions and computer monitors." Order Approving and Adopting Special Master's Report, Recommendations and Tentative Rulings re Defendants' Motions to Dismiss, P. 3 (March 30, 2010) (Dkt. No. 665) ("Approval Order"). (Saveri Decl. Ex 1)

Despite the Court twice ruling that CRT Finished Products are part of the conspiracy alleged in plaintiffs' complaint, the Defendants still contend that discovery should be limited to issues related to CRTs only, with a few exceptions for downstream "impact" material related to CRT Finished Products. LG claims that CRT Finished Products "discovery should focus on the extent of any CRT conspiracy's downstream impact on the price for TVs or computer monitors." LG's March 21, 2011 Position Letter P.2, (Saveri Decl. Ex 2) and that "no discovery into finished-product conspiracy is warranted because plaintiffs identify no evidence of an agreement among the defendants to fix prices or limit the output of finished products." *Id.*, P. 3. Similarly, Panasonic is limiting discovery to "documents relating to the alleged pass-on or impact of an alleged CRT conspiracy on the price of finished CRT Products but nothing beyond that for finished CRT products." Panasonic's February 17, 2011 Letter, P. 3. (Saveri Decl. Ex 3) *See also* Panasonic's March 2, 2011 Letter, PP. 2-3 (Saveri Decl. Ex 4) (limiting production of documents regarding the relationship between pricing and costs of CRT Finished Products pricing policies, for example, to only those documents that "directly discuss" the relationship between prices for CRT Finished Products and the costs of producing, marketing, selling or distributing CRT Finished Products, which would likely foreclose discovery of relevant internal communications regarding pricing of CRT Finished Products).

The Court has previously ruled on this identical issue. In November 2010, Plaintiffs moved to compel the same finished product discovery sought here from the Hitachi defendants. Hitachi raised the very same arguments the defendants Panasonic and LG now raise *i.e.* burden; that plaintiffs must make a *prima-facie* showing of a finished product conspiracy; that plaintiffs have no evidence of a finished product conspiracy and; that discovery should be limited to pass through documents. The Court overruled Hitachi's objections and ordered finished product discovery on a custodian basis:

Hon. Charles Legge
April 20, 2011
Page 3

> SPECIAL MASTER LEGGE: I agree with you on the argument you've made that we're hearing from counsel here that I don't think that in a discovery setting, they are required to make to you a prima facie case before -- or that you have to make to them -- I beg your pardon -- that you have to make to them a prima facie case in order to get relevant discovery.
>
> If it is relevant under the pleadings and assessments of the burdens of the discovery, you're entitled to it. I don't think they, as a condition, have to make a prima facie -- or you have to a make a prima facie case to them to get the discovery.

November 12, 2010 Hearing Transcript, P. 93. (Saveri Decl. Ex 5)

Later in the hearing, the Court reiterated its ruling that Hitachi must produce finished product material.

> MR. ALIOTO: That doesn't moot that question that your Honor alluded to. I mean, we have this very fundamental issue here about whether we have to make some prima facie showing.
>
> SPECIAL MASTER LEGGE: No. I understand that.
>
> MR. ALIOTO: That ought to get ruled upon, in our view, at this point.
>
> SPECIAL MASTER LEGGE: Well, I can hold it, but I can also say I've given a verbal ruling of no necessity for prima facie case by the plaintiffs.
> I'll just put that in my notes.

*Id.* at P. 130.

Pursuant to the Court's Order, Hitachi is now collecting and producing finished product material on a custodian basis. Notwithstanding the Court's order, Panasonic and LG continue to withhold discovery. In accordance with the Court's previous Order, Plaintiffs respectfully request the Court now order Panasonic and LG to produce finished product material on a custodian basis.

Hon. Charles Legge
April 20, 2011
Page 4


II.     Argument

   A. The Legal Standard For Relevance Under The Federal Rules In
      General, And In Antitrust Cases In Particular, Is Extremely Broad

Pursuant to Fed.R.Civ.P. 26(b)(1), discovery may be obtained "regarding any non-privileged matter that is relevant to any party's claim or defense." The scope of discovery under the Federal Rules is extremely broad. *Soto v. City of Concord,* 162 F.R.D. 603, 610 (N.D. Cal. 1995) ("*Soto*"). A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978) ("*Oppenheimer*"). Because discovery is designed to define and clarify the issues, it is not limited to only those specific issues raised in the pleadings. *Miller v. Pancucci,* 141 F.R.D. 292, 296 (C.D. Cal. 1992) ("*Miller*") (citing *Oppenheimer,* 437 U.S. at 351). Rather, "the question of relevancy should be construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto,* 162 F.R.D. at 610, citing *Miller,* 141 F.R.D. at 296. "A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence." *In re Urethane Antitrust Litig.,* 261 F.R.D. 570, 573 (D. Kan. 2009) ("*Urethane*"). *Accord, e.g., Bell v. Lockheed Martin Corp.,* No. 08-692 (RBK/AMD), 2010 WL 2696455, at *5 (D.N.J. June 23, 2010); *Kiln Underwriting Ltd. v. Jesuit High School of New Orleans*, Nos. 06-04350, 06-05060, 06-05057, 2008 WL 4286491, at *3 (E.D. La. Sept. 8, 2008); *In re Commercial Money Center, Inc. Equip. Lease Litig.,* No. 1:02CV16000, 2007 WL 1306591, at *4 (N.D. Ohio May 3, 2007).

Moreover, "[b]road discovery is permitted [in antitrust cases] because direct evidence of an anticompetitive conspiracy is often difficult to obtain, and the existence of a conspiracy frequently can be established only through circumstantial evidence, such as business documents and other records." *In re Auto. Refinishing Paint Antitrust Litig.,* MDL No. 1426, 2004 U.S. Dist. LEXIS 29160, *8 (E.D. Pa. Oct. 29, 2004). *See also Callahan v. AEV, Inc.*, 947 F. Supp. 175, 179 (W.D. Pa. 1996) ("[d]iscovery in an antitrust case is necessarily broad because allegations involve improper business conduct. . . . Such conduct is generally covert and must be gleaned from records, conduct, and business relationships."); *In re Microcrystalline Cellulose Antitrust Litig.*, 221 F.R.D. 428, 429-30 (E.D. Pa. 2004) ("[A] broad scope of discovery is particularly appropriate in antitrust litigation because, for example, relevant business documents pertaining to the antitrust conspiracy may not exist and covert behavior may have to be proven through less direct means."); *In re Aspartame Antitrust Litig.*, No. 2:06-CV-1732-LDD, 2008

Hon. Charles Legge
April 20, 2011
Page 5

WL 2275531, at *1 (E.D. Pa. May 13, 2008) ("[t]his broad scope of discovery 'has been held to be particularly appropriate in antitrust cases.'" (citation omitted)); *B-S Steel of Kan., Inc. v. Tex. Indus., Inc.*, No. 01-2410, 2003 WL 21939019, at *3 (D. Kan. July 22, 2003) (quoting *United States v. Dentsply Int'l., Inc.*, No. 99-5, 2000 WL 654286, at *5 (D. Del. May 10, 2000)).

### B. The Party Resisting Discovery Has A Heavy Burden To Establish Lack Of Relevance Or That A Request Is Unduly Burdensome

A party resisting discovery bears the burden of establishing either (1) that the requested discovery does not fall within the broad scope of relevance as defined by Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm or burden occasioned by the discovery would outweigh the ordinary presumption in favor of broad disclosure. *Urethane,* 261 F.R.D. at 573. *See Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975) ("[u]nder the liberal discovery principles of the Federal Rules defendants [are] required to carry a heavy burden of showing why discovery [should be] denied.").

"The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence." *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 528-29 (D. Nev. 1997). Furthermore, even if a party is able to demonstrate burden with sufficient specificity, the burden associated with production must be disproportionate to the claims at stake in the litigation. *See* Fed.R.Civ.P. 26(b)(2)(C)(iii) (directing courts to consider "the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues" in assessing burdensomeness).

In large antitrust cases like this one, involving an industry that generated billions of dollars in revenue *per year* during a lengthy class period, courts have refused to accept defendants' arguments based on cost burdens because of the significant claims at stake. *See, e.g., Parkdale Am., LLC v. Travelers Casualty & Surety Co. of Am., Inc.*, 2007 U.S. Dist. LEXIS 88820, at *35 (W.D.N.C. Nov. 19, 2007) (finding that a cost of $20,000 is not a sufficient burden to excuse production in a case involving a $3,000,000 insurance policy); *In re Brand Name Prescription Drugs Antitrust Litig.*, 1995 U.S. Dist. LEXIS 8281 (N.D. Ill. Jun. 13, 1995) (requiring a defendant to produce e-mails from backup tapes in a large antitrust class action case despite costs ranging between $50,000 to $70,000 associated with formatting and searching the backup tapes).

Hon. Charles Legge
April 20, 2011
Page 6


### C. Like Hitachi, Panasonic And LG Should be Ordered To Provide CRT Finished Product Discovery

The Federal Rules do not impose any duty on Plaintiffs to make a threshold evidentiary showing in order to obtain discovery that is directly relevant to the well-pled allegations of a complaint the Court has sustained. Plaintiffs have already agreed that LG and Panasonic may limit the scope of their searches for relevant finished product documents to agreed upon custodians.[2] Accordingly, the discovery Plaintiffs are seeking does not impose any undue burden on the defendants.

Defendants' arguments that Plaintiffs' responses to Defendants' contention interrogatories provide a basis for staying or limiting CRT Finished Product discovery have also been rejected by the Court:

> SPECIAL MASTER LEGGE: Okay. And I also assume that the custodians you identify or we agree on -- or if I have to rule, I will rule on -- will be custodians that would cover all subject matters of the discovery by the plaintiffs against Hitachi.
> MS. WEBB: Again, with the exception of the finished products --
> SPECIAL MASTER LEGGE: Yeah.
> MS. WEBB: -- conspiracy documents. But in terms of sales information that would relate to indirects' claims we are going to produce.
> SPECIAL MASTER LEGGE: Okay.
> MR. GUIDO SAVERI: My understanding at the last time, that that is not the limitation you put on it. The limitation is that you -- that the custodians would control everything, finished products and everything. That's why we were doing it.
> Now, the --
> SPECIAL MASTER LEGGE: Yeah, that's right.
> MR. GUIDO SAVERI: Hold on. Hold on.
> SPECIAL MASTER LEGGE: I think that's right.
> MS. WEBB: Yes, but we have --

---

[2] Panasonic also has agreed to "make a reasonable inquiry" to determine whether limited categories of CRT Finished Products documents relating to alleged impact or pass-through also exist in central or enterprise files in a "discrete" and "readily-identifiable" manner. Panasonic's March 15, 2011 Letter, PP. 1-2 (Saveri Decl. Ex 6); Panasonic's March 2, 2011 Letter, PP. 2-3. (Saveri Decl. Ex 4)

Hon. Charles Legge
April 20, 2011
Page 7

> MR. GUIDO SAVERI: The contention interrogatories are a different problem.
> MS. WEBB: And we haven't seen the contention interrogatories.
> MR. GUIDO SAVERI: All right. Well, forget that. That's a different problem. Last time what we did is to get a list of custodians, and you made the point, without waiving any rights and everything else. What we're here is, we have basic issues. We have the FTAIA. We have the CRT finished products. We have the time. Everything that the judge mentioned. And the understanding was that we would get together and work out a set of custodians that would take care of all those, period. Now it's a question of how many custodians.
> SPECIAL MASTER LEGGE: Yeah.
> MS. WEBB: Yes.
> SPECIAL MASTER LEGGE: I think we're all agreed.

January 13, 2011 Hearing Transcript at PP. 23-25. *See also Id.*, PP. 25:13 – 30:2 (rejecting Hitachi's arguments that defendants' obligations to produce CRT Finished Products discovery is stayed pending a resolution of Defendants' Contention interrogatories.) (Saveri Decl. Ex 7)

Defendants' attempt to avoid or unduly limit CRT Finished Product discovery flies in the face of this Court's previous orders, Judge Conti's order denying dismissal of the DPP complaint, and the relevant case law. In Judge Conti's opinion upholding the Special Master's recommendation and denying Defendants' motions to dismiss, the Court held that "there can be no doubt that the Direct Purchaser Plaintiffs are alleging conspiracies regarding both CRTs and CRT Products. . . . The trade and commerce allegations mention CRT Products. The allegations regarding collusive meetings refer to CRT Products. Indeed, according to the Direct Purchaser Plaintiffs, CRT Products are mentioned 135 times in the Direct Complaint." Approval Order, at P.3. (Saveri Decl. Ex 1) Plaintiffs are now entitled to "the benefit of discovery" on their sustained complaints. Defendants' insistence that Plaintiffs must first prove their case in order to obtain discovery on the conspiracy they allege would turn the Federal Rules on their head.

The Defendants' refusal to provide discovery as to CRT Finished Products is meritless. A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence. *See supra*, P. 4 (collecting cases). Your Honor's previous ruling is consistent with the relevant case law.

Hon. Charles Legge
April 20, 2011
Page 8


### III.    Conclusion

       For all of the foregoing reasons, Plaintiffs' motion to compel discovery with respect to CRT Products should be granted.

                                       Yours sincerely,

                                       /s/ *Guido Saveri*
                                       Guido Saveri
                                       Interim Lead Counsel for the
                                       Direct Purchaser Plaintiffs


cc: All Counsel via E-Mail

CRT.400