Guido Saveri (22349) guido@saveri.com
R. Alexander Saveri (173102) rick@saveri.com
Geoffrey C. Rushing (126910) grushing@saveri.com
Cadio Zirpoli (179108) cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:   (415) 217-6810
Facsimile:   (415) 217-6813

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 SC<br><br>MDL NO. 1917 |
| This Document Relates to:<br><br>ALL DIRECT PURCHASER CLASS ACTIONS | **PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)**<br><br>The Honorable Samuel Conti |

Pursuant to Civil Local Rules 7-11 and 79-5(d), and in accordance with this Court's General Order No. 62, effective May 10, 2010, Plaintiffs hereby move the Court for leave to file the following documents, or portions thereof, under seal:

- <u>Direct Purchaser Plaintiffs' Objection to Report and Recommendations on Motions Regarding Finished Products</u>; and
- <u>Exhibits 8 and 12 to the Declaration of Guido Saveri in Support of Direct Purchaser Plaintiffs' Objection to Report and Recommendations on Motions Regarding Finished Products</u>.

This motion is supported by the Declaration of Geoffrey C. Rushing in Support of Plaintiffs' Administrative Motion to Seal Documents Pursuant to Civil Local Rule 7-11 and 79-5(d). Plaintiffs file this administrative motion in order to comply with the Protective Order and the Special Master's Orders regarding sealing documents entered in this action.

Civil Local Rule 79-5 governs the filing under seal of entire documents or portions of documents that contain material that is "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5 (a)-(c). This Court's General Order No. 62, Electronic Filing of Documents Under Seal, effective May 10, 2010, sets forth procedures applicable to the filing of sealed documents in civil cases. Civil Local Rule 79-5(d) provides: "If a party wishes to file a document that has been designated confidential by another party pursuant to a protective order, or if a party wishes to refer in a memorandum or other filing to information so designated by another party, the submitting party must file and serve an Administrative Motion for a sealing order . . . ."

Plaintiffs seek to file **"Direct Purchaser Plaintiffs' Objection to Report and Recommendations on Motions Regarding Finished Products"** under seal in compliance with Local Rule 79-5(d), because the document contains either: (a) material designated by a Defendant pursuant to a Protective Order as "Confidential" or "Highly Confidential"; or (b) analysis of, references to, or information taken directly from material designated by a Defendant pursuant to a Protective Order as "Confidential" or "Highly Confidential." *See* Civil Local Rule 79-5.

Plaintiffs seek to file this Objection under seal in good faith in order to comply with the

1

Protective Order in this action and the applicable Local Rules. Because certain defendants and various third parties contend that the material they have designated is confidential in nature, it is their burden to establish that the designated information is sealable. Civil L. R. 79-5(d); see *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178-1180 (9th Cir. 2006). Plaintiffs leave it to this Court's discretion to determine whether the above material should be filed under seal. Courts have repeatedly emphasized that a party must make a "particularized showing of good cause" and show a "compelling reason" to justify the sealing of motions and papers filed with a court. *See Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2002) (reversing the lower court's sealing of records because there was no "compelling reason to justify sealing" under the protective order). As the Ninth Circuit has stated, the "hazard of stipulated protective orders" is that they "often contain provisions that purport to put the entire litigation under lock and key without regard to the actual requirements of Rule 26(c)." *Kamakana*, 447 F.3d at 1193.

Plaintiffs also seek to file Exhibits 8 and 12 of the **"Declaration of Guido Saveri in Support of Direct Purchaser Plaintiffs' Objection to Report and Recommendations on Motions Regarding Finished Products"** under seal pursuant to certain orders regarding the sealing of documents issued by the Special Master. Exhibit 8 to the Saveri Declaration has been ordered sealed by the Special Master's Order Recommending the Granting of Defendants' Administrative Motion to File Confidential Documents Under Seal, entered on April 21, 2011, Dkt. No. 901. Exhibit 12 to the Saveri Declaration has also been ordered sealed by the Special Master's Order Recommending the Granting of Plaintiffs' Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d), entered on April 25, 2011, Dkt. No. 908. *See also* "Order Appointing Special Master", § IV, ¶ 16 ("Any order issued by the Special Master shall remain in effect …").

Plaintiffs respectfully submit this administrative motion pursuant to the Protective Order, Civil Local Rule 79-5, and Special Master's Orders regarding Sealing (Dkt. Nos. 901, 908) and hereby notify the parties of their burden to establish that the designated material is sealable.

| | |
|---|---|
| DATED: June 29, 2011 | Respectfully Submitted, |
| | /s/ Geoffrey C. Rushing |
| | Guido Saveri |
| | R. Alexander Saveri |
| | Geoffrey C. Rushing |
| | Cadio Zirpoli (179108) cadio@saveri.com |
| | SAVERI & SAVERI, INC. |
| | 706 Sansome Street |
| | San Francisco, CA 94111 |
| | Telephone:   (415) 217-6810 |
| | Facsimile:   (415) 217-6813 |
| | |
| | *Interim Lead Counsel for the Direct Purchaser Plaintiffs* |

Crt.425