GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234,
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301,
RBrass@gibsondunn.com
JORDAN HELLER, SBN 250491,
JHeller@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant
CHUNGHWA PICTURE TUBES, LTD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | CASE NO. 3:07-CV-5944 SC<br><br>MDL NO. 1917<br><br>**JOINDER IN PART OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD. IN DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE CONFIDENTIAL DOCUMENTS UNDER SEAL** |

Defendant Chunghwa Picture Tubes, Ltd. ("Chunghwa") hereby joins in part Direct Purchaser Plaintiffs' ("Plaintiffs") Administrative Motion to File Confidential Documents Under Seal (the "Administrative Motion") (Dkt. No. 956), filed pursuant to Civil Local Rules 7-11 and 79-5(b).

The Plaintiffs seek to file under seal portions of Exhibits 8 and 12 of the Declaration of Guido Saveri in Support of Direct Purchaser Plaintiffs' Objection to Report and Recommendations on Motions Regarding Finished Products ("Saveri Declaration") (Dkt. No. 957, Manual Filing Notification). The Plaintiffs also request that the Direct Purchaser Plaintiffs' Objections to the Special Master's Report and Recommendations on Motions Regarding Finished Products ("Plaintiffs' Objections to R&R") (Dkt. No. 957, Manual Filing Notification) be redacted according to the narrowly tailored version lodged with the Court.

1

JOINDER IN PART OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD. IN DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE CONFIDENTIAL DOCUMENTS UNDER SEAL, Case No. 3:07-cv-5944 SC, MDL No. 1917

Gibson, Dunn & Crutcher LLP

**Exhibit 8 of the Saveri Declaration**

Portions of Exhibit 8 of the Saveri Declaration should be filed under seal in accordance with the Court's April 22, 2011 order that specific portions of the identical documents be sealed. *See* Order Granting Defendants' Administrative Motion to File Confidential Documents Under Seal (Dkt. No. 903). Exhibit 8 of the Saveri Declaration is a reproduction of the Declaration of Jeffrey Kessler in Support of Defendants' Motion for Sanctions Pursuant to Rule 11 ("Kessler Declaration") (Dkt. No. 893), filed by Defendants Panasonic Corporation of North America, Panasonic Corporation, and MT Picture Display Co., Ltd.'s ("Defendants") on April 12, 2011. On April 14, 2011, the Defendants filed an Administrative Motion requesting that Exhibits G through P of the Kessler Declaration be filed under seal, and that Exhibits A, C, E, and F of the Kessler Declaration be redacted (Dkt. No. 889) ("Motion to Seal"). Also on April 14, 2011, Chunghwa filed a Joinder to Defendants' Administrative Motion to File Confidential Documents Under Seal (Dkt. No. 891). The Court granted the Motion to Seal on April 22, 2011, and ordered that Exhibits G through P of the Kessler Declaration remain under seal, and that Exhibits A, C, E, and F of the Kessler Declaration be redacted according to the narrowly tailored versions lodged with the Court. (Dkt. No. 903).

Duplicates of the documents the Court ordered sealed in its April 22, 2011 order are now attached as Exhibit 8 to the Saveri Declaration, and the same reasons apply now as then for keeping these documents under seal. Chunghwa previously designated as "Confidential" portions of Exhibit 8 of the Saveri Declaration, initially filed as Exhibits A, C, E, F, and G through P of the Kessler Declaration, pursuant to the Stipulated Protective Order entered in this case (Dkt. No. 306). *See* Declaration of Jordan Heller in Support of Defendants' Motion to File Confidential Documents Under Seal (Dkt. No. 891) ¶¶ 3, 5. Chunghwa designated as "Confidential" the documents that are now attached as Exhibit 8 of the Saveri Declaration because they are copies, quotations, and summaries of internal reports consisting of confidential, nonpublic, proprietary and highly sensitive business information. *See* Declaration of Fu-Chia "Morgan" Tai in Support of Defendants' Motion to File Confidential Documents Under Seal ("Tai Declaration") (Dkt. No. 891) ¶¶ 5-7. These reports

2

Gibson, Dunn & Crutcher LLP

JOINDER IN PART OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD. IN DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE CONFIDENTIAL DOCUMENTS UNDER SEAL, Case No. 3:07-cv-5944 SC, MDL No. 1917

1   contain recommendations and analysis of sales, pricing, and customer conditions prepared by
2   Chunghwa employees for consideration by senior management, as well as some directions from
3   senior management to lower-level employees on these topics.  *See* Tai Declaration (Dkt. No. 891)
4   ¶ 7.  Disclosure of these documents threatens to put Chunghwa at a competitive disadvantage and
5   cause it harm with respect to its competitors and customers.  *See* Tai Declaration (Dkt. No. 891)
6   ¶ 8-9.  Good cause therefore exists to keep under seal the portions of Exhibit 8 to the Saveri
7   Declaration that consist of Exhibits G through P of the Kessler Declaration, and to redact the portions
8   of the Saveri Declaration that consist of Exhibits A, C, E, and F of the Kessler Declaration.  *See*
9   *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006) (explaining that "good cause"
10  standard for sealing documents in connection with non-dispositive motions is more easily satisfied
11  than higher "compelling reason" standard for case-dispositive motions).

**Exhibit 12 of the Saveri Declaration**

13  The redacted portions of Exhibit 12 of the Saveri Declaration should remain under seal
14  pursuant to the Court's April 25, 2011 order sealing these materials.  (Dkt. No. 908).  Exhibit 12 of
15  the Saveri Declaration consists of Plaintiffs' Memorandum of Points and Authorities in Opposition to
16  Certain Defendants' Motion for Rule ll Sanctions, submitted under seal to the Court ("Plaintiffs'
17  Opposition to Sanctions") (Dkt. No. 897, Manual Filing Notification).  As Plaintiffs explained in
18  their April 20, 2011 Motion to Seal Documents, Plaintiffs' Opposition to Sanctions contains "either
19  (a) material designated by a Defendant pursuant to a Protective order as "Confidential" or "Highly
20  Confidential"; or (b) analysis of, references to, or information taken directly from material designated
21  by a Defendant pursuant to a Protective Order as "Confidential" or "Highly Confidential."  (Dkt. No.
22  896).  The Court granted the Plaintiffs' motion to seal the redacted portions of the Plaintiffs'
23  Opposition to Sanctions on April 25, 2011 (Dkt. No. 908).
24  The same document the Court ordered sealed in its April 25, 2011 Order (Dkt. No. 908) is
25  now attached as Exhibit 12 of the Saveri Declaration, and the same narrowly tailored redactions
26  should remain under seal.  Chunghwa previously designated as "Confidential" the information
27  redacted in Exhibit 12 of the Saveri Declaration.  *See* Declaration of Jordan Heller in Support of

3

Gibson, Dunn & Crutcher LLP

JOINDER IN PART OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD. IN DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE CONFIDENTIAL DOCUMENTS UNDER SEAL, Case No. 3:07-cv-5944 SC, MDL No. 1917

1  Plaintiffs' Motion to File Confidential Documents Under Seal ("Second Heller Declaration") ¶¶ 5-6.

2  The redacted portions of Exhibit 12 of the Saveri Declaration are detailed summaries of reports

3  prepared by Chunghwa employees strictly for internal consideration by senior management. *See*

4  Second Heller Decl. ¶ 6-7. These reports contain recommendations and analysis of sales, pricing,

5  and customer conditions, and they are of the same nature and purposes as the full reports attached to

6  the Saveri Declaration as Exhibit 8, and previously attached to the Kessler Declaration as Exhibits G

7  through P. Second Heller Decl. ¶ 7. Disclosure of the information in these documents threatens to

8  put Chunghwa at a competitive disadvantage. *See* Second Heller Decl. ¶ 8; Tai Declaration (Dkt.

9  No. 891) ¶ 8-9. Good cause therefore exists to keep the redacted portions of Exhibit 12 of the Saveri

10  Declaration under seal. *See Kamakana*, 447 F.3d at 1179-80.

**Plaintiffs' Objections to R&R**

Chunghwa takes no position regarding the Plaintiffs' request that the Court seal portions of Plaintiffs' Objections to R&R.

Accordingly, Chunghwa respectfully requests that this Court enter an order sealing the portions identified herein of Exhibits 8 and 12 of the Saveri Declaration.

DATED: July 6, 2011

                                      GIBSON, DUNN & CRUTCHER LLP
                                      RACHEL S. BRASS

                                      By:   /s/ Rachel S. Brass

                                      Attorneys for Defendant
                                      CHUNGHWA PICTURE TUBES, LTD.

Gibson, Dunn & Crutcher LLP

JOINDER IN PART OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD. IN DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE CONFIDENTIAL DOCUMENTS UNDER SEAL, Case No. 3:07-cv-5944 SC, MDL No. 1917