GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234,
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301,
RBrass@gibsondunn.com
JORDAN HELLER, SBN 250491,
JHeller@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant
CHUNGHWA PICTURE TUBES, LTD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | CASE NO. 3:07-CV-5944 SC |
| This Document Relates to: | MDL NO. 1917 |
| ALL ACTIONS | **[PROPOSED] ORDER GRANTING IN PART PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE CONFIDENTIAL DOCUMENTS UNDER SEAL** |

Gibson, Dunn & Crutcher LLP

Direct Purchaser Plaintiffs' ("Plaintiffs") Administrative Motion to File Confidential Documents Under Seal (the "Administrative Motion") (Dkt. No. 956), came before this Court for determination in connection with the Plaintiffs' June 29, 2011 Objections to the Special Master's Report and Recommendations on Motions Regarding Finished Products (Dkt. No. 957). Chunghwa Picture Tubes, Ltd. ("Chunghwa") joined in part the Plaintiffs' Administrative Motion ("Chunghwa Joinder in Part"). After consideration of the Plaintiffs' Administrative Motion, the Chunghwa Joinder in Part, the Declaration of Jordan Heller in Support of Chunghwa's Joinder in Part, the Declaration of Morgan Tai in Support of Administrative Motion to File Confidential Documents Under Seal (Dkt. No. 891), the Court's previously entered Stipulated Protective Order of June 18, 2008 (Dkt. No. 306), and the Court's files and records in this matter, and good cause appearing therefor,

IT IS HEREBY ORDERED that the Motion is hereby GRANTED IN PART. The Plaintiffs brought this Administrative Motion pursuant to Civil Local Rules 7-11 and 79-5(d). The Plaintiffs sought to file under seal portions of Exhibits 8 and 12 of the Declaration of Guido Saveri ("Saveri Declaration") according to the narrowly tailored versions lodged with the Court, because they contain full reproductions and detailed summaries of documents designated as "Confidential" by Chunghwa. Exhibit 8 of the Saveri Declaration reproduces the Declaration of Jeffrey Kessler in Support of Defendants' Motion for Sanctions Pursuant to Rule 11 ("Kessler Declaration") (Dkt. No. 889), and Exhibit 12 of the Saveri Declaration reproduces Plaintiffs' Memorandum of Points and Authorities in Opposition to Certain Defendants' Motion for Rule 11 Sanctions (Dkt. No. 897, Manual Filing Notification).

The documents at issue have not been filed in connection with a case-dispositive motion, but rather were filed in connection with Plaintiffs' Objection to the Special Master's Report and Recommendations on Motions Regarding Finished Products, which addresses a sanctions motion. Therefore, the Court need only find "good cause" to keep the documents under seal. *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). Chunghwa designated as "Confidential" the documents reproduced, quoted, and summarized in Exhibits 8 and 12 of the Saveri Declaration, because they are internal reports consisting of confidential, nonpublic, proprietary and highly

Gibson, Dunn & Crutcher LLP

sensitive business information.  Disclosure of this information threatens to put Chunghwa at a competitive disadvantage and cause it harm with respect to its competitors and customers.  Good cause therefore exists to keep portions of Exhibits 8 and 12 of the Saveri Declaration under seal. Furthermore, Exhibits 8 and 12 of the Saveri Declaration are duplicates of documents the Court previously sealed in its orders of April 22, 2011 (Dkt. No. 903) and April 25, 2011 (Dkt. No. 908). Accordingly, the following portions of Exhibit 8 of the Saveri Declaration shall remain under seal:

- Chunghwa document CHU00029238-40, report and analysis of meeting of April 14, 1999, as well as Chunghwa's English translation (Exhibit G to the Kessler Decl.);

- Chunghwa document CHU00030787-94, report and analysis of meeting of June 23, 1999, as well as Chunghwa's English translation (Exhibit H to the Kessler Decl.);

- Chunghwa document CHU00028933-45, report and analysis of meeting of May 29, 1995, as well as Chunghwa's English translation (Exhibit I to the Kessler Decl.);

- Chunghwa document CHU00028909-11, report and analysis of meeting of October 24, 1996, as well as Chunghwa's English translation (Exhibit J to the Kessler Decl.);

- Chunghwa document CHU00028749-51, report and analysis of meeting of March 19, 1997, as well as Chunghwa's English translation (Exhibit K to the Kessler Decl.);

- Chunghwa document CHU00031013-14, report and analysis of meeting of June 28, 2000, as well as Chunghwa's English translation (Exhibit L to the Kessler Decl.);

- Chunghwa document CHU00031051-55, report and analysis of meeting of September 21, 2000, as well as Chunghwa's English translation (Exhibit M to the Kessler Decl.);

- Chunghwa document CHU00031183-85, report and analysis of meeting of February 22, 2002, as well as Chunghwa's English translation (Exhibit N to the Kessler Decl.);

- Chunghwa document CHU00031240-47, report and analysis of meeting of March 25-27, as well as Chunghwa's English translation (Exhibit O to the Kessler Decl.); and

- Chunghwa document CHU00031254, report and analysis of meeting of July 2, 2004, as well as Chunghwa's English translation ( Exhibit P to the Kessler Decl.).

In addition, Exhibit 8 of the Saveri Declaration shall be redacted at the following locations, identified by the exhibit letters, page numbers, and line numbers of the Kessler Declaration:

Gibson, Dunn & Crutcher LLP

[PROPOSED] ORDER GRANTING IN PART PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE CONFIDENTIAL DOCUMENTS UNDER SEAL, Case No. 3:07-cv-5944 SC, MDL No. 1917

- Exhibit A: 41:17-24; 42:2-21; 43:1-22, 24-26; 44:1-15, 17-21, 23-28; 45:1-3, 5-20, 23-25; 46:1-3, 8-9, 11-13, 25-28; 47:1-8, 15-22, 24-28; 48:1-5, 8-11, 14-24, 25-28; 49:1-3, 5-10, 12-14, 17-28; 50:1-5, 9-11, 15-16, 18-23; 51:2-5, 7-9.

- Exhibit C: 41:20-16; 42:2-21; 43:1-22, 24-26; 44:1-15, 17-21, 23-27; 45:1-3, 5-17, 21-23; 46:1-3, 8-9, 11-13, 20-23, 26-27; 47:1-10, 18-25; 48:1-10, 14-17, 20-28; 49:1-3, 4-18, 20-22, 25-27; 50:1-13, 17-20, 23-25, 26-27; 51:1-3, 10-14, 16-17.

- Exhibit E:  8:8-16, 18-26; 9:3-6, 8-14, 16-18, 20-26; 10:1-12, 16-19, 22-24, 25-27; 11:1-2, 9-12, 16-18, 21-24; 12:1-6, 9-12, 14-22, 24-27; 13:1-2, 4-8; 14: 4-7, 11-15, 20-23; 16:16-21; 18:4-7; 22:12-20, 22-28; 23:1-3, 6-9, 11-16, 18-20, 22-27; 24:1-14, 18-21, 25-27; 25:1-6, 13-15, 19-21, 24-27; 26:3-9, 12-15, 17-24, 27-28; 27:1-4; 7-11.

- Exhibit F: 8:3-11, 13-22, 26-28; 9:1, 3-10, 12-14, 16-27; 10:1-7, 11-14, 18-20, 21-25; 11:5-8, 12-14, 18-21, 26-28; 12:1-4, 8-11, 14-21, 24-28; 13:1, 4-8; 14:5-8, 12-16, 21-24; 16:17-22; 18:4-7; 21:25-28; 22:1-6, 7-16, 20-22, 24-28; 23:1-3, 5-7, 9-27; 24: 4-7, 11-13, 14-19, 26-27; 25:1-2, 5-7, 17-22, 26-27; 26:1-2, 4-12, 14-19, 21-25.

Furthermore, Exhibit 12 of the Saveri Declaration shall be redacted at the following page and line numbers: 4:9-11, 16-22, 23-25; 14:6-28; and 15:1-10.



IT IS SO ORDERED.


DATED: _____, 2011

                                        _____
                                        The Honorable Samuel Conti
                                        United States District Judge

Gibson, Dunn & Crutcher LLP

4

[PROPOSED] ORDER GRANTING IN PART PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE CONFIDENTIAL DOCUMENTS UNDER SEAL, Case No. 3:07-cv-5944 SC, MDL No. 1917