Guido Saveri (Bar No. 22349); guido@saveri.com
R. Alexander Saveri (Bar No. 173102); rick@saveri.com
Geoffrey C. Rushing (Bar No. 126910); grushing@saveri.com
Cadio Zirpoli (Bar No. 179108); cadio@saveri.com
**SAVERI & SAVERI, INC.**
706 Sansome Street
San Francisco, California 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Interim Lead Counsel for the Direct Purchasers*
*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 SC |
| | MDL NO.  1917 |
| This Document Relates to: | **REPLY IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' OBJECTION TO REPORT AND RECOMMENDATIONS ON MOTIONS REGARDING FINISHED PRODUCTS** |
| ALL DIRECT PURCHASER ACTIONS | |
| | Date:     August 5, 2011 |
| | Time:     10:00 a.m. |
| | Crtrm.:  1 – 17th Floor |
| | **ORAL ARGUMENT REQUESTED** |

829197.1

# TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT ................................................................................1

II.     ARGUMENT ......................................................................................................2

        A.      Defendants Misstate the Standard of Review ................................................. 2

        B.      The Special Master Applied an Erroneous Standard of Law.................................... 3

        C.      The Special Master Clearly Erred in Ruling that Plaintiffs' CRT Finished
                Products Allegations Were Objectively Baseless ......................................... 6

                1.      Defendants' Concessions Are Dispositive............................................. 6

                2.      The Special Master Failed to Take All Reasonable Inferences in
                        Plaintiffs' Favor ................................................................ 10

        D.      The Special Master's Use of Rule 11 to Limit CRT Finished Products
                Discovery was Clearly Erroneous............................................................. 13

III.    CONCLUSION ...................................................................................................14

1

## **TABLE OF AUTHORITIES**

2

### Federal Cases

3

*Antonious v. Spalding & Evenflo Cos., Inc.,*
   275 F.3d 1066 (Fed. Cir. 2002)...................................................................8

4

5

*Barber v. Miller,*
   146 F.3d 707 (9th Cir. 1998).......................................................................9

6

*Buster v. Greisen,*
   104 F.3d 1186 (9th Cir. 1997)..................................................................3, 4

7

8

*Carlton Group, Ltd. v. Tobin,*
   No. 02 Civ. 5065 SAS, 2003 WL 21782650 (S.D.N.Y. July 31, 2003) ...............12

9

10

*Chipanno v. Champion Int'l Corp.,*
   702 F.2d 827 (9th Cir. 1983).....................................................................13

11

*Christian v. Mattel, Inc.,*
   286 F.3d 1118 (9th Cir. 2002).....................................................................4

12

13

*Community Elec. Servs. v. National Elec. Contractors Assoc.,*
   869 F.2d 1235 (9th Cir. 1989).............................................................11, 13

14

15

*Cooter & Gell v. Hartmarx Corp.,*
   496 U.S. 384 (1990)...............................................................................2, 4

16

*Doctors Med. Ctr. Of Modesto, Inc. v. Principal Life Ins. Co.,*
   No. CV-F-10-452 LJO SKO, 2011 WL 720046 (E.D. Cal. Feb. 22, 2011) ...........7

17

18

*Elan Microelectronics Corp. v. Apple, Inc.,*
   No. C 09-01531, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009) ......................4

19

20

*Estate of Blue v. County of Los Angeles,*
   120 F.3d 982 (9th Cir. 1997).......................................................................3

21

*Fisher Bros. v. Cambridge-Lee Indus., Inc.,*
   585 F. Supp. 69 (E.D. Pa. 1983) ...............................................................14

22

23

*Golden Eagle Distribution Corp. v. Burroughs Corp.,*
   801 F.2d 1531 (9th Cir. 1886)...............................................................2, 13

24

25

*Greenberg v. Sala,*
   822 F.2d 882 (9th Cir. 1987).....................................................................13

26

*Idaho Watershed Project v. Jones,*
   253 Fed. App'x 684 (9th Cir. 2007) ...........................................................13

27

28

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
   738 F. Supp.2d 1011 (N.D. Cal. 2010) ..................................................8, 11, 12

*In re Flash Memory Antitrust Litig.*,
   643 F. Supp.2d 1133 (N.D. Cal. 2009) ........................................................9, 12

*In re High Fructose Corn Syrup Antitrust Litig.*,
   295 F.3d 651 (7th Cir. 2002) ............................................................................9

*In re Keegan Management Co. Sec. Litig.*,
   78 F.3d 431 (9th Cir. 1996)...................................................................1, 3, 4, 7

*In re Static Random Access Memory (SRAM) Antitrust Litig.*,
   580 F. Supp.2d 896 (N.D. Cal. 2008) ...............................................................9

*Lucas v. Duncan*,
   574 F.3d 772 (D.C. Cir. 2009) ........................................................................11

*Marbled Murrelet v. Babbitt*,
   182 F.3d 1091 (9th Cir. 1999)..........................................................................12

*Mark Indus. Ltd. v. Sea Captain's Choice, Inc.*,
   50 F.3d 730 (9th Cir. 1995)................................................................................2

*Marks v. Chicoine, No. C*,
   06-06806 SI, 2007 WL 2408885 (N.D. Cal. Aug. 21, 2007)........................9, 10

*Mary Ann Pensiero, Inc. v. Lingle*,
   847 F.2d 90 (3d Cir. 1998)................................................................................7

*MetLife Bank, N.A. v. Badostain*,
   No. 1:10-CV-118-CWD, 2010 WL 5559693 (D. Id. Dec. 30, 2010) ........6, 8, 11

*Monsanto Co. v. Spray-Rite Serv. Corp.*,
   465 U.S. 752 (1984) ..........................................................................................7

*Montrose Chem. Corp. v. Am. Motorists Ins. Co.*,
   117 F.3d 1128 (9th Cir. 1997)........................................................................3, 4

*Network Caching Tech., LLC v. Novell, Inc.*,
   No. C-01-2079, 2003 WL 21699799 (N.D. Cal. Mar. 21, 2003)....................7, 9

*Rachel v. Banana Republic, Inc.*,
   831 F.2d 1503 (9th Cir. 1987).......................................................................7, 13

*Riberglass, Inc. v. Techni-Glass Indus., Inc.*,
   811 F.2d 565 (11th Cir. 1987)............................................................................9

*Richardson v. Actavis Totowa, LLC*,
   No. 2:09-cv-00447, 2010 WL 1490583 (S.D.W.Va. Apr. 13, 2010) ...................7

*Rodriguez v. Services Employees Int'l,*
    No. C-10-01377, 2010 WL 3464365 (N.D. Cal. Sep. 1, 2010) ............................................8

*Servicemaster Co., L.P. v. FTR Transport, inc.,*
    868 F. Supp. 90 (E.D. Pa. 1994) ............................................12

*Simmons v. County of Los Angeles,*
    No. CV 04-9731 SVW (JC), 2009 WL 6769335 (C.D. Cal. Sep. 1, 2009) ............................9

*Simpson v. Lear Astronics Corp.,*
    77 F.3d 1170 (9th Cir. 1996) ............................................2

*Tom Growney Equip., Inc. v. Shelley Irrigation Dev., Inc.,*
    834 F.2d 833 (9th Cir. 1987) ............................................7

*Townsend v. Holman Consulting Corp.,*
    929 F.2d 1358 (9th Cir. 1990) ............................................ passim

*Truesdale v. Southern Calif. Permanente Med. Group,*
    209 F.R.D. 169 (C.D. Cal. 2002) ............................................5

*Truesdale v. Southern Calif. Permanente Med. Group,*
    293 F.3d 1146 (9th Cir. 2002) ............................................5

*Unioil v. E.F. Hutton & Co.,*
    809 F.2d 548 (9th Cir. 1986) ............................................4

*United Nat. Ins. Co. v. R&D Latex Corp.,*
    242 F.3d 1102 (9th Cir. 2001) ............................................2

*View Eng'g v. Robotic Vision Sys., Inc.,*
    208 F.3d 981 n.4 (Fed. Cir. 2000) ............................................3

*Wingle v. U.S.,*
    No. CV-F-05-160RECLJO, 2005 WL 2604184 (E.D. Cal. Oct. 13, 2005) ............................9

<u>Federal Rules</u>

Fed. R. Civ. P. 11 ............................................ passim

Fed. R. Civ. P. 26 ............................................14

Fed. R. Evid. 602 ............................................10

Fed. R. Evid. 801 ............................................9

Fed. R. Evid. 802 ............................................9

1    I.    **PRELIMINARY STATEMENT**

2         The Special Master's recommendation to impose Rule 11 sanctions was clearly erroneous.

3    The Special Master failed to apply the governing legal standard on a Rule 11 motion, imposed

4    sanctions despite having found that Plaintiffs had conducted a reasonable inquiry, and ignored

5    critical facts and the reasonable inferences from those facts to conclude that Plaintiffs' claims were

6    objectively baseless.  The Special Master then used the Rule 11 motion to preclude discovery into

7    claims that this Court had upheld as economically plausible.  Defendants' opposition brief

8    ("Opp.") fails to provide any basis for the Court to adopt the Special Master's R&R.

9         Defendants argue that Rule 11 sanctions must be imposed upon a finding that Plaintiffs'

10   claims are baseless.  They are wrong.  The Ninth Circuit expressly holds:  "***An attorney may not***

11   ***be sanctioned for a complaint that is not well-founded so long as she conducted a reasonable***

12   ***inquiry.***"  *See In re Keegan Management Co. Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996)

13   ("*Keegan*").  Defendants assert that the Ninth Circuit does not mean what it says when it requires a

14   filing to be "***both*** baseless ***and*** made without reasonable and competent inquiry" before a court

15   can impose Rule 11 sanctions.  *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th

16   Cir. 1990) ("*Townsend*").  This argument is not credible.  The Ninth Circuit has consistently

17   upheld its standard for determining frivolousness under Rule 11 for two decades.  The Special

18   Master found—and Defendants concede—that Plaintiffs conducted a reasonable pre-filing

19   investigation.  This finding ends the inquiry.  Sanctions may not be imposed.

20        Defendants are also wrong in arguing that the Special Master properly found that

21   Plaintiffs' claims of a price-fixing conspiracy encompassing CRT Finished Products were

22   objectively baseless.  In addition, Defendants concede that the Special Master used Rule 11 to

23   grant summary judgment on Plaintiffs' CRT Finished Products claims.  The law is clear, however,

24   that Rule 11 may not be used to achieve this end.  The Special Master further erred in saddling

25   Plaintiffs with the burden of proof and holding them to an evidentiary standard necessary to

26   withstand a motion for summary judgment or directed verdict.  Whether Plaintiffs' claims

27   ultimately are meritorious is irrelevant here.  Instead, only "some evidence"—whether direct or

28   circumstantial, and drawing all reasonable inferences in Plaintiffs' favor—is necessary to satisfy

1 | Rule 11.  Plaintiffs easily meet this standard.

2 | Finally, the Special Master erred by using Rule 11 sanctions to limit discovery on

3 | Plaintiffs' claims encompassing CRT Finished Products.  Rule 11 is not a means to limit

4 | discovery.  Instead, the Special Master should have addressed any concerns about the scope and

5 | purported burdens of discovery through active discovery management and its array of powers

6 | under Rule 26.

7 | The Court should decline to adopt the R&R.

8 | II.   **ARGUMENT**

9 | A.   **Defendants Misstate the Standard of Review**

10 | Defendants contend that all of the Special Master's recommendations on the Rule 11

11 | motion are subject to review for clear error or abuse of discretion.  *See* Opp., pp. 5-6 (citing

12 | *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) ("*Cooter & Gell*")).  This standard is

13 | incorrect.  Even after the *Cooter & Gell* decision, the Ninth Circuit reiterated:  "In reviewing

14 | sanctions imposed under Rule 11, we 'review findings of historical fact under the clearly

15 | erroneous standard, the determination that counsel violated the rule under a *de novo* standard, and

16 | the choice of sanction under an abuse of discretion standard.'"  *United Nat. Ins. Co. v. R&D Latex*

17 | *Corp.*, 242 F.3d 1102, 1115 (9th Cir. 2001) (quoting *Simpson v. Lear Astronics Corp.*, 77 F.3d

18 | 1170, 1177 (9th Cir. 1996)).[1]  This standard is consistent with the Court's Order Appointing

19 | Special Master.  *See* Dkt. No. 302 at ¶ 18 ("[T]he Court shall review findings of fact made or

20 | recommended by the Special Master for clear error.  The Court shall review *de novo* any

21 | conclusions of law made or recommended by the Special Master.").  Thus, the Court has *de novo*

22 |

23 | [1] This is the same standard that the Ninth Circuit applied before the Supreme Court issued its
24 | decision in *Cooter & Gell*.  *See Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531,
 | 1538 (9th Cir. 1986) ("*Golden Eagle*"), cited in Plaintiffs' Objection, p. 5.  Defendants' assertion
25 | that *Golden Eagle* has been overruled is incorrect.  In any event, the result would not differ under
 | the standard Defendants advocate.  "A district court abuses its discretion in imposing sanctions
26 | when it bases its decision 'on an erroneous view of the law or on a clearly erroneous assessment of
 | the evidence.'"  *Mark Indus. Ltd. v. Sea Captain's Choice, Inc.*, 50 F.3d 730, 732 (9th Cir. 1995)
27 | (quoting *Cooter & Gell*, 496 U.S. at 405).

28 |

1  review over whether the Special Master applied the correct standard of law in recommending that

2  sanctions be imposed.

3  **B.     The Special Master Applied an Erroneous Standard of Law**

4        The Ninth Circuit's standard on a Rule 11 motion is clear:  "sanctions must be imposed on

5  the signer of a paper if … the paper is 'frivolous.'  The word frivolous does not appear anywhere

6  in the text of the Rule; rather, it is a shorthand that this court has used to denote a filing that is *both*

7  baseless *and* made without a reasonable inquiry." *Keegan*, 78 F.3d at 434 (emphasis original;

8  quoting *Townsend*, 929 F.2d at 1367).  The standard is conjunctive.  That is, the filing of a

9  pleading is not sanctionable as frivolous unless counsel failed to conduct a reasonable inquiry *and*

10  the pleading is objectively baseless.  *See id.*; *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir.

11  1997) ("*Buster*") ("Frivolous filings are those that are both baseless and made without a

12  reasonable and competent inquiry.") (citations and quotations omitted); *Estate of Blue v. County of*

13  *Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997) ("*Estate of Blue*") (same); *Montrose Chem. Corp.*

14  *v. Am. Motorists Ins. Co.*, 117 F.3d 1128, 1133-34 (9th Cir. 1997) ("*Montrose*") (same).

15        The Special Master did not find, and Defendants do not argue, that the CAC is frivolous.

16  In fact, the word "frivolous" never appears in the R&R or in Defendants' Opposition, and for good

17  reason.  The Special Master found—and Defendants concede—that Plaintiffs conducted a pre-

18  filing "inquiry which was reasonable under the circumstances."  R&R, p. 6; Opp., pp. 6; Dkt. No.

19  953, p. 4 (asking Court to adopt the R&R "in its entirety").  This finding is determinative.  Under

20  governing Ninth Circuit law, "*[a]n attorney may not be sanctioned for a complaint that is not*

21  *well-founded, so long as she conducted a reasonable inquiry.*"  *Keegan*, 78 F.3d at 434

22  (emphasis added).  *See also View Eng'g v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 985 n.4 (Fed.

23  Cir. 2000) ("*The 9th Circuit has held that an attorney may not be sanctioned under Rule 11 'for*

24  *a complaint that is not well-founded, so long as she conducted a reasonable inquiry* … [nor]

25  [m]ay she be sanctioned for a complaint which is well-founded, solely because she failed to

26  conduct a reasonable inquiry.") (quoting *Keegan*, 78 F.3d at 434 (emphasis added)).

27        Defendants argue that the language in *Keegan* quoted above is *dicta*.  *See* Opp., p. 6.  The

28  position of Defendants and the Special Master—that regardless of the existence of a reasonable

1   pre-filing inquiry, Rule 11 sanctions must be imposed upon a finding of baselessness alone[2]—

2   cannot be squared with clear and controlling Ninth Circuit law:  "Where, as here, the complaint is

3   the primary focus of Rule 11 proceedings, *a district court must conduct a two-prong inquiry* to

4   determine (1) whether the complaint is legally or factually 'baseless' from an objective

5   perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before

6   signing and filing it."  *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) ("*Christian*")

7   (quoting *Buster*, 104 F.3d at 1190) (emphasis added).[3]  Contrary to Defendants' contention, the

8   Ninth Circuit's conjunctive test for Rule 11 sanctions is consistent with the Supreme Court's

9   directive in *Cooter & Gell* that a district court "must consider factual questions regarding the

10  nature of the attorney's prefiling inquiry *and* the factual basis of the pleading or other paper."

11  *Cooter & Gell*, 496 U.S. at 399 (emphasis added).[4]

12          Defendants' argument that two district court cases are "Rule 11 decisions that *do* control

13  here," has no merit.  Opp., p. 8.  *Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531,

14  2009 WL 2972374 (N.D. Cal. Sept. 14, 2009), is an unpublished decision from a magistrate judge

15  on a motion to dismiss, not a motion for sanctions under Rule 11.  There, the court expressly

16  "decline[d] to explicate a precise standard" for when pleadings satisfy Rule 11.  *Id.* at *3.

17

---

18  [2] The Special Master looked in part to *Unioil v. E.F. Hutton & Co.*, 809 F.2d 548 (9th Cir. 1986)

19  ("*Unioil*"), in formulating an erroneous "synthesis" of the standard governing a Rule 11 motion.
     *Unioil* has been overruled on this issue by the Ninth Circuit's *en banc* decision in *Townsend*.  *See*

20  *Keegan*, 78 F.3d at 434-35.  Defendants do not defend the Special Master's citation to *Unioil*.

21  [3] The Ninth Circuit consistently conducts the two-prong inquiry for frivolousness and only
     imposes Rule 11 sanctions where *both* the filer failed to conduct a reasonable inquiry *and* the

22  filing was objectively baseless.  *See, e.g., Townsend*, 929 F.2d at 1366 ("Since the [allegations] …
     were baseless, the lack of inquiry justified the district court's finding under the 'frivolousness'

23  prong of Rule 11."); *Montrose*, 117 F.3d at 1134 ("Because Montrose's assertion of subject matter
     jurisdiction meets only the second requirement of the two-part test for frivolous filings, the

24  complaints Latham & Watkins's [sic] filed on Montrose's behalf were not frivolous."); *Christian*,
     286 F.3d at 1128-29 (affirming sanctions only after analyzing both prongs of "frivolousness"

25  inquiry).

26  [4] Defendants cite no authority for their argument that the Ninth Circuit's two-part conjunctive test

27  is inconsistent with Fed. R. Civ. P. 11(b)(3).  *See* Opp., p.8.  Nor have Plaintiffs found any case
     law to support Defendants' argument.

28

1   *Truesdale v. Southern Calif. Permanente Med. Group*, 209 F.R.D. 169 (C.D. Cal. 2002)

2   ("*Truesdale II*"), is consistent with and cites to *Townsend*.  In *Truesdale II*, the district court re-

3   imposed Rule 11 sanctions after the Ninth Circuit had remanded a prior sanctions decision to

4   allow the district court to clarify its order in light of recent Ninth Circuit precedent.  *See Truesdale*

5   *v. Southern Calif. Permanente Med. Group*, 293 F.3d 1146, 1154 (9th Cir. 2002) ("*Truesdale I*").

6   The Ninth Circuit held that not only had "the district court applied the correct standard of

7   objective reasonableness," but that "[a]ny reasonable lawyer would have known, upon even the

8   most casual investigation, that the law … would not support a claim on these facts." *Truesdale I*,

9   293 F.3d at 1153.  Thus, sanctions were appropriate because the complaint was objectively

10  baseless *and* counsel's pre-filing inquiry was not reasonable under the circumstances.

11          Defendants also argue that the two-prong test for "frivolousness" actually adopted by the

12  Ninth Circuit is inconsistent with Rule 11, because it would allow plaintiffs "to make whatever

13  allegations they want even if their pre-filing inquiry reveals no evidence or objectively reasonable

14  basis to support them." Opp., p. 6 (italics omitted).  Defendants are wrong.  Separate from the

15  frivolousness analysis, Rule 11 prohibits litigants from making allegations "for any improper

16  purpose, such as to harass or to cause unnecessary delay or needlessly increase the cost of

17  litigation." Fed. R. Civ. P. 11(b)(1).  *See Townsend*, 929 F.2d at 1362 ("Although the 'improper

18  purpose' and 'frivolousness' inquiries are separate and distinct, they will often overlap since

19  evidence bearing on frivolousness or non-frivolousness will often be highly probative of

20  purpose.").  The threat of sanctions is sufficient to ensure that litigants will not file pleadings for

21  an improper purpose.  Improper purpose is not a basis for Rule 11 sanctions here, however,

22  because "Defendants have made no accusations of bad faith or willful misconduct." R&R, p. 4.

23  *See also* Motion Hearing Transcript dated May 26, 2011, attached as Exhibit 19 to the Declaration

24  of Guido Saveri in Support of DPPs' Objection to the Report & Recommendation ("Tr."), at p.110

25  (Attorney Kessler: "And I will state we are not accusing plaintiffs' counsel of bad faith, so if

26  anyone thought that, I thought we were very clear in our brief that we were not making that type of

27  claim here.").  Plaintiffs' good faith is unquestioned here.

28          The Special Master found, and Defendants do not dispute, that Plaintiffs conducted a

1    reasonable pre-filing inquiry.  Therefore, the CAC is not frivolous as a matter of law.  The Special

2    Master's recommendation that Rule 11 sanctions be imposed nonetheless is clear error.

3              C.    **The Special Master Clearly Erred in Ruling that Plaintiffs'**
                     **CRT Finished Products Allegations Were Objectively Baseless**
4

5                    1.    **Defendants' Concessions Are Dispositive**

6         The Special Master committed clear error in his analysis of the factual underpinnings of

7    Plaintiffs' allegations that Defendants engaged in a unitary conspiracy encompassing both CRTs

8    and CRT Finished Products.  While attempting to defend the R&R, Defendants concede that the

9    Special Master used the Rule 11 motion to resolve disputed issues of fact and to dispose of

10   Plaintiffs' claims on the merits.  This use of Rule 11[5] is improper.

11        First, Defendants concede that the Special Master effectively granted summary judgment

12   in their favor by striking Plaintiffs' CRT Finished Products claims.  *See* Opp., p. 4.  That was clear

13   error.  *See* Objection, pp. 9-10.  A Rule 11 motion "should not be employed … to test the legal

14   sufficiency or efficacy of allegations in the pleadings; other motions are available for those

15   purposes…."  Fed. R. Civ. P. 11 advisory committee notes (1993 amendment).  As the court

16   explained in *MetLife Bank, N.A. v. Badostain*, No. 1:10-CV-118-CWD, 2010 WL 5559693 (D. Id.

17   Dec. 30, 2010) ("*MetLife*"):  "Defendants certainly are entitled to challenge the sufficiency of

18   [plaintiff's] evidence through a motion for summary judgment once [plaintiff] has had the

19   opportunity to conduct discovery.  As the Advisory Committee makes perfectly clear, however, a

20   motion for sanctions is not the proper mechanism through which a party may permissibly conduct

21   _____

22   [5] Defendants are wrong in asserting that "Plaintiffs have obscured … the critical issue of what
     conspiracy they are alleging involving finished CRT products."  Opp., p.2.  Plaintiffs have always
23   alleged a single antitrust conspiracy that involved both CRTs and CRT Finished Products.  *See*
     CAC, ¶¶ 1-5.  In addition, Defendants' repeated attempt to invoke their stipulation with the
24   Indirect Purchaser Plaintiffs ("IPPs") for the withdrawal of IPP's CRT Finished Products
     conspiracy claims is irrelevant and improper.  *See* Opp., p. 3; Dkt. No. 953, p. 3.  The stipulation
25   states that IPPs continue to believe those claims to be meritorious and that it does not constitute an
     admission, evidence, concession, or waiver by IPPs as to the merits of the Rule 11 motion.  *See*
26   Dkt. No. 904.  The Special Master refused to place any weight on the stipulation, *see* Tr., p. 101,
     and neither should the Court.
27

28

1    such an inquiry." *Id.* at *10.

2          Nor need Plaintiffs survive a motion for summary judgment to satisfy Rule 11.  *See Rachel*

3    *v. Banana Republic, Inc.*, 831 F.2d 1503, 1508 (9th Cir. 1987) ("*Rachel*") ("The granting of

4    summary judgment against the pleader is not dispositive of the issue of sanctions against the

5    attorney.");  *Keegan*, 78 F.3d at 433-35 (denying motion for sanctions and finding that claims

6    were colorable but insufficient to withstand a motion for summary judgment).  "A requirement

7    that counsel, before filing a complaint, secure the type of proof necessary to withstand a motion

8    for summary judgment would set a pre-filing standard beyond that contemplated by Rule 11."

9    *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 95 (3d Cir. 1998)  *See also Richardson v. Actavis*

10   *Totowa, LLC*, No. 2:09-cv-00447, 2010 WL 1490583, at *4 (S.D.W.Va. Apr. 13, 2010)

11   ("requir[ing] counsel to secure the type of proof necessary to withstand a motion for summary

12   judgment … was not contemplated by Rule 11").  In failing even to address these authorities,

13   Defendants implicitly acknowledge that the Special Master erred in using Rule 11 to grant

14   summary judgment.

15          <u>Second</u>, Defendants concede that the Special Master placed the burden of proof on this

16   Rule 11 motion on Plaintiffs.  *See* Opp., p. 10; *see also* Objection, p. 12.  Again, this was clear

17   error.  The party moving for Rule 11 sanctions bears the burden of proving they are justified.  *See*

18   *Tom Growney Equip., Inc. v. Shelley Irr. Dev., Inc.*, 834 F.2d 833, 837 (9th Cir. 1987); *Network*

19   *Caching Tech., LLC v. Novell, Inc.*, No. C-01-2079, 2003 WL 21699799, at *5 (N.D. Cal. Mar.

20   21, 2003) ("*Network Caching*"); *Doctors Med. Ctr. Of Modesto, Inc. v. Principal Life Ins. Co.*,

21   No. CV-F-10-452 LJO SKO, 2011 WL 720046, at *5 (E.D. Cal. Feb. 22, 2011) ("Principal Life

22   fails to establish that the complaint was frivolous.").  Defendants did not meet their burden here in

23   that they failed to submit evidence disproving the factual basis of Plaintiffs' allegations.

24   Moreover, the Special Master invoked the evidentiary standards of *Monsanto Co. v. Spray-Rite*

25   *Serv. Corp.*, 465 U.S. 752 (1984) ("*Monsanto*"), to require Plaintiffs to present unambiguous

26   evidence of conspiracy that "must tend to exclude the possibility of independent action."  R&R, p.

27   11 (quoting *Monsanto*, 465 U.S. at 763).  Defendants do not dispute that these evidentiary

28   standards apply only on a motion for summary judgment or a motion for a directed verdict,

1   however.  To apply them on a motion for Rule 11 sanctions, as the Special Master did, was clear

2   error.  Instead, "[a]n attorney satisfies his or her burden under Rule 11 by confirming that 'some

3   evidence' supports his or her client's claims."  *MetLife*, 2010 WL 5559693, at *6.

4       Third, the Special Master failed to acknowledge that the Chunghwa proffer revealed that

5   Defendants not only conspired to fix the prices of CRTs sold to third-parties, but also applied the

6   same agreed-upon prices to the CRTs they and/or their affiliates used to manufacture CRT

7   Finished Products.  In this way, the vertically-integrated Defendants ensured that the overcharges

8   would be incorporated into the prices at which they or their affiliates sold those CRT Finished

9   Products.  *See* Objection, pp. 12-13.  Defendants do not dispute that the Special Master ignored

10  these facts.  These facts both demonstrate Defendants' intent to fix CRT Finished Products prices

11  and support allegations that this Court found to be economically plausible.  *See In re Cathode Ray*

12  *Tube (CRT) Antitrust Litig.*, 738 F. Supp.2d 1011, 1018-22 (N.D. Cal. 2010) ("*In re CRT*").

13      Defendants acknowledge that "some, but not all, of the defendants have affiliated

14  companies involved in both the CRT business and the finished products business," but claim that

15  the integrated nature of those companies does not provide factual support for Plaintiffs' claims.

16  Opp., p.14.  Defendants do not dispute that their fix of CRT prices applied to internal transfers to

17  their affiliated CRT Finished Products manufacturers.  Nor can the moving Defendants—

18  Panasonic, Hitachi and Samsung—dispute that they are members of vertically-integrated corporate

19  families.  *See* Objection, p. 13 n.6.  Thus, the essence of Defendants' dispute is with the inferences

20  to be drawn from these facts, not the facts themselves.  This Court, however, has already found

21  reasonable an inference that Defendants would intend that any tube price fix would be reflected in

22  their own sales of CRT Finished Products or the sales of CRT Finished Products by their affiliates.

23  *See In re CRT*, 738 F. Supp.2d at 1020-22.  The Court further held that Defendants' arguments

24  were "more appropriate at the summary judgment stage of these proceedings."  *Id.* at 1022.[6]

25

26  ───────────────

27  [6] Courts routinely defer ruling on Rule 11 motions until after a dispositive event.  *See, e.g.,*
    *Antonious v. Spalding & Evenflo Cos., Inc.*, 275 F.3d 1066, 1071 (Fed. Cir. 2002); *Rodriguez v.*

28  *Services Employees Int'l*, No. C-10-01377, 2010 WL 3464365, at *2 (N.D. Cal. Sep. 1, 2010);
    (footnote continued)

829197.1

1        <u>Fourth</u>, Defendants concede that the Special Master failed to acknowledge Defendants'

2    history of engaging in price-fixing conspiracies. Those conspiracies involved sales of televisions

3    (a CRT Finished Product), LCDs (the successor conspiracy to CRTs), DRAM, SRAM and flash

4    memory. *See* Objection, pp. 16-17. Defendants contend that participation in these conspiracies by

5    members of their corporate families is irrelevant to the unitary conspiracy alleged here, but

6    provide no legal support for their argument. *See* Opp., p. 14. Nor do they counter the case law

7    holding that a defendant's participation in a conspiracy over one product provides evidentiary

8    support of an inference of conspiracy over related products. *See In re High Fructose Corn Syrup*

9    *Antitrust Litig.*, 295 F.3d 651, 661 (7th Cir. 2002); *In re Static Random Access Memory (SRAM)*

10   *Antitrust Litig.*, 580 F. Supp.2d 896, 903 (N.D. Cal. 2008); *In re Flash Memory Antitrust Litig.*,

11   643 F. Supp.2d 1133, 1148-49 (N.D. Cal. 2009) ("*Flash*").[7]

12       <u>Fifth</u>, Defendants concede that the Special Master failed to assess the credibility of

13   Chunghwa's discovery responses while relying heavily on them as evidence against Plaintiffs.

14   *See* Opp., pp. 11-12; R&R, p. 8. These responses are inadmissible hearsay, were verified only on

15   information and belief by an individual who lacks personal knowledge of the conspiracy, and are

16   self-serving and biased.[8] *See* Objection, pp. 17-18. The Special Master was obliged to consider

---

18   *Network Caching*, 2003 WL 21699799, at *7-8; *Wingle v. U.S.*, No. CV-F-05-160RECLJO, 2005

19   WL 2604184, at *5 (E.D. Cal. Oct. 13, 2005). *See also* Fed. R. Civ. P. 11 advisory committee
     notes (1983 amendment) ("[I]t is anticipated that in the case of pleadings the sanctions issue under

20   Rule 11 normally will be determined at the end of the litigation…."). *Barber v. Miller*, 146 F.3d
     707 (9th Cir. 1998) and Local Rule 7-8(c), which Defendants cite, only require a party to *move* for

21   Rule 11 sanctions promptly, but do not address when a court should *decide* a Rule 11 motion.

22   [7] Again, Defendants acknowledge that "some, but not all, of the defendants are involved in LCD
     or other government investigations." Opp., p.14. Notably, the Samsung defendants and several

23   Hitachi defendants here are also defendants in the LCD litigation.

24   [8] Chunghwa's discovery responses are inadmissible hearsay as to Plaintiffs under Fed. R. Evid.

25   801 and 802. *See Riberglass, Inc. v. Techni-Glass Indus., Inc.*, 811 F.2d 565, 566 (11th Cir.
     1987); Charles Wright & Alan Miller, *Federal Practice & Procedure: Civil* § 2264 (2010) ("[n]or

26   do the admissions of a party bind a coparty"). Defendants cite two unpublished cases involving
     *pro per* plaintiffs—*Marks v. Chicoine*, No. C 06-06806 SI, 2007 WL 2408885 (N.D. Cal. Aug. 21,

27   2007) ("*Marks*"), and *Simmons v. County of Los Angeles*, No. CV 04-9731 SVW (JC), 2009 WL
     6769335 (C.D. Cal. Sep. 1, 2009)—neither of which is on-point. *See* Opp. at 11-12 n.5. Those

28   (footnote continued)

1   these facts when evaluating Chunghwa's discovery responses, but he did not.  His failure to do so

2   while simultaneously resolving these disputed facts in Defendants' favor was clear error.

3          The discovery requests inquired only about Chunghwa's knowledge of a separate CRT

4   Finished Product conspiracy rather than the unitary conspiracy Plaintiffs allege.  Moreover,

5   Chunghwa served its responses on May 10, 2010—more than one year *after* Plaintiffs filed the

6   CAC.  They have no bearing on either the reasonableness or the factual basis of Plaintiffs' pre-

7   filing investigation.  At best, these discovery responses may be one factor in the Court's inquiry,

8   but they are not dispositive on the issue of whether Plaintiffs' claims are baseless.

9          Any of the individual errors identified above is grounds for rejecting the Special Master's

10  recommendation that Plaintiffs' CRT Finished Products claims are objectively baseless.  Taken in

11  combination, these errors are overwhelming.  A proper analysis would have revealed no basis for

12  the Special Master's recommendation that Rule 11 sanctions be imposed.

### 2.   The Special Master Failed to Take All Reasonable Inferences in Plaintiffs' Favor

15         Defendants assert that Plaintiffs are arguing that this Court ruled on the sufficiency of the

16  evidence when it denied the motions to dismiss.  *See* Opp., p. 9.  This misconstrues Plaintiffs'

17  argument.  Rather, Plaintiffs contend that in ruling on the motions to dismiss, this Court properly

18  analyzed the facts alleged in the CAC and drew all reasonable inferences in Plaintiffs' favor.  *See*

19  Objection, pp. 9-11.  These same inferences, which again must be construed in Plaintiffs' favor

20  here, are sufficient evidentiary support to satisfy Plaintiffs' Rule 11 obligations.  Defendants do

21  not dispute that *MetLife* states the correct standard under Rule 11:  "For purposes of Rule 11,

22  'circumstantial evidence' and the reasonable inferences drawn from that evidence, are treated as

---

24  courts did not consider whether one party's responses to requests for admissions were hearsay as
25  to another party.  Moreover, *Marks* specifically stated that such responses could be admissible
    only if they were "properly authenticated by a declaration from someone with personal knowledge
26  of the documents' accuracy."  *Marks*, 2007 WL 2408885, at *2.  Because Chunghwa's responses
    were not verified by anyone with personal knowledge, they are not competent evidence against
27  Plaintiffs under Fed. R. Evid. 602.

829197.1

REPLY ISO DPPs' OBJECTION TO R&R ON MOTS. RE FINISHED PRODUCTS
MDL NO. 1917; MASTER FILE NO. 07-cv-5944 SC

1  'evidentiary support.'"  2010 WL 5559693, at *6 (citing *Lucas v. Duncan*, 574 F.3d 772, 776-79

2  (D.C. Cir. 2009)).  The evidentiary requirement imposed by Rule 11 must be applied with

3  particular latitude in antitrust cases.  *See Community Elec. Servs. v. National Elec. Contractors*

4  *Assoc.*, 869 F.2d 1235, 1246 (9th Cir. 1989) ("*Community Elec.*") ("Federal courts grant wide

5  latitude in concluding conspiracy or collusion from parallel conduct and the inferences drawn

6  from the circumstances."), *abrogated on other grounds by Townsend*, 929 F.2d at 1363.  The

7  inferences here—including that the vertically-integrated Defendant companies "would wish to see

8  any price increases in CRTs pass through to the purchasers of CRT Products" and "wished to

9  ensure the prices paid by consumers did not undercut the pricing agreements regarding CRTs," *In*

10  *re CRT*, 738 F. Supp.2d at 1020, 1021—not only support the economic plausibility of Plaintiffs'

11  claims of a conspiracy encompassing CRT Finished Products, but also constitute evidentiary

12  support under Rule 11.

13          The Special Master's failure to draw all reasonable inferences in Plaintiffs' favor was

14  manifest.  For example, the Special Master found that evidence from the Chunghwa proffer

15  concerning Defendants' discussions over "whether their increases of CRT prices could be

16  absorbed within those prices for the Finished Products … *might indicate* that the Finished Product

17  prices drove the CRT prices, and not the other way around." R&R, p. 12 (emphasis added);

18  Objection, p. 14.  This is a question for the jury to decide on a fully-developed record that includes

19  expert analysis.  For purposes of this Rule 11 motion, the Special Master was required to, but did

20  not, draw the inference in Plaintiffs' favor that CRT prices drove CRT Finished Products prices.

21  The Special Master's speculation about market forces cannot be grounds for determining that

22  Plaintiffs' claims are objectively baseless.

23          Similarly, the Special Master failed to draw all reasonable inferences in Plaintiffs' favor

24  from the government investigations into price-fixing in the CRT industry.  This Court previously

25  ruled that these investigations and indictments "suggested the conspiracy extended beyond CRTs

26  themselves" to include CRT Finished Products.  *In re CRT*, 738 F. Supp.2d at 1017.  *See*

27  Objection, pp. 14-15.  The Special Master drew the opposite inference, however, finding that the

28  investigations pertained to CRTs and nothing else.  *See* Opp., pp. 12-13.  That finding cannot be

1  squared with this Court's prior determination that Plaintiffs are entitled to a fact-finder's

2  reasonable inference of a broader conspiracy involving both CRTs and CRT Finished Products.

3  *See* Objection, p. 15.

4  　　　　Defendants argue that the Special Master was correct in concluding that the structure of the

5  CRT market and the nature of the defendant corporations were insufficient to provide a factual

6  basis for Plaintiffs' claims. *See* Opp., p. 13 (citing R&R, pp. 9-10). Again, the Special Master's

7  failure to take all reasonable inferences in Plaintiffs' favor was clearly erroneous. Plaintiffs'

8  research showed that Defendants were vertically integrated and/or had placed their CRT

9  businesses in joint ventures with other Defendants. In addition, the CRT industry was

10  characterized by parallel and anomalous pricing, substantial industry concentration, significant

11  barriers to entry, fungible products with inelastic demand, and stable pricing despite factors that

12  should have caused price declines, such as the advent of LCD technology. *See* Objection, p. 15.

13  　　　　Rather than draw a reasonable inference that these facts "support the economic plausibility

14  of the alleged conspiracy," *In re CRT*, 738 F. Supp.2d at 1018, the Special Master ruled that "none

15  of that evidence shows that there were in fact meetings of the defendants to fix the prices of

16  Finished Products," R&R, p. 10. The Special Master's ruling is consistent with his expressed but

17  erroneous view that Plaintiffs were required to have "the killer piece of evidence … before the

18  complaint was filed." Tr., p. 9:15-17. That is not evidentiary standard for proving a conspiracy

19  even at trial, however. *See Flash*, 643 F. Supp.2d at 1147 ("The Ninth Circuit has aptly observed

20  that direct evidence will rarely be available to prove the existence of a price fixing conspiracy. It

21  is for this reason that circumstantial evidence is the lifeblood of antitrust law.") (quotations and

22  citations omitted).

23  　　　　The Special Master also erred in concluding that Plaintiffs' consultation with an economist

24  failed to support the factual basis for their claims. Courts routinely hold that claims are not

25  frivolous where an expert opinion supported the plaintiff's decision to sue. *See Servicemaster Co.,*

26  *L.P. v. FTR Transport, inc.*, 868 F. Supp. 90, 97 (E.D. Pa. 1994); *Carlton Group, Ltd. v. Tobin*,

27  No. 02 Civ. 5065 SAS, 2003 WL 21782650, at *4-5 (S.D.N.Y. July 31, 2003). *Cf. Marbled*

28  *Murrelet v. Babbitt*, 182 F.3d 1091, 1096 (9th Cir. 1999); *Idaho Watershed Project v. Jones*, 253

1    Fed. App'x 684, 687 (9th Cir. 2007).  Objection, p. 16.  Defendants criticize Plaintiffs for

2    declining an "invitation" to submit the report of their consulting economist to the Special Master

3    for *in camera* review.  Counsel for Defendants made that invitation, not the Special Master.  *See*

4    Tr. at 125-26.  Defendants cite no authority requiring Plaintiffs to disclose this work product or

5    suggesting that their non-disclosure undermines the factual basis for their claims.  In any event,

6    the Special Master recognized that the expert consultation "adds support to the sufficiency of

7    plaintiffs' 'reasonable inquiry,'" R&R, p. 10, which is grounds alone to deny the Rule 11 motion

8    under *Keegan*.  The Special Master's recommendation to the contrary was clearly erroneous.

9            In sum, the evidence in Plaintiffs' possession before they filed the CAC was sufficient at a

10   minimum to give Plaintiffs "an arguable claim" of a conspiracy encompassing CRT Finished

11   Products.  *Community Elec.*, 869 F.2d at 1246.  Plaintiffs' claim does not need to be ultimately

12   proven to satisfy Rule 11.  *See Rachel*, 831 F.2d at 1508 ("Rule 11 is not intended to permit

13   sanctions just because 'the court later decides that the lawyer was wrong.'") (quoting *Golden*

14   *Eagle*, 801 F.2d at 1542).  Rather the Plaintiffs' claim would be objectively baseless only if "no

15   competent attorney could believe [it] was well grounded in fact and warranted by law."

16   *Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir. 1987).  *See* Objection, p. 6.  Such a finding cannot

17   be made on this record.  *See Greenberg,* 822 F.2d at 887 ("a complaint based on reasonable

18   inquiry should not be found to be factually frivolous unless some clear authority or a litigant's

19   own clear admission erases the factual underpinning from some essential element of the litigant's

20   pleading").

21           **D.        The Special Master's Use of Rule 11 to Limit CRT Finished**
                         **Products Discovery was Clearly Erroneous**
22

23           Defendants are explicit that the goal of their Rule 11 motion was to "finally resolv[e] the

24   proper scope of this case and end[] what otherwise would have been massive discovery by

25   Plaintiffs into a conspiracy" involving CRT Finished Products.  Opps., p. 5.  Rule 11 may not be

26   used to preclude a party from conducting discovery, however.  *See* Fed. R. Civ. P. 11 advisory

27   committee notes (1993 amendment) ("Rule 11 motions … should not be employed as a discovery

28   device…."); *Chipanno v. Champion Int'l Corp.*, 702 F.2d 827, 831 (9th Cir. 1983) ("The rule is

1    not a discovery device."); *Fisher Bros. v. Cambridge-Lee Indus., Inc.*, 585 F. Supp. 69, 71 (E.D.

2    Pa. 1983) ("A Rule 11 motion cannot be used as a substitute for appropriate discovery by the

3    movant or to prevent discovery of the movant."). The Special Master's use of Rule 11 sanctions

4    to strike Plaintiffs' CRT Finished Products allegations and then deny Plaintiffs' motion to compel

5    discovery concerning CRT Finished Products was clear error. Any concerns over the scope and

6    purported burdens of discovery should be addressed through active management of the timing,

7    sequence and mechanisms of discovery under Fed. R. Civ. P. 26. *See* Objection, pp. 18-19.

8    **III.    CONCLUSION**

9         The Special Master's undisputed finding is that Plaintiffs conducted a reasonable pre-filing

10   investigation. His conclusion that Rule 11 sanctions should be imposed nonetheless is erroneous

11   as a matter of law. The Special Master also clearly erred in finding that Plaintiffs' claims are

12   objectively baseless and in using Rule 11 as a device for limiting discovery. Defendants fail to

13   provide any basis for upholding the Special Master's recommendations. For these reasons and

14   those expressed in the opening brief, Plaintiffs respectfully request that the Court decline to adopt

15   the Special Master's recommendations imposing Rule 11 sanctions and denying Plaintiffs' motion

16   to compel CRT Finished Products discovery.

17

18   DATED: July 18, 2011                    Respectfully submitted,

19

20                                    By:   */s/ Guido Saveri*

21                                          Guido Saveri
                                            R. Alexander Saveri
22                                          Geoffrey C. Rushing
                                            Cadio Zirpoli
23                                          SAVERI & SAVERI, INC.
                                            706 Sansome Street
24                                          San Francisco, CA  94111
                                            Telephone:  (415) 217-6810
25                                          Facsimile:  (415) 217-6813

26                                          *Interim Lead Counsel for Direct Purchaser*
                                            *Plaintiffs*
27

28

H. Laddie Montague, Jr.
Ruthanne Gordon
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Telephone:  (215) 875-3000

Joseph W. Cotchett
Steven N. Williams
COTCHETT, PITRE & McCARTHY
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone:  (650) 697-6000

Michael J. Freed
Steven A. Kanner
William London
Douglas A. Millen
FREED KANNER LONDON & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL  60015
Telephone:  (224) 632-4500

Michael P. Lehmann
HAUSFELD LLP
44 Montgomery Street, Suite 3400
San Francisco, CA  94104
Telephone:  (415) 633-1908

Robert N. Kaplan
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY  10022
Telephone:  (212) 687-1980

Gary Specks
KAPLAN FOX & KILSHEIMER LLP
423 Sumac Road
Highland Park, IL  60035
Telephone:  (847) 831-1585

Richard M. Heimann
Joseph R. Saveri
Eric B. Fastiff
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA  94111
Telephone:  (415) 956-1000

REPLY ISO DPPs' OBJECTION TO R&R ON MOTS. RE FINISHED PRODUCTS
MDL NO. 1917; MASTER FILE NO. 07-cv-5944 SC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W. Joseph Bruckner
Elizabeth R. Odette
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Avenue South, Suite 2200
Minneapolis, MN  55401
Telephone:  (612) 339-6900

Bruce L. Simon
Aaron M. Sheanin
PEARSON, SIMON, WARSHAW & PENNY,
LLP
44 Montgomery Street, Suite 2450
San Francisco, CA  94104
Telephone:  (415) 433-9000

829197.1

REPLY ISO DPPs' OBJECTION TO R&R ON MOTS. RE FINISHED PRODUCTS
MDL NO. 1917; MASTER FILE NO. 07-cv-5944 SC