Hon. Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 774-2644
Fax: (415) 982-5287
Special Master

JAMS

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 07-5944 SC<br>MDL No. 1917<br>JAMS Reference No. 1100054618 |
| CRAGO, INC., et al., | |
| Plaintiffs, | REPORT AND RECOMMENDATIONS REGARDING PROPOSED SETTLEMENT WITH CHUNGHWA |
| vs. | |
| CHUNGHWA PICTURE TUBES, LTD., et al., | |
| Defendants. | |
| This Document Relates to ALL INDIRECT PURCHASER CASES | |

To United States District Judge Samuel Conti:

The indirect purchaser plaintiffs have made a motion for the preliminary approval of a proposed settlement with defendant Chunghwa Picture Tubes, Limited; Document No. 884. Objections to the proposed settlement have been filed by the attorneys general of the states of Illinois, Oregon and Washington. However, no other objections have been made, and Chunghwa has appeared in support of the settlement.

Counsel for plaintiffs have attempted to negotiate a resolution of the issues raised by the three state attorneys general. Those discussions have resulted in an agreement with one state (Oregon), in a limited agreement with one (Illinois), and with continued objections by one (Washington).

Plaintiffs and the states of Illinois and Washington request that the court proceed with resolution of their disputes. Those issues have been submitted for decision upon the record of the documents and letters sent to the Special Master. This Report and Recommendations need not discuss the State of Oregon, since its attorney general has consented to this settlement notwithstanding the earlier stated objection.

## ANALYSIS

Plaintiffs and Chunghwa argue that the issues are primarily ones of compliance with F.R.C.P. 23. The Special Master disagrees. The issues address the basic question of who has a right to bring a class action for the indirect purchasers in those states.

Since the decision of the United States Supreme Court in *Illinois Brick v. Illinois, 431 U.S. 720 (1977)*, the rights of indirect purchasers to recover damages for alleged price fixing have been left primarily to regulation by the states. So the source of whatever rights the indirect purchasers have to recover for alleged price fixing here lies with the legislatures in each state. If the legislature of a state has not enacted a right to recovery, indirect purchasers in that state have no such right. If the legislature has granted a right to recovery, indirect purchasers in that state have a right to the extent granted by the legislature. In the states at issue in this motion, the legislatures have put a condition on the rights to recovery; that is, the indirect purchasers' right to class recovery is conditioned upon their being represented by the attorneys general of those states.

In Illinois, Section 7(2) of the Illinois Antitrust Act authorizes only the attorney general to represent a class of indirect purchasers. Private plaintiff class actions are not permitted. Similarly, in Washington, only the state attorney general has the authority to bring such actions: "The attorney general may bring an action in the name of the state, or as *parens patriae* on behalf of persons residing in the state, against any person to restrain or prevent the doing of any act prohibited or declared to be unlawful...." RCW19.86.080(1). Under that statute and case law, the attorney general is the only one who can bring a class action for Washington citizens who indirectly purchased price-fixed products.

Those state legislatures exercised their power to limit class action antitrust actions to those brought by the attorneys general. And it follows that only the state attorneys general can consent to a settlement of such an action which releases the claims of the citizens of their states. Since the state legislation is the source of the right to bring indirect class actions, the Special Master recommends that the limitation on such suits by the legislatures of those states should be respected.

Plaintiffs have not argued that the legislative limitations are unconstitutional. Plaintiffs and Chunghwa rest their argument for the authority of private counsel on *Shady Grove Orthopedics v. Allstate*, ___ U.S. ___, 130 S.Ct. 1431 (2010). However, the *Shady Grove* decision was based upon interpreting the class action rules of the codes of the State of New York. Those are purely procedural rules within the State of New York. Instead, here we are concerned with the substantive legislation of states which expressly prohibit or limit the rights of their citizens to bring class actions at all. *Shady Grove* is therefore not authority for the bringing of class actions and the application of F.R.C.P. 23 by private class counsel, in violation of the substantive statutes of those states.

The Special Master therefore concludes that these state statutes prohibit private representatives from agreeing to a settlement which requires the citizens of those states to release their claims. They must be represented by the attorneys general of their states.

The Special Master appreciates that such a decision makes it more difficult to settle with defendants, since plaintiffs' counsel cannot offer peace from the plaintiffs in such states. But that consideration cannot alter the fact that these state legislatures have limited the rights of their citizens in the present setting.

The Special Master also notes that the settlement agreement proposes to allocate portions of the Chunghwa settlement proceeds to the citizens of these three states. The Special Master sees no prohibition on the class plaintiffs doing so, in the absence of other objections. But they will have no authority, without the consent of the attorneys general, to obtain releases from the citizens of these states.

///

## RECOMMENDATIONS

Applying those conclusions to the present motion, the Special Master recommends as follows:

1. That the District Court sustain the objection of the State of Washington, and confirm that private counsel for the indirect purchasers do not have the authority to settle the claims of the residents of that state and compel a release of their claims.

2. The State of Illinois has indicated its approval of this preliminary settlement, but seeks a determination of the issue as to who may represent Illinois indirect purchasers under the Illinois Antitrust Act for purposes of the remainder of the case. The Special Master recommends that the District Court hold that the Illinois statute, like Washington's, vests the right of representation solely in the attorney general. The fact that the attorney general agreed to this particular preliminary settlement should not undercut the basic conclusion from the state statute that Illinois indirect purchasers are to be solely represented by the attorney general.

3. Assuming that the above recommendations of the Special Master are approved by the District Court, the Special Master has noted the following sections of the [Proposed] Order Granting Preliminary Approval of the class settlement which plaintiffs and Chunghwa should consider amending:

Page 1, paragraph 1

Page 2, paragraph 4

Page 3, paragraph 8

Page 3, paragraph 10 (as to that paragraph the Special Master recommends that the objection of the State of Washington be sustained).

Pages 4 and 5, paragraph 11

Page 5, paragraph 12

Page 5, paragraph 13 regarding changes which might have to be made in the Detailed Notice and the Summary Notice

Page 6, paragraph 15, same.

4. Other than the above changes, and in the absence of any other objections, the

Special Master concludes that the record and the proposed order establish all of the pre-requisites for the preliminary approval of the class settlement, and recommends that the District Court approve and sign the [Proposed] Order Granting Preliminary Approval of the Settlement. The Order can then be referred back to the Special Master, who will set the dates for the necessary procedures with counsel for plaintiffs and Chunghwa.

The Special Master recommends to the District Court that the above decisions be adopted as the order of the Court.


Respectfully Submitted,


DATED: July 25, 2011

Hon. Charles A. Legge (Ret.)
Special Master