GREGORY D. HULL (57367)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
E-mail: greg.hull@weil.com

STEVEN A. REISS (*Admitted Pro Hac Vice*)
DAVID L. YOHAI (*Admitted Pro Hac Vice*)
ADAM C. HEMLOCK (*Admitted Pro Hac Vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
E-mail: steven.reiss@weil.com

JEFFREY L. KESSLER (*Admitted Pro Hac Vice*)
A. PAUL VICTOR (*Admitted Pro Hac Vice*)
EVA W. COLE (*Admitted Pro Hac Vice*)
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-7013
E-mail: jkessler@dl.com

*Attorneys for Defendant Panasonic Corporation of North America*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In Re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | No.:  M-07-5944 SC—MDL NO. 1917 |
| | **DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S ANSWER TO THE ELECTROGRAPH PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| This Document Relates to: | |
| ELECTROGRAPH ACTION 11-CV-01656 SC | |

Defendant PANASONIC CORPORATION OF NORTH AMERICA ("PNA"), by and through its attorneys, answers the allegations set forth in the First Amended Complaint (the "Complaint") filed by plaintiffs Electrograph Systems, Inc. and Electrograph Technologies Corporation ("Plaintiffs"), and alleges additional or affirmative defenses as follows.  To the extent not specifically admitted herein, all allegations of the Complaint are denied.  Furthermore, the section headings included herein are included only for purposes of clarity and organization, and PNA does not admit, but rather hereby specifically denies, any factual or legal allegations in the headings used in the Complaint.

PNA responds to the Complaint in accordance with Judge Samuel Conti's May 26, 2011 Stipulation and Order Regarding Service of Complaint and Applicability of Prior Discovery Orders.

## I.  "INTRODUCTION"

1.      PNA denies the allegations contained in Paragraph 1 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

2.      The allegations in Paragraph 2 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA denies all of the allegations, except admits that color display tubes ("CDTs") can be used in computer monitors and certain other specialized applications, admits that color picture tubes ("CPTs") can be used in televisions, admits that CDTs and CPTs are types of cathode ray tubes ("CRTs"), and admits that at various times certain affiliates of PNA manufactured some CRTs and some products containing CRTs.

3.      PNA denies the allegations contained in Paragraph 3 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

4.      PNA denies the allegations contained in Paragraph 4 of the Complaint as

they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

5.      PNA denies the allegations contained in Paragraph 5 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

6.      PNA denies the allegations contained in Paragraph 6 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

7.      PNA denies the allegations contained in Paragraph 7 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

8.      PNA denies the allegations contained in Paragraph 8 of the Complaint, except admits that an alleged conspiracy concerning cathode ray tubes ("CRTs") is being investigated by the United States Department of Justice ("DOJ"), and by certain other international competition authorities, and that it has been publicly reported that individuals been indicted in connection with the DOJ investigation.

9.      PNA denies the allegations contained in Paragraph 9 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that PNA has sold some products containing CRTs to Electrograph Systems, Inc.

## II.      "JURISDICTION AND VENUE"

10.      PNA denies the allegations contained in Paragraph 10 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the federal statutes identified therein and seek the relief sought therein.

11.      PNA denies the allegations contained in Paragraph 11 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the state statutes identified therein and seek the relief sought therein.

12.      PNA denies the allegations contained in Paragraph 12 of the Complaint,

1
2

except admits that Plaintiffs purport to bring this action pursuant to the state statutes identified therein and seek the relief sought therein.

3
4

13.      PNA denies the allegations contained in Paragraph 13 of the Complaint, except admits that Plaintiffs purport to base subject matter jurisdiction on the federal and state statutes identified therein.

5
6

14.      PNA denies the allegations contained in Paragraph 14 of the Complaint as they relate to PNA, except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

7
8
9
10

15.      PNA denies the allegations contained in Paragraph 15 of the Complaint as they relate to PNA, except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

11
12
13
14

16.      The allegations of Paragraph 16 of the Complaint regarding jurisdiction constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations as they relate to PNA except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

15
16
17
18
19
20

17.      The allegations of Paragraph 17 of the Complaint regarding venue constitute legal contentions and/or conclusions to which no response is required.  Further the allegations of Paragraph 17 of the Complaint are moot because this matter is no longer in the Eastern District of New York.  To the extent that a response is required, PNA denies the allegations as they relate to PNA except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

21
22
23
24
25
26
27

III.    "PARTIES"

28

No. M-07-5944 SC
MDL NO. 1917                                    4                Defendant Panasonic Corporation of North America's
                                                                Answer to the Electrograph Plaintiffs' First Amended Complaint

1

2

### A.    "Plaintiffs"

3        18.    PNA denies the allegations contained in Paragraph 18 of the Complaint for

4    lack of knowledge or information sufficient to form a belief as to the truth thereof.

5        19.    PNA denies the allegations contained in Paragraph 19 of the Complaint for

6    lack of knowledge or information sufficient to form a belief as to the truth thereof.

7        20.    PNA denies the allegations contained in Paragraph 20 of the Complaint for

8    lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits

9    that PNA has sold some products containing CRTs to Electrograph Systems, Inc.

10   ### B.    "Plaintiffs' Corporate History"

11       21.    PNA denies the allegations contained in Paragraph 21 of the Complaint for

12   lack of knowledge or information sufficient to form a belief as to the truth thereof.

13       22.    PNA denies the allegations contained in Paragraph 22 of the Complaint for

14   lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits

15   that PNA has sold some products containing CRTs to Electrograph Systems, Inc.

16       23.    PNA denies the allegations contained in Paragraph 23 of the Complaint for

17   lack of knowledge or information sufficient to form a belief as to the truth thereof.

18       24.    PNA denies the allegations contained in Paragraph 24 of the Complaint for

19   lack of knowledge or information sufficient to form a belief as to the truth thereof.

20       25.    PNA denies the allegations contained in Paragraph 25 of the Complaint for

21   lack of knowledge or information sufficient to form a belief as to the truth thereof.

22       26.    PNA denies the allegations contained in Paragraph 26 of the Complaint for

23   lack of knowledge or information sufficient to form a belief as to the truth thereof.

24       27.    PNA denies the allegations contained in Paragraph 27 of the Complaint for

25   lack of knowledge or information sufficient to form a belief as to the truth thereof.

26       28.    PNA denies the allegations contained in Paragraph 28 of the Complaint for

27   lack of knowledge or information sufficient to form a belief as to the truth thereof.

28       29.    PNA denies the allegations contained in Paragraph 29 of the Complaint for

No. M-07-5944 SC
MDL NO. 1917                                    5                    Defendant Panasonic Corporation of North America's
                                                                    Answer to the Electrograph Plaintiffs' First Amended Complaint

lack of knowledge or information sufficient to form a belief as to the truth thereof.

30.     PNA denies the allegations contained in Paragraph 30 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

31.     PNA denies the allegations contained in Paragraph 31 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

32.     PNA denies the allegations contained in Paragraph 32 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

33.     PNA denies the allegations contained in Paragraph 33 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**C.     "Defendants"**

**1.     "Hitachi Entities"**

34.     PNA denies the allegations contained in Paragraph 34 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

35.     PNA denies the allegations contained in Paragraph 35 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

36.     PNA denies the allegations contained in Paragraph 36 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

37.     PNA denies the allegations contained in Paragraph 37 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

38.     PNA denies the allegations contained in Paragraph 38 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

39.     PNA denies the allegations contained in Paragraph 39 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

40.     PNA admits that Plaintiffs purport to refer to the entities identified in Paragraph 40 of the Complaint collectively as "Hitachi."

**2.     "IRICO Entities"**

41.     PNA denies the allegations contained in Paragraph 41 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

42.     PNA denies the allegations contained in Paragraph 42 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

43.     PNA denies the allegations contained in Paragraph 43 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

44.     PNA admits that Plaintiffs purport to refer to the entities identified in Paragraph 44 of the Complaint collectively as "IRICO."

**3.     "LG Electronics Entities"**

45.     PNA denies the allegations contained in Paragraph 45 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

46.     PNA denies the allegations contained in Paragraph 46 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

47.     PNA denies the allegations contained in Paragraph 47 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

48.     PNA admits that Plaintiffs purport to refer to the entities identified in Paragraph 48 of the Complaint collectively as "LG Electronics."

**4.     "LP Displays"**

49.     PNA denies the allegations contained in Paragraph 49 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**5.     "Panasonic Entities"**

50.     PNA denies the allegations contained in Paragraph 50 of the Complaint in their entirety, except admits that Panasonic Corporation is a Japanese entity with an office in Osaka, Japan at the address listed in Paragraph 50, and that it was known as Matsushita Electric Industrial Co., Ltd. ("MEI") prior to October 1, 2008.  PNA further admits that certain affiliates of Panasonic Corporation sold some CRTs or products containing CRTs in the United States during the purported Relevant Period.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

51.     PNA denies the allegations contained in Paragraph 51 of the Complaint in their entirety, except admits that PNA is a Delaware corporation with its headquarters in Secaucus, New Jersey, at the address listed in Paragraph 51.  PNA further admits that PNA is a wholly owned subsidiary of Panasonic Corporation.  PNA further admits that it sold some products containing CRTs in the United States during the purported Relevant Period.

52.     PNA admits that Plaintiffs purport to refer to the entities identified in Paragraph 52 of the Complaint collectively as "Panasonic."

53.     PNA denies the allegations contained in Paragraph 53 of the Complaint in their entirety, except admits that MT Picture Display Co., Ltd., f/k/a/ Matsushita Toshiba Picture Display Co., Ltd. ("MTPD") is a Japanese entity with an office in Osaka, Japan at the address listed in Paragraph 53.  PNA further admits that MTPD was established as a joint venture between Panasonic Corporation and Toshiba Corporation ("Toshiba"), but avers that MTPD was formed in 2003, not 2002.  PNA further admits that Panasonic Corporation held 64.5% of MTPD at the time when MTPD was formed in 2003.  PNA further admits that Panasonic Corporation acquired Toshiba's 35.5% interest in MTPD on March 30, 2007, that MTPD became a wholly-owned subsidiary of Panasonic Corporation, and that MTPD was renamed.  PNA further admits that certain affiliates of MTPD sold some CRTs in the United States during the purported Relevant Period.

54.     PNA denies the allegations contained in Paragraph 54 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Beijing-Matsushita Color CRT Company, Ltd. ("BMCC") is a Chinese entity with its headquarters in Beijing, China at the address listed in Paragraph 54.  PNA further admits that BMCC is a joint venture formed in 1987, and further admits that MTPD at one time had a 50% equity ownership interest in BMCC.

**6.     "Philips Entities"**

55.     PNA denies the allegations contained in Paragraph 55 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

56.     PNA denies the allegations contained in Paragraph 56 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

57.     PNA denies the allegations contained in Paragraph 57 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

58.     PNA denies the allegations contained in Paragraph 58 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

59.     PNA admits that Plaintiffs purport to refer to the entities identified in Paragraph 59 of the Complaint collectively as "Philips."

**7.     "Samsung Entities"**

60.     PNA denies the allegations contained in Paragraph 60 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

61.     PNA denies the allegations contained in Paragraph 61 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

62.     PNA denies the allegations contained in Paragraph 62 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

63.     PNA denies the allegations contained in Paragraph 63 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

64.     PNA denies the allegations contained in Paragraph 64 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

65.     PNA denies the allegations contained in Paragraph 65 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

66.     PNA denies the allegations contained in Paragraph 66 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

67.     PNA denies the allegations contained in Paragraph 67 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

68.     PNA denies the allegations contained in Paragraph 68 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

No. M-07-5944 SC
MDL NO. 1917
9
Defendant Panasonic Corporation of North America's
Answer to the Electrograph Plaintiffs' First Amended Complaint

69.     PNA admits that Plaintiffs purport to refer to the entities identified in Paragraph 69 of the Complaint collectively as "Samsung."

**8.     "Samtel"**

70.     PNA denies the allegations contained in Paragraph 70 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**9.     "Thai CRT"**

71.     PNA denies the allegations contained in Paragraph 71 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**10.     "Toshiba Entities"**

72.     PNA denies the allegations contained in Paragraph 72 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Panasonic Corporation entered into a joint venture with Toshiba Corporation ("Toshiba") to form MTPD, but avers that MTPD was formed in 2003, not 2002.

73.     PNA denies the allegations contained in Paragraph 73 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

74.     PNA denies the allegations contained in Paragraph 74 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

75.     PNA denies the allegations contained in Paragraph 75 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

76.     PNA denies the allegations contained in Paragraph 76 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

77.     PNA admits that Plaintiffs purport to refer to the entities identified in Paragraph 77 of the Complaint collectively as "Toshiba."

**IV.     "AGENTS AND CO-CONSPIRATORS"**

78.     PNA denies the allegations contained in Paragraph 78 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

1

2        79.      PNA denies the allegations contained in Paragraph 79 of the Complaint as

3  they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or

4  information sufficient to form a belief as to the truth thereof.

5        80.      The allegations contained in Paragraph 80 of the Complaint include

6  conclusions of law to which no responsive pleading is required.  To the extent that a response is

7  required, PNA denies the allegations in their entirety for lack of knowledge or information

8  sufficient to form a belief as to the truth thereof.  PNA avers that Matsushita Electronic

9  Corporation (Malaysia) Sdn. Bhd. ("Matsushita Malaysia") was dissolved on October 8, 2007.

10       81.      PNA denies the allegations contained in Paragraph 81 of the Complaint for

    lack of knowledge or information sufficient to form a belief as to the truth thereof.

11       82.      PNA admits that Plaintiffs purport to refer to the entities identified in

12  Paragraph 82 of the Complaint collectively as "Daewoo."

13       83.      PNA denies the allegations contained in Paragraph 83 of the Complaint in

14  its entirety, except admits that Matsushita Malaysia was a Malaysian entity that had an office

15  located at the address listed in Paragraph 83 in Shah Alam, Malaysia, and was a wholly owned

16  indirect subsidiary of Panasonic Corporation.  PNA further admits that Matsushita Malaysia was

17  transferred to MTPD in 2003, renamed as MT Picture Display (Malaysia) Sdn. Bhd., and

18  operated as a wholly owned subsidiary of MTPD.  PNA avers that Matsushita Malaysia was

19  dissolved on October 8, 2007.

20       84.      PNA denies the allegations contained in Paragraph 84 of the Complaint in

21  their entirety for lack of knowledge or information sufficient to form a belief as to the truth

22  thereof, except admits that P.T. Tosummit Electronic Devices Indonesia ("TEDI") was

23  transferred to MTPD in 2003, and its name changed to PT.MT Picture Display Indonesia.  PNA

24  further avers that PT.MT Picture Display Indonesia discontinued its production on September 13,

25  2007, and was dissolved on September 28, 2007.

26       85.      PNA denies the allegations contained in Paragraph 85 of the Complaint in

27  their entirety for lack of knowledge or information sufficient to form a belief as to the truth

28

thereof, except admits that Toshiba Display Devices (Thailand) Company, Ltd. ("TDDT") was transferred to MTPD in 2003 and changed its name to MT Picture Display (Thailand) Co., Ltd. ("MTPDT"), but denies that MTPDT was a wholly-owned subsidiary of MTPD.  PNA further avers that MTPDT passed a resolution of dissolution on May 13, 2009, and is now dissolved.

86.     PNA denies the allegations contained in Paragraph 86 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## V.     "TRADE AND COMMERCE"

87.     PNA denies the allegations contained in Paragraph 87 of the Complaint as they relate to PNA, except admits that it or its affiliates sold CRTs or products containing CRTs in the United States during the purported Relevant Period, and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

88.     PNA denies the allegations contained in Paragraph 88 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

89.     PNA denies the allegations contained in Paragraph 89 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## VII.    "FACTUAL ALLEGATIONS"

### A.     "CRT Technology"

90.     The allegations in Paragraph 90 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  PNA admits that the CRT is a specialized vacuum tube in which images are produced when an electron beam strikes a phosphorescent surface, but otherwise denies the allegations in

their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

91.     The allegations in Paragraph 91 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  PNA admits that CRT technology was used in making tubes for televisions in the 1990's, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

92.     The allegations in Paragraph 92 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  PNA admits that a lower quality CRT produces a poor display, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

93.     The allegations in Paragraph 93 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  PNA admits that CRT production was refined over time, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

94.     The allegations in Paragraph 94 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  PNA admits that CDTs and CPTs are types of CRTs, admits that CDTs can be used in computer monitors and certain other specialized applications, and admits that CPTs can be used in televisions, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

95.     The allegations in Paragraph 95 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

96.     The allegations in Paragraph 96 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

97.     The allegations in Paragraph 97 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 97 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

98.     The allegations in Paragraph 98 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 98 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

99.     PNA denies the allegations contained in Paragraph 99 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**B.     "Structure of the CRT Industry"**

100.     PNA denies the allegations contained in Paragraph 100 of the Complaint.

**1.     "Market Concentration"**

101.     PNA denies the allegations contained in Paragraph 101 of the Complaint.

**2.     "Information Sharing"**

102.     PNA denies the allegations contained in Paragraph 102 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

103.     PNA denies the allegations contained in Paragraph 103 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

No. M-07-5944 SC
MDL NO. 1917                                           14                    Defendant Panasonic Corporation of North America's
Answer to the Electrograph Plaintiffs' First Amended Complaint

### 3. "Consolidation"

104. PNA denies the allegations contained in Paragraph 104 of the Complaint at they relate to PNA, except admits that a merger between Toshiba and Panasonic Corporation's CRT businesses resulted in the creation of MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof. PNA avers that MTPD was created in 2003, not 2002.

### 4. "Multiple Interrelated Business Relationships"

105. PNA denies the allegations contained in Paragraph 105 of the Complaint.

106. PNA denies the allegations contained in Paragraph 106, and its subparts, for lack of knowledge or information sufficient to form a belief as to the truth thereof, with the exception that Toshiba and Panasonic Corporation formed a CRT joint venture, MTPD, in 2003, and that Toshiba and Panasonic formed a joint venture to manufacture TFT-LCD panels.

### 5. "High Costs of Entry Into the Industry"

107. PNA denies the allegations contained in Paragraph 107 of the Complaint.

108. PNA denies the allegations contained in Paragraph 108 of the Complaint.

### 6. "The Maturity of the CRT Product Market"

109. PNA denies the allegations contained in Paragraph 109 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that the CRT market is mature.

110. PNA denies the allegations contained in Paragraph 110 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

111. PNA denies the allegations contained in Paragraph 111 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

112. PNA denies the allegations contained in Paragraph 112 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information

sufficient to form a belief as to the truth thereof.

113.    PNA denies the allegations contained in Paragraph 113 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

114.    PNA denies the allegations contained in Paragraph 114 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**7.    "Homogeneity of CRT Products"**

115.    PNA denies the allegations contained in Paragraph 115 of the Complaint.

116.    PNA denies the allegations contained in Paragraph 1116 of the Complaint.

**C.    "Pre-Conspiracy Market"**

117.    PNA denies the allegations contained in Paragraph 117 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

118.    PNA denies the allegations contained in Paragraph 118 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**D.    "Defendants' and Co-Conspirators' Illegal Agreements"**

119.    PNA denies the allegations contained in Paragraph 119 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

120.    PNA denies the allegations contained in Paragraph 120 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

121.    PNA denies the allegations contained in Paragraph 121 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

122.    PNA denies the allegations contained in Paragraph 122 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

No. M-07-5944 SC
MDL NO. 1917                                    16        Defendant Panasonic Corporation of North America's
                                                          Answer to the Electrograph Plaintiffs' First Amended Complaint

123.     PNA denies the allegations contained in Paragraph 123 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**1.     "Glass Meetings"**

124.     PNA denies the allegations contained in Paragraph 124 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

125.     PNA denies the allegations contained in Paragraph 125 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

126.     PNA denies the allegations contained in Paragraph 126 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

127.     PNA denies the allegations contained in Paragraph 127 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

128.     PNA denies the allegations contained in Paragraph 128 of the Complaint in their entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

129.     PNA denies the allegations contained in Paragraph 129 of the Complaint in their entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

130.     PNA denies the allegations contained in Paragraph 130 of the Complaint in their entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

131.     PNA denies the allegations contained in Paragraph 131 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

No. M-07-5944 SC
MDL NO. 1917
17
Defendant Panasonic Corporation of North America's
Answer to the Electrograph Plaintiffs' First Amended Complaint

thereof.

132.    PNA denies the allegations contained in Paragraph 132 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

133.    PNA denies the allegations contained in Paragraph 133 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

134.    PNA denies the allegations contained in Paragraph 134 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

135.    PNA denies the allegations contained in Paragraph 135 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

136.    PNA denies the allegations contained in Paragraph 136 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

137.    PNA denies the allegations contained in Paragraph 137 of the Complaint and each of its subparts as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

138.    PNA denies the allegations contained in Paragraph 138 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

139.    PNA denies the allegations contained in Paragraph 151 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**2.      "Bilateral Discussions"**

140.    PNA denies the allegations contained in Paragraph 140 of the Complaint as

No. M-07-5944 SC
MDL NO. 1917                                      18                  Defendant Panasonic Corporation of North America's
Answer to the Electrograph Plaintiffs' First Amended Complaint

they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

141.    PNA denies the allegations contained in Paragraph 141 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

142.    PNA denies the allegations contained in Paragraph 142 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

143.    PNA denies the allegations contained in Paragraph 143 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

144.    PNA denies the allegations contained in Paragraph 144 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

145.    PNA denies the allegations contained in Paragraph 144 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### 3.    "Defendants' and Co-Conspirators' Participation in Group and Bilateral Discussions"

146.    PNA denies the allegations contained in Paragraph 146 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

147.    PNA denies the allegations contained in Paragraph 147 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

148.    PNA denies the allegations contained in Paragraph 148 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

149.    PNA denies the allegations contained in Paragraph 149 of the Complaint as

they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

150.    PNA denies the allegations contained in Paragraph 150 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

151.    PNA denies the allegations contained in Paragraph 151 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

152.    PNA denies the allegations contained in Paragraph 152 of the Complaint in their entirety.

153.    PNA denies the allegations contained in Paragraph 153 of the Complaint in their entirety.

154.    PNA denies the allegations contained in Paragraph 154 of the Complaint in their entirety.

155.    PNA denies the allegations contained in Paragraph 155 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

156.    PNA denies the allegations contained in Paragraph 156 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

157.    PNA denies the allegations contained in Paragraph 157 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

158.    PNA denies the allegations contained in Paragraph 158 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

159.    PNA denies the allegations contained in Paragraph 159 of the Complaint as

they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

160.   PNA denies the allegations contained in Paragraph 160 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

161.   PNA denies the allegations contained in Paragraph 161 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

162.   PNA denies the allegations contained in Paragraph 162 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

163.   PNA denies the allegations contained in Paragraph 163 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

164.   PNA denies the allegations contained in Paragraph 164 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

165.   PNA denies the allegations contained in Paragraph 165 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**E.     "The CRT Market During the Conspiracy"**

166.   PNA denies the allegations contained in Paragraph 166 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

167.   PNA denies the allegations contained in Paragraph 167 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

168.   PNA denies the allegations contained in Paragraph 168 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

169.    PNA denies the allegations contained in Paragraph 169 of the Complaint in their entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

170.    PNA denies the allegations contained in Paragraph 170 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

171.    PNA denies the allegations contained in Paragraph 171 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

172.    PNA denies the allegations contained in Paragraph 172 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

173.    PNA denies the allegations contained in Paragraph 173 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

174.    PNA denies the allegations contained in Paragraph 174 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

175.    PNA denies the allegations contained in Paragraph 175 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

176.    PNA denies the allegations contained in Paragraph 176 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

177.    PNA denies the allegations contained in Paragraph 177 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

178.    PNA denies the allegations contained in Paragraph 178 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

179.    PNA denies the allegations contained in Paragraph 179 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

F.    **"International Government Antitrust Investigations"**

180.    PNA denies the allegations contained in Paragraph 180 of the Complaint, except admits that in November of 2007, the DOJ and certain other international competition authorities commenced investigations concerning an alleged conspiracy involving CRTs.

181.    PNA denies the allegations contained in Paragraph 181 for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around November 8, 2007, certain offices of Panasonic-affiliated entities were the subject of investigation by antitrust authorities.

182.    PNA admits that MTPD's offices were visited by Japan's Fair Trade Commission.

183.    PNA denies the allegations contained in Paragraph 183 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

184.    PNA denies the allegations contained in Paragraph 184 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

185.    PNA denies the allegations contained in Paragraph 185 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

186.    PNA denies the allegations contained in Paragraph 186 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

187.    PNA denies the allegations contained in Paragraph 187 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

188.    PNA denies the allegations contained in Paragraph 188 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that the Hungarian Competition Authority initiated a competition supervision proceeding in connection with an alleged conspiracy in the Hungarian market involving CRTs.

189.    PNA admits that on or around February 10, 2009, the DOJ issued a press release concerning the indictment of an executive of Chunghwa Picture Tubes, Ltd., and respectfully refers the Court to that document for a review of its contents.

190.    PNA admits that on or around August 19, 2009, the DOJ issued a press

No. M-07-5944 SC
MDL NO. 1917                                    23                    Defendant Panasonic Corporation of North America's
                                                                      Answer to the Electrograph Plaintiffs' First Amended Complaint

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

release concerning the indictment of a CDT industry executive and respectfully refers the Court to that document for a review of its contents.

191.    PNA admits that on or around March 30, 2010, the DOJ issued a press release concerning the indictment of a CDT industry executive and respectfully refers the Court to that document for a review of its contents.

192.    PNA admits that on or around November 9, 2010, the DOJ issued a press release concerning the indictment of a CDT industry executive and respectfully refers the Court to that document for a review of its contents.

193.    PNA denies the allegations contained in Paragraph 193 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

194.    PNA denies the allegations contained in Paragraph 194 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

195.    PNA denies the allegations contained in Paragraph 195 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

196.    PNA denies the allegations contained in Paragraph 196 of the Complaint, except admits that an alleged conspiracy concerning the TFT-LCD market is being investigated by the DOJ, and by certain other international competition authorities, and that this investigation was revealed on or around December 2006.  PNA further avers that it is not a subject of these investigations.

197.    PNA denies the allegations contained in Paragraph 197 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

198.    PNA denies the allegations contained in Paragraph 198 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

199.    PNA denies the allegations contained in Paragraph 199 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

No. M-07-5944 SC
MDL NO. 1917
24
Defendant Panasonic Corporation of North America's
Answer to the Electrograph Plaintiffs' First Amended Complaint

200. PNA denies the allegations contained in Paragraph 200 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**G.     "The Role of Trade Associations During the Relevant Period"**

201. PNA denies the allegations contained in Paragraph 201 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

202. PNA denies the allegations contained in Paragraph 202 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

203. PNA denies the allegations contained in Paragraph 203 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

204. PNA denies the allegations contained in Paragraph 204 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

205. PNA denies the allegations contained in Paragraph 205 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**H.     "Effects of Defendants' Antitrust Violations"**

**1.     "Examples of Reductions in Manufacturing Capacity by Defendants"**

206. The allegations in Paragraph 206 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 206 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

207. PNA denies the allegations contained in Paragraph 207 of the Complaint, except admits that MTPD's subsidiary in New York ceased operations in December 2004, and admits that a press release contained the phrases quoted in Paragraph 207 of the Complaint.

208. PNA denies the allegations contained in Paragraph 208 of the Complaint

for lack of knowledge or information sufficient to form a belief as to the truth thereof.

209.    PNA denies the allegations contained in Paragraph 209 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except avers that it was announced on November 30, 2005, not in December 2005, that MTPD's American subsidiary in Ohio and German subsidiary would discontinue operations.

210.    PNA denies the allegations contained in Paragraph 210 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

211.    PNA denies the allegations contained in Paragraph 211 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that the closure of Matsushita Malaysia was announced in July 2006.

**2.    "Examples of Collusive Pricing for CRT Products"**

212.    PNA denies the allegations contained in Paragraph 212 of the Complaint in their entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

213.    PNA denies the allegations contained in Paragraph 213 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

214.    PNA denies the allegations contained in Paragraph 214 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

215.    PNA denies the allegations contained in Paragraph 215 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

216.    PNA denies the allegations contained in Paragraph 216 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

217.    PNA denies the allegations contained in Paragraph 217 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

218.    PNA denies the allegations contained in Paragraph 218 of the Complaint

No. M-07-5944 SC
MDL NO. 1917                                    26        Defendant Panasonic Corporation of North America's
Answer to the Electrograph Plaintiffs' First Amended Complaint

for lack of knowledge or information sufficient to form a belief as to the truth thereof.

219.    PNA denies the allegations contained in Paragraph 219 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

220.    PNA denies the allegations contained in Paragraph 220 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

221.    PNA denies the allegations contained in Paragraph 221 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**H.    "Summary Of Effects Of The Conspiracy Involving CRT Products"**

222.    PNA denies the allegations contained in Paragraph 222 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**VII.    "PLAINTIFFS' INJURIES"**

223.    PNA denies the allegations contained in Paragraph 223 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

224.    PNA denies the allegations contained in Paragraph 224 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

225.    PNA denies the allegations contained in Paragraph 225 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

226.    PNA denies the allegations contained in Paragraph 226 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

227.    PNA denies the allegations contained in Paragraph 227 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

No. M-07-5944 SC
MDL NO. 1917                                    27              Defendant Panasonic Corporation of North America's
                                                               Answer to the Electrograph Plaintiffs' First Amended Complaint

228.     PNA denies the allegations contained in Paragraph 228 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

229.     PNA denies the allegations contained in Paragraph 229 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

IX.    "FRAUDULENT CONCEALMENT"

230.     PNA denies the allegations contained in Paragraph 230 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

231.     PNA denies the allegations contained in Paragraph 231 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

232.     PNA denies the allegations contained in Paragraph 232 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

233.     PNA denies the allegations contained in Paragraph 233 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

234.     PNA denies the allegations contained in Paragraph 234 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

235.     PNA denies the allegations contained in Paragraph 235 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

236.     PNA denies the allegations contained in Paragraph 236 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information

No. M-07-5944 SC
MDL NO. 1917                                    28          Defendant Panasonic Corporation of North America's
                                                            Answer to the Electrograph Plaintiffs' First Amended Complaint

sufficient to form a belief as to the truth thereof.

237.     PNA denies the allegations contained in Paragraph 237 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

238.     PNA denies the allegations contained in Paragraph 238 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

239.     PNA denies the allegations contained in Paragraph 239 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

240.     PNA denies the allegations contained in Paragraph 240 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

241.     PNA denies the allegations contained in Paragraph 241 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

242.     PNA admits that Plaintiffs purport to toll the applicable statute of limitations, but otherwise denies the allegations in Paragraph 242 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

X.     "CLAIM FOR VIOLATIONS"

"First Claim for Relief (Violation of Section 1 of the Sherman Act)"

243.     PNA incorporates and realleges its responses to Paragraphs 1-242 above, as if fully set forth herein.

244.     PNA denies the allegations contained in Paragraph 244 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information

No. M-07-5944 SC
MDL NO. 1917                                    29                    Defendant Panasonic Corporation of North America's
                                                                    Answer to the Electrograph Plaintiffs' First Amended Complaint

sufficient to form a belief as to the truth thereof.

245.    PNA denies the allegations contained in Paragraph 245 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

246.    PNA denies the allegations contained in Paragraph 246 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

247.    PNA denies the allegations contained in Paragraph 247 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

248.    PNA denies the allegations contained in Paragraph 248 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

249.    PNA denies the allegations contained in Paragraph 249 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"Second Claim for Relief (Violation of the California Cartwright Act)"**

250.    PNA incorporates and realleges its responses to Paragraphs 1-249 above, as if fully set forth herein.

251.    PNA denies the allegations contained in Paragraph 251 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

252.    PNA denies the allegations contained in Paragraph 252 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

253.    PNA denies the allegations contained in Paragraph 253 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

254.     PNA denies the allegations contained in Paragraph 254 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

255.     PNA denies the allegations contained in Paragraph 255 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

256.     PNA denies the allegations contained in Paragraph 256 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

257.     PNA denies the allegations contained in Paragraph 257 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

258.     PNA denies the allegations contained in Paragraph 258 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"Third Claim for Relief (Violation of California Unfair Competition Law)"**

259.     PNA incorporates and realleges its responses to Paragraphs 1-258 above, as if fully set forth herein.

260.     PNA denies the allegations contained in Paragraph 260 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

261.     PNA denies the allegations contained in Paragraph 261 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

262.     PNA denies the allegations contained in Paragraph 262 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

263.     PNA denies the allegations contained in Paragraph 263 of the Complaint as

they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

264.   PNA denies the allegations contained in Paragraph 264 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

265.   PNA denies the allegations contained in Paragraph 265 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

266.   PNA denies the allegations contained in Paragraph 266 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

267.   PNA denies the allegations contained in Paragraph 267 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"Fourth Claim for Relief (Violation of the New York Donnelly Act)"**

268.   PNA incorporates and realleges its responses to Paragraphs 1-267 above, as if fully set forth herein.

269.   PNA denies the allegations contained in Paragraph 269 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

270.   PNA denies the allegations contained in Paragraph 270 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

271.   PNA denies the allegations contained in Paragraph 271 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

272.   PNA denies the allegations contained in Paragraph 272 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information

sufficient to form a belief as to the truth thereof.

273.    PNA denies the allegations contained in Paragraph 273 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

274.    PNA denies the allegations contained in Paragraph 274 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"Fifth Claim for Relief (Violation of New York Unfair Competition Law)"**

275.    PNA incorporates and realleges its responses to Paragraphs 1-274 above, as if fully set forth herein.

276.    PNA denies the allegations contained in Paragraph 276 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

277.    The allegations in Paragraph 277 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 277 of the Complaint in their entirety, except admits that Plaintiffs purport to bring this action pursuant to N.Y. General Business Law § 349.

278.    PNA denies the allegations contained in Paragraph 278 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

279.    PNA denies the allegations contained in Paragraph 279 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

280.    PNA denies the allegations contained in Paragraph 280 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that PNA directly or indirectly sold some products containing CRTs in New York during

No. M-07-5944 SC
MDL NO. 1917                                                    33                    Defendant Panasonic Corporation of North America's
                                                                                          Answer to the Electrograph Plaintiffs' First Amended Complaint

1

the purported Relevant Period.

2

281.    The allegations in Paragraph 281 of the Complaint constitute

3

characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is

4

required.  To the extent that a response is required, PNA denies the allegations contained in

5

Paragraph 281 of the Complaint in their entirety, except admits that Plaintiffs purport to seek the

6

stated relief.

7

## XI.    "PRAYER FOR RELIEF"

8

9

282.    PNA denies that Plaintiffs suffered any injury or incurred any damages by

10

any act or omission of PNA as alleged in the Complaint, and further denies that Plaintiffs are

11

entitled to any relief under any theory by means of the allegations set forth in each of the

12

paragraphs and their subparts in the Complaint.

13

## XII.   "JURY TRIAL DEMAND"

14

15

283.    The allegations contained under the heading "Jury Trial Demand" contain

16

no factual assertions for which a response is required.  To the extent that a response is required,

17

PNA denies the allegations contained under the heading "Jury Trial Demand" in their entirety,

18

except admits that Plaintiffs demand a trial by jury.

19

## DEFENSES

20

FURTHER, PNA asserts the following defenses and affirmative defenses to the

21

Complaint.  PNA does not concede that it has the burden of proof as to any of the defenses listed

22

below:

23

## FIRST DEFENSE

24

(Failure to State a Claim for Relief)

25

Neither the Electrograph Plaintiffs' First Amended Complaint nor any claim for

26

relief asserted therein states facts sufficient to constitute a claim for relief against PNA.

27

## SECOND DEFENSE

28

(Statute of Limitations)

No. M-07-5944 SC
MDL NO. 1917                                           34                Defendant Panasonic Corporation of North America's
                                                                      Answer to the Electrograph Plaintiffs' First Amended Complaint

The relief sought by Plaintiffs is barred, in whole or in part, by the applicable statutes of limitations.

## THIRD DEFENSE

(Actual and Proximate Injury)

The relief sought by Plaintiffs is barred, in whole or in part, because the Plaintiffs were not actually and proximately injured in their business or property by reason of any action(s) or omission(s) of PNA.

## FOURTH DEFENSE

(No Damages)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have suffered no injury or damages as a result of the matters alleged in the Complaint.  To the extent that Plaintiffs purportedly suffered injury or damage, which PNA specifically denies, PNA further contends that any such purported injury or damage was not by reason of any act or omission of PNA.

## FIFTH DEFENSE

(No Antitrust Injury)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to allege "antitrust injury" – *i.e.*, injury that is of the type the antitrust laws were intended to remedy.

## SIXTH DEFENSE

(Speculative Damages)

The relief sought by Plaintiffs is barred, in whole or in part, because the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such alleged damages.

## SEVENTH DEFENSE

(Mitigation)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to take appropriate and necessary steps to mitigate their alleged damages, if any.

## EIGHTH DEFENSE

(Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to allege fraud or fraudulent concealment with sufficient particularity.

## NINTH DEFENSE

(Failure to Plead Conspiracy with Particularity)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to allege conspiracy with sufficient particularity.

## TENTH DEFENSE

(Lack of Standing to Sue for Injuries Alleged)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs lack standing to sue for the injuries alleged in the complaint.  To the extent that Plaintiffs purchased products containing CRTs, as opposed to CRTs themselves, their alleged injuries are even more speculative, derivative, indirect, and remote.  Plaintiffs' damage claims create an impermissible risk of duplicative recoveries and complex damage apportionment.

## ELEVENTH DEFENSE

(Due Process)

To the extent Plaintiffs' claims would result in PNA paying damages to more than one claimant for the same alleged overcharges to customers, they are barred because such multiple liability would violate rights guaranteed to PNA by the United States Constitution, including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth Amendment, and by applicable state law.

## TWELFTH DEFENSE

(Other/Superseding Causation)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs' damages, if any, resulted from the acts or omissions of third parties over whom PNA had no control or responsibility.  The acts of such third parties constitute intervening or superseding cases of harm, if any, suffered by Plaintiffs.

### THIRTEENTH DEFENSE

(Waiver and Estoppel)

The relief sought by Plaintiffs is barred, in whole or in part, by the doctrines of waiver and/or estoppel.

### FOURTEENTH DEFENSE

(Laches)

The relief sought by Plaintiffs is barred, in whole or in part, by the equitable doctrine of laches.

### FIFTEENTH DEFENSE

(Unclean Hands)

The relief sought by Plaintiffs is barred, in whole or in part, by the equitable doctrine of unclean hands.

### SIXTEENTH DEFENSE

(Unjust Enrichment)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs would be unjustly enriched if they were allowed to recover any part of the damages alleged in the Complaint.

### SEVENTEENTH DEFENSE

(Adequate Remedy at Law)

The injunctive relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have available an adequate remedy at law.

### EIGHTEENTH DEFENSE

(Comparative Fault)

The relief sought by Plaintiffs is barred, in whole or in part, because any and all injuries alleged in the Complaint, the fact and extent of which PNA specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiffs and/or third parties or entities, other than PNA.

## NINETEENTH DEFENSE

(Acquiescence)

The relief sought by Plaintiffs is barred, in whole or in part, by Plaintiffs' acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to PNA.

## TWENTIETH DEFENSE

(No Detrimental Reliance)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs did not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

## TWENTY-FIRST DEFENSE

(Set Off)

Without admitting that Plaintiffs are entitled to recover damages in this matter, PNA is entitled to set off from any recovery Plaintiffs may obtain against PNA, any amount paid to Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

## TWENTY-SECOND DEFENSE

(Failure to State a Claim for Injunctive Relief)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to state a claim for injunctive relief insofar as Plaintiffs seek to enjoin alleged events that have already transpired without the requisite showing of threatened harm or continuing harm.

## TWENTY-THIRD DEFENSE

(Lack of Jurisdiction)

The relief sought by Plaintiffs is barred, in whole or in part, because any alleged conduct of PNA occurred outside of the jurisdiction of the Court.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TWENTY-FOURTH DEFENSE

(Foreign Trade Antitrust Improvements Act)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to make a single specific allegation to support the claim that the alleged conduct had "a direct, substantial, and reasonably foreseeable effect" on U.S. commerce giving rise to a Sherman Act claim, as required under the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. § 6a.

## TWENTY-FIFTH DEFENSE

(Foreign Conduct)

Plaintiffs' claims are barred to the extent that they are based on conduct beyond the territorial reach of the laws or courts of the United States.

## TWENTY-SIXTH DEFENSE

(Damages Not Passed Through To Plaintiffs)

The relief sought by Plaintiffs is barred, in whole or in part, because any injury or damage alleged in the Complaint was not incurred by or passed on to Plaintiffs, or was incurred by or passed on to persons or entities other than Plaintiffs.

## TWENTY-SEVENTH DEFENSE

(Damages Passed On)

The relief sought by Plaintiffs is barred, in whole or in part, because any injury or damage alleged in the Complaint, which PNA specifically denies, was passed on to persons or entities other than the Plaintiffs and/or was passed on by Plaintiffs to other parties.

## TWENTY-EIGHTH DEFENSE

(No Unreasonable Restraint Of Trade)

The relief sought by Plaintiffs is barred, in whole or in part, because the alleged conduct of PNA did not unreasonably restrain trade.

## TWENTY-NINTH DEFENSE

(Acts Outside The Jurisdiction)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent PNA's alleged conduct occurred outside the jurisdiction of this Court and/or was neither directed to nor affected persons, entities, or commerce in the various States cited.

### THIRTIETH DEFENSE

(Restitution Unmanageable And Inequitable)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent the restitution sought in the Complaint is unmanageable and inequitable.

### THIRTY-FIRST DEFENSE

(Lack of Standing as Indirect Purchasers)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent the various States cited have not repealed the *Illinois Brick* doctrine.

### THIRTY-SECOND DEFENSE

(Unjust Enrichment Claims Barred)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent Plaintiffs have failed to exhaust all remedies against PNA.

### THIRTY-THIRD DEFENSE

(Not Entitled To Seek Damages)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent Plaintiffs are not entitled to seek damages under the laws of the State of New York or the State of California.

### THIRTY-FOURTH DEFENSE

(Private Claim Cannot Be Brought In A Representative Capacity)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent Plaintiffs bring any claims in a representative capacity, to the extent a private claim may not be brought in a representative capacity under the laws of the State of New York or the State of California.

### THIRTY-FIFTH DEFENSE

(Failure to Allege Predicate Acts For Consumer Protection Claims)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The relief sought by Plaintiffs is barred, in whole or in part, to the extent Plaintiffs seek to invoke the consumer protection law of the State of New York or the State of California and have failed to allege predicate acts necessary to invoke application of those consumer protection laws.

## THIRTY-SIXTH DEFENSE

(Goods Not Purchased Primarily For Personal, Family, or Household Purposes)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent that any Plaintiff did not purchase goods primarily for personal, family, or household purposes.

## THIRTY-SEVENTH DEFENSE

(Independent, Legitimate Business and Economic Justification)

The relief sought by Plaintiffs is barred, in whole or in part, because any conduct engaged in by PNA was reasonable and based on independent, legitimate business and economic justification.

## THIRTY-EIGHTH DEFENSE

(Improper Taking)

Any award of restitution or monetary recovery pursuant to California Business and Professions §§ 17200, *et seq.* would constitute a taking of property without just compensation in violation of the Takings Clause of the U.S. Constitution and of Article 1, Section 19 of the California Constitution.

## THIRTY-NINTH DEFENSE

(Improper Remedy)

To the extent Plaintiffs seeks disgorgement of revenues and profits under the California Business and Professions §§ 17200, *et seq.* beyond any monies Plaintiffs directly paid to PNA, if any, such remedy is not authorized by Section 17200, *et seq.*

## FORTIETH DEFENSE

(Attorneys' Fees)

Any award of attorneys' fees, based upon the conduct alleged in the Complaint, is

1

not allowed under applicable federal or state law.

2

**INCORPORATION BY REFERENCE AND RESERVATION OF DEFENSES**

3

PNA hereby incorporates by reference, as if set forth fully herein, all other

4

defenses and affirmative defenses to the Complaint alleged by any other defendant.  PNA

5

presently has insufficient knowledge or information on which to form a belief as to whether it

6

may have available additional, as yet unstated, defenses.  PNA reserves the right to assert other

7

defenses and affirmative defenses as this action proceeds, the right to file an amended answer

8

asserting additional defenses or affirmative defenses, and/or file a cross-complaint, in the event

9

that discovery indicates that such pleadings are appropriate.

10

WHEREFORE, PNA prays for judgment as follows:

11

1.     That Plaintiffs take nothing under the Complaint, and the Complaint be

12

dismissed with prejudice;

13

2.     That judgment be entered in favor of PNA and against Plaintiffs on

14

each and every cause of action set forth in the Complaint;

15

3.     That PNA recover its costs of suit and attorneys' fees incurred herein;

16

and

17

4.     That PNA be granted such other and further relief as the Court deems

18

just and proper.

19

20

Dated: July 25, 2011                                  By:   _/s/ David L. Yohai_____

21

STEVEN A. REISS (*pro hac vice*)
E-mail: steven.reiss@weil.com

22

DAVID L. YOHAI (*pro hac vice*)
E-mail: david.yohai@weil.com

23

ADAM C. HEMLOCK (*pro hac vice*)
E-mail: adam.hemlock@weil.com

24

**WEIL, GOTSHAL & MANGES LLP**

25

767 Fifth Avenue
New York, New York 10153-0119

26

Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

27

28

GREGORY D. HULL (57367)

No. M-07-5944 SC
MDL NO. 1917                                              42                    Defendant Panasonic Corporation of North America's
                                                                                         Answer to the Electrograph Plaintiffs' First Amended Complaint

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

E-mail: greg.hull@weil.com
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

JEFFREY L. KESSLER (*pro hac vice*)
E-mail: jkessler@dl.com
A. PAUL VICTOR (*pro hac vice*)
E-mail: pvictor@dl.com
EVA W. COLE (*pro hac vice*)
E-mail:  ecole@dl.com
**DEWEY & LEBOEUF LLP**
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-7013

*Attorneys for Defendant Panasonic Corporation of
North America*