Jon V. Swenson  (SBN 233054)
Email: jon.swenson@bakerbotts.com
BAKER BOTTS LLP
620 Hansen Way
Palo Alto, CA 94304
Telephone: (650) 739 7514
Facsimile: (650) 739 7614

John M. Taladay (admitted *pro hac vice*)
Joseph P. Ostoyich (admitted *pro hac vice*)
Andreas Stargard  (admitted *pro hac vice*)
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: andreas.stargard@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 629-7712
Fax: (202) 585-1036

Attorneys for KONINKLIJKE PHILIPS ELECTRONICS N.V.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ELECTROGRAPH SYSTEMS, INC., et al. | **Case No. 07-5944-SC** |
| Plaintiffs, | **MDL No. 1917** |
| v. | **ANSWER OF KONINKLIJKE PHILIPS ELECTRONICS, N.V. TO ELECTROGRAPH SYSTEMS, INC. AND ELECTROGRAPH TECHNOLOGIES CORP.'S FIRST AMENDED COMPLAINT** |
| HITACHI, LTD., et al., | |
| Defendants. | **Trial Date:  None Set** |

1   Defendant Koninklijke Philips Electronics N.V. ("KPE"), by and through its undersigned

2   counsel of record, answers Electrograph Systems, Inc. and Electrograph Technologies Corp.'s

3   (collectively "Plaintiffs") First Amended Complaint (the "Amended Complaint") and alleges

4   additional or affirmative defenses as follows.  KPE denies each and every allegation in the

5   Amended Complaint's section headings and in all portions of the Amended Complaint not

6   contained in numbered paragraphs.  To the extent that the Amended Complaint's allegations

7   concern persons and/or entities other than KPE, KPE denies that such allegations support any

8   claim for relief against KPE.

9   KPE responds to the Amended Complaint in accordance with the Court's May 26, 2011

10   Order Regarding Service of Complaint and Applicability of Prior Discovery Orders.

### I.  Introduction

12

13   1.      To the extent that the allegations of Paragraph 1 relate to other defendants or a

14   plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

15   therefore denies them.  To the extent that the allegations of Paragraph 1 relate to KPE, KPE

16   denies all the allegations of Paragraph 1.

17   2.      To the extent that the allegations of Paragraph 2 relate to other defendants, KPE

18   lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies

19   them.  To the extent the allegations of Paragraph 2 relate to KPE, KPE denies all of those

20   allegations.  To the extent that the allegations of Paragraph 2 are definitional, KPE avers that no

21   response is required.  KPE avers that the use of the term "CRT Products", which improperly

22   conflates numerous distinct and non-substitutable products (of, among other things, various

23   sizes, quantities, uses, technologies, and products at different points in the production chain)

24   together, renders the allegations of the Amended Complaint indefinite and uncertain.

25   3.      To the extent that the allegations of Paragraph 3 relate to other defendants or a

26   plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

27   therefore denies them.  To the extent the allegations of Paragraph 3 relate to KPE, KPE denies

28

1    all of those allegations.  KPE otherwise lacks knowledge or information sufficient to form a

2    belief as to the truth of the allegations of Paragraph 3, and therefore denies them.

3          4.       To the extent that the allegations of Paragraph 4 relate to other defendants or a

4    plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

5    therefore denies them.  To the extent the allegations of Paragraph 4 relate to KPE, KPE denies

6    all of those allegations.  KPE otherwise lacks knowledge or information sufficient to form a

7    belief as to the truth of the allegations of Paragraph 4, and therefore denies them.

8          5.       To the extent that the allegations of Paragraph 5 and its subparts relate to other

9    defendants or a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to

10   their truth, and therefore denies them.  To the extent the allegations of Paragraph 5 relate to KPE,

11   KPE denies all of those allegations.

12         6.       To the extent that the allegations of Paragraph 6 relate to other defendants or a

13   plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

14   therefore denies them.  To the extent the allegations of Paragraph 6 relate to KPE, KPE denies

15   all of those allegations.

16         7.       KPE lacks knowledge or information sufficient to form a belief as to the truth of

17   the allegations of Paragraph 7, and therefore denies them.

18         8.       KPE admits that government authorities in the United States, the European

19   Union, Japan and South Korea have commenced investigations of the CRT industry, the details

20   of which are matters of public record and such records speak for themselves.  KPE otherwise

21   lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the

22   allegations of Paragraph 8, and therefore denies them.

23         9.       To the extent the allegations of Paragraph 9 relate to Plaintiffs or other

24   defendants, KPE lacks knowledge or information sufficient to form a belief as to the truth of

25   those allegations and therefore denies them.  To the extent that the allegations of Paragraph 9

26   relate to KPE, KPE denies all of those allegations.  KPE denies that Plaintiffs are entitled to any

27   relief.

28

-2-

## II. ALLEGATIONS Concerning Jurisdiction and Venue

10.     KPE admits that Plaintiffs purport to bring this action to obtain injunctive relief and to recover damages for alleged violations of Section 1 of the Sherman Act (15 U.S.C. § 1), and to recover damages under state antitrust, unfair competition and consumer protection laws, but denies that Plaintiffs are entitled to any relief under any of these statutes.

11.     KPE admits that Plaintiffs purport to bring this action to obtain injunctive relief and to recover damages for alleged violations of Section 16750(a) and other sections of the California Business and Professions Code, also known as the Cartwright Act, and sections of the California Business and Professions Code, but denies that Plaintiffs are entitled to any relief under any of these statutes.

12.     KPE admits that Plaintiffs purport to bring this action to obtain injunctive relief and to recover damages for alleged violations of Section 340 of the New York General Business Law, also known as the Donnelly Act and of Section 349 et seq. of the New York General Business Law, but denies that Plaintiffs are entitled to any relief under any of these statutes.

13.     KPE avers that the allegations of Paragraph 13 regarding jurisdiction constitute legal conclusions and/or conclusions to which no response is required.  To the extent that the allegations contained in Paragraph 13 may be deemed to require a response from KPE, KPE denies that this district has subject matter jurisdiction based on the conduct of KPE as alleged in the Amended Complaint.

14.      KPE avers that the allegations of Paragraph 14 regarding jurisdiction constitute legal conclusions and/or conclusions to which no response is required.  To the extent that the allegations contained in Paragraph 14 may be deemed to require a response from KPE, and to the extent the allegations of Paragraph 14 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.  To the extent that the allegations contained in Paragraph 14 may be deemed to require a response from KPE, and to the extent the allegations of Paragraph 14 relate to KPE, KPE denies these allegations.

15.    KPE avers that the allegations of Paragraph 15 regarding jurisdiction constitute legal conclusions and/or conclusions to which no response is required.  To the extent that the allegations contained in Paragraph 15 may be deemed to require a response from KPE, and to the extent the allegations of Paragraph 15 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.  To the extent that the allegations contained in Paragraph 15 may be deemed to require a response from KPE, and to the extent the allegations of Paragraph 15 relate to KPE, KPE denies these allegations.

16.    KPE avers that the allegations of Paragraph 16 regarding jurisdiction constitute legal conclusions and/or conclusions to which no response is required.  To the extent that the allegations contained in Paragraph 16 may be deemed to require a response from KPE, KPE denies that this district has subject matter jurisdiction based on the conduct of KPE as alleged in the Amended Complaint.

17.    KPE avers that the allegations of Paragraph 17 regarding jurisdiction constitute legal conclusions and/or conclusions to which no response is required.  To the extent that the allegations contained in Paragraph 17 may be deemed to require a response from KPE, KPE denies that venue lies in this district based on the conduct of KPE as alleged in the Amended Complaint.

### III.A.  ALLEGATIONS CONCERNING PLAINTIFFS

18.    To the extent that the allegations of Paragraph 18 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 18 relate to KPE, KPE denies all of the allegations.

19.    To the extent that the allegations of Paragraph 19 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 19 relate to KPE, KPE denies all of the allegations.

-4-

20.     To the extent that the allegations of Paragraph 20 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 20 relate to KPE, KPE denies all of the allegations.

### III.B.  ALLEGATIONS CONCERNING PLAINTIFFS' CORPORATE HISTORY

21.     To the extent that the allegations of Paragraph 21 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 21 relate to KPE, KPE denies all of the allegations.

22.     To the extent that the allegations of Paragraph 22 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 22 relate to KPE, KPE denies all of the allegations.

23.     To the extent that the allegations of Paragraph 23 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 23 relate to KPE, KPE denies all of the allegations.

24.     To the extent that the allegations of Paragraph 24 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 24 relate to KPE, KPE denies all of the allegations.

25.     To the extent that the allegations of Paragraph 25 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 25 relate to KPE, KPE denies all of the allegations.

26.     To the extent that the allegations of Paragraph 26 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

-5-

therefore denies them.  To the extent the allegations of Paragraph 26 relate to KPE, KPE denies all of the allegations.

27.     To the extent that the allegations of Paragraph 27 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 27 relate to KPE, KPE denies all of the allegations.

28.     To the extent that the allegations of Paragraph 28 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 28 relate to KPE, KPE denies all of the allegations.

29.     To the extent that the allegations of Paragraph 29 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 29 relate to KPE, KPE denies all of the allegations.

30.     To the extent that the allegations of Paragraph 30 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 30 relate to KPE, KPE denies all of the allegations.

31.     To the extent that the allegations of Paragraph 31 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 31 relate to KPE, KPE denies all of the allegations.

32.     To the extent that the allegations of Paragraph 32 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 32 relate to KPE, KPE denies all of the allegations.

ANSWER TO FIRST AMENDED COMPLAINT

CASE NO. 07-5944-SC
MDL NO. 1917

33.     To the extent that the allegations of Paragraph 33 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 33 relate to KPE, KPE denies all of the allegations.

### III.C.  ALLEGATIONS CONCERNING DEFENDANTS

34.     The allegations of Paragraph 34 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 34 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

35.     The allegations of Paragraph 35 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 35 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

36.     The allegations of Paragraph 36 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 36 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

37.     The allegations of Paragraph 37 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 37 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

38.     The allegations of Paragraph 38 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 38 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

39.     The allegations of Paragraph 39 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of

-7-

Paragraph 39 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

40.     The allegations of Paragraph 40 are an explanation of terminology, for which no response is required.

41.     The allegations of Paragraph 41 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 41 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

42.     The allegations of Paragraph 42 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 42 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

43.     The allegations of Paragraph 43 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 43 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

44.     The allegations of Paragraph 44 are an explanation of terminology, for which no response is required.

45.     The allegations of Paragraph 45 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 45 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 45 relate to KPE, KPE denies them, with the exception of matters specifically admitted herein as follows.   KPE admits that LG.Philips Displays was formed in 2001.

46.     The allegations of Paragraph 46 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of

-8-

Paragraph 46 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

47.     The allegations of Paragraph 47 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 47 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

48.     The allegations of Paragraph 48 are an explanation of terminology, for which no response is required.

49.     The allegations of Paragraph 49 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 49 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  KPE denies that it ever exerted control over LG.Philips Displays or over LP Displays.  To the extent that the allegations of Paragraph 49 relate to KPE, KPE denies them, with the exception of matters specifically admitted herein as follows.  KPE admits that LG.Philips Displays was formed in 2001 and that KPE's shareholdings in the joint venture were expunged in 2007.

50.     The allegations of Paragraph 50 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 50 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

51.     The allegations of Paragraph 51 are not directed at KPE and, therefore, no response is required.  To the extent that a response is required and that the allegations of Paragraph 51 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

52.     The allegations of Paragraph 52 are an explanation of terminology, for which no response is required.

53.     The allegations of Paragraph 53 are not directed at KPE and, therefore, no

ANSWER TO FIRST AMENDED COMPLAINT

CASE NO. 07-5944-SC
MDL NO. 1917

1    response is required.  To the extent that a response is required and that the allegations of

2    Paragraph 53 relate to other defendants, KPE lacks knowledge or information sufficient to form

3    a belief as to their truth, and therefore denies them.

4            54.     The allegations of Paragraph 54 are not directed at KPE and, therefore, no

5    response is required.  To the extent that a response is required and that the allegations of

6    Paragraph 54 relate to other defendants, KPE lacks knowledge or information sufficient to form

7    a belief as to their truth, and therefore denies them.

8            55.     KPE admits the first sentence of Paragraph 55.  KPE denies the second and third

9    sentences of Paragraph 55.  KPE is a holding company with less than 20 employees.  KPE

10   admits that it transferred its CRT business to a joint venture with LG in 2001.  KPE denies the

11   fifth sentence of Paragraph 55.  KPE denies that it manufactured, sold or distributed CRT

12   Products either directly or through its subsidiaries or affiliates in the United States.

13           56.     KPE admits the first sentence of Paragraph 56.  Owing to the vagueness and

14   ambiguity of the term "CRT Products," KPE denies the third sentence of Paragraph 56.  KPE

15   admits that Philips Electronics North America Corporation ("PENAC") is an indirect subsidiary

16   of KPE.  KPE denies that it dominated or controlled the finances, policies or affairs of PENAC.

17           57.     KPE admits the first sentence of Paragraph 57.  KPE admits that Philips

18   Electronics

19   Industries (Taiwan) Ltd. ("PEIT") is an indirect subsidiary of KPE.  Owing to the vagueness and

20   ambiguity of the term "CRT Products," KPE denies the third sentence of Paragraph 57.  KPE

21   denies that it dominated or controlled the finances, policies or affairs of PEIT.

22           58.     KPE admits the first sentence of Paragraph 58.  KPE denies that Philips da

23   Amazonia Industria Electronica Ltda. ("Philips da Amazonia") is a "wholly owned and

24   controlled" subsidiary of KPE.  Owing to the vagueness and ambiguity of the term "CRT

25   Products," KPE denies the third sentence of Paragraph 58.  KPE denies that it dominated or

26   controlled the finances, policies or affairs of Philips da Amazonia.

27

28

ANSWER TO FIRST AMENDED COMPLAINT

CASE NO. 07-5944-SC
MDL NO. 1917

1    59.    The allegations of Paragraph 59 are an explanation of terminology, for which no

2    response is required.  KPE avers, however, that Paragraph 59 renders the Amended Complaint

3    indefinite and uncertain as to KPE.

4    60.    The allegations of Paragraph 60 are not directed at KPE and, therefore, no

5    response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief

6    as to the truth of the allegations of Paragraph 60, and therefore denies them.

7    61.    The allegations of Paragraph 61 are not directed at KPE and, therefore, no

8    response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief

9    as to the truth of the allegations of Paragraph 61, and therefore denies them.

10   62.    The allegations of Paragraph 62 are not directed at KPE and, therefore, no

11   response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief

12   as to the truth of the allegations of Paragraph 62, and therefore denies them.

13   63.    The allegations of Paragraph 63 are not directed at KPE and, therefore, no

14   response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief

15   as to the truth of the allegations of Paragraph 63, and therefore denies them.

16   64.    The allegations of Paragraph 64 are not directed at KPE and, therefore, no

17   response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief

18   as to the truth of the allegations of Paragraph 64, and therefore denies them.

19   65.    The allegations of Paragraph 65 are not directed at KPE and, therefore, no

20   response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief

21   as to the truth of the allegations of Paragraph 65, and therefore denies them.

22   66.    The allegations of Paragraph 66 are not directed at KPE and, therefore, no

23   response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief

24   as to the truth of the allegations of Paragraph 66, and therefore denies them.

25   67.    The allegations of Paragraph 67 are not directed at KPE and, therefore, no

26   response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief

27   as to the truth of the allegations of Paragraph 67, and therefore denies them.

28

-11-

68.     The allegations of Paragraph 68 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68, and therefore denies them.

69.     The allegations of Paragraph 69 are an explanation of terminology, for which no response is required.

70.     The allegations of Paragraph 70 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70, and therefore denies them.

71.     The allegations of Paragraph 71 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71, and therefore denies them.

72.     The allegations of Paragraph 72 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72, and therefore denies them.

73.     The allegations of Paragraph 73 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73, and therefore denies them.

74.     The allegations of Paragraph 74 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74, and therefore denies them.

75.     The allegations of Paragraph 75 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75, and therefore denies them.

76.     The allegations of Paragraph 76 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76, and therefore denies them.

77.     The allegations of Paragraph 77 are an explanation of terminology, for which no response is required.

### IV.  ALLEGATIONS CONCERNING AGENTS AND CO-CONSPIRATORS

78.     To the extent that the allegations of Paragraph 78 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 78 relate to KPE, KPE denies all of the allegations.

79.     The allegations of Paragraph 79 are ambiguous and/or unintelligible.  To the extent they are intelligible, the allegations of Paragraph 79 state legal conclusions to which no response is required.  To the extent the allegations of Paragraph 79 relate to KPE, KPE denies all of the allegations.

80.     To the extent that the allegations of Paragraph 80 relate to other defendants or to a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 80 relate to KPE, KPE denies all of the allegations.

81.     The allegations of Paragraph 81 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81, and therefore denies them.

82.     The allegations of Paragraph 82 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82, and therefore denies them.

83.     The allegations of Paragraph 83 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83, and therefore denies them.

84.     The allegations of Paragraph 84 are not directed at KPE and, therefore, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84, and therefore denies them.

-13-

1    85.    The allegations of Paragraph 85 are not directed at KPE and, therefore, no

2    response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief

3    as to the truth of the allegations of Paragraph 85, and therefore denies them.

4    86.    The allegations of Paragraph 86 are restatements of the allegations made in

5    Paragraph 78 of Plaintiffs' Amended Complaint.  KPE responds by referring to and

6    incorporating in full its answer to Paragraph 78 herein, as follows: To the extent that the

7    allegations of Paragraph 86 relate to other defendants or to a plaintiff, KPE lacks knowledge or

8    information sufficient to form a belief as to their truth, and therefore denies them.  To the extent

9    the allegations of Paragraph 86 relate to KPE, KPE denies all of the allegations.

10                  **V. Allegations Concerning Trade and Commerce**

11    87.    To the extent that the allegations in Paragraph 87 concern defendants other than

12    KPE, KPE is without knowledge or information sufficient to form a belief as to the truth of those

13    allegations, and, on that basis, denies them.  The allegations in Paragraph 87 regarding

14    "continuous and interrupted flow of interstate commerce and international commerce" are legal

15    contentions to which no response is required.  To the extent the remaining allegations in

16    Paragraph 87 require a response, KPE denies them.

17    88.    KPE denies the allegations of Paragraph 88.

18    89.    The allegations of Paragraph 89 are legal contentions to which no response is

19    required.  To the extent a response is required and the allegations in Paragraph 89 concern KPE,

20    KPE denies them.  To the extent that the allegations in Paragraph 89 concern defendants other

21    than KPE, KPE is without knowledge or information sufficient to form a belief as to the truth of

22    those allegations, and, on that basis, denies them.

23                        **VII. [sic]  Factual Allegations**

24    90.    KPE admits that the allegations in Paragraph 90 and its subparts purport to

25    describe CRT technology, but KPE denies that such descriptions are accurate or complete.

26    91.    KPE admits that the allegations in Paragraph 91 purport to describe CRT

27    technology, but KPE denies that such descriptions are accurate or complete.

28
                                    -14-

1   92.   KPE denies the allegations in Paragraph 92.

2   93.   KPE admits that the allegations in Paragraph 93 purport to describe CRT

3   technology, but KPE denies that such descriptions are accurate or complete.

4   94.   KPE admits that the allegations in Paragraph 94 purport to describe CRT

5   technology, but KPE denies that such descriptions are accurate or complete.  KPE admits that

6   CDTs and CPTs constitute different products.

7   95.   KPE admits that the allegations in Paragraph 95 purport to describe CRT

8   technology, but KPE denies that such descriptions are accurate or complete.  KPE denies the

9   remainder of the allegations in Paragraph 95.

10   96.   KPE avers that the allegations of Paragraph 96 regarding markets constitute legal

11   conclusions and/or are vague and ambiguous, and unintelligible.  Owing to the vagueness and

12   ambiguity of the terms "CRT Products," "markets," and "intertwined," KPE denies the

13   allegations of Paragraph 96.  To the extent that the allegations contained in Paragraph 96 may be

14   deemed to require a response from KPE, KPE denies the allegations.

15   97.   To the extent that the allegations of Paragraph 97 relate to other defendants or to a

16   plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

17   therefore denies them.  To the extent the allegations of Paragraph 97 relate to KPE, KPE denies

18   all of the allegations, and further responds by referring to and incorporating its vagueness and

19   ambiguity objections in its answer to Paragraph 96 herein.

20   98.   To the extent that the allegations of Paragraph 98 relate to other defendants or to a

21   plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

22   therefore denies them.  To the extent the allegations of Paragraph 98 relate to KPE, KPE denies

23   all of the allegations, and further responds by referring to and incorporating its vagueness and

24   ambiguity objections in its answer to Paragraph 96 herein.

25   99.   To the extent the allegations of Paragraph 99 relate to Plaintiffs or other

26   defendants, KPE lacks knowledge or information sufficient to form a belief as to the truth of

27   those allegations and therefore denies them.

28

-15-

1    100.    The allegations of Paragraph 100 are legal contentions to which no response is

2    required.  To the extent that a response is required, KPE denies each and every allegation in

3    Paragraph 100.

4    101.    The allegations in the first and third sentences of Paragraph 101 are legal

5    contentions to which no response is required.  To the extent the other allegations in Paragraph

6    101 concern defendants other than KPE, KPE is without knowledge or information sufficient to

7    form a belief as to the truth of the allegations and, on that basis, denies them.

8    102.    To the extent the allegations in Paragraph 102 concern defendants other than

9    KPE, KPE is without knowledge or information sufficient to form a belief as to the truth of the

10   allegations and, on that basis, denies them.  To the extent the allegations of Paragraph 102 are

11   legal contentions, no response is required.  To the extent that the allegations in Paragraph 102

12   concern KPE, KPE denies them.

13   103.    To the extent the allegations in Paragraph 103 concern defendants other than

14   KPE, KPE is without knowledge or information sufficient to form a belief as to the truth of the

15   allegations and, on that basis, denies them.  To the extent the allegations of Paragraph 103 are

16   legal contentions, no response is required.  To the extent that the allegations in Paragraph 103

17   concern KPE, KPE denies them.

18   104.    The allegations in Paragraph 104 are legal contentions to which no response is

19   required. To the extent that a response is required, KPE admits that LG.Philips Displays was

20   formed in 2001.  To the extent that the allegations of Paragraph 104 relate to other defendants,

21   KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

22   denies them.

23   105.    The allegations of Paragraph 105 are legal contentions to which no response is

24   required.  To the extent that a response is required, KPE denies each and every allegation in

25   Paragraph 105.

26   106.    To the extent that the allegations of Paragraph 106 relate to other defendants,

27   KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

28

-16-

1   denies them.  To the extent the allegations of Paragraph 106 relate to KPE, KPE denies all of the

2   allegations with the exception of matters specifically admitted herein as follows.   KPE admits

3   that LG.Philips Displays was formed in 2001.  KPE admits that LG.Philips LCD Co., Ltd. was

4   formed in 1999.

5          107.    The allegations in Paragraph 107 are legal contentions to which no response is

6   required.  To the extent that a response is required, KPE denies each and every allegation in

7   Paragraph 107.

8          108.    To the extent the allegations of Paragraph 108 relate to Plaintiffs or other

9   defendants, KPE lacks knowledge or information sufficient to form a belief as to the truth of

10   those allegations and therefore denies them.  To the extent that the allegations of Paragraph 108

11   relate to KPE, KPE denies all of those allegations.

12          109.    The allegations in Paragraph 109 are legal contentions to which no response is

13   required.  To the extent that a response is required, KPE denies the allegation.

14          110.    The second sentence of Paragraph 110 is a legal contention to which no response

15   is required.  KPE lacks knowledge or information to form a belief as to the truth of the remaining

16   allegations of Paragraph 110, and therefore denies them.

17          111.    KPE lacks knowledge or information to form a belief as to the truth regarding the

18   allegations contained in the first and third sentences of Paragraph 111, and therefore denies

19   them.  To the extent that the remaining allegations of Paragraph 111 relate to other defendants,

20   KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

21   denies them.  To the extent the remaining allegations of Paragraph 111 relate to KPE, KPE

22   denies all of the allegations.

23          112.    KPE lacks knowledge or information to form a belief as to the truth regarding the

24   allegations contained in the second sentence of Paragraph 112, and therefore denies them.  To

25   the extent that the remaining allegations of Paragraph 112 relate to other defendants, KPE lacks

26   knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

27   To the extent the remaining allegations of Paragraph 112 relate to KPE, KPE denies all of the

28

-17-

1  allegations.

2  113.    KPE lacks knowledge or information sufficient to form a belief as to the truth of

3  the allegations of Paragraph 113, and therefore denies them.

4  114.    KPE lacks knowledge or information sufficient to form a belief as to the truth of

5  the allegations of Paragraph 114, and therefore denies them.

6  115.    KPE denies the allegations of Paragraph 115.

7  116.    The allegations in Paragraph 116 are legal contentions to which no response is

8  required.  To the extent that the allegations contained in Paragraph 116 may be deemed to

9  require a response from KPE, KPE denies them.

10  117.    To the extent that the allegations of Paragraph 117 relate to other defendants,

11  KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

12  denies them.  To the extent the allegations of Paragraph 117 relate to KPE, KPE denies all of the

13  allegations.

14  118.    To the extent that the allegations of Paragraph 118 relate to other defendants,

15  KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

16  denies them.  To the extent the allegations of Paragraph 118 relate to KPE, KPE denies all of the

17  allegations.

18  119.    KPE denies each and every allegation of Paragraph 119.

19  120.    To the extent that the allegations of Paragraph 120 relate to other defendants,

20  KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

21  denies them.  To the extent the allegations of Paragraph 120 relate to KPE, KPE denies all of the

22  allegations.

23  121.    The allegations of Paragraph 121 relate to other defendants, and KPE lacks

24  knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

25  122.    To the extent that the allegations of Paragraph 122 relate to other defendants,

26  KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

27  denies them.  To the extent the allegations of Paragraph 122 relate to KPE, KPE denies all of the

28

-18-

allegations.

123.    KPE denies each and every allegation of Paragraph 123.

124.    To the extent that the allegations of Paragraph 124 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 124 relate to KPE, KPE denies all of the allegations.

125.    To the extent that the allegations of Paragraph 125 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 125 relate to KPE, KPE denies all of the allegations.

126.    To the extent that the allegations of Paragraph 126 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 126 relate to KPE, KPE denies all of the allegations.

127.    To the extent that the allegations of Paragraph 127 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 127 relate to KPE, KPE denies all of the allegations.

128.    To the extent that the allegations of Paragraph 128 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 128 relate to KPE, KPE denies all of the allegations.

129.    To the extent that the allegations of Paragraph 129 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 129 relate to KPE, KPE denies all of the allegations.

-19-

130.     To the extent that the allegations of Paragraph 130 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 130 relate to KPE, KPE denies all of the allegations.

131.     To the extent that the allegations of Paragraph 131 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 131 relate to KPE, KPE denies all of the allegations.

132.     To the extent that the allegations of Paragraph 132 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 132 relate to KPE, KPE denies all of the allegations.

133.     To the extent that the allegations of Paragraph 133 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 133 relate to KPE, KPE denies all of the allegations.

134.     To the extent that the allegations of Paragraph 134 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 134 relate to KPE, KPE denies all of the allegations.

135.     To the extent that the allegations of Paragraph 135 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 135 relate to KPE, KPE denies all of the allegations

136.     To the extent that the allegations of Paragraph 136 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 136 relate to KPE, KPE denies all of the

1   allegations.

2   137.    To the extent that the allegations of Paragraph 137 and each of its subparts relate

3   to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their

4   truth, and therefore denies them.  To the extent the allegations of Paragraph 137 and each of its

5   subparts relate to KPE, KPE denies all of the allegations.

6   138.    To the extent that the allegations of Paragraph 138 relate to other defendants,

7   KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

8   denies them.  To the extent the allegations of Paragraph 138 relate to KPE, KPE denies all of the

9   allegations.

10   139.    To the extent that the allegations of Paragraph 139 relate to other defendants,

11   KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

12   denies them.  To the extent the allegations contained in Paragraph 139 refer to public statements

13   by the government authorities there listed, those statements speak for themselves and no

14   response is required.  KPE otherwise denies the allegations of Paragraph 139.

15   140.    To the extent that the allegations of Paragraph 140 relate to other defendants,

16   KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

17   denies them.  To the extent the allegations of Paragraph 140 relate to KPE, KPE denies all of the

18   allegations.

19   141.    To the extent that the allegations of Paragraph 141 relate to other defendants,

20   KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

21   denies them.  To the extent the allegations of Paragraph 141 relate to KPE, KPE denies all of the

22   allegations.

23   142.    To the extent that the allegations of Paragraph 142 relate to other defendants,

24   KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

25   denies them.  To the extent the allegations of Paragraph 142 relate to KPE, KPE denies all of the

26   allegations.

27   143.    To the extent that the allegations of Paragraph 143 relate to other defendants,

28

-21-

KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 143 relate to KPE, KPE denies all of the allegations.

144. To the extent that the allegations of Paragraph 144 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 144 relate to KPE, KPE denies all of the allegations.

145. To the extent that the allegations of Paragraph 145 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 145 relate to KPE, KPE denies all of the allegations.

146. The allegations of Paragraph 146 are not directed at KPE and, therefore, no response is required. To the extent that a response is required and that the allegations of Paragraph 146 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 146 relate to KPE, KPE denies all of the allegations.

147. The allegations of Paragraph 147 are not directed at KPE and, therefore, no response is required. To the extent that a response is required and that the allegations of Paragraph 147 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 147 relate to KPE, KPE denies all of the allegations.

148. The allegations of Paragraph 148 are not directed at KPE and, therefore, no response is required. To the extent that a response is required and that the allegations of Paragraph 148 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent the allegations of Paragraph 148 relate to KPE, KPE denies all of the allegations.

149. The allegations of Paragraph 149 are not directed at KPE and, therefore, no

-22-

1    response is required.  To the extent that a response is required and that the allegations of

2    Paragraph 149 relate to other defendants, KPE lacks knowledge or information sufficient to form

3    a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph

4    149 relate to KPE, KPE denies all of the allegations.

5        150.    The allegations of Paragraph 150 are not directed at KPE and, therefore, no

6    response is required.  To the extent that a response is required and that the allegations of

7    Paragraph 150 relate to other defendants, KPE lacks knowledge or information sufficient to form

8    a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph

9    150 relate to KPE, KPE denies all of the allegations.

10       151.    To the extent that the allegations of Paragraph 151 relate to other defendants,

11   KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

12   denies them.  KPE denies that an entity named LP Displays existed during the 2001-2006 time

13   period alleged in Paragraph 151.  To the extent the allegations of Paragraph 151 relate to KPE,

14   KPE denies all of the allegations.  KPE specifically denies that any employee of LP Displays or

15   LG.Philips Displays attended any meeting described in this Paragraph on its behalf.  KPE was at

16   all times a wholly separate corporate entity from both LP Displays and LG.Philips Displays.

17       152.    The allegations of Paragraph 152 are not directed at KPE and, therefore, no

18   response is required.  To the extent that a response is required and that the allegations of

19   Paragraph 152 relate to other defendants, KPE lacks knowledge or information sufficient to form

20   a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph

21   152 relate to KPE, KPE denies all of the allegations.

22       153.    The allegations of Paragraph 153 are not directed at KPE and, therefore, no

23   response is required.  To the extent that a response is required and that the allegations of

24   Paragraph 153 relate to other defendants, KPE lacks knowledge or information sufficient to form

25   a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph

26   153 relate to KPE, KPE denies all of the allegations.

27       154.    The allegations of Paragraph 154 are not directed at KPE and, therefore, no

28

-23-

1    response is required.  To the extent that a response is required and that the allegations of

2    Paragraph 154 relate to other defendants, KPE lacks knowledge or information sufficient to form

3    a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph

4    154 relate to KPE, KPE denies all of the allegations.

5         155.    The allegations of Paragraph 155 are not directed at KPE and, therefore, no

6    response is required.  To the extent that a response is required and that the allegations of

7    Paragraph 155 relate to other defendants, KPE lacks knowledge or information sufficient to form

8    a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph

9    155 relate to KPE, KPE denies all of the allegations.

10        156.    KPE denies that it participated in, engaged in or was represented at any "Glass

11   Meetings" or "bilateral discussions" at which agreements were reached to restrict competition

12   for CRT Products, either on behalf of itself or any other entity.  KPE denies that it participated in

13   any such "Glass meetings" or "bilateral discussions" after 2001 "through" LG.Philips Displays.

14   KPE moreover avers that Paragraph 156 renders the Amended Complaint indefinite and

15   uncertain as to KPE.  To the extent that the allegations of Paragraph 156 relate to other

16   defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

17   therefore denies them.  In all other respects, KPE denies the allegations of Paragraph 156.

18        157.    To the extent that the allegations of Paragraph 157 relate to other defendants,

19   KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

20   denies them. To the extent the allegations of Paragraph 157 relate to KPE, KPE denies them.

21        158.    To the extent that the allegations of Paragraph 158 relate to other defendants,

22   KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

23   denies them.  To the extent the allegations of Paragraph 158 relate to KPE, KPE denies all of the

24   allegations.

25        159.    To the extent that the allegations of Paragraph 159 relate to other defendants,

26   KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

27   denies them.  To the extent the allegations of Paragraph 159 relate to KPE, KPE denies all of the

28

-24-

1   allegations.

2   160.   To the extent that the allegations of Paragraph 160 relate to other defendants,

3   KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

4   denies them.  To the extent the allegations of Paragraph 160 relate to KPE, KPE denies all of the

5   allegations.

6   161.   To the extent that the allegations of Paragraph 161 relate to other defendants,

7   KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

8   denies them.  To the extent the allegations of Paragraph 161 relate to KPE, KPE denies all of the

9   allegations.

10   162.   To the extent that the allegations of Paragraph 162 relate to other defendants,

11   KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

12   denies them.  To the extent the allegations of Paragraph 162 relate to KPE, KPE denies all of the

13   allegations.

14   163.   To the extent that the allegations of Paragraph 163 relate to other defendants,

15   KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

16   denies them.  To the extent the allegations of Paragraph 163 relate to KPE, KPE denies all of the

17   allegations.

18   164.   To the extent that the allegations of Paragraph 164 relate to other defendants,

19   KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

20   denies them.  To the extent the allegations of Paragraph 164 relate to KPE, KPE denies all of the

21   allegations.

22   165.   The first sentence of Paragraph 165 is an explanation of terminology to which no

23   response is required.  The allegations of Paragraph 165 also state legal contentions to which no

24   response is required.  To the extent that the remaining allegations of Paragraph 165 relate to

25   other defendants, KPE lacks knowledge or information sufficient to form a belief as to their

26   truth, and therefore denies them.  To the extent that the remaining allegations of Paragraph 165

27   relate to KPE, KPE denies all of the allegations.

28

ANSWER TO FIRST AMENDED COMPLAINT

1    166.    KPE lacks knowledge or information sufficient to form a belief as to the truth of

2    the allegations of Paragraph 166, and therefore denies them.

3    167.    The allegations contained in Paragraph 167 are vague and ambiguous, as they do

4    not identify any underlying product or service, and therefore KPE denies them.  To the extent

5    that the allegations contained in Paragraph 167 were derived from analyst reports, those reports

6    speak for themselves and no response is required.

7    168.    To the extent that the allegations contained in Paragraph 168 were derived from

8    analyst reports, those reports speak for themselves and no response is required.  To the extent the

9    allegations in Paragraph 168 concern defendants other than KPE, KPE is without knowledge or

10   information sufficient to form a belief as to the truth of the allegations and, on that basis, denies

11   them.

12   169.    The first sentence of Paragraph 169 is a legal contention to which no response is

13   required.  With regard to the second and third sentences of Paragraph 169, to the extent that

14   these allegations were derived from or purport to quote analyst reports, those reports speak for

15   themselves and no response is required.  With regard to the last sentence of Paragraph 169, KPE

16   lacks knowledge or information sufficient to form a belief as to the truth of those allegations and

17   therefore denies them.

18   170.    To the extent that the allegations in Paragraph 170 purport to quote an analyst

19   report, that report speaks for itself and no response is required.

20   171.    With regard to first and second sentence of Paragraph 171, KPE lacks knowledge

21   or information sufficient to form a belief as to the truth of the allegations, and therefore denies

22   them.  With regard to the third sentence of Paragraph 171, to the extent that the allegations relate

23   to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their

24   truth, and therefore denies them.  With regard to the third sentence of Paragraph 171, to the

25   extent the allegations relate to KPE, KPE denies all of the allegations.

26   172.    To the extent that the allegations of Paragraph 172 are derived from or purport to

27   quote an analyst report, that report speaks for itself and no response is required.  KPE otherwise

28

-26-

1  lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

2  Paragraph 172, and therefore denies them.

3       173.    To the extent that the allegations of Paragraph 173 are derived from or purport to

4  quote an analyst report, that report speaks for itself and no response is required.  KPE otherwise

5  lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

6  Paragraph 173, and therefore denies them.

7       174.    To the extent that the allegations of Paragraph 174 relate to other defendants,

8  KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

9  denies them.  To the extent that the allegations of Paragraph 174 are derived from or purport to

10  quote published statements, that publication speaks for itself and no response is required.  To the

11  extent the allegations of Paragraph 174 relate to KPE, KPE denies all of the allegations.

12       175.    To the extent that the allegations of Paragraph 175 relate to other defendants,

13  KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

14  denies them.  To the extent the allegations of Paragraph 175 relate to KPE, KPE denies all of the

15  allegations.

16       176.    To the extent that the allegations of Paragraph 176 relate to other defendants or to

17  plaintiffs, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

18  therefore denies them.  To the extent the allegations of Paragraph 176 relate to KPE, KPE denies

19  all of the allegations.

20       177.    To the extent that the allegations of Paragraph 177 relate to other defendants,

21  KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

22  denies them.  To the extent the allegations of Paragraph 177 relate to KPE, KPE denies all of the

23  allegations.  To the extent that the allegations of Paragraph 177 are derived from or purport to

24  quote published statements made by the President of Skyworth Macao Commercial Offshore

25  Co., Ltd., the published statements speak for themselves and no response is required.

26       178.    KPE lacks knowledge or information sufficient to form a belief as to the truth of

27  the allegations of Paragraph 178, and therefore denies them.

28

-27-

179.    The allegations of Paragraph 179 are legal contentions to which no response is required.  To the extent that the allegations contained in Paragraph 179 may be deemed to require a response from KPE, KPE denies them.

180.    The allegations of Paragraph 180 are legal contentions to which no response is required. To the extent that the allegations contained in Paragraph 180 refer to public statements by the government authorities there listed, those statements speak for themselves and no response is required.  KPE otherwise denies the allegations of Paragraph 180.

181.    To the extent that the allegations of Paragraph 181 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations contained in Paragraph 181 refer to public statements by the government authorities there listed, those statements speak for themselves and no response is required.  KPE otherwise denies the allegations of Paragraph 181.

182.    KPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 182, and therefore denies them.

183.    To the extent that the allegations of Paragraph 183 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations of Paragraph 183 are derived from or purport to quote from a news article, the article speaks for itself and no response is required.

184.    To the extent that the allegations of Paragraph 184 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations contained in Paragraph 184 refer to public statements by the government authorities there listed, those statements speak for themselves and no response is required.

185.    To the extent that the allegations of Paragraph 185 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations of Paragraph 185 are derived from or purport to quote from a news article, the article speaks for itself and no response is required.

ANSWER TO FIRST AMENDED COMPLAINT

186.    To the extent that the allegations in Paragraph 186 are derived from a news article or press release, those articles and press releases speak for themselves and no response is required.  KPE admits that on November 21, 2007, it received a grand jury subpoena from the Department of Justice regarding the CRT industry.  The Department of Justice subsequently deferred KPE's obligation to respond to that subpoena.

187.    To the extent that the allegations of Paragraph 187 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations contained in Paragraph 187 refers to publicly filed documents, those documents speak for themselves and no response is required.

188.    To the extent that the allegations of Paragraph 188 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations contained in Paragraph 188 refer to public statements by the government authorities there listed, those statements speak for themselves and no response is required.  KPE otherwise denies the allegations of Paragraph 188.

189.    To the extent that the allegations of Paragraph 189 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations contained in Paragraph 189 refer to public statements by the government authorities there listed, those statements speak for themselves and no response is required.  KPE otherwise denies the allegations of Paragraph 189.

190.    To the extent that the allegations of Paragraph 190 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations contained in Paragraph 190 refer to public statements by the government authorities there listed, those statements speak for themselves and no response is required.  KPE otherwise denies the allegations of Paragraph 190.

191.    To the extent that the allegations of Paragraph 191 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations contained in Paragraph 191 refer to public

-29-

1   statements by the government authorities there listed, those statements speak for themselves and

2   no response is required.  KPE otherwise denies the allegations of Paragraph 191.

3         192.   To the extent that the allegations of Paragraph 192 relate to other defendants,

4   KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

5   denies them.  To the extent that the allegations contained in Paragraph 192 refer to public

6   statements by the government authorities there listed, those statements speak for themselves and

7   no response is required.  KPE otherwise denies the allegations of Paragraph 192.

8         193.   The allegations of Paragraph 193 are legal contentions to which no response is

9   required.  To the extent a response is required and the allegations of in Paragraph 193 concern

10  KPE, KPE denies them.  To the extent that the allegations in Paragraph 193 concern defendants

11  other than KPE, KPE is without knowledge or information sufficient to form a belief as to the

12  truth of those allegations, and, on that basis, denies them.

13        194.   To the extent that the allegations of Paragraph 194 relate to other defendants,

14  KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

15  denies them.  To the extent the allegations contained in Paragraph 194 refer to public statements

16  by the government authorities there listed, those statements speak for themselves and no

17  response is required.  KPE otherwise denies the allegations of Paragraph 194.

18        195.   KPE lacks knowledge or information sufficient to form a belief as to the truth of

19  the allegations of Paragraph 195, and therefore denies them.

20        196.   To the extent that the allegations of Paragraph 196 relate to other defendants,

21  KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

22  denies them. To the extent the allegations contained in Paragraph 196 refer to public statements

23  by the government authorities there listed, those statements speak for themselves and no

24  response is required.

25        197.   To the extent that the allegations of Paragraph 197 relate to other defendants,

26  KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

27  denies them. To the extent that the allegations in Paragraph 197 are derived from or purport to

28

-30-

1  quote a news article, that news article speaks for itself and no response is required.

2       198.    To the extent that the allegations of Paragraph 198 relate to other defendants,

3  KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

4  denies them. To the extent the allegations contained in Paragraph 198 refer to public statements

5  by the government authorities there listed, those statements speak for themselves and no

6  response is required.

7       199.    To the extent that the allegations of Paragraph 199 relate to other defendants,

8  KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

9  denies them. To the extent the allegations contained in Paragraph 199 refer to public statements

10  by the government authorities there listed, those statements speak for themselves and no

11  response is required.

12       200.    To the extent that the allegations of Paragraph 200 relate to other defendants,

13  KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

14  denies them. To the extent the allegations contained in Paragraph 200 refer to public filings by

15  the government authorities there listed, those filings speak for themselves and no response is

16  required.

17       201.    To the extent that the allegations of Paragraph 201 relate to other defendants,

18  KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

19  denies them.  To the extent the allegations of Paragraph 201 relate to KPE, KPE denies all of the

20  allegations.

21       202.    To the extent that the allegations of Paragraph 202 relate to other defendants,

22  KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

23  denies them.  To the extent the allegations of Paragraph 202 relate to KPE, KPE denies all of the

24  allegations.

25       203.    To the extent that the allegations of Paragraph 203 relate to other defendants,

26  KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

27  denies them.  To the extent the allegations of Paragraph 203 relate to KPE, KPE denies all of the

28

-31-

CASE NO. 07-5944-SC
MDL NO. 1917

1     allegations.

2           204.    To the extent that the allegations of Paragraph 204 relate to other defendants,

3     KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

4     denies them.  To the extent the allegations of Paragraph 204 relate to KPE, KPE denies all of the

5     allegations.

6           205.    To the extent that the allegations of Paragraph 205 relate to other defendants,

7     KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

8     denies them.  To the extent the allegations of Paragraph 205 relate to KPE, KPE denies all of the

9     allegations

10          206.    To the extent that the allegations of Paragraph 206 relate to other defendants,

11    KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

12    denies them.  To the extent the allegations of Paragraph 206 relate to KPE, KPE denies all of the

13    allegations.

14          207.    To the extent that the allegations of Paragraph 207 relate to other defendants,

15    KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

16    denies them.  To the extent the allegations of Paragraph 207 relate to KPE, KPE denies all of the

17    allegations.

18          208.    To the extent that the allegations of Paragraph 208 relate to other defendants,

19    KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

20    denies them.  To the extent the allegations of Paragraph 208 relate to KPE, KPE denies all of the

21    allegations.

22          209.    To the extent that the allegations of Paragraph 209 relate to other defendants,

23    KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

24    denies them.  To the extent the allegations of Paragraph 209 relate to KPE, KPE denies all of the

25    allegations.

26          210.    To the extent that the allegations of Paragraph 210 relate to other defendants,

27    KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore

28

-32-

denies them.  To the extent the allegations of Paragraph 210 relate to KPE, KPE denies all of the allegations.

211.    To the extent that the allegations of Paragraph 211 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations contained in Paragraph 211 refers to publicly filed documents, those documents speak for themselves and no response is required.

212.    To the extent that the allegations of Paragraph 212 constitute legal conclusions, no response is required.  To the extent that the allegations are derived from or purport to quote from a news article, the article speaks for itself and no response is required.  To the extent the allegations contained in Paragraph 212 may be deemed to require a response from KPE, KPE denies them.

213.    To the extent that the allegations of Paragraph 213 are derived from or purport to quote from a news article, the article speaks for itself and no response is required.  To the extent that the allegations contained in Paragraph 213 may be deemed to require a response from KPE, KPE denies them.

214.    To the extent that the allegations of Paragraph 214 relate to other defendants or a plaintiff, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 214 relate to KPE, KPE denies all the allegations of Paragraph 214.

215.    To the extent that the allegations of Paragraph 215 constitute legal conclusions, no response is required.  To the extent that the allegations are derived from or purport to quote from a news article, the article speaks for itself and no response is required.  To the extent that the allegations contained in Paragraph 215 may be deemed to require a response from KPE, KPE denies them.

216.    To the extent that the allegations of Paragraph 216 are derived from or purport to quote from a news article, the article speaks for itself and no response is required.  To the extent that the allegations contained in Paragraph 216 may be deemed to require a response from KPE,

-33-

1    KPE denies them.

2         217.    To the extent that the allegations of Paragraph 217 constitute legal conclusions,

3    no response is required.  To the extent that the allegations of Paragraph 217 relate to other

4    defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

5    therefore denies them.  To the extent that the allegations contained in Paragraph 217 may be

6    deemed to require a response from KPE, KPE denies them.

7         218.    To the extent that the allegations of Paragraph 218 are derived from or purport to

8    quote from a news article, the article speaks for itself and no response is required.  To the extent

9    that the allegations contained in Paragraph 218 may be deemed to require a response from KPE,

10   KPE denies them.

11        219.    The allegations of Paragraph 219 are not directed at KPE and, therefore, no

12   response is required.  To the extent that the allegations contained in Paragraph 219 may be

13   deemed to require a response from KPE, KPE denies them.

14        220.    To the extent that the allegations of Paragraph 220 constitute legal conclusions,

15   no response is required.  To the extent that the allegations of Paragraph 220 relate to other

16   defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

17   therefore denies them.  To the extent that the allegations of Paragraph 220 are derived from or

18   purport to quote from a news article, the article speaks for itself and no response is required.  To

19   the extent that the allegations contained in Paragraph 220 may be deemed to require a response

20   from KPE, KPE denies them.

21        221.    To the extent that the allegations of Paragraph 221 constitute legal conclusions,

22   no response is required.  To the extent that the allegations of Paragraph 221 relate to other

23   defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and

24   therefore denies them.  To the extent that the allegations contained in Paragraph 221 may be

25   deemed to require a response from KPE, KPE denies them.

26        222.    To the extent that the allegations of Paragraph 222 and its subparts constitute

27   legal conclusions, no response is required.  To the extent that the allegations of Paragraph 222

28

1  and its subparts relate to other defendants, KPE lacks knowledge or information sufficient to

2  form a belief as to their truth, and therefore denies them.  To the extent that the allegations

3  contained in Paragraph 222 and its subparts may be deemed to require a response from KPE,

4  KPE denies them.

5  ## VIII.  ALLEGATIONS CONCERNING PLAINTIFFS' INJURIES

6  223.  To the extent the allegations of Paragraph 223 relate to Plaintiffs or other

7  defendants, KPE lacks knowledge or information sufficient to form a belief as to the truth of

8  those allegations and therefore denies them.  To the extent that the allegations of Paragraph 223

9  relate to KPE, KPE denies all of those allegations.

10  224.  To the extent the allegations of Paragraph 224 relate to Plaintiffs or other

11  defendants, KPE lacks knowledge or information sufficient to form a belief as to the truth of

12  those allegations and therefore denies them.  To the extent that the allegations of Paragraph 224

13  relate to KPE, KPE denies all of those allegations.

14  225.  To the extent the allegations of Paragraph 225 relate to Plaintiffs or other

15  defendants, KPE lacks knowledge or information sufficient to form a belief as to the truth of

16  those allegations and therefore denies them.  To the extent that the allegations of Paragraph 225

17  relate to KPE, KPE denies all of those allegations.

18  226.  KPE admits that the allegations in Paragraph 226 purport to describe CRT

19  technology and its distribution, but KPE denies that such descriptions are accurate or complete.

20  227.  KPE avers that the allegations of Paragraph 227 regarding markets constitute

21  legal conclusions and/or are vague and ambiguous, and unintelligible.  Owing to the vagueness

22  and ambiguity of the terms "CRT Products," "markets," and "intertwined," KPE denies the

23  allegations of Paragraph 227.  To the extent that the allegations contained in Paragraph 227 may

24  be deemed to require a response from KPE, KPE denies them.

25  228.  The first sentence of Paragraph 228 constitutes a legal contentions to which no

26  response is required.  KPE lacks knowledge or information sufficient to form a belief as to the

27  truth of the remainder of the allegations of Paragraph 228, and therefore denies them

28

-35-

229.     To the extent the allegations of Paragraph 229 relate to Plaintiffs or other defendants, KPE lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.  To the extent that the allegations of Paragraph 229 relate to KPE, KPE denies all of those allegations.

### IX.  ALLEGATIONS CONCERNING FRAUDULENT CONCEALMENT

230.     To the extent that the allegations in Paragraph 230 state legal contentions, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230, and therefore denies them.  To the extent that the allegations of Paragraph 230 relate to KPE, KPE denies all of those allegations.

231.     To the extent that the allegations in Paragraph 231 state legal contentions, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231, and therefore denies them.  To the extent that the allegations of Paragraph 231 relate to KPE, KPE denies all of those allegations.

232.     To the extent that the allegations in Paragraph 232 state legal contentions, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232, and therefore denies them.  To the extent that the allegations of Paragraph 232 relate to KPE, KPE denies all of those allegations.

233.     To the extent that the allegations in Paragraph 233 state legal contentions, no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233, and therefore denies them.

234.     To the extent the allegations of Paragraph 234 relate to Plaintiffs or other defendants, KPE lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.  To the extent that the allegations of Paragraph 234 relate to KPE, KPE denies all of those allegations.

235.     To the extent the allegations of Paragraph 235 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to the truth of those allegations and

therefore denies them.  To the extent that the allegations of Paragraph 235 relate to KPE, KPE denies all of those allegations.

236.    To the extent the allegations of Paragraph 236 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.  To the extent that the allegations of Paragraph 236 relate to KPE, KPE denies all of those allegations.

237.    To the extent the allegations of Paragraph 237 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.  To the extent that the allegations of Paragraph 237 relate to KPE, KPE denies all of those allegations.

238.    To the extent the allegations of Paragraph 238 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.  To the extent that the allegations of Paragraph 238 relate to KPE, KPE denies all of those allegations.

239.    To the extent the allegations of Paragraph 239 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.  To the extent that the allegations of Paragraph 239 are derived from or purport to quote other defendants' statements, those statements speak for themselves and no response is required.  KPE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 239, and therefore denies them.

240.    To the extent that the allegations in Paragraph 240 are derived from a news article or press release, those articles and press releases speak for themselves and no response is required.

241.    To the extent that the allegations of Paragraph 241 relate to other defendants, KPE lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 241 and its subparts relate to KPE, KPE denies all of the allegations.

242.    The allegations of Paragraph 242 are legal contentions to which no response is required.  To the extent any facts are alleged in Paragraph 242 to which a response is required, KPE denies them.

## X. Allegations Concerning Alleged Violations

### Claim for Violation of 15 U.S.C. § 1

243.    KPE repeats and incorporates by reference its responses to Paragraphs 1 through 242 of the Amended Complaint with the same force and effect as if set forth herein at length.

244.    KPE avers that the allegations of Paragraph 244 constitute legal contentions and/or conclusions to which no response is required.  To the extent that Paragraph 244 may be deemed to require a response from KPE, KPE denies all of the allegations.

245.    KPE denies each and every allegation of Paragraph 245.

246.    KPE denies each and every allegation of Paragraph 246.

247.    KPE denies each and every allegation of Paragraph 247.

248.    KPE denies each and every allegation of Paragraph 248, including its subparts.

249.    KPE denies each and every allegation of Paragraph 249.

### Claim for Violation of the Cartwright Act

250.    KPE repeats and incorporates by reference its responses to Paragraphs 1 through 249 of the Amended Complaint with the same force and effect as if set forth herein at length.

251.    KPE denies each and every allegation of Paragraph 251.

252.    KPE denies each and every allegation of Paragraph 252.

253.    KPE denies each and every allegation of Paragraph 253.

254.    KPE denies each and every allegation of Paragraph 254.

255.    KPE denies each and every allegation of Paragraph 255, including its subparts.

256.    KPE denies each and every allegation of Paragraph 256, including its subparts.

257.    KPE denies each and every allegation of Paragraph 257.

258.    KPE denies each and every allegation of Paragraph 258.

1

**Claim for Violation of California Unfair Competition Statute**

2      259.    KPE repeats and incorporates by reference its responses to Paragraphs 1 through

3   258 of the Amended Complaint with the same force and effect as if set forth herein at length.

4      260.    KPE denies each and every allegation of Paragraph 260.

5      261.    KPE denies each and every allegation of Paragraph 261.

6      262.    KPE denies each and every allegation of Paragraph 262.

7      263.    KPE denies each and every allegation of Paragraph 263.

8      264.    KPE denies each and every allegation of Paragraph 264.

9      265.    KPE denies each and every allegation of Paragraph 265.

10      266.    KPE denies each and every allegation of Paragraph 266.

11      267.    KPE denies each and every allegation of Paragraph 267.

12   **Claim for Violation of New York Donnelly Act**

13      268.    KPE repeats and incorporates by reference its responses to Paragraphs 1 through

14   267 of the Amended Complaint with the same force and effect as if set forth herein at length.

15      269.    KPE denies each and every allegation of Paragraph 269.

16      270.    KPE denies each and every allegation of Paragraph 270.

17      271.    KPE denies each and every allegation of Paragraph 271.

18      272.    KPE denies each and every allegation of Paragraph 272.

19      273.    KPE denies each and every allegation of Paragraph 273.

20      274.    KPE denies each and every allegation of Paragraph 274.

21   **Claim for Violation of New York Unfair Competition Statute**

22      275.    KPE repeats and incorporates by reference its responses to Paragraphs 1 through

23   274 of the Amended Complaint with the same force and effect as if set forth herein at length.

24      276.    KPE denies each and every allegation of Paragraph 276.

25      277.    KPE denies each and every allegation of Paragraph 277.

26      278.    KPE denies each and every allegation of Paragraph 278.

27      279.    KPE denies each and every allegation of Paragraph 279.

28

-39-

280.   KPE denies each and every allegation of Paragraph 280.

281.   KPE denies each and every allegation of Paragraph 281.

## XI.  Allegations Concerning Prayer for Relief

KPE denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of KPE as alleged in the Amended Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint.  All allegations of the Amended Complaint not heretofore admitted or denied are here and now denied as though specifically denied herein.

## AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, KPE asserts the following additional and/or affirmative defenses to Plaintiffs' Amended Complaint:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Lack of Subject Matter Jurisdiction)**

The conduct alleged to provide a basis for Plaintiffs did not have a direct, substantial, and reasonably foreseeable effect on trade or commerce within the United States.  The Court, therefore, lacks subject matter jurisdiction of the claims of Plaintiffs.

### THIRD AFFIRMATIVE DEFENSE
**(Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)**

Plaintiffs' claims for any foreign purchases, if any, should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege facts sufficient to support a claim under the foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

-40-

## FOURTH AFFIRMATIVE DEFENSE
### (Vagueness of Claims)

Plaintiffs' claims should be dismissed for uncertainty and vagueness and because their claims are ambiguous and/or unintelligible. KPE avers that Plaintiffs' claims do not describe the events or legal theories with sufficient particularity to permit KPE to ascertain what other defenses may exist. KPE therefore reserves the right to amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of more definitive facts upon the completion of its investigation and discovery.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege fraud or fraudulent concealment with sufficient particularity.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Plead Conspiracy with Particularity)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege conspiracy with sufficient particularity.

## SEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitation)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the applicable statutes of limitation.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unilateral Action)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any action taken by or on behalf of KPE that are the subject of the Amended Complaint were undertaken unilaterally for legitimate business reasons and in pursuit of KPE's independent interests and those of its customers, and were not the product of any contract, combination or conspiracy between KPE and any other person or entity.

-41-

### NINTH AFFIRMATIVE DEFENSE
**(Rule of Reason)**

Plaintiffs' claims are barred, in whole or in part, because any acts or practices of KPE that are the subject of the Amended Complaint were adopted in furtherance of legitimate business interests of KPE and of its customers and do not unreasonably restrain competition.

### TENTH AFFIRMATIVE DEFENSE
**(Competition)**

Plaintiffs' claims are barred, in whole or in part, because any acts or practices of KPE that are the subject of the Amended Complaint were cost justified or otherwise economically justified and resulted from a good faith effort to meet competition or market conditions.

### ELEVENTH AFFIRMATIVE DEFENSE
**(Non-actionable or Governmental Privilege)**

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of KPE that is the subject of the Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

### TWELFTH AFFIRMATIVE DEFENSE
**(No Act of KPE)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because no plaintiff has been injured in its business or property by reason of any action of KPE.

### THIRTEENTH AFFIRMATIVE DEFENSE
**(Intervening Conduct)**

Plaintiffs' claims are barred, in whole or in part, because any alleged injuries and/or damages were not legally or proximately caused by any acts or omissions of KPE and/or were caused, if at all, solely and proximately by the conduct of third parties including, without limitations, the prior, intervening or superseding conduct of such third parties.

ANSWER TO FIRST AMENDED COMPLAINT

CASE NO. 07-5944-SC
MDL NO. 1917

## FOURTEENTH AFFIRMATIVE DEFENSE
### (*Ultra Vires*)

To the extent that any actionable conduct may have occurred, Plaintiffs' claims against KPE are barred because all such alleged conduct would have been committed by individuals acting *ultra vires*.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Antitrust Injury)

Plaintiffs' claims should be dismissed because Plaintiffs have not suffered actual, cognizable antitrust injury of the type antitrust laws are intended to remedy.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Uncertainty of Damages)

Plaintiffs' claims should be dismissed because the alleged damages sought are too speculative and uncertain, and cannot be practicably ascertained or allocated.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiffs' claims should be dismissed, in whole or in part, because Plaintiffs failed to take all necessary, reasonable, and appropriate actions to mitigate their alleged damages, if any.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs would be unjustly enriched if they were allowed to recover any part of the damages alleged in the Amended Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Set Off)

Without admitting that Plaintiffs are entitled to recover damages in this matter, KPE is entitled to set off from any recovery Plaintiffs may obtain against KPE any amount paid to Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

ANSWER TO FIRST AMENDED COMPLAINT

CASE NO. 07-5944-SC
MDL NO. 1917

## TWENTIETH AFFIRMATIVE DEFENSE
### (Improper Taking)

Any award of restitution or monetary recovery pursuant to California Business and Professions §§ 17200, et seq. would constitute a taking of property without just compensation in violation of the Takings Clause of the U.S. Constitution and of Article 1, Section 19 of the California Constitution.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Laches)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of laches.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of unclean hands.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Acquiescence)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by Plaintiffs' acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to KPE.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

-44-

1

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (*Forum Non Conveniens*)

2

3

The Amended Complaint should be dismissed on the grounds of *forum non conveniens*.

4

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Improper Forum/Arbitration)

5

6

Plaintiffs' claims against KPE are barred to the extent that they have agreed to arbitration

or chosen a different forum for the resolution of their claims.

7

8

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

9

10

Plaintiffs' claims for injunctive relief should be dismissed because Plaintiffs have

available an adequate remedy at law.

11

12

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Failure to Join Indispensable Parties)

13

14

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

part, for failure to join indispensable parties.

15

16

## THIRTIETH AFFIRMATIVE DEFENSE
### (Due Process)

17

18

19

Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper

multiple punitive award for a single wrong because such an award would violate KPE's rights

guaranteed by the Due Process clause of the Fifth Amendment of the United States Constitution.

20

21

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Due Process)

22

23

24

25

Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper

multiple punitive award for a single wrong because such an award would violate KPE's rights

guaranteed by the Due Process provision of the Fourteenth Amendment of the United States

Constitution.

26

27

28

-45-

1

2

### THIRTY-SECOND AFFIRMATIVE DEFENSE
**(Equal Protection)**

Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper

multiple punitive award for a single wrong because such an award would violate KPE's rights

guaranteed by the Equal Protection provision of the Fourteenth Amendment of the United States

Constitution.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
**(Double Jeopardy)**

Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper

multiple punitive award for a single wrong because such an award would violate KPE's rights

guaranteed by the Double Jeopardy Clause of the Fifth Amendment of the United States

Constitution.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
**(Excessive Fines)**

Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper

multiple punitive award for a single wrong because such an award would violate KPE's rights

guaranteed by the Excessive Fines provision of the Eighth Amendment of the United States

Constitution.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
**(Unconstitutional Multiplicity)**

To the extent any recovery by Plaintiffs would be duplicative of recovery by other

plaintiffs and other lawsuits, subjecting KPE to the possibility of multiple recoveries, such

recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
**(Foreign Sales)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs may not recover

damages, if any, based on sales outside of the United States.

-46-

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (Legal Acts)

Plaintiffs' claims are barred, in whole or in part, to the extent they are based on alleged acts, conduct or statements that are specifically permitted by law.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE
### (Withdrawal)

To the extent that any actionable conduct occurred for which KPE is liable, some or all of Plaintiffs' claims against KPE are barred because KPE withdrew from and/or abandoned any alleged conspiracy prior to the commencement of the limitations period set forth in applicable statutes of limitations.

## THIRTY-NINTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any and all injuries alleged in the Amended Complaint, the fact and extent of which KPE specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiffs and/or third parties or entities, other than KPE.

## FORTIETH AFFIRMATIVE DEFENSE
### (Failure To Plead Special Damages With Specificity)

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to plead special damages with specificity as required by the laws of the various States cited.

## FORTY-FIRST AFFIRMATIVE DEFENSE
### (Injury or Damages Offset by Benefits Received)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any claimed injury or damage has been offset by benefits Plaintiffs received with respect to the challenged conduct.

-47-

1

## FORTY-SECOND AFFIRMATIVE DEFENSE
### (Damages Not Passed Through to Plaintiffs)

2

3

Plaintiffs' claims should be dismissed to the extent they are barred, in whole or in part,

because any injury or damage alleged in the Amended Complaint was not incurred by or passed

4

on to Plaintiffs, or was incurred by or passed on to persons or entities other than Plaintiffs.

5

## FORTY-THIRD AFFIRMATIVE DEFENSE
### (Proportionality)

6

7

To the extent KPE is found liable for damages, the fact and extent of which are expressly

8

denied by KPE, those damages must be reduced in proportion to KPE's degree of fault.

9

## FORTY-FOURTH AFFIRMATIVE DEFENSE
### (Release)

10

11

The claims of one or more of the persons or entities Plaintiffs purport to represent are

12

barred because they have been released.

13

## FORTY-FIFTH AFFIRMATIVE DEFENSE
### (No 'Full Consideration' Damages)

14

15

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not entitled to

16

"full consideration" damages.

17

## FORTY-SIXTH AFFIRMATIVE DEFENSE
### (Lack of Standing as Indirect Purchasers)

18

19

Plaintiffs' claims are barred, in whole or in part, to the extent the various States cited

20

have not repealed the *Illinois Brick* doctrine.

21

## FORTY-SEVENTH AFFIRMATIVE DEFENSE
### (Other Defenses Incorporated by Reference)

22

23

KPE adopts and incorporates by reference any and all other affirmative defenses asserted

24

or to be asserted by any other defendant in this proceeding to the extent that KPE may share in

25

such affirmative defenses.

26

27

28

ANSWER TO FIRST AMENDED COMPLAINT

CASE NO. 07-5944-SC
MDL NO. 1917

1

## FORTY-EIGHTH AFFIRMATIVE DEFENSE
### (Reservation of Rights to Assert Additional Defenses)

2

3

KPE has not knowingly or intentionally waived any applicable defenses and explicitly

reserves the right to assert and rely on such other applicable defenses as may become available

4

or apparent during discovery proceedings. KPE further reserves the right to amend its Answer

5

and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable

6

during the course of subsequent discovery.

7

8

**WHEREFORE**, KPE prays as follows:

9

1.      That the Plaintiffs take nothing by way of the Amended Complaint and the

10

Amended Complaint be dismissed with prejudice;

11

2.      That judgment be entered in favor of KPE and against Plaintiffs on each and

12

every cause of action set forth in the Amended Complaint;

13

3.      That KPE recover its costs of suit and attorneys' fees incurred herein; and

14

4.      That KPE be granted such other and further relief as the Court deems just and

15

proper.

16

DATED:  July 25, 2011                    BAKER BOTTS LLP

17

 /s/ Jon V. Swenson

18

Jon V. Swenson  (SBN 233054)

19

Email: jon.swenson@bakerbotts.com
BAKER BOTTS LLP
620 Hansen Way

20

Palo Alto, CA 94304
Telephone: (650) 739-7514

21

Facsimile: (650) 739-7614

22

Attorneys for KONINKLIJKE PHILIPS
ELECTRONICS N.V.

23

24

25

26

27

28

-49-

1

2

3

## **CERTIFICATE OF SERVICE**

4

     I hereby certify that I am a resident of the State of California and over the age of 18

5

years, and not a party to the within action. My business address is BAKER BOTTS LLP, 620

Hansen Way, Palo Alto, CA 94304.

6

7

     On July 25, 2011, I electronically filed the ANSWER OF KONINKLIJKE PHILIPS

ELECTRONICS, N.V. TO ELECTROGRAPH SYSTEMS, INC. AND ELECTROGRAPH

8

TECHNOLOGIES CORP.'S FIRST AMENDED COMPLAINT with the Clerk of the Court

using the CM/ECF system, which will send notification of such filing to the counsel of record in

9

this matter who are registered on the CM/ECF system.

10

                /s/ Jon V. Swenson

11

              Jon V. Swenson (SBN 233054)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO FIRST AMENDED COMPLAINT

CASE NO. 07-5944-SC

MDL NO. 1917