1   IAN SIMMONS (*Admitted Pro Hac Vice*)
2   Email: isimmons@omm.com
    O'MELVENY & MYERS LLP
3   1625 Eye St. NW
    Washington, D.C. 20006
4   Telephone: (202) 383-5300
    Facsimile: (202) 383-5414
5
6   BENJAMIN BRADSHAW (SBN 189925)
    Email: bbradshaw@omm.com
7   O'MELVENY & MYERS LLP
    1625 Eye St. NW
8   Washington, D.C. 20006
    Telephone: (202) 383-5300
9   Facsimile: (202) 383-5414

10  Attorneys for Defendant:
    **SAMSUNG ELECTRONICS CO., LTD.**
11

12                  **UNITED STATES DISTRICT COURT**
13                **NORTHERN DISTRICT OF CALIFORNIA**

14  IN RE CATHODE RAY TUBE (CRT)      )   No. 3:07-cv-5944 SC
    ANTITRUST LITIGATION              )   MDL No. 1917
15                                    )
                                      )
16                                    )   Judge: Hon. Samuel Conti
    This Document Relates to:         )   Special Master: Hon. Charles A. Legge (Ret.)
17                                    )
    Case No. 11-CV-0831               )   **SAMSUNG ELECTRONICS CO., LTD.'S**
18                                    )   **ANSWER TO ELECTROGRAPH**
                                      )   **SYSTEMS, INC.'S AND**
19                                    )   **ELECTROGRAPH TECHNOLOGIES**
                                      )   **CORP.'S FIRST AMENDED**
20                                    )   **COMPLAINT**
21                                    )
                                      )
22

23

24

25

26

27

28

1    Defendant Samsung Electronics Co., Ltd. ("SEC"), by and through its attorneys, admits,

2  denies, and avers as follows with respect to the First Amended Complaint (dated March 10, 2011,

3  "the Complaint") of Electrograph Systems, Inc. and Electrograph Technologies Corp.

4  (collectively, "Plaintiffs"):

5                              **I.  INTRODUCTION**

6         1.       Denies the allegations of Paragraph 1 of the Complaint, but avers (a) that the term

7  "products containing CRTs" is vague, ambiguous, and improperly overbroad because SEC does

8  not manufacture and sell Cathode Ray Tubes ("CRTs"), and the Complaint does not allege facts

9  that finished products containing CRTs were an object of the alleged conspiracy; and (b) that the

10  term "products containing CRTs" is not a term used in the business discourse of SEC and does

11  not denote a single, homogenous, and/or interchangeable product or group of products.

12        2.       Denies the allegations of Paragraph 2 of the Complaint, and specifically denies

13  that SEC manufactures CRTs except: (a) admits that SEC purchases color picture tubes ("CPTs")

14  and uses those CPTs as inputs in the manufacture of electronic devices; but (b) specifically denies

15  that SEC manufactures and sells CPTs; (c) admits that SEC purchases color display tubes

16  ("CDTs") and uses those CDTs as inputs in the manufacture of finished electronic devices; but

17  (d) specifically denies that SEC manufactures and sells CDTs; (e) admits that Plaintiffs purport to

18  define "CPT Products," "CDT Products," and "CRT Products" as encompassing both CRTs and

19  products containing CRTs; but (f) avers that those terms are vague, ambiguous, and improperly

20  overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege

21  facts that finished products containing CRTs were an object of the alleged conspiracy; and (g)

22  avers that the term "CRT Products" is not a term used in the business discourse of SEC and does

23  not denote a single, homogenous, and/or interchangeable product or group of products.

24        3.       Denies the allegations of Paragraph 3 of the Complaint, except avers that the term

25  "CRT industry" is vague, ambiguous, and not self-defining.

26        4.       Denies the allegations of Paragraph 4 of the Complaint, except: (a) specifically

27  denies that SEC was engaged in the conspiracy alleged in the Complaint; (b) avers that the term

28  "CRT industry" is vague, ambiguous, and not self-defining; (c) avers that since the mid-1990s,

1    electronic devices containing emerging technologies such as liquid crystal displays ("LCDs")

2    have increasingly competed with the sale of electronic devices containing CPTs and CDTs; (d)

3    avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC

4    does not manufacture and sell CRTs, and the Complaint does not allege facts that finished

5    products containing CRTs were an object of the alleged conspiracy; and (e) avers that to the

6    extent the allegations contained in Paragraph 4 of the Complaint are legal conclusions, no

7    response is required.

8    　　　　5.　　　Denies the allegations of Paragraph 5 of the Complaint, except: (a) specifically

9    denies that SEC was engaged in the conspiracy alleged in the Complaint; (b) avers that the term

10   "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

11   manufacture and sell CRTs, and the Complaint does not allege facts that finished products

12   containing CRTs were an object of the alleged conspiracy; and (c) avers that to the extent the

13   allegations contained in Paragraph 5 of the Complaint are legal conclusions, no response is

14   required.

15   　　　　6.　　　Denies the allegations of Paragraph 6 of the Complaint, except: (a) avers that the

16   term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

17   manufacture and sell CRTs, and the Complaint does not allege facts that finished products

18   containing CRTs were an object of the alleged conspiracy; and (b) avers that to the extent the

19   allegations contained in Paragraph 6 of the Complaint are legal conclusions, no response is

20   required.

21   　　　　7.　　　Denies the allegations of Paragraph 7 of the Complaint.

22   　　　　8.　　　Denies the allegations of Paragraph 8 of the Complaint, except avers that: (a) the

23   terms "this conspiracy" and "multiple foreign competition authorities" are vague, ambiguous, and

24   improperly overbroad; and (b) a two-count indictment was issued against C.Y. Lin, former

25   Chairman and CEO of Chunghwa Picture Tubes, Ltd. related to CPTs and CDTs on February 10,

26   2009, and respectfully refers the Court to the indictment for a full and complete description of its

27   contents.

28

9. Denies the allegations of Paragraph 9 of the Complaint, except avers that: (a) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations contained in Paragraph 9 of the Complaint are legal conclusions, no response is required.

## II. JURISDICTION AND VENUE

10. Admits that Plaintiffs purport to bring this action under Sections 4 and 16 of the Clayton Act (15 U.S.C. §§ 4, 16) and Section 1 of the Sherman Act (15 U.S.C. § 1), and purport to seek injunctive relief and to recover damages, except: (a) specifically denies that Plaintiffs are entitled to any relief on the purported claims alleged in the Complaint; and (b) avers that to the extent the allegations contained in Paragraph 10 of the Complaint are legal conclusions, no response is required.

11. Admits that Plaintiffs purport to bring this action under California's Cartwright Act (Cal. Bus. & Prof. Code § 16700 *et seq.*) and the California Unfair Competition Act (Cal. Bus. & Prof. Code § 17200 *et seq.*), and purport to seek injunctive relief and to recover damages, except: (a) specifically denies that Plaintiffs are entitled to any relief on the purported claims alleged in the Complaint; and (b) avers that to the extent the allegations contained in Paragraph 11 of the Complaint are legal conclusions, no response is required.

12. Admits that Plaintiffs purport to bring this action under New York's Donnelly Act (N.Y. Gen. Bus. Law § 340 *et seq.*) and the New York Unfair Competition Act (N.Y. Gen. Bus. Law § 349 *et seq.*), and purport to seek injunctive relief and to recover damages, except: (a) specifically denies that Plaintiffs are entitled to any relief on the purported claims alleged in the Complaint; and (b) avers that to the extent the allegations contained in Paragraph 12 of the Complaint are legal conclusions, no response is required.

13. Denies the allegations of Paragraph 13 of the Complaint, except admits that the Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1367 to the extent that Plaintiffs allege a domestic injury.

14.     Denies the allegations of Paragraph 14 of the Complaint, except avers that: (a) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations contained in Paragraph 14 of the Complaint are legal conclusions, no response is required.

15.     Denies the allegations of Paragraph 15 of the Complaint, except avers that: (a) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations contained in Paragraph 15 of the Complaint are legal conclusions, no response is required.

16.     Denies the allegations of Paragraph 16 of the Complaint, except admits that the Court has jurisdiction over this action pursuant to 15 U.S.C. § 22.

17.     Denies the allegations of Paragraph 17 of the Complaint, except admits that the Court has jurisdiction over this action pursuant to 15 U.S.C. § 22 and 28 U.S.C §§ 1391(b), (c), and (d).

## III.  PARTIES

**A.     Plaintiffs**

18.     Avers that SEC is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of the Complaint.

19.     Avers that SEC is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Complaint.

20.     Denies the allegations of Paragraph 20 of the Complaint, and specifically denies that SEC engaged in any "unlawful conduct," except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

**B.     Plaintiffs' Corporate History**

21.    Denies the allegations of Paragraph 21 of the Complaint, and specifically denies that SEC engaged in any "unlawful conduct," except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

22.    Denies the allegations of Paragraph 22 of the Complaint, and specifically denies that SEC engaged in any "unlawful conduct," except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

23.    Denies the allegations of Paragraph 23 of the Complaint, and specifically denies that SEC engaged in any "unlawful conduct," except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

24.    Avers that SEC is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of the Complaint.

25.    Denies the allegations of Paragraph 25 of the Complaint, and specifically denies that SEC engaged in any "unlawful conduct," except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

26.    Avers that SEC is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of the Complaint.

27.     Denies the allegations of Paragraph 27 of the Complaint, and specifically denies that SEC engaged in any "unlawful conduct," except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

28.     Avers that SEC is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Complaint.

29.     Denies the allegations of Paragraph 29 of the Complaint, and specifically denies that SEC engaged in any "unlawful conduct," except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

30.     Avers that SEC is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of the Complaint.

31.     Denies the allegations of Paragraph 31 of the Complaint, and specifically denies that SEC engaged in any "unlawful conduct," except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

32.     Avers that SEC is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of the Complaint.

33.     Denies the allegations of Paragraph 33 of the Complaint, and specifically denies that SEC engaged in any "conspiracy," except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

1  manufacture and sell CRTs, and the Complaint does not allege facts that finished products

2  containing CRTs were an object of the alleged conspiracy.

3  **C.      Defendants**

4         34.     Denies the allegations of Paragraph 34 of the Complaint, except avers that: (a)

5  SEC is without knowledge or information sufficient to form a belief as to the truth of the

6  allegations of Paragraph 34; and (b) the term "CRT Products" is vague, ambiguous, and

7  improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does

8  not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

9         35.     Denies the allegations of Paragraph 35 of the Complaint, except avers that: (a) that

10  SEC is without knowledge or information sufficient to form a belief as to the truth of the

11  allegations of Paragraph 35; and (b) the term "CRT Products" is vague, ambiguous, and

12  improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does

13  not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

14        36.     Denies the allegations of Paragraph 36 of the Complaint, except avers that: (a)

15  SEC is without knowledge or information sufficient to form a belief as to the truth of the

16  allegations of Paragraph 36; and (b) the term "CRT Products" is vague, ambiguous, and

17  improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does

18  not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

19        37.     Denies the allegations of Paragraph 37 of the Complaint, except avers that: (a)

20  SEC is without knowledge or information sufficient to form a belief as to the truth of the

21  allegations of Paragraph 37; and (b) the term "CRT Products" is vague, ambiguous, and

22  improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does

23  not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

24        38.     Denies the allegations of Paragraph 38 of the Complaint, except avers that: (a)

25  SEC is without knowledge or information sufficient to form a belief as to the truth of the

26  allegations of Paragraph 38; and (b) the term "CRT Products" is vague, ambiguous, and

27  improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does

28  not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

1    39.    Denies the allegations of Paragraph 39 of the Complaint, except avers that: (a)

2    SEC is without knowledge or information sufficient to form a belief as to the truth of the

3    allegations of Paragraph 39; and (b) the term "CRT Products" is vague, ambiguous, and

4    improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does

5    not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

6    40.    Admits that the Complaint purports to refer to Hitachi Ltd., Hitachi Displays,

7    Hitachi America, Hitachi Asia, HEDUS, and Hitachi Shenzhen collectively as "Hitachi," except

8    avers that SEC is without knowledge or information sufficient to form a belief as to whether such

9    reference is appropriate or justified.

10    41.    Denies the allegations of Paragraph 41 of the Complaint, except avers that: (a) that

11    SEC is without knowledge or information sufficient to form a belief as to the truth of the

12    allegations of Paragraph 41; and (b) the term "CRT Products" is vague, ambiguous, and

13    improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does

14    not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

15    42.    Denies the allegations of Paragraph 42 of the Complaint, except avers that: (a)

16    SEC is without knowledge or information sufficient to form a belief as to the truth of the

17    allegations of Paragraph 42; and (b) the term "CRT Products" is vague, ambiguous, and

18    improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does

19    not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

20    43.    Denies the allegations of Paragraph 43 of the Complaint, except avers that: (a)

21    SEC is without knowledge or information sufficient to form a belief as to the truth of the

22    allegations of Paragraph 43; and (b) the term "CRT Products" is vague, ambiguous, and

23    improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does

24    not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

25    44.    Admits that the Complaint purports to refer to IGC, IGE, and IDDC collectively as

26    "IRICO," except avers that SEC is without knowledge or information sufficient to form a belief

27    as to whether such reference is appropriate or justified.

28

1    45.    Denies the allegations of Paragraph 45 of the Complaint, except avers that: (a)

2    SEC is without knowledge or information sufficient to form a belief as to the truth of the

3    allegations of Paragraph 45; and (b) the term "CRT Products" is vague, ambiguous, and

4    improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does

5    not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

6    46.    Denies the allegations of Paragraph 46 of the Complaint, except avers that: (a)

7    SEC is without knowledge or information sufficient to form a belief as to the truth of the

8    allegations of Paragraph 46; and (b) the term "CRT Products" is vague, ambiguous, and

9    improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does

10   not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

11   47.    Denies the allegations of Paragraph 47 of the Complaint, except avers that: (a)

12   SEC is without knowledge or information sufficient to form a belief as to the truth of the

13   allegations of Paragraph 47; and (b) the term "CRT Products" is vague, ambiguous, and

14   improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does

15   not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

16   48.    Admits that the Complaint purports to refer to LGEI, LGEUSA and LGETT

17   collectively as "LG Electronics," except avers that SEC is without knowledge or information

18   sufficient to form a belief as to whether such reference is appropriate or justified.

19   49.    Denies the allegations of Paragraph 49 of the Complaint, except avers that: (a)

20   SEC is without knowledge or information sufficient to form a belief as to the truth of the

21   allegations of Paragraph 49; and (b) the term "CRT Products" is vague, ambiguous, and

22   improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does

23   not allege facts that finished products containing CRTs were an object of the alleged conspiracy

24   50.    Denies the allegations of Paragraph 50 of the Complaint, except avers that: (a)

25   SEC is without knowledge or information sufficient to form a belief as to the truth of the

26   allegations of Paragraph 50; and (b) the term "CRT Products" is vague, ambiguous, and

27   improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does

28   not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

51.     Denies the allegations of Paragraph 51 of the Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

52.     Admits that the Complaint purports to refer to Panasonic Corporation and PCNA collectively as "Panasonic," except avers that SEC is without knowledge or information sufficient to form a belief as to whether such reference is appropriate or justified

53.     Denies the allegations of Paragraph 53 of the Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

54.     Denies the allegations of Paragraph 54 of the Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

55.     Denies the allegations of Paragraph 55 of the Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

56.     Denies the allegations of Paragraph 56 of the Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

57.     Denies the allegations of Paragraph 57 of the Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

58.     Denies the allegations of Paragraph 58 of the Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

59.     Admits that the Complaint purports to refer to Royal Philips, Philips America, Philips Taiwan, and Philips Brazil collectively as "Philips," except avers that SEC is without knowledge or information sufficient to form a belief as to whether such reference is appropriate or justified.

60.     Denies the allegations of Paragraph 60 of the Complaint, except avers that: (a) SEC is a South Korean company with its principal place of business located at Samsung Electronics Building, 1320-10, Seocho 2-dong, Seocho-gu, Seoul 137-857, South Korea; (b) SEC is without knowledge or information sufficient to form a belief as to whether SEC is "South Korea's top electronics company" as that phrase is vague, ambiguous, and not self-defining; (c) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy; and (d) to the extent the allegations contained in Paragraph 60 of the Complaint are legal conclusions, no response is required.

61.     Denies the allegations of Paragraph 61 of the Complaint, except: (a) admits that Samsung Electronics America, Inc. ("SEAI") is a New York corporation with its principal place of business located at 105 Challenger Road, 6th Floor, Ridgefield Park, New Jersey 07660; (b) admits that SEAI is a wholly-owned subsidiary of SEC; (c) avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs,

1    and the Complaint does not allege facts that finished products containing CRTs were an object of

2    the alleged conspiracy; and (d) avers that to the extent the allegations contained in Paragraph 61

3    of the Complaint are legal conclusions, no response is required.

4         62.    Denies the allegations of Paragraph 62 of the Complaint, except: (a) admits that

5    Samsung SDI Co., Ltd. ("Samsung SDI") is a South Korean company; (b) avers that Samsung

6    SDI's principal place of business is located at 575 Shin-dong, Youngtong-gu, Suwon, South

7    Korea; (c) specifically denies that SEC "dominated and controlled the finances, policies, and

8    affairs of Samsung SDI"; (d) avers that SEC is without knowledge or information sufficient to

9    form a belief as to the truth of the remaining allegations of Paragraph 62; (e) avers that the term

10   "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

11   manufacture and sell CRTs, and the Complaint does not allege facts that finished products

12   containing CRTs were an object of the alleged conspiracy; and (f) avers that to the extent the

13   allegations contained in Paragraph 62 of the Complaint are legal conclusions, no response is

14   required.

15        63.    Denies the allegations of Paragraph 63 of the Complaint, except: (a) specifically

16   denies that SEC dominated or controlled the finances, policies, or affairs of Samsung SDI

17   America; (b) avers that SEC is without knowledge or information sufficient to form a belief as to

18   the truth of the remaining allegations of Paragraph 63; (c) avers that the term "CRT Products" is

19   vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs,

20   and the Complaint does not allege facts that finished products containing CRTs were an object of

21   the alleged conspiracy; and (d) avers that to the extent the allegations contained in Paragraph 63

22   of the Complaint are legal conclusions, no response is required.

23        64.    Denies the allegations of Paragraph 64 of the Complaint, except: (a) specifically

24   denies that SEC dominated or controlled the finances, policies, or affairs of Samsung SDI

25   Mexico; (b) avers that SEC is without knowledge or information sufficient to form a belief as to

26   the truth of the remaining allegations of Paragraph 64; (c) avers that the term "CRT Products" is

27   vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs,

28   and the Complaint does not allege facts that finished products containing CRTs were an object of

1 | the alleged conspiracy; and (d) avers that to the extent the allegations contained in Paragraph 64
2 | of the Complaint are legal conclusions, no response is required.

3 | 65. Denies the allegations of Paragraph 65 of the Complaint, except: (a) specifically
4 | denies that SEC dominated or controlled the finances, policies, or affairs of Samsung SDI Brazil;
5 | (b) avers that SEC is without knowledge or information sufficient to form a belief as to the truth
6 | of the remaining allegations of Paragraph 65; (c) avers that the term "CRT Products" is vague,
7 | ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the
8 | Complaint does not allege facts that finished products containing CRTs were an object of the
9 | alleged conspiracy; and (d) avers that to the extent the allegations contained in Paragraph 65 of
10 | the Complaint are legal conclusions, no response is required.

11 | 66. Denies the allegations of Paragraph 66 of the Complaint, except: (a) specifically
12 | denies that SEC dominated or controlled the finances, policies, or affairs of Samsung SDI
13 | Shenzhen; (b) avers that SEC is without knowledge or information sufficient to form a belief as to
14 | the truth of the remaining allegations of Paragraph 66; (c) avers that the term "CRT Products" is
15 | vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs,
16 | and the Complaint does not allege facts that finished products containing CRTs were an object of
17 | the alleged conspiracy; and (d) avers that to the extent the allegations contained in Paragraph 66
18 | of the Complaint are legal conclusions, no response is required.

19 | 67. Denies the allegations of Paragraph 67 of the Complaint, except: (a) specifically
20 | denies that SEC dominated or controlled the finances, policies, or affairs of Samsung SDI
21 | Tianjin; (b) avers that SEC is without knowledge or information sufficient to form a belief as to
22 | the truth of the remaining allegations of Paragraph 67; (c) avers that the term "CRT Products" is
23 | vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs,
24 | and the Complaint does not allege facts that finished products containing CRTs were an object of
25 | the alleged conspiracy; and (d) avers that to the extent the allegations contained in Paragraph 67
26 | of the Complaint are legal conclusions, no response is required.

27 | 68. Denies the allegations of Paragraph 68 of the Complaint, except: (a) specifically
28 | denies that SEC dominated or controlled the finances, policies, or affairs of Samsung SDI

Malaysia; (b) avers that SEC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 68; (c) avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy; and (d) avers that to the extent the allegations contained in Paragraph 68 of the Complaint are legal conclusions, no response is required.

69.     Admits that the Complaint purports to refer to SEC, SEAI, Samsung SDI, Samsung SDI America, Samsung SDI Mexico, Samsung SDI Brazil, Samsung SDI Shenzhen, Samsung SDI Tianjin, and Samsung SDI Malaysia collectively as "Samsung," except specifically denies that such a collective reference is appropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures.  SEC avers that SEC and Samsung SDI are separate and distinct publicly-owned companies; SEC owns an approximately 20 percent share of Samsung SDI's stock and does not dominate or control the finances, policies, or affairs of Samsung SDI, Samsung SDI America, Samsung SDI Mexico, Samsung SDI Brazil, Samsung SDI Shenzhen, Samsung SDI Tianjin, or Samsung Malaysia (collectively, "the SDI Defendants").  Furthermore, SEC avers that it and the SDI Defendants have dissimilar lines of business, and SEC does not manufacture and sell CRTs.

70.     Denies the allegations of Paragraph 70 of the Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

71.     Denies the allegations of Paragraph 71 of the Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

72.     Denies the allegations of Paragraph 72 of the Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

73.     Denies the allegations of Paragraph 73 of the Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

74.     Denies the allegations of Paragraph 74 of the Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

75.     Denies the allegations of Paragraph 75 of the Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

76.     Denies the allegations of Paragraph 76 of the Complaint, except avers that: (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

77.     Admits that the Complaint purports to refer to TC, Toshiba America, TACP, TAEC, and TAIS collectively as "Toshiba," except avers that SEC is without knowledge or

1   information sufficient to form a belief as to whether such a collective reference is appropriate or

2   justified.

3               **IV.  PURPORTED AGENTS AND CO-CONSPIRATORS**

4       78.     Denies the allegations of Paragraph 78 of the Complaint.

5       79.     Denies the allegations of Paragraph 79 of the Complaint.

6       80.     Denies the allegations of Paragraph 80 of the Complaint, except avers that SEC is

7   without knowledge or information sufficient to form a belief as to the truth of the allegations of

8   Paragraph 80.

9       81.     Denies the allegations of Paragraph 81 of the Complaint, except avers that SEC is

10  without knowledge or information sufficient to form a belief as to the truth of the allegations of

11  Paragraph 81.

12      82.     Admits that the Complaint purports to refer to Daewoo Electronics, Orion, and

13  DOSA collectively as "Daewoo," except avers that SEC is without knowledge or information

14  sufficient to form a belief as to whether such a collective reference is appropriate or justified.

15      83.     Denies the allegations of Paragraph 83 of the Complaint, except avers that SEC is

16  without knowledge or information sufficient to form a belief as to the truth of the allegations of

17  Paragraph 83.

18      84.     Denies the allegations of Paragraph 84 of the Complaint, except avers that SEC is

19  without knowledge or information sufficient to form a belief as to the truth of the allegations of

20  Paragraph 84.

21      85.     Denies the allegations of Paragraph 85 of the Complaint, except avers that SEC is

22  without knowledge or information sufficient to form a belief as to the truth of the allegations of

23  Paragraph 85.

24      86.     Denies the allegations of Paragraph 86 of the Complaint.

25                    **V.  TRADE AND COMMERCE**

26      87.     Denies the allegations of Paragraph 87 of the Complaint, and avers that: (a) the

27  term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

28  manufacture and sell CRTs, and the Complaint does not allege facts that finished products

1   containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations

2   contained in Paragraph 87 of the Complaint are legal conclusions, no response is required.

3          88.     Denies the allegations of Paragraph 88 of the Complaint, and avers that: (a) SEC is

4   without knowledge or information sufficient to form a belief as to the "market for CRT

5   Products"; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad

6   because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that

7   finished products containing CRTs were an object of the alleged conspiracy.

8          89.     Denies the allegations of Paragraph 89 of the Complaint, and avers that to the

9   extent the allegations contained in Paragraph 89 of the Complaint are legal conclusions, no

10  response is required.

11                      **VII.  PURPORTED FACTUAL ALLEGATIONS**

12  **A.     CRT Technology**

13         90.     Denies the allegations of Paragraph 90 of the Complaint, except avers that: (a)

14  Plaintiffs' description of the operation of a CRT is incomplete, oversimplified, and incorrect in

15  certain respects; and (b) SEC reserves the right to provide a more thorough and complete

16  description of the operation of CRT to the extent that the technical operation of a CRT is relevant

17  to Plaintiffs' claims in this proceeding.

18         91.     Denies the allegations of Paragraph 91 of the Complaint, except: (a) admits that

19  CRT technology was first developed more than a century ago; (b) admits that cathode ray tubes

20  ("CRTs") are used in televisions, computer monitors, and other applications; and (c) avers that

21  SEC is without knowledge or information sufficient to form a belief as to the truth of the

22  allegations of Paragraph 91.

23         92.     Denies the allegations of Paragraph 92 of the Complaint.

24         93.     Denies the allegations of Paragraph 93 of the Complaint, except avers that SEC is

25  without knowledge or information sufficient to form a belief as to the truth of the allegations of

26  Paragraph 93 due to the vague and ambiguous nature of terms such as "refinements and

27  incremental advancements," "along the way," and "similar."

28

1     94.     Denies the allegations of Paragraph 94 of the Complaint, except avers that: (a)

2   Plaintiffs' description of the differences between CDTs and CPTs is incomplete and

3   oversimplified; (b) SEC reserves the right to provide a more thorough and complete description

4   of the differences between CDTs and CPTs to the extent that such a description is relevant to

5   Plaintiffs' claims in this proceeding; and (c) to the extent that the allegations of Paragraph 94

6   appear to be definitional only, they do not call for a response.

7     95.     Denies the allegations of Paragraph 95 of the Complaint.

8     96.     Denies the allegations of Paragraph 96 of the Complaint, except avers that: (a)

9   SEC is without knowledge or information sufficient to form a belief as to the truth of the

10  allegations of Paragraph 96 due to the vague and ambiguous nature of terms and phrases such as

11  "inextricably linked," "intertwined," and "inseparable"; and (b) the term "CRT Products" is

12  vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs,

13  and the Complaint does not allege facts that finished products containing CRTs were an object of

14  the alleged conspiracy.

15    97.     Denies the allegations of Paragraph 97 of the Complaint, and specifically denies

16  that SEC participated in an "unlawful conspiracy," except avers that the term "CRT Products" is

17  vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs,

18  and the Complaint does not allege facts that finished products containing CRTs were an object of

19  the alleged conspiracy.

20    98.     Denies the allegations of Paragraph 98 of the Complaint, and specifically denies

21  that SEC participated in an "unlawful conspiracy," except avers that the term "CRT Products" is

22  vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs,

23  and the Complaint does not allege facts that finished products containing CRTs were an object of

24  the alleged conspiracy.

25    99.     Denies the allegations of Paragraph 99 of the Complaint, except avers that (a) the

26  term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

27  manufacture and sell CRTs, and the Complaint does not allege facts that finished products

28

1  containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations in

2  Paragraph 99 are legal conclusions, no response is required.

3  **B.     Purported Structure of the CRT Industry**

4        100.    Denies the allegations of Paragraph 100 of the Complaint, except avers that SEC is

5  without knowledge or information sufficient to form a belief as to the truth of the allegations in

6  Paragraph 100 due to the vague and ambiguous nature of the terms "CRT industry," "market

7  concentration," "consolidation," "interrelated," "significant," "heightened," and "homogeneity."

8        101.    Denies the allegations of Paragraph 101 of the Complaint, except avers that SEC is

9  without knowledge or information sufficient to form a belief as to the truth of the allegations of

10  Paragraph 101 due to the vague and ambiguous nature of the terms "CRT industry," "dominated,"

11  "relatively few," and "CRT market."

12       102.    Denies the allegations of Paragraph 102 of the Complaint.

13       103.    Denies the allegations of Paragraph 103 of the Complaint, except: (a) avers that

14  SEC is without knowledge or information sufficient to form a belief as to the truth of the

15  allegations of Paragraph 103 due to the fact that the allegations involve actions by third parties;

16  (b) denies that Plaintiff's collective reference to "Samsung" is appropriate as it improperly seeks

17  to group together distinct legal entities with separate businesses and ownership structures.

18       104.    Denies the allegations of Paragraph 104 of the Complaint, except avers that SEC is

19  without knowledge or information sufficient to form a belief as to the allegations of Paragraph

20  104 due to the vague and ambiguous nature of the term "CRT industry" and the fact that the

21  allegations involve actions by third parties.

22       105.    Denies the allegations of Paragraph 105 of the Complaint, except avers that SEC is

23  without knowledge or information sufficient to form a belief as to the allegations of Paragraph

24  105 due to the vague and ambiguous nature of the terms "industry" and "cooperative

25  arrangements."

26       106.    Denies the allegations of Paragraph 106, including each subpart, of the Complaint,

27  except: (a) avers that SEC is without knowledge or information sufficient to form a belief as to

28  the truth of the allegations of Paragraph 106 due to the the that the allegations involve actions by

third parties; (b) denies that Plaintiff's collective reference to "Samsung" is appropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures.

107.    Denies the allegations of Paragraph 107 of the Complaint, except avers that (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 due to the vague and ambiguous nature of the term "CRT industry;" and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

108.    Denies the allegations of Paragraph 108 of the Complaint, except avers that (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 due to the vague and ambiguous nature of the terms "generally declining" and "substantial rate;" and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

109.    Denies the allegations of Paragraph 109 of the Complaint, except avers that (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 due to the vague and ambiguous nature of the terms "newer," "rapid growth," and "mature;" and (b) the term "CRT Product" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

110.    Denies the allegations of Paragraph 110 of the Complaint, except avers that (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 due to the vague and ambiguous nature of the terms "more likely" and "greater incentive;" and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

111.    Denies the allegations of Paragraph 111 of the Complaint, and specifically denies that SEC was engaged in the conspiracy or collusive conduct alleged in the Complaint, except (a) avers that SEC is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 111 due to the vague and ambiguous nature of the terms "rapidly replaced" and "declining;" (b) avers that the term "CRT Product" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy; and (c) admits that since the mid-1990s, electronic devices containing emerging technologies such as LCDs have increasingly competed with the sale of electronic devices containing CPTs and CDTs.

112.    Denies the allegations of Paragraph 112 of the Complaint, and specifically denies that SEC was engaged in the conspiracy or collusive conduct alleged in the Complaint, except (a) avers that SEC is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 112 due to the vague and ambiguous nature of the terms "dominant," "high costs," and "cheaper alternative;" (b) avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy; and (c) admits that since the mid-1990s, electronic devices containing emerging technologies such as LCDs have increasingly competed with the sale of electronic devices containing CPTs and CDTs.

113.    Denies the allegations of Paragraph 113 of the Complaint, except avers that SEC is without knowledge or information sufficient to form a belief as to the accuracy of that representation.

114.    Denies the allegations of Paragraph 114 of the Complaint, except avers that SEC is without knowledge or information sufficient to form a belief as to the accuracy of that representation.

115.    Denies the allegations of Paragraph 115 of the Complaint, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

1    manufacture and sell CRTs, and the Complaint does not allege facts that finished products

2    containing CRTs were an object of the alleged conspiracy.

3          116.    Denies the allegations of Paragraph 116 of the Complaint, except avers that SEC is

4    without knowledge or information sufficient to form a belief as to the truth of the allegations in

5    Paragraph 116 due to the vague and ambiguous nature of the term "commodity-like."

6          117.    Denies the allegations of Paragraph 117 of the Complaint, and specifically denies

7    that SEC was engaged in the conspiracy or collusive conduct alleged in Paragraph 117 of the

8    Complaint.

9          118.    Denies the allegations of Paragraph 118 of the Complaint, and specifically denies

10   that (a) SEC was engaged in the conspiracy or collusive conduct alleged in Paragraph 118 of the

11   Complaint; and (b) Plaintiffs' collective reference to "Samsung" is appropriate as it improperly

12   seeks to group together distinct legal entities with separate businesses and ownership structures.

13   **D.      Defendants' and Purported Co-Conspirators' Illegal Agreements**

14         119.    Denies the allegations of Paragraph 119 of the Complaint, except avers that the

15   term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

16   manufacture and sell CRTs, and the Complaint does not allege facts that finished products

17   containing CRTs were an object of the alleged conspiracy.

18         120.    Denies the allegations of Paragraph 120 of the Complaint, except (a) avers that the

19   term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

20   manufacture and sell CRTs, and the Complaint does not allege facts that finished products

21   containing CRTs were an object of the alleged conspiracy; and (b) denies that Plaintiffs'

22   collective reference to "Samsung" is appropriate as it improperly seeks to group together distinct

23   legal entities with separate businesses and ownership structures.

24         121.    Denies the allegations of Paragraph 121 of the Complaint, except (a) avers that the

25   term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

26   manufacture and sell CRTs, and the Complaint does not allege facts that finished products

27   containing CRTs were an object of the alleged conspiracy; and (b) denies that Plaintiffs'

28

1    collective reference to "Samsung" is appropriate as it improperly seeks to group together distinct

2    legal entities with separate businesses and ownership structures.

3            122.    Denies the allegations of Paragraph 122 of the Complaint.

4            123.    Denies the allegations of Paragraph 123 of the Complaint, except avers that the

5    term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

6    manufacture and sell CRTs, and the Complaint does not allege facts that finished products

7    containing CRTs were an object of the alleged conspiracy.

8            124.    Denies the allegations of Paragraph 124 of the Complaint.

9            125.    Denies the allegations of Paragraph 125 of the Complaint.

10           126.    Denies the allegations of Paragraph 126 of the Complaint.

11           127.    Denies the allegations of Paragraph 127 of the Complaint.

12           128.    Denies the allegations of Paragraph 128 of the Complaint.

13           129.    Denies the allegations of Paragraph 129 of the Complaint.

14           130.    Denies the allegations of Paragraph 130 of the Complaint.

15           131.    Denies the allegations of Paragraph 131 of the Complaint.

16           132.    Denies the allegations of Paragraph 132 of the Complaint.

17           133.    Denies the allegations of Paragraph 133 of the Complaint.

18           134.    Denies the allegations of Paragraph 134 of the Complaint.

19           135.    Denies the allegations of Paragraph 135 of the Complaint.

20           136.    Denies the allegations of Paragraph 136 of the Complaint, except avers that the

21   term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

22   manufacture and sell CRTs, and the Complaint does not allege facts that finished products

23   containing CRTs were an object of the alleged conspiracy.

24           137.    Denies the allegations of Paragraph 137 of the Complaint, including each subpart,

25   except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad

26   because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that

27   finished products containing CRTs were an object of the alleged conspiracy.

28           138.    Denies the allegations of Paragraph 138 of the Complaint.

139.    Denies the allegations of Paragraph 139 of the Complaint, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

140.    Denies the allegations of Paragraph 140 of the Complaint.

141.    Denies the allegations of Paragraph 141 of the Complaint.

142.    Denies the allegations of Paragraph 142 of the Complaint.

143.    Denies the allegations of Paragraph 143 of the Complaint, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

144.    Denies the allegations of Paragraph 144 of the Complaint.

145.    Denies the allegations of Paragraph 145 of the Complaint, (a) specifically denies that SEC was engaged in the conspiracy or collusive conduct alleged in Paragraph 145 of the Complaint; and (b) denies that Plaintiffs' collective reference to "Samsung" is appropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures; except (c) avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

146.    Denies the allegations of Paragraph 146 of the Complaint, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

147.    Denies the allegations of Paragraph 147 of the Complaint, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

1    148.    Denies the allegations of Paragraph 148 of the Complaint, except avers that the

2  term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

3  manufacture and sell CRTs, and the Complaint does not allege facts that finished products

4  containing CRTs were an object of the alleged conspiracy.

5    149.    Denies the allegations of Paragraph 149 of the Complaint, except avers that the

6  term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

7  manufacture and sell CRTs, and the Complaint does not allege facts that finished products

8  containing CRTs were an object of the alleged conspiracy.

9    150.    Denies the allegations of Paragraph 150 of the Complaint, except avers that the

10  term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

11  manufacture and sell CRTs, and the Complaint does not allege facts that finished products

12  containing CRTs were an object of the alleged conspiracy.

13    151.    Denies the allegations of Paragraph 151 of the Complaint, except avers that the

14  term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

15  manufacture and sell CRTs, and the Complaint does not allege facts that finished products

16  containing CRTs were an object of the alleged conspiracy.

17    152.    Denies the allegations of Paragraph 152 of the Complaint, except avers that the

18  term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

19  manufacture and sell CRTs, and the Complaint does not allege facts that finished products

20  containing CRTs were an object of the alleged conspiracy.

21    153.    Denies the allegations of Paragraph 153 of the Complaint, except avers that the

22  term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

23  manufacture and sell CRTs, and the Complaint does not allege facts that finished products

24  containing CRTs were an object of the alleged conspiracy.

25    154.    Denies the allegations of Paragraph 154 of the Complaint, except avers that the

26  term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

27  manufacture and sell CRTs, and the Complaint does not allege facts that finished products

28  containing CRTs were an object of the alleged conspiracy.

155.    Denies the allegations of Paragraph 155 of the Complaint, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

156.    Denies the allegations of Paragraph 156 of the Complaint, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

157.    Denies the allegations of Paragraph 157 of the Complaint, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

158.    Denies the allegations of Paragraph 158 of the Complaint, except: (a) admits that the Complaint purports to refer to SEC, and the SDI Defendants collectively as "Samsung"; but (b) specifically denies that such a collective reference is appropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures.  Further, SEC avers that: (a) SEC and Samsung SDI are separate and distinct publicly-owned companies; (b)  SEC does not manufacture and sell CRTs—the object of the conspiracy alleged by the Complaint; (c) SEC is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 158 regarding third parties; (d) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy; and (e) to the extent the allegations contained in Paragraph 158 of the Complaint are legal conclusions, no response is required.

159.    Denies the allegations of Paragraph 159 of the Complaint, and specifically denies that SEC was engaged in the conspiracy or collusive conduct alleged in Paragraph 159 of the Complaint  Further, SEC avers that: (a)  SEC does not manufacture and sell CRTs—the object of the conspiracy alleged by the Complaint; (b) SEC is without knowledge or information sufficient

to form a belief as to the allegations of Paragraph 159 regarding third parties; (c) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy; and (d) to the extent the allegations contained in Paragraph 159 of the Complaint are legal conclusions, no response is required.

160.    Denies the allegations of Paragraph 160 of the Complaint, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

161.    Denies the allegations of Paragraph 161 of the Complaint, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

162.    Denies the allegations of Paragraph 162 of the Complaint, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

163.    Denies the allegations of Paragraph 163 of the Complaint, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

164.    Denies the allegations of Paragraph 164 of the Complaint, except avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

165.    Denies the allegations of Paragraph 165 of the Complaint, and specifically denies that: (a) SEC was engaged in the conspiracy alleged in the Complaint; and (b) that the Samsung

1    SDI entities are authorized to enter into agreements on behalf of SEC or otherwise act as its

2    agents.

3    **E.      The CRT Market During The Purported Conspiracy**

4           166.    Denies the allegations of Paragraph 166 of the Complaint, but avers that (a) SEC is

5    without knowledge or information sufficient to form a belief as to the truth or accuracy of that

6    statement; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad

7    because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that

8    finished products containing CRTs were an object of the alleged conspiracy.

9           167.    Denies the allegations of Paragraph 167 of the Complaint, except: (a) admits that

10   Plaintiffs purport to provide data reported by Stanford Resources, Inc.; but (b) avers that SEC is

11   without knowledge or information sufficient to form a belief as to the truth or accuracy of that

12   statement.

13          168.    Denies the allegations of Paragraph 168 of the Complaint, except: (a) admits that

14   Plaintiffs purport to provide data reported by Fuji Chimera Research; but (b) avers that SEC is

15   without knowledge or information sufficient to form a belief as to the truth or accuracy of that

16   statement.

17          169.    Denies the allegations of Paragraph 169 of the Complaint, except: (a) admits that

18   Plaintiffs purport to provide data reported by Market Intelligence Research Corporation; but (b)

19   avers that SEC is without knowledge or information sufficient to form a belief as to the truth or

20   accuracy of that statement; and (c) avers that the term "CRT Products" is vague, ambiguous, and

21   improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does

22   not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

23          170.    Denies the allegations of Paragraph 170 of the Complaint, except: (a) admits that

24   Plaintiffs purport to provide data reported by an unnamed "industry source;" but (b) avers that

25   SEC is without knowledge or information sufficient to form a belief as to the truth or accuracy of

26   that statement.

27          171.    Denies the allegations of Paragraph 171 of the Complaint, and specifically denies

28   that SEC was engaged in the conspiracy or collusive conduct alleged in the Paragraph 171 of the

1   Complaint, except avers that (a) SEC is without knowledge or information sufficient to form a

2   belief as to the truth of the allegations in Paragraph 171 due to the vague and ambiguous nature of

3   the terms "rapid entry," "flat panel display," and "large sized color."

4           172.    Denies the allegations of Paragraph 172 of the Complaint, except: (a) admits that

5   Plaintiffs purport to provide information reported by *Infotech Weekly*; but (b) avers that SEC is

6   without knowledge or information sufficient to form a belief as to the truth or accuracy of that

7   statement.

8           173.    Denies the allegations of Paragraph 173 of the Complaint, except: (a) admits that

9   Plaintiffs purport to provide information reported by BNET Business Network; but (b) avers that

10  SEC is without knowledge or information sufficient to form a belief as to the truth or accuracy of

11  that statement.

12          174.    Denies the allegations of Paragraph 174 of the Complaint, except: (a) admits that

13  Plaintiffs purport to provide information reported by Techtree.com; but (b) avers that SEC is

14  without knowledge or information sufficient to form a belief as to the truth or accuracy of that

15  statement.

16          175.    Denies the allegations of Paragraph 175 of the Complaint.

17          176.    Denies the allegations of Paragraph 176 of the Complaint, and specifically denies

18  that SEC was engaged in the conspiracy or collusive conduct alleged in Paragraph 176 of the

19  Complaint, but avers that (a) SEC is without knowledge or information sufficient to form a belief

20  as to the truth or accuracy of that statement; and (b) the term "CRT Products" is vague,

21  ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the

22  Complaint does not allege facts that finished products containing CRTs were an object of the

23  alleged conspiracy.

24          177.    Denies the allegations of Paragraph 177 of the Complaint, and specifically denies

25  that SEC was engaged in the conspiracy or collusive conduct alleged in Paragraph 177 of the

26  Complaint, but avers that (a) SEC is without knowledge or information sufficient to form a belief

27  as to the truth or accuracy of Finsen Yu's statement; and (b) the term "CRT Products" is vague,

28  ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the

Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

178.    Denies the allegations of Paragraph 178 of the Complaint, except avers that (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 due to the vague and ambiguous nature of the terms "unnatural and sustained," "potentially superior," and "substitutable;" and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

179.    Denies the allegations of Paragraph 179 of the Complaint, except avers that (a) SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 due to the vague and ambiguous nature of the terms "rapidly decreasing" and "substitutable;" and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

**F.    International Government Antitrust Investigations**

180.    Denies the allegations of Paragraph 180 of the Complaint, except: (a) to the extent the allegations are directed to other Defendants, SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations; and (b) SEC has not received a subpoena in connection with any U.S. DOJ CRT investigation.

181.    Denies the allegations of Paragraph 181 of the Complaint, except: (a) to the extent the allegations are directed to other Defendants, SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations.

182.    Denies the allegations of Paragraph 182 of the Complaint, except avers that any publicly available information concerning the subject matter of Paragraph 182 speaks for itself.

183.    Denies the allegations of Paragraph 183 of the Complaint.

184.    Denies the allegations of Paragraph 184 of the Complaint.

185.     Denies the allegations of Paragraph 185 of the Complaint, except: (a) to the extent the allegations are directed to other Defendants, SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations.

186.     Denies the allegations of Paragraph 186 of the Complaint, except: (a) to the extent the allegations are directed to other Defendants, SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations.

187.     Denies the allegations of Paragraph 187 of the Complaint, except: (a) to the extent the allegations are directed to other Defendants, SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations.

188.     Denies the allegations of Paragraph 188 of the Complaint, except: (a) admits that Plainitffs purport to provide an excerpt of an announcement by the Hungarian Competition Authority; (b) avers that SEC is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 188; and (c) avers that SEC is not listed as a target of the Hungarian Competition Authority's investigation in the excerpted language of Paragraph 188 and, to SEC's knowledge, no government investigation has targeted SEC, which does not manufacture and sell CRTs.

189.     Denies the allegations of Paragraph 189 of the Complaint, except admits that C.Y. Lin of Chungwa PT was indicted and respectfully refers the Court to the cited indictment for a full and complete description of its contents.

190.     Denies the allegations of Paragraph 190 of the Complaint, except avers that any publicly available information concerning the subject matter of Paragraph 190 speaks for itself.

191.     Denies the allegations of Paragraph 191 of the Complaint, except avers that any publicly available information concerning the subject matter of Paragraph 191 speaks for itself.

192.     Denies the allegations of Paragraph 192 of the Complaint, except avers that any publicly available information concerning the subject matter of Paragraph 192 speaks for itself.

193.     Denies the allegations of Paragraph 193 of the Complaint, except avers that SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in

1  Paragraph 193 due to the vague and ambiguous nature of the terms "competitor contacts" and

2  "alliances."

3        194.    Denies the allegations of Paragraph 194 of the Complaint, except: (a) avers that

4  SEC and its U.S. subsidiary Samsung Semiconductor Inc. entered into a plea agreement and

5  agreed to pay a $300 million dollar fine to the U.S. Department of Justice (DOJ) following an

6  investigation by the DOJ related to dynamic access memory ("DRAM") computer chips and

7  respectfully refers the Court to the DRAM plea for a full and complete description of its contents;

8  (b) avers that DRAM computer chips are not relevant to Plaintiffs' allegations in the Complaint;

9  and (c) avers that Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly

10 seeks to group together distinct legal entities with separate businesses and ownership structures.

11       195.    Denies the allegations of Paragraph 195 of the Complaint, except avers that

12 Plaintiffs' collective reference to "Samsung" is inappropriate as it improperly seeks to group

13 together distinct legal entities with separate businesses and ownership structures.

14       196.    Denies the allegations of Paragraph 196 of the Complaint, except to the extent the

15 allegations are directed to other Defendants, SEC is without knowledge or information sufficient

16 to form a belief as to the truth of the allegations.

17       197.    Denies the allegations of Paragraph 197 of the Complaint, except: (a) to the extent

18 the allegations are directed to other Defendants, SEC is without knowledge or information

19 sufficient to form a belief as to the truth of the allegations; and (b) avers that Plaintiffs' collective

20 reference to "Samsung" is inappropriate as it improperly seeks to group together distinct legal

21 entities with separate businesses and ownership structures.

22       198.    Denies the allegations of Paragraph 198 of the Complaint, except avers that any

23 publicly available information concerning the subject matter of Paragraph 198 speaks for itself.

24       199.    Denies the allegations of Paragraph 199 of the Complaint, except avers that any

25 publicly available information concerning the subject matter of Paragraph 199 speaks for itself.

26       200.    Denies the allegations of Paragraph 200 of the Complaint, but avers SEC is

27 without knowledge or information sufficient to form a belief as to the truth of the allegations.

28 **G.    The Purported Role of Trade Associations During the Relevant Period**

201.     Denies the allegations of Paragraph 201 of the Complaint, except: (a) admits that the Korea Display Conference is managed by DisplayBank; (b) admits that the Korean Display Equipment Material Industry Association (KODEMIA) and previously the Electronic Display Industrial Research Association of Korea (EDIRAK) have participated in the Korea Display Conference; but (c) avers that SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 201 regarding "host[ing]" of the Korean Display Conference due to the vague and ambiguous nature of the term; (d) admits that Plaintiffs purport to offer information regarding KODEMIA and EDIRAK; but (e) avers that SEC is without knowledge or information sufficient to form a belief as to the truth of those allegations.

202.     Denies the allegations of Paragraph 202 of the Complaint, except: (a) avers that SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 202 due to the vague and ambiguous nature of terms and phrases such as "participated extensively" and "Samsung" given that Plaintiffs inappropriately refer to all named Samsung entities collectively as "Samsung"; (b) denies that Plaintiff's collective reference to "Samsung" is appropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures; and (c) admits that SEC was a member of EDIRAK.

203.     Denies the allegations of Paragraph 203 of the Complaint, except: (a) admits that the Korea Display Conference has taken place on the dates stated in Paragraph 203 of the Complaint; (b) denies that Plaintiff's collective reference to "Samsung" is appropriate as it improperly seeks to group together distinct legal entities with separate businesses and ownership structures; (c) avers that SEC and Samsung SDI are separate and distinct publicly-owned companies; (d) avers that SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 203 due to the vague and ambiguous nature of terms such as "have participated," "these events," "top executives," "CRT operations," and "Samsung"; and (e) avers that SEC is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 203 regarding third parties.

204.     Denies the allegations of Paragraph 204 of the Complaint.

1    205.    Denies the allegations of Paragraph 205 of the Complaint.

2  H.    **Purported Effects of Defendants' Antitrust Violations**

3        1.    **Purported Examples of Reductions in Manufacturing Capacity by Defendants**

4    206.    Denies the allegations of Paragraph 206 of the Complaint.

5    207.    Denies the allegations of Paragraph 207 of the Complaint, except avers that SEC is
6  without knowledge or information sufficient to form a belief as to the allegations of Paragraph
7  207.

8    208.    Denies the allegations of Paragraph 208 of the Complaint, except avers that SEC is
9  without knowledge or information sufficient to form a belief as to the allegations of Paragraph
10  208.

11    209.    Denies the allegations of Paragraph 209 of the Complaint, except avers that SEC is
12  without knowledge or information sufficient to form a belief as to the allegations of Paragraph
13  209.

14    210.    Denies the allegations of Paragraph 210 of the Complaint, except avers that SEC is
15  without knowledge or information sufficient to form a belief as to the allegations of Paragraph
16  210.

17    211.    Denies the allegations of Paragraph 211 of the Complaint, except avers that SEC is
18  without knowledge or information sufficient to form a belief as to the allegations of Paragraph
19  211.

20        2.    **Purported Examples of Collusive Pricing for CRT Defendants**

21    212.    Denies the allegations of Paragraph 212 of the Complaint.

22    213.    Denies the allegations of Paragraph 213 of the Complaint, except: (a) admits that
23  Plaintiffs purport to provide a statement of an unnamed "industry source"; but (b) avers that SEC
24  is without knowledge or information sufficient to form a belief as to the truth or accuracy of that
25  statement.

26    214.    Denies the allegations of Paragraph 214 of the Complaint, except: (a) avers that
27  SEC is without knowledge or information sufficient to form a belief as to the allegations of
28  Paragraph 214 due to the vague and ambiguous nature of the terms "consumer prices,"

1  "approached," and "CRT Products"; and (b) avers that the term "CRT Products" is vague,

2  ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the

3  Complaint does not allege facts that finished products containing CRTs were an object of the

4  alleged conspiracy.

5       215.   Denies the allegations of Paragraph 215 of the Complaint, except: (a) admits that

6  since the mid-1990s, electronic devices containing emerging technologies such as LCDs have

7  increasingly competed with the sale of electronic devices containing CPTs and CDTs; (b) admits

8  that Plaintiffs purport to provide a statement from a *CNET News.com* article; but (c) avers that

9  SEC is without knowledge or information sufficient to form a belief as to the truth or accuracy of

10  that statement.

11       216.   Denies the allegations of Paragraph 216 of the Complaint, except (a) admits that

12  Plaintiffs purport to provide a statement made by a speaker at the Asia Display 1998 conference;

13  but (b) avers that SEC is without knowledge or information sufficient to form a belief as to the

14  truth or accuracy of that statement.

15       217.   Denies the allegations of Paragraph 217 of the Complaint, and specifically denies

16  that SEC was engaged in the conspiracy or collusive conduct alleged in the Complaint, except

17  avers that SEC is without knowledge or information sufficient to form a belief as to the

18  allegations of Paragraph 217 due to the vague and ambiguous nature of the terms "production

19  costs," "large-sized color CRTs," and "products."

20       218.   Denies the allegations of Paragraph 218 of the Complaint, except: (a) avers that

21  SEC is without knowledge or information sufficient to form a belief as to the allegations of

22  Paragraph 218 due to the vague and ambiguous nature of the terms "average selling price" and

23  "oversupply"; (b) admits that Plaintiffs purport to provide a statement from an unnamed industry

24  analyst; but (c) avers that SEC is without knowledge or information sufficient to form a belief as

25  to the truth or accuracy of that statement.

26       219.   Denies the allegations of Paragraph 219 of the Complaint, except avers that SEC is

27  without knowledge or information sufficient to form a belief as to the allegations of Paragraph

28  219.

1    220.    Denies the allegations of Paragraph 220 of the Complaint, except: (a) avers that

2    SEC is without knowledge or information sufficient to form a belief as to the allegations of

3    Paragraph 220 due to the vague and ambiguous nature of the terms "CRTs" (it is unclear whether

4    this refers to CRTs or finished products), "stable," "unexplained manner," "CRT technology,"

5    and "other emerging technologies"; (b) admits that Plaintiffs purport to provide a statement of

6    Finsen Yu; but (c) avers that SEC is without knowledge or information sufficient to form a belief

7    as to the truth or accuracy of that statement.

8    221.    Denies the allegations of Paragraph 221 of the Complaint, and specifically denies

9    that SEC was engaged in the conspiracy or collusive activities alleged in the Complaint, except

10   avers that: (a) the terms "CRT Prices" and "price of CRTs" are vague, ambiguous, and not self-

11   defining; and (b) the term "CRT Products" is vague, ambiguous, and improperly overbroad

12   because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that

13   finished products containing CRTs were an object of the alleged conspiracy.

14          **H.      Summary of Effects of the Purported Conspiracy Involving CRT Products**

15   222.    Denies the allegations of Paragraph 222 of the Complaint, including each subpart,

16   except avers that: (a) the term "CRT Products" is vague, ambiguous, and improperly overbroad

17   because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that

18   finished products containing CRTs were an object of the alleged conspiracy; and (b) to the extent

19   the allegations contained in Paragraph 222 of the Complaint are legal conclusions, no response is

20   required.

21                  **VIII.  PLAINTIFFS' PURPORTED INJURIES**

22   223.    Denies the allegations of Paragraph 223 of the Complaint, and specifically denies

23   that SEC was engaged in the conspiracy or collusive conduct alleged in the Complaint, except

24   avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC

25   does not manufacture and sell CRTs, and the Complaint does not allege facts that finished

26   products containing CRTs were an object of the alleged conspiracy.

27   224.    Denies the allegations of Paragraph 224 of the Complaint, and specifically denies

28   that SEC was engaged in the conspiracy or collusive conduct alleged in the Complaint, except

1    avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC

2    does not manufacture and sell CRTs, and the Complaint does not allege facts that finished

3    products containing CRTs were an object of the alleged conspiracy.

4          225.    Denies the allegations of Paragraph 225 of the Complaint, and specifically denies

5    that SEC was engaged in the conspiracy or collusive conduct alleged in the Complaint, except

6    avers that the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC

7    does not manufacture and sell CRTs, and the Complaint does not allege facts that finished

8    products containing CRTs were an object of the alleged conspiracy.

9          226.    Denies the allegations of Paragraph 226 of the Complaint, and specifically denies

10   that SEC was engaged in the conspiracy or collusive conduct alleged in the Complaint, except

11   avers that (a) SEC is without knowledge or information sufficient to form a belief as to the truth

12   of the allegations in Paragraph 226 due to the vague and ambiguous nature of the terms

13   "essentially unchanged" and "indistinguishable;" and (b) the term "CRT Products" is vague,

14   ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the

15   Complaint does not allege facts that finished products containing CRTs were an object of the

16   alleged conspiracy.

17         227.    Denies the allegations of Paragraph 227 of the Complaint, and specifically denies

18   that SEC was engaged in the conspiracy or collusive conduct alleged in the Complaint, except

19   avers that (a) SEC is without knowledge or information sufficient to form a belief as to the truth

20   of the allegations in Paragraph 227 due to the vague and ambiguous nature of the terms

21   "inextricably linked" and "intimate relationship;" and (b) the term "CRT Products" is vague,

22   ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the

23   Complaint does not allege facts that finished products containing CRTs were an object of the

24   alleged conspiracy.

25         228.    Denies the allegations of Paragraph 228 of the Complaint.

26         229.    Denies the allegations of Paragraph 229 of the Complaint, except avers that the

27   term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

28

1    manufacture and sell CRTs, and the Complaint does not allege facts that finished products

2    containing CRTs were an object of the alleged conspiracy.

3                    **IX.  PURPORTED FRAUDULENT CONCEALMENT**

4          230.    Denies the allegations of Paragraph 230 of the Complaint.

5          231.    Denies the allegations of Paragraph 231 of the Complaint.

6          232.    Denies the allegations of Paragraph 232 of the Complaint.

7          233.    Denies the allegations of Paragraph 233 of the Complaint.

8          234.    Denies the allegations of Paragraph 234 of the Complaint, except avers that to the

9    extent the allegations contained in Paragraph 234 of the Complaint are legal conclusions, no

10   response is required.

11         235.    Denies the allegations of Paragraph 235 of the Complaint.

12         236.    Denies the allegations of Paragraph 236 of the Complaint.

13         237.    Denies the allegations of Paragraph 237 of the Complaint, and specifically denies

14   that SEC was engaged in the conspiracy or collusive conduct alleged in the Complaint, except

15   avers that SEC is without knowledge or information sufficient to form a belief as to the

16   allegations of Paragraph 237 due to the vague and ambiguous nature of the terms "production

17   costs," "large-sized color CRTs," and "products" (it is unclear whether this refers to CRTs or

18   finished products).

19         238.    Denies the allegations of Paragraph 238 of the Complaint, except admits that since

20   the mid-1990s, electronic devices containing emerging technologies such as LCDs have

21   increasingly competed with the sale of electronic devices containing CPTs and CDTs.

22         239.    Denies the allegations of Paragraph 239 of the Complaint, except: (a) denies that

23   Plaintiff's collective reference to "Samsung" is appropriate as it improperly seeks to group

24   together distinct legal entities with separate businesses and ownership structures; (b) avers that

25   SEC and Samsung SDI are separate and distinct publicly-owned companies; (c) avers that SEC

26   does not manufacture and sell CRTs—the object of the conspiracy alleged by the Complaint; (d)

27   avers that SEC is without knowledge or information sufficient to form a belief as to the

28   allegations of Paragraph 239 as they relate to the activities of third parties; (e) admits that

1  Plaintiffs purport to provide a statement of an employee of an LG Electronics distributor; but (f)

2  avers that SEC is without knowledge or information sufficient to form a belief as to the truth or

3  accuracy of that statement; and (g) avers that the term "CRT Products" is vague, ambiguous, and

4  improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does

5  not allege facts that finished products containing CRTs were an object of the alleged conspiracy.

6        240.    Denies the allegations of Paragraph 240 of the Complaint, except avers that SEC is

7  without knowledge or information sufficient to form a belief as to the allegations of Paragraph

8  240.

9        241.    Denies the allegations of Paragraph 241 of the Complaint, except avers that the

10 term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

11 manufacture and sell CRTs, and the Complaint does not allege facts that finished products

12 containing CRTs were an object of the alleged conspiracy.

13       242.    Denies the allegations of Paragraph 242 of the Complaint, except avers that to the

14 extent the allegations contained in Paragraph 242 of the Complaint are legal conclusions, no

15 response is required.

16                        **X.  CLAIM FOR VIOLATIONS**

17       243.    Admits that Plaintiffs purport to incorporate the allegations of Paragraphs 1

18 through 242 of the Complaint.  SEC hereby incorporates by reference its responses to the above

19 allegations as set forth above.

20       244.    Denies the allegations of Paragraph 244 of the Complaint, except avers that to the

21 extent the allegations contained in Paragraph 244 of the Complaint are legal conclusions, no

22 response is required.

23       245.    Denies the allegations of Paragraph 245 of the Complaint, except avers that: (a)

24 the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

25 manufacture and sell CRTs, and the Complaint does not allege facts that finished products

26 containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations

27 contained in Paragraph 245 of the Complaint are legal conclusions, no response is required.

28

1    246.    Denies the allegations of Paragraph 246 of the Complaint, except avers that: (a)

2    the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

3    manufacture and sell CRTs, and the Complaint does not allege facts that finished products

4    containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations

5    contained in Paragraph 246 of the Complaint are legal conclusions, no response is required.

6    247.    Denies the allegations of Paragraph 247 of the Complaint, except avers that to the

7    extent the allegations contained in Paragraph 247 of the Complaint are legal conclusions, no

8    response is required.

9    248.    Denies the allegations of Paragraph 248 of the Complaint.

10    249.    Denies the allegations of Paragraph 249 of the Complaint.

11    250.    Admits that Plaintiffs purport to incorporate the allegations of Paragraphs 1

12    through 242 of the Complaint.  SEC hereby incorporates by reference its responses to the above

13    allegations as set forth above.

14    251.    Denies the allegations of Paragraph 251 of the Complaint, except avers that: (a)

15    the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

16    manufacture and sell CRTs, and the Complaint does not allege facts that finished products

17    containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations

18    contained in Paragraph 251 of the Complaint are legal conclusions, no response is required.

19    252.    Denies the allegations of Paragraph 252 of the Complaint, except avers that: (a)

20    the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

21    manufacture and sell CRTs, and the Complaint does not allege facts that finished products

22    containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations

23    contained in Paragraph 252 of the Complaint are legal conclusions, no response is required.

24    253.    Denies the allegations of Paragraph 253 of the Complaint, except avers that: (a)

25    the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

26    manufacture and sell CRTs, and the Complaint does not allege facts that finished products

27    containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations

28    contained in Paragraph 253 of the Complaint are legal conclusions, no response is required.

1        254.    Denies the allegations of Paragraph 254 of the Complaint, except avers that: (a)

2   the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

3   manufacture and sell CRTs, and the Complaint does not allege facts that finished products

4   containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations

5   contained in Paragraph 254 of the Complaint are legal conclusions, no response is required.

6        255.    Denies the allegations of Paragraph 255 of the Complaint, except avers that: (a)

7   the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

8   manufacture and sell CRTs, and the Complaint does not allege facts that finished products

9   containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations

10   contained in Paragraph 255 of the Complaint are legal conclusions, no response is required.

11        256.    Denies the allegations of Paragraph 256 of the Complaint, except avers that: (a)

12   the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

13   manufacture and sell CRTs, and the Complaint does not allege facts that finished products

14   containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations

15   contained in Paragraph 256 of the Complaint are legal conclusions, no response is required.

16        257.    Denies the allegations of Paragraph 257 of the Complaint, except avers that: (a)

17   the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

18   manufacture and sell CRTs, and the Complaint does not allege facts that finished products

19   containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations

20   contained in Paragraph 257 of the Complaint are legal conclusions, no response is required.

21        258.    Denies the allegations of Paragraph 258 of the Complaint, except avers that: (a)

22   the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

23   manufacture and sell CRTs, and the Complaint does not allege facts that finished products

24   containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations

25   contained in Paragraph 258 of the Complaint are legal conclusions, no response is required.

26        259.    Admits that Plaintiffs purport to incorporate the allegations of Paragraphs 1

27   through 242 of the Complaint.  SEC hereby incorporates by reference its responses to the above

28   allegations as set forth above.

1  260.   Denies the allegations of Paragraph 260 of the Complaint, except avers that: (a)

2  the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

3  manufacture and sell CRTs, and the Complaint does not allege facts that finished products

4  containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations

5  contained in Paragraph 260 of the Complaint are legal conclusions, no response is required.

6  261.   Denies the allegations of Paragraph 261 of the Complaint, except avers that to the

7  extent the allegations contained in Paragraph 261 of the Complaint are legal conclusions, no

8  response is required.

9  262.   Denies the allegations of Paragraph 262 of the Complaint, except avers that: (a)

10  the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

11  manufacture and sell CRTs, and the Complaint does not allege facts that finished products

12  containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations

13  contained in Paragraph 262 of the Complaint are legal conclusions, no response is required.

14  263.   Denies the allegations of Paragraph 263 of the Complaint, except avers that to the

15  extent the allegations contained in Paragraph 263 of the Complaint are legal conclusions, no

16  response is required.

17  264.   Denies the allegations of Paragraph 264 of the Complaint, except avers that to the

18  extent the allegations contained in Paragraph 264 of the Complaint are legal conclusions, no

19  response is required.

20  265.   Denies the allegations of Paragraph 265 of the Complaint, except avers that to the

21  extent the allegations contained in Paragraph 265 of the Complaint are legal conclusions, no

22  response is required.

23  266.   Denies the allegations of Paragraph 266 of the Complaint, except avers that to the

24  extent the allegations contained in Paragraph 266 of the Complaint are legal conclusions, no

25  response is required.

26  267.   Denies the allegations of Paragraph 267 of the Complaint, except avers that to the

27  extent the allegations contained in Paragraph 267 of the Complaint are legal conclusions, no

28  response is required.

1    268.   Admits that Plaintiffs purport to incorporate the allegations of Paragraphs 1

2  through 242 of the Complaint.  SEC hereby incorporates by reference its responses to the above

3  allegations as set forth above.

4    269.   Denies the allegations of Paragraph 269 of the Complaint, except avers that: (a)

5  the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

6  manufacture and sell CRTs, and the Complaint does not allege facts that finished products

7  containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations

8  contained in Paragraph 269 of the Complaint are legal conclusions, no response is required.

9    270.   Denies the allegations of Paragraph 270 of the Complaint, except avers that to the

10  extent the allegations contained in Paragraph 270 of the Complaint are legal conclusions, no

11  response is required.

12    271.   Denies the allegations of Paragraph 271 of the Complaint, except avers that: (a)

13  the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

14  manufacture and sell CRTs, and the Complaint does not allege facts that finished products

15  containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations

16  contained in Paragraph 271 of the Complaint are legal conclusions, no response is required.

17    272.   Denies the allegations of Paragraph 272 of the Complaint, except avers that to the

18  extent the allegations contained in Paragraph 272 of the Complaint are legal conclusions, no

19  response is required.

20    273.   Denies the allegations of Paragraph 273 of the Complaint, except avers that: (a)

21  the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not

22  manufacture and sell CRTs, and the Complaint does not allege facts that finished products

23  containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations

24  contained in Paragraph 273 of the Complaint are legal conclusions, no response is required.

25    274.   Denies the allegations of Paragraph 274 of the Complaint, except avers that to the

26  extent the allegations contained in Paragraph 274 of the Complaint are legal conclusions, no

27  response is required.

28

275.     Admits that Plaintiffs purport to incorporate the allegations of Paragraphs 1 through 242 of the Complaint.  SEC hereby incorporates by reference its responses to the above allegations as set forth above.

276.     Denies the allegations of Paragraph 276 of the Complaint, except avers that: (a) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations contained in Paragraph 276 of the Complaint are legal conclusions, no response is required.

277.     Denies the allegations of Paragraph 277 of the Complaint, except avers that to the extent the allegations contained in Paragraph 277 of the Complaint are legal conclusions, no response is required.

278.     Denies the allegations of Paragraph 278 of the Complaint, except avers that: (a) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations contained in Paragraph 278 of the Complaint are legal conclusions, no response is required.

279.     Denies the allegations of Paragraph 279 of the Complaint, except avers that to the extent the allegations contained in Paragraph 279 of the Complaint are legal conclusions, no response is required.

280.     Denies the allegations of Paragraph 280 of the Complaint, except avers that: (a) the term "CRT Products" is vague, ambiguous, and improperly overbroad because SEC does not manufacture and sell CRTs, and the Complaint does not allege facts that finished products containing CRTs were an object of the alleged conspiracy; and (b) to the extent the allegations contained in Paragraph 280 of the Complaint are legal conclusions, no response is required.

281.     Denies the allegations of Paragraph 281 of the Complaint, except avers that to the extent the allegations contained in Paragraph 281 of the Complaint are legal conclusions, no response is required.

1

## XI.  PRAYER FOR RELIEF

2      282.    Denies that Plaintiffs are entitled to any relief of any kind for or as against SEC on

3  the purported claims alleged in the Complaint, and avers that Plaintiffs have not suffered any

4  damages.

5

## XII.  JURY TRIAL DEMAND

6      283.    Admits that Plaintiffs purport to request a trial by jury for all of the claims asserted

7  in the Complaint so triable.

8

## AFFIRMATIVE DEFENSES

9      By alleging these affirmative defenses, SEC is not agreeing or conceding that it has the

10  burden of proof on any of the issues raised in these defenses or that any particular issue or subject

11  matter herein is relevant to Plaintiffs' allegations:

12      1.     This Court lacks subject-matter jurisdiction, pursuant to the Foreign Trade

13             Antitrust Improvement Act, to adjudicate claims involving foreign commerce.

14      2.     Plaintiffs lack standing to bring the claims raised in the Complaint.

15      3.     The Complaint fails to state a claim upon which relief can be granted.

16      4.     Plaintiffs have not suffered injury in fact caused by a violation of law.

17      5.     Plaintiffs' claims are barred in whole or in part by the applicable statutes of

18             limitation.

19      6.     Plaintiffs' claims are barred in whole or in part by laches.

20      7.     Plaintiffs' claims are barred because they have not sustained any cognizable injury

21             or antitrust injury attributable to SEC's conduct.

22      8.     Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to mitigate

23             their alleged damages, if any.

24      9.     Plaintiffs' claims are barred in whole or in part by the doctrine of accord and

25             satisfaction.

26      10.    Plaintiffs' claims are barred in whole or in part by the doctrines of waiver,

27             estoppel, and/or unclean hands.

28

1  11.  Plaintiffs' claims are barred in whole or in part because they accepted the benefit

2       of the bargain.

3  12.  Plaintiffs have suffered no injury in fact.

4  13.  Plaintiffs have suffered no injury in fact caused by any purported antitrust

5       violation by SEC.

6  14.  Plaintiffs have suffered no damages.

7  15.  Any damages suffered by Plaintiffs are speculative.

8  16.  Plaintiffs' claims are barred because the alleged conduct was unilateral, has not

9       unreasonably restrained trade, was based on independent and legitimate business

10      and economic justifications, and constituted bona fide business competition.

11 17.  Plaintiffs' claims are barred in whole or in part because the acts or omissions of

12      SEC did not substantially lessen competition in any properly defined market.

13 18.  Plaintiffs' claims are barred in whole or in part because an award of treble

14      damages or punitive or exemplary damages against SEC based on the alleged

15      conduct would violate the Due Process Clauses of the Fifth and Fourteenth

16      Amendments of the Constitution of the United States.

17 19.  To the extent Plaintiffs' claims would result in SEC paying damages to more than

18      one claimant for the same alleged overcharge, they are barred because such

19      multiple liability would violate rights guaranteed to SEC by the United States

20      Constitution, including, without limitation, rights guaranteed under the Due

21      Process Clause of the Fourteenth Amendment.

22 20.  Plaintiffs' claims are barred in whole or in part by the direct-purchaser

23      requirement of *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977).

24 21.  Plaintiffs' claims are barred in whole or in part because the alleged injury is

25      indirect and too remote.

26 22.  Plaintiffs' alleged damages, if any, resulted from the acts or omissions of third

27      parties over whom SEC had no control. The acts of such third parties constitute

28      intervening or superseding causes of the harm, if any, suffered by Plaintiffs.

23.  The Complaint fails to allege sufficiently or otherwise properly define any market for the purpose of asserting a claim against SEC.

24.  To the extent any actionable conduct occurred, Plaintiffs' claims are barred to the extent that such conduct was committed by any individual acting ultra vires.

25.  To the extent any actionable conduct occurred, it occurred by entities independent from and not controlled by SEC.

26.  The relief sought by Plaintiffs is barred in whole or in part because any injury or damage alleged in the Complaint was not incurred by or passed on to Plaintiffs, or was incurred by or passed on to persons or entities other than Plaintiffs.

27.  The relief sought by Plaintiffs is barred in whole or in part because any injury or damage alleged in the Complaint, which SEC specifically denies, was passed on to persons or entities other than the Plaintiffs and/or was passed on by Plaintiffs to other parties.

28.  Without admitting that Plaintiffs are entitled to recover damages in this matter, SEC is entitled to set off from any recovery Plaintiffs may obtain against SEC, any amount paid to Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

29.  Plaintiffs have failed to state a claim for injunctive relief insofar as Plaintiffs seek to enjoin alleged events that already have transpired without the requisite showing of threatened harm or continuing harm.

30.  Plaintiffs have failed to plead fraudulent concealment with the requisite specificity.

31.  Plaintiffs' claims are barred in whole or in part to the extent they result in duplicative damages due to Plaintiffs passing on of any illegal overcharge to subsequent purchasers.

32.  Plaintiffs' claim under California's Unfair Competition Law, California Business and Professional Code §17200, *et seq.*, would violate the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States, and is further barred based on choice of law principles.

1     33.     SEC adopts by reference any applicable defenses heretofore or subsequently

2             pleaded by any other defendant not expressly set forth herein.

3     34.     SEC reserves the right to assert other defenses as discovery proceeds.

4     WHEREFORE, SEC prays that the Court determine and adjudge:

5     (a) That the Complaint be dismissed with prejudice;

6     (b)  That judgment be entered in favor of SEC and against Plaintiffs with respect to all

7  causes of action in the Complaint;

8     (d)  That Plaintiffs take nothing by the Complaint;

9     (e) That SEC be awarded its costs, disbursements and attorney's fees and expenses

10  incurred herein; and

11     (f) That SEC be awarded such other and further relief as the Court may deem proper.

1  Dated: July 25, 2011          By:    /s/  Ian Simmons_____ _____

2                                        IAN SIMMONS (*pro hac vice*)
                                         Email: isimmons@omm.com
3                                        **O'MELVENY & MYERS LLP**
                                         1625 Eye Street, NW
4                                        Washington, D.C. 20006
                                         Telephone:  (202) 383-5300
5                                        Facsimile:  (202) 383-5414

6

7                                        BENJAMIN BRADSHAW (145955)
                                         Email: bbradshaw@omm.com
8                                        **O'MELVENY & MYERS LLP**
                                         1625 Eye Street, NW
9                                        Washington, D.C. 20006
                                         Telephone:  (202) 383-5300
10                                       Facsimile:  (202) 383-5414

11

12                                       ***Attorneys for Defendant Samsung Electronics Co.,***
                                         ***Ltd.***

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2

3      I hereby certify that on July 25, 2011, I electronically filed Samsung Electronics Co.,

4 Ltd.'s Answer to Electrograph System Inc.'s and Electrograph Technologies Corp.'s First

5 Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send

6 notification of such filing to the counsel of record in this matter who are registered on the

7 CM/ECF system.

8

9                                        _/s/ Ian Simmons_____
                                         Ian Simmons
10

11

12                                                 _____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28