1  KENT M. ROGER (No. 95987)
   MICHELLE PARK CHIU (No. 248421)
2  **MORGAN, LEWIS & BOCKIUS LLP**
   One Market, Spear Street Tower
3  San Francisco, California 94105-1126
   Telephone: (415) 442-1000
4  Facsimile: (415) 442-1001

5  J. CLAYTON EVERETT, JR. (*pro hac vice*)
   SCOTT A. STEMPEL (*pro hac vice*)
6  **MORGAN, LEWIS & BOCKIUS LLP**
   1111 Pennsylvania Avenue, NW
7  Washington, DC 20004
   Telephone: (202) 739-3000
8  Facsimile: (202) 739-3001

9  Attorneys for Defendants
   HITACHI, LTD., HITACHI DISPLAYS, LTD.,
10 HITACHI AMERICA, LTD., HITACHI ASIA,
   LTD., and HITACHI ELECTRONIC DEVICES
11 (USA), INC.

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14              SAN FRANCISCO DIVISION

15 | IN RE:  CATHODE RAY TUBE (CRT) | No.:  3:07-cv-05944-SC
   | ANTITRUST LITIGATION,
16 |                                | MDL No. 1917

17 |                                | **ANSWER OF HITACHI, LTD., HITACHI**
   | This Document Relates To:      | **DISPLAYS, LTD., HITACHI AMERICA,**
18 |                                | **LTD., HITACHI ASIA, LTD., AND**
   | The Electrograph Systems, Inc. and | **HITACHI ELECTRONIC DEVICES (USA),**
19 | Electrograph Technologies Corp. Action | **INC. TO ELECTROGRAPH SYSTEMS,**
   |                                | **INC.'S AND ELECTROGRAPH**
20 |                                | **TECHNOLOGIES CORP.'S FIRST**
   |                                | **AMENDED COMPLAINT**
21

22        Defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi Asia,

23 Ltd., and Hitachi Electronic Devices (USA), Inc. (collectively "the Hitachi defendants") through

24 their undersigned counsel of record, answer and respond ("Answer") to plaintiffs Electrograph

25 Systems, Inc.'s and Electrograph Technologies Corp.'s (collectively "plaintiffs") First Amended

26 Complaint ("Amended Complaint").

27        As used in this Answer, and in the interest of brevity, the phrase deny or denies "for want

28

of information or belief" means that the answering defendants are without knowledge or information sufficient to form a belief as to the truth of an averment of the Amended Complaint, and deny that averment on that basis.  The Hitachi defendants deny all allegations in the Amended Complaint (including headings and captions) not specifically admitted in this Answer.

1.      The Hitachi defendants deny each of the averments of Paragraph 1 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 1 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 1 of the Amended Complaint.

2.      The Hitachi defendants deny each of the averments of the first sentence of Paragraph 2 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of the first sentence of Paragraph 2 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of the first sentence of Paragraph 2 of the Amended Complaint.  The remaining averments of Paragraph 2 of the Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that the remaining averments of Paragraph 2 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 2 of the Amended Complaint.

3.      The Hitachi defendants deny each of the averments of Paragraph 3 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 3 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 3 of the Amended Complaint.

4.      The Hitachi defendants deny each of the averments of Paragraph 4 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 4 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 4 of the Amended

CASE NO.:  C07-5944 SC; MDL NO. 1917
THE HITACHI DEFENDANTS' ANSWER TO ELECTROGRAPH SYSTEMS, INC.'S AND ELECTROGRAPH TECHNOLOGIES CORP.'S
FIRST AMENDED COMPLAINT

Complaint.

5.      The Hitachi defendants deny each of the averments of Paragraph 5 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 5 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 5 of the Amended Complaint.

6.      The Hitachi defendants deny each of the averments of Paragraph 6 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 6 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 6 of the Amended Complaint.

7.      The Hitachi defendants deny each of the averments of Paragraph 7 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 7 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 7 of the Amended Complaint.

8.      The Hitachi defendants deny the averments in the first sentence of Paragraph 8 of the Amended Complaint.  The remaining averments of Paragraph 8 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent the remaining averments of Paragraph 8 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it pertains to the Hitachi defendants and, to the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the remaining averments of Paragraph 8 of the Amended Complaint.

9.      The Hitachi defendants deny each of the averments of Paragraph 9 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 9 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi

defendants deny, for want of information or belief, the averments of Paragraph 9 of the Amended Complaint.

10.     The averments of Paragraph 10 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 10 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 10 of the Amended Complaint.

11.     The averments of Paragraph 11 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 11 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 11 of the Amended Complaint.

12.     The averments of Paragraph 12 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 12 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 12 of the Amended Complaint.

13.     The averments of Paragraph 13 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 13 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 13 of the Amended Complaint.

14.     The averments of Paragraph 14 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 14 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 14 of the Amended Complaint.

15.     The averments of Paragraph 15 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 15 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 15 of the Amended Complaint.

16.     The averments of Paragraph 16 of the Amended Complaint consist of conclusions

THE HITACHI DEFENDANTS' ANSWER TO ELECTROGRAPH SYSTEMS, INC.'S AND ELECTROGRAPH TECHNOLOGIES CORP.'S
FIRST AMENDED COMPLAINT

of law to which no response is required.  To the extent that Paragraph 16 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 16 of the Amended Complaint.

17.     The averments of Paragraph 17 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 17 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 17 of the Amended Complaint.

18.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 18 of the Amended Complaint.

19.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 19 of the Amended Complaint.

20.     The Hitachi defendants deny each of the averments of Paragraph 20 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 20 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 20 of the Amended Complaint.

21.     The Hitachi defendants deny each of the averments of Paragraph 21 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 21 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 21 of the Amended Complaint.

22.     The Hitachi defendants deny each of the averments of Paragraph 22 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 22 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 22 of the Amended Complaint.

23.     The Hitachi defendants deny each of the averments of Paragraph 23 of the

Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 23 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 23 of the Amended Complaint.

24.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 24 of the Amended Complaint.

25.     The Hitachi defendants deny each of the averments of Paragraph 25 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 25 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 25 of the Amended Complaint.

26.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 26 of the Amended Complaint.

27.     The Hitachi defendants deny each of the averments of Paragraph 27 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 27 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 27 of the Amended Complaint.

28.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 28 of the Amended Complaint.

29.     The Hitachi defendants deny each of the averments of Paragraph 29 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 29 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 29 of the Amended Complaint.

30.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 30 of the Amended Complaint.

31.     The Hitachi defendants deny each of the averments of Paragraph 31 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 31 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 31 of the Amended Complaint.

32.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 32 of the Amended Complaint.

33.     The last sentence of Paragraph 33 of the Amended Complaint appears to be prefatory or definitional only and not one calling for any response.  To the extent the last sentence of Paragraph 33 may be deemed to require a response, the Hitachi defendants deny each of the averments of the last sentence of Paragraph 33 of the Amended Complaint.  The Hitachi defendants deny each of the remaining averments of Paragraph 33 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the remaining averments of Paragraph 33 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the remaining averments of Paragraph 33 of the Amended Complaint.

34.     The Hitachi defendants admit that Hitachi, Ltd. is a Japanese company with its principal place of business at 6-6, Marunouchi 1-chome, Chiyoda-ku, Tokyo, 100-8280, Japan. The Hitachi defendants deny the remainder of the averments of Paragraph 34 of the Amended Complaint.

35.     The Hitachi defendants admit that Hitachi Displays, Ltd. is a Japanese company with its principal place of business at 3300, Hayano, Mobara-shi, Chiba-ken, 297-8622, Japan. The Hitachi defendants deny the remainder of the averments of Paragraph 35 of the Amended Complaint.

36.     The Hitachi defendants admit that Hitachi America, Ltd. is a New York company with its principal place of business at 50 Prospect Avenue, Tarrytown, New York 10591.  The Hitachi defendants admit that Hitachi America, Ltd. is a subsidiary of Defendant Hitachi, Ltd.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Hitachi defendants deny the remainder of the averments of Paragraph 36 of the Amended Complaint.

37.     The Hitachi defendants admit that Hitachi Asia, Ltd. is a Singaporean company with its principal place of business at 7 Tampines Grande, #08-01 Hitachi Square, Singapore 528736.  The Hitachi defendants deny the remainder of the averments of Paragraph 37 of the Amended Complaint.

38.     The Hitachi defendants admit that Hitachi Electronic Devices (USA), Inc. is a Delaware corporation with its principal place of business at 208 Fairforest Way, Greenville, South Carolina 29607.  The Hitachi defendants deny the remainder of the averments of Paragraph 38 of the Amended Complaint.

39.     The Hitachi defendants deny, for want of information or belief, the averments in the first sentence of Paragraph 39 of the Amended Complaint that "Defendant Shenzhen SEG Hitachi Color Display Devices, Ltd. ('Hitachi Shenzhen') was a Chinese company with its principal place of business located at 5001 Huanggang Road, Futian District, Shenzhen 518035, China."  To the extent the remaining averments in Paragraph 39 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it pertains to the Hitachi defendants and, to the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments in the rest of Paragraph 39 of the Amended Complaint.

40.     The Hitachi defendants deny each of the averments of Paragraph 40 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 40 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 40 of the Amended Complaint.

41.     The averments of Paragraph 41 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 41 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

CASE NO.:  C07-5944 SC; MDL NO. 1917

THE HITACHI DEFENDANTS' ANSWER TO ELECTROGRAPH SYSTEMS, INC.'S AND ELECTROGRAPH TECHNOLOGIES CORP.'S FIRST AMENDED COMPLAINT

each of the averments in Paragraph 41 of the Amended Complaint.

42.     The averments of Paragraph 42 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 42 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 42 of the Amended Complaint.

43.     The averments of Paragraph 43 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 43 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 43 of the Amended Complaint.

44.     The averments of Paragraph 44 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 44 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 44 of the Amended Complaint.

45.     The averments of Paragraph 45 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 45 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 45 of the Amended Complaint.

46.     The averments of Paragraph 46 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 46 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 46 of the Amended Complaint.

47.     The averments of Paragraph 47 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 47 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 47 of the Amended Complaint.

48.     The averments of Paragraph 48 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 48 may

THE HITACHI DEFENDANTS' ANSWER TO ELECTROGRAPH SYSTEMS, INC.'S AND ELECTROGRAPH TECHNOLOGIES CORP.'S FIRST AMENDED COMPLAINT

be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 48 of the Amended Complaint.

49.     The averments of Paragraph 49 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 49 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 49 of the Amended Complaint.

50.     The averments of Paragraph 50 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 50 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 50 of the Amended Complaint.

51.     The averments of Paragraph 51 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 51 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 51 of the Amended Complaint.

52.     The averments of Paragraph 52 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 52 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 52 of the Amended Complaint.

53.     The averments of Paragraph 53 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 53 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 53 of the Amended Complaint.

54.     The averments of Paragraph 54 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 54 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 54 of the Amended Complaint.

55.     The averments of Paragraph 55 of the Amended Complaint are not directed at the

CASE NO.:  C07-5944 SC; MDL NO. 1917

THE HITACHI DEFENDANTS' ANSWER TO ELECTROGRAPH SYSTEMS, INC.'S AND ELECTROGRAPH TECHNOLOGIES CORP.'S
FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Hitachi defendants, and, therefore, no response is required. To the extent that Paragraph 55 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 55 of the Amended Complaint.

56.     The averments of Paragraph 56 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required. To the extent that Paragraph 56 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 56 of the Amended Complaint.

57.     The averments of Paragraph 57 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required. To the extent that Paragraph 57 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 57 of the Amended Complaint.

58.     The averments of Paragraph 58 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required. To the extent that Paragraph 58 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 58 of the Amended Complaint.

59.     The averments of Paragraph 59 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required. To the extent that Paragraph 59 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 59 of the Amended Complaint.

60.     The averments of Paragraph 60 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required. To the extent that Paragraph 60 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 60 of the Amended Complaint.

61.     The averments of Paragraph 61 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required. To the extent that Paragraph 61 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 61 of the Amended Complaint.

CASE NO.: C07-5944 SC; MDL NO. 1917

THE HITACHI DEFENDANTS' ANSWER TO ELECTROGRAPH SYSTEMS, INC.'S AND ELECTROGRAPH TECHNOLOGIES CORP.'S
FIRST AMENDED COMPLAINT

62.     The averments of Paragraph 62 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 62 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 62 of the Amended Complaint.

63.     The averments of Paragraph 63 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 63 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 63 of the Amended Complaint.

64.     The averments of Paragraph 64 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 64 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 64 of the Amended Complaint.

65.     The averments of Paragraph 65 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 65 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 65 of the Amended Complaint.

66.     The averments of Paragraph 66 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 66 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 66 of the Amended Complaint.

67.     The averments of Paragraph 67 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 67 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 67 of the Amended Complaint.

68.     The averments of Paragraph 68 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 68 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

each of the averments in Paragraph 68 of the Amended Complaint.

69.     The averments of Paragraph 69 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 69 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 69 of the Amended Complaint.

70.     The averments of Paragraph 70 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 70 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 70 of the Amended Complaint.

71.     The averments of Paragraph 71 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 71 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 71 of the Amended Complaint.

72.     The averments of Paragraph 72 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 72 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 72 of the Amended Complaint.

73.     The averments of Paragraph 73 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 73 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 73 of the Amended Complaint.

74.     The averments of Paragraph 74 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 74 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 74 of the Amended Complaint.

75.     The averments of Paragraph 75 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 75 may

be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 75 of the Amended Complaint.

76.     The averments of Paragraph 76 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 76 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 76 of the Amended Complaint.

77.     The averments of Paragraph 77 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 77 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 77 of the Amended Complaint.

78.     The averments of Paragraph 78 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 78 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 78 of the Amended Complaint.

79.     The averments of Paragraph 79 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 79 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 79 of the Amended Complaint.

80.     The averments of Paragraph 80 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 80 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 80 of the Amended Complaint.

81.     The averments of Paragraph 81 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 81 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 81 of the Amended Complaint.

82.     The averments of Paragraph 82 of the Amended Complaint are not directed at the

Hitachi defendants, and, therefore, no response is required. To the extent that Paragraph 82 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 82 of the Amended Complaint.

83. The averments of Paragraph 83 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required. To the extent that Paragraph 83 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 83 of the Amended Complaint.

84. The averments of Paragraph 84 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required. To the extent that Paragraph 84 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 84 of the Amended Complaint.

85. The averments of Paragraph 85 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required. To the extent that Paragraph 85 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 85 of the Amended Complaint.

86. The averments of Paragraph 86 of the Amended Complaint consist of conclusions of law to which no response is required. To the extent Paragraph 86 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 86 of the Amended Complaint.

87. The averments of Paragraph 87 of the Amended Complaint consist of conclusions of law to which no response is required. To the extent Paragraph 87 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 87 of the Amended Complaint.

88. The averments of Paragraph 88 of the Amended Complaint consist of conclusions of law to which no response is required. To the extent Paragraph 88 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 88 of the Amended Complaint.

CASE NO.: C07-5944 SC; MDL NO. 1917
THE HITACHI DEFENDANTS' ANSWER TO ELECTROGRAPH SYSTEMS, INC.'S AND ELECTROGRAPH TECHNOLOGIES CORP.'S FIRST AMENDED COMPLAINT

89.     The averments of Paragraph 89 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 89 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 89 of the Amended Complaint.

90.     The averments of Paragraph 90 of the Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 90 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 90 of the Amended Complaint.

91.     The averments of Paragraph 91 of the Amended Complaint appear to be prefatory only, and not ones calling for any response.  To the extent that Paragraph 91 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 91 of the Amended Complaint.

92.     The averments of Paragraph 92 of the Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 92 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 92 of the Amended Complaint.

93.     The averments of Paragraph 93 of the Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 93 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 93 of the Amended Complaint.

94.     The averments of Paragraph 94 of the Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 94 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 94 of the Amended Complaint.

95.     The averments of Paragraph 95 of the Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 95 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph

THE HITACHI DEFENDANTS' ANSWER TO ELECTROGRAPH SYSTEMS, INC.'S AND ELECTROGRAPH TECHNOLOGIES CORP.'S FIRST AMENDED COMPLAINT

95 of the Amended Complaint.

96.     The averments of Paragraph 96 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 96 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 96 of the Amended Complaint.

97.     The averments of Paragraph 97 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 97 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 97 of the Amended Complaint.

98.     The averments of Paragraph 98 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 98 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 98 of the Amended Complaint.

99.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 99 of the Amended Complaint.

100.     The averments of Paragraph 100 of the Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 100 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 100 of the Amended Complaint.

101.     The averments of Paragraph 101 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 101 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 101 of the Amended Complaint.

102.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 102 of the Amended Complaint.

103.     To the extent the averments of Paragraph 103 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it

THE HITACHI DEFENDANTS' ANSWER TO ELECTROGRAPH SYSTEMS, INC.'S AND ELECTROGRAPH TECHNOLOGIES CORP.'S FIRST AMENDED COMPLAINT

pertains to the Hitachi defendants and, to the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 103 of the Amended Complaint.

104.     The averments of Paragraph 104 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 104 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 104 of the Amended Complaint.

105.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 105 of the Amended Complaint.

106.     The averments of subparts a-h and j-k of Paragraph 106 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny the averments of Paragraph 106 of the Amended Complaint, but admit that in 2000 LG Electronics, Inc. and Hitachi, Ltd. entered into an agreement to establish a joint venture company for the development, design and marketing of optical disk drives.

107.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 107 of the Amended Complaint.

108.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 108 of the Amended Complaint.

109.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 109 of the Amended Complaint.

110.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 110 of the Amended Complaint.

111.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 111 of the Amended Complaint.

112.     The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 112 of the Amended Complaint.

113.     The Hitachi defendants deny, for want of information or belief, each of the

THE HITACHI DEFENDANTS' ANSWER TO ELECTROGRAPH SYSTEMS, INC.'S AND ELECTROGRAPH TECHNOLOGIES CORP.'S
FIRST AMENDED COMPLAINT

averments in Paragraph 113 of the Amended Complaint.

114.    The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 114 of the Amended Complaint.

115.    The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 115 of the Amended Complaint.

116.    The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 116 of the Amended Complaint.

117.    The averments of the first sentence of Paragraph 117 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the first sentence of Paragraph 117 may be deemed to require a response, the Hitachi defendants deny each of the averments of the first sentence of Paragraph 117 of the Amended Complaint.  The Hitachi defendants deny each of the remaining averments of Paragraph 117 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the remaining averments of Paragraph 117 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the remaining averments of Paragraph 117 of the Amended Complaint.

118.    The Hitachi defendants deny, for want of information or belief, the averments in Paragraph 118 of the Amended Complaint.

119.    The Hitachi defendants deny each of the averments of Paragraph 119 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 119 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 119 of the Amended Complaint.

120.    The averments of Paragraph 120 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 120 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 120 of the Amended Complaint.

121.    To the extent the averments of Paragraph 121 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it pertains to the Hitachi defendants and, to the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 121 of the Amended Complaint.

122.    The averments of Paragraph 122 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 122 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 122 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 122 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 122 of the Amended Complaint.

123.    The averments of Paragraph 123 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 123 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 123 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 123 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 123 of the Amended Complaint.

124.    To the extent the averments of Paragraph 124 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of Paragraph 124 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 124 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 124 of the Amended Complaint.

125.    To the extent the averments of Paragraph 125 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of

CASE NO.:  C07-5944 SC; MDL NO. 1917

THE HITACHI DEFENDANTS' ANSWER TO ELECTROGRAPH SYSTEMS, INC.'S AND ELECTROGRAPH TECHNOLOGIES CORP.'S FIRST AMENDED COMPLAINT

Paragraph 125 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 125 of the Amended Complaint.

126.     To the extent the averments of Paragraph 126 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of Paragraph 126 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 126 of the Amended Complaint.

127.     To the extent the averments of Paragraph 127 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of Paragraph 127 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 127 of the Amended Complaint.

128.     To the extent the averments of Paragraph 128 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of Paragraph 128 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 128 of the Amended Complaint.

129.     To the extent the averments of Paragraph 129 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of Paragraph 129 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 129 of the Amended Complaint.

130.     To the extent the averments of Paragraph 130 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of Paragraph 130 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the

THE HITACHI DEFENDANTS' ANSWER TO ELECTROGRAPH SYSTEMS, INC.'S AND ELECTROGRAPH TECHNOLOGIES CORP.'S FIRST AMENDED COMPLAINT

averments of Paragraph 130 of the Amended Complaint.

131.    To the extent the averments of Paragraph 131 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of Paragraph 131 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 131 of the Amended Complaint.

132.    To the extent the averments of Paragraph 132 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of Paragraph 132 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 132 of the Amended Complaint.

133.    To the extent the averments of Paragraph 133 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of Paragraph 133 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 133 of the Amended Complaint.

134.    To the extent the averments of Paragraph 134 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of Paragraph 134 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 134 of the Amended Complaint.

135.    The averments of Paragraph 135 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 135 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 135 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 135 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 135 of the

CASE NO.:  C07-5944 SC; MDL NO. 1917
THE HITACHI DEFENDANTS' ANSWER TO ELECTROGRAPH SYSTEMS, INC.'S AND ELECTROGRAPH TECHNOLOGIES CORP.'S
FIRST AMENDED COMPLAINT

Amended Complaint.

136.    To the extent the averments of Paragraph 136 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of Paragraph 136 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 136 of the Amended Complaint.

137.    To the extent the averments of Paragraph 137, including all subparts, of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of Paragraph 137 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 137 of the Amended Complaint.

138.    To the extent the averments of Paragraph 138 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of Paragraph 138 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 138 of the Amended Complaint.

139.    To the extent the averments of Paragraph 139 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments of Paragraph 139 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 139 of the Amended Complaint.

140.    The Hitachi defendants deny each of the averments of Paragraph 140 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 140 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 140 of the Amended Complaint.

141.    The Hitachi defendants deny each of the averments of Paragraph 141 of the

Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 141 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 141 of the Amended Complaint.

142.     The Hitachi defendants deny each of the averments of Paragraph 142 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 142 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 142 of the Amended Complaint.

143.     The averments of Paragraph 143 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent the averments of Paragraph 143 of the Amended Complaint may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 143 as it pertains to the Hitachi defendants.  To the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 143 of the Amended Complaint.

144.     The Hitachi defendants deny each of the averments of Paragraph 144 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 144 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 144 of the Amended Complaint.

145.     The Hitachi defendants deny each of the averments of Paragraph 145 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 145 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 145 of the Amended Complaint.

146.     The Hitachi defendants deny each of the averments in Paragraph 146 of the Amended Complaint.

147.    The Hitachi defendants deny each of the averments in Paragraph 147 of the Amended Complaint.

148.    The averments of Paragraph 148 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 148 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 148 of the Amended Complaint.

149.    The averments of Paragraph 149 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 149 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 149 of the Amended Complaint.

150.    The averments of Paragraph 150 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 150 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 150 of the Amended Complaint.

151.    The averments of Paragraph 151 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 151 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 151 of the Amended Complaint.

152.    The averments of Paragraph 152 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 152 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 152 of the Amended Complaint.

153.    The averments of Paragraph 153 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 153 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 153 of the Amended Complaint.

154.    The averments of Paragraph 154 of the Amended Complaint are not directed at the

Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 154 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 154 of the Amended Complaint.

155.    The averments of Paragraph 155 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 155 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 155 of the Amended Complaint.

156.    The averments of Paragraph 156 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 156 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 156 of the Amended Complaint.

157.    The averments of Paragraph 157 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 157 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 157 of the Amended Complaint.

158.    The averments of Paragraph 158 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 158 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 158 of the Amended Complaint.

159.    The averments of Paragraph 159 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 159 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 159 of the Amended Complaint.

160.    The averments of Paragraph 160 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 160 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 160 of the Amended Complaint.

161.    The averments of Paragraph 161 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 161 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 161 of the Amended Complaint.

162.    The averments of Paragraph 162 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 162 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 162 of the Amended Complaint

163.    The averments of Paragraph 163 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 163 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 163 of the Amended Complaint.

164.    The averments of Paragraph 164 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 164 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 164 of the Amended Complaint.

165.    The averments of Paragraph 165 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 165 may be deemed to require a response, the Hitachi defendants deny each of the averments as it pertains to the Hitachi defendants and, to the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 165 of the Amended Complaint.

166.    The Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 166 of the Amended Complaint.

167.    The averments in Paragraph 167 of the Amended Complaint purport to be derived from a Stanford Resources, Inc., and, therefore, no response is required.  To the extent that Paragraph 167 may be deemed to require a response, the Hitachi Defendants respond that the

report speaks for itself and deny, for want of information or belief, the averments in Paragraph 167 of the Amended Complaint.

168.    The Hitachi defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 168 of the Amended Complaint as they relate to the Hitachi defendants.  The averments in the second, third, and fourth sentences of Paragraph 168 of the Amended Complaint purport to be derived from a Fuji Chimera Research report, and thus no response is required.  To the extent that the averments in the second, third, and fourth sentences of Paragraph 168 may be deemed to require a response, the Hitachi Defendants respond that the report speaks for itself and deny, for want of information or belief, the averments in the second, third, and fourth sentences of Paragraph 168 of the Amended Complaint.

169.    The Hitachi defendants deny, for want of information or belief, each of the averments in the first and fourth sentences of Paragraph 169 of the Amended Complaint.  The remainder of the averments of Paragraph 169 purports to be derived from industry analysts, and thus no response is required.  To the extent that the remainder of the averments of Paragraph 169 may be deemed to require a response, the Hitachi Defendants respond that the industry analysts speak for themselves and deny, for want of information or belief, the remainder of the averments of Paragraph 169 of the Amended Complaint.

170.    The averments of Paragraph 170 purport to be derived from an industry source, and thus no response is required.  To the extent that Paragraph 170 may be deemed to require a response, the Hitachi Defendants respond that the statements of the industry source speak for themselves and deny, for want of information or belief, the averments of Paragraph 170 of the Amended Complaint.

171.    The Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 171 of the Amended Complaint.

172.    The Hitachi defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 172 of the Amended Complaint.  The remainder of the averments of Paragraph 172 purports to be derived from an Infotech Weekly article and thus

no response is required.  To the extent that the remainder of Paragraph 172 may be deemed to require a response, the Hitachi Defendants respond that the Infotech Weekly article speaks for itself and deny, for want of information or belief, the remainder of the averments of Paragraph 172 of the Amended Complaint.

173.     The averments in Paragraph 173 of the Amended Complaint purport to quote and/or be derived from a BNET Business Network article, and thus no response is required.  To the extent that the averments in Paragraph 173 may be deemed to require a response, the Hitachi defendants respond that the BNET Business Network article speaks for itself and deny, for want of information or belief, the averments in Paragraph 173 of the Amended Complaint.

174.     The averments in Paragraph 174 of the Amended Complaint purport to quote and/or be derived from a Techtree.com article, and thus no response is required.  To the extent that the averments in Paragraph 174 may be deemed to require a response, the Hitachi defendants respond that the Techtree.com article speaks for itself and deny, for want of information or belief, the averments in Paragraph 174 of the Amended Complaint.

175.     The Hitachi defendants deny each of the averments of Paragraph 175 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 175 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 175 of the Amended Complaint.

176.     The Hitachi defendants deny each of the averments of Paragraph 176 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 176 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 176 of the Amended Complaint.

177.     The averments in the first sentence of Paragraph 177 of the Amended Complaint consist of conclusions of law to which no response is required. To the extent that the averments in the first sentence of Paragraph 177 of the Amended Complaint may be deemed to require a

response, the Hitachi defendants deny each of the averments in the first sentence of Paragraph 177 of the Amended Complaint as it applies to the Hitachi defendants. To the extent the averments in the first sentence of Paragraph 177 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 177 of the Amended Complaint.  The remainder of the averments of Paragraph 177 purports to quote from the President of Skyworth Macao Commercial Off Shore Co., Ltd., Finsen Yu, and thus no response is required.  To the extent that the remainder of Paragraph 177 may be deemed to require a response, the Hitachi defendants respond that the statement of the President of Skyworth Macao Commercial Off Shore Co., Ltd. speaks for itself and deny, for want of information or belief, the remainder of the averments of Paragraph 177 of the Amended Complaint.

178.    The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 178 of the Amended Complaint.

179.    The Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 179 of the Amended Complaint.

180.    The averments of Paragraph 180 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 180 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 180 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 180 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 180 of the Amended Complaint.

181.    The Hitachi defendants deny, for want of information or belief, the averments in Paragraph 181 of the Amended Complaint.

182.    The averments of Paragraph 182 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 182 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief,

CASE NO.:  C07-5944 SC; MDL NO. 1917
THE HITACHI DEFENDANTS' ANSWER TO ELECTROGRAPH SYSTEMS, INC.'S AND ELECTROGRAPH TECHNOLOGIES CORP.'S
FIRST AMENDED COMPLAINT

each of the averments in Paragraph 182 of the Amended Complaint.

183.    The averments of Paragraph 183 of the Amended Complaint are not directed at the Hitachi defendants and purport to be derived from a Kyodo News report, and, therefore, no response is required.  To the extent that the averments in Paragraph 183 may be deemed to require a response, the Hitachi defendants respond that the Kyodo News report speaks for itself and deny, for want of information or belief, the averments in Paragraph 183 of the Amended Complaint.

184.    The averments in Paragraph 184 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 184 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 184 of the Amended Complaint.

185.    The averments of Paragraph 185 of the Amended Complaint are not directed at the Hitachi defendants and purport to be derived from an Asian Shimbun report, and, therefore, no response is required.  To the extent that the averments in Paragraph 185 may be deemed to require a response, the Hitachi defendants respond that the Asian Shimbun report speaks for itself and deny, for want of information or belief, the averments in Paragraph 185 of the Amended Complaint.

186.    The averments in Paragraph 186 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 186 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 186 of the Amended Complaint.

187.    The averments of Paragraph 187 of the Amended Complaint are not directed at the Hitachi defendants and purport to be derived from a Toshiba Annual Report, and, therefore, no response is required.  To the extent that the averments in Paragraph 187 may be deemed to require a response, the Hitachi defendants respond that the Toshiba Annual Report speaks for itself and deny, for want of information or belief, the averments in Paragraph 187 of the Amended Complaint.

188.     The averments of Paragraph 188 of the Amended Complaint are not directed at the Hitachi defendants and purport to be derived from a statement by a Hungarian Competition Authority, and, therefore, no response is required.  To the extent that the averments in Paragraph 188 may be deemed to require a response, the Hitachi defendants respond that the statement by a Hungarian Competition Authority speaks for itself and deny, for want of information or belief, the averments in Paragraph 188 of the Amended Complaint.

189.     The averments in Paragraph 189 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for want of information or belief, the averments of Paragraph 189 of the Amended Complaint to the extent they relate to defendants other than the Hitachi defendants with the exception of matters specifically alleged herein.  To the extent the averments of Paragraph 189 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it pertains to the Hitachi defendants with the exception of matters specifically admitted herein.  The Hitachi defendants admit that C.Y. Lin of Chunghwa Picture Tubes was indicted, the details of which are matters of public record.

190.     The averments in Paragraph 190 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for want of information or belief, the averments of Paragraph 190 of the Amended Complaint to the extent they relate to defendants other than the Hitachi defendants with the exception of matters specifically alleged herein.  To the extent the averments of Paragraph 190 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it pertains to the Hitachi defendants with the exception of matters specifically admitted herein.  The Hitachi defendants admit that Tony Cheng of Chunghwa Picture Tubes was indicted, the details of which are matters of public record.

191.     The averments in Paragraph 191 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for want of information or belief, the averments of Paragraph 191 of the Amended Complaint to the

extent they relate to defendants other than the Hitachi defendants with the exception of matters specifically alleged herein.  To the extent the averments of Paragraph 191 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it pertains to the Hitachi defendants with the exception of matters specifically admitted herein.  The Hitachi defendants admit that Chung Cheng Yeh, an employee of a Taiwanese company, was indicted, the details of which are matters of public record.

192.    The averments in Paragraph 192 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  The Hitachi defendants deny, for want of information or belief, the averments of Paragraph 192 of the Amended Complaint to the extent they relate to defendants other than the Hitachi defendants with the exception of matters specifically alleged herein.  To the extent the averments of Paragraph 192 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it pertains to the Hitachi defendants with the exception of matters specifically admitted herein.  The Hitachi defendants admit that Seung-Kyu Lee, Yeong-Ug Yang, and Jae-Sik Kim were indicted, the details of which are matters of public record.

193.    The Hitachi defendants deny each of the averments of Paragraph 193 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 193 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 193 of the Amended Complaint.

194.    The averments of Paragraph 194 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent the averments of Paragraph 194 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it pertains to the Hitachi defendants and, to the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 194 of the Amended Complaint.

195.    The averments of Paragraph 195 of the Amended Complaint are not directed at the

Hitachi defendants, and, therefore, no response is required.  To the extent the averments of Paragraph 195 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it pertains to the Hitachi defendants and, to the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 195 of the Amended Complaint.

196.    The Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 196 of the Amended Complaint.

197.    The averments of Paragraph 197 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent the averments of Paragraph 197 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it pertains to the Hitachi defendants and, to the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 197 of the Amended Complaint.

198.    The averments of Paragraph 198 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent the averments of Paragraph 198 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it pertains to the Hitachi defendants and, to the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 198 of the Amended Complaint.

199.    The averments of Paragraph 199 of the Amended Complaint purport to be derived from a DOJ press release, and, therefore, no response is required.  To the extent that the averments of Paragraph 199 may be deemed to require a response, the Hitachi defendants respond that the DOJ press release speaks for itself and deny the averments of Paragraph 199, except admit that Hitachi Displays, Ltd. entered into a plea agreement and paid a $31 million fine in connection with allegations that it participated in a conspiracy to fix the prices of TFT-LCD panels sold to Dell, Inc. for use in notebook computers from April 1, 2001, through March 31, 2004.

200.    The averments of Paragraph 200 of the Amended Complaint purport to be derived from indictments filed in the Northern District of California and thus no response is required.  To the extent that the averments of Paragraph 200 may be deemed to require a response, the Hitachi defendants respond that the indictments speak for themselves and deny the averments of Paragraph 200 as they pertain to the Hitachi defendants, except admit that an Information was filed as to Hitachi Displays, Ltd., alleging that the conduct charged therein "was carried out, in part, in the Northern District of California."  To the extent the averments of Paragraph 200 do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 200 of the Amended Complaint.

201.    The averments of the first sentence of Paragraph 201 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the first sentence of Paragraph 201 may be deemed to require a response, the Hitachi defendants deny each of the averments of the first sentence of Paragraph 201 of the Amended Complaint.  To the extent the remaining averments of Paragraph 201 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it pertains to the Hitachi defendants and, to the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 201 of the Amended Complaint.

202.    The averments in Paragraph 202 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 202 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 202 of the Amended Complaint.

203.    The averments in Paragraph 203 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 203 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 203 of the Amended Complaint.

204.    To the extent the averments of Paragraph 204 of the Amended Complaint are

directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it pertains to the Hitachi defendants and, to the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 204 of the Amended Complaint.

205.    To the extent the averments of Paragraph 205 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it pertains to the Hitachi defendants and, to the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 205 of the Amended Complaint.

206.    To the extent the averments of Paragraph 206 of the Amended Complaint are directed at the Hitachi defendants, the Hitachi defendants deny each of the averments as it pertains to the Hitachi defendants and, to the extent the averments do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 206 of the Amended Complaint.

207.    The averments in Paragraph 207 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 207 may be deemed to require a response, the Hitachi defendants respond that the statement from Panasonic speaks for itself and deny, for want of information or belief, each of the averments in Paragraph 207 of the Amended Complaint.

208.    The averments in Paragraph 208 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 208 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 208 of the Amended Complaint.

209.    The averments in Paragraph 209 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 209 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 209 of the Amended Complaint.

210.    The averments in Paragraph 210 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 210 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 210 of the Amended Complaint.

211.    The averments in Paragraph 211 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 211 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 211 of the Amended Complaint.

212.    The Hitachi defendants deny, for want of information or belief, each of the averments in the first and fourth sentences of Paragraph 212 of the Amended Complaint.  The remainder of the averments of Paragraph 212 purports to be derived from industry analysts, and thus no response is required.  To the extent that the remainder of the averments of Paragraph 212 may be deemed to require a response, the Hitachi defendants respond that the industry analysts speak for themselves and deny, for want of information or belief, the remainder of the averments of Paragraph 212 of the Amended Complaint.

213.    The averments of Paragraph 213 purport to be derived from an industry source, and thus no response is required.  To the extent that Paragraph 213 may be deemed to require a response, the Hitachi defendants respond that the statements of the industry source speak for themselves and deny, for want of information or belief, the averments of Paragraph 213 of the Amended Complaint.

214.    The Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 214 of the Amended Complaint.

215.    The Hitachi defendants deny, for want of information or belief, each of the averments in the second and third sentences of Paragraph 215 of the Amended Complaint.  The first sentence of Paragraph 215 purports to be derived from a CNET News.com article, and thus no response is required.  To the extent that the first sentence of Paragraph 215 may be deemed to require a response, the Hitachi defendants respond that the statement from the article speaks for

itself and deny, for want of information or belief, the averments of Paragraph 215 of the Amended Complaint.

216.    The Hitachi defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 216 of the Amended Complaint.  The remainder of the averments of Paragraph 216 purports to be derived from a keynote speaker at Asia Display, and thus no response is required.  To the extent that the remainder of the averments of Paragraph 216 may be deemed to require a response, the Hitachi defendants respond that the statement by the keynote speaker at Asia Display speaks for itself and deny, for want of information or belief, the remainder of the averments of Paragraph 216 of the Amended Complaint.

217.    The Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 217 of the Amended Complaint.

218.    The Hitachi defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 218 of the Amended Complaint.  The remainder of the averments of Paragraph 218 purports to be derived from an Infotech Weekly article and thus no response is required.  To the extent that the remainder of Paragraph 218 may be deemed to require a response, the Hitachi defendants respond that the Infotech Weekly article speaks for itself and deny, for want of information or belief, the remainder of the averments of Paragraph 218 of the Amended Complaint.

219.    The averments of Paragraph 219 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 219 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 219 of the Amended Complaint.

220.    The averments in the first sentence of Paragraph 220 of the Amended Complaint consist of conclusions of law to which no response is required. To the extent that the averments in the first sentence of Paragraph 220 of the Amended Complaint may be deemed to require a response, the Hitachi defendants deny each of the averments in the first sentence of Paragraph 220 of the Amended Complaint as it applies to the Hitachi defendants. To the extent the

averments in the first sentence of Paragraph 220 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 220 of the Amended Complaint.  The remainder of the averments of Paragraph 220 purports to quote from the President of Skyworth Macao Commercial Off Shore Co., Ltd., Finsen Yu, and thus no response is required.  To the extent that the remainder of Paragraph 220 may be deemed to require a response, the Hitachi defendants respond that the statement of the President of Skyworth Macao Commercial Off Shore Co., Ltd. speaks for itself and deny, for want of information or belief, the remainder of the averments of Paragraph 220 of the Amended Complaint.

221.    The averments of Paragraph 221 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 221 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 221 of the Amended Complaint

222.    The averments of Paragraph 222, including all subparts, of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 222 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 222 of the Amended Complaint.

223.    The averments of Paragraph 223 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 223 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 223 of the Amended Complaint.

224.    The averments of Paragraph 224 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 224 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 224 of the Amended Complaint.

225.    The averments of Paragraph 225 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 225 may be deemed to

require a response, the Hitachi defendants deny each of the averments of Paragraph 225 of the Amended Complaint.

226.    The Hitachi defendants deny, for want of information or belief, the averments of Paragraph 226 of the Amended Complaint.

227.    The Hitachi defendants deny each of the averments of Paragraph 227 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 227 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 227 of the Amended Complaint.

228.    The Hitachi defendants deny each of the averments of Paragraph 228 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 228 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 228 of the Amended Complaint.

229.    The Hitachi defendants deny, for want of information or belief, the averments of Paragraph 229 of the Amended Complaint.

230.    The averments of Paragraph 230 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 230 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 230 of the Amended Complaint.

231.    The averments of Paragraph 231 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 231 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 231 of the Amended Complaint.

232.    The averments of Paragraph 232 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 232 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 232 of the

Amended Complaint.

233.     The averments of Paragraph 233 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 233 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 233 of the Amended Complaint.

234.     The averments of Paragraph 234 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 234 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 234 of the Amended Complaint.

235.     The Hitachi defendants deny each of the averments of Paragraph 235 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 235 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 235 of the Amended Complaint.

236.     The Hitachi defendants deny each of the averments of Paragraph 236 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 236 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 236 of the Amended Complaint.

237.     The averments of Paragraph 237 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 237 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 237.

238.     The averments of Paragraph 238 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 238 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 238.

239.     The averments of Paragraph 239 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 239 may be deemed to require a response, the Hitachi defendants respond that the statement of the Deputy General Manager for an LG Electronics distributor speaks for itself and deny, for want of information or belief, the averments in Paragraph 239 of the Amended Complaint.

240.     The Hitachi defendants deny each of the averments of Paragraph 240 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 240 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 240 of the Amended Complaint.

241.     The Hitachi defendants deny each of the averments of Paragraph 241 of the Amended Complaint as it pertains to the Hitachi defendants.  To the extent the averments of Paragraph 241 of the Amended Complaint do not pertain to the Hitachi defendants, the Hitachi defendants deny, for want of information or belief, the averments of Paragraph 241 of the Amended Complaint.

242.     The averments of Paragraph 242 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 242 may be deemed to require a response, the Hitachi defendants deny each of the averments of Paragraph 242.

243.     Answering the averments of Paragraph 243 of the Amended Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 242 of the Amended Complaint.

244.     The averments of Paragraph 244 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 244 may be deemed to require a response, the Hitachi defendants, for want of information or belief, deny each of the averments of Paragraph 244.

245.     The averments of Paragraph 245 of the Amended Complaint consist of conclusions

of law to which no response is required.  To the extent that Paragraph 245 may be deemed to require a response, the Hitachi defendants, for want of information or belief, deny each of the averments of Paragraph 245.

246.    The averments of Paragraph 246 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 246 may be deemed to require a response, the Hitachi defendants, for want of information or belief, deny each of the averments of Paragraph 246.

247.    The averments of Paragraph 247 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 247 may be deemed to require a response, the Hitachi defendants, for want of information or belief, deny each of the averments of Paragraph 247.

248.    The averments of Paragraph 248, including all subparts, of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 248 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 248.

249.    The averments of Paragraph 249 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 249 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 249.

250.    Answering the averments of Paragraph 250 of the Amended Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 249 of the Amended Complaint.

251.    The averments of Paragraph 251 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 251 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 251.

252.     The averments of Paragraph 252 of the Amended Complaint are not directed at the Hitachi defendants, and, therefore, no response is required.  To the extent that Paragraph 252 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments in Paragraph 252 of the Amended Complaint.

253.     The averments of Paragraph 253 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 253 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 253.

254.     The averments of Paragraph 254 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 254 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 254.

255.     The averments of Paragraph 255, including all subparts, of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 255 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 255.

256.     The averments of Paragraph 256, including all subparts, of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 256 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 256.

257.     The averments of Paragraph 257 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 257 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 257.

258.     The averments of Paragraph 258 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 258 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the

averments of Paragraph 258.

259.    Answering the averments of Paragraph 259 of the Amended Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 258 of the Amended Complaint.

260.    The averments of Paragraph 260 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 260 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 260.

261.    The averments of Paragraph 261 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 261 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 261.

262.    The averments of Paragraph 262 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 262 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 262.

263.    The averments of Paragraph 263 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 263 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 263.

264.    The averments of Paragraph 264 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 264 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 264.

265.    The averments of Paragraph 265 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 265 may be deemed to

require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 265.

266.    The averments of Paragraph 266 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 266 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 266.

267.    The averments of Paragraph 267 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 267 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 267.

268.    Answering the averments of Paragraph 268 of the Amended Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 267 of the Amended Complaint.

269.    The averments of Paragraph 269 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 269 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 269.

270.    The averments of Paragraph 270 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 270 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 270.

271.    The averments of Paragraph 271 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 271 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 271.

272.    The averments of Paragraph 272 of the Amended Complaint consist of conclusions

of law to which no response is required.  To the extent that Paragraph 272 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 272.

273.    The averments of Paragraph 273 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 273 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 273.

274.    The averments of Paragraph 274 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 274 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 274.

275.    Answering the averments of Paragraph 275 of the Amended Complaint, the Hitachi defendants incorporate by this reference their responses, set forth above in this Answer and as if set forth fully herein, to the averments of Paragraphs 1 through 274 of the Amended Complaint.

276.    The averments of Paragraph 276 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 276 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 276.

277.    The averments of Paragraph 277 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 277 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 277.

278.    The averments of Paragraph 278 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 278 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 278.

279.     The averments of Paragraph 279 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 279 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 279.

280.     The averments of Paragraph 280 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 280 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 280.

281.     The averments of Paragraph 281 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 281 may be deemed to require a response, the Hitachi defendants deny, for want of information or belief, each of the averments of Paragraph 281.

## PLAINTIFFS' PRAYER FOR RELIEF

The Hitachi defendants deny each of the averments of Paragraphs A through G of plaintiffs' Prayer for Relief in the Amended Complaint, and aver that neither plaintiffs nor the class plaintiffs purport to represent are entitled to any relief of any kind for or as against any of the Hitachi defendants.

## JURY DEMAND

To the extent any response is required to the plaintiffs' Jury Trial Demand, the Hitachi defendants admit that plaintiffs purport to demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b).

## AFFIRMATIVE AND/OR ADDITIONAL DEFENSES

Without assuming the burden of proof where it rests upon plaintiffs, the Hitachi defendants aver the following as separate affirmative and/or additional defenses to plaintiffs' Amended Complaint:

## FIRST DEFENSE

### (Failure To State A Claim)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because the Amended Complaint fails to state a claim or cause of action upon which relief may be granted.

## SECOND DEFENSE

### (Statutes Of Limitations)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the applicable statutes of limitations.

## THIRD DEFENSE

### (Claim Splitting And Election Of Remedies)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by reason of claim splitting and by the doctrine of the election of remedies.

## FOURTH DEFENSE

### (Laches, Estoppel, Waiver, And/Or Unclean Hands)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, under the doctrine of laches, estoppel, waiver, and/or unclean hands.

## FIFTH DEFENSE

### (Reasonable Justification)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because all of the actions of the Hitachi defendants being challenged by plaintiffs were lawful, justified, pro-competitive, constitute *bona fide* business competition, and were carried out in furtherance of the Hitachi defendants' legitimate business interests.

## SIXTH DEFENSE

### (Ratification, Acquiescence, Agreement Or Consent)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by reason of plaintiffs' ratification of, or acquiescence, agreement or consent to the conduct of the Hitachi defendants.

## SEVENTH DEFENSE

### (Accord And Satisfaction, Release And Settlement)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the doctrines of accord and satisfaction, release and settlement.

## EIGHTH DEFENSE

### (Government Privilege)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because the alleged conduct of the Hitachi defendants that is the subject of the Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

## NINTH DEFENSE

### (Lack Of Standing)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs lack standing to bring the claims asserted in the Amended Complaint.

## TENTH DEFENSE

### (Failure To Plead Fraud Particularly; Rule 9(B) Fed. R. Civ. P.)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs have failed to allege fraudulent concealment with particularity.

## ELEVENTH DEFENSE

### (Ultra Vires)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because, to the extent that any employee or agent of the Hitachi defendants engaged in any unlawful act or omission, which unlawful act or omission the Hitachi defendants expressly deny, any such actionable act or omission would have been committed by individuals acting *ultra vires*.

CASE NO.:  C07-5944 SC; MDL NO. 1917
THE HITACHI DEFENDANTS' ANSWER TO ELECTROGRAPH SYSTEMS, INC.'S AND ELECTROGRAPH TECHNOLOGIES CORP.'S
FIRST AMENDED COMPLAINT

1

2

**TWELFTH DEFENSE**

**(Intervening Causes)**

3

4

Each of plaintiffs' claims or causes or action is barred, in whole or in part, because

plaintiffs' alleged injuries, if any, stemmed from intervening and/or superseding causes.

5

**THIRTEENTH DEFENSE**

6

**(Lack Of Antitrust Injury)**

7

8

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because neither

plaintiff has suffered an antitrust injury.

9

**FOURTEENTH DEFENSE**

10

**(No Act Of The Hitachi Defendants)**

11

12

13

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because neither

plaintiff has been injured in its business or property by reason of any action of the Hitachi

defendants.

14

**FIFTEENTH DEFENSE**

15

**(Speculative Damages)**

16

17

18

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because the

plaintiffs' alleged damages, if any, are speculative and because of the impossibility of the

ascertainment and allocation of such alleged damages.

19

**SIXTEENTH DEFENSE**

20

**(Failure to Mitigate Damages)**

21

22

Each of plaintiffs' claims or causes of action is barred from recovery of damages, in

whole or in part, because of and to the extent of plaintiffs' failure to mitigate damages.

23

**SEVENTEENTH DEFENSE**

24

**(Set-Off)**

25

26

Plaintiffs purchased products worth $1,073,817.01 from defendant Hitachi America, Ltd.

in 2008 and 2009 on credit.  Plaintiffs never paid for those products. Each of plaintiffs' claims or

27

28

causes of action is barred from recovery of damages, in whole or in part, by the doctrine of set-off.

## EIGHTEENTH DEFENSE

### (Recoupment)

Plaintiffs purchased products worth $1,073,817.01 from defendant Hitachi America, Ltd. in 2008 and 2009 on credit.  Plaintiffs never paid for those products. Each of plaintiffs' claims or causes of action is barred from recovery of damages, in whole or in part, by the doctrine of recoupment.

## NINETEENTH DEFENSE

### (Pass Through)

Plaintiffs' claims or causes of action for an illegal overcharge are barred, in whole or in part, to the extent that such overcharge, the existence of which the Hitachi defendants expressly deny, was absorbed, in whole or in part, by others, and was not passed through to plaintiffs.

## TWENTIETH DEFENSE

### (Restitution)

Each of plaintiffs' claims or causes of action is barred from recovery of damages, in whole or in part, to the extent that any restitution or award of damages to plaintiffs would be excessive and punitive, and disproportionate to any alleged injury suffered by plaintiffs.

## TWENTY-FIRST DEFENSE

### (Available Remedy At Law)

Plaintiffs' claims or causes of action for injunction or other equitable relief are barred, in whole or in part, because plaintiffs have available an adequate remedy at law.

## TWENTY-SECOND DEFENSE

### (Injunction)

Plaintiffs' claims or causes of action for injunction are barred, in whole or in part, because plaintiffs seek to enjoin alleged events that have already transpired and without the requisite showing of threatened future harm or continuing violation.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TWENTY-THIRD DEFENSE

### (Unjust Enrichment)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs would be unjustly enriched if they were allowed to recover any part of the damages alleged in the Amended Complaint.

## TWENTY-FOURTH DEFENSE

### (Improper Venue)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because venue does not lie in this Court.

## TWENTY-FIFTH DEFENSE

### (Comparative Fault)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, to the extent the injuries alleged in the Amended Complaint, the fact and extent of which are expressly denied by the Hitachi defendants, were directly and proximately caused by or contributed to by the statements, acts or omissions of plaintiffs or third persons or entities unaffiliated with the Hitachi defendants.

## TWENTY-SIXTH DEFENSE

### (Res Judicata And/Or Collateral Estoppel)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## TWENTY-SEVENTH DEFENSE

### (Foreign Trade Antitrust Improvements Act)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs have failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.  The Court therefore lacks subject matter jurisdiction.

**TWENTY-EIGHTH DEFENSE**

**(Foreign Sales)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, to the extent plaintiffs seek to recover damages, if any, based on sales outside of the United States.

**TWENTY-NINTH DEFENSE**

**(Improper Joinder)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs' claims are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure because they did not arise out of the same transaction, occurrence or series of transactions or occurrences and/or do not involve questions of law or fact common to all defendants.

**THIRTIETH DEFENSE**

**(Failure To Exhaust Remedies)**

Plaintiffs' claims or causes of action are barred, in whole or in part, because plaintiffs failed to exhaust all remedies against the parties with whom each plaintiff is in privity.

**THIRTY-FIRST DEFENSE**

**(No Multiple Recoveries)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, to the extent it would result in the Hitachi defendants paying damages to more than one claimant for the same alleged overcharge, because such multiple recoveries would violate rights guaranteed to the Hitachi defendants by the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

**THIRTY-SECOND DEFENSE**

**(Voluntary Payment Doctrine)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the voluntary payment doctrine, under which plaintiffs are not entitled to recover payments made with full knowledge of the facts.

### THIRTY-THIRD DEFENSE

### (Incorporation of Defenses of Others)

The Hitachi defendants adopt by reference any applicable defense pleaded by any other defendant not otherwise expressly set forth herein.

### THIRTY-FOURTH DEFENSE

### (Privilege)

Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, because any action taken by or on behalf of the Hitachi defendants was justified, constituted *bona fide* business competition, and was taken in pursuit of its own legitimate business and economic interests and is therefore privileged.

### THIRTY-FIFTH DEFENSE

### (Noerr-Pennington Doctrine)

Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, by the doctrine of Noerr-Pennington.

### THIRTY-SIXTH DEFENSE

### (Forum Non Conveniens)

The Amended Complaint should be dismissed on the grounds of forum non conveniens.

### THIRTY-SEVENTH DEFENSE

### (Improper Forum/Arbitration)

Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, because plaintiffs have agreed to arbitration or chose a different forum for the resolution of their claims.

### THIRTY-EIGHTH DEFENSE

### (Intervening Conduct)

Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of the Hitachi defendants and/or were caused, if at

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

all, solely and proximately by the conduct of third parties, including, without limitations, the prior, intervening or superseding conduct of such third parties.

## THIRTY-NINTH DEFENSE

### (Lack of Subject Matter Jurisdiction)

This Court lacks subject-matter jurisdiction over plaintiffs' claims and causes of action pursuant to, but not limited to, the Foreign Trade Antitrust Improvements Act.

## FORTIETH DEFENSE

### (Reservation of Other Defenses)

The Hitachi defendants reserve the right to assert other defenses as this action proceeds up to and including the time of trial.

**WHEREFORE**, Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA) Inc. each pray that:

1. The Court dismiss with prejudice Electrograph Systems, Inc.'s and Electrograph Technologies Corp.'s First Amended Complaint;

2. Plaintiffs recover no relief of any kind against defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc., or any of them;

3. Defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc., and each of them, have and recover their respective costs of suit against plaintiffs and each of them; and

4. The Court award to defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc., and each of them, such further relief as may be appropriate.

1

2   Dated: July 25, 2011                    Respectfully submitted,

3                                            MORGAN, LEWIS & BOCKIUS LLP

4

5                                            By _____/s/ Scott A. Stempel_____
                                                SCOTT A. STEMPEL (pro hac vice)
6                                               Email: sstempel@morganlewis.com
                                                J. CLAYTON EVERETT, JR. (pro hac vice)
7                                               Email: jeverett@morganlewis.com
                                                **MORGAN, LEWIS & BOCKIUS LLP**
8                                               1111 Pennsylvania Avenue, NW
                                                Washington, DC 20004
9                                               Telephone: (202) 739-3000
                                                Facsimile: (202) 739-3001
10
                                                KENT M. ROGER (No. 95987)
11                                              Email: kroger@morganlewis.com
                                                MICHELLE PARK CHIU (No. 248421)
12                                              Email: mchiu@morganlewis.com
                                                **MORGAN, LEWIS & BOCKIUS LLP**
13                                              One Market, Spear Street Tower
                                                San Francisco, California 94105-1126
14                                              Telephone: (415) 442-1000
                                                Facsimile: (415) 442-1001
15
16                                              *Attorneys for Defendants Hitachi, Ltd.,
                                                Hitachi Asia, Ltd., Hitachi America, Ltd.,
17                                              Hitachi Electronic Devices (USA), Inc., and
                                                Hitachi Displays, Ltd.*
18

19

20

21

22

23

24

25

26

27

28

CASE NO.:  C07-5944 SC; MDL NO. 1917
THE HITACHI DEFENDANTS' ANSWER TO ELECTROGRAPH SYSTEMS, INC.'S AND ELECTROGRAPH TECHNOLOGIES CORP.'S
FIRST AMENDED COMPLAINT

1

**CERTIFICATE OF SERVICE**

2

3

I hereby certify that on July 25, 2011, a copy of the foregoing document was filed electronically

4

via the Court's CM/ECF system.  Pursuant to Local Rule 5-4, notice of filing was served on all

5

parties by operation of the Court's CM/ECF system, and parties may access this filing through the

6

Court's CM/ECF system.

7

8

9

Dated: July 25, 2011

MORGAN, LEWIS & BOCKIUS LLP

10

11

By:  /s/  Scott A. Stempel
SCOTT A. STEMPEL (*pro hac vice*)
Email sstempel@morganlewis.com

12

**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW

13

Washington, DC 20004
Telephone: (202) 739-3000

14

Facsimile: (202) 739-3001

15

*Attorneys for Defendants Hitachi, Ltd.,*

16

*Hitachi Asia, Ltd., Hitachi America, Ltd.,*
*Hitachi Electronic Devices (USA), Inc., and*

17

*Hitachi Displays, Ltd.*

18

19

20

21

22

23

24

25

26

27

28

CASE NO.:  C07-5944 SC; MDL NO. 1917
THE HITACHI DEFENDANTS' ANSWER TO ELECTROGRAPH SYSTEMS, INC.'S AND ELECTROGRAPH TECHNOLOGIES CORP.'S
FIRST AMENDED COMPLAINT