# EXHIBIT A

Hon. Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 774-2644
Fax: (415) 982-5287
Special Master

JAMS

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 07-5944 SC<br>MDL No. 1917<br>JAMS Reference No. 1100054618 |
| CRAGO, INC., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CHUNGHWA PICTURE TUBES, LTD., et al.,<br><br>Defendants. | **REPORT AND RECOMMENDATIONS ON DISCOVERY REGARDING DOWNSTREAM INFORMATION** |
| This Document Relates to<br>ALL DIRECT PURCHASER CASES | |

To the Honorable Samuel Conti, United States District Judge:

This is the Report and Recommendations of the Special Master regarding a motion made by defendants Hitachi, LG Electronics, and Samsung on behalf of all defendants, to compel the direct purchaser plaintiffs to produce so-called downstream information. The motion was opposed, briefed, argued, and submitted for decision. The term "downstream" generally means transactions and information about the direct purchaser plaintiffs and their customers subsequent to plaintiffs' purchases of the allegedly price-fixed products. That definition is good enough for a general discussion of the subject matter, but is not fully accurate.

1

## THIS MOTION

For accuracy, the precise discovery requests at issue in this motion, and plaintiffs' replies and objections to that discovery, are set forth in Exhibits E, F, G, and H to the declaration of Mr. Shapland in support of the motion to compel, filed on April 29, 2011; Document 925. Plaintiffs objected to all of the discovery requests made in Exhibits E and F on the grounds of downstream. In response to discovery request Exhibit G, plaintiffs objected to some, but not all, on the grounds of downstream, and made certain other objections to some requests. In Exhibit H, plaintiffs objected to only a few of the discovery requests on the grounds of downstream, and most of their objections were based on other grounds.

Because this motion is directed only to the issue of the downstream, the Special Master is making no recommendations with respect to any other objection set forth in Exhibits E through H. And this motion applies only to the direct purchaser cases.

In an attempt to more narrowly define the requests which are at issue, defendants' motion lists what they identified as seven items; Document 925, pp. 3 and 4. The form of relief which the motion requests is the granting of the discovery requested by those seven items; Document 925, p. 2 second paragraph, and p. 9. No other form of relief is requested by defendants in their closing briefs; Document 948.

Plaintiffs have not replied using the format of the seven items. Rather, plaintiffs argue their objections to downstream discovery more generally. And their form of requested relief is simply for an order denying defendants' request for downstream information; Document 941, pp. 2 and 9. However, plaintiffs and defendants do agree that some discovery on the subject of any "cost plus" contracts of plaintiffs is appropriate.

## DISCUSSION

The United States Supreme Court decisions in *Hanover Shoe Inc.* 392 U.S. 481 (1968), *Illinois Brick Company*, 431 U.S. 720 (1977), and *Kansas v. Utilicorp United*, 497 U.S. 199 (1990) were not decisions expressly limiting discovery. They were decisions on substantive issues. However, those cases have been cited by other courts as authority for putting some

2

restraints on discovery in this business setting. And they were in part grounded upon concerns about controlling litigation in cases of subsequent distributions of alleged price-fixed products.

The initial focus should be on what is relevant in this litigation. That is, what must plaintiffs prove in addition to their allegation of fixing prices? Damages in such a case are the difference between the actual costs which plaintiffs paid for the alleged price-fixed products, and the prices that they would have paid "but for" the alleged conspiracy. For that reason, plaintiffs must disclose what allegedly price-fixed products they purchased from the defendants, and their purchase prices. Defendants are entitled to all relevant information on those subjects. But because that is the definition of damages in this case, defendants are not entitled to inquire into all information about plaintiffs' businesses and their financial consequences. Relevancy suggests that defendants are not entitled to inquire into plaintiffs' sales or profitability.

Defendants are entitled to assert a statistical defense to plaintiffs' claims of conspiracy, but that does not necessitate an inquiry into the details of plaintiffs' businesses. Defendants are also entitled to assert a statistical defense to plaintiffs' claims of causation and impact; but such evidence in this case should come primarily, if not entirely, from defendants' own records. And defendants are entitled to information regarding any cost-plus contracts of plaintiffs. But any deeper discovery into plaintiffs' businesses and financial information do not appear to be relevant.

Several cases in this district have limited defendants' discovery, including that seeking downstream information, in settings similar to this case. See: *Meijer Inc. v. Abbott Labs*, 251 F.R.D. 431 (N.D. Cal 2008); *In Re: Dynamic Random Access Memory Antitrust Litigation* No. N-02-1486, Order Denying Motion to Compel, dated June 1, 2006; *In Re: TFT-LCD Antitrust Litigation* No. N-07-1827, Flat Panel Discovery Order, January 13, 2009; and in the same case, the Special Master's order regarding downstream sales, dated November 5, 2010, and cases cited therein. Similar decisions of other courts are cited in Footnotes 1 and 2 of Document 941. In this district there is a virtually unanimous body of decisions limiting discovery of downstream information. No decision in the Ninth Circuit or the Northern District has granted the breadth of discovery that defendants request here. Such decisions are also consistent with the generally

restrictive nature of the substantive decisions in *Hanover Shoe, Illinois Brick,* and *Utilicorp United*.

To the extent that the issue of burden is presented in these discovery requests, the Special Master believes that the burden and expense of broad downstream discovery is self-evident and has been noted in the cases cited above; *e.g. Meijer v. Abbott*. In addition, for the information requested in this case, there are statistics about millions, or even billions, of dollars in sales which are generally available in industry form, and which would not be materially aided by information from the few individual direct purchasers here. The availability of identical, or at least similar, information from public sources is a factor when balancing the burdens on the litigants.

Defendants also argue that the requested downstream information could show differences among the members of plaintiffs' class, apparently to contest a future class motion. That argument is at present unfocused, except to contend that there will undoubtedly be differences <u>in size</u> among the potential class. However, class motions are not usually resolved by showing differences in the size of the plaintiffs. And at least at present, that is not a sufficient basis to embark upon such an extensive and largely irrelevant search for information.

Defendants also argue that the information can be of assistance to them in the <u>indirect purchaser</u> cases which are related to this litigation. However, the Special Master believes that the indirect purchaser plaintiffs should have the opportunity to respond for themselves if the issue arises in those cases.

## **RECOMMENDATIONS**

For the above reasons, the Special Master recommends to the District Court that it make the following orders on the seven items of downstream discovery which defendants have requested, Document 925, pp. 3 and 4:

       Item 1.      Deny defendants' request for "any contracts . . . entered for the sale of CRTs or CRT finished products . . ." But order each direct purchaser

plaintiff to produce any <u>forms</u> of contracts which it has used for such sales. If it no longer has contracts that it has used in the past, each direct purchaser plaintiff should describe the material terms of those contracts. Defendants' requests for further information on this item should be denied without prejudice.

Item 2. The request should be denied on the ground of lack of relevance and being overly burdensome.

Item 3. The request should be denied on the ground of lack of relevance.

Item 4. The request should be denied on the ground of lack of relevance.

Item 5. The request should be denied on the ground of lack of relevance and being overly burdensome.

Item 6. The request should be denied on the ground of lack of relevance.

Item 7. Each direct purchaser plaintiff should be ordered to identify the individuals responsible for the acquisition of CRTs or CRT finished products, and should produce documents showing their purchase prices and other costs of the acquisition of CRTs or CRT finished products. The remainder of the requests in Item 7 should be denied on the ground of lack of relevance and being overly burdensome.

Respectfully Submitted,

DATED: July 13, 2011

*Charles A. Legge* (signature)
Hon. Charles A. Legge (Ret.)
Special Master

5

10