1  Mario N. Alioto (56433) malioto@tatp.com
   Lauren C. Russell (241151) laurenrussell@tatp.com
2  **TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**
   2280 Union Street
3  San Francisco, California 94123
   Telephone: (415) 563-7200
4  Facsimile: (415) 346-0679

5
   *Interim Lead Counsel for the*
6  *Indirect Purchaser Plaintiffs*

7

8

9                    **UNITED STATES DISTRICT COURT**

10                  **NORTHERN DISTRICT OF CALIFORNIA**

11                     **SAN FRANCISCO DIVISION**

12
   **IN RE: CATHODE RAY TUBE (CRT)**      ) Master File No. CV-07-5944 SC
13 **ANTITRUST LITIGATION**               )
                                          ) MDL No. 1917
14                                        )
                                          ) [PROPOSED] **ORDER GRANTING**
15                                        ) **PRELIMINARY APPROVAL OF CLASS**
                                          ) **ACTION SETTLEMENT WITH**
16                                        ) **DEFENDANT CHUNGHWA PICTURE**
                                          ) **TUBES, LTD.**
17                                        )
                                          )
18                                        )
                                          )
19                                        )
   **This document relates to:**          )
20                                        ) Judge:  Hon. Samuel Conti
   **ALL INDIRECT PURCHASER**             ) Special Master: Hon. Charles A. Legge (Ret.)
21 **ACTIONS**                            )
                                          )
22                                        )

23

24

25

26

27

28

1        It is hereby ORDERED AND DECREED as follows:

2        The motion of the Indirect Purchaser Plaintiffs ("Plaintiffs") for preliminary approval of

3    the proposed settlement with Chunghwa Picture Tubes, Ltd. ("Chunghwa") is hereby

4    GRANTED.

5        1.    For purposes of the settlement with Chunghwa, the Special Master preliminarily

6    finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied

7    with respect to the Settlement Class.  At this preliminary certification phase, and only for

8    purposes of the settlement with Chunghwa, the Settlement Class is defined as follows:

9

10   All persons and or entities who or which indirectly purchased in the United States CRT
     Products[1] manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or co-

11   conspirator thereof, at any time during the period from at least March 1, 1995 through at
     least November 25, 2007, except, for purposes of claims on behalf of Illinois persons (as

12   defined by 740 ILCS 10/4) under 740 Ill. Comp. Stat. § 10/7(2) and Oregon natural
     persons under ORS §§ 646.775(1)(a) and 646.780(5)(a).  Such Illinois and Oregon

13   persons (as identified in the preceding sentence) shall instead be represented by the
     Attorney General of their state pursuant to the *parens patriae* authority granted to each

14   Attorney General by those statutes.  Specifically excluded from this Class are claims on
     behalf of Washington persons (as defined by RCW 19.86.010) for purposes of claims

15   under RCW 19.86.080(1); the Defendants; the officers, directors or employees of any
     Defendant; any entity in which any Defendant has a controlling interest; and, any affiliate,

16   legal representative, heir or assign of any Defendant.  Also excluded are any federal, state
     or local government entities, any judicial officer presiding over this action and the

17   members of his/her immediate family and judicial staff, and any juror assigned to this
     action.

18

19       2.    The Special Master concludes that, for the sole purpose of the settlement with

20   Chunghwa, and without adjudication on the merits, the Settlement Class is sufficiently well-

21   defined and cohesive to merit preliminary approval.  Neither this Order nor any final order

22   regarding the settlement with Chunghwa shall have any effect on the Special Master's

23

24   _____

25   [1] CRT Products are defined in the settlement agreement to mean Cathode Ray Tubes of any type
     (e.g. color display tubes, color picture tubes and monochrome display tubes) and products

26   containing Cathode Ray Tubes.

- 1 -

27   **[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**
     **Master File No. CV-07-5944-SC**

28

1   consideration and determination of class certification or any other issue with respect to the non-
2   settling Defendants.

3       3.      Pursuant to Rule 23(a)(1), the Special Master determines that the Settlement Class
4   is so numerous that joinder of all members is impracticable.

5       4.      For purposes of preliminary approval, the commonality requirement of Rule
6   23(a)(2) is satisfied because Plaintiffs have alleged one or more questions of fact and law
7   common to the Settlement Class, including whether Chunghwa violated the Sherman Antitrust
8   Act, 15 U.S.C. § 1, et seq., and the antitrust and/or various other laws of the following states:
9   Arizona, California, Florida, Hawaii, Iowa, Kansas,  Maine, Michigan, Minnesota, Mississippi,
10  Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota,
11  Tennessee, Vermont, West Virginia, Wisconsin and the District of Columbia.

12      5.      The Special Master hereby approves the Plaintiffs named in the Third
13  Consolidated Amended Complaint, filed December 11, 2010, as Representative Plaintiffs of the
14  Settlement Class pursuant to Rule 23(a)(3), and finds that, for settlement purposes only, these
15  Representative Plaintiffs' claims are typical of the claims of the Settlement Class.  The claims of
16  the Representative Plaintiffs and absent class members rely on the same legal theories and arise
17  from the same alleged conspiratorial conduct by Defendants, namely, the agreement to fix, raise,
18  maintain and/or stabilize prices of CRT Products sold in the United States.

19      6.      The Special Master preliminarily finds that the Representative Plaintiffs will fairly
20  and adequately protect the interests of the Settlement Class in satisfaction of the requirements of
21  Rule 23(a)(4) because: (1) the interests of the Representative Plaintiffs are consistent with those
22  of the Settlement Class members; (2) there appear to be no conflicts between or among the
23  Representative Plaintiffs and the other Settlement Class members; (3) the Representative
24  Plaintiffs have been and appear to be capable of continuing to be active participants in both the
25  prosecution and the settlement of this litigation; and (4) the Representative Plaintiffs and the

26

27                                    - 2 -
                **[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**
                            **Master File No. CV-07-5944-SC**
28

1   Settlement Class members are represented by qualified, reputable counsel who are experienced in

2   preparing and prosecuting large, complicated class action cases, including those concerning

3   violations of antitrust law.

4       7.      The Special Master preliminarily finds that, for purposes of this settlement only,

5   questions of law or fact common to members of the Settlement Class predominate over questions

6   affecting only individual members of the Settlement Class under Rule 23(b)(3).  Further, a class

7   action resolution in the manner proposed in the Settlement Agreement would be superior to other

8   available methods for a fair and efficient adjudication of the litigation with respect to the

9   Chunghwa.  In making these preliminary findings, the Special Master has considered, *inter alia*,

10  (1) the interest of the Settlement Class members in individually controlling the prosecution or

11  defense of separate actions; (2) the impracticality or inefficiency of prosecuting or defending

12  separate actions; (3) the extent and nature of any litigation concerning these claims already

13  commenced; and (4) the desirability of concentrating the litigation of the claims in a particular

14  forum.

15      8.      The Special Master hereby approves Mario N. Alioto and Trump, Alioto, Trump

16  & Prescott, LLP as Settlement Class Counsel pursuant to Rule 23(g), and finds that this

17  Settlement Class Counsel has and will fairly and adequately protect the interests of the Settlement

18  Class, as defined in paragraph 1.

19      9.      The Special Master finds that the proposed settlement with Chunghwa, as set forth

20  in the Settlement Agreement, subject to final determination following proper notice and a fairness

21  hearing, is sufficiently fair, reasonable and adequate to authorize dissemination of notice to the

22  Settlement Class.

23

24

25

26                                          - 3 -

27          **[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**
            **Master File No. CV-07-5944-SC**

28

1    10.    The Special Master approves the proposed allocation of the Net Settlement Fund.[2]

2  Each state listed in the operative complaint for which damage claims are being asserted, plus the

3  states of Illinois and Oregon, shall receive a pro rata share of the Net Settlement Fund.  Each

4  state's pro rata share shall be determined by computing its population as a percentage of the total

5  population of all states listed below.  Each state's percentage allocation shall be determined using

6  census figures from the year 2000 (approximately the middle of the alleged class period), which

7  are as follows:

| State | Population (2000 Census) | Percentage |
|---|---|---|
| Arizona | 5,130,632 | 3.55 |
| California | 33,871,648 | 23.42 |
| District of Columbia | 572,059 | 0.39 |
| Florida | 15,982,378 | 11.05 |
| Hawaii | 1,211,537 | 0.84 |
| Illinois | 12,419,293 | 8.59 |
| Iowa | 2,926,324 | 2.02 |
| Kansas | 2,688,418 | 1.86 |
| Maine | 1,274,923 | 0.88 |
| Michigan | 9,938,444 | 6.87 |
| Minnesota | 4,919,479 | 3.4 |
| Mississippi | 2,844,658 | 1.97 |
| Nebraska | 1,711,263 | 1.18 |

[2] The Net Settlement Fund means the $10,000,000 settlement amount, plus interest, minus 25% for attorneys' fees, reimbursement of expenses, $2.5 million for a costs set-aside, including the costs of giving notice to class members and administration of the settlement fund, all of which shall be subject to court approval.  The Net Settlement Fund shall be no less than $5 million.

- 4 -

**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**
**Master File No. CV-07-5944-SC**

| Nevada | 1,998,257 | 1.38 |
|---|---|---|
| New Mexico | 1,819,046 | 1.26 |
| New York | 18,976,457 | 13.12 |
| North Carolina | 8,049,313 | 5.57 |
| North Dakota | 642,200 | 0.45 |
| Oregon | 3,421,399 | 2.37 |
| South Dakota | 754,844 | 0.52 |
| Tennessee | 5,689,283 | 3.93 |
| Vermont | 608,827 | 0.42 |
| West Virginia | 1,808,344 | 1.25 |
| Wisconsin | 5,363,675 | 3.71 |

This percentage allocation may change to the extent that additional state indirect purchasers provide legal authority to assert damage claims in this action. Each of the states shall receive its allocable share at a future date to be approved by the Court.

11. The distribution of the Net Settlement Fund shall be deferred until a later date when there might be additional settlement funds from other settling defendants to distribute. At the time of distribution, or at such later time as Plaintiffs, Illinois and Oregon may agree, the States of Illinois and Oregon will each receive their allocable share of the Net Settlement Fund. Plaintiffs shall propose a method of distribution at that time, which shall be subject to court approval. Until that time, any settlement funds not used to pay prior out of pocket expense or future litigation costs will accrue interest for the benefit of the Class.

12. The Special Master approves the form and content of the Detailed Notice, attached hereto as Exhibit A, and the Summary Notice, attached hereto as Exhibit B.

**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**
**Master File No. CV-07-5944-SC**

1    13.    The Special Master finds that the publication of the Detailed Notice on the internet
2  along with copies of the Settlement Agreement, and the publication of the Summary Notice in
3  various newspapers and/or magazines throughout the United States which will direct potential
4  class members to the Detailed Notice, constitutes the best notice practicable under the
5  circumstances, is due and sufficient notice to the Indirect Purchaser Settlement Class and
6  complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process
7  requirements of the Constitution of the United States.

8    14.    By November 1, 2011, Plaintiffs' counsel are hereby directed to cause the
9  Summary Notice to indirect purchasers, substantially in the form attached hereto as Exhibit B, to
10  be published in various newspapers and/or magazines throughout the United States.  The
11  Summary Notice shall direct interested parties to a website www.CRTSettlement.com,
12  maintained by the settlement administrator, where the Detailed Notice, substantially in the form
13  of Exhibit A attached hereto, will be provided.

14    15.    All requests for exclusion from the Settlement must be postmarked no later than
15  February 1, 2012, and must otherwise comply with the requirements set forth in the Detailed
16  Notice.

17    16.    Any member of the Settlement Class who objects to the settlement must do so in
18  writing.  The objection must include the caption of this case, be signed, and be sent to the Special
19  Master, Plaintiffs' Counsel, and Counsel for Chunghwa postmarked no later than February 1,
20  2012 and shall otherwise comply with the requirements set forth in the Detailed Notice.  Any
21  member of the Settlement Class who wishes to speak at the Fairness Hearing must submit a letter
22  notifying the Special Master, Plaintiffs' Counsel, and Counsel for Chunghwa postmarked no later
23  than February 1, 2012 and shall otherwise comply with the requirements set forth in the Detailed
24  Notice.

25

26                                    - 6 -
27          [PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL
                              Master File No. CV-07-5944-SC
28

1    17.    Each member of the Settlement Class shall retain all rights and causes of action

2  with respect to claims against all Defendants other than Chunghwa, regardless of whether such

3  member of the Settlement Class decides to remain in the Settlement Class or to exclude itself

4  from the Settlement Class.

5    18.    By March 1, 2012, Plaintiffs' Counsel shall file with the Court and serve on the

6  parties their motion for final approval of the Settlement Agreement, and any other papers

7  provided for in this settlement, including Plaintiffs' request for $2.5 million for a costs set aside.

8  Plaintiffs shall also be entitled to request attorneys' fees at a later date. Said request shall be

9  based upon Plaintiffs' recovery of $10 million and other relief as provided for in this settlement.

10    19.    At the time Plaintiffs' Counsel file their motion for final approval of the

11  Settlement Agreement, Plaintiffs' Counsel shall cause to be filed with the Court, and served upon

12  counsel for Defendants, affidavits or declarations of the person under whose general direction the

13  publication of the Summary Notice and the Detailed Notice were made, showing that publication

14  and issuance were made in accordance with this Order.

15    20.    By March 1, 2012, Plaintiffs' Counsel shall file with the Court and serve on the

16  parties their responses to any objections to the settlement.

17    21.    The Special Master will hold a Fairness Hearing on March 15, 2012 at 2:00 p.m.,

18  at JAMS, Two Embarcadero Center, Suite 1500, San Francisco, CA 94111, to determine the

19  fairness, reasonableness, and adequacy of the proposed settlement with Chunghwa. Any member

20  of the Settlement Class who follows the procedure set forth in the notices may appear and be

21  heard at this hearing. The Fairness Hearing may be continued without further notice to the

22  Settlement Class.

23    22.    The Special Master approves the establishment of an escrow account, as set forth

24  in the Settlement Agreement, as "Qualified Settlement Funds" pursuant to Treas. Reg. § 1.468B

25  2(1). The Special Master retains continuing jurisdiction over any issues regarding the formation

26

- 7 -

27  **[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**
**Master File No. CV-07-5944-SC**

28

1   or administration of the escrow account.  Plaintiffs' Counsel and their designees are authorized to

2   expend funds from the escrow accounts to pay Taxes, Tax Expenses and notice and

3   administration costs, as set forth in the Settlement Agreement.

4          23.     The Special Master grants Plaintiffs' Counsel the right to use up to $500,000 of

5   the settlement fund for payment of the cost of notice(s) to potential members of the Settlement

6   Class regarding the Settlement Agreement and related matters, and other costs and expenses

7   reasonably incurred in connection with the administration of the Settlement Agreement (the

8   "Administrative Expenses"), without the approval of the Court in each instance, so long as (a) the

9   Administrative Expenses incurred or contracted for are reasonable and necessary to carry out the

10  transactions contemplated by the Settlement Agreement, and (b) counsel for Chunghwa shall

11  receive from Settlement Class Counsel a full accounting of all expenditures made in the event

12  funds are returned to Chunghwa under the terms of the Settlement Agreement.

13         24.     The Notice Company, Inc. is approved to serve as Settlement Administrator for

14  the Indirect Purchaser Settlement Class.

15         25.     The litigation against Chunghwa in this action is hereby stayed, pending further

16  order of the Court.

17         SO ORDERED this ___5___ day of ___AUGUST___, 2011.

18

19                                          _____

20                                          Hon. Charles A. Legge (Ret.)

21

22         REVIEWED AND [APPROVED OR MODIFIED]

23  Dated: ___August 9, 2011___        _____

24                                          Hon. Samuel Conti

25                                          United States District Judge

26                                          - 8 -

27         **[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**
           **Master File No. CV-07-5944-SC**

28