Hon. Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 774-2644
Fax: (415) 982-5287
Special Master

JAMS

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 07-5944 SC<br>MDL No. 1917<br>JAMS Reference No. 1100054618 |
| CRAGO, INC., et al., | |
| Plaintiffs, | REPORT REGARDING CASE MANAGEMENT CONFERENCE NO. 4 |
| vs. | |
| CHUNGHWA PICTURE TUBES, LTD., et al., | |
| Defendants. | |

This Document Relates to ALL CASES

To the Honorable Samuel Conti, United States District Judge:

The undersigned Special Master submits this report on the fourth case management conferences, held from October 5, 2011, to October 20, 2011, in both the direct purchaser and indirect purchaser cases. The jurisdiction for such conferences was vested in the undersigned by orders issued by the Court on June 16, 2008, April 28, 2009, and March 30, 2010. Numerous plaintiffs' counsel and defense counsel submitted written material in connection with the conferences, and numerous counsel appeared at the telephone conferences on October 5, 2011 and October 20, 2011.

///

1

1.    The primary subject of the conferences was scheduling the completion of the document discovery. The parties provided letters identifying how much document discovery has been completed, and the estimated dates for the completion of the document discovery. Those dates are summarized below. The summary does not necessarily mean that the requesting party agrees with those dates, and the requesting party has the right to object to the completeness and disagree with the producing party's claims of privilege or other objections to the production of documents.

2.    Summary of dates for document production:

a.    The indirect purchaser plaintiffs state that they have now provided to the defendants all the responsive, non-privileged documents and information that the named plaintiffs have been able to locate after a reasonable search.

b.    The direct purchaser plaintiffs state that their production of documents will be substantially complete by mid-November, 2011.

c.    The LGE defendants state that they will produce some documents in the next few weeks, and that they will complete their production by the end of November, 2011.

d.    Samsung Electronics says its production will be substantially complete by October 30, 2011.

e.    Samsung SDI states that it expects to substantially complete its production by December 15, 2011.

f.    Tatung states that its production will be substantially complete by December 1, 2011.

g.    BMCC states it will substantially complete production of its documents by November 11, 2011.

h.    The Panasonic defendants state that their production will be 97% completed the by the end of October, and will be fully completed within the last week of November, 2011.

i.   The Hitachi defendants will substantially complete their production by mid-December, 2011.

j.   The Toshiba entities assert that their production is already substantially complete.

k.   The Phillips defendants state that they intend to make a further custodian-specific production by November 15, 2011, and expect to conclude their productions by the middle of December, 2011.

3.   The Special Master recommends that the Court adopt the dates in paragraph 2 as deadlines for the substantial completion of the parties' document production obligations. However, the establishing of those dates does not relieve the parties of their obligations to produce available documents before those dates on a rolling basis.

4.   The recommended dates do not schedule any procedures for objections to production made by the producing parties, or any motions by the requesting parties for further production. Those dates and hearings will be scheduled at a future time.

5.   In spite of the above productions, some disputes regarding documents still exist:

a.   The use of documents from the LCD litigation. In the status conferences the parties discussed claimants' method of selecting documents, the large volume of documents requested by claimants, and respondents' general objections to those designations. The Special Master also expressed his opinion that the quantity of documents requested by claimants appears to be in excess of the number that he had anticipated from the prior discussions. However, this was the first time that this dispute has been debated before the Special Master. The Special Master therefore recommends to the Court that the parties be directed to meet and confer on these issues and to report to the Special Master by November 18, 2011 on the extent of the parties' agreements and

disagreements about this group of documents.

b. Claimants seek to compel respondents to produce their English language translations of documents which respondents have produced in foreign languages. The Special Master recommends that claimants be directed to file a motion to produce such documents by January 16, 2012.

c. The parties have been discussing the production of information regarding the issues of the statutes of limitation and fraudulent concealment. The parties reported that some partial agreements are being worked out. The Special Master recommends that the parties be ordered to report to the Special Master regarding this category of discovery by October 28, 2011.

6.      A conference had been scheduled for December 8, 2011, for setting dates and procedures for the taking of depositions, and various issues in connection with depositions. Since the productions of documents will not be complete until the middle of December 2011, the parties request, and the Special Master recommends, that the date for that conference regarding depositions be continued to January 19, 2012.

7.      In view of the document and deposition discovery remaining to be done, the Special Master does not recommend the setting of any class procedures at the present time.

8.      The Special Master has previously noted that at least one, and possibly more, independent cases have been filed and have either been referred or will be referred by the Judicial Multi-District Panel to this Court. The Special Master understands that these new claimants seek to proceed independently of the above-entitled actions. Some coordination of those separate cases with the presently pending cases may nevertheless be necessary. But the Special Master has not received any referral from the Court to take any action with respect to the independent cases.

///

1    The Special Master recommends that the Court approve, adopt and order the
2    recommendations in this report.

5    Respectfully submitted,

8    Date: _October 25, 2011_                    _Charles A. Legge_
9                                                Hon. Charles A. Legge
                                                 United States District Judge (Ret.)
10                                               Special Master

12    Approved, Adopted, and Ordered.

15    Date: _____              _____
16                                               Hon. Samuel Conti
                                                 United States District Judge (Ret.)

5