# Exhibit C

Guido Saveri (22349) guido@saveri.com
R. Alexander Saveri (173102) rick@saveri.com
Geoffrey C. Rushing (126910) grushing@saveri.com
Cadio Zirpoli (179108) cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:   (415) 217-6810
Facsimile:    (415) 217-6813

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 SC<br><br>MDL NO. 1917 |
| This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | **PLAINTIFF ELECTRONIC DESIGN COMPANY'S RESPONSES TO DEFENDANT SAMSUNG SDI CO., LTD.'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:           SAMSUNG SDI CO., LTD.

RESPONDING PARTY:            PLAINTIFF ELECTRONIC DESIGN COMPANY

SET NO.:                                    ONE

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Electronic Design Company ("Plaintiff"), by its attorneys, object and respond to Defendant Samsung SDI Co., Ltd.'s First Set of Interrogatories to the Direct Purchaser Plaintiffs (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

Each of the following objections is incorporated by reference into each of the responses herein:

1.   Plaintiff and its counsel have not completed their (1) investigation of the facts

relating to this case, (2) discovery in this action, or (3) preparation for trial. The following responses are therefore based upon information known at this time and are provided without prejudice to Plaintiff's right to supplement these responses prior to trial or to produce evidence based on subsequently discovered information. Likewise, Plaintiff's responses are based upon, and therefore limited by, Plaintiff's present knowledge and recollection, and consequently, Plaintiff reserves the right to make any changes in these responses if it appears at any time that inadvertent errors or omissions have been made.

2. Plaintiff generally objects to the Interrogatories, including the Instructions and Definitions, to the extent they purport to enlarge, expand or alter in any way the plain meaning and scope of any interrogatory or to impose any obligations on Plaintiff's responses in excess of those required by the Federal Rules of Civil Procedure. Plaintiff will respond to these Interrogatories in accordance with its understanding of the obligations imposed by the Federal Rules of Civil Procedure.

3. Plaintiff objects to the Interrogatories, including the Instructions and Definitions, to the extent the information sought is protected by the attorney-client privilege, the attorney work product doctrine, or is otherwise privileged and/or immune from discovery. By responding to these Interrogatories, Plaintiff does not waive, intentionally or otherwise, any attorney-client privilege, attorney work-product or any other privilege, immunity or other protection that may be asserted to protect any information from disclosure. Accordingly, any response or production of documents or disclosure of information inconsistent with the foregoing is wholly inadvertent and shall not constitute a waiver of any such privilege, immunity or other applicable protection.

4. Plaintiff objects to the Interrogatories to the extent they fail to state with sufficient particularity the information and categories of information to be provided.

5. Plaintiff objects to the Interrogatories to the extent they request Plaintiff to produce documents outside its possession, custody, or control.

6. Plaintiff objects to the Interrogatories to the extent they are overly broad and unduly burdensome.

7. Plaintiff objects to the Interrogatories to the extent they are vague, ambiguous,

redundant, harassing or oppressive.

8. Plaintiff objects to the Interrogatories to the extent they require Plaintiff to draw legal conclusions.

9. Plaintiff objects to the Interrogatories to the extent the information requested is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10. Plaintiff objects to the Interrogatories to the extent that they, or any portion of them, seek production of any information within the possession, custody, or control of any Defendant, or of publicly available information such that the information is obtainable from some other source that is more convenient, less burdensome or less expensive, or the production of the information will impose undue burden, inconvenience, or expense upon Plaintiff.

11. Plaintiff objects to each and every interrogatory and also to the instructions accompanying them, to the extent they seek to require Plaintiff to produce all information that supports or otherwise relates to specific contentions in this litigation, on the ground that such contention interrogatories are unduly burdensome and premature at this stage of the litigation.

12. Plaintiff objects to the Interrogatories to the extent that they seek information relating to the sales of CRT(s) and/or CRT PRODUCT(s) acquired by Plaintiff, because such information is not relevant to the claim or defense of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

13. Plaintiff objects to the Interrogatories to the extent that they seek information that requires expert opinion. Plaintiff is entitled to provide additional evidence that is responsive to one or more of the interrogatories in the form of expert reports at the appropriate time, and no response should be construed to foreclose any such disclosure.

14. Plaintiff reserves the right to modify its allegations based on additional discovery, additional analysis of existing discovery, discovery not yet completed and/or expert discovery, and Plaintiff reserves the right to supplement and/or delete the responses given in light of further evidence and further analysis of present and subsequently acquired evidence.

15. In addition, in accordance with the Federal Rules of Civil Procedure, Plaintiff

1  reserves the right to introduce evidence not yet identified herein supporting Plaintiff's allegations, including evidence that Plaintiff expects to further develop through the course of discovery and expert analysis.

16.   In providing responses to the Interrogatories, Plaintiff reserves all objections as to competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

17.   No incidental or implied admissions are intended in these responses. Plaintiff's response to all or any part of any Interrogatory should not be taken as an admission that: (a) Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by the Interrogatory; or (b) Plaintiff has in its possession, custody or control documents or information responsive to that interrogatory; or (c) documents or information responsive to that interrogatory exist. Plaintiff's response to all or any part of an Interrogatory also is not intended to be, and shall not be, a waiver by Plaintiff of all or any part of its objection(s) to that interrogatory.

18.   Plaintiff objects to the interrogatories to the extent they are duplicative of interrogatories served by other defendants in this litigation. To the extent these interrogatories seek answers that are duplicative to those requested by other interrogatories that have already been propounded on the direct purchaser class, or served at the same time as these interrogatories, the direct purchaser plaintiffs will only answer them once.

19.   Plaintiff objects to these interrogatories to the extent that the cumulative requests by all defendants in this litigation exceed the permissible number set forth in the Federal Rules.

## RESPONSES

**INTERROGATORY NO. 1:**

IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff incorporates the General Objections as though fully set forth herein. Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows:

1  David Voge
   Chief Financial Officer
2  Electronic Design Company
   3225 East Hennepin Avenue
3  Minneapolis, MN 55413

4  **INTERROGATORY NO. 2:**

5      Separately identify each acquisition of a CRT upon which YOU base any claim in this
6  action, including without limitation the date and place of acquisition, the type and manufacturer of
7  each CRT acquired, and the IDENTITY of each PERSON involved in the acquisition and the time
8  period and nature of each PERSON'S involvement.
9      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports
10 YOUR response.

11 **RESPONSE TO INTERROGATORY NO. 2:**

12     Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff
13 further objects to this interrogatory on the ground that it is vague and ambiguous, overly broad and
14 unduly burdensome.  Plaintiff also objects to this interrogatory on the ground that responsive
15 information is already in the possession of Defendants or is available through other less
16 burdensome means.  Plaintiff further objects to this interrogatory on the ground that it is
17 duplicative of other interrogatories served in this action.  Plaintiff further objects to this
18 interrogatory on the ground that it is compound.  Subject to, and without waiving, the foregoing
19 objections, the answers to this interrogatory with respect to CRT Products may be derived from
20 Plaintiff's production of documents.  *See* Bates Range EDC0000001-38.

21 **INTERROGATORY NO. 3:**

22     Separately identify each acquisition of a CRT PRODUCT upon which YOU base any
23 claim in this action, including without limitation the date and place of acquisition, the type and
24 manufacturer of each CRT PRODUCT acquired, and the IDENTITY of each PERSON involved
25 in the acquisition and the time period and nature of each PERSON's involvement.
26     As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports
27 YOUR response.
28

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff further objects to this interrogatory on the ground that it is vague and ambiguous, overly broad and unduly burdensome. Plaintiff also objects to this interrogatory on the ground that responsive information is already in the possession of Defendants or is available through other less burdensome means. Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action. Plaintiff further objects to this interrogatory on the ground that it is compound. Subject to, and without waiving, the foregoing objections, the answers to this interrogatory may be derived from Plaintiff's production of documents. *See* Bates Range EDC0000001-38.

**INTERROGATORY NO. 4:**

For each acquisition of a CRT identified in Interrogatory No. 2, state all terms and conditions that were a part of the acquisition, including without limitation all terms and conditions RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any PERSON in connection with the acquisition, or any rebates, promotional monies, co-op funds, corporate discounts or other financial benefits received in connection with the acquisition.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO 4:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff further objects to this interrogatory on the grounds that it is vague and ambiguous, overly broad and unduly burdensome. Plaintiff also objects to this interrogatory on the ground that responsive information is already in the possession of Defendants or is available through other less burdensome means. Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action. Plaintiff further objects to this interrogatory on the ground that it is compound. Subject to, and without waiving, the foregoing objections, the answer to this interrogatory with respect to CRT Products may be derived from Plaintiff's production of documents. *See* Bates Range EDC0000001-38.

**INTERROGATORY NO. 5:**

For each acquisition of a CRT PRODUCT identified in Interrogatory No. 3, state all terms and conditions that were a part of the acquisition, including without limitation all terms and conditions RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any PERSON in connection with the acquisition, or any rebates, promotional monies, co-op funds, corporate discounts or other financial benefits received in connection with the acquisition.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff further objects to this interrogatory on the grounds that it is vague and ambiguous, overly broad and unduly burdensome. Plaintiff also objects to this interrogatory on the ground that responsive information is already in the possession of Defendants or is available through other less burdensome means. Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action. Plaintiff further objects to this interrogatory on the ground that it is compound. Subject to, and without waiving, the foregoing objections, the answer to this interrogatory may be derived from Plaintiff's production of documents. *See* Bates Range EDC0000001-38.

**INTERROGATORY NO. 6:**

For each acquisition of a CRT identified in Interrogatory No. 2, state and describe the actual quantities and prices of each of YOUR purchases, including discounts and rebates, and identify the seller from whom each purchase was made.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO 6:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff further objects to this interrogatory on the grounds that it is vague and ambiguous, overly broad and unduly burdensome. Plaintiff also objects to this interrogatory on the ground that responsive

1  information is already in the possession of Defendants or is available through other less
2  burdensome means.  Plaintiff further objects to this interrogatory on the ground that it is
3  duplicative of other interrogatories served in this action.  Plaintiff further objects to this
4  interrogatory on the ground that it is compound.  Subject to, and without waiving, the foregoing
5  objections, the answer to this interrogatory with respect to CRT Products may be derived from
6  Plaintiff's production of documents.  *See* Bates Range EDC0000001-38.

**INTERROGATORY NO. 7:**

For each acquisition of a CRT PRODUCT identified in Interrogatory No. 3, state and describe the actual quantities and prices of each of YOUR purchases, including discounts and rebates, and identify the seller from whom each purchase was made.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff further objects to this interrogatory on the grounds that it is vague and ambiguous, overly broad and unduly burdensome.  Plaintiff also objects to this interrogatory on the ground that responsive information is already in the possession of Defendants or is available through other less burdensome means.  Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action.  Plaintiff further objects to this interrogatory on the ground that it is compound.  Subject to, and without waiving, the foregoing objections, the answer to this interrogatory may be derived from Plaintiff's production of documents.  *See* Bates Range EDC0000001-38.

**INTERROGATORY NO. 8:**

For each acquisition of a CRT identified in Interrogatory No. 2, state whether the CRT was acquired as part of a system or other bundled product and, if so, the value of each component of such system or bundled product, including without limitation the value of any insurance plans or warranties.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

1 | YOUR response.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff further objects to this interrogatory on the ground that it is vague and ambiguous, overly broad and unduly burdensome. Plaintiff further objects to this interrogatory on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this interrogatory on the ground that responsive information is already in the possession of Defendants or is available through other less burdensome means. Plaintiff further objects to this interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or theories that may be the subject of expert testimony. Plaintiff further objects to this interrogatory on the ground that it is compound. Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows: the answers to this interrogatory with respect to CRT Products may be derived from Plaintiff's production of documents. *See* Bates Range EDC0000001-38.

**INTERROGATORY NO. 9:**

For each acquisition of a CRT PRODUCT identified in Interrogatory No. 3, state whether the CRT PRODUCT was acquired as part of a system or other bundled product and, if so, the value of each component of such system or bundled product, including without limitation the value of any insurance plans or warranties.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff further objects to this interrogatory on the ground that it is vague and ambiguous, overly broad and unduly burdensome. Plaintiff further objects to this interrogatory on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this interrogatory on the ground that responsive information is

already in the possession of Defendants or is available through other less burdensome means. Plaintiff further objects to this interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or theories that may be the subject of expert testimony. Plaintiff further objects to this interrogatory on the ground that it is compound. Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows: the answers to this interrogatory may be derived from Plaintiff's production of documents. *See* Bates Range EDC0000001-38.

**INTERROGATORY NO. 10:**

For each acquisition of a CRT identified in Interrogatory No. 2, state whether the acquisition was made on the spot market or pursuant to a purchasing or other agreement, including without limitation a broker or agent agreement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff further objects to this interrogatory on the ground that it is vague and ambiguous, overly broad and unduly burdensome. Plaintiff also objects to this interrogatory on the ground that responsive information is already in the possession of Defendants or is available through other less burdensome means. Plaintiff further objects to this interrogatory on the ground that it is compound. Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows: the answers to this interrogatory with respect to CRT Products may be derived from Plaintiff's production of documents. *See* Bates Range EDC0000001-38.

**INTERROGATORY NO. 11:**

For each acquisition of a CRT PRODUCT identified in Interrogatory No. 3, state whether the acquisition was made on the spot market or pursuant to a purchasing or other agreement, including without limitation a broker or agent agreement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

YOUR response.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff further objects to this interrogatory on the ground that it is vague and ambiguous, overly broad and unduly burdensome. Plaintiff also objects to this interrogatory on the ground that responsive information is already in the possession of Defendants or is available through other less burdensome means. Plaintiff further objects to this interrogatory on the ground that it is compound. Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows: the answers to this interrogatory may be derived from Plaintiff's production of documents. *See* Bates Range EDC0000001-38.

**INTERROGATORY NO. 12:**

Please describe the manner in which YOU used price lists, price schedules, or published prices for CRTs in purchasing CRTs or in negotiating the price of CRTs YOU purchased from any DEFENDANTS.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff further objects to this interrogatory on the ground that it is vague and ambiguous. Plaintiff further objects to this interrogatory on the ground that it calls for information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory on the ground that it is compound. Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows: During the Relevant Period, Plaintiff did not purchase CRTs.

**INTERROGATORY NO. 13:**

Please describe the manner in which YOU used price lists, price schedules, or published prices for CRTs or CRT PRODUCTS in purchasing CRT PRODUCTS or in negotiating the price of CRT PRODUCTS YOU purchased from any DEFENDANTS.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

1 | YOUR response.

2 | **RESPONSE TO INTERROGATORY NO. 13:**

3 |     Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff further objects to this interrogatory on the ground that it is vague and ambiguous. Plaintiff further objects to this interrogatory on the ground that it calls for information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory on the ground that it is compound. Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows: Plaintiff used price lists, price schedules and published prices to determine the price of CRT Products.

10 | **INTERROGATORY NO. 14:**

11 |     IDENTIFY all DOCUMENTS RELATING TO any rebate, discount, pricing concession, or terms of payment that YOU received in connection with the purchase of any CRT during the RELEVANT PERIOD.

14 | **RESPONSE TO INTERROGATORY NO. 14:**

15 |     Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff further objects to this interrogatory on the ground that it is vague and ambiguous, overly broad and unduly burdensome. Plaintiff further objects to this interrogatory on the ground that it seeks information that is already in Defendants' possession or is obtainable from some other source that is more convenient, less burdensome or less expensive. Plaintiff also objects to this interrogatory on the ground that it seeks information that is neither relevant nor calculated to lead to the discovery of admissible evidence to the extent it calls for documents relating to purchases of CRT from anyone other than Defendants. Subject to, and without waiving, the foregoing objections, the answer to this interrogatory with respect to CRT Products derived from Plaintiff's production of documents. *See* Bates Range EDC0000001-38.

25 | **INTERROGATORY NO. 15:**

26 |     IDENTIFY all DOCUMENTS RELATING TO any rebate, discount, pricing concession, or terms of payment that YOU received in connection with the purchase of any CRT PRODUCT during the RELEVANT PERIOD.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff further objects to this interrogatory on the ground that it is vague and ambiguous, overly broad and unduly burdensome. Plaintiff further objects to this interrogatory on the ground that it seeks information that is already in Defendants' possession or is obtainable from some other source that it more convenient, less burdensome or less expensive. Plaintiff also objects to this interrogatory on the ground that it seeks information that is neither relevant nor calculated to lead to the discovery of admissible evidence to the extent it calls for documents relating to purchases of CRT from anyone other than Defendants. Subject to, and without waiving, the foregoing objections, the answer to this interrogatory can be derived from Plaintiff's production of documents. *See* Bates Range EDC0000001-38.

DATED: July 7, 2010                          By:      /s/ Guido Saveri

                                                     SAVERI & SAVERI, INC.
                                                     706 Sansome Street
                                                     San Francisco, CA 94111
                                                     Telephone:   (415) 217-6810
                                                     Facsimile:   (415) 217-6813

                                                     *Interim Lead Counsel for the Direct Purchaser Plaintiffs*

Crt.278a-3

# **VERIFICATION**

I, David Voge, am Chief Financial Officer of Electronic Design Company. I do hereby state, under penalty of perjury under the laws of the United States, that the responses contained in Plaintiff Electronic Design Company's Responses and Objections to Defendant Samsung SDI Co., Ltd.'s First Set of Interrogatories are true and correct to the best of my knowledge.

Executed on July 7, 2010.

_David Voge_
Signature

verification