# Exhibit D

Guido Saveri (22349) guido@saveri.com
R. Alexander Saveri (173102) rick@saveri.com
Geoffrey C. Rushing (126910) grushing@saveri.com
Cadio Zirpoli (179108) cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:   (415) 217-6813

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 SC |
| | MDL NO. 1917 |
| This Document Relates to: ALL DIRECT PURCHASER ACTIONS | **MEIJER, INC.'S AND MEIJER DISTRIBUTION, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:        HITACHI AMERICA, LTD.

RESPONDING PARTY:          MEIJER, INC. AND MEIJER DISTRIBUTION, INC.

SET NO.:                              ONE

     Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Direct Purchaser Plaintiffs Meijer, Inc. and Meijer Distribution, Inc. ("Plaintiffs" or "Meijer"), by their attorneys, object and respond to Defendant Hitachi America, Ltd.'s First Set of Interrogatories to the Direct Purchaser Plaintiffs (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

     Each of the following objections is incorporated by reference into each of the responses herein:

     1.    Plaintiffs and their counsel have not completed their (1) investigation of the facts

1  relating to this case, (2) discovery in this action, or (3) preparation for trial. The following
2  responses are therefore based upon information known at this time and are provided without
3  prejudice to Plaintiffs' right to supplement these responses prior to trial or to produce evidence
4  based on subsequently discovered information. Likewise, Plaintiffs' responses are based upon,
5  and therefore limited by, Plaintiffs' present knowledge and recollection, and consequently,
6  Plaintiffs reserve the right to make any changes in these responses if it appears at any time that
7  inadvertent errors or omissions have been made.

8  　　2.　　Plaintiffs generally object to the Interrogatories, including the instructions and
9  definitions, to the extent they purport to enlarge, expand or alter in any way the plain meaning and
10 scope of any interrogatory or to impose any obligations on Plaintiffs' responses in excess of those
11 required by the Federal Rules of Civil Procedure. Plaintiffs will respond to these Interrogatories
12 in accordance with their understanding of the obligations imposed by the Federal Rules of Civil
13 Procedure.

14 　　3.　　Plaintiffs object to the Interrogatories, including the instructions and definitions, to
15 the extent the information sought is protected by the attorney-client privilege, the attorney work
16 product doctrine, or is otherwise privileged and/or immune from discovery. By responding to
17 these Interrogatories, Plaintiffs do not waive, intentionally or otherwise, any attorney-client
18 privilege, attorney work-product or any other privilege, immunity or other protection that may be
19 asserted to protect any information from disclosure. Accordingly, any response or production of
20 documents or disclosure of information inconsistent with the foregoing is wholly inadvertent and
21 shall not constitute a waiver of any such privilege, immunity or other applicable protection.

22 　　4.　　Plaintiffs object to the Interrogatories to the extent they fail to state with sufficient
23 particularity the information and categories of information to be provided.

24 　　5.　　Plaintiffs object to the Interrogatories to the extent they request Plaintiffs to
25 produce documents outside their possession, custody, or control.

26 　　6.　　Plaintiffs object to the Interrogatories to the extent they are overly broad and
27 unduly burdensome.

28 　　7.　　Plaintiffs object to the Interrogatories to the extent they are vague, ambiguous,

redundant, harassing or oppressive.

8. Plaintiffs object to the Interrogatories to the extent they require Plaintiffs to draw legal conclusions.

9. Plaintiffs object to the Interrogatories to the extent the information requested is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10. Plaintiffs object to the Interrogatories to the extent that they, or any portion of them, seek production of any information within the possession, custody, or control of any Defendant, or of publicly available information such that the information is obtainable from some other source that is more convenient, less burdensome or less expensive, or the production of the information will impose undue burden, inconvenience, or expense upon Plaintiffs.

11. Plaintiffs object to each and every interrogatory and also to the instructions accompanying them, to the extent they seek to require Plaintiffs to produce all information that supports or otherwise relates to specific contentions in this litigation, on the ground that such contention interrogatories are unduly burdensome and premature at this stage of the litigation.

12. Plaintiffs object to the Interrogatories to the extent that they seek information relating to the sales or use of CRT(s) and/or CRT PRODUCT(s) acquired by Plaintiffs, or other such downstream data, because such information is not relevant to the claim or defense of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Additionally, information other than that related to direct purchases of CRTs and/or CRT Products from the named Defendants in this action has been barred by the United States Supreme Court. *See Illinois Brick Co. v. Illinois,* 431 U.S. 720 (1977).

13. Plaintiffs object to the Interrogatories to the extent that they seek information that requires expert opinion. Plaintiffs are entitled to provide additional evidence that is responsive to one or more of the Interrogatories in the form of expert reports at the appropriate time, and no response should be construed to foreclose any such disclosure.

14. Plaintiffs reserve the right to modify their responses based on additional discovery, additional analysis of existing discovery, discovery not yet completed and/or expert discovery, and

Plaintiffs reserve the right to supplement and/or delete the responses given in light of further evidence and further analysis of present and subsequently acquired evidence.

15. In addition, in accordance with the Federal Rules of Civil Procedure, Plaintiffs reserve the right to introduce evidence not yet identified herein supporting Plaintiffs' allegations, including evidence that Plaintiffs expect to further develop through the course of discovery and expert analysis.

16. In providing responses to the Interrogatories, Plaintiffs reserve all objections as to competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

17. No incidental or implied admissions are intended in these responses. Plaintiffs' response to all or any part of any interrogatory should not be taken as an admission that: (a) Plaintiffs accept or admit the existence of any fact(s) set forth or assumed by the interrogatory; or (b) Plaintiffs have in their possession, custody or control documents or information responsive to that interrogatory; or (c) documents or information responsive to that interrogatory exist. Plaintiffs' response to all or any part of an interrogatory also is not intended to be, and shall not be, a waiver by Plaintiffs of all or any part of their objection(s) to that interrogatory.

18. Plaintiffs object to the Interrogatories to the extent they are duplicative of interrogatories served by other Defendants in this litigation. To the extent these Interrogatories seek answers that are duplicative to those requested by other interrogatories that have already been propounded on the direct purchaser class, or served at the same time as these Interrogatories, the direct purchaser Plaintiffs will only answer them once.

19. Plaintiffs object to these Interrogatories to the extent that the cumulative requests by all Defendants in this litigation exceed the permissible number set forth in the Federal Rules.

20. Plaintiffs object to these Interrogatories, instructions and definitions to the extent they call for documents or information relating to a time period other than the relevant Class Period as defined in the Direct Purchaser Plaintiffs' Consolidated Amended Complaint. Plaintiffs will provide information only as to the relevant Class Period.

4

MDL NO. 1917
MEIJER INC.'S AND MEIJER DISTRIBUTION, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES

**RESPONSES**

**INTERROGATORY NO. 1:**

IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these Interrogatories.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiffs incorporate the General Objections as though fully set forth herein. Subject to, and without waiving, the foregoing objections, Meijer responds as follows: Tim Kause, Buyer/Merchandiser, and counsel for Meijer participated in the preparation of Meijer's responses to these Interrogatories.

**INTERROGATORY NO. 2:**

Separately identify each CRT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs object to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiffs further object to this interrogatory on the ground that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiffs further object and will not respond to this interrogatory because it impermissibly calls for downstream information concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

**INTERROGATORY NO. 3:**

Separately identify each CRT PRODUCT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT PRODUCT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs object to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiffs further object to this interrogatory on the ground that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiffs further object and will not respond to this interrogatory because it impermissibly calls for downstream information concerning sales of CRT Products by Plaintiffs and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

**INTERROGATORY NO. 4:**

For each sale of a CRT identified in Interrogatory No. 2, state all terms and conditions that were a part of the sale, including without limitation all terms and conditions RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any PERSON in connection with the sale.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs object to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad

1  and unduly burdensome. Plaintiffs further object to this interrogatory on the ground that it seeks
2  information entirely irrelevant to the issues raised and damages claimed in this case and is not
3  likely to lead to the discovery of admissible evidence. Plaintiffs further object and will not
4  respond to this interrogatory because it impermissibly calls for downstream information
5  concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or
6  defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.
7  2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.
8  2005).

**INTERROGATORY NO. 5:**

For each sale of a CRT PRODUCT identified in Interrogatory No. 3, state all terms and conditions that were a part of the sale, including without limitation all terms and conditions RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any PERSON in connection with the sale.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs object to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiffs further object to this interrogatory on the ground that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiffs further object and will not respond to this interrogatory because it impermissibly calls for downstream information concerning sales of CRT Products by Plaintiffs and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

**INTERROGATORY NO. 6:**

Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT,

including without limitation their subsidiaries and affiliates, state for each calendar year of the RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRTs YOU acquired or sold.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs object to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiffs object to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiffs further object to this interrogatory because it calls for downstream information concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or defenses of any party. Plaintiffs further object to this interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiffs to set forth factual analyses, comparative analyses, opinions, or theories that may be the subject of expert testimony. Plaintiffs also object to this interrogatory to the extent it calls for disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from discovery. Plaintiffs further object to this interrogatory on the ground that it is duplicative of other interrogatories served in this action. Finally, Plaintiffs object to this interrogatory to the extent it imposes obligations on Plaintiffs beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the Northern District of California. Subject to, and without waiving these objections, Meijer responds that it has not purchased CRTs.

**INTERROGATORY NO. 7:**

Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT, including without limitation their subsidiaries and affiliates, state for each calendar year of the RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRT PRODUCTS

8

MDL NO. 1917

MEIJER INC.'S AND MEIJER DISTRIBUTION, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES

1. YOU acquired or sold.
2. 
3. As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs object to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiffs object to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiffs further object to this interrogatory because it calls for downstream information concerning sales of CRT Products by Plaintiffs and such information is not relevant to the claims or defenses of any party. Plaintiffs further object to this interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiffs to set forth factual analyses, comparative analyses, opinions, or theories that may be the subject of expert testimony. Plaintiffs also object to this interrogatory to the extent it calls for disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from discovery. Plaintiffs further object to this interrogatory on the ground that it is duplicative of other interrogatories served in this action. Finally, Plaintiffs object to this interrogatory to the extent it imposes obligations on Plaintiffs beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the Northern District of California. Subject to, and without waiving these objections, Meijer's purchases of CRT Products from the Defendants may be derived from Meijer's production of documents.

**INTERROGATORY NO. 8:**

IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the terms and conditions for each of YOUR acquisitions or sales of CRTs during the RELEVANT PERIOD.

9

MDL NO. 1917

MEIJER INC.'S AND MEIJER DISTRIBUTION, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs object to this interrogatory on the grounds it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiffs object to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiffs further object to this interrogatory because it calls for downstream information concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Plaintiffs further object to this interrogatory on the ground that it is duplicative of other interrogatories served in this action.

Subject to, and without waiving, the foregoing objections, Meijer responds with respect to their acquisition of CRTs as follows: Meijer did not purchase CRTs during the Relevant Period.

**INTERROGATORY NO. 9:**

IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the terms and conditions for each of YOUR acquisitions or sales of CRT PRODUCTS during the RELEVANT PERIOD.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs object to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiffs object to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiffs further object to this interrogatory because it calls for downstream information concerning sales of CRT Products by Plaintiffs and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Plaintiffs further object to this interrogatory on the ground that it is duplicative of other interrogatories served in this action.

1    Subject to, and without waiving, the foregoing objections, Meijer responds with respect to
2  their acquisition of CRT Products as follows: Tim Kause, Buyer/Merchandiser, has knowledge of
3  Meijer's negotiations of the terms and conditions for its acquisitions of CRT Products.
4  Information responsive to this interrogatory may be derived from Meijer's production of
5  documents.

6  **INTERROGATORY NO. 10:**

7    IDENTIFY YOUR product specifications for each acquisition or potential acquisition of
8  CRTs during the RELEVANT PERIOD, including without limitation all PERSONS with
9  knowledge of those specifications.

10 **RESPONSE TO INTERROGATORY NO. 10:**

11   Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs
12 also object to this interrogatory on the grounds that it is compound, vague and ambiguous, overly
13 broad and unduly burdensome. Plaintiffs object to this interrogatory on the grounds that it seeks
14 information entirely irrelevant to the issues raised and damages claimed in this case and is not
15 likely to lead to the discovery of admissible evidence. Plaintiffs further object to this interrogatory
16 on the ground that it is duplicative of other interrogatories served in this action. Subject to, and
17 without waiving, the foregoing objections, Meijer respond as follows: Meijer did not purchase
18 CRTs during the Relevant Period.

19 **INTERROGATORY NO. 11:**

20   IDENTIFY YOUR product specifications for each acquisition or potential acquisition of
21 CRT PRODUCTS during the RELEVANT PERIOD, including without limitation all PERSONS
22 with knowledge of those specifications.

23 **RESPONSE TO INTERROGATORY NO. 11:**

24   Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs
25 also object to this interrogatory on the grounds that it is compound, vague and ambiguous, overly
26 broad and unduly burdensome. Plaintiffs object to this interrogatory on the grounds that it seeks
27 information entirely irrelevant to the issues raised and damages claimed in this case and is not
28 likely to lead to the discovery of admissible evidence. Plaintiffs further object to this interrogatory

on the ground that it is duplicative of other interrogatories served in this action. Subject to, and without waiving, the foregoing objections, Meijer responds as follows: Meijer has no specific product specifications concerning its acquisitions of CRT Products, however, the factors that it considers in making its purchase decisions are price, quality and reliable supply.

**INTERROGATORY NO. 12:**

Separately, with respect to each CRT that YOU acquired during the RELEVANT PERIOD, state the total dollar amount by which YOU allege YOU were overcharged as a result of the allegations in the Complaint.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs object to this interrogatory as being a premature contention interrogatory. *See In re Convergent Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent authority for the view that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period"); *In re Ebay Seller Antitrust Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken."). Discovery has just started, Defendants have not meaningfully responded to Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take depositions until November 1, 2010). Plaintiffs further object to this interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiffs to set forth factual analyses, comparative analyses, opinions, or theories that may be the subject of expert testimony. Plaintiffs further object to this interrogatory on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this interrogatory to the extent it calls for disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or is otherwise privileged or

12
MDL NO. 1917
MEIJER INC.'S AND MEIJER DISTRIBUTION, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES

immune from discovery. Finally, Plaintiffs object to this interrogatory to the extent it imposes obligations beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the Northern District of California.

**INTERROGATORY NO. 13:**

Separately, with respect to each CRT PRODUCT that YOU acquired during the RELEVANT PERIOD, state the total dollar amount by which YOU allege YOU were overcharged as a result of the allegations in the Complaint.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs object to this interrogatory as being a premature contention interrogatory. *See In re Convergent Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent authority for the view that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period"); *In re Ebay Seller Antitrust Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken."). Discovery has just started, Defendants have not meaningfully responded to Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take depositions until November 1, 2010). Plaintiffs further object to this interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiffs to set forth factual analyses, comparative analyses, opinions, or theories that may be the subject of expert testimony. Plaintiffs further object to this interrogatory on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this interrogatory to the extent it calls for disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from discovery. Finally, Plaintiffs object to this interrogatory to the extent it imposes

obligations beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the Northern District of California.

DATED: July 8, 2010   By:   /s/ Guido Saveri

SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:   (415) 217-6813

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

Linda P. Nussbaum
NUSSBAUM LLP
88 Pine Street, 14th Floor
New York, NY 10005
Telephone:  (212) 838-7797
Fax:  (212) 838-7745
E mail:  lnussbaum@nussbaumllp.com

David P. Germaine
VANEK, VICKERS & MASINI, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, IL 60606
Telephone:  (312) 224-1500
Fax:  (312) 224-1510
E mail:  dgermaine@vaneklaw.com

*Counsel for Meijer, Inc. and Meijer Distribution, Inc.*

# VERIFICATION

I, Tim Kause, declare as follows:

I am a Buyer/Merchandiser for Meijer Distribution, Inc., a Plaintiff in the above-named action. I am a representative of Meijer Distribution, Inc. and Meijer, Inc. and I am authorized to act on their behalf in connection with submission of these interrogatory answers.

I have read Meijer, Inc.'s and Meijer Distribution, Inc.'s Responses To Defendant Hitachi America, Ltd.'s First Set of Interrogatories to the Direct Purchaser Plaintiffs.

I verify that the answers provided and written above by Meijer, Inc. and Meijer Distribution, Inc. in these responses are true, accurate and correct to the best of my personal knowledge, information and belief and that of Meijer, Inc. and Meijer Distribution, Inc. derived from information available to Meijer, Inc. and Meijer Distribution, Inc.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, on this the 8th day of July, 2010.

_____
Tim Kause