# Exhibit F

1   Guido Saveri (22349) guido@saveri.com
    R. Alexander Saveri (173102) rick@saveri.com
2   Geoffrey C. Rushing (126910) grushing@saveri.com
    Cadio Zirpoli (179108) cadio@saveri.com
3   SAVERI & SAVERI, INC.
    706 Sansome Street
4   San Francisco, CA 94111
    Telephone:    (415) 217-6810
5   Facsimile:    (415) 217-6813

6   *Interim Lead Counsel for the Direct Purchaser
    Plaintiffs*
7

8

9                   UNITED STATES DISTRICT COURT

10      NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11

12  IN RE: CATHODE RAY TUBE (CRT)          MASTER FILE NO. 07-cv-5944 SC
    ANTITRUST LITIGATION
13                                         MDL NO. 1917

14  This Document Relates to:             **PLAINTIFF ORION HOME SYSTEMS,
                                          LLC'S RESPONSES TO DEFENDANT
15  ALL DIRECT PURCHASER ACTIONS          HITACHI AMERICA, LTD.'S FIRST SET
                                          OF INTERROGATORIES**
16

17

18  PROPOUNDING PARTY:        HITACHI AMERICA, LTD.

19  RESPONDING PARTY:         PLAINTIFF ORION HOME SYSTEMS, LLC

20  SET NO.:                  ONE

21          Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Orion Home

22  Systems, LLC ("Plaintiff"), by its attorneys, objects and responds to Defendant Hitachi America,

23  Ltd.'s First Set of Interrogatories to the Direct Purchaser Plaintiffs (the "Interrogatories") as

24  follows:

25                          **GENERAL OBJECTIONS**

26          Each of the following objections is incorporated by reference into each of the responses

27  herein:

28          1.      Plaintiff and its counsel have not completed their (1) investigation of the facts

815488.1                                                               MDL NO. 1917
    PLAINTIFF ORION HOME SYSTEMS, LLC'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S
                         FIRST SET OF INTERROGATORIES

1 relating to this case, (2) discovery in this action, or (3) preparation for trial. The following

2 responses are therefore based upon information known at this time and are provided without

3 prejudice to Plaintiff's right to supplement these responses prior to trial or to produce evidence

4 based on subsequently discovered information. Likewise, Plaintiff's responses are based upon,

5 and therefore limited by, Plaintiff's present knowledge and recollection, and consequently,

6 Plaintiff reserves the right to make any changes in these responses if it appears at any time that

7 inadvertent errors or omissions have been made.

8       2.     Plaintiff generally objects to the Interrogatories, including the Instructions and

9 Definitions, to the extent they purport to enlarge, expand or alter in any way the plain meaning and

10 scope of any interrogatory or to impose any obligations on Plaintiff's responses in excess of those

11 required by the Federal Rules of Civil Procedure. Plaintiff will respond to these Interrogatories in

12 accordance with its understanding of the obligations imposed by the Federal Rules of Civil

13 Procedure.

14       3.     Plaintiff objects to the Interrogatories, including the Instructions and Definitions, to

15 the extent the information sought is protected by the attorney-client privilege, the attorney work

16 product doctrine, or is otherwise privileged and/or immune from discovery. By responding to

17 these Interrogatories, Plaintiff does not waive, intentionally or otherwise, any attorney-client

18 privilege, attorney work-product or any other privilege, immunity or other protection that may be

19 asserted to protect any information from disclosure. Accordingly, any response or production of

20 documents or disclosure of information inconsistent with the foregoing is wholly inadvertent and

21 shall not constitute a waiver of any such privilege, immunity or other applicable protection.

22       4.     Plaintiff objects to the Interrogatories to the extent they fail to state with sufficient

23 particularity the information and categories of information to be provided.

24       5.     Plaintiff objects to the Interrogatories to the extent they request Plaintiff to produce

25 documents outside its possession, custody, or control.

26       6.     Plaintiff objects to the Interrogatories to the extent they are overly broad and

27 unduly burdensome.

28       7.     Plaintiff objects to the Interrogatories to the extent they are vague, ambiguous,

1  redundant, harassing or oppressive.

2       8.     Plaintiff objects to the Interrogatories to the extent they require Plaintiff to draw

3  legal conclusions.

4       9.     Plaintiff objects to the Interrogatories to the extent the information requested is

5  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6       10.     Plaintiff objects to the Interrogatories to the extent that they, or any portion of

7  them, seek production of any information within the possession, custody, or control of any

8  Defendant, or of publicly available information such that the information is obtainable from some

9  other source that is more convenient, less burdensome or less expensive, or the production of the

10  information will impose undue burden, inconvenience, or expense upon Plaintiff.

11       11.     Plaintiff objects to each and every interrogatory and also to the instructions

12  accompanying them, to the extent they seek to require Plaintiff to produce all information that

13  supports or otherwise relates to specific contentions in this litigation, on the ground that such

14  contention interrogatories are unduly burdensome and premature at this stage of the litigation.

15       12.     Plaintiff objects to the Interrogatories to the extent that they seek information

16  relating to the sales or use of CRT(s) and/or CRT PRODUCT(s) acquired by Plaintiff, or other

17  such downstream data, because such information is not relevant to the claim or defense of any

18  party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure*

19  *Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Additionally,

20  information other than that related to direct purchases of CRT Products from the named

21  defendants in this action has been barred by the United States Supreme Court, *Illinois Brick Co. v.*

22  *Illinois,* 431 U.S. 720 (1977).

23       13.     Plaintiff objects to the Interrogatories to the extent that they seek information that

24  requires expert opinion.  Plaintiff is entitled to provide additional evidence that is responsive to

25  one or more of the interrogatories in the form of expert reports at the appropriate time, and no

26  response should be construed to foreclose any such disclosure.

27       14.     Plaintiff reserves the right to modify their allegations based on additional

28  discovery, additional analysis of existing discovery, discovery not yet completed and/or expert

815488.1
3

PLAINTIFF ORION HOME SYSTEMS, LLC'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S
FIRST SET OF INTERROGATORIES

1   discovery, and Plaintiff reserves the right to supplement and/or delete the responses given in light

2   of further evidence and further analysis of present and subsequently acquired evidence.

3         15.     In addition, in accordance with the Federal Rules of Civil Procedure, Plaintiff

4   reserves the right to introduce evidence not yet identified herein supporting Plaintiff's allegations,

5   including evidence that Plaintiff expects to further develop through the course of discovery and

6   expert analysis.

7         16.     In providing responses to the Interrogatories, Plaintiff reserves all objections as to

8   competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent

9   proceeding in, or trial of, this or any other action for any purpose whatsoever.

10        17.     No incidental or implied admissions are intended in these responses.  Plaintiff's

11  response to all or any part of any Interrogatory should not be taken as an admission that: (a)

12  Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by the Interrogatory; or

13  (b) Plaintiff has in its possession, custody or control documents or information responsive to that

14  interrogatory; or (c) documents or information responsive to that interrogatory exist.  Plaintiff's

15  response to all or any part of an Interrogatory also is not intended to be, and shall not be, a waiver

16  by Plaintiff of all or any part of its objection(s) to that interrogatory.

17        18.     Plaintiff objects to the interrogatories to the extent they are duplicative of

18  interrogatories served by other defendants in this litigation.  To the extent these interrogatories

19  seek answers that are duplicative to those requested by other interrogatories that have already been

20  propounded on the direct purchaser class, or served at the same time as these interrogatories, the

21  direct purchaser plaintiffs will only answer them once.

22        19.     Plaintiff objects to these interrogatories to the extent that the cumulative requests

23  by all defendants in this litigation exceed the permissible number set forth in the Federal Rules.

24                            **RESPONSES**

25  **INTERROGATORY NO. I:**

26        IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR

27  responses to these interrogatories.

28

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows:  Keith Stanze and counsel for Plaintiffs.

**INTERROGATORY NO. 2:**

Separately identify each CRT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not respond to this interrogatory because it impermissibly calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

**INTERROGATORY NO. 3:**

Separately identify each CRT PRODUCT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT PRODUCT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

1  YOUR response.

2  **RESPONSE TO INTERROGATORY NO. 3:**

3         Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

4  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

5  broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

6  seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

7  not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

8  respond to this interrogatory because it impermissibly calls for downstream information

9  concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

10  defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

11  2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

12  2005).

13  **INTERROGATORY NO. 4:**

14         For each sale of a CRT identified in Interrogatory No. 2, state all terms and conditions that

15  were a part of the sale, including without limitation all terms and conditions RELATING TO

16  pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any PERSON in connection

17  with the sale.

18         As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

19  YOUR response.

20  **RESPONSE TO INTERROGATORY NO. 4:**

21         Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

22  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

23  broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

24  seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

25  not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

26  respond to this interrogatory because it impermissibly calls for downstream information

27  concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

28  defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

PLAINTIFF ORION HOME SYSTEMS, LLC'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S
FIRST SET OF INTERROGATORIES

1 | 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

2 | 2005).

3 | **INTERROGATORY NO. 5:**

4 |      For each sale of a CRT PRODUCT identified in Interrogatory No. 3, state all terms and

5 | conditions that were a part of the sale, including without limitation all terms and conditions

6 | RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any

7 | PERSON in connection with the sale.

8 |      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

9 | YOUR response.

10 | **RESPONSE TO INTERROGATORY NO. 5:**

11 |      Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

12 | objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

13 | broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

14 | seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

15 | not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

16 | respond to this interrogatory because it impermissibly calls for downstream information

17 | concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

18 | defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

19 | 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

20 | 2005).

21 | **INTERROGATORY NO. 6:**

22 |      Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT,

23 | including without limitation their subsidiaries and affiliates, state for each calendar year of the

24 | RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRTs YOU acquired

25 | or sold.

26 |      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

27 | YOUR response.

28 |

1 **RESPONSE TO INTERROGATORY NO. 6:**

2     Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff

3 objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

4 broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

5 information entirely irrelevant to the issues raised and damages claimed in this case and is not

6 likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory

7 because it calls for downstream information concerning sales of CRTs by Plaintiff and such

8 information is not relevant to the claims or defenses of any party. Plaintiff further objects to this

9 interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure

10 of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative

11 analyses, opinions, or theories that may be the subject of expert testimony. Plaintiff also objects to

12 this interrogatory to the extent it calls for disclosure of information that is protected by the

13 attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from

14 discovery. Plaintiff further objects to this interrogatory on the ground that it is duplicative of other

15 interrogatories served in this action. Finally, Plaintiff objects to this interrogatory to the extent it

16 imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and

17 34 and the applicable Local Rules of the United States District Court for the Northern District of

18 California. Subject to, and without waiving these objections, Plaintiff responds that it did not

19 purchase CRTs (as opposed to CRT Products) during the Relevant Period.

20 **INTERROGATORY NO. 7:**

21     Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT,

22 including without limitation their subsidiaries and affiliates, state for each calendar year of the

23 RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRT PRODUCTS

24 YOU acquired or sold.

25     As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

26 YOUR response.

27 **RESPONSE TO INTERROGATORY NO. 7:**

28     Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff

PLAINTIFF ORION HOME SYSTEMS, LLC'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S
FIRST SET OF INTERROGATORIES

1 objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

2 broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks

3 information entirely irrelevant to the issues raised and damages claimed in this case and is not

4 likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

5 because it calls for downstream information concerning sales of CRTs by Plaintiff and such

6 information is not relevant to the claims or defenses of any party.  Plaintiff further objects to this

7 interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure

8 of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative

9 analyses, opinions, or theories that may be the subject of expert testimony.  Plaintiff also objects to

10 this interrogatory to the extent it calls for disclosure of information that is protected by the

11 attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from

12 discovery.  Plaintiff further objects to this interrogatory on the ground that it is duplicative of other

13 interrogatories served in this action.  Finally, Plaintiff objects to this interrogatory to the extent it

14 imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and

15 34 and the applicable Local Rules of the United States District Court for the Northern District of

16 California.  Subject to, and without waiving these objections, Plaintiff's purchases of CRT

17 Products from the defendants may be derived from their production of documents.  *See*

18 ORION0000001.

19 **INTERROGATORY NO. 8:**

20       IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the

21 terms and conditions for each of YOUR acquisitions or sales of CRTs during the RELEVANT

22 PERIOD.

23 **RESPONSE TO INTERROGATORY NO. 8:**

24       Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

25 objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

26 broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks

27 information entirely irrelevant to the issues raised and damages claimed in this case and is not

28 likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

PLAINTIFF ORION HOME SYSTEMS, LLC'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S
FIRST SET OF INTERROGATORIES

1  because it calls for downstream information concerning sales of CRTs by Plaintiff and such

2  information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins*

3  *Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust*

4  *Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Plaintiff further objects to this interrogatory on

5  the ground that it is duplicative of other interrogatories served in this action.

6        Subject to, and without waiving, the foregoing objections, Plaintiff responds that it did not

7  purchase CRTs (as opposed to CRT Products) during the Relevant Period.

8  **INTERROGATORY NO. 9:**

9        IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the

10  terms and conditions for each of YOUR acquisitions or sales of CRT PRODUCTS during the

11  RELEVANT PERIOD.

12  **RESPONSE TO INTERROGATORY NO. 9:**

13        Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff

14  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

15  broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

16  information entirely irrelevant to the issues raised and damages claimed in this case and is not

17  likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory

18  because it calls for downstream information concerning sales of CRTs by Plaintiff and such

19  information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins*

20  *Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust*

21  *Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Plaintiff further objects to this interrogatory on

22  the ground that it is duplicative of other interrogatories served in this action.

23        Subject to, and without waiving, the foregoing objections, Plaintiff responds with respect

24  to their acquisition of CRT Products from defendants as follows:  Keith Stanze.

25  **INTERROGATORY NO. 10:**

26        IDENTIFY YOUR product specifications for each acquisition or potential acquisition of

27  CRTs during the RELEVANT PERIOD, including without limitation all PERSONS with

28  knowledge of those specifications.

PLAINTIFF ORION HOME SYSTEMS, LLC'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S
FIRST SET OF INTERROGATORIES

1   **RESPONSE TO INTERROGATORY NO. 10:**

2        Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff also

3   objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

4   broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

5   information entirely irrelevant to the issues raised and damages claimed in this case and is not

6   likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

7   on the ground that it is duplicative of other interrogatories served in this action.  Subject to, and

8   without waiving, the foregoing objections, Plaintiff responds that it did not purchase CRTs (as

9   opposed to CRT Products) during the Relevant Period.

10  **INTERROGATORY NO. 11:**

11       IDENTIFY YOUR product specifications for each acquisition or potential acquisition of

12  CRT PRODUCTS during the RELEVANT PERIOD, including without limitation all PERSONS

13  with knowledge of those specifications.

14  **RESPONSE TO INTERROGATORY NO. 11:**

15       Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff also

16  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

17  broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

18  information entirely irrelevant to the issues raised and damages claimed in this case and is not

19  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

20  on the ground that it is duplicative of other interrogatories served in this action.  Subject to, and

21  without waiving, the foregoing objections, Plaintiff responds as follows:  price, performance, and

22  availability.  In addition, the answer to this interrogatory may be derived from Plaintiff's

23  production of documents.  *See* ORION0000001.

24  **INTERROGATORY NO. 12:**

25       Separately, with respect to each CRT that YOU acquired during the RELEVANT

26  PERIOD, state the total dollar amount by which YOU allege YOU were overcharged as a result of

27  the allegations in the Complaint.

28       As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

PLAINTIFF ORION HOME SYSTEMS, LLC'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S
FIRST SET OF INTERROGATORIES

1 | YOUR response.

2 | **RESPONSE TO INTERROGATORY NO. 12:**

3 |      Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

4 | objects to this interrogatory as being a premature contention interrogatory.  *See In re Convergent*

5 | *Technologies Securities Litig.,* 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent

6 | authority for the view that the wisest general policy is to defer propounding and answering

7 | contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust*

8 | *Litig.,* No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their

9 | Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is

10 | undertaken.").  Discovery has just started, Defendants have not meaningfully responded to

11 | Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take

12 | depositions until November 1, 2010).  Plaintiff further objects to this interrogatory to the extent

13 | that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert

14 | information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or

15 | theories that may be the subject of expert testimony.  Plaintiff further objects to this interrogatory

16 | on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material

17 | neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

18 | also objects to this interrogatory to the extent it calls for disclosure of information that is protected

19 | by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune

20 | from discovery.  Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations

21 | beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local

22 | Rules of the United States District Court for the Northern District of California.

23 | **INTERROGATORY NO. 13:**

24 |      Separately, with respect to each CRT PRODUCT that YOU acquired during the

25 | RELEVANT PERIOD, state the total dollar amount by which YOU allege YOU were

26 | overcharged as a result of the allegations in the Complaint.

27 |      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

28 | YOUR response.

PLAINTIFF ORION HOME SYSTEMS, LLC'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S
FIRST SET OF INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff objects to this interrogatory as being a premature contention interrogatory. *See In re Convergent Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent authority for the view that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken."). Discovery has just started, Defendants have not meaningfully responded to Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take depositions until November 1, 2010). Plaintiff further objects to this interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or theories that may be the subject of expert testimony. Plaintiff further objects to this interrogatory on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this interrogatory to the extent it calls for disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from discovery. Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the Northern District of California.

DATED: July 9, 2010

By: ___/s/ Guido Saveri___
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:   (415) 217-6810
Facsimile:   (415) 217-6813

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

Crt.271a-7

PLAINTIFF ORION HOME SYSTEMS, LLC'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S
FIRST SET OF INTERROGATORIES

# **VERIFICATION**

 I, Keith Stanze, am President of Orion Home Systems, LLC. I do hereby state, under penalty of perjury under the laws of the United States, that the responses contained in Plaintiff Orion Home Systems LLC's Responses and Objections to Defendant Hitachi America, LTD's First Set of Interrogatories are true and correct to the best of my knowledge.

 Executed on July 9, 2010.


_____
Signature

verification