Guido Saveri (22349)
guido@saveri.com
R. Alexander Saveri (173102)
rick@saveri.com
Geoffrey C. Rushing (126910)
grushing@saveri.com
Cadio Zirpoli (179108)
cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:   (415) 217-6810
Facsimile:   (415) 217-6813

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 SC |
| | MDL NO. 1917 |
| This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | **DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |

1 | Pursuant to Civil Local Rules 7-11 and 79-5(d), and in accordance with this Court's
2 | General Order No. 62, effective May 10, 2010, Direct Purchaser Plaintiffs hereby move the Court
3 | for leave to file the following documents, or portions thereof, under seal:

4 | • Portions of Direct Purchaser Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment that contain quotations or information from documents
5 | that Defendants have designated "Confidential" or "Highly Confidential"; and

6 | • Declaration of R. Alexander Saveri in Opposition Defendants' Motion for Partial Summary Judgment that contain quotations or information from documents that
7 | Defendants have designated "Confidential" or "Highly Confidential"

8 | This motion is supported by the Declaration of R. Alexander Saveri in Support of Direct
9 | Purchaser Plaintiffs' ("DPPs") Administrative Motion to Seal Documents Pursuant to Civil Local
10 | Rule 7-11 and 79-5(d).

11 | Civil Local Rule 79-5 governs the filing under seal of entire documents or portions of
12 | documents that contain material that is "privileged or protectable as a trade secret or otherwise
13 | entitled to protection under the law." Civ. L. R. 79-5 (a)-(c). This Court's General Order No. 62,
14 | Electronic Filing of Documents Under Seal, effective May 10, 2010, sets forth procedures
15 | applicable to the filing of sealed documents in civil cases. Civil Local Rule 79-5(d) provides: "If a
16 | party wishes to file a document that has been designated confidential by another party pursuant to
17 | a protective order, or if a party wishes to refer in a memorandum or other filing to information so
18 | designated by another party, the submitting party must file and serve an Administrative Motion for
19 | a sealing order . . . ."

20 | In compliance with Local Rule 79-5(d), DPPs submit this Administrative Motion because
21 | they wish to file documents that contain either: (a) material designated by a Defendant pursuant to
22 | a Protective Order as "Confidential" or "Highly Confidential"; or (b) analysis of, references to, or
23 | information taken directly from material designated by a Defendant pursuant to a Protective Order
24 | as "Confidential" or "Highly Confidential." *See id*.

25 | DPPs seek to file the above material under seal in good faith in order to comply with the
26 | Protective Order in this action and the applicable Local Rules. Because certain defendants and
27 | various third parties contend that the material they have designated is confidential in nature, it is
28 | their burden to establish that the designated information is sealable. Civil L. R. 79-5(d); s*ee*

*Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178-1180 (9th Cir. 2006). DPPs leave it to this Court's discretion to determine whether the above material should be filed under seal. Courts have repeatedly emphasized that a party must make a "particularized showing of good cause" and show a "compelling reason" to justify the sealing of motions and papers filed with a court. *See Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2002) (reversing the lower court's sealing of records because there was no "compelling reason to justify sealing" under the protective order). As the Ninth Circuit has stated, the "hazard of stipulated protective orders" is that they "often contain provisions that purport to put the entire litigation under lock and key without regard to the actual requirements of Rule 26(c)." *Kamakana*, 447 F.3d at 1193. Plaintiffs file this administrative motion in order to comply with the Protective Order entered in this action.

WHEREFORE, Direct Purchaser Plaintiffs respectfully submit this administrative motion pursuant to the Protective Order and Civil Local Rule 79-5 and hereby notify the parties of their burden to establish that the designated material is sealable.

DATED: February 24, 2012                    Respectfully Submitted,

                                                    */s/ R. Alexander Saveri*
Guido Saveri
R. Alexander Saveri
Geoffrey C. Rushing
Cadio Zirpoli (179108) cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:     (415) 217-6810
Facsimile:     (415) 217-6813

*Interim Lead Counsel for the
Direct Purchaser Plaintiffs*

Crt.499