Guido Saveri (22349)
guido@saveri.com
R. Alexander Saveri (173102)
rick@saveri.com
Geoffrey C. Rushing (126910)
grushing@saveri.com
Cadio Zirpoli (179108)
cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:   (415) 217-6810
Facsimile:    (415) 217-6813

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 SC<br><br>MDL NO. 1917 |
| This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | **DECLARATION OF R. ALEXANDER SAVERI IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |

MDL NO. 1917

DECLARATION OF R. ALEXANDER SAVERI ISO DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS

I, R. Alexander Saveri, declare:

1. I am managing partner of the firm of Saveri & Saveri, Inc., which the Court has appointed to act as interim lead counsel on behalf of the direct purchaser plaintiffs in this action. Except as otherwise noted, I make this declaration of my own personal knowledge, and if called upon to do so, could and would testify competently to the facts contained herein.

2. I submit this declaration in support of Direct Purchaser Plaintiffs' ("DPPs") Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d). DPPs move the Court for leave to file the following documents, or portions thereof, under seal:

- Portions of Direct Purchaser Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment that Defendants have designated "Confidential" or "Highly Confidential"; and

- Declaration of R. Alexander Saveri in Opposition Defendants' Motion for Partial Summary Judgment.

3. On June 18, 2008, the Court approved a "Stipulated Protective Order" ("Protective Order") in this matter.

4. Pursuant to Section 5.2 of the Protective Order, the parties were permitted to designate documents as "Confidential" and "Highly Confidential." Section 2.3 of the Protective Order defines "Confidential Information or Items" as "information, (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c)." Section 2.4 of the Protective Order defines "Highly Confidential Information or Items" as "extremely sensitive Confidential Information or Items whose disclosure to another Party or non-party would create a substantial risk of injury that could not be avoided by less restrictive means." Section 2.8 of the Protective Order defines "Protected Material" to include both types of information.

5. Section 10 of the Protective Order requires that "a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5."

6. DPPs wish to file the above-listed documents which contain either: (a) material

1  designated by a Defendant pursuant to the Protective Order (entered by the Court on June 18,
2  2008) as "Confidential" or "Highly Confidential"; or (b) analysis of, references to, or information
3  taken from material designated by defendants pursuant to the Protective Order as "Confidential"
4  or "Highly Confidential."

5        7.    A stipulation by the parties could not be obtained because under Civil Local Rule
6  79-5, parties may not stipulate to the filing of any document under seal.  See Civil L.R. 7-11(a),
7  79-5(a).

8  
9        I declare under the penalty of perjury of the laws of the United States of America and laws
   of California that the foregoing is true and correct.  Executed this 24th day of February, 2012 at
10 San Francisco, California.

11
12                                     /s/ R. Alexander Saveri
13                                     R. Alexander Saveri
14
15
16 Crt.498
17
18
19
20
21
22
23
24
25
26
27
28