**DECLARATION OF JOSEPH M. FISHER**

**EXHIBIT C**

TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO NORTE DE CALIFORNIA

# Si usted ha comprado un producto con tubos de rayos catódicos,

## Ud. puede verse afectado por un acuerdo de demanda colectiva.

---

Entre los productos que contienen tubos de rayos catódicos (TRC) se encuentran tubos de rayos catódicos y productos acabados como televisores y monitores de computadoras

---

*Una Corte Federal ha autorizado este Aviso. Esta no es una solicitud de un abogado.*

- Existe una demanda pendiente que concierne productos con TRC comprados indirectamente de los demandados expuestos más adelante. "Indirectamente" significa que usted no compró el producto TRC directamente de uno de los demandados. Esta demanda, la cual se presenta como acción judicial colectiva, tiene como objetivo: (1) el desagravio por mandato judicial a nivel nacional para prohibir el comportamiento de los demandados (citados posteriormente), el cual es la razón de la demanda y (b) remuneración para compradores indirectos en 24 estados.

- Los estados que reciben la remuneración son: Arizona, California, Florida, Hawai, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, Nuevo México, Nueva York, Carolina del Norte, Dakota del Norte, Oregón, Dakota del sur, Tennessee, Vermont, Virginia Occidental, Wisconsin y el Distrito de Columbia.

- Se ha llegado a un acuerdo extrajudicial con Chunghwa Picture Tubes Ltd. (denominado el "demandado en conciliación"). El litigio continúa contra los restantes demandados en no-conciliación.

- Sus derechos legales se ven afectados ya sea con o sin su participación. Este aviso incluye información sobre el acuerdo extrajudicial y la continuación del litigio. Por favor, lea detenidamente el aviso en su totalidad.

| Los siguientes derechos y opciones (y los plazos para ejercerlos) se explican en el presente aviso. | |
|---|---|
| Usted puede objetar a o dar su opinión sobre el acuerdo | *véase* Pregunta 11 |
| Usted también puede excluirse del acuerdo | *véase* Pregunta 11 |
| Usted puede ir a una audiencia y pedir hablar con el tribunal personalmente sobre el acuerdo | *véase* Pregunta 15 |

- El tribunal a cargo de este caso aún debe determinar la aprobación o no del acuerdo. El litigio contra los demandados en no-conciliación avanza hacia el juicio.

| QUÉ CONTIENE ESTE AVISO |
|---|

**INFORMACIÓN BÁSICA** …………………………………………………..…………PÁGINAS 3, 4
1.   ¿Por qué hay un aviso?
2.   ¿Cuáles son las compañías demandadas?
3.   ¿De qué se trata esta demanda?
4.   ¿Por qué si hay un acuerdo extrajudicial continua el litigio?
5.   ¿Qué es un producto con tubo de rayos catódicos (TRC)?
6.   ¿Qué es una demanda colectiva?

**EL GRUPO DEMANDANTE** ……………………………………………….……… PÁGINAS 4, 5, 6
7.   ¿Cómo saber si soy uno de los fideicomitentes?
8.   ¿Por qué el acuerdo excluye reclamaciones según la Ley de Washington de Protección al Consumidor y contra Prácticas Comerciales Injustas?
9.   ¿Qué dispone el acuerdo?
10.  ¿Cuándo recibiría mi pago?
11.  ¿Cuáles son mis derechos en este acuerdo?
12.  ¿A qué estoy renunciando para permanecer en el acuerdo?

**LA AUDIENCIA PARA APROBAR EL ACUERDO**……………………………..…..……... PÁGINAS 6, 7
13.  ¿Cuándo y dónde decidirá el tribunal si aprueba o no el acuerdo?
14.  ¿Tengo que presentarme a la audiencia?
15.  ¿Puedo hablar en la audiencia?

**LOS ABOGADOS QUE LO REPRESENTAN A USTED**…………………………….…….. PÁGINA 7
16.  ¿Tengo un abogado en el caso?
17.  ¿Cómo remunerar a los abogados?

**HISTÓRICO DE COMPRAS** ………………………………………………………………….. PÁGINA 8
18.  ¿Qué pasos debo seguir para demonstrar evidencia de compra o posesión de un producto TRC?

**OBTENER MÁS INFORMACIÓN**…………………………………………….…………… PÁGINA 8
19.  ¿Cómo puedo obtener más información?

**INFORMACIÓN BÁSICA**

| 1.  ¿Por qué hay un aviso? |
|---|

Usted tiene el derecho de saber sobre el litigio y sobre sus derechos legales y opciones antes de que el tribunal decida si aprobar el acuerdo extrajudicial o no.

El tribunal responsable del caso es el Tribunal de Distrito de los Estados Unidos para el Distrito de Norte California y el caso se titular *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917 [*En referencia a tubos de rayos catódicos (TRC)Litigio Antimonopolio,* litigio multidistrito (MDL por sus siglas en inglés) nº 1917]. Las personas que demandan se denominan demandantes y las compañías que se demandan demandados.

| 2.  ¿Quiénes son las compañías demandadas? |
|---|

Entre las compañías demandadas se encuentran: LG Electronics, Inc., LG Electronics U.S.A., Inc., LG Electronics Taiwan Taipei Co., Ltd, Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation, Philips Electronics Industries (Taiwán), Ltd., Philips da Amazonia Industria Electronica Ltda., LP Displays International, Ltd. f/k/a LG.Philips Displays, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung SDI Co. Ltd., Samsung SDI America, Inc., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co. Ltd., Tianjin Samsung SDI Co. Ltd., Samsung SDI Malaysia Sdn. Bhd., Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, LLC., Toshiba America Information Systems, Inc., Toshiba America Electronics Components, Inc., Panasonic Corporation f/k/a Matsushita Electric Industrial, Ltd., Panasonic Corporation of North America, MT Picture Display Co., Ltd., Beijing-Matsushita Color CRT Company, Ltd. (BMCC), Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi Electronic Devices (USA), Inc., Hitachi America, Ltd., Hitachi Asia, Ltd., Tatung Company of America, Inc., Chunghwa Picture Tubes Ltd., Chunghwa Picture Tubes (Malasia) Sdn. Bhd., IRICO Group Corporation, IRICO Display Devices Co., Ltd., IRICO Group Electronics Co., Ltd., Thai CRT Company, Ltd. y Samtel Color, Ltd.

| 3.  ¿De qué se trata esta denuncia? |
|---|

Este pleito alega que los demandados conspiraron para establecer, aumentar, mantener o estabilizar los precios de productos con TRC lo cual llevó a sobrecargos para los consumidores que compraron productos con TRC como televisores y monitores de computadoras. Los demandados niegan haber hecho algo incorrecto. El tribunal aún no ha decidido quién tiene la razón.

| 4.  ¿Por qué si hay un acuerdo extrajudicial continua el litigio? |
|---|

Solo uno de los demandados ha llegado a un acuerdo para conciliar la demanda. El caso contra los restantes demandados en no conciliación continúa. Puede que haya remuneración en el futuro como resultado de un juicio o futuros acuerdos extrajudiciales, pero no hay garantía de que esto ocurrirá.

**5.  ¿Qué es un producto con tubo de rayos catódicos (TRC)?**

A efectos del acuerdo, los productos con tubos de rayos catódicos (TRC) se refieren a tubos de rayos catódicos de cualquier tipo (por e j. tubos de pantalla a color, tubos de imagen a color y tubos de pantalla monocromática) y productos terminados que contienen tubos de rayos catódicos como televisores y monitores de computadoras.

**6.  ¿Qué es una demanda colectiva?**

En una demanda colectiva, una o más personas denominadas representantes del grupo demandante ponen la demanda en nombre de personas que tienen reclamaciones afines. Todas estas personas son un grupo demandante o miembros de un grupo demandante, con excepción de aquellas que se excluyan de dicho grupo.

Si los demandantes obtienen remuneración adicional o beneficios como resultado de un juicio o acuerdo(s) extrajudicial(es) futuro(s), entonces usted será informado sobre cómo solicitar su parte o cuáles otras opciones existen. En estos momentos esto no se sabe. Se publicará información relevante sobre el caso en el sitio web, **www.CRTsettlement.com**, tan pronto esté disponible. Por favor, visite el sitio para mantenerse informado sobre futuros acontecimientos.

### EL GRUPO DEMANDANTE

**7.  ¿Cómo saber si soy uno de los fideicomitentes?**

El grupo demandante ("fideicomitentes") incluye cualquier persona o empresa que compró indirectamente en los Estados Unidos (excluyendo demandas bajo la Ley de Washington de Protección al Consumidor y contra Prácticas Comerciales Injustas)  entre primero de marzo de 1995 y el 25 de noviembre de 2007, cualquier producto TRC fabricado por los demandados. Tanto los consumidores como los revendedores están incluidos en el grupo demandante.

**8. ¿Por qué el acuerdo excluye reclamaciones según la Ley de Washington de Protección al Consumidor y contra Prácticas Comerciales Injustas?**

Basado en una moción del Procurador General de Washington, el Auxiliar Judicial Especial en este caso ha determinado que el acuerdo no puede exonerar reclamaciones bajo la Ley de Washington de Protección al Consumidor y contra Prácticas Comerciales Injustas porque solo el Procurador General de Washington puede exonerar dichas reclamaciones. Las entidades gubernamentales también se excluyen.

**9. ¿Qué dispone el acuerdo?**

El acuerdo dispone el pago de $10,000,000 en efectivo, más intereses, a los fideicomitentes. Además estipula que el demandado en conciliación proporcionará información sobre el caso, incluyendo la participación de otros demandados en la supuesta conspiración, al abogado del grupo demandante. Finalmente dispone que parte de los $10 millones del fondo de transacción extrajudicial sea utilizada para pagar gastos incurridos durante el litigio.

Hay más detalles en el acuerdo disponible en **www.CRTsettlement.com**.

### 10. ¿Cuándo recibiría mi pago?

Aún no se distribuirá dinero alguno a los fideicomitentes. Los abogados continuarán el proceso contra los demandantes en no-conciliación para ver si cualquier acuerdo o sentencia futura puede obtenerse en el caso y luego ser distribuida en conjunto para reducir los gastos. Es posible que el dinero sea distribuido a organizaciones que son, en la medida de las posibilidades, representativas de los intereses de los compradores indirectos de productos TRC en lugar de a los fideicomitentes en cuestión si el costo del procesamiento de reclamaciones resultara en pequeños pagos a los fideicomitentes. Sin importar si el dinero es distribuido a organizaciones o a los mismos fideicomitentes, el dinero del actual acuerdo será primero administrado entre los 24 estados que aparecen en la primera página de este aviso, para que cada estado reciba su parte prorrateada. La parte prorrateada de cada estado será determinada al calcular su población como porcentaje de la población total de los 24 estados usando cifras del censo del año 2000.

### 11.  ¿Cuáles son mis derechos en este acuerdo?

**Permanecer en el acuerdo**: Si usted desea permanecer como participante en el acuerdo no necesita hacer nada en este momento.

**No participar en el acuerdo**: Si usted desea mantener su derecho a denunciar al demandado en conciliación sobre las alegaciones del grupo en este caso, usted debe excluirse a sí mismo.  Usted no tendrá derecho a recibir ningún dinero de este acuerdo si se excluye a sí mismo del tal.

Para ser excluido del acuerdo debe enviar una carta que incluye lo siguiente:
- Su nombre, dirección y número de teléfono;
- Una declaración indicando que quiere ser excluido de *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, Chunghwa Settlement; y
- Su firma.

Debe enviar su petición de exclusión por correo, con fecha de sello postal anterior al **1ro de febrero de  2012**, a:

**CRT Indirect Exclusions**
**c/o The Notice Company Inc.**
**PO Box 778**
**Hingham, MA 02043**

**Permanecer en el acuerdo y objetar**: Si usted tiene comentarios, o está en desacuerdo con cualquier aspecto del acuerdo usted puede expresar sus opiniones al Auxiliar Judicial Especial escribiendo a la dirección que aparece debajo. La respuesta por escrito debe incluir su nombre, dirección, número de teléfono, el número y nombre del caso (*In re Tubos de Rayos Católicos (CRT) Litigio Antimonopolio  Antitrust Litigation*, MDL No. 1917), una breve explicación de sus razones para objetar y su firma.  La respuesta debe tener una fecha de sello postal anterior al **1ro de febrero de 2012**  y debe ser enviada  a:

| LOCALIDAD | |
|---|---|
| Honorable Charles A. Legge (Ret.)<br>JAMS<br>Two Embarcadero, Suite 1500<br>San Francisco, CA 9 | |
| **ABOGADO PRINCIPAL PROVISIONAL** | **ABOGADO DEFENSOR** |
| Mario N. Alioto, Esq.<br>Trump, Alioto, Trump & Prescott LLP<br>2280 Union Street<br>San Francisco, CA 94123 | Joel S. Sanders, Esq.<br>Gibson Dunn & Crutcher LLP<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105 |

### 12. ¿A qué estoy renunciando para permanecer en el acuerdo?

A no ser que se excluya a sí mismo del acuerdo, usted no puede demandar al demandado en conciliación, continuar demandando, o ser parte de cualquier otro litigio contra el demandado en conciliación acerca de los problemas legales de este caso. También significa que acatará todas las decisiones del tribunal. La "exoneración de reclamaciones" incluye cualquier causa de acciones afirmadas o que pueden haber sido afirmadas en la demanda, como se describe en detalle en el Acuerdo conciliatorio. El acuerdo está disponible en **www.CRTsettlement.com**.

### LA AUDIENCIA PARA APROBAR EL ACUERDO

### 13. ¿Cuándo y dónde decidirá el tribunal si se aprueba el acuerdo?

El Auxiliar Judicial Especial tendrá una audiencia de equidad a las 2:00 p.m. el **15 de marzo de 2012**, en JAMS, Two Embarcadero, Suite 1500, San Francisco, CA 94111. La audiencia puede cambiarse a una fecha u hora diferente sin previo aviso, por lo que es una buena idea visitar **www.CRTsettlement.com.** En esta audiencia, el Auxiliar Judicial Especial considerará si el acuerdo es justo, razonable y adecuado. El Auxiliar Judicial Especial también tendrá en cuenta la petición del Abogado Principal Provisional del grupo demandante acerca del pago de $2.5 millones de los fondos de transacción extrajudicial para utilizarse en gastos incurridos en el caso. Si existen objeciones o comentarios el Auxiliar Judicial Especial las considerará en ese momento. Tras la audiencia, el Auxiliar Judicial decidirá si aprueba el acuerdo. No sabemos cuánto demore la toma de estas decisiones.

### 14. ¿Tengo que presentarme a la audiencia?

No. El Abogado Principal Provisional del grupo demandante y los Procuradores Generales de Illinois y Oregón responderán cualquier pregunta que el Auxiliar Judicial Especial pueda tener. Pero son bienvenidos a asistir a su propio costo. Si envía una objeción o comentario no tiene que presentarse a la Audiencia de Equidad para discutirlo. Siempre y cuando haya enviado su objeción por escrito a tiempo, el Auxiliar Judicial lo considerará. Usted también puede pagarle a otro abogado para que asista, pero no es necesario.

**15. ¿Puedo hablar en la audiencia?**

Si desea su propio abogado en lugar del Abogado Principal Provisional del grupo demandante o de los Procuradores Generales de Illinois y Oregón (si este es su caso) para que hable en la Audiencia de Equidad, usted debe darle al Auxiliar Judicial Especial un documento conocido como el "Aviso de Comparecencia". El Aviso de Comparecencia debe incluir el nombre y número de la demanda *(In re Tubos de Rayos Catodicos (TRC) Litigio Antimonopolio Antitrust Litigation, MDL No. 1917),* y el estado en el que desea presentar una comparecencia en la Audiencia de Equidad. También debe incluir su nombre, dirección, número de teléfono y firma. Su aviso de presentación debe tener fecha de sello postal anterior al **1ro de febrero del 2012**. No puede hablar en la audiencia si pidió anteriormente ser excluido del Acuerdo.

El Aviso de Comparecencia debe presentarse al tribunal, con copias al abogado principal provisional del grupo y al abogado defensor a las direcciones que aparecen en la Pregunta 11.

## LOS ABOGADOS QUE LO REPRESENTAN A USTED

**16. ¿Tengo un abogado en este caso?**

El tribunal ha designado a Mario N. Alioto of Trump, Alioto, Trump & Prescott LLP como "Abogado Principal Provisional del grupo demandante" para representar a los miembros del grupo demandante. El grupo demandante se define en el primer párrafo de la orden que otorga aprobación previa del acuerdo de demanda colectiva con el demandado Chunghwa Picture Tubes, Ltd., la cual está disponible en **www.CRTsettlement.com**. Si usted es residente de Illinois o de Oregón, usted es un miembro del grupo demandante pero está representado por el Procurador General de Justicia de su estado con respecto a sus reclamaciones bajo las leyes antimonopolistas de esos estados.

**17. ¿Cómo remunerar a los abogados?**

Usted no tiene que remunerar al abogado principal provisional del grupo demandante. Si quiere ser representado por su propio abogado y que dicho abogado se presente ante el tribunal de su parte en este caso puede contratar uno a su propio costo. En un futuro el abogado principal provisional del grupo solicitará al tribunal que los honorarios de los abogados no excedan el veinticinco por ciento (25%) del fondo de transacción extrajudicial más el reembolso de sus gastos y costas, según lo estipulado en el acuerdo. El abogado principal provisional del grupo puede también solicitar que se le pague una cantidad a cada uno de los representantes del grupo demandante que ayudaron a los abogados en nombre de todo el grupo.

### HISTÓRICO DE COMPRAS

**18. ¿Qué pasos debo seguir para demonstrar evidencia de compra o posesión de un producto RTC?**

Si usted tiene recibos de compra, facturas o cualquier otra prueba de compra de cualquier producto con TRC, por favor retenga esos documentos. Si en estos momentos usted tiene un producto TRC por favor consérvelo si le es posible. Si no puede hacerlo por favor fotografíe la parte delantera y parte posterior del producto TRC incluyendo cualquier nombre comercial y anote el número del modelo, número de serie, tamaño y cualquier otra información que crea puede ayudar a identificar al fabricante del producto TRC.

### OBTENER MÁS INFORMACIÓN

**19. ¿Cómo obtener más información?**

Este aviso es un resumen de la demanda y del acuerdo extrajudicial. Puede recibir más información acerca de la demanda y los acuerdos en **www.CRTsettlement.com**, llamando al 1-800-673-4790, o escribiendo a CRT Indirect Settlement, c/o The Notice Company Inc., PO Box 778, Hingham, MA 02043.  Por favor no contacte a JAMS o al tribunal acerca de este caso.