MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. RUSSELL, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA  94123
Telephone:  (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel
for the Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. CV-07-5944 SC |
| | MDL No. 1917 |
| | **DECLARATION OF JOSEPH M. FISHER REPORTING ON THE CLASS NOTICE PROGRAM FOR SETTLEMENT WITH DEFENDANT CHUNGHWA PICTURE TUBES, LTD.** |
| **This document relates to:** **ALL INDIRECT PURCHASER ACTIONS** | Hearing Date:  March 15, 2012<br>Time: 2:00 p.m.<br>JAMS: Two Embarcadero Center, Suite 1500<br>Judge:  Honorable Charles A. Legge (Ret.) |

I, Joseph M. Fisher, declare:

1. <u>Identification</u>.  I am the president of The Notice Company, Inc., a Massachusetts corporation with offices at 94 Station Street, Hingham, MA 02043 ("The Notice Company"). The Notice Company is principally engaged in the administration of class action settlements and lawsuits pending in courts around the United States, including the dissemination of notice to class members, administering the claims process, and distributing the proceeds of the litigation to the

class and cy pres.  I have over a decade of experience assisting attorneys with class action notices and claims administration.  I am also a member in good standing of the bars of the Commonwealth of Massachusetts, the District of Columbia, and the Commonwealth of Virginia.  I am over 21 years of age and not a party to this action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify thereto under oath.

2. <u>Purpose of Declaration</u>.  The Order Granting Preliminary Approval of Class Action Settlement with Defendant Chunghwa Picture Tubes, Ltd., as ordered by the Special Master on August 5, 2011, and approved by the Court on August 9, 2011 ("Preliminary Approval Order"), found "that the publication of the Detailed Notice on the internet along with copies of the Settlement Agreement, and the publication of the Summary Notice in various newspapers and/or magazines throughout the United States which will direct potential class members to the Detailed Notice, constitutes the best notice practicable under the circumstances, is due and sufficient notice to the Indirect Purchaser Settlement Class and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States."  Preliminary Approval Order, ¶ 13.  The purpose of this Declaration is to report on the publication and issuance of notice as directed by the Preliminary Approval Order.

3. <u>Class Definition</u>.  For purposes of the settlement with Chunghwa, the Preliminary Approval Order defines the Settlement Class as follows:

> "All persons and or entities who or which indirectly purchased in the United States CRT Products manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or co-conspirator thereof, at any time during the period from at least March 1, 1995 through at least November 25, 2007, except, for purposes of claims on behalf of Illinois persons (as defined by 740 ILCS 10/4) under 740 Ill. Comp. Stat. § 10/7(2) and Oregon natural persons under ORS §§ 646.780(5)(a).  Such Illinois and Oregon persons (as identified in the preceding sentence) shall instead be represented by the Attorney General of their state pursuant to the *parens patriae* authority granted to each Attorney General by those statutes.  Specifically excluded from this Class are claims on behalf of Washington persons (as defined by RCW 19.86.010) for purposes of claims under RCW 19.86.080(1); the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and, any affiliate, legal representative, heir or assign of any Defendant.  Also excluded are any federal, state or local government

entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action."

"CRT Products are defined in the settlement agreement to mean Cathode Ray Tubes of any type (e.g. color display tubes, color picture tubes and monochrome display tubes) and products containing Cathode Ray Tubes."

4. <u>Approved Forms of Notice</u>. I caused to be prepared and finalized, for purposes of disseminating notice in this case, the "Detailed Notice" in the form attached hereto as **Exhibit A** and the "Summary Notice" in the form attached hereto as **Exhibit B**. Each document is substantially in the form as approved in the Preliminary Approval Order. Each document identifies the deadline for exclusions (opt outs) as February 1, 2012, the deadline for objections as February 1, 2012, and the date of the Fairness Hearing as March 15, 2012 at 2:00 p.m. Each document directs interested parties to a website at www.CRTSettlement.com, which has been maintained by The Notice Company as described below in Paragraph 8.

5. <u>Spanish Forms of Notice</u>. I caused to be prepared and finalized, for purposes of disseminating notice in this case, a Spanish version of the "Detailed Notice" in the form attached hereto as **Exhibit C** and a Spanish version of the "Summary Notice" in the form attached hereto as **Exhibit D**. Translation services were provided by Global Link Language Services, Inc., which is a Member of the American Translators Association and a U.S. government contractor through its General Service Administration (GSA) schedule.

6. <u>Notice Program</u>. Notice of this Settlement was disseminated (a) in print publications through ads placed in four national publications and one Spanish newspaper published in Puerto Rico, and (b) on the Internet utilizing the website www.CRTSettlement.com pursuant to the Preliminary Approval Order. Notice was also disseminated (c) via a Press Release that was distributed to media outlets throughout the United States, (d) through a toll-free telephone number that was included in the Summary Notice, in the Detailed Notice and in the Press Release, and (e) by mailing the Detailed Notice to interested parties.

7. <u>Print Publication of Notice</u>. I caused to be published the Summary Notice, substantially in the form attached hereto as **Exhibit B** (or in Spanish for the publication in Puerto

Rico substantially in the form as **Exhibit D**), in the print publications and on the dates as specified in Table 1 below.

**TABLE 1**

| Name | Circulation | Date of Publication | Notice as Published |
|---|---|---|---|
| *Parade* (Sunday Magazine) | 32,400,087 | October 30, 2011 | Exhibit E |
| *USA Weekend* (Sunday Magazine) | 22,654,682 | October 30, 2011 | Exhibit F |
| *USA Today* | 1,829,099 | November 1, 2011 | Exhibit G |
| *The New York Times* (Sunday national edition) | 1,364,291 | October 23, 2011 | Exhibit H |
| *El Nueva Dia* (Most widely read newspaper in Puerto Rico) | 183,622 | October 26, 2011 | Exhibit I |

**Table 1** identifies the attached **Exhibits E, F, G, H** and **I** which contain copies of the Summary Notice as it appeared in each of the respective publications, along with an Affidavit or Certification of Publication from each publication. Table 1 also includes the reported circulation data for each publication. *Parade* reports that it is distributed in more than 600 Sunday newspapers and has a readership of 69 million, while *USA Weekend* reports that it is distributed in more than 800 newspapers and is seen by 50 million readers each weekend. Readership typically exceeds circulation because the same copy of a newspaper may be passed around from person to person. Attached hereto as **Exhibits J, K, L** and **M** are, respectively, the state-by-state breakdowns of the distributions for *Parade*, *USA Weekend*, *USA Today* and *The New York Times*.

8. <u>Internet Notice</u>.  Commencing as of October 19, 2011, and continuing through the date of this Declaration, I caused to be established and maintained online a web site for this case

4

at www.CRTSettlement.com, (the "Settlement Web Site").  A copy of the front page of the Settlement Web Site is attached hereto as **Exhibit N**.  Both the Detailed Notice and the Summary Notice, in English and Spanish, have been and continue to be available for download at the Settlement Web Site.  Also available at the Settlement Web Site is a copy of the Preliminary Approval Order and a copy of the Settlement Agreement dated as of April 8, 2009.  The Settlement Web Site was registered with the search/directory sites at Google.com, Yahoo.com, Microsoft's bing.com, and also with Dmoz.org, the Internet's Open Directory Project.  For purposes of promoting notice to interested parties, The Notice Company marketed the Settlement Web Site using the Google AdWords program with the following keywords: "Cathode Ray Tube", "Class Action Settlement", "TV Picture Tube", "CRT Products", "Computer Monitors", "Chunghwa Picture Tubes", and "CRT Antitrust Litigation".  From October 2011 through the date of this Declaration, there have been 2,532 visits to the Settlement Web Site consisting of 2,307 unique visitors.

9.   Press Release.  On October 31, 2011, I caused a press release containing the approved form of Summary Notice, substantially in the form attached hereto as **Exhibit O**, to be distributed on the U.S. domestic news line of PR Newswire.  The press release was picked up and posted/published by 225 news organizations and media outlets, such as Reuters and Yahoo Finance, all as listed in **Exhibit P** attached hereto.

10.  Toll-Free Telephone Notice.  The Summary Notice, Detailed Notice and Press Release specifically refer to a toll-free telephone number (800-673-4790) available for interested parties to call and learn more about the case or to request copies of the Detailed Notice or other settlement documents.  Commencing as of October 19, 2011, and continuing through the date of this Declaration, I caused to be established and maintained the above-referenced toll-free telephone number.  Over 400 phone calls have been received on this phone line.  In response to requests received via telephone, The Notice Company has mailed out the Detailed Notice to 214 persons.

11. <u>Mailed Notice: Responding to Requests</u>.  Commencing as of the publication of the Summary Notice and continuing through the date of this Declaration, I caused the Detailed Notice, in the form referenced above and attached hereto as **Exhibit A**, to be promptly mailed, first-class postage prepaid, in response to written or telephone requests received by The Notice Company.  As of the date hereof, The Notice Company has mailed a copy of the Detailed Notice to 56 persons who sent in written requests and to 214 persons who made telephone requests, with some individuals also being sent a copy of the Settlement Agreement in response to their specific requests.

12. <u>Mailed Notice: Compiled List</u>.  Although not specifically required by the Preliminary Approval Order, I recommended to Interim Lead Class Counsel that the Detailed Notice be mailed directly to entities who likely made indirect purchases of large quantities of CRT Products as specified in the Settlement Class definition.  Thus, for purposes of mailing to members of the Settlement Class who, in my opinion, may have indirectly purchased significant numbers of CRT Products, I caused The Notice Company to compile the following lists of entities:

   a) Every Fortune 500 Company for each year from 1995 to 2007;
   b) 500 largest Private Colleges and Universities in the United States;
   c) 200 largest Private Schools (secondary schools) in the United States;
   d) 100 largest Resellers of consumer electronic products in the United States (not owned by any federal, state or local governmental entity); and
   e) 50 largest Hospitals in the United States (not owned by any federal, state or local governmental entity).

In addition, Interim Lead Class Counsel provided to The Notice Company lists of:

   f) 19 companies who had been served with a subpoena for document production in this case; and
   g) 57 attorneys general consisting of federal (1), state (50) and district/territories (6) of the United States.  The district/territories were: District of Columbia, Commonwealth

of Puerto Rico, U.S. Virgin Islands, American Samoa, Guam and the Northern Mariana Islands.

These seven lists were all combined, duplicate and defunct companies eliminated, with the resulting mailing list consisting of 1,622 companies and 57 attorneys general, for a combined total of 1,679 entities. On November 1, 2011, I caused the Detailed Notice to be mailed, first-class postage prepaid, to all 1,679 entities on the combined mailing list. The U.S. Postal Service returned to The Notice Company 38 mailed items to companies that were undeliverable, with no forwarding address provided.

13. <u>Exclusion Requests</u>. As of the date of this declaration, The Notice Company has received nine (9) exclusion requests, as listed in **Exhibit Q** attached hereto. All exclusion requests are timely; they were each postmarked on or before February 1, 2012. In addition, Interim Lead Class Counsel has provided The Notice Company with a copy of a letter from "Rhodrick Harden" addressed to "CRT Indirect Exclusions c/o The Notice Company Inc," among other addressees. The letter was mailed to JAMS and shows a postmark of December 2, 2011. Although the letter does not include a specific statement saying that Mr. Harden wants to be excluded, I cannot identify any purpose for Mr. Harden to address his letter to "CRT Indirect Exclusions" other than to request exclusion. Accordingly, with the consent of Interim Lead Class Counsel and Defense Counsel, I am treating Mr. Harden's letter as an exclusion request. Thus, **Exhibit Q** shows a total of ten (10) exclusion requests.

14. <u>No Objections</u>. The Detailed Notice provides that objections to the Settlement Agreement should be sent to JAMS, with a copy to Interim Lead Counsel and to Defense Counsel. The Notice Company would, of course, forward to the parties any objections it received. As of the date of this declaration, The Notice Company has received no objections to the Settlement Agreement.

7

**DECLARATION OF JOSEPH M. FISHER REPORTING ON THE CLASS NOTICE PROGRAM FOR SETTLEMENT WITH DEFENDANT CHUNGHWA PICTURE TUBES, LTD.**

1  I declare under penalty of perjury under the laws of the United States that the foregoing is
2 true and correct.
3  Executed at Hingham, Massachusetts, this 28th day of February, 2012.

*[signature]*

JOSEPH M. FISHER