1  GREGORY D. HULL (Bar No. 57367)
   Email: greg.hull@weil.com
2  WEIL, GOTSHAL & MANGES LLP
3  Silicon Valley Office
   201 Redwood Shores Parkway
4  Redwood Shores, California 94065
   Telephone: (650) 802-3000
5  Facsimile: (650) 802-3100

6
   STEVEN A. REISS (*pro hac vice*)
7  Email: steven.reiss@weil.com
   DAVID L. YOHAI (*pro hac vice*)
8  Email: david.yohai@weil.com
   ADAM C. HEMLOCK (*pro hac vice*)
9  Email: adam.hemlock@weil.com
   WEIL, GOTSHAL & MANGES LLP
10 767 Fifth Avenue
   New York, New York 10153
11 Telephone: (212) 310-8000
12 Facsimile: (212) 310-8007

13
   JEFFREY L. KESSLER (*pro hac vice*)
14 Email: jkessler@dl.com
   A. PAUL VICTOR (*pro hac vice*)
15 Email: pvictor@dl.com
   EVA W. COLE (*pro hac vice*)
16 Email: ecole@dl.com
   DEWEY & LEBOEUF LLP
17 1301 Avenue of the Americas
   New York, NY 10019
18 Telephone: (212) 259-8000
19 Facsimile: (212) 259-7013

20 Attorneys for Defendants Panasonic Corporation of
   North America; MT Picture Display Co., Ltd.;
21 Panasonic Corporation (f/k/a Matsushita Electric
   Industrial Co., Ltd.)
22

23

24

25

26

27

28

MDL No. 1917

HEMLOCK DECLARATION I/S/O DIRECT PURCHASER PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL DOCUMENTS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>DIRECT PURCHASER ACTIONS | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**DECLARATION OF ADAM C. HEMLOCK IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |
|---|---|

-1-

1  I, Adam C. Hemlock, do declare and state as follows:

2  1.  I have been admitted *pro hac vice* to the bar of the State of California in this matter and I am a partner with Weil, Gotshal & Manges LLP, counsel of record for defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd.; Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) (collectively the "Panasonic Defendants") in this action. I make this declaration in support of the Direct Purchaser Plaintiffs' Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) (Dkt. # 1057) ("Motion to Seal"). Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein and could and would testify competently to each of them.

2.  The Panasonic Defendants have disclosed or produced to the parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (Dkt. # 306).

3.  On February 24, 2012, Direct Purchaser Plaintiffs filed an administrative motion to seal the following documents, or portions thereof, pursuant to Civil Local Rules 7-11 and 79-5(d): (1) Direct Purchaser Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion for Partial Summary Judgment ("DPPs' Opposition"), (2) the Declaration of R. Alexander Saveri in Opposition in Opposition to Defendants' Motion for Partial Summary Judgment ("Saveri Declaration"), and (3) the exhibits attached to the Saveri Declaration.

4.  Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 62, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order of June 18, 2008 (Dkt. # 306), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal certain exhibits to the Saveri Declaration designated "Confidential" by the Panasonic Defendants under the Stipulated Protective Order.

5.  **Exhibits 24 and 25.**  Exhibit 24 is Panasonic Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5,

1  designated by the Panasonic Defendants as "Confidential" under the Stipulated Protective Order.
2  Likewise, Exhibit 25 is Panasonic Defendants' Third Supplemental Responses to Direct Purchaser
3  Plaintiffs' First Set of Interrogatories, No. 5, designated by the Panasonic Defendants as
4  "Confidential" under the Stipulated Protective Order. The documents appearing in full in
5  Exhibits 24 and 25 contain confidential, nonpublic, proprietary and highly sensitive business
6  information about the Panasonic Defendants' sales processes, business practices, negotiating
7  tactics and competitive positions, including as to relationships with companies that remain
8  important to Panasonic's competitive position, such that its public disclosure would irreparably
9  harm the Panasonic Defendants. Together, Exhibits 24 and 25 amount to a voluminous one
10 hundred and ninety (190) pages and have been lodged under seal in full by Plaintiffs; however,
11 these documents are mentioned, once, only briefly, in the Saveri Declaration, at page 6, lines 23-
12 28. Where confidential documents or information are not material to the disposition of the
13 underlying motion, the documents and information should be kept under seal. *See, e.g., The*
14 *Wilderness Society v. Wisely*, 524 F. Supp. 2d 1285, 1296 (D. Colo. Aug. 6, 2007) (ordering
15 documents to be kept under seal "[b]ecause the Court has not considered the [documents] in
16 reaching its decisions in this case, [thus] there is no public interest to be served by providing
17 access to them"). Sealing Exhibits 23 and 24 is particularly appropriate where there is no need to
18 release the entire 190 pages of discovery responses.

19       6.     For the reasons stated above, the Panasonic Defendants request that the
20 Court keep under seal the following documents:
21       a.     Saveri Declaration Exhibit 24;
22       b.     Saveri Declaration Exhibit 25.
23     I declare under penalty of perjury of the laws of United States that the foregoing is
24 true and correct.

25

26     Executed on March 2, 2012 at New York, NY.   */s/ Adam Hemlock*
27                                                   ADAM C. HEMLOCK
28