1   KENT M. ROGER, State Bar No. 95987
    MICHELLE PARK CHIU, State Bar No. 248421
2   MORGAN, LEWIS & BOCKIUS LLP
    One Market, Spear Street Tower
3   San Francisco, CA  94105-1126
    Tel:  415.442.1000
4   Fax:  415.442.1001
    E-mail: kroger@morganlewis.com
5           mchiu@morganlewis.com

6   Attorneys for Defendants
    HITACHI, LTD., HITACHI DISPLAYS, LTD.,
7   HITACHI AMERICA, LTD., HITACHI ASIA,
    LTD., and HITACHI ELECTRONIC DEVICES
8   (USA), INC.

9

10                      UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

13

14  IN RE:  CATHODE RAY TUBE (CRT)          Case No. 07-5944 SC
    ANTITRUST LITIGATION,                    MDL No. 1917

15
                                             **DECLARATION OF MICHELLE PARK
16  This Document Relates To:                CHIU IN SUPPORT OF SEALING
                                             DOCUMENTS**
17  DIRECT PURCHASER ACTIONS
                                             **[Civil L.R. 79-5(d)]**
18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
ATTORNEYS AT LAW
 SAN FRANCISCO

I, Michelle Park Chiu, declare as follows:

1.      I am an associate at the law firm of Morgan, Lewis & Bockius LLP, counsel for defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc. (collectively, the "Hitachi Defendants") and am licensed to practice law in the State of California and admitted to practice before this Court.  I make this declaration pursuant to Civil Local Rule 79-5(d) to establish that certain documents containing Highly Confidential information and submitted to the Court in connection with Direct Purchaser Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment and Memorandum of Law in Support Thereof ("Opposition to Summary Judgment") are sealable.  Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2.      On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. # 306).

3.      On February 24, 2012, Direct Purchaser Plaintiffs filed an administrative motion to seal, and lodged conditionally under seal, the following documents, or portions thereof, pursuant to Civil Local Rules 7-11 and 79-5(d):

(a)      Portions of Direct Purchaser Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment that contain quotations or information from documents that the Hitachi Defendants have designated "Highly Confidential"; and

(b)      Declaration of R. Alexander Saveri in Opposition to Defendants' Motion for Partial Summary Judgment ("Saveri Declaration") that contains quotations or information from documents that the Hitachi Defendants have designated "Highly Confidential."

4.      Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of the Hitachi Defendants to provide the basis for the Court to maintain under seal certain exhibits to the Saveri Declaration and all references in the Opposition to Summary Judgment to those exhibits and other documents designated "Highly Confidential" by the Hitachi Defendants under the Stipulated Protective Order.

5.      Attached as Exhibit 30 to the Saveri Declaration is Defendant Hitachi Displays, Ltd.'s ("HDP") Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5.

6.      Upon information and belief, the document appearing in full in Exhibit 30 of the Saveri Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information.  The document contains, cites, and/or identifies confidential information about HDP's sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions.  This document, and the documents it references, describes relationships with companies that remain important to HDP's competitive position.  I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining HDP's business relationships, would cause it harm with respect to its competitors and customers, and would put HDP at a competitive disadvantage.

7.      Attached as Exhibit 31 to the Saveri Declaration is Defendant Hitachi Electronic Devices (USA), Inc.'s ("HED(US)") Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5.

8.      Upon information and belief, the document appearing in full in Exhibit 31 of the Saveri Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information.  The document contains, cites, and/or identifies confidential information about HED(US)'s sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions.  This document, and the documents it references, describes relationships with companies that remain important to HED(US)'s competitive position.  I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining HED(US)'s business relationships, would cause it harm with respect to its competitors and customers, and would put HED(US) at a competitive disadvantage.

9.      The Opposition to Summary Judgment cites to and/or identifies Exhibits 30 and 31 as purported support for a number of statements therein.  As with the exhibits themselves, I

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3                          CASE NO. M: 07-5944 SC; MDL NO. 1917

DECL. OF MICHELLE PARK CHIU IN SUPPORT OF SEALING DOCUMENTS

1   understand that the Hitachi Defendants consider any statements in the Opposition to Summary

2   Judgment purporting to summarize the exhibits and any references to the exhibits confidential and

3   proprietary.

4          10.     I am informed and believe that the Hitachi Defendants have taken reasonable steps

5   to preserve the confidentiality of information of the type contained, identified, or cited to in

6   Exhibits 30 and 31 and referenced in the Opposition to Summary Judgment.

7          I declare under penalty of perjury under the laws of the United States of America that the

8   foregoing is true and correct.

9          Executed this 2nd day of March, 2012, at San Francisco, California.

10

11                                             _____/s/_____

12                                                    Michelle Park Chiu

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4                              CASE NO. M: 07-5944 SC; MDL NO. 1917

DECL. OF MICHELLE PARK CHIU IN SUPPORT OF SEALING DOCUMENTS