SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:     415-434-9100
Facsimile:     415-434-3947
E-mail:         ghalling@sheppardmullin.com
                jmcginnis@sheppardmullin.com
                mscarborough@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**DECLARATION OF MICHAEL W. SCARBOROUGH IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)**<br><br>[re Samsung SDI documents] |
| This Document Relates to:<br><br>DIRECT PURCHASER ACTIONS | |

I, Michael W. Scarborough, do declare and state as follows:

1. I am a member of the bar of the State of California and a partner with Sheppard, Mullin, Richter & Hampton LLP, counsel of record for defendants Samsung SDI America, Inc., Samsung SDI Co., Ltd., Samsung SDI (Malaysia) Sdn. Bhd., Samsung SDI Mexico S.A. De C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd. Tianjin Samsung SDI Co., Ltd. (collectively the "Samsung SDI Defendants") in these actions. I make this declaration in support of the Direct Purchaser Plaintiffs' Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) (Dkt. # 1057) ("Motion to Seal"). I have personal knowledge of the matters set forth herein and could and would testify competently to each of them.

2. The Samsung SDI Defendants have disclosed or produced to the parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (Dkt. # 306).

3. I have reviewed the Direct Purchaser Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion for Partial Summary Judgment ("DPPs' Opposition"), the Declaration of R. Alexander Saveri in Opposition in Opposition to Defendants' Motion for Partial Summary Judgment ("Saveri Declaration"), and the exhibits attached to the Saveri Declaration, all of which were lodged conditionally under seal on February 24, 2012, and were the subject of Plaintiffs' Motion to Seal.

4. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 62, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order of June 18, 2008 (Dkt. # 306), the following documents and excerpts of documents should be maintained under seal and redacted from the DPPs' Opposition and Saveri Declaration filed with the Court: (i) Exhibit 54 to the Saveri Declaration (summary pages of the Samsung SDI Defendants' Highly Confidential sales transaction data) as well as the related discussion of Exhibit 54 in the Saveri Declaration and the DPPs' Opposition; and (ii) Exhibit 23 to the Saveri Declaration (the Samsung SDI Defendants' Confidential Supplemental Responses to

Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5, dated Oct. 17, 2011) as well as the related discussion of Exhibit 23 in the Saveri Declaration and the DPPs' Opposition.

5.   **Exhibit 54**.  Exhibit 54 to the Saveri Declaration is a two-page excerpt of the Samsung SDI Defendants' sales transaction data, produced in this action as SDCRT-0083118 and designated by the Samsung SDI Defendants as "Highly Confidential" under the Protective Order.  I am familiar with the Samsung SDI Defendants' confidentiality policies with respect to their transactional data.  The Samsung SDI Defendants treat their transactional data as "Highly Confidential" and have taken reasonable measures to safeguard it from disclosure outside the company.  I am informed and believe that disclosure of the sales data in Exhibit 54, listing specific customers and sales amounts by product type over time, would irreparably harm the Samsung SDI Defendants if disclosed publicly.  *See, e.g., MAI Systems Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 521 (9th Cir. 1993) (agreeing with district court that MAI's customer database is a trade secret because its disclosure would allow competitors to direct sales efforts to customers already using the product).  For the same reasons, the related discussions of and citations to Exhibit 54 in the DPPs' Opposition (at page 5, line 8, and page 24, lines 8-9) and the Saveri Declaration (at page 11, lines 17-24 and Item #54 on page 4 of the Index of Exhibits) should be maintained under seal.

6.   **Exhibit 23.**  Exhibit 23 is the Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5, designated by the Samsung SDI Defendants as "Confidential" under the Protective Order.  Exhibit 23 is a voluminous eighty-nine (89) page document lodged under seal in full by Plaintiffs; however, it is only briefly discussed in the Saveri Declaration, at page 6, lines 6-21, and the DPPs' Opposition, at page 3, lines 20-24, & n.3.  Where confidential documents or information are not material to the disposition of the underlying motion, the documents and information should be kept under seal. *See, e.g., The Wilderness Society v. Wisely*, 524 F. Supp. 2d 1285, 1296 (D. Colo. Aug. 6, 2007) (ordering documents to be kept under seal "[b]ecause the Court has not considered the [documents] in reaching its decisions in this case, [thus] there is no public interest to be served by providing access to them"); *McConnell v. Fed. Election Comm.*, 251 F. Supp. 2d 919, 937, 943

1  (D.D.C. 2003) (ordering documents and information not relied upon by the Court to be kept under
2  seal); *Ricketts v. AW OF UNICOR*, 2009 WL 2232467, at *1 n.5 (M.D. Penn. July 24, 2009)
3  (same); *Davis v. Miner*, 2007 WL 1237924, at *3 n.8 (M.D. Penn. Apr. 26, 2007) (same).
4  Exhibit 23 contains confidential, nonpublic, proprietary and highly sensitive business information
5  about the Samsung SDI Defendants' sales processes, business practices, negotiating tactics and
6  competitive positions, including as to relationships with companies that remain important to the
7  Samsung SDI Defendants' competitive position, such that its public disclosure would irreparably
8  harm the Samsung SDI Defendants.  Sealing Exhibit 23 is particularly appropriate where there is
9  no need to release the entire eighty-nine (89) page discovery response.  The DPPs' Opposition
10 only generally discusses Exhibit 23 with a two short sentences in the Factual Background, but
11 does not mention Exhibit 23 in the Argument section.

12        7.     The Samsung SDI Defendants have narrowly tailored this sealing request to
13 only those exhibits and references thereto necessary to protect their proprietary and sensitive
14 business information.  Accordingly, for the reasons stated above, the Samsung SDI Defendants
15 request that the Court keep under seal the following documents and document excerpts:

16       a.     Saveri Declaration Exhibit 23;
17       b.     Saveri Declaration Exhibit 54;
18       c.     Saveri Declaration, page 6, line 6 (starting with "They") to line 21 (ending
19            with "forecasts.'");
20       d.     Saveri Declaration, page 11, lines 17-24;
21       e.     Saveri Declaration, Item #54 on page 4 of the Index of Exhibits;
22       f.     DPPs' Opposition, page 3, line 20 (starting with "For") to line 24 (ending
23            with "televisions");
24       g.     DPPs' Opposition, pages 3-4, fn. 3;
25       h.     DPPs' Opposition, page 5, line 8 (from "over" through "%"); and
26       i.     DPPs' Opposition, page 24, line 8 (starting with "over") to line 9 (ending
27            with "co-conspirators'").
28

1
2   I declare under penalty of perjury of the laws of California and the United States
3   that the foregoing is true and correct.
4
5   Executed on March 2, 2012 at San Francisco, California.
6
                                            _____/s/ Michael W. Scarborough_____
7                                           MICHAEL W. SCARBOROUGH
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-4-