Hon. Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 774-2644
Fax: (415) 982-5287
Special Master

JAMS

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 07-5944 SC<br>MDL No. 1917<br>JAMS Reference No. 1100054618 |
| CRAGO, INC., et al., | |
| Plaintiffs, | REPORT AND RECOMMENDATION REGARDING PLAINTIFFS' MOTION FOR ENGLISH TRANSLATIONS OF FOREIGN-LANGUAGE DOCUMENTS |
| vs. | |
| CHUNGHWA PICTURE TUBES, LTD., et al., | |
| Defendants. | |
| This Document Relates to ALL CASES | |

To the Honorable Samuel Conti, United States District Judge:

Plaintiffs move to compel defendants to produce their English language translations of foreign language documents which they have produced. Defendants oppose, and the issues have been briefed, argued and submitted for decision. This is the recommendation of the Special Master with respect to that motion.

Both the direct purchaser plaintiffs and indirect purchaser plaintiffs (jointly "plaintiffs") move for an order compelling all defendants to produce "all existing English translations of foreign language documents produced in this litigation." Plaintiffs seek translations that were done in the ordinary course of defendants' business, and translations done at the direction of defense counsel for this case.

The definition of the motion invites some closer analysis: First, the motion seeks the translations of foreign language documents which have <u>already been</u> produced in their foreign

1

language form.  Second, it asks for the production of all <u>existing</u> English translations of those documents, and plaintiffs are not asking defendants to do any translations for them.  Third, plaintiffs request documents that were prepared in the ordinary course of defendants' business, totally apart from this litigation; <u>and</u> translations that were prepared at the direction of defense counsel for this litigation.  Defendants do not oppose the request for the first category; that is, those prepared in the ordinary course of business and not in anticipation of litigation.  However, that concession does not help much, because it now appears that there are no (or at most *de minimis*) such documents.  We are therefore left with the issue of the translations which were made as a result of selection by defense counsel for purposes of this case.

In opposition to the motion, in addition to a brief on behalf of all defendants, the Special Master has received declarations from attorneys for eight of the defendants.  The declarations on behalf of four of the eight state that they have <u>no</u> translations at all.  So this motion can be denied in its entirety as to defendants Tatung, Matsushita, Philips, and Samsung.

The affidavits of the other four defendants (Toshiba, Panasonic, LG, and Hitachi) state or imply that they have no translations of documents prepared in the ordinary course of business.  But they do have some translations of documents selected by defense counsel for specific examination amd possible use in this case.  Those declarations elaborate on the methods of selection and translation, which are sufficient to establish a *prima facie* showing of opinion work product under Federal Rule of Civil Procedure 26(b)(3)(A) and (B).

Case authorities around the country have split on the question of whether the selection of documents by defense counsel for translation constitutes opinion work product.  However, the issue has been discussed in this Northern District of California, in *In re: TFT-LCD Antitrust Litigation*, No. M07-1827SI.  In that case, Special Master, the Hon. Fern M. Smith, and the District Court Judge, the Hon. Susan Illston, both concluded that selection for translation in a litigation setting did constitute opinion work product, and that the translations need not be produced.  See Document No. 1420, dated December 14, 2009, and Order dated January 21, 2010.  The *LCD* case involves many of the same defendants and counsel as in the present case, and similar sets of facts and issues.  Based upon the decisions in that case, the Special Master recommends that the Court follow the conclusions of Judges Illston and Smith.

2

Plaintiffs have not made a showing of substantial need and undue hardship under FRCP 26(b)(3)(A)(ii). The documents have already been produced to plaintiffs in the foreign language form. There is no doubt that having these translations of some of them would be a substantial expense saving to plaintiffs. But the Special Master concludes that the savings would not be material enough in the context of this case to constitute substantial need or undue hardship. The Special Master reaches that conclusion from the information supplied by the declarations: Some of the translations were done by bilingual attorneys retained by the defendants, and not by persons who would be competent to certify the translations. Many of the translations were made simply to obtain a rough understanding of the documents, and are incomplete. And most if not all would otherwise not be capable of being certified for use in court. Therefore, plaintiffs will still have to obtain their own translations to be certified for litigation purposes. While the number of translations is large, it is not a large percentage of the foreign language documents which plaintiffs must examine. Plaintiffs estimate that approximately 200,000 of the documents produced by defendants are in a foreign language. According to the declarations, the Special Master estimates that only somewhat over 2100 translations have been made. While that number is itself significant, it is only one percent of the estimated 200,000 foreign language documents that plaintiffs must address.

The Special Master therefore recommends that the District Court deny plaintiffs' motion. Respectfully Submitted,

Dated: March 8, 2012

*[signature]*
Hon. Charles A. Legge (Ret.)
Special Master

It is so Ordered.

Date: _____

_____
Hon. Samuel Conti
United States District Judge

3