Mario N. Alioto (56433)
Lauren C. Russell (241151
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:  (415) 563-7200
Facsimile:   (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel for the
Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | Master File No. CV-07-5944-SC<br><br>MDL No. 1917<br><br>**MOTION FOR AN ORDER SHORTENING TIME ON MOTION TO COMPEL DISCOVERY FROM OBJECTOR SEAN HULL**<br><br>Hearing Date:  Not applicable<br>Time:  Not applicable<br>JAMS: Two Embarcadero Center, Suite 1500<br>Judge:  Hon. Samuel Conti<br>Special Master: Hon. Charles A. Legge (Ret.) |
|---|---|

## INTRODUCTION

Pursuant to Civil Local Rule 6-3, Indirect Purchaser ("IP") Plaintiffs hereby move for an order shortening time on their motion to compel discovery from objector Sean Hull ("Hull"). IP Plaintiffs sought discovery from Hull immediately upon receipt of his objection, but Hull has sought to evade discovery, refused to communicate with Plaintiffs' counsel, caused Plaintiffs' counsel to travel to Denver, Colorado for a deposition for which Hull did not appear, and has otherwise ignored IP Plaintiffs' informal and formal requests for discovery. While the Court may overrule Hull's objection on the current record, IP Plaintiffs desire complete their discovery of Hull so that they may, if desired, supplement the record regarding Hull's conduct, motivation and intent in filing his objection, including his relationship with "serial" objector counsel, prior to Hull's filing any notice of appeal. As such, IP Plaintiffs request that their motion to compel be heard on shortened time as requested herein.

This motion is supported by the motion to compel attached hereto, the Declaration of Christopher T. Micheletti In Support of Motion for an Order Shortening Time and Motion to Compel ("Micheletti Decl."), and the related Proposed Order, submitted concurrently herewith.

## ARGUMENT

This Court granted preliminary approval of a class settlement with Chungwa Picture Tubes, Ltd. in this litigation on August 9, 2011. *See* Preliminary Approval Order (Docket Entry ("DE")) 993. The Court scheduled a fairness hearing for March 15, 2012, and ordered that Class Members be provided notice of the preliminary approval of the settlement, as well as notice of the March 15, 2012 final approval hearing and their right to object and opt-out of the Settlement. The Court-ordered deadline to submit objections was February 1, 2012. *See* Preliminary Approval Order (Docket Entry ("DE")) 993.

After a robust and comprehensive nationwide notice program, only one objection was submitted out of millions of Settlement Class members. That objection was submitted by Hull and was postmarked on February 1, the objection deadline, and was not received by Plaintiffs' counsel until February 7, 2012. *See* Micheletti Decl. ¶3

1

MOTION FOR AN ORDER SHORTENING TIME ON MOTION TO COMPEL DISCOVERY FROM OBJECTOR SEAN HULL
Master File No. CV-07-5944-SC; MDL No. 1917

Following receipt of Hull's objection, IP Plaintiffs' counsel quickly sought to obtain discovery from Hull. As the chronology that follows shows, however, Hull sought to evade service of a deposition subpoena for weeks and then, once served, ignored it and Plaintiffs' counsel's efforts to cooperatively complete the discovery.

On February 8, 2012, Plaintiffs' counsel telephoned Hull to ascertain, among other things, the basis for Hull's objections and his claimed membership in the Settlement Class. Hull did not answer at the telephone number listed in his objection and did not return Plaintiffs' counsel's call. Micheletti Decl. ¶4.

Because these informal methods of communication with Hull were unavailing, Plaintiffs attempted to serve a deposition subpoena on Hull during the weekend of February 10-11, 2012, and again on Monday and Tuesday, February 13 and 14, 2012. Plaintiffs sought a deposition on February 27, 2012. Plaintiffs counsel also emailed the subpoena and document request to Hull on February 13, 2012, advising him of the deposition date, and requesting that Hull accept service of the subpoena and related document request via email or Federal Express. Micheletti Decl. ¶5, Ex. 1. Hull did not respond to this request, and evaded service during the weekend of February 10-11. *See* Micheletti Decl. ¶¶5-6, Ex. 2. Hull then apparently left town (he lives in the Denver area) until February 24, 2012. Over the February 25-26 weekend, Plaintiffs again attempted to serve the deposition and document subpoena on Hull. Despite Hull's continued efforts to evade service, Plaintiffs successfully served him on February 26, 2012, for a deposition on March 6, 2012. *See* Micheletti Decl. ¶6, Ex. 2 (Affidavit of Service, p. 2 thereto) and Ex. 3 (Proof of Service). Hull did not serve any objections to the subpoena or document request. Micheletti Decl. ¶6.

On Monday, February 27, 2012, Plaintiffs' counsel sent an email and overnight letter to Hull acknowledging service of the subpoena and inquiring as to whether Hull desired to propose an alternative deposition date. Hull did not respond to these communications. On Thursday, March 1, 2012, Plaintiffs' counsel sent another email and overnight letter to Hull acknowledging that Hull had not proposed any alternative deposition dates, and advising Hull that Plaintiffs'

counsel was making arrangements to travel to Denver, Colorado for Hull's deposition. Plaintiffs' counsel advised Hull that counsel expected Hull to appear for the deposition since counsel would be traveling from San Francisco to take the deposition. Plaintiffs' counsel specifically requested in the email and letter that Hull "contact [Plaintiffs' counsel] immediately if you do not intend to comply with the subpoena, or if you have any other questions." Hull did not respond to these further requests. Micheletti Decl. ¶¶7-8, Exs. 4, 5.

On Monday, March 5, 2012, Plaintiffs' counsel traveled to Denver for Hull's deposition. On March 6, 2012, Plaintiffs' counsel appeared for the deposition at the noticed time and place in Denver. Hull did not appear at the deposition. Further efforts by Plaintiffs counsel to meet and confer with Hull similarly have been ignored. Micheletti Decl. ¶¶9-11, Exs. 6, 7.

As explained in the attached motion to compel, IP Plaintiffs seek discovery from Hull regarding his alleged status as a Settlement Class member, the purported bases for his objections, and his relationship with so-called "professional" or "serial" objector counsel who routinely appear in and make objections, or clandestinely orchestrate "*pro se*" objections, to class action settlements for their own personal gain. Hull was previously represented by Texas attorney Christopher Bandas in connection with objections made to a settlement in a California state court proceeding. Not coincidentally, Hull's objections in this case were mailed from Corpus Christi, Texas, where Bandas's office is located, even though Hull resides in the Denver area.

Bandas is a well-known "serial" or "professional" objector (*see* attached Motion to Compel at 5-6 and Appendix A attached thereto) and is believed to be clandestinely orchestrating Hull's objections. From Hull's conduct to date, it is clear that he will not appear for a deposition or produce documents without a court order.

IP Plaintiffs originally desired to complete the requested discovery in advance of the March 15, 2012 final approval hearing so that they could supplement the record as needed and appropriate. Hull's refusal to communicate or cooperate regarding discovery, and his refusal to appear for his deposition in Denver, made that impossible. Nevertheless, even assuming the Court overrules Hull's objections, IP Plaintiffs desire to obtain discovery from Hull regarding,

1  among other things, his connections with serial objector counsel Christopher Bandas, as Hull
2  will likely appeal any final approval order, and IP Plaintiffs' would like to supplement the record
3  with any pertinent information gleaned from that discovery.  Thus, IP Plaintiffs request that the
4  Court enter an order shortening time on their motion to compel Hull's deposition and document
5  production.  Without granting IP Plaintiffs' motion, IP Plaintiffs may not be able to complete
6  their requested discovery prior to Hull's anticipated notice of appeal of any final approval order.

7      To facilitate the process of expediting the Motion to Compel, attached hereto as Exhibit
8  A is a motion to compel the requested discovery and a supporting memorandum with related
9  appendix.

10      Pursuant to Civil Local Rule 6-3(a)(2), Plaintiffs' counsel requested that Hull agree to
11  have this motion to heard on shortened time, but Hull did not respond to that request.

12      Pursuant to Civil Local Rule 6-3(a)(5), no prior motions for orders shortening time have
13  been sought or granted in this case.

14      Pursuant to Civil Local Rule 6-3(a)(6), this requested time modification will not
15  otherwise impact the schedule for this case.

16      For the reasons set forth herein, Plaintiffs respectfully request that the Court hear IP
17  Plaintiffs' motion to compel on shortened time.

18  Dated:  March 15, 2012                By:  _____/s/ Mario N. Alioto_____
19                                                 Mario N. Alioto

20                                Mario N. Alioto (56433)
                              Lauren C. Russell (241151
21                                TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
                              2280 Union Street
22                                San Francisco, CA 94123
                              Telephone:  (415) 563-7200
23                                Facsimile:   (415) 346-0679
                              malioto@tatp.com
24                                laurenrussell@tatp.com

25                                *Interim Lead Counsel for the*
                              *Indirect Purchaser Plaintiffs*
26
27  3229009v1
28