# EXHIBIT A

1   Mario N. Alioto (56433)
    Lauren C. Russell (241151
2   TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
    2280 Union Street
3   San Francisco, CA 94123
    Telephone:  (415) 563-7200
4   Facsimile:   (415) 346-0679
    malioto@tatp.com
5   laurenrussell@tatp.com

6   *Interim Lead Counsel for the*
    *Indirect Purchaser Plaintiffs*

7

8

9

10                    **UNITED STATES DISTRICT COURT**

11                   **NORTHERN DISTRICT OF CALIFORNIA**

12                      **SAN FRANCISCO DIVISION**

13

14   IN RE: CATHODE RAY TUBE (CRT)      Master File No. CV-07-5944-SC
     ANTITRUST LITIGATION
15                                       MDL No. 1917

16   _____  **NOTICE OF MOTION AND MOTION TO
                                          COMPEL DISCOVERY FROM OBJECTOR
17   This Document Relates to:            SEAN HULL; MEMORANDUM IN SUPPORT
                                          THEREOF**
18   ALL INDIRECT PURCHASER ACTIONS
                                          Hearing Date:  To be determined
19                                        Time:  To be determined
                                          JAMS: Two Embarcadero Center, Suite 1500
20                                        Judge:  Hon. Samuel Conti
                                          Special Master: Hon. Charles A. Legge (Ret.)
21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND COUNSEL OF RECORD, PLEASE TAKE NOTICE** that, at a time subject to the Court's calendar, before Special Master Charles A. Legge, JAMS, Two Embarcadero Center, Suite 1500, San Francisco, California, Indirect Purchaser ("IP") Plaintiffs will and hereby do move, pursuant to Federal Rules of Civil Procedure 26, 30, 34 and 45, for an Order compelling Objector Sean Hull ("Hull") to appear for a deposition on or before April 6, 2012, and to produce the documents requested by IP Plaintiffs three days in advance of the deposition.

This motion is made on grounds that (1) Hull has filed an objection and has voluntarily appeared in these proceedings; (2) the discovery is relevant to Hull's alleged standing as a Settlement Class member to assert an objection, to the underlying bases for his objections and to his relationship with "professional" or "serial" objector counsel who is believed to have instigated Hull's objection; and (3) this discovery was sought as soon as was reasonably possible, and reasonable and adequate notice has been provided to Hull under the circumstances of the case. This motion is based upon this Notice and Motion, the following Memorandum of Law, the supporting Declaration of Christopher T. Micheletti In Support of Motion for an Order Shortening Time and Motion to Compel ("Micheletti Decl."), and such other arguments that may be presented to the Court.

## MEMORANDUM OF LAW

**STATEMENT OF ISSUE TO BE DECIDED:**

Whether Hull should be ordered to appear for a deposition and to produce the documents requested by IP Plaintiffs.

## I.     INTRODUCTION

IP Plaintiffs have sought discovery from objector Hull to obtain relevant information regarding (1) his alleged standing as a Settlement Class member to assert objections, (2) the underlying bases for his objection, and (3) his relationship with the "professional" or "serial" objector counsel that Plaintiffs' counsel believe instigated his objection to the settlement with

Chungwa Picture Tubes, Ltd. ("Chungwa").  While Plaintiffs' counsel devoted several weeks to attempting to serve Hull with a deposition subpoena and document request—both informally and formally—Hull sought to evade service.  After Hull was successfully served, Plaintiffs counsel sought to meet and confer regarding a convenient deposition date.  Hull ignored these overtures. Plaintiffs' counsel thereafter advised Hull that counsel intended to travel to Denver for Hull's deposition, and requested that Hull advise Plaintiffs' counsel if he did not intend to comply with the subpoena.  Hull did not object to the subpoena, and did not communicate his intentions in any way.  Counsel traveled to Denver for the March 6 deposition and Hull failed to appear.

The above uncooperative and dilatory approach is typical of objectors that are clandestinely orchestrated by "professional" or "serial" objectors:  They file canned objections at the last-minute, ignore discovery requests, appeal final approval orders and then try to settle for their own benefit with nothing gained for the Settlement Class.  IP Plaintiffs respectfully submit that they should be permitted to complete their requested discovery of Hull so that the appropriate record may be made regarding Hull's standing, motives and intentions, and those of the lawyer believed to have instigated his objections for his own personal gain.

IP Plaintiffs agree to limit Hull's deposition to four hours and to take it in Denver, Colorado, if desired.  For the reasons detailed below, the discovery is clearly relevant, reasonable and permissible, and should be ordered on an expedited basis.

## II.   STATEMENT OF FACTS

### A. Hull's Objection to the Settlement and Efforts to Evade Discovery.

This Court granted preliminary approval of a class settlement with Chungwa on August 9, 2011.  *See* Preliminary Approval Order (Docket Entry ("DE")) 993.  The Court scheduled a fairness hearing for March 15, 2012, and ordered that Class Members be provided notice of the preliminary approval of the settlement, as well as notice of the March 15, 2012 final approval hearing and their right to object and opt-out of the Settlement.  The Court-ordered deadline to submit objections was February 1, 2012.  *See* Preliminary Approval Order (Docket Entry ("DE")) 993.

NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY FROM OBJECTOR SEAN HULL; MEMORANDUM IN SUPPORT THEREOF
Master File No. CV-07-5944-SC; MDL No. 1917

After a robust and comprehensive nationwide notice program, only one objection was submitted out of millions of Settlement Class members.  That objection was submitted by Hull, and was postmarked on February 1, 2012, the objection deadline, and was not received by Plaintiffs' counsel until February 7, 2012.  *See* Micheletti Decl. ¶3.

Following receipt of Hull's objection, IP Plaintiffs' counsel quickly sought to obtain discovery from Hull.  As the chronology that follows shows, however, Hull sought to evade service of a deposition subpoena for weeks and then, once served, ignored it and Plaintiffs' counsel's efforts to cooperatively complete the discovery.

On February 8, 2012, Plaintiffs' counsel telephoned Hull to ascertain, among other things, the basis for Hull's objections and his claimed membership in the Settlement Class.  Hull did not answer at the telephone number listed in his objection and did not return Plaintiffs' counsel's call.  Micheletti Decl. ¶4.

Because these informal methods of communication with Hull were unavailing, Plaintiffs attempted to serve a deposition subpoena on Hull during the weekend of February 10-11, 2012, and again on Monday and Tuesday, February 13 and 14, 2012.  Plaintiffs sought a deposition on February 27, 2012.  Plaintiffs counsel also emailed the subpoena and document request to Hull on February 13, 2012, advising him of the deposition date, and requesting that Hull accept service of the subpoena and related document request via email or Federal Express.  Micheletti Decl. ¶5, Ex. 1.  Hull did not respond to this request, and evaded service during the weekend of February 10-11.  *See* Micheletti Decl. ¶¶5-6, Ex. 2.[1]  Hull then apparently left town (he lives in the Denver area) until February 24, 2012.  Over the February 25-26 weekend, Plaintiffs again attempted to serve the deposition and document subpoena on Hull.  Despite Hull's continued efforts to evade service, Plaintiffs successfully served him on February 26, 2012, for a deposition on March 6, 2012.  *See* Micheletti Decl. ¶6,  Ex. 2 (Affidavit of Service, p. 2 thereto) and Ex. 3

---

[1] The process server made 9 (nine) unsuccessful service attempts on Hull from February 10-14, 2012.  *See* Micheletti Decl. Ex. 2 (Affidavit of Service, p. 1 thereto).

(Proof of Service).[2]  Hull did not serve any objections to the subpoena or document request. Micheletti Decl. ¶6.

On Monday, February 27, 2012, Plaintiffs' counsel sent an email and overnight letter to Hull acknowledging service of the subpoena and inquiring as to whether Hull desired to propose an alternative deposition date.  Hull did not respond to these communications.  On Thursday, March 1, 2012, Plaintiffs' counsel sent another email and overnight letter to Hull acknowledging that Hull had not proposed any alternative deposition dates, and advising Hull that Plaintiffs' counsel was making arrangements to travel to Denver, Colorado for Hull's deposition. Plaintiffs' counsel advised Hull that counsel expected Hull to appear for the deposition since counsel would be traveling from San Francisco to take the deposition.  Plaintiffs' counsel specifically requested in the email and letter that Hull "contact [Plaintiffs' counsel] immediately if you do not intend to comply with the subpoena, or if you have any other questions."  Hull did not respond to these further requests.  Micheletti Decl. ¶¶7-8, Exs. 4, 5.

On Monday, March 5, 2012, Plaintiffs' counsel traveled to Denver for Hull's deposition. On March 6, 2012, Plaintiffs' counsel appeared for the deposition at the noticed time and place in Denver.  Hull did not appear at the deposition.  Further efforts by Plaintiffs counsel to meet and confer with Hull on this motion similarly have been ignored.  Micheletti Decl. ¶¶9-11, Exs. 6, 7.

---

[2] Hull was approached by the server outside his house, verbally acknowledged that he was Sean Hull, and then attempted to evade service by running into his house and not answering the door upon request thereafter.  At Hull's front door, the server then announced that Hull was being served with the subpoena for a deposition on the noticed date, and left copies of the subpoena at the door and on the windshield of Hull's automobile.  *See* Micheletti Decl. Ex. 3 (Affidavit of Service, p. 2 thereto).  Thus, Hull was delivered a copy of the subpoena in compliance with Fed. R. Civ. Proc. 45(b)(1).  *Accord Bayview Loan Servicing, LLC, v. Boland*, No. 08-cv-00566-WDM-KLM, 2009 WL 2514154, *2 (D. Colo. Aug. 14, 2009) ("'The rules governing service of process are not designed to create an obstacle course for [serving parties] to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction.'" (*brackets in orig.* and *quoting TRW, Inc. v. Derbyshire*, 157 F.R.D. 59, 60 (D.Colo.1994)).

**B.      Discovery Sought From Hull.**

As noted above, IP Plaintiffs seek discovery from Hull regarding his alleged status as a Settlement Class member, the purported bases for his objection, and his relationship with so-called "professional" or "serial" objector counsel; *i.e.*, counsel who routinely appear in and make objections, or clandestinely orchestrate *pro se* objections, to class action settlements for their own personal gain.  In terms of documents, IP Plaintiffs seek all documents supporting Hull's objection and his status as a class member; all documents reflecting his communications with others—including attorneys and specifically Christopher Bandas (discussed below)—regarding his objection in CRTs; all documents relating to agreements with others regarding the CRTs litigation; and all documents related to objections made to settlements in other cases, including payments Hull received in those cases and whether any changes were made to any settlement as a result of his objections.  *See* Micheletti Decl. Ex. 1 (the subpoena and document request are attached to the email and letter to Hull).

Hull purports to be proceeding *pro se*.  But Hull previously objected to another class settlement in which he was assisted by attorney Christopher Bandas, a "professional" or "serial" objector located in Corpus Christi, Texas.  IP Plaintiffs' counsel suspect that, while Hull purports to be appearing *pro se*, his objection was initiated, drafted, prepared or otherwise orchestrated by Bandas.  Indeed, Hull's objection was postmarked in Corpus Christi, Texas, even though Hull lives and works in Denver, Colorado.  *See* Alioto Declaration in Support of Final Approval, Ex. 1 and 2 (DE 1062-1, pp. 4, 8).  In fact, Hull was deposed in a previous case wherein he objected to the class settlement, and attempted to conceal—purportedly on privilege grounds—the fact that Bandas drafted his objections and was assisting him.  *See* Micheletti Decl. Ex. 8 at 32-35. Hull later divulged Bandas's involvement in that case when plaintiffs sought court intervention. *See* Micheletti Decl. ¶14, Ex. 10.  In light of the above facts, IP Plaintiffs' document request properly seeks communications with Bandas and any other objector counsel.

Bandas routinely represents objectors purporting to challenge class action settlements. Bandas does not do so to effectuate changes to settlements, but does so for his own personal

financial gain.  Attached hereto as Appendix A, is a summary of class action settlement cases in which Bandas has appeared on behalf of objectors, or has been involved in the orchestrating the objections from behind the scenes, wherein the objections were raised, overruled by the court, and the objections were later withdrawn, abandoned or dismissed prior to or on appeal without any apparent modifications to the settlement at issue.  While the reasons for the repeated dismissal of their objections is not always clear from the records of the cases listed, it is well-established that these "professional" objectors extract payments from parties or counsel in the litigation to avoid years of delay associated with their unmeritorious settlement objections.  Bandas has been excoriated by Courts for this conduct.  *See* Appendix A attached hereto (listing various courts' comments regarding Bandas's conduct).  Indeed, in *Conroy v. 3M*, 2006 U.S. Dist. LEXIS 96169, at *11 (Aug. 10, 2006 N.D. Cal.), District Judge Claudia Wilken found Bandas's objections frivolous and required that an appellate bond be posted.  In light of these facts and questions about the bona fides of Hull's objections, IP Plaintiffs served the discovery on Hull in order to explore not only the bases for Hull's objections, but to explore his relationship with Bandas and his practices with regard to asserting settlement objections.

Hull has never objected to the discovery sought by IP Plaintiffs.  Rather, he chose to ignore the subpoena, document requests and multiple written communications from Plaintiffs' counsel, and thereby cause Plaintiffs' counsel to spend the time and costs associated with a trip to Denver for a deposition for which Hull did not appear.  *See* Micheletti Decl. ¶9.  After having served Hull, Plaintiffs counsel could not assume he was not going to appear because (1) he had appeared for a deposition in the *Smokeless Tobacco* case wherein he asserted objections; and (2) IP Plaintiffs might have been subject to costs for failing to show up if Hull did in fact appear. *See e.g.*, Fed R. Civ. Proc. 30(g).  Because Hull refused to communicate, Plaintiffs counsel had to travel to Denver for the deposition in case Hull decided to appear.

IP Plaintiffs desire to complete the requested discovery so that they may supplement the record as needed and appropriate for final approval or for Hull's anticipated notice of appeal in the event the Court overrules Hull's objection.

## III.     ARGUMENT

### A.     The Applicable Legal Standard

Federal Rule of Civil Procedure 30(a)(1) permits a party to "depose any person, including a party, without leave of court . . .," and states that ""[t]he deponent's attendance may be compelled by subpoena under Rule 45." Some courts have held that "absent class members are parties to an action, properly before the court, and subject to its judicial orders." *McCubbrey v. Boise Cascade Home & Land Corp.*, 71 F.R.D. 62, 72 (N.D. Cal. 1976). To the extent Hull is considered a party, his depositions may be noticed pursuant to Rule 30. To the extent he is considered a non-party, Rule 45 governs discovery sought from him. *See, e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679 (N.D. Cal. 2006); *Del Campo v. Kennedy*, 236 F.R.D. 454, 457 (N.D. Cal. 2006). The scope of permissible discovery, sought by subpoena or otherwise, is ultimately governed by Rule 26(b), which permits the discovery of any non-privileged material "relevant to the claim or defense of any party," even if inadmissible, as long as it "appears reasonably calculated to lead to the discovery of admissible evidence." *See Gonzales*, 234 F.R.D. at 679 (*quoting* Fed. R. Civ. P. 26(b)(1)); *Del Campo*, 236 F.R.D. at 457 (same). For purposes of Rule 26(b)(1), relevance is broadly construed. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

One's status as a non-party to an action "does not relieve [the subpoena recipient] of its obligations either to respond to proper discovery or to comply with the applicable rules ..." (*Semtek International, Inc. v. Merkuriy Ltd.*, No. 3607 DRH, 1996 WL 238538, at *2 (N.D.N.Y. May 1, 1996)), and a non-party has "a heavy burden of establishing that compliance with the subpoena would be 'unreasonable and oppressive'" (*Composition Roofers Union Local 30 Welfare Trust Fund v. Graveley Roofing Enterprises, Inc.*, 160 F.R.D. 70, 72 (E.D. Pa. 1995) (citation omitted)). *See also In re Ramaekers*, 33 F.Supp.2d 312, 314 (S.D.N.Y. 1999) ("The burden of persuasion is borne by the party opposing the subpoena").

Thus, when determining whether to enforce a subpoena directed at a non-party, courts generally attempt to balance three factors: "the relevance of the discovery sought, the requesting

1  party's need, and the potential hardship to the party subject to the subpoena." *Gonzales*, 234

2  F.R.D. at 680 (*citing Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1024 (Fed. Cir.

3  1986)); *Del Campo*, 236 F.R.D. at 458 (same).

4  **B.      The Requested Discovery Is Relevant and Permissible**

5  Here, Hull has voluntarily injected himself into this litigation by objecting to the

6  Chungwa Settlement.  The information sought by IP Plaintiffs, including the bases for Hull's

7  objection and his claimed standing to object, are clearly relevant to the Settlement now before

8  the Court.  IP Plaintiffs are willing to limit Hull's depositions to four hours, and are willing to

9  take it in Denver, Colorado.  The requests for documents focus solely on the objector's standing,

10  the bases for his current objections, his role in objecting to this and other class settlements, and

11  his relationships with the counsel that are believe to be behind the scenes manipulating him.  As

12  such, the requested information and documents are relevant, needed and reasonably narrowly

13  tailored.

14  Other federal courts have recognized that this discovery is permissible.  For example,

15  District Judge Claudia Wilken last year ordered another Bandas-orchestrated objector (Kelsey

16  Foligno) to appear for a deposition and produce documents in the *In re Static Random Access*

17  *Memory (SRAM) Antitrust Litigation*, MDL No. 1819.  *See* Micheletti Decl. ¶17, Ex. 13 (Order

18  Granting Motion to Compel).  District Judge Christina A. Snyder in the Central District of

19  California similarly denied an objector's motion to quash a deposition, reasoning that plaintiffs

20  were entitled to obtain discovery from objectors, particularly where the objectors' standing was

21  at issue, and the court further indicated that "[i]f [the objectors] have objected in multiple other

22  class action cases, . . . [plaintiffs are] entitled to know that."  *See* Micheletti Decl. Ex. 14 (Minute

23  Order and Transcript (*see* pp. 12-16 of transcript) from *Stern v. AT&T Mobility*, Civ. No. CV 05-

24  8842).  Thus, the requested discovery is reasonable and permissible.

25  Hull was clearly provided with adequate notice of the requested deposition and document

26  request.  Plaintiffs' counsel gave Hull two weeks' notice of the original deposition date they

27  sought, and advised him that they were willing to discuss scheduling.  Hull (and Bandas) ignored

28

these overtures both before and after the subpoena was served.  Hull cannot now complain about inadequate notice, particularly where he (1) sought to evade service for several weeks; (2) provided an email address in connection with the submission of his objection and Plaintiffs' counsel sent him the subpoenas and document requests by email and overnight courier on February 13—over 30 days ago; (3) ignored IP Plaintiffs' counsel's communications in the hopes that the discovery would be thwarted, and Bandas's involvement would avoid detection; and (4) discourteously refused to advise Plaintiffs' counsel that he did not intend to appear for the deposition and needlessly caused Plaintiffs' counsel to travel to Denver for a deposition to which he never intended to show up.

**IV.     CONCLUSION**

For all of the foregoing reasons, IP Plaintiffs respectfully requests that the Court grant the relief requested herein.

Dated:  March 15, 2012              By:    _____*/s/ Mario N. Alioto*_____

Mario N. Alioto

Mario N. Alioto (56433)
Lauren C. Russell (241151
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:  (415) 563-7200
Facsimile:   (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel for the*
*Indirect Purchaser Plaintiffs*

3229104v1

# APPENDIX A

## Motion to Compel Discovery From Objector Hull - Appendix A

**Examples of Cases in Which Christopher Bandas Has Filed Objections and Dismissed, Abandoned or Withdrawn the Objections or Appeal Without Attaining Settlement Changes or Additional Benefits for the Class**

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|---|---|---|---|---|
| *Brown v. Wal-Mart Stores, Inc.* (Ill. Cir. Ct., Fourteenth Judicial Cir., No. 01 L 85) | Jill Carlson | Relevant excerpts from 10/29/09 "Order Denying Objections to the Settlement and Fees and the Motion to Intervene and for Pro Hac Vice Admission": <br><br>"Christopher Bandas … is a Texas lawyer well known for his practice of routinely filing objections in class action settlements across the country. <br><br>"The Bandas Objection filed on behalf of Ms. Carlson is a generic boilerplate objection prepared and filed by attorneys working for their own personal benefit and not for the benefit of this Class or for those lawyers' client. The record before the Court demonstrates that Bandas is a professional objector who is improperly attempting to 'hijack' the settlement of this case from deserving class members and dedicated, hard working counsel, solely to coerce ill-gotten, inappropriate and unspecified 'legal fees.'  Bandas has filed virtually identical, frivolous objections in South Carolina, Iowa, Missouri and Florida in settlements of similar wage and hour class actions against Wal-Mart. <br><br>"In Missouri, Bandas' local counsel appeared at the final fairness hearing but only to withdraw as counsel due to the fact that he could not in 'good conscience…continue to work toward the strategic objectives outlined…by Mr. Bandas.'  Judge Midkiff entered separate orders nullifying the Bandas objection and denying his motion for admission pro hac vice. … This did not dissuade Bandas from filing a Notice of Appeal (with new local counsel)… | Unknown. | Unknown. |

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|------|-----------|----------------------|--------|-------------------|
|  |  | "The Court finds that a lack of involvement and participation by Ms. Carlson and her counsel, combined with their attempt to inject themselves at the last minute into this eight year litigation constitutes an effort to extort money from the Class and/or Class Counsel.  Though filed by two lawyers, the Bandas Objection offers nothing in the way of specific criticisms of the proposed Settlement.  The content of the Bandas Objection demonstrates that neither Ms. Carlson nor her counsel has ever visited the settlement website or read the Stipulation of Settlement in this case.<br><br>"The Court therefore strikes the Bandas Objection for failure of proof, and failure to demonstrate that the objector is acting on behalf of the Class.<br><br>"In *In re: Dynamic Random Access Memory Antitrust Litigation*, filed in the Northern District of California, Bandas withdrew his objection after 'further investigation,' which revealed that Bandas wholly failed to adhere to his Rule 11 obligations to thoroughly investigate his client's claims.<br><br>"In Miller County, Arkansas, attorney Bandas filed a canned objection in *Lane's Gifts and Collectibles, LLC v. Yahoo! Inc.*  The court denied the objection.  Attorney Bandas then appealed, but he withdrew the appeal 48 hours later.<br><br>"Most recently, in March 2009, Bandas withdrew an objection to a proposed settlement he filed in a class action pending in Oklahoma, *Sacket v. Great Plains Pipeline Co., et al.*  The withdrawal came only after counsel for the class vehemently opposed the objection, highlighting Bandas' history of filing canned objections at the last moment in an effort to extort attorneys' fees." |  |  |

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|---|---|---|---|---|
| *Carter v. Wal-Mart Stores, Inc.* (S.C. Ct. Com. Pleas, Colleton Cty., No. 06-CP-I5-839) | Tabitha Forward | Relevant excerpts from 6/3/09 "Order Denying Objections to Settlement Between Class Plaintiffs and Wal-Mart":<br><br>"The second objection … was purportedly filed on behalf of a class member by a member of the South Carolina Bar and Christopher Bandas, a Texas lawyer well known for his practice of routinely filing objections in class action settlements across the country.  The Court was informed that Mr. Bandas and a Missouri attorney had filed a virtually identical objection in *Hale v. Wal-Mart*, pending in Missouri.  Bandas' Missouri objection was nullified after his local counsel withdrew and no one appeared on Bandas' behalf at the Missouri Fairness Hearing.<br><br>"[I]n spite of the fact that no one appeared to offer any evidence or testimony in support of the Bandas objection, in spite of the fact that the Bandas objection fails to meet the procedural requirements established by this Court, and in spite of the fact that Mr. Bandas is a serial professional objector, I have reviewed and considered the Bandas objection on its merits.  The Court finds that, for a plethora of reasons, the Bandas objection lacks substantive merit." | Unknown filing date. | Voluntarily dismissed (11/19/09). |
| *In re Cellphone Termination Fee Cases*, (Alameda Super. Ct., JCCP No. 4332) | Sulekha Anand | The 6/10/08 Final Approval Order and Judgment makes no mention of objections. | Filed 6/26/08 (Cal. App. 1st Dist., No. A122765). | The California Court of Appeal affirmed the judgment.  180 Cal. App. 4th 1110 (2009), *rev. denied*, 2010 Cal. LEXIS 3458 (Apr. 14, 2010). |
| *Checkmate Strategic Group v. Yahoo! Inc.* (C.D. Cal., No. 05-cv-04588-CAS-FMO) | Backwater Safari Guide Service; Larry Ebest; Ruben Lerma | Other objectors to the settlement withdrew their objections prior to the entry of the 3/26/07 final approval order and judgment (Dkt. 200). | Filed 4/26/07 (9th Cir., No. 07-55597). | Voluntarily dismissed pursuant to stipulation (Dkt. 8, 7/31/07). |

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|---|---|---|---|---|
| *Closson v. Bank of America* (San Francisco Super. Ct., No. CGC-436877) | Doris Saint; Aaron Petrus; Jan L. Petrus | Overruled (8/3/09 Order Finally Approving Class Action Settlement). | Filed 9/1/09 (Cal. App. 1st Dist., No. A125963). | Voluntarily dismissed (6/23/11). |
| *Conroy v. 3M Corporation* (N.D. Cal., No. C 00-2810 CW) | Lillian Rogers | Final approval order and judgment entered 4/21/06.<br><br>The Court granted plaintiffs' motion to require Bandas to post an appellate cost bond totaling $431,167.  "The Court finds that the Bandas Law Firm and Ms. Rogers' objections to the proposed settlement were unfounded, and therefore views their appeals as unlikely to succeed. … Ms. Rogers' objections were patently frivolous: her cookie-cutter written objection bore no particular relationship to the circumstances of the settlement here, and at the hearing, her counsel erroneously referred to this case as involving 'defective' tape."  2006 U.S. Dist. LEXIS 96169, at *10-11 (N.D. Cal. Aug. 10, 2006). | Bandas Law Firm, P.C. appeal of final approval order filed 5/25/06 (9th Cir., No. 06-15980).<br><br>Bandas Law Firm, P.C. appeal of bond order filed 8/21/06 (9th Cir., No. 06-16627). | Appeal of final approval order voluntarily dismissed (9/22/06).<br><br>Appeal of bond order voluntarily dismissed (9/19/06). |
| *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.* (N.D. Cal., Master File No. M-02-1486-PJH, MDL No. 1486) | Erwin Bruder; Michael Richline, dba Richline Technical Services | Bruder and Richline objections filed 10/3/06, withdrawn 10/31/06. | Not filed. | Not applicable. |
| *Fleury v. Richemont North America, Inc.* (N.D. Cal., No. C-05-4525 EMC) | Mary Meyer | "[T]he Court has considered the objections that were made but none persuade the Court that the settlement should be further altered."  7/3/08 final approval order (Dkt. 278) at 34. | Appeal of final approval order filed 7/23/08 (9th Cir., No. 08-16724).<br><br>Appeal of fee order filed 8/13/08 (9th Cir., No. 08-16995). | Both appeals voluntarily dismissed (Dkt. 11, 13, 12/9/08). Stipulated settlement of 12/4/08 in which plaintiffs and defendants paid a combined $55,000 to Meyer's counsel Bandas and Frank Liuzzi. |

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|---|---|---|---|---|
| *Hale v. Wal-Mart Stores, Inc.* (Mo. Cir. Ct., Jackson Cty., No. 01 CV 218710) | Debbie Taylor | Unknown. | Filed 7/2/09. | Voluntarily dismissed (11/10/09). |
| *Lane's Gifts and Collectibles, L.L.C. v. Yahoo! Inc.* (Ark. Cir. Ct., Miller Cty., No. CV-2005-52-1) | Depo Express; Christopher Bandas; Bandas Law Firm | Final approval order and judgment, and order denying objectors' motion to intervene entered 7/26/06 and 8/1/06. | Filed 8/23/06; withdrawn shortly thereafter. | Not applicable. |
| *Lobo Exploration Company v. BP America Production Company* (Okla. Dist. Ct., Beaver Cty., No. CJ-97-72) | Vernon Scott | In its 11/14/05 "Order Striking the 'Objection' of Vernon Scott and Denying the Motion of Christopher Bandas to be Admitted Pro Hac Vice," the court found that Bandas's client was not a class member.  "Mr. Scott purports to be a royalty owner in BP America operated wells – this action involves working interest owners, and has absolutely nothing to do with royalty interests.  Accordingly, Mr. Scott is not a Class Member and lacks standing to object to the Settlement or to the request for Fees and Costs." The objection was also found to be untimely.<br><br>A month later, Bandas filed an appeal on behalf of the same objector. | Filed 12/15/05. | Unknown. |
| *In re: Managed Care Litig.* (S.D. Fla., No. 00-MD-01334) | Ray G. Hooper. M.D. | The 3/15/06 final approval order (Dkt. 4876)  indicated that the court had considered the various objections. | Filed 4/12/06 (11th Cir., No. 06-12354-E). | Voluntarily dismissed (on or about 5/9/06). |
| *Mussmann v. Wal-Mart Stores, Inc.* (Iowa Dist. Ct., Clinton Cty., No. LACV-27486) | Terry Healy | Relevant excerpts from 10/13/09 "Order Regarding Terry Healy's Objection and Motion to Intervene":<br><br>"Mr. Healy became involved in this lawsuit after being contacted by attorney Jim Roth at the request of Texas attorney Christopher Bandas.  Attorney Bandas has filed objections in other similar lawsuits filed in other states. Mr. Bandas is a professional objector counsel. | Not filed. | Not applicable. |

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|---|---|---|---|---|
| | | "Mr. Healy knew from the first conversation with Mr. Roth that 'Mr. Bandas was behind this,' and that 'Mr. Bandas was doing this all across the country.'<br><br>"Neither attorney Bandas, nor attorney Roth advised Mr. Healy that attorney Bandas had been found by a Florida court in the *Ouellette* Order to be engaging in a conspiracy with his clients and co-counsel to extort money from class members and class counsel, through a similar practice of objecting to the proposed settlement in the Florida Wal-Mart lawsuit.<br><br>"Terry Healy's 'canned' objection in this matter closely resembles the numerous other objections filed by attorney Bandas in other jurisdictions where Wal-Mart settlements have been finally approved, including South Carolina, Florida and Missouri.  The consistency of attorney Bandas' errors and the similarity between attorney Bandas' objections across different cases demonstrates the canned nature of the objection and reveals attorney Bandas' true motives.<br><br>"It is obvious here that the attorneys initiating Mr. Healy's objection expended minimal time and resources, by filing a 'canned' objection to the proposed settlement and then not participating or appearing in any formal sense.  In those circumstances, the merits of the objection appear to be of little consequence to the professional objector; causing delay in the settlement process generates their fees and payments, not proving to the trial court that the proposed settlement is inappropriate. … Upon filing the notice of appeal, the professional objector simply waits for class counsel to succumb to the pressure pay the extorted fees in return for dismissing the appeal and releasing the settlement funds. | | |

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|------|-----------|---------------------|--------|-------------------|
| | | "[T]his Court concludes that attorney Christopher A. Bandas is a professional objector. The Court is concerned that attorney Bandas is seeking to wrongfully use the class action settlement and objection process for personal gain, and without any corresponding benefit to any individual objector or the settlement class as a whole. Attorney Bandas, acting through local counsel, Mr. Roth, contacted a class member who did not otherwise display any motivation to object or to intervene in the proposed class action settlement.<br><br>"One Court describes these efforts by attorney Bandas and other professional objectors as 'extortion.'" (citing *Ouellette*)."<br><br>Re the deposition of objector Healy:  "Mr. Healy has no doubt in his mind that the *Ouellette* Court, when they are talking about extortion of money by these attorneys, including the action of Christopher Bandas. … Mr. Healy then wanted to stop the deposition, 'because I think it is a farce. … [T]he fact is that neither one of these two attorneys are willing to intercede on my behalf here, and there's something wrong with that.  I'm sorry.  So you know, you can bother someone else.  I really don't care. … I was of the understanding I wouldn't have to give a deposition.  That's a lie right there. … I'm here and neither one of these are available to help me out here.  I don't really need this.  So absolutely I don't want no more [sic] to [do] with this.'" | | |
| *Ouellette v. Wal-Mart Stores, Inc.* (Fla. Cir. Ct., Washington Cty., No. 67-01-CA-326) | Kevin Dimla | Relevant excerpts from 8/21/09 "Order and Final Judgment Approving Settlement Between Class Plaintiffs and Wal-Mart Stores, Inc.":<br><br> "The Court finds that all of the objections filed against the settlement of this case were all generic boilerplate | Filed 9/25/09 (Fla. App., 1st Dist., No. 1D09-4881). | Voluntarily dismissed (10/29/09). |

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|---|---|---|---|---|
| | | objections prepared and filed by a group of attorneys who the Court finds have been working through collusion for their own personal benefit and not for the benefit of this class or their clients. … The Court finds that a lack of involvement and participation of the objectors and their counsel who were not present and a lack of involvement and participation of the attorneys that were present combined with their attempt to inject themselves at the last minute into this eight year litigation constitutes an effort to extort money from the class and/or class counsel. The court struck the objections … for failure of proof, failure to demonstrate participation in the class action on behalf of the class, and failure to appear at the fairness hearing.  Further, the Court finds that all of the objections … have no substantive merit and the court overrules all of the objections on that additional ground."  Slip op. at ¶¶19-20. | | |
| *Savaglio v. Wal-Mart Stores, Inc.* (Alameda Super. Ct., No. C-835687) | Lolita Wells | Final approval of settlement granted 4/8/10, overruling objections except as to amount of attorneys' fees.  The 9/10/10 order on fees indicated that the court had "rejected all objections to the requested fee award." | Not filed. | Not applicable. |
| *In re Smokeless Tobacco Cases I, II* (San Francisco Super. Ct., JCCP Nos. 4250, 4258, 4259, 4262) | Sean Hull | Objection filed 2/4/08 in pro per.  Involvement of Bandas was divulged on 2/20/08 by Dennis Bartlett, a Denver attorney who was representing Hull.

Final approval granted and fees awarded 3/12/08. | Hull filed notice of appeal on 4/11/08. | Voluntarily dismissed (2/26/09). |
| *In re: Wal-Mart Wage and Hour Employment Practices Litig.* (D. Nev., MDL No. 1735) | Jessica Gaona | Final approval order of 11/2/09 (Dkt. 491) indicated that the court had considered and rejected the objections.

After various objectors appealed the final approval order, the court granted plaintiffs' and defendant's motions for bond pending appeal, stating: "For the reasons articulated at the hearing conducted October 19, 2009, and for the additional reasons advanced by Plaintiff's co-lead class counsel and Defendant Wal-Mart in their respective | Filed 11/23/09 (9th Cir., No. 09-17648). | Dismissed by summary affirmance of 11/2/09 final approval order (Dkt. 47, 8/10/10). |

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|------|-----------|---------------------|--------|-------------------|
| | | motions for bond pending appeal, the Court finds that the objections are not supported by law or the facts and are indeed meritless.<br><br>"Objectors' counsel have a documented history of filing notices of appeal from orders approving other class action settlements, and thereafter dismissing said appeals when they and their clients were compensated by the settling class or counsel for the settling class.<br><br>"In sum, this Court finds that the Appeals taken by Objectors Gaona, Swift, Andrews and Maddox, are frivolous and are tantamount to a stay of the Judgment entered by this Court on November 2, 2009 approving the comprehensive class settlement in this case which provides fair compensation [*18] to millions of class members, as well as injunctive relief ensuring against further loss to persons similarly situated. The Court further finds that the four Objectors should be required to file and appeal bond sufficient to secure and ensure payment of costs on appeals which in the judgment of this Court are without merit and will almost certainly be rejected by the Ninth Circuit Court of Appeal." 2010 U.S. Dist. LEXIS 21466 (D. Nev. March 8, 2010), *stay denied*, 2010 U.S. Dist. LEXIS 52001 (May 25, 2010). The objectors were ordered to pay an appeal bond of $500,000. 2010 U.S. Dist. LEXIS 21466, *18-19.<br><br>In the subsequent order on objectors' motion to stay the March 8, 2010 ruling, Judge Pro stated: "The argument's [sic] by Objectors counsel that they misunderstood the law with regard to their obligations to either to comply with this Court's Order that they post an appeal bond or otherwise seek relief from that Order rings hollow. The conduct of Objectors and their counsel is compounded by their prior demand of $800,000 to cease their appeals. | | |

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|---|---|---|---|---|
| | | The obligation of Objectors to comply with this Court's Order that they post an appeal bond and the justification for their failure to do so falls on the shoulders not only of the four objectors individually, but on those of their counsel." 2010 U.S. Dist. LEXIS 52001, *15-16.<br><br>On June 3, 2010, the Ninth Circuit stayed the May 25, 2010 bond order pending the appeal of the final approval order, and on August 10, 2010 affirmed the district court's order approving the settlement. | | |
| *In re: Wal-Mart Stores, Inc. Wage and Hour Litig.* (N.D. Cal., No. 06-CV-02069 SBA) | Nicole Clemente; Lolita Wells | Objections filed 9/7/10; withdrawn 11/6/10. | Not filed. | Not applicable. |
| *Wilson v. Airborne, Inc.* (C.D. Cal., No. CV-05-00770) | Kervin M. Walsh | Objections overruled in final approval and fee order (Dkt. 170, 8/13/08). | Filed 9/11/08 (9th Cir., No. 08-56542). | Voluntarily dismissed per stipulation (Dkt. 18, 2/20/09). |
| *Yoo v. Wendy's Int'l.* (C.D. Cal., No. CV07-4515 (FMC (JCx)) | Kervin M. Walsh | Settlement approved and fees awarded 3/9/09 (order revised 3/13/09). | Filed 4/8/09 (9th Cir., No. 09-55554). | Voluntarily dismissed (10/26/09). |