


Mario N. Alioto (56433)
Lauren C. Russell (241151
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:  (415) 563-7200
Facsimile:   (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel for the
Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-SC<br><br>MDL No. 1917<br><br>**DECLARATION OF CHRISTOPHER T. MICHELETTI IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR AN ORDER SHORTENING TIME ON MOTION TO COMPEL AND MOTION TO COMPEL DISCOVERY AGAINST OBJECTOR SEAN HULL**<br><br>Judge:  Hon. Samuel Conti<br>Special Master: Hon. Charles A. Legge (Ret.) |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | |

I, Christopher T. Micheletti, declare:

1. I am a member in good standing of the State Bar of California and am a member of the firm Zelle Hofmann Voelbel & Mason LLP, one of the Plaintiffs' counsel for the Indirect Purchaser Class. I am duly licensed to practice before the Supreme Court of the State of California and all other inferior courts of this State. I am admitted to practice before the Court of Appeals for the Sixth, Seventh and Ninth Circuits, and the Federal District Court for the Northern District of California. This Declaration is based on personal knowledge, except where specified that information is based on information and belief, and if called to testify, I could and would do so competently as to the matters set forth herein. I submit this declaration in support of Indirect Purchaser Plaintiffs' Motion For an Order Shortening Time On Motion to Compel and Motion to Compel Discovery Against Objector Sean Hull.

2. This Court granted preliminary approval of a class settlement with Chungwa on August 9, 2011. *See* Preliminary Approval Order (Docket Entry ("DE")) 993. The Court scheduled a fairness hearing for March 15, 2012, and ordered that Class Members be provided notice of the preliminary approval of the settlement, as well as notice of the March 15, 2012 final approval hearing and their right to object and opt-out of the Settlement. The Court-ordered deadline to submit objections was February 1, 2012. *See* Preliminary Approval Order (Docket Entry ("DE")) 993.

3. Only one objection was submitted out of millions of Settlement Class members. That objection was submitted by Hull, and was postmarked on February 1, 2012, the objection deadline. I understand that Hull's objection was not received by Plaintiffs' counsel until February 7, 2012.

4. I understand that on February 8, 2012, Plaintiffs' counsel telephoned Hull to ascertain, among other things, the basis for Hull's objections and his claimed membership in the Settlement Class; and that Hull did not answer at the telephone number listed in his objection and did not return Plaintiffs' counsel's call.

5. Because these informal methods of communication with Hull were unavailing, Plaintiffs attempted to serve a deposition subpoena on Hull during the weekend of February 10-11, 2012, and again on Monday and Tuesday, February 13 and 14, 2012. Plaintiffs sought a deposition

1  on February 27, 2012.  I also emailed the subpoena and document request to Hull on February 13,
2  2012, advising him of the deposition date, and requesting that Hull accept service of the subpoena
3  and related document request via email or Federal Express.  Attached hereto as Exhibit 1 is a true
4  and correct copy of the email and letter with attached subpoena and document request that I emailed
5  and sent by overnight courier to Hull on February 13, 2012.  Hull did not respond to this request, and
6  attempted to evade service during the weekend of February 10-11.

7        6.     Attached hereto as Exhibit 2 is an Affidavit of Service ("Affidavit") completed by the
8  process server assigned to serve Hull with the subpoena and document request, and which details the
9  many attempts and efforts made to serve Hull.  As detailed in the Affidavit, over the February 25-26
10 weekend, IP Plaintiffs again attempted to serve the deposition and document subpoena on Hull.
11 Despite Hull's continued efforts to evade service as recounted in the Affidavit, Plaintiffs
12 successfully served Hull on February 26, 2012, for a deposition on March 6, 2012.  Attached hereto
13 as Exhibit 3 is a true and correct copy of an Amended Proof of Service showing that Hull was served
14 on February 26, 2012.  Hull never served any objections to the subpoena or document request.

15       7.     On Monday, February 27, 2012, I sent an email and overnight letter to Hull
16 acknowledging service of the subpoena and inquiring as to whether Hull desired to propose an
17 alternative deposition date.  A true and correct copy of that email and letter is attached hereto as
18 Exhibit 4.  Hull did not respond to these communications.

19       8.     On Thursday, March 1, 2012, I sent another email and overnight letter to Hull
20 acknowledging that Hull had not proposed any alternative deposition dates, and advising Hull that I
21 was making arrangements to travel to Denver, Colorado for Hull's deposition.  I advised Hull that I
22 expected Hull to appear for the deposition since I would be traveling from San Francisco to take the
23 deposition. I specifically requested in the letter that Hull "contact [Plaintiffs' counsel] immediately
24 if you do not intend to comply with the subpoena, or if you have any other questions."  A true and
25 correct copy of that email and letter is attached hereto as Exhibit 5.  Hull did not respond to these
26 further requests.

27

28

2
DECLARATION OF CHRISTOPHER T. MICHELETTI IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS'
MOTION FOR AN ORDER SHORTENING TIME ON MOTION TO COMPEL AND MOTION TO COMPEL
DISCOVERY AGAINST OBJECTOR SEAN HULL - Master File No. CV-07-5944-SC, MDL No. 1917

1    9.    On Monday, March 5, 2012, I traveled to Denver for Hull's deposition.  On March 6, 2012 at 10:00 a.m., I appeared for Hull's deposition at the noticed time and place in Denver.  Hull did not appear at the deposition.  Further efforts by me to meet and confer with Hull on this motion similarly have been ignored.

10.    On Thursday, March 8, 2012, I sent an email to Hull advising him of IP Plaintiffs' intention to file a motion to compel his deposition and document production, requesting that he agree to appear for a deposition and produce documents, and requesting a response from him by Friday March 9, 2012.  Hull did not respond to this request.  A true and correct copy of that email is attached hereto as Exhibit 6.

11.    On Tuesday, March 13, 2012, I sent an email to Hull advising him of IP Plaintiffs' intention to file a motion for an order shortening time on IP Plaintiffs' motion to compel his deposition and document production, requesting that he agree to the requested schedule, and requesting a response from him by Wednesday March 14, 2012.  Hull did not respond to this request. A true and correct copy of that email is attached hereto as Exhibit 7.

12.    Attached hereto as Exhibit 8 is a true and correct copy of an objection to a class settlement filed by Sean Hull in *Smokeless Tobacco Cases I-IV*, JCCP 4250, San Francisco Superior Court for the State of California.

13.    Attached hereto as Exhibit 9 are true and correct copies of excerpts from the deposition of Sean Hull taken in the *Smokeless Tobacco* case in Denver, Colorado on February 20, 2008.

14.    Attached hereto as Exhibit 10 is a true and correct copy of a letter from Hull's attorney in the *Smokeless Tobacco* indicating that Christopher Bandas assisted Hull in the preparation of his objection in that case.

15.    Attached hereto as Exhibit 11 is a true and correct copy of an April 9, 2008 letter to the Superior Court for the County of San Francisco that enclosed Hull's notice of appeal filed in the *Smokeless Tobacco* case.

16. Attached hereto as Exhibit 12 is a true and correct copy of an order from the California Court of Appeal dismissing Hull's appeal in the *Smokeless Tobacco* case. I was personally involved in the latter case and no changes were made to the class settlement or attorney's fees award in that case as a result of Hull's objection and dismissed appeal.

17. Attached hereto as Exhibit 13 is a true and correct copy of an order entered by District Judge Claudia Wilken on September 23, 2011 requiring objectors to settlements in the *In re Static Random Access Memory (SRAM) Antitrust Litigation*, MDL No. 1819, to appear for depositions and produce documents requested by the plaintiffs in that action. I was personally involved in that action and was advised by Christopher Bandas by email that he represented Kelsey Foligno in discovery proceedings in that action.

18. Attached hereto as Exhibit 14 is a true and correct copy of a Minute Order and excerpts from a Transcript from *Stern v. AT&T Mobility*, Civ. No. CV 05-8842, United States District Court, Central District of California.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing statements of fact are true and correct.

Executed this 15th day of March, 2012 in San Francisco, California.


　　　　　　　　　　　　　　　　　　　　*/s/ Christopher T. Micheletti*
　　　　　　　　　　　　　　　　　　　　Christopher T. Micheletti

3229283v1