# **EXHIBIT 1**

# Christopher T. Micheletti

| | |
|---|---|
| **From:** | Christopher T. Micheletti |
| **Sent:** | Monday, February 13, 2012 4:23 PM |
| **To:** | 'shpcs@yahoo.com' |
| **Subject:** | In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917, Case No.: 07-cv-05944-SC, United States District Court for the Northern District of California |
| **Attachments:** | 02-13-2012 Ltr to Sean Hull.pdf; Subpoena To Sean Hull For Deposition and Documents.pdf |

Dear Mr. Hull,

Please see the attached letter and subpoena.

Sincerely,

Christopher T. Micheletti


Chris Micheletti
Zelle Hofmann Voelbel & Mason LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Tel: 415-693-0700
Direct: 415-633-1912
Fax: 415-693-0770
E-Mail: cmicheletti@zelle.com
Web Site: http://www.zelle.com

The information in this email is confidential and may contain attorney-client privileged information and/or attorney work product and is intended solely for the addressee(s). Access to this email by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution, or any use or reliance on any information contained herein is strictly prohibited. If you have received this message in error, please notify the sender immediately and delete it.



**ZELLE HOFMANN VOELBEL & MASON LLP**

44 MONTGOMERY STREET - SUITE 3400
SAN FRANCISCO, CALIFORNIA 94104
415-693-0700 MAIN    415-693-0770 FAX

CHRISTOPHER T. MICHELETTI
cmicheletti@zelle.com
(415) 633-1912

February 13, 2012

**By Email to:**
shpcs@yahoo.com

**Federal Express to:**
Sean Hull
7890 Witney Place
Lone Tree, CO 80124

Re:   *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, Case No.: 07-cv-05944-SC, United States District Court for the Northern District of California

Dear Mr. Hull:

Enclosed please find a Subpoena To Testify at a Deposition In a Civil Action and Attachment A seeking your deposition and documents in the above-referenced matter on Monday February 27, 2012 at 10:00 a.m. at the offices of Berg Hill Greenleaf & Ruscitti LLP, 1525 17th Street, Denver, CO 80202. If you are represented by an attorney, please forward this letter and its enclosures to him or her.

Please note that, given case deadlines, we have limited flexibility with regard to the date of your deposition, but are willing to discuss scheduling with you. With regard to the requested documents, if possible, we would like to receive those in advance of the deposition, so that we may get through your deposition more quickly.

Given our limited time flexibility, we are in the process of attempting to serve you formally with the enclosed subpoena. Please advise us as soon as possible if you will accept service of this subpoena via this email/letter rather than have a process server personally serve you with the subpoena. If you accept service, we will discontinue efforts to personally serve you and will forward the appropriate witness fees via overnight courier.

Sean Hull
February 13, 2012
Page 2

I look forward to hearing from you regarding service of the subpoena, and please feel free to call me with any questions. Thank you for your attention to this matter.

Sincerely,

Christopher T. Micheletti

Enclosures

3227361

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Colorado

| | | |
|---|---|---|
| Cathode Ray Tube (CRT) Antitrust Litigation | ) | |
| | ) | Civil Action No. 07-CV-05944-SC; MDL No. 1917 |
| This Document Relates to: | ) | |
| All Indirect Purchaser Actions | ) | (If the action is pending in another district, state where: |
| | ) | Northern District of California  ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Sean Hull
   7890 Witney Place, Lone Tree, CO 80124

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Berg Hill Greenleaf & Ruscitti LLP<br>1525 17th Street<br>Denver, CO 80202 | Date and Time:<br>02/27/2012 10:00 am |
|---|---|

The deposition will be recorded by this method: __Court Reporter__

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __02/10/2012__

   *CLERK OF COURT*

                                                                OR   _/s/ Christopher T. Micheletti_
   _____                                   _____
   *Signature of Clerk or Deputy Clerk*                               *Attorney's Signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Indirect-Purchaser Plaintiffs
_____ , who issues or requests this subpoena, are:

Christopher T. Micheletti, Esq.
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery St., Suite 3400, San Francisco, CA 94104, cmicheletti@zelle.com; (415) 693-0700

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 07-CV-05944-SC; MDL No. 1917

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Case 4:07-cv-05944-JST   Document 1089-3   Filed 03/15/12   Page 7 of 10

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# ATTACHMENT A

## DEFINITIONS

1. The term "YOU" (and "YOUR") refers to the above-named deposition witness.

2. The term "DOCUMENT" has the meaning set forth in Federal Rule of Civil Procedure 34(a), and specifically embraces the original, an identical copy if the original is not available, non-identical copies (whether different from the original because of notes made thereon or otherwise) of the documents described in these requests, documents in electronic form (including e-mails), electronically stored information, and photographs. DOCUMENTS shall further include ALL drafts of DOCUMENTS defined above.

3. The term "COMMUNICATION" means any transmission or exchange of information between two or more persons, orally or in writing, and includes, without limitation, any conversation or discussion whether face-to-face or by means of telephone, telegraph, telex, telecopier, electronic or "e-mail," or other media, and the circumstances by which YOU came into possession of the document evidencing the communication.

4. The terms "AND" and "OR" are to be considered both conjunctively and disjunctively. The singular form of a noun or pronoun includes the plural form and vice versa. The word "ALL" also includes "EACH" and vice versa. "ANY" is understood to include and encompass "ALL."

5. The terms "RELATING TO" and "IN RELATION TO" shall mean, in whole or in part, discussing, describing, pertaining to, deriving from, arising from, resulting from, referring or alluding to, reflecting, containing, analyzing, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, or concerning.

6. The terms "REPRESENT" and "REPRESENTATION" shall mean the provision of legal advice or counsel, appearance in a legal matter, or the preparation of legal instruments, including with respect to the preparation of any OBJECTION, DOCUMENTS, legal pleadings, arguments, settlements, or settlement negotiations.

7. The term "OBJECTION" shall mean any legal filings or pleadings opposing a proposed or existing class action settlement or an award of attorneys' fee and costs in a class action case.

8. The term "PERSON" shall mean any natural person, firm, association, organization, partnership, corporation, joint venture, trust or public entity.

9. The term "CRT ANTITRUST LITIGATION" shall mean the Indirect Purchaser actions in the matter entitled *In Re: Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. CV-07-5944-SC, MDL No. 1917, pending in the U.S. District Court for the Northern District of California.

## INSTRUCTIONS

1. The DOCUMENTS to be produced pursuant to these requests specifically embrace, in addition to documents within YOUR possession, custody or control, documents within the possession, custody or control of YOUR agents or representatives, including YOUR attorneys.

2. Unless otherwise specified, the relevant time period for these requests is from March 1, 1995 to the present.

3. In accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, if ANY document responsive to these Requests is withheld based upon a claim of privilege OR trial preparation material, state separately for each such document, in addition to ANY other information requested: (a) the nature of the privilege claimed; (b) its date; (c) its author; (d) its addressees, if ANY; (e) the title OR position of its author, as well as the author's addressees); (f) the type of document (e.g., letter, memorandum, electronic mail, report, recording disc, etc.); (g) its title AND general subject matter (without revealing the information as to which the privilege is claimed); AND (h) with sufficient specificity to permit the Court to make a full determination as to whether the claim of privilege is valid, the factual basis on which YOU claim such privilege.

## REQUESTS FOR PRODUCTION

1. All DOCUMENTS supporting YOUR OBJECTION filed in the CRT ANTITRUST LITIGATION, including those supporting YOUR assertion that YOU are a member of the Settlement Class in the CRT ANTITRUST LITIGATION.

2. All DOCUMENTS RELATING TO any COMMUNICATION with any PERSON (including but not limited to Christopher Bandas or any other attorney) RELATING to the CRT ANTITRUST LITIGATION.

3. All DOCUMENTS RELATING TO the REPRESENTATION of YOU by any PERSON IN RELATION TO the CRT ANTITRUST LITIGATION.

4. All DOCUMENTS RELATING TO agreements between YOU and any other PERSON (including but not limited to Christopher Bandas or any other attorney) IN RELATION TO the CRT ANTITRUST LITIGATION.

5. All DOCUMENTS RELATING TO any OBJECTION filed in any court or proceeding in the last five (5) years by YOU, or by any attorney who is currently involved or associated with the REPRESENTATION of YOU in the CRT ANTITRUST LITIGATION.

6. ALL DOCUMENTS RELATING TO any settlement made IN RELATION TO any OBJECTION (or subsequent appeal) filed in the last five (5) years by YOU, or by any attorney who is currently involved or associated with the REPRESENTATION of YOU in the CRT ANTITRUST LITIGATION.

7. All DOCUMENTS RELATING TO the amount of any monetary compensation received by YOU, or by any attorney who is currently involved or associated with the REPRESENTATION of YOU in the CRT ANTITRUST LITIGATION, for any OBJECTION within in the last five (5) years.

8. All DOCUMENTS RELATING TO changes made to any settlements as a result of any OBJECTION made within the last five (5) years by YOU, or by any attorney who is currently involved or associated with the REPRESENTATION of YOU in the CRT ANTITRUST LITIGATION.

ATTACHMENT A TO INDIRECT PURCHASER PLAINTIFFS' NOTICE OF DEPOSITION