**EXHIBIT 14**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 1) CV02-90-CAS(AJWx);<br>2) CV05-8842-CAS(CTx); and<br>3) SACV09-1112-CAS(AGRx) | Date | October 15, 2010 |
| Title | 1) *PAUL LOZANO v. AT&T WIRELESS SERVICES, INC.; ET AL.;*<br>2) *HEATHER STERN v. CINGULAR WIRELESS CORP.; ET AL.; and*<br>3) *HEATHER STERN; ET AL. v. AT&T WIRELESS SERVICES, INC.; ET AL.* | | |

Present: The Honorable   CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE

| Catherine M. Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:

Robert Curtis
J. Paul Gignac
Hunter Pyle

Attorneys Present for Defendants:

Kathleen Balderrama
Steven Rice

Attorneys Present for Objectors:
Darrell Palmer
J. Garrett Kendrick
Jason Thompson

**Proceedings:**   STATUS CONFERENCE

Hearing held and counsel are present. The Court confers with counsel. The Court denies Objectors' Ex Parte Application for Motion to Quash Deposition Notices filed October 7, 2010.

The Court orders that the plaintiffs may proceed with the depositions of the six (6) objectors, as stated in Court and on the record, and shall be completed on or before October 29, 2010.

The depositions shall be limited to the objectors' standing, factual allegations supporting objections, and whether objections in other class action cases have been made by the objectors. Each deposition shall be limited to two (2) hours, occur at the deponents location, and counsel must accommodate the deponents. Plaintiffs' counsel shall bear all costs for the depositions, to include providing a copy of the deposition to the prospective objector's counsel. Plaintiffs' costs shall not include objectors' counsels' time, which the Court reserves ruling on, subject to be determined by the Court.
///
///

Case 4:07-cv-05944-JST   Document 1089-16   Filed 03/15/12   Page 3 of 12

Case4:07-md-01819-CW   Document1386-17   Filed09/14/11   Page3 of 44
Case 2:05-cv-08842-CAS -CT   Document 344   Filed 10/15/10   Page 2 of 2   Page ID #:3639

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 1) CV02-90-CAS(AJWx);<br>2) CV05-8842-CAS(CTx); and<br>3) SACV09-1112-CAS(AGRx) | Date | October 15, 2010 |
| Title | 1) *PAUL LOZANO v. AT&T WIRELESS SERVICES, INC.; ET AL.*;<br>2) *HEATHER STERN v. CINGULAR WIRELESS CORP.; ET AL.*; and<br>3) *HEATHER STERN; ET AL. v. AT&T WIRELESS SERVICES, INC.; ET AL.* | | |

///

If objectors are to be subpoenaed for deposition, objectors' counsel shall inform plaintiffs' counsel on or before October 18, 2010.

|  | 00 : 47 |
|---|---|
| Initials of Preparer | CMJ |

1

```
 1                    UNITED STATES OF AMERICA
                   UNITED STATES DISTRICT COURT
 2                 CENTRAL DISTRICT OF CALIFORNIA
                         WESTERN DIVISION
 3
                              - - -
 4              HONORABLE CHRISTINA A. SNYDER
              UNITED STATES DISTRICT JUDGE PRESIDING
 5                            - - -

 6
      HEATHER STERN,                    )
 7                                      )
              PLAINTIFF,                )
 8                                      )
      VS.                               )    CASE NO.:
 9                                      )    CV 05-8842-CAS AND
      AT&T MOBILITY CORPORATION,        )    RELATED CASES
10    ET AL.                            )    CV 02-90-CAS AND
                                        )    SA CV 09-1112
11            DEFENDANT.                )
                                        )
12    _____ )

13

14

15             REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                   FRIDAY, OCTOBER 15, 2010

17                    LOS ANGELES, CALIFORNIA

18

19

20

21
                     LAURA MILLER ELIAS, CSR 10019
22                   FEDERAL OFFICIAL COURT REPORTER
                   312 NORTH SPRING STREET, ROOM 453
23                    LOS ANGELES, CALIFORNIA 90012
                         PH:  (213)620-0890
24

25
```

UNITED STATES DISTRICT COURT

2

```
 1   APPEARANCES OF COUNSEL:

 2   ON BEHALF OF PLAINTIFF:
         FOLEY BEZEK BEHLE & CURTIS
 3       BY: ROBERT A. CURTIS, ESQ.
         15 W. CARRILLO STREET
 4       SANTA BARBARA, CALIFORNIA 93101

 5       ARIAS OZZELLO & GIGNAC
         BY:  J. PAUL GIGNAC, ESQ.
 6       115 S. LA CUMBRE LANE
         SUITE 300
 7       SANTA BARBARA, CALIFORNIA 93105

 8       SUNDEEN SALINAS & PYLE
         BY:  HUNTER PYLE, ESQ.
 9       1330 BROADWAY
         SUITE 1830
10       OAKLAND, CALIFORNIA 94612

11   ON BEHALF OF DEFENDANT:
         CROWELL MORING
12       BY:  KATHLEEN BALDERRAMA, ESQ.
         STEVEN P. RICE, ESQ.
13       3 PARK PLAZA
         20TH FLOOR
14       IRVINE, CALIFORNIA 92614

15   ON BEHALF OF OBJECTORS LYNCH:
         KENDRICK & NUTLEY
16       BY:  J. GARRETT KENDRICK, ESQ.
         1055 E. COLORADO BOULEVARD
17       5TH FLOOR
         PASADENA, CALIFORNIA 91106
18
     ON BEHALF OF OBJECTORS BROWN, HOPKINS AN COCHRAN:
19       DARRELL PALMER, ESQ.
         603 N. HIGHWAY 101 #A
20       SOLANA BEACH, CALIFORNIA 92075

21   ON BEHALF OF OBJECTOR GAMBELLO:
         THOMPSON & THOMPSON
22       BY:  JASON J. THOMPSON, ESQ.
         3510 N. ST. MARY'S
23       SUITE 100
         SAN ANTONIO, TEXAS 78212
24

25
```

Case4:07-md-00682-JWA   Document 2188 Filed 1711/24/10 941 of 53.   Page 6 of 480

3

```
 1                              INDEX

 2

 3
       PROCEEDINGS                              PAGE
 4

 5

 6     STATUS CONFERENCE                          4

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT

4

```
 1    LOS ANGELES, CALIFORNIA; FRIDAY, OCT. 15, 2010; 11:30  A.M.
 2                              - - -
 3            THE CLERK:  Calling Calendar Item No. 4.
 4            CV 02-90, CV 05-8842 and Santa Ana Case CV 09-1112.
 5            It's the Stern versus AT&T, et al matter.
 6            Counsel, please state your appearances.
 7            MR. CURTIS:  Good morning, Your Honor.  Robert
 8    Curtis on behalf of the plaintiff.
 9            THE COURT:  Good morning.
10            MR. GIGNAC:  Good morning, Your Honor.  Also
11    present as class counsel on behalf of the plaintiffs on all
12    three cases, J. Paul Gignac.
13            THE COURT:  Good morning.
14            MR. PYLE:  Good morning, Your Honor.  Hunter Pyle
15    for the UCC/Stern II class.
16            THE COURT:  Good morning.
17            MS. BALDERRAMA:  Good morning, Your Honor.
18    Kathleen Balderrama and Steven Rice for defendants.
19            THE COURT:  Good morning.
20            MR. KENDRICK:  Good morning, Your Honor.  Garret
21    Kendrick for the Lynch objectors.
22            THE COURT:  Good morning.
23            MR. PALMER:  Good morning.  Darrell Palmer on
24    behalf of objectors Hopkins, Brown and Cochran.
25            THE COURT:  Good morning.
```

12

```
 1   counsel.  Who wishes to be heard?
 2          MS. BALDERRAMA:  Good morning, Your Honor.
 3   Kathleen Balderrama for defendants.
 4          THE COURT:  Do you have anything to add?
 5          MS. BALDERRAMA:  Not really, Your Honor.  I believe
 6   Mr. Curtis has covered it.
 7          THE COURT:  Then let me go to the objectors.  Who
 8   wishes to speak on behalf of the objectors?
 9          MR. PALMER:  May it please, Your Honor, Darrell
10   Palmer on behalf of the objectors Hopkins, Brown and Cochran.
11          THE COURT:  All right.
12          MR. PALMER:  The fact remains, Your Honor, this is
13   the perfect example of the latest fad in representations in
14   class counsel seminars where they advise people how to
15   dissuade people from objecting by making poorly drafted,
16   procedurally improper deposition notices and that's what we
17   have here.  It's a total -- it's a perfect example of why not
18   only your courtroom rules, the local rules and the Rules of
19   Civil Procedure require meet and confer.  When we received
20   these notices without so much as a phone call, I immediately
21   responded.  Suggested that they let us know what issues they
22   were concerned about and they said they didn't have to tell
23   me.  It was a very haughty and egotistical response.
24          THE COURT:  Okay, but we know now.
25          MR. PALMER:  We know now, but they still haven't
```

13

```
 1   complied with the rules, Your Honor.  If they wish to bring a
 2   motion, a proper motion, a noticed motion before the Court
 3   explaining why they need to take these depositions and
 4   explaining why they haven't complied with the meet and
 5   confer.
 6           THE COURT:  Where are you getting that from?  Tell
 7   me the source of that argument.  What rule requires that in
 8   the context of a settlement of a class action case?
 9           MR. PALMER:  No rule requires that, but it does
10   require before you file a motion in this court that you meet
11   and confer on issues regarding discovery.
12           THE COURT:  On a regular 28-day motion, but this is
13   a different situation and the Court has the ability to waive
14   that provision.
15           MR. PALMER:  I understand.
16           THE COURT:  So believe me, this is not a case that
17   cries out for Local Rule 7.3 compliance it seems to me.  What
18   has to happen here, because I'm quite serious.  I don't want
19   to sit around and evaluate objections by people who don't
20   have standing.  Presumably, some of your clients do have
21   standing and then I have a duty to consider those objections.
22   But if the person doesn't even have standing, we're going
23   nowhere.  So it seems to me to that as I think unless you can
24   satisfy class counsel as to the bona fides of the
25   objection -- the objectors not the bona fides of the
```

14

```
 1   objection and what class that person is objecting to they
 2   have every right to take the deposition.
 3          Now, I think they've got to do it on some form of
 4   notice.  I'm not sure whether a subpoena is necessary or not.
 5   I wouldn't think so to the extent that you represent your
 6   clients, but if you insist on subpoenas, then fine we'll go
 7   in that direction and we can proceed however we need to
 8   proceed.  I really just want to get to the facts here.
 9          MR. PALMER:  I agree.  And that's why a letter or
10   phone call should have been made instead of taking your most
11   valuable time this morning dragging everybody to Los Angeles.
12   It's just ridiculous for them to go through this procedure.
13   By the way, my clients' addresses are clearly stated right on
14   the objection.
15          THE COURT:  I understand that.  I gather that from
16   the presentation that was made, but not all the clients were
17   and there are still questions it seems to me as to what class
18   your clients belong to.
19          MR. PALMER:  Well, that would hardly justify
20   getting everybody together again in one spot, hiring a court
21   reporter for what's going to turn out to be about a 5-page
22   deposition transcript when if they simply would send me the
23   questions I will answer them for them under oath if necessary
24   and that will be end of it.  I'm all about efficiency in this
25   process.
```

UNITED STATES DISTRICT COURT

15

```
1              THE COURT:  I know you're all about efficiency, but
2    they do have a right to take the deposition.
3              MR. PALMER:  Well, Your Honor, I don't think they
4    have a right to take a nonparty's deposition without a very
5    serious showing of relevance and need.  I don't think they
6    have met that burden.
7              THE COURT:  Well, I do.
8              MR. PALMER:  I understand.
9              THE COURT:  I do.  I think it is appropriate to
10   take the deposition.  Obviously, I want to inconvenience your
11   clients as little as possible and inconvenience you as little
12   as possible so I expect everyone to work out a reasonable
13   schedule.  But I do think they're entitled to take the
14   deposition and I am just not persuaded by the case law you
15   guys cite suggesting that those depositions can't be taken.
16             MR. PALMER:  I would only ask the Court that the
17   Court consider narrowing the scope of these depositions.  I
18   don't see any reason to ask where my clients went to
19   elementary school or what they do for a living or who they're
20   married to or anything else.
21             THE COURT:  Well, let me say this.  I certainly
22   think where they went to elementary school is not very
23   important.  If they have objected in multiple other class
24   action cases, I think they're entitled to know that.  I think
25   they are entitled to know whether or not there is standing in
```

16

```
 1   this case.  I think they do not have to get into the merits
 2   of objections if they are as to the attorneys' fees and
 3   issues as to that.  But I think we still have to establish
 4   whether your clients meet the requirements of standing.
 5            MR. PALMER:  Wouldn't it be more convenient and
 6   more efficient for the Court to simply order the objectors to
 7   submit sufficient information to establish standing?
 8            THE COURT:  Well, it may be, but it isn't always
 9   necessarily the best way to get that information.
10            MR. PALMER:  I'm happy to go to depositions.  I
11   have done thousands of them.
12            THE COURT:  Well, I think that's what we're going
13   to do.  Okay.
14            MR. THOMPSON:  Your Honor, may objector Gambello be
15   heard?
16            THE COURT:  Absolutely.
17            And just to clear things out of the way, I know
18   that initially we rejected an objection because we couldn't
19   tell that it was the objection of Mr. Gambello.  And we have
20   now signed all the pro hac vice so hopefully we haven't
21   confused you beyond a faretheewell.
22            MR. THOMPSON:  Well, and I hope I haven't confused
23   the court or clerk.  I think finally understand the nuance of
24   your filing system and I appreciate your patience with me.
25   As a matter of record, I want the Court to be aware that my
```