Hon. Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 774-2644
Fax: (415) 982-5287
Special Master

JAMS

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 07-5944 SC<br>MDL No. 1917<br>JAMS Reference No. 1100054618 |
| CRAGO, INC., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CHUNGHWA PICTURE TUBES, LTD., et al.,<br><br>Defendants | REPORT AND RECOMMENDATIONS REGARDING SCHEDULING ORDER, AND DISCOVERY AND CASE MANAGEMENT PROTOCOL |
| This Document Relates to ALL CASES | |

To the Honorable Samuel Conti, United States District Judge:

The Special Master is enclosing two proposed forms of order:

1. A Proposed Scheduling Order.

2. A Proposed Order re Discovery and Case Management Protocol.

Most of the provisions of these two orders have been agreed to by all of the parties. However, there are some disagreements to portions of each. Those disagreements were briefed, argued and submitted for decision. The enclosed two orders incorporate the agreed upon provisions and the Special Master's recommendations on the disagreements. The reasons for the Special Master's recommendations are discussed below.

## PROPOSED SCHEDULING ORDER

The enclosed proposed order defines the schedule up to the trial date, which is proposed to be in April of 2014. A few comments and cautions are appropriate:

1. The schedule does not govern certain procedures in the California Attorney General's case pending in state court. However, the Special Master is advised that the California Attorney General will follow the enclosed schedule to the extent possible.

2. This proposed scheduling order encompasses a large number of cases, and several types of cases: Direct Purchaser Class Action, Indirect Purchaser Class Action, Actions of Attorneys General, and Direct Action Plaintiffs. There are also a large number of defendants. The volume of these cases requires a large number of discovery steps and other procedures to be accomplished during the same time. The defendants propose splitting the schedule in such a way that the steps in the various types of cases are somewhat different. Defendants do so because they believe that would ease the burdens of the discovery and motions. However, the Special

Master recommends that the schedule follow the structure of the plaintiffs' recommendations; that is, the key pretrial events in all of the cases will be on roughly the same schedule. The Special Master has concluded that in view of all the discovery and procedures which must be accomplished before the anticipated trial dates, the defendants' proposed splitting of the schedule will not ease the burdens, and may indeed complicate the burdens because of events being on separate schedules in related cases. In order to ease the burdens and control the procedures, the Special Master recommends adding a date, January 24, 2013, for a status conference before the Special Master regarding the discovery and motions, and consideration of possible changes to the schedule.

      3. The schedule does not include any consideration of how these cases shall be tried. And the number and types of cases will pose problems in the handling of the trial. But the immediate focus of this order is on the discovery, motions and other procedures leading up to the trials.

      4. The following are certain decisions made by the Special Master in recommending the enclosed schedule:

      a. Plaintiffs want a mediation date on April 26th of this year. However, the Special Master recommends that it be in August of 2013. The reason is that there will probably be few if any depositions taken by April of this year, and a mediation will be more effective after the parties have a quantity of discovery, including depositions, completed before the mediation.

      b. Plaintiffs request that the dates for their filing of class certification motions and expert reports be contingent upon their receipt of all documents which the defendants are required to produce. The Special Master believes that provision is inappropriate. Production of the discovery is otherwise being negotiated by the parties, and occasionally by motions before the Special Master. To allow an open-ended right for the plaintiffs to decide on the adequacy of the

defendants' discovery responses could result in substantial misunderstandings and delays of the entire schedule.

c. Plaintiffs request that the close of fact discovery be at the end of March 2013. The Special Master recommends that the date be August 30, 2013. That seems more realistic for the large volume of necessary discovery.

d. The Special Master recommends a hearing on the motions in limine be held on February 26, 2014, with the final pretrial conference on March 5, 2014. Those dates would lead to the commencement of the trials on April 14, 2014.

e. The pretrial and trial dates are of course subject to the availability of Your Honor.

The Special Master therefore recommends the Court's adoption of the proposed scheduling order attached to this report.

## PROPOSED ORDER RE DISCOVERY AND CASE MANAGEMENT PROTOCOL

Most of this proposed order was agreed to by plaintiffs and defendants, and this report will discuss only the matters on which the parties did not agree and which were heard by the Special Master.

1. Plaintiffs requested a provision that plaintiffs serve a joint set of interrogatories, seeking the identities of individuals who defendants believe are likely to possess relevant information. Plaintiffs' stated purpose is to narrow the focus of the deposition discovery. However, the consequences would be to impose another layer of written discovery; and to force defendants to make judgments about which persons are likely to possess relevant information, under penalty of possible sanctions if they do not include everyone.

Because of the written discovery which plaintiffs have received, including interrogatory answers and voluminous documents, the Special Master believes that such a burden should not be placed on all defendants. If plaintiffs have good cause for a specific interrogatory on this subject directed to a specific defendant, plaintiffs are free to do so.

2. Defendants want limitations on the number of depositions of percipient witnesses, including limitations on the number of depositions of each defendant group. Plaintiffs are agreeable to limitations, but the parties are far apart on their requested numbers. Defendants believe that the number of depositions should be limited to 75 witnesses, with a limit of 10 of each defendant group. Plaintiffs seek 135 witnesses, with 18 per defendant group. At this stage of the case, defining the numbers of witnesses is bordering on guesswork. Plaintiffs and defendants have the experience of other litigation between them, and limitations set in other particular cases. However, all cases can be different and have their own problems. The Special Master believes that the deposition process should proceed a while before the parties or the Court can have a better indication of an appropriate maximum number. Therefore, the Special Master is at this time recommending initial limitations arbitrarily set between the requests of the two sides, but is also recommending another conference before the Special Master in January of 2013 to review the status of the discovery and make possible changes. By then there would be the experience of about eight or nine months of depositions. So the Special Master recommends that the maximum number of percipient depositions to be taken by the plaintiffs should initially be set at 120, with 12 per defense group.

The State of California has requested 25 additional depositions, but the Special Master believes that the additional claims which may be made by the Attorneys General do not require

5

that number of depositions. The Special Master therefore recommends that the Attorneys General be limited to 10 additional depositions.

3. Plaintiffs have requested that defendants be obliged to produce for deposition all of the custodians whose files they have agreed to search. The Special Master recommends that the request be denied, because defendants do not necessarily have present or future control over all of the named custodians.

4. The parties differ on the presumed locations for the depositions. Plaintiffs request that the depositions of witnesses who are residents of foreign countries should presumably take place in the Northern District of California. That would include 30 (b)(6) depositions, which usually have their own presumptions and procedures. Defendants request that the presumptive location be the principal place of business, or the actual place of each witness's employment.

It appears probable that most of the deposition witnesses in these cases will be residents of a foreign country. Some foreign countries pose substantial difficulties for the taking of depositions, and present compliance requirements with restrictions which are not known at the time the depositions are noticed or begun. And depositions outside of the capitol city of a country are likely to present additional local requirements. Further, the cost of a large number of attorneys flying to foreign countries for depositions is much greater than the cost of bringing individual witnesses from foreign countries to the Northern District of California.

The Special Master therefore recommends that the Northern District of California be the presumptive location for the taking of depositions of witnesses who are residents of foreign countries. This is a presumptive provision only, and is subject to adjustment based upon the burden on a particular witness of coming to the United States; the possibility of subjecting a

6

witness to additional court process; and any other factors which the foreign witness establishes as a valid reason for having the deposition taken in the foreign country.

If a request for a 30 (b)(6) deposition includes such a scope of subject matters as to make preparation of the witness difficult outside his principal place of business that deposition should be taken at his principal place of business.

5. The parties differ on whether there should be translations of the colloquy between counsel at a deposition, particularly colloquy about an objection to a question. All parties agree that the objection should be translated in full. They differ on the colloquy. The Special Master recommends that colloquy be translated. The witness should know the context of the objection that is being raised. He or she might otherwise be confused by the lawyers talking back and forth in English in a conversational or argumentative manner. There is a danger that the colloquy could provide the witness with outside information, could be used to coach the witness, or could be time consuming. However, the Special Master believes that those problems are minimized by the last phrase of paragraph VIIB.

6. With respect to translations, plaintiffs want to exempt from the requirement of certification those English translations that are produced by Chunghwa. However, the Special Master has subsequently recommended denial of plaintiffs' motion for the production of Chunghwa's English translations, so plaintiffs' proposed language for this order is moot.

7. Defendants object to paragraph XVIII. Such a provision was agreed to between the parties for a few months during 2011. But its expired term, and defendants object to such a provision being in effect throughout the pretrial phase of this case, encompassing the next two years. The Special Master recognizes the burden and the procedures necessary to comply with the requirement; and the procedures of various companies will make uniform compliance

difficult. However, the Special Master believes that the purpose behind the request has merit, in view of the difficulties of maintaining contact with potential witnesses once they change employers. The Special Master recommends that this obligation be in effect for the next four months, ending July 31, 2012. By that date, the parties should be well into their deposition program, and they should have some experience with both the need for such a provision and its benefits and burdens.

      The Special Master therefore recommends that the District Court approve the enclosed Proposed Scheduling Order and the Proposed Order Regarding Discovery and Case Management Protocol.

Respectfully submitted,

DATED: March 19, 2012

                                                *Charles A. Legge*
                                                HON. CHARLES A. LEGGE
                                                UNITED STATES DISTRICT JUDGE (RET.)
                                                SPECIAL MASTER