UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | Master File No. CV-07-5944-SC<br><br>MDL No. 1917<br><br>**NOTICE OF APPEAL**<br><br>Special Master: Hon. Charles A. Legge (Ret.) |

Notice is hereby given that Sean Hull, Objector, hereby files this Notice of Appeal to the United States Court of Appeals for the Ninth Circuit from the district court's March 22, 2012 Order of Final Approval of Settlement, and Overruling Objections to Settlement filed by Sean Hull and Final Judgment attached hereto and incorporated for all purposes. These are marked as Exhibits A and B.

Respectfully submitted,

By: _____
Sean Hull

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been forwarded to the Clerk and all counsel of record by method shown below on this the 23rd day of March 2012.

**Via U.S. Mail**
Honorable Charles A. Legge (Ret.) JAMS
Two Embarcadero, Ste. 1500
San Francisco, CA 94111

**Via U.S. Mail**
Mario N. Alioto, Esq.
Trump, Alioto, Trump & Prescott, LLP
2280 Union Street
San Francisco, CA 94123
**Interim Lead Counsel**

**Via U.S. Mail**
Joel S. Sanders, Esq.
Gibson Dunn & Crutcher LLP
555 Mission Street, Ste. 3000
San Francisco, CA 94105
**Defense Counsel**

_/s/ Sean Hall_
Sean Hull

Mario N. Alioto (56433)
Lauren C. Russell (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415-346-0679
Email: malioto@tatp.com;
laurenrussell@tatp.com

*Interim Lead Counsel for the*
*Indirect Purchaser Plaintiffs*



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-SC<br><br>MDL No. 1917<br><br>[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT WITH CHUNGHWA PICTURE TUBES, LTD. |
| This Document Relates to:<br>All Indirect Purchaser Actions | |
| | Hearing Date: March 15, 2012<br>Time: 2:00 p.m.<br>JAMS: Two Embarcadero Center, Suite 1500<br>Judge: Honorable Samuel Conti<br>Special Master: Charles A. Legge (Ret.) |

Indirect Purchaser Plaintiffs' ("Plaintiffs") request for final approval of the settlement entered into with Chunghwa Picture Tubes, Ltd. ("Settling Defendant") and preliminarily approved by this Court on August 9, 2011 (the "Settlement") (*see* Docket Entry ("DE") 993) came on for hearing before Special Master Charles A. Legge (Ret.) (the "Hearing") on March 15, 2012. The Special Master has considered the relief requested, the papers filed in support

1

of this motion and in support of the motion for preliminary approval (*see* DE 884),[1] and all other arguments presented at the hearing. Due and adequate notice having been given, and good cause appearing therefor, it is:

ORDERED, ADJUDICATED AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of the request and all matters relating thereto, including all members of the Class.

2. For purposes of this Order, except as otherwise set forth herein, the Special Master adopts and incorporates the definitions contained in the Settlement.

3. For settlement purposes only and pursuant to Federal Rule of Civil Procedure 23, the Special Master determines that the following settlement class (the "Class")[2] be certified:

> All persons and or entities who or which indirectly purchased in the United States CRT Products manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or co-conspirator thereof, at any time during the period from at least March 1, 1995 through at least November 25, 2007, except, for purposes of claims on behalf of Illinois persons (as defined by 740 ILCS 10/4) under 740 Ill. Comp. Stat. § 10/7(2) and Oregon natural persons under ORS §§ 646.780(5)(a). Such Illinois and Oregon persons (as identified in the preceding sentence) shall instead be represented by the Attorney General of their state pursuant to the *parens patriae* authority granted to each Attorney General by those statutes. Specifically excluded from this Class are claims on behalf of Washington persons (as defined by RCW 19.86.010) for purposes of claims under RCW 19.86.080(1); the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and, any affiliate, legal representative, heir or assign of any Defendant. Also excluded are any federal, state or local government entities, any judicial officer presiding over this action and the members of his/her immediate family and

---

[1] A copy of the Settlement Agreement is attached as Exhibit 1 to the Declaration of Mario N. Alioto In Support Of Motion For Preliminary Approval Of Class Action Settlement With Chunghwa Picture Tubes, Ltd. *See* DE 884-1.

[2] Pursuant to the Special Master's Report and Recommendations Regarding Proposed Settlement With Chunghwa (DE 970), the Class definition approved by the Court is different from the Class definition in the Settlement Agreement.

judicial staff, and any juror assigned to this action.

4. The Special Master further finds that the prerequisites to a class action under Federal Rule of Civil Procedure 23 are satisfied for settlement purposes in that:

(a) there are thousands of class members and therefore joinder of all members is impracticable;

(b) there are questions of law or fact common to the class which predominate over individual issues;

(c) the claims or defenses of the class plaintiffs are typical of the claims or defenses of the class; and

(d) the class plaintiffs will fairly and adequately protect the interests of the class, and have retained counsel experienced in complex antitrust class action litigation who have and will continue to adequately represent the class.

5. Those persons or entities set out in Exhibit 1 attached hereto, have timely and validly requested exclusion from the Class and, therefore, are excluded.

6. Due and adequate notice of the Settlement was provided to the Class, including notice of the Settlement that was disseminated by publications in newspapers, Sunday supplements, direct mail and press releases, as well as postings on the website established for this case, www.CRTsettlement.com. Such notice was given in accordance with this Court's Order Granting Preliminary Approval of Class Action Settlement with Defendant Chunghwa Picture Tubes, Ltd. *See* DE 993. Such notice adequately advised the Class of the Settlement, of their right to exclude themselves from the Class or to object to the Settlement. The manner of giving notice provided in this case fully satisfies the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto. A full and fair opportunity was provided to the members of the Class to be heard regarding the Settlement.

7. One objection to the Settlement was filed by Sean Hull. The objection is

1  hereby overruled on the grounds that the objector has failed to submit proof or otherwise
2  establish that he is a member of the Class, and therefore lacks standing to challenge the
3  Settlement. Additionally, the objection is otherwise without merit for the reasons set forth in
4  Plaintiffs' Memorandum in Support of Final Approval of Class Action Settlement with
5  Defendant Chunghwa Picture Tubes, Ltd., and as argued at the Final Fairness Hearing.

6     8.   The Settlement is, in all respects, fair, adequate and reasonable to the Class.
7  Accordingly, the Court hereby grants final approval of the Settlement.

Dated: March 21, 2012

Hon. Charles A. Legge (Ret.)

REVIEWED AND [APPROVED ~~OR MODIFIED~~]

Dated: Mar. 22, 2012

Hon. Samuel Conti
United States District Judge

# EXHIBIT 1

## REQUESTS FOR EXCLUSION
(All Timely)

| REFERENCE NAME | COMPLETE DESCRIPTION |
|---|---|
| 1. Circuit City Stores | Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust, on behalf of itself and Circuit City Stores, Inc. and its affiliated debtors |
| 2. Old Comp | Old Comp Inc. and each of its parents, predecessors, successors, subsidiaries, agents, affiliates, partners, acquisitions, assignors, divisions, departments, and offices, including, but not limited to,<br>Old Comp Inc. (formerly known as CompUSA Inc.)<br>CompUSA GP Holdings Company<br>CompUSA Holdings Company<br>CompUSA Stores L.P.<br>CompUSA Management Company<br>CompTeam Inc.<br>Cozone.com Inc.<br>BeOn Inc. (formerly known as CompUSA PC Inc.)<br>BeOn Operating Company (formerly known as CompUSA PC Operating Company)<br>Computer City Inc.<br>Good Guys Inc.<br>Good Guys California, Inc.<br>Goodguys.com Inc. |
| 3. PBE Consumer Electronics | PBE Consumer Electronics, LLC and related entities |
| 4. Petters Company | Douglas A. Kelley, as Chapter 11 Trustee for Petters Company, Inc. and related entities and as Receiver for Petters Company, LLC and related entities |

| | |
|---|---|
| 5. RadioShack | RadioShack Corporation and each of its parents, predecessors, successors, subsidiaries, agents, affiliates, partners, acquisitions, assignors, divisions, departments, and offices, including, but not limited to, RadioShack Corporation |
| 6. Sears | Sears, Roebuck and Co. and Kmart Corporation and each of its parents, predecessors, successors, subsidiaries, agents, affiliates, partners, acquisitions, assignors, divisions, departments, and offices, including, but not limited to,<br>    Sears, Roebuck and Co.<br>    Sears Holding Corporation<br>    Sears Holdings Management Corporation<br>    Kmart Corporation<br>    Kmart Management Corporation<br>    Kmart Holdings Corporation |
| 7. Target | Target Corporation and each of its parents, predecessors, successors, subsidiaries, agents, affiliates, partners, acquisitions, assignors, divisions, departments, and offices, including, but not limited to, Target Corporation |
| 8. ViewSonic | ViewSonic Corporation and each of its parents, predecessors, successors, subsidiaries, agents, affiliates, partners, acquisitions, assignors, divisions, departments, and offices, including, but not limited to,<br>    ViewSonic Corporation<br>    ViewSonic International Corporation<br>    ViewSonic Display Limited<br>    ViewSonic Hong Kong Limited |
| 9. Wal-Mart | Wal-Mart Stores, Inc. and its subsidiaries and affiliates, including but not limited to Wal-Mart Stores East, LP; Wal-Mart Stores Texas, LLC; Wal-Mart Louisiana, LLC; Wal-Mart Stores Arkansas, LLC; and Walmart.com USA, LLC (collectively operating as Walmart); and Sam's West, Inc. and Sam's East, Inc. (collectively operating as Sam's Club) |
| 10. Rhodrick Harden | Rhodrick Harden from Columbus, Ohio |

Mario N. Alioto (56433)
Lauren C. Russell (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com;
laurenrussell@tatp.com

*Interim Lead Counsel for the Indirect Purchaser Plaintiffs*

EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-SC<br><br>MDL No. 1917<br><br>[PROPOSED] FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD. |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | |
| | Hearing Date: March 15, 2012<br>Time: 2:00 p.m.<br>JAMS: Two Embarcadero Center, Suite 1500<br>Judge: Hon. Samuel Conti<br>Special Master: Hon. Charles A. Legge (Ret.) |

[PROPOSED] FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO CHUNGHWA PICTURE TUBES AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD., LTD. — Master File No. CV-07-5944-SC

This matter has come before the Special Master to determine whether there is any cause why this Court should not approve the settlement with Chunghwa Picture Tubes, Ltd. ("Defendant") set forth in the settlement agreement ("Settlement"), dated April 8, 2009, relating to the above-captioned litigation, *In re Cathode Ray Tube (CRT) Antitrust Litigation*, Case No.3:07cv 05944 SC, MDL No. 1917 (N.D. Cal.) ("Action"). The Special Master after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, has determined (1) that the Settlement should be approved, and (2) that there is no just reason for delay of the entry of this final Judgment approving the Settlement. Accordingly, the Special Master directs entry of Judgment which shall constitute a final adjudication of this case on the merits as to the parties to the Settlement. Good cause appearing therefor, it is:

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation and over the parties to the Settlement, including all members of the Class and the Defendant.

2. The definitions of terms set forth in the Settlement are incorporated hereby as though fully set forth in this Judgment.

3. The Special Master hereby finally approves and confirms the settlement set forth in the Settlement and finds that said settlement is, in all respects, fair, reasonable and adequate to the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4. The persons/ entities set out in Exhibit 1, attached hereto, have timely and validly requested exclusion from the Class and, therefore, are excluded. Such persons/entities are not included in or bound by this Final Judgment. Such persons/entities are not entitled to any recovery from the settlement proceeds obtained through the Settlement.

5. This Court hereby dismisses on the merits and with prejudice the Action, certified as a settlement class in the Court's Order Granting Final Approval of the Settlement, in favor the Defendant, with each party to bear their own costs and attorneys' fees (subject to any motion, or application, to be made by Plaintiffs' Class Counsel to seek attorneys' fees, costs, expenses,

1

[PROPOSED] FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO CHUNGHWA PICTURE TUBES AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD., LTD. — Master File No. CV-07-5944-SC

1  including expert fees and costs, and other such items from the Settlement Fund as provided for in
2  the Settlement).

3    6. All persons and entities who are Releasors are hereby barred and enjoined from
4  commencing, prosecuting, or continuing any claims, demands, actions, suits, or causes of action, or
5  otherwise seeking to establish liability, against Chunghwa Picture Tubes, Ltd. and Chunghwa
6  Picture Tubes (Malaysia) Sdn. Bhd. ("Releasees") based, in whole or in part, upon any of the
7  Released Claims or conduct at issue in the Released Claims (as defined and limited in the
8  Settlement).

9    7. Releasees are hereby and forever released and discharged with respect to any and all
10 claims, demands, actions, suits, or causes of action which the Releasors had or have arising out of or
11 related to any of the Released Claims (as defined and limited in the Settlement).

12    8. The notice given to the Class of the settlement set forth in the Settlement and other
13 matters set forth therein was the best notice practicable under the circumstances. Said notice
14 provided due and adequate notice of the proceedings and of the matters set forth therein, including
15 the proposed settlement set forth in the Settlement, to all persons entitled to such notice, and said
16 notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the
17 requirements of due process.

18    9. One objection to the Settlement was filed by Sean Hull. The objection is hereby
19 overruled on the grounds that the objector has failed to submit proof or otherwise establish that he is
20 a member of the Class, and therefore lacks standing to challenge the Settlement. Additionally, the
21 objection is otherwise without merit for the reasons set forth in Plaintiffs' Memorandum in Support
22 of Final Approval of Class Action Settlement with Defendant Chunghwa Picture Tubes, Ltd., and as
23 argued at the Final Fairness Hearing.

24    10. Without affecting the finality of this Judgment in any way, this Court hereby retains
25 continuing jurisdiction over: (a) implementation of this settlement and any distribution to Class
26 Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) hearing
27 and determining applications by Plaintiffs' Class Counsel for attorneys' fees, costs, expenses,
28 including expert fees and costs, and other such items; (d) the Class Action until the final judgments

2

[PROPOSED] FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO CHUNGHWA PICTURE TUBES
AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD., LTD. -- Master File No. CV-07-5944-SC

contemplated hereby have become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement; and (e) all parties to the Class Action and Releasees for the purpose of enforcing and administering the Settlement and the mutual releases and other documents contemplated by, or executed in connection with the Settlement.

    11.    In the event that the settlement does not become effective in accordance with the terms of the Settlement, then the judgment shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void and, except as otherwise provided in the Settlement, the parties shall be returned to their respective positions ex ante.

    12.    The Special Master determines, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that this Final Judgment should be entered and further finds that there is no just reason for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the Settlement. Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

Dated: March 21, 2012

    Hon. Charles A. Legge (Ret.)

REVIEWED AND [APPROVED ~~OR MODIFIED~~]

Dated: Mar. 22, 2012

    Hon. Samuel Conti
    United States District Judge

3

[PROPOSED] FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO CHUNGHWA PICTURE TUBES AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD., LTD. — Master File No. CV-07-5944-SC

# EXHIBIT 1

## REQUESTS FOR EXCLUSION
(All Timely)

| REFERENCE NAME | COMPLETE DESCRIPTION |
|---|---|
| 1. Circuit City Stores | Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust, on behalf of itself and Circuit City Stores, Inc. and its affiliated debtors |
| 2. Old Comp | Old Comp Inc. and each of its parents, predecessors, successors, subsidiaries, agents, affiliates, partners, acquisitions, assignors, divisions, departments, and offices, including, but not limited to, <br>Old Comp Inc. (formerly known as CompUSA Inc.) <br>CompUSA GP Holdings Company <br>CompUSA Holdings Company <br>CompUSA Stores L.P. <br>CompUSA Management Company <br>CompTeam Inc. <br>Cozone.com Inc. <br>BeOn Inc. (formerly known as CompUSA PC Inc.) <br>BeOn Operating Company (formerly known as CompUSA PC Operating Company) <br>Computer City Inc. <br>Good Guys Inc. <br>Good Guys California, Inc. <br>Goodguys.com Inc. |
| 3. PBE Consumer Electronics | PBE Consumer Electronics, LLC and related entities |
| 4. Petters Company | Douglas A. Kelley, as Chapter 11 Trustee for Petters Company, Inc. and related entities and as Receiver for Petters Company, LLC and related entities |

| | |
|---|---|
| 5. RadioShack | RadioShack Corporation and each of its parents, predecessors, successors, subsidiaries, agents, affiliates, partners, acquisitions, assignors, divisions, departments, and offices, including, but not limited to, RadioShack Corporation |
| 6. Sears | Sears, Roebuck and Co. and Kmart Corporation and each of its parents, predecessors, successors, subsidiaries, agents, affiliates, partners, acquisitions, assignors, divisions, departments, and offices, including, but not limited to,<br>    Sears, Roebuck and Co.<br>    Sears Holding Corporation<br>    Sears Holdings Management Corporation<br>    Kmart Corporation<br>    Kmart Management Corporation<br>    Kmart Holdings Corporation |
| 7. Target | Target Corporation and each of its parents, predecessors, successors, subsidiaries, agents, affiliates, partners, acquisitions, assignors, divisions, departments, and offices, including, but not limited to, Target Corporation |
| 8. ViewSonic | ViewSonic Corporation and each of its parents, predecessors, successors, subsidiaries, agents, affiliates, partners, acquisitions, assignors, divisions, departments, and offices, including, but not limited to,<br>    ViewSonic Corporation<br>    ViewSonic International Corporation<br>    ViewSonic Display Limited<br>    ViewSonic Hong Kong Limited |
| 9. Wal-Mart | Wal-Mart Stores, Inc. and its subsidiaries and affiliates, including but not limited to Wal-Mart Stores East, LP; Wal-Mart Stores Texas, LLC; Wal-Mart Louisiana, LLC; Wal-Mart Stores Arkansas, LLC; and Walmart.com USA, LLC (collectively operating as Walmart); and Sam's West, Inc. and Sam's East, Inc. (collectively operating as Sam's Club) |
| 10. Rhodrick Harden | Rhodrick Harden from Columbus, Ohio |