UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **[PROPOSED] ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM OBJECTOR SEAN HULL**<br><br>Special Master: Hon. Charles A. Legge (Ret.)<br>Hon. Samuel Conti, U.S. District Judge |

This matter came before the Court on Indirect Purchaser ("IP") Plaintiffs' Motion To Compel Discovery From Objector Sean Hull. The Court has reviewed the papers filed in support of the motion. No opposition to the motion was filed. For the reasons set forth below, IP Plaintiffs' Motion To Compel Discovery From Objector Sean Hull is hereby GRANTED.

IP Plaintiffs sought discovery from objector Hull to obtain relevant information regarding (1) his alleged standing as a Settlement Class member to assert objections, (2) the underlying bases for his objection, and (3) his relationship with "professional" or "serial" objector counsel that Plaintiffs' counsel believe instigated his objection to the settlement with Chungwa Picture Tubes, Ltd. ("Chungwa"). While Plaintiffs' counsel devoted several weeks (*i.e.*, from February 8, 2012 to 26,

1

2012) to attempting to obtain relevant information from Hull informally and to serving him with a deposition subpoena and document request, Hull sought to evade the discovery and service.[1] After Hull was successfully served, Plaintiffs counsel sought to meet and confer regarding a convenient deposition date. Hull ignored these overtures. Plaintiffs' counsel thereafter advised Hull that counsel intended to travel to Denver for Hull's deposition, and requested that Hull advise Plaintiffs' counsel if he did not intend to comply with the subpoena. Hull did not object to the subpoena, and did not communicate his intentions in any way. Counsel traveled to Denver for the March 6 deposition and Hull failed to appear.[2]

Federal Rule of Civil Procedure 30(a)(1) permits a party to "depose any person, including a party, without leave of court . . .," and states that "[t]he deponent's attendance may be compelled by subpoena under Rule 45." Some courts have held that "absent class members are parties to an action, properly before the court, and subject to its judicial orders." *McCubbrey v. Boise Cascade Home & Land Corp.*, 71 F.R.D. 62, 72 (N.D. Cal. 1976). To the extent Hull is considered a party, his deposition may be noticed pursuant to Rule 30. To the extent he is considered a non-party, Rule 45 governs discovery sought from him. *See, e.g., Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679

---

[1] The process server made 9 (nine) unsuccessful service attempts on Hull from February 10-14, 2012. Plaintiffs' counsel also requested Hull's deposition and documents in written communications in that time frame. Additional service attempts were made on February 24 and 25, 2012. On February 26, 2012, Hull was approached by the server outside his house, verbally acknowledged that he was Sean Hull, and then attempted to evade service by running into his house and not answering the door upon request thereafter. At Hull's front door, the server then announced that Hull was being served with the subpoena for a deposition on the noticed date, and left copies of the subpoena at the door and on the windshield of Hull's automobile. Thus, Hull was delivered a copy of the subpoena in compliance with Fed. R. Civ. Proc. 45(b)(1). *Accord Bayview Loan Servicing, LLC, v. Boland*, No. 08-cv-00566-WDM-KLM, 2009 WL 2514154, *2 (D. Colo. Aug. 14, 2009) ("The rules governing service of process are not designed to create an obstacle course for [serving parties] to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction") (quotations omitted; brackets in orig.).

[2] After having served Hull, Plaintiffs' counsel could not assume he was not going to appear because (1) he had appeared for a deposition in another case wherein he asserted objections; and (2) IP Plaintiffs might have been subject to costs for failing to show up if Hull did in fact appear. *See e.g.*, Fed R. Civ. Proc. 30(g). Because Hull refused to communicate, Plaintiffs counsel had to travel to Denver for the deposition in case Hull decided to appear.

[PROPOSED] ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM OBJECTOR SEAN HULL
Master File No. CV-07-5944-SC, MDL No. 1917

(N.D. Cal. 2006); *Del Campo v. Kennedy*, 236 F.R.D. 454, 457 (N.D. Cal. 2006). The scope of permissible discovery, sought by subpoena or otherwise, is ultimately governed by Rule 26(b), which permits the discovery of any non-privileged material "relevant to the claim or defense of any party," even if inadmissible, as long as it "appears reasonably calculated to lead to the discovery of admissible evidence." *See Gonzales*, 234 F.R.D. at 679 (*quoting* Fed. R. Civ. P. 26(b)(1)). For purposes of Rule 26(b)(1), relevance is broadly construed. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Here, Hull voluntarily appeared in this litigation by objecting to the Chungwa Settlement and was served with a subpoena, and is properly subject to discovery. The information sought by IP Plaintiffs, including the bases for Hull's objection and his claimed standing to object, are clearly relevant to the Settlement now before the Court. IP Plaintiffs are willing to limit Hull's deposition to four hours, and are willing to take it in Denver, Colorado. The requests for documents focus solely on the objector's standing, the bases for his current objections, his role in objecting to this and other class settlements, and his relationships with the counsel that are believed to be behind the scenes manipulating him. As such, the requested information and documents are relevant, needed and reasonably narrowly tailored.

Hull's papers do not list counsel, but IP Plaintiffs showed that Hull previously objected to another class settlement in which he was assisted by attorney Christopher Bandas, a "professional" or "serial" objector located in Corpus Christi, Texas. In fact, Hull's objection in this case was postmarked in Corpus Christi, Texas, even though Hull lives and works in Denver, Colorado. Bandas routinely represents objectors purporting to challenge class action settlements, and does not do so to effectuate changes to settlements, but does so for his own personal financial gain;[3] he has been excoriated by Courts for this conduct. *See* Dkt. No. 1089-1 (Appendix A thereto listing courts'

---

[3] "[P]rofessional objectors can levy what is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors. Literally nothing is gained from the cost: Settlements are not restructured and the class, on whose benefit the appeal is purportedly raised, gains nothing." *In re Checking Account Overdraft Litigation*, No. 09–MD–02036–JLK, 2011 WL 5873389, at *29, n.30 (S.D. Fla. Nov. 22, 2011) (quotations omitted, brackets in orig).

3

[PROPOSED] ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM OBJECTOR SEAN HULL
Master File No. CV-07-5944-SC, MDL No. 1917

comments regarding Bandas's conduct).[4] In light of these facts and questions about the *bona fides* of Hull's objections, IP Plaintiffs justifiably served the discovery on Hull in order to explore not only the bases for Hull's objections, but to explore his relationship with Bandas and his practices with regard to asserting settlement objections.

Accordingly, IT IS HEREBY ORDERED that objector Sean Hull shall appear for a deposition not to exceed four hours in length, on or before April 19, 2012 (or by such other date as may be agreed to by IP Plaintiffs and Hull), in Denver, Colorado (or at such other location as may be agreed to by IP Plaintiffs and Hull). IP Plaintiffs may, but are not required to, serve Hull with a further subpoena and document request. Hull shall also produce the documents requested in IP Plaintiffs' Attachment A, Requests For Production, attached to their subpoena two days prior to the deposition (or at such other time as may be agreed to by IP Plaintiffs and Hull).

SO ORDERED:

Dated: March 27, 2012.

_____
Hon. Charles A. Legge (Ret.)
Special Master

REVIEWED AND [APPROVED OR MODIFIED]:

Dated: _____, 2012.

_____
Hon. Samuel Conti
United States District Judge

#3229304v2

---

[4] For example, in *Brown v Wal-Mart Stores, Inc.*, the court stated that "Bandas is a professional objector who is improperly attempting to 'hijack' the settlement of this case from deserving class members and dedicated, hard working counsel, solely to coerce ill-gotten, inappropriate and unspecified 'legal fees.' . . . [Bandas's and his clients'] attempt to inject themselves at the last minute into this eight year litigation constitutes an effort to extort money from the Class and/or Class Counsel." See Dkt. No. 1062-1, p. 11 of 26 (Order entered in *Brown v Wal-Mart Stores, Inc.*).

4

[PROPOSED] ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM OBJECTOR SEAN HULL
Master File No. CV-07-5944-SC, MDL No. 1917