Mario N. Alioto (56433)
Lauren C. Russell (241151
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:  (415) 563-7200
Facsimile:   (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel for the
Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-SC <br><br> MDL No. 1917 <br><br> **INDIRECT PURCHASER PLAINTIFFS' REPLY TO RESPONSE TO MOTION TO COMPEL DISCOVERY** |
| This Document Relates to: <br><br> ALL INDIRECT PURCHASER ACTIONS | Judge:  Hon. Samuel Conti <br> Special Master: Hon. Charles A. Legge (Ret.) |

1   Indirect Purchaser ("IP") Plaintiffs submit this Reply to the Response to Motion To Compel ("Response") received from Sean Hull. IP Plaintiffs did not receive the Response, which was apparently served by U.S. mail on March 26, 2012, until the afternoon of March 28, 2012.. The document was not served by ECF, and does not appear on the docket for this case. A proposed order granting the motion to compel was signed by Special Master Charles Legge on March 27, 2012 ("Proposed Order"). *See* Dkt. No. 1116. IP Plaintiffs submit this short reply to advise the Court that the Response provides no basis for denying or not addressing the motion to compel and IP Plaintiffs respectfully request that the Proposed Order be entered forthwith.

In his Response, Hull does not dispute any of the substantive, factual or legal bases asserted by IP Plaintiffs in support of their motion, and thereafter relied upon by the Special Master in his Order. Accordingly, the factual and legal underpinnings of the motion to compel remain unopposed, and the Proposed Order should therefore be entered.

Rather than address the merits of the motion, Hull appears to argue that his filing of a Notice of Appeal[1] somehow precludes the Court from entering the Proposed Order. For multiple reasons, Hull is wrong.

First, the Final Judgment from which Hull appeals provides that

"this Court hereby retains continuing jurisdiction over . . . (a) implementation of this settlement . . .; (d) the Class Action until the final judgments contemplated hereby have become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement; and (e) all parties to the Class Action and Releasees for the purpose of enforcing and administering the Settlement and the mutual releases and other documents contemplated by, or executed in connection with the Settlement."

---

[1] Of course, Hull's filing of a Notice of Appeal—which was likely prepared by Christopher Bandas—is part of the "professional" or "serial" objector "playbook." Hull's meritless objections having been overruled. He will now seek to delay final approval of the Chunghwa settlement through the appeal in an effort to extract a payment for his own personal gain.

*See* Final Judgment (Dkt. No. 1106) ¶10.  Clearly, discovery from an objector falls under the continuing jurisdiction of the Court to implement, enforce and administer the settlement and to manage the Class Action itself.

Second, it is well settled that following a notice of appeal, the Court retains jurisdiction "to preserve the integrity of this Court's judgments in general, and specifically to protect the Court's final judgment . . .."  *In re Itel Securities Litigation*, 596 F.Supp. 226, 233 (N.D. Cal. 1984), *aff'd*, 791 F.2d 672 (9th Cir. 1986).  In *In re Itel Securities Litigation*, an attorney worked behind the scenes to undermine a class action settlement in a securities matter.  *See* 596 F.Supp. at 231-32.  After the settlement was approved and judgment entered, an objector filed a notice of appeal at the attorney's behest.  *Id*. at 232.  Over the attorney's objection that the Court lacked jurisdiction, the Court permitted extensive post-judgment proceedings against the objector and the attorney—including discovery and motion practice—reasoning that "'a federal court of equity has jurisdiction [over ancillary matters] . . . to secure or preserve the fruits and advantages of a judgment or decree rendered therein.'"  *Id*. at 232-233 (*quoting Local Loan Co. v. Hunt*, 292 U.S. 234, 239 (1934)).  The same rationale applies here and permits entry of the Proposed Order.

Third, under Rule 59(e) of the Federal Rules of Civil Procedure, IP Plaintiffs have 28 days from the entry of judgment to file a motion to alter or amend the judgment, and Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides that a district court retains the power to alter or amend an appealable order or judgment pursuant to Fed. R. Civ. P. 59, even if a notice of appeal has been filed.  *See Resolution Trust Corp. v. Keating*, 186 F.3d 1110, 1114 n.1 (9th Cir. 1999) (district court has express authority under Fed. R. App. P. 4(a)(4) to rule on Fed. R. Civ. P. 59 motion to amend judgment after notice of appeal is filed; order granting amended judgment renders appeal from initial judgment ineffective).  Thus, if and when the motion to compel is granted and IP Plaintiffs obtain discovery from Hull, they may move to amend the judgment under Rule 59 if the information derived from the discovery warrants it.  Indeed, given the 28 day limit on IP Plaintiffs' entitlement to make such a motion, it is important that the order compelling discovery from Hull be entered as soon as possible.

1    Finally, Hull cites to a number of California state law decisions in his Response, but those decisions are not pertinent to this Court's jurisdiction under the Federal Rules of Civil Procedure and federal case law cited above.

For all of the foregoing reasons, IP Plaintiffs respectfully request that the Court enter forthwith the proposed order granting their motion to compel discovery from Hull.

Dated:  March 29, 2012              By:   */s/ Mario N. Alioto*

                                Mario N. Alioto

Mario N. Alioto (56433)
Lauren C. Russell (241151
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:  (415) 563-7200
Facsimile:   (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel for the*
*Indirect Purchaser Plaintiffs*