ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Roman M. Silberfeld, Bar No. 62783
RMSilberfeld@rkmc.com
David Martinez, Bar No. 193183
DMartinez@rkmc.com
Jordan S. Paul, Bar No. 277174
JSPaul@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone:    310-552-0130
Facsimile:    310-229-5800

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Elliot S. Kaplan, Bar No. 53624
ESKaplan@rkmc.com
K. Craig Wildfang (*Pro Hac Vice*)
KCWildfang@rkmc.com
Laura E. Nelson, Bar No. 231856
LENelson@rkmc.com
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone:    612-349-8500
Facsimile:    612-339-4181

Attorneys for Plaintiffs
BEST BUY CO., INC.; BEST BUY PURCHASING
LLC; BEST BUY ENTERPRISE SERVICES, INC.;
BEST BUY STORES, L.P.; BESTBUY.COM,
L.L.C.; and MAGNOLIA HI-FI, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC MDL No. 1917 |
| | The Honorable Samuel Conti |
| This Document Relates to: | **DIRECT ACTION PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SERVE DEFENDANTS CHUNGHWA PICTURE TUBES LTD., BEIJING MATSUSHITA COLOR CRT CO., LTD., AND LG ELECTRONICS TAIWAN TAIPEI CO. THROUGH THEIR U.S. COUNSEL PURSUANT TO FED. R. CIV. P. 4(f)(3); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| ALL DIRECT ACTION COMPLAINTS AND DOCUMENTS | |

| | |
|---|---|
| 1 | *Electrograph systems, Inc., et al., v. Hitachi, Ltd., et al., Case No.* |
| 2 | *11-CV-01656-SC* |
| 3 | *Interbond Corporation of America, v. Hitachi, Ltd., et al, Case No. 11-CV-06275-* |
| 4 | *SC* |
| 5 | *Office Depot, Inc., v. Hitachi, Ltd., et al., Case No. 11-CV-06276-SC* |
| 6 | |
| 7 | *Costco Wholesale Corporation, v. Hitachi, Ltd., et al., Case No. 11-CV-06397-SC* |
| 8 | *Compucom Systems, Inc., v. Hitachi, Ltd., et al., Case No. 11-CV-06396-SC* |
| 9 | |
| 10 | *Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust, v. Hitachi, Ltd. et al., Case No. 11-CV-05502-* |
| 11 | *SC* |
| 12 | *Target Corp. et al., v. Chunghwa Pictures Tubes, Ltd., et al., Case No. 11-CV-05514* |
| 13 | *(EDL)* |
| 14 | *John R. Stoebner, as Chapter 7 Trustee for PBE Consumer Electronics, LLC, et al., v.* |
| 15 | *LG Electronics, Inc., et al., Case No. CV-11-05381-SC* |
| 16 | |
| 17 | *P.C. Richard & Son Long Island Corporation, et al., v. Hitachi, Ltd., et al., Case No. 11-CV-05530 (JBW, VVP)* |
| 18 | |
| 19 | *Schultze Agency Services, LLC, et al., v. Hitachi, Ltd., et al., Case No. 11-CV-05529* |
| 20 | *Target Corp., et al., v. Hitachi, Ltd., et al., Case No. 11-CV-05515* |
| 21 | |
| 22 | *Best Buy Co., Inc., et al., v. Hitachi, Ltd., et al., Case No. 11-CV-05513-SC* |

Hearing Date: May 15, 2012
Time: 10:00 a.m.
JAMS: Two Embarcadero Center, Suite 1500
Special Master: Hon. Charles A. Legge

1

**NOTICE OF MOTION AND MOTION**

2

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3

PLEASE TAKE NOTICE that the Direct Action Plaintiffs that are signatories to this

4

motion (the "DAPs") hereby move this Court for an Order permitting the DAPs to serve the

5

following foreign defendants via U.S. Mail through their respective U.S. counsel pursuant to

6

Federal Rule of Civil Procedure 4(f)(3): (i) Chunghwa Picture Tubes Ltd. ("Chunghwa"), (ii) LG

7

Electronics Taiwan Taipei Co. ("LGETT"), and (iii) Beijing Matsushita Color CRT Co., Ltd.

8

("BMCC") (collectively, the "Foreign Defendants"). This motion is made pursuant to Rule

9

4(f)(3) of the Federal Rules of Civil Procedure ("Rule 4") and on the grounds that the facts and

10

circumstances of the present case warrant the District Court's intervention to effect service on the

11

Foreign Defendants in Taiwan and China.

12

This motion is scheduled to be heard on May 15, 2012 at 10:00 a.m. before Special Master

13

Charles A. Legge at the office of JAMS, Two Embarcadero Center, Suite 1500, San Francisco,

14

California. It is based upon this Notice of Motion and Motion (the "Motion"), the following

15

Memorandum of Points and Authorities, the supporting Declaration of Jordan S. Paul ("Paul

16

Decl."), the Reply in Support of this Motion, other papers and pleadings on file, and such other

17

argument and evidence as may be presented to the Court at or prior to the hearing on this Motion.

18

**MEMORANDUM OF POINTS AND AUTHORITIES**

19

**I.      INTRODUCTION**

20

This Court should grant the DAPs' Motion to serve the Foreign Defendants through their

21

U.S. Counsel because it is the most cost-effective and practical method of service, particularly in

22

light of the Foreign Defendants' long-standing notice of the action and continued refusal to accept

23

service. Such a ruling would fall soundly within this Court's discretion under Rule 4(f)(3) of the

24

Federal Rules of Civil Procedure to authorize alternative service of process on foreign defendants

25

so long as the means chosen comport with due process and comply with international law.

26

Indeed, this Court has already recognized that alternative service of process is appropriate

27

in this MDL. On September 3, 2008, this Court granted an identical motion brought by the

28

Indirect Purchaser Plaintiffs ("IPPs") against Koninklijke Philips Electronics N.V.

1   ("Koninklijke") and Toshiba Corporation ("Toshiba").  *See Cathode Ray Tube (CRT) Antitrust*

2   *Litig. v. Chunghwa Picture Tubes, Ltd.*, 3:07-cv-05944-SC, 2008 U.S. Dist. LEXIS 111384, at

3   *31 (N.D. Cal. Sept. 3, 2008), Docket No. 374.  Because of the substantial difficulty, time, and

4   expense that the DAPs would face in serving the Foreign Defendants in Taiwan and China, and

5   because the Foreign Defendants have had notice of and have participated in the MDL, the Court

6   should grant the DAPs' request for such alternative service and permit the DAPs to serve their

7   Complaints on the Foreign Defendants via first class mail to their attorneys in the United States.

8   ## II.   PROCEDURAL BACKGROUND

9       On or about November 2011, the DAPs filed Complaints against various defendants for

10  conspiring to fix the prices of cathode ray tubes ("CRTs") in violation of Section 1 of the

11  Sherman Act and under state antitrust and unfair competition laws.[1]

12      Since that time, the DAPs have engaged in negotiations with Defendants' U.S. counsel

13  regarding service of the Complaints.  In a stipulation filed with the Court on March 15, 2012,

14  seventeen Defendants stipulated to the waiver of service of process (the "Service Stipulation").

15  (Paul Decl. ¶ 11); *See* Docket No. 1088.  Neither Chunghwa, LGETT, nor BMCC joined in the

16  Service Stipulation, and their U.S. counsel have since refused to accept service. (Paul Decl. ¶¶ 10-

17  11).

18      Chunghwa has appeared and participated in this MDL through U.S. counsel, Gibson,

19  Dunn & Crutcher ("Gibson Dunn").  (Paul Decl. ¶ 6).  Gibson Dunn first appeared in the MDL on

20  behalf of Chunghwa on October 15, 2010.  *See* Docket No. 785.  Since that time, Gibson Dunn

21  has repeatedly appeared as counsel for Chunghwa and provided declarations, joined in motions to

22  file confidential documents under seal, and most recently, joined in motions for preliminary

23  approval of indirect purchaser class action settlements with Chunghwa.  (Paul Decl. ¶ 6); *see e.g.*

24  Docket Nos. 891, 942, 943, and 960.

25

26

---

27  [1] DAPs Electrograph Systems, Inc. and Electrograph Technologies Corp. filed their Complaint on March 10, 2011 and DAPs Target Corp., Sears Roebuck and Co., Kmart Corp., Old Comp Inc.,
28  Good Guys, Inc., and RadioShack Corp. filed their Complaint on January 6, 2012.

1    Sidley Austin LLP ("Sidley Austin") first appeared in the MDL on behalf of LGETT on

2    May 18, 2009.  (Paul Decl. ¶ 7).  On April 29, 2010, Arnold & Porter LLP ("Arnold & Porter")

3    also appeared for LGETT.  Since then, both law firms have appeared numerous times as counsel

4    for LGETT, filing motions to dismiss, submitting declarations, joining motions, submitting

5    objections to Special Master's Rulings, and answering complaints.  (Paul Decl. ¶ 7); *see e.g*

6    Docket Nos. 467, 469, 470, 471, 472, 479, 481, 485, 546, 553, 555, 611, 614, 667, 675, 676, 780,

7    781, 782, 813, 814, 857, 936, 946, 987, and 1040.

8    Freshfields Bruckhaus Deringer US LLP ("Freshfields") first appeared in the MDL on

9    behalf of BMCC on July 17, 2008.  (Paul Decl. ¶ 8); *See* Docket No. 332.  Since then, Freshfields

10   has appeared numerous times as counsel for BMCC, accepting service of process, objecting to

11   discovery requests, filing motions to dismiss, and answering complaints.  (Paul Decl. ¶ 8); s*ee*

12   *e.g.* Docket Nos. 372, 400, 463, 479, 485, 546, 551, 555, 614, 618, 667, 677, 678, 780, 813; 858,

13   936, 975, and 1043.

14   By virtue of the Foreign Defendants' and their counsels' substantive involvement in the

15   MDL, it is clear that the Foreign Defendants have had notice of these MDL proceedings and of

16   the DAPs' actions against them.

17   Chunghwa, along with other defendants, was similarly uncooperative in the *In re: TFT-*

18   *LCD (flat panel) Antitrust Litigation,* No. M:07-1827-SI ("LCD Litigation").  There, Judge Illston

19   repeatedly and invariably issued orders granting motions to serve Chunghwa and other defendants

20   through their U.S. counsel pursuant to Rule 4 on <u>twenty-one</u> occasions.  *See e.g.* Docket Nos.

21   725, 1309, 1657, 1779, 2109, 2532, 2539, 2584, 2747, 2748, 2825, 3079, 3217, 3345, 3394, 3443,

22   3654, 3655, 4785, 4797, and 4798.  (Paul Decl. ¶ 9, Exh. 1).

23   One of these Rule 4 orders arose out of a motion brought by Best Buy against Chunghwa,

24   where Judge Illston held, the "record clearly indicates that Chunghwa has consulted its U.S.

25   counsel regarding the MDL lawsuits and participated in the MDL cases through its U.S.

26   Counsel."  *See* LCD Litigation*,* Docket No. 2539, *citing*, *Rio Properties, Inc. v. Rio Intern.*

27   *Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002).

28

1        Accordingly, this Court should rule exactly as it did with respect to Koninklijke and

2 Toshiba, and permit service on Chunghwa's, LGETT's, and BMCC's counsel under Fed. R. Civ.

3 P. 4(f)(3).

4 **III.**    **ARGUMENT**

5        The DAPs should be permitted to serve the Foreign Defendants through their respective

6 U.S. counsel pursuant to Rule 4 because such service comports with due process and does not

7 violate any international agreement.  Service through counsel is a well-established practice that is

8 efficient and cost-effective and, under the circumstances, warranted in this case.

9       **A.**    **Legal Standard For Alternative Service Under Federal Rule 4(f)**

10        Rule 4(f) of the Federal Rules of Civil Procedure allows a party to serve a foreign

11 corporation through its U.S. counsel.  Indeed, Rule 4(f) specifically provides that service may be

12 served through any one of several methods, including: (i) an international agreement such as The

13 Hague Convention; (ii) the letter rogatory process; or (iii) **any other method** allowed by a court

14 that is not in violation of a defendant's due process rights or otherwise prohibited by international

15 agreement. Fed. R. Civ. P. 4(f)-(h) (emphasis added).[2]  Each of these methods is equivalent to one

16 another, and "Rule 4(f) does not denote any hierarchy or preference of one method of service over

17 another." *Tech Data Corp. v. AU Optronics Corp. (In re TFT-LCD (Flat Panel) Antitrust Litig.)*,

18 2012 U.S. Dist. LEXIS 17021 (N.D. Cal. Feb. 9, 2012) (permitting service on Chunghwa through

19 its U.S. counsel); *see also FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va.

20 2005).

21        It is soundly within this Court's discretion to permit service on the Foreign Defendants

22 through their U.S. counsel.  *Rio Props, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-15 (9th

23 Cir. 2002) (permitting service on foreign defendant through its U.S. counsel).  Further, Rule 4

24 does not require a party to attempt any other method of service before moving the Court for an

25 order allowing an alternative method of service.  *Id.* at 1015-16 (stating that "service of process

26 under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief'" but instead "merely one

27

---

[2] Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individual foreign defendants.

28

MOTION TO SERVE CERTAIN FOREIGN
DEFENDANTS THROUGH U.S. COUNSEL
MASTER FILE NO:07-CV-05944-SC

1   means among several which enables services of process on an international defendant").  Instead,

2   a plaintiff "need[] only to demonstrate that the facts and circumstances of the present case

3   necessitate[] the district court's intervention." *Id.*[3]

4        Federal courts have authorized a variety of alternative methods of service under Rule

5   4(f)(3), including through a defendant's attorney, *see, e.g., Rio*, 284 F.3d at 1017; *Forum Fin.*

6   *Group, LLC v. President & Fellows of Harvard Coll*, 199 F.R.D. 22, 23-24 (D. Me. 2001);

7   *FMAC Loan Receivables*, 228 F.R.D. at 534-35, through email directly to the foreign defendant,

8   *see, e.g., Rio Props, Inc.* at 1017, and via Federal Express.  *TracFone Wireless, Inc. v. Distelec*

9   *Distribuciones Electronicas, S.A. de* DV, 2010 WL 3359529 (S.D. Fla. Aug. 23, 2010).

10       Following this clear precedent, this Court has already permitted service of foreign

11   corporations through their U.S. subsidiaries when the parties are already represented by U.S.

12   counsel, including "…even those who are signatories to the Hague Convention…where the

13   foreign defendants have domestic subsidiaries and/or counsel and where service does not require

14   transmittal abroad."  *See, e.g., Cathode Ray Tube (CRT) Antitrust Litig.*, 2008 U.S. Dist. LEXIS

15   111384, at *31 (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988);

16   *In re LDK Solar Secs. Litig.,* 2008 U.S. Dist. LEXIS 90702 (N.D. Cal. June 12, 2008)

17   ("Significantly, FRCP 4(f)(3) stands independently of FRCP 4(f)(1); it is not necessary for

18   plaintiffs to first attempt service through 'internationally agreed means' before turning to 'any

19   other means not prohibited by international agreement.'")

20

21

22

23

---

24   [3] To be sure, when determining the appropriateness of alternative service, a court must also
     consider whether the proposed method of service comports with constitutional notions of due
25   process.  *Rio Props, Inc.*, 284 F.3d at 1017 (citing *Mullane v. Cent. Hanover Bank & Trust Co.*,
     339 U.S. 306 (1950)).  This requirement is satisfied when "the method of service crafted by the
26   district court [is] 'reasonably calculated, under all the circumstances, to apprise interested parties
     of the pendency of the action and afford them an opportunity to present their objections.'"  *Rio*
27   *Props, Inc.*, 284 F.3d at 1016.  Service must also comport with international law, which can
     include service by any method not prohibited by international agreement, and as the court orders.
28   Fed. R. Civ. P. 4(f)(3).

MOTION TO SERVE CERTAIN FOREIGN
DEFENDANTS THROUGH U.S. COUNSEL
MASTER FILE NO:07-CV-05944-SC

**B.** **This Court Has Previously Permitted Other Plaintiffs To Serve Other Foreign Defendants Through Their U.S. Counsel**

Applying the standard outlined above, this Court has permitted other plaintiffs in this MDL to serve their complaints on other foreign defendants through their U.S. counsel. On identical facts, the IPPs moved for permission to serve Koninklijke and Toshiba through their U.S. counsel because these two entities had refused to sign a stipulation authorizing service on U.S. counsel that *every single other defendant had signed. See* Docket Nos. 344, 353.

Koninklijke and Toshiba opposed this motion, but this Court flatly rejected their argument and permitted service under Rule 4(f)(3). *See* Docket Nos. 354 and 374. Judge Conti adopted the August 29, 2008, Report and Recommendation issued by Special Master Judge Legge and held that "service… is proper under Rule 4(f)(3) where the foreign defendants have domestic subsidiaries and/or counsel and where service does not require transmittal abroad." *Cathode Ray Tube (CRT) Antitrust Litig.*, 2008 U.S. Dist. LEXIS 111384, at *32 ("Defendants have provided no explanation for why transmittal abroad would be required in the present case, when federal law plainly permits service on Defendants' domestic subsidiaries or domestic counsel.").

Similarly, in the LCD Litigation, Chunghwa repeatedly refused service on counsel. In response to the plaintiffs' motions, Judge Illston, time and time again, approved service on their U.S. counsel. For example, on October 6, 2009, the Court granted the Direct Purchaser Plaintiffs' Motion to Serve their Consolidated Amended Complaint on, *inter alia,* Chunghwa through its attorneys in the U.S. *ATS Claim, LLC v. Epson (In re TFT-LCD Antitrust Litig.)*, 2009 U.S. Dist. LEXIS 93448, at *2 (N.D. Cal. Oct. 6, 2009). In granting the Direct Purchaser Plaintiffs' motion, the Court held that serving Chunghwa through its counsel in the MDL did not violate Chunghwa's due process rights because Chunghwa had sufficient notice of the proceedings, especially given that its attorneys had already been consulted about the MDL. *Id.* Judge Illston issued similar orders, applying the same analysis, on multiple other occasions. (Paul Decl. ¶ 9, Exh. 1); Docket Nos. 725, 1657, 1779, 2109, 2532, 2539, 2584, 2747, 2748, 2825, 3079, 3217, 3345, 3394, 3443, 3654, 3655, 4785, 4797, and 4798. (all granting the LCD Litigation plaintiffs'

1   motions to serve defendants through U.S. counsel under rule 4(f)(3)).  The same result is

2   warranted here.

3   **C.    Service On The Foreign Defendants Through Their U.S. Counsel Is A**

4   **Reasonable Method Given The Current Status Of The MDL**

5          The DAPs should be permitted to serve the Foreign Defendants through their U.S. counsel

6   just as this Court permitted the IPPs to do so under the same exact circumstances.  Doing so will

7   prevent further delay of the DAPs' prosecution of their claims against the Foreign Defendants, as

8   well as the progress currently being made in the MDL.  Indeed, the DAPs will be bound to the

9   case schedule the Special Master has recommended in this MDL.  Yet, if the DAPs have to serve

10  the Foreign Defendants through the costly and time consuming letter rogatory process or under

11  the Hague Convention, those defendants may not even respond to the DAP Complaints in a

12  manner consistent with this schedule.  The Foreign Defendants should not be permitted to disrupt

13  the substantial progress that has already occurred in the MDL by hiding behind a formality that

14  was designed to protect an interest that has obviously already been met.

15         Here, service of the Foreign Defendants through their U.S. counsel is a faster, more

16  efficient method of service than under the letter rogatory process.  The DAPs have been advised

17  that it could take between six and nine months (or more) to effectuate service on Chunghwa and

18  LGETT through the letter rogatory process and up to eight months to serve BMCC under the

19  Hague Convention.  (Paul Decl. ¶¶ 12-14; Exh. 2).  The translation and service of the Complaints

20  and associated documents would cost approximately $214,000 for Chunghwa and LGETT and

21  approximately $53,000 for BMCC.  (Paul Decl. ¶¶ 12-14; Exh. 2).  If the Court were to deny this

22  Motion and the DAPs were forced to serve the Foreign Defendants in Taiwan and China, it could

23  be 2013 before those defendants are even required to answer the DAPs' Complaints.  By that

24  time, the discovery period in the MDL may have already expired.  Thus, this Court should order

25  service of the DAPs' Complaints on the Foreign Defendants through first class mail to their

26  respective U.S. counsel.

27

28

**D.      Service Of The Foreign Defendants Through Their U.S. Counsel Would Not Violate The Foreign Defendants' Due Process Rights**

Service of the Foreign Defendants through their U.S. counsel in no way implicates or compromises their due process rights.  A number of district courts, including this Court, have determined that serving foreign defendants through their U.S. counsel is an effective means of providing defendants with notice because counsel can easily locate their clients and communicate with them regarding the pending lawsuit.  *Cathode Ray Tube (CRT) Antitrust Litig.*, 2008 U.S. Dist. LEXIS 111384, at *31; *see also KPN B.V. v. Corcyra D.O.O.*, No. 08-CV- 1549 (JGK), 2009 U.S. Dist. LEXIS 20906, at *5 (S.D.N.Y. Mar. 16, 2009) (granting permission under Rule 4(f)(3) to serve defendants' U.S. attorneys because counsel was aware of facts, had already made limited appearance, and was not likely to disregard notice of the action); *Forum Fin. Group*, 199 F.R.D. at 25 (holding that service on foreign defendant's attorney was likely to provide defendant with notice because attorney was in communication with client).  Indeed, this approach is consistent with the flexible design of Rule 4 and comports with the due process requirement that a defendant receives notice about actions pending against it.  *See United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).

Here, the Foreign Defendants became aware of the DAPs' Complaints, at the latest, when the DAPs filed their respective Notice of Potential Tag-Along or when each action was transferred or reassigned to the MDL.  During the DAPs' negotiations with Defendants regarding the Service Stipulation, Jeffrey Kessler, interim liaison counsel for the Defendants, indicated that he was in contact with counsel for the Foreign Defendants, but they would agree to accept service and sign the Service Stipulation.  (Paul Decl. ¶¶ 10-11).  As a result, it is clear that the Foreign Defendants have had sufficient notice of the DAPs' Complaints against them, and there is no risk that the Foreign Defendants' due process rights would be infringed if the Court allows the DAPs to serve them through their U.S. counsel.

## IV.      CONCLUSION

Permitting the DAPs to serve the Foreign Defendants through their U.S. Counsel is reasonable given the long, costly process of formally serving the Complaints on these defendants

1   in Taiwan and China.  Moreover, this method of service would not infringe upon the Foreign

2   Defendants' due process rights because they have had ample notice of the DAPs' claims through

3   the DAPs' contact with their attorneys and consolidation of the DAPs' cases with the MDL.

4   Accordingly, the Court should grant the instant motion in all respects.

5   DATED:  April 10, 2012                **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

6

7                                         By:    /s/ David Martinez
                                               Roman M. Silberfeld
                                               David Martinez
8
                                          Attorneys for Plaintiffs
9                                         BEST BUY CO., INC.; BEST BUY PURCHASING
                                          LLC; BEST BUY ENTERPRISE SERVICES, INC.;
10                                        BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.;
                                          and MAGNOLIA HI-FI, INC.
11

12  DATED:  April 10, 2012                **BOIES, SCHILLER & FLEXNER LLP**

13

14                                        By:    /s/ Philip J. Iovieno
                                               William A. Isaacson
                                               Jennifer Milici
15                                             Stuart Singer
                                               Philip J. Iovieno
16                                             Anne M. Nardacci

17                                        LIAISON COUNSEL FOR DIRECT ACTION
                                          PLAINTIFFS; AND ATTORNEYS FOR PLAINTIFFS
18                                        ELECTROGRAPH SYSTEMS, INC.,
                                          ELECTROGRAPH TECHNOLOGIES, CORP.,
19                                        OFFICE DEPOT, INC., COMPUCOM SYSTEMS,
                                          INC., INTERBOND CORPORATION OF AMERICA,
20                                        P.C. RICHARD & SON LONG ISLAND
                                          CORPORATION, MARTA COOPERATIVE OF
21                                        AMERICA, INC., ABC APPLIANCE, INC.,
                                          SCHULTZE AGENCY SERVICES LLC ON BEHALF
22                                        OF TWEETER OPCO, LLC, AND TWEETER
                                          NEWCO, LLC

23

24

25

26

27

28

60577737.1                        - 9 -          MOTION TO SERVE CERTAIN FOREIGN
                                                 DEFENDANTS THROUGH U.S. COUNSEL
                                                 MASTER FILE NO:07-CV-05944-SC

1    DATED:  April 10, 2012          **CROWELL MORING LLP**

2
                                     By:  ___/s/ Jason c. Murray_____
3                                            Jason C. Murray
                                             Jerome (Jerry) A. Murphy
4
                                     ATTORNEYS FOR PLAINTIFFS
5                                    TARGET CORP.; SEARS, ROEBUCK AND CO.;
                                     KMART CORP.; OLD COMP INC.; AND GOOD
6                                    GUYS, INC.; RADIOSHACK CORP.

7    DATED:  April 10, 2012          **LINDQUIST & VENNUM P.L.L.P.**

8
                                     By:  ___/s/ Kelly G. Laudon_____
9                                            Jessica L. Meyer (SBN: 249064)
                                             James M. Lockhart (*pro hac vice*)
10                                           James P. McCarthy (*pro hac vice*)
                                             Kelly G. Laudon (*pro hac vice*)
11                                           Lindquist & Vennum P.L.L.P.
                                             4200 IDS Center
12                                           80 South Eighth Street
                                             Minneapolis, MN 55402
13                                           Telephone: (612) 371-3211
                                             Facsimile: (612) 371-3207
14                                           Email: jmeyer@lindquist.com
                                             Email: jlockhart@lindquist.com
15                                           Email: jmccarthy@lindquist.com
                                             Email: klaudon@lindquist.com
16
                                     ATTORNEYS FOR PLAINTIFFS JOHN R.
17                                   STOEBNER, AS CHAPTER 7 TRUSTEE FOR PBE
                                     CONSUMER ELECTRONICS, LLC AND RELATED
18                                   ENTITIES; AND DOUGLAS A. KELLEY, AS
                                     CHAPTER 11 TRUSTEE FOR PETTERS COMPANY,
19                                   INC. AND RELATED ENTITIES, AND AS
                                     RECEIVER FOR PETTERS COMPANY, LLC AND
20                                   RELATED ENTITIES

21   DATED:  April 10, 2012          **PERKINS COIE LLP**

22
                                     By:  ___/s/ David J. Burman_____
23                                           David J. Burman
                                             Nick Hesterberg
24                                           Euphemia N. Thomopulos

25                                   **ATTORNEYS FOR PLAINTIFF**
                                     **COSTCO WHOLESALE CORPORATION**
26

27

28

---

60577737.1                          - 10 -                    MOTION TO SERVE CERTAIN FOREIGN
                                                              DEFENDANTS THROUGH U.S. COUNSEL
                                                              MASTER FILE NO:07-CV-05944-SC

1   DATED:  April 10, 2012       **SUSMAN GODFREY L.L.P.**

2

3                  By:   /s/ H. Lee Godfrey
                           H. Lee Godfrey

4                           Kenneth S. Marks
                           David Peterson

5                           Jonathan J. Ross
                           Parker C. Folse, III

6                           Rachel S. Black

7                ATTORNEYS FOR PLAINTIFFS
                ALFRED H. SIEGEL, AS TRUSTEE OF THE

8                CIRCUIT CITY STORES, INC. LIQUIDATING
                TRUST

9       Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of

10  this document has been obtained from the Direct Action Plaintiffs.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28