1
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Roman M. Silberfeld, Bar No. 62783
2
RMSilberfeld@rkmc.com
David Martinez, Bar No. 193183
3
DMartinez@rkmc.com
Jordan S. Paul, Bar No. 277174
4
JSPaul@rkmc.com
2049 Century Park East, Suite 3400
5
Los Angeles, CA  90067-3208
Telephone:    310-552-0130
6
Facsimile:    310-229-5800

7
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Elliot S. Kaplan, Bar No. 53624
8
ESKaplan@rkmc.com
K. Craig Wildfang (Pro Hac Vice)
9
KCWildfang@rkmc.com
Laura E. Nelson, Bar No. 231856
10
LENelson@rkmc.com
800 LaSalle Avenue
11
2800 LaSalle Plaza
Minneapolis, MN 55402
12
Telephone:    612-349-8500
Facsimile:    612-339-4181
13
Attorneys for Plaintiffs
14
BEST BUY CO., INC.; BEST BUY PURCHASING
LLC; BEST BUY ENTERPRISE SERVICES, INC.;
15
BEST BUY STORES, L.P.; BESTBUY.COM,
L.L.C.; and MAGNOLIA HI-FI, INC.

16

17                    UNITED STATES DISTRICT COURT

18                    NORTHERN DISTRICT OF CALIFORNIA

19                        SAN FRANCISCO DIVISION

20

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC MDL No. 1917 |
| | The Honorable Samuel Conti |
| This Document Relates to: | **DECLARATION OF JORDAN S. PAUL IN SUPPORT OF DIRECT ACTION PLAINTIFFS' MOTION TO SERVE DEFENDANTS CHUNGHWA PICTURE TUBES LTD., LG ELECTRONICS TAIWAN TAIPEI CO., AND BEIJING MATSUSHITA COLOR CRT CO., LTD. THROUGH THEIR U.S. COUNSEL PURSUANT TO FED. R. CIV. P. 4(f)(3)** |
| ALL DIRECT ACTION COMPLAINTS AND DOCUMENTS | |

21

22

23

24

25

26

27

28

| | |
|---|---|
| 1 | *Electrograph systems, Inc., et al., v. Hitachi, Ltd., et al., Case No. 11-CV-01656-SC* |
| 2 | |
| 3 | *Interbond Corporation of America, v. Hitachi, Ltd., et al, Case No. 11-CV-06275-SC* |
| 4 | |
| 5 | *Office Depot, Inc., v. Hitachi, Ltd., et al., Case No. 11-CV-06276-SC* |
| 6 | |
| 7 | *Costco Wholesale Corporation, v. Hitachi, Ltd., et al., Case No. 11-CV-06397-SC* |
| 8 | *Compucom Systems, Inc., v. Hitachi, Ltd., et al., Case No. 11-CV-06396-SC* |
| 9 | |
| 10 | *Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust, v. Hitachi, Ltd. et al., Case No. 11-CV-05502-SC* |
| 11 | |
| 12 | *Target Corp. et al., v. Chunghwa Pictures Tubes, Ltd., et al., Case No. 11-CV-05514 (EDL)* |
| 13 | |
| 14 | *John R. Stoebner, as Chapter 7 Trustee for PBE Consumer Electronics, LLC, et al., v. LG Electronics, Inc., et al., Case No. CV-11-05381-SC* |
| 15 | |
| 16 | |
| 17 | *P.C. Richard & Son Long Island Corporation, et al., v. Hitachi, Ltd., et al., Case No. 11-CV-05530 (JBW, VVP)* |
| 18 | |
| 19 | *Schultze Agency Services, LLC, et al., v. Hitachi, Ltd., et al., Case No. 11-CV-05529* |
| 20 | *Target Corp., et al., v. Hitachi, Ltd., et al., Case No. 11-CV-05515* |
| 21 | |
| 22 | *Best Buy Co., Inc., et al., v. Hitachi, Ltd., et al., Case No. 11-CV-05513-SC* |

Hearing Date: May 15, 2012
Time: 10:00 a.m.
JAMS: Two Embarcadero Center, Suite 1500
Special Master: Hon. Charles A. Legge

## DECLARATION OF JORDAN S. PAUL

I, Jordan S. Paul, hereby declare as follows:

1. I am an attorney with the law firm of Robins, Kaplan, Miller & Ciresi L.L.P., which represents Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services, Inc.; Best Buy Stores, L.P.; Bestbuy.com, L.L.C. and Magnolia Hi-Fi, Inc. (collectively, "Best Buy") in the above-captioned action (the "Best Buy Action") as well as related multidistrict litigation captioned *In re Cathode Ray Tube (CRT) Antitrust Litigation*, 3:07-cv-05944-SC (the "MDL"), currently pending in the United States District Court for the Northern District of California.

2. I am a member in good standing of the State Bar of California and admitted to practice before the United States District Court for the Northern District of California.

3. I submit this declaration in accordance with Local Rule 7-5, N.D. Cal., to set forth facts in support of the Direct Action Plaintiffs' Notice Of Motion And Motion To Serve Defendants Chunghwa Picture Tubes Ltd. ("Chunghwa"), LG Electronics Taiwan Taipei Co. ("LGETT"), and Beijing Matsushita Color CRT Co., Ltd. ("BMCC") through their U.S. Counsel Pursuant to Fed. R. Civ. P. 4(f)(3) filed concurrently herewith.

4. The matters stated herein are true to my own personal knowledge, and, if called as a witness, I could and would competently testify thereto.

5. On or about November 2011, the Direct Action Plaintiffs ("DAPs") that are signatories to the accompanying motion filed complaints (the "Complaints") in the United States District Court against various Defendants for conspiring to fix the prices of cathode ray tubes ("CRTs") in violation of Section 1 of the Sherman Antitrust Act and state antitrust and unfair competition laws. Since that time, each of these actions has been transferred or reassigned to the MDL in this matter, Docket No. 3:07-cv-05944-SC.[1]

6. Chunghwa has been represented in the MDL by the law firm of Gibson, Dunn & Crutcher ("Gibson Dunn") at 555 Mission Street, San Francisco, CA 94105 since at least

---

[1] DAPs Electrograph Systems, Inc. and Electrograph Technologies Corp. filed their Complaint on March 10, 2011 and DAPs Target Corp., Sears Roebuck and Co., Kmart Corp., Old Comp Inc., Good Guys, Inc., and RadioShack Corp. filed their Complaint on January 6, 2012.

60573383.2

DECLARATION OF JORDAN S. PAUL IN SUPPORT OF
MOTION TO SERVE FOREIGN DEFENDANTS THROUGH
U.S. COUNSEL - MASTER FILE NO. 3:07-CV-05944-SC

October 2010.  Since that time, Gibson Dunn has repeatedly appeared as counsel for Chunghwa
and provided declarations, joined in motions to file confidential documents under seal, and
joined in motions for preliminary approval of indirect purchaser class action settlements.  *See*
Docket Nos. 891, 942, 943, and 960.

       7.     Sidley Austin LLP ("Sidley Austin") first appeared in the MDL on behalf of
LGETT on May 18, 2009.  On April 29, 2010, Arnold & Porter LLP ("Arnold & Porter") also
appeared for LGETT.  Since then, both law firms have appeared numerous times as counsel for
LGETT, filing motions to dismiss, submitting declarations, joining motions, submitting
objections to Special Master's Rulings, and answering complaints.  *See* Docket Nos. 467, 469,
470, 471, 472, 479, 481, 485, 546, 553, 555, 611, 614, 667, 675, 676, 780, 781, 782, 813, 814,
857, 936, 946, 987, and 1040.

       8.     Freshfields Bruckhaus Deringer US LLP ("Freshfields") first appeared in the
MDL on behalf of BMCC on July 17, 2008.  (Paul Decl. ¶ 8); *See* Docket Nos. 332.  Since then,
Freshfields has appeared numerous times as counsel for BMCC, accepting service of process,
objecting to discovery requests, filing motions to dismiss, and answering complaints.  *See*
Docket Nos. 372, 400, 463, 479, 485, 546, 551, 555, 614, 618, 667, 677, 678, 780, 813; 858,
936, 975, and 1043.

       9.     Chunghwa, along with other defendants, was similarly uncooperative in the *In re:*
*TFT-LCD (flat panel) Antitrust* Litigation, No. M:07-1827-SI ("LCD Litigation").  There, Judge
Illston repeatedly and invariably issued orders granting motions to serve Chunghwa and other
defendants through their U.S. counsel pursuant to Rule 4 on twenty-one occasions.  *See e.g.*

       •     Docket No. 725;

       •     Docket No. 1309;

       •     Docket No. 1657;

       •     Docket No. 1779;

       •     Docket No. 2109;

       •     Docket No. 2532;

       •     Docket No. 2539;

DECLARATION OF JORDAN S. PAUL IN SUPPORT OF
MOTION TO SERVE FOREIGN DEFENDANTS THROUGH
U.S. COUNSEL - MASTER FILE NO. 3:07-CV-05944-SC

1       •      Docket No. 2584;

2       •      Docket No. 2747;

3       •      Docket No. 2748;

4       •      Docket No. 2825;

5       •      Docket No. 3079;

6       •      Docket No. 3217;

7       •      Docket No. 3345;

8       •      Docket No. 3394;

9       •      Docket No. 3443;

10       •      Docket No. 3654;

11       •      Docket No. 3655;

12       •      Docket No. 4785;

13       •      Docket No. 4797; and

14       •      Docket No. 4798.

Attached hereto as Exhibit 1 are true and correct copies of Judge Illston's Orders granting motions to serve Chunghwa and other defendants through their U.S. counsel.

10. The DAPs have communicated with the Defendants through Defendants' interim liaison counsel, Jeffrey Kessler. Mr. Kessler indicated that he was in contact with counsel for Chunghwa, LGETT, and BMCC but none of these entities would agree to service through their U.S. counsel.

11. In a stipulation filed with the Court on March 15, 2012, seventeen Defendants stipulated to the waiver of service of process of the DAPs' Complaints. Neither Chunghwa, LGETT, nor BMCC joined in the stipulation, and their U.S. counsel have since refused to accept service despite Best Buy's additional subsequent requests.

12. Attached hereto as Exhibit 2 is a true and correct copy of the estimate that Legal Language Service ("LLS") has provided the DAPs regarding the costs of serving the Complaints and associated documents on Chunghwa, LGETT, and BMCC in Taiwan and China via the letter rogatory process and under the Hague Convention (the "LLS Estimate").

13.     According to the LLS Estimate, it would cost around $214,000 to translate into Chinese, process, and serve the Complaints and other associated documents on Chunghwa and LGETT and would cost approximately $53,000 to translate, process, and serve the Complaints on BMCC.

14.     According to the LLS Estimate, service of the Complaint and other associated documents on Chunghwa and LGETT by the letter rogatory process could take at least six to nine months to complete and up to eight months under the Hague Convention for BMCC.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of April, 2012, in Los Angeles, California.

Jordan S. Paul