# EXHIBIT "1"

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI |
| _____/ | MDL. No. 1827 |
| This Order Relates to: | **ORDER RE: DEFENDANT NEXGEN MEDIATECH INC.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS; QUASHING SERVICE; AND GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION TO SERVE NEXGEN THROUGH ITS COUNSEL UNDER FED. R. CIV. P. 4(f)(3)** |
| ALL CASES | |
| _____/ | |

On November 19, 2008, the Court heard argument on defendant Nexgen Mediatech Inc.'s motion to dismiss the direct purchaser plaintiffs' consolidated complaint for insufficient service of process, and the direct purchaser plaintiffs' motion to serve Nexgen through its counsel under Federal Rule of Civil Procedure 4(f)(3). For the reasons set forth below, the Court holds that the service on defendant was insufficient, and QUASHES service. The Court GRANTS plaintiffs' motion to serve Nexgen through its counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).

**BACKGROUND**

Shortly after filing the consolidated amended complaint, the direct purchaser plaintiffs served the "Chi Mei" defendants. Those defendants are Chi Mei Optoelectronics USA, Inc, Nexgen Mediatech USA, Inc., CMO Japan Co., Ltd., Chi Mei Optoelectronics Corporation, Nexgen Mediatech, Inc., and the parent, Chi Mei Corporation. Plaintiffs served defendant Nexgen Mediatech, Inc., and its Taiwan-based parent companies (Chi Mei Optoelectronics Corporation and Chi Mei Corporation) through the

United States District Court
For the Northern District of California

1    letter rogatory process. All of the Chi Mei defendants are represented by the same counsel, Wilmer

2    Cutler Pickering Hale and Dorr, LLP.[1]

3       Plaintiffs have filed a completed certificate of service showing that the Taiwan Banciao District

4    Court effected service on Nexgen Mediatech, Inc., on March 31, 2008. Docket No. 652, Ex. 2. The

5    complaint and summons list Nexgen's address as "11F, No. 186, Jianyi Road, Chung Ho City, Taipei

6    Hsien, Taiwan." Plaintiffs state that they obtained that address from a website owned and operated by

7    Chi Mei Corporation. Haegele Decl. ¶¶ 2-3, Ex. A. Plaintiffs note that as of October 22, 2008, this

8    address was still listed on the same website, and also that Nexgen's own corporate website listed No.

9    186 Jianyi Road as its "Headquarter." Kingsdale Decl. ¶¶ 3, 6, Ex. B & E (Docket No. 692).

10      The Attestation of Service states that someone at 11F, No. 186 Jianyi Road "refused to accept

11    order," so the documents were "deposited at police substation or police station." Def's Motion Ex. A.

12    Based on check marks on the forms, it appears that one copy of a notice of serv ice "was adhered to the

13    door of the residence of the intended recipient." *Id*. Another copy of the notice was placed in an

14    "appropriate location," though it is unclear where. *Id*. Sections of the form designated for a "post office

15    datestamp" have official chops on them. *Id*. Under the heading "Service Premises," and below an

16    unchecked box that reads "Same address recorded above," a box is checked that states, in part, "Revised

17    and sent." *Id*.

18      Defendant has submitted a declaration from Mary Hung, General Counsel for Nexgen

19    Mediatech, Inc. Ms. Hung states that "Nexgen has not received proper service of the summons and

20    complaint for the above-captioned litigation." Hung Decl. ¶ 4 (Docket No. 676). Ms. Hung also states

21    that "Nexgen currently maintains one registered office in Taiwan, which is located at No. 11-2, Jen Te

22    4th St., Jen Te Village Jen Te, Tainan 717 Taiwan, R.O.C." and that this office is registered with the

23    Ministry of Economic Affairs. *Id*. ¶ 5. Ms. Hung states that Nexgen's prior registered address was the

24    11F, No. 186 Jianyi Road address, and that Nexgen vacated these premises on August 21, 2006. *Id*. ¶

25    7.

26

27 _____

28      [1] Gordon Pearson, an attorney at Wilmer Hale states that the firm represents Nexgen Mediatech,
Inc. for the limited purpose of challenging the sufficiency of service of process.

United States District Court
For the Northern District of California

**DISCUSSION**

Defendant moves to dismiss the complaint for insufficient service of process on the grounds that service was not valid because (1) the Attestation of Service, which was completed by the Taiwanese authorities and is in Mandarin, does not contain the correct Chinese name for Nexgen; and (2) plaintiffs did not serve Nexgen at the correct address. Plaintiffs oppose the motion, arguing that translation of "Nexgen Mediatech, Inc." in the summons and complaint was correct and that any mistranslation in the Attestation of Service is irrelevant to whether service was effective. More generally, plaintiffs contend that because the Taiwanese authorities completed the certificate of service, service is presumptively valid and defendant has not met its burden to establish otherwise. Plaintiffs also note that defendant does not ever state that it did not in fact receive a copy of the summons and complaint.

Based upon the parties' submissions, the Court cannot conclude that Nexgen Mediatech, Inc. has been properly served. Although the Taiwanese authorities completed the certificate of service, that certificate also states that personal service was refused, and that service was completed by posting at the No. 186 Jianyi Road address, depositing the documents at a police station, and placing another copy at an unknown "appropriate location." The service documents also suggest that a copy of the summons and complaint was mailed to No. 186 Jianyi Road. Plaintiffs speculate that defendant may have received notice of the lawsuit through the mail if the mail was re-routed to Nexgen's correct address after a failed attempt at the No. 186 Jianyi Road address. However, there is nothing in the record showing that Nexgen was in fact actually served by the letter rogatory method.

Plaintiffs request that if the Court finds that service was insufficient, the Court should quash service rather than dismiss Nexgen, and allow plaintiffs to serve Nexgen through its counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). Rule 4(f)(3), permits service in a place not within any judicial district of the United States "by . . . means not prohibited by international agreement as may be directed by the court." Fed. R. Civ. P. 4(f)(3).[2] Defendant contends that before plaintiffs can seek to serve Nexgen through its counsel, plaintiffs must first reattempt service through the letter rogatory method.

---

[2] Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individuals.

United States District Court
For the Northern District of California

The Court finds it is appropriate to order service on Nexgen Mediatech, Inc. through its counsel. The Ninth Circuit has rejected the argument that "Rule 4(f) should be read to create a hierarchy of preferred methods of service of process. RII's interpretation would require that a party attempt service of process by those methods enumerated in Rule 4(f)(2), including by diplomatic channels and letters rogatory, before petitioning the court for alternative relief under Rule 4(f)(3). We find no support for [this] position. No such requirement is found in the Rules text, implied by its structure, or even hinted at in the advisory committee notes." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002). The Ninth Circuit concluded "that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Id.* at 1515 (internal citation omitted).

Although *Rio Properties* does not require that plaintiffs first attempt other methods of service, here plaintiffs have already attempted service by letter rogatory, which proved both time-consuming and expensive. *See* Kingsdale Decl. ¶ 2, Ex. A (stating that total charge to plaintiffs for serving Nexgen Mediatech, Inc. through letter rogatory was approximately $1,632.45). The initial attempt at service took almost seven months from the date when plaintiffs first requested that the Court issue the letters rogatory to the date when plaintiffs filed the certificate of service with the Court. In light of the availability of alternative, speedier relief under Rule 4(f)(3), the Court finds that there is no reason to require service through letter rogatory. Further, although plaintiffs should have verified Nexgen's address through the Taiwan Ministry of Economic Affairs prior to attempting service initially, the confusion over Nexgen's address is at least in part attributable to Nexgen because two Chi Mei websites listed (and continued to list as recently as October 22, 2008) the No. 186 Jianyi Road address for Nexgen.

Defendant contends that service through its counsel would violate Due Process. Service under Rule 4(f)(3) must "comport with constitutional notions of due process," meaning that service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an objection to present their objections." *Rio Properties*, 284 F.3d at 1016-17. In *Rio Properties*, the Ninth Circuit noted that "trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address,

*delivery to the defendant's attorney*, telex, and most recently, email." *Id*. at 1016 (emphasis added). The court held that service on the defendant's attorney was appropriate there because that attorney had been specifically consulted regarding the lawsuit and it "seemed clear" that the attorney was in contact with the client. *Id*. at 1017; *see also FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534-35 (E.D. Va. 2005).

Here, although Wilmer Hale is only appearing on behalf of Nexgen Mediatech, Inc. for the limited purpose of litigating the instant motions, it is nevertheless true that Wilmer Hale has been consulted regarding this lawsuit and is in contact with defendant. Further, Wilmer Hale is representing the other five Chi Mei defendants, and defendant does not dispute that the management of Nexgen Mediatech, Inc. overlaps with that of the management of the already-served Chi Mei defendants. *See* Kingsdale Decl. ¶¶ 2-3, Ex. A & B (Docket No. 698). Under these circumstances, the Court finds it reasonable to infer that defendant has sufficient notice of this case and that service of defendant through its counsel will comport with due process.

Finally, defendant asserts that service on its counsel would violate Taiwanese law because Taiwanese law only permits service on counsel when the client has expressly authorized the specific counsel or agent to accept service. However, in the Ninth Circuit, service under Rule 4(f)(3) "may be accomplished in contravention of the laws of the foreign country." *Rio Properties*, 284 F.3d at 1014. Further, as plaintiffs argue, because Taiwanese courts may order service through counsel, any offense to Taiwanese law is relatively minimal. *See* Taiwan Code of Civ. Proc. Art. 132 (attached to Kingsdale Decl., Docket No. 692, Ex. H).

## CONCLUSION

For the foregoing reasons, the Court QUASHES the subpoena and GRANTS plaintiffs' motion to serve Nexgen through its counsel. (Docket Nos. 676 & 690). The Court further directs as follows:

1. Within one week of the date of this order, the direct purchaser plaintiffs shall send process by first class mail, return receipt requested, to defendant Nexgen's counsel at Wilmer Cutler Pickering Hale and Dorr LLP;

2. Within one week of receiving process from plaintiffs, counsel at Wilmer Hale shall

transmit process to an appropriate officer at Nexgen; and

3.    Upon completion of the foregoing, counsel at Wilmer Hale shall file a letter with the Court affirming such.

**IT IS SO ORDERED.**

Dated: November 19, 2008

SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION

_____/

This Order Relates To:

ATS CLAIM, LLC

        Plaintiff,

    v.

EPSON ELECTRONICS AMERICA, INC., et al.,

        Defendants.

_____/

No.  M 07-1827 SI
MDL. No. 1827

No. C 09-1115 SI

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT, WITH LEAVE TO PROPERLY SERVE DOMESTIC DEFENDANTS AND TO AMEND THE COMPLAINT; AND GRANTING PLAINTIFF'S MOTION TO SERVE CERTAIN TAIWANESE DEFENDANTS**

On September 29, 2009, the Court heard oral argument on several motions in this case.  For the reasons set forth below, the Court GRANTS defendants' motion to dismiss based on insufficient service of process, with leave to properly serve the domestic defendants within 30 days of the filing of this order pursuant to Federal Rule of Civil Procedure 4(m); GRANTS plaintiff's motion to serve certain Taiwanese defendants through their U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3); and GRANTS defendants' motion to dismiss for failure to state a claim, with leave to amend the complaint.  If plaintiff wishes to amend the complaint, the amended complaint must be filed no later than October 16, 2009.

**BACKGROUND**

On March 13, 2009, plaintiff ATS Claims, LLC ("ATS") filed an individual complaint against 26 domestic and foreign defendants for violations of federal antitrust laws.  Of the 26 defendants named

United States District Court
For the Northern District of California

in the complaint, 12 are located in the United States, 8 are located in Korea and Japan, and 6 are located in Taiwan.  Pursuant to the Judicial Panel on Multidistrict Litigation's April 20, 2007 transfer order consolidating pretrial proceedings for a number of actions and this Court's July 3, 2007 related case pretrial order #1, the Clerk of this Court designated this case as related to MDL No. 1827, M 07-1827.

## DISCUSSION

### I.  Defendants' motion to dismiss for insufficient service of process

On May 29, 2009, plaintiff executed a certificate of service for the following U.S. defendants: Sharp Electronics Corporation ("Sharp"), Nexgen Mediatech USA, Inc. ("Nexgen USA"), Chi Mei Optoelectronics USA, Inc. ("Chi Mei USA"), AU Optronics Corporation of America ("AU USA"), Tatung Company of America, Inc. ("Tatung"), and Hitachi Electronic Devises (USA), Inc. ("Hitachi"). On June 2, 2009, plaintiff executed a certificate of service on LG Display America ("LG").  The certificates of service for these seven defendants state that plaintiff served the summons and complaint, along with other documents, by certified U.S. mail.  On July 24, 2009, LG filed a motion to dismiss ATS's complaint for insufficient service of process.  Domestic defendants Chi Mei USA and Sharp have joined in this motion.

Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal due to insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by Rule 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  If the plaintiff is unable to satisfy its burden of demonstrating effective service, the court has discretion to either dismiss or retain the action. *See Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)

The parties dispute whether plaintiff's service by certified mail was valid under Federal Rule of Civil Procedure 4.  Rule 4(h) provides two methods for service of domestic corporations.  One way a corporation may be served is "by *delivering* a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B) (emphasis added).  Alternatively, a plaintiff may serve process by following the law of the state where the district court is located or of the state where service is

2

**United States District Court**
For the Northern District of California

1    effected.  *See* Fed. R. Civ. P. 4(h)(1)(A) (referring to Rule 4(e)(1), which provides for service pursuant

2    to state law).  Defendants move to dismiss the complaint for insufficient service of process on the

3    grounds that (1) plaintiff's purported service by certified mail does not constitute "delivery" under Rule

4    4(h)(1)(B), and (2) plaintiff did not comply with California rules for service of process by mail.  Plaintiff

5    contends that it satisfied the requirements of Rule 4(h)(1)(B) by effecting service by certified mail and

6    therefore does not need to meet the additional service requirements of California state law.  Plaintiff

7    notes that the declarations supporting defendants' motion to dismiss acknowledge that the authorized

8    agents of the respective companies received a summons and a copy of ATS' complaint.[1]

9         The Court finds that plaintiff's service by certified mail does not satisfy the requirements under

10   Rule 4.  Although the Federal Rules of Civil Procedure do not explicitly define the term "delivery"

11   under Rule 4(h)(1)(B), courts have determined that Rule 4 requires personal service. *See Larsen v. Mayo*

12   *Med. Ctr.,* 218 F.3d 863, 868 (8th Cir. 2000); *see also Apache Tribe Fed. Credit Union v. Fed. Home*

13   *Loan Bank of San Francisco*, No. C97-2160 MMC, 1997 U.S. Dist. LEXIS 15233, at *10-11 (N.D. Cal.

14   Sept. 30, 1997).  Plaintiff relies on defendants' declarations to demonstrate that actual service was

15   effected on the defendants' registered service agents.  However, it is well-established that a defendant's

16   actual notice of pending litigation is not sufficient to satisfy the requirements of Rule 4.  *Mid-Continent*

17   *Wood Products, Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991); *Way v. Mueller Brass Company*, 840

18   F.2d 303, 306 (5th Cir. 1988); *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th

19   Cir. 2004).  Service of process in accordance with the rules is still required.  Since plaintiff did not

20   personally serve defendants' registered agents, plaintiff did not satisfy the dictates of Rule 4(h)(1)(B).

21        Furthermore, plaintiff's service does not comply with California service rules.  Although

22   California state law allows for service of summons by mail, such service is only valid if a copy of the

---

24        [1]*See* Kim Decl. ¶ 1-2 (stating that LG's registered agent received a package containing, among
25   other things, a summons and a copy of ATS' complaint) [Docket No. 1122-1]; *see also* Decl. of Chie
     Nakayama in Support of Chi Mei USA's Motion to Dismiss ("Nakayama Decl.") ¶ 1-4 (stating that the
26   administrative assistant to Chi Mei USA's office manager received a package addressed to the
     company's agent for service of process that contained, among other things, a summons and a copy of
27   ATS' complaint) [Docket No. 1124-1]; *see also* Decl. of Johanna M. Toth in Support of Sharp's Joinder
     in LG's Motion to Dismiss ATS' Complaint ("Toth Decl.")  ¶ 1-3 (stating that Sharp's Associate
28   General Counsel received a package from Sharp's registered agent containing, among other things, a
     summons and a copy of ATS' complaint) [Docket No. 1127].

United States District Court
For the Northern District of California

1    summons and complaint are accompanied by two copies of the notice and acknowledgment of receipt

2    of summons.  *See* Cal. Civ. Proc. Code § 415.30.  Defendants contend, and plaintiff does not dispute,

3    that plaintiff did not provide defendants with copies of the notice and acknowledgment of receipt of

4    summons.  Since plaintiff's service by certified mail does not satisfy Rule 4(h)(1)(B) or California

5    service rules, it has not effected service on these domestic defendants.  Accordingly, the Court GRANTS

6    defendant's motion to dismiss for insufficient service of process with leave to properly serve defendants

7    within 30 days of the filing of this order pursuant to Federal Rule of Civil Procedure 4(m).[2]

8

9    **II.    Plaintiff's motion to serve Taiwanese defendants through U.S. counsel**

10           Pursuant to Federal Rule of Civil Procedure 4(f)(1), plaintiff initiated service through the Hague

11   Convention on Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention") for the

12   8 defendants located in Korea and Japan.  Service cannot be initiated by the same means for the

13   Taiwanese defendants because Taiwan is not a signatory to the Hague Convention.  Plaintiff has not

14   attempted to initiate service on the Taiwanese defendants through the letters rogatory process.

15           On August 20, 2009, plaintiff filed a Motion to Serve Certain Taiwanese Defendants Through

16   Their U.S. Counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  These Taiwanese defendants

17   are HannStar Display Corporation ("HannStar"), Chunghwa Picture Tubes ("Chunghwa"), Chi Mei

18   Corporation ("CMC"), Chi Mei Optoelectronics Corp. ("CMO"), and Nexgen Mediatech,

19   Inc.("Nexgen") (collectively "Taiwanese Defendants").[3]  Rule 4(f)(3) permits service in a place not

20   within any judicial district of the United States, "by . . . means not prohibited by international agreement

21   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

22           [2]Defendants argue that the Court should not grant plaintiff an extension of time to serve the
     domestic defendants because it has not shown good cause for failing to properly serve defendants within

23   120 days of filing the complaint.  However, even absent a showing of good cause, the Court has the
     discretion to dismiss the action without prejudice or order that service be made within a specified time.

24   *See* Fed. R. Civ. P. 4(m); *see also In re Sheehan*, 253 F.3d 507, 512 (2001).

25           [3] AU Optronics Corp. is a Taiwanese company but not among those listed in plaintiff's motion.
     Footnote 2 in plaintiff's Motion to Serve Through U.S. Counsel states that "[w]hile counsel for the

26   Taiwanese AU Optronics Corp. would not agree to accept service on behalf of their client, AU
     Optronics Corp. has joined in LG Display America Inc.'s Motion to Dismiss ATS's Complaint . . . as

27   well as a stipulation related to the briefing and hearing of same." [Docket No. 1217].  Plaintiff states that
     pursuant to *Rudolph v. UT Starcom, Inc., et al.*, No. C 07-04578 SI, 2009 LEXIS 11193 (N.D. Cal. Feb

28   2, 2009), it "believes that AU Optronics Corp. has effectively waived service.  Nevertheless [it] reserves
     its right to bring a motion similar to this one against AU Optronics Corp."  *Id.*

as may be directed by the court." Fed. R. Civ. P. 4(f)(3).[4] Defendants argue that before plaintiff can seek to serve them through their U.S. counsel, plaintiff must first attempt to personally serve them via the letters rogatory process at their Taiwan addresses.

Plaintiff has submitted a declaration from David P. Germaine, Counsel for ATS ("Germaine Decl."). Mr. Germaine states that he has been in contact with APS International, Ltd. and Interprenet, Ltd. with regard to translating ATS' complaint into Chinese and effecting service via letters rogatory on the Taiwanese defendants. Germaine Decl. ¶ 2 [Docket No. 1217-1]. Mr. Germaine states that he "understand[s] that ATS will incur a charge of $3,184.02 from Interprenet for translating ATS' complaint and the other documents associated with service on the Taiwanese Defendants in Chinese." *Id.* He further understands that "ATS will incur charges of $5,300 from APS for processing the letters rogatory and paying the fees required by the U.S. Department of State." *Id.*

The Court finds that it is appropriate to order service on defendants through their U.S. counsel. The Ninth Circuit has rejected the argument that "Rule 4(f) should be read to create a hierarchy of preferred methods of service of process. [Appellant]'s interpretation would require that a party attempt service of process by those methods enumerated in Rule 4(f)(2), including diplomatic channels and letters rogatory, before petitioning the court for alternative relief under Rule 4(f)(3). We find no support for [this] position. No such requirement is found in the Rules text, implied by its structure, or even hinted at in the advisory committee notes." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002). The Ninth Circuit concluded "that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Id.* at 1515 (internal citation omitted). Therefore, *Rio Properties* does not require that plaintiff first attempt other methods of service.

Furthermore, plaintiff need not first attempt to personally serve defendants before it may reasonably conclude that service by letters rogatory is more expensive and time-consuming than serving defendants' counsel. *See* Germaine Decl. ¶ 2 (stating that plaintiffs will likely incur over $8,000 in charges for translating the documents associated with service and processing the letters rogatory). Both

---

[4]Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in a manner proscribed by Rule 4(f) for individuals.

parties note that earlier in this MDL, the direct purchaser plaintiffs spent several months attempting to effect service on some of the same Taiwanese defendants through the letters rogatory process, and that this process proved time-consuming, expensive, and burdensome.[5]  In light of the availability of alternative, speedier relief under Rule 4(f)(3), the Court finds that there is no reason to require service through letters rogatory in the instant action.

Defendants also contend that service through their counsel would violate due process.  Service under Rule 4(f)(3) must "comport with constitutional notions of due process," meaning that service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties*, 284 F.3d at 1016-17 (internal quotation and citation omitted).  In *Rio Properties*, the Ninth Circuit noted that "trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, *delivery to the defendant's attorney*, telex, and most recently, email." *Id.* at 1016 (emphasis added).  The court held that service on the defendant's attorney was appropriate there because the attorney had been specifically consulted regarding the lawsuit and it "seemed clear" that the attorney was in contact with the client. *Id.* at 1017; *see also FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534-35 (E.D. Va. 2005).

Here, the record clearly indicates that the Taiwanese defendants have consulted U.S. counsel regarding this lawsuit and participated in the case through their U.S. counsel.  First, HannStar is represented by K&L Gates, LLP in this lawsuit.  K&L Gates filed an opposition to this motion on behalf of HannStar and previously appeared and participated in MDL 1827 on behalf of HannStar.  *See* Docket No. 1234; *see also* Germaine Decl. ¶ 3.[6]  Second, Chunghwa is represented by Gibson, Dunn & Crutcher LLP ("Gibson Dunn").  Gibson Dunn joined in HannStar's opposition to this motion on behalf of

---

[5] *See* ATS' Motion to Serve Certain Taiwanese Defendants Through Their U.S. Counsel, at 2 (stating that direct purchaser class plaintiffs spent seven months in an unsuccessful attempt to serve Nexgen through letter rogatory) [Docket No. 1217]; *see also* HannStar's Opposition to ATS' Motion to Serve Certain Taiwanese Defendants Through Their U.S. Counsel, at 7 (stating that it took direct purchaser class plaintiffs four months to serve HannStar through letter rogatory).

[6] HannStar notes that it is the only Taiwanese defendant named in this motion that does not have a U.S. subsidiary.  Although this fact does not bear on whether service through its U.S. counsel comports with due process, HannStar's opposition to this motion does not constitute a waiver of its jurisdictional defenses to plaintiff's lawsuit or service of process.

Chunghwa and also filed a stipulation for extension of time to answer in MDL 1827 on behalf of Chunghwa. *See* Docket No. 1236; *see also* Stipulation for Extension of Time to Answer [Docket No. 776]. Lastly, CMC, CMO, and Nexgen are all represented by Wilmer Cutler Pickering Hale & Door LLP ("Wilmer Hale"). Wilmer Hale joined in HannStar's opposition to this motion on behalf of CMC, CMO, and Nexgen. *See* Docket No. 1235. Wilmer Hale has also appeared on behalf of these three defendants in MDL 1827. *See* Germaine Decl. ¶ 3. The filings and appearances by K&L Gates, Gibson Dunn, and Wilmer Hale on behalf of the Taiwanese defendants suggest that the attorneys have been in contact with their clients regarding this lawsuit. *See FMAC Loan Receivables*, 228 F.R.D. at 534 (stating that the numerous motions filed by defendant's attorney makes it "abundantly clear" that defendant has been in constant communication with his attorney). Under these circumstances, the Court finds it reasonable to infer that the Taiwanese defendants have sufficient notice of this case and that service of defendants through their U.S. counsel will comport with due process. Therefore, the Court GRANTS plaintiff's motion to serve certain Taiwanese defendants through their U.S. Counsel.

## III.   Defendants' motion to dismiss for failure to state a claim

The complaint alleges that plaintiff brought this action as an assignee of an antitrust claim from an entity that directly purchased Thin Film Transistor-Liquid Crystal Display (TFT-LCD") panels and/or products containing a TFT-LCD panel. Compl. ¶ 1. LG filed a motion to dismiss plaintiff's complaint for failure to state a claim under Rule 12(b)(6) because it neither identifies the assignor of plaintiff's claims, nor alleges sufficient facts to demonstrate that its assignor would be entitled to relief. Alternatively, it moved for "a more definite statement" pursuant to Federal Rule of Civil Procedure 12(e). Numerous defendants have joined in this motion.

Defendants contend that they need to know the assignor of plaintiff's claims, the products the assignor purchased, and the defendants from whom it purchased those products in order to ascertain the nature of the claims being asserted and reasonably prepare a response. Meanwhile, plaintiff does not offer any persuasive reasons for excluding this information. Although the parties have not cited any authority addressing whether a plaintiff must identify its assignor in its complaint, case law does require that the complaint "allege facts showing that the assignor would be entitled to relief." *N. Cal.*

7

1    *Monument Dealers Ass'n v. Interment Ass'n of Cal.*, 120 F. Supp. 93, 94 (N.D. Cal. 1954) (citing *La.*

2    *Farmers' Protective Union v. Great Atlantic & Pacific Tea Co. of America, D.C. 1942*, 40 F.Supp. 897

3    (D. Ark. 1941); also 8 Cir., 131 F.2d 419 (8th Cir. 1942)).  Therefore, at a minimum, the Court finds that

4    plaintiff should amend its complaint to identify the assignor to whom the alleged claims accrued.

5    Defendants may uncover the additional details surrounding the assignor's purchases through discovery.

6    Accordingly, the Court GRANTS defendants' motion to dismiss with leave to amend by October 16,

7    2009.

8

9                                   **CONCLUSION**

10           For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants'

11   motion to dismiss based on insufficient service of process with leave to properly serve defendants within

12   30 days of the filing of this order pursuant to Federal Rule of Civil Procedure 4(m); GRANTS plaintiff's

13   motion to serve certain Taiwanese defendants through their U.S. counsel pursuant to Federal Rule of

14   Civil Procedure 4(f)(3); and GRANTS defendants' motion to dismiss for failure to state a claim, with

15   leave to amend.  If plaintiff wishes to amend the complaint, the amended complaint must be filed no

16   later than **October 16, 2009.**  [Docket Nos. 1122, 1124-1127, 1129, 1144, 1217 in M 07-1827; Docket

17   Nos. 46-48, 51, 56 in C 09-1115].

18

19           **IT IS SO ORDERED.**

20

21   Dated: October 6, 2009

22                                                              _____
                                                               SUSAN ILLSTON
23                                                             United States District Judge

24

25

26

27

28

                                              8

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br>_____/ | No.  M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates To:<br><br>AT&T MOBILITY LLC, _et al._,<br><br>        Plaintiffs,<br>  v.<br><br>AU OPTRONICS CORP., _et al._,<br><br>        Defendants.<br><br>and<br><br>MOTOROLA, INC.,<br><br>        Plaintiff,<br>  v.<br><br>AU OPTRONICS CORP., _et al._,<br>_____/ | No. C 09-4997 SI; No. C 09-5840 SI<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO SERVE CHUNGHWA PICTURE TUBES THROUGH ITS U.S. COUNSEL** |

Plaintiffs in these direct action cases filed a motion to serve Chunghwa Picture Tubes and HannStar Display Corporation through their U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  After plaintiffs filed the motion, HannStar agreed to waive service of process, rendering plaintiffs' motion moot with respect to HannStar.  Plaintiffs and Chunghwa have stipulated to submit the motion without oral argument.  For the reasons set forth below, the Court GRANTS the motion.

United States District Court

For the Northern District of California

**BACKGROUND**

On October 20, 2009, plaintiff AT&T filed an individual complaint in this Court against numerous domestic and foreign defendants, including Chunghwa Picture Tubes ("Chunghwa"), for violations of state and federal antitrust laws. The same day, plaintiff Motorola filed a similar complaint in the Northern District of Illinois, also alleging that Chunghwa violated state and federal antitrust laws. Pursuant to the Judicial Panel on Multidistrict Litigation's April 20, 2007 transfer order consolidating pretrial proceedings for a number of actions and this Court's July 3, 2007 related case pretrial order #1, the Motorola action was transferred to this Court, and the Clerk of this Court designated both of these cases as related to MDL No. 1827, M 07-1827.

Chunghwa is a foreign corporation with headquarters in Taiwan. Taiwan is not a signatory to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"), and thus service cannot be effected on Chunghwa pursuant to the Hague Convention. On November 3, 2009, AT&T and Motorola ("plaintiffs") sent Chunghwa requests to waive service of summons. According to plaintiffs, Chunghwa is the only defendant which continues to refuse to waive service of summons, thus prompting the instant motion to serve Chunghwa through its U.S. counsel. Plaintiffs have not attempted to initiate service on Chunghwa through the letter rogatory process.

**DISCUSSION**

Plaintiffs have moved to serve Chunghwa through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). Rule 4(f)(3) permits service in a place not within any judicial district of the United States, "by . . . means not prohibited by international agreement as may be directed by the court." Fed. R. Civ. P. 4(f)(3).[1] Chunghwa argues that before plaintiffs can seek to serve it through its U.S. counsel, plaintiffs must first attempt to personally serve Chunghwa via the letter rogatory process at its Taiwan addresses.

Plaintiffs have submitted a declaration from Jerome Murphy, counsel for both AT&T and Motorola. Mr. Murphy states that TransPerfect Translations International, Inc. has provided his law

---

[1] Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in a manner prescribed by Rule 4(f) for individuals.

firm with an estimate of the cost of obtaining certified Mandarin Chinese translations of plaintiffs' complaints and the cost of effecting service of process upon a corporation in Taiwan pursuant to a response to a letter rogatory. Murphy Reply Decl. ¶ 3. Mr. Murphy states that plaintiffs "will each incur a charge of approximately $6,090.00 from TransPerfect for a certified Mandarin Chinese translation of their respective complaints and that each translation will require approximately two weeks' time to produce. I further understand that these estimates pertain only to translation of the complaints and not to translation of any summons or of the Supplementary Material set forth in Civil Local Rule 4-2 . . . for which Plaintiffs will each incur additional charges. I further understand that Plaintiffs will each incur a charge of $2,100.00 from TransPerfect for effectuating service of process upon a corporation in Taiwan through a letter rogatory . . . In addition I have been informed that properly effecting service of process upon an entity in Taiwan through a letter rogatory can take up to one year." *Id.* ¶ 4.

The Court finds that it is appropriate to order service on Chunghwa through its U.S. counsel. The Ninth Circuit has rejected the argument that "Rule 4(f) should be read to create a hierarchy of preferred methods of service of process. [Appellant]'s interpretation would require that a party attempt service of process by those methods enumerated in Rule 4(f)(2), including diplomatic channels and letters rogatory, before petitioning the court for alternative relief under Rule 4(f)(3). We find no support for [this] position. No such requirement is found in the Rule's text, implied by its structure, or even hinted at in the advisory committee notes." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002). The Ninth Circuit concluded "that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Id.* at 1515 (internal citation omitted).

Furthermore, plaintiffs need not first attempt to personally serve defendants before it may reasonably conclude that service by letters rogatory is more expensive and time-consuming than serving defendant's counsel. As plaintiffs note, earlier in the MDL the direct purchaser plaintiffs spent many months attempting to effect service on some Taiwanese defendants through the letter rogatory process, and this process proved time-consuming, expensive, and burdensome. *See* Docket No. 725 (Order Re: Defendant Nexgen Mediatech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing

Service; and Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel under Fed.R.Civ.P. 4(f)(3)).[2] In light of the availability of alternative, speedier relief under Rule 4(f)(3), the Court finds that there is no reason to require service through letters rogatory in the instant actions.

Defendants also contend that service through their counsel would violate due process. Service under Rule 4(f)(3) must "comport with constitutional notions of due process," meaning that service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties*, 284 F.3d at 1016-17 (internal quotation and citation omitted). Chunghwa relies on *Forum Financial Group v. President & Fellows of Harvard College*, 199 F.R.D. 22 (D. Me. 2001), which was cited in *Rio Properties* as an example of a case in which service had been authorized on a foreign defendant through its U.S. counsel. In *Forum Financial*, the foreign defendant had, *inter alia*, "actively evaded" service and was living under an assumed name. *Id.* at 23-24. Chunghwa suggests that *Rio Properties* is limited to cases involving facts similar to *Forum Financial*. However, there is nothing in *Rio Properties* limiting its holding in the manner suggested by Chunghwa, and to the contrary, *Rio Properties* held that district courts have "sound discretion" to determine when the "particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)" and noted that "trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Id.* at 1016. In *Rio Properties*, the court held that service on the defendant's attorney was appropriate there because the attorney had been specifically consulted regarding the lawsuit and it "seemed clear" that the attorney was in contact with the client. *Id.* at 1017; *see also FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534-35 (E.D. Va. 2005).

Here, the record shows that Chunghwa has consulted its U.S. counsel regarding these lawsuits and participated in the cases through its U.S. counsel. Chunghwa was formerly represented by Gibson,

---

[2]  In that order, the Court held that the record did not demonstrate that defendant Nexgen Mediatech, Inc., a Taiwanese corporation, had been properly served by the letter rogatory method, and granted the direct purchaser plaintiffs' request to serve Nexgen through its U.S. counsel. In an individual case related to the MDL, the Court granted the plaintiff's motion to serve Taiwanese defendants, including Chunghwa, through their U.S. counsel. *See ATS Claim, LLC v. Epson Elecs. Am. Inc., et al.*, C 09-1115 (Docket No. 70).

Dunn & Crutcher LLP and is currently represented by Baker & McKenzie LLP. Baker & McKenzie filed Chunghwa's opposition to plaintiffs' motion, and Chunghwa's current and former counsel have appeared and participated in the MDL proceedings on numerous occasions. Plaintiffs also state that Chunghwa's U.S. counsel entered an appearance and was present at a deposition, cross-noticed by plaintiffs, where plaintiffs' counsel questioned a defendant witness. Plaintiffs' Reply at 6:5-7. Under these circumstances, the Court finds it reasonable to infer that Chunghwa has sufficient notice of this case and that service of defendant through its U.S. counsel will comport with due process. *See FMAC Loan Receivables*, 228 F.R.D. at 534 (stating that the numerous motions filed by defendant's attorney makes it "abundantly clear" that defendant has been in constant communication with his attorney).

Accordingly, the Court GRANTS plaintiffs' motion to serve certain Chunghwa through its U.S. Counsel.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs' motion to serve Chunghwa through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). (Docket No. 32 in C 09-4997 SI; Docket No. 23 in C 09-5480 SI; and Docket No. 1543 in M 07-1827 SI).

**IT IS SO ORDERED.**

Dated: April 2, 2010

_____
SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California

5

1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   IN RE: TFT-LCD (FLAT PANEL) ANTITRUST          No.  M 07-1827 SI
    LITIGATION                                     MDL. No. 1827
9   _____/

10  This Order Relates To:

11  NOKIA CORPORATION and NOKIA INC.,              No. C 09-5609 SI

12              Plaintiffs,                        **ORDER GRANTING PLAINTIFFS'
                                                   MOTION TO SERVE DEFENDANTS
13      v.                                         CHUNGHWA PICTURE TUBES AND
                                                   TATUNG COMPANY THROUGH THEIR
14  AU OPTRONICS CORP., *et al.*,                  U.S. COUNSEL**

15              Defendants.

16  _____/

17        Plaintiffs Nokia Corporation and Nokia, Inc. have filed a motion to serve two foreign defendants,

18  Chunghwa Picture Tubes and Tatung Company, through their U.S. counsel pursuant to Federal Rule of

19  Civil Procedure 4(f)(3).  The parties stipulated to submit the motion without oral argument.  For the

20  reasons set forth below, the Court GRANTS the motion.

21

22                                  **BACKGROUND**

23        On November 25, 2009, plaintiffs Nokia Corporation and Nokia Inc. filed an individual

24  complaint in this Court against numerous domestic and foreign defendants, including Chunghwa Picture

25  Tubes ("Chunghwa") and Tatung Company ("Tatung"), for violations of state and federal antitrust laws.

26  Pursuant to the Judicial Panel on Multidistrict Litigation's April 20, 2007 transfer order consolidating

27  pretrial proceedings for a number of actions and this Court's July 3, 2007 related case pretrial order #1,

28  the Clerk of this Court designated both of these cases as related to MDL No. 1827, M 07-1827.

United States District Court
For the Northern District of California

Chunghwa and Tatung are foreign corporations with headquarters in Taiwan. Taiwan is not a signatory to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"), and thus service cannot be effected on these defendants pursuant to the Hague Convention. On November 30, 2009, plaintiffs sent all defendants, including Chunghwa and Tatung,[1] requests to waive service of summons. In a stipulation filed on February 26, 2010, 21 defendants, including Tatung's domestic subsidiary, Tatung Company of America, stipulated to the waiver of service of process of the complaint. Neither Chunghwa nor Tatung joined in the stipulation, thus prompting the instant motion. Plaintiffs have not attempted to initiate service on Chunghwa and Tatung through the letter rogatory process.

## DISCUSSION

Plaintiffs have moved to serve Chunghwa and Tatung through their U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). Rule 4(f)(3) permits service in a place not within any judicial district of the United States, "by . . . means not prohibited by international agreement as may be directed by the court." Fed. R. Civ. P. 4(f)(3).[2] Defendants argue that before plaintiffs can seek to serve them through their U.S. counsel, plaintiffs must first attempt to personally serve Chunghwa and Tatung via the letter rogatory process at their Taiwan addresses.

Plaintiffs contend that service through defendants' U.S. counsel is appropriate because of the substantial difficulty, time and expense that plaintiffs would face in serving the foreign defendants in Taiwan. Plaintiffs have submitted a declaration from Valarie Williams, counsel for plaintiffs. Ms. Williams states that APS International, Inc. has provided her law firm with an estimate of the cost of obtaining Chinese translations of plaintiffs' complaint and other documents, and of the cost of effecting service of process on Chunghwa and Tatung pursuant to letters rogatory. Williams Decl. ¶ 16. Ms.

---

[1] As discussed *infra*, prior to Nokia filing its complaint, Tatung had not been named as a defendant in the MDL. Because Tatung's U.S. subsidiary, Tatung Company of America, was previously named as a defendant in the MDL, counsel for Nokia forwarded the service documents to lead counsel for Tatung Company of America and requested that counsel for the subsidiary waive service on behalf of Tatung.

[2] Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in a manner prescribed by Rule 4(f) for individuals.

Williams states that according to the APS estimate, "Nokia will incur a charge of $5,915.00 for translating Nokia's Complaint and the other documents associated with the Nokia Action into Chinese. APS also estimates that Nokia will incur charges of $2,476.40 each for processing the letters rogatory for Chunghwa and Tatung and for paying the fees required by the U.S. Department of State for service on those entities." *Id.* ¶ 18, Ex. E (estimate). In addition, Ms. Williams states that according to the APS estimate, "service of Nokia's Complaint and other documents associated with the Nokia Action by the letter rogatory process could take six (6) to twelve (12) months to complete." *Id.* ¶ 19.

Plaintiffs also assert that service through defendants' U.S. counsel comports with due process because defendants have notice of Nokia's claims. Plaintiffs note that Chunghwa has been represented in the MDL by the law firm of Gibson, Dunn & Crutcher LLP since June 2008. Since that time, Gibson Dunn has repeatedly appeared as counsel for Chunghwa and has answered complaints, provided declarations, joined defendants' motions to dismiss, and negotiated settlements with the direct purchaser plaintiffs and the indirect purchaser plaintiffs. *Id.* ¶ 8(a). Tatung Company of America has been represented in the MDL by the law firm of Baker & McKenzie LLP since January 2008. Since that time, Baker has repeatedly appeared as counsel for Tatung Company of America and has filed motions to dismiss, filed declarations, answered complaints, opposed class certification, and attended depositions on behalf of Tatung Company of America. *Id.* ¶ 8(b).

While both defendants assert that service through their counsel would violate due process, Tatung argues that it is even more unfair to authorize such service with respect to it since Tatung is not a defendant in the MDL, and was only first sued in this action. Plaintiffs respond that the interrelationship between Tatung, Tatung Company of America, and Chunghwa shows that service on U.S. counsel for those entities is reasonably calculated to apprise Tatung of plaintiffs' claims. Plaintiffs note that in the MDL, Tatung Company of America has admitted that Tatung owns 50% of its stock, as well as 30% of the stock of Chunghwa. *See* Docket Nos. 509 & 775 in M 07-1827. The other half of Tatung Company of America is owned by Lun Kuan Lin, the daughter of Tatung's former Chairman, T.S. Lin. Compl. ¶ 40. Plaintiffs have submitted the deposition testimony of Chien Hon "Frank" Lin, Chairman and President of Chunghwa. Reply Williams Decl. Ex. A. In his deposition, Mr. Lin states that his brother W.S. Lin, who serves as Chairman and CEO of Tatung, asked him to move into the

United States District Court
For the Northern District of California

position of Chairman and President of Chunghwa. *Id.* at 78:18-79:4. Mr. Lin also testified that Tatung is the main shareholder of Chunghwa, and that there are no other shareholders that hold a significant interest in that company. *Id.* at 79:18-23. Mr. Lin also testified that Tatung has the authority to make hiring and commercial decisions for Chunghwa. *Id.* at 79:6-17. Tatung also shares board of director representatives with Chunghwa. Compl. ¶ 38. In addition, plaintiffs note that Tatung, Tatung Company of America, and Chunghwa are all represented by Baker & McKenzie.

The Court finds that it is appropriate to order service on defendants through their U.S. counsel. The Ninth Circuit has rejected the argument that "Rule 4(f) should be read to create a hierarchy of preferred methods of service of process. [Appellant]'s interpretation would require that a party attempt service of process by those methods enumerated in Rule 4(f)(2), including diplomatic channels and letters rogatory, before petitioning the court for alternative relief under Rule 4(f)(3). We find no support for [this] position. No such requirement is found in the Rule's text, implied by its structure, or even hinted at in the advisory committee notes." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002). The Ninth Circuit concluded "that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Id.* at 1515 (internal citation omitted).

Plaintiffs need not first attempt to personally serve defendants before they may reasonably conclude that service by letters rogatory is more expensive and time-consuming than serving defendant's counsel. As plaintiffs note, earlier in the MDL the direct purchaser plaintiffs spent many months attempting to effect service on some Taiwanese defendants through the letter rogatory process, and this process proved time-consuming, expensive, and burdensome. *See* Docket No. 725 (Order Re: Defendant Nexgen Mediatech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel under Fed.R.Civ.P. 4(f)(3)).[3] In light of the availability of alternative, speedier relief under Rule 4(f)(3), the

---

[3] In that order, the Court held that the record did not demonstrate that defendant Nexgen Mediatech, Inc., a Taiwanese corporation, had been properly served by the letter rogatory method, and granted the direct purchaser plaintiffs' request to serve Nexgen through its U.S. counsel. In three other individual cases related to the MDL, the Court granted the plaintiffs' motions to serve Taiwanese defendants, including Chunghwa, through their U.S. counsel. *See ATS Claim, LLC v. Epson Elecs. Am.*

**United States District Court**
For the Northern District of California

Court finds that there is no reason to require service through letters rogatory in the instant action, particularly given the stage of the litigation in the MDL and the significant discovery that is already underway in those proceedings.

The Court also finds that service on defendants through their U.S. counsel comports with due process. Service under Rule 4(f)(3) must "comport with constitutional notions of due process," meaning that service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties*, 284 F.3d at 1016-17 (internal quotation and citation omitted). Here, the record shows that Chunghwa, Tatung Company of America, and Tatung have substantial common ownership, shared management, and collective legal representation. Under these circumstances, the Court finds it reasonable to infer that Chunghwa and Tatung have sufficient notice of this case and that service of defendants through their U.S. counsel will comport with due process. *See FMAC Loan Receivables*, 228 F.R.D. at 534 (stating that the numerous motions filed by defendant's attorney makes it "abundantly clear" that defendant has been in constant communication with his attorney); *see also In re Cathode Ray Tubes (CRT) Antitrust Litig.*, MDL No. 1917, No. 07-5944 SC, 2008 WL 4104341, at *1 (N.D. Cal. Sept. 3, 2008) (authorizing service on foreign defendants through U.S. subsidiaries and domestic counsel); *In re LDK Solar Sec. Litig.*, C No. 07-5182 WHA, 2008 WL 2415186 at *2 (N.D. Cal. June 12, 2008) (authorizing service on foreign corporation and foreign individuals on corporation's domestic subsidiary, and noting "[s]ignificantly, FRCP 4(f)(3) stands independently of FRCP 4(f)(1); it is not necessary for plaintiffs to first attempt service through 'internationally agreed means' before turning to 'any other means not prohibited by international agreement.'").

Defendants rely on *Forum Financial Group v. President & Fellows of Harvard College*, 199 F.R.D. 22 (D. Me. 2001), which was cited in *Rio Properties* as an example of a case in which service had been authorized on a foreign defendant through its U.S. counsel. In *Forum Financial*, the foreign defendant had, *inter alia*, "actively evaded" service and was living under an assumed name. *Id.* at 23-24. Defendants suggest that *Rio Properties* is limited to cases involving facts similar to *Forum*

---

*Inc., et al.*, C 09-1115 (Docket No. 70), *AT&T Mobility LLC v. AU Optronics et al.*, C 09-4997 SI (Docket No. 42), and *Motorola Inc. v. AU Optronics et al.*, C 09-5840 SI (Docket No. 33).

**United States District Court**
For the Northern District of California

*Financial*. However, there is nothing in *Rio Properties* limiting its holding in the manner suggested by defendants; to the contrary, *Rio Properties* held that district courts have "sound discretion" to determine when the "particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)" and noted that "trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Id.* at 1016. In *Rio Properties*, the court held that service on the defendant's attorney was appropriate there because the attorney had been specifically consulted regarding the lawsuit and it "seemed clear" that the attorney was in contact with the client. *Id.* at 1017; *see also FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534-35 (E.D. Va. 2005).

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs' motion to serve Chunghwa Picture Tubes Ltd. and Tatung Company through their U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). (Docket No. 11 in C 09-5609 SI and Docket No. 1637 in M 07-1827 SI).

**IT IS SO ORDERED.**

Dated: May 28, 2010

_____
SUSAN ILLSTON
United States District Judge

6

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION

_____/

This Order Relates To:

TRACFONE WIRELESS, INC.,

        Plaintiff,

  v.

AU OPTRONICS CORP., *et al.*,

        Defendants.

_____/

No.  M 07-1827 SI
MDL. No. 1827

No. C 10-3205 SI

**ORDER GRANTING PLAINTIFF'S MOTION TO SERVE DEFENDANTS CHUNGHWA PICTURE TUBES THROUGH ITS U.S. COUNSEL**

Plaintiff has filed a motion to a foreign defendant, Chunghwa Picture Tubes Ltd., through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).[1] The parties stipulated to submit the motion without oral argument, and accordingly the November 4, 2010 hearing on this motion is VACATED. For the reasons set forth below, the Court GRANTS the motion.

**BACKGROUND**

On May 4, 2010, plaintiff TracFone filed an individual complaint in the Southern District of Florida against numerous domestic and foreign defendants, including Chunghwa Picture Tubes ("Chunghwa"), for violations of state and federal antitrust laws. Pursuant to the Judicial Panel on

---

[1] The motion originally also sought to serve another foreign defendant, AU Optronics Corporation, through its U.S. counsel. After plaintiff filed the motion AU Optronics Corporation agreed to authorize its U.S. counsel to accept service of process.

1  Multidistrict Litigation's April 20, 2007 transfer order consolidating pretrial proceedings for a number

2  of actions and this Court's July 3, 2007 related case pretrial order #1, the case was transferred to this

3  District, and the Clerk of this Court designated this case as related to MDL No. 1827, M 07-1827.

4  Chunghwa is a foreign corporation with headquarters in Taiwan. Taiwan is not a signatory to

5  the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents ("Hague

6  Convention"), and thus service cannot be effected on Chunghwa pursuant to the Hague Convention.

7  On May 13, 2010, plaintiff sent all defendants, including Chunghwa, requests to waive service of

8  summons. In a stipulation filed on July 26, 2010, 17 defendants stipulated to the waiver of service of

9  process of the complaint. Chunghwa did not join in the stipulation, thus prompting the instant motion.

10 Plaintiff has not attempted to initiate service on Chunghwa through the letter rogatory process.

12  **DISCUSSION**

13  Plaintiff has moved to serve Chunghwa through its U.S. counsel pursuant to Federal Rule of

14 Civil Procedure 4(f)(3). Rule 4(f)(3) permits service in a place not within any judicial district of the

15 United States, "by . . . means not prohibited by international agreement as may be directed by the court."

16 Fed. R. Civ. P. 4(f)(3).[2] Chunghwa argues that before plaintiff can seek to serve it through its U.S.

17 counsel, plaintiff must first attempt to personally serve Chunghwa via the letter rogatory process at its

18 Taiwan address.

19  Plaintiff contends that service through defendant's U.S. counsel is appropriate because of the

20 substantial difficulty, time and expense that plaintiff would face in serving the foreign defendants in

21 Taiwan, and the need to coordinate discovery in this case and the MDL. Plaintiff has submitted a

22 declaration from David Esau, counsel for plaintiff. Mr. Esau states that Legal Language Services has

23 provided his law firm with an estimate of the cost of obtaining Chinese translations of plaintiff's

24 complaint and other documents, and of the cost of effecting service of process on Chunghwa pursuant

25 to letters rogatory. Esau Decl. ¶ 15. According to the Legal Language Services estimate, TracFone will

26 incur a charge of at least $6,215.00 for translating TracFone's Complaint and the other documents

28  [2] Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in a manner prescribed by Rule 4(f) for individuals.

United States District Court
For the Northern District of California

associated with the TracFone action into Chinese for Chunghwa. *Id.* Ex. E (estimate). Legal Language Services also estimates that TracFone will incur charges of at least $3,720 for processing the letters rogatory for Chunghwa and for paying the fees required by the U.S. Department of State for service on that entity. *Id.* In addition, Mr. Esau states that according to the Legal Language Services estimate, "service of TracFone's Complaint and other documents associated with the TracFone Action by the letter rogatory process could take at least four (4) to seven (7) months to complete." *Id.* ¶ 18.

Based upon the circumstances presented here, the Court finds that it is appropriate to order service on Chunghwa through its U.S. counsel. The Ninth Circuit has rejected the argument that "Rule 4(f) should be read to create a hierarchy of preferred methods of service of process. [Appellant]'s interpretation would require that a party attempt service of process by those methods enumerated in Rule 4(f)(2), including diplomatic channels and letters rogatory, before petitioning the court for alternative relief under Rule 4(f)(3). We find no support for [this] position. No such requirement is found in the Rule's text, implied by its structure, or even hinted at in the advisory committee notes." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002). The Ninth Circuit concluded "that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Id.* at 1015 (internal citation omitted). To the extent that defendant relies on the 1993 Advisory Committee Notes to argue that plaintiff must show "urgency" in order to warrant alternative service, the Court disagrees. *Rio Properties* held that district courts have "sound discretion" to determine when the "particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)" and noted that "trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Id.* at 1016. In any event, the portion of the 1993 Advisory Committee Notes that defendant quotes presents a hypothetical involving the Hague Convention, which is inapplicable here because Taiwan is not a signatory to that agreement.

Plaintiff has shown that service by letters rogatory is more expensive and time-consuming than serving defendant's counsel. As plaintiff notes, earlier in the MDL the direct purchaser plaintiffs spent many months attempting to effect service on some Taiwanese defendants through the letter rogatory

3

process, and this process proved time-consuming, expensive, and burdensome. *See* Docket No. 725 (Order Re: Defendant Nexgen Mediatech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel under Fed.R.Civ.P. 4(f)(3)).[3] In light of the availability of alternative, speedier relief under Rule 4(f)(3), the Court finds that there is no reason to require service through letters rogatory in the instant action, particularly given the stage of the litigation in the MDL and the significant discovery that is already underway in those proceedings. This action has been consolidated with the MDL and is now part of a coordinated discovery schedule. Until TracFone is able to serve Chunghwa, TracFone will not be able to coordinate and participate in discovery against Chunghwa with the other plaintiffs.

The Court also finds that service on Chunghwa through its U.S. counsel comports with due process. Service under Rule 4(f)(3) must "comport with constitutional notions of due process," meaning that service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties*, 284 F.3d at 1016-17 (internal quotation and citation omitted). Here, the record shows that Chunghwa has consulted its U.S. counsel regarding the MDL lawsuits and participated in the MDL cases through its U.S. counsel. Chunghwa has been represented in the MDL by the law firm of Gibson, Dunn & Crutcher LLP since June 2008. Since that time, Gibson Dunn has repeatedly appeared as counsel for Chunghwa and has answered complaints, provided declarations, joined defendants' motions to dismiss, and negotiated settlements with the direct purchaser plaintiffs and the indirect purchaser plaintiffs. Under these circumstances, the Court finds it reasonable to infer that Chunghwa has sufficient notice of this case and that service of defendant through its U.S. counsel will comport with due process. *See FMAC Loan Receivables*, 228 F.R.D. at 534 (stating that the numerous motions filed by defendant's attorney makes it "abundantly clear" that defendant has been in constant communication with his

---

[3] In that order, the Court held that the record did not demonstrate that defendant Nexgen Mediatech, Inc., a Taiwanese corporation, had been properly served by the letter rogatory method, and granted the direct purchaser plaintiffs' request to serve Nexgen through its U.S. counsel. In four other individual cases related to the MDL, the Court granted the plaintiffs' motions to serve Taiwanese defendants, including Chunghwa, through their U.S. counsel. *See ATS Claim, LLC v. Epson Elecs. Am. Inc., et al.*, (Docket No. 1309), *AT&T Mobility LLC v. AU Optronics et al.*, (Docket No. 1657), *Motorola Inc. v. AU Optronics et al.*, (Docket No. 1657), and *Nokia Corp. v. AU Optronics Corp.*, (Docket No. 1779).

attorney); *see also In re Cathode Ray Tubes (CRT) Antitrust Litig.*, MDL No. 1917, No. 07-5944 SC, 2008 WL 4104341, at *1 (N.D. Cal. Sept. 3, 2008) (authorizing service on foreign defendants through U.S. subsidiaries and domestic counsel); *In re LDK Solar Sec. Litig.*, C No. 07-5182 WHA, 2008 WL 2415186 at *2 (N.D. Cal. June 12, 2008) (authorizing service on foreign corporation and foreign individuals on corporation's domestic subsidiary, and noting "[s]ignificantly, FRCP 4(f)(3) stands independently of FRCP 4(f)(1); it is not necessary for plaintiffs to first attempt service through 'internationally agreed means' before turning to 'any other means not prohibited by international agreement.'").

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to serve Chunghwa Picture Tubes Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  (Docket No. 2045).

**IT IS SO ORDERED.**

Dated: November 2, 2010

_____
SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

5

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| _____/ | |
| This Order Relates To: | |
| TARGET CORPORATION, *et al*, | No. C 10-4945 SI |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS'<br>MOTION FOR ORDER TO SERVE<br>DEFENDANT CHUNGHWA PICTURE<br>TUBES THOUGH ITS U.S. COUNSEL** |
| v. | |
| AU OPTRONICS CORPORATION, *et al*, | |
| Defendants. | |
| _____/ | |

Plaintiffs have filed a motion to serve a foreign defendant, Chunghwa Picture Tubes Ltd., through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). The parties stipulated to submit the motion without oral argument, and accordingly the Court VACATES the hearing scheduled for March 25, 2011, at 9:00 a.m. For the reasons set forth below, the Court GRANTS the motion.

**BACKGROUND**

On November 1, 2010, plaintiffs Target Corporation; Sears, Roebuck and Co.; Kmart Corporation; Old Comp Inc.; Good Guys, Inc.; Radioshack Corporation; and Newegg Inc. (collectively "plaintiffs") filed a joint complaint in this Court against numerous domestic and foreign defendants, including Chunghwa Picture Tubes ("Chunghwa"), for violations of state and federal antitrust laws. Pursuant to the Judicial Panel on Multidistrict Litigation's April 20, 2007 transfer order consolidating pretrial proceedings for a number of actions and this Court's July 3, 2007 related case pretrial order #1,

the Clerk of this Court designated this case as related to MDL No. 1827, M 07-1827.

Chunghwa is a foreign corporation with headquarters in Taiwan. Taiwan is not a signatory to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"), and thus service cannot be effected on Chunghwa pursuant to the Hague Convention. On December 1, 2010, plaintiffs sent Chunghwa a request to waive service of summons. Chunghwa has not returned a signed waiver. Plaintiffs also contacted Chunghwa's U.S. counsel and requested that counsel, as an agent for Chunghwa, arrange for service of process by delivery of the requisite documents. Chunghwa declined this request, thus prompting the instant motion. Plaintiffs have not attempted to initiate service on Chunghwa through the letter rogatory process.

**DISCUSSION**

Plaintiffs have moved to serve Chunghwa through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). Rule 4(f)(3) permits service in a place not within any judicial district of the United States, "by . . . means not prohibited by international agreement as may be directed by the court." Fed. R. Civ. P. 4(f)(3).[1] Chunghwa argues that before plaintiffs can seek to serve it through its U.S. counsel, plaintiffs must first attempt to personally serve Chunghwa via the letter rogatory process at its Taiwan address.

Plaintiffs contend that service through defendant's U.S. counsel is appropriate because of the substantial difficulty, time and expense that plaintiffs would face in serving the foreign defendant in Taiwan, and the need to coordinate discovery in this case and the MDL. Plaintiffs have submitted a declaration from Matthew J. McBurney, counsel for plaintiffs. Mr. McBurney states that TransPerfect Translations International, Inc. ("TransPerfect") has provided his law firm with an estimate of the cost of obtaining Chinese translations of plaintiffs' complaint and other documents, and of the cost of effecting service of process on Chunghwa pursuant to letters rogatory. McBurney Decl. ¶ 7.

---

[1] Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in a manner prescribed by Rule 4(f) for individuals.

According to the TransPerfect estimate, plaintiffs will incur a charge of at least $4,400.00 for translating Target's Complaint into Chinese for Chunghwa. *Id.* at ¶ 8. TransPerfect also estimates that plaintiffs will incur charges of approximately $4,200 for processing the letters rogatory for Chunghwa and for paying the fees required by the U.S. Department of State for service on that entity. *Id.* In addition, Mr. McBurney states that he has "been informed that properly effecting service of process upon an entity in Taiwan through a letter rogatory often takes a year in duration." *Id.*

Based upon the circumstances presented here, the Court finds that it is appropriate to order service on Chunghwa through its U.S. counsel. The Ninth Circuit has rejected the argument that "Rule 4(f) should be read to create a hierarchy of preferred methods of service of process. [Appellant]'s interpretation would require that a party attempt service of process by those methods enumerated in Rule 4(f)(2), including diplomatic channels and letters rogatory, before petitioning the court for alternative relief under Rule 4(f)(3). We find no support for [this] position. No such requirement is found in the Rule's text, implied by its structure, or even hinted at in the advisory committee notes." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002). The Ninth Circuit concluded "that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Id.* at 1015 (internal citation omitted). To the extent that defendant relies on the 1993 Advisory Committee Notes to argue that plaintiffs must show "urgency" in order to warrant alternative service, the Court disagrees. *Rio Properties* held that district courts have "sound discretion" to determine when the "particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)" and noted that "trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Id.* at 1016. In any event, the portion of the 1993 Advisory Committee Notes that defendant quotes presents a hypothetical involving the Hague Convention, which is inapplicable here because Taiwan is not a signatory to that agreement.

Plaintiffs assert that service by letters rogatory is more expensive and time-consuming than

United States District Court
For the Northern District of California

1  serving defendant's counsel. As plaintiffs note, earlier in the MDL the direct purchaser plaintiffs spent

2  many months attempting to effect service on some Taiwanese defendants through the letter rogatory

3  process, and this process proved time-consuming, expensive, and burdensome. *See* Docket No. 725

4  (Order Re: Defendant Nexgen Mediatech Inc.'s Motion to Dismiss for Insufficient Service of Process;

5  Quashing Service; and Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its

6  Counsel under Fed.R.Civ.P. 4(f)(3)).[2] In light of the availability of alternative, speedier relief under

7  Rule 4(f)(3), the Court finds that there is no reason to require service through letters rogatory in the

8  instant action, particularly given the stage of the litigation in the MDL and the significant discovery that

9  is already underway in those proceedings. This action has been consolidated with the MDL and is now

10 part of a coordinated discovery schedule. Until plaintiffs are able to serve Chunghwa, plaintiffs will not

11 be able to coordinate and participate in discovery against Chunghwa with the other plaintiffs.

12      The Court also finds that service on Chunghwa through its U.S. counsel comports with due

13 process. Service under Rule 4(f)(3) must "comport with constitutional notions of due process," meaning

14 that service must be "reasonably calculated, under all the circumstances, to apprise interested parties

15 of the pendency of the action and afford them an opportunity to present their objections." *Rio*

16 *Properties*, 284 F.3d at 1016-17 (internal quotation and citation omitted). Here, the record shows that

17 Chunghwa has consulted its U.S. counsel regarding the MDL lawsuits and participated in the MDL

18 cases through its U.S. counsel. Chunghwa has been represented in the MDL by the law firm of Gibson,

19 Dunn & Crutcher LLP since June 2008. Since that time, Gibson Dunn has repeatedly appeared as

20 counsel for Chunghwa and has answered complaints, provided declarations, joined defendants' motions

21 to dismiss, and negotiated settlements with the direct purchaser plaintiffs and the indirect purchaser

---

[2] In that order, the Court held that the record did not demonstrate that defendant Nexgen Mediatech, Inc., a Taiwanese corporation, had been properly served by the letter rogatory method, and granted the direct purchaser plaintiffs' request to serve Nexgen through its U.S. counsel. In four other individual cases related to the MDL, the Court granted the plaintiffs' motions to serve Taiwanese defendants, including Chunghwa, through their U.S. counsel. See *ATS Claim, LLC v. Epson Elecs. Am. Inc.*, *et al.*, (Docket No. 1309), *AT&T Mobility LLC v. AU Optronics et al.*, (Docket No. 1657), *Motorola Inc. v. AU Optronics et al.*, (Docket No. 1657), *Nokia Corp. v. AU Optronics Corp.*, (Docket No. 1779), and *TracFone Wireless, Inc. v. AU Optronics et al.*, (Docket No. 2109).

4

plaintiffs. Under these circumstances, the Court finds it reasonable to infer that Chunghwa has sufficient notice of this case and that service of defendant through its U.S. counsel will comport with due process. *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (stating that the numerous motions filed by defendant's attorney make it "abundantly clear" that defendant has been in constant communication with his attorney); *see also In re Cathode Ray Tubes (CRT) Antitrust Litig.*, MDL No. 1917, No. 07-5944 SC, 2008 WL 4104341, at *1 (N.D. Cal. Sept. 3, 2008) (authorizing service on foreign defendants through U.S. subsidiaries and domestic counsel); *In re LDK Solar Sec. Litig.*, C No. 07-5182 WHA, 2008 WL 2415186, at *2 (N.D. Cal. June 12, 2008) (authorizing service on foreign corporation and foreign individuals on corporation's domestic subsidiary, and noting "[s]ignificantly, FRCP 4(f)(3) stands independently of FRCP 4(f)(1); it is not necessary for plaintiffs to first attempt service through 'internationally agreed means' before turning to 'any other means not prohibited by international agreement.'").

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs' motion to serve Chunghwa Picture Tubes Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). Docket No. 15 in C 10-4945 SI; Docket No. 2463 in M 07-1827 SI.

**IT IS SO ORDERED.**

Dated:  March 8, 2011

_____
SUSAN ILLSTON
United States District Judge

5

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION

No. M 07-1827 SI
MDL No. 1827

_____/

This Order Relates To:

No. C 10-4572 SI

BEST BUY CO., *et al*,

Plaintiffs,

    v.

AU OPTRONICS CORP., *et al*,

Defendants.

**ORDER GRANTING PLAINTIFFS' MOTION FOR ORDER TO SERVE DEFENDANT CHUNGHWA PICTURE TUBES THOUGH ITS U.S. COUNSEL**

_____/

Plaintiffs have filed a motion to serve a foreign defendant, Chunghwa Picture Tubes Ltd., through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). The parties stipulated to submit the motion without oral argument, and accordingly the Court VACATES the hearing scheduled for March 25, 2011, at 9:00 a.m. For the reasons set forth below, the Court GRANTS the motion.

**BACKGROUND**

On October 8, 2010, plaintiffs Best Buy Co.; Best Buy Purchasing LLC; Best Buy Enterprise Services, Inc.; Best Buy Stores LP; and Magnolia Hi-Fi, Inc. (collectively "plaintiffs") filed a complaint in this Court against numerous domestic and foreign defendants, including Chunghwa Picture Tubes ("Chunghwa"), for violations of state and federal antitrust laws. Pursuant to the Judicial Panel on Multidistrict Litigation's April 20, 2007 transfer order consolidating pretrial proceedings for a number of actions and this Court's July 3, 2007 related case pretrial order #1, the Clerk of this Court designated

this case as related to MDL No. 1827, M 07-1827.

Chunghwa is a foreign corporation with headquarters in Taiwan. Taiwan is not a signatory to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"), and thus service cannot be effected on Chunghwa pursuant to the Hague Convention. On February 1, 2011, plaintiffs sent Chunghwa a request to waive service of summons, along with a copy of the Complaint and a Notice of a Lawsuit. Chunghwa has not returned a signed waiver. Plaintiffs have also attempted to negotiate with Chunghwa's U.S. counsel for a stipulation waiving service. Chunghwa declined to join the stipulation, thus prompting the instant motion. Plaintiffs have not attempted to initiate service on Chunghwa through the letter rogatory process.

## DISCUSSION

Plaintiffs have moved to serve Chunghwa through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). Rule 4(f)(3) permits service in a place not within any judicial district of the United States, "by . . . means not prohibited by international agreement as may be directed by the court." Fed. R. Civ. P. 4(f)(3).[1] Chunghwa argues that before plaintiffs can seek to serve it through its U.S. counsel, plaintiffs must first attempt to personally serve Chunghwa via the letter rogatory process at its Taiwan address.

Plaintiffs contend that service through defendant's U.S. counsel is appropriate because of the substantial difficulty, time and expense that plaintiffs would face in serving the foreign defendant in Taiwan, and the need to coordinate discovery in this case and the MDL. Plaintiffs have submitted a declaration from David Martinez, counsel for plaintiffs. Mr. Martinez states "[i]t is [his] understanding that a translation of the necessary documents to effectuate service through the letter rogatory process in this case would run in the thousands of dollars, and would take several months." Martinez Decl. ¶ 7. Based upon the circumstances presented here, the Court finds that it is appropriate to order service on Chunghwa through its U.S. counsel. The Ninth Circuit has rejected the argument that "Rule 4(f) should be read to create a hierarchy of preferred methods of service of process. [Appellant]'s

---

[1] Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in a manner prescribed by Rule 4(f) for individuals.

United States District Court
For the Northern District of California

1    interpretation would require that a party attempt service of process by those methods enumerated in Rule

2    4(f)(2), including diplomatic channels and letters rogatory, before petitioning the court for alternative

3    relief under Rule 4(f)(3). We find no support for [this] position. No such requirement is found in the

4    Rule's text, implied by its structure, or even hinted at in the advisory committee notes." *Rio Properties,*

5    *Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002). The Ninth Circuit concluded "that

6    service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one

7    means among several which enables service of process on an international defendant." *Id.* at 1015

8    (internal citation omitted). To the extent that defendant relies on the 1993 Advisory Committee Notes

9    to argue that plaintiffs must show "urgency"in order to warrant alternative service, the Court disagrees.

10   *Rio Properties* held that district courts have "sound discretion" to determine when the "particularities

11   and necessities of a given case require alternate service of process under Rule 4(f)(3)" and noted that

12   "trial courts have authorized a wide variety of alternative methods of service including publication,

13   ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex,

14   and most recently, email." *Id.* at 1016. In any event, the portion of the 1993 Advisory Committee Notes

15   that defendant quotes presents a hypothetical involving the Hague Convention, which is inapplicable

16   here because Taiwan is not a signatory to that agreement.

17        Plaintiffs assert that service by letters rogatory is more expensive and time-consuming than

18   serving defendant's counsel. As plaintiffs note, earlier in the MDL the direct purchaser plaintiffs spent

19   many months attempting to effect service on some Taiwanese defendants through the letter rogatory

20   process, and this process proved time-consuming, expensive, and burdensome. *See* Docket No. 725

21   (Order Re: Defendant Nexgen Mediatech Inc.'s Motion to Dismiss for Insufficient Service of Process;

22   Quashing Service; and Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its

23   Counsel under Fed.R.Civ.P. 4(f)(3)).[2] Other plaintiffs have submitted cost estimates for serving

24

25        [2]    In that order, the Court held that the record did not demonstrate that defendant Nexgen
     Mediatech, Inc., a Taiwanese corporation, had been properly served by the letter rogatory method, and
26   granted the direct purchaser plaintiffs' request to serve Nexgen through its U.S. counsel. In four other
     individual cases related to the MDL, the Court granted the plaintiffs' motions to serve Taiwanese
27   defendants, including Chunghwa, through their U.S. counsel. See *ATS Claim, LLC v. Epson Elecs. Am.
     Inc.*, *et al.*, (Docket No. 1309), *AT&T Mobility LLC v. AU Optronics et al.*,(Docket No. 1657), *Motorola
28   Inc. v. AU Optronics et al.*, (Docket No. 1657), *Nokia Corp. v. AU Optronics Corp.*, (Docket No. 1779),

Chunghwa through the letter rogatory process, all of which have indicated a likely cost of more than $8,000.[3] In light of the availability of alternative, speedier relief under Rule 4(f)(3), the Court finds that there is no reason to require service through letters rogatory in the instant action, particularly given the stage of the litigation in the MDL and the significant discovery that is already underway in those proceedings. This action has been consolidated with the MDL and is now part of a coordinated discovery schedule. Until plaintiffs are able to serve Chunghwa, plaintiffs will not be able to coordinate and participate in discovery against Chunghwa with the other plaintiffs.

The Court also finds that service on Chunghwa through its U.S. counsel comports with due process. Service under Rule 4(f)(3) must "comport with constitutional notions of due process," meaning that service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties*, 284 F.3d at 1016-17 (internal quotation and citation omitted). Here, the record shows that Chunghwa has consulted its U.S. counsel regarding the MDL lawsuits and participated in the MDL cases through its U.S. counsel. Chunghwa has been represented in the MDL by the law firm of Gibson, Dunn & Crutcher LLP since June 2008. Since that time, Gibson Dunn has repeatedly appeared as counsel for Chunghwa and has answered complaints, provided declarations, joined defendants' motions to dismiss, and negotiated settlements with the direct purchaser plaintiffs and the indirect purchaser plaintiffs. Under these circumstances, the Court finds it reasonable to infer that Chunghwa has sufficient notice of this case and that service of defendant through its U.S. counsel will comport with due process. *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (stating that the numerous motions filed by defendant's attorney make it "abundantly clear" that defendant has been

---

and *TracFone Wireless, Inc. v. AU Optronics et al.*, (Docket No. 2109).

[3]     *See, e.g., TracFone Wireless, Inc. v. AU Optronics et al.*,:

According to the Legal Language Services estimate, TracFone will incur a charge of at least $6,215.00 for translating TracFone's Complaint and the other documents associated with the TracFone action into Chinese for Chunghwa. Legal Language Services also estimates that TracFone will incur charges of at least $3,720 for processing the letters rogatory for Chunghwa and for paying the fees required by the U.S. Department of State for service on that entity.

Docket No. 2109 at 2-3.

in constant communication with his attorney); *see also In re Cathode Ray Tubes (CRT) Antitrust Litig.*, MDL No. 1917, No. 07-5944 SC, 2008 WL 4104341, at *1 (N.D. Cal. Sept. 3, 2008) (authorizing service on foreign defendants through U.S. subsidiaries and domestic counsel); *In re LDK Solar Sec. Litig.*, C No. 07-5182 WHA, 2008 WL 2415186, at *2 (N.D. Cal. June 12, 2008) (authorizing service on foreign corporation and foreign individuals on corporation's domestic subsidiary, and noting "[s]ignificantly, FRCP 4(f)(3) stands independently of FRCP 4(f)(1); it is not necessary for plaintiffs to first attempt service through 'internationally agreed means' before turning to 'any other means not prohibited by international agreement.'").

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs' motion to serve Chunghwa Picture Tubes Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). Docket No. 16 in C 10-4572 SI; Docket No. 2463 in M 07-1827 SI.

**IT IS SO ORDERED.**

Dated: March 8, 2011

SUSAN ILLSTON
United States District Judge

1

2

3

4

5

IN THE UNITED STATES DISTRICT COURT

6

FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST | No. M 07-1827 SI |
| LITIGATION | MDL No. 1827 |

8

_____/

No. C 10-5625 SI

9

This Order Relates To:

**ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER TO SERVE DEFENDANT CHUNGHWA PICTURE TUBES THROUGH ITS U.S. COUNSEL**

10

ALFRED H. SIEGEL,

11

Plaintiff,

12

v.

13

AU OPTRONICS,

14

Defendant.

15

_____/

16        Plaintiff has filed a motion to serve a foreign defendant, Chunghwa Picture Tubes Ltd., through

17 its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). The parties stipulated to submit

18 the motion without oral argument, and accordingly the Court VACATES the hearing scheduled for April

19 8, 2011, at 9:00 a.m. For the reasons set forth below, the Court GRANTS the motion.

20

21                                **BACKGROUND**

22        On December 10, 2010, plaintiff Alfred H. Siegel, as trustee of the Circuit City Stores, Inc.

23 liquidating trust, filed a complaint in this Court against numerous domestic and foreign defendants,

24 including Chunghwa Picture Tubes ("Chunghwa"), for violations of state and federal antitrust laws.

25 Pursuant to the Judicial Panel on Multidistrict Litigation's April 20, 2007 transfer order consolidating

26 pretrial proceedings for a number of actions and this Court's July 3, 2007 related case pretrial order #1,

27 the Clerk of this Court designated this case as related to MDL No. 1827, M 07-1827.

28        Chunghwa is a foreign corporation with headquarters in Taiwan. Taiwan is not a signatory to

**United States District Court**
**For the Northern District of California**

1    the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents ("Hague

2    Convention"), and thus service cannot be effected on Chunghwa pursuant to the Hague Convention.

3    In January 2011, plaintiff sent Chunghwa a request to waive service of summons. Chunghwa has not

4    returned a signed waiver. Plaintiff also contacted Chunghwa's U.S. counsel and requested that counsel,

5    as an agent for Chunghwa, arrange for service of process by delivery of the requisite documents.

6    Chunghwa declined this request, thus prompting the instant motion. Plaintiff has not attempted to

7    initiate service on Chunghwa through the letters rogatory process.

8

9                                              **DISCUSSION**

10          Plaintiff has moved to serve Chunghwa through its U.S. counsel pursuant to Federal Rule of

11   Civil Procedure 4(f)(3). Rule 4(f)(3) permits service in a place not within any judicial district of the

12   United States, "by . . . means not prohibited by international agreement as may be directed by the court."

13   Fed. R. Civ. P. 4(f)(3).[1] Chunghwa argues that before plaintiff can seek to serve it through its U.S.

14   counsel, plaintiff must first attempt to personally serve Chunghwa via the letters rogatory process at its

15   Taiwan address.

16          Plaintiff contends that service through defendant's U.S. counsel is appropriate because of the

17   substantial difficulty, time and expense that plaintiff would face in serving the foreign defendant in

18   Taiwan, and the need to coordinate discovery in this case and the MDL. Plaintiff notes that earlier in

19   the MDL the direct purchaser plaintiffs spent many months attempting to effect service on some

20   Taiwanese defendants through the letter rogatory process, and this process proved time-consuming,

21   expensive, and burdensome. *See* Docket No. 725 (Order Re: Defendant Nexgen Mediatech Inc.'s

22   Motion to Dismiss for Insufficient Service of Process; Quashing Service; and Granting Direct Purchaser

23   Plaintiffs' Motion to Serve Nexgen Through its Counsel under Fed.R.Civ.P. 4(f)(3)).[2] In addition, other

24

25          [1]  Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business
     entity in a manner prescribed by Rule 4(f) for individuals.
26

27          [2]  In that order, the Court held that the record did not demonstrate that defendant Nexgen
     Mediatech, Inc., a Taiwanese corporation, had been properly served by the letter rogatory method, and
28   granted the direct purchaser plaintiffs' request to serve Nexgen through its U.S. counsel. In four other
     individual cases related to the MDL, the Court granted the plaintiffs' motions to serve Taiwanese

**United States District Court**
For the Northern District of California

1  plaintiffs have submitted cost estimates for serving Chunghwa through the letters rogatory process, of

2  all which have indicated a likely cost of more than $8,000.[3]

3      Based upon the circumstances presented here, the Court finds that it is appropriate to order

4  service on Chunghwa through its U.S. counsel.  The Ninth Circuit has rejected the argument that "Rule

5  4(f) should be read to create a hierarchy of preferred methods of service of process.  [Appellant]'s

6  interpretation would require that a party attempt service of process by those methods enumerated in Rule

7  4(f)(2), including diplomatic channels and letters rogatory, before petitioning the court for alternative

8  relief under Rule 4(f)(3).  We find no support for [this] position.  No such requirement is found in the

9  Rule's text, implied by its structure, or even hinted at in the advisory committee notes."  *Rio Properties,*

10  *Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002).  The Ninth Circuit concluded "that

11  service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'  It is merely one

12  means among several which enables service of process on an international defendant."  *Id.* at 1015

13  (internal citation omitted).  To the extent that defendant relies on the 1993 Advisory Committee Notes

14  to argue that plaintiff must show "urgency" in order to warrant alternative service, the Court disagrees.

15  Rio Properties held that district courts have "sound discretion" to determine when the "particularities

16  and necessities of a given case require alternate service of process under Rule 4(f)(3)" and noted that

17  "trial courts have authorized a wide variety of alternative methods of service including publication,

18  ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex,

19  and most recently, email."  *Id.* at 1016.  In any event, the portion of the 1993 Advisory Committee Notes

20

21  defendants, including Chunghwa, through their U.S. counsel.  See *ATS Claim, LLC v. Epson Elecs. Am.*

22  *Inc., et al.*, (Docket No. 1309), *AT&T Mobility LLC v. AU Optronics et al.*,(Docket No. 1657), *Motorola*

23  *Inc. v. AU Optronics et al.*, (Docket No. 1657), *Nokia Corp. v. AU Optronics Corp.*, (Docket No. 1779),
and *TracFone Wireless, Inc. v. AU Optronics et al.*, (Docket No. 2109).

24      [3]  *See, e.g., TracFone Wireless, Inc. v. AU Optronics et al.*,:

25  According to the Legal Language Services estimate, TracFone will incur a charge of at
least $6,215.00 for translating TracFone's Complaint and the other documents associated

26  with the TracFone action into Chinese for Chunghwa.  Legal Language Services also
estimates that TracFone will incur charges of at least $3,720 for processing the letters

27  rogatory for Chunghwa and for paying the fees required by the U.S. Department of State
for service on that entity.

28  Docket No. 2109 at 2-3.

United States District Court
For the Northern District of California

1   that defendant quotes presents a hypothetical involving the Hague Convention, which is inapplicable

2   here because Taiwan is not a signatory to that agreement.

3        In light of the availability of alternative, speedier relief under Rule 4(f)(3), the Court finds that

4   there is no reason to require service through letters rogatory in the instant action, particularly given the

5   stage of the litigation in the MDL and the significant discovery that is already underway in those

6   proceedings.  This action has been consolidated with the MDL and is now part of a coordinated

7   discovery schedule.  Until plaintiff is able to serve Chunghwa, plaintiff will not be able to coordinate

8   and participate in discovery against Chunghwa with the other plaintiffs.

9        The Court also finds that service on Chunghwa through its U.S. counsel comports with due

10  process.  Service under Rule 4(f)(3) must "comport with constitutional notions of due process," meaning

11  that service must be "reasonably calculated, under all the circumstances, to apprise interested parties

12  of the pendency of the action and afford them an opportunity to present their objections."  *Rio*

13  *Properties*, 284 F.3d at 1016-17 (internal quotation and citation omitted).  Here, the record shows that

14  Chunghwa has consulted its U.S. counsel regarding the MDL lawsuits and participated in the MDL

15  cases through its U.S. counsel.  Chunghwa has been represented in the MDL by the law firm of Gibson,

16  Dunn & Crutcher LLP since June 2008.  Since that time, Gibson Dunn has repeatedly appeared as

17  counsel for Chunghwa and has answered complaints, provided declarations, joined defendants' motions

18  to dismiss, and negotiated settlements with the direct purchaser plaintiffs and the indirect purchaser

19  plaintiffs.  Under these circumstances, the Court finds it reasonable to infer that Chunghwa has

20  sufficient notice of this case and that service of defendant through its U.S. counsel will comport with

21  due process. *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (stating that

22  the numerous motions filed by defendant's attorney make it "abundantly clear" that defendant has been

23  in constant communication with his attorney); *see also In re Cathode Ray Tubes (CRT) Antitrust Litig.*,

24  MDL No. 1917, No. 07-5944 SC, 2008 WL 4104341, at *1 (N.D. Cal. Sept. 3, 2008) (authorizing

25  service on foreign defendants through U.S. subsidiaries and domestic counsel); *In re LDK Solar Sec.*

26  *Litig.*, C No. 07-5182 WHA, 2008 WL 2415186, at *2 (N.D. Cal. June 12, 2008) (authorizing service

27  on foreign corporation and foreign individuals on corporation's domestic subsidiary, and noting

28  "[s]ignificantly, FRCP 4(f)(3) stands independently of FRCP 4(f)(1); it is not necessary for plaintiffs

to first attempt service through 'internationally agreed means' before turning to 'any other means not prohibited by international agreement.'").

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to serve Chunghwa Picture Tubes Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). Docket No. 17 in C 10-5625 SI; Docket No. 2480 in M 07-1827 SI.

**IT IS SO ORDERED.**

Dated: March 24, 2011

_____
SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION

_____/

This Order Relates To:

COSTCO WHOLESALE CORPORATION,

        Plaintiff,

  v.

AU OPTRONICS CORPORATION, ET AL.,

        Defendants.

_____/

No. M 07-1827 SI
MDL No. 1827

No. C 11-0058 SI

**ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER TO SERVE DEFENDANT CHUNGHWA PICTURE TUBES, LTD. THROUGH ITS U.S. COUNSEL**

     Plaintiff has filed a motion to serve a foreign defendant, Chunghwa Picture Tubes, Ltd., through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). The Court has previously heard and granted a number of similar motions in this MDL. *See*, *e.g.*, Order Re: Defendant Nexgen MediaTech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel Under Fed. R. Civ. P. 4(f)(3), Nov. 19, 2008 (Master Docket No. 725); *see also* Master Docket Nos. 1309, 1657, 1779, 2109, 2532, and 2584.

     For the reasons set forth in its prior orders, the Court finds that service under Rule 4(f)(3) is both available to plaintiff and appropriate in this case. *See*, *e.g.*, *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (holding that service of process under Rule 4(f)(3) is not a "last resort," but "merely one means among several which enables service of process on an international defendant"). Further, due to Chunghwa's active participation in this lawsuit for the past three years, the

United States District Court
For the Northern District of California

Court finds that service through its U.S. counsel will fully comport with due process. *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (finding service on defendant through his attorney complied with due process because the numerous motions filed by defendant's attorney made it "abundantly clear" that the two had been in constant communication).

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to serve Chunghwa Picture Tubes, Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). Docket No. 12 in C 11-0058 SI; Docket No. 2562 in M 07-1827 SI.

**IT IS SO ORDERED.**

Dated: May 11, 2011

_____
SUSAN ILLSTON
United States District Judge

2

1

2

3

4

5

6

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

IN RE: TFT-LCD (FLAT PANEL) ANTITRUST          No. M 07-1827 SI
LITIGATION                                     MDL No. 1827
8     _____/
                                               No. C 11-0829 SI
9

This Order Relates To:                         **ORDER GRANTING PLAINTIFF'S**
10                                             **MOTION FOR ORDER TO SERVE**
METROPCS WIRELESS, INC.,                        **DEFENDANT CHUNGHWA PICTURE**
11                                             **TUBES, LTD. THROUGH ITS U.S.**
              Plaintiff,                        **COUNSEL**
12
       v.
13
AU OPTRONICS CORPORATION, ET AL.,
14
              Defendants.
15    _____/

16

17          Plaintiff has filed a motion to serve a foreign defendant, Chunghwa Picture Tubes, Ltd., through

its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  The Court has previously heard
18
and granted a number of similar motions in this MDL.  *See*, *e.g.*, Order Re: Defendant Nexgen
19
MediaTech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and
20
Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel Under Fed. R. Civ.
21
P. 4(f)(3), Nov. 19, 2008 (Master Docket No. 725); *see also* Master Docket Nos. 1309, 1657, 1779,
22
2109, 2532, and 2584.
23
            For the reasons set forth in its prior orders, the Court finds that service under Rule 4(f)(3) is both
24
available to plaintiff and appropriate in this case.  *See*, *e.g.*, *Rio Properties, Inc. v. Rio Intern. Interlink*,
25
284 F.3d 1007, 1014-15 (9th Cir. 2002) (holding that service of process under Rule 4(f)(3) is not a "last
26
resort," but "merely one means among several which enables service of process on an international
27
defendant").  Further, due to Chunghwa's active participation in this lawsuit for the past three years, the
28

Court finds that service through its U.S. counsel will fully comport with due process. *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (finding service on defendant through his attorney complied with due process because the numerous motions filed by defendant's attorney made it "abundantly clear" that the two had been in constant communication).

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to serve Chunghwa Picture Tubes, Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). Docket No. 16 in C 11-0829 SI; Docket No. 2660 in M 07-1827 SI.

**IT IS SO ORDERED.**

Dated: May 11, 2011

SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   IN RE: TFT-LCD (FLAT PANEL) ANTITRUST          No. M 07-1827 SI
    LITIGATION                                      MDL No. 1827
9   _____/

10                                                  No. C 11-2225 SI

11  This Order Relates To:
                                                    **ORDER GRANTING PLAINTIFF'S**
    OFFICE DEPOT, INC.,                             **MOTION FOR ORDER TO SERVE**
12                                                  **DEFENDANT CHUNGHWA PICTURE**
                Plaintiff,                          **TUBES, LTD. THROUGH ITS U.S.**
13                                                  **COUNSEL**
       v.
14
    AU OPTRONICS CORPORATION, et al.,
15
                Defendants.
16  _____/

17

18          Plaintiff has filed a motion to serve a foreign defendant, Chunghwa Picture Tubes, Ltd., through

19  its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  The Court has previously

20  considered and granted a number of similar motions in this MDL.  *See, e.g.*, Order Re: Defendant

21  Nexgen MediaTech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and

22  Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel Under Fed. R. Civ.

    P. 4(f)(3), Nov. 19, 2008 (Master Docket No. 725); *see also* Master Docket Nos. 1309, 1657, 1779,
23
    2109, 2532, 2584, 2747, and 2748.  Chunghwa has opposed these motions to preserve its objection to
24
    the manner of service, but has recognized this Court's inclination to permit service through its U.S.
25
    counsel.
26
            Given the number of these motions, the Court is well acquainted with the content of Chunghwa's
27

28

**United States District Court**
For the Northern District of California

opposition.[1]  In order to save Chunghwa both the time and expense of filing another opposition brief, the Court rules as follows:

For the reasons set forth in its prior orders, the Court finds that service under Rule 4(f)(3) is both available to plaintiff and appropriate in this case.  *See*, *e.g.*, *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (holding that service of process under Rule 4(f)(3) is not a "last resort," but "merely one means among several which enables service of process on an international defendant").  Further, due to Chunghwa's active participation in this MDL for the past three years, the Court finds that service through its U.S. counsel will fully comport with due process.  *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (finding service on defendant through his attorney complied with due process because the numerous motions filed by defendant's attorney made it "abundantly clear" that the two had been in constant communication).

Absent further objection from Chunghwa, Office Depot may serve Chunghwa through its U.S. counsel **after June 10, 2011**.  If Chunghwa has a specific objection not already addressed by the prior orders of this Court, it may file an opposition before that date.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to serve Chunghwa Picture Tubes, Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  Docket No. 11 in C 11-2225 SI; Docket No. 2799 in M 07-1827 SI.  Absent further objection from Chunghwa, plaintiff may serve Chunghwa through counsel after June 10, 2011.

**IT IS SO ORDERED.**

Dated: May 27, 2011

_____
SUSAN ILLSTON
United States District Judge

---

[1]Specifically, Chunghwa's opposition briefs have argued 1) that plaintiffs have not met the requirements for invoking alternative service under Rule 4(f)(3); and 2) that service through its U.S. counsel violates due process.

2

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| _____/ | No. C 11-2591 SI |
| This Order Relates To: | **ORDER GRANTING PLAINTIFF T-MOBILE'S MOTION FOR ORDER AUTHORIZING PLAINTIFF TO SERVE DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND TATUNG CO. THROUGH THEIR U.S. COUNSEL** |
| T-MOBILE U.S.A., INC., | |
| Plaintiff, | |
| v. | |
| AU OPTRONICS CORPORATION, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff T-Mobile U.S.A., Inc. has filed a motion to serve two foreign defendants, Chunghwa Picture Tubes, Ltd. and Tatung Co., through their U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). The Court has previously heard and granted a number of similar motions in this MDL. *See, e.g.*, Order Re: Defendant Nexgen MediaTech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel Under Fed. R. Civ. P. 4(f)(3), Nov. 19, 2008 (Master Docket No. 725); *see also* Master Docket Nos. 1309, 1657, 1779, 2109, 2532, 2584, 2747, 2748, and 2825. Both Chunghwa and Tatung have opposed these motions to preserve their objections to this manner of service, but have recognized this Court's inclination to permit service through their U.S. counsel.

Given the number of these motions, the Court is well acquainted with the content of Chunghwa's

1   opposition.[1]  In order to save both Chunghwa and Tatung the time and expense of filing another

2   opposition brief, the Court rules as follows:

3          For the reasons set forth in its prior orders, the Court finds that service under Rule 4(f)(3) is both

4   available to plaintiff and appropriate in this case.  *See*, *e.g.*, *Rio Properties, Inc. v. Rio Intern. Interlink*,

5   284 F.3d 1007, 1014-15 (9th Cir. 2002) (holding that service of process under Rule 4(f)(3) is not a "last

6   resort," but "merely one means among several which enables service of process on an international

7   defendant").  Further, due to Chunghwa's active participation in this MDL for the past three years, as

8   well as the close corporate ties between Chunghwa and Tatung, the Court finds that service through their

9   U.S. counsel will fully comport with due process.  *See FMAC Loan Receivables v. Dagra*, 228 F.R.D.

10  531, 534 (E.D. Va. 2005) (finding service on defendant through his attorney complied with due process

11  because the numerous motions filed by defendant's attorney made it "abundantly clear" that the two had

12  been in constant communication); *see also* Order Granting Plaintiffs' Motion to Serve Defendants

13  Chunghwa Picture Tubes and Tatung Company Through Their U.S. Counsel, May 28, 2010 (Master

14  Docket No. 1779) (describing corporate ties between Chunghwa and Tatung).

15         Absent further objection from Chunghwa or Tatung, plaintiff may serve Chunghwa and Tatung

16  through their U.S. counsel **after July 29, 2011**.  If Chunghwa or Tatung have a specific objection not

17  already addressed by the prior orders of this Court, they may file an opposition before that date.

18

19

20

21

22  //

23  //

24  //

25

26  _____

27         [1]Specifically, Chunghwa's opposition briefs have argued 1) that plaintiffs have not met the
    requirements for invoking alternative service under Rule 4(f)(3); and 2) that service through its U.S.
28  counsel violates due process.  Tatung is represented by the same counsel as Chunghwa, and has relied
    on the same arguments.

2

**United States District Court**
For the Northern District of California

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to serve Chunghwa Picture Tubes, Ltd. and Tatung Co. through their U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). Docket No. 27 in C 11-2591; Docket No. 3029 in M 07-1827. Absent objection from Chunghwa and Tatung, plaintiff may serve Chunghwa and Tatung through counsel after July 29, 2011.

**IT IS SO ORDERED.**

Dated: July 12, 2011

_____
SUSAN ILLSTON
United States District Judge

3

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: TFT-LCD (FLAT PANEL) ANTITRUST
LITIGATION

                                                            /

This Order Relates To:

T-MOBILE U.S.A., INC.,

                    Plaintiff,

    v.

AU OPTRONICS CORPORATION, et al.,

                    Defendants.

                                                            /

No. M 07-1827 SI
MDL No. 1827

No. C 11-2591 SI

**ORDER GRANTING PLAINTIFF'S
MOTION FOR ORDER AUTHORIZING
PLAINTIFF TO SERVE DEFENDANTS
CHUNGHWA PICTURE TUBES, LTD.
AND TATUNG CO. THROUGH THEIR
U.S. COUNSEL**

On July 12, 2011, this Court issued an order tentatively authorizing T-Mobile to serve defendants Chunghwa Pictures Tubes, Ltd. and Tatung Co. through their U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). *See* Order Granting Plaintiff T-Mobile's Motion for Order Authorizing Plaintiff to Serve Defendants Chunghwa Picture Tubes, Ltd. and Tatung Co. Through Their U.S. Counsel (July 12, 2011), Master Docket No. 3079. The order gave defendants until July 29, 2011, to raise with the Court any new arguments against service under Rule 4(f)(3).

Defendants have now filed a brief in opposition to the Court's tentative order. The brief discusses one new case from this district in which the court declined to authorize service under Rule 4(f)(3). *See Fujitsu Ltd. v. Belkin Int'l, Inc.*, 2011 U.S. Dist. LEXIS 34076 (N.D. Cal. Mar. 29, 2011) (denying plaintiff's request to serve two Taiwanese companies under Rule 4(f)(3)).

Nothing in *Fujitsu* alters this Court's decision to permit service under Rule 4(f)(3). *Fujitsu* did

United States District Court
For the Northern District of California

not determine that service under Rule 4(f)(3) was contrary to law or otherwise improper. Rather, the court agreed that, provided such service was consistent with "constitutional notions of due process," the decision to permit such service was in the discretion of the trial judge. *Id.* at *22.

The Court therefore adheres to its decision that, due to Chunghwa's active participation in this MDL for the past three years and the close corporate ties between Chunghwa and Tatung, service on both defendants through their U.S. counsel will fully comport with due process. Accordingly, T-Mobile's motion is GRANTED. T-Mobile may serve both Chunghwa and Tatung through their U.S. counsel.

**IT IS SO ORDERED.**

Dated: August 4, 2011

SUSAN ILLSTON
United States District Judge

2

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| _____/ | No. C 10-5458 SI |
| This Order Relates To:<br><br>SB LIQUIDATION TRUST,<br><br>        Plaintiff,<br><br>    v.<br><br>AU OPTRONICS CORPORATION, et al.,<br><br>        Defendants.<br>_____/ | **ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER AUTHORIZING PLAINTIFF TO SERVE DEFENDANT CHUNGHWA PICTURE TUBES, LTD. THROUGH ITS U.S. COUNSEL** |

Plaintiff has filed a motion to serve a foreign defendant, Chunghwa Picture Tubes, Ltd., through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). The Court has previously heard and granted a number of similar motions in this MDL. *See*, *e.g.*, Order Re: Defendant Nexgen MediaTech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel Under Fed. R. Civ. P. 4(f)(3), Nov. 19, 2008 (Master Docket No. 725); *see also* Master Docket Nos. 1309, 1657, 1779, 2109, 2532, 2584, 2747, 2748, 2825, 3079, 3217. Chunghwa has opposed these motions to preserve its objections to this manner of service, but has recognized this Court's inclination to permit service through its U.S. counsel.

Given the number of these motions, the Court is well acquainted with the content of Chunghwa's

United States District Court
For the Northern District of California

opposition.[1]  In order to save Chunghwa the time and expense of filing another opposition brief, the Court rules as follows:

For the reasons set forth in its prior orders, the Court finds that service under Rule 4(f)(3) is both available to plaintiff and appropriate in this case.  *See, e.g.*, *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (holding that service of process under Rule 4(f)(3) is not a "last resort," but "merely one means among several which enables service of process on an international defendant").  Further, due to Chunghwa's active participation in this MDL for the past three years, the Court finds that service through its U.S. counsel will fully comport with due process.  *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (finding service on defendant through his attorney complied with due process because the numerous motions filed by defendant's attorney made it "abundantly clear" that the two had been in constant communication).

Absent further objection from Chunghwa, plaintiff may serve Chunghwa through its U.S. counsel **after September 2, 2011**.  If Chunghwa has a specific objection not already addressed by the prior orders of this Court, it may file an opposition before that date.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to serve Chunghwa Picture Tubes, Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  Docket No. 33 in C 10-5458; Docket No. 3249 in M 07-1827.  Absent objection from Chunghwa, plaintiff may serve Chunghwa through counsel after September 2, 2011.

**IT IS SO ORDERED.**

Dated: August 23, 2011

SUSAN ILLSTON
United States District Judge

---

[1]Specifically, Chunghwa's opposition briefs have argued 1) that plaintiffs have not met the requirements for invoking alternative service under Rule 4(f)(3); and 2) that service through its U.S. counsel violates due process.

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION _____/ | No. M 07-1827 SI<br>MDL No. 1827<br><br>No. C 11-2495 SI |
| This Order Relates To:<br><br>JACO ELECTRONICS, INC.,<br><br>   Plaintiff,<br><br> v.<br><br>AU OPTRONICS CORPORATION, *et al.*,<br><br>   Defendants.<br>_____/ | **ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER AUTHORIZING PLAINTIFF TO SERVE DEFENDANT CHUNGHWA PICTURE TUBES, LTD. THROUGH ITS U.S. COUNSEL** |

   Plaintiff has filed a motion to serve a foreign defendant, Chunghwa Picture Tubes Ltd., through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). The Court has previously heard and granted a number of similar motions in this MDL. *See*, *e.g.*, Order Re: Defendant Nexgen MediaTech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel Under Fed. R. Civ. P. 4(f)(3), Nov. 19, 2008 (Master Docket No. 725); *see also* Master Docket Nos. 1309, 1657, 1779, 2109, 2532, 2584, 2747, 2748, 2825, 3079, 3217, 3345. Chunghwa has opposed these motions to preserve its objections to this manner of service, but has recognized this Court's inclination to permit service through its U.S. counsel.

   Given the number of these motions, the Court is well acquainted with the content of Chunghwa's

opposition.[1]  In order to save Chunghwa the time and expense of filing another opposition brief, the Court rules as follows:

For the reasons set forth in its prior orders, the Court finds that service under Rule 4(f)(3) is both available to plaintiff and appropriate in this case.  *See*, *e.g.*, *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (holding that service of process under Rule 4(f)(3) is not a "last resort," but "merely one means among several which enables service of process on an international defendant").  Further, due to Chunghwa's active participation in this MDL for the past three years, the Court finds that service through its U.S. counsel will fully comport with due process.  *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (finding service on defendant through his attorney complied with due process because the numerous motions filed by defendant's attorney made it "abundantly clear" that the two had been in constant communication).

Absent further objection from Chunghwa, plaintiff may serve Chunghwa through its U.S. counsel **after September 16, 2011**.  If Chunghwa has a specific objection not already addressed by the prior orders of this Court, it may file an opposition before that date.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to serve Chunghwa Picture Tubes, Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  Docket No. 20 in 11-2495; Docket No. 3311 in 07-1827.  Absent objection from Chunghwa, plaintiff may serve Chunghwa through counsel after September 16, 2011.

**IT IS SO ORDERED.**

Dated: August 26, 2011

SUSAN ILLSTON
United States District Judge

---

[1]Specifically, Chunghwa's opposition briefs have argued 1) that plaintiffs have not met the requirements for invoking alternative service under Rule 4(f)(3); and 2) that service through its U.S. counsel violates due process.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| _____/ | |
| This Order Relates To: | No. C 11-3856 SI |
| SCHULTZE AGENCY SERVICES, LLC, | **ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER AUTHORIZING PLAINTIFF TO SERVE DEFENDANT CHUNGHWA PICTURE TUBES, LTD. THROUGH ITS U.S. COUNSEL** |
| Plaintiff, | |
| v. | |
| AU OPTRONICS CORPORATION, *et al.*, | |
| Defendants. | |
| _____/ | |

Plaintiff has filed a motion to serve a foreign defendant, Chunghwa Picture Tubes Ltd., through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). The Court has previously heard and granted a number of similar motions in this MDL. *See*, *e.g.*, Order Re: Defendant Nexgen MediaTech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel Under Fed. R. Civ. P. 4(f)(3), Nov. 19, 2008 (Master Docket No. 725); *see also* Master Docket Nos. 1309, 1657, 1779, 2109, 2532, 2584, 2747, 2748, 2825, 3079, 3217, 3345, 3394. Chunghwa has opposed these motions to preserve its objections to this manner of service, but has recognized this Court's inclination to permit service through its U.S. counsel.

Given the number of these motions, the Court is well acquainted with the content of Chunghwa's

United States District Court
For the Northern District of California

opposition.[1]  In order to save Chunghwa the time and expense of filing another opposition brief, the Court rules as follows:

For the reasons set forth in its prior orders, the Court finds that service under Rule 4(f)(3) is both available to plaintiff and appropriate in this case.  *See*, *e.g.*, *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (holding that service of process under Rule 4(f)(3) is not a "last resort," but "merely one means among several which enables service of process on an international defendant").  Further, due to Chunghwa's active participation in this MDL for the past three years, the Court finds that service through its U.S. counsel will fully comport with due process.  *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (finding service on defendant through his attorney complied with due process because the numerous motions filed by defendant's attorney made it "abundantly clear" that the two had been in constant communication).

Absent further objection from Chunghwa, plaintiff may serve Chunghwa through its U.S. counsel **after September 23, 2011**.  If Chunghwa has a specific objection not already addressed by the prior orders of this Court, it may file an opposition before that date.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to serve Chunghwa Picture Tubes, Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  Docket No. 9 in 11-3856; Docket No. 3367 in 07-1827.  Absent objection from Chunghwa, plaintiff may serve Chunghwa through counsel after September 23, 2011.

**IT IS SO ORDERED.**

Dated: September 2, 2011

SUSAN ILLSTON
United States District Judge

_____

[1]Specifically, Chunghwa's opposition briefs have argued 1) that plaintiffs have not met the requirements for invoking alternative service under Rule 4(f)(3); and 2) that service through its U.S. counsel violates due process.

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: TFT-LCD (FLAT PANEL) ANTITRUST
LITIGATION

_____/

This Order Relates To:

INTERBOND CORPORATION OF AMERICA,

        Plaintiff,

  v.

AU OPTRONICS CORPORATION, *et al.*,

        Defendants.

_____/

No. M 07-1827 SI
MDL No. 1827

No. C 11-3763 SI

**ORDER GRANTING PLAINTIFF'S
MOTION FOR ORDER AUTHORIZING
PLAINTIFF TO SERVE DEFENDANT
CHUNGHWA PICTURE TUBES, LTD.
THROUGH ITS U.S. COUNSEL**

      Plaintiff has filed a motion to serve a foreign defendant, Chunghwa Picture Tubes, Ltd., through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). The Court has previously heard and granted a number of similar motions in this MDL. *See*, *e.g.*, Order Re: Defendant Nexgen MediaTech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel Under Fed. R. Civ. P. 4(f)(3), Nov. 19, 2008 (Master Docket No. 725); *see also* Master Docket Nos. 1309, 1657, 1779, 2109, 2532, 2584, 2747, 2748, 2825, 3079, 3217, 3345, 3394, 3443. Chunghwa has opposed these motions to preserve its objections to this manner of service, but has recognized this Court's inclination to permit service through its U.S. counsel.

      Given the number of these motions, the Court is well acquainted with the content of Chunghwa's

**United States District Court**
For the Northern District of California

opposition.[1]  In order to save Chunghwa the time and expense of filing another opposition brief, the Court rules as follows:

For the reasons set forth in its prior orders, the Court finds that service under Rule 4(f)(3) is both available to plaintiff and appropriate in this case.  *See*, *e.g.*, *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (holding that service of process under Rule 4(f)(3) is not a "last resort," but "merely one means among several which enables service of process on an international defendant").  Further, due to Chunghwa's active participation in this MDL for the past three years, the Court finds that service through its U.S. counsel will fully comport with due process.  *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (finding service on defendant through his attorney complied with due process because the numerous motions filed by defendant's attorney made it "abundantly clear" that the two had been in constant communication).

Absent further objection from Chunghwa, plaintiff may serve Chunghwa through its U.S. counsel **after October 14, 2011**.  If Chunghwa has a specific objection not already addressed by the prior orders of this Court, it may file an opposition before that date.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to serve Chunghwa Picture Tubes, Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  Docket No. 15 in 11-3763; Docket No. 3610 in 07-1827.  Absent objection from Chunghwa, plaintiff may serve Chunghwa through counsel after October 14, 2011.

**IT IS SO ORDERED.**

Dated: September 22, 2011

SUSAN ILLSTON
United States District Judge

---

[1]Specifically, Chunghwa's opposition briefs have argued 1) that plaintiffs have not met the requirements for invoking alternative service under Rule 4(f)(3); and 2) that service through its U.S. counsel violates due process.

United States District Court
For the Northern District of California

1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT
6          FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8  IN RE: TFT-LCD (FLAT PANEL) ANTITRUST          No. M 07-1827 SI
   LITIGATION                                     MDL No. 1827
9  _____/
10                                                No. C 11-4119 SI
   This Order Relates To:
11                                                **ORDER GRANTING PLAINTIFFS'**
   P.C. RICHARD & SON LONG ISLAND                 **MOTION FOR ORDER AUTHORIZING**
12 CORPORATION, *et al.*,                          **PLAINTIFFS TO SERVE DEFENDANT**
                                                   **CHUNGHWA PICTURE TUBES, LTD.**
13            Plaintiffs,                          **THROUGH ITS U.S. COUNSEL**
14      v.
15 AU OPTRONICS CORPORATION, *et al.*,
16            Defendants.
   _____/
17
18       Plaintiffs have filed a motion to serve a foreign defendant, Chunghwa Picture Tubes, Ltd.,
19 through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). The Court has previously
20 heard and granted a number of similar motions in this MDL. *See*, *e.g.*, Order Re: Defendant Nexgen
21 MediaTech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and
22 Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel Under Fed. R. Civ.
23 P. 4(f)(3), Nov. 19, 2008 (Master Docket No. 725); *see also* Master Docket Nos. 1309, 1657, 1779,
24 2109, 2532, 2584, 2747, 2748, 2825, 3079, 3217, 3345, 3394, 3443. Chunghwa has opposed these
25 motions to preserve its objections to this manner of service, but has recognized this Court's inclination
26 to permit service through its U.S. counsel.
27       Given the number of these motions, the Court is well acquainted with the content of Chunghwa's
28

opposition.[1]  In order to save Chunghwa the time and expense of filing another opposition brief, the Court rules as follows:

For the reasons set forth in its prior orders, the Court finds that service under Rule 4(f)(3) is both available to plaintiff and appropriate in this case.  *See*, *e.g.*, *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (holding that service of process under Rule 4(f)(3) is not a "last resort," but "merely one means among several which enables service of process on an international defendant").  Further, due to Chunghwa's active participation in this MDL for the past three years, the Court finds that service through its U.S. counsel will fully comport with due process.  *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (finding service on defendant through his attorney complied with due process because the numerous motions filed by defendant's attorney made it "abundantly clear" that the two had been in constant communication).

Absent further objection from Chunghwa, plaintiffs may serve Chunghwa through its U.S. counsel **after October 14, 2011**.  If Chunghwa has a specific objection not already addressed by the prior orders of this Court, it may file an opposition before that date.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs' motion to serve Chunghwa Picture Tubes, Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  Docket No. 13 in 11-4119; Docket No. 3609 in 07-1827.  Absent objection from Chunghwa, plaintiffs may serve Chunghwa through counsel after October 14, 2011.

**IT IS SO ORDERED.**

Dated: September 22, 2011

SUSAN ILLSTON
United States District Judge

---

[1]Specifically, Chunghwa's opposition briefs have argued 1) that plaintiffs have not met the requirements for invoking alternative service under Rule 4(f)(3); and 2) that service through its U.S. counsel violates due process.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION _____/ | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To:<br><br>COMPUCOM SYSTEMS, INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>AU OPTRONICS CORPORATION, *et al.*,<br><br>        Defendants.<br>_____/ | No. C 11-6241 SI<br><br>**ORDER GRANTING PLAINTIFF COMPUCOM'S MOTION FOR AN ORDER AUTHORIZING PLAINTIFF TO SERVE DEFENDANT CHUNGHWA PICTURE TUBES, LTD. THROUGH ITS U.S. COUNSEL** |

      Plaintiff has filed a motion to serve a foreign defendant, Chunghwa Picture Tubes Ltd., through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). The Court has previously heard and granted a number of similar motions in this MDL. *See*, *e.g.*, Order Re: Defendant Nexgen MediaTech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel Under Fed. R. Civ. P. 4(f)(3), Master Docket No. 725 (Nov. 19, 2008); *see also* Master Docket Nos. 1309, 1657, 1779, 2109, 2532, 2584, 2747, 2748, 2825, 3079, 3217, 3345, 3394, 3443, 3654, 3655. Chunghwa has opposed these motions to preserve its objections to this manner of service, but has recognized this Court's inclination to permit service through its U.S. counsel.

      Given the number of these motions, the Court is well acquainted with the content of Chunghwa's

opposition.[1]  In order to save Chunghwa the time and expense of filing another opposition brief, the Court rules as follows:

For the reasons set forth in its prior orders, the Court finds that service under Rule 4(f)(3) is both available to plaintiff and appropriate in this case.  *See*, *e.g.*, *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (holding that service of process under Rule 4(f)(3) is not a "last resort," but "merely one means among several which enables service of process on an international defendant").  Further, due to Chunghwa's active participation in this MDL for the past three years, the Court finds that service through its U.S. counsel will fully comport with due process.  *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (finding service on defendant through his attorney complied with due process because the numerous motions filed by defendant's attorney made it "abundantly clear" that the two had been in constant communication).

Absent further objection from Chunghwa, plaintiff may serve Chunghwa through its U.S. counsel **after February 24, 2012**.  If Chunghwa has a specific objection not already addressed by the prior orders of this Court, it may file an opposition before that date.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to serve Chunghwa Picture Tubes, Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  Docket No. 22 in 11-6241; Docket No. 4721 in 07-1827.  Absent objection from Chunghwa, plaintiff may serve Chunghwa through counsel after February 24, 2012.

**IT IS SO ORDERED.**

Dated: February 6, 2012

SUSAN ILLSTON
United States District Judge

---

[1]Specifically, Chunghwa's opposition briefs have argued 1) that plaintiffs have not met the requirements for invoking alternative service under Rule 4(f)(3); and 2) that service through its U.S. counsel violates due process.

Case 4:07-cv-05944-JST Document 11472 Filed 04/09/12 Page 70 of 80

**United States District Court**
For the Northern District of California

1

2

3

4

5           IN THE UNITED STATES DISTRICT COURT

6        FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   IN RE: TFT-LCD (FLAT PANEL) ANTITRUST      No. M 07-1827 SI
   LITIGATION                                     MDL No. 1827

9   _____/

10                                        No. C 11-5765 SI
  This Order Relates To:

11                                      **ORDER GRANTING PLAINTIFF TECH**
  TECH DATA CORPORATION, *et al.*,          **DATA'S MOTION FOR AN ORDER**

12                                     **AUTHORIZING PLAINTIFF TO SERVE**
            Plaintiffs,             **DEFENDANT CHUNGHWA PICTURE**

13                                     **TUBES, LTD. THROUGH ITS U.S.**
    v.                                   **COUNSEL**

14   AU OPTRONICS CORPORATION, *et al.*,

15

16             Defendants.
  _____/

17

18        Plaintiff has filed a motion to serve a foreign defendant, Chunghwa Picture Tubes Ltd., through

19   its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). The Court has previously heard

20   and granted a number of similar motions in this MDL. *See*, *e.g.*, Order Re: Defendant Nexgen

21   MediaTech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and

22   Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel Under Fed. R. Civ.

23   P. 4(f)(3), Master Docket No. 725 (Nov. 19, 2008); *see also* Master Docket Nos. 1309, 1657, 1779,

24   2109, 2532, 2584, 2747, 2748, 2825, 3079, 3217, 3345, 3394, 3443, 3654, 3655, 4785. Chunghwa has

25   opposed these motions to preserve its objections to this manner of service, but has recognized this

26   Court's inclination to permit service through its U.S. counsel.

27        Given the number of these motions, the Court is well acquainted with the content of Chunghwa's

28

opposition.[1]  In order to save Chunghwa the time and expense of filing another opposition brief, the Court rules as follows:

For the reasons set forth in its prior orders, the Court finds that service under Rule 4(f)(3) is both available to plaintiff and appropriate in this case.  *See*, *e.g.*, *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (holding that service of process under Rule 4(f)(3) is not a "last resort," but "merely one means among several which enables service of process on an international defendant").  Further, due to Chunghwa's active participation in this MDL for the past three years, the Court finds that service through its U.S. counsel will fully comport with due process.  *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (finding service on defendant through his attorney complied with due process because the numerous motions filed by defendant's attorney made it "abundantly clear" that the two had been in constant communication).

Absent further objection from Chunghwa, plaintiff may serve Chunghwa through its U.S. counsel **after March 2, 2012**.  If Chunghwa has a specific objection not already addressed by the prior orders of this Court, it may file an opposition before that date.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to serve Chunghwa Picture Tubes, Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  Docket No. 13 in 11-5765; Docket No. 4770 in 07-1827.  Absent objection from Chunghwa, plaintiff may serve Chunghwa through counsel after March 2, 2012.

**IT IS SO ORDERED.**

Dated: February 9, 2012

_____
SUSAN ILLSTON
United States District Judge

---

[1]Specifically, Chunghwa's opposition briefs have argued 1) that plaintiffs have not met the requirements for invoking alternative service under Rule 4(f)(3); and 2) that service through its U.S. counsel violates due process.

United States District Court
For the Northern District of California

1
2
3
4
5                    IN THE UNITED STATES DISTRICT COURT

6                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   IN RE: TFT-LCD (FLAT PANEL) ANTITRUST          No. M 07-1827 SI
    LITIGATION                                     MDL No. 1827
9   _____/

10                                                  No. C 11-5781 SI

11  This Order Relates To:
                                                   **ORDER GRANTING PLAINTIFF AASI**
12  THE AASI CREDITOR LIQUIDATING                  **CREDITOR LIQUIDATING TRUST'S**
    TRUST, BY AND THROUGH KENNETH A.               **MOTION FOR AN ORDER**
13  WELT, LIQUIDATING TRUSTEE,                     **AUTHORIZING PLAINTIFF TO SERVE**
                                                   **DEFENDANT CHUNGHWA PICTURE**
14              Plaintiff,                          **TUBES, LTD. THROUGH ITS U.S.**
                                                   **COUNSEL**
15     v.

16  AU OPTRONICS CORPORATION, *et al.*,

17              Defendants.
    _____/

18

19          Plaintiff has filed a motion to serve a foreign defendant, Chunghwa Picture Tubes Ltd., through

20  its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  The Court has previously heard

21  and granted a number of similar motions in this MDL.  *See*, *e.g.*, Order Re: Defendant Nexgen

22  MediaTech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and

23  Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel Under Fed. R. Civ.

24  P. 4(f)(3), Master Docket No. 725 (Nov. 19, 2008); *see also* Master Docket Nos. 1309, 1657, 1779,

25  2109, 2532, 2584, 2747, 2748, 2825, 3079, 3217, 3345, 3394, 3443, 3654, 3655, 4785.  Chunghwa has

26  opposed these motions to preserve its objections to this manner of service, but has recognized this

27  Court's inclination to permit service through its U.S. counsel.

28          Given the number of these motions, the Court is well acquainted with the content of Chunghwa's

opposition.[1]  In order to save Chunghwa the time and expense of filing another opposition brief, the Court rules as follows:

For the reasons set forth in its prior orders, the Court finds that service under Rule 4(f)(3) is both available to plaintiff and appropriate in this case.  *See*, *e.g.*, *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (holding that service of process under Rule 4(f)(3) is not a "last resort," but "merely one means among several which enables service of process on an international defendant").  Further, due to Chunghwa's active participation in this MDL for the past three years, the Court finds that service through its U.S. counsel will fully comport with due process.  *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (finding service on defendant through his attorney complied with due process because the numerous motions filed by defendant's attorney made it "abundantly clear" that the two had been in constant communication).

Absent further objection from Chunghwa, plaintiff may serve Chunghwa through its U.S. counsel **after March 2, 2012**.  If Chunghwa has a specific objection not already addressed by the prior orders of this Court, it may file an opposition before that date.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to serve Chunghwa Picture Tubes, Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  Docket No. 14 in 11-5781; Docket No. 4771 in 07-1827.  Absent objection from Chunghwa, plaintiff may serve Chunghwa through counsel after March, 2012.

**IT IS SO ORDERED.**

Dated: February 9, 2012

SUSAN ILLSTON
United States District Judge

---

[1]Specifically, Chunghwa's opposition briefs have argued 1) that plaintiffs have not met the requirements for invoking alternative service under Rule 4(f)(3); and 2) that service through its U.S. counsel violates due process.

# EXHIBIT "2"



**LEGAL LANGUAGE SERVICES**

A division of ALS International
8014 State Line Road
Suite 110
Leawood, KS 66208-3712

Telephone (913) 341-3167
Toll Free (800) 755-5775
Telefax (913) 341-3168
www.legallanguage.com

March 29, 2012

Jordan S. Paul
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA 90067

> **Re:**   *International Service of Process in Taiwan*
> <u>**Estimated** *fees for translation and service of 12 complaints upon 2 defendants*</u>

Dear Jordan:

Thank you for your inquiry.  There is currently no treaty in force between the U.S. and Taiwan regulating international judicial assistance.  In the absence of such a treaty, US federal and state rules generally permit you to effect service of process by agent or by letter rogatory.  The fees for these options are as follows:

| | Procedure | Fees | Comments |
|---|---|---|---|
| | **Method #1:  Service through Letters Rogatory** *(estimated turnaround time: 6 to 9+ months)* | | |
| X | **Mandatory:** Translation of Letter Rogatory into Chinese; transmission through diplomatic pouch to Taiwanese judicial authorities | $3,720 *(first defendant)* $2,775 *(each additional defendant)* *(includes US State Dept. fee of $2,275 per defendant)* | a method of international service of process recognized by both Taiwanese and U.S. law; enforcement of ensuing judgment more likely but not guaranteed |
| X | **Mandatory:** *Estimated translation and legal certification of documents to be served | Est. $5,345 per complaint, including certification | Taiwanese law stipulates that all documents to be served must be translated into the Chinese language |
| | **Optional:** Affidavit | $150/hr | if required by US court with respect to extensions, methods of service, etc. |
| X | **Optional but recommended**: FedEx service | *(billed directly to your account)* | |
| | **Optional:** Periodic follow up with foreign authorities | $175/hour | Includes fees for interpreter and all long distance charges; please specify cap on hrs/per month |
| | **Mandatory:** Translation and certification of proof of service as returned by Taiwanese Court | $150 and up | Cost dependant upon length of proof of service |
| | ***Total estimated fees for serving 12 complaints upon 2 defendants*** | **$142,080** | |

| Method #2:  Personal Service through an Attorney or Agent in Taiwan *(estimated turnaround time:  2 to 6 weeks)* | | |
| --- | --- | --- |
| **Procedure** | **Fee** | **Comments** |
| LLS' agent in Taiwan effects service upon defendant | $3,000 per defendant *(may vary depending upon location and number of attempts)* | Service method not illegal under Taiwan law **but not recognized by it**, therefore enforcement fraught with problems; recommend use to satisfy U.S. requirements only |
| *Recommended:*  Translation of documents to be served | N/A *(one certified copy per defendant required)* | May be required to meet U.S. due process rules if defendant does not do business in English |
| *Recommended:*  FedEx service | *(billed directly to your account)* | |
| *Total for serving 12 complaints upon 2 defendants* | *$72,000 (excluding translation costs)* | |

**Preparation of Letters Rogatory.**  A Letter Rogatory is a request from a US court seeking judicial assistance from a foreign court.  Private parties may not issue letters rogatory.  LLS staff will draft the letter rogatory as well as an application to the US Court to issue the letter, and forward these to you for your review.  After you have approved the language used, you must sign and date the draft copy and return it to LLS.  Our staff will then translate all documentation and forward two sets to you to present to the US court for execution.  Please note that LLS *requires a complete street address* (Fedex address) *for the court* in which your case is pending.  Once executed, the Letter will be forwarded by diplomatic pouch to the US government's representatives in Taipei, who will present it to Taiwanese authorities for processing.

**Turnaround Times.**  All turnaround times are approximate and are based on anecdotal information from the U.S. Department of State as well as LLS' own experience in the field.  Please understand that LLS cannot be held responsible for delays which may be incurred by government agencies through whom we need to work in order to effect proper service.

**Translation.**  Note that, in general, the summons and complaint should be translated into Chinese in order to comport with U.S. due process requirements; this is true irrespective of the method of service you intend to pursue.  Translation requirements under Method #2 (service through an attorney or agent) may be waived *only* if plaintiff can prove, before a court of law, that the recipient understands or routinely does business in English.  Translation requirements may not be waived under any circumstances if plaintiff intends to pursue letters rogatory (Method #1).

**Proof of Service.**  Once service has been effected, proof of service will be returned directly to the Clerk of the Court where your case is pending. This will be in Chinese and should be forwarded to LLS for translation and certification before being filed with the court.

Throughout this process, LLS will be checking on the status of your service and keeping you informed.  Please understand however, that LLS cannot *guarantee* the performance of foreign bureaucrats.  Please be aware that service of process under any of the methods described does not

commit the state of destination to recognize or enforce any ensuing judgment that may be rendered by a U.S. court.  If it is plaintiff's intention to pursue enforcement of a U.S. judgment in Taiwan, Letters Rogatory may be the best recourse.

**Alternative Methods of Service.**    LLS can also effect service in compliance with US rules through its attorney in Taiwan.   Please understand that such service may not comport with Taiwanese rules for notification and may jeopardize any subsequent attempt to enforce a US judgment in Taiwan.  Note, too, that defendants are often located in high-rise buildings with tight security, making personal service problematic.  For this reason, substitute service may have to be made.

**Caveat.**   LLS is one of the premier translation and legal service companies in North America with considerable experience in the area of administering service of process under the *Hague Convention* and other international treaties.  LLS does not, however, represent itself to be legal counsel in the area of international service of process, nor does it guarantee the performance of foreign bureaucrats.   LLS shall not be held liable for service which is quashed due to improper or incomplete documentation supplied by the client, incorrect address for the party to be served, or defects to form.   In the event service of process is determined to be improper for any reason occasioned by the acts or omissions of LLS, the attorney is entitled to a refund of all charges for those particular services.  LLS shall not be liable for any incidental or consequential damages.  Please note that clients of LLS must treat all information regarding LLS' prices, procedures or contacts as confidential.  Specifically such information shall not be released to competitors or other parties.  All prices quoted are valid for 60 days from the date of this letter.

In order for LLS to initiate work, we require your signature below acknowledging that your firm has authorized the project and is responsible for payment.  The bid letter may be returned to LLS at our toll-free fax number, (888) 754-8454.  Please note that work will not be initiated without your signature and that delays in returning this bid letter may jeopardize deadlines for your project. In addition, please note that payment must be received by LLS prior to initiating work on the Letters Rogatory and/or the translation of the documents.  For your convenience, LLS accepts most major credit cards, checks and wire transfers.

Please note if job is subsequently cancelled or put on hold, ROBINS, KAPLAN, MILLER & CIRESI L.L.P. will be responsible for any costs that have been incurred by LLS.

Please do not hesitate to call me at (800) 755-5775, if you have any questions about any aspect of the work we will be performing.  I look forward to hearing from you.

Sincerely,                                                     Agreed and accepted by:

LEGAL LANGUAGE SERVICES                  ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
*A Division of ALS International, Inc.*

Karina Shreefer, Esq.                                    _____
International Litigation Support                    (signature & date)
National Service Center

                                                                  _____
                                                                  (printed name & title)



**LEGAL LANGUAGE SERVICES**

A division of ALS International
8014 State Line Road
Suite 110
Leawood, KS  66208-3712

Telephone   (913) 341-3167
Toll Free     (800) 755-5775
Telefax       (913) 341-3168
www.legallanguage.com

April 10, 2012

Jordan S. Paul
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA 90067

> **Re:**    ***International Service of Process in the People's Republic of China***

Dear Jordan:

Thank you for your inquiry.

Service of process in the People's Republic of China must be effected through the *Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters*.  The fees for providing this service are as follows:

| Procedure | | Fee |
|---|---|---|
| **Service through Article 5(a) or 5(b) of the *Hague Convention on the Service Abroad Of Judicial and Extrajudicial Documents in Civil or Commercial Matters* *(estimated turnaround time:  5 to 8 months)*** | | |
| X | ***Mandatory:***  Preparation in English of Service Forms USM-94 (in duplicate) | $695 per defendant |
| | ***Optional but recommended:***  Additional Notice set forth by the 14ᵗʰ Session of the Hague Conference | |
| | ***Mandatory:*** Fee for service | |
| X | ***Mandatory:*** Translation and Legal Certification of documents to be served, including attachments and exhibits *(based on documents received 4/10/12)* | Est. $3,700 per complaint, including certification |
| | ***Not required:***  Authentication of Summons and Complaint | n/a |
| X | ***Recommended***:  Verification of corporate registered address in the PRC by Private Detective | $500 per defendant |
| X | ***Optional but recommended:***  FedEx service | *(billed directly to your account)* |
| | ***Optional:*** Affidavit *(if required by US court with respect to extensions of time, methods of service, etc.)* | $175/hr |
| | ***Optional:***  Periodic follow up with Central Authority *(fee includes interpreter's time and all long distance phone charges)* | $175/hr *(please specify cap)* |
| | ***Mandatory:*** Translation and Certification of Proof of Service as returned by foreign Central Authority | $175 and up *(depending upon length of proof of service)* |
| ***Total estimated fees for serving 12 complaints upon 1 defendant*** | | ***$53,240*** |

**Letters Rogatory replaced by Hague Forms.**  Please note that, under the terms of the *Convention*, no actual letter rogatory is required; instead, service is initiated through a series of pre-established *Hague* Request Forms.  LLS will complete the Forms and will forward two sets, with your documents for service appended, to the Chinese Central Authority.  That Central Authority, in turn, will refer your documents to the competent court of justice who will oversee actual service.

**Translation.**  In order to meet U.S. due process requirements, the documents to be served should be translated into a language understood by the defendant.  Furthermore, if service under Art. 5, paragraph 1(a) or Art. 5, paragraph 1(b) of the *Convention* is requested, the Chinese authorities will require a Chinese translation of all documents to be served.

**Alternate Methods of Service**.  Your options are severely limited here.  Under US State and Federal Rules, service may generally be effected through international registered mail or by private agent.  Unfortunately, China has specifically objected to service of process by either of these methods.  Furthermore, U.S. consular officials are prohibited from serving process abroad (an option under Article 10 (c) of the *Convention*) in all but the most exceptional cases.

**Proof of Service.**  Currently, it takes an average of 4 to 8 months before proof of service is returned to the applicant.  Please be aware that local People's Courts are frequently subject to protectionist sentiments and local political pressures and that it is not unusual to encounter obstacles in the service of foreign process in China.  In addition, service in China under the *Hague Convention* can incur lengthy delays. If you wish, LLS can provide periodic follow up with the Chinese Central Authority and report back to you on your case's progress.

Once service has been effected, the Hague Certificate of Service will be completed by the Chinese authorities and will be returned to LLS, along with a copy of all original documents forming a part of the Request.  Proof of service may be in Chinese and should be translated and certified by LLS.  Please note, the entire packet of documents, including the final certified translation, is then normally submitted to the court as proof of service.

Please understand, LLS cannot *guarantee* the performance of foreign bureaucrats.  Please also be aware that service of process under any of the methods described does not commit the State of Destination to recognize or enforce any ensuing judgment that may be rendered by a U.S. court.

**Caveat.**  LLS is one of the premier translation and international litigation support companies in North America.  LLS has considerable experience in the area of administering service of process under the *Hague Convention* and other international treaties, but does not represent itself to be legal counsel in the area of international service of process nor does it guarantee the performance of foreign bureaucrats.  LLS shall not be held liable for service which is quashed due to improper or incomplete documentation supplied by the client, incorrect address for the party to be served, or defects to form.  In the event service of process is determined to be improper for any reason occasioned by the acts or omissions of LLS, the attorney is entitled to a refund of all charges for those particular services.  LLS shall not be liable for any incidental or consequential damages.  Please note that clients of LLS shall treat all information regarding LLS' prices, procedures or contacts as confidential.  Specifically such information may not be released to competitors or other parties.

Finally, fees quoted are valid for a period of sixty (60) days from the date of this letter.

In order for LLS to initiate work, we require your signature below acknowledging that your firm has authorized the project and is responsible for payment. The bid letter may be returned to LLS at our toll-free fax number, (888)754-8454. Please note that work will not be initiated without your signature and that delays in returning this bid letter may jeopardize deadlines for your project. In addition, please note that payment must be received by LLS to initiate work on the *Hague* forms and/or begin translation of the documents. For your convenience, LLS accepts checks, wire transfers and most major credit cards.

Please note if job is subsequently cancelled or put on hold, ROBINS, KAPLAN, MILLER & CIRESI L.L.P. will be responsible for any costs that have been incurred by LLS.

I hope you will not hesitate to contact me at (800) 755-5775 if you have questions about any aspect of the work we will be performing.

Sincerely yours,                                    Agreed and accepted by:

LEGAL LANGUAGE SERVICES                  ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
*A Division of ALS International, Inc.*

Karina Shreefer, Esq.                              _____
International Litigation Support Services          (signature & date)
National Service Center

KJS/vf                                             _____
                                                   (printed name & title)