1
2
3
4
5
6
7
8

9              **UNITED STATES DISTRICT COURT**

10            **NORTHERN DISTRICT OF CALIFORNIA**

11                **SAN FRANCISCO DIVISION**

12

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-SC |
| | MDL No. 1917 |
| This Document Relates to: | **AMENDED [PROPOSED] ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM OBJECTOR SEAN HULL** |
| ALL INDIRECT PURCHASER ACTIONS | |
| | Special Master: Hon. Charles A. Legge (Ret.) Hon. Samuel Conti, U.S. District Judge |

20          This matter came before the Court on Indirect Purchaser ("IP") Plaintiffs' Motion To Compel

21    Discovery From Objector Sean Hull.  The Court has reviewed the papers filed in support of the

22    motion.    A document entitled Response to Motion To Compel ("Response") was submitted to the

23    Court by Sean Hull.  The Special Master and IP Plaintiffs did not receive the Response, which was

24    apparently served by U.S. mail on March 26, 2012, until March 28, 2012.  The document was not

25    served by ECF, and does not appear on the docket for this case.  A proposed order granting the

26    motion to compel was signed by Special Master Charles Legge on March 27, 2012 ("Proposed

27    Order").  *See* Dkt. No. 1116.  On March 29, 2012, IP Plaintiffs filed a Reply to Hull's Response.

28

1   *See* Dkt. No. 1118.  The Court has now considered all of the foregoing papers and issues this

2   amended order.  For the reasons set forth below, IP Plaintiffs' Motion To Compel Discovery From

3   Objector Sean Hull is hereby GRANTED.

4          IP Plaintiffs sought discovery from objector Hull to obtain relevant information regarding (1)

5   his alleged standing as a Settlement Class member to assert objections, (2) the underlying bases for

6   his objection, and (3) his relationship with "professional" or "serial" objector counsel that Plaintiffs'

7   counsel believe instigated his objection to the settlement with Chungwa Picture Tubes, Ltd.

8   ("Chungwa").  While Plaintiffs' counsel devoted several weeks (*i.e.*, from February 8, 2012 to 26,

9   2012) to attempting to obtain relevant information from Hull informally and to serving him with a

10  deposition subpoena and document request, Hull sought to evade the discovery and service.[1]  After

11  Hull was successfully served, Plaintiffs counsel sought to meet and confer regarding a convenient

12  deposition date.  Hull ignored these overtures.  Plaintiffs' counsel thereafter advised Hull that counsel

13  intended to travel to Denver for Hull's deposition, and requested that Hull advise Plaintiffs' counsel

14  if he did not intend to comply with the subpoena.  Hull did not object to the subpoena, and did not

15  communicate his intentions in any way.  Counsel traveled to Denver for the March 6 deposition and

16  Hull failed to appear.[2]

17  ─────────────────

18  [1] The process server made 9 (nine) unsuccessful service attempts on Hull from February 10-14,
    2012.  Plaintiffs' counsel also requested Hull's deposition and documents in written communications
19  in that time frame.  Additional service attempts were made on February 24 and 25, 2012.  On
    February 26, 2012, Hull was approached by the server outside his house, verbally acknowledged that
20  he was Sean Hull, and then attempted to evade service by running into his house and not answering
    the door upon request thereafter.  At Hull's front door, the server then announced that Hull was
21  being served with the subpoena for a deposition on the noticed date, and left copies of the subpoena
    at the door and on the windshield of Hull's automobile.  Thus, Hull was delivered a copy of the
22  subpoena in compliance with Fed. R. Civ. Proc. 45(b)(1).  *Accord Bayview Loan Servicing, LLC, v.*
    *Boland*, No. 08-cv-00566-WDM-KLM, 2009 WL 2514154, *2 (D. Colo. Aug. 14, 2009) ("The rules
23  governing service of process are not designed to create an obstacle course for [serving parties] to
    navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's
24  jurisdiction") (quotations omitted; brackets in orig.).
25
    [2] After having served Hull, Plaintiffs' counsel could not assume he was not going to appear because
26  (1) he had appeared for a deposition in another case wherein he asserted objections; and (2) IP
    Plaintiffs might have been subject to costs for failing to show up if Hull did in fact appear.  *See e.g.*,
27  Fed R. Civ. Proc. 30(g).  Because Hull refused to communicate, Plaintiffs counsel had to travel to
28  Denver for the deposition in case Hull decided to appear.

2

1    Federal Rule of Civil Procedure 30(a)(1) permits a party to "depose any person, including a

2    party, without leave of court . . .," and states that "[t]he deponent's attendance may be compelled by

3    subpoena under Rule 45." Some courts have held that "absent class members are parties to an

4    action, properly before the court, and subject to its judicial orders." *McCubbrey v. Boise Cascade*

5    *Home & Land Corp.*, 71 F.R.D. 62, 72 (N.D. Cal. 1976). To the extent Hull is considered a party,

6    his deposition may be noticed pursuant to Rule 30. To the extent he is considered a non-party, Rule

7    45 governs discovery sought from him. *See, e.g., Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679

8    (N.D. Cal. 2006); *Del Campo v. Kennedy*, 236 F.R.D. 454, 457 (N.D. Cal. 2006). The scope of

9    permissible discovery, sought by subpoena or otherwise, is ultimately governed by Rule 26(b),

10   which permits the discovery of any non-privileged material "relevant to the claim or defense of any

11   party," even if inadmissible, as long as it "appears reasonably calculated to lead to the discovery of

12   admissible evidence." *See Gonzales*, 234 F.R.D. at 679 (*quoting* Fed. R. Civ. P. 26(b)(1)). For

13   purposes of Rule 26(b)(1), relevance is broadly construed. *See Oppenheimer Fund, Inc. v. Sanders*,

14   437 U.S. 340, 351 (1978).

15   Here, Hull voluntarily appeared in this litigation by objecting to the Chungwa Settlement

16   and was served with a subpoena, and is properly subject to discovery. The information sought by IP

17   Plaintiffs, including the bases for Hull's objection and his claimed standing to object, are clearly

18   relevant to the Settlement now before the Court. IP Plaintiffs are willing to limit Hull's deposition to

19   four hours, and are willing to take it in Denver, Colorado. The requests for documents focus solely

20   on the objector's standing, the bases for his current objections, his role in objecting to this and other

21   class settlements, and his relationships with the counsel that are believed to be behind the scenes

22   manipulating him. As such, the requested information and documents are relevant, needed and

23   reasonably narrowly tailored.

24   Hull's papers do not list counsel, but IP Plaintiffs showed that Hull previously objected to

25   another class settlement in which he was assisted by attorney Christopher Bandas, a "professional"

26   or "serial" objector located in Corpus Christi, Texas. In fact, Hull's objection in this case was

27   postmarked in Corpus Christi, Texas, even though Hull lives and works in Denver, Colorado.

28

[PROPOSED] ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION TO COMPEL DISCOVERY
FROM OBJECTOR SEAN HULL
Master File No. CV-07-5944-SC, MDL No. 1917

1   Bandas routinely represents objectors purporting to challenge class action settlements, and does not

2   do so to effectuate changes to settlements, but does so for his own personal financial gain;[3] he has

3   been excoriated by Courts for this conduct. *See* Dkt. No. 1089-1 (Appendix A thereto listing courts'

4   comments regarding Bandas's conduct).[4]   In light of these facts and questions about the *bona fides*

5   of Hull's objections, IP Plaintiffs justifiably served the discovery on Hull in order to explore not

6   only the bases for Hull's objections, but to explore his relationship with Bandas and his practices

7   with regard to asserting settlement objections.

8          In his Response, Hull does not dispute any of the substantive, factual or legal bases asserted

9   by IP Plaintiffs' in support of their motion, and the factual and legal underpinnings of the motion to

10  compel are therefore unopposed.

11         On March 22, 2012, the Court entered an Order Granting Final Approval of Settlement With

12  Chunghwa Picture Tubes, Ltd. (Dkt. No. 1105), and a Final Judgment of Dismissal With Prejudice

13  as to Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) (SDN.) BHD. (Dkt.

14  1106).   On March 23, 2012, Hull filed a Notice of Appeal of the Final Approval Order and

15  Judgment.

16         In his Response, Hull argues that his filing of a Notice of Appeal of the Final Approval Order

17  and Final Judgment precludes the Court from entering the ruling on the motion to compel.  For the

18  reasons set out below, Hull is incorrect.

19         First, the Final Judgment from which Hull appeals expressly provides for the Court's

20  continuing jurisdiction to implement, enforce and administer the settlement, and to manage the Class

21  _____

22  [3] "[P]rofessional objectors can levy what is effectively a tax on class action settlements, a tax that has
    no benefit to anyone other than to the objectors. Literally nothing is gained from the cost:
23  Settlements are not restructured and the class, on whose benefit the appeal is purportedly raised,
    gains nothing." *In re Checking Account Overdraft Litigation*, No. 09–MD–02036–JLK, 2011 WL
24  5873389, at *29, n.30 (S.D. Fla. Nov. 22, 2011) (quotations omitted, brackets in orig).

25  [4] For example, in *Brown v Wal-Mart Stores, Inc.*, the court stated that "Bandas is a professional
    objector who is improperly attempting to 'hijack' the settlement of this case from deserving class
26  members and dedicated, hard working counsel, solely to coerce ill-gotten, inappropriate and
    unspecified 'legal fees.' . . . [Bandas's and his clients'] attempt to inject themselves at the last
27  minute into this eight year litigation constitutes an effort to extort money from the Class and/or Class
    Counsel." *See* Dkt. No. 1062-1, p. 11 of 26 (Order entered in *Brown v Wal-Mart Stores, Inc.*).
28

4

1   Action itself. *See* Final Judgment (Dkt. No. 1106) ¶10.  Discovery from Hull therefore falls under

2   the Court's continuing jurisdiction under the Final Judgment.

3      Second, it is well settled that following a notice of appeal, the Court retains jurisdiction "to

4   preserve the integrity of this Court's judgments in general, and specifically to protect the Court's

5   final judgment . . .." *In re Itel Securities Litigation*, 596 F.Supp. 226, 233 (N.D. Cal. 1984), *aff'd*,

6   791 F.2d 672 (9th Cir. 1986).  In *In re Itel Securities Litigation*, an attorney worked behind the

7   scenes to undermine a class action settlement in a securities matter. *See* 596 F.Supp. at 231-32.

8   After the settlement was approved and judgment entered, an objector filed a notice of appeal at the

9   attorney's behest. *Id.* at 232.  Over the attorney's objection that the Court lacked jurisdiction, the

10  Court permitted extensive post-judgment proceedings against the objector and the attorney—

11  including discovery and motion practice—reasoning that "'a federal court of equity has jurisdiction

12  [over ancillary matters] . . . to secure or preserve the fruits and advantages of a judgment or decree

13  rendered therein.'" *Id.* at 232-233 (*quoting Local Loan Co. v. Hunt*, 292 U.S. 234, 239 (1934)).  The

14  same rationale applies here.

15     Third, Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides that a district court

16  retains the power to alter or amend an appealable order or judgment pursuant to Fed. R. Civ. P. 59,

17  even if a notice of appeal has been filed. *See Resolution Trust Corp. v. Keating*, 186 F.3d 1110,

18  1114 n.1 (9th Cir. 1999) (district court has express authority under Fed. R. App. P. 4(a)(4) to rule on

19  Fed. R. Civ. P. 59 motion to amend judgment after notice of appeal is filed).

20     Hull cites to a number of California state law decisions in his Response, but those decisions

21  are not pertinent to this Court's jurisdiction under the federal rules of procedure and federal case law

22  cited above.

23     Accordingly, IT IS HEREBY ORDERED that objector Sean Hull shall appear for a

24  deposition not to exceed four hours in length, on or before May 11, 2012 (or by such other date as

25  may be agreed to by IP Plaintiffs and Hull), in Denver, Colorado (or at such other location as may be

26  agreed to by IP Plaintiffs and Hull).  IP Plaintiffs may, but are not required to, serve Hull with a

27  further subpoena and document request.  Hull shall also produce the documents requested in IP

28

1   Plaintiffs' Attachment A, Requests For Production, attached to their subpoena two days prior to the

2   deposition (or at such other time as may be agreed to by IP Plaintiffs and Hull).

3

4   SO ~~ORDERED~~: Recommended.

5

6   Dated:  April 12,      , 2012.            Charles A. Legge

7                                       Hon. Charles A. Legge (Ret.)
                                        Special Master

8   REVIEWED AND [APPROVED OR MODIFIED]:

9

10  Dated:               , 2012.          _____

11                                        Hon. Samuel Conti
                                          United States District Judge
12

13  #3229304v2

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              6