Hon. Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, CA 94111
Telephone: (415) 774-2644
Facsimile: (415) 982-5287
Special Master

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: CATHODE RAY TUBE ANTITRUST LITIGATION | Case No. 3:07-cv-5944 SC<br>MDL No. 1917<br>JAMS Reference No. 1100054618<br><br>**RECOMMENDATION RE MOTION TO COMPEL DISCOVERY FROM TOSHIBA** |
|---|---|
| This Document Relates to: Direct and Indirect Purchaser Cases | |

To the Hon. Samuel Conti, United States District Judge:

    The direct and indirect purchaser plaintiffs move for discovery from defendant Toshiba, which Toshiba has opposed. The motion was briefed, argued and submitted for decision.

    Plaintiffs ask that Toshiba search its records for the documents of 10 persons relevant to this case. The 10 persons are employees or former employees of Toshiba or its affiliated companies, whose names are set forth below. They have been identified by other defendants as having attended meetings where the prices of cathode ray tubes were allegedly fixed.

Plaintiffs contend that the 10 should be considered "custodians" for discovery purposes. Because of the alleged connection of the 10 persons to the meetings, the information sought is relevant to this litigation. And Toshiba has raised no objections to the discovery based upon privilege or a rule of evidence.

Instead, Toshiba declines to search for and produce such discovery based upon an alleged agreement which Toshiba says limited the custodians to persons who were employees of only the Toshiba companies named on page one of a letter of July 13, 2010; and excluding employees of any subsidiaries or affiliates even if they were involved in the cathode ray tube business. However, the evidence of the existence of such an agreement is tenuous at best:

First, there is no actual written agreement signed by the parties so limiting the discovery. Second, there is no express agreement formed by an exchange of correspondence between the parties. Rather, Toshiba claims an agreement from the July 13, 2010 letter from plaintiffs, followed by Toshiba producing certain discovery, which allegedly created a "unilateral contract." (Toshiba cites another letter from plaintiffs dated September 3, 2010 as a part of the documentation. But that did little more than repeat the provisions of the July 13 letter.)

Toshiba argues that the language of the agreement was stated by plaintiffs on page 7 of the 11-page letter of July 13, 2010. More specifically, in the first lengthy paragraph on page 7, in which plaintiffs enumerate the documents they are requesting from the "Toshiba Defendants." That reference uses the words "Toshiba" with a capital T and "Defendants" with a capital D. The term is not defined in that paragraph, but is used on page 1 of the letter to identify the parties to the letter.

Nowhere in the July 13 letter, or in any communication from Toshiba, is there any statement that the term "Toshiba Defendants" did not include the subsidiaries or affiliates of Toshiba, or that those words were ones of exclusion rather than words of identification.

Toshiba made no direct reply to the July 13 letter. Instead, Toshiba produced some discovery, and now argues that that production formed a unilateral contract of limitation.

However, the language of the paragraph says that it is the "initial" request. And the exchange of correspondence between the parties specifically states that the documents of other

custodians identified by plaintiffs would be produced; see, e.g., the letter of August 19, 2010, from Toshiba to plaintiffs, page 2: "Toshiba Corp. is also willing to search for and produce responsive, non-privileged documents for other custodians identified by the Plaintiffs, provided that the number of custodians selected by the Plaintiffs is reasonable in number and based upon the documents already produced by Chunghwa." That is what plaintiffs are requesting here.

In addition, contrary to Toshiba's argument in opposition to this motion, Toshiba did in fact produce the documents of a subsidiary and of an affiliate: see letter of August 5, 2011 from Toshiba to plaintiffs regarding Toshiba Electronics Taiwan Corp., and letter of May 20, 2011 from Toshiba to plaintiffs regarding Toshiba Electronics Asia (Singapore), PTE. Ltd.

The record also indicates that the parent company had and may still have a server through which documents of its subsidiaries passed and were maintained. If there are relevant documents still on that server, they are certainly under the custody and control of the parent corporation.

Toshiba also argues that some of requested individuals were employees of Toshiba entities that were spun off to other companies. But those spinoffs occurred after at least some of the meetings that plaintiffs allege, and Toshiba may still have some of the records that were created before the spinoffs.

A final argument made by Toshiba is that this motion is untimely because of the length of time since the first discovery in mid-2010. However, as quoted above, Toshiba indicated its willingness to produce the documents "for other custodians identified by the Plaintiffs..." Plaintiffs did not learn of the potential involvement of these 10 persons in alleged illegal activities until their names were disclosed by the discovery responses of other defendants in October 2011. Plaintiffs have been negotiating with Toshiba over this issue since that date. And plaintiffs were not aware of defendants' "contract" contention until Toshiba filed its opposition brief in the present motion.

Since the requested evidence is relevant, since there have been no objections based on privilege or any other rule of evidence, and since Toshiba's argument about the existence of a limiting agreement is questionable at best, the Special Master recommends that Toshiba's objections be overruled and that plaintiffs' motion be granted.

1  The Special Master therefore recommends that the Court enter an Order compelling
2  Toshiba Corporation to search the files and records, including electronic files, servers, and
3  backup tapes, within its possession, custody or control for all documents written, received, or
4  maintained by Messrs. Yasukawa, Tomita, Isijaki Yaskada, Oishi, Otaka, Yanokawa, Nishimura,
5  Kimuro, Wakayama, and MD Kogi, and to produce all responsive, relevant and non-privileged
6  documents.

7  Respectfully submitted,

10  DATED: April 12, 2012

Hon. Charles A. Legge
United States District Judge (Ret.)
Special Master

14  Recommendation [approved-~~declined~~].

18  DATED: April 16, 2012

Hon. Samuel Conti
United States District Judge