LINGEL H. WINTERS, ESQ (37759)
LINGEL H. WINTERS
A PROFESSIONAL CORPORATION
275 Battery Street, Suite 2600
San Francisco, California 94111
Tel:  (415) 398-2941
Fax:  (415) 393-9887
e-mail: sawmill2@aol.com
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | NO. 3:07-CV-5944 SC |
| GIO'S, Inc., a California corporation; Giovanni Constabile on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LG ELECTRONICS, INC.; SAMSUNG ELECTRONICS CO., LTD.; et al.<br><br>Defendants. | NO. CV-12-1998 NC<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>**(Civil Local rule 3-12)**<br><br>**CLASS ACTION** |

PLEASE TAKE NOTICE THAT pursuant to Local rules 3-12(b) and 7-11 of the United States District Court of the Northern District of California, Plaintiffs GIO's Inc. and Giovanni Constabile  respectfully submit this Administrative Motion to relate *GIO's Inc. et al. v. LG Electronics, Inc. et al.* Case No. CV-12-1998 NC to the earlier filed case, Case No. 03-cv-5944 SC *In re Cathode Ray Tube (CRT) Antitrust Litigation*.  *GIO's Inc. et al. v. LG Electronics, Inc. et al.* Case No. CV-12-1998 NC is related to Case No. 03-cv-5944 SC *In re Cathode Ray Tube (CRT) Antitrust Litigation*, which should be related to and coordinated with Case No. 03-cv-5944 SC *In re Cathode Ray Tube (CRT) Antitrust Litigation* pursuant to MDL Rule 7.5 and Local Civil Rule 3-12.  The motion is based upon this Notice of Motion, a Memorandum of Points and

1  Authorities, and various other papers.

2

3  Dated: April 24, 2012                    Respectfully Submitted,

4                                      By:    */s/ Lingel H. Winters*
                                              LINGEL H. WINTERS
5                                             LINGEL H. WINTERS, A Professional Corporation
                                              Attorneys for Plaintiffs
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2
ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

1  **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR**
2  **ADMINISTRATIVE RELIEF TO DETERMINE THAT THE INSTANT CASE IS A**
3  **RELATED CASE**

4  On April 23, 2012, plaintiff filed Case No. CV-12-1998, *GIO'S, Inc. et al. v. LG*
5  *Electronics et al.* in the above-entitled Court, alleging, *inter alia*, violations of the federal
6  antitrust laws involving Cathode Ray Tubes (CRTs). Said case concerns substantially the same
7  parties, property, transactions or events and is related to the earlier filed case, Case No. 3:07-cv-
8  5944 SC, *In re Cathode Ray Tube (CRT) Antitrust Litigation*, which is assigned to the Hon.
9  Samuel Conti. This motion is made pursuant to MDL Rule 7.5 and Civil Rule 3-12 Related
10 Cases of the Local Rules for the United States District Court for the Northern District of
11 California. Wherefore plaintiffs pray that Case No. CV-12-1998 NC, *GIO'S, Inc. et al. LG*
12 *Electronics, Inc. et al.* be assigned to the Hon. Samuel Conti and related and coordinated with
13 Case No. 3:07-cv-5944 SC, *In re Cathode Ray Tube (CRT) Antitrust Litigation* pursuant to
14 Local Rule Civil L. R. 3-12 and MDL rule 7.5.

15 Dated: April 24, 2012                            Respectfully Submitted,

                                       By:       */s/ Lingel H. Winters*
                                                 LINGEL H. WINTERS
                                                 LINGEL H. WINTERS, A Professional Corporation
                                                 Attorneys for Plaintiffs

3
ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

**RELATED CASE ORDER**

A Motion for Administrative Relief to Consider Whether Cases Should be Related or a *Sua Sponte* Judicial Referral for Purpose of Determining Relationship (Civil L.R. 3-12) has been filed. The time for filing an opposition or statement of support has passed. As the judge assigned to the earliest filed case below that bears my initials, I find that the more recently filed case below that I have initialed below is related to the case assigned to me, and such case(s) are related and shall be coordinated. Any cases listed below that are not related to the case assigned to me are referred to the judge assigned to the next earliest filed case for a related case determination.

**No. 3:07-cv-5944 SC,** *In Re Cathode Ray Tube (CRT) Antitrust Litigation*

**No. CV-12-1998 NC,** *GIO's, Inc. et al. v. LG Electronics, Inc. et al.*

**I find that the above case is related to the case assigned to me.** _____

**ORDER**

Counsel are instructed that all future filings in any reassigned case are to bear the initials of the newly assigned judge immediately after the case number. Any case management conference in any reassigned case will be rescheduled by the Court. The parties shall adjust the dates for the conference, disclosures and report required by FRCivP 16 and 26 accordingly. Unless otherwise ordered, any dates for hearing notice motions are vacated and must be re-noticed by the moving party before the newly assigned judge; any deadlines set by the ADR Local Rules remain in effect; and any deadlines established in a case management order continue to govern, except dates for appearance in court, which will be rescheduled by the newly assigned judge.

Dated: _____, 2012

HONORABLE SAMUEL CONTI

**CERTIFICATE SERVICE**

I, LINGEL H. WINTERS, declare as follows:

I am a citizen of the United States of America, over the age of eighteen (18) years and not a party to or interested in the within entitled cause, that I am an attorney and my business address is 275 Battery St., Suite 2600, San Francisco, CA 94111.

On the date hereon, I caused one (1) copy each of the within:

1. **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED;**
2. **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION;**
3. **RELATED CASE ORDER AND**
4. **CERTIFICATE OF SERVICE**

to be served as follows:

I caused the above documents to be served on each person on the attached Service List by the following means.

☐   BY MAIL:  I am "readily familiar" with the firm's practice of collection and processing correspondence by mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒   **BY ECF**:  By USDC Live System-Document Filing System: on all interested parties registered for e-filing.

☐   BY TELECOPY:  BY STIPULATION I caused such document to be delivered by telecopy transmission to the offices of the addressee.

☐   BY PERSONAL DELIVERY:  I caused such envelope to be delivered by hand to the offices of the addressee.

☐   BY FEDERAL EXPRESS:  I caused such envelope to be delivered by Federal Express to the offices of the addressee.

☒   STATE   I declare under penalty of perjury under the laws of the State of California that the above is true and correct

☒   FEDERAL   I declare that I am employed in the office of the member of the bar of this court at whose direction the service was made.

Executed on April 24, 2012, at San Francisco, California.

                                                 */s/ Lingel H. Winters*
                                                 LINGEL H. WINTERS