PATRICIA A. CONNERS (Trish.Conners@myfloridalegal.com)
R. SCOTT PALMER (Scott.Palmer@myfloridalegal.com)
LIZABETH A. BRADY (Liz.Brady@myfloridalegal.com)
NICHOLAS J. WEILHAMMER (Nicholas.Weilhammer@myfloridalegal.com)
SATU A. CORREA (Satu.Correa@myfloridalegal.com)
*Pro Hac Vice*
Office of the Attorney General
State of Florida
PL-01, The Capitol
Tallahassee, FL 32399-1050
Tel:   (850) 414-3300
Fax:   (850) 488-9134

Attorneys for Plaintiff State of Florida

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-CV-5944 SC<br>MDL No. 1917 |
| This Document Relates To:<br><br>Case No. 2011-CV-6205 SC<br><br>STATE OF FLORIDA,<br>OFFICE OF THE ATTORNEY GENERAL,<br>DEPARTMENT OF LEGAL AFFAIRS,<br><br>                  Plaintiff,<br>     v.<br><br>LG ELECTRONICS, INC., *et al.*<br><br>                  Defendants. | **STATE OF FLORIDA'S NOTICE OF MOTION AND MOTION TO SERVE DEFENDANT BEIJING-MATSUSHITA COLOR CRT CO., LTD. THROUGH ITS U.S. COUNSEL PURSUANT TO FED. R. CIV. P. 4(f)(3); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:     May 21, 2012<br>Time:    10:00 a.m.<br>Location: JAMS, Two Embarcadero Center, Suite 1500<br>Judge:    Hon. Samuel Conti<br>Special Master: Hon. Charles A. Legge (Ret.) |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff State of Florida ("Florida") hereby moves this Court for an order permitting Florida to serve Defendant Beijing-Matsushita Color CRT Co., Ltd. ("BMCC") via U.S. Mail, through BMCC's U.S. counsel, pursuant to Federal Rule of Civil Procedure 4(f)(3). This motion is scheduled to be heard on May 21, 2012 (pending approval of Florida's contemporaneously-filed Motion to Shorten Time on State of Florida's Motion to Serve Defendant Beijing- Matsushita Color CRT Co., Ltd. through its U.S. Counsel Pursuant to Fed. R. Civ. P. 4(f)(3)), at 10:00 a.m. before Special Master Charles A. Legge at the office of JAMS, Two Embarcadero Center, Suite 1500, San Francisco, California.

This motion is made pursuant to Federal Rule of Civil Procedure 4(f)(3) and on the grounds that the facts and circumstances of this case warrant this Court's intervention to effect service of process on BMCC in China.

This motion is based upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the accompanying Declaration of Satu A. Correa in support of this motion, other relevant papers and pleadings on file, and such other argument and evidence as may be presented on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On or about December 2011, Florida filed a complaint (the "Complaint") against various defendants for conspiring to fix the prices of cathode ray tubes ("CRTs") in violation of Section 1 of the Sherman Act and under Florida antitrust and unfair competition laws. (Correa Decl. ¶ 5). Florida's action was consolidated with MDL No. 1917 as a related action on or about January 2012. (Correa Decl. ¶ 5). One of the Defendants named in Florida's Complaint is Beijing-Matsushita Color CRT Co., Ltd., a Chinese company headquartered in Beijing, China. (Correa

Decl. ¶ 6). Since filing its action, Florida has engaged in negotiations with the various Defendants' U.S. counsel regarding service of the Complaint. In a stipulation filed with the Court on March 23, 2012, twenty-four Defendants stipulated to the waiver of service of process (the "Service Stipulation"). (Correa Decl. ¶ 8); *see* Docket No. 1108. BMCC elected not to join in the Service Stipulation, and BMCC's U.S. counsel (Freshfields Bruckhaus Deringer US LLP ("Freshfields")) indicated that it had not been retained by BMCC to represent it in Florida's action and thus could not speak on BMCC's behalf regarding Florida's request for a waiver of service of process. (Correa Decl. ¶ 7).

Freshfields first appeared in the MDL on behalf of BMCC on July 17, 2008. (Correa Decl. ¶ 9); *see* Docket No. 330. Since then, Freshfields has appeared numerous times as counsel for BMCC, accepting service of process, objecting to discovery requests, filing motions to dismiss, and answering complaints. (Correa Decl. ¶ 9); s*ee, e.g.,* Docket Nos. 372, 400, 463, 479, 485, 546, 551, 555, 614, 618, 667, 677, 678, 780, 813, 858, 936, 975, and 1043. BMCC has accepted service of process in the Indirect Purchaser Plaintiff ("IPP") actions and in the action brought by Electrograph Systems, Inc. and Electrograph Technologies, Corp. (collectively, "Electrograph"). (Correa Decl. ¶ 9), *see* Docket Nos. 372, 936. Because BMCC and its counsel have been substantively involved in the MDL, and because of Florida's contacts with BMCC's counsel, it is clear that BMCC has had notice of Florida's action against it.

Florida would face substantial difficulty, delay, and expense in serving BMCC. Also, BMCC clearly has participated in the MDL and has had ample notice of Florida's action. Yet, BMCC continues to refuse to accept service of Florida's Complaint, despite having agreed to a waiver of service with the IPPs and Electrograph. Therefore, Florida requests that this Court

grant its motion to serve its Complaint on BMCC via first class mail to its attorney in the United States.

## II. ARGUMENT

Florida should be permitted to serve BMCC through its U.S. counsel pursuant to Rule 4 because such service comports with due process and does not violate any international agreement. Service through counsel is a well-established practice that is efficient and cost-effective and, under the circumstances, warranted in this case.

### A. Legal Standard

Rule 4(f)[1] of the Federal Rules of Civil Procedure governs service of process outside the United States. Such service of process may be accomplished through several different methods, including international agreements such as The Hague Convention and Letters Rogatory or, as specified in Rule 4(f)(3), "by other means not prohibited by international agreement, as the court orders." The methods mentioned in Rule 4(f) are equivalent to one another, and the Ninth Circuit has rejected any argument that "Rule 4(f) should be read to create a hierarchy of preferred methods of service of process." *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002); *see also In re TFT-LCD (Flat Panel) Antitrust Litigation*, 2011 WL 845882, *2 (N.D. Cal. March 8, 2011) (permitting service on Defendant Chunghwa Picture Tubes, Ltd. through its U.S. counsel).

Importantly, Rule 4 does not require a party to attempt any other method of service before moving the Court for an order allowing an alternative method of service. *See, e.g.*, *Rio Properties*, 284 F.3d at 1015-16 (service of process under Rule 4(f)(3) is "merely one means among several which enables service of process on an international defendant" and not a "last

---

[1] Fed. R. Civ. P. 4(h)(2) authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individual foreign defendants.

resort" or an "extraordinary relief"); *In re LDK Solar Securities Litigation*, 2008 WL 2415186, *2 (N.D. Cal. June 12, 2008) ("it is not necessary for plaintiffs to first attempt service through 'internationally agreed means' before turning to 'any other means not prohibited by international agreement.'"). Rather, a plaintiff only needs to show that the facts and circumstances of the case necessitate the court's intervention. *See, e.g., Rio Properties*, 284 F.3d at 1015-16.

An alternative method of service under Rule 4(f)(3) must also comport with international law, which can include service by any method not prohibited by international agreement, and with constitutional notions of due process. *See, e.g.*, *Rio Properties*, 284 F.3d at 1017; *Facebook, Inc. v. Banana Ads, LLC*, 2012 WL 1038752, *1 (N.D. Cal. March 27, 2012); *In re TFT-LCD*, 2011 WL 845882 at *3; *In re LDK*, 2008 WL 2415186 at *4. Serving the U.S. counsel of a foreign defendant does not violate international law, *see In re Cathode Ray Tube (CRT) Antitrust Litigation*, 2008 WL 4104341 (N.D. Cal. September 3, 2008); *In re LDK*, 2008 WL 2415186, and the requirements of due process are satisfied when "the method of service crafted by the district court [is] 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections,'" *Rio Properties*, 284 F.3d at 1016. See also *Facebook*, 2012 WL 1038752 at *1; *In re TFT-LCD*, 2011 WL 845882 at *3; *In re LDK*, 2008 WL 2415186 at *4.

Pursuant to Rule 4(f)(3), federal courts have authorized a variety of alternative methods of service. These methods have included serving the foreign defendant through domestic counsel, *see*, *e.g., In re TFT-LCD (Flat Panel) Antitrust Litigation*, 2011 WL 845882 (N.D. Cal. March 8, 2011); *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007 (9th Cir. 2002), through email directly to the foreign defendant, *see*, *e.g.*, *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007 (9th Cir. 2002); *Facebook, Inc. v. Banana Ads, LLC*, 2012

WL 1038752 (N.D. Cal. March 27, 2012), and via Federal Express. *TracFone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A. de DV*, 268 F.R.D. 687 (S.D. Fla. 2010). Following this clear precedent, this Court issued an order early in this case allowing the IPPs to serve certain foreign Defendants pursuant to Rule 4(f)(3) through their domestic subsidiaries and domestic counsel. *In re Cathode Ray Tube (CRT) Antitrust Litigation*, 2008 WL 4104341, *1 (N.D. Cal. September 3, 2008).

Thus, it is soundly within this Court's discretion to permit service on BMCC through its U.S. counsel. *See, e.g.*, *Rio Properties*, 284 F.3d at 1014-15.

### B.   BMCC's Due Process Rights are Not Violated if Florida is Allowed to Serve BMCC Through its U.S. Counsel

Service of BMCC through its U.S. counsel satisfies the requirements of due process. Indeed, this approach is consistent with the flexible design of Rule 4 and comports with the due process requirement that a defendant receive notice about actions pending against it. *See United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).

This district court has already determined that serving foreign defendants through their U.S. counsel is an effective means of providing defendants with notice because counsel can easily locate their clients and communicate with them regarding the pending lawsuit. *See, e.g.*, *In re TFT-LCD*, 2011 WL 845882 at *3. Since first appearing in the MDL on behalf of BMCC on July 17, 2008, Freshfields has appeared numerous times as counsel for BMCC, accepting service of process, objecting to discovery requests, filing motions to dismiss, and answering complaints. (Correa Decl. ¶ 9); s*ee, e.g.,* Docket Nos. 372, 400, 463, 479, 485, 546, 551, 555, 614, 618, 667, 677, 678, 780, 813, 858, 936, 975, and 1043. Thus, BMCC has had a substantial involvement in this MDL and it is only reasonable to assume that BMCC and its counsel know how to contact each other and are in fact able to communicate with each other.

Additionally, BMCC previously accepted service of process in the Indirect Purchaser Plaintiff actions and in the action brought by Electrograph Systems, Inc. and Electrograph Technologies, Corp. (Correa Decl. ¶ 9); *see* Docket Nos. 372, 936. Thus, BMCC cannot claim that its due process rights would be violated or that it would be prejudiced by this Court allowing Florida to serve BMCC through its U.S. counsel under Rule 4(f)(3) when it has already stipulated to a waiver of service with other plaintiffs.

BMCC is already aware of Florida's action. BMCC became aware of Florida's Complaint, at the latest, when Florida's action was reassigned to the MDL or when Florida spoke with counsel for BMCC to discuss BMCC's inclusion in the Service Stipulation. (Correa Decl. ¶ 7). As a result, it is clear that BMCC has had sufficient notice of Florida's Complaint against it, and there is no risk that BMCC's due process rights would be infringed if the Court allows Florida to serve it through its U.S. counsel.

C. **Other Foreign Defendants Have Been Served Through their U.S. Counsel in This Litigation.**

This Court has already recognized that alternative service of process is appropriate in this MDL. Early on in this case, the IPPs brought an identical motion to serve foreign defendants through their U.S. counsel, and on September 3, 2008, this Court issued an order granting that motion with respect to Koninklijke Philips Electronics N.V. ("Philips") and Toshiba Corporation ("Toshiba"). *See In re Cathode Ray Tube (CRT) Antitrust Litigation*, 2008 WL 4104341 (N.D. Cal. September 3, 2008).

Philips and Toshiba opposed the IPPs' motion, but this Court rejected their arguments and permitted service under Rule 4(f)(3). *See* Docket Nos. 354, 357, 373, 374. Judge Conti adopted the August 29, 2008, Report and Recommendation issued by Special Master Legge and held that "service on foreign defendants… is proper under Rule 4(f)(3) where the foreign

defendants have domestic subsidiaries and/or counsel and where service does not require transmittal abroad." *In re Cathode Ray Tube (CRT) Antitrust Litigation*, 2008 WL 4104341, *1 (N.D. Cal. September 3, 2008). ("Defendants have provided no explanation for why transmittal abroad would be required in the present case, when federal law plainly permits service on Defendants' domestic subsidiaries or domestic counsel."). Similarly, Florida should be allowed to serve BMCC through its U.S. counsel.

### D. Not Allowing Service on BMCC through its U.S. Counsel Would Unreasonably Delay Florida's Case.

Florida should be permitted to serve BMCC through its U.S. counsel because doing so will prevent further delay in Florida prosecuting its claims against BMCC.

Florida is bound to the schedule set for this case, which calls for fact discovery to close in August 2013. (Correa Decl. ¶ 10); *see* Docket No. 1127. However, if Florida has to serve BMCC through the costly and time-consuming method under the Hague Convention, the end of fact discovery may be nearing before BMCC is required to respond to the Complaint. BMCC should not be permitted to disrupt the case schedule in the MDL, especially in light of BMCC's substantial involvement in the MDL over the span of several years.

Here, service of BMCC through its U.S. counsel is a faster, more efficient method of service than under The Hague Convention. Counsel for Florida is aware that it could take up to several months to serve BMCC under The Hague Convention. (Correa Decl. ¶ 11). The translation and service of the Complaint and associated documents could cost thousands of dollars. (Correa Decl. ¶ 11). Thus, this Court should order service of Florida's Complaint on BMCC through first class mail to its U.S. counsel.

### III.  CONCLUSION

Because of the substantial difficulty, delay, and expense that Florida would face in serving BMCC in China, and because BMCC has had notice of Florida's action and has participated in the MDL, Florida should be allowed to serve its Complaint on BMCC via first class mail to BMCC's counsel in the United States. Accordingly, the Court should grant the instant motion in all respects.

                                            Respectfully submitted,

DATED: April 27, 2012            STATE OF FLORIDA

By:    /s/ Satu A. Correa
       LIZABETH A. BRADY (*pro hac vice*)
       Email:  Liz.Brady@myfloridalegal.com
       PATRICIA A. CONNERS (*pro hac vice*)
       Email:  Trish.Conners@myfloridalegal.com
       R. SCOTT PALMER (*pro hac vice*)
       Email:  Scott.Palmer@myfloridalegal.com
       NICHOLAS J. WEILHAMMER (*pro hac vice*)
       Email:  Nicholas.Weilhammer@myfloridalegal.com
       SATU A. CORREA (*pro hac vice*)
       Email: Satu.Correa@ myfloridalegal.com
       **OFFICE OF THE ATTORNEY GENERAL**
       State of Florida
       PL-01, The Capitol
       Tallahassee, FL  32399-1050
       Telephone:     (850) 414-3300
       Facsimile:      (850) 488-9134

*Attorneys for Plaintiff State of Florida*