GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234,
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301,
RBrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696,
ASchwing@gibsondunn.com
JOEL WILLARD, SBN 247899,
JWillard@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant
CHUNGHWA PICTURE TUBES, LTD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

This Document Relates to:

ALL DIRECT ACTION COMPLAINTS AND DOCUMENTS

CASE NO. 3:07-CV-5944 SC

MDL NO. 1917

**DEFENDANT CHUNGHWA PICTURE TUBES, LTD.'S OPPOSITION TO MOTION BY DIRECT ACTION PLAINTIFFS TO SERVE DEFENDANT CHUNGHWA PICTURE TUBES, LTD. THROUGH ITS U.S. COUNSEL PURSUANT TO FED. R. CIV. P. 4(f)(3)**

Date: May 21, 2012
Time: 10:00 a.m.
Special Master: Hon. Charles A. Legge
JAMS: Two Embarcadero Center, Suite 1500

Gibson, Dunn & Crutcher LLP

-1-

CHUNGHWA'S OPPOSITION TO DIRECT ACTION PLAINTIFFS' MOTION TO SERVE CHUNGHWA THROUGH ITS U.S. COUNSEL

CASE NO. 3:07-CV-5944 SC

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. BACKGROUND ..... 2

III. ARGUMENT ..... 2

A. Plaintiffs Have Failed To Meet The Requirements For Invoking Alternative Service Under Fed. R. Civ. P. 4(f)(3). ..... 2

B. Service Of Process On Chunghwa's U.S. Counsel Does Not Comport With Constitutional Notions Of Due Process. ..... 5

IV. CONCLUSION ..... 7

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Bridgeport Music, Inc. v. Rhyme Syndicate Music*,
376 F.3d 615 (6th Cir. 2004)........................................................................................ 6

*Hartford Fire Ins. Co. v. Cal.*,
509 U.S. 764 (1993)......................................................................................................... 5

*Jackson v. Hayakawa*,
682 F.2d 1344 (9th Cir. 1982)......................................................................................... 5

*Levin v. Ruby Trading Corp.*,
248 F. Supp. 537 (S.D.N.Y. 1965)................................................................................... 3

*Mullane v. Cent. Hanover Bank & Trust Co.*,
339 U.S. 306 (1950)......................................................................................................... 5

*Murphy Bros., Inc. v. Michetti Pipestringing, Inc.*,
526 U.S. 344 (1999)...................................................................................................... 1, 6

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*,
484 U.S. 97 (1987)........................................................................................................ 5, 6

*Rio Props., Inc. v. Rio Int'l Interlink*,
284 F.3d 1007 (9th Cir. 2002)..................................................................................... 2, 3, 5

*Way v. Mueller Brass Co.*,
840 F.2d 303 (5th Cir. 1988)........................................................................................... 5

-ii-

Gibson, Dunn & Crutcher LLP

CHUNGHWA'S OPPOSITION TO DIRECT ACTION PLAINTIFFS' MOTION TO SERVE CHUNGHWA THROUGH ITS U.S. COUNSEL

CASE NO. 3:07-CV-5944 SC

## I. INTRODUCTION

Federal Rule of Civil Procedure 4 protects civil litigants' due process rights by ensuring that in all but the most exceptional cases formal service of a complaint is required. This is not one of those highly unusual and exceptional situations. Instead, Direct Action Plaintiffs ("Plaintiffs") come before this Court seeking alternative service because it is easier. This is not enough to justify circumventing formal "[s]ervice of process, [which] under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipestringing, Inc.*, 526 U.S. 344, 350 (1999).

The Plaintiffs have filed a motion (the "Motion") to circumvent those established protections. They instead request this Court's authorization to serve Chunghwa Picture Tubes, Ltd. ("Chunghwa"), a Taiwanese Corporation, via its U.S. counsel. *See* Direct Action Pls.' Mot. to Serve Defs. Chunghwa Picture Tubes Ltd., Beijing Matsushita Color CRT Co., Ltd., and LG Electronics Taiwan Taipei Co. Through Their U.S. Counsel Pursuant to Fed. R. Civ. P. 4(f)(3), ECF No. 1147 [hereinafter "DAPs' Rule 4 Motion"]. Chunghwa opposes Plaintiffs' Motion. Granting Plaintiffs' Motion based on the overstated assertion that traditional service would be burdensome to Plaintiffs violates Chunghwa's due process rights.

Plaintiffs fail to explain why alternative service is warranted under Fed. R. Civ. P. 4(f)(3), given that Chunghwa's address is readily obtainable and Chunghwa has made no attempts to evade service. Under Plaintiffs' logic, a claimant can, as a first resort, obtain a district court's authorization to serve the U.S. counsel of any defendant located in a nation that is a non-signatory to the Hague Convention, based only on the assertion that service any other way would be "costly and time consuming." DAPs' Rule 4 Motion at 7. But allowing Plaintiffs to bypass formal process simply because an alternative method would be faster and cheaper violates Chunghwa's due process rights.

Neither Chunghwa's alleged actual knowledge of Plaintiffs' claims nor Chunghwa's participation in MDL proceedings is an adequate substitute for proper service. Plaintiffs have not offered sufficient justification for why they should be relieved of their burden to properly serve a foreign defendant. The Court should deny Plaintiffs' Motion.

Gibson, Dunn & Crutcher LLP

-1-

CHUNGHWA'S OPPOSITION TO DIRECT ACTION PLAINTIFFS' MOTION TO SERVE CHUNGHWA THROUGH ITS U.S. COUNSEL

CASE NO. 3:07-CV-5944 SC

## II. BACKGROUND

From March 2011 through January 2012, Plaintiffs filed complaints naming multiple defendants, including Chunghwa, in actions alleging violations of federal and state antitrust laws related to the sale of cathode ray tubes. After filing their complaints, seventeen Defendants stipulated to waive service under Federal Rule of Civil Procedure 4(d). *See* Stipulation and [Proposed] Order Regarding Service of Compls., ECF No. 1088. Chunghwa did not join the stipulation because its U.S. counsel are not authorized to accept service on behalf of Chunghwa or to make a joint submission regarding the Motion.

Plaintiffs have made no effort to effectuate proper service. Plaintiffs assert that serving U.S. counsel is "the most cost-effective and practical method of service" and that the letters rogatory process would result in "substantial difficulty, time, and expense." DAPs' Rule 4 Motion at 1, 2. Given Plaintiffs' failure to demonstrate any degree of necessity, Plaintiffs' request for authorization of service on U.S. counsel is unwarranted and inappropriate, and the Court should deny Plaintiffs' Motion.

## III. ARGUMENT

### A. Plaintiffs Have Failed To Meet The Requirements For Invoking Alternative Service Under Fed. R. Civ. P. 4(f)(3).

Plaintiffs have failed to show that the circumstances of the present action justify alternative service. As the Ninth Circuit has observed, leave to serve via an alternative means under Rule 4(f)(3) requires a plaintiff to "demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Likewise, before authorizing alternative means of service of process under Rule 4(f)(3), the district court must "determin[e] when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Id.*

As the Ninth Circuit recognized in *Rio Properties*, when the plaintiff has not "first attempt[ed] service by other means," the circumstances under which service of process by alternative means is

available under Rule 4(f)(3) are limited. 284 F.3d at 1015.[1] None are present here. In *Rio Properties*, for example, the plaintiff had unsuccessfully attempted to serve the defendant by conventional means. *Id.* at 1013. Moreover, that plaintiff's private investigator was unable to discover the defendant's whereabouts in Costa Rica, and was told that the defendant preferred to be contacted at its email address. *Id*. The court concluded that authorization of service via email under Rule 4(f)(3) was justified because the plaintiff was unable to "serve an elusive international defendant, striving to evade service of process." *Id*. at 1016.

Courts in the Ninth Circuit that have authorized service by alternative means pursuant to Rule 4(f)(3) have done so based on the plaintiff's initial attempts to serve the foreign defendant through traditional means, on the fact that the defendant evaded service, on the ability of the plaintiff to document high costs of service by other methods, or on a combination of these factors. Here, Plaintiffs make no such showing of "urgency" sufficient to "allow the district court to order a 'special method of service.'" *Rio Props.*, 284 F.3d at 1015, 1016. Plaintiffs fail to explain why service on Chunghwa's U.S. counsel is "require[d]" in this case. *See id.* Plaintiffs do not contend that Chunghwa has evaded service of process or that they cannot locate Chunghwa's current address. Indeed, Chunghwa's address is so readily available that it is included in Plaintiffs' complaints. *See,*

---

[1] The Notes of the 1993 Advisory Committee make clear alternative service is permitted only in cases of "urgency":

> Paragraph (3) authorizes the court to approve other methods of service not prohibited by international agreements. The Hague Convention, for example, authorizes special forms of service in cases of *urgency* if conventional methods will not permit service within the time required by the circumstances. Other circumstances that might justify the use of additional methods include the failure of the foreign country's Central Authority to effect service within the six-month period provided by the Convention, or the refusal of the Central Authority to serve a complaint seeking punitive damages or to enforce the antitrust laws of the United States. In such cases, the court may direct a special method of service not explicitly authorized by international agreement if not prohibited by the agreement. Inasmuch as our Constitution requires that reasonable notice be given, an earnest effort should be made to devise a method of communication that is consistent with due process and minimizes offense to foreign law. A court may in some instances specially authorize use of ordinary mail. *Cf. Levin v. Ruby Trading Corp.*, 248 F. Supp. 537 (S.D.N.Y. 1965).

Notes of Advisory Committee on 1993 Amendments. Rule 4 (LEXIS 2010) (cited with approval in *Rio Props.*, 284 F.3d at 1015).

-3-

Gibson, Dunn & Crutcher LLP

CHUNGHWA'S OPPOSITION TO DIRECT ACTION PLAINTIFFS' MOTION TO SERVE CHUNGHWA THROUGH ITS U.S. COUNSEL

CASE NO. 3:07-CV-5944 SC

*e.g.*, Compl. ¶ 59, *Best Buy v. Hitachi*, Case No. 11-cv-05513 (N.D. Cal. Nov. 14, 2011), ECF No. 1. Yet Plaintiffs have not even attempted to issue a letter rogatory as a means of service. Instead, Plaintiffs have chosen to focus their efforts on obtaining Chunghwa's waiver of service of process by judicial order.

The only basis provided for that attempt is Plaintiffs' claim that a letter rogatory would be too "costly and time consuming" with respect to Chunghwa. DAPs' Rule 4 Motion at 7. They assert that it would cost "approximately $214,000" to translate and serve "the Complaints and associated documents." *Id.* In so doing, Plaintiffs grossly exaggerate. The actual estimate attached to their Motion provides a "[t]otal estimated fee" of $142,080, calculated on the basis of serving *12 different complaints on 2 different defendants*. *See id.* Ex. 2. The estimate then provides *as a separate and alternative option* the method of personal service through an attorney or agent in Taiwan, which would cost an estimated $72,000. *See id.* Plaintiffs simply add these two numbers to assert that service would cost $214,000, but do not explain why it would be necessary to pay for two separate methods of service. Additionally, according to the estimate, serving one complaint on one defendant, such as Chunghwa, would cost a mere $9,065. *See id.* And over half of that cost ($5,345) is for translation. Because Plaintiffs' twelve complaints are nearly identical, multiplying twelve times the entire cost of translating a single complaint very likely overstates any actual cost that Plaintiffs would have incurred had they attempted to serve Chunghwa in a manner consistent with well-established due process principles. In short, Plaintiffs' estimated cost of the letters rogatory process is exaggerated and unsupported by their own evidence.

Plaintiffs alternatively argue that they should not be required to effectuate proper service on Chunghwa because it would "disrupt the substantial progress that has already occurred in the MDL." DAPs' Rule 4 Motion at 7. Unsurprisingly, they do not cite any case law recognizing their concern as a basis for Rule 4(f)(3) service. Plaintiffs' desire to avoid "disrupt[ing] . . . progress" does not constitute "urgen[cy]" requiring the Court's authorization for alternative service, nor does it trump Chunghwa's due process rights.

Plaintiffs incorrectly assert that this Court previously ordered service under "identical facts." *See* DAPs' Rule 4 Motion at 6. This Court previously authorized Indirect Purchaser Plaintiffs'

Motion to Authorize Service on Defendants Koninklijke Philips Electronics N.V. and Toshiba Corporation. Order Granting Indirect Purchaser Pls.' Mot. Authorize Service on Certain Foreign Defs., ECF No. 374. But the Court observed repeatedly that both Koninklijke and Toshiba had *domestic subsidiaries*, in addition to domestic counsel. *See, e.g.*, *id.* at 3 ("Because Koninklijke and Toshiba have domestic subsidiaries and domestic counsel, transmittal abroad for service is not required."). Plaintiffs do not make that argument here—because they cannot.

Comity principles also disfavor extending the holding of *Rio Properties* when Plaintiffs have failed to make even the minimal showing that the district court and the Ninth Circuit required in that case. *See Hartford Fire Ins. Co. v. Cal.*, 509 U.S. 764, 798 (1993) (discussing whether the trial court should have declined to exercise jurisdiction under international comity principles). In sum, the Court has no basis from which to conclude that "the particularities and necessities of [the] given case require alternate service of process under Rule 4(f)(3)." *Rio Props.*, 284 F.3d at 1016.

**B. Service Of Process On Chunghwa's U.S. Counsel Does Not Comport With Constitutional Notions Of Due Process.**

Plaintiffs seek to eschew the Constitutional burdens attendant with pursuing their lawsuits. They argue against the well-established tenet that a defendant's actual notice of a claim does nothing to defeat the procedural due process entitlement to proper service. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Permitting Plaintiffs to bypass the requirement for formal process in this case would undermine the principle of due process that personal service procedures were designed to protect. As the Ninth Circuit has recognized, service on a foreign defendant's U.S. counsel, "[e]ven if facially permitted by Rule 4(f)(3) . . . must also comport with constitutional notions of due process." *Rio Props.*, 284 F.3d at 1016 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

It is well-established that even actual notice does not suffice to serve the interests of due process where the defendant has not been served. *See Omni Capital Int'l*, 484 U.S. at 104 ("Before a federal court may exercise personal jurisdiction over a defendant . . . there must be more than notice to the defendant . . . ."); *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (holding that actual notice does not subject defendants to personal jurisdiction absent proper service); *Way v.*

Gibson, Dunn & Crutcher LLP

-5-

CHUNGHWA'S OPPOSITION TO DIRECT ACTION PLAINTIFFS' MOTION TO SERVE CHUNGHWA THROUGH ITS U.S. COUNSEL

CASE NO. 3:07-CV-5944 SC

*Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988); *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004) ("Actual knowledge of a lawsuit does not substitute for proper service under Fed. R. Civ. P. 4.").

If this Court were to grant Plaintiffs' Motion and invoke Rule 4(f)(3) without regard to whether Chunghwa is difficult to locate or has evaded Plaintiffs' legitimate attempts at service and without any true demonstration of burden, doing so would render the other subsections of Rule 4 and the fundamental tenets of due process meaningless. Simply put, there would never be any reason to require formal service. *Cf. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (stating the "bedrock principle" that a defendant "is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by *formal* process") (emphasis added). Allowing claimants to bypass formal process without first making a showing that the defendant's due process requirements are met collapses Rule 4 into a mere notice provision. *See Omni Capital Int'l*, 484 U.S. at 104 (explaining that "there must be more than notice to the defendant"—"the procedural requirement of service of summons must be satisfied").

Given that constitutional due process rights are at issue, this Motion is more than a procedural hurdle. Allowing Plaintiffs to serve their complaints on Chunghwa's U.S. counsel despite the deficiencies in their Motion would be tantamount to designating every foreign litigant's U.S. attorneys as agents for service of process for any claim brought by any person at any time during the pendency of any proceeding. Such a proposition cannot comport with foundational principles of due process, which have long required formal service of process to initiate an action. *See Murphy Bros.*, 526 U.S. at 347. Plaintiffs offer no credible justification why an exception should be granted in this case.

//

//

//

//

//

//

## IV. CONCLUSION

For the reasons stated above, Chunghwa respectfully requests that Plaintiffs' Motion to Serve Defendant Chunghwa Picture Tubes Ltd. through Its U.S. Counsel Pursuant to Fed. R. Civ. P. 4(f)(3) be denied.

DATED:  May 1, 2012

GIBSON, DUNN & CRUTCHER LLP
RACHEL S. BRASS

By:     /s/ Rachel S. Brass

Joel S. Sanders (SBN 107234)
Rachel S. Brass (SBN 219301)
Austin Schwing (SBN 211696)
Joel Willard (SBN 247899)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
(415) 393.8200 (Phone)
(415) 393.8306 (Facsimile)
*rbrass@gibsondunn.com*

Attorneys for Defendant
CHUNGHWA PICTURE TUBES, LTD.

101270864.2

Gibson, Dunn & Crutcher LLP

-7-
CHUNGHWA'S OPPOSITION TO DIRECT ACTION PLAINTIFFS'
MOTION TO SERVE CHUNGHWA THROUGH ITS U.S. COUNSEL          CASE NO. 3:07-CV-5944 SC

**DECLARATION OF SERVICE**

I, Christine Fujita, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, California, 94105, in said County and State. On May 1, 2011, I served the within:

**DEFENDANT CHUNGHWA PICTURE TUBES, LTD.'S RESPONSE IN OPPOSITION TO MOTION BY DIRECT ACTION PLAINTIFFS TO SERVE DEFENDANT CHUNGHWA PICTURE TUBES, LTD. THROUGH ITS U.S. COUNSEL PURSUANT TO FED. R. CIV. P. 4(f)(3)**

to all named counsel of record as follows:

**BY ECF (ELECTRONIC CASE FILING)**: I e-filed the above-detailed documents utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service on May 1, 2012. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Declaration of Service was executed by me on May 1, 2012, at San Francisco, California.

C Fujita
Christine Fujita