ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Roman M. Silberfeld, Bar No. 62783
RMSilberfeld@rkmc.com
David Martinez, Bar No. 193183
DMartinez@rkmc.com
Jordan S. Paul, Bar No. 277174
JSPaul@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone:    310-552-0130
Facsimile:    310-229-5800

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Elliot S. Kaplan, Bar No. 53624
ESKaplan@rkmc.com
K. Craig Wildfang (*Pro Hac Vice*)
KCWildfang@rkmc.com
Laura E. Nelson, Bar No. 231856
LENelson@rkmc.com
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone:    612-349-8500
Facsimile:    612-339-4181

Attorneys for Plaintiffs
BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.; and MAGNOLIA HI-FI, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC<br>MDL No. 1917<br><br>The Honorable Samuel Conti |
| This Document Relates to:<br><br>ALL DIRECT ACTION COMPLAINTS AND DOCUMENTS | **DIRECT ACTION PLAINTIFFS' REPLY TO DEFENDANT CHUNGHWA PICTURE TUBES LTD.'S OPPOSITION TO MOTION TO SERVE DEFENDANTS CHUNGHWA PICTURE TUBES LTD., BEIJING MATSUSHITA COLOR CRT CO., LTD., AND LG ELECTRONICS TAIWAN TAIPEI CO. THROUGH THEIR U.S. COUNSEL PURSUANT TO FED. R. CIV. P. 4(f)(3)** |

| | |
|---|---|
| 1  *Electrograph systems, Inc., et al., v. Hitachi, Ltd., et al., Case No.* <br> 2  *11-CV-01656-SC* | Hearing Date: May 21, 2012 <br> Time: 10:00 a.m. <br> JAMS: Two Embarcadero Center, Suite 1500 <br> Special Master: Hon. Charles A. Legge |
| 3  *Interbond Corporation of America, v. Hitachi, Ltd., et al, Case No. 11-CV-06275-* <br> 4  *SC* | |
| 5  *Office Depot, Inc., v. Hitachi, Ltd., et al., Case No. 11-CV-06276-SC* | |
| 6 | |
| 7  *Costco Wholesale Corporation, v. Hitachi, Ltd., et al., Case No. 11-CV-06397-SC* | |
| 8  *Compucom Systems, Inc., v. Hitachi, Ltd., et al., Case No. 11-CV-06396-SC* | |
| 9 | |
| 10 *Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust, v. Hitachi, Ltd. et al., Case No. 11-CV-05502-* <br> 11 *SC* | |
| 12 *Target Corp. et al., v. Chunghwa Pictures Tubes, Ltd., et al., Case No. 11-CV-05514* <br> 13 *(EDL)* | |
| 14 *John R. Stoebner, as Chapter 7 Trustee for PBE Consumer Electronics, LLC, et al., v.* <br> 15 *LG Electronics, Inc., et al., Case No. CV-11-05381-SC* | |
| 16 | |
| 17 *P.C. Richard & Son Long Island Corporation, et al., v. Hitachi, Ltd., et al., Case No. 11-CV-05530 (JBW, VVP)* | |
| 18 | |
| 19 *Schultze Agency Services, LLC, et al., v. Hitachi, Ltd., et al., Case No. 11-CV-05529* | |
| 20 *Target Corp., et al., v. Hitachi, Ltd., et al., Case No. 11-CV-05515* | |
| 21 | |
| 22 *Best Buy Co., Inc., et al., v. Hitachi, Ltd., et al., Case No. 11-CV-05513-SC* | |

60586644.1 — - 2 - — REPLY IN SUPPORT OF MOTION TO SERVE CERTAIN FOREIGN DEFENDANTS THROUGH U.S. COUNSEL
MASTER FILE NO:07-CV-05944-SC

Direct Action Plaintiffs that are signatories to this motion (the "DAPs") hereby file their Reply Brief in Further Support of their Motion for an Order permitting the DAPs to serve Chunghwa Picture Tubes Ltd. ("Chunghwa") and Beijing Matsushita Color CRT Co., Ltd. ("BMCC") (collectively, the "Foreign Defendants") via U.S. Mail through their respective U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).[1]

## I.  INTRODUCTION

This is the twentieth time in the last two years that Chunghwa has opposed a motion to serve it through its U.S. counsel under Federal Rule of Civil Procedure 4(f)(3) ("Rule 4 Motion"). In each of the prior nineteen occasions, courts have rejected the same arguments that Chunghwa raises here. *See* Docket No. 1147, #1 at ¶ 7); LCD Litigation at Docket Nos. 1657, 1779, 2109, 2532, 2539, 2584, 2747, 2748, 2825, 3079, 3217, 3345, 3394, 3443, 3654, 3655, 4785, 4797 & 4798. As explained in the DAPs' Rule 4 Motion and again below, the same result is warranted here. *Cf. In re CRT Antitrust Litig.*, Case 3:07-cv-05944-SC, Docket No. 665, at 8-9 ("For the most part, Defendants' objections re-hash arguments that have been considered and rejected by courts in this district."). Notably, BMCC has not even filed an opposition to the Rule 4 Motion and instead had its U.S. counsel send a letter to the Court raising irrelevant and factually unsupported arguments that it too should not be served through that same U.S. counsel. For the reasons below, the Court should grant the DAPs' Rule 4 Motion in all respects.

## II.  ARGUMENT

### A.  Rule 4(f)(3) Does Not Require Proof of Urgency, Nor An Evasive Defendant, Nor Attempts Via Letters Rogatory

Chunghwa creates a false standard for invocation of Rule 4(f)(3). Under Chunghwa's interpretation, before a plaintiff can invoke Rule 4(f)(3), it must establish that the circumstances of the action constitute an "emergency" or rise to a certain level of "urgency," show that a

---

[1] Pursuant to the Stipulation entered into between the DAPs and LG Electronics Taiwan Taipei ("LGETT") on April 27, 2012 (Docket No. 1169) and the DAPs' April 26, 2012 Notice of Withdrawal (Docket No. 1164), LGETT is no longer a party to this motion.

defendant actively evaded a plaintiff's attempts at service, or demonstrate that the plaintiff first attempted service via letters rogatory. The controlling authority in this Circuit shows that this is simply not the case. Thus, Chunghwa's argument should be rejected.

Chunghwa's assertion that a plaintiff must demonstrate "urgency" is based on a skewed reading of *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007 (9th Cir. 2002). Chunghwa ignores the portion of the case where the Ninth Circuit established that a district court has wide discretion to permit service under Rule 4(f)(3) for a variety of reasons. *Rio Props.*, 284 F.3d at 1015-16. *Rio Properties* held that that "Rule 4(f)(3) is an equal means of effecting service of process under the Federal Rules of Civil Procedure…commit[ed] to the sound discretion of the district court [to] determin[e] when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Id.* (acknowledging the wide variety of service methods permitted by different courts to accommodate different situations including "delivery to the defendant's attorney.").[2]

Similarly, Chunghwa cites cases involving defendants that evaded service of process and erroneously reasons that a defendant must engage in evasive behavior before a plaintiff can invoke Rule 4(f)(3). But Chunghwa can point to no authority stating that evasion is a requirement under Rule 4(f)(3). In fact, in the LCD Litigation, Judge Illston has repeatedly ordered service on Chunghwa's U.S. attorneys where there was no "evasion of service." *See* Docket No. 1147, #1 at ¶ 7; LCD Litigation Docket Nos. 1657, 1779, 2109, 2532, 2539, 2584, 2747, 2748, 2825, 3079, 3217, 3345, 3394, 3443, 3654, 3655, 4785, 4797 & 4798. As binding authority in this Circuit clearly states, a plaintiff is only required to demonstrate that "the facts and circumstances of its case necessitate[] the district court's intervention," not that an "emergency" exists or that defendant engaged in evasive behavior. *See Rio Props.*, 284 F.3d at 1015-16.

---

[2] Nor is Chunghwa's citation to the Advisory Committee Notes to Rule 4(f)(3) persuasive. The portion of the Notes Chunghwa relies upon involves a hypothetical concerning the Hague Convention, an international agreement to which Taiwan is not a signatory, and which thus has no application here. *See* Opposition at 3, n.1.

Nor does Rule 4(f)(3) indicate that it is available only after attempting service of process by other means. In the words of the Ninth Circuit:

> [C]ertainly Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means…[and]… service of process under Rule 4(f)(3 is neither a last resort nor extraordinary relief.

*Rio Props.*, 284 F.3d at 1015.

Moreover, to the extent the DAPs were required to show some level of urgency before invocation of Rule 4(f)(3), they have done so. Because the DAPs' cases have been consolidated with other related cases in an MDL proceeding, they are now part of a coordinated discovery schedule. Until the DAPs are able to serve Chunghwa, they cannot coordinate and participate in discovery against Chunghwa with the other plaintiffs. Given that international service in Taiwan will delay the DAPs' commencement of discovery against Chunghwa for many months, the DAPs would be forced to either delay discovery against Chunghwa for all plaintiffs or seek separate discovery from Chunghwa on a different scheduling track.

Chunghwa correctly notes that the DAPs' Motion conflates the costs of the two alternative methods of service on a Taiwanese Defendant. Nevertheless, the quotes provided by Legal Language Services plainly show that the DAPs would have to spend in excess of $71,000 to serve Chunghwa by Letters Rogatory. Docket No. 1147, #1 at ¶¶ 12-14; Exh. 2 [3]. Alternatively, the DAPs would have to spend $36,000 – not including translation costs – to serve Chunghwa through an attorney or agent in Taiwan; and this method of service does not appear viable in any event. Chunghwa did not and cannot dispute that either method would be a tremendous, wasteful, and unnecessary cost that should not be born by the DAPs.

---

[3] The Legal Language Services Estimates for service on Taiwanese Defendants were originally calculated based on serving both LGETT and Chunghwa, but because LGETT is no longer a party to this motion, the DAPs would only have to serve one Defendant in Taiwan. Accordingly, only 50% of the applicable estimate is used here.

### B. Serving Chunghwa's U.S. Counsel Does Not Violate Due Process

Nor do Chunghwa's due process protestations have any merit. Chunghwa does not and can not dispute that it and its counsel have received more than just mere "notice" of this litigation. Rather, both have been active participants. Indeed, Chunghwa has appeared and participated in this MDL through U.S. counsel, Gibson, Dunn & Crutcher ("Gibson Dunn"). Beginning in October 15, 2010, Gibson Dunn has repeatedly appeared as counsel for Chunghwa and provided declarations, joined in motions to file confidential documents under seal, and most recently, joined in motions for preliminary approval of indirect purchaser class action settlements. *See e.g.* Docket Nos. 891, 942, 943, and 960.

### C. BMCC Has Provided No Reason Precluding Service Through Its U.S. Counsel

Unlike Chunghwa, BMCC filed no opposition to the DAPs' motion, but instead had its U.S. counsel (and counsel in this very MDL), Freshfields Bruckhaus Deringer LLP ("Freshfields") send a letter with the Court. In this letter, Freshfields confusingly represents that it "has not been instructed to represent BMCC in the direct action cases or in the actions brought by the state attorneys generals [sic]." (Reply Paul Decl. at ¶ 5, Exh. 1.)

The Freshfields Letter fails to mention that it has been actively representing BMCC in the MDL since July 17, 2008. *See* Docket No. 332. And since then, Freshfields has appeared numerous times as counsel for BMCC including **accepting service of process.** *See* Docket No. 372; *see also* Docket Nos. 400, 463, 479, 485, 546, 551, 555, 614, 618, 667, 677, 678, 780, 813; 858, 936, 975, and 1043.

Freshfields' remaining contentions regarding the business and current state of BMCC are similarly vacuous. Not only are these issues wholly irrelevant to whether service on counsel is proper, but they are supported through solely an attorney's declaration that professes zero personal knowledge and creates no foundation for the facts it purports to assert. The fact that BMCC is a Chinese company is the precise reason why the DAPs are bringing this motion. Counsel's statement that BMCC sold only tubes and not finished products is of no consequence

to the instant motion. In any event, these assertions are made through Ms. Laciak's declaration – a Freshfields attorney and not a BMCC employee – and therefore lack foundation.

## III. CONCLUSION

For these reasons, the Court should grant the DAPs' Rule 4 Motion in all respects.

DATED: May 8, 2012              **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

                                By:   /s/ David Martinez
                                       Roman M. Silberfeld
                                       David Martinez

                                Attorneys for Plaintiffs
                                BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.; and MAGNOLIA HI-FI, INC.

DATED: May 8, 2012              **BOIES, SCHILLER & FLEXNER LLP**

                                By:   /s/ Philip J. Iovieno
                                       William A. Isaacson
                                       Jennifer Milici
                                       Stuart Singer
                                       Philip J. Iovieno
                                       Anne M. Nardacci

                                LIAISON COUNSEL FOR DIRECT ACTION PLAINTIFFS; AND ATTORNEYS FOR PLAINTIFFS ELECTROGRAPH SYSTEMS, INC., ELECTROGRAPH TECHNOLOGIES, CORP., OFFICE DEPOT, INC., COMPUCOM SYSTEMS, INC., INTERBOND CORPORATION OF AMERICA, P.C. RICHARD & SON LONG ISLAND CORPORATION, MARTA COOPERATIVE OF AMERICA, INC., ABC APPLIANCE, INC., SCHULTZE AGENCY SERVICES LLC ON BEHALF OF TWEETER OPCO, LLC, AND TWEETER NEWCO, LLC

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: May 8, 2012 | **CROWELL MORING LLP** |
| 3 | | |
| 4 | | By:   /s/ Jason c. Murray<br>     Jason C. Murray<br>     Jerome (Jerry) A. Murphy |
| 5 | | |
| 6 | | ATTORNEYS FOR PLAINTIFFS<br>TARGET CORP.; SEARS, ROEBUCK AND CO.;<br>KMART CORP.; OLD COMP INC.; AND GOOD<br>GUYS, INC.; RADIOSHACK CORP. |
| 8 | DATED: May 8, 2012 | **LINDQUIST & VENNUM P.L.L.P.** |
| 9 | | |
| 10 | | By:   /s/ Kelly G. Laudon<br>     Jessica L. Meyer (SBN: 249064)<br>     James M. Lockhart (*pro hac vice*)<br>     James P. McCarthy (*pro hac vice*)<br>     Kelly G. Laudon (*pro hac vice*)<br>     Lindquist & Vennum P.L.L.P.<br>     4200 IDS Center<br>     80 South Eighth Street<br>     Minneapolis, MN 55402<br>     Telephone: (612) 371-3211<br>     Facsimile: (612) 371-3207<br>     Email: jmeyer@lindquist.com<br>     Email: jlockhart@lindquist.com<br>     Email: jmccarthy@lindquist.com<br>     Email: klaudon@lindquist.com |
| 17 | | ATTORNEYS FOR PLAINTIFFS JOHN R.<br>STOEBNER, AS CHAPTER 7 TRUSTEE FOR PBE<br>CONSUMER ELECTRONICS, LLC AND RELATED<br>ENTITIES; AND DOUGLAS A. KELLEY, AS<br>CHAPTER 11 TRUSTEE FOR PETTERS COMPANY,<br>INC. AND RELATED ENTITIES, AND AS<br>RECEIVER FOR PETTERS COMPANY, LLC AND<br>RELATED ENTITIES |
| 22 | DATED: May 8, 2012 | **PERKINS COIE LLP** |
| 23 | | |
| 24 | | By:   /s/ David J. Burman<br>     David J. Burman<br>     Nick Hesterberg<br>     Euphemia N. Thomopulos |
| 26 | | **ATTORNEYS FOR PLAINTIFF<br>COSTCO WHOLESALE CORPORATION** |

DATED: May 8, 2012                    **SUSMAN GODFREY L.L.P.**

                                     By:   /s/ H. Lee Godfrey
                                           H. Lee Godfrey
                                           Kenneth S. Marks
                                           David Peterson
                                           Jonathan J. Ross
                                           Parker C. Folse, III
                                           Rachel S. Black

                                         ATTORNEYS FOR PLAINTIFFS
                                         ALFRED H. SIEGEL, AS TRUSTEE OF THE
                                         CIRCUIT CITY STORES, INC. LIQUIDATING
                                         TRUST

      Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this document has been obtained from the Direct Action Plaintiffs.