Mario N. Alioto (56433)
Lauren C. Russell (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:    (415) 563-7200
Facsimile:    (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel for Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-SC |
| | MDL No. 1917 |
| This Document Relates to: ALL INDIRECT-PURCHASER ACTIONS | **NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE REGARDING FINDING OF CIVIL CONTEMPT AND AWARD OF SANCTIONS AGAINST OBJECTOR SEAN HULL; MEMORANDUM IN SUPPORT THEREOF** |
| | Date:    July 9, 2012
Time:    10:00 A.M.
Location: JAMS: Two Embarcadero Center, Suite 1500
Judge:    Hon. Samuel Conti
Special Master: Hon. Charles A. Legge (Ret.) |

---

NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE REGARDING FINDING OF
CIVIL CONTEMPT AND AWARD OF SANCTIONS AGAINST OBJECTOR SEAN HULL; MEMORANDUM
IN SUPPORT THEREOF - Master File No. CV-07-5944-SC, MDL No. 1917

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND COUNSEL OF RECORD, PLEASE TAKE NOTICE** that, on July 9, 2012, at 10:00 A.M., or as soon thereafter as the Court deems appropriate and the Court's calendar permits, before Special Master Charles A. Legge, JAMS, Two Embarcadero Center, Suite 1500, San Francisco, California, Indirect-Purchaser Plaintiffs ("IP Plaintiffs") will and hereby do move, pursuant to 18 U.S.C. section 401 and Federal Rules of Civil Procedure 26, 30, 37, and 45, for an Order finding Objector Sean Hull ("Hull") in civil contempt and sanctioning him for his failure to comply with the Court's April 16, 2012 Amended Order Granting IP Plaintiffs' Motion to Compel Discovery from Objector Sean Hull ("Order") (ECF No. 1155).

IP Plaintiffs request that the Court issue an order to show cause, directed to Hull, as to why he should not be found in civil contempt and sanctioned. This motion is made on grounds that (1) the Court ordered Hull, who filed a settlement objection and voluntarily injected himself into these proceedings, to appear for a deposition by May 11, 2012; and (2) despite the Court's Order, Hull has refused to appear for any such deposition and has provided no valid excuse or justification for his violation of the Court's Order. This motion is based upon this Notice and Motion, the Memorandum of Law contained herein, the supporting Declaration of Christopher T. Micheletti in Support of Motion For an Order to Show Cause Regarding Finding of Civil Contempt and Award of Sanctions Against Objector Sean Hull ("Micheletti Contempt Decl."), and such other arguments that may be presented to the Court.

///
///
///
///
///
///
///

## MEMORANDUM OF LAW

### STATEMENT OF ISSUE TO BE DECIDED

Whether Hull should be found to be in civil contempt and sanctioned for his failure to comply with the direct, specific, and definite Order of the Court.

### INTRODUCTION

IP Plaintiffs served discovery on objector Hull to obtain relevant information regarding: his alleged standing as a Settlement Class member to assert an objection, the underlying bases for his objection, and his relationship with "professional" or "serial" objector counsel who is believed to be truly behind the objection. Hull has refused to appear for his deposition or produce relevant documents, and IP Plaintiffs moved to compel that discovery from him. This Court granted that motion and ordered Hull to appear for a deposition and produce documents by May 11, 2012. Hull has violated the Court's Order and continues to refuse to appear for a deposition or produce documents. He has further failed to provide any valid reason or justification for not appearing for a deposition or producing documents. For the reasons set forth below, the Court should issue an order to show cause directed to Hull as to why he should not be found in civil contempt for his failure to comply with this Court's Order, and/or sanction him by ordering that he pay IP Plaintiffs' attorneys' fees and expenses incurred as a result of his non-compliance.

### STATEMENT OF FACTS

IP Plaintiffs have sought the deposition of and document discovery from Hull since February 8, 2012. *See* Order at 2. IP Plaintiffs' efforts to obtain this discovery have been set forth in detail in their Motion to Compel Discovery from Objector Sean Hull and supporting papers,[1] and for brevity, will not be repeated here. In sum, after Hull attempted to evade service,

---

[1] Motion to Compel Discovery from Objector Sean Hull (ECF No. 1089-1); Micheletti Declaration in support thereof (ECF No. 1089-2). These papers are incorporated herein by this reference.

and after IP Plaintiffs incurred significant costs and expenses in serving him[2] and traveling to Denver for a duly noticed deposition at which Hull failed to appear, IP Plaintiffs moved to compel that discovery. *See supra* note 1. Hull opposed the motion (*see* Order at 1), and on April 16, this Court granted IP Plaintiffs' motion, ordering that:

> [O]bjector Sean Hull shall appear for a deposition not to exceed four hours in length, on or before May 11, 2012 (or by such other date as may be agreed to by IP Plaintiffs and Hull), in Denver, Colorado (or at such other location as may be agreed to by IP Plaintiffs and Hull).… Hull shall also produce the documents requested in IP Plaintiffs' Attachment A, Requests For Production, attached to their subpoena two days prior to the deposition (or at such other time as may be agreed to by IP Plaintiffs and Hull).

Order (ECF No. 1155) at 5-6.

On April 16, 2012, shortly after entry of the Court's Order, IP Plaintiffs' Counsel served Hull with a copy of the Order by email as well as by overnight FedEx to the addresses listed on his objection (Hull has also used the same email address to communicate with IP Plaintiffs' Counsel on multiple occasions). Micheletti Contempt Decl. ¶ 2, Exs. 1, 2 (ECF No. 1157). In the email communication, IP Plaintiffs' Counsel requested that Hull "please immediately provide me with a proposed date or alternative dates for your deposition and document production between now and May 11, 2012." Micheletti Contempt Decl. Ex. 1. On April 26, IP Plaintiffs' Counsel followed up this email by sending Hull a written letter, enclosing a copy of the email and Order, and stating, "you have provided no response to the email. As such, we assume you do not intend to comply with the order." *Id.* at ¶ 3, Ex. 3.

As of the date of this motion, Hull has still not responded to any of IP Plaintiffs' Counsel's communications, and he did not make himself available for a deposition by the Court's deadline of May 11. *Id.* at ¶ 4.

---

[2] Despite Hull's efforts at evasion, the Court determined that IP Plaintiffs "successfully served" Hull with a subpoena, a copy having been delivered "in compliance with Fed. R. Civ. Proc. 45(b)(1)." Order at 2 & n.1.

1    IP Plaintiffs' Counsel have devoted well over ten hours to preparation of this motion and
2 communications with Hull in efforts to obtain Hull's compliance with the Court's Order.  In
3 connection with pursuing this discovery from Hull, IP Plaintiffs' Counsel have also spent well
4 over ten additional hours of work on preparation and service of the subpoenas, preparation of
5 communications with Hull in an effort to obtain the requested discovery, and preparation of the
6 motion to compel.  While IP Plaintiffs' Counsel's fees for such work significantly exceed
7 $10,000, solely for purposes of this motion, IP Plaintiffs limit their request for fees to $5,000.  IP
8 Plaintiffs' Counsel also incurred travel, lodging and other costs in the amount of $1,166.95 to
9 travel to Denver for the deposition at which Hull failed to appear.  *See id.* at ¶ 5, Exs. 4-5.

## ARGUMENT

### I.   THE APPLICABLE LEGAL STANDARDS

As expressly provided by title 18 U.S.C. section 401, "A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as … (3) [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."  18 U.S.C. § 401.  Encompassed within this statute is a district court's power to enter a finding of civil contempt due to non-compliance with its orders.  *Britton v. Co-op Banking Group,* 916 F.2d 1405, 1409 n.4 (9th Cir. 1990); *Dusa Pharmaceuticals, Inc. v. Skin Deep*, CIV-F-05-1482A, 2007 WL 1201647, at *1 (E.D. Cal. Apr. 23, 2007); *see also Hook v. State of Ariz.*, 907 F. Supp. 1326, 1339-40, & n.24 (D. Ariz. 1995).

In addition to this clear statutory authority, a court's power of civil contempt is also "regarded as an 'inherent' power that is 'necessary to the exercise of all others.'"  *E-Smart Technologies, Inc. v. Drizin*, CIV. 3:06-05528 MHP, 2011 WL 1884195, at *2 (N.D. Cal. May 18, 2011) (Shubb, J.) (quoting *Int'l Union, United Mine Workers of Am. v. Bagwell,* 512 U.S. 821, 831 (1994)); *see also F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) ("All federal courts are vested with inherent powers enabling them to … ensure obedience to their orders.").  Thus, "[a] district court has the power to adjudge in civil contempt *any person who* [] *disobeys a specific and definite order of the court*." *Gifford v.*

*Heckler,* 741 F.2d 263, 265 (9th Cir. 1984) (emphasis added); *see also Aguilar v. Cty. of Fresno*, No. 1:08-cv-1202 AWI GSA, 2010 WL 1173014, at *2 (E.D. Cal. Mar. 23, 2010).

Moreover, it is axiomatic that a non-party's failure to comply with a court order mandating attendance at a deposition without adequate excuse constitutes contempt of court under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(b)(1), 45(e); *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983) (imposing sanctions under Rule 45(e) for failure to comply with court order requiring compliance with a subpoena); *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 531 (9th Cir. 1983) ("a deponent who fails to be sworn or answer after being directed to by the court may be held in contempt" under Rule 37(b)(1)); *Gen. Ins. Co. of Am. v. E. Consol. Util., Inc.*, 126 F.3d 215, 220 (3d Cir. 1997) ("Rule 37(b)(1) provides [an] appropriate means to sanction a nonparty" for failure to appear at a deposition.)[3]

"Intent is not an issue in civil contempt proceedings. The sole question is whether a party complied with the district court's order." *Donovan v. Mazzola,* 716 F.2d 1226, 1240 (9th Cir. 1983) (internal citations omitted); *E-Smart Technologies*, 2011 WL 1884195, at *2. Further, "[a] district court has wide latitude in determining whether there has been a contemptuous

---

[3] This authority is supplemental to the Court's statutory and inherent power to find civil contempt for non-compliance with any of its orders. *See supra*. Further, because these cases have been coordinated in the Northern District of California by the Judicial Panel on Multidistrict Litigation, the subpoena at issue is properly enforced in this court. It is well settled that the enforcement of a third-party subpoena by the transferee MDL court is proper. *See In re Napster, Inc. Copyright Litig.*, No. C MDL-00-1369 MHP, 2006 U.S. Dist. LEXIS 5748, at *10 (N.D. Cal. Feb. 15, 2006) ("Courts considering the question have uniformly held that the MDL judge may enforce a deposition subpoena issued in another district, including a subpoena duces tecum."); *In re Welding Rod Prods. Liability Litig.*, 406 F. Supp. 2d 1064, 1067 (N.D. Cal. 2005) (finding referral of discovery dispute to MDL-transferee court was proper where the MDL action was complex, and the assigned judge was "readily familiar with the underlying issues" and spent "considerable time and effort coordinating the pretrial proceedings"); *In re Asbestos Prods. Liability Litig.*, 256 F.R.D. 151, 154 (E.D. Pa. 2009) (holding MDL-transferee court had jurisdiction to address motions to compel compliance with subpoenas and to quash subpoenas); 28 U.S.C. 1407(b) (granting transferee court ability to "exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings.").

defiance of one of its orders." *Aguilar*, 2010 WL 1173014, at *2 (citing *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992)).

The moving party bears the initial burden of establishing "by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). The burden then shifts to the contemnor to demonstrate that he or she "took every reasonable step to comply," and to articulate why compliance was "not possible." *Aguilar*, 2010 WL 1173014, at *3. Relevant factors the court may consider include: (1) history of noncompliance; and (2) failure to comply despite pendency of a contempt motion. *Id.*

Civil contempt sanctions "may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Bagwell*, 512 U.S. at 827. Such sanctions may either (1) coerce the defendant into compliance with the court's order; or (2) "compensate[] the complainant for losses sustained." *Id.* at 829; *accord United States v. Bright,* 596 F.3d 683, 695–96 (9th Cir. 2010) ("Civil contempt is characterized by the court's desire to compel obedience to a court order or to compensate the contemnor's adversary for the injuries which result from the noncompliance."). When a contempt order is issued to obtain compliance, "the court must 'consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *Aguilar*, 2010 WL 1173014, at *3. Courts have found payment of expenses and attorneys' fees caused by noncompliance (*Gen. Ins. Co. of Am.*, 126 F.3d at 220), per diem fines (*FTC v. Productive Mktg. Inc.*, 136 F. Supp. 2d 1096, 1112 (C.D. Cal. 2001)), and incarceration (*Aguilar*, 2010 WL 1173014, at *4) appropriate to compel compliance.

**II.    BECAUSE HULL HAS BLATANTLY DISREGARDED THIS COURT'S ORDER, THE COURT SHOULD ISSUE AN ORDER TO SHOW CAUSE WHY HE SHOULD NOT BE FOUND IN CONTEMPT AND WHY SANCTIONS SHOULD NOT BE AWARDED TO IP PLAINTIFFS**

Here, the Court unequivocally ordered Hull to appear for a deposition "on or before May 11, 2012," and provide the requested documents "two days prior to the deposition." Order at 5-6. Not only has Hull plainly failed to do so, or offered any valid justification for his non-

compliance, he wholly refused to communicate with IP Plaintiffs' Counsel after being served with the Court's Order, notwithstanding the fact that he actively opposed IP Plaintiffs' motion for the issuance of that Order.  Micheletti Contempt Decl. ¶ 4; Order at 1.

As this Court has already recognized, this is not the first instance of evasive, dilatory, and contemptuous conduct by Mr. Hull since he injected himself into these proceedings.  The Court found that Hull previously "sought to evade the discovery and service," including by "running into his house and not answering the door" after being approached by a process server and verbally verifying his identity as Sean Hull.  Order at 2 & n.1.  Further, despite making no objections to the subpoena he was served with, Hull refused to comply with that subpoena—an act that itself constitutes contempt of court.  *Id.* at 2; Fed. R. Civ. P 45(d)-(e).  After receiving numerous and explicit requests from IP Plaintiffs' Counsel, Hull refused to communicate whether he intended to comply with the subpoena—causing IP Plaintiffs' Counsel to needlessly travel to Denver for a duly noticed deposition on March 6 for which Hull in fact never intended to appear.  Order at 2 & n.2; Micheletti Contempt Decl. Ex. 5.

As the Court also acknowledged, there is a significant likelihood that Hull is not at all a *pro se* objector as he has represented to the Court, but is instead acting as a surrogate for attorney-in-hiding Christopher Bandas—a "professional" or "serial" objector that has been excoriated by numerous courts for his conduct in attempting to "hijack" settlements "from deserving class members and dedicated, hard working counsel," solely to "extort money from the Class and/or Class Counsel."  Order at 4 and n.4.  In response to IP Plaintiffs' motion to compel laying out facts indicating such a relationship, Hull did "not dispute" any of those facts or arguments, which remained "unopposed."  *Id.* at 4.  Now, his continued refusal to obey Court orders and subpoenas that seek to discover the legitimacy of his objection and his connection to Mr. Bandas only further confirm that Hull is likely engaging in underhanded and deceitful conduct toward the Court, the Class, and these proceedings.

Enough is enough.  Mr. Hull has intentionally violated a direct, specific, and lawful order of the Court to appear for a deposition.  He has caused IP Plaintiffs to incur well over $10,000 in

attorneys' fees and $1,166.95 in costs in connection with pursuing this discovery and enforcing the Court's Order to protect the Class and the integrity of these proceedings. Micheletti Contempt Decl. ¶ 5, Exs. 4-6. Nonetheless, IP Plaintiffs only seek sanctions in the amount of $5,000 in attorney's fees and $1,166.95 in costs from Hull as compensation for the losses sustained as a result of his inexcusable conduct.

## CONCLUSION

For all of the foregoing reasons, IP Plaintiffs respectfully request that the Court issue an order requiring Hull to show cause why he should not be found in civil contempt and sanctioned in the amount sought by IP Plaintiffs for his failure to comply with the Court's Order.

Respectfully submitted,

Dated: May 18, 2012

By: _/s/ Mario N. Alioto_

MARIO N. ALIOTO (56433)
LAUREN C. RUSSELL (241151)
**TRUMP, ALIOTO, TRUMP & PRESCOTT LLP**
2280 Union Street
San Francisco, CA 94123
Telephone:    (415) 563-7200
Facsimile:     (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel for Indirect-Purchaser Plaintiffs*

#3232796v3

NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE REGARDING FINDING OF CIVIL CONTEMPT AND AWARD OF SANCTIONS AGAINST OBJECTOR SEAN HULL; MEMORANDUM IN SUPPORT THEREOF - Master File No. CV-07-5944-SC, MDL No. 1917