Mario N. Alioto (56433)
Lauren C. Russell (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:   (415) 563-7200
Facsimile:   (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel for Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT-PURCHASER ACTIONS | **DECLARATION OF CHRISTOPHER T. MICHELETTI IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE REGARDING FINDING OF CIVIL CONTEMPT AND AWARD OF SANCTIONS AGAINST OBJECTOR SEAN HULL**<br><br>Date:   July 9, 2012<br>Time:   10:00 AM<br>Location:   JAMS: Two Embarcadero Center, Suite 1500<br>Judge:   Hon. Samuel Conti<br>Special Master: Hon. Charles A. Legge (Ret.) |

I, Christopher T. Micheletti, declare:

1. I am a member in good standing of the State Bar of California and am a member of the firm Zelle Hofmann Voelbel & Mason LLP, one of the firms representing the Indirect Purchaser Plaintiffs ("IP Plaintiffs") in this case. I am duly licensed to practice before the Supreme Court of the State of California and all other inferior courts of this State. I am admitted to practice before the United States Supreme Court, the Court of Appeals for the Sixth, Seventh and Ninth Circuits, and the Federal District Court for the Northern District of California. This Declaration is based on personal knowledge, and if called to testify, I could and would do so competently as to the matters set forth herein. I submit this declaration in support of Indirect Purchaser Plaintiffs' Motion for an Order to Show Cause Regarding Finding of Civil Contempt and Award of Sanctions Against Objector Sean Hull.

2. On April 16, 2012, shortly after the entry on the same day of the Court's Order Granting Indirect Purchaser Plaintiffs' Motion to Compel Discovery from Objector Sean Hull (the "Order"), I served Hull with a copy of the Order by email to the email address listed on his objection. Hull has used the same email address to communicate with IP Plaintiffs Counsel on numerous other occasions. Attached hereto as Exhibit 1 is a true and correct copy of the email I sent to Hull. In addition, Hull was sent a copy of the Order via overnight FedEx to the mailing address listed on Hull's objection letter. Attached hereto as Exhibit 2 is a true and correct copy of the Certificate of Service, which was filed with the Court on April 17, 2012 (ECF No. 1157), and verifies that Hull was served with copies of the Court's Order by the aforementioned methods.

3. By April 26, Hull had not responded to my request for a deposition date. As a result, on that day, I sent him a written letter via FedEx to the mailing address listed on his objection. A true and correct copy of this letter is attached hereto as Exhibit 3.

4. As of the date of this declaration, Hull has still not responded to any of my communications to him, nor has he made himself available for a deposition by May 11, 2012 as required by the Court's Order.

---

1

DECLARATION OF CHRISTOPHER T. MICHELETTI IN SUPPORT OF MOTION FOR AN ORDER TO SHOW CAUSE REGARDING FINDING OF CIVIL CONTEMPT AND AWARD OF SANCTIONS AGAINST OBJECTOR SEAN HULL - Master File No. CV-07-5944-SC, MDL No. 1917

5. I and an associate at our firm have devoted well over ten hours in preparation of communications with Hull in an effort to obtain his compliance with this Order and in preparation of this motion to enforce the Court's Order. Our fees for such work significantly exceed $5,000. I have also devoted well over ten additional hours of work in connection with pursuing this discovery from Hull, including on preparation and service of subpoenas, preparation of communications with Hull in an effort to obtain the requested discovery and compliance with the subpoenas, and preparation of the motion to compel. My fees for this work significantly exceed $5,000. We also incurred costs in the amount of $1,166.95 for me to travel to Denver for the deposition of Hull noticed for March 6, 2012 pursuant to a subpoena served on Hull, but for which Hull failed to appear. Attached hereto as Exhibit 4 are true and correct copies of invoices reflecting these travel costs. Attached hereto as Exhibit 5 is the transcript of the March 6 deposition, evidencing Hull's failure to appear at that deposition.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing statements of fact are true and correct.

Executed this 18th day of May, 2012 in San Francisco, California.

*/s/ Christopher T. Micheletti*
Christopher T. Micheletti