**EXHIBIT 5**



AGREN BLANDO COURT REPORTING & VIDEO INC.

1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

Case No. CV-07-5944-SC

---

DEPOSITION OF SEAN HULL

March 6, 2012

---

IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

---

APPEARANCES:

    ZELLE HOFMANN VOELBEL & MASON
        By Christopher T. Micheletti, Esq.
           44 Montgomery Street, Suite 3400
           San Francisco, California 94104
            Appearing on behalf of Indirect
            Purchaser Plaintiffs


    LAW OFFICE OF JOSEPH M. PATANE
        By Joseph M. Patane, Esq.
           2280 Union Street
           San Francisco, California 92143
            Appearing telephonically on behalf of
            Indirect Purchaser Plaintiffs


    GIBSON DUNN & CRUTCHER, LLP
        By Joel Willard, Esq.
           555 Bishop Street
           San Francisco, California 94105
            Appearing telephonically on behalf of
            Chung Hwa Picture Tubes Limited


    WHITE & CASE, LLP
        By Dana Foster, Esq.
           701 13th Street NW
           Washington, DC 20005
            Appearing telephonically on behalf of
            Toshiba

Court Reporting  Videography  Digital Reporting  Transcription  Scanning  Copying
Denver (303) 296 - 0017  Boulder (303) 443 - 0433  Colorado Springs (719) 635 - 8328  Greeley (970) 356 - 3306

AGREN BLANDO COURT REPORTING & VIDEO INC.

2

```
 1    APPEARANCES CONTINUED:

 2
          BAKER BOTTS, LLP
 3            By Charles Malaise, Esq.
              1299 Pennsylvania Avenue NW
 4            Washington, DC 20004
                Appearing telephonically on behalf of
 5            The Phillips Defendants

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

AGREN BLANDO COURT REPORTING & VIDEO INC.

3

```
 1            Pursuant to Notice and the Federal Rules of
 2    Civil Procedure, the deposition of SEAN HULL, called
 3    by Plaintiffs, was noticed for Tuesday, March 6,
 4    2012, commencing at 10:21 a.m., at 1525 17th Street,
 5    2nd Floor, Denver, Colorado, before Barbara J.
 6    Castillo, Registered Merit Reporter, Certified
 7    Realtime Reporter and Notary Public within and for
 8    the State of Colorado.
 9
10                        I N D E X
11
12
13    EXHIBIT         DESCRIPTION                    INITIAL
                                                     REFERENCE
14
15    Exhibit 1    Subpoena to Testify at a             4
                   Deposition in a Civil Action
16                 issued to Sean Hull
17    Exhibit 2    Affidavit of Service to Sean         4
                   Hull
18
19
20
21
22
23
24
25
```

AGREN BLANDO COURT REPORTING & VIDEO INC.

4

1  P R O C E E D I N G S

2  MR. MICHELETTI: This is Chris Micheletti,

3  counsel for the indirect purchaser plaintiffs in the

4  Cathode Ray Tube antitrust litigation. I'm here at

5  the deposition location for the deposition of Sean

6  Hull. Any counsel who are on the phone, can you just

7  go ahead and state your appearances.

8  MR. PATANE: Joseph Patane, P-a-t-a-n-e.

9  I'm counsel for indirect purchaser plaintiffs.

10  MR. WILLARD: Joel Willard, W-i-l-l-a-r-d,

11  counsel for Chung Hwa Picture Tube.

12  MR. FOSTER: Dana Foster, F-o-s-t-e-r,

13  counsel for the Toshiba defendants.

14  MR. MALAISE: Charles Malaise,

15  M-a-l-a-i-s-e, counsel for Phillips defendants.

16  MR. MICHELETTI: Okay. Any other counsel?

17  Let's go ahead and mark the as Exhibit 1 and the

18  affidavit of service Exhibit 2.

19  (Exhibit Numbers 1 and 2 were marked.)

20  MR. MICHELETTI: Just for the record, I've

21  marked the subpoena that was served on Mr. Hull on

22  February 26th. He was served on that date as

23  reflected in the affidavit of service. During the

24  week I attempted to confirm his attendance or

25  nonattendance in written form on several occasions.

Court Reporting  Videography  Digital Reporting  Transcription  Scanning  Copying
Denver (303) 296 - 0017 Boulder (303) 443 - 0433 Colorado Springs (719) 635 - 8328 Greeley (970) 356 - 3306

AGREN BLANDO COURT REPORTING & VIDEO INC.

5

1  I did not receive any response from Mr. Hull.  He did
2  not indicate that he was not going to comply with the
3  subpoena.  It is now 10:22.  The deposition was
4  noticed for 10:00 a.m. today, and that was the date
5  and time reflected in the subpoena.  Mr. Hull is not
6  here and has not -- we have no indication that he's
7  going to arrive, so I'm just making a record of his
8  non-appearance.  Let's go off on the record.
9            (The proceedings concluded at 10:24 a.m.
10           on March 6, 2012.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Court Reporting   Videography   Digital Reporting   Transcription   Scanning   Copying
Denver (303) 296 - 0017  Boulder (303) 443 - 0433  Colorado Springs (719) 635 - 8328  Greeley (970) 356 - 3306

AGREN BLANDO COURT REPORTING & VIDEO INC.

6

```
1    STATE OF COLORADO)
2                     )  ss.        REPORTER'S CERTIFICATE
3    COUNTY OF DENVER )
4              I, Barbara J. Castillo, do hereby certify
5    that I am a Registered Merit Reporter, Certified
6    Realtime Reporter and Notary Public within and for
7    the State of Colorado.
8              I further certify that these proceedings
9    were taken in shorthand by me at the time and place
10   herein set forth, that it was thereafter reduced to
11   typewritten form, and that the foregoing constitutes
12   a true and correct transcript.
13             I further certify that I am not related to,
14   employed by, nor of counsel for any of the parties or
15   attorneys herein, nor otherwise interested in the
16   result of the within action.
17             In witness whereof, I have affixed my
18   signature and seal this 15th day of March, 2012.
19             My commission expires January 5, 2013.
20
21                     _____
22                     Barbara J. Castillo, RMR, CRR
                       216 - 16th Street, Suite 650
23                     Denver, Colorado  80202
24
25
```

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Colorado

| Cathode Ray Tube (CRT) Antitrust Litigation | ) | |
|---|---|---|
| | ) | Civil Action No.  07-CV-05944-SC; MDL No. 1917 |
| This Document Relates to: | ) | |
| All Indirect Purchaser Actions | ) | (If the action is pending in another district, state where: |
| | ) | Northern District of California            ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Sean Hull
    7890 Witney Place, Lone Tree, CO 80124

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Berg Hill Greenleaf & Ruscitti LLP<br>1525 17th Street<br>Denver, CO 80202 | Date and Time:<br>03/06/2012 10:00 am |
|---|---|

The deposition will be recorded by this method: __Court Reporter__

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   02/23/2012

    *CLERK OF COURT*
                                                            OR  /s/ signature
    _____                            _____
    Signature of Clerk or Deputy Clerk                          Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Indirect-Purchaser Plaintiffs
_____, who issues or requests this subpoena, are:

Christopher T. Micheletti, Esq.
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery St., Suite 3400, San Francisco, CA 94104; cmicheletti@zelle.com; (415) 693-0700



DEPOSITION EXHIBIT 1
3-6-12
AGREN BLANDO REPORTING

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 07-CV-05944-SC; MDL No. 1917

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

### DEFINITIONS

1. The term "YOU" (and "YOUR") refers to the above-named deposition witness.

2. The term "DOCUMENT" has the meaning set forth in Federal Rule of Civil Procedure 34(a), and specifically embraces the original, an identical copy if the original is not available, non-identical copies (whether different from the original because of notes made thereon or otherwise) of the documents described in these requests, documents in electronic form (including e-mails), electronically stored information, and photographs. DOCUMENTS shall further include ALL drafts of DOCUMENTS defined above.

3. The term "COMMUNICATION" means any transmission or exchange of information between two or more persons, orally or in writing, and includes, without limitation, any conversation or discussion whether face-to-face or by means of telephone, telegraph, telex, telecopier, electronic or "e-mail," or other media, and the circumstances by which YOU came into possession of the document evidencing the communication.

4. The terms "AND" and "OR" are to be considered both conjunctively and disjunctively. The singular form of a noun or pronoun includes the plural form and vice versa. The word "ALL" also includes "EACH" and vice versa. "ANY" is understood to include and encompass "ALL."

5. The terms "RELATING TO" and "IN RELATION TO" shall mean, in whole or in part, discussing, describing, pertaining to, deriving from, arising from, resulting from, referring or alluding to, reflecting, containing, analyzing, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, or concerning.

6. The terms "REPRESENT" and "REPRESENTATION" shall mean the provision of legal advice or counsel, appearance in a legal matter, or the preparation of legal instruments, including with respect to the preparation of any OBJECTION, DOCUMENTS, legal pleadings, arguments, settlements, or settlement negotiations.

1

ATTACHMENT A TO INDIRECT PURCHASER PLAINTIFFS' NOTICE OF DEPOSITION

7. The term "OBJECTION" shall mean any legal filings or pleadings opposing a proposed or existing class action settlement or an award of attorneys' fee and costs in a class action case.

8. The term "PERSON" shall mean any natural person, firm, association, organization, partnership, corporation, joint venture, trust or public entity.

9. The term "CRT ANTITRUST LITIGATION" shall mean the Indirect Purchaser actions in the matter entitled *In Re: Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. CV-07-5944-SC, MDL No. 1917, pending in the U.S. District Court for the Northern District of California.

## INSTRUCTIONS

1. The DOCUMENTS to be produced pursuant to these requests specifically embrace, in addition to documents within YOUR possession, custody or control, documents within the possession, custody or control of YOUR agents or representatives, including YOUR attorneys.

2. Unless otherwise specified, the relevant time period for these requests is from March 1, 1995 to the present.

3. In accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, if ANY document responsive to these Requests is withheld based upon a claim of privilege OR trial preparation material, state separately for each such document, in addition to ANY other information requested: (a) the nature of the privilege claimed; (b) its date; (c) its author; (d) its addressees, if ANY; (e) the title OR position of its author, as well as the author's addressees); (f) the type of document (e.g., letter, memorandum, electronic mail, report, recording disc, etc.); (g) its title AND general subject matter (without revealing the information as to which the privilege is claimed); AND (h) with sufficient specificity to permit the Court to make a full determination as to whether the claim of privilege is valid, the factual basis on which YOU claim such privilege.

2

ATTACHMENT A TO INDIRECT PURCHASER PLAINTIFFS' NOTICE OF DEPOSITION

## REQUESTS FOR PRODUCTION

1. All DOCUMENTS supporting YOUR OBJECTION filed in the CRT ANTITRUST LITIGATION, including those supporting YOUR assertion that YOU are a member of the Settlement Class in the CRT ANTITRUST LITIGATION.

2. All DOCUMENTS RELATING TO any COMMUNICATION with any PERSON (including but not limited to Christopher Bandas or any other attorney) RELATING to the CRT ANTITRUST LITIGATION.

3. All DOCUMENTS RELATING TO the REPRESENTATION of YOU by any PERSON IN RELATION TO the CRT ANTITRUST LITIGATION.

4. All DOCUMENTS RELATING TO agreements between YOU and any other PERSON (including but not limited to Christopher Bandas or any other attorney) IN RELATION TO the CRT ANTITRUST LITIGATION.

5. All DOCUMENTS RELATING TO any OBJECTION filed in any court or proceeding in the last five (5) years by YOU, or by any attorney who is currently involved or associated with the REPRESENTATION of YOU in the CRT ANTITRUST LITIGATION.

6. ALL DOCUMENTS RELATING TO any settlement made IN RELATION TO any OBJECTION (or subsequent appeal) filed in the last five (5) years by YOU, or by any attorney who is currently involved or associated with the REPRESENTATION of YOU in the CRT ANTITRUST LITIGATION.

7. All DOCUMENTS RELATING TO the amount of any monetary compensation received by YOU, or by any attorney who is currently involved or associated with the REPRESENTATION of YOU in the CRT ANTITRUST LITIGATION, for any OBJECTION within in the last five (5) years.

8. All DOCUMENTS RELATING TO changes made to any settlements as a result of any OBJECTION made within the last five (5) years by YOU, or by any attorney who is currently involved or associated with the REPRESENTATION of YOU in the CRT ANTITRUST LITIGATION.

## AFFIDAVIT OF SERVICE

| County | Court | Case # 07 CV 05944-SC,MDL | Reference # |
|---|---|---|---|
| Plaintiff(s) CATHODE RAY TUBE (CRT) ANTITRUST | | Defendant(s) | |
| Received by Veracity IPS | | For CLT Professional Service | |
| To be served upon SEAN HULL | | | |

I, Cindy Jones, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein:

**Recipient Name & Address:** SEAN HULL 7890 WITNEY PLACE LONETREE, CO 80124

**Manner of Service:** Personal/Individual on Sun, Feb 26 2012 at 06:35PM

**Documents:** Subpoena to testify at a deposition for Cathode Ray Tube (CRT) Antitrust

**Additional Comments:** Unsuccessful Attempt 1 Feb 10, 2012 06:30 PM at 7890 WITNEY PLACE LONETREE, CO 80124
No answer, no cars in driveway

Unsuccessful Attempt 2 Feb 10, 2012 07:47 PM at 7890 WITNEY PLACE LONETREE, CO 80124
No answer at front door

Unsuccessful Attempt 3 Feb 10, 2012 08:15 PM at 7890 WITNEY PLACE LONETREE, CO 80124
No answer

Unsuccessful Attempt 4 Feb 10, 2012 09:05 PM at 7890 WITNEY PLACE LONETREE, CO 80124
No answer, dark inside, no lights on

Unsuccessful Attempt 5 Feb 11, 2012 08:35 AM at 7890 WITNEY PLACE LONETREE, CO 80124
Talked to Mrs Hull, Sean Hulls wife. She stated that he was out with friends and would not be back until late that night. I left her my card. She said if he did not get in to late she would have him call me. Otherwise I might be able to reach him in the morning (Sunday). She also stated that Sean Hull would be leaving out of town Monday morning and would be gone for two weeks. He would be home for the week of Feb. 27th and then would be going out of town for again for one week.

Unsuccessful Attempt 6 Feb 12, 2012 08:00 AM at 7890 WITNEY PLACE LONETREE, CO 80124
No one answered at front door. No cars parked in driveway

Unsuccessful Attempt 7 Feb 12, 2012 07:30 PM at 7890 WITNEY PLACE LONETREE, CO 80124
Car parked in driveway. Infinity - blue - plate#175TIK
Knocked on door, seen dog thru glass on side of front door. The dog started barking. I could hear a man inside yelling at the dog to be quiet. I continued to knock harder, could still hear people inside and see lights on also. No one would answer the door.

Unsuccessful Attempt 8 Feb 13, 2012 06:30 AM at 7890 WITNEY PLACE LONETREE, CO 80124
Car, Infinity, was no longer parked in driveway. Knocked on front door, no one answered door.

Unsuccessful Attempt 9 Feb 14, 2012 10:03 AM at 8350 W CRESCENT PKWY GREENWOOD VILLAGE CO
Went to his place of employment at Verison Telecom at 8350 E Crescent Parkway #400 Greenwood Village, Colorado. Talked to person at the front desk. I asked if Sean Hull was in. She stated that he was out of town and was due back on Feb. 24th.

Unsuccessful Attempt 10 Feb 24, 2012 03:09 PM at 8350 E CRESCENT PRKWY GREENWOOD VILLAGE, CO
Went to Sean Hulls place of employment at Verizon Telecom, asked for Sean Hull and was told he was not in but should be there on Monday, Feb. 27th

Hull
**DEPOSITION EXHIBIT** 2
3-4-12 ØJC
AGREN BLANDO REPORTING

Unsuccessful Attempt 11 Feb 25, 2012 10:11 AM at 7890 WITNEY PLACE LONETREE, CO 80124
Went to his home. His car was not parked in driveway. No answer

Unsuccessful Attempt 12 Feb 25, 2012 03:00 PM at 7890 WITNEY PLACE LONETREE, CO 80124
No cars in driveway, no answer at door

Successful Attempt 13 Feb 26, 2012 06:35 PM at 7890 WITNEY PLACE LONETREE, CO 80124 received by SEAN HULL described as "MALE-5'11" - 175 LBS GREY/BLOND HAIR"
Went by his home observed that the garage door was open. Two cars were parked inside garage, neither of them were the blue Infinity. I parked my vehicle on the other side of his street and one house down. With in 10 minutes I observed Sean Hulls blue Infinity turn onto Witney Place and pull into his driveway. I jumped out of my vehicle and yelled "Sean" "Sean Hull"!! The man turned to me and said "Yes". As I proceeded to walk toward him, he turned away and very quickly ran into his garage and closed the overhead garage door. I attempted to run to garage before the door closed but was unsuccessful. I then went to the front door and knocked loudly. No one would answer the door. I knocked several times, but no answer. At that time I called Christopher Lacy from CLT for further instructions. I was informed to serve him by refusal. I again went up to front door and knocked loudly then stated in a loud voice " Mr. Sean Hull you are being served a subpoena to testify at a deposition for March 6th, 2012. I am placing a copy at your front door and also on the windshield of your Infinity car parked in front. I then proceeded to my vehicle and left.

Subscribed and sworn to before me by the affiant who is personally known to me.

X _____
Cindy Jones       Date

[Notary seal: LAURA BERRY, NOTARY PUBLIC, STATE OF COLORADO]

Commission Expires 12/15/2015

Cindy Lee Jones
Veracity IPS
4946 S Perry St
Littleton, co 80123
(303) 795-0711

ServeManager Job 39273

My Comm. Expires 12-15-2015
This document was generated by ServeManager.com, a ServeNow.com software solution.
© 2012 ServeNow. All rights reserved.

ServeManager