Mario N. Alioto (56433)
Lauren C. Russell (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:    (415) 563-7200
Facsimile:    (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel for Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-SC<br><br>MDL No. 1917<br><br>**RESPONSE TO OBJECTOR SEAN HULL'S "MOTION TO STAY AND FOR RECONSIDERATION" OF THE COURT'S ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION TO COMPEL DISCOVERY**<br><br>Judge:  Hon. Samuel Conti<br>Special Master: Hon. Charles A. Legge (Ret.) |
| This Document Relates to:<br><br>ALL INDIRECT-PURCHASER ACTIONS | |

In the final days that remained for Objector Sean Hull to comply with the Court's April 16 Amended Order Granting IP Plaintiffs' Motion to Compel Discovery ("Order") (ECF No. 1155), Hull made a last-ditch effort to excuse his willful defiance of the Court's Order by submitting an affidavit and "Motion to Stay and For Reconsideration." While the Court's deadline for Hull to comply with the Order was May 11, Hull waited until May 8 to make this "motion" and let it be known that he "do[es] not intend" to comply with the Court's Order.[1]

His untimeliness and inexcusable delay aside, Hull's motion is facially improper for multiple, fatal reasons. Foremost, a motion for reconsideration cannot be brought in this District unless the movant first obtains leave of Court to file such a motion. N.D. Cal. L.R. 7-9 (a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."). Hull failed to do so.

Second, even had Hull obtained proper leave, he must show (1) that a "material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order"; _and_ (2) "that in the exercise of reasonable diligence the party applying for reconsideration _did not know such fact or law at the time of the interlocutory order_." N.D. Cal. L.R. 7-9 (b)(1) (emphasis added).[2] Hull cannot possibly make this showing. The sole grounds for his motion—that he allegedly was not served with the subpoena and that the process server's affidavit is a "false statement"—would have obviously been known to Hull at the time he opposed IP Plaintiffs' motion to compel, and at the time the Court issued its Order.[3] Yet, he failed to present those alleged facts to the Court. Indeed, Hull never argued in his opposition to

---

[1] Counsel for Indirect Purchaser Plaintiffs ("IP Plaintiffs) did not receive Hull's submission until the afternoon of May 10, and the submission was not filed until May 15, four days after Hull's deadline to produce documents and appear for his deposition. *See* ECF No. 1196.

[2] The circumstances of L.R. 7-9(b)(2) and (3) are inapplicable here, as Hull does not argue either facts or change of law that occurred after the time of the Order, or that that the Court failed to consider arguments previously presented.

[3] The process server's Affidavit of Service was submitted in support of IP Plaintiffs' motion to compel as Exhibit 2 to the Micheletti Declaration (ECF No. 1089-2), and served on Hull at that time (ECF No. 1098).

1
RESPONSE TO OBJECTOR SEAN HULL'S "MOTION TO STAY AND FOR RECONSIDERATION" OF THE COURT'S ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION TO COMPEL DISCOVERY
- Master File No. CV-07-5944-SC, MDL No. 1917

IP Plaintiffs' motion to compel that service of the subpoena was in any way improper or ineffective, and he cannot do so now (more than a month later).[4]

Moreover, while Hull apparently seeks to re-start a game of cat-and-mouse with process servers, he ignores the fact that, in addition to having been "successfully served" with the subpoena by a process server,[5] he was also separately served with it by email, and then by overnight courier, to the addresses he provided to the Court and counsel with his objection.[6] He was then served with the subpoena yet again in connection with IP Plaintiffs' motion to compel, which he responded to and actively opposed before this Court.[7] Hull further does not contest that he was served with the Court's Order (*see* ECF No. 1157), which itself compelled discovery from Hull. There can thus be no genuine dispute that Hull has been sufficiently served.[8]

Hull's "motion" amounts to nothing more than an improper and meritless attempt to justify his deliberate violation of the Court's Order. Neither a stay nor reconsideration of the Order is warranted simply because Hull "do[es] not intend" to comply with it, and never did.

The Court should thus either strike the motion or deny it in its entirety.

Respectfully submitted,

Dated:  May 18, 2012           By:    */s/ Mario N. Alioto*

MARIO N. ALIOTO (56433)
LAUREN C. RUSSELL (241151)
**TRUMP, ALIOTO, TRUMP & PRESCOTT LLP**

---

[4] *See* Response to Motion to Compel, filed March 26, 2012 (not filed with ECF).

[5] Order at 2 & n. 1.

[6] *See* Micheletti Decl. in support of motion to compel (ECF No. 1089-2) ¶¶ 5-6, Exs. 1-3.

[7] *See* Micheletti Decl. (ECF No. 1089-2) Ex. 1; Certificate of Service on Hull (ECF No. 1098).

[8] Notably, Hull does not dispute that he was at his home on February 26, 2012, and that the process server knocked loudly on his door and announced service, and left copies of the subpoena at his doorstep and on his vehicle. *See* Micheletti Decl. in support of motion to compel (ECF No. 1089-2) Ex. 2 at 2 (Affidavit of Service). Thus, even assuming *arguendo* that Hull was able to evade, and as a result did not have, "face to face communications" with the process server, his evasive conduct did not prevent him from being properly and sufficiently served. *See* Order at 2 n.1 (citing authorities).

2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel for Indirect-Purchaser Plaintiffs*

3
RESPONSE TO OBJECTOR SEAN HULL'S "MOTION TO STAY AND FOR RECONSIDERATION" OF THE COURT'S ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION TO COMPEL DISCOVERY
- Master File No. CV-07-5944-SC, MDL No. 1917