Hon. Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 774-2644
Fax: (415) 982-5287
Special Master

JAMS

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 07-5944 SC<br>MDL No. 1917<br>JAMS Reference No. 1100054618 |
| CRAGO, INC., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CHUNGHWA PICTURE TUBES, LTD., et al.,<br><br>Defendants. | **REPORT AND RECOMMENDATIONS REGARDING PLAINTIFFS' MOTION FOR FURTHER DISCOVERY FROM THE HITACHI DEFENDANTS** |
| This Document Relates to ALL CASES | |

To the Honorable Samuel Conti, United States District Judge:

This is the report and recommendations of the special master regarding a motion filed by the direct and indirect plaintiffs for further discovery from the Hitachi defendants.

**PROCEDURE**

The motion was in a letter dated March 27, 2012. It was opposed by the Hitachi defendants by letter on April 13, 2012, and plaintiffs filed a reply memorandum on April 25, 2012. A hearing on the motion was held on May 1, 2012. At the hearing, Hitachi filed charts of a timeline and the alleged results of the discovery to date. After the hearing, the special master received a proposed report and recommendation from plaintiffs; that report may have been sent to the special master and to Hitachi prior to the hearing, but was not received until after. That has been followed by a proposed report and recommendation from the Hitachi defendants on May 2, which, with only a few exceptions, provided for the denial of all of plaintiffs' motion.

1

That was followed by another letter, May 4, 2012, from plaintiffs and two letters, May 7 and May 9, 2012 from Hitachi.

It is apparent that the problem underlying the motion is that plaintiffs have not received what they deem to be useful information from Hitachi. A voluminous quantity of documents has been produced, but nothing which plaintiffs believe to be responsive to their key discovery requests. Plaintiffs attribute this result to evasiveness and lack of diligence on the part of Hitachi. However, Hitachi notes that it ended its CRT business in 2002, and much of the information which plaintiffs hope to receive may simply no longer exist because of the age of the records and the moving or retiring of Hitachi personnel.

The precise relief requested by plaintiffs' motion is not easy to define. Their March 27 motion, their April 25 reply, and their proposed report (which the special master has verbally been informed is the final definition of plaintiffs' request) have not been fully consistent. And none contains the specificity that the special master can just grant or deny. Hitachi's proposed report and recommendation, on the other hand, requests the denial of virtually everything plaintiffs seek, except for certain limited categories on page 6. The special master is therefore making the following recommendations.

## RECOMMENDATIONS

The special master recommends the following actions regarding the motion, divided into the following categories:

1. <u>Regarding the request for further transactional data</u>. The special master has already ordered that Hitachi provide to plaintiffs by May 15, 2012 a listing of what it will and what it will not produce regarding such information. Hitachi provided a preliminary report on May 9, but confirmed that further information will be provided on May 15, 2012. The one exception is HED (US) data, which Hitachi indicates cannot be reported until after May 15; in that regard, the special master recommends that Hitachi be ordered to identify for plaintiffs what data is available from that potential source no later than May 29, 2012.

2. <u>Organizational charts.</u> Hitachi has advised plaintiffs and the special master that the organizational charts have now been provided to plaintiffs. The special master recommends

2

that the Court take no further action with respect to this request at this time.

3. <u>Two further requests by plaintiffs</u>. There are two further requests that overlap: (a) A request for the production of documents and information relating to pass through and common impact. And (b) a request for a catalog of the information available on Hitachi's back-up tapes.

The problem underlying these two requests appears to be the manner in which Hitachi identified and searched the records of appropriate custodians. To the extent that the pass through and common impact information will be identified and produced under paragraph 1 above, that request need not be further discussed here; provided, however, that Hitachi must strictly comply with the time deadlines of May 15 and May 29.

The request for information from backup tapes again results from plaintiffs' contention that little usable information has been obtained from the search of the custodians' records to date. Approximately 96 custodians were initially identified between Hitachi and plaintiffs, but only about 22 custodians actually resulted in discovery responses. And Hitachi excluded certain custodians or their records on grounds that were not well-defined until the hearing. They were apparently excluded, or their information was not searched, on the basis that the information was not during the tenure of the custodian's work <u>on CRT</u> matters, or that the custodian's custody was over finished products rather than CRTs. However, such reasons ignore the facts that (a) regardless of the tenure of a particular employee's work on CRT, the <u>files</u> under his custody may include information beyond that limited timeframe; and (b) the fact that finished products are no longer a subject matter of the conspiracy, the custodian's files on finished products might also have information about CRTs. In addition, where Hitachi says that it has searched regarding a custodian but has found "no custodian-specific" information, that is a good-faith response, but leaves open the possibility that some possibly relevant information has not been searched for or provided because of definitional limitations.

As to these two forms of request, the special master therefore recommends as follows:

(a) Hitachi be ordered to reexamine those custodian files which it has listed in its chart as "finished products" and look for (i) custodial material which is nevertheless <u>relevant to</u>

3

CRTs, and (ii) pass through and common impact information.

    (b)    Hitachi be ordered to examine backup tapes regarding the persons identified as Nos. 34, 36, 37, 38, 40, 41, and 42 on defendant's chart of May 1, 2012, and produce all additional relevant information, unless it is duplicative of information already provided.

    (c)    Hitachi be ordered to deliver to plaintiffs by June 1, 2012 a catalog of its backup tapes, by subject matter or by identified persons.

    (d)    Hitachi be ordered to examine the records under the custody of Kenji Nakamura, and Rick Stans, and produce any relevant documents, including those responsive to the issues of impact and pass through.

    (e)    Hitachi be ordered to produce documents from their active files and print servers responsive to the issues of impact and pass-through.

    (f)    The above (except item (c)) should be produced by May 29, 2012. The special master recognizes that some of the above categories may be duplicative or overlapping. Where they are, the documents or information need be produced only once, but should be identified under each category.

The special master believes that the above recommendations should provide plaintiffs with information, if any does exist, responsive to their document and information requests. If Hitachi fully and in good faith responds with this additional discovery, that should answer the question of whether the parties' inquiries and Hitachi's efforts have exhausted the available sources of relevant information.

The special master therefore recommends adoption of the above orders and directions to Hitachi.

Date: May 11, 2012

                                                                                        Hon. Charles A. Legge (Ret.), Special Master

The Report and Recommendations are Accepted and Ordered / ~~Denied / Modified.~~

Date: May 24, 2012

                                                                                         Hon. Samuel Conti, United States District Judge