Hon. Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 774-2644
Fax: (415) 982-5287
Special Master

JAMS

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | **Master File No. CV-07-5944-SC** <br> **MDL No. 1917** <br> **JAMS Reference No. 1100054618** |
| This Document Relates to: <br> ALL INDIRECT PURCHASER ACTIONS | **REPORT AND RECOMMENDATION REGARDING MOTION FOR RECONSIDERATION OF THE COURT'S ORDER COMPELLING DISCOVERY FROM OBJECTOR SEAN HULL** <br><br> Judge: Hon. Samuel Conti <br> Special Master: Hon. Charles A. Legge (Ret.) |

On April 16, 2012, this Court issued an order compelling objector Sean Hull to produce discovery in response to requests filed by the indirect purchaser plaintiffs; document No. 1155. That order required Mr. Hull to comply by May 11, 2012. Mr. Hull did nothing in response to that order until May 8, 2012, at which time he filed this pending "motion for stay and reconsideration." As a part of his motion, Mr. Hull states that he does "not intend" to comply with the Court's order. Even this motion was not <u>filed</u> until May 15, 2012, four days <u>after</u> Mr. Hull's deadline to produce documents and appear for his deposition.

The Court need not consider the merits of Mr. Hull's motion, because it is not in compliance with the rules of this Court. Local Rule 7-9(a) provides that a party may not notice a motion for reconsideration without first obtaining leave of Court to file the motion. Mr. Hull has not done so. In addition, the rules require (1) that Mr. Hull show that a "material difference in fact or law exists from that which was presented to the Court before entry of the order;" and (2) that Mr. Hull show that he did not know of such fact or law at the time of the order. Local Rule

7-9(b). Mr. Hull has not and cannot comply with that rule. His grounds for the present motion, that the process server allegedly made a false statement in the application submitted for the order, would have obviously been known to Mr. Hull when he opposed the motion, but he did not present that to the Court as a ground for opposing the order.

The substance of his motion is the allegation that he did not, as the process server's affidavit said, have personal contact with the process server. Even that allegation is uncertain; that is, unclear as to whether Mr. Hull is now denying any contact at all with the process server, or is simply denying the things said and done as stated in the process server's affidavit. However, in any event, Mr. Hull was also separately served with the same documents by email, and then by overnight courier, to the addresses which he had provided to the Court and counsel with his objections. He was again served with a deposition subpoena in connection with the indirect purchaser plaintiffs' motion to compel. And he does not dispute that he received a copy of the Court's order, which itself compelled discovery from Mr. Hull.

The Special Master concludes from the record before the Court that Mr. Hull has been evasive, has attempted to avoid process from this Court, is deliberately stalling the Court procedures -- all in an attempt to maintain his status as an objector for his own personal gain and not for the benefit of the class.

The Special Master therefore recommends that Mr. Hull's motion to stay and for reconsideration be denied.

Respectfully Recommended,

Date: May _29_, 2012

_____
Hon. Charles A. Legge (Ret.), Special Master

The Report and Recommendations are Accepted and Ordered / Denied / Modified.

Date: _____

_____
Hon. Samuel Conti, United States District Judge

2