Hon. Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 774-2644
Fax: (415) 982-5287
Special Master

JAMS

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-SC<br>MDL No. 1917<br>JAMS Reference No. 1100054618 |
|---|---|
| This Document Relates to:<br>ALL DIRECT ACTION COMPLAINTS AND DOCUMENTS | **REPORT AND RECOMMENDATION REGARDING MOTIONS FOR SERVICE OF PROCESS ON CERTAIN DEFENDANTS**<br><br>Judge: Hon. Samuel Conti<br>Special Master: Hon. Charles A. Legge (Ret.) |

Two plaintiffs in the <u>direct action</u> cases have moved to serve process on two defendants, by serving their counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). One motion is made by numerous direct action plaintiffs against defendants Chunghwa Picture Tubes, Ltd. ("Chunghwa"), and Beijing Matsushita Color CRT Company, Ltd. ("BMCC"). The second motion is by plaintiff State of Florida against BMCC only. The motions request that the Court order the service of process on those two defendants by serving their United States counsel.

The motions are opposed by those defendants, and briefs were filed by all sides. The motions were heard on May 21, 2012, and were submitted for decision. For the reasons stated below, the Special Master recommends that the motions be granted.

Rule 4(f) of the Federal Rules of Civil Procedure sets forth the means for the service of process on a defendant in a foreign country. Subsection 4(f)(3) provides for service "by other means not prohibited by international agreement as the Court orders." That procedure does not require exhaustion of the other alternatives set forth in rule 4(f), but is itself an independent means for service of process.

That method of service has already been used in the CRT cases. On September 3, 2008, this Court granted a motion by the indirect purchaser plaintiffs to serve process on two foreign corporations under rule 4(f)(3). See Order Granting Indirect Purchaser Plaintiffs' Motion to Authorize Service on Certain Foreign Defendants Pursuant to Federal Rule of Civil Procedure Rule 4(f)(3), dated September 3, 2008. The only difference between that order and the present motions is that the defendants in the prior motions had United States subsidiaries where process could be served. However, that distinction is not material here, because Rule 4(f)(3) does not <u>require</u> service on a subsidiary, but only "by ... means not prohibited by international agreement."

The objective of the rule is to require a process by which the defendant gets actual notice of the claim against it, and the opportunity to be heard. *Rio Properties*, 284 F.3d 1007 at 1016 (9th Cir. 2002). Numerous cases have authorized the service of process on foreign defendants by serving their domestic counsel; see cases cited in the motion of the State of Florida, pp. 5 and 6.

The only response to the motion by BMCC is a letter dated May 1, 2012 from the law firm of Freshfields, Bruckhaus, Deringer U.S. LLP of Washington D.C. Counsel advises that they have "not been instructed to represent BMCC in the direct action cases or in the actions brought by the state attorneys general," and that BMCC does not have U.S. subsidiaries. However, it is apparent from the record of these CRT cases that the law firm has appeared for BMCC in the CRT litigation, even though not in the actions brought by the <u>direct action</u> plaintiffs or the state attorneys general. But BMCC has already appeared in this <u>group</u> of cases and has been represented by the Freshfields firm. It therefore appears certain that if process is now served on Freshfields, Freshfields will notify BMCC of that fact, and BMCC will then have actual knowledge of the claims brought against it by these additional plaintiffs. It should also be noted that BMCC has previously accepted service of the action by the <u>indirect</u> plaintiffs in this case.

Defendant Chunghwa has also appeared and participated in this CRT litigation since at least 2010. Chunghwa has actively participated, and has been represented by counsel Gibson Dunn, & Crutcher. And that counsel has appeared to oppose this motion, so there is no doubt

that if service is directed through Gibson, Dunn & Crutcher, Chunghwa will receive actual notice.

Chunghwa's counsel has raised various arguments in opposition to the motion. However, the Special Master does not believe that it is necessary to address those arguments because Chunghwa and its counsel have both been participating in these CRT cases for several years, and there is already the precedent of Your Honor's order of September 3, 2008, directing such service on other foreign defendants.

The Special Master therefore recommends that the Court issue an order authorizing the direct action plaintiffs to serve defendants Chunghwa Picture Tubes, Ltd. and Beijing Matsushita Color CRT Company, Ltd. through their local counsel, Freshfields, Bruckhaus, and Deringer U.S. LLP, pursuant to Federal Rule of Civil Procedure 4(f)(3).

The Special Master also recommends that the Court issue an order authorizing the State of Florida to serve defendant Beijing Matsushita Color CRT Company, Ltd. through its U.S. counsel, Gibson, Dunn & Crutcher, pursuant to Federal Rule of Civil Procedure 4(f)(3).

Respectfully Recommended,

Date: May 30, 2012

_____
Hon. Charles A. Legge (Ret.), Special Master

The Report and Recommendations are Accepted and Ordered / Denied / Modified.

Date: _____

_____
Hon. Samuel Conti, United States District Judge

3