Joseph Darrell Palmer
darrell.palmer@palmerlegalteam.com
Law Offices of Darrell Palmer PC
603 North Highway 101, Ste A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655

Attorney for Objector Sean Hull

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | Master File No. 07-cv-5944-SC<br><br>MDL No. 1917<br><br>**OPPOSITION TO MOTION FOR AN ORDER TO SHOW CAUSE AND AWARD OF SANCTIONS**<br><br>Special Master: Hon. Charles A. Legge (Ret.) |

## INTRODUCTION

For the reasons more fully stated below, class counsel's retaliatory attempts at discovery are procedurally flawed; they have failed to comply with the Federal Rules of Civil Procedure[1] and their motion for discovery and sanctions must be denied.

### I.   STATEMENT OF FACTS

Unnamed class member Sean Hull ("Hull") filed his timely objection to the proposed final settlement in the above titled action. Overruling his objections, this Court approved the class action settlement on March 22, 2012. Hull timely appealed from this final judgment on March 23, 2012. The case is now *over* with respect to Hull. Any discovery now obtained from him cannot affect the results in

---

[1] Hereinafter, all references to "Rule" shall be to these rules unless otherwise noted.

the district court. Accordingly, these discovery requests are made in bad faith for purposes of harassment, since they cannot possibly lead to information "relevant to any party's claim or defense." Rule 26(b)(1).  Under the Rules and at the invitation of this Court, Hull objected to the settlement as unreasonable and unfair to the class.  In response, Plaintiff's counsel seeks to punish their own putative client for exercising his federally protected right to object. It is unjust, and contrary to law, to subject Hull to these abusive discovery tactics.

Plaintiff's counsel also seek monetary sanctions for the time spent on improperly and illegally attempting to obtain discovery from Hull.  This request, too, is indecorous because there are no legal grounds for an award of sanctions against a nonparty when he has done nothing unlawful.  As explained below, the subpoena is unenforceable and Plaintiff's counsel seeks to enforce it in the incorrect jurisdiction.  Accordingly, the motion should be denied in its entirety.

## II. LEGAL ARGUMENT

### a. The Subpoena and Plaintiff's Motion Are Procedurally Unenforceable.

#### 1. The Deposition Subpoena Is Invalid Because It Seeks Both Irrelevant and Privileged Material.

Rule 26 provides that parties may obtain discovery which is "relevant to any party's claim or defense." Rule 26(b)(1).  This case has been concluded and, as such, there is no information which may be obtained from this Objector relevant to a claim or defense in this action.  The issues have reached resolution.

The bulk of the deposition subpoena seeks information that is either wholly irrelevant to this matter or privileged and not subject to disclosure. (See Section II(b).) To the extent the moving party seeks information regarding Objector's bases for objecting, they simply need read Hull's objections which are filed with this Court.  Pursuant to the Notice of class action settlement which requires all objections to contain the legal and factual bases for a class member's objection, these Objectors included all objections and the bases of same.  Accordingly, there is nothing further that class counsel could gain

from speaking with Hull, except to induce them to withdraw their right to appeal in violation of their rights under the Rules.

### 2. The Subpoena Was Not Properly Served under Rule 45.

Federal Rule 45(b)(1) requires a party to serve the proposed deponent with his deposition subpoena by personal service.  Plaintiff's counsel blatantly failed to comply with this Rule because they never personally served him with his deposition subpoena.  (See Exhibit 1, Hull affidavit.)  Contrarily, Plaintiff's counsel attempted to serve Hull by email only.  The Federal Rules do not permit service in this manner and Hull was therefore never under any obligation to appear for his deposition.  Proper service is absolutely essential to the preservation of persons' rights – both parties and nonparties.  There simply can be no enforcement of an unenforceable subpoena.

### 3. Plaintiff's Counsel Seeks to Enforce this Subpoena Before the Incorrect District Court.

Even in the instance that Plaintiff's counsel had complied with Rule 45 in their service of Objector, their instant motion to enforce that subpoena is brought before the incorrect district court. Fed. R. Civ. Proc. 45(a)(2)(B) provides that a subpoena for deposition must be issued from the Court where the deposition is to be taken. In this instance, the subpoena was issued from the District of Colorado – where Objector Hull resides.  The issuing Court was the proper one under the Rules.  This motion to enforce that subpoena is not.

The 1991 Committee notes to Fed. R. Civ. Proc. 45 clarify that "[p]ursuant to paragraph (a)(2), a subpoena for a deposition must still issue from the court in which the deposition or production would be compelled. Accordingly, a motion to quash such a subpoena if it overbears the limits of the subpoena power must, as under the previous rule, be presented to the court for the district in which the deposition would occur. <u>Likewise, the court in whose name the subpoena is issued is responsible for its enforcement</u>." Rule 45 further states, at subpart e, that "*[t]he issuing court may hold in contempt* a person who, having been served, fails without adequate excuse to obey the subpoena." Accordingly, this contempt and sanctions motion is before the wrong court and cannot be granted.

Further support is found in Rule 37, which states, a "motion for an order to a nonparty must be made in the court where the discovery is or will be taken." Hull is a citizen of Colorado, and his

subpoena issued from that very same district court. Any discovery sought from him must be compelled from the District of Colorado. Accordingly, because this motion is before the incorrect Court, there can be no contempt or sanctions order issued.

### b. Discovery from Absent Class Members is Rarely, if Ever, Granted.

Courts do not ordinarily permit discovery from absent class members. *McPhail v. First Command Fin. Planning, Inc.,* 251 F.R.D. 514, 517 (S.D.Cal.2008); see also *Fischer v. Wolfinbarger*, 55 F.R.D. 129, 132 (W.D.Ky.1971) ("It is not intended that members of the class should be treated as if they were parties plaintiff, subject to the normal discovery procedures, because if that were permitted, then the reason [behind Rule 23(a)(1) of the Federal Rules of Civil Procedure] would fail.").

Discovery will sometimes be permitted by the Court where "the proponent of the deposition ***demonstrates discovery is not sought to take undue advantage of class members or to harass class members***, and is necessary to the trial preparation (or in this instance for preparation of the opposition to class certification)." *Moreno v. Autozone* 2007 WL 2288165, *1 (N.D.Cal. August 3, 2007) (Emphasis added.) In order to obtain such discovery, class counsel must make a strong showing of necessity. *Clark v. Universal Builders* 501 F.2d 324 (7th Cir. 1973.) "In appropriate circumstances, class members may be propounded written interrogatories on a showing that the information requested is necessary to trial preparation and that the interrogatory is not designed as a tactic to take undue advantage of the class members or as a stratagem to reduce the number of claimants. The party seeking discovery has the burden of demonstrating its merits." *Id.* at 340.

The Ninth Circuit agrees that discovery of information from absent class members is not granted carte blanche, confirming the parties do "not have unlimited rights to discovery against unnamed class members; the suit remains a representative one…The district court judge may reasonably control discovery to keep the suit within manageable bounds, and to prevent fruitless fishing expeditions with little promise of success." *Blackie v. Barrack* 524 F.2d 891, 906, n.22 (9th Cir. 1975.)

Here, the timing of the subpoena and the subject matter of the information sought suggests that class counsel seek to scare off Hull. The subpoena seeks, summarily, evidence of Objector's standing, the relationship between Objector and his attorney of record, evidence of confidential and privileged communications between Objector and his attorney of record, and previous objections filed by this Objector or his attorney of record. (See Exhibit 2, attachment A, documents requested.)

While evidence of Objector's standing is relevant, an oral deposition is certainly not necessary to obtain this information. Contrarily, seeking this information by oral testimony is invasive and burdensome given the ease with which this information could be shared with class counsel. Second, information regarding the relationship between Objector and his counselor of record is irrelevant to this litigation and not reasonably likely to lead to the discovery of admissible evidence, pursuant to Rule 26 of the Federal Rules of Civil Procedure. Third, communications between Objectors and their counselors of record is privileged and, as such, not subject to disclosure. Lastly, previous objections filed by these Objectors are absolutely irrelevant to the instant litigation, the merits and strengths of the objections at issue here and, again, pursuant to Fed. R. Civ. Proc. 26, not likely to lead to the discovery of admissible evidence.

Thus, the only discoverable information, that relating to Objectors' standing, could be, <u>and has been</u>, submitted in writing without the hassle and expense of an oral deposition. Hull's attorney of record voluntarily sent this information to Plaintiff's counsel. (See Exhibit 3, confirming Objector's membership in the class.)

The remaining requested information is not discoverable for the reasons laid out above and, as such, there is no compelling reason that class counsel has previously stated or can state to compel this Court to grant their request.

///

### c. Discovery Is Closed in This Litigation.

A final judgment has been issued by this Court and Hull has appealed that Order. (See Docket No. 1111.) Therefore, discovery in this matter is closed. The scope of discovery is only for matters that are "relevant to any party's claim or defense." Rule 26(c). Because the case has concluded, there are no claims or defenses at issue before this Court.

Once discovery is closed, Plaintiffs are not permitted to continue to take discovery of the defendants or any other party. Certainly, they are not permitted to seek discovery from any nonparties. No discovery, from any source, could possibly produce relevant evidence for a case that has already concluded.

The parties seeking discovery from Objectors, as discussed above, are seeking this information for an improper purpose. The only possible relevant factual dispute at this juncture is Hull's membership in the class. (Ex. 3.) To the extent plaintiffs are actually interested in relevant information from Hull this should satisfy any need for discovery.

### d. Sanctions are Inappropriate Here.

The sanctions sought by Plaintiff's counsel are wildly inappropriate in this instance. Aside from the procedural flaws identified above, civil contempt orders such as fines and incarceration are only for the purposes of inducing *future compliance* of a court order, and are ordinarily granted only in very extreme cases.

Rule 45, subpart (e) states that the issuing Court may only hold a person in contempt who, "<u>having been served</u>, fails <u>without adequate excuse</u> to obey the subpoena." Here, Hull was neither properly served as required under Rule 45, nor without adequate excuse. Thirdly, the motion is not before the "issuing Court". There could be no more "adequate excuse" than a procedurally unenforceable subpoena served on a non-party after discovery has been closed and sought to be enforced in the incorrect jurisdiction.

/ / /

/ / /

/ / /

### III. CONCLUSION

For these foregoing reasons, plaintiffs' motion should be denied, the order for a deposition should be vacated as without jurisdiction and moot, and sanctions should be denied in their entirety.

LAW OFFICES OF DARRELL PALMER PC

Dated:   June 1, 2012                              By: _____/s/ Joseph Darrell Palmer_____
                                                   Joseph Darrell Palmer
                                                   Attorney for Objector Sean Hull

### CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2012, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Northern District of California by using the USDC CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the USDC CM/ECF system.

   ___/s/ Joseph Darrell Palmer_____
   Joseph Darrell Palmer
   Attorney for Objector