EXHIBIT 3

Sean Hull
7890 Witney Place
Lone Tree, CO 80124
Telephone: (303) 519-8711
shpcs@yahoo.com

**Via U.S. Mail**
Clerk's Office
Pro Se Civil Intake
450 Golden Gate
16th Floor, Rm. 1111
San Francisco, CA 94102

Re: In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917, Case No.: 07-CV-05944-SC, United States District Court for the Northern District of California, San Francisco Division

My address, telephone number and email address are as follows:

7890 Witney Place
Lone Tree, CO 80124
Telephone: (303) 519-8711

I am a class member. Attached are pictures that evidence my membership in the proposed class action.

I object to this proposed settlement as follows:

This is a proposed class action settlement in an indirect purchaser anti-trust case involving a single defendant: Chunghwa Picture Tubes, Ltd. It is a $10 million dollar settlement. Class counsel is seeking an award of $2.5 million in attorneys' fees. Class counsel is seeking another $2.5 million for expenses incurred in this case. This leaves $5 million that I do not believe the class notice clearly explains where it is going. It is clearly not going to class members. The class notice makes clear that "[n]o money will be distributed to Settlors yet." The class notice also discloses that "[i]t is possible that money will be distributed to organizations who are, as nearly as practicable, representatives of interests of indirect purchasers of CRT Products..." The class notice goes on to say that regardless of whether money will be distributed to Settlors or "organizations," money from the current settlement will be allocated first "amongst the 24 states listed on this notice[.]"

Objection is made that the class notice is confusing, vague and does not contain sufficient information to allow a reasonable class member to make a decision to act in response to the proposed settlement. However, certain facts that are disclosed – namely the indirect purchaser class members receive nothing, while class counsel receives $5 million in fees and expenses and the 24 listed states are likely to split the remaining funds, is grossly unfair and unreasonable.

When class counsel agreed to take on this case, they understood they bore the risk of the litigation. Now, through its settlement with the first defendant, they have shifted the entire risk of this litigation onto their client's backs. Now with this settlement, they have earned for themselves millions in fees, paid themselves millions in expenses – and the class gets nothing. What if no other defendants settle? Moreover, it is unreasonable for the 24 listed states to receive the entire remainder of this settlement fund, while the actual indirect purchaser class members get absolutely nothing. The entire structure of the settlement is unfair, unreasonable and inadequate.

Objection is also made to the attorneys' fees and expenses sought by class counsel on a percentage of recovery basis and a lodestar basis. Moreover, class counsel should not receive any attorneys' fees at this time without making a recovery for the indirect purchaser class they represent. Objection is made that by entering into this settlement, class counsel has compromised its duty to represent the unnamed class members and benefitted only themselves at the expense of the indirect purchaser class and have acquiesced to the desires of the 24 listed states who will take precedence in this settlement over the indirect purchaser class.

I ask that this settlement be rejected in its entirety, and if approved, that class counsel's request for fees and expenses be denied.

Sincerely,

*Sean Hull*
Sean Hull


cc:
**Via U.S. Mail**
Honorable Charles A. Legge (Ret.) JAMS
Two Embarcadero, Ste. 1500
San Francisco, CA 94111

**Via U.S. Mail**
Mario N. Alioto, Esq.
Trump, Alioto, Trump & Prescott, LLP
2280 Union Street
San Francisco, CA 94123
**Interim Lead Counsel**

**Via U.S. Mail**
Joel S. Sanders, Esq.
Gibson Dunn & Crutcher LLP
555 Mission Street, Ste. 3000
San Francisco, CA 94105
**Defense Counsel**



