MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. RUSSELL, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel
for the Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. CV-07-5944 SC <br><br> MDL No. 1917 <br><br> **INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THE COMPLAINT** |
| **This document relates to:** <br><br> **ALL INDIRECT PURCHASER ACTIONS** | Hearing Date: July 24, 2012 <br> Time: 9:00 a.m. <br> JAMS: Two Embarcadero Center, Suite 1500 <br> Judge: Honorable Samuel Conti <br> Special Master: Hon. Charles A. Legge (Ret.) |

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that on July 24, 2012 at 9:00 a.m., or as soon thereafter as the matter can be heard, before the Honorable Charles A. Legge (Ret.) at the office of JAMS, Two Embarcadero Center, Suite 1500, San Francisco, California, the Indirect Purchaser Plaintiffs ("Plaintiffs") will move the Court pursuant to Federal Rule of Civil Procedure 15(a) for an Order granting Plaintiffs leave to amend their Third Consolidated Amended Complaint ("Complaint").

Plaintiffs seek leave to amend their Complaint to drop their District of Columbia consumer protection claim, D.C. Code §28-3904, and add an antitrust claim under the laws of Puerto Rico, Puerto Rico 10 LPRA § 258 and 32 LPRA §§ 5141.[1]  In addition, pursuant to Local Rule 7-2 and Rules 20 and 21 of the Federal Rules of Civil Procedure, Plaintiffs move the Court to substitute eight named plaintiffs for six new named plaintiffs and to add another two new named plaintiffs to this class action litigation.  This motion is supported by the Declaration Of Robert J. Gralewski, Jr. In Support Of Indirect Purchaser Plaintiffs' Motion For Leave To Amend The Complaint ("Gralewski Decl.").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**ISSUES TO BE DECIDED**

Should Plaintiffs be given leave to amend their Complaint to (1) drop their District of Columbia consumer protection claim, (2) add an antitrust claim under the laws of Puerto Rico, (3) substitute certain named plaintiffs for new named plaintiffs, and (4) add new plaintiffs to this action, where the addition of the Puerto Rico claim and the new plaintiffs will not alter the factual or legal basis of Plaintiffs' claims in any way, and Defendants will have plenty of time to take discovery of the new plaintiffs since their opposition to class certification is not due until October 13, 2012 and the close of fact discovery is more than a year away?

---

[1] Pursuant to Local Rule 10-1, the proposed Indirect Purchaser Plaintiffs' Fourth Consolidated Amended Complaint, with all of the changes Plaintiffs propose to make by way of this motion in redline, is attached as Exhibit A to the Declaration Of Robert J. Gralewski In Support Of Indirect Purchaser Plaintiffs' Motion For Leave to Amend the Complaint.

1

**INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AMEND THE COMPLAINT**

Suggested answer: Yes.

**RELEVANT FACTS**

On December 11, 2010, Plaintiffs filed the Complaint in this class action lawsuit, naming Bedrock Management Company, Inc. as a District of Columbia plaintiff; Brady Cotton and Colleen Sobotka as Florida plaintiffs; Steven Hawley as a North Carolina plaintiff; Daniel Hergert and Chad Klebs as Nebraska plaintiffs; and Samuel Nasto as a Nevada plaintiff. All of these Plaintiffs have responded to Defendants' Interrogatories and Requests for Production of Documents.

Based upon counsel's ongoing assessment of the products and classes at issue in this case, along with certain plaintiffs' purchases and records, Plaintiffs seek to substitute the current named plaintiffs for the District of Columbia, Florida, North Carolina, Nebraska, Nevada, and South Dakota for new named plaintiffs, as set forth below:

| Jurisdiction | Current Named Plaintiff(s) | Proposed New Plaintiff |
| --- | --- | --- |
| District of Columbia | Bedrock Management Company, Inc. | Lawyer's Choice Suites, Inc. |
| Florida | Brady Cotton and Colleen Sobotka | David Rooks |
| North Carolina | Steven Hawley | Patricia Andrew |
| Nebraska | Daniel Hergert and Chad Klebs | Misti Walker |
| Nevada | Samuel Nasto | Gloria Kamo |
| South Dakota | Donna Marie Ellingson | Jeff Speaect |

For similar reasons, Plaintiffs seek to add an additional named plaintiff for New York, Louise Wood. In addition, ESJ Towers, Inc., a Puerto Rico corporation, has retained counsel and has asked Interim Co-Lead Counsel to add it as the named plaintiff for Puerto Rico and to bring a claim under the Puerto Rico antitrust statute (Puerto Rico 10 LPRA § 258 and 32 LPRA §§ 5141)

on behalf of a class of indirect purchasers of CRT Products in Puerto Rico.  The claim under the Puerto Rico antitrust statute is substantively the same as the state antitrust claims already asserted in the Complaint.

Each of the proposed new plaintiffs (collectively hereinafter referred to as the "New Plaintiffs") purchased televisions or computer monitors containing cathode ray tubes manufactured by Defendants or their co-conspirators, and has suffered injury as a result of Defendants' unlawful conduct.  The addition of these New Plaintiffs will not alter the factual or legal basis of Plaintiffs' claims in any material way.  Indeed, each of their claims arises from the same course of conduct as the class claims and is based on the same legal theories alleged in the operative complaint.  Because the addition of the proposed New Plaintiffs and the new claim under Puerto Rico law does not alter Plaintiffs' substantive allegations, granting Plaintiffs' motion will have no impact on the class certification briefing schedule currently in place.  Moreover, Interim Co-Lead Counsel has already taken appropriate steps to ensure that all relevant, discoverable information for the new proposed plaintiffs will be produced to Defendants on an expedited basis.  The proposed New Plaintiffs will also be available for deposition on the same schedule as all of the current class representatives.  Gralewski Decl. ¶8.

Prior to filing this motion, Plaintiffs met and conferred with Defendants in an effort to resolve this matter without Court intervention, however Defendants would not stipulate to the amendments proposed by Plaintiffs.  Gralewski Decl. ¶ 2.

## ARGUMENT

### A. Rule 15(a) Permits Liberal Amendment Of The Pleadings

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may amend a pleading with leave of court, and that such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2).  A motion to amend should be denied only for reasons not present here, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

1 virtue of allowance of the amendment, [or] futility of the amendment." *See Foman v. Davis,* 371
2 U.S. 178, 182 (1962).  In the Ninth Circuit, this policy of favoring leave to amend is to be applied
3 with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.
4 2003).
5     Moreover, "this liberality in granting leave to amend is not dependent on whether the
6 amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d
7 183, 186 (9th Cir. 1987).  Rather, the relevant inquiry involves the *Foman* factors.  *Id.*  The Ninth
8 Circuit applies these *Foman* factors with the greatest emphasis on the prejudice to the opposing
9 party.  *Eminence Capital*, 316 F.3d at 1052 ("Prejudice is the touchstone of the inquiry under
10 Rule 15(a) . . . .  Absent a showing of any of the remaining *Foman* factors, there exists a
11 *presumption* under Rule 15(a) in favor of granting leave to amend.") (emphasis in original)
12 (internal citations omitted).
13     Here, Plaintiffs have not unduly delayed in moving to amend the Complaint, there is no
14 evidence of bad faith or dilatory motive on the part of Plaintiffs, and there will be no undue
15 prejudice to Defendants as a result of Plaintiffs' proposed amendments.  As described above, the
16 claim under the Puerto Rico statute is substantively the same as the state antitrust claims already
17 asserted in the Complaint.  Similarly, the New Plaintiffs' claims arise from the same course of
18 conduct as the class claims and are based on the same legal theories alleged in the operative
19 complaint.  Defendants are therefore fully apprised of the basis of Plaintiffs' claims and will not
20 have to expend additional resources to defend against them.  *See In re Activision Sec. Litig.,* 621
21 F. Supp. 415, 422-23 (N.D. Cal. 1985) (certifying the class in the same opinion as granting leave
22 to amend because the proposed amendment of a new claim by plaintiff would cause "no undue
23 prejudice" to defendants who have been on notice of the claims at issue); *see also Clark v.*
24 *Universal Builders, Inc.*, 501 F.2d 324, 339-40 (7th Cir. 1974) (where plaintiffs filed a motion for

4
**INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AMEND THE COMPLAINT**

leave to amend to add defendants in a class action one month before the trial was scheduled to begin, Seventh Circuit reversed the district court's denial of plaintiffs' motion for leave because the proposed amendment would not have prejudiced the defendants, who were "officers, directors, and shareholders of the closely held defendant corporations," for they were on "constructive notice of the action and indeed were active participants in it since its inception.").

In addition, the Court has not set a deadline for proposed amendments adding parties or claims to the action, and class and merits discovery is ongoing.  Depositions have only just begun and the close of fact discovery is more than a year away.[2]  Plaintiffs' motion for class certification is due on August 1, 2012, with the Defendants' opposition thereto not due until October 13, 2012.  Finally, the proposed date for trial is almost two years away.  *Id.*  In short, Defendants will have plenty of time to take discovery from the New Plaintiffs and test the Puerto Rico antitrust claim, and granting Plaintiffs' motion will have no impact on the class certification briefing schedule currently in place.

But even if Plaintiffs had unduly delayed in moving to amend the Complaint, undue delay alone is an insufficient reason to deny a motion for leave to amend.  An additional showing of other *Foman* factors such as "prejudice to the opposing party, bad faith by the moving party, or futility of amendment" is required.  *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend."); *DCD Programs, Ltd.*, 833 F.2d at 186 (the *Foman* factors "are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend.") (internal citations omitted).  None of these additional factors is present here.

---

[2] *See* Scheduling Order dated April 3, 2012 (Docket No. 1127), setting August 30, 2013 as the deadline for the close of fact discovery.

At bottom, there is a strong judicial policy in favor of deciding matters on their merits rather than the technicalities of pleadings. *Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Indeed, in this Circuit there is a presumption in favor of granting leave to amend. *Eminence Capital, LLC*, 316 F.3d at 1052 (requiring either prejudice or a strong showing of other *Foman* factors to overcome the presumption in favor of granting leave to amend). Accordingly, Plaintiffs' motion to amend to add a claim under Puerto Rico's antitrust law, as well as to substitute and add the New Plaintiffs, is timely and should be granted.

### B. The Addition Of New Class Representatives Is Generally Permitted At All Stages Of Class Action Litigation

A motion to add plaintiffs to a class action should be granted where the proposed new plaintiffs are members of the class and seek the same relief for all of the reasons offered by the original party plaintiffs. *Rogers v. Paul*, 382 U.S. 198 (1965). This is especially true where "the substitution would not materially alter the case." *Ceisler v. First Penn. Corp.*, Case no. 89-9234, 1991 WL 83108, at *3 (E.D. Pa. May 13, 1991) (granting substitution where the only "allegation in the proposed amendment that differs from the original complaint regards [the substitute plaintiff] himself"). Substitution is particularly appropriate when the reason for an existing class representative's withdrawal from the case "has only individual rather than classwide impact." *In re Nat'l Austl. Bank*, 2006 U.S. Dist. LEXIS 94163, at *12-13. *See also* 1 Newberg on Class Actions § 2:26 (4th ed. 2006) ("When mootness of the named plaintiff's claims occurs, intervention by absentee members is freely allowed in order to substitute them as class representatives.") (collecting cases).

1    In addition, Fed. R. Civ. P. 21 provides: "On motion or on its own, the court may at any
2 time, on just terms, add or drop a party." Indeed, plaintiffs may be added to an action at the
3 request of other plaintiffs, defendants, or the presiding judge. *See Cle-Ware Rayco, Inc. v.*
4 *Perlstein*, 401 F. Supp. 1231 (S.D.N.Y. 1975); *First Nat'l Bank of Bloomingdale v. Manuf. Trust*
5 *Co.*, 2 F.R.D. 125 (D.N.J. 1941); *Walker v. Providence Journal Co.*, 493 F.2d 82 (1st Cir. 1974).
6    Where replacement of a class representative is appropriate or necessary, courts generally
7 allow class counsel time to make reasonable efforts to recruit and identify a new representative
8 who meets the Rule 23(a) requirements. *See Birmingham Steel Corp v. Tennessee Valley*
9 *Authority*, 353 F.3d 1331, 1342 (11th Cir. 2003) (allowing a reasonable opportunity to substitute
10 an adequate class representative is generally favored); *see also Little Caesar Enterprises, Inc. v.*
11 *Smith*, 172 F.R.D. 236, 244 (E.D. Mich. 1997). In particular, courts consider problems with class
12 representation to be issues that warrant the substitution or addition of plaintiffs to a class action.
13 *Florida Pediatric Soc. v. Secretary of Florida Agency for Health Care*, 2008 WL 4072805, at *3
14 (S.D. Fla. July 30, 2008) (citing *Birmingham Steel Corp.*, 353 F.3d at 1342 and *Cotterall v. Paul*,
15 755 F.23d 777, 781 (11th Cir. 1985)).
16    The court may permit intervention by a new class representative or may simply designate
17 that person as a representative in the order granting class certification. *See In re Telectronics*
18 *Pacing Sys., Inc., Accufix Atrial "J" Leads Profs. Liab. Litig.*, 172 F.R.D. 271, 283 (S.D. Ohio
19 1997) (court named substitute new class representative without formal intervention joinder); *see*
20 *also Shankroff v. Advest, Inc.*, 112 F.R.D. 190, 194 (S.D.N.Y. 1986) (sole proposed
21 representative found inadequate, although other class certification requirements were met;
22 plaintiffs' counsel were given thirty days to propose at least one substitute representative).
23    As these cases demonstrate, substitutions or additions of plaintiffs are routine in class
24 actions. In order to ensure that the rights of absent Class members are vigorously prosecuted and
25 to avoid burdening the Court with any questions of adequacy at the certification stage, Plaintiffs
26 seek to substitute and add the proposed New Plaintiffs now as outlined above. The proposed
27 New Plaintiffs' abilities to represent the putative Class are not in dispute. The claims they assert,
28

the injuries they suffered, and the remedies they seek mirror those alleged in the Complaint. Substituting and adding these plaintiffs at this relatively early stage – prior to the filing of any motion for class certification - is an expedient and efficient method for securing the most viable plaintiff Class.

Adding these New Plaintiffs to this case will not result in prejudice to Defendants. The New Plaintiffs are prepared to promptly respond to written discovery and appear at a deposition if Defendants so request. *Id*. at ¶ 8. Plaintiffs' motion for class certification is not due until August 1, 2012 and Defendants will have until October 13, 2012 to file their opposition thereto. Given that the proposed New Plaintiffs purchased similar products and make the same or similar claims based on the same legal theories as the rest of the named Plaintiffs, no divergent facts or issues will be asserted. Further, Plaintiffs are not requesting additional time to identify replacement or new plaintiffs; they are readily available. Accordingly, Plaintiffs respectfully request that the Court grant their motion to substitute the current District of Columbia, Florida, North Carolina, Nebraska, Nevada, and South Dakota named plaintiffs and to add new plaintiffs for New York and Puerto Rico.

### C. Federal Rule of Civil Procedure 20 Also Supports The Addition Of The New Plaintiffs

Fed. R. Civ. P. 20(a)(1) states that persons may join in an action as plaintiffs if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."

As with Rule 15(a), the "requirements of Rule 20(a) are construed liberally in order to promote the broadest scope of action consistent with fairness to the parties." *Matthews Metals Products, Inc. v. RBM Precision Metal Products, Inc.*, 186 F.R.D. 581, 583 (N.D. Cal. 1999); *see also Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009), *citing United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("For courts applying Rule 20 and related rules, 'the impulse is

8
**INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AMEND THE COMPLAINT**

toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'").

Here, the proposed New Plaintiffs' request to join this action satisfies both prongs of Rule 20(a)(1). The proposed New Plaintiffs wish to assert antitrust claims arising from their purchases of televisions and computer monitors containing cathode ray tubes during the Class Period. Their claims, which arise from the same price-fixing conspiracy alleged in the Complaint, satisfy the "same transaction, occurrence, or series of transactions or occurrences" requirement of Rule 20(a)(1). Accordingly, the requirements of Rule 20 are satisfied.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion for leave to amend the Complaint.

Dated: June 11, 2012                            By:   */s/ Mario N. Alioto*

Mario N. Alioto (56433)
Lauren C. Russell (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone:  (415) 563-7200
Facsimile:   (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel for the
Indirect Purchaser Plaintiffs*

9
**INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AMEND THE COMPLAINT**