1  GIBSON, DUNN & CRUTCHER LLP
   JOEL S. SANDERS, SBN 107234
2  JSanders@gibsondunn.com
   RACHEL S. BRASS, SBN 219301
3  RBrass@gibsondunn.com
   AUSTIN SCHWING, SBN 211696
4  ASchwing@gibsondunn.com
   JOEL WILLARD, SBN 247899
5  JWillard@gibsondunn.com
   555 Mission Street, Suite 3000
6  San Francisco, California 94105-2933
   Telephone: 415.393.8200
7  Facsimile: 415.393.8306

8  Attorneys for Defendant
   CHUNGHWA PICTURE TUBES, LTD.

9

                UNITED STATES DISTRICT COURT

10

            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12
   IN RE: CATHODE RAY TUBE (CRT)          CASE NO. 3:07-CV-5944 SC
13 ANTITRUST LITIGATION
                                          MDL NO. 1917
14 This Document Relates to:

15 ALL DIRECT ACTION COMPLAINTS AND       **DEFENDANT CHUNGHWA PICTURE
   DOCUMENTS                              TUBES, LTD.'S OBJECTIONS TO
16                                        REPORT AND RECOMMENDATION
                                          REGARDING MOTIONS FOR SERVICE
17                                        OF PROCESS ON CERTAIN
                                          DEFENDANTS**

18

19                                        Date: None set
                                          Time: None Set
20                                        Courtroom: One, 17th Floor
                                          Judge: The Honorable Samuel Conti
21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

## I.  INTRODUCTION

The so-called Direct Action Plaintiffs (collectively "Plaintiffs") initiated legal proceedings against Chunghwa Picture Tubes, Ltd. ("CPT") over a period of months, beginning as early as March 2011 and continuing to file new actions through January 2012.  During that period, Plaintiffs have made no direct effort to effectuate proper service on CPT, a Taiwanese corporation.  CPT did not stipulate to accept service, and its U.S. counsel are not authorized to accept service on its behalf.

Instead, despite having made no attempt to effectuate proper service or to demonstrate any degree of necessity, Plaintiffs sought a court order allowing alternate service of CPT through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3), asserting that it is "the most cost-effective and practical method of service" and that the letters rogatory process would result in "substantial difficulty, time, and expense."  *See* Brass Decl. Ex. B, at 1, 2 (Direct Action Pls.' Mot. to Serve Defs. Chunghwa Picture Tubes Ltd., Beijing Matsushita Color CRT Co., Ltd., & LG Electronics Taiwan Taipei Co. Through Their U.S. Counsel Pursuant to Fed. R. Civ. P. 4(f)(3), ECF No. 1147) [hereinafter "Plaintiffs' Rule 4 Motion"].

Following briefing and a hearing, the Special Master issued a Report recommending that this Court grant Plaintiffs' Rule 4 Motion.  *See* Brass Decl. Ex. A (Report and Recommendation Regarding Mots. for Service of Process on Certain Defs., ECF No. 1218) [hereinafter "Report" or "Recommendation"].  The analysis and conclusion in the Report are contrary to established Supreme Court and Ninth Circuit precedent and should not be adopted by this Court.  Pursuant to Federal Rule of Civil Procedure 53 and this Court's June 16, 2008 Order ¶ 19, ECF No. 302, CPT respectfully objects to the Report.  The Court should deny Plaintiffs' Rule 4 Motion.

## II.  OBJECTIONS TO FINDINGS

A district court reviews de novo a special master's conclusions of law.  Fed. R. Civ. P. 53(f); Order Appointing Special Master ¶ 18, ECF No. 302.  CPT objects to the Report on the grounds that it fails to analyze when Rule 4(f)(3) service is available under the controlling Ninth Circuit standard and instead erroneously relies on a previous Order of this Court addressing a different issue.  In so doing, the Recommendation further errs by misapplying the constitutional due process standard for

1    notice.  Accepting the Recommendation would be contrary to law and run afoul of constitutional due

2    process protections.

3         **A.      The Recommendation Fails To Recognize The Limited Availability Of Rule**
             **4(f)(3) Service**
4

5        The Report adopts an overly broad approach to Rule 4(f)(3) service by failing to engage with

6    the Ninth Circuit's controlling case of *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d

7    1007 (9th Cir. 2002).  Specifically, it quotes Rule 4(f)(3) as allowing service by "means not

8    prohibited by international agreement."  Brass Decl. Ex. A, at 2.  It further cites *Rio Properties* for

9    the proposition that "[t]he objective of the rule is to require a process by which the defendant gets

10   actual notice of the claim against it, and the opportunity to be heard."  *Id.*  This view of Rule 4(f)(3)

11   describes only the constitutional due process test—which the Report misstated, as examined *infra*.  In

12   doing so, the Report puts the cart before the horse.  The Court must analyze first the actual standard

13   for determining when Rule 4(f)(3) service is available, as the Ninth Circuit set forth in *Rio*

14   *Properties*.  Only then should the Court consider the constitutional due process question.

15       All parties concur that *Rio Properties* governs when Rule 4(f)(3) service is appropriate in this

16   Circuit.  In *Rio Properties*, the Ninth Circuit made two key rulings regarding Rule 4(f)(3) service:

17   (1) Rule 4(f)(3) provides an independent means to serve process on an international defendant, but

18   (2) service through Rule 4(f)(3) is available only when "the *particularities* and *necessities* of a given

19   case *require* alternate service of process."  284 F.3d at 1015-16 (emphases added).  It is this second

20   question that the Recommendation fails to analyze, and to which the answer in this case is a

21   resounding no.

22       As the Ninth Circuit explained, to impose alternate service on a foreign litigant, including

23   through domestic counsel, a plaintiff must "demonstrate that the facts and circumstances of the

24   present case *necessitated* the district court's intervention."  284 F.3d at 1016 (emphasis added).

25   Because the plaintiff in *Rio Properties* "presented the district court with its *inability to serve an*

26   *elusive international defendant*, *striving to evade service of process*," the Ninth Circuit determined

27   that the district court had exercised properly its discretionary powers to craft alternate means of

28

Gibson, Dunn &
Crutcher LLP

-2-

DEFENDANT CHUNGHWA PICTURE TUBES, LTD.'S OBJECTIONS TO REPORT AND
RECOMMENDATION RE MOTIONS FOR SERVICE OF PROCESS ON CERTAIN DEFENDANTS

CASE NO. 3:07-CV-5944 SC

1    service.  *Id.* at 1016 (emphasis added).  In other words, a party seeking service through alternative

2    means must prove necessity, not simply expediency.[1]

3         The decisions upon which the Ninth Circuit relied in adopting its standard illustrate why this

4    case is ill-suited to alternative service.  In each of those cases, alternative service was used to address

5    the situation of an evasive international defendant.  *See SEC v. Tome*, 833 F.2d 1086 (2d Cir. 1987)

6    (initially unidentified and subsequently evasive defendant); *Int'l Controls Corp. v. Vesco*, 593 F.2d

7    166 (2d Cir. 1979) (bodyguards prevented service in The Bahamas); *Smith v. Islamic Emirate of*

8    *Afghanistan*, 2001 WL 1658211 (S.D.N.Y. Dec. 26, 2001) (evasive defendants Osama bin Laden, Al

9    Qaeda, and Taliban); *Forum Fin. Group, LLC v. President & Fellows*, 199 F.R.D. 22, 24 (D. Me.

10   2001) (noting defendant's "efforts to evade service" in Russia); *New Eng. Merchs. Nat'l Bank v. Iran*

11   *Power Generation & Transmission Co.*, 495 F. Supp. 73, 81 (S.D.N.Y. 1980) (describing the

12   "intentional avoidance on the part of Iran, its agencies and instrumentalities, of service of process in

13   an effort to frustrate the instant suits"); *Levin v. Ruby Trading Corp.*, 248 F. Supp. 537 (S.D.N.Y.

14   1965) (conventional service failed twice); *Broadfoot v. Diaz*, 245 B.R. 713, 718-19 (Bankr. N.D. Ga.

---

18   [1]   The Notes of the 1993 Advisory Committee make clear alternative service is permitted only
         in cases of "urgency":

20        Paragraph (3) [of Rule 4(f)] authorizes the court to approve other methods of
          service not prohibited by international agreements.  The Hague Convention, for
21        example, authorizes special forms of service in cases of urgency if conventional
          methods will not permit service within the time required by the circumstances.
22        Other circumstances that might justify the use of additional methods include the
          failure of the foreign country's Central Authority to effect service within the six-
23        month period provided by the Convention, or the refusal of the Central Authority
          to serve a complaint seeking punitive damages or to enforce the antitrust laws of
24        the United States.  In such cases, the court may direct a special method of service
          not explicitly authorized by international agreement if not prohibited by the
25        agreement.  Inasmuch as our Constitution requires that reasonable notice be
          given, an earnest effort should be made to devise a method of communication that
26        is consistent with due process and minimizes offense to foreign law.  A court may
          in some instances specially authorize use of ordinary mail.  *Cf. Levin v. Ruby*
          *Trading Corp.*, 248 F. Supp. 537 (S.D.N.Y. 1965).

         Notes of Advisory Committee on 1993 Amendments.  Rule 4 (LEXIS 2010) (cited with
28       approval in *Rio Props.*, 284 F.3d at 1015).

Gibson, Dunn &
Crutcher LLP

-3-

DEFENDANT CHUNGHWA PICTURE TUBES, LTD.'S OBJECTIONS TO REPORT AND        CASE NO. 3:07-CV-5944 SC
RECOMMENDATION RE MOTIONS FOR SERVICE OF PROCESS ON CERTAIN DEFENDANTS

1  2000) (defendant was a "moving target" and "virtually impossible" to find notwithstanding diligent

2  efforts).[2]

3       Here, of course, plaintiffs made no such showing—undoubtedly because the idea that a

4  longstanding Taiwanese company, traded on the Taiwanese stock exchange and with well-identified

5  and easy to locate offices in Taiwan is simply nothing like a company in Iran or Osama bin Laden.

6  Nor, of course, could plaintiffs assert that CPT had engaged in any attempts to evade or avoid

7  traditional service.  To receive court approval for alternate service through Rule 4(f)(3), Plaintiffs

8  "needed only to demonstrate that the facts and circumstances of the present case necessitated the

9  district court's intervention."  *Rio Props.*, 284 F.3d at 1016.  This they have not done, or even

10  attempted to do.

11       Instead, Plaintiffs assert merely that it would be "costly and time consuming" and that it

12  would "disrupt the substantial progress that has already occurred in the MDL."  Brass Decl. Ex. B, at

13  7.  But that is a problem of Plaintiffs' own making: they filed complaints over six months ago and

14  took *no steps* to properly serve CPT.  After taking no steps to serve process and without any evidence

15  that CPT has evaded service, they now seek to obtain a court order authorizing alternate service for

16  convenience's sake.  That is insufficient to demonstrate that alternate service is "require[d]" by "the

17  particularities and necessities" of the case as they "needed" to do.  *Rio Props.*, 284 F.3d at 1016.

18  Accordingly, they have not established that Rule 4(f)(3) service is properly available.[3]

19

20

21

22  [2]   CPT respectfully disagrees with Judge Illston's rulings in *In re TFT-LCD (flat panel)*

23  *Antitrust Litig.*, No. M:07-1827-SI, regarding when Rule 4(f)(3) service is available as an
     outlier inconsistent with the cases in which Rule 4(f)(3) service was ordered.

24

25  [3]   As Plaintiffs acknowledged before the Special Master, their original moving papers misstated
     the costs associated with serving CPT.  *See* Brass Decl. Ex. D, at 5 (Direct Action Pls.' Reply

26  to Def. Chunghwa Picture Tubes Ltd.'s Opp'n to Mot. to Serve Defs. Chunghwa Picture
     Tubes Ltd., Beijing Matsushita Color CRT Co., Ltd. and LG Electronics Taiwan Taipei Co.

27  Through Their U.S. Counsel Pursuant to Fed. R. Civ. P. 4(f)(3), ECF No. 1183).  The Special
     Master correctly disregarded this element of Plaintiffs' request in the Recommendation, as it

28  does not demonstrate necessity or provide a basis upon which to disregard CPT's due process
     rights to actual notice.  *See infra*.

Gibson, Dunn &
Crutcher LLP

DEFENDANT CHUNGHWA PICTURE TUBES, LTD.'S OBJECTIONS TO REPORT AND          CASE NO. 3:07-CV-5944 SC
RECOMMENDATION RE MOTIONS FOR SERVICE OF PROCESS ON CERTAIN DEFENDANTS

1    The failure to analyze the availability of Rule 4(f)(3) service was a legal error that resulted in

2    an erroneous recommendation to grant Plaintiffs' Rule 4 Motion.  Viewed under the proper standard,

3    Rule 4(f)(3) service is inappropriate here.

4    **B.     This Court's Prior Ruling Regarding Rule 4(f)(3) Service Does Not Apply**

5         Central to the Recommendation to authorize Rule 4(f)(3) service was a mistaken application

6    of this Court's September 3, 2008 Order regarding alternative service.  *See* Brass Decl. Ex. A, at 2

7    (citing Order Granting Indirect Purchaser Pls.' Mot. to Authorize Service on Certain Foreign Defs.,

8    ECF No. 374).  According to the Recommendation, "The only difference between that order and the

9    present motions is that the defendants in the prior motions had United States subsidiaries where

10   process could be served."  *Id.*  The Recommendation suggests that distinction was "not material here,

11   because Rule 4(f)(3) does not *require* service on a subsidiary, but only 'by . . . means not prohibited

12   by international agreement.'"  *Id.* (emphasis and ellipsis in original).

13        This reliance is misplaced.  In its previous Order, this Court addressed the distinct legal issue

14   of whether service on a domestic subsidiary through Rule 4(f)(3) was prohibited by the Hague

15   Convention.  *See* Order 3, ECF No. 374; *see also* Toshiba Opp. to Rule 4(f)(3) Service, ECF No. 357

16   (contending only that the Hague Convention governed service).  The Court held that the Hague

17   Convention did not apply because no transmittal abroad was required to effectuate service because

18   the Toshiba defendants had domestic subsidiaries, as well as U.S. counsel.  *See* Order 2-3, ECF No.

19   374.  That issue is not before the Court as to CPT.  CPT makes no assertions under the Hague

20   Convention because it is a Taiwanese corporation, and Taiwan is not a party to the Hague

21   Convention.  That ruling, therefore, is inapposite to the question before the Court regarding CPT.  *See*

22   *Mortimer v. Baca*, 594 F.3d 714, 720 (9th Cir. 2010) ("Generally, 'law of the case' does not apply to

23   issues or claims that were not actually decided.").

24        Because in its previous Order the Court did not address the question of necessity under *Rio*

25   *Properties*, particularly where a foreign defendant has no U.S. subsidiary, it does not control here.

26   **C.     The Recommendation Misapplies The Constitutional Due Process Standard**

27        Finally, the Report and Recommendation answers the wrong question regarding CPT's

28   constitutional due process rights.  The Recommendation states that "[t]he objective of the rule is to

Gibson, Dunn &
Crutcher LLP

-5-

DEFENDANT CHUNGHWA PICTURE TUBES, LTD.'S OBJECTIONS TO REPORT AND        CASE NO. 3:07-CV-5944 SC
RECOMMENDATION RE MOTIONS FOR SERVICE OF PROCESS ON CERTAIN DEFENDANTS

require a process by which the defendant gets *actual notice* of the claim against it, and the opportunity to be heard."  Brass Decl. Ex. A, at 2 (emphasis added).  It therefore concludes that "if service is directed through [Chunghwa's domestic counsel], Chunghwa will receive actual notice." *Id.* at 3.

This focus on "actual notice" is legal error.  It is well-established that actual notice of a claim does not defeat the procedural due process entitlement to proper service.  *See* Brass Decl. Ex. C, at 5-6 (Def. Chunghwa Picture Tubes, Ltd.'s Opp'n to Mot. by Direct Action Pls. to Serve Def. Chunghwa Picture Tubes, Ltd. Through Its U.S. Counsel Pursuant to Fed. R. Civ. P. 4(f)(3), ECF No. 1172) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982); *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004); *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988)).

It is well-established that actual notice does not suffice to serve the interests of due process when a defendant has not been served.  *See Omni Capital Int'l*, 484 U.S. at 104 ("Before a federal court may exercise personal jurisdiction over a defendant . . . there must be more than notice to the defendant . . . ."); *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (holding that actual notice does not subject defendants to personal jurisdiction absent proper service); *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988); *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004) ("Actual knowledge of a lawsuit does not substitute for proper service under Fed. R. Civ. P. 4.").

If this Court were to grant Plaintiffs' Motion and invoke Rule 4(f)(3) without regard to whether CPT is difficult to locate or has evaded Plaintiffs' legitimate attempts at service and without any true demonstration of burden, it would render the other subsections of Rule 4 and the fundamental tenets of due process meaningless.  Simply put, there would never be any reason to require formal service.  *Cf. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (stating the "bedrock principle" that a defendant "is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by *formal* process") (emphasis added). Allowing claimants to bypass formal process without first making a showing that the defendant's due process requirements are met collapses Rule 4 into a mere notice provision.  *See Omni Capital Int'l*,

1  484 U.S. at 104 (explaining that "there must be more than notice to the defendant"—"the procedural

2  requirement of service of summons must be satisfied").

3  Given that constitutional due process rights are at issue, this Motion is more than a procedural

4  hurdle.  Allowing Plaintiffs to serve their complaints on CPT's U.S. counsel despite the deficiencies

5  in their Motion would be tantamount to designating every foreign litigant's U.S. attorneys as agents

6  for service of process for any claim brought by any person at any time during the pendency of any

7  proceeding.  Such a proposition cannot comport with foundational principles of due process, which

8  have long required formal service of process to initiate an action.  *See Murphy Bros.*, 526 U.S. at 347.

9  Plaintiffs offer no credible justification why an exception should be granted in this case.

10  Indeed, the very evidence introduced by Plaintiffs in support of their own motion states that

11  translation is required to comport with the U.S. Constitution and Taiwanese law.  *See* Brass Decl. Ex.

12  B, at Ex. 2, p. 2 (letter re international service of process in Taiwan) ("Note that, in general, the

13  summons and complaint should be translated into Chinese in order to comport with U.S. due process

14  requirements; this is true irrespective of the method of service you intend to pursue."); *id.* (indicating

15  mandatory translation requirement under Taiwanese law); *see also* Notes of Advisory Committee on

16  1993 Amendments, Rule 4 (LEXIS 2010) ("Inasmuch as our Constitution requires that reasonable

17  notice be given, an earnest effort should be made to devise a method of communication that is

18  consistent with due process and minimizes offense to foreign law.").  Yet Plaintiffs nonetheless assert

19  that they should not bear the cost of translation or service.  *See* Brass Decl. Ex. D, at 3 (Direct Action

20  Pls.' Reply to Def. Chunghwa Picture Tubes Ltd.'s Opp'n to Mot. to Serve Defs. Chunghwa Picture

21  Tubes Ltd., Beijing Matsushita Color CRT Co., Ltd. and LG Electronics Taiwan Taipei Co. Through

22  Their U.S. Counsel Pursuant to Fed. R. Civ. P. 4(f)(3), ECF No. 1183) (labeling service and

23  translation an "unnecessary cost that should not be born [sic] by the DAPs").  Economic fretting does

24  not outweigh constitutional protections.  *Cf. Young v. Am. Mini Theatres, Inc.*, 427 U.S. 50, 78 (1976)

25  (Powell, J., concurring) ("The inquiry for First Amendment purposes is not concerned with economic

26  impact; rather, it looks only to the effect of this ordinance upon freedom of expression.").

27

28

Gibson, Dunn &
Crutcher LLP

-7-

DEFENDANT CHUNGHWA PICTURE TUBES, LTD.'S OBJECTIONS TO REPORT AND        CASE NO. 3:07-CV-5944 SC
RECOMMENDATION RE MOTIONS FOR SERVICE OF PROCESS ON CERTAIN DEFENDANTS

1    This Court should reject the erroneous application of long-established constitutional notice

2    requirements, and heed the Supreme Court's clear admonishment: "[P]rocess which is a mere gesture

3    is not due process." *Mullane*, 339 U.S. at 315.

4                              **III.    CONCLUSION**

5    At bottom, Plaintiffs seek to avoid formal service because informal service is easier.  This is

6    not enough to justify circumventing formal "[s]ervice of process, [which] under longstanding

7    tradition in our system of justice, is fundamental to any procedural imposition on a named

8    defendant." *Murphy Bros.*, 526 U.S. at 350.

9    The Report recommending granting Plaintiffs' Rule 4 Motion is contrary to law.  For the

10   reasons set forth above, CPT respectfully objects to the Report and requests that this Court deny

11   service through Rule 4(f)(3).

12

13   DATED:  June 13, 2012                    GIBSON, DUNN & CRUTCHER LLP
                                              RACHEL S. BRASS
14

15

16                                           By:      /s/ Rachel S. Brass

17                                           Joel S. Sanders (SBN 107234)
                                             Rachel S. Brass (SBN 219301)
18                                           Austin Schwing (SBN 211696)
                                             Joel Willard (SBN 247899)
19                                           GIBSON, DUNN & CRUTCHER LLP
                                             555 Mission Street, Suite 3000
20                                           San Francisco, CA 94105
                                             (415) 393.8200 (Phone)
21                                           (415) 393.8306 (Facsimile)
                                             *rbrass@gibsondunn.com*
22
                                             Attorneys for Defendant
23                                           CHUNGHWA PICTURE TUBES, LTD.

24   101301424.2

25

26

27

28

1

**DECLARATION OF SERVICE**

2

I, Christine Fujita, declare as follows:

3

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, California, 94105, in said County and State.  On June 13, 2012, I served the within:

4

5

**DEFENDANT CHUNGHWA PICTURE TUBES, LTD.'S OBJECTIONS TO REPORT AND RECOMMENDATION REGARDING MOTIONS FOR SERVICE OF PROCESS ON CERTAIN DEFENDANTS**

6

7

to all named counsel of record as follows:

8

         **BY ECF (ELECTRONIC CASE FILING)**:  I e-filed the above-detailed documents utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service on June 13, 2012.  Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

9

10

11

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Declaration of Service was executed by me on June 13, 2012, at San Francisco, California.

12

13

14
_____/s/_____
Christine Fujita

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF SERVICE                                    CASE NO. 3:07-CV-5944 SC