# EXHIBIT B

1   ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
    Roman M. Silberfeld, Bar No. 62783
2   RMSilberfeld@rkmc.com
    David Martinez, Bar No. 193183
3   DMartinez@rkmc.com
    Jordan S. Paul, Bar No. 277174
4   JSPaul@rkmc.com
    2049 Century Park East, Suite 3400
5   Los Angeles, CA 90067-3208
    Telephone:   310-552-0130
6   Facsimile:   310-229-5800

7   ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
    Elliot S. Kaplan, Bar No. 53624
8   ESKaplan@rkmc.com
    K. Craig Wildfang (*Pro Hac Vice*)
9   KCWildfang@rkmc.com
    Laura E. Nelson, Bar No. 231856
10   LENelson@rkmc.com
    800 LaSalle Avenue
11   2800 LaSalle Plaza
    Minneapolis, MN 55402
12   Telephone:   612-349-8500
    Facsimile:   612-339-4181
13

    Attorneys for Plaintiffs
14   BEST BUY CO., INC.; BEST BUY PURCHASING
    LLC; BEST BUY ENTERPRISE SERVICES, INC.;
15   BEST BUY STORES, L.P.; BESTBUY.COM,
    L.L.C.; and MAGNOLIA HI-FI, INC.
16

17               UNITED STATES DISTRICT COURT

18            NORTHERN DISTRICT OF CALIFORNIA

19               SAN FRANCISCO DIVISION

20

| 21 | IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC<br>MDL No. 1917 |
|---|---|---|
| 22 | | The Honorable Samuel Conti |
| 23 | This Document Relates to: | **DIRECT ACTION PLAINTIFFS' NOTICE OF** |
| 24 | ALL DIRECT ACTION COMPLAINTS AND DOCUMENTS | **MOTION AND MOTION TO SERVE DEFENDANTS CHUNGHWA PICTURE** |
| 25 | | **TUBES LTD., BEIJING MATSUSHITA COLOR CRT CO., LTD., AND LG** |
| 26 | | **ELECTRONICS TAIWAN TAIPEI CO. THROUGH THEIR U.S. COUNSEL** |
| 27 | | **PURSUANT TO FED. R. CIV. P. 4(f)(3); MEMORANDUM OF POINTS AND** |
| 28 | | **AUTHORITIES IN SUPPORT THEREOF** |

60577737.1                              MOTION TO SERVE CERTAIN FOREIGN
                                      DEFENDANTS THROUGH U.S. COUNSEL
                                    MASTER FILE NO:07-CV-05944-SC

|  |  |  |
|---|---|---|
| 1 | *Electrograph systems, Inc., et al., v. Hitachi, Ltd., et al., Case No.* | Hearing Date: May 15, 2012 |
| 2 | *11-CV-01656-SC* | Time: 10:00 a.m. |
| | | JAMS: Two Embarcadero Center, Suite 1500 |
| 3 | *Interbond Corporation of America, v. Hitachi, Ltd., et al, Case No. 11-CV-06275-* | Special Master: Hon. Charles A. Legge |
| 4 | *SC* | |

1  *Electrograph systems, Inc., et al., v. Hitachi, Ltd., et al., Case No. 11-CV-01656-SC*

Hearing Date: May 15, 2012
Time: 10:00 a.m.
JAMS: Two Embarcadero Center, Suite 1500
Special Master: Hon. Charles A. Legge

3  *Interbond Corporation of America, v. Hitachi, Ltd., et al, Case No. 11-CV-06275-SC*

5  *Office Depot, Inc., v. Hitachi, Ltd., et al., Case No. 11-CV-06276-SC*

7  *Costco Wholesale Corporation, v. Hitachi, Ltd., et al., Case No. 11-CV-06397-SC*

8  *Compucom Systems, Inc., v. Hitachi, Ltd., et al., Case No. 11-CV-06396-SC*

10  *Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust, v. Hitachi, Ltd. et al., Case No. 11-CV-05502-SC*

12  *Target Corp. et al., v. Chunghwa Pictures Tubes, Ltd., et al., Case No. 11-CV-05514 (EDL)*

14  *John R. Stoebner, as Chapter 7 Trustee for PBE Consumer Electronics, LLC, et al., v. LG Electronics, Inc., et al., Case No. CV-11-05381-SC*

17  *P.C. Richard & Son Long Island Corporation, et al., v. Hitachi, Ltd., et al., Case No. 11-CV-05530 (JBW, VVP)*

19  *Schultze Agency Services, LLC, et al., v. Hitachi, Ltd., et al., Case No. 11-CV-05529*

20  *Target Corp., et al., v. Hitachi, Ltd., et al., Case No. 11-CV-05515*

22  *Best Buy Co., Inc., et al., v. Hitachi, Ltd., et al., Case No. 11-CV-05513-SC*

23

24

25

26

27

28

- 2 -    MOTION TO SERVE CERTAIN FOREIGN
DEFENDANTS THROUGH U.S. COUNSEL
MASTER FILE NO:07-CV-05944-SC

1

**NOTICE OF MOTION AND MOTION**

2

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3      PLEASE TAKE NOTICE that the Direct Action Plaintiffs that are signatories to this

4  motion (the "DAPs") hereby move this Court for an Order permitting the DAPs to serve the

5  following foreign defendants via U.S. Mail through their respective U.S. counsel pursuant to

6  Federal Rule of Civil Procedure 4(f)(3): (i) Chunghwa Picture Tubes Ltd. ("Chunghwa"), (ii) LG

7  Electronics Taiwan Taipei Co. ("LGETT"), and (iii) Beijing Matsushita Color CRT Co., Ltd.

8  ("BMCC") (collectively, the "Foreign Defendants").  This motion is made pursuant to Rule

9  4(f)(3) of the Federal Rules of Civil Procedure ("Rule 4") and on the grounds that the facts and

10  circumstances of the present case warrant the District Court's intervention to effect service on the

11  Foreign Defendants in Taiwan and China.

12      This motion is scheduled to be heard on May 15, 2012 at 10:00 a.m. before Special Master

13  Charles A. Legge at the office of JAMS, Two Embarcadero Center, Suite 1500, San Francisco,

14  California.  It is based upon this Notice of Motion and Motion (the "Motion"), the following

15  Memorandum of Points and Authorities, the supporting Declaration of Jordan S. Paul ("Paul

16  Decl."), the Reply in Support of this Motion, other papers and pleadings on file, and such other

17  argument and evidence as may be presented to the Court at or prior to the hearing on this Motion.

18

**MEMORANDUM OF POINTS AND AUTHORITIES**

19  **I.      INTRODUCTION**

20      This Court should grant the DAPs' Motion to serve the Foreign Defendants through their

21  U.S. Counsel because it is the most cost-effective and practical method of service, particularly in

22  light of the Foreign Defendants' long-standing notice of the action and continued refusal to accept

23  service.  Such a ruling would fall soundly within this Court's discretion under Rule 4(f)(3) of the

24  Federal Rules of Civil Procedure to authorize alternative service of process on foreign defendants

25  so long as the means chosen comport with due process and comply with international law.

26      Indeed, this Court has already recognized that alternative service of process is appropriate

27  in this MDL.  On September 3, 2008, this Court granted an identical motion brought by the

28  Indirect Purchaser Plaintiffs ("IPPs") against Koninklijke Philips Electronics N.V.

- 1 -                    MOTION TO SERVE CERTAIN FOREIGN
                                                                                           DEFENDANTS THROUGH U.S. COUNSEL
                                                                                           MASTER FILE NO:07-CV-05944-SC

("Koninklijke") and Toshiba Corporation ("Toshiba"). *See Cathode Ray Tube (CRT) Antitrust Litig. v. Chunghwa Picture Tubes, Ltd.*, 3:07-cv-05944-SC, 2008 U.S. Dist. LEXIS 111384, at *31 (N.D. Cal. Sept. 3, 2008), Docket No. 374. Because of the substantial difficulty, time, and expense that the DAPs would face in serving the Foreign Defendants in Taiwan and China, and because the Foreign Defendants have had notice of and have participated in the MDL, the Court should grant the DAPs' request for such alternative service and permit the DAPs to serve their Complaints on the Foreign Defendants via first class mail to their attorneys in the United States.

## II.    PROCEDURAL BACKGROUND

On or about November 2011, the DAPs filed Complaints against various defendants for conspiring to fix the prices of cathode ray tubes ("CRTs") in violation of Section 1 of the Sherman Act and under state antitrust and unfair competition laws.[1]

Since that time, the DAPs have engaged in negotiations with Defendants' U.S. counsel regarding service of the Complaints. In a stipulation filed with the Court on March 15, 2012, seventeen Defendants stipulated to the waiver of service of process (the "Service Stipulation"). (Paul Decl. ¶ 11); *See* Docket No. 1088. Neither Chunghwa, LGETT, nor BMCC joined in the Service Stipulation, and their U.S. counsel have since refused to accept service. (Paul Decl. ¶¶ 10-11).

Chunghwa has appeared and participated in this MDL through U.S. counsel, Gibson, Dunn & Crutcher ("Gibson Dunn"). (Paul Decl. ¶ 6). Gibson Dunn first appeared in the MDL on behalf of Chunghwa on October 15, 2010. *See* Docket No. 785. Since that time, Gibson Dunn has repeatedly appeared as counsel for Chunghwa and provided declarations, joined in motions to file confidential documents under seal, and most recently, joined in motions for preliminary approval of indirect purchaser class action settlements with Chunghwa. (Paul Decl. ¶ 6); *see e.g.* Docket Nos. 891, 942, 943, and 960.

---

[1] DAPs Electrograph Systems, Inc. and Electrograph Technologies Corp. filed their Complaint on March 10, 2011 and DAPs Target Corp., Sears Roebuck and Co., Kmart Corp., Old Comp Inc., Good Guys, Inc., and RadioShack Corp. filed their Complaint on January 6, 2012.

1    Sidley Austin LLP ("Sidley Austin") first appeared in the MDL on behalf of LGETT on

2    May 18, 2009.  (Paul Decl. ¶ 7).  On April 29, 2010, Arnold & Porter LLP ("Arnold & Porter")

3    also appeared for LGETT.  Since then, both law firms have appeared numerous times as counsel

4    for LGETT, filing motions to dismiss, submitting declarations, joining motions, submitting

5    objections to Special Master's Rulings, and answering complaints.  (Paul Decl. ¶ 7); *see e.g*

6    Docket Nos. 467, 469, 470, 471, 472, 479, 481, 485, 546, 553, 555, 611, 614, 667, 675, 676, 780,

7    781, 782, 813, 814, 857, 936, 946, 987, and 1040.

8    Freshfields Bruckhaus Deringer US LLP ("Freshfields") first appeared in the MDL on

9    behalf of BMCC on July 17, 2008.  (Paul Decl. ¶ 8); *See* Docket No. 332.  Since then, Freshfields

10   has appeared numerous times as counsel for BMCC, accepting service of process, objecting to

11   discovery requests, filing motions to dismiss, and answering complaints.  (Paul Decl. ¶ 8); s*ee*

12   *e.g.* Docket Nos. 372, 400, 463, 479, 485, 546, 551, 555, 614, 618, 667, 677, 678, 780, 813; 858,

13   936, 975, and 1043.

14   By virtue of the Foreign Defendants' and their counsels' substantive involvement in the

15   MDL, it is clear that the Foreign Defendants have had notice of these MDL proceedings and of

16   the DAPs' actions against them.

17   Chunghwa, along with other defendants, was similarly uncooperative in the *In re: TFT-*

18   *LCD (flat panel) Antitrust Litigation,* No. M:07-1827-SI ("LCD Litigation").  There, Judge Illston

19   repeatedly and invariably issued orders granting motions to serve Chunghwa and other defendants

20   through their U.S. counsel pursuant to Rule 4 on <u>twenty-one</u> occasions.  *See e.g.* Docket Nos.

21   725, 1309, 1657, 1779, 2109, 2532, 2539, 2584, 2747, 2748, 2825, 3079, 3217, 3345, 3394, 3443,

22   3654, 3655, 4785, 4797, and 4798.  (Paul Decl. ¶ 9, Exh. 1).

23   One of these Rule 4 orders arose out of a motion brought by Best Buy against Chunghwa,

24   where Judge Illston held, the "record clearly indicates that Chunghwa has consulted its U.S.

25   counsel regarding the MDL lawsuits and participated in the MDL cases through its U.S.

26   Counsel."  *See* LCD Litigation*,* Docket No. 2539, *citing*, *Rio Properties, Inc. v. Rio Intern.*

27   *Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002).

28

1    Accordingly, this Court should rule exactly as it did with respect to Koninklijke and

2    Toshiba, and permit service on Chunghwa's, LGETT's, and BMCC's counsel under Fed. R. Civ.

3    P. 4(f)(3).

4    **III.    ARGUMENT**

5    The DAPs should be permitted to serve the Foreign Defendants through their respective

6    U.S. counsel pursuant to Rule 4 because such service comports with due process and does not

7    violate any international agreement. Service through counsel is a well-established practice that is

8    efficient and cost-effective and, under the circumstances, warranted in this case.

9    **A.    Legal Standard For Alternative Service Under Federal Rule 4(f)**

10   Rule 4(f) of the Federal Rules of Civil Procedure allows a party to serve a foreign

11   corporation through its U.S. counsel. Indeed, Rule 4(f) specifically provides that service may be

12   served through any one of several methods, including: (i) an international agreement such as The

13   Hague Convention; (ii) the letter rogatory process; or (iii) **any other method** allowed by a court

14   that is not in violation of a defendant's due process rights or otherwise prohibited by international

15   agreement. Fed. R. Civ. P. 4(f)-(h) (emphasis added).[2] Each of these methods is equivalent to one

16   another, and "Rule 4(f) does not denote any hierarchy or preference of one method of service over

17   another." *Tech Data Corp. v. AU Optronics Corp. (In re TFT-LCD (Flat Panel) Antitrust Litig.)*,

18   2012 U.S. Dist. LEXIS 17021 (N.D. Cal. Feb. 9, 2012) (permitting service on Chunghwa through

19   its U.S. counsel); *see also FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va.

20   2005).

21   It is soundly within this Court's discretion to permit service on the Foreign Defendants

22   through their U.S. counsel. *Rio Props, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-15 (9th

23   Cir. 2002) (permitting service on foreign defendant through its U.S. counsel). Further, Rule 4

24   does not require a party to attempt any other method of service before moving the Court for an

25   order allowing an alternative method of service. *Id.* at 1015-16 (stating that "service of process

26   under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief'" but instead "merely one

27   

---

[2] Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individual foreign defendants.

28   

60577737.1                                    - 4 -

1    means among several which enables services of process on an international defendant").  Instead,

2    a plaintiff "need[] only to demonstrate that the facts and circumstances of the present case

3    necessitate[] the district court's intervention." *Id.*[3]

4           Federal courts have authorized a variety of alternative methods of service under Rule

5    4(f)(3), including through a defendant's attorney, *see, e.g., Rio*, 284 F.3d at 1017; *Forum Fin.*

6    *Group, LLC v. President & Fellows of Harvard Coll*, 199 F.R.D. 22, 23-24 (D. Me. 2001);

7    *FMAC Loan Receivables*, 228 F.R.D. at 534-35, through email directly to the foreign defendant,

8    *see, e.g., Rio Props, Inc.* at 1017, and via Federal Express.  *TracFone Wireless, Inc. v. Distelec*

9    *Distribuciones Electronicas, S.A. de* DV, 2010 WL 3359529 (S.D. Fla. Aug. 23, 2010).

10          Following this clear precedent, this Court has already permitted service of foreign

11   corporations through their U.S. subsidiaries when the parties are already represented by U.S.

12   counsel, including "…even those who are signatories to the Hague Convention…where the

13   foreign defendants have domestic subsidiaries and/or counsel and where service does not require

14   transmittal abroad."  *See, e.g., Cathode Ray Tube (CRT) Antitrust Litig.*, 2008 U.S. Dist. LEXIS

15   111384, at *31 (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988);

16   *In re LDK Solar Secs. Litig.,* 2008 U.S. Dist. LEXIS 90702 (N.D. Cal. June 12, 2008)

17   ("Significantly, FRCP 4(f)(3) stands independently of FRCP 4(f)(1); it is not necessary for

18   plaintiffs to first attempt service through 'internationally agreed means' before turning to 'any

19   other means not prohibited by international agreement.'")

20

21

22

23

---

24   [3] To be sure, when determining the appropriateness of alternative service, a court must also
     consider whether the proposed method of service comports with constitutional notions of due
25   process.  *Rio Props, Inc.*, 284 F.3d at 1017 (citing *Mullane v. Cent. Hanover Bank & Trust Co.*,
     339 U.S. 306 (1950)).  This requirement is satisfied when "the method of service crafted by the
26   district court [is] 'reasonably calculated, under all the circumstances, to apprise interested parties
     of the pendency of the action and afford them an opportunity to present their objections.'"  *Rio*
27   *Props, Inc.*, 284 F.3d at 1016.  Service must also comport with international law, which can
     include service by any method not prohibited by international agreement, and as the court orders.
28   Fed. R. Civ. P. 4(f)(3).

                                                       MOTION TO SERVE CERTAIN FOREIGN
                                                       DEFENDANTS THROUGH U.S. COUNSEL
                                                       MASTER FILE NO:07-CV-05944-SC

**B.** **This Court Has Previously Permitted Other Plaintiffs To Serve Other Foreign Defendants Through Their U.S. Counsel**

Applying the standard outlined above, this Court has permitted other plaintiffs in this MDL to serve their complaints on other foreign defendants through their U.S. counsel. On identical facts, the IPPs moved for permission to serve Koninklijke and Toshiba through their U.S. counsel because these two entities had refused to sign a stipulation authorizing service on U.S. counsel that *every single other defendant had signed. See* Docket Nos. 344, 353.

Koninklijke and Toshiba opposed this motion, but this Court flatly rejected their argument and permitted service under Rule 4(f)(3). *See* Docket Nos. 354 and 374. Judge Conti adopted the August 29, 2008, Report and Recommendation issued by Special Master Judge Legge and held that "service… is proper under Rule 4(f)(3) where the foreign defendants have domestic subsidiaries and/or counsel and where service does not require transmittal abroad." *Cathode Ray Tube (CRT) Antitrust Litig.*, 2008 U.S. Dist. LEXIS 111384, at *32 ("Defendants have provided no explanation for why transmittal abroad would be required in the present case, when federal law plainly permits service on Defendants' domestic subsidiaries or domestic counsel.").

Similarly, in the LCD Litigation, Chunghwa repeatedly refused service on counsel. In response to the plaintiffs' motions, Judge Illston, time and time again, approved service on their U.S. counsel. For example, on October 6, 2009, the Court granted the Direct Purchaser Plaintiffs' Motion to Serve their Consolidated Amended Complaint on, *inter alia,* Chunghwa through its attorneys in the U.S. *ATS Claim, LLC v. Epson (In re TFT-LCD Antitrust Litig.)*, 2009 U.S. Dist. LEXIS 93448, at *2 (N.D. Cal. Oct. 6, 2009). In granting the Direct Purchaser Plaintiffs' motion, the Court held that serving Chunghwa through its counsel in the MDL did not violate Chunghwa's due process rights because Chunghwa had sufficient notice of the proceedings, especially given that its attorneys had already been consulted about the MDL. *Id.* Judge Illston issued similar orders, applying the same analysis, on multiple other occasions. (Paul Decl. ¶ 9, Exh. 1); Docket Nos. 725, 1657, 1779, 2109, 2532, 2539, 2584, 2747, 2748, 2825, 3079, 3217, 3345, 3394, 3443, 3654, 3655, 4785, 4797, and 4798. (all granting the LCD Litigation plaintiffs'

1   motions to serve defendants through U.S. counsel under rule 4(f)(3)). The same result is

2   warranted here.

3   **C.**   **Service On The Foreign Defendants Through Their U.S. Counsel Is A**

4   **Reasonable Method Given The Current Status Of The MDL**

5           The DAPs should be permitted to serve the Foreign Defendants through their U.S. counsel

6   just as this Court permitted the IPPs to do so under the same exact circumstances. Doing so will

7   prevent further delay of the DAPs' prosecution of their claims against the Foreign Defendants, as

8   well as the progress currently being made in the MDL. Indeed, the DAPs will be bound to the

9   case schedule the Special Master has recommended in this MDL. Yet, if the DAPs have to serve

10  the Foreign Defendants through the costly and time consuming letter rogatory process or under

11  the Hague Convention, those defendants may not even respond to the DAP Complaints in a

12  manner consistent with this schedule. The Foreign Defendants should not be permitted to disrupt

13  the substantial progress that has already occurred in the MDL by hiding behind a formality that

14  was designed to protect an interest that has obviously already been met.

15          Here, service of the Foreign Defendants through their U.S. counsel is a faster, more

16  efficient method of service than under the letter rogatory process. The DAPs have been advised

17  that it could take between six and nine months (or more) to effectuate service on Chunghwa and

18  LGETT through the letter rogatory process and up to eight months to serve BMCC under the

19  Hague Convention. (Paul Decl. ¶¶ 12-14; Exh. 2). The translation and service of the Complaints

20  and associated documents would cost approximately $214,000 for Chunghwa and LGETT and

21  approximately $53,000 for BMCC. (Paul Decl. ¶¶ 12-14; Exh. 2). If the Court were to deny this

22  Motion and the DAPs were forced to serve the Foreign Defendants in Taiwan and China, it could

23  be 2013 before those defendants are even required to answer the DAPs' Complaints. By that

24  time, the discovery period in the MDL may have already expired. Thus, this Court should order

25  service of the DAPs' Complaints on the Foreign Defendants through first class mail to their

26  respective U.S. counsel.

27

28

**D.** **Service Of The Foreign Defendants Through Their U.S. Counsel Would Not Violate The Foreign Defendants' Due Process Rights**

Service of the Foreign Defendants through their U.S. counsel in no way implicates or compromises their due process rights. A number of district courts, including this Court, have determined that serving foreign defendants through their U.S. counsel is an effective means of providing defendants with notice because counsel can easily locate their clients and communicate with them regarding the pending lawsuit. *Cathode Ray Tube (CRT) Antitrust Litig.*, 2008 U.S. Dist. LEXIS 111384, at *31; *see also KPN B.V. v. Corcyra D.O.O.*, No. 08-CV- 1549 (JGK), 2009 U.S. Dist. LEXIS 20906, at *5 (S.D.N.Y. Mar. 16, 2009) (granting permission under Rule 4(f)(3) to serve defendants' U.S. attorneys because counsel was aware of facts, had already made limited appearance, and was not likely to disregard notice of the action); *Forum Fin. Group*, 199 F.R.D. at 25 (holding that service on foreign defendant's attorney was likely to provide defendant with notice because attorney was in communication with client). Indeed, this approach is consistent with the flexible design of Rule 4 and comports with the due process requirement that a defendant receives notice about actions pending against it. *See United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).

Here, the Foreign Defendants became aware of the DAPs' Complaints, at the latest, when the DAPs filed their respective Notice of Potential Tag-Along or when each action was transferred or reassigned to the MDL. During the DAPs' negotiations with Defendants regarding the Service Stipulation, Jeffrey Kessler, interim liaison counsel for the Defendants, indicated that he was in contact with counsel for the Foreign Defendants, but they would agree to accept service and sign the Service Stipulation. (Paul Decl. ¶¶ 10-11). As a result, it is clear that the Foreign Defendants have had sufficient notice of the DAPs' Complaints against them, and there is no risk that the Foreign Defendants' due process rights would be infringed if the Court allows the DAPs to serve them through their U.S. counsel.

**IV. CONCLUSION**

Permitting the DAPs to serve the Foreign Defendants through their U.S. Counsel is reasonable given the long, costly process of formally serving the Complaints on these defendants

1   in Taiwan and China.  Moreover, this method of service would not infringe upon the Foreign

2   Defendants' due process rights because they have had ample notice of the DAPs' claims through

3   the DAPs' contact with their attorneys and consolidation of the DAPs' cases with the MDL.

4   Accordingly, the Court should grant the instant motion in all respects.

5   DATED:  April 10, 2012                 **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

6

7                                          By:    /s/ David Martinez
                                                 Roman M. Silberfeld
                                                 David Martinez
8
                                           Attorneys for Plaintiffs
9                                          BEST BUY CO., INC.; BEST BUY PURCHASING
                                           LLC; BEST BUY ENTERPRISE SERVICES, INC.;
10                                         BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.;
                                           and MAGNOLIA HI-FI, INC.
11

12  DATED:  April 10, 2012                 **BOIES, SCHILLER & FLEXNER LLP**

13

14                                         By:    /s/ Philip J. Iovieno
                                                 William A. Isaacson
15                                               Jennifer Milici
                                                 Stuart Singer
                                                 Philip J. Iovieno
16                                               Anne M. Nardacci

17                                         LIAISON COUNSEL FOR DIRECT ACTION
                                           PLAINTIFFS; AND ATTORNEYS FOR PLAINTIFFS
18                                         ELECTROGRAPH SYSTEMS, INC.,
                                           ELECTROGRAPH TECHNOLOGIES, CORP.,
19                                         OFFICE DEPOT, INC., COMPUCOM SYSTEMS,
                                           INC., INTERBOND CORPORATION OF AMERICA,
20                                         P.C. RICHARD & SON LONG ISLAND
                                           CORPORATION, MARTA COOPERATIVE OF
21                                         AMERICA, INC., ABC APPLIANCE, INC.,
                                           SCHULTZE AGENCY SERVICES LLC ON BEHALF
22                                         OF TWEETER OPCO, LLC, AND TWEETER
                                           NEWCO, LLC

23

24

25

26

27

28

1   DATED:  April 10, 2012            **CROWELL MORING LLP**

2
                                      By:  ___/s/ Jason c. Murray_____
3                                          Jason C. Murray
                                           Jerome (Jerry) A. Murphy
4
                                      ATTORNEYS FOR PLAINTIFFS
5                                     TARGET CORP.; SEARS, ROEBUCK AND CO.;
                                      KMART CORP.; OLD COMP INC.; AND GOOD
6                                     GUYS, INC.; RADIOSHACK CORP.

7   DATED:  April 10, 2012            **LINDQUIST & VENNUM P.L.L.P.**

8
                                      By:   ___/s/ Kelly G. Laudon_____
9                                          Jessica L. Meyer (SBN: 249064)
                                           James M. Lockhart (*pro hac vice*)
10                                         James P. McCarthy (*pro hac vice*)
                                           Kelly G. Laudon (*pro hac vice*)
11                                         Lindquist & Vennum P.L.L.P.
                                           4200 IDS Center
12                                         80 South Eighth Street
                                           Minneapolis, MN 55402
13                                         Telephone: (612) 371-3211
                                           Facsimile: (612) 371-3207
14                                         Email: jmeyer@lindquist.com
                                           Email: jlockhart@lindquist.com
15                                         Email: jmccarthy@lindquist.com
                                           Email: klaudon@lindquist.com
16
                                      ATTORNEYS FOR PLAINTIFFS JOHN R.
17                                    STOEBNER, AS CHAPTER 7 TRUSTEE FOR PBE
                                      CONSUMER ELECTRONICS, LLC AND RELATED
18                                    ENTITIES; AND DOUGLAS A. KELLEY, AS
                                      CHAPTER 11 TRUSTEE FOR PETTERS COMPANY,
19                                    INC. AND RELATED ENTITIES, AND AS
                                      RECEIVER FOR PETTERS COMPANY, LLC AND
20                                    RELATED ENTITIES

21  DATED:  April 10, 2012            **PERKINS COIE LLP**

22
                                      By:   ___/s/ David J. Burman_____
23                                         David J. Burman
                                           Nick Hesterberg
24                                         Euphemia N. Thomopulos

25                                    **ATTORNEYS FOR PLAINTIFF**
                                      **COSTCO WHOLESALE CORPORATION**
26

27

28

60577737.1                          - 10 -

DATED:  April 10, 2012          **SUSMAN GODFREY L.L.P.**

                                By:   /s/ H. Lee Godfrey
                                      H. Lee Godfrey
                                      Kenneth S. Marks
                                      David Peterson
                                      Jonathan J. Ross
                                      Parker C. Folse, III
                                      Rachel S. Black

                                ATTORNEYS FOR PLAINTIFFS
                                ALFRED H. SIEGEL, AS TRUSTEE OF THE
                                CIRCUIT CITY STORES, INC. LIQUIDATING
                                TRUST

      Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this document has been obtained from the Direct Action Plaintiffs.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Roman M. Silberfeld, Bar No. 62783
RMSilberfeld@rkmc.com
David Martinez, Bar No. 193183
DMartinez@rkmc.com
Jordan S. Paul, Bar No. 277174
JSPaul@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone:    310-552-0130
Facsimile:    310-229-5800

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Elliot S. Kaplan, Bar No. 53624
ESKaplan@rkmc.com
K. Craig Wildfang (*Pro Hac Vice*)
KCWildfang@rkmc.com
Laura E. Nelson, Bar No. 231856
LENelson@rkmc.com
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone:    612-349-8500
Facsimile:    612-339-4181

Attorneys for Plaintiffs
BEST BUY CO., INC.; BEST BUY PURCHASING
LLC; BEST BUY ENTERPRISE SERVICES, INC.;
BEST BUY STORES, L.P.; BESTBUY.COM,
L.L.C.; and MAGNOLIA HI-FI, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC<br>MDL No. 1917<br><br>The Honorable Samuel Conti |
| This Document Relates to:<br><br>ALL DIRECT ACTION COMPLAINTS AND DOCUMENTS | **DECLARATION OF JORDAN S. PAUL IN SUPPORT OF DIRECT ACTION PLAINTIFFS' MOTION TO SERVE DEFENDANTS CHUNGHWA PICTURE TUBES LTD., LG ELECTRONICS TAIWAN TAIPEI CO., AND BEIJING MATSUSHITA COLOR CRT CO., LTD. THROUGH THEIR U.S. COUNSEL PURSUANT TO FED. R. CIV. P. 4(f)(3)** |

60573383.2

DECLARATION OF JORDAN S. PAUL IN SUPPORT OF
MOTION TO SERVE FOREIGN DEFENDANTS THROUGH
U.S. COUNSEL - MASTER FILE NO. 3:07-CV-05944-SC

| | |
|---|---|
| 1<br>2 | *Electrograph systems, Inc., et al., v. Hitachi, Ltd., et al., Case No. 11-CV-01656-SC* |
| 3<br>4 | *Interbond Corporation of America, v. Hitachi, Ltd., et al, Case No. 11-CV-06275-SC* |
| 5<br>6 | *Office Depot, Inc., v. Hitachi, Ltd., et al., Case No. 11-CV-06276-SC* |
| 7 | *Costco Wholesale Corporation, v. Hitachi, Ltd., et al., Case No. 11-CV-06397-SC* |
| 8<br>9 | *Compucom Systems, Inc., v. Hitachi, Ltd., et al., Case No. 11-CV-06396-SC* |
| 10<br>11 | *Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust, v. Hitachi, Ltd. et al., Case No. 11-CV-05502-SC* |
| 12<br>13 | *Target Corp. et al., v. Chunghwa Pictures Tubes, Ltd., et al., Case No. 11-CV-05514 (EDL)* |
| 14<br>15<br>16 | *John R. Stoebner, as Chapter 7 Trustee for PBE Consumer Electronics, LLC, et al., v. LG Electronics, Inc., et al., Case No. CV-11-05381-SC* |
| 17<br>18 | *P.C. Richard & Son Long Island Corporation, et al., v. Hitachi, Ltd., et al., Case No. 11-CV-05530 (JBW, VVP)* |
| 19 | *Schultze Agency Services, LLC, et al., v. Hitachi, Ltd., et al., Case No. 11-CV-05529* |
| 20<br>21 | *Target Corp., et al., v. Hitachi, Ltd., et al., Case No. 11-CV-05515* |
| 22 | *Best Buy Co., Inc., et al., v. Hitachi, Ltd., et al., Case No. 11-CV-05513-SC* |

Hearing Date: May 15, 2012
Time: 10:00 a.m.
JAMS: Two Embarcadero Center, Suite 1500
Special Master: Hon. Charles A. Legge

23
24
25
26
27
28

60573383.2

- 2 -

# DECLARATION OF JORDAN S. PAUL

I, Jordan S. Paul, hereby declare as follows:

1.      I am an attorney with the law firm of Robins, Kaplan, Miller & Ciresi L.L.P., which represents Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services, Inc.; Best Buy Stores, L.P.; Bestbuy.com, L.L.C. and Magnolia Hi-Fi, Inc. (collectively, "Best Buy") in the above-captioned action (the "Best Buy Action") as well as related multidistrict litigation captioned *In re Cathode Ray Tube (CRT) Antitrust Litigation*, 3:07-cv-05944-SC (the "MDL"), currently pending in the United States District Court for the Northern District of California.

2.      I am a member in good standing of the State Bar of California and admitted to practice before the United States District Court for the Northern District of California.

3.      I submit this declaration in accordance with Local Rule 7-5, N.D. Cal., to set forth facts in support of the Direct Action Plaintiffs' Notice Of Motion And Motion To Serve Defendants Chunghwa Picture Tubes Ltd. ("Chunghwa"), LG Electronics Taiwan Taipei Co. ("LGETT"), and Beijing Matsushita Color CRT Co., Ltd. ("BMCC") through their U.S. Counsel Pursuant to Fed. R. Civ. P. 4(f)(3) filed concurrently herewith.

4.      The matters stated herein are true to my own personal knowledge, and, if called as a witness, I could and would competently testify thereto.

5.      On or about November 2011, the Direct Action Plaintiffs ("DAPs") that are signatories to the accompanying motion filed complaints (the "Complaints") in the United States District Court against various Defendants for conspiring to fix the prices of cathode ray tubes ("CRTs") in violation of Section 1 of the Sherman Antitrust Act and state antitrust and unfair competition laws. Since that time, each of these actions has been transferred or reassigned to the MDL in this matter, Docket No. 3:07-cv-05944-SC.[1]

6.      Chunghwa has been represented in the MDL by the law firm of Gibson, Dunn & Crutcher ("Gibson Dunn") at 555 Mission Street, San Francisco, CA 94105 since at least

---

[1] DAPs Electrograph Systems, Inc. and Electrograph Technologies Corp. filed their Complaint on March 10, 2011 and DAPs Target Corp., Sears Roebuck and Co., Kmart Corp., Old Comp Inc., Good Guys, Inc., and RadioShack Corp. filed their Complaint on January 6, 2012.

DECLARATION OF JORDAN S. PAUL IN SUPPORT OF
MOTION TO SERVE FOREIGN DEFENDANTS THROUGH
U.S. COUNSEL - MASTER FILE NO. 3:07-CV-05944-SC

1  October 2010. Since that time, Gibson Dunn has repeatedly appeared as counsel for Chunghwa

2  and provided declarations, joined in motions to file confidential documents under seal, and

3  joined in motions for preliminary approval of indirect purchaser class action settlements. *See*

4  Docket Nos. 891, 942, 943, and 960.

5        7.    Sidley Austin LLP ("Sidley Austin") first appeared in the MDL on behalf of

6  LGETT on May 18, 2009. On April 29, 2010, Arnold & Porter LLP ("Arnold & Porter") also

7  appeared for LGETT. Since then, both law firms have appeared numerous times as counsel for

8  LGETT, filing motions to dismiss, submitting declarations, joining motions, submitting

9  objections to Special Master's Rulings, and answering complaints. *See* Docket Nos. 467, 469,

10  470, 471, 472, 479, 481, 485, 546, 553, 555, 611, 614, 667, 675, 676, 780, 781, 782, 813, 814,

11  857, 936, 946, 987, and 1040.

12        8.    Freshfields Bruckhaus Deringer US LLP ("Freshfields") first appeared in the

13  MDL on behalf of BMCC on July 17, 2008. (Paul Decl. ¶ 8); *See* Docket Nos. 332. Since then,

14  Freshfields has appeared numerous times as counsel for BMCC, accepting service of process,

15  objecting to discovery requests, filing motions to dismiss, and answering complaints. *See*

16  Docket Nos. 372, 400, 463, 479, 485, 546, 551, 555, 614, 618, 667, 677, 678, 780, 813; 858,

17  936, 975, and 1043.

18        9.    Chunghwa, along with other defendants, was similarly uncooperative in the *In re:*

19  *TFT-LCD (flat panel) Antitrust* Litigation, No. M:07-1827-SI ("LCD Litigation"). There, Judge

20  Illston repeatedly and invariably issued orders granting motions to serve Chunghwa and other

21  defendants through their U.S. counsel pursuant to Rule 4 on <u>twenty-one</u> occasions. *See e.g.*

22         •    Docket No. 725;

23         •    Docket No. 1309;

24         •    Docket No. 1657;

25         •    Docket No. 1779;

26         •    Docket No. 2109;

27         •    Docket No. 2532;

28         •    Docket No. 2539;

DECLARATION OF JORDAN S. PAUL IN SUPPORT OF
MOTION TO SERVE FOREIGN DEFENDANTS THROUGH
U.S. COUNSEL - MASTER FILE NO. 3:07-CV-05944-SC

- Docket No. 2584;

- Docket No. 2747;

- Docket No. 2748;

- Docket No. 2825;

- Docket No. 3079;

- Docket No. 3217;

- Docket No. 3345;

- Docket No. 3394;

- Docket No. 3443;

- Docket No. 3654;

- Docket No. 3655;

- Docket No. 4785;

- Docket No. 4797; and

- Docket No. 4798.

Attached hereto as Exhibit 1 are true and correct copies of Judge Illston's Orders granting motions to serve Chunghwa and other defendants through their U.S. counsel.

10.    The DAPs have communicated with the Defendants through Defendants' interim liaison counsel, Jeffrey Kessler. Mr. Kessler indicated that he was in contact with counsel for Chunghwa, LGETT, and BMCC but none of these entities would agree to service through their U.S. counsel.

11.    In a stipulation filed with the Court on March 15, 2012, seventeen Defendants stipulated to the waiver of service of process of the DAPs' Complaints. Neither Chunghwa, LGETT, nor BMCC joined in the stipulation, and their U.S. counsel have since refused to accept service despite Best Buy's additional subsequent requests.

12.    Attached hereto as Exhibit 2 is a true and correct copy of the estimate that Legal Language Service ("LLS") has provided the DAPs regarding the costs of serving the Complaints and associated documents on Chunghwa, LGETT, and BMCC in Taiwan and China via the letter rogatory process and under the Hague Convention (the "LLS Estimate").

DECLARATION OF JORDAN S. PAUL IN SUPPORT OF
MOTION TO SERVE FOREIGN DEFENDANTS THROUGH
U.S. COUNSEL - MASTER FILE NO. 3:07-CV-05944-SC

13.     According to the LLS Estimate, it would cost around $214,000 to translate into Chinese, process, and serve the Complaints and other associated documents on Chunghwa and LGETT and would cost approximately $53,000 to translate, process, and serve the Complaints on BMCC.

14.     According to the LLS Estimate, service of the Complaint and other associated documents on Chunghwa and LGETT by the letter rogatory process could take at least six to nine months to complete and up to eight months under the Hague Convention for BMCC.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of April, 2012, in Los Angeles, California.

Jordan S. Paul

# EXHIBIT "1"

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI |
| _____/ | MDL. No. 1827 |
| This Order Relates to: | **ORDER RE: DEFENDANT NEXGEN MEDIATECH INC.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS; QUASHING SERVICE; AND GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION TO SERVE NEXGEN THROUGH ITS COUNSEL UNDER FED. R. CIV. P. 4(f)(3)** |
| ALL CASES | |
| _____/ | |

On November 19, 2008, the Court heard argument on defendant Nexgen Mediatech Inc.'s motion to dismiss the direct purchaser plaintiffs' consolidated complaint for insufficient service of process, and the direct purchaser plaintiffs' motion to serve Nexgen through its counsel under Federal Rule of Civil Procedure 4(f)(3). For the reasons set forth below, the Court holds that the service on defendant was insufficient, and QUASHES service. The Court GRANTS plaintiffs' motion to serve Nexgen through its counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).

**BACKGROUND**

Shortly after filing the consolidated amended complaint, the direct purchaser plaintiffs served the "Chi Mei" defendants. Those defendants are Chi Mei Optoelectronics USA, Inc, Nexgen Mediatech USA, Inc., CMO Japan Co., Ltd., Chi Mei Optoelectronics Corporation, Nexgen Mediatech, Inc., and the parent, Chi Mei Corporation. Plaintiffs served defendant Nexgen Mediatech, Inc., and its Taiwan-based parent companies (Chi Mei Optoelectronics Corporation and Chi Mei Corporation) through the

United States District Court
For the Northern District of California

1   letter rogatory process. All of the Chi Mei defendants are represented by the same counsel, Wilmer

2   Cutler Pickering Hale and Dorr, LLP.[1]

3       Plaintiffs have filed a completed certificate of service showing that the Taiwan Banciao District

4   Court effected service on Nexgen Mediatech, Inc., on March 31, 2008. Docket No. 652, Ex. 2. The

5   complaint and summons list Nexgen's address as "11F, No. 186, Jianyi Road, Chung Ho City, Taipei

6   Hsien, Taiwan." Plaintiffs state that they obtained that address from a website owned and operated by

7   Chi Mei Corporation. Haegele Decl. ¶¶ 2-3, Ex. A. Plaintiffs note that as of October 22, 2008, this

8   address was still listed on the same website, and also that Nexgen's own corporate website listed No.

9   186 Jianyi Road as its "Headquarter." Kingsdale Decl. ¶¶ 3, 6, Ex. B & E (Docket No. 692).

10       The Attestation of Service states that someone at 11F, No. 186 Jianyi Road "refused to accept

11   order," so the documents were "deposited at police substation or police station." Def's Motion Ex. A.

12   Based on check marks on the forms, it appears that one copy of a notice of serv ice "was adhered to the

13   door of the residence of the intended recipient." *Id*. Another copy of the notice was placed in an

14   "appropriate location," though it is unclear where. *Id*. Sections of the form designated for a "post office

15   datestamp" have official chops on them. *Id*. Under the heading "Service Premises," and below an

16   unchecked box that reads "Same address recorded above," a box is checked that states, in part, "Revised

17   and sent." *Id*.

18       Defendant has submitted a declaration from Mary Hung, General Counsel for Nexgen

19   Mediatech, Inc. Ms. Hung states that "Nexgen has not received proper service of the summons and

20   complaint for the above-captioned litigation." Hung Decl. ¶ 4 (Docket No. 676). Ms. Hung also states

21   that "Nexgen currently maintains one registered office in Taiwan, which is located at No. 11-2, Jen Te

22   4th St., Jen Te Village Jen Te, Tainan 717 Taiwan, R.O.C." and that this office is registered with the

23   Ministry of Economic Affairs. *Id*. ¶ 5. Ms. Hung states that Nexgen's prior registered address was the

24   11F, No. 186 Jianyi Road address, and that Nexgen vacated these premises on August 21, 2006. *Id*. ¶

25   7.

26

27

28      [1] Gordon Pearson, an attorney at Wilmer Hale states that the firm represents Nexgen Mediatech,
Inc. for the limited purpose of challenging the sufficiency of service of process.

United States District Court
For the Northern District of California

**DISCUSSION**

Defendant moves to dismiss the complaint for insufficient service of process on the grounds that service was not valid because (1) the Attestation of Service, which was completed by the Taiwanese authorities and is in Mandarin, does not contain the correct Chinese name for Nexgen; and (2) plaintiffs did not serve Nexgen at the correct address. Plaintiffs oppose the motion, arguing that translation of "Nexgen Mediatech, Inc." in the summons and complaint was correct and that any mistranslation in the Attestation of Service is irrelevant to whether service was effective. More generally, plaintiffs contend that because the Taiwanese authorities completed the certificate of service, service is presumptively valid and defendant has not met its burden to establish otherwise. Plaintiffs also note that defendant does not ever state that it did not in fact receive a copy of the summons and complaint.

Based upon the parties' submissions, the Court cannot conclude that Nexgen Mediatech, Inc. has been properly served. Although the Taiwanese authorities completed the certificate of service, that certificate also states that personal service was refused, and that service was completed by posting at the No. 186 Jianyi Road address, depositing the documents at a police station, and placing another copy at an unknown "appropriate location." The service documents also suggest that a copy of the summons and complaint was mailed to No. 186 Jianyi Road. Plaintiffs speculate that defendant may have received notice of the lawsuit through the mail if the mail was re-routed to Nexgen's correct address after a failed attempt at the No. 186 Jianyi Road address. However, there is nothing in the record showing that Nexgen was in fact actually served by the letter rogatory method.

Plaintiffs request that if the Court finds that service was insufficient, the Court should quash service rather than dismiss Nexgen, and allow plaintiffs to serve Nexgen through its counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). Rule 4(f)(3), permits service in a place not within any judicial district of the United States "by . . . means not prohibited by international agreement as may be directed by the court." Fed. R. Civ. P. 4(f)(3).[2] Defendant contends that before plaintiffs can seek to serve Nexgen through its counsel, plaintiffs must first reattempt service through the letter rogatory method.

---

[2] Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individuals.

United States District Court
For the Northern District of California

The Court finds it is appropriate to order service on Nexgen Mediatech, Inc. through its counsel. The Ninth Circuit has rejected the argument that "Rule 4(f) should be read to create a hierarchy of preferred methods of service of process. RII's interpretation would require that a party attempt service of process by those methods enumerated in Rule 4(f)(2), including by diplomatic channels and letters rogatory, before petitioning the court for alternative relief under Rule 4(f)(3). We find no support for [this] position. No such requirement is found in the Rules text, implied by its structure, or even hinted at in the advisory committee notes." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002). The Ninth Circuit concluded "that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Id*. at 1515 (internal citation omitted).

Although *Rio Properties* does not require that plaintiffs first attempt other methods of service, here plaintiffs have already attempted service by letter rogatory, which proved both time-consuming and expensive. *See* Kingsdale Decl. ¶ 2, Ex. A (stating that total charge to plaintiffs for serving Nexgen Mediatech, Inc. through letter rogatory was approximately $1,632.45). The initial attempt at service took almost seven months from the date when plaintiffs first requested that the Court issue the letters rogatory to the date when plaintiffs filed the certificate of service with the Court. In light of the availability of alternative, speedier relief under Rule 4(f)(3), the Court finds that there is no reason to require service through letter rogatory. Further, although plaintiffs should have verified Nexgen's address through the Taiwan Ministry of Economic Affairs prior to attempting service initially, the confusion over Nexgen's address is at least in part attributable to Nexgen because two Chi Mei websites listed (and continued to list as recently as October 22, 2008) the No. 186 Jianyi Road address for Nexgen.

Defendant contends that service through its counsel would violate Due Process. Service under Rule 4(f)(3) must "comport with constitutional notions of due process," meaning that service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an objection to present their objections." *Rio Properties*, 284 F.3d at 1016-17. In *Rio Properties*, the Ninth Circuit noted that "trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address,

*delivery to the defendant's attorney*, telex, and most recently, email." *Id.* at 1016 (emphasis added). The court held that service on the defendant's attorney was appropriate there because that attorney had been specifically consulted regarding the lawsuit and it "seemed clear" that the attorney was in contact with the client. *Id.* at 1017; *see also FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534-35 (E.D. Va. 2005).

Here, although Wilmer Hale is only appearing on behalf of Nexgen Mediatech, Inc. for the limited purpose of litigating the instant motions, it is nevertheless true that Wilmer Hale has been consulted regarding this lawsuit and is in contact with defendant. Further, Wilmer Hale is representing the other five Chi Mei defendants, and defendant does not dispute that the management of Nexgen Mediatech, Inc. overlaps with that of the management of the already-served Chi Mei defendants. *See* Kingsdale Decl. ¶¶ 2-3, Ex. A & B (Docket No. 698). Under these circumstances, the Court finds it reasonable to infer that defendant has sufficient notice of this case and that service of defendant through its counsel will comport with due process.

Finally, defendant asserts that service on its counsel would violate Taiwanese law because Taiwanese law only permits service on counsel when the client has expressly authorized the specific counsel or agent to accept service. However, in the Ninth Circuit, service under Rule 4(f)(3) "may be accomplished in contravention of the laws of the foreign country." *Rio Properties*, 284 F.3d at 1014. Further, as plaintiffs argue, because Taiwanese courts may order service through counsel, any offense to Taiwanese law is relatively minimal. *See* Taiwan Code of Civ. Proc. Art. 132 (attached to Kingsdale Decl., Docket No. 692, Ex. H).

**CONCLUSION**

For the foregoing reasons, the Court QUASHES the subpoena and GRANTS plaintiffs' motion to serve Nexgen through its counsel. (Docket Nos. 676 & 690). The Court further directs as follows:

1.  Within one week of the date of this order, the direct purchaser plaintiffs shall send process by first class mail, return receipt requested, to defendant Nexgen's counsel at Wilmer Cutler Pickering Hale and Dorr LLP;

2.  Within one week of receiving process from plaintiffs, counsel at Wilmer Hale shall

United States District Court
For the Northern District of California

transmit process to an appropriate officer at Nexgen; and

3. Upon completion of the foregoing, counsel at Wilmer Hale shall file a letter with the Court affirming such.

**IT IS SO ORDERED.**

Dated: November 19, 2008

SUSAN ILLSTON
United States District Judge

<div style="text-align:center">

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

</div>

IN RE: TFT-LCD (FLAT PANEL) ANTITRUST
LITIGATION

_____/

This Order Relates To:

ATS CLAIM, LLC

        Plaintiff,

  v.

EPSON ELECTRONICS AMERICA, INC., et
al.,

        Defendants.

_____/

No. M 07-1827 SI
MDL. No. 1827

No. C 09-1115 SI

**ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS PLAINTIFF'S
COMPLAINT, WITH LEAVE TO
PROPERLY SERVE DOMESTIC
DEFENDANTS AND TO AMEND THE
COMPLAINT; AND
GRANTING PLAINTIFF'S MOTION TO
SERVE CERTAIN TAIWANESE
DEFENDANTS**

On September 29, 2009, the Court heard oral argument on several motions in this case. For the reasons set forth below, the Court GRANTS defendants' motion to dismiss based on insufficient service of process, with leave to properly serve the domestic defendants within 30 days of the filing of this order pursuant to Federal Rule of Civil Procedure 4(m); GRANTS plaintiff's motion to serve certain Taiwanese defendants through their U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3); and GRANTS defendants' motion to dismiss for failure to state a claim, with leave to amend the complaint. If plaintiff wishes to amend the complaint, the amended complaint must be filed no later than October 16, 2009.

<div style="text-align:center">

**BACKGROUND**

</div>

On March 13, 2009, plaintiff ATS Claims, LLC ("ATS") filed an individual complaint against 26 domestic and foreign defendants for violations of federal antitrust laws. Of the 26 defendants named

1  in the complaint, 12 are located in the United States, 8 are located in Korea and Japan, and 6 are located

2  in Taiwan.  Pursuant to the Judicial Panel on Multidistrict Litigation's April 20, 2007 transfer order

3  consolidating pretrial proceedings for a number of actions and this Court's July 3, 2007 related case

4  pretrial order #1, the Clerk of this Court designated this case as related to MDL No. 1827, M 07-1827.

6  **DISCUSSION**

7  **I.      Defendants' motion to dismiss for insufficient service of process**

8          On May 29, 2009, plaintiff executed a certificate of service for the following U.S. defendants:

9  Sharp Electronics Corporation ("Sharp"), Nexgen Mediatech USA, Inc. ("Nexgen USA"), Chi Mei

10 Optoelectronics USA, Inc. ("Chi Mei USA"), AU Optronics Corporation of America ("AU USA"),

11 Tatung Company of America, Inc. ("Tatung"), and Hitachi Electronic Devises (USA), Inc. ("Hitachi").

12 On June 2, 2009, plaintiff executed a certificate of service on LG Display America ("LG").  The

13 certificates of service for these seven defendants state that plaintiff served the summons and complaint,

14 along with other documents, by certified U.S. mail.  On July 24, 2009, LG filed a motion to dismiss

15 ATS's complaint for insufficient service of process.  Domestic defendants Chi Mei USA and Sharp have

16 joined in this motion.

17         Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a defendant to move for

18 dismissal due to insufficient service of process.  *See* Fed. R. Civ. P. 12(b)(5).  When a defendant

19 challenges service, the plaintiff bears the burden of establishing the validity of service as governed by

20 Rule 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  If the plaintiff is unable to satisfy

21 its burden of demonstrating effective service, the court has discretion to either dismiss or retain the

22 action. *See Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)

23         The parties dispute whether plaintiff's service by certified mail was valid under Federal Rule of

24 Civil Procedure 4.  Rule 4(h) provides two methods for service of domestic corporations.  One way a

25 corporation may be served is "by *delivering* a copy of the summons and of the complaint to an officer,

26 a managing or general agent, or any other agent authorized by appointment or by law to receive service

27 of process." Fed. R. Civ. P. 4(h)(1)(B) (emphasis added).  Alternatively, a plaintiff may serve process

28 by following the law of the state where the district court is located or of the state where service is

2

United States District Court
For the Northern District of California

1  effected. *See* Fed. R. Civ. P. 4(h)(1)(A) (referring to Rule 4(e)(1), which provides for service pursuant

2  to state law). Defendants move to dismiss the complaint for insufficient service of process on the

3  grounds that (1) plaintiff's purported service by certified mail does not constitute "delivery" under Rule

4  4(h)(1)(B), and (2) plaintiff did not comply with California rules for service of process by mail. Plaintiff

5  contends that it satisfied the requirements of Rule 4(h)(1)(B) by effecting service by certified mail and

6  therefore does not need to meet the additional service requirements of California state law. Plaintiff

7  notes that the declarations supporting defendants' motion to dismiss acknowledge that the authorized

8  agents of the respective companies received a summons and a copy of ATS' complaint.[1]

9      The Court finds that plaintiff's service by certified mail does not satisfy the requirements under

10  Rule 4. Although the Federal Rules of Civil Procedure do not explicitly define the term "delivery"

11  under Rule 4(h)(1)(B), courts have determined that Rule 4 requires personal service. *See Larsen v. Mayo*

12  *Med. Ctr.,* 218 F.3d 863, 868 (8th Cir. 2000); *see also Apache Tribe Fed. Credit Union v. Fed. Home*

13  *Loan Bank of San Francisco,* No. C97-2160 MMC, 1997 U.S. Dist. LEXIS 15233, at *10-11 (N.D. Cal.

14  Sept. 30, 1997). Plaintiff relies on defendants' declarations to demonstrate that actual service was

15  effected on the defendants' registered service agents. However, it is well-established that a defendant's

16  actual notice of pending litigation is not sufficient to satisfy the requirements of Rule 4. *Mid-Continent*

17  *Wood Products, Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991); *Way v. Mueller Brass Company*, 840

18  F.2d 303, 306 (5th Cir. 1988); *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th

19  Cir. 2004). Service of process in accordance with the rules is still required. Since plaintiff did not

20  personally serve defendants' registered agents, plaintiff did not satisfy the dictates of Rule 4(h)(1)(B).

21      Furthermore, plaintiff's service does not comply with California service rules. Although

22  California state law allows for service of summons by mail, such service is only valid if a copy of the

23  

---

24  [1]*See* Kim Decl. ¶ 1-2 (stating that LG's registered agent received a package containing, among other things, a summons and a copy of ATS' complaint) [Docket No. 1122-1]; *see also* Decl. of Chie
25  Nakayama in Support of Chi Mei USA's Motion to Dismiss ("Nakayama Decl.") ¶ 1-4 (stating that the administrative assistant to Chi Mei USA's office manager received a package addressed to the
26  company's agent for service of process that contained, among other things, a summons and a copy of ATS' complaint) [Docket No. 1124-1]; *see also* Decl. of Johanna M. Toth in Support of Sharp's Joinder
27  in LG's Motion to Dismiss ATS' Complaint ("Toth Decl.") ¶ 1-3 (stating that Sharp's Associate General Counsel received a package from Sharp's registered agent containing, among other things, a
28  summons and a copy of ATS' complaint) [Docket No. 1127].

1  summons and complaint are accompanied by two copies of the notice and acknowledgment of receipt

2  of summons. *See* Cal. Civ. Proc. Code § 415.30. Defendants contend, and plaintiff does not dispute,

3  that plaintiff did not provide defendants with copies of the notice and acknowledgment of receipt of

4  summons. Since plaintiff's service by certified mail does not satisfy Rule 4(h)(1)(B) or California

5  service rules, it has not effected service on these domestic defendants. Accordingly, the Court GRANTS

6  defendant's motion to dismiss for insufficient service of process with leave to properly serve defendants

7  within 30 days of the filing of this order pursuant to Federal Rule of Civil Procedure 4(m).[2]

8

9  **II.     Plaintiff's motion to serve Taiwanese defendants through U.S. counsel**

10      Pursuant to Federal Rule of Civil Procedure 4(f)(1), plaintiff initiated service through the Hague

11  Convention on Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention") for the

12  8 defendants located in Korea and Japan. Service cannot be initiated by the same means for the

13  Taiwanese defendants because Taiwan is not a signatory to the Hague Convention. Plaintiff has not

14  attempted to initiate service on the Taiwanese defendants through the letters rogatory process.

15      On August 20, 2009, plaintiff filed a Motion to Serve Certain Taiwanese Defendants Through

16  Their U.S. Counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). These Taiwanese defendants

17  are HannStar Display Corporation ("HannStar"), Chunghwa Picture Tubes ("Chunghwa"), Chi Mei

18  Corporation ("CMC"), Chi Mei Optoelectronics Corp. ("CMO"), and Nexgen Mediatech,

19  Inc.("Nexgen") (collectively "Taiwanese Defendants").[3] Rule 4(f)(3) permits service in a place not

20  within any judicial district of the United States, "by . . . means not prohibited by international agreement

21

22      [2]Defendants argue that the Court should not grant plaintiff an extension of time to serve the
    domestic defendants because it has not shown good cause for failing to properly serve defendants within
23  120 days of filing the complaint. However, even absent a showing of good cause, the Court has the
    discretion to dismiss the action without prejudice or order that service be made within a specified time.
24  *See* Fed. R. Civ. P. 4(m); *see also In re Sheehan*, 253 F.3d 507, 512 (2001).

25      [3] AU Optronics Corp. is a Taiwanese company but not among those listed in plaintiff's motion.
    Footnote 2 in plaintiff's Motion to Serve Through U.S. Counsel states that "[w]hile counsel for the
26  Taiwanese AU Optronics Corp. would not agree to accept service on behalf of their client, AU
    Optronics Corp. has joined in LG Display America Inc.'s Motion to Dismiss ATS's Complaint . . . as
27  well as a stipulation related to the briefing and hearing of same." [Docket No. 1217]. Plaintiff states that
    pursuant to *Rudolph v. UT Starcom, Inc., et al.*, No. C 07-04578 SI, 2009 LEXIS 11193 (N.D. Cal. Feb
28  2, 2009), it "believes that AU Optronics Corp. has effectively waived service. Nevertheless [it] reserves
    its right to bring a motion similar to this one against AU Optronics Corp." *Id.*

as may be directed by the court." Fed. R. Civ. P. 4(f)(3).[4] Defendants argue that before plaintiff can seek to serve them through their U.S. counsel, plaintiff must first attempt to personally serve them via the letters rogatory process at their Taiwan addresses.

Plaintiff has submitted a declaration from David P. Germaine, Counsel for ATS ("Germaine Decl."). Mr. Germaine states that he has been in contact with APS International, Ltd. and Interprenet, Ltd. with regard to translating ATS' complaint into Chinese and effecting service via letters rogatory on the Taiwanese defendants. Germaine Decl. ¶ 2 [Docket No. 1217-1]. Mr. Germaine states that he "understand[s] that ATS will incur a charge of $3,184.02 from Interprenet for translating ATS' complaint and the other documents associated with service on the Taiwanese Defendants in Chinese." *Id.* He further understands that "ATS will incur charges of $5,300 from APS for processing the letters rogatory and paying the fees required by the U.S. Department of State." *Id.*

The Court finds that it is appropriate to order service on defendants through their U.S. counsel. The Ninth Circuit has rejected the argument that "Rule 4(f) should be read to create a hierarchy of preferred methods of service of process. [Appellant]'s interpretation would require that a party attempt service of process by those methods enumerated in Rule 4(f)(2), including diplomatic channels and letters rogatory, before petitioning the court for alternative relief under Rule 4(f)(3). We find no support for [this] position. No such requirement is found in the Rules text, implied by its structure, or even hinted at in the advisory committee notes." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002). The Ninth Circuit concluded "that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Id.* at 1515 (internal citation omitted). Therefore, *Rio Properties* does not require that plaintiff first attempt other methods of service.

Furthermore, plaintiff need not first attempt to personally serve defendants before it may reasonably conclude that service by letters rogatory is more expensive and time-consuming than serving defendants' counsel. *See* Germaine Decl. ¶ 2 (stating that plaintiffs will likely incur over $8,000 in charges for translating the documents associated with service and processing the letters rogatory). Both

---

[4]Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in a manner proscribed by Rule 4(f) for individuals.

parties note that earlier in this MDL, the direct purchaser plaintiffs spent several months attempting to effect service on some of the same Taiwanese defendants through the letters rogatory process, and that this process proved time-consuming, expensive, and burdensome.[5]   In light of the availability of alternative, speedier relief under Rule 4(f)(3), the Court finds that there is no reason to require service through letters rogatory in the instant action.

Defendants also contend that service through their counsel would violate due process.  Service under Rule 4(f)(3) must "comport with constitutional notions of due process," meaning that service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties*, 284 F.3d at 1016-17 (internal quotation and citation omitted).  In *Rio Properties*, the Ninth Circuit noted that "trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, *delivery to the defendant's attorney*, telex, and most recently, email." *Id.* at 1016 (emphasis added).  The court held that service on the defendant's attorney was appropriate there because the attorney had been specifically consulted regarding the lawsuit and it "seemed clear" that the attorney was in contact with the client. *Id.* at 1017; *see also FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534-35 (E.D. Va. 2005).

Here, the record clearly indicates that the Taiwanese defendants have consulted U.S. counsel regarding this lawsuit and participated in the case through their U.S. counsel.  First, HannStar is represented by K&L Gates, LLP in this lawsuit.  K&L Gates filed an opposition to this motion on behalf of HannStar and previously appeared and participated in MDL 1827 on behalf of HannStar.  *See* Docket No. 1234; *see also* Germaine Decl. ¶ 3.[6]  Second, Chunghwa is represented by Gibson, Dunn & Crutcher LLP ("Gibson Dunn").  Gibson Dunn joined in HannStar's opposition to this motion on behalf of

---

[5]*See* ATS' Motion to Serve Certain Taiwanese Defendants Through Their U.S. Counsel, at 2 (stating that direct purchaser class plaintiffs spent seven months in an unsuccessful attempt to serve Nexgen through letter rogatory) [Docket No. 1217]; *see also* HannStar's Opposition to ATS' Motion to Serve Certain Taiwanese Defendants Through Their U.S. Counsel, at 7 (stating that it took direct purchaser class plaintiffs four months to serve HannStar through letter rogatory).

[6]HannStar notes that it is the only Taiwanese defendant named in this motion that does not have a U.S. subsidiary.  Although this fact does not bear on whether service through its U.S. counsel comports with due process, HannStar's opposition to this motion does not constitute a waiver of its jurisdictional defenses to plaintiff's lawsuit or service of process.

Chunghwa and also filed a stipulation for extension of time to answer in MDL 1827 on behalf of Chunghwa.  *See* Docket No. 1236; *see also* Stipulation for Extension of Time to Answer [Docket No. 776].  Lastly, CMC, CMO, and Nexgen are all represented by Wilmer Cutler Pickering Hale & Door LLP ("Wilmer Hale").  Wilmer Hale joined in HannStar's opposition to this motion on behalf of CMC, CMO, and Nexgen.  *See* Docket No. 1235.  Wilmer Hale has also appeared on behalf of these three defendants in MDL 1827.  *See* Germaine Decl. ¶ 3.  The filings and appearances by K&L Gates, Gibson Dunn, and Wilmer Hale on behalf of the Taiwanese defendants suggest that the attorneys have been in contact with their clients regarding this lawsuit.  *See FMAC Loan Receivables*, 228 F.R.D. at 534 (stating that the numerous motions filed by defendant's attorney makes it "abundantly clear" that defendant has been in constant communication with his attorney).  Under these circumstances, the Court finds it reasonable to infer that the Taiwanese defendants have sufficient notice of this case and that service of defendants through their U.S. counsel will comport with due process.  Therefore, the Court GRANTS plaintiff's motion to serve certain Taiwanese defendants through their U.S. Counsel.

## III.    Defendants' motion to dismiss for failure to state a claim

The complaint alleges that plaintiff brought this action as an assignee of an antitrust claim from an entity that directly purchased Thin Film Transistor-Liquid Crystal Display (TFT-LCD") panels and/or products containing a TFT-LCD panel. Compl. ¶ 1.  LG filed a motion to dismiss plaintiff's complaint for failure to state a claim under Rule 12(b)(6) because it neither identifies the assignor of plaintiff's claims, nor alleges sufficient facts to demonstrate that its assignor would be entitled to relief. Alternatively, it moved for "a more definite statement" pursuant to Federal Rule of Civil Procedure 12(e).  Numerous defendants have joined in this motion.

Defendants contend that they need to know the assignor of plaintiff's claims, the products the assignor purchased, and the defendants from whom it purchased those products in order to ascertain the nature of the claims being asserted and reasonably prepare a response.  Meanwhile, plaintiff does not offer any persuasive reasons for excluding this information.  Although the parties have not cited any authority addressing whether a plaintiff must identify its assignor in its complaint, case law does require that the complaint "allege facts showing that the assignor would be entitled to relief."  *N. Cal.*

United States District Court
For the Northern District of California

*Monument Dealers Ass'n v. Interment Ass'n of Cal.*, 120 F. Supp. 93, 94 (N.D. Cal. 1954) (citing *La. Farmers' Protective Union v. Great Atlantic & Pacific Tea Co. of America, D.C. 1942*, 40 F.Supp. 897 (D. Ark. 1941); also 8 Cir., 131 F.2d 419 (8th Cir. 1942)). Therefore, at a minimum, the Court finds that plaintiff should amend its complaint to identify the assignor to whom the alleged claims accrued. Defendants may uncover the additional details surrounding the assignor's purchases through discovery. Accordingly, the Court GRANTS defendants' motion to dismiss with leave to amend by October 16, 2009.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motion to dismiss based on insufficient service of process with leave to properly serve defendants within 30 days of the filing of this order pursuant to Federal Rule of Civil Procedure 4(m); GRANTS plaintiff's motion to serve certain Taiwanese defendants through their U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3); and GRANTS defendants' motion to dismiss for failure to state a claim, with leave to amend. If plaintiff wishes to amend the complaint, the amended complaint must be filed no later than **October 16, 2009.** [Docket Nos. 1122, 1124-1127, 1129, 1144, 1217 in M 07-1827; Docket Nos. 46-48, 51, 56 in C 09-1115].

**IT IS SO ORDERED.**

Dated: October 6, 2009

_____
SUSAN ILLSTON
United States District Judge

8

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: TFT-LCD (FLAT PANEL) ANTITRUST
LITIGATION

No.  M 07-1827 SI
MDL. No. 1827

_____/

This Order Relates To:

AT&T MOBILITY LLC, *et al.*,

        Plaintiffs,

  v.

AU OPTRONICS CORP., *et al.*,

        Defendants.

and

MOTOROLA, INC.,

        Plaintiff,

  v.

AU OPTRONICS CORP., *et al.*,

_____/

No. C 09-4997 SI; No. C 09-5840 SI

**ORDER GRANTING PLAINTIFFS'
MOTION TO SERVE CHUNGHWA
PICTURE TUBES THROUGH ITS U.S.
COUNSEL**

Plaintiffs in these direct action cases filed a motion to serve Chunghwa Picture Tubes and HannStar Display Corporation through their U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  After plaintiffs filed the motion, HannStar agreed to waive service of process, rendering plaintiffs' motion moot with respect to HannStar.  Plaintiffs and Chunghwa have stipulated to submit the motion without oral argument.  For the reasons set forth below, the Court GRANTS the motion.

United States District Court
For the Northern District of California

**BACKGROUND**

On October 20, 2009, plaintiff AT&T filed an individual complaint in this Court against numerous domestic and foreign defendants, including Chunghwa Picture Tubes ("Chunghwa"), for violations of state and federal antitrust laws. The same day, plaintiff Motorola filed a similar complaint in the Northern District of Illinois, also alleging that Chunghwa violated state and federal antitrust laws. Pursuant to the Judicial Panel on Multidistrict Litigation's April 20, 2007 transfer order consolidating pretrial proceedings for a number of actions and this Court's July 3, 2007 related case pretrial order #1, the Motorola action was transferred to this Court, and the Clerk of this Court designated both of these cases as related to MDL No. 1827, M 07-1827.

Chunghwa is a foreign corporation with headquarters in Taiwan. Taiwan is not a signatory to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"), and thus service cannot be effected on Chunghwa pursuant to the Hague Convention. On November 3, 2009, AT&T and Motorola ("plaintiffs") sent Chunghwa requests to waive service of summons. According to plaintiffs, Chunghwa is the only defendant which continues to refuse to waive service of summons, thus prompting the instant motion to serve Chunghwa through its U.S. counsel. Plaintiffs have not attempted to initiate service on Chunghwa through the letter rogatory process.

**DISCUSSION**

Plaintiffs have moved to serve Chunghwa through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). Rule 4(f)(3) permits service in a place not within any judicial district of the United States, "by . . . means not prohibited by international agreement as may be directed by the court." Fed. R. Civ. P. 4(f)(3).[1] Chunghwa argues that before plaintiffs can seek to serve it through its U.S. counsel, plaintiffs must first attempt to personally serve Chunghwa via the letter rogatory process at its Taiwan addresses.

Plaintiffs have submitted a declaration from Jerome Murphy, counsel for both AT&T and Motorola. Mr. Murphy states that TransPerfect Translations International, Inc. has provided his law

---

[1] Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in a manner prescribed by Rule 4(f) for individuals.

**United States District Court**
For the Northern District of California

firm with an estimate of the cost of obtaining certified Mandarin Chinese translations of plaintiffs' complaints and the cost of effecting service of process upon a corporation in Taiwan pursuant to a response to a letter rogatory. Murphy Reply Decl. ¶ 3. Mr. Murphy states that plaintiffs "will each incur a charge of approximately $6,090.00 from TransPerfect for a certified Mandarin Chinese translation of their respective complaints and that each translation will require approximately two weeks' time to produce. I further understand that these estimates pertain only to translation of the complaints and not to translation of any summons or of the Supplementary Material set forth in Civil Local Rule 4-2 . . . for which Plaintiffs will each incur additional charges. I further understand that Plaintiffs will each incur a charge of $2,100.00 from TransPerfect for effectuating service of process upon a corporation in Taiwan through a letter rogatory . . . In addition I have been informed that properly effecting service of process upon an entity in Taiwan through a letter rogatory can take up to one year." *Id.* ¶ 4.

The Court finds that it is appropriate to order service on Chunghwa through its U.S. counsel. The Ninth Circuit has rejected the argument that "Rule 4(f) should be read to create a hierarchy of preferred methods of service of process. [Appellant]'s interpretation would require that a party attempt service of process by those methods enumerated in Rule 4(f)(2), including diplomatic channels and letters rogatory, before petitioning the court for alternative relief under Rule 4(f)(3). We find no support for [this] position. No such requirement is found in the Rule's text, implied by its structure, or even hinted at in the advisory committee notes." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002). The Ninth Circuit concluded "that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Id.* at 1515 (internal citation omitted).

Furthermore, plaintiffs need not first attempt to personally serve defendants before it may reasonably conclude that service by letters rogatory is more expensive and time-consuming than serving defendant's counsel. As plaintiffs note, earlier in the MDL the direct purchaser plaintiffs spent many months attempting to effect service on some Taiwanese defendants through the letter rogatory process, and this process proved time-consuming, expensive, and burdensome. *See* Docket No. 725 (Order Re: Defendant Nexgen Mediatech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing

3

United States District Court
For the Northern District of California

1   Service; and Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel under

2   Fed.R.Civ.P. 4(f)(3)).[2]  In light of the availability of alternative, speedier relief under Rule 4(f)(3), the

3   Court finds that there is no reason to require service through letters rogatory in the instant actions.

4          Defendants also contend that service through their counsel would violate due process.  Service

5   under Rule 4(f)(3) must "comport with constitutional notions of due process," meaning that service must

6   be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of

7   the action and afford them an opportunity to present their objections."  *Rio Properties*, 284 F.3d at 1016-

8   17 (internal quotation and citation omitted).  Chunghwa relies on *Forum Financial Group v. President*

9   *& Fellows of Harvard College*, 199 F.R.D. 22 (D. Me. 2001), which was cited in *Rio Properties* as an

10  example of a case in which service had been authorized on a foreign defendant through its U.S. counsel.

11  In *Forum Financial*, the foreign defendant had, *inter alia*, "actively evaded" service and was living

12  under an assumed name.  *Id.* at 23-24.  Chunghwa suggests that *Rio Properties* is limited to cases

13  involving facts similar to *Forum Financial*.  However, there is nothing in *Rio Properties* limiting its

14  holding in the manner suggested by Chunghwa, and to the contrary, *Rio Properties* held that district

15  courts have "sound discretion" to determine when the "particularities and necessities of a given case

16  require alternate service of process under Rule 4(f)(3)" and noted that "trial courts have authorized a

17  wide variety of alternative methods of service including publication, ordinary mail, mail to the

18  defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email."

19  *Id.* at 1016.  In *Rio Properties*, the court held that service on the defendant's attorney was appropriate

20  there because the attorney had been specifically consulted regarding the lawsuit and it "seemed clear"

21  that the attorney was in contact with the client.  *Id.* at 1017; *see also FMAC Loan Receivables v. Dagra*,

22  228 F.R.D. 531, 534-35 (E.D. Va. 2005).

23         Here, the record shows that Chunghwa has consulted its U.S. counsel regarding these lawsuits

24  and participated in the cases through its U.S. counsel.  Chunghwa was formerly represented by Gibson,

25

26         [2]  In that order, the Court held that the record did not demonstrate that defendant Nexgen
    Mediatech, Inc., a Taiwanese corporation, had been properly served by the letter rogatory method, and
27  granted the direct purchaser plaintiffs' request to serve Nexgen through its U.S. counsel.  In an
    individual case related to the MDL, the Court granted the plaintiff's motion to serve Taiwanese
28  defendants, including Chunghwa, through their U.S. counsel.  *See ATS Claim, LLC v. Epson Elecs. Am.*
    *Inc., et al.*, C 09-1115 (Docket No. 70).

Case 3:07-md-01843-SI Document 1652 Filed 04/02/10 Page 5 of 5

Dunn & Crutcher LLP and is currently represented by Baker & McKenzie LLP. Baker & McKenzie filed Chunghwa's opposition to plaintiffs' motion, and Chunghwa's current and former counsel have appeared and participated in the MDL proceedings on numerous occasions. Plaintiffs also state that Chunghwa's U.S. counsel entered an appearance and was present at a deposition, cross-noticed by plaintiffs, where plaintiffs' counsel questioned a defendant witness. Plaintiffs' Reply at 6:5-7. Under these circumstances, the Court finds it reasonable to infer that Chunghwa has sufficient notice of this case and that service of defendant through its U.S. counsel will comport with due process. *See FMAC Loan Receivables*, 228 F.R.D. at 534 (stating that the numerous motions filed by defendant's attorney makes it "abundantly clear" that defendant has been in constant communication with his attorney).

Accordingly, the Court GRANTS plaintiffs' motion to serve certain Chunghwa through its U.S. Counsel.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs' motion to serve Chunghwa through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). (Docket No. 32 in C 09-4997 SI; Docket No. 23 in C 09-5480 SI; and Docket No. 1543 in M 07-1827 SI).

**IT IS SO ORDERED.**

Dated: April 2, 2010

_____
SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California

5

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No.  M 07-1827 SI<br>MDL. No. 1827 |

_____/

This Order Relates To:

NOKIA CORPORATION and NOKIA INC.,

          Plaintiffs,

  v.

AU OPTRONICS CORP., *et al.*,

          Defendants.

_____/

No. C 09-5609 SI

**ORDER GRANTING PLAINTIFFS' MOTION TO SERVE DEFENDANTS CHUNGHWA PICTURE TUBES AND TATUNG COMPANY THROUGH THEIR U.S. COUNSEL**

Plaintiffs Nokia Corporation and Nokia, Inc. have filed a motion to serve two foreign defendants, Chunghwa Picture Tubes and Tatung Company, through their U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). The parties stipulated to submit the motion without oral argument. For the reasons set forth below, the Court GRANTS the motion.

**BACKGROUND**

On November 25, 2009, plaintiffs Nokia Corporation and Nokia Inc. filed an individual complaint in this Court against numerous domestic and foreign defendants, including Chunghwa Picture Tubes ("Chunghwa") and Tatung Company ("Tatung"), for violations of state and federal antitrust laws. Pursuant to the Judicial Panel on Multidistrict Litigation's April 20, 2007 transfer order consolidating pretrial proceedings for a number of actions and this Court's July 3, 2007 related case pretrial order #1, the Clerk of this Court designated both of these cases as related to MDL No. 1827, M 07-1827.

1    Chunghwa and Tatung are foreign corporations with headquarters in Taiwan. Taiwan is not a

2    signatory to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents ("Hague

3    Convention"), and thus service cannot be effected on these defendants pursuant to the Hague

4    Convention. On November 30, 2009, plaintiffs sent all defendants, including Chunghwa and Tatung,[1]

5    requests to waive service of summons. In a stipulation filed on February 26, 2010, 21 defendants,

6    including Tatung's domestic subsidiary, Tatung Company of America, stipulated to the waiver of

7    service of process of the complaint. Neither Chunghwa nor Tatung joined in the stipulation, thus

8    prompting the instant motion. Plaintiffs have not attempted to initiate service on Chunghwa and Tatung

9    through the letter rogatory process.

10

11                          **DISCUSSION**

12    Plaintiffs have moved to serve Chunghwa and Tatung through their U.S. counsel pursuant to

13    Federal Rule of Civil Procedure 4(f)(3). Rule 4(f)(3) permits service in a place not within any judicial

14    district of the United States, "by . . . means not prohibited by international agreement as may be directed

15    by the court." Fed. R. Civ. P. 4(f)(3).[2] Defendants argue that before plaintiffs can seek to serve them

16    through their U.S. counsel, plaintiffs must first attempt to personally serve Chunghwa and Tatung via

17    the letter rogatory process at their Taiwan addresses.

18    Plaintiffs contend that service through defendants' U.S. counsel is appropriate because of the

19    substantial difficulty, time and expense that plaintiffs would face in serving the foreign defendants in

20    Taiwan. Plaintiffs have submitted a declaration from Valarie Williams, counsel for plaintiffs. Ms.

21    Williams states that APS International, Inc. has provided her law firm with an estimate of the cost of

22    obtaining Chinese translations of plaintiffs' complaint and other documents, and of the cost of effecting

23    service of process on Chunghwa and Tatung pursuant to letters rogatory. Williams Decl. ¶ 16. Ms.

24    _____

25       [1] As discussed *infra*, prior to Nokia filing its complaint, Tatung had not been named as a
      defendant in the MDL. Because Tatung's U.S. subsidiary, Tatung Company of America, was previously
26    named as a defendant in the MDL, counsel for Nokia forwarded the service documents to lead counsel
      for Tatung Company of America and requested that counsel for the subsidiary waive service on behalf
27    of Tatung.

28       [2] Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business
      entity in a manner prescribed by Rule 4(f) for individuals.

                                    2

Williams states that according to the APS estimate, "Nokia will incur a charge of $5,915.00 for translating Nokia's Complaint and the other documents associated with the Nokia Action into Chinese. APS also estimates that Nokia will incur charges of $2,476.40 each for processing the letters rogatory for Chunghwa and Tatung and for paying the fees required by the U.S. Department of State for service on those entities." *Id*. ¶ 18, Ex. E (estimate). In addition, Ms. Williams states that according to the APS estimate, "service of Nokia's Complaint and other documents associated with the Nokia Action by the letter rogatory process could take six (6) to twelve (12) months to complete." *Id*. ¶ 19.

Plaintiffs also assert that service through defendants' U.S. counsel comports with due process because defendants have notice of Nokia's claims. Plaintiffs note that Chunghwa has been represented in the MDL by the law firm of Gibson, Dunn & Crutcher LLP since June 2008. Since that time, Gibson Dunn has repeatedly appeared as counsel for Chunghwa and has answered complaints, provided declarations, joined defendants' motions to dismiss, and negotiated settlements with the direct purchaser plaintiffs and the indirect purchaser plaintiffs. *Id*. ¶ 8(a). Tatung Company of America has been represented in the MDL by the law firm of Baker & McKenzie LLP since January 2008. Since that time, Baker has repeatedly appeared as counsel for Tatung Company of America and has filed motions to dismiss, filed declarations, answered complaints, opposed class certification, and attended depositions on behalf of Tatung Company of America. *Id*. ¶ 8(b).

While both defendants assert that service through their counsel would violate due process, Tatung argues that it is even more unfair to authorize such service with respect to it since Tatung is not a defendant in the MDL, and was only first sued in this action. Plaintiffs respond that the interrelationship between Tatung, Tatung Company of America, and Chunghwa shows that service on U.S. counsel for those entities is reasonably calculated to apprise Tatung of plaintiffs' claims. Plaintiffs note that in the MDL, Tatung Company of America has admitted that Tatung owns 50% of its stock, as well as 30% of the stock of Chunghwa. *See* Docket Nos. 509 & 775 in M 07-1827. The other half of Tatung Company of America is owned by Lun Kuan Lin, the daughter of Tatung's former Chairman, T.S. Lin. Compl. ¶ 40. Plaintiffs have submitted the deposition testimony of Chien Hon "Frank" Lin, Chairman and President of Chunghwa. Reply Williams Decl. Ex. A. In his deposition, Mr. Lin states that his brother W.S. Lin, who serves as Chairman and CEO of Tatung, asked him to move into the

United States District Court
For the Northern District of California

1   position of Chairman and President of Chunghwa. *Id.* at 78:18-79:4. Mr. Lin also testified that Tatung

2   is the main shareholder of Chunghwa, and that there are no other shareholders that hold a significant

3   interest in that company. *Id.* at 79:18-23. Mr. Lin also testified that Tatung has the authority to make

4   hiring and commercial decisions for Chunghwa. *Id.* at 79:6-17. Tatung also shares board of director

5   representatives with Chunghwa. Compl. ¶ 38. In addition, plaintiffs note that Tatung, Tatung Company

6   of America, and Chunghwa are all represented by Baker & McKenzie.

7           The Court finds that it is appropriate to order service on defendants through their U.S. counsel.

8   The Ninth Circuit has rejected the argument that "Rule 4(f) should be read to create a hierarchy of

9   preferred methods of service of process. [Appellant]'s interpretation would require that a party attempt

10  service of process by those methods enumerated in Rule 4(f)(2), including diplomatic channels and

11  letters rogatory, before petitioning the court for alternative relief under Rule 4(f)(3). We find no support

12  for [this] position. No such requirement is found in the Rule's text, implied by its structure, or even

13  hinted at in the advisory committee notes." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007,

14  1014-15 (9th Cir. 2002). The Ninth Circuit concluded "that service of process under Rule 4(f)(3) is

15  neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables

16  service of process on an international defendant." *Id.* at 1515 (internal citation omitted).

17          Plaintiffs need not first attempt to personally serve defendants before they may reasonably

18  conclude that service by letters rogatory is more expensive and time-consuming than serving defendant's

19  counsel. As plaintiffs note, earlier in the MDL the direct purchaser plaintiffs spent many months

20  attempting to effect service on some Taiwanese defendants through the letter rogatory process, and this

21  process proved time-consuming, expensive, and burdensome. *See* Docket No. 725 (Order Re:

22  Defendant Nexgen Mediatech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing

23  Service; and Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel under

24  Fed.R.Civ.P. 4(f)(3)).[3] In light of the availability of alternative, speedier relief under Rule 4(f)(3), the

25

26          [3] In that order, the Court held that the record did not demonstrate that defendant Nexgen
    Mediatech, Inc., a Taiwanese corporation, had been properly served by the letter rogatory method, and
27  granted the direct purchaser plaintiffs' request to serve Nexgen through its U.S. counsel. In three other
    individual cases related to the MDL, the Court granted the plaintiffs' motions to serve Taiwanese
28  defendants, including Chunghwa, through their U.S. counsel. *See ATS Claim, LLC v. Epson Elecs. Am.*

                                                    4

United States District Court
For the Northern District of California

Court finds that there is no reason to require service through letters rogatory in the instant action, particularly given the stage of the litigation in the MDL and the significant discovery that is already underway in those proceedings.

The Court also finds that service on defendants through their U.S. counsel comports with due process. Service under Rule 4(f)(3) must "comport with constitutional notions of due process," meaning that service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties*, 284 F.3d at 1016-17 (internal quotation and citation omitted). Here, the record shows that Chunghwa, Tatung Company of America, and Tatung have substantial common ownership, shared management, and collective legal representation. Under these circumstances, the Court finds it reasonable to infer that Chunghwa and Tatung have sufficient notice of this case and that service of defendants through their U.S. counsel will comport with due process. *See FMAC Loan Receivables*, 228 F.R.D. at 534 (stating that the numerous motions filed by defendant's attorney makes it "abundantly clear" that defendant has been in constant communication with his attorney); *see also In re Cathode Ray Tubes (CRT) Antitrust Litig.*, MDL No. 1917, No. 07-5944 SC, 2008 WL 4104341, at *1 (N.D. Cal. Sept. 3, 2008) (authorizing service on foreign defendants through U.S. subsidiaries and domestic counsel); *In re LDK Solar Sec. Litig.*, C No. 07-5182 WHA, 2008 WL 2415186 at *2 (N.D. Cal. June 12, 2008) (authorizing service on foreign corporation and foreign individuals on corporation's domestic subsidiary, and noting "[s]ignificantly, FRCP 4(f)(3) stands independently of FRCP 4(f)(1); it is not necessary for plaintiffs to first attempt service through 'internationally agreed means' before turning to 'any other means not prohibited by international agreement.'").

Defendants rely on *Forum Financial Group v. President & Fellows of Harvard College*, 199 F.R.D. 22 (D. Me. 2001), which was cited in *Rio Properties* as an example of a case in which service had been authorized on a foreign defendant through its U.S. counsel. In *Forum Financial*, the foreign defendant had, *inter alia*, "actively evaded" service and was living under an assumed name. *Id.* at 23-24. Defendants suggest that *Rio Properties* is limited to cases involving facts similar to *Forum*

*Inc., et al.*, C 09-1115 (Docket No. 70), *AT&T Mobility LLC v. AU Optronics et al.*, C 09-4997 SI (Docket No. 42), and *Motorola Inc. v. AU Optronics et al.*, C 09-5840 SI (Docket No. 33).

*Financial.* However, there is nothing in *Rio Properties* limiting its holding in the manner suggested by defendants; to the contrary, *Rio Properties* held that district courts have "sound discretion" to determine when the "particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)" and noted that "trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Id.* at 1016. In *Rio Properties*, the court held that service on the defendant's attorney was appropriate there because the attorney had been specifically consulted regarding the lawsuit and it "seemed clear" that the attorney was in contact with the client. *Id.* at 1017; *see also FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534-35 (E.D. Va. 2005).

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs' motion to serve Chunghwa Picture Tubes Ltd. and Tatung Company through their U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). (Docket No. 11 in C 09-5609 SI and Docket No. 1637 in M 07-1827 SI).

**IT IS SO ORDERED.**

Dated: May 28, 2010

SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

1

2

3

4

5            IN THE UNITED STATES DISTRICT COURT

6           FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8 IN RE: TFT-LCD (FLAT PANEL) ANTITRUST     No. M 07-1827 SI
LITIGATION                           MDL. No. 1827

9 _____/

10 This Order Relates To:

11 TRACFONE WIRELESS, INC.,            No. C 10-3205 SI

12         Plaintiff,            **ORDER GRANTING PLAINTIFF'S**
   v.                          **MOTION TO SERVE DEFENDANTS**

13                                        **CHUNGHWA PICTURE TUBES**
AU OPTRONICS CORP., *et al.*,        **THROUGH ITS U.S. COUNSEL**

14

15         Defendants.

16 _____/

17      Plaintiff has filed a motion to a foreign defendant, Chunghwa Picture Tubes Ltd., through its

18 U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).[1] The parties stipulated to submit the

19 motion without oral argument, and accordingly the November 4, 2010 hearing on this motion is

20 VACATED. For the reasons set forth below, the Court GRANTS the motion.

21

22                      **BACKGROUND**

23      On May 4, 2010, plaintiff TracFone filed an individual complaint in the Southern District of

24 Florida against numerous domestic and foreign defendants, including Chunghwa Picture Tubes

25 ("Chunghwa"), for violations of state and federal antitrust laws. Pursuant to the Judicial Panel on

26 _____

27      [1] The motion originally also sought to serve another foreign defendant, AU Optronics
Corporation, through its U.S. counsel. After plaintiff filed the motion AU Optronics Corporation agreed

28 to authorize its U.S. counsel to accept service of process.

United States District Court
For the Northern District of California

1  Multidistrict Litigation's April 20, 2007 transfer order consolidating pretrial proceedings for a number

2  of actions and this Court's July 3, 2007 related case pretrial order #1, the case was transferred to this

3  District, and the Clerk of this Court designated this case as related to MDL No. 1827, M 07-1827.

4  Chunghwa is a foreign corporation with headquarters in Taiwan. Taiwan is not a signatory to

5  the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents ("Hague

6  Convention"), and thus service cannot be effected on Chunghwa pursuant to the Hague Convention.

7  On May 13, 2010, plaintiff sent all defendants, including Chunghwa, requests to waive service of

8  summons. In a stipulation filed on July 26, 2010, 17 defendants stipulated to the waiver of service of

9  process of the complaint. Chunghwa did not join in the stipulation, thus prompting the instant motion.

10 Plaintiff has not attempted to initiate service on Chunghwa through the letter rogatory process.

12  **DISCUSSION**

13  Plaintiff has moved to serve Chunghwa through its U.S. counsel pursuant to Federal Rule of

14 Civil Procedure 4(f)(3). Rule 4(f)(3) permits service in a place not within any judicial district of the

15 United States, "by . . . means not prohibited by international agreement as may be directed by the court."

16 Fed. R. Civ. P. 4(f)(3).[2] Chunghwa argues that before plaintiff can seek to serve it through its U.S.

17 counsel, plaintiff must first attempt to personally serve Chunghwa via the letter rogatory process at its

18 Taiwan address.

19  Plaintiff contends that service through defendant's U.S. counsel is appropriate because of the

20 substantial difficulty, time and expense that plaintiff would face in serving the foreign defendants in

21 Taiwan, and the need to coordinate discovery in this case and the MDL. Plaintiff has submitted a

22 declaration from David Esau, counsel for plaintiff. Mr. Esau states that Legal Language Services has

23 provided his law firm with an estimate of the cost of obtaining Chinese translations of plaintiff's

24 complaint and other documents, and of the cost of effecting service of process on Chunghwa pursuant

25 to letters rogatory. Esau Decl. ¶ 15. According to the Legal Language Services estimate, TracFone will

26 incur a charge of at least $6,215.00 for translating TracFone's Complaint and the other documents

28  [2] Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in a manner prescribed by Rule 4(f) for individuals.

2

United States District Court
For the Northern District of California

1   associated with the TracFone action into Chinese for Chunghwa. *Id.* Ex. E (estimate). Legal Language

2   Services also estimates that TracFone will incur charges of at least $3,720 for processing the letters

3   rogatory for Chunghwa and for paying the fees required by the U.S. Department of State for service on

4   that entity. *Id.* In addition, Mr. Esau states that according to the Legal Language Services estimate,

5   "service of TracFone's Complaint and other documents associated with the TracFone Action by the

6   letter rogatory process could take at least four (4) to seven (7) months to complete." *Id.* ¶ 18.

7        Based upon the circumstances presented here, the Court finds that it is appropriate to order

8   service on Chunghwa through its U.S. counsel. The Ninth Circuit has rejected the argument that "Rule

9   4(f) should be read to create a hierarchy of preferred methods of service of process. [Appellant]'s

10  interpretation would require that a party attempt service of process by those methods enumerated in Rule

11  4(f)(2), including diplomatic channels and letters rogatory, before petitioning the court for alternative

12  relief under Rule 4(f)(3). We find no support for [this] position. No such requirement is found in the

13  Rule's text, implied by its structure, or even hinted at in the advisory committee notes." *Rio Properties,*

14  *Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002). The Ninth Circuit concluded "that

15  service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one

16  means among several which enables service of process on an international defendant." *Id.* at 1015

17  (internal citation omitted). To the extent that defendant relies on the 1993 Advisory Committee Notes

18  to argue that plaintiff must show "urgency" in order to warrant alternative service, the Court disagrees.

19  *Rio Properties* held that district courts have "sound discretion" to determine when the "particularities

20  and necessities of a given case require alternate service of process under Rule 4(f)(3)" and noted that

21  "trial courts have authorized a wide variety of alternative methods of service including publication,

22  ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex,

23  and most recently, email." *Id.* at 1016. In any event, the portion of the 1993 Advisory Committee Notes

24  that defendant quotes presents a hypothetical involving the Hague Convention, which is inapplicable

25  here because Taiwan is not a signatory to that agreement.

26        Plaintiff has shown that service by letters rogatory is more expensive and time-consuming than

27  serving defendant's counsel. As plaintiff notes, earlier in the MDL the direct purchaser plaintiffs spent

28  many months attempting to effect service on some Taiwanese defendants through the letter rogatory

United States District Court
For the Northern District of California

1    process, and this process proved time-consuming, expensive, and burdensome.  *See* Docket No. 725

2    (Order Re: Defendant Nexgen Mediatech Inc.'s Motion to Dismiss for Insufficient Service of Process;

3    Quashing Service; and Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its

4    Counsel under Fed.R.Civ.P. 4(f)(3)).[3]  In light of the availability of alternative, speedier relief under

5    Rule 4(f)(3), the Court finds that there is no reason to require service through letters rogatory in the

6    instant action, particularly given the stage of the litigation in the MDL and the significant discovery that

7    is already underway in those proceedings.  This action has been consolidated with the MDL and is now

8    part of a coordinated discovery schedule.  Until TracFone is able to serve Chunghwa, TracFone will not

9    be able to coordinate and participate in discovery against Chunghwa with the other plaintiffs.

10          The Court also finds that service on Chunghwa through its U.S. counsel comports with due

11   process.  Service under Rule 4(f)(3) must "comport with constitutional notions of due process," meaning

12   that service must be "reasonably calculated, under all the circumstances, to apprise interested parties

13   of the pendency of the action and afford them an opportunity to present their objections."  *Rio*

14   *Properties*, 284 F.3d at 1016-17 (internal quotation and citation omitted).  Here, the record shows that

15   Chunghwa has consulted its U.S. counsel regarding the MDL lawsuits and participated in the MDL

16   cases through its U.S. counsel.  Chunghwa has been represented in the MDL by the law firm of Gibson,

17   Dunn & Crutcher LLP since June 2008.  Since that time, Gibson Dunn has repeatedly appeared as

18   counsel for Chunghwa and has answered complaints, provided declarations, joined defendants' motions

19   to dismiss, and negotiated settlements with the direct purchaser plaintiffs and the indirect purchaser

20   plaintiffs.  Under these circumstances, the Court finds it reasonable to infer that Chunghwa has sufficient

21   notice of this case and that service of defendant through its U.S. counsel will comport with due process.

22   *See FMAC Loan Receivables*, 228 F.R.D. at 534 (stating that the numerous motions filed by defendant's

23   attorney makes it "abundantly clear" that defendant has been in constant communication with his

---

24          [3]  In that order, the Court held that the record did not demonstrate that defendant Nexgen

25   Mediatech, Inc., a Taiwanese corporation, had been properly served by the letter rogatory method, and
     granted the direct purchaser plaintiffs' request to serve Nexgen through its U.S. counsel.  In four other

26   individual cases related to the MDL, the Court granted the plaintiffs' motions to serve Taiwanese
     defendants, including Chunghwa, through their U.S. counsel.  *See ATS Claim, LLC v. Epson Elecs. Am.*

27   *Inc., et al.*, (Docket No. 1309), *AT&T Mobility LLC v. AU Optronics et al.*,(Docket No. 1657), *Motorola*
     *Inc. v. AU Optronics et al.*,(Docket No. 1657), and *Nokia Corp. v. AU Optronics Corp.*, (Docket No.

28   1779).

4

attorney); *see also In re Cathode Ray Tubes (CRT) Antitrust Litig.*, MDL No. 1917, No. 07-5944 SC, 2008 WL 4104341, at *1 (N.D. Cal. Sept. 3, 2008) (authorizing service on foreign defendants through U.S. subsidiaries and domestic counsel); *In re LDK Solar Sec. Litig.*, C No. 07-5182 WHA, 2008 WL 2415186 at *2 (N.D. Cal. June 12, 2008) (authorizing service on foreign corporation and foreign individuals on corporation's domestic subsidiary, and noting "[s]ignificantly, FRCP 4(f)(3) stands independently of FRCP 4(f)(1); it is not necessary for plaintiffs to first attempt service through 'internationally agreed means' before turning to 'any other means not prohibited by international agreement.'").

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to serve Chunghwa Picture Tubes Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  (Docket No. 2045).

**IT IS SO ORDERED.**

Dated: November 2, 2010

SUSAN ILLSTON
United States District Judge

5

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| _____/ | |
| This Order Relates To: | |
| | No. C 10-4945 SI |
| TARGET CORPORATION, *et al*, | |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION FOR ORDER TO SERVE DEFENDANT CHUNGHWA PICTURE TUBES THOUGH ITS U.S. COUNSEL** |
| v. | |
| AU OPTRONICS CORPORATION, *et al*, | |
| Defendants. | |
| _____/ | |

Plaintiffs have filed a motion to serve a foreign defendant, Chunghwa Picture Tubes Ltd., through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). The parties stipulated to submit the motion without oral argument, and accordingly the Court VACATES the hearing scheduled for March 25, 2011, at 9:00 a.m. For the reasons set forth below, the Court GRANTS the motion.

**BACKGROUND**

On November 1, 2010, plaintiffs Target Corporation; Sears, Roebuck and Co.; Kmart Corporation; Old Comp Inc.; Good Guys, Inc.; Radioshack Corporation; and Newegg Inc. (collectively "plaintiffs") filed a joint complaint in this Court against numerous domestic and foreign defendants, including Chunghwa Picture Tubes ("Chunghwa"), for violations of state and federal antitrust laws. Pursuant to the Judicial Panel on Multidistrict Litigation's April 20, 2007 transfer order consolidating pretrial proceedings for a number of actions and this Court's July 3, 2007 related case pretrial order #1,

1  the Clerk of this Court designated this case as related to MDL No. 1827, M 07-1827.

2      Chunghwa is a foreign corporation with headquarters in Taiwan. Taiwan is not a signatory to

3  the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents ("Hague

4  Convention"), and thus service cannot be effected on Chunghwa pursuant to the Hague Convention.

5  On December 1, 2010, plaintiffs sent Chunghwa a request to waive service of summons. Chunghwa has

6  not returned a signed waiver. Plaintiffs also contacted Chunghwa's U.S. counsel and requested that

7  counsel, as an agent for Chunghwa, arrange for service of process by delivery of the requisite

8  documents. Chunghwa declined this request, thus prompting the instant motion. Plaintiffs have not

9  attempted to initiate service on Chunghwa through the letter rogatory process.

10

11                                  **DISCUSSION**

12      Plaintiffs have moved to serve Chunghwa through its U.S. counsel pursuant to Federal Rule of

13  Civil Procedure 4(f)(3). Rule 4(f)(3) permits service in a place not within any judicial district of the

14  United States, "by . . . means not prohibited by international agreement as may be directed by the court."

15  Fed. R. Civ. P. 4(f)(3).[1] Chunghwa argues that before plaintiffs can seek to serve it through its U.S.

16  counsel, plaintiffs must first attempt to personally serve Chunghwa via the letter rogatory process at its

17  Taiwan address.

18      Plaintiffs contend that service through defendant's U.S. counsel is appropriate because of the

19  substantial difficulty, time and expense that plaintiffs would face in serving the foreign defendant in

20  Taiwan, and the need to coordinate discovery in this case and the MDL. Plaintiffs have submitted a

21  declaration from Matthew J. McBurney, counsel for plaintiffs. Mr. McBurney states that TransPerfect

22  Translations International, Inc. ("TransPerfect") has provided his law firm with an estimate of the cost

23  of obtaining Chinese translations of plaintiffs' complaint and other documents, and of the cost of

24  effecting service of process on Chunghwa pursuant to letters rogatory. McBurney Decl. ¶ 7.

25

26  ───────────────

27      [1]    Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign
    business entity in a manner prescribed by Rule 4(f) for individuals.

28                                        2

**United States District Court**
For the Northern District of California

1   According to the TransPerfect estimate, plaintiffs will incur a charge of at least $4,400.00 for

2   translating Target's Complaint into Chinese for Chunghwa. *Id.* at ¶ 8. TransPerfect also estimates that

3   plaintiffs will incur charges of approximately $4,200 for processing the letters rogatory for Chunghwa

4   and for paying the fees required by the U.S. Department of State for service on that entity. *Id.* In

5   addition, Mr. McBurney states that he has "been informed that properly effecting service of process

6   upon an entity in Taiwan through a letter rogatory often takes a year in duration." *Id.*

7   Based upon the circumstances presented here, the Court finds that it is appropriate to order

8   service on Chunghwa through its U.S. counsel. The Ninth Circuit has rejected the argument that "Rule

9   4(f) should be read to create a hierarchy of preferred methods of service of process. [Appellant]'s

10  interpretation would require that a party attempt service of process by those methods enumerated in Rule

11  4(f)(2), including diplomatic channels and letters rogatory, before petitioning the court for alternative

12  relief under Rule 4(f)(3). We find no support for [this] position. No such requirement is found in the

13  Rule's text, implied by its structure, or even hinted at in the advisory committee notes." *Rio Properties,*

14  *Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002). The Ninth Circuit concluded "that

15  service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one

16  means among several which enables service of process on an international defendant." *Id.* at 1015

17  (internal citation omitted).   To the extent that defendant relies on the 1993 Advisory Committee Notes

18  to argue that plaintiffs must show "urgency" in order to warrant alternative service, the Court disagrees.

19  *Rio Properties* held that district courts have "sound discretion" to determine when the "particularities

20  and necessities of a given case require alternate service of process under Rule 4(f)(3)" and noted that

21  "trial courts have authorized a wide variety of alternative methods of service including publication,

22  ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex,

23  and most recently, email." *Id.* at 1016. In any event, the portion of the 1993 Advisory Committee Notes

24  that defendant quotes presents a hypothetical involving the Hague Convention, which is inapplicable

25  here because Taiwan is not a signatory to that agreement.

26  Plaintiffs assert that service by letters rogatory is more expensive and time-consuming than

27

28                                            3

United States District Court
For the Northern District of California

serving defendant's counsel. As plaintiffs note, earlier in the MDL the direct purchaser plaintiffs spent many months attempting to effect service on some Taiwanese defendants through the letter rogatory process, and this process proved time-consuming, expensive, and burdensome. *See* Docket No. 725 (Order Re: Defendant Nexgen Mediatech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel under Fed.R.Civ.P. 4(f)(3)).[2] In light of the availability of alternative, speedier relief under Rule 4(f)(3), the Court finds that there is no reason to require service through letters rogatory in the instant action, particularly given the stage of the litigation in the MDL and the significant discovery that is already underway in those proceedings. This action has been consolidated with the MDL and is now part of a coordinated discovery schedule. Until plaintiffs are able to serve Chunghwa, plaintiffs will not be able to coordinate and participate in discovery against Chunghwa with the other plaintiffs.

The Court also finds that service on Chunghwa through its U.S. counsel comports with due process. Service under Rule 4(f)(3) must "comport with constitutional notions of due process," meaning that service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties*, 284 F.3d at 1016-17 (internal quotation and citation omitted). Here, the record shows that Chunghwa has consulted its U.S. counsel regarding the MDL lawsuits and participated in the MDL cases through its U.S. counsel. Chunghwa has been represented in the MDL by the law firm of Gibson, Dunn & Crutcher LLP since June 2008. Since that time, Gibson Dunn has repeatedly appeared as counsel for Chunghwa and has answered complaints, provided declarations, joined defendants' motions to dismiss, and negotiated settlements with the direct purchaser plaintiffs and the indirect purchaser

---

[2]     In that order, the Court held that the record did not demonstrate that defendant Nexgen Mediatech, Inc., a Taiwanese corporation, had been properly served by the letter rogatory method, and granted the direct purchaser plaintiffs' request to serve Nexgen through its U.S. counsel. In four other individual cases related to the MDL, the Court granted the plaintiffs' motions to serve Taiwanese defendants, including Chunghwa, through their U.S. counsel. See *ATS Claim, LLC v. Epson Elecs. Am. Inc.*, *et al.*, (Docket No. 1309), *AT&T Mobility LLC v. AU Optronics et al.*,(Docket No. 1657), *Motorola Inc. v. AU Optronics et al.*, (Docket No. 1657), *Nokia Corp. v. AU Optronics Corp.*, (Docket No. 1779), and *TracFone Wireless, Inc. v. AU Optronics et al.*, (Docket No. 2109).

plaintiffs. Under these circumstances, the Court finds it reasonable to infer that Chunghwa has sufficient notice of this case and that service of defendant through its U.S. counsel will comport with due process. *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (stating that the numerous motions filed by defendant's attorney make it "abundantly clear" that defendant has been in constant communication with his attorney); *see also In re Cathode Ray Tubes (CRT) Antitrust Litig.*, MDL No. 1917, No. 07-5944 SC, 2008 WL 4104341, at *1 (N.D. Cal. Sept. 3, 2008) (authorizing service on foreign defendants through U.S. subsidiaries and domestic counsel); *In re LDK Solar Sec. Litig.*, C No. 07-5182 WHA, 2008 WL 2415186, at *2 (N.D. Cal. June 12, 2008) (authorizing service on foreign corporation and foreign individuals on corporation's domestic subsidiary, and noting "[s]ignificantly, FRCP 4(f)(3) stands independently of FRCP 4(f)(1); it is not necessary for plaintiffs to first attempt service through 'internationally agreed means' before turning to 'any other means not prohibited by international agreement.'").

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs' motion to serve Chunghwa Picture Tubes Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). Docket No. 15 in C 10-4945 SI; Docket No. 2463 in M 07-1827 SI.

**IT IS SO ORDERED.**

Dated:  March 8, 2011

                                       SUSAN ILLSTON
                                       United States District Judge

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: TFT-LCD (FLAT PANEL) ANTITRUST
LITIGATION

_____/

No. M 07-1827 SI
MDL No. 1827

This Order Relates To:

BEST BUY CO., *et al*,

          Plaintiffs,

  v.

AU OPTRONICS CORP., *et al*,

          Defendants.

_____/

No. C 10-4572 SI

**ORDER GRANTING PLAINTIFFS'
MOTION FOR ORDER TO SERVE
DEFENDANT CHUNGHWA PICTURE
TUBES THOUGH ITS U.S. COUNSEL**

      Plaintiffs have filed a motion to serve a foreign defendant, Chunghwa Picture Tubes Ltd.,
through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). The parties stipulated to
submit the motion without oral argument, and accordingly the Court VACATES the hearing scheduled
for March 25, 2011, at 9:00 a.m. For the reasons set forth below, the Court GRANTS the motion.

**BACKGROUND**

      On October 8, 2010, plaintiffs Best Buy Co.; Best Buy Purchasing LLC; Best Buy Enterprise
Services, Inc.; Best Buy Stores LP; and Magnolia Hi-Fi, Inc. (collectively "plaintiffs") filed a complaint
in this Court against numerous domestic and foreign defendants, including Chunghwa Picture Tubes
("Chunghwa"), for violations of state and federal antitrust laws. Pursuant to the Judicial Panel on
Multidistrict Litigation's April 20, 2007 transfer order consolidating pretrial proceedings for a number
of actions and this Court's July 3, 2007 related case pretrial order #1, the Clerk of this Court designated

United States District Court
For the Northern District of California

this case as related to MDL No. 1827, M 07-1827.

Chunghwa is a foreign corporation with headquarters in Taiwan. Taiwan is not a signatory to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"), and thus service cannot be effected on Chunghwa pursuant to the Hague Convention. On February 1, 2011, plaintiffs sent Chunghwa a request to waive service of summons, along with a copy of the Complaint and a Notice of a Lawsuit. Chunghwa has not returned a signed waiver. Plaintiffs have also attempted to negotiate with Chunghwa's U.S. counsel for a stipulation waiving service. Chunghwa declined to join the stipulation, thus prompting the instant motion. Plaintiffs have not attempted to initiate service on Chunghwa through the letter rogatory process.

## DISCUSSION

Plaintiffs have moved to serve Chunghwa through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). Rule 4(f)(3) permits service in a place not within any judicial district of the United States, "by . . . means not prohibited by international agreement as may be directed by the court." Fed. R. Civ. P. 4(f)(3).[1] Chunghwa argues that before plaintiffs can seek to serve it through its U.S. counsel, plaintiffs must first attempt to personally serve Chunghwa via the letter rogatory process at its Taiwan address.

Plaintiffs contend that service through defendant's U.S. counsel is appropriate because of the substantial difficulty, time and expense that plaintiffs would face in serving the foreign defendant in Taiwan, and the need to coordinate discovery in this case and the MDL. Plaintiffs have submitted a declaration from David Martinez, counsel for plaintiffs. Mr. Martinez states "[i]t is [his] understanding that a translation of the necessary documents to effectuate service through the letter rogatory process in this case would run in the thousands of dollars, and would take several months." Martinez Decl. ¶ 7. Based upon the circumstances presented here, the Court finds that it is appropriate to order service on Chunghwa through its U.S. counsel. The Ninth Circuit has rejected the argument that "Rule 4(f) should be read to create a hierarchy of preferred methods of service of process. [Appellant]'s

---

[1] Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in a manner prescribed by Rule 4(f) for individuals.

United States District Court
For the Northern District of California

1   interpretation would require that a party attempt service of process by those methods enumerated in Rule

2   4(f)(2), including diplomatic channels and letters rogatory, before petitioning the court for alternative

3   relief under Rule 4(f)(3). We find no support for [this] position. No such requirement is found in the

4   Rule's text, implied by its structure, or even hinted at in the advisory committee notes." *Rio Properties,*

5   *Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002). The Ninth Circuit concluded "that

6   service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one

7   means among several which enables service of process on an international defendant." *Id.* at 1015

8   (internal citation omitted). To the extent that defendant relies on the 1993 Advisory Committee Notes

9   to argue that plaintiffs must show "urgency"in order to warrant alternative service, the Court disagrees.

10  *Rio Properties* held that district courts have "sound discretion" to determine when the "particularities

11  and necessities of a given case require alternate service of process under Rule 4(f)(3)" and noted that

12  "trial courts have authorized a wide variety of alternative methods of service including publication,

13  ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex,

14  and most recently, email." *Id.* at 1016. In any event, the portion of the 1993 Advisory Committee Notes

15  that defendant quotes presents a hypothetical involving the Hague Convention, which is inapplicable

16  here because Taiwan is not a signatory to that agreement.

17      Plaintiffs assert that service by letters rogatory is more expensive and time-consuming than

18  serving defendant's counsel. As plaintiffs note, earlier in the MDL the direct purchaser plaintiffs spent

19  many months attempting to effect service on some Taiwanese defendants through the letter rogatory

20  process, and this process proved time-consuming, expensive, and burdensome. *See* Docket No. 725

21  (Order Re: Defendant Nexgen Mediatech Inc.'s Motion to Dismiss for Insufficient Service of Process;

22  Quashing Service; and Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its

23  Counsel under Fed.R.Civ.P. 4(f)(3)).[2] Other plaintiffs have submitted cost estimates for serving

24  _____

25      [2]    In that order, the Court held that the record did not demonstrate that defendant Nexgen
26  Mediatech, Inc., a Taiwanese corporation, had been properly served by the letter rogatory method, and
    granted the direct purchaser plaintiffs' request to serve Nexgen through its U.S. counsel. In four other
27  individual cases related to the MDL, the Court granted the plaintiffs' motions to serve Taiwanese
    defendants, including Chunghwa, through their U.S. counsel. See *ATS Claim, LLC v. Epson Elecs. Am.*
28  *Inc.*, *et al.*, (Docket No. 1309), *AT&T Mobility LLC v. AU Optronics et al.*,(Docket No. 1657), *Motorola Inc. v. AU Optronics et al.*, (Docket No. 1657), *Nokia Corp. v. AU Optronics Corp.*, (Docket No. 1779),

Case 3:07-cv-05944-SC Document 2539 Filed 06/18/13 Page 4 of 30

Chunghwa through the letter rogatory process, all of which have indicated a likely cost of more than $8,000.[3] In light of the availability of alternative, speedier relief under Rule 4(f)(3), the Court finds that there is no reason to require service through letters rogatory in the instant action, particularly given the stage of the litigation in the MDL and the significant discovery that is already underway in those proceedings. This action has been consolidated with the MDL and is now part of a coordinated discovery schedule. Until plaintiffs are able to serve Chunghwa, plaintiffs will not be able to coordinate and participate in discovery against Chunghwa with the other plaintiffs.

The Court also finds that service on Chunghwa through its U.S. counsel comports with due process. Service under Rule 4(f)(3) must "comport with constitutional notions of due process," meaning that service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties*, 284 F.3d at 1016-17 (internal quotation and citation omitted). Here, the record shows that Chunghwa has consulted its U.S. counsel regarding the MDL lawsuits and participated in the MDL cases through its U.S. counsel. Chunghwa has been represented in the MDL by the law firm of Gibson, Dunn & Crutcher LLP since June 2008. Since that time, Gibson Dunn has repeatedly appeared as counsel for Chunghwa and has answered complaints, provided declarations, joined defendants' motions to dismiss, and negotiated settlements with the direct purchaser plaintiffs and the indirect purchaser plaintiffs. Under these circumstances, the Court finds it reasonable to infer that Chunghwa has sufficient notice of this case and that service of defendant through its U.S. counsel will comport with due process. *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (stating that the numerous motions filed by defendant's attorney make it "abundantly clear" that defendant has been

and *TracFone Wireless, Inc. v. AU Optronics et al.*, (Docket No. 2109).

[3] *See, e.g., TracFone Wireless, Inc. v. AU Optronics et al.*,:

According to the Legal Language Services estimate, TracFone will incur a charge of at least $6,215.00 for translating TracFone's Complaint and the other documents associated with the TracFone action into Chinese for Chunghwa. Legal Language Services also estimates that TracFone will incur charges of at least $3,720 for processing the letters rogatory for Chunghwa and for paying the fees required by the U.S. Department of State for service on that entity.

Docket No. 2109 at 2-3.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

in constant communication with his attorney); *see also In re Cathode Ray Tubes (CRT) Antitrust Litig.*, MDL No. 1917, No. 07-5944 SC, 2008 WL 4104341, at *1 (N.D. Cal. Sept. 3, 2008) (authorizing service on foreign defendants through U.S. subsidiaries and domestic counsel); *In re LDK Solar Sec. Litig.*, C No. 07-5182 WHA, 2008 WL 2415186, at *2 (N.D. Cal. June 12, 2008) (authorizing service on foreign corporation and foreign individuals on corporation's domestic subsidiary, and noting "[s]ignificantly, FRCP 4(f)(3) stands independently of FRCP 4(f)(1); it is not necessary for plaintiffs to first attempt service through 'internationally agreed means' before turning to 'any other means not prohibited by international agreement.'").

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs' motion to serve Chunghwa Picture Tubes Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). Docket No. 16 in C 10-4572 SI; Docket No. 2463 in M 07-1827 SI.

**IT IS SO ORDERED.**

Dated: March 8, 2011

_____
SUSAN ILLSTON
United States District Judge

1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7   IN RE: TFT-LCD (FLAT PANEL) ANTITRUST          No. M 07-1827 SI
    LITIGATION                                     MDL No. 1827
8   _____/
                                                   No. C 10-5625 SI
9
    This Order Relates To:                         **ORDER GRANTING PLAINTIFF'S**
10                                                  **MOTION FOR ORDER TO SERVE**
    ALFRED H. SIEGEL,                               **DEFENDANT CHUNGHWA PICTURE**
11                                                  **TUBES THROUGH ITS U.S. COUNSEL**
                    Plaintiff,
12      v.

13  AU OPTRONICS,

14                  Defendant.
    _____/
15

16          Plaintiff has filed a motion to serve a foreign defendant, Chunghwa Picture Tubes Ltd., through

17  its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  The parties stipulated to submit

18  the motion without oral argument, and accordingly the Court VACATES the hearing scheduled for April

19  8, 2011, at 9:00 a.m.  For the reasons set forth below, the Court GRANTS the motion.

20

21                                  **BACKGROUND**

22          On December 10, 2010, plaintiff Alfred H. Siegel, as trustee of the Circuit City Stores, Inc.

23  liquidating trust, filed a complaint in this Court against numerous domestic and foreign defendants,

24  including Chunghwa Picture Tubes ("Chunghwa"), for violations of state and federal antitrust laws.

25  Pursuant to the Judicial Panel on Multidistrict Litigation's April 20, 2007 transfer order consolidating

26  pretrial proceedings for a number of actions and this Court's July 3, 2007 related case pretrial order #1,

27  the Clerk of this Court designated this case as related to MDL No. 1827, M 07-1827.

28          Chunghwa is a foreign corporation with headquarters in Taiwan.  Taiwan is not a signatory to

United States District Court
For the Northern District of California

1   the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents ("Hague

2   Convention"), and thus service cannot be effected on Chunghwa pursuant to the Hague Convention.

3   In January 2011, plaintiff sent Chunghwa a request to waive service of summons. Chunghwa has not

4   returned a signed waiver. Plaintiff also contacted Chunghwa's U.S. counsel and requested that counsel,

5   as an agent for Chunghwa, arrange for service of process by delivery of the requisite documents.

6   Chunghwa declined this request, thus prompting the instant motion. Plaintiff has not attempted to

7   initiate service on Chunghwa through the letters rogatory process.

8

9                                     **DISCUSSION**

10        Plaintiff has moved to serve Chunghwa through its U.S. counsel pursuant to Federal Rule of

11   Civil Procedure 4(f)(3). Rule 4(f)(3) permits service in a place not within any judicial district of the

12   United States, "by . . . means not prohibited by international agreement as may be directed by the court."

13   Fed. R. Civ. P. 4(f)(3).[1] Chunghwa argues that before plaintiff can seek to serve it through its U.S.

14   counsel, plaintiff must first attempt to personally serve Chunghwa via the letters rogatory process at its

15   Taiwan address.

16        Plaintiff contends that service through defendant's U.S. counsel is appropriate because of the

17   substantial difficulty, time and expense that plaintiff would face in serving the foreign defendant in

18   Taiwan, and the need to coordinate discovery in this case and the MDL. Plaintiff notes that earlier in

19   the MDL the direct purchaser plaintiffs spent many months attempting to effect service on some

20   Taiwanese defendants through the letter rogatory process, and this process proved time-consuming,

21   expensive, and burdensome. *See* Docket No. 725 (Order Re: Defendant Nexgen Mediatech Inc.'s

22   Motion to Dismiss for Insufficient Service of Process; Quashing Service; and Granting Direct Purchaser

23   Plaintiffs' Motion to Serve Nexgen Through its Counsel under Fed.R.Civ.P. 4(f)(3)).[2] In addition, other

24

25       [1] Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business

26   entity in a manner prescribed by Rule 4(f) for individuals.

27       [2] In that order, the Court held that the record did not demonstrate that defendant Nexgen

28   Mediatech, Inc., a Taiwanese corporation, had been properly served by the letter rogatory method, and
granted the direct purchaser plaintiffs' request to serve Nexgen through its U.S. counsel. In four other
individual cases related to the MDL, the Court granted the plaintiffs' motions to serve Taiwanese

United States District Court
For the Northern District of California

1  plaintiffs have submitted cost estimates for serving Chunghwa through the letters rogatory process, of

2  all which have indicated a likely cost of more than $8,000.[3]

3        Based upon the circumstances presented here, the Court finds that it is appropriate to order

4  service on Chunghwa through its U.S. counsel.  The Ninth Circuit has rejected the argument that "Rule

5  4(f) should be read to create a hierarchy of preferred methods of service of process. [Appellant]'s

6  interpretation would require that a party attempt service of process by those methods enumerated in Rule

7  4(f)(2), including diplomatic channels and letters rogatory, before petitioning the court for alternative

8  relief under Rule 4(f)(3).  We find no support for [this] position.  No such requirement is found in the

9  Rule's text, implied by its structure, or even hinted at in the advisory committee notes."  *Rio Properties,*

10  *Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002).  The Ninth Circuit concluded "that

11  service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'  It is merely one

12  means among several which enables service of process on an international defendant."  *Id.* at 1015

13  (internal citation omitted).   To the extent that defendant relies on the 1993 Advisory Committee Notes

14  to argue that plaintiff must show "urgency" in order to warrant alternative service, the Court disagrees.

15  Rio Properties held that district courts have "sound discretion" to determine when the "particularities

16  and necessities of a given case require alternate service of process under Rule 4(f)(3)" and noted that

17  "trial courts have authorized a wide variety of alternative methods of service including publication,

18  ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex,

19  and most recently, email."  *Id.* at 1016.  In any event, the portion of the 1993 Advisory Committee Notes

20

21  defendants, including Chunghwa, through their U.S. counsel.  See *ATS Claim, LLC v. Epson Elecs. Am.*

22  *Inc.*, *et al.*, (Docket No. 1309), *AT&T Mobility LLC v. AU Optronics et al.*,(Docket No. 1657), *Motorola*
   *Inc. v. AU Optronics et al.*, (Docket No. 1657), *Nokia Corp. v. AU Optronics Corp.*, (Docket No. 1779),

23  and *TracFone Wireless, Inc. v. AU Optronics et al.*, (Docket No. 2109).

      [3]  *See, e.g., TracFone Wireless, Inc. v. AU Optronics et al.,*:

24

25  According to the Legal Language Services estimate, TracFone will incur a charge of at
   least $6,215.00 for translating TracFone's Complaint and the other documents associated

26  with the TracFone action into Chinese for Chunghwa.  Legal Language Services also
   estimates that TracFone will incur charges of at least $3,720 for processing the letters

27  rogatory for Chunghwa and for paying the fees required by the U.S. Department of State
   for service on that entity.

28  Docket No. 2109 at 2-3.

1   that defendant quotes presents a hypothetical involving the Hague Convention, which is inapplicable

2   here because Taiwan is not a signatory to that agreement.

3          In light of the availability of alternative, speedier relief under Rule 4(f)(3), the Court finds that

4   there is no reason to require service through letters rogatory in the instant action, particularly given the

5   stage of the litigation in the MDL and the significant discovery that is already underway in those

6   proceedings.  This action has been consolidated with the MDL and is now part of a coordinated

7   discovery schedule.  Until plaintiff is able to serve Chunghwa, plaintiff will not be able to coordinate

8   and participate in discovery against Chunghwa with the other plaintiffs.

9          The Court also finds that service on Chunghwa through its U.S. counsel comports with due

10  process.  Service under Rule 4(f)(3) must "comport with constitutional notions of due process," meaning

11  that service must be "reasonably calculated, under all the circumstances, to apprise interested parties

12  of the pendency of the action and afford them an opportunity to present their objections."  *Rio*

13  *Properties*, 284 F.3d at 1016-17 (internal quotation and citation omitted).  Here, the record shows that

14  Chunghwa has consulted its U.S. counsel regarding the MDL lawsuits and participated in the MDL

15  cases through its U.S. counsel.  Chunghwa has been represented in the MDL by the law firm of Gibson,

16  Dunn & Crutcher LLP since June 2008.  Since that time, Gibson Dunn has repeatedly appeared as

17  counsel for Chunghwa and has answered complaints, provided declarations, joined defendants' motions

18  to dismiss, and negotiated settlements with the direct purchaser plaintiffs and the indirect purchaser

19  plaintiffs.  Under these circumstances, the Court finds it reasonable to infer that Chunghwa has

20  sufficient notice of this case and that service of defendant through its U.S. counsel will comport with

21  due process.  *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (stating that

22  the numerous motions filed by defendant's attorney make it "abundantly clear" that defendant has been

23  in constant communication with his attorney); *see also In re Cathode Ray Tubes (CRT) Antitrust Litig.*,

24  MDL No. 1917, No. 07-5944 SC, 2008 WL 4104341, at *1 (N.D. Cal. Sept. 3, 2008) (authorizing

25  service on foreign defendants through U.S. subsidiaries and domestic counsel); *In re LDK Solar Sec.*

26  *Litig.*, C No. 07-5182 WHA, 2008 WL 2415186, at *2 (N.D. Cal. June 12, 2008) (authorizing service

27  on foreign corporation and foreign individuals on corporation's domestic subsidiary, and noting

28  "[s]ignificantly, FRCP 4(f)(3) stands independently of FRCP 4(f)(1); it is not necessary for plaintiffs

**United States District Court**
For the Northern District of California

4

United States District Court
For the Northern District of California

to first attempt service through 'internationally agreed means' before turning to 'any other means not prohibited by international agreement.'").

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to serve Chunghwa Picture Tubes Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). Docket No. 17 in C 10-5625 SI; Docket No. 2480 in M 07-1827 SI.

**IT IS SO ORDERED.**

Dated: March 24, 2011

SUSAN ILLSTON
United States District Judge

1

2

3

4

5     IN THE UNITED STATES DISTRICT COURT

6     FOR THE NORTHERN DISTRICT OF CALIFORNIA

7    IN RE: TFT-LCD (FLAT PANEL) ANTITRUST      No. M 07-1827 SI
     LITIGATION                                 MDL No. 1827
8    _____/
                                                No. C 11-0058 SI
9
     This Order Relates To:                     **ORDER GRANTING PLAINTIFF'S**
10                                               **MOTION FOR ORDER TO SERVE**
     COSTCO WHOLESALE CORPORATION,               **DEFENDANT CHUNGHWA PICTURE**
11                                               **TUBES, LTD. THROUGH ITS U.S.**
              Plaintiff,                         **COUNSEL**
12
        v.
13
     AU OPTRONICS CORPORATION, ET AL.,
14
              Defendants.
15   _____/

16

17          Plaintiff has filed a motion to serve a foreign defendant, Chunghwa Picture Tubes, Ltd., through

18   its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  The Court has previously heard

19   and granted a number of similar motions in this MDL.  *See*, *e.g.*, Order Re: Defendant Nexgen

20   MediaTech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and

21   Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel Under Fed. R. Civ.

22   P. 4(f)(3), Nov. 19, 2008 (Master Docket No. 725); *see also* Master Docket Nos. 1309, 1657, 1779,

23   2109, 2532, and 2584.

24          For the reasons set forth in its prior orders, the Court finds that service under Rule 4(f)(3) is both

25   available to plaintiff and appropriate in this case.  *See*, *e.g.*, *Rio Properties, Inc. v. Rio Intern. Interlink*,

26   284 F.3d 1007, 1014-15 (9th Cir. 2002) (holding that service of process under Rule 4(f)(3) is not a "last

27   resort," but "merely one means among several which enables service of process on an international

28   defendant").  Further, due to Chunghwa's active participation in this lawsuit for the past three years, the

Court finds that service through its U.S. counsel will fully comport with due process. *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (finding service on defendant through his attorney complied with due process because the numerous motions filed by defendant's attorney made it "abundantly clear" that the two had been in constant communication).

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to serve Chunghwa Picture Tubes, Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). Docket No. 12 in C 11-0058 SI; Docket No. 2562 in M 07-1827 SI.

**IT IS SO ORDERED.**

Dated: May 11, 2011

SUSAN ILLSTON
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: TFT-LCD (FLAT PANEL) ANTITRUST
LITIGATION

No. M 07-1827 SI
MDL No. 1827

_____/

No. C 11-0829 SI

This Order Relates To:

METROPCS WIRELESS, INC.,

          Plaintiff,

  v.

AU OPTRONICS CORPORATION, ET AL.,

          Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S
MOTION FOR ORDER TO SERVE
DEFENDANT CHUNGHWA PICTURE
TUBES, LTD. THROUGH ITS U.S.
COUNSEL**

     Plaintiff has filed a motion to serve a foreign defendant, Chunghwa Picture Tubes, Ltd., through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). The Court has previously heard and granted a number of similar motions in this MDL. *See*, *e.g.*, Order Re: Defendant Nexgen MediaTech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel Under Fed. R. Civ. P. 4(f)(3), Nov. 19, 2008 (Master Docket No. 725); *see also* Master Docket Nos. 1309, 1657, 1779, 2109, 2532, and 2584.

     For the reasons set forth in its prior orders, the Court finds that service under Rule 4(f)(3) is both available to plaintiff and appropriate in this case. *See*, *e.g.*, *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (holding that service of process under Rule 4(f)(3) is not a "last resort," but "merely one means among several which enables service of process on an international defendant"). Further, due to Chunghwa's active participation in this lawsuit for the past three years, the

Court finds that service through its U.S. counsel will fully comport with due process. *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (finding service on defendant through his attorney complied with due process because the numerous motions filed by defendant's attorney made it "abundantly clear" that the two had been in constant communication).

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to serve Chunghwa Picture Tubes, Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). Docket No. 16 in C 11-0829 SI; Docket No. 2660 in M 07-1827 SI.

**IT IS SO ORDERED.**

Dated: May 11, 2011

SUSAN ILLSTON
United States District Judge

1

2

3

4

5                        IN THE UNITED STATES DISTRICT COURT

6                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    IN RE: TFT-LCD (FLAT PANEL) ANTITRUST          No. M 07-1827 SI
     LITIGATION                                     MDL No. 1827
9    _____/

10                                                  No. C 11-2225 SI

11   This Order Relates To:                         **ORDER GRANTING PLAINTIFF'S**
                                                    **MOTION FOR ORDER TO SERVE**
     OFFICE DEPOT, INC.,                            **DEFENDANT CHUNGHWA PICTURE**
12                                                  **TUBES, LTD. THROUGH ITS U.S.**
                    Plaintiff,                      **COUNSEL**
13
        v.
14
     AU OPTRONICS CORPORATION, et al.,
15
                    Defendants.
16   _____/

17

18        Plaintiff has filed a motion to serve a foreign defendant, Chunghwa Picture Tubes, Ltd., through

19   its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). The Court has previously

20   considered and granted a number of similar motions in this MDL. *See, e.g.*, Order Re: Defendant

21   Nexgen MediaTech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and

22   Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel Under Fed. R. Civ.

23   P. 4(f)(3), Nov. 19, 2008 (Master Docket No. 725); *see also* Master Docket Nos. 1309, 1657, 1779,

24   2109, 2532, 2584, 2747, and 2748. Chunghwa has opposed these motions to preserve its objection to

25   the manner of service, but has recognized this Court's inclination to permit service through its U.S.

26   counsel.

27        Given the number of these motions, the Court is well acquainted with the content of Chunghwa's

28

Case 3:07-cv-03944-SI Document 2929 Filed 05/27/11 Page 2 of 2

<div style="writing-mode: vertical">**United States District Court**
For the Northern District of California</div>

opposition.[1]  In order to save Chunghwa both the time and expense of filing another opposition brief, the Court rules as follows:

For the reasons set forth in its prior orders, the Court finds that service under Rule 4(f)(3) is both available to plaintiff and appropriate in this case.  *See*, *e.g.*, *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (holding that service of process under Rule 4(f)(3) is not a "last resort," but "merely one means among several which enables service of process on an international defendant").  Further, due to Chunghwa's active participation in this MDL for the past three years, the Court finds that service through its U.S. counsel will fully comport with due process.  *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (finding service on defendant through his attorney complied with due process because the numerous motions filed by defendant's attorney made it "abundantly clear" that the two had been in constant communication).

Absent further objection from Chunghwa, Office Depot may serve Chunghwa through its U.S. counsel **after June 10, 2011**.  If Chunghwa has a specific objection not already addressed by the prior orders of this Court, it may file an opposition before that date.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to serve Chunghwa Picture Tubes, Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  Docket No. 11 in C 11-2225 SI; Docket No. 2799 in M 07-1827 SI.  Absent further objection from Chunghwa, plaintiff may serve Chunghwa through counsel after June 10, 2011.

**IT IS SO ORDERED.**

Dated: May 27, 2011

_____
SUSAN ILLSTON
United States District Judge

---

[1]Specifically, Chunghwa's opposition briefs have argued 1) that plaintiffs have not met the requirements for invoking alternative service under Rule 4(f)(3); and 2) that service through its U.S. counsel violates due process.

2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| _____/ | No. C 11-2591 SI |
| This Order Relates To: | **ORDER GRANTING PLAINTIFF T-MOBILE'S MOTION FOR ORDER AUTHORIZING PLAINTIFF TO SERVE DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND TATUNG CO. THROUGH THEIR U.S. COUNSEL** |
| T-MOBILE U.S.A., INC., | |
| Plaintiff, | |
| v. | |
| AU OPTRONICS CORPORATION, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff T-Mobile U.S.A., Inc. has filed a motion to serve two foreign defendants, Chunghwa Picture Tubes, Ltd. and Tatung Co., through their U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). The Court has previously heard and granted a number of similar motions in this MDL. *See, e.g.*, Order Re: Defendant Nexgen MediaTech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel Under Fed. R. Civ. P. 4(f)(3), Nov. 19, 2008 (Master Docket No. 725); *see also* Master Docket Nos. 1309, 1657, 1779, 2109, 2532, 2584, 2747, 2748, and 2825. Both Chunghwa and Tatung have opposed these motions to preserve their objections to this manner of service, but have recognized this Court's inclination to permit service through their U.S. counsel.

Given the number of these motions, the Court is well acquainted with the content of Chunghwa's

United States District Court
For the Northern District of California

opposition.[1]  In order to save both Chunghwa and Tatung the time and expense of filing another opposition brief, the Court rules as follows:

For the reasons set forth in its prior orders, the Court finds that service under Rule 4(f)(3) is both available to plaintiff and appropriate in this case.  *See*, *e.g.*, *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (holding that service of process under Rule 4(f)(3) is not a "last resort," but "merely one means among several which enables service of process on an international defendant").  Further, due to Chunghwa's active participation in this MDL for the past three years, as well as the close corporate ties between Chunghwa and Tatung, the Court finds that service through their U.S. counsel will fully comport with due process.  *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (finding service on defendant through his attorney complied with due process because the numerous motions filed by defendant's attorney made it "abundantly clear" that the two had been in constant communication); *see also* Order Granting Plaintiffs' Motion to Serve Defendants Chunghwa Picture Tubes and Tatung Company Through Their U.S. Counsel, May 28, 2010 (Master Docket No. 1779) (describing corporate ties between Chunghwa and Tatung).

Absent further objection from Chunghwa or Tatung, plaintiff may serve Chunghwa and Tatung through their U.S. counsel **after July 29, 2011**.  If Chunghwa or Tatung have a specific objection not already addressed by the prior orders of this Court, they may file an opposition before that date.

//
//
//

---

[1]Specifically, Chunghwa's opposition briefs have argued 1) that plaintiffs have not met the requirements for invoking alternative service under Rule 4(f)(3); and 2) that service through its U.S. counsel violates due process.  Tatung is represented by the same counsel as Chunghwa, and has relied on the same arguments.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to serve Chunghwa Picture Tubes, Ltd. and Tatung Co. through their U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). Docket No. 27 in C 11-2591; Docket No. 3029 in M 07-1827. Absent objection from Chunghwa and Tatung, plaintiff may serve Chunghwa and Tatung through counsel after July 29, 2011.

**IT IS SO ORDERED.**

Dated: July 12, 2011

_____
SUSAN ILLSTON
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| _____/ | |
| This Order Relates To: | No. C 11-2591 SI |
| T-MOBILE U.S.A., INC., | **ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER AUTHORIZING PLAINTIFF TO SERVE DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND TATUNG CO. THROUGH THEIR U.S. COUNSEL** |
|        Plaintiff, | |
|   v. | |
| AU OPTRONICS CORPORATION, et al., | |
|        Defendants. | |
| _____/ | |

On July 12, 2011, this Court issued an order tentatively authorizing T-Mobile to serve defendants Chunghwa Pictures Tubes, Ltd. and Tatung Co. through their U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). *See* Order Granting Plaintiff T-Mobile's Motion for Order Authorizing Plaintiff to Serve Defendants Chunghwa Picture Tubes, Ltd. and Tatung Co. Through Their U.S. Counsel (July 12, 2011), Master Docket No. 3079. The order gave defendants until July 29, 2011, to raise with the Court any new arguments against service under Rule 4(f)(3).

Defendants have now filed a brief in opposition to the Court's tentative order. The brief discusses one new case from this district in which the court declined to authorize service under Rule 4(f)(3). *See Fujitsu Ltd. v. Belkin Int'l, Inc.*, 2011 U.S. Dist. LEXIS 34076 (N.D. Cal. Mar. 29, 2011) (denying plaintiff's request to serve two Taiwanese companies under Rule 4(f)(3)).

Nothing in *Fujitsu* alters this Court's decision to permit service under Rule 4(f)(3). *Fujitsu* did

United States District Court
For the Northern District of California

not determine that service under Rule 4(f)(3) was contrary to law or otherwise improper. Rather, the court agreed that, provided such service was consistent with "constitutional notions of due process," the decision to permit such service was in the discretion of the trial judge. *Id.* at *22.

The Court therefore adheres to its decision that, due to Chunghwa's active participation in this MDL for the past three years and the close corporate ties between Chunghwa and Tatung, service on both defendants through their U.S. counsel will fully comport with due process. Accordingly, T-Mobile's motion is GRANTED. T-Mobile may serve both Chunghwa and Tatung through their U.S. counsel.

**IT IS SO ORDERED.**

Dated: August 4, 2011

SUSAN ILLSTON
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| _____/ | No. C 10-5458 SI |
| This Order Relates To: | **ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER AUTHORIZING PLAINTIFF TO SERVE DEFENDANT CHUNGHWA PICTURE TUBES, LTD. THROUGH ITS U.S. COUNSEL** |
| SB LIQUIDATION TRUST, | |
| Plaintiff, | |
| v. | |
| AU OPTRONICS CORPORATION, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff has filed a motion to serve a foreign defendant, Chunghwa Picture Tubes, Ltd., through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). The Court has previously heard and granted a number of similar motions in this MDL. *See*, *e.g.*, Order Re: Defendant Nexgen MediaTech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel Under Fed. R. Civ. P. 4(f)(3), Nov. 19, 2008 (Master Docket No. 725); *see also* Master Docket Nos. 1309, 1657, 1779, 2109, 2532, 2584, 2747, 2748, 2825, 3079, 3217. Chunghwa has opposed these motions to preserve its objections to this manner of service, but has recognized this Court's inclination to permit service through its U.S. counsel.

Given the number of these motions, the Court is well acquainted with the content of Chunghwa's

United States District Court
For the Northern District of California

opposition.[1]  In order to save Chunghwa the time and expense of filing another opposition brief, the Court rules as follows:

For the reasons set forth in its prior orders, the Court finds that service under Rule 4(f)(3) is both available to plaintiff and appropriate in this case.  *See*, *e.g.*, *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (holding that service of process under Rule 4(f)(3) is not a "last resort," but "merely one means among several which enables service of process on an international defendant").  Further, due to Chunghwa's active participation in this MDL for the past three years, the Court finds that service through its U.S. counsel will fully comport with due process.  *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (finding service on defendant through his attorney complied with due process because the numerous motions filed by defendant's attorney made it "abundantly clear" that the two had been in constant communication).

Absent further objection from Chunghwa, plaintiff may serve Chunghwa through its U.S. counsel **after September 2, 2011**.  If Chunghwa has a specific objection not already addressed by the prior orders of this Court, it may file an opposition before that date.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to serve Chunghwa Picture Tubes, Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  Docket No. 33 in C 10-5458; Docket No. 3249 in M 07-1827.  Absent objection from Chunghwa, plaintiff may serve Chunghwa through counsel after September 2, 2011.

**IT IS SO ORDERED.**

Dated: August 23, 2011

SUSAN ILLSTON
United States District Judge

---

[1]Specifically, Chunghwa's opposition briefs have argued 1) that plaintiffs have not met the requirements for invoking alternative service under Rule 4(f)(3); and 2) that service through its U.S. counsel violates due process.

2

1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    IN RE: TFT-LCD (FLAT PANEL) ANTITRUST          No. M 07-1827 SI
     LITIGATION                                      MDL No. 1827
9    _____/
                                                     No. C 11-2495 SI
10
     This Order Relates To:                          **ORDER GRANTING PLAINTIFF'S**
11                                                   **MOTION FOR ORDER AUTHORIZING**
     JACO ELECTRONICS, INC.,                         **PLAINTIFF TO SERVE DEFENDANT**
12                                                   **CHUNGHWA PICTURE TUBES, LTD.**
                    Plaintiff,                       **THROUGH ITS U.S. COUNSEL**
13
            v.
14
     AU OPTRONICS CORPORATION, *et al.*,
15
                    Defendants.
16   _____/

17

18          Plaintiff has filed a motion to serve a foreign defendant, Chunghwa Picture Tubes Ltd., through

19   its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). The Court has previously heard

20   and granted a number of similar motions in this MDL. *See*, *e.g.*, Order Re: Defendant Nexgen

21   MediaTech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and

22   Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel Under Fed. R. Civ.

23   P. 4(f)(3), Nov. 19, 2008 (Master Docket No. 725); *see also* Master Docket Nos. 1309, 1657, 1779,

24   2109, 2532, 2584, 2747, 2748, 2825, 3079, 3217, 3345. Chunghwa has opposed these motions to

25   preserve its objections to this manner of service, but has recognized this Court's inclination to permit

26   service through its U.S. counsel.

27          Given the number of these motions, the Court is well acquainted with the content of Chunghwa's

28

United States District Court
For the Northern District of California

opposition.[1]  In order to save Chunghwa the time and expense of filing another opposition brief, the Court rules as follows:

For the reasons set forth in its prior orders, the Court finds that service under Rule 4(f)(3) is both available to plaintiff and appropriate in this case.  *See, e.g.*, *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (holding that service of process under Rule 4(f)(3) is not a "last resort," but "merely one means among several which enables service of process on an international defendant").  Further, due to Chunghwa's active participation in this MDL for the past three years, the Court finds that service through its U.S. counsel will fully comport with due process.  *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (finding service on defendant through his attorney complied with due process because the numerous motions filed by defendant's attorney made it "abundantly clear" that the two had been in constant communication).

Absent further objection from Chunghwa, plaintiff may serve Chunghwa through its U.S. counsel **after September 16, 2011**.  If Chunghwa has a specific objection not already addressed by the prior orders of this Court, it may file an opposition before that date.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to serve Chunghwa Picture Tubes, Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  Docket No. 20 in 11-2495; Docket No. 3311 in 07-1827.  Absent objection from Chunghwa, plaintiff may serve Chunghwa through counsel after September 16, 2011.

**IT IS SO ORDERED.**

Dated: August 26, 2011

SUSAN ILLSTON
United States District Judge

---

[1]Specifically, Chunghwa's opposition briefs have argued 1) that plaintiffs have not met the requirements for invoking alternative service under Rule 4(f)(3); and 2) that service through its U.S. counsel violates due process.

2

1

2

3

4

5               IN THE UNITED STATES DISTRICT COURT

6            FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8  IN RE: TFT-LCD (FLAT PANEL) ANTITRUST          No. M 07-1827 SI
   LITIGATION                                      MDL No. 1827
9  _____/

10                                                  No. C 11-3856 SI
   This Order Relates To:
11                                                  **ORDER GRANTING PLAINTIFF'S**
   SCHULTZE AGENCY SERVICES, LLC,                   **MOTION FOR ORDER AUTHORIZING**
12                                                  **PLAINTIFF TO SERVE DEFENDANT**
                    Plaintiff,                      **CHUNGHWA PICTURE TUBES, LTD.**
13                                                  **THROUGH ITS U.S. COUNSEL**
          v.
14
   AU OPTRONICS CORPORATION, *et al.*,
15
                    Defendants.
16 _____/

17

18        Plaintiff has filed a motion to serve a foreign defendant, Chunghwa Picture Tubes Ltd., through

19 its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  The Court has previously heard

20 and granted a number of similar motions in this MDL.  *See*, *e.g.*, Order Re: Defendant Nexgen

21 MediaTech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and

22 Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel Under Fed. R. Civ.

23 P. 4(f)(3), Nov. 19, 2008 (Master Docket No. 725); *see also* Master Docket Nos. 1309, 1657, 1779,

24 2109, 2532, 2584, 2747, 2748, 2825, 3079, 3217, 3345, 3394.  Chunghwa has opposed these motions

25 to preserve its objections to this manner of service, but has recognized this Court's inclination to permit

26 service through its U.S. counsel.

27        Given the number of these motions, the Court is well acquainted with the content of Chunghwa's

28

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

opposition.[1]  In order to save Chunghwa the time and expense of filing another opposition brief, the Court rules as follows:

For the reasons set forth in its prior orders, the Court finds that service under Rule 4(f)(3) is both available to plaintiff and appropriate in this case.  *See*, *e.g.*, *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (holding that service of process under Rule 4(f)(3) is not a "last resort," but "merely one means among several which enables service of process on an international defendant").  Further, due to Chunghwa's active participation in this MDL for the past three years, the Court finds that service through its U.S. counsel will fully comport with due process.  *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (finding service on defendant through his attorney complied with due process because the numerous motions filed by defendant's attorney made it "abundantly clear" that the two had been in constant communication).

Absent further objection from Chunghwa, plaintiff may serve Chunghwa through its U.S. counsel **after September 23, 2011**.  If Chunghwa has a specific objection not already addressed by the prior orders of this Court, it may file an opposition before that date.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to serve Chunghwa Picture Tubes, Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  Docket No. 9 in 11-3856; Docket No. 3367 in 07-1827.  Absent objection from Chunghwa, plaintiff may serve Chunghwa through counsel after September 23, 2011.

**IT IS SO ORDERED.**

Dated: September 2, 2011

_____
SUSAN ILLSTON
United States District Judge

---

[1]Specifically, Chunghwa's opposition briefs have argued 1) that plaintiffs have not met the requirements for invoking alternative service under Rule 4(f)(3); and 2) that service through its U.S. counsel violates due process.

United States District Court
For the Northern District of California

1

2

3

4

5           IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   IN RE: TFT-LCD (FLAT PANEL) ANTITRUST          No. M 07-1827 SI
    LITIGATION                                     MDL No. 1827
9   _____/

10                                                 No. C 11-3763 SI

11  This Order Relates To:
                                                   **ORDER GRANTING PLAINTIFF'S**
12  INTERBOND CORPORATION OF AMERICA,              **MOTION FOR ORDER AUTHORIZING**
                                                   **PLAINTIFF TO SERVE DEFENDANT**
13            Plaintiff,                           **CHUNGHWA PICTURE TUBES, LTD.**
                                                   **THROUGH ITS U.S. COUNSEL**
      v.

14
    AU OPTRONICS CORPORATION, *et al.*,

15
              Defendants.

16  _____/

17

18          Plaintiff has filed a motion to serve a foreign defendant, Chunghwa Picture Tubes, Ltd., through

19  its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  The Court has previously heard

    and granted a number of similar motions in this MDL.  *See*, *e.g.*, Order Re: Defendant Nexgen

20  MediaTech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and

21  Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel Under Fed. R. Civ.

22  P. 4(f)(3), Nov. 19, 2008 (Master Docket No. 725); *see also* Master Docket Nos. 1309, 1657, 1779,

23  2109, 2532, 2584, 2747, 2748, 2825, 3079, 3217, 3345, 3394, 3443.  Chunghwa has opposed these

    motions to preserve its objections to this manner of service, but has recognized this Court's inclination

24
    to permit service through its U.S. counsel.

25
            Given the number of these motions, the Court is well acquainted with the content of Chunghwa's

26

27

28

opposition.[1]  In order to save Chunghwa the time and expense of filing another opposition brief, the Court rules as follows:

For the reasons set forth in its prior orders, the Court finds that service under Rule 4(f)(3) is both available to plaintiff and appropriate in this case.  *See*, *e.g.*, *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (holding that service of process under Rule 4(f)(3) is not a "last resort," but "merely one means among several which enables service of process on an international defendant").  Further, due to Chunghwa's active participation in this MDL for the past three years, the Court finds that service through its U.S. counsel will fully comport with due process.  *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (finding service on defendant through his attorney complied with due process because the numerous motions filed by defendant's attorney made it "abundantly clear" that the two had been in constant communication).

Absent further objection from Chunghwa, plaintiff may serve Chunghwa through its U.S. counsel **after October 14, 2011**.  If Chunghwa has a specific objection not already addressed by the prior orders of this Court, it may file an opposition before that date.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to serve Chunghwa Picture Tubes, Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  Docket No. 15 in 11-3763; Docket No. 3610 in 07-1827.  Absent objection from Chunghwa, plaintiff may serve Chunghwa through counsel after October 14, 2011.

**IT IS SO ORDERED.**

Dated: September 22, 2011

_____
SUSAN ILLSTON
United States District Judge

---

[1]Specifically, Chunghwa's opposition briefs have argued 1) that plaintiffs have not met the requirements for invoking alternative service under Rule 4(f)(3); and 2) that service through its U.S. counsel violates due process.

2

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br>_____/ | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To:<br><br>P.C. RICHARD & SON LONG ISLAND CORPORATION, _et al._,<br><br>       Plaintiffs,<br><br>  v.<br><br>AU OPTRONICS CORPORATION, _et al._,<br><br>       Defendants.<br>_____/ | No. C 11-4119 SI<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR ORDER AUTHORIZING PLAINTIFFS TO SERVE DEFENDANT CHUNGHWA PICTURE TUBES, LTD. THROUGH ITS U.S. COUNSEL** |

Plaintiffs have filed a motion to serve a foreign defendant, Chunghwa Picture Tubes, Ltd., through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). The Court has previously heard and granted a number of similar motions in this MDL. _See_, _e.g._, Order Re: Defendant Nexgen MediaTech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel Under Fed. R. Civ. P. 4(f)(3), Nov. 19, 2008 (Master Docket No. 725); _see also_ Master Docket Nos. 1309, 1657, 1779, 2109, 2532, 2584, 2747, 2748, 2825, 3079, 3217, 3345, 3394, 3443. Chunghwa has opposed these motions to preserve its objections to this manner of service, but has recognized this Court's inclination to permit service through its U.S. counsel.

Given the number of these motions, the Court is well acquainted with the content of Chunghwa's

United States District Court
For the Northern District of California

opposition.[1]  In order to save Chunghwa the time and expense of filing another opposition brief, the Court rules as follows:

For the reasons set forth in its prior orders, the Court finds that service under Rule 4(f)(3) is both available to plaintiff and appropriate in this case.  *See*, *e.g.*, *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (holding that service of process under Rule 4(f)(3) is not a "last resort," but "merely one means among several which enables service of process on an international defendant").  Further, due to Chunghwa's active participation in this MDL for the past three years, the Court finds that service through its U.S. counsel will fully comport with due process.  *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (finding service on defendant through his attorney complied with due process because the numerous motions filed by defendant's attorney made it "abundantly clear" that the two had been in constant communication).

Absent further objection from Chunghwa, plaintiffs may serve Chunghwa through its U.S. counsel **after October 14, 2011**.  If Chunghwa has a specific objection not already addressed by the prior orders of this Court, it may file an opposition before that date.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs' motion to serve Chunghwa Picture Tubes, Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  Docket No. 13 in 11-4119; Docket No. 3609 in 07-1827.  Absent objection from Chunghwa, plaintiffs may serve Chunghwa through counsel after October 14, 2011.

**IT IS SO ORDERED.**

Dated: September 22, 2011

_____
SUSAN ILLSTON
United States District Judge

---

[1]Specifically, Chunghwa's opposition briefs have argued 1) that plaintiffs have not met the requirements for invoking alternative service under Rule 4(f)(3); and 2) that service through its U.S. counsel violates due process.

2

1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6              FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8  IN RE: TFT-LCD (FLAT PANEL) ANTITRUST          No. M 07-1827 SI
   LITIGATION                                      MDL No. 1827
9  _____/

10                                                 No. C 11-6241 SI

11 This Order Relates To:
                                                   **ORDER GRANTING PLAINTIFF**
12 COMPUCOM SYSTEMS, INC.,                         **COMPUCOM'S MOTION FOR AN**
                                                   **ORDER AUTHORIZING PLAINTIFF TO**
13              Plaintiff,                         **SERVE DEFENDANT CHUNGHWA**
                                                   **PICTURE TUBES, LTD. THROUGH ITS**
14    v.                                           **U.S. COUNSEL**

15 AU OPTRONICS CORPORATION, *et al.*,

16              Defendants.
   _____/

17

18        Plaintiff has filed a motion to serve a foreign defendant, Chunghwa Picture Tubes Ltd., through

19 its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  The Court has previously heard

20 and granted a number of similar motions in this MDL.  *See*, *e.g.*, Order Re: Defendant Nexgen

   MediaTech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and
21
   Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel Under Fed. R. Civ.
22
   P. 4(f)(3), Master Docket No. 725 (Nov. 19, 2008); *see also* Master Docket Nos. 1309, 1657, 1779,
23
   2109, 2532, 2584, 2747, 2748, 2825, 3079, 3217, 3345, 3394, 3443, 3654, 3655.  Chunghwa has
24
   opposed these motions to preserve its objections to this manner of service, but has recognized this
25
   Court's inclination to permit service through its U.S. counsel.
26
          Given the number of these motions, the Court is well acquainted with the content of Chunghwa's
27

28

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

opposition.[1]  In order to save Chunghwa the time and expense of filing another opposition brief, the Court rules as follows:

For the reasons set forth in its prior orders, the Court finds that service under Rule 4(f)(3) is both available to plaintiff and appropriate in this case.  *See, e.g.*, *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (holding that service of process under Rule 4(f)(3) is not a "last resort," but "merely one means among several which enables service of process on an international defendant").  Further, due to Chunghwa's active participation in this MDL for the past three years, the Court finds that service through its U.S. counsel will fully comport with due process.  *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (finding service on defendant through his attorney complied with due process because the numerous motions filed by defendant's attorney made it "abundantly clear" that the two had been in constant communication).

Absent further objection from Chunghwa, plaintiff may serve Chunghwa through its U.S. counsel **after February 24, 2012**.  If Chunghwa has a specific objection not already addressed by the prior orders of this Court, it may file an opposition before that date.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to serve Chunghwa Picture Tubes, Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  Docket No. 22 in 11-6241; Docket No. 4721 in 07-1827.  Absent objection from Chunghwa, plaintiff may serve Chunghwa through counsel after February 24, 2012.

**IT IS SO ORDERED.**

Dated: February 6, 2012

SUSAN ILLSTON
United States District Judge

---

[1]Specifically, Chunghwa's opposition briefs have argued 1) that plaintiffs have not met the requirements for invoking alternative service under Rule 4(f)(3); and 2) that service through its U.S. counsel violates due process.

United States District Court
For the Northern District of California

1

2

3

4

5              IN THE UNITED STATES DISTRICT COURT

6             FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   IN RE: TFT-LCD (FLAT PANEL) ANTITRUST      No. M 07-1827 SI
    LITIGATION                          MDL No. 1827

9   _____/

10                               No. C 11-5765 SI

11   This Order Relates To:
                            **ORDER GRANTING PLAINTIFF TECH**

12   TECH DATA CORPORATION, *et al.*,         **DATA'S MOTION FOR AN ORDER**
                            **AUTHORIZING PLAINTIFF TO SERVE**

13           Plaintiffs,               **DEFENDANT CHUNGHWA PICTURE**
                            **TUBES, LTD. THROUGH ITS U.S.**

14     v.                             **COUNSEL**

15   AU OPTRONICS CORPORATION, *et al.*,

16           Defendants.
  _____/

17

18       Plaintiff has filed a motion to serve a foreign defendant, Chunghwa Picture Tubes Ltd., through

19   its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). The Court has previously heard

20   and granted a number of similar motions in this MDL. *See*, *e.g.*, Order Re: Defendant Nexgen

21   MediaTech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and

22   Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel Under Fed. R. Civ.

23   P. 4(f)(3), Master Docket No. 725 (Nov. 19, 2008); *see also* Master Docket Nos. 1309, 1657, 1779,

24   2109, 2532, 2584, 2747, 2748, 2825, 3079, 3217, 3345, 3394, 3443, 3654, 3655, 4785. Chunghwa has

25   opposed these motions to preserve its objections to this manner of service, but has recognized this

26   Court's inclination to permit service through its U.S. counsel.

27       Given the number of these motions, the Court is well acquainted with the content of Chunghwa's

28

opposition.[1] In order to save Chunghwa the time and expense of filing another opposition brief, the Court rules as follows:

For the reasons set forth in its prior orders, the Court finds that service under Rule 4(f)(3) is both available to plaintiff and appropriate in this case. *See*, *e.g.*, *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (holding that service of process under Rule 4(f)(3) is not a "last resort," but "merely one means among several which enables service of process on an international defendant"). Further, due to Chunghwa's active participation in this MDL for the past three years, the Court finds that service through its U.S. counsel will fully comport with due process. *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (finding service on defendant through his attorney complied with due process because the numerous motions filed by defendant's attorney made it "abundantly clear" that the two had been in constant communication).

Absent further objection from Chunghwa, plaintiff may serve Chunghwa through its U.S. counsel **after March 2, 2012**. If Chunghwa has a specific objection not already addressed by the prior orders of this Court, it may file an opposition before that date.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to serve Chunghwa Picture Tubes, Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). Docket No. 13 in 11-5765; Docket No. 4770 in 07-1827. Absent objection from Chunghwa, plaintiff may serve Chunghwa through counsel after March 2, 2012.

**IT IS SO ORDERED.**

Dated: February 9, 2012

SUSAN ILLSTON
United States District Judge

[1]Specifically, Chunghwa's opposition briefs have argued 1) that plaintiffs have not met the requirements for invoking alternative service under Rule 4(f)(3); and 2) that service through its U.S. counsel violates due process.

2

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: TFT-LCD (FLAT PANEL) ANTITRUST
LITIGATION

No. M 07-1827 SI
MDL No. 1827

_____/

This Order Relates To:

No. C 11-5781 SI

THE AASI CREDITOR LIQUIDATING
TRUST, BY AND THROUGH KENNETH A.
WELT, LIQUIDATING TRUSTEE,

Plaintiff,

v.

AU OPTRONICS CORPORATION, *et al.*,

Defendants.

**ORDER GRANTING PLAINTIFF AASI
CREDITOR LIQUIDATING TRUST'S
MOTION FOR AN ORDER
AUTHORIZING PLAINTIFF TO SERVE
DEFENDANT CHUNGHWA PICTURE
TUBES, LTD. THROUGH ITS U.S.
COUNSEL**

_____/

Plaintiff has filed a motion to serve a foreign defendant, Chunghwa Picture Tubes Ltd., through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). The Court has previously heard and granted a number of similar motions in this MDL. *See*, *e.g.*, Order Re: Defendant Nexgen MediaTech Inc.'s Motion to Dismiss for Insufficient Service of Process; Quashing Service; and Granting Direct Purchaser Plaintiffs' Motion to Serve Nexgen Through its Counsel Under Fed. R. Civ. P. 4(f)(3), Master Docket No. 725 (Nov. 19, 2008); *see also* Master Docket Nos. 1309, 1657, 1779, 2109, 2532, 2584, 2747, 2748, 2825, 3079, 3217, 3345, 3394, 3443, 3654, 3655, 4785. Chunghwa has opposed these motions to preserve its objections to this manner of service, but has recognized this Court's inclination to permit service through its U.S. counsel.

Given the number of these motions, the Court is well acquainted with the content of Chunghwa's

opposition.[1]  In order to save Chunghwa the time and expense of filing another opposition brief, the Court rules as follows:

For the reasons set forth in its prior orders, the Court finds that service under Rule 4(f)(3) is both available to plaintiff and appropriate in this case.  *See*, *e.g.*, *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (holding that service of process under Rule 4(f)(3) is not a "last resort," but "merely one means among several which enables service of process on an international defendant").  Further, due to Chunghwa's active participation in this MDL for the past three years, the Court finds that service through its U.S. counsel will fully comport with due process.  *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (finding service on defendant through his attorney complied with due process because the numerous motions filed by defendant's attorney made it "abundantly clear" that the two had been in constant communication).

Absent further objection from Chunghwa, plaintiff may serve Chunghwa through its U.S. counsel **after March 2, 2012**.  If Chunghwa has a specific objection not already addressed by the prior orders of this Court, it may file an opposition before that date.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to serve Chunghwa Picture Tubes, Ltd. through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).  Docket No. 14 in 11-5781; Docket No. 4771 in 07-1827.  Absent objection from Chunghwa, plaintiff may serve Chunghwa through counsel after March, 2012.

**IT IS SO ORDERED.**

Dated: February 9, 2012

_____
SUSAN ILLSTON
United States District Judge

---

[1]Specifically, Chunghwa's opposition briefs have argued 1) that plaintiffs have not met the requirements for invoking alternative service under Rule 4(f)(3); and 2) that service through its U.S. counsel violates due process.

United States District Court
For the Northern District of California

2

# EXHIBIT "2"



**LEGAL LANGUAGE SERVICES**

A division of ALS International
8014 State Line Road
Suite 110
Leawood, KS 66208-3712

| | |
|---|---|
| Telephone | (913) 341-3167 |
| Toll Free | (800) 755-5775 |
| Telefax | (913) 341-3168 |

www.legallanguage.com

March 29, 2012

Jordan S. Paul
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA 90067

> **Re:** *International Service of Process in Taiwan*
> <u>*Estimated fees for translation and service of 12 complaints upon 2 defendants*</u>

Dear Jordan:

Thank you for your inquiry. There is currently no treaty in force between the U.S. and Taiwan regulating international judicial assistance. In the absence of such a treaty, US federal and state rules generally permit you to effect service of process by agent or by letter rogatory. The fees for these options are as follows:

| | | | |
|---|---|---|---|
| | **Method #1: Service through Letters Rogatory**<br>*(estimated turnaround time: 6 to 9+ months)* | | |
| | **Procedure** | **Fees** | **Comments** |
| X | ***Mandatory:*** Translation of Letter Rogatory into Chinese; transmission through diplomatic pouch to Taiwanese judicial authorities | $3,720<br>*(first defendant)*<br>$2,775<br>*(each additional defendant)*<br>*(includes US State Dept. fee of $2,275 per defendant)* | a method of international service of process recognized by both Taiwanese and U.S. law; enforcement of ensuing judgment more likely but not guaranteed |
| X | ***Mandatory:*** *Estimated translation and legal certification of documents to be served | Est. $5,345 per complaint, including certification | Taiwanese law stipulates that all documents to be served must be translated into the Chinese language |
| | ***Optional:*** Affidavit | $150/hr | if required by US court with respect to extensions, methods of service, etc. |
| X | ***Optional but recommended:*** FedEx service | *(billed directly to your account)* | |
| | ***Optional:*** Periodic follow up with foreign authorities | $175/hour | Includes fees for interpreter and all long distance charges; please specify cap on hrs/per month |
| | ***Mandatory:*** Translation and certification of proof of service as returned by Taiwanese Court | $150 and up | Cost dependant upon length of proof of service |
| | ***Total estimated fees for serving 12 complaints upon 2 defendants*** | **$142,080** | |

| Method #2: Personal Service through an Attorney or Agent in Taiwan *(estimated turnaround time: 2 to 6 weeks)* | | |
|---|---|---|
| **Procedure** | **Fee** | **Comments** |
| LLS' agent in Taiwan effects service upon defendant | $3,000 per defendant *(may vary depending upon location and number of attempts)* | Service method not illegal under Taiwan law **but not recognized by it**, therefore enforcement fraught with problems; recommend use to satisfy U.S. requirements only |
| ***Recommended***: Translation of documents to be served | N/A *(one certified copy per defendant required)* | May be required to meet U.S. due process rules if defendant does not do business in English |
| ***Recommended:*** FedEx service | *(billed directly to your account)* | |
| ***Total for serving 12 complaints upon 2 defendants*** | ***$72,000 (excluding translation costs)*** | |

**Preparation of Letters Rogatory.** A Letter Rogatory is a request from a US court seeking judicial assistance from a foreign court. Private parties may not issue letters rogatory. LLS staff will draft the letter rogatory as well as an application to the US Court to issue the letter, and forward these to you for your review. After you have approved the language used, you must sign and date the draft copy and return it to LLS. Our staff will then translate all documentation and forward two sets to you to present to the US court for execution. Please note that LLS ***requires a complete street address*** (Fedex address) ***for the court*** in which your case is pending. Once executed, the Letter will be forwarded by diplomatic pouch to the US government's representatives in Taipei, who will present it to Taiwanese authorities for processing.

**Turnaround Times.** All turnaround times are approximate and are based on anecdotal information from the U.S. Department of State as well as LLS' own experience in the field. Please understand that LLS cannot be held responsible for delays which may be incurred by government agencies through whom we need to work in order to effect proper service.

**Translation.** Note that, in general, the summons and complaint should be translated into Chinese in order to comport with U.S. due process requirements; this is true irrespective of the method of service you intend to pursue. Translation requirements under Method #2 (service through an attorney or agent) may be waived *only* if plaintiff can prove, before a court of law, that the recipient understands or routinely does business in English. Translation requirements may not be waived under any circumstances if plaintiff intends to pursue letters rogatory (Method #1).

**Proof of Service.** Once service has been effected, proof of service will be returned directly to the Clerk of the Court where your case is pending. This will be in Chinese and should be forwarded to LLS for translation and certification before being filed with the court.

Throughout this process, LLS will be checking on the status of your service and keeping you informed. Please understand however, that LLS cannot *guarantee* the performance of foreign bureaucrats. Please be aware that service of process under any of the methods described does not

commit the state of destination to recognize or enforce any ensuing judgment that may be rendered by a U.S. court. If it is plaintiff's intention to pursue enforcement of a U.S. judgment in Taiwan, Letters Rogatory may be the best recourse.

**Alternative Methods of Service.** LLS can also effect service in compliance with US rules through its attorney in Taiwan. Please understand that such service may not comport with Taiwanese rules for notification and may jeopardize any subsequent attempt to enforce a US judgment in Taiwan. Note, too, that defendants are often located in high-rise buildings with tight security, making personal service problematic. For this reason, substitute service may have to be made.

**Caveat.** LLS is one of the premier translation and legal service companies in North America with considerable experience in the area of administering service of process under the *Hague Convention* and other international treaties. LLS does not, however, represent itself to be legal counsel in the area of international service of process, nor does it guarantee the performance of foreign bureaucrats. LLS shall not be held liable for service which is quashed due to improper or incomplete documentation supplied by the client, incorrect address for the party to be served, or defects to form. In the event service of process is determined to be improper for any reason occasioned by the acts or omissions of LLS, the attorney is entitled to a refund of all charges for those particular services. LLS shall not be liable for any incidental or consequential damages. Please note that clients of LLS must treat all information regarding LLS' prices, procedures or contacts as confidential. Specifically such information shall not be released to competitors or other parties. All prices quoted are valid for 60 days from the date of this letter.

In order for LLS to initiate work, we require your signature below acknowledging that your firm has authorized the project and is responsible for payment. The bid letter may be returned to LLS at our toll-free fax number, (888) 754-8454. Please note that work will not be initiated without your signature and that delays in returning this bid letter may jeopardize deadlines for your project. In addition, please note that payment must be received by LLS prior to initiating work on the Letters Rogatory and/or the translation of the documents. For your convenience, LLS accepts most major credit cards, checks and wire transfers.

Please note if job is subsequently cancelled or put on hold, ROBINS, KAPLAN, MILLER & CIRESI L.L.P. will be responsible for any costs that have been incurred by LLS.

Please do not hesitate to call me at (800) 755-5775, if you have any questions about any aspect of the work we will be performing. I look forward to hearing from you.

Sincerely,                                        Agreed and accepted by:

LEGAL LANGUAGE SERVICES                            ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
*A Division of ALS International, Inc.*

Karina Shreefer, Esq.                              _____
International Litigation Support                    (signature & date)
National Service Center

                                                   _____
                                                   (printed name & title)



**LEGAL LANGUAGE SERVICES**

A division of ALS International
8014 State Line Road
Suite 110
Leawood, KS 66208-3712

| | |
|---|---|
| Telephone | (913) 341-3167 |
| Toll Free | (800) 755-5775 |
| Telefax | (913) 341-3168 |
| www.legallanguage.com | |

April 10, 2012

Jordan S. Paul
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA 90067

     **Re:**    *International Service of Process in the People's Republic of China*

Dear Jordan:

Thank you for your inquiry.

Service of process in the People's Republic of China must be effected through the *Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters*. The fees for providing this service are as follows:

| Service through Article 5(a) or 5(b) of the *Hague Convention on the Service Abroad Of Judicial and Extrajudicial Documents in Civil or Commercial Matters* *(estimated turnaround time: 5 to 8 months)* | | |
|---|---|---|
| **Procedure** | | **Fee** |
| X | ***Mandatory:*** Preparation in English of Service Forms USM-94 (in duplicate) | $695 per defendant |
| | ***Optional but recommended:*** Additional Notice set forth by the 14th Session of the Hague Conference | |
| | ***Mandatory:*** Fee for service | |
| X | ***Mandatory:*** Translation and Legal Certification of documents to be served, including attachments and exhibits *(based on documents received 4/10/12)* | Est. $3,700 per complaint, including certification |
| | ***Not required:*** Authentication of Summons and Complaint | n/a |
| X | ***Recommended:*** Verification of corporate registered address in the PRC by Private Detective | $500 per defendant |
| X | ***Optional but recommended:*** FedEx service | *(billed directly to your account)* |
| | ***Optional:*** Affidavit *(if required by US court with respect to extensions of time, methods of service, etc.)* | $175/hr |
| | ***Optional:*** Periodic follow up with Central Authority *(fee includes interpreter's time and all long distance phone charges)* | $175/hr *(please specify cap)* |
| | ***Mandatory:*** Translation and Certification of Proof of Service as returned by foreign Central Authority | $175 and up *(depending upon length of proof of service)* |
| ***Total estimated fees for serving 12 complaints upon 1 defendant*** | | ***$53,240*** |

**Letters Rogatory replaced by Hague Forms.** Please note that, under the terms of the *Convention*, no actual letter rogatory is required; instead, service is initiated through a series of pre-established *Hague* Request Forms. LLS will complete the Forms and will forward two sets, with your documents for service appended, to the Chinese Central Authority. That Central Authority, in turn, will refer your documents to the competent court of justice who will oversee actual service.

**Translation.** In order to meet U.S. due process requirements, the documents to be served should be translated into a language understood by the defendant. Furthermore, if service under Art. 5, paragraph 1(a) or Art. 5, paragraph 1(b) of the *Convention* is requested, the Chinese authorities will require a Chinese translation of all documents to be served.

**Alternate Methods of Service.** Your options are severely limited here. Under US State and Federal Rules, service may generally be effected through international registered mail or by private agent. Unfortunately, China has specifically objected to service of process by either of these methods. Furthermore, U.S. consular officials are prohibited from serving process abroad (an option under Article 10 (c) of the *Convention*) in all but the most exceptional cases.

**Proof of Service.** Currently, it takes an average of 4 to 8 months before proof of service is returned to the applicant. Please be aware that local People's Courts are frequently subject to protectionist sentiments and local political pressures and that it is not unusual to encounter obstacles in the service of foreign process in China. In addition, service in China under the *Hague Convention* can incur lengthy delays. If you wish, LLS can provide periodic follow up with the Chinese Central Authority and report back to you on your case's progress.

Once service has been effected, the Hague Certificate of Service will be completed by the Chinese authorities and will be returned to LLS, along with a copy of all original documents forming a part of the Request. Proof of service may be in Chinese and should be translated and certified by LLS. Please note, the entire packet of documents, including the final certified translation, is then normally submitted to the court as proof of service.

Please understand, LLS cannot *guarantee* the performance of foreign bureaucrats. Please also be aware that service of process under any of the methods described does not commit the State of Destination to recognize or enforce any ensuing judgment that may be rendered by a U.S. court.

**Caveat.** LLS is one of the premier translation and international litigation support companies in North America. LLS has considerable experience in the area of administering service of process under the *Hague Convention* and other international treaties, but does not represent itself to be legal counsel in the area of international service of process nor does it guarantee the performance of foreign bureaucrats. LLS shall not be held liable for service which is quashed due to improper or incomplete documentation supplied by the client, incorrect address for the party to be served, or defects to form. In the event service of process is determined to be improper for any reason occasioned by the acts or omissions of LLS, the attorney is entitled to a refund of all charges for those particular services. LLS shall not be liable for any incidental or consequential damages. Please note that clients of LLS shall treat all information regarding LLS' prices, procedures or contacts as confidential. Specifically such information may not be released to competitors or other parties.

Finally, fees quoted are valid for a period of sixty (60) days from the date of this letter.

In order for LLS to initiate work, we require your signature below acknowledging that your firm has authorized the project and is responsible for payment. The bid letter may be returned to LLS at our toll-free fax number, (888)754-8454. Please note that work will not be initiated without your signature and that delays in returning this bid letter may jeopardize deadlines for your project. In addition, please note that payment must be received by LLS to initiate work on the *Hague* forms and/or begin translation of the documents. For your convenience, LLS accepts checks, wire transfers and most major credit cards.

Please note if job is subsequently cancelled or put on hold, ROBINS, KAPLAN, MILLER & CIRESI L.L.P. will be responsible for any costs that have been incurred by LLS.

I hope you will not hesitate to contact me at (800) 755-5775 if you have questions about any aspect of the work we will be performing.

Sincerely yours,                                          Agreed and accepted by:

LEGAL LANGUAGE SERVICES                    ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
*A Division of ALS International, Inc.*

Karina Shreefer, Esq.                              _____
International Litigation Support Services      (signature & date)
National Service Center

KJS/vf                                             _____
                                                       (printed name & title)

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Roman M. Silberfeld, Bar No. 62783
RMSilberfeld@rkmc.com
David Martinez, Bar No. 193183
DMartinez@rkmc.com
Jordan S. Paul, Bar No. 277174
JSPaul@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone:     310-552-0130
Facsimile:     310-229-5800

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Elliot S. Kaplan, Bar No. 53624
ESKaplan@rkmc.com
K. Craig Wildfang (*Pro Hac Vice*)
KCWildfang@rkmc.com
Laura E. Nelson, Bar No. 231856
LENelson@rkmc.com
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone:     612-349-8500
Facsimile:     612-339-4181

Attorneys for Plaintiffs
BEST BUY CO., INC.; BEST BUY PURCHASING
LLC; BEST BUY ENTERPRISE SERVICES, INC.;
BEST BUY STORES, L.P.; BESTBUY.COM,
L.L.C.; and MAGNOLIA HI-FI, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC MDL No. 1917 |
| | The Honorable Samuel Conti |
| This Document Relates to: ALL DIRECT ACTION COMPLAINTS AND DOCUMENTS | **[PROPOSED] ORDER GRANTING DIRECT ACTION PLAINTIFFS' MOTION TO SERVE DEFENDANTS CHUNGHWA PICTURE TUBES LTD., LG ELECTRONICS TAIWAN TAIPEI CO., AND BEIJING MATSUSHITA COLOR CRT CO., LTD. THROUGH THEIR U.S. COUNSEL PURSUANT TO FED. R. CIV. P. 4(f)(3)** |

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

| | | |
|---|---|---|
| 1 | *Electrograph systems, Inc., et al., v. Hitachi, Ltd., et al., Case No. 11-CV-01656-SC* | Hearing Date: May 15, 2012 |
| 2 | | Time: 10:00 a.m. |
| | | JAMS: Two Embarcadero Center, Suite 1500 |
| 3 | *Interbond Corporation of America, v. Hitachi, Ltd., et al, Case No. 11-CV-06275-SC* | Special Master: Hon. Charles A. Legge |
| 4 | | |

<table>
<tr><td>1</td><td><em>Electrograph systems, Inc., et al., v. Hitachi, Ltd., et al., Case No. 11-CV-01656-SC</em></td></tr>
<tr><td>2</td><td></td></tr>
<tr><td>3</td><td><em>Interbond Corporation of America, v. Hitachi, Ltd., et al, Case No. 11-CV-06275-SC</em></td></tr>
<tr><td>4</td><td></td></tr>
<tr><td>5</td><td><em>Office Depot, Inc., v. Hitachi, Ltd., et al., Case No. 11-CV-06276-SC</em></td></tr>
<tr><td>6</td><td></td></tr>
<tr><td>7</td><td><em>Costco Wholesale Corporation, v. Hitachi, Ltd., et al., Case No. 11-CV-06397-SC</em></td></tr>
<tr><td>8</td><td><em>Compucom Systems, Inc., v. Hitachi, Ltd., et al., Case No. 11-CV-06396-SC</em></td></tr>
<tr><td>9</td><td></td></tr>
<tr><td>10</td><td><em>Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust, v. Hitachi, Ltd. et al., Case No. 11-CV-05502-SC</em></td></tr>
<tr><td>11</td><td></td></tr>
<tr><td>12</td><td><em>Target Corp. et al., v. Chunghwa Pictures Tubes, Ltd., et al., Case No. 11-CV-05514 (EDL)</em></td></tr>
<tr><td>13</td><td></td></tr>
<tr><td>14</td><td><em>John R. Stoebner, as Chapter 7 Trustee for PBE Consumer Electronics, LLC, et al., v. LG Electronics, Inc., et al., Case No. CV-11-05381-SC</em></td></tr>
<tr><td>15</td><td></td></tr>
<tr><td>16</td><td></td></tr>
<tr><td>17</td><td><em>P.C. Richard & Son Long Island Corporation, et al., v. Hitachi, Ltd., et al., Case No. 11-CV-05530 (JBW, VVP)</em></td></tr>
<tr><td>18</td><td></td></tr>
<tr><td>19</td><td><em>Schultze Agency Services, LLC, et al., v. Hitachi, Ltd., et al., Case No. 11-CV-05529</em></td></tr>
<tr><td>20</td><td><em>Target Corp., et al., v. Hitachi, Ltd., et al., Case No. 11-CV-05515</em></td></tr>
<tr><td>21</td><td></td></tr>
<tr><td>22</td><td><em>Best Buy Co., Inc., et al., v. Hitachi, Ltd., et al., Case No. 11-CV-05513-SC</em></td></tr>
<tr><td>23</td><td></td></tr>
</table>

24    The Court, having considered the Direct Action Plaintiffs' ("DAPs") Motion to Serve

25  Defendants Chunghwa Picture Tubes Ltd. ("Chunghwa"), LG Electronics Taiwan Taipei Co.

26  ("LGETT"), and Beijing Matshushita Color CRT Co., Ltd. ("BMCC") Through Their U.S.

27  Counsel Pursuant to Fed. R. Civ. P. 4(f)(3), and it appearing to the Court that there is GOOD

28  CAUSE shown, the Court makes the following order:

1      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Direct Action

2 Plaintiffs' Motion to Serve Defendants Chunghwa Picture Tubes Ltd., LG Electronics Taiwan

3 Taipei Co., and Beijing Matshushita Color CRT Co., Ltd. Through Their U.S. Counsel Pursuant

4 to Fed. R. Civ. P. 4(f)(3) is hereby GRANTED pursuant to Federal Rule of Civil Procedure

5 4(f)(3).

6      IT IS FURTHER ORDERED that pursuant to Federal Rule of Civil Procedure 4(f)(3), the

7 DAPs are authorized to serve respective Summons, Complaints, and Supplementary Material

8 enumerated in Civil Local Rule 4-2 of the Local Rules of Practice in Civil Proceedings before the

9 United States District Court for the Northern District of California, upon Chunghwa, LGETT, and

10 BMCC by delivering the aforementioned documents by U.S. Mail to domestic counsel for

11 Chunghwa, LGETT, and BMCC in the United States.

12      **IT IS SO ORDERED.**

13 Dated: _____, 2012

14                               _____

15                                 HONORABLE SAMUEL CONTI
United States District Judge