**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **[PROPOSED] ORDER FINDING OBJECTOR SEAN HULL IN CIVIL CONTEMPT AND AWARDING SANCTIONS TO INDIRECT PURCHASER PLAINTIFFS**<br><br>Special Master: Hon. Charles A. Legge (Ret.)<br>Hon. Samuel Conti, U.S. District Judge |

This matter came before the Court on its Order to Show Cause Regarding Finding of Civil Contempt and Award of Sanctions Against Objector Sean Hull, entered on May 25, 2012 (ECF No. 1210). The Court, having reviewed the submissions by Objector Sean Hull and Indirect Purchaser ("IP") Plaintiffs, and good cause appearing, hereby FINDS Objector Sean Hull in civil contempt for his violation of the Court's April 16, 2012 Amended Order Granting Indirect Purchaser Plaintiffs' Motion to Compel Discovery from Objector Sean Hull ("Order") (ECF No. 1155), and hereby ORDERS him to pay to Indirect Purchaser Plaintiffs compensatory sanctions in the amount of $6,166.95.

1

[PROPOSED] ORDER FINDING OBJECTOR SEAN HULL IN CIVIL CONTEMPT AND AWARDING SANCTIONS TO INDIRECT PURCHASER PLAINTIFFS
Master File No. CV-07-5944-SC, MDL No. 1917

1    IP Plaintiffs initially sought the deposition of and document discovery from Hull beginning

2  on February 8, 2012.  IP Plaintiffs' lengthy efforts to obtain this discovery were set forth in the

3  Court's April 16 Order, and for brevity, will not be repeated here.  In sum, after Hull rejected IP

4  Plaintiffs' informal attempts to obtain the requested information, and attempted to evade service of a

5  subpoena, and after IP Plaintiffs' counsel traveled to Denver for a noticed deposition at which Hull

6  failed to appear, IP Plaintiffs moved for an order compelling discovery from him.  Hull opposed the

7  motion.  On April 16, the Court granted IP Plaintiffs' motion, ordering that:

8         [O]bjector Sean Hull shall appear for a deposition not to exceed four hours in length,
          on or before May 11, 2012 (or by such other date as may be agreed to by IP Plaintiffs
9         and Hull), in Denver, Colorado (or at such other location as may be agreed to by IP
          Plaintiffs and Hull)…. Hull shall also produce the documents requested in IP
10        Plaintiffs' Attachment A, Requests For Production, attached to their subpoena two
          days prior to the deposition (or at such other time as may be agreed to by IP Plaintiffs
11        and Hull).

12  Order (ECF No. 1155) at 5-6.

13    On April 16, 2012, shortly after entry of the Court's Order, IP Plaintiffs' Counsel served Hull

14  with a copy of the Order by overnight FedEx as well as by email to the addresses listed on his

15  objection.  In the email communication, IP Plaintiffs' Counsel requested that Hull "please

16  immediately provide me with a proposed date or alternative dates for your deposition and document

17  production between now and May 11, 2012."  On April 26, IP Plaintiffs' Counsel followed up this

18  email by sending Hull a written letter, enclosing a copy of the email and Order.

19    Hull ignored IP Plaintiffs' Counsel's communications, and he did not make himself available

20  for a deposition or produce the requested documents by the Court's deadline.  While the Court's

21  deadline for Hull's compliance was May 11, he waited until May 8 to mail a "Motion to Stay and

22  For Reconsideration" of the Court's Order, in which he stated that he did "not intend" to comply

23  with the Court's Order. (*See* ECF No. 1196.)[1]  On May 18, IP Plaintiffs filed an opposition to Hull's

24  motion (ECF No. 1200), and moved for an order to show cause why Hull should not be found in

25  civil contempt and sanctioned (ECF No. 1199).  On May 25, the Court entered such an order,

26

27  [1] Counsel for IP Plaintiffs did not receive Hull's submission until the afternoon of May 10, and the
    submission was not filed until May 15, four days after Hull's deadline to appear for his deposition
28  and produce documents.

1    requiring that Hull show cause "why this Court should not find him in civil contempt and sanction

2    him for his failure to comply with the Court's Order."  (ECF No. 1210 at 1).  On May 29, Special

3    Master Legge entered a Report and Recommendation denying Hull's motion to stay and for

4    reconsideration of the Court's Order (ECF No. 1214), which was accepted and entered by the Court

5    on June 18, 2012 (ECF No. 1233).  In that Order, the Court concluded that, "Mr. Hull has been

6    evasive, has attempted to avoid process from this Court, is deliberately stalling the Court

7    procedures—all in an attempt to maintain his status as an objector for his own personal gain and not

8    for the benefit of the class." (*Id.* at 2:14-17).

9          "A district court has the power to adjudge in civil contempt any person who [] disobeys a

10   specific and definite order of the court." *Gifford v. Heckler,* 741 F.2d 263, 265 (9th Cir. 1984).  Civil

11   contempt is "regarded as an 'inherent' power that is 'necessary to the exercise of all others.'" *E-*

12   *Smart Technologies, Inc. v. Drizin*, CIV. 3:06-05528 MHP, 2011 WL 1884195, at *2 (N.D. Cal.

13   May 18, 2011) (quoting *Int'l Union, United Mine Workers of Am. v. Bagwell,* 512 U.S. 821, 831

14   (1994)); *see also F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136

15   (9th Cir. 2001) ("All federal courts are vested with inherent powers enabling them to … ensure

16   obedience to their orders.").

17         In addition to this inherent power, title 18 U.S.C. section 401 expressly provides that, "A

18   court of the United States shall have power to punish by fine or imprisonment, or both, at its

19   discretion, such contempt of its authority, and none other, as … (3) [d]isobedience or resistance to its

20   lawful writ, process, order, rule, decree, or command."  18 U.S.C. § 401.  Encompassed within this

21   statute is a district court's power to enter a finding of civil contempt due to non-compliance with its

22   orders.  *Britton v. Co-op Banking Group,* 916 F.2d 1405, 1409 n.4 (9th Cir. 1990).  Moreover, the

23   Federal Rules of Civil Procedure provide that the failure to comply with a court order mandating

24   attendance at a deposition without adequate excuse constitutes contempt of court.  *See* Fed. R. Civ.

25   Proc. 37(b)(1), 45(e).

26         In civil contempt proceedings, once it is established that the contemnor violated a specific

27   and definite order of the court, the burden shifts to the contemnor to demonstrate that he or she "took

28

3

1    every reasonable step to comply," and to articulate why compliance was "not possible." *Aguilar v.*

2    *County of Fresno*, 1:08CV1202 AWI GSA, 2010 WL 1173014 (E.D. Cal. Mar. 23, 2010) (citing

3    *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir.1983)).

4           Here, Hull does not dispute that he violated the Court's Order.  Nor does he make any

5    attempt to show that he made a good faith effort at compliance.  Instead, Hull seeks to re-argue the

6    merits of the Court's decision compelling discovery from him.  That is, the arguments raised in

7    Hull's response attack either the validity of the underlying subpoena and enforcement Order of the

8    Court, or the propriety of permitting such discovery.

9           But whether Hull continues to disagree with the Court's decision compelling limited

10   discovery from him is immaterial.  "It is a 'long-standing rule that a contempt proceeding does not

11   open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and

12   thus become a retrial of the original controversy.'"  *United States v. Ayres*, 166 F.3d 991, 995 (9th

13   Cir. 1999) (quoting *United States v. Rylander*, 460 U.S. 752, 756-57 (1983)); *see also United States*

14   *v. Rose*, 437 F. Supp. 2d 1166, 1171 (S.D. Cal. 2006) ("respondent may not raise issues regarding

15   the validity of the underlying order in defense to the motion for civil contempt").  Thus, as stated by

16   the Ninth Circuit, "challenges to the validity of [a] summons and the enforcement order could not

17   excuse [contemnor's] failure to comply….  The only issue open to [contemnor] in defending [a]

18   contempt proceeding was to show the inability to then produce." *Ayres*, 166 F.3d at 995.  Hull has

19   failed to make any such showing.  To the contrary, he filed papers with the Court stating that he did

20   "not intend" to comply with the Court's Order.  The Court thus need not consider the merits of his

21   arguments, as they do not provide a defense to his defiance of the Court's Order.

22          Even if his arguments were not inapposite, the Court finds that they are without merit.  Hull

23   primarily argues that the ordered discovery he failed to provide is "irrelevant" under Rule 26

24   because he appealed from the Court's final approval of the settlement, and thus, "[t]he case is now

25   over with respect to Hull."[2]  But, in granting the motion to compel, the Court already considered and

26

27   [2] Hull also now asserts the same reasoning, without any citation, to contend that "discovery is closed
     in this litigation."  Discovery in this litigation, however, is by no means "closed."

28

[PROPOSED] ORDER FINDING OBJECTOR SEAN HULL IN CIVIL CONTEMPT AND AWARDING
SANCTIONS TO INDIRECT PURCHASER PLAINTIFFS
Master File No. CV-07-5944-SC, MDL No. 1917

1    rejected the notion that the judgment and notice of appeal rendered the discovery moot.  Order at

2    4:16-5:19 (finding "Hull is incorrect" and laying out numerous and specific reasons why).  Even

3    after Hull filed his notice of appeal, "the requested information and documents are relevant, needed

4    and reasonably narrowly tailored," and the discovery was permitted under the Federal Rules.  *See id*

5    at 3:1-23.  Hull raises nothing that changes these conclusions.

6         Hull now also objects that some of the information sought is "privileged" and/or

7    "burdensome."  Hull's objections, however, were waived long ago, and are unsupported.  Hull fails

8    to articulate which of the specific requests allegedly seek privileged information or are burdensome,

9    or exactly how any requested information is protected from production or unduly burdensome.  As

10   the proponent of these objections, he was required to assert and support them with specificity—and

11   do so long before these contempt proceedings.  *See, e.g.,* Fed. R. Civ. P. 45(c)(2)(B), (d)(2).

12        Next, Hull argues that IP Plaintiffs "never personally served him with his deposition

13   subpoena," and they "attempted to serve Hull by email only."  He does so despite the fact that the

14   Court has twice found that he was successfully served.  These arguments are demonstrably false.

15   As the Court previously determined in granting IP Plaintiffs' motion to compel, Hull was

16   "successfully served" with a subpoena—a copy having been delivered "in compliance with Fed. R.

17   Civ. Proc. 45(b)(1)"—his efforts at evasion notwithstanding.  Order at 2:8-16 & n.1.  And as the

18   Court further noted in its Order denying his motion for reconsideration, Hull never presented this

19   argument as a ground for opposing the Order, and he cannot do so now.  Moreover, Hull ignores that

20   he has been served several times over since voluntarily appearing in these proceedings.  Order

21   Regarding Motion for Reconsideration, June 18, 2012 (ECF No. 1233) at 2:9-13; *see also* Micheletti

22   Decl. in support of motion to compel (ECF No. 1089-2) ¶¶ 5-6, Exs. 1-3; Certificate of Service on

23   Hull (ECF No. 1098).

24        Hull further claims that this Court does not have the power to enforce the subpoena or its

25   own Order.  He is again incorrect.  While the subpoena was issued by the District of Colorado, this is

26   an MDL proceeding, and because these cases have been coordinated in the Northern District of

27   California by the Judicial Panel on Multidistrict Litigation, the deposition subpoena is properly

28

5

1   enforced in this Court.  It is well settled that the enforcement of a subpoena by a transferee MDL

2   court is proper.  *See, e.g., In re Napster, Inc. Copyright Litig.*, No. C MDL-00-1369 MHP, 2006 U.S.

3   Dist. LEXIS 5748, at *10 (N.D. Cal. Feb. 15, 2006) ("Courts considering the question have

4   uniformly held that the MDL judge may enforce a deposition subpoena issued in another district,

5   including a subpoena duces tecum."); *In re Clients & Former Clients of Baron & Budd, P.C.*, 478

6   F.3d 670, 672 (5th Cir. 2007) (holding that an MDL presents "an exception to the rule that only the

7   issuing court may quash, modify, or enforce a subpoena.…  This conclusion is supported by the

8   convincing analyses of myriad district courts."); 28 U.S.C. 1407(b) (granting transferee MDL court

9   ability to "exercise the powers of a district judge in any district for the purpose of conducting pretrial

10  deposition*s* in such coordinated or consolidated pretrial proceedings.").[3]  Thus, it was squarely

11  within this Court's power to issue the Order granting IP Plaintiffs' motion to compel.  And, again,

12  Hull never asserted this ground in his opposition to the motion to compel, but improperly attempts to

13  raise it months later to defend against his willful violation of that Order.

14          Finally, without citing authority, Hull argues that civil contempt sanctions "are only for the

15  purposes of inducing future compliance of a court order" and are therefore inappropriate here.  But it

16  has been long established that civil contempt sanctions may be issued to "compensate[] the

17  complainant for losses sustained."  *Int'l Union, United Mine Workers of Am. v. Bagwell,* 512 U.S.

18  821, 829 (1994); *see also United States v. Bright,* 596 F.3d 683, 695–96 (9th Cir. 2010) ("Civil

19  contempt is characterized by the court's desire to compel obedience to a court order *or to*

20  *compensate the contemnor's adversary for the injuries which result from the noncompliance*.")

21  (emphasis added).  Hull does not dispute that IP Plaintiffs have incurred more than $10,000 in

22  attorneys' fees and $1,166.95 in costs as a result of his conduct.  IP Plaintiffs, however, only seek

23  redress in the amount of $5,000 in attorney's fees and $1,166.95 in costs.  Thus, the Court finds that

24  an award of sanctions in the amount of $6,166.95 is reasonable and appropriate to compensate IP

25  Plaintiffs for losses Hull's contemptuous conduct has caused.

26

27  [3] Hull further ignores that this Court also has the express authority to address his "disobedience or
    resistance" to its process and orders under 18 U.S.C. section 401, in addition to its "inherent" power

28  to ensure obedience to, and respect for, its orders.  *See supra.*

1        Accordingly, IT IS HEREBY ORDERED that objector Sean Hull is found in civil contempt,

2   and Indirect Purchaser Plaintiffs are AWARDED compensatory sanctions in the amount of

3   $6,166.95.  Sean Hull is ORDERED to pay this amount to counsel for Indirect Purchaser Plaintiffs

4   on or before _____, 2012.

5

6   SO RECOMMENDED:

7

8   Dated: _____, 2012.          _____

9                                            Hon. Charles A. Legge (Ret.)
                                             Special Master

10

11   REVIEWED AND [APPROVED OR MODIFIED]:

12

13   Dated: _____, 2012.          _____

14                                            Hon. Samuel Conti
                                             United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER FINDING OBJECTOR SEAN HULL IN CIVIL CONTEMPT AND AWARDING
SANCTIONS TO INDIRECT PURCHASER PLAINTIFFS
Master File No. CV-07-5944-SC, MDL No. 1917