IAN SIMMONS (*pro hac vice*)
E-mail: isimmons@omm.com
BENJAMIN G. BRADSHAW (SBN 189925)
E-mail: bbradshaw@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

Additional Moving Defendants and Counsel Listed on Signature Pages

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>DIRECT PURCHASER ACTIONS | **Case No. 07-5944 SC**<br><br>**MDL No. 1917**<br><br>**DEFENDANTS' STATEMENT OF ISSUES IN SUPPORT OF REPORT AND RECOMMENDATION REGARDING DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT**<br><br>**Judge: The Honorable Samuel Conti** |

Pursuant to the Court's June 14, 2012 Order, the undersigned Defendants submit that, in adopting Special Master Legge's May 31, 2012 Report and Recommendation Regarding Defendants' Joint Motion for Summary Judgment ("May 31 Report"), the Court need decide only one clear-cut legal question that does not depend on any disputed material fact: does a plaintiff who did not purchase the allegedly price-fixed product have standing to sue as a direct purchaser under the Supreme Court's decision in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977). *See* May 31 Report at 3. In a thirteen-page Report based on extensive and well-reasoned analysis of the relevant case law, Judge Legge correctly ruled that, as a matter of law, the answer is "no." This Court should do the same and adopt Judge Legge's rulings in their entirety.

On December 12, 2011, Defendants' submitted their Motion for Summary Judgment Against Purported Direct Purchaser Plaintiffs Who Did Not Purchase CRTs (Dkt. No. 1013) ("Motion"),[1] based on *Illinois Brick*'s rule that only the first, direct purchaser *of the price-fixed product* is entitled to sue for federal antitrust damages.  As Judge Legge correctly recognized, the Motion is "straightforward and compelling," and must be granted based on the following "simply stated" and controlling points:

- "A stipulation has eliminated [finished products] as accused products in the conspiracy alleged in this case.  The only accused products are the CRTs."  May 31 Report at 3.
- The Motion presents only one issue of material fact that requires no additional discovery: "[T]he sole fact question in this motion is whether any of the named plaintiffs purchased a price-fixed product, a CRT, from one of the defendants or their affiliates.  And . . . the evidence is already undisputed that none of these named plaintiffs purchased a price-fixed product."  May 31 Report at 12; *see* Reporter's Transcript of Motion Proceedings at 41, Mar. 20, 2012.
- Section 4 of the Clayton Act "permits suits only by a person 'who shall be injured in his business or property by reason of anything forbidden in the antitrust laws . . . .'"  May 31 Report at 3.
- In interpreting Section 4 of the Clayton Act, the Supreme Court established in *Illinois Brick* a bright-line rule "limit[ing] . . . the right to sue to persons who directly purchased *a price-fixed product*," and "not others in the chain of manufacture or distribution" who, to prove damages, would have to demonstrate that the alleged "overcharges" were "passed on" to them in some downstream market.  *Id*. at 6-7 (emphasis added).
- "The Supreme Court has subsequently reaffirmed" *Illinois Brick*'s clear bar against litigating theories of "pass on" in direct purchaser suits.  *Id.* at 7.  Specifically, in *Kansas*

---

[1] Defendants' Motion seeks summary judgment against nine Plaintiffs named in the direct purchaser complaint: Arch Electronics, Inc.; Crago d/b/a Dash Computers, Inc.; Electronic Design Company; Meijer, Inc. and Meijer Distribution, Inc.; Nathan Muchnick, Inc.; Orion Home Systems, LLC; Radio & TV Equipment, Inc.; Royal Data Services, Inc.; and Studio Spectrum, Inc.

*v. Utilicorp United Inc.*, 497 U.S. 199 (1990)—a decision that post-dates many authorities on which the purported direct purchasers rely—the Supreme Court refused to countenance any new attempt to "carve out exceptions" to *Illinois Brick* "for particular types of markets," as "[t]he possibility of allowing an exception, even in rather meritorious circumstances, would undermine the rule." *Id.* at 216.

- Likewise, the Ninth Circuit has "demonstrated faithful adherence to *Illinois Brick*, and resistance to, or outright rejection of, any new exception to that decision." May 31 Report at 8-9 (discussing *Del. Valley Surgical Supply, Inc. v. Johnson & Johnson*, 523 F.3d 1116 (9th Cir. 2008); *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042 (9th Cir. 2008)). By contrast, neither the Ninth Circuit nor any other Court of Appeals has followed the view espoused in the two Third Circuit cases on which the purported direct purchasers rely.

Indeed, as Judge Legge held, the Ninth Circuit does not recognize any exception to *Illinois Brick* for Plaintiffs who admittedly did not purchase "a price-fixed product" (a CRT tube) at all. May 31 Report at 8-9. To create such an exception, as Plaintiffs suggest, would be "contrary to" and would "upset" controlling "Ninth Circuit law on antitrust standing." *Id*. at 11-12. Further, to recover for their claimed downstream purchases of finished CRT products, Plaintiffs would have to demonstrate that the alleged overcharges on CRTs were somehow "passed on" to them when they purchased finished products in markets that are not the subject of any alleged collusion. This is precisely what the bright-line rule of *Illinois Brick* prohibits, making Plaintiffs "indirect purchasers," "at best." *Id*. at 12.

For all of these reasons, and for the additional reasons set forth in the relevant record, the single "straightforward" issue presented by the Motion—whether plaintiffs who did not purchase the allegedly price-fixed product are entitled to sue as direct purchasers under *Illinois Brick*— should be answered in the negative, and Special Master Legge's May 31 rulings adopted in full.

DATED:  June 21, 2012                           O'MELVENY & MYERS LLP

By: /s/ Ian Simmons
IAN SIMMONS (*pro hac vice*)
Email: isimmons@omm.com
BENJAMIN G. BRADSHAW (SBN 189925)
Email: bbradshaw@omm.com

3

**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*


MORGAN, LEWIS & BOCKIUS LLP

By:    /s/ Kent M. Roger
KENT M. ROGER (SBN 95987)
E-mail: kroger@morganlewis.com
MICHELLE PARK CHIU (SBN 248421)
E-mail: mchiu@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, California 94105-1126
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

J. CLAYTON EVERETT, JR. (pro hac vice)
E-mail: jeverett@morganlewis.com
SCOTT A. STEMPEL (pro hac vice)
E-mail: sstempel@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

*Attorneys for Defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.*

ARNOLD & PORTER LLP

By:    /s/ Sharon D. Mayo
SHARON D. MAYO (SBN 150469)
sharon.mayo@aporter.com
Three Embarcadero Center, 7th Floor
San Francisco, California  94111-4024
Telephone:  (415) 471-3100
Facsimile:  (415) 471-3400

4
DEFENDANTS' STATEMENT OF ISSUES I/S/O REPORT AND
RECOMMENDATION REGARDING DEFENDANTS' JOINT MOTION
FOR SUMMARY JUDGMENT

Case No. 07-5944
MDL NO. 1917

DOUGLAS L. WALD (*Pro Hac Vice*)
douglas.wald@aporter.com
WILSON D. MUDGE (*Pro Hac Vice*)
wilson.mudge@aporter.com
YONGSANG KIM (*Pro Hac Vice*)
yongsang.kim@aporter.com
**ARNOLD & PORTER LLP**
555 Twelfth Street, NW
Washington, DC  20004
Telephone:  (202) 942-5000
Facsimile:  (202) 942-5999

*Attorneys for Defendants LG Electronics, Inc.; LG, LG Electronics USA, Inc.; and LG Electronics Taiwan Taipei Co., Ltd.*

SHEPPARD MULLIN RICHTER & HAMPTON

By:___/s/ Gary L. Halling_____
GARY L. HALLING (SBN 66087)
E-mail: ghalling@sheppardmullin.com
JAMES L. MCGINNIS (SBN 95788)
E-mail: jmcginnis@sheppardmullin.com
MICHAEL W. SCARBOROUGH, (SBN 203524)
E-mail: mscarborough@sheppardmullin.com
**SHEPPARD MULLIN RICHTER & HAMPTON**
Four Embarcadero Center, 17th Floor
San Francisco, California  94111
Telephone:  (415) 434-9100
Facsimile:  (415) 434-3947

*Attorneys for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*

WHITE & CASE LLP

By:___/s/ Christopher M. Curran____
CHRISTOPHER M. CURRAN (pro hac vice)
E-mail: ccurran@whitecase.com
GEORGE L. PAUL (pro hac vice)
E-mail: gpaul@whitecase.com
LUCIUS B. LAU (pro hac vice)
E-mail: alau@whitecase.com
**WHITE & CASE LLP**
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation,*

*Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

GIBSON, DUNN & CRUTCHER LLP

By: ___/s/ Joel S. Sanders___
JOEL S. SANDERS, SBN 107234
E-mail: JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301,
E-mail: Rbrass@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

*Attorneys for Defendant Tatung Company of America, Inc.*

6
DEFENDANTS' STATEMENT OF ISSUES I/S/O REPORT AND
RECOMMENDATION REGARDING DEFENDANTS' JOINT MOTION
FOR SUMMARY JUDGMENT

Case No. 07-5944
MDL NO. 1917

# CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2012, I electronically filed Defendants' Statement of Issues in Support of Report and Recommendation Regarding Defendants' Joint Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

                                                                /s/ Courtney C. Byrd
                                                                 Courtney C. Byrd

DEFENDANTS' STATEMENT OF ISSUES I/S/O REPORT AND RECOMMENDATION REGARDING DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT

Case No. 07-5944
MDL NO. 1917