William A. Isaacson (*pro hac vice*)
Jennifer Milici (*pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:   (202) 237-6131
Email:  wisaacson@bsfllp.com
Email:  jmilici@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs*
*Additional Counsel Listed on Signature Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>DIRECT PURCHASER PLAINTIFFS' ACTIONS | **DIRECT ACTION PLAINTIFFS' STATEMENT OF ISSUES RELATED TO SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT** |

Pursuant to this Court's June 14, 2012 Order, the Direct Action Plaintiffs ("DAPs") submit this statement of issues regarding the Special Master's Report and Recommendation Regarding Defendants' Joint Motion for Summary Judgment (May 31, 2012) (Dkt. No. 1221) ("R&R").

<u>Why the DAPs Wish to Participate</u>:  The DAPs are large, United States-based companies that have opted out of the Direct Purchaser and Indirect Purchaser class actions and have brought their own individual actions alleging direct and indirect purchaser claims under the federal and state antitrust laws, respectively.  The DAPs include companies such as Best Buy, Costco, Office Depot, Sears and Target, all of which overwhelmingly purchased finished products containing CRTs (as opposed to standalone CRTs).  The Special Master has erroneously concluded that it is an undisputed fact that Plaintiffs are not direct purchasers of the CRTs in those finished products.  The DAPs wish to participate in the briefing and hearing related to the R&R because it would have a

1  dispositive effect on their direct purchaser claims, which are the vast majority of their claims.  The
2  Special Master invited the DAPs to participate in the initial briefing at the January 19, 2012 Case
3  Management Conference.  During oral argument, both Defendants' counsel and the Special Master
4  recognized that the R&R would set a precedent in the litigation that could be used in the DAP
5  actions.  Mar. 20, 2012 Tr., 10-15.  Accordingly, in his decision, the Special Master noted that the
6  R&R may serve as the basis for summary judgment motions in the DAP actions.  R&R at 3-4.
7  Moreover, this Court has stated that any party may file objections to a report and recommendation
8  and the Court will afford each party the opportunity to be heard.  Order Appointing Special Master
9  (June 16, 2008) (Dkt. No. 11) ¶¶ 16, 19; *see also* Order Amending Order Appointing Special Master
10 (June 18, 2012) (Dkt. No. 1232).

11 <u>Issues on Which the DAPs Intend to Base Their Objections</u>:  The DAPs respectfully submit
12 that the R&R is in direct conflict with long-established and controlling precedent.  If the R&R were
13 to stand, it would eviscerate application of the federal antitrust laws to a common and very damaging
14 form of cartel, where vertically-integrated producers of a key component conspire to fix prices at
15 that level, knowing--indeed, reassuring each other--that their finished product affiliates will pass on
16 the overcharge but never challenge the cartel, in court or otherwise.  The decision, if affirmed, is a
17 roadmap as to how to construct an international cartel.

18 First and foremost, the Special Master's R&R is fundamentally inconsistent with the fact that
19 Plaintiffs, as purchasers of finished products containing CRTs from Defendants or co-conspirators,
20 are also direct purchasers of the CRTs included in those finished products.  The R&R violates three
21 distinct lines of precedent that recognize such purchasers as direct purchasers:

- *Paper Sys., Inc. v. Nippon Paper Indus. Co., Ltd.*, 281 F.3d 629, 631-32 (7th Cir. 2002) ("the first purchasers from *outside* the conspiracy" are the right parties to sue) (emphasis in original);

- *In re Linerboard Antitrust Litig.*, 305 F.3d 145, 159-60 (3d Cir. 2002) (antitrust standing exists "where plaintiffs purchased downstream goods from manufacturers who made, and allegedly fixed the price of, a component of those goods"); *In re Sugar Indus. Antitrust Litig.*, 579 F.2d 13, 18-19 (3d Cir. 1978) (same); and

- *Freeman v. San Diego Ass'n of Realtors*, 322 F.3d 1133, 1145-46 (9th Cir. 2003) ("indirect purchasers can sue for damages if there is no realistic possibility that the direct purchaser will sue its supplier over the antitrust violation," such as where the direct purchaser is a subsidiary or affiliate of the supplier); *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323, 326 (9th Cir. 1980) (same).

1	The Plaintiffs that purchased finished products, including the CRTs contained in them, directly from Defendants or co-conspirators owned the title to the CRTs, owned the rights relating to those CRTs (including for example rights if those CRTs are defective), and paid money for those CRTs.  There is no other candidate for a direct purchaser of the CRTs in these finished products.  The Special Master's ruling, despite the clear change of title in the CRTs from Defendants to Plaintiffs, nonetheless argues, and contrary to the record, that it is an undisputed fact that there are <u>no</u> purchasers whatsoever of these CRTs.  R&R at 10 ("the plaintiffs here <u>never purchased the price–fixed product</u> from anybody") (emphasis in original).

In addition, the R&R is directly at odds with this Court's correct interpretation and application of *Linerboard* at the motion to dismiss stage.  *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 738 F. Supp. 2d 1011, 1023 (N.D. Cal. 2010) (citing *Linerboard*, 305 F.3d at 159-60).  The Special Master attempts to distinguish this Court's prior order by noting that it was not made at the summary judgment stage based on a fact record.  R&R at 10.  However, the parties have not uncovered any undisputed facts in the limited discovery that has gone forward that would compel a different result, nor do Defendants or the Special Master point to any.  The Special Master also notes that at the time of the Court's prior order, the DPPs were alleging a conspiracy to fix the price of finished products, in addition to a conspiracy to fix the price of CRTs.  *Id*.  This is irrelevant because the Court did not rely on the allegations of a finished products conspiracy in its prior order, nor does *Linerboard* contain any such requirement.

Likewise, the R&R is directly at odds with several recent opinions from Judge Illston in the TFT-LCD antitrust action, *see* R&R at 10, and a very recent opinion from Judge Seeborg in the ODD antitrust action, *In re Optical Disk Drive (ODD) Antitrust Litig.*, No. 3:10-md-2143 RS, 2012 WL 1366718, at *4-*6 (N.D. Cal. Apr. 19, 2012).  Judges Illston and Seeborg correctly apply black letter law cited above, including Ninth Circuit precedent, to essentially identical facts and reach the opposite outcome of the R&R.

| | |
|---|---|
| DATED: June 21, 2012 | By: /s/    William A. Isaacson |

William A. Isaacson (*pro hac vice*)
Jennifer Milici (*pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:   (202) 237-6131
Email:  wisaacson@bsfllp.com
Email:  jmilici@bsfllp.com

Stuart Singer (*pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone:  (954) 356-0011
Facsimile:   (954) 356-0022
Email:  ssinger@bsfllp.com

Philip J. Iovieno (*pro hac vice*)
Anne M. Nardacci (*pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:   (518) 434-0665
Email:  piovieno@bsfllp.com
Email:  anardacci@bsfllp.com

***Liaison Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Compucom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, Marta Cooperative of America, Inc., ABC Appliance, Inc., and Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC***

By: /s/    Roman M. Silberfeld

Roman M. Silberfeld (SBN 62783)
David Martinez (SBN 193183)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:  (310) 552-0130
Facsimile:   (310) 229-5800
Email:  RMSilberfeld@rkmc.com
Email:  DMartinez@rkmc.com

***Attorneys For Plaintiffs Best Buy Co., Inc, Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.***

By: /s/    Kenneth S. Marks

H. Lee Godfrey (*pro hac vice*)
Kenneth S. Marks (*pro hac vice*)
Jonathan J. Ross (*pro hac vice*)
Johnny W. Carter (*pro hac vice*)
David M. Peterson (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666
Email:  lgodfrey@sumangodfrey.com
Email:  kmarks@susmangodfrey.com
Email:  jross@susmangodfrey.com
Email:  jcarter@susmangodfrey.com
Email:  dpeterson@susmangodfrey.com

Parker C. Folse III (*pro hac vice*)
Rachel S. Black (*pro hac vice*)
Jordan Connors (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone:  (206) 516-3880
Facsimile:  (206) 516-3883
Email:  pfolse@susmangodfrey.com
Email:  rblack@susmangodfrey.com
Email:  jconnors@susmangodfrey.com

***Attorneys for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust***

By: /s/   David J. Burman

David J. Burman (*pro hac vice*)
Cori Gordon Moore (*pro hac vice*)
Nicholas H. Hesterberg (*pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone:  (206) 359-8000
Facsimile:   (206) 359-9000
Email:  DBurman@perkinscoie.com
Email:  CGMoore@perkinscoie.com
Email:  NHesterberg@perkinscoie.com

Joren S. Bass (SBN 208143)
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA  94111-4131
Telephone:  (415) 344.7000
Facsimile:   (415) 344.7050
Email:  JBass@perkinscoie.com

***Attorneys for Plaintiff Costco Wholesale Corporation***

|   |   |
|---|---|
| 1 | By: /s/  Jason Murray |
| 2 | Jason C. Murray (SBN 169806)<br>CROWELL & MORING LLP<br>515 South Flower St., 40th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 622-4750<br>Facsimile:  (213) 622-2690<br>Email:  jmurray@crowell.com |

*Counsel for Plaintiffs Target Corp.; Sears, Roebuck and Co.; Kmart Corp.; Old Comp Inc.; Good Guys, Inc.; RadioShack Corp.*

By: /s/  James P. McCarthy

Jessica L. Meyer (SBN 249064)
James M. Lockhart (*pro hac vice*)
James P. McCarthy (*pro hac vice*)
Kelly G. Laudon (*pro hac vice*)
LINDQUIST & VENNUM P.L.L.P.
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 371-3211
Facsimile:  (612) 371-3207
Email:  jmeyer@lindquist.com
Email:  jlockhart@lindquist.com
Email:  jmccarthy@lindquist.com
Email:  klaudon@lindquist.com

*Attorneys for Plaintiffs John R. Stoebner, As Chapter 7 Trustee for PBE Consumer Electronics, LLC and related entities; And Douglas A. Kelley, as Chapter 11 Trustee for Petters Company, Inc. and Related Entities, and as Receive for Petters Company, LLC and related entities*

Pursuant to General Order No. 45, § X-B, the filer attests that concurrence in the filing of this document has been obtained from each of the above signatories.