ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Roman M. Silberfeld, Bar No. 62783
RMSilberfeld@rkmc.com
David Martinez, Bar No. 193183
DMartinez@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:     310-552-0130
Facsimile:     310-229-5800

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Elliot S. Kaplan, Bar No. 53624
ESKaplan@rkmc.com
K. Craig Wildfang (*Pro Hac Vice*)
KCWildfang@rkmc.com
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone:     612-349-8500
Facsimile:     612-339-4181

Attorneys for Plaintiffs
BEST BUY CO., INC.; BEST BUY PURCHASING
LLC; BEST BUY ENTERPRISE SERVICES, INC.;
BEST BUY STORES, L.P.; BESTBUY.COM,
L.L.C.; and MAGNOLIA HI-FI, INC.

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC MDL No. 1917 |
| | The Honorable Samuel Conti |
| This Document Relates to: | **DIRECT ACTION PLAINTIFFS' OPPOSITION TO CHUNGHWA PICTURE TUBES LTD.'S OBJECTION TO REPORT AND RECOMMENDATION REGARDING MOTIONS FOR SERVICE OF PROCESS ON CERTAIN DEFENDANTS** |
| ALL DIRECT ACTION COMPLAINTS AND DOCUMENTS | |
| | Hearing Date: None set Time:            None set Courtroom:    One, 17th Floor |

1
2
*Electrograph systems, Inc., et al., v. Hitachi, Ltd., et al., Case No. 11-CV-01656-SC*

3
4
*Interbond Corporation of America, v. Hitachi, Ltd., et al, Case No. 11-CV-06275-SC*

5
6
*Office Depot, Inc., v. Hitachi, Ltd., et al., Case No. 11-CV-06276-SC*

7
*Costco Wholesale Corporation, v. Hitachi, Ltd., et al., Case No. 11-CV-06397-SC*

8
9
*Compucom Systems, Inc., v. Hitachi, Ltd., et al., Case No. 11-CV-06396-SC*

10
11
*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust, v. Hitachi, Ltd. et al., Case No. 11-CV-05502-SC*

12
13
*Target Corp. et al., v. Chunghwa Pictures Tubes, Ltd., et al., Case No. 11-CV-05514 (EDL)*

14
15
16
*John R. Stoebner, as Chapter 7 Trustee for PBE Consumer Electronics, LLC, et al., v. LG Electronics, Inc., et al., Case No. CV-11-05381-SC*

17
18
*P.C. Richard & Son Long Island Corporation, et al., v. Hitachi, Ltd., et al., Case No. 11-CV-05530 (JBW, VVP)*

19
*Schultze Agency Services, LLC, et al., v. Hitachi, Ltd., et al., Case No. 11-CV-05529*

20
21
*Target Corp., et al., v. Hitachi, Ltd., et al., Case No. 11-CV-05515*

22
*Best Buy Co., Inc., et al., v. Hitachi, Ltd., et al., Case No. 11-CV-05513-SC*

23
24
25
26
27
28

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................... 1

II. BACKGROUND ................................................................................................................. 3

III. PROCEEDINGS BEFORE  SPECIAL MASTER LEGGE ............................................... 4

IV.  THE COURT SHOULD REJECT CHUNGHWA'S OBJECTION AND  ADOPT SPECIAL MASTER LEGGE'S  REPORT AND RECOMMENDATION IN ALL RESPECTS ............................................................................................................... 7

    A.    Legal Standards ....................................................................................................... 7

        1.  Standard of Review ..................................................................................... 7

        2.  Legal Standard For Alternative Service Under Federal Rule 4 (f) .................. 7

    B.    Service On Chunghwa Through its U.S. Counsel is a Reasonable Method Given Chunghwa's Extensive Participation in this Litigation, the Substantial Costs and Delay Associated With Service in Taiwan, and the Governing Case Management Schedule ...................................................................... 9

    C.    Rule 4 (f)(3) Does Not Require Proof of Urgency, Nor An Evasive Defendant, Nor Attempts Via Letters Rogatory ....................................................... 10

    D.    This Court's September, 2008 Rule 4(f) Opinion Governs ................................... 11

    E.    Service Of Chunghwa Through Its U.S. Counsel Would Not Violate Chunghwa's Due Process Rights .......................................................................... 12

    F.    Special Master Legge Did Not "Misapply" The Due Process Standard .............. 13

V. CONCLUSION ................................................................................................................. 14

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.<br>ATTORNEYS AT LAW<br>LOS ANGELES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Bridgeport Music, Inc. v. Rhyme Syndicate Music*,
  376 F.3d 615 (6th Cir. 2004)........................................................................ 13

*Crago, Inc. v. Chunghwa Picture Tubes, Ltd.,* (*Cathode Ray Tube (CRT) Antitrust Litig.*),
  2008 U.S. Dist. LEXIS 111384 (N.D. Cal. Sept. 3, 2008) ................................. 1, 2, 3, 9, 11, 12

*Facebook, Inc. v. Banana Ads, LLC,*
  2012 WL 1038752 (N.D. Cal. March 27, 2012) .......................................... 6

*FMAC Loan Receivables v. Dagra,*
  228 F.R.D. 531 (E.D. Va. 2005) .............................................................. 8

*Forum Fin. Group, LLC v. President & Fellows of Harvard Coll*,
  199 F.R.D. 22 (D. Me. 2001) .................................................................. 8, 12

*In re Cathode RayTube (CRT) Antitrust Litigation,*
  2008 WL 4104341 (N.D. Cal. September 3, 2008) ..................................... 6

*In re LDK Solar Secs. Litig.,*
  2008 U.S. Dist. LEXIS 90702 (N.D. Cal. June 12, 2008) .......................... 8, 11

*In re TFT-LCD (Flat Panel) Antitrust Litigation*,
  2011 WL 845882 (N.D. Cal. March 8, 2011) ............................................ 6

*Jackson v. Hayakawa,*
  682 F.2d 1344 (9th Cir. 1982)................................................................ 13

*KPN B.V. v. Corcyra D.O.O.,*
  No. 08-CV- 1549 (JGK), 2009 U.S. Dist. LEXIS 20906 (S.D.N.Y. Mar. 16, 2009) ............... 12

*Mullane v. Cent. Hanover Bank & Trust Co.,*
  339 U.S. 306 (1950) ............................................................................. 8

*Murphy Bros., Inc. v. Michetti Pipestringing, Inc.,*
  526 U.S. 344 (1999) ............................................................................. 13

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,*
  484 U.S. 97 (1987)............................................................................... 13

*Rio Props., Inc. v. Rio Int'l Interlink,*
  284 F.3d 1007 (9th Cir. 2002)............................................................ passim

*Tech Data Corp. v. AU Optronics Corp.* (*In re TFT-LCD (Flat Panel) Antitrust Litig.*),
  2012 U.S. Dist. LEXIS 17021 (N.D. Cal. Feb. 9, 2012) .............................. 8

*TracFone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A. de DV,*
  268 F.R.D. 687 (S.D. Fla. 2010) .......................................................... 6, 9

*United Food & Commercial Workers Union v. Alpha Beta Co.*,
  736 F.2d 1371 (9th Cir. 1984)................................................................ 12

*Volkswagenwerk Aktiengesellschaft v. Schlunk,*
  486 U.S. 694 (1988).............................................................................. 9

*Way v. Mueller Brass Co.*,
  840 F.2d 303 (5th Cir. 1988).................................................................. 13

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

**Statutes**

Commodities Exchange Act,
  7 U.S.C. § 13 ................................................................................................................... 13

Commodities Exchange Act,
  7 U.S.C. § 6b ................................................................................................................... 13

**Rules**

Federal Rule of Civil Procedure 4 ........................................................................................ passim

1    The Direct Action Plaintiffs ("DAPs") hereby respectfully submit their Opposition to

2    Chunghwa Picture Tubes Ltd.'s ("Chunghwa") Objections to Report and Recommendation

3    Regarding Motions for Service of Process on Certain Defendants ("Recommendation"), as

4    follows:

5                                                **I.**

6                                     **INTRODUCTION**

7         This is the twentieth time in the last two years that Chunghwa has opposed a motion

8    allowing service through its U.S. counsel ("Rule 4 Motion").  In each of the prior nineteen

9    occasions, courts have rejected the same generic and baseless arguments that Chunghwa brings to

10   this Court, finding that service under Rule 4(f)(3) was proper because: (1) Chunghwa has

11   participated extensively in underlying proceedings through its U.S. counsel; (2) service abroad

12   would entail significant and unnecessary expense and delay.[1]  Further, this Court has also

13   recognized that service of process on U.S. counsel under Rule 4(f) is appropriate in this MDL.

14   On September 3, 2008, the Court granted a similar motion brought by the Indirect Purchaser

15   Plaintiffs ("IPPs") as to certain defendants.[2]  In its Order, the Court explained that:

16         The Court merely notes that under Federal Rule of Civil Procedure
17         4(f)(3) and the relevant caselaw, service on foreign defendants,
           *even those who are signatories to the Hague Convention*, is proper
18         under Rule 4(f)(3) *where the foreign defendants have domestic
           subsidiaries and/or counsel* and where service does not require
19         transmittal abroad.

                                    * * *
20
           Defendants have provided no explanation for why transmittal
21         abroad would be required in the present case, when federal law
           plainly permits service on Defendants' domestic subsidiaries or
22         domestic counsel.

23   *Id.* [emphasis added], *citing Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir.

24   2002).

25   _____

26   [1] *See* Brass Decl., Exh. B-1.

27   [2] *See Crago, Inc. v. Chunghwa Picture Tubes, Ltd.*, (*Cathode Ray Tube (CRT) Antitrust Litig.*),
     2008 U.S. Dist. LEXIS 111384, at *31 (N.D. Cal. Sept. 3, 2008), Docket No. 374.  Those
     defendants are Koninklijke Philips Electronics N.V. ("Philips") and Toshiba Corporation
28   ("Toshiba").

1   Special Master Legge followed this Court's and the Ninth Circuit's precedent and

2   appropriately exercised his discretion in finding that service on Chunghwa's U.S. counsel is

3   proper under Rule 4(f).  Chunghwa criticizes Special Master Legge for following this Court's

4   prior Rule 4 Order, and for purportedly "misapplying the constitutional due process standard for

5   notice."  Objection, at pg. 1:26-27.  Chunghwa is wrong on both counts.

6   First, the Court's holding that service on a foreign litigant's domestic subsidiary and/or

7   U.S. counsel was proper under Rule 4(f) is directly relevant.  Chunghwa ignores the holding and

8   claims that the Court decided a completely different issue – whether the Hague Convention

9   applied.  Objection, at 3.  There is no support for this argument in the Court's opinion.  The

10  Court's conclusion that the Hague Convention did not apply was expressly and necessarily

11  predicated on its holding that Rule 4(f) did not require transmittal abroad.  *Id.*, at * 32.  And the

12  Court found that service on U.S. counsel was proper "*even [for] those who are signatories to the*

13  *Hague Convention.*"  *Id.* [brackets and emphasis added].

14  Second, Chunghwa's dramatic due process arguments are equally hollow.  As the Special

15  Master explained, Chunghwa has actively litigated in this MDL through well-known U.S. counsel

16  for at least the last two years (and for over five years in the LCD litigation [3]).  Recommendation,

17  at 2-3.  In this MDL alone, Chunghwa has *voluntarily and repeatedly* submitted to this Court's

18  jurisdiction, has sought and obtained affirmative relief, including approval of class settlements,

19  and has filed numerous other pleadings.  Service of process on that same U.S. counsel hardly

20  violates due process.  *See Rio Props., Inc.*, 284 F.3d at 1016; *Crago*, 2008 U.S. Dist. LEXIS

21  111384, at *31 (service on domestic agent complies with due process).

22  Further, Special Master Legge did not "misapply" the due process standard.  In following

23  *Rio Properties*, the Special Master explained that service on U.S. Counsel met due process

24  because it was calculated to provide Chunghwa with "actual notice … and the opportunity to be

25  heard."  Recommendation, at pg. 2.  That is precisely what the Ninth Circuit has instructed.  *Rio*

26  *Props,* 284 F.3d at 1016 (due process satisfied when "the method of service crafted by the district

27

28  [3] *In re: TFT-LCD (flat panel) Antitrust Litigation,* No. M:07-1827-SI ("LCD Litigation").

1  court [is] 'reasonably calculated, under all the circumstances, to apprise interested parties of the

2  pendency of the action and afford them an opportunity to present their objections.'").

3       Further, Chunghwa concocts a false standard by claiming that avoidance of service is a

4  predicate requirement under Rule 4(f).  But Chunghwa cites no authority stating that evasion is a

5  requirement, and none exists.  Instead, the DAPs need only demonstrate that "the facts and

6  circumstances of its case" warrant relief under Rule 4(f).  *See Rio Props.*, 284 F.3d at 1015-16.

7  Indeed, courts have repeatedly granted relief under this standard (including at least 19 times as to

8  Chunghwa) where there was no "evasion of service."

9       And this Court too has already recognized that the facts and circumstances of this case

10  warrant service where a foreign litigant is represented and participating through U.S. counsel.

11  *Crago*, 2008 U.S. Dist. LEXIS 111384, at *31.  The facts and circumstances at issue here,

12  including Chunghwa's extensive participation in the proceedings and the very complexity of the

13  MDL, simply do not require that the DAPs undertake the long and expensive process of

14  attempting service in Taiwan.

15       Finally, Chunghwa ignores the governing standard for review by arguing that the Special

16  Master made a legal error that must be reviewed "de novo."  Objection, at pg. 1-2.  Because the

17  Special Master correctly exercised his considerable discretion on a purely procedural matter, the

18  Recommendation is reversible only for abuse of discretion.  *See* Docket No. 302, at § 18.  And in

19  any event, the Recommendation should be adopted under any standard of review.

20       In short, the Court should reject Chunghwa's Objection and adopt the Recommendation in

21  all respects.

22  **II.**

23  **BACKGROUND**

24       On or about November 2011, the DAPs filed Complaints against various defendants for

25  conspiring to fix the prices of cathode ray tubes ("CRTs") in violation of Section 1 of the

26  Sherman Act and under state antitrust and unfair competition laws.[4]  The DAPs subsequently

27  _____
    [4] DAPs Electrograph Systems, Inc. and Electrograph Technologies Corp. filed their Complaint on
    March 10, 2011 and DAPs Target Corp., Sears Roebuck and Co., Kmart Corp., Old Comp Inc.,
28  Good Guys, Inc., and RadioShack Corp. filed their Complaint on January 6, 2012.

1   negotiated with Defendants for service of their complaints through U.S. Counsel.  In a stipulation

2   filed with the Court on March 15, 2012, seventeen Defendants stipulated to waive service of

3   process (the "Service Stipulation").  *See* Brass Decl., Exh. B, ¶ 11; *see also* Docket No. 1088.

4   Chunghwa refused to join in the Service Stipulation, and its U.S. counsel have since repeatedly

5   refused to accept service.  *Id.*

6          Chunghwa has appeared and participated in this MDL through U.S. counsel, Gibson,

7   Dunn & Crutcher ("Gibson Dunn").  *Id.*  Gibson Dunn first appeared in the MDL on behalf of

8   Chunghwa as early as October 15, 2010.  *See* Docket No. 785.  Since then, Chunghwa has

9   repeatedly and voluntarily submitted to this Court's jurisdiction, including by seeking and

10  obtaining relief form the Court.  *See* Brass Decl., Exh. B, ¶ 6, *citing*, *e.g.*, Docket Nos. 891, 942,

11  943, and 960.  Most recently, Chunghwa entered into a settlement with the IPPs and the Direct

12  Purchaser Plaintiffs ("DPPs").  Chunghwa joined in settlement approval briefings, which

13  engendered preliminary and final approval in the IPP action and preliminary approval in the DPP

14  action.  *See* Docket Nos. 884, 1062, 1105, 1105, 1115, 1179.

15         Chunghwa also forced numerous plaintiffs to repeatedly file unnecessary Rule 4(f)

16  Motions in the LCD Litigation.  There, Judge Illston invariably issued orders granting motions to

17  serve Chunghwa through its U.S. counsel under Rule 4(f).  *See, e.g.,* Brass Decl., Exh. B-1,

18  *citing*, LCD Litigation Docket Nos. 725, 1309, 1657, 1779, 2109, 2532, 2539, 2584, 2747, 2748,

19  2825, 3079, 3217, 3345, 3394, 3443, 3654, 3655, 4785, 4797, and 4798.  As Judge Illston

20  repeatedly explained, the "record clearly indicates that Chunghwa has consulted its U.S. counsel

21  regarding the MDL lawsuits and participated in the MDL cases through its U.S. Counsel." *Id., at*

22  Docket No. 2539, *citing*, *Rio Properties,* 284 F.3d at 1014-15.

### III.

### PROCEEDINGS BEFORE

### SPECIAL MASTER LEGGE

26         The DAPs filed their Rule 4(f) Motion on April 10, 2012.  After considering significant

27  briefing and oral argument, Special Master Legge issued its Recommendation on May 30, 2012.

28  The Recommendation – barely mentioned by Chunghwa – reflects the Special Master's well-

1   reasoned opinion, including its proper reference to this Court's prior Rule 4(f) Order.  As Special

2   Master Legge explained:

3          Rule 4(f) of the Federal Rules of Civil Procedure sets forth

4          the means for the service of process on a defendant in a foreign

5          country.  Subsection 4(f)(3) provides for service "by other means

6          not prohibited by international agreement as the Court orders."

7          **That procedure does not require exhaustion of the other**

8          **alternatives set forth in rule 4(f), but is itself an independent**

9          **means for service of process**.

10         That method of service has already been used in the CRT

11         cases.  On September 3, 2008, this Court granted a motion by the

12         indirect purchaser plaintiffs to serve process on two foreign

13         corporations under rule 4(f)(3).  See Order Granting Indirect

14         Purchaser Plaintiffs' Motion to Authorize Service on Certain

15         Foreign Defendants Pursuant to Federal Rule of Civil Procedure

16         Rule 4(f)(3), dated September 3, 2008.  The only difference

17         between that order and the present motions is that the defendants in

18         the prior motions had United States subsidiaries where process

19         could be served.  However, that distinction is not material here,

20         because Rule 4(f)(3) does not require service on a subsidiary, but

21         only "by . . . means not prohibited by international agreement."

22         The objective of the rule is to require a process by which

23         the defendant gets actual notice of the claim against it, and the

24         opportunity to be heard.  *Rio Properties*, 284 F.3d 1007 at 1016

25         (9th Cir. 2002).  Numerous cases have authorized the service of

26

27

28

1       process on foreign defendants by serving their domestic counsel;

2       see cases cited in the motion of the State of Florida, pp. 5 and 6.[5]

3                            \* \* \*

4           Defendant Chunghwa has also appeared and participated in

5       this CRT litigation since at least 2010.  Chunghwa has actively

6       participated, and has been represented by counsel Gibson, Dunn &

7       Crutcher.  And that counsel has appeared to oppose this motion, so

8       there is no doubt that if service is directed through Gibson, Dunn

9       & Crutcher, Chunghwa will receive actual notice.

10          Chunghwa's counsel has raised various arguments in

11      opposition to re motion.  However, the Special Master does not

12      believe that it is necessary to address those arguments because

13      Chunghwa and its counsel have both been participating in these

14      CRT cases for several years, and there is already the precedent of

15      Your Honor's order of September 3, 2008, directing such service

16      on other foreign defendants.

17          The Special Master therefore recommends that the Court

18      issue an order authorizing the direct action plaintiffs to serve

19

20      [5]  The brief filed by the State of Florida and incorporated by reference by Special Master Legge provided in relevant part as follows:

21      "Pursuant to Rule 4(f)(3), federal courts have authorized a variety of alternative methods

22      of service.  These methods have included serving the foreign defendant through domestic counsel, *see, e.g., In re TFT-LCD (Flat Panel) Antitrust Litigation*, 2011 WL 845882

23      (N.D. Cal. March 8, 2011); *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007 (9th Cir. 2002), through email directly to the foreign defendant, *see, e.g. Rio*

24      *Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007 (9th cir. 2002); *Facebook, Inc. v. Banana Ads, LLC,* 2012 WL 1038752 (N.D. Cal. March 27, 2012), and via Federal

25      Express.  *TracFone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A. de DV,*

26      268 F.R.D. 687 (S.D. Fla. 2010).  Following this clear precedent, this Court issued an order early in this case allowing the IPPs to serve certain foreign Defendants pursuant to

27      Rule 4(f)(3) through their domestic subsidiaries and domestic counsel.  *In re Cathode RayTube (CRT) Antitrust Litigation*, 2008 WL 4104341, \*1 (N.D. Cal. September 3,

28      2008)."

1   defendants Chunghwa Picture Tubes, Ltd. and Beijing Matsushita

2   Color CRT Company, Ltd. through their local counsel, Gibson,

3   Dunn & Crutcher and Freshfields, Bruckhaus, and Deringer U.S.

4   LLP, respectively, pursuant to Federal Rule of Civil Procedure

5   4(f)(3).

6   Docket No. 1218, at pgs. 1-3 [emphasis added]. [6]

7                                    IV.

8       **THE COURT SHOULD REJECT CHUNGHWA'S OBJECTION AND**

9            **ADOPT SPECIAL MASTER LEGGE'S**

10         **REPORT AND RECOMMENDATION IN ALL RESPECTS**

11   A.      **Legal Standards**

12          **1.      Standard of Review**

13          Upon the filing of an Objection, "the Court shall review findings of fact made or

14   recommended by the Special Master for clear error.  The Court shall review de novo any

15   conclusions of law made or recommended by the Special Master.  *The Court will set aside the*

16   *Special Master's ruling on a procedural matter only for an abuse of discretion*."  *See* Docket No.

17   302, at § 18 [emphasis added].

18          **2.      Legal Standard For Alternative Service Under Federal Rule 4 (f)**

19          The Court has broad discretion to permit service on Chunghwa through its U.S. counsel.

20   *Rio Props*, 284 F.3d at 1014-15.  Indeed, service under Rule 4(f) may be effectuated through any

21   one of several methods, including: (i) an international agreement such as The Hague Convention;

22   (ii) the letter rogatory process; or (iii) **any other method** allowed by a court that is not in

23   violation of a defendant's due process rights or otherwise prohibited by international agreement.

24   Fed. R. Civ. P. 4(f)-(h) [emphasis added].[7]  Each of these methods is equivalent to one another,

25   and "Rule 4(f) does not denote any hierarchy or preference of one method of service over

---

[6] Beijing Matsushita Color CRT Company, ltd. has not objected to the Special Master's
Recommendation, and that portion of the Recommendation is therefore not at issue.

[7] Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business
entity in the manner prescribed by Rule 4(f) for individual foreign defendants.

1    another." *Tech Data Corp. v. AU Optronics Corp.* (*In re TFT-LCD (Flat Panel) Antitrust Litig.*),

2    2012 U.S. Dist. LEXIS 17021 (N.D. Cal. Feb. 9, 2012) (permitting service on Chunghwa through

3    its U.S. counsel); *see also FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va.

4    2005).

5           Further, Rule 4(f) does not require a party to attempt any other method of service before

6    moving the Court for an order allowing an alternative method of service.  *Rio Props*, 284 F.3d at

7    1015-16 (stating that "service of process under Rule 4(f)(3) is neither a 'last resort' nor

8    'extraordinary relief'" but instead "merely one means among several which enables services of

9    process on an international defendant").  Instead, a plaintiff "need[] only to demonstrate that the

10   facts and circumstances of the present case necessitate[] the district court's intervention." *Id.*

11   Thus:

12               "Significantly, FRCP 4(f)(3) stands independently of FRCP

13               4(f)(1); it is not necessary for plaintiffs to first attempt service

14               through 'internationally agreed means' before turning to 'any other

15               means not prohibited by international agreement.'"

16   *In re LDK Solar Secs. Litig.,* 2008 U.S. Dist. LEXIS 90702 (N.D. Cal. June 12, 2008).

17          The Court should also consider whether the proposed method of service comports with

18   constitutional notions of due process.  *Rio Props, Inc*., 284 F.3d at 1017 (*citing Mullane v. Cent.*

19   *Hanover Bank & Trust Co*., 339 U.S. 306 (1950)).  This requirement is satisfied when "the

20   method of service crafted by the district court [is] 'reasonably calculated, under all the

21   circumstances, to apprise interested parties of the pendency of the action and afford them an

22   opportunity to present their objections.'"  *Rio Props, Inc*., 284 F.3d at 1016.  Service must also

23   comport with international law, which can include service by any method not prohibited by

24   international agreement, and as the court orders.  Fed. R. Civ. P. 4(f)(3).

25          Following these principles, federal courts have authorized a variety of alternative methods

26   of service under Rule 4(f)(3), including through a defendant's attorney, *see*, *e.g., Rio*, 284 F.3d at

27   1017; *Forum Fin. Group, LLC v. President & Fellows of Harvard Coll*, 199 F.R.D. 22, 23-24 (D.

28   Me. 2001); *FMAC Loan Receivables*, 228 F.R.D. at 534-35, through email directly to the foreign

1    defendant, *see*, *e.g.*, *Rio Props, Inc.* at 1017, and via FedEx.  *TracFone Wireless, Inc. v. Distelec*

2    *Distribuciones Electronicas, S.A. de DV*, 2010 WL 3359529 (S.D. Fla. Aug. 23, 2010).

3         And following this precedent, this Court has already permitted service of foreign

4    corporations through their U.S. subsidiaries when the parties are already represented by U.S.

5    counsel, including "…even those who are signatories to the Hague Convention…where the

6    foreign defendants have domestic subsidiaries and/or counsel and where service does not require

7    transmittal abroad."  *Crago*, 2008 U.S. Dist. LEXIS 111384, at *31 (citing *Volkswagenwerk*

8    *Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988).

9    **B.**    **Service On Chunghwa Through its U.S. Counsel is a Reasonable Method Given**

10            **Chunghwa's Extensive Participation in this Litigation, the Substantial Costs and**

11            **Delay Associated With Service in Taiwan, and the Governing Case Management**

12            **Schedule**

13        Allowing service through Chunghwa's U.S. counsel – the same counsel that has

14   represented Chunghwa in these MDL cases over the last two years – will prevent significant delay

15   of the DAPs' prosecution of their claims against Chunghwa and avoid substantial disruption of

16   the schedule in the MDL.  Service on Chunghwa through the letters rogatory process could easily

17   take between six and nine months or more.  *See* Brass Decl., at Exh. B, ¶¶ 12-14; Exh. 2.  The

18   translation and service of the Complaints and associated documents would cost approximately

19   $71,000.  *Id.*, at ¶¶ 12-14; Exh. 2. [8]  Alternatively, the DAPs would have to spend $36,000 – not

20   including translation costs – to serve Chunghwa through an attorney or agent in Taiwan; and this

21   method of service does not appear viable in any event.  Either method presents a tremendous,

22   wasteful, and unnecessary cost and delay.

23        Further, the DAPs are bound to the Scheduling Order entered by the Court in this MDL.

24   *See* Docket No. 1127.  That Scheduling Order requires that the parties complete fact discovery by

25   August, 2013.  If the DAPs are forced to serve Chunghwa through the costly and time consuming

26

27   [8]  The cost of service was originally calculated based on effectuating service on Chunghwa and
     another Taiwanese Defendant ("LGETT").  Because LGETT is no longer a party to this motion,
28   only 50% of that estimate applies.  *See* Brass Decl., at Exh. D, pg. 3:17-28.

1  letters rogatory process, Chunghwa will not respond to the DAP Complaints in a manner

2  consistent with the Scheduling Order.  The letters rogatory process could easily push Chunghwa's

3  responsive deadline well into 2013 – potentially after the Court-Ordered discovery deadlines.

4  Chunghwa should not be permitted to disrupt the substantial progress that has already occurred in

5  the MDL by hiding behind a formality that was designed to protect an interest that has obviously

6  already been met.

7  **C.     Rule 4 (f)(3) Does Not Require Proof of Urgency, Nor An Evasive Defendant, Nor**

8      **Attempts Via Letters Rogatory**

9       Chunghwa creates a false standard for invocation of Rule 4(f)(3) by claiming that a

10  plaintiff invoking Rule 4(f)(3) must first establish an "emergency" or "urgency," and also show

11  that the defendant is evading service or that the plaintiff first attempted service via letters

12  rogatory.  Objection, at pgs. 2-5.  Chunghwa's claims are based on a skewed reading of *Rio

13  Properties,* 284 F.3d 1007.  The Ninth Circuit in *Rio Properties* stated unequivocally that District

14  Courts have wide discretion to permit service under Rule 4(f)(3) for a variety of reasons.  *Id.*

15  1015-16.  Further,

16          "Rule 4(f)(3) is an equal means of effecting service of process

17          under the Federal Rules of Civil Procedure…commit[ed] to

18          the sound discretion of the district court [to] determin[e] when

19          the particularities and necessities of a given case require

20          alternate service of process under Rule 4(f)(3)."

21  *Id.* (acknowledging the wide variety of service methods permitted by different courts to

22  accommodate different situations including "delivery to the defendant's attorney.").[9]

23       While Chunghwa cites cases involving defendants that evaded service of process, not one

24  of those cases holds that a defendant must engage in evasive behavior before a plaintiff can

25  invoke Rule 4(f)(3).  In fact, in the LCD Litigation, Judge Illston has repeatedly ordered service

26  _____

27  [9] Nor is Chunghwa's citation to the Advisory Committee Notes to Rule 4(f)(3) persuasive.  The portion of the Notes Chunghwa relies upon involves a hypothetical concerning the Hague Convention, an international agreement to which Taiwan is not a signatory, and which thus has no

28  application here.  *See* Opposition at 3, n.1.

1    on Chunghwa's U.S. attorneys where there was no "evasion of service."  *See* Docket No. 1147,

2    #1 at ¶ 7; LCD Litigation Docket Nos. 1657, 1779, 2109, 2532, 2539, 2584, 2747, 2748, 2825,

3    3079, 3217, 3345, 3394, 3443, 3654, 3655, 4785, 4797 & 4798.  As binding authority in this

4    Circuit clearly states, a plaintiff is only required to demonstrate that "the facts and circumstances

5    of its case necessitate[] the district court's intervention," not that an "emergency" exists or that

6    defendant engaged in evasive behavior.  *See Rio Props.*, 284 F.3d at 1015-16.

7            Nor does Rule 4(f)(3) indicate that it is available only after attempting service of process

8    by other means.  In the words of the Ninth Circuit:

9                    [C]ertainly Rule 4(f)(3) includes no qualifiers or limitations

10                   which indicate its availability only after attempting service of

11                   process by other means…[and]… service of process under

12                   Rule 4(f)(3 is neither a last resort nor extraordinary relief.

13   *Rio Props.*, 284 F.3d at 1015; *see also In re LDK Solar Secs. Litig.,* 2008 U.S. Dist. LEXIS 90702

14   (same). [10]

15   **D.      This Court's September, 2008 Rule 4(f) Opinion Governs**

16           Chunghwa argues that the Special Master erroneously cited to this Court's prior Rule 4(f)

17   Order (also premised on a Report and Recommendation issued by Special Master Legge).  It

18   argues that the prior Rule 4(f) Order somehow does not apply because it supposedly addressed an

19   isolated issue – whether service was prohibited by the Hague Convention.  Objection, at 5, *citing*

20   *Crago*, 2008 U.S. Dist. LEXIS 111384, at *31 [emphasis added].  Putting aside the wealth of

21   dispositive authority cited above, Chunghwa misstates the Court's prior Rule 4(f) Order.

22           There, the IPPs moved to serve Philips and Toshiba through their U.S. Counsel.  The

23   Court addressed the very issue now before the Court, and held that "…under Federal Rule of

24   Civil Procedure 4(f)(3) and the relevant caselaw, service on foreign defendants, <u>even those who</u>

25   _____

26   [10] Moreover, to the extent the DAPs were required to show some level of urgency before
     invocation of Rule 4(f)(3), they have done so.  Because the DAPs' cases have been consolidated

27   in this MDL proceeding, they are now part of a coordinated discovery schedule.  Until the DAPs
     are able to serve Chunghwa, they cannot coordinate and participate in discovery against

28   Chunghwa with the other plaintiffs.

1  are signatories to the Hague Convention, is proper under Rule 4(f)(3) where the foreign

2  defendants have domestic subsidiaries and/or counsel and where service does not require

3  transmittal abroad." *Id.*, at \*31 [emphasis added].  Further, "Defendants have provided no

4  explanation for why transmittal abroad would be required in the present case, when federal law

5  plainly permits service on Defendants' domestic subsidiaries or domestic counsel." *Id.*  The

6  Court then went on to explain that, "The Hague Convention applies only when transmittal abroad

7  is required.  Because Koninklijke and Toshiba have domestic subsidiaries and domestic counsel,

8  transmittal abroad for service is not required. The Hague Convention therefore does not prohibit

9  service on Defendants under Rule 4(f)(3)." *Id.,* at \* 32.   In short, the Court's conclusion that the

10  Hague Convention did not apply was expressly based on its holding that Rule 4(f) did not require

11  transmittal abroad because Rule 4(f) allows service on a foreign defendant's U.S. counsel. *Id.*, at

12  \* 32.

13  **E.     Service Of Chunghwa Through Its U.S. Counsel Would Not Violate Chunghwa's**

14       **Due Process Rights**

15       Service of Chunghwa through its U.S. counsel in no way implicates or compromises its

16  due process rights.  Such service is an effective means of providing defendants with notice

17  because counsel can easily locate their clients and communicate with them regarding the pending

18  lawsuit. *Crago*, 2008 U.S. Dist. LEXIS 111384, at \*31; *see also KPN B.V. v. Corcyra D.O.O.*,

19  2009 U.S. Dist. LEXIS 20906, at \*5 (S.D.N.Y. Mar. 16, 2009) (granting permission under Rule

20  4(f)(3) to serve defendants' U.S. attorneys because counsel was aware of facts, had already made

21  limited appearance, and was not likely to disregard notice of the action); *Forum Fin. Group*, 199

22  F.R.D. at 25 (service on foreign defendant's attorney was likely to provide defendant with notice

23  because attorney was in communication with client).  Indeed, this approach is consistent with the

24  flexible design of Rule 4(f) and comports with the due process requirement that a defendant

25  receives notice about actions pending against it. *See United Food & Commercial Workers Union*

26  *v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).

27       Chunghwa's due process arguments are particularly specious because Chunghwa has had

28  actual notice of the DAPs complaints and an opportunity to respond since shortly after they were

1    filed.  Chunghwa again became aware of the DAP's Complaints during the DAPs' negotiations

2    with defendants, when Chunghwa refused to sign on to the Service Stipulation.  And as the

3    Special Master explained, Chunghwa has actively litigated in this MDL through well-known U.S.

4    counsel for at least the last two years.  Recommendation, at 2-3.  Chunghwa has *repeatedly*

5    submitted to this Court's jurisdiction, has repeatedly sought and obtained affirmative relief,

6    including approval of class settlements, and has filed numerous other pleadings.  Service of

7    process on that same U.S. Counsel under these circumstances cannot violate due process.

8    **F.      Special Master Legge Did Not "Misapply" The Due Process Standard**

9            Chunghwa's argument that Special Master Legge "misapplied" the due process standard is

10   also baseless.  The Ninth Circuit in *Rio Properties* instructed that due process satisfied where, as

11   here, "the method of service crafted by the district court [is] reasonably calculated, under all the

12   circumstances, to apprise interested parties of the pendency of the action and afford them an

13   opportunity to present their objections."  *Rio Props,* 284 F.3d at 1016.  The Special Master

14   followed Ninth Circuit precedent in concluding that service on U.S. Counsel amply met due

15   process because it was reasonably calculated to give Chunghwa actual notice of the DAPs'

16   complaints and the opportunity to respond.  Recommendation, at pgs. 2-3.

17           Chunghwa picks on the Special Master's use of the term "actual notice" to manufacture a

18   purported "legal error" and launch into a dramatic – and empty – due process argument. [11]  Not a

19   single case cited by Chunghwa supports its concocted argument. [12]  None of these case address

20   _____

21   [11]  Chunghwa's "legal error" argument is designed exclusively to invoke the "de novo" standard
     of review and avoid the "abuse of discretion" standard that applies to this dispute.  *Cf.*, Objection,
22   at pg. 1-2 with Docket No. 302, at § 18.

23   [12] *See* Objection, *citing Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615 (6th Cir.
     2004) (service improper where plaintiff lacked evidence of service on domestic defendant's
24   managing agent under Rule 4(h)(1)); *Jackson v. Hayakawa*, 682 F.2d 1344 (9th Cir. 1982) (failure
     to serve process on defendant in individual capacity); *Murphy Bros., Inc. v. Michetti*
25   *Pipestringing, Inc.*, 526 U.S. 344 (1999) (faxing of a courtesy copy of the complaint did not
     trigger time period to remove action to federal court); *Omni Capital Int'l, Ltd. v. Rudolf Wolff &*
26   *Co.*, 484 U.S. 97 (1987) (nation-wide service of process not permitted under Commodities
     Exchange Act, 7 U.S.C. §§ 6b & 13(b)); *Way v. Mueller Brass Co.*, 840 F.2d 303 (5th Cir. 1988)
27   (service improper where plaintiff failed to properly service Attorney General and instead mailed a
     copy of the summons in violation of Rule 4(d)(6)).
28

1   proper service pursuant to a Rule 4(f)(3) Motion; none entail defendants that had repeatedly

2   invoked the Court's jurisdiction through long-standing U.S. counsel; and none trump the Ninth

3   Circuit's holding that due process is met under Rule 4(f)(3) where, as here, "the method of service

4   crafted by the district court [is] 'reasonably calculated, under all the circumstances, to apprise

5   interested parties of the pendency of the action and afford them an opportunity to present their

6   objections." *Rio Props,* 284 F.3d at 1016.

7                                                   **V.**

8                                              **CONCLUSION**

9           For the foregoing reasons, the Court should reject Chunghwa's Objection and adopt the

10   Recommendation in all respects.

11   DATED:  June 25, 2012                **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

12

13                                         By:   /s/ David Martinez
                                                Roman M. Silberfeld
                                                David Martinez
14
                                           Attorneys for Plaintiffs
15                                         BEST BUY CO., INC.; BEST BUY PURCHASING
                                           LLC; BEST BUY ENTERPRISE SERVICES, INC.;
16                                         BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.;
                                           and MAGNOLIA HI-FI, INC.
17
     DATED:  June 25, 2012                **BOIES, SCHILLER & FLEXNER LLP**
18

19                                         By:    /s/ Philip J. Iovieno
                                                William A. Isaacson
20                                              Jennifer Milici
                                                Stuart Singer
21                                              Philip J. Iovieno
                                                Anne M. Nardacci
22
                                           LIAISON COUNSEL FOR DIRECT ACTION
23                                         PLAINTIFFS; AND ATTORNEYS FOR PLAINTIFFS
                                           ELECTROGRAPH SYSTEMS, INC.,
24                                         ELECTROGRAPH TECHNOLOGIES, CORP.,
                                           OFFICE DEPOT, INC., COMPUCOM SYSTEMS,
25                                         INC., INTERBOND CORPORATION OF AMERICA,
                                           P.C. RICHARD & SON LONG ISLAND
26                                         CORPORATION, MARTA COOPERATIVE OF
                                           AMERICA, INC., ABC APPLIANCE, INC.,
27                                         SCHULTZE AGENCY SERVICES LLC ON BEHALF
                                           OF TWEETER OPCO, LLC, AND TWEETER
28                                         NEWCO, LLC

1

2    DATED:  June 25, 2012          **CROWELL MORING LLP**

3                                   By:    /s/ Jason C. Murray
                                           Jason C. Murray
4                                          Jerome A. Murphy

5                                   ATTORNEYS FOR PLAINTIFFS
                                    TARGET CORP.; SEARS, ROEBUCK AND CO.;
6                                   KMART CORP.; OLD COMP INC.; AND GOOD
                                    GUYS, INC.; RADIOSHACK CORP.
7
     DATED:  June 25, 2012          **LINDQUIST & VENNUM P.L.L.P.**
8

9                                   By:    /s/ Kelly G. Laudon
                                           Jessica L. Meyer (SBN: 249064)
10                                         James M. Lockhart (*pro hac vice*)
                                           James P. McCarthy (*pro hac vice*)
11                                         Kelly G. Laudon (*pro hac vice*)
                                           Lindquist & Vennum P.L.L.P.
12                                         4200 IDS Center
                                           80 South Eighth Street
13                                         Minneapolis, MN 55402
                                           Telephone: (612) 371-3211
14                                         Facsimile: (612) 371-3207
                                           Email: jmeyer@lindquist.com
15                                         Email: jlockhart@lindquist.com
                                           Email: jmccarthy@lindquist.com
16                                         Email: klaudon@lindquist.com

17                                  ATTORNEYS FOR PLAINTIFFS JOHN R.
                                    STOEBNER, AS CHAPTER 7 TRUSTEE FOR PBE
18                                  CONSUMER ELECTRONICS, LLC AND RELATED
                                    ENTITIES; AND DOUGLAS A. KELLEY, AS
19                                  CHAPTER 11 TRUSTEE FOR PETTERS COMPANY,
                                    INC. AND RELATED ENTITIES, AND AS
20                                  RECEIVER FOR PETTERS COMPANY, LLC AND
                                    RELATED ENTITIES
21
     DATED:  June 25, 2012          **PERKINS COIE LLP**
22

23                                  By:    /s/ David J. Burman
                                           David J. Burman
24                                         Nick Hesterberg
                                           Euphemia N. Thomopulos
25
                                    **ATTORNEYS FOR PLAINTIFF**
26                                  **COSTCO WHOLESALE CORPORATION**

27

28

---

60601150.1                    - 15 -           OPPOSITION TO CHUNGHWA'S OBJECTION
                                                MASTER FILE NO:07-CV-05944-SC

1    DATED:  June 25, 2012                **SUSMAN GODFREY L.L.P.**

2

3                                         By:    /s/ H. Lee Godfrey
                                                 H. Lee Godfrey
4                                                Kenneth S. Marks
                                                 David Peterson
5                                                Jonathan J. Ross
                                                 Parker C. Folse, III
6                                                Rachel S. Black

7                                         ATTORNEYS FOR PLAINTIFFS
                                          ALFRED H. SIEGEL, AS TRUSTEE OF THE
8                                         CIRCUIT CITY STORES, INC. LIQUIDATING
                                          TRUST

9            Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of

10   this document has been obtained from the Direct Action Plaintiffs.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28