Kenneth A. Gallo (D.C. Bar No. 371253, *pro hac vice* admission pending) (kgallo@paulweiss.com)
Bruce H. Searby (CA State Bar No. 183267, *pro hac vice* admission pending)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 204-7359
Email:  bsearby@paulweiss.com

Colin C. West (CA State Bar No. 184095)
**BINGHAM MCCUTCHEN LLP**
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone:  (415) 393-2000
Facsimile:  (415) 393-2286
Email:  colin.west@bingham.com

Attorneys for Petitioner
SHARP CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>IN RE EX PARTE APPLICATION FOR JUDICIAL ASSISTANCE FOR THE ISSUANCE OF SUBPOENAS PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING<br><br>Sharp Corporation, Petitioner | Case No. 3:07-CV-05944<br><br>**ADMINSTRATIVE MOTION PURSUANT TO CIVIL L.R. 3-12 TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>(Filed by Sharp Corporation, Petitioner, in Case No. _____, *Ex Parte Application for Judicial Assistance for the Issuance of Subpoenas Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in a Foreign Proceeding*) |

Pursuant to Civil Local Rules (L.R.) 3-12 and 7-11 of the United States District Court of the Northern District of California, Movant Sharp Corporation ("Sharp") respectfully submits this Administrative Motion for this Court to consider whether the concurrently-filed action, *Ex Parte Application for Judicial Assistance for the Issuance of Subpoenas Pursuant to

*28 U.S.C. § 1782 to Obtain Discovery for Use in a Foreign Proceeding*) [Case No. pending] (hereinafter "Application").should be related to the earlier filed case or cases now pending in this district, *In re Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. 07-cv-5944-SC (hereinafter "N.D. Cal. Litigation").

Cases are related when: "(1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Civil L.R. 3-12.  If the two above actions meet this standard, then the Application pursuant to 28 U.S.C. § 1782 should be deemed related to the currently N.D. Cal. Litigation and assigned to the same judge, the Honorable Samuel Conti of the Northern District of California in San Francisco.

In the Application pursuant to 28 U.S.C. § 1782, Sharp seeks the production of documents produced in discovery in N.D. Cal. Litigation in order to help Sharp pursue claims in an ongoing lawsuit it has filed as a plaintiff in the Republic of Korea, specifically, a case in Suwon District Court docketed as 2010gahap21125 Claim for Damages (gi) ("Korean Litigation").  The Korean Litigation alleges the illegal cartel activity by purported competitors and concerns damages incurred by Sharp for cathode ray tubes ("CRTs") and products containing CRTs for purchases being in or for the Asian market.

The N.D. Cal. Litigation is a Multi-District Litigation ("MDL") proceeding consolidated for pretrial purposes and pending before Judge Conti.  Included in it is a class action brought on behalf of companies and individuals who were direct purchasers of CRTs and products containing CRTs.  The Direct Purchaser Plaintiffs' Consolidated Amended Complaint (Doc. No. 436 in Case No. 3:07-cv-05944-SC) alleges that 12 manufacturers of CRTs and CRT products and their related corporate entities participated in the conspiracy.  These defendants include, but are not limited to, entities who have been named by Sharp as defendants in the Korean Litigation.  Although the claims in the Korean Litigation are based on purchases being in or for the Asian market, the Korean Litigation is otherwise substantially based on the same

factual nucleus as the N.D. Cal. Litigation, namely, price-fixing of CRTs at multilateral and bilateral meetings held by the defendants and their competitors.

In the Application pursuant to 28 U.S.C. § 1782, Sharp requests an order requiring that any use in the Korean Litigation of the documents from the N.D. Cal. Litigation should be conditioned upon acceptance by the parties to the Korean Litigation of the terms of the protective order entered by Judge Conti in the N.D. Cal. Litigation, as appropriately modified, or that a protective order be entered in the Korean Litigation based upon substantially similar terms safeguarding the confidentiality interests of the relevant parties.

Sharp leaves it to the Court to determine whether the above circumstances necessitate a finding that the two cases be related for purposes of judicial efficiency. Sharp does not oppose the Court's designation of the two cases now before it as related, and the consolidation of the two cases before Judge Conti.

Dated: June 27, 2012

Respectfully Submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Kenneth A. Gallo (D.C. Bar No. 371253, *pro hac vice* admission pending)
Bruce H. Searby (California State Bar No. 183267, *pro hac vice* admission pending)

BINGHAM MCCUTCHEN LLP

By: _____
Colin C. West (CA State Bar No. 184095)


Attorneys for Petitioner
SHARP CORPORATION