JEFFREY L. KESSLER (*pro hac vice*)
E:mail: JKessler@winston.com
A. PAUL VICTOR (*pro hac vice*)
E:mail: PVictor@winston.com
ALDO A. BADINI (SBN 257086)
E:mail: ABadini@winston.com
EVA W. COLE (*pro hac vice*)
E:mail: EWCole@winston.com
MOLLY M. DONOVAN
E:mail: MMDonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

STEVEN A. REISS (*pro hac vice*)
E-mail: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
E-mail: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
E-mail: adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, MT Picture Display Co., Ltd.*

Additional Moving Defendants and Counsel Listed on Signature Pages

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | **Case No. 07-5944 SC** |
| | **MDL No. 1917** |
| This Document Relates to: | **DEFENDANTS' OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT** |
| ALL INDIRECT PURCHASER ACTIONS | |
| | **Judge:  The Honorable Samuel Conti** **Hearing Date: July 24, 2012** **Time: 9:00 a.m.** |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION .............................................................................................................. 1

ARGUMENT ..................................................................................................................... 2

I.   Plaintiffs' Motion to Add the Puerto Rico Claims and the Puerto Rico Named Plaintiff
     Must Be Denied .......................................................................................................... 3

     A.  No New Facts Support a Puerto Rico Claim and Plaintiff, the Addition of
         Which Would Be Prejudicial to Defendants ........................................................ 3

     B.  Addition of the Puerto Rico Claims Would Be Futile ......................................... 5

II.  Plaintiffs' Motion To Substitute Out and Add In New Named Plaintiffs Should Also
     Be Denied .................................................................................................................. 11

III. Even If the Court Grants Leave to Amend, It Should Order Discovery ..................... 13

     A.  The Court Should Order That Named Plaintiffs Appear for Their Depositions .... 3

     B.  The Court Should Order a Discovery Schedule to Reduce the Prejudice to
         Defendants .............................................................................................................. 14

CONCLUSION ................................................................................................................. 15

1

# TABLE OF AUTHORITIES

2

3

CASES                                                                                                                 PAGE(S)

4

*Acri v. Int'l Ass'n of Machinists & Aerospace Workers,*
    781 F.2d 1393 (9th Cir. 1986) .................................................................................... 3

5

*Aikens v. Microsoft Corp.,*
    159 Fed. Appx. 471 (4th Cir. 2005) ........................................................................ 6

6

7

*Allen v. City of Beverly Hills,*
    911 F.2d 367 (9th Cir. 1990) .........................................................................2, 3, 4, 12

8

9

*Amerisourcebergen Corp. v. Dialysist West. Inc.,*
    465 F.3d 946 (9th Cir. 2006) .................................................................................... 5

10

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,*
    459 U.S. 519 (1983) .................................................................................................. 6

11

12

*Baker v. Pacific Far E. Lines, Inc.,*
    451 F. Supp. 84 (N.D. Cal. 1978) ............................................................................ 5

13

14

*Besig v. Dolphin Boating & Swimming Club,*
    683 F.2d 1271 (9th Cir. 1982) ................................................................................ 10

15

*Birmingham Steel Corp. v. Tenn. Valley Auth.,*
    353 F.3d 1331 (11th Cir. 2003) ........................................................................12, 13

16

17

*Bonin v. Calderon,*
    59 F.3d 815 (9th Cir. 1995) ..................................................................................3, 4

18

19

*Caribe BMW, Inc. v. Bayerische Motoren Werke Aktiengesellschaft,*
    19 F.3d 745 (1st Cir. 1994) ...................................................................................... 6

20

*Ceisler v. First Penn. Corp.,*
    C.A. No. 89-9234, 1991 WL 83108 (E.D. Pa. May 13, 1991) .............................. 13

21

22

*Cliff v. Payco Gen. Am. Credits, Inc.,*
    363 F.3d 1113 (11th Cir. 2004) .............................................................................. 10

23

24

*Davis v. Astrue,*
    250 F.R.D. 476 (N.D. Cal. 2008) ..........................................................................2, 5

25

*Deutsch v. Turner Corp.,*
    324 F.3d 692 (9th Cir. 2003) .................................................................................... 7

26

27

*Foman v. Davis,*
    371 U.S. 178 (1962) .................................................................................................. 2

28

ii

*Fraley v. Facebook Inc.*,
  Slip Copy, No. C 11-1726, 2012 WL 555071 (N.D. Cal. Feb. 21, 2012) ........................ 13, 14

*Franco v. Mayaguez Bldg., Inc.*,
  108 D.P.R. 192 (1978) ............................................................................................................. 8

*Funke v. Life Fin. Corp.*,
  No. 99 Civ. 11877, 2003 WL 21182763 (S.D.N.Y. May 20, 2003) ..................................... 14

*Illinois Brick Co. v. Illinois*,
  431 U.S. 720 (1977) ................................................................................................................. 5

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*,
  516 F. Supp. 2d 1072 (N.D. Cal. 2007) ................................................................................... 6

*In re Flash Memory Antitrust Litig.*,
  No. C 07–0086 SBA, 2010 WL 2332081 (N.D. Cal. June 9, 2010) ............................ 3, 11, 12

*In re K-Dur Antitrust Litig.*,
  No. 01-1652-JAG, 2008 WL 2660780 (D.N.J. Feb. 28, 2008) ................................................ 6

*In re Mercury Interactive Corp. Sec. Litig.*,
  No. C 05-3395, 2007 WL 2209289 (N.D. Cal. July 30, 2007) .............................................. 11

*In re Nat'l Austl. Bank Sec. Litig.*,
  No. 03 Civ. 6537(BSJ), 2006 WL 3844463 (S.D.N.Y. Nov. 8, 2006) .................................... 2

*In re New Motor Vehicles Can. Export Antitrust Litig.*,
  350 F. Supp. 2d 160 (D. Me. 2004) .......................................................................................... 7

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
  599 F. Supp. 2d 1179 (N.D. Cal. 2009) ............................................................................... 6, 7

*In Re TFT-LCD (Flat Panel) Antitrust Litig.*,
  No. 07-1827, 2012 U.S. Dist. LEXIS 10780 (N.D. Cal. Jan. 30, 2012) ................................... 9

*In re Vertrue Mktg. and Sales Practices Litig.*,
  712 F. Supp. 2d 703 (N.D. Ohio 2010) ................................................................................... 9

*Jackson v. Bank of Haw.*,
  902 F.2d 1385 (9th Cir. 1990) ................................................................................................. 3

*Klehr v. A.O. Smith Corp.*,
  521 U.S. 179 (1997) ................................................................................................................. 8

*Knappenberger v. City of Phoenix*,
  566 F.3d 936 (9th Cir. 2009) ................................................................................................... 5

*McLendon v. Ga Kaolin Co.*,
  837 F. Supp. 1231 (M.D. Ga. 1993) ........................................................................................ 8

iii

*Medina & Medina v. Country Pride Foods, Ltd.*,
    631 F. Supp. 293 (DP.R.. 1986) .......................................................................... 7

*On The Cheap, LLC v. Does 1-5011*,
    280 F.R.D. 500 (N.D. Cal. Sept. 6, 2011) ........................................................ 2

*Pacheco v. Nat'l W. Life Ins. Co.*,
    122 D.P.R. 55 (1988) ........................................................................................ 8

*Perdana Capital, Inc. v. Chowdry*,
    No. 09-01479, 2012 U.S. Dist. LEXIS 49732 (N.D. Cal. Apr. 9, 2012) ............... 9

*Pezoa v. County of Santa Clara*,
    No. C 05-03717 JF, 2007 WL 4287532 (N.D. Cal. Dec. 6, 2007) ...................... 3, 4

*Rosenbaum v. Syntex Corp.*,
    95 F.3d 922 (9th Cir. 1996) ........................................................................ 10, 11

*Sayegh v. John Enright, Inc.*,
    No. 11-55030, 2012 U.S. App. LEXIS 10088 (9th Cir. May 10, 2012) ................. 7

*Schreibman v. Chase Manhattan Bank*,
    15 A.D.2d 769 (N.Y. App. Div. 1962) ............................................................... 8

*Shankroff v. Advest, Inc.*,
    112 F.R.D. 190 (S.D.N.Y. 1986) ..................................................................... 12

*Stuart & Sons, L.P. v. Curtis Publ'g Co.*,
    456 F. Supp. 2d 336 (D. Conn. 2006) ............................................................... 7

*Velazquez v. GMAC Mortg. Corp.*,
    No. CV 08-05444 DDP, 2009 WL 2959838 (C.D. Cal. Sept. 10, 2009) ................ 1

*Williams v. Boeing*,
    517 F.3d 1120 (9th Cir. 2008) .......................................................................... 9

*Young v. LePone*,
    305 F.3d 1 (1st Cir. 2002) ..................................................................... 9, 10, 11

**STATUTES AND RULES**

Fed. R. Civ. P. 12(b)(6) .................................................................................... 5

Fed. R. Civ. P. 15(c) ........................................................................................ 9

Fed. R. Civ. P. 15(c)(3) ................................................................................. 11

Fed. R. Civ. P. 20 ........................................................................................... 2

Fed. R. Civ. P. 20(a) ...................................................................................... 2

DEFENDANTS' OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS'        Case No. 07-5944
MOTION FOR LEAVE TO AMEND THE COMPLAINT             MDL NO. 1917

P.R. Laws Ann. tit. 10, § 257, et seq. ...........................................................................5

P.R. Laws Ann. tit. 10, § 268 (2005).............................................................................8

P.R. Laws Ann. tit. 10, § 268(c) (2009) .........................................................................7

P.R. Laws Ann. tit. 10, § 1903 (2004)............................................................................8

P.R. Laws Ann. tit. 31, § 5303 (2004)............................................................................8

**OTHER AUTHORITIES**

6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1488 (3d ed.
    2012).......................................................................................................................5

7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1652 (3d ed.
    2012).......................................................................................................................2

Edward Sherman, Moore's Federal Practice: Civil § 15.19[3][a] ..................................9

1 Newberg on Class Actions § 2:26 (4th ed. 2006)......................................................12

v

Defendants respectfully submit this brief in opposition to the Indirect Purchaser Plaintiffs' ("Plaintiffs") Motion for Leave to Amend the Complaint (the "Motion").

## INTRODUCTION

Plaintiffs had an obligation at the very beginning of this case to investigate and allege all claims available to them under the known facts and determine whether their named plaintiffs could adequately serve as class representatives. Despite this, for the first time now, on the eve of class certification and in the middle of the agreed-to schedule for deposing the existing named plaintiffs, Plaintiffs are seeking to amend their complaint to add new antitrust and unjust enrichment claims based on Puerto Rico law, drop eight named plaintiffs, and add eight new plaintiffs.[1] Given that: (1) Plaintiffs have already filed three complaints in this case, (2) have been granted leave to amend twice,[2] and (3) have proposed amendments that are each untimely, prejudicial and/or futile, the Motion must be denied.

Specifically, Plaintiffs' request to add the new Puerto Rico claims and the Puerto Rico plaintiff should be rejected because Plaintiffs have inexplicably and unduly delayed in asserting any theory under Puerto Rico law and have never before sought to add a Puerto Rico plaintiff. This is fatal under Ninth Circuit law because Plaintiffs had the necessary facts and ample opportunity to do so earlier, but simply chose not to. Nor do Plaintiffs present any new facts to support their request to add new legal claims or a new plaintiff at this late stage in the litigation. The proposed Puerto Rico claims must also be rejected because they are futile and would fail as a matter of law on standing, statute of limitations, and other grounds.

Plaintiffs' request to substitute out and add in eight new plaintiffs is likewise untimely, particularly given Plaintiffs' refusal to provide any explanation why the currently named plaintiffs should be dropped from the case. Of the eight plaintiffs that seek to be

---

[1] Defendants do not object to Plaintiffs' request to amend their complaint to drop their District of Columbia consumer protection claim.

[2] The original complaint was filed in this action in 2007 and subsequently, Plaintiffs filed their Consolidated Amended Complaint on March 16, 2009 (the "CAC"), their Second Consolidated Amended Complaint on May 10, 2010 (the "SAC"), and their Third Consolidated Amended Complaint on December 11, 2010 (the "TAC").

1

substituted out, six were named in the CAC over three years ago, and Plaintiffs had an obligation to inquire into their adequacy well before the filing of this Motion.  Plaintiffs' request to add an additional New York plaintiff must also fail.  Plaintiffs have been asserting claims based on New York state law since at least 2009, and have thus had over three years to identify and name an appropriate plaintiff who allegedly suffered injury in that state.  Given their unexplained failure to do so, Plaintiffs' current request should be denied.

Finally, Plaintiffs' decision to delay this Motion until now, while the parties are in the middle of the agreed-to schedule for deposing named indirect purchaser plaintiffs, is prejudicial to Defendants, who have been preparing their defense based on the class representatives identified in the pleadings.

## ARGUMENT

The Court is fully empowered to deny Plaintiffs' Motion.  In this Circuit, a court has discretion to reject a motion for leave to amend whenever the following five factors weigh in favor of denial: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint."  *Davis v. Astrue*, 250 F.R.D. 476, 480 (N.D. Cal. 2008) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)) ("these factors need not all be considered in each case"); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962).[3]

This Court's discretion to deny the Motion is "particularly broad" because Plaintiffs have already amended the complaint twice and because, as explained below, the *Davis* factors weigh strongly in favor of rejecting the untimely and futile amendments that Plaintiffs now propose.  *Davis*, 250 F.R.D. at 480 (denying leave to add new claims where plaintiff unduly delayed and had already twice amended his complaint); *Allen*, 911 F.2d at 373-74 ("[i]t is

---

[3] Similar discretionary factors govern the determination of whether to permit the addition of new parties under FRCP 20(a).  *On The Cheap, LLC v. Does 1-5011*, 280 F.R.D. 500, 500 (N.D. Cal. Sept. 6, 2011) (Joinder motions may be denied "to protect any party against embarrassment, delay, expense, or other prejudice."); 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1652 (3d ed. 2012) ("[T]he court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay.") (alteration added).

1    implausible to suggest that justice somehow requires that [plaintiff] . . . must be given a fourth

2    attempt" to amend his complaint) (alteration added).

3    **I.      Plaintiffs' Motion to Add the Puerto Rico Claims and the Puerto Rico Named Plaintiff Must Be Denied**

4

5            With no explanation for their untimeliness, Plaintiffs seek to add new antitrust and

6    unjust enrichment claims based on Puerto Rico law, and a new Puerto Rico plaintiff.  Plaintiffs

7    have never before asserted a claim based on Puerto Rico law and, for the reasons set forth below,

8    they cannot do so now.

9            **A.      No New Facts Support a Puerto Rico Claim and Plaintiff, the Addition of Which Would Be Prejudicial to Defendants**

10

11           First, Plaintiffs have long had the necessary facts to raise a claim under Puerto

12   Rico law and/or to add a Puerto Rico plaintiff, but have chosen not to do so.  This is fatal because,

13   in this Circuit, motions to amend are denied whenever "the movant present[s] no new facts but

14   only 'new theories' and 'provide[s] no satisfactory explanation for his failure to fully develop his

15   contentions originally.'"  *Allen,* 911 F.2d at 374 (alterations added); *see also Bonin v. Calderon*,

16   59 F.3d 815, 845-46 (9th Cir. 1995) (denying petitioner's motion to amend because "theories

17   should have been pleaded in his petition originally"); *Jackson v. Bank of Haw.,* 902 F.2d 1385,

18   1388 (9th Cir. 1990) ("Relevant to evaluating the delay issue is whether the moving party knew or

19   should have known the facts and theories raised by the amendment in the original pleading."); *In*

20   *re Flash Memory Antitrust Litig.*, No. C 07–0086, 2010 WL 2332081, at *16 (N.D. Cal. June 9,

21   2010) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and

22   the theory have been known to the party seeking amendment since the inception of the cause of

23   action.") (quoting *Acri v. Int'l Ass'n of Machinists & Aerospace Workers,* 781 F.2d 1393, 1398

24   (9th Cir. 1986)) (alteration added).  The unexplained introduction of a new claim, in the absence

25   of any new facts, is also indicative of bad faith.  *See Pezoa v. County of Santa Clara*, No. C 05-

26   03717, 2007 WL 4287532, at *5 (N.D. Cal. Dec. 6, 2007) (making a new claim, without alleging

27   newly discovered facts, is an example of bad faith).  Indeed, it is well-recognized that an

28   amendment based on nothing more than a tactical decision evidences bad faith and weighs in

3

1  favor of dismissal.  *Id.*

2      Plaintiffs here present no new *facts* supporting their untimely request for leave.

3  Instead, Plaintiffs claim, without support, that their request is "[b]ased upon counsel's ongoing

4  assessment of the products and classes at issue in this case, along with certain plaintiffs'

5  purchases and records."  Mot. at 2.  Plaintiffs fail to explain the purported ways in which their

6  class definition or the products at issue in their case have changed.  This is for good reason:  the

7  indirect purchaser class definition has not changed at all since 2009, and the products for which

8  they are claiming injury have not changed either.  *See Allen,* 911 F.2d at 374 (affirming denial of

9  motion to amend where plaintiffs "presented no new facts but only 'new theories' and 'provided

10  no satisfactory explanation for [their] failure to fully develop [their] contentions originally'")

11  (alterations added); *see also Bonin*, 59 F.3d at 845-46 (9th Cir. 1995) (same).  Nor do Plaintiffs

12  explain how their "purchases and records" have changed or are "new" since 2009, which would

13  warrant the addition of the Puerto Rico claims and plaintiff.  *See infra* Section II.

14      In reality, Plaintiffs could have raised the Puerto Rico claims and included a

15  Puerto Rico plaintiff from the very moment that they first entered this litigation.  Plaintiffs

16  asserted in the CAC antitrust and other claims under the laws of *seventeen* states and unjust

17  enrichment claims under the laws of *twenty* states, but not Puerto Rico.[4]  In 2010, Plaintiffs

18  added to the SAC antitrust claims for *six* new states and unjust enrichment claims for *five* new

19  states, but again not for Puerto Rico.[5]  Plaintiffs passed up yet another opportunity to add the

20  Puerto Rico claims at the end of 2010, when they filed the TAC.  Because Plaintiffs have no

21  ---

[4] CAC at ¶¶ 255-71, 286.  The CAC asserted: (1) claims under the antitrust statutes of Arizona,
22  California, Iowa, Kansas, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico,
North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, and
23  Wisconsin, *id.* at ¶¶ 255-71; and (2) unjust enrichment claims under the laws of Arizona,
California, Hawaii, Iowa, Kansas, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska,
24  Nevada, New Mexico, New York, North Carolina, Rhode Island, South Dakota, Tennessee,
Vermont, West Virginia, and Wisconsin.  *Id.* at ¶ 286.

25
[5] The SAC added: (1) claims under the antitrust statutes of the District of Columbia, Hawaii,
26  Illinois, Maine, Montana, and New York.  SAC at ¶¶ 252-254, 257, 261, 265; and (2) unjust
27  enrichment claims under the laws of Arkansas, the District of Columbia, Illinois, Maine, and
Montana.  *Id.* at ¶ 288.

28

4

1  reason for their undue delay in requesting the current amendments, the requested relief must be

2  denied.

3          Furthermore, leave to add the Puerto Rico claims must be denied because their

4  belated addition would prejudice Defendants.  *See Amerisourcebergen Corp. v. Dialysist West,*

5  *Inc.,* 465 F.3d 946, 953-54 (9th Cir. 2006) (finding that addition of new claim would have been

6  prejudicial despite the fact that there were eight months left in discovery).  Indeed, granting

7  leave to amend will require Defendants to commit time and resources, and incur additional

8  litigation costs, in order to draft a response, all of which could have been easily avoided had

9  Plaintiffs pursued their Puerto Rico theory in their original, or even one of the subsequently

10  amended complaints.  *Id*; *see also Davis*, 250 F.R.D. at 481; 6 Charles Alan Wright & Arthur R.

11  Miller, Federal Practice and Procedure § 1488 (3d ed. 2012) ("[T]he proposed amendment . . .

12  may put the opposing party to the added burden of further discovery, preparation, and expenses,

13  thereby prejudicing the opponent's right to a speedy and inexpensive trial on the merits.")

14  (alteration added).

15        **B.**      **Addition of the Puerto Rico Claims Would Be Futile**

16          Moreover and independently, adding the Puerto Rico claims (and, by extension,

17  the Puerto Rico plaintiff) would be futile because, on a Rule 12(b)(6) motion to dismiss, the

18  claims would fail as a matter of law.  *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th

19  Cir. 2009) (A motion for leave to amend a pleading will be denied as futile where the amended

20  pleading contains flaws that "could not possibly be cured by the allegation of other facts.");

21  *Baker v. Pacific Far E. Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978) (In determining

22  whether a proposed amendment is futile, the same standard applies as in a Rule 12(b)(6)

23  pleading challenge – whether any "set of facts which could be proved under the amendment to

24  the pleadings . . . would constitute a valid and sufficient claim.")

25          First, as admitted indirect purchasers, Plaintiffs lack standing to sue for damages

26  under Puerto Rico's antitrust law.  *See* P.R. Laws Ann. tit. 10, § 257, *et seq.*  Puerto Rico has not

27  legislatively or judicially "repealed" the bar on indirect purchaser damage actions set forth by

28  the United States Supreme Court in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977).  To the

5

1   contrary, Puerto Rico's antitrust law is construed as "essentially embodying the jurisprudence
2   relevant to the parallel federal law." *Caribe BMW, Inc. v. Bayerische Motoren Werke*
3   *Aktiengesellschaft*, 19 F.3d 745, 754 (1st Cir. 1994). Accordingly, in the *LCD* litigation, Judge
4   Illston dismissed with prejudice the indirect purchasers' claims under the Puerto Rico statute for
5   lack of standing on the ground that there is no "explicit *Illinois Brick* repealer, either by statute
6   or case law" applicable to Puerto Rico. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F.
7   Supp. 2d 1179, 1188 (N.D. Cal. 2009). Here, Plaintiffs' claim under the Puerto Rico statute fails
8   for the same reason.[6] Indeed, this Court already dismissed, with prejudice, Plaintiffs' antitrust
9   claim under Montana law because Montana, like Puerto Rico, has not legislatively or judicially
10  repealed the *Illinois Brick* bar on indirect purchaser damage actions. Stip. and Order Modifying
11  and Adopting Special Master's Report, Recs. and Tentative Rulings Regarding Defs.' Joint Mot.
12  to Dismiss the Second Consolidated Am. Compl. of the Indirect Purchaser Pls. at 2, Oct. 27,
13  2010, ECF No. 799.

14          In addition, Plaintiffs cannot circumvent the antitrust laws of Puerto Rico by
15  bringing a common law claim for unjust enrichment. If Plaintiffs were allowed to do so, state
16  prohibitions against indirect purchaser standing would be rendered meaningless. *See, e.g.*, *In re*
17  *K-Dur Antitrust Litig.*, No. 01-1652-JAG, 2008 WL 2660780, at *4-5 (D.N.J. Feb. 28, 2008)
18  (dismissing unjust enrichment claims under Pennsylvania, New Jersey and Delaware law,
19  holding that the plaintiff "cannot use its unjust enrichment claim as a means to pursue damages
20  that are not allowable under those states' antitrust laws."); *Aikens v. Microsoft Corp.*, 159 Fed.

---

21  [6] Even if this Court finds that Puerto Rico law permits indirect purchaser claims, which it does
22  not, the Puerto Rico antitrust claim is still subject to dismissal because the named plaintiff, ESJ
    Towers, Inc., lacks antitrust standing under *Associated General Contractors of Cal., Inc. v. Cal.*
23  *State Council of Carpenters*, 459 U.S. 519 (1983) ("*AGC*"). *See In re Dynamic Random Access*
    *Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1084-96 (N.D. Cal. 2007) (holding that
24  indirect purchaser plaintiffs lacked antitrust standing under *AGC*). *AGC* provides the standard for
    determining whether a plaintiff "is a proper party to bring a private antitrust action" under the
25  federal antitrust laws. 459 U.S. at 535 n.31. Here, *AGC* bars Plaintiffs' claims because Plaintiffs
    did not directly participate in the market for CRTs and their alleged injuries are not directly
26  related to any purported wrongful conduct in the CRT market. *See id.* at 536-45. While Puerto
    Rico courts have not ruled expressly on whether they would apply *AGC*, Puerto Rico's antitrust
27  law "embod[ies] the jurisprudence relevant to the parallel federal law." *See Caribe BMW*, 19
    F.3d at 754.
28

| DEFENDANTS' OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT | Case No. 07-5944 MDL NO. 1917 |
|---|---|

1    Appx. 471, 477 (4th Cir. 2005) ("[T]o the extent that the [indirect purchaser] plaintiffs cannot

2    sue for monetary damages under Louisiana antitrust law, they cannot employ a subsidiary unjust

3    enrichment claim to circumvent this rule.") (alteration added); *In re New Motor Vehicles Can.*

4    *Export Antitrust Litig.*, 350 F. Supp. 2d 160, 211 (D. Me. 2004) (concluding that, for states

5    which bar indirect purchaser claims, it would "subvert the statutory scheme" to allow indirect

6    purchasers to secure restitutionary relief at common law).  Accordingly, in the *LCD* litigation,

7    Judge Illston dismissed with prejudice the indirect purchasers' unjust enrichment claim under

8    Puerto Rico law in order to prevent Puerto Rico's antitrust law from being circumvented.  599 F.

9    Supp. 2d at 1191-92.  Indeed, there is no authority in Puerto Rico permitting indirect purchasers

10   to pursue a common law unjust enrichment claim when that claim would be barred under Puerto

11   Rico's antitrust law.  *See id.* at 1192.  Therefore, Plaintiffs' unjust enrichment claim, under

12   Puerto Rico law, is fatally defective as a matter of law.

13           Finally, Plaintiffs' amendments should be denied because the claims Plaintiffs seek

14   to add are time barred, and their proposed amendment is futile for this additional reason.  *See*

15   *Sayegh v. John Enright, Inc.*, No. 11-55030, 2012 WL 1798899, at *1 (9th Cir. May 18, 2012)

16   (upholding a district court's decision to deny plaintiff's motion for leave to amend complaint

17   where such amendment would be futile because the statute of limitations had run at the time suit

18   was filed); *Deutsch v. Turner Corp.*, 324 F.3d 692, 718 n.20 (9th Cir. 2003) (same).

19           Puerto Rico's statute of limitations for antitrust claims is four years.  P.R. Laws.

20   Ann. tit. 10, § 268(c) (2009) ("No action may be brought outside . . . the term of four years after

21   the cause of action accrued.").  Their unjust enrichment claims, to the extent they exist, should be

22   governed by the same statute of limitations.[7]  *See Stuart & Sons, L.P. v. Curtis Publ'g Co.*, 456 F.

23   Supp. 2d 336, 343 (D. Conn. 2006) (holding that where "legal and equitable claims co-exist, the

24   court[s] will focus on the substance of the claim . . . and an equitable remedy will be withheld if

25   an applicable statute of limitations bars the concurrent legal remedy") (alteration added);

26

27   _____

     [7] Unjust enrichment claims in Puerto Rico are considered "subsidiary in nature and will only be
     available in situations where there is no available action to seek relief."  *Medina & Medina v.*
28   *Country Pride Foods, Ltd.*, 631 F. Supp. 293, 302 (D.P.R. 1986).

| DEFENDANTS' OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT | Case No. 07-5944 MDL NO. 1917 |

1   *McLendon v. Ga Kaolin Co.,* 837 F. Supp. 1231, 1241 (M.D. Ga. 1993); *Schreibman v. Chase*

2   *Manhattan Bank,* 15 A.D.2d 769, 770 (N.Y. App. Div. 1962).  Thus, any claims that accrued

3   more than four years prior to the date of the proposed amendment – *i.e.*, before June 11, 2008 –

4   are time barred.

5           Plaintiffs' proposed Fourth Amended Complaint alleges an antitrust violation

6   "beginning at least March 1, 1995 through at least November 25, 2007," and they purport to assert

7   claims on behalf of a putative class that made purchases of CRT finished products between March

8   1, 1995 and November 25, 2007.  Ex. A, Decl. of Robert J. Gralewski in Support of the Indirect

9   Purchaser Pls.' Notice of Mot. and Mot. to Am. the Compl. ("Proposed Complaint") at ¶¶ 16, 232,

10  234.  In price-fixing cases, "each overt act that is part of the violation and that injures the plaintiff,

11  *e.g.*, each sale to the plaintiff, starts the statutory period running again . . . [and] the commission

12  of a separate new overt act generally does not permit the plaintiff to recover for the injury caused

13  by the old overt acts outside the limitations period."  *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 189

14  (1997) (citations and internal quotation marks omitted) (alteration added).  Thus, by its terms, the

15  statute of limitations bars Plaintiffs' proposed Puerto Rico claims in their entirety.

16          Plaintiffs allege that Defendants "fraudulently concealed their activities," but those

17  allegations cannot save their untimely Puerto Rico claims for two reasons.  Proposed Compl. at ¶

18  285.  First, Puerto Rico's antitrust statute and the broader Civil and Commerce Codes do not

19  recognize fraudulent concealment as a basis for tolling the statute of limitations.  *See* P.R. Laws

20  Ann. tit. 10, § 268 (2005); P.R. Laws Ann. tit. 10, § 1903 (2004); P.R. Laws Ann. tit. 31, § 5303

21  (2004).  Puerto Rico courts read exceptions to statutes of limitations very strictly, and do not toll

22  statutes of limitation without an express statutory basis.  *See, e.g., Franco v. Mayaguez Bldg., Inc.*

23  108 D.P.R. 192, 195 (1978) (plaintiff could not collect damages for lost profits because the statute

24  that plaintiff relied upon for lost profits did not have a statutory tolling provision; however

25  plaintiff could collect for damages based on the personal injury claim because the statute that

26  plaintiff relied upon for the personal injury claim did have a statutory tolling provision); *Pacheco*

27  *v. Nat'l W. Life Ins. Co.*, 122 D.P.R. 55, 58 (1988) (plaintiff's extrajudicial action did not toll

28  statute of limitations where the Commerce Code tolling statute did not provide for such tolling).

8

1   Because there is no explicit tolling provision based on fraudulent concealment in the statutes on

2   which Plaintiffs rely in bringing Puerto Rico antitrust claims, this Court should acknowledge that

3   fraudulent concealment tolling does not exist for Plaintiffs' new Puerto Rico claims.

4             Second, even if Puerto Rico recognized fraudulent concealment as a tolling

5   doctrine, that doctrine would not save Plaintiffs' claims.  The fraudulent concealment doctrine

6   does not apply when plaintiffs are on "inquiry notice" of the factual basis for their claims.  *See*

7   *Perdana Capital (Labuan) Inc. v. Chowdry,* No. 09-01479, 2012 WL 1189019, at *4 (N.D. Cal.

8   Apr. 9, 2012) (noting that a tolling exception such as fraudulent concealment "extends only until

9   plaintiff is put on inquiry notice"); *In Re TFT-LCD (Flat Panel) Antitrust Litig.,* No. 07-1827,

10  2012 WL 273761, at *2 (N.D. Cal. Jan. 30, 2012) ("fraudulent concealment tolls the statute of

11  limitations until the plaintiff is put on notice of his claim").  In this case, Plaintiffs obviously were

12  on notice of the alleged facts underlying their proposed Puerto Rico class when they first filed a

13  complaint on November 13, 2007, since they rely on the same factual allegations to support that

14  claim as to support their other proposed claims.[8]  More than four years have passed since that

15  date, so their allegations of "fraudulent concealment" cannot save their proposed Puerto Rico

16  claims from the limitations bar.

17            Nor are the new Puerto Rico claims – on behalf of a new proposed Puerto Rico

18  class, and brought by a newly proposed plaintiff – saved by the relation back doctrine.  *See* Fed.

19  R. Civ. P. 15(c).  The standard for the relation back of claims by newly added plaintiffs is strict.

20  It is more stringent than that for the relation back of new claims between existing parties or

21  against new defendants.  *See, e.g.*, *Young v. LePone,* 305 F.3d 1, 14 (1st Cir. 2002); *see also*

22  Edward Sherman, Moore's Federal Practice:  Civil § 15.19[3][a].  This is because the relation

23  back doctrine is not an open invitation for every plaintiff whose claim would be time-barred to

---

24

25  [8] The earlier filed complaints did not "toll" the statute of limitations in the interim period based on the "class tolling doctrine" because those complaints did not allege claims on behalf of purchasers in Puerto Rico.  *See In re Vertrue Mktg. and Sales Practices Litig.*, 712 F. Supp. 2d 703, 718-719 (N.D. Ohio 2010) ("only the claims expressly alleged in a previous federal lawsuit are subject to tolling");  *Williams v. Boeing Co.*, 517 F.3d 1120, 1136 (9th Cir. 2008) (because "neither the Original nor the First Amended Complaints stated a claim for compensation discrimination . . . the statute of limitations was not tolled for that claim").

26

27

28

| DEFENDANTS' OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT | Case No. 07-5944 MDL NO. 1917 |

1    join an earlier filed action.  *Young,* 305 F.3d at 17.

2                    In the Ninth Circuit, an amendment adding a party plaintiff does not relate back to

3    the date of the original pleading unless each of the following three conditions are met:  "1) the

4    original complaint gave the defendant adequate notice of the claims of the newly proposed

5    plaintiff, 2) the relation back does not unfairly prejudice the defendant, and 3) there is an identity

6    of interests between the original and newly proposed plaintiff."  *Rosenbaum v. Syntex Corp.,* 95

7    F.3d 922, 935 (9th Cir. 1996).  None of the earlier iterations of Plaintiffs' complaints mentioned

8    Puerto Rico claims or adverted to the possibility that Puerto Rico claims would be asserted in the

9    future.  Plaintiffs' June 2012 attempt to amend their complaint was the first time Puerto Rico

10   claims have been mentioned in this litigation.

11                   Under the relation back doctrine, the notice given by the filing of a previous

12   complaint by other plaintiffs is not itself adequate notice of additional claims by later added

13   plaintiffs.  *Besig v. Dolphin Boating & Swimming Club,* 683 F.2d 1271, 1278 (9th Cir. 1982).

14   This is true even where the later added plaintiffs allege the same factual scenario as the original

15   complaint.  *See Young,* 305 F.3d at 15-16 ("[W]e repudiate the conceit that an action filed by one

16   plaintiff gives a defendant notice of the impending joinder of any or all similarly situated

17   plaintiffs.") (alteration added); *Cliff v. Payco Gen. Am. Credits, Inc.,* 363 F.3d 1113, 1132 (11th

18   Cir. 2004) ("Nothing prevented [plaintiff] from seeking to represent consumers outside Florida

19   from the moment he initiated the lawsuit" and as a result defendant "had been placed on notice of

20   only its obligation to defend itself against claims of *Florida* consumers.") (emphasis in original)

21   (alteration added).

22                   Moreover, Puerto Rico's putative class claims would unduly prejudice the

23   Defendants by increasing their liability exposure.  Prejudice can arise from nothing more than the

24   identification of newly added plaintiffs, especially where the addition of a new plaintiff increases

25   the defendants' liability exposure.  *Young,* 305 F.3d at 17 (holding that claims by new plaintiffs

26   did not relate back to claims by old plaintiffs because the increase in defendants' potential liability

27   would lead to manifest prejudice).  Any such increase in exposure should be subject to the time

28   limits imposed by the applicable statutes of limitations.

| DEFENDANTS' OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' | Case No. 07-5944 |
|---|---|
| MOTION FOR LEAVE TO AMEND THE COMPLAINT | MDL NO. 1917 |

1    Finally, the new Puerto Rico class cannot establish a sufficient identity of interest

2 with the previously identified plaintiffs and previously alleged putative classes.  It is not sufficient

3 that the claims involve similar products and similar allegations of conduct by defendants.  *Syntex,*

4 95 F.3d at 935 (holding that the fact that both old and new plaintiffs bought stock in reliance on

5 defendant was not enough to constitute identity of interest); *see also In re Mercury Interactive*

6 *Corp. Sec. Litig.*, No. C 05-3395, 2007 WL 2209278, at *5 (N.D. Cal. July 30, 2007) (holding that

7 there is no identity of interests for different classes of stockholders even though they were both

8 stockholders); *Young,* 305 F.3d at 15 (same).  The court in *Young* found that "persons who are

9 identified with each other only by their ownership of stock in the same publicly-traded

10 corporation share some of the same rights, but that fact, standing alone, does not place them in the

11 kind of proximity needed to invoke Rule 15(c)(3)." *Young,* 305 F.3d at 15.  Similarly, the only

12 common element between Puerto Rico class members and the class members who were named in

13 Plaintiffs' previous complaints is that they purchased CRT Products from the alleged co-

14 conspirators, and thus, the new Puerto Rico class does not have sufficient identity of interest with

15 the previously identified plaintiffs to have their claims relate back to the earlier complaints.

16 **II.    Plaintiffs' Motion To Substitute Out and Add In New Named Plaintiffs Should Also**
17 **Be Denied**

18    Plaintiffs had an obligation to identify suitable class representatives "at the

19 inception of the litigation, not years after the action had commenced."  *In re Flash,* 2010 WL

20 2332081, at *17; *see also Velazquez v. GMAC Mortg. Corp.*, No. CV 08-05444, 2009 WL

21 2959838, at *4 (C.D. Cal. Sept. 10, 2009).  Plaintiffs' failure to inquire as to the adequacy of these

22 putative class representatives until now, on the eve of class certification, and after two other

23 amended complaints, is without defense.  Indeed, six of the eight named plaintiffs that seek to be

24 substituted out were included in the CAC in 2009 and the other two were added in the TAC back

25 in 2010.[9]  Plaintiffs have thus had more than enough time to determine whether these plaintiffs are

---

[9] Brady Cotton, Colleen Sobotka, Daniel Hergert, Chad Klebs, Samuel Nasto, and Donna Marie Ellington were named in the CAC.  Bedrock Management Company, Inc. and Steven Hawley were added in the TAC.

1   adequate class representatives.   Plaintiffs' request to add a New York plaintiff is likewise

2   untimely given that they have been asserting New York state law claims ever since 2009, have

3   thereafter amended their complaint twice, but have failed until now to seek to add a new plaintiff

4   for that state.

5           Plaintiffs' request to belatedly add and substitute parties is prejudicial to

6   Defendants and must be denied.  Defendants have already deposed or begun preparing to depose

7   the existing named plaintiffs and would now have to rush to review documentary discovery and,

8   thereafter, schedule depositions for the newly named plaintiffs.  *See In re Flash*, 2010 WL

9   2332081, at *16-17 ("Plaintiffs' proposed substitution of [new plaintiffs] would unduly prejudice

10  Defendants, who have been preparing their defense based on the identities of the class

11  representatives identified in the pleadings.") (alteration added).  Indeed, it creates an additional

12  burden on Defendants under the current schedule.

13          Plaintiffs' heavy reliance on *Birmingham Steel Corp. v. Tenn. Valley Auth.*, 353

14  F.3d 1331 (11th Cir. 2003); *In re Nat'l Austl. Bank Sec. Litig.*, No. 03 Civ. 6537, 2006 WL

15  3844463 (S.D.N.Y. Nov. 8, 2006); and *Shankroff v. Advest, Inc.*, 112 F.R.D. 190 (S.D.N.Y.

16  1986), is misplaced.   In those cases, substitution was allowed only after the existing class

17  representatives were held to be inadequate.  No such findings exist here and, in fact, Plaintiffs

18  largely have refused even to allow depositions of the existing named plaintiffs who, for some

19  unknown reason, seek to exit this case very suddenly in the middle of the agreed-to schedule for

20  deposing named indirect purchaser plaintiffs.[10]

21          As with the Puerto Rico claims, Plaintiffs have failed to offer any "new facts" or

22  other satisfactory explanation why the existing named plaintiffs ought to be dropped from this

23  case and/or new plaintiffs be added.[11]  *See Allen,* 911 F.2d at 374.  In this respect, the cases

24

25  [10] With the exception of Samuel Nasto, none of the current named plaintiffs who seek to be
26  substituted out have been deposed yet.

27  [11] Plaintiffs cite to 1 Newberg on Class Actions § 2:26 (4th ed. 2006), for the proposition that
28  plaintiffs whose claims are now moot may be substituted out of a case, but Plaintiffs never claim
    that the plaintiffs they propose dropping have moot claims.   Moreover, to the extent that Mr.

12

1  Plaintiffs rely upon (not one of which was decided in this Circuit) are easily distinguished as

2  Plaintiffs in those cases *did* present new facts supporting their requests for leave to amend. *See,*

3  *e.g.*, *Birmingham Steel Corp.*, 353 F.3d at 1333-43 (permitting substitution or intervention where

4  named plaintiff went bankrupt); *Ceisler v. First Penn. Corp.*, C.A. No. 89-9234, 1991 WL 83108,

5  at *3 (E.D. Pa. May 13, 1991) (substitution permitted where named plaintiff became affiliated

6  with a law firm that was representing one of the defendants).  Plaintiffs here, on the other hand,

7  have refused to make all but one of the existing named plaintiffs available to be deposed

8  depriving Defendants of a fair opportunity to discover why they no longer seek to participate in

9  this case as class representatives.

10  **III.      Even If The Court Grants Leave to Amend, It Should Order Discovery**

11           Even if the court grants leave to amend, it should order that: (1) outgoing plaintiffs

12  comply with their existing obligations to appear for depositions; and (2) a discovery schedule be

13  implemented to reduce prejudice to Defendants.

14           **A.      The Court Should Order That Named Plaintiffs Appear for Their Depositions**

15           The Court should order that the outgoing plaintiffs appear for depositions, as they

16  are obligated to do.  Defendants asked that these plaintiffs be included in the current deposition

17  schedule, but Plaintiffs refused (with respect to all but two of these plaintiffs, one of whom was

18  later unilaterally removed from the schedule by Plaintiffs) on the basis that they are going to be

19  substituted out of the case.[12]  However, until those plaintiffs have been substituted out by order of

20  this court, they are still named plaintiffs, bound by the rules of discovery.  *Fraley v. Facebook*

21  *Inc.*, Slip Copy, No. C 11-1726, 2012 WL 555071, at *2 (N.D. Cal. Feb. 21, 2012) (denying a

22  motion for a protective order filed by a named plaintiff whose motion to withdraw was pending,

23

24  Nasto's deposition revealed any information relevant to his inadequacy as a named plaintiff,
   Plaintiffs should have disclosed this information in their moving papers.

25  [12]  One of these named plaintiffs (Samuel Nasto) had already been deposed when Plaintiffs
26  indicated that they would seek to swap out certain plaintiffs for new plaintiffs.  The other (Daniel
    Hergert) had his scheduled deposition unilaterally taken off calendar by Plaintiffs' counsel in
27  clear violation of the Order Re Discovery and Case Management Protocol ("Discovery Order"),
    which prohibits scheduled depositions from being taken off calendar in the absence of agreement
28  of the parties' counsel or order of the Special Master or the Court.  Discovery Order at ¶ V.

13

1   reasoning that "[u]ntil the district judge rules on Plaintiffs' motion, Fraley remains a named

2   plaintiff") (alteration added).  Plaintiffs should not be permitted to evade their existing discovery

3   obligations simply by seeking to be dropped from the case without explanation.  *See Funke v. Life*

4   *Fin. Corp.*, No. 99 Civ. 11877, 2003 WL 21182763, at *2 (S.D.N.Y. May 20, 2003) (denying

5   class representative's motion to withdraw in lieu of submitting to deposition previously ordered

6   by the court).  Finally, even if certain plaintiffs are substituted out, their testimony is still relevant

7   to this action and their depositions should still be ordered.  *See Fraley*, 2012 WL 555071, at *3

8   ("the fact that [certain plaintiffs] may soon be dismissed from the lawsuit makes even more

9   relevant [Defendants'] discovery into the basis for [their] allegations that will be a part of the

10  record in this case") (alterations added).

11        **B.      The Court Should Order a Discovery Schedule to Reduce the Prejudice to
                   Defendants**

12

13               In the event that the Court grants leave to amend the complaint, it should order

14  Plaintiffs to produce all relevant, discoverable information for each newly added plaintiff within

15  two days of the order granting leave to amend.  Furthermore, Plaintiffs should be prepared to

16  schedule depositions for the newly added plaintiffs right away, which would at least somewhat

17  mitigate the prejudice suffered by Defendants on account of Plaintiffs' unduly belated Motion.

18  This is consistent with Plaintiffs' representations that discovery will proceed "on an expedited

19  basis" as to the newly added plaintiffs and that these plaintiffs will "be available for deposition on

20  the same schedule as all of the current class representatives."[13]  Mot. at 3.

21

22

23

24

25

26  [13]  Indeed, Plaintiffs have agreed to voluntarily "produce all documents and respond to
    interrogatories" on behalf of the new plaintiffs "immediately" and to "make all of the new

27  plaintiffs available for deposition right away with the goal to have all depositions completed in
    August."  Decl. of Robert J. Gralewski in Support of the Indirect Purchaser Pls.' Notice of Mot.

28  and Mot. to Am. the Compl. at ¶ 8.

DEFENDANTS' OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS'          Case No. 07-5944
MOTION FOR LEAVE TO AMEND THE COMPLAINT                           MDL NO. 1917

1

## <u>CONCLUSION</u>

2           For the foregoing reasons, the Motion should be denied in its entirety, except with

3   respect to Plaintiffs' request to drop their District of Columbia consumer protection claim.

4   DATED:  July 2, 2012                    WINSTON & STRAWN LLP

5                                           By: ___/s/ Aldo A. Badini_____
                                            JEFFREY L. KESSLER (*pro hac vice*)
6                                           E:mail: JKessler@winston.com
                                            A. PAUL VICTOR (*pro hac vice*)
7                                           E:mail: PVictor@winston.com
                                            ALDO A. BADINI (SBN 257086)
8                                           E:mail: ABadini@winston.com
                                            EVA W. COLE (*pro hac vice*)
9                                           E:mail: EWCole@winston.com
                                            MOLLY M. DONOVAN
10                                          E:mail: MMDonovan@winston.com
                                            **WINSTON & STRAWN LLP**
11                                          200 Park Avenue
                                            New York, NY 10166
12                                          Telephone: (212) 294-6700
                                            Facsimile: (212) 294-4700
13
                                            STEVEN A. REISS (*pro hac vice*)
14                                          E-mail: steven.reiss@weil.com
                                            DAVID L. YOHAI (*pro hac vice*)
15                                          E-mail: david.yohai@weil.com
                                            ADAM C. HEMLOCK (*pro hac vice*)
16                                          E-mail: adam.hemlock@weil.com
                                            **WEIL, GOTSHAL & MANGES LLP**
17                                          767 Fifth Avenue
                                            New York, New York 10153-0119
18                                          Telephone: (212) 310-8000
                                            Facsimile: (212) 310-8007
19
                                            *Attorneys for Defendants Panasonic Corporation*
20                                          *(f/k/a Matsushita Electric Industrial Co., Ltd.),*
                                            *Panasonic Corporation of North America, MT*
21                                          *Picture Display Co., Ltd.*

22                                          FRESHFIELDS BRUCKHAUS
                                            DERINGER US LLP
23
                                            By:___/s/ Terry Calvani_____
24                                          TERRY CALVANI (SBN 53260)
                                            E-mail: terry.calvani@freshfields.com
25                                          CHRISTINE LACIAK(*pro hac vice*)
                                            E-mail: christine.laciak@freshfields.com
26                                          RICHARD SNYDER (*pro hac vice*)
                                            E-mail: richard.snyder@freshfields.com
27                                          **FRESHFIELDS BRUCKHAUS DERINGER US**
                                            **LLP**
28                                          701 Pennsylvania Avenue NW, Suite 600

15

Washington, DC  20004
Telephone: (202) 777-4565
Facsimile: (202) 777-4555

*Attorneys for Beijing-Matsushita Color CRT
Company, Ltd.*

MORGAN, LEWIS & BOCKIUS LLP

By:_____/s/ Kent M. Roger_____
KENT M. ROGER (SBN 95987)
E-mail: kroger@morganlewis.com
MICHELLE PARK CHIU (SBN 248421)
E-mail: mchiu@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, California 94105-1126
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

J. CLAYTON EVERETT, JR. (*pro hac vice*)
E-mail: jeverett@morganlewis.com
SCOTT A. STEMPEL (*pro hac vice*)
E-mail: sstempel@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

*Attorneys for Defendants Hitachi, Ltd., Hitachi
Displays, Ltd. (n/k/a Japan Display East, Inc.),
Hitachi Asia, Ltd., Hitachi America, Ltd., and
Hitachi Electronic Devices (USA), Inc.*

ARNOLD & PORTER LLP

By:_____/s/ Sharon D. Mayo_____
SHARON D. MAYO (SBN
150469)sharon.mayo@aporter.com
Three Embarcadero Center, 7th Floor
San Francisco, California  94111-4024
Telephone:  (415) 471-3100
Facsimile:  (415) 471-3400

DOUGLAS L. WALD (*pro hac vice*)
douglas.wald@aporter.com
WILSON D. MUDGE (*pro hac vice*)
wilson.mudge@aporter.com
YONGSANG KIM (*pro hac vice*)
yongsang.kim@aporter.com

16

**ARNOLD & PORTER LLP**
555 Twelfth Street, NW
Washington, DC  20004
Telephone:  (202) 942-5000
Facsimile:  (202) 942-5999

*Attorneys for Defendants LG Electronics, Inc.; LG,*
*LG Electronics USA, Inc.; and LG Electronics*
*Taiwan Taipei Co., Ltd.*

SHEPPARD MULLIN RICHTER & HAMPTON

By:____/s/ Gary L. Halling_____
GARY L. HALLING (SBN 66087)
E-mail: ghalling@sheppardmullin.com
JAMES L. MCGINNIS (SBN 95788)
E-mail: jmcginnis@sheppardmullin.com
MICHAEL W. SCARBOROUGH, (SBN 203524)
E-mail: mscarborough@sheppardmullin.com
**SHEPPARD MULLIN RICHTER & HAMPTON**
Four Embarcadero Center, 17th Floor
San Francisco, California  94111
Telephone:  (415) 434-9100
Facsimile:  (415) 434-3947

*Attorneys for Defendants Samsung SDI America,*
*Inc.; Samsung SDI Co., Ltd.; Samsung SDI*
*(Malaysia) SDN. BHD.; Samsung SDI Mexico S.A.*
*DE C.V.; Samsung SDI Brasil Ltda.; Shenzen*
*Samsung SDI Co., Ltd. and Tianjin Samsung SDI*
*Co., Ltd.*

O'MELVENY & MYERS LLP

By:____/s/ Ian Simmons_____
IAN SIMMONS (*pro hac vice*)
Email: isimmons@omm.com
BEN BRADSHAW (SBN 189925)
Email: bbradshaw@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for Defendants Samsung Electronics Co.,*
*Ltd. and Samsung Electronics America, Inc.*

WHITE & CASE LLP

By:____/s/ Christopher M. Curran_____
CHRISTOPHER M. CURRAN (*pro hac vice*)
E-mail: ccurran@whitecase.com
GEORGE L. PAUL (*pro hac vice*)
E-mail: gpaul@whitecase.com

17

LUCIUS B. LAU (*pro hac vice*)
E-mail: alau@whitecase.com
**WHITE & CASE LLP**
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation,
Toshiba America, Inc., Toshiba America Information
Systems, Inc., Toshiba America Consumer Products,
L.L.C., and Toshiba America Electronic
Components, Inc.*

BAKER BOTTS LLP

By:  ___/s/ Jon V. Swenson_____
Jon V. Swenson (SBN 233054)
620 Hansen Way
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
**BAKER BOTTS LLP**
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips
Electronics N.V. and Philips Electronics North
America Corporation*

---

18