MARIO N. ALIOTO (56433)
LAUREN C. RUSSELL (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA  94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel for Indirect
Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. CV-07-5944-SC |
| | MDL No. 1917 |
| **This Document Relates to:** | **NOTICE OF SERVICE OF SUBPOENAS** |
| **ALL INDIRECT PURCHASER ACTIONS** | |

1   NOTICE IS HEREBY GIVEN that the Indirect Purchaser Plaintiffs in the above-captioned

2   action shall serve subpoenas for production of documents on the following individuals: Patrick

3   Canavan and Jeffrey Johnson.  Subpoenas for the production of documents from these individuals

4   are attached hereto as Exhibits A and B, respectively.

5

6   Dated:  July 3, 2012               By:     */s/ Mario N. Alioto*

7

8                                          Mario N. Alioto (56433)
                                           Lauren C. Russell (241151)
9                                          TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
                                           2280 Union Street
10                                         San Francisco, CA  94123
                                           Telephone: (415) 563-7200
11                                         Facsimile: (415) 346-0679
                                           malioto@tatp.com
12                                         laurenrussell@tatp.com

13                                         *Interim Lead Counsel for Indirect*
                                           *Purchaser Plaintiffs*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        2

# EXHIBIT A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of New York

| | |
|---|---|
| In re Cathode Ray Tube (CRT) Antitrust Litigation | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  3:07-cv-05944-SC, MDL 1917

(If the action is pending in another district, state where:

Northern District of California           )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Patrick Canavan
2801 Long Road; Grand Island, NY 14072

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A.

| Place: IsleChem, LLC<br>2801 Long Road<br>Grand Island, NY 14072 | Date and Time:<br><br>07/18/2012 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  07/03/2012

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____

Indirect-Purchaser Plaintiffs _____ , who issues or requests this subpoena, are:

John D. Bogdanov
Cooper & Kirkham, P.C.
357 Tehama Street, Second Floor; San Francisco, CA 94103; jdb@coopkirk.com; (415) 788-3030 x307

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:07-cv-05944-SC, MDL 1917

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                        *Server's signature*

                                                   _____
                                                        *Printed name and title*

                                                   _____
                                                        *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

### DEFINITIONS

1.       As used herein, "all" also includes "each" and "any," and vice versa.

2.       As used herein, "and" and "or" are to be considered both conjunctively and disjunctively, and "or" is understood to include and encompass "and," and vice versa.

3.       As used herein, "DOCUMENTS" shall have the same meaning and scope of Rule 34(a) of the Federal Rules of Civil Procedure and includes any "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained" as referenced in that Rule.  "Writings" "recordings" and "photographs" shall have the meanings as defined in Rule 1001 of the Federal Rules of Evidence.  "DOCUMENTS" shall include, without limitation, any original and any non-identical copy of every kind of written, printed, typed, recorded, or graphic matter, however produced or reproduced including all correspondence, letters, telegrams, telexes, messages, memoranda, instructions, e-mails, handwritten or recorded notes or oral communications, and all records, schedules, reports, surveys, calculations, transcripts, noted, time cards, personal expense reports, appointment books, calendars, plans, purchase orders, contracts, subcontracts, leases, accounting records, charts of accounts, billing records, invoices, statements, bills, checks, vouchers, certified or other payrolls, ledgers, accounts, drawings, graphs, photographs, video tapes, audio tapes, films, newspapers, data or other compilations, computer indexes, electronic or magnetic media (including disks and tapes), computer printouts, or other tangible things.  "DOCUMENTS" shall further include CD-ROMs; DVDs; data cartridges; removable hard drives and storage devices; flash drives; zip drives; personal digital assistants (such as a Blackberry, Treo, or Palm

Pilot or other similar device); text messages; instant messages; and data stored on cellular phones.

4.      "DOCUMENTS" shall further include all drafts of DOCUMENTS defined above.

5.      As used herein, the terms "COMMUNICATE" or "COMMUNICATION(S)" mean and include every disclosure, transfer, transmittal or exchange of information, whether orally or in writing or otherwise, face-to-face, by telephone, telecopier, mail, personal delivery, electronic mail, telecommunication or otherwise.

6.      As used herein, the term "CRTs" refers to "cathode ray tubes" that are used in televisions and computer monitors.

7.      As used herein, the term "CRT PRODUCTS" refers to products containing CRTs.

8.      As used herein, the term "MEETING" means any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned, arranged, scheduled or not.

9.      As used herein, the term "ANALYSES" includes all reports, memoranda, statistical compilations, slide-presentations, reviews, audits and other types of written, printed, or electronic submissions of information.

10.      As used herein, the term "PHILIPS AFFILIATED ENTITY" means Koninklijke Philips Electronics N.V. a/k/a Royal Philips Electronics N.V. and its past and present parents, subsidiaries, affiliates, joint ventures and agents, including but not limited to Philips Electronics North America Corporation, Philips Electronics Industries,

2

Ltd., Philips Consumer Electronics Co., Philips Electronics Industries (Taiwan), Ltd.,

Philips da Amazonia Industria Electronica Ltda., Philips Mexicana S.A. de C.V., Philips

Components B.V., Philips Display Components S.A.S., Hua Fei Colour Display Systems

Co., Ltd., LP Displays International, Ltd. f/k/a LG.Philips Displays, LG Philips Displays

Netherlands B.V., LG.Philips Displays USA, Inc., LG.Philips Displays Mexico S.A. de

C.V., LG.Philips Displays Taiwan, Ltd., and the predecessors, successors, administrators

and assigns of each of the foregoing.

11.    As used herein, the term "YOU" means you individually in your

role as an employee of any PHILIPS AFFILIATED ENTITY.

12.    As used herein, "DEFENDANTS" means the Defendants LG Electronics,

Inc, LG Electronics U.S.A., Inc., LG Electronics Taiwan Taipei Co., Ltd., Koninklijke

Philips Electronics N.V. a/k/a Royal Philips Electronics N.V., Philips Electronics North

America Corporation, Philips Electronics Industries, Ltd., Philips Consumer Electronics

Co., Philips Electronics Industries (Taiwan), Ltd., Philips da Amazonia Industria

Electronica Ltda., LP Displays International, Ltd. f/k/a LG.Philips Displays, Samsung

Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung SDI Co., Ltd. f/k/a

Samsung Display Device Co., Ltd., Samsung SDI America, Inc., Samsung SDI Mexico

S.A. de C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co. Ltd., Tianjin

Samsung SDI Co., Ltd., Samsung SDI (Malaysia) Sdn. Bhd., Toshiba Corporation,

Toshiba America, Inc., Toshiba America Consumer Products, LLC, Toshiba America

Consumer Products, Inc., Toshiba America Information Systems, Inc., Toshiba America

Electronics Components, Inc., Toshiba Display Devices (Thailand) Company, Ltd.,

Panasonic Corporation, Panasonic Corporation of North America, Panasonic Consumer

Electronics Company, Matsushita Electronic Corporation (Malaysia) Sdn. Bhd., MT

Picture Display Co., Ltd., Beijing-Matsushita Color CRT Company, Ltd., Hitachi, Ltd.,

Hitachi Displays, Ltd., Hitachi Electronic Devices (USA), Inc., Hitachi America, Ltd.,

Hitachi Asia, Ltd., Shenzhen SEG Hitachi Color Display Devices, Ltd., Tatung

Company, Tatung Company of America, Inc., Chunghwa Picture Tubes Ltd., Chunghwa

Picture Tubes (Malaysia) Sdn. Bhd., IRICO Group Corporation, IRICO Display Devices

Co., Ltd., IRICO Group Electronics Co., Ltd., Thai CRT Company, Ltd., Samtel Color,

Ltd., Daewoo International Corporation, and Daewoo Electronics Corporation f/k/a

Daewoo Electronics Company, Ltd., and their employees, officers, directors, agents,

attorneys, affiliates, subsidiaries, joint ventures, successors, predecessors, or any person

acting on their behalf.

13.   Any reference to any individual or entity herein includes all

predecessors or successors in interest of said individual or entity and all principals,

agents, officers, former and current employees, and all other persons acting on behalf of,

or at the direction of, said individual or entity, including, but not limited to, attorneys.

14.   The singular shall be deemed to include the plural and vice versa so as to

bring within the scope of these requests all information that might otherwise be construed

to be outside its scope.

15.   Unless otherwise specified, the relevant time period for these requests is

from January 1, 1995 to the present.

**<u>INSTRUCTIONS</u>**

1.      YOU shall produce all DOCUMENTS in YOUR possession, custody or control that are described in the Requests set forth below.  If DOCUMENTS responsive to the following requests exist in electronic form, they should be produced in native format.

2.      DOCUMENTS attached to each other should not be separated.

3.      DOCUMENTS that are stored electronically or in machine-readable form should be produced in electronic form with sufficient information to allow counsel to readily access or read such data or DOCUMENTS.

4.      In accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, if any DOCUMENT responsive to these Requests is withheld based upon a claim of privilege or trial preparation material, state separately for each such DOCUMENT, in addition to any other information requested:  (a) the nature of the privilege claimed; (b) its date; (c) its author; (d) its addressees, if any; (e) the title or position of its author; (f) the type of document (e.g., letter, memorandum, electronic mail, report, recording disc, etc.); (g) its title and general subject matter (without revealing the information as to which the privilege is claimed); and (h) with sufficient specificity to permit the Court to make a full determination as to whether the claim of privilege is valid, the factual basis on which you claim such privilege.

5.      These requests are deemed to be a continuing Request which requires that you promptly supplement YOUR responses and produce any responsive DOCUMENTS later discovered up to the day of trial.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

All DOCUMENTS concerning each actual or proposed agreement between any PHILIPS AFFILIATED ENTITY and any producer of CRTs and/or CRT PRODUCTS,

including the named DEFENDANTS in this coordinated proceeding, relating to prices, pricing, production or inventory levels of CRTs and/or CRT PRODUCTS during the relevant time period.  Such DOCUMENTS shall specifically include the DOCUMENTS bearing Bates numbers:  PTC-00007651-54; PTC-00007658; PTC-00008547-48; PTC-00008581-82; PTC-00008605-07; PTC-00008608-10; PTC-00008626-28.

**REQUEST NO. 2:**

All DOCUMENTS concerning any meeting or communication between YOU and other producers of CRTs and/or CRT PRODUCTS during the relevant time period, including the named DEFENDANTS in this coordinated proceeding, regarding CRT and/or CRT PRODUCT pricing, price increase amounts, terms or conditions of sales, profit margins, market share, production levels, inventory, customers, auctions, reverse auctions, dynamic bidding events, or sales.  Such DOCUMENTS shall specifically include the DOCUMENTS bearing Bates numbers: PTC-00006605; PTC-00006606-43; PTC-00006644-45; PTC-00006646-49; PTC-00006659-65; PTC-00006664-66; PTC-00006667-70; PTC-000071-72; PTC-00006708-11; PTC-00006715-61; PTC-00006768-83; PTC-00006784-99; PTC-00006800-15; PTC-00006816-31; PTC-00006832-52; PTC-00006853-68; PTC- 00006869-84; PTC-00006885-900; PTC-00006901-21; PTC-00006922-37; PTC-00006938-53; PTC-00006954-61; PTC-00006962-72; PTC-00006973-93; PTC-00006994-99; PTC-0000700010; PTC-00007011-16; PTC-00007017-22; PTC-00007023-28; PTC-00007029-34; PTC00007035-40; PTC-00007041-46; PTC-00007047-52; PTC-00007053-58; PTC-00007059-64; PTC-00007065-70; PTC-00007071-76; PTC-00007077-82; PTC-00007083-103; PTC-00007104109; PTC-00007110-15; PTC-00007116-21; PTC-00007122-27; PTC-

00007128-133; PTC00007134-139; PTC-00007140-45; PTC-00007146-151; PTC-
00007152-67; PTC-00007168-173; PTC-00007174-719; PTC-00007180-85; PTC-
00007186-91; PTC-00007192-97; PTC-00007198203; PTC-00007215-219; PTC-
00007228; PTC-00007231; PTC-00007239; PTC-00007240; PTC-00007241; PTC-
00007242-43; PTC-00007261; PTC-00007292; PTC-00007293; PTC00007296; PTC-
00007299-300; PTC-00007301-03; PTC-00007505-09; PTC-0000751

0; PTC00007511-
13; PTC-00007516-17; PTC-00007519-22; PTC-00007530-31; PTC-00007532;
PTC00007533; PTC-00007534-35; PTC-00007536-42; PTC-00007543-45; PTC-
00007546-49; PTC00007551-52; PTC-00007553-55; PTC-00007556-57; PTC-
00007558; PTC-00007560-61; PTC00007562;  PTC-00007642; PTC-00007643-46;
PTC-00007648-50; PTC-00007651-54; PTC00007655-57; PTC-00007658; PTC-
00007659-63; PTC-00007667-68; PTC-00007671; PTC00007672-73; PTC-00007678-
79; PTC-00007680-84; PTC-00007704-06; PTC-00007946-67; PTC-00007968-8085;
PTC-00008540; PTC-00008541-43; PTC-00008547-48; PTC-0000857677; PTC-
00008581-82; PTC-00008584-85; PTC-00008591; PTC-00008598; PTC-00008605-07;
PTC-00008608-10; PTC-00008612-14; PTC-00008615-19; PTC-00008620-25; PTC-
0000862631; PTC-00008639-40; PTC-00008647; PTC-00008649-51; PTC-00008656;
PTC-00008809; PTC-00008810-12; PTC-00008813; PTC-00008815; PTC-00008819;
PTC-00008820-21; PTC00008822-25; PTC-00008835-36; PTC-00008837-39; PTC-
00008840-42; PTC-00008843-44; PTC-00008959-60; PTC-00008962-64; PTC-
00008965; PTC-00008966-72; PTC-00008973-74; PTC-00008975-77; PTC-00008978-
95; PTC-00008996-9019; PTC-00009020-21; PTC00009022-24; PTC-00009025; PTC-

7

00009026-28; PTC-00009029-30; PTC-00009033-35; PTC00009036; PTC-00009046-48.

**REQUEST NO. 3:**

All DOCUMENTS sent, received, or created by YOU during your employment with any PHILIPS AFFILIATED ENTITY relating to the sales, marketing, distribution, or pricing of CRTs or CRT PRODUCTS.

**REQUEST NO. 4:**

All DOCUMENTS relating to policies, methods, formulas or factors to be used in determining, computing or quoting prices, including rebates or discounts, in connection with any PHILIPS AFFILIATED ENTITY'S sale of CRTs or CRT PRODUCTS.

**REQUEST NO. 5:**

All DOCUMENTS relating to any published prices for CRTs or CRT PRODUCTS during the period January 1, 1991 through the present, including price announcements, price lists, price schedules, price changes, or justifications or explanations of price changes communicated to customers in the United States.

**REQUEST NO. 6:**

All DOCUMENTS relating to any PHILIPS AFFILIATED ENTITY'S cost of manufacturing, marketing, selling, and distributing CRTs and CRT PRODUCTS during the period from January 1, 1991 to the present.

**REQUEST NO. 7:**

All DOCUMENTS and ELECTRONIC DATA relating to the relationship

between prices for any PHILIPS AFFILIATED ENTITY'S CRTs or CRT PRODUCTS

and costs of producing, marketing, selling, or distributing CRTs or CRT PRODUCTS

during the period January 1, 1991 through the present.

**REQUEST NO. 8:**

　　　All business plans, planning analyses, budgets, forecasts, or sales or profit

projections relating to any PHILIPS AFFILIATED ENTITY'S CRTs or CRT

PRODUCTS.

**REQUEST NO. 9:**

　　　All DOCUMENTS that compare or contrast each type, class or category

of CRTs or CRT PRODUCTS produced or sold by any PHILIPS AFFILIATED ENTITY

with that of another producer or seller of CRTs or CRT PRODUCTS and all

DOCUMENTS that relate to any industry standards regarding types, classes or categories

of CRTs or CRT PRODUCTS.

**REQUEST NO. 10:**

　　　All DOCUMENTS showing sales and/or market data for the sale of CRTs or CRT

PRODUCTS by any PHILIPS AFFILIATED ENTITY.

**REQUEST NO. 11:**

　　　All copies of electronic and manual diaries, calendars, appointment books,

"to do" lists, day timers or appointment notes relating to the period of time that YOU

were employed by any PHILIPS AFFILIATED ENTITY.

**REQUEST NO. 12:**

All copies of trip and travel logs, expense reports, records or other supporting documents relating to the period of time that YOU were employed by any PHILIPS AFFILIATED ENTITY.

**REQUEST NO. 13:**

All copies of telephone number logs, directories, notebooks, Rolodex cards or related materials maintained by YOU during YOUR employment with any PHILIPS AFFILIATED ENTITY.

**REQUEST NO. 14:**

All DOCUMENTS relating to membership in any trade association or industry group.

**REQUEST NO. 15:**

All DOCUMENTS relating to meetings of each trade association and each of its committees or subcommittees relating to CRTs or CRT PRODUCTS attended by YOU and any other manufacturer of CRTs or CRT PRODUCTS, including DOCUMENTS identifying the dates of attendance and the subject matter(s) discussed.

**REQUEST NO. 16:**

All DOCUMENTS relating to, prepared for, submitted to, or received from any foreign governmental or legislative body, including the Canadian Competition Bureau, the European Commission, the Hungarian Competition Authority, the Japanese Fair Trade Commission, the Korean Fair Trade Commission, or any agency or representative body of any foreign country, state or other political subdivision, or any law enforcement agency, authority or commission in any foreign country, relating to the production, sale, marketing, pricing or distribution of CRTs or CRT PRODUCTS.  This

10

request includes all DOCUMENTS relating to proffers, transcripts, notes, summaries, testimony, witness statements, or responses to requests for information that you produced to any foreign governmental agency or foreign grand jury, including any DOCUMENTS produced as part of any plea bargain negotiations or in connection with any application for or grant of amnesty or leniency.

**REQUEST NO. 17:**

All DOCUMENTS relating to proffers, transcripts, notes, summaries, testimony, witness statements, or responses to requests for information that you produced or were seized by any foreign governmental agency in Canada, the European Union, India, Hong Kong, Hungary, Thailand, Malaysia, Indonesia, Korea, Japan, Singapore, China or Taiwan.

**REQUEST NO. 18:**

All DOCUMENTS relating to, prepared for, submitted to, or received by YOU as a result of any investigation or research conducted either internally or by an outside entity with respect to price fixing, price manipulation or manipulation of production or capacity of CRTs or CRT PRODUCTS.

**REQUEST NO. 19:**

All DOCUMENTS and electronic data that relate to the relationship between the sale price of CRT PRODUCTS and the cost of CRTs and/or any other component of CRT PRODUCTS.

EXHIBIT B

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Michigan

| | | |
|---|---|---|
| In re Cathode Ray Tube (CRT) Antitrust Litigation | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:07-cv-05944-SC, MDL 1917 |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of California        ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Jeffrey Johnson
     13800 Lake Drive; Monroe, MI 48161

    ☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

        See Attachment A.

| Place:  13800 Lake Drive<br>       Monroe, MI 48161 | Date and Time:<br><br>    07/18/2012 9:00 am |
|---|---|

    ❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    07/03/2012

          *CLERK OF COURT*
                                       OR

        _____          _____
           *Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Indirect-Purchaser Plaintiffs _____ , who issues or requests this subpoena, are:
John D. Bogdanov
Cooper & Kirkham, P.C.
357 Tehama Street, Second Floor; San Francisco, CA 94103; jdb@coopkirk.com; (415) 788-3030 x307

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:07-cv-05944-SC, MDL 1917

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____

                                                    *Server's signature*

                               _____

                                                    *Printed name and title*

                               _____

                                                    *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

   **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

   **(i)** fails to allow a reasonable time to comply;

   **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

   **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

   **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

   **(i)** expressly make the claim; and

   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

## DEFINITIONS

1.      As used herein, "all" also includes "each" and "any," and vice versa.

2.      As used herein, "and" and "or" are to be considered both conjunctively and disjunctively, and "or" is understood to include and encompass "and," and vice versa.

3.      As used herein, "DOCUMENTS" shall have the same meaning and scope of Rule 34(a) of the Federal Rules of Civil Procedure and includes any "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained" as referenced in that Rule. "Writings" "recordings" and "photographs" shall have the meanings as defined in Rule 1001 of the Federal Rules of Evidence. "DOCUMENTS" shall include, without limitation, any original and any non-identical copy of every kind of written, printed, typed, recorded, or graphic matter, however produced or reproduced including all correspondence, letters, telegrams, telexes, messages, memoranda, instructions, e-mails, handwritten or recorded notes or oral communications, and all records, schedules, reports, surveys, calculations, transcripts, noted, time cards, personal expense reports, appointment books, calendars, plans, purchase orders, contracts, subcontracts, leases, accounting records, charts of accounts, billing records, invoices, statements, bills, checks, vouchers, certified or other payrolls, ledgers, accounts, drawings, graphs, photographs, video tapes, audio tapes, films, newspapers, data or other compilations, computer indexes, electronic or magnetic media (including disks and tapes), computer printouts, or other tangible things. "DOCUMENTS" shall further include CD-ROMs; DVDs; data cartridges; removable hard drives and storage devices; flash drives; zip drives; personal digital assistants (such as a Blackberry, Treo, or Palm

Pilot or other similar device); text messages; instant messages; and data stored on cellular phones.

4.      "DOCUMENTS" shall further include all drafts of DOCUMENTS defined above.

5.      As used herein, the terms "COMMUNICATE" or "COMMUNICATION(S)" mean and include every disclosure, transfer, transmittal or exchange of information, whether orally or in writing or otherwise, face-to-face, by telephone, telecopier, mail, personal delivery, electronic mail, telecommunication or otherwise.

6.      As used herein, the term "CRTs" refers to "cathode ray tubes" that are used in televisions and computer monitors.

7.      As used herein, the term "CRT PRODUCTS" refers to products containing CRTs.

8.      As used herein, the term "MEETING" means any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned, arranged, scheduled or not.

9.      As used herein, the term "ANALYSES" includes all reports, memoranda, statistical compilations, slide-presentations, reviews, audits and other types of written, printed, or electronic submissions of information.

10.      As used herein, the term "PHILIPS AFFILIATED ENTITY" means Koninklijke Philips Electronics N.V. a/k/a Royal Philips Electronics N.V. and its past and present parents, subsidiaries, affiliates, joint ventures and agents, including but not limited to Philips Electronics North America Corporation, Philips Electronics Industries, Ltd., Philips Consumer Electronics Co., Philips Electronics Industries (Taiwan), Ltd.,

Philips da Amazonia Industria Electronica Ltda., Philips Mexicana S.A. de C.V., Philips Components B.V., Philips Display Components S.A.S., Hua Fei Colour Display Systems Co., Ltd., LP Displays International, Ltd. f/k/a LG.Philips Displays, LG Philips Displays Netherlands B.V., LG.Philips Displays USA, Inc., LG.Philips Displays Mexico S.A. de C.V., LG.Philips Displays Taiwan, Ltd., and the predecessors, successors, administrators and assigns of each of the foregoing.

11.    As used herein, the term "YOU" means you individually in your role as an employee of any PHILIPS AFFILIATED ENTITY.

12.    As used herein, "DEFENDANTS" means the Defendants LG Electronics, Inc, LG Electronics U.S.A., Inc., LG Electronics Taiwan Taipei Co., Ltd., Koninklijke Philips Electronics N.V. a/k/a Royal Philips Electronics N.V., Philips Electronics North America Corporation, Philips Electronics Industries, Ltd., Philips Consumer Electronics Co., Philips Electronics Industries (Taiwan), Ltd., Philips da Amazonia Industria Electronica Ltda., LP Displays International, Ltd. f/k/a LG.Philips Displays, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung SDI Co., Ltd. f/k/a Samsung Display Device Co., Ltd., Samsung SDI America, Inc., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co. Ltd., Tianjin Samsung SDI Co., Ltd., Samsung SDI (Malaysia) Sdn. Bhd., Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, LLC, Toshiba America Consumer Products, Inc., Toshiba America Information Systems, Inc., Toshiba America Electronics Components, Inc., Toshiba Display Devices (Thailand) Company, Ltd., Panasonic Corporation, Panasonic Corporation of North America, Panasonic Consumer Electronics Company, Matsushita Electronic Corporation (Malaysia) Sdn Bhd., MT

Picture Display Co., Ltd., Beijing-Matsushita Color CRT Company, Ltd., Hitachi, Ltd.,

Hitachi Displays, Ltd., Hitachi Electronic Devices (USA), Inc., Hitachi America, Ltd.,

Hitachi Asia, Ltd., Shenzhen SEG Hitachi Color Display Devices, Ltd., Tatung

Company, Tatung Company of America, Inc., Chunghwa Picture Tubes Ltd., Chunghwa

Picture Tubes (Malaysia) Sdn. Bhd., IRICO Group Corporation, IRICO Display Devices

Co., Ltd., IRICO Group Electronics Co., Ltd., Thai CRT Company, Ltd., Samtel Color,

Ltd., Daewoo International Corporation, and Daewoo Electronics Corporation f/k/a

Daewoo Electronics Company, Ltd., and their employees, officers, directors, agents,

attorneys, affiliates, subsidiaries, joint ventures, successors, predecessors, or any person

acting on their behalf.

13.     Any reference to any individual or entity herein includes all

predecessors or successors in interest of said individual or entity and all principals,

agents, officers, former and current employees, and all other persons acting on behalf of,

or at the direction of, said individual or entity, including, but not limited to, attorneys.

14.     The singular shall be deemed to include the plural and vice versa so as to

bring within the scope of these requests all information that might otherwise be construed

to be outside its scope.

15.     Unless otherwise specified, the relevant time period for these requests is

from January 1, 1995 to the present.

## **INSTRUCTIONS**

1.     YOU shall produce all DOCUMENTS in YOUR possession, custody or

control that are described in the Requests set forth below.  If DOCUMENTS responsive

to the following requests exist in electronic form, they should be produced in native format.

      2.     DOCUMENTS attached to each other should not be separated.

      3.     DOCUMENTS that are stored electronically or in machine-readable form should be produced in electronic form with sufficient information to allow counsel to readily access or read such data or DOCUMENTS.

      4.     In accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, if any DOCUMENT responsive to these Requests is withheld based upon a claim of privilege or trial preparation material, state separately for each such DOCUMENT, in addition to any other information requested:  (a) the nature of the privilege claimed; (b) its date; (c) its author; (d) its addressees, if any; (e) the title or position of its author; (f) the type of DOCUMENT (e.g., letter, memorandum, electronic mail, report, recording disc, etc.); (g) its title and general subject matter (without revealing the information as to which the privilege is claimed); and (h) with sufficient specificity to permit the Court to make a full determination as to whether the claim of privilege is valid, the factual basis on which you claim such privilege.

      5.     These requests are deemed to be a continuing Request which requires that you promptly supplement YOUR responses and produce any responsive DOCUMENTS later discovered up to the day of trial.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

      All DOCUMENTS concerning each actual or proposed agreement between any PHILIPS AFFILIATED ENTITY and any producer of CRTs and/or CRT PRODUCTS, including the named DEFENDANTS in this coordinated proceeding, relating to prices, pricing, production or inventory levels of CRTs and/or CRT PRODUCTS during the

relevant time period.  Such DOCUMENTS shall specifically include the DOCUMENTS

bearing Bates numbers:  JLJ-00002610-13; JLJ00003528-31; JLJ-00003595-601; JLJ-

00003631-36; JLJ-00003657-62; JLJ-00003667-72.

**REQUEST NO. 2:**

   All DOCUMENTS concerning any meeting or communication between YOU and

other producers of CRTs and/or CRT PRODUCTS during the relevant time period,

including the named DEFENDANTS in this coordinated proceeding, regarding CRT

and/or CRT PRODUCT pricing, price increase amounts, terms or conditions of sales,

profit margins, market share, production levels, inventory, customers, auctions, reverse

auctions, dynamic bidding events, or sales.  Such DOCUMENTS shall specifically

include the DOCUMENTS bearing bates numbers: JLJ-00002593; JLJ-00002594; JLJ-

00002595; JLJ-00002596; JLJ-00002597; JLJ-00002598; JLJ-00002599-600; JLJ-

00002601; JLJ-00002602; JLJ-00002607; JLJ-00002608; JLJ-00002609; JLJ-00002610-

13; JLJ-00002614; JLJ-00002649; JLJ-00002650; JLJ-00002653-54; JLJ-00002658-65;

JLJ-00002767-72; JLJ-00002852; JLJ-00003461; JLJ00003478; JLJ-00003479; JLJ-

00003480-81; JLJ-00003482; JLJ-00003483; JLJ-00003485-500;  JLJ-00003503; JLJ-

00003504-13; JLJ-00003514-15; JLJ-00003516-19; JLJ-00003522; JLJ00003523; JLJ-

00003526-27; JLJ-00003528-31; JLJ-00003595-601; JLJ-00003602; JLJ00003607; JLJ-

00003631-36; JLJ-00003657-62; JLJ-00003667-72; JLJ-00003700; JLJ00003702; JLJ-

00003703-04; JLJ-00003705; JLJ-00003711; JLJ-00003719; JLJ-00003723;

JLJ00003768; JLJ-00003778; JLJ-00003793-94; JLJ-00003796; JLJ-00003797; JLJ-

00003809; JLJ00003811; JLJ-00003814; JLJ-00003815; JLJ-00003816; JLJ-00003817;

JLJ-00003823-24; JLJ00003898; JLJ-00003899; JLJ-00003902; JLJ-00003905; JLJ-

00003906; JLJ-00003907; JLJ00003910; JLJ-00004098; JLJ-00004494-95; JLJ-00004496-97; JLJ-00004498; JLJ-00004499; JLJ-00004500; JLJ-00004501; JLJ-00004502-03; JLJ-00004506; JLJ-00004512-13; JLJ00004514-15.

**REQUEST NO. 3:**

All DOCUMENTS sent, received, or created by YOU during your employment with any PHILIPS AFFILIATED ENTITY relating to the production, sales, marketing, distribution, or pricing of CRTs or CRT PRODUCTS.

**REQUEST NO. 4:**

All DOCUMENTS relating to policies, methods, formulas or factors to be used in determining, computing or quoting prices, including rebates or discounts, in connection with any PHILIPS AFFILIATED ENTITY'S sale of CRTs or CRT PRODUCTS.

**REQUEST NO. 5:**

All DOCUMENTS relating to any published prices for CRTs or CRT PRODUCTS during the period January 1, 1991 through the present, including price announcements, price lists, price schedules, price changes, or justifications or explanations of price changes communicated to customers in the United States.

**REQUEST NO. 6:**

All DOCUMENTS relating to any PHILIPS AFFILIATED ENTITY'S cost of manufacturing, marketing, selling, and distributing CRTs and CRT PRODUCTS during the period from January 1, 1991 to the present.

**REQUEST NO. 7:**

All DOCUMENTS and electronic data relating to the relationship between

prices for any PHILIPS AFFILIATED ENTITY'S CRTs or CRT PRODUCTS and costs of producing, marketing, selling, or distributing CRTs or CRT PRODUCTS during the period January 1, 1991 through the present.

**REQUEST NO. 8:**

All business plans, planning analyses, budgets, forecasts, or sales or profit projections relating to any PHILIPS AFFILIATED ENTITY'S CRTs or CRT PRODUCTS.

**REQUEST NO. 9:**

All DOCUMENTS that compare or contrast each type, class or category of CRTs or CRT PRODUCTS produced or sold by any PHILIPS AFFILIATED ENTITY with that of another producer or seller of CRTs or CRT PRODUCTS and all DOCUMENTS that relate to any industry standards regarding types, classes or categories of CRTs or CRT PRODUCTS.

**REQUEST NO. 10:**

All DOCUMENTS showing sales and/or market data for the sale of CRTs or CRT PRODUCTS by any PHILIPS AFFILIATED ENTITY.

**REQUEST NO. 11:**

All copies of electronic and manual diaries, calendars, appointment books, "to do" lists, day timers or appointment notes relating to the period of time that YOU were employed by any PHILIPS AFFILIATED ENTITY.

**REQUEST NO. 12:**

All copies of trip and travel logs, expense reports, records or other supporting

DOCUMENTS relating to the period of time that YOU were employed by any PHILIPS AFFILIATED ENTITY.

**REQUEST NO. 13:**

All copies of telephone number logs, directories, notebooks, Rolodex cards or related materials maintained by YOU during YOUR employment with any PHILIPS AFFILIATED ENTITY.

**REQUEST NO. 14:**

All DOCUMENTS relating to membership in any trade association or industry group.

**REQUEST NO. 15:**

All DOCUMENTS relating to meetings of each trade association and each of its committees or subcommittees relating to CRTs or CRT PRODUCTS attended by YOU and any other manufacturer of CRTs or CRT PRODUCTS, including DOCUMENTS identifying the dates of attendance and the subject matter(s) discussed.

**REQUEST NO. 16:**

All DOCUMENTS relating to, prepared for, submitted to, or received from any foreign governmental or legislative body, including the Canadian Competition Bureau, the European Commission, the Hungarian Competition Authority, the Japanese Fair Trade Commission, the Korean Fair Trade Commission, or any agency or representative body of any foreign country, state or other political subdivision, or any law enforcement agency, authority or commission in any foreign country, relating to the production, sale, marketing, pricing or distribution of CRTs or CRT PRODUCTS. This request includes all DOCUMENTS relating to proffers, transcripts, notes, summaries,

testimony, witness statements, or responses to requests for information that you produced

to any foreign governmental agency or foreign grand jury, including any DOCUMENTS

produced as part of any plea bargain negotiations or in connection with any application

for or grant of amnesty or leniency.

**REQUEST NO. 17:**

All DOCUMENTS relating to proffers, transcripts, notes, summaries,

testimony, witness statements, or responses to requests for information that you produced

or were seized by any foreign governmental agency in Canada, the European Union,

India, Hong Kong, Hungary, Thailand, Malaysia, Indonesia, Korea, Japan, Singapore,

China or Taiwan.

**REQUEST NO. 18:**

All DOCUMENTS relating to, prepared for, submitted to, or received by

YOU as a result of any investigation or research conducted either internally or by an

outside entity with respect to price fixing, price manipulation or manipulation of

production or capacity of CRTs or CRT PRODUCTS.

**REQUEST NO. 19:**

All DOCUMENTS and electronic data that relate to the relationship

between the sale price of CRT Products and the cost of CRTs and/or any other

component of CRT PRODUCTS.