MORGAN, LEWIS & BOCKIUS LLP
KENT M. ROGER, State Bar No. 095987
MICHELLE PARK CHIU, State Bar No. 248421
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:  415.442.1000
Fax:  415.442.1001
E-mail:      kroger@morganlewis.com
                 mchiu@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
SCOTT A. STEMPEL (*pro hac vice*)
J. CLAYTON EVERETT (*pro hac vice*)
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: 202.739.3000
Fax: 202.739.3001
E-mail:      sstempel@morganlewis.com
                 jeverett@morganlewis.com

Attorneys for Defendants
HITACHI, LTD., HITACHI AMERICA, LTD., HITACHI
ELECTRONIC DEVICES (USA), INC. AND HITACHI
DISPLAYS, LTD. (n/k/a JAPAN DISPLAY EAST, INC.)

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF FLORIDA,<br><br>               Plaintiff,<br><br>     v.<br><br>LG ELECTRONICS, INC., et al.,<br><br>              Defendants. | Master File No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>Individual Case No. 11-cv-06205 SC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE STATE OF FLORIDA'S COMPLAINT**<br><br>Date: September 5, 2012<br>Time: 10:00 a.m.<br>Location: JAMS, Two Embarcadero Center, Suite 1500<br>Judge:  Hon. Samuel Conti<br>Special Master: Hon. Charles A. Legge (Ret.) |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23247753.10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 5, 2012, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Charles A. Legge (Ret.) at the office of JAMS, Two Embarcadero Center, Suite 1500, San Francisco, California, the defendants listed in the signature blocks below ("Defendants") will and hereby do move the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an Order dismissing the Complaint of the State of Florida ("Florida") because: (1) Florida's claims under the Florida Antitrust Act and Florida Deceptive and Unfair Trade Practices Act are barred by the applicable statutes of limitations; (2) Florida may not assert Florida state law claims based on out-of-state purchases; and (3) Florida may not assert federal antitrust law and Florida Antitrust Act damages claims based on indirect purchases.

This motion is based upon this Notice of Motion; the following Memorandum of Points and Authorities; argument of counsel; and such other matters as the Court may consider.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Master File No. 3:07-cv-05944-SC
MDL No. 1917

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FLORIDA COMPLAINT

# TABLE OF CONTENTS

**Page**

I.     ISSUES TO BE DECIDED ............................................................. 1

II.    INTRODUCTION ....................................................................... 1

III.   FACTUAL BACKGROUND ......................................................... 2

IV.   ARGUMENT ............................................................................. 2

     A.     FLORIDA'S CLAIMS BROUGHT UNDER THE FLORIDA ANTITRUST ACT AND FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT SHOULD BE DISMISSED AS UNTIMELY. ........ 2

           1.     Florida's FAA And FDUTPA Claims Are Untimely. ............................... 3

           2.     Neither Fraudulent Concealment Nor Class Action Tolling Applies. ........ 4

                 a.     Fraudulent concealment and class action tolling are not recognized tolling doctrines under Florida law ............................ 4

                 b.     "Fraudulent concealment" would not save Florida's claims even if it were a recognized tolling doctrine in Florida. ................ 5

                 c.     Florida is excluded from the IPP and DPP putative classes ........... 6

                 d.     Florida's FAA claims were not tolled by the DPP Complaint ....... 7

     B.     THE FAA CLAIMS SHOULD BE DISMISSED FOR FAILURE TO ALLEGE THAT THE RELEVANT PURCHASES OCCURRED IN FLORIDA. ........................................................................... 8

     C.     FLORIDA'S SHERMAN ACT AND FAA CLAIMS BASED ON PURCHASES OF CRT FINISHED PRODUCTS ARE BARRED BY THE ILLINOIS BRICK DIRECT PURCHASER RULE. .............................. 9

V.     CONCLUSION ......................................................................... 10

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Albano v. Shea Homes Ltd. Partnership*,
634 F.3d 524 (9th Cir. 2011) .................................................................................. 5

*Allstate Ins. Co. v. Hague*,
449 U.S. 302 (1981) ................................................................................................ 10

*Am. Pipe & Constr. Co. v. Utah*,
414 U.S. 538 (1974) .................................................................................................. 7

*Amis v. Gulf Abstract & Title, Inc.*,
564 F.Supp. 1121 (M.D. Fla. 1983) ..................................................................... 3, 4

*AT&T Mobility LLC v. AU Optronics Corp.*,
No. C 09-4997, 2010 WL 2609434 (N.D. Cal. June 28, 2010) ............................ 11

*Black Diamond Properties, Inc. v. Haines*,
69 So.3d 1090 (Fla. Dist. Ct. App. 2011) .............................................................. 7

*Clemens v. DaimlerChrysler Corp.*,
534 F.3d 1017 (9th Cir. 2008) ................................................................................. 9

*Crown Cork & Seal Co. v. Parker*,
462 U.S. 345 (1983) .................................................................................................. 7

*Del Sontro v. Cendant Corp.*,
223 F. Supp. 2d 563 (D.N.J. 2002) ......................................................................... 8

*Del. Valley Surgical Supply Inc. v. Johnson & Johnson*,
523 F.3d 1116 (9th Cir. 2008) ............................................................................... 12

*Doe v. Cutter Biological*,
813 F.Supp. 1547 (M.D. Fla. 1993) ....................................................................... 6

*Guaranty Trust Co. of New York v. York*,
326 U.S. 99 (1945) .................................................................................................... 4

*HCA Health Services of Florida, Inc. v. Hillman*,
906 So. 2d 1094 (Fla. Dist. Ct. App. 2004) ........................................................... 9

*In re Fosamax Prod. Liab. Litig.*,
694 F. Supp. 2d 253 (S.D.N.Y. 2010) .................................................................... 9

*In re Graphics Processing Units Antitrust Litig.*,
527 F. Supp. 2d 1011 (N.D. Cal. 2007) ............................................................... 11

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
No. 07-1827, 2010 WL 2610641 (N.D. Cal. June 28, 2010) ................................ 10

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

# TABLE OF AUTHORITIES
### (continued)

Page(s)

*In re Vertrue Mktg. & Sales Practice Litig.*,
   712 F. Supp. 2d 703 (N.D. Ohio 2010) ............................................................................ 8, 9

*In re Vitamins Antitrust Litig.*,
   No. 99-197 (TFH), 2000 WL 33975412 (D.D.C. Oct. 26, 2000) ........................................ 5

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
   No. 07-cv-05944, Dkt No. 1221 (N.D. Cal. May 31, 2012) .............................................. 12

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
   No. 07-cv-5944 (N.D. Cal. Dec. 11, 2010) ...................................................................... 8

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
   No. 07-cv-5944 (N.D. Cal. Mar. 16, 2009) ................................................................... 8, 9

*In re Rezulin Prods. Liab. Litig.*,
   No. 00-CIV-2843, 2006 WL 695253 (S.D.N.Y. March 15, 2006) ....................................... 5

*Justice v. United States*,
   6 F.3d 1474 (11th Cir. 1993) ........................................................................................ 7

*Kansas v. UtiliCorp United, Inc.*
   497 U.S. 199 (1990) .................................................................................................. 12

*Nokia, Inc. v. AU Optronics Corp.*,
   No. C 09-5609, 2010 WL 2629728 (N.D. Cal. June 29, 2010) ......................................... 10

*Oce Printing Systems USA, Inc. v. Mailers Data Services, Inc.*
   760 So. 2d 1037 (Fla. Dist. Ct. App. 2000) ................................................................... 9

*Pecover v. Elec. Arts Inc.*,
   633 F. Supp. 2d 976 (N.D. Cal. 2009) .......................................................................... 11

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
   442 F.3d 741 (9th Cir. 2006) ........................................................................................ 6

*Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Co.*,
   184 F.R.D. 674 (M.D. Fla. 1999) .................................................................................. 5

*Sundance Apartments I, Inc. v. Gen. Elec. Capital Corp.*,
   581 F. Supp.2d 1215 (S.D. Fla. 2008) ........................................................................... 3

*Swartzman v. Harlan*,
   535 So.2d 605 (Fla. Dist. Ct. App. 1998) ....................................................................... 5

*Technical Packaging, Inc. v. UCB Films, Inc.*,
   No. 8:03-cv-714, 2004 WL 5639769 (M.D. Fla. Dec. 21, 2004) ....................................... 6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FLORIDA COMPLAINT

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Wade v. Danek Medical, Inc.*,
    182 F.3d 281 (4th Cir. 1999)..................................................................... 9

*Watson v. Paul Revere Life Ins. Co.*,
    No. 11-21492-CIV, 2011 WL 5025120 (S.D. Fla. Oct. 21, 2011) ........................... 3

*Williams v. Boeing Co.*,
    517 F.3d 1120 (9th Cir. 2008).................................................................... 9

STATUTES

Fla. Stat. § 542.18 ...................................................................................... 9

Fla. Stat. § 542.26(1) .................................................................................. 3

Fla. Stat. § 95.051(1) ............................................................................... 4, 5

Fla. Stat. § 95.051(2) .................................................................................. 5

Fla. Stat. §§ 501.201, *et seq*. ...................................................................... 2

Fla. Stat. § 501.207(5) ................................................................................. 3

Fla. Stat. § 542.18 ...................................................................................... 2

OTHER AUTHORITIES

Rule 12(b)(6) of the Federal Rules of Civil Procedure ............................................ 1, 3

iv

### MEMORANDUM OF POINTS & AUTHORITIES

## I.   ISSUES TO BE DECIDED

1.      Whether Florida's claims under the Florida Antitrust Act ("FAA") and Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") are barred by the applicable statute of limitations.

2.      Whether Florida's claims under the FAA should be dismissed to the extent such claims are based on out-of-state purchases.

3.      Whether Florida's claims for damages under the Sherman Act and the FAA should be dismissed to the extent they seek to recover for indirect purchases of CRT products.

## II.   INTRODUCTION

Florida's Complaint ("Complaint") asserts federal and state law claims that are deficient as a matter of law and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for the following reasons:

*First*, Florida's claims under the FAA and FDUTPA should be dismissed because they are time-barred under the applicable statutes of limitations.  The FAA and FDUTPA each provide for a four-year limitations period.  At the very latest, Florida's claims accrued in November 2007. The Complaint was filed on December 9, 2011, more than four years after the last claims asserted in the Complaint allegedly accrued.  No tolling doctrine applies, and those untimely claims should be dismissed.

*Second*, to comport with due process for its state law claims, Florida must be able to allege that the transaction giving rise to the litigation – the purchase of allegedly price-fixed goods – occurred in Florida.  Here, Florida seeks recovery for purchases made by other entities based on claim assignments those entities executed in favor of Florida.  Certain of the entities are identified in the Complaint, but none of those entities is based in Florida, and there are no allegations that the purchases underlying their assigned claims were made in Florida.  Florida's state law claims based on purchases made outside Florida should be dismissed.

*Third*, Florida's damages claims under the Sherman Act and the FAA based on purchases

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FLORIDA COMPLAINT

1   of finished CRT products should be dismissed for lack of antitrust standing.  Florida alleges a

2   conspiracy to fix prices of *CRT tubes*; any purchases of *CRT finished products* are "indirect

3   purchases" that cannot form the basis for recovery under either the Sherman Act or the FAA.

4   **III.**   **FACTUAL BACKGROUND**

5        On December 9, 2011, Florida filed a lawsuit to recover damages it allegedly suffered as a

6   result of Defendants' alleged participation in a conspiracy to "suppress and eliminate competition

7   by fixing the prices of Cathode Ray Tubes (CRTs) and by agreeing to limit the production of

8   CRTs," which Florida asserts continued "from at least March 1, 1995 through at least November

9   25, 2007."  (Compl. ¶¶ 2, 89.)

10        Florida asserts three causes of action under federal and state laws.  First, Florida seeks to

11   recover damages under Section 1 of the Sherman Act on behalf of certain entities that assigned

12   their claims-based purchases of both CRTs and CRT finished products.  (Compl. ¶¶ 156-160.)

13   Second, it seeks to recover damages under the FAA, Fla. Stat. § 542.18 on behalf of the same

14   Assignors.  (Compl. ¶¶ 161-166.)  Finally, it seeks to recover damages under FDUTPA, Fla. Stat.

15   §§ 501.201, *et seq*. on behalf of direct and indirect purchases of CRTs and CRT finished products

16   by governmental entities, businesses and individual consumers in Florida.  (Compl.  ¶¶ 167-170.)

17        The Complaint admits that Florida was aware of the factual basis for its claims when the

18   class action lawsuits were filed against Defendants in November 2007.  (Compl. ¶ 144.)  The

19   Complaint alleges that the Defendants "fraudulently concealed" the facts underlying Florida's

20   claims (Compl. ¶ 147) and that the class actions "tolled" its claims (Compl. ¶ 146) in an effort to

21   justify its more than four year delay in filing this lawsuit after admittedly being on notice of its

22   claims.

23   **IV.**   **ARGUMENT**

24        **A.**   **FLORIDA'S CLAIMS BROUGHT UNDER THE FLORIDA ANTITRUST**
           **ACT AND FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES**
25           **ACT SHOULD BE DISMISSED AS UNTIMELY.**

26        Florida's claims under the Florida Antitrust Act ("FAA"), Fla. Stat. § 542.15 *et seq*., and

27   the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 *et seq*.,

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FLORIDA COMPLAINT

1    are barred by the four-year statute of limitations applicable to those claims.  Without an applicable

2    tolling doctrine, Florida's ability to make these claims expired in November 2011, four years after

3    the latest date of injury claimed by Florida in the Complaint.  *See, e.g.,* Compl. ¶¶ 8f, 89.  Florida

4    did not bring this action until December 9, 2011.  "Dismissal of a claim on statute of limitations

5    grounds is proper under Rule 12(b)(6) if it is apparent from the face of the complaint that the

6    claim is time-barred." *Watson v. Paul Revere Life Ins. Co.*, No. 11-21492-CIV, 2011 WL

7    5025120, at *3 (S.D. Fla. Oct. 21, 2011), *citing Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d

8    1275, 1288 (11th Cir. 2005).

9    **1.    Florida's FAA And FDUTPA Claims Are Untimely.**

10         Florida's FAA and FDUTPA claims are each subject to four-year statute of limitations

11   periods.  *See* Fla. Stat. § 542.26(1); Fla. Stat. § 501.207(5); *Sundance Apartments I, Inc. v. Gen.*

12   *Elec. Capital Corp.*, 581 F. Supp.2d 1215, 1223 (S.D. Fla. 2008).  Claims filed more than four

13   years after they accrued are therefore untimely and subject to dismissal.

14         Under FDUTPA, a cause of action accrues on the date of the alleged injury.  *See* Fla. Stat.

15   § 501.207(5).  Similarly, a cause of action under the FAA accrues when the alleged conspiracy

16   has an impact on the plaintiff.  *See Amis v. Gulf Abstract & Title, Inc.*, 564 F.Supp. 1121, 1125

17   (M.D. Fla. 1983) ("[I]f a plaintiff feels the adverse impact of an antitrust conspiracy on a

18   particular date, a cause of action immediately accrues to him…" (quoting *Zenith Radio Corp. v.*

19   *Hazeltine Research, Inc.*, 401 U.S. 321, 339 (1971)); *Id.* at n.2 ("Florida applies the same period

20   to its private antitrust action as the federal statute.").  Florida's FAA and FDUTPA claims accrued

21   when CRTs or CRT finished products were purchased "allegedly at artificially inflated levels."

22   (Compl. ¶ 89.)  Florida seeks damages for purchases of CRTs and CRT products from March 1,

23   1995 through November 25, 2007.  *Id.*  Therefore, the last date upon which Florida's claims are

24   based must be no later than November 2007.

25         Florida filed suit on December 9, 2011, more than four years after the last date upon

26   which its claims are based.  Its claims under the FAA and FDUTPA are therefore untimely, and

27   must be dismissed.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FLORIDA COMPLAINT

**2.** **Neither Fraudulent Concealment Nor Class Action Tolling Applies.**

**a.** **Fraudulent concealment and class action tolling are not recognized tolling doctrines under Florida law.**

Florida alleges that the Defendants "fraudulently concealed" the existence of a conspiracy, tolling the statute of limitations on its FAA and FDUTPA claims.  (Compl. ¶ 143-44.)  Florida also alleges that its claims were "tolled in the interim as a result of [Florida] being included as a member of putative classes in multiple class action suits."  *Id.* at ¶ 146.  These allegations regarding fraudulent concealment and class action tolling, however, are irrelevant because neither doctrine applies in Florida.

Florida has statutorily specified and limited the bases for tolling the statute of limitations applicable to statutory claims under Florida law.  Florida Statute § 95.051(1) identifies the eight tolling doctrines permitted in Florida.[1]  *See* Fla. Stat. § 95.051(1) ("The running of the time under *any* statute of limitations . . . is tolled by . . .") (emphasis added).  Moreover, the Florida legislature and courts have made clear that the list of enumerated tolling doctrines is exhaustive.  "A disability or other reason does not toll the running of any statute of limitations except those specified in this section, § 95.091, the Florida Probate Code, or the Florida Guardianship Law."  *See* Fla. Stat. § 95.051(2); *see also, e.g., HCA Health Services of Florida, Inc. v. Hillman,* 906 So. 2d 1094, 1098 (Fla. Dist. Ct. App. 2004) ("the legislature has made clear its intent to exclude all tolling exceptions not listed in the statute"); *Swartzman v. Harlan*, 535 So.2d 605, 607 (Fla. Dist. Ct. App. 1998) ("Because the legislature has expressly provided for the instances that shall toll the running of any statute of limitations and has excluded any 'other reason,' we are not free to create an exception to that determination.").

Neither fraudulent concealment nor class action tolling is included in the list of tolling doctrines found in Fla. Stat. § 95.05(1), and neither can therefore save Florida's untimely claims.  *See In re Vitamins Antitrust Litig.,* No. Misc 99-197 (TFH), 2000 WL 33975412, at *5 (D.D.C.

---

[1] Where a state statute of limitations could bar recovery in a state court, the district court applies the same statute of limitations as the state court would apply.  *See Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 110 (1945); *see also Albano v. Shea Homes Ltd. Partnership*, 634 F.3d 524, 530 (9th Cir. 2011) (federal court addressing supplemental state law claim must apply the state's statute of limitations, including the state's tolling rules).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FLORIDA COMPLAINT

Oct. 26, 2000) ("Because fraudulent concealment is not included among the tolling provisions recognized in § 95.051 and because this Court has found that § 95.051 has not been overturned, [plaintiff's] damages under their FDUTPA claims are limited those accruing within the four year limitations period…"); *Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Co.*, 184 F.R.D. 674 (M.D. Fla. 1999) (rejecting plaintiff's class action tolling argument and granting summary judgment on claims as time-barred); *see also In re Rezulin Prods. Liab. Litig.*, No. 00-CIV-2843, 2006 WL 695253, at *1 (S.D.N.Y. March 15, 2006) ("Florida does not permit class action tolling.").

### b.   "Fraudulent concealment" would not save Florida's claims even if it were a recognized tolling doctrine in Florida.

Even if Florida law allowed tolling for fraudulent concealment (it does not), Florida's untimely claims could not be saved by that doctrine.  Florida acknowledges *on the face of its Complaint* that it was on notice of the alleged conspiracy when the first class action lawsuit was filed, on November 26, 2007.[2]  Compl. ¶ 144.  This means that—even accepting Florida's allegations as true—the statute of limitations period began to run on that date even if Defendants "fraudulently concealed" their conduct (they did not) and even if Florida law allowed tolling based on "fraudulent concealment" (it does not).  *Id.* (Florida "failed to uncover the existence of the violations alleged below *until after the initiation of a class action suit.*") (emphasis added); *see, e.g., Doe v. Cutter Biological*, 813 F.Supp. 1547, 1555-56 (M.D. Fla. 1993) (rejecting plaintiff's fraudulent concealment argument because evidence showed that plaintiff was aware of its injury and other lawsuits against the defendant); *Technical Packaging, Inc. v. UCB Films, Inc.,* No. 8:03-cv-714, 2004 WL 5639769, at *4 (M.D. Fla. Dec. 21, 2004) (citing *University of Miami v. Bogorff*, 583 So. 2d 1000 (Fla. 1991) (fraudulent concealment does not apply where plaintiff was "placed on notice of the possible invasion of its legal rights")).  However, Florida waited until December 9, 2011 – four years and thirteen days after that class action was filed – to file its

---

[2] The first class complaint was filed on November 26, 2007, and this Court may take judicial notice of this date.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts may take judicial notice of court filings and other matters of public record, including pleadings).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FLORIDA COMPLAINT

1  Complaint in this case.  The four year statute of limitations applicable to Florida's FDUTPA and

2  FAA claims expired after the more than four year period during which Florida explicitly concedes

3  that it had notice of its claims, rendering its fraudulent concealment allegations inappropriate and

4  its underlying claims time-barred.

5      Neither can Florida's FAA and FDUTPA claims be rescued from dismissal by the doctrine

6  of equitable estoppel, itself an "extraordinary remedy which should be extended only sparingly."

7  *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993).  Equitable estoppel "presupposes that

8  the plaintiff knows of the facts underlying the cause of action but delayed filing suit because of

9  the defendant's conduct."  *Black Diamond Properties, Inc. v. Haines*, 69 So.3d 1090, 1093 (Fla.

10 Dist. Ct. App. 2011) (additional citations omitted).  Here, Florida alleges no such circumstance.  It

11 instead admits that, once it knew of its cause of action, it "exercised further due diligence which

12 has led to the filing of this lawsuit."  Compl. ¶ 145.  Florida does not—indeed, cannot—allege

13 that it knew it had a claim against Defendants, but failed to comply with the four-year statute of

14 limitations because it relied on fraudulent representations made by Defendants that led it to delay

15 filing suit.  The truth is that Florida concedes within the four corners of its Complaint that it

16 learned of its claims in November 2007, and impermissibly waited longer than the law allows to

17 file its lawsuit.  Neither statutory nor equitable tolling doctrines can save its stale claims.

18           **c.     Florida is excluded from the IPP and DPP putative classes.**

19      Likewise, class action tolling is inapplicable because Florida is not a member of the

20 purported classes described in the indirect purchaser ("IPP") and direct purchaser ("DPP") class

21 action complaints.  Class action tolling only preserves the rights of putative class members to file

22 individual claims.  *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974); *Crown Cork & Seal

23 Co. v. Parker*, 462 U.S. 345. 353-54 (1983).  Florida is not entitled to benefit from class action

24 tolling as a result of the IPP and DPP complaints because the putative classes in those complaints

25 are defined to expressly <u>exclude</u> governmental entities such as Florida.  *See* Indirect Purchaser

26 Plaintiffs' Third Consolidated Amended Complaint at ¶ 232, *In Re: Cathode Ray Tube (CRT)

27 Antitrust Litigation*, No. 07-cv-5944 (N.D. Cal. Dec. 11, 2010) (Dkt. 827) (defining the class to

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FLORIDA COMPLAINT

1   exclude any federal, state, or local government entities); Direct Purchaser Plaintiffs' Consolidated

2   Amended Complaint at ¶ 85, *In Re: Cathode Ray Tube (CRT) Antitrust Litigation*, No. 07-cv-

3   5944 (N.D. Cal. Mar. 16, 2009) (Dkt No. 436) ("DPP Cons. Am. Compl.").

4       The plain text of the class definitions clearly excludes all state governmental entities, like

5   Florida; any other interpretation would make the defined class in the IPP and DPP complaints

6   meaningless.  Because governmental entities are excluded, Florida is not eligible for class action

7   tolling.  *See In re Vertrue Mktg. & Sales Practice Litig.*, 712 F. Supp. 2d 703, 718-19 (N.D. Ohio

8   2010); *Del Sontro v. Cendant Corp.*, 223 F. Supp. 2d 563, 581 (D.N.J. 2002) ("Because Plaintiff

9   here was never a purported class member of the CalPERS class, *American Pipe* tolling would not

10  save his claim.").

### d.       Florida's FAA claims were not tolled by the DPP Complaint.

12      Florida's claims under the FAA are based on alleged "assignments" of "direct purchaser"

13  claims made by certain "vendors."  *See* Compl. ¶ 10. There were several class actions filed by

14  "direct purchasers" under federal law, which were consolidated for pretrial purposes as part of

15  MDL 1917.  *See* DPP Cons. Am. Compl.  Although some of the purported assignors may fall

16  within the "direct purchaser" class definition in those cases, the DPP cases assert only claims

17  under federal law and do not provide a basis for tolling claims asserted under state law.

18      The federal direct purchaser class actions are brought under federal law.  *See* DPP Cons.

19  Am. Compl. ¶ 214.  Florida's FAA claims are obviously asserted under state law.  Because

20  Florida's FAA state law claim was not included in the federal direct purchaser class action, no

21  tolling can occur on this basis.  *See In re Vertrue Mktg.,* 712 F. Supp. at 718-719 ("only the

22  claims expressly alleged in a previous federal lawsuit are subject to tolling"); *Williams v. Boeing

23  Co.,* 517 F.3d 1120, 1136 (9th Cir. 2008) (because "neither the Original nor the First Amended

24  Complaints stated a claim for compensation discrimination . . . the statute of limitations was not

25  tolled for that claim").[3]  As such, the direct purchaser class action cannot save Florida's untimely

---

[3] Cross-jurisdictional class action tolling is not generally permitted.  *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th Cir. 2008) (declining to import a rule on cross-jurisdictional tolling into California law); *Wade v. Danek Medical, Inc.*, 182 F.3d 281, 287 (4th Cir. 1999) ("very few [states] have even addressed the question of 'cross-jurisdictional' equitable tolling, much less allowed such tolling"); *In re Fosamax Prod. Liab. Litig.*, 694 F.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FLORIDA COMPLAINT

1  FAA claims.

2  **B.** **THE FAA CLAIMS SHOULD BE DISMISSED FOR FAILURE TO
   ALLEGE THAT THE RELEVANT PURCHASES OCCURRED IN**
3  **FLORIDA.**

4  The FAA only provides relief for the injuries which occurred in the state of Florida.  The

5  plain language of the statute provides that "[e]very contract, combination, or conspiracy in

6  restraint of trade or commerce *in this state* is unlawful."  Fla. Stat. § 542.18.  (emphasis added).

7  Based on the plain language, Florida courts have limited the application of the FAA to injuries

8  that occurred within the state of Florida.  *See Oce Printing Systems USA, Inc. v. Mailers Data*

9  *Services, Inc.* 760 So. 2d 1037, 1041 (Fla. Dist. Ct. App. 2000) ("[I]t appears from the plain

10  language of the Antitrust Act that it is aimed at regulating trade or commerce that occurs in

11  Florida, regardless of where the contract, conspiracy, or monopoly occurs.  It is the effect on trade

12  that must occur in Florida, not the actions giving rise to the effect on trade.")

13  Here, however, Florida fails to allege that the purchases of the Assignors whose claims it

14  is asserting under the FAA were made in Florida.  And there is no reason to believe that those

15  purchases were, in fact, made in Florida.  The Assignors identified in the Complaint are all large

16  corporations headquartered outside Florida.  *See* Compl. ¶ 154.  Florida alleges no facts to create

17  a reasonable inference that the Assignors' purchases were made in Florida.  Absent allegations

18  that the relevant purchases of Assignors were made in Florida, Florida's claims under the FAA

19  based on those purchases must be dismissed.

20  Allowing Florida to use the FAA to recover for purchases and injuries suffered outside

21  Florida would also offend due process rights guaranteed by the Constitution.  The Due Process

22  Clause of the Constitution prohibits application of a state law unless that State has a "significant

23  contact or significant aggregation of contacts" with "the parties and the occurrence or transaction"

24  giving rise to the litigation.  *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 308 (1981).  As other

25  Courts have acknowledged, in price-fixing cases, "the relevant 'occurrence or transaction' is the

26

27  Supp. 2d 253, 258 (S.D.N.Y. 2010) ("Recognizing the lack of consensus on the issue and the frequently articulated
   concern of forum shopping, federal courts generally have disinclined to import cross-jurisdictional tolling into the
   law of a state that has not ruled on the issue.").

28

8

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FLORIDA COMPLAINT

plaintiff's purchase of an allegedly price-fixed good." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-1827, 2010 WL 2610641, at *8 (N.D. Cal. June 28, 2010) (citing *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1028-1029 (N.D. Cal. 2007) ("*GPU*")). Thus, a plaintiff may only maintain an action under state antitrust law for purchases made within the relevant state. *See TFT-LCD* at *9 ("The Court grants defendants' motion to dismiss all of the state law claims and grants Motorola leave to amend the complaint to allege contacts with each State – here, purchases of price-fixed goods – in order to satisfy Due Process."); *Nokia, Inc. v. AU Optronics Corp.*, No. C 09-5609, 2010 WL 2629728 (N.D. Cal. June 29, 2010); *AT&T Mobility LLC v. AU Optronics Corp.*, No. C 09-4997, 2010 WL 2609434 (N.D. Cal. June 28, 2010).[4]

Here, contrary to the requirements of due process, Florida fails to allege *where* the CRTs that are the subject of the assigned claims were purchased.  Instead, Florida alleges only that "[t]he retailers or makers of CRT Products sold to Florida governmental entities commonly purchased products containing CRTs directly from Defendants," (Compl. ¶ 151) and that "[t]he retailers or makers of CRT Products paid higher-than-competitive prices for CRTs and CRT Products as a result of Defendants' unlawful conduct."  (Compl. ¶ 152.)  Because Florida has not alleged that the assignors purchased CRTs or CRT finished products *in Florida*, the purportedly assigned claims alleged in Count II of the Complaint violate principles of due process and should be dismissed.

**C.    FLORIDA'S SHERMAN ACT AND FAA CLAIMS BASED ON PURCHASES OF CRT FINISHED PRODUCTS ARE BARRED BY THE ILLINOIS BRICK DIRECT PURCHASER RULE.**

Florida lacks standing to bring its Sherman Act or FAA claims arising from alleged purchases of CRT finished products.  Those purchases are "indirect purchases" of the product Florida alleges was subject to the alleged conspiracy—CRT tubes—which cannot as a matter of law produce "antitrust injury."  Only "direct purchasers" are entitled to pursue claims under the Sherman Act and the FAA.

---

[4] *See also Pecover v. Elec. Arts Inc.*, 633 F. Supp. 2d 976, 984 (N.D. Cal. 2009) ("[P]laintiffs have effectively conceded . . . that their claims under the laws of states in which plaintiffs did not purchase the [good] should be dismissed."); *GPU*, 527 F. Supp. 2d at 1026-27.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FLORIDA COMPLAINT

1    The Supreme Court in *Illinois Brick Co. v. Illinois* barred indirect purchasers from suing

2    under the federal antitrust laws.  431 U.S. 720 (1977).  Florida has adopted the same rule in

3    relation to the FAA.  *See Mack v. Bristol-Myers Squibb*, 673 So.2d 100, 102 (Fla. Dist. Ct. App.

4    1996) (stating that "the standing requirements for a private cause of action under the Florida

5    Antitrust Act parallel the standing requirements of Section 4 of the Clayton Act.  Accordingly,

6    Florida adheres to the "direct purchaser" rule enunciated in *Illinois Brick*").  In this Circuit, the

7    "direct purchaser" rule of *Illinois Brick* is applied as a "bright line" rule barring claims by indirect

8    purchasers.  *Del. Valley Surgical Supply Inc. v. Johnson & Johnson*, 523 F.3d 1116, 1120-21 (9th

9    Cir. 2008) (holding that *Illinois Brick* establishes "a bright line rule [that]…only direct purchasers

10   have standing under § 4 of the Clayton Act to seek damages for antitrust violations."  *See also*

11   *Kansas v. UtiliCorp United, Inc.* 497 U.S. 199, 216 (1990) (holding that "ample justification

12   exists for [the Court's] stated decision not to carve out exceptions to the indirect purchaser

13   rule…") (internal quotation omitted).

14       As this Court's Special Master has already recognized, purchases of finished products

15   containing CRTs do not satisfy the direct purchaser rule.  *In re Cathode Ray Tube (CRT) Antitrust*

16   *Litig.*, Case No. 07-05944, Dkt No. 1221 (N.D. Cal. May 31, 2012).  Here, despite the fact that it

17   only alleges a conspiracy relating to CRTs, Florida is seeking damages under both the Sherman

18   Act and the FAA based on payments of allegedly "supracompetitive prices for CRT Products

19   containing price-fixed CRTs." (Compl. ¶ 142.)  To the extent Florida's claims purport to include

20   "CRT Products that the retailers or makers of CRT Products purchased and then resold to Florida

21   governmental entities" or an assignment of right from an Assignor "which purchased…CRT

22   Products directly from a Defendant" these claims must be dismissed because they are not direct

23   purchases of the alleged price-fixed product and relate only to the alleged purchases of CRT

24   products.  (Compl. ¶¶ 153, 160(a).)

25   **V.    <u>CONCLUSION</u>**

26       For the foregoing reasons, Defendants respectfully request that the Court grant the present

27   motion and (1) dismiss Florida's FAA and FDUTPA claims as untimely; (2) dismiss Florida's

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FLORIDA COMPLAINT

1  FAA claim to the extent it is based upon purchases made outside of Florida; and (3) dismiss

2  Florida's federal damages claim and its FAA claim to the extent they are based upon its indirect

3  purchases of CRT Products.

4

5  DATED: July 3, 2012                    MORGAN, LEWIS & BOCKIUS LLP

6                                         By:  /s/ Kent M. Roger
                                           KENT M. ROGER (SBN 95987)
7                                          E-mail: kroger@morganlewis.com
                                           MICHELLE PARK CHIU (SBN 248421)
8                                          E-mail: mchiu@morganlewis.com
                                           **MORGAN, LEWIS & BOCKIUS LLP**
9                                          One Market, Spear Street Tower
                                           San Francisco, California 94105-1126
10                                         Telephone: (415) 442-1000
                                           Facsimile: (415) 442-1001
11
                                           J. CLAYTON EVERETT, JR. (pro hac vice)
12                                         E-mail: jeverett@morganlewis.com
                                           SCOTT A. STEMPEL (pro hac vice)
13                                         E-mail: sstempel@morganlewis.com
                                           **MORGAN, LEWIS & BOCKIUS LLP**
14                                         111 Pennsylvania Avenue, NW
                                           Washington, DC 20004
15                                         Telephone: (202) 739-3000
                                           Facsimile: (202) 739-3001
16
                                           *Attorneys for Defendants Hitachi, Ltd., Hitachi*
17                                         *Displays, Ltd. (n/k/a Japan Display East, Inc.),*
                                           *Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi*
18                                         *Electronic Devices (USA), Inc.*

19
                                           BAKER BOTTS LLP
20
                                           By:  /s/ Jon V. Swenson
21                                         Jon V. Swenson (SBN 233054)
                                           **BAKER BOTTS LLP**
22                                         620 Hansen Way
                                           Palo Alto, CA 94304
23                                         Telephone: (650) 739-7500
                                           Facsimile: (650) 739-7699
24                                         Email: jon.swenson@bakerbotts.com

25                                         John M. Taladay (*pro hac vice*)
                                           Joseph Ostoyich (*pro hac vice*)
26                                         **BAKER BOTTS LLP**
                                           1299 Pennsylvania Ave., N.W.
27                                         Washington, DC 20004-2400

28

11                        MASTER FILE NO. 3:07-CV-05944-SC
                          MDL NO. 1917

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FLORIDA COMPLAINT

Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips
Electronics N.V. and Philips Electronics North
America Corporation*


WINSTON & STRAWN LLP

By:  /s/  Jeffrey L. Kessler
JEFFREY L. KESSLER (pro hac vice)
E-mail: JKessler@winston.com
A. PAUL VICTOR (pro hac vice)
E-mail: PVictor@winston.com
EVA COLE (pro hac vice)
E-mail: EWCole@winston.com
MOLLY M. DONOVAN
E-mail: MMDonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700

STEVEN A. REISS (pro hac vice)
E-mail: steven.reiss@weil.com
DAVID L. YOHAI (pro hac vice)
E-mail: david.yohai@weil.com
ADAM C. HEMLOCK (pro hac vice)
E-mail: adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation
(f/k/a Matsushita Electric Industrial Co., Ltd.),
Panasonic Corporation of North America, MT Picture
Display Co., Ltd.*


ARNOLD & PORTER LLP

By:  /s/ Sharon D. Mayo
SHARON D. MAYO (SBN 150469)
sharon.mayo@aporter.com
Three Embarcadero Center, 7th Floor

12                    MASTER FILE NO. 3:07-CV-05944-SC
                      MDL NO. 1917

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FLORIDA COMPLAINT

San Francisco, California  94111-4024
Telephone:  (415) 471-3100
Facsimile:  (415) 471-3400

DOUGLAS L. WALD (*Pro Hac Vice*)
douglas.wald@aporter.com
WILSON D. MUDGE (*Pro Hac Vice*)
wilson.mudge@aporter.com
YONGSANG KIM (*Pro Hac Vice*)
yongsang.kim@aporter.com
**ARNOLD & PORTER LLP**
555 Twelfth Street, NW
Washington, DC  20004
Telephone:  (202) 942-5000
Facsimile:  (202) 942-5999

*Attorneys for Defendants LG Electronics, Inc. and LG,
LG Electronics USA, Inc.*

SHEPPARD MULLIN RICHTER & HAMPTON

By:   /s/ Gary L. Halling
GARY L. HALLING (SBN 66087)
E-mail: ghalling@sheppardmullin.com
JAMES L. MCGINNIS (SBN 95788)
E-mail: jmcginnis@sheppardmullin.com
MICHAEL W. SCARBOROUGH, (SBN 203524)
E-mail: mscarborough@sheppardmullin.com
**SHEPPARD MULLIN RICHTER & HAMPTON**
Four Embarcadero Center, 17th Floor
San Francisco, California  94111
Telephone:  (415) 434-9100
Facsimile:  (415) 434-3947

*Attorneys for Defendants Samsung SDI America, Inc.;
Samsung SDI Co., Ltd.; Samsung SDI (Malaysia)
SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.;
Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co.,
Ltd. and Tianjin Samsung SDI Co., Ltd.*

WHITE & CASE LLP

By:   /s/ Christopher M. Curran
CHRISTOPHER M. CURRAN (pro hac vice)
E-mail: ccurran@whitecase.com
GEORGE L. PAUL (pro hac vice)
E-mail: gpaul@whitecase.com
LUCIUS B. LAU (pro hac vice)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FLORIDA COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

E-mail: alau@whitecase.com
**WHITE & CASE LLP**
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation and
Toshiba America Electronic Components, Inc.*

Pursuant to General Order No. 45, § X-B, the filer attests that concurrence in the filing of this

document has been obtained from each of the above signatories.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FLORIDA COMPLAINT