1   Kenneth A. Gallo (D.C. Bar No. 371253, admitted *pro hac vice*)
    Bruce H. Searby (CA State Bar No. 183267, admitted *pro hac vice*)
2   **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
    2001 K Street, NW
3   Washington, DC  20006-1047
    Telephone:  (202) 223-7300
4   Facsimile:  (202) 204-7359
    Email:  bsearby@paulweiss.com
5
    Colin C. West (CA State Bar No. 184095)
6   **BINGHAM MCCUTCHEN LLP**
    Three Embarcadero Center
7   San Francisco, CA 94111-4067
    Telephone:  (415) 393-2000
8   Facsimile:  (415) 393-2286
    Email:  colin.west@bingham.com
9
    Attorneys for Petitioner
10  SHARP CORPORATION

11              **UNITED STATES DISTRICT COURT**

12              **NORTHERN DISTRICT OF CALIFORNIA**

13                **SAN FRANCISCO DIVISION**

14

15  **IN RE: APPLICATION FOR**              Master File No. CV-07-5944-SC
    **JUDICIAL ASSISTANCE FOR THE**
16  **ISSUANCE OF SUBPOENAS**              Case No. CV 12-80-151 MISC (SC)
    **PURSUANT TO 28 U.S.C. § 1782 TO**
17  **OBTAIN DISCOVERY FOR USE IN A**      **MEMORANDUM IN RESPONSE TO**
    **FOREIGN PROCEEDING**                 **THE OPPOSITION OF THE DIRECT**
18                                         **PURCHASER PLAINTIFFS' CLASS AND**
                                           **SAVERI & SAVERI, INC. TO THE *EX***
19  Sharp Corporation, Petitioner         ***PARTE* APPLICATION OF SHARP**
                                           **CORPORATION FOR ORDER**
20                                         **PURSUANT TO 28 U.S.C. § 1782 TO**
                                           **OBTAIN DISCOVERY FOR USE IN A**
21                                         **FOREIGN PROCEEDING**

22

23

24

25

26

27

28

I.     **INTRODUCTION**

Saveri & Saveri, Inc. ("Saveri") has received documents on behalf of the Direct Purchaser Plaintiffs ("DPPs") as part of discovery in *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. 07-5944-SC (the "N.D. Cal. Litigation").  Sharp Corporation ("Sharp") is a putative class member.  Nonetheless, Saveri and the DPPs ("Movants") have challenged Sharp's Ex Parte Application for Judicial Assistance for the Issuance of Subpoena Pursuant to 28 U.S.C. §1782 ("Application") to obtain access to those documents in their opposition ("Opposition") filed on July 6, 2012.

Movants' Opposition rests on only three points:  they (1) rehash the CRT Defendants' prior objection that the Application should not be heard *ex parte*; (2) argue that the Application was noticed to the wrong court; and (3) assert, with no support, that the Application is unduly burdensome.  For the reasons sets forth below, Movants' Opposition should be denied and Sharp's Application should be granted.

II.    **ARGUMENT**

Movants never argue that Sharp is not entitled to these documents.  Their arguments are all merely procedural, and easily disposed of.

First, Movants rehearse the argument that the CRT Defendants already made once before, suggesting that the Application is not appropriately resolved on an *ex parte* basis.  Sharp already responded at length to such arguments in its reply, explaining why an *ex parte* application is an appropriate (and, indeed, the customary) vehicle for such a request.  *See* CV 12-80-151 MISC (SC) (Dkt. No. 8).  Movants do not respond to these arguments and cite no additional relevant authority.  In any event, to the extent that Movants have any substantive arguments against actually producing the documents, they would have the opportunity to move to quash the subpoena once issued.

Movants next argue that the Application is noticed to the wrong Court since it has been related to the N.D. Cal. Litigation and was not directed to Special Master Charles Legge pursuant Judge Conti's Order appointing Special Master.  At the time that Sharp filed its Application on June 27, 2012, Judge Conti's Order Deciding the Administrative Motion, filed

- 2 -

1   July 5, 2012, had not yet been granted.  *See* CV 12-80-151 MISC (SC) (Dkt. No. 10); CV-07-

2   5944-SC (Dkt. No. 1250).  The Application was thus filed as a miscellaneous case, pending

3   determination of the administrative motion.  The procedures of the N.D. Cal. Litigation could not

4   have been applicable to Sharp's filings in the Application until the Court determined the cases to

5   be related.

6           Even now that the cases have been related, it remains unclear whether an *ex parte*

7   application under 18 U.S.C. § 1782 ought to be referred to Special Master Legge, as a regular

8   motion in a suit for damages would.  Movants refer to the order generally, but cite no specific

9   provision.  Regardless, that is no basis to deny the Application; rather, if the Court believes the

10  Special Master should rule on the Application, it may refer Sharp's Application to the Special

11  Master in its discretion.

12          Finally, without offering anything to support their position, Movants purport to

13  oppose the production as "improper and unduly burdensome."  On its face, Sharp's request is not

14  unduly intrusive or burdensome.  Sharp seeks documents which Saveri as class counsel already

15  has electronically in its custody and control.  Producing them would be as simple as putting them

16  on a DVD or hard drive and sending them to Sharp.  A subpoenaed party does not suffer

17  prejudice merely by allowing access to materials that have already been produced to other parties

18  in litigation.  *See In re Linerboard Antitrust Litigation*, 333 F. Supp. 2d 333, 342 (E.D. Pa.

19  2004).  In any event, the burden objection is premature because Movants will have the

20  opportunity to raise any real substantive objections to a subpoena after it issues.  Thereafter,

21  Sharp and Movants can meet and confer and, if any objections remain unresolved, bring them to

22  the Court's attention at the appropriate time.

23  **III.    CONCLUSION**

24          Movants have presented no legitimate substantive or procedural concerns that

25  should delay this Court's grant of the *ex parte* relief requested.  Thus, for the reasons discussed

26  herein, Sharp's Application should be granted.

27  ///

28  ///

1    Dated:  July 9, 2012                          Respectfully submitted,

2                                                  PAUL, WEISS, RIFKIND, WHARTON &
                                                      GARRISON LLP
3                                                              /s/
                                                       Kenneth A. Gallo (D.C. Bar No.
4                                                      371253, admitted *pro hac vice*)
                                                       Bruce H. Searby (CA State Bar No.
5                                                      183267, admitted *pro hac vice*)

6                                                  BINGHAM MCCUTCHEN LLP
                                                   By:  _____/s/_____
7                                                      Colin C. West (CA State Bar No.
                                                       184095)
8
                                                   Attorneys for Petitioner
9                                                  SHARP CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28