1

2

3

4

5

6

7

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

9

10

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 SC MDL NO. 1917 |
| This Document Relates To: Case No.  2011-CV-6205 SC STATE OF FLORIDA, OFFICE OF THE ATTORNEY GENERAL, DEPARTMENT OF LEGAL AFFAIRS,<br><br>                Plaintiff,<br>          v.<br><br>LG ELECTRONICS, INC., et al.,<br><br>                Defendants. | **[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE STATE OF FLORIDA'S COMPLAINT**<br><br>Judge: Hon. Samuel Conti<br><br>Special Master:  Hon. Charles A. Legge (Ret.) |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC
[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE STATE OF FLORIDA'S COMPLAINT

1    The Motion to Dismiss the State of Florida's Complaint ("Motion"), filed by

2  Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display East, Inc.), Hitachi Asia,

3  Ltd., Hitachi America, Ltd., Hitachi Electronic Devices (USA), Inc., Koninklijke Philips

4  Electronics N.V., Philips Electronics North America Corporation, Panasonic Corporation (f/k/a

5  Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, MT Picture

6  Display Co., Ltd., LG Electronics, Inc., LG, LG Electronics USA, Inc., Samsung SDI America,

7  Inc., Samsung SDI Co., Ltd., Samsung SDI (Malaysia) SDN, BHD., Samsung SDI Mexico S.A.

8  DE C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd., Tianjin Samsung SDI

9  Co., Ltd., Toshiba Corporation, and Toshiba America Electronic Components, Inc. (hereinafter,

10  "Defendants") came on for hearing before this Court.

11    Having considered all papers filed in support of an in opposition to said Motion, and

12  having entertained argument of counsel, and good cause appearing, IT IS HEREBY ORDERED

13  that Defendants' Motion to Dismiss is DENIED.

14  1.  Florida filed its Amended Complaint on July 16, 2012, and dismissed its Sherman Act claim

15    for damages, and its FAA claim for damages.  Thus, the only issue is whether Florida's

16    remaining state law claims under the FAA and FDUTPA are barred by the applicable statutes

17    of limitations.

18  2.  The expiration of the applicable statutes of limitations is not apparent from the face of the

19    complaint, thus Defendants are precluded from raising a statutes of limitations defense in a

20    Rule 12(b)(6) motion to dismiss.  *See In re Juniper Networks, Inc. Secs. Litig.,* 542 F. Supp.

21    2d 1037, 1050 (N.D. Cal. 2008) (citing *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th

22    Cir. 1980)).  In a motion to dismiss under Rule 12(b)(6), allegations of material fact are taken

1   as true and construed in the light most favorable to the nonmoving party.  *See Cahill v.*

2   *Liberty Mutual Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996).

3.  Furthermore, Florida recognizes the doctrines of fraudulent concealment and *American Pipe*

    tolling.  *See, e.g*, *Florida Department of Health & Rehabilitative Services v. S.A.P.*, 835 So.

    2d 1091 (Fla. 2002) (holding fraudulent concealment can suspend the statute of limitation

    in a tort action); *Raie v. Cheminova, Inc*., 336 F.3d 1278, 1282 (11th Cir. 2003) ("[t]here is

    no dispute that *American Pipe* has been followed in Florida state courts.").

4.  On December 10, 2007, a putative class of indirect purchasers that included governmental

    entities (including Florida) was filed in this District.  *See Juetten v. Chunghwa Picture*

    *Tubes, Ltd.*, Case No. 07-cv-06225-SC (N.D. Cal. filed December 10, 2007).  These claims

    were not amended until March 16, 2009, at which point governmental entities were

    removed from pending class actions in this District.  (Master Dkt No. 437.)

5.  Even assuming that the statutes of limitations on Florida's claims would run, absent tolling,

    on November 26, 20011 (four years from the filing of the first class action complaint),

    Florida's governmental claims were tolled under *American Pipe* for an additional 15 months.

6.  Thus, Florida's action, filed on December 9, 2011, was timely.


IT IS SO ORDERED.

DATED:   _____          _____

                                            Hon. Charles A. Legge
                                            United States District Judge (Ret.)
                                            Special Master



DATED:   _____          _____

                                            Hon. Samuel Conti
                                            United States District Judge

Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC