Guido Saveri (22349) guido@saveri.com
R. Alexander Saveri (173102) rick@saveri.com
Geoffrey C. Rushing (126910) grushing@saveri.com
Cadio Zirpoli (179108) cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:   (415) 217-6810
Facsimile:    (415) 217-6813

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 SC |
| | MDL NO. 1917 |
| This Document Relates to: ALL DIRECT PURCHASER CLASS ACTIONS | **DECLARATION OF R. ALEXANDER SAVERI IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |
| | The Honorable Samuel Conti |

I, R. ALEXANDER SAVERI, declare as follows:

1. I am a member in good standing of the State Bar of California and managing partner of the law firm, Saveri & Saveri, Inc., Interim Lead Counsel to the Direct Purchaser Plaintiffs. I make this declaration, except where noted, of my own personal knowledge, and, if called upon to do so, I could and would testify competently to the facts contained herein.

2. I submit this Declaration in support of Plaintiffs' motion to file the following documents, or portions thereof, under seal pursuant to Civil Local Rules 7-11 and 79-5(d):

- <u>Exhibits 9 and 10 to the Declaration of R. Alexander Saveri in Support of Class Plaintiffs' Objections to Special Master's Report and Recommendation Granting Defendants' Motion for Partial Summary Judgment</u> (TO BE LODGED WITH THE CLERK UNDER SEAL PURSUANT TO GENERAL ORDER NO. 62); and

- <u>Class Plaintiffs' Objections to Special Master's Report and Recommendation Granting Defendants' Motion for Partial Summary Judgment</u> (TO BE LODGED WITH THE CLERK UNDER SEAL PURSUANT TO GENERAL ORDER NO. 62).

3. On June 18, 2008, the Court approved a "Stipulated Protective Order" ("Protective Order") in this matter.

4. Pursuant to Section 5.2 of the Protective Order, the parties were permitted to designate documents as "Confidential" and "Highly Confidential." Section 2.3 of the Protective Order defines "Confidential Information or Items" as "information, (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c)." Section 2.4 of the Protective Order defines "Highly Confidential Information or Items" as "extremely sensitive Confidential Information or Items whose disclosure to another Party or non-party would create a substantial risk of injury that could not be avoided by less restrictive means." Section 2.8 of the Protective Order defines "Protected Material" to include both types of information.

5. Section 10 of the Protective Order requires that "a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected

1  Material must comply with Civil Local Rule 79-5."

2  6. Plaintiffs wish to file "**Class Plaintiffs' Objections to Special Master's Report
3  and Recommendation Granting Defendants' Motion for Partial Summary Judgment**"
4  because it contains either: (a) material designated by a defendant pursuant to the Protective Order
5  (entered by the Court on June 18, 2008) as "Confidential" or "Highly Confidential"; or (b)
6  analysis of, references to, or information taken from material designated by a defendant pursuant
7  to the Protective Order as "Confidential" or "Highly Confidential." The "Confidential"
8  information contained in this document is similar or identical to that contained in Exhibit 10 to the
9  Saveri Declaration, which was sealed by this Court, as set forth below.

10  7. Plaintiffs seek to file Exhibits 9 and 10 of the "Declaration of R. Alexander Saveri
11  in Support of Class Plaintiffs' Objections to Special Master's Report and Recommendation
12  Granting Defendants' Motion for Partial Summary Judgment" under seal because this Court has
13  already ordered that these documents be filed under seal.

14  8. Exhibit 9 to the Saveri Declaration was filed under seal pursuant to the Court's
15  Order Granting Direct Purchaser Plaintiffs' Administrative Motion to Seal Documents Pursuant to
16  Civil Local Rules 7-11 and 79-5(d), entered in this action on April 2, 2012, Dkt. No. 1120.

17  9. Portions of Exhibit 10 to the Saveri Declaration were filed under seal pursuant to
18  the Court's Order Granting Direct Purchaser Plaintiffs' Administrative Motion to Seal Documents
19  Pursuant to Civil Local Rules 7-11 and 79-5(d), entered in this action on April 2, 2012, Dkt. No.
20  1120; Order Granting Direct Purchaser Plaintiffs' Administrative Motion to Seal Documents
21  Pursuant to Civil Local Rules 7-11 and 79-5(d), entered in this action on April 2, 2012, Dkt. No.
22  1121; Order Sealing Documents, entered in this action on April 2, 2012, Dkt. No. 1122; and Order
23  Granting Direct Purchaser Plaintiffs' Administrative Motion to Seal Documents Pursuant to Civil
24  Local Rules 7-11 and 79-5(d), entered in this action on April 2, 2012, Dkt. No. 1123.

25  10. A stipulation by the parties could not be obtained because under Civil Local Rule
26  79-5, parties may not stipulate to the filing of any document under seal. *See* Civil L.R. 7-11(a),
27  79-5(a).

28

1    I declare under penalty of perjury under the laws of the United States of America that the
2 foregoing is true and correct. Executed this 24th day of July, 2012 in San Francisco, California.

                                    */s/ R. Alexander Saveri*
                                      R. Alexander Saveri

Crt.552