# EXHIBIT

# 4

1  ALDO A. BADINI (257086)
   DEWEY & LEBOEUF LLP
2  Post Montgomery Center
   One Montgomery Street, Suite 3500
3  San Francisco, CA 94104
   Telephone: (415) 951-1120
4  Facsimile:  (415) 951-1100
   Email: abadini@dl.com
5
   JEFFREY L. KESSLER (*Admitted Pro Hac Vice*)
6  A. PAUL VICTOR (*Admitted Pro Hac Vice*)
   MOLLY M. DONOVAN (*Admitted Pro Hac Vice*)
7  DEWEY & LEBOEUF LLP
8  1301 Avenue of the Americas
   New York, NY 10019
9  Telephone: (212) 259-8000
   Facsimile: (212) 259-7013
10 Email: jkessler@dl.com

11 STEVEN A. REISS *(Admitted Pro Hac Vice)*
12 DAVID L. YOHAI *(Admitted Pro Hac Vice)*
   WEIL, GOTSHAL & MANGES LLP
13 767 Fifth Avenue
   New York, New York 10153-0119
14 Telephone: (212) 310-8000
   Facsimile: (212) 310-8007
15 Email: steven.reiss@weil.com

16 *Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd.,*
17 *and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*

18             IN THE UNITED STATES DISTRICT COURT

19             NORTHERN DISTRICT OF CALIFORNIA

20                  SAN FRANCISCO DIVISION

| 21 | In re: CATHODE RAY TUBE (CRT) ANTITRUST ) LITIGATION | Case No. 07-5944 SC |
|---|---|---|
| 22 | | MDL No. 1917 |
| | This Document Relates to: ) | |
| 23 | | DECLARATION OF MOLLY M. |
| | DIRECT PURCHASER ACTIONS ) | DONOVAN IN SUPPORT OF |
| 24 | ) | DEFENDANTS' JOINT MOTION FOR |
| | ) | SUMMARY JUDGMENT AGAINST |
| 25 | ) | PURPORTED DIRECT PURCHASER |
| | ) | PLAINTIFFS WHO DID NOT |
| 26 | ) | PURCHASE CRTS |
| 27 | | |
| 28 | | |

DECLARATION OF MOLLY M. DONOVAN                                    Case No. 07-5944 SC
                                                                   MDL NO. 1917

1               I, Molly M. Donovan, declare as follows:

2             1.     I am an attorney with Dewey & LeBoeuf LLP, attorneys for Defendants

3 Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation

4 (f/k/a Matsushita Electric Industrial Co., Ltd.) in this action. I am a member of the bar of the State

5 of New York and am admitted to practice before this Court *pro hac vice*. I make this Declaration in

6 support of Defendants' Joint Motion for Summary Judgment Against Purported Direct Purchaser

7 Plaintiffs Who Did Not Purchase CRTs. If called as a witness, I could, and would, testify to the

8 matters set forth in this declaration of my own personal knowledge.

9             2.     Attached hereto as Exhibit A is a true and correct copy of the Letter from

10 Geoffrey Rushing to Eric Shapland, dated September 24, 2010.

11           3.     Attached hereto as Exhibit B is a true and correct copy of Plaintiff Crago

12 D/B/A Dash Computer, Inc.'s Responses to Defendant Hitachi America, Ltd.'s First Set of

13 Interrogatories, dated July 7, 2010.

14           4.     Attached hereto as Exhibit C is a true and correct copy of Plaintiff Electronic

15 Design Company's Responses to Defendant Samsung SDI Co. Ltd.'s First Set of Interrogatories,

16 dated July 7, 2010.

17           5.     Attached hereto as Exhibit D is a true and correct copy of Plaintiff Meijer,

18 Inc.'s and Meijer Distribution, Inc.'s Responses to Defendant Hitachi America, Ltd.'s First Set of

19 Interrogatories, dated July 8, 2010.

20           6.     Attached hereto as Exhibit E is a true and correct copy of Plaintiff Nathan

21 Muchnick, Inc.'s Responses to Defendant Hitachi America, Ltd.'s First Set of Interrogatories, dated

22 July 7, 2010.

23           7.     Attached hereto as Exhibit F is a true and correct copy of Plaintiff Orion

24 Home Systems, LLC's Responses to Defendant Hitachi America, Ltd.'s First Set of Interrogatories,

25 dated July 9, 2010.

26

27

28

DECLARATION OF MOLLY M. DONOVAN                          Case No. 07-5944 SC

MDL NO. 1917

1    8.    Attached hereto as Exhibit G is a true and correct copy of Plaintiff Radio &

2    TV Equipment, Inc.'s Responses to Defendant Hitachi America, Ltd.'s First Set of Interrogatories,

3    dated July 8, 2010.

4    9.    Attached hereto as Exhibit H is a true and correct copy of Plaintiff Royal Data

5    Services, Inc.'s Responses to Defendant Hitachi America, Ltd.'s First Set of Interrogatories, dated

6    July 7, 2010.

7    10.   Attached hereto as Exhibit I is a true and correct copy of Plaintiff Studio

8    Spectrum Inc.'s Responses and Objections to Defendant Hitachi America, Ltd.'s First Set of

9    Interrogatories, dated July 7, 2010.

10   11.   Attached hereto as Exhibit J is a true and correct copy of the Transcript of

11   Motion Hearing, held on May 26, 2011.

12   I declare under penalty of perjury under the laws of the United States of America that

13   the foregoing is true and correct.

14   Dated: December 12, 2011

15   /s/ Molly M. Donovan

16   Molly M. Donovan

17

18

19

20

21

22

23

24

25

26

27

28
DECLARATION OF MOLLY M. DONOVAN                                    Case No. 07-5944 SC
                                                                   MDL NO. 1917
                              -3-

# Exhibit A

# SAVERI & SAVERI, INC.

706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

September 24, 2010

Eric Shapland
Arnold & Porter LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017

> Re: *In re Cathode Ray Tube (CRT) Antitrust Litigation*, No. C-07-5944 SC, MDL
> 1917

Dear Mr. Shapland:

As promised during our meet and confer on September 21, 2010, I write to set forth Direct Purchaser Plaintiffs ("DPPs") position regarding the downstream data discovery propounded by certain LG Defendants, Hitachi Defendants and Samsung Defendants. As DPPs have explained, the authority regarding this issue overwhelmingly disfavors the production of downstream data by Plaintiffs. Defendants have failed to cite persuasive authority supporting their position and the information sought is irrelevant. Nonetheless, DPPs will agree to provide certain information regarding whether they purchased products pursuant to "cost-plus" contracts.

The downstream information sought by defendants has been irrelevant in direct purchaser actions for more than 30 years. *See Illinois Brick Co. v. Illinois*, 431 U.S. 720, 724-25 (1977) ("*Illinois Brick*"); *Hanover Shoe, Inc. v. United Shoe Mach. Corp.*, 392 U.S. 481, 493-94 (1968) ("*Hanover Shoe*"). Whether or not a direct purchaser raises its prices for its own product or passes on the overcharge to its customers has no relevance to how a direct purchaser proves damages. *Hanover Shoe*, 392 U.S. at 489-92. The only prices relevant to proving impact or injury in a federal price-fixing case are the prices defendants and their co-conspirators charged Plaintiffs for their direct purchases. *Id.* at 489. Courts have therefore repeatedly denied antitrust defendants' attempts to take downstream discovery.[1]

---

[1] *See, e.g., Meijer, Inc. v. Abbott Laboratories*, 251 F.R.D. 431 (N.D. Cal. 2008) ("*Abbott Labs.*")(denying motion to compel evidence of downstream sales to demonstrate alleged conflict among class members); *In re Aspartame Antitrust Litig.*, 2008 WL 2275528, at *4 (E.D. Pa. April 8, 2008) (denying motion to compel downstream data and noting that "courts have consistently noted this kind of discovery is not favored")("*Aspartame*"); *In re Automotive Refinishing Paint Antitrust Litig.*, 2006 WL 1479819, at *8 (E.D. Pa. May 26, 2006) ("[W]e will deny defendants' request that we depart from the long-held practice of proscribing discovery of downstream data . . .")("*Auto Paint*"); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 498 (M.D. Pa. 2005) (noting that "courts generally proscribe downstream discovery")("*Labelstock*"); *In re Plastics Additives Antitrust Litig.*, 2004 WL 2743591 at *16 (E.D. Pa. Nov. 29, 2004) ("downstream data is irrelevant to determine whether defendants are liable for price-fixing under the Sherman Act . . . . [C]ourts have refused to require production of downstream data in antitrust price-fixing cases")("*Labelstock*"); *In re Polyester Staple Antitrust Litig.*, Case No. 03-cv-1516 (Dkt. #162), at 10 (W.D.N.C. Feb. 5, 2004) (denying defendants' motion to compel documents concerning downstream discovery based on its "lack of relevance") ("*Poly Staple*"); *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000) ("*Vitamins*").

Eric Shapland
September 24, 2010
Page 2

Moreover, the denial of this sort of discovery is not based solely on relevance. Rather, *Hanover Shoe, Illinois Brick,* and other cases evince a policy against such discovery, even if, in some circumstances, it can be argued that it has some marginal relevance. The proscription against downstream discovery is rooted in the Supreme Court's conclusions that pass-on analysis is 1) unreliable; and 2) if allowed, undermines the policies underlying the antitrust laws. *Illinois Brick*, 431 U.S. at 744-45; *Hanover Shoe*, 392 U.S. at 493; *Kansas v. UtiliCorp United, Inc.*, 497 U.S. 199, 209-11 (1990) ("*Utilicorp*"). As Judge Wilken explained in *Abbott Labs.,* in reference to *Valley Drug Co. v. Geneva Pharmaceuticals, Inc.* 350 F. 3d 1181 (11th Cir. 2003), allowing downstream discovery does "not give sufficient weight to what the Supreme Court called the 'principal basis' for its decisions: the practical difficulty of determining whether and to what extent a party benefits from one economic arrangement as opposed to another." *Abbott Labs.,* 251 F.R.D. at 434. In short, analysis of whether or how a plaintiff may have "passed on" an overcharge simply has no place in a direct purchaser antitrust action.

Defendants have submitted several justifications for "downstream" discovery; none justify the discovery they have propounded.

*First*, relying on *Meijer, Inc. v. Warner Chilcott Holdings Co., III, Ltd.,* 245 F.R.D. 26, 35 (D.D.C. 2007) ("*Warner Chilcott*"), Defendants have asserted that they are entitled to documents, financial records and transactional data reflecting Plaintiffs' sales of CRTs or CRT Products. In that case, however, the Court held only that: 1) discovery related specifically to the issue of whether a direct purchaser plaintiff resold the product in issue pursuant to a "cost-plus" contract meeting the requirements set forth in *Hanover Shoe* might be permissible, and 2) directed the parties to meet and confer further on the issue. *Id.* This directive, moreover, was premised on the Court's assumption that the defendant could identify a good faith basis for such an inquiry. *See id.* The Court in no way held that the broad discovery of downstream data Defendants seek here was appropriate.

Despite the fact that your clients have not propounded discovery narrowly focused on the question of cost plus contracts, we informed you on Tuesday that Plaintiffs would consider responding to discovery going to that issue specifically. This will confirm that Plaintiffs are willing respond to an interrogatory framed as follows: With reference to the purchases of CRTs and/or CRT Products upon which you base your claims herein, please state whether you resold any of those products pursuant to a "cost plus" contract.

*Second*, you have asserted that Defendants are entitled to downstream discovery in order to determine whether they can assert the "functional equivalent to a cost-plus contract" exception as a defense herein. As we have explained, Plaintiffs do not believe that such an exception exists. As you have explained it, this exception would apply to the extent that Defendants were able to prove – via examination of Plaintiffs financial data, tax returns etc. – that their revenue and or profits increased as the prices of CRTs and CRT Products increased such that they suffered no damage. In other words, Defendants seek downstream discovery to perform the very pass-on analysis proscribed by the Supreme Court.

Eric Shapland
September 24, 2010
Page 3

As we discussed during the meet and confers, the Supreme Court rejected such an argument in *UtiliCorp*, 497 U.S. 217-18. There the Court held that despite a law which *required* a utility to pass-on 100% of any price increase to its customers, the "cost-plus" contract exception did not apply. *Id.* The Supreme Court also rejected a similar argument in *Illinois Brick* where one of the plaintiffs had purchased from a contractor who applied a "cost-plus" methodology. 341 U.S. at 744 (mere percentage mark-up contract not sufficient to support the "cost-plus" defense). The "cost-plus" exception only applies to pre-existing contracts that fix, in advance, the amount of products to be purchased and the price of those products. *See Hanover Shoe*, 392 U.S. at 494. Ninth Circuit authority also contradicts your position. *See Delaware Valley Surgical Supply, Inc. v. Johnson & Johnson,* 523 F.3d 1116, 1123 (9th Cir. 2008) (rejecting argument that broader cost-plus contract exception should be applied); *In re Ditropan XL Antitrust Litigation,* 2007 WL 2978329, at *4 (N.D. Cal. Oct 7, 2007) (in *UtiliCorp* "the Supreme Court cautioned lower federal courts against creating new exceptions to the *Illinois Brick* rule.").

During both of our meet and confer sessions, you indicated that you had Ninth Circuit authority to support the existence of a "functional equivalent to a cost plus contract" exception, and Plaintiffs asked that you provide it to us. You have not done so. The sole case you have identified – *In re Beef Industry Antitrust Litig.*, 600 F.2d 1148 (5th Cir. 1979) – not only is not a Ninth Circuit case, it predates *UtiliCorp.,* and contradicts the above Ninth Circuit authority.

*Third,* you have asserted the downstream discovery you seek is relevant to class certification issues – namely, typicality and adequacy. This attempt to circumvent the holding and rationale of *Hanover Shoe* is also without merit and has also been repeatedly rejected. *See, e.g., Abbott Labs.,* 251 F.R.D. at 435; *In re: Flat Glass Antitrust Litig. (II)*, Case No. 08-0180-DWA (Dkt. # 238) (W.D. Pa. Jan. 6, 2010) (denying defendants' motion to compel production of downstream data because information was not "relevant or necessary to determine class certification").

Defendants' reliance on *Valley Drug Co. v. Geneva Pharms. Inc.*, 350 F.3d 1181 (11th Cir. 2003) is misplaced. That decision is an anomaly, based on the peculiar facts of that case and the unique circumstances of the wholesale name brand and generic pharmaceuticals distribution network. The *Valley Drug* case involved unique pricing characteristics in the drug industry and a clearly identified conflict. None of the economic peculiarities of the drug industry described in *Valley Drug* are present in this case and Defendants have not even attempted to identify a specific conflict among class members.

*Valley Drug* is also inconsistent with the law of the Ninth Circuit and was wrongly decided. It has been criticized by several courts, including, recently, *Abbott Labs.*: "the Eleventh Circuit's holding fails to appreciate the true import of the *Hanover Shoe* rule that a direct purchaser may recover the full amount of the overcharge, even if he is otherwise benefited, because the antitrust injury occurs and is complete when the defendant sells at the illegally high price" (internal quotations and citations omitted). *See also Warner Chilcott Holdings Co., III,*

Eric Shapland
September 24, 2010
Page 4

*Ltd.* 246 F.R.D. at 303-04; *In re Wellbutrin SR Direct Purchaser Antitrust Litig.* 2008 WL 1946848 (E.D. Pa. May 2, 2008). [2]

*Fourth*, you have asserted that the discovery is relevant to damages and other merits issues. This argument too has been rejected many times. *See, e.g., Aspartame*, 2008 WL 2275528, at *4; *Auto Paint*, 2006 WL 1479819, at *7; *Vitamins*, 198 F.R.D. at 300-01. In *Aspartame*, the defendants sought downstream discovery, arguing that "information concerning the changes in supply, demand, pricing and discounting" would "demonstrate whether there are such significant differences in the product markets for putative class members that the individual issues will predominate over common issues for the class." 2008 WL 2275528, at *4. The court rejected the argument, explaining that:

> [I]n light of the considerable size of the aspartame market the Court does not find Plaintiffs' potential resales sufficiently significant to justify the burden on the Plaintiffs for providing individualized downstream discovery. Any analysis of the multi-billion dollar aspartame market is unlikely to be at all affected by this information.

*Id.*

Even if defendants were to obtain all of the voluminous downstream information they seek from each of the named class representatives, it will not meaningfully assist in damages analysis herein. In a market comprising tens of billions of dollars in sales, information from 13 individual purchasers would constitute a meaningless sample, and would be completely swamped by data available from other sources.

*Fifth*, you have asserted that the discovery is relevant to "pass-on" issues in the indirect purchaser case. Again, courts have rejected arguments that downstream discovery is proper simply because direct and indirect purchaser cases are consolidated before a single court. *See, e.g., Vitamins*, 198 F.R.D. at 301 ("the proposition that there are indirect purchasers in this case who may assert claims for damages other than direct overcharges is not sufficient to carry defendants' burden of showing this information ought to be produced by the direct purchasers"); *Poly Staple*, Case No. 03-cv-1516, at 6. Nor have you provided any authority to support your position. Moreover, as noted above, there is no need for this information from DPPs, whose sales comprise a tiny fraction of a multi-billion dollar market, when a vast amount of relevant information in the indirect purchaser case will be produced at less expense and burden to DPPs.

*Finally*, there is little question that the burden of producing downstream discovery far outweighs any arguable marginal relevance to issues in this case. Discovery may be limited by the Court if it finds that "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(iii). Here, the marginal

---

[2] *In re Urethane Antitrust Litigation*, 237 F.R.D. 454 (D. Kan. 2006), is another anomaly. In that case the court also failed to properly consider the underpinnings of the rule against "pass-on" analysis.

Eric Shapland
September 24, 2010
Page 5

relevance, if any, of the downstream information is far outweighed by the undue burden that plaintiffs will incur if compelled to produce the voluminous information defendants seek. *See Aspartame*, 2008 WL 2275528, at *5 (denying motion to compel because "marginal value" of the downstream data was "outweighed by the burden on plaintiffs of this type of discovery"); *Vitamins*, 198 F.R.D. at 301 (denying motion to compel downstream information because the "burden outweighs any potential benefit defendants might yield from this data"); *Poly Staple*, Case No. 03-cv-1516, at 9 (finding "burden to Plaintiffs far outweighs any potential benefit to Defendants").

For the foregoing reasons, apart from the focused discovery regarding whether plaintiffs purchased pursuant to "cost-plus" contracts, DPPs will not agree to provide the "downstream" discovery Defendants seek. Nor do we believed that Defendants have a reasonable basis for a motion to compel. If you wish to discuss any of the foregoing, please do not hesitate to contact me.

Lastly, you have requested that Plaintiffs clarify their responses regarding their purchases of CRT Tubes and/or CRT products from Defendants.

The following plaintiffs purchased CRT Tubes: Hawel A. Hawel, d/b/a City Electronics; Paula Call d/b/a Poway-Rancho Bernardo TV; Princeton Display Technologies, Inc.; and Wettstein and Sons, Inc., d/b/a Wettstein's.

The following Plaintiffs purchased CRT Products: Arch Electronics, Inc.; Crago, d/b/a Dash Computers, Inc.; Electronic Design Company; Meijer, Inc. and Meijer Distribution, Inc.; Nathan Muchnick, Inc.; Orion Home Systems, LLC; Radio & TV Equipment, Inc.; Royal Data Services, Inc.; Studio Spectrum, Inc.' and Wettstein and Sons, Inc., d/b/a Wettstein's.

To the extent you require any additional information regarding Plaintiffs' individual responses, we are willing to discuss it.

Sincerely,

*/s/ Geoffrey C. Rushing*
Geoffrey C. Rushing

cc:   Diane Webb
      Michelle Chiu
      Dylan Ballard

Exhibit B

1  Guido Saveri (22349) guido@saveri.com
   R. Alexander Saveri (173102) rick@saveri.com
2  Geoffrey C. Rushing (126910) grushing@saveri.com
   Cadio Zirpoli (179108) cadio@saveri.com
3  SAVERI & SAVERI, INC.
   706 Sansome Street
4  San Francisco, CA 94111
   Telephone:  (415) 217-6810
5  Facsimile:   (415) 217-6813

6  *Interim Lead Counsel for the Direct Purchaser
   Plaintiffs*

7

8

9                  **UNITED STATES DISTRICT COURT**

10     **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

11

12  | IN RE: CATHODE RAY TUBE (CRT) | MASTER FILE NO. 07-cv-5944 SC |
    | ANTITRUST LITIGATION | |
13  | | MDL NO. 1917 |

14  | This Document Relates to: | **PLAINTIFF CRAGO D/B/A DASH** |
    | | **COMPUTER, INC.'S RESPONSES TO** |
15  | ALL DIRECT PURCHASER ACTIONS | **DEFENDANT HITACHI AMERICA,** |
    | | **LTD.'S FIRST SET OF** |
16  | | **INTERROGATORIES** |

17
    PROPOUNDING PARTY:       HITACHI AMERICA, LTD.
18
    RESPONDING PARTY:        PLAINTIFF CRAGO D/B/A DASH COMPUTER, INC.
19
    SET NO.:                 ONE
20
        Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Crago d/b/a
21
    Dash Computer, Inc. ("Plaintiff"), by its attorneys, objects and responds to Defendant Hitachi
22
    America, Ltd.'s First Set of Interrogatories to the Direct Purchaser Plaintiffs (the
23
    "Interrogatories") as follows:
24
                            **GENERAL OBJECTIONS**
25
        Each of the following objections is incorporated by reference into each of the responses
26
    herein:
27
        1.      Plaintiff and its counsel have not completed their (1) investigation of the facts
28

815488.1                                                              MDL NO. 1917
PLAINTIFF CRAGO D/B/A DASH COMPUTER, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA,
LTD.'S FIRST SET OF INTERROGATORIES

1  relating to this case, (2) discovery in this action, or (3) preparation for trial. The following
2  responses are therefore based upon information known at this time and are provided without
3  prejudice to Plaintiff's right to supplement these responses prior to trial or to produce evidence
4  based on subsequently discovered information. Likewise, Plaintiff's responses are based upon,
5  and therefore limited by, Plaintiff's present knowledge and recollection, and consequently,
6  Plaintiff reserves the right to make any changes in these responses if it appears at any time that
7  inadvertent errors or omissions have been made.

8      2.     Plaintiff generally objects to the Interrogatories, including the Instructions and
9  Definitions, to the extent they purport to enlarge, expand or alter in any way the plain meaning and
10  scope of any interrogatory or to impose any obligations on Plaintiff's responses in excess of those
11  required by the Federal Rules of Civil Procedure. Plaintiff will respond to these Interrogatories in
12  accordance with its understanding of the obligations imposed by the Federal Rules of Civil
13  Procedure.

14      3.     Plaintiff objects to the Interrogatories, including the Instructions and Definitions, to
15  the extent the information sought is protected by the attorney-client privilege, the attorney work
16  product doctrine, or is otherwise privileged and/or immune from discovery. By responding to
17  these Interrogatories, Plaintiff does not waive, intentionally or otherwise, any attorney-client
18  privilege, attorney work-product or any other privilege, immunity or other protection that may be
19  asserted to protect any information from disclosure. Accordingly, any response or production of
20  documents or disclosure of information inconsistent with the foregoing is wholly inadvertent and
21  shall not constitute a waiver of any such privilege, immunity or other applicable protection.

22      4.     Plaintiff objects to the Interrogatories to the extent they fail to state with sufficient
23  particularity the information and categories of information to be provided.

24      5.     Plaintiff objects to the Interrogatories to the extent they request Plaintiff to produce
25  documents outside its possession, custody, or control.

26      6.     Plaintiff objects to the Interrogatories to the extent they are overly broad and
27  unduly burdensome.

28      7.     Plaintiff objects to the Interrogatories to the extent they are vague, ambiguous,

1 redundant, harassing or oppressive.

2         8.    Plaintiff objects to the Interrogatories to the extent they require Plaintiff to draw
3 legal conclusions.

4         9.    Plaintiff objects to the Interrogatories to the extent the information requested is
5 neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6        10.    Plaintiff objects to the Interrogatories to the extent that they, or any portion of
7 them, seek production of any information within the possession, custody, or control of any
8 Defendant, or of publicly available information such that the information is obtainable from some
9 other source that is more convenient, less burdensome or less expensive, or the production of the
10 information will impose undue burden, inconvenience, or expense upon Plaintiff.

11        11.    Plaintiff objects to each and every interrogatory and also to the instructions
12 accompanying them, to the extent they seek to require Plaintiff to produce all information that
13 supports or otherwise relates to specific contentions in this litigation, on the ground that such
14 contention interrogatories are unduly burdensome and premature at this stage of the litigation.

15        12.    Plaintiff objects to the Interrogatories to the extent that they seek information
16 relating to the sales or use of CRT(s) and/or CRT PRODUCT(s) acquired by Plaintiff, or other
17 such downstream data, because such information is not relevant to the claim or defense of any
18 party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure*
19 *Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Additionally,
20 information other than that related to direct purchases of CRT Products from the named
21 defendants in this action has been barred by the United States Supreme Court, *Illinois Brick Co. v.*
22 *Illinois,* 431 U.S. 720 (1977).

23        13.    Plaintiff objects to the Interrogatories to the extent that they seek information that
24 requires expert opinion. Plaintiff is entitled to provide additional evidence that is responsive to
25 one or more of the interrogatories in the form of expert reports at the appropriate time, and no
26 response should be construed to foreclose any such disclosure.

27        14.    Plaintiff reserves the right to modify their allegations based on additional
28 discovery, additional analysis of existing discovery, discovery not yet completed and/or expert

1  discovery, and Plaintiff reserves the right to supplement and/or delete the responses given in light

2  of further evidence and further analysis of present and subsequently acquired evidence.

3      15.    In addition, in accordance with the Federal Rules of Civil Procedure, Plaintiff

4  reserves the right to introduce evidence not yet identified herein supporting Plaintiff's allegations,

5  including evidence that Plaintiff expects to further develop through the course of discovery and

6  expert analysis.

7      16.    In providing responses to the Interrogatories, Plaintiff reserves all objections as to

8  competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent

9  proceeding in, or trial of, this or any other action for any purpose whatsoever.

10      17.    No incidental or implied admissions are intended in these responses. Plaintiff's

11  response to all or any part of any Interrogatory should not be taken as an admission that: (a)

12  Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by the Interrogatory; or

13  (b) Plaintiff has in its possession, custody or control documents or information responsive to that

14  interrogatory; or (c) documents or information responsive to that interrogatory exist. Plaintiff's

15  response to all or any part of an Interrogatory also is not intended to be, and shall not be, a waiver

16  by Plaintiff of all or any part of its objection(s) to that interrogatory.

17      18.    Plaintiff objects to the interrogatories to the extent they are duplicative of

18  interrogatories served by other defendants in this litigation. To the extent these interrogatories

19  seek answers that are duplicative to those requested by other interrogatories that have already been

20  propounded on the direct purchaser class, or served at the same time as these interrogatories, the

21  direct purchaser plaintiffs will only answer them once.

22      19.    Plaintiff objects to these interrogatories to the extent that the cumulative requests

23  by all defendants in this litigation exceed the permissible number set forth in the Federal Rules.

24  **RESPONSES**

25  **INTERROGATORY NO. I:**

26      IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR

27  responses to these interrogatories.

28

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows: David M. Allen, President, Crago Corp., 7228 West Frontage Road, Merriam, Kansas 66203.

**INTERROGATORY NO. 2:**

Separately identify each CRT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not respond to this interrogatory because it impermissibly calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

**INTERROGATORY NO. 3:**

Separately identify each CRT PRODUCT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT PRODUCT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

1 │ YOUR response.

2 │ **RESPONSE TO INTERROGATORY NO. 3:**

3 │       Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

4 │ objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

5 │ broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

6 │ seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

7 │ not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

8 │ respond to this interrogatory because it impermissibly calls for downstream information

9 │ concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

10 │ defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

11 │ 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

12 │ 2005).

13 │ **INTERROGATORY NO. 4:**

14 │       For each sale of a CRT identified in Interrogatory No. 2, state all terms and conditions that

15 │ were a part of the sale, including without limitation all terms and conditions RELATING TO

16 │ pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any PERSON in connection

17 │ with the sale.

18 │       As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

19 │ YOUR response.

20 │ **RESPONSE TO INTERROGATORY NO. 4:**

21 │       Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

22 │ objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

23 │ broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

24 │ seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

25 │ not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

26 │ respond to this interrogatory because it impermissibly calls for downstream information

27 │ concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

28 │ defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

1 | 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.
2 | 2005).

3 | **INTERROGATORY NO. 5:**

4 | For each sale of a CRT PRODUCT identified in Interrogatory No. 3, state all terms and
5 | conditions that were a part of the sale, including without limitation all terms and conditions
6 | RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any
7 | PERSON in connection with the sale.

8 | As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports
9 | YOUR response.

10 | **RESPONSE TO INTERROGATORY NO. 5:**

11 | Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff
12 | objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly
13 | broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it
14 | seeks information entirely irrelevant to the issues raised and damages claimed in this case and is
15 | not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not
16 | respond to this interrogatory because it impermissibly calls for downstream information
17 | concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or
18 | defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.
19 | 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.
20 | 2005).

21 | **INTERROGATORY NO. 6:**

22 | Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT,
23 | including without limitation their subsidiaries and affiliates, state for each calendar year of the
24 | RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRTs YOU acquired
25 | or sold.

26 | As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports
27 | YOUR response.

28 |

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory because it calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party. Plaintiff further objects to this interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or theories that may be the subject of expert testimony. Plaintiff also objects to this interrogatory to the extent it calls for disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from discovery. Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action. Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the Northern District of California. Subject to, and without waiving these objections, Plaintiff responds that it did not purchase CRTs (as opposed to CRT Products) during the Relevant Period.

**INTERROGATORY NO. 7:**

Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT, including without limitation their subsidiaries and affiliates, state for each calendar year of the RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRT PRODUCTS YOU acquired or sold.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff

1 objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

2 broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

3 information entirely irrelevant to the issues raised and damages claimed in this case and is not

4 likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory

5 because it calls for downstream information concerning sales of CRTs by Plaintiff and such

6 information is not relevant to the claims or defenses of any party. Plaintiff further objects to this

7 interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure

8 of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative

9 analyses, opinions, or theories that may be the subject of expert testimony. Plaintiff also objects to

10 this interrogatory to the extent it calls for disclosure of information that is protected by the

11 attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from

12 discovery. Plaintiff further objects to this interrogatory on the ground that it is duplicative of other

13 interrogatories served in this action. Finally, Plaintiff objects to this interrogatory to the extent it

14 imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and

15 34 and the applicable Local Rules of the United States District Court for the Northern District of

16 California. Subject to, and without waiving these objections, Plaintiff's purchases of CRT

17 Products from the defendants may be derived from their production of documents. *See* Bates

18 Range CRAGO0000001-7.

19 **INTERROGATORY NO. 8:**

20       IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the

21 terms and conditions for each of YOUR acquisitions or sales of CRTs during the RELEVANT

22 PERIOD.

23 **RESPONSE TO INTERROGATORY NO. 8:**

24       Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff

25 objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

26 broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

27 information entirely irrelevant to the issues raised and damages claimed in this case and is not

28 likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory

1  because it calls for downstream information concerning sales of CRTs by Plaintiff and such

2  information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins*

3  *Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust*

4  *Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Plaintiff further objects to this interrogatory on

5  the ground that it is duplicative of other interrogatories served in this action.

6        Subject to, and without waiving, the foregoing objections, Plaintiff responds with respect

7  to their acquisition of CRT Products from defendants as follows:  David M. Allen, President,

8  Crago Corp., 7228 West Frontage Road, Merriam, Kansas 66203.

9  **INTERROGATORY NO. 9:**

10        IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the

11  terms and conditions for each of YOUR acquisitions or sales of CRT PRODUCTS during the

12  RELEVANT PERIOD.

13  **RESPONSE TO INTERROGATORY NO. 9:**

14        Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

15  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

16  broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks

17  information entirely irrelevant to the issues raised and damages claimed in this case and is not

18  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

19  because it calls for downstream information concerning sales of CRTs by Plaintiff and such

20  information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins*

21  *Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust*

22  *Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Plaintiff further objects to this interrogatory on

23  the ground that it is duplicative of other interrogatories served in this action.

24        Subject to, and without waiving, the foregoing objections, Plaintiff responds with respect

25  to their acquisition of CRT Products from defendants as follows:  David M. Allen, President,

26  Crago Corp., 7228 West Frontage Road, Merriam, Kansas 66203

27  **INTERROGATORY NO. 10:**

28        IDENTIFY YOUR product specifications for each acquisition or potential acquisition of

1  CRTs during the RELEVANT PERIOD, including without limitation all PERSONS with

2  knowledge of those specifications.

3  **RESPONSE TO INTERROGATORY NO. 10:**

4  Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff also

5  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

6  broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

7  information entirely irrelevant to the issues raised and damages claimed in this case and is not

8  likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory

9  on the ground that it is duplicative of other interrogatories served in this action. Subject to, and

10  without waiving, the foregoing objections, Plaintiff responds as follows:  Crago Corp. did not

11  provide any product specifications to any manufacturer in connection with the acquisition or

12  potential acquisition of CRT's during the relevant period.

13  **INTERROGATORY NO. 11:**

14  IDENTIFY YOUR product specifications for each acquisition or potential acquisition of

15  CRT PRODUCTS during the RELEVANT PERIOD, including without limitation all PERSONS

16  with knowledge of those specifications.

17  **RESPONSE TO INTERROGATORY NO. 11:**

18  Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff also

19  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

20  broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

21  information entirely irrelevant to the issues raised and damages claimed in this case and is not

22  likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory

23  on the ground that it is duplicative of other interrogatories served in this action.  Subject to, and

24  without waiving, the foregoing objections, Plaintiff responds as follows:  Crago Corp. did not

25  provide any product specifications to any manufacturer in connection with the acquisition or

26  potential acquisition of CRT products during the relevant period.

27  **INTERROGATORY NO. 12:**

28  Separately, with respect to each CRT that YOU acquired during the RELEVANT

1    PERIOD, state the total dollar amount by which YOU allege YOU were overcharged as a result of
2    the allegations in the Complaint.

3           As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports
4    YOUR response.

5    **RESPONSE TO INTERROGATORY NO. 12:**

6           Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff
7    objects to this interrogatory as being a premature contention interrogatory.  *See In re Convergent*
8    *Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent
9    authority for the view that the wisest general policy is to defer propounding and answering
10   contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust*
11   *Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their
12   Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is
13   undertaken.").  Discovery has just started, Defendants have not meaningfully responded to
14   Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take
15   depositions until November 1, 2010).  Plaintiff further objects to this interrogatory to the extent
16   that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert
17   information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or
18   theories that may be the subject of expert testimony.  Plaintiff further objects to this interrogatory
19   on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material
20   neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff
21   also objects to this interrogatory to the extent it calls for disclosure of information that is protected
22   by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune
23   from discovery.  Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations
24   beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local
25   Rules of the United States District Court for the Northern District of California.

26   **INTERROGATORY NO. 13:**

27          Separately, with respect to each CRT PRODUCT that YOU acquired during the
28   RELEVANT PERIOD, state the total dollar amount by which YOU allege YOU were

1 || overcharged as a result of the allegations in the Complaint.

2 ||      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports
3 || YOUR response.

4 || **RESPONSE TO INTERROGATORY NO. 13:**

5 ||      Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff
6 || objects to this interrogatory as being a premature contention interrogatory.  *See In re Convergent*
7 || *Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent
8 || authority for the view that the wisest general policy is to defer propounding and answering
9 || contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust*
10 || *Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their
11 || Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is
12 || undertaken.").  Discovery has just started, Defendants have not meaningfully responded to
13 || Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take
14 || depositions until November 1, 2010).  Plaintiff further objects to this interrogatory to the extent
15 || that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert
16 || information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or
17 || theories that may be the subject of expert testimony.  Plaintiff further objects to this interrogatory
18 || on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material
19 || neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff
20 || also objects to this interrogatory to the extent it calls for disclosure of information that is protected
21 || by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune

22 || ///

23 || ///

24 || ///

25

26

27

28

1 | from discovery.  Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations

2 | beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local

3 | Rules of the United States District Court for the Northern District of California.

4

5 | DATED: July 7, 2010                    By:        /s/ Guido Saveri
                                                    SAVERI & SAVERI, INC.
                                                    706 Sansome Street
6                                                   San Francisco, CA 94111
                                                    Telephone:    (415) 217-6810
7                                                   Facsimile:    (415) 217-6813

8                                                   *Interim Lead Counsel for the Direct
                                                    Purchaser Plaintiffs*
9 | Crt.271a-1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF CRAGO D/B/A DASH COMPUTER, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES

## VERIFICATION

I, David M. Allen, am president of Crago Corp. I do hereby state, under penalty of perjury under the laws of the United States, that the responses contained in Plaintiff Crago Corp.'s Responses and Objections to Defendant Hitachi America Ltd.'s First Set of Interrogatories are true and correct to the best of my knowledge.

Executed on July ⁷⁄__, 2010.

_____
Signature