# Exhibit D

1  Guido Saveri (22349) guido@saveri.com
   R. Alexander Saveri (173102) rick@saveri.com
2  Geoffrey C. Rushing (126910) grushing@saveri.com
   Cadio Zirpoli (179108) cadio@saveri.com
3  SAVERI & SAVERI, INC.
   706 Sansome Street
4  San Francisco, CA 94111
   Telephone:  (415) 217-6810
5  Facsimile:    (415) 217-6813

6  *Interim Lead Counsel for the Direct Purchaser
   Plaintiffs*
7
   *[Additional counsel appear on signature page.]*
8

9                    UNITED STATES DISTRICT COURT

10   NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11

12  | IN RE: CATHODE RAY TUBE (CRT) | MASTER FILE NO. 07-cv-5944 SC |
    | ANTITRUST LITIGATION | |
13  | | MDL NO. 1917 |

14  | This Document Relates to: | **MEIJER, INC.'S AND MEIJER** |
    | | **DISTRIBUTION, INC.'S RESPONSES TO** |
15  | ALL DIRECT PURCHASER ACTIONS | **DEFENDANT HITACHI AMERICA,** |
    | | **LTD.'S FIRST SET OF** |
16  | | **INTERROGATORIES** |

17

18  PROPOUNDING PARTY:      HITACHI AMERICA, LTD.

19  RESPONDING PARTY:       MEIJER, INC. AND MEIJER DISTRIBUTION, INC.

20  SET NO.:                        ONE

21        Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Direct Purchaser

22  Plaintiffs Meijer, Inc. and Meijer Distribution, Inc. ("Plaintiffs" or "Meijer"), by their attorneys,

23  object and respond to Defendant Hitachi America, Ltd.'s First Set of Interrogatories to the Direct

24  Purchaser Plaintiffs (the "Interrogatories") as follows:

25                              **GENERAL OBJECTIONS**

26        Each of the following objections is incorporated by reference into each of the responses

27  herein:

28        1.      Plaintiffs and their counsel have not completed their (1) investigation of the facts

MEIJER, INC.'S AND MEIJER DISTRIBUTION, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA,
LTD.'S FIRST SET OF INTERROGATORIES

1 relating to this case, (2) discovery in this action, or (3) preparation for trial. The following
2 responses are therefore based upon information known at this time and are provided without
3 prejudice to Plaintiffs' right to supplement these responses prior to trial or to produce evidence
4 based on subsequently discovered information. Likewise, Plaintiffs' responses are based upon,
5 and therefore limited by, Plaintiffs' present knowledge and recollection, and consequently,
6 Plaintiffs reserve the right to make any changes in these responses if it appears at any time that
7 inadvertent errors or omissions have been made.

8      2.     Plaintiffs generally object to the Interrogatories, including the instructions and
9 definitions, to the extent they purport to enlarge, expand or alter in any way the plain meaning and
10 scope of any interrogatory or to impose any obligations on Plaintiffs' responses in excess of those
11 required by the Federal Rules of Civil Procedure. Plaintiffs will respond to these Interrogatories
12 in accordance with their understanding of the obligations imposed by the Federal Rules of Civil
13 Procedure.

14      3.     Plaintiffs object to the Interrogatories, including the instructions and definitions, to
15 the extent the information sought is protected by the attorney-client privilege, the attorney work
16 product doctrine, or is otherwise privileged and/or immune from discovery. By responding to
17 these Interrogatories, Plaintiffs do not waive, intentionally or otherwise, any attorney-client
18 privilege, attorney work-product or any other privilege, immunity or other protection that may be
19 asserted to protect any information from disclosure. Accordingly, any response or production of
20 documents or disclosure of information inconsistent with the foregoing is wholly inadvertent and
21 shall not constitute a waiver of any such privilege, immunity or other applicable protection.

22      4.     Plaintiffs object to the Interrogatories to the extent they fail to state with sufficient
23 particularity the information and categories of information to be provided.

24      5.     Plaintiffs object to the Interrogatories to the extent they request Plaintiffs to
25 produce documents outside their possession, custody, or control.

26      6.     Plaintiffs object to the Interrogatories to the extent they are overly broad and
27 unduly burdensome.

28      7.     Plaintiffs object to the Interrogatories to the extent they are vague, ambiguous,

1  redundant, harassing or oppressive.

2      8.    Plaintiffs object to the Interrogatories to the extent they require Plaintiffs to draw
3  legal conclusions.

4      9.    Plaintiffs object to the Interrogatories to the extent the information requested is
5  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6      10.   Plaintiffs object to the Interrogatories to the extent that they, or any portion of
7  them, seek production of any information within the possession, custody, or control of any
8  Defendant, or of publicly available information such that the information is obtainable from some
9  other source that is more convenient, less burdensome or less expensive, or the production of the
10  information will impose undue burden, inconvenience, or expense upon Plaintiffs.

11     11.   Plaintiffs object to each and every interrogatory and also to the instructions
12  accompanying them, to the extent they seek to require Plaintiffs to produce all information that
13  supports or otherwise relates to specific contentions in this litigation, on the ground that such
14  contention interrogatories are unduly burdensome and premature at this stage of the litigation.

15     12.   Plaintiffs object to the Interrogatories to the extent that they seek information
16  relating to the sales or use of CRT(s) and/or CRT PRODUCT(s) acquired by Plaintiffs, or other
17  such downstream data, because such information is not relevant to the claim or defense of any
18  party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure*
19  *Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Additionally,
20  information other than that related to direct purchases of CRTs and/or CRT Products from the
21  named Defendants in this action has been barred by the United States Supreme Court. *See Illinois*
22  *Brick Co. v. Illinois,* 431 U.S. 720 (1977).

23     13.   Plaintiffs object to the Interrogatories to the extent that they seek information that
24  requires expert opinion. Plaintiffs are entitled to provide additional evidence that is responsive to
25  one or more of the Interrogatories in the form of expert reports at the appropriate time, and no
26  response should be construed to foreclose any such disclosure.

27     14.   Plaintiffs reserve the right to modify their responses based on additional discovery,
28  additional analysis of existing discovery, discovery not yet completed and/or expert discovery, and

1  Plaintiffs reserve the right to supplement and/or delete the responses given in light of further
2  evidence and further analysis of present and subsequently acquired evidence.

3       15.    In addition, in accordance with the Federal Rules of Civil Procedure, Plaintiffs
4  reserve the right to introduce evidence not yet identified herein supporting Plaintiffs' allegations,
5  including evidence that Plaintiffs expect to further develop through the course of discovery and
6  expert analysis.

7       16.    In providing responses to the Interrogatories, Plaintiffs reserve all objections as to
8  competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent
9  proceeding in, or trial of, this or any other action for any purpose whatsoever.

10       17.    No incidental or implied admissions are intended in these responses. Plaintiffs'
11  response to all or any part of any interrogatory should not be taken as an admission that: (a)
12  Plaintiffs accept or admit the existence of any fact(s) set forth or assumed by the interrogatory; or
13  (b) Plaintiffs have in their possession, custody or control documents or information responsive to
14  that interrogatory; or (c) documents or information responsive to that interrogatory exist.
15  Plaintiffs' response to all or any part of an interrogatory also is not intended to be, and shall not
16  be, a waiver by Plaintiffs of all or any part of their objection(s) to that interrogatory.

17       18.    Plaintiffs object to the Interrogatories to the extent they are duplicative of
18  interrogatories served by other Defendants in this litigation.  To the extent these Interrogatories
19  seek answers that are duplicative to those requested by other interrogatories that have already been
20  propounded on the direct purchaser class, or served at the same time as these Interrogatories, the
21  direct purchaser Plaintiffs will only answer them once.

22       19.    Plaintiffs object to these Interrogatories to the extent that the cumulative requests
23  by all Defendants in this litigation exceed the permissible number set forth in the Federal Rules.

24       20.    Plaintiffs object to these Interrogatories, instructions and definitions to the extent
25  they call for documents or information relating to a time period other than the relevant Class
26  Period as defined in the Direct Purchaser Plaintiffs' Consolidated Amended Complaint.  Plaintiffs
27  will provide information only as to the relevant Class Period.

28

1 | **RESPONSES**

2 | **INTERROGATORY NO. 1:**

3 | IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR

4 | responses to these Interrogatories.

5 | **RESPONSE TO INTERROGATORY NO. 1:**

6 | Plaintiffs incorporate the General Objections as though fully set forth herein. Subject to,

7 | and without waiving, the foregoing objections, Meijer responds as follows: Tim Kause,

8 | Buyer/Merchandiser, and counsel for Meijer participated in the preparation of Meijer's responses

9 | to these Interrogatories.

10 | **INTERROGATORY NO. 2:**

11 | Separately identify each CRT that YOU sold during the RELEVANT PERIOD, including

12 | without limitation the date and place of sale, the type and manufacturer of each CRT sold, and the

13 | IDENTITY of each PERSON involved in the sale and the time period and nature of each

14 | PERSON's involvement.

15 | As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

16 | YOUR response.

17 | **RESPONSE TO INTERROGATORY NO. 2:**

18 | Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs

19 | object to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad

20 | and unduly burdensome. Plaintiffs further object to this interrogatory on the ground that it seeks

21 | information entirely irrelevant to the issues raised and damages claimed in this case and is not

22 | likely to lead to the discovery of admissible evidence. Plaintiffs further object and will not

23 | respond to this interrogatory because it impermissibly calls for downstream information

24 | concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

25 | defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

26 | 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

27 | 2005).

28 |

1 | **INTERROGATORY NO. 3:**

2 |     Separately identify each CRT PRODUCT that YOU sold during the RELEVANT

3 | PERIOD, including without limitation the date and place of sale, the type and manufacturer of

4 | each CRT PRODUCT sold, and the IDENTITY of each PERSON involved in the sale and the

5 | time period and nature of each PERSON's involvement.

6 |     As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

7 | YOUR response.

8 | **RESPONSE TO INTERROGATORY NO. 3:**

9 |     Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs

10 | object to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad

11 | and unduly burdensome.  Plaintiffs further object to this interrogatory on the ground that it seeks

12 | information entirely irrelevant to the issues raised and damages claimed in this case and is not

13 | likely to lead to the discovery of admissible evidence.  Plaintiffs further object and will not

14 | respond to this interrogatory because it impermissibly calls for downstream information

15 | concerning sales of CRT Products by Plaintiffs and such information is not relevant to the claims

16 | or defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

17 | 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

18 | 2005).

19 | **INTERROGATORY NO. 4:**

20 |     For each sale of a CRT identified in Interrogatory No. 2, state all terms and conditions that

21 | were a part of the sale, including without limitation all terms and conditions RELATING TO

22 | pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any PERSON in connection

23 | with the sale.

24 |     As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

25 | YOUR response.

26 | **RESPONSE TO INTERROGATORY NO. 4:**

27 |     Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs

28 | object to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad

1   and unduly burdensome.  Plaintiffs further object to this interrogatory on the ground that it seeks

2   information entirely irrelevant to the issues raised and damages claimed in this case and is not

3   likely to lead to the discovery of admissible evidence.  Plaintiffs further object and will not

4   respond to this interrogatory because it impermissibly calls for downstream information

5   concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

6   defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

7   2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

8   2005).

9   **INTERROGATORY NO. 5:**

10   For each sale of a CRT PRODUCT identified in Interrogatory No. 3, state all terms and

11   conditions that were a part of the sale, including without limitation all terms and conditions

12   RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any

13   PERSON in connection with the sale.

14   As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

15   YOUR response.

16   **RESPONSE TO INTERROGATORY NO. 5:**

17   Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs

18   object to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad

19   and unduly burdensome.  Plaintiffs further object to this interrogatory on the ground that it seeks

20   information entirely irrelevant to the issues raised and damages claimed in this case and is not

21   likely to lead to the discovery of admissible evidence.  Plaintiffs further object and will not

22   respond to this interrogatory because it impermissibly calls for downstream information

23   concerning sales of CRT Products by Plaintiffs and such information is not relevant to the claims

24   or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

25   2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

26   2005).

27   **INTERROGATORY NO. 6:**

28   Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT,

1 including without limitation their subsidiaries and affiliates, state for each calendar year of the
2 RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRTs YOU acquired
3 or sold.

4       As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports
5 YOUR response.

6 **RESPONSE TO INTERROGATORY NO. 6:**

7       Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs
8 object to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad
9 and unduly burdensome. Plaintiffs object to this interrogatory on the grounds that it seeks
10 information entirely irrelevant to the issues raised and damages claimed in this case and is not
11 likely to lead to the discovery of admissible evidence. Plaintiffs further object to this interrogatory
12 because it calls for downstream information concerning sales of CRTs by Plaintiffs and such
13 information is not relevant to the claims or defenses of any party. Plaintiffs further object to this
14 interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure
15 of experts and expert information, or requires Plaintiffs to set forth factual analyses, comparative
16 analyses, opinions, or theories that may be the subject of expert testimony. Plaintiffs also object to
17 this interrogatory to the extent it calls for disclosure of information that is protected by the
18 attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from
19 discovery. Plaintiffs further object to this interrogatory on the ground that it is duplicative of other
20 interrogatories served in this action. Finally, Plaintiffs object to this interrogatory to the extent it
21 imposes obligations on Plaintiffs beyond the scope of the Federal Rules of Civil Procedure 26 and
22 34 and the applicable Local Rules of the United States District Court for the Northern District of
23 California. Subject to, and without waiving these objections, Meijer responds that it has not
24 purchased CRTs.

25 **INTERROGATORY NO. 7:**

26       Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT,
27 including without limitation their subsidiaries and affiliates, state for each calendar year of the
28 RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRT PRODUCTS

1 │ YOU acquired or sold.

2 │        As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports
3 │ YOUR response.

4 │ **RESPONSE TO INTERROGATORY NO. 7:**

5 │        Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs
6 │ object to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad
7 │ and unduly burdensome. Plaintiffs object to this interrogatory on the grounds that it seeks
8 │ information entirely irrelevant to the issues raised and damages claimed in this case and is not
9 │ likely to lead to the discovery of admissible evidence. Plaintiffs further object to this interrogatory
10 │ because it calls for downstream information concerning sales of CRT Products by Plaintiffs and
11 │ such information is not relevant to the claims or defenses of any party. Plaintiffs further object to
12 │ this interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal
13 │ disclosure of experts and expert information, or requires Plaintiffs to set forth factual analyses,
14 │ comparative analyses, opinions, or theories that may be the subject of expert testimony. Plaintiffs
15 │ also object to this interrogatory to the extent it calls for disclosure of information that is protected
16 │ by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune
17 │ from discovery. Plaintiffs further object to this interrogatory on the ground that it is duplicative of
18 │ other interrogatories served in this action. Finally, Plaintiffs object to this interrogatory to the
19 │ extent it imposes obligations on Plaintiffs beyond the scope of the Federal Rules of Civil
20 │ Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the
21 │ Northern District of California. Subject to, and without waiving these objections, Meijer's
22 │ purchases of CRT Products from the Defendants may be derived from Meijer's production of
23 │ documents.

24 │ **INTERROGATORY NO. 8:**

25 │        IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the
26 │ terms and conditions for each of YOUR acquisitions or sales of CRTs during the RELEVANT
27 │ PERIOD.

28 │

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs object to this interrogatory on the grounds it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiffs object to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiffs further object to this interrogatory because it calls for downstream information concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Plaintiffs further object to this interrogatory on the ground that it is duplicative of other interrogatories served in this action.

Subject to, and without waiving, the foregoing objections, Meijer responds with respect to their acquisition of CRTs as follows: Meijer did not purchase CRTs during the Relevant Period.

**INTERROGATORY NO. 9:**

IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the terms and conditions for each of YOUR acquisitions or sales of CRT PRODUCTS during the RELEVANT PERIOD.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs object to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiffs object to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiffs further object to this interrogatory because it calls for downstream information concerning sales of CRT Products by Plaintiffs and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Plaintiffs further object to this interrogatory on the ground that it is duplicative of other interrogatories served in this action.

1  Subject to, and without waiving, the foregoing objections, Meijer responds with respect to

2  their acquisition of CRT Products as follows:  Tim Kause, Buyer/Merchandiser, has knowledge of

3  Meijer's negotiations of the terms and conditions for its acquisitions of CRT Products.

4  Information responsive to this interrogatory may be derived from Meijer's production of

5  documents.

6  **INTERROGATORY NO. 10:**

7  IDENTIFY YOUR product specifications for each acquisition or potential acquisition of

8  CRTs during the RELEVANT PERIOD, including without limitation all PERSONS with

9  knowledge of those specifications.

10  **RESPONSE TO INTERROGATORY NO. 10:**

11  Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs

12  also object to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

13  broad and unduly burdensome.  Plaintiffs object to this interrogatory on the grounds that it seeks

14  information entirely irrelevant to the issues raised and damages claimed in this case and is not

15  likely to lead to the discovery of admissible evidence.  Plaintiffs further object to this interrogatory

16  on the ground that it is duplicative of other interrogatories served in this action.  Subject to, and

17  without waiving, the foregoing objections, Meijer respond as follows:  Meijer did not purchase

18  CRTs during the Relevant Period.

19  **INTERROGATORY NO. 11:**

20  IDENTIFY YOUR product specifications for each acquisition or potential acquisition of

21  CRT PRODUCTS during the RELEVANT PERIOD, including without limitation all PERSONS

22  with knowledge of those specifications.

23  **RESPONSE TO INTERROGATORY NO. 11:**

24  Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs

25  also object to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

26  broad and unduly burdensome.  Plaintiffs object to this interrogatory on the grounds that it seeks

27  information entirely irrelevant to the issues raised and damages claimed in this case and is not

28  likely to lead to the discovery of admissible evidence.  Plaintiffs further object to this interrogatory

MEIJER INC.'S AND MEIJER DISTRIBUTION, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES

1  on the ground that it is duplicative of other interrogatories served in this action.  Subject to, and
2  without waiving, the foregoing objections, Meijer responds as follows:  Meijer has no specific
3  product specifications concerning its acquisitions of CRT Products, however, the factors that it
4  considers in making its purchase decisions are price, quality and reliable supply.

5  **INTERROGATORY NO. 12:**

6      Separately, with respect to each CRT that YOU acquired during the RELEVANT
7  PERIOD, state the total dollar amount by which YOU allege YOU were overcharged as a result of
8  the allegations in the Complaint.

9      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports
10  YOUR response.

11  **RESPONSE TO INTERROGATORY NO. 12:**

12      Plaintiffs incorporate the General Objections as though fully set forth herein.  Plaintiffs
13  object to this interrogatory as being a premature contention interrogatory.  *See In re Convergent*
14  *Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent
15  authority for the view that the wisest general policy is to defer propounding and answering
16  contention interrogatories until near the end of the discovery period"); *In re Ebay Seller Antitrust*
17  *Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their
18  Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is
19  undertaken.").  Discovery has just started, Defendants have not meaningfully responded to
20  Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take
21  depositions until November 1, 2010).  Plaintiffs further object to this interrogatory to the extent
22  that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert
23  information, or requires Plaintiffs to set forth factual analyses, comparative analyses, opinions, or
24  theories that may be the subject of expert testimony.  Plaintiffs further object to this interrogatory
25  on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material
26  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.
27  Plaintiffs also object to this interrogatory to the extent it calls for disclosure of information that is
28  protected by the attorney-client privilege, the work product doctrine, or is otherwise privileged or

MEIJER INC.'S AND MEIJER DISTRIBUTION, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA,
LTD.'S FIRST SET OF INTERROGATORIES

1 | immune from discovery. Finally, Plaintiffs object to this interrogatory to the extent it imposes
2 | obligations beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable
3 | Local Rules of the United States District Court for the Northern District of California.

4 | **INTERROGATORY NO. 13:**

5 | Separately, with respect to each CRT PRODUCT that YOU acquired during the
6 | RELEVANT PERIOD, state the total dollar amount by which YOU allege YOU were
7 | overcharged as a result of the allegations in the Complaint.

8 | As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports
9 | YOUR response.

10 | **RESPONSE TO INTERROGATORY NO. 13:**

11 | Plaintiffs incorporate the General Objections as though fully set forth herein. Plaintiffs
12 | object to this interrogatory as being a premature contention interrogatory. *See In re Convergent*
13 | *Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent
14 | authority for the view that the wisest general policy is to defer propounding and answering
15 | contention interrogatories until near the end of the discovery period"); *In re Ebay Seller Antitrust*
16 | *Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their
17 | Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is
18 | undertaken."). Discovery has just started, Defendants have not meaningfully responded to
19 | Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take
20 | depositions until November 1, 2010). Plaintiffs further object to this interrogatory to the extent
21 | that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert
22 | information, or requires Plaintiffs to set forth factual analyses, comparative analyses, opinions, or
23 | theories that may be the subject of expert testimony. Plaintiffs further object to this interrogatory
24 | on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material
25 | neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.
26 | Plaintiffs also object to this interrogatory to the extent it calls for disclosure of information that is
27 | protected by the attorney-client privilege, the work product doctrine, or is otherwise privileged or
28 | immune from discovery. Finally, Plaintiffs object to this interrogatory to the extent it imposes

1 obligations beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable

2 Local Rules of the United States District Court for the Northern District of California.

3 DATED: July 8, 2010                    By:        /s/ Guido Saveri

4                                                SAVERI & SAVERI, INC.
                                               706 Sansome Street
5                                              San Francisco, CA 94111
                                               Telephone:    (415) 217-6810
6                                              Facsimile:    (415) 217-6813

7                                              *Interim Lead Counsel for the Direct*
                                               *Purchaser Plaintiffs*
8

9                                              Linda P. Nussbaum
                                               NUSSBAUM LLP
10                                             88 Pine Street, 14th Floor
                                               New York, NY 10005
11                                             Telephone: (212) 838-7797
                                               Fax: (212) 838-7745
12                                             E mail: lnussbaum@nussbaumllp.com

13
                                               David P. Germaine
14                                             VANEK, VICKERS & MASINI, P.C.
                                               111 S. Wacker Drive, Suite 4050
15                                             Chicago, IL 60606
                                               Telephone: (312) 224-1500
16                                             Fax: (312) 224-1510
17                                             E mail: dgermaine@vaneklaw.com

18                                             *Counsel for Meijer, Inc. and*
                                               *Meijer Distribution, Inc.*
19

20

21

22

23

24

25

26

27

28

MEIJER INC.'S AND MEIJER DISTRIBUTION, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA,
                               LTD.'S FIRST SET OF INTERROGATORIES

# VERIFICATION

I, Tim Kause, declare as follows:

I am a Buyer/Merchandiser for Meijer Distribution, Inc., a Plaintiff in the above-named action. I am a representative of Meijer Distribution, Inc. and Meijer, Inc. and I am authorized to act on their behalf in connection with submission of these interrogatory answers.

I have read Meijer, Inc.'s and Meijer Distribution, Inc.'s Responses To Defendant Hitachi America, Ltd.'s First Set of Interrogatories to the Direct Purchaser Plaintiffs.

I verify that the answers provided and written above by Meijer, Inc. and Meijer Distribution, Inc. in these responses are true, accurate and correct to the best of my personal knowledge, information and belief and that of Meijer, Inc. and Meijer Distribution, Inc. derived from information available to Meijer, Inc. and Meijer Distribution, Inc.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, on this the 8th day of July, 2010.

_____
Tim Kause

MEIJER INC.'S AND MEIJER DISTRIBUTION, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES