# Exhibit E

Guido Saveri (22349) guido@saveri.com
R. Alexander Saveri (173102) rick@saveri.com
Geoffrey C. Rushing (126910) grushing@saveri.com
Cadio Zirpoli (179108) cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 SC |
|---|---|
| | MDL NO. 1917 |
| This Document Relates to: ALL DIRECT PURCHASER ACTIONS | **PLAINTIFF NATHAN MUCHNICK, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY: HITACHI AMERICA, LTD.

RESPONDING PARTY: PLAINTIFF NATHAN MUCHNICK, INC.

SET NO.: ONE

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Nathan Muchnick, Inc. ("Plaintiff"), by its attorneys, objects and responds to Defendant Hitachi America, Ltd.'s First Set of Interrogatories to the Direct Purchaser Plaintiffs (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

Each of the following objections is incorporated by reference into each of the responses herein:

1. Plaintiff and its counsel have not completed their (1) investigation of the facts

relating to this case, (2) discovery in this action, or (3) preparation for trial. The following responses are therefore based upon information known at this time and are provided without prejudice to Plaintiff's right to supplement these responses prior to trial or to produce evidence based on subsequently discovered information. Likewise, Plaintiff's responses are based upon, and therefore limited by, Plaintiff's present knowledge and recollection, and consequently, Plaintiff reserves the right to make any changes in these responses if it appears at any time that inadvertent errors or omissions have been made.

2. Plaintiff generally objects to the Interrogatories, including the Instructions and Definitions, to the extent they purport to enlarge, expand or alter in any way the plain meaning and scope of any interrogatory or to impose any obligations on Plaintiff's responses in excess of those required by the Federal Rules of Civil Procedure. Plaintiff will respond to these Interrogatories in accordance with its understanding of the obligations imposed by the Federal Rules of Civil Procedure.

3. Plaintiff objects to the Interrogatories, including the Instructions and Definitions, to the extent the information sought is protected by the attorney-client privilege, the attorney work product doctrine, or is otherwise privileged and/or immune from discovery. By responding to these Interrogatories, Plaintiff does not waive, intentionally or otherwise, any attorney-client privilege, attorney work-product or any other privilege, immunity or other protection that may be asserted to protect any information from disclosure. Accordingly, any response or production of documents or disclosure of information inconsistent with the foregoing is wholly inadvertent and shall not constitute a waiver of any such privilege, immunity or other applicable protection.

4. Plaintiff objects to the Interrogatories to the extent they fail to state with sufficient particularity the information and categories of information to be provided.

5. Plaintiff objects to the Interrogatories to the extent they request Plaintiff to produce documents outside its possession, custody, or control.

6. Plaintiff objects to the Interrogatories to the extent they are overly broad and unduly burdensome.

7. Plaintiff objects to the Interrogatories to the extent they are vague, ambiguous,

1  redundant, harassing or oppressive.

2  8. Plaintiff objects to the Interrogatories to the extent they require Plaintiff to draw legal conclusions.

3  9. Plaintiff objects to the Interrogatories to the extent the information requested is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4  10. Plaintiff objects to the Interrogatories to the extent that they, or any portion of them, seek production of any information within the possession, custody, or control of any Defendant, or of publicly available information such that the information is obtainable from some other source that is more convenient, less burdensome or less expensive, or the production of the information will impose undue burden, inconvenience, or expense upon Plaintiff.

5  11. Plaintiff objects to each and every interrogatory and also to the instructions accompanying them, to the extent they seek to require Plaintiff to produce all information that supports or otherwise relates to specific contentions in this litigation, on the ground that such contention interrogatories are unduly burdensome and premature at this stage of the litigation.

6  12. Plaintiff objects to the Interrogatories to the extent that they seek information relating to the sales or use of CRT(s) and/or CRT PRODUCT(s) acquired by Plaintiff, or other such downstream data, because such information is not relevant to the claim or defense of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Additionally, information other than that related to direct purchases of CRT Products from the named defendants in this action has been barred by the United States Supreme Court, *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977).

7  13. Plaintiff objects to the Interrogatories to the extent that they seek information that requires expert opinion. Plaintiff is entitled to provide additional evidence that is responsive to one or more of the interrogatories in the form of expert reports at the appropriate time, and no response should be construed to foreclose any such disclosure.

8  14. Plaintiff reserves the right to modify their allegations based on additional discovery, additional analysis of existing discovery, discovery not yet completed and/or expert

discovery, and Plaintiff reserves the right to supplement and/or delete the responses given in light of further evidence and further analysis of present and subsequently acquired evidence.

15. In addition, in accordance with the Federal Rules of Civil Procedure, Plaintiff reserves the right to introduce evidence not yet identified herein supporting Plaintiff's allegations, including evidence that Plaintiff expects to further develop through the course of discovery and expert analysis.

16. In providing responses to the Interrogatories, Plaintiff reserves all objections as to competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

17. No incidental or implied admissions are intended in these responses. Plaintiff's response to all or any part of any Interrogatory should not be taken as an admission that: (a) Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by the Interrogatory; or (b) Plaintiff has in its possession, custody or control documents or information responsive to that interrogatory; or (c) documents or information responsive to that interrogatory exist. Plaintiff's response to all or any part of an Interrogatory also is not intended to be, and shall not be, a waiver by Plaintiff of all or any part of its objection(s) to that interrogatory.

18. Plaintiff objects to the interrogatories to the extent they are duplicative of interrogatories served by other defendants in this litigation. To the extent these interrogatories seek answers that are duplicative to those requested by other interrogatories that have already been propounded on the direct purchaser class, or served at the same time as these interrogatories, the direct purchaser plaintiffs will only answer them once.

19. Plaintiff objects to these interrogatories to the extent that the cumulative requests by all defendants in this litigation exceed the permissible number set forth in the Federal Rules.

**RESPONSES**

**INTERROGATORY NO. I:**

IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff incorporates the General Objections as though fully set forth herein. Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows: Eugene J. Muchnick, sole owner of Plaintiff Nathan Muchnick, Inc. at all relevant times.

**INTERROGATORY NO. 2:**

Separately identify each CRT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff further objects to this interrogatory on the ground that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiff further objects and will not respond to this interrogatory because it impermissibly calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

**INTERROGATORY NO. 3:**

Separately identify each CRT PRODUCT that YOU sold during the RELEVANT PERIOD, including without limitation the date and place of sale, the type and manufacturer of each CRT PRODUCT sold, and the IDENTITY of each PERSON involved in the sale and the time period and nature of each PERSON's involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

YOUR response.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff further objects to this interrogatory on the ground that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiff further objects and will not respond to this interrogatory because it impermissibly calls for downstream information concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

**INTERROGATORY NO. 4:**

For each sale of a CRT identified in Interrogatory No. 2, state all terms and conditions that were a part of the sale, including without limitation all terms and conditions RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any PERSON in connection with the sale.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff further objects to this interrogatory on the ground that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiff further objects and will not respond to this interrogatory because it impermissibly calls for downstream information concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

**INTERROGATORY NO. 5:**

For each sale of a CRT PRODUCT identified in Interrogatory No. 3, state all terms and conditions that were a part of the sale, including without limitation all terms and conditions RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any PERSON in connection with the sale.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff further objects to this interrogatory on the ground that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiff further objects and will not respond to this interrogatory because it impermissibly calls for downstream information concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).

**INTERROGATORY NO. 6:**

Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT, including without limitation their subsidiaries and affiliates, state for each calendar year of the RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRTs YOU acquired or sold.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

7

MDL NO. 1917

PLAINTIFF NATHAN MUCHNICK, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory because it calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party. Plaintiff further objects to this interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or theories that may be the subject of expert testimony. Plaintiff also objects to this interrogatory to the extent it calls for disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from discovery. Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action. Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the Northern District of California. Subject to, and without waiving these objections, Plaintiff responds that it purchased CRT Products; *see* response to Interrogatory No. 7 below.

**INTERROGATORY NO. 7:**

Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT, including without limitation their subsidiaries and affiliates, state for each calendar year of the RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRT PRODUCTS YOU acquired or sold.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff

objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory because it calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party. Plaintiff further objects to this interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or theories that may be the subject of expert testimony. Plaintiff also objects to this interrogatory to the extent it calls for disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from discovery. Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action. Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the Northern District of California. Subject to, and without waiving these objections, Plaintiff's purchases of CRT Products from the defendants may be derived from its production of documents at Bates range NM 00001-1322.

**INTERROGATORY NO. 8:**

IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the terms and conditions for each of YOUR acquisitions or sales of CRTs during the RELEVANT PERIOD.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory

because it calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action.

Subject to, and without waiving, the foregoing objections, Plaintiff Nathan Muchnick, Inc. responds that it purchased CRT Products; *see* response to Interrogatory No. 9 below.

**INTERROGATORY NO. 9:**

IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the terms and conditions for each of YOUR acquisitions or sales of CRT PRODUCTS during the RELEVANT PERIOD.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory because it calls for downstream information concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action.

Subject to, and without waiving, the foregoing objections, Plaintiff responds with respect to its acquisition of CRT Products from defendants as follows: There were no negotiations over price or trade terms, but rather pricing was as set forth on the seller's price lists, subject to any standard allowances.

**INTERROGATORY NO. 10:**

IDENTIFY YOUR product specifications for each acquisition or potential acquisition of

1 CRTs during the RELEVANT PERIOD, including without limitation all PERSONS with
2 knowledge of those specifications.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff also objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action. Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows: Plaintiff purchased CRT Products; *see* response to Interrogatory No. 11 below.

**INTERROGATORY NO. 11:**

IDENTIFY YOUR product specifications for each acquisition or potential acquisition of CRT PRODUCTS during the RELEVANT PERIOD, including without limitation all PERSONS with knowledge of those specifications.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff also objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks information entirely irrelevant to the issues raised and damages claimed in this case and is not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory on the ground that it is duplicative of other interrogatories served in this action. Subject to, and without waiving, the foregoing objections, Plaintiff responds as follows: There were no product "specifications" other than that purchases of CRT Products were made on a basis of what Plaintiff expected people to buy. The person most knowledgeable about Plaintiff's CRT Product purchasing practices during the relevant period is Eugene J. Muchnick. In addition, the answer to this interrogatory may be derived from Plaintiff's production of documents at Bates range NM 00001-1322.

**INTERROGATORY NO. 12:**

Separately, with respect to each CRT that YOU acquired during the RELEVANT PERIOD, state the total dollar amount by which YOU allege YOU were overcharged as a result of the allegations in the Complaint.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff objects to this interrogatory as being a premature contention interrogatory. *See In re Convergent Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent authority for the view that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken."). Discovery has just started, Defendants have not meaningfully responded to Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take depositions until November 1, 2010). Plaintiff further objects to this interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or theories that may be the subject of expert testimony. Plaintiff further objects to this interrogatory on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this interrogatory to the extent it calls for disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from discovery. Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the Northern District of California.

**INTERROGATORY NO. 13:**

Separately, with respect to each CRT PRODUCT that YOU acquired during the RELEVANT PERIOD, state the total dollar amount by which YOU allege YOU were overcharged as a result of the allegations in the Complaint.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff objects to this interrogatory as being a premature contention interrogatory. *See In re Convergent Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent authority for the view that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken."). Discovery has just started, Defendants have not meaningfully responded to Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take depositions until November 1, 2010). Plaintiff further objects to this interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or theories that may be the subject of expert testimony. Plaintiff further objects to this interrogatory on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this interrogatory to the extent it calls for disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from discovery. Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the Northern District of California.

| | | |
|---|---|---|
| DATED: July 7, 2010 | By: | /s/ Guido Saveri<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA 94111<br>Telephone: (415) 217-6810<br>Facsimile: (415) 217-6813<br><br>*Interim Lead Counsel for the Direct Purchaser Plaintiffs* |

kal531643

## VERIFICATION

I, Eugene J. Muchnick, at all relevant times have been the sole owner of Plaintiff Nathan Muchnick, Inc. I do hereby state, under penalty of perjury under the laws of the United States, that the responses contained in Plaintiff Nathan Muchnick, Inc.'s Responses to Defendant Hitachi America, Ltd.'s First Set of Interrogatories are true and correct to the best of my knowledge.

Executed this 7th day of July, 2010 in West Conshohocken, Pennsylvania.

*/s/ Eugene J. Muchnick*
Eugene J. Muchnick

kal531645