# Exhibit G

1  Guido Saveri (22349) guido@saveri.com
   R. Alexander Saveri (173102) rick@saveri.com
2  Geoffrey C. Rushing (126910) grushing@saveri.com
   Cadio Zirpoli (179108) cadio@saveri.com
3  SAVERI & SAVERI, INC.
   706 Sansome Street
4  San Francisco, CA 94111
   Telephone: (415) 217-6810
5  Facsimile: (415) 217-6813

6  *Interim Lead Counsel for the Direct Purchaser
   Plaintiffs*

7

8

9               **UNITED STATES DISTRICT COURT**

10   **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

11

12  IN RE: CATHODE RAY TUBE (CRT)            MASTER FILE NO. 07-cv-5944 SC
    ANTITRUST LITIGATION
13                                           MDL NO. 1917

14  This Document Relates to:               **PLAINTIFF RADIO & TV EQUIPMENT,**
                                            **INC.'S RESPONSES TO DEFENDANT**
15  ALL DIRECT PURCHASER ACTIONS            **HITACHI AMERICA, LTD.'S FIRST SET**
                                            **OF INTERROGATORIES**
16

17

18  PROPOUNDING PARTY:        HITACHI AMERICA, LTD.

19  RESPONDING PARTY:         PLAINTIFF RADIO & TV EQUIPMENT, INC.

20  SET NO.:            ONE

21      Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Radio & TV

22  Equipment, Inc. ("Plaintiff"), by its attorneys, objects and responds to Defendant Hitachi America,

23  Ltd.'s First Set of Interrogatories to the Direct Purchaser Plaintiffs (the "Interrogatories") as

24  follows:

25                      **GENERAL OBJECTIONS**

26      Each of the following objections is incorporated by reference into each of the responses

27  herein:

28

1.    Plaintiff and its counsel have not completed their (1) investigation of the facts relating to this case, (2) discovery in this action, or (3) preparation for trial. The following responses are therefore based upon information known at this time and are provided without prejudice to Plaintiff's right to supplement these responses prior to trial or to produce evidence based on subsequently discovered information. Likewise, Plaintiff's responses are based upon, and therefore limited by, Plaintiff's present knowledge and recollection, and consequently, Plaintiff reserves the right to make any changes in these responses if it appears at any time that inadvertent errors or omissions have been made.

2.    Plaintiff generally objects to the Interrogatories, including the Instructions and Definitions, to the extent they purport to enlarge, expand or alter in any way the plain meaning and scope of any interrogatory or to impose any obligations on Plaintiff's responses in excess of those required by the Federal Rules of Civil Procedure. Plaintiff will respond to these Interrogatories in accordance with its understanding of the obligations imposed by the Federal Rules of Civil Procedure.

3.    Plaintiff objects to the Interrogatories, including the Instructions and Definitions, to the extent the information sought is protected by the attorney-client privilege, the attorney work product doctrine, or is otherwise privileged and/or immune from discovery. By responding to these Interrogatories, Plaintiff does not waive, intentionally or otherwise, any attorney-client privilege, attorney work-product or any other privilege, immunity or other protection that may be asserted to protect any information from disclosure. Accordingly, any response or production of documents or disclosure of information inconsistent with the foregoing is wholly inadvertent and shall not constitute a waiver of any such privilege, immunity or other applicable protection.

4.    Plaintiff objects to the Interrogatories to the extent they fail to state with sufficient particularity the information and categories of information to be provided.

5.    Plaintiff objects to the Interrogatories to the extent they request Plaintiff to produce documents outside its possession, custody, or control.

6.    Plaintiff objects to the Interrogatories to the extent they are overly broad and unduly burdensome.

1       7.    Plaintiff objects to the Interrogatories to the extent they are vague, ambiguous,

2   redundant, harassing or oppressive.

3       8.    Plaintiff objects to the Interrogatories to the extent they require Plaintiff to draw

4   legal conclusions.

5       9.    Plaintiff objects to the Interrogatories to the extent the information requested is

6   neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

7       10.    Plaintiff objects to the Interrogatories to the extent that they, or any portion of

8   them, seek production of any information within the possession, custody, or control of any

9   Defendant, or of publicly available information such that the information is obtainable from some

10  other source that is more convenient, less burdensome or less expensive, or the production of the

11  information will impose undue burden, inconvenience, or expense upon Plaintiff.

12      11.    Plaintiff objects to each and every interrogatory and also to the instructions

13  accompanying them, to the extent they seek to require Plaintiff to produce all information that

14  supports or otherwise relates to specific contentions in this litigation, on the ground that such

15  contention interrogatories are unduly burdensome and premature at this stage of the litigation.

16      12.    Plaintiff objects to the Interrogatories to the extent that they seek information

17  relating to the sales or use of CRT(s) and/or CRT PRODUCT(s) acquired by Plaintiff, or other

18  such downstream data, because such information is not relevant to the claim or defense of any

19  party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure

20  Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005).  Additionally,

21  information other than that related to direct purchases of CRT Products from the named

22  defendants in this action has been barred by the United States Supreme Court, *Illinois Brick Co. v.

23  Illinois,* 431 U.S. 720 (1977).

24      13.    Plaintiff objects to the Interrogatories to the extent that they seek information that

25  requires expert opinion.  Plaintiff is entitled to provide additional evidence that is responsive to

26  one or more of the interrogatories in the form of expert reports at the appropriate time, and no

27  response should be construed to foreclose any such disclosure.

28      14.    Plaintiff reserves the right to modify their allegations based on additional

1  discovery, additional analysis of existing discovery, discovery not yet completed and/or expert
2  discovery, and Plaintiff reserves the right to supplement and/or delete the responses given in light
3  of further evidence and further analysis of present and subsequently acquired evidence.

4      15.    In addition, in accordance with the Federal Rules of Civil Procedure, Plaintiff
5  reserves the right to introduce evidence not yet identified herein supporting Plaintiff's allegations,
6  including evidence that Plaintiff expects to further develop through the course of discovery and
7  expert analysis.

8      16.    In providing responses to the Interrogatories, Plaintiff reserves all objections as to
9  competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent
10 proceeding in, or trial of, this or any other action for any purpose whatsoever.

11     17.    No incidental or implied admissions are intended in these responses. Plaintiff's
12 response to all or any part of any Interrogatory should not be taken as an admission that: (a)
13 Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by the Interrogatory; or
14 (b) Plaintiff has in its possession, custody or control documents or information responsive to that
15 interrogatory; or (c) documents or information responsive to that interrogatory exist. Plaintiff's
16 response to all or any part of an Interrogatory also is not intended to be, and shall not be, a waiver
17 by Plaintiff of all or any part of its objection(s) to that interrogatory.

18     18.    Plaintiff objects to the interrogatories to the extent they are duplicative of
19 interrogatories served by other defendants in this litigation. To the extent these interrogatories
20 seek answers that are duplicative to those requested by other interrogatories that have already been
21 propounded on the direct purchaser class, or served at the same time as these interrogatories, the
22 direct purchaser plaintiffs will only answer them once.

23     19.    Plaintiff objects to these interrogatories to the extent that the cumulative requests
24 by all defendants in this litigation exceed the permissible number set forth in the Federal Rules.

25

26

27

28

1

**RESPONSES**

2 **INTERROGATORY NO. I:**

3        IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR

4 responses to these interrogatories.

5 **RESPONSE TO INTERROGATORY NO. 1:**

6        Plaintiff incorporates the General Objections as though fully set forth herein.  Subject to,

7 and without waiving, the foregoing objections, Plaintiff responds as follows:

8        Bruce Holtan, President of Radio & TV Equipment, Inc.
         615 North Shore Drive
9        Detroit Lakes, Minnesota
         56501
10

11 **INTERROGATORY NO. 2:**

12        Separately identify each CRT that YOU sold during the RELEVANT PERIOD, including

without limitation the date and place of sale, the type and manufacturer of each CRT sold, and the

13 IDENTITY of each PERSON involved in the sale and the time period and nature of each

14 PERSON's involvement.

15        As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

16 YOUR response.

17 **RESPONSE TO INTERROGATORY NO. 2:**

18        Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

19 objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

20 broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it

21 seeks information entirely irrelevant to the issues raised and damages claimed in this case and is

22 not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not

23 respond to this interrogatory because it impermissibly calls for downstream information

24 concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or

25 defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.

26 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.

27 2005).

28

1 **INTERROGATORY NO. 3:**

2    Separately identify each CRT PRODUCT that YOU sold during the RELEVANT
3 PERIOD, including without limitation the date and place of sale, the type and manufacturer of
4 each CRT PRODUCT sold, and the IDENTITY of each PERSON involved in the sale and the
5 time period and nature of each PERSON's involvement.

6    As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports
7 YOUR response.

8 **RESPONSE TO INTERROGATORY NO. 3:**

9    Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff
10 objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly
11 broad and unduly burdensome. Plaintiff further objects to this interrogatory on the ground that it
12 seeks information entirely irrelevant to the issues raised and damages claimed in this case and is
13 not likely to lead to the discovery of admissible evidence. Plaintiff further objects and will not
14 respond to this interrogatory because it impermissibly calls for downstream information
15 concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or
16 defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.
17 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.
18 2005).

19 **INTERROGATORY NO. 4:**

20    For each sale of a CRT identified in Interrogatory No. 2, state all terms and conditions that
21 were a part of the sale, including without limitation all terms and conditions RELATING TO
22 pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any PERSON in connection
23 with the sale.

24    As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports
25 YOUR response.

26 **RESPONSE TO INTERROGATORY NO. 4:**

27    Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff
28 objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

1 || broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it
2 || seeks information entirely irrelevant to the issues raised and damages claimed in this case and is
3 || not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not
4 || respond to this interrogatory because it impermissibly calls for downstream information
5 || concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or
6 || defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.
7 || 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.
8 || 2005).

9 || **INTERROGATORY NO. 5:**

10 ||        For each sale of a CRT PRODUCT identified in Interrogatory No. 3, state all terms and
11 || conditions that were a part of the sale, including without limitation all terms and conditions
12 || RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any
13 || PERSON in connection with the sale.

14 ||        As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports
15 || YOUR response.

16 || **RESPONSE TO INTERROGATORY NO. 5:**

17 ||        Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff
18 || objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly
19 || broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it
20 || seeks information entirely irrelevant to the issues raised and damages claimed in this case and is
21 || not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not
22 || respond to this interrogatory because it impermissibly calls for downstream information
23 || concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or
24 || defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.
25 || 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.
26 || 2005).

27 || **INTERROGATORY NO. 6:**

28 ||        Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT,

1  including without limitation their subsidiaries and affiliates, state for each calendar year of the
2  RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRTs YOU acquired
3  or sold.

4         As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports
5  YOUR response.

6  **RESPONSE TO INTERROGATORY NO. 6:**

7         Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff
8  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly
9  broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks
10  information entirely irrelevant to the issues raised and damages claimed in this case and is not
11  likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory
12  because it calls for downstream information concerning sales of CRTs by Plaintiff and such
13  information is not relevant to the claims or defenses of any party. Plaintiff further objects to this
14  interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure
15  of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative
16  analyses, opinions, or theories that may be the subject of expert testimony. Plaintiff also objects to
17  this interrogatory to the extent it calls for disclosure of information that is protected by the
18  attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from
19  discovery. Plaintiff further objects to this interrogatory on the ground that it is duplicative of other
20  interrogatories served in this action. Finally, Plaintiff objects to this interrogatory to the extent it
21  imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and
22  34 and the applicable Local Rules of the United States District Court for the Northern District of
23  California. Subject to, and without waiving these objections, Plaintiff's purchases of CRTs from
24  the defendants may be derived from their production of documents.

25  **INTERROGATORY NO. 7:**

26         Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT,
27  including without limitation their subsidiaries and affiliates, state for each calendar year of the
28  RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRT PRODUCTS

1 | YOU acquired or sold.

2 | As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports
3 | YOUR response.

4 | **RESPONSE TO INTERROGATORY NO. 7:**

5 | Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff
6 | objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly
7 | broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks
8 | information entirely irrelevant to the issues raised and damages claimed in this case and is not
9 | likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory
10 | because it calls for downstream information concerning sales of CRTs by Plaintiff and such
11 | information is not relevant to the claims or defenses of any party.  Plaintiff further objects to this
12 | interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure
13 | of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative
14 | analyses, opinions, or theories that may be the subject of expert testimony.  Plaintiff also objects to
15 | this interrogatory to the extent it calls for disclosure of information that is protected by the
16 | attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from
17 | discovery.  Plaintiff further objects to this interrogatory on the ground that it is duplicative of other
18 | interrogatories served in this action.  Finally, Plaintiff objects to this interrogatory to the extent it
19 | imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and
20 | 34 and the applicable Local Rules of the United States District Court for the Northern District of
21 | California.  Subject to, and without waiving these objections, Plaintiff's purchases of CRT
22 | Products from the defendants may be derived from their production of documents.

23 | **INTERROGATORY NO. 8:**

24 | IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the
25 | terms and conditions for each of YOUR acquisitions or sales of CRTs during the RELEVANT
26 | PERIOD.

27 | **RESPONSE TO INTERROGATORY NO. 8:**

28 | Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

PLAINTIFF RADIO & TV EQUIPMENT, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S
FIRST SET OF INTERROGATORIES

1 objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

2 broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

3 information entirely irrelevant to the issues raised and damages claimed in this case and is not

4 likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory

5 because it calls for downstream information concerning sales of CRTs by Plaintiff and such

6 information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins*

7 *Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust*

8 *Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Plaintiff further objects to this interrogatory on

9 the ground that it is duplicative of other interrogatories served in this action.

10 　　　　Subject to, and without waiving, the foregoing objections, Plaintiff responds with respect

11 to their acquisition of CRT Products from defendants as follows: Radio & TV Equipment, Inc.

12 did not purchase any CRTs during the RELEVANT PERIOD. It only purchased CRT

13 PRODUCTS.

14 **INTERROGATORY NO. 9:**

15 　　　　IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the

16 terms and conditions for each of YOUR acquisitions or sales of CRT PRODUCTS during the

17 RELEVANT PERIOD.

18 **RESPONSE TO INTERROGATORY NO. 9:**

19 　　　　Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff

20 objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

21 broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

22 information entirely irrelevant to the issues raised and damages claimed in this case and is not

23 likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory

24 because it calls for downstream information concerning sales of CRTs by Plaintiff and such

25 information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins*

26 *Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust*

27 *Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Plaintiff further objects to this interrogatory on

28 the ground that it is duplicative of other interrogatories served in this action.

1    Subject to, and without waiving, the foregoing objections, Plaintiff responds with respect

2  to their acquisition of CRT Products from defendants as follows:

3         Bruce Holtan, President of Radio & TV Equipment, Inc.
          615 North Shore Drive
4         Detroit Lakes, MN 56501

5         Randy Balzum, Former Sales Manager of Radio & TV Equipment, Inc.
          495 32nd Street North
6         Moorhead, MN 56560

7

8  **INTERROGATORY NO. 10:**

9         IDENTIFY YOUR product specifications for each acquisition or potential acquisition of

10  CRTs during the RELEVANT PERIOD, including without limitation all PERSONS with

11  knowledge of those specifications.

12  **RESPONSE TO INTERROGATORY NO. 10:**

13        Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff also

14  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

15  broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

16  information entirely irrelevant to the issues raised and damages claimed in this case and is not

17  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

18  on the ground that it is duplicative of other interrogatories served in this action.  Subject to, and

19  without waiving, the foregoing objections, Plaintiff responds as follows: Radio & TV Equipment,

20  Inc. did not purchase any CRTs during the RELEVANT PERIOD.   It only purchased CRT

21  PRODUCTS.

22        In addition, the answer to this interrogatory may be derived from Plaintiff's production of

23  documents.

24  **INTERROGATORY NO. 11:**

25        IDENTIFY YOUR product specifications for each acquisition or potential acquisition of

26  CRT PRODUCTS during the RELEVANT PERIOD, including without limitation all PERSONS

27  with knowledge of those specifications.

28

PLAINTIFF RADIO & TV EQUIPMENT, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S
FIRST SET OF INTERROGATORIES

1 | **RESPONSE TO INTERROGATORY NO. 11:**

2 |      Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff also

3 | objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

4 | broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

5 | information entirely irrelevant to the issues raised and damages claimed in this case and is not

6 | likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

7 | on the ground that it is duplicative of other interrogatories served in this action.  Subject to, and

8 | without waiving, the foregoing objections, Plaintiff responds as follows:  Radio & TV Equipment,

9 | Inc. neither provided any product specifications nor defined any specifications for any acquisition

10 | or potential acquisition of CRT PRODUCTS.  Rather, Radio & TV Equipment, Inc. sold whatever

11 | products Hitachi made available to it.

12 |      In addition, the answer to this interrogatory may be derived from plaintiff's production of

13 | documents.

14 | **INTERROGATORY NO. 12:**

15 |      Separately, with respect to each CRT that YOU acquired during the RELEVANT

16 | PERIOD, state the total dollar amount by which YOU allege YOU were overcharged as a result of

17 | the allegations in the Complaint.

18 |      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

19 | YOUR response.

20 | **RESPONSE TO INTERROGATORY NO. 12:**

21 |      Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

22 | objects to this interrogatory as being a premature contention interrogatory. *See In re Convergent*

23 | *Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent

24 | authority for the view that the wisest general policy is to defer propounding and answering

25 | contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust*

26 | *Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their

27 | Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is

28 | undertaken.").  Discovery has just started, Defendants have not meaningfully responded to

1  Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take

2  depositions until November 1, 2010). Plaintiff further objects to this interrogatory to the extent

3  that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert

4  information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or

5  theories that may be the subject of expert testimony. Plaintiff further objects to this interrogatory

6  on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material

7  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

8  also objects to this interrogatory to the extent it calls for disclosure of information that is protected

9  by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune

10  from discovery. Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations

11  beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local

12  Rules of the United States District Court for the Northern District of California.

13  **INTERROGATORY NO. 13:**

14       Separately, with respect to each CRT PRODUCT that YOU acquired during the

15  RELEVANT PERIOD, state the total dollar amount by which YOU allege YOU were

16  overcharged as a result of the allegations in the Complaint.

17       As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

18  YOUR response.

19  **RESPONSE TO INTERROGATORY NO. 13:**

20       Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff

21  objects to this interrogatory as being a premature contention interrogatory. *See In re Convergent*

22  *Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent

23  authority for the view that the wisest general policy is to defer propounding and answering

24  contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust*

25  *Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their

26  Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is

27  undertaken."). Discovery has just started, Defendants have not meaningfully responded to

28  Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take

PLAINTIFF RADIO & TV EQUIPMENT, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S
FIRST SET OF INTERROGATORIES

1  depositions until November 1, 2010).  Plaintiff further objects to this interrogatory to the extent

2  that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert

3  information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or

4  theories that may be the subject of expert testimony.  Plaintiff further objects to this interrogatory

5  on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material

6  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

7  also objects to this interrogatory to the extent it calls for disclosure of information that is protected

8  by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune

9  from discovery.  Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations

10  beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local

11  Rules of the United States District Court for the Northern District of California.

13  DATED:  July 8, 2010

By:      /s/ Guido Saveri
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:    (415) 217-6810
Facsimile:     (415) 217-6813

*Interim Lead Counsel for the Direct
Purchaser Plaintiffs*

Crt.271a-10

# **VERIFICATION**

I, Bruce Holtan, am President of Radio & TV Equipment, Inc.  I do hereby state, under penalty of perjury under the laws of the United States, that the responses contained in Plaintiff Radio & TV Equipment, Inc.'s Responses and Objections to Defendant Hitatchi America, LTD.'s First Set of Interrogatories are true and correct to the best of my knowledge.

Executed on July _5_, 2010.

_Bruce Holtan_

Signature