Exhibit H

1 | Guido Saveri (22349) guido@saveri.com
R. Alexander Saveri (173102) rick@saveri.com
2 | Geoffrey C. Rushing (126910) grushing@saveri.com
Cadio Zirpoli (179108) cadio@saveri.com
3 | SAVERI & SAVERI, INC.
706 Sansome Street
4 | San Francisco, CA 94111
Telephone:   (415) 217-6810
5 | Facsimile:   (415) 217-6813

6 | *Interim Lead Counsel for the Direct Purchaser*
*Plaintiffs*

7

8

9 | **UNITED STATES DISTRICT COURT**

10 | **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

11

12 | IN RE: CATHODE RAY TUBE (CRT)    MASTER FILE NO. 07-cv-5944 SC
ANTITRUST LITIGATION
13 | ————————————————————    MDL NO. 1917

14 | This Document Relates to:    **PLAINTIFF ROYAL DATA SERVICES,**
**INC.'S RESPONSES TO DEFENDANT**
15 | ALL DIRECT PURCHASER ACTIONS    **HITACHI AMERICA, LTD.'S FIRST SET**
**OF INTERROGATORIES**
16

17

18 | PROPOUNDING PARTY:    HITACHI AMERICA, LTD.

19 | RESPONDING PARTY:    PLAINTIFF ROYAL DATA SERVICES, INC.

20 | SET NO.:    ONE

21 | Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Royal Data

22 | Services, Inc. ("Plaintiff"), by its attorneys, objects and responds to Defendant Hitachi America,

23 | Ltd.'s First Set of Interrogatories to the Direct Purchaser Plaintiffs (the "Interrogatories") as

24 | follows:

25 | **GENERAL OBJECTIONS**

26 | Each of the following objections is incorporated by reference into each of the responses

27 | herein:

28 | 1.    Plaintiff and its counsel have not completed their (1) investigation of the facts

815488.1    MDL NO. 1917
PLAINTIFF ROYAL DATA SERVICES, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S
FIRST SET OF INTERROGATORIES

1  relating to this case, (2) discovery in this action, or (3) preparation for trial. The following
2  responses are therefore based upon information known at this time and are provided without
3  prejudice to Plaintiff's right to supplement these responses prior to trial or to produce evidence
4  based on subsequently discovered information. Likewise, Plaintiff's responses are based upon,
5  and therefore limited by, Plaintiff's present knowledge and recollection, and consequently,
6  Plaintiff reserves the right to make any changes in these responses if it appears at any time that
7  inadvertent errors or omissions have been made.

8      2.      Plaintiff generally objects to the Interrogatories, including the Instructions and
9  Definitions, to the extent they purport to enlarge, expand or alter in any way the plain meaning and
10  scope of any interrogatory or to impose any obligations on Plaintiff's responses in excess of those
11  required by the Federal Rules of Civil Procedure. Plaintiff will respond to these Interrogatories in
12  accordance with its understanding of the obligations imposed by the Federal Rules of Civil
13  Procedure.

14      3.      Plaintiff objects to the Interrogatories, including the Instructions and Definitions, to
15  the extent the information sought is protected by the attorney-client privilege, the attorney work
16  product doctrine, or is otherwise privileged and/or immune from discovery. By responding to
17  these Interrogatories, Plaintiff does not waive, intentionally or otherwise, any attorney-client
18  privilege, attorney work-product or any other privilege, immunity or other protection that may be
19  asserted to protect any information from disclosure. Accordingly, any response or production of
20  documents or disclosure of information inconsistent with the foregoing is wholly inadvertent and
21  shall not constitute a waiver of any such privilege, immunity or other applicable protection.

22      4.      Plaintiff objects to the Interrogatories to the extent they fail to state with sufficient
23  particularity the information and categories of information to be provided.

24      5.      Plaintiff objects to the Interrogatories to the extent they request Plaintiff to produce
25  documents outside its possession, custody, or control.

26      6.      Plaintiff objects to the Interrogatories to the extent they are overly broad and
27  unduly burdensome.

28      7.      Plaintiff objects to the Interrogatories to the extent they are vague, ambiguous,

1 | redundant, harassing or oppressive.

2 |     8.    Plaintiff objects to the Interrogatories to the extent they require Plaintiff to draw
3 | legal conclusions.

4 |     9.    Plaintiff objects to the Interrogatories to the extent the information requested is
5 | neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6 |     10.    Plaintiff objects to the Interrogatories to the extent that they, or any portion of
7 | them, seek production of any information within the possession, custody, or control of any
8 | Defendant, or of publicly available information such that the information is obtainable from some
9 | other source that is more convenient, less burdensome or less expensive, or the production of the
10 | information will impose undue burden, inconvenience, or expense upon Plaintiff.

11 |     11.    Plaintiff objects to each and every interrogatory and also to the instructions
12 | accompanying them, to the extent they seek to require Plaintiff to produce all information that
13 | supports or otherwise relates to specific contentions in this litigation, on the ground that such
14 | contention interrogatories are unduly burdensome and premature at this stage of the litigation.

15 |     12.    Plaintiff objects to the Interrogatories to the extent that they seek information
16 | relating to the sales or use of CRT(s) and/or CRT PRODUCT(s) acquired by Plaintiff, or other
17 | such downstream data, because such information is not relevant to the claim or defense of any
18 | party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure*
19 | *Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Additionally,
20 | information other than that related to direct purchases of CRT Products from the named
21 | defendants in this action has been barred by the United States Supreme Court, *Illinois Brick Co. v.*
22 | *Illinois,* 431 U.S. 720 (1977).

23 |     13.    Plaintiff objects to the Interrogatories to the extent that they seek information that
24 | requires expert opinion. Plaintiff is entitled to provide additional evidence that is responsive to
25 | one or more of the interrogatories in the form of expert reports at the appropriate time, and no
26 | response should be construed to foreclose any such disclosure.

27 |     14.    Plaintiff reserves the right to modify their allegations based on additional
28 | discovery, additional analysis of existing discovery, discovery not yet completed and/or expert

1 | discovery, and Plaintiff reserves the right to supplement and/or delete the responses given in light
2 | of further evidence and further analysis of present and subsequently acquired evidence.

3 |     15.     In addition, in accordance with the Federal Rules of Civil Procedure, Plaintiff
4 | reserves the right to introduce evidence not yet identified herein supporting Plaintiff's allegations,
5 | including evidence that Plaintiff expects to further develop through the course of discovery and
6 | expert analysis.

7 |     16.     In providing responses to the Interrogatories, Plaintiff reserves all objections as to
8 | competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent
9 | proceeding in, or trial of, this or any other action for any purpose whatsoever.

10 |     17.     No incidental or implied admissions are intended in these responses. Plaintiff's
11 | response to all or any part of any Interrogatory should not be taken as an admission that: (a)
12 | Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by the Interrogatory; or
13 | (b) Plaintiff has in its possession, custody or control documents or information responsive to that
14 | interrogatory; or (c) documents or information responsive to that interrogatory exist. Plaintiff's
15 | response to all or any part of an Interrogatory also is not intended to be, and shall not be, a waiver
16 | by Plaintiff of all or any part of its objection(s) to that interrogatory.

17 |     18.     Plaintiff objects to the interrogatories to the extent they are duplicative of
18 | interrogatories served by other defendants in this litigation. To the extent these interrogatories
19 | seek answers that are duplicative to those requested by other interrogatories that have already been
20 | propounded on the direct purchaser class, or served at the same time as these interrogatories, the
21 | direct purchaser plaintiffs will only answer them once.

22 |     19.     Plaintiff objects to these interrogatories to the extent that the cumulative requests
23 | by all defendants in this litigation exceed the permissible number set forth in the Federal Rules.

24 | **RESPONSES**

25 | **INTERROGATORY NO. I:**

26 |     IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR
27 | responses to these interrogatories.

28 |

1 | **RESPONSE TO INTERROGATORY NO. 1:**

2 |    Plaintiff incorporates the General Objections as though fully set forth herein.  Subject to,
3 | and without waiving, the foregoing objections, Plaintiff responds as follows:  Phillip Lau
4 | participated and assisted in the preparation of Royal Data Services, Inc.'s responses to these
5 | interrogatories.

6 | **INTERROGATORY NO. 2:**

7 |    Separately identify each CRT that YOU sold during the RELEVANT PERIOD, including
8 | without limitation the date and place of sale, the type and manufacturer of each CRT sold, and the
9 | IDENTITY of each PERSON involved in the sale and the time period and nature of each
10 | PERSON's involvement.

11 |    As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports
12 | YOUR response.

13 | **RESPONSE TO INTERROGATORY NO. 2:**

14 |    Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff
15 | objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly
16 | broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it
17 | seeks information entirely irrelevant to the issues raised and damages claimed in this case and is
18 | not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not
19 | respond to this interrogatory because it impermissibly calls for downstream information
20 | concerning sales of CRTs by Plaintiff and such information is not relevant to the claims or
21 | defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.
22 | 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.
23 | 2005).

24 | **INTERROGATORY NO. 3:**

25 |    Separately identify each CRT PRODUCT that YOU sold during the RELEVANT
26 | PERIOD, including without limitation the date and place of sale, the type and manufacturer of
27 | each CRT PRODUCT sold, and the IDENTITY of each PERSON involved in the sale and the
28 | time period and nature of each PERSON's involvement.

PLAINTIFF ROYAL DATA SERVICES, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S
FIRST SET OF INTERROGATORIES

1  As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports
2  YOUR response.

3  **RESPONSE TO INTERROGATORY NO. 3:**

4  Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff
5  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly
6  broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it
7  seeks information entirely irrelevant to the issues raised and damages claimed in this case and is
8  not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not
9  respond to this interrogatory because it impermissibly calls for downstream information
10  concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or
11  defenses of any party.  *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.
12  2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.
13  2005).

14  **INTERROGATORY NO. 4:**

15  For each sale of a CRT identified in Interrogatory No. 2, state all terms and conditions that
16  were a part of the sale, including without limitation all terms and conditions RELATING TO
17  pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any PERSON in connection
18  with the sale.

19  As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports
20  YOUR response.

21  **RESPONSE TO INTERROGATORY NO. 4:**

22  Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff
23  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly
24  broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the ground that it
25  seeks information entirely irrelevant to the issues raised and damages claimed in this case and is
26  not likely to lead to the discovery of admissible evidence.  Plaintiff further objects and will not
27  respond to this interrogatory because it impermissibly calls for downstream information
28  concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or

1 | defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.
2 | 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.
3 | 2005).

4 | **INTERROGATORY NO. 5:**

5 |      For each sale of a CRT PRODUCT identified in Interrogatory No. 3, state all terms and
6 | conditions that were a part of the sale, including without limitation all terms and conditions
7 | RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any
8 | PERSON in connection with the sale.

9 |      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports
10 | YOUR response.

11 | **RESPONSE TO INTERROGATORY NO. 5:**

12 |      Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff
13 | objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly
14 | broad and unduly burdensome. Plaintiff further objects to this interrogatory on the ground that it
15 | seeks information entirely irrelevant to the issues raised and damages claimed in this case and is
16 | not likely to lead to the discovery of admissible evidence. Plaintiff further objects and will not
17 | respond to this interrogatory because it impermissibly calls for downstream information
18 | concerning sales of CRTs by Plaintiffs and such information is not relevant to the claims or
19 | defenses of any party. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C.
20 | 2000); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa.
21 | 2005).

22 | **INTERROGATORY NO. 6:**

23 |      Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT,
24 | including without limitation their subsidiaries and affiliates, state for each calendar year of the
25 | RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRTs YOU acquired
26 | or sold.

27 |      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports
28 | YOUR response.

1 | **RESPONSE TO INTERROGATORY NO. 6:**

2 |     Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff
3 | objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly
4 | broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks
5 | information entirely irrelevant to the issues raised and damages claimed in this case and is not
6 | likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory
7 | because it calls for downstream information concerning sales of CRTs by Plaintiff and such
8 | information is not relevant to the claims or defenses of any party.  Plaintiff further objects to this
9 | interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure
10 | of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative
11 | analyses, opinions, or theories that may be the subject of expert testimony.  Plaintiff also objects to
12 | this interrogatory to the extent it calls for disclosure of information that is protected by the
13 | attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from
14 | discovery.  Plaintiff further objects to this interrogatory on the ground that it is duplicative of other
15 | interrogatories served in this action. Finally, Plaintiff objects to this interrogatory to the extent it
16 | imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and
17 | 34 and the applicable Local Rules of the United States District Court for the Northern District of
18 | California.  Subject to, and without waiving, the foregoing objections, Plaintiff responds that it did
19 | not purchase CRTs (as opposed to CRT Products) during the Relevant Period.

20 | **INTERROGATORY NO. 7:**

21 |     Separately for each DEFENDANT and "co-conspirator" alleged in the COMPLAINT,
22 | including without limitation their subsidiaries and affiliates, state for each calendar year of the
23 | RELEVANT PERIOD the gross dollar amounts, unit volumes, and types of CRT PRODUCTS
24 | YOU acquired or sold.

25 |     As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports
26 | YOUR response.

27 | **RESPONSE TO INTERROGATORY NO. 7:**

28 |     Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

1  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

2  broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks

3  information entirely irrelevant to the issues raised and damages claimed in this case and is not

4  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

5  because it calls for downstream information concerning sales of CRTs by Plaintiff and such

6  information is not relevant to the claims or defenses of any party.  Plaintiff further objects to this

7  interrogatory to the extent that it impermissibly seeks the premature and non-reciprocal disclosure

8  of experts and expert information, or requires Plaintiff to set forth factual analyses, comparative

9  analyses, opinions, or theories that may be the subject of expert testimony.  Plaintiff also objects to

10  this interrogatory to the extent it calls for disclosure of information that is protected by the

11  attorney-client privilege, the work product doctrine, or is otherwise privileged or immune from

12  discovery.  Plaintiff further objects to this interrogatory on the ground that it is duplicative of other

13  interrogatories served in this action.  Finally, Plaintiff objects to this interrogatory to the extent it

14  imposes obligations on Plaintiff beyond the scope of the Federal Rules of Civil Procedure 26 and

15  34 and the applicable Local Rules of the United States District Court for the Northern District of

16  California.  Subject to, and without waiving these objections, Plaintiff's purchases of CRT

17  Products from the defendants may be derived from their production of documents.

18  **INTERROGATORY NO. 8:**

19  IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the

20  terms and conditions for each of YOUR acquisitions or sales of CRTs during the RELEVANT

21  PERIOD.

22  **RESPONSE TO INTERROGATORY NO. 8:**

23  Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

24  objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

25  broad and unduly burdensome.  Plaintiff objects to this interrogatory on the grounds that it seeks

26  information entirely irrelevant to the issues raised and damages claimed in this case and is not

27  likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

28  because it calls for downstream information concerning sales of CRTs by Plaintiff and such

1  information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins*

2  *Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust*

3  *Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Plaintiff further objects to this interrogatory on

4  the ground that it is duplicative of other interrogatories served in this action.

5      Subject to, and without waiving, the foregoing objections, Plaintiff responds that it did not

6  purchase CRTs (as opposed to CRT Products) during the Relevant Period.

7  **INTERROGATORY NO. 9:**

8      IDENTIFY each PERSON with knowledge of YOUR negotiations RELATING TO the

9  terms and conditions for each of YOUR acquisitions or sales of CRT PRODUCTS during the

10 RELEVANT PERIOD.

11 **RESPONSE TO INTERROGATORY NO. 9:**

12      Plaintiff incorporates the General Objections as though fully set forth herein. Plaintiff

13 objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

14 broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

15 information entirely irrelevant to the issues raised and damages claimed in this case and is not

16 likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory

17 because it calls for downstream information concerning sales of CRTs by Plaintiff and such

18 information is not relevant to the claims or defenses of any party. *See, e.g., In re Vitamins*

19 *Antitrust Litig.*, 198 F.R.D. 296, 301 (D.D.C. 2000); *In re Pressure Sensitive Labelstock Antitrust*

20 *Litig.*, 226 F.R.D. 492, 497-498 (M.D. Pa. 2005). Plaintiff further objects to this interrogatory on

21 the ground that it is duplicative of other interrogatories served in this action.

22      Subject to, and without waiving, the foregoing objections, Plaintiff responds that Phillip

23 Lau has knowledge of the terms and conditions for Royal Data Services, Inc.'s acquisitions of

24 CRT Products.

25      During the Class Period, Royal Data Services, Inc. employed Eva Mayeshairo and Mike

26 Yokoyama who would have knowledge of Royal Data Services, Inc.'s CRT Product purchases,

27 but Royal Data Services, Inc. does not currently know their whereabouts.

1 | **INTERROGATORY NO. 10:**

2 |       IDENTIFY YOUR product specifications for each acquisition or potential acquisition of

3 | CRTs during the RELEVANT PERIOD, including without limitation all PERSONS with

4 | knowledge of those specifications.

5 | **RESPONSE TO INTERROGATORY NO. 10:**

6 |       Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff also

7 | objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

8 | broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

9 | information entirely irrelevant to the issues raised and damages claimed in this case and is not

10 | likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

11 | on the ground that it is duplicative of other interrogatories served in this action.  Subject to, and

12 | without waiving, the foregoing objections, Plaintiff responds that it did not purchase CRTs  (as

13 | opposed to CRT Products) during the Relevant Period.

14 | **INTERROGATORY NO. 11:**

15 |       IDENTIFY YOUR product specifications for each acquisition or potential acquisition of

16 | CRT PRODUCTS during the RELEVANT PERIOD, including without limitation all PERSONS

17 | with knowledge of those specifications.

18 | **RESPONSE TO INTERROGATORY NO. 11:**

19 |       Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff also

20 | objects to this interrogatory on the grounds that it is compound, vague and ambiguous, overly

21 | broad and unduly burdensome. Plaintiff objects to this interrogatory on the grounds that it seeks

22 |
23 | information entirely irrelevant to the issues raised and damages claimed in this case and is not

24 | likely to lead to the discovery of admissible evidence.  Plaintiff further objects to this interrogatory

25 | on the ground that it is duplicative of other interrogatories served in this action.  Subject to, and

26 | without waiving, the foregoing objections, Plaintiff responds that Phillip Lau has knowledge of

27 | Royal Data Services, Inc.'s product specifications for Royal Data Services, Inc.'s acquisitions of

28 |

1  CRT Products.  In addition, Plaintiff's product specifications may be derived from its production
2  of documents.

3  **INTERROGATORY NO. 12:**

4      Separately, with respect to each CRT that YOU acquired during the RELEVANT
5  PERIOD, state the total dollar amount by which YOU allege YOU were overcharged as a result of
6  the allegations in the Complaint.

7      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports
8  YOUR response.

9  **RESPONSE TO INTERROGATORY NO. 12:**

10     Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff
11  objects to this interrogatory as being a premature contention interrogatory.  *See In re Convergent*
12  *Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent
13  authority for the view that the wisest general policy is to defer propounding and answering
14  contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust*
15  *Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their
16  Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is
17  undertaken.").  Discovery has just started, Defendants have not meaningfully responded to
18  Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take
19  depositions until November 1, 2010).  Plaintiff further objects to this interrogatory to the extent
20  that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert
21  information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or
22  theories that may be the subject of expert testimony.  Plaintiff further objects to this interrogatory
23  on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material
24  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff
25  also objects to this interrogatory to the extent it calls for disclosure of information that is protected
26  by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune
27  from discovery.  Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations
28

1 | beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local

2 | Rules of the United States District Court for the Northern District of California.

3 | **INTERROGATORY NO. 13:**

4 |       Separately, with respect to each CRT PRODUCT that YOU acquired during the

5 | RELEVANT PERIOD, state the total dollar amount by which YOU allege YOU were

6 | overcharged as a result of the allegations in the Complaint.

7 |       As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

8 | YOUR response.

9 | **RESPONSE TO INTERROGATORY NO. 13:**

10 |       Plaintiff incorporates the General Objections as though fully set forth herein.  Plaintiff

11 | objects to this interrogatory as being a premature contention interrogatory.  *See In re Convergent*

12 | *Technologies Securities Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) ("[t]here is considerable recent

13 | authority for the view that the wisest general policy is to defer propounding and answering

14 | contention interrogatories until near the end of the discovery period."); *In re Ebay Seller Antitrust*

15 | *Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008) ("Courts using their

16 | Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is

17 | undertaken.").  Discovery has just started, Defendants have not meaningfully responded to

18 | Plaintiffs' discovery, and Plaintiffs have not taken any depositions (and are not permitted to take

19 | depositions until November 1, 2010).  Plaintiff further objects to this interrogatory to the extent

20 | that it impermissibly seeks the premature and non-reciprocal disclosure of experts and expert

21 | information, or requires Plaintiff to set forth factual analyses, comparative analyses, opinions, or

22 | theories that may be the subject of expert testimony.  Plaintiff further objects to this interrogatory

23 | on the ground that it is vague, ambiguous, overbroad and unduly burdensome, and seeks material

24 | neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

25 | also objects to this interrogatory to the extent it calls for disclosure of information that is protected

26 | by the attorney-client privilege, the work product doctrine, or is otherwise privileged or immune

27 | from discovery.  Finally, Plaintiff objects to this interrogatory to the extent it imposes obligations

28 | beyond the scope of the Federal Rules of Civil Procedure 26 and 34 and the applicable Local

1  Rules of the United States District Court for the Northern District of California.

2

3  DATED:  July 7, 2010                    By:      /s/ Guido Saveri

4                                                   SAVERI & SAVERI, INC.
                                                    706 Sansome Street
5                                                   San Francisco, CA 94111
                                                    Telephone:    (415) 217-6810
6                                                   Facsimile:    (415) 217-6813

7  Crt.271a-11                                       *Interim Lead Counsel for the Direct
                                                    Purchaser Plaintiffs*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

815488.1                        14                                  MDL NO. 1917
PLAINTIFF ROYAL DATA SERVICES, INC.'S RESPONSES TO DEFENDANT HITACHI AMERICA, LTD.'S
                          FIRST SET OF INTERROGATORIES

# VERIFICATION

I, Phillip Lau, am President of Royal Data Services, Inc.  I do hereby state, under penalty of perjury under the laws of the United States, that the responses contained in Plaintiff Royal Data Services Inc.'s Responses and Objections to Defendant Hitachi America, Ltd.'s First Set of Interrogatories are true and correct to the best of my knowledge.

Executed on ___July 8___, 2010.

Phillip Lau

424381.1