Mario N. Alioto (56433)
Lauren C. Russell (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:    (415) 563-7200
Facsimile:     (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel for Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-SC<br>MDL No. 1917 |
| | **STIPULATION AND [PROPOSED] ORDER REGARDING DOCUMENTS AND INFORMATION PRODUCED PURSUANT TO SUBPOENA** |
| This Document Relates to:<br><br>ALL INDIRECT-PURCHASER ACTIONS | Judge:  Hon. Samuel Conti<br>Special Master: Hon. Charles A. Legge (Ret.) |

Funai Corporation, Inc. ("Funai") and the Indirect Purchaser Plaintiffs in the matter entitled *In re: Cathode Ray Tube (CRT) Antitrust Litigation,* Case 3:07-cv-05944-SC MDL No. 1917, pending in the United States District Court, Northern District of California, hereby stipulate, recite and agree as follows as to Funai's production of information pursuant to the Indirect Purchaser's Subpoena of it for documents and information from a non-party:

1. Funai has some data in readily available electronic form that is responsive to Request Nos. 2 and 3 in the Subpoena directed to it, dated 11/6/09.

2. From its readily available data Funai shall produce certain information sought in Request Nos. 2 and 3 in that Subpoena. This production shall be subject to and protected by the Stipulated Protective Order in place in this litigation. Each purchase being produced shall include for each transaction, the following: (a) PO number; (b) date of the transaction; (c) product identifying number; (d) vendor name; (e) vendor number; (f) quantity of product purchased (units); and (g) transaction price. Each sale being produced shall include for each transaction, the following: (a) invoice number; (b) date of sales transaction; (c) product identifying number; (d) customer number; (e) customer name; (f) customer address; (g) quantity of product sold (units); (h) transaction price (i.e., price paid by customer for each unit); (i) transaction type (e.g., sale, return, credit, etc.); and (j) a description of the product sold.

3. Funai's production under this Agreement will be limited to electronic data, in readable format, using substantially the data fields described above.

4. The Indirect Purchaser Plaintiffs will give Funai (via its Counsel) notice if they learn that any of Funai's designated transaction data was marked by any party as a deposition exhibit. In each such instance, the Indirect Purchaser Plaintiffs will notify Funai of whether (and how) the relevant portion of the transcript was designated as protected under the Stipulated Protective Order. The notice will be given orally and then confirmed in writing within 48 hours following the deposition testimony in question (or within 48 hours of when any of the Indirect Purchaser Plaintiffs learn that data was

1  marked, whichever is earlier).

2      5.    Counsel for the Indirect Purchaser Plaintiffs will give Funai notice via its
3  counsel of scheduled Court proceedings on the question of how protected materials will
4  be handled in dispositive motions or at Trial.  That notice will be given orally (confirmed
5  in writing) at least 72 hours ahead of the proceedings, if the Indirect Purchaser Plaintiffs
6  are able to do so.  If they are not able to give that 72 hours notice of those proceedings,
7  they will give as much notice as they are able to give to Funai.  (If the Court issues an
8  Order setting a briefing schedule on any such question, the Indirect Purchaser Plaintiffs
9  will advise Funai via its counsel of that Order, although the Indirect Purchaser Plaintiffs
10  believe that it is also likely that Funai will see any such Order when it is posted to the
11  Court's ECF system.)

12      6.    Funai will produce such information within 5 working days after this
13  Agreement becomes effective as provided in paragraph 7 below.

14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

2

STIPULATION AND [PROPOSED] ORDER REGARDING DOCUMENTS AND INFORMATION PRODUCED
PURSUANT TO SUBPOENA - Master File No. CV-07-5944-SC, MDL No. 1917

7. This Agreement will become effective when executed by the undersigned parties and ordered by the Court.

Dated:  July 25, 2012

> By:   */s/ Lauren C. Russell*
>
> MARIO N. ALIOTO (56433)
> LAUREN C. RUSSELL (241151)
> **TRUMP, ALIOTO, TRUMP & PRESCOTT LLP**
> 2280 Union Street
> San Francisco, CA 94123
> Telephone:    (415) 563-7200
> Facsimile:     (415) 346-0679
> malioto@tatp.com
> laurenrussell@tatp.com
>
> *Interim Lead Counsel for Indirect-Purchaser Plaintiffs*
>
>
> By:   */s/ David J. Brown*
>
> DAVID J. BROWN (56628)
> 1135 Ulloa Street
> San Francisco, CA 94127
> Telephone:    (415) 716-7786
> djbrown2008@gmail.com
>
> *Counsel for Funai Corporation*

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, Lauren C. Russell, attest that concurrence in the filing of this document has been obtained from all signatories.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 25th day of July, 2012, at San Francisco, California.

  */s/ Lauren C. Russell*

1  **IT IS SO RECOMMENDED.**

2  DATED:  July ___, 2012

3
4  _____
5  Hon. Charles A. Legge
   Special Master

6
7  **IT IS SO ORDERED UPON THE RECOMMENDATION OF THE SPECIAL MASTER.**

8  DATED:  July ___, 2012

9
10  _____
    Hon. Samuel A. Conti
11  UNITED STATES DISTRICT JUDGE

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4
STIPULATION AND [PROPOSED] ORDER REGARDING DOCUMENTS AND INFORMATION PRODUCED
PURSUANT TO SUBPOENA - Master File No. CV-07-5944-SC, MDL No. 1917