1  MORGAN, LEWIS & BOCKIUS LLP
   KENT M. ROGER, State Bar No. 095987
2  MICHELLE PARK CHIU, State Bar No. 248421
   AMRUTHA NANJAPPA, State Bar No. 274500
3  One Market, Spear Street Tower
   San Francisco, CA  94105-1126
4  Tel:  415.442.1000
   Fax:  415.442.1001
5  E-mail:      kroger@morganlewis.com
                mchiu@morganlewis.com
6               ananjappa@morganlewis.com

7  MORGAN, LEWIS & BOCKIUS LLP
   SCOTT A. STEMPEL (*pro hac vice*)
8  J. CLAYTON EVERETT (*pro hac vice*)
   1111 Pennsylvania Avenue, N.W.
9  Washington, D.C. 20004
   Tel: 202.739.3000
10 Fax: 202.739.3001
   E-mail:      sstempel@morganlewis.com
11               jeverett@morganlewis.com

12 Attorneys for Defendants
   HITACHI, LTD., HITACHI ASIA, LTD., HITACHI
13 ELECTRONIC DEVICES (USA), INC. AND HITACHI
   DISPLAYS, LTD. (n/k/a JAPAN DISPLAY EAST, INC.)
14
   [Additional counsel listed on signature page]
15

16              **UNITED STATES DISTRICT COURT**

17              **NORTHERN DISTRICT OF CALIFORNIA**

18              **SAN FRANCISCO DIVISION**

19

20 IN RE: CATHODE RAY TUBE (CRT)
   ANTITRUST LITIGATION                    Master File No. 3:07-cv-05944-SC
21 ────────────────────────────────
22 This Document Relates To:               MDL No. 1917

23 STATE OF FLORIDA,                       Individual Case No. 11-cv-06205 SC

                   Plaintiff,             **DEFENDANTS' NOTICE OF MOTION**
24        v.                              **AND MOTION TO DISMISS THE STATE**
                                          **OF FLORIDA'S AMENDED**
25 LG ELECTRONICS, INC., et al.,          **COMPLAINT**

26                 Defendants.            Date/Time: To Be Decided
                                          Location: JAMS, Two Embarcadero Center,
27                                        Suite 1500
                                          Judge:  Hon. Samuel Conti
28                                        Special Master: Hon. Charles A. Legge (Ret.)

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
  SAN FRANCISCO
                                          MASTER FILE NO. 3:07-CV-05944-SC
                                                                  MDL NO. 1917
   DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FLORIDA'S AMENDED COMPLAINT

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ................................................................................................. 2

II.   ISSUE TO BE DECIDED..................................................................................... 2

III.  FACTUAL BACKGROUND ............................................................................... 2

IV.   ARGUMENT ...................................................................................................... 3

    A.   FLORIDA'S CLAIMS BROUGHT UNDER THE SHERMAN ACT, FLORIDA ANTITRUST ACT, AND FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT SHOULD BE DISMISSED AS UNTIMELY. ....................................................................................... 3

        1.   Florida's Claims Are Facially Untimely, Requiring Dismissal Of The Amended Complaint In Its Entirety. ..................................................... 3

        2.   Florida Cannot Rely On Its Insufficiently Pleaded "Continuing Conspiracy" Claim To Avoid The Statute Of Limitations. ....................... 5

    B.   FLORIDA FAILS TO ALLEGE ANY APPLICABLE TOLLING DOCTRINE TO EXCUSE THE UNTIMELINESS OF ITS CLAIMS. ............... 6

        1.   Neither Fraudulent Concealment Nor Class Action Tolling Applies To Florida's FAA Or FDUTPA Claims Because They Are Not Recognized Tolling Doctrines Under Florida Law..................................... 7

        2.   Even Were It a Recognized Tolling Doctrine In Florida, Fraudulent Concealment Would Not Save Florida's Stale FAA or FDUTPA Claims, Nor Can It Save Florida's Stale Sherman Act Claim. ................... 8

            a.   Florida has admitted that it was on notice of the alleged conspiracy in November 2007. ....................................................... 8

            b.   Florida has failed to adequately plead fraudulent concealment........................................................................... 10

            c.   Florida cannot rely on the doctrine of equitable estoppel as grounds to excuse its delay in filing this case. ............................. 12

        3.   Class Action Tolling Does Not Apply. .................................................... 14

            a.   Florida fails to plead facts establishing the elements necessary for class action tolling.................................................. 14

            b.   Florida's Sherman Act, FAA, and FDUTPA claims are not tolled by any of the DPP or IPP class actions. ............................. 14

            c.   Florida's claims were not tolled as a result of other indirect purchaser plaintiff class action complaints. .................................. 16

V.    CONCLUSION.................................................................................................. 17

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i                    MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FLORIDA'S AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Acoustic Innovations, Inc. v. Schafer*,
 976 So. 2d 1139 (Fla. 4th DCA 2008) ................................................................... 13

*Albano v. Shea Homes Ltd. Partnership*,
 634 F.3d 524 (9th Cir. 2011)................................................................................... 7

*Am. Pipe & Constr. Co. v. Utah*,
 414 U.S. 538 (1974) ............................................................................................... 14

*Amis v. Gulf Abstract & Title, Inc.*,
 564 F.Supp. 1121 (M.D. Fla. 1983) ......................................................................... 4

*Andrews v. Metro North Commuter R.R. Co.*,
 882 F.2d 705 (2d Cir. 1989)..................................................................................... 9

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ............................................................................................ 5, 6

*Ballen v. Prudential Bache Securities, Inc.*,
 23 F.3d 335 (10th Cir. 1994)................................................................................. 10

*Bell Atlantic v. Twombly*,
 550 U.S. 544 (2007)............................................................................................. 5, 6

*Black Diamond Properties, Inc. v. Haines*,
 69 So. 3d 1090 ...................................................................................................... 12

*Clemens v. DaimlerChrysler Corp.*,
 534 F.3d 1017 (9th Cir. 2008)............................................................................... 15

*Conerly v. Westinghouse Elec. Corp.*,
 623 F.2d 117 (9th Cir. 1980)........................................................................... 10, 14

*Conmar Corp. v. Mitsui & Co.*,
 858 F.2d 499 (9th Cir. 1988)................................................................................. 10

*Crown Cork & Seal Co. v. Parker*,
 462 U.S. 345 (1983) ............................................................................................... 14

*Del Sontro v. Cendant Corp.*,
 223 F. Supp. 2d 563 (D. N.J. 2002) ...................................................................... 16

*Doe v. Cutter Biological*,
 813 F.Supp. 1547 (M.D. Fla. 1993) ........................................................................ 9

*Dummar v. Lummis*,
 543 F.3d 614 (10th Cir. 2008)............................................................................... 10

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FLORIDA'S AMENDED COMPLAINT

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*E.W. French & Sons v. General Portland, Inc.,*
  885 F.2d 1392 (9th Cir. 1989)................................................................................. 4

*Florida Department of Health & Rehabilitative Services v. S.A.P.,*
  835 So. 2d 1091 (Fla. 2002)............................................................................ 12, 13

*Ganz v. Chunghwa Picture Tubes, Ltd.,*
  Case No. 08-cv-1721-SC (N.D. Cal. filed Mar. 31, 2008) .................................... 16

*Global Services v. Ikon Office Solutions,*
  No. C 10–05974 JSW, 2011 WL 6182425 (N.D. Cal. Dec. 13, 2011).................... 11

*Guaranty Trust Co. of New York v. York,*
  326 U.S. 99 (1945)................................................................................................. 7

*HCA Health Services of Florida, Inc. v. Hillman,*
  906 So. 2d 1094 (Fla. Dist. Ct. App. 2004) ........................................................... 7

*Hendricks v. Rambosk,*
  No. 10-cv-526, 2011 WL 1429646 (M.D. Fla. Apr. 14, 2011)............................... 13

*Hinton v. Pacific Enterprises,*
  5 F.3d 391 (9th Cir. 1993)................................................................................. 6, 14

*In Re: Cathode Ray Tube (CRT) Antitrust Litigation,*
  No. 07-cv-5944 (N.D. Cal. Mar. 16, 2009)........................................................... 15

*In Re: Cathode Ray Tube (CRT) Antitrust Litigation,*
  No. 07-cv-5944 (N.D. Cal. Dec. 11, 2010)........................................................... 15

*In re Fosamax Prod. Liab. Litig.,*
  694 F. Supp. 2d 253 (S.D.N.Y. 2010)................................................................... 15

*In re Rezulin Prods. Liab. Litig.,*
  No. 00-CIV-2843, 2006 WL 695253 (S.D.N.Y. March 15, 2006) .......................... 8

*In re TFT-LCD (Flat Panel) Antitrust Litig.,*
  No. 07-1827 SI, 2012 WL 273761 (N.D. Cal. Jan. 30, 2012) ................................. 7

*In re Vertrue Mktg. & Sales Practices Litig.,*
  712 F. Supp. 2d 703 (N.D. Ohio 2010)............................................................ 15, 16

*In re Vitamins Antitrust Litig.,*
  No. Misc 99-197 (TFH), 2000 WL 33975412 (D.D.C. Oct. 26, 2000) ................... 8

*In re: Vitamins Antitrust Litigation,*
  183 Fed.Appx. 1 (D.C. Cir. 2006)......................................................................... 8

*In re Wells Fargo Mortgage-Backed Certificates Litig.,*
  No. 09-cv-01376, 2010 WL 4117477 (N.D. Cal. Oct. 19, 2010) .......................... 17

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FLORIDA'S AMENDED COMPLAINT

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Juetten v. Chunghwa Picture Tubes, Ltd.*,
   Case No. 07-cv-06225-SC (N.D. Cal. filed Dec. 10, 2007)....................................16

*Justice v. United States*,
   6 F.3d 1474 (11th Cir. 1993)..........................................................................12

*Kindt v. Matsushita Electric Industrial Co., Ltd.*,
   07-cv-10322 (S.D.N.Y. 2007)..........................................................................8

*Kirtdoll v. City of Topeka*,
   315 F.3d 1234 (10th Cir. 2003)......................................................................14

*M.D. Rutledge v. Boston Woven Hose and Rubber Co.*,
   576 F.2d 248 (9th Cir. 1978)............................................................................6

*Maine State Ret. Sys. v. Countrywide Fin. Corp.*,
   772 F. Supp. 2d 1157 (C.D. Cal. 2010)..........................................................17

*Major League Baseball v. Morsani*,
   790 So. 2d 1071 (Fla. 2001)....................................................................12, 13

*Raie v. Cheminova, Inc.*,
   336 F.3d 1278 (11th Cir. 2003)......................................................................14

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
   442 F.3d 741 (9th Cir. 2006)............................................................................9

*Ross v. Chunghwa Picture Tubes, Ltd.*,
   Case No. 08-cv-1807-SC (N.D. Cal. filed Apr. 3, 2008)..................................16

*Ryan v. Lobo De Gonzalez*,
   841 So.2d 510 (Fla. 4th DCA 2003) ..........................................................12, 13

*Stack v. Chunghwa Picture Tubes, Ltd.*,
   Case No. 08-cv-1319-SC (N.D. Cal. filed Mar. 7, 2008) ................................16

*Stewart Coach Indus., Inc. v. Moore*,
   512 F. Supp. 879 (S.D. Ohio 1981) ................................................................11

*Summerhill v. Terminix, Inc.*,
   637 F.3d 877 (8th Cir. 2011)..........................................................................10

*Sundance Apartments I, Inc. v. Gen. Elec. Capital Corp.*,
   581 F. Supp.2d 1215 (S.D. Fla. 2008) ..............................................................4

*Swartzman v. Harlan*,
   535 So. 2d 605 (Fla. Dist. Ct. App. 1998) ........................................................8

*Technical Packaging, Inc. v. UCB Films, Inc.*,
   No. 8:03-cv-714, 2004 WL 5639769 (M.D. Fla. Dec. 21, 2004) ......................9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

iv

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FLORIDA'S AMENDED COMPLAINT

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*,
    552 F.3d 430 (6th Cir. 2008) .................................................................................................... 5

*Unicom Systems, Inc. v. Electronic Data Systems, Corp.*,
    No. cv-04-6716, 2005 WL 5801534 (C.D. Cal. Nov. 1, 2005)................................................. 9

*University of Miami v. Bogorff*,
    583 So. 2d 1000 (Fla. 1991)...................................................................................................... 9

*Wade v. Danek Medical, Inc.*,
    182 F.3d 281 (4th Cir. 1999).................................................................................................... 15

*Wasco Prods., Inc. v. Southwall Techs., Inc.*,
    435 F.3d 989 (9th Cir. 2006)................................................................................................... 14

*Watson v. Paul Revere Life Ins. Co.*,
    No. 11-21492-CIV, 2011 WL 5025120 (S.D. Fla. Oct. 21, 2011) ............................................ 3

*Williams v. Boeing Co.*,
    517 F.3d 1120 (9th Cir. 2008)................................................................................................. 15

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
    401 U.S. 321 (1971) .................................................................................................................. 4

**STATUTES**

15 U.S.C.
    § 1 ............................................................................................................................................. 3

15 U.S.C.
    § 15b ......................................................................................................................................... 4

Fla. Stat.
    § 95.051(1) .......................................................................................................................... 7, 8
    § 95.051(1) (a)-(f) ................................................................................................................... 7
    § 95.051(2) ............................................................................................................................... 7
    §§ 501.201, *et seq.* ................................................................................................................. 3
    § 501.207(5) ............................................................................................................................. 4
    § 542.18.................................................................................................................................... 3
    § 542.21.................................................................................................................................... 3
    § 542.26(1) ............................................................................................................................... 4

**RULES**

Fed. R. Civ. P.
    8(a) ...................................................................................................................................... 5, 6
    9(b) .................................................................................................................................. 10, 11
    12(b)(6) ............................................................................................................................... 2, 3

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

v

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FLORIDA'S AMENDED COMPLAINT

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

OTHER AUTHORITIES

51 Am. Jur. 2d *Limitations of Actions* § 184 .............................................................................. 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FLORIDA'S AMENDED COMPLAINT

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on a date to be decided, before the Honorable Charles A. Legge (Ret.) at the office of JAMS, Two Embarcadero Center, Suite 1500, San Francisco, California, the defendants listed in the signature blocks below ("Defendants") will and hereby do move the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an Order dismissing the Amended Complaint of the State of Florida ("Florida") because Florida's claims are barred by the applicable statutes of limitations.

This motion is based upon this Notice of Motion; the following Memorandum of Points and Authorities; Defendants' Request for Judicial Notice and the attached exhibits filed in support thereof; argument of counsel; and such other matters as the Court may consider.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FLORIDA'S AMENDED COMPLAINT

1  <u>**MEMORANDUM OF POINTS & AUTHORITIES**</u>

2  **I.      INTRODUCTION**

3      Florida initially filed a Complaint that was both deficient and untimely.  It acknowledges

4  this failure by revising its Complaint, and now tries again.  Florida's new Complaint drops

5  numerous named defendants, dismisses its Sherman Act and Florida Antitrust Act damages

6  claims, and attempts to muddy the date by which it became aware of its potential claims in an

7  attempt to sidestep the bar of the statute of limitations.

8      Florida's Amended Complaint ("Amended Complaint") should be dismissed pursuant to

9  Rule 12(b)(6) of the Federal Rules of Civil Procedure because its claims are, again, time-barred

10  under the applicable statutes of limitations.  All three of its claims each provide for a four-year

11  limitations period.  At the very latest, Florida's claims accrued in November 2007.  The

12  Complaint was filed on December 9, 2011, more than four years after the last claims asserted in

13  the Complaint allegedly accrued.  No tolling doctrine applies, and those untimely claims should

14  be dismissed.

15  **II.      ISSUE TO BE DECIDED**

16      1.      Whether Florida's claims are barred by the applicable statute of limitations.

17  **III.      FACTUAL BACKGROUND**

18      Florida filed a Complaint on December 9, 2011 seeking damages allegedly suffered as a

19  result of Defendants' alleged participation in a conspiracy to "suppress and eliminate competition

20  by fixing the prices of Cathode Ray Tubes (CRTs) and by agreeing to limit the production of

21  CRTs," which Florida asserts continued "from at least March 1, 1995 through at least November

22  25, 2007."  (Compl. ¶¶ 2, 89.)  Florida sought recovery of damages on behalf of both direct and

23  indirect purchasers of CRTs under the Sherman Act, the Florida Antitrust Act ("FAA") and the

24  Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

25      Defendants moved to dismiss the Complaint on July 3, 2012 on the basis that (1) Florida's

26  claims are barred by the applicable statutes of limitations, (2) the FAA claim based on assignors'

27  out-of-state purchases is not permitted, and (3) the Sherman Act and FAA damages claims based

28  on indirect purchases are not permitted ("Initial Motion").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FLORIDA'S AMENDED COMPLAINT

On July 16, 2012, Florida filed an Amended Complaint, and on July 17, 2012, Florida filed its Opposition to Defendants' Initial Motion ("Initial Opposition").  Florida conceded in its Initial Opposition that it no longer asserts either Sherman Act or FAA claims for damages.[1] Consistent with that admission, the Amended Complaint drops the Sherman Act and FAA damages claims.

Florida asserts three causes of action in the Amended Complaint:  (1) a claim for injunctive relief for alleged violations of Section 1 of the Sherman Act, 15 U.S.C. §1 (Am. Compl. ¶¶ 141-145); (2) a claim under FAA, Fla. Stat. § 542.18, seeking civil penalties for each contract, combination, or conspiracy in restraint of trade or commerce, pursuant to Fla. Stat. § 542.21 (Am. Compl. ¶¶ 146-151); and (3) claims under FDUTPA, Fla. Stat. §§ 501.201, *et seq.* on behalf of governmental entities, businesses and individual consumers in Florida for damages allegedly resulting from purchases of CRT finished products  (Am. Compl.  ¶¶ 152-155).

The Amended Complaint admits that Florida was aware of the factual basis for its claims as early as November 2007, more than four years prior to the date that its original Complaint was filed on December 9, 2011.  (Am. Compl. ¶ 137.)  Florida alleges that Defendants "fraudulently concealed" the facts underlying Florida's claims (Am. Compl. ¶ 139) and that class actions "tolled" its claims (Am. Compl. ¶ 138) in a fruitless effort to salvage its untimely Amended Complaint filed more than four years after admittedly being aware of its claims.

## IV.    ARGUMENT

### A.    FLORIDA'S CLAIMS BROUGHT UNDER THE SHERMAN ACT, FLORIDA ANTITRUST ACT, AND FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT SHOULD BE DISMISSED AS UNTIMELY.

#### 1.    Florida's Claims Are Facially Untimely, Requiring Dismissal Of The Amended Complaint In Its Entirety.

"Dismissal of a claim on statute of limitations grounds is proper under Rule 12(b)(6) if it is apparent from the face of the complaint that the claim is time-barred." *Watson v. Paul Revere*

---

[1] The Initial Opposition states that Florida has "dismissed its Sherman Act claim for damages, and its FAA claim for damages.  Florida's indirect purchaser claims under FDUTPA, and other requests for relief under the FAA, remain." *See* Initial Opp. at 2, n.1.  Because Florida has represented that it is no longer seeking damages for either indirect or direct purchasers under the Sherman Act or FAA, Defendants do not move to dismiss these claims.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FLORIDA'S AMENDED COMPLAINT

1   *Life Ins. Co.*, No. 11-21492-CIV, 2011 WL 5025120, at *3 (S.D. Fla. Oct. 21, 2011), *citing Tello*

2   *v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005).

3       It is well established that claims under the Sherman Act are subject to a four-year statute

4   of limitations. *See* 15 U.S.C. § 15b; *E.W. French & Sons v. General Portland, Inc.,* 885 F.2d

5   1392, 1396 (9th Cir. 1989). Florida concedes in its Initial Opposition that its FAA and FDUTPA

6   claims are also subject to four-year statutes of limitations. Initial Opp. at 3; *see also* Fla. Stat. §

7   542.26(1); Fla. Stat. § 501.207(5); *Amis v. Gulf Abstract & Title, Inc.*, 564 F.Supp. 1121, 1125 n.2

8   (M.D. Fla. 1983); *Sundance Apartments I, Inc. v. Gen. Elec. Capital Corp.*, 581 F. Supp.2d 1215,

9   1223 (S.D. Fla. 2008). Claims filed more than four years after they accrued are untimely and

10   subject to dismissal.

11       Under the Sherman Act and FDUTPA, a cause of action accrues on the date of the alleged

12   injury. *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 338 (1971) ("[E]ach

13   time a plaintiff is injured by an act of the defendants a cause of action accrues to him to recover

14   the damages caused by that act."); Fla. Stat. § 501.207(5). Similarly, a cause of action under the

15   FAA accrues when the alleged conspiracy has an impact on the plaintiff. *See Amis*, 564 F.Supp.

16   at 1125 ("[I]f a plaintiff feels the adverse impact of an antitrust conspiracy on a particular date, a

17   cause of action immediately accrues to him…" (quoting *Zenith Radio Corp.*, 401 U.S. at 339));

18   *Id.* at n.2 ("Florida applies the same period to its private antitrust action as the federal statute.").

19   Florida's Sherman Act, FAA and FDUTPA claims accrued when CRTs or CRT Products were

20   purchased "allegedly at artificially inflated levels." (Am. Compl. ¶ 82.) Florida seeks damages

21   for indirect purchases under FDUTPA from at least March 1, 1995 through at least November 25,

22   2007. (Am. Compl. ¶¶ 152-155.) Therefore, the latest specific date upon which Florida's claims

23   are alleged to be based is November 25, 2007.

24       Absent an applicable tolling doctrine, Florida's Sherman Act, FAA, and FDUTPA claims

25   expired four years after each purchase on which those claims were based. Thus, claims based on

26   purchases made in March 1995 expired in March 1999, claims based on purchases in January

27   2000 expired in January 2004, and so on. Florida's last claimed injury allegedly occurred on

28   November 25, 2007 (Am. Compl. ¶ 82); but it did not file suit until December 9, 2011, more than

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FLORIDA'S AMENDED COMPLAINT

four years after the last date upon which its claims are based.  The statutes of limitations applicable to Florida's claims therefore mandate dismissal of Florida's Amended Complaint in its entirety.

### 2.   Florida Cannot Rely On Its Insufficiently Pleaded "Continuing Conspiracy" Claim To Avoid The Statute Of Limitations.

In its Initial Opposition, Florida argues that the expiration of the statute of limitations is not apparent from the face of the Complaint due to its allegation that there was a "conspiratorial agreement that continues through the filing of the Complaint" in December of *2011*.  (Initial Opp. at 4; *see also* Am. Compl. ¶¶ 144, 149.)  Florida further contends that fact and expert discovery is required to determine the last day on which Florida is entitled to receive its damages and that these allegations must therefore survive a 12(b)(6) motion to dismiss.  (Initial Opp. at 4.)  This is not so.  Florida fails to allege a *single fact* supporting its baseless allegation that there was a conspiracy amongst Defendants that continued past 2007.

The pleading standard articulated in Rule 8(a) of the Federal Rules of Civil Procedure, and further defined in *Twombly*, requires that plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (quoting *Twombly*, 550 U.S. at 570) (additional citations omitted).  The pleading standard under *Twombly* must be met with respect to each named Defendant.  *See Twombly*, 550 U.S. at 565; *see also, e.g., Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 436 (6th Cir. 2008) ("Generic pleading, alleging misconduct against defendants without specifics as to the role each played in the alleged conspiracy, was specifically rejected by *Twombly*.").   On its face, the Amended Complaint does not allege any facts to show that an alleged continuing conspiracy may have been carried out by all (or any) of the named Defendants "through the filing of the Complaint," a little more than seven months ago, as

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FLORIDA'S AMENDED COMPLAINT

required by *Twombly*.  Indeed, at no point in its Amended Complaint does Florida describe any conspiratorial conduct in which Defendants allegedly participated during the four-year time period between 2007 and the filing of its Complaint in December 2011.  In fact, Florida's specific allegations regarding the duration of each Defendant's alleged participation in the conspiracy confirm that any alleged conspiratorial conduct occurred no later than 2007 as to each named Defendant and, according to most of its allegations, well before then.  *See, e.g.,* Am. Compl. ¶ 106(b) ("From at least 1995 through 2001, Defendant LG, through LGE participated in 100 or more Glass Meetings at all levels"); Am. Compl. ¶ 106(h) ("Between at least 1996 and 2001, Defendant Hitachi, through Hitachi, Ltd., HEDUS, and Hitachi Asia, participated in several Glass Meetings which included attendance by high-level sales managers from Hitachi").  As a result, Florida's claims that a conspiracy continued among the Defendants through the date it filed its Complaint cannot meet the pleading standard required by Rule 8(a) and further articulated by *Twombly* and *Iqbal*.  Moreover, its failure to meet the pleading standard of *Twombly* prevents Florida from relying on the "continuing conspiracy" allegation to overcome the running of the statute of limitations.

### B.    FLORIDA FAILS TO ALLEGE ANY APPLICABLE TOLLING DOCTRINE TO EXCUSE THE UNTIMELINESS OF ITS CLAIMS.

Because the statutes of limitations applicable to all three of Florida's claims have expired, this action must be dismissed unless Florida can establish that the statutes of limitations were extended by virtue of some tolling doctrine.   It is well established in this Circuit that the plaintiff bears the burden to allege facts to establish the timeliness of its claims.  *See Hinton v. Pacific Enterprises,* 5 F.3d 391, 395 (9th Cir. 1993); *M.D. Rutledge v. Boston Woven Hose and Rubber Co.,* 576 F.2d 248, 250 (9th Cir. 1978) (plaintiff "must plead with particularity the circumstances surrounding the concealment and state facts showing his due diligence in trying to uncover the facts"); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-1827 SI, 2012 WL 273761 at *2 (N.D. Cal. Jan. 30, 2012) (dismissing claim because plaintiff did not meet its burden to show that it was entitled to government-action tolling).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FLORIDA'S AMENDED COMPLAINT

1

**1.     Neither Fraudulent Concealment Nor Class Action Tolling Applies To Florida's FAA Or FDUTPA Claims Because They Are Not Recognized Tolling Doctrines Under Florida Law.**

2

3          Florida alleges that the Defendants "fraudulently concealed" the existence of a conspiracy,

4   thereby tolling the statute of limitations on its FAA and FDUTPA claims.  (Am. Compl. ¶¶ 136-

5   140.)  Florida also alleges that its claims were "tolled in the interim as a result of [Florida] being

6   included as a member of putative classes in multiple class action suits."  *Id.* at ¶ 138.  These

7   allegations regarding fraudulent concealment and class action tolling are irrelevant, however,

8   because neither doctrine applies in Florida.

9          Florida has statutorily specified and limited the bases for tolling the statute of limitations

10  applicable to statutory claims under Florida law.[2]  Florida Statute § 95.051(1) identifies the nine

11  tolling situations permitted in Florida.[3]  *See* Fla. Stat. § 95.051(1) ("The running of the time under

12  *any* statute of limitations . . . is tolled by . . .") (emphasis added).  The Florida legislature and

13  courts have made clear that the list contained in Florida Statute § 95.051(1) is exclusive and

14  exhaustive; no other tolling doctrine may be applied to Florida statutory claims.  "A disability or

15  other reason does not toll the running of any statute of limitations except those specified in this

16  section, § 95.091, the Florida Probate Code, or the Florida Guardianship Law."  Fla. Stat.

17  § 95.051(2); *see also, e.g., HCA Health Services of Florida, Inc. v. Hillman,* 906 So. 2d 1094,

18  1098 (Fla. Dist. Ct. App. 2004) ("the legislature has made clear its intent to exclude all tolling

19  exceptions not listed in the statute"); *Swartzman v. Harlan*, 535 So. 2d 605, 607 (Fla. Dist. Ct.

20  App. 1998) ("Because the legislature has expressly provided for the instances that shall toll the

21
22  [2] Where a state statute of limitations could bar recovery in a state court, the district court applies the same statute of limitations as the state court would apply.  *See Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 110 (1945); *see also Albano v. Shea Homes Ltd. Partnership*, 634 F.3d 524, 530 (9th Cir. 2011) (federal court addressing supplemental state law claim must apply the state's statute of limitations, including the state's tolling rules).

23

24  [3] The statute provides that the running of time is tolled by the following specific situations: (1) absence from the state of the person to be sued; (2) use by the person to be sued of a false name that is unknown to the person entitled to sue such that process cannot be served; (3) concealment in the state of the person to be sued such that process cannot be served; (4) the adjudicated incapacity, before the cause of action accrued, of the person entitled to sue; (5) voluntary payments by the alleged father of the child in paternity actions; (6) payment of any part of the principal or interest of any obligation or liability founded on a written instrument; (7) pendency of an arbitral proceeding pertaining to a dispute that is the subject of the action; (8) period of intervening bankruptcy tolls the expiration period of a tax certificate and any proceeding or process; and (9) the minority or previously adjudicated incapacity of the person entitled to sue during any period of time in which a parent, guardian, or guardian ad litem does not exist, has an interest adverse to the minor, or is adjudicated to be incapacitated to sue.  *See* Fla. Stat. § 95.051(1) (a)-(f).

25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FLORIDA'S AMENDED COMPLAINT

1   running of any statute of limitations and has excluded any 'other reason,' we are not free to create

2   an exception to that determination.").

3       Neither fraudulent concealment nor class action tolling is included in the list of tolling

4   doctrines found in Fla. Stat. § 95.051(1), and therefore neither can save Florida's untimely claims.

5   *See In re Vitamins Antitrust Litig.,* No. Misc 99-197 (TFH), 2000 WL 33975412, at *5 (D.D.C.

6   Oct. 26, 2000) ("Because fraudulent concealment is not included among the tolling provisions

7   recognized in § 95.051 and because this Court has found that § 95.051 has not been overturned,

8   [plaintiff's] damages under their FDUTPA claims are limited to those accruing within the four

9   year limitations period…"); *In re: Vitamins Antitrust Litigation*, 183 Fed.Appx. 1, 2 (D.C. Cir.

10  2006) (holding that a pending class action is not one of the eight enumerated scenarios in which

11  the applicable statute of limitations is tolled under Fla. Stat. § 95.051(1) in affirming lower

12  court's judgment granting motion to dismiss); *see also In re Rezulin Prods. Liab. Litig.*, No. 00-

13  CIV-2843, 2006 WL 695253, at *1 (S.D.N.Y. March 15, 2006) ("Florida does not permit class

14  action tolling.").

15              **2.    Even Were It a Recognized Tolling Doctrine In Florida, Fraudulent
                       Concealment Would Not Save Florida's Stale FAA or FDUTPA
16                     Claims, Nor Can It Save Florida's Stale Sherman Act Claim.**

17                  **a.    Florida has admitted that it was on notice of the alleged
                          conspiracy in November 2007.**
18

19      Apart from the fact that Florida law does not allow tolling for fraudulent concealment,

20  Florida has already acknowledged in *its original Complaint* that it was on notice of the alleged

21  conspiracy when the first class action lawsuit was filed in November 2007 (Compl. ¶ 144),

22  putting its December 2011 filing of its original Complaint past the four year statute of limitations

23  period and mooting any fraudulent concealment argument.  The first class complaint, *Kindt v.*

24  *Matsushita Electric Industrial Co., Ltd.,* 07-cv-10322 (S.D.N.Y. 2007), was filed on November

25  13, 2007, and this Court may take judicial notice of this date.  *See* Roger Decl., Ex. 1; *see also*

26  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts may

27  take judicial notice of court filings and other matters of public record, including pleadings).

28      In its Amended Complaint, Florida impermissibly attempts to walk away from this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FLORIDA'S AMENDED COMPLAINT

1  admission by claiming that it did not discover the alleged conspiracy until "after November 25,

2  2007." (Am. Compl. ¶ 137.)  However, Florida's attempt to backtrack is futile because the

3  allegations within the original Complaint constitute an admission.  *See Andrews v. Metro North*

4  *Commuter R.R. Co.,* 882 F.2d 705, 707 (2d Cir. 1989) ("The amendment of a pleading does not

5  make it any the less an admission of the party."); *Unicom Systems, Inc. v. Electronic Data*

6  *Systems, Corp.*, No. cv-04-6716, 2005 WL 5801534 at *11 (C.D. Cal. Nov. 1, 2005) (finding that

7  courts can and do consider initial pleadings as "strong evidence" of the facts stated therein, even

8  after they have been superseded by amendment).  In short, Florida is bound by its admission that

9  it had notice of its claims by at least November 13, 2007, over four years prior to its filing of this

10  action.

11  Regardless, Florida's attempt to revise the date of its awareness of its claims to "after

12  November 25, 2007" is of no use because such does not alter the fact that Florida knew of its

13  claims prior to December 9, 2007, the earliest possible notice date to have made the December 9,

14  2011 filing of its Complaint timely.[4]  Under its Amended Complaint, the statute of limitations

15  began to run immediately "after November 25, 2007" (i.e., on November 26, 2007), even if

16  Florida law allowed tolling based on "fraudulent concealment" (it does not), and even if

17  Defendants "fraudulently concealed" their conduct (they did not).  *See, e.g., Doe v. Cutter*

18  *Biological*, 813 F.Supp. 1547, 1555-56 (M.D. Fla. 1993) (rejecting plaintiff's fraudulent

19  concealment argument because evidence showed that plaintiff was aware of his injury and other

20  lawsuits against the defendant); *Technical Packaging, Inc. v. UCB Films, Inc.,* No. 8:03-cv-714,

21  2004 WL 5639769, at *4 (M.D. Fla. Dec. 21, 2004) (fraudulent concealment does not apply

22  where plaintiff was "placed on notice of the possible invasion of its legal rights") (citing

23  *University of Miami v. Bogorff*, 583 So. 2d 1000 (Fla. 1991)); *see also* Section IV(B)(1), *supra*.

24  Here, Florida waited until December 9, 2011 – four years and twenty-five days after

25  November 13, 2007 (as admitted in the original Complaint) and four years and twelve days after

26  November 26, 2007 (as admitted in the Amended Complaint) – to file its original Complaint in

27

28

---

[4] Moreover, as explained in Section IV(B)(2)(b), *infra*, the Amended Complaint contains numerous facts that placed, or should have placed, Florida on notice of its claims during the Relevant Period of March 1995 to November 2007.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FLORIDA'S AMENDED COMPLAINT

1    this case.  The four year statute of limitations applicable to the Sherman Act, FDUTPA, and FAA

2    claims expired after the longer than four year period during which Florida explicitly concedes that

3    it was aware of its claims, rendering its fraudulent concealment allegations inappropriate and its

4    underlying claims time-barred.

5                     **b.**       <u>**Florida has failed to adequately plead fraudulent concealment**</u>

6                Additionally, Florida cannot save its untimely claims by relying on the doctrine of

7    fraudulent concealment because its Amended Complaint fails to plead fraudulent concealment

8    with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.  *See* Fed. R.

9    Civ. P. 9(b) ("in alleging fraud . . . a party must state with particularity the circumstances

10   constituting fraud"); *Ballen v. Prudential Bache Securities, Inc.*, 23 F.3d 335, 337 (10th Cir.

11   1994) (affirming dismissal of complaint with prejudice because plaintiff failed to adequately

12   allege fraudulent concealment necessary to toll limitations period).  Under Rule 9(b)'s heightened

13   pleading standard, a "plaintiff must plead with particularity the facts which give rise to the claim

14   of fraudulent concealment" in order to toll the statute of limitations.  *Conerly v. Westinghouse*

15   *Elec. Corp.*, 623 F.2d 117, 120-21 (9th Cir. 1980).  "Conclusory statements are not enough."

16   *Conmar Corp. v. Mitsui & Co.*, 858 F.2d 499, 502 (9th Cir. 1988).

17                Florida's Amended Complaint fails to allege any of the facts supporting fraudulent

18   concealment with the particularity required by Rule 9(b).  To the contrary, the facts that it does

19   allege establish that it cannot rely on the fraudulent concealment doctrine to save its untimely

20   claims.  *See Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880-881 (8th Cir. 2011) ("By failing to

21   allege when and how he discovered Terminix's alleged fraud, Summerhill has failed to meet his

22   burden of sufficiently pleading that the doctrine of fraudulent concealment saves his otherwise

23   time-barred claims."); *Dummar v. Lummis*, 543 F.3d 614, 622-623 (10th Cir. 2008) ("the absence

24   of an allegation regarding how and when [plaintiff] learned of the alleged misconduct forecloses a

25   claim that Defendants' fraudulent concealment prevented [plaintiff] from discovering

26   Defendants' involvement . . . if the allegations in the paragraph are based on information acquired

27   only in recent years, the Complaint needed to assert that").

28                First, the Amended Complaint alleges that Florida learned of the alleged violations "after

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FLORIDA'S AMENDED COMPLAINT

November 25, 2007." (Am. Compl. ¶ 137.)  The phrase "after November 25, 2007" is

impermissibly vague and open-ended, and does not satisfy the requirements of Rule 9(b).  *See*

*Stewart Coach Indus., Inc. v. Moore*, 512 F. Supp. 879, 886 (S.D. Ohio 1981) (concluding that,

under Rule 9(b), one must "***affirmatively and particularly*** plead the ***date of discovery*** . . . or face

dismissal of the complaint.") (emphasis added); 51 Am. Jur. 2d *Limitations of Actions* § 184

("One may not avoid the effect of the statute of limitations on the ground of fraudulent

concealment if he or she fails to plead or offer evidence as to when he or she discovered the

alleged fraud.").

Additionally, Florida makes no allegations to show that it was not at fault for failing to

discover the claims or that it did not have knowledge of facts sufficient to put it on inquiry.  *See*

*Global Services v. Ikon Office Solutions*, No. C 10–05974 JSW, 2011 WL 6182425 at *2 (N.D.

Cal. Dec. 13, 2011) (holding that "[a]t the pleading stage, to adequately allege tolling by

fraudulent concealment, a plaintiff 'must plead facts showing that [defendant] affirmatively

misled it, and that [plaintiff] had neither actual nor constructive knowledge of the facts giving rise

to its claim despite its diligence in trying to uncover those facts.'") (quoting *Conmar Corp. v.

Mitsui & Co. (U.S.A.), Inc.*, 858 F.2d 499, 505 (9th Cir. 1988)).  To the contrary, Florida's

allegations support that it had knowledge of facts throughout the Relevant Period, defined as

March 1, 1995 to November 25, 2007, that should have put it on inquiry of an alleged conspiracy:

- Defendants' collusion is evidenced by unusual price behavior in the CRT Product market during the Relevant Period.  Despite industry predictions that the price of the CRT Products would drop, the existence of economic conditions warranting a drop in prices, CRT Product prices remained stable.  (Am. Compl. ¶ 110.)

- In early 1999, despite declining production costs and the entry of flat panel display products, the price of large-sized CRTs actually increased.  (Am. Compl. ¶ 111.)

- After experiencing oversupply of 17" CRTs in the second half of 1999, the average selling price of CRTs rose again in early 2000. This price increase was unlike most other PC-related products.  (Am. Compl. ¶ 112.)

- Early in the Relevant Period, there were not only periods of unnatural and sustained price stability, but there were also increases in prices of CRTs. These price increases were despite the declining demand due to the approaching obsolescence of CRTs caused by the emergence of a new, potentially superior and clearly more popular, substitutable technology.  (Am. Compl. ¶ 115.)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FLORIDA'S AMENDED COMPLAINT

1

2    • The price increases and later relative price stability in the market for CRTs during the
     Relevant Period are inconsistent with a competitive market for a product facing rapidly
3    decreasing demand caused by a new, substitutable technology.  (Am. Compl. ¶ 117.)

4              **c.    Florida cannot rely on the doctrine of equitable estoppel as
                      grounds to excuse its delay in filing this case.**

5

6    Florida's claims cannot be rescued from dismissal by the doctrine of equitable estoppel,

7    itself an "extraordinary remedy which should be extended only sparingly." *Justice v. United*

8    *States*, 6 F.3d 1474, 1479 (11th Cir. 1993).  In its Initial Opposition, Florida argues that Florida

9    recognizes the common law doctrine of equitable estoppel, which it claims includes fraudulent

10   concealment, as a basis for tolling.  (Initial Opp. at 7.)  Florida primarily relies on *Major League*

11   *Baseball v. Morsani*, 790 So. 2d 1071 (Fla. 2001), and *Florida Department of Health &*

12   *Rehabilitative Services v. S.A.P.*, 835 So. 2d 1091 (Fla. 2002), to establish that equitable estoppel

13   principles "are not trumped by, but rather supplement, the enumerated statutory tolling provisions

14   in Section 95.051, Florida Statutes."  (Initial Opp. at 9.)

15   Florida has misinterpreted the doctrine of equitable estoppel.  *Morsani* makes clear that

16   equitable estoppel does not operate as a tolling doctrine.  *Morsani*, 790 So. 2d at 1080 ("the

17   "tolling" proscription in section 95.051…does not embrace the common law doctrine of equitable

18   estoppel, for equitable estoppel is not a "tolling" doctrine"); *see also S.A.P.*, 835 So. 2d at 1097

19   ("Equitable estoppel differs from other legal theories that may operate upon the statutes of

20   limitation…").  Rather, the doctrine estops a defendant from asserting the statute of limitations in

21   the first place, due to its conduct in dissuading a plaintiff from bringing its claim.  Thus, Florida

22   courts have recognized that the doctrine of equitable estoppel "presupposes that the plaintiff

23   knows of the facts underlying the cause of action but delayed filing suit because of the

24   defendant's conduct." *Ryan v. Lobo De Gonzalez*, 841 So.2d 510, 518 (Fla. 4th DCA 2003); *see*

25   *also Black Diamond Properties, Inc. v. Haines*, 69 So. 3d 1090, 1093 (Fla. Dist. Ct. App. 2011)

26   (additional citations omitted) (finding that the doctrine of equitable estoppel is inapposite because

27   plaintiffs did not allege that they knew they had a cause of action but failed to comply with the

28   statute of limitations because of reliance on fraudulent representations by Defendants); *S.A.P*, 835

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12                    MASTER FILE NO. 3:07-CV-05944-SC
                     MDL NO. 1917
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FLORIDA'S AMENDED COMPLAINT

So. 2d at 1097.  Thus, equitable estoppel only applies "where the parties recognize the basis for a suit, but the wrongdoer prevails upon the other to forego enforcing his or her right until the statutory time has lapsed."  *Ryan*, 841 So.2d at 519 (additional citations ommitted); *Hendricks v. Rambosk*, No. 10-cv-526, 2011 WL 1429646 (M.D. Fla. Apr. 14, 2011).  Here, Florida alleges no affirmative conduct by Defendants that "induced" Florida to not bring claims it knew it had. *See, e.g., Morsani,* 790 So. 2d at 1073 (Major League Baseball allegedly induced Morsani to forbear filing suit for tortious interference in Morsani's attempt to acquire the Minnesota Twins by promising that Morsani would be an "absolute front runner" and "at the top of the list" to obtain a majority ownership interest in a baseball franchise); *Acoustic Innovations, Inc. v. Schafer*, 976 So. 2d 1139, 1144 (Fla. 4th DCA 2008) (in an action for breach of an oral contract, equitable estoppel applied when defendant's words and actions repeatedly assured plaintiff that he would honor their agreement).

Indeed, as discussed above, Florida admits in both its original Complaint and its Amended Complaint that it became aware of its claims in November 2007.  *See* Section IV(B)(2)(a) *supra*. In its Amended Complaint, Florida asserts cryptically that it "exercised due diligence by promptly investigating the facts giving rise to the claims asserted herein upon having reasonable suspicion of the existence of Defendants' conspiracy."  (Am. Compl. ¶ 140.)  But nowhere in its Amended Complaint does Florida allege that it relied on fraudulent representations made by Defendants between November 2007 and December 2011 as a reason for its delay in filing suit.

Florida inscrutably does not—indeed, cannot—allege that it knew it had a claim against Defendants, but failed to comply with the four-year statute of limitations because it relied on fraudulent representations made or on any other conduct engaged by Defendants that led it to delay filing suit.  The truth is that Florida concedes within the four corners of its Amended Complaint that it learned of its claims in November 2007, and impermissibly waited longer than the law allows to file its lawsuit.  Neither statutory nor equitable tolling doctrines can save its stale claims.

### 3.    Class Action Tolling Does Not Apply.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FLORIDA'S AMENDED COMPLAINT

1

### a.   Florida fails to plead facts establishing the elements necessary for class action tolling.

2

3    The Amended Complaint's only allegation regarding class action tolling is the conclusory

4    statement that "Florida's claims alleged herein were tolled in the interim as a result of Plaintiff

5    being included as a member of putative classes in multiple class action suits."  (Am. Compl. ¶

6    138.)  Florida does not provide any facts to support this boilerplate allegation, and fails to identify

7    any complaint that contains class definitions encompassing the state of Florida.  Because Florida

8    bears the burden to allege facts sufficient to establish class action tolling, this pleading defect

9    alone forecloses its ability to rely on class action tolling to excuse its untimely claims.  As the

10   Ninth Circuit has stated, "federal courts have repeatedly held that plaintiffs seeking to toll the

11   statute of limitations on various grounds must have included the allegation in their pleadings."

12   *Wasco Prods., Inc. v. Southwall Techs., Inc.,* 435 F.3d 989, 991 (9th Cir. 2006); *Hinton v. Pacific*

13   *Enterprises*, 5 F.3d 391, 395 (9th Cir. 1993); *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117,

14   120 (9th Cir. 1980); *see also Kirtdoll v. City of Topeka*, 315 F.3d 1234, 1235 (10th Cir. 2003)

15   (affirming dismissal for failure to plead factual basis for tolling statute of limitations).

16

### b.   Florida's Sherman Act, FAA, and FDUTPA claims are not tolled by any of the DPP or IPP class actions.

17

18   Florida's claims may be tolled by the filing of a class action only to the extent that those

19   claims are themselves included in the class action.  *Am. Pipe & Constr. Co. v. Utah*, 414 U.S.

20   538, 554 (1974) ("commencement of a class action suspends the applicable statute of limitations

21   as to all asserted members of the class"); *Crown Cork & Seal Co. v. Parker*, 462 U.S. 345, 353-54

22   (1983); *Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1283 (11th Cir. 2003) (wrongful death claim was

23   not tolled when plaintiffs could not demonstrate that other class actions explicitly included claims

24   for wrongful death).

25   None of Florida's claims here were or are encompassed within the Direct Purchaser

26   Plaintiffs' ("DPPs") consolidated class action filed in this case.  The class definition in the current

27   DPP complaint expressly <u>excludes</u> governmental entities such as Florida.  *See* Roger Decl., Ex. 2

28   at ¶ 85(Direct Purchaser Plaintiffs' Consolidated Amended Complaint, *In Re: Cathode Ray Tube*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FLORIDA'S AMENDED COMPLAINT

1  *(CRT) Antitrust Litigation*, No. 07-cv-5944 (N.D. Cal. Mar. 16, 2009) (Dkt No. 436)) ("DPP

2  Cons. Am. Compl."). Additionally, the DPPs' class complaint asserts only claims on behalf of

3  direct purchasers.  Here, Florida does not allege any purchases of CRTs, therefore, Florida cannot

4  rely on the DPP complaint to toll its Sherman Act, FAA, or FDUTPA direct purchaser claims.[5]

5  Finally, the DPP action includes only federal antitrust claims; it does not include any claims

6  under the FAA or FDUTPA.  *See* DPP Cons. Am. Compl. at ¶ 214.  Because Florida's FAA and

7  FDUTPA claims are not included in the federal direct purchaser class action, the DPP class action

8  provides no basis for tolling these state law claims.  *See In re Vertrue Mktg. & Sales Practices*

9  *Litig.,* 712 F. Supp. 2d 703, 718-719 (N.D. Ohio 2010) ("only the claims expressly alleged in a

10  previous federal lawsuit are subject to tolling"); *Williams v. Boeing Co.,* 517 F.3d 1120, 1136 (9th

11  Cir. 2008) (because "neither the Original nor the First Amended Complaints stated a claim for

12  compensation discrimination . . . the statute of limitations was not tolled for that claim").[6]

13      Likewise, Florida's Sherman Act, FAA, and FDUTPA claims cannot be tolled by the

14  Indirect Purchaser Plaintiffs' (IPPs) consolidated class action complaint.  Florida is not entitled to

15  benefit from class action tolling as a result of the IPP complaint because the putative class in that

16  complaint is defined to expressly exclude governmental entities such as Florida.  *See* Roger Decl.,

17  Ex. 3 at ¶ 232 (Indirect Purchaser Plaintiffs' Third Consolidated Amended Complaint, *In Re:*

18  *Cathode Ray Tube (CRT) Antitrust Litigation*, No. 07-cv-5944 (N.D. Cal. Dec. 11, 2010) (Dkt.

19  827) (defining the class to exclude any federal, state, or local government entities)).  The plain

20  text of the class definitions clearly excludes all state governmental entities, including Florida.

21  *See, e.g., Del Sontro v. Cendant Corp*., 223 F. Supp. 2d 563, 581 (D. N.J. 2002) ("Because

22  Plaintiff here was never a purported class member of the CalPERS class, *American Pipe* tolling

---

[5] In fact, Florida concedes in its Initial Opposition that the only claims that remain in its Amended Complaint are "Florida's indirect purchaser claims under FDUTPA, and other requests for relief under the FAA."  Initial Opp. at 2, n.1.

[6] Nor can Florida claim to rely on class actions in other jurisdictions as support for its tolling argument.  Cross-jurisdictional class action tolling is not generally permitted.  *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th Cir. 2008) (declining to import a rule on cross-jurisdictional tolling into California law); *Wade v. Danek Medical, Inc.*, 182 F.3d 281, 287 (4th Cir. 1999) ("very few [states] have even addressed the question of 'cross-jurisdictional' equitable tolling, much less allowed such tolling"); *In re Fosamax Prod. Liab. Litig.*, 694 F. Supp. 2d 253, 258 (S.D.N.Y. 2010) ("Recognizing the lack of consensus on the issue and the frequently articulated concern of forum shopping, federal courts generally have disinclined to import cross-jurisdictional tolling into the law of a state that has not ruled on the issue.").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FLORIDA'S AMENDED COMPLAINT

1    would not save his claim.").  Accordingly, neither the DPP nor the IPP class actions toll Florida's

2    Sherman Act, FAA or FDUTPA claims.

3                    c.    **Florida's claims were not tolled as a result of other indirect**
                          **purchaser plaintiff class action complaints.**
4

5         In its Initial Opposition, Florida asserted (and can be expected to contend now) that "at

6    least four class action complaints were filed on behalf of nationwide classes that included

7    governmental entities in Florida."[7] (Initial Opp. at 18).  Florida's attempt to rely on these four

8    indirect class actions,[8] filed prior to the currently operative IPP Consolidated Amended

9    Complaint, to support its class action tolling argument is without merit.

10        None of the indirect purchaser class actions cited by Florida involve Florida state law

11   claims.   Because none of these superseded class action complaints asserted FAA or FDUTPA

12   claims, they do not toll Florida's FAA and FDUTPA claims in the present action.  *See In re*

13   *Vertrue Mktg.,* 712 F. Supp. at 718-719.

14        Additionally, these indirect purchaser class action complaints are insufficient to toll

15   Florida's FDUTPA claims because, viewing them in their entirety, it is clear that their class

16   definitions did not include governmental entities bringing *parens patriae* actions.  FDUTPA

17   claims can be brought only by an enforcing authority, i.e. the Department of Legal Affairs,

18   pursuant to Chapter 501 of the Florida Statutes.  *See* Am. Compl. ¶ 11.  None of the private

19   plaintiffs in the superseded *Juetten*, *Stack*, *Ganz*, and *Ross* complaints relied on by Florida would

20   have standing to bring a FDUTPA claim as an enforcing authority.[9]  Class action claims brought

21   by named plaintiffs that clearly did not have standing to raise those claims are insufficient to toll

22   the statute of limitations.  *See, e.g., Maine State Ret. Sys. v. Countrywide Fin. Corp.*, 772 F. Supp.

23   2d 1157, 1166-1167 (C.D. Cal. 2010); *In re Wells Fargo Mortgage-Backed Certificates Litig.*,

24

25   [7] While Defendants' Initial Motion and Florida's Initial Opposition are now moot in light of the Amended Complaint,
     Defendants address this anticipated indirect purchaser tolling argument here.

26   [8] The indirect class action complaints cited by Florida are: *Juetten v. Chunghwa Picture Tubes, Ltd.*, Case No. 07-cv-
     06225-SC (N.D. Cal. filed Dec. 10, 2007); *Stack v. Chunghwa Picture Tubes, Ltd.,* Case No. 08-cv-1319-SC (N.D.
     Cal. filed Mar. 7, 2008); *Ganz v. Chunghwa Picture Tubes, Ltd.*, Case No. 08-cv-1721-SC (N.D. Cal. filed Mar. 31,

27   2008); and *Ross v. Chunghwa Picture Tubes, Ltd.*, Case No. 08-cv-1807-SC (N.D. Cal. filed Apr. 3, 2008).  *See*
     Roger Decl., Exs. 4 - 7.

28   [9] Juetten is a resident of Minnesota; Stack is a resident of Tennessee; Ganz and Ross are residents of California.

1    No. 09-cv-01376, 2010 WL 4117477, at *3 (N.D. Cal. Oct. 19, 2010).

2    **V.      CONCLUSION**

3         For the foregoing reasons, Defendants respectfully request that the Court grant the present

4    motion and dismiss Florida's Sherman Act, FAA and FDUTPA claims as untimely.

6    DATED: August 2, 2012                    MORGAN, LEWIS & BOCKIUS LLP

7                                             By:  /s/ Kent M. Roger
                                              KENT M. ROGER (SBN 95987)
8                                             E-mail: kroger@morganlewis.com
                                              MICHELLE PARK CHIU (SBN 248421)
9                                             E-mail: mchiu@morganlewis.com
                                              AMRUTHA NANJAPPA (SBN 274500)
10                                            E-mail: ananjappa@morganlewis.com
                                              **MORGAN, LEWIS & BOCKIUS LLP**
11                                            One Market, Spear Street Tower
                                              San Francisco, California 94105-1126
12                                            Telephone: (415) 442-1000
                                              Facsimile: (415) 442-1001

13                                            J. CLAYTON EVERETT, JR. (pro hac vice)
                                              E-mail: jeverett@morganlewis.com
14                                            SCOTT A. STEMPEL (pro hac vice)
                                              E-mail: sstempel@morganlewis.com
15                                            **MORGAN, LEWIS & BOCKIUS LLP**
                                              111 Pennsylvania Avenue, NW
16                                            Washington, DC 20004
                                              Telephone: (202) 739-3000
17                                            Facsimile: (202) 739-3001

18                                            *Attorneys for Defendants Hitachi, Ltd., Hitachi*
                                              *Displays, Ltd. (n/k/a Japan Display East, Inc.),*
19                                            *Hitachi Asia, Ltd., and Hitachi Electronic Devices*
                                              *(USA), Inc.*
20

21                                            BAKER BOTTS LLP

22                                            By:  /s/ Jon M. Taladay
                                              John M. Taladay (*pro hac vice*)
23                                            Joseph Ostoyich (*pro hac vice*)
                                              **BAKER BOTTS LLP**
24                                            1299 Pennsylvania Ave., N.W.
                                              Washington, DC 20004-2400
25                                            Telephone: (202) 639-7700
                                              Facsimile: (202) 639-7890
26                                            Email: john.taladay@bakerbotts.com
                                              Email: joseph.ostoyich@bakerbotts.com

27

28

17                          MASTER FILE NO. 3:07-CV-05944-SC
                                          MDL NO. 1917

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FLORIDA'S AMENDED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jon V. Swenson (SBN 233054)
**BAKER BOTTS LLP**
620 Hansen Way
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com


*Attorneys for Defendants Koninklijke Philips*
*Electronics N.V. and Philips Electronics North*
*America Corporation*


WINSTON & STRAWN LLP

By: _ /s/  Jeffrey L. Kessler_____
JEFFREY L. KESSLER (pro hac vice)
E-mail: JKessler@winston.com
A. PAUL VICTOR (pro hac vice)
E-mail: PVictor@winston.com
EVA COLE (pro hac vice)
E-mail: EWCole@winston.com

MOLLY M. DONOVAN
E-mail: MMDonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700

STEVEN A. REISS (pro hac vice)
E-mail: steven.reiss@weil.com
DAVID L. YOHAI (pro hac vice)
E-mail: david.yohai@weil.com
ADAM C. HEMLOCK (pro hac vice)
E-mail: adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation*
*(f/k/a Matsushita Electric Industrial Co., Ltd.),*
*Panasonic Corporation of North America, MT Picture*
*Display Co., Ltd.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FLORIDA'S AMENDED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARNOLD & PORTER LLP

By: /s/ Sharon D. Mayo
SHARON D. MAYO (SBN 150469)
sharon.mayo@aporter.com
Three Embarcadero Center, 7th Floor
San Francisco, California  94111-4024
Telephone:  (415) 471-3100
Facsimile:  (415) 471-3400

DOUGLAS L. WALD (*Pro Hac Vice*)
douglas.wald@aporter.com
WILSON D. MUDGE (*Pro Hac Vice*)
wilson.mudge@aporter.com
YONGSANG KIM (*Pro Hac Vice*)
yongsang.kim@aporter.com
**ARNOLD & PORTER LLP**
555 Twelfth Street, NW
Washington, DC  20004
Telephone:  (202) 942-5000
Facsimile:  (202) 942-5999

*Attorneys for Defendants LG Electronics, Inc. and LG,
LG Electronics USA, Inc.*

SHEPPARD MULLIN RICHTER & HAMPTON

By: /s/ Gary L. Halling
GARY L. HALLING (SBN 66087)
E-mail: ghalling@sheppardmullin.com
JAMES L. MCGINNIS (SBN 95788)
E-mail: jmcginnis@sheppardmullin.com
MICHAEL W. SCARBOROUGH, (SBN 203524)
E-mail: mscarborough@sheppardmullin.com
**SHEPPARD MULLIN RICHTER & HAMPTON**
Four Embarcadero Center, 17th Floor
San Francisco, California  94111
Telephone:  (415) 434-9100
Facsimile:  (415) 434-3947

*Attorneys for Defendants Samsung SDI America, Inc.;
Samsung SDI Co., Ltd.; Samsung SDI (Malaysia)
SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.;
Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co.,
Ltd. and Tianjin Samsung SDI Co., Ltd.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FLORIDA'S AMENDED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WHITE & CASE LLP

By:  /s/ Christopher M. Curran
CHRISTOPHER M. CURRAN (pro hac vice)
E-mail: ccurran@whitecase.com
GEORGE L. PAUL (pro hac vice)
E-mail: gpaul@whitecase.com
LUCIUS B. LAU (pro hac vice)
E-mail: alau@whitecase.com
**WHITE & CASE LLP**
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation and*
*Toshiba America Electronic Components, Inc.*

Pursuant to General Order No. 45, § X-B, the filer attests that concurrence in the filing of this

document has been obtained from each of the above signatories.

DB2/ 23409791.3

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FLORIDA'S AMENDED COMPLAINT