

17th Floor  |  Four Embarcadero Center  |  San Francisco, CA  94111-4109
415-434-9100 *office*  |  415-434-3947 *fax*  |  **www.sheppardmullin.com**

Writer's Direct Line: 415-774-2963
mscarborough@sheppardmullin.com

August 17, 2012

Hon. Charles A. Legge
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA  94111

Re: *In re: Cathode Ray Tube (CRT) Antitrust Litigation*
Master File No. 07-5944 SC; MDL No. 1917

Your Honor:

I write on behalf of defendants in response to the letter from the indirect purchaser plaintiffs to Your Honor dated August 10, 2012.  Defendants oppose the indirect plaintiffs' renewed attempt to convert Section XVIII of Your Honor's Order Re: Discovery and Case Management Protocol (the "Discovery Protocol") into an open-ended, unprecedented, and impracticable burden on defendants.

Plaintiffs have already tried and failed to convince Your Honor that defendants should be subjected to indefinitely continuing obligations regarding potentially departing employees.  As Your Honor will recall from the briefing and argument on the Discovery Protocol, defendants have consistently maintained that the temporal scope of any obligations with respect to potentially departing custodians materially affects the burdens and complexities associated with such obligations.   After hearing argument from both sides, Your Honor ordered that the obligations of Section XVIII be effective for approximately four months, and "cease on July 31, 2012."  This struck a balance between providing plaintiffs with a limited period of departing custodian disclosures so that plaintiffs could further prepare to take depositions, and avoiding placing undue and interminable burdens on defendants.  Yet now that defendants' obligations have indeed ceased in accordance with Your Honor's order, plaintiffs seek to re-litigate the end-date of Section XVIII for no reason other than that they have failed to notice or take any percipient depositions in the four months already allotted.  Plaintiffs should be denied a second bite at this apple.  The Discovery Protocol is replete with provisions, like Section XVIII, that reflect a compromise between the positions originally advanced by the parties, many of which defendants would modify given the opportunity.  Yet defendants have accepted and adhered to those compromises; plaintiffs should do the same.

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Hon. Charles A. Legge
August 17, 2012
Page 2

Further, indirect plaintiffs' request for an extended[1] departing custodian protocol is completely unprecedented.  Indeed, as Your Honor will recall, the *only* precedent originally cited by plaintiffs for imposing any departing custodian obligations *at all* was an order entered in the LCD litigation – an order that was entered under completely different circumstances than those here.  Specifically, the LCD order was entered five months *before* the expiration of the nearly complete stay of discovery obtained by the U.S. Department of Justice in that case, which, among other things, denied the LCD plaintiffs access to the defendants' DOJ document productions and completely barred them from conducting merits deposition discovery.  The LCD defendants' obligations with respect to departing custodians then completely terminated after ten months, only five months after the LCD plaintiffs first received defendants' DOJ productions and were first allowed to notice merits depositions.

The CRT litigation is of course well past that stage.  The DOJ stay in this case ended *two and a half years* ago.  Plaintiffs received defendants' DOJ productions in 2010, and received nearly all responsive documents for agreed defense custodians by the end of 2011.  Plaintiffs have been permitted to take depositions of defendants and their current and former employees since March 1, 2011.  In that time, plaintiffs have failed to notice a single merits deposition.  While the indirect plaintiffs claim that they are "currently focused" on their motion for class certification, there is no compelling explanation as to why an assembly of class counsel cannot concurrently draft a motion years in the works and take even a single merits deposition.

Nor can there be reasonable doubt that Plaintiffs' desired extension of Section XVIII would create new opportunities for time-consuming ancillary disputes about whether a defendant's notifications and attempt to secure a deposition for a particular departing custodian were sufficient under the circumstances.  Indirect plaintiffs' gripes about Philips' recent efforts to comply with Section XVIII are a case in point – plaintiffs concede that Philips fully complied with Your Honor's order, but still take issue with their efforts.  This litigation is complex enough without injecting additional issues – and the attendant uncertainty and burdens on defendants – over what constitutes "timely" notification of a departing employee, or what level of diligence is required by defendants with regard to an employee's possible "intentions" to change employment, among other possible disputes.

---

[1] Indirect plaintiffs propose that defendants' departing custodian obligations with respect to the 12 percipient witnesses per defendant family whom plaintiffs have not selected but will ultimately decide to depose should continue until those depositions are actually taken.  In light of their current progress, plaintiffs' claim that these depositions will be completed "in early 2013" is not credible, and plaintiffs' proposal would effectively extend defendants' obligations with respect to many individuals until the close of fact discovery currently scheduled for the end of August, 2013.

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Hon. Charles A. Legge
August 17, 2012
Page 3

    The likelihood of such disputes and the burden on defendants would only be compounded by plaintiffs' proposed amendments to Section XVIII. Under the indirect plaintiffs' proposed new language, defendants would be required to ask departing custodians to voluntarily appear for deposition and notify plaintiffs of each custodian's response "*before* the custodian leaves Defendant's employ." In many cases, as in the not uncommon event that a custodian leaves a defendant's employ without providing meaningful advance notice, this requirement would be impossible to satisfy. Your Honor could then be asked to determine, among other things, whether the defendant in question was sufficiently diligent in assessing the custodian's possible "intentions" to change employers and, if so, what the appropriate remedy might be. There is simply no need for these additional complications, sanctioned nowhere in the Federal Rules.

    For the foregoing reasons, defendants believe that any extension of defendants' departing custodian obligations is inappropriate and should be denied. However, if Your Honor finds that an extension may be warranted, defendants submit that Section XVIII should be extended – in its current form and not as indirect plaintiffs would amend it – by no more than two months, to October 1, 2012, consistent with the 60-day extension plaintiffs received for filing their class certification papers.

    Respectfully submitted,

    */s/ Michael W. Scarborough*

    Michael W. Scarborough

    for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

cc:  All Counsel via ECF

SMRH:406376928.2