**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL DIRECT ACTION COMPLAINTS | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>[PROPOSED] **ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN DIRECT ACTION PLAINTIFFS' CLAIMS** |

The Defendants' Joint Motion to Dismiss and for Judgment on the Pleadings as to Certain Direct Action Plaintiffs' Claims (the "Motion"), filed by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc., and made on behalf of the additional moving defendants identified in the Motion (collectively "Defendants") came on regularly for hearing before this Court.[1]

---

[1] The Complaints are: *Stoebner v. LG Electronics, Inc.*, No. 11-cv-05381 (N.D. Cal.) [Dkt. No. 1] (Nov. 7, 2011); *Target Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514 (N.D. Cal.) [Dkt. No. 9] (Jan. 6, 2012); *P.C. Richard & Son Long Island Corp. v. Hitachi, Ltd.*, No. 12-cv-02648 (N.D. Cal.) [Dkt. No. 1] (Nov. 14, 2011); *Schultze Agency Servs., LLC v. Hitachi, Ltd.*, No. 12-cv-02649 (N.D. Cal. ) [Dkt. No. 1] (Nov. 14, 2011); *CompuCom Systems, Inc. v. Hitachi, Ltd.*, No. 11-cv-06396 (N.D. Cal.) [Dkt. No. 1] (Nov. 14, 2011); *Interbond Corp. of Am. v. Hitachi, Ltd.*, No. 11-cv-06275 (N.D. Cal.) [Dkt. No. 1] (Nov. 14, 2011); *Costco Wholesale Corp. v. Hitachi, Ltd.*, No. 11-cv-06397 (N.D. Cal.) [Dkt. No. 1] (Nov. 14, 2011); *Siegel v. Hitachi, Ltd.*, No. 11-cv-05502 (N.D.

- 1 -

Having fully considered the papers on file and submitted herewith, the arguments of counsel, and good cause appearing therefor, IT IS HEREBY ORDERED that Defendants' Motion is GRANTED in full, as further specified below.

## I. Federal Antitrust Claims.

The Court hereby ORDERS AND ADJUDGES as follows for the reasons stated on the record at the hearing:

To the extent they are based on purchases of finished products that merely contained Cathode Ray Tubes ("CRTs"), the federal antitrust claims asserted in each of the Complaints be dismissed without leave to amend, or as applicable judgment on the pleadings entered against, for lack of antitrust standing under *Illinois Brick v. Illinois*, 431 U.S. 720 (1977), and its progeny.  All claims based on purchases of finished products are also dismissed for lack of antitrust standing pursuant to *Associated General Contractors of California v. California State Council of Carpenters*, 459 U.S. 519 (1983) ("*AGC*").

## II. State-law Claims.

### A. Statutes of Limitations Grounds.

IT IS FURTHER ORDERED AND ADJUDGED as follows for the reasons stated on the record at the hearing:

**1.** ***Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, Case No. 11-cv-05513**

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiffs on statute of limitations grounds, to the extent the claim arises from purchases prior to November 14, 2007, be granted and that the claim for relief be dismissed without leave to amend:

> 1. Second Claim for Relief:  Violation of the Minnesota Antitrust Act of 1971, Minn. Stat. Ann. §§ 325D.52, *et seq.*

---

Cal.) [Dkt. No. 1] (Nov. 14, 2011); *Office Depot, Inc. v. Hitachi, Ltd.*, No. 11-cv-06276 (N.D. Cal.) [Dkt. No. 1] (Nov. 14, 2011); *Best Buy Co., Inc. v. Hitachi, Ltd.*, No. 11-cv-05513 (N.D. Cal.) [Dkt. No. 1] (Nov. 14, 2011); and *Electrograph Systems, Inc. v. Hitachi, Ltd.*, No. 11-cv-01656 (N.D. Cal.) [Dkt. No. 5] (Mar. 10, 2011).

**2.     *Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.*, Case No. 11-cv-05502**

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiffs on statute of limitations grounds, to the extent the claims arise from purchases prior to November 14, 2007, be granted and that the claims for relief be dismissed without leave to amend:

1. Second Claim for Relief:  Violation of the California Cartwright Act, Cal. Bus. & Prof. Code § 16720;

2. Third Claim for Relief:  Violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200; and

3. Fifth Claim for Relief:  Violation of the Illinois Antitrust Act, 740 Ill. Comp. Stat. §§ 10/1, *et seq.*

**3.     *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, Case No. 11-cv-06396**

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiffs on statute of limitations grounds, to the extent the claims arise from purchases prior to November 14, 2007, be granted and that the claims for relief be dismissed without leave to amend:

1. Second Claim for Relief:  Violation of the California Cartwright Act, Cal. Bus. & Prof. Code § 16720;

2. Third Claim for Relief:  Violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200; and

3. Fourth Claim for Relief:  Violation of the New York Donnelly Act, N.Y. Gen. Bus. Law §§ 340, *et seq.*

**4.     *Costco Wholesale Corporation v. Hitachi, Ltd., et al.*, Case No. 11-cv-06397**

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiffs on statute of limitations grounds, to the extent the claims arise from purchases prior to November 14, 2007, be granted and that the claims for relief be dismissed without leave to amend:

1. Second Claim for Relief: Violation of the California Cartwright Act, Cal. Bus. & Prof. Code §§ 16700, *et seq.*;

2. Third Claim for Relief: Violation of the Washington Consumer Protection Act, R.C.W. § 19.86.030;

3. Fourth Claim for Relief: Violation of the Arizona Antitrust Act, Ariz. Rev. Stat. §§ 44-1401, *et seq.*;

4. Fifth Claim for Relief: Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. §§ 501.201, *et seq.*; and

5. Sixth Claim for Relief: Violation of the Illinois Antitrust Act, 740 Ill. Comp. Stat. §§ 10/1, *et seq.*

**5.    *Interbond Corporation of America v. Hitachi, Ltd., et al.*, Case No. 11-cv-06275**

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiffs on statute of limitations grounds, to the extent the claims arise from purchases prior to November 14, 2007, be granted and that the claims for relief be dismissed without leave to amend:

1. Second Claim for Relief: Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. §§ 501.201, *et seq.*

**6.    *John R. Stoebner, as Chapter 7 Trustee for PBE Consumer Electronics, LLC, et al. v. LG Electronics, Inc., et al.*, Case No. 11-cv-05381**

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiffs on statute of limitations grounds, to the extent the claims arise from purchases prior to November 4, 2007, be granted and that the claims for relief be dismissed without leave to amend:

1. Second Claim for Relief: Violation of the Minnesota Antitrust Act, Minn. Stat. Ann. §§ 325D.49, *et seq.*;

2. Third Claim for Relief: Violation of the California Cartwright Act, Cal. Bus. & Prof. Code §§ 16720, *et seq.*; and

3. Fourth Claim for Relief: Violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*

**7.     *Office Depot, Inc. v. Hitachi, Ltd., et al.*, Case No. 11-cv-06276**

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiffs on statute of limitations grounds, to the extent the claims arise from purchases prior to November 14, 2007, be granted and that the claims for relief be dismissed without leave to amend:

1. Second Claim for Relief:  Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. §§ 501.201, *et seq.*;

2. Third Claim for Relief:  Violation of the California Cartwright Act, Cal. Bus. & Prof. Code § 16720; and

3. Fourth Claim for Relief:  Violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200.

**8.     *P.C. Richard & Son Long Island Corporation, et al. v. Hitachi, Ltd., et al.*, Case No. 12-cv-02648**

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiffs on statute of limitations grounds, to the extent the claims arise from purchases prior to November 14, 2007, be granted and that the claims for relief be dismissed without leave to amend:

1. Second Claim for Relief:  Violation of State Antitrust Laws:

    a.  Ariz. Rev. Stat. §§ 44-1401, *et seq.*;

    b.  740 Ill. Comp. Stat. §§ 10/1, *et seq.*;

    c.  Mich. Comp. Laws Ann. §§ 445.771, *et seq.*; and

    d.  N.Y. Gen. Bus. Law §§ 340, *et seq.*

**9.     *Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, Case No. 11-cv-01656**

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiffs on statute of limitations grounds, to the extent the claims arise from purchases prior to February 18, 2007, be granted and that the claims for relief be dismissed without leave to amend:

- 5 -

1. Second Claim for Relief: Violation of the California Cartwright Act, Cal. Bus. & Prof. Code § 16720;

2. Third Claim for Relief: Violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and

3. Fourth Claim for Relief: Violation of the New York Donnelly Act, N.Y. Gen. Bus. Law §§ 340, *et seq.*; and

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiffs on statute of limitations grounds be granted and that the claims for relief be dismissed in their entirety without leave to amend:

1. Fifth Claim for Relief: Violation of the New York Unfair Competition Law, N.Y. Gen. Bus. Law § 349.

**10.** ***Target Corp., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, Case No. 11-cv-05514**

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiffs, as applicable to each plaintiff as specified below, on statute of limitations grounds, to the extent the claims arise from purchases prior to November 14, 2007, be granted and that the claims for relief be dismissed without leave to amend:

1. Second Claim for Relief: Violation of the California Cartwright Act, Cal. Bus. & Prof. Code § 16720 (all plaintiffs in the above-referenced action); and

2. Third Claim for Relief: Violation of State Antitrust and Unfair Competition Laws:

   a. Cal. Bus. & Prof. Code §§ 17200, *et seq.* (all plaintiffs in the above-referenced action);

   b. Ariz. Rev. Stat. §§ 44-1401, *et seq.* (Target and Sears);

   c. Fla. Stat. Ann. §§ 501.201, *et seq.* (Target, Sears, and Kmart);

   d. 740 Ill. Comp. Stat. §§ 10/1, *et seq.* (Target, Sears, Kmart, and Old Comp);

   e. Iowa Code Ann. §§ 553.1, *et seq.* (Target);

   f. Mass. Gen. Laws Ann. ch. 93A §§ 2, *et seq.* (Sears and Radioshack);

   g. Mich. Comp. Laws Ann. §§ 445.771, *et seq.* (Target, Sears, and Kmart);

   h. Minn. Stat. Ann. §§ 325D.50, *et seq.* (Target, Sears, and Kmart);

- 6 -

   i. Neb. Rev. Stat. §§ 59-801, *et seq.* (Sears and Kmart);

   j. Nev. Rev. Stat. §§ 598A, *et seq.* (Sears and Kmart);

   k. N.M. Stat. Ann. §§ 57-1-1, *et seq.* (Sears);

   l. N.Y. Gen. Bus. Law §§ 340, *et seq.* (Target and Sears); and

   m. N.C. Gen. Stat. §§ 75-1, *et seq.* (Target, Sears, and Kmart).

In the above-referenced action, the Motion as to the following state-law claims of Direct ActionPlaintiffs, as applicable to each plaintiff as specified below, on statute of limitations grounds, to the extent the claims arise from purchases prior to November 14, 2005, be granted and that the claims for relief be dismissed without leave to amend:

  1. Third Claim for Relief:  Violation of State Antitrust and Unfair Competition Laws:

   a. Wis. Stat. Ann. §§ 133.01, *et seq.* (Target and Sears).

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiffs, as applicable to each plaintiff as specified below, on statute of limitations grounds be granted and that the claims for relief be dismissed in their entirety without leave to amend:

  1. Third Claim for Relief:  Violation of State Antitrust and Unfair Competition Laws:

   a. Kan. Stat. Ann. §§ 50-501, *et seq.* (Target); and

   b. Miss. Code Ann. §§ 75-21-1, *et seq.* (Sears and Radioshack).

  **11.** ***Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC v. Hitachi, Ltd.*, Case No. 12-cv-02649**

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiffs on statute of limitations grounds, to the extent the claims arise from purchases prior to November 14, 2007, be granted and that the claims for relief be dismissed without leave to amend:

  1. Second Claim for Relief:  Violation of the Massachusetts Antitrust Act, Mass. Gen. Laws Ann. ch. 93A §§ 2, *et seq.*

- 7 -

**B.      Sufficient Contacts With Forum States.**

IT IS FURTHER ORDERED AND ADJUDGED as follows for the reasons stated on the record at the hearing:

   1.      *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, **Case No. 11-cv-05513**

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiffs on due process grounds, be granted and that the claim for relief be dismissed without leave to amend:

   1. Second Claim for Relief:  Violation of the Minnesota Antitrust Act of 1971, Minn. Stat. Ann. §§ 325D.52, *et seq.*

   2.      *Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, **Case No. 11-cv-06397**

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiffs on due process grounds, be granted and that the claims for relief be dismissed without leave to amend:

   1. Fourth Claim for Relief:  Violation of Arizona Antitrust Act, Ariz. Rev. Stat. § 14-1401 *et seq.*;
   2. Fifth Claim for Relief:  Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.*; and
   3. Sixth Claim for Relief:  Violation of the Illinois Antitrust Act, 740 Ill. Comp. Stat. 10/1 *et seq.*

   3.      *John R. Stoebner, as Chapter 7 Trustee for PBE Consumer Electronics, LLC, et al. v. LG Electronics, Inc., et al.*, **Case No. 11-cv-05381**

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiffs on due process grounds, be granted and that the claims for relief be dismissed without leave to amend:

   1. Second Claim for Relief:  Violation of the Minnesota Antitrust Act of 1971, Minn. Stat. Ann. §§ 325D.52, *et seq.*;

2. Third Claim for Relief:  Violation of the California Cartwright Act, Cal. Bus. & Prof. Code § 16720; and

3. Fourth Claim for Relief:  Violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200.

**4.    *Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.*, Case No. 11-cv-05502**

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiffs on due process grounds, be granted and that the claims for relief be dismissed without leave to amend:

1. Second Claim for Relief:  Violation of the California Cartwright Act, Cal. Bus. & Prof. Code § 16720;

2. Third Claim for Relief:  Violation of California Unfair Competition Law;

3. Fourth Claim for Relief:  Violation of California Unjust Enrichment Law; and

4. Fifth Claim for Relief:  Violation of the Illinois Antitrust Act, 740 Ill. Comp. Stat. §§ 10/1, *et seq.*

**5.    *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, Case No. 11-cv-06396**

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiffs on due process grounds, be granted and that the claims for relief be dismissed without leave to amend:

1. Fourth Claim for Relief:  Violation of the New York Donnelly Act, N.Y. Gen. Bus. Law §§ 340, *et seq.*

**6.    *Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, Case No. 11-cv-01656**

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiffs on due process grounds, be granted and that judgment on the pleadings is entered against the claims for relief:

1. Second Claim for Relief: Violation of the California Cartwright Act, Cal. Bus. & Prof. Code § 16720;
2. Third Claim for Relief: Violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200;
3. Fourth Claim for Relief: Violation of the New York Donnelly Act, N.Y. Gen. Bus. Law §§ 340, *et seq.*; and
4. Fifth Claim for Relief: Violation of the New York Unfair Competition Law, N.Y. Gen. Bus. Law § 349.

**7.** *Target Corp., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, **Case No. 11-cv-05514**

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiff Target Corp. on due process grounds, be granted and that the claims for relief be dismissed without leave to amend:

1. Second Claim for Relief: Violation of the California Cartwright Act, Cal. Bus. & Prof. Code § 16720; and
2. Third Claim for Relief: Violation of State Antitrust and Unfair Competition Laws:
   a. Cal. Bus. & Prof. Code §§ 17200, *et seq.*;
   b. Ariz. Rev. Stat. §§ 44-1401, *et seq.*;
   c. Fla. Stat. Ann. §§ 501.201, *et seq.*;
   d. 740 Ill. Comp. Stat. §§ 10/1, *et seq.*;
   e. Iowa Code Ann. §§ 553.1, *et seq.*;
   f. Kan. Stat. Ann. §§ 60-501, *et seq.*;
   g. Mich. Comp. Laws Ann. §§ 445.771, *et seq.*;
   h. N.Y. Gen. Bus. Law §§ 340, *et seq.*;
   i. N.C. Gen. Stat. §§ 75-1, *et seq.*; and
   j. Wis. Stat. §§ 133.01, *et seq.*

[PROPOSED] ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN DIRECT ACTION PLAINTIFFS' CLAIMS (3:07-CV-05944 SC, MDL NO. 1917)

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiff Sears, Roebuck, and Co. on due process grounds, be granted and that the claims for relief be dismissed without leave to amend:

1. Second Claim for Relief: Violation of the California Cartwright Act, Cal. Bus. & Prof. Code § 16720; and
2. Third Claim for Relief: Violation of State Antitrust and Unfair Competition Laws:
   a. Cal. Bus. & Prof. Code §§ 17200, *et seq.*;
   b. Ariz. Rev. Stat. §§ 44-1401, *et seq.*;
   c. Fla. Stat. Ann. §§ 501.201, *et seq.*;
   d. Mass. Gen. Laws Ann. ch. 93A §§ 2, *et seq.*;
   e. Mich. Comp. Laws Ann. §§ 445.771, *et seq.*;
   f. Minn. Stat. Ann. §§ 325D.52, *et seq.*;
   g. Miss. Code Ann. §§ 75-21-1, *et seq.*;
   h. Neb. Rev. Stat. §§ 59-801, *et seq.*;
   i. Nev. Rev. Stat. §§ 598A, *et seq.*;
   j. N.M. Stat. Ann. §§ 57-1-1, *et seq.*;
   k. N.Y. Gen. Bus. Law §§ 340, *et seq.*;
   l. N.C. Gen. Stat. §§ 75-1, *et seq.*; and
   m. Wis. Stat. §§ 133.01, *et seq.*

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiff Kmart Corporation on due process grounds, be granted and that the claims for relief be dismissed without leave to amend:

1. Second Claim for Relief: Violation of the California Cartwright Act, Cal. Bus. & Prof. Code § 16720; and
2. Third Claim for Relief: Violation of State Antitrust and Unfair Competition Laws:
   a. Cal. Bus. & Prof. Code §§ 17200, *et seq.*;
   b. Fla. Stat. Ann. §§ 501.201, *et seq.*;

      c.  740 Ill. Comp. Stat. §§ 10/1, *et seq.*;

      d.  Minn. Stat. Ann. §§ 325D.52, *et seq.*;

      e.  Neb. Rev. Stat. §§ 59-801, *et seq.*;

      f.  Nev. Rev. Stat. §§ 598A, *et seq.*; and

      g.  N.C. Gen. Stat. §§ 75-1, *et seq.*

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiff Old Comp, Inc. on due process grounds, be granted and that the claims for relief be dismissed without leave to amend:

1. Second Claim for Relief: Violation of the California Cartwright Act, Cal. Bus. & Prof. Code § 16720; and
2. Third Claim for Relief: Violation of State Antitrust and Unfair Competition Laws:
   a. Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and
   b. 740 Ill. Comp. Stat. §§ 10/1, *et seq.*

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiff Radioshack Corporation on due process grounds, be granted and that the claims for relief be dismissed without leave to amend:

1. Second Claim for Relief: Violation of the California Cartwright Act, Cal. Bus. & Prof. Code § 16720; and
2. Third Claim for Relief: Violation of State Antitrust and Unfair Competition Laws:
   a. Cal. Bus. & Prof. Code §§ 17200, *et seq.*;
   b. Mass. Gen. Laws Ann. ch. 93A §§ 2, *et seq.*; and
   c. Miss. Code Ann. §§ 75-21-1, *et seq.*

**C.    Antitrust Standing In States Following *Associated General Contractors of California v. California State Council of Carpenters*, 459 U.S. 519 (1983).**

IT IS FURTHER ORDERED AND ADJUDGED as follows for the reasons stated on the record at the hearing:

- 12 -

**1.** *Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.*, **Case No. 11-cv-05502**

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiffs for failure to demonstrate antitrust standing under *AGC*, 459 U.S. 519, is granted and the following claims for relief are dismissed without leave to amend:

1. Second Claim for Relief:  Violation of the California Cartwright Act, Cal. Bus. & Prof. Code § 16720; and

2. Fifth Claim for Relief:  Violation of the Illinois Antitrust Act, 740 Ill. Comp. Stat. §§ 10/1, *et seq.*

**2.** *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, **Case No. 11-cv-06396**

In the above-referenced action the Motion as to the following state-law claim of Direct Action Plaintiffs for failure to demonstrate antitrust standing under *AGC*, 459 U.S. at 519, is granted and the following claim for relief is dismissed without leave to amend:

1. Second Claim for Relief:  Violation of the California Cartwright Act, Cal. Bus. & Prof. Code § 16720.

**3.** *Costco Wholesale Corporation v. Hitachi, Ltd., et al.*, **Case No. 11-cv-06397**

In the above-referenced action the Motion as to the following state-law claim of Direct Action Plaintiffs for failure to demonstrate antitrust standing under *AGC*, 459 U.S. at 519, is granted and the following claims for relief are dismissed without leave to amend:

1. Second Claim for Relief:  Violation of the California Cartwright Act, Cal. Bus. & Prof. Code §§ 16720, *et seq.*;

2. Third Claim for Relief:  Violation of the Washington Consumer Protection Act, R.C.W. § 19.86.030;

3. Fourth Claim for Relief:  Violation of the Arizona Antitrust Act, Ariz. Rev. Stat. §§ 44-1401, *et seq.*;

4. Sixth Claim for Relief:  Violation of the Illinois Antitrust Act, 740 Ill. Comp. Stat. §§ 10/1, *et seq.*

    **4.**  *Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, **Case No. 11-cv-01656**

In the above-referenced action the Motion as to the following state-law claim of Direct Action Plaintiffs for failure to demonstrate antitrust standing under *AGC*, 459 U.S. at 519, is granted and judgment on the pleadings is entered against the following claim for relief:

1. Second Claim for Relief:  Violation of the California Cartwright Act, Cal. Bus. & Prof. Code §§ 16720, *et seq.*

    **5.**  *Office Depot, Inc. v. Hitachi, Ltd., et al.*, **Case No. 11-cv-06276**

In the above-referenced action the Motion as to the following state-law claim of Direct Action Plaintiffs for failure to demonstrate antitrust standing under *AGC*, 459 U.S. at 519, is granted and the following claim for relief is dismissed without leave to amend:

1. Third Claim for Relief:  Violation of the California Cartwright Act, Cal. Bus. & Prof. Code § 16720 *et seq.*

    **6.**  *P.C. Richard & Son Long Island Corporation, et al. v. Hitachi, Ltd., et al.*, **Case No. 12-cv-02648**

In the above-referenced action the Motion as to the following state-law claim of Direct Action Plaintiffs for failure to demonstrate antitrust standing under *AGC*, 459 U.S. at 519, is granted and the following claim for relief is dismissed without leave to amend:

1. Second Claim for Relief:  Violation of State Antitrust Laws:
    a. Ariz. Rev. Stat. §§ 44-1401, *et seq.*;
    b. 740 Ill. Comp. Stat. §§ 10/1, *et seq.*; and
    c. Mich. Comp. Laws §§ 445.771 *et seq.*

    **7.**  *John R. Stoebner, as Chapter 7 Trustee for PBE Consumer Electronics, LLC v. LG Electronics, Inc., et al.*, **Case No. 11-cv-05381**

In the above-referenced action the Motion as to the following state-law claim of Direct Action Plaintiffs for failure to demonstrate antitrust standing under *AGC*, 459 U.S. at 519, is granted and the following claim for relief is dismissed without leave to amend:

1. Third Claim for Relief: Violation of the California Cartwright Act, Cal. Bus. & Prof. Code §§ 16720, *et seq.*

D. **Claims Under The Consumer Protection Statutes Of Massachusetts And Washington.**

IT IS FURTHER ORDERED AND ADJUDGED as follows for the reasons stated on the record at the hearing:

1. *Target Corp., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, **Case No. 11-cv-05514**

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiff Sears, Roebuck, and Co., be granted for failure to make a written demand 30 days prior to filing suit and that the claims for relief be dismissed without leave to amend:

1. Third Claim for Relief: Violation of Massachusetts G.L. c. 93A, §§ 2, *et seq*.

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiff Radioshack Corporation, be granted for failure to make a written demand 30 days prior to filing suit and that the claims for relief be dismissed without leave to amend:

1. Third Claim for Relief: Violation of Massachusetts G.L. c. 93A, §§ 2, *et seq*.

2. *Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC v. Hitachi, Ltd.*, **Case No. 12-cv-02649**

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiffs, be granted for failure to make a written demand 30 days prior to filing suit and that the claims for relief be dismissed without leave to amend:

1. Second Claim for Relief: Violation of Massachusetts G.L. c. 93A, §§ 2, *et seq*.

3. *Costco Wholesale Corporation v. Hitachi, Ltd., et al.*, **Case No. 11-cv-06397**

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiffs, be granted for lack of statutory standing under *Blewett v. Abbott Labs.*, 938 P.2d 842 (Wash. App. 1997) and that the claims for relief be dismissed without leave to amend:

1. Third Claim for Relief: Violation of the Washington Consumer Protection Act,

Wash. Rev. Code. § 19.86.030.

### E. Certain Unjust Enrichment, Restitution, And California Unfair Competition Law Claims.

IT IS FURTHER ORDERED AND ADJUDGED as follows for the reasons stated on the record at the hearing:

**1.** *Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.*, **Case No. 11-cv-05502**

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiffs be granted and that the claims for relief be dismissed without leave to amend:

1. Third Claim for Relief: Violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; and

2. Fourth Claim for Relief: Violation of California Unjust Enrichment Law.

**2.** *John R. Stoebner, as Chapter 7 Trustee for PBE Consumer Electronics, LLC, et al. v. LG Electronics, Inc., et al.*, **Case No. 11-cv-05381**

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiffs be granted and that the claims for relief be dismissed without leave to amend:

1. Fourth Claim for Relief: Violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; and

2. Fifth Claim for Relief: Violation of Unjust Enrichment Common Law Principles.

**3.** *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, **Case No. 11-cv-06396**

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiffs be granted and that the claims for relief be dismissed without leave to amend:

1. Third Claim for Relief: Violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*

## F. Claims Under Nebraska, Nevada, And New York Based On Purchases Prior To Those States' Repeal Of The *Illinois Brick* Rule.

IT IS FURTHER ORDERED AND ADJUDGED as follows for the reasons stated on the record at the hearing:

### 1. *Target Corp., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, Case No. 11-cv-05514

In the above-referenced action, the Motion as to the following state-law claims of Direct Action Plaintiffs, as applicable to each plaintiff as specified below, on standing grounds, to the extent the claims arise from purchases prior to the date indicated, be granted and that the following claims for relief be dismissed without leave to amend:

1. Third Claim for Relief: Violation of State Antitrust and Unfair Competition Laws:

    a. Nebraska Rev. Stat. §§ 59-801, *et seq.* (based on purchases made before July 20, 2002) (Sears and Kmart);

    b. Nevada Rev. Stat. Ann. §§ 598A, *et seq.* (based on purchases made before October 1, 1999) (Sears and Kmart); and

    c. New York General Business Law §§ 340, *et seq.* (based on purchases made before December 23, 1998) (Target and Sears).

### 2. *Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, Case No. 11-cv-01656

In the above-referenced action, the Motion be granted and that judgment on the pleadings is entered against the Fourth Claim for Relief, for violation of New York's Donnelly Act, to the extent that claim is based on purchases made before December 23, 1998.

### 3. *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, Case No. 11-cv-06396

In the above-referenced action, the Motion be granted and that the Fourth Claim for Relief, for violation of New York's Donnelly Act, be dismissed without leave to amend to the extent that claim is based on purchases made before December 23, 1998.

        **4.**    *P.C. Richard & Son Long Island Corporation, et al. v. Hitachi, Ltd., et al.*, **Case No. 12-cv-02648**

In the above-referenced action, the Motion be granted and that the Second Claim for Relief, for violation of New York's Donnelly Act, be dismissed without leave to amend to the extent that claim is based on purchases made before December 23, 1998.

**IT IS SO ORDERED**

Dated:_____        _____
                                                              Hon. Samuel Conti
                                                            United States District Judge

Dated:_____        _____
                                                            Hon. Charles Legge (Ret.)
                                                            Special Master