1  Douglas L. Wald (*Pro Hac Vice*)
   Wilson D. Mudge (*Pro Hac Vice*)
2  YongSang Kim (*Pro Hac Vice*)
   ARNOLD & PORTER LLP
3  555 Twelfth Street, NW
   Washington, DC 20004-1206
4  Telephone:  202.942.5000
   Facsimile:  202.942.5999
5  E-mail:  Douglas.Wald@aporter.com
            Wilson.Mudge@aporter.com
6           YongSang.Kim@aporter.com

7  Sharon D. Mayo (SBN 150469)
   ARNOLD & PORTER LLP
8  Three Embarcadero Center, Seventh Floor
   San Francisco, CA  94111-4024
9  Telephone:  415.471.3100
   Facsimile:  415.471.3400
10 E-Mail:  Sharon.Mayo@aporter.com

11 Eric D. Mason (SBN 259233)
   ARNOLD & PORTER LLP
12 777 South Figueroa Street, Forty-Fourth Floor
   Los Angeles, California  90017-5844
13 Telephone:  213.243.4000
   Facsimile:  213.243.4199
14 E-Mail:  Eric.Mason@aporter.com

15
   *Attorneys for Defendants LG Electronics, Inc. and LG*
16 *Electronics USA, Inc.*

17

18                 UNITED STATES DISTRICT COURT

19                NORTHERN DISTRICT OF CALIFORNIA

20                        SAN FRANCISCO

21 IN RE: CATHODE RAY TUBE (CRT)      )  Master File No. 3:07-cv-05944 SC
   ANTITRUST LITIGATION               )
22                                    )  MDL No. 1917
                                      )
23                                    )  **JOINDER OF DEFENDANTS LG**
                                      )  **ELECTRONICS, INC. AND LG**
24                                    )  **ELECTRONICS USA, INC. IN MOTION TO**
                                      )  **DISMISS FILED BY PHILIPS**
25                                    )  **DEFENDANTS**
   _____)
26                                    )  DATE:      Nov. 30, 2012 (Tentative)
   This Document Relates To:          )  TIME:      10:00 a.m.
27                                    )  PLACE:     JAMS Resolution Center, before
   ALL DIRECT ACTION COMPLAINTS       )             the Hon. Charles A. Legge (Ret.)
28 _____)

32001685v1

Defendants LG Electronics, Inc. ("LGEI"), and LG Electronics USA, Inc. ("LGE USA" and collectively "LGE Defendants") hereby join in the motion to dismiss the complaints of the Direct Action Plaintiffs ("DAPs") that was filed on August 17, 2012 by the Philips Defendants. [1]

The LGE Defendants are in the same position with respect to the statute of limitations and withdrawal as the Philips Defendants.  The relevant factual allegations addressed in the Philips Motion are the same in all material respects as the factual allegations against LGE, and the legal arguments advanced in the Philips Motion apply with equal force to the LGE Defendants. Specifically, the following key factual allegations that demonstrate the legal insufficiency of the claims against the Philips Defendants are also made by the DAPs against LGE:

- As the DAPs allege, in June 2001, the LGE Defendants[2] exited the CRT business when they divested their CRT interests to L.P. Displays International Ltd.  ("LPD"), a joint venture in which LGEI owned a 50% share.  Best Buy Compl. ¶ 36.[3]  LPD was a separate and independently incorporated legal entity distinct from the LGE Defendants.  *Id.* ¶ 40.[4]

- As the DAPs allege, LGEI's shareholder rights in LPD were extinguished by March 2007, when LPD announced that LGEI had transferred ownership of LPD to the various "financial institutions and private equity firms" who were creditors of LPD.  *Id.* ¶ 40.[5]

---

[1] *See* "Notice of Motion and Motion to Dismiss and For Judgment on the Pleadings as to the Direct Action Plaintiffs' Claims and Memorandum of Points and Authorities in Support of Motion" ("Philips Motion") filed by defendants Koninklijke Philips Electronics N.V, and Philips Electronics North America Corporation ("Philips Defendants") (Dkt. No. 1319).

[2] The DAPs improperly attempt to characterize LGEI, LGE USA, and LG Electronics Taiwan Taipei Co., Ltd. as a single defendant, styled "LGE Electronics".  Best Buy Compl. ¶ 39. CompuCom Compl. ¶ 34; Circuit City Compl. ¶ 37; Target Am. Compl. ¶ 45; Costco Compl. ¶ 31; Office Depot Compl. ¶ 34; Interbond Compl. ¶ 33; Tweeter Compl. ¶ 37; P.C.  Richard Compl. ¶ 39; Electrograph Am. Compl. ¶ 48; Polaroid Compl. ¶ 26 (using "LG").

[3] CompuCom Compl. ¶ 31; Circuit City Compl. ¶ 34; Target Am. Compl. ¶ 42; Polaroid Compl. ¶ 23; Costco Compl. ¶ 28; Office Depot Compl. ¶ 31; Interbond Compl. ¶ 30; Tweeter Compl. ¶ 34; P.C.  Richard Compl. ¶ 36; Electrograph Am. Compl. ¶ 45.

[4] CompuCom Compl. ¶ 35; Circuit City Compl. ¶ 38; Target Am. Compl. ¶ 46; Polaroid Compl. ¶ 32; Costco Compl. ¶ 32; Office Depot Compl. ¶ 35; Interbond Compl. ¶ 34; Tweeter Compl. ¶ 38; P.C.  Richard Compl. ¶ 40; Electrograph Am. Compl. ¶ 49.

[5] CompuCom Compl. ¶ 35; Circuit City Compl. ¶ 38; Target Am. Compl. ¶ 46; Polaroid Compl. ¶ 32; Costco Compl. ¶ 32; Office Depot Compl. ¶ 35; Interbond Compl. ¶ 34; Tweeter Compl. ¶ 38; P.C.  Richard Compl. ¶ 40; Electrograph Am. Compl. ¶ 49.

**JOINDER OF DEFENDANTS LG ELECTRONICS, INC. and LG ELECTRONICS USA, INC.
IN MOTION TO DISMISS FILED BY PHILIPS DEFENDANTS
CASE NO. 3:07-CV-5944-SC; MDL NO. 1917**

- The DAPs' only specific allegations regarding LGE Defendants' participation in the supposed CRT conspiracy relate to the 1995 through 2001 period, prior to the LGE Defendants' divestiture of their CRT business to LPD.  Best Buy Compl. ¶ 143.[6]  Following the divestiture, the DAPs allege that the LGE Defendants participated in the conspiracy "through its joint venture with Philips."  *Id.* ¶ 143.[7]  And they allege that *LPD employees*, who "had previously attended meetings on behalf of [the LGE Defendants]," engaged in conspiratorial activities post-2001.  *Id.* ¶ 145.[8]

- The DAPs make no specific allegation that any LGE Defendant engaged in conspiratorial conduct regarding CRTs after June 2001, *other than* through the LPD joint venture, and they allege no fact that would purport to explain how the LGE Defendants continued to participate in the conspiracy through LPD.

- As with the Philips Defendants, the DAPs do not allege with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure that any LGE Defendant engaged in acts of fraudulent concealment after June 2001.

Accordingly, for the same reasons as those set forth in the Philips Motion, the LGE Defendants respectfully request that this Court enter an order dismissing the DAP Complaints against the LGE Defendants, as requested in the Philips Motion.

///

///

---

[6] CompuCom Compl. ¶ 139; Circuit City Compl. ¶ 141; Target Am. Compl. ¶ 157; Polaroid Compl. ¶ 132; Costco Compl. ¶ 121; Office Depot Compl. ¶ 138; Interbond Compl. ¶ 137; Tweeter Compl. ¶ 141; P.C. Richard Compl. ¶ 143; Electrograph Am. Compl. ¶ 149.

[7] CompuCom Compl. ¶ 139; Circuit City Compl. ¶ 141; Target Am. Compl. ¶ 157; Polaroid Compl. ¶ 132; Costco Compl. ¶ 121; Office Depot Compl. ¶ 138; Interbond Compl. ¶ 137; Tweeter Compl. ¶ 141; P.C. Richard Compl. ¶ 143; Electrograph Am. Compl. ¶ 149.

[8] CompuCom Compl. ¶ 141; Circuit City Compl. ¶ 143; Target Am. Compl. ¶ 159; Polaroid Compl. ¶ 136; Costco Compl. ¶ 123; Office Depot Compl. ¶ 140; Interbond Compl. ¶ 139; Tweeter Compl. ¶ 143; P.C. Richard Compl. ¶ 145; Electrograph Am. Compl. ¶ 151.

**JOINDER OF DEFENDANTS LG ELECTRONICS, INC. and LG ELECTRONICS USA, INC.**
**IN MOTION TO DISMISS FILED BY PHILIPS DEFENDANTS**
CASE NO. 3:07-CV-5944-SC; MDL NO. 1917

1    Dated:  August 20, 2012                    ARNOLD & PORTER LLP

2

3

4                                        By:   /s/ Eric D. Mason
                                               ERIC D. MASON
5                                              Attorneys for Defendants
                                               LG ELECTRONICS, INC., and
6                                              LG ELECTRONICS USA, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINDER OF DEFENDANTS LG ELECTRONICS, INC. and LG ELECTRONICS USA, INC.
IN MOTION TO DISMISS FILED BY PHILIPS DEFENDANTS**
CASE NO. 3:07-CV-5944-SC; MDL NO. 1917

1

**<u>CERTIFICATE OF SERVICE</u>**

2

    I hereby certify that on August 20, 2012, I electronically filed the Joinder of Defendants LG

3

Electronics, Inc. and LG Electronics U.S.A. in the Motion to Dismiss filed by the Philips

4

Defendants with the Clerk of the Court using the CM/ECF system, which will send notification of

5

such filing to the counsel of record in this action who are registered on the CM/ECF system.

6

7

           /s/Eric D. Mason          
           Eric D. Mason

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINDER OF DEFENDANTS LG ELECTRONICS, INC. and LG ELECTRONICS USA, INC.
IN MOTION TO DISMISS FILED BY PHILIPS DEFENDANTS
CASE NO. 3:07-CV-5944-SC; MDL NO. 1917**