Guido Saveri (22349) guido@saveri.com
R. Alexander Saveri (173102) rick@saveri.com
Geoffrey C. Rushing (126910) grushing@saveri.com
Cadio Zirpoli (179108) cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

Interim Lead Counsel for the Direct Purchaser Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV- 07-5944-SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| | **[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENTS WITH CPT AND PHILIPS** |
| **ALL DIRECT PURCHASER ACTIONS** | |

1    On August 21, 2012, Direct Purchaser Plaintiffs filed a Motion for Final Approval of Class Action Settlements with Defendants (1) Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively, "CPT"), and (2) Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation, Philips Electronics Industries (Taiwan), Ltd., and Philips Da Amazonia Industria Electronica Ltda. (collectively, "Philips").  The Court, having reviewed the motion, each of the two settlement agreements, the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that the motion should be GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation and over the parties to the Settlement Agreements, including all members of the Class and the Defendants.

2. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in each of the two settlement agreements.

3. Pursuant to Fed. R. Civ. P. 23(g), Lead Counsel, previously appointed by the Court (Saveri & Saveri Inc.), are appointed as counsel for the Class. Saveri & Saveri, Inc. has and will fairly and competently represent the interests of the Class.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court determines that the following settlement class be certified:

> All persons and entities who, between March 1, 1995 and November 25, 2007, directly purchased a CRT Product in the United States from any defendant or subsidiary or affiliate thereof, or any co-conspirator. Excluded from the Class are defendants, their parent companies, subsidiaries and affiliates, any co-conspirator, all governmental entities, and any judges or justices assigned to hear any aspect of this action.

5. CRT Products refers to all forms of Cathode Ray Tubes.  It includes CPTs, CDTs and the finished products that contain them – televisions and monitors.

6. The Court further finds that the prerequisites to a class action under Rule 23 are satisfied for settlement purposes in that: (a) there are hundreds of geographically dispersed class members, making joinder of all members impracticable; (b) there are

1  questions of law and fact common to the class which predominate over individual issues;

2  (c) the claims or defenses of the class plaintiffs are typical of the claims or defenses of

3  the class; (d) the plaintiffs will fairly and adequately protect the interests of the class, and

4  have retained counsel experienced in antitrust class action litigation who have, and will

5  continue to, adequately represent the class; and (e) a class action is superior to individual

6  actions.

7      7.    The Court hereby finally approves and confirms the settlements set forth in the

8  Agreements and finds that said settlements are, in all respects, fair, reasonable and adequate to the

9  Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

10      8.    This Court hereby dismisses on the merits and with prejudice the Action in

11  favor of CPT and Philips, with each party to bear their own costs and attorneys' fees.

12      9.    The CPT and Philips Releasees are hereby and forever released and discharged with

13  respect to any and all claims or causes of action which the Releasors had or have arising out of or

14  related to any of the settled claims as defined in the Agreement.

15      11.    The notice given to the Class of the settlements was the best notice practicable

16  under the circumstances, including individual notice to all members of the Class who could be

17  identified through reasonable efforts. Said notice provided due and adequate notice of those

18  proceedings and of the matters set forth therein, including the proposed settlements set forth in the

19  Settlement Agreements, to all persons entitled to such notice, and said notice fully satisfied the

20  requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the

21  requirements of due process.

22      12.    Without affecting the finality of the Judgments in any way, this Court hereby retains

23  continuing jurisdiction over: (a) implementation of this settlement and any distribution to Class

24  Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund (c) hearing

25  and determining applications by plaintiffs for attorneys' fees, costs, expenses, and interest; (d) the

26  Action until the Final Judgment contemplated hereby has become effective and each and every act

27  agreed to be performed by the parties all have been performed pursuant to the Agreement; (e)

28  hearing and ruling on any matters relating to the plan of allocation of settlement proceeds; and (f)

all parties to the Action and Releasors for the purpose of enforcing and administering the Agreement and the mutual releases and other documents contemplated by, or executed in connection with the Agreement.

13. In the event that the settlements do not become effective in accordance with the terms of the Settlement Agreements, then the Judgments shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void and the parties shall be returned to their respective positions *ex ante*.

14. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgment should be entered and further finds that there is no just reason for delay in the entry Judgment, as a Final Judgment, as to the parties to the Settlement Agreements. Accordingly, the Clerk is hereby directed to enter Judgment forthwith for CPT and Philips.

IT IS SO ORDERED.


Dated:_____                    _____
                                            Hon. Charles A. Legge (Ret.)
                                            Special Master

REVIEWED AND [APPROVED OR MODIFIED]


Dated: _____               _____
                                            Hon. Samuel Conti
                                            United States District Judge

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENTS WITH CPT AND PHILIPS – CV-07-5944-SC                                                                 3