SHEPPARD MULLIN RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
TYLER M. CUNNINGHAM, Cal. Bar No. 243694
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:      415-434-9100
Facsimile:      415-434-3947
E-mail:         ghalling@sheppardmullin.com
                jmcginnis@sheppardmullin.com
                mscarborough@sheppardmullin.com
                tcunningham@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZHEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | **DECLARATION OF TYLER M. CUNNINGHAM IN SUPPORT OF DEFENDANTS' MOTION TO QUASH SHARP SUBPOENA** |
| IN RE: APPLICATION FOR JUDICIAL ASSISTANCE FOR THE ISSUANCE OF SUBPOENAS PURSUANT TO 28 U.S.C. §1782 TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING | |
| Case No. CV-12-80-151 MISC | |

I, TYLER M. CUNNINGHAM, do hereby declare:

1.     I am an attorney licensed to practice law in the State of California and in the United States District Court for the Northern District of California.  I am an associate with the firm of Sheppard, Mullin, Richter and Hampton LLP ("Sheppard Mullin"), counsel of record for defendants Samsung SDI America, Inc., Samsung SDI Co., Ltd., Samsung SDI (Malaysia) Sdn. Bhd., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd., and Tianjin Samsung SDI Co., Ltd. (collectively "SDI") in this matter.  I make this declaration in support of defendants' motion to quash Sharp Corporation ("Sharp")'s subpoena to Saveri & Saveri, Inc.  If called as a witness, I could, and would, testify to the matters set forth in this declaration of my own personal knowledge.

2.     At my request and under my direction, Sheppard Mullin staff reviewed deposition transcripts and correspondence accompanying document productions, in an effort to determine the number of defendant depositions that have occurred, and the number of third parties who have produced documents in this litigation.  As a result of this review, I am informed and believe that more than 20 third parties have produced documents in this litigation, and plaintiffs have taken at least 18 depositions.

3.     Attached hereto as Exhibit "A" is a true and correct copy of the subpoena served by Sharp on Saveri & Saveri, Inc.

4.     Attached hereto as Exhibit "B" is a true and correct copy of a letter dated January 16, 2012 from Mario Alioto and Guido Saveri to the Hon. Charles A. Legge.

5.     Attached hereto as Exhibit "C" is a true and correct copy of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents.

6.     Attached hereto as Exhihbit "D" is a true and correct copy of objections to Sharp's subpoena served by Saveri & Saveri.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

1   DATED:  August 23, 2012

2

3

4                                   By   _____
                                                  */s/ Tyler M. Cunningham*
5                                              TYLER M. CUNNINGHAM

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| ~~Plaintiff~~ | ) | |
| v. | ) | Civil Action No. |
| In re Ex Parte Application of Sharp Corporation for | ) | |
| Order Pursuant to 28 U.S.C 1782 | ) | (If the action is pending in another district, state where: |
| ~~Defendant~~ | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Saveri & Saveri, inc.
706 Sansome Street, San Francisco, CA 94111

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Schedule A

| Place:  Bingham McCutchen LLP | Date and Time: |
|---|---|
| Three Embarcadero Center | |
| San Francisco, CA 94111 | 08/23/2012 11:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  9-8-12

CLERK OF COURT

OR

_____          _____
Signature of Clerk or Deputy Clerk                          Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      Petitioner
Sharp Corporation _____ , who issues or requests this subpoena, are:
Colin West, Bingham McCuthchen LLP, Three Embarcadero Center, San Francisco, CA 94111-4067, colin.west@bingham.com, telephone 415-393-2000

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*    Saveri & Saveri, Inc.
was received by me on *(date)*    8/8/12    .

☐ I served the subpoena by delivering a copy to the named person as follows:  Mailing by Federal
Express for overnight delivery
_____    on *(date)*   8/8/12    ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   8/8/12

_____
*Server's signature*

Jennifer Gray, Secretary
*Printed name and title*

Bingham McCutchen LLP
Three Embarcadero Center, San Francisco, CA 94111
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A
## DEFINITIONS AND INSTRUCTIONS

A.    This Request for the Production of Documents (the "Request" or "Requests") incorporates all provisions, definitions and rules of construction set forth in Rule 45 of the Federal Rules of Civil Procedure ("Rule 45").

B.    The following definitions apply to all of Sharp's Requests:

1.    The term "Saveri & Saveri" means the law firm of Saveri & Saveri, Inc. and any employees thereof.

2.    The term "You" or "Your" means Saveri & Saveri.

3.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and shall mean any and all information in tangible or other form, whether printed, typed, recorded, computerized, filmed, reproduced by any process, or written or produced by hand, and whether an original, draft, master, duplicate or copy, or notated version thereof, that is in YOUR possession, custody, or control. A draft or non-identical copy is a separate document within the meaning of this term.

4.    "Person" is defined as any natural person or any business, legal, or governmental entity or association.

5.    "Direct Purchaser Action" shall mean *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, Case 3:07-cv-05944 SC (N.D. Cal.).

6.    "Discovery Material" shall mean all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

7.    "Stipulated Protective Order" shall mean the Stipulated Protective Order (Doc. No. 306) in Case No. 3:07-cv-05944-SC (N.D. Cal.), filed June 18, 2008.

8.    "Stipulation and Order Regarding ESI Production" shall mean the Stipulation and Order Regarding the Production of Electronically Stored Information (Doc. No. 828) in Case No. 3:07-cv-05944-SC (N.D. Cal.), filed December 16, 2010.

C.    The following rules of construction shall apply to all of Sharp's discovery requests:

1.    The terms "all" and "each" shall be constructed as all and each.

2.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3.      The use of the singular form of any word shall include within its meaning the plural form of the word, and vice versa.

4.      The use of any tense of any verb shall include also within its meaning all other tenses of the verb so used.

D.    Where an objection is made to any document request, or sub-part thereof, under Fed. R. Civ. P. 34, state with specificity all grounds for the objection. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, will be waived.

E.    Where a claim of privilege or work product is asserted in objecting to a document request, or sub-part thereof, and an answer is not provided on the basis of such assertion, the attorney or party asserting the privilege shall in the objection to the interrogatory or document request, or sub-part thereof, identify the nature of the privilege being claimed; and provide the following information, unless divulgence of the information would cause disclosure of the allegedly privileged information:

1.      For documents:

(a)    the type of document;

(b)    general subject matter of the document;

(c)    the date of the document; and

(d)    such other information as is sufficient to identify the document for a subpoena duces tecum, including the author of the document, each addressee of the document, and the relationship of the author to the addressee.

F.    If any requested document is subject to the Stipulated Protective Order, Sharp agrees it will comply with the terms of the Stipulated Protective Order or an order to be entered in the Korean Litigation on terms that are consistent with the goal of protecting the confidentiality interests of the relevant/affected parties.

G.    Electronically stored information shall be produced in a form and format compliant with and consistent with the Stipulation and Order Regarding ESI Production applicable to the Direct Purchaser Action.

## DOCUMENTS REQUESTED

1. Any and all Discovery Material obtained during or as a result of discovery in the Direct Purchaser Action relating to cathode ray tubes, including but not limited to color picture tubes.

# EXHIBIT B

**SAVERI & SAVERI, INC.**
706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

*Trump Alioto Trump & Prescott*
ATTORNEYS LLP
2280 Union Street
San Francisco, California 94123
(415) 563-7200
FAX (415) 346-0679

January 16, 2012

Honorable Charles A. Legge
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

Re:     *In Re: Cathode Ray Tube (CRT) Antitrust Litigation*, MDL 1917 (N.D. Cal.)
        **Plaintiffs' Motion To Compel Defendants To Produce English Translations**

Your Honor:

The Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs ("Plaintiffs")
submit this letter brief pursuant to the March 28, 2011 Order Adopting Your Honor's
Report Regarding Case Management Conference No. 3, as amended by Orders dated April
25, 2011 and October 27, 2011. Plaintiffs respectfully request that Defendants be
compelled to produce all existing English translations of foreign language documents
produced in this litigation. Plaintiffs seek translations that were prepared by the
Defendants in the ordinary course of business *and* translations that were prepared at the
direction of defense counsel for this litigation.

## I.   Background

Defendants' conspiracy to fix the prices of Cathode Ray Tubes ("CRTs") involved
multinational companies located across the globe. This complex, multidistrict litigation
involves Defendants located in ten different countries. Many of the documents responsive
to Plaintiffs' discovery requests are in foreign languages, including Korean, Japanese,
Chinese, Dutch, French, German, Portuguese and Spanish. To date, Defendants have
produced 863,382 documents, totaling 4,017,405 pages. Of those documents,
approximately two hundred thousand are in a foreign language.

The issue of translations has already been before Your Honor in this case. In
September 2010, Defendants moved the Court for an order compelling defendant
Chunghwa Picture Tubes, Ltd. to produce all English translations of documents provided to
Plaintiffs. In the order granting Defendants' motion to compel and ordering Chunghwa to
produce the translated documents to Defendants, Your Honor observed that there is a
strong interest in this case in having one translation of a particular document:

> The production may also serve to decrease future discovery and litigation
> burdens on all of the parties. We now have one translation, prepared by an

January 16, 2012
Page 2

> independent translator. There is presently no requirement for other parties to obtain their own translations. And having more translations would undoubtedly result in discovery and motion disputes to reconcile any material differences. The Special Master recognizes that even one translation may be the subject of disputes over accuracy which have to be resolved, but that is certainly easier and less expensive than having to reconcile or choose among several conflicting sets of translations.

Docket, No. 810, *Procedural and Scheduling Order*, dated November 18, 2010, p. 4:11-17.

With Your Honor's stated goal of one translation in mind, Plaintiffs met and conferred with Defendants telephonically on December 9, 2010 and requested that Defendants produce their existing English translations of responsive documents. Defendants refused to do so, claiming that their translations are protected from production by the attorney work product doctrine. Plaintiffs raised the issue once again at the March 17, 2011 Case Management Conference, but Defendants simply repeated their work production objection. Pursuant to Your Honor's Report, the parties met and conferred again on March 25, 2011, but were unable to resolve their dispute. The parties have extended the time for the filing of this motion to allow Defendants to complete their production of documents. The matter is now ripe for decision.

## II. Argument

### A. Legal Standard

Federal Rule of Civil Procedure 26(b)(3) and courts applying the work product doctrine recognize a distinction between opinion work product, which reveals "mental impressions, conclusions, opinions or legal theories," Fed. R. Civ. P. 26(b)(3), and ordinary work product, which does not. *See In re San Juan Dupont Plaza Hotel Fire Litig.,* 859 F.2d 1007, 1014-1015 (1st Cir. 1988). Under Rule 26(b)(3)(A), a court may order documents prepared in "anticipation of litigation" that are otherwise discoverable if the party seeking discovery has: (1) a substantial need of the materials to prepare its case; and (2) is unable to obtain the substantial equivalent of the materials by other means without undue hardship.

Opinion work product, on the other hand, is entitled to greater protection. *See San Juan,* 859 F.2d at 1015 ("Courts typically afford ordinary work product only a qualified immunity, subject to a showing of substantial need and undue hardship, while requiring a hardier showing to justify the production of opinion work product.") But "not every item which may reveal some inkling of a lawyer's mental impressions, conclusions, opinions or legal theories is protected as opinion work product. . . . Whatever heightened protection may be conferred by opinion work product, that level of protection is not triggered unless disclosure creates a real, non-speculative danger of revealing the lawyer's thoughts." *Id., citing Gould, Inc. v. Mitsui Mining & Smelting Co.,* 825 F.2d 676, 680 (2d Cir. 1987). Moreover, "[s]ome materials do no not merit heightened protection because, despite the revelations they contain as to an attorney's thought processes, the lawyer has no justifiable

January 16, 2012
Page 3

expectation that the mental impressions revealed by the materials will remain private." *San Juan*, 859 at 1015-1016.  Finally, the Defendants have a "heavy" burden to present evidence showing "a real, rather than speculative, concern" that the production of translations "will reveal counsel's thought processes and strategies." *In re Grand Jury Subpoenas Dated March 19, 2002 & August 2, 2002*, 318 F.3d 379, 381 (2d Cir. 2003).

### B. The Court Should Order Defendants To Produce Existing English Translations Of Responsive, Non-Privileged Documents

#### 1. Responsive Documents Translated In The Ordinary Course Of Business Were Not Prepared "In Anticipation Of Litigation" And Therefore Are Not Privileged

Any foreign language documents produced in this case that have been translated into English by Defendants in the ordinary course of business are, by definition, not prepared in anticipation of litigation and therefore are not entitled to any protection under Rule 26(b)(3).[1]

Plaintiffs are informed and believe that many of the Defendants use software that automatically translates documents into English in order to facilitate communications between employees of affiliated entities in Asia and the United States.  Defendants have also translated other documents into English in the normal course of business.  Thus, to the extent Defendants have an English version or summary of a foreign language document produced in this case, which was prepared in the ordinary course of business, Plaintiffs request that the Court compel Defendants to produce these documents.

#### 2. Documents Translated At The Direction Of Counsel For This Litigation Are Not Opinion Work Product

The documents Plaintiffs seek are verbatim English translations of responsive, non-privileged foreign language documents that were found in Defendants' files, and which have already been produced in this litigation.  It follows necessarily that no requested document includes or embodies attorney "mental impressions, conclusions, opinions or legal theories." Fed. R. Civ. P. 26(b)(3)(B).[2]  Courts routinely order the production of

---

[1] *See, e.g., Howes v. Med. Components, Inc.*, 698 F. Supp. 574, 581 (E.D. Pa. 1988) (ordering disclosure of English summaries of documents kept in the ordinary course of business because it "would further the interests of justice and convenience, and expedite this litigation."); *Contretas v. Isuzu Motors, Ltd. of Japan*, No. 98-442, 1999 WL 33290667 (W.D. Tx. Apr. 2, 1999) ("[T]he defendants must provide the English translations, to the extent they have custody or control over such translations, of such responsive documents if English documents have ever been made of such responsive documents.")

[2] *See In re Certain Microlithographic Machines*, U.S.I.T.C. Inv. No. 337-TA-468, Order No. 8, 2002 WL 1809398 (U.S. Int'l Trade Comm'n June 11, 2002) ("In essence, a translation is merely a copy of the original document in another language.  Its purpose is to

January 16, 2012
Page 4

existing translations, holding that translations themselves do not reveal attorney thoughts or impressions and therefore are not protected work product.[3]

     *Warsaw Air Crash* is particularly instructive.  There, the defendants argued that the selection of documents for translation constituted "opinion work product because it is based on an attorney's reasoning, thought processes and assumptions regarding the litigation." 1996 WL 684434, at *2.  The court rejected defendants' argument, holding that English translations did not contain opinion work product because the foreign language documents, like the documents here, had already been produced.  Thus, ordering the document production "does not result in the evulgation of matters which would otherwise remain perpetually hidden."  *San Juan Fire,* 859 F.2d at 1017 ("The key factor distinguishing such materials from protected opinion work product is that, even absent compelled disclosure, the information will probably come to light during the course of trial, if not before.").

     Moreover, as in *Warsaw Air Crash,* any argument that the translations would expose defense counsel's litigation strategy is "speculative" at best.  1996 WL 684434, at *2.  In reality, "[a] wide variety of litigation needs inform the decision whether to translate a particular document."  *Id.*  This is especially true in a case like this where there are likely hundreds, if not thousands, of translated documents, and they will include those translated in the ordinary course of business and those prepared at counsel's direction.  As such, Plaintiffs will be "hard pressed to glean [defense counsel's] specific trial strategy or mental impressions of the case from such a broad selection of documents."  *Id.*

     Since Defendants' translations cannot be considered opinion work product, they are only entitled to qualified immunity as ordinary work product and are discoverable upon a showing of substantial need and undue hardship.  *See* Fed. R. Civ. P. 26(b)(3).

---

disseminate the contents of the document to others who are not fluent in the document's original language.")

[3] *See, e.g., In re Pabst Licensing GmbH Patent Litig.,* No. 99-md-1298, 2001 WL 797315, at *24 (E.D. La. July 12, 2001) ("translated documents are discoverable, even where the translations are merely summaries or selected portions of the original foreign language documents."); *Contretas v. Isuzu Motors,* 1999 WL 33290667, at *2 (ordering production of all translations, holding "the work product of defense counsel would not be revealed by the disclosure of all English translations"); *In re Air Crash Disaster Near Warsaw, Poland on May 9, 1987,* MDL No. 787, 1996 WL 684434 (E.D.N.Y. Nov. 19, 1996) (ordering production of translations and holding that the selection of which documents to translate does not constitute opinion work product); *Microlithographic Machines,* 2002 WL 1809398 (ordering production because "the translations in question, like the original Japanese-language documents underlying them, are not covered by the attorney work product privilege").

January 16, 2012
Page 5

### 3. Plaintiffs Have A Substantial Need For The Translations And All Parties And The Court Will Be Significantly And Unnecessarily Burdened Without Them

Plaintiffs have a substantial need for the translated documents. Requiring Plaintiffs to undertake a costly, time-consuming effort to translate an enormous number of foreign documents that Defendants have already translated would impose a significant and wholly unnecessary burden on the Plaintiffs. Such duplication of effort would be contrary to the general goals of efficiency and economy articulated in Federal Rules of Civil Procedure 1 and 16.[4]

In *Pabst Licensing GmbH Patent Litig.*, where the plaintiff requested access to a much smaller number of translated documents than here, the court granted the request, largely on efficiency grounds. The defendant had produced 300,000 pages of documents, including 17 pages it had translated from Japanese into English. 2001 WL 797315, at *23. The defendant moved to have these translations returned, claiming they were protected attorney work product. The court denied the motion because, "[w]hile it is possible for Pabst 'to translate the documents, this could not be done without considerable expense, inconvenience and delay.'" *Id.* at *24 (citations omitted).[5]

Here, the expense, inconvenience and delay that Plaintiffs face in reviewing and translating millions of pages is far more considerable than that engendered by the 17 pages at issue in *Pabst*. Specifically, Plaintiffs need to determine which of the hundreds of thousands of documents produced by Defendants should be translated. This has required Plaintiffs to retain a number of attorneys who are fluent in the several different languages at issue in this case to review and identify foreign language documents for translation. Plaintiffs will then have to commission the translations. The cost and delay involved will be astronomical.

In the related *In re TFT-LCD Antitrust Litig.*, No. 07-md-1826, the plaintiffs obtained an estimate from an experienced translation service to perform this work. That firm estimated a rate of approximately $62.50 per page for English translations of Japanese, Korean and/or Chinese documents of approximately 250 words per page. Translating just

---

[4] Fed. R. Civ. P. 1 states that cases should be determined in a "just, speedy, and inexpensive" manner. Fed. R. Civ. P. 16 provides methods for the Court to manage pretrial proceedings to achieve the goals of "expediting disposition of the action," and "discouraging wasteful pretrial activities."

[5] *See also Warsaw Air Crash*, 1996 WL 684434, at *2 ("Although it is true that plaintiffs' attorneys could hire their own translation agency to review and translate selected documents, such a requirement would needlessly prolong discovery and does not protect any privileged material."); *Howes v. Med. Components, Inc.*, 698 F. Supp. at 581 ("disclosure . . . would further the interests of justice and convenience, and expedite this litigation . . . . While it is perhaps possible for the defendants to translate the documents, this could not be done without considerable expense, inconvenience and delay.").

January 16, 2012
Page 6

1000, 20 page documents would therefore cost approximately $1,250,000. The firm also estimated it would take several months to complete the translations.

Some of this cost and delay is inevitable in a case like this. Even if the Court grants this motion, Plaintiffs recognize that they will still have to hire foreign language attorneys and pay for certified translations, and that there will still be disputes over the accuracy of translations. But these costly, time consuming tasks will at least be greatly reduced by compelling Defendants to produce their existing English translations. Because as Your Honor previously recognized: "even one translation may be the subject of disputes over accuracy which have to be resolved, but that is certainly easier and less expensive than having to reconcile or choose among several conflicting sets of translations." Nov. 18, 2010 Order, 4:15-17. Plaintiffs' goal in seeking Defendants' translations is aligned with Your Honor's stated goal of avoiding the additional discovery and motion practice involved in trying to reconcile conflicting translations. This will benefit all parties and the Court and weighs heavily in favor of compelling Defendants to produce their translations.

## III. Conclusion

Accordingly, Plaintiffs respectfully request that Your Honor order each Defendant to produce all existing English translations of the foreign language documents they have produced in this case.

Yours sincerely,

/s/ *Mario Alioto*
Mario Alioto
Interim Lead Counsel for the
Indirect Purchaser Plaintiffs

/s/ *Guido Saveri*
Guido Saveri
Interim Lead Counsel for the
Direct Purchaser Plaintiffs

cc: All Counsel via Electronic mail

# EXHIBIT C

GUIDO SAVERI (22349)
*guido@saveri.com*
R. ALEXANDER SAVERI (173102)
*rick@saveri.com*
GEOFFREY C. RUSHING (126910)
*grushing@saveri.com*
CADIO ZIRPOLI (179108)
*cadio@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA  94111-5619
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Interim Lead Counsel for*
*Direct Purchaser Plaintiffs*

RECEIVED

MAR 1 2 2010

SMR & H-S.F.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-5944-SC |
| | MDL No. 1917 |
| This Document Relates To: | **DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| ALL DIRECT PURCHASER ACTIONS | |

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiffs hereby request

2    that each Defendant respond to each of the following requests for production of Documents, and

3    produce all responsive Documents for inspection and copying within 30 days.

4    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, these Document requests are

5    continuing in nature so that if Defendants, their directors, officers, Employees, agents,

6    representatives or any person acting, or purporting to act, on behalf of any Defendant, discover any

7    Document(s) requested or required to be produced, Defendants shall make such Document(s)

8    available.

9    **DEFINITIONS**

10   As used herein, the following terms are defined as follows:

11   1.    "All" should be construed to include the collective as well as the singular and shall

12   mean "each," "any," and "every."

13   2.    "Any" shall be construed to mean "any and all."

14   3.    "Communication" means without limitation, oral or written communications of any

15   kind, such as electronic communications, e-mails, facsimiles, telephone communications,

16   correspondence, exchange of written or recorded information, or face-to-face Meetings.  The phrase

17   "communication between" is defined to include instances where one party addresses the other party

18   but the other party does not necessarily respond.

19   4.    "Date" means the exact day, month and year, if ascertainable, or the best available

20   approximation, including any relationship to other known events (designate whether exact or

21   approximate).

22   5.    "Defendant" means any company, organization, entity or person presently or

23   subsequently named as a Defendant in this litigation.

24   6.    "Document" means without limitation, the original and all non-identical copies of all

25   items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure.  This definition

26   includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries,

27   travel records, summaries, records of telephone conversations, telegrams, notes, reports,

1

compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, compact discs, computer files and disks, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of Meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

7. "Electronic Data" includes, without limitation, the following:

a.   activity listings of electronic mail receipts and/or transmittals;

b.   output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger™ (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

c.   any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant, *e.g.*, Palm Pilot, R.I.M., Blackberry, or similar device, and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all Documents requested herein.

8. "Employee" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger, agent or other person who is or was employed by a Defendant.

9. "Including" is used to emphasize certain types of Documents requested and should not be construed as limiting the request in any way.

10. "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not.

2

11.     "Or" and "and" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively.  In other words, "or" and "and" should be read as "and/or."

12.     "Person" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, association, government entity, group or other form of legal entity.

13.     "Relating to," "referring to," "regarding," or "with respect to" mean, without limitation, the following concepts:  discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

14.     "CRT" means cathode ray tube(s) and "CRT Products" means products containing cathode ray tubes.

15.     "You," "Your," or "Your Company" mean the responding Defendant, its predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, officers, Employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant.

## INSTRUCTIONS

1.     Unless otherwise noted, the Relevant Time Period for these Document requests is January 1, 1995 through the present (the "Relevant Time Period").  These Document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

2.     To the extent Documents responsive to any of these Document requests have already been produced to plaintiffs, there is no need to produce those Documents a second time.  Instead, please provide the bates numbers of any responsive Documents already produced.

3

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

3.      Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Document requests are continuing in nature so that if You subsequently discover or obtain possession, custody, or control of any Document covered by these requests, You shall promptly make any such Document available to plaintiffs.

4.      In producing Documents and other materials, You are to furnish all Documents or things in Your possession, custody or control, regardless of whether such Documents or materials are possessed directly by You or Your Employees, agents, parent company(ies), subsidiaries, affiliates, investigators or by Your attorneys or their Employees, agents or investigators.

5.      Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, all Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business.  All Documents shall be produced in the file folder, envelope or other container in which the Documents are kept or maintained.  If for any reason the container cannot be produced, You should produce copies of all labels or other identifying marks which may be present on the container.

6.      Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each Document(s) custodian(s).

7.      Documents attached to one another should not be separated.  If any portion of any Document is responsive to any portion of the Document requests below, then the entire Document must be produced.

8.      If a Document once existed and subsequently has been lost, destroyed or is otherwise missing, You should provide sufficient information to identify the Document and state, in writing, the details, including whether the Document:

        a.      is lost or missing;

        b.      has been destroyed and, if so, by whom at whose request;

        c.      has been transferred or delivered, voluntarily or involuntarily, to another person or entity and at whose request; and/or

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

1           d.    has been otherwise disposed of.

2      9.    In each instance in which a Document once existed and subsequently is lost, missing,

3 destroyed, or otherwise disposed of, explain the circumstances surrounding the disposition of the

4 Document, including, but not limited to:

5           a.    the identity of the Person or entity who last possessed the Document;

6           b.    the date or approximate date of the Documents disposition; and

7           c.    the identity of all Persons who have or had knowledge of the Document's

8 contents.

9      10.    If any Document responsive to any of these requests is privileged, and the Document

10 or any portion of the Document requested is withheld based on a claim of privilege pursuant to Rule

11 26(b)(5) of the Federal Rules of Civil Procedure, provide a statement of the claim of privilege and all

12 facts relied upon in support of that claim, including the following information:

13           a.    the reason for withholding the Document;

14           b.    the date of such communication;

15           c.    the medium of such communication;

16           d.    the general subject matter of such communication (such description shall not

17 be considered a waiver of Your claimed privilege);

18           e.    the identity of any Document that was the subject of such communication and

19 the present location of any such Document;

20           f.    the identity of the Persons involved in such communication;

21           g.    the identity of any Document which records, refers, or relates to such

22 communication and present location of any such Document;

23           h.    the paragraph or paragraphs of these requests for production of Documents to

24 which such information is responsive.

25      11.    Each Document requested herein should be produced in its entirety and without

26 deletion, redaction or excisions, except as qualified by Instruction 10 above, regardless of whether

27 You consider the entire Document or only part of it to be relevant or responsive to these Document

5

requests.  If You have redacted any portion of a Document, stamp the word "REDACTED" beside the redacted information on each page of the Document which You have redacted.  Any redactions to Documents produced should be identified in accordance with Instruction 10 above.

12.    All Documents produced in paper form should be Bates numbered sequentially, with a unique number on each page, and with a prefix identifying the party producing the Document.

13.    Pursuant to Federal Rule of Civil Procedure 34(b)(1)(C), the responding party must produce any electronically stored information ("ESI") in its native format. If ESI in its native format can only be accessed by proprietary or legacy software, or is password protected, or encrypted, the responding party must meet and confer with plaintiffs' lead counsel so the receiving party shall receive all information and software necessary to access the ESI.

## DOCUMENT REQUESTS

### Request No. 1

Documents sufficient to show Your corporate structure or organization throughout the relevant period, including, but not limited to, departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units that were engaged during any part of the relevant period in the manufacture, marketing, sale or distribution of CRT or CRT Products in the United States, including, where applicable, the percentage of any stock or other interests owned by each entity in the chain.

### Request No. 2

As to each of Your divisions, subdivisions, departments, units, subsidiaries, parents, affiliates and joint ventures, Documents sufficient to identify each executive or Employee with managerial authority who had responsibilities or duties with respect to each of the following:

(a)    the manufacturing or production of CRT or CRT Products;

(b)    the marketing of CRT or CRT Products;

(c)    the pricing of CRT or CRT Products;

(d)    the sale or distribution of CRT or CRT Products;

(e)    maintaining any electronic database(s), including archives, of e-mail or other electronic Documents relating to CRT or CRT Products.

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

**Request No. 3**

Documents sufficient to describe Your policies or practices with respect to the retention or destruction of Documents during the period January 1, 1991 through the present, and, if such policy or practice has been different with respect to any category of Documents or over different times, Documents sufficient to identify each such category or time period and to describe Your retention policy or practice with respect to each such category or time period.

**Request No. 4**

Documents sufficient to show the manner in which You have maintained records relating to CRT or CRT Products during the period January 1, 1991 through the present, including Documents sufficient to describe all electronic data processing systems, programs and outputs used to record, store, compute, analyze or retrieve electronically stored information relating to Your pricing, production, distribution, marketing or sale of CRT or CRT Products in the United States.

**Request No. 5**

All Documents and electronic data relating to Your sales of CRT or CRT Products during the period January 1, 1991 through the present, including, but not limited to:

    a)    customer names, customer billing addresses, and customer ship-to addresses;

    b)    sales terms;

    c)    sales dates and shipment dates;

    d)    product type, class, category, description, and respective use;

    e)    sales volumes;

    f)    unit price information, gross price, and actual net prices;

    g)    discounts, credits, and rebates;

    h)    shipping charges and terms;

    i)    any other related charges; and

    j)    amounts paid, dates paid, invoice numbers, and purchase order numbers.

If such data are not kept, or have not been kept, in electronic form in the ordinary course of Your business or are otherwise not available in electronic form, please produce such data in hard copy.

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

**Request No. 6**

All software instructions, programs, manuals, or other Documents necessary to operate, run or understand any of the programs maintained on the computer-related equipment or system utilized by You to maintain, gain access to or read data produced in response to Request Nos. 4-5, including all record laYouts, field codes or other descriptions.

**Request No. 7**

All Documents relating to policies, methods, formulas or factors to be used in determining, computing or quoting prices, including any rebates or discounts, in connection with the sale of CRT or CRT Products.

**Request No. 8**

All Documents relating to any published prices for CRT or CRT Products during the period January 1, 1991 through the present, including price announcements, price lists, price schedules, or price changes communicated to customers in the United States.

**Request No. 9**

All Documents relating to contracts, offers or proposals for CRT or CRT Products sales during the period January 1, 1991 through the present.

**Request No. 10**

Documents sufficient to identify each of Your facilities that produced CRT or CRT Products from January 1, 1991 through the present, and for each such facility, all Documents relating to:

a)      capacity, rated capacity, production and capacity utilization during each year of the Relevant Time Period;

b)      any proposed or actual change in the capacity to produce CRT or CRT Products;

c)      any reason for changes in each facility's actual production of CRT or CRT Products;

d)      the identity of all persons who had decision-making or supervisory responsibility regarding CRT or CRT Products production;

e)      each type, class, category and respective use of CRT or CRT Products produced and the amounts of each produced during each month of the relevant period;

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

f)      any production shutdowns or slowdowns of CRT or CRT Products production and reasons for such shutdowns or slowdowns; and

g)      any projected production forecasts;

h)      any future plans to construct, joint venture or purchase fabrication plants used to manufacture or produce CRT or CRT Products.

**Request No. 11**

Documents sufficient to describe the processes for producing CRT or CRT Products, including but not limited to, any industry standards.

**Request No. 12**

All Documents relating to the cost of manufacturing, marketing, selling, and distributing CRT or CRT Products during the period January 1, 1991 through the present.

**Request No. 13**

Documents sufficient to show Your inventory levels of CRT or CRT Products for each month, quarter, calendar year or fiscal year from January 1, 1991 through the present.

**Request No. 14**

Documents sufficient to identify and quantify all swaps, trades, sales, purchases or transfers of CRT or CRT Products between You and any of Your affiliates, or between You and any other producer of CRT or CRT Products, and the price or any other consideration involved in every such sale, swap, trade, purchase or transfer.

**Request No. 15**

All Documents relating to any relationship between prices for CRT or CRT Products and any costs of producing, marketing, selling, or distributing CRT or CRT Products during the period January 1, 1991 through the present.

**Request No. 16**

All of Your internal and public annual, quarterly and monthly financial statements, summaries or analyses, including profit-and-loss statements and comparisons to budget that relate to CRT or CRT Products.

9

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

**Request No. 17**

All business plans, planning analyses, budgets, forecasts, or sales or profit projections relating to CRT or CRT Products.

**Request No. 18**

Documents sufficient to show the identity of all other producers and sellers of CRT or CRT Products during any portion of the relevant period.

**Request No. 19**

All Documents relating to Your percentage or share of industry production, capacity, sales or shipments of CRT or CRT Products, or the percentage or share of industry production, capacity, sales or shipments of any other producer or seller of CRT or CRT Products at any time during the period January 1, 1991 through the present.

**Request No. 20**

All Documents showing the dollar volume or quantity of sales or shipments of CRT or CRT Products (by type or category, if available) by You or by other producers or sellers of CRT or CRT Products by month, quarter, calendar year or fiscal year during the period January 1, 1991 through the present.

**Request No. 21**

All Documents that compare or contrast each type, class, or category of CRT or CRT Products produced or sold by You with that of any other producer or seller of CRT or CRT Products and all Documents that relate to any industry standards regarding types, classes, or categories of CRT or CRT Products.

**Request No. 22**

Documents sufficient to show the regions or territories in which each type, class, or category of CRT or CRT Products are sold in the United States.

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

**Request No. 23**

All Documents relating to conditions of supply or demand for CRT or CRT Products, including, but not limited to, any market studies or industry reports during the period January 1, 1991 through the present.

**Request No. 24**

All Documents relating to any contemplated, proposed, planned, pending or executed purchases, sales, acquisitions, mergers, joint ventures, divestitures, transfers, spin-offs or any other change in ownership of any assets, liabilities, subsidiaries, departments, units or other subdivisions of Your or another company relating to production, distribution, marketing, pricing, sale or resale of CRT or CRT Products during the Relevant Time Period.

**Request No. 25**

All Documents relating to any communications between You and any parent, subsidiary, affiliated company, joint venturer, or partner regarding the production, pricing, marketing, sale or distribution of CRT or CRT Products.

**Request No. 26**

All Documents relating to communications regarding CRT or CRT Products between or among manufacturers of CRT or CRT Products, including Defendants.

**Request No. 27**

All Documents relating to any Meeting attended by You or any other Defendant or any manufacturer of CRT or CRT Products during which there was any communication concerning the production, marketing, pricing, distribution, inventory levels or sale of CRT or CRT Products, including, but not limited to the notes of any such Meetings.

**Request No. 28**

For each of Your Employees who has or had any non-clerical responsibility for recommending, reviewing, setting or approving prices, price increase announcements, bids or quotes for the sale of CRT or CRT Products, or any other involvement in the marketing or sale of CRT or CRT Products:

1      a.      all copies of electronic and manual diaries, calendars, appointment books, "to do"

2  lists, day timers or appointment notes;

3      b.      all copies of trip and travel logs, records or other supporting Documents;

4      c.      all copies of expense reports or other supporting Documents;

5      d.      all copies of telephone number logs, directories, notebooks, Rolodex cards or related

6  memoranda;

7      e.      all bills, statements, records and supporting Documents concerning long distance or

8  cellular telephone calls;

9      f.      all Documents relating to membership in any trade association or industry group; and

10      g.      the complete personnel file for that Employee.

**Request No. 29**

Documents sufficient to show the name and address of each trade association (including

committees and subcommittees) relating to CRT or CRT Products of which You or any of Your

Employees are or have been a member, as well as Documents sufficient to show dates of

membership and dates of participation in committees or subcommittees.

**Request No. 30**

All Documents relating to Meetings of each trade association and each of its committees or

subcommittees relating to CRT or CRT Products, including all Documents relating to any such

Meeting attended by You and any other CRT or CRT Products manufacturer and Documents

sufficient to identify individuals from Your company who attended, the dates of attendance, and the

subject matters discussed.

**Request No. 31**

All studies, analyses, communications, presentations or other Documents that You have

submitted to or received from any trade association regarding CRT or CRT Products.

**Request No. 32**

All statements, announcements, disclosures or press releases issued by You or any of Your

competitors relating to CRT or CRT Products.

12

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS; Master File No. 07-5944 SC

**Request No. 33**

All Documents relating to Your policies or practices directed toward compliance with the United States antitrust laws, including any statements signed by Your Employees with pricing, sales or marketing responsibility for CRT or CRT Products, acknowledging their receipt of and compliance with Your antitrust compliance policy.

**Request No. 34**

All Documents relating to, prepared for, submitted to, or received from any foreign governmental or legislative investigative body, including the Canadian Competition Bureau, the European Commission, any agency or representative body of any foreign country, state or other political subdivision, or any law enforcement agency, authority or commission in any foreign country, relating to the production, sale, marketing, pricing or distribution of CRT or CRT Products. This request includes all Documents relating to proffers, transcripts, notes, summaries, testimony, witness statements, or responses to requests for information that You produced to any foreign governmental agency or foreign grand jury, including any Documents produced as part of any plea bargain negotiations or in connection with any application for or grant of amnesty.

**Request No. 35**

All Documents relating to proffers, transcripts, notes, summaries, testimony, witness statements, or responses to requests for information that You produced or were seized by any foreign governmental agency in Italy, Canada, the European Union, India, Hong Kong, Hungary, Thailand, Malaysia, Korea, Japan, Singapore, China or Taiwan.

**Request No. 36**

Copies of all subpoenas or requests for production of Documents issued by any foreign governmental or legislative investigative body referring or relating to CRT or CRT Products during the relevant period.

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

**Request No. 37**

All Documents relating to, prepared for, submitted to, or received by You as a result of any investigation or research conducted either internally or by an outside entity with respect to price fixing, price manipulation or manipulation of production or capacity of CRT or CRT Products.

**Request No. 38**

All Documents relating to the termination, retirement, discipline, discharge or suspension of any director, officer, or Employee who had any responsibility relating to the production, manufacture, distribution, marketing, pricing or sale of CRT or CRT Products.

**Request No. 39**

All Documents referring to or relating to plaintiffs in this litigation.

**Request No. 40**

All Documents that You claim would have been available to the plaintiffs or any purchaser of CRT or CRT Products prior to November 2007, which should have caused the plaintiffs or any such purchaser to investigate whether there was a conspiracy to fix, raise, maintain or stabilize the prices or to control or restrict sales of CRT or CRT Products in the United States.


DATED:  March 12, 2010

Respectfully submitted,
SAVERI & SAVERI, INC.

By

Guido Saveri
R. Alexander Saveri
Geoffrey C. Rushing
Cadio Zirpoli
706 Sansome Street
San Francisco, CA  94111-5619
Phone:  (415) 217-6810
Fax:  (415) 217-6813

**Direct Purchaser Plaintiffs' Interim Lead Counsel**

crt.250

14

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

# EXHIBIT D

1    Guido Saveri (22349)
     guido@saveri.com
2    R. Alexander Saveri (173102)
     rick@saveri.com
3    Geoffrey C. Rushing (126910)
     grushing@saveri.com
4    Cadio Zirpoli (179108)
     cadio@saveri.com
5    SAVERI & SAVERI, INC.
     706 Sansome Street
6    San Francisco, CA 94111
     Telephone: (415) 217-6810
7    Facsimile:  (415) 217-6813

8    *Interim Lead Counsel for the Direct Purchaser*
     *Plaintiffs*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944 SC |
| | MDL No. 1917 |
| This Documents Relates To: | **OBJECTIONS TO SHARP SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** |
| In re Ex Parte Application of Sharp Corporation Order Pursuant to 28 U.S.C. 1782 | |

Pursuant to Federal Rules of Civil Procedure 26 and 45, the Local Rules of the United States District Court for the Northern District of California, and the Court's Orders, Saveri & Saveri, Inc. ("Saveri"), hereby objects to the Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of Premises in a Civil Action ("Subpoena"):

## PRELIMINARY STATEMENT

Saveri herein identifies its objections and other concerns regarding the Subpoena based on its current understanding of the various subject matters identified in the Subpoena. Saveri reserves the right to assert further objections, if appropriate, as and to the extent those subject matters are later illuminated and clarified. Saveri further reserves the right to assert additional objections in light of subsequently discovered information or documents.

The making of any specific objection to a definition or request is neither intended as, nor shall in any way be deemed, a waiver of any Preliminary Objection or of any other specific objection made herein or that may be asserted at a later date.

## GENERAL OBJECTIONS

1.      Saveri objects to the Subpoena and Definitions and Instructions and Documents Requested to the extent that each purports to impose obligations different than or in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, or the Court's Orders, including without limitation the Court's Stay Orders and Stipulated Protective Order in this case.

2.      Saveri objects to the Subpoena and Definitions and Instructions and Documents Requested to the extent that each is vague and ambiguous.

3.      Saveri objects to the Subpoena and Definitions and Instructions and Documents Requested to the extent that Sharp fails to describe the information sought with reasonable particularity.

4.      Saveri objects to the Subpoena to the extent that they call for information not known or reasonably available to it. Saveri further objects to the Subpoena to the extent that it calls for information that is not in the possession, custody or control of Saveri. Saveri further objects to the

Subpoena to the extent that it calls for information in the possession, custody or control of the Defendants, or that is equally or more readily available to Sharp from third parties or otherwise.

5.    To the extent any definition may be construed as requiring Saveri to characterize documents or their contents or to speculate as to what documents may or may not show, Saveri objects to such definitions as vague, ambiguous and calling for legal conclusions and speculation.

6.    Saveri objects the Subpoena to the extent that it seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

7.    Saveri objects the Subpoena to the extent that it calls for the disclosure of privileged or immune information, including, without limitation, information subject to the attorney-client privilege, common-interest privilege, work product doctrine, joint defense privilege, and/or any other privilege or immunity from discovery. Any disclosure of privileged or protected documents, materials, or information is inadvertent and not intended to waive those privileges or protections.

8.    Saveri objects to the subpoena on the grounds that it seeks documents not relevant to the Korean litigation.

## OBJECTIONS TO DOCUMENT REQUESTS

**Document Request 1:**

Any and all Discovery Material obtained during or as a result of discovery in the Direct Purchaser Action relating to cathode ray tubes, including but not limited to color picture tubes.

**Objection to Document Request 1:**

Saveri incorporates by this reference as though fully set forth the foregoing General Objections.

Saveri objects to the Subpoena on the grounds that it is unduly burdensome. The subpoena seeks and massive amount of material which will take an enormous amount of time, money and effort to produce. Moreover, Sharp has failed take reasonable steps to avoid imposing undue burden or expense on Saveri in violation of Federal Rule of Civil Procedure 45(c)(1). Indeed, all of the materials Sharp seeks are in the possession of other parties to the litigation in which Sharp seeks to use them. Sharp has purposely sought their production from a third party in order to circumvent and avoid the requirements of 28 U.S.C. 1782 and Korean law. In these circumstances,

Saveri should not be made a party to this dispute, or be subject to any burden whatsoever in connection with discovery in the Korean action.

Saveri objects to the Subpoena on the grounds that it is overbroad, in that it seeks more than five million pages of documents produced by more than a two dozen corporate defendant families and third parties, without articulating any limiting principal on its request. A vast quantity of these materials would appear to be irrelevant to the Korean action.

Saveri further objects to the subpoena on the grounds that it is inconsistent with the goals of 28 U.S.C. § 1782, which seeks to provide "efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Schmitz v. Bernstein Liebhard & Lifschitz, LLP*, 376 F.3d 79, 82 (2d Cir. 2004). Sharp's attempt to circumvent Korean discovery laws would in no way "assist" the Korean court, nor would it set an appropriate example. Saveri objects to the Subpoena to the extent it seeks information the disclosure of which is prohibited by law, regulation, court order, or other authority of the foreign jurisdiction in which the documents or information are located, and/or to the extent that Sharp's definitions seek discovery in contravention of principles of public policy or international comity.

Saveri further objects to the Subpoena on the grounds that it is an improper attempt to subvert Korean rules governing discovery. The Korean court is in the best position to determine what discovery is appropriate under its own rules, and is the more appropriate channel for Sharp to direct its discovery requests.

Saveri further objects to the Subpoena on the grounds of comity, as Sharp's requested discovery would improperly interfere with the Korean Court's ability to govern its own proceedings.

Saveri further objects the Subpoena to the extent that it calls for the disclosure of information that would violate the legitimate privacy rights and expectations of the Plaintiffs and/or Defendants' and/or Third Parties current or former employees, directors, officers, affiliates or subsidiaries, both current and former, or other individuals, to the extent that such privacy rights or expectations are protected by law, contract, or public policy.

1       Saveri further objects the Subpoena to the extent that it seeks confidential, proprietary, or

2   trade secret information. Saveri further objects to the Subpoena to the extent it seeks information

3   protected from disclosure by reason of agreements with third parties.

4       Saveri further objects to the subpoena on the grounds that it seeks disclosure of confidential

5   financial, commercial, strategic or proprietary information, and does not provide for adequate

6   protection against further disclosure.

7       Saveri further objects to the subpoena on the ground that it is unduly burdensome to the

8   extent it purports to impose a continuing obligation to produce documents or other materials Saveri

9   may obtain in the future.

10      Saveri further objects to the Subpoena to the extent that it calls for the disclosure of

11  privileged or immune information, including, without limitation, information subject to the

12  attorney-client privilege, common-interest privilege, work product doctrine, joint defense privilege,

13  and/or any other privilege or immunity from discovery.  Any disclosure of privileged or protected

14  documents, materials, or information is inadvertent and not intended to waive those privileges or

15  protections.

16      Saveri further objects to the Subpoena to the extent that it seeks information that is neither

17  relevant to any claims or defenses in the Korean Action nor reasonably calculated to lead to the

18  discovery of admissible evidence.

19      Saveri further objects on the grounds that production of deposition transcripts to Sharp

20  would violate California Code of Civil Procedure §§ 2025.510 - 2025.570.

21      Saveri further objects to the subpoena on the grounds that Sharp is not entitled to receive all

22  Discovery Material in this litigation, as receipt of these materials would violate federal law,

23  attorney client privilege, and the Stipulated Protective Order.

24  ///

25  ///

26  ///

27

28

---

OBJECTIONS TO SUBPOENA FROM SHARP                                                        4

1   Saveri incorporates by this reference all of the grounds for quashing the Subpoena set forth in the

2   Defendants' motion to quash.

3

4

5   DATED:  August 22, 2012                          By:   _R. Alexander Saveri_

6                                                          SAVERI & SAVERI, INC.
                                                           R. Alexander Saveri
7                                                          Geoffrey C. Rushing
                                                           Cadio Zirpoli
8                                                          706 Sansome Street
                                                           San Francisco, CA 94111
9                                                          Telephone:     (415) 217-6810
                                                           Facsimile:     (415) 217-6813
10
                                                           *Interim Lead Counsel for the Direct*
11                                                         *Purchaser Plaintiffs*

12

13  Crt.564

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

OBJECTIONS TO SUBPOENA FROM SHARP                                                          5

1

**PROOF OF SERVICE**

2      I am employed in the County of San Francisco, State of California.  I am over the age of

3 18 years and not a party to the within action.  My business address is 706 Sansome Street, San

4 Francisco, California 94111.

5      On August 22, 2012, I caused to be served a true and correct copy of the following

6 documents:

7 **OBJECTION TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION.**

8
by electronic mail to:
9
        Colin West
10        Colin.west@bingham.com
        *Bingham McCuthchen LLP*
11        Three Embarcadero Center
        San Francisco, CA 94111
12

13      I declare under penalty of perjury that the foregoing is true and correct.  Executed on this

14 22nd day of August, 2012.

15

16

17                                              Erica Schwartz

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE
Master File No. 07-5944 SC