PATRICIA A. CONNERS (Trish.Conners@myfloridalegal.com)
R. SCOTT PALMER (Scott.Palmer@myfloridalegal.com)
LIZABETH A. BRADY (Liz.Brady@myfloridalegal.com)
NICHOLAS J. WEILHAMMER (Nicholas.Weilhammer@myfloridalegal.com)
SATU A. CORREA (Satu.Correa@myfloridalegal.com)
Office of the Attorney General
State of Florida
PL-01, The Capitol
Tallahassee, FL 32399-1050
Tel:      (850) 414-3300
Fax:     (850) 488-9134

Attorneys for Plaintiff State of Florida

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 SC<br>MDL NO. 1917 |
| This Document Relates To:<br><br>Case No. 2011-CV-6205 SC<br><br>STATE OF FLORIDA,<br>OFFICE OF THE ATTORNEY GENERAL,<br>DEPARTMENT OF LEGAL AFFAIRS,<br><br>             Plaintiff,<br>    v.<br><br>LG ELECTRONICS, INC., et al.,<br><br>           Defendants. | **PLAINTIFF STATE OF FLORIDA'S RESPONSE TO MOTION TO DISMISS THE STATE OF FLORIDA'S AMENDED COMPLAINT**<br><br>Date: September 20, 2012<br>Time: 12 p.m.<br>Location: JAMS, Two Embarcadero Center, Suite 1500<br>Judge: Hon. Samuel Conti<br>Special Master: Hon. Charles A. Legge (Ret.) |

1

**TABLE OF CONTENTS**

2

Page

3

I.    INTRODUCTION .............................................................................................- 1 -

4

5

II.   ISSUE TO BE DECIDED ...............................................................................- 1 -

6

III.  FACTUAL BACKGROUND ..........................................................................- 1 -

7

8

IV.   ARGUMENT ...................................................................................................- 2 -

9    A.   The Expiration of the Statutes of Limitations for Florida's Claims Is Not Apparent From
           the Face of the Complaint ............................................................................- 2 -

10

11        1.    Florida's Federal Claim Is Timely From the Face of the Complaint, and the
                Continuing Conspiracy Is Sufficiently Pled Under *Twombly* and *Iqbal*. ...........................- 3 -

12

13        2.    Florida's State Law Claims are Timely From the Face of the Complaint. ...............- 6 -

14    B.   The Statutes of Limitations Do Not Bar Florida's State Law Claims. ...........................- 7 -

15

16        1.    Florida Recognizes Equitable Estoppel, Which Includes Fraudulent Concealment.- 9 -

17        2.    Florida Recognizes Equitable Tolling Under *American Pipe*, Which Equitably Tolls
                Florida's Claims. ..........................................................................................- 17 -

18

19        3.    Florida Has Adequately Pled Fraudulent Concealment and *American Pipe*. ..........- 23 -

20

V.    CONCLUSION ................................................................................- 25 -

21

22

23

24

25

26

27

28

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC-

-i-

1

2

## TABLE OF AUTHORITIES

3

**CASES**

4

Am. Honda Motor Co., Inc. v. Motorcycle Information Network, Inc.,
    390 F. Supp. 2d 1170 (M.D. Fla. 2005) ............................................................- 27 -

5

6

Am. Pipe & Constr. Co. v. Utah,
    414 U.S. 538 (1974).........................................................................*passim*

7

Amis v. Gulf Abstract & Title, Inc.,
    564 F. Supp. 1121 (M.D. Fla. 1983) ...............................................................- 8 -

8

9

Armstrong v. Martin Marietta Corp.,
    138 F.3d 1374 (11th Cir. 1998) ......................................................................- 26 -

10

11

Baptist Hospital of Miami, Inc. v. Carter,
    658 So. 2d 560 (Fla. 3d DCA 1995) ...............................................................- 17 -

12

13

Barnebey v. E.F. Hutton & Co.,
    715 F. Supp. 1512 (M.D. Fla. 1989) ..............................................................- 27 -

14

15

Barnett v. County of Contra Costa,
    2005 WL 5095264 (N.D. Cal. Oct. 31, 2005)..................................................- 28 -

16

Berisford v. Jack Eckerd Corp.,
    667 So. 2d 809 (Fla. 4th DCA 1995) ..............................................................- 17 -

17

18

Bryant v. Adventist Health Systems Sunbelt, Inc.,
    869 So. 2d 681 (Fla. 5th DCA 2004) ..............................................................- 17 -

19

20

Cahill v. Liberty Mutual Ins. Co.,
    80 F.3d 336 (9th Cir. 1996) ..............................................................................- 3 -

21

22

Chardon v. Fumero Soto,
    462 U.S. 650 (1983) ........................................................................................- 26 -

23

24

City of St. Petersburg v. Dayco Products, Inc.,
    2008 WL 5428172 (S.D. Fla. Dec. 30, 2008) .................................................- 23 -

25

26

City of St. Petersburg v. Total Containment, Inc.,
    2008 WL 5428179 (S.D. Fla. Oct. 10, 2008)..................................................- 23 -

27

28

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC-

-ii-

Crown, Cork & Seal Co. v. Parker,
    462 U.S. 345 (1983) ............................................................................- 26 -

Cullen v. Margiotta,
    811 F.2d 698 (2d Cir. 1987) ................................................................- 27 -

Culver v. City of Milwaukee,
    277 F.3d 908 (7th Cir. 2002) ...............................................................- 26 -

Del Sontro v. Cendant Corp.,
    223 F. Supp. 2d 563 (D.N.J. 2002) ......................................................- 24 -

E.W. French & Sons, Inc. v. General Portland, Inc.,
    885 F.2d 1392 (9th Cir. 1989) ..............................................................- 21 -

Elmore v. Henderson,
    227 F.3d 1009 (7th Cir. 2000) ..............................................................- 26 -

Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisors,
    498 F.3d 920 (9th Cir. 2007) ................................................................- 11 -

Engle v. Liggett Group, Inc.,
    945 So. 2d 1246 (Fla. 2006) .................................................................- 23 -

Enron Corporation Securities, Derivative, & "ERISA" Litigation,,
    465 F. Supp. 2d 687 (S.D. Tex. 2006) ..................................................- 28 -

First Fed. Sav. & Loan Ass'n of Wis. v. Dade Fed. Sav. & Loan Ass'n,
    403 So. 2d 1097 (Fla. 5th DCA 1981) ..................................................- 12 -

Florida Department of Health & Rehabilitative Services v. S.A.P.,
    835 So. 2d 1091 (Fla. 2002)................................................... - 14 -, - 15 -, - 19 -

Glidden v. Chromalloy American Corp.,
    808 F.2d 621 (7th Cir. 1986) ................................................................- 26 -

Grossman v. Greenberg,
    619 So. 2d 406 (Fla. 3d DCA 1993) .....................................................- 18 -

Hankey v. Yarian,
    755 So. 2d 93 (2000)............................................................................- 10 -

Hearndon v. Graham,
    767 So. 2d 1179 (Fla. 2000) .................................................................- 10 -

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC-

-iii-

Hromyak v. Tyco Int'l Ltd.,
    942 So. 2d 1022 (Fla. 4th DCA 2006) ................................................- 22 -

In re Beef Industry Antitrust Litigation,
    600 F.2d 1148 (5th Cir. 1979) ................................................- 21 -

In re Cathode Ray Tube (CRT) Antitrust Litigation,
    738 F. Supp. 2d 1011 (N.D. Cal. 2010).................................................- 3 -

In re Juniper Networks, Inc. Secs. Litig.,
    542 F. Supp. 2d 1037 (N.D. Cal. 2008) ................................................- 2 -

In re Linerboard Antitrust Litigation,
    223 F.R.D. 335 (E.D. Pa. 2004) ................................................- 27 -

In re Packaged Ice Antitrust Litigation,
    779 F. Supp. 2d 642 (E.D. Mich. 2011) ................................................- 6 -

In re Rezulin Products Liability Litigation,
    2006 WL 695253 (S.D.N.Y. Mar. 5, 2006) ................................................- 24 -

In re Rhone-Poulenc Rorer Inc.,
    51 F.3d 1293 (7th Cir. 1995).................................................- 26 -

In re Rubber Chemicals Antitrust Litigation,
    504 F. Supp. 2d 777 (N.D. Cal. 2007) ................................- 3 -, - 9 -

In re TFT-LCD (Flat Panel) Antitrust Litigation,
    2011 WL 4387812 (N.D. Cal. Sept. 20, 2011)................................................- 18 -

In re TFT-LCD (Flat Panel) Antitrust Litigation,
    2012 WL 149632 (N.D. Cal. Jan. 18, 2012) ................................................- 23 -

In re Vitamins Antitrust Litig.,
    2000 WL 33975412 (D.D.C. Oct. 26, 2000).................................................- 19 -

In re: Independent Service Org. Antitrust Litig.,
    1997 WL 161940 (D. Kan. Mar. 12, 1997) ................................................- 27 -

In re: Vitamins Antitrust Litig.,
    183 Fed. Appx. 1 (D.C. Cir. 2006).................................................- 24 -

International Telephone & Telegraph Corp. v. General Telephone & Electronics Corp.,
    296 F. Supp. 920 (D. Haw. 1969).................................................- 4 -

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC-

-iv-

Jablon v. Dean Witter & Co.,
    614 F.2d 677 (9th Cir. 1980) .......................................................................- 2 -

Jovine v. Abbott Labs., Inc.,
    795 F. Supp. 2d 1331 (S.D. Fla. 2011) ......................................................- 27 -

Kornberg v. Carnival Cruise Lines, Inc.,
    741 F.2d 1332 (11th Cir. 1984) .................................................................- 23 -

Lance v. Wade,
    457 So. 2d 1008 (Fla. 1984) ......................................................................- 23 -

Latman v. Costa Cruise Lines, N.V.,
    758 So. 2d 699 (Fla. 3d DCA 2000) ..........................................................- 23 -

Maine State Retirement System v. Countrywide Financial Corp.,
    2011 WL 4389689 (C.D. Cal. May 5, 2011)................................ - 12 -, - 26 -, - 28 -

Major League Baseball v. Morsani,
    790 So. 2d 1071 (Fla. 2001)...............................................................passim

Matthews v. American Honda Motor Co., Inc.,
    2012 WL 2520675 (S.D. Fla. June 6, 2012) ..............................................- 27 -

Nardone v. Reynolds,
    333 So. 2d 25 (Fla. 1976)..........................................................................- 17 -

New York ex rel. Spitzer v. Saint Francis Hosp.,
    94 F. Supp. 2d 399 (S.D.N.Y. 2000) ...........................................................- 4 -

Nichols v. Wm. Wrigley Jr. Co.,
    2011 WL 181458 (S.D. Fla. Jan. 19, 2011)................................................- 27 -

Prohias v. Pfizer, Inc.,
    490 F. Supp. 2d 1228 (S.D. Fla. 2007)......................................................- 27 -

Raie v. Cheminova, Inc.,
    336 F.3d 1278 (11th Cir. 2003) .................................................................- 22 -

Rodriguez v. Banco Centr,
    al, 790 F.2d 172 (1st Cir. 1986)................................................................- 26 -

Rollins v. Heller,
    454 So. 2d 580 (Fla. 3d DCA 1984) ...........................................................- 8 -

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC-

Sacred Heart Health System, Inc. v. Humana Military Healthcare Services, Inc.,
    2008 WL 2385506 (N.D. Fla. June 9, 2008) .......................................................... - 22 -, - 23 -

State of Florida v. Elsberry,
    1985 WL 6278 (N.D. Fla. Nov. 26, 1985) ........................................................ - 5 -

Stone Container Corp. v. United States,
    229 F.3d 1345 (Fed. Cir. 2000) ........................................................................ - 26 -

Tosti v. City of Los Angeles,
    754 F.2d 1485 (9th Cir. 1985) ................................................- 11 -, - 27 -, - 28 -

U.S. v. W. T. Grant Co.,
    345 U.S. 629 (1953) ........................................................................................ - 5 -

United States v. Oregon State Medical Soc.,
    343 U. S. 326 (1952) .............................................................................. - 5 -, - 7 -

Vargas v. Glades General Hospital,
    566 So. 2d 282 (Fla. 4th DCA 1990) .......................................................... - 17 -

Warfarin Sodium Antitrust Litig.,,
    214 F.3d 395 (3d Cir. 2000) ....................................................................... - 7 -

Wilk v. American Medical Ass'n,
    895 F.2d 352 (7th Cir. 1990) .................................................................. - 5 -, - 6 -

**STATUTES**

15 U.S.C. § 15b .................................................................................................. - 3 -

15 U.S.C. § 26 ........................................................................................... - 3 -, - 4 -

Fla. Stat. § 95.051 ......................................................................................... *passim*

Fla. Stat. §§ 95.11(3)(f) .............................................................................. - 6 -, - 12-

Fla. Stat. § 112.182 .................................................................................... - 12 -

Fla. Stat. § 501.207(5) ................................................................................ - 12 -

Fla. Stat. § 501.211 .................................................................................... - 19 -

Fla. Stat. § 542.26(1) ................................................................................. - 12 -

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC-

-vi-

Fla. Stat. § 689.17 ...................................................................................................- 12 -

Fla. Stat. § 689.175 .................................................................................................- 12 -

**SECONDARY AUTHORITY**

Antitrust Laws and Trade Regulation, Ch. 162, § 162.04[2] (Matthew Bender)..................-15-

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC-

-vii-

The State of Florida, Department of Legal Affairs, Office of the Attorney General ("Florida"), opposes Defendants' Motion to Dismiss the State of Florida's Amended Complaint (Dkt. 1287) as follows:

## I.  INTRODUCTION

Florida filed its first Complaint on December 9, 2011 (the "Original Complaint"). Florida filed an Amended Complaint on July 16, 2012 (the "Amended Complaint"). Defendants filed a Motion to Dismiss Florida's Original Complaint on July 3, 2012 (the "First Motion to Dismiss"), which they abandoned in a letter addressed to Special Master Legge on July 24, 2012, as moot. Defendants then filed a Motion to Dismiss Florida's Amended Complaint on August 2, 2012 (the "Motion"). Defendants mischaracterize the issue of whether Florida's Amended Complaint should be dismissed as untimely and seek to ignore clear, recent, and contrary authority that easily disposes of their arguments.

## II.  ISSUE TO BE DECIDED

Whether Florida's state law claims were timely filed on December 9, 2011, when it alleged it learned of the invasion of its legal rights by the Defendants after November 25, 2007; when Defendants fraudulently concealed their conspiracy; and when putative class actions were brought on behalf of Florida consumers and governmental entities, tolling Florida's claims.

## III. FACTUAL BACKGROUND

Florida filed its Original Complaint on December 9, 2011. Florida brought one federal claim under the Sherman Act for injunctive relief and damages, and state law claims under the Florida Antitrust Act (FAA) and the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), seeking a wide range of relief.  Florida filed its Amended Complaint on July 16, 2012, and

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC

- 1 -

dismissed its Sherman Act claim for damages, and its FAA claim for damages.[1]  (Dkt. 1260.) Thus, the only issue is whether Florida's remaining Sherman Act claim and Florida's state law claims under the FAA and FDUTPA are barred by the applicable statutes of limitations.

The Defendants damaged Florida governmental entities and consumers through "at least November 25, 2007." (Am. Compl. ¶¶ 8(f), 82.) Florida also alleges that the Defendants engaged in a secretive, widespread conspiracy, and took affirmative steps to hide their conduct, and that Florida was not aware of the invasion of its legal rights until after November 25, 2007. (Am. Compl. ¶¶ 136-140.) Florida also alleged that it benefits from class action tolling. (Am. Compl. ¶ 138.) In addition to seeking statutory damages for Florida consumers and governmental entities, Florida seeks restitution and disgorgement. (Am. Compl. ¶ 156(f).)

## IV.    ARGUMENT

### A.   The Expiration of the Statutes of Limitations for Florida's Claims Is Not Apparent From the Face of the Complaint

If the expiration of the applicable statutes of limitations is apparent from the face of the complaint, the defendant may raise a statutes of limitations defense in a Rule 12(b)(6) motion to dismiss. *See In re Juniper Networks, Inc. Secs. Litig.*, 542 F. Supp. 2d 1037, 1050 (N.D. Cal. 2008) (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)). In a motion to dismiss under Rule 12(b)(6), allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *See Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  It is inappropriate to resolve the fact-intensive allegations of fraudulent concealment at the motion to dismiss stage, particularly where the proof relating to the extent of the fraudulent concealment is alleged to be largely in the hands of the alleged conspirators. *See*

---

[1] Florida's Sherman Act claim for equitable relief remains, as do its indirect purchaser claims under FDUTPA, and other requests for relief under the FAA.

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC

- 2 -

1  *In re Rubber Chemicals Antitrust Litigation*, 504 F. Supp. 2d 777, 789 (N.D. Cal. 2007) (citations

2  omitted); *see also In re Cathode Ray Tube (CRT) Antitrust Litigation*, 738 F. Supp. 2d 1011,

3  1025 (N.D. Cal. 2010) (holding that allegations of fraudulent concealment are fact-intensive).

### 1. Florida's Federal Claim Is Timely From the Face of the Complaint, and the Continuing Conspiracy Is Sufficiently Pled Under *Twombly* and *Iqbal*.

Defendants state that Florida's federal claim for equitable relief is subject to a four-year

statute of limitations under 15 U.S.C. § 15b.  (Mot. at 4, lines 3-4.)  This is wrong.

By its terms, 15 U.S.C. § 15b is limited to actions under sections 15 (suits by persons

injured), 15a (suits by the United States), and 15c (certain actions by state attorneys general).

Florida's federal claim is under a different statute (15 U.S.C. § 26).  (Am. Compl. at 3.)

As a result, the four-year statute-of-limitation period under 15 U.S.C. § 15b has nothing to do

with Florida's federal claim.  *See, e.g.*, *New York ex rel. Spitzer v. Saint Francis Hosp*., 94 F.

Supp. 2d 399, 421-22 (S.D.N.Y. 2000) ("Defendants claim the applicable statute of limitations is

four years for this action. Section 4B of the Clayton Act, 15 U.S.C. § 15b, states in relevant part:

"Any action to enforce *any cause of action under 15, 15a, or 15c* of this title shall be forever

barred unless commenced within four years after the cause of action accrued." . . . This claim

was brought for injunctive relief pursuant to Section 16 of the Clayton Act.") (citing

*International Telephone & Telegraph Corp. v. General Telephone & Electronics Corp.*, 296 F.

Supp. 920, 922 (D. Haw. 1969)).

Having incorrectly argued that a four-year limitations period applies to claims under 15

U.S.C. § 26, Defendants next argue (generally with respect to all of Florida's claims) that Florida

has insufficiently pleaded the nature of the Defendants' continuing conspiracy.  Specifically,

they state that "Florida fails to allege a single fact supporting its baseless allegation that there

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC

- 3 -

was a conspiracy amongst Defendants that continued past 2007." (Mot. at 5, lines 12-13.)  To the extent that Defendants apply this reasoning to Florida's federal claim, they misstate the Amended Complaint and the law relating to conspiracies.

To prevail on its federal claim, Florida must prove the elements of 15 U.S.C. § 26.  Florida has the burden to establish that an injunction is necessary because of a significant threat of injury from either an impending antitrust violation or a contemporary violation likely to continue or recur.   In doing so, Florida is aided by a <u>presumption that an antitrust conspiracy has not ended absent proof by the defendant that it has concluded</u>.  *See State of Florida v. Elsberry*, 1985 WL 6278 (N.D. Fla. Nov. 26, 1985) (citing *United States v. Oregon State Medical Soc.*, 343 U. S. 326, 333 (1952)); *U.S. v. W. T. Grant Co.*, 345 U.S. 629, 632-633 (1953)).  Even voluntary cessation of the illegal conspiracy does not moot a suit for injunction, since the conspirator might return to his former practices.   *See id*. (citing *U.S. v. W. T. Grant Co.*, 345 U. S. 629, 632 (1953)).

Even if the Court assumes *arguendo* that the Defendants stopped conspiring in November 2007, in determining whether to issue an injunction the Court can consider the lingering effects of the conspiracy, that the conspirators never acknowledged the lawlessness of their past conduct, that they never publicly retracted their agreement to restrain trade, and their systematic, long-term wrongdoing.  *See, e.g.*, *Wilk v. American Medical Ass'n*, 895 F.2d 352, 367 (7th Cir. 1990).  In *Wilk*, while the trial court found that the conspiracy <u>ended</u> in 1980, it nonetheless entered an injunction after a retrial in 1987.  *See id*.  The district court's injunction was upheld when it found a cognizable danger of recurrent violations by the AMA, was unimpressed with the AMA's expressed intent to comply with antitrust laws, was unpersuaded by the effectiveness of the AMA's discontinuance of its boycott, and properly considered the systematic and long-

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC

- 4 -

term nature of the AMA's boycott.  *See id*.  The AMA also vigorously maintained that is activity

was lawful, and never acknowledged its past conduct's lawlessness.  *See id*. at 368.

Florida will prove that the Defendants entered into a conspiracy violative of the antitrust

laws.  It will show it suffers from the lingering effects of the conspiracy in the form of a

continuing injury.  (Am. Compl. ¶ 145.)  It will show that price competition in the sale of CRTs

has been restrained, suppressed, and/or eliminated throughout Florida.  *See id*.  It will show that

purchasers of CRTs and CRT Products have been deprived of the benefits of competition.  *See

id*.  It will also seek to terminate Defendants' systematic and long-term agreement to restrain

trade, which they still do not appear to have publicly retracted despite guilty pleas.  *See* Mot. at

6, lines 4-5 (still referring to the "alleged conspiratorial conduct").  Even the guilty pleas already

entered in this matter will not form a basis to conclude that the threat of conspiratorial conduct

has been removed.  *See In re Packaged Ice Antitrust Litigation*, 779 F. Supp. 2d 642, 668-

69 (E.D. Mich. 2011) (holding there was no basis, including the plea agreements, to conclude at

the pleading stage that the threat of continued conspiratorial conduct had been removed.)  "It is

the duty of the courts to beware of efforts to defeat injunctive relief by protestations of

repentance and reform, especially when abandonment seems timed to anticipate suit, and there is

probability of resumption." *United States v. Or. State Med. Soc'y*, 343 U.S. 326, 333 (1952).

Defendants have neither admitted their conduct, repented, nor reformed.  For these reasons,

Florida will show its entitlement to an injunction, which is adequately pleaded.

Defendants are retreading the same ground.  On March 16, 2009, Direct Purchaser Plaintiffs

filed a Consolidated Amended Complaint. (Dkt. 436) ("Direct Compl.").  The Indirect Purchaser

Plaintiffs (IPPs) filed a Consolidated Amended Complaint on the same day.  (Dkt. 437)

("Indirect Compl.").  Like Florida, they both alleged a continuing conspiracy.  Direct Compl. ¶

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC

- 5 -

214; Indirect Compl. ¶ 245.  This Court denied the Defendants' motion to dismiss the injunctive

claims, and held that the "Plaintiffs have adequately pled standing to seek injunctive relief under

Section 16 of the Clayton Act."  *See* Order Approving and Adopting Special Master's Report,

Recommendations and Tentative Rulings Re: Defendants' Motions to Dismiss (Dkt. 665) (citing

*In re Warfarin Sodium Antitrust Litig.*, 214 F.3d 395, 399 (3d Cir. 2000) ("[I]njunctive relief

under section 16 only requires a threat of loss . . . .").

> **2.    Florida's State Law Claims are Timely From the Face of the Complaint.**

A cause of action under FDUTPA and FAA expires four years after accrual. *See* Fla. Stat. §§

95.11(3)(f) (action shall be commenced within four years for an action founded on a statutory

liability); 501.207(5) (no action may be brought by the enforcing authority under Section

501.207 more than four years after the occurrence of a violation or more than two years after the

last payment in a transaction involved in a violation of this part, whichever is later); 542.26(1)

(any action brought under Sections 542.21 or 542.22 must be commenced within four years after

the cause of action accrues). None of these statutes prohibit application of common law

principles, such as equitable estoppel and fraudulent concealment.

Accrual of a FDUTPA claim typically occurs when the damage is suffered. *See Rollins v.*

*Heller*, 454 So. 2d 580, 585 (Fla. 3d DCA 1984). Accrual of an FAA claim is the same as under

the federal antitrust laws pursuant to the FAA's federal harmonization statute: an antitrust action

accrues when the alleged conspiracy or other antitrust violation has an impact on the plaintiff.

*See Amis v. Gulf Abstract & Title, Inc.*, 564 F. Supp. 1121, 1125 (M.D. Fla. 1983).

Directly contrary to the Motion's misrepresentations, Florida <u>did not</u> allege that the last day

its citizens were the victims of Defendants' conspiracy was November 25, 2007.  Florida

specifically alleges that the "[t]he effect of [Defendants'] unlawful behavior has been to raise,

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC

- 6 -

fix, maintain, and/or stabilize the prices at which Defendants and co-conspirators sold CRTs to artificially inflated levels from at least March 1, 1995, through *at least* November 25, 2007." *Cf.* Am. Compl. ¶ 82 (emphasis added) with Mot. at 4, lines 27-28 ("Florida's last claimed injury allegedly occurred on November 25, 2007").

Florida did not plead the exact date because it does not know the exact date, which is exclusively within the knowledge of the Defendants.  The referenced date (November 25, 2007) is used to adhere to the current, indirect damages theory of the case (as evidenced by the latest consolidated complaint), but is by no means pled as the *final* date as to damages. Resolution of the date when Florida consumers of CRT Products were no longer victims of Defendants' CRT price-fixing conspiracy will be resolved through fact and expert discovery, and is inappropriate at this stage of the proceeding. *See In re Rubber Chemicals Antitrust Litigation*, 504 F. Supp. 2d at 789 (N.D. Cal. 2007). Construing the allegations of the Amended Complaint in a light most favorable to Florida, Florida's consumers continue to suffer injury at the hands of the Defendants' conspiracy, including damages.

Defendants have already conceded that with respect to CRTs, "there are a variety of different layers – including manufacturing, distribution and retail channels." (Dkt. 555).  If true, then the date that the last price-fixed CRT Product reached Florida consumers would, according to the Defendants, take additional time from the last conspiratorial act to impact Florida consumers, a fact which is properly the subject of discovery.

### B.  <u>The Statutes of Limitations Do Not Bar Florida's State Law Claims</u>.

Even if statutes of limitations are apparent from the allegations in Florida's Amended Complaint, Florida's state law claims are not barred.  Under Florida law, there are various methods that can extend the time to file a lawsuit and prevent application of the statutes of

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC

- 7 -

limitations: (1) the delayed discovery doctrine; (2) statutory tolling; (3) equitable estoppel, such as fraudulent concealment; and (4) *American Pipe* tolling. While the Florida Supreme Court has taken pains to distinguish these concepts from one another, Defendants' Motion conflates them, and misconstrues Florida law. Therefore, it is important to distinguish between the concepts of accrual, estoppel, and tolling.

First, the "accrual" of a cause of action may be delayed. According to the Florida Supreme Court, the "delayed discovery doctrine" provides that a cause of action does not "accrue" until the plaintiff either knows or reasonably should know of the act giving rise to the cause of action. *Hearndon v. Graham*, 767 So. 2d 1179, 1194 (Fla. 2000).  Importantly, the delayed discovery doctrine does not "toll" or "suspend" a limitations period after it has already begun; it delays the limitations period from starting in the first place. *Hearndon*, 767 So. 2d at 1194.

Second, statutory tolling "interrupts" the running of the statutes of limitations clock after it has already started. *See Hankey v. Yarian*, 755 So. 2d 93, 96 (2000); *Hearndon*, 767 So. 2d at 1185 (the "tolling" of a limitations period would "interrupt the running thereof subsequent to accrual"). Florida's tolling statute, Section 95.051, Florida Statutes, identifies the statutory methods for tolling a limitations period. In *Hearndon*, the Florida Supreme Court recognized that there is significant confusion between the "accrual" and "tolling" concepts, and held that accrual involves when the limitations period begins to run, whereas tolling interrupts the period once it has already started. *Id.*

A third concept, "equitable estoppel" -- which includes equitable principles such as fraudulent concealment -- is similar to the tolling concept in that it suspends the running of the limitations period after it has already started, but it does so for reasons beyond those enumerated in Fla. Stat. § 95.051. Equitable estoppel is not technically a "tolling" concept, but rather is an

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC

- 8 -

equitable concept that operates to prevent a party from profiting from his or her wrongdoing. *Major League Baseball v. Morsani*, 790 So. 2d 1071, 1077 (Fla. 2001).

The fourth concept, *American Pipe* class action tolling, is so named for *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974) ("*American Pipe*"), and has been described as an "equitable tolling" principle. Under *American Pipe*, the commencement of an original class suit tolls the running of the statutes of limitations for all purported members of the class until class certification is denied. *See Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisors*, 498 F.3d 920, 925 (9th Cir. 2007). Class members may choose to file their own action. *See id.* The subsequent suit does not need to be identical in every respect to the class suit for the statute to be tolled. *See Tosti v. City of Los Angeles*, 754 F.2d 1485, 1489 (9th Cir. 1985). So long as the claims concern the same evidence, memories, and witnesses as the subject matter of the original class suit so that the defendant will not be prejudiced, *American Pipe* tolling will apply. *See Maine State Retirement System v. Countrywide Financial Corp.*, 2011 WL 4389689, at *16 (C.D. Cal. May 5, 2011) (citations omitted).

It is the third and fourth concepts (fraudulent concealment and *American Pipe* class action tolling) that prevent the application of any four-year statutes of limitations to Florida's claims.

### 1.   Florida Recognizes Equitable Estoppel, Which Includes Fraudulent Concealment.

Defendants already conceded to this Court that Florida recognizes the fraudulent concealment doctrine when they argued that the IPPs had not adequately pled affirmative conduct constituting fraudulent concealment. *See* Defendants' Mot. to Dismiss IPPs' Consolidated Am. Compl. (Dkt. No. 485 at 44-46.).  Defendants stated:

> Plaintiffs' assertion of fraudulent concealment fails because the IP-CAC lacks allegations of affirmative fraudulent conduct, which are necessary to toll the

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC

- 9 -

statute of limitations [sic] in all 22 of the states [including Florida] in which Plaintiffs plead state law claims (the "Affirmative Conduct Jurisdictions"). To toll the statute of limitations [sic] on the grounds of fraudulent concealment in the Affirmative Conduct Jurisdictions, Plaintiffs must allege that Defendants took affirmative action directed at plaintiffs to cover up their conspiratorial conduct in order to prevent Plaintiffs from discovering their cause of action.

*Id*. at 44. Defendants then cited to *First Fed. Sav. & Loan Ass'n of Wis. v. Dade Fed. Sav. & Loan Ass'n*, 403 So. 2d 1097, 1100 (Fla. 5th DCA 1981), which held that fraudulent concealment would toll the Florida cause of action under Florida state law.  Since they lost this argument against the IPPs regarding fraudulent concealment, Defendants now apparently believe they will fare better if they withhold relevant caselaw from this Court and argue that fraudulent concealment is simply altogether unavailable under Florida law.

The Florida Supreme Court addressed -- and specifically approved -- the equitable estoppel concept in *Major League Baseball v. Morsani*, 790 So. 2d 1071, 1078 (Fla. 2001), which includes fraudulent concealment. In *Morsani*, the Court noted the difference between <u>statutory tolling</u> (under the tolling statute of Section 95.051, Florida Statutes), and <u>equitable estoppel</u> principles, and concluded that equitable estoppel is not technically a "tolling" concept, but rather is an equitable concept that operates to prevent a party from profiting from his or her wrongdoing.  *Id*. at 1077 ("Tolling operates on the statute of limitations; equitable estoppel operates on the party").

Notwithstanding Defendants' arguments to the contrary (*see e.g.*, Mot. at 7, lines 9-14), the statutory tolling methods identified in Fla. Stat. 95.051 are <u>not</u> the only principles that affect a limitations period. Rather, other equitable principles, including equitable estoppel, work <u>in conjunction</u> with the statutorily enumerated tolling methods. *Morsani*, 790 So. 2d at 1078. Indeed, equitable estoppel is:

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC

- 10 -

wholly independent of the limitations period itself and takes its life, not from the language of the statute, but from the equitable principle that no man will be permitted to profit from his own wrongdoing in a court of justice. Thus, because equitable estoppel operates directly on the defendant without abrogating the running of the limitations period as provided by statute, it might apply no matter how unequivocally the applicable limitations period is expressed.

*Id.* After string-citing a lengthy list of state and federal cases applying equitable principles to suspend the statutes of limitations (*see id*. n. 21), the *Morsani* Court concluded that equitable estoppel principles, such as fraudulent concealment, are not trumped by, but rather supplement, the enumerated statutory tolling provisions in Section 95.051, Florida Statutes.

In *Florida Department of Health & Rehabilitative Services v. S.A.P.*, 835 So. 2d 1091 (Fla. 2002) (hereafter "*S.A.P.*"), the Florida Supreme Court specifically concluded that fraudulent concealment can suspend the statute of limitation in a tort action. In the first part of its analysis, the *S.A.P.* Court examined whether fraudulent concealment can suspend statutes of limitations generally, and concluded that "[i]t is well settled in Florida and other jurisdictions that the statutes of limitation can be deflected by the doctrine of equitable estoppel [including fraudulent concealment]." *Id*. at 1097. The Court held that "equitable estoppel is a deeply rooted, centuries old tenet of the common law." *Id*. at 1098. The Court went on to note that "where the Legislature acts in a particular area, the common law remains in effect in that area unless the statute specifically says otherwise" and that there is a "presumption" that "[u]nless a statute unequivocally states that it changes the common law, or is so repugnant to the common law that the two cannot coexist, the statute will not be held to have changed the common law." *Id*. at 1098 (citation omitted). Since the statutes of limitations at issue in *S.A.P.* did not indicate an intent by the Florida Legislature to abrogate common law principles such as fraudulent concealment, the Court held that fraudulent concealment applies to state statutes of limitations.

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC

- 11 -

1

2

3

4

5

6

7

8

9

10

11

12

      Critical to the ultimate holding in *S.A.P.* is the Florida Supreme Court's conclusion that fraudulent concealment and other common law equitable principles apply to <u>all</u> statutes of limitations in Florida, unless specifically excepted by express statutory language. Nothing in the statutes of limitations applicable to this action (Fla. Stat. §§ 95.11(3)(f), 501.207(5), and 542.26(1)) prohibit application of common law equitable principles, nor does the statutory tolling statute. When Florida (a common law state) abolishes the common law of Florida, it does so clearly and unambiguously. *See, e.g.*, Fla. Stat. § 112.182 ("The common-law rule that such a firefighter or law enforcement officer occupies the status of a licensee is hereby abolished."); Fla. Stat. § 689.175 ("The doctrine of worthier title is abolished as a rule of law and as a rule of construction."); Fla. Stat. § 689.17 ("The rule in Shelley's Case is hereby abolished.").

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

      Nor does the statutory tolling provision abolish common law equitable principles with respect to statutes of limitations. The legislative history of Fla. Stat. § 95.051 (the statutory tolling provision) makes clear that the Florida Legislature had no intention of altering existing common law with respect to fraudulent concealment or equitable estoppel. *See* Memo. from C. McFerrin Smith to Senator Tom Johnson on CS/HB 895, n.1 at ¶ 5 (Apr. 30, 1974) (on file Fla. State Archives, series 18, carton 308) ("The section on when limitations are tolled (95.051 . . . ) codifies existing case law and streamlines the tolling provision."). The only changes to the common law in House Bill 895 identified by the Judiciary Committee were with respect to incompetency and disabilities. *See* Fla. H.R. Comm. on Judiciary, CS/HB 895 (1974) Section Summary 4 (on file Fla. State Archives, series 19, carton 205) ("This section also incorporates the Council's policy decision to limit the common-law disabilities which serve to toll the statute."). The Legislature had no intention of limiting common law restrictions on when a defendant could avail itself of a statute-of-limitations defense (indeed, Fla. Stat. § 95.051 is silent

28

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC

- 12 -

1   on the issue), and expected the courts to continue their function of preventing a defense as a

2   result of the inequitable conduct of a defendant. *See* Thomas Bevis, Fla. Law Revision Council,

3   *Project on Statutes of limitations: Some Policy Considerations*, at 13 (Apr. 8, 1972) (available at

4   Fla. State Archives, series 18, carton 308) ("If action is prevented through some act of defendant,

5   he should then be stopped from raising the statute in his defense."). In examining accrual, the

6   Legislature was cognizant that application of the "discovery rule is less prevalent in fraud or

7   fraudulent concealment cases perhaps because the courts have used some form of estoppel to

8   prevent the defendant from raising the statute." *Id*. at 17.

9

10      Appellate courts in Florida routinely hold that if a defendant has fraudulently concealed a

11   cause of action from the plaintiff, the running of the statute of limitation governing the action is

12   suspended until the cause of action is discovered. *See, e.g.*, *Berisford v. Jack Eckerd Corp.*, 667

13   So. 2d 809, 811 (Fla. 4th DCA 1995) (accepting fraudulent concealment doctrine as a means of

14   tolling the statute of limitation, rejecting argument that fraudulent concealment applies only to

15   medical malpractice actions); *Vargas v. Glades General Hospital*, 566 So. 2d 282, 285 (Fla. 4th

16   DCA 1990) ("Fraudulent concealment as an exception to the statute of limitations has as its

17   philosophy that 'courts will not protect defendants who are directly responsible for the delays of

18   filing because of their own willful acts....' It is a doctrine to prevent the court from participating

19   in the fraud of the defendant. Such a doctrine applies to all who come to the court for redress.")

20   (internal citations omitted) (citing seminal case of *Nardone v. Reynolds*, 333 So. 2d 25, 36 (Fla.

21   1976); *Bryant v. Adventist Health Systems Sunbelt, Inc.*, 869 So. 2d 681 (Fla. 5th DCA 2004)

22   (reversing dismissal of complaint on statute of limitations grounds because the complaint raised

23   fraudulent concealment); *Baptist Hospital of Miami, Inc. v. Carter*, 658 So. 2d 560, 563 (Fla. 3d

24   DCA 1995) (with regard to a statutory cause of action, such as here, "[i]t is well settled…as a

25

26

27

28

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC

- 13 -

general rule…that fraud or misrepresentation that misleads a claimant into a justified failure to

assert his rights bars reliance on a statute of limitations") (abrogated on other grounds);

*Grossman v. Greenberg*, 619 So. 2d 406 (Fla. 3d DCA 1993) ("The statute of limitations does not

begin to run where there has been a fraud or a fraudulent concealment").

Defendants' attempt to extinguish the doctrine of fraudulent concealment in Florida was also

patently rejected recently by this District Court, which carefully analyzed this same issue in *In re*

*TFT-LCD (Flat Panel) Antitrust Litigation*, 2011 WL 4387812 (N.D. Cal. Sept. 20, 2011). In

holding that the Florida Supreme Court would recognize the doctrine of fraudulent concealment,

the *TFT-LCD* court recognized that fraudulent concealment, a species of equitable estoppel, is an

equitable doctrine that can preclude a defendant from asserting a statute-of-limitations defense.

*See id.* at *2. It applies where a defendant takes steps to conceal his wrongful actions, thereby

preventing a plaintiff from filing suit on time. *See id*. The Court reasoned that the Florida

Supreme Court has expressed an expansive view of equitable estoppel consistent with fraudulent

concealment. *See id*. (citing *Major League Baseball v. Morsani*, 790 So. 2d 1071 (Fla. 2001)).

Equitable estoppel operates to prevent a defendant from benefitting from a limitations defense

where it bore responsibility for the late filing. *See id*. at *3. Thus, equitable estoppel applies

wherever "one party lulls another party into a disadvantageous legal position." *Id*. Equitable

estoppel applies in this matter with equal force, and prevents the conspiring Defendants from

benefitting from their wrongdoing when they bear responsibility for any allegedly late filing.

Defendants incorrectly argue that equitable estoppel is limited in Florida only to affirmative

conduct by the Defendants that "induced" Florida to not bring claims it knew it had.  (Mot. at 13,

lines 4-5.)  This is not equitable estoppel in Florida, as clearly evidenced by the facts of *S.A.P.*:

S.A.P.'s tort accrued on or about October 20, 1979 (the date her injuries were known); the

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC

- 14 -

agency's internal investigation report documenting the abuse was released on December 21, 1992; and the action was filed in January 1995.  *See S.A.P.*, 835 So. 2d at 1093-94.  Just as in this case, S.A.P.'s cause of action for negligence was governed by a four-year statute of limitation, and her cause of action accrued on or about October 20, 1979.  S.A.P. never alleged that she knew of her cause of action for negligence against the agency before the statute of limitation expired, but did allege that the defendant's misconduct of concealment prejudiced her case.  The issue was framed as "fraudulent concealment," and the relevant issue was the successful concealment of the claim by the defendant.

The lone case cited by the Defendants relating to fraudulent concealment in Florida, *In re Vitamins Antitrust Litig.*, 2000 WL 33975412 (D.D.C. Oct. 26, 2000), is from the District of Columbia and was decided before the Florida Supreme Court's clear adoption of equitable estoppel and fraudulent concealment in *Morsani* (decided in 2001) and *S.A.P.* (decided in 2002).  (Mot. at 8, lines 5-9).  It does not appear to be cited by a single court.

Defendants next argue that even if this Court follows the decisions of the Florida Supreme Court regarding fraudulent concealment, Florida is "bound by its admission [in its initial Complaint] that it had notice of its claims by at least November 13, 2007 . . . ." (Mot. at 9.)  However, Florida made no such admission in its Complaint, and Defendants' deceptive wordplay falls flat on its face.  In its (now inoperative) Complaint, Florida alleged that it "failed to uncover the existence of the violations alleged below until <u>after</u> the initiation of <u>a</u> class action suit"  *Cf.* Original Compl. ¶ 144 (emphases added).[2]

_____

[2] The Defendants stated in their initial motion to dismiss that the first class action was filed "on November 26, 2007;" therefore, the Defendants surmised, "Florida acknowledges *on the face of its Complaint* that it was on notice of the alleged conspiracy when the <u>first</u> class action lawsuit was filed, on November 26, 2007."  (First Mot. to Dismiss at 5) (second emphasis added).  Now,

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC

- 15 -

1     Defendants have misconstrued paragraph 144 of Florida's Complaint.  The word "after" does

2  not mean "on."  The word "after" as used in the Complaint means "at a later or subsequent time;

3  afterward . . . ."  Am. Heritage College Dictionary 24 (3d ed. 2000).  The word "on" means

4  "[u]sed to indicate occurrence at a given time . . . ."  Am. Heritage College Dictionary 953 (3d

5  ed. 2000).  Florida did not allege that Defendants' fraudulent concealment terminated at a given

6  time (on the filing of a class action complaint, much less the *first* class action complaint), but at a

7  later or subsequent time to the filing of the first complaint.

8

9     The mere filing of a lawsuit does not, as a matter of law, alleviate the perils of Defendants'

10  fraudulent concealment. "Defendants often argue that the second element of a fraudulent

11  concealment claim – successful concealment from the plaintiff – cannot be satisfied because of

12  existence of similar lawsuits gave the plaintiff actual or constructive knowledge of its claim.

13  Courts have generally found this claim to be inadequate to defeat – prior to trial – a fraudulent

14  concealment claim." Antitrust Laws and Trade Regulation, Ch. 162, § 162.04[2] (Matthew

15  Bender); *see also E.W. French & Sons, Inc. v. General Portland, Inc.*, 885 F.2d 1392, 1399-1400

16  (9th Cir. 1989) (citing *In re Beef Industry Antitrust Litigation*, 600 F.2d 1148, 1171 (5th Cir.

17  1979) (footnotes omitted), *cert. denied*, 449 U.S. 905 (1980) ("The filing by others of a similar

18  lawsuit against the same defendants may in some circumstances suffice to give notice, but to rule

19  that it does so *as a matter of law* is to compel a person situated like these plaintiffs to file suit, on

20  the pain of forfeiting his rights . . . . The mere filing of a similar lawsuit, without more, does not

21  necessarily give 'good ground' because that suit might well be frivolous or baseless.")).

22

23

24

25

26

27  having found an earlier class action complaint, Defendants rely on the November 13, 2007, filing
    date of this earlier class action complaint as the date on which the statutes of limitations began to
28  run.

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC

- 16 -

1    Defendants' Motion ignores this lengthy list of relevant authority, and conflates the concepts

2    of statutory tolling and equitable estoppel. In short, Defendants' legal analysis is altogether

3    wrong. Fraudulent concealment is available and appropriate to bar the Defendants from asserting

4    a statute-of-limitations defense to Florida's state law claims. Since there is no question that the

5    Amended Complaint raises significant issues regarding the Defendants' affirmative fraudulent

6    concealment of their price-fixing conspiracy, a motion to dismiss at this stage in the proceedings

7    is improper, and the jury should be entitled to hear the evidence.

8

9    Should this Court find that fraudulent concealment alone does not toll Florida's claims,

10   *American Pipe* tolling clearly allowed Florida to file its Complaint on December 9, 2011. Since

11   Florida timely filed its Complaint under *American Pipe*, Defendants cannot limit their liability by

12   striking fraudulent concealment from Florida's Complaint.

13

14       **2.    Florida Recognizes Equitable Tolling Under *American Pipe*, Which Equitably
               Tolls Florida's Claims.**

15

16   Defendants argue that class action tolling under *American Pipe* is not recognized in Florida.

17   (Mot. at 7, lines 5-8.)  Once again, Florida law is clear.  To the contrary, as clearly stated by

18   Florida's federal appellate circuit, "[t]here is no dispute that *American Pipe* has been followed in

19   Florida state courts." *Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1282 (11th Cir. 2003). Stated by

20   another court just as succinctly: "no Florida court has refused to apply *American Pipe* . . . ."

21   *Sacred Heart Health System, Inc. v. Humana Military Healthcare Services, Inc.*, 2008 WL

22   2385506, at *1-2 (N.D. Fla. June 9, 2008) ("*Sacred Heart*") (holding the doctrine of common

23   law equitable tolling as outlined in *American Pipe* has been applied in Florida in spite of §

24   95.051, Florida Statutes); *Hromyak v. Tyco Int'l Ltd.*, 942 So. 2d 1022, 1023 (Fla. 4th DCA 2006)

25   (affirming trial court's determination that *American Pipe* tolling did not apply, not because

26

27

28

Florida courts did not follow *American Pipe* but because the claims raised in the state action were not the same claims asserted in an earlier federal class action); *Latman v. Costa Cruise Lines, N.V.*, 758 So. 2d 699, 704 (Fla. 3d DCA 2000) (tolling Florida state law claims by recognizing *American Pipe's* tolling rule and citing *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1336-67 (11th Cir. 1984), which itself cited *American Pipe*); *City of St. Petersburg v. Total Containment, Inc.*, 2008 WL 5428179, at *4-5 (S.D. Fla. Oct. 10, 2008) (tolling Florida state law claims under *American Pipe*), *adopted in relevant part*, City of St. Petersburg v. Dayco Products, Inc., 2008 WL 5428172, at *3 (S.D. Fla. Dec. 30, 2008).

Even when not invoked as "*American Pipe* tolling," equitable tolling has also been applied by Florida's highest court. *Sacred Heart*, 2008 WL 2385506, at *1-2 (N.D. Fla. June 9, 2008). In *Engle v. Liggett Group, Inc.,* 945 So. 2d 1246, 1277 (Fla. 2006), the Florida Supreme Court authorized the plaintiffs to proceed upon remand after decertification of the class provided their actions were filed within one year of the issuance of the court's mandate. Similarly, in *Lance v. Wade,* 457 So. 2d 1008, 1011 (Fla. 1984), the Court held that members who had relied on a class action should be entitled to proceed and would not be subject to statute of limitations or laches defenses if the new action was commenced within a "reasonable time" after remand.

Other district courts, including this District, are in agreement that Florida recognizes *American Pipe* tolling. *See In re TFT-LCD (Flat Panel) Antitrust Litigation*, 2012 WL 149632, at *3 (N.D. Cal. Jan. 18, 2012) ("The Court . . . finds that *American Pipe* tolling applies to the Florida statute of limitations" regarding the FDUTPA cause of action).

Again, just as with the concept of equitable estoppel, statutory tolling under Section 95.051, Florida Statutes, is separate and distinct from equitable tolling under *American Pipe*. As a Florida federal district court held, while Section 95.051 may not statutorily toll the statute of limitations

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC

- 18 -

for Florida claims, equitable tolling principles still apply. *See Sacred Heart*, 2008 WL 2385506, at *1 (N.D. Fla. June 9, 2008).

Defendants' authorities for the rejection of American Pipe tolling in Florida are limited to an unpublished opinion (*In re: Vitamins Antitrust Litig.*, 183 Fed. Appx. 1 (D.C. Cir. 2006)), which under D.C. Circuit Rule 36(e)(2) means that "the panel sees no precedential value in that disposition," and a case (*In re Rezulin Products Liability Litigation*, 2006 WL 695253, at *1 (S.D.N.Y. Mar. 5, 2006) that contains an analysis of class action tolling <u>that is seven words long</u>, does not contain any citation to relevant authority from the Florida Supreme Court, and simply cites to a case rejected by the *Sacred Heart* Court.  Because Florida law clearly allows tolling based on *American Pipe*, this Court should deny the Defendants' Motion to Dismiss.

Defendants next argue that even if this Court follows Florida precedent and recognizes *American Pipe* tolling, Florida is not entitled to class action tolling because governmental entities were and are excluded from the class definitions in the DPPs' and IPPs' consolidated complaints and because the earlier-filed, "superseded class action complaints" did not assert claims under Florida laws. (Mot. at 14-16.) Defendants confine their argument to Florida as a governmental entity and they do not argue that Florida consumers were not (or are not) part of the IPP classes, which of course they are.[3]  Therefore, because *American Pipe* tolling is recognized in Florida and applies to Florida's claims for its natural person consumers, these claims survive.

Defendants' argument conveniently ignores the fact that there were individual class actions with governmental entities that would operate against the statutes of limitations to equitably toll

---

[3] Defendants' baffling assertion (Mot. at 16, lines 16-18) that "FDUTPA claims can be brought only by an enforcing authority . . . pursuant to Chapter 501 of the Florida Statutes" is wrong. *See, e.g.*, Section 501.211, Florida Statutes ("Other individual remedies" by "anyone aggrieved").

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC

- 19 -

Florida's governmental claims. In citing *Del Sontro v. Cendant Corp.*, 223 F. Supp. 2d 563, 581 (D.N.J. 2002), they concede this point (Mot. at 15, line 21 *et seq.*), since *Del Sontro* held that because the plaintiff seeking relief under *American Pipe* "was *never* a purported class member of the CalPERS class, *American Pipe* tolling would not save his claim." (emphasis added). Defendants cite to the same four class action complaints Florida relied upon in its Initial Opposition (Mot. at 16), and seek to have this Court to judicially recognize those complaints (Dkt. No. 1288).[4]  Defendants do not, and cannot, claim that Florida governmental entities were not members of the class in these class actions. These four class action complaints were filed on behalf of nationwide classes that in fact included governmental entities in Florida, seeking monetary relief that included unjust enrichment, disgorgement, and restitution from Defendants based upon their alleged participation in a price-fixing conspiracy involving cathode ray tubes. *See* Decl. of Kent M. Roger, Exhs. 4-7 (Dkt. Nos. 1288-5 through 1288-8.)

Thus, for over 15 months, a putative class of indirect purchasers that included governmental entities was on file in this District. *See Juetten v. Chunghwa Picture Tubes, Ltd.*, Case No. 07-cv-06225-SC (N.D. Cal. filed December 10, 2007). Even under the caselaw cited by the Defendants' in support of their position, the Defendants' argument crumbles since Florida's governmental entities were included in these class actions.

While Defendants do not take a definitive stand as to when Florida's claims were allegedly barred, they declare that Florida filed its claims "four years and twenty-five days after November 13, 2007 (as admitted in the original Complaint) and four years and twelve days after November

---

[4] The indirect class action complaints are: *Juetten v. Chunghwa Picture Tubes, Ltd.*, Case No. 07-cv-06225-SC (N.D. Cal. filed Dec. 10, 2007); *Stack v. Chunghwa Picture Tubes, Ltd.*, Case No. 08-cv-1319-SC (N.D. Cal. filed Mar. 7, 2008); *Ganz v. Chunghwa Picture Tubes, Ltd.*, Case No. 08-cv-1721-SC (N.D. Cal. filed Mar. 31, 2008); and *Ross v. Chunghwa Picture Tubes, Ltd.*, Case No. 08-cv-1807-SC (N.D. Cal. filed Apr. 3, 2008).

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC

- 20 -

1  26, 2007 (as admitted in the Amended Complaint)." (Mot. at 9, lines 25-26.) Even assuming

2  *arguendo* that Florida had to file its claims on or before the end of four years from either of these

3  dates to take advantage of fraudulent concealment (it did not), *American Pipe* tolled Florida's

4  governmental claims. The earliest point at which Florida's statute of limitations began running

5  again with respect to its governmental claims was in March 2009, when there were no longer any

6  nationwide governmental classes pending due to the amendment to the indirects' consolidated

7  complaint. *See, e.g.*, *Culver v. City of Milwaukee*, 277 F.3d 908, 914 (7th Cir. 2002) (holding

8  "when the suit is dismissed without prejudice or when class certification is denied the statute

9  resumes running for the class members") (citing *Crown, Cork & Seal Co. v. Parker*, 462 U.S.

10  345, 354 (1983); *Chardon v. Fumero Soto*, 462 U.S. 650 (1983); *Elmore v. Henderson*, 227 F.3d

11

12  1009, 1012 (7th Cir. 2000); *In re Rhone-Poulenc Rorer Inc.*, 51 F.3d 1293, 1298 (7th Cir. 1995);

13  *Glidden v. Chromalloy American Corp.*, 808 F.2d 621, 627 (7th Cir. 1986); *Stone Container*

14  *Corp. v. United States*, 229 F.3d 1345, 1355-56 (Fed. Cir. 2000); *Armstrong v. Martin Marietta*

15

16  *Corp.*, 138 F.3d 1374, 1384-85 (11th Cir. 1998) (en banc); *Rodriguez v. Banco Central*, 790 F.2d

17  172, 179 (1st Cir. 1986)). Since *American Pipe* tolling adds at least 15-plus months from

18  Defendants' alleged statute-of-limitation date (November 2011), when Florida filed its

19  Complaint on December 9, 2011, it was entitled to over a year of equitable tolling under

20  *American Pipe* for its government claims. With the concession by the Defendants that the claims

21  of natural persons in Florida were tolled by the filing of class actions, all of Florida's state law

22

23  claims survive under *American Pipe*.

24      Any attempt to distinguish these putative class actions involving governmental entities from

25  Florida's Amended Complaint is unsuccessful. While the class actions did not bring identical

26  suits to Florida's, Florida's suit does not need to be identical in every respect to the class suit for

27

28

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC

- 21 -

the statute to be tolled. *See Maine State Retirement System v. Countrywide Financial Corp.*, 2011 WL 4389689, at *16 (C.D. Cal. May 5, 2011) (citing *Tosti v. City of Los Angeles*, 754 F.2d 1485, 1489 (9th Cir. 1985)); *Barnebey v. E.F. Hutton & Co.*, 715 F. Supp. 1512, 1528-29 (M.D. Fla. 1989) (agreeing with the Second Circuit in *Cullen v. Margiotta*, 811 F.2d 698 (2d Cir. 1987), and holding that *American Pipe* tolling is properly extended where the individual claims involve the same "evidence, memories, and witnesses" as are involved in the putative class action"); *In re: Independent Service Org. Antitrust Litig.*, 1997 WL 161940, at *4 (D. Kan. Mar. 12, 1997) (requiring the allegations of both suits to be identical "would be illogical because one of the primary reasons a member will opt out of a class suit is that she has strong individual claims against the defendant that she believes will not be redressed by the overall class settlement") (citations omitted); *In re Linerboard Antitrust Litigation*, 223 F.R.D. 335, 351 (E.D. Pa. 2004).

Florida's FDUTPA claim is also entirely harmonious with the IPPs' former unjust enrichment count for governmental entities. In fact, Florida courts favor dismissal of an equitable unjust enrichment claim when it is predicated on the same wrongful conduct as a FDUTPA claim, holding that the FDUTPA provides the appropriate legal remedy. *See, e.g.*, *Matthews v. American Honda Motor Co., Inc.*, 2012 WL 2520675, at *2 (S.D. Fla. June 6, 2012); *Prohias v. Pfizer, Inc.*, 490 F. Supp. 1228, 1236-37 (S.D. Fla. 2007) ("[I]n their unjust enrichment claim, the plaintiffs seek recovery for the exact same wrongful conduct as in their consumer fraud act claim. If [the defendant's] marketing scheme is misleading, and if the plaintiffs have been damaged by such scheme, then the plaintiffs have a remedy at law as a properly pled claim under the consumer fraud acts . . . . "); *accord Jovine v. Abbott Labs., Inc.*, 795 F. Supp. 2d 1331, 1341-42 (S.D. Fla. 2011); *Nichols v. Wm. Wrigley Jr. Co.*, 2011 WL 181458, at *5 (S.D. Fla. Jan. 19, 2011); *Am. Honda Motor Co., Inc. v. Motorcycle Information Network, Inc.*, 390 F. Supp. 2d

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC

- 22 -

1170, 1178 (M.D. Fla. 2005). In other words, an unjust enrichment claim, predicated on the same wrongful conduct as a FDUTPA claim, is the same claim but for the categorization of the remedy.  Florida also invoked the same remedies of restitution and disgorgement as the IPPs. (Am. Compl. ¶ 156(f)). Thus, all of these cases are predicated on the same conduct and involve the same theory of restitution and disgorgement for Florida consumers, even though this is not required. *See Maine State Retirement System v. Countrywide Financial Corp*., 2011 WL 4389689, at *16 (C.D. Cal. May 5, 2011) (citations omitted) (holding the subsequent suit does not need to allege the same legal theory to benefit from *American Pipe* tolling).

Florida's action also involves the same evidence, memories, and witnesses as the IPPs' actions. *See Maine State Retirement System v. Countrywide Financial Corp*., 2011 WL 4389689, at *16 (C.D. Cal. May 5, 2011) (citations omitted). All of the cases have the same common factual bases and legal nexus, and arise from the same transactions and wrongful acts as those identified in the earlier complaints in which the Defendants were named. *See id*. (citing *In re Enron Corporation Securities, Derivative, & "ERISA" Litigation*, 465 F. Supp. 2d 687, 718 (S.D. Tex. 2006); *Tosti v. City of Los Angeles,* 754 F.2d 1485, 1489 (9th Cir. 1985)). As a result, the class actions sufficiently put the Defendants on notice of the substance and nature of the claims at issue, and *American Pipe* tolling applies. *See Barnett v. County of Contra Costa*, 2005 WL 5095264, at *2 (N.D. Cal. Oct. 31, 2005); *Maine State Retirement System v. Countrywide Financial Corp*., 2011 WL 4389689, at *16 (C.D. Cal. May 5, 2011).

3.    **Florida Has Adequately Pled Fraudulent Concealment and *American Pipe*.**

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC

- 23 -

Defendants' claim that Florida has failed to adequately plead fraudulent concealment[5] is without merit.  Defendant have already argued, and lost, their argument that allegations of fraudulent concealment similar to those in Florida's Amended Complaint are insufficient. (Dkt. No. 485.)  This Court found that the allegations of fraudulent concealment in the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint (Dkt. 437) were sufficient, and denied Defendant's Motion to Dismiss. (Dkt. No. 665).

Florida's Amended Complaint includes specific allegations of actions undertaken by the Defendants to fraudulently conceal their illicit activities that are similar to those in the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint.  Florida alleges, for example, that Defendants agreed:

- to engage "in a conspiracy through secret discussions and meetings regarding pricing and output" and to "not publicly discuss the nature of their price-fixing agreement" (Am. Compl. ¶¶ 139(a), (b); *accord* Dkt. No. 437 at 89 (Defendants "conducted their conspiracy in secret" and agreed "among themselves not to discuss publicly, or otherwise reveal, the nature and substance of the acts and communications in furtherance of their illegal scheme"));

- to "limit the number of representatives from each Defendant attending the meetings" (Am. Compl. ¶ 139(c); *accord* Dkt. No. 437 at 89 (Defendants agreed "to limit the number of representatives from each Defendant attending the meetings"));

- "to disseminate false and pretextual reasons for the inflated prices of CRTs during the relevant period" (Am. Compl. ¶ 139(d); *accord* Dkt. No. 437 at 90 (Defendants agreed to give "false and pretextual reasons for their CRT Product price increases during the relevant period")); and

- "to eliminate references in expense reports that might reveal the existence of their unlawful meetings" (Am. Compl. ¶ 139(g); *accord* Dkt. No. 437 at 90 (Defendants agreed "among themselves to eliminate references in expense reports which might reveal the existence of their unlawful meetings")).

---

[5]  Defendants did not make this allegation against Florida's initial Complaint in their initial motion to dismiss.

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC

- 24 -

1    Because Florida's fraudulent concealment allegations are substantially similar to those

2    already deemed adequate by this Court, Florida has pled fraudulent concealment with sufficient

3    particularity.  Additionally, this Court held that allegations of fraudulent concealment, which are

4    very fact-intensive, should not be decided at the motion to dismiss stage.  (Dkt. No. 665 at 21.)

5

6        Defendants also argue that Florida must plead facts to support class action tolling.

7    Specifically, they argue that Florida must specifically identify, in its Amended Complaint, the

8    class action complaints that give rise to class action tolling.  (Mot. at 14, lines 6-7.)  This is

9    frivolous.  None of the Defendants' authorities regarding this argument have anything to do with

10   *American Pipe*, and Florida can find no support for such a pleading requirement.

11

12                                   **V.   <u>CONCLUSION</u>**

13        For the reasons stated above, Defendants' Motion should be denied.

14   Respectfully submitted this 24th day of August, 2012.

15   The State of Florida
16   PAMELA JO BONDI

17   Attorney General
18   STATE OF FLORIDA

19   <u>/s/ Nicholas J. Weilhammer</u>
     PATRICIA A. CONNERS (Trish.Conners@myfloridalegal.com)
20   R. SCOTT PALMER (Scott.Palmer@myfloridalegal.com)
     LIZABETH A. BRADY (Liz.Brady@myfloridalegal.com)
21   NICHOLAS J. WEILHAMMER (Nicholas.Weilhammer@myfloridalegal.com)
     SATU A. CORREA (Satu.Correa@myfloridalegal.com)
22   Office of the Attorney General
23   State of Florida
     PL-01, The Capitol
24   Tallahassee, FL 32399-1050
     Tel:    (850) 414-3300
25   Fax:    (850) 488-9134

26
     Attorneys for Plaintiff State of Florida
27

28

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT – STATE OF FLORIDA
Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC

- 25 -