1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 SC<br>MDL NO. 1917 |
| This Document Relates To:<br><br>Case No.  2011-CV-6205 SC<br><br>STATE OF FLORIDA,<br>OFFICE OF THE ATTORNEY GENERAL,<br>DEPARTMENT OF LEGAL AFFAIRS,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>LG ELECTRONICS, INC., et al.,<br><br>　　　　　Defendants. | **[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE STATE OF FLORIDA'S AMENDED COMPLAINT**<br><br>Judge: Hon. Samuel Conti<br><br>Special Master:  Hon. Charles A. Legge (Ret.) |

The Motion to Dismiss the State of Florida's Complaint ("Motion"), filed by Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display East, Inc.), Hitachi Asia, Ltd., Hitachi Electronic Devices (USA), Inc., Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation, Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, MT Picture Display Co., Ltd., LG Electronics, Inc., LG Electronics USA, Inc., Samsung SDI America, Inc., Samsung SDI Co., Ltd., Samsung SDI (Malaysia) SDN, BHD., Samsung SDI Mexico S.A. DE C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd., Tianjin Samsung SDI Co., Ltd., Toshiba Corporation, and Toshiba America Electronic Components, Inc. (hereinafter, "Defendants") came on for hearing before this Court.

Having considered all papers filed in support of an in opposition to said Motion, and having entertained argument of counsel, and good cause appearing, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is DENIED.

1. Florida filed its Amended Complaint on July 16, 2012, and dismissed its Sherman Act claim for damages, and its FAA claim for damages. Thus, the only issue is whether Florida's remaining state law claims under the FAA and FDUTPA are barred by the applicable statutes of limitations.

2. The expiration of the applicable statutes of limitations is not apparent from the face of the complaint, thus Defendants are precluded from raising a statutes of limitations defense in a Rule 12(b)(6) motion to dismiss. *See In re Juniper Networks, Inc. Secs. Litig.,* 542 F. Supp. 2d 1037, 1050 (N.D. Cal. 2008) (citing *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980)). In a motion to dismiss under Rule 12(b)(6), allegations of material fact are taken

Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC

as true and construed in the light most favorable to the nonmoving party. *See Cahill v. Liberty Mutual Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996).

3. Furthermore, Florida recognizes the doctrines of fraudulent concealment and *American Pipe* tolling. *See, e.g*, *Florida Department of Health & Rehabilitative Services v. S.A.P.*, 835 So. 2d 1091 (Fla. 2002) (holding fraudulent concealment can suspend the statute of limitation in a tort action); *Raie v. Cheminova, Inc*., 336 F.3d 1278, 1282 (11th Cir. 2003) ("[t]here is no dispute that *American Pipe* has been followed in Florida state courts.").

4. On December 10, 2007, a putative class of indirect purchasers that included governmental entities (including Florida) was filed in this District. *See Juetten v. Chunghwa Picture Tubes, Ltd.*, Case No. 07-cv-06225-SC (N.D. Cal. filed December 10, 2007). These claims were not amended until March 16, 2009, at which point governmental entities were removed from pending class actions in this District. (Master Dkt No. 437.) Florida's suit does not need to be identical in every respect to the class suit for the statute to be tolled. *See Tosti v. City of Los Angeles*, 754 F.2d 1485, 1489 (9th Cir. 1985). So long as the claims concern the same evidence, memories, and witnesses as the subject matter of the original class suit, so that the defendant will not be prejudiced, *American Pipe* tolling will apply. *See Maine State Retirement System v. Countrywide Financial Corp*., 2011 WL 4389689, at *16 (C.D. Cal. May 5, 2011) (citations omitted).

5. Even assuming that the statutes of limitations on Florida's claims would run, absent tolling, on November 26, 20011 (four years from the filing of the first class action complaint), Florida's governmental claims were tolled under *American Pipe* for an additional 15 months.

6. Thus, Florida's action, filed on December 9, 2011, was timely.

IT IS SO ORDERED.

Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC

1
2  DATED: _____   _____
3                                    Hon. Charles A. Legge
                                     United States District Judge (Ret.)
4                                    Special Master
5
6  DATED: _____   _____
7                                    Hon. Samuel Conti
                                     United States District Judge
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Master File No. 07-cv-5944 SC;
Case No. 2011-cv-6205 SC