Case 4:07-cv-05944-JST   Document 1283   Filed 08/27/12   Page 1 of 5
Case3:07-cv-05944-SC   Document1280   Filed07/30/12   Page1 of 5
Case3:07-cv-05944-SC   Document1252-2   Filed07/06/12   Page1 of 16

Guido Saveri (22349) guido@saveri.com
R. Alexander Saveri (173102) rick@saveri.com
Geoff Rushing (126910) grushing@saveri.com
Cadio Zirpoli (179108) cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

Interim Lead Counsel for the Direct Purchaser Plaintiffs

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-SC |
| | MDL No. 1917 |
| This Document Relates to: ALL DIRECT PURCHASER ACTIONS | [PROPOSED] ORDER GRANTING CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH PANASONIC |

Case 4:07-cv-05944-JST Document 1283 Filed 08/27/12 Page 2 of 5
Case 3:07-cv-05944-SC Document 1280 Filed 07/30/12 Page 2 of 5
Case3:07-cv-05944-SC Document1252-2 Filed07/06/12 Page2 of 16

On July 6, 2012, Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement with Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd., (collectively, "Panasonic"). The Court, having reviewed the motion, the settlement agreement, the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that the motion should be GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the settlement agreement.

2. The Court hereby gives its preliminary approval to the settlement agreement, subject to a hearing on the final approval of the settlement agreement (the "Fairness Hearing").

3. The Court finds that the settlement falls within the range of possible final approval and that there is a sufficient basis for notifying the class of the proposed settlement and for setting a Fairness Hearing.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court provisionally certifies the following classes for settlement purposes only:

> All persons and entities who, between March 1, 1995 and November 25, 2007, directly purchased a CRT Product in the United States from any defendant or subsidiary or affiliate thereof, or any co-conspirator. Excluded from the Class are defendants, their parent companies, subsidiaries and affiliates, any co-conspirator, all governmental entities, and any judges or justices assigned to hear any aspect of this action.

5. CRT Products refers to all forms of Cathode Ray Tubes. It includes CPTs, CDTs and the finished products that contain them – televisions and monitors. The Class definition as set forth above and as used in this order is for settlement purposes only. It has no binding effect on the Court or on the Non-Settling Defendants for any other purpose.

6. The Court further provisionally finds that the prerequisites to a class action under Rule 23 are satisfied for settlement purposes in that: (a) there are hundreds of geographically dispersed class members, making joinder of all members impracticable; (b) there are questions of

Case 4:07-cv-05944-JST Document 1383 Filed 08/27/12 Page 3 of 5
Case 3:07-cv-05944-SC Document 1280 Filed 07/30/12 Page 3 of 5
Case3:07-cv-05944-SC Document1252-2 Filed07/06/12 Page3 of 16

1  law and fact common to the class which predominate over individual issues; (c) the claims or
2  defenses of the class plaintiffs are typical of the claims or defenses of the class; (d) the plaintiffs
3  will fairly and adequately protect the interests of the class, and have retained counsel experienced
4  in antitrust class action litigation who have, and will continue to, adequately represent the class;
5  and (e) a class action is superior to individual actions. Settling defendants will not be bound by
6  the class definition for any purpose other than this specific settlement with the direct purchaser
7  class.

8  7. The Court hereby appoints the Plaintiffs named in the Consolidated Amended
9  Complaint, filed March 16, 2009, as Representative Plaintiffs of the Settlement Class.

10  8. The court appoints the law firm of Saveri & Saveri, Inc. to serve as Class Counsel
11  for the Settlement Class.

12  9. The Court approves the form of the long form notice attached hereto as Exhibit A
13  ("Long Form Notice"). The Court also approves the form of the summary notice attached hereto as
14  Exhibit B ("Summary Notice"). The Court finds that taken together, mailing of the Long Form
15  Notice (U.S Mail or electronic mail), publication of the Summary Notice, and internet posting of
16  the Long Form Notice are: (i) the best notice practicable; (ii) reasonably calculated, under the
17  circumstances, to apprise the settlement class members of the proposed settlement and of their right
18  to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and
19  constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet
20  all applicable requirements of due process and any other applicable requirements under federal law.

21  10. Plaintiffs' claims administrator shall provide notice of the class settlement. The
22  claims administrator shall provide direct notice of the settlement to all members of the class on or
23  before a date set 14 days from the entry of this Order. Such notice shall be sent either by first class
24  U.S. mail postage prepaid or by electronic mail. The claims administrator shall publish the
25  Summary Notice in the national edition of the *Wall Street Journal* on or before a date set 18 days
26  from the entry of this Order. The Claims Administrator shall also cause a copy of the class notices
27  and Settlement Agreement to be posted on the internet website
28  www.crtdirectpurchaserantitrustsettlement.com.

[PROPOSED] ORDER GRANTING CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS  2
ACTION SETTLEMENT WITH PANASONIC – 07-CV-5944-SC

Case 4:07-cv-05944-JST    Document 1383    Filed 08/27/12    Page 4 of 5
Case 3:07-cv-05944-SC    Document 1280    Filed 07/30/12    Page 4 of 5
Case 3:07-cv-05944-SC    Document 1252-2    Filed 07/06/12    Page 4 of 16

11. Each class member shall have the right to be excluded from the settlement class by mailing a request for exclusion to the Claims Administrator no later than a date set, at least forty-five (45) days after mailing of the direct notice. Requests for exclusion must be in writing and set forth the name and address of the person or entity who wishes to be excluded, as well as all trade names or business names and addresses used by such person or entity, and must be signed by the class member seeking exclusion. No later than fourteen (14) days after the date set for exclusions, Class Counsel shall file with the Court a list of all persons or entities who have timely requested exclusion from the settlement classes as provided in the settlement agreements. Settling defendants retain all of their legal rights to assert any defense, including lack of federal antitrust standing, against any opt out plaintiff or other person not participating in the settlement.

12. Any class member who does not properly and timely request exclusion from the settlement class as provided above shall, upon final approval of the settlement, be bound by the terms and provisions of the settlement so approved, including but not limited to the releases, waivers, and covenants described in the agreement, whether or not such person or entity objected to the settlement agreement and whether or not such person or entity makes a claim upon the settlement funds.

13. Each class member who has not timely excluded itself from the settlement shall have the right to object to (1) the settlement, and/or (2) the plan of allocation by filing written objections with the Court no later than a date set at least forty-five (45) days after mailing direct notice, copies of which shall be served on all counsel listed in the class notice. Failure to timely file and serve written objections will preclude a class member from objecting to the settlement.

14. Each class member as provided above shall have the right to appear at the Fairness Hearing by filing a Notice of Intention to Appear no later than a date set at least forty-five (45) days after mailing direct notice, copies of which shall be served on all counsel listed in the class notice.

15. The Court will conduct a Fairness Hearing on a date set at least 110 days from the entry of this Order at 10:00 a.m. The Fairness Hearing will be conducted to determine the following:

[PROPOSED] ORDER GRANTING CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH PANASONIC – 07-CV-5944-SC      3

Case 4:07-cv-05944-JST   Document 1383   Filed 08/27/12   Page 5 of 5
Case 3:07-cv-05944-SC   Document 1280   Filed 07/30/12   Page 5 of 5
Case3:07-cv-05944-SC Document1252-2 Filed07/06/12 Page5 of 16

|    |    |                                                                                                   |
|----|----|---------------------------------------------------------------------------------------------------|
| 1  | a. | Whether the proposed settlement is fair, reasonable, and adequate and should be granted final approval; |
| 3  | b. | Whether final judgment should be entered dismissing the claims of the class against defendants Panasonic and BMCC; |
| 5  | c. | Approval of the plan of allocation;                                                               |
| 6  | e. | Such other matters as the Court may deem appropriate.                                             |

16. Each member of the Settlement Class shall retain all rights and causes of action with respect to claims against all Defendants other than Panasonic and Beijing Matsushita Color CRT Co., Ltd. ("BMCC"), regardless of whether such member of the Settlement Class decides to remain in the Settlement Class or to exclude itself from the Settlement Class.

17. All briefs, memoranda and papers in support of final approval of the settlement shall be filed no later than twenty-one (21) days before the Fairness Hearing.

18. Plaintiffs' Counsel and their designees are authorized to expend funds from the escrow accounts to pay taxes, tax expenses, notice, and administration costs as set forth in each of the Settlement Agreement.

19. All further direct purchaser class proceedings as to Defendants Panasonic and BMCC are hereby stayed except for any actions required to effectuate the settlement.

20. The court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the settlement.

Dated: July 30, 2012

_____
Hon. Charles A. Legge (Ret.)
Special Master

REVIEWED AND [APPROVED ~~OR MODIFIED~~]

Dated: Aug. 27, 2012

_____
Hon. Samuel Conti
United States District Judge

[PROPOSED] ORDER GRANTING CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS    4
ACTION SETTLEMENT WITH PANASONIC – 07-CV-5944-SC