# EXHIBIT A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| ~~Plaintiff~~ | ) | |
|---|---|---|
| ~~v.~~ | ) | Civil Action No. |
| In re Ex Parte Application of Sharp Corporation for Order Pursuant to 28 U.S.C 1782 | ) ) ) | (If the action is pending in another district, state where: |
| ~~Defendant~~ | ) | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Saveri & Saveri, Inc.
     706 Sansome Street, San Francisco, CA 94111

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Bingham McCutchen LLP<br>Three Embarcadero Center<br>San Francisco, CA 94111 | Date and Time:<br>08/23/2012 11:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

                    *CLERK OF COURT*
                                            OR

_____        _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____Petitioner_____
Sharp Corporation , who issues or requests this subpoena, are:

Colin West, Bingham McCuthchen LLP, Three Embarcadero Center, San Francisco, CA 94111-4067,
colin.west@bingham.com, telephone 415-393-2000

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

Case 4:07-cv-05944-JST   Document 1338-1   Filed 09/05/12   Page 4 of 6

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
     **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**SCHEDULE A**
**DEFINITIONS AND INSTRUCTIONS**

A. This Request for the Production of Documents (the "Request" or "Requests") incorporates all provisions, definitions and rules of construction set forth in Rule 45 of the Federal Rules of Civil Procedure ("Rule 45").

B. The following definitions apply to all of Sharp's Requests:

   1. The term "Saveri & Saveri" means the law firm of Saveri & Saveri, Inc. and any employees thereof.

   2. The term "You" or "Your" means Saveri & Saveri.

   3. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and shall mean any and all information in tangible or other form, whether printed, typed, recorded, computerized, filmed, reproduced by any process, or written or produced by hand, and whether an original, draft, master, duplicate or copy, or notated version thereof, that is in YOUR possession, custody, or control. A draft or non-identical copy is a separate document within the meaning of this term.

   4. "Person" is defined as any natural person or any business, legal, or governmental entity or association.

   5. "Direct Purchaser Action" shall mean *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, Case 3:07-cv-05944 SC (N.D. Cal.).

   6. "Discovery Material" shall mean all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

   7. "Stipulated Protective Order" shall mean the Stipulated Protective Order (Doc. No. 306) in Case No. 3:07-cv-05944-SC (N.D. Cal.), filed June 18, 2008.

   8. "Stipulation and Order Regarding ESI Production" shall mean the Stipulation and Order Regarding the Production of Electronically Stored Information (Doc. No. 828) in Case No. 3:07-cv-05944-SC (N.D. Cal.), filed December 16, 2010.

C. The following rules of construction shall apply to all of Sharp's discovery requests:

   1. The terms "all" and "each" shall be constructed as all and each.

   2. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

        3.       The use of the singular form of any word shall include within its meaning the plural form of the word, and vice versa.

        4.       The use of any tense of any verb shall include also within its meaning all other tenses of the verb so used.

D.     Where an objection is made to any document request, or sub-part thereof, under Fed. R. Civ. P. 34, state with specificity all grounds for the objection. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, will be waived.

E.     Where a claim of privilege or work product is asserted in objecting to a document request, or sub-part thereof, and an answer is not provided on the basis of such assertion, the attorney or party asserting the privilege shall in the objection to the interrogatory or document request, or sub-part thereof, identify the nature of the privilege being claimed; and provide the following information, unless divulgence of the information would cause disclosure of the allegedly privileged information:

        1.       For documents:

                (a)     the type of document;

                (b)     general subject matter of the document;

                (c)     the date of the document; and

                (d)     such other information as is sufficient to identify the document for a subpoena duces tecum, including the author of the document, each addressee of the document, and the relationship of the author to the addressee.

F.     If any requested document is subject to the Stipulated Protective Order, Sharp agrees it will comply with the terms of the Stipulated Protective Order or an order to be entered in the Korean Litigation on terms that are consistent with the goal of protecting the confidentiality interests of the relevant/affected parties.

G.     Electronically stored information shall be produced in a form and format compliant with and consistent with the Stipulation and Order Regarding ESI Production applicable to the Direct Purchaser Action.

## DOCUMENTS REQUESTED

1. Any and all Discovery Material obtained during or as a result of discovery in the Direct Purchaser Action relating to cathode ray tubes, including but not limited to color picture tubes.