# EXHIBIT C

| | |
|---|---|
| 1 | Guido Saveri (22349) |
| | guido@saveri.com |
| 2 | R. Alexander Saveri (173102) |
| | rick@saveri.com |
| 3 | Geoffrey C. Rushing (126910) |
| | grushing@saveri.com |
| 4 | Cadio Zirpoli (179108) |
| | cadio@saveri.com |
| 5 | SAVERI & SAVERI, INC. |
| | 706 Sansome Street |
| 6 | San Francisco, CA 94111 |
| | Telephone: (415) 217-6810 |
| 7 | Facsimile: (415) 217-6813 |
| 8 | *Interim Lead Counsel for the Direct Purchaser Plaintiffs* |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944 SC |
| | MDL No. 1917 |
| This Documents Relates To: | **OBJECTIONS TO SHARP SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** |
| In re Ex Parte Application of Sharp Corporation Order Pursuant to 28 U.S.C. 1782 | |

Pursuant to Federal Rules of Civil Procedure 26 and 45, the Local Rules of the United States District Court for the Northern District of California, and the Court's Orders, Saveri & Saveri, Inc. ("Saveri"), hereby objects to the Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of Premises in a Civil Action ("Subpoena"):

## PRELIMINARY STATEMENT

Saveri herein identifies its objections and other concerns regarding the Subpoena based on its current understanding of the various subject matters identified in the Subpoena. Saveri reserves the right to assert further objections, if appropriate, as and to the extent those subject matters are later illuminated and clarified. Saveri further reserves the right to assert additional objections in light of subsequently discovered information or documents.

The making of any specific objection to a definition or request is neither intended as, nor shall in any way be deemed, a waiver of any Preliminary Objection or of any other specific objection made herein or that may be asserted at a later date.

## GENERAL OBJECTIONS

1. Saveri objects to the Subpoena and Definitions and Instructions and Documents Requested to the extent that each purports to impose obligations different than or in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, or the Court's Orders, including without limitation the Court's Stay Orders and Stipulated Protective Order in this case.

2. Saveri objects to the Subpoena and Definitions and Instructions and Documents Requested to the extent that each is vague and ambiguous.

3. Saveri objects to the Subpoena and Definitions and Instructions and Documents Requested to the extent that Sharp fails to describe the information sought with reasonable particularity.

4. Saveri objects to the Subpoena to the extent that they call for information not known or reasonably available to it. Saveri further objects to the Subpoena to the extent that it calls for information that is not in the possession, custody or control of Saveri. Saveri further objects to the

Subpoena to the extent that it calls for information in the possession, custody or control of the Defendants, or that is equally or more readily available to Sharp from third parties or otherwise.

5. To the extent any definition may be construed as requiring Saveri to characterize documents or their contents or to speculate as to what documents may or may not show, Saveri objects to such definitions as vague, ambiguous and calling for legal conclusions and speculation.

6. Saveri objects the Subpoena to the extent that it seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

7. Saveri objects the Subpoena to the extent that it calls for the disclosure of privileged or immune information, including, without limitation, information subject to the attorney-client privilege, common-interest privilege, work product doctrine, joint defense privilege, and/or any other privilege or immunity from discovery. Any disclosure of privileged or protected documents, materials, or information is inadvertent and not intended to waive those privileges or protections.

8. Saveri objects to the subpoena on the grounds that it seeks documents not relevant to the Korean litigation.

## OBJECTIONS TO DOCUMENT REQUESTS

**Document Request 1:**

Any and all Discovery Material obtained during or as a result of discovery in the Direct Purchaser Action relating to cathode ray tubes, including but not limited to color picture tubes.

**Objection to Document Request 1:**

Saveri incorporates by this reference as though fully set forth the foregoing General Objections.

Saveri objects to the Subpoena on the grounds that it is unduly burdensome. The subpoena seeks and massive amount of material which will take an enormous amount of time, money and effort to produce. Moreover, Sharp has failed take reasonable steps to avoid imposing undue burden or expense on Saveri in violation of Federal Rule of Civil Procedure 45(c)(1). Indeed, all of the materials Sharp seeks are in the possession of other parties to the litigation in which Sharp seeks to use them. Sharp has purposely sought their production from a third party in order to circumvent and avoid the requirements of 28 U.S.C. 1782 and Korean law. In these circumstances,

Saveri should not be made a party to this dispute, or be subject to any burden whatsoever in connection with discovery in the Korean action.

Saveri objects to the Subpoena on the grounds that it is overbroad, in that it seeks more than five million pages of documents produced by more than a two dozen corporate defendant families and third parties, without articulating any limiting principal on its request. A vast quantity of these materials would appear to be irrelevant to the Korean action.

Saveri further objects to the subpoena on the grounds that it is inconsistent with the goals of 28 U.S.C. § 1782, which seeks to provide "efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Schmitz v. Bernstein Liebhard & Lifschitz, LLP*, 376 F.3d 79, 82 (2d Cir. 2004). Sharp's attempt to circumvent Korean discovery laws would in no way "assist" the Korean court, nor would it set an appropriate example. Saveri objects to the Subpoena to the extent it seeks information the disclosure of which is prohibited by law, regulation, court order, or other authority of the foreign jurisdiction in which the documents or information are located, and/or to the extent that Sharp's definitions seek discovery in contravention of principles of public policy or international comity.

Saveri further objects to the Subpoena on the grounds that it is an improper attempt to subvert Korean rules governing discovery. The Korean court is in the best position to determine what discovery is appropriate under its own rules, and is the more appropriate channel for Sharp to direct its discovery requests.

Saveri further objects to the Subpoena on the grounds of comity, as Sharp's requested discovery would improperly interfere with the Korean Court's ability to govern its own proceedings.

Saveri further objects the Subpoena to the extent that it calls for the disclosure of information that would violate the legitimate privacy rights and expectations of the Plaintiffs and/or Defendants' and/or Third Parties current or former employees, directors, officers, affiliates or subsidiaries, both current and former, or other individuals, to the extent that such privacy rights or expectations are protected by law, contract, or public policy.

Saveri further objects the Subpoena to the extent that it seeks confidential, proprietary, or trade secret information. Saveri further objects to the Subpoena to the extent it seeks information protected from disclosure by reason of agreements with third parties.

Saveri further objects to the subpoena on the grounds that it seeks disclosure of confidential financial, commercial, strategic or proprietary information, and does not provide for adequate protection against further disclosure.

Saveri further objects to the subpoena on the ground that it is unduly burdensome to the extent it purports to impose a continuing obligation to produce documents or other materials Saveri may obtain in the future.

Saveri further objects to the Subpoena to the extent that it calls for the disclosure of privileged or immune information, including, without limitation, information subject to the attorney-client privilege, common-interest privilege, work product doctrine, joint defense privilege, and/or any other privilege or immunity from discovery. Any disclosure of privileged or protected documents, materials, or information is inadvertent and not intended to waive those privileges or protections.

Saveri further objects to the Subpoena to the extent that it seeks information that is neither relevant to any claims or defenses in the Korean Action nor reasonably calculated to lead to the discovery of admissible evidence.

Saveri further objects on the grounds that production of deposition transcripts to Sharp would violate California Code of Civil Procedure §§ 2025.510 - 2025.570.

Saveri further objects to the subpoena on the grounds that Sharp is not entitled to receive all Discovery Material in this litigation, as receipt of these materials would violate federal law, attorney client privilege, and the Stipulated Protective Order.

///
///
///

1  Saveri incorporates by this reference all of the grounds for quashing the Subpoena set forth in the
2  Defendants' motion to quash.

5  DATED: August 22, 2012                By:    _R. Alexander Saveri_
6                                               SAVERI & SAVERI, INC.
                                                 R. Alexander Saveri
7                                               Geoffrey C. Rushing
                                                 Cadio Zirpoli
8                                               706 Sansome Street
                                                 San Francisco, CA 94111
9                                               Telephone:   (415) 217-6810
                                                 Facsimile:   (415) 217-6813
10
                                                *Interim Lead Counsel for the Direct*
11                                              *Purchaser Plaintiffs*

13  Crt.564


# PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to the within action. My business address is 706 Sansome Street, San Francisco, California 94111.

On August 22, 2012, I caused to be served a true and correct copy of the following documents:

**OBJECTION TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION.**

by electronic mail to:

Colin West
Colin.west@bingham.com
*Bingham McCuthchen LLP*
Three Embarcadero Center
San Francisco, CA 94111

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 22nd day of August, 2012.

Erica Schwartz

PROOF OF SERVICE
Master File No. 07-5944 SC