PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
TELEPHONE (202) 223-7300

WASHINGTON, DC 20006-1047

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 3601, FORTUNE PLAZA OFFICE TOWER A
NO. 7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
202-223-7356

WRITER'S DIRECT FACSIMILE
202-204-7356

WRITER'S DIRECT E-MAIL ADDRESS
kgallo@paulweiss.com

September 5, 2012

Hon. Charles A. Legge
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, CA 94111

RE: *In re: Cathode Ray Tube (CRT) Antitrust Litigation*
Master File No. 07-5944 SC; MDL No. 1917
Case No. CV-12-80151 MISC
Motion to Compel Saveri & Saveri, Inc. to Comply with Subpoena

Your Honor:

   Sharp Corporation ("Sharp") respectfully requests that the Court compel Saveri & Saveri, Inc. ("Saveri") to produce certain documents and deposition transcripts pursuant to a valid subpoena that this Court authorized under 28 U.S.C. § 1782. That subpoena seeks documents produced in the *In re Cathode Ray Tube (CRT) Antitrust Litigation¸* Master File No. 07-5944 SC, MDL No. 1917 (the "U.S. Litigation"), for use in Case No. 2010gahap21125 Claim for Damages (gi) filed in Suwon District Court (the "Korean Litigation").

   Pursuant to Fed. R. Civ. P. Rule 37(a)(1), Sharp hereby certifies that, on August 28, 2012, it met and conferred in good faith with Saveri in an effort to obtain these documents without court action.

   **I. Preliminary Statement**

   This motion arises out of Saveri's unjustified refusal to produce documents responsive to Sharp's subpoena. Saveri's objections to production fall into four general categories. Each of the objections is unfounded. First, Saveri incorporates by reference the arguments Defendants make in their Motion to Quash Sharp Subpoena ("Motion to Quash"),

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Charles A. Legge                                                                                                         2

which incorrectly asserts that Sharp is using 28 U.S.C § 1782 to circumvent Korean discovery rules.  This is not true.  As shown in Sharp's Opposition to the Motion to Quash ("Opposition"), Sharp is not making an end-run around the Korean discovery process.  The Korean Court is fully aware of Sharp's *Ex Parte* Application of Sharp Corporation For Order Pursuant To 28 U.S.C. § 1782 To Obtain Discovery For Use In A Foreign Proceeding ("1782 Application") (Case 3:12-mc-80151-SC, Dkt. No. 1) in this country and has given Sharp an opportunity to present it with evidence that Sharp obtains through the 1782 Application.

Second, Saveri's concerns about the burden associated with producing documents to Sharp are unfounded.  Sharp is only asking for Saveri to download electronic documents to a hard drive and to make other documents available for inspection and copying.  Sharp has agreed to pay the reasonable cost for these tasks.  Sharp also narrowed the scope of its subpoena in light of some specific concerns Saveri raised during the meet and confer.

Third, Saveri's claim that protected information will be disclosed if the documents are produced to Sharp is not true.  Sharp has explained in both its 1782 Application and its Opposition that all protected information will remain protected by appropriate orders both while the documents are in Sharp's custody and in Korean court.  Sharp also does not seek production of privileged information.

Finally, Saveri's remaining objections that compliance with the subpoena would invite other class members to seek discovery from it and that the subpoena should have been served on Samsung SDI are groundless.  Section 1782 is available only in narrow circumstances such as this where there are *foreign proceedings*; it is not a means for absent class members generally to obtain discovery from putative class counsel.  Saveri's concern that it will be subject to multiple requests from absent class members to produce documents is unfounded.  The underlying CRT litigation in this Court has been pending for years.  To its knowledge, Sharp is the only absent class member to file an application under Section 1782, and Saveri has not shown that any other class member is situated to do so.  Likewise, it was appropriate for Sharp to serve Saveri with the subpoena given his public declaration that he held in his custody five-million-plus pages of the relevant documents.  As such, Saveri should be ordered to comply.

## II.     Factual and Procedural Background

The relevant factual and procedural background pertaining to this Motion to Compel is set forth in Sharp's Opposition at pages 2 to 4, and is incorporated by reference herein.  Sharp's subpoena to Saveri, served on August 8, 2012, is attached hereto as Exhibit A.  Saveri's Objections, served on August 22, 2012, are attached hereto as Exhibit B.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Charles A. Legge                                                                                          3

### III.     Argument

The party serving the subpoena may at any time move for an order to compel document production. Fed. R. Civ. P. 45(c)(2)(B); *see also* Fed. R. Civ. P. 37(a). The decision whether to grant a motion to compel is within the discretion of the court. *See Kilopass Tech. Inc. v. Sidense Corp.*, No. C 10-02066 SI, 2011 WL 2470493, at *2 (N.D. Cal. June 21, 2011).

For the reasons set forth below, Saveri should be compelled to produce the documents responsive to the subpoena.

#### A.     Production of the Requested Discovery Materials by Saveri Does Not Circumvent Korean Discovery

Saveri argues that Sharp is using the Section 1782 procedure to circumvent Korean rules regarding discovery and purports to incorporate "all of the grounds for quashing the Subpoena set forth in the Defendants' motion to quash." Sharp's response to this argument is fully set forth in its Opposition at pages 6 to 8, and is incorporated by reference herein.

#### B.     Sharp's Subpoena is Not Burdensome or Overbroad

Saveri argues that Sharp's subpoena poses an undue burden because "the subpoena seeks a massive amount of material which will take an enormous amount of time, money and effort to produce," that "all of the materials Sharp seeks are in the possession of other parties to the litigation in which Sharp seeks to use them," and that it imposes a continuing obligation of production. Saveri Obj. at 2-3, 4. Saveri further complains that the subpoena was overbroad in that it sought production of five-million-plus pages "without any limiting principal on its request." Saveri Obj. at 3. Finally, Saveri objects that production of the deposition transcripts would violate certain provisions of the California Code of Civil Procedure. These objections are non-starters; Sharp has resolved Saveri's concerns.

To be clear, Sharp is not asking Saveri to review or organize any documents. For the vast bulk of the production, Sharp is simply asking Saveri to download electronic documents to a hard drive and has agreed to pay the reasonable cost of doing so. For any documents that are available only in hard copy, we only wish to review and designate certain of them for copying. Again, Sharp has agreed to pay the reasonable copying costs. In short, there is no burden being imposed on Saveri or the putative direct purchaser class.

At the August 28, 2012 meet and confer, Sharp informed Saveri that it needs to produce only those documents produced by *the defendants* in the U.S. litigation.[1] At

---

[1] This includes documents produced by any of the defendants named in the Direct Purchaser Plaintiffs' Consolidated Amended Complaint filed on March 16, 2009 (Case 3:07-cv-5944-SC, Dkt. 436).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Charles A. Legge                                                                                                  4

Saveri's request, Sharp specifically agreed to exclude any documents produced by third parties and plaintiffs.

With respect to the request for deposition transcripts, Sharp has limited its request to only those deposition transcripts of current and former employees of defendants, and any transcripts of Fed. R. Civ. P. 30(b)(6) depositions of defendants. Sharp has also agreed to pay the appropriate fees to the court reporters or reimburse Saveri for the appropriate costs of copies of the deposition transcripts.

Finally, Sharp made clear at the meet and confer that it is only seeking documents currently in Saveri's custody. It does not seek to impose an ongoing obligation to produce documents or deposition testimony going forward.

Sharp has appropriately limited the scope of its requests, and it has alleviated any financial burden that would be incurred by Saveri or the putative direct purchaser class as a result of the subpoena. Saveri's objections on this issue have been resolved.

### C. Sharp's Subpoena Will Not Result in the Disclosure of Any Protected Information

Saveri objects that the subpoena will (i) violate protected privacy rights, (ii) require the disclosure of confidential, proprietary and/or trade secret information, and/or (iii) require the disclosure of privileged and attorney work product information. Saveri Obj. at 3-4. All of these objections are baseless.

To the extent that Saveri's objections overlap with the arguments made by Defendants' in their Motion to Quash, Sharp has demonstrated that the subpoena and the order granting the subpoena envision and ensure adequate protection of confidential, proprietary and trade secret information, and Sharp hereby incorporates by reference the arguments from its Opposition at pages 8-10.

With respect to the disclosure of information protected under various unspecified privacy laws, Sharp has made clear that it will agree to the terms of the existing protective order in this case and will seek to file any documents used in Korean Court under seal through Article 163 of the Korean Civil Procedure Act. Sharp will also be able to redact personal information to the extent it was not already redacted when produced in the U.S. litigation.

As to Saveri's arguments that the production of these documents will result in the disclosure of privileged information, Sharp is not seeking the production of information that is protected by attorney-client privilege, work product doctrine, or any other reasonable privilege grounds, and so informed Saveri at the meet and confer.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Charles A. Legge                                                                                                          5

### D. Production of Documents Pursuant to the Subpoena Would Not Invite Similar Applications by Absent Class Members

At the August 28 meet and confer, Saveri also argued that compliance with the subpoena would invite all absent class members to demand access to the discovery record. That is not true. Section 1782 permits litigants to obtain discovery for use in a *foreign* proceeding; it is not a vehicle for absent class members generally to seek discovery from class representatives. Sharp has been clear from the initial filing of its application that it's intent is to obtain these materials for use in a foreign proceeding filed in 2010. Saveri has failed to demonstrate how absent class members would be able to seek discovery from the firm or to otherwise harass class counsel.

### E. Saveri is the Appropriate Recipient of the Subpoena

At the August 28 meet and confer, Saveri asserted that Sharp should have served the subpoena on Samsung SDI rather than Saveri. However, contrary to Saveri's assertion, the firm is the appropriate recipient of the subpoena. First, Saveri has custody of the documents and has issued declarations to this court to that effect. Second, at the time the 1782 Application was filed, Sharp was a member of the putative direct purchaser class, which Saveri represents. Third, as explained in part III.B, Sharp will compensate Saveri for the reasonable costs of production; no burden will be imposed on the Saveri firm or the class. Fourth, as explained in part III.D, Sharp's subpoena does not open Saveri up to requests from other class members to produce discovery. Sharp is in a unique situation in that it has pending litigation in Korea and filed its application under 28 U.S.C § 1782 to obtain documents for use in that proceeding only. Saveri is an appropriate recipient of the subpoena.

## IV. Conclusion

Saveri's Objections should be dismissed and Saveri should be ordered to comply with the subpoena.

Respectfully submitted,

*/s/ Kenneth A. Gallo*
Kenneth A. Gallo

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

cc:    All Counsel via ECF

<u>Attestation</u>:  The filer of this document attests that the concurrence of the signatories thereto have been obtained.