1
2
3
4
5
6
7
8
9
10
11
12

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV- 07-5944-SC |
| | MDL No. 1917 |
| This Document Relates to: | **[PROPOSED] ORDER GRANTING CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH LG DEFENDANTS** |
| **ALL DIRECT PURCHASER ACTIONS** | |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1      On September 6, 2012, Plaintiffs filed a Motion for Preliminary Approval of Class Action

2  Settlement with Defendants LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics

3  Taiwan Taipei Co., Ltd. , (collectively, "LG").  The Court, having reviewed the motion, the

4  settlement agreement, the pleadings and other papers on file in this action, and the statements of

5  counsel and the parties, hereby finds that the motion should be GRANTED.

6      NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

7      1.    For purposes of this Order, except as otherwise set forth herein, the Court adopts and

8  incorporates the definitions contained in the settlement agreement between Plaintiffs and LG dated

9  August 13, 2012 ("Settlement Agreement").

10      2.    The Court hereby gives its preliminary approval to the Settlement Agreement, subject

11  to a hearing on the final approval of the Settlement Agreement (the "Fairness Hearing").

12      3.    The Court finds that the settlement falls within the range of possible final approval and

13  that there is a sufficient basis for notifying the class of the proposed settlement and for setting a

14  Fairness Hearing.

15      4.    Pursuant to Federal Rule of Civil Procedure 23, the Court provisionally certifies the

16  following Settlement Class for settlement purposes only:

17          All persons and entities who, between March 1, 1995 and November 25,
              2007, directly purchased a CRT Product in the United States from any
18          defendant or any subsidiary or affiliate thereof, or any co-conspirator.
              Excluded from the Class are defendants, their parent companies,
19          subsidiaries and affiliates, any co-conspirators, all governmental entities,
              and any judges or justices assigned to hear any aspect of this action.

20

21      5.    CRT Products refers to all forms of Cathode Ray Tubes (CRTs), as well as electronic

22  devices that contain CRTs.  It includes color picture tubes (CPTs), color display tubes (CDTs) and the

23  finished products that contain CPTs and CDTs  – televisions and monitors.  The Settlement Class

24  definition as set forth above and as used in this order is for settlement purposes only.  It has no

25  binding effect on the Court or on the Non-Settling Defendants for any other purpose.

26      6.    The Court further provisionally finds that the prerequisites to a class action under Rule

27  23 are satisfied for settlement purposes in that: (a) there are hundreds of geographically dispersed

28  class members, making joinder of all members impracticable; (b) there are questions of law and fact

1    common to the class which predominate over individual issues; (c) the claims or defenses of the class

2    plaintiffs are typical of the claims or defenses of the class; (d) the plaintiffs will fairly and adequately

3    protect the interests of the class, and have retained counsel experienced in antitrust class action

4    litigation who have, and will continue to, adequately represent the class; and (e) a class action is

5    superior to individual actions.  Settling defendants will not be bound by the Settlement Class

6    definition for any purpose other than this specific settlement with the direct purchaser class.

7        7.    The Court hereby appoints the Plaintiffs named in the Consolidated Amended

8    Complaint, filed March 16, 2009, as Representative Plaintiffs of the Settlement Class.

9        8.    The court appoints the law firm of Saveri & Saveri, Inc. to serve as Class Counsel for

10    the Settlement Class.

11        9.    The Court approves the form of the long form notice attached hereto as Exhibit A

12    ("Long Form Notice").  The Court also approves the form of the summary notice attached hereto as

13    Exhibit B ("Summary Notice").  The Court finds that taken together, mailing of the Long Form

14    Notice (U.S. Mail or electronic mail), publication of the Summary Notice, and internet posting of the

15    Long Form Notice are: (i) the best notice practicable; (ii) reasonably calculated, under the

16    circumstances, to apprise the Settlement Class members of the proposed settlement and of their right

17    to object or to exclude themselves as provided in the Settlement Agreement; (iii) reasonable and

18    constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet

19    all applicable requirements of due process and any other applicable requirements under federal law.

20        10.   Plaintiffs' claims administrator shall provide notice of the settlement to Settlement

21    Class members.  The claims administrator shall provide direct notice of the settlement to all members

22    of the Settlement Class on or before a date set 14 days from the entry of this Order.  Such notice shall

23    be sent either by first class U.S. mail postage prepaid or by electronic mail.  The claims administrator

24    shall publish the Summary Notice in the national edition of the *Wall Street Journal* on or before a date

25    set 18 days from the entry of this Order.  The Claims Administrator shall also cause a copy of the

26    class notices and Settlement Agreement to be posted on the internet website

27    www.CRTDirectPurchaserAntitrustSettlement.com.

28

1       11.     Each Settlement Class member shall have the right to be excluded from the Settlement

2      Class by mailing a request for exclusion to the claims administrator no later than a date set, at least

3      forty-five (45) days after mailing of the direct notice.  Requests for exclusion must be in writing and

4      set forth the name and address of the person or entity who wishes to be excluded, as well as all trade

5      names or business names and addresses used by such person or entity, and must be signed by the

6      Settlement Class member seeking exclusion. No later than fourteen (14) days after the date set for

7      exclusions, Class Counsel shall file with the Court a list of all persons or entities who have timely

8      requested exclusion from the Settlement Class as provided in the Settlement Agreement.  Settling

9      Defendants retain all of their legal rights to assert any defense, including lack of federal antitrust

10     standing, against any opt out plaintiff or other person not participating in the settlement.

11        12.     Any Settlement Class member who does not properly and timely request exclusion

12     from the Settlement Class as provided above shall, upon final approval of the settlement, be bound by

13     the terms and provisions of the Settlement so approved, including but not limited to the releases,

14     waivers, and covenants described in the agreement, whether or not such person or entity objected to

15     the settlement agreement and whether or not such person or entity makes a claim upon the settlement

16     funds.

17        13.     Each Settlement Class member who has not timely excluded itself from the settlement

18     shall have the right to object to (1) the settlement, and/or (2) the plan of allocation by filing written

19     objections with the Court no later than a date set at least forty-five (45) days after mailing direct

20     notice, copies of which shall be served on all counsel listed in the class notice.  Failure to timely file

21     and serve written objections will preclude a class member from objecting to the settlement.

22        14.     Each class member as provided above shall have the right to appear at the Fairness

23     Hearing by filing a Notice of Intention to Appear no later than a date set at least forty-five (45) days

24     after mailing direct notice, copies of which shall be served on all counsel listed in the class notice.

25        15.     The Court will conduct a Fairness Hearing on a date set at least 120 days from the

26     entry of this Order at 10:00 a.m.  The Fairness Hearing will be conducted to determine the following:

27           a.     Whether the proposed settlement is fair, reasonable, and adequate and should
                   be granted final approval;

28

b. Whether final judgment should be entered dismissing the claims of the class against LG;

c. Approval of the plan of allocation;

e. Such other matters as the Court may deem appropriate.

16. Each member of the Settlement Class shall retain all rights and causes of action with respect to claims against all Defendants other than LG and the entities defined as "LG Releasees" in the Settlement Agreement, regardless of whether such member of the Settlement Class decides to remain in the Settlement Class or to exclude itself from the Settlement Class.

17. All briefs, memoranda and papers in support of final approval of the settlement shall be filed no later than twenty-one (21) days before the Fairness Hearing.

18. Plaintiffs' Counsel and their designees are authorized to expend funds from the escrow accounts to pay taxes, tax expenses, notice, and administration costs as set forth in each of the Settlement Agreement.

19. All further direct purchaser class proceedings as to LG are hereby stayed except for any actions required to effectuate the settlement.

20. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the settlement.

Dated:_____

_____
Hon. Charles A. Legge (Ret.)
Special Master

REVIEWED AND [APPROVED OR MODIFIED]

Dated: _____

_____
Hon. Samuel Conti
United States District Judge

crt.567

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If You Bought A Cathode Ray Tube Product,

## A Class Action Settlement May Affect You.

Cathode Ray Tube (CRT) Products include Cathode Ray Tubes and finished products that contain a Cathode Ray Tube such as Televisions and Computer Monitors.

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- A class action lawsuit that includes direct purchasers of CRT Products is currently pending.

- Plaintiffs claim that Defendants (listed below) and co-conspirators engaged in an unlawful conspiracy to fix, raise, maintain or stabilize the prices of Cathode Ray Tubes. Plaintiffs further claim that direct purchasers of televisions and monitors that contain a cathode ray tube from the Defendants may recover for the effect that the cathode ray tube conspiracy had on the prices of televisions and monitors.  Plaintiffs allege that, as a result of the unlawful conspiracy involving cathode ray tubes, they and other direct purchasers paid more for CRT Products than they would have paid absent the conspiracy. Defendants deny Plaintiffs' claims.

- A Settlement has been reached with LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Taiwan Taipei Co., Ltd. The companies are together referred to as the "Settling Defendants."

- Your legal rights will be affected whether you act or don't act.  This Notice includes information on the Settlement and the continuing lawsuit. Please read the entire Notice carefully.

### These Rights and Options – and deadlines to exercise them – are explained in this notice.

| | |
|---|---|
| You can object or comment on the Settlement | *see* Question 10 |
| You may exclude yourself from the Settlement | *see* Question 10 |
| You may go to a hearing and comment on the Settlement | *see* Question 14 |

- The Court in charge of this case still has to decide whether to approve the Settlement. The case against the Non-Settling Defendants (identified below) continues.

# WHAT THIS NOTICE CONTAINS

**Basic Information** ..................................................................................................... Page 3

    1.  Why did I get this notice?

    2.  Who are the Defendant companies?

    3.  What is this lawsuit about?

    4.  Why is there a Settlement but the litigation is continuing?

    5.  What is a Cathode Ray Tube Product?

    6.  What is a class action?

**The Settlement Class** ............................................................................................. Page 4

    7.  How do I know if I'm part of the Settlement Class?

    8.  What does the Settlement provide?

    9.  When can I get a payment?

    10.  What are my rights in the Settlement Class?

    11.  What am I giving up to stay in the Settlement Class?

**The Settlement Approval Hearing** ......................................................................... Page 7

    12.  When and where will the Court decide whether to approve the Settlement?

    13.  Do I have to come to the hearing?

    14.  May I speak at the hearing?

**The Lawyers Representing You** .............................................................................. Page 8

    15.  Do I have a lawyer in the case?

    16.  How will the lawyers be paid?

**Getting More Information** ....................................................................................... Page 8

    17.  How do I get more information?

# BASIC INFORMATION

## 1.     Why did I get this notice?

You or your company may have directly purchased Cathode Ray Tubes (CRTs) or certain products containing those tubes between March 1, 1995 and November 25, 2007.  A direct purchaser is a person or business who bought a CRT, or a television or computer monitor containing a CRT directly from one or more of the Defendants, co-conspirators, affiliates, or subsidiaries themselves, as opposed to an intermediary (such as a retail store).

You have the right to know about the litigation and about your legal rights and options before the Court decides whether to approve the Settlement.

The notice explains the litigation, the settlement, and your legal rights.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is called *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917. The people who sued are called Plaintiffs and the companies they sued are called Defendants.

## 2.     Who are the Defendant companies?

The Defendant companies include: LG Electronics, Inc., LG Electronics U.S.A., Inc., LG Electronics Taiwan Taipei Co., Ltd., Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation, Philips Electronics Industries (Taiwan), Ltd., Philips da Amazonia Industria Electronica Ltda., LP Displays International, Ltd. f/k/a LG.Philips Displays, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung SDI Co. Ltd., Samsung SDI America, Inc.,  Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co. Ltd., Tianjin Samsung SDI Co. Ltd., Samsung SDI Malaysia Sdn. Bhd., Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, LLC., Toshiba America Information Systems, Inc., Toshiba America Electronics Components, Inc., Panasonic Corporation f/k/a Matsushita Electric Industrial, Ltd., Panasonic Corporation of North America, MT Picture Display Co., Ltd., Beijing-Matsushita Color CRT Company, Ltd. (BMCC), Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi Electronic Devices (USA), Inc., Hitachi America, Ltd., Hitachi Asia, Ltd., Tatung Company of America, Inc., Chunghwa Picture Tubes Ltd., Chunghwa Picture Tubes (Malaysia) Sdn. Bhd., IRICO Group Corporation, IRICO Display Devices Co., Ltd., IRICO Group Electronics Co., Ltd., Thai CRT Company, Ltd., Daewoo Electronics Corporation f/k/a Daewoo Electronics Company, Ltd., Daewoo International Corporation, Irico Group Corporation, Irico Group Electronics Co., Ltd., and Irico Display Devices Co., Ltd.

**3.      What is this lawsuit about?**

The lawsuit alleges that Defendants and co-conspirators conspired to raise and fix the prices of CRTs and the CRTs contained in certain finished products for over ten years, resulting in overcharges to direct purchasers of those CRTs and certain finished products containing CRTs. The complaint describes how the Defendants and co-conspirators allegedly violated the U.S. antitrust laws by establishing a global cartel that set artificially high prices for, and restricted the supply of CRTs and the televisions and monitors that contained them.   Defendants deny Plaintiffs' allegations.  The Court has not decided who is right.

**4.      Why is there a Settlement but the litigation is continuing?**

Only some of the Defendants have agreed to settle the lawsuit.  This notice concerns a settlement with LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics Taiwan Taipei Co., Ltd. (This settlement also releases LP Displays International, Ltd. f/k/a LG.Philips Displays.) Plaintiffs have also reached three previous settlements with 1) Chunghwa Picture Tubes Ltd., and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.,  2) Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation, Philips Electronics Industries (Taiwan), Ltd., and Philips da Amazonia Industria Electronica Ltda. and 3) Panasonic Corporation (f/k/a Matsushita Electric Industrial, Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd. (this settlement also releases Beijing-Matsushita Color CRT Company, Ltd.) which are awaiting final approval from the Court.  The case is continuing against the remaining Non-Settling Defendants.  Additional money may become available in the future as a result of a trial or future settlements, but there is no guarantee that this will happen.

**5.      What is a Cathode Ray Tube Product?**

For the purposes of the Settlement, Cathode Ray Tube Products means Cathode Ray Tubes of any type (e.g. color display tubes, color picture tubes and monochrome display tubes) and finished products which contain Cathode Ray Tubes, such as Televisions and Computer Monitors.

**6.      What is a class action?**

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims.  All these people are members of the class, except for those who exclude themselves from the class.

If the Plaintiffs obtain money or benefits as a result of a trial or future settlement, you will be notified about those settlements, if any, at that time. Important information about the case will be posted on the website, **www.CRTDirectPurchaserAntitrustSettlement.com** as it becomes available. Please check the website to be kept informed about any future developments.

## THE SETTLEMENT CLASS

**7.     How do I know if I'm part of the Settlement Class?**

The Settlement Class includes:

All persons and entities who, between March 1, 1995 and November 25, 2007, directly purchased a CRT Product in the United States from any defendant or subsidiary or affiliate thereof, or any co-conspirator. ("Settlement Class").

**8.     What does the Settlement provide?**

This Settlement provides for a payment in the amount of $25,000,000 in cash to the Settlement Class. The Settling Defendants also agreed to cooperate with the Plaintiffs in providing certain information about the allegations in the complaint. In addition, the Settling Defendants' sales remain in the case for the purpose of computing damages against the remaining non-settling Defendants.

More details are in the Settlement Agreement, available at
**www.CRTDirectPurchaserAntitrustSettlement.com.**

**9.     When can I get a payment?**

No money will be distributed to any Class Member yet. The lawyers will pursue the lawsuit against the Non-Settling Defendants to see if any future settlements or judgments can be obtained in the case and then be distributed together, to reduce expenses.

Any future distribution of the Settlement Funds will be done on a *pro rata* basis. You will be notified in the future when and where to send a claim form. DO NOT SEND ANY CLAIMS NOW.

In the future, each class member's *pro rata* share of the Settlement Fund will be determined by computing each valid claimant's total CRT Product purchases divided by the total valid CRT Product purchases claimed. This percentage is multiplied to the Net Settlement Fund (total settlements minus all costs, attorneys' fees, and expenses) to determine each claimant's *pro rata* share of the Settlement Fund. To determine your CRT Product purchases, CRT tubes (CPTs and CDTs) are calculated at full value while CRT televisions are valued at 50% and CRT computer monitors are valued at 75%.

In summary, all valid claimants will share in the settlement funds on a *pro rata* basis determined by the CRT value of the product you purchased - tubes 100%, monitors 75% and televisions 50%.

**10.     What are my rights with regard to the Settlement Class?**

**Remain in the Settlement Class**: If you wish to remain a member of the Settlement Class you do not need to take any action at this time.

**Get out of the Settlement Class**: If you wish to keep any of your rights to sue the Settling Defendants about the claims in this case, you must exclude yourself from the Settlement Class. You will not get any money from the settlement if you exclude yourself from the Settlement Class.

To exclude yourself from the Settlement Class, you must send a letter that includes the following:
- Your name, address and telephone number,
- A statement saying that you want to be excluded from *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, LG Settlement; and
- Your signature.

You must mail your exclusion request, postmarked no later than _____, **2012**, to:

CRT Direct Settlement
P.O. Box 808003
Petaluma, CA 94975

**Remain in the Settlement Class and Object**: If you have comments about, or disagree with, any aspect of the Settlement, you may express your views to the Court by writing to the address below. The written response needs to include your name, address, telephone number, the case name and number (*In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917), a brief explanation of your reasons for objection, and your signature. The response must be postmarked no later than _____, **2012** and mailed to:

| COURT | INTERIM LEAD COUNSEL | COUNSEL FOR SETTLING DEFENDANTS |
|---|---|---|
| Honorable Charles A. Legge (Ret.)<br>JAMS<br>Two Embarcadero, Suite 1500<br>San Francisco, CA 94111 | Guido Saveri<br>R. Alexander Saveri<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA 94111 | Douglas L. Wald<br>Wilson D. Mudge<br>Yong Sang Kim<br>ARNOLD & PORTER LLP<br>555 Twelfth Street, NW<br>Washington, DC 20004 |

**11.     What am I giving up to stay in the Settlement Class?**

Unless you exclude yourself from the Settlement Class, you can't sue the Settling Defendants (or any of the related entities that are released in the Settlement Agreement), or be part of any other lawsuit against these Settling Defendants about the legal issues in this case. It also means that all of the decisions by the Court will bind you. The "Release of Claims" includes any causes of actions asserted or that could have been asserted in the lawsuit, as described more fully in the Settlement Agreement. The Settlement Agreement is available at **www.CRTDirectPurchaserAntitrustSettlement.com.**

**THE SETTLEMENT APPROVAL HEARING**

**12.     When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing at _____ on _____**2012**, at JAMS, Two Embarcadero, Suite 1500, San Francisco, CA 94111. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the class website for information. At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. If there are objections or comments, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

**13.     Do I have to come to the hearing?**

No. Interim Lead Counsel will answer any questions the Court may have, but you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

**14.     May I speak at the hearing?**

If you want your own lawyer instead of Interim Lead Counsel to speak at the Final Approval Hearing, you must give the Court a paper that is called a "Notice of Appearance." The Notice of Appearance should include the name and number of the lawsuit (*In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917), and state that you wish to enter an appearance at the Fairness Hearing. It also must include your name, address, telephone number, and signature. Your "Notice of Appearance" must be postmarked no later than _____, **2012**. You cannot speak at Hearing if you previously asked to be excluded from the Settlement.

**For More Information: Call 1-877-224-3063 or Visit**
**www.CRTDirectPurchaserAntitrustSettlement.com**
7

The Notice of Appearance must be sent to the addresses listed in Question 10.

## THE LAWYERS REPRESENTING YOU

**15.      Do I have a lawyer in the case?**

Yes. The Court has appointed the law firm of Saveri & Saveri, Inc. to represent you as "Interim Lead Counsel." You do not have to pay Interim Lead Counsel. If you want to be represented by your own lawyers, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

**16.      How will the lawyers be paid?**

Class Counsel are not asking for attorneys' fees at this time.  At a future time, Interim Lead Counsel will ask the Court for attorneys' fees not to exceed one-third (33.3%) of this or any future Settlement Fund plus reimbursement of their costs and expenses, in accordance with the provisions of the Settlement Agreement.  Interim Lead Counsel may also request that an amount be paid to each of the Class Representatives who helped the lawyers on behalf of the whole Class.

## GETTING MORE INFORMATION

**17.      How do I get more information?**

This Notice summarizes the lawsuit and the Settlement. You can get more information about the lawsuit and Settlement at **www.CRTDirectPurchaserAntitrustSettlement.com.**, by calling 1-877-224-3063, or writing to CRT Direct Settlement, P.O. Box 808003, Petaluma, CA 94975.  Please do not contact JAMS or the Court about this case.

Dated: _____, 2012                              BY ORDER OF THE COURT

# EXHIBIT B

<u>LEGAL NOTICE</u>
## If You Bought A Cathode Ray Tube ("CRT") or CRT Product, A Class Action Settlement May Affect You.

### CRT Products include Televisions or Computer Monitors that contain Cathode Ray Tubes

A settlement has been reached with a group of defendants in a class action lawsuit involving CRTs and CRT Products. This is the fourth settlement to date. CRT stands for "Cathode Ray Tube." "Cathode Ray Tube (CRT) Products" include Cathode Ray Tubes and finished products that contain a Cathode Ray Tube such as Televisions and Computer Monitors.

#### *What is this lawsuit about?*

The lawsuit alleges that Defendants and Co-Conspirators engaged in an unlawful conspiracy to fix, raise, maintain or stabilize the prices of CRTs. Plaintiffs further claim that direct purchasers of televisions and monitors that contain a cathode ray tube from the Defendants may recover for the effect that the cathode ray tube conspiracy had on the prices of televisions and monitors. Plaintiffs allege that, as result of the unlawful conspiracy, they and other direct purchasers paid more for CRT Products than they would have absent the conspiracy. Defendants deny Plaintiffs' claims.

#### *Who's included in the settlement?*

The Settlement includes all persons and entities who, between March 1, 1995 and November 25, 2007, directly purchased a CRT Product in the United States from any defendant or subsidiary or affiliate thereof. ("Settlement Class").

#### *Who are the Settling Defendants?*

A Settlement has been reached with Defendants LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Taiwan Taipei Co., Ltd. (collectively "Settling Defendants"). A complete list of Defendants is set out in the Long Form of Notice available at www.CRTDirectPurchaserAntitrustSettlement.com.

#### *What does the Settlement provide?*

The Settlement provides for the payment of $25,000,000 in cash, plus interest, to the Settlement Class. The Settling Defendants agreed to cooperate with the Plaintiffs in providing certain information about the allegations in the Complaint. Money will not be distributed to Class members at this time. The lawyers will pursue the lawsuit against the other Defendants to see if any future settlements or judgments can be obtained in the case and then be distributed together, to reduce expenses.

#### *What are my rights?*

If you wish to remain a member of the Settlement Class you do not need to take any action at this time. If you do not want to be legally bound by the Settlement, you must exclude yourself in writing by _____, 2012, or you will not be able to sue, or continue to sue, the Settling Defendants about the legal claims in this case.

If you wish to comment on or disagree with any aspect of the proposed settlement, you must do so in writing no later than _____, 2012. The Settlement Agreement, along with details on how to object to them, is available at www.CRTDirectPurchaserAntitrustSettlement.com. The U.S. District Court for the Northern District of California will hold a Fairness Hearing at ____ on _____, 2012, at JAMS, Two Embarcadero, Suite 1500, San Francisco, CA 94111. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the class website for information.

The Court has appointed the law firm of Saveri & Saveri, Inc. to represent Direct Purchaser Class members as Interim Lead Class Counsel. At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. If there are objections or comments, the Court will consider them at that time. You may appear at the hearing, but don't have to. We do not know how long these decisions will take. Please do not contact JAMS or the Court about this case.

This is a Summary Notice. For more details, call toll free 1-877-224-3063, visit www.CRTDirectPurchaserAntitrustSettlement.com., or write to CRT Direct Settlement, P.O. Box 808003, Petaluma, CA 94975.