MORGAN, LEWIS & BOCKIUS LLP
KENT M. ROGER (SBN 095987)
kroger@morganlewis.com
MICHELLE PARK CHIU (SBN 248421)
mchiu@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:     415.442.1000
Fax:    415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
SCOTT A STEMPEL (*pro hac vice*)
sstempel@morganlewis.com
J. CLAYTON EVERETT (*pro hac vice*)
jeverett@morganlewis.com
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel:     202.739.3000
Fax:    202.739.3001

Attorneys for Defendants
HITACHI, LTD., HITACHI ASIA, LTD., HITACHI ELECTRONIC DEVICES (USA), INC. AND HITACHI DISPLAYS, LTD. (n/k/a JAPAN DISPLAY EAST, INC.)

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

| | |
|---|---|
| This Document Relates To:<br><br>STATE OF FLORIDA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>LG ELECTRONICS, INC., et al.,<br><br>　　　　　Defendant. | Master File No. 3:07-cv-05944-SC<br>Individual Case No. 11-cv-06205 SC<br><br>MDL No. 1917<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE STATE OF FLORIDA'S AMENDED COMPLAINT**<br><br>Date:　　September 20, 2012<br>Time:　　12:00 PM<br>Location:　JAMS, Two Embarcadero Center, Suite 1500<br>Judge:　　Hon. Samuel Conti<br>Special Master:　Hon Charles A. Legge (Ret.) |

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE STATE OF FLORIDA'S AMENDED COMPLAINT

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Andrews v. Orr*,
   851 F.2d 146 (6th Cir. 1988) ................................................................................................. 8

*City of St. Petersburg v. Dayco Prods., Inc.*,
   No. 06-20953-CIV 2008 WL 5428172 (S.D. Fla. Dec. 30, 2008) ........................................... 5

*Conmar Corp. v. Mitsui & Co. (U.S.A.), Inc.*,
   858 F.2d 499 (9th Cir. 1988) ................................................................................................. 4

*Dummar v. Lummis*,
   543 F.3d 614 (10th Cir. 2008) ............................................................................................... 4

*Fla. Dept. of Health & Rehab. Servs. v. SAP*,
   835 So. 2d 1091(Fl. 2003) ..................................................................................................... 2

*Global Services v. Ikon Office Solutions*,
   No. C 10–05974 JSW, 2011 WL 6182425 (N.D. Cal. Dec. 13, 2011) ................................... 4

*Griffin v. Singletary,*
   17 F.3d 356 (11th Cir. 1994) ............................................................................................. 6, 8

*HCA Health Services of Florida, Inc. v. Hillman*,
   906 So. 2d 1094 (Fla. Dist. Ct. App. 2004) ........................................................................... 5

*Hromyak v. Tyco Int'l Ltd.*,
   942 So. 2d 1022 (Fla. 4th DCA 2006) ............................................................................... 6, 7

*Hutton v. Deutsche Bank*,
   541 F.Supp.2d 1166 (D. Kan. 2008) ...................................................................................... 8

*In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*,
   810 F.Supp. 2d 650 (S.D.N.Y. 2011) ..................................................................................... 7

*In re Rezulin Prods. Liab. Litig.*,
   No. 00-CIV-2843, 2006 WL 695253 (S.D.N.Y. March 15, 2006) ......................................... 5

*In re TFT-LCD Antitrust Litig.*,
   MDL No. 1827 2012 WL 149632 (N.D. Cal. Jan. 18, 2012) ................................................. 5

*In re Vertrue Mktg. & Sales Practices Litig.*,
   712 F. Supp. 2d 703 (N.D. Ohio 2010) .................................................................................. 8

*In re: Vitamins Antitrust Litigation*,
   183 Fed.Appx. 1 (D.C. Cir. 2006) .......................................................................................... 5

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE STATE OF       i
FLORIDA'S AMENDED COMPLAINT

*Kornberg v. Carnival Cruise Lines, Inc.*,
   741 F.2d 1332 (11th Cir. 1984) .................................................................................... 6

*Latman v. Costa Cruise Lines, N.V.*,
   758 So. 2d 699 (Fla. 3rd DCA 2000) ............................................................................ 6

*Major League Baseball v. Morsani*,
   790 So. 2d 1071 (Fla. 2001) ..................................................................................... 2, 3

*Raie v. Cheminova, Inc.*,
   336 F.3d 1278 (11th Cir. 2003) .................................................................................... 6

*Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*,
   No. 3:07 cv62 2008 WL 2385506 (N.D. Fla. June 9, 2008) ....................................... 5

*Summerhill v. Terminix, Inc.*,
   637 F.3d 877 (8th Cir. 2011) ........................................................................................ 4

*Swartzman v. Harlan*,
   535 So. 2d 605 (Fla. Dist. Ct. App. 1998) ................................................................... 6

**STATUTES**

Florida Statute § 95.051 ................................................................................................. passim

Florida Statute § 95.051(1) ...................................................................................................... 5

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 9(b) ....................................................................................... 4

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Philadelphia

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE STATE OF                    ii
FLORIDA'S AMENDED COMPLAINT

## MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

Plaintiff filed its initial complaint on December 9, 2011, sixteen years after it alleges that Defendants formed an agreement to fix prices of CRTs, and 49 months after there were widely disseminated public announcements of investigations by various enforcement authorities and private lawsuits filed. Plaintiff acknowledges that the longest limitations period applicable to its claims is 48 months, but it argues that it should be permitted to stitch together, or tack, periods of alleged fraudulent concealment and class action tolling to save those claims.

Plaintiff's arguments fail for a number of reasons. First, it is clear from the authorities on which Plaintiff purports to rely that Florida law does not allow tolling for alleged fraudulent concealment. Fraudulent concealment may, in appropriate circumstances, "equitably estop" defendants from mounting a statute of limitations defense, but those circumstances are not met here and Plaintiff did not allege that they exist. Plaintiff's view of the law on this critical point is wrong: it *must* allege that it knew of its cause of action and was induced not to file suit by Defendants within the limitations period in order for equitable estoppel to apply, and it failed to do so. In this case, however, Plaintiff waited 49 months—longer than the limitations period—after any alleged fraudulent concealment ceased, to file its lawsuit. The untimeliness of Plaintiff's complaint is the result of Plaintiff's delay; not any inducement by Defendants. Moreover, Plaintiff has not alleged facts sufficient to establish the elements of fraudulent concealment in any event.

Second, the Florida Supreme Court has affirmed that the exclusive bases for tolling statutes of limitation are described in Florida Statute § 95.051. Plaintiff acknowledges that "class action tolling" is a tolling doctrine, and class action tolling is not among the tolling doctrines found in Fla. Stat. § 95.051. That should end the inquiry, as several courts have found. The authorities on which Plaintiff relies to support its class action tolling argument either fail to address the effect of Fla. Stat. § 95.051 at all or are contradicted by Florida statutory law and Florida Supreme Court precedent. Moreover, the previously filed class actions would not toll

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE STATE OF                  1
FLORIDA'S AMENDED COMPLAINT

Plaintiff's claims because they either (a) exclude claims by governmental entities, or (b) assert claims not asserted (or assertable) in the Florida case. Defendants' Motion should be granted.

## II. ARGUMENT

To avoid the statute of limitations bar, Plaintiff must prevail both on its claim that Defendants fraudulently concealed Plaintiff's claim and that earlier-filed class actions tolled its claims. Specifically, to pursue damages claims for the entire period it alleges, Plaintiff must "tack" together periods of asserted suspension based on both doctrines.

In fact, however, Plaintiff can rely on neither doctrine. The limited circumstances in which Florida recognizes fraudulent concealment do not apply here, and class action tolling is inapposite both because Florida does not permit class action tolling and because the earlier class actions would not toll Plaintiff's claims even if that tolling doctrine were permitted. Moreover, because fraudulent concealment is not a tolling doctrine in Florida, it provides no "suspension" of the running of the statute of limitations that could be "tacked" to any other "tolling period."

### A. Equitable Estoppel Does Not Apply.

After spending several pages of its Opposition arguing that it is important to distinguish between tolling doctrines and equitable estoppel, Plaintiff conflates them in its treatment of fraudulent concealment. *See* Florida Opp. at 7-9. Plaintiff concedes, as it must, that fraudulent concealment is not a recognized tolling doctrine in Florida. *Id*. at 8-9.[1] It acknowledges that fraudulent concealment comes into play only in cases involving "equitable estoppel," but then proceeds to argue that the limitations period was "suspended" during the period (prior to November 2007) of Defendants' alleged fraudulent concealment. *Id.* at 16.

That argument conflates tolling and equitable estoppel. Tolling, not equitable estoppel, "is concerned with the point at which…the limitations period may be suspended . . ." *Major League Baseball v. Morsani,* 790 So. 2d 1071, 1079 (Fla. 2001). Equitable estoppel, by contrast,

---

[1] The exclusive "tolling" grounds permitted in Florida are identified in Florida Statute § 95.051; fraudulent concealment is not among them. Fla. Dept. of Health & Rehab. Servs. v. SAP, 835 So. 2d 1091, 1096, n.7 (Fl. 2003) (holding that fraudulent concealment may provide a basis for equitable estoppel, but not tolling because "Section 95.051 sets forth an exclusive list of conditions that can "toll" the running of the statute of limitations; the section states that no other condition can toll the statute of limitations.").

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE STATE OF                2
FLORIDA'S AMENDED COMPLAINT

"comes into play only after the limitations period has run" and then prevents a party from "asserting the statute of limitations as a defense to an admittedly untimely action where his conduct has induced another into forbearing suit within the applicable limitations period." *Id.* at 1079 n.21. "The two doctrines are as different as apples and oranges: Tolling operates on the statute of limitations; equitable estoppel operates on the party." *Id.* at 1077.

In this case, even accepting arguendo Plaintiff's argument that Defendants' "fraudulently concealed" Plaintiff's claims from it before November, 2007, the equitable estoppel standard is not met. Plaintiff was on at least constructive notice of its claims at least as early as November, 2007, when there were widespread public announcements of investigations of Defendants and multiple private lawsuits filed against them. There could be no "fraudulent concealment" after that time.

Contrary to Plaintiff's claim (Florida Opp. at 14), Florida law *does* require a plaintiff to allege that it was "induced" not to bring claims it knew it had. The *Morsani* opinion on which Plaintiff so heavily relies says that specifically, explaining that equitable estoppel applies only when a party's "conduct has induced another into forbearing suit within the applicable limitations period." 790 So. 2d at 1078. Plaintiff quotes the very next sentence of the decision (Florida Opp. at 11) but shrewdly omits this adjacent language because it undercuts its own argument.

Defendants are not alleged to have done anything in that "post-notice" period to induce Plaintiff not to file suit, yet Plaintiff waited 49 months – longer than the statutory limitations period – to file its lawsuit. Plaintiff's untimeliness, in other words, cannot be blamed on any allegedly inequitable conduct by Defendants, rendering equitable estoppel inapposite.

**B. Plaintiff Fails to Allege Essential Elements of Fraudulent Concealment**

Plaintiff's reliance on the fraudulent concealment doctrine is misplaced for other reasons as well. Defendants established in their Opening Memorandum that the factual allegations underlying Plaintiff's fraudulent concealment claims are facially defective, precluding reliance on fraudulent concealment to save Plaintiff's time-barred claims. Op. Mem. at 8-10. In particular,

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE STATE OF          3
FLORIDA'S AMENDED COMPLAINT

Plaintiff fails to allege (1) when and how it became aware of facts putting it on notice of potential claims and (2) the actions it took diligently to uncover those facts. *Id*. at 11.

Plaintiff neither remedies nor explains these failures in its Opposition. It does not argue, because it cannot, that these are not required elements of a fraudulent concealment claim. And it does not argue, because it cannot, that it has alleged facts with the particularity required by Federal Rule of Civil Procedure 9(b) that would satisfy these elements.

Plaintiff cagily refuses to identify when and how it became "aware" of its claims. *See* Florida Opp. at 16. It repeatedly takes Defendants to task for interpreting its allegations about other class actions filed in November 2007 to mean that it was on notice in November 2007, *id*. at 15, but it provides no alternative "notice" date. That failing independently justifies denial of Plaintiff's fraudulent concealment claim. *See Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880-881 (8th Cir. 2011) ("By failing to allege when and how he discovered Terminix's alleged fraud, Summerhill has failed to meet his burden of sufficiently pleading that the doctrine of fraudulent concealment saves his otherwise time-barred claims."); *Dummar v. Lummis*, 543 F.3d 614, 622 (10th Cir. 2008) ("the absence of an allegation regarding how and when [plaintiff] learned of the alleged misconduct forecloses a claim that Defendants' fraudulent concealment prevented [plaintiff] from discovering Defendants involvement . . .").

Plaintiff also fails to plead why it was not at fault for failing to discover the claims; and offers no response to the fact—and the clear precedent—that this failure prevents it from arguing that Defendants are estopped from asserting our statute of limitations defense. *See Global Services v. Ikon Office Solutions*, No. C 10–05974 JSW, 2011 WL 6182425 at *2 (N.D. Cal. Dec. 13, 2011) (holding that "[a]t the pleading stage, to adequately allege tolling by fraudulent concealment, a plaintiff 'must plead facts showing that [defendant] affirmatively misled it, and that [plaintiff] had neither actual nor constructive knowledge of the facts giving rise to its claim despite its diligence in trying to uncover those facts.'") (quoting *Conmar Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 858 F.2d 499, 505 (9th Cir. 1988)).

**C.  Florida Does Not Permit Class Action Tolling.**

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE STATE OF
FLORIDA'S AMENDED COMPLAINT

4

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

As the Supreme Court of Florida has affirmed, Florida Statute § 95.051(1) identifies the nine exclusive tolling exceptions permitted in Florida; this list does not include class action tolling. *SAP*, 835 So. 2d at 1096, n.7; *see also HCA Health Services of Florida, Inc. v. Hillman*, 906 So. 2d 1094, 1098 (Fla. Dist. Ct. App. 2004) ("the legislature has made it clear its intent to exclude all tolling exceptions not listed in the statute"). As such, "Florida does not permit class action tolling". *In re Rezulin Prods. Liab. Litig.*, No. 00-CIV-2843, 2006 WL 695253, at *1 (S.D.N.Y. March 15, 2006); *see also In re: Vitamins Antitrust Litigation*, 183 Fed.Appx. 1, 2 (D.C. Cir. 2006) (holding that a pending class action is not one of the nine enumerated scenarios in which the applicable statute of limitations is tolled under Fla. Stat. § 95.051(1) in affirming lower court's judgment granting motion to dismiss).

Plaintiff argues that the Court should ignore the clear, and unequivocal, policy decision of the Florida legislature to limit the bases for tolling the statute of limitations to those identified in Fla. Stat. §95.051 because it is an "equitable tolling" doctrine. Florida Opp. at 17-18. It relies on three unpublished federal district court decisions, one bare (and mistaken) statement from the Eleventh Circuit, and several inapposite Florida state court cases to support its position. Those cases will not, however, bear the weight that Plaintiff places on them.

First, the three unpublished federal district court decisions permitting class action tolling of Florida state law claims cannot be squared with the plain—and unequivocal—statutory language of Fla. Stat. §95.051. *See* Florida Opp. at 17-18 (discussing *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, No. 3:07 cv62 2008 WL 2385506 (N.D. Fla. June 9, 2008); *City of St. Petersburg v. Dayco Prods., Inc.* No. 06-20953-CIV 2008 WL 5428172 (S.D. Fla. Dec. 30, 2008), and *In re TFT-LCD Antitrust Litig.*, MDL No. 1827 2012 WL 149632 (N.D. Cal. Jan. 18, 2012). *Sacred Heart*, on which the other two decisions rely, is predicated on the federal court's judgment that *American Pipe* tolling is consistent with the policy goals underlying the class action mechanism, and should therefore be applied. *Sacred Heart*, 2008 WL 2385506, at *2. But the Florida legislature has made a contrary policy decision to limit the tolling bases available in Florida to those enumerated in Fla. Stat. §95.051, which does not include class

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE STATE OF           5
FLORIDA'S AMENDED COMPLAINT

action tolling. Federal district courts are not permitted to substitute their policy judgments for those of the Florida legislature. "Because the legislature has expressly provided for the instances that shall toll the running of any statute of limitations and has excluded any 'other reason,' we are not free to create an exception to that determination." *Swartzman v. Harlan*, 535 So. 2d 605, 607 (Fla. Dist. Ct. App. 1998). These three unpublished district court decisions should not be followed.

Second, Florida relies on a throwaway line in *Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1282 (11th Cir. 2003), which states that "[t]here is no dispute that *American Pipe* has been followed in Florida state courts." However, to support this statement, the *Raie* court cites to *Griffin v. Singletary,* 17 F.3d 356 (11th Cir. 1994), in which the Eleventh Circuit dealt with the application of the class action tolling doctrine to federal law, not state law, claims. Those cases, in other words, did not address the question the Court is presented with here—*i.e.*, whether class action tolling of Florida state law claims is permitted.

Third, the other cases Plaintiff cites relied on *American Pipe* for reasons, and propositions, other than tolling a statutory limitations period, and so they do not implicate Fla. Stat. §95.051 (and are irrelevant here):

- *Hromyak v. Tyco Int'l Ltd.*, 942 So. 2d 1022 (Fla. 4th DCA 2006) only considered whether *American Pipe* tolling applied to toll *federal* claims—not state law claims.
- *Latman v. Costa Cruise Lines, N.V.*, 758 So. 2d 699 (Fla. 3rd DCA 2000), did not involve the application of a Florida statutory limitations period, nor did it consider Fla. Stat. §95.051. The court relied on the policy underlying *American Pipe* when interpreting contractual notice obligations of putative class members, not tolling principles.
- *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1336-37 (11th Cir. 1984), dealt with the timeliness of claims asserted through the original class action, and, like *Latman*, the interpretation of contractual "limitations" language, not the tolling of individual claims asserted by later plaintiffs under Florida state law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE STATE OF
FLORIDA'S AMENDED COMPLAINT

6

As the Florida Supreme Court has clearly held, and as the Florida tolling statute unequivocally requires, Florida does not permit tolling of statutory limitations periods for any reasons other than those identified in Fla. Stat. §95.051. Class action tolling is not identified among those grounds, and is therefore not permitted.

### D. Class Action Tolling Does Not Apply On the Facts of This Case.

Plaintiff cannot rely on class action tolling for the additional reason that none of the previously filed class actions would toll the statute of limitations even for Plaintiff's claims under federal law. Plaintiff acknowledges that the class definitions in both the current DPP and IPP consolidated class action complaints expressly exclude claims by governmental entities. Florida Opp. at 20.

Plaintiff argues, however, that (1) four other complaints were filed in 2007 and 2008 that did not explicitly exclude governmental claims and (2) those and the IPP consolidated complaint include within their class definitions end-user consumers in Florida that are encompassed within Plaintiff's *parens patriae* claims. *Id*. Those arguments fail for several reasons. First, as we established in our opening brief, class tolling does not apply when the claims are brought by plaintiffs that *clearly* did not have standing. Op. Mem. at 16; *In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*, 810 F.Supp. 2d 650, 670 (S.D.N.Y. 2011) ("There may be circumstances where the representative so clearly lacks standing that no reasonable class member would have relied."). That clear legal holding stands unrebutted; Plaintiff could muster no argument that it does not apply in this case. Because putative class representatives in the four earlier filed complaints were (a) not from Florida, and (b) were private individuals not authorized to represent the sovereign interests of the State of Florida, those complaints cannot and do not provide a basis for class tolling of any of the claims Plaintiff asserts here.

Second, the four prior class complaints Plaintiff relies upon allege only general "unjust enrichment" claims; none allege the statutory claims that Plaintiff asserts in the instant case. As such, they cannot provide a basis for class tolling. *See, e.g., Hromyak* 942 So. 2d at 1023 (Fla. 4th DCA 2006) ("We agree that the *American Pipe* holding requires that the claims in the later

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE STATE OF          7
FLORIDA'S AMENDED COMPLAINT

action be the same as those alleged in the earlier action."); *In re Vertrue Mktg. & Sales Practices Litig.*, 712 F. Supp. 2d 703, 718 (N.D. Ohio 2010) ("only the claims expressly alleged in a previous federal lawsuit are subject to tolling"); *Hutton v. Deutsche Bank*, 541 F.Supp.2d 1166 (D. Kan. 2008) (*American Pipe* may only toll the same claims asserted in the previous case). Although unjust enrichment claims may be forced to yield to statutory claims involving the same conduct, they are not equivalent claims. Each has different elements, and the "unjust enrichment" concept addresses conduct that is broader and often different than that addressed in FDUTPA. They are not "the same claim," and a complaint asserting one should not provide a basis for tolling the statute of limitations on a separate complaint that asserts the other. Following Plaintiffs' logic would lead to the result in which a plaintiff could file a complaint containing one cause of action and, upon disposal of that action, could file an untimely complaint alleging a different cause of action "arising" from the facts asserted in the complaint.

Third, the IPP complaint cannot provide a basis for tolling the Florida *parens patriae* claims because those claims are either (a) quasi-governmental claims, asserted in Florida's sovereign interest on behalf of its citizens, in which case they are clearly excluded from the class definition, or (b) collective actions by individuals, which would not be tolled by prior collective actions. *Parens patriae* claims asserted by the Attorney General differ from the private damages under FDUTPA. Florida *parens patriae* claims were not even arguably asserted in any of the prior class actions, and, thus, Plaintiff's *parens patriae* claims could not have been tolled by those earlier filed complaints. Moreover, previously filed class actions will not toll the statute of limitations as to subsequently filed class actions, so Plaintiff could not rely on the previously filed class actions to toll its *parens patriae* claims even if they are considered to be a form of collective action by Florida consumers. *See Griffin* 17 F.3d at 359 ("plaintiffs may not 'piggyback one class action onto another,' and thereby engage in endless rounds of litigation") (quoting *Salazar-Calderon v. Presidio Valley Farmers Ass'n*, 765 F.2d 1334, 1351 (5th Cir. 1985)); *Andrews v. Orr*, 851 F.2d 146, 149 (6th Cir. 1988) ("the pendency of a previously filed class action does *not*

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE STATE OF                    8
FLORIDA'S AMENDED COMPLAINT

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

toll the limitations period for additional class actions by putative members of the original asserted class") (emphasis added).

### III. CONCLUSION

For the foregoing reasons and those that were set forth in the Opening Memorandum, Defendants respectfully request that the Court grant the present motion and dismiss Florida's Sherman Act, FAA and FDUTPA claims as untimely.

DATED: September 7, 2012

**MORGAN LEWIS & BOCKIUS LLP**

By: /s/ Kent M. Roger
KENT M. ROGER (SBN 95987)
E-mail: kroger@morganlewis.com
MICHELLE PARK CHIU (SBN 248421)
E-mail: mchiu@morganlewis.com
**MORGAN LEWIS & BOCKIUS LLP**
One Market Tower, Spear Street Tower
San Francisco, California 94105-1126
Telephone: 415.442-1000
Facsimile: 415.442.1001

J. CLAYTON EVERETT, JR. (*pro hac vice*)
E-mail: jeverett@morganlewis.com
SCOTT A. STEMPEL (pro hac vice)
E-mail: sstempel@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

*Attorneys for Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display East, Inc.), Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc.*

BAKER BOTTS LLP

By: /s/ John M. Taladay
John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
**BAKER BOTTS LLP**
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE STATE OF
FLORIDA'S AMENDED COMPLAINT

9

Email: joseph.ostoyich@bakerbotts.com

Jon V. Swenson (SBN 233054)
**BAKER BOTTS LLP**
620 Hansen Way
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation*

WINSTON & STRAWN LLP

By: /s/ Jeffrey L. Kessler
JEFFREY L. KESSLER (pro hac vice)
E-mail: JKessler@winston.com
A. PAUL VICTOR (pro hac vice)
E-mail: PVictor@winston.com
EVA COLE (pro hac vice)
E-mail: EWCole@winston.com

MOLLY M. DONOVAN
E-mail: MMDonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700

STEVEN A. REISS (pro hac vice)
E-mail: steven.reiss@weil.com
DAVID L. YOHAI (pro hac vice)
E-mail: david.yohai@weil.com
ADAM C. HEMLOCK (pro hac vice)
E-mail: adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, MT Picture Display Co., Ltd.*

ARNOLD & PORTER LLP

By: /s/ Sharon D. Mayo
SHARON D. MAYO (SBN 150469)

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE STATE OF FLORIDA'S AMENDED COMPLAINT

10

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

sharon.mayo@aporter.com
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone: (415) 471-3100
Facsimile: (415) 471-3400

DOUGLAS L. WALD (*Pro Hac Vice*)
douglas.wald@aporter.com
WILSON D. MUDGE (*Pro Hac Vice*)
wilson.mudge@aporter.com
YONGSANG KIM (*Pro Hac Vice*)
yongsang.kim@aporter.com
**ARNOLD & PORTER LLP**
555 Twelfth Street, NW
Washington, DC 20004
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

*Attorneys for Defendants LG Electronics, Inc. and LG, LG Electronics USA, Inc.*

SHEPPARD MULLIN RICHTER & HAMPTON

By: /s/ Gary L. Halling
GARY L. HALLING (SBN 66087)
E-mail: ghalling@sheppardmullin.com
JAMES L. MCGINNIS (SBN 95788)
E-mail: jmcginnis@sheppardmullin.com
MICHAEL W. SCARBOROUGH, (SBN 203524)
E-mail: mscarborough@sheppardmullin.com
**SHEPPARD MULLIN RICHTER & HAMPTON**
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

*Attorneys for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*

WHITE & CASE LLP

By: /s/ Christopher M. Curran

CHRISTOPHER M. CURRAN (pro hac vice)
E-mail: ccurran@whitecase.com
GEORGE L. PAUL (pro hac vice)
E-mail: gpaul@whitecase.com
LUCIUS B. LAU (pro hac vice)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE STATE OF
FLORIDA'S AMENDED COMPLAINT

11

E-mail: alau@whitecase.com
**WHITE & CASE LLP**
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation and Toshiba America Electronic Components, Inc.*

Pursuant to General Order No. 45, § X-B, the filer attests that concurrence in the filing of this document has been obtained from each of the above signatories.

DB2/ 23472061.6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE STATE OF
FLORIDA'S AMENDED COMPLAINT

12