Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street
Suite 3600
Los Angeles, CA  90071
Telephone:  213 239-5100
Facsimile:   213 239-5199
bcaslin@jenner.com

Terrence J. Truax (*pro hac vice to be filed*)
Michael T. Brody (*pro hac vice to be filed*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone:   312 222-9350
Facsimile:     312 527-0484
ttruax@jenner.com
mbrody@jenner.com

*Attorneys for Proposed Intervenors*
*Mitsubishi Electric & Electronics USA, Inc. and*
*Mitsubishi Digital Electronics Americas, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re: Cathode Ray Tube (CRT) Antitrust Litigation<br><br>This Document Relates To:<br><br>ALL INDIRECT PURCHASER ACTIONS | Case No. 3:07-cv-5944 SC<br><br>**MITSUBISHI ELECTRIC'S OPPOSITION TO INDIRECT PURCHASERS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Date:     September 27, 2012<br>Time:    1:00 p.m.<br>JAMS:  Two Embarcadero Center, Suite 1500<br>Judge:   Honorable Samuel Conti<br>Special Master:  Hon. Charles A. Legge (Ret.) |

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND..................................................................1

ARGUMENT ................................................................................................................................3

    1.    Mitsubishi Electric Would Be Severely And Unfairly Prejudiced By Permitting Its Addition To The Complaint At This Late Stage................................................................4

    2.    Plaintiffs Have Unduly Delayed Moving to Amend............................................................6

CONCLUSION..............................................................................................................................8

i

MITSUBISHI ELECTRIC'S OPPOSITION TO INDIRECT PURCHASERS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; Case No. 3:07-cv-5944 SC

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*AmerisourceBergen Corp. v. Dialysist West, Inc.*,
    465 F.3d 946 (9th Cir. 2006) ..................................................................................................4, 6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ......................................................................................................................8

*Bowers v. Kletke*,
    451 Fed. App'x 710 (9th Cir. 2011) ............................................................................................4

*Cal. Dep't of Toxic Substances Control v. Neville Chem. Corp.*,
    358 F.3d 661 (9th Cir. 2004) .......................................................................................................3

*Chodos v. W. Publ. Co.*,
    292 F.3d 992 (9th Cir. 2002) .......................................................................................................6

*Coleman v. Quaker Oats Co.*,
    232 F.3d 1271 (9th Cir. 2000) .....................................................................................................6

*In re LCD Antitrust Litig.*,
    No. 3:07-md-1827 (N.D. Cal. Apr. 12, 2011) ............................................................................6

*In re LCD Antitrust Litig.*,
    No. 3:07-md-1827 (N.D. Cal. filed Aug. 4, 2010) ....................................................................6

*Jackson v. Bank of Hawaii*,
    902 F.2d 1385 (9th Cir. 1990) ..................................................................................................4, 6

*Johnson v. Mammoth Recreations, Inc.*,
    975 F.2d 604 (9th Cir. 1992) .......................................................................................................6

*Netbula, LLC v. Bindview Dev. Corp.*,
    No. C06-00711, 2007 U.S. Dist. LEXIS 58736 (N.D. Cal. Aug. 1, 2007) ...........................5

*Scognamillo v. Credit Suisse First Boston, LLC*,
    587 F. Supp. 2d 1149 (N.D. Cal. 2008) .....................................................................................4

*Texaco, Inc. v. Ponsoldt*,
    939 F.2d 794 (9th Cir. 1991) .......................................................................................................6

*Wells Fargo Bank, N.A. v. Renz*,
    C 08-02561, 2010 U.S. Dist. LEXIS 76310 (N.D. Cal. July 19, 2010) ...............................4, 6

ii

*Wilkins-Jones v. County of Alameda*,
    C-08-1485, 2012 U.S. Dist. LEXIS 107127 (N.D. Cal. July 31, 2012) ..........................................4, 7

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
    401 U.S. 321 (1971).......................................................................................................................3

**OTHER AUTHORITY**

Federal Rule of Civil Procedure 15(a)(2) ................................................................................................3

iii

MITSUBISHI ELECTRIC'S OPPOSITION TO INDIRECT PURCHASERS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT;  Case No. 3:07-cv-5944 SC

# INTRODUCTION

Plaintiffs have sought leave to file a Fourth Amended Complaint naming as defendants various entities in the Mitsubishi Electric corporate family (collectively, "Mitsubishi Electric").[1] Plaintiffs' motion, filed nearly five years into this enormous and complex litigation, would prejudice Mitsubishi Electric and impede the progress of this case. The unavoidable, unfair, prejudicial impact on Mitsubishi Electric of being added to this litigation at this advanced stage arises entirely from plaintiffs' unjustified and undue delay in bringing this motion. Although amendment is often permitted in circumstances in which doing so does not prejudice the parties or impede the case, in this circumstance the motion to amend should be denied.

# FACTUAL AND PROCEDURAL BACKGROUND

This litigation began in November 2007 – almost five years ago – when counsel for purported classes of direct and indirect purchasers filed complaints against numerous manufacturers of Cathode Ray Tubes ("CRTs") and CRT products. Plaintiffs' lawsuits followed the announcement of a federal criminal antitrust investigation into the CRT industry which has already resulted in indictments and convictions.

Mitsubishi Electric was never more than a small participant in the CRT market. Mitsubishi Electric did not receive a grand jury subpoena, has not been the subject of any government investigation here or abroad, none of its employees have been indicted, and no Mitsubishi Electric entity has been named a defendant in any of the lawsuits consolidated in this multidistrict proceeding. This litigation was four years old when plaintiffs' counsel first contacted Mitsubishi Electric in November 2011 to propose that the parties enter into a tolling agreement. Faced with the specter of litigation, Mitsubishi

---

[1] This Opposition is filed on behalf of Mitsubishi Electric & Electronics USA, Inc. ("MEUS") and Mitsubishi Digital Electronics Americas, Inc. ("MDEA"), both of which are domestic entities. There is a question as to whether the Japanese parent, Mitsubishi Electric Corporation, which is also a proposed defendant, is subject to suit in this mater, and the Japanese entity has not been served. To preserve all jurisdictional objections, this opposition is filed on behalf of the domestic entities only. The arguments presented in this opposition apply with equal force to all Mitsubishi entities.

Electric entered into a tolling agreement in order to evaluate the basis for plaintiffs' allegations. The tolling agreement was subsequently extended on several occasions, and remained in effect until plaintiffs sought leave to amend the complaint to add Mitsubishi Electric to this action.

While plaintiffs have delayed their decision to add Mitsubishi Electric, this case has not stood still. Since the initial filing of the case in 2007, additional complaints have been filed, discovery has been propounded and answered, documents produced and translated, depositions taken, and schedules for discovery, class certification, and trial have been established. Without any involvement of Mitsubishi Electric, the following developments have occurred in this case:

- <u>Motion Practice.</u> Numerous motions, pleadings, and other documents have been filed in this case. As of the date of this filing, over 1,344 docket entries have been made in this case's electronic case file.

- <u>Document Discovery</u>. Counsel for Mitsubishi Electric understands that the document discovery is essentially completed and the parties have produced over 4 million pages of documents, many of which are in foreign languages. (Mot. 8, n. 5.) Mitsubishi Electric has not participated in document discovery.

- <u>Other Written Discovery</u>. Mitsubishi Electric has been advised that other written discovery – including interrogatory answers – has been tendered by plaintiffs and various defendants. Mitsubishi Electric has not participated in written discovery.

- <u>Deposition Discovery</u>. In the motion to amend, plaintiffs state that a variety of Rule 30(b)(6) depositions have been completed. (Mot. 2.) Plaintiffs claim that it was one (or more) of the depositions that identified Mitsubishi Electric as a potential defendant. (Mot. 2.) Mitsubishi Electric understands that the 30(b)(6) depositions and depositions of named plaintiffs are well advanced. Mitsubishi Electric has not participated in any of these depositions, even though plaintiffs represent in their motion that the testimony has addressed Mitsubishi Electric.

- <u>Class Certification Discovery and Briefing</u>.  Mitsubishi Electric understands that class certification discovery is underway.  Under the schedule that is currently in place, plaintiffs' class certification motion is due September 30, 2012, and defendants' response is due by December 9, 2012.  (Dkt. 1261.)  If the motion to amend is granted, the date for Mitsubishi Electric to file its initial response to the complaint will come due after the filing of the first class certification brief.
- <u>Trial Schedule</u>.  The case has been set for trial on April 14, 2014.  (Dkt. 1127.)

<u>Amended Complaint</u>.  Plaintiffs now seek leave to file an amended complaint naming Mitsubishi Electric.  The proposed complaint contains the thinnest of allegations against Mitsubishi Electric.  Plaintiffs make substantive allegations about Mitsubishi Electric in only a handful of paragraphs.  (Proposed Amend. Compl. ¶¶ 106-09, 141-42, 162, 164, 188.)  Plaintiffs claim certain unnamed employees of Mitsubishi Electric participated in an unspecified number of meetings, and entered into undefined – and undescribed – agreements with unnamed competitors.  (*Id*. ¶¶ 162, 188.)  Plaintiffs' boilerplate allegations leave the details of those purported meetings and agreements to the imagination.

Until now, no plaintiff has sued Mitsubishi Electric concerning its minor role in the CRT market.  Much has happened in this long-standing case without the participation of Mitsubishi Electric.  The addition of Mitsubishi Electric at this time would require Mitsubishi Electric to repeat discovery, briefing, and trial preparations that have already taken place, or do without.

**ARGUMENT**

Federal Rule of Civil Procedure 15(a)(2) provides that a party must seek the Court's leave to amend a pleading after the time for amending as a matter of course has passed, absent the consent of the opposing party.  The Court's decision to grant or deny leave to amend under Rule 15(a)(2) is discretionary. *Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330, (1971); *Cal. Dep't of Toxic Substances Control v. Neville Chem. Corp*., 358 F.3d 661, 673 (9th Cir. 2004).

3

MITSUBISHI ELECTRIC'S OPPOSITION TO INDIRECT PURCHASERS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT;  Case No. 3:07-cv-5944 SC

The Court need not grant leave to amend if the amendment: (1) prejudices the defendant sought to be added; (2) produces an undue delay, (3) is sought in bad faith, or (4) is futile. *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946, 951 (9th Cir. 2006). Of these factors, prejudice to the defendant sought to be added carries the greatest weight in deciding whether to permit an amendment. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). As we show in this opposition, prejudice, combined with plaintiffs' undue delay, support denial of leave to amend.

### 1. Mitsubishi Electric Would Be Severely And Unfairly Prejudiced By Permitting Its Addition To The Complaint At This Late Stage.

The Court may deny a plaintiffs' motion to amend solely on the basis of the prejudice a late amendment will have on the defendant. *Wilkins-Jones v. County of Alameda*, C-08-1485, 2012 U.S. Dist. LEXIS 107127, at *22 n. 1 (N.D. Cal. July 31, 2012) ("[t]he Court looks at prejudice . . [to] the Defendants who would be named if Plaintiff is permitted to amend."); S*cognamillo v. Credit Suisse First Boston, LLC*, 587 F. Supp. 2d 1149, 1157 (N.D. Cal. 2008). The avoidance of prejudice to the party to be added is "[a] major objective." *Wells Fargo Bank, N.A. v. Renz*, C 08-02561, 2010 U.S. Dist. LEXIS 76310, at *13 (N.D. Cal. July 19, 2010) (citations omitted). This is because "[a]mending a complaint to add a party poses an especially acute threat of prejudice to the entering party." *Id*. (citations omitted). Courts have recognized the obvious truth that prejudice is heightened when a plaintiff seeks to amend a complaint late in the litigation. *Scognamillo*, 587 F. Supp. 2d at 1155.

The Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *Bowers v. Kletke*, 451 Fed. App'x 710, 712 (9th Cir. 2011). In *Bowers*, the Ninth Circuit affirmed the district court's denial of leave to amend where plaintiff delayed 18 months before moving to amend. Plaintiffs attempt to rebut that presumption of prejudice by baldly asserting that "there will be no prejudice" to Mitsubishi Electric. (Mot. 6.) This assertion ignores the procedural posture of this litigation. Plaintiffs seek to add the Mitsubishi Electric defendants nearly 20 years after the beginning of the conduct they seek to challenge, just shy of five years into this litigation, more than two years into discovery, amid

4

MITSUBISHI ELECTRIC'S OPPOSITION TO INDIRECT PURCHASERS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT;  Case No. 3:07-cv-5944 SC

class certification discovery and briefing, and with trial looming on the horizon. Not only is this litigation significantly advanced, it is an extremely complex purported class action. Adding Mitsubishi Electric at this advanced stage would cause unavoidable prejudice to Mitsubishi Electric.

Several examples demonstrate this prejudice. In their motion to amend, plaintiffs state that they learned facts demonstrating Mitsubishi Electric's involvement in certain completed Rule 30(b)(6) depositions of other parties. (Mot. 8, n. 5.) The motion does not identify the depositions, the parties deposed, or the facts learned, but it is undeniable that Mitsubishi Electric did not participate in those depositions. Plaintiffs seek to establish liability based on a factual record developed without the participation of Mitsubishi Electric.

Nor has Mitsubishi Electric participated in the document discovery which plaintiffs now claim also supports liability. In their motion, plaintiffs claim that among the more than 4 million produced documents, many in foreign languages, there are documents (not identified in the complaint) that link Mitsubishi to the conspiracy of others. (Mot. 8, n. 5.) At this late stage of the litigation, Mitsubishi Electric will be prejudiced by the fact that it has not been a participant in any of that discovery.

The prejudicial impact of the procedural posture justifies denying the indirect plaintiffs' motion to amend. *Netbula, LLC v. Bindview Dev. Corp.*, No. C06-00711, 2007 U.S. Dist. LEXIS 58736 (N.D. Cal. Aug. 1, 2007) (denying leave to amend due to "unreasonably short period between [the motion to amend] and the current trial date."). If added at this advanced stage in this litigation, Mitsubishi Electric would be forced to get up to speed in this enormously complex matter on an extraordinarily expedited basis, with unavoidable prejudicial effect.

With class certification briefing underway, and the imminent filing of those briefs already scheduled, Mitsubishi Electric will be prejudiced by being added at this late date. Mitsubishi Electric will either need to re-do four years of discovery and pre-trial work in this case in order to catch up, or it will be forced to do without.

5

MITSUBISHI ELECTRIC'S OPPOSITION TO INDIRECT PURCHASERS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; Case No. 3:07-cv-5944 SC

In similar circumstances, another judge of this Court refused to permit the amendment of a complaint in a long-pending antitrust case to add Mitsubishi Electric. In *In re LCD Antitrust Litig.*, No. 3:07-md-1827 (N.D. Cal. filed Aug. 4, 2010), plaintiffs moved to add Mitsubishi Electric as a defendant. In that case, the motion to amend came only three and a half years into the case, in contrast to the nearly five years that have elapsed in this case. Moreover, the proposed amended complaint came 11 years after the challenged conduct, whereas here the complaint involves conduct that is nearly two decades old. Accordingly, Judge Illston declined to permit the amendment of the complaint. *In re LCD Antitrust Litig.*, No. 3:07-md-1827 (N.D. Cal. Apr. 12, 2011). By comparison, the delay in this case is longer, and the resulting prejudice greater. The motion for leave to amend should be denied.

### 2. Plaintiffs Have Unduly Delayed Moving to Amend.

The Ninth Circuit has held that undue delay has occurred when a party moves to amend "long after it should have become aware of the information that underlies that motion." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). The Ninth Circuit has repeatedly upheld the denial of a motion to amend where a plaintiff has unduly delayed. *AmerisourceBergen Corp,* 465 F.3d 951; *Chodos v. W. Publ. Co.*, 292 F.3d 992 (9th Cir. 2002); *Jackson*, 902 F.2d at 1388; *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991). Failure to show diligence requires that "the inquiry should end." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

Courts have denied leave to amend for delays shorter than the delay present here. *See, e.g. Wells Fargo Bank,* 2010 U.S. Dist. LEXIS 76310, at *12-13 (failure to explain five month delay "necessitates the conclusion that [movant] was not diligent, which warrants denial of his motion."). The Ninth Circuit has previously held an eight month delay unreasonable. *Texaco*, 939 F.2d at 799.

Plaintiffs have been dilatory in bringing this motion. Not only does Mitsubishi Electric's first involvement come late in the litigation – it comes well after Mitsubishi Electric participated in the CRT business. The filing of the case in 2007 was itself long after the conduct alleged in the complaint.

6

MITSUBISHI ELECTRIC'S OPPOSITION TO INDIRECT PURCHASERS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; Case No. 3:07-cv-5944 SC

Mitsubishi Electric largely exited the CRT business in 2003. The proposed amended complaint alleges that Mitsubishi Electric's challenged conduct (which is itself not described) took place from 1995 to 2005. (Proposed Amend. Compl. ¶ 188.) At this point, nearly two decades have passed from the beginning of the challenged conduct, and Mitsubishi Electric is not in a position to defend itself fully against these charges. The undue delay in bringing this case – since 2007, and before – severely prejudices Mitsubishi Electric.

Plaintiffs claim their motion to add Mitsubishi Electric to this action is based on the Mitsubishi entities' appearance in "CRT production line status reports." (Mot. 4.) Plaintiffs claim to have had CRT production line status reports for at least nine months. (Mot. 2, "Defendants produced the majority of their documents in November and December of 2011.") Aside from plaintiffs' delay from November 2011, plaintiffs also have to explain why they delayed for four years – from November 2007 to November 2011 – before they apparently gave attention to this issue. They do not address why it took them so long to decide which parties belonged in the case. Had plaintiffs not unduly delayed, they would have learned the identity of alleged co-conspirators long before 2011, particularly where those names appear simply to have been gleaned from simple documents in the case.[2]

Even if plaintiffs were justified in not obtaining those documents until November 2011, their excuse for delaying beyond that point demonstrates the prejudice Mitsubishi Electric will suffer. Indeed, plaintiffs offer no explanation for the unjustified delay in moving to amend, apart from a footnote citing "the volume of documents." (Mot. 8, n. 5.) Similar excuses have been found wanting. In *Wilkins-Jones*, 2012 U.S. Dist. LEXIS 107127, at *30, the court denied a motion for leave to amend the complaint when plaintiff failed to specify when in discovery she learned she should add the proposed defendant and why

---

[2] Mitsubishi Electric acknowledges that it entered into a tolling agreement in November 2011. That agreement does not excuse Plaintiffs' unreasonable delay from the filing of the suit in 2007 (or before) until November 2011. The tolling agreement excludes all time that passed before November 2011. Moreover, the agreement applies only to affirmative defenses, such as statutes of limitations and laches, which Mitsubishi Electric does not here raise. The agreement does not preclude Mitsubishi Electric from asking the Court to conclude that Mitsubishi Electric would be unfairly prejudiced by delay were it added to this case.

she did not immediately seek leave at that point. In any event, if plaintiffs, who have been involved in this case from the start, are hampered by the volume of documents, the prejudice to a newly-added Mitsubishi Electric resulting from being dropped into a five-year old case, being required to digest millions of documents, get up to speed on concluded discovery, and jump into class certification briefing, will be much greater.

Plaintiffs have not been diligent in moving to amend and should be denied due to plaintiffs' undue delay, which, as set forth above, will cause Mitsubishi Electric substantial prejudice if added to this action.[3]

## CONCLUSION

For the foregoing reasons, the Court should deny the indirect purchaser plaintiffs' Motion for Leave to File a Fourth Consolidated Amended Complaint adding Mitsubishi Electric as defendants in this litigation.

---

[3] Futility can also justify the denial of a motion to amend. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). In the proposed amended complaint, plaintiffs allege that Mitsubishi Electric employees attended an unspecified number of meetings over a ten-year period. None are described. Likewise, plaintiffs allege Mitsubishi Electric employees entered into agreements. Again, none are specified. If the Court permits the filing of the amended complaint, Mitsubishi Electric will demonstrate in a motion to dismiss that these allegations fail to meet the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In light of the delay that has occurred to date, however, Mitsubishi Electric and the Court should not be required to bear the substantial burden of those proceedings.

8

MITSUBISHI ELECTRIC'S OPPOSITION TO INDIRECT PURCHASERS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; Case No. 3:07-cv-5944 SC

| | |
|---|---|
| Dated: September 14, 2012 | Respectfully Submitted, |
| | By: /s/ Brent Caslin |
| | Brent Caslin |
| Terrence J. Truax (*pro hac vice to be filed*) | Brent Caslin (Cal. Bar. No. 198682) |
| Michael T. Brody (*pro hac vice to be filed*) | JENNER & BLOCK LLP |
| JENNER & BLOCK LLP | 633 West Fifth Street, Suite 3600 |
| 353 North Clark | Los Angeles, CA  90071 |
| Chicago, IL 60654-3456 | Telephone:  213 239-5100 |
| Telephone: (312) 222-9350 | Facsimile:   213 239-5199 |
| Facsimile: (312) 527-0484 | bcaslin@jenner.com |
| ttruax@jenner.com | |
| mbrody@jenner.com | |

*Attorneys for Proposed Intervenors Mitsubishi Electric & Electronics USA, Inc. and Mitsubishi Digital Electronics Americas, Inc.*

9

MITSUBISHI ELECTRIC'S OPPOSITION TO INDIRECT PURCHASERS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT;  Case No. 3:07-cv-5944 SC