Robert A. Sacks (CSB No. 150146)
(sacksr@sullcrom.com)
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California 90067
(310) 712-6600 (telephone)
(310) 712-8800 (facsimile)

Laura Kabler Oswell (SBN 241281)
(oswelll@sullcrom.com)
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, California 94303
Telephone:     (650) 461-5600
Facsimile:      (650) 461-5700

Attorneys for Intervenor Thomson
Consumer Electronics, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944-SC |
| | MDL No. 1917 |
| This Document Relates to: | **NOTICE OF MOTION AND MOTION OF THOMSON CONSUMER ELECTRONICS, INC. TO INTERVENE** |
| ALL INDIRECT PURCHASER ACTIONS. | Date: September 27, 2012<br>Time: 1:00 p.m.<br>JAMS: Two Embarcadero Center, Suite 1500<br>Judge: Hon. Samuel Conti<br>Special Master: Hon. Charles A. Legge (Ret.) |
| | [OPPOSITION TO MOTION TO AMEND; ADMINISTRATIVE MOTION TO SHORTEN TIME; DECLARATION OF LAURA KABLER OSWELL; AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH] |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 27, 2012, at 1:00 p.m. or as soon thereafter as this matter may be heard, before the Honorable Charles A. Legge (Ret.) at the office of JAMS, Two Embarcadero Center, Suite 1500, San Francisco, California, movant Thomson Consumer Electronics, Inc. ("Thomson Consumer"), will and hereby does, move this Court for leave to intervene in the above-titled action for the limited purpose of opposing the Indirect Purchaser Plaintiffs' ("Plaintiffs") Motion for Leave to Amend Complaint, which proposes to add Thomson Consumer as a defendant.

Thomson Consumer seeks the Court's permission to file the Opposition to Indirect Purchaser Plaintiffs Motion for Leave to Amend Complaint filed concurrently herewith. Thomson Consumer also seeks the Court's permission to appear and present argument at the hearing scheduled for this matter on September 27, 2012. Thomson Consumer files herewith an Administrative Motion for an Order Shortening Time to permit this Motion to be heard on that date.

In support of this Motion, Thomson Consumer relies upon this Notice of Motion and Motion, the Memorandum of Points and Authorities below, all pleadings and files herein, and all other matters as may be presented to the Court at the hearing.

Dated: September 14, 2012          Respectfully submitted,

　　　　　　　　　　　　　　　　　　　 /s/ Robert A. Sacks
　　　　　　　　　　　　　　　　　　　Robert A. Sacks (CSB No. 150146)
　　　　　　　　　　　　　　　　　　　SULLIVAN & CROMWELL LLP
　　　　　　　　　　　　　　　　　　　1888 Century Park East, Suite 2100
　　　　　　　　　　　　　　　　　　　Los Angeles, California 90067
　　　　　　　　　　　　　　　　　　　(310) 712-6600 (telephone)
　　　　　　　　　　　　　　　　　　　(310) 712-8800 (facsimile)

　　　　　　　　　　　　　　　　　　　Laura Kabler Oswell (CSB No. 241281)
　　　　　　　　　　　　　　　　　　　SULLIVAN & CROMWELL LLP
　　　　　　　　　　　　　　　　　　　1870 Embarcadero Road
　　　　　　　　　　　　　　　　　　　Palo Alto, California 94303
　　　　　　　　　　　　　　　　　　　(650) 461-5600 (telephone)
　　　　　　　　　　　　　　　　　　　(650) 461-5700 (facsimile)

　　　　　　　　　　　　　　　　　　　Attorneys for Intervenor Thomson
　　　　　　　　　　　　　　　　　　　Consumer Electronics, Inc.

**MEMORANDUM OF POINTS AND AUTHORITIES**

On August 22, 2012, Plaintiffs filed their Motion for Leave to Amend the Complaint (Dkt No. 1325) (the "Motion"), which seeks to add Thomson Consumer and its parent company Thomson S.A., who has previously specially appeared in this action as a defendant in four of the original complaints that underlay this consolidated action but was dropped from this action with the filing of the original consolidated amended complaint in March 2009.  The Motion is scheduled to be heard on September 27, 2012.  On, September 7, 2012, Plaintiffs and Thomson filed a stipulation to permit Thomson Consumer until September 14, 2012 to oppose the Motion.  (Dkt. No. 1343.)

Thomson Consumer is entitled to intervene in this matter as of right to oppose Plaintiffs' proposed amendment.  If Plaintiffs' Motion is successful, Thomson Consumer will find itself forced to defend against claims for substantial damages in a case that has been actively litigated for four years, at substantial prejudice to Thomson Consumer.

**I.   THOMSON CONSUMER – AS A PARTY WITH SIGNIFICANT INTERESTS IN THE OUTCOME OF THE MOTION – IS ENTITLED TO INTERVENE AS OF RIGHT TO OPPOSE PLAINTIFFS' MOTION**

Thomson Consumer is entitled to intervene in this action "as of right" under Federal Rule of Civil Procedure 24(a) because: (1) this motion is timely; (2) Thomson Consumer has significant and protectable interests relating to the property or transaction which is the subject of the action and Plaintiffs' proposed amendment; (3) Thomson Consumer is so situated that the disposition of the action without its participation may, as a practical matter, impair or impede its ability to protect its interest; and (4) Thomson Consumer's interests are inadequately represented by the parties to the action.  *See* Fed. R. Civ. P. 24(a); *Forest Conservation Council* v. *U.S. Forest Serv.*, 66 F.3d 1489, 1493 (9th Cir. 1995).

*First*, this motion is timely because it was filed within the time allowed to oppose Plaintiffs' motion for leave to amend.  *Hildes* v. *Andersen*, No. 08-0008, 2010 WL 2836769 (S.D. Cal. July 19, 2010).  Thomson Consumer is seeking leave to intervene at the first relevant opportunity, and, by doing so will cause no prejudice to any party or delay in this matter. *See U.S. ex rel McGough* v. *Covington Technologies Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992).

*Second*, as one of the entities that Plaintiffs seek to add as a defendant in this matter, Thomson Consumer has a significant interest in opposing Plaintiffs' Motion.  If the Motion is granted,

Thomson Consumer will be added as a defendant to a complex class action involving 28 other defendants to defend against substantial claims.  This prospect of being added as a defendant under these circumstances represents a significant protectable interest.  *See VFD Consulting, Inc.* v. *21st Services, 21st Holdings, LLC*, No. 04-2165, 2005 WL 1115870, at *4-5 (N.D. Cal. May 11, 2005).

*Third,* and relatedly, the disposition of the Motion without Thomson Consumer's participation would, of course, prevent Thomson Consumer from arguing the undue prejudice that would result from its addition as a defendant in this matter.

*Fourth*, the current parties in the litigation are not able to adequately protect Thomson Consumer's interest in this matter.  As a party that has never been a defendant in this action, Thomson Consumer has a very specific interest in opposing the Motion and in avoiding being added to this matter for the first time.  That interest cannot be adequately argued by parties who are current defendants.  *See LG Electronics* v. *Q-Lite Computer, Inc.*, 211 F.R.D. 360, 364 (N.D. Cal. 2002).  ("The burden of showing inadequacy is minimal, and the applicant need only show that representation of its interests by existing parties may be inadequate.")

Each of these factors weighs in favor of allowing Thomson Consumer to intervene for the limited purpose of opposing the Motion.  Accordingly, Thomson Consumer should be permitted to intervene to oppose Plaintiffs' Motion.[1]

Dated:  September 14, 2012                    Respectfully submitted,

   /s/ Robert A. Sacks
Robert A. Sacks (CSB No. 150146)
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California 90067
(310) 712-6600 (telephone)
(310) 712-8800 (facsimile)

Laura Kabler Oswell (CSB No. 241281)
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, California 94303
(650) 461-5600 (telephone)
(650) 461-5700 (facsimile)

---

[1]   In the alternative, the Court should exercise its discretion to permit Thomson Consumer to intervene pursuant to Fed. R. Civ. P. 24(b).

| | |
|---|---|
| 1 | Attorneys for Intervenor Thomson Consumer Electronics, Inc. |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

SULLIVAN
&
CROMWELL LLP