Robert A. Sacks (SBN No. 150146)
(sacksr@sullcrom.com)
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California 90067
(310) 712-6600 (telephone)
(310) 712-8800 (facsimile)

Laura Kabler Oswell (SBN 241281)
(oswelll@sullcrom.com)
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, California 94303
Telephone:(650) 461-5600
Facsimile:(650) 461-5700

Attorneys for Intervenor Thomson
Consumer Electronics, Inc. and
Specially Appearing Thomson S.A.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS. | Case No.  07-5944-SC<br><br>MDL No. 1917<br><br>**OPPOSITION OF INTERVENOR THOMSON CONSUMER ELECTRONICS, INC. AND THOMSON S.A. (SPECIALLY APPEARING) TO INDIRECT PURCHASER PLAINTIFFS MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Date:  September 27, 2012<br>Time:  1:00 p.m.<br>JAMS:  Two Embarcadero Center, Suite 1500<br>Judge:  Hon. Samuel Conti<br>Special Master: Hon. Charles A. Legge (Ret.)<br><br>[MOTION FOR LEAVE TO INTERVENE; DECLARATION OF LAURA KABLER OSWELL; AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH] |

SULLIVAN
&
CROMWELL LLP

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................................1

BACKGROUND .........................................................................................................................2

ARGUMENT ..............................................................................................................................4

    I.      PLAINTIFFS MOTION CANNOT SATISFY EVEN THE LIBERAL
           STANDARD FOR AMENDMENT SET FORTH IN RULE 15 ....................................4

          A.     If Permitted, The Proposed Amendment Would Severely Prejudice
                Thomson .........................................................................................................5

          B.     Plaintiff Has No Excuse for Waiting Years To Re-Involve Thomson in
                this Matter. .....................................................................................................9

    II.     IF LEAVE TO AMEND IS GRANTED, IT SHOULD BE CONDITIONED
           UPON A FOUR MONTH STAY OF THIS LITIGATION AND AN
           ADDITIONAL EIGHT MONTH EXTENSION OF ALL DEADLINES. ....................10

CONCLUSION ..........................................................................................................................11

SULLIVAN
&
CROMWELL LLP

1

## <u>TABLE OF AUTHORITIES</u>

2
3

**Page(s)**

### CASES

4
5

*Amerisourcebergen Corp.* v. *Dialysist West, Inc.*
    465 F.3d 946 (9th Cir. 2006) .......................................................................7, 10

6

*Ascon Props., Inc.* v. *Mobil Oil Co.*
    866 F.2d 1149 (9th Cir. 1989) ........................................................................4, 5

7
8

*Bechtel* v. *Robinson*
    866 F.2d 644 (9th Cir. 1989) ..............................................................................9

9
10

*Chodos* v. *West Publishing Co.*
    292 F.3d 992 (9th Cir. 2002) ..............................................................................4

11

*DCD Programs, LTD* v. *Leighton*
    833 F.2d 183 (9th Cir. 1987) ..............................................................................9

12
13

*Eminence Capital, LLC* v. *Aspeon, Inc.*
    316 F.3d 1048 (9th Cir. 2003) ............................................................................8

14
15

*Expoconsul Int'l, Inc.* v. *A/E Sys., Inc.*
    145 F.R.D. 336 (S.D.N.Y. 1993) ........................................................................9

16

*Foman* v. *Davis*
    371 U.S. 178 (1962) ............................................................................................8

17
18

*In re TFT-LCD (Flat Panel) Antitrust Litig.*
    No. 07-1827 (N.D. Cal. April 12, 2011) ........................................................5, 7

19

*Issen* v. *GSC Enters., Inc.*
    522 F.Supp. 390 (N.D. Ill. 1981) .......................................................................9

20
21

*Jackson* v. *Bank of Hawaii*
    902 F.2d 1385 (9th Cir. 1990) ....................................................................4, 6, 9

22
23

*Lockheed Martin Corp.* v. *Network Solutions, Inc.*
    194 F.3d 980 (9th Cir. 1999) ............................................................................10

24

*Morongo Band of Mission Indians* v. *Rose*
    893 F.2d 1074 (9th Cir. 1990) ............................................................................7

25
26

*Omoregie* v. *Boardwalk Auto Center, Inc.*
    No. 07-3884, 2008 WL 3823697 (N.D. Cal. Aug. 13, 2008) ..............................8

27
28

*Scognamillo* v. *Credit Suisse First Boston, LLC*
    587 F.Supp.2d 1149 (N.D. Cal. 2008) ...........................................................8, 10

*Smith* v. *Guaranty Service Corp.*
    51 F.R.D. 289 (N.D. Cal. 1970) ...................................................................................8

*Union Pacific R. Co.* v. *Nevada Power Co.*
    950 F.2d 1429 (9th Cir. 1991) ....................................................................................8

*Wells Fargo Bank, N.A.* v. *Renz*
    No. 05-02561, 2010 WL 2867615 (N.D. Cal. July 20, 2010) ................................5, 7

*Wilkins-Jones* v. *County of Alameda*
    No. 08-1485, 2012 WL 3116025 (N.D. Cal. July 31, 2012) ....................................7

## STATUTES AND RULES

Fed. R. Civ. P. 15 ...................................................................................................4, 5, 6

1                                     **INTRODUCTION**

2        The Indirect Purchaser Plaintiffs ("Plaintiffs") seek to reintroduce Thomson S.A.,[1] a

3 French corporation that does not regularly transact business in the United States, to this action after a

4 more than three year absence, and also add Thomson Consumer Electronics, Inc. (collectively with

5 Thomson S.A., "Thomson") as a defendant for the first time.  Plaintiffs' motion for leave to file a Fourth

6 Amended Complaint in this now five-year-old litigation to add new defendants, including Thomson S.A.

7 and Thomson Consumer Electronics, Inc., should be denied because it would be unduly prejudicial.  In

8 the event the Court grants Plaintiffs' motion, any leave to amend should be conditioned upon a

9 substantial adjustment to the existing schedule in the action, including a limited stay of proceedings, to

10 provide time for Thomson's motions to dismiss (which will include jurisdictional, statute of limitations,

11 and substantive grounds) to be briefed and heard and, if necessary, for Thomson to catch up on the many

12 years of complex litigation that have taken place in its absence and without its involvement and afford it

13 an opportunity to participate effectively in the class certification process, discovery and other critical

14 aspects of this litigation that are ongoing.

15        Although Thomson S.A. was named as a defendant in four of the original complaints

16 filed in 2008, Plaintiffs voluntarily elected not to name Thomson S.A. (or any other Thomson-related

17 entity) when they filed their Consolidated Amended Complaint in March 2009.  This is not surprising

18 given Thomson sold its CRT operations in 2005 and the applicable statute of limitations is four years.

19 Since it was no longer a defendant in this action after Plaintiffs filed their Consolidated Amended

20 Complaint, Thomson, as one would expect, ceased its participation in this litigation at that time and has

21 not been involved since.  In November 2011, after more than 2-1/2 years of litigation in Thomson's

22 absence and without its participation or involvement, Plaintiffs asked Thomson to sign a tolling

23 agreement, which Thomson did notwithstanding its view that all potential claims were already time

24 barred.  But the proposed amendment today is no less prejudicial than it would have been had Plaintiffs

---

[1]    Thomson S.A. maintains the objection to jurisdiction it first filed in this action in October 2008. By specially appearing for purposes of opposing Plaintiffs' Motion, Thomson S.A. does not waive but expressly preserves all rights, objections and defenses, including, without limitation, objections to jurisdiction, venue, and service.  In the event the motion to amend is granted, Thomson S.A. will move to dismiss on personal jurisdiction grounds.

THOMSON'S OPPOSITION TO MOTION FOR LEAVE TO AMEND; Case No. CV-07-5944-SC

1   sought leave to file it at the end of 2011.  Seeking to add Thomson more than two years into active

2   discovery and on the eve of class certification briefing will inevitably prejudice Thomson and cause

3   delay and disruption at the expense of the 28 other defendants who have actively litigated this case for

4   the past several years.

5           Judge Illston rejected a similar motion by the indirect purchaser plaintiffs in the LCD

6   cases just last year, consistent with the approach taken in this District and numerous others when faced

7   with motions like the Motion here.  Plaintiffs cite no authority to support adding Thomson into this

8   complex litigation at this point, and the few cases cited in the Motion address very different

9   circumstances – for instance, the addition of claims or theories, not parties, or the addition of parties

10  who were named in nearly identical parallel proceedings or were the agents or alter-egos of existing

11  defendants.  The Court should deny Plaintiffs' Motion.

12                                          **<u>BACKGROUND</u>**

13          Thomson S.A. (but not Thomson Consumer Electronics, Inc.) was named as a defendant

14  in two of the indirect purchaser complaints (*Stack, et al.* v. *Chunghwa Picture Tubes, Ltd., et al.*, No. 08-

15  1319 (N.D. Cal., filed March 7, 2008) and *Ganz* v. *Chunghwa Picture Tubes, Ltd., et al.*, No. 08-1721

16  (N.D. Cal., filed March 31, 2008)), and in two of the direct purchaser complaints (*Radio & TV Equip.,*

17  *Inc.* v. *Chunghwa Picture Tubes, Ltd., et al.*, No. 08-00542 (D.N.J., filed Jan. 28, 2008) and *Sound*

18  *Investments Corp.* v. *Chunghwa Picture Tubes, Ltd., et al.*, No. 08-00543 (D.N.J., filed Jan. 28, 2008))

19  that were later consolidated into this action.  In each complaint, Plaintiffs alleged that Thomson S.A.

20  manufactured, sold, and distributed CRTs and/or CRT Products throughout the United States and was

21  involved in a global conspiracy with other named defendants.  (*See Ganz.*¶¶ 22, 48-72; *Stack* ¶¶ 33, 62-

22  86; *Radio & TV Equip., Inc.* ¶¶ 27, 69-79; *Sound Investments Corp.*, ¶¶ 27, 69-79.)

23          On October 15, 2008, Thomson S.A. filed a Notice Pursuant to Paragraph 4(g) of

24  Stipulation and Order for Limited Discovery Stay, notifying Plaintiffs of Thomson S.A.'s intent to

25  object to any discovery or other proceedings on the ground that the Court lacks personal jurisdiction

26  over Thomson S.A..  (Dkt. No. 397).  Pursuant to the Stipulation and Order for Limited Discovery Stay,

27  Plaintiffs were then entitled to seek certain jurisdiction-related discovery from Thomson S.A.   (*See* Dkt.

28  No. 379, ¶ 4(g).)  Although Plaintiffs' counsel contacted Thomson's counsel concerning the information

1 provided by the Stipulation, Plaintiffs' counsel, without explanation, discontinued these communications

2 in approximately January 2009.  (*See* Declaration of Laura Kabler Oswell in Support of Thomsons'

3 Opposition to Plaintiffs' Motion to Amend Complaint ("Oswell Decl."), ¶¶ 2-3, Ex. A.)

4         When Plaintiffs filed their Consolidated Amended Complaint on March 16, 2009,

5 Thomson S.A. was not named as a defendant.  (*See* Dkt. No. 437.)  Thomson S.A.'s active participation

6 in this matter ended at that point, more than three-and-a-half years ago.  Plaintiffs filed their Second

7 Amended Complaint on May 10, 2010 (Dkt. No. 716) and a Third Amended Complaint on

8 December 11, 2010 (Dkt. No. 827), and did not name Thomson S.A. nor Thomson Consumer

9 Electronics, Inc. in either complaint.  On June 11, 2012, Plaintiffs filed a motion to again amend their

10 complaint but did not seek to add Thomson in that proposed amended complaint either.  (*See* Dkt.

11 No. 1226.)

12         In November 2011, Plaintiffs' counsel contacted counsel for Thomson and asked that the

13 parties enter into a tolling agreement, to which Thomson acquiesced. (*See* Mot. at 7.)  At that point,

14 Thomson had exited the tubes business more than six years ago, long after the applicable four year

15 statute of limitations had expired.

16         On April 3, 2012, the Court entered a Scheduling Order.  (Dkt. No. 1127.)  Thomson

17 understands that the parties have agreed to further amend the schedule to require Plaintiffs' Motion for

18 Class certification to be filed in approximately two weeks, on October 1, 2012, and Defendants'

19 Opposition to be filed 70 days later, on December 10, 2012.  The Scheduling Order otherwise provides

20 that defendants must file any expert reports by May 23, 2013, that fact discovery must be complete by

21 August 30, 2013, and that dispositive motions are to be filed almost exactly one year from now, on

22 September 18, 2013.  (Dkt. No. 1127.)

23         On August 22, 2012, Plaintiffs filed their Motion seeking – for the first time since the

24 original complaints in this matter were filed in 2008 – to name Thomson S.A. as a defendant and to add

25 Thomson Consumer Electronics, Inc. as a defendant in this action for the first time.  Plaintiffs assert that

26 during their "preparation for the Rule 30(b)(6) depositions, [they] discovered" certain documents that

27 allegedly give rise to the proposed amendment.  (Mot. at 3.)  Plaintiffs acknowledge that this matter is

28 now well over two years into fact discovery, which commenced on March 8, 2010, and that most

1    defendants substantially completed their productions of documents nearly one year ago. (Mot. at 1-2; *see*

2    *also* Sched. Order, Dkt. No. 1127.)  Thomson understands from other defendants that millions of pages

3    of documents have been produced by parties and third parties in this matter and that approximately 24

4    depositions have been taken, with several others scheduled to occur imminently.

5                Plaintiffs have known since 2008 that Thomson S.A. believes it is not subject to personal

6    jurisdiction here and that any effort to proceed against it will involve a jurisdictional challenge.  Thus,

7    while the prejudice alone from allowing an amendment will be severe, it will be exacerbated because (1)

8    it would be inequitable to force Thomson S.A. to participate substantively this action when it has not yet

9    been established that Thomson S.A. is subject to the Court's jurisdiction; and (2) Thomson S.A. would

10   be forced to litigate, simultaneously, both the Court's jurisdiction and the important substantive issues

11   that are scheduled to occur at the same time, provided Thomson S.A. can preserve its jurisdictional

12   objection while actively participating in those matters.  Plaintiffs' proposed amendment effectively

13   requires that proceedings in this action be halted so Thomson S.A. is not further deprived of the

14   opportunity to participate in substantive litigation, such as class determinations, that may affect its rights

15   but that are scheduled to occur imminently.

16                                           **ARGUMENT**

17   **I.    PLAINTIFFS MOTION CANNOT SATISFY EVEN THE LIBERAL STANDARD FOR**
18   **       AMENDMENT SET FORTH IN RULE 15**

19                "When considering a motion for leave to amend, a district court must consider whether

20   the proposed amendment results from undue delay, is made in bad faith, will cause prejudice to the

21   opposing party, or is a dilatory tactic." *Chodos* v. *West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir.

22   2002); *see also Jackson* v. *Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).  Although the Ninth

23   Circuit has stated that Rule 15's standard for amendment should be "applied with extreme liberality"

24   (Mot. at 5), the decision to grant or deny leave to amend is ultimately a matter of the Court's discretion,

25   *Ascon Props., Inc.* v. *Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989), and "is not to be granted

26   automatically." *Jackson*, 902 F.2d at 1387.  The Court's discretion to deny leave to amend is

27   particularly broad in this case because Plaintiffs have amended their complaint three times previously.

28

1    *Ascon Props., Inc.*, 866 F.2d at 1160; *see also Wells Fargo Bank, N.A.* v. *Renz*, No. 05-02561, 2010 WL
2    2867615, at *2 (N.D. Cal. July 20, 2010).

3             Last year, Judge Illston rejected a strikingly similar attempt by a class of indirect
4    purchaser plaintiffs in the LCD cases to add new defendants – including the Mitsubishi entities Plaintiffs
5    also now seek to add to this case – at a late date, approximately nine months prior to the discovery cut-
6    off.  Oswell Decl., Ex. B,  Order re: Indirect Purchaser Plaintiffs' Motion to File a Third Amended
7    Complaint, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-1827 (N.D. Cal. April 12, 2011) (Dkt.
8    No. 2641) ("*LCD* Order").[2]  The Court stated at the hearing on the indirect purchasers' motion in that
9    case that it was simply "too late" for the plaintiffs to add new defendants and acknowledged that "it's
10   going to just take too much time and there's no good reason not to do this – not to have done it before."
11   *Id*., Ex. C,  *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-1827 (N.D. Cal.), Sept. 22, 2010 Hr'g
12   Tr. at 22:3-5.  On April 12, 2011, the Court issued a written order largely denying the motion to amend,
13   except as to new defendants necessary to clarify the liability of an existing defendant, that were formed
14   by a merger of existing defendants, or for purposes of facilitating a settlement, holding that, "adding
15   [certain new] entities as defendants will cause delay due to service, new discovery, and motion
16   practice."  *LCD* Order.  This Court should reach the same conclusion as to Thomson in this case.

17       **A.    If Permitted, The Proposed Amendment Would Severely Prejudice Thomson**

18             Reintroducing Thomson S.A. to this case after a nearly four year absence and adding
19   Thomson Consumer Electronics, Inc. for the first time would severely prejudice Thomson and – absent
20   significant adjustments to the current schedule for the case – deprive Thomson of the opportunity to
21   adequately defend itself.  As Northern District courts have recognized, the "act of simply . . . [a]mending
22   a complaint to add a party poses an especially acute threat of prejudice to the entering party…[a]voiding
23   prejudice to the added party thus becomes [a] major objective." *Wells Fargo Bank, N.A*., 2010 WL
24   2867615, at *3 (internal citations omitted).  Indeed, avoiding prejudice to Thomson is the most

---

[2]    Although defendants in that case opposed the motion to amend pursuant to Fed. R. Civ. P. 16 in
addition to Fed. R. Civ. P. 15, whatever distinctions may exist between the two rules did not
appear to factor into the Court's analysis.  *See* LCD Order; Oswell Decl., Ex. C,  *In re TFT-LCD
(Flat Panel) Antitrust Litig.*, No. 07-1827 (N.D. Cal.), Sept. 22, 2010 Hr'g Tr. at 22:3-5.

1    important factor in assessing a Motion to Amend under Rule 15. *See Jackson*, 902 F.2d at 1387

2    (affirming denial of leave to amend complaint).

3              If added as a defendant at this late date, there would have to be litigation of Thomson

4    S.A.'s jurisdictional defense.  During the pendency of that Motion, it would be inequitable and

5    prejudicial to Thomson S.A. to be forced to simultaneously address the many crucial events, including

6    class certification determinations, that are scheduled to occur in the meantime.[3]  Assuming plaintiffs

7    demand jurisdictional discovery, it is reasonable to believe that the discovery, briefing and decision on

8    this issue alone would take an additional four or more months.  In addition, both Thomson S.A. and

9    Thomson Consumer Electronics have substantial statute of limitations defenses that, along with

10   substantive challenges, would also have to be resolved in motions to dismiss.  Again, that process is

11   likely to take several months to resolve.

12             Moreover, apart from the threshold delay resulting from jurisdictional and other motion

13   to dismiss challenges, Thomson would be left to complete the following tasks while simultaneously

14   preparing the materials that are called for by the current Scheduling Order:

15   •    Collect, review, and produce documents responsive to discovery requests from

16        Plaintiffs – a process which is only further complicated by the fact that Thomson

17        S.A. is based in France and that Thomson exited the CRT business entirely in

18        2005 (*see* Declaration of Mario N. Alioto in Support of Indirect Purchaser

19        Plaintiffs' Notice of Motion and Motion to Amend the Complaint, Ex. A (the

20        "Proposed Amended Complaint"), ¶ 105.);

21   •    Obtain and search millions of pages of documents produced in the MDL for

22        documents that relate to Thomson, and review, analyze, and possibly translate

23        those documents;

24   •    Serve additional discovery on Plaintiffs related to Thomson;

25

26   [3]   As noted above, plaintiffs have been aware at least since October 2009, when Thomson S.A.
     filed its notice of intent to object to the Court's jurisdiction (Dkt. No. 397), that the Court's

27   jurisdiction as to Thomson S.A. would need to be resolved before this case could proceed as to
     Thomson S.A.

28

- Meet and confer regarding Plaintiffs' discovery responses and file any necessary motions to compel;

- Address class certification issues, including expert reports, as they pertain to Thomson;

- Identify, locate, contact and interview former Thomson personnel who may have knowledge concerning Plaintiffs claims, again complicated because Thomson S.A. is based in France and Thomson exited this business seven years ago; and

- Identify witnesses and notice depositions (likely including re-noticing depositions of witnesses already deposed in whose depositions Thomson did not participate).

And, this does not account for the fact that certain disputes will arise – as they have in the course of discovery with respect to the existing defendants – that will cause additional delay and require additional effort.  Meanwhile, as Thomson scrambles to catch up, the case – absent a stay or a substantial amendment to the current Scheduling Order – will proceed on its track toward trial with Thomson left further and further behind.  The net effect of Plaintiffs' proposed amendment would be to force Thomson, unfairly, to litigate this complex, international, matter dealing with a business it has not owned for years on an expedited basis.

The Northern District recognized in the LCD case, as courts in the Ninth Circuit have consistently done, that this is precisely the type of prejudice that Rule 15 was intended to protect against. *See LCD* Order; *see also, e.g., Amerisourcebergen Corp.* v. *Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (affirming denial of motion seeking leave to amend made five months before discovery deadline; amendment would prejudice defendant by forcing it to "scramble" to respond to "different legal theories and … different facts"); *Morongo Band of Mission Indians* v. *Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (affirming order denying plaintiff's request to file amended complaint that "would have required defendants to have undertaken, at a late hour, an entirely new course of defense."); *Wilkins-Jones* v. *County of Alameda*, No. 08-1485, 2012 WL 3116025, at *8 (N.D. Cal. July 31, 2012) (denying leave to amend on a motion for reconsideration of a prior order granting leave, noting "the possibility of prejudice from amendment is the most important factor in the Rule 15(a) analysis."); *Wells Fargo Bank, N.A.*, 2010 WL 2867615, at * 4 (denying leave to add new party more than five months from discovery

THOMSON'S OPPOSITION TO MOTION FOR LEAVE TO AMEND; Case No. CV-07-5944-SC

1   deadline; new party "would be substantially prejudiced in comparison to the other parties that have been

2   engaged in discovery for at least a year"); *Scognamillo* v. *Credit Suisse First Boston, LLC*, 587

3   F.Supp.2d 1149, 1155-1156 (N.D. Cal. 2008) (denying leave to amend and noting that"[o]ther courts

4   have found intolerable prejudice when plaintiffs have sought to add defendants a month before the close

5   of discovery …."); *Omoregie* v. *Boardwalk Auto Center, Inc.*, No. 07-3884, 2008 WL 3823697, at *7

6   (N.D. Cal. Aug. 13, 2008) (denying motion seeking leave to add new defendants because proposed new

7   defendants "would suffer substantial prejudice by being required to defend themselves from plaintiff's

8   claims at this late date ….").

9           Plaintiffs claim that Thomson cannot be prejudiced "because Thomson was named as a

10  defendant in some of the original indirect purchaser complaints filed in 2007," and because Thomson

11  entered into a tolling agreement with Plaintiffs in November 2011.  (Mot. at 7.)  According to Plaintiffs,

12  Thomson's *awareness* of this litigation is somehow equivalent to Thomson's *participation* in this

13  litigation.  (*See id.*)  This, of course, makes no sense, and Plaintiffs know their assumption is incorrect –

14  Thomson S.A. has not participated in these matters since it last heard from Plaintiffs in January 2009

15  and Thomson Consumer Electronics, Inc. has never participated in any of these actions.  The only

16  possible way to alleviate this prejudice to Thomson is to significantly delay the current deadlines in this

17  matter by many months to permit Thomson the time reasonably required to complete the tasks that have

18  been completed by others over the last three years, after Thomson S.A.'s objection to personal

19  jurisdiction and Thomson's statute of limitations and other motions to dismiss are resolved.[4]

20          The authority Plaintiffs cite in support of their proposed amendment is inapposite.

21  Several of the cases cited address proposed amendments adding new claims, not new defendants,[5] and

22

23  _____

    [4]      Any delay resulting from the proposed addition of Thomson will also prejudice the 28 other
24  defendants in this matter and disrupt the efficient proceeding of this case.  Plaintiff argues that
    this is not the case because the proposed amendment "will not alter the scope of the discovery
25  against [the existing defendants]."  (Mot. at 7.)  Plaintiffs miss the point.  The addition of a new
    defendant (let alone the several defendants Plaintiffs seek to add here) at this time will
26  necessarily delay the proceedings significantly, at great cost to all parties.  Plaintiffs
    acknowledge that the amendment will likely require further delays in the current schedule. (Mot.
27  at 8.)

28  [5]      *See, e.g., Foman* v. *Davis*, 371 U.S. 178, 179 (1962); *Eminence Capital, LLC* v. *Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003); *see also Smith* v. *Guaranty Service Corp.*, 51 F.R.D. 289, 292

1   "[a]mendments to add claims are to be granted more freely than amendments adding parties." *Union*

2   *Pacific R. Co.* v. *Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991); *see also Wells Fargo Bank,*

3   *N.A.,* 2010 WL 2867615, at *3.  Other cases Plaintiffs cite seek to add as defendants entities that are

4   alter egos or agents of existing defendants (*see Expoconsul Int'l, Inc.* v. *A/E Sys., Inc.*, 145 F.R.D. 336,

5   336 (S.D.N.Y. 1993)) or that were already defendants in parallel actions (*see Issen* v. *GSC Enters., Inc.*,

6   522 F.Supp. 390, 392 (N.D. Ill. 1981)).  Still other cases Plaintiffs cite seek amendment in the "initial

7   stages of discovery," *Bechtel* v. *Robinson*, 886 F.2d 644, 652 (9th Cir. 1989), or in the case's "early

8   stages," prior to the scheduling of any trial date, *DCD Programs, LTD* v. *Leighton*, 833 F.2d 183, 187

9   (9th Cir. 1987).  None of these cases supports amendment in the circumstances presented by Plaintiffs'

10  Motion.  Finally, certain of the cases Plaintiffs cite actually support the denial of  the Motion.  *See DCD*

11  *Programs*, 833 F.2d at 187 ("[a]mending a complaint to add a party poses an especially acute threat of

12  prejudice to the entering party.") (*See* Mot. at 5.)

13        **B.        Plaintiff Has No Excuse for Waiting Years To Re-Involve Thomson in this Matter.**

14        Courts in the Ninth Circuit do not permit plaintiffs to amend their complaint where a

15  plaintiff has unjustifiably and inexcusably delayed the proposed amendment.  *See Jackson*, 902 F.2d at

16  1388.  In assessing delay, the court asks whether the moving party "knew or should have known the

17  facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1388.  Even

18  assessing Plaintiffs' amendment as if it was proposed in November 2011 when Plaintiffs and Thomson

19  entered into a tolling agreement, it was still unjustifiably and inexcusably delayed and should not be

20  permitted.  Plaintiffs were appointed interim lead plaintiffs in a series of cases that included Thomson

21  S.A. as a defendant, and, despite Thomson S.A.'s objection on jurisdictional grounds, Plaintiffs

22  interacted with Thomson S.A. as if it was a defendant – including by making informal requests for

23  discovery – until early 2009.  (*See* Oswell Decl. ¶¶ 2-3 Ex. A.)  Plaintiffs cannot credibly claim they did

24  not know, or at the very least could not have known, of their potential claims against Thomson when

25  they first filed their Consolidated Amended Complaint in March 2009.

26

27        (N.D. Cal. 1970) (evaluating proposed amendment of complaint to allege more active
           participation by an existing defendant.)

28

1    Plaintiffs do not even bother to suggest anything to the contrary.  Instead, after dropping

2    Thomson S.A. from this case in the face of Thomson S.A.'s jurisdictional challenge, Plaintiffs waited

3    until November 2011 to even seek a tolling agreement with Thomson.[6]  (*See* Mot. at 3-4.)  But nothing

4    about the process that Plaintiffs undertook speaks to how the Plaintiffs – after being aware of the

5    allegations against Thomson for at least two-and-a-half years and affirmatively dropping Thomson from

6    the case – waited even that long.  Indeed, Plaintiffs' decision to wait is reason enough to deny Plaintiffs'

7    Motion.  *See, e.g., Lockheed Martin Corp.* v. *Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)

8    (affirming denial of leave to amend where plaintiff knew about facts underlying new proposed claim

9    months before proposed amendment).[7]

10    Thomson should not be punished and this large, expensive case should not be derailed

11    because of Plaintiffs' strategic decision to wait for years before taking action against Thomson.

12    **II.    IF LEAVE TO AMEND IS GRANTED, IT SHOULD BE CONDITIONED UPON A
      FOUR MONTH STAY OF THIS LITIGATION AND AN ADDITIONAL EIGHT
13    MONTH EXTENSION OF ALL DEADLINES.**

14    Plaintiffs' motion to amend should be denied.  In the event it is not, the Court should stay

15    this case for a minimum of four months to allow litigation of Thomson S.A.'s personal jurisdictional

16    challenge.  Thomson S.A. should not be further prejudiced by being forced to incur costs to litigate other

17    substantive issues in this case at the same time it is also litigating jurisdictional issues and addressing

18    jurisdictional discovery, before it has even been determined that this Court has jurisdiction over

19    Thomson S.A.  In addition, Thomson has substantial statute of limitations and other challenges to the

20

21

22    [6]    In the November 2011 Tolling Agreement, Thomson agreed to "not assert any objection to such
      motion on the grounds of timeliness, but reserves all other rights to oppose the motion."
23    Although it is not necessary to evaluate Plaintiffs' delay at all given the prejudice that allowing
      the proposed amendment would cause, here Plaintiffs' delay from the filing of the first
24    Consolidated Amended Complaint in March 2009 up to the time it obtained a tolling agreement
      from Thomson in November 2011 was itself undue delay.

25    [7]    *See also Amerisourcebergen*, 465 F.3d at 953 ("We have held that an eight month delay between
26    the time of obtaining a relevant fact and seeking a leave to amend is unreasonable.");
      *Scognamillo*, 587 F.Supp.2d at 1159 (denying plaintiffs' motion to amend complaint where
27    plaintiffs "have long had access to the information on which they based their new theory of the
      case, and delayed in seeking leave to amend their complaint.").

28

SULLIVAN
&
CROMWELL LLP

THOMSON'S OPPOSITION TO MOTION FOR LEAVE TO AMEND; Case No. CV-07-5944-SC

1  proposed claims that should be adjudicated before it is required to participate in ongoing, complex

2  litigation.  Four months is realistically the minimum period in which those matters can be determined.

3            Thereafter, the Court should extend the deadlines on the discovery schedule by an

4  additional eight months (or a total of 12 months including the stay period), so that Thomson has time to

5  get up to speed and can effectively prepare to participate in ongoing event, which require extensive

6  review of facts, service of discovery, retention and preparation of experts in what will still be a very

7  abbreviated time period, recognizing the Plaintiffs and other parties to this litigation have been at it for

8  several years already.

9                              **CONCLUSION**

10           Plaintiffs' proposed amendment would severely prejudice Thomson and should be

11  denied.  In the event the Motion is not denied, it should be conditioned upon a four month stay of this

12  case and an additional eight month (a total of 12 months) extension of all deadlines in the scheduling

13  order.

14  Dated:  September 14, 2012                    Respectfully submitted,

15

16                              /s/ Robert A. Sacks
                               Robert A. Sacks (CSB No. 150146)
17                             SULLIVAN & CROMWELL LLP
                               1888 Century Park East, Suite 2100
18                             Los Angeles, California 90067
                               (310) 712-6600 (telephone)
19                             (310) 712-8800 (facsimile)

20                             Laura Kabler Oswell (CSB No. 241281)
                               SULLIVAN & CROMWELL LLP
21                             1870 Embarcadero Road
                               Palo Alto, California 94303
22                             (650) 461-5600 (telephone)
                               (650) 461-5700 (facsimile)
23
                               Attorneys for Intervenor Thomson
24                             Consumer Electronics, Inc. and
                               Thomson S.A. (Specially Appearing)

25

26

27

28

SULLIVAN
&
CROMWELL LLP

THOMSON'S OPPOSITION TO MOTION FOR LEAVE TO AMEND; Case No. CV-07-5944-SC