**SAVERI & SAVERI, INC.**
706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

September 15, 2012

*VIA ECF*

Hon. Charles A. Legge
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

      Re:    *In Re: Cathode Ray Tubes (CRT) Antitrust Litigation*, MDL 1917

Your Honor:

      Saveri & Saveri, Inc. ("Saveri") respectfully submits this opposition to Sharp Corporation's ("Sharp") motion to compel production of certain documents responsive to subpoena served pursuant to 28 U.S.C. §1782 ("Motion to Compel").

**I.   Introduction**

      Saveri should not have to bear the substantial burden the subpoena imposes. As explained below, it will take at least 30 to 40 hours for Saveri to collect and produce the documents Sharp seeks. Sharp's dismissive argument that paying for Saveri's time eliminates any burden is wrong because it incorrectly assumes that Saveri has nothing better to do with its limited resources.

      Indeed, Saveri should not even be a party to this proceeding. By its motion Sharp seeks to compel Saveri to produce all documents produced by defendants in this action for use in a Korean case it has brought against the very same defendants. By definition, therefore, the defendants in this case and the Korea case have in their possession *exactly* what Sharp seeks from Saveri. The following points are inarguable:

- Defendants' interest in the disposal of the documents far exceeds Saveri's (conclusively demonstrated by the Protective Order herein, which prohibits Saveri from disclosing confidential documents produced to it to third parties);

- It would be less burdensome for Defendants rather than Saveri to produce the documents to Sharp because of their enormous resources;

- The only reason Sharp seeks these documents from Saveri is because it believes it will be unable to get them directly from the Defendants in the Korean proceeding.

In these circumstances, it is plain that Sharp should be required to proceed directly against the Defendants. Sharp's motion should be denied.

## II. Argument

Saveri has asserted four main objections. Each suffices to deny Sharp's motion.

### A. Sharp's Subpoena Violates Section 1782 Because It Is an Attempt to Circumvent Korean Law.

As Defendants explain, Sharp's subpoena contravenes Section 1782 because it is an attempt to circumvent Korean law. *See* Defendants' Motion to Quash Sharp Subpoena, at pp. 4–9 ("Motion to Quash").

### B. Sharp's Subpoena Is Unduly Burdensome

Sharp's argument that the subpoena does not impose an undue burden on Saveri fails for several reasons: 1) compliance with the subpoena will require Saveri to allocate resources to it which are required for other time-sensitive tasks; 2) it is inappropriate for Sharp to seek to impose this burden on Saveri before it has sought them from defendants; and 3) Sharp's subpoena is overbroad.

First, Sharp incorrectly assumes that the subpoena imposes a minimal burden on Saveri. As explained in the Declaration of R. Alexander Saveri In Support of Opposition to Sharp Motion to Compel attached hereto, complying with the subpoena would in fact require substantial time and expense. Sharp seeks over 5 million pages of documents. Contrary to Sharp's apparent belief, it is not a simple matter to download them to a hard drive or similar device for production. Defendants have produced their documents over several years via scores of transmittals in a myriad of formats. For example, Defendants have produced documents via CD-ROM, via hard drive, via emailed zip files, via emailed pdf files; and via FTP website, among others. Saveri Decl., ¶ 3.

While Saveri has laboriously transferred these files to a server, the documents are contained in many separate files. For this reason, Saveri estimates it will take at least 30 to 40 hours of labor by Saveri to comply with the subpoena. Saveri Decl., ¶ 4.

This burden cannot be entirely relieved by Sharp's agreement to pay for Saveri's time. Sharp fails to take into account that – unlike itself or the Defendants or their law firms – Saveri is not a multi-national enterprise. While Saveri might be able to outsource some of the work, much of it will occupy personnel who have – from Saveri's perspective – much more important and productive things to be doing. Saveri Decl., ¶ 5.

Second, the discovery Sharp seeks "is obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. Pr. 26(b). Courts have barred discovery against third parties where the material sought is available from a party to a litigation. *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975 (1st Cir. 1993); *see also Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 0950630, 2009 WL 2351769 (E.D. Mich. July 29, 2009) ("The Court finds that, in addition to being broad, these requests are obtainable from Plaintiff in a more direct, less burdensome, and more convenient fashion."); *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646 (9th Cir. 1980) ("While discovery is a valuable right and should not be unnecessarily restricted, the 'necessary' restriction may be broader when a nonparty is the target of discovery.").

In *Haworth*, the defendant sought discovery of a settlement agreement the plaintiff had entered into from a nonparty. 998 F.3d at 978. The Federal Circuit affirmed the District Court's denial of the motion to compel holding that the defendant must first seek the settlement agreement from its opponent. *Id.* Here the facts are even more compelling. Not only is the burden of the discovery sought much greater – 5 million pages versus a single agreement – but the Defendants here are better able to bear the burden of the discovery by virtue of their enormous resources, and are much more interested in protecting the confidentiality of the documents. Sharp's motion should be denied on this ground alone.

Third, Sharp's subpoena is vastly overbroad. Again, Sharp seeks, without any discrimination whatsoever, every document produced by the Defendants. Sharp concedes that only a small portion of these documents will be relevant in the Korean litigation, *see* Decl. of Keum-Seok Oh in Support of Sharp Corporation's Opposition to Defendants' Motion to Quash Sharp Subpoena to Saveri & Saveri, Inc., ¶ 23 ("Oh Decl."); Sharp Opposition to Defendants' Motion to Quash, at p. 9, but makes no effort to meaningfully describe these documents. Sharp's motion should be denied on this ground as well.

### C. Sharp's Subpoena May Result In the Disclosure of Protected Information.

As noted above, Saveri has no interest in the confidentiality of the materials Sharp seeks, except insofar as it must comply with the Protective Order. As Defendants explain, however, even if Sharp agrees to comply with the terms of the Protective Order, use of the documents in the Korean proceeding will likely compromise the confidentiality of Defendants' documents. *See* Motion to Quash, at pp. 9–10.

### D. Sharp's Subpoena Invites Similar Subpoenas By Other Foreign Litigants

If Sharp succeeds in obtaining the requested documents in this fashion, it will have created a blueprint for other foreign litigants to follow. Sharp's focus on "absent class members" misses the point. Motion to Compel, at p. 5. The conspiracy at issue here has spawned litigation all over the world. There is no reason Saveri should have to bear the burden of becoming the conduit for discovery for plaintiffs around the world, when the discovery is available from the Defendants themselves.

### III. Conclusion

For the foregoing reasons, Saveri respectfully requests that the Court deny Sharp's Motion to Compel.

Respectfully submitted,

/s/ *Geoffrey C. Rushing*
Geoffrey C. Rushing
Saveri & Saveri, Inc.
Interim Lead Counsel for the
Direct Purchaser Plaintiffs

cc: All Counsel via ECF
crt.570