MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. RUSSELL, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA  94123
Telephone:  (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel for the
Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION <br><br> This document relates to: <br><br> ALL INDIRECT PURCHASER ACTIONS | **Master File No. 3:07-cv-5944 SC** <br><br> **MDL No. 1917** <br><br> **INDIRECT PURCHASER PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT** <br><br> Date:  September 27, 2012 <br> Time: 1:00 p.m. <br> JAMS: Two Embarcadero Center, Suite 1500 <br> Judge: The Honorable Samuel Conti <br> Special Master: Hon. Charles A. Legge (Ret.) |

INDIRECT PURCHASER PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT
MDL NO. 1917
CASE NO. 3:07-cv-05944 SC

## I. INTRODUCTION

The Mitsubishi and Thomson Defendants oppose IP Plaintiffs' Motion on two grounds, (1) undue delay; and (2) undue prejudice. It is their burden to establish both of these. They fail to meet that burden. Defendants cannot prevail on the issue of delay. IP Plaintiffs filed their Motion within one month of having reason to do so. Nor can Defendants show undue prejudice. The Court has not yet set a deadline for bringing in new parties; IP Plaintiffs are adding no new claims or legal theories; briefing on class certification is only now getting underway; and merits discovery has yet to begin.

Defendants rely on Judge Illston's ruling in the LCD litigation denying in part a motion for leave to add parties. What Defendants do not reveal is that the motion was brought *after* class certification. Judge Illston made clear that this was a crucial fact supporting denial of the motion.[1] Here, Plaintiffs' class certification motion has not yet even been filed: It is due October 1, 2012. The opposing brief is due December 10, 2012, the reply is due January 24, 2013, and the hearing date will be sometime in 2013. Defendants thus will have ample opportunity to participate in any opposition to class certification. Defendants can also rest assured that the existing defendants will present a vigorous defense. Plaintiffs' motion for leave to amend should be granted.

As for Videocon, Plaintiffs' motion should be granted as well, for the same reasons applicable to Mitsubishi and Thomson as set forth below.

---

[1] *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, 3/28/10 Order Granting Indirect Purchaser Plaintiffs' Motion for Class Certification (Dkt. No. 1642); and 8/4/10 Indirect Purchaser Plaintiffs' Motion for Leave to Amend Complaint (Dkt. No. 1948). The hearing transcript confirms that class certification had a significant impact on the timeliness of the motion. Agreeing that "it really does" come down to the timeliness issue, the Court stated: ***"Timeliness and the timing. We are now, however, many months downstream from having certified your class."*** Oswell Decl. in support of Thomson Opp'n, Ex. C at 17:22-24 (emphasis added.) That is not the situation here.

## II. THE COURT SHOULD GRANT THE MOTION AS TO MITSUBISHI AND THOMSON

### A. Defendants Have Not Met Their Burden To Show Undue Delay

According to Mitsubishi, Plaintiffs' motion is dilatory because the case was filed in 2007, long after Mitsubishi's participation in the CRT business.[2]  *See* Mitsubishi Opp'n at 6-7.  But that is not the standard.  As Mitsubishi itself acknowledges, the question is whether a plaintiff moves to amend "long after it should have become aware of the information that underlies the motion."  *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1388 (9th Cir. 1990).  Here, there was ***no delay at all***, undue or otherwise, from the time that Plaintiffs discovered the facts implicating Defendants in the conspiracy to the date Plaintiffs moved to amend.

IP Plaintiffs for some time had suspected that they had credible claims against Defendants.  But suspicions alone are not enough.  Plaintiffs are well-aware of the requirements that a claim be plausible and based on a well-founded belief.  *See, e.g.,* Federal Rules of Civil Procedure, Rules 8(a), 11(b); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).  Plaintiffs entered into tolling agreements with Thomson and Mitsubishi in November 2011 to preserve their rights.  Plaintiffs' suspicions did not rise to the level sufficient to bring Defendants into the case until now.

As discussed in the Motion, the existing defendants produced over a million documents, primarily in November and December 2011.  These documents consist of millions of pages, are largely in Chinese, Korean and Japanese, and contain numerous handwritten documents difficult to search electronically.  It took time for Plaintiffs to digest this material.

Plaintiffs discovered the reports in the course of preparing for Rule 30(b)(6) depositions. Plaintiffs were only able to confirm Defendants' participation in the conspiracy in July 2012,

---

[2] Mitsubishi also contends that Plaintiffs "delayed for four years" before addressing this issue. *See* Mitsubishi Opp'n at 7.  Likewise, Thomson contends that Plaintiffs unduly delayed moving to amend from March 2009 until the date of the tolling agreement, November 2011.  Mitsubishi and Thomson ignore the discovery stay in place from the beginning of the case in 2007 ***until March 8, 2010***.

2
INDIRECT PURCHASER PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT
MDL NO. 1917
CASE NO. 3:07-cv-05944 SC

when Rule 30(b)(6) deponents for Panasonic corroborated the exchange of production line status reports among existing Defendants. Plaintiffs filed their Motion for leave to amend to add Defendants as soon as practicable thereafter—on August 22, 2012, a mere month following the depositions.

Defendants' arguments should be rejected for still another reason. Defendants fault Plaintiffs for their purported delay. Yet, had Plaintiffs moved to include Defendants in the case before obtaining the information needed to support their claims, Defendants surely would have moved to dismiss under Rule 12(b)(6) on grounds that Plaintiffs' allegations were not sufficiently detailed. Such a Catch-22—being criticized for delay yet attacked for alleging insufficient claims—would be unjust to Plaintiffs.

Defendants cite to a number of authorities purportedly supporting their position. The cases are all distinguishable. Unlike here, they involve parties seeking to amend long after discovery of the facts;[3] long after the plaintiffs could have discovered those facts;[4] and at a late stage in the litigation, without providing justification for their delay.[5]

---

[3] *See, e.g., AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946, 951 (9th Cir. 2006) (plaintiff moved to amend "nearly fifteen months after it first learned that counterfeit Procrit was in the marketplace and three months after entering a reply where it conceded that the products for which it had not paid Dialysist West, including Procrit, were genuine").

[4] *See, e.g., Wells Fargo Bank, N.A. v. Renz,* No. 05-02561, 2010 WL 2867615 at *2 (N.D. Cal. July 20, 2010) (moving party "offered no reason for the delay" in moving for leave to amend complaint to add parties for a third time, and information on the identity of the newly-proposed defendant was available sooner through search of grant deeds in public records).

[5] *See, e.g., Jackson,* 902 F.2d at 1388 (party delayed amendment long after telling the Court it would amend, provided no explanation for the delay, and the facts relied upon had been previously available); *Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980, 986 (9th Cir. 1999) (same; motion came after a stipulated deadline); *Chodos v. West Publishing Co.,* 292 F.3d 992, 1003 (9th Cir. 2002) ("new" facts were available even before the first amendment to the complaint, and the motion to amend to add a fraud claim was a dilatory tactic at the end of discovery when the opposing party moved for summary judgment); *Texaco, Inc. v. Ponsoldt,* 939 F.2d 794, 799 (9th Cir. 1991) (Texaco moved to amend eight months after summary judgment against it, facts were available a full year before, and Texaco waited until after discovery was over, less than five months before the trial date); *Wilkins-Jones v. County of Alameda,* No. 08-1485, 2012 WL 3116025 at *10 (N.D. Cal. July 31, 2012) (plaintiff moved to amend on eve of

3

INDIRECT PURCHASER PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT
MDL NO. 1917
CASE NO. 3:07-cv-05944 SC

**B. Defendants Have Not Met Their Burden To Show Undue Prejudice**

Defendants also contend that they will be prejudiced if they are brought into the litigation. But Defendants cannot explain why, at this stage of the litigation—before class certification, before the Court has set deadlines for adding parties, with a discovery cut-off a year and a half away, and with merits discovery not even begun, they should not be joined. Further undermining Defendants' position, Mitsubishi and Thomson have long had both actual notice of this litigation and notice that IP Plaintiffs might seek leave to add them as defendants.

Thomson argues that "awareness" of the litigation is not equivalent to participation. Yet given earlier filings naming Thomson S.A.; given the tolling agreements signed by Thomson and Mitsubishi; and given that the Complaint alleges that IP Plaintiffs might bring in other co-conspirators, Defendants' failure to prepare itself by preserving evidence and by conducting investigations into their respective roles in the conspiracy would be highly unlikely. Indeed, Thomson's tolling agreement[6] bound Thomson "to take all steps to preserve relevant evidence and documents as if it were a named defendant in the MDL Proceeding."

In addition, Defendants do not take into account the numerous orders and activities already undertaken from which they will derive benefit.

For example, the parties and the Court have largely settled the pleadings after a series of motions to dismiss and amendments to the complaint. The claims for a finished products conspiracy have been eliminated from the case by stipulation. A number of protocols are already in place— a protocol regarding proceedings before the Special Master; a custodian-based

---

summary judgment, raising the "specter of bad faith," and "[did] not specify when in discovery she learned of the mistake and why she did not immediately seek leave at that point to amend"); *Netbula, Inc. v. Indview Development Corporation,* No. C06-00711, 2007 WL 2221070 at *4, 6 (N.D. Cal. August 2, 2007) ("Plaintiff's proposed amendments come after the close of discovery and involve adding an additional 400 unnamed Doe defendants, asserting two new claims, and alleging a number of factual allegations"; "new factual allegations consist of information that have [sic] long been within Plaintiff's control").

[6] The terms of the Mitsubishi tolling agreement are confidential.

discovery protocol; an ESI protocol; a deposition protocol; and a protocol regarding translations. A protective order and a pre-trial schedule coordinating all plaintiffs also are in place. In addition, Plaintiffs have responded to the existing defendants' contention interrogatories, the putative class representatives have responded to the defendants' discovery, and their depositions are underway. Thomson and Mitsubishi can take advantage of all this work already accomplished and can quickly "get up to speed."

The cases Defendants rely upon all present significantly different, and egregious, circumstances absent in the case at hand.[7]

### 1. Mitsubishi Does Not Establish That Amendment Would Be Prejudicial

Mitsubishi provides two purported examples of the "unavoidable prejudice" it will be subject to if added into the litigation. Opp'n at 5. Neither example is convincing.

To begin, Mitsubishi complains that IP Plaintiffs learned of its involvement during Rule 30(b)(6) depositions of other parties, which Mitsubishi did not attend. The stated basis for prejudice is that: "Plaintiffs seek to establish liability based on a factual record developed without the participation of Mitsubishi Electric." Opp'n at 5. IP Plaintiffs do not need a "factual

---

[7] *See, e.g., Netbula, Inc.*, 2007 WL 2221070 at *6 (proposed amendment came after the close of discovery, and involved adding Doe defendants, two new claims, and new factual allegations); *AmerisourceBergen Corp.,* 465 F.3d at 953 (finding prejudice where amendment propounded a new theory that could have been raised in original complaint); *Jackson,* 902 F.2d at 1387-88 (amendment would have added claims advancing different legal theories and requiring proof of different facts); *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990) ("The new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense"); *Wells Fargo Bank,* 2010 WL 2867615 at *4 (denying third motion to amend to add a party where depositions had already been taken and the discovery deadline was only five months away; "Defendant was aware at the time of the deposition that other potential third party defendants had not yet been added to the suit. Yet, Defendant did nothing to ensure that all appropriate entities were named in the Second Amended Third Party Complaint."); *Scognamillo v. Credit Suisse First Boston, LLC,* 587 F. Supp. 2d 1149, 1156 (N.D. Cal. 2008) (proposed amendments came late in the litigation, involved new legal theories that presented a "radical departure" from previous pleadings, and required "extensive additional discovery on entirely new topic.").

record" developed with "the participation of Mitsubishi" to move for leave to amend. Nor is Mitsubishi entitled as a matter of right to such participation.

Next, Mitsubishi points to "this advanced stage of this litigation" which would force it "to get up to speed" on an "extraordinarily expedited basis, with unavoidable prejudicial effect." (*Id.*) Mitsubishi does not explain exactly what this prejudicial effect would be. The litigation is not nearly as advanced as Mitsubishi wants the Court to believe. IP Plaintiffs rebut below point-by point Mitsubishi's arguments that the case has progressed too far (*see id.* at 2-3):

- Motion practice. The initial case was filed in November 2007. However, the discovery stay imposed by the Court precluded significant activity until the stay was lifted in March 2010. As a practical matter, the main discovery activity has taken place in 2011 and 2012—not in the five past years, as Defendant implies. The catalyst for this activity was the production of documents by existing defendants.
- Document discovery. IP Plaintiffs served two sets of document requests; Direct Purchaser Plaintiffs served three sets of document requests. The bulk of Defendants' actual document productions occurred late in 2011. Third-party discovery, consisting entirely of data for class certification purposes, has been made available to existing defendants and can be provided to Defendants as well.
- Other written discovery. ***Direct*** Purchaser Plaintiffs, in cooperation with IP Plaintiffs, have served two sets of interrogatories. As a result, IP Plaintiffs have not yet had to serve interrogatories.
- Deposition discovery. No merits depositions have yet taken place. Depositions to date include 28 (30(b)(6) depositions of existing defendants, and depositions of named plaintiffs. All these depositions have focused on class certification issues.
- Class certification discovery and briefing. IP Plaintiffs have not yet filed their motion and initial expert report. Mitsubishi will have ample time to provide input into the opposition. Moreover, class certification is not defendant-specific; Mitsubishi's

interests will be adequately represented by the many other existing defendants who will be opposing the motion.

- <u>Trial schedule</u>.  The current trial date is April 14, 2014.  Trial is not imminent.

In sum, Mitsubishi is unable to establish prejudice, let alone prejudice warranting denial of IP Plaintiffs' Motion.

### 2. Thomson Does Not Establish That Amendment Would Be Prejudicial

Thomson essentially makes two points.  First, it contends that it would suffer prejudice because of delays stemming from motion practice.  It intends to move to dismiss, which process, it claims, could take "four or more months."  Opp'n at 6.  For its part, Thomson S.A. believes that it has a jurisdictional defense[8] and that jurisdictional discovery is also likely to take "several months to resolve."  *Id.*  Thomson provides no support for these time estimates, which are purely speculative.

Second, Thomson argues that it will have to litigate "on an expedited basis."  *Id.* at 7.  Both Thomson entities contend that it will take them time to review the discovery produced in this litigation, to produce relevant documents, to propound and respond to discovery requests, and the like.  Such activities do not evidence undue prejudice.  Again, IP Plaintiffs seek amendment at a relatively early stage of the litigation—far from the last-minute, efforts to amend discussed in the cases cited by Defendants.[9]

IP Plaintiffs have acted diligently, and Defendants' showing of undue prejudice is unconvincing.  IP Plaintiffs respectfully request that the Court grant their Motion.

### III. THE COURT SHOULD GRANT THE MOTION AS TO VIDEOCON

As Plaintiffs explained in their opening brief, Videocon is an Indian corporation that purchased Thomson's CRT business in 2005.  It manufactured, marketed, sold and distributed CRTs in the United States.  As is true with respect to the Thomson and Mitsubishi Defendants,

---

[8] Thomson Consumer Electronics does not raise a jurisdictional argument.

[9] *See* cases cited in n.7, *supra*.

Plaintiffs recently discovered line status reports detailing sensitive information about Videocon's production, capacity and output. Plaintiffs confirmed during the deposition process that existing defendants exchanged these production line status reports.

Videocon has not opposed the Motion. Plaintiffs did not give notice of their Motion and they do not know whether Videocon has knowledge of this litigation. The Court nonetheless should permit Plaintiffs to add Videocon as a defendant.

First, no due process concerns arise from the lack of notice. *See, e.g., Fotouhi v. Phillips, Spallas & Angstadt, LLP (In Re Fotouhi)*, B.R. No. 05–44839 N, 2008 WL 821723 at *3 (Bkrtcy. N.D. Cal. (March 24, 2008) ("In the context of amending a pleading, due process is satisfied if the amended pleading is filed and served upon an adverse party, and if that adverse party is thereafter allowed an opportunity to be heard in response to the amended pleading"), citing *Nelson v. Adams USA, Inc.,* 529 U.S. 460, 466, 467 (2000) ("due process and 'the propriety of allowing a pleading alteration depends not only on the state of affairs prior to amendment but also on what happens afterwards'"). Should the Court grant the Motion, Videocon will have a fair opportunity to defend itself in its response to the amended complaint.

Second, Videocon will not suffer undue prejudice, for all of the reasons applicable to the Mitsubishi and Thomson Defendants as set forth above.[10]

---

[10] In *Jefferson v. Rowe,* No. CIV S-06-0299 RRB DAD P., 2008 WL 669894 at *1 (E.D. Cal. March 7, 2008), the plaintiff, a state prisoner asserting a civil rights action, moved for leave to amend his complaint to add a new defendant. The existing defendants opposed the motion, arguing "prejudice to the new defendant, who may have no notice or knowledge of the pending action." The Court granted the motion. "[W]here, as here, the case is still in the discovery stage and the court has not yet issued a scheduling order, it cannot be said that the new defendant would be prejudiced."*Id.*

## IV. CONCLUSION

For all of the foregoing reasons, IP Plaintiffs request that the Court grant their Motion for Leave to Amend Complaint to add: Thomson SA (n/k/a Technicolor SA) and Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.); Mitsubishi Electric Corp., Mitsubishi Digital Electronics America, Inc., and Mitsubishi Electric & Electronics, USA, Inc.; and Videocon Industries, Ltd., as Defendants in this action.

Dated: September 24, 2012     By:   /s/ Mario N. Alioto
                                    Mario N. Alioto (56433)
                                    Lauren C. Russell (241151)
                                    **TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**
                                    2280 Union Street
                                    San Francisco, CA  94123
                                    Telephone:  (415) 563-7200
                                    Facsimile: (415) 346-0679
                                    E-mail: malioto@tatp.com
                                    laurenrussell@tatp.com

                                    *Interim Lead Counsel for the Indirect Purchaser Plaintiffs*