H. Lee Godfrey
Kenneth S. Marks
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666
lgodfrey@susmangodfrey.com
kmarks@susmangodfrey.com

*Attorneys for Alfred H. Siegel, as Trustee of
the Circuit City Stores, Inc. Liquidating Trust*
[additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-5944 SC |
| | Case No. C 11-05502 SC |
| This Document Relates to: | MDL No. 1917 |
| DIRECT PURCHASER PLAINTIFFS' ACTIONS | **DIRECT ACTION PLAINTIFFS' RESPONSE TO SAMSUNG ELECTRONICS CO. LTD, AND SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN DIRECT ACTION PLAINTIFFS' COMPLAINTS** |
| | Date:  November 30, 2012 (tentative) Time:  10:00 a.m. (tentative) Place: JAMS Resolution Center Special Master: The Hon. Charles A. Legge (Ret.) |

DIRECT ACTION PLAINTIFFS' RESPONSE TO SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN DIRECT ACTION PLAINTIFFS' COMPLAINTS (3:07-CV-05944SC, MDL 1917)

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

STANDARD OF REVIEW ............................................................................................. 3

ARGUMENT .................................................................................................................. 5

     I.     The DAP Complaints Plausibly Allege SEC and SEAI's Participation in the Conspiracy. ............................................................................. 5

     II.    The Allegations Against "Samsung" Are Sufficient to State a Claim Against SEC and SEAI. ....................................................................... 8

     III.   The Allegations Against SEC and SEAI Make Perfect Economic Sense............. 11

     IV.   SEC and SEAI Are Not Being Sued Under A Theory of Vicarious Liability. ............................................................................................. 14

CONCLUSION............................................................................................................... 14

CERTIFICATE OF SERVICE ...................................................................................... 19

ii

DIRECT ACTION PLAINTIFFS' RESPONSE TO SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN DIRECT ACTION PLAINTIFFS' COMPLAINTS (3:07-CV-05944SC, MDL 1917)

2402629v1/012325

1

## **TABLE OF AUTHORITIES**

2

3 **Cases**

4  *Arpin v. Santa Clara Valley Transp. Agency*
       261 F.3d 912 (9th Cir. 2001)............................................................................. 4
5

6  *Ashcroft v. Iqbal*
       556 U.S. 662 (2009) ................................................................................... 4, 6
7

8  *ATM Fee*
       686 F.3d 741 (9th Cir. 2012)............................................................................. 8
9

10  *Barker v. Riverside County Office of Ed.*
       584 F.3d 821 (9th Cir. 2009)............................................................................ 4

11  *Bell Atlantic v. Twombly*
       550 U.S. 544 (2007) ............................................................................... passim

12  *Braden v. Wal-Mart Stores, Inc.*
       588 F.3d 585 (8th Cir. 2009)............................................................................ 4
13

14  *Broam v. Bogan*
       320 F.3d 1023 (9th Cir. 2003)........................................................................... 3
15

16  *Butler v. Los Angeles County*
       617 F. Supp. 2d 994 (C.D. Cal. 2008) ............................................................. 4

17  *Dion LLC v. Infotek Wireless, Inc.*
       No. C 07-1431 SBA, 2007 WL 3231738, at *4 (N.D. Cal., Oct. 30, 2007) ...................... 10
18

19  *Erickson v. Pardus*
       551 U.S. 89 (2007) ........................................................................................ 3
20

21  *Freeman v. San Diego Ass'n of Realtors*
       322 F.3d 1133 ............................................................................................... 8

22  *General Refractories Co. v. Stone Container Corp.*
       1999 WL 14498, *4 (N.D. Ill. Jan. 8, 1999) .................................................... 13
23

24  *Gilbert v. Concentra Health Servs, Inc.*
       No. 03:07-CV-00264-LRH-VPC, 2008 WL 318356 at *2 (D. Nev. Jan. 31, 2008) ......... 10
25

26  *In re Flat Glass Antitrust Litig.*
       191 F.R.D. 472 (W.D. Pa. 1999).................................................................... 13

27                                                        iii

28   DIRECT ACTION PLAINTIFFS' RESPONSE TO SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS
        AMERICA, INC.'S MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN DIRECT
                   ACTION PLAINTIFFS' COMPLAINTS (3:07-CV-05944SC, MDL 1917)

     2402629v1/012325

*In re Linerboard Antitrust Litig.*
    305 F.3d 145 (3d. Cir. 2002)......................................................................... 13

*In re Midwest Milk Monopolization Litig.*
    730 F.2d 528 n.2 (8th Cir. 1984); ............................................................... 13

*In re Sugar Industry Antitrust Litig.*
    579 F.2d 13 (3d. Cir. 1978)......................................................................... 13

*In re TFT-LCD Antitrust Litig.*
    599 F.Supp.2d 1179 (N.D. Cal. 2009) ........................................................ 10

*In re: Cathode Ray Tube (CRT) Antitrust Litig.*
    738 F. Supp. 2d 1011 (N.D. Cal. 2010) ................................................. passim

*Kendall v. Visa U.S.A., Inc.*
    518 F.3d 1042 (9th Cir. 2008)....................................................................... 6

*Lormand v. US Unwired, Inc.*
    565 F. 3d 228 (5th Cir. 2009)....................................................................... 3

*Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*
    475 U.S. 574 (1986)..................................................................................... 12

*Quality Foods de Centro America, S.A. v. Latin American Agribusiness Develop Corp.*, S.A.
    711 F.2d 989 (11th Cir. 1983)....................................................................... 3

*Rescuecome Corp. v. Google, Inc.*
    562 F.3d 123 (2d Cir. 2009).......................................................................... 4

*Royal Printing Co. v. Kimberly-Clark Corp.*,
    621 F.2d 323 (9th Cir. 1980)......................................................................... 8

*Scheuer v. Rhodes*
    416 U.S. 232 (1974)....................................................................................... 5

*Swierkiewicz v. Sorema N.A.*
    534 U.S. 506 n.1 (2002)................................................................................. 5

*Urethane Antitrust Litig.*
    663 F. Supp.2d 1067 (D. Kan. 2009) ......................................................... 11

*William O. Gilley Enterprises, Inc. v. Atl. Richfield Co.*
    561 F.3d 1004 (9th Cir. 2009)................................................................... 4, 6

iv

DIRECT ACTION PLAINTIFFS' RESPONSE TO SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS
AMERICA, INC.'S MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN DIRECT
ACTION PLAINTIFFS' COMPLAINTS (3:07-CV-05944SC, MDL 1917)

2402629v1/012325

**Other Authorities**

http://www.samsung.com/hk_en/aboutsamsung/corporateprofile/index.html.............................. 10

http://www.samsung.com/hk_en/aboutsamsung/corporateprofile/valuesphilosophy.html ........... 11

Sea-Jin Chang, Financial Crisis and Transformation of Korean Business Groups 118-20
    (Cambridge University Press 2003). ................................................................................. 11

**Rules**

Fed. R. Civ. P. 8(a)(2) ............................................................................................................. 4, 6

v

DIRECT ACTION PLAINTIFFS' RESPONSE TO SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS
AMERICA, INC.'S MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN DIRECT
ACTION PLAINTIFFS' COMPLAINTS (3:07-CV-05944SC, MDL 1917)

2402629v1/012325

## INTRODUCTION

Samsung seeks to dismiss two of its entities: Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEAI"), from each of the Direct Action Plaintiffs' ("DAPs") complaints ("Samsung's Motion).[1]  Samsung argues that the DAPs insufficiently plead that these entities were involved in the conspiracy alleged by the DAPs.  Samsung attempted to dismiss both these entities from the class actions on similar grounds.  The Court adopted the Special Master's Report and Recommendation denying Samsung's motion.   As neither the facts nor the law has changed, the DAPs respectfully request that the Special Master again find that proper, plausible allegations have been brought against SEC and SEAI, and recommend that Samsung's Motion be denied.

The DAPs allege a long-standing, wide-ranging conspiracy to fix the prices of CRTs. Samsung does not seek to dismiss Samsung SDI Co. Ltd. ("Samsung SDI") of the Samsung SDI-affiliated entities.  This is not surprising, given Samsung SDI's guilty plea and settlement with the United States Department of Justice, in which it admitted to participating in a ten-year conspiracy

---

[1] Samsung's Motion seeks dismissal of SEC and SEAI in the following Complaints: *Stoebner* v. *LG Electronics, Inc.,* No. 11-cv-05381 (N.D. Cal.) [Dkt. No. 1] (Nov. 7, 2011) ("Polaroid Compl."); *Target Corp.* v. *Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514 (N.D. Cal.) [Dkt. No. 9] (Jan. 6, 2012) ("Target Am. Compl."); *P.C. Richard & Son Long Island Corp.* v. *Hitachi, Ltd.,* No. 12-cv-02648 (N.D. Cal.) [Dkt. No. 1] (Nov. 14, 2011) ("P.C. Richard Compl."); *Schultze Agency Servs., LLC* v. *Hitachi, Ltd.,* No. 12-cv-02649 (N.D. Cal. ) [Dkt. No. 1] (Nov. 14, 2011) ("Tweeter Compl."); *CompuCom Systems, Inc. v. Hitachi, Ltd.,* No. 11-cv-06396 (N.D. Cal.) [Dkt. No. 1] (Nov. 14, 2011) ("CompuCom Compl."); *Interbond Corp. of Am. v. Hitachi, Ltd.,* No. 11-cv-06275 (N.D. Cal.) [Dkt. No. 1] (Nov. 14, 2011) ("Interbond Compl."); *Costco Wholesale Corp.* v. *Hitachi, Ltd.,* No. 11-cv-06397 (N.D. Cal.) [Dkt. No. 1] (Nov. 14, 2011) ("Costco Compl."); *Siegel v. Hitachi, Ltd.,* No. 11-cv-05502 (N.D. Cal.) [Dkt. No. 1] (Nov. 14, 2011) ("Circuit City Compl."); and *Office Depot, Inc. v. Hitachi, Ltd.,* No. 11-cv-06276 (N.D. Cal.) [Dkt. No. 1] (Nov. 14, 20 11) ("Office Depot Compl."). The Motion seeks judgment on the pleadings in favor of SEC and SEAI as to the complaint in *Electrograph Systems, Inc.* v. *Hitachi,Ltd.,* No. 11-cv-01656 (N.D. Cal.) [Dkt. No. 5] (Mar. 10, 2011) ("Electrograph Am. Compl."), as SEC and SEAI each have filed answers to that complaint.

---

DIRECT ACTION PLAINTIFFS' RESPONSE TO SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN DIRECT ACTION PLAINTIFFS' COMPLAINTS (3:07-CV-05944SC, MDL 1917)

2402629v1/012325

among the Defendants to fix prices, reduce output, and allocate market share for CDTs, a type of CRT.  Circuit City Complaint ¶¶ 182-83.[2]

Samsung contends that the DAPs' complaints do not allege sufficient facts to tie SEC and SEAI into the conspiracy, that the alleged conspiracy is not plausible as to SEC or SEAI, that the alleged conspiracy is "economically nonsensical as to SEC and SEAI, and that SEC and SEAI cannot be held to be vicariously liable for the actions of Samsung SDI.  But none of these arguments hold water, as this Court has already found.  *See* Samsung Motion, Statement of Issues.

In its March 30, 2010, Order Approving Special Master's Report, Recommendations and Tentative Rulings Re: Defendants' Motions to Dismiss, the Court, in refusing to dismiss both the Direct and Indirect Purchasers' Class Complaints, dealt with the same contentions that Samsung raises here:

> [SEC and SEAI] object based on the fact that they do not manufacture CRTs; instead, they sell finished products.  However, both complaints describe the relationship between the Samsung Defendants.  It is alleged that SEC dominated and controlled the finances, policies, and affairs of SEAI, and the other Samsung SDI entities, relating to the alleged antitrust violations. [Circuit City Trust Complaint ¶¶ 50-57].
>
> Both complaints allege that "Samsung, through SEC, Samsung SDI, Samsung Malaysia, Samsung SDI Shenzhen, and Samsung SD Tianjin" participated in hundreds of meetings between 1995 and 2006 where agreements were made regarding price, output restrictions, and customer and market allocation of CRT Products." [Circuit City Trust Complaint ¶ 150].  The complaints allege that SEAI was represented at the meetings, and that it wished to ensure that the prices paid for CRT products did not undercut the CRT pricing agreements reached at the meetings.  [Circuit City Trust Complain ¶ 151].  SEC acknowledges that it has a

---

[2]  For purposes of responding to Samsung's Motion, the DAPs will refer to the allegations contained in Circuit City's Complaint.  Attached as Appendix A is a chart that cross-references the allegations discussed in this brief to the other DAP complaints at issue.

2

DIRECT ACTION PLAINTIFFS' RESPONSE TO SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN DIRECT ACTION PLAINTIFFS' COMPLAINTS (3:07-CV-05944SC, MDL 1917)

2402629v1/012325

> financial stake in Samsung SDI, a company that sells CRTs.  Indeed, Samsung SDI is alleged to have controlled twenty-four percent of the CRT market in 2002. It is economically plausible that affiliated companies would wish to see any price increases in CRTs passed through to the purchasers of CRT Products.

*In re: Cathode Ray Tube (CRT) Antitrust Litig. ("In re CRT"),* 738 F. Supp. 2d 1011, 1020 (N.D. Cal. 2010)  (internal citations omitted; reference to Circuit City Trust's Complaint inserted).

As indicated by the inserted references to the Circuit City Trust's Complaint, the Court has already heard and rejected Samsung's arguments.  The Special Master should reject them again.

## STANDARD OF REVIEW

To survive a motion to dismiss, Plaintiffs are only required to plead facts that plausibly suggest the existence of a conspiracy.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). "'Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what … the claim is and the grounds upon which it rests.'"  *In re CRT,* 738 F. Supp. 2d at 1017 (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted)).  Indeed, motions to dismiss for failure to state a claim "rarely" will be granted "in an antitrust suit where proof and details of the alleged conspiracy are largely in the hands of the co-conspirators." *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Develop Corp*., S.A., 711 F.2d 989, 995-96 (11th Cir. 1983).  Courts view Rule 12(b)(6) motions with "disfavor" because of the lesser role pleadings play in federal practice and the liberal policy regarding amendment. *See*, *e.g., Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (Rule 12(b)(6) dismissal with prejudice proper only in "extraordinary" cases); *Lormand v. US Unwired, Inc*., 565 F. 3d 228, 232 (5th Cir. 2009) (Rule 12(b)(6) motion "viewed with disfavor and rarely granted").

---

3

DIRECT ACTION PLAINTIFFS' RESPONSE TO SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN DIRECT ACTION PLAINTIFFS' COMPLAINTS (3:07-CV-05944SC, MDL 1917)

2402629v1/012325

Thus, "[t]o successfully state a claim under §1 of the Sherman Act, a plaintiff need only meet the notice pleading standard articulated in Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"" *William O. Gilley Enterprises, Inc. v. Atl. Richfield Co.,* 561 F.3d 1004, 1009 (9th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, *quoting* the Rule). Rule 8 does not require detailed factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 667-78 (2009) ("*Iqbal*"). Under *Twombly's* construction of Rule 8, a plaintiff merely has to "nudge[] [its] claims...'across the line from conceivable to plausible.'" *Id.* at 680 (quoting *Twombly*, 550 U.S. at 570).

Subject to the requirement that the complaint show a "plausible" claim for relief, the court must accept as true all material factual allegations in the complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally. *See Barker v. Riverside County Office of Ed.,* 584 F.3d 821, 824 (9th Cir. 2009); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009); *Rescuecome Corp. v. Google, Inc.*, 562 F.3d 123, 127 (2d Cir. 2009).

Moreover, the defects of a complaint must appear on its face; courts cannot consider material outside the complaint such as facts presented in briefs, affidavits, or discovery materials. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("*Arpin*"); *Butler v. Los Angeles County*, 617 F. Supp. 2d 994, 999 (C.D. Cal. 2008). "'Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations'.... A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at

4

DIRECT ACTION PLAINTIFFS' RESPONSE TO SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN DIRECT ACTION PLAINTIFFS' COMPLAINTS (3:07-CV-05944SC, MDL 1917)

2402629v1/012325

556, *quoting Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002) and *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## ARGUMENT

Samsung raises four reasons why the DAP complaints against SEC and SEAI should be dismissed: (1) the failure to allege plausibly that SEC or SEAI conspired to fix the price of CRTs because they did not manufacture or sell CRTs, (2) the allegations against "Samsung" are improper and insufficient to state a claim against SEC or SEAI, (3) the alleged CRT price fixing conspiracy makes no economic sense as to SEC and SEAI, and (4) the complaints do not sufficiently allege that SEC or SEAI is vicariously liable for Samsung SDI's conduct. The DAPs address each of these contentions in turn.

### I.     The DAP Complaints Plausibly Allege SEC and SEAI's Participation in the Conspiracy.

Samsung asserts that the DAPs have failed to plausibly allege how and why SEC and SEAI participated in the CRT price-fixing conspiracy. For example, Samsung indicates that the DAPs fail to identify which employees participated in the conspiracy, which meetings they attended, or offer any correspondence indicating that these Samsung entities participated in the conspiracy. Samsung's Motion at 5-6.

But these are arguments better suited for a motion for summary judgment rather than a motion to dismiss. The DAPs specifically allege that SEC along with its corporate affiliates participated in at least 200 glass meetings at all levels. Circuit City Trust Complaint ¶ 150. The DAPs specifically allege that SEAI was represented at those meetings and was a party to the

2402629v1/012325

agreements entered into. *Id.* at ¶ 151. No more is required under the pleading standards set forth in *Twombly, Iqball,* and *Atlantic Richfield.*

Significantly, this Court found the same in concluding that the class complaints appropriately alleged SEC and SEAI's participation in the price-fixing conspiracy. The Court cited with favor the allegations that SEC participated in the meetings, and that SEAI was represented at the meetings, in holding that the class allegations were sufficiently detailed. *In re CRT*, 738 F. Supp.2d at 1020.

Samsung's reliance on *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042 (9th Cir. 2008) is unavailing. In that case, the Ninth Circuit found that the plaintiffs had failed to allege a basic agreement: rather, they simply alleged that the consortiums that set the fees at issue in the case were co-conspirators, without tying in those entities to the defendants in the case. *Id.* at 1048-49. In contrast, the DAP complaints here contain specific and detailed facts concerning the existence of a vast horizontal conspiracy to fix prices, reduce output, and allocate markets. Neither Rule 8 nor *Twombly* require the DAPs to plead the complaint as if they were actual observers in the conspiracy, attending the glass meetings themselves. Rather, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Samsung adds a fourth alleged deficiency in the DAPs' allegations: that the complaints do not explain why "SEC or SEAI would agree to a conspiracy contrary to their own economic interest." Samsung's Motion at 6. Apparently, Samsung is arguing that because SEC and SEAI did not make or sell CRTs, but rather made or sold CRT Products, it would not be in their economic interest to conspire to fix the price of a component they used in assembling the

2402629v1/012325

products they sold.  In fact, the DAPs offer such an explanation: "To the extent that SEC and SEAI sold and/or distributed CRT Products, they played a significant role in the conspiracy because defendants wished to ensure that the prices for CRT Products paid by the direct purchasers would not undercut the CRT pricing agreements reached at the glass meetings." Circuit City Trust Complaint ¶ 151.  Under the legal standard, the only questions for the Court is: is such an allegation plausible?

The answer is yes, as the Court has already found.  "It is economically plausible that affiliated companies would wish to see any price increases in CRTs passed through to the purchasers of CRT Products."  *In re CRT*, 738 F. Supp.2d at 1020.  There is simply no question that the DAPs have made plausible allegations against SEC and SEAI with regards to their participation in the conspiracy.

Defendants note that the DAPs have disclaimed any specific conspiracy to fix the price of CRT Products, as opposed to CRTs.  Of course, that disclaimer further noted that the CRT price fixing conspiracy had an "effect on the price of CRT Finished Products."  See Ex. A to the August 17, 2012 Declaration of Ian Simmons in support of Samsung's Motion.  That is completely consistent with what the DAPs have alleged and what the Court found to be sufficient in the class complaints: that the affiliated makers of CRT Products ensured that the agreed price increase was passed out of the conspiracy and to the purchasers outside of it.[3]

---

[3]  Defendants may argue in their reply brief that the Special Master should ignore the Court's prior ruling on this issue because at the time it made that ruling the class complaints alleged a conspiracy to fix the price of CRT Products as well as CRTs.  The problem with that argument is that there is nothing in the Court's prior ruling that relies on an allegation of price-fixing of CRT Products.  The Court's conclusions regarding the plausibility of the class allegations still stand even if the only price-fixing allegation is as to CRTs.

7

DIRECT ACTION PLAINTIFFS' RESPONSE TO SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN DIRECT ACTION PLAINTIFFS' COMPLAINTS (3:07-CV-05944SC, MDL 1917)

2402629v1/012325

Finally, it should be noted that as SEC and SEAI are corporate affiliates of Samsung SDI (the Samsung affiliate maker of CRTs), Samsung is ignoring a long-standing principle of antitrust law holding that direct purchase damage claims are not reduced or cut off by transactions through corporate affiliates, as it is unlikely that corporate affiliates will sue each other.  *See, e.g., ATM Fee*, 686 F.3d 741, 756-58 (9th Cir. 2012) (holding that plaintiffs would have standing to sue if they could show ownership or control of the "direct purchaser" by a defendant or co-conspirator); *Freeman v. San Diego Ass'n of Realtors*, 322 F.3d 1133, 1145-46 ("indirect purchasers can sue for damages if there is not realistic possibility that the direct purchaser will sue its supplier over the antitrust violation"); *Royal Printing Co. v. Kimberly-Clark Corp.*, 621 F.2d 323, 326 (9th Cir. 1980) ("*Illinois Brick* does not bar an indirect purchaser's suit where the direct purchaser is a division or subsidiary of a co-conspirator").  So even though SEC and SEAI did not make CRTs, they did manufacture and sell CRT Products with price-fixed CRTs supplied by their Samsung affiliate – conduct that falls squarely within the allegations of the DAPs' complaints.  This doctrine is discussed in full in the DAPs' Opposition to the Defendants' Joint Motion to Dismiss and for Judgment on the Pleadings at 6-8, and thus will not be repeated here.

Simply put, the DAP complaints sufficiently allege SEC and SEAI's plausible participation in the price-fixing conspiracy.  Under *Twombly*, the DAPs must be given the chance to prove that participation.

## II.    The Allegations Against "Samsung" Are Sufficient to State a Claim Against SEC and SEAI.

Samsung asserts that any generalized allegations against "Samsung" are insufficient to state a cause of action against SEC and SEAI.  Of course, as detailed above, specific allegations

DIRECT ACTION PLAINTIFFS' RESPONSE TO SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN DIRECT ACTION PLAINTIFFS' COMPLAINTS (3:07-CV-05944SC, MDL 1917)

2402629v1/012325

sufficient to state a cause of action were made against SEC and SEAI.  Given how Samsung operates its business, however, there is good reason why the DAP complaints, like the class complaints before, use the term "Samsung" to define all of the Samsung defendants.  Circuit City Trust Complaint ¶ 58.

While in its pleadings Samsung may like to speak of itself as unrelated corporate entities, to the public Samsung defines itself as affiliated companies "that make up SAMSUNG." http://www.samsung.com/hk_en/aboutsamsung/corporateprofile/index.html.   In discussing its values, philosophy, businesses, and management, Samsung does not split itself into the separate entities that it asks the DAPs to do in pleading:

> AT SAMSUNG, we follow a simple business philosophy: to devote our talent and technology to creating superior products and services that contribute to a better global society.
>
> Every day, our people bring this philosophy to life.  Our leaders search for the brightest talent from around the world, and give them the resources they need to be the best at what they do.  The result is that all of our products – from memory chips that help businesses store vital knowledge to mobile phones that connect people across continents – have the power to enrich lives.  And that's what making a better global society is all about.

http://www.samsung.com/hk_en/aboutsamsung/corporateprofile/valuesphilosophy.html.

Samsung discusses its leadership in various business segments, regardless of which Samsung affiliate is legally responsible.  The linkage between, for example, SEC and Samsung SDI has been noted during the conspiracy period:

> Samsung Electronics is closely interlinked with Samsung SDI, a manufacturer of television tubes, which in turn relies on Samsung Corning, which produces glass bulbs for the tubes, as indicated by the fact that 61% of its total revenue comes from Samsung SDI.  Samsung SDI, in turn, supplies 52% of its products to Samsung Electronics.

---

9

DIRECT ACTION PLAINTIFFS' RESPONSE TO SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN DIRECT ACTION PLAINTIFFS' COMPLAINTS (3:07-CV-05944SC, MDL 1917)

2402629v1/012325

Sea-Jin Chang, Financial Crisis and Transformation of Korean Business Groups at 118-20 (Cambridge University Press 2003).

As Samsung itself admits in its public statements, it approaches its business dealings from the perspective of the Samsung family. The DAP complaints set forth allegations that when one Samsung entity was attending a glass meeting, it was attending on its own behalf as well as on behalf of the other Samsung defendants. *See, e.g.,* Circuit City Trust Complaint ¶ 151 (noting that SEAI and other Samsung defendants were represented at the glass meetings by other Samsung entities); *Id.* at ¶ 159 (noting that the individual entities at the glass meetings entered into agreements on behalf of, and reported the meetings and discussions to, their respective corporate families). Judge Illston in the LCD cases found such allegations sufficient as to corporate families. *In re TFT-LCD Antitrust Litig.*, 599 F.Supp.2d 1179, 1185 (N.D. Cal. 2009).[4]

Other courts have likewise found it unnecessary to set forth detailed allegations of agency. Rather, it is sufficient for the complaint to put the defendant on notice that certain aspects of a defendants' participation in an alleged conspiracy will be proven through an agency theory. *See, e.g., Gilbert v. Concentra Health Servs, Inc.*, No. 03:07-CV-00264-LRH-VPC, 2008 WL 318356 at *2 (D. Nev. Jan. 31, 2008); *Dion LLC v. Infotek Wireless, Inc.,* No. C 07-1431 SBA, 2007 WL 3231738, at *4 (N.D. Cal., Oct. 30, 2007). Of course, the allegation of attendance at meetings in which pricing was discussed combined with allegations of price movements has generally been

---

[4]   Samsung concedes that Judge Illston's ruling covers corporate families, but suggests that the ruling should not extend to defendants such as SEC and SEAI, as SEC owns "less than a twenty-percent equity stake." Samsung's Motion at 9 n. 15. Discovery will show exactly how much each Samsung entity owns of another, but it is sufficient for now to note that this Court has already found that Samsung acknowledging that SEC has a financial stake in Samsung SDI is sufficient to support the class allegations against SEC and SEAI. *In re CRT*, 738 F. Supp.2d at 1020.

DIRECT ACTION PLAINTIFFS' RESPONSE TO SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN DIRECT ACTION PLAINTIFFS' COMPLAINTS (3:07-CV-05944SC, MDL 1917)

2402629v1/012325

held to be sufficient to support allegations of participation in a price-fixing conspiracy. *See, e.g., Urethane Antitrust Litig.*, 663 F. Supp.2d 1067, 1075-76 (D. Kan. 2009) (pleading of conspiracy sufficient under *Twombly* when plaintiffs alleged defendants participated in meetings where prices were discussed and price increases announced in interrelated fashion).

Thus the general allegations against Samsung - of its bi-lateral discussions in furtherance of the price-fixing conspiracy, and its involvement in business organizations that assisted the conspirators in furthering their price-fixing - are sufficient to apply to SEC and SEAI, as the DAP complaints explicitly state that they do.  As the *Urethane* Court noted in dismissing defendants' contention that the plaintiffs had to allege specifics about at which meetings what agreements were reached, "*Twombly* does not require that plaintiffs prove their case or include every factual detail in support of their claims in their complaints." *Id.* at 1076.

Samsung's argument attempts to divorce these assertions from the other assertions in the DAP complaints.  Seen as a whole, however, the complaints clearly outline a conspiracy in which SEC and SEAI took part.  Thus Samsung's citation to case law where there are ONLY blanket statements, not supported by the specific claims as to each defendant that are detailed above, is beside the point.  *See* Samsung's Motion at 10 (case parentheticals on their face speak only to generalized allegations unsupported by specific references).

### III.   The Allegations Against SEC and SEAI Make Perfect Economic Sense.

Relying on a case that involved the evidence necessary to withstand summary judgment, Samsung argues that the DAPs have failed to set forth a conspiracy that makes any economic sense as to SEC and SEAI.  Samsung's reliance on *Matsushita Elec. Indus. Co. Ltd. v. Zenith*

2402629v1/012325

*Radio Corp.*, 475 U.S. 574 (1986) is misplaced: the DAPs have clearly set forth a conspiracy that is both plausible and makes perfect economic sense as to SEC and SEAI.

The horizontal price fixing allegations asserted in the DAP complaints make perfect economic sense. Samsung is a vertically integrated enterprise that manufacturers and sells CRTs and products that incorporate them. Samsung colluded with the other defendants to set supra-competitive prices for CRTs and to pass through that price increase so that the CRT Products bought by the direct purchasers outside of Samsung included the entire amount of the conspiratorial overcharge. Samsung asserts that SEC and SEAI would not conspire with the other defendants because to do so would decrease their profit margins as SEC is a purchaser of CRTs and SEAI is a seller of CRT Products. *See* Samsung Motion at 12.

As the DAP complaints allege, however, SEC dominated and controlled the policies and affairs of the Samsung SDI defendants relating to the antitrust violations alleged in the complaints. *See* Circuit City Trust Complaint ¶¶ 50-57. Under these circumstances, the suggestion that SEC and SEAI (also alleged to be dominated and controlled by SEC with respect to the antitrust violations) had no economic incentive to participate in the conspiracy to fix the price of CRTs is facially absurd. As this Court has found, "it is economically plausible that affiliated companies would wish to see any price increases in CRTs passed through to the purchasers of CRT Products." *In re CRT*, 738 F. Supp.2d at 1020.

Samsung has an extraordinarily high burden here. It has to demonstrate that the DAPs cannot plausibly state a claim that Samsung entities would join a conspiracy to increase the overall profits of the Samsung Group by simply passing through the artificially-inflated price of the CRTs to the purchasers of their CRT Products. The DAP complaints allege that SEC and

12

DIRECT ACTION PLAINTIFFS' RESPONSE TO SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN DIRECT ACTION PLAINTIFFS' COMPLAINTS (3:07-CV-05944SC, MDL 1917)

2402629v1/012325

SEAI participated in the conspiracy, with full knowledge that the fixing of CRT prices would affect the pricing of their CRT Products.  Under the DAP theory of the case, SEC and SEAI are not harmed by the conspiracy, and Samsung overall benefits from it.  Not only is it plausible that SEC and SEAI would join in the conspiracy: the better question is why wouldn't they?

Federal cases analyzing price fixing in vertically-integrated companies of goods that are included in products manufactured by affiliated companies and then sold to direct purchasers demonstrate not only that the DAPs' theory is plausible, but that it happens all the time.  *See, e.g., In re Midwest Milk Monopolization Litig.*, 730 F.2d 528, 530 n.2 (8th Cir. 1984); *In re Sugar Industry Antitrust Litig.*, 579 F.2d 13, 16-18 (3d. Cir. 1978); *In re Linerboard Antitrust Litig.*, 305 F.3d 145, 152 (3d. Cir. 2002); *In re Flat Glass Antitrust Litig.*, 191 F.R.D. 472, 480-81 (W.D. Pa. 1999); *General Refractories Co. v. Stone Container Corp.*, 1999 WL 14498, *4 (N.D. Ill. Jan. 8, 1999).  Contrary to Samsung's arguments, vertically integrated cartel participants can readily recoup the benefits of price fixing at both levels of the market, simply by passing through the fixed price to the downstream purchaser.  Where cartel members jointly control an upstream market, as is alleged here, they are able to inject supra-competitive pricing directly into a downstream market in which, through their affiliates, they also participate.

There is simply nothing implausible about the allegations against SEC and SEAI. Samsung cites to cases that require that the economic theory behind a plaintiff's allegations be economically sound and not "highly implausible."  Yet it cannot, and does not, cite a case that supports its contention that the DAPs' theory in this case is "highly implausible."  For that reason, Samsung's Motion must be denied.

13

DIRECT ACTION PLAINTIFFS' RESPONSE TO SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN DIRECT ACTION PLAINTIFFS' COMPLAINTS (3:07-CV-05944SC, MDL 1917)

2402629v1/012325

**IV.     SEC and SEAI Are Not Being Sued Under A Theory of Vicarious Liability.**

Samsung contends that the DAP complaints do not sufficiently allege that either SEC or SEAI is vicariously liable for Samsung SDI's alleged conduct.  Samsung Motion at 13-15.  That is simply because the DAPs are not bringing claims for vicarious liability.  Instead, the DAPs, as detailed above, claim that SEC and SEAI participated in the conspiracy through (1) their own acts, (2) the representation of SEC and SEAI by other Samsung entities at meetings designed to further the conspiracy, and (3) through SEC's control and domination of Samsung SDI, the other SDI-related entities, and SEAI.

As the DAP allegations against SEC and SEAI are predicated on their own illegal conduct and not on any theory of vicarious liability, Samsung's contentions are irrelevant, and not a basis on which to dismiss the complaints against either Samsung entity.

## CONCLUSION

Samsung's arguments are not new.  The DAPs respectfully submit that the Special Master should follow its own prior ruling on the class complaints – endorsed by the Court - and recommend that Samsung's Motion to dismiss SEC and SEAI be denied.

DIRECT ACTION PLAINTIFFS' RESPONSE TO SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN DIRECT ACTION PLAINTIFFS' COMPLAINTS (3:07-CV-05944SC, MDL 1917)

2402629v1/012325

Dated September 28, 2012.

SUSMAN GODFREY L.L.P.


s/ Jonathan J. Ross
H. Lee Godfrey
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666
Email:   lgodfrey@sumangodfrey.com
         kmarks@susmangodfrey.com
         jross@susmangodfrey.com
         jcarter@susmangodfrey.com
         dpeterson@susmangodfrey.com


Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone:  (206) 516-3880
Facsimile:  (206) 516-3883
Email:    pfolse@susmangodfrey.com
          rblack@susmangodfrey.com
          jconnors@susmangodfrey.com

*Attorneys for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

DIRECT ACTION PLAINTIFFS' RESPONSE TO SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN DIRECT ACTION PLAINTIFFS' COMPLAINTS (3:07-CV-05944SC, MDL 1917)

2402629v1/012325

1

2

3        s/ Philip J. Iovieno
         Stuart Singer
         BOIES, SCHILLER & FLEXNER LLP
4        401 East Las Olas Blvd., Suite 1200
         Fort Lauderdale, FL 33301
5        Telephone: (954) 356-0011
         Facsimile: (954) 356-0022
6        Email:   ssinger@bsfllp.com

7

8        Philip J. Iovieno
         Anne M. Nardacci
9        BOIES, SCHILLER & FLEXNER LLP
         10 North Pearl Street, 4th Floor
10       Albany, NY 12207
         Telephone: (518) 434-0600
11       Facsimile: (518) 434-0665
12       Email:   piovieno@bsfllp.com
                  anardacci@bsfllp.com
13

14       *Liaison Counsel for Direct Action Plaintiffs and Attorneys*
         *for Plaintiffs Electrograph Systems, Inc., Electrograph*
15       *Technologies, Corp., Office Depot, Inc., Compucom*
         *Systems, Inc., Interbond Corporation of America, P. C.*
16       *Richard & Son Long Island Corporation, Marta*
         *Cooperative of America, Inc., ABC Appliance, Inc., Schultze*
17       *Agency Services LLC on behalf of Tweeter Opco, LLC and*
         *Tweeter Newco, LLC*
18

19

20

21

22

23

24

25

26                                        16
     DIRECT ACTION PLAINTIFFS' RESPONSE TO SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO DISMISS
27    AND FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN DIRECT ACTION PLAINTIFFS' COMPLAINTS (3:07-
                                   CV-05944SC, MDL 1917)
28
     2402629v1/012325

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

s/ David Martinez
Roman M. Silberfeld (SBN 62783)
David Martinez (SBN 19383)
ROBINS, KAPLAN, MILLER & CIRESI LLP.
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
Email: rmsilberfeld@rkmc.com
        dmartinez@rkmc.com \

*Attorneys For plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.*

s/ David J. Burman
David J. Burman
Cori G. Moore
Nicholas H. Hesterberg
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
Email:   dburman@perkinscoie.com
         cgmoore@perkinscoie.com
         nhesterberg@perkinscoie.com

Jordan S. Bass (Cal. Bar No. 208143)
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: (415) 344.7000
Facsimile: (415) 344.7050
Email:   jbass@perkinscoie.com

*Attorneys for Plaintiff Costco Wholesale Corporation*

17

DIRECT ACTION PLAINTIFFS' RESPONSE TO SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN DIRECT ACTION PLAINTIFFS' COMPLAINTS (3:07-CV-05944SC, MDL 1917)

2402629v1/012325

1

2

3

s/ Jason C. Murray
Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP

4

515 South Flower St., 40th Floor
Los Angeles, CA 90071

5

Telephone: (213) 622-4750

6

Facsimile: (213) 622-2690
Email:   jmurray@crowell.com

7

8

*Attorneys for Plaintiffs Target Corp.; Sears, Roebuck and
Co.; Kmart Corp.; Old Comp Inc.; Good Guys, Inc.;
RadioShack Corp.*

9

10

11

s/ Jessica L. Meyer
Jessica L. Meyer, (SBN: 249064)

12

James M. Lockhart *(pro hac vice)*
James P. McCarthy *(pro hac vice)*

13

Kelly G. Laudon *(pro hac vice)*
LINDQUIST & VENNUM PLLP.

14

4200 IDS Center

15

80 South Eighth Street
Minneapolis, MN  55402

16

Telephone: (612) 371-3211
Facsimile: (612) 371-3207

17

Email: jmeyer@lindquist.com

18

        jlockhart@lindquist.com
        jmccarthy@lindquist.com

19

        klaudon@lindquist.com

20

*Attorneys for Plaintiffs John R. Stoebner, As Chapter 7
Trustee for PBE Consumer Electronics, LLC and related*

21

*entities; and Douglas A. Kelley, as Chapter 11 Trustee for
Petters Company, Inc. and Related Entities, and as Receiver*

22

*for Petters Company, LLC and related entities*

23

24

25

26

18

27

DIRECT ACTION PLAINTIFFS' RESPONSE TO SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO DISMISS
AND FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN DIRECT ACTION PLAINTIFFS' COMPLAINTS (3:07-
CV-05944SC, MDL 1917)

28

2402629v1/012325

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2012, I electronically filed Direct Action Plaintiffs' Response to Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc.'s Motion to Dismiss and for Judgment on the Pleadings as to Certain Direct Action Plaintiffs' Complaints with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the Cm/ECF system.


 /s/ Jonathan J. Ross
Jonathan J. Ross

DIRECT ACTION PLAINTIFFS' RESPONSE TO SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN DIRECT ACTION PLAINTIFFS' COMPLAINTS (3:07-CV-05944SC, MDL 1917)

2402629v1/012325