Philip J. Iovieno
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:  (518) 434-0665
Email:  piovieno@bsfllp.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC (N.D. Cal.)<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656<br><br>*Stoebner, et al. v. LG Electronics, et al.*, No. 11-cv-05381<br><br>*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502<br><br>*Best Buy Co., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513<br><br>*Target Corp., et al. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514<br><br>*Interbond Corporation of America v. Hitachi, et al.*, No. 11-cv-06275<br><br>*Office Depot, Inc. v. Hitachi Ltd., et al.*, No. 11-cv-06276<br><br>*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396<br><br>*Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, No. 11-cv-06397<br><br>*P.C. Richard and Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648<br><br>*Schultze Agency Services, LLC, et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02649 | Case No. 11-cv-01656 SC<br>Case No. 11-cv-05381 SC<br>Case No. 11-cv-05502 SC<br>Case No. 11-cv-05513 SC<br>Case No. 11-cv-05514 SC<br>Case No. 11-cv-06275 SC<br>Case No. 11-cv-06276 SC<br>Case No. 11-cv-06396 SC<br>Case No. 11-cv-06397 SC<br>Case No. 12-cv-02648 SC<br>Case No. 12-cv-02649 SC<br><br>**DECLARATION OF PHILIP J. IOVIENO IN SUPPORT OF DIRECT ACTION PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN DIRECT ACTION PLAINTIFFS' CLAIMS** |

I, **PHILIP J. IOVIENO**, declare as follows:

1. I am a partner at the law firm of Boies, Schiller & Flexner LLP, counsel for several of the Direct Action Plaintiffs ("DAPs") in this matter, including Schultze Agency Services, LLC ("Tweeter"), and I am licensed to practice law in the State of New York and admitted to practice *pro hac vice* before this Court.

2. Attached hereto as Exhibit 1 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Hitachi, Ltd. by electronic mail on November 14, 2011.

3. Attached hereto as Exhibit 2 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Hitachi Displays, Ltd. by electronic mail on November 14, 2011.

4. Attached hereto as Exhibit 3 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Hitachi America, Ltd. by electronic mail on November 14, 2011.

5. Attached hereto as Exhibit 4 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Hitachi Asia, Ltd. by electronic mail on November 14, 2011.

6. Attached hereto as Exhibit 5 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Hitachi Electronic Devices (USA), Inc. by electronic mail on November 14, 2011.

7. Attached hereto as Exhibit 6 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Shenzhen SEG Hitachi Color Display Devices, Ltd. by electronic mail on November 14, 2011.

8. Attached hereto as Exhibit 7 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for IRICO Group Corporation by electronic mail on November 14, 2011.

1    9.  Attached hereto as Exhibit 8 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for IRICO Group Electronics Co., Ltd. by electronic mail on November 14, 2011.

10. Attached hereto as Exhibit 9 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for IRICO Display Devices Co., Ltd. by electronic mail on November 14, 2011.

11. Attached hereto as Exhibit 10 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for LG Electronics, Inc. by electronic mail on November 14, 2011.

12. Attached hereto as Exhibit 11 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for LG Electronics USA, Inc. by electronic mail on November 14, 2011.

13. Attached hereto as Exhibit 12 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for LG Electronics Taiwan Taipei Co., Ltd. by electronic mail on November 14, 2011.

14. Attached hereto as Exhibit 13 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for LP Displays International Ltd. by electronic mail on November 14, 2011.

15. Attached hereto as Exhibit 14 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Panasonic Corporation by electronic mail on November 14, 2011.

16. Attached hereto as Exhibit 15 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Panasonic Corporation of North America by electronic mail on November 14, 2011.

17. Attached hereto as Exhibit 16 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for MT Picture Display Co., Ltd. by electronic mail on November 14, 2011.

18. Attached hereto as Exhibit 17 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Beijing Matsushita Color CRT Co., Ltd. by electronic mail on November 14, 2011.

19. Attached hereto as Exhibit 18 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Koninklijke Philips Electronics N.V. by electronic mail on November 14, 2011.

20. Attached hereto as Exhibit 19 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Philips Electronics North America Corporation by electronic mail on November 14, 2011.

21. Attached hereto as Exhibit 20 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Philips Electronics Industries (Taiwan), Ltd. by electronic mail on November 14, 2011.

22. Attached hereto as Exhibit 21 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Philips da Amazonia Industria Electronica Ltda. by electronic mail on November 14, 2011.

23. Attached hereto as Exhibit 22 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Samsung Electronics Co., Ltd. by electronic mail on November 14, 2011.

24. Attached hereto as Exhibit 23 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Samsung Electronics America, Inc. by electronic mail on November 14, 2011.

25. Attached hereto as Exhibit 24 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Samsung SDI Co., Ltd. by electronic mail on November 14, 2011.

26. Attached hereto as Exhibit 25 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Samsung SDI America, Inc by electronic mail on November 14, 2011.

27. Attached hereto as Exhibit 26 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Samsung SDI Mexico S.A. de C.V. by electronic mail on November 14, 2011.

28. Attached hereto as Exhibit 27 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Samsung SDI Brasil Ltda. by electronic mail on November 14, 2011.

29. Attached hereto as Exhibit 28 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Shenzhen Samsung SDI Co., Ltd. by electronic mail on November 14, 2011.

30. Attached hereto as Exhibit 29 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Tianjin Samsung SDI Co., Ltd. by electronic mail on November 14, 2011.

31. Attached hereto as Exhibit 30 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Samsung SDI (Malaysia) Sdn. Bhd. by electronic mail on November 14, 2011.

32. Attached hereto as Exhibit 31 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Samtel Color Ltd. by electronic mail on November 14, 2011.

33. Attached hereto as Exhibit 32 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Toshiba Corporation by electronic mail on November 14, 2011.

34. Attached hereto as Exhibit 33 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Toshiba America, Inc. by electronic mail on November 14, 2011.

35. Attached hereto as Exhibit 34 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Toshiba America Consumer Products, LLC by electronic mail on November 14, 2011.

36. Attached hereto as Exhibit 35 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Toshiba America Electronic Components, Inc. by electronic mail on November 14, 2011.

37. Attached hereto as Exhibit 36 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Toshiba America Information Systems, Inc. by electronic mail on November 14, 2011.

38. Attached hereto as Exhibit 37 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Tatung Company of America, Inc. by electronic mail on November 14, 2011.

39. Attached hereto as Exhibit 38 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Chunghwa Picture Tubes Ltd. by electronic mail on November 14, 2011.

40. Attached hereto as Exhibit 39 is a true and correct copy of Tweeter's demand letter under Section 9 of Chapter 93A of the Massachusetts General Laws, which was sent to counsel for Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. by electronic mail on November 14, 2011.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of September, 2012, at Albany, New York.

                                                /s/ Philip J. Iovieno
                                                Philip J. Iovieno