1  MORGAN, LEWIS & BOCKIUS LLP
   KENT M. ROGER (SBN 095987)
2  kroger@morganlewis.com
   MICHELLE PARK CHIU (SBN 248421)
3  mchiu@morganlewis.com
   One Market, Spear Street Tower
4  San Francisco, CA  94105-1126
   Tel:    415.442.1000
5  Fax:   415.442.1001

6  MORGAN, LEWIS & BOCKIUS LLP
   SCOTT A STEMPEL (*pro hac vice*)
7  sstempel@morganlewis.com
   J. CLAYTON EVERETT, JR. (*pro hac vice*)
8  jeverett@morganlewis.com
9  1111 Pennsylvania Avenue, N.W.
   Washington, DC  20004
10 Tel:    202.739.3000
   Fax:   202.739.3001
11
12 Attorneys for Defendants
   HITACHI, LTD., HITACHI ASIA, LTD., HITACHI
13 ELECTRONIC DEVICES (USA), INC. AND HITACHI
   DISPLAYS, LTD. (n/k/a JAPAN DISPLAY EAST INC.)
14
15 [Additional counsel listed on signature page]

16              **UNITED STATES DISTRICT COURT**

17              **NORTHERN DISTRICT OF CALIFORNIA**

18                   **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 19  IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC |
| 20 | MDL No. 1917 |
| 21  This Document Relates To: | Individual Case No. 11-cv-06205 SC |
| 22  STATE OF FLORIDA, | **DEFENDANTS' JOINT MOTION TO** |
| 23                  Plaintiff, | **DISMISS THE STATE OF FLORIDA'S** |
| v. | **CLAIMS FOR INJUNCTIVE RELIEF** |
| 24  LG ELECTRONICS, INC., et al., | Date:          September 20, 2012 |
| 25                  Defendants. | Time:          12:00 P.M. |
| 26 | Location:    JAMS, Two Embarcadero Center, Suite 1500 |
| 27 | Judge:        Hon. Samuel Conti |
| | Special Master: Hon Charles A. Legge (Ret.) |

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' JOINT MOTION TO
DISMISS THE STATE OF FLORIDA'S
CLAIMS FOR INJUNCTIVE RELIEF

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917

1

2

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ............................................................................................. 1

II.     ISSUE TO BE DECIDED................................................................................. 2

III.    BACKGROUND .............................................................................................. 2

IV.     ARGUMENT ................................................................................................... 2

        A.      PLAINTIFF'S CLAIMS OF A CONTINUING VIOLATION ARE
                UNSUPPORTED. ................................................................................. 3

        B.      THERE CANNOT BE A CONTINUING OR FUTURE CRT
                CONSPIRACY BECAUSE CRTs ARE AN OBSOLETE TECHNOLOGY
                AND ALMOST ALL OF THE DEFENDANTS EXITED THE CRT
                MARKET LONG AGO. ........................................................................ 5

        C.      PLAINTIFF'S INJUNCTIVE RELIEF CLAIMS ARE DUPLICATIVE............. 8

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' JOINT MOTION TO
DISMISS THE STATE OF FLORIDA'S
CLAIMS FOR INJUNCTIVE RELIEF

i

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917

# TABLE OF AUTHORITIES

**Page**(s)

CASES

Barapind v. Reno,
  225 F.3d 1100 (9th Cir. 2000)...................................................................................... 9

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) ....................................................................................................... 3

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007)........................................................................................................ 3

Best Buy Co. Inc. v. Hitachi, Ltd.,
  No. 11-5513 (N.D. Cal. Nov. 14, 2011). (Everett Decl., Ex. 1) ............................. 6

Cargill, Inc. v. Monfort of Colorado, Inc.,
  479 U.S. 104 (1986) ....................................................................................................... 8

City of Pittsburgh v. West Penn Power Co.,
  147 F.3d 256 (3d Cir. 1998).......................................................................................... 5

Colorado River Water Conservation Dist. v. United States,
  424 U.S. 800 (1976) ....................................................................................................... 9

County of Los Angeles v. Davis,
  440 U.S. 625 (1979) ....................................................................................................... 4

Hawaii v. Standard Oil Co.,
  405 U.S. 251 (1972) ....................................................................................................... 8

In re Cathode Ray Tube (CRT) Antitrust Litig.,
  No. 07-05944 (N.D. Cal. Dec. 11, 2010) .................................................................. 9

In re Cathode Ray Tube (CRT) Antitrust Litig.,
  No. 07-05944 (N.D. Cal. Mar. 16, 2009)................................................................... 9

In re Packaged Ice Antitrust Litigation,
  779 F. Supp. 2d 642 (E.D. Mich. 2011)..................................................................... 7

Industrial Assn. of San Francisco v. United States,
  268 U.S. 64 (1925)......................................................................................................... 4

ITT v. GTE Corp.,
  518 F.2d 913 (9th Cir. 1975)........................................................................................ 4

DEFENDANTS' JOINT MOTION TO
DISMISS THE STATE OF FLORIDA'S
CLAIMS FOR INJUNCTIVE RELIEF

ii

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917

**TABLE OF AUTHORITIES**
(continued)

**Page**(s)

*K.W. Brown & Co. v. McCutcheon*,
   879 So. 2d 977 (Fla. 4th DCA 2002) ................................................................. 3

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
   442 F.3d 741 (9th Cir. 2006) ........................................................................... 5

*United States v. Concentrated Phosphate Export Ass'n.*,
   393 U.S. 199 (1968) ......................................................................................... 5

*United States v. Hamburg-Amerikanische Packetfahrt-Actien Gesellschaft*,
   239 U.S. 466 (1916) ......................................................................................... 5

*United States v. Oregon State Medical Soc'y*,
   343 U.S. 326 (1952) ..................................................................................... 3, 4

*United States v. W.T. Grant Co.*,
   345 U.S. 629 (1953) ..................................................................................... 2, 7

*VFD Consulting, Inc. v. 21st Servs.*
   No. C 04-2161 SBA, 2005 WL 1115870 (N.D. Cal. May 11, 2005) ..................... 8

*Wilk v. American Medical Ass'n*,
   895 F.3d 352 (7th Cir. 1990) ......................................................................... 7, 8

*Wilk v. American Medical Ass'n*,
   671 F. Supp. 1465 (N.D. Ill. 1987) ................................................................... 8

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' JOINT MOTION TO
DISMISS THE STATE OF FLORIDA'S
CLAIMS FOR INJUNCTIVE RELIEF

iii

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917

## MEMORANDUM OF POINTS & AUTHORITIES

### I.     INTRODUCTION

Through its Amended Complaint, Plaintiff seeks an order to "[e]njoin and restrain . . . Defendants . . . from continuing to engage in any anticompetitive conduct and from adopting in the future any practice, plan, program or device having a similar purpose or effect" as the purported CRT conspiracy alleged in the Complaint.[1]  Plaintiff's request for an injunction is unsupported and unnecessary and should be dismissed.  Plaintiff alleges no facts to support its contention that there is any "continuing conspiracy" to enjoin.  To the contrary, all of the facts alleged in the Complaint relate to a period before November 25, 2007 – *i.e.*, more than five years ago.

Moreover, as Plaintiff concedes, the cathode ray tube is an obsolete product that has been all but supplanted by superior, more popular display technologies like LCD and plasma.  This fact is obvious to anyone who has walked through an electronics retail store in recent years, where so-called "flat screen" LCD and plasma televisions and monitors are ubiquitous.

Accordingly, almost all of the Defendants before the Court ceased manufacturing and selling CRTs years ago.[2]  Only two Defendants—both belonging to the same Defendant family— continue to produce a small number of CRTs in foreign countries.    Simply put, there could be no "continuing" CRT price-fixing conspiracy because almost no Defendant makes CRTs anymore.

---

[1] Am. Compl. ¶ 156(d).  It is not clear from the Complaint on which statutory authority Plaintiff relies for its injunctive claims, which are purportedly brought "pursuant to federal and state law" (Am. Compl. ¶ 157(d)), but the standard is the same for each of the federal and state statutes identified in the Complaint.  The Sherman Act, the FAA and FUDTPA require a showing of "threatened loss or damage," which Plaintiff cannot meet here.  Moreover, Plaintiff incorrectly asserts that its federal injunctive claim is timely because the Clayton Act's four-year statute of limitations "has nothing to do with Florida's federal claim."  Pls. Response to Motion to Dismiss at 3 (Dkt No. 1330).  This is not so - the Ninth Circuit and other courts have barred equitable claims four years after accrual.  *See, e.g., ITT v. GTE Corp.*, 518 F.2d 913, 926 (9th Cir. 1975) ("Equity, when there is no statute of limitations applicable to suits, fashions its own time remedies through laches….").  Here Plaintiff was indisputably on notice of potential claims by November 2007 at the latest and yet still waited more than four years to file its Complaint seeking damages and injunctive relief.  Laches applies.

[2] The Defendants joining this Motion are Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a/ Japan Display East Inc.), Hitachi Asia, Ltd., Hitachi Electronic Devices (USA), Inc., Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation, Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, MT Picture Display Co., Ltd., LG Electronics, Inc., LG Electronics USA, Inc., Samsung SDI America, Inc., Samsung SDI Co., Ltd., Samsung SDI (Malaysia) SDN. BHD., Samsung SDI Mexico S.A. DE C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd., Tianjin Samsung SDI Co., Ltd., Toshiba Corporation and Toshiba America Electronic Components, Inc.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' JOINT MOTION TO
DISMISS THE STATE OF FLORIDA'S
CLAIMS FOR INJUNCTIVE RELIEF

1

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917

1       Finally, there are multiple other lawsuits seeking the same relief Plaintiff seeks here,

2   rendering Plaintiff's injunctive claims duplicative and unnecessary.

3       For each of these reasons, Plaintiff cannot meet the standards for injunctive relief, and its

4   claims should be dismissed.

5   **II.**    **ISSUE TO BE DECIDED**

6       Whether Plaintiff may pursue claims for prospective injunctive relief when (a) the latest

7   allegedly illegal conduct occurred at least five years in the past; (b) almost none of the defendants

8   presently make or sell the products at issue; and (c) other, earlier filed complaints also seek the

9   same relief.

10  **III.**    **BACKGROUND**

11      Plaintiff filed its initial Complaint on December 9, 2011.  It alleged a conspiracy among

12  Defendants to fix prices and supply levels for CRTs from 1995 through at least 2007.  The

13  Complaint sought damages and civil penalties for alleged violations of the Sherman Act, the

14  Florida Antitrust Act ("FAA") and the Florida Deceptive and Unfair Trade Practices Act

15  ("FDUTPA").

16      Defendants moved to dismiss Plaintiff's damages and penalties claims on statute of

17  limitations grounds.  Plaintiff responded by serving an Amended Complaint on July 16, 2012.

18  Defendants renewed their Motion to Dismiss the claims for monetary relief asserted in the

19  Amended Complaint on August 2, 2012, on the grounds that those claims were barred by the

20  relevant statutes of limitation.  *See* Defendants' Notice of Motion and Motion to Dismiss the State

21  of Florida's Amended Complaint (Dkt. No. 1287).  That motion is fully briefed and was argued

22  on September 20, 2012.

23      At the September 20th oral argument, Plaintiff's claims for injunctive relief were

24  discussed, and the Special Master requested additional briefing addressing those claims

25  specifically.  This Motion followed.

26  **IV.**    **ARGUMENT**

27      Injunctive relief is a prospective remedy to prevent future harm.  An injunction is not

28  appropriate unless "there exists some cognizable danger of *recurrent violation*, something more

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' JOINT MOTION TO
DISMISS THE STATE OF FLORIDA'S
CLAIMS FOR INJUNCTIVE RELIEF

2

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917

than the mere possibility which serves to keep the case alive." *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953) (emphasis added). As the Supreme Court explained in *United States v. Oregon State Medical Soc'y*, 343 U.S. 326, 333 (1952):

> The sole function of an action for injunction is to forestall future violations. It is
> so unrelated to punishment or reparations for those past that its pendency or
> decision does not prevent concurrent or later remedy for past violations…[An
> injunction requires] a real threat of future violation or a contemporary violation of
> a nature likely to continue or recur.

The standard is the same under federal and Florida law.[3]

Plaintiff's claims and allegations here, by contrast, are all backward looking. All of the facts Plaintiff alleges are at least five years in the past, and Plaintiff alleges no facts that would colorably suggest that there is any danger of a "recurrent violation." To the contrary, the market facts suggest that a recurrent violation is extremely unlikely, if not impossible. Plaintiff alleges nothing more than the "mere possibility" of a current or future violation, which is not enough to allow its injunctive relief claims to proceed.

### A.    PLAINTIFF'S CLAIMS OF A CONTINUING VIOLATION ARE UNSUPPORTED.

Plaintiff alleges no conduct that could be remedied through an injunction. Although Plaintiff's Amended Complaint contains bare allegations that there is a "continuing conspiracy" among Defendants, there are no facts alleged to support that legal conclusion and the market facts affirmatively contradict it.

It is now a well-established pleading tenet that a plaintiff's complaint must be dismissed if the complaint fails to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (only a complaint that states a plausible claim for relief survives a motion to dismiss). Plaintiff does not meet the *Twombly/Iqbal* pleading standard, because it has not - and cannot - state a plausible

---

[3]Florida courts require the plaintiff to "establish inadequate remedy at law and that irreparable harm will arise absent injunctive relief." *K.W. Brown & Co. v. McCutcheon*, 879 So. 2d 977, 979 (Fla. 4th DCA 2002) (emphasis added).

1  claim for an injunction barring defendants from engaging in conduct with respect to products that

2  *they have not made in years*.

3       As we explained in our earlier Motion addressed to Plaintiff's damages claims, Plaintiff

4  alleges no facts regarding any purported conspiratorial conduct after 2007 – *i.e.*, in the last five

5  years.  *See* Defendants' Notice of Motion and Motion to Dismiss the State of Florida's Amended

6  Complaint at 5-6 (Dkt. No. 1287).  In paragraph 106 of the Amended Complaint, Plaintiff alleges

7  the periods during which each of the Defendants purportedly "agreed on prices and supply levels

8  for CRTs."  Am. Compl. ¶106(a)-(p).  No Defendant is alleged to have "agreed on prices and

9  supply levels for CRTs" after 2007, and many are alleged to have participated in conspiratorial

10  conduct only before 2003, 2002, or 2001.  For instance, "Hitachi" is alleged to have participated

11  in conspiratorial activities "between at least 1996 and 2001."  *Id.* at ¶ 106(b).

12       Claims for injunctive relief may be mooted by the passage of time.  *See, e.g. County of*

13  *Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (there was no reasonable expectation of future

14  harm when plaintiffs had not employed a potentially discriminatory examination for job

15  applicants for at least ten years and had engaged in different hiring practices for the last ten

16  years); *United States v. Oregon State Medical Soc'y*, 343 U.S. at 334 (taking into consideration

17  the length of time since defendants engaged in the conduct at issue, and finding that "conduct

18  discontinued in 1941 does not warrant the issuance of an injunction in 1949"); *Industrial Assn. of*

19  *San Francisco v. United States*, 268 U.S. 64, 84 (1925) ("whatever may have been the original

20  situation, the practice was abandoned long before the present suit was instituted, and nothing

21  appears by way of threat or otherwise to indicate the probability of its ever being resumed").

22  Given the years that have passed since the last alleged injurious conduct by Defendants, Plaintiff

23  cannot reasonably claim a need for, or entitlement to, an injunction.[4]

---

[4] Nor can Plaintiff rely on its argument that conduct before 2007 may continue to produce effects to justify its claims for injunctive relief.  *Cf.* Pls. Response to Motion to Dismiss at 4-6 (Dkt No. 1330).  Plaintiff's argument is that allegedly price fixed CRTs sold before 2007 may have been incorporated by non-conspirators into finished products that continue to be sold by third parties.  *Id.*  Putting aside the implausibility of these contentions in relation to CRT sales made five years ago, no injunction against the Defendants before the Court could remedy that purported harm, as there is no contention that Defendants control the downstream transactions for finished products at issue.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' JOINT MOTION TO
DISMISS THE STATE OF FLORIDA'S
CLAIMS FOR INJUNCTIVE RELIEF

4

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917

## B.  THERE CANNOT BE A CONTINUING OR FUTURE CRT CONSPIRACY BECAUSE CRTs ARE AN OBSOLETE TECHNOLOGY AND ALMOST ALL OF THE DEFENDANTS EXITED THE CRT MARKET LONG AGO.

In addition to the lack of any factual support for Plaintiff's contention that Defendants are engaged in a "continuing conspiracy," the market facts alleged in the Complaint and elsewhere make clear that it would be all but impossible for a CRT conspiracy to exist now or in the future.

As the Supreme Court noted in *United States v. Concentrated Phosphate Export Ass'n.*, "[a] case [for injunctive relief] might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not *reasonably* be expected to occur."  393 U.S. 199, 203 (1968) (emphasis added).  Here, even Plaintiff admits that CRTs have been overtaken by different, newer technologies and that "[i]t is extremely unlikely that, at this point in time, a new producer would want to try to enter the CRT market in light of the declining demand for CRT Products."  Am. Compl. at ¶ 75.  This is because CRTs are "approaching obsolescence" as they are replaced by better display technologies like LCD and plasma.  *Id.* at ¶115 (there is "declining demand due to the approaching obsolescence of CRTs caused by the emergence of a new, potentially superior and clearly more popular, substitutable technology").

Accordingly, almost all of the Defendants before the Court stopped making and selling CRTs years ago.   There is thus no reasonable possibility of a recurrent violation that could be remedied through an injunction[5]:

- "In 2001, LGE transferred its CRT business to a 50/50 CRT joint venture with Defendant [Royal Philips Electronics N.V.] forming LG.Philips Displays."  Am. Compl. ¶ 12.

- "Royal Philips had sole ownership of its CRT business until 2001, when it transferred its CRT business to a 50/50 joint venture with Defendant LG Electronics, Inc., forming LG.Philips Display."  *Id.* at ¶ 15.

---

[5] The Court can take judicial notice of the dates entities ceased production of CRT tubes and exited the CRT tube market.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts may take judicial notice of court filings and other matters of public record, including pleadings); *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256 (3rd Cr. 1998) (court may take judicial notice of regulatory proceedings governing the future actions of defendants); *United States v. Hamburg-Amerikanische Packetfahrt-Actien Gesellschaft*, 239 U.S. 466 (1916) (Court took judicial notice of World War I when war indefinitely disrupted activities of defendants).

DEFENDANTS' JOINT MOTION TO DISMISS THE STATE OF FLORIDA'S CLAIMS FOR INJUNCTIVE RELIEF

5

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917

- As noted in a Complaint by Best Buy, ownership of LG.Philips Display was ceded to financial institutions and private equity firms more than five years ago.  Complaint at ¶40, *Best Buy Co. Inc. v. Hitachi, Ltd.*, No. 11-5513 (Dkt. No. 1) (N.D. Cal. Nov. 14, 2011). (Everett Decl., Ex. 1)

- The Hitachi entities did not manufacture or sell CRTs after early 2003.  *See* Evidentiary Proffer of Defendants Hitachi, Ltd; Hitachi Displays, Ltd.; Hitachi Asia, Ltd.; Hitachi America, Ltd.; and Hitachi Electronic Devices (USA), Inc. (Dkt. Nos. 817 - 825). (Everett Decl., Ex. 2-14).

- "In 2002, Toshiba Corporation entered into a joint venture with Defendant Panasonic Corporation called MT Picture Display, Co. ("MTPD"), Ltd. in which the entities consolidated their CRT businesses." Am. Compl. ¶28.  Toshiba sold its interest in MTPD in 2007.  *Id*. at ¶¶ 31, 32.

- Panasonic Corporation of North America ("PNA") was never in the business of manufacturing or selling CRTs, except that an unincorporated division company of PNA, acted as the U.S. sales agent in connection with sales of CRTs to televisions or monitor manufacturers, but only until April 2004.  Supplemental Responses and Objections of Panasonic Corp. of N. Am., MT Picture Display Co., Ltd. and Panasonic Corp. to Direct Purchaser Plaintiffs' First Set of Interrogatories, Dec. 17, 2010, at 2-3.  (Everett Decl., Ex. 15).

- Panasonic Corporation ceased the manufacture of CDTs for computer monitors no later than 2001, and exited the CPT business in March 2003.  Second Supplemental Responses and Objections of Panasonic Corp. of N. Am., MT Picture Display Co., Ltd. and Panasonic Corp. to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nov. 3, 2011, at 4.  (Everett Decl., Ex. 16).

- MTPD's US facilities were dissolved by March 27, 2007.  Objections and Responses of Panasonic Corp. of N. Am., MT Picture Display Co., Ltd. and Panasonic Corp. to Direct Purchaser Plaintiffs' First Set of Interrogatories, May 12, 2010 at 11-12.  Globally, MTPD ceased CRT production as of 2009.  Tatsuo Tobinaga 30(b)(6) Deposition Transcript, July

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' JOINT MOTION TO
DISMISS THE STATE OF FLORIDA'S
CLAIMS FOR INJUNCTIVE RELIEF

6

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917

1   16, 2012, at 79.  (Everett Decl., Ex. 17).  Since then, all remaining MTPD subsidiaries are

2   either dissolved or their shares were sold to third parties.  Objections and Responses of

3   Panasonic N. Am., MT Picture Display Co., Ltd. and Panasonic Corp. to DPPs' First Set

4   of Interrogatories, May 23, 2010, at 12.  (Everett Decl., Ex. 18).

5   Only two Defendants—Samsung SDI (Malaysia) Sdn. Bhd. and Shenzen Samsung SDI Co., Ltd.,

6   both members of the Samsung SDI Defendant family—continue to manufacture small numbers of

7   CRTs in foreign countries. Samsung SDI can hardly conspire with itself, and as noted all of the

8   other Defendants before the Court are no longer involved in the CRT business.[6]

9       Plaintiff cannot reasonably satisfy the threshold requirement for injunctive relief that it

10  suffers from a "significant threat of injury" from a conspiracy to limit the future production of

11  CRT tubes or fix the prices charged for CRT tubes because Defendants for the most part are no

12  longer active in the markets at issue.[7]  And, as such, "there is no reasonable expectation that the

13  wrong will be repeated."  *United States v. W.T. Grant*, 345 U.S. 629, 633 (1953) (emphasis

14  added).

15      These facts distinguish this case from *Wilk v. American Medical Ass'n*, 895 F.3d 352 (7th

16  Cir. 1990), which Plaintiff claims establishes a right to seek injunctive relief, even in cases where

17  the alleged conduct occurred in the past.  Pls. Response to Motion to Dismiss at 4-5 (Dkt No.

18  1330).  The district court imposed the injunction in *Wilk v. American Medical Ass'n* because it

19  "found a cognizable danger of recurrent violations, was unimpressed with the AMA's expressed

20  intent to comply with antitrust laws, was unpersuaded by the effectiveness of the AMA's

21  discontinuance of its boycott, and properly considered the systematic and long-term nature of the

22  boycott."  *Id.* at 367.  The district court found that the AMA was likely to return to its prior

23

24  [6] This distinguishes the instant case from the Packaged Ice case relied upon by Plaintiff.  In *In re Packaged Ice Antitrust Litigation*, the court found that a defendant's plea agreement concerned a repudiation of illegal behavior

25  in only one geographic market and that the plea agreement thus offered no bar to conspiracy in relation to the same products sold in other geographic markets.  779 F. Supp. 2d 642, 669 (E.D. Mich. 2011).  The defendants in

26  that case continued to sell the products at issue, and continued to compete with one another in sales of those products in geographic regions outside those covered by the guilty plea. That is not the case here.  Plaintiff has

27  pleaded the existence of a conspiracy related to CRT tubes, and the moving Defendants have all but ceased production of CRT tubes.
    [7] Given that nearly all of the Defendants no longer sell CRTs, even any arguable effects of the conduct at issue could

28  not be remedied by an injunction imposed on Defendants.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' JOINT MOTION TO
DISMISS THE STATE OF FLORIDA'S
CLAIMS FOR INJUNCTIVE RELIEF          7

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917

1   challenged conduct because the AMA had done so on a previous occasion after initially

2   repudiating the conduct at issue.  Facing pressure from its members, the AMA sought to persuade

3   a hospital accreditation organization to adopt essentially the same standards disfavoring

4   chiropractors.  This led the district court to determine that "present assurances [were] good only

5   until the next chiropractic battle." *Id.* at 367 (quoting *Wilk v. American Medical Ass'n*, 671 F.

6   Supp. 1465, 1488 (N.D. Ill. 1987)).  Here, there is no need to enter the injunctive relief because

7   each defendant has exited the CRT tubes and consequently cannot engage in a conspiracy to fix

8   the prices or limit the production of CRT tubes.  Here, Defendants have gone beyond

9   "assurances" by withdrawing from the market.

10

11          **C.       PLAINTIFF'S INJUNCTIVE RELIEF CLAIMS ARE DUPLICATIVE.**

12          As Plaintiff notes, there are currently two class actions (Pls. Response to Motion to

13   Dismiss at 5 (Dkt No. 1330)) and nine additional cases before this Court, as well as two cases

14   filed in other state courts that seek essentially the same injunction as that sought by Plaintiff.

15   Those cases were for the most part filed before Plaintiff's and at least some of them have active

16   claims for monetary relief that survived motions to dismiss.  As the Supreme Court noted, "the

17   fact is that one injunction is as effective as 100, and, concomitantly, that 100 injunctions are no

18   more effective than one." *Hawaii v. Standard Oil Co.*, 405 U.S. 251, 261 (1972); *see also*

19   *Cargill, Inc. v. Monfort of Colorado, Inc.*, 479 U.S. 104, 111 n.6 (1986).  There is no equitable

20   reason to allow Plaintiff to pursue a duplicative claim for injunction.

21          "[D]uplicative litigation is heavily disfavored." *VFD Consulting, Inc. v. 21st Servs.* No. C

22   04-2161 SBA, 2005 WL 1115870, at *8 (N.D. Cal. May 11, 2005).  Plaintiff requests that the

23   Court "enjoin and restrain, pursuant to federal and state law, Defendants…from continuing to

24   engage in any anticompetitive conduct and from adopting in the future any practice, plan,

25   program, or device having a similar purpose or effect to the anticompetitive actions set forth

26   above." Am. Compl. ¶156(d).  Other outstanding cases request similar injunctive relief sought

27   by Plaintiff.  For instance, the Indirect Purchaser Plaintiff class complaint requests that

28   "Defendants…be permanently enjoined and restrained from, in any manner, directly or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' JOINT MOTION TO
DISMISS THE STATE OF FLORIDA'S              8
CLAIMS FOR INJUNCTIVE RELIEF

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917

1    indirectly, continuing, maintaining or renewing the combinations, conspiracy, agreement,

2    understanding or concert of action, or adopting or following any practice, plan, program or

3    design having a similar purpose or effect in restraining competition."  Indirect Purchaser

4    Plaintiffs' Third Consolidated Amended Complaint at 94, *In re Cathode Ray Tube (CRT)*

5    *Antitrust Litig.*, No. 07-05944 (Dkt. No. 827) (N.D. Cal. December 11, 2010) (Everett Decl. Ex.,

6    18).  *See also*, Direct Purchaser Plaintiffs' Amended Complaint at 48, *In re Cathode Ray Tube*

7    *(CRT) Antitrust Litig.*, No. 07-05944 (Dkt. No. 436) (N.D. Cal. March 16, 2009) (Everett Decl.,

8    at 19) ("Defendants…be permanently enjoined and restrained from continuing and maintaining

9    the combination, conspiracy, or agreement alleged herein.").

10        Plaintiff's belated attempt to join the action merely wastes judicial resources, encourages

11    duplicative litigation and promotes piecemeal resolution of issues that require a uniform

12    outcome.  Not unlike the rationale employed by courts in "first-to-file" situations, dismissing

13    Plaintiff's claims for injunctive relief, which have been separately and earlier alleged by other

14    plaintiffs, would promote judicial efficiency.  *See, e.g., Colorado River Water Conservation*

15    *Dist. v. United States,* 424 U.S. 800, 817 (1976) ("though no precise rule has evolved, the

16    general principle is to avoid duplicative litigation"); *see also Barapind v. Reno,* 225 F.3d 1100,

17    1109 (9th Cir. 2000).

18

19    DATED:  October 4, 2012           **MORGAN LEWIS & BOCKIUS LLP**

20                             By:  /s/ J. Clayton Everett, Jr.
                            J. CLAYTON EVERETT, JR. (*pro hac vice*)

21                             E-mail: jeverett@morganlewis.com
                            SCOTT A. STEMPEL (pro hac vice)

22                             E-mail: sstempel@morganlewis.com
                            **MORGAN, LEWIS & BOCKIUS LLP**

23                             111 Pennsylvania Avenue, NW
                            Washington, DC 20004

24                             Telephone: (202) 739-3000
                            Facsimile: (202) 739-3001

25                             KENT M. ROGER (SBN 95987)

26                             E-mail: kroger@morganlewis.com
                            MICHELLE PARK CHIU (SBN 248421)

27                             E-mail: mchiu@morganlewis.com
                            **MORGAN LEWIS & BOCKIUS LLP**

28                             One Market Tower, Spear Street Tower

DEFENDANTS' JOINT MOTION TO
DISMISS THE STATE OF FLORIDA'S
CLAIMS FOR INJUNCTIVE RELIEF

9

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917

1    San Francisco, California  94105-1126
     Telephone:  415.442-1000
2    Facsimile:  415.442.1001

3    *Attorneys for Defendants Hitachi, Ltd., Hitachi
     Displays, Ltd. (n/k/a Japan Display East Inc.),*
4    *Hitachi Asia, Ltd., and Hitachi Electronic Devices
     (USA), Inc.*

5    BAKER BOTTS LLP

6
     By:  /s/ John M. Taladay
7    John M. Taladay (*pro hac vice*)
     Joseph Ostoyich (*pro hac vice*)
8    **BAKER BOTTS LLP**
     1299 Pennsylvania Ave., N.W.
9    Washington, DC 20004-2400
     Telephone: (202) 639-7700
10   Facsimile: (202) 639-7890
     Email: john.taladay@bakerbotts.com
11   Email: joseph.ostoyich@bakerbotts.com

12   Jon V. Swenson (SBN 233054)
     **BAKER BOTTS LLP**
13   620 Hansen Way
     Palo Alto, CA 94304
14   Telephone: (650) 739-7500
     Facsimile: (650) 739-7699
15   Email: jon.swenson@bakerbotts.com

16   *Attorneys for Defendants Koninklijke Philips
     Electronics N.V. and Philips Electronics North*
17   *America Corporation*

18   WINSTON & STRAWN LLP

19   By:  /s/  Jeffrey L. Kessler
     JEFFREY L. KESSLER (pro hac vice)
20   E-mail: JKessler@winston.com
     A. PAUL VICTOR (pro hac vice)
21   E-mail: PVictor@winston.com
     EVA COLE (pro hac vice)
22   E-mail: EWCole@winston.com

23   MOLLY M. DONOVAN
     E-mail: MMDonovan@winston.com
24   **WINSTON & STRAWN LLP**
     200 Park Avenue
25   New York, NY 10166
     Telephone: (212) 294-6700

26
     STEVEN A. REISS (pro hac vice)
27   E-mail: steven.reiss@weil.com
     DAVID L. YOHAI (pro hac vice)
28   E-mail: david.yohai@weil.com

MORGAN, LEWIS &     DEFENDANTS' JOINT MOTION TO                    MASTER FILE NO. 3:07-CV-05944-SC
BOCKIUS LLP         DISMISS THE STATE OF FLORIDA'S        10                           MDL NO. 1917
ATTORNEYS AT LAW    CLAIMS FOR INJUNCTIVE RELIEF
SAN FRANCISCO

ADAM C. HEMLOCK (pro hac vice)
E-mail: adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation
(f/k/a Matsushita Electric Industrial Co., Ltd.),
Panasonic Corporation of North America, MT
Picture Display Co., Ltd.*

ARNOLD & PORTER LLP

By:  /s/ Sharon D. Mayo
SHARON D. MAYO (SBN 150469)
sharon.mayo@aporter.com
Three Embarcadero Center, 7th Floor
San Francisco, California  94111-4024
Telephone:  (415) 471-3100
Facsimile:  (415) 471-3400

DOUGLAS L. WALD (*Pro Hac Vice*)
douglas.wald@aporter.com
WILSON D. MUDGE (*Pro Hac Vice*)
wilson.mudge@aporter.com
YONGSANG KIM (*Pro Hac Vice*)
yongsang.kim@aporter.com
**ARNOLD & PORTER LLP**
555 Twelfth Street, NW
Washington, DC  20004
Telephone:  (202) 942-5000
Facsimile:  (202) 942-5999

*Attorneys for Defendants LG Electronics, Inc. and
LG Electronics USA, Inc.*

SHEPPARD MULLIN RICHTER & HAMPTON

By:  /s/ Gary L. Halling
GARY L. HALLING (SBN 66087)
E-mail: ghalling@sheppardmullin.com
JAMES L. MCGINNIS (SBN 95788)
E-mail: jmcginnis@sheppardmullin.com
MICHAEL W. SCARBOROUGH, (SBN 203524)
E-mail: mscarborough@sheppardmullin.com
**SHEPPARD MULLIN RICHTER &
HAMPTON**
Four Embarcadero Center, 17th Floor
San Francisco, California  94111
Telephone:  (415) 434-9100
Facsimile:  (415) 434-3947

*Attorneys for Defendants Samsung SDI America,*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' JOINT MOTION TO
DISMISS THE STATE OF FLORIDA'S
CLAIMS FOR INJUNCTIVE RELIEF

11

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917

1  Inc.; Samsung SDI Co., Ltd.; Samsung SDI
   (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A.
2  DE C.V.; Samsung SDI Brasil Ltda.; Shenzen
   Samsung SDI Co., Ltd. and Tianjin Samsung SDI
3  Co., Ltd.

4  WHITE & CASE LLP

5  By:  /s/ Christopher M. Curran

6  CHRISTOPHER M. CURRAN (pro hac vice)
   E-mail: ccurran@whitecase.com
7  GEORGE L. PAUL (pro hac vice)
   E-mail: gpaul@whitecase.com
8  LUCIUS B. LAU (pro hac vice)
   E-mail: alau@whitecase.com
9  **WHITE & CASE LLP**
   701 Thirteenth Street, N.W.
10 Washington, DC  20005
   Telephone: (202) 626-3600
11 Facsimile: (202) 639-9355

12 Attorneys for Defendants Toshiba Corporation and
   Toshiba America Electronic Components, Inc.

13

14 Pursuant to General Order No. 45, § X-B, the filer attests that concurrence in the filing of this

15 document has been obtained from each of the above signatories.

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' JOINT MOTION TO
DISMISS THE STATE OF FLORIDA'S
CLAIMS FOR INJUNCTIVE RELIEF

12

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917