# EXHIBIT 9

JEFFREY L. KESSLER (*Admitted Pro Hac Vice*)
A. PAUL VICTOR (*Admitted Pro Hac Vice*)
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-7013
Email: jkessler@dl.com

STEVEN A. REISS (*Admitted Pro Hac Vice*)
DAVID L. YOHAI (*Admitted Pro Hac Vice*)
DAVID YOLKUT (*Admitted Pro Hac Vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone:   (212) 310-8000
Facsimile:   (212) 310-8007
Email: steven.reiss@weil.com

**Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In Re CATHODE RAY TUBE (CRT) **ANTITRUST LITIGATION** ) ) ) ) | No.:   M-07-5944 SC MDL NO. 1917 |
| This Document Relates to: DIRECT PURCHASER ACTION ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge: Hon. Samuel Conti Special Master: Hon. Charles A. Legge (Ret.) **OBJECTIONS AND RESPONSES OF PANASONIC CORPORATION OF NORTH AMERICA, MT PICTURE DISPLAY CO., LTD. AND PANASONIC CORPORATION (F/K/A MATUSHITA ELECTRIC INDUSTRIAL CO., LTD.) TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

1    Pursuant to Rule 26 and 33 of the Federal Rules of Civil Procedure, Defendants

2 Panasonic Corporation of North America ("PNA"), MT Picture Display Co., Ltd. ("MTPD"),

3 and Panasonic Corporation, f/k/a Matsushita Electric Industrial Co., Ltd. ("Panasonic Corp.,"

4 and together with PNA and MTPD, the "Panasonic Defendants") hereby respond and object to

5 the Direct Purchaser Plaintiffs' ("Plaintiffs") First Set of Interrogatories, dated March 12, 2010

6 ("Interrogatories").

7                              **PRELIMINARY STATEMENT**

8    The following objections and responses are based upon the information currently

9 known and available to Panasonic Defendants.   Discovery and investigation are in the

10 preliminary stages and are ongoing, and may disclose the existence of additional facts or

11 documents, add meaning to known facts or documents, or lead to additions, variations or

12 changes to these objections and responses.

13    Without obligating themselves to do so, except to the extent required under the Federal

14 Rules of Civil Procedure, Panasonic Defendants reserve the right to amend or supplement the

15 responses as additional information is discovered, revealed, recalled or otherwise ascertained,

16 and as further analysis, research, investigation and discovery disclose additional facts,

17 documents, contentions or legal theories that may apply.   Panasonic Defendants reserve the

18 right to supplement the responses subject to any applicable Order by the Court.   Further,

19 Panasonic Defendants specifically reserve the right to utilize subsequently discovered

20 information or evidence at trial.

21    The general and specific objections set forth below are intended to apply to all

22 information provided pursuant to the Interrogatories.   Furthermore, these responses do not in

23 any way waive any objections by Panasonic Defendants, in this or in any subsequent

24 proceeding, on any grounds, including objections as to the competency, relevancy, materiality,

25 privilege or admissibility of the responses, or the subject matter thereof.

26

27

28

## GENERAL OBJECTIONS

Panasonic Defendants assert the following general objections with respect to each of the Interrogatories:

1. Panasonic Defendants object to the Interrogatories, including the Instructions and Definitions section, to the extent they seek information beyond the permissible scope of discovery or seek to impose obligations beyond those imposed by Rules 26 and 33 of the Federal Rules of Civil Procedure, the Local Rules, or an applicable Order by the Court.

2. Panasonic Defendants object to the Interrogatories to the extent they seek information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity. Any response is made without waiver of any privilege, claim of confidentiality, or other objection. Insofar as any response by Panasonic Defendants may be deemed to be a waiver of any privilege or right, such waiver shall be deemed to be a limited waiver with respect to that particular information only.

3. Panasonic Defendants object to the Interrogatories to the extent they seek information regarding matters that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

4. Panasonic Defendants object to the Interrogatories to the extent they seek information regarding finished products containing cathode ray tubes that is not reasonably related to Plaintiffs' claims with respect to an alleged conspiracy directed at cathode ray tubes ("CRTs") on the grounds that such Interrogatories are overly burdensome and premature until such time as Plaintiffs establish a reasonable basis for their claims regarding "CRT Products" to justify the enormous burden that Plaintiffs seek to impose on Panasonic Defendants by pursuing discovery as to all such products.

5. Panasonic Defendants object to the Interrogatories to the extent they seek information regarding products that were not sold or purchased by Panasonic Defendants in the United States on the ground that such Interrogatories are unduly burdensome and irrelevant to this action as Plaintiffs' proposed class definition in their Consolidated Amended Complaint is

1  confined to "all persons . . . who directly purchased a Cathode Ray Tube Product . . . in the

2  United States."  See DP-CAC ¶ 1.

3       6.     Panasonic Defendants object to the Interrogatories to the extent they seek

4  information regarding CRT television combination products on the grounds that such

5  Interrogatories are overly burdensome and are neither relevant to the claims or defenses of any

6  party nor reasonably calculated to lead to the discovery of admissible evidence.

7       7.     Panasonic Defendants object to the Interrogatories to the extent they are vague,

8  ambiguous, confusing, overbroad, and/or unduly burdensome.  Panasonic Defendants will

9  interpret the Interrogatories in a reasonable manner.

10      8.     Panasonic Defendants object to the Interrogatories to the extent they seek

11 information and/or documents beyond the possession, custody or control of Panasonic

12 Defendants or their current officers, directors, or employees.  Panasonic Defendants construe

13 each Interrogatory as requiring them to engage in a reasonable search for responsive

14 information within their possession, custody or control.

15      9.     Panasonic Defendants object to the Interrogatories to the extent they seek

16 information that is a matter of public record, or otherwise equally accessible and/or

17 ascertainable to Plaintiffs (such as information that is currently within Plaintiffs' control).

18      10.    Panasonic Defendants object to the Interrogatories to the extent they are

19 compound and/or contain discrete subparts and exceed the limit of twenty-five interrogatories

20 in the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 33(a)(1) ("Unless otherwise

21 stipulated or ordered by the court, a party may serve . . . no more than 25 written interrogatories,

22 including all discrete subparts.").

23      11.    Panasonic Defendants' responses herein, and their production of information

24 and documents, do not in any way constitute an adoption of Plaintiffs' purported Definitions of

25 words or phrases contained in the Interrogatories.  Panasonic Defendants object to the

26 Definitions to the extent they:   (i) Are unclear, ambiguous, overly broad or unduly

27 burdensome; (ii) Are inconsistent with the ordinary and customary meaning of the words or

28

1  phrases they purport to define; (iii) Seek to impose obligations different from, or in excess of,

2  those created by the Federal Rules of Civil Procedure and the Local Rules; and/or (iv)

3  Incorporate other purported Definitions that suffer from such defects.   Without limiting the

4  breadth and general application of these objections, Panasonic Defendants further object to the

5  Definitions as follows:

6      a.      Panasonic Defendants object to the definitions of the terms "Defendant,"

7  "Employee," "Your," "You," and "Yourself" on the grounds that the definitions are overly

8  broad, unduly burdensome and beyond the scope of permissible discovery under the Federal

9  Rules of Civil Procedure.   Panasonic Defendants will respond for Panasonic Corporation,

10 PNA, and MTPD.

11     b.      Panasonic Defendants object to the definition of "CRT Products" on the grounds

12 that the definition is overly broad, unduly burdensome, and seeks information that is neither

13 relevant nor reasonably calculated to lead to the discovery of admissible evidence.   To the

14 extent the Interrogatories seeking information regarding "CRT Products" are not otherwise

15 objectionable, Panasonic Defendants will respond regarding television sets containing CRTs

16 and general purpose computer monitors containing CRTs, to the extent applicable (collectively,

17 "Finished CRT Products").

18     c.      Panasonic Defendants object to the definition of "Relevant Time Period" on the

19 grounds that, until the statute of limitations issues are resolved by the Court, the definition is

20 overly broad and unduly burdensome.   Judge Conti has directed the parties to Judge Legge to

21 develop procedures for the early resolution of statute of limitations issues and to reduce the

22 burden in connection therewith.   Panasonic Defendants believe it is premature for them to have

23 to respond to the Interrogatories from prior to the statute of limitations period until Judge Legge

24 considers this issue and determines the proper scope of that burden.   At this time, Panasonic

25 Defendants will respond for the time period November 26, 2003 through November 26, 2007,

26 based on the applicable limitations period (the "Limitations Period").

27     d.      Panasonic Defendants object to the definition of "Meeting" as including any

28

---

MDL NO. 1917                          PANASONIC DEFENDANTS' OBJECTIONS AND RESPONSES
                                      TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES
                                                          5

1    "contemporaneous presence of two or more persons for any purpose" on the grounds that the

2    definition is overly broad, unduly burdensome, and seeks information that is neither relevant

3    nor reasonably calculated to lead to the discovery of admissible evidence.

4         Consistent with applicable law, and without waiver or limitation of any of their

5    general or specific objections, Panasonic Defendants made a good faith effort to interpret the

6    objectionable Definitions and terms in these Interrogatories.

7         12.    Panasonic Defendants' responses herein, and their production of documents and

8    information, do not in any way constitute an acceptance of Plaintiffs' proposed Instructions.

9    Panasonic Defendants object to the Instructions to the extent they:   (i) Are unclear, ambiguous,

10   overly broad or unduly burdensome; and/or (ii) Seek to impose obligations different from, or in

11   excess of, those created by the Federal Rules of Civil Procedure, the Local Rules, or an

12   applicable Order of the Court.   Without limiting the breadth and general application of these

13   objections, Panasonic Defendants further object to the Instructions as follows:

14        a.    Panasonic Defendants object to the instruction in Paragraph 1 on the grounds

15   that it is overbroad, unduly burdensome, and seeks information that is neither relevant nor

16   reasonably calculated to lead to the discovery of admissible evidence.

17        b.    Panasonic Defendants object to the instruction in Paragraph 3 regarding

18   Federal Rule of Civil Procedure 33(d) to the extent it imposes obligations different from, or in

19   excess of those created by the Federal Rules of Civil Procedure, the Local Rules, or an

20   applicable Order of the Court.

21        13.    Panasonic Defendants object to the Interrogatories to the extent they purport to

22   require Panasonic Defendants to identify documents that have been or will be produced

23   pursuant to Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents,

24   dated June 4, 2008, or Direct Purchaser Plaintiffs Second Request for Production of

25   Documents, dated March 10, 2010, on the grounds that such Interrogatories are duplicative and

26   unduly burdensome.

27        14.    Panasonic Defendants reserve all objections or other questions as to the

28

MDL NO. 1917                                    PANASONIC DEFENDANTS' OBJECTIONS AND RESPONSES
                                           TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES
                                                                6

1  competency, relevance, materiality, privilege, or admissibility of any information produced in

2  response to the Interrogatories at trial in this or any other action for any purpose whatsoever.

3        15.    Panasonic Defendants hereby incorporate each of the foregoing general

4  objections into every response below as though fully set forth therein.

5  **RESPONSES AND OBJECTIONS TO INTERROGATORIES**

6  **INTERROGATORY NO. 1**

7       State the name, address, and relationship to You of each person who prepared or
assisted in the preparation of the responses to these interrogatories.    (Do not identify anyone

8  who simply typed or reproduced the responses.)

9  **RESPONSE TO INTERROGATORY NO. 1**

10       Subject to and without waiver of the foregoing general objections, Panasonic

11  Defendants respond that Takashi Nakano, Legal Affairs Group AVC Networks Company,

12  Panasonic Corporation, 1-15 Matsuo-cho, Kadoma City, Osaka, 571-8504, Japan, assisted in

13  the preparation of these responses for MTPD and Panasonic Corporation.    In addition,

14  Robert S. Marin, Vice President and General Counsel of Panasonic Corporation of North

15  America, One Panasonic Way, 1B-7, Secaucus, New Jersey, 07094, assisted in the

16  preparation of these responses for PNA.

17  **INTERROGATORY NO. 2**

18       Identify each current and former employee who has or had any managerial
responsibility for recommending, reviewing, setting or approving prices, bids, quotes, or

19  rebates for Your CRT and/or CRT Products during the Relevant Time Period.    For each

20  person identified, include his or her name, address, title, location, the division or unit of the
company where he or she worked, and a description of his or her responsibilities throughout

21  the Relevant Time Period.

22  **RESPONSE TO INTERROGATORY NO. 2**

23       Panasonic Defendants object to Interrogatory No. 2 on the grounds that it is overly

24  broad, unduly burdensome, and seeks information that is neither relevant nor reasonably

25  calculated to lead to the discovery of admissible evidence, specifically by requesting

26  information regarding products that were not purchased or sold in the United States.

27       Subject to and without waiver of the foregoing general and specific objections, the

28

bates ranges for documents produced by Panasonic Defendants that, after a diligent search, Panasonic Defendants have identified thus far as containing information responsive to this request are listed in Exhibit A attached hereto.    Panasonic Defendants will produce additional documents responsive to Interrogatory No. 2, if any, when they make their additional document productions.

**INTERROGATORY NO. 3**

Identify each employee with pricing authority who attended any trade association during the Relevant Time Period relating to CRT and/or CRT Products and state with respect to each employee:

      (a)      the trade association attended;
      (b)      the dates of attendance;
      (c)      any offices, chairs or committee positions held in each of the trade associations; and
      (d)      the dates which those offices, chairs or committee positions were held.

**RESPONSE TO INTERROGATORY NO. 3**

Panasonic Defendants object to Interrogatory No. 3 on the grounds that it overly broad and unduly burdensome.    Further, Interrogatory No. 3 seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, specifically by requesting information regarding trade associations outside the United States and trade associations involving Finished CRT Products.    In addition, the phrase "pricing authority" is vague and ambiguous.

Subject to and without waiver of the foregoing general and specific objections Panasonic Defendants respond that, with respect to trade association meetings in the U.S., Shinichi Iwamoto, General Manager of Sales MTPDA(OH) from 2003-2006, who had authority to recommend prices in the U.S., attended a meeting in the U.S. of the Market Forecast Consortium on April 20, 2004.   While at MTPD, Mr. Iwamoto also attended meetings held twice annually in Washington, D.C. involving the Electronic Industries Association and the Electronic Components, Assemblies and Materials Association.

**INTERROGATORY NO. 4**

Identify each actual or proposed agreement between You and any producer of CRT and/or CRT Products, including the named Panasonic Defendants in this coordinated proceeding, relating to prices, pricing, production or inventory levels of CRT and/or CRT Products during the relevant time period.   Agreements shall include drafts.   For every such actual or proposed agreement state:

  (a)   the identity of the participants and all persons with knowledge thereof;
  (b)   when such agreement was entered into;
  (c)   where such agreement was entered into;
  (d)   the terms of such agreement; and
  (e)   when, how and which of your officers, directors or employees discovered the existence of such agreement.

**RESPONSE TO INTERROGATORY NO. 4**

Panasonic Defendants object to Interrogatory No. 4 on the grounds that it is overly broad and unduly burdensome.   Further, Interrogatory No. 4 seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, specifically by requesting information regarding (i) products that were not sold in the United States or (ii) any Finished CRT Products.   Panasonic Defendants object to Interrogatory No. 4 on the grounds that the phrase "each actual or proposed agreement" is vague, ambiguous, and improperly calls for a legal conclusion.

Subject to and without waiver of the foregoing general and specific objections, Panasonic Defendants will produce documents sufficient to identify agreements entered into between Panasonic Defendants and makers of CRTs for the purchase and/or sale of CRTs in the United States during the Limitations Period, if any, when they make their additional document productions.   Other than purchase and sale agreements, Panasonic Defendants are not aware of any agreements that the Panasonic Defendants entered into with other sellers of CRTs that applied to CRTs sold in the United States.

**INTERROGATORY NO. 5**

Identify any meeting or communication between You and other producers of CRT and/or CRT Products during the Relevant Time Period, including the named Panasonic Defendants in this coordinated proceeding, regarding CRT and/or CRT Product pricing, price increase announcements, terms or conditions of sales, profit margins or market share,

PANASONIC DEFENDANTS' OBJECTIONS AND RESPONSES
TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES

production levels, inventory, customers, auctions, reverse auctions, dynamic bidding events, or sales, and for each such meeting or communication:

    (a)    provide the date and location of the meeting or communication;

    (b)    identify the person(s) who initiated, called, organized, attended or participated in the meeting or communication;

    (c)    describe the subject matter discussed and any information you provided or received;

    (d)    describe every action taken by you as a result of the meeting or communication; and

    (e)    identify all persons with knowledge relating to the meeting or communication.

## RESPONSE TO INTERROGATORY NO. 5

Panasonic Defendants object to Interrogatory No. 5 on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.   Further, Interrogatory 5 seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, specifically by requesting information regarding (i) products that were not sold in the United States or (ii) any Finished CRT Products.

Subject to and without waiver of the foregoing general and specific objections, Panasonic Defendants will identify documents sufficient to identify communications or meetings between Panasonic Defendants and sellers of CRTs regarding CRTs that were sold in the United States during the Limitations Period, if any, when they make their additional document productions.

## INTERROGATORY NO. 6

Identify each instance during the Relevant Time Period in which You or any other producer of CRT and/or CRT Products, including the named Panasonic Defendants in this coordinated proceeding, instituted a price increase or decrease for CRT and/or CRT Products, and for each such instance:

    (a)    when such price increase or decrease was announced publicly;

    (b)    when such price increase or decrease was implemented;

    (c)    the amount of the price increase or decrease;

    (d)    whether such price increase or decrease was withdrawn;

    (e)    each person with responsibility for implementing such price increase or decrease or its withdrawal; and

    (f)    any explanation given for such price increase or decrease or withdrawal.

1  **RESPONSE TO INTERROGATORY NO. 6**

2      Panasonic Defendants object to Interrogatory No. 6 on the grounds that it is vague,

3  ambiguous, overly broad, and unduly burdensome.   Further, Interrogatory No. 6 seeks

4  information that is neither relevant nor reasonably calculated to lead to the discovery of

5  admissible evidence, specifically by requesting information regarding products that were not

6  sold in the United States.

7      Subject to and without waiver of the foregoing general and specific objections, the

8  following are bates ranges for documents produced by Panasonic Defendants that, after a

9  diligent search, Panasonic Defendants have identified thus far as containing information

10  responsive to this request:   PAN0000001-PAN0000515.   Panasonic Defendants will

11  produce additional documents sufficient to show price changes for CRTs and Finished CRT

12  Products that were sold in the United States during the Limitations Period, if any, when they

13  make their additional document productions.

14  **INTERROGATORY NO. 7**

15      Identify and describe all joint ventures, partnerships or other cooperative business
relationships, during the Relevant Time Period, relating to CRT and/or CRT Products

16  between You and any other CRT or CRT Products producer.

17  **RESPONSE TO INTERROGATORY NO. 7**

18      Panasonic Defendants object to Interrogatory No. 7 on the grounds that it is overly

19  broad and unduly burdensome.   Further, Interrogatory No. 7 seeks information that is neither

20  relevant nor reasonably calculated to lead to the discovery of admissible evidence, specifically

21  by requesting information regarding (i) products that were not sold in the United States or (ii)

22  any Finished CRT Products.   Panasonic Defendants object to Interrogatory No. 7 on the

23  grounds that the term "partnership" and the phrase "other cooperative business relationships"

24  are vague and ambiguous.

25      Subject to and without waiver of the foregoing general and specific objections,

26  Panasonic Defendants respond that, in 2003, Matsushita Electric Industrial ("MEI," what is

27  now known as Panasonic Corp.) formed a joint venture with Toshiba called MT Picture

28  MDL NO. 1917                     PANASONIC DEFENDANTS' OBJECTIONS AND RESPONSES
                               TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES
                                                    11

1   Display Co., Ltd. ("MTPD") – in which Toshiba held 35.5% of the joint venture and MEI

2   held 64.5% of the venture.    At the time of MTPD's formation, MEI put its CRT

3   manufacturing operations into MTPD.

4        Specifically, on January 21, 2003, Matsushita Display Devices Corporation of

5   America ("MDCCA") was incorporated as a wholly-owned subsidiary of MEI.    Matsushita

6   Electric Corporation of America ("MECA," what is now known as PNA) transferred the

7   assets and liabilities of Matsushita Display Devices Company of America ("MDDA") and

8   certain other assets to MDCCA.    On January 29, 2003, MEI and Toshiba agreed to form a

9   joint venture.    On March 20, 2003, MEI transferred its shares of MDDCA stock to MTPD.

10  On October 1, 2003, MDDCA changed its name to MTPDA(OH).    On the same day,

11  Toshiba Display Devices, Inc. ("TDD") changed its name to MTPDA(NY).    On October 31,

12  2003, MT Picture Display of America ("MTPDA") was incorporated to serve as a holding

13  company for MTPDA(OH) and MTPDA(NY).

14       MTPDA(OH) and MTPDA(NY) were the U.S. CRT manufacturing subsidiaries.

15  These subsidiaries were separate legal entities both wholly owned by MTPDA, which in turn

16  was wholly owned by MTPD– the joint venture.    Both MTPDA(OH) and MTPDA(NY)

17  produced color picture tubes ("CPTs").    Color display tubes ("CDTs") were not

18  manufactured in the U.S. by the Panasonic Defendants during the Limitations Period.

19       MTPD also had manufacturing subsidiaries operating in Malaysia (MTPDM);

20  Germany (MTPDG); Thailand (MTPDT); and Indonesia (MTPDI).    Some of the

21  manufacturing subsidiaries had, before the joint venture, been Toshiba businesses; others had

22  previously been Matsushita businesses.

23       By December of 2004, MTPDA (NY) had ceased operations.    It dissolved on March

24  31, 2006.    By January of 2006, MTPDA (OH) had ceased operations.    It dissolved on

25  March 27, 2007.    MTPDA, the holding company, dissolved on March 27, 2007.    In 2007,

26  MEI became the 100% owner of MTPD.    The remaining MTPD subsidiaries are dissolved or

27  their shares were sold to third parties.

28

1 | **INTERROGATORY NO. 8**

2 | Identify every channel used by You to sell, market, or distribute CRT and/or CRT Products during the Relevant Time Period.   If You used different channels at different points

3 | within the Relevant Time Period, identify when You used each channel to sell, market, or

4 | distribute CRT and/or CRT Products.

**RESPONSE TO INTERROGATORY NO. 8**

5 | Panasonic Defendants object to Interrogatory No. 8 on the grounds that it is overly

6 | broad and unduly burdensome.   Further, Interrogatory No. 8 seeks information that is neither

7 | relevant nor reasonably calculated to lead to the discovery of admissible evidence, specifically

8 | by requesting information regarding products that were not sold in the United States.

9 | Panasonic Defendants further object to Interrogatory No. 8 on the ground that the term

10 | "channel" is vague and ambiguous.

11 | Subject to and without waiver of the foregoing general and specific objections,

12 | Panasonic Defendants respond that, from the creation of MTPD through March 31, 2004,

13 | Panasonic Industrial Corporation ("PIC"), an unincorporated business division of PNA,

14 | served as the U.S. sales agent for MTPD.   With respect to sales to independent third parties,

15 | the sales were generally invoiced by the manufacturing company to the sales company, which

16 | re-invoiced the independent third parties.   The sales company only performed the functions

17 | of a sales agent (*i.e.*, providing logistical services and re-invoicing), for which it added a

18 | standard margin to the price to be invoiced to it by the manufacturing subsidiary.   After

19 | March 31, 2004, sales to third parties were made directly by the respective MTPD

20 | manufacturing company.   In the U.S., MTPD did not sell CRTs using a distributor.

21 | Panasonic Defendants further respond that the following are bates ranges for

22 | documents produced by Panasonic Defendants that, after a diligent search, Panasonic

23 | Defendants have identified thus far as containing information responsive to this request:

24 | PAN0000001-PAN0000515.   Panasonic Defendants will produce additional documents

25 | sufficient to show sales of CRTs and Finished CRT Products by Panasonic Defendants in the

26 | U.S. during the Limitations Period, if any, when they make their additional document

27 |

1    productions.

2    **INTERROGATORY NO. 9**

3         Identify every channel used by you to purchase CRTs and/or CRT Products during the
4    Relevant Time Period.   If You used different channels at different points within the Relevant
     Time Period, identify when You used each channel to purchase CRT or CRT Products.

5    **RESPONSE TO INTERROGATORY NO. 9**

6         Panasonic Defendants object to Interrogatory No. 9 on the grounds that it is overly

7    broad and unduly burdensome.   Further, Interrogatory No. 9 seeks information that is neither

8    relevant nor reasonably calculated to lead to the discovery of admissible evidence, specifically

9    by requesting information regarding products that were not purchased by Panasonic Defendants

10   in the United States.   Panasonic Defendants further object to Interrogatory No. 9 on the ground

11   that the term "channel" is vague and ambiguous.

12        Subject to and without waiver of the foregoing general and specific objections,

13   Panasonic Defendants respond that, during the Limitations Period, Panasonic Defendants or

14   their affiliates in the United States purchased   some television sets containing CRTs from other

15   related  Panasonic entities.   Panasonic Defendants will produce documents sufficient to

16   identify such purchases when they make their additional document productions.   In addition,

17   Panasonic Defendants will produce documents sufficient to identify U.S. purchases of CRTs

18   during the Limitations Period, if any, when they make their additional document productions.

19   **INTERROGATORY NO. 10**

20        Identify the CRTs and/or CRT Products that You manufactured or produced for each
21   month within the Relevant Time Period, including the brand name, product number, and
     intended use.

22   **RESPONSE TO INTERROGATORY NO. 10**

23        Panasonic Defendants object to Interrogatory No. 10 on the grounds that it is overly

24   broad and unduly burdensome.    Further, Interrogatory No. 10 seeks information that is

25   neither relevant nor reasonably calculated to lead to the discovery of admissible evidence,

26   specifically by requesting information regarding products that were not manufactured or

27   produced in the United States.

28   MDL NO. 1917                          PANASONIC DEFENDANTS' OBJECTIONS AND RESPONSES
                              TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES
                                                          14

1    Subject to and without waiver of the foregoing general and specific objections, the

2    following are bates ranges for documents produced by Panasonic Defendants that, after a

3    diligent search, Panasonic Defendants have identified thus far as containing information

4    responsive to this request:   PAN0000001-PAN0000515.   Panasonic Defendants will

5    produce additional documents sufficient to identify CRTs that were manufactured or produced

6    by Panasonic Defendants in the U.S. during the Limitations Period, if any, when they make

7    their additional document productions.

8    **INTERROGATORY NO. 11**

9    Identify the CRT and/or CRT Products You sold, marketed, or distributed for each
     month within the Relevant Time Period, including the brand name, product number, and
10   intended use.

11   **RESPONSE TO INTERROGATORY NO. 11**

12   Panasonic Defendants object to Interrogatory No. 11 on the grounds that it is overly

13   broad and unduly burdensome.   Further, Interrogatory No. 11 seeks information that is

14   neither relevant nor reasonably calculated to lead to the discovery of admissible evidence,

15   specifically by requesting information regarding products that were not sold in the United

16   States.

17   Subject to and without waiver of the foregoing general and specific objections, the

18   following are bates ranges for documents produced by Panasonic Defendants that, after a

19   diligent search, Panasonic Defendants have identified thus far as containing information

20   responsive to this request:   PAN0000001-PAN0000515.   Panasonic Defendants will

21   produce additional documents sufficient to identify sales of CRTs and Finished CRT Products

22   by Panasonic Defendants in the U.S. during the Limitations Period, if any, when they make

23   their additional document productions.

24   **INTERROGATORY NO. 12**

25   Provide Your sales of CRT and/or CRT Products to the United States and globally for
     each month from January 1, 1991 to the present.   For each month during this period, state the
26   volume of sales, the U.S. dollar value of sales, the unit sale price, the per unit cost to produce
27   CRT and/or tariff, customs, duties, inland freight, storage, insurance, dealer commissions, and

28   MDL NO. 1917                          PANASONIC DEFENDANTS' OBJECTIONS AND RESPONSES
                          TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES
                                                    15

the per unit profit earned.

**RESPONSE TO INTERROGATORY NO. 12**

Panasonic Defendants object to Interrogatory No. 12 on the grounds that it is overly broad and unduly burdensome.    Further, Interrogatory No. 12 seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, specifically by requesting information regarding products that were not sold in the United States.

Subject to and without waiver of the foregoing general and specific objections, the following are bates ranges for documents produced by Panasonic Defendants that, after a diligent search, Panasonic Defendants have identified thus far as containing information responsive to this request:    PAN0000001-PAN0000515.    Panasonic Defendants will produce additional documents sufficient to identify sales of CRTs and Finished CRT Products by Panasonic Defendants in the U.S. during the Limitations Period, if any, when they make their additional document productions.

**INTERROGATORY NO. 13**

If You offered different prices to different markets, or on a spot market versus contract basis, during the Relevant Time Period, so indicate in the statistical data supplied in response to Interrogatory No. 6.

**RESPONSE TO INTERROGATORY NO. 13**

Panasonic Defendants object to Interrogatory No. 13 on the grounds that it is overly broad and unduly burdensome.    Further, Interrogatory No. 13 seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, specifically by requesting information regarding products that were not sold in the United States.

Subject to and without waiver of the foregoing general and specific objections, the following are bates ranges for documents produced by Panasonic Defendants that, after a diligent search, Panasonic Defendants have identified thus far as containing information responsive to this request:    PAN0000001-PAN0000515.    Panasonic Defendants will

PANASONIC DEFENDANTS' OBJECTIONS AND RESPONSES
TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES
16

produce additional documents sufficient to show prices paid for CRTs and Finished CRT Products sold by Panasonic Defendants in the U.S. during the Limitations Period (which will show any differences in prices), if any, when they make their additional document productions.

**INTERROGATORY NO. 14**

Provide Your aggregate purchases (in both number of units and revenue in U.S. dollars) of CRT and/or CRT Products for each month from January 1, 1991 to the present.

**RESPONSE TO INTERROGATORY NO. 14**

Panasonic Defendants object to Interrogatory No. 14 on the grounds that it is overly broad and unduly burdensome.   Further, Interrogatory No. 14 seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, specifically by requesting information regarding products that were not purchased in the United States.

Subject to and without waiver of the foregoing general and specific objections, Panasonic Defendants will produce documents sufficient to show units of CRTs or Finished CRT Products purchased by Panasonic Defendants in the U.S. during the Limitations Period, if any, when they make their additional document productions.

**INTERROGATORY NO. 15**

Provide Your aggregate purchases (in units and U.S. dollars) of CRT or CRT Products from each of the other named defendants in this coordinated proceeding, for the purpose of resale, for each month during from January 1, 1991 to the present.

**RESPONSE TO INTERROGATORY NO. 15**

Panasonic Defendants object to Interrogatory No. 15 on the grounds that it is overly broad and unduly burdensome.   Further, Interrogatory No. 15 seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, specifically by requesting information regarding products that were not purchased in the United States.

Subject to and without waiver of the foregoing general and specific objections,

1   Panasonic Defendants respond that, during the Limitations Period, Panasonic Defendants or

2   their affiliates in the United States purchased television sets containing CRTs from other related

3   Panasonic entities.   Panasonic Defendants will produce documents sufficient to identify the

4   units purchased when they make their additional document productions.   In addition,

5   Panasonic Defendants will produce documents sufficient to show the units of CRTs purchased

6   in the U.S. during the Limitations Period, if any, when they make their additional document

7   productions.

8   **INTERROGATORY NO. 16**

9       State whether any documents or information responsive to this set of interrogatories
10  were destroyed, discarded, erased, deleted, purged, or otherwise lost.   If Your answer is in
    any way in the affirmative:

11
         (a)     describe in detail the contents of each such document or information and the
12                date it was destroyed, discarded, erased, deleted, purged or lost;
         (b)     identify each person who had any role or responsibility in destroying,
13                discarding, erasing, purging, deleting or losing of each such document or
                  information; and
14       (c)     describe in detail the circumstances under which each such document or
                  information was destroyed, discarded, erased, deleted, purged, or lost.
15

16  **RESPONSE TO INTERROGATORY NO. 16**

17      Panasonic Defendants object to Interrogatory No. 16 on the grounds that it is overly

18  broad, unduly burdensome, beyond the permissible scope of discovery and seeks to impose

19  obligations beyond those imposed by Rules 26 and 33 of the Federal Rules of Civil

20  Procedure.

21      Subject to and without waiver of the foregoing general and specific objections,

22  Panasonic Defendants respond that, from the time this litigation was reasonably anticipated,

23  Panasonic Defendants have complied with their obligation under the Federal Rules of Civil

24  Procedure to take reasonable steps to preserve information that was reasonably thought to be

25  relevant to this action.

26

27

28

| | |
|---|---|
| 1 | Dated: May 12, 2010 |

By: _____/s/ Jeffrey L. Kessler_____
JEFFREY L. KESSLER (*pro hac vice*)
Email: jkessler@dl.com
A. PAUL VICTOR (*pro hac vice*)
Email: pvictor@dl.com
**DEWEY & LEBOEUF LLP**
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-7013

PETER ROOT (142348)
Email: proot@dl.com
**DEWEY & LEBOEUF LLP**
1950 University Avenue
East Palo Alto, California 94303
Telephone: (650) 845-7000
Facsimile: (650) 845-7333

STEVEN A. REISS (*pro hac vice*)
Email: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
Email: david.yohai@weil.com
DAVID E. YOLKUT (*pro hac vice*)
Email: david.yolkut@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone:   (212) 310-8000
Facsimile:   (212) 310-8007

GREGORY D. HULL (57367)
Email: greg.hull@weil.com
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

*Attorneys for Defendants Panasonic*
*Corporation of North America, MT Picture*
*Display Co., Ltd., Panasonic Corporation (f/k/a*
*Matsushita Electric Industrial Co.)*

---

MDL NO. 1917

PANASONIC DEFENDANTS' OBJECTIONS AND RESPONSES
TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES

19

**Exhibit A**

| Start Bates | End Bates |
|---|---|
| MTPD-0009585 | MTPD-0009585 |
| MTPD-0009995 | MTPD-0009995 |
| MTPD-0010016 | MTPD-0010016 |
| MTPD-0010510 | MTPD-0010510 |
| MTPD-0010957 | MTPD-0010957 |
| MTPD-0011065 | MTPD-0011065 |
| MTPD-0011130 | MTPD-0011130 |
| MTPD-0011138 | MTPD-0011138 |
| MTPD-0011241 | MTPD-0011241 |
| MTPD-0011244 | MTPD-0011244 |
| MTPD-0011315 | MTPD-0011315 |
| MTPD-0012290 | MTPD-0012290 |
| MTPD-0012357 | MTPD-0012357 |
| MTPD-0012362 | MTPD-0012362 |
| MTPD-0012723 | MTPD-0012723 |
| MTPD-0013147 | MTPD-0013147 |
| MTPD-0014216 | MTPD-0014216 |
| MTPD-0014503 | MTPD-0014507 |
| MTPD-0014605 | MTPD-0014605 |
| MTPD-0014734 | MTPD-0014734 |
| MTPD-0014796 | MTPD-0014796 |
| MTPD-0014817 | MTPD-0014817 |
| MTPD-0015029 | MTPD-0015029 |
| MTPD-0015046 | MTPD-0015046 |
| MTPD-0015125 | MTPD-0015138 |
| MTPD-0015148 | MTPD-0015148 |
| MTPD-0015237 | MTPD-0015237 |
| MTPD-0015563 | MTPD-0015563 |
| MTPD-0015579 | MTPD-0015579 |
| MTPD-0015619 | MTPD-0015619 |
| MTPD-0015630 | MTPD-0015630 |
| MTPD-0015635 | MTPD-0015635 |
| MTPD-0015668 | MTPD-0015668 |
| MTPD-0015670 | MTPD-0015670 |
| MTPD-0015678 | MTPD-0015678 |
| MTPD-0015681 | MTPD-0015681 |
| MTPD-0015720 | MTPD-0015721 |
| MTPD-0015806 | MTPD-0015806 |
| MTPD-0015876 | MTPD-0015876 |
| MTPD-0015886 | MTPD-0015886 |

| Start Bates | End Bates |
| --- | --- |
| MTPD-0015890 | MTPD-0015890 |
| MTPD-0015895 | MTPD-0015895 |
| MTPD-0015900 | MTPD-0015900 |
| MTPD-0015905 | MTPD-0015905 |
| MTPD-0015994 | MTPD-0016007 |
| MTPD-0016012 | MTPD-0016012 |
| MTPD-0016016 | MTPD-0016016 |
| MTPD-0016208 | MTPD-0016208 |
| MTPD-0016218 | MTPD-0016218 |
| MTPD-0016224 | MTPD-0016225 |
| MTPD-0016227 | MTPD-0016227 |
| MTPD-0016244 | MTPD-0016244 |
| MTPD-0016657 | MTPD-0016657 |
| MTPD-0016888 | MTPD-0016888 |
| MTPD-0017483 | MTPD-0017483 |
| MTPD-0017487 | MTPD-0017487 |
| MTPD-0017701 | MTPD-0017701 |
| MTPD-0017858 | MTPD-0017859 |
| MTPD-0017883 | MTPD-0017884 |
| MTPD-0018156 | MTPD-0018156 |
| MTPD-0019140 | MTPD-0019140 |
| MTPD-0019190 | MTPD-0019190 |
| MTPD-0019193 | MTPD-0019193 |
| MTPD-0019198 | MTPD-0019199 |
| MTPD-0019222 | MTPD-0019222 |
| MTPD-0019481 | MTPD-0019481 |
| MTPD-0019899 | MTPD-0019899 |
| MTPD-0019976 | MTPD-0019976 |
| MTPD-0020722 | MTPD-0020722 |
| MTPD-0020726 | MTPD-0020726 |
| MTPD-0020727 | MTPD-0020728 |
| MTPD-0020733 | MTPD-0020734 |
| MTPD-0020749 | MTPD-0020749 |
| MTPD-0021099 | MTPD-0021099 |
| MTPD-0021130 | MTPD-0021130 |
| MTPD-0021386 | MTPD-0021386 |
| MTPD-0021671 | MTPD-0021671 |
| MTPD-0022653 | MTPD-0022653 |
| MTPD-0023206 | MTPD-0023208 |
| MTPD-0023254 | MTPD-0023255 |
| MTPD-0023297 | MTPD-0023298 |
| MTPD-0023333 | MTPD-0023333 |
| MTPD-0023392 | MTPD-0023393 |
| MTPD-0023636 | MTPD-0023636 |

| Start Bates | End Bates |
|---|---|
| MTPD-0023638 | MTPD-0023638 |
| MTPD-0023698 | MTPD-0023698 |
| MTPD-0024416 | MTPD-0024416 |
| MTPD-0024423 | MTPD-0024423 |
| MTPD-0024475 | MTPD-0024475 |
| MTPD-0024567 | MTPD-0024567 |
| MTPD-0024588 | MTPD-0024588 |
| MTPD-0024592 | MTPD-0024602 |
| MTPD-0024652 | MTPD-0024652 |
| MTPD-0025142 | MTPD-0025142 |
| MTPD-0025204 | MTPD-0025204 |
| MTPD-0025216 | MTPD-0025216 |
| MTPD-0025230 | MTPD-0025230 |
| MTPD-0025255 | MTPD-0025255 |
| MTPD-0025264 | MTPD-0025264 |
| MTPD-0025289 | MTPD-0025290 |
| MTPD-0025365 | MTPD-0025365 |
| MTPD-0025606 | MTPD-0025606 |
| MTPD-0025609 | MTPD-0025609 |
| MTPD-0025634 | MTPD-0025634 |
| MTPD-0025719 | MTPD-0025719 |
| MTPD-0025736 | MTPD-0025736 |
| MTPD-0025738 | MTPD-0025738 |
| MTPD-0025796 | MTPD-0025796 |
| MTPD-0026026 | MTPD-0026026 |
| MTPD-0026028 | MTPD-0026028 |
| MTPD-0026036 | MTPD-0026036 |
| MTPD-0026061 | MTPD-0026061 |
| MTPD-0026063 | MTPD-0026063 |
| MTPD-0026308 | MTPD-0026311 |
| MTPD-0026326 | MTPD-0026326 |
| MTPD-0026359 | MTPD-0026359 |
| MTPD-0026411 | MTPD-0026411 |
| MTPD-0026639 | MTPD-0026639 |
| MTPD-0026682 | MTPD-0026682 |
| MTPD-0026686 | MTPD-0026686 |
| MTPD-0026906 | MTPD-0026906 |
| MTPD-0026916 | MTPD-0026926 |
| MTPD-0026945 | MTPD-0026945 |
| MTPD-0026991 | MTPD-0026991 |
| MTPD-0027054 | MTPD-0027054 |
| MTPD-0027244 | MTPD-0027244 |
| MTPD-0027324 | MTPD-0027324 |
| MTPD-0027325 | MTPD-0027325 |

| Start Bates | End Bates |
|---|---|
| MTPD-0027327 | MTPD-0027327 |
| MTPD-0027401 | MTPD-0027401 |
| MTPD-0027406 | MTPD-0027406 |
| MTPD-0027538 | MTPD-0027538 |
| MTPD-0027540 | MTPD-0027540 |
| MTPD-0027673 | MTPD-0027673 |
| MTPD-0027798 | MTPD-0027798 |
| MTPD-0027806 | MTPD-0027806 |
| MTPD-0027808 | MTPD-0027808 |
| MTPD-0027812 | MTPD-0027822 |
| MTPD-0027826 | MTPD-0027826 |
| MTPD-0027861 | MTPD-0027861 |
| MTPD-0027932 | MTPD-0027932 |
| MTPD-0027962 | MTPD-0027962 |
| MTPD-0028057 | MTPD-0028058 |
| MTPD-0028065 | MTPD-0028065 |
| MTPD-0028066 | MTPD-0028067 |
| MTPD-0028100 | MTPD-0028100 |
| MTPD-0028351 | MTPD-0028351 |
| MTPD-0028791 | MTPD-0028791 |
| MTPD-0028845 | MTPD-0028845 |
| MTPD-0028891 | MTPD-0028891 |
| MTPD-0028923 | MTPD-0028923 |
| MTPD-0029101 | MTPD-0029101 |
| MTPD-0029122 | MTPD-0029122 |
| MTPD-0029135 | MTPD-0029135 |
| MTPD-0029139 | MTPD-0029139 |
| MTPD-0029150 | MTPD-0029150 |
| MTPD-0029718 | MTPD-0029718 |
| MTPD-0029762 | MTPD-0029762 |
| MTPD-0029764 | MTPD-0029764 |
| MTPD-0029774 | MTPD-0029774 |
| MTPD-0030117 | MTPD-0030117 |
| MTPD-0030270 | MTPD-0030270 |
| MTPD-0030440 | MTPD-0030440 |
| MTPD-0030450 | MTPD-0030450 |
| MTPD-0030455 | MTPD-0030455 |
| MTPD-0030469 | MTPD-0030469 |
| MTPD-0030776 | MTPD-0030776 |
| MTPD-0030956 | MTPD-0030956 |
| MTPD-0031050 | MTPD-0031050 |
| MTPD-0031052 | MTPD-0031052 |
| MTPD-0031280 | MTPD-0031280 |
| MTPD-0031286 | MTPD-0031286 |

| Start Bates | End Bates |
|---|---|
| MTPD-0031321 | MTPD-0031321 |
| MTPD-0031987 | MTPD-0031987 |
| MTPD-0032015 | MTPD-0032016 |
| MTPD-0032337 | MTPD-0032347 |
| MTPD-0032366 | MTPD-0032366 |
| MTPD-0032371 | MTPD-0032371 |
| MTPD-0032373 | MTPD-0032373 |
| MTPD-0032376 | MTPD-0032376 |
| MTPD-0032452 | MTPD-0032452 |
| MTPD-0032456 | MTPD-0032456 |
| MTPD-0032469 | MTPD-0032469 |
| MTPD-0032559 | MTPD-0032559 |
| MTPD-0032572 | MTPD-0032572 |
| MTPD-0032602 | MTPD-0032602 |
| MTPD-0033521 | MTPD-0033522 |
| MTPD-0034417 | MTPD-0034417 |
| MTPD-0034782 | MTPD-0034782 |
| MTPD-0035517 | MTPD-0035517 |
| MTPD-0035541 | MTPD-0035541 |
| MTPD-0035733 | MTPD-0035733 |
| MTPD-0035738 | MTPD-0035738 |
| MTPD-0035806 | MTPD-0035806 |
| MTPD-0035827 | MTPD-0035827 |
| MTPD-0035852 | MTPD-0035852 |
| MTPD-0035904 | MTPD-0035904 |
| MTPD-0035952 | MTPD-0035980 |
| MTPD-0036153 | MTPD-0036153 |
| MTPD-0036207 | MTPD-0036207 |
| MTPD-0036209 | MTPD-0036209 |
| MTPD-0036214 | MTPD-0036214 |
| MTPD-0036360 | MTPD-0036361 |
| MTPD-0036363 | MTPD-0036364 |
| MTPD-0036367 | MTPD-0036367 |
| MTPD-0036369 | MTPD-0036369 |
| MTPD-0036503 | MTPD-0036503 |
| MTPD-0036692 | MTPD-0036692 |
| MTPD-0036745 | MTPD-0036745 |
| MTPD-0036747 | MTPD-0036747 |
| MTPD-0036757 | MTPD-0036757 |
| MTPD-0036761 | MTPD-0036761 |
| MTPD-0036764 | MTPD-0036764 |
| MTPD-0037035 | MTPD-0037036 |
| MTPD-0037553 | MTPD-0037553 |
| MTPD-0037635 | MTPD-0037635 |

| Start Bates | End Bates |
|---|---|
| MTPD-0037823 | MTPD-0037823 |
| MTPD-0037833 | MTPD-0037833 |
| MTPD-0037868 | MTPD-0037868 |
| MTPD-0037893 | MTPD-0037893 |
| MTPD-0037897 | MTPD-0037897 |
| MTPD-0037919 | MTPD-0037919 |
| MTPD-0037921 | MTPD-0037921 |
| MTPD-0037949 | MTPD-0037949 |
| MTPD-0037951 | MTPD-0037951 |
| MTPD-0038129 | MTPD-0038130 |
| MTPD-0038152 | MTPD-0038152 |
| MTPD-0038309 | MTPD-0038309 |
| MTPD-0038350 | MTPD-0038350 |
| MTPD-0039252 | MTPD-0039252 |
| MTPD-0039256 | MTPD-0039256 |
| MTPD-0039259 | MTPD-0039259 |
| MTPD-0039371 | MTPD-0039371 |
| MTPD-0039882 | MTPD-0039882 |
| MTPD-0039927 | MTPD-0039927 |
| MTPD-0040057 | MTPD-0040057 |
| MTPD-0040481 | MTPD-0040482 |
| MTPD-0040486 | MTPD-0040486 |
| MTPD-0040488 | MTPD-0040488 |
| MTPD-0040514 | MTPD-0040514 |
| MTPD-0040581 | MTPD-0040625 |
| MTPD-0040750 | MTPD-0040750 |
| MTPD-0040756 | MTPD-0040756 |
| MTPD-0041013 | MTPD-0041013 |
| MTPD-0041049 | MTPD-0041049 |
| MTPD-0041370 | MTPD-0041371 |
| MTPD-0041588 | MTPD-0041588 |
| MTPD-0042061 | MTPD-0042061 |
| MTPD-0042116 | MTPD-0042116 |
| MTPD-0042123 | MTPD-0042123 |
| MTPD-0042163 | MTPD-0042163 |
| MTPD-0042168 | MTPD-0042168 |
| MTPD-0042548 | MTPD-0042548 |
| MTPD-0042790 | MTPD-0042790 |
| MTPD-0043006 | MTPD-0043006 |
| MTPD-0043008 | MTPD-0043008 |
| MTPD-0043010 | MTPD-0043010 |
| MTPD-0043048 | MTPD-0043048 |
| MTPD-0043050 | MTPD-0043050 |
| MTPD-0043092 | MTPD-0043092 |

| Start Bates | End Bates |
| --- | --- |
| MTPD-0043112 | MTPD-0043112 |
| MTPD-0043195 | MTPD-0043195 |
| MTPD-0043249 | MTPD-0043278 |
| MTPD-0043340 | MTPD-0043340 |
| MTPD-0043344 | MTPD-0043344 |
| MTPD-0043426 | MTPD-0043426 |
| MTPD-0043541 | MTPD-0043541 |
| MTPD-0043673 | MTPD-0043673 |
| MTPD-0043895 | MTPD-0043895 |
| MTPD-0044196 | MTPD-0044196 |
| MTPD-0044397 | MTPD-0044397 |
| MTPD-0044453 | MTPD-0044453 |
| MTPD-0044570 | MTPD-0044570 |
| MTPD-0044583 | MTPD-0044587 |
| MTPD-0044616 | MTPD-0044620 |
| MTPD-0045138 | MTPD-0045138 |
| MTPD-0045145 | MTPD-0045145 |
| MTPD-0045147 | MTPD-0045147 |
| MTPD-0045337 | MTPD-0045337 |
| MTPD-0045630 | MTPD-0045630 |