SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:     415-434-9100
Facsimile:     415-434-3947
E-mail:        ghalling@sheppardmullin.com
               jmcginnis@sheppardmullin.com
               mscarborough@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>INDIRECT PURCHASER ACTIONS | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**DECLARATION OF MICHAEL W. SCARBOROUGH IN SUPPORT OF INDIRECT-PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)**<br><br>[re Samsung SDI documents] |

I, Michael W. Scarborough, do declare and state as follows:

1.  I am a member of the bar of the State of California and a partner with Sheppard, Mullin, Richter & Hampton LLP, counsel of record for defendants Samsung SDI America, Inc., Samsung SDI Co., Ltd., Samsung SDI (Malaysia) Sdn. Bhd., Samsung SDI Mexico S.A. De C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd., and Tianjin Samsung SDI Co., Ltd. (collectively the "Samsung SDI Defendants") in these actions. I make this declaration in support of the Indirect Purchaser Plaintiffs' Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) (Dkt. # 1386) ("Motion to Seal"). I have personal knowledge of the matters set forth herein and could and would testify competently to each of them.

2.  The Samsung SDI Defendants have disclosed or produced to the parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (Dkt. # 306).

3.  I have reviewed the Memorandum of Points and Authorities in Support of Indirect-Purchaser Plaintiffs' Motion for Class Certification ("IPPs' Motion"), the Declaration of Mario N. Alioto in Support of Motion of Indirect-Purchaser Plaintiffs for Class Certification ("Alioto Declaration"), and the exhibits attached to the Alioto Declaration, all of which were lodged conditionally under seal on October 1, and were the subject of Plaintiffs' Motion to Seal.

4.  Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 62, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order of June 18, 2008 (Dkt. # 306), the following documents and excerpts of documents should be maintained under seal and redacted from the Alioto Declaration filed with the Court: (i) Exhibit 39 to the Alioto Declaration (the Samsung SDI Defendants' Confidential Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5); (ii) Exhibit 4 to the Alioto Declaration (an internal report by Samsung SDI concerning its CRT strategy in China, produced in this action as SDCRT-0002805-2860, and a certified translation thereof) as well as the related discussion of Exhibit 4 in the Alioto

Declaration; and (iii) Exhibit 108 to the Alioto Declaration (three excerpts from the deposition of Jae In Lee, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for the Samsung SDI Defendants) as well as the related discussion of Exhibit 108 in the Alioto Declaration.

5. **Exhibit 39.**  Exhibit 39 to the Alioto Declaration is the Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5, designated by the Samsung SDI Defendants as "Confidential" under the Protective Order.  The Court previously sealed these same interrogatory responses on April 2, 2012, in connection with Direct Purchaser Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment, finding that they contain proprietary and sensitive business information and that a substantial probability exists that the Samsung SDI Defendants would be competitively harmed if the materials were publicly disclosed.  *See* Order Granting Direct Purchaser Plaintiffs' Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) (Dkt. # 1123).  For these same reasons, the Court should continue to maintain this document under seal.

Exhibit 39 is a voluminous 89-page document lodged under seal in full by Plaintiffs; however, it is only briefly referenced in the Alioto Declaration, at page 8, lines 21-23, and cited only once in the IPPs' Motion, as part of a string cite on page 6, line 7, without any discussion.  Where confidential documents or information are not material to the disposition of the underlying motion, the documents and information should be kept under seal.  *See, e.g., The Wilderness Society v. Wisely*, 524 F. Supp. 2d 1285, 1296 (D. Colo. Aug. 6, 2007) (ordering documents to be kept under seal "[b]ecause the Court has not considered the [documents] in reaching its decisions in this case, [thus] there is no public interest to be served by providing access to them"); *McConnell v. Fed. Election Comm.*, 251 F. Supp. 2d 919, 937, 943 (D.D.C. 2003) (ordering documents and information not relied upon by the Court to be kept under seal); *Ricketts v. AW OF UNICOR*, 2009 WL 2232467, at *1 n.5 (M.D. Penn. July 24, 2009) (same); *Davis v. Miner*, 2007 WL 1237924, at *3 n.8 (M.D. Penn. Apr. 26, 2007) (same).  Exhibit 39 contains confidential, nonpublic, proprietary and highly sensitive business information about the Samsung SDI Defendants' sales processes, business practices, negotiating tactics and competitive

positions, including as to relationships with companies that remain important to the Samsung SDI Defendants' competitive position, such that its public disclosure would irreparably harm the Samsung SDI Defendants.  Sealing Exhibit 39 is particularly appropriate where there is no need to release the entire eighty-nine (89) page discovery response.  The IPPs' Motion only cites Exhibit 39 as part of a string cite in the Factual Background, but does not discuss its contents in any detail.  Accordingly, Exhibit 39 should be maintained under seal.

6. **Exhibit 4.**  Exhibit 4 to the Alioto Declaration is an internal Samsung SDI presentation regarding its CRT Strategy in China, produced by the Samsung SDI Defendants in this action as SDCRT-0002805-2860, and a certified translation thereof.   The Samsung SDI Defendants designated Exhibit 4 "Highly Confidential" under the Protective Order.  Exhibit 4 contains highly sensitive business information about the Samsung SDI Defendants' business practices and strategies.  It contains specific and highly confidential data concerning the Samsung SDI Defendants' CRT sales, capital investments, cost structures and profitability.  I am familiar with the Samsung SDI Defendants' confidentiality policies with respect to such information.  The Samsung SDI Defendants treat such information as highly confidential and have taken reasonable measures to safeguard it from disclosure outside the company.  Certain of the Samsung SDI Defendants continue to make and sell CRTs, including Shenzen Samsung SDI Co., Ltd., one of the companies discussed in detail in Exhibit 4.  I am informed and believe that public disclosure of this highly confidential information would be substaintailly likely to irreparably harm the Samsung SDI Defendants.  Accordingly, both Exhibit 4 and the related discussion in Alioto Declaration paragraph 5 should be maintained under seal.

7. **Exhibit 108.**  Exhibit 108 to the Alioto Declaration contains three excerpts from the deposition of Jae In Lee, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for the Samsung SDI Defendants.  The Samsung SDI Defendants designated these excerpts of the deposition transcript "Highly Confidential" under the Protective Order.  These excerpts contain information concerning the Samsung SDI Defendants' price-setting practices, negotiating tactics, sales processes, and competitive positions.  In addition, some of the statements are not on their

face limited to CRTs, and the Alioto Declaration contains additional information, not included in but purportedly derived from Exhibit 108, concerning the Samsung SDI Defendants' price negotiation practices, which also is not on its face limited to CRTs. I am familiar with the Samsung SDI Defendants' confidentiality policies with respect to such information. The Samsung SDI Defendants treat such information as highly confidential and have taken reasonable measures to safeguard it from disclosure outside the company. I am informed and believe that public disclosure of this highly confidential information would be substaintailly likely to irreparably harm the Samsung SDI Defendants. Accordingly, both Exhibit 108 and the related discussion in Alioto Declaration paragraph 95 should be maintained under seal.

8. The Samsung SDI Defendants have narrowly tailored this sealing request to only those exhibits and references thereto necessary to protect their proprietary and sensitive business information. Indeed, the Samsung SDI Defendants are not seeking to seal numerous documents from their production that were submitted as Exhibits to the Alioto Declaration. Accordingly, for the reasons stated above, the Samsung SDI Defendants request that the Court maintain under seal the following documents and document excerpts:

    a. Alioto Declaration Exhibit 39;

    b. Alioto Declaration Exhibit 4;

    c. Alioto Declaration, page 1, line 22 (starting with "reflecting") to line 23 (ending with "million.");

    d. Alioto Declaration Exhibit 108;

    e. Alioto Declaration, page 21, line 20 (starting with "marketing") to line 25 (ending with "guidelines.").

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on October 5, 2012 at San Francisco, California.

                              */s/ Michael W. Scarborough*
                              MICHAEL W. SCARBOROUGH