MORGAN, LEWIS & BOCKIUS LLP
KENT M. ROGER (SBN 095987)
kroger@morganlewis.com
MICHELLE PARK CHIU (SBN 248421)
mchiu@morganlewis.com
MINNA L. NARANJO (SBN 259005)
mnaranjo@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:     415.442.1000
Fax:    415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
SCOTT A STEMPEL (*pro hac vice*)
sstempel@morganlewis.com
J. CLAYTON EVERETT, JR. (*pro hac vice*)
jeverett@morganlewis.com
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel:     202.739.3000
Fax:    202.739.3001

Attorneys for Defendants
HITACHI, LTD., HITACHI ASIA, LTD.,
HITACHI AMERICA, LTD., HITACHI
ELECTRONIC DEVICES (USA), INC. AND
HITACHI DISPLAYS, LTD. (n/k/a JAPAN
DISPLAY EAST, INC.)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>INDIRECT PURCHASER ACTIONS | Case No. 3:07-cv-05944-SC<br>MDL No. 1917<br><br>**DECLARATION OF MICHELLE PARK CHIU IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL**<br><br>[Civil L.R. 79-5(d)] |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DECL. OF MICHELLE PARK CHIU ISO
IPPS' MOTION TO SEAL

CASE NO. 3:07-CV-05944-SC
MDL NO. 1917

DB2/ 23580627.1

I, Michelle Park Chiu, declare as follows:

1. I am an associate at the law firm of Morgan, Lewis & Bockius LLP, counsel for defendants Hitachi, Ltd. ("HTL"), Hitachi Displays, Ltd. (n/k/a Japan Display East, Inc.) ("HDP"), Hitachi America, Ltd. ("HAL"), Hitachi Asia, Ltd. ("HAS"), and Hitachi Electronic Devices (USA), Inc. ("HED(US)") (collectively, the "Hitachi Defendants") and am licensed to practice law in the State of California and admitted to practice before this Court. I make this declaration pursuant to Civil Local Rule 79-5(d) to establish that certain documents containing Highly Confidential information and submitted to the Court in connection with Indirect Purchaser Plaintiffs' Motion for Class Certification and the Memorandum of Points and Authorities in Support Thereof ("Class Certification Motion") are sealable. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. 306).

3. On October 1, 2011, Indirect Purchaser Plaintiffs filed an Administrative Motion to Seal (Dkt. 1386), and lodged conditionally under seal, the following documents, or portions thereof, pursuant to Civil Local Rules 7-11 and 79-5(d):

(a) Portions of the Class Certification Motion that contain information from documents that the Hitachi Defendants have designated "Highly Confidential";

(b) Declaration of Janet S. Netz, Ph.D. in Support of the Class Certification Motion ("Netz Declaration") that contains information from documents that the Hitachi Defendants have designated "Highly Confidential";

(c) Declaration of Mario N. Alioto in Support of the Class Certification Motion ("Alioto Declaration") that contains quotations or information from documents, deposition testimony and responses to interrogatories that the Hitachi Defendants have designated "Highly Confidential"; and

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DECL. OF MICHELLE PARK CHIU ISO
IPPS' MOTION TO SEAL

2

CASE NO. 3:07-CV-05944-SC
MDL NO. 1917

DB2/ 23580627.1

(d) Exhibits 1 through 119 attached to the Alioto Declaration in Support of the Class Certification Motion that include documents, deposition testimony and responses to interrogatories that the Hitachi Defendants have designated "Highly Confidential."

4. Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of the Hitachi Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Hitachi Defendants as "Highly Confidential" pursuant to the Stipulated Protective Order attached to the Alioto Declaration, and all references to those documents and information in the Class Certification Motion, the Alioto Declaration, and the Netz Declaration.

5. Attached as Exhibit 6 to the Alioto Declaration is a document produced by Hitachi Displays, Ltd. ("HDP") bearing Bates stamp HDP-CRT00002269-2282.

6. Upon information and belief, the document appearing in full in Exhibit 6 of the Alioto Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential information about HDP's sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions. This document describes relationships with companies that remain important to HDP's competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining HDP's business relationships, would cause it harm with respect to its competitors and customers, and would put HDP at a competitive disadvantage.

7. Attached as Exhibit 7 of the Alioto Declaration is an excerpt from the transcript of the F.R.C.P. 30(b)(6) deposition of HDP.

8. Upon information and belief, the excerpt of the deposition transcript in Exhibit 7 of the Alioto Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The deposition transcript excerpt contains, cites, and/or identifies confidential information about HDP's manufacturing processes, business practices, internal practices, and competitive positions. I am informed and believe that this is

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DECL. OF MICHELLE PARK CHIU ISO
IPPS' MOTION TO SEAL

3

CASE NO. 3:07-CV-05944-SC
MDL NO. 1917

sensitive information and public disclosure of this information would cause it harm with respect to its competitors and customers and would put HDP at a competitive disadvantage.

9. Attached as Exhibit 33 to the Alioto Declaration is HDP's Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5.

10. Upon information and belief, the document appearing in full in Exhibit 33 of the Alioto Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential information about HDP's sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions. This document, and the documents it references, describes relationships with companies that remain important to HDP's competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining HDP's business relationships, would cause it harm with respect to its competitors and customers, and would put HDP at a competitive disadvantage.

11. Attached as Exhibit 34 to the Alioto Declaration is HED(US)'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5.

12. Upon information and belief, the document appearing in full in Exhibit 34 of the Alioto Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential information about HED(US)'s sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions. This document, and the documents it references, describes relationships with companies that remain important to HED(US)'s competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining HED(US)'s business relationships, would cause it harm with respect to its competitors and customers, and would put HED(US) at a competitive disadvantage.

13. Attached as Exhibit 83 to the Alioto Declaration is a document produced by HDP

bearing Batesstamp HDP-CRT00035179-35180 and the accompanying certified English translation.

14. Upon information and belief, the document appearing in full in Exhibit 83 of the Alioto Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential information about HDP's sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions. This document describes relationships with companies that remain important to HDP's competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining HDP's business relationships, would cause it harm with respect to its competitors and customers, and would put HDP at a competitive disadvantage.

15. Attached as Exhibit 107 of the Alioto Declaration is an excerpt from the F.R.C.P. 30(b)(6) deposition of HED(US).

16. Upon information and belief, the excerpt of the deposition transcript in Exhibit 107 of the Alioto Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The deposition transcript excerpt contains, cites, and/or identifies confidential information about HED(US)'s manufacturing and sales processes, business practices, internal practices, and competitive positions. I am informed and believe that this is sensitive information and public disclosure of this information would cause it harm with respect to its competitors and customers and would put HED(US) at a competitive disadvantage.

17. Attached as Exhibit 114 to the Alioto Declaration is a document produced by HED(US) bearing Bates stamp HEDUS-CRT00044346-44371 and the accompanying certified English translation.

18. Upon information and belief, the document appearing in full in Exhibit 114 of the Alioto Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DECL. OF MICHELLE PARK CHIU ISO
IPPS' MOTION TO SEAL

5

CASE NO. 3:07-CV-05944-SC
MDL NO. 1917

confidential information about HED(US)'s manufacturing and sales processes, product mix decisions, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions. This document describes relationships with companies that remain important to HED(US)'s competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining HED(US)'s business relationships, would cause it harm with respect to its competitors and customers, and would put HED(US) at a competitive disadvantage.

19. Attached as Exhibit 116 to the Alioto Declaration is a document produced by HED(US) bearing Bates stamp HEDUS-CRT00126016-126021.

20. Upon information and belief, the document appearing in full in Exhibit 116 of the Alioto Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential information about HED(US)'s manufacturing and sales processes, product mix decisions, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions. This document describes relationships with companies that remain important to HED(US)'s competitive position and contains confidential and proprietary information regarding the business practices of third parties, the disclosure of which could injure the third parties' commercial interests or cause HED(US) to breach a contractual duty to maintain confidence. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining HED(US)'s business relationships, would cause it harm with respect to its competitors and customers, and would put HED(US) at a competitive disadvantage.

21. Attached as Exhibit 118 to the Alioto Declaration is a document produced by HDP bearing Bates stamp HDP-CRT00056062-56063 and the accompanying certified English translation.

22. Upon information and belief, the document appearing in full in Exhibit 118 of the Alioto Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DECL. OF MICHELLE PARK CHIU ISO
IPPS' MOTION TO SEAL

6

CASE NO. 3:07-CV-05944-SC
MDL NO. 1917

highly sensitive business information. The document contains, cites, and/or identifies confidential information about HDP's sales processes, business practices, internal practices, and competitive positions. I am informed and believe that this is sensitive information and public disclosure of this information would cause it harm with respect to its competitors and customers and would put HDP at a competitive disadvantage.

23. The Class Certification Motion, the Alioto Declaration, and the Netz Declaration quote from or describe documents designated as "Highly Confidential" by the Hitachi Defendants pursuant to the Stipulated Protective Order, including but not limited to Exhibits 6, 7, 33, 34, 83, 107, 114, 116, and 118. As with the exhibits themselves, I understand that the Hitachi Defendants consider any statements in the Class Certification Motion, the Alioto Declaration, and the Netz Declaration purporting to summarize the exhibits or any other documents designated "Highly Confidential" by the Hitachi Defendants confidential and proprietary.

24. I am informed and believe that the Hitachi Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Exhibits 6, 7, 33, 34, 83, 107, 114, 116, and 118 and referenced in the Class Certification Motion, the Alioto Declaration, and the Netz Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of October, 2012, at San Francisco, California.

/s/ *Michelle Park Chiu*
Michelle Park Chiu

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DECL. OF MICHELLE PARK CHIU ISO IPPS' MOTION TO SEAL

7

CASE NO. 3:07-CV-05944-SC
MDL NO. 1917