Guido Saveri (22349) guido@saveri.com
R. Alexander Saveri (173102) rick@saveri.com
Geoff Rushing (126910) grushing@saveri.com
Cadio Zirpoli (179108) cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

Interim Lead Counsel for the Direct Purchaser Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV- 07-5944-SC<br><br>MDL No. 1917<br><br>**DIRECT-PURCHASER PLAINTIFFS' RESPONSE TO INDIRECT-PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |

The Direct Purchaser Plaintiffs (DPP) hereby respond to the Indirect-Purchaser Plaintiffs' Administrative Motion to Seal. They have no objection to the Indirects filing under seal their motion for class certification to the extent it relates to confidential information of the defendants that will become public; however, the Indirects have no legal basis in refusing to serve a copy of the motion on the parties to this litigation, including the DPPs, which have executed a confidentiality agreement approved by the court. Apparently the only parties who have not been served with a copy of the motion are the plaintiffs, including the DPPs. The purpose of sealing documents is to withhold confidential information from the public. It is not to keep court filings away from the parties to the action who already have access to whatever confidential information the filings contain. A request for a copy of the motion has been made on several occasions on Mr.

Alioto, counsel for the Indirects. To this date, he has refused to even respond to the request. Attached as Exhibit A is a copy of an e-mail sent to Mr. Alioto.

The Indirects set forth no basis whatsoever to withhold their class certification motion and expert report from parties to this litigation. Instead they state only in their motion that they take no position on whether the designated documents satisfy the requirements for sealing and that the request is narrowly tailored to include only the information that may require confidentiality and that it is Defendants' burden to show good cause for sealing the designated documents (page 2, lines 8-11). Obviously this statement is not correct.

To summarize, DPPs have no objection to the Indirects filing their motion under seal; however, they request an order compelling the Indirects to serve a copy of the motion on the DPPs and all parties to the action.

Dated: October 5, 2012.

Respectfully submitted,

/s/ *Guido Saveri*
Guido Saveri (22349)
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Cadio Zirpoli (179108)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Interim Lead Counsel for Direct-Purchaser Plaintiffs*

crt.574

# EXHIBIT A

# Guido Saveri

| | |
|---|---|
| **From:** | Guido Saveri |
| **Sent:** | Friday, October 05, 2012 12:10 PM |
| **To:** | 'Mario N. Alioto'; Craig C. Corbitt |
| **Subject:** | crt |

**Attachments:** crt.572 Mario..doc

---
Guido Saveri
Saveri & Saveri, Inc.
706 Sansome Street
San Francisco, Ca. 94111
(415) 217-6810
(415) 217-6813

---

Mario: I have not been served with any of your class motion papers. I am surprised by this since I am Lead Counsel and represent a party to this litigation. Because I understood that Craig worked on your class motion, on Monday I called him and asked for a copy of your class motion. I assumed there was no problem, but was told he had to obtain your permission which rather surprised me. So I called you and left word. I did not hear from you. On Tuesday, I sent you an e-mail requesting a copy. As yet I have not heard from you. The orders in this case require you to serve your motion on the direct purchaser plaintiffs as parties in this action and that you cannot avoid this by filing it under seal. Please let me know if you will send me a copy. If not I will take whatever action is necessary to obtain a copy. Your refusal is most disconcerting in light of the fact that (1) you objected to one of our recent settlements on the ground that there was an overlap in the class definition, (2) you have apparently used translations for which we paid a part, and (3) obviously your expert's views on impact and overcharge at the direct purchaser level could affect our cae. I also might add that in my more than 50 years of class action experience I have never had to contend with such a misguided position.  Guido

crt.572 Mario