ALDO A. BADINI (257086)
JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-7400
Email: jkessler@winston.com

STEVEN A. REISS (*pro hac vice*)
DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email: steven.reiss@weil.com

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC |
| | MDL. No. 1917 |
| This Document Relates to: | |
| INDIRECT PURCHASER ACTIONS | **DECLARATION OF EVA W. COLE IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |
| | [re Panasonic Documents] |

- 1 -

DECL. OF EVA W. COLE
ISO IPPS' MOTION TO SEAL
Case No. 07-5944 SC
MDL NO. 1917

I, Eva W. Cole, declare as follows:

1.     I am an attorney with Winston & Strawn LLP, attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) (collectively, the "Panasonic Defendants") in these actions.  I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*.  I make this declaration pursuant to Civil Local Rule 79-5(d) to establish that certain documents containing Highly Confidential information and submitted to the Court in connection with Indirect Purchaser Plaintiffs' Motion for Class Certification and the Memorandum of Points and Authorities in Support Thereof ("Class Certification Motion") are sealable.  Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2.     On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. 306).  On October 1, 2011, Indirect Purchaser Plaintiffs filed an Administrative Motion to Seal (Dkt. 1386), and lodged conditionally under seal, the following documents, or portions thereof, pursuant to Civil Local Rules 7-11 and 79-5(d):

(a) Portions of the Class Certification Motion that contain information from documents that the Panasonic Defendants have designated "Highly Confidential";

(b) Declaration of Janet S. Netz, Ph.D. in Support of the Class Certification Motion ("Netz Declaration") that contains information from documents that the Panasonic Defendants have designated "Highly Confidential";

- 2 -

DECL. OF EVA W. COLE
ISO IPPS' MOTION TO SEAL
Case No. 07-5944 SC
MDL NO. 1917

(c) Exhibits B, and 1 through 45 attached to the Netz Declaration ("Netz Exhibits") in Support of the Class Certification Motion that contain quotations or information from documents, deposition testimony and responses to interrogatories that the Panasonic Defendants have designated "Highly Confidential";

(d) Declaration of Mario N. Alioto in Support of the Class Certification Motion ("Alioto Declaration") that contains quotations or information from documents, deposition testimony and responses to interrogatories that the Panasonic Defendants have designated "Highly Confidential"; and

(e) Exhibits 1 through 119 attached to the Alioto Declaration in Support of the Class Certification Motion that include documents, deposition testimony and responses to interrogatories that the Panasonic Defendants have designated "Highly Confidential."

3.      Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Panasonic Defendants as "Highly Confidential" pursuant to the Stipulated Protective Order attached to the Alioto Declaration, and all references to those documents and information in the Class Certification Motion, the Alioto Declaration, the Netz Declaration, and the Netz Exhibits.

4.      Upon information and belief, the documents referred to in and/or attached to the Netz Declaration and Exhibits consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information.  The documents contain, cite, and/or identify confidential information about the Panasonic Defendants' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions.  The documents describe relationships with companies that remain important to the Panasonic Defendants' competitive position.  I am informed and believe that this is sensitive

- 3 -

DECL. OF EVA W. COLE
ISO IPPS' MOTION TO SEAL
Case No. 07-5944 SC
MDL NO. 1917

information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

5.      Attached as Exhibit 20 to the Alioto Declaration is a document produced by the Panasonic Defendants bearing Bates stamp MTPD-0483338.

6.      Upon information and belief, the document appearing in full in Exhibit 20 of the Alioto Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information.  The document contains, cites, and/or identifies confidential information about the Panasonic Defendants' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions.  This document describes relationships with companies that remain important to the Panasonic Defendants' competitive position.  I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

7.      Attached as Exhibit 37 to the Alioto Declaration is the Second Supplemental Responses and Objections of Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (F/K/A Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories, dated November 3, 2011.

8.      Upon information and belief, the document appearing in full in Exhibit 37 of the Alioto Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential information about the Panasonic Defendants' sales processes, business practices, internal practices,

- 4 -

negotiating tactics, confidential business and supply agreements and competitive positions.  This document describes relationships with companies that remain important to the Panasonic Defendants' competitive position.  I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

9.      Attached as Exhibit 38 to the Alioto Declaration is the Third Supplemental Responses and Objections of Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (F/K/A Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories, dated December 23, 2011.

10.      Upon information and belief, the document appearing in full in Exhibit 38 of the Alioto Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential information about the Panasonic Defendants' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions.  This document describes relationships with companies that remain important to the Panasonic Defendants' competitive position.  I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

11.      Attached as Exhibit 54 to the Alioto Declaration is a document produced by the Panasonic Defendants bearing Bates stamp MTPD-0423668E-423669E.

- 5 -

DECL. OF EVA W. COLE
ISO IPPS' MOTION TO SEAL
Case No. 07-5944 SC
MDL NO. 1917

12.     Upon information and belief, the document appearing in full in Exhibit 54 of the Alioto Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential information about the Panasonic Defendants' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions.  This document describes relationships with companies that remain important to the Panasonic Defendants' competitive position.  I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

13.     Attached as Exhibit 85 to the Alioto Declaration is a document produced by the Panasonic Defendants bearing Bates stamp MTPD-0016566E-16567E.

14.     Upon information and belief, the document appearing in full in Exhibit 85 of the Alioto Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information.  The document contains, cites, and/or identifies confidential information about the Panasonic Defendants' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions.  This document describes relationships with companies that remain important to the Panasonic Defendants' competitive position.  I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

- 6 -

15.     Attached as Exhibit 100 to the Alioto Declaration is a document produced by the Panasonic Defendants bearing Bates stamp MTPD-0436378-96.

16.     Upon information and belief, the document appearing in full in Exhibit 100 of the Alioto Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential information about the Panasonic Defendants' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions.  This document describes relationships with companies that remain important to the Panasonic Defendants' competitive position.  I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

17.     Attached as Exhibit 101 to the Alioto Declaration is a document produced by the Panasonic Defendants bearing Bates stamp MTPD-0336313-31.

18.     Upon information and belief, the document appearing in full in Exhibit 101 of the Alioto Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential information about the Panasonic Defendants' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions.  This document describes relationships with companies that remain important to the Panasonic Defendants' competitive position.  I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants'

- 7 -

business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

19.     Attached as Exhibit 109 to the Alioto Declaration is excerpts from the deposition transcript of Hirokazu Nishiyama, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for the Panasonic Defendants.

20.     Upon information and belief, the transcript excerpts appearing in Exhibit 109 of the Alioto Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information.  These transcript excerpts contain, cites, and/or identifies confidential information about the Panasonic Defendants' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions.  These transcript excerpts describes relationships with companies that remain important to the Panasonic Defendants' competitive position.  I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

21.     The Class Certification Motion, the Alioto Declaration, the Netz Declaration, and the Netz Exhibits quote from or describe documents or information designated as "Highly Confidential" by the Panasonic Defendants pursuant to the Stipulated Protective Order, including but not limited to Exhibits 20, 37, 38, 54, 85, 100, 101 and 109.  As with the exhibits themselves, I understand that the Panasonic Defendants consider any statements in the Class Certification Motion, the Alioto Declaration, the Netz Declaration, and the Netz Exhibits purporting to summarize the exhibits or any other documents or information designated "Highly Confidential" by the Panasonic Defendants confidential and proprietary.  I am informed and believe that the Panasonic Defendants

- 8 -

have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Exhibits 20, 37, 38, 54, 85, 100, 101 and 109 and referenced in the Class Certification Motion, the Alioto Declaration, the Netz Declaration, and the Netz Exhibits.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: October 9, 2012            By:    /s/ Eva W. Cole _____

JEFFREY L. KESSLER (*pro hac vice*)
Email: jkessler@winston.com
A. PAUL VICTOR (*pro hac vice*)
Email: pvictor@winston.com
ALDO A. BADINI (257086)
Email: abadini@winston.com
EVA W. COLE (*pro hac vice*)
Email: ewcole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
Email: mmdonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-7400

STEVEN A. REISS (*pro hac vice*)
Email: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
Email: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
Email: adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

GREGORY D. HULL (57367)
Email: greg.hull@weil.com
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175

- 9 -

DECL. OF EVA W. COLE
ISO IPPS' MOTION TO SEAL
Case No. 07-5944 SC
MDL NO. 1917

Telephone: (650) 802-3000
Facsimile: (650) 802-3100

*Attorneys for Defendants Panasonic Corporation of
North America, MT Picture Display Co., Ltd., and
Panasonic Corporation (f/k/a Matsushita Electric
Industrial Co., Ltd.)*

- 10 -

DECL. OF EVA W. COLE
ISO IPPS' MOTION TO SEAL
Case No. 07-5944 SC
MDL NO. 1917