SHARON D. MAYO (SBN 150469)
**ARNOLD & PORTER LLP**
Three Embarcadero Center, 7th Floor
San Francisco, California  94111-4024
Telephone:  (415) 471-3100
Facsimile:  (415) 471-3400
E-mail:  sharon.mayo@aporter.com

DOUGLAS L. WALD (*Pro Hac Vice*)
WILSON D. MUDGE (*Pro Hac Vice*)
YONGSANG KIM (*Pro Hac Vice*)
**ARNOLD & PORTER LLP**
555 Twelfth Street, NW
Washington, DC  20004
Telephone:  (202) 942-5000
Facsimile:  (202) 942-5999
E-mail:  douglas.wald@aporter.com
wilson.mudge@aporter.com
yongsang.kim@aporter.com

*Attorneys for Defendants LG Electronics, Inc.;
LG Electronics USA, Inc.; and LG Electronics
Taiwan Taipei Co., Ltd.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | **DECLARATION OF SHARON D. MAYO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(D)** |
| ALL INDIRECT PURCHASER ACTIONS | |
| | [re LGE documents] |

I, Sharon D. Mayo, declare and state as follows:

1. I am a member of the bar of the State of California and senior counsel with Arnold & Porter LLP, counsel of record for defendants LG Electronics, Inc. ("LGEI"), LG Electronics USA, Inc. ("LGEUSA"), and LG Electronics Taiwan Taipei Co., Ltd. ("LGETT") (collectively, the "LGE Defendants"), in this matter. I make this declaration in support of the Indirect Purchaser Plaintiffs' Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) (Dkt. No. 1386) ("Motion to Seal"). Unless otherwise noted, I have personal knowledge of the matters set forth herein and could and would testify competently to each of them.

2. The LGE Defendants have disclosed or produced to the parties in this matter certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (Dkt. No. 306) (the "Protective Order").

3. I have reviewed the documents that were lodged conditionally under seal on October 1, 2012, and that were the subject of Plaintiffs' Motion to Seal, including the Memorandum of Points and Authorities in Support of Indirect-Purchaser Plaintiffs' Motion for Class Certification ("IPP Motion"), the Declaration of Mario N. Alioto in Support of Motion of Indirect-Purchaser Plaintiffs for Class Certification ("Alioto Declaration"), the exhibits attached to the Alioto Declaration, the Declaration of Janet S. Netz, Ph.D., in Support of Motion of Indirect Purchaser Plaintiffs for Class Certification ("Netz Declaration"), and the exhibits attached to the Netz Declaration.

4. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 62 ("Electronic Filing of Documents Under Seal," effective May 10, 2010), and the Protective Order, the following documents and excerpts of documents should be maintained under seal and redacted from the IPP Motion, Alioto Declaration, and Netz Declaration filed with the Court: (i) Exhibit 8 to the Alioto Declaration (eleven pages of Highly Confidential excerpts from the deposition of Kyung Tae Kwon, who was designated as a Federal Rule of Civil Procedure 30(b)(6) witness for the LGE Defendants); (ii) Exhibit 11 to the Alioto Declaration (a Confidential document produced

2

MAYO DECLARATION IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS'   Case No. 3:07-cv-5944
ADMINISTRATIVE MOTION TO SEAL DOCUMENTS   MDL NO. 1917

1  by LGEI in this action as LGE00065495-65497, along with the English translation of that

2  documents, designated as LGE00065495E_Translation-65497E_Translation); (iii) Exhibit 36 to

3  the Alioto Declaration (LGEI's Confidential Supplemental Responses to Direct Purchaser

4  Plaintiffs' First Set of Interrogatories, Nos. 4 and 5); (iv) portions of the Netz Declaration and the

5  exhibits attached thereto that contain information from documents, deposition testimony, and

6  responses to interrogatories that the LGE Defendants have designated "Confidential" or "Highly

7  Confidential."

8      5.    Exhibit 8 to the Alioto Declaration contains eleven pages of excerpts from the

9  deposition of Kyung Tae Kwon, who was designated as a Federal Rule of Civil Procedure

10  30(b)(6) witness for the LGE Defendants.  The LGE Defendants designated this deposition

11  transcript "Highly Confidential" under the Protective Order.  These excerpts contain information

12  concerning the LGE Defendants' price-setting practices, sales processes, and competitive

13  positions.  I am familiar with the LGE Defendants' confidentiality policies with respect to such

14  information.  The LGE Defendants treat such information as highly confidential and have take

15  reasonable measures to safeguard it from disclosure outside the company.  I am informed and

16  believe that public disclosure of this highly confidential information would be substantially likely

17  to irreparably harm the LGE Defendants.  Accordingly, Exhibit 8 should be maintained under

18  seal.

19      6.    Exhibit 11 to the Alioto Declaration is a document produced by LGEI in this action

20  as LGE00065495-65497, along with the English translation of that documents, designated as

21  LGE00065495E_Translation-65497E_Translation.  The LGE Defendants designated Exhibit 11

22  "Highly Confidential" under the Protective Order.  Exhibit 11 contains confidential, nonpublic,

23  proprietary and highly sensitive business information regarding the LGE Defendants'

24  manufacturing and price-setting practices, sales processes, negotiating tactics, and competitive

25  positions.  I am familiar with the LGE Defendants' confidentiality policies with respect to such

26  information. The LGE Defendants treat such information as highly confidential and have take

27  reasonable measures to safeguard it from disclosure outside the company.  I am informed and

28  believe that public disclosure of this highly confidential information would be substantially likely

1  to irreparably harm the LGE Defendants.  Accordingly, Exhibit 11 should be maintained under
2  seal.  For these same reasons, the reference in the Alioto Declaration to Exhibit 11, at page 3, line
3  7 (starting with "reflecting") to line 8 (ending with "cost"), also should be maintained under seal.

4        7.      Exhibit 36 to the Alioto Declaration is LGEI's Supplemental Responses to Direct
5  Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5, designated by the LGE Defendants
6  as "Confidential" under the Protective Order.  Exhibit 36 contains confidential, nonpublic,
7  proprietary and highly sensitive business information about LGEI's sales processes, business
8  practices, internal practices, negotiating tactics, confidential business and supply agreements, and
9  competitive positions.  This document describes relationships with companies that remain
10 important to LGEI's competitive position.  I am informed and believe that public disclosure of
11 this highly confidential information would be substantially likely to irreparably harm the LGE
12 Defendants.  The Court previously sealed these same interrogatory responses on April 2, 2012, in
13 connection with Direct Purchaser Plaintiffs' Opposition to Defendants' Motion for Partial
14 Summary Judgment, finding that they contain proprietary and sensitive business information, and
15 a substantial probability exists that LGEI would be competitively harmed if the materials were
16 publicly disclosed.  *See* Order Granting Direct Purchaser Plaintiffs' Administrative Motion to Seal
17 Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) (Dkt. No. 1121).  For these same
18 reasons, the Court should continue to maintain this document under seal.

19       8.      The Netz Declaration and certain exhibits attached thereto quote from or describe
20 documents or information designated as "Confidential" or "Highly Confidential" by the LGE
21 Defendants pursuant to the Protective Order.  These documents and information consist of, cite to,
22 or identify confidential, nonpublic, proprietary, and highly sensitive business information about
23 the LGE Defendants' sales processes, business practices, internal practices, and competitive
24 positions.  I am familiar with the LGE Defendants' confidentiality policies with respect to such
25 information.  The LGE Defendants treat such information as highly confidential and have take
26 reasonable measures to safeguard it from disclosure outside the company.  I am informed and
27 believe that public disclosure of this highly confidential information would be substantially likely
28 to irreparably harm the LGE Defendants.  These highly confidential documents and information

4

MAYO DECLARATION IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS'   Case No. 3:07-cv-5944
ADMINISTRATIVE MOTION TO SEAL DOCUMENTS   MDL NO. 1917

include the following:

    a.    Netz Declaration, page 16, footnote 42 (starting with "The holes" and ending with "pp. 97:13-98:2") [discussing testimony provided during the deposition of Mok Hyeon Seong, who was designated as a Federal Rule of Civil Procedure 30(b)(6) witness for the LGE Defendants, and whose deposition transcript was designated as "Highly Confidential" under the Protective Order];

    b.    Netz Declaration, page 18, footnote 50 (starting with "Dynaflat" and ending with "at 4-5") [discussing a document produced by LGEI in this action as LGE00060914, which LGEI designated as "Highly Confidential" under the Protective Order];

    c.    Netz Declaration, page 22, footnote 64 (starting with "13 July 2012" and ending with "pp. 106:7-107:1") [discussing testimony provided during the deposition of Kyung Tae Kwon, who was designated as a Federal Rule of Civil Procedure 30(b)(6) witness for the LGE Defendants, and whose deposition transcript was designated as "Highly Confidential" under the Protective Order], and accompanying text at pages 21-22 (starting with "Before the CRT" and ending with "manufacturing process");

    d.    Netz Declaration, page 22, footnote 68 (starting with "The deflection" and ending with "pp. 106:7-107:1") [discussing testimony provided during the deposition of Kyung Tae Kwon, who was designated as a Federal Rule of Civil Procedure 30(b)(6) witness for the LGE Defendants, and whose deposition transcript was designated as "Highly Confidential" under the Protective Order];

    e.    Netz Declaration, page 22, footnote 69 (starting with "LGE" and ending with "pp. 106:7-107:1") [discussing testimony provided during the deposition of Kyung Tae Kwon, who was designated as a Federal Rule of Civil Procedure 30(b)(6) witness for the LGE Defendants, and whose

1    deposition transcript was designated as "Highly Confidential" under the
2    Protective Order], and accompanying text at page 22 (beginning with
3    "Depending on customer" and ending with "third parties");
4    f.    Netz Declaration, page 26, footnote 88 (starting with "LG Electronics" and
5    ending with "LGE00091898") [discussing a document produced by LGEI
6    in this action as LGE00089431, which LGEI designated as "Highly
7    Confidential" under the Protective Order, and a document produced by
8    LGEI in this action as LGE00091898, which LGEI designated as "Highly
9    Confidential" under the Protective Order], and accompanying text at page
10   26 (starting with "However, despite" and ending with "per month");
11   g.    Netz Declaration, page 38, footnote 133 (starting with "Baoma" and ending
12   with "'CHINA LOCAL'") [discussing a document produced by LGEI in
13   this action as LGE00067202, which LGEI designated as "Highly
14   Confidential" under the Protective Order];
15   h.    Netz Declaration, page 79, footnote 254 (starting with "Yun Lee" and
16   ending with "at 78:8-11") [discussing testimony provided during the
17   deposition of Yun Seok Lee, who was designated as a Federal Rule of Civil
18   Procedure 30(b)(6) witness for the LGE Defendants, and whose deposition
19   transcript was designated as "Highly Confidential" under the Protective
20   Order];
21   i.    Netz Declaration, page 114-15, footnote 388 (starting with "LGE testified"
22   and ending with "p. 72:14-18") [discussing testimony provided during the
23   deposition of Kyung Tae Kwon, who was designated as a Federal Rule of
24   Civil Procedure 30(b)(6) witness for the LGE Defendants, and whose
25   deposition transcript was designated as "Highly Confidential" under the
26   Protective Order; and testimony provided during the deposition of Yun
27   Seok Lee, who was designated as a Federal Rule of Civil Procedure
28   30(b)(6) witness for the LGE Defendants, and whose deposition transcript

6

was designated as "Highly Confidential" under the Protective Order];

j. Netz Declaration, Exhibit 30 (starting with "In an LG" and ending with "at 8339") [discussing a document produced by LGEI in this action as LGE00058322-58349, which LGEI designated as "Highly Confidential" under the Protective Order];

k. Netz Declaration, Exhibit 31, page 1 (starting with "Mok Hyeon Sung" and ending with "pp. 98:8-12") [discussing testimony provided during the deposition of Mok Hyeon Seong, who was designated as a Federal Rule of Civil Procedure 30(b)(6) witness for the LGE Defendants, and whose deposition transcript was designated as "Highly Confidential" under the Protective Order; and testimony provided during the deposition of Yun Seok Lee, who was designated as a Federal Rule of Civil Procedure 30(b)(6) witness for the LGE Defendants, and whose deposition transcript was designated as "Highly Confidential" under the Protective Order];

9. The LGE Defendants have narrowly tailored this sealing request to only those documents and information, and references thereto, necessary to protect their proprietary and sensitive business information. Indeed, the LGE Defendants have not sought to seal numerous references to documents from their production that were submitted in connection with the Netz Declaration. Accordingly, for the reasons stated above, the LGE Defendants request that the Court maintain under seal the documents, document excerpts, deposition testimony, interrogatory responses, and reference thereto, identified above herein.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on October 9, 2012 at San Francisco, California

/s/*Sharon D. Mayo*
SHARON D. MAYO