1  SHARON D. MAYO (SBN 150469)
   **ARNOLD & PORTER LLP**
2  Three Embarcadero Center, 7th Floor
   San Francisco, California  94111-4024
3  Telephone:  (415) 471-3100
   Facsimile:  (415) 471-3400
4  E-mail:  sharon.mayo@aporter.com

5  DOUGLAS L. WALD (*Pro Hac Vice*)
   WILSON D. MUDGE (*Pro Hac Vice*)
6  YONGSANG KIM (*Pro Hac Vice*)
   **ARNOLD & PORTER LLP**
7  555 Twelfth Street, NW
   Washington, DC  20004
8  Telephone:  (202) 942-5000
   Facsimile:  (202) 942-5999
9  E-mail:  douglas.wald@aporter.com
   wilson.mudge@aporter.com
10 yongsang.kim@aporter.com

11 *Attorneys for Defendants LG Electronics, Inc.;*
   *LG Electronics USA, Inc.; and LG Electronics*
12 *Taiwan Taipei Co., Ltd.*

13

14                    **UNITED STATES DISTRICT COURT**

15                    **NORTHERN DISTRICT OF CALIFORNIA**

16                         **SAN FRANCISCO DIVISION**

17

| | |
|---|---|
| 18  **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944 SC |
| 19 | MDL No. 1917 |
| 20  This Document Relates to: | **[PROPOSED] ORDER SEALING DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(D)** |
| 21 | |
| 22  ALL INDIRECT PURCHASER ACTIONS | [re LGE documents] |

23

24

25

26

27

28

1    Having considered the parties' submissions regarding whether certain documents lodged
2    conditionally under seal in connection with the Indirect Purchaser Plaintiffs' Administrative
3    Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) (Dkt. No. 1386)
4    ("Motion to Seal"), and good cause appearing:

5    The Court finds that the documents and portions of documents described in the
6    Declaration of Sharon D. Mayo in Support of Indirect Purchaser Plaintiffs' Administrative Motion
7    to Seal Documents ("Mayo Declaration"), and identified below, contain proprietary and sensitive
8    business information, and a substantial probability exists that defendants LG Electronics, Inc.
9    ("LGEI"), LG Electronics USA, Inc. ("LGEUSA"), and LG Electronics Taiwan Taipei Co., Ltd.
10   ("LGETT") (collectively, the "LGE Defendants") would be competitively harmed if the materials
11   were publicly disclosed.  The Court also finds that the LGE Defendants have narrowly tailored
12   this sealing request to only the documents and portions of documents necessary to protect their
13   proprietary and sensitive business information.  The Court thus finds compelling reasons to
14   maintain under seal the materials described in the Mayo Declaration.

15   IT IS THEREFORE ORDERED that the following documents and portions of documents
16   currently lodged with the Court pursuant to Civil Local Rule 79-5(d) shall be maintained under
17   seal:

18   1.    Exhibits 8, 11, and 36 to the Declaration of Mario N. Alioto in Support of Motion
19   of Indirect-Purchaser Plaintiffs for Class Certification ("Alioto Declaration");

20   2.    The reference in the Alioto Declaration to Exhibit 11, at page 3, line 7 (starting
21   with "reflecting") to line 8 (ending with "cost");

22   3.    The following portions of the Declaration of Janet S. Netz, Ph.D., in Support of
23   Motion of Indirect Purchaser Plaintiffs for Class Certification ("Netz Declaration"), and the
24   exhibits attached to the Netz Declaration:

25        a.    Netz Declaration, page 16, footnote 42 (starting with "The holes" and
26              ending with "pp. 97:13-98:2");
27        b.    Netz Declaration, page 18, footnote 50 (starting with "Dynaflat" and
28              ending with "at 4-5");

      c.    Netz Declaration, page 22, footnote 64 (starting with "13 July 2012" and ending with "pp. 106:7-107:1"), and accompanying text at pages 21-22 (starting with "Before the CRT" and ending with "manufacturing process");

      d.    Netz Declaration, page 22, footnote 68 (starting with "The deflection" and ending with "pp. 106:7-107:1");

      e.    Netz Declaration, page 22, footnote 69 (starting with "LGE" and ending with "pp. 106:7-107:1"), and accompanying text at page 22 (beginning with "Depending on customer" and ending with "third parties");

      f.    Netz Declaration, page 26, footnote 88 (starting with "LG Electronics" and ending with "LGE00091898"), and accompanying text at page 26 (starting with "However, despite" and ending with "per month");

      g.    Netz Declaration, page 38, footnote 133 (starting with "Baoma" and ending with "'CHINA LOCAL'");

      h.    Netz Declaration, page 79, footnote 254 (starting with "Yun Lee" and ending with "at 78:8-11");

      i.    Netz Declaration, page 114-15, footnote 388 (starting with "LGE testified" and ending with "p. 72:14-18");

      j.    Netz Declaration, Exhibit 30 (starting with "In an LG" and ending with "at 8339");

      k.    Netz Declaration, Exhibit 31, page 1 (starting with "Mok Hyeon Sung" and ending with "pp. 98:8-12").

**IT IS SO RECOMMENDED.**

Dated:_____

                                                     Hon. Charles A. Legge
                                                     Special Master

**IT IS SO ORDERED UPON THE RECOMMENDATION OF THE SPECIAL MASTER.**

Dated:_____

                                                     Samuel Conti
                                                     United States District Judge