BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile:  (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich  (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile:  (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips Electronics N.V., and Philips Electronics North America Corporation*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**DECLARATION OF CHARLES M. MALAISE IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |
| This Document Relates to:<br><br>INDIRECT PURCHASER ACTIONS | |

I, Charles M. Malaise hereby declare as follows:

1. I am an associate with the law firm of Baker Botts L.L.P., counsel for Defendants Koninklijke Philips Electronics N.V. ("KPE") and Philips Electronics North America Corporation ("PENAC") (collectively, the "Philips Defendants"). I make this declaration in support of the Indirect Purchaser Plaintiffs' Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) (Dkt. No. 1386) (the "Motion to Seal").

2. Except for those matters stated on information and belief, which I believe to be true, I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order").

4. The Philips Defendants have produced in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

5. On October 1, 2012, the Indirect Purchaser Plaintiffs filed the motion to Seal in which they asked this Court to seal the following documents, or portions thereof, pursuant to Civil Local Rules 7-11 and 79-5(d):

   a. Portions of the Indirect Purchaser Plaintiffs' Memorandum of Points and Authorities in Support of Motion of Indirect Purchaser Plaintiffs for Class Certification that contain quotations or information from documents that Defendants have designated "Confidential" or "Highly Confidential";

   b. Portions of Declaration of Janet S. Netz, Ph.D. In Support of Motion of Indirect Purchaser Plaintiffs for Class Certification (the "Netz Declaration") that contain quotations or information from documents that Defendants have designated "Confidential" or "Highly Confidential"; and

   c. Portions of Declaration of Mario N. Alioto in Support of Motion of Indirect Purchaser Plaintiffs for Class Certification (the "Alioto

Declaration") that contain quotations or information from documents that Defendants have designated "Confidential" or "Highly Confidential."

6. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, the following documents or portions of documents should be maintained under seal and redacted from the Netz Declaration:

    a. Excerpts from the transcript of the Rule 30(b)(6) deposition of KPE and PENAC that has been designated "Highly Confidential" pursuant to the Stipulated Protective Order.

    b. Attached as Exhibit 3 to the Netz Declaration is a document that contains quotations or information from documents produced by the Philips Defendants in this litigation with the bates numbers PHLP-CRT-020283, PHLP-CRT-098244, PHLP-CRT-034835, PHLP-CRT-095826, PHLP-CRT-014819, PHLP-CRT-015235, PHLP-CRT-039880, PHLP-CRT-012076, PHLP-CRT-021368, PHLP-CRT-028050, PHLP-CRT-034835 and PHLP-CRT-014823 that the Philips Defendants have designated as "Confidential" pursuant to the Stipulated Protective Order.

    c. Attached as Exhibit 28 to the Netz Declaration is a document that contains quotations and information from a document produced by the Philips Defendants in this litigation with the bates numbers PHLP-CRT-039598 through PHLP-CRT-039648 that the Philips Defendants have designated as "Confidential" pursuant to the Stipulated Protective Order.

    d. Attached as Exhibit 30 to the Netz Declaration is a document that contains quotations and information from a document produced by the Philips Defendants in this litigation with the bates numbers PHLP-CRT-052781 that the Philips Defendants have designated as "Confidential" pursuant to the Stipulated Protective Order.

3

MDL 1917

DECLARATION OF CHARLES M. MALAISE IN SUPPORT OF
INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL
DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(D)

    e.    Attached as Exhibit 31 to the Netz Declaration is a document that contains information from documents produced by the Philips Defendants in this litigation with the bates numbers PHLP-CRT-012360 and PHLP-CRT-024925 that the Philips Defendants have designated as "Confidential" pursuant to the Stipulated Protective Order.

    f.    Portions of the Netz Declaration that contain, cite, or identify information or quotations from the above-mentioned exhibits or bates-labeled documents.

7. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, the following documents or portions of documents should be maintained under seal and redacted from the Alioto Declaration:

    a.    Attached as Exhibit 2 to the Alioto Declaration is a document produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-081053 through PHLP-CRT-081054 that the Philips Defendants have designated "Confidential" pursuant to the Stipulated Protective Order.

    b.    Attached as Exhibit 3 to the Alioto Declaration is a document produced by the Philips Defendants in this litigation with bates numbers EIN0051143 through EIN0051170 that the Philips Defendants have designated "Highly Confidential" pursuant to the Stipulated Protective Order.

    c.    Attached as Exhibit 5 to the Alioto Declaration is a document produced by the Philips Defendants in this litigation with bates numbers EIN0093375 through EIN0093398 that the Philips Defendants have designated "Highly Confidential" pursuant to the Stipulated Protective Order.

    d.    Attached as Exhibit 10 to the Alioto Declaration is a document produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-051982 through PHLP-CRT-052085 that the Philips Defendants have

designated "Confidential" pursuant to the Stipulated Protective Order.

  e. Attached as Exhibit 25 to the Alioto Declaration is a document produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-006657 that the Philips Defendants have designated "Highly Confidential" pursuant to the Stipulated Protective Order.

  f. Attached as Exhibit 35 to the Alioto Declaration is the Philips Defendants Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. Four and Five, dated March 21, 2012, that the Philips Defendants has designated "Confidential" pursuant to the Stipulated Protective Order.

  g. Attached as Exhibit 110 to the Alioto Declaration is a document produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-027432 through PHLP-CRT-027434 that the Philips Defendants have designated "Confidential" pursuant to the Stipulated Protective Order.

  h. Attached as Exhibit 115 to the Alioto Declaration is a document produced by the Philips Defendants in this litigation with bates numbers EIN0045706 through EIN0045738 that the Philips Defendants have designated "Highly Confidential" pursuant to the Stipulated Protective Order.

  i. Portions of the Alioto Declaration that contain, cite, or identify information or quotations from the above-mentioned exhibits or bates-labeled documents.

  8. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, the portions of the Memorandum of Points and Authorities In Support of Motion of Indirect Purchaser Plaintiffs for Class Certification that contain, cite, or identify information or quotations from any of the above-mentioned exhibits or bates-labeled documents should be

5   MDL 1917

DECLARATION OF CHARLES M. MALAISE IN SUPPORT OF
INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL
DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(D)

maintained under seal and redacted from the Memorandum of Points and Authorities In Support of Motion of Indirect Purchaser Plaintiffs for Class Certification.

9. Each of the documents quoted and discussed in Exhibits B, 3, 28, 30 and 31 to the Netz Declaration and appearing in full as Exhibits 2, 3, 5, 10, 25, 35, 110 and 115 to the Alioto Declaration has been designated by the Philips Defendants as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order because they contain confidential, nonpublic, and highly sensitive business information. They contain confidential, non-public information about the Philips Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with companies - including customers and vendors - that remain important to the Philips Defendants' competitive positions. Upon information and belief, publicly disclosing this sensitive information presents a risk of undermining the Philips Defendants' relationships, would cause harm with respect to the Philips Defendants competitors and customers, and would put the Philips Defendants at a competitive disadvantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of October, 2012 in Washington, D.C.

_____
Charles M. Malaise

# CERTIFICATE OF SERVICE

On October 11, 2012, I caused a copy of "DECLARATION OF CHARLES M. MALAISE IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PURSUANT TO CIVIL LOCAL RULES 7-1 AND 79-5(d)" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

_____
Charles M. Malaise

7

MDL 1917

DECLARATION OF CHARLES M. MALAISE IN SUPPORT OF
INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL
DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(D)