# WINSTON & STRAWN LLP

SUITE 718, CHINA WORLD OFFICE 1
1 JIANGUOMENWAI AVENUE
BEIJING 100004, CHINA

100 NORTH TRYON STREET
CHARLOTTE, NORTH CAROLINA 28202

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601

GRAND-RUE 23
1204 GENEVA, SWITZERLAND

42ND FLOOR, BANK OF CHINA TOWER
1 GARDEN ROAD
CENTRAL, HONG KONG

1111 LOUISIANA, 25TH FLOOR
HOUSTON, TEXAS 77002

CITYPOINT
ONE ROPEMAKER STREET
LONDON, EC2Y 9HU, UK

200 PARK AVENUE
NEW YORK, NEW YORK 10166

+1 (212) 294-6700

FACSIMILE +1 (212) 294-4700

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071

SUITE A350, 4 STASOVOY STREET
MOSCOW, 119071, RUSSIAN FEDERATION

ONE RIVERFRONT PLAZA, SUITE 730
NEWARK, NEW JERSEY 07102

25 AVENUE MARCEAU, CS 31621
75773 PARIS CEDEX 16, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111

UNITS 3105-3106
SHANGHAI KERRY CENTRE
1515 NANJING ROAD WEST
JINGAN, SHANGHAI 200040, CHINA

1700 K STREET, N.W.
WASHINGTON, D.C. 20006

*Jeffrey L. Kessler*
Partner
212-294-4698
jkessler@winston.com

October 19, 2012

**VIA ECF**

Hon. Charles A. Legge
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111

Re:   *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, No. 07-5944 SC, MDL No. 1917
      This Document Relates to: All Indirect-Purchaser Actions

Dear Judge Legge:

The defendants in the indirect-purchaser actions respectfully request authorization to depose the indirect purchaser plaintiffs' (the "IPPs") expert witness, Dr. Janet S. Netz, for up to a total of fourteen hours over two consecutive days. On October 1, 2012, the IPPs filed their motion for class certification, which relies principally on Dr. Netz's Declaration In Support of Motion of Indirect-Purchaser Plaintiffs for Class Certification (the "Declaration"). The Declaration is both extremely voluminous and complex. Indeed, it is 117 pages long with twelve sections, attaches forty-five exhibits, and expressly relies on over 3,200 documents from the various defendants. Significantly, the Declaration is based largely on complex economic and mathematical analysis that will need to be examined during Dr. Netz's deposition.

Defendants' counsel asked counsel for the IPPs to make Dr. Netz available for deposition on two consecutive days. In return, defendants offered to make their own expert witness

October 19, 2012
Page 2

available for deposition on two consecutive days. However, counsel for the IPPs refused, so defendants were left with no choice but to request Your Honor's intervention.[1]

Federal Rule of Civil Procedure 30(d)(1) makes clear that extra deposition time, beyond one day of seven hours, "must" be allowed "if needed to fairly examine the deponent." Your Honor "has discretion to determine how much time is [needed] under the circumstances." *Independence Park Apartments v. U.S.*, 59 Fed. Cl. 765, 769 (Fed. Cl. 2004) (allowing extra time for the deposition of an expert witness). The advisory committee notes to the 2000 amendment to Rule 30 expressly contemplate that additional deposition time may be needed for the examination of an expert witness in order to "full[y] explor[e] . . . the theories upon which the witness relies." Extra deposition time is especially necessary where, as here, the expert's opinions will play a "pivotal role" in the action. *Independence Park Apartments*, 59 Fed. Cl. at 770. Moreover, because Dr. Netz relied on documents, data and information from the distinct defendants, each defendant may have a need to question Dr. Netz about their own data and information. Accordingly, it is essential that defendants have adequate time to fully explore the theories, exhibits, data and documents upon which Dr. Netz relied in preparing her 117 page Declaration.

Defendants have no desire to waste Dr. Netz's time (or their own) with repetitive or harassing questions. Indeed, it has been agreed among the defendants that I will be the lead examiner on common issues so that we will conduct the deposition as efficiently as possible. However, we believe fourteen hours of examination, spread over two days, will be necessary for the adequate exploration of the Declaration and the thousands of documents on which Dr. Netz relied. We also need this determination to be made now given the scheduling requirements of all of the parties and the briefing schedule ordered by the Court on class certification. Accordingly, defendants respectfully request this Court to grant them leave to depose Dr. Netz for no more than fourteen hours, to be divided between two consecutive days.

Respectfully submitted,

Jeffrey L. Kessler

cc: All Counsel via ECF

---

[1] Neither the Order Regarding Discovery and Case Management Protocol nor the Stipulation and Order Regarding Procedures Governing Expert Discovery address this issue. However, recognizing the complexity of this matter and the numerous parties involved, the Order Regarding Discovery and Case Management Protocol allows 30(b)(6) depositions to last up to fifteen hours.