*Trump Alioto Trump & Prescott*
ATTORNEYS LLP
2280 Union Street
San Francisco, California 94123
Tel. (415) 563-7200
Fax (415) 346-0679

October 22, 2012

Hon. Charles A. Legge
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, CA 94111

   RE: *In re: Cathode Ray Tubes (CRT) Antitrust Litigation*
      No. 07-5944 SC, MDL No. 1917
      This Document Relates to: All Indirect-Purchaser Actions

Dear Judge Legge:

  Indirect-Purchaser Plaintiffs ("IPPs") oppose Defendants' request to make their class certification expert, Janet S. Netz, Ph.D., available for deposition for twice the time allowed under the discovery rules. Defendants frame this request lightly, simply seeking "authorization" to depose Dr. Netz over two consecutive days. But, in fact, what they are doing is attempting to compel the further testimony of IPPs' expert before exhausting the presumptive seven hours allotted to them under Federal Rule of Civil Procedure 30(d)(1).

  The party seeking a court order to extend the examination beyond seven hours is expected to show ***good cause*** to justify such an order. Fed. R. Civ. P. 30(d)(1) advisory committee's note (2000). In weighing a request for an extension of the seven-hour time limit, "the court should begin with the presumption that the seven-hour limit was carefully chosen and that extensions of that limit should be the exception, not the rule. Automatic extensions eviscerate the rule." *Roberson v. Bair*, 242 F.R.D. 130, 138 (D.D.C. 2007). Defendants' request is not only premature, but they also fail to demonstrate "good cause" under Rule 30.

   **A.** **Defendants' Motion Is Premature**

  Defendants' motion is premature, as Defendants have not yet exhausted the first seven hours of testimony from Dr. Netz. Case law, treatises and common sense all support the conclusion that "[a] party generally should not seek additional time for a deposition before the deposition is taken." 7 James Wm. Moore et al., Moore's Federal Practice – Civil § 30.45 (2009). Rather, "the better practice is for the deposition to go forward to determine how much can be covered in the seven hours." *Id.*; *see also Malec v. Trs. of Boston College*, 208 F.R.D. 23, 24 (D. Mass. 2002) (denying motion for leave to depose plaintiff for fourteen hours where first

Hon. Charles A. Legge
October 22, 2012
Page 2

seven hours were not yet exhausted). Additionally, to rule before the seven hours is exhausted prevents courts from analyzing the efficiency of counsel's efforts.

Pursuant to the Federal Rules of Civil Procedure and case law, a presumption exists that seven hours is a sufficient time period in which to question a witness. Should Defendants believe otherwise after they have exhausted these first seven hours, they should then renew their request to IPPs, and then if IPPs disagree, to this Court. On this ground alone, Defendants' motion should be denied.

### B. Defendants Provide No Facts Sufficient to Show "Good Cause" for Fourteen Hours of Deposition Testimony

Defendants' motion should also be denied because they have failed to demonstrate good cause requiring fourteen hours of testimony from Dr. Netz. In extending the duration of a deposition, "the Court is called upon in each case to make a fact intensive inquiry as to whether a particular witness should or should not be required to submit to questioning which exceeds seven hours in length." *Forte Capital Partners, LLC v. Harris Cramer, LLP*, No. C 07-1237 SBA, 2008 U.S. Dist. LEXIS 95618, at *8 (N.D. Cal. Nov. 14, 2008). Because Defendants have not deposed Dr. Netz for even one day, they cannot point to the facts necessary to demonstrate that they need more than the presumed seven hours.

In lieu of providing facts to support their request, Defendants merely point to the length of Dr. Netz's 117-page declaration and say that it contains "complex" analyses and that she relies on a large number of Defendants' documents. Letter Brief from J. Kessler, dated October 19, 2012, at 1. Defendants' observations do nothing to demonstrate why these factors merit a two-day deposition.

Seven hours has been sufficient time to depose Dr. Netz in prior cases involving the same Defendants and the same issues. Dr. Netz has served as the indirect-purchaser plaintiffs' expert for class certification in other antitrust actions here in the Northern District, including *In re Flash Memory Antitrust Litigation*, No. 4:07-cv-00086-SBA, and *In re TFT-LCD (Flat Panel) Antitrust Litigation*, No. 3:07-md-1827-SI. In *Flash Memory*, Dr. Netz submitted a declaration that was 113 pages and had similar analyses. In *Flash Memory*, seven hours of deposition time was sufficient. Similarly, in *LCDs*, Dr. Netz submitted a declaration that was 117 pages and also contained similar analyses. In *LCDs*, seven hours of deposition time was also sufficient. The allotted time should be no different here than it was in *Flash Memory* or *LCDs*.

Defendants' reference to this Court's discovery order is not useful. The discovery protocol does allow for up to fifteen hours for 30(b)(6) deposition time. But, fifteen hours is the total time allotted to all class plaintiffs *per defendant group*. *See* Order re Discovery and Case Management, section I.C., Dkt. No. 1128 (April 3, 2012). The provisions regarding deposition time do not contemplate fifteen consecutive hours with one English-speaking witness.

Hon. Charles A. Legge
October 22, 2012
Page 3

      Defendants' reliance on an inapposite case also does not support their argument.  In *Independence Park Apartments v. United States*, 59 Fed. Cl. 765 (Fed. Cl. 2004), the government was granted a *maximum of ten hours* to depose plaintiff's damages expert on two separate days, due to what the court describes as "a long and convoluted history, and [a] current procedural posture [that] is very unusual if not unique." *Id*. at 769.  After a post-appeal reinstatement of a takings claim, an appellate court's severance of one plaintiff from the prior plaintiff group to proceed to trial separately, the scheduling of supplemental damages reports, and several other procedural abnormalities, the court determined that scheduling two separate days of an expert's deposition was not improper.  *Id*. at 770.  *Independence Park* provides no guidance here.  The IPPs' situation is not unusual or unique, but standard and routine.

      To issue an order now that would compel Dr. Netz to sit for two consecutive days of deposition when Defendants cannot demonstrate good cause would be improper.  This is no small request to force a party's class certification expert to be deposed for twice the allotted time.  Defendants must, therefore, show good cause.  They have failed to do so.

      For the reasons stated above, IPPs respectfully request that Defendants' request be denied.

                                      Respectfully submitted,

                                      */s/ Mario N. Alioto*
                                      Mario N. Alioto

cc:  All Counsel via ECF