Hon. Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 774-2644
Fax: (415) 982-5287
Special Master

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
|---|---|
| This Document Relates to:<br><br>Case No. C 11-6397 SC<br><br>COSTCO WHOLESALE CORPORATION,<br><br>                        Plaintiff,<br><br>    v.<br><br>HITACHI, LTD., et al.,<br><br>                        Defendants. | **REPORT AND RECOMMENDATION REGARDING THE TOSHIBA DEFENDANTS' MOTION TO COMPEL ARBITRATION** |

To The Honorable Samuel Conti, United States District Judge:

On August 24, 2012, Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc. (collectively, the "Toshiba Defendants") filed a Motion to Compel Arbitration (Docket No. 1332) against Costco Wholesale Corporation ("Costco"). On October 30, 2012, the Special Master heard oral argument on this motion by counsel for the Toshiba Defendants and counsel for Costco. Having carefully considered the briefs and other submissions of the Toshiba Defendants and Costco, the Special Master recommends that the motion should be GRANTED in part as follows.

1. The Toshiba Defendants' Motion to Compel Arbitration is granted with the exception of claims for co-conspirator or joint and several liability based upon Costco's purchase of products from defendants other than the Toshiba Defendants (the "non-arbitrable claims");

2. All other claims against the Toshiba Defendants, including all claims based on Costco's direct and indirect purchases of Toshiba products, are referred to arbitration ~~and dismissed~~ (the "arbitrable claims"), and this action on those claims is dismissed. [CAC]

3. Costco must arbitrate all arbitrable claims against the Toshiba Defendants in accordance with the August 2, 1995 Vendor Agreement with Toshiba America Consumer Products, Inc. ("Vendor Agreement");

4. The Special Master finds that the language in the Vendor Agreement's arbitration clause, which applies to "[a]ll claims and disputes that . . . arise out of or relate to" the Vendor Agreement, provides adequate jurisdiction for the Toshiba Defendants' demand to arbitrate;

5. The arbitration clause is binding on the corporate affiliates and successor of signatory Toshiba America Consumer Products, Inc. because Costco has alleged that all of the present Toshiba Defendants are agents for one another and the claims against them are deemed arbitrable (*see In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-

1827 SI, 2011 WL 4017961, at *7 (N.D. Cal. Sept. 9, 2011) ("To the extent it purchased LCD panels pursuant to vendor agreements, Costco must arbitrate its claims against the corporate affiliates of the signatories to those vendor agreements."));

6. The language in the arbitration clause that provides that "PriceCostco or Vendor may bring court proceedings or claims against each other (i) solely as part of separate litigation commenced by an unrelated third party . . ." does not invalidate Costco's obligation to arbitrate in this case. Had Costco remained part of the class action, it might have had a valid argument. Costco, however, filed its own action, which is merely parallel to (not part of) the class action. Thus, the "solely as part of" language does not apply;

7. The Special Master agrees with Costco that, to the extent that its complaint raises a claim against the Toshiba Defendants based strictly on co-conspirator or joint and several liability, such a claim is not subject to arbitration;

8. Dismissal of the arbitrable claims is more appropriate than a stay in this case and the arbitrable claims are therefore severed from the non-arbitrable claims and are dismissed from this action; and

9. The issue of which damage standards apply is one for the arbitrator, not the Court, to decide. If a party disagrees with the arbitrator's decision, that party's remedy lies in challenging the arbitral decision.

Respectfully submitted,

Dated: November 7, 2012

*[signature]*

The Honorable Charles A. Legge (Ret.)
Special Master

REPORT AND RECOMMENDATION REGARDING THE
TOSHIBA DEFENDANTS' MOTION TO COMPEL ARBITRATION
Case No. C 11-6397 SC
MDL No. 1917
3

1  Recommendation:  Approved / Modified / Rejected.

2

3  Dated: _____, 2012

4
                                                    _____
5                                                   The Honorable Samuel Conti
                                                    Northern District of California

REPORT AND RECOMMENDATION REGARDING THE
TOSHIBA DEFENDANTS' MOTION TO COMPEL ARBITRATION
Case No. C 11-6397 SC
MDL No. 1917
4