Hon. Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 774-2644
Fax: (415) 982-5287
Special Master

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | **Case No. 07-5944 SC** <br> **MDL No. 1917** <br> **JAMS Ref. No. 1100054618** |
| This Document Relates to: <br><br> Case No. 2011-CV-6205 SC <br><br> STATE OF FLORIDA, OFFICE OF THE ATTORNEY GENERAL, DEPARTMENT OF LEGAL AFFAIRS, <br><br> Plaintiff, <br><br> v. <br><br> LG ELECTRONICS, INC., et al., <br><br> Defendants. | **REPORT AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT OF THE STATE OF FLORIDA** |

To the Honorable Samuel Conti, United States District Judge:

The special master makes the following report and recommendations regarding the motion by the defendants to dismiss the amended complaint, dated July 16, 2012, filed by the State of Florida. That complaint amended a prior one, and the amendment made a material change in the claims, primarily by dropping the original claims for damages under the Sherman

Act and the Florida Antitrust Act.  This motion to dismiss the amended complaint (document 1287) is primarily an attack on the allegations as a whole, on the grounds that: the complaint is untimely, that Florida has not sufficiently alleged a continuing conspiracy, and that its other alleged grounds for tolling the statutes of limitation are either not adequately pleaded or are legally insufficient.

The motion is opposed by Florida, was briefed by both sides, and was orally argued before the special master on September 20, 2012.  However, it became apparent at the oral argument that the pleadings and the briefing had not addressed sufficient attention to the distinctions which are necessary between the claims for damages and the claims for equitable relief.  The special master therefore directed that defendants file a further brief identifying their grounds for dismissal of the equitable claims alleged in the amended complaint.  The brief that the special master requested was, "your brief regarding why the injunctive relief portions of the amended complaint should be dismissed on 12(b)(6) as well as the damages claims based on the statute of limitations."  However, instead of filing a brief, defendants filed a further motion to dismiss Florida's claims for injunctive relief (document 1392), which was opposed by Florida (document 1409).  The special master deemed the briefing to be complete with the filing of document 1409 on October 18, 2012, and the motions were taken under submission at that time.

Having followed that interrupted paper trail, and having read and considered the briefs of both sides, the special master now recommends to the Court that the amended complaint be dismissed, with leave to the State of Florida to file a further amended complaint.  The discussion of the issues is here divided into two sections, one considering the claims for equitable relief, and one considering the claims for damages.

## CLAIMS FOR EQUITABLE RELIEF

The complaint seeks equitable relief under three statutes:

1.      Section 1 and section 16 (providing for injunctive relief for a violation of section 1) of the Sherman Act, under which Florida requests that the court adjudge and decree that

defendants have violated section 1; Amended complaint ¶156(a). And Florida asks in ¶156(d) to enjoin and restrain "pursuant to federal and state law" the defendants from engaging in future anticompetitive actions.

2.      Under the Florida Antitrust Act, Florida seeks a decree that defendants violated that act, and an injunction against future violations; ¶156(b) and (d).

3.      Under Florida's Deceptive and Unfair Trade Practices Act, Florida again asks for a declaration of violation and the restraining of future anticompetitive conduct; ¶156(c) and (d).

In summary, under all three statutes Florida seeks declarations of prior violations and injunctions against future violations.

As stated, during the oral argument of the motion the special master requested defendants to file a further brief identifying their grounds for dismissal of the equitable claims, but instead of filing a brief, defendants filed a further motion to dismiss the equitable claims (document 1392). The special master is unadvised as to why defendants filed another motion rather than just a brief, but the difference is not material to the present proceeding. The special master recommends that the second motion (document 1392) be dismissed, so that there are not two motions open on the same issue. However, document 1392 is being considered by the special master to be defendants' closing brief in support of their motion for dismissal of the equitable claims. And as noted above, plaintiffs have filed a further opposition to the dismissal of the injunction claims (document 1409).

Defendants' overarching argument against the injunctive claims is that they are not necessary. That is, an injunction is not appropriate unless "there exist some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." Citing the United States Supreme Court in *United States v. WT Grant Co.*, 345 U.S. 629 (1953) and *United States v. Oregon State Medical Society*, 343 U.S. 326 (1952). As quoted from the *Oregon State* case, an injunction requires "a real threat of future violation or a contemporary violation of a nature likely to continue or reoccur;" p. 333.

Defendants have made a substantial showing that the allegations of this complaint concern a conspiracy that allegedly occurred years ago, and that there is little or no danger of a

reoccurring violation. That showing is consistent with the recent United States Supreme Court cases requiring that a complaint must state a claim for relief that is plausible on its face. See *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

The present complaint alleges no facts of any purported conspiracy after the year 2007, over five years ago. The facts and events in the relevant market also demonstrate that CRTs have become an obsolete technology, having been supplanted by the later technology of LCDs and plasma displays. And virtually all of the defendants who are here accused of conspiring in the manufacture of CRTs stopped making and selling CRTs years ago. Only one defendant, Samsung, and its related subsidiary, continues to manufacture CRTs, and does so in foreign countries. And the chance of Samsung companies conspiring with themselves to fix prices is not legally plausible.

In addition, as the Court is aware, there are presently two class actions (direct purchasers and indirect purchasers), as well as several individual actions before this Court that seek injunctive relief. Most of those cases were filed before Florida's, and at least some of them also have active claims for monetary relief under the Sherman Act which have survived motions to dismiss. So there is no public need for another injunctive action. As the United States Supreme Court has noted, one injunction is as effective as one hundred, and one hundred injunctions are no more effective than one. *Hawaii v. Standard Oil*, 405 U.S. 251, 261 (1972). So a successful injunction action by Florida would do its citizens no more good than the other actions that are already on file and are being prosecuted seeking injunctive relief.

The special master is making no comment or recommendation with respect to defendants' argument that Florida's claim for injunctive relief is barred by laches. That might require factual determinations, which are unnecessary as to the other grounds discussed above on which defendants move to dismiss.

Florida's reply brief (document 1409) does not refute defendants' grounds for dismissal. Florida's brief argues extensively about the purposes of injunctive relief in antitrust cases, the standards that must be proved, and its application in other cases. All that may be true, but it does

not answer the point that in <u>this</u> case the chances of a recurring violation with respect to CRTs is extremely remote, and other suits are already pursuing injunctive relief which if successful would adequately benefit the citizens of Florida.

For the reasons stated, the special master recommends that defendants' motion to dismiss the equitable claims be granted. However, since this is the first motion directed to this pleading, the special master recommends that Florida be given leave to amend to make truthful allegations that might support the necessity or appropriateness of additional injunctive relief in this action.

## CLAIMS FOR DAMAGES

By the filing of its amended complaint in July 2012, Florida dropped its direct claims for damages under the Sherman Act and the Florida Antitrust Act. However, Florida has retained its claims under the Florida Antitrust Act and the Florida Deceptive and Unfair Trade Practices Act for statutory damages, restitution, disgorgement, and civil penalties. For purposes of analysis of these claims under the statutes of limitation, the special master is considering those claims to be for "damages."

Defendants' motion to dismiss these claims was filed in August 2012 (document 1287). The motion argues that the damages claims are time-barred by the applicable statutes of limitation, all of which provide a four-year period of limitation. The amended complaint indicates that Florida was aware of its claims by November 25, 2007 (¶137). That allegation is somewhat evasive, and Florida should clarify its alleged discovery date in a further amendment to the complaint. Florida's first complaint was not filed until December 9, 2011, more than four years after the indicated discovery date.

In an attempt to avoid the statute of limitations, the amendment does allege class-action tolling and fraudulent concealment (¶136, and ¶139).

With respect to class-action tolling:

1.     Florida's complaint no longer asserts a claim for damages under the Sherman Act, as the earlier class actions do. The indirect purchaser class action does allege a cause of action on behalf of two Florida plaintiffs under the FDUTPA. And it seeks relief on behalf of members

of the alleged Florida indirect purchaser class.  But that is not relief sought by or on behalf of the State of Florida.

2.    Governmental agencies such as the State of Florida are excluded from the definitions of both the direct purchaser class action and the indirect purchaser class action. And

3.    No facts giving rise to class-action tolling have been alleged in the complaint, but only a reference to the doctrine by name (¶138).

Defendants also contend that neither fraudulent concealment nor class-action tolling are recognized under Florida law.  That is, Florida has statutorily defined the bases for tolling the statutes of limitation under Florida law; Florida statutes, section 95.051(1).   That statute identifies nine types of tolling permitted in Florida.  There is substantial authority that those stated types of tolling are exclusive, and that no other tolling doctrine may be applied to Florida's claims.  See § 95.051(2) and *HCA Health Services v. Hillman*, 906 So.2d 1094 (Fla. 2004); and *Swartzman v. Harlan*, 535 So.2d 605 (Fla. 1998).

Florida's brief also argues that the doctrine of equitable estoppel can avoid the statutes of limitation here.   However, Florida has not alleged the facts for equitable estoppel in its complaint.   The parties' briefs conflict about the application of equitable estoppel, but for purposes of the present motion the simple point is that it has not been alleged by plaintiff. Similarly, Florida makes an extensive argument regarding the possible applicability of so-called *American Pipe* tolling.  But again, this has not been pleaded in Florida's complaint.

In that same regard, even if fraudulent concealment may in appropriate circumstances equitably estop a statute of limitations defense in Florida, the necessary factual allegations have not been adequately pleaded by the present complaint, but primarily Florida's conclusions (¶136 and ¶139).

In summary, defendants have demonstrated that the applicable statutes of limitation may bar some or all of the claims for damages.  The arguments with respect to tolling, fraudulent concealment, equitable estoppel, and other doctrines which might avoid the consequences of the statutes of limitation have been developed by both sides in the briefing and oral argument.  But the special master believes that, because of the questions of their application, the allegations of

any exceptions to the statutes should be made explicit in the complaint.

The special master therefore recommends that the damages claims be dismissed on the grounds of the statutes of limitation, with leave to plaintiff to amend its complaint to specifically allege the facts necessary for the exceptions on which plaintiffs rely.

## SUMMARY OF RECOMMENDATIONS

For the reasons discussed above, the special master recommends to the Court that defendants' motion to dismiss be granted, that the State of Florida's amended complaint of July 16, 2012 be dismissed, and that the State of Florida be given leave to file a further amended complaint within 21 days of this Report and Recommendations.

Respectfully submitted,

Dated: _November 16_, 2012

_____
Hon. Charles A. Legge (Ret.),
Special Master

Recommendations: Approved/Rejected/Modified.

Dated: _____

_____
Hon. Samuel Conti,
District Judge