Hon. Charles A. Legge (Ret.)
JAMS
Two EmbarcaderoCenter, Suite 1500
San Francisco, CA94111
Telephone: (415) 774-2644
Fax: (415) 982-5287
Special Master

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917<br>JAMS Ref. No. 1100054618 |
|---|---|
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **AMENDED REPORT ON MOTION OF INDIRECT PURCHASER PLAINTIFFS TO AMEND COMPLAINT** |

To the Honorable Samuel Conti, United States District Judge:

The indirect purchaser plaintiffs move to amend the complaint to add new defendants. The motion originally sought amendment to add three groups of defendants. However, after the oral argument of the motion to amend before the special master on September 27, 2012, plaintiffs reached agreements with the Thomson companies which has been confirmed by stipulation. The remaining defendants which plaintiffs seek to add are Mitsubishi Electric Corp., Mitsubishi Digital Electronics America, Inc., and Mitsubishi Electric and Electronics, USA, Inc., which will collectively be called "Mitsubishi" in this report.

The motion to amend was opposed by Mitsubishi, was briefed and was argued on September 27, 2012. Action on the motion was suspended while plaintiffs engaged in

discussions with Thomson. The special master has now reviewed the motion, the proposed fourth amended complaint, Mitsubishi's opposition, the record, and the arguments of counsel.

The special master recommends that the motion to amend to add Mitsubishi be granted, for the following reasons.

The only change in the action would be to add the Mitsubishi parties as defendants in the existing case. The scope of the allegations, and the facts and nature of the alleged conspiracy would remain the same. It does not appear that any new issues would be added to the case.

Plaintiffs have been diligent in seeking the amendment. During certain recent Rule 30(b)(6) depositions, plaintiffs discovered certain documents which have been called "CRT production line status reports." The deposition testimony indicated that the defendants met and exchanged such reports, allegedly in furtherance of the conspiracy.

The reports demonstrate Mitsubishi's participation in the exchange of production information with the other defendants, and show that Mitsubishi accounted for a meaningful share of the United States market for CRTs during the alleged class period. The addition of Mitsubishi meets the requirements of Federal Rule of Civil Procedure 15(a) and the factors enumerated in *Foman v. Davis*, 371 U.S. 178 (1962). And the Ninth Circuit standard for leave to amend is "extreme liberality"; *Eminence Capital, LLC v. Aspeon Inc.* 316 F.3d. 1048, 1051 (9th Cir. 2003).

Mitsubishi's opposition to being added to the case at this time is a claim of prejudice. As far as future activities in the case are concerned, the current trial date is not scheduled until April of 2014. No purely merits depositions have as yet been taken, and most of the depositions have focused on class certification issues. Plaintiffs have just filed their class certification motion, and the briefing is not to be completed until January 24, 2013.

There has been some motion practice, but no decisions by the court which would adversely impact Mitsubishi. There has been a substantial volume of documents produced by all interested parties. All of that discovery will be made available to Mitsubishi, primarily in electronic form and organization. While it is a substantial volume of material to assimilate, it is not so large as to be prohibitive, and will certainly be less expensive to Mitsubishi than if it

hadparticipated in that discovery since the start of the case. The third party discovery, consisting primarily of data for class certification purposes, is available and will be made to Mitsubishipromptly. And as stated, trial is not scheduled to begin until April of 2014. While the volume of information to be given to Mitsubishi is undoubtedly substantial, it is not so much as to be prejudicial to Mitsubishi's right to defend itself in this litigation. In addition, numerous other defendants' counselhave been representing the defense interests throughout the course of this litigation. While Mitsubishi is not bound by that, it is some assurance that the case has been and is being defended up to this time.

The special master concludes that the indirect purchaser plaintiffs have met the standards for the addition of the Mitsubishi defendants, and their addition at this timewillnot be unduly prejudicial to Mitsubishi in its defense of this action.

It is therefore recommended that the Court grant the motion of the indirect purchaser plaintiffs to add as defendantsMitsubishi Electric Corporation, Mitsubishi Digital Electronics America, Inc., and Mitsubishi Electric and Electronics USA, Inc.

The special master also recommends that plaintiffs be given leave to file their fourth amended complaint within two weeks of the Court's order, to add the Mitsubishi defendants and encompass the agreement that has been made between the indirect purchaser plaintiffs and the Thomson companies.

Respectfully submitted,

Dated: November 19, 2012

_____
Hon. Charles A. Legge (Ret.),
Special Master