1  David J. Burman (admitted *pro hac vice*)
2  Cori G. Moore (admitted *pro hac vice*)
   Noah G. Purcell (admitted *pro hac vice*)
3  Nicholas H. Hesterberg (admitted *pro hac vice*)
   **PERKINS COIE LLP**
4  1201 Third Avenue, Suite 4900
   Seattle, WA 98101-3099
5  Telephone:     206.359.8000
   Facsimile:     206.359.9000
6
7  Joren Bass, State Bar No. 208143
   JBass@perkinscoie.com
8  **PERKINS COIE LLP**
   Four Embarcadero Center, Suite 2400
9  San Francisco, CA  94111-4131
   Telephone:     415.344.7120
10 Facsimile:     415.344.7320
11
   Attorneys for Plaintiff
12 Costco Wholesale Corporation

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15                     SAN FRANCISCO DIVISION

16

| | |
|---|---|
| 17 IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC MDL No. 1917 |
| 18 | |
| 19 This document relates to: | Judge: Honorable Samuel Conti |
| 20 Case No. C 11-6397 SC | Special Master: Hon. Charles A. Legge (Ret.) |
| 21 COSTCO WHOLESALE CORPORATION, | **COSTCO'S OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION COMPELLING ARBITRATION WITH THE TOSHIBA DEFENDANTS** |
| 22                              Plaintiff, | |
| 23                 v. | |
| 24 HITACHI, LTD., et al., | **Oral Argument Requested** |
| 25                              Defendants. | Date:        January 25, 2013 Time:        10:00 a.m. Before:      Hon. Samuel Conti Courtroom:  One, 17th Floor |
| 26 | |
| 27 | |

28

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION AND SUMMARY OF ARGUMENT .................................................. 1

II.    FACTS AND PRIOR PROCEEDINGS ............................................................................ 3

III.   ARGUMENT ...................................................................................................................... 4

       A.     Legal Standard ..................................................................................................... 4

       B.     Costco's Claims Are Excluded from the Arbitration Clause ................................. 5

       C.     The Toshiba Defendants Who Never Signed Arbitration Agreements with
              Costco Cannot Compel Arbitration........................................................................ 7

       D.     If Costco Is Forced to Arbitrate with Any Defendant, the Court Must
              Declare Any Waiver of Treble Damages Unenforceable in the Antitrust
              Context ................................................................................................................. 10

IV.    CONCLUSION ................................................................................................................. 12

i

COSTCO'S OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION
COMPELLING ARBITRATION WITH THE TOSHIBA DEFENDANTS
Case No. 07-5944-SC; MDL No. 1917

1

# TABLE OF AUTHORITIES

2

Page

3

**FEDERAL CASES**

4

*Al-Safin v. Circuit City Stores, Inc.*,

5

    394 F.3d 1254 (9th Cir. 2005) ..................................................................... 10

6

*Am. Pipe & Constr. Co. v. Utah*,

    414 U.S. 538 (1974) .................................................................................... 6

7

*Amisil Holdings Ltd. v. Clarium Capital Mgmt.*,

8

    622 F. Supp. 2d 825 (N.D. Cal. 2007) .................................................. 2, 9

9

*AT & T Techs., Inc. v. Commc'ns Workers of Am.*,

10

    475 U.S. 643 (1986) .................................................................................... 5

11

*Bencharsky v. Cottman Transmission Sys., LLC*,

    625 F. Supp. 2d 872 (N.D. Cal. 2008) ..................................................... 11

12

*Booker v. Robert Half Int'l, Inc.*,

13

    413 F.3d 77 (D.C. Cir. 2005) (Roberts, J.) ............................................... 10

14

*Boyd v. Homes of Legend, Inc.*,

15

    981 F. Supp. 1423 (M.D. Ala. 1997), *rev'd on other grounds*, 188 F.3d 1294 (11th Cir. 1999) ........................................................................................................ 8

16

*Bridas Sapic v. Gov't of Turkm.*,

17

    345 F.3d 347 (5th Cir. 2003) ..................................................................... 7

18

*Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*,

19

    622 F.3d 996 (9th Cir. 2010) .............................................................. 2, 5, 11

*Britton v. Co-op Banking Group*,

20

    4 F.3d 742 (9th Cir. 1993) ...................................................................... 8, 9

21

*Britton v. Co-op Banking Group*,

22

    916 F.2d 1405 (9th Cir. 1990) .................................................................. 1, 7

23

*Brown v. Gen. Steel Domestic Sales, LLC*,

    2008 WL 2128057 (C.D. Cal. May 19, 2008) ........................................... 8

24

*Chastain v. Union Sec. Life Ins. Co.*,

25

    502 F. Supp. 2d 1072 (C.D. Cal. 2007) ................................................. 4, 8

26

*Comer v. Micor, Inc.*,

27

    436 F.3d 1098 (9th Cir. 2006) ................................................................ 4, 7

28

ii

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3

*Coors Brewing Co. v. Molson Breweries,*
    51 F.3d 1511 (10th Cir. 1995)................................................................... 9

4

5

*Crown, Cork & Seal Co. v. Parker,*
    462 U.S. 345 (1983)................................................................................. 6

6

*EEOC v. Waffle House, Inc.,*
    534 U.S. 279 (2002)............................................................................. 5, 7

7

8

*Fazio v. Lehman Bros.,*
    340 F.3d 386 (6th Cir. 2003)................................................................... 9

9

*First Options of Chicago, Inc. v. Kaplan,*
    514 U.S. 938 (1995)................................................................................. 1

10

*Gaines v. Carrollton Tobacco Bd. of Trade, Inc.,*
    386 F.2d 757 (6th Cir. 1967)................................................................. 11

11

12

*George Fischer Foundry Systems, Inc. v. Adolph H. Hottinger Maschinenbau GmbH,*
    55 F.3d 1206 (6th Cir. 1995)................................................................. 10

13

14

*Gilmer v. Interstate/Johnson Lane Corp.,*
    500 U.S. 20 (1991)................................................................................. 10

15

16

*Graham Oil Co. v. ARCO Prods. Co.,*
    43 F.3d 1244 (9th Cir. 1994)................................................................. 10

17

18

*Howsam v. Dean Witter Reynolds, Inc.,*
    537 U.S. 79 (2002)................................................................................... 4

19

*In re TFT-LCD Antitrust Litig.,*
    2011 WL 1753784 (N.D. Cal. May 9, 2011) ....................................... 4, 7

20

21

*In re TFT-LCD Antitrust Litig.,*
    M 07-1827 SI, 2011 WL 4017961 (N.D. Cal. Sept. 9, 2011)................. 2, 3, 11, 12

22

23

*Kristian v. Comcast Corp.,*
    446 F.3d 25 (1st Cir. 2006) ......................................................... 2, 5, 10, 11

24

25

*Letizia v. Prudential Bache Sec., Inc.,*
    802 F.2d 1185 (9th Cir. 1986)................................................................. 9

26

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,*
    473 U.S. 614 (1985) ........................................................................... 2, 10

27

28

iii

1

2

**TABLE OF AUTHORITIES**
(continued)

Page

3

4

*Moore v. Local 569 of Int'l Broth. of Elec. Workers,*
    53 F.3d 1054 (9th Cir. 1995) .................................................................................. 4

5

*Nagrampa v. MailCoups, Inc.,*
    469 F.3d 1257 (9th Cir. 2006) (en banc) ............................................................... 4

6

7

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.,*
    388 U.S. 395 (1967) ............................................................................................... 4

8

9

*Redel's Inc. v. General Elec. Co.,*
    498 F.2d 95 (5th Cir. 1974) ................................................................................ 11

10

*Ross v. Am. Express Co.,*
    547 F.3d 137 (2d Cir. 2008) ............................................................................ 4, 7

11

12

*Santa Cruz Med. Clinic v. Dominican Santa Cruz Hosp.,*
    No. C93-20613, 1995 WL 232410 (N.D. Cal. Apr. 17, 1995) ............................. 9

13

14

*Sokol Holdings, Inc. v. BMB Munai, Inc.,*
    542 F.3d 354 (2d Cir. 2008) ............................................................................ 4, 7

15

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.,*
    130 S. Ct. 1758 (2010) ..................................................................................... 5, 7

16

17

*Ticknor v. Choice Hotels Int'l, Inc.,*
    265 F.3d 931 (9th Cir. 2001) ................................................................................ 4

18

19

*United Steelworkers v. Warrior & Gulf Navigation Co.,*
    363 U.S. 574 (1960) ......................................................................................... 4, 5

20

*Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.,*
    489 U.S. 468 (1989) ......................................................................................... 5, 7

21

**OTHER CASES**

22

23

*Boeing Co. v. Aetna Cas. & Sur. Co.,*
    113 Wash. 2d 869, 784 P.2d 507 (1990) .............................................................. 7

24

**FEDERAL STATUTES**

25

9 U.S.C. § 4 ................................................................................................................ 8

26

15 U.S.C. § 15 .......................................................................................................... 10

27

28

iv

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

The Special Master's Report and Recommendation compelling Costco to arbitrate with the Toshiba Defendants contains a number of errors of law that the Court should correct.  First, "arbitration . . . is a way to resolve those disputes—but only those disputes—that the parties have agreed to submit to arbitration."  *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995).  The Special Master's report, however, would force Costco to arbitrate with the Toshiba Defendants even though the plain language of Costco's contract with Toshiba America Consumer Products (TACP) shows that this dispute is not one the parties agreed to arbitrate.  Recognizing that the benefits of arbitration largely disappear when a third party has commenced related litigation that will continue in any event, the contract says that Costco and its vendors "may bring court proceedings or claims against each other . . . as part of separate litigation commenced by an unrelated third party."  Declaration of Noah G. Purcell (Purcell Decl.) Exh. D ¶ 20.  This case was commenced by third parties unrelated to Costco—the class representatives— and although Costco opted to exercise control of its claim, its claim currently remains part of the same multi-district proceeding as the class action.

Second, the Special Master's report would force Costco to arbitrate with all five Toshiba Defendants, even though Costco never had *any* contract with the four other than TACP.[1]  The Special Master believed this appropriate because Costco's complaint alleges that the Toshiba Defendants acted as each other's agents in carrying out the conspiracy.  Purcell Decl. Exh. A ¶ 5 (Dkt. 1433, Report and Recommendation).  But binding Ninth Circuit precedent makes clear that such allegations are insufficient to compel a party to arbitrate with those it never signed a contract with.  Rather, courts may only compel arbitration with non-signatories based on an agency theory if the court first finds that the non-signatory *is actually an agent* of the signatory.  *See, e.g.*, *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1414 (9th Cir. 1990) ("remand[ing] the case to the district court for further determination and fact-finding as to whether the" non-signatory seeking to invoke the arbitration clause was actually an agent of the signatory).  The Special

---

[1] The five Toshiba Defendants are Toshiba Corporation; Toshiba America, Inc.; Toshiba America Information Systems, Inc.; Toshiba America Consumer Products, L.L.C.; and Toshiba America Electronic Components, Inc.

1

1   Master made no such finding, and the Toshiba Defendants deny that they were each other's

2   agents.  *See, e.g.*, Dkt. 491 (Toshiba motion arguing that "the complaints do not properly allege

3   an agency relationship among any of the Toshiba entities").  Moreover, a non-signatory to an

4   arbitration agreement may only demand arbitration with a signatory under an agency theory if the

5   signatory's claim actually relies on the contract containing the arbitration clause.  *See, e.g.*, *Amisil*

6   *Holdings Ltd. v. Clarium Capital Mgmt.*, 622 F. Supp. 2d 825, 832 (N.D. Cal. 2007).  But

7   Costco's claim against the Toshiba Defendants does not turn in any way on its contract with

8   TACP.

9           Finally, the Special Master believed that the issue of whether treble damages would be

10  available to Costco in arbitration was one for an arbitrator to decide.  But the case law makes

11  clear that arbitration of federal statutory claims may be compelled only when statutory remedies

12  are available in arbitration.  *See, e.g.*, *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,

13  473 U.S. 614, 637 n.19 (1985) (stating that if a contractual agreement operated "as a prospective

14  waiver of a party's right to pursue statutory remedies for antitrust violations, we would have little

15  hesitation in condemning the agreement as against public policy"); *Kristian v. Comcast Corp.*,

16  446 F.3d 25, 47-48 (1st Cir. 2006) ("[T]he award of treble damages under the federal antitrust

17  statutes cannot be waived.").  Precedent is also very clear that this question is one for the Court,

18  not the arbitrator.  *See, e.g.*, *Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d

19  996, 1000 (9th Cir. 2010) ("[W]hen a plaintiff argues that an arbitration clause, standing alone, is

20  unenforceable . . . that is a question to be decided by the court."); *Kristian.*, 446 F.3d at 47-48

21  (holding that question whether provision barring treble damages was enforceable in an antitrust

22  case was "a question of arbitrability" to be resolved by the Court).  Therefore, the Court should—

23  like Judge Illston in the LCD MDL—hold that if Costco must arbitrate, treble damages must be

24  available.  *See In re TFT-LCD Antitrust Litig.*, M 07-1827 SI, 2011 WL 4017961, at *6 (N.D.

25  Cal. Sept. 9, 2011) (agreeing that "a party may not waive its right to treble damages in the

26  antitrust context through a contractual limitation on recoverable damages").

27

28

COSTCO'S OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION
COMPELLING ARBITRATION WITH THE TOSHIBA DEFENDANTS
Case No. 07-5944-SC; MDL No. 1917

## II.     FACTS AND PRIOR PROCEEDINGS

Costco expects its vendors to enter a "Basic Vendor Agreement."  Purcell Decl. Exh. D.
The Basic Vendor Agreement incorporates Costco's Standard Terms by reference.  *Id.* ¶ 6.  After
making extensive changes to both the vendor agreement and standard terms, Toshiba America
Consumer Products signed such an agreement with Costco in 1995.  *Id.*  Costco updated its
standard terms and notified its vendors of those updates in 1997, 2000, and 2004.  Purcell Decl.
¶ 11.

All iterations of the Standard Terms provide for a quick arbitration process and exclude
from arbitration situations where "Costco Wholesale or Vendor . . . bring[s] court proceedings or
claims against each other (i) solely as part of separate litigation commenced by an unrelated third
party."  *Id.* Exh. D. ¶ 20.  Early versions of the standard terms barred "punitive damages" in most
arbitrations, *id.*, while more recent versions forbid "punitive, exemplary, treble, or other enhanced
damages," but specify that "[t]he limitations on remedies . . . may be deemed inoperative to the
extent necessary to preserve the enforceability of the agreement to arbitrate."  *In re TFT-LCD
Antitrust Litig.*, 2011 WL 4017961, at *6.

Invoking the 1995 Basic Vendor Agreement between Costco and TACP, the Toshiba
Defendants moved to compel arbitration with Costco.  Purcell Decl. Exh. B (Dkt. 1332).  Costco
opposed the motion, arguing that the contract did not cover the claims at issue here, that only
TACP could invoke the contract, that Costco's claim against Toshiba for joint and several
liability must remain in the MDL in any event, and that if arbitration is ordered as to any Toshiba
Defendant, treble damages must be available in the arbitration.  *Id.*  Exh. E (Dkt. 1377).  The
Special Master recommended granting Toshiba's motion almost in its entirety, concluding that
the contract covers this dispute, that all Toshiba Defendants may invoke it based on an agency
theory, and that it would be up to the arbitrator to decide what damages Costco could pursue in
arbitration.  *Id.* Exh. A (Dkt. 1433).  The Special Master did find, however—as Toshiba
conceded, *id.* Exh. F (Dkt. 1398) at 14-15—that Costco's claim against the Toshiba Defendants
based on its purchases from others (i.e., its claim for joint and several liability) must remain in the
MDL, *id.* Exh. A (Dkt. 1433) ¶ 7.

COSTCO'S OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION
COMPELLING ARBITRATION WITH THE TOSHIBA DEFENDANTS
Case No. 07-5944-SC; MDL No. 1917

1

### III.    ARGUMENT

2

**A.    Legal Standard**

3      The issues presented by this objection are issues of law subject to de novo review by this

4   Court.  Dkt. 302 ¶ 18.  *See also, e.g.*, *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1267 (9th

5   Cir. 2006) (en banc) ("The validity and scope of an arbitration clause are reviewed de novo.")

6   (citing *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 936 (9th Cir. 2001)); *Moore v. Local*

7   *569 of Int'l Broth. of Elec. Workers*, 53 F.3d 1054, 1055 (9th Cir. 1995) ("The scope of an

8   arbitration clause is reviewed de novo.").

9      In reviewing the arbitration clause's scope, it is important to remember that "arbitration is

10   a matter of contract and a party cannot be required to submit to arbitration any dispute which he

11   has not agreed so to submit."  *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S.

12   574, 582 (1960).  Indeed, the purpose of the Federal Arbitration Act is "to make arbitration

13   agreements as enforceable as other contracts, *but not more so.*"  *Prima Paint Corp. v. Flood &*

14   *Conklin Mfg. Co.*, 388 U.S. 395, 404 n.12 (1967) (emphasis added).

15      It is up to the Court to decide whether Costco must arbitrate with Toshiba Defendants who

16   have no arbitration agreement with Costco.  *See, e.g.*, *Howsam v. Dean Witter Reynolds, Inc.*, 537

17   U.S. 79, 84 (2002) ("[A] gateway dispute about whether the parties are bound by a given

18   arbitration clause raises a 'question of arbitrability' for a court to decide."); *Comer v. Micor, Inc.*,

19   436 F.3d 1098 (9th Cir. 2006) (deciding question of non-signatory enforcement);  *Chastain v.*

20   *Union Sec. Life Ins. Co.*, 502 F. Supp. 2d 1072, 1076 (C.D. Cal. 2007) ("Defendant has cited no

21   case in which the question of non-signatory enforcement was submitted to the arbitrator.").  In

22   deciding "whether a particular party is bound by [an] arbitration agreement . . . , the liberal

23   federal policy regarding the scope of arbitrable issues is inapposite."  *Comer*, 436 F.3d at 1104

24   n.11.  Instead, "a nonsignatory defendant faces a heavy burden to show that the signatory plaintiff

25   intended to submit to arbitration, notwithstanding the absence of a formal agreement."  *In re TFT-*

26   *LCD Antitrust Litig.*, 2011 WL 1753784, at *5 (N.D. Cal. May 9, 2011) (citing *Sokol Holdings,*

27   *Inc. v. BMB Munai, Inc.*, 542 F.3d 354 (2d Cir. 2008), and *Ross v. Am. Express Co.*, 547 F.3d 137

28   (2d Cir. 2008)).

4

COSTCO'S OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION
COMPELLING ARBITRATION WITH THE TOSHIBA DEFENDANTS
Case No. 07-5944-SC; MDL No. 1917

1    It is also up to the Court to decide whether any treble damages waiver in Costco's contract

2    with TACP is enforceable in this antitrust case.  *See, e.g.*, *Bridge Fund Capital*, 622 F.3d at 1000

3    ("[W]hen a plaintiff argues that an arbitration clause, standing alone, is unenforceable—for

4    reasons independent of any reasons the remainder of the contract might be invalid—that is a

5    question to be decided by the court."); *Kristian*, 446 F.3d at 47-48 (holding that question whether

6    provision barring treble damages was enforceable in an antitrust case was "a question of

7    arbitrability" to be resolved by the Court and that the provision was unenforceable and had to be

8    severed).

9    **B.    Costco's Claims Are Excluded from the Arbitration Clause**

10    "[T]he central or 'primary' purpose of the [Federal Arbitration Act (FAA)] is to ensure

11    that 'private agreements to arbitrate are enforced *according to their terms*.'"  *Stolt-Nielsen S.A. v.*

12    *AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 1773 (2010) (quoting *Volt Info. Scis., Inc. v. Bd. of*

13    *Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 479 (1989)) (emphasis added).  *See also*

14    *United Steelworkers*, 363 U.S. at 582 ("[A]rbitration is a matter of contract and a party cannot be

15    required to submit to arbitration any dispute which he has not agreed so to submit.");  *AT & T*

16    *Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (same).  Thus, "it is the

17    language of the contract that defines the scope of disputes subject to arbitration."  *EEOC v. Waffle*

18    *House, Inc.*, 534 U.S. 279, 289 (2002).

19    Here, the contract between Costco and TACP provides for quick and inexpensive

20    arbitration for typical vendor disputes, but it allows Costco and its vendors to "bring court

21    proceedings or claims against each other . . . as part of separate litigation commenced by an

22    unrelated third party."  Purcell Decl. Exh. D ¶ 20.  This provision recognizes that where such

23    related litigation is not subject to arbitration and will proceed no matter what, the benefits of

24    arbitration are largely lost.  For that reason, the provision allows related claims to proceed in

25    court.  Here, that approach is especially sensible, as Costco's case against Toshiba will proceed in

26    the MDL even if some of its claims are sent to arbitration, for Toshiba concedes that Costco's

27    claim for joint and several liability must remain in the MDL.  *Id.* Exh. F (Dkt. 1398) at 14-15.

28

COSTCO'S OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION
COMPELLING ARBITRATION WITH THE TOSHIBA DEFENDANTS
Case No. 07-5944-SC; MDL No. 1917

Costco's claim falls under the contractual exclusion.  Costco's claim is part of a "court proceeding" that was "commenced by an unrelated third party"—the class representatives—and those proceedings would have involved both Costco and TACP even if Costco had not opted out of the class.

The Toshiba Defendants argue, and the Special Master concluded, that Costco's claim falls outside of this contractual exclusion because Costco opted out of the class action and "filed its own action, which is merely parallel to (not part of) the class action." *Id.* Exh. A (Dkt. 1433) ¶ 6.  But that argument ignores the nature of class actions and would deny application of the provision to a situation that fully satisfies its purpose.

Costco's claim against the Toshiba Defendants "commenced" at the time the direct purchaser class representatives filed their claims and sought to represent Costco's interests, for "the filing of a timely class action complaint *commences the action* for all members of the class as subsequently determined." *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 550 (1974) (emphasis added).  That is why, for example, the statute of limitations for Costco's claims was tolled as soon as the class action suit was filed.  *See, e.g.*, *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353 (1983) ("[C]ommencement of a class action suspends the applicable statute of limitations as to all asserted members of the class.") (quoting *Am. Pipe*, 414 U.S. at 554).  Once the class action commenced, there was no way for the arbitration clause to protect either Costco or TACP from the burdens of litigation, which is why the clause excludes claims like this one.  Indeed, both Costco and TACP will remain in the MDL proceeding with other parties regardless of the Court's ruling on this motion, and Costco's claim against the Toshiba Defendants for joint and several liability will also proceed in court.

Moreover, Costco's filing of its own complaint cannot be enough to push this case outside of the contract's language, for filing a complaint is part of any litigation, and the clause explicitly contemplates the parties bringing "court proceedings" against each other.  Reading the contract as the Special Master did—to exclude any case in which Costco or a vendor files its own complaint against the other—would render this provision meaningless, which cannot be allowed.  *See, e.g.*,

COSTCO'S OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION
COMPELLING ARBITRATION WITH THE TOSHIBA DEFENDANTS
Case No. 07-5944-SC; MDL No. 1917

1   *Boeing Co. v. Aetna Cas. & Sur. Co.*, 113 Wash. 2d 869, 876, 784 P.2d 507, 511 (1990) ("[T]he

2   entire contract must be construed together so as to give force and effect to each clause.").

3          In short, the arbitration agreement should be "'enforced according to [its] terms,'" *Stolt-*

4   *Nielsen*, 130 S. Ct. at 1773 (quoting *Volt*, 489 U.S. at 479), and those terms do not compel

5   arbitration here.

6   **C.     The Toshiba Defendants Who Never Signed Arbitration Agreements with Costco
            Cannot Compel Arbitration**

7

8          Four of the five Toshiba Defendants admit that they have no arbitration agreement with

9   Costco, and even if the Court were to grant the motion as to TACP, it should deny the motion as

10  to these other Toshiba Defendants.  Costco never agreed to arbitrate with these non-signatory

11  Defendants, and "nothing in the [FAA] authorizes a court to compel arbitration . . . by any

12  parties[] that are not . . . covered in the agreement."  *Waffle House*, 534 U.S. at 289.  Moreover, in

13  deciding "whether a particular party is bound by [an] arbitration agreement . . . , the liberal

14  federal policy regarding the scope of arbitrable issues is inapposite."  *Comer*, 436 F.3d at 1104

15  n.11.  Instead, "a nonsignatory defendant faces a heavy burden to show that the signatory plaintiff

16  intended to submit to arbitration, notwithstanding the absence of a formal agreement."  *In re TFT-*

17  *LCD Antitrust Litig.*, 2011 WL 1753784, at *5 (citing *Sokol Holdings*, 542 F.3d 354, and *Ross*,

18  547 F.3d 137); *see also Bridas Sapic v. Gov't of Turkm.*, 345 F.3d 347, 362 (5th Cir. 2003)

19  ("Parties are presumed to be contracting for themselves only.").

20         Despite their "heavy burden," the non-signatory Toshiba Defendants assert that Costco

21  must arbitrate with them, and the Special Master agreed, finding that all the Toshiba Defendants

22  could compel arbitration "because Costco has alleged that all of the present Toshiba Defendants

23  are agents for one another."  Purcell Decl. Exh. A (Dkt. 1433). ¶ 5.  There are several crucial

24  flaws in this holding.

25         To begin with, a plaintiff's allegations are not enough to establish an agency relationship

26  sufficient to invoke the agency doctrine; instead, defendants must actually prove that the non-

27  signatory Toshiba Defendants were agents of TACP.  *See, e.g., Britton v. Co-op Banking Group*,

28  916 F.2d 1405, 1414 (9th Cir. 1990) ("remand[ing] the case to the district court for further

COSTCO'S OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION
COMPELLING ARBITRATION WITH THE TOSHIBA DEFENDANTS
Case No. 07-5944-SC; MDL No. 1917

1    determination and fact-finding as to whether the" non-signatory seeking to invoke the arbitration

2    clause was actually an agent of the signatory); *Chastain*, 502 F. Supp. 2d at 1075 ("The trial court

3    sits as a trier of fact, weighing all the declarations and other evidence to reach a final

4    determination" on "the question of whether a nonsignatory to an arbitration agreement can

5    compel a signatory to submit to arbitration."); *Brown v. Gen. Steel Domestic Sales, LLC*, 2008

6    WL 2128057, at *7 & n.45  (C.D. Cal. May 19, 2008) (denying the non-signatory defendants'

7    motion to compel arbitration where "[t]he non-signatory defendants make no argument that they

8    are in fact agents of [the signatory defendant]" but instead "rely exclusively on the allegations in

9    the [plaintiffs'] complaint"); 9 U.S.C. § 4 (requiring court or jury trial of facts upon which

10    applicability of arbitration provision depends).  But the non-signatory Toshiba Defendants never

11    even claim to have been agents of TACP; indeed, the Toshiba Defendants have repeatedly denied

12    acting as each other's agents.  *See, e.g.*, Dkt. 491 (Toshiba motion to dismiss arguing "that the

13    complaints do not properly allege an agency relationship among any of the Toshiba entities").

14    These other Toshiba Defendants are no different from the non-Toshiba Defendants that, as co-

15    conspirators, are allegedly agents of and jointly liable with TACP.

16        Even if a plaintiff's allegations were enough to invoke the agency doctrine, Costco alleges

17    only that Defendants acted as "the principal, agent, or joint venturer of, or for, other Defendants

18    *with respect to the acts, violations, and course of conduct alleged by Costco*."  Complaint ¶ 55

19    (emphasis added).  This alleges an agency relationship only with respect to the defendants' illegal

20    conduct, *not* a general principal-agent relationship or even a principal-agent relationship in

21    carrying out the vendor agreements, which is what the non-signatory Toshiba Defendants must

22    prove.  *See, e.g.*, *Britton v. Co-op Banking Group*, 4 F.3d 742, 747 (9th Cir. 1993) (applying the

23    agency test only after finding that the non-signatory "was an agent, officer and employee of [the

24    signatory defendant]"); *Boyd v. Homes of Legend, Inc.*, 981 F. Supp. 1423, 1432 (M.D. Ala.

25    1997) (finding the agency theory inapplicable because "there is no basis here to conclude that an

26    agency relationship exists between the [non-signatory defendant] and the [signatory defendant]"),

27    *rev'd on other grounds*, 188 F.3d 1294 (11th Cir. 1999).

28

COSTCO'S OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION
COMPELLING ARBITRATION WITH THE TOSHIBA DEFENDANTS
Case No. 07-5944-SC; MDL No. 1917

1    Moreover, the Toshiba Defendants' argument relies on the notion that Toshiba Corp. and

2    Toshiba America (non-signatories) are agents of their subsidiary, TACP (a signatory).  It would

3    be a rare company if the parent corporation were really the agent of its subsidiaries, rather than

4    the other way around, and the Toshiba Defendants do not allege, much less prove, that they were

5    exceptions to the rule.

6    Finally, even if the Court were to find that some of the non-signatory Toshiba Defendants

7    were agents of TACP, that would only begin the inquiry.  Agents of a signatory can compel the

8    plaintiff to arbitrate only if "the claims against the agents arise out of or relate to the contract

9    containing the arbitration clause." *Amisil*, 622 F. Supp. 2d at 832 (citing *Britton*, 4 F.3d at 743,

10   and *Letizia v. Prudential Bache Sec., Inc.*, 802 F.2d 1185, 1186 (9th Cir. 1986)).  Here, however,

11   Costco's allegations against the Toshiba Defendants do not turn in any way on its contract with

12   TACP.  *See, e.g.*, *Britton*, 4 F.3d at 748 (concluding that the non-signatory defendant's alleged

13   wrongdoing did not relate to or arise out of the contract containing the arbitration clause because

14   "[t]he sum and substance of [the plaintiffs'] allegations are that [the non-signatory defendant] . . .

15   [committed] independent acts of fraud, unrelated to any provision or interpretation of the

16   contract"); *Fazio v. Lehman Bros.*, 340 F.3d 386, 395 (6th Cir. 2003) ("A proper method of

17   analysis here is to ask if an action could be maintained without reference to the contract or

18   relationship at issue.  If it could, it is likely outside the scope of the arbitration agreement.");

19   *Coors Brewing Co. v. Molson Breweries*, 51 F.3d 1511, 1516 (10th Cir. 1995) ("A dispute within

20   the scope of the contract is still a condition precedent to the involuntary arbitration of antitrust

21   claims."); *Santa Cruz Med. Clinic v. Dominican Santa Cruz Hosp.*, No. C93-20613, 1995 WL

22   232410, at *3 (N.D. Cal. Apr. 17, 1995) (denying motion to compel and saying the "claims are

23   not arbitrable because no language in the contracts . . . needs to be interpreted in order to evaluate

24   the merits of plaintiffs' antitrust claims").  Thus, the agency doctrine is inapplicable here for

25   several reasons.

26

27

28

9

1  **D. If Costco Is Forced to Arbitrate with Any Defendant, the Court Must Declare Any**
    **Waiver of Treble Damages Unenforceable in the Antitrust Context**

2

3    Even if the Court concludes that Costco's claims against TACP or other Toshiba

4 Defendants are otherwise subject to arbitration, it may compel arbitration only if it first declares

5 any purported waiver of treble damages unenforceable in the antitrust context.  The Special

6 Master disagreed, concluding that "[t]he issue of which damage standards apply is one for the

7 arbitrator, not the Court, to decide."  Purcell Decl. Exh. A (Dkt. 1433) ¶ 9.  This ruling conflicts

8 with binding precedent and Judge Illston's approach in the LCD MDL.

9    "By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights

10 afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial,

11 forum."  *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991).  Thus, "[s]tatutory

12 claims may be subject to agreements to arbitrate, so long as the agreement does not require the

13 claimant to forgo substantive rights afforded under the statute."  *Booker v. Robert Half Int'l, Inc.*,

14 413 F.3d 77, 79 (D.C. Cir. 2005) (Roberts, J.).  Treble damages are mandatory under the Sherman

15 Act where a violation is found.  15 U.S.C. § 15 ("[A]ny person who shall be injured in his

16 business or property by reason of anything forbidden in the antitrust laws . . . *shall recover*

17 threefold the damages by him sustained.") (emphasis added).  For that reason, "the award of

18 treble damages under the federal antitrust statutes cannot be waived."  *Kristian*, 446 F.3d at 47-

19 48 .  *See also, e.g.*, *Mitsubishi Motors*, 473 U.S. at 637 n.19 (stating that if a contractual provision

20 operated "as a prospective waiver of a party's right to pursue statutory remedies for antitrust

21 violations, we would have little hesitation in condemning the agreement as against public

22 policy"); *Al-Safin v. Circuit City Stores, Inc.*, 394 F.3d 1254, 1261 (9th Cir. 2005) (holding that

23 an arbitration agreement violates the *Mitsubishi* rule if "it limits the remedies that would

24 otherwise be available in a judicial forum"); *George Fischer Foundry Systems, Inc. v. Adolph H.*

25 *Hottinger Maschinenbau GmbH*, 55 F.3d 1206, 1210 (6th Cir. 1995) ("[I]f any part of a contract .

26 . . waives a party's right to collect damages for antitrust violations, the provision is void for

27 public policy reasons."); *Graham Oil Co. v. ARCO Prods. Co.*, 43 F.3d 1244, 1247-48 (9th Cir.

28 1994) (holding arbitration clause unenforceable because it "compels Graham Oil to surrender

COSTCO'S OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION
COMPELLING ARBITRATION WITH THE TOSHIBA DEFENDANTS
Case No. 07-5944-SC; MDL No. 1917

1    important statutorily-mandated rights," including exemplary damages); *Redel's Inc. v. General*

2    *Elec. Co.*, 498 F.2d 95, 99 (5th Cir. 1974) ("Releases may not be executed which absolve a party

3    from liability for future violations of our antitrust laws."); *Gaines v. Carrollton Tobacco Bd. of*

4    *Trade, Inc.*, 386 F.2d 757, 759 (6th Cir. 1967) ("[I]t seems clear as a matter of law that . . . an

5    agreement, if executed in a fashion calculated to waive damages arising from future violations of

6    the antitrust laws, would be invalid on public policy grounds."); *In re TFT-LCD Antitrust Litig.*,

7    2011 WL 4017961, at *6 ("[A] party may not waive its right to treble damages in the antitrust

8    context through a contractual limitation on recoverable damages."); *Bencharsky v. Cottman*

9    *Transmission Sys., LLC*, 625 F. Supp. 2d 872, 882 (N.D. Cal. 2008) ("[A]n arbitration agreement

10   cannot be made to serve as a vehicle for the waiver of statutory rights.").

11          Despite this clear, universal rule, Toshiba argues that treble damages should be

12   unavailable in any arbitration with Costco based on a general bar on treble damages in later

13   versions of Costco's standard terms, even though the standard terms expressly provide that "[t]he

14   limitations on remedies . . . may be deemed inoperative to the extent necessary to preserve the

15   enforceability of the agreement to arbitrate." *In re TFT-LCD Antitrust Litig.*, 2011 WL 4017961,

16   at *6. The Special Master declined to rule on this issue, concluding that "[t]he issue of which

17   damage standards apply is one for the arbitrator, not the Court." Purcell Decl. Exh. A (Dkt. 1433)

18   ¶ 9. But because a waiver of statutory damages is contrary to public policy and would render an

19   arbitration agreement unenforceable, the availability of such damages in arbitration is an issue of

20   arbitrability that must be decided by a court before arbitration may be compelled. *See, e.g.*,

21   *Bridge Fund Capital*, 622 F.3d at 1000 ("[W]hen a plaintiff argues that an arbitration clause,

22   standing alone, is unenforceable—for reasons independent of any reasons the remainder of the

23   contract might be invalid—that is a question to be decided by the court."); *Kristian*, 446 F.3d at

24   47-48 (holding that question whether provision barring treble damages was enforceable in an

25   antitrust case was "a question of arbitrability" to be resolved by the Court and that the provision

26   was unenforceable and had to be severed).

27          Therefore, if this Court compels arbitration as to any of Costco's claims, the Court must—

28   like the LCD MDL Court—at the same time declare any purported waiver of Costco's right to

11

COSTCO'S OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION
COMPELLING ARBITRATION WITH THE TOSHIBA DEFENDANTS
Case No. 07-5944-SC; MDL No. 1917

1  antitrust damages unenforceable in this antitrust case, where treble damages are mandated by

2  statute.  *In re TFT-LCD Antitrust Litig.*, 2011 WL 4017961, at *6 ("The Court agrees that the

3  arbitration clause's limitation on treble damages is unenforceable" and "severs the treble damages

4  limitation from the agreement.")

5                              **IV.    CONCLUSION**

6          The Special Master recommended that Costco be forced to arbitrate with all of the

7  Toshiba Defendants because of a contract Costco had with one of them, even though Costco

8  never cited or relied upon the contract in bringing its claim.  But the contract, by its terms, is

9  inapplicable in a case that commenced in an action by a third party.  Moreover, there is simply no

10  basis for forcing Costco to arbitrate with Toshiba entities with whom it never consented to

11  arbitrate.  Costco respectfully asks that the Court reject the Special Master's Report and deny

12  Toshiba's Motion to Compel Arbitration in its entirety.  If the Court believes any claims are

13  subject to arbitration, they should be limited to Costco's claims against TACP, and the Court

14  must first invalidate the treble damages waiver in this context.

15

16  DATED:  November 21, 2012              s/ David J. Burman
                                          David J. Burman (admitted *pro hac vice*)
17                                         Cori G. Moore (admitted *pro hac vice*)
                                          Noah G. Purcell (admitted *pro hac vice*)
18                                         Nicholas H. Hesterberg (admitted *pro hac vice*)
19                                         **PERKINS COIE** LLP
                                          1201 Third Avenue, Suite 4900
20                                         Seattle, WA 98101-3099
                                          Telephone:    206.359.8000
21                                         Facsimile:    206.359.9000

22                                         Joren Bass, State Bar No. 208143
23                                         JBass@perkinscoie.com
                                          **PERKINS COIE** LLP
24                                         Four Embarcadero Center, Suite 2400
                                          San Francisco, CA  94111-4131
25                                         Telephone:    415.344.7120
                                          Facsimile:    415.344.7320
26
27                                         Attorneys for Plaintiff
                                          Costco Wholesale Corporation
28