Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>Case No. C 11-6397 SC<br><br>COSTCO WHOLESALE CORPORATION,<br>                Plaintiff,<br>       v.<br>HITACHI, LTD., et al.,<br>                Defendants. | **THE TOSHIBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO ADOPT IN PART SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING THE TOSHIBA DEFENDANTS' MOTION TO COMPEL ARBITRATION** |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**TABLE OF CONTENTS**

Page

I.   THE COURT SHOULD ADOPT THE SPECIAL MASTER'S REPORT AND RECOMMENDATION AS IT PERTAINS TO CLAIMS BASED UPON COSTCO'S DIRECT AND INDIRECT PURCHASES OF TOSHIBA PRODUCTS ............................................................... 2

II.  THE COURT SHOULD CLARIFY THAT, BECAUSE COSTCO DOES NOT HAVE ANY CLAIMS AGAINST THE TOSHIBA DEFENDANTS THAT ARE BASED STRICTLY ON CO-CONSPIRATOR OR JOINT AND SEVERAL LIABILITY, THE TOSHIBA DEFENDANTS ARE DISMISSED FROM THIS ACTION ENTIRELY ............................................................... 4

III. CONCLUSION ............................................................... 7

# TABLE OF AUTHORITIES

Page

*Choctaw Generation Ltd. P'ship v. Am Home Assurance Co.*,
   271 F.3d 403 (2d Cir. 2001) .................................................................................................. 6

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   No. M 07-1827 SI, 2011 WL 4017961 (N.D. Cal. Sept. 9, 2011) .................................... 3

*JLM Industries, Inc. v. Stolt-Nielsen SA*,
   387 F.3d 163 (2d Cir. 2004) ............................................................................................ 5, 6

*Lewis v. UBS Financial Servs., Inc.*,
   818 F. Supp. 2d 1161 (N.D. Cal. 2011) ............................................................................. 3

*Mediterranean Enters., Inc. v. Ssangyong Corp.*,
   708 F.2d 1458 (9th Cir. 1983) ............................................................................................ 2

*Mundi v. Union Security Life Ins. Co.*,
   555 F.3d 1042 (9th Cir. 2009) ............................................................................................ 5

*Thinket Ink Info. Resources, Inc. v. Sun Microsystems, Inc.*,
   368 F.3d 1053 (9th Cir. 2004) ............................................................................................ 3

*United Food and Commercial Workers Union v. Geldin Meat Co.*,
   13 F.3d 1365 (9th Cir. 1994) .............................................................................................. 4

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

THE TOSHIBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO ADOPT
IN PART SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING
THE TOSHIBA DEFENDANTS' MOTION TO COMPEL ARBITRATION
Case No. 07-5944 SC
MDL No. 1917
ii

1  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2  PLEASE TAKE NOTICE that Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc. (collectively "the Toshiba Defendants") hereby move this Court, pursuant to the Federal Rules of Civil Procedure and the Court's June 16, 2008 Order Appointing Special Master ("Appointment Order"), for an Order adopting in part the Special Master's November 7, 2012 Report and Recommendation Regarding the Toshiba Defendants' Motion to Compel Arbitration ("Report").  Pursuant to paragraph 17 of the Appointment Order, the record relevant to this motion consists of those documents attached to the accompanying Declaration of Lucius B. Lau In Support Of The Toshiba Defendants' Motion To Adopt In Part Special Master's Report And Recommendation Regarding The Toshiba Defendants' Motion To Compel Arbitration, dated November 21, 2012 ("Lau Decl.").

As demonstrated below, the Court should adopt the Report as it pertains to claims based upon Costco's direct and indirect purchases of Toshiba products.  The Special Master correctly concluded that all such purchases are subject to the broad arbitration clause that Costco Wholesale Corporation ("Costco") imposes on its vendors.  However, the Court should clarify the Report as it pertains to claims based upon co-conspirator or joint and several liability.  In the Report at paragraph 7, the Special Master noted that, to the extent that Costco's Complaint "raises a claim against the Toshiba Defendants based *strictly* on co-conspirator or joint and several liability, such a claim is not subject to arbitration" (emphasis added).  Costco's Complaint does not raise any claim that is strictly based upon co-conspirator or joint and several liability; rather, the Complaint alleges that Costco was injured based upon sales made by the Toshiba Defendants to Costco (all of which are subject to arbitration) as well as sales made by other Defendants to Costco (which are subject to their own arbitration clauses).  This is not a situation where a defendant did not have sales to a plaintiff, but is being sued solely for being a co-conspirator.  Accordingly, the Court should clarify the Report by holding that all of Costco's claims against the Toshiba Defendants are

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

dismissed because they are either based upon (1) direct or indirect purchases that are subject to arbitration; or (2) a theory of joint and several liability that does not apply to the facts of this case.

Because these issues involve conclusions of law, they are subject to review *de novo* by the Court, as provided for by Paragraph 18 of the Appointment Order.

## I. THE COURT SHOULD ADOPT THE SPECIAL MASTER'S REPORT AND RECOMMENDATION AS IT PERTAINS TO CLAIMS BASED UPON COSTCO'S DIRECT AND INDIRECT PURCHASES OF TOSHIBA PRODUCTS

As discussed at length in the parties' moving and opposition papers, the Toshiba Defendants' motion seeks to enforce the August 2, 1995 Vendor Agreement between Costco and Toshiba America Consumer Products, Inc. ("Vendor Agreement"), which provides that "[a]ll claims and disputes that . . . arise out of or relate to" the Vendor Agreement must be arbitrated. Lau Decl. Ex. 2 (Standard Terms ¶ 20).

In the Report, the Special Master found that the Vendor Agreement provided "adequate jurisdiction" for the Toshiba Defendants' demand that Costco arbitrate all claims based upon Costco's direct and indirect purchases of Toshiba products. Report at ¶ 4. This ruling is squarely supported by Ninth Circuit precedent, which holds that the phrase "arising out of or relating to" evinces a broad arbitration clause. *See Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1464 (9th Cir. 1983) (noting that the language "'arising out of or relating to this agreement' had been labeled a 'broad arbitration clause'" by other courts) (internal quotations omitted).

In the Report, the Special Master also found that "[t]he arbitration is binding on the corporate affiliates and successor of signatory Toshiba America Consumer Products, Inc. because Costco has alleged that all of the present Toshiba Defendants are agents for one another and the claims against them are deemed arbitrable . . . ." Report at ¶ 5. This ruling is supported by the ruling of Judge Illston who, considering the *exact* same Vendor Agreement at issue here, held that Costco was required to arbitrate against not only the Toshiba entity that actually signed the Vendor Agreement but also against all of the Toshiba Defendants in light

of Costco's allegations that the Toshiba Defendants acted in concert with one another. *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2011 WL 4017961, at *7 (N.D. Cal. Sept. 9, 2011) ("To the extent it purchased LCD panels pursuant to vendor agreements, Costco must arbitrate its claims against the corporate affiliates of the signatories to those vendor agreements."). Indeed, it should not escape notice that the brief filed by Costco before the Special Master is essentially the same brief it filed before Judge Illston. *Compare* Lau Decl. Ex. 5 (Costco's brief filed with Judge Illston) *with* Lau Decl. Ex. 3 (Costco's brief filed with the Special Master). Both Judge Illston and the Special Master have correctly concluded that, given Costco's allegations that the Toshiba Defendants were all agents of each other for purposes of the alleged antitrust conspiracy, the non-signatory Toshiba Defendants are entitled to invoke the arbitration clause contained in the Vendor Agreement.

Separately, the Special Master considered — and properly rejected — Costco's argument that it is entitled to bring this lawsuit outside of the context of arbitration in light of language in the Vendor Agreement that would allow Costco to bring a court proceeding "solely as part of separate litigation commenced by an unrelated third party . . . ." Report at ¶ 6. The Special Master noted that, "[h]ad Costco remained part of the class action, it might have had a valid argument"; however, Costco "filed its own action, which is merely parallel to (not part of) the class action." *Id.* Thus, the Special Master correctly concluded that the "solely as part of" language of the Vendor Agreement does not apply here.

The Special Master acted within his discretion when he ordered that the claims subject to arbitration be dismissed from this action (as opposed to stayed). Report at ¶ 8. Dismissal of claims is proper when the facts demonstrate that a plaintiff's claims are subject to arbitration. *See Thinket Ink Info. Resources, Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004) (affirming district court's dismissal of plaintiffs' claims that were subject to arbitration); *Lewis v. UBS Financial Servs., Inc.*, 818 F. Supp. 2d 1161, 1169 (N.D. Cal. 2011) ("courts have discretion . . . to dismiss claims that are subject to an arbitration agreement"). Once claims have been found to be subject to arbitration, there is simply no

reason why such claims should be stayed because they will never return to this Court for any sort of resolution.

Finally, the Special Master was correct when he stated that "[t]he issue of which damage standards apply is one for the arbitrator, not the Court, to decide." Report at ¶ 9. The Special Master made this recommendation in response to Costco's request that the Court declare any waiver of treble damages unenforceable in the antitrust context. Costco's request was curious in light of the fact that the Vendor Agreement itself makes no reference to any sort of waiver of treble damages. When faced with a motion to compel arbitration, the court's *only* task is to determine whether the parties entered into a valid agreement to arbitrate. *See United Food and Commercial Workers Union v. Geldin Meat Co.*, 13 F.3d 1365, 1368 (9th Cir. 1994) ("The courts have the duty only to determine whether a party has breached its promise to arbitrate."). The Court should not review the merits of the dispute. *See id.* ("The Supreme Court has stated unequivocally that the courts have no business determining the *merits* of a grievance under the guise of deciding questions of arbitrability . . . .") (emphasis added). Once this matter is sent to arbitration, the Toshiba Defendants intend to raise arguments (and rely upon agreements other than the Vendor Agreement) in support of its position that the arbitrator should not award treble damages. The validity of those arguments, however, is for the arbitrator to decide. As noted by the Special Master, "[i]f a party disagrees with the arbitrator's decision, that party's remedy lies in challenging the arbitral decision." Report at ¶ 9.

## II. THE COURT SHOULD CLARIFY THAT, BECAUSE COSTCO DOES NOT HAVE ANY CLAIMS AGAINST THE TOSHIBA DEFENDANTS THAT ARE BASED STRICTLY ON CO-CONSPIRATOR OR JOINT AND SEVERAL LIABILITY, THE TOSHIBA DEFENDANTS ARE DISMISSED FROM THIS ACTION ENTIRELY

In the Report, the Special Master stated that, "to the extent that its complaint raises a claim against the Toshiba Defendants based *strictly* on co-conspirator or joint and several liability, such a claim is not subject to arbitration." Report at ¶ 7 (emphasis added). The Court should clarify this statement by noting that, because Costco does not have any claims

against the Toshiba Defendants that are based "strictly" on co-conspirator or joint and several liability, the Toshiba Defendants are dismissed from this action entirely.

In its Complaint, Costco alleges that, "[a]s a result of Defendants' unlawful conduct, Costco was injured in its business and property in that it paid more for CRT Products than it otherwise would have paid in the absence of Defendants' unlawful conduct, and lost sales of CRT Products." Compl. at ¶ 180. Thus, the claim is that the Toshiba Defendants and other defendants conspired while selling to Costco. Even where the alleged damages flow from another defendant's sales to Costco, the Toshiba Defendants' liability for such damages centers on their own sales to Costco — the Special Master has already recommended that all claims regarding the Toshiba Defendants' sales to Costco (direct and indirect) be referred to arbitration. The only situation where Costco would have a claim against the Toshiba Defendants based strictly on co-conspirator or joint and several liability would be if the Toshiba Defendants had *no* sales to Costco, but were sued solely for being co-conspirators. That is not the case here. Thus, the Court should dismiss the Toshiba Defendants from this case entirely.

If the Court were to conclude that some claim of joint and several liability against the Toshiba Defendants remains in this case, then it should refer such a claim to arbitration. The Ninth Circuit recognizes several principles that allow for the enforcement of arbitration agreements by or against non-signatories. One of these principles is equitable estoppel: "Equitable estoppel precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes." *Mundi v. Union Security Life Ins. Co.*, 555 F.3d 1042, 1045 (9th Cir. 2009) (citation and internal quotation marks omitted). In a given case, this principle allows non-signatories to compel arbitration, even of claims involving joint and several liability. The Second Circuit's decision in *JLM Industries, Inc. v. Stolt-Nielsen SA*, 387 F.3d 163 (2d Cir. 2004), explains why. In that case, charterers (led by named plaintiff JLM) commenced putative class actions against owners of parcel tankers asserting, among other things, claims arising under the Sherman Act. "Each claimed injury under the Sherman Act arises from the fact that JLM entered into a charter

THE TOSHIBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO ADOPT
IN PART SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING
THE TOSHIBA DEFENDANTS' MOTION TO COMPEL ARBITRATION
Case No. 07-5944 SC
MDL No. 1917
5

with a given Owner or its subsidiary; each such charter included the ASBATANKVOY's broad arbitration clause." *Id.* at 178 n.7. "Because, as JLM asserts in its amended complaint, *all* of the Owners conspired, each with the others, to inflate the freight terms of any one such contract, any claim against an Owner jointly liable for the injury caused by that contract is inextricably intertwined with the arbitrable claim against the Owner liable under that contract." *Id.* (emphasis in original). As a result, the Second Circuit "easily conclude[d]" that "non-signatory Owners 'ha[ve] a close relationship with the parties bound to arbitrate,' that a claim of joint and several liability 'concerns that relationship,' and that 'the dispute is closely linked to a dispute that is subject to arbitration in the underlying contract.'" *Id.* (quoting *Choctaw Generation Ltd. P'ship v. Am Home Assurance Co.*, 271 F.3d 403, 405 (2d Cir. 2001)).

In this case, Costco admits that it has entered into vendor agreements with each vendor that does business with it. *See* Lau Decl. Ex. 3, p. 9 ("Costco expects its vendors to enter a 'Basic Vendor Agreement'"). In its Complaint, Costco alleges that it "felt the effects of Defendants' conspiracy in all of its stores, as elevated prices for CRT Products reduced sales of those products in each store, and reduced store income, profits, and employment needs." Compl. at ¶ 15. Thus, this case falls squarely within the rule of *JLM*: Costco has alleged that the Defendants acted in concert with each other in violation of the Sherman Act and has admitted that it has agreed to arbitrate with all of its vendors because all of its vendors have executed the same basic vendor agreement at issue in this case. As a result of Costco's allegations, the Toshiba Defendants have a "close relationship" with other Defendants who are bound to arbitrate and Costco's claim for joint and several liability concerns that relationship. Therefore, the Toshiba Defendants are entitled to resolve Costco's claims of joint and several liability in arbitration.

It would defy logic to conclude that Costco and the Toshiba Defendants intended that the Vendor Agreement would result in the type of piecemeal litigation now advocated by Costco. To ascribe such an intent to the parties would mean that the parties expected that their disputes would be resolved in an inefficient manner. Rather than assume that the parties

1  intended inefficiency, the Court should give meaning to the "arising out of or relating to"
2  language used by Costco and conclude that Costco and the Toshiba Defendants intended that
3  the types of disputes raised by Costco in this action (including the claims of joint and several
4  liability) be resolved in arbitration.

### III.     CONCLUSION

For these reasons and the reasons contained in the Toshiba Defendants' motion to compel arbitration and their reply in support of their motion to compel arbitration, the Court should grant the motion, dismiss all claims against the Toshiba Defendants, and direct Costco to arbitrate its claims against the Toshiba Defendants involving its direct and indirect purchases of Toshiba products.

Dated:  November 21, 2012                                   Respectfully submitted,

**WHITE & CASE** LLP

By:  */s/ Lucius B. Lau*
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

THE TOSHIBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO ADOPT
IN PART SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING
THE TOSHIBA DEFENDANTS' MOTION TO COMPEL ARBITRATION
Case No. 07-5944 SC
MDL No. 1917

**CERTIFICATE OF SERVICE**

On November 21, 2012, I caused a copy of "THE TOSHIBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO ADOPT IN PART SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING THE TOSHIBA DEFENDANTS' MOTION TO COMPEL ARBITRATION" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 2, 2008.

*/s/ Lucius B. Lau*
Lucius B. Lau