# EXHIBIT 1

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendants Toshiba Corporation,*
*Toshiba America, Inc., Toshiba America*
*Information Systems, Inc., Toshiba America*
*Consumer Products, L.L.C., and Toshiba America*
*Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>Case No. C 11-6397 SC<br><br>COSTCO WHOLESALE CORPORATION,<br><br>     Plaintiff,<br><br>   v.<br><br>HITACHI, LTD., et al.,<br><br>     Defendants. | **THE TOSHIBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date: October 24, 2012<br>Time: 11:00 a.m.<br>Before: Hon. Charles A. Legge, U.S. District Judge (Ret.), Special Master |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

THE TOSHIBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION
Case No. 07-5944 SC
MDL No. 1917

## TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION ...................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES .........................................2

I.      STATEMENT OF THE ISSUE ...................................................................2

II.     INTRODUCTION ..........................................................................................2

III.    FACTUAL BACKGROUND ........................................................................3

        A.      Procedural History ...........................................................................3

        B.      Costco Alleges A Single Conspiracy That Damaged Costco As To
                Its Purchases "From Any Source" ...................................................4

        C.      Costco's Vendor Agreement Requires Arbitration Of All Claims
                "Arising Under or Related To" Costco's Purchases.........................4

IV.     ARGUMENT ...................................................................................................6

        A.      Costco's Vendor Agreement Involves Interstate Commerce ...........7

        B.      Costco's Agreement To Arbitrate Is Valid .......................................7

        C.      All Of Costco's Claims As To The Toshiba Defendants Relate To
                The Vendor Agreement .....................................................................8

        D.      Costco's Arbitration Clause Covers Federal And State-Law Claims...8

        E.      Costco's Claims Against The Toshiba Defendants Must Be
                Arbitrated .......................................................................................10

        F.      Because Costco's Alleged Claims Are Subject To Costco's Broad
                Arbitration Clause, The Court Should Dismiss The Proceedings
                Against The Toshiba Defendants.....................................................13

        G.      Counsel For The Toshiba Defendants Has Attempted To Resolve
                This Issue Without Filing A Motion To Compel.............................14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## TABLE OF AUTHORITIES

Cases                                                                 Page

*Amisil Holdings Ltd. v. Clarium Capital Mgmt.*,
   622 F. Supp. 2d 825 (N.D. Cal. 2007).......................................................................10, 12

*AT&T Mobility LLC v. Concepcion*,
   131 S. Ct. 1740 (2011) ................................................................................................. 7-8

*Aztec Med. Servs., Inc. v. Burger*,
   792 So.2d 617 (Fla. Dist. Ct. App. 2001)...........................................................................9

*Balen v. Holland Am. Line Inc.*,
   583 F.3d 647 (9th Cir. 2009) ....................................................................................... 6-7

*Carroll v. LeBouef, Lamb, Greene & Macrae, LLP*,
   374 F. Supp. 2d 375 (S.D.N.Y. 2005) ...............................................................................12

*Chappel v. Lab Corp. of Am.*,
   232 F.3d 719 (9th Cir. 2000) ...........................................................................................13

*Crown Homes, Inc. v. Landes*,
   22 Cal. App. 4th 1273 (Cal. Ct. App. 1994)......................................................................9

*D.E. Wright Elec., Inc. v. Henry Ross Const. Co., Inc.*,
   538 N.E.2d 1182 (Ill. App. Ct. 1989) ...............................................................................9

*Estrella v. Freedom Fin.*,
   No. C 09-03156 SI, 2011 WL 2633643 (N.D. Cal. July 5, 2011)......................................7

*Fujian Pacific Elec. Co., Ltd v. Bechtel Power Corp.*,
   C 04-3126 MHP, 2004 WL 2645974 (N.D. Cal. Nov. 19, 2004) ............................10, 11

*Hansen v. KPMG, LLP*,
   No. CV 04-10525-GLT (MANx), 2005 WL 6051705 (C.D. Cal. Mar. 29, 2005)....11, 12

*Hawkins v. KPMG, LLP*,
   423 F. Supp. 2d 1038 (N.D. Cal. 2006).............................................................................11

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   Nos. M 07-1827 SI, C 09-5609 SI, 2011 WL 2650689 (N.D. Cal. July 6, 2011).....6, 7, 9

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    Nos. M 07-1827 SI, C 09-5609 SI, 2011 WL 4017961 (N.D. Cal. Sept. 9, 2011) ...........9

*J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.*,
    863 F.2d 315 (4th Cir. 1988) ............................................................... 10, 12-13

*JLM Indus. v. Stolt-Nielsen SA*,
    387 F.3d 163 (2d Cir. 2004) ...............................................................8, 9, 10

*KKE Architects, Inc. v. Diamond Ridge Dev. LLC*,
    No. CV 07-06866 MMM, 2008 WL 637603 (C.D. Cal. Mar. 3, 2008) .................... 13-14

*Lewis v. UBS Financial Servs., Inc.*,
    818 F. Supp. 2d 1161 (N.D. Cal. 2011) ........................................................13

*Mediterranean Enters., Inc., v. Ssangyong Corp.*,
    708 F.2d 1458 (9th Cir. 1983) ....................................................................8

*Mendez v. Palm Harbor Homes, Inc.*,
    45 P.3d 594 (Wash. Ct. App. 2002) ...............................................................9

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
    473 U.S. 614 (1985) .............................................................................. 8-9

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983) ..................................................................................6

*MS Dealer Serv. Corp. v. Franklin*,
    177 F.3d 942 (11th Cir. 1999) ...............................................................11, 12

*Mundi v. Union Security Life Ins. Co.*,
    555 F.3d 1042 (9th Cir. 2009) ............................................................... 10-11

*Rep. of Nicaragua v. Standard Fruit Co.*,
    937 F.2d 469 (9th Cir. 1991) .....................................................................6

*Simula, Inc. v. Autoliv, Inc.*,
    175 F.3d 716 (9th Cir. 1999) ...................................................................6, 9

*Sparling v. Hoffman Const. Co., Inc.*,
    864 F.2d 635 (9th Cir. 1988) .....................................................................13

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

*St. Paul Marine & Fire Ins. Co. v. Courtney Enters. Inc.*,
   270 F.3d 621 (8th Cir. 2001) ............................................................................5

*Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*,
   368 F.3d 1053 (9th Cir. 2004) .........................................................................13

*U.S. Insulation, Inc. v. Hilro Const. Co., Inc.*,
   705 P.2d 490 (Ariz. Ct. App. 1985) ..................................................................9

*Valley Power Sys., Inc. v. Gen. Elec. Co.*,
   No. CV 11-10726 CAS, 2012 WL 665977 (C.D. Cal. Feb. 27, 2012) ............13

**Statutes**

9 U.S.C. § 1, *et seq.* .............................................................................................6, 7

9 U.S.C. § 2 ..............................................................................................................7

9 U.S.C. § 206 ..........................................................................................................6

9 U.S.C. § 3 ..............................................................................................................1

9 U.S.C. § 4 .........................................................................................................6, 7

15 U.S.C. § 1 ............................................................................................................4

740 Illinois Code 10/1 *et seq.* .................................................................................4

Ariz. Rev. Stat. § 44-1401 *et seq* ...........................................................................4

Cal. Bus. & Prof. Code § 16700 *et seq.* .................................................................4

Florida Stat. § 501.201 *et seq.* ...............................................................................4

Wash. Rev. Code § 19.86.030 ..................................................................................4

**Other Authorities**

AAA Commercial Arbitration R. & Mediation P. R-7(a) .......................................5

THE TOSHIBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 24, 2012, at 11:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Charles A. Legge, U.S. District Court Judge (Ret.), Special Master, in the San Francisco Resolution Center of JAMS, Two Embarcadero Center, Suite 1500, San Francisco, California, 94111, Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc. (the "Toshiba Defendants") will and hereby do move the Court pursuant to Chapter 1 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3, and Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order compelling arbitration of all of Costco Wholesale Corporation's ("Costco") claims, and dismissing this action in its entirety as to the Toshiba Defendants. Costco must be compelled to arbitrate its claims against the Toshiba Defendants because Costco has entered into a valid, written arbitration agreement that broadly covers all claims "arising out of or relating to" the claims asserted. That agreement was entered into directly between Costco and the Toshiba Defendants, their affiliates, alleged co-conspirators, and customers. Costco asserts that the non-signatory Toshiba Defendants were agents of the signatory or damaged Costco because of the contract and, thus, that all Toshiba Defendants are jointly and severally liable as to the contract "from any source." Because all of Costco's claims against the Toshiba Defendants are subject to arbitration, the Court should grant this motion, dismiss this action as it pertains to the Toshiba Defendants, and direct Costco to proceed with arbitration.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, and accompanying exhibits, argument of counsel, and such other matters as the Court may consider.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     STATEMENT OF THE ISSUE

Whether the broad arbitration agreement drafted by Costco, which imposes arbitration of all claims "arising out of or relating to" Costco's relationships with its CRT product vendors, covers Costco's federal and state-law conspiracy claims against the Toshiba Defendants, thus requiring dismissal of this action as to the Toshiba Defendants and an order directing Costco to arbitrate its claims.

### II.     INTRODUCTION

Costco's complaint asserts federal and state-law claims based upon allegations of a CRT price-fixing conspiracy among Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc. (collectively the "Toshiba Defendants") and their alleged co-conspirators.  Costco alleges that "[e]ach Defendant acted as the principal, agent or joint venturer of, or for other Defendants," that each member of each Defendant's corporate family "engaged in conspiratorial meetings on behalf of every company in that family," and that "all entities within the corporate families were active, knowing participants" in the alleged conspiracy.  Compl. ¶¶ 55-57.  Costco's claims, however, are subject to the broad arbitration agreement that Costco imposes on all of its suppliers, including the Toshiba Defendants.  On August 2, 1995, Costco executed a Vendor Agreement with TACP, Inc. (the "Vendor Agreement").  Declaration of Lucius B. Lau in Support of the Toshiba Defendants' Motion to Compel Arbitration, dated August 24, 2012 ("Lau Decl.") Ex. A.  By its own language, this agreement requires arbitration of any and all claims arising out of or relating to any agreement between Costco and the Toshiba Defendants.  Pursuant to the Federal Arbitration Act, the Court should enforce this arbitration agreement by dismissing this action as it pertains to the Toshiba Defendants.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## III.   FACTUAL BACKGROUND

### A.   Procedural History

On November 14, 2011, Costco filed its Complaint and Jury Demand in the United States District Court for the Western District of Washington against the Toshiba Defendants and others.  Complaint and Jury Demand, *Costco Wholesale Corp. v. Hitachi, Ltd., et al*, No. 2:11-cv-01909-RSM (W.D. Wash. Nov. 14, 2011), ECF No. 1.  The action was transferred to the MDL on December 20, 2011.  Clerk's Notice, *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-5944 SC (N.D. Cal. Dec. 20, 2011), ECF No. 1016.  As previously described in the Defendants' Joint Notice of Motion and Motion to Dismiss and for Judgment on the Pleadings as to Certain Direct Action Plaintiffs' Claims (*In re: Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-5944 SC, at 17-18, 26, 28, 30 (N.D. Cal. Aug. 17, 2012), ECF No. 1317), the Complaint does not specify from whom, when, or where Costco bought "CRT Products," a term within which Costco lumps together CDTs, products containing CDTs, CPTs, and products containing CPTs.[1]  Compl. ¶ 2.  Costco is clear, however, that it seeks recovery from the Toshiba Defendants for any and all purchases of "CRT Products" by Costco "from any source."  Compl. ¶ 9.

The Vendor Agreement governs the purchases upon which Costco asserts its claims against the Toshiba Defendants and adopts the dispute resolution procedures found in Costco's "Standard Terms" by reference.  Lau Decl. Ex. A at A, E.  The Standard Terms contain a broad arbitration clause governing all aspects of Costco's purchases of CRTs and CRT finished products from the Toshiba Defendants.  Accordingly, Costco's claims against the Toshiba Defendants are subject to arbitration and this Court must dismiss Costco's claims against the Toshiba Defendants.[2]

---

[1]  Costco defines "CDT Products" as "CDTs of all sizes and the products containing them," and "CPT Products" as "CPTs of all sizes and the products containing them."  Compl. ¶ 2.

[2]  Defendants reserve all rights to amend this motion if Costco comes forward with additional agreements with different dispute resolution terms and conditions.

THE TOSHIBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### B. Costco Alleges A Single Conspiracy That Damaged Costco As To Its Purchases "From Any Source"

Costco alleges that that the Toshiba Defendants and other CRT and CRT finished product manufacturers "conducted a conspiracy extending at a minimum from March 1, 1995, through November 25, 2007" to "rais[e] or maintain[] prices and [to] reduc[e] capacity and output" for cathode ray tubes ("CRTs")." Compl. ¶ 1. Costco alleges that it purchased CRT Products at a price over what it would have paid absent the alleged conspiracy. *See* Compl. ¶¶ 3, 180, 183, 187, 191, 198, 202. Costco does not further specify what it purchased or from whom. According to Costco, these details are immaterial because the Toshiba Defendants are liable to Costco based upon Costco's purchases "for CRT Products from any source." Compl. ¶ 9.

Costco alleges that "[e]ach Defendant acted as the principal, agent or joint-venturer of, or for, other Defendants"; that each member of each Defendant's corporate family "engaged in conspiratorial meetings on behalf of every company in that family"; and that "all entities within the corporate families were active knowing participants in the alleged conspiracy. Compl. ¶¶ 55-57. Based upon these allegations, Costco brings claims under Section 1 of the Sherman Act, 15 U.S.C. § 1, the California Cartwright Act, Cal. Bus. & Prof. Code § 16700 *et seq*., the Washington Consumer Protection Act, Wash. Rev. Code § 19.86.030, the Arizona Antitrust Act, Ariz. Rev. Stat. § 44-1401 *et seq*., the Florida Deceptive and Unfair Trade Practices Act, Florida Stat. § 501.201 *et seq*., and the Illinois Antitrust Act, 740 Illinois Code 10/1 *et seq*.

### C. Costco's Vendor Agreement Requires Arbitration Of All Claims "Arising Under or Related To" Costco's Purchases

On the face of the Vendor Agreement, it is clear that the document was drafted by Costco to be used with its vendors. *See* Lau Decl. Ex. A at 1-2 ((1) document is entitled "Vendor Agreement (Basic)"; (2) includes Costco's name and fill-in-the-blanks for each "Vendor;" (3) handwritten "Toshib" at the top to indicate that that this particular standard contract refers to vendor Toshiba; (4) bottom right corner has a Costco form number

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

"Form A.4," including a revision date; and (5) signature block has a place for Costco and "Vendor."). The Vendor Agreement governs the entire relationship between Costco and each supplier. *See id.* at A. In the Vendor Agreement, Costco imposed arbitration provisions upon TACP, Inc., requiring disputes to be resolved under the arbitration provisions found in Costco's Standard Terms. *Id.* The Vendor Agreement also incorporates the Standard Terms by reference. *Id.* at A. Costco also insisted that the Vendor Agreement take priority over any inconsistent terms in other agreements between the parties. *Id.* at B.

The incorporated Standard Terms in turn require arbitration of any and all disputes arising out of or relating to Costco's purchase of CRTs and other products:

> **20. DISPUTES AND ARBITRATION.** All claims and disputes that (1) are between Vendor and PriceCostco and (2) arise out of or relate to these Standard Terms or any agreement between Vendor and PriceCostco[3] or to their performance or breach (including any tort or statutory claim) ("Arbitrable Claims"), shall be arbitrated under the Commercial Arbitration Rules of the American Arbitration Association ("AAA"), in English at Seattle, Washington, before any one neutral arbitrator who may be a national of any party and who shall be a member of the AAA's Large Complex Case Panel.

Lau Decl. Ex. A at Standard Terms ¶ 20.

In this action, Costco brings claims based upon purchases from TACP, Inc., the predecessor of Defendant TACP, with whom Costco entered into the Vendor Agreement. Lau Decl. Ex. A. The Toshiba Defendants make no concession that they are liable for the sales of their unnamed and alleged affiliates and reserve all rights to contest that liability before the arbitrator or before this Court. Such liability is a question of fact for the arbitrator to decide. *See St. Paul Marine & Fire Ins. Co. v. Courtney Enters., Inc.*, 270 F.3d 621, 624 (8th Cir. 2001) ("[T]he court may not rule on the merits of any claim the parties have agreed to arbitrate.").

---

[3] The Vendor Agreement defines "PriceCostco" to include both The Price Company and Costco Wholesale Corporation. Lau Decl. Ex. A. According to Costco's website, The Price Company is a predecessor of Costco Wholesale. *See http://phx.corporate-ir.net/External.File?item=UGFyZW50SUQ9ODc2OTJ8Q2hpbG RJRD0tMXxUeXBlPTM=&t=1* accessible through Costco.com.

THE TOSHIBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION
Case No. 07-5944 SC
MDL No. 1917
5

Case 3:07-cv-05944-SC Document 1382-1 Filed 08/24/12 Page 11 of 21

## IV.   ARGUMENT

The Federal Arbitration Act (the "FAA") establishes the "liberal federal policy favoring arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *see also In re TFT-LCD (Flat Panel) Antitrust Litig.*, Nos. M 07-1827 SI, C 09-5609 SI, 2011 WL 2650689, at \*2 (N.D. Cal. July 6, 2011) ("[T]he FAA espouses a general policy favoring arbitration agreements."). As such, agreements to arbitrate are to be rigorously enforced. *See Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25 ("[A]s a matter of federal law, any doubts regarding the scope of arbitrable issues should be resolved in favor of arbitration . . . ."). The American Arbitration Association's Rules, as incorporated by Costco in the Vendor Agreement (at Standard Terms ¶ 20), underscore that the arbitrator can decide any questions of arbitrability: "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." AAA Commercial Arbitration R. & Mediation P. R-7(a).

When considering a motion to compel arbitration, the Court's role is limited to determining whether: (1) the contract containing the arbitration clause evinces a transaction involving interstate commerce; (2) a valid agreement to arbitrate exists; and (3) whether the dispute is encompassed within the scope of that agreement. *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719-20 (9th Cir. 1999) (when considering a motion to compel arbitration, "the district court can determine *only* whether a written arbitration agreement exists, and if it does, enforce it in accordance with its terms") (emphasis added); *Rep. of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 475-78 (9th Cir. 1991); *see also* 9 U.S.C. § 4; Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), 9 U.S.C. § 206. In addition to the FAA, the New York Convention applies to this motion to compel because Toshiba Corporation is a foreign company. *See Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 654-55 (9th Cir. 2009)

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

(holding that one factor that courts consider in determining whether to enforce an arbitration agreement under the New York Convention is whether a party to the agreement is a foreign citizen or the commercial relationship at issue "has some reasonable relation with one or more foreign states."). Where there is a valid, enforceable arbitration agreement, the Court must compel arbitration. *See* 9 U.S.C. § 4 ("[T]he court shall make an order directing the parties to proceed in arbitration in accordance with the terms of the agreement"); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2011 WL 2650689, at *2 (N.D. Cal. July 6, 2011) ("Federal courts are required to rigorously enforce an agreement to arbitrate."); *Estrella v. Freedom Fin.*, No. C 09-03156 SI, 2011 WL 2633643, at *2 (N.D. Cal. July 5, 2011) ("Upon a showing that a party has failed to comply with a valid arbitration agreement, the district court must issue an order compelling arbitration.").

## A.    Costco's Vendor Agreement Involves Interstate Commerce

The FAA applies wherever an arbitration agreement is a "written provision in . . . a contract evidencing a transaction involving commerce." 9 U.S.C. § 2. That commerce must involve interstate or foreign commerce. *Id.* § 1. The commerce at issue here is interstate because Costco, a Washington-based company, entered into contracts with the Toshiba Defendants, all non-Washington companies, for the provision of CRTs and finished products containing CRTs to Costco in Washington and allegedly in other states, including California. Indeed, Costco admits that its claims against the Toshiba Defendants involve interstate commerce. *See* Compl. ¶ 61 (alleging that the events giving rise to the Plaintiffs' claims "affected interstate commerce").

## B.    Costco's Agreement To Arbitrate Is Valid

Costco itself drafted the Vendor Agreement and the Standard Terms containing the arbitration clause. Because no "grounds exist at law or in equity for the revocation" of any of the Vendor Agreement, the FAA applies and Costco should be required to arbitrate. *See, e.g.*, 9 U.S.C. § 2; *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1746 (2011)

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

(explaining that only generally applicable defenses to contract formation, such as fraud, duress, or unconscionability, would warrant revocation of an arbitration agreement).

### C. All Of Costco's Claims As To The Toshiba Defendants Relate To The Vendor Agreement

Costco drafted its Standard Terms with broad language providing that any and all claims and disputes that "arise out of or relate to" agreements between Costco and its vendors must be arbitrated. Lau Declaration Ex. A at 4. The Ninth Circuit has recognized that an agreement to arbitrate claims "arising out of or relating to" is a broad arbitration clause. *See Mediterranean Enters., Inc., v. Ssangyong Corp.*, 708 F.2d 1458, 1464 (9th Cir. 1983) (noting that the language "'arising out of or relating to this agreement' had been labeled a 'broad arbitration clause'" by other courts) (internal quotations omitted). It is well-established that antitrust claims are claims "arising under" purchase contracts. *See Mitsubishi Motors Corp. v. Soler Chrysler Plymouth, Inc.*, 473 U.S. 614, 632, 640 (1985) (holding that the plaintiffs' antitrust claims arising under a sales agreement between the parties were arbitrable); *JLM Indus. v. Stolt-Nielsen SA*, 387 F.3d 163, 181 (2d Cir. 2004) (holding that the plaintiffs' antitrust claims arising under a form charter agreement were subject to arbitration). Here, Costco additionally subjects to arbitration all claims that not only "arise out of" but also "relate to" its Vendor Agreement. Lau Decl. Ex. A at Standard Terms ¶ 20. In addition, Costco alleges that it suffered damages as a result of its purchases of CRTs and finished products containing CRTs, which are governed by the Vendor Agreement. Compl. ¶¶ 3, 180, 183, 187, 191, 198, 202. By definition, those purchases arise out of and relate to the Vendor Agreement. Because Costco's federal and state-law claims not only arise out of but "relate to" the Vendor Agreement, those claims are arbitrable. *Accord Mediterranean Enters.*, 708 F.2d at 1464

### D. Costco's Arbitration Clause Covers Federal And State-Law Claims

The Vendor Agreement's broad arbitration provision applies to Costco's alleged federal and state-law claims. The Supreme Court has determined that Sherman Act claims are arbitrable. *See Mitsubishi Motors Corp.*, 473 U.S. at 618-19, 624 (holding that

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

plaintiffs' Sherman Act claims were subject to arbitration under the FAA); *see also JLM*, 387 F.3d at 175 (rejecting plaintiffs' argument that an arbitral panel would be incapable of resolving its Sherman Act claims). Relying upon this precedent, this Court has already recognized that Sherman Act claims are arbitrable under the same arbitration provision, as well as arbitration provisions more narrow than in the Vendor Agreement. *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2011 WL 4017961, at *7 (N.D. Cal. Sept. 9, 2011) (holding that Costco's claims based upon the Vendor Agreement for the purchases of LCD products were subject to arbitration); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 2650689, at *3, *5) (holding that claims were subject to arbitration when the arbitration clause at issue was drafted to apply to "[a]ll disputes arising in connection with this Agreement"). Thus, Costco's Sherman Act claims in this case are similarly arbitrable.

It is also well-established that state-law antitrust claims are arbitrable whether brought pendent to Sherman Act claims or on their own. *See, e.g.*, *Simula, Inc.*, 175 F.3d at 719, 726 (holding arbitration was appropriate to adjudicate alleged violations of a mix of federal and state antitrust, trade secret, trademark, and defamation laws). In fact, several of the state-law claims brought by Costco have been found to be arbitrable. *See, e.g.*, *Mendez v. Palm Harbor Homes, Inc.*, 45 P.3d 594, 599 (Wash. Ct. App. 2002) ("In Washington it is well settled that [Consumer Protection Act] and other statutory claims are subject to arbitration under the FAA."); *Crown Homes, Inc. v. Landes*, 22 Cal. App. 4th 1273, 1280 (Cal. Ct. App. 1994) ("[T]here is nothing in the arbitration statutes or the Cartwright Act which indicates that an antitrust claim is not arbitrable."); *Aztec Med. Servs., Inc. v. Burger*, 792 So.2d 617, 622 (Fla. Dist. Ct. App. 2001). There is no reason to believe that Costco's Illinois or Arizona law claims are not arbitrable, as both states favor the enforcement of arbitration agreements. *See D.E. Wright Elec., Inc. v. Henry Ross Const. Co., Inc.*, 538 N.E.2d 1182, 1187 (Ill. App. Ct. 1989) ("Arbitration is a favored method of resolving disputes in Illinois . . . ."); *U.S. Insulation, Inc. v. Hilro Const. Co., Inc.*, 705 P.2d 490, 498 (Ariz. Ct. App. 1985).

**E.     Costco's Claims Against The Toshiba Defendants Must Be Arbitrated**

Costco must arbitrate its claims against the Toshiba Defendants.  A plaintiff is estopped from refusing to arbitrate with a corporate family member alleged to be liable for overcharges incurred on an affiliate's contract.  *See Fujian Pac. Elec. Co., Ltd v. Bechtel Power Corp.*, No. C 04-3126 MHP, 2004 WL 2645974, at *6 (N.D. Cal. Nov. 19, 2004) (stating that "[w]hen the charges against a parent company and its subsidiary are based upon the same facts and are inherently inseparable, a court may refer claims against the parent to arbitration even though the parent is not formally a party to the arbitration agreement") (quoting *J.J. Ryan & Sons, Inc. v. Rhose Poulenc Textile, S.A.*, 863 F.2d 315, 321-22 (4th Cir. 1988)); *JLM*, 387 F.3d at 177-78 (holding that plaintiffs could not avoid arbitration with affiliate of signatory after having treated the signatory and its affiliate as a single unit in its complaint).  Although this principle alone would be enough for the Toshiba Defendants to require Costco to abide by its own arbitration terms, Costco also alleges that all members of corporate families were "active, knowing participants" in the alleged conspiracy and treats all corporate family members as a single entity.  Compl. ¶¶ 57, 135.  Because Costco alleges that all members of the Toshiba Defendants' corporate family are liable for their affiliates' alleged actions, Costco must arbitrate with all of the named Toshiba Defendants even though the Vendor Agreement was executed by a predecessor of only one Defendant, TACP.

"[A]n obligation to arbitrate does not attach *only* to those who actually signed the agreement to arbitrate."  *Amisil*, 662 F. Supp. 2d at 830; *JLM*, 387 F.3d at 177 ("under principles of estoppel, a non-signatory to an arbitration agreement may compel a signatory to that agreement to arbitrate").  A signatory to an agreement to arbitrate, like Costco, can be compelled to arbitrate claims where it has been alleged that the non-signatory parties are agents or that their liability is otherwise intertwined with the agreement to arbitrate.  *See Mundi v. Union Security Life Ins. Co.*, 555 F.3d 1042, 1046 (9th Cir. 2009) ("a signatory may be required to arbitrate a claim brought by a non-signatory because of the close relationship between the entities involved, as well as the relationship of the alleged wrongs

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

to the non-signatory's obligations and duties in the contract and the fact that the claims were intertwined with the underlying contractual obligations.") (internal quotations omitted); *Fujian Pac. Elec. Co. Ltd.*, 2004 WL 2645974, at *6 ("A signatory to an agreement cannot . . . have it both ways:  it cannot on the one hand, seek to hold the non-signatory liable pursuant to the duties imposed by the agreement, which contains an arbitration provision, but on the other hand, deny the arbitration provision's applicability because the defendant is a non-signatory."); *Hawkins v. KPMG, LLP*, 423 F. Supp. 2d 1038, 1050-52 (N.D. Cal. 2006) ("[T]o allow the claims against the [non-signatory defendants] to proceed in federal court would cause the arbitration proceedings between the two signatories to be rendered meaningless.") (internal quotations omitted) (quoting *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999) (internal quotations omitted)); *Hansen v. KPMG, LLP*, No. CV 04-10525-GLT (MANx), 2005 WL 6051705, at *3 (C.D. Cal. Mar. 29, 2005) (compelling a plaintiff signatory to arbitration where "[p]laintiff's allegations plead interdependent and concerted misconduct" by a signatory and non-signatory defendants).  Because Costco has already agreed to arbitrate all claims related to its purchasing contract with TACP, Inc., the only issue for the Court to decide is whether Costco's claims relate to its alleged purchases of CRTs and finished products containing CRTs from the Toshiba Defendants.

Here, Costco alleges that interdependent and concerted conduct by all Defendants, acting as one, caused injury to Costco for its purchases under the Vendor Agreement.  It alleges that all Defendants participated in a single conspiracy.  Compl. ¶ 1.  It alleges that each Defendant was an agent of the other for purposes of carrying out this conspiracy.  Compl. ¶ 48.  It alleges that each Defendant has joint and several liability for all CRT product sales, including sales made by the Toshiba Defendants or from any other source under the Vendor Agreement.  *See* Compl. ¶ 185.  Costco further alleges joint and several liability for sales by co-conspirators under any CRT Vendor Agreement.  *See* Compl. ¶¶ 185, 189, 193, 197, 201, 208.  Finally, Costco alleges that each Defendant is liable for every sale made to Costco under the CRT Vendor Agreement entered by customers of

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Defendants. *See* Compl. ¶ 3. Allegations such as these establish that Costco's claims against the Toshiba Defendants are based upon purchases from: (1) the Toshiba Defendants; (2) Defendant TACP's predecessor, TACP, Inc.; (3) co-conspirators; and (4) customers of the Toshiba Defendants pursuant to the Vendor Agreement. As such, all of Costco's claims relate to and are intertwined with those contracts. *See Amisil*, 622 F. Supp. 2d at 831-32 (stating that where an arbitration clause includes claims "relating to" the contract, non-signatory defendants may enforce it); *MS Dealer Serv. Corp.*, 177 F.3d at 948 ("[A]llegations of such pre-arranged, collusive behavior establish that [signatory's] claims against [non-signatory] are intimately founded and intertwined with the obligations imposed by the [contract containing the arbitration clause].").

Finally, requiring Costco to arbitrate all of its claims is consistent with the notions of fair play and equity, as "[h]aving elected to tar [Defendants who did not directly sign agreements to arbitrate] with the very broad brush they apply to other defendants" a plaintiff must arbitrate with all Defendants to which they applied this very broad brush. *Carroll v. LeBouef, Lamb, Greene & Macrae, LLP*, 374 F. Supp. 2d 375, 378 (S.D.N.Y. 2005). This is particularly true where a "[p]laintiff describes the non-signatory Defendants as one team involved in a single course of misconduct and seeks to hold them jointly liable for each other's conduct," as Costco does here. *Hansen*, 2005 WL 6051705, at *3. In *Hansen*, the court held that pleadings alleging "interdependent and concerted misconduct" were sufficient for the non-signatory defendants to compel the signatory plaintiff to arbitration. *Id.* at *3. Moreover, the court indicated that it was unlikely that the pleadings could be amended to alter this result, since "Plaintiffs' underlying theory is an inter-related, cooperative course of misconduct." *Id.*

Just as in *Hansen*, Costco's interdependent claims must be arbitrated. To hold otherwise would render the arbitration proceedings with the signatories meaningless. *See J.J. Ryan & Sons, Inc.*, 863 F.2d at 321 (holding that forcing a non-signatory parent of a signatory subsidiary to try a case, rather than arbitrate, based upon the same facts, would

render arbitration proceedings "meaningless and the federal policy in favor of arbitration would effectively [be] thwarted").

### F.    Because Costco's Alleged Claims Are Subject To Costco's Broad Arbitration Clause, The Court Should Dismiss The Proceedings Against The Toshiba Defendants

Costco's claims against the Toshiba Defendants should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because they are covered by the Vendor Agreement's arbitration clause. "The Ninth Circuit has held that where, as here, all the claims at issue are subject to arbitration, dismissal is the appropriate remedy." *Valley Power Sys., Inc. v. Gen. Elec. Co.*, No. CV 11-10726 CAS, 2012 WL 665977, at *6 (C.D. Cal. Feb. 27, 2012) (citing *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004) (affirming district court's dismissal of the plaintiffs' claims that were subject to arbitration), and *Chappel v. Lab Corp. of Am.*, 232 F.3d 719, 725 (9th Cir. 2000) (holding that plaintiffs' claims were properly dismissed under Rule 12(b)(6) because they were subject to a valid and enforceable arbitration clause)); *see also Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (holding that 9 U.S.C. § 3 does not preclude courts from dismissing all claims when they are barred by an arbitration clause).

District courts in the Ninth Circuit routinely dismiss all claims — rather than issue a stay — when a plaintiff's claims are subject to arbitration. *See, e.g.*, *Valley Power Sys., Inc.*, 2012 WL 665977, at *6 (holding that a dismissal of plaintiff's claims, rather than a stay, was the appropriate remedy because all of the claims in the dispute were subject to arbitration); *Lewis v. UBS Financial Servs., Inc.*, 818 F. Supp. 2d 1161, 1169 (N.D. Cal. 2011) (dismissing the plaintiff's claims that the court deemed subject to arbitration); *KKE Architects, Inc. v. Diamond Ridge Dev. LLC*, No. CV 07-06866 MMM, 2008 WL 637603, at *5 (C.D. Cal. Mar. 3, 2008) ("The Ninth Circuit has held that [9 U.S.C.] § 3 does not impose a mandatory duty to stay on district courts. Thus, even where a party seeks a stay under § 3, the court has discretion to dismiss under Rule 12(b)(6) if it finds that all of the claims before it are arbitrable."). Because Costco's claims against the Toshiba Defendants

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

are subject to a valid arbitration agreement, dismissal of this case is the appropriate remedy.

### G. Counsel For The Toshiba Defendants Has Attempted To Resolve This Issue Without Filing A Motion To Compel

On May 31, 2012, counsel for the Toshiba Defendants wrote a letter to counsel for Costco, requesting that Costco dismiss this action with respect to the Toshiba Defendants and abide by its agreement to arbitrate all of the claims it believed it has against the Toshiba Defendants. On June 27, 2012, counsel for Costco responded with his own letter. Since that time, counsel for the Toshiba Defendants has spoken with counsel for Costco twice via telephone regarding this issue. These efforts have proven unsuccessful. For their part, the Toshiba Defendants believe this action should be dismissed, not stayed. The Toshiba Defendants further believe that the Vendor Agreement (which was drafted by Costco) should be enforced according to its existing terms and should not be modified by this Court.

*   *   *

**CONCLUSION**

For these reasons, the Court should dismiss all claims against the Toshiba Defendants and direct Costco to arbitrate its claims against the Toshiba Defendants.

Respectfully submitted,

Dated: August 24, 2012

**WHITE & CASE LLP**

By: _/s/ Lucius B. Lau_
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

## **CERTIFICATE OF SERVICE**

2       On August 24, 2012, I caused a copy of "THE TOSHIBA DEFENDANTS' NOTICE

3   OF MOTION AND MOTION TO COMPEL ARBITRATION" to be electronically filed

4   via the Court's Electronic Case Filing System, which constitutes service in this action

5   pursuant to the Court's order of September 29, 2008.

6

7

8                                     */s/ Lucius B. Lau*

9                                     Lucius B. Lau

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

THE TOSHIBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION
Case No. 07-5944 SC
MDL No. 1917